# EXHIBIT 9

Transcript of Proceedings  10/31/2007  10:00:00 AM

1

```
 1        UNITED STATES DISTRICT COURT
 2        CENTRAL DISTRICT OF CALIFORNIA
 3              EASTERN DIVISION
 4                  - - -
 5    HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING
 6                  - - -
 7   CARTER BRYANT, ET. AL.,        )
 8        PLAINTIFFS, )
                                    )
 9   VS.               ) NO. ED CV 04-09049
                       ) (LEAD LOW NUMBER)
10   MATTEL, INC., ET. AL.,        )
11        DEFENDANTS.  ) STATUS CONFERENCE
     _____)
12   AND CONSOLIDATED ACTIONS,     )
                                    )
13
14
15       REPORTER'S TRANSCRIPT OF PROCEEDINGS
16            RIVERSIDE, CALIFORNIA
17          WEDNESDAY, OCTOBER 31, 2007
18                  1:10 P.M.
19
20
21
22
23       THERESA A. LANZA, RPR, CSR
         FEDERAL OFFICIAL COURT REPORTER
24       3470 12TH STREET, RM. 134
         RIVERSIDE, CALIFORNIA  92501
25          951-274-0844
```

3

```
 1                I N D E X
 2                        PAGE
 3   STATUS CONFERENCE.................  4
 4
 5
...
```

2

```
 1   APPEARANCES:
 2   ON BEHALF OF CARTER BRYANT:
         KEKER & VAN NEST
 3       BY: CHRISTA MARTINE ANDERSON
 4       BY: MATTHEW M. WERDEGAR
         710 SANSOME STREET
 5       SAN FRANCISCO, CALIFORNIA  94111-1704
         415-391-5400
 6
 7   ON BEHALF OF MATTEL:
 8       QUINN EMANUEL
         BY: JOHN QUINN
 9       BY: MIKE ZELLER
         BY: JON COREY
10       865 S. FIGUEROA STREET,
         10TH FLOOR
11       LOS ANGELES, CALIFORNIA  90017
         213-624-7707
12
13
     ON BEHALF OF MGA ENTERTAINMENT (INCOMING):
14
         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
15       BY: THOMAS J. NOLAN
         BY: CARL ALAN ROTH
16       300 SOUTH GRAND AVENUE
         LOS ANGELES, CALIFORNIA  90071-3144
17       213-687-5000
18
19   ON BEHALF OF GUSTAVO MACHADO:
20       OVERLAND BORENSTEIN SCHEPER & KIM
         BY: ALEXANDER H. COTE
21       300 SOUTH GRAND AVENUE
         SUITE 2750
22       LOS ANGELES, CALIFORNIA  90071
         213-613-4660
23
24
25
```

4

```
 1   RIVERSIDE, CALIFORNIA; WEDNESDAY, OCTOBER 31, 2007; 1:10 P.M
 2                 -OOO-
 3       THE CLERK:  CALLING CALENDAR ITEM NUMBER THREE,
 4   CARTER BRYANT VERSUS MATTEL, INC., CASE NUMBER CV 04-09059
 5       MAY WE HAVE COUNSEL PLEASE STATE YOUR APPEARANCES
 6   THE RECORD.
 7       MR. NOLAN:  TOM NOLAN ON BEHALF OF MGA.
 8       MR. QUINN:  JOHN QUINN FOR MATTEL.
 9       MS. ANDERSON:  CHRISTA ANDERSON ON BEHALF OF
10   CARTER BRYANT; I'M HERE WITH MY PARTNER, MATTHEW WERDEGA
11       MR. COTE:  ALEXANDER COTE ON BEHALF OF
12   GUSTAVO MUCHADO.
13       MR. ZELNER:  MIKE ZELLER AND JON COREY, ALSO ON
14   BEHALF OF MATTEL.
15       THE COURT:  COUNSEL, WE'RE ON CALENDAR THIS AFTERNOO
16   FOR A STATUS CONFERENCE IN THIS MATTER.  THE COURT HAD PLA
17   SOFT STAY TO GIVE MR. NOLAN AND HIS TEAM AN OPPORTUNITY TO
18   CAUGHT UP AFTER THEY SUBSTITUTED IN FOR O'MELVENY & MYERS
19       WHY DON'T WE BEGIN WITH THE STATUS REPORT FROM
20   MR. NOLAN.
21       MR. NOLAN:  THANK YOU, YOUR HONOR.
22       BY THE WAY, I WOULD BE REMISS IF I DIDN'T TELL YOU
23   THAT MR. QUINN WOULD LIKE TEN MINUTES TO HAVE A FURTHER
24   DISCUSSION WITH ME ABOUT A PROPOSAL THAT I WILL STOP SHORT
25   OF --
```

**Exhibit 9**
**Page 54**

5

1    THE COURT:  FAIR ENOUGH.

2        MR. NOLAN:  -- SO THAT WE CAN AVOID THAT ARGUMENT AND

3    GIVE MR. QUINN THE COURTESY OF HE AND I TRYING TO TALK ABOUT

4    SOME OTHER THINGS; AND WE MAY HAVE AN AGREEMENT AS A PRC

5    BUT LET ME, IF I CAN, JUST GIVE YOU AN UPDATE AS TO WHERE WE

6    STAND.

7        THE COURT:  PLEASE.

8        MR. NOLAN:  SINCE THE TERM "SOFT STAY" WAS OF MY

9    DESIGN, I WILL SAY THAT I DON'T THINK I'LL EVER SUGGEST IT

10   AGAIN, BECAUSE AS I LEARNED A LONG TIME AGO, BE CAREFUL OF

11   GIFTS FROM STRANGERS.

12       WHEN I HEARD THAT THERE WAS GOING TO BE SOME

13   DISCOVERY DURING THIS PERIOD OF TIME, I DID NOT REALIZE THAT I

14   WOULD BE ABOUT 170 REQUESTS FOR PRODUCTION OF DOCUMENT

15   INTERROGATORIES, EIGHT SUBPOENAS TO THIRD PARTIES, AND NUM

16   LETTERS.

17       I COMPLETELY UNDERSTAND THAT THEY'VE GOT A CLIENT

18   THAT THEY'VE GOT TO REPRESENT, AND WHAT HAVE YOU.

19       THE COURT:  AT LEAST THERE WEREN'T ANY MORE RFA'S.

20       MR. NOLAN:  NO, YOUR HONOR.  THE 3,300 STILL IS IN

21   THE RECORD BOOK, SO I DON'T THINK WE'RE GOING TO IMPROVE ON

22   THAT IN THE IMMEDIATE FUTURE; SO I'VE BEEN DEALING WITH THAT

23   AND HAVING SOME DISCUSSIONS, WHILE AT THE SAME TIME TRYING

24   GET THE INFORMATION FROM O'MELVENY.  IN THAT REGARD, LET ME

25   JUST GIVE YOU A QUICK REPORT.

6

1        WE RECEIVED A TOTAL OF ABOUT 161 BOXES OF THINGS THAT

2    WERE NOT INVENTORIED, EXCEPT FOR VERY GENERAL COVER LETT

3    LOT OF THAT IS PRODUCT, AND SO I DON'T MEAN TO SAY THAT THER

4    170 BOXES OR SO THAT NEED TO BE COMPLETELY INVENTORIED,

5    ALTHOUGH ALL OF THE FILES NEED TO BE INVENTORIED.  WE HAVE

6    78 BOXES OF HARD STUFF, HARD DOCUMENTS, RED WELLS; THOSE

7    OF THINGS, JUDGE.  I'M HAPPY TO NOTE, A LOT OF IT CAME IN

8    FRIDAY NIGHT, AND WE HAVE INVENTORIED ALL OF IT EXCEPT FOR F

9    BOXES.  WE'RE MAKING REALLY GOOD PROGRESS TO KNOW WHAT

10   IN A SENSE.

11       I MENTIONED ABOUT THE DIGITAL INFORMATION THAT WAS

12   COMING OVER TO US.  THAT'S ON TRACK, BUT WE'VE BEEN DELAYEI

13   THIS SENSE:  THAT THERE'S ELECTRONIC DATA -- I DON'T WANT TO

14   GET INTO TOO MUCH DETAIL BECAUSE OF THE PRIVILEGED NATURE

15   IT.  BUT JUST SUFFICE IT TO SAY, YOUR HONOR, IT WAS HOSTED IN A

16   JOINT VENTURE, IF YOU WOULD, BETWEEN O'MELVENY AND AN OUT

17   VENDOR.

18       WHAT O'MELVENY THOUGHT THEY COULD DO WITH RESPECT 1

19   EXPORTING IT WITHIN A REASONABLE PERIOD OF TIME PROVED A L

20   BIT OPTIMISTIC, AND WE HAD TO GO AND DO A WORKAROUND, AND

21   HAVE, BUT IT DELAYED ALL OF MY ESTIMATES BY A WEEK.  OUR

22   EXPECTATION NOW, YOUR HONOR, IS THAT BY THE END OF THIS WE

23   FRIDAY, WE WILL HAVE ALL OF THE E-ROOM MATERIALS ONTO OUR

24   SERVERS.

25       IN ADDITION TO THAT -- I GUESS THE GOOD NEWS IS THAT

7

1    WE CONTINUE TO MAKE THE PRODUCTION, AS I TOLD YOU THAT WE

2    WOULD.  WE PRODUCED, I THINK, APPROXIMATELY A MILLION PAGES

3    DOCUMENTS THE PREVIOUS WEEK AND A LITTLE BIT LAST WEEK.  W

4    THEIR PRODUCTION ON MONDAY.  I DON'T KNOW WHETHER OR NOT

5    IS RIGHT OR WRONG, BUT SOMEWHERE -- WE HAVE 88,000 PAGES; S

6    CONTINUE TO FINISH FIRST IN PRODUCING MORE PAPER THAN THEY

7    AND I THINK PART OF IT IS BECAUSE THERE IS A LARGE ISSUE

8    OUTSTANDING THAT I DON'T FRANKLY UNDERSTAND GIVEN THE QUA

9    OF THE LAWYERING THAT WAS INVOLVED IN THIS CASE BEFOREHAN

10       THERE APPARENTLY HAS NEVER BEEN A TRUE MEET AND

11   CONFER ON AN AGREEMENT AS TO THE SEARCH TERMS.  AND WHEI

12   DEALING IN TODAY'S WORLD WITH ELECTRONIC DATABASES, I MEAN

13   THAT'S REALLY THE STARTING POINT.

14       MATTEL HAS MOST OF THEIR DOCUMENTS, YOUR HONOR, ON

15   THE ZEUS SYSTEM, AS I UNDERSTAND IT.

16       THE COURT:  I'VE HEARD ABOUT THE ZEUS SYSTEM.

17       MR. NOLAN:  YOU'VE HEARD ABOUT ZEUS.

18       I HAVEN'T SEEN ZEUS YET, EVEN THOUGH IT'S BEEN

19   ORDERED.  AND I THINK THE PROBLEM IS SIMPLY THAT NOBODY HAS

20   AGREED TO THE SEARCH TERMS THAT NEED TO BE WORKED OUT IN

21   TO DO THAT.  SO WE NEED TO DO THAT.

22       THE GOOD NEWS IS, YOUR HONOR, THE TRANSITION IS GOING

23   ALONG.  THE BAD NEWS IS, FRANKLY, GIVEN THE STATE OF ISSUES

24   WITH RESPECT TO O'MELVENY, IT'S NOT THAT I CAN REACH OUT AND

25   CALL HOME ALL OF THE TIME.  THEY'VE JUST DELIVERED THE STUFF

8

1    AND MY FEAR ABOUT HAVING A TRUCK DRIVE UP TO SKADDEN'S OFF

2    TO A LARGE DEGREE, HAS BORNE OUT.  WE'RE DEALING WITH IT.

3    WE'RE WORKING WITH IT ON A DAILY BASIS.  THEY'RE OUT OF THE

4    CASE, THEY DON'T WANT TO BE MIRRORED BACK INTO IT, AND I

5    COMPLETELY UNDERSTAND THAT, YOUR HONOR.  I MAY BE FRUSTR/

6    IT, BUT I UNDERSTAND IT.

7        SO HERE'S WHAT MY GENERAL PROPOSAL IS TO EVERYBODY.

8        WELL, ONE PIECE OF GOOD NEWS:  I THINK WE HAVE

9    EVERYBODY IN AGREEMENT, ALTHOUGH THEY CAN SPEAK FOR THEI

10   THAT YOUR PROPOSAL FOR US TO MEET WITH THE AMBASSADOR FC

11   MEDIATION PURPOSES IS ACCEPTABLE.

12       THE COURT:  BUT WE WANT TO DO SO AT A TIME THAT --

13   I'D LIKE TO SEE THAT GO FORWARD, BUT I DON'T WANT THAT TO BE /

14   WASTE OF ANYBODY'S TIME.  I WANT THAT TO BE AT A POINT WHEN

15   YOU'RE IN A POSITION, AND WHEN EVERYBODY IS IN A POSITION, TO

16   ACTUALLY COME TOGETHER AND HAVE A PRODUCTIVE MEETING.

17       MR. NOLAN:  CORRECT.  AND, CANDIDLY, IF I HAD TO

18   WRITE A MEDIATION BRIEF TODAY, I COULD PROBABLY DO IT, BUT IT

19   WOULD BE CUTTING AND PASTING FROM A LOT OF OTHER --

20       THE COURT:  AND THAT'S NOT WHAT I WANT.

21       MR. NOLAN:  SO I DON'T WANT IT TO BE A DISTRACTION,

22   BUT IT'S CERTAINLY SOMETHING THAT WE WERE GOING TO WORK IN

23   THE ORDERLY PROCESS.

24       WHAT I AM PROPOSING -- AND THIS IS NOT AN AGREEMENT

25   WITH ANYBODY, AND MR. QUINN WILL BE PREPARED TO ARGUE AGA

Exhibit 9
Page 55

Transcript of Proceedings  10/31/2007  10:00:00 AM

9

1 IT -- BUT CONCEPTUALLY, THIS IS WHAT I'M THINKING ABOUT:
2 YOUR HONOR, THIS CASE CANNOT BE TRIED IN APRIL. I
3 APOLOGIZE. WITH ALL OF OUR BEST EFFORTS, THIS CASE CANNOT
4 READY BY APRIL.
5 I CANDIDLY BELIEVE, BASED ON MY MANY YEARS OF DOING
6 THIS, THAT, FRANKLY, IF IT WASN'T ME ASKING YOU THIS OR TELLING
7 YOU THIS, IT WOULD HAVE BEEN SOMEONE ELSE. IT WOULD HAVE B
8 SOMEONE FROM O'MELVENY COMING IN AND REPORTING ON THE TR
9 STATUS OF MATTERS. THE TRUE STATUS OF THE DISCOVERY IN THIS
10 CASE IS JUST STAGGERING IN TERMS OF THE AMOUNT OF THINGS TH
11 HAVE NOT BEEN ATTENDED TO, FOR ANY NUMBER OF REASONS, ON
12 SIDES; THEY OWE US THINGS; WE OWE THEM MEET AND CONFER
13 SESSIONS. I HAVE AN INDEX, YOUR HONOR, OF 12 PAGES OF OPEN
14 ITEMS OF JUST STUFF IN THE PAST.
15 AND QUINN EMANUEL HAS BEEN VERY, VERY HELPFUL. AND I
16 SAY THAT NOT IN A PEJORATIVE WAY, BUT SOMETIMES HELPFUL GIV
17 YOU AT LEAST AN ALERT AS TO WHERE THEY'RE GOING. THEY ALSO
18 WANT TO TAKE JUST SHORT OF A GAZILLION MORE DEPOSITIONS.
19 THERE'S A LOT OF WORK, IN OTHER WORDS, TO BE DONE.
20 THE DISCOVERY CUTOFF DATE OF JANUARY 24TH, GIVEN THE
21 BREADTH OF WHAT EVERYBODY WANTED TO STILL GET DONE IN THI
22 CASE, TO ME, IS, AS SOMEONE COMING INTO THIS CASE -- IT'S A
23 LITTLE BIT BIZARRE HOW EVERYBODY THOUGHT THIS CASE WAS GO
24 BE READY. IF THEY HAVEN'T TOLD YOU THAT, I GUESS I HAVE TO BE
25 THE FIRST ONE TO TELL YOU THAT; SO IT'S NOT A DELAY JUST MERE

10

1 BECAUSE I'M COMING INTO THE CASE AND I'VE GOT ALL OF THESE
2 DOCUMENTS TO LOOK AT, AND WHAT HAVE YOU.
3 WHAT I'M PROPOSING, THOUGH, YOUR HONOR, IS, IN
4 ESSENCE, A 90-DAY SLIDE, AND SOME ORDER AND RHYTHM TO THIS
5 ALLOWS US TO MAKE SENSE OF THE PROCESS. LET'S USE THE SOF
6 STAY, FOR AN EXAMPLE. I'M TRYING TO LOOK AT A MOUNTAIN OF
7 THINGS THAT NEED TO BE DONE. BUT AT THE SAME TIME, WHEN I GI
8 AS MANY DOCUMENT REQUESTS THAT I HAVE TO DEAL WITH, THEN
9 A DISTRACTION; AND I HAVE TO CATEGORIZE THAT, I HAVE TO DEAL
10 WITH THAT, WE HAVE TO ASSIGN PEOPLE TO THAT.
11 WHAT I'M PROPOSING NOW, YOUR HONOR, IS A HARD STAY; A
12 HARD STAY DEFINED BY NO MORE DISCOVERY; THAT WE'LL DEAL W
13 THE DISCOVERY THAT'S OUT THERE -- AND THERE'S GOING TO BE A I
14 OF IT -- FOR 30 DAYS. WE'LL MEET AND CONFER. WE HAVE A
15 HEARING IN FRONT OF JUDGE INFANTE ON NOVEMBER 13TH, YOUR F
16 WHERE THERE IS, I THINK, NINE OR TEN MATTERS SET. I BELIEVE
17 THAT'S RIGHT. ALL OF THOSE WILL BE ARGUED WITH THE EXCEPTIO
18 OF ONE. WE'RE GOING TO ASK JUDGE INFANTE TO TAKE THAT OFF
19 BECAUSE THE BRIEFING HASN'T BEEN COMPLETED YET, AND IT'S JU
20 IMPOSSIBLE TO ADEQUATELY BRIEF THAT. BUT THE HEARING BEFOI
21 JUDGE INFANTE WILL GO FORWARD.
22 DURING THE 30-DAY PERIOD OF TIME, WE'LL CONTINUE TO
23 MEET AND CONFER; WE'LL WORK ON THIS. IF I CAN JUST ASK THE
24 COURT'S INDULGENCE TO JUST STOP THE DELIVERY OF NEW DISCO'
25 THAT WE WORK THROUGH UNTIL DECEMBER 1ST; THAT KIND OF ISS!

11

1 YOU KNOW, WHAT'S OUTSTANDING; WHAT'S THE STATE OF MEET AN
2 CONFER; IS THE POSITION THAT WE WERE TAKING BEFORE STILL
3 REASONABLE? DO NEW EYES, FRESH EYES, BRING A DIFFERENT
4 PERSPECTIVE TO THIS, MAYBE ON BOTH SIDES, TO SEE WHETHER C
5 WE CAN CUT THROUGH SOME OF THIS SO WE'RE NOT FILING AS MAI
6 MOTIONS.
7 I UNDERSTAND THAT YOU GET ALL OF THE MOTIONS UNDER
8 SEAL THAT ARE BEING FILED IN FRONT OF JUDGE INFANTE. IT'S AN
9 AVALANCHE OF FILINGS THAT ARE COMING THROUGH HERE, YOUR F
10 AND IT'S A LITTLE BIT FRUSTRATING. AND, FRANKLY, I MUST SAY
11 THIS FOR THE COMPLEXITIES OF THE CASE: I'M STILL HAVING A HAR
12 TIME WITH THE VOLUME OF DISCOVERY THAT'S GOING ON IN THIS CA
13 I JUST HAVE TO CANDIDLY SAY THAT. MAYBE I'LL DISAGREE IN
14 90 DAYS AND SAY IT'S REASONABLE; IN FACT, WE WANT TO EVEN
15 TRIPLE IT. BUT IT SEEMS TO ME TO BE WAY OUT OF CONTROL, WITH
16 ALL DUE RESPECT, YOUR HONOR. I WANT TO TRY TO GET SOME
17 CONTROL.
18 SO DECEMBER 1ST WE COULD OPEN UP DISCOVERY, BUT I
19 THINK THAT DISCOVERY DURING -- WE SHOULD CONCENTRATE DECI
20 AND JANUARY, MAYBE FROM DECEMBER 1ST TO JANUARY 15TH, RE.
21 THE HOLIDAY SCHEDULE AND THE IMPACT THAT HAS, WHERE WE GI
22 DOCUMENT PRODUCTION IN ORDER. WE CAN'T EFFECTIVELY TAKE
23 DEPOSITIONS -- O'MELVENY COULD NOT HAVE TAKEN DEPOSITIONS,
24 HONOR -- UNTIL WE GET RELEVANT DOCUMENTS FROM MATTEL OUT
25 ZEUS. WE JUST HAVE TO. JUDGE INFANTE ORDERED IT. WE HAVE `

12

1 MEET AND CONFER. THE PRODUCTION HAS TO BE MADE AND WE NI
2 REVIEW THOSE DOCUMENTS.
3 SO I THINK THE ORDERLY WAY TO HANDLE THIS WOULD BE TO
4 CONCENTRATE ON THE DOCUMENT PRODUCTION, THEN START THE
5 DEPOSITIONS IN JANUARY, START THE DEPOSITIONS ON JANUARY 1!
6 AND RUN THE DEPOSITIONS THROUGH APRIL 1ST; SO THE FACT
7 DISCOVERY WOULD CONCLUDE SOMEWHERE AROUND APRIL 1ST. `
8 WE WERE PROPOSING, WHAT WE'RE THINKING ABOUT -- AGAIN, BEC
9 JOHN WANTS TO TALK TO ME ABOUT THIS -- BUT I WAS THINKING, AL
10 RIGHT, THREE WEEKS AFTER CLOSE OF FACT DISCOVERY, WE COUI
11 THE INITIAL EXPERT REPORTS FILED.
12 I MUST CONFESS, YOUR HONOR, UNDER THE PRESENT
13 SCHEDULE THAT YOU HAVE, THE EXPERT REPORTS ARE DUE ONE W
14 AFTER THE FACT DISCOVERY CLOSES, WHICH I DIDN'T KNOW WHETI
15 NOT THE SCHEDULE WAS BEING BACKED INTO IT BECAUSE OF THE 1
16 DATE OF APRIL 29TH. I DON'T KNOW.
17 THE COURT: IT WAS A STIPULATED SCHEDULE SUBMITTED BY
18 THE PARTIES, COUNSEL.
19 MR. NOLAN: I'M SORRY. I DIDN'T MEAN TO BLAME YOU.
20 I'M JUST SAYING THAT I THINK IT MAKES A LITTLE BIT MORE SENSE
21 TO HAVE TWO TO THREE WEEKS AFTER YOU CLOSE DOWN FACT DI:
22 TO ALLOW THE TRANSCRIPTS TO COME BACK FROM THE DEPOSITIO!
23 GIVE THAT INFORMATION TO THE EXPERTS.
24 AND I MIGHT ADD, YOUR HONOR, I SAW THE COURT'S -- AND
25 I READ THE COURT'S TRANSCRIPTS. I THOUGHT I WOULD TRY TO RE.

**Exhibit 9**
**Page 56**

13

1  AS MANY AS I COULD DURING THE TIME.  AND I NOTE THAT YOU DID
2  SUGGEST THAT IF THEY WANTED TO ADJUST ANY OF THESE DATES,
3  NOT THE TRIAL DATE, THAT THEY SHOULD WORK AMONGST THEMSE
4  AND I KNOW THERE WAS SOME CORRESPONDENCE TRYING TO MOV
5  THESE DATES, SO I DIDN'T MEAN IN ANY WAY TO SUGGEST THAT YOU
6  CREATED THIS.
7       THE COURT:  UNDERSTOOD.
8       MR. NOLAN:  SO IF WE HAVE THE INITIAL EXPERT REPORTS
9  DUE, LET'S SAY, ON APRIL 22ND, THEN I THINK THE REBUTTAL
10  REPORTS WOULD BE MAY 16TH.  AND THEN WE WOULD PROPOSE, Y
11  HONOR, AN EXPERT CUTOFF OF JUNE 14TH.
12       NOW, THAT'S AN AGGRESSIVE DATE, I MIGHT SAY, BECAUSE
13  THAT'S 30 DAYS TO TAKE WHAT, IN EFFECT, COULD BE 40 EXPERT
14  DEPOSITIONS; SO WE'RE GOING TO BE DOUBLE-TRACKING A LOT,
15  BECAUSE AS I UNDERSTAND IT, BOTH SIDES, THERE'S AN ORDER TH
16  SAYS THAT WE CAN HAVE UP TO 20 EXPERTS.  I'M HOPING THAT WE
17  DON'T NEED 20 EXPERTS, BUT NEVERTHELESS, TO DO IT DURING TH
18  PERIOD OF TIME, YOUR HONOR.
19       THEN I WAS GOING TO JUST ASK THE COURT'S INDULGENCE,
20  BECAUSE I'M ALREADY -- BY JUNE 14TH, I'VE ALREADY BLOWN YOUR
21  TRIAL DATE BY A COUPLE OF MONTHS ALREADY -- IS THAT WE SHOU
22  HAVE THIS TRIAL BE ON THE LAST MONDAY IN JULY, WHICH IS
23  JULY 28TH.
24       THE COURT:  I ASSUME THAT THERE'S GOING TO BE A ROUND
25  OF DISPOSITIVE MOTIONS.

14

1       MR. NOLAN:  THAT'S CORRECT.  AND I HAVE NOT ATTEMPTED
2  TO TRY TO WORK OUT THOSE DATES.  I THINK, WITH ALL FAIRNESS T
3  MR. QUINN, HE MAY EVEN HAVE ISSUES WITH THIS CONCEPT; SO I'LL
4  LET HIM ADDRESS THAT.
5       THE OTHER OVER-ARCHING POINT -- AND WE CAN ALWAYS
6  BACK THAT IN ON WHEN WE'RE GOING TO BE FILING THIS, YOUR
7  HONOR -- IT MAY BE THAT THE JULY 28TH DATE MAY NOT WORK, OR
8  WHATEVER.  BUT HERE'S THE OTHER POINT, YOUR HONOR:  YOU HA
9  INTERESTING PHRASE IN THE -- I THINK IT WAS THE JANUARY '07
10  HEARING, WHEN YOU WERE DISCUSSING THE PHASING OF THIS TRIA
11  AND THE PHRASE THAT YOU USED IS THAT YOU WANT THE DOG WAC
12  THE TAIL IN THIS CASE.  AND TO STAY TRUE TO THAT, YOUR HONOR,
13  THINK THAT THIS SECOND PHASE OF DISCOVERY HAS THE POTENTIA
14  HAVING THE TAIL WAG THE DOG AND DISRUPT AT LEAST THIS IDEA C
15  MINE AS TO HOW WE CAN ORDERLY GET THIS THING PRESENTED SC
16  FRANKLY, IT'S THE MOST EFFICIENT TRIAL WE COULD HAVE FOR
17  EVERYBODY.
18       THE COURT:  SO YOU WANT TO PUT OFF THE SECOND PHASE
19  DISCOVERY?
20       MR. NOLAN:  FOR SOME PERIOD OF TIME, YOUR HONOR.
21       DURING THIS PERIOD OF TIME, FOR ME TO HAVE TO BE
22  DEALING WITH, AND THE PARTIES HAVE TO BE DEALING WITH, PHAS
23  TWO DISPUTES, OR EVEN JUDGE INFANTE, I THINK, DEFEATS THE
24  PURPOSE OF THIS CONCENTRATED FOCUS ON GETTING THIS CASE F
25  FOR 1(A) AND 1(B) AND GOING FOR IT, AND TRYING TO GET THIS

15

1  THING FINISHED.
2       THE COURT:  MINDFUL THAT THE COURT WOULD LIKE TO SEE
3  THIS SOONER AS OPPOSED TO LATER, WHEN DO YOU PROPOSE AN
4  SETTLEMENT EFFORT WITH AMBASSADOR PROSPER?
5       MR. NOLAN:  I THINK AFTER DECEMBER 1ST, IF I COULD
6  HAVE THIS MONTH.  AND I PROMISE, YOUR HONOR, OTHER THAN THE
7  TRIAL THAT I JUST FINISHED LAST WEEK, MY FOCUS IS ENTIRELY ON
8  THIS CASE, AND I THINK WE'LL DEVOTE OUR EFFORTS IN NOVEMBER
9  TRYING TO GET THIS THING UNDER CONTROL AND DEAL WITH ALL OF
10  DISCOVERY THAT'S BEEN ISSUED TO-DATE.
11       LET'S JUST EXPLAIN ONE THING, YOUR HONOR.  IF THERE'S
12  A DISPUTE RIGHT NOW AS TO WHETHER OR NOT SOME OF THE DISC
13  THAT'S BEEN ISSUED RELATES TO PHASE TWO OR PHASE ONE, WE'
14  TO DEAL WITH THAT; BUT I'M REALLY THINKING --
15       THE COURT:  THAT'S A CONCERN THAT I HAVE, IS THAT
16  THERE'S GOING TO BE AN OVERLAP BETWEEN --
17       MR. NOLAN:  CLEARLY.
18       THE COURT:  -- AND IT'S GOING TO BE A MATTER OF
19  CHARACTERIZATION.  THAT'S ONE OF THE REASONS, I THINK, THAT W
20  COLLAPSED THE DISCOVERY, IS BECAUSE SORTING OUT WHAT IS
21  EVIDENCE FOR PHASE ONE VERSUS WHAT IS EVIDENCE FOR PHASE
22  MAY CREATE MORE DISPUTES THAN IT SOLVES.
23       MR. NOLAN:  AND I AGREE, YOUR HONOR, THAT THE DEVIL
24  IS IN THE DETAILS IN THIS PROPOSAL.  I WAS JUST TRYING TO
25  FIGURE OUT A WAY THAT I COULD HONESTLY COME TO YOU AND SAY

16

1  LET'S FOCUS ON GETTING OUR FIRST TRIAL PREPARED, BECAUSE I
2  WOULD HATE TO BE WASTING -- WRONG TERM, WASTING TIME.  I TH
3  THERE'S GOING TO BE SOME OBVIOUS DISCOVERY THAT APPLIES TO
4  PHASE TWO.
5       THE COURT:  LET ME ASK YOU THIS, MR. NOLAN:
6       HOW MUCH OF WHAT YOU'RE REPRESENTING TO THE COURT
7  RIGHT NOW REFLECTS THE THINKING OF THE DEFENSE?  OR DO I HA
8  MULTIPLE DEFENSE PROPOSALS?
9       MS. ANDERSON:  NOT MULTIPLE, BUT A COUPLE OF COMMENTS
10  THAT I'D LIKE TO MAKE, YOUR HONOR.
11       THE COURT:  VERY GOOD, AND I'LL GIVE YOU A CHANCE TO
12  SAY THAT; I WANT TO HEAR MR. NOLAN NOW.
13       MR. NOLAN:  MY SENSE WAS TO TRY TO COME IN HERE, YOUR
14  HONOR, AND GIVE YOU A SENSE THAT WE'RE KIND OF ALL IN THE
15  BALLPARK, WITH MAYBE SOME FINE-TUNING.  HOW LARGE THE BALL
16  IS, WHETHER OR NOT WE'RE PLAYING LITTLE LEAGUE OR MAJOR LE
17  I DON'T KNOW.  THE PARK MAY BE BIGGER THAN I THINK IT IS.  BUT
18  THIS IS REALLY THE BEST EFFORT I CAN COME IN AND TELL YOU
19  HONESTLY WHERE WE STAND WITH ALL OF THE RESOURCES THAT '
20  COMMITTING TO THE CASE AND TRYING TO GET THIS THING PRESEN
21       BUT I HAVE TO SAY, AS AN OFFICER OF THE COURT AND
22  ALSO ONE WHO HAS DUTIES TO A CLIENT, GIVEN THE LACK OF THE
23  PREPARATION, THIS APRIL 29TH DATE IS SEVERELY A HARDSHIP ANI
24  WOULD NOT BE ABLE TO EFFECTIVELY REPRESENT OUR CLIENT'S
25  INTEREST OR PROSECUTE THE ISSUES.

**Exhibit 9**
**Page 57**

17

```
1       THE COURT:  AND YOU SAID YOU HAD AN ISSUE THAT YOU'RE
2   GOING TO TAKE UP WITH MR. QUINN.
3       WITHOUT GETTING INTO THE DETAILS OF THAT, DOES THAT
4   AFFECT THE SCHEDULING?
5       MR. NOLAN:  YES.
6       WE HAD TALKED YESTERDAY, WE HAD A JOINT PHONE CALL
7   WITH EVERYBODY YESTERDAY, WHERE I GAVE THEM THE PARAMET
8   WHAT I WAS THINKING ABOUT WITHOUT GIVING SPECIFIC DATES.  AN
9   HAD NOT MENTIONED YESTERDAY, IN ALL CANDOR, THIS DELAY WITI
10  RESPECT TO PHASE TWO, THIS ORDERLY -- WHAT I'M TRYING TO DO
11  GET THE FOCUS ON PHASE ONE.  AND I THINK THAT RAISES SOME
12  ISSUES.
13      THEY'VE RAISED IN RESPONSE THIS MORNING THE IDEA THAT
14  THEY WANT TO DO SOME THIRD-PARTY DEPOSITIONS OR SUBPOENA
15  DURING THIS PERIOD OF TIME.  THEY WANT THE MOTIONS TO BE FILE
16  DURING THIS PERIOD OF TIME.  AND WITH RESPECT TO MOTIONS
17  AFFECTING THE PLEADINGS IN THIS CASE, AS LONG AS I DON'T HAVE
18  TO FILE OPPOSITIONS TO THOSE MOTIONS IN THE NEXT 30 DAYS, IT
19  WOULD AID US TO GET OUR HANDS AROUND ALL OF THE OPEN DISC
20  ISSUES.
21      DO I HAVE AN OBJECTION TO THEM FILING MOTIONS ON THE
22  PLEADINGS?  NO, IN ORDER TO GET IT ON YOUR CALENDAR FOR A
23  REASONABLE HEARING DATE, AS LONG AS I DON'T HAVE TO BE FOCI
24  ON RESPONDING TO NEW PLEADING ISSUES.
25      THE COURT:  I SEE.
```

18

```
1       MR. NOLAN:  ALSO, BY THE WAY, YOUR HONOR, I DID
2   COMMIT TO, AND WE WILL FILE -- I THINK I MENTIONED THIS
3   BEFORE -- THE AMENDED ANSWER OF MR. LARIAN; THAT WILL BE DO
4   ON NOVEMBER 8TH.  WE'RE STILL MOVING FORWARD ON THAT.
5       THE COURT:  ALL RIGHT.
6       MR. NOLAN:  SO THERE ARE THINGS THAT WE'RE ABLE TO
7   MOVE FORWARD ON.  I APOLOGIZE THAT I CAN'T COME IN AND TELL
8   PROUDLY THAT WE'RE READY TO GO TO TRIAL ON APRIL 29TH, YOUR
9   HONOR.  THAT WAS MY GOAL, BUT I JUST CAN'T.
10      THE COURT:  I APPRECIATE THAT, MR. NOLAN.
11      ALL RIGHT.  I CERTAINLY WANT TO HEAR FROM MR. QUINN,
12  BUT LET ME GET ANY PERMUTATIONS FROM THE OTHER DEFENSE, C
13  COMMENTS, BEFORE I TURN IT OVER TO THE PLAINTIFFS.
14      MS. ANDERSON:  YOUR HONOR, CHRISTA ANDERSON AGAIN FO
15  CARTER BRYANT.
16      WE'RE HAPPY TO COOPERATE WITH A SENSIBLE SCHEDULE TO
17  ALLOW MR. NOLAN'S TEAM TO GET THINGS SQUARED AWAY.  I JUST
18  WANTED TO REMIND THE COURT THAT WE DO HAVE AN ISSUE WITH
19  RESPECT TO TRIAL SCHEDULING IN ANOTHER MATTER.
20      MR. KEKER, WHO'S LEAD COUNSEL IN OUR CASE, AS WE
21  INDICATED IN A PRIOR PLEADING AND, I BELIEVE, IN A PRIOR
22  CONFERENCE, MR. KEKER IS SCHEDULED FOR TRIAL STARTING JUNI
23  IN A MATTER IN THE CENTRAL DISTRICT OF CALIFORNIA.  WHAT WE I
24  FLOATED, I BELIEVE, EARLIER TO THE COURT IS THE IDEA THAT WE
25  COULD WORK TOWARDS A JULY TRIAL DATE BUT WITH THE UNDERS
```

19

```
1   THAT MR. KEKER IS STILL PRESET IN ANOTHER MATTER, AND HE WC
2   HAVE TO -- YOU KNOW, THE SCHEDULE WOULD HAVE TO BE ADJUST
3   HE DID --
4       THE COURT:  HOW LONG A TRIAL IS THAT GOING TO BE?
5       MS. ANDERSON:  WE BELIEVE IT WILL BE A SUBSTANTIAL
6   NUMBER OF WEEKS, YOUR HONOR.  I SUSPECT IT WILL OCCUPY THE
7   ENTIRETY OF JULY.  AND OBVIOUSLY, HE WILL NEED SOME TIME TO
8       THE COURT:  SO THE MODIFICATION THAT YOU WOULD BE
9   SUGGESTING, THEN, WOULD BE AUGUST INSTEAD OF JULY FOR THE
10  TRIAL?
11      MS. ANDERSON:  UNFORTUNATELY, THE SCHEDULE HAS SOME
12  MORE PROBLEMS THAN THAT.
13      WE HAVE TRIAL SET ON JUNE 26TH, AND MR. KEKER ALSO
14  HAS A TRIAL SET IN SEPTEMBER IN NEW YORK; SO WE CAN HAVE --
15      THE COURT:  THESE ARE REASONS TO KEEP IT IN APRIL,
16  YOU UNDERSTAND.
17      MS. ANDERSON:  I UNDERSTAND THE COURT'S PERSPECTIVE.
18  WE ARE READY TO TRY IT IN APRIL, IF WE NEED TO DO THAT, BUT WI
19  UNDERSTAND THE ISSUES.  AND IF WE CAN'T SORT OF BE ON, I GUE:
20  A STAND-BY SITUATION FOR A JULY TRIAL DATE, MR. KEKER IS NOT
21  GOING TO BE FREE FOR A TRIAL DATE UNTIL NOVEMBER BECAUSE C
22  TWO PRESET TRIALS.
23      THE COURT:  THIS CASE IS NOT GOING TO BE DELAYED TO
24  NOVEMBER; THAT IS ENTIRELY CLEAR WITHOUT HEARING FROM
25  MR. QUINN.
```

20

```
1       MS. ANDERSON:  I JUST WANTED TO ALERT THE COURT THAT
2   THESE ARE PRESET TRIALS, AND WE HAVE PRE-OBLIGATIONS TO TH
3   OTHER COURTS.
4       THE COURT:  YOU NEED TO GET WITH MR. NOLAN AND TALK
5   ABOUT THIS, BECAUSE --
6       MS. ANDERSON:  WELL, I UNDERSTAND, YOUR HONOR, AND I
7   WANTED TO MAKE SURE THE COURT UNDERSTOOD THAT --
8       THE COURT:  I UNDERSTAND WHAT YOU'RE SAYING, BUT IN
9   TERMS OF A PROPOSED DATE, I'M MUCH MORE INCLINED TO CHANG
10  DATES IF THERE IS A GENERAL AGREEMENT ON CHANGING DATES.
11      MS. ANDERSON:  WE UNDERSTAND, YOUR HONOR.
12      THE COURT:  OKAY.
13      LET ME HEAR FROM MR. QUINN.
14      MR. COTE:  YOUR HONOR --
15      THE COURT:  OH, I'M SORRY.  THERE'S ONE MORE ASPECT
16  OF THE DEFENSE.
17      AND YOU'RE REPRESENTING?
18      MR. COTE:  MR. MACHADO.
19      THE COURT:  AND THAT ONLY AFFECTS PHASE TWO; CORRECT
20      MR. COTE:  THAT'S ONLY PHASE TWO.  AND THAT WAS THE
21  FIRST THING I WAS GOING TO SAY, WHICH IS THAT MY CLIENT, AS FA
22  AS I UNDERSTAND, IS STRICTLY A PHASE-TWO WITNESS.  WE ARE
23  DEFINITELY IN FAVOR OF THE MORE SHARP DIVISION BETWEEN PHA
24  ONE AND PHASE TWO.  I THINK IT WOULD BE MORE HELPFUL FOR OI
25  CLIENT FOR SCHEDULING.
```

21

1 THE OTHER THING I WANTED TO MENTION IS, I JUST
2 WANTED TO ECHO MR. NOLAN'S REFERENCES TO ACCEPTING DISCC
3 ALTHOUGH MY CLIENT IS A PHASE-TWO DEFENDANT, AND I THINK A
4 PHASE-TWO WITNESS EXCLUSIVELY, HE HAS RECEIVED FIVE SETS (
5 INTERROGATORIES IN THE PAST TWO-AND-A-HALF WEEKS; SO THER
6 BEEN A LOT OF NEW DISCOVERY GOING ON, NONE OF WHICH HAS
7 ANYTHING TO DO WITH PHASE TWO, BUT IT'S ALL DIRECTED TO HIM
8 ANYWAY, AND IF WE COULD ASK FOR SOME SORT OF SHAPING OR L
9 ON THAT, THAT WOULD BE VERY FRUITFUL.
10 THANK YOU.
11 THE COURT: THANK YOU, COUNSEL.
12 AND JUST TO CONFIRM, TO HAVE THIS ON RECORD, YOU JOIN
13 MR. NOLAN'S REPRESENTATION THAT YOU HAVE NO OBJECTION TO
14 PROPOSED MEDIATION BY THE COURT?
15 MS. ANDERSON: YES, YOUR HONOR, WE JOIN. THAT'S
16 FINE.
17 MR. COTE: YES.
18 THE COURT: AND, MR. QUINN, WHILE WE'RE ON THAT
19 TOPIC, YOU JOIN WITH THAT AS WELL?
20 MR. QUINN: YES, YOUR HONOR.
21 THE COURT: ALL RIGHT. VERY GOOD. THAT WILL BE
22 REFLECTED IN THE COURT'S ORDER.
23 ALL RIGHT. LET ME HEAR YOUR THOUGHTS.
24 MR. QUINN: YOUR HONOR, LAWYERS, LAW FIRMS,
25 SUBSTITUTE INTO CASES ALL THE TIME. I'M SURE THE SKADDEN ARI

22

1 FIRM HAS SUBSTITUTED INTO CASES BEFORE; OUR FIRM HAS
2 SUBSTITUTED INTO CASES; WE'RE IN TRIAL IN CENTRAL CIVIL WEST
3 NOW IN A CASE; WE SUBBED IN AFTER TRIAL HAD ALREADY STARTE
4 THAT'S HAPPENED BEFORE.
5 NO ONE LIKES TO GET UP AFTER COUNSEL HAS SPOKEN AND
6 SAID, 'I'VE GOT A LOT OF WORK I'VE GOT TO DO AND I NEED TO BE
7 CUT SOME SLACK AND WE NEED SOME TIME.' NO ONE LIKES TO SPI
8 AGAINST THAT BECAUSE IT'S A LITTLE AWKWARD. NOBODY LIKES TO
9 HARSH AND SOUND UNSYMPATHETIC TO ANOTHER PROFESSIONAL V
10 STATES THAT THEY HAVE THESE NEEDS.
11 BUT THE REALITY IS, HERE, YOUR HONOR, WE HAVE
12 BROUGHT, YES, LOTS OF MOTIONS TO COMPEL. WE'VE WON EVERY
13 SINGLE MOTION TO COMPEL WE'VE BROUGHT, YOUR HONOR. THE
14 SITUATION WE FIND OURSELVES IN NOW AND THE SITUATION THAT
15 COUNSEL FINDS HIMSELF IN NOW IS THE RESULT – I DON'T THINK
16 IT'S ANY SECRET – OF DIFFICULTIES THAT MGA HAS IN COMPLYING
17 WITH DISCOVERY.
18 AS THE COURT KNOWS, JUDGE INFANTE MADE A FINDING THAT
19 THEY HAD WILLFULLY, DELIBERATELY, AND FLAGRANTLY VIOLATED I
20 ORDER IN FAILING TO PRODUCE WITNESSES AND ORDERED THEM TO
21 PRODUCE THE WITNESSES BY THE END OF SEPTEMBER; THAT WAS
22 ORDER AFTER A MOTION TO COMPEL IN MAKING THAT FINDING.
23 THOSE WITNESSES STILL WERE NOT PRODUCED, STILL NOT
24 PRODUCED.
25 THERE ARE MULTIPLE ORDERS – I CAN REPRESENT TO THE

23

1 COURT AT LEAST THREE OUTSTANDING ORDERS FINDING NONCOMP
2 WITH COURT ORDERS.
3 WHAT'S HAPPENING HERE, I FEAR, IS AN EFFORT TO GET A
4 PASS FOR MGA AND MR. LARIAN FOR THEIR DELIBERATE, WILLFUL,
5 NONCOMPLIANCE WITH DISCOVERY, GOING BACK MANY, MANY MON
6 NOT YEARS.
7 THE COURT: WELL, LET'S BE CAREFUL IN THE WORDS THAT
8 WE USE.
9 IT MAY HAVE THE EFFECT OF THAT, FROM YOUR
10 PERSPECTIVE. I DON'T THINK THERE'S ANY SUGGESTION THAT THAT
11 THE PRIMARY MOTIVATION BY MR. NOLAN.
12 MR. QUINN: IT MAY HAVE THE EFFECT OF THAT. I SHOULD
13 SAY THAT. BUT THAT'S THE EFFECT IT HAS.
14 THE COURT: I UNDERSTAND YOUR CONCERN, BUT LET'S BE
15 CAREFUL IN THE WORDS THAT WE USE.
16 MR. QUINN: WE HAVE BEEN BLOCKED IN OUR EFFORTS TO
17 GET DISCOVERY. WE HAVE BEEN WORKING TOWARDS THE EXISTIN
18 DATE. IF FOLKS WANT TO TALK ABOUT ADJUSTING THAT DATE FOR A
19 COUPLE OF WEEKS, TO TAKE INTO ACCOUNT THE SOFT STAY THAT'S
20 ALREADY BEEN IN EFFECT, THAT'S CERTAINLY SOMETHING THAT I TH
21 WOULD BE REASONABLE AND WE'D BE AMENABLE TO.
22 BUT I THINK WE SHOULD NOT CONFUSE TWO DIFFERENT
23 ISSUES HERE. ONE: SHOULD THERE BE SOME ADDITIONAL TIME GIV
24 FOR NEW COUNSEL TO GET UP TO SPEED? AND I NOTE THAT THEY'V
25 ALREADY HAD TWO WEEKS.

24

1 WITH THE OTHER ISSUE OF, SHOULD A SITUATION BE
2 CREATED WHERE WE'RE GOING TO NEGOTIATE, MEET AND CONFER
3 NOBODY CAN BRING ANY ORDERS FOR – FRANKLY, WE'RE PREPARI
4 FOR TERMINATING SANCTIONS BECAUSE OF THE HISTORY HERE – TI
5 THAT CAN'T BE BROUGHT AND THE EFFECT OF THAT MIGHT BE; THAT
6 WHAT'S PAST IS PAST, AND THEY'LL PRODUCE THE WITNESSES AFTE
7 JANUARY 15TH.
8 FRANKLY, YOUR HONOR, I THINK THAT SCHEDULE THAT'S
9 PROPOSED NOW FOR DEPOSITIONS, JANUARY 15TH TO APRIL 1ST, IS
10 JUST COMPLETELY UNREALISTIC. WE CANNOT GET DONE WHAT NEE
11 BE DONE IN DEPOSITIONS IN THAT TIME FRAME.
12 WHAT'S HAPPENED HERE IS – AND I WILL SAY 'THE
13 EFFECT,' YOUR HONOR – IS THAT WE'VE GOTTEN JAMMED. DOCUME
14 NOT PRODUCED; WITNESSES NOT PRODUCED. FINALLY, WE START
15 SOME DOCUMENTS IDENTIFYING ADDITIONAL PARTIES WHO WE KNC
16 INFORMATION THAT'S IMPORTANT THAT GOES TO THE HEART OF THE
17 CASE; AND WE CAN'T SERVE FDT'S, IS THE PROPOSAL; WE CAN'T DO
18 ANYTHING UNTIL JANUARY 15TH. ALL OF OUR EFFORTS TO GET
19 DISCOVERY, MEETING AND CONFERRING, ORDERS TO JUDGE INFAN
20 ORDERS FOR RECONSIDERATION, APPEALS TO THIS COURT; AND WI
21 GOTTEN VERY LITTLE.
22 AND NOW, AS WE'RE FINALLY, APPARENTLY, GETTING SOME
23 THINGS, WE'RE GOING TO BE JAMMED AND FORCED TO DEAL WITH A
24 THIS AND SEEK THE DEPOSITION DISCOVERY IN THIS VERY CONDEN:
25 PERIOD OF TIME.

Exhibit 9
Page 59

25

1 THE COURT: WELL, WHAT WOULD YOU SUGGEST THE COURT
2 DO?
3 MR. QUINN: YOUR HONOR, I THINK IT WOULD BE
4 REASONABLE TO ADJUST THE TRIAL SCHEDULE FOR A COUPLE OF W
5 I DON'T THINK THERE SHOULD BE ANY RESTRICTIONS NOW.
6 WE JUST SIMPLY DON'T HAVE ENOUGH TIME, GIVEN ALL THAT
7 NEEDS TO BE DONE, TO PUT DEPOSITIONS ON ICE UNTIL JANUARY 1!
8 THE COURT: WHEN IS THE FIRST DEPOSITION SCHEDULED
9 FROM TODAY?
10 MR. ZELLER: YOUR HONOR, THERE ARE TWO THAT ARE
11 SCHEDULED IN THE NEXT 10, 15 DAYS THAT ARE THIRD PARTIES. AN
12 IN ADDITION, ALREADY WE'VE LOST TWO THIRD-PARTY WITNESSES.
13 THESE ARE PEOPLE WHO WORKED ON THE VERY ORIGIN OF BRATZ.
14 PULLED THEIR DEPOSITIONS. THEY WERE SUPPOSED TO TAKE PLAC
15 THE LAST FEW DAYS; SO WE'VE ALREADY LOST DATES ON THOSE TW
16 PEOPLE. AND IF THERE'S A FURTHER STAY, WE'RE GOING TO LOSE
17 OTHER TWO.
18 AND JUST FOR THE RECORD, THEY ARE MAGARET
19 HATCH LEAHY; ELISE CLOONAN; VERONICA MARLOW, WHO IS AN
20 EXTREMELY SIGNIFICANT WITNESS, IN FACT, A CRUCIAL WITNESS IN
21 THIS CASE; AS WELL AS SARAH HALPERN.
22 MR. LARIAN: NOT TO MENTION THE OTHER THIRD PARTIES
23 AND PEOPLE WHO ARE NOW BEING IDENTIFIED IN DOCUMENTS, PEC
24 WE'VE BEEN PROMISED, PEOPLE WHO'VE BEEN ORDERED TO APPE
25 MR. LARIAN... IT'S A VERY LONG LIST, YOUR HONOR.

26

1 WITH ALL DUE RESPECT, AND RECOGNIZING THAT THIS IS
2 GOING TO REQUIRE THAT PEOPLE WORK HARDER, I DO NOT THINK T
3 THE CLIENT HERE, WHICH SOMEHOW HAS NOT BEEN ABLE TO COMP
4 DISCOVERY OBLIGATIONS, SHOULD GET THE BENEFIT OF SOME MOR
5 AND CRAMMING -- REQUIRING US TO DO, THROUGH DISCOVERY THA1
6 REMAINS IN A MUCH ABBREVIATED PERIOD OF TIME, BY SUBSTITUTIN
7 COUNSEL.
8 THE COURT: YOU SUGGESTED THAT IT MAY BE REASONABLE
9 FOR THE COURT TO GIVE A BRIEF CONTINUANCE IN THE TRIAL DATE,
10 SOME RELIEF AT THAT END.
11 WHAT IS YOUR TRIAL SCHEDULE LIKE, OR WHAT IS YOUR
12 AVAILABILITY DURING THE SUMMER OF 2008?
13 MR. QUINN: I AM AVAILABLE IN THE SUMMER OF 2008 FOR
14 THE TRIAL OF THIS CASE.
15 YOUR HONOR, THERE ARE SOME RED HERRINGS THAT ARE
16 BEING MENTIONED HERE. MR. NOLAN IS NEW TO THE CASE, BUT
17 ZEUS...
18 THE COURT WILL REMEMBER --
19 THE COURT: I DO REMEMBER ZEUS.
20 MR. QUINN: -- WE SAID 'ZEUS IS AVAILABLE; IF YOU
21 WANT ZEUS, COME GET ZEUS.'
22 AFTER THAT LAST HEARING, WE WROTE MS. GLASER A LETTEF
23 AND SAID, 'IF YOU WANT ZEUS, COME GET ZEUS.'
24 NOBODY CAME TO GET ZEUS. IT'S SIMPLY NOT TRUE THAT
25 WE HAVEN'T PRODUCED ZEUS. WE STAND HERE READY TO PRODU

27

1 YOU CAN HAVE ZEUS.
2 AND IT'S NOT TRUE THAT ZEUS HAS GOT ALL OF OUR
3 DOCUMENTS ON IT. MR. NOLAN, OBVIOUSLY, IS STILL IN THE PROCES
4 OF GETTING UP TO SPEED, AND I'M SURE HE DIDN'T MEAN TO MISSTA
5 ANYTHING.
6 WE'RE PREPARED TO GO FORWARD, AND I THINK THE CASE
7 SHOULD GO FORWARD, YOUR HONOR.
8 THE COURT: LET ME HEAR FROM MR. NOLAN IN RESPONSE TO
9 THIS.
10 MR. NOLAN: WELL, I APPRECIATE THE COURT'S COMMENTS
11 THAT THIS WAS NOT AN INTENTIONAL ACT OF DELAY. I WOULDN'T HA
12 GOTTEN INTO THE CASE IF THAT WERE THE CASE.
13 BUT I HAVE TO, YOUR HONOR, SAY THAT A SCORE CARD OF
14 WHO'S WON IN FRONT OF JUDGE INFANTE, THE MOTIONS, WE'VE WC
15 SHARE; THEY'VE BEEN SANCTIONED THEMSELVES. ALL OF THAT MIS
16 THE POINT, YOUR HONOR, AND I THINK IT'S INTENDED TO DISTRACT.
17 I'VE COME TO YOU; I'VE BEEN VERY CANDID IN TERMS OF WHAT'S
18 GOING ON.
19 I WILL TELL YOU THIS, YOUR HONOR; LET ME TELL YOU
20 THIS; I'LL BE CANDID ABOUT THIS: WHEN WE WERE HERE LAST TIME
21 I DON'T KNOW IF THE COURT ANTICIPATED THIS, BUT I DID NOT
22 ANTICIPATE GETTING HIT WITH 165 NEW REQUESTS FOR PRODUCTIC
23 DOCUMENTS. I DIDN'T EXPECT TO BE HIT WITH THIS AVALANCHE OF
24 STUFF DURING THE SO-CALLED SOFT STAY. BASED ON CONVERSAT
25 THAT I HAD WITH COUNSEL BEFORE THIS HEARING, I WOULD NOT HA

28

1 EXPECTED THE RESPONSE THAT I GOT FROM MR. QUINN. I'LL JUST E
2 CANDID WITH YOU ABOUT THAT.
3 HERE'S THE POINT, YOUR HONOR: IT'S NOT A QUESTION OF
4 WORKING HARDER. IT'S NOT A QUESTION OF WORKING HARDER. I
5 PROMISE YOU THAT.
6 THERE IS A LOT TO BE DONE FROM BOTH SIDES. WHETHER
7 OR NOT ZEUS IS AVAILABLE -- I'LL TAKE ZEUS, YOUR HONOR, RIGHT
8 NOW. I DON'T KNOW WHY MS. GLASER OR SOMEBODY ELSE -- BUT I
9 ASSURE YOU, THEY'RE GOOD LAWYERS, THEY HAVE THEIR OWN PO
10 WITH RESPECT TO THE DELAYS THAT HAVE BEEN FORTHCOMING. I I
11 WANT THIS TO BE A HE-SAID SHE-SAID, OR WHATEVER. YOU DON'T
12 NEED TO INVITE YOURSELF INTO THAT, YOUR HONOR.
13 I'M IMPLORING THE COURT, IN AN UNREASONABLE SITUATION
14 FOR US, TO GIVE US THE RELIEF. I'VE TRIED TO NARROW IT DOWN.
15 I THINK THAT, FRANKLY, MOST FIRMS WOULD HAVE ASKED FOR MOF
16 TIME.
17 THE COURT: THE CONCERN THAT I HAVE, THE COMPLICATION
18 THAT EXISTS IN YOUR PROPOSAL, IS WHAT I'M HEARING FROM COUN
19 FOR CARTER BRYANT. MY CONCERN ABOUT LIFTING UP A STIPULATI
20 TRIAL DATE IS THAT I CAST THE WHOLE THING ADRIFT, AND ALL OF A
21 SUDDEN, CARTER BRYANT'S ATTORNEY IS NOT AVAILABLE, SOMEBO
22 ELSE IS NOT AVAILABLE, AND THEN WE END UP HAVING THIS THING
23 CONTINUED TO THE 12TH OF NEVER. AND IN THE ABSENCE OF SOMI
24 CLEAR AGREEMENTS IN TERMS OF WHEN PEOPLE ARE AVAILABLE,
25 RELUCTANT TO MOVE THINGS. I DON'T WANT TO BE -- I'VE BEEN

**Exhibit 9**
**Page 60**

29

1   BURNED BEFORE.
2      MR. NOLAN:  I UNDERSTAND, YOUR HONOR.
3      YOUR HONOR, THIS IS AS CANDID AS THE SITUATION CAN BE
4   DESCRIBED.  I KNOW THAT MR. KEKER HAS A TRIAL DATE IN FRONT (
5   JUDGE PFAELZER.  I INQUIRED OF JOHN ABOUT THAT.  IT IS A TRIAL
6   DATE THAT IS SET.  THERE'S BEEN NO EFFORTS TO AND NO SUGGES
7   THAT THAT CASE COULD SETTLE OR THAT IT WOULD GET MOVED BY
8   JUDGE PFAELZER.  WE ALL KNOW THAT THOSE THINGS DO HAPPEN.
9      WHAT I THOUGHT I HAD HEARD --
10     THE COURT:  HE HAS ANOTHER ONE WHEN?
11     MS. ANDERSON:  HE HAS ANOTHER ONE IN SEPTEMBER, YOUR
12  HONOR, IN NEW YORK.
13     MR. NOLAN:  BUT MY UNDERSTANDING WAS, YOUR HONOR --
14  AND COUNSEL CAN DISAGREE WITH ME -- THAT IF THE PATENT CASE
15  EITHER SETTLED OR GOT MOVED, WHICH ARE ALL POSSIBILITIES, TH
16  MR. KEKER WOULD BE AVAILABLE TO TRY THE CASE IN JULY.
17     MS. ANDERSON:  THAT'S CORRECT, YOUR HONOR.
18     MR. NOLAN:  THAT'S CORRECT.
19     THE COURT:  BUT IF IT'S SETTLED?
20     MS. ANDERSON:  IF THE TRIAL DATE MOVED, FOR SOME
21  REASON, IF THE LATE JUNE-JULY TRIAL DATE MOVED FOR SOME RE/
22  WE WOULD WORK AND PREPARE AS IF THE CASE FOR SURE WAS (
23  GO IN JULY.  AND IF FOR SOME REASON IT DIDN'T, POTENTIALLY WE
24  COULD AGREE ON WHAT WOULD BE THE BACKUP DATE, IF THAT BE(
25  PROBLEM.  THAT'S ONE POTENTIAL WAY TO HANDLE IT.

30

1      THE COURT:  YOU'RE AVAILABLE IN MAY, MR. NOLAN?
2      MR. NOLAN:  YES.
3      THE COURT:  AND YOU'RE AVAILABLE IN JUNE?
4      MR. NOLAN:  I'M AVAILABLE WHENEVER YOU SET THIS CASE,
5   YOUR HONOR, TO BE CANDID.  I'VE MOVED EVERYTHING.  I AM
6   AVAILABLE MAY, JUNE, JULY, AUGUST, FOR THE REST OF THE YEAR.
7      THE COURT:  YOU, LIKE MR. QUINN, ARE AVAILABLE IN THE
8   SUMMER OF 2008 TO TRY THIS CASE?
9      MR. NOLAN:  CORRECT.  ANY DAY.
10     THE COURT:  AND THOSE ARE THE ONLY TWO TRIALS THAT HE
11  HAS SCHEDULED RIGHT NOW; IS THAT CORRECT?
12     MS. ANDERSON:  CORRECT, YOUR HONOR; JUST THE ONE THA'
13  STARTS ON JUNE 26TH, AND THE ONE THAT STARTS ON SEPTEMBER
14  I BELIEVE, IN NEW YORK.
15     THE COURT:  IS THERE ANYTHING FURTHER, MR. NOLAN?
16     MR. NOLAN:  NO.
17     THE COURT:  I'M GOING TO TRY TO DIGEST THIS AND TAKE
18  A LOOK, AND I'LL -- I'D LIKE TO THINK ABOUT THIS.  I'M NOT
19  GOING TO MAKE A DECISION RIGHT HERE ON THE FLY.
20     MR. QUINN, YOU SAY YOU REALLY WOULDN'T OPPOSE A
21  COUPLE OF WEEKS OF MR. NOLAN HAVING A CHANCE TO BE FREE (
22  OF --
23     MR. QUINN:  I WOULD NOT OPPOSE THAT, YOUR HONOR.
24  WE'VE SLIPPED THE SCHEDULE A COUPLE OF WEEKS ALREADY, SO
25  SLIPPING ALL OF THE DATES TWO WEEKS, YOU KNOW, SEEMS

31

1   APPROPRIATE.
2      THE COURT:  ALL RIGHT.
3      ALSO JUST SOMETHING THAT I WANTED TO MAKE SURE:  I
4   TRUST COUNSEL IS AWARE OF THE ELECTRONIC FILING THAT GOES
5   EFFECT IN INTELLECTUAL PROPERTY CASES?
6      I'M SEEING HEADS NOD 'YES.'  OKAY.  THAT'S GOOD.
7      PAPER COURTESY COPIES ARE STILL REQUIRED TO BE TURNE
8   IN TO CHAMBERS.  THAT'S A DISTRICT-WIDE RULE, SO I'M NOT GOING
9   TO BUCK THAT, ALTHOUGH THIS COURT HAS PRETTY MUCH ENGAGE
10  IS INVESTED IN THE ELECTRONIC FILING PROCESS.
11     AS FAR AS THE DOCUMENTS THAT ARE GOING TO
12  JUDGE INFANTE, THOSE ARE BEING UNDER SEAL, AT LEAST MOST O
13  THEM SEEM TO BE UNDER SEAL, SO THOSE WOULDN'T BE ELECTRO
14  FILED.
15     MR. QUINN:  WOULD THE COURT RATHER NOT GET THOSE?
16     THE COURT:  WELL, I LIKE LOOKING AT THE MOTIONS
17  THEMSELVES, JUST TO HAVE A SENSE OF WHAT'S GOING ON.  BUT
18  FRANKLY, THE ENORMOUS EXHIBITS THAT HAVE BEEN ATTACHED TC
19  THOSE, I'M NOT REVIEWING.
20     MR. QUINN:  WE COULD JUST FILE THE MEMORANDA AND
21  DECLARATIONS WITHOUT THE EXHIBITS.
22     THE COURT:  WHY DON'T YOU DO THAT.  I THINK THAT'S A
23  GOOD SUGGESTION, BECAUSE THE EXHIBITS ARE WHAT -- I'LL LEAVI
24  THAT TO JUDGE INFANTE TO SHOULDER THAT BURDEN.
25     I WOULD LIKE TO SEE THE MEMORANDA, BECAUSE IT GIVES

32

1   ME A SENSE OF WHERE THESE ARGUMENTS ARE GOING AND WHAT
2   ON BETWEEN THE PARTIES.
3      THAT'S WHAT WE'LL DO, THEN.
4      ANYTHING ELSE THAT NEEDS TO BE TAKEN UP AT THIS TIME?
5      MR. NOLAN:  VERY QUICKLY, YOUR HONOR.  I SAID THAT WE
6   HAD AGREED AMONGST OURSELVES TO THIS FILING ON NOVEMBER
7   THE AMENDED ANSWER.
8      THE COURT:  YES.
9      MR. NOLAN:  THERE'S ALL SORTS OF CORRESPONDENCE BACH
10  AND FORTH THAT WOULD NEED A COURT ORDER.
11     COULD WE JUST HAVE YOUR PERMISSION, YOUR HONOR, TO E
12  ABLE TO PROVIDE THAT ON NOVEMBER 8TH?  THAT WILL AVOID HAV
13  ABOUT 13 PARAGRAPHS OF WHEREASES, DISAGREEDS TO, AND WH
14  YOU.  IF I COULD JUST GET THAT CLEARANCE FROM YOU.
15     THE COURT:  THAT WILL BE INCLUDED IN TODAY'S ORDER.
16     THE 'LEAVE TO FILE AN ANSWER' ON NOVEMBER 8TH IS TO
17  WHAT?  IT'S AN ANSWER TO...
18     MR. NOLAN:  I THINK TO THE LAST AMENDED PLEADING.
19     MR. ZELLER:  IT'S TO THE AMENDED COUNTERCLAIM, SO
20  IT'S DUE ON NOVEMBER 8TH.
21     MR. NOLAN:  AND IT'S DUE ON NOVEMBER 8TH.
22     YOUR HONOR, WE'LL FILE IT ON NOVEMBER 8TH.
23     THE COURT:  OKAY.
24     MR. NOLAN:  YOUR HONOR, THE OTHER THING THAT I WOULD
25  ASK THE COURT'S INDULGENCE ON.  YOU HAVE A MATTER SET FOR

Exhibit 9
Page 61

33

```
1   NOVEMBER 19TH; THE BRIEF IS DUE TO BE FILED ON NOVEMBER 5TH
2   IF THERE'S A WAY THAT YOU COULD MOVE THAT, THAT WOULD BE
3   HELPFUL.  IF IT DOESN'T WORK ON YOUR CALENDAR --
4       THE COURT:  WE HAVE A MATTER SET RIGHT NOW FOR
5   NOVEMBER 19TH.
6       YOU WANT THAT MOVED TO WHEN?
7       MR. NOLAN:  IF I COULD GET THAT INTO DECEMBER, YOUR
8   HONOR, AND JUST GET A COUPLE OF WEEKS MORE TO MAKE CERTA
9   I'VE GOT EVERYTHING FROM O'MELVENY.
10      SEE, OUR PROBLEM IS, WE DON'T HAVE THE DOCUMENTS.
11      THE COURT:  IS THERE A PROBLEM WITH THAT, COUNSEL,
12  THE NOVEMBER 19TH HEARING?
13      MR. QUINN:  NO.
14      THE COURT:  WHY DON'T WE DO THAT RIGHT NOW.  WHY
15  DON'T WE MOVE THAT NOVEMBER 19TH HEARING TO DECEMBER 3R
16      MR. NOLAN:  FINE.  THANK YOU.
17      AND THE LAST POINT THAT I JUST WANTED TO MAKE -- AND
18  I KNOW THAT IT'S AN OBSERVATION -- THIS NOTION OF DELAY, OKAY,
19  WHAT BELIES IT THE MOST IS THAT THE DATE THAT I HAVE ASKED FO
20  IS THE DATE THAT ALL OF THESE LAWYERS WANTED IN THE FIRST
21  INSTANCE, THAT THEY WERE ALL WORKING ON.  THEY WERE THE OI
22  BEFORE WE EVEN GOT INTO THIS CASE, THEY COLLECTIVELY, AS
23  LAWYERS FAMILIAR WITH THIS LITIGATION, FOR YEARS CAME TO YOI
24  AND SAID THAT THAT WAS A REASONABLE TIME TO ALLOW THEM TC
25  PREPARED.
```

34

```
1       SO FOR ANYBODY NOW TO SUGGEST THAT, 'OH, MY GOSH,
2   IT'S SO FAR OFF; IT'S A DELAY; IT'S PREJUDICE,' YOU KNOW, YOUR
3   HONOR, IT'S JUST -- I DON'T KNOW -- IT'S JUST NOT RIGHT.  THIS
4   WAS THE DATE THEY ALL WANTED.  THEY WERE ALL FAMILIAR WITH
5   RECORD AT THAT TIME.  I'M NOT ASKING FOR ANYTHING BEYOND THA
6   I KNOW IT DIDN'T WORK, AND I KNOW OF THE COURT'S SCHEDULING
7   KNOW THE REASONS FOR IT.
8       I JUST NEEDED TO MAKE THAT POINT, BECAUSE I THINK
9   THAT REALLY SPEAKS VOLUMES OF HOW REASONABLE WE'RE TRYI
10  TO GET THIS THING READY FOR TRIAL.
11      THE COURT:  THANK YOU, MR. NOLAN.
12      MR. ZELLER:  JUST ONE HOUSEKEEPING MATTER, YOUR
13  HONOR.
14      AS A RESULT OF THE SO-CALLED SOFT STAY, CERTAIN
15  DEADLINES WERE OBVIOUSLY UNDATED UP UNTIL TODAY.  SOME TH
16  COULD BE DUE AS EARLY AS TOMORROW, IF THE STAY IS DEEMED T
17  LIFTED AS OF TODAY.  AND SINCE THE COURT, OBVIOUSLY, HAS TAK
18  UNDER ADVISEMENT WHAT IT WANTS TO DO, WE WOULD APPRECIA
19  LEAST HAVING SOME GUIDANCE AS TO WHAT WE SHOULD DO, BECA
20  OBVIOUSLY --
21      THE COURT:  YOU CAN PRETTY MUCH COUNT, COUNSEL, THAT
22  I'M GOING TO EXTEND THE STAY AND PROBABLY MAKE IT A LITTLE LE
23  THAN SOFT IN THE NEXT TWO WEEKS, AT A MINIMUM; SO BE RELIEVI
24  OF THAT.  NOTHING IS GOING TO BE DUE TOMORROW.
25      I AM PERSUADED THAT MR. NOLAN NEEDS SOME ADDITIONAL
```

35

```
1   TIME.
2       WHETHER THAT'S GOING TO AFFECT THE REST OF THE
3   SCHEDULE OR NOT, IT'S NOT SO CLEAR TO ME.
4       MR. ZELLER:  IF I MAY, YOUR HONOR.
5       NOT TO REARGUE, OF COURSE, ANYTHING THAT'S BEEN
6   ARGUED, BUT THE PROBLEM WITH DOING THAT IS THAT IT MEANS WI
7   JUST SIMPLY PUT ON ICE IN PROPOUNDING DISCOVERY, AND THEN V
8   DON'T GET IT.  WE'RE JUST BEING DEPRIVED OF OUR PERIOD OF
9   DISCOVERY, WHICH IS AFTER THE CLOSING.  THERE ARE THIRD PART
10  OUT THERE WITH DOCUMENTS, AND IF WE CAN'T SERVE SUBPOENA
11  THEM, THEY ARE NOT GOING TO BE PRESERVING DOCUMENTS --
12      THE COURT:  THIS DOESN'T AFFECT -- WOULD THIS AFFECT
13  THE THIRD PARTIES?
14      MR. NOLAN:  YOUR HONOR, TO THE EXTENT THAT THIRD
15  PARTIES WOULD HAVE TO PRODUCE SOMETHING --
16      WE NEED TO UNDERSTAND WHAT THEY'VE BEEN REQUESTED
17  PRODUCE, AND WE HAVE TO INSERT OUR RIGHTS INTO THAT MATTEI
18  YOUR HONOR.
19      YOUR HONOR, THIS NOTION THAT THEY HAVEN'T GOTTEN
20  ANYTHING, THEY HAVE THREE MILLION PAGES OF PRODUCTION.  THE
21  TAKEN 19 DEPOSITIONS.  IT'S NOT AS THOUGH THEY'VE BEEN
22  STONEWALLED ON ALL OF THIS STUFF.  ALL I WANT TO DO IS HAVE A
23  REASONABLE PERIOD OF TIME WHEN I HAVE A THIRD-PARTY SUBPO
24  THAT COMES IN DURING THE SOFT STAY -- EIGHT SUBPOENAS CAME
25  THROUGH THESE THIRD PARTIES -- WE NEED TO MEET WITH THE THI
```

36

```
1   PARTIES.  WE NEED TO UNDERSTAND WHAT INFORMATION IS GOING
2   PROVIDED; ARE THERE OBJECTIONS THAT WE SHOULD BE ASSERTII
3   THEY ASK US FOR OUR ADVICE; ARE WE OBJECTING ON PRIVACY
4   GROUNDS; THINGS LIKE THAT.
5       IT JUST TAKES TIME, YOUR HONOR, TO DEAL WITH THIS.
6       THAT'S WHY I THINK THAT WHATEVER STAY IS APPLIED
7   SHOULD APPLY TO THE THIRD PARTIES.  WE'LL DEAL WITH IT AS
8   QUICKLY AS WE CAN.  BUT TO HAVE THIS GOING ON, WE'RE GOING T
9   HAVE THE SAME ISSUE WE HAD IN THE LAST TEN DAYS, WHERE WE
10  NOT GETTING ANYTHING DONE BECAUSE WE'RE CHASING DOWN AD
11  FLY BALLS THAT THEY'RE HITTING OUT THERE.
12      AND THERE'S PLENTY OF TIME TO DEAL WITH ALL OF THIS,
13  YOUR HONOR; THAT'S MY POINT.
14      MR. QUINN:  WELL, THERE WON'T BE, YOUR HONOR, IF
15  WE'RE AT JANUARY 15TH WITH AN APRIL 1ST CUTOFF.  THESE
16  THIRD-PARTY SUBPOENAS THAT ARE BEING REFERRED TO ARE TWC
17  WHO WERE IDENTIFIED IN DOCUMENTS FINALLY PRODUCED TO US; :
18  WE'RE NOW DOING WHAT WE SHOULD HAVE BEEN IN A POSITION TC
19  SOME TIME AGO.
20      AND I SUBMIT THAT MR. NOLAN CAN READ A SUBPOENA AND
21  DECIDE WHETHER SOME OBJECTIONS OUGHT TO BE ASSERTED ANI
22  WITHOUT REALLY DISRUPTING HIS SCHEDULE.  THERE ARE A LOT OI
23  LAWYERS ON THE OTHER SIDE HERE.  THIRD-PARTY DISCOVERY
24  SHOULDN'T BE PUT ON ICE IN THE MEANTIME.  THERE'S JUST TOO MI
25  OF IT OUT THERE THAT NEEDS TO BE DONE.
```

**Exhibit 9**
**Page 62**

37

1    THERE'S A COUPLE OF OTHER THINGS, IF THE COURT IS
2  CONSIDERING, AND I GATHER THE COURT IS INCLINED TO CONTINUE
3  STAY.
4    AT A MINIMUM, THERE'S A MOTION WE WOULD LIKE TO BRING
5  TO BE ABLE TO PROPOUND ADDITIONAL DISCOVERY.  IF WE SET THA
6  FOR HEARING, IT WOULDN'T BE HEARD UNTIL THE END OF DECEMBE
7  EVEN WITHOUT A STAY.  IF WE FILE IT TOMORROW, I ASSUME IT
8  PROBABLY WOULDN'T BE HEARD UNTIL THE END OF DECEMBER OR
9  SECOND HALF OF DECEMBER.
10    THE COURT:  THIS WOULD BE TO JUDGE INFANTE?
11    MR. QUINN:  NO.  I THINK IT HAS TO GO TO YOUR HONOR.
12    THE COURT:  YOU'RE ASKING FOR...
13    MR. QUINN:  FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS
14  ABOVE THE --
15    THE COURT:  MR. NOLAN, IF I UNDERSTAND HIM CORRECTLY,
16  IS NOT OBJECTING TO YOU FILING ANY MOTIONS.  HE'S JUST DOESN'
17  WANT TO HAVE TO FILE HIS OPPOSITION.
18    IF YOU NOTICE SOMETHING FOR THE END OF DECEMBER, HIS
19  OPPOSITION IS NOT GOING TO BE DUE UNTIL DECEMBER.  THAT'S NC
20  GOING TO AFFECT THEM, AND THAT WOULD NOT BE AFFECTED BY A
21  ONE- OR TWO-WEEK CONTINUANCE OF THE STAY.
22    MR. QUINN:  THAT WOULD BE FINE, AS LONG AS THE FILING
23  OF A MOTION WOULDN'T BE AFFECTED BY --
24    THE COURT:  THAT'S NOT WHAT HE'S TALKING ABOUT, IF I
25  UNDERSTAND RIGHT.

38

1    MR. QUINN:  AND THEN WE HAVE SOME MOTIONS TO COMPEL
2  DIRECTED TO THIRD PARTIES WHO OWE US INFORMATION.
3    THE COURT:  AGAIN, ALL HE'S ASKING IS THAT YOU
4  DON'T -- IN THIS NEXT PERIOD OF TIME -- HE'S ASKING FOR A
5  MONTH; I'M THINKING MAYBE TWO WEEKS.  BUT WHATEVER IT IS, AS
6  UNDERSTAND IT, IT WOULD ONLY BE -- YOU COULD FILE WHATEVER
7  WANT, AS LONG AS THE OPPOSITION IS NOT DUE DURING THAT PERI
8  OF TIME.
9    MR. NOLAN:  YOUR HONOR, THEY'RE NOT WRITING ON A
10  CLEAN SLATE HERE.  LET'S JUST MAKE IT CLEAR.
11    COUNSEL WHO HAVE BEEN INVOLVED IN THIS CASE FOR SOMI
12  TIME HAS TALKED ALREADY ABOUT EXCESSIVE DISCOVERY.  THIS IS
13  LITIGANT, MATTEL, REPRESENTED BY THE SAME LAW FIRM WHO
14  JUDGE LEW, AS AFFIRMED BY JUDGE PREGERSON, WAS SANCTION!
15  SCORCHED EARTH LITIGATION ON EXCESSIVE DISCOVERY.
16    THE COURT:  LET'S NOT GO THERE.
17    MR. NOLAN:  YOUR HONOR, ALL I'M SAYING IS THAT WHAT
18  I'M TRYING DO IS GET MY HANDS AROUND --
19    THE COURT:  I UNDERSTAND WHAT YOU'RE TRYING TO DO,
20  COUNSEL.  I'M SYMPATHETIC TO YOUR EFFORTS.
21    ALL RIGHT.  I WILL ISSUE AN ORDER THAT WILL BE
22  ELECTRONICALLY FILED TODAY THAT YOU WILL HAVE IN YOUR HANC
23  WILL GRANT YOU GUIDANCE ON THIS.
24    I AM GOING TO GIVE YOU FURTHER DIRECTION ON THE
25  MEDIATION, AND WE'LL WAIT UNTIL AFTER DECEMBER 1ST TO DO TH

39

1  BUT I REALLY EXPECT COUNSEL TO APPROACH THAT SERIOUSLY.  I
2  UNDERSTAND, AS I SAID LAST TIME, THIS MAY VERY WELL BE A CASI
3  THAT HAS TO GO TO TRIAL, BUT I WANT YOUR CLIENTS TO UNDERST/
4  THE TREMENDOUS COSTS IN DOING THAT; AND I TRUST THAT YOU W
5  IMPRESS THAT UPON THEM AND TAKE ADVANTAGE OF THIS SITUATIC
6    IF THERE'S NOTHING FURTHER, THE COURT WILL ISSUE AN
7  ORDER LATER TODAY GIVING GUIDANCE ON FUTURE SCHEDULING.
8    MR. ZELNER:  THANK YOU, YOUR HONOR.
9    MR. QUINN:  THANK YOU, YOUR HONOR.
10    MR. NOLAN:  THANK YOU, YOUR HONOR.
11    THE CLERK:  THE COURT STANDS IN RECESS.
12
13
14
15
16
17    CERTIFICATE
18
19  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITE
   STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRI
20  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE AI
   ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
21  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERE
   THE UNITED STATES.
22
23  _____    _____
   THERESA A. LANZA, CSR, RPR    DATE
24  FEDERAL OFFICIAL COURT REPORTER
25

**Exhibit 9**
**Page 63**