# EXHIBIT 12

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:   (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                  EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14              Plaintiff,               Consolidated with
                                         Case No. CV 04-09059
15       vs.                             Case No. CV 05-02727

16  MATTEL, INC., a Delaware             MATTEL, INC.'S SECOND SET OF
    corporation,                         REQUESTS FOR DOCUMENTS AND
17                                       THINGS TO MGA
                Defendant.               ENTERTAINMENT, INC.
18

19  AND CONSOLIDATED CASES

20

21

22          Pursuant to Rule 34 of the Federal Rules of Civil Procedure,

23  Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to

24  these document requests ("Requests") and make available for inspection and

25  copying originals of the following documents within 30 days of service at the

26  offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

27  Street, 10th floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement

28

7209/2132825.2

Exhibit 12
Page 142

1   responses to these requests at such times and to the extent required by Rule 26(e) of

2   the Federal Rules of Civil Procedure.

3   **I.     DEFINITIONS**

4           For purposes of these Requests, the following definitions apply:

5           A.     "YOU," "YOUR" and "MGA" means MGA Entertainment, Inc.,

6   any of its parents, subsidiaries, divisions, AFFILIATES, predecessors-in-interest

7   and successors-in-interest.  Without limiting the foregoing, MGA Entertainment,

8   Inc. includes the entities known as ABC International Traders or ABC International

9   Traders, Inc.

10          B.     "AFFILIATES" means any and all corporations, proprietorships,

11  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

12  indirectly, in whole or in part, own or control, are under common ownership or

13  control with, or are owned or controlled by a PERSON, party or entity, including

14  without limitation each parent, subsidiary and joint venture of such PERSON, party

15  or entity.

16          C.     "PERSON" or "PERSONS" means all natural persons,

17  partnerships, corporations, joint ventures and any kind of business, legal or public

18  entity or organization, as well as its, his or her agents, representatives, employees,

19  officers and directors and any one else acting on its, his or her behalf, pursuant to

20  its, his or her authority or subject to its, his or her control.

21          D.     "BRATZ" means any project, product, doll or DESIGN ever

22  known by that name (whether in whole or in part and regardless of what such

23  project, product or doll is or has been also, previously or subsequently called) and

24  any product, doll or DESIGN or any portion thereof that is now or has ever been

25  known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

26  in part and regardless of what such product, doll or DESIGN or portion thereof is or

27  has been also, previously or subsequently called) or that is now or has ever been

28  sold or marketed as part of the "Bratz" line, and each version or iteration of such

1  product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or
2  DESIGNS or any portion thereof" also includes without limitation any names,
3  fashions, accessories, artwork, packaging or any other works, materials, matters or
4  items included or associated therewith.  Without limiting the generality of the
5  foregoing and contrary to MGA's recent assertions in connection with other Mattel
6  discovery requests, the term "BRATZ" does not and shall not require that there be a
7  doll existing at the time of the event, incident or occurrence that is the subject of, or
8  otherwise relevant or responsive to, the Requests herein.

9         E.     "DESIGN" or "DESIGNS" means any and all representations,
10  whether two-dimensional or three-dimensional, and whether in tangible, digital,
11  electronic or other form, including but not limited to all works, designs, artwork,
12  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
13  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
14  practice, developments, inventions and/or improvements, as well as all other items,
15  things and DOCUMENTS in which any of the foregoing are or have been
16  expressed, embodied, contained, fixed or reflected in any manner, whether in whole
17  or in part.

18         F.     "BRATZ DOLL" means any doll that is or has ever been
19  distributed, marketed, sold or offered for sale under the name "Bratz" or as part of
20  the "Bratz" line.

21         G.     "BRATZ PRODUCT" means any product, whether two-
22  dimensional or three-dimensional, and whether in tangible, digital, electronic or
23  other form: (i) that is or has ever been distributed, marketed or sold under the name
24  "Bratz" or as part of the "Bratz" line; (ii) that depicts, incorporates, embodies,
25  consists of or REFERS OR RELATES TO BRATZ; and/or (iii) that is or has ever
26  been distributed, marketed or sold in any packaging that includes the name "Bratz"
27  or depicts, incorporates, embodies, consists of or REFERS OR RELATES TO
28  BRATZ.

-3-

f7209/2132825.2

1        H.    "BRATZ LICENSE" means any license that REFERS OR

2  RELATES TO any BRATZ PRODUCT.

3        I.    "BRATZ MOVIE" means any motion picture or film that

4  depicts, incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ

5  or any BRATZ WORK.

6        J.    "BRATZ TELEVISION SHOW" means any production

7  exhibited on television that depicts, incorporates, embodies, consists of or REFERS

8  OR RELATES TO BRATZ or any BRATZ WORK.

9        K.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

10  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

11  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not

12  limited to, all writings and records of every type and description including, but not

13  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

14  electronic mail ("e-mail"), records of telephone conversations, handwritten and

15  typewritten notes of any kind, statements, reports, minutes, recordings, transcripts

16  and summaries of meetings, voice recordings, pictures, photographs, drawings,

17  computer cards, tapes, discs, printouts and records of all types, studies, instruction

18  manuals, policy manuals and statements, books, pamphlets, invoices, canceled

19  checks and every other device or medium by which or through which information of

20  any type is transmitted, recorded or preserved.  Without any limitation on the

21  foregoing, the term "DOCUMENT" shall include all copies that differ in any respect

22  from the original or other versions of the DOCUMENT, including, but not limited

23  to, all drafts and all copies of such drafts or originals containing initials, comments,

24  notations, insertions, corrections, marginal notes, amendments or any other variation

25  of any kind.

26        L.    "REFER OR RELATE TO" means constituting, embodying,

27  containing, referring to, commenting on, evidencing, regarding, discussing,

28

1  describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting,

2  contradicting, negating, revoking or otherwise relating to in any manner.

3        M.    "IDENTIFY" or "IDENTITY" means the following:

4              (i)    with reference to an individual or individuals, means to

5  state, fully and separately as to each, such individual's full name, any known

6  business title, current or last known business affiliation, current or last known

7  residential address, current or last known business address, current or last known

8  relationship to MGA, and current or last known telephone number.

9              (ii)    with reference to an entity or entities, means to state, fully

10  and separately as to each, such entity's full name, state (or country) of incorporation

11  or organization, present or last known address, and present or last known telephone

12  number.

13        N.    "Any" as used in these Requests includes the word "all," and the

14  word "all" as used in these Requests includes the word "any."

15        O.    The singular form of a noun or pronoun includes within its

16  meaning the plural form of the noun or pronoun so used, and vice versa; the use of

17  the masculine form of a pronoun also includes within its meaning the feminine form

18  of the pronoun so used, and vice versa; the use of any tense of any verb includes

19  also within its meaning all other tenses of the verb so used, whenever such

20  construction results in a broader request for information; and "and" includes "or"

21  and vice versa, whenever such construction results in a broader disclosure of

22  documents or information.

23  **II.    INSTRUCTIONS**

24        A.    YOU are to produce all requested DOCUMENTS in YOUR

25  possession, custody or control.

26        B.    If YOU contend that YOU are not required to produce certain

27  DOCUMENTS called for by these Requests on the grounds of a privilege or

28

-5-

07209/2132825.2

**Exhibit 12**
**Page 146**

1   protection that YOU are not prepared to waive, identify each such DOCUMENT
2   and provide the following information:

      1.    the date and type of the DOCUMENT, the author(s) and all
3

4              recipients;

5         2.    the privilege or protection that YOU claim permits YOU to

6              withhold the DOCUMENT;

7         3.    the title and subject matter of the DOCUMENT;

8         4.    any additional facts on which YOU base YOUR claim of

9              privilege or protection; and

10        5.    the identity of the current custodian of the original of the

11             DOCUMENT.

12        C.    DOCUMENTS shall be produced in their original file folders, or

13  in lieu thereof, any writing on the file folder from which each such DOCUMENT is

14  taken shall be copied and appended to such DOCUMENT and the PERSON for

15  whom or department, division or office for which the DOCUMENT or the file

16  folder is maintained shall be identified.

17        D.    The DOCUMENTS should be produced in their complete and

18  unaltered form.  Attachments to DOCUMENTS should not be removed.  The

19  DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

20  any reason, including alleged nonrelevance.  If emails are produced that had

21  attachments, the attachments shall be attached when produced.

22        E.    DOCUMENTS in electronic form shall be produced in that form.

23        F.    In the event that any DOCUMENT called for by these requests

24  has been destroyed or discarded, that DOCUMENT is to be identified by stating:

25        1.    the date and type of the DOCUMENT, the author(s) and all

26             recipients;

27        2.    the DOCUMENT's date, subject matter, number of pages, and

28             attachments or appendices;

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

209/2132825.2

**Exhibit 12**
**Page 147**

1      3.    the date of destruction or discard, manner of destruction or

2            discard, and reason for destruction or discard;

3      4.    the PERSONS who were authorized to carry out such destruction

4            or discard;

5      5.    the PERSONS who have knowledge of the content, origins,

6            distribution and destruction of the DOCUMENT; and

7      6.    whether any copies of the document exist and, if so, the name of

8            the custodian of each copy.

## III.   REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 1:**

A sample of each BRATZ PRODUCT including, without limitation, each BRATZ DOLL, sold by YOU or YOUR licensees.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to IDENTIFY every PERSON who has entered into a BRATZ LICENSE with YOU or anyone acting on YOUR behalf.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to identify by product name, product number and SKU each BRATZ PRODUCT including, without limitation, each BRATZ DOLL, sold by YOU or YOUR licensees.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to show the number of units of each BRATZ DOLL sold by YOU or YOUR licensees.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS sufficient to show the revenue received by YOU from the sale of each BRATZ DOLL sold by YOU or YOUR licensees.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost and other costs for each BRATZ DOLL sold by YOU or YOUR licensees.

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

Exhibit 12
Page 148

/7209/2132825.2

1  REQUEST FOR PRODUCTION NO. 7:

2          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

3  YOUR profits from the sale of each BRATZ DOLL sold by YOU or YOUR

4  licensees.

5  REQUEST FOR PRODUCTION NO. 8:

6          For each customer to whom YOU or YOUR licensees have ever sold

7  any BRATZ DOLL, DOCUMENTS sufficient to show the number of units of each

8  such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

9  REQUEST FOR PRODUCTION NO. 9:

10         For each customer to whom YOU or YOUR licensees have ever sold

11  any BRATZ DOLL, documents sufficient to show the revenue received by YOU

12  from each such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

13  REQUEST FOR PRODUCTION NO. 10:

14         For each customer to whom YOU or YOUR licensees have ever sold

15  any BRATZ DOLL, documents sufficient to show YOUR profits from each such

16  BRATZ DOLL sold by YOU or YOUR licensees to that customer.

17  REQUEST FOR PRODUCTION NO. 11:

18         DOCUMENTS sufficient to show customer returns to YOU of BRATZ

19  DOLLS sold or distributed by YOU or YOUR licensees.

20  REQUEST FOR PRODUCTION NO. 12:

21         DOCUMENTS sufficient to show customer rebates or credits given by

22  YOU or YOUR licensees to customers in connection with BRATZ DOLLS.

23  REQUEST FOR PRODUCTION NO. 13:

24         DOCUMENTS sufficient to show, by product number or SKU, the

25  number of units of each BRATZ DOLL sold by YOU or YOUR licensees.

26

27

28

**Exhibit 12**
**Page 149**

-8-

1  REQUEST FOR PRODUCTION NO. 14:

2          DOCUMENTS sufficient to show, by product number or SKU, the

3  revenue received by YOU from the sale of each BRATZ DOLL sold by YOU or

4  YOUR licensees.

5  REQUEST FOR PRODUCTION NO. 15:

6          DOCUMENTS sufficient to show, by product number or SKU, YOUR

7  cost of goods sold, unit cost and other costs for each BRATZ DOLL sold by YOU

8  or YOUR licensees.

9  REQUEST FOR PRODUCTION NO. 16:

10          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

11  YOUR profits, by product number or SKU, from the sale of each BRATZ DOLL

12  sold by YOU or YOUR licensees.

13  REQUEST FOR PRODUCTION NO. 17:

14          For each customer to whom YOU or YOUR licensees have ever sold

15  any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

16  the number of units of each such BRATZ DOLL sold by YOU or YOUR licensees

17  to that customer.

18  REQUEST FOR PRODUCTION NO. 18:

19          For each customer to whom YOU or YOUR licensees have ever sold

20  any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

21  the revenue received by YOU from each such BRATZ DOLL sold by YOU or

22  YOUR licensees to that customer.

23  REQUEST FOR PRODUCTION NO. 19:

24          For each customer to whom YOU or YOUR licensees have ever sold

25  any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

26  YOUR profits from each such BRATZ DOLL sold by YOU or YOUR licensees to

27  that customer.

28

J7209/21328825.2

-9-

Exhibit 12
Page 150

1 REQUEST FOR PRODUCTION NO. 20:

2         DOCUMENTS sufficient to show the revenue and profits derived by

3 YOU from the sale by YOU or YOUR licensees of BRATZ DOLLS including,

4 without limitation, DOCUMENTS sufficient to show sales revenue, costs of goods

5 sold, variable costs, gross margins, royalties paid and received, gross profits and

6 nets profits.

7 REQUEST FOR PRODUCTION NO. 21:

8         DOCUMENTS sufficient to show the number of units of each BRATZ

9 PRODUCT sold by YOU or YOUR licensees.

10 REQUEST FOR PRODUCTION NO. 22:

11         DOCUMENTS sufficient to show the revenue received by YOU from

12 the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

13 REQUEST FOR PRODUCTION NO. 23:

14         DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost

15 and other costs for each BRATZ PRODUCT sold by YOU or YOUR licensees.

16 REQUEST FOR PRODUCTION NO. 24:

17         All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

18 YOUR profits from the sale of each BRATZ PRODUCT sold by YOU or YOUR

19 licensees.

20 REQUEST FOR PRODUCTION NO. 25:

21         DOCUMENTS sufficient to IDENTIFY all customers to whom YOU

22 or YOUR licensees have ever sold any BRATZ PRODUCT.

23 REQUEST FOR PRODUCTION NO. 26:

24         For each customer to whom YOU or YOUR licensees have ever sold

25 any BRATZ PRODUCT, DOCUMENTS sufficient to show the number of units of

26 each such BRATZ PRODUCT sold by YOU or YOUR licensees to that customer.

27

28

1  REQUEST FOR PRODUCTION NO. 27:

2          For each customer to whom YOU or YOUR licensees have ever sold

3  any BRATZ PRODUCT, documents sufficient to show the revenue received by

4  YOU from each such BRATZ PRODUCT sold by YOU or YOUR licensees to that

5  customer.

6  REQUEST FOR PRODUCTION NO. 28:

7          For each customer to whom YOU or YOUR licensees have ever sold

8  any BRATZ PRODUCT, documents sufficient to show YOUR profits from each

9  such BRATZ PRODUCT sold by YOU or YOUR licensees to that customer.

10  REQUEST FOR PRODUCTION NO. 29:

11          DOCUMENTS sufficient to show customer returns to YOU of BRATZ

12  PRODUCTS sold or distributed by YOU or YOUR licensees.

13  REQUEST FOR PRODUCTION NO. 30:

14          DOCUMENTS sufficient to show customer rebates and credits given

15  by YOU or YOUR licensees to customers in connection with BRATZ DOLLS.

16  REQUEST FOR PRODUCTION NO. 31:

17          DOCUMENTS sufficient to show, by product number or SKU, the

18  number of units of each BRATZ PRODUCT sold by YOU or YOUR licensees.

19  REQUEST FOR PRODUCTION NO. 32:

20          DOCUMENTS sufficient to show, by product number or SKU, the

21  revenue received by YOU from the sale of each BRATZ PRODUCT sold by YOU

22  or YOUR licensees.

23  REQUEST FOR PRODUCTION NO. 33:

24          DOCUMENTS sufficient to show, by product number or SKU, YOUR

25  cost of goods sold, unit cost and other costs for each BRATZ PRODUCT sold by

26  YOU or YOUR licensees.

27

28

-11-
MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

**Exhibit 12**
**Page 152**

1  REQUEST FOR PRODUCTION NO. 34:

2        All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

3  YOUR profits, by product number or SKU, from the sale of each BRATZ

4  PRODUCT sold by YOU or YOUR licensees.

5  REQUEST FOR PRODUCTION NO. 35:

6        For each customer to whom YOU or YOUR licensees have ever sold

7  any BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or

8  SKU, the number of units of each such BRATZ PRODUCT sold by YOU or YOUR

9  licensees to that customer.

10  REQUEST FOR PRODUCTION NO. 36:

11        For each customer to whom YOU or YOUR licensees have ever sold

12  any BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or

13  SKU, the revenue received by YOU from each such BRATZ PRODUCT sold by

14  YOU or YOUR licensees to that customer.

15  REQUEST FOR PRODUCTION NO. 37:

16        DOCUMENTS sufficient to show the revenue and profits derived by

17  YOU from the sale by YOU or YOUR licensees of BRATZ PRODUCTS including,

18  without limitation, DOCUMENTS sufficient to show sales revenue, costs of goods

19  sold, variable costs, gross margins, royalties paid and received, gross profits and

20  nets profits.

21  REQUEST FOR PRODUCTION NO. 38:

22        DOCUMENTS sufficient to show the revenue and profits derived by

23  YOU from BRATZ MOVIES including, without limitation, DOCUMENTS

24  sufficient to show sales revenue, costs of goods sold, variable costs, gross margins,

25  royalties paid and received, gross profits and net profits.

26  REQUEST FOR PRODUCTION NO. 39:

27        DOCUMENTS sufficient to show the revenue and profits derived by

28  YOU from BRATZ TELEVISION SHOWS including, without limitation,

209/2132825.2

1   DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs,

2   gross margins, royalties paid and received, gross profits and net profits.

3   <u>REQUEST FOR PRODUCTION NO. 40:</u>

4         All DOCUMENTS that describe YOUR cost allocation procedures.

5   <u>REQUEST FOR PRODUCTION NO. 41:</u>

6         YOUR general ledgers from January 1, 1995 through the present.

7   <u>REQUEST FOR PRODUCTION NO. 42:</u>

8         All quarterly and annual profit and loss statements for BRATZ.

9   <u>REQUEST FOR PRODUCTION NO. 43:</u>

10        All sales, profit and cash flow projections or forecasts for BRATZ

11  DOLLS, BRATZ PRODUCTS, BRATZ MOVIES and BRATZ TELEVISION

12  SHOWS.

13  <u>REQUEST FOR PRODUCTION NO. 44:</u>

14        All DOCUMENTS that REFER OR RELATE TO the value of the

15  Bratz brand.

16  <u>REQUEST FOR PRODUCTION NO. 45:</u>

17        DOCUMENTS sufficient to calculate YOUR net worth on a yearly

18  basis for each year from 1999 to the present.

19

20

21

22

23

24

25

26

27

28

-13-

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

Exhibit 12
Page 154

1 | REQUEST FOR PRODUCTION NO. 46:

2 |       All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

3 | the BRATZ DOLL's share of the fashion doll market including, without limitation,

4 | the extent to which Bratz has been or is gaining or losing market share in the fashion

5 | doll market.

6 | DATED:  June 6, 2007

7 |                     QUINN EMANUEL URQUHART OLIVER &

8 |                     HEDGES, LLP

9 |                     By

10 |                     Scott B. Kidman
                    Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

Exhibit 12
Page 155

**PROOF OF SERVICE**

1

2      I am employed in the County of Los Angeles, State of California. I am over the age
of eighteen years and not a party to the within action; my business address is 865 South
3 Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

4      On June 6, 2007, I served true copies of the following document(s) described as
**MATTEL, INC.'S SECOND SET OF REQUEST FOR DOCUMENTS AND
5 THINGS TO MGA ENTERTAINMENT, INC.** on the parties in this action as follows:

6    John W. Keker                        Patricia Glaser, Esq.
     **Keker & Van  Nest, LLP**          **Christensen, Glaser, Fink, Jacobs,**
7    710 Sansome Street                   **Weil & Shapiro, LLP**
     San Francisco, CA 94111              10250 Constellation Blvd., 19th Floor
8                                         Los Angeles, CA  90067

9 **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above,
and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was
10 mailed with postage thereon fully prepaid.

11      I declare that I am employed in the office of a member of the bar of this Court at
whose direction the service was made.
12

13      Executed on June 6, 2007, at Los Angeles, California.

14

15    _____
      Helen Lih

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2134423.1

Exhibit 12
Page 156

1 |                    <u>PROOF OF SERVICE</u>

2 |         I am employed in the County of Los Angeles, State of California.  I am over the age
of eighteen years and not a party to the within action; my business address is Now Legal
3 | Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4 |         On June 6, 2007, I served true copies of the following document(s) described as
**MATTEL, INC.'S SECOND SET OF REQUESTS FOR DOCUMENTS AND**
5 | **THINGS TO MGA ENTERTAINMENT, INC.** on the parties in this action as follows:

6 |         Diana M. Torres, Esq.
**O'MELVENY & MYERS, LLP**
7 |         400 S. Hope Street
Los Angeles, CA 90071

8 |
**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the
9 | person(s) being served.

10 |         I declare that I am employed in the office of a member of the bar of this Court at
whose direction the service was made.

11 |
         Executed on June 6, 2007, at Los Angeles, California.
12 |

13 |

14 |         David Quintana

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

07209/2134409.1

**Exhibit 12**
**Page 157**