# EXHIBIT 14

LAW OFFICES
# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

MATTHEW M. WERDEGAR
MWERDEGAR@KVN.COM

December 11, 2007

**VIA FACSIMILE & U.S. MAIL**

B. Dylan Proctor, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

Re:   Mattel v. Bryant, et al.

Dear Dylan:

      I am writing in response to your letter to me dated December 6, 2007, which I received on December 10, 2007. Although your letter purports to summarize our conferences of counsel of December 4 and 5, 2007 regarding Carter Bryant's objections and responses to Mattel's Revised Third, Amended Fourth, Fifth, Sixth, and Seventh Sets of Interrogatories, your letter is not wholly accurate or complete. Consequently, I am writing to set forth my understanding of our conferences, as well as to update you regarding Mr. Bryant's position with respect to certain of the interrogatories we discussed.

### Interrogatory Nos. 27, 28, and 29:

      As you note in your letter, our discussion with respect to these interrogatories focused on Mattel's definition of the term BRATZ INVENTION and its definition of the terms IDENTIFY and IDENTITY. As I explained, and as is reflected in Mr. Bryant's objections to these interrogatories, Mattel's definition of the term BRATZ INVENTION, in combination with Mattel's definitions of IDENTIFY and IDENTITY, is exceedingly overbroad and unduly burdensome, in that it attempts to require Mr. Bryant to catalogue, and to provide seventeen separate pieces of factual information regarding, each and every email, conversation, thought, or idea, however fleeting, that Mr. Bryant may have had that in any way whatsoever relates to BRATZ (itself defined in the broadest possible terms) at any point during a specified multi-month time period. During our telephonic conferences, I inquired whether Mattel would consider any limitation on the scope of this interrogatory, including specifically whether Mattel would consider limiting it to identifying the tangible Bratz-related drawings or designs that Mr. Bryant created during each of the relevant time periods. However, Mattel refused to accept this

407830.01

Exhibit 14
Page 193

B. Dylan Proctor, Esq.
December 11, 2007
Page 2

or any other limitation on the scope of these interrogatories. Nonetheless, as I indicated, Mr. Bryant will be supplementing his responses to these interrogatories.

### Interrogatory Nos. 30, 36, 37 and 38:

Your letter is correct that Mr. Bryant has agreed to supplement his responses to these interrogatories to provide the principle facts upon which Mr. Bryant intends to rely upon to support his contentions Your letter is also correct that we believe that these interrogatories are overbroad and abusive to the extent that they purport to require Mr. Bryant to "state all facts" supporting his defense in this case, particularly to the extent that they require Mr. Bryant to "state all facts" proving a negative. Mr. Bryant cites three of the many federal decisions supporting this objection in his interrogatory responses. During our conferences, you did not provide any authority to the contrary. However, in your letter you assert that this issue has been litigated and decided by both Judge Infante and Judge Larson. I disagree with that assertion. The issue of whether interrogatories requiring a party to set forth "all facts" supporting its case has never been expressly argued to or decided by Judge Infante. Similarly, Judge Larson declined to rule on the issue at the December 3 hearing on Mattel's supplemental interrogatory motion. However, it is worth noting that in his order granting Mattel's supplemental interrogatory motion, Judge Larson changed the wording of the supplemental interrogatory requested by Mattel from "state all facts which support YOUR affirmative defenses" to "state all facts upon which YOU intend to rely at trial to support YOUR affirmative defenses".

Furthermore, I note that in Mattel's supplemental responses to MGA's First Set of Interrogatories, which supplemental responses were served after our December 4 and 5 conferences, Mattel asserts that MGA's similarly worded interrogatories are "unreasonably burdensome and overbroad in that it purports to require Mattel to summarize all facts and identify all documents on this subject, including without limitation facts that are known to or in the possession, custody and control of the defendants and non-parties, including non-parties associated with defendants." I do not see how Mattel's continued assertion of this objection can be squared with the position stated in your letter. Rather, it appears that Mattel is once again seeking to apply a double standard when it comes to the parties' discovery obligations.

### Interrogatory Nos. 31 and 32:

Although I may have indicated otherwise during our calls, Mr. Bryant will be providing supplemental responses to these interrogatories to provide additional information regarding his current contentions and the factual bases for those contentions.

### Interrogatory No. 33:

During our conferences, I explained that in order for Mr. Bryant to provide a further response to this interrogatory, he first needed to know the bases for Mattel's contention that it is entitled to exemplary or punitive damages. Otherwise, Mr. Bryant would be forced guess at what Mattel intended to argue in support of its claim for exemplary or punitive damages in order to determine what facts he needed to rebut that claim—*i.e.*, he would be forced to prove a

B. Dylan Proctor, Esq.
December 11, 2007
Page 3

negative in a complete vacuum. At that time, Mattel had not provided any responsive information on this issue. However, subsequent to our conferences, Mattel served its supplemental response to MGA's Interrogatory No. 4. In light of that supplemental response, Mr. Bryant will supplement his response to Interrogatory No. 33.

### Interrogatory Nos. 34, 35, 43, 44, 48, 49 and 50:

Mr. Bryant will supplement his responses to these interrogatories either to state that he does not make any of the contentions at issue or to provide the bases for his contentions.

### Interrogatory No. 39:

As your letter indicates, Mr. Bryant is standing by his stated objections to this interrogatory.

### Interrogatory No. 40:

As your letter indicates, Mr. Bryant will be supplementing his response to this interrogatory.

### Interrogatory No. 42:

As your letter indicates, Mr. Bryant will be supplementing his response to this interrogatory. However, as we discussed, this interrogatory suffers the same defect as Mattel's Interrogatory Nos. 30, 36, 37, and 38, discussed above.

### Interrogatory No. 45:

As I explained during our conferences, this interrogatory, as written by Mattel, does not appear to apply to Carter Bryant's transfer of rights to his Bratz idea to MGA in October 2000. The problem with the interrogatory is not Mattel's definition of the term SOLD, which is the focus of your letter, but rather Mattel's definition of the term BRATZ PRODUCT. BRATZ PRODUCT is defined as "any product ...". A "product", particularly as used in this interrogatory (which asks for number of units sold, costs of goods sold, product and SKU numbers, etc.) is not ordinarily understood to mean a unique, abstract idea, such as Bryant's Bratz idea. Rather a "product" ordinarily is defined and understood to mean "an article or substance manufactured for sale." Concise Oxford Dictionary. Mr. Bryant's Bratz idea does not fit such a definition. Nonetheless, Mr. Bryant intends to supplement his response to this interrogatory to make clearer the nature of his transaction with MGA.

### Interrogatory No. 46:

Although he disputes the relevance of this interrogatory to any claim or defense in this litigation, Mr. Bryant nonetheless has provided a complete response to this interrogatory; *i.e.* he has stated that he does not possess any responsive information. During our conferences, you

407830.01

**Exhibit 14**
**Page 195**

B. Dylan Proctor, Esq.
December 11, 2007
Page 4

inquired whether Mr. Bryant's response included any and all information that Mr. Bryant's counsel may have regarding the topic of this interrogatory. I informed you that even if Mr. Bryant's counsel had any such information, that information is both irrelevant and privileged. Although you disagreed, you did not specifically articulate the bases for your disagreement (and your letter also does not do so).

### Interrogatory No. 47:

As indicated in your letter, Mr. Bryant will be supplementing his response to this interrogatory.

### Timing:

During our December 5 conference, I indicated that Mr. Bryant would endeavor to serve his supplemental responses by December 11, 2007. However, I also stated that I would let you know if Mr. Bryant was going to need additional time. It now appears that Mr. Bryant is going to need a couple more days to complete the supplemental responses discussed above. The need for additional time is due, in part, to the fact that we just received yesterday Mattel's supplemental responses to MGA's First Set of Interrogatories. Consequently, Mr. Bryant currently intends to serve his supplemental responses on December 14, 2007.

### Final note:

Finally, just so the record is clear and there is no misunderstanding, Mr. Bryant believes that his stated objections to all of the foregoing interrogatories are appropriate. His agreement to supplement his responses is not, and should not be construed as, any kind of admission that his objections are without merit. Rather, Mr. Bryant is agreeing to supplement certain of his responses in a good faith effort to avoid the time, expense and burden of additional discovery motion practice.

Very truly yours,

*Matthew Werdegar*

Matthew Werdegar

MMW/mls

cc:  Thomas J. Nolan
     Alexander Cote