# EXHIBIT 17

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:** December 20, 2007

**NUMBER OF PAGES, INCLUDING COVER:** 4

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Paul Eckles, Esq. | 212.735.2578 | 917.777.2578 |
| Matthew Werdeger, Esq. | 415.391.5400 | 415.397.7188 |

**FROM:** Jon D. Corey

**RE:** Bryant v. Mattel, Inc.

**MESSAGE:**

| CLIENT # | 7209 | ROUTE/RETURN TO: | Jon D. Corey | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit 17
Page 203

## quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

December 20, 2007

**VIA FACSIMILE AND U.S. MAIL**
917.777.2578

Paul Eckles, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, New York 10036

Re:   Bryant v. Mattel, Inc.

Dear Paul:

I write to follow up on our phone conversation of earlier today regarding depositions.

This will confirm that Adrienne Fontanella's deposition will occur on January 16, 2008.

Because your letter did not discuss any reason why Mr. Bousequette would be a Phase 1 witness (save to say that he had information relevant to the consolidated actions), I explained that I did not appreciate what information he may have that relates to the narrow claims in Phase 1. I further explained that MGA has previously taken the position that the parties should focus on Phase 1 discovery. You asked whether Mattel was taking the position that the parties should only be taking exclusively Phase 1 discovery. I told you that was not Mattel's position, but was necessarily part of a discussion of the practicalities of scheduling a busy, third-party witness. You said that he possessed information relevant to Phase 1 because (a) you thought that he was involved in certain employment agreements, and (b) because he has information related to MGA's unclean hands defense that MGA would assert in Phase 1. I reminded you that Judge Larson had asked MGA's counsel at the hearing on Mattel's Motion to Strike MGA's unclean hands defense, among others, what aspects of that defense would be part of Phase 1, and that counsel was not able to provide a strict demarcation. I asked what aspects of the unclean hands

quinn emanuel urquhart oliver & hedges, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

Exhibit 17
Page 204

defense MGA would prosecute in Phase 1 to determine whether your suggestion that Mr. Bousquette's possessed information related one or more of the many unclean hands allegations that may be asserted in Phase 1. You did not identify any specific allegation, saying that MGA did not have an obligation to do so. I told you that we would try to get in touch with Mr. Bousequette by Friday, December 21, 2007.

I informed you that in light of Judge Infante's ruling that MGA obtained with respect to Mattel's Third Notice of Deposition of MGA, that MGA's Notice of Deposition of MGA is a nullity given that it seeks to depose a person more than once without leave of court in violation of Rule 30. I understand that MGA disagrees with that position and have repeatedly asked Mr. Mumford of your firm for authority supporting its position, but he has not provided me with any. I responded to your request about producing a witness on Phase 1, as opposed to Phase 2 topics, by saying that a discussion of the specific topics was premature. I further informed you that Mattel was taking the same position that MGA had taken with respect to Mattel's recent notice of deposition of MGA pursuant to Rule 30(b)(6) and that MGA forced Mattel to seek leave of court to serve that notice. You told me that MGA would raise the issue with the Court.

I informed you that no Mattel witness would be produced before January 3, 2007, because Mattel is closed between December 24, 2007 and January 2, 2008.

I informed you that, according to Mattel's calculations, MGA and Bryant have two depositions remaining out of the 24 allotted to them under Judge Larson's Scheduling Order. I explained that between the depositions that have been taken and the additional depositions that MGA and Bryant have sought, two remain. I had forgotten during the call that MGA and Bryant also seek the deposition of Mr. Eckert, however, and now calculate that that MGA and Bryant have one deposition remaining.

According to Mattel, MGA and Bryant have taken the following depositions: Kaye, Driskill, Rhee, Park, Martinez, Mattel (Marine, Artavia, Kawashima, Palmer), Ongchango, Freed, Yonemoto, Pratte, Jensen, Pasko, Tcacik, Croom, de Anda, Hudnut and Nordquist. In addition, prior to your letter of December 12, 2007, MGA/Bryant had asked for the depositions of Fontanella, Bousquette, Patel, Hooks, Eckert and Ross, for a total of 23 depositions. As I explained, to the extent that MGA or Bryant exceeded the scope of a designation under a Rule 30(b)(6) witness, then that deposition constitutes deposition of a "person" under Rule 30. As even a cursory review of the deposition transcripts will show, Bryant's counsel and MGA's prior counsel did just that, repeatedly.

I advised you that if MGA wishes to identify the two additional people of the ten identified in your December 12, 2007 letter—Tafoya, Newcomb, Kilpin, Kyaw, Farr, Gomez, Hoffman-Briggs, Viohl, Simoneau and Zablow—that it wished to depose (now one, in light of the fact that I forgot MGA's request for Mr. Eckert's deposition during the call), then Mattel would try to provide a date for that person by the time that we speak tomorrow at 10:00 a.m.

2

Exhibit 17
Page 205

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

*[signature: Jon D. Corey]*

Jon D. Corey

JDC:jcl

cc:   Matthew Werdeger, Esq.