# EXHIBIT 18

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

December 11, 2007

**FACSIMILE AND U.S. MAIL**

Marcus Mumford, Esq.
Skadden Arps Slate Meagher & Flom, LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Re: Mattel v. Bryant

Dear Marcus:

I write in response to your December 10, 2007 letter sent after the close of business. I write specifically to correct the false statements that I have previously corrected and that I have repeatedly corrected, but with which you persist.

First, Adrienne Fontanella, Matt Bousequette, Tina Patel and Ivy Ross are not Mattel employees, but third parties. My firm represents them, but I never represented at the November 16 meeting of counsel or at any other time that they are reasonably available at times unilaterally dictated by MGA. They are not.

Second, Mattel never agreed to produce any witness on the dates dictated by MGA. You and I discussed this at length at a meeting of counsel last Thursday. At that conference of counsel, I unequivocally stated that Mattel had requested a range of dates when MGA would be available to take Ms. Fontanella's deposition, and you provided dates which provided almost no notice for her. Indeed, you were told at our meeting of counsel on November 21, 2007 that Ms. Fontanella was available through only the first part of December and then not until January so you needed to advise us promptly if MGA would be in a position to take her deposition in December. You failed to do so. Mattel is working to find a date for her, and will let you know as soon as we have an available date.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2320353.1

Exhibit 18
Page 207

Third, Mattel never agreed to produce Mr. Bousquette before MGA made the representation -- required by Judge Infante -- that its unfair competition document production is substantially complete. Quite the opposite was true. We reminded you and your colleagues of this at the November 21, 2007 conference as well. MGA has known of this requirement for almost a month, but was willing to make that representation for the first time yesterday. Now that it has been willing to do so, Mattel will seek a date from Mr. Bousequette. Please be advised, however, that such a date will not be in December. Nor is there any requirement that it be in December because Mr. Bousequette, to Mattel's knowledge, does not have knowledge relating to the claims at issue in Phase 1. Rather, a deposition for Mr. Bousquette will likely be after the close of Phase 1 discovery so, as you explained in your November 29, 2007 letter, the parties can concentrate on Phase 1 discovery.

Fourth, Ms. Ross, as I advised you on November 16, 2007, is available for deposition on January 17, 2008 as both Mattel's designee and individually. As a third-party she will not, as Judge Infante has already provided direction on, be deposed twice. The scheduling of this date has nothing to do with Mattel's willingness or unwillingness to produce Ms. Ross. Ms. Ross is a senior executive at a third-party. January 17th is the date that she is available for deposition. Indeed, we had offered Ms. Ross for multiple dates in the past that MGA elected not to take.

Fifth, as you and I discussed last Thursday, the parties have a dispute over the scope of the topics as to which Mattel contemplated designating Mr. de Anda. You and I agreed that the deposition of Mr. de Anda, as an individual, not as a Mattel designee, would go forward on December 19. At this time and until Judge Infante rules on the scope of the Topics in dispute, Mattel will not make Mr. de Anda a designee. Of course, if MGA is willing to reconsider its rejection of Mattel's proposals to properly narrow the Topics, we can revisit that issue.

Sixth, Mattel served supplemental responses to MGA's First Set of Interrogatories last week. Mattel will serve supplemental responses to Bryant's First Set of Interrogatories by tomorrow. The delay in serving these responses was because Mattel was reviewing, and continues to review the documents produced by MGA, including documents that for various technical reasons (including those for which MGA was responsible for) were not accessible to us. Notably, Mattel's supplemental responses far exceed the cursory "supplemental" responses that your firm has recently provided and which were the subject of a meeting of counsel yesterday, at which MGA did not agree to provide remotely complete responses to Mattel's interrogatories.

Finally, Mattel has not engaged in a pattern of delay. To the contrary, as reflected in your letter, Mattel has provided or has agreed to provide for deposition before the close of Phase 1 discovery the witnesses who MGA has identified who possess information related to Phase 1 claims—a request that you yourself made. Rather, MGA, not Mattel, has engaged in a repeated pattern of delay and disruption, as reflected most recently by MGA's failure to comply with its representations that it would address Mattel's complaints about the deficiencies in MGA's interrogatory responses. This is consistent with MGA's conduct that both before and after it retained your firm to represent it, and continues to this day.

We can either cooperate in the scheduling of depositions, as Mattel has been and MGA has not (notably we do not have dates for the continuance of Mr. Larian's deposition which Mattel has repeatedly requested), or you can run to Judge Infante. Please be advised, however, that Mattel will oppose MGA's application and will serve its own ex parte application seeking a date for the continuance of Mr. Larian's deposition, Bryant's deposition, Farhad Larian's deposition and the other depositions that we have requested dates for at the same time.

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon Corey

cc: Christa Anderson

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| NEW YORK | LOS ANGELES | SAN FRANCISCO |
|---|---|---|
| 51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>(212) 849-7000<br>Facsimile: (212) 849-7100 | 865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>Facsimile: (213) 443-3100 | 50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br>Facsimile: (415) 875-6700 |

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:  December 11, 2007

NUMBER OF PAGES, INCLUDING COVER: 4

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *Marcus Mumford, Esq.*<br>*Skadden, Arps, Slate, Meagher & Flom LLP* | 213.687.5000 | 213.687.5600 |
| Christa Anderson, Esq.<br>Keker & Van Nest | 415.391.5400 | 415.397.7188 |

FROM:  Jon Corey

RE:  Mattel, Inc. v. Carter Bryant, et al.

MESSAGE:

Please see attached.

07209/2308303.1

CLIENT #  7209    ROUTE/RETURN TO: Johanna Lopez

OPERATOR: Priscilla P.    CONFIRMED?  ☐ No  ☐ Yes: _____

☐ CONFIRM FAX
☐ INCLUDE CONF. REPORT

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit 18
Page 210