**ALAN N. GOLDBERG (SBN 112836)**
**KIEN C. TIET (SBN 192058)**
**STERN & GOLDBERG**
**6345 Balboa Boulevard, Suite 200**
**Encino, California 91316**
**Telephone: (818) 758-3940**
**Facsimile: (818) 758-3950**

Attorneys for Non-Party,
STERN & GOLDBERG

FILED
2007 DEC 24 AM 11:08
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

CARTER BRYANT,

Plaintiff,

v.

MATTEL, INC.,

Defendant.

AND CONSOLIDATED CASES.

CASE NO. CV 04-09049 SGL (RNBx)

Consolidated with Case Nos. CV 04-9059 and CV 05-2727

**NONPARTY STERN & GOLDBERG'S OPPOSITION AND JOINDER IN NON-PARTIES ANAELISE CLOONAN'S, MARGARET HACTH-LEAHY'S, VERONICA MARLOW'S, SARAH HALPERN'S AND LUCY ARANT'S OPPOSITION TO MATTEL INC.'S MOTION FOR ORDER CONFIRMING THAT DISCOVERY MASTER HEARS AND RESOLVES ALL DISCOVERY DISPUTES, INCLUDING THOSE WITH THIRD PARTIES**

Date: January 7, 2007
Time: 10:00 a.m.
Place: Courtroom 1

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Non-Party Stern & Goldberg , hereby joins in Non-Parties Anaelise Cloonan's, Margaret Hatch-Leahy's, Veronica Marlow's, Sarah

Halpern's and Lucy Arant's Opposition to Mattel, Inc.'s ("Mattel") Motion for Order Confirming that the Discovery Master Hears and Resolves all Discovery Disputes, Including Those With Third Parties ("Opposition").

Mattel suggests without any authority that Stern & Goldberg is subject to the discovery stipulation and order in this action because it never sought relief from it. Mattel's argument misses the point. As set forth more fully in the Opposition, Stern & Golberg never signed or consented to the stipulation and order, and thus, should not be bound by it.

Moreover, at no point did Stern & Goldberg agree that it was bound by the discovery stipulation and order or that any motion to compel which Mattel would bring against it could be brought before the discovery master, Honorable Edward A. Infante. To the contrary, Stern & Goldberg, continually requested that Mattel's counsel provide any authority by which a non-party is bound by the discovery stipulation and order. Mattel has not cited any such authority.

This Opposition is based upon this Notice of Joinder, and the Memorandum of Points and Authorities and Declaration of Alan N. Goldberg filed herewith, and any other matters which may be presented during the hearing on oral argument.

DATED: December 21, 2007

STERN & GOLDBERG

By [signature]
ALAN N. GOLDBERG
KIEN C. TIET
Attorneys for Non-Party Stern & Goldberg

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### JOINDER IN OPPOSITION OF INDIVIDUAL NON-PARTIES

Non-party Stern & Goldberg ("Stern & Golderg" herein) hereby joins in Section III (Argument) of the Opposition of Non-parties Anaelise Cloonan, Margaret Hatch-Leahy, Veronica Marlow, Sarah Halpern and Lucy Arant to Mattel, Inc.'s ("Mattel") Motion For Order Confirming That The Discovery Master Hears And Resolves All Discovery Disputes, Including Those With Third Parties ("Motion").

The "Stipulation For Appointment Of A Discovery Master" ("Discovery Stipulation") should not bind non-parties who have neither consented to nor signed the Discovery Stipulation, such as Stern & Goldberg.

Further, "the Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." **High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc., 161 F.R.D. 86, 88 (N.D. Cal. 1995).** See also **United States v. C.B.S. Inc., 666 F.2d 364, 371-72 (9th Cir. 1992).** ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party . . . [A] witness's nonparty status is an important factor to be considered in determining whether to allocate discovery costs on the demanding or producing party."). The Court should not permit Mattel to ignore this obligation based upon a Stipulation which a non-party has neither consented to nor signed.

### II

### THE SUBPOENA AND OBJECTIONS THERETO.

Since the Motion pertains to the Subpoena served upon Stern & Goldberg, it will briefly address the Subpoena and the Objections served thereto.

///

///

**A. <u>The Subpoena Upon Stern & Goldberg.</u>**

The Subpoena served upon Stern & Goldberg to which this motion relates, contains five (5) pages of single-space definitions and instructions, and thirty-five (35) different document requests, many of which contain numerous categories of documents and subparts seeking compliance within the 14 day minimum provided by **Rule 45**. The Subpoena was issued and served upon Stern & Goldberg on September 6, 2007. [Ex. "1" hereto.]

The Subpoena failed to contain any Proof of Service upon the parties to the action or identify their counsel, as required by **Federal Rule 45(b)(1)**.

The Subpoena was issued by the same attorneys for the same client who were reprimanded by a United States District Court Judge for engaging in a pattern of serving oppressive Subpoenas upon third parties. See **<u>Mattel, Inc. v. Walking Mountain Productions</u>, 353 F.3d 792, 813-814 (9th Cir. 2003)**.

The Subpoena at issue suffers from the same defects as was found in **<u>Mattel, supra</u>, 353 F.3d at p. 813.** It is an "abusively drawn" Subpoena. The Subpoena herein is "way to broad" and was obviously drafted while making "no attempt . . . . to try to tailor the information request to the immediate needs of the case."

Morad Zarabi was the Arbitrator, chosen by both parties, in a shareholder dispute between the principals of ABC International Traders, Inc., a family owned private corporation ("ABC International" herein). In connection therewith he was to value the shareholder's interests in ABC International to resolve a dispute between Isaac Larian and Farhad Larian.

Stern & Goldberg represented Mr. Zarabi in connection with the service of subpoenas upon him (and an appraiser he retained) in that certain action entitled <u>Farhad Larian v. Isaac Larian</u>, filed on August 25, 2003, in the Los Angeles Superior Court as Case No. BC 301371 ("Larian vs. Larian Action"). Subsequently, there were other actions filed by Farhad Larian, including one naming Morad Zarabi as a defendant. However, Stern & Goldberg did not represent Mr. Zarabi in that proceeding.

**B. Stern & Goldberg Timely Objected To The Subpoena.**

On September 6, 2007, Stern & Goldberg contacted counsel for Mattel to discuss the Subpoena and obtain the requisite information under Rule 45 (which had not been provided) as to the identities of parties and their attorneys in the action. There was no response to said telephone call. [Goldberg Decl. ¶3.]

On September 17, 2007, Stern & Goldberg served its written objections to each request in the Subpoena and requested that Mattel comply with Local Rule 37-1 should it seek to pursue the matter further. [Ex. "2" hereto.] Rather than address the objections raised by Stern & Goldberg, on September 28, 2007, Mattel simply responded with a terse response claiming all of the objections were boilerplate and that a meet and confer was requested pursuant to Rule 37 and section 5 of the Order Discovery Stipulation. [Ex. "3".]

On October 2, 2007, Stern & Goldberg, again requesting that Mattel comply with Local Rule 37-1. Further, Stern & Goldberg advised it was unaware of the Discovery Stipulation entered into in the action and asked for authority by which, a non-party is bound by any such Discovery Stipulation. [Ex. "4".]

On October 3, 2007, Mattel sent Stern & Goldberg a copy of the Discovery Stipulation.

On October 8, 2007, Stern & Goldberg again asked for authority by which , a non-party is bound by any such Discovery Stipulation. Further, Stern & Goldberg, also raised the fact that not only had Mattel's letters failed to comply with Local Rule 37-1, but also with the express requirements of Section 5 of the Stipulation. [Ex. "5".]

Subsequently, a telephonic meet and confer and certain other correspondence was exchanged. The last correspondence was Stern & Goldberg's letter of October 31, 2007, accepting Mattel's offer to participate in another conference call, and also requesting that it include counsel for MGA, Isaac Larian and Farhad Larian, since it relates to documents of those parties. [Ex. "6".] No response was received from Mattel to said letter. [Goldberg Decl., ¶9.]

Then some five weeks later on December 6, 2007, Mattel filed its discovery motion to compel against Stern & Goldberg, purporting to have it heard by the Discovery Master.

A review the of Subpoena evidences that it is abusive for the same reasons stated by the Court in **Mattel**, **supra,353 F.3d 792, 813-814**.

**C. Summary of Stern & Goldberg's Objections to the Subpoena.**

Stern & Goldberg timely objected to the Subpoena. In addition, Stern & Goldberg requested that Mattel provide authority by which a nonparty is bound by such Discovery Stipulation. [Goldberg Decl. ¶¶6 and 8; and Exs. "4" and "5".] Those Objections will briefly addressed herein.

1. The Subpoena is overbroad, burdensome and harassing. The Subpoena at issue suffers from the same defects as was found in **Mattel**, **supra, 353 F.3d at p. 813.** It is an "abusively drawn" Subpoena. The Subpoena herein is "way too broad" and was obviously drafted while making "no attempt . . . . to try to tailor the information request to the immediate needs of the case." Similar to **Mattel, supra,** the Subpoena was obviously served for the "purpose of annoying and harassment and not really for the purpose of getting information."

The Subpoena contains five (5) pages of single-space definitions and instructions, and thirty-five (35) different document requests, many of which contain numerous categories of documents and subparts. Such Subpoena does not comply with the express mandates of **Fed. R. Civ. Proc., Rule 45(c)(1)** ( An "attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that Subpoena.").

The Subpoena was issued by the same attorney for the same client who were reprimanded by a United States District Court Judge, for engaging in a pattern of serving oppressive Subpoenas upon third parties. See **Mattel, supra, 353 F.3d at pp. 813-814.**

2. The Subpoena seeks documents which are privileged on multiple levels. The Subpoena sought documents which are privileged and therefore are not subject to

production. See **Fed. R. Civ. Proc., Rule 45(c)(3)(A)(iii)**. The privileges identified included:

(a) the attorney-client privilege and the attorney work-product privilege regarding Stern & Goldberg's representation of Morad Zarabi.

(b) the arbitrator's privilege held by Mr. Zarabi, to the extent it seeks any documents which "constitute, record, relate, summarize, comment or refer to deliberations" by the arbitrator. **Arco Alaska, Inc. v. Superior Court (1985) 168 Cal.App.3d 139, 149.** See e.g. **Woods v. Saturn Distributing Corp. 78 F.3d 424, 430 (9th Cir. 1996).**

(c) privileged financial records of ABC International Traders, Inc., Isaac Larian and/or Farhad Larian, and which were provided to the Arbitrator in confidence and Stern & Goldberg understands to be subject to a protective order in the underlying proceeding.

3. Documents Available From Third Parties. As stated above "the Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." **High Tech Medical Instrumentation, Inc., supra, 161 F.R.D. at p. 88.** See also **United States v. C.B.S. Inc., supra, 666 F.2d at pp. 371-72.**

4. Mattel's Failure to Comply with Local Rules or Discovery Stipulation. Mattel has failed to comply with the **Local Rule 37-1** of this Court, or the Discovery Stipulation it authored. Indeed, the Motion fails to contain a Separate Statement discussing the requests in dispute, the bjections asserted to each such dispute, and the factual and legal reasons upon why any such documents should be produced.

The nonparties should not be bound by a Stipulation made by the parties. The issues raised by the Subpoena, include whether: (1) Mattel is engaging in the same type of abusive tactics that were found in **Mattel, supra,** and (2) very serious privilege issues. These are the type of issues which should be addressed by the Court or the U.S. Magistrate assigned to the action.

///

III

**CONCLUSION**

Based upon the forgoing Stern & Goldberg respectfully requests that Mattel's Motion be denied.

DATED: December 21, 2007

STERN & GOLDBERG

By [signature]
ALAN N. GOLDBERG
KIEN C. TIET
Attorneys for Non-Party Stern & Goldberg

8

JOINDER OF STERN & GOLDBERG TO OPPOSITION TO MATTEL'S MOTION

C:\wpdocs\MATTEL - BRYANT\PLEADING\JOINDER.wpd

**DECLARATION OF ALAN N. GOLDBERG**

I, Alan N. Goldberg, declare and say as follows:

1 I am an attorney duly authorized to practice law in the State of California and a partner in the law firm of non party Stern & Goldberg, in the above-entitled action. I am a member of the Bar of this Court. I know all of the facts set forth herein of my own personal knowledge and if called upon as a witness could and would competently testify thereto.

2. Attached hereto as Exhibit "1" is a true and correct copy of a Subpoena in a Civil Case ("Subpoena" herein) directed to Stern & Goldberg, dated September 6, 2007.

3. On September 6, 2007, I called the offices of Michael Zeller, and left a detailed voice mail message regarding the Subpoena, and asked him to send me the Notice of Subpoena which was required to be served on the parties to the action. I did not receive any response from Mr. Zeller or anyone at his firm to my telephone message.

4. On September 17, 2007, I sent a letter to Mattel regarding the Subpoena. Attached hereto as Exhibit "2" is a true and correct copy of my letter to Michael Zeller, dated September 17, 2007.

5. Attached hereto as Exhibit "3" is a true and correct copy of a letter I received from counsel for Mattel, dated September 28, 2007, in which it mentioned that Stern & Goldberg was bound by an Order Appointing a Discovery Master. However, such Order was not provided at that time.

6. Attached hereto as Exhibit "4" is a true and correct copy of my letter to Juan Pablo Alban, dated October 2, 2007, in this action, in which I asked him to provide a copy of the Order Appointing Discovery Master and for any authority he has by which Stern & Goldberg, as a nonparty is bound by any such Order.

7. October 3, 2007, I received a copy of the Stipulation Appointing a Discovery Master ("Discovery Stipulation" herein) from counsel for Mattel, in this action.

8. Attached hereto as Exhibit "5" is a true and correct copy of my letter to Juan Pablo Alban, dated October 8, 2007 in this action. In my letter, I again asked Mr. Alban for any authority by which Stern & Goldberg, as a nonparty would be bound by any such Discovery Stipulation.

9. Attached hereto as Exhibit "6" is a true and correct copy of my letter to Juan Pablo Alban, dated October 31, 2007. I did not receive any response to that letter until a Notice of Motion was served on December 6, 2007.

10. At no point has Stern & Goldberg agreed that it was bound by the Discovery Stipulation.

I declare under penalty of perjury, pursuant to the laws of the United States, that the forgoing is true and correct, and that this declaration was executed on December 21, 2007, at Encino, California.

ALAN N. GOLDBERG

10

JOINDER OF STERN & GOLDBERG TO OPPOSITION TO MATTEL'S MOTION

C:\wpdocs\MATTEL - BRYANT\PLEADING\JOINDER.wpd