1  Patricia Glaser, State Bar No. 55668
   Alisa Morgenthaler Lever, State Bar No. 146940
2  Amman A. Khan, State Bar No. 196217
   CHRISTENSEN, GLASER, FINK, JACOBS,
3   WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
4  Los Angeles, California 90067
   Telephone: (310) 553-3000
5  Facsimile: (310) 556-2920

6  Attorneys for Non-Party Farhad Larian

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-09049 SGL (RNBx)<br><br>Consolidated with Case Nos.<br>CV 04-9059 & CV 05-2727<br><br>**NON-PARTY FARHAD LARIAN'S NOTICE OF JOINDER AND JOINDER TO NON-PARTIES ANAELISE CLOONAN'S, MARGARET HATCH-LEAHY'S, VERONICA MARLOW'S, SARAH HALPERN'S AND LUCY ARANT'S OPPOSITION TO MATTEL, INC.'S MOTION FOR ORDER CONFIRMING THAT THE DISCOVERY MASTER HEARS AND RESOLVES ALL DISCOVERY DISPUTES, INCLUDING THOSE WITH THIRD PARTIES**<br><br>[Filed concurrently with Declaration of Scott E. Gizer]<br><br>Date: January 7, 2007<br>Time: 10:00 a.m.<br>Place: Courtroom 1 |

613365.1

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Non-Party Farhad Larian ("Farhad"), by and through his attorneys of record, hereby joins in Non-Parties Anaelise Cloonan's, Margaret Hatch-Leahy's, Veronica Marlow's, Sarah Halpern's and Lucy Arant's Opposition to Mattel, Inc.'s ("Mattel") Motion for Order Confirming that the Discovery Master Hears and Resolves all Discovery Disputes, Including Those With Third Parties ("Opposition").

Mattel's Motion suggests without any authority that Farhad is subject to the discovery stipulation and order in this action because he never sought relief from it. Mattel's argument misses the point. As set forth more fully in the Opposition, Farhad never signed or saw, let alone consented to, the stipulation and order, and thus, cannot be bound by it.

Moreover, at no point did Farhad agree that he was bound by the discovery stipulation and order or that any motion to compel which Mattel would bring against him could be brought before the discovery master, Honorable Edward A. Infante. To the contrary, Farhad's counsel advised Mattel's counsel during meet and confer discussions both in writing and orally that Farhad believed that he was not bound by the discovery stipulation and order and that if Mattel intended to file a motion to compel against Farhad that such motion could only be brought before Judge Larson or a U.S. Magistrate. (Declaration of Scott E. Gizer, ¶¶ 2-4).

Accordingly, for the reasons set forth herein and the Opposition, the Court should deny Mattel's Motion.

Dated: December 21, 2007

Patricia L. Glaser
Alisa Morgenthaler Lever
Amman A. Khan
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

By: /s/ Alisa Morgenthaler Lever
Alisa Morgenthaler Lever
Attorneys for Non-Party Farhad Larian

# DECLARATION OF SCOTT E. GIZER

I, Scott E. Gizer, declare and state as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and am an Attorney with the law firm of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP, attorneys of record herein for Non-Party Farhad Larian. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2. Mattel, Inc. served a subpoena ("Subpoena") on Non-Party Farhad Larian for deposition and document production in connection with claims it filed against Carter Bryant and MGA Entertainment, Inc. in the United States District Court, Central District of California (Case No. CV 04-09049 SGL (RNBx)(and consolidated cases)). When we first began our meet and confer discussions with Mattel's counsel regarding this Subpoena, we immediately advised them in an October 9, 2007 letter that Farhad Larian was not bound by the Stipulation and Order appointing the Hon. Edward A. Infante as Discovery Master. Attached hereto as Exhibit "1" is a true and correct copy of this October 9, 2007 letter.

3. Subsequently, on November 20, 2007, during a meet and confer conference call with Mattel's counsel regarding the Subpoena, we again advised them that Farhad Larian was not bound by the Stipulation and Order, and therefore, if Mattel intended to file a motion to compel, that motion could only be brought before Judge Larsen or a U.S. Magistrate.

4. At no point, did we agree that Farhad Larian was bound by the Stipulation and Order or that Mattel's Motion to Compel could be brought before Judge Infante. Any statement by Mattel to the contrary is false.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 11, 2007, at Los Angeles, California.

Scott E. Gizer

612418

DECLARATION OF SCOTT E. GIZER

**EXHIBIT 1**

LAW OFFICES

## CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 553-3000
EMAIL: AMORGENTHALER@CHRISGLASE.COM

October 9, 2007

MERITAS LAW FIRMS WORLDWIDE

VIA FACSIMILE AND U.S. MAIL

Juan Pablo Alban, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re: Mattel v. Bryant, Case No. CV 04-9049 SGL (RNBx)

Dear Mr. Alban:

This letter is to acknowledge receipt of your letter dated October 3, 2007, regarding the responses and objections that Farhad Larian served in response to Mattel, Inc.'s ("Mattel") subpoena in the above-referenced matter. While we look forward to meeting and conferring with you about these objections, there are several preliminary issues which require immediate attention before any meaningful meet and confer can take place.

First, your letter requests a meet and confer on our objections pursuant to Federal Rule of Civil Procedure ("Rule") 37 and Section 5 of the Order Appointing a Discovery Master ("Order") within the time required to conduct a conference. However, Mr. Larian, as a nonparty to this litigation, is not bound by this Order and is not subject to the schedules set forth therein. Accordingly, the validity of the subpoena should be determined pursuant to Rule 45, and in accordance with Rule 37 and C.D. Cal. Local Rule 37-1.

Second, your request for a meet and confer on this issue is premature because your letter fails to comply with C.D. Cal. Local Rule 37-1. Prior to filing a discovery motion, you are required to comply with the Local Rules of this Court.

Local Rule 37-1, in relevant part, provides:

Prior to the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37.... Unless relieved by written order of the Court upon good cause shown, counsel for the opposing party shall confer with counsel for the moving party within ten (10) calendar days after the moving party serves a letter requesting such conference. The moving party's letter shall identify each issue and/or

Juan Pablo Alban, Esq.
October 9, 2007
Page 2

> discovery request in dispute, shall state briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.

Your letter fails to comply with Local Rule 37-1. In particular, your letter fails to: (1) "identify each issue and/or discovery request in dispute"; (2) "to state briefly with respect to each such issue/request the moving party's position"; (3) "provide any legal authority which the moving party believes is dispositive of the dispute as that issue/request"; and (4) "specify the terms of the discovery order to be sought." Your letter does nothing more than generally characterize all of the objections as being "boilerplate" and baseless without identifying the specific requests which are the subject of your meet and confer. This failure to comply with Local Rule 37-1 prevents any meaningful meet and confer and renders your meet and confer letter a nullity. By way of example only, we question why your letter appears to complain about Mr. Larian's response to each of the requests when Mr. Larian has agreed to produce documents which are responsive to the majority of them.

Third, contrary to your assertion, Rule 45 discovery from nonparties is not equivalent to discovery from parties under Rule 34. "[T]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the Courts." High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc., 161 F.R.D. 86, 88 (N.D. Cal. 1995); see also United States v. C.B.S., 666 F.2d 364, 371-72 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and discovery and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party ... [A] witness's nonparty status is an important factor to be considered in determining whether to allocate discovery costs on the demanding or producing party."). Accordingly, Mattel must limit the scope of the requests so as not to place undue burden upon Mr. Larian. This is particularly true in this case because the subpoenaing party can more easily and inexpensively obtain the documents from a party rather than a nonparty. See Moon v. SCP Pool Corp., 232 F.R.D. 633, 638 (C.D. Cal. 2005) (citing Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc., 649 F.2d 646, 649 (9th Cir. 1980) (discovery should be "more limited to protect third parties from harassment, inconvenience, or disclosure of confidential information.").

Fourth, notwithstanding our objections to the subpoena served on Mr. Larian, <u>Mr. Larian has agreed to produce responsive and relevant documents to most of your requests.</u> However, due to pressing family obligations, Mr. Larian will need to extend the production time until November 1, 2007. You have indicated that this extension is unacceptable and that you are only willing to provide Mr. Larian until October 10, 2007 to produce documents. Your refusal to extend the production time is unreasonable given that Mr. Larian is a nonparty who should not be required to comply with your abusively drawn and overly broad subpoena within a time period which would impose undue burden on him. This undue burden is further compounded by

Juan Pablo Alban, Esq.
October 9, 2007
Page 3

the fact that no arrangement has been made for reasonable compensation to Mr. Larian for the necessary expense that will be incurred by him in complying with your subpoena.

Fifth, Mattel's subpoena is improper because it is overly broad and unduly burdensome. The subpoena was drafted without any attempt to tailor the information request to the immediate needs of the case. In fact, your subpoena requests any documents related to Mr. Larian, Isaac Larian, Carter Bryant, Morad Zorabi, Elise Cloonan, and Earnest Dutcher, and any and all of their family members, without limitations as to time. Your subpoena also requests all documents relating to various products referred to as Bratz, Angel, and Prayer Angels, without limitations as to time. In addition, Mattel's subpoena was served to annoy and harass and not really to obtain necessary information. See Mattel, Inc. v. Walking Mountain Productions, 353 F.3d 792, 814 (9th Cir. 2003) (awarding sanctions because Mattel's subpoena was overly burdensome and served for an improper purpose). The subpoena requires Mr. Larian to produce documents that are readily accessible to Mattel or are in publicly available material, the public record, or Mattel's files, having been previously produced by parties in this litigation. Accordingly, the subpoena is duplicative and unreasonably cumulative. Mattel must first attempt to obtain documents from a party before seeking them from Mr. Larian. See Haworth, Inc. v. Herman Miller, Inc., 998 F.2d 975, 977 (Fed. Cir. 1993) (subpoenaing party should first attempt to obtain documents from party before seeking them from a nonparty).

Sixth, your letter requires that any information withheld on a claim that it is privileged "shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim." Many of the documents which you are seeking are protected by multiple privileges, including but not limited to the attorney-client privilege, the attorney work product privilege, the joint defense/common interest privilege and the arbitral immunity doctrine or privilege. Your contention that we must create a document-by-document privilege log in response to a subpoena served upon counsel for a nonparty in the action is objectionable as being unduly burdensome and improper. See e.g., In re Imperial Corporation of America, 174 F.R.D. 475, 479 (S.D. Cal. 1997) (legislature has expressly recognized that there are circumstances in which a document-by-document privilege log would be unduly burdensome and inappropriate).

Lastly, your assertion that the arbitral immunity doctrine or privilege is inapplicable in this case is erroneous. "[T]he deliberations of arbitrators are sacrosanct" and any documents that "constitute, record, relate, summarize, comment on, or refer to deliberations by the arbitrator are privileged." Arco Alaska, Inc. v. Superior Court, 168 Cal.App.3d 139, 149 (1985) (party's request for documents considered by arbitrators was improperly granted where documents reflected deliberations). Accordingly, your subpoena is objectionable to the extent it requests any documents that refer to deliberations by an arbitrator.

Juan Pablo Alban, Esq.
October 9, 2007
Page 4

As previously mentioned, your request for a meet and confer concerning issues raised by Mattel's subpoena is premature. We first require a meet and confer letter that complies with the express requirements of Local Rule 37-1. Once we have received a proper meet and confer letter, we may then schedule a mutually agreeable date and time to meet and confer within the ten day period provided by the Local Rules.

Please do not hesitate to contact me should you have any questions or comments regarding this letter.

                                        Very truly yours,

                                        Alisa Morgenthaler Lever
                                       of CHRISTENSEN, GLASER, FINK, JACOBS,
                                       WEIL & SHAPIRO, LLP

LMZ

## Confirmation Report – Memory Send

Page           : 001
Date & Time: 10-09-07   11:50am
Line 1         : 310-556-2920
Machine ID : CHRISTENSEN GLASER

| | |
|---|---|
| Job number | : 755 |
| Date | : 10-09  11:49am |
| To | : ☎12134433100 |
| Number of pages | : 005 |
| Start time | : 10-09  11:49am |
| End time | : 10-09  11:50am |
| Pages sent | : 005 |
| Status | : OK |

Job number   : 755                   *** SEND SUCCESSFUL ***

---

**LAW OFFICES**
**CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP**
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
*MERITAS LAW FIRMS WORLDWIDE*

**FAX TRANSMISSION**

TELEPHONE NO.: (310) 553-3000
FACSIMILE NO.:   (310) 556-2920

FROM: Alisa Morgenthaler Lever, Esq.
DATE: October 9, 2007

Number of Pages: 5
(including this page)

Client Reference No.: 03460-009

TO:
Juan Pablo Albán, Esq.

FAX NO.: 213-443-3100

CONFIRMATION NO: 213-443-3000

**Sender's Comments:**

If you have received this Transmission in error, please call: (310) 553-3000 and mail it to the above address. Thank you.

NOTE: THE INFORMATION CONTAINED IN THIS FAX MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND, AS SUCH, IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE BY MAIL. THANK YOU.

606366-1

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On December 21, 2007, I served the foregoing document(s) described as:

**NON-PARTY FARHAD LARIAN'S NOTICE OF JOINDER AND JOINDER TO NON-PARTIES ANAELISE CLOONAN'S, MARGARET HATCH-LEAHY'S, VERONICA MARLOW'S, SARAH HALPERN'S AND LUCY ARANT'S OPPOSITION TO MATTEL, INC.'S MOTION FOR ORDER CONFIRMING THAT THE DISCOVERY MASTER HEARS AND RESOLVES ALL DISCOVERY DISPUTES, INCLUDING THOSE WITH THIRD PARTIES**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Juan Pablo Alban, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
QUINN EMANUEL URQUHARD
  OLIVER & HEDGES, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Fax No.: (213) 443-3100

☐ (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☒ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (BY E-MAIL) I caused such documents to be delivered via electronic transmission to the offices of the addressee(s) at the e-mail addresses listed.

Executed this 21st day of December, 2007, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Adele Johnson-Davis*
Adele Johnson-Davis

605587-1

**PROOF OF SERVICE**

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On December 21, 2007, I served the foregoing document(s) described as: **NON-PARTY FARHAD LARIAN'S NOTICE OF JOINDER AND JOINDER TO NON-PARTIES ANAELISE CLOONAN'S, MARGARET HATCH-LEAHY'S, VERONICA MARLOW'S, SARAH HALPERN'S AND LUCY ARANT'S OPPOSITION TO MATTEL, INC.'S MOTION FOR ORDER CONFIRMING THAT THE DISCOVERY MASTER HEARS AND RESOLVES ALL DISCOVERY DISPUTES, INCLUDING THOSE WITH THIRD PARTIES** on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

[X] (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

[ ] (BY E-MAIL) I caused such documents to be delivered via electronic transmission to the offices of the addressee(s) at the e-mail addresses listed.

Executed this 21st day of December, at Los Angeles, California.
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

ADELE JOHNSON-DAVIS

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

605587-1

# SERVICE LIST

Alan N. Goldberg, Esq.
STERN & GOLDBERG
6345 Balboa Boulevard
Suite 200
Encino, California 91316

Larry McFarland, Esq.
KEATS, McFARLAND & WILSON, LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212

Alexander H. Cote, Esq.
OVERLAND, BORENSTEIN SCHEPER & KIM
300 South Grand Avenue
Suite 2750
Los Angeles, California 90071-3101

Jose Allen, Esq.
Amy Park, Esq.
SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
Four Embarcadero center
Suite 3800
San Francisco, California 94111

Bryant S. Delgadillo, Esq.
KAYE SCHOLER, LLP
1999 Avenue of the Stars
17th Floor
Los Angeles, California 90067

605587-1