Larry R. Feldman, Bar Number 45126
Bryant S. Delgadillo, Bar Number 208361
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
Telephone: (310) 788-1000
Facsimile: (310) 788-1200
Email address: bdelgadillo@kayescholer.com

Attorneys for Non-Party
KAYE SCHOLER LLP

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, | CASE NO. CV 04-09049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| v. | **KAYE SCHOLER LLP'S JOINDER IN NON-PARTIES ANAELISE CLOONAN'S, MARGARET HACTH-LEAHY'S, VERONICA MARLOW'S, SARAH HALPERN'S AND LUCY ARANT'S OPPOSITION TO MATTEL INC.'S MOTION FOR ORDER CONFIRMING THAT DISCOVERY MASTER HEARS AND RESOLVES ALL DISCOVERY DISPUTES, INCLUDING THOSE WITH THIRD PARTIES** |
| MATTEL, INC., | |
| Defendant. | |
| AND CONSOLIDATED CASES | |
| | [Declaration of Bryant S. Delgadillo] |
| | Date: January 7, 2007<br>Time: 10 a.m.<br>Place: Courtroom 1 |

23235929.DOC   JOINDER OF KAYE SCHOLER LLP

## ARGUMENT

Non-party Kaye Scholer LLP ("Kaye Scholer") hereby joins in Section III (Argument) of the Opposition of Non-parties Anaelise Cloonan, Margaret Hatch-Leahy, Veronica Marlow, Sarah Halpern and Lucy Arant to Mattel, Inc.'s ("Mattel") Motion For Order Confirming That The Discovery Master Hears And Resolves All Discovery Disputes, Including Those With Third Parties ("Motion").

In addition, the "Stipulation For Appointment Of A Discovery Master" ("Stipulation") should not bind non-parties who have not consented to nor signed the Stipulation, such as Kaye Scholer, because several of the provisions in the Stipulation directly conflict with the Federal Rules of Civil Procedure and the Central District of California's Local Rules.

First, pursuant to the Stipulation, a party served with a motion to compel has only five (5) days to respond. *See* Declaration of Juan Pablo Alban In Support Of Motion ["Alban Decl."] Ex. 1 at 10:17-19. This is in direct conflict with Local Rule 7-9 which permits a party to respond to motions "not later than fourteen (14) days before the date designated for the hearing of the motion . . . ." *See* C.D. Cal. Local Rule 7-9. This point is noteworthy here, as Mattel has taken the outrageous position that Kaye Scholer, by asserting its right to respond Mattel's motion to compel pursuant to Local Rule 7-9, has waived its right to oppose the motion *See* Declaration of Bryant S. Delgadillo in Support of Kaye Scholer's Joinder, Ex. B.

Second, the Stipulation completely eliminates the requirement that a moving party comply with Local Rule 37-2 prior to filing any discovery motion. Compliance with this local rule is not merely a procedural nicety, as a Court cannot hear any discovery motion which fails to comply with Local Rule 37-2. *See* C.D. Cal. Local Rule 37-2.4. Requiring the parties to comply with Local Rule 37-2 ensures that there is an actual dispute between the parties before resorting to expensive and burdensome motion practice. Moreover, Mattel has an additional obligation of reducing the burden, expense and inconveinene since it is seeking discovery from a non-party. *See*

1

23235929.DOC  JOINDER OF KAYE SCHOLER LLP

1  Fed. R. Civ. Proc., Rule 45(c)(1) ("A party or an attorney responsible for the issuance
2  and service of a subpoena shall take reasonable steps to avoid imposing undue burden
3  or expense on a person subject to that subpoena"); *United States v. C.B.S.*, 666 F.2d
4  364, 371-72 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of
5  litigation and discovery, and should not be forced to subsidize an unreasonable share
6  of the costs of litigation to which they are not a party . . . [A] witness's nonparty status
7  is an important factor to be considered in determining whether to allocate discovery
8  costs on the demanding or producing party."). The Court should not permit Mattel to
9  ignore these obligation based upon a Stipulation which a non-party has not consented
10 to nor signed.

12 DATED: December 21, 2007       KAYE SCHOLER LLP

15 By: _____
16 Bryant S. Delgadillo

17 Attorneys for Non-Party
   KAYE SCHOLER

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is KAYE SCHOLER LLP, 1999 Avenue of the Stars, Suite 1700, Los Angeles, California 90067.

On **December 21, 2007**, I served the foregoing document described as follows: KAYE SCHOLER LLP'S JOINDER IN NON-PARTIES ANAELISE CLOONAN'S, MARGARET HACTH-LEAHY'S, VERONICA MARLOW'S, SARAH HALPERN'S AND LUCY ARANT'S OPPOSITION TO MATTEL INC.'S MOTION FOR ORDER CONFIRMING THAT DISCOVERY MASTER HEARS AND RESOLVES ALL DISCOVERY DISPUTES, INCLUDING THOSE WITH THIRD PARTIES by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| John B. Quinn, Esq.<br>Michael T. Zeller, Esq.<br>Jon D. Corey, Esq.*<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017 | Alan N. Goldberg<br>Stern & Goldberg<br>6345 Balboa Blvd., Suite 200<br>Encino, Ca 91316 |
| Larry McFarland, Esq.<br>Keats, McFarland & Wilson, LLP<br>9720 Wilshire Blvd.,<br>Penthouse Suite<br>Beverly Hills, CA 90212 | Alisa Morgenthaler Lever<br>Christensen, Glaser, Fink, Jacobs, Weil & Shapiro LLP<br>10250 Constellation Blvd., 19th Floor<br>Los Angeles, CA 90067 |

[ ]    **BY PERSONAL SERVICE** I caused such envelope to be delivered :

___ by hand to the addressee.
___ and left it at the offices of the addressee with a clerk or other person in charge thereof.
___ and left it in a conspicuous place in the offices of the addressee.

[ ]    **BY FACSIMILE** The above-referenced documents (without exhibits and attachments thereto) were transmitted via facsimile transmission to the addressee(s) as indicated above on the date thereof. The transmission was reported as completed and without error. Executed on **December 21, 2007** at Los Angeles, California.

[XXX]    **BY U.S. MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date

or postage meter date is more than one day after date of deposit for mailing in affidavit.) Executed on **December 21, 2007** at Los Angeles, California.

[ ]  **BY FEDERAL EXPRESS** I am readily familiar with KAYE SCHOLER LLP's business practices of collecting and processing items for pick-up and next business day delivery by Federal Express. Under said practices, items to be delivered the next business day are either picked up by Federal Express or deposited in a box or other facility regularly maintained by Federal Express in the ordinary course of business on that same day with the cost thereof billed to KAYE SCHOLER LLP's account. I placed such sealed envelope for delivery by Federal Express to the offices of the addressee(s) as above on the date hereof following ordinary business practices.) Executed on **December 21, 2007** at Los Angeles, California.

[ ]  **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[XXX]  **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 21, 2007 at Los Angeles, CA.

*Sharon Rawand*

2