QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-
Defendant Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated With Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]**<br><br>DECLARATION OF RORY S. MILLER IN SUPPORT OF MATTEL, INC.'S RENEWED MOTION FOR RECONSIDERATION OF THE SEPTEMBER 12, 2007 ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS<br><br>Date: January 3, 2008<br>Time: 1:30 p.m.<br>Place: JAMS<br><br>**Phase 1:**<br>Discovery Cutoff: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

DECLARATION OF RORY S. MILLER ISO MATTEL'S RENEWED MOTION FOR RECONSIDERATION

## DECLARATION OF RORY S. MILLER

I, Rory S. Miller, declare as follows:

1.      I am a member of the bar of the State of California and an associate of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc.  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      Attached as Exhibit 1 is a true and correct copy of excerpts from the Transcript of Proceedings before the Hon. Edward A. Infante, dated December 14, 2007.

3.      Attached as Exhibit 2 is a true and correct copy of MGA Entertainment, Inc.'s Motion to Compel, dated July 3, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 27, 2007, at Los Angeles, California.

Rory S. Miller

EXHIBIT 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARTER BRYANT, an
individual,

        Plaintiff,

    vs.

MATTEL, INC., a Delaware
corporation,

        Defendants.

No. CV 04-9049 SGL
(RNBx)

**CERTIFIED COPY**

Consolidated with MATTEL, INC. v.
BRYANT and MGA ENTERTAINMENT, INC.
v. MATTEL, INC.

HEARING BEFORE THE HONORABLE EDWARD A. INFANTE

San Francisco, California

Friday, December 14, 2007

Reported by:
DANA M. FREED
CSR No. 10602

JOB No. 76864

1              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
2                    EASTERN DIVISION

3

4    CARTER BRYANT, an
     individual,
5
              Plaintiff,
6
          vs.                          No. CV 04-9049 SGL
7                                          (RNBx)
     MATTEL, INC., a Delaware
8    corporation,

9             Defendants.

10   _____

11   Consolidated with MATTEL, INC. v.
     BRYANT and MGA ENTERTAINMENT, INC.
12   v. MATTEL, INC.

13   _____

14            Hearing before the Honorable Edward A. Infante,

15   at JAMS, Two Embarcadero Center, Suite 1500, San Francisco,

16   California, beginning at 10:49 a.m. and ending at

17   12:43 p.m. on Friday, December 14, 2007, before

18   DANA M. FREED, Certified Shorthand Reporter No. 10602.

19

20

21

22

23

24

25

                                                              2

1    APPEARANCES:

2

3    For the Plaintiff CARTER BRYANT, an individual:

4            KEKER & VAN NEST LLP
             BY:    MICHAEL H. PAGE
5                   JOHN TRINIDAD
                    CHRISTA MARTINE ANDERSON
6            Attorneys at Law
             710 Sansome Street
7            San Francisco, California 94111-1704
             415.391.5400

8

9    For the Defendant MATTEL, INC., a Delaware
     corporation:

10           QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
             BY:    JOHN B. QUINN
11                  JON COREY
                    SCOTT B. KIDMAN
12                  B. DYLAN PROCTOR
             Attorneys at Law
13           865 Figueroa Street, 10th Floor
             Los Angeles, California 90017
14           213.443.3000

15   For the Defendants MGA Entertainment, Inc., MGA
     Entertainment (HK) Limited, and Isaac Larian:
16
             SKADDEN ARPS SLATE MEAGHER & FLOM LLP
17           BY:    RAOUL D. KENNEDY
                    THOMAS J. NOLAN
18                  AMY S. PARK
             Attorneys at Law
19           Four Embarcadero Center, 38th Floor
             San Francisco, California 94111-5974
20           415.984.6400

21   Also Present:

22           CRAIG HOLDEN, MGA Entertainment

23

24

25

3

1    San Francisco, California, Friday, December 14, 2007

2              10:49 a.m. - 12:43 p.m.

3

4         JUDGE INFANTE:  Let's begin with counsel.  If

5    you could please enter your appearances, please.

6    First for Mattel.

7              MR. QUINN:  John Quinn appearing for Mattel.

8              MR. COREY:  Jon Corey on behalf of Mattel.

9              MR. KIDMAN:  Scott Kidman for Mattel.

10             MR. PROCTOR:  B. Dylan Proctor for Mattel.

11             MS. ANDERSON:  Your Honor, Christa Martine

12   Anderson for Carter Bryant.

13             JUDGE INFANTE:  Okay.

14             MR. PAGE:  Michael Page for Carter Bryant.

15             MR. TRINIDAD:  John Trinidad for Carter

16   Bryant.

17             MR. HOLDEN:  Craig Holden for MGA.

18             MS. PARK:  Amy Park for MGA.

19             MR. NOLAN:  Tom Nolan for MGA.

20             MR. KENNEDY:  Raoul Kennedy also for MGA.

21             JUDGE INFANTE:  Thank you.

22        I received the parties' joint report

23   regarding motions scheduled to be heard as to which

24   motions you had resolved through your meet and confer

25   process, which motions needed a decision.  That report

4

1   broader than that.  And so I'm wondering, is there a

2   de-facto motion here for reconsideration as to that

3   one as well, or are we going to be getting that in its

4   entirety?

5         JUDGE INFANTE:  The revised request, that had

6   been narrowed during the meet and confer sessions that

7   preceded my original consideration of the motion,

8   reads as follows, quote, "All documents relating to

9   any instance in which Mattel has taken any action,

10  whatsoever, to enforce against anyone the same terms

11  of any such agreement that Mattel alleges Bryant

12  violated," unquote.

13        I do not believe they're seeking

14  reconsideration on that particular revised request.

15        MR. PROCTOR:  Except to the extent the Court

16  will permit us to do so by our supplemental

17  declaration.  Based on the change of circumstances

18  which is brought to withdrawal of the defenses.

19        JUDGE INFANTE:  I see.  I see.

20        MR. PROCTOR:  We did not originally seek

21  reconsideration on that.

22        JUDGE INFANTE:  Yeah.

23        I think, under the circumstances, I'm going

24  to take the entire motion under submission.  I will

25  state now on the record that I am in a reconsideration

52

1    mode.  In other words, notwithstanding local rules

2    7-19, I find reconsideration is appropriate in view of

3    the new information submitted yesterday regarding

4    withdrawn defenses in an amended pleading.  That

5    affects the entire balance of relevancy versus burden.

6    So I'm back in the starting gate on this motion.

7    I will take it under submission.

8            MR. PAGE:  Your Honor, would you entertain

9    brief letter briefs on the reasons this material is

10   still relevant?  I think it's clearly relevant way

11   beyond those defenses.

12           JUDGE INFANTE:  I think this is becoming such

13   a paper motion, I think it would help me if I got

14   entirely new briefs from both sides on the question

15   because it's a moving target.  It is a moving target.

16   And I'm not saying there's not justification for the

17   moving target.

18           So I think what I'd like to do is give you an

19   opportunity to recast your motion for reconsideration,

20   give you an opportunity to respond to it and clearly

21   explain the basis of relevancy notwithstanding a

22   change in the pleadings.  I think that would put the

23   thing in better order.  And then I could hear it at

24   our next hearing.

25           MR. NOLAN:  Right.  Your Honor, as

1           I, the undersigned, a Certified Shorthand

2  Reporter of the State of California, do hereby certify:

3           That the foregoing proceedings were taken

4  before me at the time and place herein set forth; that

5  any witnesses in the foregoing proceedings, prior to

6  testifying, were duly sworn; that a record of the

7  proceedings was made by me using machine shorthand

8  which was thereafter transcribed under my direction;

9  that the foregoing transcript is a true record of the

10  testimony given.

11           Further, that if the foregoing pertains to

12  the original transcript of a deposition in a Federal

13  Case, before completion of the proceedings, review of

14  the transcript [  ] was [  ] was not requested.

15           I further certify I am neither financially

16  interested in the action nor a relative or employee

17  of any attorney or party to this action.

18           IN WITNESS WHEREOF, I have this date

19  subscribed my name.

20

21  Dated:   DEC 1 7 2007

22

23

24                 DANA M. FREED

                   CSR No. 10602

25

EXHIBIT 2

RECEIVED

JUL 0 3 2007

LEA  5:50

1   DALE M. CENDALI (admitted *pro hac vice*)
    DIANA M. TORRES (S.B. #162284)
2   MICHAEL KEATS (admitted *pro hac vice*)
    O'MELVENY & MYERS LLP
3   400 South Hope Street
    Los Angeles, CA 90071-2899
4   Telephone:  (213) 430-6000
    Facsimile:  (213) 430-6407
5   Email:       mkeats@omm.com

6   PATRICIA GLASER (S.B. #55668)
    CHRISTENSEN, GLASER, FINK,
7   JACOBS, WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
8   Los Angeles, CA 90067
    Telephone:  (310) 553-3000
9   Facsimile:  (310) 557-9815

10  Attorneys for MGA Entertainment, Inc.

11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA
13                   EASTERN DIVISION

| | |
|---|---|
| 14   CARTER BRYANT, an individual,<br>            Plaintiff, | Case No. CV 04-09049 SGL (RNBx)<br>(consolidated with CV 04-9059 & 05-2727) |
| 15           v. | **DISCOVERY MATTER** |
| 16 | **MGA ENTERTAINMENT INC.'S**<br>**MOTION TO COMPEL** |
| 17   MATTEL, INC., a Delaware<br>Corporation, | |
| 18           Defendant. | |
| 19 | |
| 20   AND CONSOLIDATED ACTIONS | [To be heard by Discovery Master Hon.<br>Edward Infante (Ret.) Pursuant to the<br>Court's Order of December 6, 2006] |
| 21 | |
| 22 | Discovery Cut-off:  October 22, 2007<br>Pre-trial Conference:  January 14, 2008<br>Trial Date: February 12, 2008 |

23

24

25

26

27

28

MGA Entertainment, Inc. ("MGA") respectfully submits this Memorandum of Law in Support of its Motion to Compel Mattel, Inc. ("Mattel") to Supplement its Responses and Produce Documents Responsive to MGA's First Set of Requests for the Production of Documents and Things dated January 31, 2005 (the "Requests") pursuant to Federal Rules of Civil Procedure 37(a) in the case originally captioned *Mattel, Inc. v. Carter Bryant and MGA Entertainment, Inc.*, 04-9059 NM (RNBx) (the "Bryant Case").

## I.  **INTRODUCTION.**

Mattel refuses to collect and produce documents that go to the heart of its case. Since the beginning, Mattel has stonewalled producing key documents directly relating to its claims and MGA's defenses. It has arrogantly ignored MGA's repeated requests that Mattel clarify its objections and comply with its discovery obligations. It has done so even while filing almost daily motions to compel about all manner of imagined discovery violations in an effort to drive up MGA's defense costs. Apparently, Mattel—a much larger company with vastly greater resources—believes that it can push MGA around by conducting a one-sided discovery program. Discovery, however, is a two-way street, and Mattel cannot simply bat aside MGA's discovery requests because it does not want to produce evidence that is harmful to its case.

MGA's Requests are clear, straightforward and unremarkable—seeking nothing more than those documents directly related to Mattel's claims for breach of contract, breach of fiduciary duty, breach of the duty of loyalty, unjust enrichment, conversion and damages. Nonetheless, Mattel peremptorily refused to produce *a single document* responsive to *any* of MGA's 332 document requests. Instead, Mattel responded with hundreds of pages of confused and disjointed boilerplate objections, including the baseless contention that the Requests as a whole were somehow "duplicative" of the handful of requests propounded *not* by MGA, but by

Carter Bryant. MGA asked for clarification of these objections, but Mattel failed to provide any of the necessary clarifications, explanations and support required of such objections—just as it failed to specifically identify even *one* single Bryant request that previously sought the same materials now demanded by any specific MGA request. Mattel's refusal to produce responsive documents and provide support for its objections was both indefensible and discordant with the cooperative nature and objectives of modern discovery.

Mindful of Mattel's related repeated abuse of the discovery process through unnecessary and hastily filed motions to compel (and the Discovery Master's resulting admonitions for that abuse), MGA first tried to address Mattel's misfeasance and enforce its statutory right to the requested documents in a series of meet and confers over the course of several months. Implacable, Mattel remained uncooperative and unforthcoming—doing little more than nominally supplementing its responses to 48 of the 332 requests and providing a succession of empty promises "to take a look at" a few others—while simultaneously refusing to conduct the required responsiveness review needed for the majority of remaining requests and otherwise withholding entire categories of crucial documents. Mattel then made its position clear at yet another meet and confer on March 27, 2007, declaring that it views its production in this matter to be relatively complete. Such a position suggests, and indeed subsequent productions revealed, Mattel never intends to conduct the required additional review, supplementation and production.

Mattel's refusal to comply with its most basic discovery obligations is frivolous, bordering on the ridiculous. Its misconduct warrants the imposition, at a minimum, of monetary sanctions. Further, unless MGA immediately receives the requested documents and supplementation, it simply cannot prepare in time for trial and will be unduly prejudiced by Mattel's unconscionable gamesmanship. Accordingly, MGA seeks an order compelling Mattel to supplement its responses

MGA'S MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

(including confirmation it has no additional documents responsive to germane requests), withdraw its improper objections, and immediately produce all responsive documents that it has been withholding improperly for two years.

## II. BACKGROUND.

Each and every one of Mattel's claims and allegations against Bryant, a design consultant for MGA, emanates from Bryant's conception of a fashion doll that MGA ultimately developed into the hugely successful BRATZ product line.[1] Mattel claims Bryant "converted" its intellectual property in creating and developing the BRATZ product line with MGA; and that Bryant breached his employment agreement with—and special duties owed to—Mattel. As MGA's rights to its BRATZ dolls were directly implicated by Mattel's claims and requested relief, MGA intervened. Both Bryant and MGA deny Mattel's assertions and claims, and raise a number of defenses.

MGA then propounded its Requests, pursuant to Federal Rules of Civil Procedure 26(b) (1) and 34, for, *inter alia*: (a) documents relating to Bryant, his employment, the purported Mattel "property" allegedly misappropriated, and Mattel's decision to sue; (b) documents generally concerning the agreements Mattel alleges Bryant breached and the fiduciary duties of similarly situated Mattel employees; (c) MGA's BRATZ dolls—the very subject of the dispute between Mattel and Bryant, including comparisons to Mattel products and any evidence that Bryant created, developed or reduced the BRATZ idea to practice during the course of his Mattel employment; and (d) documents relating to specific allegations in Mattel's complaint—including the alleged damages. (Declaration of Kendall Burr ("Burr Decl."), Ex. 1.) The Requests seek facts and evidence bearing on essential

---

[1] While manifest in its complaint against Bryant, Mattel more plainly delineates this association between its allegations against Bryant and MGA's BRATZ dolls in its amended answer and counterclaims to MGA's complaint in the case originally captioned *MGA Entertainment, Inc. v. Mattel, Inc.*, 05-2727.

MGA'S MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

1    elements of Mattel's claims against Bryant and Bryant's corresponding defenses.

2    Mattel nonetheless refused to produce a single document responsive to any

3    request and instead raised a number of boilerplate or improper general and specific

4    objections. (Burr Decl., Ex. 2.) Over the course of two days in August 2006,

5    MGA challenged Mattel's refusal to produce even a single document and

6    demanded that Mattel clarify, explain and provide the required support for its

7    claimed objections (the "August meet and confers"). (Declaration of B. Jennifer

8    Glad ("Glad Decl.") ¶3.) Mattel ultimately agreed to supplement its responses,

9    produce documents in response to many requests and "revisit" its responses to

10   many others. (Glad Decl. ¶4, Ex. 1.) Five months later in January 2007, Mattel

11   finally provided supplemental responses (the "Supplemental Responses")—but did

12   so only as to 48 of the original 332 requests, and neither supplemented nor

13   produced documents responsive to many of the requests it previously promised to

14   supplement or "revisit." (Burr Decl., Ex. 3.) It was thus unclear whether Matter

15   actually intended to produce the documents promised during the August meet and

16   confers. MGA therefore requested yet another meet and confer in the abiding hope

17   of finally receiving the requested documents without the need for time-consuming,

18   expensive and otherwise unnecessary motions practice. (Burr Decl. ¶5, Ex. 4.)

19   At the March 27, 2007 meet and confer, Mattel now took the position that its

20   document production in this matter was relatively complete—and did so despite

21   having failed to even provide responses to a large number of non-duplicative,

22   relevant requests. (Burr Decl. ¶6.) Moreover, Mattel also now objected for the first

23   time to the Requests as somehow duplicative of other MGA—rather than Bryant—

24   requests, propounded November 22, 2006, in another consolidated case, originally

25   captioned *MGA Entertainment, Inc. v. Mattel, Inc.*, 05-2727 ("MGA's Affirmative

26   Case"). (Burr Decl. ¶7.) Mattel did not, however, even attempt to identify each

27   request it now thought was duplicative—let alone provide any bases for that belief.

28

MGA'S MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

1    Instead, Mattel offhandedly made passing reference to a few supposed "examples"

2    (without explanation or support)—and then demanded that MGA prove its requests

3    were notduplicative. (Burr Decl. ¶7.)  Although aware Mattel's demand effectively

4    inverted the entire discovery process so it would no longer be incumbent on Mattel

5    to prove the requests were duplicative before it could justify refusing to respond,

6    MGA nonetheless agreed to identify whether any of its Bryant Case requests were

7    duplicative of—or subsumed by—*any* other request in the *entire* consolidated case.[2]

8    (Burr Decl. ¶9.)  MGA subsequently conducted that review as demanded and again

9    identified all non-duplicative requests in a followup letter to Mattel on March 29,

10   2007.  (Burr Decl. ¶9, Ex. 5.)  Despite having made the now-answered demand,

11   Mattel nonetheless has never substantively responded to the resulting review,

12   identification and answer—nor withdrawn its baseless "duplicative" objections.

13   (Burr Decl. ¶9.)

14        Mattel also indicated at this last meet and confer that it would address the

15   necessary further review and supplementation by "taking another look at" a few

16   requests—and supposedly would do so despite having already reviewed these

17   relatively few requests twice before.  (Burr Decl. ¶8.)  In response, MGA first asked

18   Mattel to confirm whether it would supplement the responses it had agreed to

19   reconsider by March 30, 2007, (Burr Decl., Ex. 6), then later proposed extending

20   that deadline until April 10, 2007  (Burr Decl. ¶11).  Both dates passed, and Mattel

21   has yet to reconfirm its promise to supplement these particular responses without a

22   Court Order.  (Burr Decl. ¶11.)  Moreover, five months have passed since Mattel

23   provided its anemic Supplemental Responses and MGA has yet to receive the bulk

24   of responsive documents promised therein.  (Burr Decl., ¶4.)

25        Mattel thus has purposely and methodically thwarted MGA's statutory right

26   to discovery for more than two years.  And there is every indication Mattel will

27

28   [2] The focus of the meet and confer, however, remained document requests in the Bryant Case.

6

1  continue to obstruct MGA's discovery efforts going forward.  In light of the

2  impending discovery cut-off and trial in this matter, MGA simply cannot wait any

3  longer for these critical responsive documents while Mattel vacillates between

4  promises of "taking another look" and claims of complete compliance with its

5  discovery demands.  As such, MGA had no option but to file this motion to compel.

6
7  **III.   ARGUMENT.**

8      Federal Rule of Civil Procedure 26(b)(1) provides MGA with "the right to

9  discover non-privileged information 'relevant to the claim or defense of any

10  party.'" *See Goodrich Corp. v. Emhart Indus.*, 2005 U.S. Dist. LEXIS 25160, *10

11  (C. D. Cal. October 6, 2005).  "Relevance is broadly construed, and a request for

12  discovery should be considered relevant if there is any possibility that the

13  information sought may be relevant to the claim or defense of any party." *Id.*

14  Moreover, a discovery request need only "appear[] reasonably calculated to lead to

15  the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  It is indisputable

16  that MGA requested legitimate discovery relevant to Mattel's claims and the

17  defenses thereto.  To nonetheless resist that discovery, Mattel "has the burden to

18  show that discovery should not be allowed, *and* has the burden of clarifying,

19  explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179

20  F.R.D. 281, 283 (C.D. Cal. 1998) (emphasis added).  Mattel never even attempted

21  to meet its burdens—because it cannot—and thus should be compelled to

22  supplement its responses and produce responsive documents.

23      **A.   Boilerplate Objections and Unsupported Claims that Requests Are**
        **Duplicative Do Not Abrogate Mattel's Discovery Obligations.**

24
25      To meet its burden of overcoming MGA's statutory right to discovery, Mattel

26  had to clarify, explain and support it objections. *Oakes*, 179 F.R.D. at 283.

27  Instead, Mattel propounded an array of boilerplate objections to every single

28  request for production, including broad relevancy objections, objections of

7

"overbroad and unduly burdensome," "vague and ambiguous" and/or "duplicative" and otherwise failed to state, in connection with any specific request, that it would produce responsive documents. (*See* Burr Decl., Ex. 2.)  Such an arrogant attempt to circumvent clear discovery obligations should not be countenanced—for if permitted, they render those obligations meaningless and dependant upon nothing more than a party's caprice.  After all, MGA is statutorily entitled to know with certainty "the requests for which [Mattel] is producing documents, the requests for which [Mattel] is withholding documents and on what basis, and the requests for which it has no responsive documents." *E&J Gallo Winery v. Cantine Rallo, S.p.A.*, 2006 U.S. Dist. LEXIS 42069, *4-5 (E. D. Cal. June 13, 2006).  And Mattel's responses in no measure provide that information.

Courts have long held that the general, boilerplate objections—especially when submitted without evidentiary declarations, argument or other appropriate support—are simply improper.  *See e.g. A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (boilerplate objections—including broad relevancy objections, objections of overly burdensome and harassing, etc.—improper without more); *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 513 (N.D. Iowa 2000) ("The first objection asserted [to the document request] is that it is oppressive, burdensome and harassing.  Plaintiffs assert these objections, however, without explaining, much less substantiating, how CFC's request is oppressive, burdensome and harassing.").  Yet, that is precisely what Mattel here attempts.  For example, Mattel contends the Requests are "unduly burdensome and oppressive" in seeking "all" documents that evidence, refer or relate to a given topic, but does so without providing a single, specific reason as to how or why any given request is so burdensome.  (*See e.g.* Mattel's Resp. to MGA's Req. No. 1.)  Mattel similarly objects repeatedly to various defined terms as "vague and ambiguous"—*e.g.*, "Mattel further objects to this Request [No. 1] on

the grounds that the term "Bratz Intellectual Property" is vague and ambiguous."—
but does so without any explanation or reasoning. (*See e.g. id.*) Devoid of any
argument or support, such baseless objections cannot provide the necessary bases
for Mattel's refusal to produce documents.

Additionally, Mattel must supplement its responses to provide MGA with the
information necessary to understand exactly what documents exist and do not exist,
have been produced or otherwise will not be produced. *See e.g. E&J Gallo*, 2006
U.S. Dist. LEXIS 42069 at *4-5 (E. D. Cal. June 13, 2006). The present responses
make that impossible. And MGA's flaccid supplementation of 48 of the 332
responses is of little significance, because the vast majority of Mattel's responses
still do not allow for any meaningful evaluation. Moreover, Mattel has yet to honor
its previous representation that it would produce documents responsive to certain of
these requests or "revisit" its responses; responsive documents were not provided
and the Supplemental Responses failed to supplement many of those requests.
MGA is thus without any means at present to ascertain the state of Mattel's
discovery compliance and will remain stymied as to any such assessment unless
Mattel properly supplements its deficient responses.

Besides these boilerplate objections, Mattel additionally refused to respond
or otherwise produce responsive documents based upon its unsupported contention
that the Requests are somehow "duplicative" of requests previously propounded by
Bryant. Mattel, however, failed to identify a single previously-propounded Bryant
request on which to base its original "duplicative" objection and outright refusal to
"re-produce" responsive documents. Then, in the meet-and-confer process, Mattel
suddenly argued the Requests are somehow "duplicative" of subsequent requests
MGA propounded in MGA's Affirmative Case. Mattel, however, again failed to
adequately identify those specific requests it belatedly claimed were "duplicative"
of unspecified later requests propounded in MGA's Affirmative Case—despite

MGA'S MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

having delayed until the most recent meet and confer before even providing this latest supposed bases, nearly three months after providing its Supplemental Responses without any such objections. Mattel's failure to ever provide any actual bases for his "duplicative" claims—*i.e.*, a rundown of each specific request claimed to be "duplicative" and each corresponding request supposedly duplicated— renders these objections as meaningless and ineffectual as any other impermissible boilerplate.[3] *See FDIC v. Garner*, 126 F.3d 1138, 1146 (9th Cir. 1997) (affirming enforcement of subpoenas when appellants failed to provide "specific information" supporting claims requests were duplicative); *Alexander v. FBI*, 194 F.R.D. 299, 302 (D.D.C. 2000) (failure to specify previously produce items constitutes failure to meet burden of substantiating objection that requests were duplicative).

In view of the foregoing, Mattel should be compelled to further supplement its responses and produce documents responsive to MGA's Requests, as more thoroughly outlined below.

      **1.**    **Mattel must supplement and provide documents in response to MGA's requests concerning Bryant; Bryant's employment; and Mattel's decision to sue Bryant.**

            **a.**    **Requests Nos. 172-174, 188 and 190 seek documents relating to Mattel's decision to sue Bryant and the timing thereof, any Mattel decision *not* to sue Bryant, and any Mattel decision as to the litigation against MGA or involving BRATZ.**

The discovery MGA seeks in connection with these requests—namely, non-privileged documents in Mattel's possession concerning its decision to file suit—will tend to show Mattel's knowledge of Bryant's relationship with MGA and the

---

[3] Rather than provide the required specific bases for its "duplicative" objections, Mattel instead engaged in unwarranted and unnecessarily costly gamesmanship. After continually changing the supposed bases for its objections and tellingly failing to even include the changed-bases in its Supplemental Responses, Mattel then demanded that MGA prove its Request were not "duplicative" when the burden of proof clearly rested with Mattel. See, e.g., Oakes, 179 F.R.D. at 283. Then, when MGA did so and provided the demanded analysis on March 29, 2007, Mattel not only refused to respond, but also failed to withdraw its now clearly baseless objections.

                                       MGA'S MOTION TO COMPEL
                                       CV 04-09049 SGL (RNBX)

timing thereof. Thus, at the very least, these documents are relevant to Bryant's and MGA's defenses based on statute of limitations, laches, and waiver—and also are relevant to mitigation of damages.[4]  And there can be no doubt that MGA is entitled to discovery tending to support its defenses.

Mattel nonetheless improperly refused to produce any documents responsive to these requests based on an array of improper boilerplate objections including broad relevancy objections, and, with respect to Request Nos. 172 and 188, an objection that they are "duplicative." (Burr Decl., Ex. 2.)  Moreover, at the August meet and confers, Mattel indicated it would produce documents responsive to Request Nos. 172-174 and 188. (Glad Decl., Ex. 2.)  To date, however, Mattel has neither produced documents nor supplemented its responses to these requests. (Burr Decl. ¶12.)  And although MGA indicated in its letter of March 20, 2007, that it continued to demand discovery in response to these requests, Mattel additionally failed to confirm in any subsequent correspondence or discussion with MGA that it would produce the previously promised documents. (Burr Decl., Ex. 4.)  Mattel has thus far failed to withdraw its original "duplicative" objections or provide any valid basis for its continued refusal to respond to these requests.  It therefore is unclear to MGA whether Mattel intends to produce documents responsive to these requests; once again refuses to produce such documents based upon its original boilerplate objections; or otherwise intends to assert yet another supposed basis for its "duplicative" objections.

As MGA's requests are appropriate and Mattel provided no adequate bases for refusing to respond to them, Mattel should be compelled to supplement its responses, withdraw its improper objections, and produce documents responsive to these requests..

---

[4] Requests Nos. 185, 191-195, 220-223, and 252-253, all of which similarly relate to MGA's defense that Mattel unreasonably delayed in bringing this litigation, will be addressed in a separate motion to compel.

MGA'S MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

b.   **Requests Nos. 180-183 and 258 seek documents
pertaining to Bryant's work at Mattel, *e.g.*, the terms
of his employment, job duties and responsibilities; his
work at Mattel, including the projects he worked on,
days and hours worked, with time and data entries;
phone records; and vacation and absence records.**

The discovery MGA seeks in connection with these requests is relevant to the
nature and scope of Bryant's employment and therefore may support or refute
Mattel's claims that Bryant owed any duties to Mattel.  Furthermore, these requests
seek evidence tending to support or refute Mattel's claims that, during the course of
his employment with Mattel, Bryant (1) had access to certain of Mattel's
intellectual property that Mattel claims was the basis for BRATZ or (2) otherwise
converted, used, sold, assigned or transferred property that Mattel claims that it
owns.  As these documents pertain to Mattel's stated claims against Bryant, they
are relevant and must be produced.

Mattel nonetheless improperly refused to produce any documents responsive
to these requests based on the same array of improper objections, including
relevancy and "duplicative" claims. (Burr Decl., Ex. 2.)  Although Mattel refused
to respond to these requests and has never supplemented, it did produce Bryant's
personnel file, telephone records through September 2000 and some additional
responsive documents. (Burr Decl. ¶14.)  Mattel, however, clearly has not
produced all responsive documents, such as phone records from October 2000,
when Bryant still worked at Mattel. (Burr Decl. ¶14.)  And whether any other such
responsive documents are being withheld or otherwise do not exist is impossible to
ascertain in light of Mattel's inadequate responses.

As MGA's requests are appropriate and Mattel provided no adequate bases
for refusing to respond to them, Mattel should be compelled to supplement its
responses, withdraw its improper objections, and produce documents responsive to
these requests..

MGA'S MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

1  
2  
3  

      c.    **Requests Nos. 186-187, 260 seek documents relating to Bryant's involvement with work on BRATZ or for MGA; and relating to any activities of Bryant other than his work for Mattel.**

4      As the requested documents pertain to Mattel's stated claims against Bryant

5 and Bryant's defenses thereto, they are relevant and must be produced. Yet, Mattel

6 improperly refused to produce any documents responsive to these requests based on

7 the same array of improper boilerplate objections, including broad relevancy and

8 "duplicative" claims. (Burr Decl., Ex. 2.) Although Mattel has never supplemented

9 its responses to these requests, it has produced several documents that appear to be

10 responsive. (Burr Decl. ¶13.) Therefore, it is unclear whether Mattel is

11 withholding any additional responsive documents based on its baseless boilerplate

12 objections, is raising some new "duplicative" claims in connection with these

13 requests, or simply has no further responsive documents.

14      In light of the foregoing, Mattel's objections should be overruled and Mattel

15 should be compelled to supplement its responses and produce any remaining

16 documents responsive to these requests.

17  
18  

      d.    **Requests Nos. 270-271 seek documents in Mattel's possession that were exchanged between Bryant and Anne Wang, and between Bryant and MGA.**

19  

20      Documents in Mattel's possession that were exchanged between Bryant and

21 Anne Wang, his attorney during his early negotiations with MGA, or exchanged

22 between Bryant and MGA at that time, are likely to lead to admissible evidence

23 relating to Mattel's knowledge of Bryant's dealings with MGA and the timing

24 thereof. At the very least, such discovery is relevant to Bryant's defenses based on

25 statute of limitations, laches, and waiver—and to mitigation of damages.

26      Nonetheless, Mattel again improperly refused to produce any documents

27 responsive to these requests based on the same improper boilerplate objections,

28 including relevancy and "overbroad and unduly burdensome" —and the equally

**MGA'S MOTION TO COMPEL**  
**CV 04-09049 SGL (RNBX)**

unfounded "duplicative" claim with respect to Request No. 271. (Burr Decl., Ex. 2.) In response to the "overbreadth" objection, MGA offered to limit the time frame of the requests to the period of Bryant's employment at Mattel. (Glad Decl., Ex. 1.) Despite agreeing at the August meet and confers that it would produce documents responsive to these requests (Glad Decl., Ex. 2), Mattel neither produced documents nor supplemented its responses. (Burr Decl. ¶12.) And although MGA indicated in its letter of March 20, 2007, that it continued to pursue the discovery responsive to these requests, Mattel failed to confirm in any subsequent correspondence or discussion with MGA that it would produce any such documents. (Burr Decl., Ex. 4.) Moreover, Mattel thus far has failed to withdraw its original "duplicative" objections or provide any justifiable basis for its continued refusal to respond. It therefore is again unclear whether Mattel intends to produce responsive documents; again relies upon its original boilerplate objections; or has new "duplicative" claims as the basis for not responding.

In view of the foregoing, Mattel should be compelled to supplement its responses, withdraw its improper objections, and produce responsive documents.

       e.    **Requests Nos. 224-249 seek communications and documents referring to communications with various specified individuals concerning BRATZ, Bryant's work for MGA, or relating to this litigation, the facts and circumstances giving rise to it, or Bryant's alleged misconduct.**

These requests seek documents relevant to Mattel's claims that Bryant converted, used, sold, assigned or transferred property that Mattel supposedly owns. Such documents would include non-privileged communications with Anna Rhee, an independent contractor who painted the original BRATZ faces, Margaret Leahy, an independent contractor who prepared the original sculpts for BRATZ, and Ms. Leahy's husband, concerning the BRATZ concept and dolls, Bryant's work for MGA and Bryant's alleged misconduct—as well as any non-privileged documents relating to this litigation. Any such document would additionally be highly relevant

to Bryant's defenses based on statute of limitations, laches, and waiver in that they may tend to show Mattel's "knowledge" of Bryant's relationship with MGA or of BRATZ and the timing of any such "knowledge."

Yet, Mattel refused to produce documents responsive to these requests based on the same unsupportable and meritless objections, including relevancy and "duplicative" for requests Nos. 224-227 and 230-233. (Burr Decl., Ex. 2.) As MGA's requests are relevant and appropriate, and Mattel has no valid basis for refusing to respond, Mattel should be compelled to supplement its responses, withdraw its improper objections, and produce responsive documents.

        f.    **Request No. 268 seeks hard drives and backup data for all computers used by Bryant while employed by Mattel.**

Mattel refuses to produce items responsive to this request based on the same boilerplate objections, including relevancy and "duplicative" claims. (Burr Decl., Ex. 2.) Mattel also claims concern about access to trade secrets—although MGA offered to have the hard drives and back up tapes examined by an independent forensic data retrieval company. (Glad Decl., Ex. 1.) Mattel disregarded this solution and continues to refuse to respond to this request or provide the demanded items. (Burr Decl. ¶12.)

Yet, Mattel claims Bryant breached his obligations to Mattel by virtue of allegedly working on BRATZ prior to terminating his employment at Mattel, and, therefore, evidence of his work for Mattel and the amount of time he spent on that work—regardless of its subject matter—is relevant to show Bryant met his obligations to Mattel. And hard drives and back up data are valid forms of discovery, particularly when corporate materials generally are stored, and may be periodically purged from, computer systems. *See e.g, Communications Center, Inc. v. Hewitt*, 2005 U.S. Dist. LEXIS 10891 (E.D. Cal., Apr. 5, 2005) (defendants ordered to provide compact disc containing mirror images of any hard drives of

computers in defendants' possession); *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050, 1053-54 (S.D. Cal. 1999) (granting request that hard drive be imaged in order to recover deleted emails); *Balboa Threadworks, Inc. v. Stucky*, 2006 U.S. Dist. LEXIS 29265 (D. Kan., Mar. 24, 2006) (granting request for access to mirror image of hard drive). Indeed, Mattel's own efforts to obtain all of the hard drives of Bryant's post-Mattel computers undermines any argument that the hard drive(s) Bryant used while at Mattel are not potentially critical sources of information.

In light of MGA right to discovery tending to support or refute Mattel's claims concerning Bryant's employment with Mattel, and Mattel's failure to provide supportable objections, Mattel should be compelled to supplement its response, withdraw its improper objections, and produce these items.

    **2.**    **Mattel must supplement and provide documents in response to MGA's requests concerning the agreements that Mattel alleges were breached by Bryant and the fiduciary duties of persons employed by Mattel in the same or similar capacity as Bryant.**

        **a.**    **Requests Nos. 281-282 and 284-285 seek documents from 1997 to the present relating to Mattel's form "Employee Confidential Information and Inventions Agreement" and "Conflict of Interest Questionnaire," and negotiations with any employee or prospective employee concerning those agreements.**

The "Employee Confidential Information and Inventions Agreement" and "Conflict of Interest Questionnaire," and Bryant's purported breach thereof, are central to this case. After all, Mattel contends Bryant breached the "Employee Confidential Information and Inventions Agreement" and "Conflict of Interest Questionnaire." Bryant counters that he did not breach any agreement and, further, that the agreements are unenforceable as a contract of adhesion, unconscionable

1  and violative of California law. The manner in which Mattel negotiates, interprets,

2  enforces and applies the terms of the aforementioned contracts is thus highly

3  relevant to Mattel's claims and Bryant's defenses. As such, MGA is entitled to

4  discovery tending to support or refute both Mattel's and Bryant's contentions with

5  respect to these agreements. Changes to those agreements over time, particularly at

6  or after the commencement of this lawsuit, are also relevant to Bryant's defenses, as

7  they likely show that the agreement Bryant signed is not only incomprehensible but

8  insufficient to obtain the relief Mattel seeks.

9      Although Mattel produced several forms actually signed by Bryant and Paula

10  Treantafelles, it nonetheless has otherwise refused to produce other items

11  responsive to these requests based on improper boilerplate objections, including

12  relevancy and "overbroad and unduly burdensome"—as well as "duplicative"

13  claims as to requests Nos. 282 and 284. (Burr Decl., Ex. 2.) And although Mattel

14  agreed during the August meet and confers to review its responses to these requests

15  in light of MGA's offer to significantly limit their scope, to date Mattel has not

16  produced additional responsive documents nor supplemented its responses in any

17  way. (Glad Decl., Ex. 2.)

18      In view of the foregoing, Mattel should be compelled to supplement its

19  responses, withdraw its improper objections, and produce responsive documents.

20

21          b.    **Requests Nos. 262-267 seek documents created after**

22          **January 4, 1999, concerning the activities of any**
          **Mattel employee in connection with the creation of any**

23          **property, doll or toy for anyone other than Mattel;**
          **Mattel's employment policies/contracts governing the**

24          **extent to which part-time or temporary employees**
          **may work for himself or other companies while also**

25          **employed by Mattel.**

26

27      In 1998, Bryant worked for Mattel on a part-time basis. Mattel's

28  employment policies concerning part-time and temporary employees (and

MGA'S MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

restrictions on their abilities to work elsewhere while employed by Mattel) are thus probative of Mattel's contentions that its employees may not work for others while employed by Mattel and relevant to its breach of contract claims against Bryant. Moreover, such documents also are relevant to Bryant's defenses in this case, including, for example, waiver and interpretation of the agreement under which Mattel ostensibly filed its contract-based claim.

Mattel refused to produce documents responsive to these requests based on improper boilerplate objections, including relevancy and "duplicative" claims. (Burr Decl., Ex. 2.) Several responsive documents nonetheless were produced, although Mattel never supplemented its responses. (Burr Decl. ¶13.) It therefore is unclear whether Mattel intends to produce additional documents responsive to these requests; now relies on its original boilerplate objections to withhold additional responsive documents; or otherwise intends to present new "duplicative" claims. Mattel therefore should be compelled to supplement its responses, withdraw its improper objections, and produce any additional responsive documents.

> 3.     **Mattel must supplement and provide documents in response to MGA's requests concerning the BRATZ and the purported Mattel property that forms the basis of its claims.**
>
>   a.   **Document Requests Nos. , 259, 261 and 269 seek documents concerning BRATZ including any documents relating to the similarities or differences between BRATZ and any Mattel property or any property created by a Mattel employee that it contends served as a source or origin for any BRATZ concept or product.**

Mattel refused to produce documents responsive to these requests based on the same array of improper boilerplate objections, including relevancy and "overbroad and unduly burdensome"—as well as "duplicative" claims. (Burr Decl., Ex. 2.) In response to Mattel's "overbreadth" objections, MGA limited its

1  requests when possible, and otherwise explained why it could not do so. (Glad

2  Decl., Ex. 1.) Mattel, nevertheless, has thus far continued to object to providing

3  any response to these Requests. But as more fully above, this discovery is directly

4  relevant to Mattel's claims that Bryant converted, used, sold, assigned or

5  transferred property that Mattel claims it owns; damages and causation; and

6  Bryant's defenses, including those based on statutes of limitations, laches, waiver,

7  and unclean hands. As these documents pertain to Mattel's stated claims against

8  Bryant and Bryant's defenses, and Mattel has provided no cognizable bases for

9  withholding them, it should be compelled to produced documents to the extent it

10  has not already done so. If no additional documents exist, Mattel should be

11  required to confirm it has no more responsive documents.

12

13        b.    **Document Requests Nos. 44-46 seek documents**

14             **discussing or mentioning Isaac Larian, Paula**

15             **Treantafelles, or Mercedeh Ward, authored between June 2000 and October 2001 that concern, support or refute Mattel's contentions in this litigation.**

16      The documents requested are clearly relevant and limited in scope. MGA

17  requested only documents that discuss or mention certain individuals, *e.g.*, Larian—

18  the President and CEO of MGA, Treantafelles—a former Mattel employee who

19  went to work for MGA and later helped develop the BRATZ line, and Ward—

20  another former Mattel employee who worked for MGA on the BRATZ line. MGA

21  also only requested such documents authored during a very specific time frame, and

22  further limited these requests to only those documents concerning Mattel's

23  contentions in this litigation. Any such documents discussing or mentioning these

24  individuals during the specified time period are at the very least relevant to MGA's

25  statute of limitations and laches defenses.

26      Mattel nonetheless refused to produce any such responsive documents based

27  on the same array of improper boilerplate objections, including relevancy

28

objections and "overbroad and unduly burdensome"—and the same equally improper "duplicative" claims. (Burr Decl., Ex. 2.) In response to Mattel's "overbreadth" objections, MGA had already limited these requests to documents that "concern, support or refute Mattel's contentions in this litigation" and made clear it was not seeking other documents related to Treantafelles' or Ward's employment. (Glad Decl., Ex. 1.) Thereafter, at the August 11 meet and confer, Mattel agreed it would produce responsive documents. (Glad Decl., Ex. 2.) Regardless, Mattel has neither produced documents nor supplemented its responses to these requests, despite MGA indication in its letter of March 20, 2007, that it continued to pursue this responsive discovery. (Burr Decl., Ex. 4 and ¶12.) Mattel also has thus far failed to withdraw its original "duplicative" objection or provide any other basis for its continued refusal to respond. It therefore is unclear whether Mattel intends to produce responsive documents; stands by its original boilerplate objections; or is raising a new "duplicative" claim in connection with these requests.

In view of the foregoing, Mattel should be compelled to supplement its responses and provide documents responsive to these requests.

<blockquote>
4. <strong>Mattel must supplement and provide documents in response to MGA's requests concerning specific allegations set forth in its complaint, and demands for related documents.</strong>

a. <strong>Requests Nos. 296, 302-303, 306-307, and 329-330 seek documents supporting, refuting or evidencing specific allegations set forth in Mattel's complaint.</strong>
</blockquote>

Mattel refused to produce responsive documents based on the same improper boilerplate objections, including "duplicative" claims. (Burr Decl., Ex. 2.) In addition, Mattel objected to these requests as they relate to matters known to the defendants in this action but "not known to Mattel." This objection is completely incomprehensible. Mattel must know the property to which its own complaint

referred—the alleged "conversion" of which forms the basis of Mattel's action against Bryant. At the August meet and confers, Mattel thus agreed to produce responsive documents. (Glad Decl., Ex. 2.) Although Mattel then selectively produced some such responsive documents, it does not appear to have produced all such documents, nor has Mattel supplemented its responses. (Burr Decl. ¶13.) It is unclear, therefore, whether Mattel is withholding any additional responsive documents based on its original boilerplate objections or some new "duplicative" claim. Mattel thus should be compelled to supplement its responses, withdraw its improper objections, and produce all documents responsive to these requests. In the alternative, Mattel should be compelled to confirm it conducted a diligent search but found no additional responsive documents

MGA also seeks documents related to (a) Mattel's claims that the Employment Agreement and Conflict questionnaire are "valid, enforceable contracts"; (b) Mattel's allegations of damages and harm; and (c) Mattel's allegation that Bryant "used and diverted" Mattel resources and opportunities;— as well as (d) documents depicting the "intellectual property owned by Mattel" and relating to ownership of that property. These subjects are also directly relevant to Mattel's contentions in this litigation. Mattel therefore should also be compelled to supplement its responses, withdraw its improper objections, and produce all documents responsive to these requests—or otherwise confirm it has conducted a diligent search but found no additional responsive documents.

> b. **Request Nos. 309, 311, 313, 315, 317, 320, and 323 seek documents evidencing whether persons that are or were employed by Mattel in the same or similar capacity as Bryant are or were subject to the same duties and responsibilities that Bryant was allegedly subject to, as alleged in Mattel's complaint.**

Mattel refused to produce documents responsive to these requests based on the same array of improper boilerplate objections, including relevancy and

"duplicative" claims. (Burr Decl., Ex. 2.) At the August meet and confers, Mattel agreed it would produce documents responsive to these requests. (Glad Decl., Ex. 2.) To date, Mattel neither has produced documents nor supplemented its responses to these requests. (Burr Decl. ¶12.) And in MGA's meet and confer request of March 20, 2007, MGA advised Mattel that it continued to pursue discovery in response to these requests. (Burr Decl., Ex. 4.) Mattel nevertheless has thus far failed to confirm it would produce documents responsive to these requests in accordance with its previous agreement, or substantiate the basis for continuing to withhold any such documents. (Burr Decl. ¶12.) It therefore is unclear whether Mattel intends to produce documents responsive to these requests; again relies on its original boilerplate objections; or is raising a new "duplicative" objection in connection with these requests.

MGA continues to seek these documents in light of Mattel's allegation that Bryant "held a position of trust" at Mattel, "had access to and was entrusted with Mattel's proprietary and confidential information, supervised the work of others, exercised discretion and worked independently many of his job assignments and duties," and "represented Mattel in its dealings with third parties." (Complaint ¶ 22.) In addition to other requests seeking evidence that Bryant himself in fact had each of these duties and responsibilities, MGA propounded these requests in order to obtain the same types of information concerning persons employed by Mattel in the same or similar capacity as Bryant. Such documents are likely to lead to admissible evidence relating to whether Mattel ordinarily views employees in Bryant's position as "fiduciaries," and, in fact, would likely refute Mattel's claim that Bryant owed Mattel a "fiduciary" duty. As such, MGA's requests are relevant and appropriate, and Mattel has no valid basis for refusing to respond thereto. Mattel thus should be compelled to supplement its responses, withdraw its improper objections, and produce documents responsive to these requests.

## IV.   MATTEL SHOULD BE SANCTIONED.

Under the Federal Rules, a party bringing a motion to compel is entitled to the "reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response or objection was substantially justified . . . ." Fed. R. Civ. P. 37(a)(4). The party being sanctioned has the burden of establishing substantial justification. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). Independently, sanctions may be imposed pursuant to 28 U.S.C. §1927 when a party "unreasonably and vexatiously" multiplies the proceedings.

Sanctions are appropriate here. Mattel does not have any legitimate basis for its repeated failure to produce clearly responsive documents on matters central to the claims in the matter. Mattel asserted a variety of general and specific objections that have no basis in law or fact, and did so without any support at all. Moreover, Mattel continuously shifts its basis for withholding certain documents, making it virtually impossible for MGA to resolve discovery disputes with Mattel—even with extensive efforts to meet and confer. MGA made every effort to resolve the discovery issues with Mattel, but Mattel had no interest in doing so. As such, Mattel and its counsel should be sanctioned for the fees and costs MGA expended as a result of Mattel's evasions in connection with its document production. MGA requests Mattel be ordered to pay $4,700.00 as partial reimbursement of the fees and costs MGA incurred making this motion. (Burr Decl. ¶22.)

## V.   CONCLUSION

WHEREFORE, for the foregoing reasons, MGA respectfully requests that the Court order Mattel to supplement its document responses, produce its documents, and provide MGA such further relief as may be appropriate.


Dated:  July 3, 2007                    O'MELVENY & MYERS LLP


                                        By:  Michael C. Keats
                                        Attorneys for MGA Entertainment, Inc.