QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>        vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND COMPEL CARTER BRYANT AND CARLOS GUSTAVO MACHADO GOMEZ TO PROVIDE PRESERVATION AFFIDAVITS, AND FOR SANCTIONS<br><br>Hearing Date:    January 7, 2008<br>Time:            10:00 a.m.<br>Place:           Courtroom 1<br><br>**Phase 1**<br>Discovery Cut-off:     January 28, 2008<br>Pre-trial Conference:  May 5, 2008<br>Trial Date:            May 27, 2008 |

07209/2337387.1

SUPPLEMENTAL PROCTOR DECLARATION ISO MATTEL'S MOTION TO ENFORCE

I, B. Dylan Proctor, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. Attached as Exhibit 1 is a true and correct copy of a letter sent to me by Alexander H. Cote, dated November 27, 2007, attaching a declaration by Carlos Gustavo Machado Gomez.

3. Attached as Exhibit 2 is a true and correct copy of a response letter dated November 28, 2007 I sent to Mr. Cote.

4. On December 11, 2007, my colleague James J. Webster and I spoke with Mr. Cote by telephone and explained to him why Mattel considered the declaration he provided to be inadequate. In particular, we noted that the declaration was completely silent as to whether Mr. Machado took any efforts to avoid the destruction of responsive documents. Similarly, Mr. Machado's statement that he did not knowingly destroy evidence after he was named as a defendant left open the possibilities that he had done so before being named as a defendant, or had destroyed evidence after being a defendant, albeit not "knowingly."

5. During this call, we asked if Mr. Machado would supplement his declaration. Mr. Cote said that Mr. Machado would consider doing so, but in the following days notified Mattel that he would not do so.

6. Attached as Exhibit 3 is a true and correct copy of Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counterclaims, Public Redacted Version (without exhibits).

7. Machado asserted his Fifth Amendment rights as a basis not to respond to document requests in his Objections to Mattel, Inc.'s First Set of Requests for Documents and Things, dated October 15, 2007.

07209/2337387.1

-1-
SUPPLEMENTAL PROCTOR DECLARATION ISO MATTEL'S MOTION TO ENFORCE

8. Attached as Exhibit 4 is a true and correct copy of the Supplemental Declaration of Daphne Gronich in Response to Court's Request for Information Regarding Document Preservation, dated December 5, 2007.

9. Attached as Exhibit 5 is a true and correct copy of the Memorandum of Points and Authorities of Mattel, Inc. in Opposition to Motion of MGA Entertainment, Inc. and Carter Bryant for Terminating Sanctions, dated August 13, 2007.

10. Attached as Exhibit 6 is a true and correct copy of MGA Entertainment, Inc.'s Notice of Motion for Terminating Sanctions Against Mattel, Inc. Due to Spoliation Of Evidence; and [Proposed] Order, dated July 24, 2007.

11. MGA Entertainment, Inc., intervened in Mattel's suit against Carter Bryant on December 3, 2004.  Mattel gave notice to MGA that it intended to amend to allege theft of trade secrets in a letter dated October 31, 2006.  Attached as Exhibit 7 is a true and correct copy of that letter.

12. In follow-up correspondence dated November 9, 2006, Mattel clarified that it intended to bring suit against MGAE de Mexico S.R.L. de C.V. specifically for theft of trade secrets.  Attached as Exhibit 8 is a true and correct copy of that follow-up letter.

13. On November 16, 2006, Mattel sent MGA a draft of its amended complaint, which outlined its allegations that MGA had stolen valuable Mattel proprietary information through Machado.  Attached as Exhibit 9 is a true and correct copy of that e-mail.

14. Mattel's motion to file an amended complaint was granted, and the amended complaint went into effect, by this Court's Order on January 11, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of December, 2007, at Los Angeles, California.

/s/ B. Dylan Proctor
B. Dylan Proctor