QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>MATTEL, INC.'S REPLY IN SUPPORT OF MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND COMPEL CARTER BRYANT TO PROVIDE PRESERVATION AFFIDAVIT, AND FOR SANCTIONS<br><br>Date:    January 7, 2008<br>Time:   10:00 a.m.<br>Place:   Courtroom 1<br><br>**Phase 1**<br>Discovery Cut-Off:      January 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:                    May 27, 2008 |

**Preliminary Statement**

Bryant makes one basic argument: that the Court's Order requiring all parties to comply was a "misstatement." Bryant claims that although the Order states it applies to "all parties," it should not apply to him because at the hearing on August 27, 2007 preceding the Order, the Court did not expressly state that Bryant would have to provide a declaration regarding preservation of evidence.

First, the Order which was issued after the hearing is plain on its face and makes no exception for any party. Nor did Bryant ever seek clarification from the Court as to whether he was to comply; instead, Bryant chose to simply disregard an Order which by its express terms applies to him, as is undisputed. Bryant left Mattel with no choice but to file this motion.

Second, to the extent the context of the August 27, 2007 hearing is relevant in interpreting the Order, Bryant's claim in the Opposition that it should not apply to him because he was given no opportunity to be heard -- and because "*[n]othing* in the briefing, the argument before the Court, or this Court's Order had anything whatsoever to do with Carter Bryant"[1] -- is incorrect. The hearing that led to the Order was on ***Bryant's own motion*** for terminating sanctions against Mattel. The subject of the motion was the preservation of evidence. As set forth in the moving papers, Bryant's own failure to preserve evidence was at issue. Indeed, Bryant's failure to preserve evidence was noted in Mattel's Opposition as part of its unclean hands defense, and this defense was discussed at the hearing on August 27, 2007.

In sum, the notion that the Order can be disregarded as to Bryant because his own preservation of evidence was not at issue at the hearing or in the

---

[1] Opp. at 1 (italics in original).

pertinent briefing is simply incorrect.  Mattel respectfully submits that Bryant should again be ordered to provide a compliant declaration.

## Argument

### I. THE OPPOSITION ADMITS THAT THE ORDER AS WRITTEN APPLIES TO ALL PARTIES, YET BRYANT HAS FAILED TO SEEK ANY RELIEF OR CLARIFICATION OF HIS OBLIGATIONS FROM THE COURT

In the moving papers, Mattel showed that it and the MGA defendants had complied with the Court's Order.[2]  Since then, on November 27, 2007 Machado has also purported to comply by providing a declaration regarding his efforts to preserve evidence.  Counsel for MGA submitted a supplemental declaration clarifying that her September 10, 2007 declaration stated the preservation efforts of MGA Entertainment (HK) Limited and MGAE de Mexico S.R.L. de C.V. as well as MGA.[3]  Thus, even though all other parties view themselves as bound, Bryant continues to insist that despite the Court's Order—stating that all parties must comply—he is immune.  Yet, Bryant does not and cannot dispute that as a party to this action the Order, as written, applies to him as well.

The Opposition instead claims that the Court's clear Order is really a "misstatement."  (Bryant Opposition at 3).  Although Bryant now takes this position over one hundred days after the deadline for complying on September 10, 2007, he

---

[2] As set forth in the moving papers, the Court's Order unequivocally required the parties to "set forth, in affidavit form, their preservation efforts and policies with respect to the present litigation on or before September 10, 2007."  Order dated August 27, 2007 ("Order"), attached as Exhibit 1 to the Declaration of B. Dylan Proctor dated November 26, 2007.

[3] Supplemental Declaration of Daphne Gronich in Response to Court's Request for Information Regarding Document Preservation, dated December 5, 2007, attached as Exhibit 4 to the concurrently filed Supplemental Declaration of B. Dylan Proctor ("Supp. Proctor Dec.").

does not attempt even to offer an explanation as to why he did not seek any clarification from the court—by motion, *ex parte* application, or otherwise—to determine if in fact the Court's Order was so "misstated." Mattel submits that a litigant who contends that an order was made in error is not privileged to disregard it as if it were never made, but instead must seek clarification or other relief from the Court in an appropriate and timely manner. See, e.g. Commodity Futures Trading Com'n v. Co Petro Marketing Group, Inc., 700 F.2d 1279, 1285 (9th Cir. 1983) (stating that parties have a "duty to inquire as to the exact terms" of district court decisions); Chapman v. Pacific Tel. and Tel. Co., 613 F.2d 193, 197 (9th Cir. 1979) ("An attorney who believes a court order is erroneous is not relieved of the duty to obey it."); Syfu v. Cooke, 2003 WL 21938898, *2 (C.D. Cal. 2003) (rejecting argument that order was unclear where party never sought clarification of that order).

        The Opposition seeks to support Bryant's "misstatement" argument by selectively quoting from the lengthy August 27, 2007 hearing transcript, citing instances of where the evidence preservation issues were focused on Mattel and MGA. (Bryant Opposition at 1-3). In doing so, the Opposition omits any reference to the Court's consideration of the issue of Defendants' efforts to preserve evidence.[4] Had Bryant sought clarification of the Order, there is and was ample reason for the Court to order that Bryant be included as a party required to provide detailed information regarding his efforts to preserve evidence in this action, as set forth below.

---

[4] See Memorandum of Points and Authorities of Mattel, Inc. in Opposition to Motion of MGA Entertainment, Inc. and Carter Bryant for Terminating Sanctions, dated August 13, 2007, at 23, Supp. Proctor Dec., Exh. 5; Hearing Tr. at 61:18-63:8, Proctor Dec., Exh. 6.

## II. THE OPPOSITION FLATLY MISCHARACTERIZES BRYANT'S ROLE AS MOVING PARTY ON THE MOTION FOR TERMINATING SANCTIONS WHICH RESULTED IN THE ORDER, AND IN WHICH BRYANT'S PRESERVATION OF EVIDENCE WAS SQUARELY AT ISSUE

The Opposition's opening salvo—that "*[n]othing* in the briefing, the argument before the Court, or this Court's order had anything whatsoever to do with Carter Bryant" (Bryant Opposition at 1; emphasis in original)—is simply wrong. The Opposition even goes so far as to state that Bryant "was never afforded an opportunity to be heard" on the Order.  (Bryant Opposition at 3).

Quite to the contrary, Bryant was a *moving party* on the Motion for Terminating Sanctions,[5] and was represented by counsel at the hearing, in which he and MGA sought to take Mattel to task for its efforts to preserve evidence.[6]  As discussed in the moving papers here, the Court denied that motion, but considered argument regarding Bryant and MGA's own efforts to preserve evidence.  (Motion at 2).

Mattel's Opposition to the Motion for Terminating Sanctions showed that Carter Bryant had installed and used "Evidence Eliminator" software to delete

---

[5]  See MGA Entertainment, Inc.'s Notice of Motion for Terminating Sanctions Against Mattel, Inc. Due to Spoliation Of Evidence; and [Proposed] Order, dated July 24, 2007, at 1, Supp. Proctor Dec., Exh. 6 ("Please take notice that, on August 13, 2007, at 10:00 a.m. before Hon. Stephen G. Larson, MGA Entertainment, Inc. ("MGA") **and Carter Bryant** ("Bryant") jointly will, and hereby do, move the Court to issue an order for terminating sanctions against Mattel, Inc. . . ") (emphasis added); see also Hearing Transcript dated August 27, 2007 at 4:12-18 ("The Court: . . . This is both MGA and Carter Bryant's motion; is that correct? Mr. Page: That's correct, your Honor."), Proctor Dec., Exh. 6.

[6]  See Hearing Transcript dated August 27, 2007 at 4:11, Proctor Dec., Exh. 6 (appearance of Michael H. Page of Keker & Van Nest on behalf of Carter Bryant).

data from his computer hard drives as a basis for its unclean hands defense.[7] Although the Opposition liberally quotes from the transcript in relation to the discussion of Mattel's and MGA's evidence preservation efforts, Bryant tellingly disregards the arguments that related to him.

In the moving papers, Mattel set forth in some detail the concerns it has regarding Bryant's apparent failure to preserve evidence, and the steps it has taken to obtain information from him in this regard. (Motion at 6-9). The use of the "Evidence Eliminator" program on Bryant's computers is a prime example of why Mattel continues to press for discovery from Bryant on this subject. Mattel will not belabor the point here, but submits that there was and remains every reason for the Court's Order to have included Bryant, as it expressly did.

Finally, although the Opposition argues that Mattel should be sanctioned for its pursuit of a declaration from Bryant, it provides no logical basis for doing so. The obvious reason Mattel was forced to file the motion was to obtain critical information about Bryant's conduct regarding the computer files and records that Mattel has been diligently seeking to obtain in discovery. There is no legitimate reason for Bryant to hide the ball regarding this basic litigation issue. Bryant may well have spent his counsel's time complying with the Court's Order rather than filing an opposition to attempt to avoid doing so.

## Conclusion

Mattel respectfully submits that Bryant be ordered to comply with the Court's Order, and to provide a declaration which states with specificity the efforts he made to preserve evidence, and if no such efforts were undertaken, when and where he disposed of evidence. This should include an explanation of Bryant's use

---

[7] Memorandum of Points and Authorities of Mattel, Inc. in Opposition to Motion of MGA Entertainment, Inc. and Carter Bryant for Terminating Sanctions, dated August 13, 2007, at 23, Supp. Proctor Dec., Exh. 5.

1  of the "Evidence Eliminator" program. In addition, Mattel submits that Bryant
2  should be sanctioned for his ongoing refusal to comply with the Court's Order.[8]
3
4
5  DATED: December 28, 2007          QUINN EMANUEL URQUHART
                                     OLIVER & HEDGES, LLP
6
7
                                     By /s/ James J. Webster
8                                       James J. Webster
                                        Attorneys for Plaintiff
9                                       Mattel, Inc.

---

[8] As noted in its Motion, Mattel incurred over $3,500 in costs in preparing its motion. Declaration of B. Dylan Proctor, dated November 26, 2007, ¶ 13.