QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

CARTER BRYANT, an individual,

Plaintiff,

vs.

MATTEL, INC., a Delaware corporation,

Defendant.

AND CONSOLIDATED ACTIONS

CASE NO. CV 04-9049 SGL (RNBx)
Consolidated with
Case Nos. CV 04-09059 & CV 05-02727

MATTEL, INC.'S REPLY IN SUPPORT OF MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND COMPEL CARLOS GUSTAVO MACHADO GOMEZ TO PROVIDE PRESERVATION AFFIDAVIT, AND FOR SANCTIONS

[Supplemental Declaration of B. Dylan Proctor filed concurrently]

Date: January 7, 2008
Time: 10:00 a.m.
Place: Courtroom 1

**Phase 1**
Discovery Cut-Off: January 28, 2008
Pre-Trial Conference: May 5, 2008
Trial Date: May 27, 2008

**Preliminary Statement**

Mr. Machado's Opposition complains that the Motion was not necessary because Machado always intended to comply with the Court's August 27, 2007 Order, which required all parties to provide a declaration by September 10, 2007. That argument rests solely on the fact that the day ***after*** Mattel filed the motion, Machado did indeed provide a declaration—bearing a date almost four weeks earlier—purporting to comply with the Court's Order. This is too little too late.

First, the declaration came almost three months after the parties were ordered to each provide a declaration of their preservation of evidence. Machado had obviously not complied with the Court's order when Mattel filed the Motion.

Second, the timing of the declaration is in the end irrelevant because the declaration itself is clearly inadequate, and falls well short of the Court's mandate. Instead of testifying as to what efforts were taken to preserve evidence, Machado baldly avers that he has not "knowingly destroyed" evidence since he was sued. If Machado has unknowingly destroyed evidence, or made no efforts to preserve evidence, or "knowingly" destroyed evidence before he was sued—all conclusions which can readily be drawn from the declaration—Machado should simply say so. Instead, Machado's declaration raises yet further unanswered questions. Mattel respectfully submits that Machado should be ordered to provide a compliant declaration forthwith, which he still has not done.

**Argument**

**I. THE MOTION IS NOT MOOT, AND MACHADO SHOULD BE ORDERED, YET AGAIN, TO PROVIDE THE NECESSARY DECLARATION**

The day after Mattel filed the Motion, Machado wrote to Mattel stating that he had always intended to comply with the August 27, 2007 Order ("the Order"), which required each party to provide a declaration months earlier.

Although he indisputably had failed to comply with the Court's Order for months, Machado nevertheless went on the offensive and laid blame on Mattel for having "never renewed" its request that Machado finally, belatedly comply, stating that:

> [a]fter the stay expired on November 14, 2007, Mattel *never* renewed its request for the enclosed declaration. To the contrary, Mattel's numerous letters and filings are completely silent on that point. Had your office made a brief phone call or dashed off a quick email after the stay expired, I would have been happy to provide the enclosed declaration. As a result we could have avoided the wasted time and expense your motion has consumed, from the parties and from the Court.[1]

This is surprising finger pointing. It is not incumbent upon opposing counsel to ensure that a Court-ordered declaration be timely (or belatedly) submitted. The logical extension of Machado's argument is that, although the Court required him to deliver the declaration months before, the blame somehow lies with Mattel. The argument is erroneous.

As discussed in the moving papers, Mattel had good reason to file this motion. Mattel needs to investigate the fact that the computer Machado used at Mattel became inoperable, and his files inaccessible, as soon as he departed from Mattel de Mexico. This is information the Court required Machado to provide in its Order. Yet, the timing of the production of the declaration—which is dated 27 days

---

[1] Letter dated November 27, 2007, from Alexander H. Cote to Michael T. Zeller, Jon Corey, James J. Webster, B. Dylan Proctor, and Stephen Hauss, attached as Exhibit 1 to the concurrently filed Supplemental Declaration of B. Dylan Proctor ("Supp. Proctor Dec.").

before it was submitted—shows that Machado decided to withhold even the scant information he has now provided for as long as possible.

Machado seeks to explain his delay based on the issuance of the stay on October 31, 2007, which he contends absolved him of timely complying with the Court's Order. Machado offers no authority to support this position, and frankly it is illogical. The declarations were due on September 10, 2007, well before the issuance of the stay. Certainly Machado did not take any steps to seek relief from the Court from timely compliance. The question the Opposition makes no attempt to answer is why, if Machado had in fact executed a declaration in Los Angeles on November 1, 2007 to comply with an Order made more than two months before, he chose to hold onto it as long as he did.

In sum, Mattel disagrees with counsel's assertion that filing a motion to seek a party's ongoing failure to comply with a Court Order is a "waste of time."[2] The irony of counsel's rhetoric is that the belatedly served declaration provides practically no information at all. Given Machado's intention to provide so little information regarding his efforts to preserve evidence, it would have been very little effort for him to have "dashed off" the declaration and filed it with the Court months earlier. His strategy in this instance appears solely calculated to delay, and only raises further concerns about Machado's failure to preserve critical evidence.

## II. THE DECLARATION FAILS TO PROVIDE THE INFORMATION REQUIRED BY THE COURT'S AUGUST 27, 2007 ORDER.

As set forth in the moving papers, the Order unequivocally required the parties to "set forth, in affidavit form, their preservation efforts and policies with respect to the present litigation on or before September 10, 2007."[3] Instead,

---

[2] Id.

[3] Order dated August 27, 2007 at 5, attached as Exhibit 1 to the Declaration of B. Dylan Proctor dated November 26, 2007.

Machado has belatedly provided a declaration which states only that: (i) he never received a letter from opposing counsel saying he had to preserve evidence;[4] (ii) he has no policy of retaining documents;[5] and (iii) he has not knowingly discarded or destroyed evidence "after I was named as a defendant."[6]

The declaration raises more questions than it answers. The day after Mattel received the declaration, it wrote to Machado explaining why it was deficient.[7] Mattel also met and conferred with Machado's counsel on December 11, 2007 and explained in further detail why the declaration failed to address even basic facts concerning the efforts Machado did or did not make to maintain his records and files that were no longer available on the computers Machado used at the time of his departure from Mattel.[8] Although Machado's counsel stated that he would consider the request for supplementation of the declaration, he later responded that he would not do so.[9]

Machado's averment that he did not receive a letter from Mattel or its lawyers admonishing him to preserve evidence only raises an inference that evidence was not preserved, rather than providing any actual information about efforts to preserve evidence. Indeed, the purpose of the affidavit was to provide information regarding preservation efforts and policies, not to detail when Machado claims he had knowledge of his duty to do so. If Machado did not consider that he was on notice of the litigation, and thus made no efforts to preserve evidence, he should declare this fact in an affidavit as required by the Court's Order.

---

4 Declaration of Carlos Gustavo Machado Gomez ("Machado Dec."), ¶ 3, Supp. Proctor Dec., Exh. 1.

5 Id. at ¶ 4.

6 Id. at ¶ 5.

7 Letter dated November 28, 2007 from B. Dylan Proctor to Alexander H. Cote, Supp. Proctor Dec., Exh. 2.

8 Supp. Proctor Dec., ¶ 4.

His claim is also false because it attempts to place an obligation on Mattel that it never had. It was never Mattel's duty to notify Machado to preserve evidence; that task fell to MGA. Mattel can only presume Machado was informed by MGA's counsel that evidence should be preserved at least as early as November 16, 2006, when Mattel sent it a draft of the amended complaint, well before Machado was actually named as a party in the action on January 11, 2007. If Machado was never so informed by MGA's counsel he should say so.[10]

In any case, even without a letter in hand, Machado was certainly on notice not to destroy, but to preserve, evidence surrounding the serious allegations leveled against him and his employer MGA. Mattel's pleadings raise specific issues regarding the whereabouts of key evidence relating to the trade secrets and other proprietary information that Machado and his co-conspirators took from Mattel. Specifically, Mattel alleged in its Counterclaims that Machado acted to destroy evidence as he moved from Mattel to MGA:

> Machado ran a software program on his Mattel personal computer in an attempt to erase information, including information that would reveal the addresses to which he had sent, or from which he had received, e-mail messages. On information and belief, for the same purpose Machado

---

[9] Supp. Proctor Dec., ¶ 5.

[10] MGA itself had been a party to the action since December 3, 2004, when MGA voluntarily intervened as a defendant in the suit, and had notice of allegations that directly implicated Machado—i.e., that it had stolen valuable Mattel proprietary information through Machado—at least as early as November 16, 2006, when Mattel provided MGA a draft amended complaint. Supp. Proctor Dec., ¶ 11, Exh. 9. Indeed, Mattel gave notice to MGA that it intended to amend to allege theft of trade secrets as early as October 31, 2006, and theft of trade secrets by MGAE de Mexico S.R.L. de C.V. specifically by November 9, 2006. Supp. Proctor Dec., Exhs. 7, 8.

also damaged the hard drive of the personal computer that he used at Mattel.[11]

Second, Machado's statement that as an individual he had no policy of retaining documents begs the question of whether and when he made any efforts to avoid the destruction of evidence. The plain language of the Order itself requires all parties to provide information related to "their preservation efforts and policies."[12] The declaration is conspicuously silent on that point also.

Third, and most alarmingly, Machado draws his own line in the sand by stating that he did not knowingly destroy evidence after he was named as a defendant. This raises several troubling questions which should be answered by information provided in a declaration: Did Machado take steps to ensure that evidence was not discarded or destroyed after he had notice of the action (as explained above), or did he only take such steps after he was named as a defendant? Or did he ever take such steps? Did Machado knowingly discard and destroy evidence prior to the time that he was actually named a defendant? Did he discard and destroy evidence even after he was named as a defendant, albeit by his account not "knowingly"? These questions arise from and remain unanswered by Machado in his declaration. Machado's equivocal language can only keep Mattel (and the Court) guessing. Although Machado chose in this instance not to assert any alleged Fifth Amendment right against self-incrimination,[13] the declaration provides little more information than if he actually had done so.

---

[11] Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counterclaims, Public Redacted Version (without exhibits), ¶ 51, Supp. Proctor Dec., Exh. 3.

[12] Order dated August 27, 2007 at 5, Proctor Dec., Exh. 1 (emphasis added).

[13] Machado has elsewhere asserted this alleged right, including in his Objections to Mattel, Inc.'s First Set of Requests for Documents and Things, dated October 15, 2007. Supp. Proctor Dec., ¶ 7.

**Conclusion**

In sum, Mattel respectfully submits that Machado be ordered to comply with the Court's Order, and to provide a declaration which states with specificity the efforts Machado made to preserve evidence, and if no such efforts were undertaken, to state when and where he disposed of evidence. In addition, Mattel submits that Machado should be sanctioned for his ongoing failure to comply with the Court's Order.[14]

DATED: December 28, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ James J. Webster
James J. Webster
Attorneys for Plaintiff
Mattel, Inc.

---

[14] As noted in its Motion, Mattel incurred over $3,500 in costs in preparing its motion. Declaration of B. Dylan Proctor, dated November 26, 2007, ¶ 13.