# EXHIBIT 46

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

UNITED STATES DISTRICT COURT

Central DISTRICT OF California

MATTEL, INC., a Delaware Corporation

**SUBPOENA IN A CIVIL CASE**

V.

CARTER BRYANT, an Individual; and DOES
1 through 10, inclusive

Case Number:[1] CV 04-9059 NM (RNBx)

TO: Isaac and Angela Larian Family Trust
c/o Amy Park, Skadden, Arps, Slate, Meagher & Flom LLP, 525 University
Avenue, Suite 1100, Palo Alto, CA 94301.

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquart Oliver & Hedges, LLP | January 7, 2008 |
| 865 So. Figueroa St., 10th Floor | 10:00 a.m. |
| Los Angeles, CA 90017 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jon D. Corey | Decemeber 24, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jon D. Corey, Quinn Emanuel Urquart Oliver & Hedges, LLP, 865 So. Figueroa St.
10th Floor, Los Angeles, CA 90017, 213-443-3000.

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | . TITLE |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

1

ATTACHMENT A

Documents To Be Produced

1.    DEFINITIONS.

      a.    "YOU" or "YOUR" means the Isaac and Angela Larian Family Trust, current or former trustees, employees, beneficiaries, attorneys, agents, representatives, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other person acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      b.    "ISAAC LARIAN" means Isaac Larian, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, relatives (by blood or marriage) and any other person acting on his behalf, pursuant to his authority or subject to his control.

      c.    "FARHAD LARIAN" means Farhad Larian, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, relatives (by blood or marriage) and any other person acting on his behalf, pursuant to his authority or subject to his control.

      d.    "BRYANT" means Carter Bryant, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, relatives (by blood or marriage) and any other person acting on his behalf, pursuant to his authority or subject to his control.

      e.    "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. Without limiting the generality of the foregoing,

07209/2335368.1

1

the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

        f.     "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, concepts, ideas, inventions and/or improvements, as well as all other items, things and documents in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part. the phrase "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.

        g.     "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other person acting on its behalf, pursuant to its authority or subject to its control. Without any limitation on the foregoing, "MGA" includes "ABC International Traders, Inc.," as MGA was formerly known.

        h.     "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other person acting on its behalf, pursuant to its authority or subject to its control.

        i.     "MATTEL ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v. Bryant, first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

        j.     The "FARHAD LARIAN DISPUTES" means any and all suits, arbitrations and disputes between Farhad Larian, on the one hand, and Isaac Larian, on the other hand, including without limitation the civil actions captioned Farhad Larian

07209/2335368.1

2

v. Isaac Larian, Los Angeles Superior Court Case No. BC 301371 and Farhad Larian v. Morad Zarabi et al., Los Angeles Superior Court Case No. BC 329501, and the arbitration captioned Farhad Larian v. Isaac Larian before ADR Services, Inc., ADRS Case No. 05-2096-ABH.

2.    INSTRUCTIONS.

        a.    YOU are to produce all documents requested hereby that are in YOUR possession, custody and control.

        b.    If YOU contend that YOU are not required to produce certain documents called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such documents identify each document and provide the following information:

        (1)    The privilege or protection that you claim precludes disclosure;

        (2)    The subject matter of the document (without revealing the content as to which the privilege or protection is claimed);

        (3)    The date, author(s), addressee(s); and

        (4)    Any additional facts on which YOU would base YOUR claim of privilege or protection.

        c.    YOU are required to identify any and all documents sought by this document request that have been destroyed.

        d.    YOU are required to identify the source of all documents produced, and the person for whom, or department, division or office for which, such documents are maintained.

        e.    Each document shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such document is taken shall be copied and appended to such document.

3.    DOCUMENTS TO BE PRODUCED.

        (1)    All of YOUR formation DOCUMENTS, and drafts thereof.

07209/2335368.1

3

(2)     All of YOUR tax returns and schedules, including without limitation Forms 1041 and 8453F, and Schedules C, C-EZ, D, E, F and K-1, and drafts thereof, from the period beginning January 1, 1999 to the present.

(3)     To the extent not included in YOUR response to Request No. 2, all DOCUMENTS relating to or reflecting YOUR tax liabilities from the period beginning January 1, 1999 to the present.

(4)     DOCUMENTS sufficient to identify each of YOUR trustees from the period beginning January 1, 1999 to the present.

(5)     DOCUMENTS sufficient to identify each of YOUR beneficiaries from the period beginning January 1, 1999 to the present.

(6)     DOCUMENTS sufficient to identify all disbursements from YOU to any of YOUR beneficiaries from the period beginning January 1, 1999 to the present.

(7)     DOCUMENTS sufficient to identify all assets YOU own or have owned from the period beginning January 1, 1999 to the present.

(8)     DOCUMENTS sufficient to identify all liabilities that YOU owe or have owed for the period beginning January 1, 1999 to the present.

(9)     All DOCUMENTS RELATING TO BRATZ that YOU obtained from ISAAC LARIAN or otherwise since January 1, 1999.

(10)     All DOCUMENTS RELATING TO BRYANT that YOU obtained from ISAAC LARIAN or otherwise since January 1, 1999.

(11)     All DOCUMENTS RELATING to the MATTEL ACTION.

(12)     All DOCUMENTS RELATING TO the FARHAD LARIAN DISPUTES, including without limitation any discovery requests received by YOU in connection therewith and any communications between YOU and counsel for FARHAD LARIAN or counsel for ISAAC LARIAN.

(13)     DOCUMENTS sufficient to show YOUR policies or practices relating to

07209/2335368.1

4

the preservation, retention or destruction of documents sought by or the subject of Request Nos. 1 through 11.

(14) DOCUMENTS sufficient to identify any person who has served as YOUR auditor(s) or accountant(s) since January 1, 1999.

(15) DOCUMENTS sufficient to identify all trusts or other entity in which ISAAC LARIAN is an officer, director, member, shareholder or trustee; has or had a direct or indirect ownership interest; has or had direct or indirect control or of which he or any member of his family (by blood or marriage) is or was an owner, shareholder, employee, officer, director, trustee, member or beneficiary.

07209/2335368.1

5