# EXHIBIT 49

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

December 24, 2007

VIA E-MAIL, FACSIMILE AND U.S. MAIL

Amy S. Park, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301

Re:   Bryant v. Mattel, Inc.

Dear Amy:

I write to confirm our December 21, 2007 conversation regarding MGA's objections to subpoenas that Mattel issued to Deloitte & Touche, Ernst & Young, Wachovia, ConsumerQuest, Isaac Larian Annunity Trust, Isaac and Angela Larian Trust, Wells Fargo Bank and Moss Adams.

I asked you whether there was any category of documents in any of the subpoenas to which MGA did not object and to whose production MGA would acquiesce. You said no because MGA thought the requests overbroad. I asked if there was any agreement that we could reach to tailor the topics. You were unwilling to discuss that in the context of these subpoenas, but demanded that Mattel withdraw each of the subpoenas and serve what you believed to be more narrowly tailored subpoenas. Mattel will not withdraw the subpoenas. I told you that the fast approaching discovery cut-off date did not permit Mattel that option, particularly without a representation that MGA would not object to the second round of subpoenas. I then asked if MGA was willing to discuss how some of the requests could be narrowed to meet with MGA's approval. You did not provide any specifics, but said that MGA would require that the requests be so narrow that there is no way that Mattel would agree to them. I understand from this position that your client was unwilling to even discuss how the parties could reach an agreement on the scope of the requests. You confirmed that understanding by filing a motion to quash those subpoenas minutes after we finished our call.

quinn emanuel urquhart oliver & hedges, llp

07209/2335366.1

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

Your second objection was that the information sought by the information was not relevant. I explained that the information sought by the subpoenas was relevant for a variety of reasons, including Mattel's disgorgement remedy, punitive damages, evidence of payments to Mattel employees by Mr. Larian individually (or on his behalf), to seek information regarding any assessment or valuation of MGA's goodwill or intellectual property (something MGA has said it does not have), among others. You did not disagree, but listened. Again, presumably with instructions from your client to take steps to prevent Mattel from obtaining access to this unquestionably relevant information.

With respect to the two subpoenas to the Larian trusts, you told me that the subpoenas were issued in the wrong name and that the Isaac Larian Annuity Trust and the Isaac and Angela Larian Trust do not exist. You identified for me the following two trusts and agreed to accept service of subpoenas to them: Isaac and Angela Larian Family Trust, and Isaac E. Larian Qualified Annuity Trust 2004. I have enclosed subpoenas to those two entities. Based on my review of the Zapf regulatory filings after our call, however, I question the representation that your client made to you (and that you repeated to me) that the Isaac Larian Annuity Trust and the Isaac and Angela Larian Trust do not exist, and will not withdraw the subpoenas to them. This will also confirm that in an effort to simplify this process, given that MGA instructed witnesses with the knowledge of the manner in which Mr. Larian holds his interests in MGA, I asked you to identify the trust or trusts that hold Mr. Larian's interests in MGA or whether he holds any interests personally. You refused to provide that information.

I have also included an executed subpoena to the Isaac Larian Annuity Trust because I was advised that the copy in our files was not signed. The requests and return date are identical to the unsigned subpoena previously served.

Otherwise, we have your motion, and will respond accordingly.

Best regards,

*Jon Corey*

Jon Corey

Enclosures