QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| Defendant. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
| AND CONSOLIDATED ACTIONS | REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY ISAAC LARIAN AND FOR AWARD OF MONETARY SANCTIONS |
| | Hearing Date:    TBD<br>Time:    TBD<br>Place:    TBD |
| | **Phase 1**<br>Discovery Cut-off:    January 28, 2008<br>Pre-trial Conference:    May 5, 2008<br>Trial Date:    May 27, 2008 |

07209/2337591.1

## **Preliminary Statement**

Contrary to his suggestions, to date Isaac Larian has not produced a single page of documents in this case.  His Opposition does not dispute that he promised to produce documents by October 24, 2007, but then reneged—he now states the documents he chooses to produce will be produced "in due course."  Nor does Larian dispute that Mattel is substantively entitled to the documents at issue here.

Instead of addressing these facts, the Opposition goes to great lengths to obscure them.  It states that the parties have a disagreement presently before the Discovery Master regarding the extent of Larian's duty to produce documents, and it was on this purported basis that he did not produce documents by October 24, 2007.  But in making this claim, Larian ignores that this issue was one he first preserved in December, well after the deadline for production had passed.  Larian also urges that compliance with his earlier promises would require multiple productions, as if he did not realize this when he first made his promises, as if rolling productions were not the standard in this case, and as if he were entitled to withhold all of his documents—including obviously discoverable ones—because he quarrels over producing some.  Even more unpersuasively, he states that his prior promises to produce were never binding at all and then, in the next breath, chastises Mattel for not further meeting and conferring to obtain more promises Larian had no intention of keeping.

All of these contradictory arguments are irrelevant.  Larian does not dispute the relevance of the documents sought by the Requests at issue here.  To the contrary, in his binding, written supplemental responses *he agreed* to produce them, although with improper limitations that should be rejected (and which further underscore the necessity of this motion).  Even Larian has recognized, and still does not deny, that these documents are plainly discoverable.  Mattel's motion should be

1  granted, and Larian should be given a prompt date by which to comply in order to
2  put an end to his delays and games.

3
4                              **Argument**
5
6  **I.     LARIAN'S REPLY DOES NOT DISPUTE THE PROPRIETY OF THE**
7  **DISCOVERY REQUESTS AT ISSUE HERE**

8              There is no dispute that Mattel is entitled to the documents at issue in
9  this motion.  The requests all seek discoverable information that clearly goes to
10  Mattel's claims and defenses in this lawsuit, including information that the Court has
11  already found to be relevant and discoverable in previous Orders.  Indeed, Larian's
12  written supplemental responses stated he <u>would</u> <u>produce</u> all responsive documents in
13  response to the Requests that are the subject of this motion, albeit with standard,
14  boilerplate language that he would be doing so "subject to" his myriad objections.[1]
15  Larian's Opposition does not contest this point.

16              Larian also does not dispute that he has <u>not</u> produced documents
17  responsive to these Requests.  The closest he comes to addressing this fact is his
18  assertion that *MGA* made a production of 40,000 pages on October 12, 2007, which
19  purportedly contained many of the same documents Larian would have produced.
20  As a preliminary matter, this is erroneous.  Mattel has no record of receiving any
21  production from MGA <u>or</u> Larian on that date, nor of receiving a production of
22  approximately 40,000 pages on any date nearby.[2]  It is also irrelevant.  *MGA's*
23  purported production of documents does not excuse Larian's non-production of
24  documents he promised he would produce.  In fact, as Larian's counsel's declaration
25  in support of his Opposition itself makes clear, there are documents created and
26  _____

27  [1]  Marsh Dec., Exh. H.
28  [2]  Declaration of Stephen Hauss, filed concurrently, at ¶ 3.

1   maintained by Isaac Larian that were not taken from MGA's offices, and which have
2   not yet been produced.[3]  It is these documents, among others, that Mattel seeks, and
3   which are at issue here.  It is these documents that should have been gathered and
4   reviewed long ago.  Yet, according to Larian, Mattel and the Court should simply
5   accept his representations that now, months after his promised documents were due,
6   his lawyers "are currently reviewing all collected documents as well as additionally
7   identified documents for potential responsiveness and production in due course,"
8   and that "[o]nce this production occurs, it is believed that Mr. Larian's production
9   with respect to the undisputed document requests will be complete."  (Opposition at
10  7-8.)  Mr. Larian should not be permitted to continue to string Mattel along.  His
11  overdue documents should be ordered produced by a date certain in the near term.
12
13  **II.    LARIAN'S OTHER ARGUMENTS ARE UNAVAILING**
14          Rather than addressing the relevant facts, Larian raises a series of
15  irrelevant and groundless arguments.  As discussed below, none of them warrants
16  denial of Mattel's Motion.
17          **A.    Larian's Arguments Regarding Production of Documents From**
18                  **His "Personal Files" Do Not Avoid the Necessity of a Court Order**
19          Larian principally argues that he should not be compelled to produce
20  documents pursuant to these Requests because an issue with this production is
21  currently briefed before the Discovery Master.  That is irrelevant here.
22          As a preliminary matter, Larian cannot claim that the reason he did not
23  produce documents by October 24th was because of any issue raised before the
24  Discovery Master.  The issue he points to—Larian's intention to only produce
25  documents in his so-called, and self-defined, "personal files"—was first argued by
26
27  ─────────────────
28  [3]   Marsh Dec., ¶ 25.

1    Larian in an Opposition filed on December 5, 2007, long after the October 24, 2007

2    had passed.

3              More importantly, however, Mattel has never argued that Larian should

4    produce all documents that are in the possession of MGA as part of his own

5    production.  Indeed, Mattel has no more desire to receive another 3 million pages of

6    irrelevant documents than Larian does to produce them.  That is not the issue.

7    Instead, the issue is whether Larian should be allowed to produce only documents

8    from his "personal files."  The two points are quite different and, as discussed in the

9    motion under submission, such a limitation cannot stand.

10             Indeed, permitting such a limitation would create a situation where

11   responsive and highly relevant documents might never be produced through a shell

12   game, with MGA, on the one hand, deeming the document to belong to Larian, and

13   Larian, on the other hand, deeming the document not to be part of his "personal

14   files."  The potential for abuse is significant, particularly with defendants such as

15   these who have refused, time and again, to produce discovery without Court Orders

16   compelling them to do so in unequivocal terms (and which, even after being

17   compelled, frequently still refuse to comply).  The declaration submitted in support

18   of Larian's Opposition supports Mattel's concern on this distinction.  It notes that

19   counsel has gathered documents created and maintained by Isaac Larian that were

20   not taken from MGA's offices, and which have not yet been produced.[4]  Yet, it is not

21   clear whether such documents would be considered by Larian to be part of his

22   "personal files" in the first place.  Moreover, and as Mattel has discussed elsewhere,

23   for some categories of documents the mere fact of possession by Isaac Larian is

24   significant.[5]

25

26   _____

27   [4]  Marsh Dec., ¶ 25.
     [5]  Elsewhere in his brief, Larian himself argues that he cannot be bound by

28   MGA's actions in this case, as they are separate parties.  (Opposition at 7 n.4.)  This,
         (footnote continued)

1    To prevent undue burden on either party, Mattel does not want
2 duplicate copies of documents already produced by MGA, unless they are also in
3 Isaac Larian's "personal files." However, such a limitation should not be used to
4 prevent production of documents that have not been, but should be, produced. Thus,
5 at the very least, Larian should be ordered to produce (1) all responsive, non-
6 privileged documents in his "personal files," and (2) all other responsive documents
7 which have not been produced to Mattel by MGA. The Court should not give
8 Defendants license to withhold key documents in their entirety, which is what
9 Larian effectively seeks here.
10    In any case, whatever the Discovery Master rules on this issue in the
11 motion under submission, such a ruling can be made concurrently or before ruling
12 on this motion. Mattel should not be required to bring another motion raising
13 exactly the arguments raised here in order to compel the long delayed production of
14 promised documents—documents which Larian promised to produce by October 24,
15 2007, but still never has.
16    **B.**    **<u>Larian's Claim That He Is Not Bound By His Agreements Is</u>**
17    **<u>Frivolous</u>**
18    Perhaps most groundless of Larian's arguments is that he should not be
19 compelled to produce documents because he is not bound by his counsel's written
20 promises to produce the documents by October 24th. Whether he was bound by
21 those promises or not is irrelevant. Mattel is not moving to compel production of
22 Larian's documents by the agreed upon date of October 24th. That deadline came
23 and went long ago; Larian already has broken his word on that. Nor is Mattel
24 moving to enforce Larian's counsel's email.
25
26    _____
27
28 of course, only serves to highlight the error and inconsistency in Larian's argument
that MGA's production of documents (itself deficient) exonerates his obligations.

1         Rather, Mattel is asking the Court to compel production precisely

2 because Mattel <u>cannot</u> rely on Larian's written promises to produce.  That point

3 could not be made more clear than by the fact that Larian now attempts to slough off

4 his promises.  He states that, if Mattel believed Larian's counsel actually meant what

5 they said, Mattel should have created a stipulation to that effect.  Apparently,

6 Larian's counsel does not believe that a meet and confer can reach an amicable

7 conclusion without the parties signing a stipulation saying so and presenting it to the

8 Court.  The Court should reject Larian's suggestion that Mattel should be punished

9 for accepting his counsel's word that he would produce documents.

10         While Larian's willingness to disregard his promises is certainly

11 telling—and itself shows why an Order compelling his prompt production of

12 documents is needed—his argument is legally unavailing.  Larian does not dispute

13 that the information Mattel seeks is relevant and discoverable.  Nor could he.

14 Precisely because it is all discoverable, Larian's counsel promised in writing to

15 provide these documents.  And, precisely because it is all discoverable, Larian's

16 supplemental responses confirmed he would produce all responsive documents

17 albeit "subject to" his objections, which should now be overruled.  In light of these

18 supplemental responses, Larian cannot now refuse on a wholesale basis to produce

19 his documents.  <u>E.g.</u>, <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468,

20 1473 (9th Cir. 1992) (finding party had waived objections it failed to raise in written

21 discovery responses).

22     **C.**    **<u>Mattel More Than Adequately Met and Conferred Before Filing</u>**

23         **<u>This Motion</u>**

24         Finally, Larian claims that Mattel did not adequately meet and confer

25 before filing this motion, and takes it to task for filing it the same day it received a

26 non-response from Larian.  Yet the meet and confer on these issues was concluded

27 long ago, when Mattel reached an agreement with Larian that he would produce

28 responsive documents by October 24th.  Larian broke that promise.  When Mattel

MATTEL, INC.'S REPLY ISO MOTION TO COMPEL LARIAN

1 asked yet again, as a courtesy, if he had some new date by which he intended to
2 comply, his new counsel refused to provide one.  His counsel's assertion that he is
3 not bound by any agreements reached during a meet and confer bely Larian's claim
4 that Mattel should have met and conferred still further.  Larian had no intention of
5 providing a date by which he would comply, and still has not done so even now.
6 Mattel's only option was to file the instant motion.

7

8 **III.     LARIAN SHOULD BE SANCTIONED**

9          Sanctions are called for here.  Larian's refusal to produce the
10 documents at issue here was completely unjustified in the first place.  Only after
11 Mattel had prepared and was about to file a motion to compel did Larian promise to
12 produce responsive documents to stave off a motion.   Now, Larian's counsel has
13 renounced that promise as non-binding, making clear that Larian never intended to
14 produce the documents and only intended to delay.  In the meantime, several
15 additional months have gone by and Mattel still sits without a single page of
16 responsive documents from Larian.
17          Larian and his counsel should be sanctioned for the fees Mattel has
18 been forced to incur in connection with this motion.  Mattel therefore requests that
19 Larian and his counsel be ordered to pay $4,500 as partial reimbursement for such
20 fees.

21
22
23
24
25
26
27
28

1

**<u>Conclusion</u>**

2

     For the foregoing reasons, Mattel's motion to compel should be granted

3

in its entirety and monetary sanctions should be awarded against Larian in the

4

amount of $4,500.

5

6

DATED:  December 28, 2007      QUINN EMANUEL URQUHART OLIVER &

7

HEDGES, LLP

8

      By  /s/ B. Dylan Proctor

9

        B. Dylan Proctor
        Attorneys for Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28