1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       John B. Quinn (Bar No. 090378)
2      (johnquinn@quinnemanuel.com)
       Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
       Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
6   Facsimile:  (213) 443-3100

7   Attorneys for Mattel, Inc.

8

9                     UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                          EASTERN DIVISION

12   CARTER BRYANT, an individual,      CASE NO. CV 04-9049 SGL (RNBx)
                                        Consolidated with
13              Plaintiff,              Case No. CV 04-09059
                                        Case No. CV 05-02727
14        vs.
                                        **DISCOVERY MATTER**
15   MATTEL, INC., a Delaware
     corporation,                       **[To Be Heard By Discovery Master
16                                      Hon. Edward Infante (Ret.) Pursuant
                Defendant.              To The Court's Order of December 6,
17                                      2006]**

18   AND CONSOLIDATED ACTIONS           [CORRECTED] REPLY IN SUPPORT
                                        OF MATTEL, INC.'S MOTION TO
19                                      COMPEL RESPONSES TO
                                        INTERROGATORIES (NOS. 27, 28,
20                                      29, 30, 31, 32, 33, 36, 37, 38, 39, 40, 42,
                                        45 AND 47) BY CARTER BRYANT

21                                      Date:    January 3, 2008
                                        Time:    1:30 p.m.
22                                      Place:   JAMS
                                                 Two Embarcadero Center
23                                               Suite 1500
                                                 San Francisco, California
24
                                        Phase 1:
25                                      Discovery Cut-off: January 28, 2008
                                        Pre-trial Conference: May 5, 2008
26                                      Trial Date: May 27, 2008

27

28

07209/2336922.1

                                        REPLY IN SUPPORT OF MOTION TO COMPEL

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................. 1

ARGUMENT ...................................................................................... 3

I.   MATTEL'S MOTION WAS PROPERLY FILED AND IS NOT MOOT. ........................................................................................... 3

    A.   Bryant Did Not Serve His Supplemental Responses When Promised, And It Was Only After Bryant's Promised Deadline Had Lapsed That Mattel Filed This Motion. ............................ 3

    B.   Mattel's Motion is Not Moot; Bryant Advised Mattel That Even When His Supplemental Responses Finally Arrived, They Were Going to Be Incomplete, and They Remain Incomplete As of Today. ........................................................................ 4

II.   BRYANT'S SPECIFIC OBJECTIONS ARE WITHOUT MERIT ................. 8

    A.   The "50 Interrogatory Limit" Objection is Meritless, and Bryant Has Waived It In Any Event. .......................................... 8

    B.   Bryant's Specific Objections To Mattel's Interrogatories Are Meritless .............................................................................. 9

        1.   Mattel's Contention Interrogatories Seeking "All Facts" Are Proper. ................................................................... 9

        2.   Mattel Does Not Seek Information Outside Of Bryant's Possession, Custody Or Control. ...................................... 10

        3.   Bryant's Claim That Interrogatory No. 32 Poses An Improper Hypothetical Is Without Merit. ............................. 10

        4.   Mattel's Interrogatories Are Not Vague, Overbroad or Unduly Burdensome. ..................................................... 11

        5.   Limiting Mattel to Discovery Regarding Tangible Drawings As Opposed to Intangible Property Does Not Provide a Sufficient Response. .......................................... 13

        6.   Mattel Did Not Agree That Bryant Could Withhold Responsive Information Regarding Computer Drives To Which He Had Access. ................................................... 14

        7.   Bryant's Objections To Mattel's Interrogatory About The Identity of Bryant's Bank Accounts Are Improper. ............... 15

        8.   Bryant's Response to Interrogatory No. 45 Is Neither Credible Nor Complete. .................................................. 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

III.   MONETARY SANCTIONS SHOULD BE IMPOSED AGAINST BRYANT ............................................................................ 18

CONCLUSION ........................................................................... 19

07209/2336922.1

REPLY IN SUPPORT OF MOTION TO COMPEL

1

# TABLE OF AUTHORITIES

2
**Page**

3

Cases

4

A. Farber and Partners, Inc. v. Garber,
5
    234 F.R.D. 186 (C.D. Cal. 2006) .................................................. 16

6

Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC,
7
    2006 WL 3253636, at *2-5 (N.D. Ill. 2006) ................................. 10

8

CEH, Inc. v. FV "Seafarer",
    153 F.R.D. 491 (D.R.I. 1994) ..................................................... 16

9

Doe v. Karadzic,
10
    1997 WL 45515, at *6 (S.D.N.Y. 1997) ....................................... 7

11

E.E.O.C. v. V & J Foods, Inc.,
12
    2006 WL 2947474, at *1 (E.D. Wis. 2006) ................................... 8

13

G.D. v. Monarch Plastic Surgery,
    2007 WL 201150, at *9 (D. Kan. 2007) ...................................... 10

14

Geico Casualty Co. v. Beauford,
15
    2007 WL 1192446, at *2 (M.D. Fla. 2007) ................................... 8

16

In re Heritage Bond Litigation,
17
    2004 WL 1970058, *5 n.12 (C.D. Cal. July 23, 2004) ................ 16

18

Ippolito v. Goord,
    2007 WL 2769503, at *1-2 (W.D.N.Y. 2007) ............................... 8

19

Keith H. v. Long Beach Unified School,
20
    228 F.R.D. 652 (C.D. Cal. 2005) ................................................ 16

21

Kendrick v. Sullivan,
22
    125 F.R.D. 1 (D.D.C. 1989) ........................................................ 12

23

King v. Georgia Power Co.,
    50 F.R.D. 134 (N.D. Ga. 1970) ................................................... 13

24

Krawczyz v. City of Dallas,
25
    2004 WL 614842, at *3 (N.D. Tex. 2004) .............................. 13, 15

26

Miller v. National School of Health Technology,
27
    73 F.R.D. 628 (D. Pa. 1977) ........................................................ 7

28

-iii-

Rhea v. Uhry,
        2007 WL 926908, at *2 (D. Conn. 2007) .......................................8

Samuels v. Huff,
        2007 WL 1237961, at *1 (W.D. La. 2007) ...................................8

Seff v. General Outdoor Advertising Co.,
        11 F.R.D. 597 (N.D. Ohio 1951) .................................................13

Sloan v. Oakland Police Dept.,
        2006 WL 753013, at *3 (N.D. Cal. 2006) ....................................7

Sommers v. West,
        1997 WL 772783, *1 (S.D.N.Y. 1997) ........................................17

Sotelo-Camacho,
        2006 WL 3709613, at *1 (N.D. Ga. 2006) ...................................8

Trane Co. v. Klutznick,
        87 F.R.D. 473 (D. Wis. 1980) .......................................................7

Zanowic v. Reno,
        2000 WL 1376251, at *3, n.1 (S.D.N.Y. 2000) ............................7

Statutes

Federal Rule of Civil Procedure 69 ......................................................17

07209/2336834.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Defendants' discovery strategy in this case is to stonewall, delay, and retreat. Early in the litigation, that strategy simply increased the financial burden for all parties. But at this late stage, in the face of a January 28, 2008 discovery cutoff date, Mattel has neither an obligation nor a willingness to see every one of defendants' stall strategies through to its conclusion. So Mattel filed the instant motion before defendants had finished their retreat.

The interrogatories at issue here were served on defendants no later than October 2007 (though most date back to June 2007). Mattel's counsel timely met and conferred as required. Bryant's counsel promised to serve supplemental responses on December 11, 2007, but carefully hedged their promise by indicating that the information in those supplemental responses would continue to be limited by the objections set forth therein. When December 11 arrived and no supplemental responses were served, Mattel was left with no choice but to file the instant motion. Not only were the promised supplemental responses inevitably going to be incomplete, they did not even show up when promised.

Now that the promised supplemental responses have been served, Bryant contends that this motion is moot. Not true. The service of Bryant's supplemental responses only cured one of the two problems. Bryant's responses are still incomplete because nowhere do the supplemental responses indicate that all responsive information has been provided. Nor does Bryant's opposition claim this as to even a single response. In fact, the responses make clear the opposite is true -- that they are indeed still limited by his spurious objections. Accordingly, in order for Mattel to have full and complete discovery responses that it can rely upon to prepare for trial and at trial, this Court must actually overrule Bryant's meritless objections and require him to supplement his responses -- even if only to affirm (although this is hardly even

1  plausible) that no responsive information has been withheld on the basis of one or more
2  of his overruled objections.

3  　　　　With these interrogatories, Mattel is not asking Mr. Bryant to identify what
4  his preschool classmates had for lunch in 1973. In most, Mattel is asking Mr. Bryant to
5  identify the facts, witnesses and documents--yes, *all* the facts, witnesses and
6  documents--that support his key contentions -- things like the key contentions Bryant
7  chose to reveal (because it suited his purposes) in his and MGA's joint Motion to
8  Overrule Mattel's Relevance Objection and Compel Discovery Relevant to Mattel's
9  Employee Agreements, dated December 19, 2007, which do *not* appear anywhere in his
10  supplemental responses, dated December 17, 2007. This is a high-stakes litigation
11  involving years of conduct and millions upon millions of dollars. Mr. Bryant's
12  attorneys are some of the smartest and highest-priced lawyers in the world. Their
13  careful, deliberate litigation tactics are what necessitated the filing of this motion.
14  When Mattel uses an undefined term in discovery, they object it is vague. When Mattel
15  defines the term, they object to the definition and refuse to apply it. It's a game of
16  "heads we win and tails you lose," played with the *Federal Rules of Civil Procedure*.
17  Mattel should not be required to wait until trial to find out exactly what information
18  defendants have failed to produce in response to Mattel's proper discovery requests -- to
19  find out just how Defendants are planning to sandbag Mattel at trial.

20  　　　　This motion--and Mattel's request for monetary sanctions--should be
21  granted. When Mr. Bryant's lawyers stand up to address the jury, they will not stand
22  mute. What they say will contain more information than the few paragraphs contained
23  in the Supplemental Responses they served. Mattel is entitled to full and complete
24  discovery responses to avoid surprise at trial; if Mattel had not filed the instant motion,
25  it would be certain to hear at least one of Mr. Bryant's lawyers argue later that "if
26  Mattel wanted this information before, it could have moved to compel." The Court
27  should grant the instant motion and preclude such an argument later.

28

07209/2336922.1

REPLY IN SUPPORT OF MOTION TO COMPEL

**Argument**

**I.      MATTEL'S MOTION WAS PROPERLY FILED AND IS NOT MOOT.**

In the first half of his opposition, Bryant makes two primary arguments:  (1) that Mattel's motion to compel responses to interrogatories was premature in light of Bryant's promise to supplement his answers, and (2) that because Bryant served supplemental responses to Mattel's Interrogatories on December 17, 2007, Mattel's motion is now moot.  Both arguments are without merit.  Bryant reasserts his improper objections in his supplemental responses, and, as Bryant does not dispute, his supplemental responses continue to be limited by these objections.

**A.      Bryant Did Not Serve His Supplemental Responses When Promised, And It Was Only After Bryant's Promised Deadline Had Lapsed That Mattel Filed This Motion.**

As a result of the meet and confer discussions held on November 27, December 4 and December 5, Bryant's counsel agreed to provide partial supplemental responses on or before December 11, 2007.  He did not do so. Instead, he wrote to Mattel's counsel on the day they were due and advised that he would need more time.   In light of the fact that Mattel had engaged in three separate meet and confer discussions, had already suffered through months of delay, and is facing a January, 2008 discovery cutoff date, Mattel did not agree to wait and see if Bryant's counsel could make his second promised deadline.  So on December 13, 2007, Mattel filed the instant motion.

As it turned out, Bryant's counsel did not meet his second promised deadline either.  On December 14, he again wrote a letter indicating that he would need more time--and not just for some of the responses, but for *all* of the responses.

REPLY IN SUPPORT OF MOTION TO COMPEL

1  Were it not for the filing of the motion, Mattel might *still* be waiting for the

2  promised supplemental responses.   The motion was not premature.[1]

3        **B.**      **Mattel's Motion is Not Moot; Bryant Advised Mattel That Even**

4              **When His Supplemental Responses Finally Arrived, They Were**

5              **Going to Be Incomplete, and They Remain Incomplete As of**

6              **Today.**

7        Bryant served Responses and Objections to Mattel's Revised Third and

8  Amended Fourth Sets of Interrogatories on November 15, 2007.[2]  He served

9  Responses and Objections to Mattel's Fifth Set of Interrogatories on November 21,

10  2007, and Responses and Objections to Mattel's Sixth Set on November 26, 2007.[3]

11  As set forth in Mattel's Motion, Bryant's responses were inadequate.   His answers

12  consisted of *43* pages of objections and *3* pages of responses.   He stiffed Mattel by

13  providing no response at all to most interrogatories, including Nos. 27, 28, 29, 30,

14  32, 39, 42 and 47.  And while Bryant provided a partial response to a few

15  interrogatories, those responses were not complete, as his attorneys made clear

16

17

18

19       [1]   Bryant tells the Court that he initially "stated that he would serve these

20  supplemental responses on Friday, December 14, 2007." Opp. at 5.  As shown by

21  the correspondence between the parties, that is false.  See Letter from B. Dylan
Proctor to Matthew Werdegar, dated December 6, 2007, Proctor Dec., Exh. 11;

22  letter from Matthew Werdegar to B. Dylan Proctor, dated December 11, 2007,
Proctor Dec., Exh. 12.

23
     [2]   Bryant's Responses and Objections to Mattel's Revised Third Set of

24  Interrogatories, dated November 15, 2007, Proctor Dec., Exh. 5; Bryant's Responses

25  and Objections to Mattel's Amended Fourth Set of Interrogatories, dated
November 15, 2007, Proctor Dec., Exh. 6.

26       [3]   Bryant's Responses and Objections to Mattel's Fifth Set of Interrogatories,

27  dated November 21, 2007, Proctor Dec., Exh. 7; Bryant's Responses and Objections

28  to Mattel's Sixth Set of Interrogatories, dated November 26, 2007, Proctor Dec.,
Exh. 8.

-4-

1  during the parties' meet and confers that all responsive information was not provided

2  as to nearly all of the interrogatories.[4]

3          Most of the Supplemental Responses (except No. 39, addressed

4  separately below) do now provide at least some textual responses, but still are

5  completely inadequate.   For example, Interrogatory No. 27 asks Bryant to identify

6  the Bratz inventions he claims he created prior to January 4, 1999, state the facts

7  that support his claim, and identify the relevant witnesses and documents.   Bryant's

8  original response was a stone wall consisting of two pages of meritless objections

9  (compound, vague, overbroad, burdensome, information not within Bryant's control,

10  over the 50 interrogatory limit, etc.) followed by the statement that "Bryant is

11  willing to meet and confer with Mattel regarding this interrogatory."

12          Bryant's supplemental response to Interrogatory No. 27 restates all of

13  these meritless objections *in their entirety*.  He then goes on to say, in substance,

14  that he is not making "any affirmative contentions" (whatever that means) as to

15  whether he invented anything, but if he did, it was before January, 1999 or after

16  October 20, 2000, and does not "fall within the scope of the term "inventions" as

17  used in [his contract with Mattel" (but does not say why not).   He then refers Mattel

18  to excerpts from his deposition testimony (though he again expressly hedges and

19  says that his response is not "limited to" the testimony appearing in the selected

20  excerpts).   Next, he identifies his mother, father, and three other people as having

21  "knowledge" (though, again, his response is limited and does not rule out the

22  possibility of other people having relevant knowledge), and lists a number of

23  documents that "may be relevant" (here again, he expressly does not limit the

24  universe of responsive documents to those identified).

25          As a result of all of the objections, doubletalk, and qualification, Mattel

26  has a response that is so completely hedged as to be useless.   It provides no

27

28     [4]   Letter from B. Dylan Proctor to Matthew Werdegar, dated December 6, 2007,
(footnote continued)

-5-

1  identification of *any*, let alone all, relevant Bratz inventions, essentially no

2  supporting facts (let alone all facts) supporting his contentions as to when he created

3  his inventions, no assurance whatsoever that all knowledgeable persons have been

4  identified, and no assurance whatsoever that all supporting documents have been

5  identified.  It is a complete waste.

6            Mattel is entitled to answers.  Firm, specific, complete answers,

7  verified under penalty of perjury, without qualification, objection, doubletalk, or

8  hedging, and on a date certain.   See, e.g., See Trane Co. v. Klutznick, 87 F.R.D.

9  473, 476 (D. Wis. 1980) (responding party must give "full and complete" answers to

10  interrogatories); see also Miller v. National School of Health Technology, 73 F.R.D.

11  628, 632 (D. Pa. 1977) ("Answers must be complete, explicit and responsive.").  See

12  also Sloan v. Oakland Police Dept., 2006 WL 753013, at *3 (N.D. Cal. 2006)

13  (where party provides evasive or incomplete responses to interrogatories,

14  propounding party may seek order to compel).   Interrogatories are not the same as

15  depositions; answering "I'm not sure" in a deposition can be acceptable; the same

16  answer may not be acceptable as an interrogatory response.   See, e.g., Zanowic v.

17  Reno, 2000 WL 1376251, at *3, n.1 (S.D.N.Y. 2000) (responding party is "under a

18  duty to make a reasonable inquiry" concerning the information sought in

19  interrogatories); Doe v. Karadzic, 1997 WL 45515, at *6 (S.D.N.Y. 1997) (same).

20  Mattel has repeatedly requested that Bryant indicate whether all responsive

21  information has been provided as part of the meet and confer process.  Bryant has

22  refused every single time, and continues to refuse as of this date -- as of now, he has

23  not confirmed that his response to a single interrogatory at issue in this motion is not

24  limited by his objections.  Even a glance at his supplemental responses shows he is

25  continuing to withhold key information.

26

27

28  Proctor Dec., Exh. 11.

1    The mere service of supplemental responses does not render a motion

2 to compel moot if the responses still do not provide all responsive information.

3 Bryant's citations to authority for the contrary proposition are misplaced; none of the

4 cited cases addresses a situation where the supplemental interrogatory responses are

5 expressly limited by objections.   See, e.g., Ippolito v. Goord, 2007 WL 2769503, at

6 *1-2 (W.D.N.Y. 2007) (no indication that the supplemental interrogatory responses

7 continued to be limited by objections; to the contrary, defendants' supplemental

8 document production requests which contained objections did *not* moot the motion

9 to compel); Samuels v. Huff, 2007 WL 1237961, at *1 (W.D. La. 2007)  (motion to

10 compel was mooted where it was filed before defendants' deadline to respond had

11 passed, and no indication responses were incomplete); Geico Casualty Co. v.

12 Beauford, 2007 WL 1192446, at *2 (M.D. Fla. 2007) (motion addressed Rule 26

13 disclosures, not interrogatory responses limited by objections); Rhea v. Uhry, 2007

14 WL 926908, at *2 (D. Conn. 2007) (no indications responses incomplete); Sotelo-

15 Camacho, 2006 WL 3709613, at *1 (N.D. Ga. 2006) (same);  E.E.O.C. v. V & J

16 Foods, Inc., 2006 WL 2947474, at *1 (E.D. Wis. 2006) (same).

17    Mattel's motion is not moot.  In his recently-filed Motion to Overrule

18 Mattel's Relevance Objection and Compel Discovery Relevant to Mattel's Employee

19 Agreements, for example, Bryant argues for the first time that Bryant was not

20 required to disclose to Mattel any copyrighted materials he had developed on his

21 own, on the basis that such a disclosure requirement was omitted from Bryant's

22 agreements, but included in prior and subsequent agreements used by Mattel, which

23 he identifies with specificity.[5] This is precisely the type of factual information

24 regarding Bryant's contentions that Mattel seeks, and that Bryant improperly refuses

25 to disclose.  Mattel needs real answers from Bryant about the foundation of his

26

27    [5]   See MGA's and Carter Bryant's Joint Motion to Overrule Mattel's Relevance
Objection and Compel Discovery Relevant to Mattel's Employee Agreements, dated

28 December 19, 2007, at 3, Supp. Proctor Dec., Exh. 1.

07209/2336922.1

-7-

1   contentions, without objection, without qualification, without hedging, and without

2   doubletalk.  Mattel is entitled to responses it can rely upon at the trial of this matter.

3   **II.   BRYANT'S SPECIFIC OBJECTIONS ARE WITHOUT MERIT**

4           If there were any question as to whether Mattel's motion was moot after

5   reading the first half of Bryant's Opposition, Bryant puts that question to rest in the

6   second half, where he argues that his objections to Mattel's Interrogatories have

7   merit.   By arguing the merits of such objections, Bryant effectively demonstrates

8   the need to have those objections ruled upon in order to ensure that his responses are

9   full and complete.   Clearly, Mattel needs the Discovery Master to overrule Bryant's

10  objections and compel Bryant to provide complete answers, not limited by the

11  objections, if Mattel is to be able to rely on Bryant's responses at trial.

12          **A.     The "50 Interrogatory Limit" Objection is Meritless, and Bryant**

13                  **Has Waived It In Any Event.**

14          Bryant claims in his responses that Mattel has purportedly exceeded the

15  fifty interrogatory limit set by the Court.  This objection is directly contravened by

16  the Discovery Master's September 5, 2007 Order, which provided that an

17  interrogatory that asks a defendant to "state all facts," "identify all persons with

18  knowledge of such facts," and "identify all documents" counts as a single

19  interrogatory.[6]

20          In any event, during the meet and confer process, counsel for Bryant

21  represented to Mattel that Bryant was *not* refusing to respond to any of Mattel's

22  interrogatories based on this objection.  Additionally, as Bryant has provided some

23  answer (albeit incomplete) for every interrogatory with the exception of No. 39, it is

24  clear that Bryant has waived any objection on this basis.

25

26

27

28

---

[6]   Order Granting Joint Motion for Protective Order, dated September 5, 2007, at 5-7, Proctor Dec., Exh. 13.

07209/2336922.1

-8-

**B.** **Bryant's Specific Objections To Mattel's Interrogatories Are**
**Meritless**

    **1.** **Mattel's Contention Interrogatories Seeking "All Facts" Are**
**Proper.**

Interrogatories seeking the factual basis for a party's contentions have been held proper time and time again. See, e.g., G.D. v. Monarch Plastic Surgery, 2007 WL 201150, at *9 (D. Kan. 2007) (noting that the Federal Rules expressly authorize interrogatories seeking facts a party contends support its case); Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC, 2006 WL 3253636, at *2-5 (N.D. Ill. 2006) (compelling defendant to answer interrogatories requesting "all supporting facts, documents, exhibits, testimony and/or expert opinions" in support of contentions). Indeed, it is difficult to believe that Bryant is acting in good faith in taking a contrary position. What is being sought by Mattel with these interrogatories has repeatedly been held proper.[7]

Bryant contends that Judge Larson altered the language of one of Mattel's prior interrogatories in Order to make it "significantly narrowed" in scope. See Opp. 15:23-28 ("Judge Larson changed the wording of the supplemental interrogatory from the open-ended 'state all facts which support YOUR affirmative defenses' language requested by Mattel to the much more limited 'state all facts upon *which YOU intend to rely at trial* to support YOUR affirmative defenses'") (emphasis in original). There is no material difference in those two statements. If Bryant plans to introduce a fact at trial, Mattel needs to know what that fact is going to be. That is the very purpose of a contention interrogatory. That is what Mattel is

---

[7] Bryant asserts that Mattel has objected to the use of the term "all facts" in contention interrogatories. While that is true, Mattel also provided 463 pages of textual responses (not objections) to 14 interrogatories propounded by Bryant, notwithstanding its objections to Bryant's discovery requests. Bryant has done the opposite here, providing only 33 total pages of responses to the 24 interrogatories of Mattel set forth in the sets at issue here. See Supp Proctor Dec., ¶ 4.

1   seeking, nothing more.   At issue here is exactly the same type of request to which

2   Judge Larson previously compelled defendants to respond.   Judge Larson has not

3   "implicitly" rejected Mattel's requests, he has *explicitly* ordered defendants to

4   respond to them, "without objection."[8]

### 2.   Mattel Does Not Seek Information Outside Of Bryant's Possession, Custody Or Control.

7          Bryant contends that Mattel's interrogatories seek information beyond

8   his possession, custody or control.[9]  This objection also is meritless.  Mattel

9   expressly confirmed during the pre-filing conference of counsel that it *only* seeks

10  information within Bryant's possession, custody or control.[10]  His continued

11  assertion of this objection as a basis for withholding information that *is* within his

12  possession, custody or control is thus improper, and should be overruled.

### 3.   Bryant's Claim That Interrogatory No. 32 Poses An Improper Hypothetical Is Without Merit.

15         Interrogatory No. 32 asks whether Bryant contends that Mattel should

16  be denied injunctive relief if it prevails on its ownership claim.  This is not, as

17  Bryant suggests, an off-topic, "hypothetical" scenario that involves gross

18  speculation about facts or events outside of this litigation.  It seeks Bryant's current

19  position on a claim for relief within this litigation.  The <u>Kendrick</u> case, cited by

20  Bryant as contrary authority, is completely inapposite.  In that case, the court

21  concluded that the interrogatories at issue were improper because discovery had just

22  begun, and there were thus "few if any facts to which the plaintiffs' contentions or

23  legal theories may be applied." <u>Kendrick</u>, 125 F.R.D. 1, 3 (D.D.C. 1989).  The court

24  expressly noted that its "decision is based not so much upon the *thrust* of

25  [defendant's] questions as it is upon the present state of the record," and indicated

---

[8]  Court's Order, dated December 3, 2007, Proctor Dec., Exh. 20.
[9]  Opp. at 16.
[10]  Supp. Proctor Dec., ¶ 3.

07209/2336922.1

-10-

1 | that it was without prejudice to defendant's ability to resubmit those interrogatories

2 | "once discovery has generated an adequate record." Id. at 4 (emphasis in original).

3 | Not so in this litigation. The close of discovery is fast approaching and Bryant

4 | surely knows at this late date the facts upon which his contentions are grounded.

5 | The time has come for Bryant to disclose this information to Mattel. Interrogatory

6 | No. 32 is proper, and is not precluded by any authorities cited by Bryant.

7 |         **4.**   <u>**Mattel's Interrogatories Are Not Vague, Overbroad or**</u>

8 |                 <u>**Unduly Burdensome.**</u>

9 |       Mattel's interrogatories contain terms that are specifically defined for

10 | Bryant in order to avoid misunderstanding. For example, Mattel defines the term

11 | "BRATZ INVENTION" as "any representation, idea, concept, work, process,

12 | procedure, plan, improvement, design or other development, whether fixed in

13 | tangible form or not, that [refers or relates to Bratz]." See, e.g., Third Set of

14 | Interrogatories at 3:5-8. This definition could not be more specific or precise.

15 | Bryant nevertheless objects to it as "vague and ambiguous." See, e.g.,

16 | Supplemental Response to Interrogatory No. 27 at 9:24-27. Bryant is simply being

17 | disingenuous with this boilerplate response, as he is when he answers the subject

18 | interrogatories using a completely different definition of his own creation. See, e.g.,

19 | id. at 10:16-20. Bryant is simply feigning confusion about the term "invention" in

20 | order to avoid responding to an interrogatory that he does not want to answer.

21 |       Actually, if Mattel did ***not*** define its terms so specifically, Bryant might

22 | have an argument that Mattel's terms are vague and ambiguous. But that would

23 | take away the flipside of the "specificity" argument, namely, that Mattel's specific

24 | and precise term definitions contain multiple words or components and therefore are

25 | "compound" -- another of Bryant's objections. So, in Bryant's world, not only are

26 | Mattel's terms "vague and ambiguous" ***despite*** their specificity, but also

27 | "compound," "overbroad" and "unduly burdensome" ***because*** of their specificity.

28 | See, e.g., Supplemental Response to Interrogatory No. 27 at 9:24-27. This is a

07209/2336922.1

-11-

1   whipsaw argument that, if accepted, offers Mattel no possible means to obtain

2   useable discovery responses.   Mattel's terms are clear.   Mattel's terms are not

3   compound.   Where there are multiple pieces of information sought in a single

4   interrogatory, all pieces of information are closely related, and therefore are of a

5   type that courts, including this one, have repeatedly found to be proper

6   subcategories of questions.   See, e.g., Order Granting Joint Motion for Protective

7   Order, dated September 5, 2007, at 5-7, Proctor Dec., Exh. 13.; see also, Krawczyz

8   v. City of Dallas, 2004 WL 614842, at *3 (N.D. Tex. 2004) (interrogatory asking

9   party to identify state facts and identify person with knowledge of such facts counts

10   as one interrogatory).

11         Mattel's Interrogatories also are not *unduly* burdensome.   Mattel

12   concedes that its interrogatories are burdensome.   All interrogatories are

13   burdensome to some degree because they require work to answer.   See, .e.g.,

14   King v. Georgia Power Co., 50 F.R.D. 134, 136 (N.D. Ga. 1970) (overruling

15   defendant's objection that interrogatory was burdensome and oppressive, even

16   though preparation of answer would be time-consuming and costly, because

17   information was crucial to the issues of the suit and in exclusive custody of

18   defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.

19   Ohio 1951) (overruling "overly burdensome" objection because value of

20   information to plaintiff clearly outweighed any annoyance or expense involved in

21   disclosure by defendant).   But this is no ordinary litigation involving narrow issues

22   and limited amounts in controversy.   This is a high-stakes, multi-party litigation

23   involving many years of conduct, numerous inventions, sophisticated litigants and

24   millions of dollars.   Mattel's interrogatories are targeted and directly relevant to the

25   claims at issue in this lawsuit, and each merits a full and complete response in order

26   for Mattel to fully and properly prepare for trial.   If there is any "balancing" to be

27   performed here (benefits vs. burden of responding), the scale clearly tips in favor of

28   granting Mattel discovery.   Mattel has not wasted any of its 50 interrogatories on

REPLY IN SUPPORT OF MOTION TO COMPEL

1  collateral or unimportant issues.  Mattel's interrogatories ask Bryant to identify the
2  factual underpinnings of his core contentions.  They could not be more directly
3  relevant or important.

4          Relatedly, Bryant's issue with Mattel's use of the defined term
5  "IDENTIFY" (which term is specifically and separately defined for each type of
6  usage in order to ensure absolute clarity) is that it presents an "insurmountable"
7  burden.  See Opp. at 19:1-2.   But again, specificity and comprehension in scope are
8  desirable qualities in an interrogatory, not undesirable ones.   Mattel's specific and
9  comprehensive interrogatories are admittedly burdensome, but they are not *unduly*
10 burdensome in the context of this sophisticated commercial litigation.   In any event,
11 Mattel's use of the term "IDENTIFY" in the instant interrogatories is identical to
12 Mattel's use of the term that was previously before the Court.[11]  Obviously then, the
13 Court has no problem with the burdens posed by such a term, else it would have
14 modified it appropriately.

15      **5.    Limiting Mattel to Discovery Regarding Tangible Drawings**
16             **As Opposed to Intangible Property Does Not Provide a**
17             **Sufficient Response.**

18          Bryant makes much of his offer to provide Mattel with interrogatory
19 responses limited to "tangible" drawings, if Mattel would agree not to seek
20 information relating to any "intangible" works of Bryant's.   See Opp. at 19:9-13.
21 This offer was unacceptable for three reasons.  First, intangible intellectual property
22 is properly the subject of discovery requests and indeed is the subject of Mattel's
23 claims.[12]  Aside from positing that Mattel "cannot be seriously contending" that it

---

[11]   Compare Mattel's Third Set of Interrogatories, dated June 7, 2007, at 5-7,
Proctor Dec., Exh. 14 with Mattel's Revised Third Set of Interrogatories, dated
September 21, 2007, at 6-8, Proctor Dec., Exh. 1.
[12]   See Employee Confidential Information and Inventions Agreement between
Mattel, Inc. and Carter Bryant, dated January 4, 1999 (defining "inventions" to
include "all discoveries, improvements, processes, developments, designs, know-
(footnote continued)

REPLY IN SUPPORT OF MOTION TO COMPEL

1  owns Bryant's ideas (Mattel is so claiming), Bryant says nothing to refute this.

2  Second, the creation date of an intangible work may not coincide with the creation

3  date of a tangible related or derivative property -- both are relevant.  Accordingly,

4  Bryant's offer would confine Mattel's discovery to a narrower scope of issues than is

5  truly at issue in this case, and would potentially expose Mattel to surprise at the time

6  of trial.   No such limitation therefore should be permitted.  And in any case,

7  Bryant's supplemental responses notably do not even provide the information

8  regarding Bryant's "tangible" creations that he originally promised.[13]

9          **6.      Mattel Did Not Agree That Bryant Could Withhold**

10                    **Responsive Information Regarding Computer Drives To**

11                    **Which He Had Access.**

12          Bryant contends that Mattel's use of the term "IDENTIFY" in

13  connection with computer drives that he has had access to during the relevant time

14  period (Interrogatory Nos. 40 and 47) creates an improper multi-part interrogatory

15  that is unduly burdensome.  See Opp. at 22:11-21.   This objection is meritless.

16          As previously set forth, where the subparts of an interrogatory are all

17  related, courts have held that they do not require separate numbering.  See, e.g.,

18  Krawczyz, 2004 WL 614842 at *3.

19          Bryant further contends that Mattel agreed as part of the meet and

20  confer process that Bryant could provide an incomplete response to these

21  interrogatories.  See Opp. at 22:22-27.  No such agreement appears in the

22  confirming correspondence generated by either side, and the meet and confer letters

23  specifically address Bryant's responses to Interrogatory Nos. 40 and 47.  Nor would

24  Mattel have any reason to so agree.

25

26  how, data computer programs and formulae, whether patentable or unpatentable"),

27  Proctor Dec., Exh. 21.

    [13]    See Bryant's Responses and Objections to Mattel's Revised Third Set of

28  Interrogatories, dated November 15, 2007, at 5-11, Proctor Dec., Exh. 5.

1    **7.    Bryant's Objections To Mattel's Interrogatory About The**
2    **Identity of Bryant's Bank Accounts Are Improper.**

3    Interrogatory No. 39 requests that Bryant identify the financial
4    institutions and accounts where any money relating to the Bratz properties would
5    have been deposited.   Bryant objects on the basis of privacy.  This objection is
6    meritless.

7    First, it is well-settled that a protective order precludes any further
8    objection based upon the disclosure of information that otherwise might have
9    privacy protection, at least in the context of the information at issue here.  See, e.g.,
10   A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 191 (C.D. Cal. 2006)
11   ("Resolution of a privacy objection . . . requires a balancing of the need for the
12   information sought against the privacy right asserted . . . *Here, plaintiff's need for*
13   *defendant Garber's financial documents outweighs defendant Garber's claim of*
14   *privacy, especially when the 'impact' of the disclosure of the information can be*
15   *protected by a 'carefully drafted' protective order*.") (citing In re Heritage Bond
16   Litigation, 2004 WL 1970058, *5 n.12 (C.D. Cal. July 23, 2004) ("Any privacy
17   concerns Kasirer defendants have in their bank records and related financial
18   statements are adequately protected by the protective order, and are not sufficient to
19   prevent production in this matter"); CEH, Inc. v. FV "Seafarer", 153 F.R.D. 491,
20   499 (D.R.I. 1994) ("While a party does have an interest in nondisclosure and
21   confidentiality of its financial records, this interest can be adequately protected by a
22   protective order.")) (other citations omitted) (emphasis added); Keith H. v. Long
23   Beach Unified School, 228 F.R.D. 652, 657 (C.D. Cal. 2005) ("Resolution of a
24   privacy objection . . . requires a balancing of the need for the information sought
25   against the privacy right asserted . . . 'a carefully drafted protective order [can]
26   minimize the impact of this disclosure.'") (citations omitted) (emphasis added).
27   There is a Protective Order on file in this case that prevents use of any such
28   information outside of this litigation.  That is adequate.

07209/2336922.1

-15-

REPLY IN SUPPORT OF MOTION TO COMPEL

1    Second, Mattel is not asking that Bryant identify or produce a vast

2    quantity of sensitive financial records.  It is asking only that he identify the

3    institutions and accounts.  Bryant has absolutely no basis for withholding even that

4    identifying information.

5        Third, Bryant's purported authorities preventing pre-judgment

6    discovery of financial records are completely inapposite.   The <u>California Code of</u>

7    <u>Civil Procedure</u> has no application to this proceeding in Federal Court.  On its face,

8    <u>Federal Rule of Civil Procedure</u> 69 has no application to this stage of the litigation

9    because Mattel is not at this point attempting to execute on judgment, and nothing in

10   Rule 69 otherwise precludes prejudgment financial discovery of all kinds.  Further,

11   Bryant's reliance on <u>Sommers v. West</u>, 1997 WL 772783, *1 (S.D.N.Y. 1997), is

12   completely misplaced.  Bryant cites this case for the proposition that information

13   regarding a defendant's assets is generally irrelevant prior to the entry of a

14   judgment.[14]  He omits, however, that the court in <u>Sommers</u> stated that such

15   information is generally not relevant where "only compensatory damages are

16   sought." <u>Id.</u>  In this case, by contrast, Mattel seeks punitive damages against Bryant.

17   And the information sought here is directly relevant to the merits of the claims

18   between Bryant and Mattel; it is not being sought to determine whether Bryant is

19   solvent.  This discovery is directly relevant and permissible in light of the issues in

20   this case.

21      **8.     <u>Bryant's Response to Interrogatory No. 45 Is Neither</u>**

22              **<u>Credible Nor Complete.</u>**

23        Interrogatory No. 45 asks that Bryant identify each Bratz product that

24   has been sold by him or his licensees, and for each product, identify the number of

25   sales, gross and net revenues, costs and net profits.  Given that one of the primary

26   issues in this case involves accounting for sales of products purportedly owned by

27

28   [14]  Opp. at 23.

-16-

1 Bryant and/or MGA, one might expect a straightforward response on this topic. Not
2 so. Instead, Bryant has chosen to quibble with Mattel's definition of "Bratz product"
3 in order to avoid providing an answer.

4 "Bratz Product" is defined by Mattel in the Interrogatories as "any
5 product, whether two-dimensional or three-dimensional, and whether in tangible,
6 digital, electronic or other form, that is or has ever been sold that, in whole or in
7 part, that [refers or relates to Bratz]," including, but not limited to, any Bratz doll,
8 movie, TV show, or any other product that is or has ever been sold in any packaging
9 that includes the name Bratz. See Mattel's Sixth Set of Interrogatories at 4:1-7.
10 Again, this definition could not be more specific or precise. But, rather than
11 respond using Mattel's definition, Bryant argues that "a 'product' . . . is not ordinarily
12 understood to mean a unique, abstract idea, such as Bryant's Bratz idea," and so his
13 response it that "he has not sold any BRATZ PRODUCT." See Opp. at 20:1-25.

14 Toy store shelves are filled with Bratz products. Bryant is getting
15 substantial royalty checks from MGA for Bratz products. So ***somebody*** clearly is
16 selling Bratz products, and Bryant is profiting from those sales. And indeed, Bryant
17 is profiting from his sale to MGA of not only his claimed "Bratz idea," but also his
18 own Bratz products -- the Bratz works he created and purported to sell to MGA.[15]
19 Thus, Bryant's response is predicated upon not only a creative re-write of Mattel's
20 interrogatory, but also a creative re-write of his agreement with MGA.

21

22 [15]   See, e.g., Agreement between Bryant and MGA dated as of September 18,
23 2000, at 3(b) (purporting to assign to MGA, for compensation, Bryant's rights to
   "any inventions, and any documentation related thereto, and any other material,
24 whether written or oral, created by or for Bryant relating to the MGA Products,"
25 which are defined as "a line of dolls presently known as Bratz" in Paragraph 1),
   Supp. Proctor Dec. Ex. 2; Modification and Clarification of the 2000 Agreement, at
26 3.2 (Bryant and MGA agreement purporting to confirm Bryant's assignment to
27 MGA of "all work done by Bryant prior to September 18, 2000, which became
   known as the Bratz Property," including "drawings," "models," "prototypes" and
28 other products), Supp. Proctor Dec. Ex. 3.

REPLY IN SUPPORT OF MOTION TO COMPEL

1   The Court should again compel and full and complete response.  As
2   Mattel advised Bryant during the meet and confer process, Mattel has no objection
3   to Bryant pointing to royalty statements (as he does in his supplemental response) if
4   those statements provide all responsive information (and are produced to Mattel).
5   But to date, Bryant has never confirmed that they do.

6   **III.    MONETARY SANCTIONS SHOULD BE IMPOSED AGAINST**
7   **BRYANT**

8   Contrary to Bryant's assertions, Mattel did in fact meet and confer in
9   good faith on this motion.  The parties meet and conferred on three separate
10  occasions prior to the filing of Mattel's Motion.  During those conferences of
11  counsel, the parties discussed Bryant's objections to Mattel's interrogatories at
12  length, for hours.  Bryant confirmed his responses were limited by those objections
13  and said that his supplemental responses would be so limited as well.[16]  He then
14  served supplemental responses, albeit belatedly, which as advertised continue to
15  assert these baseless objections and limit his supplemental responses.

16  Although the parties had previously discussed Bryant's objections,
17  Mattel nonetheless wrote to Bryant following receipt of his supplemental responses
18  on December 19th and 20th (Bryant for some reason chose not to include one of
19  those letters in his opposition), again inviting him to state whether his responses
20  were complete.[17]  Bryant's attorneys were unwilling to confer absent the withdrawal
21  of Mattel's Motion.  Because Mattel's Motion was not mooted by service of Bryant's
22  incomplete supplemental responses, there was no basis for such a withdrawal.

23
24

25  [16]  See Letter from B. Dylan Proctor to Matthew Werdegar, dated December 6, 2007, Proctor Dec., Exh. 11.
26  [17]  See Letter from B. Dylan Proctor to Matthew Werdegar, dated December 19,
27  2007, attached to Werdegar Dec., Exh. 2.  See letter from B. Dylan Proctor to
28  Matthew Werdegar, dated December 20, 2007, attached to Supp. Proctor Dec, Exh. 4.

1    The information sought in these interrogatories is not only properly

2  discoverable, it goes to key issues at the heart of this case.  Bryant does not contend

3  otherwise.  Yet, as of this date, nowhere does Bryant state that even a single

4  interrogatory response is full and complete in the sense that all responsive

5  information has been provided -- not in his Opposition, nor in any of the meet and

6  confer letters, nor in any of the discovery responses themselves.  This motion was

7  necessitated by Bryant's stonewall and delay tactics, and sanctions therefore are

8  appropriate (and, for the same reasons, Bryant's unsupported request for

9  countersanctions is inappropriate and unwarranted).

10                          **Conclusion**

11    For the foregoing reasons, the Discovery Master should (1) compel Carter

12  Bryant to answer completely Interrogatory Nos. 27, 28, 29, 30, 31, 32, 33, 36, 37, 38,

13  39, 40, 42, 45 and 47 in Mattel's Revised Third, Amended Fourth, Fifth and Sixth Sets

14  of Interrogatories, (2) overrule all of Bryant's objections, and (3) award sanctions in the

15  amount of $3,000.

16

17  DATED:  December 27, 2007          QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
18

19                                 By  *B. Dylan Proctor* /sa
20                                     B. Dylan Proctor
                                       Attorneys for Plaintiff
21                                     Mattel, Inc.

22

23

24

25

26

27

28