QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>     vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br><u>Hon. Stephen G. Larson</u><br><br>REPLY MEMORANDUM OF MATTEL, INC. TO RESPONSE OF MGA DEFENDANTS TO MATTEL, INC.'S MOTION FOR ORDER CONFIRMING THAT THE DISCOVERY MASTER HEARS AND RESOLVES ALL DISCOVERY DISPUTES, INCLUDING THOSE WITH THIRD PARTIES<br><br>[Declarations of Michael T. Zeller and Bridget A. Hauler and Notice of Lodging filed concurrently herewith]<br><br>Hearing Date:  January 7, 2008<br>Time:          10:00 a.m.<br>Place:         Courtroom 1<br><br>**Phase I**<br>Discovery Cut-Off:    January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:           May 27, 2008 |

07209/2337882.2

REPLY ISO MATTEL'S MOTION FOR ORDER CONFIRMING AUTHORITY OF DISCOVERY MASTER

**Preliminary Statement**

Abandoning the challenge to Judge Infante's authority they had made previously, the MGA Defendants offer no opposition to Mattel's motion. Nowhere do they contest that, under both the plain language of this Court's Order and the governing law, the Discovery Master has authority to hear and resolve all discovery disputes, including those with each of the parties and all third parties. The one criterion the MGA Defendants do cite for resolving this motion – efficiency – surely argues for submitting the disputes to Judge Infante, in view of his experience with and knowledge of the issues. Accordingly, the Court should grant Mattel's motion in its entirety.

Although the MGA Defendants state their non-opposition to Mattel's actual motion in one short paragraph, they nevertheless devote five pages to attacking Mattel on issues unrelated to Judge Infante's authority. MGA's reason for inserting these attacks – which are replete with false and erroneous assertions – can only be to influence the Court on its perception of Matttel and the way it has conducted this litigation. Mattel submits this reply bring to set the record straight.

**Argument**

**I.   ANY ALLEGED BURDEN AND EXPENSE SUFFERED BY DEFENDANTS IS A RESULT OF THEIR OWN STONEWALLING**

To determine who has been abusing the discovery process, the Court need look no further than the more than 20 discovery Orders that the Discovery Master, the Magistrate Judge and two State courts collectively have entered in this case against the MGA Defendants and Bryant.[1] At least three of the Orders found

---

[1] See Supplemental Declaration of B. Dylan Proctor in Support of Mattel, Inc.'s Opposition to MGA Entertainment, Inc.'s Motion for Terminating Sanctions ("Supp. Proctor Dec.") at ¶¶ 2-7, lodged concurrently; see also Dallas County Court at Law's Order Denying Bryant's Motion for Protective Order, dated November 16, 2007,
(footnote continued)

1  the MGA Defendants have engaged in willful and deliberate violations of their
2  discovery obligations.
3       This Court too previously observed that defendants have stonewalled on
4  matters of even "obvious" discovery.[2] And indeed they have. Carter Bryant refused
5  to appear for deposition until twice ordered to do so -- the second time because he
6  refused to comply with the first Order.[3] Likewise, Isaac Larian did not appear for
7  deposition until Judge Block twice ordered him to do so and imposed sanctions.[4] It
8  also took multiple Orders before Paula Garcia, MGA's project manager for Bratz --
9  a plainly central witness -- would appear for a proper examination on Phase 1

---

attached as Exhibit 1 to the Declaration of Michael T. Zeller In Support of Mattel's Motion For Order Confirming That The Discovery Master Hears And Resolves All Discovery Disputes, Including Those With Third Parties ("Zeller Dec."), dated December 31, 2007 and filed concurrently herewith; Discovery Master's Order Granting Mattel's motion to Compel Carter Bryant to Answer Requests for Admission, dated August 21, 2007, Zeller Dec., Exh. 2; Discovery Master's Order Granting Mattel's Motion to Compel MGA to Answer Requests for Admission, dated August 21, 2007, Zeller Dec., Exh. 3; Discovery Master's Order Granting Mattel's Motion to Compel Bryant to Make Original Documents Available for Expert Examination and Testing, dated August 30, 2007, Zeller Dec., Exh. 4; Discovery Master's Order Granting In Part Mattel's Motion to Compel MGA To Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated September 26, 2007, Zeller Dec., Exh. 5; Discovery Master's Order Granting In Part Mattel's Motion for Additional Time To Depose Carter Bryant For All Purposes, dated September 28, 2007, Zeller Dec., Exh. 6; Discovery Master's Order Granting Mattel's Motion to Compel MGA to Produce Documents, dated December 17, 2007, Zeller Dec., Exh. 7; Discovery Master's Order Granting Mattel, Inc.'s Motion to Compel Production of Documents by MGA, dated December 28, 2007, Zeller Dec., Exh. 8.

[2]  Hearing Transcript of Scheduling Conference, dated February 12, 2007, at 13:6-15, Zeller Dec., Exh. 9.

[3]  See Supp. Proctor Dec. at ¶¶ 5(a) & 5(b).

[4]  Id.

issues.[5] In addition, MGA failed to produce compelled Rule 30(b)(6) designees, despite being ordered by the Discovery Master to do so. The Discovery Master found MGA's failure to comply with that Order to be "willful," "inexcusable" and "egregious."[6] Both MGA and Bryant refused to produce documents going to the origins and creation of Bratz until Judge Infante repeatedly ordered them to do so[7] and even now the defendants have failed to comply.

This tactic of extraordinary stonewalling continues to this day. To date, for instance, defendant Larian has not produced a single page of documents in this case.[8] MGAE de Mexico similarly flatly refuses to produce a single page of documents in this case -- even documents ostensibly supporting its own defenses.[9] And, just like Mr. Larian, Mr. Bryant and Ms. Garcia before him, defendant Gustavo Machado refused to sit for deposition until after Mattel moved to compel his deposition.[10] Indeed, not one of MGA's witnesses has sat for deposition without Court Orders compelling them or without Mattel having to bring a motion to compel. Not surprisingly, defendants' general refusal to provide any discovery no matter how obvious unless moved on or compelled -- and frequently not even then -- requires Mattel to resort to motion practice.

Defendants' discovery conduct also explains the timing of Mattel's follow-up discovery that the MGA Defendants decry in their Response. Had Defendants timely produced witnesses and documents as they promised they would do back in February (but then failed to, even after being compelled), Mattel could

---

[5] Id. at ¶¶ 5(j) & 5(k).
[6] Id. at ¶¶ 2-4.
[7] Id. at ¶¶ 5(d) & 5(i).
[8] Zeller Dec., ¶ 11.
[9] MGA Mexico's Objections and Responses to Mattel's First Set of Requests for Production, Zeller Dec., Exh. 10.
[10] Zeller Dec., ¶ 13.

have identified necessary follow up discovery much earlier. Instead, Defendants waited to produce the bulk of their witnesses and documents only after Orders—and sometimes multiple Orders—compelling them to do so.[11]

Finally, and further belying Defendants' charges of discovery excesses by Mattel, Defendants have propounded as much -- and in some instance more -- discovery requests than Mattel in this litigation, which Defendants themselves say is worth "billions" of dollars. To cite just some of the salient statistics, Defendants have served in excess of 1,200 requests for production, 1,200 requests for admissions, in excess of 50 interrogatories, 146 <u>Rule</u> 30(b)(6) topics and at least 64 subpoenas.[12]

## II. **DEFENDANTS' FAILURE TO PROVIDE DISCOVERY MAKES THIRD PARTY DISCOVERY CRUCIAL, INCLUDING ON DAMAGES**

MGA complains about subpoenas Mattel served on Wachovia and Ernst & Young, but these subpoenas seek relevant, discoverable information that

---

[11] MGA does this for perceived tactical advantage. For instance, just two days before Paula Garcia was to sit for her compelled deposition and months after it had represented to Judge Infante that it would produce its documents, MGA suddenly turned over thousands of pages of documents with her name on them. Discovery Master's Order Granting Mattel's Motion for an Extension of Time to Depose Paula Garcia, dated August 14, 2007, at 3:16-17, Zeller Dec., Exh. 14. As another example, MGA waited until September 2007 to produce an MGA email attaching a photograph of a full-blown Bratz sculpture as of October 16, 2000 -- before Bryant had left Mattel. <u>See</u> Rich email dated October 16, 2000, attached as Exhibit 1 to the Declaration of Bridget A. Hauler ("Hauler Dec."), dated December 31, 2007 and filed concurrently herewith. This was the first time Defendants produced this email or, indeed, any document showing the appearance of a Bratz sculpt completed before Bryant left Mattel, despite the fact that any such documents clearly should have been produced years ago. MGA thus cannot legitimately claim it is suffering any undue burden or expense (it brought those upon itself), let alone properly assert it as a reason to criticize the timing of Mattel's follow-up discovery.

[12] Zeller Dec., ¶ 14.

Defendants have not produced. According to MGA's Rule 30(b)(6) designee on the subject, MGA has produced no information showing net value.[13] Furthermore, because Isaac Larian has not produced any documents in this action, he necessarily too stonewalls on his net worth. The documents sought by the third-party subpoenas are highly relevant to net worth, as well as determinations of good will and the value of Defendants' claimed intellectual property.

For instance, Ernst & Young served as one of MGA's auditors during the time period of MGA's wrongful conduct.[14] Request No. 1 seeks information regarding MGA's annual audits.[15] Request Nos. 2 and 3 seek "all documents indicating or calculating MGA's net worth" and "all documents indicating or calculating the value of MGA's intellectual property or goodwill." Further, Request No. 8 seeks documents sufficient to identify MGA's other auditors since 1999.[16] Mattel is entitled to know what other companies served as MGA's auditors so that Mattel may obtain additional financial documents related to Bratz, Bratz-related related products and MGA's finances, including those relating to MGA's net worth and the value of its good will and putative intellectual property. This information is

---

[13] Deposition Transcript of Lisa Tonnu, Vol. 2 ("Tonnu Depo. Tr."), dated September 24, 2007 at 322:19-325:6; 326:17-327:6; 333:3-7; 334:12-15, Hauler Dec., Exh. 4.

[14] Mattel's Request Nos. 1-3 to Ernst & Young seeks MGA financial documents, such as tax returns, payroll records, financial projections and pro formas, as well as documents that show the value of MGA's net worth, intellectual property and goodwill. See Mattel's Subpoena to Ernst & Young dated October 25, 2007, Zeller Dec., Exh. 15.

[15] "All documents constituting or relating to MGA's annual audits, including without limitation accounting records, audit programs, audit reports and drafts thereof, tax returns, work papers, worksheets, payroll records, financial projections, pro formas and budgets, from the period beginning January 1, 1999 to the present." Id. at Requests No. 1.

[16] Id.

highly relevant, and indeed this Court so found previously in upholding Judge Infante's Order compelling MGA to provide it.[17]

Request Nos. 6-7 to Wachovia likewise seek documents directly related to MGA's net worth, intellectual property and goodwill.[18] These Requests seek:

- "To the extent not included in YOUR production responsive to Request Nos. 1-5, all documents indicating or showing a calculation of MGA's net worth or value." [Request No. 6].

- "To the extent not included in YOUR production responsive to Request Nos. 1-6, all documents indicating or calculating the value of MGA's intellectual property or goodwill." [Request No. 7].[19]

In addition, Mattel's subpoena to Wachovia seeks documents related to Wachovia's loans to MGA.[20] According to Farhad Larian's statements in prior litigation with Isaac Larian (discussed further below), the first loan, which MGA applied for and Wachovia funded in 1999 or 2000,[21] was evidently used by MGA for the development and implementation of Bratz. Both loan documents and supporting loan documentation are relevant because they are likely to contain information regarding when MGA had asserted that the Bratz design was first conceived, the stage of development of Bratz at the time of the loan application or

---

[17] Court's Order dated July 2, 2007, Zeller Dec., Exh. 18.
[18] See Mattel's Subpoena to Wachovia dated October 25, 2007, Zeller Dec., Exh. 16.
[19] Mattel's Request No. 12 to Wachovia seeks "[d]ocuments sufficient to identify any other MGA lender or person who extended or was requested to extend a line of credit to MGA since January 1, 1998." Such additional lenders that Mattel is not yet aware of may provide information that MGA has not and will not produce to Mattel, such as MGA's net worth and the value of relevant good will and intellectual property. These documents are, therefore, highly relevant as well.
[20] Id.
[21] See letter from Jon Corey to Neal Potischman dated December 24, 2007, Zeller Dec., Exh. 11.

funding, and projections by MGA regarding potential revenues attributable to Bratz and related Bratz products.[22]

The subpoenas also seek documents related to Larian's litigation with Farhad Larian.[23] Farhard Larian was an executive with MGA who has been involved in various disputes related to MGA and his brother, Isaac Larian. The Discovery Master has already ruled that the legal dispute between Isaac Larian and his brother Farhad Larian is relevant because it involved, among other matters, the conception and creation date for Bratz. In particular, Judge Infante noted that this issue "appears to have been raised in the arbitration proceedings between MGA's chief executive officer, Isaac Larian, and his brother Farhad Larian" and that in those proceedings "Farhad Larian alleged that Isaac Larian concealed from him that MGA was developing Bratz by early 2000."[24] Wachovia confirmed that it has documents originally collected in response to a subpoena from Farhad Larian in the arbitration between the brothers.[25]

Far from being burdened as MGA claims without substantiation, Wachovia has already identified responsive documents, and Ernst & Young informed Mattel weeks ago that it stands ready to produce documents.[26] MGA nevertheless chose to create delay and additional expense and burden on the third

---

[22] MGA applied for and received its second loan from Wachovia in 2006 in order to fund MGA's acquisition of Little Tykes. The loans documents from both loans are relevant to demonstrate the value of assets pledged by MGA as collateral for the loans -- documents which go to show MGA's net worth and documents which MGA has thus far not produced to Mattel.
[23] See Mattel's Subpoena to Ernst & Young dated October 25, 2007, Zeller Dec., Exh. 15.
[24] See Discovery Master's Order dated May 15, 2007 at 10-11, Zeller Dec., Exh. 17.
[25] Corey letter dated December 24, 2007, Zeller Dec., Exh. 11.
[26] Corey letters dated December 20, 2007 and December 24, 2007, Zeller Dec., Exh. 11.

parties, the Discovery Master and Mattel by derailing these third party productions. As such, defendants' attempt to blame Mattel for the issues over these subpoenas is entirely misplaced.[27]

## Conclusion

Mattel respectfully requests that the Court grant its motion and issue an order confirming that the Discovery Master hears and resolves all discovery disputes involving the parties and all non-parties within the Court's personal jurisdiction.

DATED: December 31, 2007         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
  Michael T. Zeller
  Attorneys for Mattel, Inc.

---

[27] Indeed, the only party in this case who has been found to have served overbroad, improper subpoenas is MGA. See Discovery Master's Order Granting in Part Mattel's Motion for Protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007, Zeller Dec., Exh. 12.