QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>             Plaintiff,<br><br>        vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>             Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br><u>Hon. Stephen G. Larson</u><br><br>**REPLY TO MGA DEFENDANTS' RESPONSE TO MATTEL, INC.'S MOTION FOR ORDER CONFIRMING THAT THE DISCOVERY MASTER HEARS AND RESOLVES ALL DISCOVERY DISPUTES, INCLUDING THOSE WITH THIRD PARTIES**<br><br>Hearing Date:  January 7, 2008<br>Time:             10:00 a.m.<br>Place:            Courtroom 1<br><br>**Phase I**<br>Discovery Cut-Off:   January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:                May 27, 2008 |

**Preliminary Statement**

Abandoning the challenge to Judge Infante's authority they had made previously, the MGA Defendants offer no opposition to Mattel's motion. Nowhere do they contest that, both under the plain language of this Court's Order and the governing law, the Discovery Master has authority to hear and resolve all discovery disputes, including those with each of the parties and all third parties within the personal jurisdiction of the Court. The Court should grant Mattel's motion in its entirety accordingly.

Although MGA Defendants state their non-opposition to Mattel's actual motion in one short paragraph, they nevertheless devote the remaining five pages of their so-called "Response" to a meritless, time-wasting argument that the Court should select as the arbiter of discovery disputes whomever is most likely to rule against Mattel. For this baldly result-oriented position, the MGA Defendants cite no legal authority, undoubtedly because it is legally groundless. It is also premised on factually false accusations against Mattel. While Mattel regrets burdening the Court further, the MGA Defendants persist in these erroneous claims and obviously have irrelevantly interjected them here as a pre-text for attacking Mattel. Hopefully, setting the record straight will deter further repetition of Defendants' misstatements.

**Argument**

**I.  ANY ALLEGED BURDEN AND EXPENSE SUFFERED BY DEFENDANTS IS A RESULT OF THEIR OWN STONEWALLING**

The MGA Defendants are apparently looking to garner sympathy for the purported burden of having to respond to discovery, but any alleged burden and expense is entirely of their own making. To determine who has been abusing the discovery process, the Court need look no further than the more than 20 discovery Orders that the Discovery Master, the Magistrate Judge and two State courts

collectively have entered in this case against the MGA Defendants and Bryant.[1]  At least three of the Orders found the MGA Defendants have engaged in willful and deliberate violations of their discovery obligations.

This Court too previously observed that defendants have stonewalled on even matters of "obvious" discovery.[2]  And indeed they have.  Carter Bryant refused to appear for deposition until twice ordered to do so -- the second time because he refused to comply with the first Order.[3]  Likewise, Isaac Larian did not appear for

---

[1]  See Supplemental Declaration of B. Dylan Proctor in Support of Mattel, Inc.'s Opposition to MGA Entertainment, Inc.'s Motion for Terminating Sanctions ("Supp. Proctor Dec.") at ¶¶ 2-7, lodged concurrently; see also Dallas County Court at Law's Order Denying Bryant's Motion for Protective Order, dated November 16, 2007, attached as Exhibit 1 to the Declaration of Michael T. Zeller In Support of Mattel's Motion For Order Confirming That The Discovery Master Hears And Resolves All Discovery Disputes, Including Those With Third Parties ("Zeller Dec."), dated December 31, 2007 and filed concurrently herewith; Discovery Master's Order Granting Mattel's motion to Compel Carter Bryant to Answer Requests for Admission, dated August 21, 2007, Zeller Dec., Exh. 2; Discovery Master's Order Granting Mattel's Motion to Compel MGA to Answer Requests for Admission, dated August 21, 2007, Zeller Dec., Exh. 3; Discovery Master's Order Granting Mattel's Motion to Compel Bryant to Make Original Documents Available for Expert Examination and Testing, dated August 30, 2007, Zeller Dec., Exh. 4; Discovery Master's Order Granting In Part Mattel's Motion to Compel MGA To Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated September 26, 2007, Zeller Dec., Exh. 5; Discovery Master's Order Granting In Part Mattel's Motion for Additional Time To Depose Carter Bryant For All Purposes, dated September 28, 2007, Zeller Dec., Exh. 6; Discovery Master's Order Granting Mattel's Motion to Compel MGA to Produce Documents, dated December 17, 2007, Zeller Dec., Exh. 7; Discovery Master's Order Granting Mattel, Inc.'s Motion to Compel Production of Documents by MGA, dated December 28, 2007, Zeller Dec., Exh. 8.

[2]  Hearing Transcript of Scheduling Conference, dated February 12, 2007, at 13:6-15, Zeller Dec., Exh. 9.

[3]  See Supp. Proctor Dec. at ¶¶ 5(a) & 5(b).

deposition until Judge Block twice ordered him to do so and imposed sanctions.[4] It also took multiple Orders before Paula Garcia, MGA's project manager for Bratz -- a plainly central witness -- would appear for a proper examination on Phase 1 issues.[5]  In addition, MGA failed to produce compelled Rule 30(b)(6) designees, despite being ordered by the Discovery Master to do so.  The Discovery Master found MGA's failure to comply with that Order to be "willful," "inexcusable" and "egregious."[6]  Both MGA and Bryant refused to produce documents going to the origins and creation of Bratz until Judge Infante repeatedly ordered them to do so[7] and even now the defendants have failed to comply.

This tactic of extraordinary stonewalling continues to this day.  To date, for instance, defendant Larian has not produced a single page of documents in this case.[8]  MGAE de Mexico similarly flatly refuses to produce a single page of documents in this case -- even documents ostensibly supporting its own defenses.[9] And, just like Mr. Larian, Mr. Bryant and Ms. Garcia before him, defendant Gustavo Machado refused to sit for deposition until after Mattel moved to compel his deposition.[10]  Indeed, not one of MGA's witnesses has sat for deposition without Court Orders compelling them to do so or without Mattel having to bring a motion to compel.  Not surprisingly, defendants' general refusal to provide any discovery no matter how obvious unless moved on or compelled -- and frequently not even then -- requires Mattel to resort to motion practice.

---

[4] Id.
[5] Id. at ¶¶ 5(j) & 5(k).
[6] Id. at ¶¶ 2-4.
[7] Id. at ¶¶ 5(d) & 5(i).
[8] Zeller Dec., ¶ 11.
[9] MGA Mexico's Objections and Responses to Mattel's First Set of Requests for Production, Zeller Dec., Exh. 10.
[10] Zeller Dec., ¶ 13.

1	Defendants' failures and delays in providing discovery and their
2	failures to comply with discovery Orders also has created the follow-up Mattel
3	discovery that the MGA Defendants decry in their Response.  Had Defendants
4	timely produced witnesses and documents as they promised they would do back in
5	February (but then refused to, even after being compelled), Mattel could have
6	identified necessary follow up discovery much earlier.  Instead, Defendants waited
7	to produce the bulk of their witnesses and documents only after Orders—and
8	sometimes multiple Orders—compelling them to do so.[11]

9	Finally, and further belying Defendants' charges of discovery excesses
10	by Mattel, Defendants have propounded as much -- and in some instance more --
11	discovery requests than Mattel in this litigation, which Defendants themselves say is
12	worth "billions" of dollars.  To cite just some of the salient statistics, Defendants
13	have served in excess of 1,200 requests for production, 1,200 requests for
14	admissions, ___ interrogatories, 146 Rule 30(b)(6) topics and ___ subpoenas.[12]

---

[11] MGA does this for perceived tactical advantage.  For instance, just two days before Paula Garcia was to sit for her compelled deposition and months after it had represented to Judge Infante that it would produce its documents, MGA suddenly turned over thousands of pages of documents with her name on them.  Cite to Infante Order.  As another example, MGA Hong Kong waited until September 2007 to produce an MGA email attaching a photograph of a full-blown Bratz sculpture as of October 16, 2000 -- before Bryant had left Mattel.  See Rich email dated October 16, 2000, attached as Exhibit 1 to the Declaration of Bridget A. Hauler ("Hauler Dec."), dated December 31, 2007 and filed concurrently herewith.  This was the first time Defendants produced this email or, indeed, any document showing the appearance of a Bratz sculpt completed before Bryant left Mattel, despite the fact that any such documents clearly should have been produced years ago.  MGA thus cannot legitimately claim it is suffering any undue burden or expense (it brought those upon itself), let alone properly assert it as a reason to decry the timing of Mattel's follow-up discovery.

[12] Zeller Dec., ¶ 14.

## II. DEFENDANTS' FAILURE TO PROVIDE DISCOVERY MAKES THIRD PARTY DISCOVERY CRUCIAL

Defendants lead with their chin in complaining about the alleged burden that Mattel discovery poses to third parties. Indeed, Defendants' violations of their discovery obligations makes it critically important that Mattel have access to third-party discovery. To cite one particularly troubling episode, just this past Friday, Veronica Marlow -- a former MGA vendor who has worked extensively with MGA for years and has been paid millions by Defendants -- revealed for the first time that she knew of no fewer than three Mattel employees who worked on Bratz while employed by Mattel.[13] At least two of these individuals worked *for years* on Bratz while employed by Mattel.[14] Nonetheless, Defendants in this case failed to previously disclose them -- and indeed gave false, blanket denials under oath -- in response to specific Mattel discovery and deposition questions seeking the identification of any Mattel employees who worked on Bratz or for MGA while employed by Mattel.[15] Indeed, in recent interrogatory responses MGA falsely claimed that one of these Mattel employee had began working for MGA only in 2003[16]—two years after she left Mattel—when in fact she had been working on Bratz in 2000 and 2001 when she was still employed by Mattel as Ms. Marlow's

---

[13] See Rough Deposition Transcript of Veronica Marlow ("Marlow Depo. Tr."), dated December 28, 2007, at 300:11-301:4, 356:12-18, Hauler Dec., Exh. 2.
[14] Id. at 282:16-284:6, 301:12-302:4.
[15] See e.g., Deposition Transcript of Carter Bryant, Vol. 2 ("Bryant Depo. Tr."), dated November 5, 2007, at 286:25-287:5, Hauler Dec., Exh. 3; see also Deposition Transcript of Lisa Tonnu, Vol. 2 ("Tonnu Depo. Tr.), dated September 24, 2007, at 301:2-17, Hauler Dec., Exh. 4; MGA's Supplemental Responses to Mattel's Revised Third Set of Interrogatories ("MGA's Supplemental Responses to Interrogatories") at 64-70, Hauler Dec., Exh. 5.
[16] See MGA's Supplemental Responses to Interrogatories at 67, Hauler Dec., Exh. 5.

testimony and documents revealed.[17] With such a track record, MGA cannot be heard to complain about Mattel's exercise of its rights to conduct and obtain third-party discovery.

MGA equally misses the mark in complaining about subpoenas Mattel served on Wachovia and Ernst & Young. Each has crucial financial documents, including documents that MGA professes not to have. And, far from being burdened as MGA claims without substantiation, both of these third parties informed Mattel weeks ago that they stand ready to produce documents.[18] MGA nevertheless chose to create delay and additional expense and burden on them, the Discovery Master and Mattel by derailing their productions. As such, defendants' attempt to blame Mattel for the issues over these subpoenas is precisely backward.[19]

---

[17] See Marlow Depo. Tr. at 356:12-18, Hauler Dec., Exh. 2. Nor can MGA and Bryant attempt to excuse their false statements by claiming ignorance. The employee who MGA falsely said in its interrogatory responses had started working for MGA only in 2003 worked in the Mattel BARBIE Collector department with Bryant. Cite. Moreover, Ms. Marlow worked for years with MGA and Bryant on Bratz dolls -- including well after this suit commenced -- and was paid millions of dollars by them. Cite. All MGA and Bryant had to do was ask her, especially given that Ms. Marlow even now is being paid royalties on Bratz and is being represented in this case by a long-time MGA lawyer, Larry McFarland. Cite to website claiming MGA as a client. But, of course, even if MGA and Bryant profess they did not know the facts, it still undermines any suggestion on their part that proper discovery of the entire truth can be found through only party discovery.

[18] CITE—JON?, Zeller Dec., Exh. 11.

[19] Indeed, the only party in this case who has been found to have served overbroad, improper subpoenas is MGA. See Discovery Master's Order Granting in Part Mattel's Motion for Protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007, Zeller Dec., Exh. 12.

## Conclusion

Mattel respectfully requests that the Court grant its motion and issue an order confirming that the Discovery Master hears and resolves all discovery disputes involving the parties and all non-parties within the Court's personal jurisdiction.

DATED:  December 31, 2007         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.