QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| vs. | Hon. Stephen G. Larson |
| MATTEL, INC., a Delaware corporation, | CONSOLIDATED REPLY MEMORANDUM OF MATTEL, INC. IN RESPONSE TO OPPOSITIONS OF THIRD PARTIES AND DEFENDANT CARLOS GUSTAVO MACHADO GOMEZ TO MOTION FOR ORDER CONFIRMING THAT THE DISCOVERY MASTER HEARS AND RESOLVES ALL DISCOVERY DISPUTES, INCLUDING THOSE WITH THIRD PARTIES |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

Hearing Date:  January 7, 2008
Time:              10:00 a.m.
Place:             Courtroom 1

**Phase I**
Discovery Cut-Off:    January 28, 2008
Pre-Trial Conference: May 5, 2008
Trial Date:              May 27, 2008

07209/2336114.5

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

I.      THE COURT PROPERLY APPOINTED THE DISCOVERY
        MASTER  TO DETERMINE "ANY AND ALL DISCOVERY
        DISPUTES," INCLUDING THOSE OF THIRD-PARTIES AND
        MACHADO ................................................................................................. 2

        A.      The Court's Order Unequivocally Applies to All Discovery
                Disputes, Including Those With Third Parties........................................ 2

        B.      Machado's and the Third Parties' Contention That They Are Not
                Bound by the Order Because It Was Issued Without Their
                Consent Is Without Merit....................................................................... 3

        C.      Machado's and the Third Parties' Contention That They Are Not
                Bound by the Order Because It Was Issued Without Specific
                Findings is Also Without Merit .............................................................. 6

        D.      The "Clear Need" For the Discovery Master's Appointment To
                Address *All* Discovery Disputes Is Indisputable.................................... 7

        E.      Machado's and the Third Parties' Contention That They Are Not
                Bound by the Order Because They Were Not Given Notice Or
                An Opportunity to Object Is Without Merit ........................................... 9

        F.      The Third Parties' Claims that the Order Does Not Satisfy Local
                Rule 53.1 or Comport with Local Rule 37-2 Are Without Merit ......... 10

        G.      Machado and the Third Parties Impliedly Consented the
                Discovery Master's Authority................................................................ 11

CONCLUSION....................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

## Cases

*Active Prods. Corp. v. A.H. Choitz & Co, Inc.*,
   163 F.R.D. 274 (N.D. Ind. 1995)..................................................................10

*In re Agent Orange Prod. Liab. Litig.*,
   94 F.R.D. 173 (E.D. N.Y. 1982).................................................................3, 7

*In re Armco, Inc.*,
   770 F.2d 103 (8th Cir. 1985) ..........................................................................3

*Azizian v. Federated Dep't Stores, Inc.*,
   243 Fed. Appx. 311 (9th Cir. 2007) ...............................................................4

*Biodiversity Assocs. v. Cables*,
   357 F.3d 1152 (10th Cir. 2004) ......................................................................4

*In re Bituminous Coal Operators' Ass'n*,
   949 F.2d 1165 (D.C. Cir. 1991).......................................................................5

*Constant v. Advanced Micro-Devices, Inc.*,
   848 F.2d 1560 (Fed. Cir. 1988) ......................................................................4

*Datapoint Corp. v. Standard Microsys. Corp.*,
   31 Fed. Appx. 685 (Fed. Cir. 2002) ...............................................................3

*EEOC v. Waffle House, Inc.*,
   534 U.S. 279 (2002) ........................................................................................5

*Gulf Trading & Transp. Co. v. M/V/ Tento*,
   694 F.2d 1191 (9th Cir. 1982) .........................................................................5

*Mercer v. Gerry Baby Prods., Co.*,
   160 F.R.D. 576 (S.D. Iowa 1995)................................................................7, 8

*Mobil Oil Corp. v. Altech Indus., Inc.*,
   117 F.R.D. 650 (C.D. Cal. 1987)................................................................8, 10

*Nat'l Ass'n of Radiation Survivors v. Turnage*,
   115 F.R.D. 543 (N.D. Cal. 1987) ....................................................................2

*Omnium Lyonnais D'Etancheite et Revetement Asphalt v. Dow Chem. Co.*,
   73 F.R.D. 114 (C.D. Cal. 1977)......................................................................3

*Orange County v. Air California*,
   799 F.2d 535 (9th Cir. 1986)...........................................................................5

*Roell v. Withrow*,
   538 U.S. 580 (2003) .......................................................................................11

*S.E.C. v. Wenke*,
    783 F.2d 829 (9th Cir. 1986) ............................................................................ 12

*Smith v. American Asiatic Underwriters Fed., Inc.*,
    127 F.2d 754 (9th Cir. 1942) .............................................................................. 5

*Southern Railway Co. v. U.S. Fidelity & Guaranty Co.*,
    87 F.2d 118 (5th Cir. 1935) ................................................................................. 5

*Stauble v. Warrob*,
    977 F.2d 690 (1st Cir. 1992) ............................................................................. 10

*Turner v. Orr*,
    722 F.2d 661 (11th Cir. 1984) ............................................................................ 6

*United States ex rel. Newshaw v. Lockheed Missiles & Space Co.*,
    190 F.3d 963 (9th Cir. 1999) .............................................................................. 2

*United States v. Clifford Matley Family Trust*,
    354 F.3d 1154 (9th Cir. 2004) ...................................................................... 2, 11

*United States v. Microsoft Corp.*,
    147 F.3d 935 (D.C. Cir. 1998) ............................................................................ 4

*United States v. Swift & Co.*,
    286 U.S. 106 (1932) ............................................................................................ 4

*Westlake North Prop. Owners Ass'n v. City of Thousand Oaks*,
    915 F.2d 1301 (9th Cir. 1990) ............................................................................ 5

## **Statutes**

Fed. R. Civ. P. 12 ..................................................................................................... 12

Fed. R. Civ. P. 53 ................................................................................................ passim

Fed. R. Civ. P. 53(a)(1)(A) ........................................................................................ 4

Fed. R. Civ. P. 53 (a)(1)(C) ....................................................................................... 4

Fed. R. Civ. P. 53(a)(i) ............................................................................................... 6

Fed. R. Civ. P. 53(b) .................................................................................................. 2

Fed. R. Civ. P. 53(b)(1) .............................................................................................. 9

Fed. R. Civ. P. 53(c) ................................................................................................. 11

Fed. R. Civ. P. 71 ....................................................................................................... 5

REPLY ISO MATTEL'S MOTION FOR ORDER CONFIRMING AUTHORITY OF DISCOVERY MASTER

**<u>Preliminary Statement</u>**

Machado and the various third parties who have opposed Mattel's motion[1] do not dispute that more than 12 months ago this Court appointed Judge Infante as a Discovery Master with authority to determine "any and all discovery disputes, specifically including disputes with Third parties."[2]   Nonetheless, they refuse to abide by the Order.   Machado insists that *the District Court* must hear all discovery disputes involving him.  The Third Parties insist the *Magistrate Judge* must hear all their disputes.  Both argue that the appointment of the Discovery Master required their consent.  Neither is correct.  <u>Rule</u> 53 provides for such appointments "without the consent" of   parties (and obviously without the consent of nonparties), and appellate courts have consistently affirmed such "unconsented-to" appointments. Since this Court ordered the appointment of the Discovery Master, it is immaterial that Machado and the Third Parties did not join in the stipulation for that Order.

It simply makes no sense for different discovery disputes to be handled by different judicial officers.  That is not only a recipe for gross inefficiency and waste of judicial resources, it also raises the specter of conflicting rulings, including conflicting rulings on the very same discovery requests.  The Discovery Master has already heard at least 45 motions and held dozens of telephone conferences.  In one of these, he rejected out-of-hand the Third Parties' challenge to his jurisdiction, with which they nevertheless persist.

Machado's and the Third Parties' challenge to Judge Infante's continued appointment is, in the end, but another MGA-coordinated attempt to stymie Mattel's discovery efforts.  The Court should put an end to such gamesmanship and re-confirm that the Order appointing the Discovery Master means what it says, and does indeed

---

[1]   They include: Anaelise Cloonan, Margaret Hatch-Leahy, Veronica Marlow, Sarah Halpern, Lucy Arrant, Farhad Larian, and Stern & Goldberg (collectively, "Third Parties").
[2]   <u>See</u> Stipulation for Appointment of a Discovery Master; and Order ("Order"), dated December 6, 2006, at 3, ¶¶ 1,3, attached as Exhibit 1 to the Declaration of Juan Pablo Albán, filed concurrently with the Motion ("Albán Decl.").

apply to *all* discovery disputes, including those involving Machado and third parties.

**I.    THE COURT PROPERLY APPOINTED THE DISCOVERY MASTER TO DETERMINE "ANY AND ALL DISCOVERY DISPUTES," INCLUDING THOSE OF THIRD PARTIES AND MACHADO**

**A.    The Court's Order Unequivocally Applies to All Discovery Disputes, Including Those With Third Parties**

An Order issued pursuant to Rule 53 appointing a master is "the source and limit of the master's duties and powers."  United States v. Clifford Matley Family Trust, 354 F. 3d 1154,  1159 (9th Cir. 2004); see also Fed. R. Civ. P. 53(b), 2003 advisory committee's note ("The most important delineation of a master's authority is provided by the Rule 53(b) appoint order.").

Here, the text of the appointing Order indisputably authorizes the Discovery Master to decide discovery disputes involving *any* party—including Machado—as well as *any* third party.  The Order provides:  "*Any and all discovery motions and other discovery disputes in the above captioned action shall be decided by a master ("Discovery Master")*."[3]  The Order further grants the Discovery Master authority "to take evidence in connection with discovery disputes; to issue orders resolving discovery motions submitted to the Discovery Master; to issue orders awarding non-contempt sanctions, including, without limitation, the award of attorney's fees, as provided by Rules 37 *and 45*; and to prepare, file and serve other orders, reports and recommendations, as appropriate."[4]  In addition, the Order provides that "*[a]ll third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order.*"[5]

The Court's Order is consonant with the long-standing practice of appointing special masters pursuant to Rule 53 to oversee *all* discovery and discovery disputes, not just some of them.  See, e.g, United States ex rel. Newshaw v. Lockheed Missiles

---

[3]   Order at 3, ¶¶ 1, 3, Alban Dec., Ex. 1 (emphasis added).
[4]   Id. at 3-4, ¶ 4 (emphasis added).
[5]   Id. at 6, ¶ 15 (emphasis added).

& Space Co., 190 F. 3d 963, 967 (9th Cir. 1999) (permitting reference to special master of all pretrial matters, including discovery); Nat'l Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 560-61 (N.D. Cal. 1987) ("Discovery is an area where special masters are frequently appointed either because the problems are complicated or the parties are recalcitrant."); Omnium Lyonnais D'Etancheite et Revetement Asphalt v. Dow Chem. Co., 73 F.R.D. 114, 118 (C.D. Cal. 1977) (appointing a master pursuant to Rule 53 to supervise all discovery matters); Datapoint Corp. v. Standard Microsys. Corp., 31 Fed. Appx. 685, 694 (Fed. Cir. 2002) (affirming special master appoint to supervise discovery and conduct Markman hearing); In re Armco, Inc., 770 F.2d 103, 105 (8th Cir. 1985) (finding error in granting special master authority to preside at trial on the merits of the case, but that the court "acted properly in granting the master the broad authority to supervise and conduct pretrial matters, including discovery activity, the production and arrangement of exhibits and stipulations of fact, the power to hear motions for summary judgment or dismissal and to make recommendations with respect thereto"); In re Agent Orange Prod. Liab. Litig., 94 F.R.D. 173, 174 (E.D. N.Y. 1982) (permitting reference to special master of *all* pretrial matters, including discovery, despite a party's refusal to consent).  Indeed, Mattel's research has failed to locate a single case in which a referral of pretrial discovery to a special master did not govern parties and nonparties alike.

**B.   Machado's and the Third Parties' Contention That They Are Not Bound by the Order Because It Was Issued Without Their Consent Is Without Merit**

Machado and the Third Parties do not dispute that the Order, by its terms, clearly provides that discovery disputes with third parties shall be decided by the Discovery Master.  Instead, they contend they are not bound by the Court's Order because it is a mere "stipulation" to which they were not signatories and to which

1  they did not consent.[6]  They are mistaken.

2       The Order appointing the Discovery Master was not just "styled as a court

3  order," as Machado contends.[7]  To the contrary, it truly is an Order of the Court.

4  Although subparagraph (a)(1)(A) of Rule 53 authorizes appointment of a master upon

5  the parties' consent, it does not require the court to do so.   Fed. R. Civ. P.

6  53(a)(1)(A).  "[T]he court retains *unfettered discretion to refuse appointment*" of a

7  master notwithstanding the parties' stipulation.   Rule 53(a)(1), 2003 Advisory

8  Committee's note (emphasis added).  Here, the Court exercised its discretion and

9  *ordered* the appointment of Judge Infante as Discovery Master pursuant to Rule 53,

10 after making whatever changes to its terms the Court deemed appropriate.  It is well

11 settled that "[a] decree entered upon consent is to be treated . . . as a judicial act" and

12 not as a mere "contract," as Machado and the Third Parties suggest when they protest

13 that they did not "sign" the "stipulation."  United States v. Swift & Co., 286 U.S. 106,

14 115 (1932); Biodiversity Assocs. v. Cables, 357 F.3d 1152, 1168-69 (10th Cir. 2004)

15 (same); 1B Moore's Federal Practice, ¶ 0.409[5], at III-151 (judgment entered by

16 consent "is not, like the settlement agreement out of which it arose, a mere contract

17 inter partes. The court is not properly a recorder of contracts; it is an organ of

18 government constituted to make judicial decisions, and when it has rendered a

19 consent judgment it has made an adjudication.").

20       Moreover, the judicial power to refer matters to a master is not dependent on

21 the parties' consent; the court has both the inherent power and explicit authority

22 under Rule 53 to appoint masters whether consented to by the parties and nonparties

23 or not.  See, e.g., Constant v. Advanced Micro-Devices, Inc., 848 F.2d 1560, 1566

24 (Fed. Cir. 1988) ("The federal courts have the inherent power to appoint persons

25 unconnected with the court to aid judges in the performance of specific duties. . .

26

27    [6]  Machado Opp. at 9.
     [7]  Machado Opp. at 11.
28

without the consent of the parties") (citing *Ex parte* Peterson, 253 U.S. 300, 312-14 (1920)). Rule 53 explicitly provides that "pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge" may be referred by a district court, *without consent*, to a special master. Fed. R. Civ. P. 53(a)(1)(C). Courts have long-recognized "the established and legitimate practice of using unconsented-to references for pretrial preparation or implementation of remedies." United States v. Microsoft Corp., 147 F.3d 935, 956 (D.C. Cir. 1998) (recognizing authority to appoint nonconsensual pretrial masters); Azizian v. Federated Dep't Stores, Inc., 243 Fed. Appx. 311, 313 (9th Cir. 2007) (declining "to find that the district court abused its discretion by referring certain matters to a special master without the consent of unnamed class members"); In re Bituminous Coal Operators' Ass'n, 949 F.2d 1165, 1169 (D.C. Cir. 1991) (rejecting suggestion that "any unconsented-to reference would constitute an abuse of judicial power" and upholding unconsented-to reference of discovery and pretrial matters).[8]

Accordingly, Machado's and the Third Parties' reliance on cases holding that nonparties to an agreement are generally not bound by a final stipulated judgment or binding arbitration is unavailing. Notably, not one of the cases on which they rely involved an order appointing a pretrial master under Rule 53.[9]

---

[8]    As an Order governing "any and all" discovery disputes, the Order "may be enforced against a nonparty" using the same "procedure for enforcing the order . . . as for a party." Fed. R. Civ. P. 71. "Rule 71 memorializes the common sense rule that courts can enforce their orders against both parties and non-parties." Westlake North Prop. Owners Ass'n v. City of Thousand Oaks, 915 F.2d 1301, 1304 (9th Cir. 1990).

[9]    Machado Opp. at 9-11 (relying on Orange County v. Air California, 799 F. 2d 535, 538-39 (9th Cir. 1986) (third party not bound by stipulated judgment that by its terms was expressly limited to parties thereto); Southern Railway Co. v. U.S. Fidelity & Guaranty Co., 87 F.2d 118, 120 (5th Cir. 1935) (third party not subject to stipulated judgment); Third Parties Opp. at 6 (relying on EEOC v. Waffle House, Inc., 534 U.S. 279, 294 (2002) (non-party not bound to arbitration agreement); Gulf Trading & Transp. Co. v. M/V/ Tento, 694 F.2d 1191, 1196 n.8 (9th Cir. 1982) (rights of third parties under maritime law "cannot be affected by the intent of the parties to the contract"); Smith v. American Asiatic Underwriters Fed., Inc., 127 F.2d 754, 757 (9th Cir. 1942) (reversing declaratory judgment as futile because Secretary of Commerce was not a party to the suit and therefore not bound by parties' stipulation of consent to jurisdiction of United States Court for China).

**C.**      **Machado's and the Third Parties' Contention That They Are Not Bound by the Order Because It Was Issued Without Specific Findings is Also Without Merit**

Machado and the Third Parties also protest that the Court did not recite enough findings in its Order.  But their contention that an appointment under Rule 53(a)(1)(C) requires *any* specific factual findings misreads the Rule as amended in 2003.[10]  Only the appointment of a *trial* master pursuant to subsection (B) requires a finding of an "exceptional condition."   Fed. R. Civ. P. 53(a)(i)(B)(i) (emphasis added); see Hon. Scheindlin & Redgrave, "The Evolution and Impact of the New Federal Rule Governing Special Masters," 51-FEB Fed. Law. 34, *38 (Feb. 2006) (noting that Subsection (C) of Rule 53 as amended in 2003 explicitly permits pretrial and discovery references on an "as needed" basis, no exceptional condition required, although the Advisory Committee notes reflect a continued concern that masters remain the exception and not the rule).

Here, the Court's Order appointing Judge Infante as Discovery Master expressly empowers him to address "any and all" discovery issues and orders the transfer to him of "any" motions then-pending before Magistrate Block.[11]  The Order further provides:

> Judge Infante shall serve as the Discover Master until all issues herein have been finally disposed of or determined, or until he shall withdraw in accordance with applicable law. If at any time he becomes unable to serve as the Discovery Master, the parties shall confer to present an alternative agreed-upon designee to the Court.  In the event that the

---

[10]    Machado Opp. at 5-7 (asserting that Rule 53(a)(1)(C) "permits the appointment of a special master *if, and only if, the Court identifies* 'matters that cannot be effectively and timely addressed by an available district judge or magistrate of the district,'" and that the Order "*fails to find*" a "clear need" for a master to address "discovery disputes between Mattel and Machado") (emphasis added); Third-Party Witness Opp. at 7 (asserting that "*an indispensable precondition* to appointment of a master under Rule 53(a)(1)(C) is a *finding* that neither the Court nor Magistrate Judge Block can 'effectively and timely address[]' these matters").

[11]    Order at 3, ¶1, Albán Dec., Ex. 1.

parties cannot agree to an alternate designee, then *the Court shall appoint a Discovery Master*.[12]

The intent of the Order is clear: A Discovery Master will hear and resolve all pretrial discovery disputes. The Order thus constitutes an appointment of a master to address pretrial matters pursuant to subsection (C). That the Order does not expressly reference this subdivision of the <u>Rule</u> is of no consequence. <u>See</u> <u>Turner v. Orr</u>, 722 F.2d 661, 665 (11th Cir. 1984) ("<u>Rule</u> 53 [] does not require specific references to the rule for it apply.").

Nor does <u>Rule</u> 53 require an appointing order to "identify," as a purported "indispensable precondition," the specific discovery disputes referred to the master or to recite "a finding" of a "clear need" for the appointment, as Machado and the Third Parties contend.[13] There is simply no legal support for that proposition.

In any case, to the extent any were needed, the Order does contain findings. In the Order the Court expressly found that the appointment of the Discovery Master would "facilitate the fair and efficient completion of pretrial discovery" and "minimize the burden of discovery disputes upon the Count."[14] That is more than sufficient. <u>See</u> <u>In re Agent Orange</u>, 94 F.R.D. at 174 (appointing a master under Rule 53 to address all discovery disputes based on finding that discovery "can be effectively and more efficiently handled through constant attention of a readily available special master"); <u>Mercer v. Gerry Baby Prods., Co.</u>, 160 F.R.D. 576, 579 (S.D. Iowa 1995) (appointing master to supervise all discovery based on finding that a master could "better manage the timing, form and requirements of discovery. The use of a master will result in greater efficiency and cost-savings to all parties.").

### D. The "Clear Need" For the Discovery Master's Appointment To Address *All* Discovery Disputes Is Indisputable

As the Court knows, this is a complex and hotly contested case. It involves

---

[12] <u>Id.</u> at 3.
[13] <u>Id.</u>
[14] Order at 3, Alban Dec. Ex. 1.

dozens of federal and state claims, counterclaims, and affirmative defenses, relating to a wide range of commercial disputes that span three countries.  The named parties alone are citizens of the United States, Mexico, and Hong Kong.

During the twelve months that Judge Infante has been Discovery Master, he has heard and resolved more than 45 discovery motions and held numerous telephonic conferences with the parties.[15]  The parties and third parties have to date produced nearly four million pages of documents, with countless more yet to be produced.[16]  The parties have served at least 90 subpoenas for non-party discovery (at least 60 of which were served by MGA and Bryant), more than two thousand requests for production of documents (at least 1200 of which were served by MGA and Bryant), and taken dozens of depositions of persons in their individual capacities or as Rule 30(b)(6) designees.[17]  With the Phase One discovery cut-off just four weeks away, Judge Infante is set to hear approximately 21 discovery motions in the first ten days of January 2008—including nine motions involving Machado and/or third parties.[18]

Machado's and the Third Parties' assertion that there is not a "clear need" for a Rule 53 Discovery Master to hear and resolve *all* discovery disputes, including those involving them, is simply absurd.  In similar circumstances, this court found under the former Rule 53 that "an exceptional condition" (which is not required in this case) existed which warranted the appointment of a master to address "all pretrial matters" because "the cost factor involved in appointing a Special Master is far outweighed by the benefits derived therefrom" in light of the numerous discovery disputes, the voluminous documentary evidence, and the fact that defendants anticipated adding additional parties to the lawsuit.  Mobil Oil Corp. v. Altech Indus., Inc., 117 F.R.D.

---

[15] See Declaration of B. Dylan Proctor ("Proctor Dec.") at ¶ 3.
[16] See id. at ¶ 4.
[17] See id.
[18] See id. at ¶ 5.

650, at 651-52 (C.D. Cal. 1987); see also Mercer, 160 F.R.D. at 579 (appointing a discovery master where depositions were unilaterally set and cancelled, 27 discovery motions were filed, and accusations of spoliation were made, finding use of the master would be efficient and reduce costs in the long run).  The same is obviously true in this case.

Moreover, the "clear need" for the Discovery Master to have jurisdiction over third parties specifically is acute.  As noted, the parties have served at least 90 subpoenas in this action—many of which remain outstanding and in dispute.  If third parties were held not subject to the Discovery Master's jurisdiction, identical issues could potentially have to be resolved by two judicial officers.  For example, MGA recently filed a motion to quash or for a protective order regarding multiple financial institutions subpoenas served by Mattel.[19]  If the Discovery Master rejects that motion and holds the subpoenas proper, the third-party institutions could *still* refuse to produce if they were held not subject to the Discovery Master's authority.  In that event, Mattel would have to file a motion to compel raising *identical* issues with Judge Block.  The prospect of such waste alone shows why the Court acted correctly when it ordered that third parties are subject to the Discovery Master's jurisdiction.

E. **Machado's and the Third Parties' Contention That They Are Not Bound by the Order Because They Were Not Given Notice Or An Opportunity to Object Is Without Merit**

Under Rule 53, "[t]he court must give the *parties* notice and opportunity to be heard before appointing a master."  Fed. R. Civ. P. 53(b)(1) (emphasis added).  Citing this provision, Machado and the Third Parties contend they are not bound by the Order because they were not given notice and afforded an opportunity to object to the appointment of the Discovery Master before the Order issued.[20]  This grossly

---

[19]   MGA Defendants' Notice of Motion and Motion to Quash Subpoenas or, in the Alternative, For Protective Order and Memorandum in Support, December 21, 2007.
[20]   Machado Opp. at 3-4; Third Parties Opp. at 7-8.

misreads the <u>Rule</u>.  By its express terms, <u>Rule</u> 53 does not require a district court to give notice to *third* parties or to a "party" who has yet to make an appearance in a case.  How would a court even know to whom such notice should be given?

Nor would application of the Order to the Third Parties violate their right to due process, as they suggest.[21]  In support of this proposition, Third Parties quote <u>Active Prods. Corp. v. A.H. Choitz & Co., Inc.</u>, 163 F.R.D. 274, 283 (N.D. Ind. 1995) as follows:  "The outer boundaries of the <u>Rule</u> 53 authority are established by Article III and the due process clause of the constitution."  However, *the very next sentence,* which they fail to cite, continues:

> The Supreme Court has indicated that the exercise of essential judicial functions by personnel who are not Article III judges (i.e., masters . . .) is *not* prohibited if the benefits of the appointment of such persons— efficiency and expertise—outweigh the diminution of Article III values—neutral, independent adjudication.

<u>Id</u>. (citation omitted).  That same case also confirms that "[c]ourts have routinely appointed . . . discovery masters," without the consent of the parties, consonant with Article III and due process.  <u>Id.</u>; <u>see also</u> <u>Stauble v. Warrob</u>, 977 F.2d 690, 691, 693-95 (1st Cir. 1992) (distinguishing "nonconsensual reference of a fundamental issue of liability" from nonconsensual reference of "pretrial discovery" matters).

**F.    The Third Parties' Claims that the Order Does Not Satisfy Local Rule 53.1 or Comport with Local Rule 37-2 Are Without Merit**

Next, the Third Parties argue that "there has been no written order under Local Rule 53-1." Opp. at 8.  <u>Local Rule</u> 53-1 provides, in its entirety: "Appointment of a master pursuant to Fed. R. Civ. P. 53 shall be made by written order of the Court." Because the Order appointing the Discovery Master is clearly in writing, Third Parties' claim to the contrary is disingenuous at best.

Third Parties' objection to the Order on the ground that it does not require compliance with the briefing schedule set forth in Local Rule 37-2 is also unavailing.

---

[21]   Third Parties Opp. at 9-10.

Subject only to the specifications and limitations stated in the appointing order, "Rule 53 grants special masters broad authority 'to regulate all proceedings in every hearing' and "to do all acts and take all measures necessary or proper for the efficient performance of [their] duties."  United States v. Clifford Matley Family Trust, 354 F.3d 1154, 1159-60 (9th Cir. 2004) (quoting Fed. R. Civ. P. 53(c)).  Indeed, the Ninth Circuit has rejected a claim that a Rule 53 master must even abide by the Federal Rules of Civil Procedure and the Federal Rules of Evidence in carrying out his duties. Id.  And in any case, their claim that they have less time to prepare oppositions to motions to compel than they would have under Local Rule 37-2 is misguided.  The briefing protocol in the Order is comparable to that in  Local Rule  37-2.[22]

## G.   Machado and the Third Parties Impliedly Consented the Discovery Master's Authority

As explained above, consent is not required.  But even if there were some legitimate basis for Machado's and the Third Parties' objection to the Discovery Master, it has been waived because they impliedly consented to Judge Infante's authority by voluntarily making general appearances before him.  See Roell v. Withrow, 538 U.S. 580, 587-91 (2003) (holding that plaintiffs "clearly implied their consent" to the jurisdiction of the magistrate judge under 28 U.S.C. § 636(c)(1),(2) when they voluntarily appeared before him); see also S.E.C. v. Wenke, 783 F.2d 829, 833 n.3 (9th Cir. 1986) (noting that Fed. R. Civ. P. 12 abolished the distinction between general and special appearances).  Here, Stern & Goldberg, Kaye Scholer, Farhad Larian, and Machado have all filed oppositions to Mattel motions to compel with Judge Infante.[23] Machado also entered into a stipulation amending the Protective

---

[22]   See Order at 4, ¶ 5, Albán Dec., Ex. 1.  Third Parties' objection to the Order on the ground that it "forces" them to pay Discovery Master's fees is also incorrect.  The Order provides that "[t]he cost of any proceeding before the Discovery Master, including the fees of the Discovery Master" and all others' fees "shall be paid one-half by Mattel, Inc. and one-half by MGA Enter., Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure, the Discovery Master [o]rders otherwise."

[23]   See Proctor Dec. at ¶¶ 6-9, Exs. 3-6 (Oppositions to Motions to Compel).

Order for submission to Judge Infante, which Judge Infante signed.[24]  And, Stern & Goldberg, Kaye Scholer, and Farhad Larian all requested relief from Judge Infante and appeared before him when they asked him to stay Mattel's motions to compel against them.[25]  Judge Infante rejected their challenge to his jurisdiction out-of-hand, stating that they were "clearly" bound by the Order and questioning why a District Court would want discovery to be handled piecemeal, with some disputes handled by a discovery master and others by a magistrate.[26]

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant its motion in its entirety.[27]

DATED:  December 31, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                   By /s/ B. Dylan Proctor
                                     B. Dylan Proctor
                                     Attorneys for Plaintiff
                                     Mattel, Inc.

---

[24]   See Proctor Dec., at ¶ 11, Ex. 8 (Stipulation to Add Parties to the Stipulated Protective Order; and Order Thereon).
[25]   See id. at ¶ 12.
[26]   See id. at ¶ 12.
[27]   Goldberg & Stern's protracted discussion of the merits of Mattel's subpoena is irrelevant to the Motion.  Therefore, to avoid burdening the Court, Mattel does not respond to it here.