QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br><u>Hon. Stephen G. Larson</u><br><br>REPLY MEMORANDUM OF MATTEL, INC. IN RESPONSE TO OPPOSITION OF DEFENDANT CARLOS GUSTAVO MACHADO GOMEZ REGARDING MATTEL, INC.'S MOTION FOR ORDER CONFIRMING THAT THE DISCOVERY MASTER HEARS AND RESOLVES ALL DISCOVERY DISPUTES, INCLUDING THOSE WITH THIRD PARTIES<br><br>Hearing Date: January 7, 2008<br>Time:　　　　10:00 a.m.<br>Place:　　　　Courtroom 1<br><br>**Phase I**<br>Discovery Cut-Off:　January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:　　　　May 27, 2008 |

07209/2338268.1

MATTEL'S REPLY TO MACHADO'S OPPOSITION TO MOTION RE AUTHORITY OF DISCOVERY MASTER

**Preliminary Statement**

Because Defendant Machado and the various third parties that have objected to Judge Infante's jurisdiction oppose Mattel's motion on similar grounds, Mattel responds to most of their arguments jointly in Mattel's concurrently filed consolidated reply brief. Mattel submits this separate reply to Machado's opposition to address two assertions that only Machado makes: first, his assertion that he did not waive his right to object to the Discovery Master, and second, his claim that his assertion of a Fifth Amendment privilege against self-incrimination somehow renders reference of his discovery disputes to the Discovery Master "inappropriate" and requires the District Court to hear such disputes as an initial matter. Each of these assertions is legally erroneous. The Court should confirm that the Discovery Master hears and resolves all discovery disputes, including those involving third parties and Machado.

**Argument**

**I.   MACHADO UNEQUIVOCALLY WAIVED HIS RIGHT TO OBJECT TO THE APPOINTMENT OF THE DISCOVERY MASTER**

A new party to a case is bound by "all prior orders and adjudications of fact and law as though he had been a party from commencement of suit." Moore v. Rees, 2007 WL 2955947, at *3 (E.D. Ky. 2007) (citing Galbreath v. Metro Trust Co. of California, 134 F.2d 569, 570 (10th Cir. 1943)). Upon service of a summons and complaint, "one becomes a party officially, *and is required to take action in that capacity.*" Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 450-51 (1999). Precisely what actions a new party must take may be debatable, but, without a doubt, one such action is to find out who the judicial officers are that supervise and rule on matters in the case. Mattel is aware of no authority that stands for the proposition that Machado apparently would advocate -- that the Court and/or other parties have some affirmative obligation to advise new parties of all prior orders. Nor is there case law suggesting that a Rule 53 order appointing a discovery

master cannot apply to new parties because a court did not give them "prior notice" of the order, as Machado also suggests. In fact, case law specifically confirms the contrary -- that a Rule 53 order applies to all parties, including those added *after* the order issued. See United States v. Conservation Chem. Co., 106 F.R.D. 210, 226-28 (D. Mo. 1985) (denying certain defendants' motions to revoke the appointment of a special master filed nine months after the appointing order issued, notwithstanding fact that the defendants were added to the litigation after the order issued); Mobil Oil Corp. v. Altech Indus., Inc.., 117 F.R.D. 650, 652 (C.D. Cal. 1987) (appointing a special master in part because the Court "fore[saw] the addition of several more parties to th[e] lawsuit").

It is well-settled that "an objection to the appointment of a special master must be made at the time of the appointment *or within a reasonable time thereafter*, or the party's objection is waived." Burlington Northern Railroad Co. v. Dep't of Revenue, 934 F.2d 1064, 1069 (9th Cir. 1991) (quoting Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1419 (9th Cir. 1990)). Where a party cannot object prior to a discovery master's appointment, the party "must make an objection ***before [he] has taken part in proceedings before the master*** or ***before the parties, the master, and the court have acted in reliance on the master's appointment***." Owens-Corning Fiberglas Corp. v. Caldwell, 830 S.W.2d 622, 625 (Ct. App. Tex. 1991) (emphasis added); see also First Iowa Hydro Elec. Coop. v. Iowa-Illinois Gas & Elec. Co., 245 F.2d 613, 627 (8th Cir. 1957) (same); United States v. Conservation Chem. Co., 106 F.R.D. 210, 214 (W.D. Mo. 1985) (same).

Without citing any authority, Machado contends that "[u]ntil Mattel moved for relief against Machado before Judge Infante, the discovery master's jurisdiction was not at issue," and because he "promptly objected" when the issue

-3-
MATTEL'S REPLY TO MACHADO'S OPPOSITION TO MOTION RE AUTHORITY OF DISCOVERY MASTER

"became ripe," he did not waive his objection.[1]  This is erroneous.  Machado was served with process on March 26, 2007.[2]  At that time if not earlier, he became bound by the Order appointing a Discovery Master.  Yet he first objected to the Discovery Master's jurisdiction in an Opposition brief he filed on November 26, 2007—eight months after he was served and a year after he knew he was being joined to this action.[3]  That delay is unreasonable, and constitutes a waiver.

Moreover, four months earlier, on July 25, 2007, Machado affirmatively entered into a Stipulation to Add Parties to the Protective Order, which (as Machado knew) was submitted to Judge Infante for approval and entered by Judge Infante as an Order of the Court.[4]  After that, Machado appeared before this Court at the October 31, 2007 status conference when the Court stayed discovery and motion practice before Judge Infante, and did not object to Judge Infante's jurisdiction in any fashion.[5]  Mattel has "acted in reliance" on the Order appointing the Discovery Master and Machado's conduct since that Order was issued by pursuing relief against him with Judge Infante -- the hearing on a Mattel motion to compel as to Machado is set for January 3, 2008.  At this late date, with the Phase 1 discovery cutoff set to close in less than a month, Machado has waived his right to belatedly object to the Discovery Master.[6]

---

[1]  Machado Opp. at 11-12.
[2]  Machado Opp. at 2; Declaration of B. Dylan Proctor ("Proctor Dec."), at ¶ 14.
[3]  See id., ¶ 9, Ex. 6 (Opposition to Mattel's Motion to Compel); Order at 3, Albán Dec., Ex. 1.
[4]  See Proctor Dec., at ¶ 11, Ex. 8 (Stipulation to Add Parties to the Stipulated Protective Order; and Order Thereon, entered into by Machado on July 25, 207, and issued by Judge Infante on August 6, 2007.
[5]  See id., at ¶ 10, Ex. 7 (Court's Order Regarding Status Conference, dated October 31, 2007).
[6]  Machado's reliance on Burlington is misplaced.  In that case, the district court *sua sponte*, and without notice to any party, (1) appointed a special master, (2) referred to him the entire case with "all the powers and privileges normally
    (footnote continued)

## II. MACHADO'S ASSERTIONS OF THE FIFTH AMENDMENT PRIVILEGE AGAINST SELF-INCRIMINATION DO NOT RENDER THE REFERENCE TO THE DISCOVERY MASTER "INAPPROPRIATE"

Machado claims that his assertion of the Fifth Amendment privilege against self-incrimination necessarily renders any and all discovery disputes between he and Mattel disputes involving a "public issue" that necessitates the Court's review in the first instance.[7] There simply is no legal support for this proposition. None of the cases on which Machado relies even involved a Rule 53 order appointing a discovery master, let alone the propriety of the order where a privilege is asserted.

To the contrary, the Advisory Committee notes to Rule 53 confirm that "reviewing documents for privilege" is a particularly *appropriate* job for a pretrial master. Fed. R. Civ. P. 53(a)(1)(C), Advisory Committee's note. Courts have long held that masters are uniquely suited to resolve questions of privilege in discovery. See, e.g., In re United States Dep't of Defense, 848 F.2d 232, 235-36 (D.C. Cir. 1988) (appointment of discovery master in FOIA action to review documents in connection with national security privilege); United States v. AT&T Co., 461 F. Supp. 1314, 1346-49 (D.D.C. 1978) (appointment of discovery master to assist court in defining issues and making recommendations on privilege); In re Ampicillin Antitrust Litig., 81 F.R.D. 377, 380 (D.D.C. 1978) (appointment of

---

exercised" by a district judge, and then (3) "acted as mere rubber stamp" of the master order awarding a preliminary injunction against the railroad. 934 F.2d at 1070-75. The Ninth Circuit held the order appointing the master improper under Rule 53 and "an inexcusable abdication of judicial responsibility and violation of Article III of the Constitution." Id. at 1072. The Court's Order here is obviously quite different.

[7] Machado Opp. at 7-8.

discovery master to rule on complicated privilege claims). "A special master is best situation to conduct the detailed, close analysis necessary to ferret out which documents are privileged." In re Sunrise Secs. Litig., 124 F.R.D. 99, 100 (E.D. Pa. 1989).

Thus, to the extent the fact that Machado has purported to assert the Fifth Amendment privilege is even relevant, it certainly does not show that, as he advocates, the District Court Judge must personally resolve all discovery disputes that involve Machado.[8]

---

[8] Mattel questions whether Machado can even assert a Fifth Amendment privilege against self-incrimination. Mattel believes that Machado is a Mexican national, not a U.S. citizen. In a civil case, a non-resident alien cannot invoke the Fifth Amendment even if he or she learns testimony may be incriminating. See, e.g., Bear Stearns & Co. v. Wyler, 182 F. Supp. 2d 679, 683 (N.D. Ill. 2002)). Further, the current criminal prosecution against Machado is in Mexico by Mexican prosecutors. The Fifth Amendment does not provide a privilege against self-incrimination for foreign prosecutions. United States v. Balsys, 524 U.S. 666, 669 (1998). Finally, Machado has already admitted certain incriminating conduct in his Amended Answer and has invoked twelve separate defenses to his theft, which are discussed in his initial disclosures. See Proctor Dec., Ex. 9. The articulation of the defenses should constitute a waiver of any Fifth Amendment rights Machado may possess. Federal Savings and Loan Ins. Corp. v. Molinaro, 889 F. 2d 899, 903 (9th Cir. 1989) (holding that where defendant already has given partial deposition testimony on the substantive issues of the case, the Fifth Amendment privilege is "negligible"); International Business Machines Corp. v. Brown, 857 F. Supp. 1384, 1389-90 (C.D. Cal. 1994) (holding that because defendants had already testified at deposition, there was no remaining Fifth Amendment privilege to assert); Camelot Group, Ltd. V. W. A. Krueger Co., 486 F. Supp. 1221, 1230 (C.D.N.Y. 1980) ("A witness or defendant in a civil case who has already testified to matters which tend to incriminate him has waived the privilege insofar as further questions seek the details of the matters to which he did testify.").

## Conclusion

For the foregoing reasons, as well as those set forth in Mattel's motion and concurrently-filed reply memoranda, Mattel respectfully requests that the Court grant its motion in its entirety.

DATED: December 31, 2007
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By: /s/ B. Dylan Proctor
B. Dylan Proctor
Attorneys for Plaintiff
Mattel, Inc.