QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>REPLY MEMORANDUM OF MATTEL, INC. IN RESPONSE TO OPPOSITION OF CARTER BRYANT TO MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY AND OBJECTIONS TO DISCOVERY MASTER ORDER OF SEPTEMBER 28, 2007<br><br>Hearing Date: January 7, 2007<br>Time:         10:00 a.m.<br>Courtroom:    1<br><br>**Phase 1:**<br>Discovery Cut-off:    January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date:           May 27, 2008 |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................. 1

ARGUMENT .............................................................................................................. 4

I.    BRYANT'S ATTACKS ON MATTEL DO NOT JUSTIFY DENYING MATTEL A FAIR AMOUNT OF TIME TO DEPOSE HIM .......................... 4

II.   MATTEL IS ENTITLED TO RELIEF ........................................................ 10

CONCLUSION ........................................................................................................ 12

# TABLE OF AUTHORITIES

**Page**

### Cases

*Collins v. International Dairy Queen*,
  189 F.R.D. 496 (M.D. Ga. 1999) ................................................................. 9

*Communications Center, Inc. v. Hewitt*,
  2005 WL. 3277983 (E.D. Cal. 2005) ........................................................... 7

*Dixon v. Certainteed Corp.*,
  164 F.R.D. 685 (D. Kan. 1996) ................................................................... 6

*Keck v. Union Bank of Switzerland*,
  1997 WL. 411931 (S.D.N.Y. 1997) ............................................................. 5

*Keithley v. Homestore.com, Inc.*,
  2006 WL. 1646119 (N.D. Cal. 2006) .......................................................... 9

*Kucala Enterprises, Ltd. v. Auto Wax Co., Inc.*,
  2003 WL. 22433095 (N.D. Ill. 2003) .......................................................... 7

*Ritchie v. U.S.*,
  2004 WL. 1161171 (N.D. Cal. 2004) .......................................................... 6

*Robins v. Scholastic Book Fairs*,
  928 F. Supp. 1027 (D. Or. 1996) ................................................................. 6

*Tillery v. Darby-Rogers Co.*,
  2006 WL. 2735162 (M.D. Fla. 2006) .......................................................... 9

### Statutes

Fed. R. Civ. P. 26(b) & 33 .................................................................................. 5

Fed. R. Civ. P. 30(a)(2)(A) or 33(a) ............................................................... 5. 6

Fed. R. Civ. P. 72(a) ........................................................................................ 11

**Preliminary Statement**

Once the rhetoric is pierced, it becomes apparent that Bryant has not disputed any of the key facts that are the basis for Mattel's motion. As the Court is aware, Bryant first promised but then declined to sit for deposition at all in this case, and it took two Court Orders before he complied. Once he did sit, Bryant's and MGA's counsel repeatedly obstructed a fair examination, including by giving lengthy, suggestive speeches and even taking Bryant out of the room with questions pending. For that misconduct, Judge Infante found that Bryant's counsel had improperly "coached" Bryant, overruled dozens of improper instructions not to answer and ordered Bryant to sit for another two hours of deposition.

Mattel also sought additional time to depose Bryant on the multitude of new claims, defenses and evidence that had been asserted or disclosed for the first time *after* Bryant was deposed. Consistent with his refusals to provide any discovery until ordered, Bryant again declined to appear at all and argued that Mattel was entitled to *no* time whatsoever to depose him on new matters. Mattel thus filed a second motion. Despite correctly finding that Bryant is the "most knowledgeable witness with respect to virtually all of the factual issues" in this case,[1] including on the new claims and defenses raised after his deposition, Judge Infante granted Mattel only seven additional hours to depose Bryant (thus giving Mattel a total time of nine additional hours).

In opposing Mattel's present motion, Bryant does not claim that nine hours of additional deposition time is sufficient to cover MGA's sweeping unfair competition claims of which defendants themselves say Bryant has unique knowledge -- which is only a subset of the new claims introduced into this case by MGA's complaint. He does not contest that, among other things, MGA's claims purport to assert infringement of

---

[1] Hearing Transcript ("9/27/07 Hearing Tr."), dated September 27, 2007, at 24:24-25:2, Declaration of B. Dylan Proctor, dated November 19, 2007 and previously filed with the Court ("Proctor Dec."), Ex 85.

the *entirety* of the Bratz line, consisting of some 200 products. He does not dispute that defendants previously represented to the Court that he is one of only two people who has knowledge about the origins of most of these Bratz products. And he does not and cannot contest that MGA had not even asserted those claims -- for which MGA seeks "billions" of dollars against Mattel -- at the time of his deposition (and that Mattel therefore *could not possibly* have questioned him about them). In fact, many of the products MGA has purported to put at issue did not even exist as of the time of Bryant's deposition in 2004.

This does not even address the other matters for which Mattel submits Mattel is entitled to fair examination time. For example, as the evidence shows (and Bryant does not address), Bryant withheld Bratz design drawings that bear September 1999 dates on them until after his deposition. This was, of course, a time period when he was employed by Mattel, and these surely were among the documents Bryant was obligated to produce long ago but withheld until recently. He and MGA also withheld sworn statements made by Bryant himself about the timing, origins and development of Bratz that were wholly at odds with their assertions in this case. In fact, both Bryant and MGA withheld until after his deposition (and only once they were repeatedly compelled) the vast bulk of their documents on Mattel's claims and MGA's claims. At the time of that deposition, they had produced literally a few thousand pages of documents. Now, once ordered, they have produced literally millions of pages of documents. Mattel has never had an opportunity to question Bryant about any of this withheld evidence.

Mattel should not have to choose between discovery on its own claims and discovery on defendants' ever expanding claims and new defenses that have been asserted only since Bryant's deposition. Unfortunately, providing Mattel only nine additional hours has precisely that effect. As the Court knows, Bryant and the other defendants in this case have sought to radically expand this action yet further through unclean hands defenses that are, standing alone, the equivalent of separate litigations in

terms of their breadth.[2] In resisting Mattel's motion to strike his own belatedly asserted defenses, Bryant argued that Mattel could obtain discovery into them.[3] Bryant simultaneously argued in another brief that one reason he alone among the parties should be exempt from providing an evidence preservation declaration is that Mattel can question him at deposition.[4] Mattel simply cannot cover everything it needs to cover in nine hours.

Bryant cannot (1) refuse to provide information through other means on the ostensible ground that he can be asked about it at deposition while (2) also refusing to make himself available for a realistic amount of time for deposition.  He is, as all agree (and the Discovery Master found), the "key witness" and "most knowledgeable witness with respect to virtually all of the factual issues" in this case,[5] including on the multitude of issues newly raised by MGA and Bryant themselves since his deposition. An additional nine hours is not enough to cover:

- MGA's claims that Mattel allegedly engaged in "serial copycatting" of Bratz dolls, Bratz "pets" and other Bratz products, Bratz television commercials and Bratz packaging;

- MGA's other claims of alleged unfair competition by Mattel;

---

[2] Among other things, these defenses put at issue matters across the world, from MGA's claimed acquisition of Zapf Creation AG in Germany to contractual relations between MGA and Smoby Group in France.  See MGA's Amended Answer and Affirmative Defenses, dated September 19, 2007, at 20, attached as Exhibit 19 to the Declaration of Michael T. Zeller In Support Of Mattel's Motions to Be Heard On January 7, 2008 ("12/31/07 Zeller Dec."), dated December 31, 2007 and filed concurrently herewith.

[3] See Bryant's Opp. to Mattel's Motion to Strike Carter Bryant's Affirmative Defenses (Nos. 1, 2, 3 and 5), dated December 3, 2007, at 8-9, 12/31/07 Zeller Dec., Exh. 20.

[4] See Bryant's Opp. to Mattel's Motion to Enforce the Court's Order of August 27, 2007 and Compel Carter Bryant and Carlos Gustavo Machado Gomez to Provide Preservation Affidavits, dated December 24, 2007, at 4 n. 2., 12/31/07 Zeller Dec., Exh. 21.

[5] 9/27/07 Hearing Tr. at 24:24-25:2, Proctor Dec., Ex 85.

- Bryant's participation in the design and development of the many dozens of Bratz products MGA put at issue by filing its unfair competition complaint;

- What copies and derivative works Bryant has made over a period of many years of the works Mattel claims its owns and Bryant infringed;

- Bryant's knowledge of any copies other defendants made of the works Mattel claims its owns; and

- Bryant's role in the alleged RICO enterprise, his knowledge of other participants' roles, and his and others' hundreds of acts of mail fraud and wire fraud.

The Court should grant Mattel additional time.[6]

## Argument

### I. BRYANT'S ATTACKS ON MATTEL DO NOT JUSTIFY DENYING MATTEL A FAIR AMOUNT OF TIME TO DEPOSE HIM

Rather than dispute Mattel's showing or the factual findings in Judge Infante's Order confirming the broad scope of his knowledge (and indeed his unique knowledge), Bryant principally engages in generalized, rhetorical attacks on Mattel.

Apart from being unfounded, these charges are irrelevant to the issue of whether Mattel should have more time with Mr. Bryant. The propriety of discovery on core matters does not turn on whether Bryant deems Mattel a deserving litigant. To the contrary, the Federal Rules make clear that additional discovery "*shall be granted*" to

---

[6] Bryant chastises Mattel for supposedly moving against Bryant on deposition issues for a "third time." It is difficult to understand why Bryant posits this as evidence of Mattel's alleged abuse, as opposed to Bryant's flouting of Court Orders and his obvious discovery obligations. In fact, Mattel has had to move (successfully) against Bryant time and again in connection with his deposition because he refuses to do anything without Court Orders: once to compel him to sit for deposition because he had flatly refused to appear after promising that he would; another time (also successfully) to enforce the first Order because Bryant refused to comply with it; an additional time to overrule dozens of improper instructions given at the deposition, in addition to other misconduct by Bryant and his counsel (which motion too was granted); and then again to obtain a deposition on new claims, new defenses and new evidence because Bryant again flatly refused to appear at all for any time on those issues as well.

the extent consistent with the principles set forth in <u>Rule</u> 26(b)(2).  <u>Fed. R. Civ. P.</u> 30(a)(2)(A) & 33(a) (emphasis added).  Those principles weigh decisively in favor of additional deposition time of Carter Bryant.

Nowhere does Bryant dispute that the additional discovery Mattel seeks is not duplicative of prior discovery, that Mattel has not had an adequate opportunity to take discovery on these matters, and that the substantial benefits of discovery on these central issues outweigh any burden.  None of the factors set forth in the <u>Rules</u> looks to the type of charges Bryant makes here, and Bryant makes no argument and cites no authority otherwise.

Bryant's "blame Mattel" arguments also overlook the cost and unnecessary burden that his refusals to sit for the reasonable completion of his deposition threaten to impose upon the Court.  The time limits were never intended to "prevent needed discovery."  Notes of the Advisory Committee (1993) to <u>Fed. R. Civ. P.</u> 26(b) & 33.  It does not advance the cause of justice or judicial efficiency to allow a party -- and central witness -- such as Bryant to avoid being fully questioned.  To the contrary, limiting Mattel to only nine hours -- which is not even arguably sufficient to cover MGA's own sweeping claims, let alone the multitude of other facts about which Bryant properly needs to be questioned -- would inevitably undermine trial management and foster improper surprise.  It similarly risks that issues the Court can, and should, weed out on summary judgment will instead be unnecessarily aired at trial.

It is well established that a party can be compelled to testify regarding new evidence that comes to light following his initial deposition.[7]  Bryant nevertheless

---

[7] "[A] second deposition is often permitted, where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition."  <u>Keck v. Union Bank of Switzerland</u>, 1997 WL 411931, at *1 (S.D.N.Y. 1997) (permitting plaintiff to reopen depositions of two witnesses because "the request to reopen the questioning is based on new information"); <u>see also</u> <u>Ritchie v. U.S.</u>, 2004 WL 1161171, at *3 (N.D. Cal. 2004) ("when further (footnote continued)

suggests that Mattel should be denied time to which it is entitled because Mattel supposedly made a tactical choice to depose him early on. Not only is such a consideration found nowhere in the Federal Rules, but this has it backwards: the tactics were Bryant's, not Mattel's. He does not dispute that Mattel sought his (and MGA's) documents before the deposition, and they suppressed them. He does not dispute that Bryant and his counsel had affirmatively ***denied*** that key evidence relating to the creation and origins of Bratz even existed.

The saga of Bryant's computer drives is a case in point. Mattel raised the issue of Bryant's hard drives even before his deposition.[8] In response, Bryant's counsel told Mattel, and then represented to Judge Block and Judge Infante in succession, that they had reviewed the hard drive of Bryant's October 2000 Desktop computer but located no "relevant" or "responsive" documents.[9] They also claimed that Bryant had no computer hard drive other than the Desktop, specifically claiming that Bryant no longer had a laptop computer that he had used starting during the relevant 2001 time period.

---

evidence linking [witness to the project in dispute] subsequently came to light this court permitted plaintiff to depose [the witness] a second time"); Robins v. Scholastic Book Fairs, 928 F. Supp. 1027, 1036 (D. Or. 1996) (finding "that the second set of depositions of these individuals was necessary because they had to be questioned about additional documents that Defendant produced after the first set of depositions"); Dixon v. Certainteed Corp., 164 F.R.D. 685, 692 (D. Kan. 1996) (production of document containing statement by witness after first deposition warranted second deposition).

[8] See Declaration of Michael T. Zeller In Support of Motion of Plaintiff Mattel, Inc. For Additional Time And/Or To Reopen the Deposition of Carter Bryant For All Purposes ("Zeller Dec."), dated August 1, 2007, ¶ 14, Exh. 10, Notice of Lodging, filed November 19, 2007, Exh. 5.

[9] Zeller Dec. ¶ 15, Exhs. 11-12. Indeed, Bryant's counsel swore to Judge Block that they had "tirelessly searched for and inspected [Bryant's] hard drives for relevant information," but found none. Zeller Dec. ¶ 15, Exh. 11.

The Court subsequently ordered Bryant to produce the hard drives of his computers for forensic imaging.[10] After that, Bryant told Mattel that he could not locate the Desktop drive.[11] It was only after Mattel moved for sanctions that Bryant "found" it.[12] Bryant also revealed for the first time -- in 2007 -- that his representations about not having the laptop were wrong and that he even had it imaged in July *2004*, months before his November 2004 deposition and months before he represented to Judge Block and later Judge Infante that he had possession of only his Desktop.

Examination of the images of Bryant's belatedly disclosed hard drives revealed that they had a program called "Evidence Eliminator" installed and used on them.[13] According to advertisements, the "Evidence Eliminator" software is designed to ensure that "the data destroyed" by its operation "is gone forever."[14] Courts have also recognized this and imposed terminating sanctions based on its use. See Communications Center, Inc. v. Hewitt, 2005 WL 3277983, at *2-3 (E.D. Cal. 2005) (finding defendant's use of "Evidence Eliminator" software warranted default judgment for plaintiff: "the data destroyed is "gone forever" . . . no sanction short of default is available to return the parties to the position in which they would have been but for the deliberate [use of Evidence Eliminator software] by defendant."); Kucala Enterprises, Ltd. v. Auto Wax Co., Inc., 2003 WL 22433095, at *3 (N.D. Ill. 2003) (party's possession of "Evidence Eliminator" software and fact that documents that one would reasonably expect to be found were not produced or discovered supports a finding that documents were purposefully destroyed).

As another example, Mattel requested that Bryant make his original drawings and other documents available for inspection and photographing at least as early as

---

[10] Zeller Dec. Exh. 3.
[11] Zeller Dec. ¶ 16, Exh. 13.
[12] Zeller Dec. ¶ 16, Exh. 14.
[13] Zeller Dec. ¶ 17.
[14] Zeller Dec. Exh. 15.

October 25, 2004.[15] Although Bryant's counsel stated that the originals would be made available at Bryant's deposition, he provided only a few original drawings at that time.[16] Even after the deposition and multiple additional requests from Mattel, Bryant still did not turn over a single additional original Bratz drawing or sketch.[17] On February 14, 2007, the Discovery Master ordered Bryant to make all original documents and three-dimensional items requested by Mattel available for inspection and photographing no later than February 28, 2007.[18] On February 27 and 28, 2007, Bryant allowed Mattel to inspect some, but not all, of the remaining originals.[19] Only after repeated requests by Mattel that he comply with the Order, and only after Mattel had to threaten motion

---

[15] Zeller Dec. ¶ 9, Exh. 7.

[16] Zeller Dec. ¶ 10, Exh. 8; see also Bryant Depo. at 617:17-21, Supplemental Declaration of B. Dylan Proctor in Support of Motion of Plaintiff Mattel, Inc. for Additional Time and/or to Reopen the Deposition of Carter Bryant for All Purposes and to Overrule Additional Instructions not to Answer at the Deposition ("Supp. Proctor Dec."), dated August 23, 2007, Exh. 14 (Mattel noting at the deposition itself that "we won't be able to complete this deposition until, among other things, we have a chance to examine the witness with respect to all the originals."), Notice of Lodging, filed November 19, 2007, Exh. 8.

[17] Declaration of Shane McKenzie in Support of Mattel's Motion to Enforce Stipulation and Compel Bryant to Make Original Documents Available, dated January 22, 2007 ("McKenzie Dec."), ¶¶ 2-4 & Exh. 1, Notice of Lodging, filed November 19, 2007, Exh. 2; Zeller Dec. ¶ 11. Mattel first filed a motion to compel Bryant to produce his originals for inspection and photographing on February 18, 2005. Zeller Dec. ¶ 11. The case was stayed before the motion was heard. After the stay was lifted, Bryant stipulated on the record before Judge Block, on June 20, 2006, that he would produce for inspection and photographing originals requested by Mattel on 15 days' notice. McKenzie Dec. ¶ 8, Zeller Dec. ¶ 11. Mattel then repeatedly requested in writing that certain originals be made available by Bryant, but Bryant still refused -- in the face of his own stipulation -- to make all the requested originals available for inspection and photographing. McKenzie Dec. Exh. 3, Zeller Dec. ¶ 12. Mattel thus filed a Motion To Enforce Stipulation And Compel Bryant To Make Original Documents Available on January 23, 2007, which Judge Infante subsequently granted in its entirety.

[18] Zeller Dec. ¶ 12, Exh. 9.

[19] Id ¶ 13.

practice to enforce the Order, Bryant finally allowed the inspection of yet more previously withheld originals on May 31, June 20 and June 21, 2007.[20] Given that Mattel had asked for, and Bryant had even promised production of, these originals prior to or at the time of his deposition, it was Bryant and not Mattel who made the tactical decisions here.

Bryant's argument that Mattel's alleged tactical choice to depose him previously disentitles it to a fair examination cannot withstand scrutiny for another reason. As he ignores, Mattel *could not* have questioned him about MGA's claims, which were first asserted in 2005, or on many of Mattel's counterclaims, which were first asserted in 2006, or on his newly expanded affirmative defenses, which were first asserted in 2007. Those indisputably were raised only *after* his deposition. Mattel scarcely can be deemed to have engaged in some tactical decision as to matters that were not even raised or at issue at the time (and with respect to MGA products that had not even been released yet). Whatever argument one might have about the deposition time limits set forth in the Federal Rules, they are not designed to punish a party such as Mattel by preventing it from taking discovery on later asserted claims and defenses.[21]

---

[20] Id.

[21] To the contrary, it is well established that witnesses may be deposed further on new claims filed after their initial depositions were taken. See, e.g., Keithley v. Homestore.com, Inc., 2006 WL 1646119, at *1 (N.D. Cal. 2006) (rejecting argument that witness should not have to be deposed again, "in light of the . . . additional claims that have been added since his [] deposition more than two years ago."); Tillery v. Darby-Rogers Co., 2006 WL 2735162, at *5 (M.D. Fla. 2006) ("The Court will allow Defendants to re-depose Plaintiffs regarding the new claims"); Collins v. International Dairy Queen, 189 F.R.D. 496, 498 (M.D. Ga. 1999) (granting defendants' request to reopen depositions of several witnesses based on new claims in amended complaint: "Because of the time that has elapsed, the addition of new claims, and the evident knowledge of the witnesses in particular areas, re-examination of the two witnesses is likely to provide additional information not obtainable at the first depositions.").

## II. MATTEL IS ENTITLED TO RELIEF

Bryant accuses Mattel of ignoring the standards that typically apply to objections to a discovery Order and latches onto Mattel's point that Judge Infante's factual findings were correct as being an alleged concession that the Order was not clearly erroneous. Bryant misses Mattel's actual point. As Judge Infante observed and Bryant does not contest here: "Bryant is *the* central figure in this litigation and arguably the most important witness *for virtually every claim in the case. No other witness in the case has his depth and breadth of relevant information.*"[22] MGA's interrogatory responses also state that the entire Bratz line is the subject of MGA's claims (first asserted after Bryant's deposition), and an MGA witness has declared that there are more than 200 Bratz products.[23] Bryant, however, is not merely just at the heart of numerous products MGA has put at issue since Bryant was deposed. He is one of only *two* people who are.[24]

Contrary to Bryant's argument, Mattel's motion specifically posited that the Order was "clearly erroneous" because, in light of these findings, seven hours of time is indisputably insufficient time to cover even the multitude of new, sweeping claims and defenses that have been interjected into this suit since Bryant's deposition (for which MGA professes that it is seeking "billions" of dollars against Mattel). Motion, at 1:23-24. Because he ignores Mattel's actual contention, Bryant literally makes no argument in opposition and does not even attempt to explain how the conclusion that Mattel only

---

[22] Proctor Dec., Ex. 43, at 5:15-17 (emphasis added).

[23] See Proctor Dec., Ex. 58, at ¶ 2; MGA Sup. Resp. Unfair Comp. No. 2, Proctor Dec., Ex. 26.

[24] MGA's Vice President of Product Design and Development, Paula Garcia, previously declared in this case that she and Carter Bryant are "the *only* people who know what the concept is and who see the early product drawings" with respect to many Bratz products. Declaration of Paula Garcia in Support of MGA's Opposition to Mattel's Motion to Compel, dated February 9, 2007, ¶ 6 (emphasis in original), Proctor Dec., Ex. 59.

needs another seven hours to question him on all such matters is anything other than clearly erroneous.

Bryant also fails to refute Mattel's alternative argument. While Mattel does not disagree that discovery Orders typically should be reviewed under the standards of Federal Rule of Civil Procedure 72(a), the issue here is comparable to a prior situation where this Court treated a discovery ruling otherwise. As Mattel demonstrated, and Bryant ignores, the Court previously did not require a Rule 72(a) showing when it decided to extend by many weeks MGA's deadlines to produce documents that Judge Infante had compelled MGA to produce, which is analogous. The Court allowed that extension and ordered a new deadline even though Judge Infante had affirmatively *rejected* MGA's request for additional time to comply and MGA had not argued that the deadline imposed was clearly erroneous. Undoubtedly, the Court considered such matters within its case management province. As Mattel also pointed out this Court ultimately has the right to ensure that the parties receive fair discovery suited to a case of this magnitude and complexity, and to ensure that trial is conducted without undue surprise, prejudice and wasted time. The Court should therefore, in the alternative, exercise its discretion to grant Mattel sufficient time to depose Bryant on all the new claims, new defenses and new evidence in this case.[25]

---

[25] Bryant says nothing about these points, but confines his sole argument on this issue to a footnote (Opp. at 4 n. 3) where he argues that the Court should *reduce* his additional deposition time for some unspecified length. Necessary implicit in his contention is a recognition that this Court is the final arbiter of such matters. Bryant, however, offers no reason whatsoever as to how the applicable legal principles could warrant less than nine hours. His request should be rejected.

1

## Conclusion

2  Mattel respectfully requests that the Court grant Mattel's motion and allow
3  additional time up to a total of 21 additional hours to question Bryant.

4

5

6  DATED:  December 31, 2007        QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
7

8
                                    By /s/ John B. Quinn
9                                      John B. Quinn
                                       Attorneys for Mattel, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07975/2338322.1

-12-
MATTEL'S REPLY TO BRYANT OPPOSITION TO MOTION FOR ADDITIONAL DISCOVERY