# EXHIBIT 2

FILED 2007 AUG 21 PM 2:00
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
EASTERN DIVISION
BY:

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:  (415) 774-2611
4  Facsimile:  (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                           EASTERN DIVISION

10

11 | CARTER BRYANT, an individual,       | CASE NO. C 04-09049 SGL (RNBx)
12 |                                      | JAMS Reference No.1100049530
   |         Plaintiff,                   |
13 |                                      | Consolidated with
   |    v.                                | Case No. CV 04-09059
14 |                                      | Case No. CV 05-2727
   | MATTEL, INC., a Delaware corporation,|
15 |                                      | **ORDER GRANTING MATTEL'S
   |         Defendant.                   | MOTION TO COMPEL CARTER
16 |                                      | BRYANT TO ANSWER REQUESTS
   |                                      | FOR ADMISSION OR TO ORDER
17 |                                      | REQUESTS ADMITTED; DENYING
   |                                      | REQUEST FOR MONETARY
18 |                                      | SANCTIONS**

19 CONSOLIDATED WITH
   MATTEL, INC. v. BRYANT and
20 MGA ENTERTAINMENT, INC. v. MATTEL,
   INC.
21

22

23                           I. INTRODUCTION

24      On June 26, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Compel Carter Bryant

25 To Answer Requests For Admission Or To Order Requests Admitted And For Monetary

26 Sanctions." More specifically, Mattel seeks an order compelling Carter Bryant ("Bryant") to

27 answer Request Nos. 33, 34, 100, 106, 112, 118, 126, 127, 129, 131, 133, 135, 137, 139, 141 and

28

143 in Mattel's Third Set of Requests for Admission or an order that such Requests are deemed admitted. Mattel also seeks $3,500 in sanctions. On July 3, 2007, Bryant submitted an opposition brief, and on July 9, 2007, Mattel submitted a reply brief. The matter was heard on August 13, 2007. Having considered the motion papers and the comments of counsel at the hearing, Mattel's motion to compel Bryant to answer requests for admission is granted and the request for sanctions is denied.

## II. BACKGROUND

In February of 2007, Mattel served its Third Set of Requests for Admission to Bryant (the "Requests"). Among other things, the Requests seek information regarding: (a) the timing of meetings between Bryant and MGA regarding Bratz, work performed by Bryant on Bratz, designs created by Bryant for Bratz and payments made to Bryant by MGA for Bratz; (b) the contract between MGA and Bryant whereby Bryant purported to assign all of his rights, title and interest in Bratz to MGA; and (c) whether specific Bratz works subject to copyright registrations are derivative of other specific Bratz works.

In March of 2007, Bryant served his responses. In response to some of the requests asking Bryant to admit that certain works were derivative of other Bratz works[1], Bryant asserted numerous objections, including that they "call[ed] for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges" and "call[ed] for a legal conclusion." See Bryant's Responses to Request Nos. 100, 106, 112, 118, 126, 127, 129, 131, 133, 135, 137, 139, 141 and 143, Kidman Decl., Ex. 2. Bryant also responded that "the information known or readily obtainable" by Bryant was "insufficient" to enable him to admit or deny the requests.

Bryant also objected and refused to answer two requests for admission regarding the validity and enforceability of his contract with MGA on the grounds that the requests called for a "legal conclusion" and "the disclosure of information subject to the attorney-client privilege, the

---

[1] Hereinafter, these requests are collectively referred to as the "requests for admission regarding derivative works."

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT 2  PAGE 9

work product doctrine, and other applicable privileges." See Bryant's Responses to Request Nos. 33 and 34, Kidman Decl., Ex. 2.

After meeting and conferring, Bryant agreed to provide supplemental responses to the requests for admission regarding derivative works. Bryant, however, persisted in his objection to the two requests regarding his contract with MGA on "legal conclusion" and privilege grounds.

Bryant served supplemental and amended responses on May 29, June 11, and June 29, 2007. With respect to the requests for admission regarding derivative works, Bryant's responses consisted of objections on the grounds that the requests called for a legal conclusion and "for the disclosure of information subject to the attorney-client privilege, the work product doctrine, and other applicable privileges." See Bryant's Responses to Request Nos. 100, 106, 112, 118, 126, 127, 129, 131, 133, 135, 137, 139, 141 and 143, Kidman Decl., Ex. 6.

Mattel contends that MGA's objections and refusal to answer have no merit. More specifically, Mattel contends that Rule 36, Fed.R.Civ.P., provides that requests for admission may relate to the application of law to fact and the ultimate issues in the case. Mattel contends that only requests to admit pure conclusions of law unrelated to the facts of the case are objectionable, and that none of its requests for admission even remotely ask for pure questions of law. Further, Mattel contends that Bryant's objection that the requests call for privileged information and work product is without merit. Mattel argues that a party cannot avoid answering requests for admission that involve the application of law to fact by claiming that it needs to confer with counsel in order to do so. Mattel contends that to hold otherwise would effectively gut the provision of Rule 36 authorizing such requests.

Bryant contends that Mattel's requests for admission improperly call for ultimate legal conclusions, relying primarily upon Playboy Enterprises, Inc. v. Welles, 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999). Bryant also contends that the requests for admission are improper because they seek information covered by the attorney-client privilege or joint defense privilege or the work product doctrine. Bryant asserts that any legal opinion he may have of whether a work is derivative of another inevitably will seek the legal opinions of, and communications from, his counsel.

## III. DISCUSSION

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission and provides, in pertinent part, that "[a] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request." Fed.R.Civ.P. 36(a). Further, "[a] party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it." Id.

The Advisory Committee Notes to the 1970 Amendment to Rule 36 provide the following additional guidance:

> As revised, the subdivision provides that a request may be made to admit any matters within the scope of Rule 26(b) that relate to statements or opinions of fact or of the application of law to fact. It thereby eliminates the requirement that the matters be "of fact." This change resolves conflicts in the court decisions as to whether a request to admit matters of "opinion" and matters involving "mixed law and fact" is proper under the rule. . . .
>
> * * *
>
> Not only is it difficult as a practical matter to separate "fact" from "opinion," see 4 *Moore's Federal Practice* ¶36.04 (2d ed. 1966); cf. 2A Barron & Holtzoff, *Federal Practice and Procedure* 317 (Wright ed. 1961), but an admission on a matter of opinion may facilitate proof or narrow the issues or both. An admission of a matter involving the application of law to fact may, in a given case, even more clearly narrow the issues. For example, an admission that an employee acted in the scope of his employment may remove a major issue from the trial. In *McSparran v Hanigan*, [225 F. Supp. 628 (E.D. Pa. 1963)], plaintiff admitted that "the premises on which said accident occurred, were occupied or under the control" of one of the defendants, 225 F.Supp. at 636. This admission, involving law as well as fact, removed one of the issues from the lawsuit and thereby reduced the proof required at trial. The amended provision does not authorize requests for admissions of law unrelated to the facts of the case.

1970 Advisory Committee Notes to Rule 36, Fed.R.Civ.P.

<u>Nos. 100, 106, 112, 118, 126-127, 129, 131, 133, 135, 137, 139, 141, 143 re Derivative Works</u>

Mattel's requests for admission regarding derivative works all follow the same format. For example, Request for Admission No. 100 asks Bryant to "[a]dmit that the work registered as

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT 2 PAGE 11

V A 1-090-287 is a derivative of the work registered as V A 1-218-487. Kidman Decl., Ex. 1, p. 21.

Rule 36 plainly states that requests for admission may "relate to statements or opinions of fact or the application of law to fact." Mattel's requests for admission regarding derivative works fall within this permissible category. Courts have required parties to answer requests for admission similar to Mattel's requests. For example, in McSparran, supra, the plaintiff admitted that "the premises on which said accident occurred, were occupied or under the control" of one of the defendants. In Marchand v. Mercy Med. Ctr., 22 F.3d 933, 937 (9th Cir. 1994), the Ninth Circuit found that a request to admit that defendant's care and treatment of plaintiff failed to comply with the "applicable standards of care" was permissible. In First Options of Chicago, Inc. v. Wallenstein, 1996 WL 729816 (E.D. Pa. 1996), the court ordered defendants to answer requests to admit that they "owed a fiduciary duty" to certain creditors to preserve corporate assets. Id. at *3. In Treister v. PNC Bank, 2007 WL 521935 (S.D. Fla. 2007), the court found that a request for defendant to admit that it was not required to provide plaintiffs with copies of cancelled checks drawn on their accounts "clearly calls for an application of law to fact." Id. at *2.

The cases relied upon by Bryant do not dictate a contrary result. Bryant cites to Playboy Enterprises, Inc. v. Welles, 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999), where the court held that a defendant could properly object and refuse to answer a request to (1) admit that she was a public figure as defined in a Supreme Court case, and (2) admit that a specific contract provision required her to obtain permission from Playboy Enterprises before using the designation "Playmate of the Year." The holding, however, is debatable. One of the claims in the suit was for defamation, which has different elements depending upon whether the party asserting defamation is a public or non-public figure. Furthermore, whether a party is a public figure or non-public figure could be reasonably characterized as a mixed question of fact and law. The second request for an admission could also be reasonably characterized as a mixed question of fact and law. "A party's *understanding* of the *meaning* or intent of a document is a statement of fact. Thus, where the meaning of a document is at issue in the case, an RFA may seek the

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT 2 PAGE 12

admission or denial of the responding party's understanding of the *meaning or intent* of the contract." See 11 Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ.Pro. Before Trial, 11:2010 (The Rutter Group 2006) (emphasis in the original), citing Booth Oil Site Admin. Group v. Safety-Kleen Corp., 194 F.R.D. 76, 80 (W.D. NY 2000). In any event, the Playboy decision is not binding precedent.

Bryant also cites to Google, Inc. v. Am. Blind & Wallpaper Factory, Inc., No. C03-4340, 2006 WL 3290402, at *2 (N.D. Cal. 2006). In Google, the court concluded that a request compelling defendant to admit that "under certain described circumstances no 'use' of American Blind's trademarks would occur within the meaning of Lanham Act" was an impermissible request for a conclusion of law, and therefore, defendant need not admit or deny, but could simply respond with objections. It is unclear, however, what the "certain described circumstances" might have been in Google. If the "certain described circumstances" to which the court referred were purely hypothetical, then the Google decision is consistent with the admonition in the 1970 Advisory Committee Notes that Rule 36 "does not authorize requests for admission of law unrelated to the facts of the case."

Another case relied upon by Bryant, Disability Rights Council of Greater Washington v. Washington Metropolitan Area Transit Authority, 234 F.R.D. 1, 3, (D. D.C. 2006), involved purely legal conclusions, and therefore is distinguishable. The last case relied upon by Bryant, Photon, Inc. v. Harris Intertype, Inc., 28 F.R.D. 327, 328 (D. Mass. 1961), was issued well before the 1970 amendments to Rule 36, and therefore is unreliable.

In sum, Mattel's requests for admission regarding derivative works are consistent with the plain language of Rule 36 and several cases holding that requests for admission calling for application of law to facts are permissible. See e.g., Marchand, supra; First Options of Chicago, Inc., supra; and Treister, supra. Therefore, Bryant's "legal conclusion" objection is overruled.

Bryant's privilege and work product objections are also without merit. The fact that Bryant may need to consult with counsel to respond to the requests does not make the response privileged. To hold otherwise would effectively gut the provision of Rule 36 authorizing requests that call for the application of law to fact. See also Convergent Business Systems, Inc. v.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT 2 PAGE 13

Diamond Reporting, Inc., 1989 WL 92038, at *1 (E.D.N.Y. 1988) ("Seeking the facts and documents which support a particular allegation in a complaint violates neither the attorney-client or work product privileges.").

Mattel's motion is granted as to the requests for admission regarding derivative works.

### Nos. 33 and 34 re Contract Between Bryant and MGA

Request No. 33 asks Bryant to "[a]dmit that YOU do not contest that the contract between MGA and YOU attached as Exhibits 30 is valid." Request No. 34 similarly asks Bryant to "[a]dmit that YOU do not contest that the contract between MGA and YOU attached as Exhibit 30 is enforceable."

These two requests for admission do not call for pure legal conclusions. Rather they are akin to contention interrogatories that are routinely asked and answered. Therefore, Bryant's objections to the requests are overruled and Bryant is ordered to admit or deny Request Nos. 33 and 34 consistent with Rule 36(a), Fed.R.Civ.P.

## IV. CONCLUSION

For the reasons set forth above, Mattel's motion to compel Bryant to answer requests for admission is granted. Bryant shall admit or deny the requests in accordance with Rule 36(a), Fed.R.Civ.P., no later than August 30, 2007. The request for sanctions is denied.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

Dated: August 20, 2007

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT 2 PAGE 14

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 20, 2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL CARTER BRYANT TO ANSWER REQUESTS FOR ADMISSION OR TO ORDER REQUESTS ADMITTED; DENYING REQUEST FOR MONETARY SANCTIONS in the within action by e-mail addressed as follows:

| Name | Firm | Email |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 20, 2007, at San Francisco, California.

*/s/ Sandra Chan*
Sandra Chan

EXHIBIT 2 PAGE 15