# EXHIBIT 4

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant,<br><br>AND CONSOLIDATED CASES | Case No. CV 04-09049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>Hon. Edward A. Infante (Ret.)<br>Discovery Master<br><br>[PROPOSED] ORDER GRANTING MATTEL, INC.'S MOTION TO COMPEL BRYANT TO MAKE ORIGINAL DOCUMENTS AVAILABLE FOR EXPERT EXAMINATION AND TESTING<br><br>Date: August 23, 2007<br>Time: 9:00 a.m.<br>Place: Telephonic<br><br>Discovery Cut-Off: October 22, 2007<br>Pre-Trial Conference: January 14, 2008<br>Trial Date: February 12, 2008 |

8-30

[PROPOSED] ORDER

EXHIBIT 4 PAGE 25

1        Having considered Mattel, Inc.'s Motion To Compel Bryant To Make Original Documents Available For Expert Examination and Testing (the "Motion"), and all other papers and argument submitted in support of or opposition to the Motion, and finding good cause therefore,

      IT IS HEREBY ORDERED that:

    1.    Mattel's Motion is GRANTED IN PART, as follows:

    2.    The following materials were provided to the Discovery Master, at his request, for *in camera* review: the C.V. of the four experts who will be conducting examination, inspection and testing of the documents; and statements from each of them as to the location and nature of their laboratory facilities, as to their individual practices with regard to the preservation of evidence, and as to their understanding that they are fully accountable for Bryant's original documents while those documents are in their custody. The Discovery Master has found Mattel's showing with respect to the experts satisfactory.

    3.    Accordingly, Bryant shall produce to Mattel, within ten (10) Court days of entry of this Order, on the day that Mattel specifies, the original documents listed below for Mattel's experts' examination, testing and/or analysis:

- the originals of boxes 1 through 8 inclusive;

- from box 9: folders "Sugar Planet Spring 2003 Tropical" and "Sugar Planet General 2001-2002?";

- from box 10: folders "Baby Bratz," "F 04 Retro Funk General," "Sugar Planet Butterfly Purse & Character S 04," "Lipstixx 2003," Sugar Planet Candyland Purse: Character S 04" and "Sugar Planet Tropical 2001"

- from box 11: folders entitled "Bratz Dollpack Fall 2003," "S04 Girls Night Out," "Bratz New Accessories Etc. 2002," "Bratz Petz S04," "Winter Wonderland F03 Dolls," "Bratz Spring 2002 7.99 molded pieces," "S04 Sweetheart," "Jade Dollpack Spring 2003," "Jade Fall 2002," "Sasha Fall 2002," "Yasmin Fall 2002," "Cloe Fall 2002," "New

1  Girl 2002 Fall," "Bratz $7.99 2002 Spring Break," and "Bratz Spring
2  2002 14.99 segment."

3  ~~If Mattel's experts determine that their analysis would potentially benefit~~
4  ~~from access to other original documents not listed above, Bryant will make those~~
5  ~~originals available to Mattel's counsel or Mattel's expert(s) at Mattel's counsel's~~
6  ~~direction upon five (5) Court days' notice.~~

7      4.    On the day specified, Mattel will pick up the documents listed
8  above from Keker & Van Nest's San Francisco office during normal business hours.
9  The next day after the documents are removed from Keker & Van Nest shall be the
10 first of 35 days that Mattel will have for the expert examination and testing of the
11 materials requested for preparation of its initial expert reports, which time period may
12 be extended upon a showing by Mattel of good cause by further Order of the
13 Discovery Master. The documents shall be returned to Keker & Van Nest's San
14 Francisco office on the 35th day during normal business hours.

15     5.    The experts' examination, testing and analysis may take place at
16 the experts' laboratories. Any shipping of the originals will be done by overnight
17 mail, for earliest delivery possible to the destination area, using Federal Express or
18 UPS or a similar service that Bryant selects.

19     6.    If any of Mattel's experts recommends that a form of destructive
20 testing (that is, any testing that would alter the documents' inherent physical status) be
21 conducted, the following procedure shall be used. First, Mattel will send a request in
22 writing to Bryant and MGA explaining what would be tested and what test or tests
23 would be conducted. Then Bryant and MGA will have five (5) Court days to object,
24 in which case the parties must meet and confer and, within three (3) more Court days,
25 file a joint statement with Judge Infante to seek resolution of the dispute. Bryant and
26 MGA may also elect to have their own experts attend for any destructive testing
27 being done, so long as they make this election in writing to Mattel within the five-
28 Court-day objection period, and so long as the testing can take place within ten (10)

1 | Court days of the original request. If Bryant's or MGA's expert, while he or she is
2 | observing the examination or destructive testing, raises any issues about sampling or
3 | testing being done or any other aspects of the expert's or experts' process, the parties
4 | will seek immediate resolution from this Court so that the sampling, testing or other
5 | activity will not be delayed. If Bryant's counsel or MGA's counsel does not object or
6 | seek attendance by its expert within five days of the request, the proposed destructive
7 | testing shall be deemed as unobjectionable and may be carried out without further
8 | delay.

9        7.    With the exception of alterations resulting from any destructive
10 | testing, which would be conducted in accordance with the protocol above, all the
11 | Bryant documents that are provided for inspection, examination and testing shall be
12 | returned in the same condition, sequence and order in which they were received.

13       **IT IS SO ORDERED.**

15 DATED: _Aug 30_, 2007

18 Hon. Edward Infante (Ret.)
Discovery Master

1  Prepared and respectfully submitted by:
2  QUINN EMANUEL URQUHART
   OLIVER & HEDGES, LLP
3
4
5  _____
   Diane C. Hutnyan
6  Attorneys for Mattel, Inc.

07209/2201994.1

-4-

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 30, 2007, I served the attached ORDER GRANTING MATTEL, INC'S MOTION TO COMPEL BRYANT TO MAKE ORIGINAL DOCUMENTS AVAILABLE FOR EXPERT EXAMINATION AND TESTING in the within action by e-mail addressed as follows:

| Name | Firm | Email |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tlmalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 30, 2007, at San Francisco, California.

*/s/ Sandra Chan*

Sandra Chan

EXHIBIT 4 PAGE 30