# EXHIBIT 6

| | |
|---|---|
| Hon. Edward A. Infante (Ret.)<br>JAMS<br>Two Embarcadero Center<br>Suite 1500<br>San Francisco, California 94111<br>Telephone: (415) 774-2611<br>Facsimile: (415) 982-5287 | FILED<br>2007 SEP 28 PM 3:14<br>CLERK, U.S. DISTRICT COURT<br>CENTRAL DIST. OF CALIF.<br>RIVERSIDE |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. C 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING IN PART MATTEL'S MOTION FOR ADDITIONAL TIME TO DEPOSE CARTER BRYANT FOR ALL PURPOSES** |

## I. INTRODUCTION

On August 1, 2007, Mattel, Inc. ("Mattel") submitted its "Motion for Additional Time and/or to Reopen the Deposition of Carter Bryant for all Purposes and to Overrule Additional Instructions Not to Answer." Pursuant to Rule 30(d)(3) and Rule 37, Fed.R.Civ.P., Mattel seeks twenty-one additional hours of deposition time with Carter Bryant in order to "resume

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

EXHIBIT 6 PAGE 44

questioning Mr. Bryant on all areas that Mattel's counsel previously attempted to cover in his prior deposition, as well as any other relevant areas in light of the expanded scope of this litigation and discovery developments." Mattel's Proposed Order. Mattel also seeks an order overruling objections asserted in response to 11 deposition questions. On August 15, 2007, Carter Bryant ("Bryant") submitted an opposition brief. On August 22, 2007, Mattel submitted a reply brief. The matter was heard on September 26, 2007. Having considered the motion papers and the comments of counsel, and good cause appearing, Bryant is ordered to appear for an additional nine (9) hours of deposition.

## II. BACKGROUND

Mattel filed its suit against Bryant in April of 2004, claiming breach of contract, breach of fiduciary duty, breach of the duty of loyalty, unjust enrichment and conversion. Shortly thereafter, Mattel propounded document requests and noticed Bryant's deposition for June 29, 2004. After meeting and conferring and eventually obtaining a court order, Bryant appeared for deposition on November 4, 2004, from 9:10 a.m. to 5:00 p.m., November 5, 2004, from 9:10 a.m. to 4:57 p.m., and November 8, 2004, from 10:27 a.m. to 5:09 p.m., for a total of approximately 17 hours, excluding breaks.

In April of 2005, MGA filed its lawsuit against Mattel asserting numerous unfair competition claims based upon allegations that Mattel engaged in "serial copycatting" of Bratz dolls, Bratz "pets" and other Bratz products, Bratz television commercials and Bratz packaging. In January of 2007, Mattel filed 13 counterclaims against Bryant, MGA and other defendants, including copyright infringement, RICO violations, misappropriation of trade secrets, breach of contract, intentional interference with contract, breach of fiduciary duty, breach of the duty of loyalty, aiding and abetting, conversion, and unfair competition.

In February of 2007, Mattel filed a Motion to Overrule Instructions Not to Answer During the Deposition of Carter Bryant, to Compel Bryant to Answer Those Questions, and for Sanctions ("February 2007 Motion"). In the February 2007 Motion, Mattel argued that counsel for Bryant and MGA obstructed the deposition by, among other things, asserting improper instructions not to

1. answer, coaching, making lengthy speaking objections, interrupting Bryant in the middle of his
2. answers, and taking Bryant out of the deposition room with a question pending. Mattel identified
3. 67 instances of allegedly improper conduct. Mattel substantially prevailed on its February 2007
4. Motion and Bryant was ordered to appear for an additional two hours of deposition to answer the
5. questions he was improperly instructed not to answer and reasonable follow up questions.
6.     Mattel seeks an additional twenty-one hours of deposition on the grounds that: (1) new
7. claims, defenses, and parties have been added to the case after Bryant was deposed; (2)
8. defendants have now produced thousands of documents to Mattel since Bryant's deposition was
9. taken, including original Bratz drawings; (3) Bryant's and MGA's counsel prevented a fair
10. examination of Bryant; and (4) in eleven instances, Bryant's counsel assertedly did not have a
11. proper basis for instructing Bryant not to answer on privilege grounds.
12.     Bryant opposes the motion on several grounds. Bryant contends that Mattel made the
13. tactical decision to depose him at the outset of the case when the parties had barely begun
14. document discovery, and must now face the consequences of that decision. Further, Bryant points
15. out that Mattel rejected his proposal to phase discovery so that document production would be
16. completed before depositions would take place. Because Mattel elected to proceed with Bryant's
17. deposition at the outset of the case, Bryant contends that neither the new claims, defenses nor the
18. documents produced after his deposition warrant additional deposition time.
19.     Moreover, Bryant contends that the documents produced after his deposition do not justify
20. any further deposition time because (a) virtually all of the documents referenced in Mattel's
21. current motion had been produced before it filed its February 2007 Motion, and presumably
22. should have been included in that Motion; and (b) most of the documents referenced in Mattel's
23. motion were not produced by Bryant, but by other parties and non-parties. Bryant also contends
24. that Mattel's motion is premised upon misleading information about the history and contents of
25. his computer hard-drive. Lastly, Bryant contends Mattel's motion is an improper attempt to
26. relitigate its prior February 2007 Motion.
27. //
28.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT 6 PAGE 46

## III. STANDARDS

Pursuant to Rule 30(a)(2)(B), Fed.R.Civ.P., leave of court must be obtained before a witness may be deposed a second time in the same case. Leave of court "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Furthermore, Rule 30(d)(2), Fed.R.Civ.P., provides that the court must allow additional time beyond the presumptive seven-hour limitation on a single deposition "consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstances, impedes or delays the examination."

Rule 26(b)(2), Fed.R.Civ.P., provides that the court shall limit the frequency or extent of use of the discovery methods if the court determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

A party seeking a court order for additional time must show "good cause" to justify such an order. Boston Scientific Corp. v. Cordis Corp., 2004 WL 1945643 (N.D.Cal. 2004). "Typically, if, after a witness is deposed, new information comes to light relating to the subject of that deposition, new parties are added to the case, new allegations are made in pleadings, or new documents are produced, the witness may be re-deposed with respect to these new developments." Fresenius Medical Care Holdings, Inc. v. Roxane Laboratories, Inc., 2007 WL 764302 (S.D. Ohio 2007).

## IV. DISCUSSION

### A. New Claims and Defenses Justify Additional Time to Depose Bryant

The new claims and defenses that were added to the case after Bryant's deposition justify

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT 6 PAGE 47

additional deposition time. At the time Bryant's deposition was taken in 2004, Mattel had asserted five state law claims against Bryant. After Bryant's deposition, MGA filed a complaint against Mattel in April of 2005, asserting a variety of federal and state law unfair competition claims. Without question, Bryant is a critical witness regarding MGA's unfair competition claims. and Mattel has not had an opportunity to depose him on such claims.

In addition, Mattel filed a counterclaim against Bryant, MGA, and other defendants in 2007, asserting thirteen different claims, including violation of RICO, trademark misappropriation, aiding and abetting, and copyright infringement. Bryant filed an answer asserting over twenty affirmative defenses. Mattel has not had an opportunity to depose Bryant on any of these claims or defenses.

In response, Bryant contends that if the amendment of claims justifies reopening his deposition, it justifies reopening all depositions. Bryant also contends that additional deposition time is unwarranted because there are several other discovery methods available to Mattel to obtain relevant information about any new claims and defenses.

Bryant's arguments overlook one critical detail: Bryant is the central figure in this litigation and arguably the most important witness for virtually every claim in the case. No other witness in the case has his depth and breadth of relevant information. Furthermore, interrogatories and requests for admission are not adequate substitutes for a face-to-face deposition with the opportunity to examine the witness in depth.

B. New Evidence Justifies Additional Time to Depose Bryant

After Bryant's deposition, Defendants produced a substantial number of documents. This production of documents provides further justification for additional time to depose Bryant. More specifically, MGA produced more than 157,000 pages and Bryant produced more than 20,000 pages of documents. The size of the document production after Bryant's deposition is significant in comparison to the 2,264 pages of documents produced prior to Bryant's deposition. More than 98 percent of Bryant's and MGA's collective document production took place after Bryant's deposition.

EXHIBIT 6 PAGE 48

In addition to the sheer quantity of documents produced after Bryant's deposition, Mattel also emphasizes that the production included "dozens of key documents." For example, Bryant produced his fee agreement on June 28, 2007. This agreement indicates that MGA has been paying Bryant's legal fees and that MGA reserves the right to terminate the agreement at any time for any reason, and if appropriate, seek reimbursement of any fees expended in Bryant's defense. In Mattel's view, the fee agreement shows that Bryant has a strong bias to testify in favor of MGA. Bryant also recently produced the hard drive of the computer he used during the relevant period which has the "Evidence Eliminator" program installed. Mattel has not previously questioned Bryant about these documents and should have an opportunity to do so. In addition, Bryant has produced the originals of Bratz drawings, including those that bear handwritten dates of September 1999 – a time when Bryant was allegedly employed by Mattel. Mattel has not had an opportunity to question Bryant about those dates.

The documents produced by MGA also justify additional time to depose Bryant. For example, MGA produced October 10, 2000 e-mails between Isaac Larian, Paula Garcia (formerly Treantafelles), and Victoria O'Conner reflecting that Bryant performed work for MGA approximately four hours a day starting the first part of September 2000 (while he was allegedly still employed by Mattel). MGA also produced invoices showing that one vendor, Veronica Marlowe, billed MGA for 169 hours of "Bratz dolls, research, development and support services" that were performed from September 29, 2000 to October 20, 2000. MGA also produced a facsimile from Bryant to David Rosenbaum, outside counsel for MGA, dated September 14, 2000, wherein Bryant stated he cannot ask Mattel's Human Resources any more questions about his contract with Mattel "without risking suspicion." Proctor Decl., Ex. 2. Further, MGA produced a declaration signed by Bryant that was submitted to the U.S. Patent and Trademark Office, which Mattel contends contains false dates about the timing of Bratz's release and indicates that Isaac Larian is the sole inventor of Bratz features which Bryant had previously claimed he created.

Beyond the documents produced by Bryant and MGA, Mattel also identifies key

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT 6 PAGE 49

documents produced by third parties that provide further justification for additional time to depose Bryant. For example, in February of 2005, Mattel obtained deposition testimony from Anna Rhee which it contends establishes that she was painting three-dimensional Bratz heads by June of 2000. In August of 2006, Union Bank produced documents showing that MGA issued payments to Bryant on September 29, 2000, October 11, 2000, and October 13, 2000. Mattel contends that these payments were issued while Bryant was still employed by Mattel. Further, in September of 2006, Mattel obtained documents and testimony from Steven Linker which Mattel contends establish that Bryant created a key design drawing that was the basis for three-dimensional sculptures of Bratz dolls while Bryant was still employed by Mattel.

Mattel had access to many of the new documents prior to filing its February 2007 Motion, and therefore could have included them in the February 2007 Motion. The February motion, however, was focused on specific improper instructions not to answer and sought a specific order requiring answers to specific questions. There is no procedural rule that required Mattel at that time to seek additional deposition time on broader grounds.[1] Nor has Bryant been prejudiced by Mattel's selective motion practice because his additional two-hour deposition has not yet convened.

### C. Counsel's Conduct During Bryant's Deposition Was the Subject of a Prior Motion

Lastly, Mattel contends that Bryant's deposition should be reopened because counsel for Bryant and MGA obstructed his deposition. More specifically, Mattel contends that defense counsel obstructed the deposition by coaching Bryant, interposing lengthy narrative objections and repeatedly taking Bryant out of the room with questions pending. These issues were fully briefed in Mattel's earlier Motion to Overrule Instructions Not to Answer During the Deposition of Carter Bryant, to Compel Bryant to Answer Those Questions, And for Sanctions, dated February 1, 2007. Mattel substantially prevailed in its motion and was granted two additional hours to depose Bryant.

---

[1] Furthermore, there were several disputes regarding document production pending at that time that could ultimately affect the scope of a re-deposition.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT 6 PAGE 50

1   Nevertheless, Mattel now points to twelve additional instances of allegedly improper
2   instructions not to answer which it contends justify additional time to depose Bryant. Such
3   piecemeal litigation over instructions not to answer specific questions in a deposition is
4   unwarranted. Mattel should have included these twelve additional instructions not to answer in its
5   earlier motion.

6   D. Twenty-One Additional Hours of Deposition Time is Excessive

7   Although the new claims and defenses justify additional deposition time, Mattel's request
8   for twenty-one hours is excessive. There is a significant overlap between the factual bases for
9   Mattel's claims against Bryant and the newly added claims and Bryant has already been deposed
10  for seventeen hours. Furthermore, even if the new claims and defenses asserted are treated as an
11  entirely new lawsuit, Rule 30(d)(2), Fed.R.Civ.P., imposes a presumptive one day, seven-hour
12  limitation on depositions. The new claims and defenses do not justify exceeding the presumptive
13  seven-hour limit by a factor of three.

14  Beyond the new claims and defenses, the substantial document production that took place
15  after Bryant's deposition provides only a marginal degree of additional good cause to depose
16  Bryant further. This is because Mattel made the tactical decision to depose Bryant very early in
17  the case, when the parties had barely begun document discovery. Mattel filed its suit against
18  Bryant in April of 2004, and noticed his deposition for June 29, 2004. Pursuant to court order,
19  Bryant eventually appeared for deposition on November 4, 5, and 8, 2004. Mattel was well aware
20  of the state of discovery when it proceeded with Bryant's deposition, and the circumstances
21  Mattel now faces are partially due to its tactical choices.

22  ## V. CONCLUSION

23  For the reasons set forth above, good cause exists to authorize additional time to depose
24  Carter Bryant pursuant to Rule 30(d)(2) of the Federal Rules of Civil Procedure.
25  Bryant is ordered to appear for deposition for an additional nine (9) hours, including the
26  two hours previously granted pursuant to the Order Granting in Part and Denying in Part Mattel's
27  Motion to Overrule Instructions Not to Answer During the Deposition of Carter Bryant, dated
28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT 6 PAGE 51

March 7, 2007. Given the factual overlap between the newly added claims and defenses and Mattel's initial complaint, and in the interest of avoiding disputes at the deposition regarding the appropriate subject matter scope of the deposition, Mattel may question Bryant on "any matter, not privileged, that is relevant to the claim or defense of any party." Rule 26, Fed.R.Civ.P. Further, counsel shall comply with Rule 30(d)(1), Fed.R.Civ.P.

The parties shall meet and confer to schedule the resumption of Mr. Bryant's deposition to be held at a mutually convenient time and place.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

Dated: September 28, 2007

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

EXHIBIT 6  PAGE 52

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on September 28, 2007, I served the attached ORDER GRANTING IN PART MATTEL'S MOTION FOR ADDITIONAL TIME TO DEPOSE CARTER BRYANT FOR ALL PURPOSES in the within action by e-mail addressed as follows:

| Name | Firm | Email |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on September 28, 2007, at San Francisco, California.

*Sandra Chan (signature)*

Sandra Chan

EXHIBIT 6 PAGE 53