# EXHIBIT 12

**CONFORMED COPY**

FILED

2007 APR 18  PM 11: 07

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
RIVERSIDE

BY_____

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7                UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9                    EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No.1100049530
12            Plaintiff,

13        v.                               Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15            Defendant.                   **ORDER GRANTING IN PART AND
                                           DENYING IN PART MATTEL'S
16                                         MOTION FOR PROTECTIVE ORDER
                                           REGARDING "POLLY POCKET"
17  CONSOLIDATED WITH                      DOCUMENTS**
    MATTEL, INC. v. BRYANT and
18  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
19

20

21

22                      I. INTRODUCTION

23       On March 30, 2007, Mattel, Inc. ("Mattel") submitted its Motion For Protective Order

24  Regarding "Polly Pocket" Documents. Pursuant to Rule 26(c), Fed.R.Civ.P., Mattel seeks a

25  protective order to limit the scope of MGA Entertainment, Inc.'s ("MGA") and Carter Bryant's

26  ("Bryant") subpoenas for production of documents relating to Polly Pocket to only those

27  documents that relate to a single Polly Pocket commercial identified by MGA in an interrogatory

28

Bryant v. Mattel, Inc.,                                                           1
CV-04-09049 SGL (RNBx)

041|19|57

EXHIBIT 12 PAGE 306

1  response. On April 6, 2007, MGA submitted its opposition brief, and on April 11, 2007, Mattel

2  submitted a reply brief. The matter was heard via telephonic conference on April 19, 2007.

3  Having considered the motion papers and comments of counsel at the hearing, Mattel's motion

4  for a protective order is granted in part and denied in part.[1]

## II. BACKGROUND

6  This consolidated action includes MGA's claims for unfair competition against Mattel.

7  Among other things, MGA alleges that Mattel has engaged in "serial copycatting" of MGA

8  products, packaging and advertising, including Bratz dolls and other Bratz products, Bratz

9  packaging and Bratz television commercials.

10  On March 7, 2007 and March 12, 2007, MGA and Bryant issued subpoenas to three of

11  Mattel's advertising agencies: Young & Rubicam Brands, Peterson Milla Hooks, Inc., and

12  Ogilvy & Mather Worldwide. The subpoenas seek, among other things, documents relating to

13  Mattel's products, including the Polly Pocket line of products. See Request Nos. 3, 4, 7, 12, 13,

14  and 14. The subpoenas define Polly Pocket as "each image, character, logo, doll, toy, accessory,

15  product, packaging or other thing or matter that is or has ever been manufactured, marketed or

16  sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise

17  commonly known as, or sold and marketed under the POLLY POCKET trademark or trade

18  dress." The requests at issue are set forth below:

19  Request No. 3: All DOCUMENTS REFERRING OR RELATING TO any focus

20  group for "MY SCENE," "POLLY POCKET," or "ACCELERACERS" products

21  and which also REFER OR RELATE TO "BRATZ," "ALIEN RACERS," or

22  MGA.

23  Request No. 4: All DOCUMENTS REFERRING OR RELATING TO any

24  participant comments from any focus group for "MY SCENE," "POLLY

26  [1] Pursuant to the Order for Appointment Of A Discovery Master, dated December 6, 2006, the undersigned is authorized to resolve disputes regarding third party subpoenas. See Order at 3-4, 6.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT 12 PAGE 307

POCKET," or "ACCELERACERS" products and which also REFER OR RELATE TO "BRATZ," "ALIEN RACERS," or MGA.

Request No. 7: All DOCUMENTS REFERRING OR RELATING TO any MARKET RESEARCH REFERRING OR RELATING TO "MY SCENE," "POLLY POCKET," or "ACCELERACERS" or MATTEL, and which also REFER OR RELATE TO "BRATZ," "ALIEN RACERS," or MGA.

Request No. 12: All DOCUMENTS REFERRING OR RELATING TO proposed or actual advertisements for "MY SCENE," "POLLY POCKET," OR "ACCELERACERS" products and which also REFER OR RELATE TO "BRATZ," "ALIEN RACERS," or MGA.

Request No. 13: All DOCUMENTS REFERRING OR RELATING TO directives, suggestions, or instructions from MATTEL to create advertisements for "MY SCENE," "POLLY POCKET," OR "ACCELERACERS" products using elements that are similar to or the same as elements used in advertisements for "BRATZ," "ALIEN RACERS," or MGA products.

Request No. 14: Copies of all advertisements for "BRATZ," "ALIEN RACERS," or MGA products that YOU consulted or reviewed to create advertisements for "MY SCENE," "POLLY POCKET," or "ACCELERACERS" products.

(collectively referred to hereinafter as the "Polly Pocket Requests"). See Decl. of B. Dylan Proctor in Support of Mattel's Motion for Protective Order, Exs. 1-3.

Mattel served objections to the subpoenas and requested a meet and confer with MGA and Bryant regarding the scope of the Polly Pocket Requests. The parties met and conferred on March 27, 2007. MGA asserted that the Polly Pocket Requests sought information relevant to MGA's claims that Mattel has serially copied and imitated MGA's commercials. MGA pointed out that it is currently aware of at least one Polly Pocket commercial that copied elements from a MGA Bratz commercial. More specifically, in response to a contention interrogatory, MGA identified twenty-two separate instances of alleged serial copycatting and imitating, one of which was that "Mattel filmed a 'Polly Pocket' commercial in the same mall and featuring the same

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT 12 PAGE 308

1    escalator as appeared in a previous 'Bratz' commercial." <u>See</u> MGA's Second Supplemental

2    Responses to Mattel's First Set of Interrogatories re Claims of Unfair Competition, Response to

3    Interrogatory No. 6.   MGA asserted that it was entitled to discovery to determine whether

4    Mattel's advertising agencies have documents evidencing plans, strategies or intentions to

5    copycat or imitate MGA commercials for this or any other Polly Pocket commercials in the past

6    or future.  Further, MGA asserted that the Polly Pocket Requests sought only those documents

7    that specifically related to MGA and its products.  In contrast, Mattel asserted that the Polly

8    Pocket Requests were overbroad, seeking information far beyond the Polly Pocket commercial

9    identified in MGA's interrogatory response.  The parties later exchanged meet and confer letters,

     but were unable to resolve their dispute.

10

11   In this motion, Mattel contends that it is entitled to a protective order because the Polly

     Pocket Requests are overbroad, seeking documents that have no connection or relevance to the

12   claims or defenses in the case, other than the single television commercial identified in MGA's

13   interrogatory response.  Mattel also contends that MGA and Bryant should not be permitted to

14   engage in a fishing expedition for potential claims involving Polly Pocket products.  Furthermore,

15   Mattel contends that its Polly Pocket line of dolls is in direct competition with MGA's doll

16   products, and that MGA and Bryant are not entitled to issue sweeping subpoenas for the improper

17   purpose of discovering Mattel's confidential focus group and market research documents relating

·18  to competing products and other matters that are not even alleged to be at issue.  Accordingly,

19   Mattel seeks an order limiting the scope of the Polly Pocket Requests to only those Polly Pocket

20   documents that relate to the television commercial MGA claims that Mattel copied.

21   MGA and Bryant contend that Mattel has not demonstrated the requisite "good cause" for

22   a protective order.  They contend that there has been no showing that a protective order is

23   necessary to avoid annoyance, embarrassment, oppression or undue burden or expense.  Further,

24   they contend that the Stipulated Protective Order is sufficient to address Mattel's confidentiality

25   concerns.  MGA and Bryant also contend that the Polly Pocket Requests are narrowly tailored to

26   seek documents relevant to the claims that Mattel has serially imitated and copycatted MGA's

27   advertising for Bratz and other products.  Further, they contend that the Polly Pocket Requests

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT 12 PAGE 309

1   target documents that specifically relate to MGA or its products. Lastly, MGA and Bryant object

2   to limiting discovery to the one Polly Pocket commercial referenced in MGA's interrogatory

3   response. They contend that such a limitation would prevent them from obtaining documents

4   "that reveal Mattel's plans to copy or imitate MGA commercials for other 'Polly Pocket'

5   commercials and related efforts by Mattel's ad agencies to effectuate or evaluate these plans,

6   simply because the plans are non-public and about which MGA and Bryant could not possibly

7   have any actual knowledge." Opposition at p.7.

### III. DISCUSSION

8
9      Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

10  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

11  party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not

12  permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

13  2004) ("District courts need not condone the use of discovery to engage in 'fishing

14  expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

15  (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

16  (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

17  the phrase "subject matter involved in the pending action," were intended to target discovery that

18  swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

19  litigate the issues presented by the pleadings but to develop new claims or defenses.).

20  Furthermore, Rule 26(c), Fed.R.Civ.P., provides, in pertinent part, that upon motion and for good

21  cause shown, "the court in which the action is pending may make any order which justice requires

22  to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

23  expense, including that certain matters not be inquired into, that the scope of the disclosure or

24  discovery be limited to certain matters, or that a trade secret or other confidential research,

25  development or commercial information not be revealed or be revealed only in a designated way."

26  Fed.R.Civ.P. 26(c).

27      Polly Pocket is not mentioned in either MGA's or Bryant's complaint or any of the other

28  pleadings filed in this consolidated action. Rather, MGA's complaint alleges that Mattel's

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT 12 PAGE 310

1  advertising and marketing schemes for two of its products – "My Scene" and "AcceleRacers" –

2  have "serially imitated" MGA's advertising.  MGA's complaint does not even reference the Polly

3  Pocket line of dolls or other Polly Pocket products.

4        The only proffered justification for the Polly Pocket Requests is an interrogatory response

5  in which MGA claims that one of Mattel's Polly Pocket commercials was allegedly filmed in the

6  same mall using the same escalator as an MGA Bratz commercial.[2]  The bulk of the Polly Pocket

7  Requests (Nos. 3, 4, 7, 12, 14), however, are far broader than the commercial identified by MGA.

8  The definition for Polly Pocket includes not just commercials, but "each image, character, logo,

9  doll, toy, accessory, product, and packaging that is or has ever been manufactured, marketed or

10  sold by Mattel as part of a line of goods or merchandise known as, or sold and marketed under the

11  Polly Pocket trademark or trade dress.  Furthermore, MGA and Bryant seek all Polly Pocket focus

12  group documents, including participant comments which relate to Bratz, MGA or Alien Racers.

13  They seek all "market research" referring or relating to Polly Pocket and which also relate to

14  Bratz, MGA, or Alien Racers, where "market research" is defined as "any type of research, study,

15  survey or analysis of consumers or potential consumers of a product or potential product

16  including, without limitation, focus groups, consumer surveys, market analyses, behavioral

17  analyses and consumer research."  They also seek all documents relating to proposed or actual

18  advertisements for Polly Pocket dolls which also relate to Bratz, MGA or Alien Racers.  MGA

19  and Bryant also seek copies of all advertisements for Bratz, Alien Racers, or MGA products that

20  were consulted or reviewed to create any and all advertisements for Polly Pocket products.  These

21  requests are clearly overbroad, extending far beyond the single Polly Pocket commercial that

22  MGA has contended is actionable.  The Federal Rules of Civil Procedure do not permit MGA and

23

24
        [2]  Like MGA's complaint, MGA's response to Mattel's contention interrogatory regarding the alleged serial
25  imitating and copycatting focus primarily on Mattel's "My Scene" and "Acceleracers" products.

26        See MGA's Second Supplemental Responses to Mattel's First Set of Interrogatories re Claims of Unfair
   Competition

27

28
   Bryant v. Mattel, Inc.,                                                                    6
   CV-04-09049 SGL (RNBx)

EXHIBIT 12 PAGE 311

1  Bryant to use broad discovery requests, untethered to a claim or defense, to fish for new claims.

2  Rivera v. NIBCO, Inc., supra.  Because Request Nos. 3, 4, 7, 12, and 14 extend far beyond the

3  permissible scope of discovery under Rule 26, Fed.R.Civ.P., there is good cause to issue the

4  requested protective order limiting their scope to the Polly Pocket commercial identified in

5  MGA's interrogatory response.

6  In contrast, however, Request No. 13 is reasonably tailored to documents relevant to

7  MGA's unfair competition claim.  Evidence of directives, suggestions, or instructions from Mattel

8  to its advertising agencies to create advertisements for Polly Pocket using elements that are

9  similar to or the same as elements used in advertisements for "BRATZ," "ALIEN RACERS," or

10  MGA products could establish that Mattel intentionally used the same mall and escalator to

11  produce the Polly Pocket commercial identified in MGA's interrogatory response.  Therefore,

12  Mattel's motion is denied with respect to Request No. 13.

### IV. CONCLUSION

13  For the reasons set forth above, Mattel's motion for a protective order is granted in part

14  and denied in part.  Request Numbers 3, 4, 7, 12, and 14 of MGA's and Bryant's subpoenas to

15  Young & Rubicam Brands, Peterson Milla Hooks, Inc., and Ogilvy & Mather Worldwide relating

16  to Polly Pocket are hereby limited in scope to Polly Pocket documents relating to the single Polly

17  Pocket television commercial identified in MGA's interrogatory response.  Mattel's motion is

18  denied as to Request No. 13.

19  Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

20  Master, Mattel shall file this Order with the Clerk of Court forthwith.

21

22  Dated: April 19, 2007

23  HON. EDWARD A. INFANTE (Ret.)

24  Discovery Master

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT 12 PAGE 312

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 19, 2007,

I served the attached ORDER GRANTING IN PART AND DENYING IN PART

MATTEL'S MOTION FOR PROTECTIVE ORDER REGARDING "POLLY POCKET"

DOCUMENTS" in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 19, 2007, at San Francisco, California.

_____
Sandra Chan

EXHIBIT 10 PAGE 313