# EXHIBIT 17

CONFORMED COPY
LODGED                                FILED

2007 MAY 16 PM 1:59   2007 MAY 16 PM 2:00
CLERK U.S. DISTRICT COURT  CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.   CENTRAL DIST. OF CALIF.
RIVERSIDE                  RIVERSIDE

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:  (415) 774-2611
4  Facsimile:  (415) 982-5287

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. C 04-09049 SGL (RNBx) |
| Plaintiff, | JAMS Reference No. 1100049530 |
| v. | Consolidated with |
| MATTEL, INC., a Delaware corporation, | Case No. CV 04-09059 |
| Defendant. | Case No. CV 05-2727 |
| | **ORDER GRANTING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES BY MGA** |
| CONSOLIDATED WITH MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

### I. INTRODUCTION

On February 2, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production of Documents and Interrogatory Answers by MGA Entertainment, Inc. ("MGA"). On February 20, 2007, MGA submitted its opposition brief, and on February 26, 2007, Mattel submitted a reply brief. The matter was heard on March 5, 2007. Thereafter the motion was taken under submission pending the parties' submission of a proposed protective order, which was received

on April 23, 2007. Having considered the motion papers and comments of counsel at the hearing, Mattel's motion to compel is granted.

## II. BACKGROUND

### A. Requests for Documents

In June of 2004, two months after Mattel filed suit against Bryant, and before MGA became a party to the action, Mattel served MGA with an eight-page subpoena for twenty-one categories of documents, to be produced in ten days. MGA filed a motion to quash, which the court granted because of the short amount of time provided for compliance with the subpoena. The parties met and conferred in July of 2004, and reached an agreement to limit the scope of some of Mattel's requests. In particular, the parties agreed to limit production to the "first generation" Bratz dolls. On August 12, 2004, MGA produced documents.

In 2005, the parties stipulated to supplementing their document productions on May 16, 2005. Mattel agreed to continue limiting its discovery requests to "first generation" Bratz dolls.

In September of 2006, MGA made a supplemental production of documents. On February 5, 2007, MGA produced about 2,300 pages of documents to replace earlier produced documents with legibility problems. On February 20, 2007, MGA produced an additional 224 pages of documents to replace earlier produced documents with legibility problems.

Mattel now moves to compel MGA to produce documents responsive to its requests. As a preliminary matter, Mattel contends that MGA's production is deficient because it contains redactions and cut-off text. Further, Mattel contends that MGA's production is incomplete with respect to essentially five categories of documents. First, Mattel contends that MGA is withholding documents relating to the origins of Bratz and Bryant's work for MGA. Mattel believes that MGA's production is incomplete based upon its review of documents that have been produced by third party Steven Linker. According to Mattel, Linker's documents from October of 2000 show that Bratz was much farther along before Bryant left Mattel than MGA or Bryant previously represented. Mattel also contends that MGA's responses to the document requests

1  contain inappropriate limitations, such as MGA's statement that it will produce "relevant and
2  responsive non-objectionable documents" or only that it will produce documents "sufficient" to
3  show when certain dates relating to Bratz occurred. Mattel contends that these "carve outs
4  purport to allow MGA to cherry-pick what it will and will not produce to Mattel." Mattel's
5  Separate Statement at 17:11-13. Mattel also contends that the carve-outs fail to provide notice of
6  what is or is not being withheld. Mattel also contends that MGA's objections based upon its
7  confidentiality concerns or the privacy rights of third parties are unwarranted in light of the
8  protective order in place. In addition, Mattel contends that MGA's objection to producing
9  documents relating to activities or conduct in foreign countries is wholly improper because those
10 documents may contain information relevant to Mattel's claims.

11      Second, Mattel seeks documents relating to the origins of Bratz, regardless of whether
12 such documents relate to the "first generation" Bratz dolls. Mattel argues that whether the work
13 ultimately resulted in Bratz dolls that were released at a particular time does not matter for
14 discovery purposes. Mattel contends that the works created by Bryant during his Mattel
15 employment are highly relevant because Mattel owns them, regardless of whether they resulted in
16 a Bratz doll released at a particular time.[1]

17      Mattel next contends that MGA is improperly withholding documents about designs
18 Bryant created on Bratz dolls that were released after June 2001, even though such designs may
19 be derivative of work he did when employed by Mattel. Mattel contends that it is entitled to
20 explore whether such works and the profits from Bratz dolls other than the "first generation"
21 Bratz dolls were derived from works owned by Mattel both for purposes of establishing liability
22 and damages. Furthermore, Mattel asserts that the "first generation" limitation on discovery is
23 improper in light of Bryant's continuing duty not to use Mattel's confidential and proprietary
24 information as well as MGA's unfair competition claims.

---

[1] Mattel also reiterates many of the arguments it made previously in connection with its earlier filed motion to compel Bryant to produce documents.

1        Mattel also asserts that MGA is improperly withholding documents relating to products,
2   services and matters other than those relating to "dolls." According to Mattel, it has evidence that
3   Bryant conceived of marketing and advertising ideas for the Bratz line while he was employed by
4   Mattel. Mattel contends that any such ideas or contributions may belong to it pursuant to the
5   Inventions Agreement.
6        Third, Mattel seeks documents relating to all of MGA's payments to Bryant, and not just
7   payments for the "first generation" Bratz dolls. Mattel asserts that such information is relevant
8   because (1) Mattel seeks all benefits Bryant received as a result of violating his duties to Mattel;
9   (2) under the Copyright Act, Mattel is entitled to all profits from infringement as well as actual
10  damages; and (3) payments may show when and what trade secret information Bryant and other
11  defendants allegedly misappropriated from Mattel.
12       Fourth, Mattel seeks documents relating to MGA's agreements with Bryant. Mattel
13  contends that all agreements between Bryant and MGA are relevant, not just the original
14  September 18, 2000 agreement. In particular, Mattel contends that it is entitled to discover all
15  documents relating to MGA and Bryant's alleged joint defense agreement because such
16  information would be relevant to demonstrate bias and lack of credibility.
17       Fifth, Mattel seeks production of all declarations, affidavits and other sworn written
18  statements from other cases that refer or relate to Bratz or Angel. Mattel contends that such
19  information may reveal relevant information about the date of creation of Bryant's Bratz
20  drawings.
21       In response, MGA denies withholding responsive documents and asserts that it has
22  produced volumes of documents responsive to Mattel's requests. In particular, MGA represents
23  that it has produced all responsive and relevant documents that it was able to locate in response to
24  request nos. 6, 7, 9, 26, 27, 32, 33, 34, 35, 36, 55, 69, and 70. Further, MGA asserts that even
25  before the motion was filed, it had agreed to address the vast majority of the issues raised in this
26  motion. In particular, MGA represents that it is diligently working to produce documents related
27
28

1  to Bratz other than "first generation" Bratz in response to request nos. 1, 2, 8, 10, 11, 43, 45, 46,
2  49, 50, 51, 53, 57, 59, 61, 63, 64, 66, 96, 97, 98, 99 and 100. MGA represents that it informed
3  Mattel that it would produce documents pertaining to subsequent generations of Bratz dolls that
4  have been released on the market. In addition, MGA represents that it has agreed to produce
5  documents relevant to Bratz or Prayer Angels that it received from Union Bank. More
6  specifically, MGA represents that it agreed to review and produce documents provided to it by
7  Union Bank for the years 1999 – 2001 concerning payments that it could identify as being for
8  Bratz or Prayer Angels. MGA also represents that it has agreed to produce royalty statements.
9  Therefore, MGA views the motion as unnecessary.
10     MGA next contends that Mattel's motion should be denied for the following additional
11  reasons. First, MGA contends that Mattel is not entitled to MGA's product design documents for
12  unreleased products. MGA asserts that its product design documents for its unreleased toy
13  concepts are among its most highly valuable trade secrets. Furthermore, MGA contends that
14  designs and drawings for products currently under development, over six years after Bryant first
15  created his original Bratz drawings, have no relevance to any of Mattel's claims. In the event that
16  documents relating to unreleased products are ordered produced, MGA requests a protective order
17  under Rule 26(c), Fed.R.Civ.P., that limits the dissemination of its documents more drastically
18  than the current protective order provides. In the alternative, MGA requests that any order
19  compelling production of documents relating to unreleased products should essentially be stayed
20  until after MGA's products are publicly released.
21     Second, MGA contends that Mattel is not entitled to information concerning Bryant's
22  attorneys' fees because the information is privileged. Furthermore, MGA contends that the
23  information is not relevant to demonstrate bias because "there is no dispute that Bryant's interests

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT 17 PAGE 352

1  in this case are aligned with those of MGA, and that Bryant is 'biased' in that sense." MGA's
2  Opposition at 24:9-12.[2]

3        Third, MGA asserts that Mattel is not entitled to review all non-public witness statements
4  and litigation documents concerning Bratz for a variety of reasons, including because Mattel has
5  refused to produce similar types of documents. More significantly, MGA contends that Mattel's
6  requests for non-public witness statements are "a blatant attempt to avoid the discovery
7  limitations imposed by both the Federal Rules of Civil Procedure and those additional limitations
8  imposed by this Court." MGA's Opposition at 25:6-7. MGA explains its position as follows.
9  MGA is involved in litigation against a number of counterfeiters and infringers in Asia. In 2003,
10 Mattel allegedly began feeding documents concerning "Toon Teens" to those defendants in an
11 attempt to prove that Bryant created Bratz while working at Mattel, even though Mattel
12 abandoned its claims based upon "Toon Teens" in this court. Thereafter, those defendants took
13 the position that MGA did not own, and therefore could not enforce, the rights to Bratz. MGA
14 was thus forced to litigate the issue of ownership. MGA contends that "[i]n effect, by prompting
15 foreign counterfeiters to espouse a theory that Mattel now admits has no merit, Mattel has created
16 a situation in which MGA has been forced to give testimony and provide evidence related to
17 issues in this case that Mattel now seeks to obtain wholesale." MGA's Opposition at 25:5-24.

18       Fourth, MGA contends that Mattel is not entitled to documents concerning a family
19 dispute between MGA's chief executive officer and his brother because such documents are in no
20 way relevant to this lawsuit. MGA explains that the brothers were involved in an arbitration
21 proceeding relating to MGA's CEO's purchase of his brother's interest in MGA. Moreover,
22 MGA contends that the brothers were bound by a protective order prohibiting the use of any
23 documents or testimony for any purpose other than the arbitration.

---

[2] Nevertheless, MGA represents that it has produced the only non-privileged document responsive to the request.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT 7 PAGE 353

Fifth, MGA contends that Mattel is not entitled to its chief executive officer's personnel files because they contain confidential information and are not relevant to the lawsuit. Sixth, MGA contends that Mattel is not entitled to obtain documents from MGA that belong to, and are in the possession, custody and control of, its indirect foreign subsidiary, MGA HK Ltd. Lastly, MGA objects to producing documents relating to any testing performed to determine the date that Bratz documents were created. MGA contends that such discovery is premature and should not proceed until experts are designated.

B. <u>Interrogatories</u>

On April 28, 2005, Mattel served its Second Set of Interrogatories. On May 20, 2005, however, the district court stayed the action. On May 17, 2006, the district court lifted the stay. On May 30, 2006, MGA responded to the interrogatories.

Mattel contends that MGA's responses to the interrogatories were untimely. Further, Mattel contends that the interrogatory responses to numbers five through eleven are deficient because they lack substantive information and consist almost entirely of objections. MGA responds that the motion is moot because it is prepared to provide supplemental responses to its interrogatories. MGA does not otherwise assert any additional grounds for opposing Mattel's motion to compel responses to interrogatories.

## III. DISCUSSION

A. <u>Rule 26 of the Federal Rules of Civil Procedure</u>

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u> Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

### B. Document Requests

#### 1. Requests re Origins of Bratz and Bryant's Work for MGA (Nos. 6, 26, 27, 32, 33, 34, 35, 51, 53, 55, 64, 69, 96, 97, 98, 99, 100

The requests above seek discoverable information regarding the origins of Bratz and Bryant's work for MGA. MGA represents that it has produced all responsive documents in response to request nos. 6, 26, 27, 32, 33, 34, 35, 55, and 69 (MGA's Opposition at 13:4-5), and is "diligently working to produce documents in response to" request nos. 51, 53, 64, 96, 97, 98, 99, and 100, including documents related to Bratz other than "first generation" (MGA's Opposition at 14:1-4 and note 39). MGA does, however, object to producing design documents for unreleased products and documents from MGA Hong Kong.

As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted its production to "relevant and responsive non-objectionable documents" or documents "sufficient" to show when events relating to Bratz occurred. These restrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is "relevant" or "sufficient." Mattel shall provide the responses to document requests ordered herein without these restrictions.

#### Design Documents for Unreleased Products

MGA's design documents for unreleased products are relevant to Mattel's claims and defenses and must be produced. See Order Modifying Protective Order. On April 23, 2007, the parties submitted a stipulation to modify the existing protective order to limit the disclosure of design documents for unreleased products that constitute trade secret information. See Stipulation

CV-04-09049 SGL (RNBx)

8

EXHIBIT 17 PAGE 355

to Modify Protective Order; And Proposed Order Thereon ("stipulation"). The parties' stipulation has been approved and entered as an order of the court. MGA is ordered to produce design documents for unreleased products that are responsive to Mattel's document requests in accordance with the terms of the stipulation and order.

### Documents from MGA Hong Kong

Documents relating to activities or conduct in foreign countries are relevant and discoverable because Mattel has evidence indicating that MGA Hong Kong was involved with Bratz. Nevertheless, MGA objects to producing documents from Hong Kong unless Mattel provides reciprocal discovery from its subsidiaries.

Whether MGA is entitled to discovery from Mattel's subsidiaries has not been briefed in the context of this motion, and therefore is not addressed herein. MGA is ordered to produce documents from MGA Hong Kong.

Mattel's motion is granted with respect to request nos. 6, 26, 27, 32, 33, 34, 35, 51, 53, 55, 64, 69, 96, 97, 98, 99, 100.

### 2. Additional Requests re Origins of Bratz (Nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57, 59, 61, 63, 66, 67, 70, 88, 90, 91

Mattel contends that MGA is improperly limiting its document production to the "first generation" Bratz dolls. MGA represents, however, that it has agreed to produce subsequent generations of Bratz products (MGA's Opposition at 9:20-25, 13:6-14:1), except design documents for yet unreleased products.

As stated previously, design documents for yet unreleased products are relevant and discoverable. See Order Modifying Protective Order. Accordingly, MGA is ordered to produce all non-privileged documents that are responsive to request nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57, 59, 61, 63, 66, 67, 70, 88, 90, and 91.

//

//

### 3. MGA's Payments to Bryant (Nos. 43, 45)

MGA represents that it has already agreed to produce documents related to Bratz, without limiting its production to "first generation" Bratz. MGA's motion at 13:7-14:3. Nevertheless, Mattel is entitled to an order compelling production of such documents by a date certain. Mattel's motion is granted with respect to request nos. 43 and 45.

### 4. MGA's Agreements with Bryant (Nos. 1, 2, 49, 50)

MGA represents that it has already agreed to produce non-privileged documents responsive to request nos. 1, 2, 49, and 50, even though it believes that such documents are not relevant (MGA's motion at 13:7-14:3). These requests seek documents relating to fee or indemnity agreements between MGA and Bryant.

Fee or indemnity agreements are relevant to demonstrate bias and lack of credibility. Accordingly, Mattel's motion is granted with respect to request nos. 1, 2, 49, and 50. Any responsive documents withheld on the basis of a privilege must be properly identified in a privilege log.

### 5. Declarations, Affidavits & Other Sworn Written Statements (Nos. 37, 38, 39, 40, 41.

In request nos. 37, 38, 390, 40, and 41, Mattel seeks production of declarations, affidavits, and other sworn written statements from cases that refer or relate to Bratz or Angel. Mattel anticipates that these documents could provide evidence relating to the conception date for Bratz.

Request nos. 37, 38, 39, 40, and 41 seek relevant information regarding the conception date for Bratz. MGA admits in its opposition brief that this issue was litigated in its suits against alleged counterfeiters and infringers.[3] The issue also appears to have been raised in the arbitration proceedings between MGA's chief executive officer, Isaac Larian, and his brother Farhad Larian. In those proceedings, Farhad Larian alleged that Isaac Larian concealed from him

---

[3] Although MGA questions the propriety of Mattel providing assistance to the alleged counterfeiters and infringers in raising ownership of Bratz as a defense against MGA's claims, MGA has not cited to any legal authority that prohibits Mattel's conduct.

that MGA was developing Bratz by early 2000. Nevertheless, MGA objects to producing documents from the Larians' arbitration on the grounds that the arbitration was governed by a protective order that prohibits the use of any documents or testimony for any purpose other than the arbitration. MGA, however, has not provided any evidence of the protective order. Accordingly, Mattel's motion to compel is granted as to request nos. 37, 38, 39, 40 and 41.[4]

### 6. Documents Regarding Date-Testing (Request No. 92)

Mattel's request no. 92 seeks documents that refer or relate to "any testing of or sampling from any documents that refer or relate to Bratz or Bryant, including without limitation any such testing or sampling in connection with ink, paper or chemical analysis to date any such documents and including without limitation all results and reports relating thereto." MGA contends that the request is premature, and should proceed in the course of expert discovery.

The request calls for relevant discovery and there is no basis for delaying production of responsive documents, other than expert reports. The timing of expert reports is governed by Rule 26(a)(2)(C), Fed.R.Civ.P. Accordingly, Mattel's motion is granted as to request no. 92.

### C. Interrogatories

Mattel contends that MGA's responses to interrogatories were untimely, and therefore MGA has waived its objections to the interrogatories. Pursuant to Rule 33(b)(3), Fed.R.Civ.P., responses to interrogatories are due thirty days after service. In this case, Mattel served its interrogatories on April 28, 2005, and responses were initially due May 31, 2005. The district court, however, issued a stay on May 20, 2005, twenty-two days after the interrogatories were served. The district court lifted the stay on May 17, 2006.

---

[4] In its discussion of the arbitration proceedings, MGA raises an objection to producing Isaac Larian's personnel file based upon privacy grounds. The personnel file may have documents relevant to Bratz, and therefore should be produced. The protective order is sufficient to alleviate Mr. Isaac Larian's privacy concerns.

1  Neither party has cited to any caselaw governing the calculation of the 30-day period
2  when there is an intervening stay in discovery. In the absence of any caselaw, MGA's responses
3  will be treated as timely in order to preserve any valid objections MGA may have asserted.
4  <u>Interrogatory No. 5</u> seeks the identity of each and every person who was involved in the
5  conception, origin, creation, design, development, sculpting, engineering, reduction to practice,
6  tooling or painting of, or who otherwise produced or contributed to any embodiment of Bratz
7  before December 31, 2001, including a description of each person's role and the start and end
8  dates of each person's involvement. In response, MGA asserted numerous objections, but did
9  provide the names of five individuals.
10  The interrogatory clearly seeks information relevant to the claims at issue. MGA's
11  objections are without merit. The interrogatory is not vague, ambiguous, compound or overbroad.
12  Nor has MGA carried its burden of establishing that the interrogatory is unduly burdensome, calls
13  for confidential, proprietary or commercially sensitive information, or seeks information
14  protected by the attorney-client privilege. Furthermore, MGA's response is incomplete insofar as
15  it fails to provide the description of each person's role and the start and end dates of each person's
16  involvement. Accordingly, MGA is ordered to provide a complete response to Interrogatory No.
17  5 and identify documents in compliance with Rule 33(d), Fed.R.Civ.P.
18  <u>Interrogatory No. 6</u> seeks the same information as Interrogatory No. 5 with respect to any
19  embodiment of Angel. MGA is ordered to provide a complete response to Interrogatory No. 6 for
20  the reasons previously discussed in connection with Interrogatory No. 5.
21  <u>Interrogatory No. 7</u> asks MGA to identify each and every embodiment of Bratz prior to
22  December 31, 2001. In response, MGA asserted numerous objections and did not provide any
23  substantive information.
24  MGA's objections are without merit. The interrogatory clearly seeks information relevant
25  to establishing when Bryant first conceived Bratz. The interrogatory is not vague, ambiguous,
26  compound or overbroad. Nor has MGA carried its burden of establishing that the interrogatory is
27
28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

12

EXHIBIT 17 PAGE 359

1 | unduly burdensome, calls for confidential, proprietary or commercially sensitive information, or
2 | seeks information protected by the attorney-client privilege. Accordingly, MG is ordered to
3 | provide a complete response to Interrogatory No. 7.
4 | <u>Interrogatory No. 8</u> asks MGA to identify each and every embodiment of Angel. MGA is
5 | ordered to provide a complete response to Interrogatory No. 8 for the reasons previously
6 | discussed in connection with Interrogatory No. 7.
7 | <u>Interrogatory No. 9</u> requires MGA to identify each and every sworn statement that refers
8 | or relates to the conception, origin, creation, design, development, sculpting, engineering, tooling
9 | or painting of Bratz. In response, MGA asserted numerous objections and did not provide any
10 | substantive information.
11 | The interrogatory seeks information relevant to establishing when Bryant first conceived
12 | Bratz. Furthermore, MGA's boiler-plate objections are unsubstantiated. Accordingly, MGA is
13 | ordered to provide a complete response to Interrogatory No. 9.
14 | <u>Interrogatory No. 10</u> requires MGA to identify each and every instance in which Bratz
15 | was shown, displayed, or exhibited prior to June 1, 2001, including by stating the date(s) on
16 | which each such instance occurred, the location of each show or exhibit, and the identity of
17 | persons with knowledge of the shows or exhibits. In response, MGA asserted numerous
18 | objections and provided the following information: Hong Kong Toy Fair in Hong Kong in or
19 | about January 2001 and New York Toy Fair, New York, in or about February 2001.
20 | Once again, MGA's boiler-plate objections are unsubstantiated. The information is
21 | potentially relevant to establish when Bryant conceived Bratz. Further, the response is
22 | incomplete insofar as it fails to identify any persons with knowledge. Therefore, MGA is ordered
23 | to provide a complete response to Interrogatory No. 10.
24 | <u>Interrogatory No. 11</u> requires MGA to state the "number for each and every telephone,
25 | including without limitation each office, home and cell phone number, in the name of, for the
26 | benefit of or for the account of Isaac Larian and any other telephone that Isaac Larian used from
27 |
28 |

1  January 1, 1998 through the present, and IDENTIFY each and every carrier (including without
2  limitation any long-distance carrier) for each such number. In response, MGA asserted numerous
3  boiler-plate objections.
4      Once again, MGA has failed to substantiate any of its objections with supporting
5  declarations or legal authorities. Accordingly, all objections are overruled and MGA is ordered to
6  provide a full response to Interrogatory No. 11.

## IV. CONCLUSION

For the reasons set forth above, Mattel's motion to compel production of documents is granted. MGA shall produce all non-privileged documents that are responsive to the requests identified in this Order. Further, MGA shall produce all documents in un-redacted form, except for redactions that are justified by the attorney-client privilege or work product doctrine. Mattel's motion to compel interrogatory answers is also granted. MGA shall produce documents and provide responses to interrogatories consistent with this Order, and produce a privilege log in compliance with Rule 26(b)(5), Fed.R.Civ.P., no later than May 31, 2007. Mattel's request for sanctions is denied.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

Dated: May 15, 2007

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

14

EXHIBIT 17 PAGE 361

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 15, 2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES BY MGA in the within action by e-mail addressed as follows:

| Name | Firm | Email |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 15, 2007, at San Francisco, California.

*Anthony Sales*

EXHIBIT 17 PAGE 362