# EXHIBIT 21

Case 2:04-cv-09049-SGL-RNB Document 1326 Filed 12/24/2007 Page 1 of 6

KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br>Plaintiff,<br>v.<br>MATTEL, INC. a Delaware Corporation,<br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND COMPEL CARTER BRYANT AND CARLOS GUSTAVO MACHADO GOMEZ TO PROVIDE PRESENTATION AFFIDAVITS**<br><br>Date: January 7, 2008<br>Time: 10:00 a.m.<br>Judge: Hon. Stephen G. Larson<br><br>**Phase I:**<br>Date Comp. Filed: April 13, 2005<br>Discovery Cut-Off: Jan. 28, 2008<br>Trial Date: May 27, 2008 |

Case 2:04-cv-09049-SGL-RNB Document 1326 Filed 12/24/2007 Page 2 of 6

Mattel's motion seeks to enforce an order that was never made, in response to a motion that was never brought. This Court could not have been clearer about what it was—and was not—ordering on August 27, 2007:

> **THE COURT**: What I want from **both parties** is **two singular declarations**, under penalty of perjury, setting forth exactly the preservation policies. **I want it from MGA. I want it from Mattel**. And I don't want to just hear about 35 witnesses. I want to know who those 35 people are. I don't want to hear just about 'we were asked to save everything.' Because obviously, MGA is not saving every e-mail in their entire company. You've got criteria as well.

Proctor Decl. Exh. 6 ("Transcript") 119:9-16 (emphasis added).[1]

*Nothing* in the briefing, the argument before the Court, or this Court's order had anything whatsoever to do with Carter Bryant. Instead, the Court's order was in response to representations by Mattel's counsel John Quinn that Mattel had preserved emails for only 35 unidentified individuals, rather than for the entire company. Transcript at 84.

This Court, in response that that representation, asked:

> **THE COURT**: Is there a list of these 35 individuals?
>
> **MR. ZELLER**: We can create a list of the 35 people. And then also, just so it's clear -- **THE COURT**: I don't want you to create a list. I was wondering if a list exists.
>
> **MR. ZELLER**: Whether it's a list, I don't know. We certainly have information about the images that were taken, people that were spoken to, interview notes, all that sort of stuff, in which we can say, 'Here are the people.'
>
> **THE COURT**: How did you come up with this position that there were 35 people that were identified? How do you know that, as we're standing here today?
>
> **MR. ZELLER**: Well, we did that because during the time we were preparing the opposition, that's what we have records of.

[1] Proctor Declaration Exh. 6 contains two sets of page numbers; the original transcript pagination and the added exhibit pagination. Citations herein are to the transcript pagination.

Case 2:04-cv-09049-SGL-RNB Document 1326 Filed 12/24/2007 Page 3 of 6

> **THE COURT:** So you have records of the 35 people being contacted?
>
> **MR. ZELLER:** In various forms, yes.
>
> **THE COURT:** In various forms. I think it would be helpful to the Court to know . . . .

Mattel's counsel Mr. Quinn suggested to the Court that, in assessing Mattel's choices of which employees' records to preserve, "one thing that would be useful to us in sort of assessing the reasonableness of Mattel's conduct here is to know what **MGA's** conduct was, what they thought was reasonable in order to preserve evidence." Transcript 6124-62:2 (emphasis added).

Near the conclusion of the hearing, MGA's counsel requested the order at issue here:

> **MS. GLASER:** But, Your Honor, they should have to, and we asked them – You know what? Don't preserve every e-mail. How about giving us the list of key personnel that are witnesses that you've identified in this case as witnesses and preserve their e-mail from the beginning of time? They haven't even done that.

Transcript at 118:18-23.

Mattel's counsel Mr. Quinn then asked that the Court's order also apply to MGA, but **not** to any other party:

> **MR. QUINN:** . . . So if we're going to identify the people we spoke to, I assume **MGA** is also going to identify the people they spoke to.

Transcript at 119:25-120:2 (emphasis added).

This Court, in response, made itself even clearer:

> **THE COURT:** I'm only asking for you to identify to the extent that you limited the retention to those individuals. If they're doing it for every employee, then they don't have to do that. If you're doing it for every employee at Mattel, then you don't have to do it. If you are limiting or setting criteria, then I want to know who those are, just for future reference. I want this for no other reason than for any future disputes that come up so that I've got a clear, singular document that I can use as reference to lock both sides in.
>
> **MS. GLASER:** Thank you, Your Honor.

Case 2:04-cv-09049-SGL-RNB Document 1326 Filed 12/24/2007 Page 4 of 6

> **THE COURT**: Do you understand what I'm asking for, Mr. Quinn?
>
> **MR. QUINN**: What I'm hearing, your Honor, is – the Court's really going back – in terms of identifying people who were spoken to and given this direction, the Court is really going back to the November 2003 time frame and wants to know, who are those individuals.
>
> **THE COURT**: . . . I want to know who those 35 individuals were, approximately, and what those instructions were; and then in April of 2005. That's apparently when you had the more general directive that went out. I want to know the parameters and scope of that directive.
>
> **MR. QUINN**: Right.
>
> **THE COURT**: Similarly, from MGA, I want to know what MGA has done.

Transcript at 120:3-121:6.

This Court then **expressly** incorporated its detailed oral argument in its minute order:

> **As stated at the hearing**, the Court ORDERS all parties to set forth, in affidavit form, their preservation efforts and policies with regard to the present litigation . . . .

Order at 5 (Proctor Decl., Exh. 1 at 7).

No motion seeking any affidavit from Mr. Bryant was ever filed. No request for such an affidavit was made in any of the briefing on MGA's motion. Neither MGA's nor Mattel's counsel ever asked for such an affidavit at the hearing: to the contrary, each corporate party expressly and clearly asked only for representations from the other. Accordingly, Mr. Bryant was never afforded an opportunity to be heard on the subject, because the subject was never raised. And *a fortiori*, this Court never made any order regarding Mr. Bryant, instead being painstakingly precise in delineating exactly what it wanted from Mattel and MGA: "two singular declarations," one each from Mattel and MGA.

Notwithstanding this Court's clear directive, Mattel has now seized upon a one word misstatement in the Court's minute order to create, from whole cloth, an

order that never issued on a motion that was never made. But this Court's minute order does not purport to alter or expand the Court's oral ruling in any way, instead expressly incorporating it by reference: "As stated at the hearing . . . ." The Court's order, by its clear and unambiguous terms, applied only to Mattel and MGA, not to Bryant.

Neither would reading this Court's Order to apply to an individual make any sense. As set forth above, the issue before the Court was how Mattel went about deciding which of its employees would be subject to document preservation efforts. As the Court held, if the corporate defendants weren't picking and choosing between employees, no declaration would be required: "I'm only asking for you to identify to the extent that you limited the retention to those individuals If [MGA's] doing it for every employee, then they don't have to do that. If you're doing it for every employee at Mattel, then you don't have to do it." Transcript at 120:3-7. Mr. Bryant, however, is an individual. There can be no question which of his nonexistent employees has relevant knowledge, and no reason to disclose how he chose amongst those nonexistent employees in responding to discovery. Applied to an individual defendant, this Court's Order would make no sense.[2]

Mattel now asks this Court to order Bryant to comply with an order that never issued, on a motion that was never brought, either in writing or orally, based on a "gotcha" argument of the worst sort. And, as always, Mattel shrilly demands sanctions. In this case, however, sanctions may well be warranted—against Mattel, for putting Bryant to the expense of opposing this wholly unsupportable motion. Accordingly, we ask that the Court deny Mattel's motion, and sanction Mattel in the amount it suggests is appropriate for the burden of this motion: $3,500.00.

[2] Of course, to the extent Mattel wishes to ask Bryant about his preservation of evidence, they were free to do so on any of the first three days of his deposition, and are similarly free to do so

Case 2:04-cv-09049-SGL-RNB Document 1326 Filed 12/24/2007 Page 6 of 6



Dated: December 24, 2007

KEKER & VAN NEST, LLP

By: /s/ Michael H. Page
Michael H. Page
Attorneys for Plaintiff
CARTER BRYANT

when they resume that deposition for (at least) nine more hours.