1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff Mattel, Inc.

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

| | |
|---|---|
| 13  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 14        Plaintiff, | Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727 |
| 15        vs. | |
| 16  MATTEL, INC., a Delaware corporation, | SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO MGA ENTERTAINMENT, INC.'S MOTION FOR TERMINATING SANCTIONS |
| 17        Defendant. | |
| 18 | |
| 19  AND CONSOLIDATED CASES | |
| 20 | Date:   August 27, 2007 |
|   | Time:   10:00 a.m. |
|   | Place:  Courtroom 1 |
| 21 | |
| 22 | Discovery Cut-off: January 14, 2008 |
|   | Pre-trial Conference: April 7, 2008 |
|   | Trial Date: April 29, 2008 |
| 23 | |

24

25                    **PUBLIC**

26                    **REDACTED**

27

28

07209/2202502.1

SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR

## SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1.     I am a member of the bar of the State of California and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.     On August 14, 2007, after the August 13, 2007 deadline for Mattel to file its opposition papers to MGA's Motion for Terminating Sanctions, the Discovery Master issued an Order Granting in Part Mattel's Motion to Enforce the Court's Order of May 16, 2007, to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), and Granting Request for Sanctions (the "Order"). A true and correct copy of the Order is attached as Exhibit 1.

3.     The Order is relevant to Mattel's argument in its Opposition that the doctrine of unclean hands bars MGA from seeking sanctions here. See Opp., § III at 23-25. In the Order, the Discovery Master found that "MGA clearly violated" his prior May 16, 2007 Order "by failing to identify a witness to testify on Topic No. 40 and to make the witness available for deposition by June 30, 2007. *MGA's non-compliance was willful and inexcusable* . . . sanctions are warranted pursuant to Rule 37(b)(2), Fed.R.Civ.P." Order at 8:14-21 (emphasis added). Topic No. 40, addressed by the Discovery Master in the foregoing passage, sought MGA's corporate testimony on "[t]he preservation, collection, destruction, removal, transfer, loss or impairment of YOUR DOCUMENTS and DIGITAL INFORMATION since January 1, 1999 that REFER OR RELATE TO MATTEL (including without limitation to any MATTEL product, plan or information) that YOU received in any manner from any PERSON who was at the time an employee of MATTEL or who had previously been an employee of MATTEL." Thus, MGA's obstruction, in violation of a Court Order, was directly related to MGA's own preservation and

1  document collection practices.  Attached as Exhibit 2 is a true and correct copy of

2  Mattel's Second Notice of Deposition of MGA dated February 1, 2007.

3          4.     The Discovery Master also found in the Order that "MGA

4  violated the May 16, 2007 Order by failing to designate and produce a witness to

5  testify on Topics 34 and 41 by the June 30th deadline. ***The violation was***

6  ***particularly egregious*** because MGA's request for a stay was denied on June 21,

7  2007, which still left a few days for MGA to at least designate a witness and

8  propose dates for a deposition . . . .  Instead, MGA chose to persist in its refusal to

9  comply with the May 16, 2007 Order and gambled that Judge Larson would grant it

10 'emergency' *ex parte* relief. ***MGA's clear and flagrant violation of a court order***

11 ***warrants sanctions*** under Rule 37(b)(2), Fed.R.Civ.P."  Order at 9:15-22 (emphasis

12 added).  Here as well, one of the Topics the Discovery Master found that MGA, in

13 violation of Court Order, had obstructed discovery on relates to MGA's own

14 spoliation.  Specifically, Topic No. 41 reads, "The testing of or sampling from

15 DOCUMENTS that REFER OR RELATE TO BRATZ or BRYANT, including

16 without limitation such testing or sampling in connection with any ink, paper or

17 chemical analysis performed or attempted to be performed to date, any

18 DOCUMENTS that REFER OR RELATE thereto and all results and reports relating

19 thereto."  See Exh. 2, Topic No. 41.

20         5.     Defendants assert in their Reply that "Mattel's conduct

21 throughout the discovery process has been in bad faith."  Reply at 9:9-10.  The

22 Orders in this case show the opposite.  In addition to the Discovery Master's Order

23 of August 14, 2007 (Exhibit 1 hereto), the Discovery Master -- and prior to the

24 parties' stipulating to a discovery master, Judge Block -- have already had to issue

25 more than a dozen Orders compelling discovery by MGA and Bryant, including:

26         a.     The Court's Orders compelling Bryant's deposition, dated

27 October 5, 2004 and October 19, 2004.  When this case was in California state

28 court, the Court had to compel Bryant to appear for deposition **twice** before he

07209/2202502.1

-3-

SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR

1  actually did so.  See Exhibit 13 to Docket No. 128, Civil Docket for Central District

2  of California Case No. CV 04-9059 ("CV 04-9059 Docket").

3            b.       The Court's Orders compelling Larian's deposition and awarding

4  sanctions against MGA, dated March 23, 2005 and June 16, 2006.  Like Mr. Bryant,

5  Mr. Larian did not appear for deposition until he was **twice** compelled to do so by

6  Court Order.  See Docket Nos. 195 & 230, CV 04-9059 Docket.

7            c.       Order Granting Mattel's Motion To Compel Production Of

8  Documents, dated January 25, 2007.  See Docket No. 175, Civil Docket for Central

9  District of California Case No. CV 04-9049 ("Consolidated Docket").  In this Order,

10  the Discovery Master granted Mattel's motion to compel documents long withheld

11  by Carter Bryant, including documents he had been withholding related to (i)

12  Bryant's agreements with MGA, (ii) the development of Bratz, (iii) Bryant's

13  payments from MGA, (iv) communications between Bryant and MGA relating to

14  Bratz, (v) Mattel-related documents and (vi) copyright and trademark applications

15  and registrations related to Bratz.  The Discovery Master also ordered Mr. Bryant to

16  produce his hard drives for forensic imaging.  Mr. Bryant was to comply with the

17  Order by February 23, 2007.  However, it was not until April 23, 2007 that he

18  finally offered to make his desktop computer hard drive available for inspection,

19  after asserting in the interim that it could not be located.  When Mattel finally

20  obtained it, Mattel discovered the computer had "Evidence Eliminator" installed on

21  it.  (See Opp. at 24:15-23).  It was also after this Order that Mr. Bryant produced for

22  the first time Bratz drawings dated September 1999, more than a year before he left

23  Mattel.  (See Opp. at 19:16-18).

24            d.       Order Granting In Part And Denying In Part Mattel's Motion To

25  Enforce The Court's Order Of January 25, 2007, To Compel Production Of

26  Documents By Carter Bryant And For Sanctions, dated June 19, 2007.  See Docket

27  No. 558, Consolidated Docket.  Even after the Court issued its January 25, 2007

28  Order, Bryant refused to provide his fee agreements with MGA.  Accordingly,

1  Mattel was forced to move again on this matter.  The Discovery Master again

2  compelled their production.

3          e.       Order Granting Mattel's Motion To Enforce Stipulation To Make

4  Original Documents Available, dated February 14, 2007.  See Docket No. 201,

5  Consolidated Docket.  The Discovery Master required Mr. Bryant to produce his

6  original documents for inspection by February 28, 2007, including originals of Mr.

7  Bryant's sketches of Bratz designs, which he had previously promised -- indeed,

8  stipulated -- but failed to produce.  In response to this Order, Bryant allowed Mattel

9  to inspect some original documents.  However, when Mattel later asked Bryant to

10  provide a few key pieces of evidence that had never been produced as originals (a

11  Bryant sketch book and two of the thirteen supposedly original, notarized Bratz

12  drawings) for inspection and photographing, Bryant eventually claimed he did not

13  have these items at all.

14          f.       Mattel also requested that Bryant give Mattel's experts access to

15  certain of the original documents for examination and testing.  Bryant refused to

16  fully comply with Mattel's requests voluntarily, and instead sought to impose

17  unwarranted conditions.  Mattel thus had to move to compel production of the

18  original documents again, this time for the expert examination and testing.  The

19  Discovery Master stated at a hearing on August 23, 2007 that he would grant

20  Mattel's motion.

21          g.       Order Granting In Part And Denying In Part Mattel's Motion To

22  Overrule Instructions Not To Answer During The Deposition Of Carter Bryant,

23  dated March 7, 2007.  See Docket No. 286, Consolidated Docket.  Here, the

24  Discovery Master overruled approximately fifty instructions Mr. Bryant's counsel

25  gave at Mr. Bryant's deposition and ordered Mr. Bryant to appear for two more

26  hours of deposition.  The Discovery Master also found that Mr. Bryant's counsel

27  engaged in "coaching" at deposition.  In lieu of other sanctions, the Discovery

28

1   Master ordered Mr. Bryant to appear in Los Angeles for deposition instead of in

2   Missouri, where he resides.

3          h.      Order Granting Mattel's Motion To Compel Response To

4   Interrogatory No. 1, dated April 18, 2007. See Docket No. 412, Consolidated

5   Docket.  The Discovery Master ordered MGA to provide complete responses to an

6   interrogatory asking MGA to identify persons involved in the creation and

7   development of Bratz and other contested products.

8          i.      Order Granting Mattel's Motion To Compel Production Of

9   Documents And Interrogatory Responses By MGA, dated May 15, 2007. See

10   Docket No. 487, Consolidated Docket.  Here, the Discovery Master granted Mattel's

11   motion to compel MGA to produce long-withheld documents related to (i) the

12   origins of Bratz and Mr. Bryant's work for MGA; (ii) fee and indemnity agreements

13   between Mr. Bryant and MGA; (iii) prior declarations, affidavits and other sworn

14   statements referring or relating to Bratz or the so-called Angel project, including

15   documents from arbitration proceedings between Isaac Larian and his brother

16   Farhad Larian (in which Farhad Larian alleged that Isaac Larian concealed from him

17   that MGA was developing Bratz by early 2000); and (v) documents referring or

18   relating to testing of or sampling of Bratz or Bryant-related documents.  MGA was

19   ordered to produce these document and answer a number of interrogatories by May

20   31, 2007.  Instead of complying, MGA filed two ex parte applications for

21   extensions, and appealed the Order.  Its appeal was rejected on the merits.  It was

22   after this Order that MGA produced for the first time an internal MGA e-mail

23   stating that Bratz was created in September 2000 (see Opp. at 19:20-22), as well as

24   other highly relevant documents.

25          j.      Order Granting Mattel, Inc.'s Motion To Compel MGA To

26   Produce Witnesses For Deposition Pursuant To Rule 30(b)(6), dated May 16, 2007.

27   See Docket No. 493, Consolidated Docket.  In this Order, the Discovery Master

28   compelled MGA to produce witnesses in response to Mattel's First and Second Rule

1    30(b)(6) Notices of Deposition of MGA and to produce Paula Garcia for at least a

2    partial deposition in her individual capacity.  MGA appealed this Order as well, and

3    its appeal was rejected.  After this, MGA finally produced Paula Garcia for

4    deposition, after long withholding her, and she admitted that Bryant created a key

5    Bratz design during his Mattel employment  (see Opp. at 18:18-20).  In other

6    respects, MGA refused to comply with the Order.  That led to the August 14, 2007

7    Order sanctioning it, described in paragraphs 2-4 above.

8            k.      Order Granting Mattel's Motion for an Extension of Time to

9    Depose Paula Garcia in Her Individual Capacity and as a 30(b)(6) Designee, dated

10   August 14, 2007. See Docket No. 829, Consolidated Docket.  After MGA produced

11   thousands of relevant documents to Mattel just two days before Ms. Garcia's

12   compelled deposition and refused to allow Mattel to complete its examination of

13   her, the Discovery Master granted Mattel an additional 14 hours of deposition with

14   Ms. Garcia.  MGA has not yet offered dates for the compelled continued deposition.

15           l.      Order Granting in Part and Denying in Part Mattel's Motion to

16   Compel Production of Documents by MGA, dated August 13, 2007.  See Docket

17   No. 804, Consolidated Docket.  Here, the Discovery Master ordered MGA to

18   produce documents it was flatly refusing to produce that related to MGA's trade

19   secret thefts, especially as they related to its targeting and hiring former Mattel

20   employees.

21           m.      Orders Granting Mattel's Motions to Compel MGA and Bryant

22   to Answer Requests for Admission, dated August 20, 2007.  See Docket Nos. 841 &

23   842, Consolidated Docket.  In these two Orders, the Discovery Master ordered

24   MGA and Bryant to answer requests for admission they improperly refused to

25   answer relating to (i) whether specified Bratz works were derivative of Bratz works

26   MGA claims it owns, as MGA represented they are to the Copyright Office, (ii)

27   MGA statements to the press relating to MGA's and Mattel's labor practices, and

28   (iii) Bryant's views on the validity and enforceability of his contract with MGA.

1          6.     Since the issuance of the Discovery Master's Orders compelling

2    MGA and Bryant to produce documents, defendants have produced more than

3    185,000 pages of documents which were improperly withheld, including

4    approximately 11,000 pages produced just last week.  Before these Orders

5    compelling Bryant and MGA to produce documents, MGA and Bryant had

6    collectively produced only approximately 11,000 pages of documents altogether, a

7    substantial number of which were so heavily redacted that they were blank or

8    consisted of multiple copies of the same documents.

9          7.     On August 15, 2007, after the August 13, 2007 deadline for

10   Mattel to file its opposition papers to MGA's Motion for Terminating Sanctions,

11   Mattel deposed Kerri Brode, an MGA employee who has been at MGA since the

12   spring of 2000.  Attached as Exhibit 3 are true and correct excerpts of the

13   Deposition Transcript of Kerri Brode, dated August 22, 2007.  Ms. Brode testified

14   that "no one's ever asked [her] to search [her] e-mails or the other electronic files

15   [she has] on [her] computer" and that she has not done so.  Id. at 65:23-66:4.

16   Further, the first communication that she received instructing her to preserve

17   documents relating to this case was "an email" dated "April of 2005."  Id. at 66:6-

18   67:3.

19

20         I declare under penalty of perjury under the laws of the United States of

21   America that the foregoing is true and correct.

22         Executed on August 23, 2007, at Los Angeles County, California.

23

24         B. Dylan Proctor

25

26

27

28

**Exhibit 1**

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

                    UNITED STATES DISTRICT COURT

7                   CENTRAL DISTRICT OF CALIFORNIA

8                        EASTERN DIVISION

9

10

11  CARTER BRYANT, an individual,              CASE NO. C 04-09049 SGL (RNBx)
                                               JAMS Reference No. 1100049530
12              Plaintiff,

13          v.                                 Consolidated with
                                               Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,      Case No. CV 05-2727

15              Defendant.                     **ORDER GRANTING IN PART
                                               MATTEL'S MOTION TO ENFORCE
16                                             THE COURT'S ORDER OF MAY 16,
                                               2007, TO COMPEL MGA TO
17                                             PRODUCE WITNESSES FOR
                                               DEPOSITION PURSUANT TO RULE
18                                             30(b)(6), AND GRANTING REQUEST
                                               FOR SANCTIONS**
19
    CONSOLIDATED WITH
20  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
21  INC.

22

23

24

25                        I. INTRODUCTION

26      On June 29, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Enforce The Court's

27  Order of May 16, 2007, To Compel MGA To Produce Witnesses For Deposition Pursuant To

28
    Bryant v. Mattel, Inc.,                                                        1
    CV-04-09049 SGL (RNBx)

                                EXHIBIT ___1___ PAGE __9__

Rule 30(b)(6), And For Sanctions."[1]  On July 9, 2007, MGA Entertainment, Inc. ("MGA") submitted an opposition brief, and on July 12, 2007, Mattel submitted a reply brief.  The matter was heard on August 13, 2007.  Although the scope of Mattel's motion was broader[2], during the hearing, Mattel requested an order compelling MGA to designate and produce witnesses on Topic Nos. 21, 25, 26, and 34 and imposing sanctions for MGA's alleged non-compliance with the May 16, 2007 Order, particularly with respect to Topic Nos. 25, 26, 34, 39, 40 and 41.  Having considered the motion papers and the comments of counsel at the hearing, Mattel's motion is granted in part.

## II. BACKGROUND

On May 16, 2007, the undersigned issued an order granting Mattel's Motion to Compel MGA To Produce Witnesses Pursuant To Rule 30(b)(6) (hereinafter the "May 16, 2007 Order") which provided, in pertinent part:

2.      MGA shall confirm its designees and the dates of the designees' availability for deposition for all Topics except Topic Nos. 25 and 26 in Mattel's Notice of Deposition of MGA Pursuant to Rule 30(b)(6) dated February 1, 2007 (the "Second Notice") on or before May 22, 2007.

3.      MGA shall make its designees for all Topics in the Second Notice, except Topics Nos. 25 and 26, available for deposition on or before June 30, 2007.

4.      The parties shall meet and confer regarding the timing of the depositions on Topic Nos. 25 and 26 of the Second Notice.  Such depositions may take place after June 30, 2007.

5.      All of MGA's objections and/or limitations regarding the Topics in Mattel's Rule 30(b)(6) deposition notices are overruled.

---

[1]  Mattel seeks $3,000 in sanctions.

[2]  In its opening brief, Mattel focused on Topic Nos. 25, 26, 34, 39, 40 and 41 and requested an order requiring MGA to designate and produce witnesses on all Topics in Mattel's Second Notice of Deposition of MGA. In its reply brief, Mattel requested an order requiring MGA to produce witnesses on Topic Nos. 11, 13, 14, 19, 21-28, 31, 34, 37 and 39-41.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT ____1____ PAGE ___10___

Proctor Decl., Ex. 1.  The parties later agreed to extend the May 22, 2007 deadline for designating witnesses to May 29, 2007.

After the May 16, 2007 Order was issued MGA designated and offered dates for some Rule 30(b)(6) witnesses.  Mattel accepted the dates, however, in the first week of June MGA canceled the depositions of three designees.  On June 7 and again on June 15, 2007, Mattel requested that MGA provide new dates for the three designees.

The parties met and conferred on June 22, 2007.  MGA offered designees and deposition dates for 14 of the outstanding Topics.  Although all but one of the dates that MGA proposed were after the June 30, 2007 deadline, Mattel accepted MGA's schedule.  MGA did not, however, identify or produce witnesses to testify on Topics 25, 26, 34 and 39-41, which are the subject of the instant motion.  These Topics are set forth below.

Topic 25:  YOUR revenues and profits from BRATZ, including without limitation YOUR gross and net profits, and YOUR costs associated therewith.

Topic 26:  YOUR net worth.

Topic 34:  Other than those previously filed and served in this ACTION or in which Mattel, Inc.'s counsel in this ACTION was in attendance, the testimony, transcripts, declarations, affidavits and other sworn written statements of any other type by or from YOU or made on YOUR behalf that REFER OR RELATE TO BRATZ THAT REFER OR RELATE TO the time period prior to June 30, 2001 (regardless of when such testimony or sworn statement was taken, given, signed, made or filed).

Topic 39:  The preservation, collection, destruction, removal, transfer, loss or impairment of YOUR DOCUMENTS and DIGITAL INFORMATION in connection with the ACTION and/or any DOCUMENTS requested by MATTEL in the ACTION.

Topic 40:  The preservation, collection, destruction, removal, transfer, loss or impairment of YOUR DOCUMENTS and DIGITAL INFORMATION since January 1, 1999 that REFER OR RELATE TO MATTEL (including without

1    limitation any MATTEL product, plan or information) that YOU received in any

2    manner from any PERSON who was at the time an employee of MATTEL or who

3    had previously been an employee of MATTEL.

4    Topic 41:  The testing of or sampling from DOCUMENTS that REFER OR

5    RELATE TO BRATZ or BRYANT, including without limitation such testing or

6    sampling in connection with any ink, paper or chemical analysis performed or

7    attempted to be performed to date, any DOCUMENTS that REFER OR RELATE

8    thereto and all results and reports relating thereto.

9  Mattel's Second Notice of Deposition, dated February 1, 2007, Proctor Decl., Ex. 6.  During the

10  hearing, Mattel also requested an order compelling MGA to designate a witness and schedule a

11  deposition on Topic No. 21, which seeks:

12    Topic No. 21:  YOUR knowledge of, and access to, non-public MATTEL DIVA

13    STARTZ project information and DESIGNS prior to June 30, 2001.

14  Mattel's Second Notice of Deposition, dated February 1, 2007, Proctor Decl., Ex. 6.

15    MGA indicated that Lisa Tonnu would "likely" be its designee on Topic Nos. 25 and 26,

16  but did not offer a date for her deposition because it was awaiting a ruling from Judge Larson

17  regarding the phasing of trials.  MGA also did not designate a witness on Topic Nos. 26, 34 and

18  41 because it was in the process of appealing the May 16, 2007 Order as it pertained to these

19  topics to Judge Larson.[3]  MGA similarly did not designate a witness on Topic No. 40 because it

20  was awaiting a ruling from Judge Larson on its pending motion to dismiss Mattel's counterclaims.

21  MGA's motion to dismiss was based, in part, on Mattel's purported failure to comply with

22  California Code of Civil Procedure §2019.210.  Apparently, MGA thought that the need for

23  discovery on Topic No. 40 might be obviated if it prevailed on its motion to dismiss.

24

25

26      [3]  MGA filed its Objection to the May 16, 2007 Order on May 31, 2007.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

1      MGA also did not designate a witness on the entirety of Topic No. 39. Earlier in June

2 MGA produced Kenneth Lockhart to testify on Topic No. 39. At the deposition, however,

3 Lockhart testified that he had no knowledge regarding MGA's collection of non-electronic

4 documents, a subject within the scope of Topic No. 39. Mattel asked MGA to identify another

5 witness to testify regarding the collection of non-electronic documents. MGA apparently refused

6 to do so because it believed Mattel had agreed to limit Topic No. 39 to exclude that issue.

7      By the end of June 2007, MGA had made only two Rule 30(b)(6) witnesses available for

8 deposition pursuant to the May 16, 2007 Order: Kenneth Lockhart and Paula Garcia. Mattel's

9 Motion at p.3.[4]

10      On June 26, 2007, Judge Larson issued a Minute Order scheduling MGA's appeal of the

11 May 16, 2007 Order for hearing on July 2, 2007. On June 27, 2007, Judge Larson issued an order

12 denying MGA's motion to dismiss, and Mattel renewed its request that MGA produce a witness

13 to testify on Topic No. 40. The next day MGA responded that it intended to identify a designee

14 and dates for a deposition by the end of the week.

15      On June 29, 2007, Mattel filed the instant motion. On July 5, 2007, Judge Larson issued

16 an order affirming the May 16, 2007 Order. That same day MGA confirmed the date and its

17 designation of a witness on Topic Nos. 39 and 40. MGA also confirmed that it would produce

18 witnesses on Topic Nos. 34 and 41. On July 9, 2007, MGA provided designations and dates for

19 deposition for Topic Nos. 34 and 41.

20      In this motion, Mattel contends that MGA has refused to designate and/or to produce

21 witnesses on Topic Nos. 21, 25, 26, 34, 39, 40 and 41, even though the May 16, 2007 Order

22 required it to make all of its Rule 30(b)(6) witnesses (except on Topic Nos. 25 and 26) available

23 by the end of June. Mattel also contends that MGA has refused to meet and confer in good faith

24

25      [4] A third deposition was scheduled for June, however, it did not take place. According to Mattel, MGA

26 unilaterally cancelled the deposition the day before it was scheduled to commence. Mattel Motion at p.4. According to MGA, Mattel agreed to defer the deposition.

27

28   Bryant v. Mattel, Inc.,
  CV-04-09049 SGL (RNBx)

5

EXHIBIT __1__ PAGE __13__

1    to schedule the deposition of witnesses on Topic Nos. 25 and 26, in violation of the May 16, 2007

2    Order. Lastly, Mattel contends that MGA's stated justifications for refusing to comply with the

3    May 16, 2007 Order all lack merit.

4        MGA contends that Mattel's motion is premature and unnecessary, and is now moot.

5    MGA explains that after the June 22, 2007 meet and confer, there were only four topics open:

6    "one of which (40) was subject to a ruling anticipated to be coming from Judge Larson any day

7    and which was received before Mattel's motion was filed; two of which (34 and 41) were the

8    express subject of an appeal pending before Judge Larson; and the last was simply the result of an

9    honest disagreement between the parties as to the actual intended scope of the topic (39)."

10   MGA's Opposition at p.2. MGA denies ever refusing to provide witnesses on these topics, and

11   instead, asserts that it was entitled to receive Judge Larson's rulings before scheduling

12   depositions. MGA further contends that it identified witnesses and deposition dates soon after

13   Judge Larson issued his orders.

14                        <u>III. DISCUSSION</u>

15   **Topic Nos. 25 and 26**

16        The May 16, 2007 Order required the parties to meet and confer "regarding the timing of

17   the depositions on Topic Nos. 25 and 26." Proctor Decl., Ex. 1. During the June 22, 2007 meet

18   and confer session, MGA indicated that it was likely to designate Lisa Tonnu for these topics;

19   however, it did not offer a date for the deposition because it was awaiting Judge Larson's ruling

20   on the phasing of trials.

21        Mattel contends that MGA's purported justification for failing to schedule the depositions

22   is without merit because discovery in this case has not been phased. Further, Mattel contends that

23   depositions on these two topics cannot be delayed any longer because under the current schedule,

24   expert reports are due in late August.

25        MGA contends that it fulfilled its meet and confer obligations regarding Topic Nos. 25

26   and 26 and took the position that the depositions shouldn't be scheduled until Judge Larson issued

27   a ruling on the phasing of trials.

28

1    MGA is not technically in violation of the May 16, 2007 Order with respect to Topic Nos.

2  25 and 26 because it fulfilled its obligation to meet and confer regarding the timing of the

3  depositions.  Therefore, Mattel's motion to enforce the May 16, 2007 Order and request for

4  sanctions are denied as to Topic Nos. 25 and 26.  Nevertheless, MGA's purported justification for

5  delaying scheduling depositions on Topic Nos. 25 and 26 is no longer valid in light of Judge

6  Larson's ruling on the phasing of trials and Mattel is entitled to a date certain for the depositions.

7  **Topic No. 39**

8    The May 16, 2007 Order required MGA to designate a witness on Topic No. 39 by May

9  22, 2007, and to produce its designee for deposition by June 30, 2007.  MGA met these deadlines

10  by designating Kenneth Lockhart on Topic No. 39 and producing him for deposition on June 14

11  and 15, 2007.  Mr. Lockhart, however, was unable to testify regarding the collection of non-

12  electronic documents.  During the parties' subsequent meet and confer, MGA acknowledged that

13  Mr. Lockhart was not proffered regarding the collection of non-electronic documents, but claimed

14  that Mattel had previously agreed to limit Topic No. 39 to electronic documents.

15    Mattel denies ever agreeing to so limit Topic No. 39 and contends that "it is preposterous

16  to think that Mattel would agree to such a limitation."  Mattel's Motion at p.10.  Mattel points out

17  that the Topic clearly encompasses both electronic and non-electronic documents, and that the

18  May 16, 2007 Order compels MGA to produce a witness on the Topic as written.

19    In contrast, MGA contends that it designated Mr. Lockhart, Chief Information Officer, on

20  Topic No. 39 "based on its good faith belief that the topic was intended to cover the retention of

21  electronic documents and other 'digital information.'"  MGA's Opposition at p.6.  Nevertheless,

22  on July 5, 2007, MGA designated Lisa Tonnu to testify on Topic No. 39 and indicated that she

23  was available on July 19, 2007.

24    MGA is in substantial compliance with the May 16, 2007 Order, having produced Mr.

25  Lockhart by the June 30th deadline and by offering Lisa Tonnu to testify regarding the remainder

26  of Topic No. 39 after the apparent misunderstanding came to light.  Therefore, Mattel's motion to

27  enforce the May 16, 2007 Order is denied with respect to Topic No. 39.

//

EXHIBIT ___1___ PAGE ___15___

**Topic No. 40**

The May 16, 2007 Order required MGA to designate a witness on Topic No. 40 by May 22, 2007, and to make the witness available for deposition no later than June 30, 2007. At the June 22, 2007 meet and confer session, MGA did not designate or produce a witness on Topic No. 40 because it was awaiting the resolution of its motion to dismiss. On June 27, 2007, Judge Larson denied MGA's motion to dismiss and held that Mattel had already complied with §2019.210. The next day MGA notified Mattel that it would identify a witness on Topic No. 40 and potential dates for deposition by the end of the week. On July 5, 2007, MGA confirmed that Lisa Tonnu would testify on Topic No. 40 and would be available for deposition on July 19, 2007.

Mattel contends that MGA violated the May 16, 2007 without any legitimate basis because Topic No. 40 was not the subject of any appeal. In contrast, MGA contends that it completed its designation and provided available dates promptly after Judge Larson issued his order.

MGA clearly violated the May 16, 2007 by failing to identify a witness to testify on Topic No. 40 and to make the witness available for deposition by June 30th. MGA's non-compliance was willful and inexcusable. MGA could have but failed to request any extension of time to designate and produce a witness on Topic No. 40. MGA has not cited any precedent that excuses a litigant from complying with deadlines imposed by a discovery order, without leave of court, simply because the claim to which the discovery is directed is the subject of a pending motion to dismiss. Mattel's motion is granted as to Topic No. 40 and sanctions are warranted pursuant to Rule 37(b)(2), Fed.R.Civ.P.

**Topic Nos. 34 and 41**

The May 16, 2007 Order required MGA to designate a witness on Topic Nos. 34 and 41 by May 22, 2007 and to produce its designee(s) for deposition by June 30, 2007. At the June 22, 2007 meet and confer session, MGA did not offer any designees or deposition dates for Topic Nos. 34 and 41 because it was in the process of appealing the May 16, 2007 Order to Judge Larson with respect to these topics.

On May 31, 2007, MGA appealed the May 16, 2007 Order compelling it to produce designees on Topic Nos. 34 and 41.[5]  MGA sought a stay of the May 16, 2007 Order as to these Topics pending appeal.  On June 21, 2007, the Discovery Master denied the requested stay.  On June 22, 2007, MGA filed an "emergency *ex parte*" application with Judge Larson seeking review of the June 21, 2007 Order denying the requested stay.  On June 26, 2007, Judge Larson issued a Minute Order scheduling MGA's appeal of the May 16, 2007 Order for hearing on July 2, 2007.  A few days after the hearing, Judge Larson issued an order upholding the May 16, 2007 Order.  That same day MGA confirmed that it would produce witnesses on Topic Nos. 34 and 41.  On July 9, 2007, MGA identified Renato Dionisio to testify on Topic No. 34 and indicated that the witness was available on any one of the following days:  August 21-23 or 28-30.  MGA identified Lisa Tonnu to testify on Topic No. 41 and indicated that she was available to testify on July 19.

Mattel contends that MGA willfully failed to comply with the May 16, 2007 Order, even after its request for a stay was denied.  MGA contends that the instant motion was unnecessary and a waste of judicial resources because Mattel knew before it filed the motion that Judge Larson had moved up the hearing on MGA's appeals and a ruling would be forthcoming.

MGA violated the May 16, 2007 Order by failing to designate and produce a witness to testify on Topic Nos. 34 and 41 by the June 30th deadline.  The violation was particularly egregious because MGA's request for a stay was denied on June 21, 2007, which still left a few days for MGA to at least designate a witness and propose dates for a deposition, even if the deposition was scheduled beyond the June 30th deadline.  Instead, MGA chose to persist in its refusal to comply with the May 16, 2007 Order and gambled that Judge Larson would grant it "emergency" *ex parte* relief.  MGA's clear and flagrant violation of a court order warrants sanctions under Rule 37(b)(2), Fed.R.Civ.P.

## IV. CONCLUSION

For the reasons set forth above, Mattel's motion is granted in part and denied in part.  To the extent MGA has not already done so, MGA shall promptly confirm its designees on Topic

---

[5]   MGA also appealed the May 16, 2007 Order with respect to Topic No. 26.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

EXHIBIT __1__ PAGE __17__

1    Nos. 21, 25, 26 and 34 by August 22, 2007, and make them available for deposition no later than
2    September 27, 2007.
3          Mattel's request for sanctions is granted based upon MGA's willful violation of the May
4    16, 2007 Order by failing to identify witnesses and dates for deposition for Topic Nos. 34, 40 and
5    41 by the designated deadlines.  MGA shall reimburse Mattel in the amount of $1,000 in
6    monetary sanctions pursuant to Rule 37(b)(2), Fed.R.Civ.P., no later than August 22, 2007.
7          Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery
8    Master, Mattel shall file this Order with the Clerk of Court forthwith.

9
10   Dated: August _14_, 2007

                                                    HON. EDWARD A. INFANTE (Ret.)
11                                                  Discovery Master
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT ___1___ PAGE ___18___

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 14, 2007, I served the attached ORDER GRANTING IN PART MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 16, 2007, TO COMPEL MGA TO PRODUCE WITNESSES FOR DEPOSITION PURSUANT TO RULE 30(b)(6), AND GRANTING REQUEST FOR SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 14, 2007, at San Francisco, California.

_____
Sandra Chan

EXHIBIT ___1___ PAGE ___19___

**Exhibit 2**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11
   CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)
12              Plaintiff,

13                                       SECOND NOTICE OF DEPOSITION
                                         OF MGA ENTERTAINMENT, INC.
14      vs.                              PURSUANT TO FEDERAL RULE OF
                                         CIVIL PROCEDURE 30(B)(6)
15
   MATTEL, INC., a Delaware
16 corporation,                          Discovery Cut-off: None Set
                                         Pre-trial Conference: None Set
17              Defendant.               Trial Date: None Set

18
   AND CONSOLIDATED ACTIONS
19

20

21

22

23

24

25

26

27

28

07209/2048031.1

2-1

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

EXHIBIT  2  PAGE  20

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that on February 15, 2007 beginning on 9:30 a.m. Mattel, Inc. ("Mattel") will take the deposition upon oral examination of defendant MGA Entertainment, Inc. at the offices of Quinn Emanuel Urquhart Oliver & Hedges LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017. Pursuant to <u>Fed. R. Civ. P.</u> 30(b)(6), MGA Entertainment, Inc. shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning each of the topics set forth in Exhibit A hereto.

    PLEASE TAKE FURTHER NOTICE that the deposition will take place before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Sundays, Saturdays and legal holidays excepted, until completed.

    PLEASE TAKE FURTHER NOTICE that, pursuant to <u>Fed. R. Civ. P.</u> 30(b)(2), the deposition will be videotaped.

DATED:  February 1, 2007    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By _____
    Michael T. Zeller
    Attorneys for Mattel, Inc.

EXHIBIT __2__ PAGE __21__

07209/2048031.

**Exhibit A**

EXHIBIT  2  PAGE  22

# EXHIBIT A

1.     "YOU," "YOUR" or "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.     "BRYANT" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint venturers, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.     "BRATZ" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also, previously or subsequently called) and any product or doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product or doll or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each EMBODIMENT of such doll or any portion thereof.  As used herein, "product or doll or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.

4.     "DESIGN" or "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the

-2-

EXHIBIT __2__ PAGE __23__

foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

5.    "EMBODIMENT" means any representation, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

6.    The DRAWINGS means those documents produced as Bates Nos. MGA000053-57,    MGA000392-395,    MGA000435-439,    MGA000455-481 MGA004606,  MGA004608,  MGA004640,  MGA005065,  MGA006423-6426, MGA006432-6436, MGA006438-06440, MGA006442-6467, and SL00016-45.

7.    "BASED ON" means copied or reproduced from, substantially similar to, based on or derived from in any manner, whether in whole or in part.

8.    "CREATED" means produced, prepared, created, authored, conceived of or reduced to practice, whether in whole or in part and whether alone or jointly with others.

9.    "IDENTIFY" or "IDENTITY" means the following:

(a)    With reference to an individual, means such individual's name, current or last known business title, current or last known business affiliation, current or last known relationship to YOU, current or last known residential and business address, and current or last known telephone number.

(b)    With reference to an entity or governmental organization, means such entity's or organization's name, present or last-known address, and present

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

07209/2048031.

EXHIBIT __2__ PAGE 24

or last-known telephone number and the IDENTITY of each individual who has served or participated as a contact for or on behalf of such entity or organization.

(c)     With reference to an EMBODIMENT, means the IDENTITY of the individual author(s) or creator(s) of the EMBODIMENT as well as of each other individual who contributed in any manner to the EMBODIMENT; the form, material and medium of the EMBODIMENT (*e.g.*, preliminary three-dimensional resin sculpture, final three-dimensional wax sculpture, digitized file of final three-dimensional wax sculpture, two-dimensional design drawing on paper); each title or name of the EMBODIMENT; the start and end date(s) of the EMBODIMENT's creation or preparation; and the current location of the EMBODIMENT.

10.     "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

11.     "ACTION" shall mean this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly *Mattel v. Bryant, Inc.*, first filed in Los Angeles County Superior Court; *Bryant v. Mattel, Inc.*; and *MGA Entertainment, Inc. v. Mattel, Inc.*; and all counterclaims, cross-claims and defenses therein.

12.     "DIGITAL INFORMATION" shall mean any information created or stored digitally, including but not limited to electronically, magnetically or optically.

13.     "SYSTEM" or "SYSTEMS" shall mean any computer or network of computers or other network devices that allow a two or more computers to share information and equipment, including but not limited to local area networks, wide area networks, storage area networks, client-server networks or peer-to-peer networks. The

07209/2048031.

EXHIBIT  2  PAGE  25

use of the term "SYSTEM" or "SYSTEMS" shall also include the brand, model number, technical specifications, and capacities of the computers who are part of each such SYSTEM.

14.    "REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

15.    "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

16.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and

07209/2048031.

EXHIBIT __2__ PAGE __24__

directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

17.    The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and *vice versa*, whenever such construction results in a broader disclosure of documents or information.

### Topics of Examination

1.    The origin, conception, creation, design, sculpting, development, engineering, rotocasting, modeling and prototyping of BRATZ and BRATZ DESIGNS CREATED prior to June 30, 2001 (regardless of when or whether such was released in any form to the public), including without limitation the timing thereof, the IDENTITY of each PERSON with knowledge thereof, the IDENTITY of each PERSON involved therein, and the nature, extent and time period(s) of each such PERSON's involvement.

2.    The circumstances under which BRATZ or any BRATZ DESIGN first came to YOUR attention, including without limitation the timing, method and manner thereof and the IDENTITY of each PERSON with knowledge thereof.

3.    The identity of each doll, product, work or item produced, developed, manufactured, licensed, sold or offered for sale by or for YOU or on YOUR behalf that was BASED ON any BRATZ DESIGN which BRYANT CREATED.

4.    To the extent not covered by Topic 3, each EMBODIMENT of any doll, doll accessory or toy that BRYANT CREATED prior to June 30, 2001.

5.    The work, activities and/or services that BRYANT performed for or with YOU or on YOUR behalf prior to June 30, 2001.

07209/2048031.

-6-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

EXHIBIT   2   PAGE  27

6.   The origin, conception and creation of DESIGNS that BRYANT CREATED prior to June 30, 2001 and in which YOU claim to have, or have ever claimed to have, any right, title or interest (whether in whole or in part).

7.   The identity of, and the design, development, sculpting, development, engineering, rotocasting, modeling, prototyping and first sale of, any doll, product, work or item that has been produced, developed, manufactured, licensed, sold or offered for sale by, for or on behalf of YOU and that was BASED ON any DESIGN referenced in Topic 6.

8.   Each EMBODIMENT of BRATZ that was CREATED prior to June 30, 2001 or that was at any time BASED ON any BRATZ DESIGN which was CREATED prior to June 30, 2001.

9.   The DRAWINGS, including without limitation the authorship, creation, dissemination and use thereof and the source, meaning, authenticity and timing of any dates thereon.

10.   The IDENTITY of each vendor or third party who performed or contributed, or who was considered, solicited, requested, proposed or contemplated by YOU or BRYANT to perform or contribute, any activities, work or services in connection with BRATZ or BRATZ DESIGNS prior to June 30, 2001, YOUR COMMUNICATIONS therewith, and the nature, extent and timing of such activities, work or services.

11.   The exhibition, or proposed, offered, contemplated or requested exhibition, of BRATZ or any BRATZ DESIGN to any third party prior to June 30, 2001, including without limitation each instance in which BRATZ or any BRATZ DESIGN was marketed, offered for sale, pitched, shown or disclosed to, or otherwise discussed with or communicated to, any retailer, wholesaler or distributor and the DOCUMENTS that REFER OR RELATE thereto.

12.   The actual, proposed, requested or contemplated manufacture, fabrication or tooling (including the production of molds) of BRATZ, including without

-7-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

EXHIBIT __2__ PAGE __28__

1   limitation the timing thereof and the IDENTITY of each manufacturer and potential
2   manufacturer used, proposed or considered.

3         13.    COMMUNICATIONS prior to June 30, 2001 between YOU and
4   any manufacturer, distributor, wholesaler, retailer, or any contemplated, proposed or
5   potential manufacturer, distributor, wholesaler or retailer, that REFER OR RELATE
6   TO BRATZ or any BRATZ DESIGN.

7         14.    When and where BRATZ was first manufactured, shipped,
8   distributed and sold, and the IDENTITIES and roles of PERSONS involved therein.

9         15.    The licensing, including without limitation the proposed or
10  requested licensing, of BRATZ or any BRATZ DESIGN prior to December 31, 2001,
11  including without limitation the timing thereof, the IDENTITY of each such licensee or
12  proposed or requested licensee and the product(s) or proposed product(s) involved.

13        16.    COMMUNICATIONS between YOU and BRYANT prior to
14  January 1, 2001, including without limitation the content, means and timing of such
15  COMMUNICATIONS, the IDENTITY of the PERSONS who were parties thereto and
16  the DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

17        17.    COMMUNICATIONS that BRYANT made for YOU or on YOUR
18  behalf with any PERSON other than YOU that REFER OR RELATE TO BRATZ prior
19  to June 30, 2001.

20        18.    YOUR agreements and contracts with BRYANT, including without
21  limitation the timing thereof, the negotiations, drafts and COMMUNICATIONS that
22  REFER OR RELATE thereto, and any actual or proposed amendments thereto.

23        19.    Each agreement or contract between YOU and any PERSON other
24  than BRYANT that REFERS OR RELATES TO BRATZ or BRATZ DESIGNS that
25  REFERS OR RELATES to the time period prior to December 31, 2001 (regardless of
26  when such agreement or contract was negotiated or executed), including without
27  limitation the timing thereof, the negotiations, drafts and COMMUNICATIONS that
28  REFER OR RELATE thereto, and any actual or proposed amendments thereto.

20.     YOUR knowledge, prior to April 29, 2004, of BRYANT's contracts and agreements with, and his obligations to, MATTEL.

21.     YOUR knowledge of, and access to, non-public MATTEL DIVA STARZ project information and DESIGNS prior to June 30, 2001.

22.     The payment of money or anything of value by or for YOU or on YOUR behalf that has been made to, for or on behalf of BRYANT (a) for work, services or activities performed by BRYANT prior to January 1, 2001 (regardless of when such payment was actually made), (b) for DESIGNS CREATED by BRYANT prior to January 1, 2001 (regardless of when such payment was actually made) or (c) in connection with BRATZ or any BRATZ DESIGN at any time, including without limitation the timing, manner and amount(s) thereof and the reasons therefor.

23.     The payment of royalties to, for or on behalf of BRYANT made by or for YOU or on YOUR behalf, including the timing, manner and amounts of such payments and the reasons therefor.

24.     Any indemnification and fee arrangement that YOU and/or BRYANT has sought, proposed, requested or obtained in connection with this ACTION.

25.     YOUR revenues and profits from BRATZ, including without limitation YOUR gross and net profits, and YOUR costs associated therewith.

26.     YOUR net worth.

27.     The payment of money or anything of value that YOU have made or offered to make to, for or on behalf of Elise Cloonan, or that has been requested, sought or received by, for or on behalf of Elise Cloonan, and the timing, manner, amount(s) and reasons therefor.

28.     COMMUNICATIONS between YOU and Elise Cloonan that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee, including the DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

-9-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

EXHIBIT __2__ PAGE __30__

29. COMMUNICATIONS made by, for or on behalf of YOU, whether directly or indirectly, with Anna Rhee, including without limitation since February 2005 (but not including any such COMMUNICATIONS with her legal counsel).

30. COMMUNICATIONS between YOU and Veronica Marlow, Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), Sarah Halpern, Steve Linker, Liz Hogan and/or Jesse Ramirez that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee, including without limitation all DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

31. The IDENTITY of each PERSON who, at any time since January 1, 1998, has performed any work or services for, by or on behalf of YOU while such PERSON was employed by MATTEL, the nature and timing of each such PERSON's work or services and the amount(s) paid by YOU to each such PERSON.

32. COMMUNICATIONS between YOU and BRYANT that REFER OR RELATE TO MATTEL or REFER OR RELATE TO any DOCUMENT that was prepared, authored or created by MATTEL that BRYANT has ever provided to, shown, described to, communicated to or disclosed in any manner to YOU.

33. The applications for registration and the registrations for copyright, patent, trademark or any other right that REFER OR RELATE TO BRATZ or BRATZ DESIGNS sought, made or obtained by, for or on behalf of YOU or BRYANT, including without limitation COMMUNICATIONS pertaining thereto.

34. Other than those previously filed and served in this ACTION or in which Mattel, Inc.'s counsel in this ACTION was in attendance, the testimony, transcripts, declarations, affidavits and other sworn written statements of any other type by or from YOU or made on YOUR behalf that REFER OR RELATE TO BRATZ THAT REFER OR RELATE TO the time period prior to June 30, 2001 (regardless of when such testimony or sworn statement was taken, given, signed, made or filed).

35. COMMUNICATIONS between YOU and Universal Commerce Corp., Ltd. prior to June 30, 2001.

-10-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

EXHIBIT __2__ PAGE __31__

36.   The source, meaning and authenticity of SL00013-14, including without limitation the timing of its creation and the handwriting thereon.

37.   YOUR corporate structure since January 1, 1999, including without limitation the relationship between MGA Entertainment, Inc. and any of its predecessors, affiliates and subsidiaries.

38.   The retention or destruction policies, procedures and practices for YOUR DOCUMENTS and DIGITAL INFORMATION that REFER OR RELATE TO BRATZ since January 1, 1999, including without limitation the retention or destruction of DOCUMENTS and DIGITAL INFORMATION when (a) hardware is replaced, modified or upgraded and (b) when PERSONS leave YOUR employ.

39.   The preservation, collection, destruction, removal, transfer, loss or impairment of YOUR DOCUMENTS and DIGITAL INFORMATION in connection with the ACTION and/or any DOCUMENTS requested by MATTEL in the ACTION.

40.   The preservation, collection, destruction, removal, transfer, loss or impairment of YOUR DOCUMENTS and DIGITAL INFORMATION since January 1, 1999 that REFER OR RELATE TO MATTEL (including without limitation to any MATTEL product, plan or information) that YOU received in any manner from any PERSON who was at the time an employee of MATTEL or who had previously been an employee of MATTEL.

41.   The testing of or sampling from DOCUMENTS that REFER OR RELATE TO BRATZ or BRYANT, including without limitation such testing or sampling in connection with any ink, paper or chemical analysis performed or attempted to be performed to date, any DOCUMENTS that REFER OR RELATE thereto and all results and reports relating thereto.

42.   YOUR DIGITAL INFORMATION data backup policies, practices and procedures from January 1, 1999 to the present, including without limitation the location and specifications of any media used to preserve YOUR DIGITAL

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

07209/2048031.

EXHIBIT  2  PAGE  32

1 | INFORMATION and the software, if any, used to preserve YOUR DIGITAL
2 | INFORMATION.

3 |      43.   The DIGITAL INFORMATION SYSTEMS and the application
4 | software that YOU have used since January 1, 1999 that REFER OR RELATE TO
5 | design, development, planning, inventory, manufacturing, sales, shipping and
6 | accounting, including without limitation the common or shared storage for such
7 | DIGITAL INFORMATION SYSTEMS, remote access of such DIGITAL
8 | INFORMATION SYSTEMS, and any changes, modifications or upgrades to such
9 | DIGITAL INFORMATION SYSTEMS or application software.

10 |      44.   The IDENTITY of PERSONS, including without limitation
11 | vendors, who since January 1, 1999 have been responsible for or supported YOUR
12 | DIGITAL INFORMATION SYSTEMS, including without limitation the IDENTITY of
13 | such PERSON who serviced or provided hardware for YOUR DIGITAL
14 | INFORMATION SYSTEMS, hosted, stored, archived or maintained YOUR DIGITAL
15 | INFORMATION, including but not limited to internet service providers, and provided
16 | analytical, training or implementation services with respect to YOUR DIGITAL
17 | INFORMATION SYSTEMS.

18 |      45.   The electronic messaging SYSTEMS used by YOUR employees
19 | within the scope of their employment between January 1, 1999 and the present,
20 | including but not limited to electronic mail, instant messenger, telephone or voice-mail,
21 | and the routing of such electronic messages to, from or within MGA.

22 |      46.   YOUR policies, practices and procedures regarding the use of
23 | transportable media that contain or are capable of containing DIGITAL
24 | INFORMATION, including but not limited to floppy discs, compact discs, DVDs, USB
25 | drives, portable hard drives, digital cameras and personal digital assistants.

26
27
28

-12-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

EXHIBIT 2 PAGE 33

**PROOF OF SERVICE**

1

2   I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3   Street, 10th Floor, Los Angeles, California 90017-2543.

4   On February 1, 2007, I served true copies of the following document(s) described as **SECOND NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC. PURSUANT**

5   **TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)** on the parties in this action as follows:

6
**BY MAIL TO:**
7
Keith A. Jacoby, Esq.
8   Littler Mendelson
2049 Century Park East, 5th Floor
9   Los Angeles, CA  90067-3107
Telephone: (310) 553-0308
10   Facsimile: (310) 553-5583

11   I enclosed the foregoing as well as a **COURTESY COPY** into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The

12   envelope was mailed with postage thereon fully prepaid. (Courtesy copy

13   **BY PERSONAL SERVICE ON:**

14   Diana M. Torres, Esq.
O'Melveney & Meyers
15   400 So. Hope Street
Los Angeles, CA  90071
16   Telephone: (213) 430-6000
**Facsimile: (213) 430-6407**

17
I delivered such envelope(s) **(COURTESY COPY INCLUDED)** by hand to the office of the
18   person(s) being served.

19

20   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

21

22   Executed on February 1, 2007, at Los Angeles, California.

23

24   _____
Mia Albert

25

26   _____
Dave Quintana

27

28

07209/2049386.1

EXHIBIT __2__ PAGE __34__