EXHIBIT 1

**RECEIVED**

DEC 2 1 2004

1   ROBERT F. MILLMAN, Bar No. CA 062152
    DOUGLAS A. WICKHAM, Bar No. CA 127268
2   KEITH A. JACOBY, Bar No. 150233
    LITTLER MENDELSON
3   A Professional Corporation
    2049 Century Park East, 5th Floor
4   Los Angeles, CA 90067.3107
    Telephone:   310.553.0308
5   Facsimile:   310.553.5583

6   Attorneys for Defendant and Counter-Claimant
    CARTER BRYANT

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware          Case No. CV 04-9059 NM (RNBx)
    Corporation,
12                                    HON. NORA M. MANELLA
                    Plaintiff,
13                                    **NOTICE OF DEPOSITION OF**
          v.                          **PLAINTIFF AND COUNTER-**
14                                    **DEFENDANT MATTEL, INC.**
    CARTER BRYANT, an individual;
15  and DOES 1 through 10, inclusive, **[F.R.C.P. 30(b)(6)]**

16                  Defendant.        Date:      January 11, 2005
                                      Time:      9:30 a.m.
17                                    Place:     Littler Mendelson, PC
                                                 2049 Century Park East
18                                               Suite 500, Los Angeles
                                                 California 90067
19  CARTER BRYANT, on behalf of
    himself, all present and former
20  employees of Mattel, Inc., and the
    general public,
21
                    Counter-Claimant,
22
          v.
23
    MATTEL, INC., a Delaware
24  Corporation,

25                  Counter-Defendant.

26

27

28                                                              12/21

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT ___1___, PAGE ___3___

**TO PLAINTIFF MATTEL INC. AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant and Counter-Claimant Carter Bryant ("Bryant") in the above-captioned matter shall take the deposition of the Person(s) Most Knowledgeable from Plaintiff and Counter-Defendant Mattel, Inc. ("Plaintiff" or "Mattel") at the offices of Littler Mendelson, 2049 Century Park East, Fifth Floor, Los Angeles, California 90067, beginning at 9:30 a.m. on January 11, 2005. The deposition shall continue from day to day excluding Saturdays, Sundays and holidays, until completed. The deposition will be taken before an officer or other person duly authorized to administer oaths and shall be recorded by stenographic, sound and visual (videotape), and real-time transcription means.

Pursuant to Rule 30(b)(6), the deponent is directed to designate one or more officers, directors, managing agents or other individuals able to fully and completely testify on its behalf concerning the matters listed in Exhibit "A" attached hereto.

Dated: December 21, 2004

Respectfully submitted,

ROBERT F. MILLMAN
DOUGLAS A. WICKHAM
KEITH A. JACOBY

DOUGLAS A. WICKHAM
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
and Counter-Claimant
CARTER BRYANT

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1.

EXHIBIT ___1___, PAGE __4__

EXHIBIT A

# EXHIBIT A

## Definitions

1.     "You," "Your" and "Mattel" refer to Plaintiff Mattel, Inc. and its officers, directors, agents, employees and all individuals acting under its direction or control or on its behalf.

2.     "Complaint" means the complaint filed by Mattel against Bryant in the Superior Court of the State of California for the County of Los Angeles dated April 27, 2004.

3.     "Communication" means any oral or written transmittal or receipt of words or information, by whatever manner or means, and regardless of how or by whom the communication was initiated and shall include any contact between two or more persons, including but not limited to written contact by such means as letter, memorandum, telegram, telex, email, facsimile or any Document, and oral contact by such means as face-to-face meeting or telephone.

4.     "Concerning" means relating to, referring to, describing, discussing, mentioning, evidencing, or constituting.

5.     "Contract" and/or "Agreement" mean the contract or agreement itself, and any drafts thereof, together with all schedules, exhibits, attachments or addenda thereto and any amendments of the foregoing.

6.     "Document(s)" means all "WRITINGS" and "RECORDINGS," including, but not limited to, writings and records of every type and description including, but not limited to, notes (including notes made contemporaneously with meetings or conversations or thereafter), books, records, letters, telegrams, memoranda, electronic mail messages (including electronic mail messages stored on network or individual servers, hard drives, back up tapes or other storage media, collectively referred to as "e-mail"), reports, studies, speeches, calendars or diary entries, tabulations, data compilations, drawings, designs, sketches, paintings, artwork, graphs, charts, photographs, computer disks, backup tapes and diskettes and

2.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT ___1___, PAGE ___6___

1    other data compilations from which information can be obtained or tabulated through

2    detection devices into reasonably usable forms.  "Document" also includes

3    reproductions or film impressions of any of the aforementioned documents, tape

4    recordings and copies of documents, which are not identical duplicates of the originals

5    and copies of all documents of which the originals are not in the possession, custody

6    or control of Mattel.

7         7.    "Relate To" and "Relating To" mean in any way directly or

8    indirectly, concerning, referring to, pertaining to, mentioning, discussing, describing,

9    disclosing, confirming, supporting, evidencing, representing, or being connected with

10   a stated subject matter or any aspect thereof.

11        8.    "And" and "Or" mean either the conjunctive or the disjunctive as context

12   may require so that the meaning of the term is inclusive rather than exclusive.

13        9.    "Person" or "Persons" means any or all entities including, without

14   limitation, any or all individuals, single proprietorships, associations, companies,

15   firms, partnerships, joint ventures, corporations, employees or former employees, or

16   any other business, governmental or labor entity, and any division, departments or

17   other units thereof.

18        10.   "MGA" means and refers to MGA Entertainment, Inc., formerly known

19   as ABC International Traders, Inc. dba MGA Entertainment and Micro Games of

20   America, Inc., and each of its officers, directors, agents, and employees or any other

21   person acting on its behalf.

22        11.   "Bryant" means and refers to Defendant Carter Bryant and each of his

23   agents, employees or any other person acting on his behalf.

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0808

3.

EXHIBIT ___1___, PAGE ___7___

## DESIGNATED SUBJECTS OF TESTIMONY AT PERSONS MOST KNOWLEDGEABLE DEPOSITION

1. All Contracts, and the terms thereof, that You contend You had with Bryant.

2. All contractual and non-contractual duties and obligations Bryant owed or performed for Mattel during his employment with Mattel, and thereafter.

3. All of Bryant's acts or omissions which breached any contractual or non-contractual duty or obligation Bryant owed to Mattel.

4. All of Bryant's acts or omissions which breached any duties or obligations imposed by the Conflict of Interest Questionnaire and/or the Employee Confidential Information and Inventions Agreement.

5. All Mattel proprietary or confidential information Bryant had access to during his employment with Mattel.

6. All of Bryant's acts or omissions pursuant to which he aided, assisted and worked for a competitor of Mattel while employed by Mattel from 1995 to the present.

7. The services and property belonging to Mattel that Bryant provided to any third party, including MGA, from 1995 to the present.

8. All acts, omissions, circumstances and/or evidence showing, or tending to show, that any and all products of MGA, including but not limited to, any and all products sold under the trade name "Bratz," originated from, were derived from, are based upon, are copied or incorporated from, or are substantially or confusingly similar to, any design, research and developmental work, work in progress, or product owned at any time by Mattel or created by any Mattel employee, including but not limited to Bryant, or by any independent contractor during the time that such Person was working for Mattel.

9. All facts and circumstances showing the conception, origination, creation, development and/or reduction to practice of "Toon Teens."

4.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT ___1___, PAGE ___8___

1       10.    All facts and circumstances showing the conception, origination,

2  creation, development and/or reduction to practice of "My Scene Barbie" and each of

3  the other "My Scene" characters or dolls.

4       11.    All facts and circumstances showing the conception, origination,

5  creation, development and/or reduction to practice of "Diva Starz."

6       12.    All facts and circumstances showing the conception, origination,

7  creation, development and/or reduction to practice of "Mini Diva Starz."

8       13.    All acts, omissions, circumstances and/or evidence showing, or tending

9  to show, that any product sold at any time by MGA under the trade name "Bratz"

10  originated from, is derived from, is based on, copies, incorporates, or is substantially

11  or confusingly similar to any design or work product owned at any time by Mattel or

12  created by Bryant during the time Bryant was working for Mattel.

13       14.    All acts, omissions, circumstances and/or evidence showing, or tending

14  to show, that Mattel has been damaged or suffered any financial or other loss by any

15  act or omission of Bryant.

16       15.    All acts, omissions, circumstances and/or evidence showing, or tending

17  to show, when Mattel first became aware of any alleged wrongful conduct of Bryant.

18       16.    All acts, omissions, circumstances and/or evidence showing, or tending

19  to show, the manner and mode by which Mattel first became aware of any alleged

20  wrongful conduct of Bryant.

21       17.    All acts, omissions, circumstances and/or evidence showing, or tending

22  to show, when You first became aware that Bryant was involved in the conception,

23  creation, design and/or reduction to practice of Bratz.

24       18.    All acts, omissions, circumstances and/or evidence showing, or tending

25  to show, how You first became aware that Bryant was involved in the conception,

26  creation, design and/or reduction to practice of Bratz.

27       19.    All acts, omissions, circumstances and/or evidence showing, or tending

28  to show, all actions taken by You, including but not limited to all circumstances

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT \_\_\_\_, PAGE \_\_9\_\_

1  surrounding any investigations you have undertaken, relating to Bratz after You
2  learned that Bryant was involved in the conception, creation, design and/or reduction
3  to practice of Bratz.

4      20.    All acts, omissions, circumstances and/or evidence showing, or tending
5  to show, all actions taken by You, including but not limited to all circumstances
6  surrounding any investigations You have undertaken, relating to Bryant and any act or
7  omission of Bryant that breached any contractual or non-contractual duty or obligation
8  Bryant owed to Mattel.

9      21.    All Communications regarding Bryant's involvement in the conception,
10  creation, design and/or reduction to practice of Bratz from 1998 until the date of the
11  filing of the Complaint.

12      22.    All acts, omissions, circumstances and/or evidence showing, or tending
13  to show, that Bryant misappropriated Mattel property, including without limitation
14  intellectual property, at any time.

15      23.    All acts, omissions, circumstances and/or evidence showing, or tending
16  to show, that Bryant owed fiduciary duties to, or occupied a fiduciary relationship
17  with, Mattel.

18      24.    All acts, omissions, circumstances and/or evidence showing, or tending
19  to show, that prior to October 21, 2000, Mattel had any toy concept or project which
20  had not yet been offered for sale to the public, including without limitation, any toy
21  concept or project in the pre-production or development phase, that Bryant improperly
22  copied, replicated, borrowed or otherwise used in whole, or in any part, during or after
23  Bryant's employment with Mattel.

24      25.    All measures taken by Mattel including, without limitation, any legal
25  action brought or threatened to be brought (including in demand letters or other
26  notices), from 1998 to the present to achieve, or attempt to achieve, compliance with
27  or adherence to any or all of the terms and conditions of Mattel's "Employee
28  Confidential Information and Inventions Agreement" (including all forms or versions

6.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT ___1___, PAGE __10__

1   of that agreement) from 1998 to the present, and/or Mattel's "Conflict of Interest

2   Questionnaire" (including all forms or versions of that agreement) from 1998 to the

3   present.

4        26.    Communications, discussion, meetings, analyses and the decision-

5   making process regarding measures taken or contemplated by Mattel including,

6   without limitation, any legal action brought or threatened to be brought (including

7   demand letters or other notices) against Bryant including, without limitation, the filing

8   of the Complaint.

9        27.    Mattel's electronic mail system's ability to retrieve electronic mail

10   messages from any Mattel server, Mattel electronic mail archive tape, or hard drive

11   networked to the Mattel computer network, as that network existed from January 1998

12   to the present.

13        28.    Mattel's policies or procedures or practice in effect or use, from January

14   1998 to the present, regarding Document retention or destruction (including with

15   respect to e-mails), including without limitation, e-mail backup procedures and

16   policies; location of saved or backed-up e-mails, procedures for accessing saved or

17   backed-up e-mails; policies regarding deletion of e-mails; and Mattel's document

18   retention or destruction policies (including with respect to emails) when Mattel had

19   notice of a potential claim or lawsuit in each of the years 1998, 1999, 2000, 2001,

20   2002, 2003 and 2004.

21        29.    Mattel's policies, procedures and practices in effect or use, at any time

22   from January 1, 1998 to the present, regarding Document retention, deletion and

23   destruction (including with respect to electronic documents and e-mail), including

24   without limitation, e-mail backup policies, procedures and practices in effect or use;

25   location of saved or backed-up e-mails, procedures for accessing saved or backed-up

26   e-mails; policies, procedures and practices in effect or use regarding deletion of e-

27   mails; and policies, procedures and practices in effect or use regarding retention of e-

28   mails.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

7.

EXHIBIT ____1____, PAGE __11__

30.   All hardware and software used by Mattel at any time from January 1, 1998 to the present for Mattel's e-mail systems including, without limitation, all on-site and off-site back-up computer systems and files, exchange servers and computer storage space.

31.   The ability of Mattel to retrieve e-mail messages from any server, disk, drive, archive disk, tape, server or drive, storage disk, tape server or drive, individual computer hard drive, or any hard drive or server networked to any Mattel computer network, at any time from January 1, 1998 to the present.

32.   Mattel's policies, procedures and practices in effect or use, at any time from January 1, 1998 to the present, regarding Document retention, deletion or destruction (including with respect to e-mails and other electronic documents) when Mattel is aware of a potential claim or lawsuit in which it may be involved.

33.   Mattel's policies, procedures and practices in effect or use, at any time from January 1, 1998 to the present, regarding Document retention, deletion or destruction (including with respect to e-mails and other electronic documents) after Mattel began considering or analyzing any potential claim or lawsuit against MGA or Bryant regarding "Bratz" or other claim of any nature.

34.   Mattel's policies, procedures and practices in effect or use, at any time from January 1, 1998 to the present, regarding Document retention, deletion or destruction (including with respect to e-mails and other electronic documents) after Mattel began investigating facts pertaining to Bryant's involvement with MGA or "Bratz" or any claim of any nature, actual or potential, against Bryant.

35.   Mattel's policies, procedures and practices in effect or use, at any time from January 1, 1998 to the present, regarding Document retention, deletion or destruction  including with respect to e-mails and other electronic documents) after Mattel began investigating facts pertaining to the relationship, if any, between Bryant's involvement with MGA or "Bratz" and work or projects that Bryant may have seen during his employment with Mattel.

8.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT ____, PAGE 12

36.     Files (including human resources and legal files and files kept or maintained at business locations and personal residences), locations, offices, computers (including business, lap top and residence computers), warehouses, records centers, file rooms, archives, servers, storage facilities, back up or storage tapes, and any and other method and/or location for maintaining or storing Documents that were searched or reviewed by Mattel when searching for Documents responsive to Bryant's Request for Identification and Production of Documents and Tangible Things (Set One) including, without limitation, all efforts made and steps undertaken when searching for and producing Documents in a tangible, electronic, magnetic or any other form.

37.     The facts and circumstances surrounding the filing of the copyright registration for "Toon Teens, produced by Mattel as Document Control Nos. M0012564-65.

38.     The development of "Toon Teens," including Your decision to not offer "Toon Teens" for sale to the public.

39.     What actions, if any, You took with respect to the "Toon Teens" project after You decided not to offer this project for sale to the public.

40.     The current status of the "Toon Teens" project.

41.     All statements of Mattel or ex-Mattel employees in the July 2003 Wall Street Journal article (produced by Mattel to Bryant in the present case), including, without limitation, "Inside Mattel, some are convinced the Bratz borrow liberally from a Mattel project that was scrapped at the testing stage in 1998"; "But the Bratz' oversized heads -- with their pursed lips and cartoonist eyes -- are 'virtually identical' to the heads of the dolls her team created"; "Anyone who passed by [Lily Martinez's] cubicle would see the picture up on the wall"; and "The big heads, the big eyes, the big feet -- they were all the same [as the Bratz]."

42.     Documents produced by Mattel as Document Control Nos. M0012567-71.

9.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT ____, PAGE 13

1    43.    Documents produced by Mattel as Document Control Nos. M0012572-
2    78.

3    44.    Documents produced by Mattel as Document Control Nos. M0012579-
4    86.

5    45.    Documents produced by Mattel as Document Control Nos. M0012587.

6    46.    Documents produced by Mattel as Document Control Nos. M0012594-
7    617 and Nos. M0001558-81.

8    47.    Mattel's phone log system, and the maintenance, storage and ability to
9    retrieve phone logs from an individual extension, such as the log produced by Mattel
10   as Document Control Nos. M0001808-24, including Bryant's phone logs for
11   extension 6099 for October 2000.

12   48.    All board of director's meeting minutes that evidence, relate or refer to
13   Bryant from January 1998 to the present.

14   49.    All versions of the "Employee Confidential Information and Inventions
15   Agreement" used by Mattel since January 1, 1995 including, without limitation, the
16   "Employee Confidential Information and Inventions Agreement" produced by Mattel
17   as Document Control Nos. M0001638-39 and the "Employee Confidential
18   Information and Inventions Agreement" attached to the Complaint as Exhibit "A."

19   50.    All versions of the "Conflict of Interest Agreement" used by Mattel since
20   January 1, 1995 including, without limitation, the "Conflict of Interest Agreement"
21   produced by Mattel as Document Control Nos. M0001636-37 and the "Conflict of
22   Interest Agreement" attached to the Complaint as Exhibit "B."

23   51.    The "Proprietary Information Checkout" form produced by Mattel as
24   Document Control No. M0001597.

25   52.    All forms or other documents which Mattel has requested prospective
26   and actual employees to sign since January 1, 1995.

27   53.    All recording and tracking of the time spent by Bryant while working on
28   various Mattel projects.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

10.

EXHIBIT ___1___, PAGE __14__

54.     Bryant's "Job Summary" report, produced by Mattel as Document Control Nos. M001667-68.

55.     All acts, omissions, circumstances and/or evidence showing, or tending to show, that Bryant made affirmative misrepresentations to any and all Mattel employees upon his departure from Mattel.

56.     Bryant's "Exit Interview Report" dated October 19, 2000, produced by Mattel as Document Control No. M0001654.

Los_Angeles:388196.2 028307.1010

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2040 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

11.

## PROOF OF SERVICE BY MESSENGER

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Allstar Messenger Service, 345 South Figueroa Street, Suite 305, Los Angeles, California 90071. On December 21, 2004, I personally served:

**NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTER DEFENDANT MATTEL, INC.**

by delivering copies thereof to:

Michael T. Zeller, Esq.                    Diana M. Torres, Esq.
Quinn Emanuel Urquhart Oliver &            O'Melveny & Myers LLP
Hedges LLP                                 400 S. Hope Street, 10th Floor
865 S. Figueroa Street, 10th Floor         Los Angeles, CA 90071
Los Angeles, CA 90017

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 21, 2004, at Los Angeles, California.

_Marcus Robinson_ (signature)

MARCUS ROBINSON

Los_Angeles:388357.1 028307.1010

EXHIBIT ____ , PAGE __16

EXHIBIT 2

1   QUINN EMANUE  JRQUHART OLIVER & HEDG  , LLP
      John B. Quinn (Bar No. 90378)
2     Michael T. Zeller (Bar No. 196417)
      Jon D. Corey (Bar No. 185066)
3   865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017-2543
4   Tel.: (213) 443-3000
    Fax:  (213) 443-3100
5
    Attorneys for Plaintiff and Counter-Defendant
6   Mattel, Inc.

7

8                     UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11

12   MATTEL, INC., a Delaware corporation,  )  Case No. CV 04-09059 NM (RNBx)

13                  Plaintiff,                 )  MATTEL, INC.'S OBJECTIONS
                                                 AND RESPONSES TO
14         v.                                    DEFENDANT CARTER
                                                 BRYANT'S NOTICES OF
15   CARTER BRYANT, an individual                DEPOSITION OF MATTEL, INC.

16                  Defendant.

17                                               Hon. Nora M. Manella

18   CARTER BRYANT, on behalf of himself,
     all present and former employees of
19   Mattel, Inc., and the general public,

20                  Counterclaimant,

21         v.

22   MATTEL, INC., a Delaware corporation,

23                  Counter-defendant.

24

25

26

27

28

                                        OBJECTIONS TO 30(B)(6) NOTICES

EXHIBIT  2  , PAGE  17 12-29

## Preliminary Statement

Mattel has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has yet to receive all discovery from defendant Carter Bryant, defendant MGA Entertainment and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts or documents discovered or generated pursuant to subsequent investigation or discovery. Mattel's objections and responses to any of the Topics set forth in Bryant's Notices of Deposition of Mattel, Inc. (the "Notices") are not to be construed as a waiver of any of its objections or its right to object to any other Topic.

## General Objections

Mattel generally objects to the Notices and each of the Topics set forth in the Notices on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual Topic:

1.      Mattel objects to the Notices and the 65 Topics contained in the Notices on the grounds that they are overbroad, unduly burdensome, vague and harassing. The Notices fail to describe with reasonable particularity the matters on which examination is requested and, on their face, call for vast, undefined categories of information--spanning various five-year to ten-year time periods and without geographical limitation--that would potentially require dozens of witnesses to address.

2.      Mattel objects to the Notices and the Topics on the grounds that they are unduly burdensome, premature and vague and ambiguous in that they seek

-2-

EXHIBIT __2__, PAGE __18__

1  information unique within the possession, custody a control of defendants and

2  third parties within the control of defendants and is not known by Mattel at this

3  juncture, including because defendants refuse to disclose such information.

4          3.    Mattel objects to the Notices and the Topics on the grounds that

5  they seek the disclosure of information that is in the possession of independent parties

6  over whom Mattel has no control, or that is publicly available and hence equally

7  available to all parties to this litigation.

8          4.    Mattel objects to the Notices and the Topics on the grounds that

9  they seek to impose obligations upon Mattel beyond those required by the <u>Federal</u>

10 <u>Rules of Civil Procedure</u>.

11         5.    Mattel objects to the Notices and the Topics on the grounds that

12 they call for information that is not relevant to the subject matter of the pending

13 action, nor reasonably calculated to lead to the discovery of admissible evidence.

14         6.    Mattel objects to the Notices and the Topics on the grounds that

15 they call for the disclosure of information subject to the attorney-client privilege, the

16 attorney work-product doctrine and other applicable privileges, including without

17 limitation the privilege against disclosure of the identities and work product of

18 consulting experts. Such information will not be disclosed.

19         7.    Mattel objects to the Notices and the Topics on the grounds that

20 they call for disclosure of proprietary and/or confidential information. Such

21 information will be produced only pursuant to and in reliance upon a suitable

22 protective order.

23         8.    Mattel objects to the Notices and the Topics on the grounds that

24 they seek information whose production would violate the terms of agreements

25 entered into with third parties, or violate the intellectual, contractual, or other rights

26 of third parties.

27         9.    Mattel objects to the Notices and the Topics on the grounds that

28 the definition of "You" and "Mattel" is overbroad, vague and ambiguous.

-3-

OBJECTIONS TO 30(B)(6) NOTICES

EXHIBIT __2__, PAGE __19__

1    10.    Mattel objects to the times and places specified in the Notices.
2    Mattel will produce its witnesses for deposition in this matter at times and places, and
3    in a manner, that is reasonable, convenient and mutually agreed upon by the parties.

4

5    ## Specific Objections And Responses To First Notice

6    Each of the following objections and responses to the Notice of
7    Deposition of Mattel, Inc. and each of the 56 Topics set forth therein (the "First
8    Notice") is expressly made subject to the above Preliminary Statement and General
9    Objections, all of which are incorporated in each of the following objections and
10    responses to specific Topics.

11    1.    In addition to the general objections above, Mattel objects to
12    Topic No. 1 as overbroad, unduly burdensome and not reasonably calculated to lead
13    to the discovery of admissible evidence. Among other things, Topic No. 1 purports
14    to require Mattel to produce witnesses to testify as to "all Contracts" between Mattel
15    and Bryant (over the course of a five-year period) and "the terms thereof," including
16    as to such wholly irrelevant matters as health or dental insurance coverage, and fails
17    to describe with reasonable particularity the matters on which examination is
18    requested with respect to all such "Contracts" and their "terms." Mattel further
19    objects to Topic No. 1 on the grounds that such "Contracts" speak for themselves, and
20    their meaning, scope and effect are for the Court to determine as a matter of law.
21    Mattel further objects to Topic No. 1 on the grounds that it calls for the disclosure of
22    information protected by the attorney-client privilege and work product doctrine.

23    2.    In addition to the general objections above, Mattel objects to
24    Topic No. 2 as overbroad, unduly burdensome and not reasonably calculated to lead
25    to the discovery of admissible evidence. Among other things, Topic No. 2 purports
26    to require Mattel to produce witnesses to testify as to "all contractual and non-
27    contractual duties and obligations" that Bryant owed to Mattel at any time spanning
28    a nine-year period, including duties and obligations that have no relevance to this

-4-

EXHIBIT  2 , PAGE  20

1    suit, and fails to    ..scribe with reasonable particu. .ty the matters on which

2    examination is requested with respect to "all" such "duties and obligations." Mattel

3    further objects to Topic No. 2 on the grounds that it calls for the disclosure of

4    information protected by the attorney-client privilege and work product doctrine,

5    seeks legal opinion and is not reasonably calculated to lead to the discovery of

6    admissible evidence, including without limitation in that Bryant's "duties and

7    obligations" are matters of law.

8           3.    In addition to the general objections above, Mattel objects to

9    Topic No. 3 as overbroad, unduly burdensome and not reasonably calculated to lead

10   to the discovery of admissible evidence. Among other things, Topic No. 3 purports

11   to require Mattel to produce witnesses to testify as to "all of Bryant's acts or

12   omissions" that breached his "contractual and non-contractual" duties and obligations

13   to Mattel at any time spanning a nine-year time period and fails to describe with

14   reasonable particularity the matters on which examination is requested.  Mattel

15   further objects to Topic No. 3 on the grounds that it is premature, unduly burdensome

16   and harassing in that it calls for information uniquely known by defendants and by

17   third parties within defendants' control, but is not known by Mattel at this juncture,

18   including because defendants refuse to disclose the information to Mattel.  Mattel

19   further objects to Topic No. 3 on the grounds that it calls for the disclosure of

20   information protected by the attorney-client privilege and work product doctrine,

21   seeks legal opinion and is not reasonably calculated to lead to the discovery of

22   admissible evidence, including without limitation in that Bryant's "duties and

23   obligations" are matters of law.

24          4.    In addition to the general objections above, Mattel objects to

25   Topic No. 4 as overbroad, unduly burdensome and not reasonably calculated to lead

26   to the discovery of admissible evidence. Among other things, Topic No. 4 purports

27   to require Mattel to produce witnesses to testify as to "all of Bryant's acts or

28   omissions" that breached his agreements with Mattel at any time spanning a nine-year

-5-

OBJECTIONS TO 30(B)(6) NOTICES

EXHIBIT _2_, PAGE _21_

1  period and fails to describe with reasonable particu... .ity the matters on which

2  examination is requested.  Mattel further objects to Topic No. 4 on the grounds that

3  it is premature, unduly burdensome and harassing in that it calls for information

4  uniquely known by defendants and by third parties within defendants' control, but is

5  not known by Mattel at this juncture, including because defendants refuse to disclose

6  the information to Mattel.  Mattel further objects to Topic No. 4 on the grounds that

7  it calls for the disclosure of information protected by the attorney-client privilege and

8  work product doctrine, seeks legal opinion and is not reasonably calculated to lead

9  to the discovery of admissible evidence, including without limitation in that Bryant's

10  "duties or obligations" are matters of law.

11          5.   In addition to the general objections above, Mattel objects to

12  Topic No. 5 as overbroad, unduly burdensome, harassing and not reasonably

13  calculated to lead to the discovery of admissible evidence.  Among other things,

14  Topic No. 5 purports to require Mattel to produce witnesses to testify as to "[a]ll

15  Mattel proprietary or confidential information Bryant had access to" during his five

16  years of employment with Mattel, including as to matters not relevant to this suit, and

17  fails to describe with reasonable particularity the matters on which examination is

18  requested.  Bryant worked at Mattel's Design Center for years and therefore had

19  access to many thousands of Mattel projects and the confidential and proprietary

20  information associated with such projects.  Producing witnesses in response to this

21  Topic therefore necessarily would require producing witnesses to testify as to each

22  of these thousands of Mattel projects, and the myriad aspects of proprietary and

23  confidential information associated with each such project, during that five-year time

24  period.  Mattel further objects to Topic No. 5 on the grounds that it is unduly

25  burdensome and harassing in that it calls for information known to Bryant.  Mattel

26  further objects to Topic No. 5 on the grounds that it calls for the disclosure of

27  information protected by the attorney-client privilege and work product doctrine.

28

-6-

OBJECTIONS TO 30(B)(6) NOTICES

EXHIBIT __2__, PAGE __22__

6.     In addition to the general objections above, Mattel objects to Topic No. 6 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Among other things, Topic No. 6 purports to require Mattel to produce witnesses to testify as to "all of Bryant's acts or omissions" regarding his aid, assistance and work for any Mattel competitor "from 1995 to the present" and fails to describe with reasonable particularity the matters on which examination is requested.  Mattel further objects to Topic No. 6 on the grounds that it is premature, unduly burdensome and harassing in that it calls for information uniquely known by defendants and by third parties within defendants' control, but is not known by Mattel at this juncture, including because defendants refuse to disclose the information to Mattel.  Mattel further objects to Topic No. 6 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege and work product doctrine.

7.     In addition to the general objections above, Mattel objects to Topic No. 7 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Among other things, Topic No. 7 purports to require Mattel to produce witnesses to testify as to the "services and property belonging to Mattel that Bryant provided to any third party," including third parties not involved in this action, spanning a nine-year period and fails to describe with reasonable particularity the matters on which examination is requested.  Mattel further objects to Topic No. 7 on the grounds that it is premature, unduly burdensome and harassing in that it calls for information uniquely known by defendants and by third parties within defendants' control, but is not known by Mattel at this juncture, including because defendants refuse to disclose the information to Mattel.  Mattel further objects to Topic No. 7 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege and work product doctrine.

8.     In addition to the general objections above, Mattel objects to Topic No. 8 as overbroad, unduly burdensome, harassing and not reasonably

-7-

EXHIBIT __2__, PAGE __23__

1  calculated to lead to the discovery of admissible evidence.  Among other things,
2  Topic No. 8 purports to require Mattel to produce witnesses to testify as to "any and
3  all products of MGA" that "originated from, were derived from, are based upon, are
4  copied or incorporated from, or are substantially or confusingly similar" to the
5  innumerable properties created by "any" of Mattel's many thousands of employees
6  and independent contractors "at any time".  MGA has sold at least many hundreds of
7  products and has competed with Mattel's many thousands of products across
8  numerous product lines.  For these same reasons, Mattel further objects to Topic No.
9  8 on the grounds that it fails to describe with reasonable particularity the matters on
10 which examination is requested. Mattel further objects to Topic No. 8 on the grounds
11 that it is premature, unduly burdensome and harassing in that it calls for information
12 uniquely known by defendants and by third parties within defendants' control, but is
13 not known by Mattel at this juncture, including because defendants refuse to disclose
14 the information to Mattel.  Mattel further objects to Topic No. 8 on the grounds that
15 it calls for the disclosure of information protected by the attorney-client privilege and
16 work product doctrine.

17         9.      In addition to the general objections above, Mattel objects to
18 Topic No. 9 as overbroad, unduly burdensome and not reasonably calculated to lead
19 to the discovery of admissible evidence.  Mattel further objects to Topic No. 9 on the
20 grounds that it fails to describe with reasonable particularity the matters on which
21 examination is requested.  Mattel further objects to Topic No. 9 on the grounds that
22 it calls for the disclosure of information protected by the attorney-client privilege,
23 work product doctrine and privileges afforded consulting experts.

24         10.     In addition to the general objections above, Mattel objects to
25 Topic No. 10 as overbroad, unduly burdensome and not reasonably calculated to lead
26 to the discovery of admissible evidence.  Mattel further objects to Topic No. 10 on
27 the grounds that it fails to describe with reasonable particularity the matters on which
28 examination is requested. Mattel further objects to Topic No. 10 on the grounds that

-8-

OBJECTIONS TO 30(B)(6) NOTICES

EXHIBIT ___2___, PAGE ___24___

1  it calls for the disclosure of information protected by attorney-client privilege,

2  work product doctrine and privileges afforded consulting experts.

3      11.   In addition to the general objections above, Mattel objects to

4  Topic No. 11 as overbroad, unduly burdensome and not reasonably calculated to lead

5  to the discovery of admissible evidence. Mattel further objects to Topic No. 11 on

6  the grounds that it fails to describe with reasonable particularity the matters on which

7  examination is requested. Mattel further objects to Topic No. 11 on the grounds that

8  it calls for the disclosure of information protected by the attorney-client privilege,

9  work product doctrine and privileges afforded consulting experts.

10      12.   In addition to the general objections above, Mattel objects to

11  Topic No. 12 as overbroad, unduly burdensome and not reasonably calculated to lead

12  to the discovery of admissible evidence. Mattel further objects to Topic No. 12 on

13  the grounds that it fails to describe with reasonable particularity the matters on which

14  examination is requested. Mattel further objects to Topic No. 12 on the grounds that

15  it calls for the disclosure of information protected by the attorney-client privilege,

16  work product doctrine and privileges afforded consulting experts.

17      13.   In addition to the general objections above, Mattel objects to

18  Topic No. 13 as overbroad, unduly burdensome, harassing and not reasonably

19  calculated to lead to the discovery of admissible evidence.  Among other things,

20  Topic No. 13 purports to require Mattel to produce witnesses to testify as to each

21  Bratz "product sold at any time" that "originated from, is derived from, is based upon,

22  copies, incorporates, or is substantially or confusingly similar" to "any design or work

23  product" created by any of Mattel's many thousands of employees and independent

24  contractors.  For these same reasons, Mattel further objects to Topic No. 13 on the

25  grounds that it fails to describe with reasonable particularity the matters on which

26  examination is requested. Mattel further objects to Topic No. 13 on the grounds that

27  it is premature, unduly burdensome and harassing in that it calls for information

28  uniquely known by defendants and by third parties within defendants' control, but is

-9-

EXHIBIT __2__ , PAGE __25__

1    not known by Mattel at this juncture, including because defendants refuse to disclose

2    the information to Mattel. Mattel further objects to Topic No. 13 on the grounds that

3    it calls for the disclosure of information protected by the attorney-client privilege and

4    work product doctrine.

5            14.    In addition to the general objections above, Mattel objects to

6    Topic No. 14 as overbroad, unduly burdensome and not reasonably calculated to lead

7    to the discovery of admissible evidence. Mattel further objects to Topic No. 14 on

8    the grounds that it fails to describe with reasonable particularity the matters on which

9    examination is requested. Mattel further objects to Topic No. 14 on the grounds that

10    it is premature, unduly burdensome and harassing in that it calls for information

11    uniquely known by defendants and by third parties within defendants' control, but is

12    not known by Mattel at this juncture, including because defendants refuse to disclose

13    the information to Mattel. Mattel further objects to Topic No. 14 on the grounds that

14    it calls for the disclosure of information protected by the attorney-client privilege and

15    work product doctrine and the privileges afforded consulting experts. Mattel further

16    objects to Topic No. 14 in that it purports to require Mattel to produce witnesses to

17    marshal "evidence" in this case and therefore seeks to impose upon Mattel burdens

18    not permitted by the Rules. Mattel further objects to Topic No. 14 on the grounds

19    that it is premature in that it seeks to circumvent the Court's Rules and Orders

20    governing the timing, manner and sequence of expert disclosures.

21            15.    In addition to the general objections above, Mattel objects to

22    Topic No. 15 as vague, ambiguous and incomprehensible in seeking disclosure of

23    "[a]ll acts, omissions, circumstances and/or evidence showing, or tending to show,

24    when Mattel first became aware of any" wrongful act by Bryant. Mattel further

25    objects to Topic No. 15 as overbroad, unduly burdensome and not reasonably

26    calculated to lead to the discovery of admissible evidence, including in that Mattel's

27    first knowledge of "any" wrongful conduct by Bryant, regardless of its subject matter

28    or nature, is irrelevant to this action. Mattel further objects to Topic No. 15 on the

-10-

EXHIBIT _2_, PAGE _26_

1 | grounds that it is premature, unduly burdensome and harassing in that it requires

2 | knowledge of all of Bryant's wrongful acts in order to respond, but such information

3 | is uniquely known by defendants and by third parties within defendants' control, and

4 | is not known by Mattel at this juncture, including because defendants refuse to

5 | disclose the information to Mattel.  Mattel further objects to Topic No. 15 in that it

6 | purports to require Mattel to produce witnesses to marshal "evidence" in this case and

7 | therefore seeks to impose upon Mattel burdens not permitted by the Rules. Mattel

8 | further objects to Topic No. 15 on the grounds that it calls for the disclosure of

9 | information protected by the attorney-client privilege and work product doctrine and

10 | the privileges afforded consulting experts.

11 |        16.   In addition to the general objections above, Mattel objects to

12 | Topic No. 16 as vague, ambiguous and incomprehensible in seeking disclosure of

13 | "[a]ll acts, omissions, circumstances and/or evidence showing, or tending to show,

14 | the manner and mode by which Mattel first became aware of any" wrongful act by

15 | Bryant. Mattel further objects to Topic No. 16 as overbroad, unduly burdensome and

16 | not reasonably calculated to lead to the discovery of admissible evidence, including

17 | in that Mattel's knowledge of "any" wrongful conduct by Bryant, regardless of its

18 | subject matter or nature, is irrelevant to this action.  Mattel further objects to Topic

19 | No. 16 on the grounds that it is premature, unduly burdensome and harassing in that

20 | it requires knowledge of all of Bryant's wrongful acts in order to respond, but such

21 | information is uniquely known by defendants and by third parties within defendants'

22 | control, and is not known by Mattel at this juncture, including because defendants

23 | refuse to disclose the information to Mattel.   Mattel further objects to Topic No. 16

24 | in that it purports to require Mattel to produce witnesses to marshal "evidence" in this

25 | case and therefore seeks to impose upon Mattel burdens not permitted by the Rules.

26 | Mattel further objects to Topic No. 16 on the grounds that it calls for the disclosure

27 | of information protected by the attorney-client privilege and work product doctrine

28 | and the privileges afforded consulting experts.

-11-

EXHIBIT 2 , PAGE 27

17.   In addition to the general objections above, Mattel objects to Topic No. 17 as vague, ambiguous and incomprehensible in seeking disclosure of "[a]ll acts, omissions, circumstances and/or evidence showing, or tending to show, when You first became aware" of Bryant's involvement with Bratz. Mattel further objects to Topic No. 17 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, including in that its first knowledge of Bryant's involvement with Bratz is irrelevant to any claim or defense in this action.   Mattel further objects to Topic No. 17 in that it purports to require Mattel to produce witnesses to marshal "evidence" in this case and therefore seeks to impose upon Mattel burdens not permitted by the Rules. Mattel further objects to Topic No. 17 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege and work product doctrine and the privileges afforded consulting experts.

18.   In addition to the general objections above, Mattel objects to Topic No. 18 as duplicative of Topic No. 17 and hereby incorporates by this reference its specific objections to Topic No. 17 as though set forth at length.

19.   In addition to the general objections above, Mattel objects to Topic No. 19 as vague, ambiguous and incomprehensible in seeking disclosure of "[a]ll acts, omissions, circumstances and/or evidence showing, or tending to show, all actions taken by You" relating to Bratz. Mattel further objects to Topic No. 19 as overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence.   Among other things, Topic No. 19 seeks disclosure, without identifying the matters on which examination is requested with reasonable particularity, of "all actions" that Mattel has taken relating to Bratz, and therefore necessarily encompasses information regarding the numerous Mattel products that compete with Bratz. Mattel further objects to Topic No. 19 in that it seeks information that is publicly available and hence equally available to all parties to this litigation. Mattel further objects to Topic No. 19 in that it purports to require

-12-

EXHIBIT ___2___ , PAGE __28__

1 | Mattel to produce witnesses to marshal "evidence" in the case and therefore seeks

2 | to impose upon Mattel burdens not permitted by the Rules. Mattel further objects to

3 | Topic No. 19 on the grounds that it calls for the disclosure of information protected

4 | by the attorney-client privilege and work product doctrine and the privileges afforded

5 | consulting experts.

6 |       20.   In addition to the general objections above, Mattel objects to

7 | Topic No. 20 as vague, ambiguous and incomprehensible in seeking disclosure of

8 | "[a]ll acts, omissions, circumstances and/or evidence showing, or tending to show,

9 | all actions taken by Your" relating to Bryant or any of Bryant's breaches of "any

10 | contractual or non-contractual duty or obligation" that Bryant owed to Mattel. Mattel

11 | further objects to Topic No. 20 as overbroad, unduly burdensome and not reasonably

12 | calculated to lead to the discovery of admissible evidence, including in that it seeks

13 | information that is irrelevant to this action.   Mattel further objects to Topic No. 20

14 | in that it purports to require Mattel to produce witnesses to marshal "evidence" in this

15 | case and therefore seeks to impose upon Mattel burdens not permitted by the Rules.

16 | Mattel further objects to Topic No. 20 on the grounds that it calls for the disclosure

17 | of information protected by the attorney-client privilege and work product doctrine

18 | and the privileges afforded consulting experts.

19 |       21.   In addition to the general objections above, Mattel objects to

20 | Topic No. 21 as overbroad, unduly burdensome and not reasonably calculated to lead

21 | to the discovery of admissible evidence. Among other things, Topic No. 21 purports

22 | to require Mattel to produce witnesses to testify about "[a]ll communications,"

23 | including communications to which Mattel was not a party, regarding Bryant's

24 | involvement with Bratz and fails to describe with reasonable particularity the

25 | information sought. Mattel further objects to Topic No. 21 on the grounds that it calls

26 | for the disclosure of information protected by the attorney-client privilege and work

27 | product doctrine and the privileges afforded consulting experts.

28 |

-13-

OBJECTIONS TO 30(B)(6) NOTICES

EXHIBIT __2__, PAGE __29__

22.    ⸺ addition to the general objection. above, Mattel objects to Topic No. 22 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Among other things, Topic No. 22 purports to require Mattel to produce witnesses to testify as to Bryant's misappropriation of Mattel property "at any time" and fails to describe with reasonable particularity the matters on which examination is requested. Mattel further objects to Topic No. 22 on the grounds that it is premature, unduly burdensome and harassing in that it calls for information uniquely known by defendants and by third parties within defendants' control, but is not known by Mattel at this juncture, including because defendants refuse to disclose the information to Mattel. Mattel further objects to Topic No. 22 in that it purports to require Mattel to produce witnesses to marshal "evidence" in this case and therefore seeks to impose upon Mattel burdens not permitted by the Rules. Mattel further objects to Topic No. 22 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege and work product doctrine and the privileges afforded consulting experts.

23.    In addition to the general objections above, Mattel objects to Topic No. 23 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to Topic No. 23 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested. Mattel further objects to Topic No. 23 in that it purports to require Mattel to produce witnesses to provide legal opinions and marshal "evidence" in this case and therefore seeks to impose upon Mattel burdens not permitted by the Rules. Mattel further objects to Topic No. 23 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege, work product doctrine and privileges afforded consulting experts.

24.    In addition to the general objections above, Mattel objects to Topic No. 24 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to Topic No. 24 on

-14-

EXHIBIT __2__, PAGE __30__

1  the grounds that it f    s to describe with reasonable parti    arity the matters on which

2  examination is requested. Mattel further objects to Topic No. 24 on the grounds that

3  it is premature, unduly burdensome and harassing in that it calls for information

4  uniquely known by defendants and by third parties within defendants' control, but is

5  not known by Mattel at this juncture, including because defendants refuse to disclose

6  the information to Mattel. Mattel further objects to Topic No. 24 in that it purports

7  to require Mattel to produce witnesses to provide legal opinions and marshal

8  "evidence" in this case and therefore seeks to impose upon Mattel burdens not

9  permitted by the <u>Rules</u>. Mattel further objects to Topic No. 24 on the grounds that

10  it calls for the disclosure of information protected by the attorney-client privilege,

11  work product doctrine and privileges afforded consulting experts.

12          25.    In addition to the general objections above, Mattel objects to

13  Topic No. 25 on the grounds that it calls for the disclosure of information protected

14  by the attorney-client privilege, work product doctrine and privileges afforded

15  consulting experts and protected by the absolute litigation privilege, including

16  without limitation in seeking disclosure of "all measures taken by Mattel," including

17  "legal action." Mattel further objects to Topic No. 25 as vague, overbroad, unduly

18  burdensome and not reasonably calculated to lead to the discovery of admissible

19  evidence. Among other things, Topic No. 25 purports to require testimony on "[a]ll"

20  of the many "measures" Mattel has taken over the past seven years as to multiple

21  agreements with its thousands of employees and former employees, including as to

22  agreements that Bryant was not a party to and during time periods that he was not a

23  Mattel employee, and further fails to describe with reasonable particularity the

24  matters on which examination is requested.

25          26.    In addition to the general objections above, Mattel objects to

26  Topic No. 26 on the grounds that it calls for the disclosure of information protected

27  by the attorney-client privilege, work product doctrine and privileges afforded

28  consulting experts, including without limitation in seeking disclosure of attorney

-15-

OBJECTIONS TO 30(B)(6) NOTICES

EXHIBIT ___2___, PAGE ___31___

1   "communications," ..ttorney "analyses" and attorney ..ecision-making process"

2   involved in bringing this action.   Mattel further objects to Topic No. 26 as

3   incomprehensible, vague, overbroad, unduly burdensome and not reasonably

4   calculated to lead to the discovery of admissible evidence.   Among other things,

5   Topic No. 26 purports to require testimony on any "measures taken or contemplated

6   by Mattel" during some unspecified time frame as to some unspecified subject that

7   merely "include[s]" legal action against Bryant and further fails to describe with

8   reasonable particularity the matters on which examination is requested.

9          27.   In addition to the general objections above, Mattel objects to

10  Topic No. 27 on the grounds that it is vague, ambiguous, unduly burdensome, not

11  reasonably calculated to lead to the discovery of admissible evidence and harassing.

12  Among other things, Topic No. 27 purports to require testimony on "the ability of

13  Mattel to retrieve e-mail messages" over the course of a seven-year time period,

14  including with respect to any of the innumerable computers "networked" to any of

15  Mattel's thousands of computers worldwide, and even as to whether a given

16  individual employee has the ability to retrieve e-mail remotely (such as through a

17  Blackberry) or if a particular Mattel employee's home computer has access to Mattel's

18  e-mail systems.   Moreover, not only does Topic No. 27 purport to seek information

19  relating to time periods that Bryant was not employed by Mattel and thus to

20  generations of hardware and software not in use when Bryant was employed by

21  Mattel, but seeks information that is irrelevant for the further reason that Bryant

22  himself claimed at deposition that he did not use Mattel's email systems or computers

23  in connection with his work for MGA or on Bratz.   For these same reasons, Mattel

24  further objects to this Topic on the grounds that it fails to describe with reasonable

25  particularity the matters on which examination is requested.   Mattel further objects

26  to Topic No. 27 on the grounds that it calls for the disclosure of information protected

27  by the attorney-client privilege, work product doctrine and privileges afforded

28  consulting experts.

-16-

EXHIBIT __2__, PAGE __32__

28. addition to the general objection above, Mattel objects to Topic No. 28 on the grounds that it is vague, ambiguous, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and harassing. Among other things, Topic No. 28 purports to require testimony on undefined "policies, procedures and practices in effect or use" over a seven-year time period, regardless of the categories or subject matter of the "documents" involved. It also purports to encompass the individual practices of any of Mattel's many thousands of employees worldwide (as well as the practices of any of Mattel's agents or even vendors) and purports to encompass any "potential claim or lawsuit" involving Mattel, regardless of its nature or subject and whether or not such claim or lawsuit is at issue in this case. Moreover, not only does Topic No. 28 purport to seek information relating to time periods that Bryant was not employed by Mattel, but seeks information that is irrelevant for the further reason that Bryant himself claimed at deposition that he did not use Mattel's email systems or computers in connection with his work for MGA or on Bratz. For these same reasons, Mattel further objects to this Topic on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested. Mattel further objects to Topic No. 28 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege, work product doctrine and privileges afforded consulting experts.

29. In addition to the general objections above, Mattel objects to Topic No. 29 on the grounds that it is vague, ambiguous, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and harassing. Among other things, Topic No. 29 purports to require testimony on undefined "policies, procedures and practices in effect or use" over a seven-year time period, regardless of the categories or subject matter of the "documents" involved. It also purports to encompass the individual practices of any of Mattel's many thousands of employees worldwide, as well as the practices of any of Mattel's agents or even vendors). Moreover, not only does Topic No. 29 purport to seek information relating

-17-

OBJECTIONS TO 30(B)(6) NOTICES

EXHIBIT _2_, PAGE _33_

1 to time periods that Bryant was not employed by Mattel, but seeks information that

2 is irrelevant for the further reason that Bryant himself claimed at deposition that he

3 did not use Mattel's email systems or computers in connection with his work for

4 MGA or on Bratz. For these same reasons, Mattel further objects to this Topic on the

5 grounds that it fails to describe with reasonable particularity the matters on which

6 examination is requested. Mattel further objects to Topic No. 29 on the grounds that

7 it calls for the disclosure of information protected by the attorney-client privilege,

8 work product doctrine and privileges afforded consulting experts.

9           30.     In addition to the general objections above, Mattel objects to

10 Topic No. 30 on the grounds that it is vague, ambiguous, unduly burdensome, not

11 reasonably calculated to lead to the discovery of admissible evidence and harassing.

12 Among other things, Topic No. 30 purports to require testimony on the several

13 generations of "[a]ll hardware and software used" by Mattel's many thousands of

14 employees worldwide over a seven-year time period. Moreover, not only does Topic

15 No. 30 purport to seek information relating to time periods that Bryant was not

16 employed by Mattel, but seeks information that is irrelevant for the further reason that

17 Bryant himself claimed at deposition that he did not use Mattel's email systems or

18 computers in connection with his work for MGA or on Bratz. For these same

19 reasons, Mattel further objects to this Topic on the grounds that it fails to describe

20 with reasonable particularity the matters on which examination is requested. Mattel

21 further objects to Topic No. 30 on the grounds that it calls for the disclosure of

22 information protected by the attorney-client privilege, work product doctrine and

23 privileges afforded consulting experts.

24           31.     In addition to the general objections above, Mattel objects to

25 Topic No. 31 on the grounds that it is vague, ambiguous, unduly burdensome, not

26 reasonably calculated to lead to the discovery of admissible evidence and harassing.

27 Among other things, Topic No. 31 purports to require testimony on "the ability of

28 Mattel to retrieve e-mail messages" from its thousands of computers and other storage

-18-

OBJECTIONS TO 30(B)(6) NOTICES

EXHIBIT 2 , PAGE 34

1   devices worldwide over the course of a seven-year time period, as well as from any
2   of the innumerable computers "networked" to any of Mattel's thousands of computers
3   worldwide, and even as to whether a given individual employee has the ability to
4   retrieve e-mail remotely (such as through a Blackberry) or if a particular Mattel
5   employee's home computer has access to Mattel's e-mail systems.  Moreover, not
6   only does Topic No. 31 purport to seek information relating to time periods that
7   Bryant was not employed by Mattel and thus to generations of hardware and software
8   not in use when Bryant was employed by Mattel, but seeks information that is
9   irrelevant for the further reason that Bryant himself claimed at deposition that he did
10   not use Mattel's email systems or computers in connection with his work for MGA
11   or on Bratz.  For these same reasons, Mattel further objects to this Topic on the
12   grounds that it fails to describe with reasonable particularity the matters on which
13   examination is requested.  Mattel further objects to Topic No. 31 on the grounds that
14   it calls for the disclosure of information protected by the attorney-client privilege,
15   work product doctrine and privileges afforded consulting experts.

16           32.    In addition to the general objections above, Mattel objects to
17   Topic No. 32 on the grounds that it is vague, ambiguous, unduly burdensome, not
18   reasonably calculated to lead to the discovery of admissible evidence and harassing.
19   Among other things, Topic No. 32 purports to require testimony on undefined
20   "policies, procedures and practices in effect or use" over a seven-year time period,
21   regardless of the categories or subject matter of the "documents" involved.  It also
22   purports to encompass the individual practices of any of Mattel's many thousands of
23   employees worldwide (as well as the practices of any of Mattel's agents or even
24   vendors) and purports to encompass any "potential claim or lawsuit" involving
25   Mattel, regardless of its nature or subject, regardless of the other parties to such suit
26   or "potential" claim and whether or not such claim or lawsuit is at issue in this case.
27   Moreover, not only does Topic No. 32 purport to seek information relating to time
28   periods that Bryant was not employed by Mattel, but seeks information that is

-19-

EXHIBIT _2_, PAGE _35_

1    irrelevant for the fu____ er reason that Bryant himself clai____ l at deposition that he did

2    not use Mattel's email systems or computers in connection with his work for MGA

3    or on Bratz.  For these same reasons, Mattel further objects to this Topic on the

4    grounds that it fails to describe with reasonable particularity the matters on which

5    examination is requested.  Mattel further objects to Topic No. 32 on the grounds that

6    it calls for the disclosure of information protected by the attorney-client privilege,

7    work product doctrine and privileges afforded consulting experts.

8            33.    In addition to the general objections above, Mattel objects to

9    Topic No. 33 on the grounds that it is vague, ambiguous, unduly burdensome, not

10   reasonably calculated to lead to the discovery of admissible evidence and harassing.

11   Among other things, Topic No. 33 purports to require testimony on undefined

12   "policies, procedures and practices in effect or use" over a seven-year time period,

13   regardless of the categories or subject matter of the "documents" involved, and

14   relating to any "claim of any nature" relating to Bratz against MGA or Bryant,

15   regardless of whether such claim is at issue in this case.  It also purports to encompass

16   the individual practices of any of Mattel's many thousands of employees worldwide

17   (as well as the practices of any of Mattel's agents or even vendors) and purports to

18   encompass any "potential claim or lawsuit" involving Mattel, regardless of its nature

19   or subject and whether or not such claim or lawsuit is at issue in this case.  Moreover,

20   not only does Topic No. 33 purport to seek information relating to time periods that

21   Bryant was not employed by Mattel, but seeks information that is irrelevant for the

22   further reason that Bryant himself claimed at deposition that he did not use Mattel's

23   email systems or computers in connection with his work for MGA or on Bratz.  For

24   these same reasons, Mattel further objects to this Topic on the grounds that it fails to

25   describe with reasonable particularity the matters on which examination is requested.

26   Mattel further objects to Topic No. 33 on the grounds that it calls for the disclosure

27   of information protected by the attorney-client privilege, work product doctrine and

28   privileges afforded consulting experts.

-20-

OBJECTIONS TO 30(B)(6) NOTICES

EXHIBIT ____2____, PAGE ___3b___

34.  . addition to the general objecti   above, Mattel objects to
Topic No. 34 on the grounds that it is vague, ambiguous, unduly burdensome, not
reasonably calculated to lead to the discovery of admissible evidence and harassing.
Among other things, Topic No. 34 purports to require testimony on undefined
"policies, procedures and practices in effect or use" over a seven-year time period,
regardless of the categories or subject matter of the "documents" involved, and
relating to any "claim of any nature" against MGA or Bryant, regardless of whether
such claim is at issue in this case.  It also purports to encompass the individual
practices of any of Mattel's many thousands of employees worldwide (as well as the
practices of any of Mattel's agents or even vendors) and purports to encompass any
"actual or potential" claim, regardless of its nature or subject, regardless of whether
such claim has been brought and whether or not such claim is at issue in this case.
Moreover, not only does Topic No. 34 purport to seek information relating to time
periods that Bryant was not employed by Mattel, but seeks information that is
irrelevant for the further reason that Bryant himself claimed at deposition that he did
not use Mattel's email systems or computers in connection with his work for MGA
or on Bratz.  For these same reasons, Mattel further objects to this Topic on the
grounds that it fails to describe with reasonable particularity the matters on which
examination is requested. Mattel further objects to Topic No. 34 on the grounds that
it calls for the disclosure of information protected by the attorney-client privilege,
work product doctrine and privileges afforded consulting experts.

35.    In addition to the general objections above, Mattel objects to
Topic No. 35 on the grounds that it is vague, ambiguous, unduly burdensome, not
reasonably calculated to lead to the discovery of admissible evidence and harassing.
Among other things, Topic No. 35 purports to require testimony on undefined
"policies, procedures and practices in effect or use" over a seven-year time period,
regardless of the categories or subject matter of the "documents" involved, and
relating to any of the many thousands of "works or projects" that Bryant "may have

-21-

EXHIBIT __2__ , PAGE __37__

1  seen" while employ    by Mattel, regardless of whethe.    ich work or project is at

2  issue in this case.  It also purports to encompass the individual practices of any of

3  Mattel's many thousands of employees worldwide (as well as the practices of any of

4  Mattel's agents or even vendors).  Moreover, not only does Topic No. 35 purport to

5  seek information relating to time periods that Bryant was not employed by Mattel, but

6  seeks information that is irrelevant for the further reason that Bryant himself claimed

7  at deposition that he did not use Mattel's email systems or computers in connection

8  with his work for MGA or on Bratz.  For these same reasons, Mattel further objects

9  to this Topic on the grounds that it fails to describe with reasonable particularity the

10 matters on which examination is requested.  Mattel further objects to Topic No. 35

11 on the grounds that it calls for the disclosure of information protected by the attorney-

12 client privilege, work product doctrine and privileges afforded consulting experts.

13      36.    In addition to the general objections above, Mattel objects to

14 Topic No. 36 on the grounds that it calls for the disclosure of information protected

15 by the attorney-client privilege, work product doctrine and privileges afforded

16 consulting experts.  Mattel further objects to Topic No. 36 on the grounds that it is

17 vague and ambiguous, unduly burdensome, not reasonably calculated to lead to the

18 discovery of admissible evidence and harassing.  Mattel further objects to Topic No.

19 36 on the grounds that it fails to describe with reasonable particularity the matters on

20 which examination is requested.

21      37.    In addition to the general objections above, Mattel objects to

22 Topic No. 37 on the grounds that it calls for the disclosure of information protected

23 by the attorney-client privilege, work product doctrine and privileges afforded

24 consulting experts.  Mattel further objects to Topic No. 37 on the grounds that it is

25 vague and ambiguous, unduly burdensome, not reasonably calculated to lead to the

26 discovery of admissible evidence and harassing.  Mattel further objects to this Topic

27 on the grounds that it fails to describe with reasonable particularity the matters on

28 which examination is requested.

-22-

EXHIBIT __2__, PAGE __38__

1   38.   . addition to the general objectic   above, Mattel objects to

2   Topic No. 38 as overbroad, unduly burdensome and not reasonably calculated to lead

3   to the discovery of admissible evidence.  Mattel further objects to Topic No. 38 on

4   the grounds that it fails to describe with reasonable particularity the matters on which

5   examination is requested.  Mattel further objects to Topic No. 38 on the grounds that

6   it calls for the disclosure of information protected by the attorney-client privilege,

7   work product doctrine and privileges afforded consulting experts.

8   39.   In addition to the general objections above, Mattel objects to

9   Topic No. 39 as vague and ambiguous in its use of "actions" and is overbroad, unduly

10  burdensome and not reasonably calculated to lead to the discovery of admissible

11  evidence.  Mattel further objects to Topic No. 39 on the grounds that it fails to

12  describe with reasonable particularity the matters on which examination is requested.

13  Mattel further objects to Topic No. 39 on the grounds that it calls for the disclosure

14  of information protected by the attorney-client privilege, work product doctrine and

15  privileges afforded consulting experts.

16  40.   In addition to the general objections above, Mattel objects to

17  Topic No. 40 as overbroad, unduly burdensome and not reasonably calculated to lead

18  to the discovery of admissible evidence.  Mattel further objects to Topic No. 40 on

19  the grounds that it fails to describe with reasonable particularity the matters on which

20  examination is requested.  Mattel further objects to Topic No. 40 on the grounds that

21  it calls for the disclosure of information protected by the attorney-client privilege,

22  work product doctrine and privileges afforded consulting experts.

23  41.   In addition to the general objections above, Mattel objects to

24  Topic No. 41 as overbroad, unduly burdensome and not reasonably calculated to lead

25  to the discovery of admissible evidence.  Mattel further objects to Topic No. 41 on

26  the grounds that it fails to describe with reasonable particularity the matters on which

27  examination is requested and purports to require Mattel to produce witnesses to

28  testify about putative statements made to the press by former, unnamed employees.

-23-

OBJECTIONS TO 30(B)(6) NOTICES

EXHIBIT ___2___, PAGE ___39___

1    Mattel further objects to Topic No. 41 in that it misstates the contents of the *Wall*

2    *Street Journal* article, in that the alleged statements quoted in Topic No. 41 from the

3    article were not attributed to current Mattel employees as Topic No. 41 incorrectly

4    suggests, but to unnamed, former employees. Mattel further objects to Topic No. 41

5    on the grounds that it calls for the disclosure of information protected by the attorney-

6    client privilege, work product doctrine and privileges afforded consulting experts.

7         42.    In addition to the general objections above, Mattel objects to

8    Topic No. 42 as overbroad, unduly burdensome and not reasonably calculated to lead

9    to the discovery of admissible evidence. Mattel further objects to Topic No. 42 on

10    the grounds that it fails to describe with reasonable particularity the matters on which

11    examination is requested. Mattel further objects to Topic No. 42 on the grounds that

12    it calls for the disclosure of information protected by the attorney-client privilege,

13    work product doctrine and privileges afforded consulting experts.

14         43.    In addition to the general objections above, Mattel objects to

15    Topic No. 43 as overbroad, unduly burdensome and not reasonably calculated to lead

16    to the discovery of admissible evidence. Mattel further objects to Topic No. 43 on

17    the grounds that it fails to describe with reasonable particularity the matters on which

18    examination is requested. Mattel further objects to Topic No. 43 on the grounds that

19    it calls for the disclosure of information protected by the attorney-client privilege,

20    work product doctrine and privileges afforded consulting experts.

21         44.    In addition to the general objections above, Mattel objects to

22    Topic No. 44 as overbroad, unduly burdensome and not reasonably calculated to lead

23    to the discovery of admissible evidence. Mattel further objects to Topic No. 44 on

24    the grounds that it fails to describe with reasonable particularity the matters on which

25    examination is requested. Mattel further objects to Topic No. 44 on the grounds that

26    it calls for the disclosure of information protected by the attorney-client privilege,

27    work product doctrine and privileges afforded consulting experts.

28

OBJECTIONS TO 30(B)(6) NOTICES

EXHIBIT ___2___, PAGE __40__

45.    In addition to the general objections above, Mattel objects to Topic No. 45 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel further objects to Topic No. 45 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested.  Mattel further objects to Topic No. 45 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege, work product doctrine and privileges afforded consulting experts.

46.    In addition to the general objections above, Mattel objects to Topic No. 46 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel further objects to Topic No. 46 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested.  Mattel further objects to Topic No. 46 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege, work product doctrine and privileges afforded consulting experts.

47.    In addition to the general objections above, Mattel objects to Topic No. 47 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, including without limitation in that it fails to specify any time period.  Mattel further objects to Topic No. 47 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested.  Mattel further objects to Topic No. 47 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege, work product doctrine and privileges afforded consulting experts.

48.    In addition to the general objections above, Mattel objects to Topic No. 48 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel further objects to Topic No. 48 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested.  Mattel further objects to Topic No. 48 on the grounds that

-25-

EXHIBIT ___2___ , PAGE ___41___

1   it calls for the disc_____ure of information protected by _ attorney-client privilege,

2   work product doctrine and privileges afforded consulting experts.

3        49.   In addition to the general objections above, Mattel objects to

4   Topic No. 49 as overbroad, unduly burdensome and not reasonably calculated to lead

5   to the discovery of admissible evidence. Among other things, Topic No. 49 purports

6   to require Mattel to produce witnesses to testify about unspecified matters relating to

7   "[a]ll versions" of contracts that Mattel has entered into with its thousands of

8   employees worldwide over a ten-year period, including such contracts to which

9   Bryant was not a party. For these same reasons, Mattel objects to Topic No. 49 on

10  the grounds that it fails to describe with reasonable particularity the matters on which

11  examination is requested. Mattel further objects to Topic No. 49 on the grounds that

12  the referenced contracts speak for themselves, and their meaning, scope and effect are

13  for the Court to determine as a matter of law. Mattel further objects to Topic No. 49

14  on the grounds that it calls for the disclosure of information protected by the attorney-

15  client privilege, work product doctrine and privileges afforded consulting experts.

16       50.   In addition to the general objections above, Mattel objects to

17  Topic No. 50 as overbroad, unduly burdensome and not reasonably calculated to lead

18  to the discovery of admissible evidence. Among other things, Topic No. 50 purports

19  to require Mattel to produce witnesses to testify about unspecified matters relating to

20  "[a]ll versions" of agreements that Mattel has entered into with its thousands of

21  employees worldwide over a ten-year period, including such agreements to which

22  Bryant was not a party. For these same reasons, Mattel objects to Topic No. 50 on

23  the grounds that it fails to describe with reasonable particularity the matters on which

24  examination is requested. Mattel further objects to Topic No. 50 on the grounds that

25  the referenced contracts speak for themselves, and their meaning, scope and effect are

26  for the Court to determine as a matter of law. Mattel further objects to Topic No. 50

27  on the grounds that it calls for the disclosure of information protected by the attorney-

28  client privilege, work product doctrine and privileges afforded consulting experts.

-26-

EXHIBIT __2__, PAGE __42__

51.     . addition to the general objectic    above, Mattel objects to Topic No. 51 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to Topic No. 51 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested. Mattel further objects to Topic No. 51 on the grounds that the referenced contracts speak for themselves, and their meaning, scope and effect are for the Court to determine as a matter of law. Mattel further objects to Topic No. 51 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege, work product doctrine and privileges afforded consulting experts.

52.     In addition to the general objections above, Mattel objects to Topic No. 52 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Among other things, Topic No. 52 purports to require Mattel to produce witnesses to testify about unspecified matters relating to unspecified "forms or other documents" signed by many thousands of "prospective and actual employees" over a ten-year period, including such forms (such as those relating to health insurance) that have no relevance to this case and including such forms that Bryant never saw or signed. For these same reasons, Mattel objects to Topic No. 52 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested. Mattel further objects to Topic No. 52 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege, work product doctrine and privileges afforded consulting experts.

53.     In addition to the general objections above, Mattel objects to Topic No. 53 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to Topic No. 53 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested. Mattel further objects to Topic No. 53 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege, work product doctrine and privileges afforded consulting experts.

-27-

EXHIBIT ___2___, PAGE __43__

54.    In addition to the general objection above, Mattel objects to Topic No. 54 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to Topic No. 54 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested. Mattel further objects to Topic No. 54 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege, work product doctrine and privileges afforded consulting experts.

55.    In addition to the general objections above, Mattel objects to Topic No. 55 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to Topic No. 55 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested. Mattel further objects to Topic No. 55 in that it purports to require Mattel to produce witnesses to marshal "evidence" in this case and therefore seeks to impose upon Mattel burdens not permitted by the Rules. Mattel further objects to Topic No. 55 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege, work product doctrine and privileges afforded consulting experts.

56.    In addition to the general objections above, Mattel objects to Topic No. 56 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to Topic No. 56 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested. Mattel further objects to Topic No. 56 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege, work product doctrine and privileges afforded consulting experts.

## Specific Objections And Responses To Second Notice

Each of the following objections and responses to the Notice of Deposition of Mattel, Inc. and each of the nine Topics set forth therein (the "Second

-28-

EXHIBIT ___2___, PAGE __44__

1 | Notice") is expressly made subject to the above Preliminary Statement and General

2 | Objections, all of which are incorporated in each of the following objections and

3 | responses to specific Topics.

4 |         1.       In addition to the general objections above, Mattel objects to

5 | Topic No. 1 of the Second Notice as duplicative of Topic No. 29 of the First Notice,

6 | and hereby incorporates by this reference its specific objections to Topic No. 29 of

7 | the First Notice as though set forth at length.

8 |         2.       In addition to the general objections above, Mattel objects to

9 | Topic No. 2 of the Second Notice as duplicative of Topic No. 30 of the First Notice,

10 | and hereby incorporates by this reference its specific objections to Topic No. 30 of

11 | the First Notice as though set forth at length.

12 |         3.       In addition to the general objections above, Mattel objects to

13 | Topic No. 3 of the Second Notice as duplicative of Topic No. 31 of the First Notice,

14 | and hereby incorporates by this reference its specific objections to Topic No. 31 of the

15 | First Notice as though set forth at length.

16 |         4.       In addition to the general objections above, Mattel objects to

17 | Topic No. 4 of the Second Notice as duplicative of Topic No. 32 of the First Notice,

18 | and hereby incorporates by this reference its specific objections to Topic No. 32 of

19 | the First Notice as though set forth at length.

20 |         5.       In addition to the general objections above, Mattel objects to

21 | Topic No. 5 of the Second Notice as duplicative of Topic No. 33 of the First Notice,

22 | and hereby incorporates by this reference its specific objections to Topic No. 33 of

23 | the First Notice as though set forth at length.

24 |         6.       In addition to the general objections above, Mattel objects to

25 | Topic No. 6 of the Second Notice as duplicative of Topic No. 34 of the First Notice,

26 | and hereby incorporates by this reference its specific objections to Topic No. 34 of

27 | the First Notice as though set forth at length.

28 |

-29-

OBJECTIONS TO 30(B)(6) NOTICES

EXHIBIT __2__, PAGE __45__

1       7.     In addition to the general objection above, Mattel objects to

2 Topic No. 7 of the Second Notice as duplicative of Topic No. 35 of the First Notice,

3 and hereby incorporates by this reference its specific objections to Topic No. 35 of

4 the First Notice as though set forth at length.

5       8.     In addition to the general objections above, Mattel objects to

6 Topic No. 8 of the Second Notice as duplicative of Topic No. 36 of the First Notice,

7 and hereby incorporates by this reference its specific objections to Topic No. 36 of

8 the First Notice as though set forth at length.

9       9.     In addition to the general objections above, Mattel objects to

10 Topic No. 9 of the Second Notice as duplicative of Topic No. 37 of the First

11 Notice, and hereby incorporates by this reference its specific objections to Topic

12 No. 37 of the First Notice as though set forth at length.

13

14 DATED:  December 29, 2004      QUINN EMANUEL URQUHART
                        OLIVER & HEDGES, LLP

15

16                 By _____
                    Michael T. Zeller

17                  Attorneys for Plaintiff
                  and Counter-Defendant

18                  Mattel, Inc.

19

20

21

22

23

24

25

26

27

28

-30-

OBJECTIONS TO 30(B)(6) NOTICES

EXHIBIT __2__, PAGE __4b__

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 29, 2004, I served the foregoing document described as MATTEL, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT CARTER BRYANT'S NOTICES OF DEPOSITION OF MATTEL, INC. on  all interested parties in this action.

Robert F. Millman, Esq.
Douglas A. Wickham, Esq.
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
Fax: 310-553-5583

[ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]   BY MAIL,

[ ]   I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   BY OVERNIGHT COURIER I caused each envelope with postage prepaid to be sent by Federal Express.

[ ]   BY TELECOPIER By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[X]   BY PERSONAL SERVICE I delivered such envelope by hand to the addressee.

Executed on December 29, 2004, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Ivana Maiorano
Print Name

_____
Signature

EXHIBIT ___2___, PAGE ___47___

EXHIBIT 3

CERTIFIED COPY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTEL, INC., A DELAWARE )
CORPORATION, )
)
PLAINTIFF, )
)
VS. )   NO. CV-04 9059 (NM)
)
CARTER BRYANT, AN INDIVIDUAL; AND )
DOES 1 THROUGH 10, INCLUSIVE, )
)
DEFENDANTS. )
_____)
)
CARTER BRYANT, ON BEHALF OF )
HIMSELF, ALL PRESENT AND FORMER, )
EMPLOYEES OF MATTEL, INC., AND THE)
GENERAL PUBLIC, )
)
COUNTER-COMPLAINANT, )
)
VS. )
)
MATTEL, INC., A DELAWARE )
CORPORATION, )
)
COUNTER-DEFENDANT. )
_____)


VOLUME II

REPORTER'S TRANSCRIPT OF PROCEEDINGS

TUESDAY, MARCH 15, 2005

LOS ANGELES, CALIFORNIA

REPORTED BY:

JOHN M. TAXTER
C.S.R. NO. 3579, R.P.R.

JOB NUMBER:
41191LMF

**LUDWIG KLEIN**
REPORTERS & VIDEO, INC.
10868 KLING STREET
TOLUCA LAKE, CALIFORNIA 91602
800.540.0681      Fax 818.508.6326
e-mail: lois@ludwigklein.com

EXHIBIT __3__, PAGE __48__

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3

4    MATTEL, INC., A DELAWARE            )
     CORPORATION,                        )
5                                        )
               PLAINTIFF,                )
6                                        )
          VS.                            ) NO. CV-04 9059 (NM)
7                                        )
     CARTER BRYANT, AN INDIVIDUAL; AND )
8    DOES 1 THROUGH 10, INCLUSIVE,       )
                                         )
9              DEFENDANTS.               )
     _____)
10                                       )
     CARTER BRYANT, ON BEHALF OF         )
11   HIMSELF, ALL PRESENT AND FORMER,    )
     EMPLOYEES OF MATTEL, INC., AND THE)
12   GENERAL PUBLIC,                     )
                                         )
13             COUNTER-COMPLAINANT,      )
                                         )
14        VS.                            )
                                         )
15   MATTEL, INC., A DELAWARE            )
     CORPORATION,                        )
16                                       )
               COUNTER-DEFENDANT.        )
17   _____)

18

19          REPORTER'S TRANSCRIPT OF PROCEEDINGS, VOLUME

20     II, TAKEN AT 9:36 A.M., ON TUESDAY, MARCH 15, 2005,

21     AT 2049 CENTURY PARK EAST, FIFTH FLOOR, LOS

22     ANGELES, CALIFORNIA, BEFORE JOHN M. TAXTER,

23     C.S.R. NO. 3579, R.P.R., A CERTIFIED SHORTHAND

24     REPORTER IN AND FOR THE STATE OF CALIFORNIA.

25

139

VOLUME II

EXHIBIT __3__, PAGE __49__

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1    <u>APPEARANCES</u>:

2          FOR PLAINTIFF AND COUNTER-DEFENDANT MATTEL, INC.:

3              QUINN EMANUEL URQUHART OLIVER & HEDGES,
                   L.L.P.
4              BY:  MICHAEL ZELLER
                   ATTORNEY AT LAW
5              865 SOUTH FIGUEROA STREET
               TENTH FLOOR
6              LOS ANGELES, CALIFORNIA  90017
               213.443.3180
7

8

           FOR DEFENDANT CARTER BRYANT:
9
               LITTLER MENDELSON
10             BY:  DOUGLAS WICKHAM
                   ATTORNEY AT LAW
11                    -AND-
               KEITH JACOBY
12                 ATTORNEY AT LAW
               2049 CENTURY PARK EAST
13             FIFTH FLOOR
               LOS ANGELES, CALIFORNIA  90067-2709
14             310.553.0308

15

16         FOR INTERVENOR M.G.A. ENTERTAINMENT, INC.:

17             O'MELVENY & MYERS, L.L.P.
               BY:  ALICIA CARRASQUILLO MEYER
18                 ATTORNEY AT LAW
                        -AND-
19             PAULA AMBROSINI
                   ATTORNEY AT LAW
20             400 SOUTH HOPE STREET
               LOS ANGELES, CALIFORNIA  90071-2899
21             213.430.6000

22

23

24

25

                                                    140

                    VOLUME II

                              EXHIBIT __3__, PAGE __50__

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1   ALREADY DISCUSSED.

2          MR. WICKHAM:   NOW, 25 RELATES TO MATTEL'S

3   COMPLIANCE EFFORTS, THINGS OF THAT NATURE, CONCERNING

4   THE TWO AGREEMENTS -- PRINCIPALLY CONCERNING THE TWO

5   AGREEMENTS AT ISSUE IN THE LAWSUIT.

6          NOW, WE KNOW THAT YESTERDAY WE HAD -- WE BEGAN

7   A DISCUSSION SORT OF GOING AROUND AND AROUND ON 17, 18,

8   AND 19 ON THE INTERROGATORY RESPONSES.   THAT WAS DEALING

9   WITH LAWSUITS GENERALLY.   THIS QUESTION, IN PART,

10  ADDRESSES FACTUAL REPRESENTATIONS THAT MATTEL MADE IN

11  ITS PRESS RELEASE IN FILING THIS ACTION AGAINST BRYANT

12  OR WHERE MATTEL ASSERTED IN ITS PRESS RELEASE THAT THEY

13  CONSISTENTLY ENFORCED THESE THINGS AND SO ON AND SO

14  FORTH.   SO THAT I THINK THERE CLEARLY IS INFORMATION

15  THAT GOES TO THE VERACITY OF THE STATEMENTS.

16         BUT, SETTING THAT ASIDE, THESE FOCUS ON

17  WHETHER -- WERE YOU TO PERCEIVE THESE DOCUMENTS, THESE

18  AGREEMENTS, WHATEVER YOU WANT TO CALL THEM, AS

19  EMPLOYMENT POLICIES, WERE THEY EMPLOYMENT POLICIES WHICH

20  MATTEL, YOU KNOW, CONSISTENTLY ENFORCED, PERIODICALLY

21  WAIVED, PERIODICALLY TURNED A BLIND EYE TO, DIDN'T

22  ENFORCE, ONLY ENFORCED IF THERE WAS SOMETHING OF

23  INTEREST, NEVER ENFORCED, NEVER TOOK ANY ACTION ON,

24  EXCEPT WHEN POOR MR. BRYANT JUST HAPPENED ALONG.

25         MR. ZELLER:   WELL, I THINK THIS GETS US BACK

267

VOLUME II

EXHIBIT ___3___, PAGE __51__

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1    ACTS OR MATTEL FAILED TO UNDERTAKE THE FOLLOWING ACTS AS

2    TO OTHER EMPLOYEES OR FORMER EMPLOYEES, YOU KNOW, I

3    THINK WE WOULD HAVE TO HAVE A BASIS FOR TRYING TO MAKE A

4    DETERMINATION AS TO, YOU KNOW, THE PROPRIETY OF THE

5    TOPIC, YOU KNOW.  BUT I DO NEED TO HAVE WHAT IT IS THAT

6    YOU GUYS THINK IS, YOU KNOW, THE AUTHORITY THAT WOULD

7    SUPPORT THAT BECAUSE THE ONLY THING THAT I'M AWARE OF

8    WITH RESPECT TO THOSE KINDS OF ISSUES IS BASICALLY BEING

9    THAT ACTIONS OR ADMISSIONS AS TO OTHERS, YOU KNOW, IS

10   NOT OF LEGAL CONSEQUENCE.

11        MR. WICKHAM:   OKAY.  SEVERAL DIFFERENT

12   RESPONSES BECAUSE THERE ARE SEVERAL DIFFERENT ISSUES

13   THAT RELATE OR ARISE OUT OF, YOU KNOW, THESE TWO

14   PARTICULAR DOCUMENTS, THESE PARTICULAR STANDARD FORM

15   MATTEL AGREEMENTS, ONE OF WHICH IS THAT THERE IS A

16   PROVISION IN THERE WHICH PURPORTS TO, IN OUR VIEW,

17   CONSTITUTE AN UNLAWFUL COVENANT NOT TO COMPETE, AN

18   ANTI-MOONLIGHTING PROVISION, WHICH WE BELIEVE THAT UNDER

19   CALIFORNIA LABOR CODE SECTION 96(K) AND 98.6 WOULD

20   VIOLATE, YOU KNOW, STATUTORY AUTHORITY IN CALIFORNIA,

21   VIOLATE THE CALIFORNIA PUBLIC POLICY, AND THAT THOSE

22   PROVISIONS AND MATTEL'S ACTIONS IN CONNECTION WITH

23   SEEKING TO ENFORCE THOSE PROVISIONS IS ILLEGAL, IS

24   UNLAWFUL, AND WOULD CONSTITUTE AN UNFAIR BUSINESS

25   PRACTICE.  SO MATTEL'S ENFORCEMENT ACTIONS WITH REGARD

269

VOLUME II

EXHIBIT __3__, PAGE __52__

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1    TO THOSE PROVISIONS ARE ONES THAT ARE DIRECTLY PERTINENT

2    TO MATTEL'S CLAIMS ASSERTED IN THE COUNTERCLAIM.

3              WITH REGARD TO THE INVENTIONS ASSIGNMENT,

4    BRYANT ASSERTS IN THE COUNTERCLAIM THAT THE CONVENTIONS

5    ASSIGNMENT IS VAGUE, AMBIGUOUS, GROSSLY OVERBROAD,

6    PRESENTED TO HIM AND TO ALL OTHER EMPLOYEES UNDER

7    CIRCUMSTANCES SUCH THAT IT IS AN ADHESIVE CONTRACT

8    RENDERING IT PROCEDURALLY UNCONSCIONABLE, AND THAT,

9    GIVEN THE NATURE -- GIVEN THE WAY IN WHICH IT'S BEEN

10   DRAFTED, WHICH IS NOT IN CONFORMITY WITH LABOR CODE

11   SECTIONS 2870 AND 2871, THAT IT IS RENDERED

12   SUBSTANTIVELY UNCONSCIONABLE, AND, THUS, EITHER THE

13   ENTIRE INVENTIONS ASSIGNMENT -- EITHER THE INVENTIONS

14   ASSIGNMENT SHOULD BE EXCISED FOR UNCONSCIONABILITY

15   GROUNDS, OR THE ENTIRE AGREEMENT IS INVALID DUE TO ITS

16   UNCONSCIONABILITY.

17             THE SECOND AND THIRD CIRCUIT CITY CASES OUT OF

18   THE 9TH CIRCUIT SUPPORT THAT PROPOSITION, AS I MENTIONED

19   YESTERDAY, AS WELL AS THE TING CASE.  THERE'S PRUDENTIAL

20   V. LI, AND THERE'S LI V. PRUDENTIAL, YOU KNOW, WHICH ALL

21   TALK ABOUT THE LAW OF UNCONSCIONABILITY IN VARIOUS

22   CONTEXTS AND IN VARIOUS IMPORTANT STATUTES, AND WE

23   BELIEVE THAT IT'S, YOU KNOW, THAT BODY OF CASE LAW THAT

24   WOULD SUPPORT BRYANT'S CLAIMS IN THIS REGARD BUT ALSO

25   SUPPORTS BRYANT'S RIGHT TO CONDUCT DISCOVERY IN SEEKING

270

VOLUME II

EXHIBIT __3__, PAGE __53__

1           MR. WICKHAM:  OKAY.

2           MR. ZELLER:  I THINK -- UNLESS THERE'S

3    SOMETHING ELSE GOING ON WITH 51, I THINK WHAT WE HAVE

4    BEEN TALKING ABOUT IS ENCOMPASSED, OR I THINK 51 IS

5    COVERED BY THAT.  AT LEAST THAT WAS MY INTENTION.

6           MR. WICKHAM:  AND THIS PARTICULAR ONE IS JUST

7    THE ONE THAT MR. BRYANT HAD SIGNED.

8           MR. ZELLER:  YOU DON'T REALLY WANT TO PRESS

9    52; DO YOU?

10          MR. WICKHAM:  LET ME TABLE 52.

11          MR. ZELLER:  OKAY.

12          MR. ZELLER:  53 WE'VE ALREADY DISCUSSED, AND I

13   THINK WE'VE COVERED -- I MEAN WE'RE AGREEABLE TO THAT IN

14   PRINCIPLE, AGAIN, SUBJECT TO ALL THE RECORDING AND

15   TRACKING PART.  BUT, YOU KNOW, CERTAINLY THIS

16   ENCOMPASSES THINGS LIKE P-2.  WE'LL PROVIDE A WITNESS ON

17   THAT.

18          MR. WICKHAM:  RIGHT.  OKAY.  AND I SEEM TO

19   RECALL THAT 54, 55, AND 56 HAD ALREADY BEEN AGREED TO BY

20   MS. KREBS.

21          MR. ZELLER:  YEAH.  I THINK THAT'S GENERALLY

22   RIGHT.  YOU KNOW, SINCE THESE ARE -- AT LEAST 54 AND 55

23   ARE TIED TO HIS PARTICULAR DOCUMENTS, AND, JUST SO I'M

24   ON THE SAME PAGE HERE, THE JOB SUMMARY REPORT THAT'S

25   BEING REFERRED TO HERE, THAT'S HIS PERFORMANCE

                                                    400

                    VOLUME II

                        EXHIBIT ___3___, PAGE ___54___

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1                    REPORTER'S CERTIFICATE

2

3

4              I, JOHN M. TAXTER, C.S.R. NO. 3579,

5    R.P.R., A CERTIFIED SHORTHAND REPORTER IN AND FOR

6    THE STATE OF CALIFORNIA, DO HEREBY CERTIFY:

7              THAT, PRIOR TO BEING EXAMINED, THE WITNESS

8    NAMED IN THE FOREGOING PROCEEDINGS WAS BY ME DULY

9    SWORN TO TESTIFY THE TRUTH, THE WHOLE TRUTH, AND

10   NOTHING BUT THE TRUTH;

11             THAT SAID PROCEEDINGS WERE TAKEN BY ME IN

12   SHORTHAND AT THE TIME AND PLACE HEREIN NAMED AND

13   WERE THEREAFTER TRANSCRIBED INTO TYPEWRITING UNDER

14   MY DIRECTION, SAID TRANSCRIPT BEING A TRUE AND

15   CORRECT TRANSCRIPTION OF MY SHORTHAND NOTES.

16             I FURTHER CERTIFY THAT I HAVE NO INTEREST

17   IN THE OUTCOME OF THIS ACTION.

18

19

20                    APRIL 21, 2005

21                    _John M. Taxter_____

                      JOHN M. TAXTER
22                    C.S.R. NO. 3579, R.P.R.

23

24

25

EXHIBIT ___3___, PAGE _55_

EXHIBIT 4

1   ROBERT F. MILLMAN, Bar No. CA 062152
    DOUGLAS A. WICKHAM, Bar No. CA 127268
2   KEITH A. JACOBY, Bar No. CA 150233
    LITTLER MENDELSON
3   A Professional Corporation
    2049 Century Park East, 5th Floor
4   Los Angeles, CA  90067.3107
    Telephone:   310.553.0308
5   Facsimile:   310.553.5583

6   Attorneys for Defendant/Cross-Complainant
    CARTER BRYANT

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES

10

| | |
|---|---|
| 11  MATTEL, INC., a Delaware Corporation, | Case No.  BC314398 |
| 12          Plaintiff, | ASSIGNED FOR ALL PURPOSES TO THE HONORABLE GREGORY W. ALARCON – DEPARTMENT 36 |
| 13      v. | |
| 14  CARTER BRYANT, an individual; and DOES 1 through 10, inclusive, | DATE ACTION FILED:  April 27, 2004 |
| 15         Defendant. | **DEFENDANT/CROSS-COMPLAINANT CARTER BRYANT'S CROSS-COMPLAINT FOR:** |
| 16 | |
| 17 | **(1) UNFAIR COMPETITION (Business & Professions Code  §§ 16600, et seq. and 17200 et seq.);** |
| 18 | **(2) RESCISSION;** |
| 19 | **(3) DECLARATORY RELIEF; AND** **(4) FRAUD.** |
| 20 | **DEMAND FOR JURY TRIAL** |
| 21 | **[Code Of Civil Procedure § 428.10]** |
| 22 | |
| 23  CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public, | |
| 24 | |
| 25        Cross-Complainant, | |
| 26     v. | |
| 27  MATTEL, INC., a Delaware Corporation, | |
| 28        Cross-Defendant. | |

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

DEFENDANT/CROSS-COMPLAINANT'S CROSS-COMPLAINT

EXHIBIT   4  , PAGE   56

1.      Defendant and Cross-Complainant Carter Bryant ("Bryant"), for his Cross-Complaint alleges, upon personal knowledge with respect to himself and his own acts, and upon information and belief as to all other matters, as follows:

## OVERVIEW

2.      In this Action, Bryant's former employer, Mattel, Inc. ("Mattel"), has sued Bryant for, among other things, breach of a purported Employee Confidential Information and Inventions Agreement ("Agreement"). The Agreement is a classic contract of adhesion, drafted solely by Mattel, forced upon Bryant on a take-it-or-leave-it basis with no negotiations invited or allowed. Although signing the Agreement was a condition of Bryant's employment, Mattel never explained the terms and conditions of the Agreement to Bryant and Bryant never was given a meaningful opportunity to secure legal advice concerning its meaning or terms. Bryant, who is a high school graduate, did not and could not understand the terms of the Agreement; indeed, no reasonable layperson could understand the legal significance, meaning and terms of the Agreement, which appeared to be written for lawyers with several years of experience as corporate attorneys.

3.      Furthermore, the Agreement contains terms and conditions that violate established California law on their face and/or in connection with Mattel's interpretation and threats to enforce this Agreement. For example, the confidentiality provision in the first section of the Agreement (as interpreted by Mattel) purports to require Bryant (and similarly situated present and former Mattel employees) to maintain a cone of silence – on pains of a breach of contract lawsuit by Mattel's lawyers – over such innocuous *and public* information as the identities of Mattel employees and the general skills and knowledge of such employees. Such a provision clearly is unlawful and violates public policy because it *de facto* inhibits the free flow of information regarding employee talents and thereby restricts employee mobility in this State, thus undermining one of California's fundamental public policies.

4.      The Agreement also purports to prevent current employees from accepting any other employment or engagement of any nature whatsoever, regardless of whether such work or services could lead to the disclosure of Mattel's proprietary information or trade secrets or otherwise constitute a breach of the employee's duty of loyalty. Thus, if a Mattel employee went to work at a

1

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT/CROSS-COMPLAINANT'S CROSS-COMPLAINT

EXHIBIT___4___, PAGE___57___

gas station or a grocery store to earn extra money for his or her family, the Agreement flatly – and unlawfully – prohibits such employment and renders such an employee liable to Mattel for breach of contract.   Such a broad restriction concerning an employee's lawful off-duty conduct violates California Business and Professions Code sections 16600 and 17200 and California Labor Code sections 96(k) and 98.6 and California's broad public policies prohibiting unlawful covenants not to compete.

5.   Finally, the Agreement also purports to require each and every Mattel employee, including Bryant, to assign all inventions or creations conceived or reduced to practice during the time period of his or her Mattel employment in direct violation of California Labor Code section 2870.  While the Agreement purports to limit this broad assignment to the extent required under Section 2870, this limitation is shrouded in so much legalese that no employee in Bryant's shoes would know or understand either the inventions assignment or the limit on that assignment. On information and belief, Bryant alleges that Mattel intentionally and purposefully implemented this overly broad and unconscionable Agreement to lure employees to adhere to its unlawful terms and to assign to Mattel inventions and creations that, by law, do not belong to Mattel.

6.   With this Cross-Compliant, Bryant alone and on behalf of all present and former Mattel employees within the applicable limitations period and the general public, seeks to put an end to Mattel's unlawful and unconscionable practices, with an injunction barring Mattel from requiring employees to sign such agreements and threatening to enforce them, with a declaration that all such agreements (including the Agreement signed by Bryant and any later, similar agreements) are void and unenforceable because they are unconscionable, and with an order disgorging Mattel of all profits unlawfully obtained by its misconduct.

## THE PARTIES

7.   Bryant is an individual residing in the State of Missouri who was employed by Mattel from 1995 through April 1998 and again from January 1999 to approximately October 20, 2000.

8.   On information and belief, Bryant alleges that Mattel is a multi-billion dollar, international toy company that, at its El Segundo facility alone, maintains a 180,000 square-foot

2

EXHIBIT ___4___, PAGE ___58___

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1  design center with more than eight hundred fifty (850) employees. On information and belief,

2  Bryant alleges that Mattel also maintains facilities in New York state, Wisconsin, New Jersey and

3  Illinois.

4          9.     Mattel markets numerous lines of toys, but one of its most well-known

5  products is the "Barbie" doll line, which, according to Mattel's website, accounts for more than $3.6

6  billion in annual retail sales. On information and belief, Bryant alleges that Mattel, either directly or

7  indirectly through subsidiaries or affiliates, markets and sells Hot Wheels toy cars, "ViewMasters"

8  (three-dimensional viewer toys), the Fisher-Price line of toys and a line of dolls named "American

9  Girl."

10          10.    Bryant brings this Cross-Complaint on his own behalf, on behalf of all

11  current and former Mattel employees (identified below) and on behalf of the general public

12  pursuant to California Business and Professions Code sections 16600, 17200, 17203 and 17204 and

13  the California Labor Code sections 98(k), 98.6, and 2699 (the California Labor Code Private

14  Attorneys' General Act of 2004).

15                         **NATURE OF THE ACTION**

16          11.    Cross-Complainant Bryant brings this Cross-Complaint to remedy the unfair

17  business practices of his former employer, Mattel.

18          12.    During Bryant's initial employment by Mattel, he was assigned to the "Main

19  Line" Barbie Department, where he designed fashions and hairstyles for Barbie and her toy

20  companions, including "Teen Skipper."

21          13.    Between approximately late April 1998 and January 4, 1999, Bryant was not

22  employed by Mattel. However, commencing on or about January 4, 1999, Bryant returned to work

23  at Mattel and was employed in Mattel's Barbie "Collector" Department, designing clothing fashions

24  and accessories for high-end Barbie dolls for the adult "collector" market.

25          14.    Upon beginning this second term of employment with Mattel, Bryant was

26  required to execute a boilerplate document entitled "Employee Confidential Information And

27  Inventions Agreement" (defined above as the "Agreement").

28          15.    The Agreement was a preprinted, non-negotiable form contract prepared by

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

3

DEFENDANT/CROSS-COMPLAINANT'S CROSS-COMPLAINT

EXHIBIT ___4___, PAGE ___59___

1  Mattel, printed on Mattel stationery.  The Agreement purports to completely prohibit or, at a
2  minimum, creates a substantial chilling effect on, Bryant's or any other employee's preparations to
3  compete and purports to prevent Bryant and other employees from taking meaningful steps to obtain
4  any other competitive employment while still in the employ of Mattel.  Such an agreement
5  unlawfully restrains Bryant (and similarly situated employees) in his/their business, trade and
6  professions and thus violates well-established rights of employee mobility under California law.

7        16.    The Agreement also purports to effect an assignment of all inventions created
8  or even simply touched by Bryant during the time period of his employment with Mattel, regardless
9  of whether or not they relate to any aspect of Mattel's business and regardless of when or where this
10  occurred.  On its face, Mattel's Agreement theoretically purports to assign to Mattel any "invention"
11  of any kind conceived or reduced to practice by Bryant during the time period of his employment
12  with Mattel.  As Mattel has construed the Agreement, any time Bryant placed pen and pencil to
13  paper during the time period of his Mattel employment, such "works" are owned by Mattel even if
14  such works or inventions were created on his own time with his own materials.

15        17.    As applied here, the Agreement unlawfully infringes on Bryant's right to
16  prepare to compete and to seek other employment and it unlawfully appropriates to Mattel
17  inventions that were created or reduced to practice on Bryant's own time and using his own
18  equipment that are unrelated to his work for Mattel.  Such an invention assignment is overbroad,
19  unconscionable, violates Labor Code section 2870, constitutes an unfair business practice and is
20  therefore unlawful.

21        18.    The Agreement primarily contains a sweeping provision that purports to
22  assign to Mattel each and every invention by Bryant that he created or reduced to practice during the
23  time period of his employment with Mattel.  The Agreement's only attempt to limit the scope of the
24  assignment is a perfunctory reference to California Labor Code section 2870.  That quotation is
25  found in a separate part of the Agreement from the overbroad, illegal clause defining what is
26  covered, appears in fine print, and is stated in language so confusing that no lay person could
27  reasonably understand it.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

4

DEFENDANT/CROSS-COMPLAINANT'S CROSS-COMPLAINT

EXHIBIT ___4___, PAGE ___60___

19.     Even considering the language of Mattel's reference to Labor Code section 2870 in the Agreement, the Agreement remains impermissibly overbroad and unenforceable. According to that provision of the Agreement, any invention conceived or reduced to practice by Bryant during his employment with Mattel would belong to Mattel by virtue of the unlawful Agreement, regardless of whether the invention related to the work performed by Bryant for Mattel.

20.     In addition to the unlawful inventions assignment, the Agreement contains several other provisions that are equally unlawful, either on the face of the Agreement or as applied by Mattel, as it seeks to enforce the Agreement.  As discussed above, the confidentiality provision in the Agreement is grossly overbroad and purports to prohibit employees from disclosing and using publicly available information and it purports to prohibit employees from engaging in lawful off duty conduct in violation of Business and Professions Code 16600 and 17200, the California Labor Code and this State's public policy.

21.     Furthermore, Mattel's overly broad agreement cannot be saved from illegality by narrow construction.  Otherwise, if these sorts of agreements could simply be reformed during litigation, employers would have no disincentive to draft and attempt to enforce such overbroad, illegal agreements that chill employees from exercising their rights.

22.     Due to Mattel's fraudulent and/or negligent misrepresentation of the terms contained within the Agreement (and Mattel's failure to affirmatively disclose its material terms to Bryant when Bryant was instructed to sign the Agreement by Mattel), Bryant did not discover, and would not reasonably be expected to discover, that the Agreement was misleading, unconscionable and unlawful until Mattel instituted the underlying lawsuit on April 27, 2004, attempting to enforce the Agreement.  At the time it required Bryant to execute the adhesive Agreement as a condition of his employment, Mattel did not explain the terms of the Agreement to Bryant, give him sufficient time to review it, or permit or encourage him to seek independent counsel regarding its legal effect. Had Bryant been made aware of the full meaning and intent of the Agreement, he would not have signed it.

23.     Furthermore, Bryant is informed and believes that Plaintiff Mattel has been aware that Bryant was involved in designing the "Bratz" line of toys since at least sometime in 2001.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

5

EXHIBIT____4____, PAGE__61

1  Rather than bringing suit at that time, Mattel elected instead to wait until three years later to attempt

2  to enforce the unlawful Agreement in the underlying lawsuit.

3      24.    Even though Bryant conceived the "Bratz" idea when he was not employed by

4  Mattel in 1998 and he, with others, did not reduce that idea to practice until after Bryant left Mattel,

5  Mattel nevertheless is using the Agreement to frivolously sue Bryant, in an attempt to hijack

6  "Bratz."

7      25.    Bryant is informed and believes that all employees of Mattel who were hired

8  between 1999 (and before) and the present were required to execute the same or substantially

9  similar agreements, as a pre-condition of their employment with Mattel.  Bryant is informed and

10  believes that his case is representative of a larger pattern and practice of wrongful conduct engaged

11  in by Mattel.  Mattel, as a standard business practice, has forced its employees to enter into and has

12  wrongfully enforced similar quasi-non-competition and assignment of inventions contracts with its

13  present and former employees.  Bryant is informed and believes that Mattel uses these agreements

14  to prevent or stifle competition in the toy industry and/or to unlawfully inhibit employee mobility.

15  Indeed, Bryant is informed and believes, and based thereon alleges, that Mattel continues to force

16  new and current employees to enter into the same or similarly overbroad and unlawful agreements.

17      26.    Bryant was presented with the form Agreement by Mattel on or about January

18  4, 1999, at the outset of his second term of employment.  At that time, he was told that his execution

19  of the Agreement was a condition of his employment with Mattel.  The terms of the Agreement were

20  not explained to him, nor was he told that the Agreement would preclude him from maintaining any

21  employment other than with Mattel, despite statutory guarantees to the contrary.  Bryant was not

22  informed that by executing the Agreement, he was assigning to Mattel all the inventions and

23  creations he created or simply even touched during the time period of his employment with Mattel

24  regardless of how unrelated they might be to his work at Mattel.  Bryant was not advised that Mattel

25  would attempt to claim ownership of any invention he may have conceived prior to employment by

26  Mattel and perfected after he left Mattel.  Bryant neither was given a meaningful opportunity to

27  review the Agreement at the time he executed it, nor was he given the opportunity to consult with an

28  attorney before executing it.  Mattel did not give Bryant the opportunity to negotiate the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

EXHIBIT ___4___, PAGE _62_

1    Agreement's terms, allow him to review it overnight, or suggest that he consult an attorney before

2    executing it.  In essence, the Agreement was a pre-printed form and was presented to Bryant's on a

3    "take it or leave it" basis and Bryant and all present and former Mattel employees in effect were

4    bludgeoned into accepting its terms or not being allowed to work there.

5         27.    At the time Bryant executed the Agreement, he did not understand the scope,

6    breadth or meaning of its terms.  Bryant is informed and believes, and on that basis alleges that at the

7    time all other current and former employees of Mattel executed identical or similar agreements with

8    Mattel, they, too, did not understand the scope, breadth or meaning of their terms.  As discussed

9    below, the Agreement is both procedurally and substantively unconscionable and thus wholly

10   unenforceable.

11        28.    In this action, Bryant seeks on behalf of himself and the general public the

12   intervention of the Court to obtain remedies to preclude Mattel's unlawful acts.  Among other

13   things, Bryant seeks a declaration from this Court that Mattel's Agreements are not enforceable

14   against Bryant and all other present and former similarly situated Mattel employees.  Bryant also

15   seeks permanent injunctive relief barring Mattel from forcing present and future employees to sign

16   such agreements, stopping Mattel from threatening to enforce and attempting to enforce illegal non-

17   compete/invention assignment contracts against Bryant and any other current or former Mattel

18   employees, and requiring Mattel to disgorge and/or make restitution for all unlawful profits

19   received and/or costs incurred by virtue of its unlawful and unfair business practices and other legal

20   and/or equitable relief to which Bryant and/or the general public may be justly entitled.

21        29.    Bryant also seeks, through this Cross-Complaint, rescission of the

22   unconscionable and unlawful Agreement signed by Bryant.

23                          **FIRST CAUSE OF ACTION**

24              **(UNFAIR COMPETITION AGAINST DEFENDANT MATTEL)**

25                 **(Business & Professions Code § 17200 et seq.)**

26        30.    Bryant realleges and incorporates by reference each of the allegations in

27   Paragraphs 1 through 29 of this Cross-Complaint as if fully set forth herein.

28        31.    Bryant brings his claim for unfair competition and unfair business practices

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553.0308

1   on behalf of himself, the current and former employees of Mattel and the general public, pursuant

2   to California Business and Professions Code sections 16600, 17200, 17203 and 17204.

3       32.   The non-competition and invention assignment provisions contained in the

4   Agreement, which Mattel forced Bryant to execute as a condition of employment, and which it is

5   now trying to enforce in the underlying action, are illegal pursuant to California Business and

6   Professions Code sections 16600 and 17200.  Said provisions constitute an unfair restraint of trade

7   for the following, non-exclusive reasons:  they illegally restrict the job mobility of current and even

8   former Mattel employees, they illegally restrict current Mattel employees from seeking other

9   gainful employment, they illegally restrict the use of public information, such as the identity or job

10  functions of current Mattel employees, they specifically prevent or deter Mattel's present and

11  former employees, such as Bryant, from accepting or holding any lawful employment within the

12  State of California or elsewhere other than with Mattel, and they purport to assign for Mattel's

13  unlawful benefit all the inventions of Mattel's current and former employees, with a narrow

14  exception which is the employee's burden to prove.

15      33.   The Agreement is also unlawful in that it violates the provisions of California

16  Labor Code section 96(k), which guarantees the rights of employees to be free in the lawful

17  activities they pursue outside working hours, section 98.6 to the extent Mattel has taken adverse

18  employment actions against employees who have refused to sign the Agreement, and Labor Code

19  section 2699.

20      34.   The Agreement also violates the provisions of California Labor Code section

21  2870 inasmuch as it provides for a far broader assignment of employee inventions than is permitted

22  by applicable law.

23      35.   The Agreement was a contract of adhesion and was procedurally

24  unconscionable because, among other things, Bryant was required to sign it as a condition of his

25  employment with no negotiations allowed, it was presented to him on a preprinted form and on a

26  take-it-or-leave-it basis, he was not allowed to thoroughly review or consider its terms, he was not

27  permitted to review it overnight, he was not provided with the opportunity to consult counsel prior

28  to executing it, and it was never thoroughly and completely explained to him.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310.553.0308

EXHIBIT __4__, PAGE __64__

36.     Because of its onerous, unfair, unlawful and one-sided provisions, which are surprising, grossly unfair and shock the conscience, the Agreement is substantively unconscionable.

37.     Because it is both procedurally and substantively unconscionable, the Agreement is unenforceable.  Moreover, the Agreement is so permeated by unconscionability that the unlawful provisions cannot be severed.

38.     Due to Mattel's fraudulent and/or negligent misrepresentation of the terms contained within the Agreement, Bryant did not discover, and would not reasonably have discovered, that the Agreement, as Mattel attempted to enforce it, was unconscionable and unlawful until Mattel instituted the underlying lawsuit against him to attempt to enforce the Agreement, in approximately April 2004.

39.     Even though the quasi-non-competition and invention assignment provisions of the Agreement are not enforceable, Bryant is informed and believes and based thereon alleges that Mattel utilizes these provisions as part of a scheme and device to restrain the business opportunities, both within and outside the State of California, otherwise available to Bryant and other current and former Mattel employees.

40.     Bryant is informed and believes and based thereon alleges that, in effect, through its wrongful acts, Mattel is able to create for itself an unfair competitive advantage along with other benefits at the expense of its present and former employees (including Bryant), other competing companies or employers, and members of the public.

41.     Mattel's unlawful conduct in requiring Bryant, and its other current and former employees, to sign the Agreement, or other similar Agreements with equally unlawful provisions as a term and condition of employment or continued employment, and then threatening to enforce such unlawful provisions, constitutes unfair competition and an unfair business practice in violation of the California Business and Professions Code sections 16600 and 17200 et seq. and under the common law.

42.     As a proximate result of such unlawful acts and/or unfair business acts and practices, Bryant has suffered actual damages, and Mattel has enjoyed unlawful profits, in a sum not yet fully ascertained but in excess of the jurisdictional limits of this Court.  Furthermore, on

9

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT ___4___, PAGE ᏝᏐ

1  behalf of Bryant and all present and former California employees of Mattel and the general public,

2  Bryant seeks injunctive relief pursuant to Business and Professions Code section 17203, barring

3  Mattel from continuing to engage in such unlawful and unfair business practices, and the remedies

4  of disgorgement and restitution for illicit profits obtained by Mattel from its unlawful and/or unfair

5  business acts and practices pursuant to Business and Professions Code section 17204.

6         43.    In addition, as a result of the illegal and wrongful conduct alleged above, in

7  the absence of injunctive relief prohibiting Mattel from continuing to engage in unfair competition,

8  Cross-Complainant Bryant, the current and former employees of Mattel and the general public have

9  been and will be irreparably harmed.

10         44.    For these reasons, Bryant requests permanent injunctive relief prohibiting

11  Cross-Defendant Mattel from continuing to engage in unfair competition by threatening and

12  attempting to enforce illegal non-compete/invention assignment contracts against Bryant or any

13  other current or former Mattel employees.

14  <u>**SECOND CAUSE OF ACTION**</u>

15  **(RESCISSION AGAINST DEFENDANT MATTEL)**

16         45.    Bryant realleges and incorporates by reference each of the allegations in

17  Paragraphs 1 through 44 of this Cross-Complaint as if fully set forth herein.

18         46.    Bryant's consent to the Agreement was given due to mistake, or obtained

19  through duress, menace and/or fraud.

20         47.    The Agreement is unlawful and unconscionable, due to the fault not of

21  Bryant but of Mattel, which exclusively drafted the Agreement's unlawful and unconscionable

22  terms.

23         48.    Due to Mattel's fraudulent misrepresentation and/or concealment of the terms

24  contained within the Agreement, Bryant did not discover, and would not reasonably be expected to

25  discover, that the Agreement was unconscionable and unlawful until Mattel instituted the underlying

26  lawsuit against him to attempt to enforce the agreement, in approximately April 2004.

27         49.    The public interest will be prejudiced by permitting the Agreement or other

28  similar agreements to stand.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

10

DEFENDANT/CROSS-COMPLAINANT'S CROSS-COMPLAINT

EXHIBIT __4__ , PAGE __66__

50.   By the filing of this Cross-Complaint, Bryant hereby gives notice to Mattel that he seeks rescission of the Agreement, and further offers to restore to Mattel all consideration and everything of value which he received from Mattel under the Agreement, upon condition that Mattel do likewise.

51.   Bryant therefore requests that the Court rescind the Agreement in its entirety.

## THIRD CAUSE OF ACTION

### (FRAUD AGAINST DEFENDANT MATTEL)

52.   Bryant realleges and incorporates by reference each of the allegations in Paragraphs 1 through 51 of this Cross-Complaint as if fully set forth herein.

53.   Mattel required Bryant to execute the Agreement without disclosing to him its true import and terms.

54.   Having drafted the Agreement and all the oppressive, unfair and onerous terms contained therein, Mattel was of course aware of the contents of the Agreement and its import.

55.   Due to Mattel's concealment of its interpretation of the force and effect of the Agreement from Bryant, he did not discover that the Agreement was unconscionable and unlawful until Mattel instituted the underlying lawsuit against him to attempt to enforce the agreement, in late April 2004.

56.   In so failing to disclose to Bryant the true meaning of the terms and the purported legal effect of the Agreement, and Mattel's intent to attempt to enforce it with regard to work he conceived and/or reduced to practice while not employed at Mattel, Mattel misrepresented and suppressed the nature of the Agreement, and in doing so, committed actual fraud against Bryant.

57.   Because of its malicious, oppressive and/or fraudulent conduct, Mattel is subject to punitive damages in an amount necessary and appropriate to punish and deter it and others from engaging in similar conduct in the future.

//

//

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

11

DEFENDANT/CROSS-COMPLAINANT'S CROSS-COMPLAINT

EXHIBIT ___4___, PAGE __67__

## FOURTH CAUSE OF ACTION

### (DECLARATORY RELIEF AGAINST DEFENDANT MATTEL)

58.     Bryant realleges and incorporates by reference each of the allegations in Paragraphs 1 through 60 of this Cross-Complaint as if fully set forth herein.

59.     Mattel's unlawful conduct in requiring Bryant, and its other current and former employees, to sign the Agreement with its unlawful provisions as a term and condition of their employment or continued employment and then threatening to enforce such unlawful provisions and eventually filing a lawsuit to enforce such provisions against Bryant constitutes unfair competition and unfair business practices in violation of the California Business and Professions Code sections 16600 and 17200 et seq. and under the common law.

60.     Moreover, the Agreement is both procedurally and substantively unconscionable.

61.     Through its suit against Bryant, Mattel has demonstrated that a controversy exists concerning the enforceability of the Agreement and its terms.

62.     Bryant therefore requests declaratory relief stating that the Agreement, as well as all similar agreements executed by current and former employees of Mattel, are unlawful and unenforceable.

### PRAYER FOR RELIEF

WHEREFORE, Cross-Complainant Bryant prays for judgment and relief as follows:

1.     For restitution, disgorgement and interest in an amount to be determined at trial;

2.     For an order permanently enjoining and barring Mattel from forcing present and future employees to sign agreements containing quasi-non-compete or invention assignment provisions identical or substantially similar to those in the Agreement, and prohibiting Mattel from threatening and attempting to enforce such agreements or restrictions against Bryant or any other current or former employees;

3.     For an order declaring that the Agreement between Mattel and Bryant (and the agreements between Mattel and all similarly situated present and former employees) are void,

12

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

EXHIBIT ___4___, PAGE __68__

1  unenforceable and unconscionable;

2      4.  For rescission of the Agreement;

3      5.  For declaratory relief stating that the Agreement is unlawful and

4  unenforceable;

5      6.  For compensatory damages according to proof;

6      7.  For statutory penalties pursuant to Labor Code section 2699;

7      8.  For punitive damages according to proof;

8      9.  For reasonable attorneys' fees incurred in bringing and litigating this action

9      pursuant to the private attorneys general statutes;

10     10.  For costs of suit herein; and

11     11.  For such further or other relief as the Court deems just and proper.

12

13  Dated: August 24, 2004

14                      _A. C. Wickham_

15                    DOUGLAS A. WICKHAM

16                    LITTLER MENDELSON
                  A Professional Corporation

17               Attorneys for Defendant/Cross-Complainant
                  CARTER BRYANT

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

13

DEFENDANT/CROSS-COMPLAINANT'S CROSS-COMPLAINT

EXHIBIT __4__, PAGE __69__

1

## DEMAND FOR A TRIAL BY JURY

2

Pursuant to Section 592 of the California Code of Civil Procedure, Cross-

3

Complainant Carter Bryant hereby demands that the causes in this matter be tried by a jury to the

4

extent provided for by law.

5

6

7

Dated: August 24, 2004

8

9

                                        C. Wickham
                              _____
10                            DOUGLAS A. WICKHAM
                              LITTLER MENDELSON
                              A Professional Corporation
11                            Attorneys for Defendant/Cross-Complainant
                              CARTER BRYANT

12

13

14   Los_Angeles:371607.1 028307.1010

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

14

DEFENDANT/CROSS-COMPLAINANT'S CROSS-COMPLAINT

EXHIBIT ___4___, PAGE___70___

EXHIBIT 5



FILED



2006 JUL 18 AM 10:16

**ENTERED**

JUL 18 2006

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
                    DEPUTY

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
JS-2/JS-3 ____
Scan Only ____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT,

                    Plaintiff,

v.

MATTEL, INC.,

                    Defendant,

and related actions.

CASE NO. CV 04-09049 SGL (RNBx)

(Consolidated with cases CV 04-09059 and CV 05-02727)

ORDER GRANTING MOTIONS TO DISMISS

## I. Introduction

This consolidated action involves the individual cases of Bryant v. Mattel, Inc., CV 04-09049; Mattel, Inc. v. Bryant, CV 04-09059; and MGA Entertainment, Inc. v. Mattel, Inc., CV 05-02727. This Order rules on Motions to Dismiss previously docketed in cases 04-09049 and 04-9059.

The factual background underlying this consolidated action is complex. The Court sets forth the factual background only to the extent that it is necessary to discuss its ruling on two pending motions to dismiss. A hearing regarding these motions was held on June 26, 2006. For the reasons and in the manner set forth below, the Court grants both motions.

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(D).

DOCKETED ON CM
JUL 18 2006

7-18

EXHIBIT 5 PAGE 71 (03

## II. Motion to Dismiss (04-09049)

**A.    Factual Background**

Carter Bryant is a designer to whom creation of MGA's "Bratz" line of dolls has been attributed.  Compl. ¶ 6.  Mattel has sued him under a variety of state-law theories relating to certain agreements Bryant signed while an employee with Mattel.  See generally Compl. filed in 04-09059.  Although Mattel has not sued him for copyright infringement of any Mattel product, Bryant nevertheless claims that he is reasonably apprehensive regarding being sued for copyright infringement.  Specifically, Bryant makes the following allegations in his complaint seeking declaratory relief:

First, Bryant claims that an article published in the Wall Street Journal in July, 2003, attributed to Mattel sources a belief that "the Bratz borrow liberally from a Mattel project that was scrapped at the testing stage in 1998."  Compl. Ex. A; Compl. ¶ 54. The scrapped Mattel project is alleged to be the project referred to by Mattel as "Toon Teens."  Compl. ¶ 56.

Second, Bryant alleges that he suggested, as a way to resolve a discovery dispute, that Mattel stipulate that it would not sue based on "Toon Teens."  Compl. ¶ 55.  Mattel refused to do so.  Id.  However, since that initial refusal, Mattel has represented to the Court that it "will not maintain that Bratz infringes the copyright in Toon Teens."  June 26, 2006, Tr. at 64 (statement of Mattel counsel John B. Quinn). Mattel has reiterated this position in a post-hearing brief, filed on July 5, 2006.

Third, Mattel cooperated with a Hong Kong toy company that MGA sued for copyright infringement.  Compl. ¶ 56.  MGA's claims involved the Bratz dolls.  Id. Mattel's cooperation consisted of providing the Hong Kong toy company with documents and photographs of the Toon Teens products, ostensibly to help prove that Bratz was not an original design and that Bryant had copied and infringed Toon Teens.  Compl. ¶ 57.

Finally, Bryant notes that Mattel did not seek copyright registration until November, 2003, which is the same time Mattel claims it first learned of Bryant's

2

EXHIBIT   5   , PAGE   72

1   contract with MGA.  Compl. ¶¶ 59-60.  Bryant alleges that registration of a copyright is

2   a necessary step to be taken prior to filing a copyright infringement action.  Compl.

3   ¶ 60.

4   **B.   Standing to Seek Declaratory Relief**

5          The purpose of the Declaratory Judgment Act is "to relieve potential defendants

6   from the Damoclean threat of impending litigation which a harassing adversary might

7   brandish, while initiating suit at his leisure — or never."  Societe de Conditionnement

8   v. Hunter Engineering Co., 655 F.2d 938, 943 (9th Cir.1981).  However, a party

9   seeking declaratory relief must still satisfy the "case or controversy" requirement found

10   in 28 U.S.C. § 2201(a).  Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896

11   F.2d 1542,1555 (9th Cir. 1990).  This requirement must be satisfied at the time the

12   suit is filed and must continue throughout the term of the suit.  Id. at 1556 (citing

13   International Harvester Co. v. Deere & Co., 623 F.2d 1207, 1210 (7th Cir.1980)).

14          To meet this requirement, a party seeking declaratory relief must show that,

15   based on his reasonable perceptions, under all the circumstances of the case, there is

16   a substantial controversy between parties having adverse legal interests that causes

17   in the plaintiff a real and reasonable apprehension that he will be subject to liability,

18   and the controversy is of sufficient immediacy and reality to warrant declaratory relief.

19   Hal Roach, 896 F.2d at 1555.  The apprehension must have been caused by the

20   defendant's actions.  Id. (citing International Harvester, 623 F.2d at 1211).

21          Viewing Bryant's allegations in light of this standard, and in light of recent

22   developments, the Court must conclude that Bryant, although having a reasonable

23   apprehension of suit prior to counsel's representations regarding the intent to sue

24   based on Toon Teens, no longer has a reasonable apprehension that he will be

25   subject to liability.  Bryant's Complaint, of course, makes reference to "other Mattel

26   products;" however, the substance of his allegations all address the product "Toon

27   Teens."  The Wall Street Journal article is alleged to have involved Toon Teens.

28   Mattel's cooperation with the Hong Kong toy company allegedly involved Toon Teens.

1   The copyright registration referenced in the Complaint relates to Toon Teens. No

2   other allegations are made that might tend to raise a real and reasonable

3   apprehension that Bryant could be subject to liability for copyright infringement based

4   on any other Mattel product. Accordingly, Bryant has not met the standard for

5   asserting a claim for declaratory relief.

6   **C.    Ruling on Motion to Dismiss**

7        Accordingly, the Court **GRANTS** the Motion to Dismiss and dismisses without

8   prejudice Bryant's claim for declaratory relief. Should Bryant, through discovery or

9   otherwise, acquire a real and reasonable apprehension of being subject to liability on

10  the basis of another identifiable Mattel product, Bryant may file a declaratory relief

11  claim. A claim by Mattel of copyright infringement based on the Toon Teens product

12  is barred by counsel's representation; therefore, Bryant may not seek declaratory relief

13  regarding this issue.

14              **III. Motion to Dismiss (04-9059)**

15  **A.    Factual Background**

16       The parties make the following factual allegations and assert the following

17  claims and counterclaims.

18       Bryant was employed by Mattel from September, 1995, to April, 1998, and

19  again beginning in January, 1999, and ending in October, 2000. Compl. ¶ 9. In

20  January, 1999, Bryant signed documents entitled "Employee Confidential Information

21  and Inventions Agreement" ("Employee Agreement") and "Conflict of Interest

22  Questionnaire" ("COI Questionnaire"). The Employee Agreement provides:

23       This Agreement is designed to make clear that: (i) I will maintain the

24       confidentiality of the Company's trade secrets; (ii) I will use those trade

25       secrets for the exclusive benefit of the Company; (iii) inventions that I

26       create will be owned by the Company; (iv) my prior and continuing

27       activities separate from the Company will not conflict with the Company's

28       development of its proprietary rights; and (v) when and if my employment

4

EXHIBIT ___5___ PAGE __74__

Received:   7/18/08   4:42PM         RightFAX -> JetFax    20;  Page 6
RightFAX              7/18/2008 4:37   PAGE 006/019   Fax Server

with the Company terminates I will not use my prior position with the Company to the detriment of the Company.

1.   **Provisions Related to Trade Secrets**

. . . .

(b) As used in the Agreement, "Proprietary Information" means any information (including formula, pattern, compilation, device, method, technique or process) that derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, and includes information on the Company, its customers, suppliers, joint ventures, licensors, licensees, distributors and other persons and entities with whom the Company does Business.

(c) I will not disclose or use at any time either during or after my employment with the Company, any Proprietary Information except for the exclusive benefit of the Company as required by my duties for the Company, or as the Company expressly may consent to in writing, I will cooperate with the Company and use my best efforts to prevent the unauthorized disclosure, use or reproduction of all Proprietary Information.

. . . .

2.   **Ownership of Inventions**

(a) I agree to communicate to the Company as promptly and fully as practicable all inventions [as defined below] conceived or reduced to practice to me (alone or jointly by others) at any time during my employment by the Company, I hereby assign to the Company and/or its nominees all my right, title and interest in such inventions, and all my right, title and interest in any patents, copyrights, patent applications or copyright applications based thereon. . . .

5

EXHIBIT ___5___, PAGE _75_

(b) As used in this Agreement, the term "Inventions" includes, but is not limited to, all discoveries, improvements, processes, developments, designs, know-how, data computer programs and formulae, whether patentable or unpatentable.

(c) Any provision in this Agreement requiring me to assign my rights in any invention does not apply to an invention which qualifies under the provision of Section 2870 of the California Labor Code.  That section provides that the requirement to assign "shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities or trade secret information except for those inventions that either (1) relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer; or (2) result from any work performed by the employee for the employer." I understand that I bear the burden of proving that an invention qualifies under Section 2870.

. . . .

3.    Conflicts with Other Activities

(a) My employment with the Company requires my undivided attention and effort.  Therefore, during my employment with the Company, I will fully comply with the Company's Conflict of Interest Policy, as it may be amended from time to time.  I shall not, without the Company's express written consent, engage in any employment or business other than for the Company, or invest in or assist (in any manner) any business competitive with the business or future business plans of the Company.

4.    Miscellaneous

. . . .

6

EXHIBIT _____5_____, PAGE _76_

1    (f) This agreement will be governed by and interpreted in

2    accordance with the laws of the State of California.

3                        . . . .

4    CAUTION: THIS AGREEMENT CREATES IMPORTANT

5    OBLIGATIONS OF TRUST AND AFFECTS THE EMPLOYEE'S RIGHTS

6    TO INVENTIONS THE EMPLOYEE MAY MAKE DURING HIS OR HER

7    EMPLOYMENT.

8    Employment Agreement, attached to the Compl. as Ex. A.[1]

9    B.    **The Parties' Claims**

10         Mattel brings a number of claims based on these documents, including breach

11   of contract, breach of fiduciary duty, breach of the duty of loyalty, unjust enrichment,

12   and conversion.

13         Bryant brings a number of counterclaims based on these documents.

14   Specifically, Bryant makes the following challenges to the Employment Agreement:

15         In his first counterclaim, Bryant claims that the Employment Agreement violates

16   Cal. Bus. & Prof. Code §§ 17200 (unfair competition law) because (a) it is an unfair

17   restraint of trade (restricting job mobility and use of publicly available information) in

18   violation of Cal. Bus. & Prof. Code § 16600; (b) it violates Cal. Labor Code §§ 96(k),

19   98.6, and 2699; (c) it violates Cal. Labor Code § 2870; and (d) it is procedurally and

20   substantively unconscionable. See Bryant's Counterclaims ¶¶ 33-47.

21         In his second counterclaim, Bryant claims that the Employment Agreement

22   should be rescinded because it was procured due to mistake, duress, menace and/or

23

24   _____

25   [1] Bryant objects to the Court's consideration of the Agreement and the COI
     Questionnaire. Bryant purports to dispute the authenticity of these documents.
26   However, examining the substance of Bryant's objections, it becomes clear that Bryant
     objects not to the content of these documents, but to the validity and legal effect of
27   these documents. Accordingly, the Court's consideration of these documents in
     connection with the present Motion to Dismiss is proper. See Parrino v. FHP, Inc., 146
28   F.3d 699, 706 (9th Cir. 1998) (the Court may consider documents whose authenticity is
     not questioned and upon which the complaint necessarily relies).

EXHIBIT __5__ PAGE __77__

Received:   7/18/06   4:43PM      RightFAX -> JetFax      20;   Page 9
RightFAX              7/18/2006 4:37    PAGE 009/019    Fax Server

1   fraud. See Bryant's Counterclaims ¶¶ 48-54.

2        In his third counterclaim, Bryant alleges that the Employment Agreement was

3   procured by fraud in that Mattel "fail[ed] to disclose to Bryant the true meaning of the

4   terms and the purported legal effect of the [Employment] Agreement." See Bryant's

5   Counterclaims ¶¶ 55-60.

6        Finally, in his fourth counterclaim, Bryant seeks declaratory judgment that

7   Mattel's conduct in requiring Bryant and other employees to execute the Employment

8   Agreement constitutes unfair competition and unfair business practices in violation of

9   Cal. Bus. & Prof. Code §§ 17200 and 16600.  Bryant also seeks a declaration that the

10  Employment Agreement is unlawful and unenforceable as to him and as to other

11  current and former employees of Mattel.  See Bryant's Counterclaims ¶¶ 61-65.

12  **C.    Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)**

13       The present Motion to Dismiss requires the Court to determine whether the

14  counterclaims state any claim upon which relief may be granted.  See Fed R. Civ. P.

15  12(b)(6).  The Court will not dismiss the claims for relief unless Bryant cannot prove

16  any set of facts in support of the claims that would entitle him to relief.  See Steckman

17  v. Hart Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir. 1998).  In limiting its inquiry to the

18  content of the counterclaims, the Court must take the allegations of material fact as

19  true and construe them in the light most favorable to Bryant.  See Western Reserve

20  Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985).  Additionally, the Court "is

21  not required to accept legal conclusions cast in the form of factual allegations if those

22  conclusions cannot be reasonably drawn from the facts alleged." Clegg v. Cult

23  Awareness Network, 18 F.3d 752, 755 (9th Cir. 1994).

24  **D.   § 17200 Claim**

25       **1.    Generally**

26       "California's unfair competition law (UCL) (17200 et seq.) defines 'unfair

27  competition' to mean and include any unlawful, unfair or fraudulent business act or

28  practice. . . ." Kasky v. Nike, Inc., 27 Cal.4th 939, 949, 119 Cal.Rptr.2d 296 (2002)

EXHIBIT ___5___ , PAGE ___78___

Received:   7/18/06   4:44PI                         RightFAX -> JetFax    '2O;   Page 1O
RightFAX                    7/18/2006 4:37    PAGE 010/018    Fax Server

1  (internal quotation marks and citation omitted).  Because "section 17200 is written in

2  the disjunctive, it establishes three varieties of unfair competition--acts or practices

3  which are unlawful, unfair, or fraudulent." Cel-Tech Communications v. Los Angeles

4  Cellular Telephone Co., 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548 (1999) (emphasis

5  added).  "Unlawful" practices are those practices that are prohibited by law, whether

6  "civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made."

7  Saunders v. Superior Court, 27 Cal.App.4th 832, 839 (citing People v. McKale, 25

8  Cal.3d 626, 632 (1979)).  The prohibition against "unfair" conduct is not as broad as it

9  would seem.  In Cel-Tech, the California Supreme Court announced that the test of

10  "unfairness" for commercial cases:  "Unfair" means "conduct that threatens an

11  incipient violation of an antitrust law, or violates the policy or spirit of one of those laws

12  because its effects are comparable to or the same as a violation of the law, or

13  otherwise significantly threatens or harms competition." Cel-Tech, 20 Cal.4th at 187.

14         2.    **Standing**

15         Bryant claims to be bringing the § 17200 "on his own behalf, on behalf of all

16  current and former employees of Mattel employees . . . and on behalf of the general

17  public." See Counterclaims ¶ 10.  The parties disagree as to whether he may bring

18  such a claim on behalf of anyone other than himself and argue this point on state-law

19  grounds.  However, it is clear under established Ninth Circuit authority that Bryant's

20  purported claims on behalf of others suffer from a federal constitutional deficiency:

21  Bryant must satisfy the case-or-controversy requirement of Article III for any claim that

22  he brings under § 17200.  Bryant has not alleged facts that establish that he has

23  standing to bring his claims on behalf of anyone other than himself.[2] See Lee v.

24  American Nat. Ins. Co., 260 F.3d 997, 1001 (9th Cir. 2001) (rejecting, on

25  constitutional grounds, a plaintiff's attempt to assert a § 17200 claim on behalf of

26  others noting that "Article III of the Constitution . . . limits the jurisdiction of the federal

27

28

_____

[2] As stated below, Bryant has failed to state a claim on his own behalf as well.

EXHIBIT __5__, PAGE __79__

Received:   7/18/06   4:44PM   RightFAX -> JetFax   20;   Page 11
RightFAX                7/1d/2006 4:37   PAGE 011/018   Fax Server

1    courts to 'cases and controversies,' a restriction that has been held to require a

2    plaintiff to show, *inter alia*, that he has actually been injured by the defendant's

3    challenged conduct.") (citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,

4    528 U.S. 167, 180, 120 S.Ct. 693 (2000)).

5          Absent class-action type allegations (and a successful motion to certify a class

6    pursuant to Fed. R. Civ. P. 23), it appears to the Court that Bryant cannot assert

7    claims challenging the Employee Agreement or the COI Questionnaire on behalf of

8    anyone other than himself.  Therefore, the Court considers only whether Bryant has

9    stated a claim pursuant to § 17200 on his own behalf.

10         **3.    Cal. Bus. & Prof. Code § 16600**

11         Bryant argues that the Agreement is "unlawful" because it violates Cal. Bus. &

12    Prof. Code § 16600, which provides: "Except as provided in this chapter, every

13    contract by which anyone is restrained from engaging in a lawful profession, trade, or

14    business of any kind is to that extent void." Id.  Specifically, Bryant argues (without

15    further elaboration) that "the [Employment] Agreement unlawfully impair[s] Bryant's

16    right to prepare to compete with Mattel."  Opp. at 7.

17         California law permits an employee to seek other employment and even to

18    make some "preparations to compete" before resigning.  See Bancroft-Whitney Co. v.

19    Glen, 64 Cal.2d 327, 346 (1966) ("The mere fact that the officer makes preparations

20    to compete before he resigns his office is not sufficient to constitute a breach of duty.

21    It is the nature of his preparations which is significant.") However, "an employee may

22    not transfer his loyalty to a competitor." Stokes v. Dole Nut Co., 41 Cal.App.4th 285,

23    295 (1995).  "During the term of employment, an employer is entitled to its employees'

24    undivided loyalty." Id. (internal citations and quotation marks omitted).

25         Mattel alleges in the Complaint that Bryant entered into an agreement with

26    MGA to provide MGA design services on a "top priority" basis while he was still

27    employed with by Mattel. Compl. ¶ 13. Bryant also makes similar allegations in the

28    related case, Bryant v. Mattel, Inc., 04-09049: "MGA ultimately offered Bryant a

                                    10

EXHIBIT ___5___, PAGE 80

Received:   7/18/08  4:45PM         RightFAX -> JetFax    20;   Page 12
RightFAX              7/13/2008 4:37   PAGE 012/019   Fax Server

1    consulting arrangement.  His agreement with MGA was signed on or about October 4,

2    2000.  Bryant resigned from Mattel immediately, giving two weeks notice, but stayed at

3    the company until October 20 to finish up and transition the projects on which he had

4    been working."  Compl. ¶ 38.

5         The parties' arguments assume that the Employment Agreement would prohibit

6    such conduct;[3] therefore, the Court considers whether an agreement prohibiting an

7    employee from entering into a contract with a competitor *during the course of his*

8    *employment* constitutes an unfair restraint of trade in violation of § 16600.  The Court

9    concludes that it does not.  Such an agreement is more akin to ensuring the employer

10   has the "employee's undivided loyalty" than it is to an agreement that restricts an

11   employee from "prepar[ing] to compete."  For this reason, Plaintiff cannot state a

12   § 17200 claim on this basis.

13        **4.    Cal. Labor Code §§ 96(k), 98.6 and 2699**

14        Bryant also argues that the Agreement is "unlawful" because it violates a

15   number of provisions of the California Labor Code.  Specifically, Bryant alleges that

16   the Agreement is "unlawful" because it violates § 96(k), which provides:

17        The Labor Commissioner and his or her deputies and

18        representatives authorized by him or her in writing shall, upon the filing

19        of a claim therefor by an employee, or an employee representative

20        authorized in writing by an employee, with the Labor Commissioner, take

21        assignments of: . . . (k) Claims for loss of wages as the result of

22        demotion, suspension, or discharge from employment for lawful conduct

23        occurring during nonworking hours away from the employer's premises.

24   Cal. Labor Code § 96(k).

25        Section 98.6 prohibits discrimination or retaliation against an employee who

26   engages in conduct described in §96(k).  Section 2699 authorizes a private right of

27

28   ───────────────────────

     [3]  The Court does not mean to imply that Bryant has conceded this point.

                               11

EXHIBIT ___5___, PAGE 81

1   action for certain violations of the Labor Code.

2          Assuming that § 96(k) would otherwise support a § 17200 claim, Bryant has still

3   failed to allege any "loss of wages" or "demotion, suspension or discharge" based on

4   lawful off-duty conduct.  Therefore, Bryant has not alleged facts sufficient to support a

5   violation of § 96(k) that would, in turn, support his § 17200 claim.

6          Despite Mattel's arguments against § 98.6 and § 2699 as a proper basis for

7   Bryant's § 17200 claim, Bryant did not defend such claims in his opposition; therefore,

8   the Court treats these claims as abandoned.

9        **5.   Cal. Labor Code § 2870**

10         Bryant also argues that the Agreement is "unlawful" because it violates Cal.

11  Labor Code § 2870.  That provision states:

12             (a) Any provision in an employment agreement which provides

13         that an employee shall assign, or offer to assign, any of his or her rights

14         in an invention to his or her employer shall not apply to an invention that

15         the employee developed entirely on his or her own time without using the

16         employer's equipment, supplies, facilities, or trade secret information

17         except for those inventions that either:

18             (1) Relate at the time of conception or reduction to practice of the

19         invention to the employer's business, or actual or demonstrably

20         anticipated research or development of the employer; or

21             (2) Result from any work performed by the employee for the

22         employer.

23             (b) To the extent a provision in an employment agreement

24         purports to require an employee to assign an invention otherwise

25         excluded from being required to be assigned under subdivision (a), the

26         provision is against the public policy of this state and is unenforceable.

27  Cal. Labor Code § 2870.

28         The Employment Agreement assigns the rights to certain inventions by the

                                    12

EXHIBIT  5 , PAGE  82

Received:   7/18/06  4:45PM       RightFAX -> JetFax    20;  Page 14
RightFAX              7/13/2006 4:37   PAGE 014/019   Fax Server

1   employee to the Company.  The Agreement limits the scope of this assignment to the

2   extent required by § 2870 by specifically incorporating and quoting § 2870.  The

3   Agreement also informs the employee that he bears the burden of proving that the

4   invention falls within the scope of § 2870.  This is consistent with California law.  See

5   Cal. Labor Code § 2872 ("In any suit or action arising thereunder, the burden of proof

6   shall be on the employee claiming the benefits of its provisions.").

7        Therefore, Bryant cannot maintain a § 17200 claim based on § 2870.

8        6.    **Unconscionability**

9        Unconscionability has both procedural and substantive elements.  Armendariz

10  v. Foundation Health Psychcare Services, Inc., 24 Cal.4th 83, 99 (2000).  Both must

11  be present for a court to invalidate a contract or one of the contract's provisions.  Id. at

12  114.  However, "[t]he more substantively oppressive the contract term, the less

13  evidence of procedural unconscionability is required to come to the conclusion that the

14  term is unenforceable, and vice versa."  Id.

15       Procedural unconscionability focuses on the elements of oppression and

16  surprise.  Discover Bank v. Superior Court, 36 Cal.4th 148, 160 (2005).  "Oppression

17  arises from an inequality of bargaining power which results in no real negotiation and

18  an absence of meaningful choice . . . .  Surprise involves the extent to which the terms

19  of the bargain are hidden in a 'prolix printed form' drafted by a party in a superior

20  bargaining position."  Crippen v. Central Valley RV Outlet, 124 Cal.App.4th 1159, 1165

21  (2004).

22       Substantive unconscionability focuses on the actual terms of the agreement

23  and evaluates whether they create "overly harsh" or "one-sided results."  Armendariz,

24  24 Cal.4th at 114.  To be substantively unconscionable, a contractual provision must

25  shock the conscience.  California Grocers Assn. v. Bank of America, 22 Cal.App.4th

26  205, 214 (1994).

27       Here, Bryant alleges that the Employee Agreement is a contract of adhesion.

28  Counterclaims ¶ 26.  For purposes of the present analysis, the Court assumes that the

EXHIBIT  5 , PAGE 83

1   Employment Agreement is procedurally unconscionable.  See Discover Bank v.

2   Superior Court, 36 Cal.4th 148, 160 (2005) ("The procedural element of an

3   unconscionable contract generally takes the form of a contract of adhesion, which,

4   imposed and drafted by the party of superior bargaining strength, relegates to the

5   subscribing party only the opportunity to adhere to the contract or reject it.") (internal

6   quotation marks and citation omitted).  However, upon examination of the terms of the

7   Employment Agreement, the Court is unable to conclude that the element of

8   substantive unconscionability has been met.  It is not surprising or overly harsh that

9   Mattel would expect its trade secrets and proprietary information to be kept

10   confidential; the same is true regarding Mattel's expectation that the works of its

11   design staff — created by Mattel's employees, using Mattel's resources, during time

12   for which Mattel paid the employee — be considered its property.  Therefore, Bryant

13   cannot state a claim based on unconscionability.

14       7.   Cal. Labor Code §§ 232 and 232.5

15       Although not pleaded in the Counterclaims, Bryant argues that his § 17200

16   claim is supported by an alleged violation of §§ 232 and 232.5.  These provisions

17   prohibit limitations on an employee's ability to disclose the amount of his or her wages

18   or information about his or her working conditions.  Bryant's arguments fail to address

19   how the Employment Agreement (which prohibits the disclosure of "trade secrets" and

20   "proprietary information") prevented him from disclosing the amount of his wages or

21   information about his working conditions.  Bryant has failed to state a § 17200 claim

22   based on §§ 232 and 232.5.

23       8.   Unfairness

24       As noted above, there is only a limited basis on which a plaintiff may challenge

25   conduct as an "unfair" business practice.  See Cel-Tech Communications, 20 Cal.4th

26   at 187 ("unfair" conduct that may be challenged pursuant to § 17200 is conduct that is,

27   or is similar to, conduct that constitutes a violation of antitrust laws).  Bryant's

28   allegations do not state a claim for an "unfair" business practice in violation of

EXHIBIT ___5___, PAGE 84

Received:   7/16/06   4:46PM   RightFAX -> JetFax   '20;   Page 16

RightFAX            7/__/2008 4:37   PAGE 016/019   Fax Server

1   § 17200.

2        9.    "Fraudulent" Conduct

3        Bryant also argues that the same conduct complained of in connection with his

4   fraud claim also supports a § 17200 claim based on the prohibition against

5   "fraudulent" conduct.  This claim is not cognizable.  Bryant's fraud claim, explored

6   more fully in the following section, is based upon Mattel's alleged failure to explain to

7   him the terms of the Employment Agreement.  However, to allege a "fraudulent

8   business practice" under § 17200, a plaintiff must allege that "members of the public

9   are likely to be deceived." Comm. on Children's Television, Inc. v. Gen. Foods Corp.,

10  35 Cal.3d 197, 211 (1983).  Bryant has not alleged facts that would tend to establish

11  that the public might be deceived by Mattel's conduct regarding its employment

12  practices.

13  E.    Fraud Claim

14        The parties agree that Bryant's fraud claim is one for fraudulent concealment,

15  and that Bryant must allege all the elements set forth in Marketing West, Inc. v. Sanyo

16  Fisher Corp., 6 Cal.App.4th 603, 612-13 (1992):  (1) Mattel must have concealed or

17  suppressed a material fact; (2) Mattel must have been under a duty to disclose the

18  fact to Bryant; (3) Mattel must have intentionally concealed or suppressed the fact with

19  the intent to defraud Bryant; (4) Bryant must have been unaware of the fact and would

20  not have acted as he did if he had known of the concealed or suppressed fact; and (5)

21  as a result of the concealment or suppression of the fact, Bryant must have sustained

22  damage.  Bryant alleges that "Mattel required [him] to execute the [Employment]

23  Agreement without disclosing to him its true import and terms."  Counterclaims ¶ 56.

24  Bryant's claim is, in essence, that Mattel failed to inform him of the potential legal

25  effect the Agreement might have; in other words, Bryant claims that Mattel failed to

26  fully explain the Agreement to him.  This does not support a fraudulent concealment

27  claim.

28        Bryant argues, based on Marketing West, that because Mattel chose to

EXHIBIT   5  , PAGE  85

1  respond to his inquiries, Mattel was under a duty to disclose material facts.  Under

2  Marketing West, where a party is "under no duty to speak" but nevertheless

3  "undertakes to do so, either voluntarily or in response to inquiries, he is bound not only

4  to state truly what he tells but also not to suppress or conceal any facts within his

5  knowledge which materially qualify those stated."  Marketing West, 6 Cal.App.4th at

6  613 (citing Rogers v. Warden, 20 Cal.2d 286, 289 (1942)) (internal quotation marks

7  omitted).  In other words, one who speaks "must make a full and fair disclosure."  Id.

8          Bryant makes no allegations that suggest that anyone at Mattel falls into this

9  category.  He alleges that he was "presented with the form Agreement by Mattel," and

10  that "he was told that his execution of the Agreement was a condition of his

11  employment."  Counterclaims ¶ 26.  He then alleges that "[t]he terms of the Agreement

12  were not explained to him."  Id.  This is not the situation discussed in Marketing West

13  which, not surprisingly, prohibits a party from disclosing only that part of the truth that

14  favors it.  Here, Bryant's allegations complain that Mattel did not disclose anything

15  regarding the Employment Agreement.

16  F.      Rescission

17          Bryant asserts that rescission is proper because (1) the Agreement was

18  obtained through fraud; (2) Mattel required Bryant to execute the document as a

19  condition of employment, which resulted in duress; and (3) Mattel did not explain the

20  terms of the Agreement to Bryant, did not give him sufficient time to review it, and did

21  not permit or encourage him to seek legal counsel regarding the Agreement.

22          Bryant failed to state a fraud claim; therefore, rescission based on his fraud

23  claim would be improper.

24          Bryant's allegations do not meet the standard for duress, and Mattel's failure to

25  encourage him to seek legal counsel also does not require rescission of the

26  Employment Agreement.  See Robison v. City of Manteca, 78 Cal.App.4th 452, 457

27  (2000).  Additionally, although Bryant argues that he was not "given a meaningful

28  opportunity to review the Agreement at the time he executed it," he does not allege

Received:   7/18/08   4:47PM;   RightFAX -> JetFax N730;   Page 18
RightFAX                    7/1 /2006 4:37     PAGE 018/019     Fax Server

1   that he asked for, and was refused, sufficient time to actually read the Agreement with

2   which he was presented.

3   **G.**   **Declaratory Relief**

4          Finally, in his fourth counterclaim, Bryant seeks declaratory judgment that

5   Mattel's conduct in requiring Bryant and other employees to execute the Employment

6   Agreement constitutes unfair competition and unfair business practices in violation of

7   Cal. Bus. & Prof. Code §§ 17200 and 16600.  This claim for declaratory relief fails

8   because the underlying § 17200 fails.

9          Bryant also seeks a declaration that the Employment Agreement is unlawful

10   and unenforceable as to him and as to other current and former employees of Mattel.

11   See Bryant's Counterclaims ¶¶ 61-65. As discussed previously, Bryant has no

12   standing to assert claims on behalf of anyone other than himself.  As discussed

13   throughout this Order, Bryant has not sufficiently alleged that the Employment

14   Agreement is unlawful or unenforceable as to him.

15   **H.**   **Ruling on Motion to Dismiss (04-09059)**

16          The Motion to Dismiss is **GRANTED** in its entirety.  Bryant requested in his

17   Opposition for an opportunity to amend his counterclaims.  Therefore, the Court

18   dismisses Bryant's counterclaims without prejudice.  Bryant may file Amended

19   Counterclaims that conform with this Order within ten days of the entry of this Order.

20                              **IV. Conclusion**

21          For the reasons set forth above, the Court **GRANTS** the Motion to Dismiss in

22   04-09049 and **DISMISSES WITHOUT PREJUDICE** Bryant's action for declaratory

23   relief.  The Court also **GRANTS** the Motion to Dismiss in 04-09059, and **DISMISSES**

24   **WITHOUT PREJUDICE** Bryant's counterclaims.  Bryant is granted ten days' leave to

25   amend the counterclaims in conformity with this Order.

26

27

28

EXHIBIT __5__ PAGE **87**

Received:   7/18/06  4:47PM    RightFAX -> JetFax '320;  Page 19
RightFAX              7/  /2006 4:37   PAGE 019/019   Fax Server

1      Although this Order dismisses the Complaint in 04-09049, any future filings in

2   the consolidated action shall continue to be filed under 04-09049 in conformity with

3   the Court's consolidation order.

4      IT IS SO ORDERED.

5   DATE: _7 - 17 - 06_

6

7                                STEPHEN G. LARSON
                                UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                    18        EXHIBIT __5__ PAGE __88__

,

EXHIBIT 6

COPY
LODGED

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
2 | johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Plaintiff Mattel, Inc.

9

FILED
CLERK, U.S. DISTRICT COURT

OCT - 9 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION      BY DEPUTY

10 |           UNITED STATES DISTRICT COURT

11 |          CENTRAL DISTRICT OF CALIFORNIA

12 |                 EASTERN DIVISION

13 | CARTER BRYANT, an          | CASE NO. CV 04-9049 SGL (RNBx)
individual,

14 |                           | Consolidated with Case Nos. CV 04-09059
                               and CV 05-02727
15 |         Plaintiff,

16 |     vs.                   | Hon. Stephen G. Larson

17 | MATTEL, INC., a Delaware   | STIPULATION AND [PROPOSED]
corporation,                  ORDER REGARDING CARTER
                               BRYANT'S AMENDED REPLY TO
18 |         Defendant.         MATTEL'S COUNTERCLAIMS

19 |                           | Phase 1
AND CONSOLIDATED              Discovery Cut-Off:   January 14, 2008
20 | ACTIONS                    Pre-Trial Conference: April 7, 2008
                               Trial Date:          April 29, 2008
21 |

22 |                           | Phase 2
                               Discovery Cut-Off:   March 3, 2008
23 |                           Pre-Trial Conference: June 2, 2008
                               Trial Date:          July 1, 2008

24

25

26

27

28

404060.01
07209/2211520.1

10-5

STIPULATION AND [PROPOSED] ORDER

EXHIBIT __6__, PAGE __89__

**Stipulation**

1
2    WHEREAS, on July 12, 2007, Mattel, Inc. ("Mattel") filed its Second

3    Amended Answer in Case No. 05-2727 and Counterclaims ("Counterclaims"),

4    WHEREAS, on August 13, 2007, Carter Bryant ("Bryant") filed his reply to

5    Mattel's Counterclaims and asserted twenty-two affirmative defenses,

6    WHEREAS, Mattel contended that Bryant's affirmative defenses were

7    inadequately pleaded and that certain of the defenses were insufficient as a matter of

8    law, and the parties met and conferred regarding a motion Mattel contemplated

9    filing to strike the defenses on those grounds,

10    WHEREAS, Bryant agreed to voluntarily amend his reply to eliminate some

11    of the disputes between the parties and, pursuant to a Stipulation and Order dated

12    September 6, 2007, filed an amended reply to Mattel's Counterclaims on September

13    12, 2007, asserting seventeen affirmative defenses,

14    WHEREAS, Mattel believes that certain of Bryant's defenses remain

15    inadequately pleaded and that certain of the defenses remain insufficient as a matter

16    of law, and the parties have again met and conferred regarding Mattel's

17    contemplated motion to strike the defenses on these grounds, and

18    WHEREAS, Bryant is willing to voluntarily amend his amended reply again

19    in an attempt to eliminate further disputes between the parties, including by

20    withdrawing his Ninth, Tenth, and Eleventh affirmative defenses of "failure of

21    contract," "duress/unconscionability" and "alleged duties contrary to law,"

22    respectively,

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

404060.01
07209/2211520.1

-1-

EXHIBIT ____6____, PAGE __90__

/// 

NOW, THEREFORE, Mattel and Bryant hereby stipulate, by and through their counsel of record and subject to the Court's approval, that Bryant will file a Second Amended Reply to Mattel's Counterclaims on or before October 15, 2007. Mattel may then file a motion to strike Bryant's Second Amended Reply pursuant to the time limits set forth in Fed. R. Civ. P. 12(f) as may be appropriate.

IT IS SO STIPULATED.

DATED:  October 4, 2007            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By _____
    B. Dylan Proctor
    Attorneys for Mattel, Inc.


DATED:  October 4, 2007            KEKER & VAN NEST, LLP


By _____
    John Trinidad
    Attorneys for Carter Bryant


IT IS SO ORDERED.

DATED:  October ___, 2007     By            STEPHEN G. LARSON
                                        UNITED STATES DISTRICT JUDGE
                                  _____
                                  Hon. Stephen G. Larson
                                  United States District Court Judge

404050.01
07209/2211520.1

-2-

STIPULATION AND [PROPOSED] ORDER

EXHIBIT 6 , PAGE 91

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3  Street, 10th Floor, Los Angeles, California 90017-2543.

4  On October 5, 2007, I served true copies of the following document(s) described as **STIPULATION AND [PROPOSED] ORDER REGARDING CARTER BRYANT'S**

5  **AMENDED REPLY TO MATTEL'S COUNTERCLAIMS** on the parties in this action as follows:

6

7  Diana Torres, Esq.                     Michael H. Page, Esq.
   **O'MELVENY & MYERS, LLP**              **KEKER & VAN NEST, LLP**

8  400 S. Hope Street                     710 Sansome Street
   Los Angeles, CA 90071                  San Francisco, CA 94111

9  *Attorneys for MGA Entertainment, Inc.*   *Attorneys for Carter Bryant*

10 Patricia Glaser, Esq.                  Mark E. Overland, Esq.
   **CHRISTENSEN, GLASER, FINK,**          David C. Scheper, Esq.

11 **JACOBS, WEIL & SHAPIRO, LLP**         Alexander H. Cote, Esq.
   10250 Constellation Blvd., 19th Floor   **OVERLAND, BORENSTEIN,**

12 Los Angeles, CA 90067                  **SCHEPER & KIM, LLP**
                                          300 S. Grand Avenue, Suite 2750

13 *Attorneys for MGA Entertainment*       Los Angeles, CA 90071

14                                        *Attorneys for Carlos Gustav*
                                          *Machado Gomez*

15

16 **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

17

18     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

19     Executed on October 5, 2007, at Los Angeles, California.

20

21     *Laura Kinsey*

22     Laura Kinsey

23

24

25

26

27

28

07209/2243792.1

EXHIBIT ___6___ , PAGE ___92___

EXHIBIT 7

CALENDARED

RECEIVED

OCT 1 7 2007

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   710 Sansome Street
5  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
6  Facsimile: (415) 397-7188

7  Attorneys for Plaintiff
   CARTER BRYANT

8

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

13

14  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                         (consolidated with CV 04-9059 & 05-
15                          Plaintiff,   2727

16      v.                               CARTER BRYANT'S SECOND
                                         AMENDED REPLY TO MATTEL'S
17  MATTEL, INC. a Delaware              COUNTERCLAIMS
    Corporation,
18                                       DEMAND FOR JURY TRIAL
                           Defendant.
19                                       Dept:    Courtroom 1
    CONSOLIDATED WITH MATTEL,            Judge:   Hon. Stephen G. Larson
20  INC. v. BRYANT and MGA
    ENTERTAINMENT, INC. v.
21  MATTEL, INC.
                                         Discovery Cut-Off: Jan. 14, 2008
22                                       Pre-Trial Conference: April 7, 2008
                                         Trial Date: April 29, 2008
23

24       Counter-defendant Carter Bryant ("Bryant") replies to Mattel's counter-

25  claims, set forth in Mattel's Second Amended Answer and Counterclaims, as

26  follows:

27       As a preliminary matter, Bryant notes that many of Mattel's allegations

28  implicitly include false premises or assumptions. Bryant's denial of any allegation

                            10-16
                                       1

EXHIBIT __7__, PAGE __93__

1  should be construed as a denial of both the allegation itself, and any of the

2  allegation's underlying, unsupported assumptions.

3       Mattel's counterclaims also contain just the sort of argumentative rhetoric in

4  place of factual allegations that Mattel claimed to protest in responding to MGA's

5  claims against it.  Bryant denies all allegations not specifically admitted, including

6  Mattel's argument and innuendo.  Where Bryant admits any portion of an

7  allegation, Bryant admits only the specific facts admitted, and denies all of

8  Mattel's accompanying characterizations, conclusions, and speculation contained

9  in that allegation or in Mattel's counterclaims as a whole.

10      Bryant also submits that Mattel's use of headings throughout its

11 counterclaims is improper, and that therefore no response to Mattel's headings is

12 required.  If any response is required, Bryant denies all allegations contained in

13 Mattel's headings.

14      Finally, Bryant notes that many of the allegations in Mattel's counterclaims

15 allege nothing relating Bryant.  Although Bryant recognizes that he is nonetheless

16 required to answer them, Bryant lacks any knowledge or information concerning

17 these allegations.  In denying these allegations based on his lack of knowledge and

18 information regarding alleged events not involving him, as with all his other

19 denials, Bryant also denies Mattel's negative characterizations and innuendo about

20 all of the alleged events, including any events or facts that may in fact have

21 occurred (such as, for example, MGA's hiring of certain individuals previously

22 employed by Mattel).

### Responses

24      1.      Bryant denies the allegations of this paragraph.

25      2.      Bryant admits that he conceived, created and developed Bratz designs,

26 that he entered into an agreement with MGA regarding Bratz, and that Mattel has

27 improperly sought to register copyrights for certain Bratz designs.  Bryant denies

28 all remaining allegations of this paragraph.

2

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __7__, PAGE __94__

1        3.      Bryant denies that MGA engaged in illegal conduct in entering the

2  agreement with Bryant.  Bryant lacks knowledge or information sufficient to form

3  a belief as to the truth of the remaining allegations of this paragraph, and on that

4  basis denies them.

5        4.      Bryant lacks knowledge or information sufficient to form a belief as

6  to the truth of the allegations of this paragraph, and on that basis denies them.

7        5.      Bryant denies the allegations of this paragraph.

8        6.      Bryant admits that Mattel purports to seek relief under 17 U.S.C. § §

9  101 *et seq.*, and 18 U.S.C. § 1964(c), with supplemental jurisdiction under 28

10  U.S.C. § 1367 for its purported state law claims.  Bryant admits that the Court has

11  jurisdiction to hear claims against Bryant, based on those allegations, but denies

12  that Mattel is entitled to any relief or recovery whatsoever on its alleged claims.

13  Bryant lacks knowledge or information sufficient to form a belief as to the truth of

14  the allegations of this paragraph regarding other defendants, and on that basis

15  denies them.

16        7.      Bryant admits that venue is proper in this District as to claims against

17  Bryant, but denies that Mattel is entitled to any relief or recovery whatsoever on its

18  alleged claims.  Bryant lacks knowledge or information sufficient to form a belief

19  as to the truth of the allegations of this paragraph regarding other defendants, and

20  on that basis denies them.

21        8.      Bryant admits the allegation of this paragraph.

22        9.      Bryant admits the allegations of the first and second sentences of this

23  paragraph.  Bryant denies the remaining allegations of this paragraph.

24       10.     Bryant admits the allegations of this paragraph.

25       11.     Bryant lacks knowledge or information sufficient to form a belief as

26  to the truth of the allegations of this paragraph, and on that basis denies them.

27       12.     Bryant lacks knowledge or information sufficient to form a belief as

28  to the truth of the allegations of this paragraph, and on that basis denies them.

EXHIBIT ___7___, PAGE___95

1        13.    Bryant admits that Isaac Larian is the President and CEO of MGA and

2    an individual residing in the County of Los Angeles. Bryant denies the remaining

3    allegations of this paragraph.

4        14.    Bryant lacks knowledge or information sufficient to form a belief as

5    to the truth of the allegations of this paragraph, and on that basis denies them.

6        15.    Bryant denies the allegations of this paragraph.

7        16.    Bryant admits that Mattel manufactures and markets toys, games,

8    dolls and other consumer products. Bryant lacks knowledge or information

9    sufficient to form a belief as to the truth of the allegations of the second, third, and

10   fourth sentences of this paragraph, and on that basis denies them. Bryant admits

11   that Mattel is a well-known company, and denies all remaining allegations of this

12   paragraph.

13       17.    Bryant admits that Mattel maintains a large design center in El

14   Segundo, California at which many designers, sculptors, painters and other artists

15   work to create Mattel products. Bryant lacks knowledge or information sufficient

16   to form a belief as to the truth of all remaining allegations of this paragraph, and on

17   that basis denies them.

18       18.    Bryant lacks knowledge or information sufficient to form a belief as

19   to the truth of the allegations of this paragraph, and on that basis denies them.

20       19.    Bryant admits that MGA is a toy manufacturer that launched a fashion

21   doll line. Bryant lacks knowledge or information sufficient to form a belief as to

22   the truth of the allegations of the second sentence of this paragraph, and on that

23   basis denies them. Bryant denies that MGA stole a fashion doll that was owned by

24   Mattel, and denies all remaining allegations of this paragraph.

25       20.    Bryant denies all allegations of this paragraph.

26       21.    Bryant admits that he is a former Mattel employee, that he began

27   working for Mattel in September 1995 and worked in Mattel's Design Center as a

28   Barbie product designer, and that he stopped working with Mattel in or about April

1  1998. Bryant denies that he moved to Missouri to live with his parents in or about

2  April 1998. Bryant admits that late in 1998, he applied to Mattel to be rehired, and

3  that on or about January 4, 1999, he began working at Mattel in Mattel's Design

4  Center as a product designer. Bryant denies any remaining allegations of this

5  paragraph.

6      22.    Bryant admits that, upon his return to Mattel in January 1999, he

7  signed the document attached to Mattel's Counterclaims as Exhibit A, which is

8  titled "Employee Confidential Information and Inventions Agreement." Bryant

9  denies all remaining allegations of this paragraph, explicit or implicit, including

10  Mattel's allegations regarding the legal significance of this document.

11      23.    Bryant denies the allegations of this paragraph.

12      24.    Bryant admits that, upon his return to Mattel in January 1999, he

13  signed the document attached to Mattel's Counterclaims as Exhibit B, which is

14  titled "Conflict of Interest Questionnaire." Bryant admits that he disclosed on this

15  document freelance work he had performed while in Missouri for Ashton-Drake,

16  which is unrelated to Mattel's allegations here. Bryant denies all remaining

17  allegations of this paragraph, explicit or implicit, including Mattel's allegations

18  regarding the legal significance of this document.

19      25.    Bryant denies the allegations of this paragraph.

20      26.    Bryant denies the allegations of this paragraph, including all the

21  allegations of each of its sub-paragraphs.

22      27.    Bryant denies the allegations of this paragraph.

23      28.    Bryant denies the allegations of this paragraph.

24      29.    Bryant denies the allegations of this paragraph.

25      30.    Bryant lacks knowledge or information sufficient to form a belief as

26  to the truth of the allegations of this paragraph, and on that basis denies them.

27      31.    Bryant admits that samples of the four original Bratz dolls were

28  shown at the Hong Kong Toy Fair in January 2001. Bryant denies the remaining

EXHIBIT ___7___, PAGE ___97___

1 | allegations of this paragraph.

2      32.    Bryant admits that MGA distributes and sells Bratz and Bratz-related

3 | products in many countries throughout the world. Bryant lacks knowledge or

4 | information sufficient to form a belief as to the truth of the allegations of the

5 | second sentence of this paragraph, and on that basis denies them. Bryant admits

6 | the allegations of the third sentence of this paragraph. Bryant admits that MGA

7 | claims current ownership of Bratz, including the copyrights and copyright

8 | registrations attendant thereto. Bryant admits the allegations of the fifth sentence

9 | of this paragraph. Bryant denies all remaining allegations of this paragraph

10      33.    Bryant denies the allegations of this paragraph.

11      34.    Bryant denies the allegations of this paragraph.

12      35.    Bryant denies the allegations of this paragraph.

13      36.    Bryant admits that he had an agreement with MGA and the terms of

14 | that agreement speak for themselves. Bryant denies all remaining allegations of

15 | this paragraph.

16      37.    Bryant lacks knowledge or information sufficient to form a belief as

17 | to the truth of the allegations of this paragraph, and on that basis denies them.

18      38.    Bryant lacks knowledge or information sufficient to form a belief as

19 | to the truth of the allegations of this paragraph, and on that basis denies them.

20      39.    Bryant lacks knowledge or information sufficient to form a belief as

21 | to the truth of the allegations of this paragraph, and on that basis denies them.

22      40.    Bryant lacks knowledge or information sufficient to form a belief as

23 | to the truth of the allegations of this paragraph, and on that basis denies them.

24      41.    Bryant lacks knowledge or information sufficient to form a belief as

25 | to the truth of the allegations of this paragraph, and on that basis denies them.

26      42.    Bryant lacks knowledge or information sufficient to form a belief as

27 | to the truth of the allegations of this paragraph, and on that basis denies them.

28      43.    Bryant lacks knowledge or information sufficient to form a belief as

EXHIBIT 7 PAGE 98

1   to the truth of the allegations of this paragraph, and on that basis denies them.

2       44.    Bryant lacks knowledge or information sufficient to form a belief as

3   to the truth of the allegations of this paragraph, and on that basis denies them.

4       45.    Bryant lacks knowledge or information sufficient to form a belief as

5   to the truth of the allegations of this paragraph, and on that basis denies them.

6       46.    Bryant lacks knowledge or information sufficient to form a belief as

7   to the truth of the allegations of this paragraph, and on that basis denies them.

8       47.    Bryant lacks knowledge or information sufficient to form a belief as

9   to the truth of the allegations of this paragraph, and on that basis denies them.

10      48.    Bryant lacks knowledge or information sufficient to form a belief as

11  to the truth of the allegations of this paragraph, and on that basis denies them.

12      49.    Bryant lacks knowledge or information sufficient to form a belief as

13  to the truth of the allegations of this paragraph, and on that basis denies them.

14      50.    Bryant lacks knowledge or information sufficient to form a belief as

15  to the truth of the allegations of this paragraph, and on that basis denies them.

16      51.    Bryant lacks knowledge or information sufficient to form a belief as

17  to the truth of the allegations of this paragraph, and on that basis denies them.

18      52.    Bryant lacks knowledge or information sufficient to form a belief as

19  to the truth of the allegations of this paragraph, and on that basis denies them.

20      53.    Bryant lacks knowledge or information sufficient to form a belief as

21  to the truth of the allegations of this paragraph, and on that basis denies them.

22      54.    Bryant lacks knowledge or information sufficient to form a belief as

23  to the truth of the allegations of this paragraph, and on that basis denies them.

24      55.    Bryant lacks knowledge or information sufficient to form a belief as

25  to the truth of the allegations of this paragraph, and on that basis denies them.

26      56.    Bryant lacks knowledge or information sufficient to form a belief as

27  to the truth of the allegations of this paragraph, and on that basis denies them.

28      57.    Bryant lacks knowledge or information sufficient to form a belief as

7

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT ___7___, PAGE ___99___

1  to the truth of the allegations of this paragraph, and on that basis denies them.

2      58.    Bryant lacks knowledge or information sufficient to form a belief as

3  to the truth of the allegations of this paragraph, and on that basis denies them.

4      59.    Bryant lacks knowledge or information sufficient to form a belief as

5  to the truth of the allegations of this paragraph, and on that basis denies them.

6      60.    Bryant lacks knowledge or information sufficient to form a belief as

7  to the truth of the allegations of this paragraph, and on that basis denies them.

8      61.    Bryant lacks knowledge or information sufficient to form a belief as

9  to the truth of the allegations of this paragraph, and on that basis denies them.

10     62.    Bryant lacks knowledge or information sufficient to form a belief as

11 to the truth of the allegations of this paragraph, and on that basis denies them.

12     63.    Bryant lacks knowledge or information sufficient to form a belief as

13 to the truth of the allegations of this paragraph, and on that basis denies them.

14     64.    Bryant lacks knowledge or information sufficient to form a belief as

15 to the truth of the allegations of this paragraph, and on that basis denies them.

16     65.    Bryant lacks knowledge or information sufficient to form a belief as

17 to the truth of the allegations of this paragraph, and on that basis denies them.

18     66.    Bryant lacks knowledge or information sufficient to form a belief as

19 to the truth of the allegations of this paragraph, and on that basis denies them.

20     67.    Bryant lacks knowledge or information sufficient to form a belief as

21 to the truth of the allegations of this paragraph, and on that basis denies them.

22     68.    Bryant lacks knowledge or information sufficient to form a belief as

23 to the truth of the allegations of this paragraph, and on that basis denies them.

24     69.    Bryant lacks knowledge or information sufficient to form a belief as

25 to the truth of the allegations of this paragraph, and on that basis denies them.

26     70.    Bryant lacks knowledge or information sufficient to form a belief as

27 to the truth of the allegations of this paragraph, and on that basis denies them.

28     71.    Bryant lacks knowledge or information sufficient to form a belief as

8

404479.01

EXHIBIT  7  , PAGE  100

1   to the truth of the allegations of this paragraph, and on that basis denies them.

2   72.   Bryant lacks knowledge or information sufficient to form a belief as
3   to the truth of the allegations of this paragraph, and on that basis denies them.

4   73.   Bryant lacks knowledge or information sufficient to form a belief as
5   to the truth of the allegations of this paragraph, and on that basis denies them.

6   74.   Bryant lacks knowledge or information sufficient to form a belief as
7   to the truth of the allegations of this paragraph, and on that basis denies them.

8   75.   Bryant lacks knowledge or information sufficient to form a belief as
9   to the truth of the allegations of this paragraph, and on that basis denies them.

10   76.   Bryant lacks knowledge or information sufficient to form a belief as
11   to the truth of the allegations of this paragraph, and on that basis denies them.

12   77.   Bryant lacks knowledge or information sufficient to form a belief as
13   to the truth of the allegations of this paragraph, and on that basis denies them.

14   78.   Bryant lacks knowledge or information sufficient to form a belief as
15   to the truth of the allegations of this paragraph, and on that basis denies them.

16   79.   Bryant lacks knowledge or information sufficient to form a belief as
17   to the truth of the allegations of this paragraph, and on that basis denies them.

18   80.   Bryant lacks knowledge or information sufficient to form a belief as
19   to the truth of the allegations of this paragraph, and on that basis denies them.

20   81.   Bryant lacks knowledge or information sufficient to form a belief as
21   to the truth of the allegations of this paragraph, and on that basis denies them.

22   **Mattel's First Counterclaim**

23   82.   Bryant repeats and realleges his answers to paragraphs 1 through 81
24   above, as though fully set forth here at length.  Bryant denies any allegations not
25   expressly admitted.

26   83.   Bryant denies the allegations of this paragraph.

27   84.   Bryant denies the allegations of this paragraph.

28   85.   Bryant denies the allegations of this paragraph.

9

EXHIBIT  7 , PAGE  101

1    86.    Bryant denies the allegations of this paragraph.

2    87.    Bryant denies the allegations of this paragraph.

3    **Mattel's Second Counterclaim**

4    88.    Bryant repeats and realleges its answers to paragraphs 1 through 87

5    above, as though fully set forth here at length.  Bryant denies any allegations not

6    expressly admitted.

7    89.    Bryant denies the allegations of this paragraph.

8    90.    Bryant denies the allegations of this paragraph.

9    91.    Bryant denies the allegations of this paragraph.

10    92.    Bryant denies the allegations of this paragraph.

11    93.    Bryant denies the allegations of this paragraph, including the

12    allegations of all of its sub-paragraphs.

13    94.    Bryant denies the allegations of this paragraph.

14    95.    Bryant denies the allegations of this paragraph.

15    96.    Bryant denies the allegations of this paragraph.

16    97.    Bryant denies the allegations of this paragraph.

17    **Mattel's Third Counterclaim**

18    98.    Bryant repeats and realleges its answers to paragraphs 1 through 97

19    above, as though fully set forth here at length.  Bryant denies any allegations not

20    expressly admitted.

21    99.    Bryant denies the allegations of this paragraph.

22    100.    Bryant denies the allegations of this paragraph.

23    101.    Bryant denies the allegations of this paragraph.

24    102.    Bryant denies the allegations of this paragraph.

25    103.    Bryant denies the allegations of this paragraph.

26    104.    Bryant denies the allegations of this paragraph.

27    105.    Bryant denies the allegations of this paragraph.

28

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __7__, PAGE __102__

## **Mattel's Fourth Counterclaim**

106. Bryant repeats and realleges its answers to paragraphs 1 through 105 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

107. Bryant denies the allegations of this paragraph.

108. Bryant denies the allegations of this paragraph.

109. Bryant denies the allegations of this paragraph.

110. Bryant denies the allegations of this paragraph.

111. Bryant denies the allegations of this paragraph.

112. Bryant denies the allegations of this paragraph.

113. Bryant denies the allegations of this paragraph.

114. Bryant denies the allegations of this paragraph.

115. Bryant denies the allegations of this paragraph.

## **Mattel's Fifth Counterclaim**

116. Bryant repeats and realleges its answers to paragraphs 1 through 115 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

117. Bryant denies the allegations of this paragraph.

118. Bryant denies the allegations of this paragraph.

119. Bryant denies the allegations of this paragraph.

120. Bryant denies the allegations of this paragraph.

121. Bryant denies the allegations of this paragraph.

## **Mattel's Sixth Counterclaim**

122. Bryant repeats and realleges its answers to paragraphs 1 through 122 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

123. Bryant denies the allegations of this paragraph.

124. Bryant denies the allegations of this paragraph.

11

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __7__, PAGE __103__

125.   Bryant denies the allegations of this paragraph.

126.   Bryant denies the allegations of this paragraph.

127.   Bryant denies the allegations of this paragraph.

128.   Bryant denies the allegations of this paragraph.

### Mattel's Seventh Counterclaim

129.   Bryant repeats and realleges its answers to paragraphs 1 through 128 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

130.   Bryant denies the allegations of this paragraph.

131.   Bryant denies the allegations of this paragraph.

132.   Bryant denies the allegations of this paragraph.

133.   Bryant denies the allegations of this paragraph.

134.   Bryant denies the allegations of this paragraph.

135.   Bryant denies the allegations of this paragraph.

### Mattel's Eighth Counterclaim

136.   Bryant repeats and realleges its answers to paragraphs 1 through 135 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

137.   Bryant denies the allegations of this paragraph.

138.   Bryant denies the allegations of this paragraph.

139.   Bryant denies the allegations of this paragraph.

140.   Bryant denies the allegations of this paragraph.

141.   Bryant denies the allegations of this paragraph.

### Mattel's Ninth Counterclaim

142.   Bryant repeats and realleges its answers to paragraphs 1 through 141 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

143.   Bryant denies the allegations of this paragraph.

12

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __7__, PAGE __104__

144. Bryant denies the allegations of this paragraph.

145. Bryant denies the allegations of this paragraph.

146. Bryant denies the allegations of this paragraph.

147. Bryant denies the allegations of this paragraph.

148. Bryant denies the allegations of this paragraph

### Mattel's Tenth Counterclaim

149. Bryant repeats and realleges its answers to paragraphs 1 through 148 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

150. Bryant denies the allegations of this paragraph.

151. Bryant denies the allegations of this paragraph.

152. Bryant denies the allegations of this paragraph.

153. Bryant denies the allegations of this paragraph.

154. Bryant denies the allegations of this paragraph.

### Mattel's Eleventh Counterclaim

155. Bryant repeats and realleges its answers to paragraphs 1 through 154 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

156. Bryant denies the allegations of this paragraph.

157. Bryant denies the allegations of this paragraph.

158. Bryant denies the allegations of this paragraph.

159. Bryant denies the allegations of this paragraph.

160. Bryant denies the allegations of this paragraph.

161. Bryant denies the allegations of this paragraph.

162. Bryant denies the allegations of this paragraph.

### Mattel's Twelfth Counterclaim

163. Bryant repeats and realleges its answers to paragraphs 1 through 162 above, as though fully set forth here at length. Bryant denies any allegations not

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __7__, PAGE __105__

1 | expressly admitted.

2 | 164. Bryant admits the allegation of this paragraph regarding the contents

3 | of section 17200 of the California Business and Professions Code, but denies that

4 | Mattel is entitled to any relief or recovery whatsoever on its claims.

5 | 165. Bryant denies the allegations of this paragraph.

6 | 166. Bryant denies the allegations of this paragraph.

7 | **Mattel's Thirteenth Counterclaim**

8 | 167. Bryant repeats and realleges its answers to paragraphs 1 through 166

9 | above, as though fully set forth here at length. Bryant denies any allegations not

10 | expressly admitted.

11 | 168. Bryant admits that an actual controversy exists between the parties,

12 | because of Mattel's campaign of harassing litigation, but denies all other

13 | allegations of this paragraph, and denies that Mattel is entitled to any relief or

14 | recovery whatsoever.

15 | 169. Bryant admits that Mattel seeks the relief recited in this paragraph, but

16 | denies all remaining allegations of this paragraph, and denies that Mattel is entitled

17 | to any relief or recovery whatsoever.

18 | 170. Bryant admits that Mattel seeks the relief recited in this paragraph, but

19 | denies all remaining allegations of this paragraph, and denies that Mattel is entitled

20 | to any relief or recovery whatsoever.

21 | **Prayer for Relief**

22 | This section of Mattel's counterclaims contains no factual allegations, and

23 | requires no response. Bryant denies that Mattel is entitled to any relief whatsoever,

24 | and respectfully requests judgment dismissing Mattel's counterclaims with

25 | prejudice and with costs and attorneys' fees to Bryant, as may be allowed by law,

26 | and whatever other relief to Bryant the Court deems appropriate.

27 | Except as specifically admitted above, Bryant denies each and every

28 | allegation in Mattel's counterclaims.

14

## Affirmative Defenses

Bryant states the following affirmative defenses, but does so without assuming the burden of proof on any defense or issue for which that burden rests with Mattel or any other party, and without admitting any wrongful conduct by any defendant or that Mattel has any right to relief of any kind:

### First Affirmative Defense (Unclean Hands)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of unclean hands. Mattel's conduct towards Bryant and MGA regarding the matters at issue in this litigation has been unfair, and Mattel is undeserving of any relief against Bryant. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later.

### Second Affirmative Defense (Waiver)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of waiver. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Mattel was aware of the relevant facts regarding Mr. Bryant's work for MGA, but intentionally waived and chose to forgo asserting any rights over the Bratz dolls until years later. Mattel has also tolerated conduct by other employees similar to the alleged conduct by Bryant on which Mattel now bases its contract and related claims.

EXHIBIT ___7___, PAGE ___107___

### Third Affirmative Defense (Estoppel)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of estoppel. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls, and was thus apprised of the relevant facts. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Mattel either intended that its conduct would be acted upon by Bryant to continue working for a competitor, or Mattel acted in such a way that Bryant had a right to believe it was so intended. Bryant was unaware that Mattel asserted any right over the Bratz dolls or that Mattel would claim that his work for MGA was improper. Should Mattel prevail in this litigation, Bryant would have relied on Mattel's conduct to his detriment. Accordingly, Mattel should be estopped from belatedly raising its claims.

### Fourth Affirmative Defense (Laches)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of laches. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls. Mattel thus was apprised of the relevant facts. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Accordingly, laches should bar Mattel from belatedly raising its claims.

### Fifth Affirmative Defense (Consent)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of consent. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and

16

1   Mattel shortly thereafter began investigating what it suspected to be wrongdoing in

2   connection with the Bratz dolls.   Mattel thus was apprised of the relevant facts.

3   Yet, Mattel waited and said nothing while the dolls were successfully (and at great

4   cost) developed, manufactured and sold, and only filed suit years later.  Mattel has

5   also tolerated conduct by other employees similar to the alleged conduct by Bryant

6   on which Mattel now bases its contract and related claims.

### Sixth Affirmative Defense (Statute of Limitations)

8       Mattel's counterclaims, and each claim for relief, are barred by the

9   applicable statutes of limitations, including but not limited to Code of Civil

10  Procedure §§ 337, 339, 343, and 338(c).

### Seventh Affirmative Defense (Failure to Mitigate Damages)

12      With respect to any alleged damages (the existence of which Bryant denies),

13  Mattel failed to mitigate its damages.  For example, Mattel believed from the time

14  that Bryant left Mattel's employ that he was going to perform work for a Mattel

15  competitor.  However, Mattel failed to take action to minimize any alleged

16  damages that arose from Bryant's work for said competitor.

### Eighth Affirmative Defense (Lack of Causation)

18      Any losses or harms allegedly sustained by Mattel resulted from causes

19  other than any act or omission of Bryant, including but not limited to Mattel's own

20  acts or omissions.  For example, Mattel believed from the time that Bryant left

21  Mattel's employ that he was going to perform work for a Mattel competitor.

22  However, Mattel failed to take action to minimize any alleged damages that arose

23  from Bryant's work for said competitor.

### Ninth Affirmative Defense (Lack of Standing)

25      Mattel's counterclaims are barred in whole or in part by its lack of standing,

26  in that Mattel does not own any valid copyright interests in the copyrights that it

27  seeks to assert against Bryant.  In particular, Mattel does not own any valid

28  copyright interest in the following copyrights it seeks to assert against Bryant:  VA

17

1   1-378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-378-652, VA 1-

2   378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-657, VA 1-

3   378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271, and VAu

4   715-273.

5   **Tenth Affirmative Defense (Information Readily Ascertainable)**

6       Bryant cannot be liable, either on his own account or by association with

7   MGA or other defendants, for alleged misappropriation of information that was

8   readily ascertainable by proper means at the time of the alleged acquisition or use.

9   Such information includes, but is not limited to, the identity of hair manufacturers.

10   **Eleventh Affirmative Defense (Lack of Ownership)**

11       Mattel is neither the legal nor beneficial owner in the copyrights purportedly

12   at issue, including the following copyrights which Mattel purports to own:  VA 1-

13   378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-378-652, VA 1-

14   378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-657, VA 1-

15   378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271, and VAu

16   715-273.

17   **Twelfth Affirmative Defense (Copyright Invalidity)**

18       Mattel's purported copyrights, including VA 1-378-648, VA 1-378-649, VA

19   1-378-650, VA 1-378-651, VA 1-378-652, VA 1-378-653, VA 1-378-654, VA 1-

20   378-655, VA 1-378-656, VA 1-378-657, VA 1-378-658, VA 1-378-659, VA 1-

21   378-660, VAu 715-270, VAu 715-271, and VAu 715-273, are invalid.

22   **Thirteenth Affirmative Defense (No Statutory Damages or Attorney's Fees)**

23       Mattel is barred from recovering statutory damages and/or attorneys' fees

24   because it failed to register the copyrights that are purportedly at issue within the

25   time required by 17 U.S.C. § 412.

26   **Fourteenth Affirmative Defense (Joinder in Defenses of Co-Defendants)**

27       Bryant hereby adopts and incorporates by this reference any and all other

28   affirmative defenses that have been or will be asserted by any other defendant

EXHIBIT _____7_____, PAGE _110_

1   (including MGA) in this litigation to the extent that defendants may share in such

2   affirmative defenses.

3

4       Bryant has not knowingly and intentionally waived any applicable

5   affirmative defense and reserves the right to raise additional affirmative defenses

6   as they become known to him through discovery in this litigation.  In stating the

7   above affirmative defenses, Bryant also does not in any way waive or limit any

8   defenses raised by its denials of Mattel's allegations above.  Bryant further

9   reserves the right to amend his answer and/or affirmative defenses accordingly

10  and/or to delete affirmative defenses that he determines during later discovery are

11  not applicable.

12                    **Prayer for Relief**

13       WHEREFORE, Bryant respectfully requests relief as follows:

14       1.     That Mattel's counterclaims be dismissed with prejudice;

15       2.     That Mattel take nothing by its counterclaims;

16       3.     That Mattel's request for injunctive and other equitable relief be

17   denied;

18       4.     That Bryant be awarded the cost of this litigation, including

19   reasonable attorneys' fees and interest; and

20       5.     That Bryant receive such other relief as the Court may deem proper.

21

22                    Respectfully submitted,

23   Dated:  October 16, 2007        KEKER & VAN NEST, LLP

24

25

26                By: _____

                    CHRISTA M. ANDERSON

27                    Attorneys for Plaintiff

                    CARTER BRYANT

28

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

404479.01

EXHIBIT \_\_7\_\_, PAGE \_\_111\_\_

1

## DEMAND FOR JURY TRIAL

2

3    Bryant respectfully requests a trial by jury for all issues so triable.

4

5    Dated: October 16, 2007                 KEKER & VAN NEST, LLP

6

7                                      By: _____

8                                           CHRISTA M. ANDERSON
                                            Attorneys for Plaintiff
9                                           CARTER BRYANT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

404479.01

EXHIBIT ___7___, PAGE ___112___

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On October 16, 2007, I served the following document(s):

**CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS**

**DEMAND FOR JURY TRIAL**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel: 213/443-3000
Fax: 213/443-3100
johnquinn@quinnemanuel.com
michaelzeller@quinnemanuel.com

Thomas J. Nolan
Skadden Arps Slate Meagher & Flom
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel: 213/687-5000
Fax: 213/687-5600
tnolan@skadden.com

Executed on October 16, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Julie A. Selby_
JULIE A. SELBY

EXHIBIT 8

RECEIVED

MAY 6 2005

1  DIANA M. TORRES (S.B. #162284)
   PAULA E. AMBROSINI (S.B. #193126)
2  ALICIA C. MEYER (S.B. #230189)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, CA 90071-2899
4  Telephone: (213) 430-6000
   Facsimile:  (213) 430-6407
5  email:      dtorres@omm.com

6  DALE M. CENDALI (*admitted pro hac vice*)
   O'MELVENY & MYERS, LLP
7  Times Square Tower
   7 Times Square
8  New York, New York 10036
   Telephone: (212) 326-2000
9  Facsimile:  (212) 326-2061

10 Attorneys for Defendant-in-Intervention
   MGA Entertainment, Inc.

11

12

13

14

15

16

17 MATTEL, INC.,

18         Plaintiff,

19    v.

20 CARTER BRYANT and MGA
   ENTERTAINMENT, INC.,

21         Defendant and
22         Defendant-in-
           Intervention.

23

24

25

26

27 AND RELATED CROSS-CLAIMS

28

FILED
CLERK, U.S. DISTRICT COURT

MAY - 4 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

Priority  ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No.  CV 04-09059 NM (RNBx)

**DISCOVERY MATTER**

**STIPULATION AND [PROPOSED]
ORDER RE CERTAIN DISCOVERY
ISSUES**

Magistrate Judge:  Hon. Robert N. Block

No Hearing Required

Discovery Cut Off:      TBD
Pretrial Conference:    TBD
Trial:                  TBD

Judge:          Hon. Nora M. Manella

DOCKETED ON CM

MAY - 4 2005

BY          110

198

STIPULATION AND [PROPOSED] ORDER
RE DISCOVERY ISSUES
CV 04-09059 NM (RNBX)

EXHIBIT __8__, PAGE __114__

LODGED

2005 MAY -3 PM 3:15
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

**CALENDARED**

EXHIBIT __8__ PAGE 115

1    WHEREAS certain discovery disputes between Plaintiff Mattel Inc.

2    ("Mattel") and Defendant-in-Intervention MGA Entertainment, Inc. ("MGA") have

3    arisen; and

4    WHEREAS Mattel and MGA have reached certain agreements resolving

5    such disputes;

6    THEREFORE, Mattel and MGA by and through their attorneys of record

7    hereby stipulate as follows:

8    1.    Mattel and MGA shall mutually and simultaneously exchange the

9    discovery listed below on May 16, 2005 commencing at 10:00 a.m.:

10   Mattel shall:

11   a.  designate and identify the witness(es) who will testify pursuant to

12   Federal Rule of Civil Procedure 30(b)(6), as agreed at the March 15, 2005

13   meeting of counsel, concerning the subjects listed in the 30(b)(6) deposition

14   notice served by Carter Bryant on or about January 11, 2005 as agreed to by

15   Bryant and Mattel in the March 15, 2005 meeting of counsel and as reflected

16   in the transcript of that meeting;

17   b.    supplement its responses to Carter Bryant's First Set of

18   Interrogatories and provide the file listing, as discussed and agreed at the

19   meeting of counsel on March 15, 2005 (see, e.g., Transcript of March 15th

20   Rule 37-1 conference at 405:6-25 – 406:1-16), provided that the service of

21   the file listing shall not be deemed a waiver of any privilege or protection;

22   c.    supplement or correct its June 28, 2004 initial Rule 26

23   disclosure to (1) identify additional witnesses to the extent required under the

24   Rule; (2) identify the subjects of the information known by each witness

25   identified in Mattel's disclosure; and (3) make available for inspection and

26

27

28

STIPULATION AND [PROPOSED] ORDER
RE DISCOVERY ISSUES
CV 04-09059 NM (RNBX)

EXHIBIT __8__ PAGE 116

copying, in good faith, all other documents identified pursuant to Rule 26 to the extent such documents have not yet been produced to MGA and/or Bryant and are not being withheld on grounds of privilege;

     d.   make available for inspection and copying, in good faith, all documents that Mattel has identified, to date, as being responsive to the document requests served, to date, by Carter Bryant and the document requests served (but excluding MGA's Second Set of Requests for Production of Documents), to date, by MGA, to the extent such documents have not yet been produced to MGA and/or Bryant and are not being withheld from production pursuant to good faith objections, including, without limitation, the originals of the "Toon Teens" documents that Mattel produced as M12564-12618, and all other documents in Mattel's possession related to the "Toon Teens" project and/or Ms. Martinez' role in the project, which were requested, for instance, in MGA's document requests numbers 82-111; and

     e.   supplement its privilege log, in good faith, corresponding to the responsive documents redacted or withheld from production on the grounds of privilege;

     <u>MGA shall:</u>

     a.   identify the witness(es) who will testify pursuant to the Federal Rule of Civil Procedure 30(b)(6) deposition notice served by Mattel on February 16, 2005, and propose dates for the deposition of the witness(es) as agreed by counsel and as will be documented no later than Thursday, May 5, 2005;

STIPULATION AND [PROPOSED] ORDER
RE DISCOVERY ISSUES
CV 04-09059 NM (RNBX)

EXHIBIT 8 PAGE 117

b.      supplement or correct its January 6, 2005 initial Rule 26 disclosure to (1) identify additional witnesses to the extent required under the Rule; (2) identify the subjects of the information known by each witness identified in MGA's disclosure; (3) make available for inspection and copying, in good faith, all other documents identified pursuant to Rule 26, to the extent such documents have not yet been produced to Mattel by MGA and/or Bryant and are not being withheld on grounds of privilege, including, without limitation, documents relating to the negotiation of MGA's contract with Carter Bryant dated as of September 18, 2000 and documents relating to the design and development of the first generation of "Bratz";

c.      make available for inspection and copying, in good faith, all documents that MGA has identified, to date, as being responsive to the documents requests served by Mattel on March 14, 2005, to the extent such documents have not yet been produced and are not being withheld from production pursuant to good faith objections; and

d.      provide its privilege log, in good faith, corresponding to the responsive documents redacted or withheld from production on the grounds of privilege.

2.      Mattel shall produce Lily Martinez for deposition on May 18, 19 or 20 2005 (which date shall be mutually agreed upon by counsel by Thursday, May 5,

STIPULATION AND [PROPOSED] ORDER RE DISCOVERY ISSUES
CV 04-09059 NM (RNBX)

EXHIBIT ___8___, PAGE __118

1   2005) commencing at 9:30 a.m. at the offices of O'Melveny and Myers, LLP, 1999

2   Avenue of the Stars, 7th Floor, Los Angeles, California  90067.

3

4   **SO STIPULATED:**

5       Dated:      May __, 2005          DIANA M. TORRES
                                          PAULA E. AMBROSINI
6                                         ALICIA C. MEYER
                                          O'MELVENY & MYERS LLP
7

8                                         By:_____
                                              Paula E. Ambrosini
9                                         Attorneys for Defendant-in-Intervention
                                          MGA Entertainment, Inc.
10      Dated:      May __, 2005          MICHAEL T. ZELLER
11                                        JON D. COREY
                                          QUINN, EMANUEL, URQUHART,
12                                        OLIVER & HEDGES LLP

13                                        By:_____
14                                            Jon D. Corey
                                          Attorneys for Plaintiff Mattel, Inc.
15      Dated:      May 3, 2005           DOUGLAS A. WICKHAM
16                                        KEITH A. JACOBY
                                          LITTLER, MENDELSON, P.C.
17
18                                        By: _____
                                              Douglas A. Wickham
19                                        Attorneys for Defendant Carter Bryant
20  **SO ORDERED:**
21      Dated:      May __, 2005
22
                                          _____
23                                        Hon. Robert N. Block
                                          Magistrate Judge for the United States
                                          District Court of the Central District of
24                                        California
25
26
27
28
                                     4    STIPULATION AND [PROPOSED] ORDER
                                          RE DISCOVERY ISSUES
                                          CV 04-09059 NM (RNBX)

EXHIBIT  8 , PAGE  119

1    2005) commencing at 9:30 a.m. at the offices of O'Melveny and Myers, LLP, 1999

2    Avenue of the Stars, 7th Floor, Los Angeles, California  90067.

3

4    **SO STIPULATED:**

5        Dated:        May 3, 2005            DIANA M. TORRES
                                              PAULA E. AMBROSINI
6                                             ALICIA C. MEYER
                                              O'MELVENY & MYERS LLP
7
8                                             By: _____
                                                  Paula E. Ambrosini
9                                             Attorneys for Defendant-in-Intervention
                                              MGA Entertainment, Inc.
10       Dated:        May 2, 2005            MICHAEL T. ZELLER
11                                            JON D. COREY
                                              QUINN, EMANUEL, URQUHART,
12                                            OLIVER & HEDGES LLP
13
                                              By: _____
14                                                Jon D. Corey
                                              Attorneys for Plaintiff Mattel, Inc.
15       Dated:        May ___, 2005          DOUGLAS A. WICKHAM
16                                            KEITH A. JACOBY
                                              LITTLER, MENDELSON, P.C.
17
18                                            By: _____
                                                  Douglas A. Wickham
19                                            Attorneys for Defendant Carter Bryant
20    **SO ORDERED:**
21       Dated:        May 4, 2005
22
                                              _____
23                                            Hon. Robert N. Block
                                              Magistrate Judge for the United States
24                                            District Court of the Central District of
                                              California
25
26
27
28
                          4          STIPULATION AND [PROPOSED] ORDER
                                         RE DISCOVERY ISSUES
                                         CV 04-09059 NM (RNBX)

EXHIBIT ___8___, PAGE __120__

EXHIBIT 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARTER BRYANT, an
individual,

      Plaintiff,

    vs.

MATTEL, INC., a Delaware
corporation,

      Defendants.

No. CV 04-9049 SGL
(RNBx)

**CERTIFIED**
**COPY**

Consolidated with MATTEL, INC. v.
BRYANT and MGA ENTERTAINMENT, INC.
v. MATTEL, INC.

HEARING BEFORE THE HONORABLE EDWARD A. INFANTE

San Francisco, California

Friday, December 14, 2007

Reported by:
DANA M. FREED
CSR No. 10602

JOB No. 76864

EXHIBIT 9, PAGE 121

1                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
2                        EASTERN DIVISION

3

4    CARTER BRYANT, an
     individual,
5
              Plaintiff,
6
          vs.                          No. CV 04-9049 SGL
7                                         (RNBx)
     MATTEL, INC., a Delaware
8    corporation,

9             Defendants.

10   _____

     Consolidated with MATTEL, INC. v.
11   BRYANT and MGA ENTERTAINMENT, INC.
     v. MATTEL, INC.
12   _____

13

14            Hearing before the Honorable Edward A. Infante,

15   at JAMS, Two Embarcadero Center, Suite 1500, San Francisco,

16   California, beginning at 10:49 a.m. and ending at

17   12:43 p.m. on Friday, December 14, 2007, before

18   DANA M. FREED, Certified Shorthand Reporter No. 10602.

19

20

21

22

23

24

25

                                                              2

EXHIBIT ___9___, PAGE _122_

```
1    APPEARANCES:

2

3    For the Plaintiff CARTER BRYANT, an individual:

4         KEKER & VAN NEST LLP
          BY:   MICHAEL H. PAGE
5               JOHN TRINIDAD
                CHRISTA MARTINE ANDERSON
6         Attorneys at Law
          710 Sansome Street
7         San Francisco, California 94111-1704
          415.391.5400
8

     For the Defendant MATTEL, INC., a Delaware
9    corporation:

10        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
          BY:   JOHN B. QUINN
11              JON COREY
                SCOTT B. KIDMAN
12              B. DYLAN PROCTOR
          Attorneys at Law
13        865 Figueroa Street, 10th Floor
          Los Angeles, California 90017
14        213.443.3000

15   For the Defendants MGA Entertainment, Inc., MGA
     Entertainment (HK) Limited, and Isaac Larian:
16
          SKADDEN ARPS SLATE MEAGHER & FLOM LLP
17        BY:   RAOUL D. KENNEDY
                THOMAS J. NOLAN
18              AMY S. PARK
          Attorneys at Law
19        Four Embarcadero Center, 38th Floor
          San Francisco, California 94111-5974
20        415.984.6400

21   Also Present:

22        CRAIG HOLDEN, MGA Entertainment

23

24

25
```

3

EXHIBIT ___9___, PAGE 123

1        San Francisco, California, Friday, December 14, 2007

2                   10:49 a.m. - 12:43 p.m.

3

4            JUDGE INFANTE:  Let's begin with counsel.  If

5    you could please enter your appearances, please.

6    First for Mattel.

7            MR. QUINN:  John Quinn appearing for Mattel.

8            MR. COREY:  Jon Corey on behalf of Mattel.

9            MR. KIDMAN:  Scott Kidman for Mattel.

10           MR. PROCTOR:  B. Dylan Proctor for Mattel.

11           MS. ANDERSON:  Your Honor, Christa Martine

12   Anderson for Carter Bryant.

13           JUDGE INFANTE:  Okay.

14           MR. PAGE:  Michael Page for Carter Bryant.

15           MR. TRINIDAD:  John Trinidad for Carter

16   Bryant.

17           MR. HOLDEN:  Craig Holden for MGA.

18           MS. PARK:  Amy Park for MGA.

19           MR. NOLAN:  Tom Nolan for MGA.

20           MR. KENNEDY:  Raoul Kennedy also for MGA.

21           JUDGE INFANTE:  Thank you.

22           I received the parties' joint report

23   regarding motions scheduled to be heard as to which

24   motions you had resolved through your meet and confer

25   process, which motions needed a decision.  That report

EXHIBIT ____9____, PAGE __124__

1    mode.   In other words, notwithstanding local rules

2    7-19, I find reconsideration is appropriate in view of

3    the new information submitted yesterday regarding

4    withdrawn defenses in an amended pleading.   That

5    affects the entire balance of relevancy versus burden.

6    So I'm back in the starting gate on this motion.

7    I will take it under submission.

8             MR. PAGE:   Your Honor, would you entertain

9    brief letter briefs on the reasons this material is

10   still relevant?   I think it's clearly relevant way

11   beyond those defenses.

12            JUDGE INFANTE:   I think this is becoming such

13   a paper motion, I think it would help me if I got

14   entirely new briefs from both sides on the question

15   because it's a moving target.   It is a moving target.

16   And I'm not saying there's not justification for the

17   moving target.

18            So I think what I'd like to do is give you an

19   opportunity to recast your motion for reconsideration,

20   give you an opportunity to respond to it and clearly

21   explain the basis of relevancy notwithstanding a

22   change in the pleadings.   I think that would put the

23   thing in better order.   And then I could hear it at

24   our next hearing.

25            MR. NOLAN:   Right.   Your Honor, as

EXHIBIT ___9___, PAGE __125__

1         I, the undersigned, a Certified Shorthand

2  Reporter of the State of California, do hereby certify:

3         That the foregoing proceedings were taken

4  before me at the time and place herein set forth; that

5  any witnesses in the foregoing proceedings, prior to

6  testifying, were duly sworn; that a record of the

7  proceedings was made by me using machine shorthand

8  which was thereafter transcribed under my direction;

9  that the foregoing transcript is a true record of the

10  testimony given.

11         Further, that if the foregoing pertains to

12  the original transcript of a deposition in a Federal

13  Case, before completion of the proceedings, review of

14  the transcript [  ] was [  ] was not requested.

15         I further certify I am neither financially

16  interested in the action nor a relative or employee

17  of any attorney or party to this action.

18         IN WITNESS WHEREOF, I have this date

19  subscribed my name.

20

21  Dated:   DEC 1 7 2007

22

23                                    DANA M. FREED

24                                    CSR No. 10602

25

EXHIBIT 9 , PAGE 126