THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: rkennedy@skadden.com

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Isaac Larian

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MATTEL, INC., a Delaware corporation<br><br>　　　　　Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]**<br><br>**DECLARATION OF PHILIP W. MARSH IN SUPPORT OF MGA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL'S MOTION TO ENFORCE THE MAY 15, 2007 ORDER OF THE DISCOVERY MASTER REGARDING PRODUCTION OF LARIAN V. LARIAN DOCUMENTS AND FOR SANCTIONS**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD |

I, Philip W. Marsh, declare as follows:

I am an associate of the firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), which is counsel of record for MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Limited ("MGA HK"), Isaac Larian, and MGAE de Mexico S.R.L. de C.V. ("MGA Mexico") (collectively the "MGA Defendants"). I am one of Skadden's lawyers assigned to the above-captioned litigation (the "Case"). Except where otherwise indicated, I have personal knowledge of the following and, if called upon to do so, could competently testify as follows.

1. Since litigation commenced in this case nearly four years ago, Mattel has served the MGA Defendants with nine sets of document requests to MGA, two sets of document requests to Isaac Larian, two sets of document requests to MGA HK, and two sets of document requests to MGA Mexico. In total, Mattel has served more than 2,300 individual document requests.

2. Attached as Exhibit A is a true and correct copy of the Transcript of the December 14, 2007 hearing relating to the omnibus discovery motions.

3. Attached as Exhibit B is a true and correct copy of Discovery Master Infante's May 15, 2007 Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA.

4. Attached as Exhibit C is a true and correct copy of a letter from Juan Pablo Alban, counsel for Mattel, to Timothy A. Miller and Marcus Mumford, counsel for the MGA Defendants, dated December 7, 2007.

5. Attached as Exhibit D is a true and correct copy of a letter from José Allen, counsel for the MGA Defendants, to B. Dylan Proctor and Juan Pablo Alban, counsel for Mattel, dated December 11, 2007.

6. Attached as Exhibit E is a true and correct copy of an email exchange between José Allen to Juan Pablo Alban, dated December 11, 2007.

1

DECLARATION OF PHILIP W. MARSH IN SUPPORT OF MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE THE MAY 15, 2007 ORDER REGARDING PRODUCTION OF LARIAN V. LARIAN DOCUMENTS

7. The parties met and conferred by telephone on December 14, 2007 and December 20, 2007 regarding the documents from the *Larian v. Larian* proceedings. I participated in both telephone conferences, as did José Allen for the MGA Defendants and Juan Pablo Alban for Mattel.

8. During the December 14, 2007 conference of counsel, Mr. Alban confirmed that Mattel was not seeking to have MGA produce documents that Mattel already had, including pleadings and other documents that Mattel has attached to its pleadings. Mr. Alban identified five categories of documents from the *Larian v. Larian* proceedings that he said Mattel was seeking to obtain from MGA. Mr. Allen told Mr. Alban that he would look into these categories, and get back to him. The parties agreed to schedule a second meeting on December 21, 2007, which was Mr. Alban subsequently asked Mr. Allen to reschedule to December 20, 2007 to accommodate Mr. Alban's holiday travel.

9. Attached as Exhibit F is a true and correct copy of an email exchange between José Allen to Juan Pablo Alban, dated December 14, 2007.

10. Attached as Exhibit G is a true and correct copy of an email exchange between Juan Pablo Alban and Alisa Morgenthaler Lever, counsel for Farhad Larian, dated December 19, 2007.

11. Attached as Exhibit H is a true and correct copy of a letter from José Allen to Juan Pablo Alban, dated December 21, 2007, summarizing the December 20, 2007 conference of counsel.

12. On December 20, 2007, I and other attorneys at Skadden spoke by telephone with attorneys at O'Melveny & Myers LLP, MGA's prior counsel, regarding document collection and production issues, and to determine the scope of production as well as any areas requiring possible supplementation. These discussions were at least partially driven by concerns raised by Mattel during the December 14, 2007 conference of counsel.

2

DECLARATION OF PHILIP W. MARSH IN SUPPORT OF MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE THE MAY 15, 2007 ORDER REGARDING PRODUCTION OF LARIAN V. LARIAN DOCUMENTS

13. In response to concerns raised by Mattel during the December 14, 2007, I and other attorneys and staff at Skadden have also searched MGA's document production database to determine the scope of MGA's production and any areas requiring possible supplementation. Additionally, I and other attorneys and staff at Skadden worked with MGA to initiate searches of MGA's files to determine if it has any responsive documents that would require collection and a supplemental production.

14. During the December 20, 2007 conference of counsel, José Allen, for MGA, proposed that, because of the difficulty in determining which documents from the *Larian v. Larian* proceedings had already been produced, the most efficient way to address Mattel's concerns regarding the documents would be to undertake a new search for documents. Mr. Allen also proposed that the MGA Defendants would provide Mattel with a timetable for producing any documents that might need to be produced by December 27, 2007, noting that, because of the holiday season, it would likely take some time to obtain necessary information from the client. Mr. Alban indicated that Mr. Allen's proposal to undertake a new search and to provide Mattel a timetable for any necessary production was acceptable to him, but that his agreement was subject to final approval by his superiors. He then indicated that would check with his superiors and get back to Mr. Allen.

15. Attached as Exhibit I is a true and correct copy of an email and attached letter from Juan Pablo Alban to José Allen, dated December 20, 2007 and sent at 10:24 p.m., PST.

16. Attached as Exhibit J is a true and correct copy of an email from Jon Corey, counsel for Mattel, dated December 21, 2007, by which Mattel forwarded the instant motion to enforce at 5:20 p.m., PST.

3

DECLARATION OF PHILIP W. MARSH IN SUPPORT OF MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE THE MAY 15, 2007 ORDER REGARDING PRODUCTION OF LARIAN V. LARIAN DOCUMENTS

17. Attached as Exhibit K is a true and correct copy of a letter from Jon Corey to Thomas Nolan, counsel for the MGA Defendants, and Alisa Morgenthaler-Lever, counsel for Farhad Larian, dated November 26, 2007.

18. Attached as Exhibit L is a true and correct copy of the Protective Order dated November 16, 2005 and entered in the *Larian v. Larian* arbitration captioned ADRS Case No.: 05-2096-ABH.

19. Attached as Exhibit M is a true and correct copy of the Stipulation and Protective Order dated September 23, 2004 and entered in the *Larian v. Larian* state court proceeding in Los Angeles Superior Court Case No. BC301371.

20. Attached as Exhibit N is a true and correct copy of a letter from Amy Park to Jon Corey, dated November 28, 2007.

21. On November 29, 2007, counsel for the parties met and conferred by telephone to discuss various discovery issues, including modification of the protective orders in the *Larian v. Larian* proceedings. I participated in that telephone conference.

22. Attached as Exhibit O is a true and correct copy of an email exchange between Jon Corey and Raoul Kennedy, counsel for the MGA Defendants, including an email from Mr. Corey to Mr. Kennedy dated December 4, 2007, and a reply email from Mr. Kennedy to Mr. Corey dated December 5, 2007.

23. Attached as Exhibit P is a true and correct copy of a letter from Alisa Morgenthaler Lever to Juan Pablo Alban, dated December 6, 2007.

24. Attached as Exhibit Q is a true and correct copy of a letter from José Allen to Jon Corey dated December 6, 2007.

25. Attached as Exhibit R is a true and correct copy of a letter from Jon Corey to José Allen, dated December 12, 2007.

26. Attached as Exhibit S is a true and correct copy of a letter from José Allen to Jon Corey, dated December 24, 2007.

27. Attached as Exhibit T is a true and correct copy of the declaration of Ernest Dutcher (without exhibits) reproduced from the Alban Declaration, Ex. 6 in support of Mattel's present Motion to Enforce.

28. Attached as Exhibit U is a true and correct copy of an Agreement to Arbitrate and Selection of Arbitrator, reproduced from the December 10, 2007 Alban Declaration, Ex. 2, in support of Mattel's Motion to Compel Isaac Larian to Produce Documents (argued on December 14, 2007).

29. Attached as Exhibit V is a true and correct copy of letter from Larry Feldman of Kaye Scholer to Don Howarth of Howarth & Smith, reproduced from the Alban Declaration, Ex. 36, in support of Mattel's Motions to Compel Non-Parties Farhad Larian and Stern & Goldberg to Produce Documents filed on December 7, 2007 (signed December 6, 2007).

30. Attached as Exhibit W is a true and correct copy of Mattel, Inc.'s First Set of Request for Documents and Things re: Claims of Unfair Competition to MGA Entertainment, Inc. Among other things, this set of requests seeks (1) MGA's "quarterly and annual profit and loss statements (both audited and unaudited) for the years 2000 through the present, inclusive" [Request No. 157]; (2) MGA's "quarterly and financial statements (both audited and unaudited) for the years 2000 through the present, inclusive" [Request No. 158]; and (3) MGA's "annual reports for each of the years 2000 through the present, inclusive" [Request No. 159]. In opposition to Mattel's motion to compel production by Isaac Larian, Mr. Larian indicated that Mattel had already obtained documents responsive to these requests from MGA. In its reply, Mattel did not refute that statement.

31. Attached as Exhibit X is a true and correct copy of letter from Judge Alan B. Haber (ret.) Arbitrator to Messrs. Richard Kellner, Robert G. Wilson, Larry R. Feldman, reproduced from the Alban Declaration, Ex. 49, in support of Mattel's

DECLARATION OF PHILIP W. MARSH IN SUPPORT OF MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE THE MAY 15, 2007 ORDER REGARDING PRODUCTION OF LARIAN V. LARIAN DOCUMENTS

Motions to Compel Non-Parties Farhad Larian and Stern & Goldberg to Produce Documents filed on December 7, 2007 (signed December 6, 2007).

32. Attached as Exhibit Y is a true and correct copy of the Final Arbitration Award and dismissing all claims with prejudice, reproduced from the December 10, 2007 Alban Declaration, Ex. 13, in support of Mattel's Motion to Compel Isaac Larian to Produce Documents (argued on December 14, 2007).

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 31, 2007 at Washington, District of Columbia.

_____
Philip W. Marsh

DECLARATION OF PHILIP W. MARSH IN SUPPORT OF MGA'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE THE MAY 15, 2007 ORDER REGARDING PRODUCTION OF LARIAN V. LARIAN DOCUMENTS