# EXHIBIT H

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER
SUITE 3800
SAN FRANCISCO, CALIFORNIA 94111-4144
—
TEL: (415) 984-6400
FAX: (415) 984-2698
www.skadden.com

DIRECT DIAL
(415) 984-6442
EMAIL ADDRESS
JRALLEN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 21, 2007

Via Email
Juan Pablo Alban, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

RE: Carter Bryant v. Mattel, Inc., Case No. CV 04-9049 SGL (RNBx)
(consolidated with Case Nos. CV 04-09059 and CV 05-02727)

Dear Mr. Alban:

      I write in response to your letter of December 20, 2007, which was sent to me by email at 10:24 P.M. Thursday night. I must say that I am surprised and dismayed by the tone and content of your letter which purports to characterize our meet and confer sessions on December 14 and 20, 2007 regarding MGA's production of documents from the Larian v. Larian state court proceedings. Once again, you have jumped the gun by filing your motion to compel while we are still in the midst of meet and confer discussions.

      At the conclusion of our meet and confer session on December 20, 2007 you indicated that, subject to approval by your colleagues, you were satisfied with my proposal to get back to you with a timetable for producing documents from the Larian v. Larian matter by December 27, 2007. It appears that you have been overruled by your colleagues. While that is certainly their prerogative, I believe it would be have been more productive for you to forthrightly acknowledge this reversal of position instead of suggesting, as you do, that the proposal was completely unacceptable to Mattel from the inception.

      There are a number of other statements in your letter that require a response. First, as I told you during our conference on December 20, because of the difficulty of determining precisely which documents from the Larian v. Larian case had been produced by MGA prior to this firm's entry into the case, I had decided that the most productive and efficient way to respond to your concerns about the number of documents produced by MGA relating to the Larian v. Larian litigation in prior productions was to undertake a new

EXHIBIT _H_
PAGE _122_

Juan Pablo Alban, Esq.
December 21, 2007
Page 2

search for documents and to provide you by December 27 with a timetable for producing the documents. My proposal, which was aimed at quickly and efficiently resolving the concerns you had raised, was by no means a concession that MGA had not complied with Judge Infante's May 15, 2007 order.

Second, your assertion that "critical disputes remain between the parties that the Discovery Master will need to resolve" is inaccurate. During our December 20 conference you asserted for the first time that MGA should not limit its production to documents that relate to Bratz. I note you did not raise this issue in your meet and confer letter of December 7, 2007 or in our initial meet and confer conference on December 14. In addition, Mattel's Request for Production No. 41 specifically asks for "All Documents that Refer or Relate To Bratz and/or Angel filed, submitted, or served in the suit and/or arbitration proceedings brought by Farhad Larian against Isaac Larian, including without limitation, all declarations, affidavits and sworn testimony given by any person in such suit or arbitration proceedings." Given the explicit limitation that Mattel placed on the scope of this request, I fail to see the "critical dispute" that you contend exists.

Third, your letter incorrectly states that I asserted that MGA may withhold documents from the Larian v. Larian matter because of the protective order entered in those proceedings. On the contrary, I told you that although I had concerns about those orders, the issue would be mooted by our agreement to modify the protective orders. In addition, I specifically informed you during our December 20 conference that MGA would not assert that the protective orders prohibited production of MGA's own documents that had not been prepared for purposes of the state court litigation or arbitration proceedings. I also told you that I would get back to you shortly with my response to Jon Corey's revisions to the stipulation to modify the protective order in the Larian v. Larian matter. You agreed that the modification of the protective order would moot the issue, and you said I should follow up with Dylan Proctor on the timing of providing my response to the proposed revisions to the order.

Finally, we are attempting to locate the specific documents you have identified in our initial meet and confer and will get back to you as soon as we have completed our review of them.

Very truly yours,

José R. Allen

202526.01-San Francisco Server 1A - MSW

EXHIBIT _H_
PAGE _123_