# EXHIBIT I

| | |
|---|---|
| **From:** | juanpabloalban@quinnemanuel.com [juanpabloalban@quinnemanuel.com] |
| **To:** | Allen, Jose R (SFC) |
| **Subject:** | |
| **Date:** | 12/20/2007 10:24:01 PM |
| **CC:** | Jon Corey |
| **BCC:** | |

**Message:**
Please see the attached correspondence.

Regards.

Juan Pablo Alban
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3624
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: juanpabloalban@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**Attachments:**
  Dec 20, 2007 Ltr to Allen.pdf

December 20, 2007

**V**IA **E**MAIL

Jose R. Allen, Esq.
Skadden Arps Slate Meagher & Flom LLP
Four Embarcadero Center
San Francisco, California 94111

Re: <u>Bryant v. Mattel, Inc.</u>

Dear Mr. Allen:

This letter summarizes our meet and confers that took place on December 14 and 20, 2007, regarding MGA's lack of production of <u>Larian v. Larian</u> documents.

First, even though MGA was obligated to produce such documents pursuant to the Discovery Master's May 15, 2007 Order, you could not confirm that MGA had done anything to comply with that Order for <u>Larian v. Larian</u> documents. It is also obvious from MGA's dearth of such documents that it has failed to comply with the Order. At this juncture, your proposal to only now initiate a search for responsive documents and give us sometime next week an as-of-now-unspecified timetable for production is not acceptable. That is particularly so because of the impending fact discovery cut-off for phase 1 and because MGA's failure to comply with the Order already has and will continue to prejudice Mattel, including by denying Mattel these documents for questioning at depositions.

Second, our conversation today makes clear that critical disputes remain between the parties that the Discovery Master will need to resolve, even assuming MGA were to begin rectifying the problems with its production as early as next week (which according to you, would not even happen that soon). For example, you would not commit to appropriate guidelines for a determination of what documents "relate to Bratz," and would not commit to saying that MGA would produce documents beyond just those that "refer" to Bratz. Of course, since there is

EXHIBIT I
PAGE 125

evidence that MGA and Bryant called the "Bratz" project by different names, such an exclusion would necessarily allow MGA to improperly withhold documents that most directly relate to the most critical time periods at issue in this case. And, it presumably would allow MGA to improperly withhold documents relating to the plainly relevant April 11, 2000 board meeting.

As another example, you also continued to assert that MGA "may" withhold its own documents based on prior protective orders from the Larian v. Larian disputes. MGA waived this belated excuse for non-production by failing to assert, let alone prove, it on Mattel's motion that resulted in the May 15, 2007 Order. Nor, in any event, could the 2004 protective order apply to MGA, as it is not a party to that order, and the 2005 protective order at a minimum does not apply to any documents MGA generated or possessed before entering into that protective order. Furthermore, even though you tentatively agreed to modify the prior protective orders, to date we have nothing concrete in hand. We do not know how long it will take the Los Angeles Superior Court to approve the modification of the 2004 order. We cannot continue to wait for critical depositions, or fact discovery, to come and go without having documents that MGA had an obligation to produce months ago.

As I mentioned to you, some of the discoverable information we have ample reason to believe MGA possesses that it has yet to produce includes, without limitation, (i) documents, financial and otherwise, that Mr. Zarabi and/or Mr. Dutcher used to appraise MGA in 2000, 2003 and 2004; (ii) documents related to Bratz, financial or otherwise, that Mr. Dutcher declared MGA withheld from him for his 2003 appraisal, including financial projections for Bratz sales created between 2000 and 2003, inclusive; (iii) documents related to the April 11, 2000 MGA board meeting, (iv) transcripts from the November 2005 arbitration, and (v) evidence submitted at the November 2005 arbitration. Any transcripts or tape recordings of proceedings Mr. Zarabi undertook after the Summer of 2002 are also responsive. We, of course, have not received these documents, let alone a complete production as required.

Very truly yours,

/s/ Juan Pablo Albán

07209/2331721.1

2

EXHIBIT I
PAGE 126