# EXHIBIT L



1 │ DIANA M. TORRES (S.B. #162284)
    PAULA E. AMBROSINI (S.B. #193126)
2 │ CARLOS M. LAZATIN (S.B. #229650)
    O'MELVENY & MYERS, LLP
3 │ 400 South Hope Street
    Los Angeles, California 90071-2899
4 │ Telephone: (213) 430-6000
    Facsimile: (213) 430-6407
5 │ email:  dtorres@omm.com

6 │ DALE M. CENDALI (of counsel, not admitted in
    California)
7 │ O'MELVENY & MYERS, LLP
    7 Times Square
8 │ New York, New York 10036
    Telephone: (212) 326-2000
9 │ Facsimile: (212) 326-2061

10 │ Attorneys for Third Party,
     MGA Entertainment, Inc.
11 │

12 │           ARBITRATION BEFORE

13 │          ADR SERVICES, INC.

14 │

15 │ FARHAD LARIAN,                    ADRS Case No.:  05-2096-ABH

16 │            Plaintiff,             [PROPOSED] PROTECTIVE ORDER

17 │       v.                          *CODA*

18 │ ISAAC LARIAN,

19 │            Defendant.

20 │

21 │

22 │

23 │

24 │

25 │

26 │

27 │

28 │

LA2:782144.1

**EXHIBIT   L   **
**PAGE   132   **

1. **PURPOSES AND LIMITATIONS**

. This arbitration will involve the disclosure of documents and information that should be used only for the purpose of prosecuting, defending, or attempting to settle this arbitration and for no other purpose, including any other dispute involving any Party hereto or any non-party hereto.  Accordingly, the following Protective Order is hereby imposed upon the parties to this arbitration, Isaac Larian and Farhad Larian, and their employees, consultants, retained experts, counsel and support staff (the "Parties").

2. **SCOPE**

Protection is conferred by this Protective Order on all documents produced by third party MGA Entertainment, Inc. ("MGA") and MGA documents produced by any Party or third party  all information copied or extracted therefrom, all copies, excerpts, summaries, or compilations thereof, and all testimony presented to the arbitrator, and transcripts of such testimony from any current or former MGA employee or contractor pertaining to MGA's business.  ("Protected Material").

3. **DURATION**

The obligations imposed by this Protective Order shall remain in effect during and after this arbitration and until the parties, Isaac Larian *and* Farhad Larian, and MGA agree otherwise, in writing, or an arbitrator or court order otherwise directs.

4. **ACCESS TO AND USE OF PROTECTED MATERIAL**

4.1   **Basic Principles:**  The Parties may use Protected Material in connection with this case only for prosecuting, defending or attempting to settle this arbitration and may not use such material for any other purposes, including in connection with any other matters, including between the same parties.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the arbitration has been terminated, the Parties must comply with the provision of section 5 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by the Parties at a location and in a secure manner that ensure that access is

LA2:782144.1

- 2 -

EXHIBIT ___L___

PAGE ___133___

1   limited to the persons authorized and for the purposes permitted under this Protective

2   Order.

3      **4.2**   **Disclosure of Protected Material:** Unless otherwise ordered by a court or

4   jointly permitted in writing by Isaac Larian *and* MGA, Protected Material may be

5   disclosed only to:

6      (a)   counsel of record in this arbitration and employees of said counsel to

7   whom it is reasonably necessary to disclose the information for this arbitration, and who

8   have specifically agreed to be bound by the terms of this Protective Order by executing

9   the undertaking attached hereto as Exhibit A;

10      (b)   experts to whom disclosure is reasonably necessary for this

11   arbitration, and who have specifically agreed to be bound by the terms of this Protective

12   Order by executing the undertaking attached hereto as Exhibit A;

13      (c)   the arbitrator and his personnel;

14      (d)   court reporters, their staffs, and professional vendors to whom

15   disclosure is reasonably necessary for this arbitration, and who have specifically agreed to

16   be bound by the terms of this Protective Order by executing the undertaking attached

17   hereto as Exhibit A;

18      (e)   witnesses in the arbitration to whom disclosure is reasonably

19   necessary, and who have specifically agreed to be bound by the terms of this Protective

20   Order by executing the undertaking attached hereto as Exhibit A; and

21      (f)   the author of the document or the original source of the information.

22      **4.3**   **Identifying Legend:** Protected Material shall be appropriately identified

23   and marked with the legend "Confidential" or "Confidential – Attorneys Only."

24   Transcripts shall further include a statement substantially in the following form:

25      This transcript contains material subject to Protective Order.  The transcript may not

26      be used for any purpose other than this arbitration and its contents may not be

27      disclosed to anyone other than those persons permitted to access Protected Material

28      under the terms of the Protective Order.

-3-

**EXHIBIT** _L_
**PAGE** _134_

**4.4    Challenge to Designation of Protected Material:** To the extent any Party wishes to challenge the designation of Protected Material, that Party shall first make a good faith attempt to confer with the other Party and MGA to determine whether they are amenable to a change in the designation of Protected Material.  In the event the Parties and MGA are unable to reach agreement, either Party may bring a challenge to the designation before the arbitrator, who shall rule on the designation consistent with the terms and principles of this Protective Order.

**4.5    Other Restrictions on Access to and Use of Protected Material:** No party or person shall be permitted to share or disseminate the documents produced by MGA or the transcripts of these proceedings to others (including any preliminary, "rough," livenote version thereof) remove them from the arbitration, make copies of them, or inform third parties of their existence or content or otherwise disclose the same to anyone, unless compelled by law.

In short, this is a private proceeding; whatever may be disclosed about MGA's business, in privacy and confidence during the course of the arbitration, should remain private and confidential both during – and after – the arbitration.

**5.    FINAL DISPOSITION**

Unless otherwise ordered or jointly agreed in writing by Isaac Larian, Farhad Larian and, MGA (to the extent the Protected Material pertains to MGA or MGA's products or property), within 10 days after the final termination of this arbitration and any appeal (or, if no notice of appeal is filed, the deadline for filing a notice of appeal), all Protected Material must be returned to its original source or destroyed, including all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, each Party must submit a written certification to the other Party, *and* the person or entity from whom the Protected Material was secured or subpoenaed, by the 10 day deadline that identifies (by category, where appropriate) all of the Protected Material that was returned or destroyed and that affirms that the Party has not retained any copies, abstracts,

LA2:782144.1                                          - 4 -

**EXHIBIT  L**

**PAGE  135**

1  compilations, summaries or other forms or reproducing or capturing any of the Protected

2  Material. Notwithstanding this provision, counsel of record for each Party is entitled to

3  retain an archival copy of all pleadings, motion papers, legal memoranda, correspondence

4  or attorney work product. Any such archival copies that contain or constitute Protected

5  Material, however, shall otherwise remain subject to this Protective Order.

6  ## 6.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

7  

8  If a Party is served with a subpoena or an order issued in other litigation that

would compel disclosure of any Protected Material, the Party receiving the subpoena must

9  notify the other Party *and* the person or entity from whom the Protected Material was

10  secured or subpoenaed, in writing, immediately and in no event more than two business

11  days after receiving the subpoena or order. Such notification must include a copy of the

12  subpoena or court order.

13  The Party receiving the subpoena also must immediately inform, in writing, the

14  party who caused the subpoena or order to issue in the other litigation that some or all of

15  the material covered by the subpoena or order is the subject of this Protective Order. In

16  addition, the Party receiving the subpoena must deliver a copy of this Protective Order

17  promptly to the Party in the other action that caused the subpoena or order to issue.

18  The purpose of imposing these duties is to alert the interested parties to the

19  existence of this Protective Order and afford the Parties in this case *and* the person or

20  entity from whom the Protected Material was secured or subpoenaed, an opportunity to try

21  to protect whatever confidentiality interest such Party may have in the court from which

22  the subpoena or order issued.

23  

24  

25  SO ORDERED:

DATED: 11/16/05

26  _____
ARBITRATOR

27  

28  

LA2:782144.1                          - 5 -

EXHIBIT ___L___
PAGE ___126___

1   UNDERTAKING RE
      PROTECTIVE ORDER

2

3

                         UNDERTAKING OF _____

4

5

6   I, _____, declare:

7

8       My address is _____.

9   My present occupation is _____.

10

11       1.     I have received a copy of the Protective Order operative in this action,

12   ADRS Case No. 05-2096-ABH.  I have carefully read and understand the provisions of

13   the Protective Order.

14       2.     I will comply with all of the provision of the Protective Order.  I will hold in

15   confidence, and will not disclose to anyone other than those persons specifically

16   authorized by the Protective Order, and will not copy or use except for the proceedings

17   concerning the matters in issue between the parties, any and all Protected Material that I

18   receive.

19       Executed this ____ day of _____, at _____.  I declare under

20   penalty of perjury under the laws of California that the foregoing is true and correct.

21

22                   _____

23

24

25

26

27

28

LA2:782144.1                         - 6 -

EXHIBIT ___L___
PAGE _137__