# EXHIBIT M

ORIGINAL

KAYE SCHOLER LLP
Larry R. Feldman, Bar Number 45126
Robert M. Turner, Bar Number 44075
J. Andrew Sjoblom, Bar Number 199369
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067-6048
Telephone: (310) 788-1000
Fax: (310) 788-1200

Attorneys for Defendant
ISAAC LARIAN



FILED
LOS ANGELES SUPERIOR COURT
SEP 23 2004 RECEIVED
JOHN A. CLARKE, CLERK   SEP 21 2004
BY C. MASON, DEPUTY
E. Torres

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

FARHAD LARIAN,

    Plaintiff,

v.

ISAAC LARIAN and DOES 1 through 50, inclusive,

    Defendants.

CASE NO. BC 301371

[Assigned to the Honorable Rodney E. Nelson]

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

    THIS STIPULATION is made with reference to the following facts:

    A.   Documents have been produced by non-parties Morad Zarabi and National Business Appraisers, LLC and have been marked as "ED" and/or "MZ." Some of these documents contain confidential financial, commercial, personal or proprietary information. These documents are identified on Exhibit "A". The documents and the information they contain are hereinafter collectively referred to as "Confidential Material."

    B.   The parties want to protect the unauthorized use or disclosure of the Confidential Material. Plaintiff's agreement to this protective order is done as an accommodation to defendant and is not intended as an agreement that any information contained in Exhibit A meets the standard under California law for such protection.

    NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE AS

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

FOLLOWS:

1. This stipulation and protective order only applies to documents marked "ED" and/or "MZ" and shall not apply to or limit a party's use of documents or information (a) obtained by the party independently of the subpoenas heretofore by plaintiff Farhad Larian in this action, or (b) belonging to that party or containing its financial, commercial, personal or proprietary information.

2. Persons obtaining access to "Confidential Material" specified in Exhibit A under or as a result of this Protective Order shall use the information only for preparation and trial of this lawsuit (including appeals and retrials, and/or any arbitration proceedings), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings. To that end, the parties agree that the Confidential Material specified in Exhibit A shall not be disclosed to other persons except pursuant to the terms of this Protective Order and the rules of law incorporated herein.

3. Any party to this action may, at any time, request the modification or termination of this Protective Order. Such a request may be granted by the Court only after due notice and hearing and upon a showing of good cause.

4. Confidential Material specified in Exhibit "A" may only be disclosed to the parties hereto and to their counsel who have been advised of and agreed to be bound by this Protective Order; to the partners, associates, secretaries, paralegal assistants, and employees of said counsel who have been advised of and agreed to be bound by this Protective Order; and to court officials involved in this lawsuit (including court reporters, videographers operating recording equipment at depositions), and any special master, arbitrator or ADR personnel who the parties have agreed to and/or before whom the parties have been ordered to appear. Confidential Material may also be disclosed to:

   a. Any person designated by the Court in the interest of justice, upon such terms the Court may deem proper; and

   b. Persons noticed for depositions; persons preparing as trial witnesses;

1

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

outside consultants; co-counsel or experts retained for the purpose of assisting counsel in the lawsuit; third parties engaged solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling of data connected with the lawsuit, provided however, that in all such cases the individual to whom disclosure is to be made under subparagraph (b) has been advised of this Protective Order and has agreed to comply with it.

5. Nothing contained in this Protective Order is intended to prevent or govern the use of Confidential Material at trial. In the event that the parties are unable to agree to the procedures for the use of Confidential Material at trial, any party may take such action with the Court as it deems necessary and appropriate to resolve the dispute.

6. If a party intends to file or lodge with the Court Confidential Material, to the extent applicable, the parties shall comply with the procedures set forth in California Rules of Court 243.1-243.2 for records sealed or proposed to be sealed with the Court, and the Confidential Material shall be placed in a sealed envelope or other container marked on the outside with the title of this action, identification of each document within and a statement substantially as follows:

> Confidential Information - Subject to Protective Order. This envelope contains material filed [lodged] under seal for the purpose of this litigation only. It shall not be opened by a person other than the Court except by Court Order or by written stipulation of all parties filed with the Clerk of this Court, and is otherwise subject to the provisions of the Protective Order entered in this action on [date].

If Confidential Material is to be part of the record on appeal or used in an original proceeding under California Rule of Court Rule 56, the parties shall comply with California Rules of Court 12.5 and 56(e).

7. In the event that any question is asked at a deposition which, in the opinion of counsel for any party, calls for the disclosure of Confidential Information specified in Exhibit "A", the witness shall nevertheless answer such question fully and completely, provided that those in attendance are persons qualified to receive the information pursuant to the terms of this Order. Counsel for the party claiming confidentiality shall designate those portions of

the deposition for which a claim of confidentiality is made at the deposition by making a statement for inclusion in the deposition transcript, including specifying on the record the beginning and ending portions of the deposition for which confidentiality is claimed, with such portions thereafter being marked on the record by the Court Reporter and/or videographer as contemplated below, and afterwards by notifying opposing counsel, in writing, within 30 days after receiving the deposition transcript of the page and line of each portion of the transcript deemed "Confidential."

In the event a party decides to designate testimony as "Confidential" not so designated during the taking of the deposition itself, a party may give notice of additional testimony to be designated as "Confidential" within the 30-day period after receipt of the deposition transcript. The notice must include specific page and line designations. Absent a designation as "Confidential" during the taking of the deposition or within the 30-day period specified herein, testimony is not subject to this agreement. Until a specific designation as "Confidential" is made by a party, testimony and evidence is not covered by this agreement.

As soon as reasonably possible, all such designated portions of the transcript shall be marked with the legend "Confidential." If any portion of a deposition is designated as "Confidential," then until expiration of the 30-day period or until such time as notification is received, counsel and the reporter will treat the entire transcript as if it had been designated as containing Confidential Information. If no party timely designates information as confidential in a deposition, then none of the transcript or its exhibits with the exception of those exhibits identified on Exhibit "A" of the Protective Order, will be treated as confidential; if a timely designation is made, the confidential portions and the exhibits shall be treated as confidential in the manner described in other parts of this Protective Order.

DATED: August 21, 2004                KAYE SCHOLER, LLP

By: _____
Larry R. Feldman
Attorneys for Defendant ISAAC LARIAN

3
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

EXHIBIT M
PAGE 141

| | |
|---|---|
| 1    DATED: ~~August~~ ___, 2004 <br> 2           September 20 | HOWARTH & SMITH <br><br> By: _/s/ Brian Bubb_ <br>      Brian D. Bubb <br> Attorneys for Plaintiff, FARHAD LARIAN |
| 6    IT IS SO ORDERED. <br> 7    DATED: Sept 23, 2004 | _/s/ Rodney E. Nelson_ <br> Judge of the Superior Court <br> RODNEY E. NELSON |

KAYE SCHOLER llp

4

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

EXHIBIT M <br> PAGE 142

# EXHIBIT "A"

1. The Appraisal Report (ED2-163).
2. October 16, 2000 Letter from Ellis Stern to National Business Appraisers and enclosures (ED164-178).
3. Income Tax Returns of MGA for 1994 through 1999 (ED179-465).
4. Audited Financial Statements of MGA for 1993 through 1998 (ED467-524).
5. Trial Balances and similar MGA accounting data (ED525-642).
6. Confidential reconciliations (MZ942-1948).

5

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

EXHIBIT __M__
PAGE __143__

00/00/2006    08:41    FIRST LEGAL SUPPORT    FAX (213) 250-1197

KAYE SCHOLER LLP
POS by Mail/Federal Court 9/98

## PROOF OF SERVICE

STATE OF CALIFORNIA  )
                     ) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is KAYE SCHOLER LLP, 1999 Avenue of the Stars, Suite 1700, Los Angeles, California 90067-6048P.

On September 21, 2004, I served the foregoing document described as: STIPULATION AND [PROPOSED] PROTECTIVE ORDER by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Don Howarth, Esq.
Suzelle M. Smith, Esq.
Brian D. Bubb, Esq.
Robert D. Brain, Esq.
HOWARTH & SMITH
800 Wilshire Boulevard, Suite 750
Los Angeles, California 900017

[ ]  **BY FACSIMILE** The above-referenced documents (without exhibits and attachments thereto) were transmitted via facsimile transmission to the addressee(s) as indicated above on the date thereof. The transmission was reported as completed and without error. Executed on September 21, 2004, at Los Angeles, California.

[XXX]  **BY U.S. MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.) Executed on September 21, 2004, at Los Angeles, California.

[ ]  **BY FEDERAL EXPRESS** I am readily familiar with KAYE SCHOLER LLP's business practices of collecting and processing items for pick-up and next business day delivery by Federal Express. Under said practices, items to be delivered the next business day are either picked up by Federal Express or deposited in a box or other facility regularly maintained by Federal Express in the ordinary course of business on that same day with the cost thereof billed to KAYE SCHOLER LLP's account. I placed such sealed envelope for delivery by Federal Express to the offices of the addressee(s) as above on the date hereof following ordinary business practices. Executed on September 21, 2004, at Los Angeles, California.

1

SEP-20-2006 09:47    FIRST LEGAL    2132501197    P.008

| | | |
|---|---|---|
| 1 | [XXX] | **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |
| 2 | [  ] | **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |

*/s/ John Broderick*