# EXHIBIT Q

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER
SAN FRANCISCO, CALIFORNIA 94111-4144
___
TEL: (415) 984-6400
FAX: (415) 984-2698
www.skadden.com

DIRECT DIAL
(415) 984-6442
DIRECT FAX
(888) 329-1260
EMAIL ADDRESS
JRALLEN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
___
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
___
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 6, 2007

By Email and U.S. Mail

Jon D. Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

RE:   *Carter Bryant v. Mattel, Inc.* Case No. CV 04-9049 SGL (RNBx) (consolidated with Cases Nos. CV 04-09059 and CV 05-02727)

Dear Mr. Corey:

I write to follow up on your letter dated November 26, 2007, to Tom Nolan and Alisa Morgenthaler-Lever in which you propose that Farhad Larian, Isaac Larian, and MGA Entertainment, Inc. ("MGA") agree to modify the protective orders entered in the Los Angeles Superior Court action captioned <u>Larian v. Larian</u>, Case No. BC 301371 ("the superior court action"), and in the arbitration proceeding before ADR Services, Inc. captioned <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH ("the arbitration proceeding"), to allow production of documents specified in numerous subpoenas issued by your firm.

As you have been previously informed, MGA and Isaac Larian do not object in principle to modification of the above-referenced protective orders. However, the proposed stipulation you enclosed with your letter fails to address a number of concerns that must be resolved before MGA and Isaac Larian can agree to any modification. Our specific concerns are outlined below.

        1.    <u>Parties To The Stipulation</u>. The proposed stipulation does not include Mattel as a party. Inasmuch as modification of the protective order is sought to accommodate Mattel's discovery requests, it stands to reason that Mattel should be bound by the terms of the stipulation so as to avoid future disputes over its scope and effect.

EXHIBIT  Q
PAGE  150

Jon Corey, Esq.
December 6, 2007
Page 2

       2.    <u>Designation of Documents</u>. As drafted, the stipulation does not explicitly provide that documents covered by the protective orders in the superior court action and the arbitration proceeding will be treated as confidential for purposes of the protective order entered by the Court in this action. Your draft stipulation only states that the documents "may" be covered by the protective order in this action. Any stipulation to modify the protective orders in the superior court action and the arbitration proceeding must contain a provision reflecting Mattel's express agreement that any documents covered by the protective orders in those proceedings are covered by the terms of the protective order entered in this action.

       3.    <u>Designation Mechanism</u>. The proposed stipulation contains no mechanism for reviewing the confidentiality designation of another producing party. For example, MGA would have no way of determining whether a document designated by Farhad Larian as "CONFIDENTIAL" under the terms of the protective order in this action should, in MGA's view, be designated as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" before the document is produced. Any stipulation to modify the protective orders in the superior court action and the arbitration proceeding must provide a mechanism for MGA and Isaac Larian to review and, if they determine it is appropriate, designate as confidential or increase the confidentiality designation of another producing party before the document is produced.

       4.    <u>Documents Produced By Third Parties</u>. The applicability of the stipulation to documents produced by third parties in the state court action and the arbitration proceeding is not addressed either. MGA and Isaac Larian cannot agree to modify the terms of the protective orders in the state court action and the arbitration proceeding and bind third parties that have not received notice of the proposed modification and an opportunity to be heard on the matter. Stated another way, MGA and Isaac Larian cannot agree to modify the protective orders to allow production of documents in this case if any such documents were provided by third parties under the terms of the protective orders that were in place at the time, even if such production were sanctioned by the superior court or the arbitrator pursuant to the modified protective orders. In this regard, I note that paragraph 3 of the protective order in the state court action permits modification only "after due notice and hearing and upon a showing of good cause." A similar issue of notice arises with respect to third party documents produced in the state court action or the arbitration proceeding that Mattel may later seek to treat as non-confidential. Any stipulation to modify the protective orders in the superior court action and the arbitration proceeding must provide a mechanism for resolving these issues.

       5.    <u>Effect of Stipulation</u>. The proposed stipulation is also silent on its effect as it relates to this action. The stipulation should make clear that by agreeing to modify the terms of the protective orders in the state court action and the

EXHIBIT Q
PAGE 151

Jon Corey, Esq.
December 6, 2007
Page 3

arbitration proceeding, MGA, Isaac Larian and Farhad Larian are not waiving their rights under FRCP Rules 26, 34 or 45, or any applicable privileges or rules.

      6.    <u>Mutuality</u>. Finally, it is appropriate for Mattel to agree to modify any protective orders entered in other actions that may be applicable to discovery sought by MGA and Isaac Larian in this action. In light of MGA's willingness to accommodate Mattel's discovery requests, it is only fair to expect the same of Mattel.

I look forward to hearing from you on the foregoing issues and working toward a resolution that accommodates the interests of all parties.

Very truly yours,

José R. Allen

cc:    Alisa Morgenthaler-Lever, Esq.
        Thomas J. Nolan, Esq.

EXHIBIT 9
PAGE 152