# EXHIBIT R

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

December 12, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Jose R. Allen, Esq.
Skadden Arps Slate Meagher & Flom LLP
Four Embarcadero Center
San Francisco, California 94111

Re:  <u>Bryant v. Mattel, Inc.</u>

Dear Mr. Allen:

I write in response to your letter of December 6, 2007.

While Mattel is willing to be a signatory to the stipulation amending the protective order in *Larian v. Larian*, it is unnecessary. Mattel cannot violate either the *Larian v. Larian* protective order or any amendment thereto, as it does not possess documents subject to that protective order. The protective order governs only the parties to *Larian v. Larian* and only they can be heard to complain about violations of it. The purpose of the amendment is solely to ensure that no person containing evidence subject to that protective order can complain, as they currently are, that it prevents them from producing responsive documents when they can be produced under the protection of a different protective order. Nevertheless, I have now added Mattel as a signatory.

With respect to how documents should be designated, if at all, under the *Bryant v. Mattel* protective order, the stipulation is silent on this point because the inclusion of such language in the stipulation would be redundant. Under the *Bryant v. Mattel* protective order, both parties and third parties have the option of designating documents produced in *Mattel v. Bryant* as being subject to the protective order which, your colleague Mr. Kennedy observed, provided for stronger protections. *See Stipulated Protective Order and Order Thereon* ¶ 17. The existence of paragraph 17 makes the inclusion of designation language in the amendment to the *Larian v.*

---

**quinn emanuel urquhart oliver & hedges, llp**

07209/2323633.1

NEW YORK | 51 Madison Avenue. 2
SAN FRANCISCO | 50 California Str
SILICON VALLEY | 555 Twin Dolphii

EXHIBIT ___R___
PAGE ___153___

| TEL 212-849-7000 FAX 212-849-7100
ia 94111 | TEL 415-875-6600 FAX 415-875-6700
ilifornia 94065 | TEL 650-801-5000 FAX 650-801-5100

*Larian* protective order unnecessary, redundant and potentially conflicting. Mattel used the word "may" in its proposed stipulation to leave in the hands of either the producing third parties or even non-producing parties, to determine what the appropriate designation—"Confidential" or "Confidential-Attorneys Eyes Only"—of produced documents and information should be under the *Bryant v. Mattel* Protective Order. To avoid any conflict, however, I have included in the amendment a reference to paragraph 17 of the *Bryant v. Mattel* Protective Order.

With respect to your concern about pre-production notice to third parties, I am not sure that this is an issue. I am not aware of, nor have you identified for me any information that you or your client are aware of that was produced in reliance upon the protective orders. I speculate, however, that MGA Entertainment, Inc., who you represent, may have done so. To address this issue, I will add MGA Entertainment, Inc. as a party to the stipulation. I have also added a mechanism addressing this issue. Please let me know, at your earliest convenience, of any additional third parties who produced information in reliance upon the protective orders.

Finally, with respect to an agreement of mutuality, Mattel will not use the fact that Mattel has produced documents subject to protective orders in other cases to withhold otherwise properly responsive documents from production here. Indeed, Mattel has produced documents to Bryant and MGA that Mattel has also produced pursuant to protective orders in other cases. As you point out, however, there may be instances in which persons who are not parties to this suit may have produced documents subject to protective orders in other cases in which Mattel has been a party. These persons have rights and the opportunity to be heard. Mattel cannot unilaterally waive those rights. Mattel will cooperate, however, in seeking a resolution to any such issue if it arises in the future.

To that end, I have attached a revised proposed stipulation. Please let me know if it is acceptable. If you have additional comments or questions, please call me to discuss so that we can get this wrapped up.

Best regards,

Jon Corey

JDC:jdc
07209/2323633.1

cc:   Alisa Morgenthaler-Lever, Esq.