# EXHIBIT X



Hon. Alan B. Haber
Judge, Los Angeles Superior Court (Ret.)

1900 Avenue of the Stars, Suite 250
Los Angeles, California 90067

TEL (310) 201-0010
FAX (310) 201-0016
ahaber@adrservices.org

November 1, 2005

Mr. Richard Kellner
Mr. Michael R. Brown
Kabateck Brown & Kellner LLP
350 South Grand Avenue
Los Angeles, California 90071

Mr. Robert G. Wilson
Cotkin Collins & Ginsburg
300 South Grand Avenue
Los Angeles, California 90071

Mr. Larry R. Feldman
Mr. Robert Turner
Kaye Scholer
1999 Avenue of the Stars
Los Angeles, California 90067

re: Larian v. Larian: Binding Arbitration: ADR Case No. 052096-abh

Gentlemen:

The sole purpose of this letter is to memorialize the substance of the telephonic conference calls involving present counsel and a telephonic conference call involving the claimant's predecessor counsel. Since the rulings that I have made since my involvement in this process may be the subject of the upcoming arbitration hearing, and any other litigation that may ensue, I though it best to provide a description of the chronology of events and the basis for the rulings that I have made. Since my involvement in this litigation I have conducted three telephonic conference calls between Mr. Feldman and Mr. Wilson (at times Mr. Kellner and Mr. Brown, as well as Mr. Turner were present during the conferences, but at all times Mr. Wilson and Mr. Feldman were always present).

On September 20 I received a letter from Mr. Wilson and Mr. Kellner that their respective law firms had as of September 19 had been substituted in as counsel of record for claimant in place of the law firm of Conkle & Olsten. Prior to receipt of the letter, Mr. Mark Kremer of that firm was the attorney handling claimant's case. Due to the September 20 letter, a telephonic conference call was set for claimant's new counsel and respondent's counsel for September 27. During that conference call, claimant's counsel requested a continuance of the arbitration hearing set to commence on November 16, 2005. Claimant's new counsel claimed that a continuance of

CC 00145



EXHIBIT X
PAGE 217

page 2: Larian letter dated 10/1

the hearing request is based on their recent retention as claimant's counsel. Mr. Feldman opposed claimant's request for a continuance. During that conference call I related to all counsel that on May 3, 2005, I was appointed by Judge Rodney Nelson as the Arbitrator, and that following my appointment, Mr. Kremer and Mr. Feldman agreed to a conference call with me for June 9, 2005. The purpose of that call was to discuss the arbitration hearing date and during that conference call, Mr. Kremer informed me that he would be filing a Motion to Stay the Arbitration. On June 12, 2005 I received Mr. Kremer's brief and not long thereafter I received Mr. Feldman's opposition brief. On June 19, I denied claimant's Motion to Stay the Arbitration. On June 22, 2005, a further telephone conference call was set for the purpose of establishing a hearing date. After hearing Mr. Kremer's request that the date be set late into 2005, I suggested that the hearing commence on November 16, and provided the dates of November 17, 18, 19, 21, 22, 23 and December 5, 2005. Both counsel agreed to those dates. As all counsel are well aware, I found that good cause had not been established for a continuance and denied new counsel's request for a continuance. Towards the conclusion of that hearing, I did request counsel for meet and confer and determine if they would agree to informal discovery measures.

On October 19, 2005, I received two motions from claimant's counsel: (1 Motion to Continue the Arbitration, and (2) Motion for Discovery; depositions and document production. Thereafter a telephonic conference call was set by agreement to take place on October 26, 2005 for a hearing on both motions. Having read and considered the briefs filed by counsel for the parties, I denied both motions for the following reasons: good cause for a continuance had not been established. In making such a finding and ruling, I once again related the substance of the June arbitration management discussions regarding the setting of the arbitration hearing dates, and found that the only basis for the continuance request was their claimed need to conduct discovery. I also informed counsel that both of the written arbitration agreements that provided the basis for this Arbitration did not allow for discovery rights. Although claimants counsel claimed that discovery was entitled pursuant to the ADR Services, Inc. rules, I informed counsel that the ADR rules only applied to written arbitration agreements that expressly ' designated ADR Services, Inc. as the arbitration service provider, and that this was not an ADR Services, Inc. arbitration agreement.

Counsel for claimant also claimed that C.C.P. section set forth provisions for discovery rights, claiming specifically that sections 1283, 1283.05 and 1283.1. In informed counsel that these code sections have no application in this litigation. The claimant's counsel also asserted that section 1283 entitled claimants to conduct depositions for out-of-state witnesses. I informed counsel that section 1283 only provides for taking of "evidence" depositions, and not for discovery depositions, and that their requests were for the taking of evidence.

CC 00146

EXHIBIT  X
PAGE  2-18

page 3: Larian v. Larian letter

On October 27, 2005 I received claimant's request for two types of subpoenas: (1) civil subpoenas and (2) civil subpoenas duces tecum. The request was for 15 of each such subpoenas " in blank" for my signatures. As all counsel were award, such subpoenas for an arbitration hearing is authorized by C.C.P. Section 1282.6, and since the number of subpoenas appeared to me to be unusually large in number, I originally set a telephonic conference call for October 31. At the time of receipt of the subpoenas, I did not believe I could be available for a conference call until October 31. However, on the morning of October 28, I was able to arrange for a mid-day conference call with counsel. During the conference call, Mr. Wilson and Mr. Feldman were present, and I inquired of Mr. Wilson whether he was seeking to serve any of these subpoenas for deposition purposes, and I accepted his representation that these subpoenas were soley for the purpose of attendance at the arbitration hearing.

During the October 28, 2005 conference call I indicated that the need for the opposing counsel to exchange witness lists for the November arbitration. Both Mr. Wilson and Mr. Feldman agreed to such an exchange to take place by no later than November 7, 2005. Following this conference call, I signed all 30 subpoenas, and made them available for retrieval at the ADR Services, Inc. for pick-up at the ADR's Century City offices, and as of the writing of this letter, assume that he arranged for and did receive the subpoenas on the afternoon of October 28, 2005.

Sincerely,

*[signature]*

Judge Alan B. Haber(ret.), Arbitrator

CC 00147

EXHIBIT X
PAGE 219