# EXHIBIT Y

NOV 28 2005 12:36PM   HP LASERJET 3200                                          p.2

Honorable Alan B. Haber
ADR SERVICES, INC
1900 Avenue of the Stars, Suite 250
Los Angeles, California 90067-4303
(310) 201-0010 PH
(310) 201-0016 FAX

IN THE MATTER OF THE ARBITRATION BETWEEN

FARHAD LARIAN                    )
                                 )
        Claimant                 )      ADR Case No. 05-2096-ABH
                                 )
vs.                              )      LASC Case No. BC 301371
ISAAC LARIAN                     )
                                 )      FINAL ARBITRATION AWARD
        Respondent               )
                                 )      DISMISSAL OF ALL CLAIMS WITH
                                 )              PREJUDICE

CHRONOLOGY OF EVENTS:

This Binding Arbitration between the above-named claimant and respondent commenced on November 16, 2005, at the ADR offices, Suite 250, 1900 Avenue of the Stars, Los Angeles, 90067. This Arbitration was scheduled for hearings on November 16, 17, 18, 21, 22, 23 and December 5, 2005. Claimant Farhad was represented by Mr. Robert G. Wilson of the law firm

1

Received  Nov-28-2005  12:38pm   From-            To-COTKIN COLLINS AND G   Page 002

CC 00546

EXHIBIT Y
PAGE 220

NOV 28 2005 12:36PM   HP LASERJET 3200

P.3

of Cotkin, Collins and Ginsburg and Mr. Richard Kellner of the law firm of Kabateck, Brown and Kellner. Respondent Isaac Larian was represented by Mr. Larry Feldman and Mr. Robert Turner, both of the Kaye Scholer LLP law firm. Also in attendance was Ms. Daphne Gronich, counsel for third-party intervenor, MGA Entertainment, Inc.

On November 17, 2005, the second day of the Arbitration proceedings, towards the end of the full-day session, following the testimony of a witness called by claimant, claimant's counsel called claimant Farhad Larian to testify as a witness. Upon taking his place at the witness chair, claimant Farhad Larian requested that he be permitted to address me, and the assemblage of counsel, and announced that he wishes to "go off the record". I then requested that claimant Larian consult privately with both of his counsel. Claimant Farhad Larian declined my request that he consult with his attorneys. Both of his attorneys appeared ready to leave the hearing room and consult with claimant Farhad Larian. However, claimant Farhad Larian continued to insist that he be permitted to address me and the assemblage of attorneys. I again suggested that claimant Farhad Larian meet with his attorneys. For a second time he insisted that he be allowed to address me and the assemblage, and refused my second suggestion that it would be advisable for him to speak to his attorneys. I informed him that any remarks or statements that he made would have to be "on the record"(at all times during the Arbitration proceeding, a Certified Court Reporter was recording the proceedings). Claimant Farhad Larian then addressed the assemblage and explained that certain evidence presented thus far in the proceedings caused him to conclude that his claims against respondent Isaac Larian were unfounded and that it was his request that the proceedings be brought to a conclusion. Thereupon, one of claimant's attorneys, Mr. Robert G. Wilson announced that he was resigning as claimant's counsel. In essence, and unquestionably, claimant Farhad Larian conceded that his claims against Isaac Larian for breach of fiduciary duty, fraud, and unilateral mistake and requests for monetary damages and recission should be "dropped", and the arbitration should be terminated. I suggested that a recess would be appropriate. Claimant and his counsel, Mr. Richard Kellner then retired to a different room: I then left the hearing room and briefly spoke with Mr. Kellner and claimant Farhad Larian and with Mr. Kellner's permission explained that if his true intentions were to terminate the proceedings, that he and Mr. Kellner would have to

2

Received Nov-28-2005 12:38pm   From-   To-COTKIN COLLINS AND G   Page 003

CC 00547

EXHIBIT Y
PAGE 221

NOV 28 2005 12:36PM   HP LASERJET 3200                                              P.4

1 | return to the hearing room and agree "on the record" to dismiss all of the Arbitration claims,
2 | and acknowledge that a dismissal with prejudice would mean that he would not be able to renew
3 | or refile his claims in the future. Claimant Farhad then acknowledge on the record that he
4 | understood the consequences of a dismissal of his Arbitration claims, and that he wished for a
5 | dismissal with prejudice of the claims.
6 |
7 | THE ARBITRATION AWARD:
8 |    Based on my satisfaction that claimant Farhad Larian knowingly and voluntarily wished
9 | for all of his Arbitration claims in this proceeding against respondent Isaac Larian be dismissed
10 | with prejudice, and his acknowledgment that there was no merit to any of his claims in this
11 | proceeding, I am ordering that all of the claims made by claimant Farhad Larian in this
12 | proceeding be forthwith dismissed with prejudice, and issue an award in favor of respondent
13 | Isaac Larian.
14 |
15 | DATED: November 18, 2005                    _____
16 |                                              Hon. Alan B. Haber(ret.), Arbitrator

3

Received   Nov-28-2005   12:38pm   From-                   To-COTKIN COLLINS AND S   Page 004

CC 00548

EXHIBIT  Y
PAGE  222

NOV 28 2005 12:36PM    HP LASERJET 3200

p.5

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is ADR Services, Inc., 1900 Avenue of the Stars, Suite 250 Los Angeles, California 90067.

On November 28, 2005, I served the foregoing document described as the FINAL ARBITRATION AWARD on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Richard Kellner, Esq.
Michael R. Brown, Esq.
KABATECK BROWN & KELLNER LLP
350 South Grand Avenue, 39th Floor
Los Angeles, California 90071

Robert G. Wilson, Esq.
COTKIN COLLINS & GINSBURG
300 South Grand Avenue, 24th Floor
Los Angeles, California 90071

Larry R. Feldman, Esq.
KAYE SCHOLER
1999 Avenue of the Stars, Suite 1600
Los Angeles, California 90067

__X__ BY U.S. MAIL, I caused such envelope with postage thereon to be placed in the United States mail at Los Angeles, California.

__X__ BY FACSIMILE, I caused such to be faxed to the attorneys on November 28, 2005.

_____ BY PERSONAL SERVICE I caused such envelope to be delivered by hand to:

__X__ STATE I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____ FEDERAL I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 28, 2005 at Los Angeles, California.

*Terry Shea*

Received  Nov-28-2005  12:38pm  From-                      To-COTKIN COLLINS AND G   Page 005

CC 00549

EXHIBIT  Y
PAGE  223