1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6   Facsimile: (213) 443-3100

7   Attorneys for Mattel, Inc.

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

12  | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
    |---|---|
13  | Plaintiff, | Consolidated with Case Nos. CV 04-9059 & CV 05-2727 |
14  | vs. | |
15  | MATTEL, INC., a Delaware corporation, | MATTEL'S CONSOLIDATED SEPARATE STATEMENT RE MATTEL, INC.'S MOTION TO COMPEL FARHAD LARIAN TO PRODUCE DOCUMENTS |
16  | Defendant. | |
17  | | |
18  | CONSOLIDATED WITH | Hearing Date:  January 10, 2008<br>Time:  9:30 a.m.<br>Place:  Telephonic |
19  | MATTEL, INC. v. BRYANT, and | **Phase 1** |
20  | MGA ENTERTAINMENT, INC. v. MATTEL, INC., | Discovery Cut-Off:  January 28, 2008<br>Pre-Trial Conference:  May 5, 2008 |
21  | Cross-Defendant. | Trial Date:  May 27, 2008 |

22

23

24

25

26

27

28

07209/2337348.1

Mattel, Inc. ("Mattel") submits the following Consolidated Separate Statement re Mattel's Motion to Compel Farhad Larian to Produce Documents.

### **Responses**

**REQUEST NO. 1:**

All DOCUMENTS, including all COMMUNICATIONS, RELATING TO any and all lawsuits and arbitration proceedings between YOU and ISAAC LARIAN, including without limitation all video and/or sound recordings, transcripts, exhibits, memoranda, witness statements, declarations, affidavits and sworn testimony given by any PERSON in connection with such arbitration proceedings.

**RESPONSE NO. 1:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein.  Larian further objects specifically to request for production No. 1 on the following grounds:  (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to. lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian's right to

07209/2337348.1

1 privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and
2 unintelligible; (11) seeks documents prohibited from production by the protective
3 orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case
4 No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH; and
5 (12) seeks documents which violate the settlement negotiations privilege.

6 **SUPPLEMENTAL RESPONSE NO. 1:**

7        Larian incorporates by reference each and every General Objection set
8 forth above as though fully set forth herein. Larian further objects specifically to
9 request for production No. 1 on the following grounds: (1) overly broad,
10 duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive;
11 (2) violates the arbitral immunity and/or privilege; (3) seeks information and
12 documents not within Larian's possession, custody or control, and/or documents that
13 are in the possessions, custody or control of third parties; (4) seeks disclosure of
14 facts and documents protected by or subject to the attorney-client privilege, and/or
15 attorney-work product doctrine or any other applicable privilege or immunity;
16 (5) seeks disclosure of facts and documents that contain sensitive confidential and
17 proprietary business information and/or constitute trade secret information; (6) seeks
18 production of voluminous records without limitations as to time; (7) seeks
19 information that is neither relevant to the subject matter of the pending proceeding,
20 nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks
21 information and documents readily accessible to Mattel from other sources or are
22 otherwise publicly available; (9) seeks documents which violate Larian's right to
23 privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and
24 unintelligible; (11) seeks documents prohibited from production by the protective
25 orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case
26 No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH; and
27 (12) seeks documents in violation of the settlement negotiations privilege.
28

1    Nevertheless, subject to and without waiver of or prejudice to the

2  foregoing objections, including the General Objections, Larian will produce all

3  pleading, from <u>Larian v. Larian</u>, Los Angeles Superior Court Case Nos. BC 301371

4  and BC 329501, <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH, and relevant,

5  non-privileged DOCUMENTS from these matters that relate to Bratz, including its

6  origin, Carter Bryant or Mattel.

7  **<u>REASON FURTHER RESPONSE SHOULD BE COMPELLED:</u>**

8    Mr. Larian has not contended that there are any lawsuits and

9  arbitrations at issue in this request other than:  (a) the December 2000 proceeding in

10  which Morad Zarabi determined a value of MGA and that Farhad Larian should sell

11  his interest in MGA to Isaac Larian, (b) Farhad Larian's August 2003 lawsuit against

12  Isaac Larian, alleging that Isaac Larian concealed MGA's involvement with Bratz in

13  late 1999 and throughout 2000 (months before MGA and Bryant claim in this suit

14  that they had even been introduced to one another) the conception and early

15  development of "Bratz" in late 1999 and throughout 2000 in order to keep the

16  December 2000 valuation of MGA artificially low, (c) the November 2005 court-

17  ordered arbitration of Farhad Larian's 2003 lawsuit (including Morad Zarabi's 2003

18  investigations prior to his voluntary withdrawal from arbitrating the dispute), and

19  (d) Farhad Larian's February 2005 lawsuit against Morad Zarabi with the same

20  allegations regarding Bratz, but joining Mr.. Zarabi to a conspiracy with Isaac

21  Larian.  As the Discovery Master already ruled on May 15, 2007, these proceedings

22  are relevant in this litigation because the proceedings addressed factual issues

23  regarding Bratz that are also at issue in this litigation.  The conception of Bratz and

24  Isaac Larian's concealment thereof indeed were the primary factual issues in those

25  proceedings.

26    During conference of counsel, Farhad Larian attempted to limit the

27  scope of this Request to anything referring or related to Bratz.  Farhad Larian took

28  the position that the <u>Larian v. Larian</u> proceedings were primarily related to how

1   much money Farhad Larian received for his MGA stock in December 2000, not to

2   Bratz, so this Request was overbroad.  Of course, Farhad Larian's position

3   completely ignores what the evidence irrefutably shows: that the core of Farhad

4   Larian's allegations regarding *why* his stock was undervalued, and the core of the

5   discovery conducted for his allegations, was Isaac Larian's concealment of the

6   conception and early development of Bratz in late 1999 and throughout 2000.  By

7   the very nature of Farhad Larian's concealment allegations regarding Bratz, many

8   documents directly relevant to his-allegations, and to Mattel's allegations, will not

9   refer to "Bratz" on their face.

10          Farhad Larian's improper attempt to narrow the scope of this Request is

11   a naked effort to give himself unilateral free reign to withhold non-privileged

12   relevant documents simply because they may not have the word "Bratz" somewhere

13   on the document.  For example, as part of Morad Zarabi's response to Farhad

14   Larian's allegations regarding Bratz, Mr. Ernest Dutcher conducted an appraisal of

15   MGA in 2003 valuing MGA "through December 31, 2000" for the first time.  That

16   valuation estimated a twenty-five percent (25%) growth rate for MGA for 2001,

17   more than five times higher than Mr. Dutcher's prior 2001 forecast when he valued

18   MGA "through December 31, 1999.  In a separately recorded statement,

19   Mr. Dutcher declared that the *only* way he would forecast such a large growth rate

20   would be if "hot products came along" to justify it.  Neither Mr. Dutcher's appraisal

21   nor the recorded transcript of his statements mention Bratz, yet the relevance of the

22   documents is beyond dispute:  these documents are at the heart of Mr. Zarabi's

23   response to Farhad Larian's allegations regarding the timing of the conception and

24   development of Bratz, and his brother's concealment thereof.

25          Notably, Mattel did not obtain either of these two documents from

26   Farhad Larian's small production of documents--it was from public filings and a law

27   firm that represented Mr. Zarabi.  Farhad Larian's deficient production in this

28   respect is a clear example of the impropriety of his attempt to unilaterally narrow the

-5-

1   scope of this Request.  Neither MGA nor Isaac Larian produced these documents

2   either.  Farhad Larian informed Mattel that he would produce additional documents

3   on December 6, 2007.  Mattel had not received them as of this filing.  Regardless,

4   Farhad Larian has stood by his insistence that he would not produce all

5   non-privileged documents, responsive to this Request.

6           In addition:

7           1.      It is Mr. Larian's burden to demonstrate how this request is

8   overbroad and/or unduly burdensome.  Goodman v. U.S., 369 F.2d 166, 169 (9th

9   Cir. 1966); Flatow v. The Islamic Republic of Iran, 202 F.R.D. 35, 36 (D.D.C.

10  2001); Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403 (D.C. Cir.

11  1984).  He has not done so.  "[E]xamination of large quantities of documents,

12  requiring a great deal of time and expense . . . is not alone a sufficient reason for

13  refusing discovery which is otherwise appropriate . . . ." U.S. v. American Optical

14  Co., 39 F.R.D. 580, 586-587 (N.D. Cal. 1966).  Here, Mattel offered to cover all of

15  Mr. Larian's copying costs.  Farhad Larian has not identified how many documents

16  are at issue that are in his possession from Mattel's requests.  Mattel also offered to

17  have a Quinn Emanuel paralegal inspect the documents and pull non-privileged,

18  responsive documents, with an express agreement that no privilege would be waived

19  from doing so.  Farhad Larian refused.

20          2.      That other parties may or may not have the same documents

21  Mr. Larian possesses does not excuse his production, especially where, as here,

22  Mattel has attempted but been unable to obtain all relevant documents from the

23  parties to this litigation.  State Farm Mut. Auto. Ins. Co. v. Accurate Medical, P.C.,

24  2007 WL 2993840, at *1 (E.D.N.Y. 2007) (quoting Covey Oil Co. v. Continental

25  Oil Co., 340 F.2d 993, 998 (10th Cir. 1965)); In re Bergeson, 112 F.R.D. 692, 695

26  (D. Mont. 1986); Plant Genetic Systems, N.Y. v. Northrup King Co., Inc.,

27  6 F. Supp. 2d 859, 861-862 (E.D. Mo. 1998).

28

1       3.      Mr. Larian represented that he is not withholding documents

2   based on arbitral immunity or privilege.

3       4.      Mattel does not contest at this juncture properly withheld

4   attorney-client communications and attorney work product, but the privilege log

5   Mr. Larian produced does not give Mattel a sufficient basis to evaluate the claims,

6   including because he fails to provide a document-by-document privilege log, or

7   even to provide date ranges, authors and recipients, aggregate volume of privileged

8   documents, or an attorney affidavit confirming no non-privileged documents were

9   withheld.  Federal Rule of Civil Procedure 45(d)(2); Gail v. New England Gas

10  Co., Inc., 243 F.R.D. 28, 33 (D.R.L 2007); In re Imperial Corp. Of America, 174

11  F.R.D. 475, 479 (S.D. Cal. 1997); Technologies Corp. v. Molecular Devices Corp.,

12  213 F.R.D. 555, 563 (N.D. Cal. 2003); S.E.C. v. Thrasher, 1996 WL 125661, at * 2

13  (S.D.N.Y. 1996).

14      5.      Mr. Larian can designate documents under the Protective Order

15  in this action to protect any purported confidential, proprietary or trade secret

16  information.

17      6.      The protective orders in the Larian v. Larian proceedings are

18  inapplicable at least as to the vast majority of the documents in Mr. Larian's

19  possession because Mr. Larian had the documents in his control before the

20  protective orders were in effect, or as to some documents he was the original source

21  of the documents.  See McCarty v. Bankers Ins. Co., Inc., 195 F.R.D. 39, 44 (N.D.

22  Fla. 1998) (party possessing documents prior to entering into a protective order

23  cannot rely on the protective order to keep them confidential).  At a minimum, the

24  protective orders allow Mr. Larian to consent to modify them so as to allow

25  production of documents in this action, and he, MGA and Isaac Larian have recently

26  agreed in principle.  This serves to obviate Farhad Larian's objections based on the

27  protective orders.

28

1       7.     There is no settlement negotiations privilege for purposes of

2 discovery. Fed. R. Evid. 408, <u>Matsushita Electric Industrial Co., Ltd. v.</u>

3 <u>Mediatek, Inc.</u>, 2007 WL 963975, at *2-3 (N.D. Cal.).

4 **<u>FARHAD LARIAN'S RESPONSE TO MATTEL'S SEPARATE</u>**

5 **<u>STATEMENT RE REQUEST NO. 1</u>:**

6       Mattel completely mischaracterizes Farhad's proposed limitation for

7 this request.  In the meet and confer discussions between counsel, Farhad's counsel

8 recognized that some documents from the <u>Larian v. Larian</u> proceedings were

9 relevant because the proceedings addressed factual issues regarding Bratz that are

10 also at issue in the <u>Mattel v. Bryant</u> litigation.  However, there are numerous other

11 documents from the <u>Larian v. Larian</u> proceedings that have nothing to do with the

12 <u>Mattel v. Bryant</u> litigation, including irrelevant correspondence, motions, and

13 research as well as other personal and business issues among Farhad and Isaac

14 Larian.  For this reason, Farhad proposed to limit the scope of the requests to those

15 documents that relate to Bratz, including its origin, Carter Bryant and Mattel.  These

16 are exactly the documents that Mattel seeks, and therefore, it is an appropriate

17 limitation.

18       It was believed, following the November 20, 2007 conference call, that

19 Mattel recognized this fact and accepted this limitation because this issue was not

20 discussed at all during the November 27, 2007 conference call.  Farhad did not learn

21 that a dispute remained until Mattel's counsel sent a letter on December 5, 2007, the

22 day before the filing of this motion.  Farhad's counsel sent a responsive letter the

23 following day (December 6, 2007) in an attempt to clarify the issue.  In this letter,

24 Farhad's counsel explained their proposed limitation again and also advised Mattel's

25 counsel that Farhad was producing documents that were responsive to this narrower

26 scope.  But, shortly after sending this letter, Mattel filed this motion.

27       Despite the filing of this motion, Farhad still produced documents the

28 evening of December 6, 2007, and this production consisted of over 11,000

1  documents. Accordingly, there is no need to compel a further response to this

2  request because Farhad has already produced all of the relevant, non-privileged

3  documents that Mattel was seeking. Any claim by Mattel to the contrary is false.

4  Farhad produced all documents from the <u>Larian v. Larian</u> matters that relate to

5  Bratz, including its origin, Carter Bryant and Mattel.

6          The only relevant documents currently being withheld that are not

7  privileged are those documents covered by-the protective orders in the <u>Larian v.</u>

8  <u>Larian</u> matters. Mattel is fully aware of this fact and Farhad and Isaac Larian, the

9  parties to the protective orders in <u>Larian v. Larian</u>, are currently negotiating an

10  amendment to these protective orders to allow production to Mattel. Farhad and

11  Isaac Larian are doing this in a good faith effort to resolve this discovery dispute

12  although there is no obligation on their part to do this. If the protective orders are

13  amended, Farhad is willing produce the remaining documents responsive to this

14  request. Thus, the Court should find that Farhad's proposed limitation was

15  appropriate and the motion should be denied.

16  **MATTEL'S REPLY:**

17          Farhad Larian claims that "there are numerous other documents from

18  the <u>Larian v. Larian</u> proceedings that have nothing to do with the <u>Mattel v. Bryant</u>

19  litigation, including irrelevant correspondence, motions, and research as well as

20  other personal and business issues among Farhad and Isaac Larian." Yet, in addition

21  to offering only conclusory pronouncements about relevance, he does not dispute

22  that the central issues in the <u>Larian v. Larian</u> proceedings involved Farhad Larian's

23  allegations that (a) in late 1999 or early 2000, Isaac Larian and MGA "became

24  aware" of a new product line called "Bratz," (b) starting in early 2000 and

25  throughout 2000, Isaac Larian and MGA devised plans to develop and distribute

26  Bratz, and (c) Isaac Larian concealed the plans for Bratz from Farhad Larian in

27

28

1 order to keep the valuation of MGA artificially low.[1]  Indeed, Farhad Larian
2 submitted a declaration in which he testified that the "principal allegation" of his
3 suit was that "Isaac tricked [him] into agreeing to arbitration, knowing that he had
4 already concealed, and would continue to conceal during the arbitration process, the
5 company's license for the Bratz product line and other material financial information
6 about the company."[2]  Morad Zarabi has also declared that the <u>Larian v. Larian</u>
7 disputes concerned Farhad Larian's allegation "that Isaac concealed from Farhad and
8 [Mr. Zarabi] certain facts pertaining to a product line of [MGA] called the 'Bratz
9 doll,' which allegedly was of great value and would have justified a substantially
10 higher price for Farhad's shares."[3]  Thus, given the issues in dispute in the <u>Larian v.</u>
11 <u>Larian</u> proceedings, virtually every document related to the <u>Larian v. Larian</u> cases is
12 also related to Bratz, whether it expressly refers to Bratz or not.

13           Farhad Larian's claim that he has produced all responsive documents
14 since Mattel filed its Motion is incorrect.  Farhad Larian produced approximately six
15 boxes of documents.[4]  Farhad Larian claims that he has approximately three boxes
16 of privileged material.[5]  That leaves at least three to six boxes of non-privileged
17 material known to be in Farhad Larian's possession alone unaccounted for.  Conkle,
18 Kremer & Engle, Farhad Larian's former attorneys, have represented that it provided

19

20  [1]  See <u>Larian v. Larian</u> Complaint, dated August 25, 2003, at ¶¶ 13-23, attached
21  as Exhibit 1 to the Declaration of Juan Pablo Alban in Support of Mattel, Inc.'s
     Motions to Compel Farhad Larian and Stern & Goldberg to Produce Documents,
22  dated December 6, 2007 ("Dec. 6 Alban Dec.").
     [2]  Declaration of Farhad "Fred" Larian, dated November 7, 2003, ¶ 11, attached
23  as Exhibit 18 to the Declaration of Juan Pablo Alban in Support of Mattel, Inc.'s
24  Motion to Compel Kaye Scholer to Produce Documents, dated December 10, 2007
25  ("Dec. 10 Alban Dec.").
     [3]  Declaration of Morad Zarabi, dated September 14, 2004, ¶ 6, Dec. 10 Alban
26  Dec., Exh. 15.
     [4]  Declaration of Scott E. Gizer, dated December 26, 2007, ¶ 21.
27  [5]  Farhad Larian's Opposition, at p. 20.

28

1 approximately 12 to 15 boxes of documents related to the <u>Larian v. Larian</u>

2 proceedings to Kabatech Brown Kellner, Farhad Larian's subsequent attorneys.[6]

3 Kabatech Brown Kellner claims that it gave these boxes to Farhad Larian without

4 retaining copies when its representation of Farhad Larian ended.[7]

5       Farhad Larian's final claim is that "[t]he only relevant documents

6 currently being withheld that are not privileged are those documents covered by the

7 protective orders in the <u>Larian v. Larian</u> matters." Not so. As an initial matter, no

8 protective order operates to prevent the person who possessed or controlled the

9 documents originally from producing them. <u>See, e.g.</u>, <u>McCarty v. Bankers Ins. Co.,</u>

10 <u>Inc.</u>, 195 F.R.D. 39, 44 (N.D. Fla. 1998) (party possessing documents prior to

11 entering into a protective order cannot rely on the protective order to keep them

12 confidential). Farhad Larian does not claim otherwise. Further, Farhad Larian has a

13 number of documents relevant to the <u>Larian v. Larian</u> proceedings and Bratz that he

14 has not produced. For example, Farhad Larian has produced no documents

15 originally bates-stamped "MZ" [Morad Zarabi] or "ED" [Ernest Dutcher].[8] Those

16 documents were produced to Farhad Larian and Isaac Larian in May and June 2004.

17 No protective order was in effect at the time of the production, and a September

18 2004 protective order expressly encompasses only some of these documents.[9]

19 Farhad Larian's reliance on this objection is thus misplaced.

20

21

22

23    [6] Letter from Alban to Conkle, dated December 7, 2007, attached as Exhibit 11 to the concurrently filed Supplemental Declaration of Jon D. Corey ("Corey Dec.").

24    [7] Letter from Alban to Kellner, dated December 13, 2007, Corey Dec., Exh. 12.

25    [8] Stipulation and Protective Order, dated September 23, 2004, Dec. 6 Alban Dec., Exh. 46 at Exh. A; Letter from Gizer to Alban, dated December 12, 2007,

26 Corey Dec., Exh. 15.

27    [9] Stipulation and Protective Order, dated September 23, 2004, Dec. 6 Alban Dec., Exh. 46 at Exh. A.

28

07209/2337348.1

1 **REQUEST NO. 2:**

2       All DOCUMENTS, including without limitation any and all pleadings,

3 briefs, decisions, orders, correspondence and other COMMUNICATIONS, created,

4 reviewed, transmitted or received by YOU in connection with any lawsuit or

5 arbitration proceedings, including without limitation any pre-arbitration and post-

6 arbitration proceedings, or any other dispute between YOU and ISAAC LARIAN.

7 **RESPONSE NO. 2:**

8       Larian incorporates by reference each and every General Objection set

9 forth above as though fully set forth herein.  Larian further objects specifically to

10 request for production No. 1 on the following grounds:  (1) overly broad,

11 duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive;

12 (2) violates the arbitral immunity and/or privilege; (3) seeks information and

13 documents not within Larian's possession, custody or control, and/or documents that

14 are in the possessions, custody or control of third parties; (4) seeks disclosure of

15 facts and documents protected by or subject to the attorney-client privilege, and/or

16 attorney-work product doctrine or any other applicable privilege or immunity;

17 (5) seeks disclosure of facts and documents that contain sensitive confidential and

18 proprietary business information and/or constitute trade secret information; (6) seeks

19 production of voluminous records without limitations as to time; (7) seeks

20 information that is neither relevant to the subject matter of the pending proceeding,

21 nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks

22 information and documents readily accessible to Mattel from other sources or are

23 otherwise publicly available; (9) seeks documents which violate Larian's right to

24 privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and

25 unintelligible; (11) seeks documents prohibited from production by the protective

26 orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case

27 No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH; and

28 (12) seeks documents which violate the settlement negotiations privilege.

**SUPPLEMENTAL RESPONSE NO. 2:**

        Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein.  Larian further objects specifically to request for production No. 2 on the following grounds:  (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7)' seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian's right to privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and unintelligible; (11) seeks documents prohibited from production by the protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) seeks documents which violate the settlement negotiations privilege.

        Nevertheless, subject to and without waiver of or prejudice to the foregoing objections, including the General Objections, Larian will produce all pleadings from Larian v. Larian, Los Angeles Superior Court Case Nos. BC 301371 and BC 329501, Larian v. Larian, ADRS Case No. 05-2096-ABH, and relevant, non-privileged DOCUMENTS from these matters that relate to Bratz, including its origin, Carter Bryant or Mattel.

1 **REASON FURTHER RESPONSE SHOULD BE COMPELLED:**

2 <u>See</u> Reasons to Compel Responses to Request No. 1.

3 **FARHAD LARIAN'S RESPONSE TO MATTEL'S SEPARATE**

4 **STATEMENT RE REQUEST NO. 2:**

5 See Farhad 's Response to Mattel's Separate Statement re Request

6 No. 1.

7 **MATTEL'S REPLY:**

8 <u>See</u> Mattel's Reply to Request No. 1.

9

10 **REQUEST NO. 3:**

11 All DOCUMENTS, including all COMMUNICATIONS, RELATING

12 TO any contract or agreement, or any proposed, offered or requested contract or

13 agreement, between YOU and/or any of YOUR FAMILY MEMBER, on the one

14 hand, and ISAAC LARIAN, any FAMILY MEMBER of ISAAC LARIAN and/or

15 MGA, on the other hand, at any time since January 1, 1999, including without

16 limitation any and all actual, proposed, offered or requested amendments or

17 modifications thereto, and including without limitation: (a) the Agreement for Sale

18 of Stock, entered into on or around December 4, 2000, between YOU and ISAAC

19 LARIAN, (b) the Agreement to Arbitrate and Selection of Arbitrator, entered into

20 on or about September 28, 2000, between YOU and ISAAC LARIAN, (c) any and

21 all employment and consulting agreements, (d) any and all settlements, resolutions

22 or compromises of any kind, and (e) any and all fee or indemnification agreements.

23 **RESPONSE NO. 3:**

24 Larian incorporates by reference each and every General Objection set

25 forth above as though fully set forth herein. Larian further objects specifically to

26 request for production No. 1 on the following grounds: (1) overly broad,

27 duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive;

28 (2) violates the arbitral immunity and/or privilege; (3) seeks information and

07209/2337348.1

-14-

1  documents not within Larian's possession, custody or control, and/or documents that
2  are in the possessions, custody or control of third parties; (4) seeks disclosure of
3  facts and documents protected by or subject to the attorney-client privilege, and/or
4  attorney-work product doctrine or any other applicable privilege or immunity;
5  (5) seeks disclosure of facts and documents that contain sensitive confidential and
6  proprietary business information and/or constitute trade secret information; (6) seeks
7  production of voluminous records without limitations as to time; (7) seeks
8  information that is neither relevant to the subject matter of the pending proceeding,
9  nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks
10 information and documents readily accessible to Mattel from other sources or are
11 otherwise publicly available; (9) seeks documents which violate Larian's right to
12 privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and
13 unintelligible; (11) seeks documents prohibited from production by the protective
14 orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case
15 No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH; and
16 (12) seeks documents which violate the settlement negotiations privilege.

17 **SUPPLEMENTAL RESPONSE NO. 3:**

18         Larian incorporates by reference each and every General. Objection set
19 forth above as though fully set forth herein.  Larian further objects specifically to
20 request for production No. 3 on the following grounds:  (1) overly broad,
21 duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive;
22 (2) violates the arbitral immunity and/or privilege; (3) seeks information and
23 documents not within Larian's possession, custody or control, and/or documents that
24 are in the possession, custody or control of third parties; (4) seeks disclosure of facts
25 and documents protected by or subject to the attorney-client privilege, and/or
26 attorney-work product doctrine or any other applicable privilege or immunity;
27 (5) seeks disclosure of facts and documents that contain sensitive confidential and
28 proprietary business information and/or constitute trade secret information; (6) seeks

1   production of voluminous records without limitations as to time; (7) seeks

2   information that is neither relevant to the subject matter of the pending proceeding,

3   nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks

4   information and documents readily accessible to Mattel from other sources or are

5   otherwise publicly available; (9) seeks documents which violate Larian's right to

6   privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and

7   unintelligible; (11) seeks documents prohibited from production by the protective

8   orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case

9   No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH; and

10   (12) seeks documents which violate the settlement negotiations privilege.

11          Nevertheless, subject to and without waiver of or prejudice to the

12   foregoing objections, including the General Objections, Larian will produce the

13   Agreement for Sale of Stock between himself and Isaac Larian, the Agreement to

14   Arbitrate and Selection of Arbitrator, a redacted copy of the retainer agreement

15   between Larian and the law firm of Christensen, Glaser, Fink, Jacobs, Weil &

16   Shapiro, LLP, any settlement agreement between Larian and Isaac Larian or MGA

17   since January 1, 1999 and any employment or consulting agreement between Larian

18   and Isaac Larian or MGA since January 1, 1999.

19   **REASON FURTHER RESPONSE SHOULD BE COMPELLED:**

20          See Response to Request No. 1.

21          Furthermore, during conference of counsel, Farhad Larian's counsel

22   resisted producing anything related to communications occurring after the effective

23   dates of the agreements at issue in this request.  Given that the Arbitration and the

24   Stock Sale Agreements were signed in September and December, 2000,

25   respectively, and that Farhad Larian's allegations regarding Bratz commenced in the

26   Summer of 2002, such limitation effectively attempts to exclude from production

27   any communications related to Farhad Larian's allegation regarding the conception

28   and development of Bratz.

1   In addition to documents related to the <u>Larian v. Larian</u> proceedings,
2   this Request also seeks documents that go to Farhad Larian's credibility, namely his
3   employment relationship with MGA and fee or indemnification agreements with
4   MGA or Isaac Larian.  Information is relevant and discoverable if it relates to "the
5   credibility of any witness." <u>Cable & Computer Technology, Inc. v. Lockheed</u>
6   <u>Sanders, Inc.</u>, 175 F.R.D. 646, 650 (C.D. Cal. 1997).  Evidence of bias is also
7   relevant and discoverable.  <u>United States v. Abel</u>, 469 U.S. 45, 50-51 (1984); <u>see</u>
8   <u>also</u> Wright & Miller, <u>Federal Practice & Procedure: Federal Rules of Evidence</u>
9   § 6095 (bias is a "particularly favored basis for attacking credibility," and
10  "circumstantial evidence of bias" may include evidence of the "payment of bribes or
11  fees").  The Discovery Master has already ruled that payments from MGA to Farhad
12  Larian are relevant to this action.  Similarly, the Discovery Master has found to be
13  relevant documents related to MGA's transfers of money or other things of value to
14  Carter Bryant because they go to his credibility or bias.  If Farhad Larian has
15  privacy concerns with respect to such documents, the Protective Order in this action
16  expressly allows him to designate documents as "Confidential" or "Confidential--
17  Attorney's Eyes Only."  The Discovery Master has ruled more than once that the
18  Protective Order adequately addresses privacy concerns, including with respect
19  payments of money from MGA to witnesses.

20          During conference of counsel, Farhad Larian's counsel said Mr. Larian
21  could produce one document related to settlement agreements, but then changed her
22  mind.

23  **FARHAD LARIAN'S RESPONSE TO MATTEL'S SEPARATE**
24  **STATEMENT RE REQUEST NO. 3:**

25          Farhad has produced all responsive, non-privileged documents to this
26  request.  Farhad has since amended his response to Mattel's subpoena to reflect this
27  fact.

28

07209/2337348.1

**MATTEL'S REPLY:**

See Mattel's Reply to Request No. 1.

Farhad Larian's unilateral limitation would exclude from production documents showing payments of money to Farhad Larian after 2000, which is the entire time period when he most likely received payments that would evidence bias. Farhad Larian now claims to have produced all responsive, non-privileged documents to this request, but that is belied by his own representations. Farhad Larian claims that he has produced "the amount of money he was paid for his shares of MGA, his consulting agreement with MGA after he sold his shares, and the fee agreement between MGA and him."[10] He asserts that his production includes "all non-privileged documents which could potentially show bias."[11] Of course, the statement falls far short of stating he has produced all documents relating to payments. To the contrary, it makes clear that he has produced only what he unilaterally deems probative of bias. In addition, by enumerating only a few sources of monies he was paid, he makes clear he is withholding payments he received for other reasons. Indeed, he acknowledges that he has not even searched for "additional payment documents," claiming that to do so "would only result in Farhad producing cumulative information."[12] This is insufficient, and Farhad Larian should be ordered to produce all documents in response to this request.

**REQUEST NO. 4:**

All DOCUMENTS, including all COMMUNICATIONS, RELATING TO Los Angeles Superior Court Case No. BC 303171 brought by YOU against ISAAC LARIAN and/or any related proceedings, including any appeal thereof, and

---

[10]  Farhad Larian's Opposition, at 18.
[11]  Id.
[12]  Id.

07209/2337348.1

1 including without limitation all video and/or sound recordings, transcripts, exhibits,

2 pleadings, briefs, memoranda, witness statements, declarations, affidavits and sworn

3 testimony given by any PERSON in connection with such suit and/or related

4 proceedings and/or any appeal related to such lawsuit.

5 **RESPONSE NO. 4:**

6       Larian incorporates by reference each and every General Objection set

7 forth above as though fully set forth herein.  Larian further objects specifically to

8 request for production No. 1 on the following grounds:  (1) overly broad,

9 duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive;

10 (2) violates the arbitral immunity and/or privilege; (3) seeks information and

11 documents not within Larian's possession, custody or control, and/or documents that

12 are in the possessions, custody or control of third parties; (4) seeks disclosure of

13 facts and documents protected by or subject to the attorney-client privilege, and/or

14 attorney-work product doctrine or any other applicable privilege or immunity;

15 (5) seeks disclosure of facts and documents that contain sensitive confidential and

16 proprietary business information and/or constitute trade secret information; (6) seeks

17 production of voluminous records without limitations as to time; (7) seeks

18 information that is neither relevant to the subject matter of the pending proceeding,

19 nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks

20 information and documents readily accessible to Mattel from other sources or are

21 otherwise publicly available; (9) seeks documents which violate Larian's right to

22 privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and

23 unintelligible; (11) seeks documents prohibited from production by the protective

24 orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case

25 No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH; and

26 (12) seeks documents which violate the settlement negotiations privilege.

27

28

1 | **SUPPLEMENTAL RESPONSE NO. 4:**

2       Larian incorporates by reference each and every General Objection set

3 | forth above as though fully set forth herein.  Larian further objects specifically to

4 | request for production No. 4 on the following grounds:  (1) overly broad,

5 | duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive;

6 | (2) violates the arbitral immunity and/or privilege; (3) seeks information and

7 | documents not within Larian's possession, custody or control, and/or documents that

8 | are in the possessions, custody or control of third parties; (4) seeks disclosure of

9 | facts and documents protected by or subject to the attorney-client privilege, and/or

10 | attorney-work product doctrine or any other applicable privilege or immunity;

11 | (5) seeks disclosure of facts and documents that contain sensitive confidential and

12 | proprietary business information and/or constitute trade secret information; (6) seeks

13 | production of voluminous records without limitations as to time; (7) seeks

14 | information that is neither relevant to the subject matter of the pending proceeding,

15 | nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks

16 | information and documents readily accessible to Mattel from other sources or are

17 | otherwise publicly available; (9) seeks documents which violate Larian's right to

18 | privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and

19 | unintelligible; (11) seeks documents prohibited from production by the protective

20 | orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case

21 | No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH; and

22 | (12) seeks documents which violate the settlement negotiations privilege.

23       Nevertheless, subject to and without waiver of or prejudice to the

24 | foregoing objections, including the General Objections, Larian will produce all

25 | pleadings from Larian v. Larian, Los Angeles Superior Court Case Nos. BC 301371

26 | and BC 329501, Larian v. Larian, ADRS Case No. 05-2096-ABH, and relevant,

27 | non-privileged DOCUMENTS from these matters that relate to Bratz, including its

28 | origin, Carter Bryant or Mattel.

1  **REASON FURTHER RESPONSE SHOULD BE COMPELLED:**

2      <u>See</u> Response to Request No. 1.

3  **FARHAD LARIAN'S RESPONSE TO MATTEL'S SEPARATE**

4  **STATEMENT RE REQUEST NO. 4:**

5      See Farhad's Response to Mattel's Separate Statement re Request No. 4.

6      In addition, this Request was never discussed during the parties' meet

7  and confer discussions.

8  **MATTEL'S REPLY:**

9      <u>See</u> Mattel's Reply to Request No. 1.

10      Farhad Larian's response is unintelligible to the extent it cites to

11  "Farhad's Response to Mattel's Separate Statement re Request No. 4" -- the very

12  response at issue.  Also, contrary to his claim, the parties discussed at length Farhad

13  Larian's objections regarding documents related to the <u>Larian v. Larian</u> cases.[13]

14

15  **REQUEST NO. 8:**

16      All COMMUNICATIONS to or from YOU RELATING TO BRATZ,

17  including without limitation to or from ISAAC LARIAN, MORAD ZARABI,

18  MGA, BRYANT, Veronica Marlow, Mercedeh Ward, Margaret Hatch (also known

19  as Margaret Leahy and/or Margaret Hatch-Leahy) and/or Anna Rhee, and including

20  without limitation all diaries, notes, calendars, logs, phone records, letters and other

21  DOCUMENTS relating thereto.

22

23

24

25

26

---

27  [13]  <u>See</u> Supp. Declaration of Juan Pablo Alban, dated January 3, 2008 and
concurrently filed herewith ("Supp. Alban Dec."), ¶¶ 2-3.

28

**RESPONSE NO. 8:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 1 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available;. (9) seeks documents which violate Larian's right to privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks documents prohibited from production by the protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH.

**SUPPLEMENTAL RESPONSE NO. 8:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 8 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that

MATTEL'S CONSOLIDATED SEPARATE STATEMENT

07209/2337348.1

are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian's right to privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks documents prohibited from production by the protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior. Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH.

Nevertheless, subject to and without waiver of or prejudice to the foregoing objections, including the General Objections, Larian will produce relevant, non-privileged documents responsive to this request for production, if any, which are in his possession, custody or control.

## REASON FURTHER RESPONSE SHOULD BE COMPELLED:

<u>See</u> Reasons to Compel Responses to Request No. 1.

Furthermore, during conference of counsel, Farhad Larian's counsel agreed to produce only "correspondence" responsive to this Request. This ignores that Farhad Larian's diaries, notes, calendars, logs or phone records indicating his communications with the person mentioned--all of whom are witnesses with knowledge about the conception and development of Bratz--are also relevant and therefore should be compelled.

1 **FARHAD LARIAN'S RESPONSE TO MATTEL'S SEPARATE**

2 **STATEMENT RE REQUEST NO. 8:**

3       Mattel mischaracterizes the content of the parties' meet and confer

4 discussions. Farhad's counsel stated that they would get back to Mattel on this

5 Request and did so prior to the filing of this motion. In their letter of December 6,

6 2007 (sent prior to Mattel's Motion to Compel), Farhad's counsel stated Farhad

7 would produce all responsive, non-privileged documents to this request. Farhad

8 produced these documents on December 6, 2007.

9 **MATTEL'S REPLY:**

10       <u>See</u> Mattel's Reply to Request No. 1.

11       Farhad Larian now claims that he has produced all non-privileged

12 responsive documents in response to this Request. However, Farhad Larian's view

13 of what "relates to Bratz" appears to be excessively narrow. As described in

14 Mattel's Reply to Request No. 1, Farhad Larian alone has at least three to six boxes

15 of non-privileged documents related to <u>Larian v. Larian</u> -- the vast majority of which

16 likely also relate to Bratz -- that he has not produced. Further, Farhad Larian

17 initially agreed only to produce communications in response to this Request. As

18 Mattel noted, that ignored "Farhad Larian's diaries, notes, calendars, logs or phone

19 records indicating his communications with the person mentioned." Despite

20 claiming now to have produced all responsive documents, not just communications,

21 it does not appear that Farhad Larian has produced any diaries, calendars, logs or

22 phone records.[14]

---

[14]   Corey Dec., ¶ 17.

07209/2337348.1

**REQUEST NO. 9:**

All planners and calendars, including without limitation any Franklin planner or Outlook calendar, used by YOU, ISAAC LARIAN or any other PERSON at MGA RELATING TO the time period between January 1, 1998 and December 31, 2002, inclusive.

**RESPONSE NO. 9:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically. to request for production No. 1 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian' s right to privacy and/or the right to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

**SUPPLEMENTAL RESPONSE NO. 9:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 9 on the following grounds: (1) overly broad,

1 | duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive;
2 | (2) violates the arbitral immunity and/or privilege; (3) seeks information and
3 | documents not within Larian's possession, custody or control, and/or documents that
4 | are in the possessions, custody or control of third parties; (4) seeks disclosure of
5 | facts and documents protected by or subject to the attorney-client privilege, and/or
6 | attorney-work product doctrine or any other applicable privilege or immunity;
7 | (5) seeks disclosure of facts and documents that contain sensitive confidential and
8 | proprietary business information and/or constitute trade secret information; (6) seeks
9 | production of voluminous records without limitations as to time; (7) seeks
10 | information that is neither relevant to the subject matter of the pending proceeding,
11 | nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks
12 | information and documents readily accessible to Mattel from other sources or are
13 | otherwise publicly available; (9) seeks documents which violate Larian's right to
14 | privacy and/or the right to privacy of a third party; and (10) is vague, ambiguous and
15 | unintelligible.

16 | Nevertheless, subject to and without waiver of or prejudice to the
17 | foregoing objections, including the General Objections, Larian will produce
18 | relevant, non-privileged documents responsive to this request for production, if any,
19 | which are in his possession, custody or control.

20 | **REASON FURTHER RESPONSE SHOULD BE COMPELLED:**

21 | See Reasons to Compel Responses to Request Nos. 1, 8.

22 | Furthermore, during a conference, Farhad Larian's counsel agreed to
23 | provide only entries referring to Bratz. Similar to the discussion in Request No. 1,
24 | this is an improper attempt to unilaterally-decide what calendar or planner entries
25 | relate to Bratz simply by whether or not they say "Bratz" on their face. Farhad
26 | Larian himself declared that he had meetings with Isaac Larian and others regarding
27 | Bratz, and that prior to that, since before 1998, he had disputes with Isaac Larian
28 | about how to run MGA. Isaac Larian has alleged that Farhad Larian knew all about

1  Bratz in 2000, because the development of Bratz was "common knowledge" at
2  MGA, Farhad Larian had Bratz records accessible to him, and because Farhad
3  Larian himself admitted that emails about Bratz were "prolific." By either brother's
4  account, Bratz apparently was already an "establishment" at MGA in 2000, if not in
5  late 1999--meetings reflecting as much, or otherwise reflecting discussions relevant
6  to the allegations in <u>Larian v. Larian,</u> such as motivation by Isaac Larian to conceal
7  Bratz from Farhad Larian in 2000, are relevant here.

8  **<u>FARHAD LARIAN'S RESPONSE TO MATTEL'S SEPARATE</u>**
9  **<u>STATEMENT RE REQUEST NO. 9</u>:**

10       Mattel mischaracterizes the content of the parties' meet and confer
11  discussions. Farhad's counsel stated that they would get back to Mattel on this
12  Request and did so prior to the filing of this motion. In their letter of December 6,
13  2007 (sent prior to Mattel's Motion to Compel), Farhad's counsel stated Farhad
14  would produce all responsive, non-privileged documents to this request. Farhad
15  produced these documents on December 6, 2007.

16  **<u>MATTEL'S REPLY:</u>**

17       <u>See</u> Mattel's Reply to Request Nos. 1 and 8.

18       In addition to his potentially relevant information from the Larian v.
19  Larian proceedings, Farhad Larian was a co-founder of and an executive at MGA
20  during the highly relevant time period of 2000. Farhad Larian now claims that he
21  has produced all non-privileged documents responsive to this Request. However,
22  based on Mattel's review of Farhad Larian's limited production it does not appear
23  that he has produced any planners or calendars.[15] In addition, Farhad Larian has
24  withheld relevant documents responsive to other requests despite representing that

25
26
27       [15]   Corey Dec., ¶ 17.
28

1    he produced all non-privilege responsive documents.  (See, e.g., Mattel's Reply to

2    Request No. 25).  He should be compelled to produce such documents.

3

4    **REQUEST NO. 16:**

5        All DOCUMENTS RELATING TO Los Angeles Superior Court Case

6    No. BC 329501 filed by YOU against ISAAC LARIAN, MORAD ZARABI and

7    Kambiz Zarabi, and/or any related proceedings and/or any appeal of such lawsuit,

8    including without limitation all video and/or sound recordings, transcripts, exhibits,

9    pleadings, briefs, memoranda, witness statements, declarations, affidavits and sworn

10    testimony given by any PERSON in connection with such suit and/or related

11    proceedings and/or any appeal related to such lawsuit.

12    **RESPONSE NO. 16:**

13        Larian incorporates by reference each and every General Objection set

14    forth above as though fully set forth herein.  Larian further objects specifically to

15    request for production No. 1 on the following grounds:  (1) overly broad,

16    duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive;

17    (2) violates the arbitral immunity and/or privilege; (3) seeks information and

18    documents not within Larian's possession, custody or control, and/or documents that

19    are in the possessions, custody or control of third parties; (4) seeks disclosure of

20    facts and documents protected by or subject to the attorney-client privilege, and/or

21    attorney-work product doctrine or any other applicable privilege or immunity;

22    (5) seeks disclosure of facts and documents that contain sensitive confidential and

23    proprietary business information and/or constitute trade secret information; (6) seeks

24    production of voluminous records without limitations as to time; (7) seeks

25    information that is neither relevant to the subject matter of the pending proceeding,

26    nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks

27    information and documents readily accessible to Mattel from other sources or are

28    otherwise publicly available; (9) seeks documents which violate Larian's right to

1  privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and

2  unintelligible; (11) seeks documents prohibited from production by the protective

3  orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case

4  No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH; and

5  (12) seeks documents which violate the settlement negotiations privilege.

6  **SUPPLEMENTAL RESPONSE NO. 16:**

7        Larian incorporates by reference each and every General Objection set

8  forth above as though fully set forth herein.  Larian further objects specifically to

9  request for production No. 16 on the following grounds:  (1) overly broad,

10  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive;

11  (2) violates the arbitral immunity and/or privilege; (3) seeks information and

12  documents not within Larian's possession, custody or control, and/or documents that

13  are in the possessions, custody or control of third parties; (4) seeks disclosure of

14  facts and documents protected by or subject to the attorney-client privilege, and/or

15  attorney-work product doctrine or any other applicable privilege or immunity;

16  (5) seeks disclosure of facts and documents that contain sensitive confidential and

17  proprietary business information and/or constitute trade secret information; (6) seeks

18  production of voluminous records without limitations as to time; (7) seeks

19  information that is neither relevant to the subject matter of the pending proceeding,

20  nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks

21  information and documents readily accessible to Mattel from other sources or are

22  otherwise publicly available; (9) seeks documents which violate Larian's right to

23  privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and

24  unintelligible; (11) seeks documents prohibited from production by the protective

25  orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case

26  No. BC 301371, and , <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH; and

27  (12) seeks documents which violate the settlement negotiations privilege.

28        Nevertheless, subject to and without waiver of or prejudice to the

1  foregoing objections, including the General Objections, Larian will produce all

2  pleadings from Larian v. Larian, Los Angeles Superior Court Case Nos. BC 301 371

3  and BC 329501, Larian v. Larian, ADRS Case No. 05-2096-ABH, and relevant,

4  non-privileged DOCUMENTS from these matters that relate to Bratz, including its

5  origin, Carter Bryant or Mattel.

6  **REASON FURTHER RESPONSE SHOULD BE COMPELLED:**

7      <u>See</u> Reasons to Compel Responses to Request No. 1.

8  **FARHAD LARIAN'S RESPONSE TO MATTEL'S SEPARATE**

9  **STATEMENT RE REQUEST NO. 16:**

10      See Farhad's Response to Mattel's Separate Statement re Request No. 1.

11      In addition, this Request was never discussed during the parties' meet

12  and confer discussions.

13  **MATTEL'S REPLY:**

14      <u>See</u> Mattel's Reply to Request No. 1.

15      Farhad Larian claims that the parties did not meet and confer about this

16  Request. In fact, the parties discussed at length Farhad Larian's objections regarding

17  documents related to the <u>Larian v. Larian</u> cases, including this Request.[16]

18

19  **REQUEST NO. 17:**

20      All DOCUMENTS, including all COMMUNICATIONS, RELATING

21  TO any financial appraisal of MGA and/or BRATZ, including without limitation

22  any appraisal or appraisals performed by ERNEST DUTCHER and any instructions

23  given to ERNEST DUTCHER regarding such appraisal or appraisals.

24

25

26

---

27  [16]  Supp. Alban Dec., ¶¶ 2-3.

28

1 | **RESPONSE NO. 17:**

2 |             Larian incorporates by reference each and every General Objection set

3 | forth above as though. fully set forth herein.  Larian further objects specifically to

4 | request for production No. 1 on the following grounds:  (1) overly broad,

5 | duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive;

6 | (2) violates the arbitral immunity and/or privilege; (3) seeks information and

7 | documents not within Larian's possession, custody or control, and/or documents that

8 | are in the possessions, custody or control of third parties; (4) seeks disclosure of

9 | facts and documents protected by or subject to the attorney-client privilege, and/or

10 | attorney-work product doctrine or any other applicable privilege or immunity;

11 | (5) seeks disclosure of facts and documents that contain sensitive confidential and

12 | proprietary business information and/or constitute trade secret information; (6) seeks

13 | production of voluminous records without limitations as to time; (7) seeks

14 | information that is neither relevant to the subject matter of the pending proceeding,

15 | nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks

16 | information and documents readily accessible to Mattel from other sources or are

17 | otherwise publicly available; (9) seeks documents which violate Larian's right to

18 | privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and

19 | unintelligible; and (10) seeks documents prohibited from production by the

20 | protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior

21 | Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH.

22 | **SUPPLEMENTAL RESPONSE NO. 17:**

23 |             Larian incorporates by reference each and every General Objection set

24 | forth above as though fully set forth herein.  Larian further objects specifically to

25 | request for production No. 17 on the following grounds:  (1) overly broad,

26 | duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive;

27 | (2) violates the arbitral immunity and/or privilege; (3) seeks information and

28 | documents not within Larian's possession, custody or control, and/or documents that

1    are in the possessions, custody or control of third parties; (4) seeks disclosure of

2    facts and documents protected by or subject to the attorney-client privilege, and/or

3    attorney-work product doctrine or any other applicable privilege or immunity;

4    (5) seeks disclosure of facts and documents that contain sensitive confidential and

5    proprietary business information and/or constitute trade secret information; (6) seeks

6    production of voluminous records without limitations as to time; (7) seeks

7    information that is neither relevant to the subject matter of the pending proceeding,

8    nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks

9    information and documents readily accessible to Mattel from other sources or are

10    otherwise publicly available; (9) seeks documents which violate Larian's right to

11    privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and

12    unintelligible; and (10) seeks documents prohibited from production by the

13    protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

14    Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH.

15         Nevertheless, subject to and without waiver of or prejudice to the

16    foregoing objections, including the General Objections, Larian will produce

17    relevant, non-privileged documents responsive to this request for production, if any,

18    which are in his possession, custody or control and are not covered by any of the

19    protective orders issued in Larian v. Larian, Los Angeles Superior Court Case

20    No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH.

21    **REASON FURTHER RESPONSE SHOULD BE COMPELLED:**

22         See Reasons to Compel Responses to Request Nos. 1, 8.

23    **FARHAD LARIAN'S RESPONSE TO MATTEL'S SEPARATE**

24    **STATEMENT RE REQUEST NO. 17:**

25         Mattel mischaracterizes the content of the parties' meet and confer

26    discussions. As a threshold matter, Farhad's counsel candidly informed Mattel's

27    counsel from the beginning that they could not produce documents marked "ED" or

28    "MZ" because they are covered by a protective order in Larian v. Larian. If Farhad's

1  counsel was to produce these documents, they would be violating a court order--
2  something Farhad's counsel will not voluntarily do.  However, as a good faith
3  gesture, Farhad's counsel informed Mattel's counsel that Farhad is willing to
4  produce these documents if the protective order is amended to allow production to
5  Mattel, even though he is under no obligation to do so.  The parties to the protective
6  order are working on this amendment.

7          Aside from the documents covered by the protective orders, Farhad has
8  produced all non-privileged and responsive documents.  If the parties agree on an
9  amendment to the protective orders that would allow production to Mattel, Farhad
10  will produce the remaining non-privileged documents.  Farhad has since amended
11  his response to Mattel's subpoena to reflect this fact.  Thus, Mattel's motion to
12  compel with respect to this request should be denied.

13  **MATTEL'S REPLY:**

14          See Mattel's Reply to Request Nos. 1 and 8.

15          Farhad Larian's claim that he "could not produce documents marked
16  'ED' or 'MZ' because they are covered by a protective order in Larian v. Larian" is
17  incorrect.  Documents originally bates-stamped "MZ" [Morad Zarabi] or "ED"
18  [Ernest Dutcher] were produced to Farhad Larian in May and June 2004, before any
19  protective order was in effect.  The September 2004 protective order expressly
20  encompasses only some of these documents.[17]  Farhad Larian has provided no
21  legitimate explanation for not producing *any* "ED" or "MZ" documents.

22

23  **REQUEST NO. 18:**

24          All DOCUMENTS RELATING TO any financial or other information
25  considered, relied upon or used in any manner to conduct any valuation or appraisal

26

27

28

1   of MGA and/or BRATZ, including without limitation for the time period from 1999
2   to 2001.

3   **RESPONSE NO. 18**

4         Larian incorporates by reference each and every General Objection set
5   forth above as though fully set forth herein.  Larian further objects specifically to
6   request for production No. 1 on the following grounds:  (1) overly broad,
7   duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive;
8   (2) violates the arbitral immunity and/or privilege; (3) seeks information and
9   documents not within Larian's possession, custody or control, and/or documents that
10  are in the possessions, custody or control of third parties; (4) seeks disclosure of
11  facts and documents protected by or subject to the attorney-client privilege, and/or
12  attorney-work product doctrine or any other applicable privilege or immunity;
13  (5) seeks disclosure of facts and documents that contain sensitive confidential and
14  proprietary business information and/or constitute trade secret information; (6) seeks
15  production of voluminous records without limitations as to time; (7) seeks
16  information that is neither relevant to the subject matter of the pending proceeding,
17  nor reasonably 'calculated to lead to the discovery of admissible evidence; (8) seeks
18  information and documents readily accessible to Mattel from other sources or are
19  otherwise publicly available; (9) seeks documents which violate Larian's right to
20  privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and
21  unintelligible; and (11) seeks documents prohibited from production by the
22  protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior
23  Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH.

24
25
26

27   [17]   Stipulation and Protective Order, dated September 23, 2004, Dec. 6 Alban
     Dec., Exh. 46 at Exh. A.
28

**SUPPLEMENTAL RESPONSE NO. 18:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 18 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian's right to privacy and//or the right to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks documents prohibited from production by the protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH.

Nevertheless, subject to and without waiver of or prejudice to the foregoing objections, including the General Objections, Larian will produce relevant, non-privileged documents responsive to this request for production, if any, which are in his possession, custody or control and are not covered by any of the protective orders issued in Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH.

1  **REASON FURTHER RESPONSE SHOULD BE COMPELLED:**

2      See Reasons to Compel Responses to Request No. 1.

3      In addition this Request going to liability in this case, it is also relevant

4  to prove damages in this case. The appraisals made relating to the value of MGA are

5  directly relevant to issues such as MGA's revenues from Bratz and MGA's net

6  worth, which the District Court and the Discovery Master both have held is relevant

7  to punitive damages.  Mattel was able to obtain at least some of these appraisals in

8  discovery from public filings or third parties so far, but the appraisals are "bare

9  bones," consisting mostly of numbers and broad explanations.  Mattel has been

10  unable to obtain, and knows Farhad Larian possesses, the "raw information" on

11  which the appraisals were based, among other things.  With respect to this raw data,

12  for example, Farhad Larian has represented he has evidence that Isaac Larian

13  regularly modeled MGA's financial forecasts, which included projections of revenue

14  streams for each item MGA sold or was planning to sell.  Yet, he has failed and

15  refused to produce such documents.

16      As with Request No. 1 and others, Farhad Larian's counsel agreed in

17  principle that valuations or raw data used for the valuations that related to the timing

18  of the origins of Bratz were discoverable.  Yet, along with Request No. 17, this

19  Request clearly calls for production, for example, of Mr. Dutcher's 2003 Appraisal

20  valuing MGA through 2000, and his recorded conversation with Mr. Zarabi.

21  Neither document in and of itself refers to Bratz, yet they are obviously relevant to

22  Bratz in 2000.  But Farhad Larian did not produce either document, nor a single

23  document that Mr. Dutcher used to value MGA as of 2000.  Neither have MGA or

24  Isaac Larian.

25  **FARHAD LARIAN'S RESPONSE TO MATTEL'S SEPARATE**

26  **STATEMENT RE REQUEST NO. 18:**

27      See Farhad's Response to Mattel's Separate Statement re Request

28  No. 17.

**MATTEL'S REPLY:**

<u>See</u> Mattel's Reply to Request No. 17.

**REQUEST NO. 19:**

All DOCUMENTS RELATING TO the value of MGA and/or BRATZ at any time since January 1, 1999.

**RESPONSE NO. 19:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein.  Larian further objects specifically to request for production No. 1 on the following grounds:  (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian's right to privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks documents prohibited from production by the protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH.

1  **SUPPLEMENTAL RESPONSE NO. 19:**

2          Larian incorporates by reference each and every General Objection set

3  forth above as though fully set forth herein.  Larian further objects specifically to

4  request for production No. 19 on the following grounds:  (1) overly broad,

5  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive;

6  (2) violates the arbitral immunity and/or privilege; (3) seeks information and

7  documents not within Larian's possession, custody or control, and/or documents that

8  are in the possessions, custody or control of third parties; (4) seeks disclosure of

9  facts and documents protected by or subject to the attorney-client privilege, and/or

10  attorney-work product doctrine or any other applicable privilege or immunity;

11  (5) seeks disclosure of facts and documents that contain sensitive confidential and

12  proprietary business information and/or constitute trade secret information; (6) seeks

13  production of voluminous records without limitations as to time; (7) seeks

14  information that is neither relevant to the subject matter of the pending proceeding,

15  nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks

16  information and documents readily accessible to Mattel from other sources or are

17  otherwise publicly available; (9) seeks documents which violate Larian's right to

18  privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and

19  unintelligible; and (11) seeks documents prohibited from production by the

20  protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

21  Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH.

22          Nevertheless, subject to and without waiver of or prejudice to the

23  foregoing objections, including the General Objections, Larian will produce

24  relevant, non-privileged documents responsive to this request for production, if any,

25  which are in his possession, custody or control and are not covered by any of the

26  protective orders issued in Larian v. Larian, Los Angeles Superior Court Case

27  No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH.

28

**REASON FURTHER RESPONSE SHOULD BE COMPELLED:**

  See Reasons to Compel Responses to Request Nos. 1, 18.

**FARHAD LARIAN'S RESPONSE TO MATTEL'S SEPARATE STATEMENT RE REQUEST NO. 19**

  See Farhad's Response to Mattel's Separate Statement re Request No. 17.

**MATTEL'S REPLY:**

  See Mattel's Reply to Request No. 1 and 17.

**REQUEST NO. 23:**

  All DOCUMENTS RELATING TO any and all payments of money or transfers of anything of value that ISAAC LARIAN, his FAMILY MEMBERS and/or MGA have made, have offered or have proposed, promised or agreed to make, to or for the benefit of YOU or YOUR FAMILY MEMBERS at any time from January 1, 1999 through the present.

**RESPONSE NO. 23:**

  Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein.  Larian further objects specifically to request for production No. 1 on the following grounds:  (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks

1  information that is neither relevant to the subject matter of the pending proceeding,

2  nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks

3  information and documents readily accessible to Mattel from other sources or are

4  otherwise publicly available; (9) seeks documents which violate Larian's right to

5  privacy and/or the right to privacy of a third party; (10) seeks documents which

6  violate the settlement negotiations privilege; (11) is vague, ambiguous and

7  unintelligible; (12) seeks documents prohibited from production by the protective

8  orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case

9  No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH; and

10  (13) seeks documents which violate the settlement negotiations privilege.

11  **<u>SUPPLEMENTAL RESPONSE NO. 23</u>:**

12  Larian incorporates by reference each and every General Objection set

13  forth above as though fully set forth herein.  Larian further objects specifically to

14  request for production No. 23 on the following grounds:  (1) overly broad,

15  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive;

16  (2) violates the arbitral immunity and/or privilege; (3) seeks information and

17  documents not within Larian's possession, custody or control, and/or documents that

18  are in the possessions, custody or control of third parties; (4) seeks disclosure of

19  facts and documents protected by or subject to the attorney-client privilege, and/or

20  attorney-work product doctrine or any other applicable privilege or immunity;

21  (5) seeks disclosure of facts and documents that contain sensitive confidential and

22  proprietary business information and/or constitute trade secret information; (6) seeks

23  production of voluminous records without limitations. as to time; (7) seeks

24  information that is neither relevant to the subject matter of the pending proceeding,

25  nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks

26  information and documents readily accessible to Mattel from other sources or are

27  otherwise publicly available; (9) seeks documents which violate Larian's right to

28  privacy and/or the right to privacy of a third party; (10) seeks documents which

violate the settlement negotiations privilege; (11) is vague, ambiguous and unintelligible; (12) seeks documents prohibited from production by the protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH; and (13) seeks documents which violate the settlement negotiations privilege.

Nevertheless, subject to and without waiver of or prejudice to the foregoing objections, including the General Objections, Larian will produce a redacted copy of the retainer agreement between himself and Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP.

**REASON FURTHER RESPONSE SHOULD BE COMPELLED:**

See Reasons to Compel Further Responses to Request Nos. 1, 3.

Furthermore, during conference of counsel, counsel for Farhad Larian took the position that Mr. Larian only has to produce documents responsive to this Request that go to his bias, as unilaterally determined by him. It is improper for Mr. Larian to decide, without Mattel or the Court having a chance to evaluate that decision, what payments from MGA or Isaac Larian to him constitute his own bias. Mr. Larian's counsel rejected Mattel's counsel's proposal to exclude *de minimis* gifts from this Request.

**FARHAD LARIAN'S RESPONSE TO MATTEL'S SEPARATE STATEMENT RE REQUEST NO. 23**

As a threshold issue, there appears to be no purpose to try to establish Farhad's purported bias since he is Mattel's witness. The central purpose of bias/prejudice impeachment is to diminish the credibility of the witness to be impeached. *Behler v. Hanlon*, 199 F.R.D. 553, 557 (D. Md. 2001). But, Farhad is not an adverse witness to Mattel. MGA has never asked Farhad to testify on their behalf. Only Mattel intends to call Farhad as a witness in this case. Thus, why Mattel seeks to impeach its own witness is a conundrum and demonstrates that Mattel's Requests are improper.

1    However, even if it is advantageous for Mattel to attack Farhad's

2    credibility, the scope of Mattel's Requests go far beyond what Mattel is entitled to

3    through discovery.  Discovery has ultimate and necessary boundaries, and requests

4    directed at a matter not reasonably calculated to lead to discovery of admissible

5    evidence is not within scope of discovery under Rule 26(b)(1) of Federal Rules of

6    Civil Procedure.  *Oppenheimer Fund, Inc. v Sanders*, 437 US 340, 351-352 (1978).

7    Thus, when relevancy is not apparent, it is burden of party seeking discovery to

8    show relevancy of discovery request.  *Leighr v Beverly Enterprises Kansas* (1996,

9    D.C. Kan.) 164 F.R.D. 550, 552.

10   The mere fact that impeachment information falls within the scope of

11   legitimate discovery does not mean that Mattel is entitled to unfettered discovery of

12   purported impeaching information, such as payments and gifts Farhad and his

13   family have received from other family members and MGA.  Fed. R. Civ. P.

14   26(b)(2); *Behler*, 199 F.R.D. at 561.  Even if discoverable, the court may restrict or

15   prevent requested discovery if it determines that the discovery would be

16   burdensome, cumulative, unnecessarily costly, or insufficiently probative to the

17   issues in the litigation to warrant the expense of production.  *Behler*, 199 F.R.D. at

18   561 (citing *Thompson v. HUD*, 199 F.R.D. 168, 2001 WL 258390, at *2-3 (D. Md.

19   2001).  These restrictions on discovery may even be broader when the discovery

20   requests are directed at a non-party.  *See Moon v. SCP Pool Corp.,* 232 F.R.D. 633,

21   638 (C.D. Cal. 2005) (citing *Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649

22   F.2d 646, 649 (9th Cir. 1980) (discovery should be "more limited to protect third

23   parties from harassment, inconvenience, or disclosure of confidential information.").

24   Aside from its conclusory statement that Requests Nos. 23, 24 and 41

25   are relevant to "bias," Mattel makes no attempt to explain how every payment or gift

26   made between that Isaac, Farhad, their family members and MGA since 1999 is

27   relevant.  The overbreadth and harassing nature of Mattel's Requests are

28   compounded given the fact that Mattel is seeking documents since 1999, five years

1  before this action was filed and six years before MGA became a party in this action.

2  Mattel does not explain how a birthday gift from Farhad to Isaac's children shows

3  bias or how a loan of money between family members affects Farhad's credibility or

4  how the salary Farhad received from MGA and its predecessor company can be

5  used for impeachment, since this was well before MGA's involvement in this

6  lawsuit. Yet all of these scenarios would be covered by Mattel's overbroad

7  Requests.

8  　　　　Mattel only claims that Judge Infante approved a similar document

9  request that was propounded on Isaac and MGA. However, Mattel fails to

10  recognize that Isaac and MGA are parties, whereas Farhad is a non-party. As a

11  non-party, the Court must analyze the scope of Mattel's request differently. As

12  previously stated, the restrictions on discovery are even broader when the discovery

13  requests are directed at a non-party. *Moon*, 232 F.R.D. at 638 (citing *Dart Indus.*

14  *Co., Inc.*, 649 F.2d at 649 (discovery should be "more limited to protect third parties

15  from harassment, inconvenience, or disclosure of confidential information.")).

16  Mattel made no attempt to narrowly tailor these Requests to issues that are relevant

17  to the <u>Mattel v. Bryant</u> litigation. The logical explanation for Mattel's failure to

18  meet its burden is that it cannot do so.

19  　　　　Farhad has already produced all non-privileged documents which could

20  potentially show bias, including the amount of money he was paid for his shares of

21  MGA and its predecessor company, his consulting agreement with MGA after he

22  sold his shares, and the fee agreement between MGA and him. Requiring Farhad to

23  search for and produce additional payment documents would only result in Farhad

24  producing cumulative information which is not only irrelevant but also violates the

25  right to privacy of Farhad and his family members. Farhad and Isaac are family

26  members, and family members exchange many payments and gifts. To require

27  Farhad, a non-party, to search for receipts documenting every gift he has ever given

28  to Isaac and his family since 1999 or to search through cards that accompanied gifts

1   to him and his children from the Larian family is an unthinkable burden and terribly

2   harassing, especially when taking into account the low level of relevancy of these

3   documents and the fact that Farhad is a non-party.  If Mattel wishes to question

4   Farhad further about payments he received from Isaac and MGA, it can certainly do

5   so at Farhad's deposition, which would be a far less intrusive mean of obtaining this

6   information.  Fed. R. Civ. P. 26(b)(2)(C)(i).

7            Moreover, Farhad is entitled to additional protections from discovery

8   since these Requests seek personal financial information which is protected by the

9   California Constitution and is recognized as private by federal courts.  Cal. Const.,

10   art. I, § 1; *Valley Bank of Nevada v. Superior Court*, 15 Cal.3d 652, 656 (1975);

11   *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987)(Federal courts

12   should give "some weight" to privacy rights that are protected by state

13   constitutions); *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995)(A

14   [person's] right to privacy in his financial information has been specifically

15   recognized by federal courts.).  When a privacy right is asserted as an objection to

16   discovery, the Court must balance the need for the information versus the privacy

17   right asserted.  *Soto*, 162 F.R.D. at 616.  Mattel made no effort to balance Farhad's

18   privacy interest versus the need for this information in its moving papers.  Thus,

19   Mattel's request for the personal financial information of Farhad and his family

20   members must be denied.

21            As already stated above, there is little to no need for the information

22   sought by Mattel because most of the documents covered by these Requests would

23   not go to bias.  Further, Farhad already produced numerous documents showing

24   payments he received from Isaac and MGA, and the fee agreement between MGA

25   and him for this case.  On the other side, the intrusion into Farhad's private affairs is

26   "great. Farhad should not be required to produce documents regarding gifts

27   exchanged between family members, turn over every paycheck stub he received as

28   an employee of MGA, or disclose every account number he has at a bank or

07209/2337348.1

-44-

1   financial institution.  When the balance tips so overwhelmingly on the side of a

2   person's right to privacy, a Court cannot order disclosure of the information.

3          Farhad's counsel raised these arguments with Mattel's counsel and

4   proposed limiting the Requests to those payments or gifts that evidence

5   compensation in relation to this case, but Mattel refused this reasonable proposal.

6   Accordingly, this Request is unreasonably overbroad and harassing, and seeks

7   irrelevant and private information, Mattel's motion should be denied as to this

8   Request.

9   **MATTEL'S REPLY:**

10          Farhad Larian's claim that because he is purportedly a Mattel witness, it

11  is somehow improper for Mattel to seek information as to his credibility -- even if it

12  were true (and it is not)[18] -- is directly contrary to the Federal Rules of Evidence.  As

13  Fed. R. Evid. 607 provides, "The credibility of a witness may be attacked by any

14  party, including the party calling the witness."  Indeed, the Discovery Master has

15  already found that payments to Farhad Larian are relevant to the claims and

16  defenses in this case.[19]  Mattel is clearly entitled to information relevant to Farhad

17  Larian's potential bias.  As the Discovery Master has held, "[p]ayments to . . .

18  Farhad Larian may . . . show possible bias and be used for impeachment

19  purposes."[20]  Farhad Larian's parade of horribles -- such as supposedly having to

20

---

21      [18]  Farhad Larian is represented by Christensen Glaser, which also represents

22  MGA.  If it were true that Farhad Larian was aligned in interest with Mattel against

23  MGA, Christensen would be precluded from representing both him and MGA.  Also
    belying his argument is this motion itself, since it would be inexplicable that he

24  would refuse to provide information to Mattel and force motion practice if he was

25  "Mattel's witness."
        [19]  Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA

26  to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6),

27  dated September 25, 2007, at pp. 11-12, Dec. 6 Alban Dec., Exh. 45.
        [20]  Id. at p. 11.

28

1   turn over "birthday gift" information -- is a red herring.  Mattel has made clear that
2   *de minimus* amounts are excluded here.

3            Farhad Larian claims that he has produced all documents "that
4   potentially go to bias."[21]  But as discussed above, he not only has admitted that he
5   has not even searched for such documents, but to the contrary has limited his
6   production to only a few reasons for payments made to him (thus excluding all other
7   payments) and produced only that which he unilaterally deems to be probative of
8   bias.  Farhad Larian also likewise had claimed he had produced all documents that
9   directly reference Bratz, even though Mattel is aware of documents that reference
10  Bratz he did not produce until after Mattel filed this motion, including specifically
11  the Ernest Dutcher declaration that references Bratz.[22]  Mattel is entitled to all
12  documents related to payments made by parties in this case to Farhad Larian
13  because such payments go to his credibility and because they will impeach Isaac
14  Larian's testimony as to the resolution of the legal proceedings between him and
15  Farhad Larian.

16           Farhad Larian's privacy objection regarding personal financial
17  information is without merit.  The cases he cites in support of a purported privacy
18  privilege actually undermine his argument.  In <u>Kelly v. City of San Jose</u>, 114 F.R.D.
19  653, 656 (N.D. Cal. 1987), the court specifically noted that "state privilege doctrine,
20  whether derived from statutes or court decisions, is not binding on federal courts."
21  While the <u>Kelly</u> court found that federal courts should give "some weight" to
22  privacy rights that are protected by state constitutions, it nonetheless held that the
23  information at issue should be produced.  <u>Id.</u>  Further, both <u>Kelly</u> and <u>Soto v. City of</u>
24  <u>Concord</u>, 162 F.R.D. 603, 616 (N.D. Cal. 1995), involved the production of police

25  ───────────────

26  [21]  Farhad Larian's Opposition, at p. 19.
27  [22]  <u>See</u> Declaration of Ernest Dutcher, dated January 9, 2005, Dec. 6 Alban Dec., Exh. 7; Letter from Gizer to Alban, dated December 12, 2007, Corey Dec., Exh. 15.
28

1  files -- not financial information from an individual.  And in both cases the courts

2  compelled discovery.  The <u>Soto</u> court even noted that some protection may be

3  warranted for disclosure of financial information, but that "[a] carefully drafted

4  protective order could minimize the impact of this disclosure."  <u>Id.</u>  Here, a

5  protective order is in place and Farhad Larian is free to designate financial

6  information as confidential or confidential--attorneys' eyes only to address any

7  privacy concerns.

8

9  **REQUEST NO. 24:**

10         All DOCUMENTS RELATING TO any and all payments of money or

11  transfers of anything of value that any PERSON has made, has offered or has

12  proposed, promised or agreed to make, to or for the benefit of YOU or YOUR

13  FAMILY MEMBERS and that was related in any way to BRATZ, BRYANT, MGA

14  or this ACTION at any time from January 1, 1999 through the present.

15  **RESPONSE NO. 24:**

16         Larian incorporates by reference each and every General Objection set

17  forth above as though fully set forth herein.  Larian further objects specifically to

18  request for production No. 1 on the following grounds:  (1) overly broad,

19  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive;

20  (2) violates the arbitral immunity and/or privilege; (3) seeks information and

21  documents not within Larian's possession, custody or control, and/or documents that

22  are in the possessions, custody or control of third parties; (4) seeks disclosure of

23  facts and documents protected by or subject to the attorney-client privilege, and/or

24  attorney-work product doctrine or any other applicable privilege or immunity;

25  (5) seeks disclosure of facts and documents that contain sensitive confidential and

26  proprietary business information and/or constitute trade secret information; (6) seeks

27  production of voluminous records without limitations as to time; (7) seeks

28  information that is neither relevant to the subject matter of the pending proceeding,

1   nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks

2   information and documents readily accessible to Mattel from other sources or are

3   otherwise publicly available; (9) seeks documents which violate Larian's right to

4   privacy and/or the right to privacy of a third party; (10) seeks documents which

5   violate the settlement negotiations privilege; (11) is vague, ambiguous and

6   unintelligible; (12) seeks documents prohibited from production by the protective

7   orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case

8   No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH; and

9   (13) seeks documents which violate the settlement negotiations privilege.

10  **SUPPLEMENTAL RESPONSE NO. 24:**

11          Larian incorporates by reference each and every General Objection set

12  forth above as though fully set forth herein.  Larian further objects specifically to

13  request for production No. 24 on the following grounds:  (1) overly broad,

14  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive;

15  (2) violates the arbitral immunity and/or privilege; (3) seeks information and

16  documents not within Larian's possession, custody or control, and/or documents that

17  are in the possessions, custody or control of third parties; (4) seeks disclosure of

18  facts and documents protected by or subject to the attorney-client privilege, and/or

19  attorney-work product doctrine or any other applicable privilege or immunity;

20  (5) seeks disclosure of facts and documents that contain sensitive confidential and

21  proprietary business information and/or constitute trade secret information; (6) seeks

22  production of voluminous records without limitations as to time; (7) seeks

23  information that is neither relevant to the subject matter of the pending proceeding,

24  nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks

25  information and documents readily accessible to Mattel from other sources or are

26  otherwise publicly available; (9) seeks documents which violate Larian's right to

27  privacy and/or the right to privacy of a third party; (10) seeks documents which

28  violate the settlement negotiations privilege; (11) is vague, ambiguous and

1  unintelligible; (12) seeks documents prohibited from production by the protective

2  orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case

3  No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH; and

4  (13) seeks documents which violate the settlement negotiations privilege.

5           Nevertheless, subject to and without waiver of or prejudice to the

6  foregoing objections, including the General Objections, Larian will produce a

7  redacted copy of the retainer agreement between himself and Christensen, Glaser,

8  Fink, Jacobs, Weil & Shapiro, LLP.

9  **REASON FURTHER RESPONSE SHOULD BE COMPELLED:**

10           <u>See</u> Reasons to Compel Production for Request Nos. 1, 3, 23.

11  **FARHAD LARIAN'S RESPONSE TO MATTEL'S SEPARATE**

12  **STATEMENT RE REQUEST NO. 24:**

13           See Farhad's Response to Mattel's Separate Statement re Request

14  No. 23.

15           In addition, while this Request is somewhat narrower than Request

16  No. 23, Mattel still makes no attempt to limit its scope to documents that could

17  actually show bias.  This Request would still require Farhad to turn over every

18  document that reflects a payment he received as an employee of MGA.  Also, since

19  the Request calls for any payments or gifts related to BRATZ, if one of Farhad's

20  children received a Bratz doll as a gift from "any PERSON," Farhad would be

21  required to turn over every document in connection with that gift.  Thus, this

22  Request is also terribly overbroad and must be limited to those payments that relate

23  to this ACTION.

24  **MATTEL'S REPLY:**

25           <u>See</u> Mattel's Reply to Request No. 23, which also makes clear that his

26  "Bratz doll" gift example is irrelevant because it is not sought here.

27

28

**REQUEST NO. 25:**

All DOCUMENTS RELATING TO this ACTION, including all COMMUNICATIONS relating thereto.

**RESPONSE NO. 25:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein.  Larian further objects specifically to request for production No. I on the following grounds:  (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian' s right to privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks documents prohibited from production by the protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH.

**SUPPLEMENTAL RESPONSE NO. 25:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein.  Larian further objects specifically to request for production No. 25 on the following grounds:  (1) overly broad,

1  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive;

2  (2) violates the arbitral immunity and/or privilege; (3) seeks information and

3  documents not within Larian's possession, custody or control, and/or documents that

4  are in the possessions, custody or control of third parties; (4) seeks disclosure of

5  facts and documents protected by or subject to the attorney-client privilege, and/or

6  attorney-work product doctrine or any other applicable privilege or immunity;

7  (5) seeks disclosure of facts and documents that contain sensitive confidential and

8  proprietary business information and/or constitute trade secret information; (6) seeks

9  production of voluminous records without limitations as to time; (7) seeks

10  information that is neither relevant to the subject matter of the pending proceeding,

11  nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks

12  information and documents readily accessible to Mattel from other sources or are

13  otherwise publicly available; (9) seeks documents which violate Larian's right to

14  privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and

15  unintelligible; and (11) seeks documents prohibited from production by the

16  protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior

17  Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH.

18  Nevertheless, subject to and without waiver of or prejudice to the

19  foregoing objections, including the General Objections, Larian will produce

20  relevant, non-privileged documents responsive to this request for production, if any,

21  which are in his possession, custody or control.

22  **REASON FURTHER RESPONSE SHOULD BE COMPELLED:**

23  <u>See</u> Reasons to Compel Production for Request No. 1.

24  Furthermore, a witness's knowledge about matters in this case is

25  relevant.  MGA and Isaac Larian also put these requests at issue by threatening to

26  disqualify Quinn Emanuel from representing Mattel in this action based on

27  purported communications that Quinn Emanuel had with Farhad Larian when he

28  was adverse to Isaac Larian.  These documents, along with the documents Farhad

1  Larian's counsel showed Quinn Emanuel at the time, are relevant to not only this

2  litigation, but to countering this baseless disqualification claim.

3  **FARHAD LARIAN'S RESPONSE TO MATTEL'S SEPARATE**

4  **STATEMENT RE REQUEST NO. 25:**

5        Mattel mischaracterizes the content of the parties' meet and confer

6  discussions.  Farhad's counsel stated that they would get back to Mattel on this

7  Request and did so prior to the filing of this motion.  Farhad did not initially

8  understand the scope of this request.  Mattel's counsel clarified that the scope of this

9  request was narrow, limited to documents that refer or relate to the <u>Mattel v. Bryant</u>

10  litigation.  After receiving this clarification, Farhad amended his response to

11  Mattel's subpoena to state that he would produce all responsive, non-privileged

12  documents.  Thus, there is no dispute regarding this request.

13  **MATTEL'S REPLY:**

14        <u>See</u> Mattel's Reply to Request No. 1.

15        Farhad Larian now claims that he has produced all non-privilege

16  documents responsive to this Request.  Mattel, however, is aware of specific,

17  responsive documents that Farhad Larian possesses that he did not produce despite

18  his representations.  For example, Farhad Larian has a May 24, 2000 email in which

19  Isaac Larian instructed him to withhold relevant documents that had been located

20  and to inform MGA's attorneys that he could not find the documents.[23]  He also has

21  an August 14, 2000 email from Isaac Larian that references cost tracking software

22  used by Mattel that Isaac Larian says he learned about from interviewing Mattel

23  employees.[24]  Based on Mattel's review of Farhad Larian's limited production, it

24  appears that neither of those emails have been produced.[25]

25  _____

26  [23]  Declaration of Michael T. Zeller, dated January 3, 2007 ("Zeller Dec."), ¶ 2.
    [24]  <u>Id.</u>
27  [25]  <u>Id.</u>

28

**REQUEST NO. 38:**

YOUR computer hard drives RELATING TO the time period from January 1, 1999 through December 31, 2002, inclusive.

**RESPONSE NO. 38:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein.  Larian further objects specifically to request for production No. 1 on the following grounds:  (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian's right to privacy and/or the right to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

**SUPPLEMENTAL RESPONSE NO. 38:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein.  Larian further objects specifically to request for production No. 38 on the following grounds:  (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and

1   documents not within Larian's possession, custody or control, and/or documents that

2   are in the possessions, custody or control of third parties; (4) seeks disclosure of

3   facts and documents protected by or subject to the attorney-client privilege, and/or

4   attorney-work product doctrine or any other applicable privilege or immunity;

5   (5) seeks disclosure of facts and documents that contain sensitive confidential and

6   proprietary business information and/or constitute trade secret information; (6) seeks

7   production of voluminous records without limitations as to time; (7) seeks

8   information that is neither relevant to the subject matter of the pending proceeding,

9   nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks

10  information and documents readily accessible to Mattel from other sources or are

11  otherwise publicly available; (9) seeks documents which violate Larian's right to

12  privacy and/or the right to privacy of a third party; and (10) is vague, ambiguous and

13  unintelligible.

14          Nevertheless, subject to and without waiver of or prejudice to the

15  foregoing objections, including the General Objections, Larian responds that he does

16  not have any of the requested computer hard drives in his possession, custody or

17  control.

18  **REASON FURTHER RESPONSE SHOULD BE COMPELLED:**

19          See Reasons to Compel Production for Request No. 38.

20          Between January 1, 1999 and December 31, 2002, Mr. Larian was

21  involved in activity at MGA and disputes regarding the timing of the conception and

22  development of Bratz.  Mattel has a right to inspect Mr. Larian's hard drives for

23  relevant documents.  The Discovery Master has previously compelled making

24  Carter Bryant's hard drives available for forensic imaging.

25  **FARHAD LARIAN'S RESPONSE TO MATTEL'S SEPARATE**

26  **STATEMENT RE REQUEST NO. 38:**

27          Mattel mischaracterizes the content of the parties' meet and confer

28  discussions.  Farhad's counsel stated that they would get back to Mattel on this

1   Request and did so prior to the filing of this motion.  In their letter of December 6,

2   2007 (sent prior to Mattel's Motion to Compel), Farhad's counsel stated that Farhad

3   did not have any responsive documents.  Farhad has since amended his response to

4   Mattel's subpoena to reflect this fact.

5   **MATTEL'S REPLY:**

6          Farhad Larian does not dispute that Mattel is entitled to inspect

7   Farhad Larian's hard drives for relevant documents.  Instead, he now claims not to

8   have hard drives.  He should be compelled to produce any that he has to avoid any

9   further issue on this Request and avoid Mattel being sandbagged at trial with any

10  claims in the future that he had such drives.

11

12  **REQUEST NO. 39:**

13          All DOCUMENTS RELATING TO any instruction by YOU, ISAAC

14  LARIAN or MGA to destroy or withhold any DOCUMENT since January 1, 1998,

15  including without limitation in connection with any lawsuit.

16  **RESPONSE NO. 39:**

17          Larian incorporates by reference each and every General Objection set

18  forth above as though fully set forth herein.  Larian further objects specifically to

19  request for production No. 1 on the following grounds:  (1) overly broad,

20  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive;

21  (2) violates the arbitral immunity and/or privilege; (3) seeks information and

22  documents not within Larian's possession, custody or control, and/or documents that

23  are in the possessions, custody or control of third parties; (4) seeks disclosure of

24  facts and documents protected by or subject to the attorney-client privilege, and/or

25  attorney-work product doctrine or any other applicable privilege or immunity;

26  (5) seeks disclosure of facts and documents that contain sensitive confidential and

27  proprietary business information and/or constitute trade secret information; (6) seeks

28  production of voluminous records without limitations as to time; (7) seeks

1 information that is neither relevant to the subject matter of the pending proceeding,

2 nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks

3 information and documents readily accessible to Mattel from other sources or are

4 otherwise publicly available; (9) seeks documents which violate Larian's right to

5 privacy and/or the right to privacy of a third party; and (10) is vague, ambiguous and

6 unintelligible.

7 **SUPPLEMENTAL RESPONSE NO. 39:**

8     Larian incorporates by reference each and every General Objection set

9 forth above as though fully set forth herein.  Larian further objects specifically to

10 request for production No. 39 on the following grounds:  (1) overly broad,

11 duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive;

12 (2) violates the arbitral immunity and/or privilege; (3) seeks information and

13 documents not within Larian's possession, custody or control, and/or documents that

14 are in the possessions, custody or control of third parties; (4) seeks disclosure of

15 facts and documents protected by or subject to the attorney-client privilege, and/or

16 attorney-work product doctrine or any other applicable privilege or immunity;

17 (5) seeks disclosure of facts and documents that contain sensitive confidential and

18 proprietary business information and/or constitute trade secret information; (6) seeks

19 production of voluminous records without limitations as to time; (7) seeks

20 information that is neither relevant to the subject matter of the pending proceeding,

21 nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks

22 information and documents readily accessible to Mattel from other sources or are

23 otherwise publicly available; (9) seeks documents which violate Larian's right to

24 privacy and/or the right to privacy of a third party; and (10) is vague, ambiguous and

25 unintelligible.

26     Nevertheless, subject to and without waiver of or prejudice to the

27 foregoing objections, including the General Objections, Larian responds that he does

28 not have any non-privileged documents relating to any instruction that he received

1  from Isaac Larian or MGA to destroy or withhold any document in connection with

2  any lawsuit since January 1, 1998.

3  **REASON FURTHER RESPONSE SHOULD BE COMPELLED:**

4  See Reasons to Compel Production for Request No. 1

5  To the extent Farhad Larian claims to no longer possess documents that

6  he at one point indisputably possessed, the circumstances of why he no longer has

7  the documents, including whether it was pursuant to any instructions, is relevant and

8  discoverable. For example, it is clear that Stem & Goldberg attempted to instruct

9  Ernest Dutcher to destroy documents potentially responsive to Mattel's requests

10  *after* Farhad Larian had served a subpoena on Mr. Dutcher. Information about other

11  such instructions is relevant and discoverable.

12  **FARHAD LARIAN'S RESPONSE TO MATTEL'S SEPARATE**

13  **STATEMENT RE REQUEST NO. 39:**

14  Mattel mischaracterizes the content of the parties' meet and confer

15  discussions. Farhad's counsel stated that they would get back to Mattel on this

16  Request and did so prior to the filing of this motion. In their letter of December 6,

17  2007 (sent prior to Mattel's Motion to Compel), Farhad's counsel stated that Farhad

18  did not have any responsive documents. Farhad has since amended his response to

19  Mattel's subpoena to reflect this fact.

20  **MATTEL'S REPLY:**

21  There can be little doubt that this Request seeks highly relevant,

22  discoverable information. Farhad Larian makes no substantive argument to the

23  contrary. As for his belated claim to have no responsive documents, Mattel is aware

24  that Farhad Larian possessed an email in which Isaac Larian told him not to turn

25  over documents to lawyers.[26] To the extent Farhad Larian claims to no longer

26  

_____

27  [26]  Zeller Dec., ¶ 2.

28

1  possess that document, the circumstances of why he no longer has it, including
2  whether it was pursuant to any instructions, is relevant and discoverable.  Farhad
3  Larian should be compelled to produce that email (and all other responsive
4  documents) or explain why he no is no longer in possession of the email.
5
6  **REQUEST NO. 41:**
7           DOCUMENTS sufficient to IDENTIFY since January 1, 1999 through
8  the present (a) each account with any bank or financial institution that YOU have or
9  have had, or that YOU have or have had any legal or beneficial interest in; (b) each
10 telephone subscription service account that YOU have or have had, or that YOU use
11 or have used; and (c) each email account that YOU have or have had, or that YOU
12 use or have used.
13 **RESPONSE NO. 41:**
14          Larian incorporates by reference each and every General Objection set
15 forth above as though fully set forth herein.  Larian further objects specifically to
16 request for production No. 1 on the following grounds:  (1) overly broad,
17 duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive;
18 (2) violates the arbitral immunity and/or privilege; (3) seeks information and
19 documents not within Larian's possession, custody or control, and/or documents that
20 are in the possessions, custody or control of third parties; (4) seeks disclosure of
21 facts and documents protected by or subject to the attorney-client privilege, and/or
22 attorney-work product doctrine or any other applicable privilege or immunity;
23 (5) seeks disclosure of facts and documents that contain sensitive confidential and
24 proprietary business information and/or constitute trade secret information; (6) seeks
25 production of voluminous records without limitations as to time; (7) seeks
26 information that is neither relevant to the subject matter of the pending proceeding,
27 nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks
28 information and documents readily accessible to Mattel from other sources or are

1  otherwise publicly available; (9) seeks documents which violate Larian's right to
2  privacy and/or the right to privacy of a third party; and (10) is vague, ambiguous and
3  unintelligible.

4  **REASON FURTHER RESPONSE SHOULD BE COMPELLED:**

5      See Reasons to Compel Production to Request No. 1.

6      Given Farhad Larian's highly selective production of documents to
7  date, and his positions during conference with the transparent purpose of
8  withholding important information from Mattel, Mattel has a right to explore the
9  locations of responsive documents.

10  **FARHAD LARIAN'S RESPONSE TO MATTEL'S SEPARATE**
11  **STATEMENT RE REQUEST NO. 41:**

12      Discovery has ultimate and necessary boundaries, and requests directed
13  at a matter not reasonably calculated to lead to discovery of admissible evidence is
14  not within scope of discovery under Rule 26(b)(1) of Federal Rules of Civil
15  Procedure. *Oppenheimer Fund, Inc. v Sanders*, 437 US 340, 351-352 (1978). Thus,
16  when relevancy is not apparent, it is burden of party seeking discovery to show
17  relevancy of discovery request. *Leighr v Beverly Enterprises-Kansas* (1996, D.C.
18  Kan.) 164 F.R.D. 550, 552.

19      The scope of Mattel's Request goes far beyond what Mattel is entitled
20  to through discovery.  The mere fact that this type of information can fall within the
21  scope of legitimate discovery does not mean that Mattel is entitled to unfettered
22  discovery allowing it to fish through a non-party's bank accounts, telephone bills
23  and e-mail accounts. Fed. R. Civ. P. 26(b)(2); *Behler*, 199 F.R.D. at 561  Even if
24  discoverable, the court may restrict or prevent requested discovery if it determines
25  that the discovery would be burdensome, cumulative, unnecessarily costly, or
26  insufficiently probative to the issues in the litigation to warrant the expense of
27  production. *Behler*, 199 F.R.D. at 561 (citing *Thompson v. HUD*, 199 F.R.D. 168,
28  2001 WL 258390, at *2-3 (D. Md. 2001).  These restrictions on discovery may even

1   be broader when the discovery requests are directed at a non-party. *See Moon v.*
2   *SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) (citing *Dart Indus.*
3   *Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) (discovery
4   should be "more limited to protect third parties from harassment, inconvenience, or
5   disclosure of confidential information.").

6          Moreover, Farhad is entitled to additional protections from discovery
7   since these Requests seek personal financial information which is protected by the
8   California Constitution and is recognized as private by federal courts. Cal. Const.,
9   art. I, § 1; *Valley Bank of Nevada v. Superior Court*, 15 Cal.3d 652, 656 (1975);
10  *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987)(Federal courts
11  should give "some weight" to privacy rights that are protected by state
12  constitutions); *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995)(A
13  [person's] right to privacy in his financial information has been specifically
14  recognized by federal courts.). When a privacy right is asserted as an objection to
15  discovery, the Court must balance the need for the information versus the privacy
16  right asserted. *Soto*, 162 F.R.D. at 616. Mattel made no effort to balance Farhad's
17  privacy interest versus the need for this information in its moving papers.

18         Aside from a conclusory statement that Farhad is being selective in his
19  production (which has no merit), Mattel makes no attempt to explain why it needs
20  this information. The overbreadth and harassing nature of Mattel's Requests are
21  compounded given the fact that Mattel is seeking documents since 1999, five years
22  before this action was filed and six years before MGA became a party in this action.
23  Farhad has already produced documents showing the amount of money he was paid
24  for his shares of MGA, his consulting agreement with MGA after he sold his shares,
25  and the fee agreement between MGA and him. To require him to produce
26  documents identifying every bank account he has held since 1999 is horribly
27  intrusive and nothing less than harassment. There is no need for this information as
28

1   Farhad has already produced numerous documents reflecting payments he has

2   received from MGA.

3         Farhad also produced multiple e-mails showing his e-mail address

4   during the relevant time period so no further information is needed regarding this

5   category.  As far as telephone accounts, it is unclear what Mattel is seeking.  Mattel

6   cannot possibly be searching for telephone calls between Farhad and Carter Bryant

7   since the whole subject matter of the Larian v. Larian disputes was that Farhad was

8   unaware of Carter Bryant and Bratz during the relevant time period.  But, regardless

9   of Mattel's purpose, it should not be allowed to obtain information on every

10  telephone number Farhad has held since 1999 so it can fish through his private

11  telephone records.  Mattel has made no showing of what it expects to find in these

12  telephone records, and therefore, the Court should not order Farhad to provide these

13  documents.

14        When the balance tips so overwhelmingly on the side of a person's right

15  to privacy, a Court cannot order disclosure of the information.  Farhad's counsel

16  raised these arguments with Mattel's counsel and proposed limiting the Requests to

17  those payments or gifts that evidence compensation in relation to this case, but

18  Mattel refused this reasonable proposal.  Accordingly, this Request is unreasonably

19  overbroad and harassing, and seeks irrelevant and private information, Mattel's

20  motion should be denied as to this Request.

21  **MATTEL'S REPLY:**

22        See Mattel's Reply to Request Nos. 1 and 23.

23

24  DATED:  January 3, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

25

26                                   By _____
27                                      Jon D. Corey
                                        Attorney for Mattel, Inc.
28