THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Tel.: (415) 984-6400 / Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

JOHN W. KEKER (Bar No. 49092)
(jkeker@kvn.com)
CHRISTA M. ANDERSON (Bar No. 184325)
(canderson@kvn.com)
KEKER & VAN NEST LLP
710 Sansome St.
San Francisco, CA 94111-1704
Tel.: (415) 391-5400 / Fax: (415) 397-7188

Attorneys for Carter Bryant

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

Plaintiff,

v.

MATTEL, INC., a Delaware corporation,

Defendant.

AND CONSOLIDATED ACTIONS

CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with Case No. 04-9059 and Case No. 05-2727

**CARTER BRYANT AND MGA DEFENDANTS' *EX PARTE* APPLICATION TO COMPEL PROPERLY NOTICED DEPOSITIONS**

Honorable Stephen G. Larson

Hearing Date: January 7, 2008
Time: 10:00 a.m.
Place: Courtroom 1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Local Rule 7-19 and Rules 30 and 37 of the Federal Rules of Civil Procedure, counter-defendants MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, the "MGA Defendants") and plaintiff and counter-defendant Carter Bryant (collectively, "Defendants") hereby jointly submit this *ex parte* application for a court order (1) overruling Mattel's objections to the depositions of Maureen Tofoya, Theresa Newcomb, Tim Kilpin, Sheila Kyaw, Kevin Farr, Jean Gomez, Hoi Hoffman-Briggs, Evelyn Viohl, Roger Simoneau, and Milt Zablow; (2) compelling Mattel to provide deposition dates for these witnesses before January 28, 2008; and (3) awarding Defendants their costs and fees incurred in bringing this Application.

This *ex parte* application is made on the ground that Mattel, Inc. ("Mattel") has refused to provide deposition dates for these witnesses based solely on the theory that the depositions of Mattel's Rule 30(b)(6) designees also count as individual depositions. Based on this theory, Mattel claims that Defendants have only one deposition left. Mattel's objection is without legal basis and, in fact, is inconsistent with how the parties, including Mattel, have been counting depositions in this case. Defendants would be irreparably prejudiced if this *ex parte* application were heard according to regularly noticed motion procedures because they would not have adequate time to complete this discovery before the January 28, 2008 fact discovery cut-off date for Phase I claims and defenses.

This *ex parte* application is based on this notice of application, the accompanying memorandum of points and authorities, the concurrently filed declaration of Paul M. Eckles, and all pleadings and papers on file with the Court in this action.

**Statement of Compliance with Local Rule 7-19**

Counsel for Mattel, Inc. is Jon D. Corey of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP (telephone: 213-443-3000; address: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017).

Pursuant to Local Rule 7-19.1, counsel for MGA gave notice of this application to counsel for all other parties via letter on January 2, 2008. (Declaration of Paul M. Eckles ("Eckles Decl."), ¶ 2, Ex. A.) Mr. Corey has not responded. (*Id.*)

DATED: January 4, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: ______________________
Thomas J. Nolan
Attorney for MGA Entertainment, Inc.

KEKER & VAN NEST LLP

By: ______________________
Christa M. Anderson
Attorney for Carter Bryant

**MEMORANDUM OF POINTS AND AUTHORITIES**

Mattel has nearly exhausted its twenty-four allotted depositions. Conversely, Defendants chose to save most of their depositions to near the conclusion of Phase I discovery. Defendants have taken only eight of their twenty-four allotted depositions. MGA recently noticed the depositions of ten current or former Mattel employees and informed Mattel that they all related to Phase I issues, so they needed to be scheduled before the January 28, 2008 cutoff.

In response, Mattel has embarked on a strategy to deny MGA its right to depose these and other witnesses during the Phase I portion of discovery. Mattel recently informed MGA that every time a MGA or Bryant deposed a Mattel 30(b)(6) designee and asked questions beyond the scope of the designated topic that constituted an individual deposition and counted against the deposition limit. Based on that theory, Mattel claimed that, between depositions previously taken or scheduled, Defendants already had used twenty-three of their twenty-four allotted depositions. Relying entirely on this purported objection, Mattel unilaterally chose not to make its witnesses available on the dates set forth in their deposition notices – without either moving for a protective order or providing any authority to support its objection (despite repeated requests by MGA).

Mattel's position is not only contrary to legal authority, it is inconsistent with its own conduct in this case. Mattel never articulated this position before December 20, 2007, and, in fact, has repeatedly questioned MGA's 30(b)(6) designees beyond the designated topic. Indeed, under Mattel's own theory, it has already taken more than the twenty-four allotted depositions, and would have been in violation of the Court's deposition limit since October 4, 2007. The games Mattel is playing regarding deposition counting are only a part of what appears to be a coordinated strategy to ensure that Defendants cannot complete their Phase I discovery by the

scheduled cutoff. Mattel has also unilaterally canceled a scheduled deposition date and refused to schedule another deposition before the Phase I cutoff.

By this Application, MGA and Bryant seek an order compelling Mattel to provide deposition dates for their witnesses before the January 28, 2008 Phase I cutoff.

# I. FACTUAL BACKGROUND.

On December 12, 2007, the MGA Defendants noticed the depositions of the following current/former Mattel employees: Maureen Tofoya, Theresa Newcomb, Tim Kilpin, Sheila Kyaw, Kevin Farr, Jean Gomez, Hoi Hoffman-Briggs, Evelyn Viohl, Roger Simoneau, and Milt Zablow. (Declaration of Paul M. Eckles ("Eckles Decl."), ¶ 3.) That same day, the MGA Defendants followed up with two letters to Mattel regarding the scheduling of these depositions. (Eckles Decl., ¶¶ 4-5, Exs. B-C.) The MGA Defendants advised Mattel that "MGA believes each of these individuals has knowledge regarding Phase I issues, and these depositions need to be scheduled before the January 28, 2008 discovery cutoff." (Eckles Decl., ¶ 4, Ex. B.) In an effort to further expedite the scheduling of these and other outstanding depositions, the MGA Defendants proposed a scheduling meeting later that week. (*Id.*)

Mattel never responded to MGA's letter. (Eckles Decl. ¶ 6.) MGA contacted Mattel the following week, and the parties eventually scheduled a meeting for December 20, 2007. (*Id.*) On December 20, Mattel informed Defendants for the first time that Mattel believed that Defendants had taken seventeen depositions and, including currently noticed or scheduled depositions, had only one allotted deposition left.[1] (Eckles Decl., ¶ 8, Ex. D.) Mattel's "calculations" were based on

---

[1] Mattel first advised MGA of its new method for calculating depositions during a telephonic meet-and-confer on December 20, 2007. (Eckles Decl., ¶ 7.) At that time, Mattel advised MGA that Mattel believed Defendants had only two depositions remaining. (*Id.*) Following the meet-and-confer, Mattel sent a letter to MGA reiterating its position regarding

the theory that Defendants' prior Rule 30(b)(6) depositions of Mattel count as multiple depositions. (*Id.*)[2] Mattel claimed that, each time a Rule 30(b)(6) witness was asked questions beyond the scope of the designated topics, the deposition counted as an individual deposition. (*Id.*) Based on Mattel's "calculations," Mattel argued that Defendants could depose only one of the ten witnesses, and refused to provide deposition dates for the remaining nine witnesses. (*Id.*)[3] The next day, Mattel served written objections to each of the ten deposition notices on the grounds that they were "unilaterally noticed" and exceeded the total number of depositions allowed in this case. (Eckles Decl., ¶ 10, Ex. F.)

Mattel did not cite any legal authority in either its letter or its written objections supporting its purported objection. (Eckles Decl., ¶¶ 8, 10, Exs. D-E.) On December 20, 2007, MGA requested Mattel provide the authority it was relying upon as the basis for its objection. (Eckles Decl., ¶ 11.) MGA requested the authority again during a follow-up conversation with Mattel on December 21, 2007. (*Id.*) Mattel never provided any authority for its position. (*Id.*)

During the December 20, 2007 meet-and-confer, MGA inquired how many depositions Mattel had taken under this theory. (Eckles Decl., ¶ 9.) Mattel's response was that they were "at the limit," which was why they were moving for more discovery. (*Id.*) In fact, under Mattel's new theory, it would already have been several depositions over the limit. (Eckles Decl., ¶ 15.)

---

the calculation of depositions, but advising MGA that Mattel had mistakenly left off one additional deposition, and advising MGA that Mattel now believed that Defendants have only one deposition remaining. (Eckles Decl., ¶ 8, Ex. D.)

2 Mattel counts as individual depositions the depositions of eight witnesses who were designated as Rule 30(b)(6) witnesses by Mattel: Kislap Ongchango, Lissa Freed, Sandy Yonemoto, Joni Pratte, Julian Jensen, Rene Pasko, Robert Hudnut, and Jill Nordquist. (Eckles Decl., ¶ 8-9, Ex. D.) Defendants did not separately notice the depositions of any of these witnesses in their individual capacities. (Eckles Decl., ¶ 9.)

3 Mattel also erroneously included as one of Defendants' allotted depositions the deposition of Maureen Tkacik, a third party deposition that was noticed and subpoenaed by Mattel, not Defendants. (Eckles Decl., ¶ 12.)

## II. ARGUMENT.

### A. Mattel's Position is Contrary to Law.

Mattel does not dispute the relevance of these depositions or otherwise contest the proper notice of these depositions. (Eckles Decl., ¶¶ 8, 10, Ex. D-E.) Mattel's only objection to these depositions is its recently devised argument that Defendants have only one allotted deposition left. (*Id.*)

Mattel's objection is without legal basis and contrary to the approach taken by other courts. First, it is well established that the deposition of a corporation under Rule 30(b)(6) is treated as a single deposition, regardless of the number of witnesses designated. Rule 30(a)(2)(A), Advisory Committee Notes, 1993 Amendment; *see also In re Sulfuric Acid Antitrust Litigation*, No. C03-4576, 2005 WL 1994105, *3 (N.D. Ill. Aug. 19, 2005) (Advisory Committee Notes make clear that a 30(b)(6) deposition counts as a single deposition, "regardless of how many individuals were required to be designated to comply with a 30(b)(6) notice.").

Second, once a Rule 30(b)(6) witness is designated, the scope of the deposition is governed only by the liberal relevance requirements of Rule 26(b)(1). *UniRAM Tech., Inc. v. Monolithic Sys. Tech., Inc.*, No. C 04-1268 VRW (MEJ), 2007 WL 915225, *2 (N.D. Cal. Mar. 23, 2007) (Rule 30(b)(6) "reasonable particularity" requirement cannot be used to limit what is asked of the designated witness at a deposition); *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 366-67 (N.D. Cal. 2000) ("Limiting the scope of a 30(b)(6) deposition to what is noticed in the deposition subpoena frustrates the objectives of Rule 26(b)(1) whenever a deposing party seeks information relevant to the subject matter of the pending litigation that was not specified."); *see also* 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure: Civil 2D* § 2103, supp. At 10 (1994 & Supp. 2007) ("[I]t has been held that once the organization has designated a witness to speak for it, the scope of the inquiry is governed only by the

general scope of discovery, and is not limited to the specific areas identified....").

Finally, a Rule 30(b)(6) deposition counts as only a single deposition, regardless of whether a party limits its examination to the topics as to which the witness was designated to testify. *See Detoy*, 196 F.R.D. at 367 ("Nor should one witness count as two depositions for purposes of the Local Rules' limit on the number of depositions to be taken by each party."). Counting a Rule 30(b)(6) deposition as multiple depositions simply because the testimony exceeded the scope of the Rule 30(b)(6) designation would "encourage defending counsel to take a hard line and force an opponent to expend its deposition allotment." *Id.*

Here, Mattel has refused to cite any legal authority that would support its refusal to make its witnesses available for deposition. Not only is Mattel's position contrary to law, it would effectively reward Mattel for its improper "bandying" of Rule 30(b)(6) witnesses – i.e., producing several witnesses on every topic, none of whom was prepared to testify as to Mattel's knowledge on the designated topic. Just yesterday, Discovery Master Infante found that Mattel had engaged in "abuse" of the right to designate multiple witnesses in response to Rule 30(b)(6) topics. Yet, under Mattel's theory, the fact that MGA or Bryant decided to ask other questions of Mattel's ill-prepared witnesses, would prohibit MGA or Bryant from deposing witnesses who may actually know something about the facts of this case.

**B. Mattel's Theory is Inconsistent With Its Own Conduct in this Case and Smacks of Improper Gamesmanship.**

Mattel's refusal to make its witnesses available for deposition appears to be part of a coordinated strategy either to deny MGA and Bryant the ability to take necessary discovery before the Phase I cutoff or to ensure that Phase I discovery continues well after the scheduled cutoff date. First, rather than moving for a protective order as is required under the Federal Rules, Mattel chose simply to ignore MGA's deposition notices and to place the onus on MGA to move for an order

compelling the depositions to go forward – knowing full well that a regularly noticed discovery motion would not be heard in time to allow these depositions to be completed before the Phase I cutoff date.

Second, it is clear that Mattel does not genuinely believe that its new method for calculating depositions is correct because under this new method, Mattel has taken thirty depositions to date, and has been in violation of the Court's deposition limit since October 4, 2007. (Eckles Decl., ¶ 15.) Had Mattel genuinely believed that its methodology was the appropriate way to count depositions, it would have stopped taking depositions in early October when it reached the limit, to avoid being in contempt of the Court's Rule 16(b) Scheduling Order.

Finally, Mattel has also been obstructing MGA's ability to complete other depositions by the Phase I cutoff date. For example, MGA noticed the deposition of former Mattel executive Matt Bousquette on November 22, 2006. (Eckles Decl., ¶ 16.) Mattel refused even to provide a deposition date until MGA confirmed that its unfair competition production was substantially complete. (*Id.*) MGA provided the representation on December 10, 2007, and requested a date. (*Id.*) Mattel did not respond, and MGA raised the issue at the parties December 20, 2007 meet-and-confer. (*Id.*) During that meeting, Mattel questioned whether it was necessary to take the deposition during the Phase I portion of the case. (*Id.*) MGA informed Mattel that it intended to depose Mr. Bousquette on Phase I topics and that it wanted a date in January.[4] (*Id.*) Mattel did not provide a date until January 2, 2008, and then offered only February 12 or 13, 2008, claiming that Mr. Bousquette would not be available any time before then because he was "traveling out of the country." (*Id.*)

---

[4] Mr. Bousquette is listed by Mattel on Phase I issues as someone with "knowledge and information regarding, among other things, Mattel's business operations and the development and ownership of intellectual property at issue." (Mattel's Supp. Responses to MGA First Set of Interrogatories at 81.)

Just yesterday, Mattel unilaterally canceled a scheduled deposition date for Tina Patel Varu, without providing a new date. (Eckles Decl., ¶ 17.)

**III. CONCLUSION.**

For the foregoing reasons, Defendants respectfully request that this Court issue an order (1) overruling Mattel's objections to the depositions of Maureen Tofoya, Theresa Newcomb, Tim Kilpin, Sheila Kyaw, Kevin Farr, Jean Gomez, Hoi Hoffman-Briggs, Evelyn Viohl, Roger Simoneau, and Milt Zablow; (2) compelling Mattel to provide deposition dates for these witnesses before January 28, 2008; and (3) awarding Defendants their costs and fees incurred in bringing this Application.

DATED: January 4, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: Thomas J. Nolan
Thomas J. Nolan
Attorney for MGA Entertainment, Inc.

KEKER & VAN NEST LLP

By: Christa Anderson
Christa M. Anderson
Attorney for Carter Bryant