# EXHIBIT 1

07209/2315030.1

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

# EXHIBIT 2

.

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

# EXHIBIT 3

07209/2315030.1

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**EXHIBIT 4**

Handwritten "Meet the Bratz!"
Bratz girl (high ponytail, long curls, baggy jeans)
Bratz girl (big curls, flowers on jeans)
Bratz girl (hat, "plays drums and spins")
Bratz girl (pigtails, tank top, "plays bass")
Two sculpt drawings
Pointing finger, sculpt drawings
"Jade" drawing of doll, shoes, accessories
"Halladay" drawing of doll, hair, shoes, accessories
"Jade" with second outfit
Two dolls, "fake eye lashes! in colors! glittery"
Four drawings of girl with fashions, "eye on you"
Three girls with baggy jeans
Four big girls, two smaller, pink heart on t-shirt
Three girls, big boots
Three girls "could be Jade or Fiona!"
Thee girls "could be hippie look"
Jade (no head), tape at the top corner
Zoe (torn at the top)
"Body mold," 90%, notarized
Hallidae (no head)
Body, no wave (flowers with square purse)
Hairstyles 1-10
Four heads "Jade, Lupe, Zoe, Halladay"
Male body with 1-4 hairstyles
Two umbrellas "whenever I need you"
Fishing pole
Fishing pole, umbrella "best of luck"
Group of four Bratz girls on tracing paper
File of color Bratz drawings
Notarized drawings
Selections from two Carter Bryant notebooks


EXHIBIT 54
Deponent TONNU
Date 7/8/09 Rptr ACC
WWW.DEPOBOOK.COM

# EXHIBIT 5

07209/2315030.1

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

# EXHIBIT 6

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**   July 24, 2007                **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| **Jim Jenal, Esq.** O'Melveny & Myers LLP | 213-430-6584 | 213-430-6407 |
| **Diana Torres, Esq.** O'Melveny & Myers LLP | 213-430-6584 | 213-430-6407 |
| **Michael Page, Esq.** Keker & Van Nest | 415-391-5400 | 415-397-7188 |

**FROM:**   Jon Corey

**RE:**   *Mattel, Inc. v. Bryant*

**MESSAGE:** .



07209/2170578.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | J. Lopez – 10 | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | Wykie | | CONFIRMED? | ☐ NO   ☐ YES: |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

Job number     : 328          *** SEND SUCCESSFUL *

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SAN DIEGO
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**     July 24, 2007                    **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Jim Jenal, Esq. O'Melveny & Myers LLP | 213-430-6584 | 213-430-6407 |
| Diana Torres, Esq. O'Melveny & Myers LLP | 213-430-6584 | 213-430-6407 |
| Michael Page, Esq. Keker & Van Nest | 415-391-5400 | 415-397-7188 |

**FROM:**     Jon Corey

**RE:**     Mattel, Inc. v. Bryant

**MESSAGE:**

---

0720021702.1

| CLIENT # | 7202 | ROUTE/RETURN TO: | J. Lopes — 10 | ☑ CONFIRM FAX ☑ INCLUDE CONF. REPORT |
| OPERATOR: | | | CONFIRMED? | ☐ NO ☐ YES |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

# Group Send Report

```
Page     : 001
Date & Time: 07-24-2007   05:59pm
Line 1   : 2134433100
Line 2   :
Machine ID : QUINN EMANUEL
```

Job number          :   320

Date                :   07-24  06:57pm

Number of pages     :   603

Start time          :   07-24  06:57pm

End time            :   07-24  06:59pm

Successful nbrs.

   Fax numbers

                    ☎94144007209#12134306407
                    ☎94144007209#14153977188


Unsuccessful nbrs.                                              Pages sent

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

July 24, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Jim Jenal, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

Re:     <u>Mattel, Inc. v. MGA Entertainment, Inc.</u>

Dear Jim:

I write to follow up on a request that I made at the deposition of MGA designee Lisa Tonnu. Exhibit 521, you represented to me, was a list of documents provided to Mr. Speckin for inspection and testing. As you recognized, the list is oblique at best, in that it contains only a generic, vague description of the documents and, in some cases, references documents by groups. While Mattel is endeavoring to correlate the oblique descriptions in the list with documents that Bryant has produced, Mattel requests that MGA identify be bates number those documents provided to Mr. Speckin. Please confirm by close of business on Friday that MGA will do so. Or, alternatively, consider this a request pursuant to paragraph 5 of the Discovery Master Stipulation to request that MGA meet and confer in this regard.

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon Corey

Jon Corey

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414

SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-5107 FAX 858-812-5356

07209/2175608.1

07209/2175608.1

cc:     Diana Torres, Esq.
        Michael Page, Esq.

# EXHIBIT 7

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

# EXHIBIT 8

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**  November 15, 2007          **NUMBER OF PAGES, INCLUDING COVER: 4**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Thomas Nolan, Esq.<br>Skadden Arps, Slate, Meagher and Flom LLP | (213) 687-5000 | (213) 687-5600 |

**FROM:**  Bridget Hauler

**RE:**  Mattel v. Bryant

**MESSAGE:**



FAXED
NOV 1.5 2007

07209/2295764.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Andi Hoeven, 3rd Floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED? ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

```
                    ***********************
                    ***   TX REPORT   ***
                    ***********************

        TRANSMISSION OK

        TX/RX NO               4201
        RECIPIENT ADDRESS      76681#7209#6875600
        DESTINATION ID
        ST. TIME               11/15 11:57
        TIME USE               02'30
        PAGES SENT             4
        RESULT                 OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:   November 15, 2007          NUMBER OF PAGES, INCLUDING COVER: 4

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Thomas Nolan, Esq. Skadden Arps, Slate, Meagher and Flom LLP | (213) 687-5000 | (213) 687-5600 |

FROM:   Bridget Hauler

RE:   Mattel v. Bryant

MESSAGE:

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3180

WRITER'S INTERNET ADDRESS
michaelzeller@quinnemanuel.com

November 15, 2007

VIA FACSIMILE AND E-MAIL

Thomas Nolan, Esq.
Skadden Arps, Slate, Meagher and Flom LLP
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071

Re:     Mattel v. Bryant

Dear Tom:

I write pursuant to section 5 of the Discovery Master Stipulation to request that MGA Entertainment (HK) Limited ("MGA Hong Kong") meet and confer regarding counsel's improper instructions not to answer and coaching during the deposition of Edmond Lee.  In addition, I write to schedule additional time to depose Mr. Lee, MGA Hong Kong's sole designee on all 61 topics in Mattel's notice of deposition of MGA Hong Kong pursuant to Rule 30(b)(6), or in the alternative, to meet and confer regarding MGA's failure to provide Mr. Lee to complete his deposition.

First, MGA's counsel improperly instructed Mr. Lee not to answer questions that did not invade the attorney-client privilege.  See Deposition Transcript of Edmond Lee, Vol. 2, dated October 5, 2007, at 428:17-432:23.  As the Discovery Master has previously ruled, Mattel's questions regarding such facts known by Mr. Lee did not seek privileged communications.  See Court's Order Granting Mattel's Motion for an Extension of Time to Depose Paula Garcia, dated August 14, 2007, at 18:12-14:4.  Indeed, MGA's counsel instructed the witness not to answer even though the witness knew of no lawyer even being involved in his communications with Mr. Larian.  Further belying any basis for the instructions, MGA HK has produced no privilege log in this action, and MGA's privilege log does not mention any communications from the relevant time period to which Mr. Larian and Mr. Lee were parties.  The facts which MGA sought to

**quinn emanuel urquhart oliver & hedges, llp**

07209/2188947.2

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

protect under a specious claim of privilege also are relevant and discoverable, including because they show that Isaac Larian knowingly misinformed the public and a retailer about MGA's labor abuses in China -- even to the point of falsely claiming Mattel was spreading disinformation -- and knowingly misrepresented that Mattel and MGA use the same factories to produce their goods. Not only is this information pertinent on its face to the allegations in Mattel's counterclaims, but Judge Infante specifically ordered discovery on this subject because it is relevant and discoverable. See Court's Order Granting Mattel's Motion to Compel MGA to Answer Requests for Admission, dated August 20, 2007, at 8.

Mattel also did not have a full and fair opportunity to examine Mr. Lee on all 61 topics in Mattel's Notice in several respects. First, under the best of circumstances, Mattel could not have fully examined one witness on all 61 topics in two days. In this case, Mr. Lee required the assistance of a translator, thus the pace of the examination was even slower than usual. As just a few examples, Mattel did not have the opportunity to examine Mr. Lee at all on topics concerning the authorship, creation, dissemination, use, meaning and authenticity of key early Bratz drawings; early efforts and communications relating to the licensing of Bratz; and communications between MGA HK and key third party witnesses. See Topic Nos. 9, 19 and 32. In addition, Mattel did not have the opportunity to fully examine Mr. Lee on a large swath of topics including key topics going to the origins and early development of Bratz. See, e.g., Topic Nos. 1-8. MGA's counsel compounded this by improperly coaching the witness and impeding Mattel's ability to depose Mr. Lee by making suggestive objections and speeches. See, e.g., Lee Depo. Tr. at 95:8-21, 146:1-148:25. This behavior was improper and warrants sanctions.

MGA and MGA Hong Kong further impeded Mattel's ability to fully and fairly examine Mr. Lee by belatedly producing key documents. For example, MGA Hong Kong produced un-Bates-numbered pages marked as Exhibits 929, 930 and 931 at Mr. Lee's deposition. These pages—organizational charts for MGA HK and employment agreements between MGA HK and its former director—were responsive to topics on which Mr. Lee was designated. See Mattel's Notice of Deposition of MGA Entertainment (HK) Limited (the "Notice") at Topic Nos. 40 & 61. MGA also produced more than 3,000 pages of prior sworn statements by MGA and MGA HK, including statements made in proceedings before the Hong Kong High Court, on the second day of Mr. Lee's deposition. Mr. Lee was MGA's designee to testify regarding prior sworn statements, thus, receiving these prior sworn statements on the last day of his deposition—and not even at the deposition—obviously impeded Mattel's ability to examine Mr. Lee fully on this topic.[1] See Notice at Topic No. 37. As a further example, because MGA HK produced electronic images in illegible form, Mr. Lee was unable to testify fully regarding any topic concerning the early development of Bratz. Specifically, MGA HK produced a photograph of a clay embodiment of Bratz from October 6, 2000—weeks before Bryant left Mattel—but the photo quality was so bad that Mr. Lee was unable to confirm whether or not the clay included a

---

[1]   This lapse is not surprising as MGA HK's counsel, with whom Mr. Lee prepared for his deposition, did not know that MGA HK's prior sworn statements were the subject of a topic on which Mr. Lee was designated. See Lee Depo. Tr. at 398:24-400:7.

head, much less make out finer details of the clay.[2]  Lee Depo. Tr. at 206:15-210:3.  Issues such as this exacerbated the delay already necessitated by working with the translator and having to repeat a large number of questions.

Finally, Mr. Lee was not prepared to testify on many of the topics on which he was designated.  See Notice at Topic Nos. 10, 12, 25, 26, 30, 61.  For example, Mr. Lee failed to investigate MGA HK's knowledge and access to non-public Mattel DIVA STARZ information and designs.  See Lee Depo. Tr. at 466:11-23, 468:5-469:1.  Mr. Lee also could not confirm whether or not MGA HK had ever paid money or anything of value to Mr. Bryant or third party witnesses Elise Cloonan and Veronica Marlow.  Id. at 469:2-20, 471:3-477:21.  Mr. Lee further could not confirm whether or not MGA HK has paid the former director of MGA HK any money or anything of value since he left MGA HK.  Id. at 519:8-521:10.  As another example, he performed no investigation to determine the whereabouts of items relating to Bratz that were received by MGA HK in 2000 and 2001 or the source of Bratz documents and tangible items displayed at the Hong Kong Toy Fair in January 2001.  Id. at 101:4-102:4, 114:4-25, 170:3-12 & 171:9-173:14.  Mattel is unquestionably entitled to this information and, indeed, Judge Infante previously ruled on Mattel motions against MGA that it is relevant and discoverable.

Please let me know when MGA HK's counsel is available to meet and confer within the time required.  Should the parties not be able to resolve this matter amicably, Mattel contemplates bringing a motion to compel MGA HK to produce a suitable witness to complete its testimony in response to the Notice, to overrule the instructions given and to impose sanctions.

I look forward to hearing from you.

Very truly yours,

*Michael T. Zeller* BAM

Michael T. Zeller

---

[2]  When Mattel requested a better copy of this photograph after Mr. Lee's deposition, MGA HK was able to produce a better quality image within 24 hours, thus Mattel is troubled by MGA HK's initial failure to produce non-distorted images.

# EXHIBIT 9

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**      December 20, 2007                    **NUMBER OF PAGES, INCLUDING COVER: 8**

**NAME/COMPANY**                    **PHONE NO.**          **FAX NO.**

Timothy A. Miller, Esq.                (415) 984-6400        (415) 984-2698
**Skadden, Arps, Slate, Meagher & Flom LLP**

**FROM:**      B. Dylan Proctor, Esq.

**RE:**      *Mattel, Inc. v. Bryant*

FAXED
DEC 2 0 2007

07209/2330048.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Tiffany Garcia - 3 | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
| OPERATOR: | | | CONFIRMED? ☐ NO ☐ YES: |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

12/20/2007 16:19 FAX 12134433100          QEUOH-LA0-2                              ☑001

```
                    *****************
                    ***  TX REPORT  ***
                    *****************

    TRANSMISSION OK

    TX/RX NO                4626
    RECIPIENT ADDRESS       9414#07209#14159842698
    DESTINATION ID
    ST. TIME                12/20 16:16
    TIME USE                03'42
    PAGES SENT              8
    RESULT                  OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**     December 20, 2007          **NUMBER OF PAGES, INCLUDING COVER: 8**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy A. Miller, Esq.<br>**Skadden, Arps, Slate, Meagher & Flom LLP** | (415) 984-6400 | (415) 984-2698 |

**FROM:**     B. Dylan Proctor, Esq.

**RE:**     *Mattel, Inc. v. Bryant*

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

December 20, 2007

VIA FACSIMILE AND E-MAIL

Timothy Miller, Esq.
Skadden Arps, Slate, Meagher and Flom LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111

Re:    Mattel v. Bryant

Dear Tim:

I write to follow-up regarding the deposition of Edmond Lee, MGA Entertainment (HK) Limited's designee on all 61 topics in Mattel, Inc.'s deposition of MGA Entertainment (HK) Limited ("MGA Hong Kong") pursuant to Rule 30(b)(6).  At the parties' meet and confer on November 28 regarding the deficiencies with Mr. Lee's testimony, you represented that MGA Hong Kong would consider producing Mr. Lee for up to two more days of additional testimony if Mattel provided further detail regarding the topics on which Mattel needed to examine Mr. Lee further.

Although Michael Zeller's letter to you dated November 15, 2007 laid out in some detail the deficiencies with Mr. Lee's testimony, we agreed to provide further information to you in an effort to avoid motion practice.  Below I layout the topics on which Mattel was unable to fully examine Mr. Lee because Mr. Lee was either unprepared or because of time constraints.  I have identified topics on which we were unable to finish as well as topics on which we were unable to ask any questions.  You also requested that I identify topics on which Mattel was finished examining Mr. Lee; however, we are not willing to do so for two reasons: (1) the depth of Mattel's examination on any given topic was constrained by the severe time constraints under which Mattel was operating when examining Mr. Lee, and thus we may choose to examine Mr.

**quinn emanuel urquhart oliver & hedges, llp**

07209/2188947.2

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

Lee more fully even on topics we covered relatively more thoroughly than other topics if we have more time; and (2) Mr. Lee may provide new information at his continued deposition that may necessitate asking follow-up questions on seemingly "finished" topics.

**Topics on which Mattel was unable to fully examine Mr. Lee:**

**Topic No. 1:** The origin, conception, creation, design, sculpting, development, engineering, rotocasting, modeling and prototyping of BRATZ and BRATZ DESIGNS CREATED prior to June 30, 2001 (regardless of when or whether such was released in any form to the public), including without limitation the timing thereof, the IDENTITY of each PERSON with knowledge thereof, the IDENTITY of each PERSON involved therein, and the nature, extent and time period(s) of each such PERSON's involvement.

**Topic No. 2:** The circumstances under which BRATZ or any BRATZ DESIGN first came to YOUR attention, including without limitation the timing, method and manner thereof and the IDENTITY of each PERSON with knowledge thereof.

**Topic No. 3:** The identity of each doll, product, work or item produced, developed, manufactured, licensed, sold or offered for sale by or for YOU or on YOUR behalf that was BASED ON any BRATZ DESIGN which BRYANT CREATED.

**Topic No. 4:** To the extent not covered by Topic 3, each EMBODIMENT of any doll, doll accessory or toy that BRYANT CREATED prior to June 30, 2001.

**Topic No. 5:** The work, activities and/or services that BRYANT performed for or with YOU or on YOUR behalf prior to June 30, 2001.

**Topic No. 6:** The origin, conception and creation of DESIGNS that BRYANT CREATED prior to June 30, 2001 and in which YOU claim to have, or have ever claimed to have, any right, title or interest (whether in whole or in part).

**Topic No. 7:** The identity of, and the design, development, sculpting, development, engineering, rotocasting, modeling, prototyping and first sale of, any doll, product, work or item that has been produced, developed, manufactured, licensed, sold or offered for sale by, for or on behalf of YOU and that was BASED ON any DESIGN referenced in Topic 6.

**Topic No. 8:** Each EMBODIMENT of BRATZ that was CREATED prior to June 30, 2001 or that was at any time BASED ON any BRATZ DESIGN which was CREATED prior to June 30, 2001.

**Topic No. 10:** The email produced by MGA in this ACTION as MGA MGA000422, including without limitation the IDENTITY, current and last known location, disposition and use of the DOCUMENTS and tangible items that are referenced in such email.

**Topic No. 11:** The email and attachment produced by MGA in this ACTION as MGA000007-MGA000009, including without limitation the IDENTITY, current and last known location, disposition and use of each sculpt referenced in and depicted by such email and attachment.

**Topic No. 12:** The showing of BRATZ at Hong Kong Toy Fair in January 2001, including without limitation the IDENTITY and whereabouts of DOCUMENTS (including photographs and videotapes) and tangible items that REFER OR RELATE TO such toy fair.

**Topic No. 15:** The exhibition, or proposed, offered, contemplated or requested exhibition, of BRATZ or any BRATZ DESIGN to any third party prior to June 30, 2001, including without limitation each instance in which BRATZ or any BRATZ DESIGN was marketed, offered for sale, pitched, shown or disclosed to, or otherwise discussed with or communicated to, any retailer, wholesaler or distributor and the DOCUMENTS that REFER OR RELATE thereto.

**Topic No. 16:** The actual, proposed, requested or contemplated manufacture, fabrication or tooling (including the production of molds) of BRATZ, including without limitation the timing thereof and the IDENTITY of each manufacturer and potential manufacturer used, proposed or considered.

**Topic No. 17:** COMMUNICATIONS prior to June 30, 2001 between YOU and any manufacturer, distributor, wholesaler, retailer, or any contemplated, proposed or potential manufacturer, distributor, wholesaler or retailer, that REFER OR RELATE TO BRATZ or any BRATZ DESIGN.

**Topic No. 18:** When and where BRATZ was first manufactured, shipped, distributed and sold, and the IDENTITIES and roles of PERSONS involved therein.

**Topic No. 20:** COMMUNICATIONS between YOU and BRYANT prior to January 1, 2001, including without limitation the content, means and timing of such COMMUNICATIONS, the IDENTITY of the PERSONS who were parties thereto and the DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

**Topic No. 21:** COMMUNICATIONS that BRYANT made for YOU or on YOUR behalf with any PERSON other than YOU that REFER OR RELATE TO BRATZ prior to June 30, 2001.

**Topic No. 23:** Each agreement or contract between YOU and any PERSON other than BRYANT that REFERS OR RELATES TO BRATZ or BRATZ DESIGNS that REFERS OR RELATES to the time period prior to December 31, 2001 (regardless of when such agreement or contract was negotiated or executed), including without limitation the timing thereof, the negotiations, drafts and COMMUNICATIONS that REFER OR RELATE thereto, and any actual or proposed amendments thereto.

**Topic No. 25:** YOUR knowledge of, and access to, non-public MATTEL DIVA STARZ project information and DESIGNS prior to June 30, 2001.

**Topic No. 26:** The payment of money or anything of value by or for YOU or on YOUR behalf that has been made to, for or on behalf of BRYANT (a) for work, services or activities performed by BRYANT prior to January 1, 2001 (regardless of when such payment was actually made), (b) for DESIGNS CREATED by BRYANT prior to January 1, 2001 (regardless of when such payment was actually made) or (c) in connection with BRATZ or any BRATZ DESIGN at any time, including without limitation the timing, manner and amount(s) thereof and the reasons therefor.

**Topic No. 29:**  Your net worth.

**Topic No. 30:**  The payment of money or anything of value that YOU have made or offered to make to, for or on behalf of Elise Cloonan, or that has been requested, sought or received by, for or on behalf of Elise Cloonan, and the timing, manner, amount(s) and reasons therefor.

**Topic No. 31:**  COMMUNICATIONS between YOU and Elise Cloonan that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee, including without limitation the IDENTITY of DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

**Topic No. 33:**  COMMUNICATIONS between YOU and Veronica Marlow,  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), Sarah Halpern, Steve Linker, Liz Hogan and/or Jesse Ramirez that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee, including without limitation all DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

**Topic No. 34:**  The IDENTITY of each PERSON who, at any time since January 1, 1998, has performed any work or services for, by or on behalf of YOU while such PERSON was employed by MATTEL, the nature and timing of each such PERSON's work or services and the amount(s) paid by YOU to each such PERSON.

**Topic No. 37:**  Other than those previously filed and served in this ACTION or in which Mattel, Inc.'s counsel in this ACTION was in attendance, the testimony, transcripts, declarations, affidavits and other sworn written statements of any other type by or from YOU or made on YOUR behalf that REFER OR RELATE TO BRATZ THAT REFER OR RELATE TO the time period prior to June 30, 2001 (regardless of when such testimony or sworn statement was taken, given, signed, made or filed).

**Topic No. 38:**  COMMUNICATIONS between YOU and Universal Commerce Corp., Ltd. prior to June 30, 2001.

**Topic No. 40:**  YOUR corporate structure since January 1, 1999, including without limitation YOUR relationship with MGA Entertainment, Inc., and the IDENTITY of YOUR officers, directors, shareholders and employees since January 1, 1999.

**Topic No. 59:**  To the extent not covered by any other Topic, the roles, involvement and activities of Stephen Lee, Cecelia Kwok, Franki Tsang, Victor Lee, Victor Raymond Fung, CY Ho, Eric Yip, Jimmy Cheng and Samuel Wong in connection with BRATZ and/or ANGEL prior to December 31, 2001, including without limitation the timing of such roles, involvement and activities.

**Topic No. 60:**  To the extent not covered by any other Topic, the IDENTITY, current and last known location, and disposition of DOCUMENTS that REFER OR RELATE TO BRATZ and/or ANGEL that were, prior to December 31, 2001, created, generated, sent and/or received by YOU, including without limitation by Stephen Lee, Cecelia Kwok, Franki Tsang, Victor Lee, Eric Yip, Victor Raymond Fung, CY Ho, Jimmy Cheng and/or Samuel Wong.

**Topic No. 61:** YOUR relationship with Stephen Lee since April 1, 2004, including without limitation any agreements or contracts between YOU and/or MGA Entertainment, Inc., on the one hand, and Stephen Lee, on the other hand.

On a number of the above topics, Mattel was unable to examine Mr. Lee fully because MGA Hong Kong and MGA produced distorted images that Mr. Lee claimed rendered them unrecognizable, produced certain un-Bates-numbered pages during the course of the deposition and produced 3,000 pages of sworn statements late in the second day of the deposition. For instance, Mr. Lee could not identify a clay Bratz sculpt from early October 2000 because, as produced by MGA Hong Kong, the photograph of the clay was distorted. MGA Hong Kong has since provided a clear image at Mattel's request. Mattel should have the opportunity to examine Mr. Lee on three-dimensional prototypes and models, including on the newly produced image of the Bratz three-dimensional prototype that pre-dates Mr. Bryant's last day of employment at Mattel.

With regards to other topics, Mr. Lee failed to perform proper investigation. For instance, he failed to investigate whether MGA Hong Kong still has Bratz items sent by MGA in Los Angeles to MGA Hong Kong in September 2000. He also failed to investigate whether MGA Hong Kong has the Bratz prototypes and artwork shown at Hong Kong Toy Fair in January 2001. Further, Mr. Lee failed to investigate MGA Hong Kong's knowledge and access to non-public Mattel DIVA STARZ information and designs. He could not confirm whether or not MGA Hong Kong had ever paid money or anything of value to certain key individuals, including Mr. Bryant or third-party witnesses such as Veronica Marlow. Mr. Lee also provided a raw number representing MGA Hong Kong's present net worth, but could not provide any detail as to how that number was calculated.

Finally, Mattel did not have sufficient time to examine Mr. Lee on a number of topics because of time constraints. This included, in particular, the topics relating to the manufacturing of the Bratz dolls.

### Topics on which Mattel was not able to examine Mr. Lee at all:

**Topic No. 9:** The DRAWINGS, including without limitation the authorship, creation, dissemination and use thereof and the source, meaning, authenticity and timing of any dates thereon.

**Topic No. 19:** The licensing, including without limitation the proposed or requested licensing, of BRATZ or any BRATZ DESIGN prior to December 31, 2001, including without limitation the timing thereof, the IDENTITY of each such licensee or proposed or requested licensee and the product(s) or proposed product(s) involved.

**Topic No. 22:** YOUR agreements and contracts with BRYANT, including without limitation the timing thereof, the negotiations, drafts and COMMUNICATIONS that REFER OR RELATE thereto, and any actual or proposed amendments thereto.

**Topic No. 24:** YOUR knowledge, prior to April 29, 2004, of BRYANT's contracts and agreements with, and his obligations to, MATTEL.

**Topic No. 27:**  Any indemnification and fee arrangement that YOU and/or BRYANT has sought, proposed, requested or obtained in connection with this ACTION.

**Topic No. 28:**  YOUR revenues and profits from BRATZ, including without limitation YOUR gross and net profits, and YOUR costs associated therewith.

**Topic No. 32:**  COMMUNICATIONS made by, for or on behalf of YOU, whether directly or indirectly, with Anna Rhee, including without limitation since February 2005 (but not including any such COMMUNICATIONS with her legal counsel).

**Topic No. 35:**  COMMUNICATIONS between YOU and BRYANT that REFER OR RELATE TO MATTEL or REFER OR RELATE TO any DOCUMENT that was prepared, authored or created by MATTEL that BRYANT has ever provided to, shown, described to, communicated to or disclosed in any manner to YOU.

**Topic No. 36:**  The applications for registration and the registrations for copyright, patent, trademark or any other right that REFER OR RELATE TO BRATZ or BRATZ DESIGNS sought, made or obtained by, for or on behalf of YOU or BRYANT, including without limitation COMMUNICATIONS pertaining thereto.

**Topic No. 39:**  The source, meaning and authenticity of SL00013-14, including without limitation the timing of its creation and the handwriting thereon.

**Topic No. 44:**  The testing of or sampling from DOCUMENTS that REFER OR RELATE TO BRATZ or BRYANT, including without limitation such testing or sampling in connection with any ink, paper or chemical analysis performed or attempted to be performed to date, any DOCUMENTS that REFER OR RELATE thereto and all results and reports relating thereto.

**Topic No. 50:**  The identity of each PERSON involved in ANGEL, and the nature and time period(s) of each such PERSON's involvement therein.

**Topic No. 51:**  The conception, design, development, production, sculpting, rotocasting, molding, modeling or prototyping of ANGEL, including without limitation the chronology thereof.

**Topic No. 52:**  The identity of, and the design, development and first sale of, any products resulting from ANGEL.

**Topic No. 53:**  The source, meaning and authenticity of the ANGEL DOCUMENTS, including of the handwritten notations thereon.

**Topic No. 54:**  The identity of any computer or computer system by or from which the ANGEL DOCUMENTS were created or generated or in which they have been maintained, and the identity of the computer programming or software used in connection therewith.

**Topic No. 55:**  The identity of DOCUMENTS and tangible items that REFER OR RELATE TO ANGEL.

**Topic No. 56:** YOUR COMMUNICATIONS that REFER OR RELATE TO ANGEL, including without limitation with MGA Entertainment, Inc., prior to December 31, 2001.

**Topic No. 57:** The identity, source and current location of each head that was provided by, for or on behalf of YOU to Anna Rhee for painting prior to October 21, 2000.

**Topic No. 58:** The identity of each PERSON involved in the conception, design, development, production, sculpting, rotocasting, molding, modeling or prototyping of each head that was provided by, for or on behalf of YOU to Anna Rhee for painting prior to October 21, 2000.

At the parties' meet and confer on November 26, you designated Lisa Tonnu to testify regarding Topic Nos. 25, 26, 30, 33 (with respect only to payments to Veronica Marlow) and 61 of Mattel's notice. Please let me know whether MGA Hong Kong agrees to produce Mr. Lee for two additional days of deposition testimony on the remaining topics and/or intends to designate anyone else in response to any of the topics above.

Since Mattel has now been seeking the opportunity to complete MGA Hong Kong's deposition for quite some time, please let us know its position promptly and, in any event, no later than next Wednesday. Otherwise, we will proceed with our motion to compel.

Very truly yours,

B. Dylan Proctor

# EXHIBIT 10

11-28-2007   07:57pm   From-SASMF                    +2136875600           T-589   P.001/004   F-051

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE No.: (213) 687-5000
FACSIMILE No : (213) 687-5800

EMAIL: mmumford@skadden.com

## FACSIMILE TRANSMITTAL SHEET

FROM: Marcus Mumford                     DATE: November 28, 2007

DIRECT DIAL: (213) 687-5514              FLOOR/OFFICE No :

DIRECT FACSIMILE: (213) 621-5514

---

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

---

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

---

TOTAL NUMBER OF PAGES INCLUDING COVER(S):   4

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1. NAME: John D. Corey, Esq.                FIRM: Quinn Emanuel Urquhart, etc.
   CITY: Los Angeles                        TELEPHONE No : (213) 443-3000
   FACSIMILE No : (213) 443-3100

2. NAME: Christa M. Anderson, Esq.          FIRM: Keker & Van Nest, LLP
   CITY:                                    TELEPHONE No : (415) 391-5400
   FACSIMILE No.: (415) 397-7188

MESSAGE. Please see attached letter.

11-28-2007   07:57pm   From-SASMF                    +213687S60D              T-589   P.002/004   F-851

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### 300 SOUTH GRAND AVENUE
### LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL:
(213) 687-5514
DIRECT FAX:
(213) 621-5514
EMAIL ADDRESS:
MMUMFORD@SKADDEN.COM

November 28, 2007

VIA FACSIMILE

Jon D. Corey, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:   *Mattel v. Bryant*

Dear Jon:

I write in response to your November 26, 2007 letter to Raoul Kennedy, which I note did not address my letter to you earlier that day summarizing MGA's understanding of the parties' meet and confers on outstanding discovery items. Where this letter does not address the items in yours point-by-point, please refer to that previous letter.

Mattel's Motion For Reconsideration

The parties were unable to reach an agreement concerning Mattel's Motion for Reconsideration of the September 12, 2007 Order. In advance of the hearing, it would be helpful for you to advise us of the nature of the information that would allow Mattel to determine whether it "has taken any action whatsoever to enforce" employee confidentiality agreements without having to review individual personnel files. We would like to discuss it at the meet and confer tomorrow.

The Joint Motion Re Bandying Of 30(b)(6) Witnesses

By copy of this letter, MGA is asking Carter Bryant's attorneys to confirm that they are amenable to the narrowing of Topics 2-7. Further, as discussed, what MGA is looking for is an assurance that the witnesses Mattel has produced in response to 30(b)(6) notices speak for Mattel. As with any other 30(b)(6) witness, if the party taking the deposition failed to ask a question, that would not preclude the witness being asked, and providing an answer to, that question at trial. What we are, however, looking for is an assurance that, at trial, there will not be any attempt to have some other witness offer additional testimony concerning those topics.

Jon D. Corey, Esq.
November 28, 2007
Page 2

### Mattel's Motion To Compel Production Of Witnesses Re Topics 15 And 16

You assert on page 2 of your letter that MGA did not provide dates on Topics 15 and 16 of the Third Notice of Deposition of MGA. But on the following page, you acknowledge that MGA did, in fact, designate Lisa Tonnu on Topics 15 and 16, among others, and offered to produce her for deposition on either January 9, 10, or 11, 2008. Please confirm one of those dates as soon as possible. As I indicated previously, MGA views this motion as potentially resolved.

### Additional Deposition Issues

In addition to the completion of Topic 33, MGA designated Mr. Khare on Topic 24 of the Second Notice and Topics 4-7 and 10 of the Third Notice. Additionally, MGA will designate Mr. Khare to testify on Topics 16, 18, 20 and 32 of the Second Notice. He is available January 7 or 8, 2008. Please let us know which day works best for you. (Our previous letter referred to Topic 14 in error as Rebecca Harris already testified on that topic. We are considering your correspondence regarding her testimony and will get back to you shortly.)

### Bryant's 30(b)(6) Notice Of Mattel

We will address the positions Mattel has taken with respect to outstanding Bryant 30(b)(6) topics by separate letter.

### MGA's Production Of Requested Financial Documents

You raised this matter in your November 26 letter, but your colleague filed a motion to compel earlier that day. MGA will respond accordingly.

### MGA's Production Of Requested Metadata

On November 21, we told you that MGA had collected and would produce approximately 20 of the native files that Mattel had requested, that MGA was willing in principle to produce the remaining native files to the extent it had them in its possession, custody or control and could extract them, and that MGA was working diligently to ascertain whether it could obtain the remaining native files and what burden that may entail. We promised to circle back with you in short order. Instead of awaiting MGA's production and promised follow-up, your colleague filed a motion to compel later that day. MGA will respond accordingly.

### Miscellaneous

MGA's positions regarding (1) the subpoenas issued by Mattel to Wachovia, Ernst & Young, and Deloitte & Touche, (2) the privilege log produced on November 15; (3) the document retention declarations; (4) the depositions of Adrienne Fontanella and Matt Bousquette; (5) the completeness of MGA's document production; and (6) the production of tangible items are set forth in my November 26 letter. We will follow up with Messrs. Alger and Tayback regarding Zeus. Please

Jon D. Corey, Esq.
November 28, 2007
Page 3

confirm our proposed deposition dates for Ms. Fontanella and Mr. Bousquette as soon as possible.

Please let me know if you have any questions concerning the above. We look forward to speaking with you tomorrow.

Sincerely,

Marcus R. Mumford

cc: Christa M. Anderson

# EXHIBIT 11

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER

SAN FRANCISCO, CALIFORNIA 94111-5974

———

TEL: (415) 984-6400

FAX: (415) 984-2698

www.skadden.com

DIRECT DIAL
415-984-2647
EMAIL ADDRESS
TMILLER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
PALO ALTO
RESTON
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 20, 2007

Via Hand Delivery

Scott B. Kidman, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE:    Mattel v. Bryant, et al.

Dear Scott:

Further to my letters to you dated December 7 and 12, 2007, I enclose documents produced by MGA Entertainment, Inc. ("MGA") bearing Bates number MGA 3746621 through MGA 3765551. The documents are marked CONFIDENTIAL-ATTORNEYS EYES ONLY under the protective order.

The document bearing Bates numbers MGA 3746621 through MGA 3765284 is an additional document produced by MGA in response to Mattel's Second Set of Requests for Production of Documents. These additional documents are also produced pursuant to Rule 33(d) of the Federal Rules of Civil Procedure in response to Mattel's Interrogatory No. 45. This document consists of an updated HK cost pre SKU schedule (which I assume will mean something to your experts). We recently identified this information as potentially responsive to the financial information that Mattel seeks in its Second Set of Requests for Production of Documents and Interrogatory 45.

The document bearing Bates numbers MGA 3765285 through MGA 3765286 is a declaration of Isaac Larian related to that patent application no. 15904-142. We came across this document in the course of preparing our papers in opposition to Mattel's Motion re 30(b)(6) orders. We have not been able to locate a copy of this declaration among the documents that have been produced in this action (although we do not profess to yet be entirely conversant with the production

Scott B. Kidman, Esq.
December 20, 2007
Page 2

database).  In an abundance of caution, we are producing this copy to Mattel now.
MGA agrees that Mattel may examine MGA Rule 30(b)(6) witness Sam Khare on
the document bates numbered MGA 3765285 through MGA 3765286 under Topic
34 of Mattel's Second Notice of Deposition of MGA at Mr. Khare's follow up
deposition on January 8, 2008.

        The document bearing bates numbers MGA 3765287 through MGA
3765551 is a list of licensees responsive to Request for Production No. 2 of Mattel's
Second Set of Requests for Documents.

        Please do not hesitate to call if you have any questions.

                Very truly yours,

                Timothy A. Miller   by AC

CC:    Dylan Proctor, Esq. (w/o encl., via email)
       Diane Hutnyan, Esq. (w/o encl., via email)

# EXHIBIT 12

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

# EXHIBIT 13

.

:

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

# EXHIBIT 14

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

# EXHIBIT 15

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**EXHIBIT 16**

07209/2315030.1

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**EXHIBIT 17**



**ANNUAL REPORT 2006**

*The new Zapf Creation is gathering speed...*



California, USA, including its affiliates, the relevant boards are immediately notified thereof on a case-by-case basis by means of a formal statement, and the relevant board members are asked to recuse themselves from the discussion and decision. In this regard, please also see the Company's voluntary Report on Dependent Companies and Relations with Affiliates.

### 4. Management Board

As of March 1, 2007, the Management Board of Zapf Creation AG was composed of Messrs. Jens U. Keil and Thomas Pfau; these two Management Board members jointly manage the Company in accordance with Section 77 German Stock Corporation Act. The tasks of each of them follow from the Company's distribution of responsibilities, which is defined as follows: Mr. Jens U. Keil is responsible for Finance, Capital Market, Restructuring, Human Resources, IT, Logistics and Supply Chain Operations. Mr. Pfau is responsible for Sales and Marketing, and Design and Product Development.

The following changes with regard to the composition of the Management Board occurred during the period under review: Dr. Georg Kellinghusen was appointed the Company's new chief financial officer by the Supervisory Board of Zapf Creation AG effective February 15, 2006. On June 19, 2006, the Supervisory Board also appointed Dr. Georg Kellinghusen chairman of the Management Board. Based on a Supervisory Board resolution of May 17, 2006, Mr. Thomas Eichhorn on May 18, 2006 was dismissed as member and chairman of the Management Board effective immediately. Based on a Supervisory Board resolution of August 28, 2006, Mr. Thomas Pfau was appointed to the Company's Management Board for a period of three years effective immediately. On November 2, 2006, Ms. Angelika Marr, member of the Management Board, resigned from the Management Board effective immediately and left the Company as of that date. During her time with the Company, she was responsible for Design and Product Development. On December 20, 2006, the Supervisory Board of Zapf Creation AG and Dr. Georg Kellinghusen, chairman of the Management Board and chief financial officer, reached an agreement that Dr. Kellinghusen would resign from all of his posts and leave the Company effective immediately. On January 16, 2007, the Supervisory Board of Zapf Creation AG appointed Mr. Jens U. Keil as the Company's new chief financial officer for a term of three years. Mr. Keil took over as CFO effective March 1, 2007.

The Company was not notified of any transactions made by members of the Management Board, their spouses or immediate relatives requiring disclosure pursuant to Section 15a German Securities Trading Act. As of December 31, 2006, the Management Board does not hold any shares issued by the Company. All members of the Management Board have been informed in detail regarding the disclosure requirement.

### 5. Supervisory Board

Since February 12, 2007, the Supervisory Board has been composed as follows: Dr. Harald Rieger, chairman of the Supervisory Board since February 27, 2007, member since February 12, 2007; Francesc Robert, vice-chairman since July 28, 2006, member since May 11, 2005; Gustavo Perez, regular member, vice-chairman until July 28, 2006, member since May 11, 2005; Miguel Perez-Carballo Villar, regular member, chairman of the Supervisory Board from July 28, 2006, to February 27, 2007, member since September 14, 2005; Isaac Larian, regular member, and Ron Brawer, regular member, both members of the Supervisory Board since August 24, 2006.

The following changes with regard to the composition of the Supervisory Board occurred during the period under review: in a letter dated June 28, 2006, Dr. Peter Klein announced his resignation from the Supervisory Board effective immediately. On July 27, 2006, Mr. Martin Gruschka resigned as member and chairman of the Supervisory Board effective immediately. As of July 28, 2006, Mr. Miguel Perez-Carballo Villar, regular member of the Supervisory Board until July 27, 2006, took over as chairman of the Supervisory Board. Also, as of the same date Mr. Francesc Robert has been vice chairman of the

14

Supervisory Board. Mr. Gustavo Perez, who held this position from May 11, 2005, to July 27, 2006, has been a regular member of the Supervisory Board since July 28, 2006. In a court order dated August 23, 2006, and issued August 24, 2006, the Coburg Local Court appointed Mr. Isaac Larian and Mr. Ron Brawer regular members of the Supervisory Board effective immediately. On February 27, 2007, Dr. Harald Rieger, who had been appointed a regular member of the Supervisory Board by order dated February 12, 2007, of the Coburg Local Court, was elected chairman of the Supervisory Board. The previous chairman of the Supervisory Board, Mr. Miguel Perez-Carballo Villar, has been serving as a regular member of Supervisory Board since that date.

The Company was notified of the following transactions made by members of the Supervisory Board, their spouses or immediate relatives requiring disclosure pursuant to Section 15a German Securities Trading Act:

Attorneys for the Isaac Larian and Angela Larian Trust, a company belonging to the Supervisory Board member Isaac Larian, notified Zapf Creation AG on October 4, 2006, in accordance with Section 15a German Securities Trading Act (Wertpapierhandelsgesetz) that on September 28, 2006, Mr. Larian had purchased a total of 10,000 shares of Zapf Creation AG stock (ISIN DE 0007806002) at a price of € 8.08 per share for a total transaction volume of € 80,800.00.

Attorneys for Mr. Ron Brawer notified the Company on October 12, 2006, in accordance with Section 15a German Securities Trading Act (Wertpapierhandelsgesetz) that on October 9, 2006, Mr. Brawer had purchased a total of 25,000 shares of Zapf Creation AG stock (ISIN DE 0007806002) at a price of € 7.45 per share for a total transaction volume of € 186,250.00.

Attorneys for "The Isaac Larian Qualified Annuity Trust 2004 DTD 6/30/04," a company belonging to the Supervisory Board member Isaac Larian, notified Zapf Creation AG on October 12, 2006, in accordance with Section 15a German Securities Trading Act (Wertpapierhandelsgesetz) that on October 9, 2006, Mr. Larian had purchased a total of 374,999 shares of Zapf Creation AG stock (ISIN DE 0007806002) at a price of € 7.45 per share for a total transaction volume of € 2,793,742.55.

Daxton Investing Inc., a company related to the Supervisory Board member Mr. Gustavo Perez, notified Zapf Creation AG on November 13, 2006, in accordance with Section 15a German Securities Trading Act (Wertpapierhandelsgesetz) that on November 6, 2006, it had purchased a total of 399,999 shares of Zapf Creation AG stock (ISIN DE 0007806002) at a price of € 7.45 per share for a total transaction volume of € 2,979,992.55.

Attorneys for the Isaac Larian Annuity Trust, a company belonging to the Supervisory Board member Isaac Larian, notified Zapf Creation AG on March 6, 2007, in accordance with Section 15a German Securities Trading Act (Wertpapierhandelsgesetz) that on March 5, 2007, it had purchased a total of 2,000 shares of Zapf Creation AG stock (ISIN DE 0007806002) at a price of € 9.00 per share for a total transaction volume of € 18,000.00.

Attorneys for the Isaac Larian Annuity Trust, a company belonging to the Supervisory Board member Isaac Larian, notified Zapf Creation AG on March 21, 2007, in accordance with Section 15a German Securities Trading Act (Wertpapierhandelsgesetz) that on March 19, 2007, it had purchased a total of 751 shares of Zapf Creation AG stock (ISIN DE 0007806002) at a price of € 8.95 per share for a total transaction volume of € 6,721.45.

Attorneys for the Isaac Larian Annuity Trust, a company belonging to the Supervisory Board member Isaac Larian, notified Zapf Creation AG on March 21, 2007, in accordance with Section 15a German Securities Trading Act (Wertpapierhandelsgesetz) that on March 20, 2007, it had purchased a total of

3,586 shares of Zapf Creation AG stock (ISIN DE 0007806002) at a price of € 9.05 per share for a total transaction volume of € 32,453.30.

Attorneys for the Isaac Larian and Angela Larian Trust, a company belonging to the Supervisory Board member Isaac Larian, notified Zapf Creation AG on July 23, 2007, in accordance with Section 15a German Securities Trading Act (Wertpapierhandelsgesetz) that on July 18, 2007, it had purchased a total of 119,988 shares of Zapf Creation AG stock (ISIN DE 0007806002) at a price of € 4.593 per share for a total transaction volume of € 551,104.88.

The Company was not notified of any other transactions made by members of the Supervisory Board, their spouses or immediate relatives requiring disclosure pursuant to Section 15a German Securities Trading Act (Wertpapierhandelsgesetz). The Company has no information available regarding the percentage of shares issued that are attributable to members of the Supervisory Board, or companies related to them, as of December 31, 2006. All members of the Supervisory Board have been informed in detail regarding the disclosure requirement.

## 6. Transparency

Zapf Creation values active corporate communications. New and significant information is made available to shareholders, analysts, employees, and the public immediately and comprehensively. In its corporate communications, the Management Board is guided by principles of transparency, timeliness, openness, comprehensibility, and equal treatment for all. All such information is transmitted via electronic media, in particular, the internet, and is available in English as well.

## 7. Accounting and Audit of Financial Statements

### Share-based Payment

The Zapf Creation Group employs compensation systems based on the performance of its stock, given its orientation toward activities designed to ensure that the enterprise value is increased in the long term in shareholders' interests. In contrast to employee stock option plans (ESOPs), so-called virtual share-price-based compensation does not constitute real equity interests but rather salary and/or bonus payments that are contingent on the development of the Company's stock. Cash compensation claims are granted to the beneficiaries during specific periods based on the difference between the underlying share's current price and the base price of the stock appreciation rights assigned.

In the 2006 financial year, a virtual share-price-based compensation system was established for the members of the Management Board of Zapf Creation AG. Virtual stock options at defined base prices were allocated under this plan in 2006; the exercise of these options is not linked to achievement of specific performance targets. At the time they exercise their options, beneficiaries are paid the difference per exercised option between the closing price of the share on its issue date and on the date the virtual stock option is exercised.

As of December 31, 2006, the Group maintained two other virtual share-price-based compensation schemes for the members of its Management Board, as well as for executives of Zapf Creation AG and its affiliates, in addition to the compensation system that was newly established in the 2006 financial year and outlined above. The 2001/2003 Bonus Plan was set up in the 2001 financial year and the 2003/2005 Bonus Plan in the 2003 financial year. These two additional compensation systems provide for allocation of virtual stock options to the relevant beneficiaries in several tranches pursuant to individual contracts. Depending on whether performance targets linked to the share price have been achieved and following the expiration of waiting periods contingent on the relevant tranches, the beneficiaries are paid one-time cash consideration per virtual stock option that reflects a particular percentage (20% for the 2001/2003 Bonus Plan and 30% for the 2003/2005 Bonus Plan) of the performance target as an additional component of their cash compensation.

# EXHIBIT 18

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   December 12, 2007                **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amy S. Park<br>*Skadden, Arps, Slate, Meagher & Flom LLP* | 650.470.4500 | 650.470.4570 |

**FROM:**   Jon Corey

**RE:**   *Bryant v. Mattel*

**MESSAGE:**

FAXED
DEC 1 2 2007

| 07209/2301364.1 | | | |
|---|---|---|---|
| CLIENT #   7209 | ROUTE/<br>RETURN TO: | Johanna Lopez/10th Floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
| OPERATOR: | | CONFIRMED?   ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

Confirmation Report — Memory Send

```
                              Page        : 001
                              Date & Time : 12-12-2007   15:38
                              Line 1      : 2134433100
                              Line 2      :
                              Machine ID  : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 797 |
| Date | : | 12-12  15:35 |
| To | : | ☏9414#07209#16504704578 |
| Number of pages | : | 004 |
| Start time | : | 12-12  15:35 |
| End time | : | 12-12  15:38 |
| Pages sent | : | 004 |
| Status | : | OK |

Job number   : 797            *** SEND SUCCESSFUL ***

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:   December 12, 2007                NUMBER OF PAGES, INCLUDING COVER: 3

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amy S. Park | 650.470.4500 | 650.470.4570 |
| Skadden, Arps, Slate, Meagher & Flom LLP | | |

FROM:   Jon Corey

RE:   Bryant v. Mattel

MESSAGE:

| | CLIENT # | 7209 | ROUTE/RETURN TO: | Johanna Lopez/10th Floor | | ☒ CONFIRM FAX |
|---|---|---|---|---|---|---|
| | OPERATOR: | | CONFIRMED? | ☐ NO  ☐ YES: | | ☒ INCLUDE CONF. REPORT |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original facsimile to us at the above address via U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

December 12, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>
888.329.6334

Amy S. Park
525 University Avenue
Suite 1100
Palo Alto, CA 94301

Re:    <u>Mattel v. Bryant, Documents stored with File Keepers, LLC</u>

Dear Ms. Park:

I am in receipt of a production of documents made by File Keepers, LLC ("File Keepers"). This production appears to be a log of MGA documents currently in the possession of File Keepers. I write to request your confirmation that MGA has searched through these documents, and produced all responsive documents that it has found. In particular, I would like confirmation that MGA has searched through documents in the possession of File Keepers, including:

- Trademark Files
- Patent/Trademark (multiple sets of documents)
- Trademark (Inactive) Rep. Agreement
- Pat/Trademark & Misc.
- Pat/Trademark
- CCH Research
- Fun 4 All Litigation
- Pat/Trademark & Misc. Files

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2306440.1

- Sales Reports (Jan 01 – Dec 01, Nov 02 – Dec 02, Jul 03 – Sep 03)
- HK Invoices (A-L and M-Z)
- Invoices (A-B, and W)
- 2000 Cash Receipt Report Jan-Dec
- Sales Invoices Report 2000 Oct-Dec
- HK Financial Statement
- 2000 Invoices Walmart (26400-26963, 24370-24799, 28660-29239)
- 2001 Invoices Target 32800-35300 TRU-Serve
- 2000 Cash Receipt Aug-Dec
- 2002 Hong Kong Financial Statement (Jan-June)
- 2001 Invoices Kaybee 33400 – 35550
- 2002 Invoices Kaybee 42300 – 47630 Kmart – HK 6200 – 7000
- 2002 Invoices LA SH Tamaron 46400 - 42550
- 2002 Invoices Walmart 44110 – 45000
- 2002 HK Financial Statement
- 2002 HongKons Financial Statement
- 2002 International Sales Files #3
- 2001 InvoicesL-M
- Sales Acct. Files 2002 Kmart
- '02 Invoices T-Target
- 01 Invoices K-Mart 33000-39029
- '00 Invoices J-K
- Russ, August & Kabat (multiple sets of documents)
- Product Name Clerences (multiple sets of documents)
- 2001-2002 Claims
- 2001 Kmart & Walgreen
- Cash Receipt (2002 Jul-Sept)
- I. Larian / S. Makabi
- MGA – HK Jun – Aug
- Tax Returns 2003

- Old Tax Returns
- Dolls (multiple sets of documents)
- Larian vs. Larian Lit. Files (multiple sets of documents)
- Mattel vs. Simba
- Larian vs. Larian Litigation
- Trademark Searches
- TM Searches/Clearances
- Name Clearances (multiple sets of documents)
- Original Dolls (multiple sets of documents)
- Dolls & Style Guides
- Docs Produced-Mattel (multiple sets of documents)
- Docs Produced – UbiSoft (multiple sets of documents)

Please let me know if MGA has reviewed these documents, or if there is a category of documents listed here that MGA must still review.  Thank you for your attention to this matter.

Best regards,

Jon Corey

Jon Corey

JDC:csn
07209/2306440.1

**EXHIBIT 19**

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301-1808

———

TEL: (650) 470-4500

FAX: (650) 470-4570

www.skadden.com

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
650-470-4924
DIRECT FAX
650-470-4570
EMAIL ADDRESS
ATEMKIN@SKADDEN.COM

December 20, 2007

**BY EMAIL AND U.S. MAIL**

Jon Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

> RE:   Bryant v. Mattel, Document stored with File Keepers, LLC

Dear Mr. Corey:

This is in response to your letter to Amy Park dated December 12, 2007, regarding MGA's search for documents stored at File Keepers, LLC ("File Keepers"). During the course of this litigation, MGA has searched for and produced non-privileged responsive documents discovered at those locations where such documents are reasonably likely to be found, including File Keepers.

Please confirm that Mattel has conducted a search of and produced all responsive documents discovered at its offsite document repository in connection with this case.

Very truly yours,

Andrew C. Temkin

**EXHIBIT 20**

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**EXHIBIT 21**

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

.

.

**EXHIBIT 22**

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**