QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard By Hon. Edward Infante (Ret.) Pursuant To Order Of December 6, 2006]<br><br>[PUBLIC REDACTED] SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES (NOS. 27-44, 46-50) BY THE MGA PARTIES<br><br>Date: TBD<br>Time: TBD<br>Place: TBD<br><br>**Phase 1**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2343002.1

SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR ;

## DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I met and conferred with counsel for MGA regarding the MGA Parties' interrogatory responses repeatedly, for hours over a period of several days. When I first spoke with MGA's counsel, I was surprised to hear MGA say its responses were indeed "complete" given that they appear to be incomplete on their face. Nevertheless, MGA made this assertion at first.

3. Then, as discussion ensued, MGA repeatedly clarified that its responses actually were limited by one objection or another – by its interpretation of the term "INVENTION" and other terms, which MGA acknowledged is not the interpretation its responses say it will use, or by its "principal facts" limitation, for example. MGA also repeatedly protested that Mattel's interrogatories appeared to "improperly" attempt to limit MGA to the facts, theories or contentions it disclosed in its responses, and asserted that it did not agree that it could be so limited. MGA objected that Mattel appeared to want further responses regarding all its interrogatories, even what MGA described as its "best" answer – its response to Interrogatory No. 41.

4. MGA made clear during our conferences that it objected to the term BRATZ INVENTION, which it thought Mattel had defined in an unfair way. In an attempt to compromise and avoid unnecessary motion practice, I repeatedly advised MGA in response that, to avoid a motion, Mattel would accept either (1) a response that responds using Mattel's defined terms, or (2) a response that provides the requested information without using those terms, to obviate MGA's stated concerns. MGA would not agree to either.

5. After the last of the parties' meet and confers on this subject, I sent MGA a letter on December 13, 2007 that accurately summarized our discussions and requested that MGA "please let [Mattel] know if MGA [was] willing to agree to supplement any of the interrogatories as to which it has not yet responded with its position." A true and correct copy of this letter is attached as Exhibit 5 to my original declaration in support of this motion. Mattel then waited for over a week before filing its motion. During that time, Mattel received neither any assurance from MGA that it would supplement beyond what it had said previously nor any criticism of Mattel's summary of the meet and confer discussions.

6. Mattel's Supplemental Response to Interrogatory No. 1 of MGA's First Set of Interrogatories, dated December 10, 2007, which asks Mattel to "State all facts, with particularity, and IDENTIFY all DOCUMENTS that support YOUR contention, if YOU so contend, that YOU have suffered harm as a result of any act or omission by MGA," is robust and factually detailed -- it is more than 61 pages long, not including objections. Mattel provided this response, which took many weeks to prepare, to avoid burdening the Court with motion practice after MGA demanded a complete response to its broad, "all facts" interrogatory.

7. Attached as Exhibit 1 is a true and correct copy of MGA's and Carter Bryant's Joint Motion to Overrule Mattel's Relevance Objection and Compel Discovery Relevant to Mattel's Employee Agreements, dated December 19, 2007.

8. Attached as Exhibit 2 is a true and correct copy of MGA's Amended Answer and Affirmative Defenses to Mattel's Second Amended Answer and Counterclaims.

9. Attached as Exhibit 3 is a true and correct copy of MGA's Supplemental Responses to Mattel's Fifth Set of Requests for Admission, dated August 22, 2007.

10. Attached as Exhibit 4 is a true and correct copy of Mattel's Fifth Set of Requests for Admission to MGA Entertainment, Inc., dated June 8, 2007.

11. Attached as Exhibit 5 is a true and correct copy of relevant excerpts from the deposition transcript of Paula Garcia, dated May 24, 2007.

12. Attached as Exhibit 6 is a true and correct copy of MGA's First Set of Interrogatories to Mattel, dated February 4, 2005.

13. Attached as Exhibit 7 is a true and correct copy of the Order Granting in Part and Denying in Part MGA's Motion Re Discovery Master's May 15, 2007 Order, and Denying MGA's Motion Re Discovery Master's May 16, 2007 Order, dated July 2, 2007.

14. Attached as Exhibit 8 are true and correct copies of: (i) the transcript of an ABC Nightline interview of Isaac Larian, dated December 23, 2005, wherein Mr. Larian states, "When we are done with Mattel, we will get them for billions of dollars. . ."; (ii) a Pittsburgh Tribune Review article, dated August 6, 2007, wherein MGA is cited as stating that, "worldwide revenue for all Bratz products . . . came to $2 billion for the 13 months period straddling last holiday season;" and (iii) a Newsday (USA) article, dated August 6, 2007, which states that "by the end of 2005, Bratz products had topped $2 billion in global sales."

15. Attached as Exhibit 9 is a true and correct copy of the Transcript of the October 10, 2007 Hearing before the Honorable Stephen G. Larson.

16. Attached as Exhibit 10 is a true and correct copy of MGA's and Carter Bryant's Joint Motion to Compel an Unredacted Version of M0074400, Mattel's Investigative File 02-299 and the Further Deposition of Richard De Anda, dated January 4, 2008.

17.     Attached as Exhibit 11 is a true and correct copy of relevant excerpts from the deposition transcript of Veronica Marlow, dated December 28, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 7, 2008, at Los Angeles, California.

_____
B. Dylan Proctor

3A