Exhibit 1

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

Exhibit 2

DALE M. CENDALI (admitted pro hac vice)
DIANA M. TORRES (S.B. #162284)
MARC F. FEINSTEIN (S.B. #158901)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: dtorres@omm.com

PATRICIA GLASER (S.B. # 55668)
CHRISTENSEN, GLASER, FINK,
JACOBS, WEIL & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920
Email: pglaser@chrisglase.com

Attorneys for Counter-defendants MGA
Entertainment, Inc., Isaac Larian, MGA
Entertainment (HK) Limited, and MGAE de
Mexico S.R.L. de C.V.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant<br><br><br>CONSOLIDATED WITH<br><br>MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 05-2727 SGL (RNBx)<br>(Consolidated with CV 04-09049 and CV 04-9059)<br><br>**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF MGA ENTERTAINMENT INC., MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS**<br><br>Judge:      Hon. Stephen G. Larson<br>Courtroom: 1 |

**EXHIBIT 2   PAGE 2**

1  Counter-defendants MGA Entertainment, Inc. ("MGA"), MGA
2  Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively
3  the "MGA Defendants") hereby answer, for themselves alone, the Second
4  Amended Answer and Counterclaim of Counter-claimant Mattel Inc., as follows:
5  As a preliminary matter, Mattel's use of headings throughout its
6  counterclaims is improper, and therefore no response to Mattel's headings is
7  required.  If any response is required, MGA Defendants deny all allegations
8  contained in Mattel's headings.

9  <u>**RESPONSES**</u>

10  1.  MGA Defendants deny the allegations set forth in paragraph 1.
11  2.  MGA Defendants deny the allegations set forth in paragraph 2.
12  3.  MGA Defendants admit that MGA decided to expand into
13  Mexico in or about 2004, and deny the remaining allegations set forth in paragraph
14  3.

15  4.  MGA Defendants deny the allegations set forth in paragraph 4.
16  5.  MGA Defendants deny the allegations set forth in paragraph 5.
17  6.  MGA Defendants admit that the Court has federal question
18  jurisdiction over this action pursuant to 28 U.S.C. § 1331, deny that 17 U.S.C. §§
19  101 and 18 U.S.C. § 1964(c) apply to the extraterritorial conduct alleged in the
20  Counterclaims, and deny that Mattel is entitled to any relief on its Counterclaims.
21  7.  MGA Defendants admit that venue is proper in this District for
22  Mattel's claims based on conduct alleged to have occurred within this District and
23  deny that venue is proper in this District for acts alleged to have occurred in
24  Mexico, Canada, Hong Kong, or other places outside of this District.
25  8.  MGA Defendants admit the allegations set forth in paragraph 8.
26  9.  MGA Defendants admit the allegations set forth in the first and
27  second sentences of paragraph 9, and deny the remaining allegations set forth in
28  paragraph 9.

EXHIBIT 2  PAGE 22

1        10.    MGA Defendants admit the allegations set forth in paragraph

2    10.

3        11.    MGA Defendants admit the allegations set forth in the first

4    sentence of paragraph 11, and deny the remaining allegations set forth in paragraph

5    11.

6        12.    MGA Defendants admit the allegations set forth in paragraph

7    12.

8        13.    MGA Defendants admit the allegations set forth in the first

9    sentence of paragraph 13, and deny the remaining allegations set forth in paragraph

10   13.

11       14.    MGA Defendants admit the allegations set forth in paragraph

12   14.

13       15.    Paragraph 15 is a statement of Mattel's legal position, to which

14   no response is necessary.  To the extent a response is required, MGA Defendants

15   deny the allegations set forth in paragraph 15.

16       16.    MGA Defendants admit the allegations set forth in the first

17   sentence of paragraph 16.  MGA Defendants are without sufficient knowledge to

18   admit or deny the remaining allegations set forth in paragraph 16, and on that basis,

19   deny the remaining allegations set forth in paragraph 16.

20       17.    MGA Defendants are without sufficient knowledge to admit or

21   deny the allegations set forth in paragraph 17, and on that basis, deny the

22   allegations set forth in paragraph 17.

23       18.    MGA Defendants are without sufficient knowledge to admit or

24   deny the allegations set forth in paragraph 18, and on that basis, deny the

25   allegations set forth in paragraph 18.

26       19.    MGA Defendants admit that MGA is a toy manufacturer, that

27   MGA began as a consumer electronics business and expanded into the toy business

28   with licenses to sell handheld electronic games, and later expanded its business by

LA2:841935.2

-3-

EXHIBIT _2_ PAGE _23_

1   launching the Bratz fashion doll line, and deny the remaining allegations set forth in

2   paragraph 19.

3         20.    MGA Defendants deny the allegations set forth in paragraph 20.

4         21.    MGA Defendants admit that Carter Bryant is a former employee

5   of Mattel, and state that they are without sufficient knowledge to admit or deny the

6   remaining allegations set forth in paragraph 21, and on that basis, deny the

7   remaining allegations set forth in paragraph 21.

8         22.    MGA Defendants are without sufficient knowledge to admit or

9   deny the allegations set forth in paragraph 22, and on that basis, deny the

10  allegations set forth in paragraph 22.

11        23.    MGA Defendants are without sufficient knowledge to admit or

12  deny the allegations set forth in paragraph 23, and on that basis, deny the

13  allegations set forth in paragraph 23.

14        24.    MGA Defendants are without sufficient knowledge to admit or

15  deny the allegations set forth in paragraph 24, and on that basis, deny the

16  allegations set forth in paragraph 24.

17        25.    MGA Defendants are without sufficient knowledge to admit or

18  deny the allegations set forth in paragraph 25, and on that basis, deny the

19  allegations set forth in paragraph 25.

20        26.    MGA Defendants deny the allegations set forth in paragraph 26.

21        27.    MGA Defendants deny the allegations set forth in paragraph 27.

22        28.    MGA Defendants deny the allegations set forth in paragraph 28.

23        29.    MGA Defendants deny the allegations set forth in paragraph 29.

24        30.    MGA Defendants admit that after MGA made the decision to

25  proceed with the manufacture of the Bratz dolls, MGA employees communicated

26  with employees of MGA Entertainment (HK) Limited on subjects including the

27  manufacturing of Bratz, and deny the remaining allegations set forth in the first

28

LA2:841935.2                          - 4 -

EXHIBIT _2_ PAGE 24

1  sentence of paragraph 30. MGA Defendants admit the second sentence of

2  paragraph 30.

3        31.    MGA Defendants admit that samples of the four original Bratz

4  dolls were shown at the Hong Kong Toy Fair in January 2001, and deny the

5  remaining allegations set forth in paragraph 31.

6        32.    MGA Defendants admit that MGA and its subsidiaries have

7  distributed and sold Bratz and Bratz-related products in many countries throughout

8  the world, that MGA and its subsidiaries have licensed Bratz to third parties, that

9  MGA has derived annual revenues from its sales and licenses of Bratz in excess of

10  $500 million, that MGA and its subsidiaries continue to market, sell and license

11  Bratz and intend to continue to do so, and deny the remaining allegations set forth

12  in paragraph 32.

13        33.    MGA Defendants deny the allegations set forth in paragraph 33.

14        34.    MGA Defendants deny the allegations set forth in paragraph 34.

15        35.    MGA Defendants deny the allegations set forth in paragraph 35.

16        36.    MGA Defendants admit that Bryant had an agreement with

17  MGA, state that the terms of the agreement speak for themselves, and deny the

18  remaining allegations set forth in paragraph 36.

19        37.    MGA Defendants admit that in or about late 2003 or early 2004,

20  MGA decided to form a new corporation, MGAE de Mexico, S.R.L. de C.V., to

21  conduct business in Mexico, admit that MGAE de Mexico hired three employees of

22  Mattel's Mexican subsidiary, and deny the remaining allegations set forth in

23  paragraph 37.

24        38.    MGA Defendants admit that Carlos Gustavo Machado Gomez

25  was a Marketing Manager, Boys Division, for Mattel Mexico, admit that Machado

26  was employed at Mattel Mexico from April 1997 until April 19, 2004, admit that

27  Machado had access to some nonpublic business information of Mattel Mexico, and

28  state that they are without sufficient knowledge to admit or deny the remaining

LA2:841935.2                           - 5 -

**EXHIBIT 2 PAGE 25**

1   allegations set forth in paragraph 38, and on that basis, deny the remaining

2   allegations set forth in paragraph 38.

3         39.    MGA Defendants admit that Mariana Trueba Almada was a

4   Marketing Manager, Girls Division, for Mattel Mexico, admit that Trueba had

5   access to some nonpublic business information of Mattel Mexico, and state that

6   they are without sufficient knowledge to admit or deny the remaining allegations

7   set forth in paragraph 39, and on that basis, deny the remaining allegations set forth

8   in paragraph 39.

9         40.    MGA Defendants admit that Pablo Vargas San Jose was a Trade

10  Marketing Manager for Mattel Mexico, admit that Vargas was employed at Mattel

11  Mexico from March 2001 until April 19, 2004, admit that Vargas had access to

12  some nonpublic business information of Mattel Mexico, and state that they are

13  without sufficient knowledge to admit or deny the remaining allegations set forth in

14  paragraph 40, and on that basis, deny the remaining allegations set forth in

15  paragraph 40.

16        41.    MGA Defendants admit that in or about early 2004, Machado,

17  Trueba and Vargas discussed leaving Mattel Mexico, admit that Machado, Trueba

18  and Vargas resigned from Mattel Mexico on April 19, 2004, admit that they did not

19  identify their new employer to Mattel Mexico, admit that Machado, Trueba and

20  Vargas were offered and accepted employment with MGAE de Mexico, and deny

21  the remaining allegations set forth in paragraph 41.

22        42.    MGA Defendants admit that MGA personnel communicated by

23  telephone with Machado and Vargas prior to their Mattel resignations, admit that

24  MGA personnel, including Isaac Larian, communicated by e-mail with Machado

25  and Vargas concerning terms of employment through an America Online e-mail

26  account with the address <plot04@aol.com>, and deny the remaining allegations

27  set forth in paragraph 42.

28

LA2:841935.2

EXHIBIT _2_ PAGE _26_

43.    MGA Defendants admit that in or about March 2004, Machado, Trueba, and Vargas made plans to travel from Mexico to Los Angeles in April 2004, admit that in or about March 2004, Machado, Trueba and Vargas discussed with MGA personnel, including Larian, employment at MGAE de Mexico, state that the quoted <plot04@aol.com> e-mails speak for themselves, and deny the remaining allegations set forth in paragraph 43.

44.    MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 44, and on that basis, deny the allegations set forth in paragraph 44.

45.    MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 45, and on that basis, deny the allegations set forth in paragraph 45.

46.    MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 46, and on that basis, deny the allegations set forth in paragraph 46.

47.    MGA Defendants are without sufficient knowledge to admit or deny the allegation set forth in the third sentence of paragraph 47, and on that basis, deny these allegations, and deny the remaining allegations set forth in paragraph 47.

48.    MGA Defendants deny the allegations set forth in paragraph 48.

49.    MGA Defendants deny the allegations set forth in paragraph 49.

50.    MGA Defendants are without sufficient knowledge to admit or deny the allegation that MGA publicized a claim that, in 2005, it had increased its Mexican market share by 90% over the prior year, and on that basis, deny this allegation, and deny the remaining allegations set forth in paragraph 50.

51.    MGA Defendants deny the allegations set forth in paragraph 51.

52.    MGA Defendants deny the allegations set forth in paragraph 52.

53.    MGA Defendants admit that on October 27, 2005, Mexican authorities searched MGAE de Mexico and seized certain documents, and state that

EXHIBIT _Z_ PAGE _27_

1   they are without sufficient knowledge to admit or deny the remaining allegations
2   set forth in paragraph 53, and on that basis, deny the remaining allegations set forth
3   in paragraph 53.

4        54.   MGA Defendants admit that Machado was transferred from
5   MGAE de Mexico to MGA's office in Van Nuys, California, admit that Machado
6   resides in the County of Los Angeles, and deny the remaining allegations set forth
7   in paragraph 54.

8        55.   MGA Defendants admit the allegations set forth in the first
9   sentence of paragraph 55. MGA Defendants admit that Tyco Toys hired Brawer on
10  April 22, 1996, and state that they are without sufficient knowledge to admit or
11  deny the remaining allegations set forth in the second sentence of paragraph 55, and
12  on that basis, deny the remaining allegations set forth in the second sentence of
13  paragraph 55. MGA Defendants admit the allegations set forth in third sentence of
14  paragraph 55. MGA Defendants admit that on April 9, 1997, Brawer became a
15  Marketing Director for Mattel in Mount Laurel, New Jersey, and state that the
16  remaining allegations in the fourth sentence of paragraph 55 are a statement of
17  Mattel's legal position, to which no response is necessary. To the extent a response
18  is required, MGA Defendants deny the remaining allegations set forth in paragraph
19  55.

20       56.   MGA Defendants are without sufficient knowledge to admit or
21  deny the allegations set forth in paragraph 56, and on that basis, deny the
22  allegations set forth in paragraph 56. The last sentence of paragraph 56 is a
23  statement of Mattel's legal position, to which no response is necessary. To the
24  extent a response is required, MGA Defendants deny the remaining allegations set
25  forth in paragraph 56.

26       57.   MGA Defendants admit that by 2003, Brawer had advanced
27  within Mattel to a Senior Vice President position over customer marketing, and
28  state that the remaining allegations in the first sentence of paragraph 57 are a

LA2:841935.2

- 8 -

**EXHIBIT 2 PAGE 28**

1  statement of Mattel's legal position, to which no response is necessary. To the

2  extent a response is required, MGA Defendants deny the remaining allegations set

3  forth in the first sentence of paragraph 57. MGA Defendants admit that in his

4  executive position, Brawer was provided access to certain nonpublic Mattel

5  information.

6       58. MGA Defendants admit the allegations set forth in the first

7  sentence of paragraph 58. MGA Defendants deny the allegations set forth in the

8  second sentence of paragraph 58. MGA Defendants are without sufficient

9  knowledge to admit or deny the remaining allegations set forth in paragraph 58, and

10 on that basis, deny the remaining allegations set forth in paragraph 58.

11      59. MGA Defendants are without sufficient knowledge to admit or

12 deny the allegations set forth in paragraph 59, and on that basis, deny the

13 allegations set forth in paragraph 59.

14      60. MGA Defendants admit that in April 2004, Mattel made Brawer

15 a Senior Vice President/General Manager, and state that they are without sufficient

16 knowledge to admit or deny the remaining allegations set forth in paragraph 60, and

17 on that basis, deny the remaining allegations set forth in paragraph 60.

18      61. MGA Defendants admit that in May 2004, Brawer began

19 performing General Manager duties, working with one of Mattel's major retail

20 customer accounts, and state that they are without sufficient knowledge to admit or

21 deny the remaining allegations set forth in paragraph 61, and on that basis, deny the

22 remaining allegations set forth in paragraph 61.

23      62. MGA Defendants admit the allegations set forth in the first

24 sentence of paragraph 62. MGA Defendants admit that as Brawer left, he carried a

25 large cardboard box, and deny the remaining allegations set forth in the second

26 sentence of paragraph 62. MGA Defendants state that they are without sufficient

27 knowledge to admit or deny the remaining allegations set forth in paragraph 62, and

28 on that basis, deny the remaining allegations set forth in paragraph 62.

LA2:841935.2

EXHIBIT _2_ PAGE _29_

1          63.    MGA Defendants admit the allegations set forth in paragraph

2   63.

3          64.    MGA Defendants admit that on September 20, 2004, Mattel

4   hand-delivered a letter to Brawer, state that the contents of the letter speak for

5   themselves, and deny the remaining allegations set forth in paragraph 64.

6          65.    MGA Defendants admit that at his exit interview on September

7   29, 2004, Brawer was given a copy of an agreement with Tyco that he had signed

8   on April 22, 1996, and a copy of Mattel's Code of Conduct, admit that Brawer

9   stated that he had not signed the Code of Conduct, and deny the remaining

10  allegations set forth in paragraph 65.

11         66.    MGA Defendants admit that on October 1, 2004, Brawer's last

12  day of employment with Mattel, Mattel delivered a letter to Brawer, state that the

13  contents of the letter speak for themselves, and deny the remaining allegations set

14  forth in paragraph 66.

15         67.    MGA Defendants admit that Brawer became MGA's Executive

16  Vice President of Sales and Marketing, admit that he was responsible for sales

17  worldwide, admit that he had and continues to have responsibility for MGA's

18  accounts with some of the same retailers that he worked with while at Mattel, and

19  deny the remaining allegations set forth in paragraph 67.

20         68.    MGA Defendants admit that Brawer stated during his exit

21  interview that he had returned all confidential proprietary information to Mattel,

22  state that he did not provide copies of information from his personal contacts file,

23  and deny the remaining allegations set forth in paragraph 68.

24         69.    MGA Defendants admit that since leaving Mattel, Brawer has

25  had contacts with certain Mattel employees, both by telephone and electronic mail,

26  and deny the remaining allegations set forth in paragraph 69.

27         70.    MGA Defendants deny the allegations set forth in paragraph 70.

28

EXHIBIT 2 PAGE 30

71.   MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 71, and on that basis, deny the allegations set forth in paragraph 71.

72.   MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 72, and on that basis, deny the allegations set forth in paragraph 72.

73.   MGA Defendants admit that on September 26, 2005, Brisbois resigned from Mattel Canada, state that she took a position as Vice President of National Accounts at MGAE Canada, and deny the remaining allegations set forth in the first sentence of paragraph 73. MGA Defendants are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 73, and on that basis, deny the remaining allegations set forth in paragraph 73.

74.   MGA Defendants admit that Brisbois spoke with Isaac Larian by telephone on or about the evening of September 22, 2005, deny that Brisbois copied approximately 45 Mattel documents onto a USB or thumb drive on that same date, deny that Brisbois concealed the thumb drive the last time she left Mattel Canada's office, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 74, and on that basis, deny the remaining allegations set forth in paragraph 74.

75.   MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 75, and on that basis, deny the allegations set forth in paragraph 75.

76.   MGA Defendants admit that Brisbois traveled several times to MGA's offices in Van Nuys, California and met with Larian and Brawer, that MGA issued a press release, state that the press release speaks for itself, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 76 and, on that basis, deny the remaining allegations set forth in paragraph 76.

EXHIBIT 2 PAGE 31

1        77.  MGA Defendants admit that MGA has hired at least 25

2  employees directly from Mattel's United States operations in the past few years,

3  and deny the remaining allegations set forth in paragraph 77.

4        78.  MGA Defendants deny the allegations set forth in the first

5  sentence of paragraph 78.  MGA Defendants admit that Larian has sent email

6  messages to a "Bratz News" distribution list, admit that the recipients of e-mail

7  messages sent to the "Bratz News" distribution list includes members of the media

8  as well as representatives of customers of both MGA and Mattel, and deny the

9  remaining allegations set forth in paragraph 78.

10        79.  MGA Defendants admit that on May 12, 2006, Larian sent an

11  email message to the "Bratz News" distribution list that included a reference to the

12  new My Scene product with real gems, and state that they are without sufficient

13  knowledge to admit or deny the remaining allegations set forth in paragraph 79, and

14  on that basis, deny the remaining allegations set forth in paragraph 79.

15        80.  MGA Defendants admit that Larian told one retailer that such

16  retailer was the only retailer with plans to purchase MY SCENE BLING BLING

17  with real gems, at a time when Larian had a good faith belief that such retailer was

18  the only retailer with plans to purchase MY SCENE BLING BLING with real

19  gems, and deny the remaining allegations set forth in paragraph 80.

20        81.  MGA Defendants deny the allegation set forth in paragraph 81.

21        82.  MGA Defendants repeat their responses contained in paragraphs

22  1 through 81 of this Answer and incorporate them by reference as though fully and

23  completely set forth herein.

24        83.  MGA Defendants deny the allegations set forth in paragraph 83.

25        84.  MGA Defendants deny the allegations set forth in paragraph 84.

26        85.  MGA Defendants deny the allegations set forth in paragraph 85.

27        86.  MGA Defendants deny the allegations set forth in paragraph 86.

28        87.  MGA Defendants deny the allegations set forth in paragraph 87.

LA2:841935.2

EXHIBIT 2 PAGE 32

1         88.    MGA Defendants repeat their responses contained in paragraphs

2 1 through 87 of this Answer and incorporate them by reference as though fully and

3 completely set forth herein.

4         89.    MGA Defendants deny the allegations set forth in paragraph 89.

5         90.    MGA Defendants deny the allegations set forth in paragraph 90.

6         91.    MGA Defendants deny the allegations set forth in paragraph 91.

7         92.    MGA Defendants deny the allegations set forth in paragraph 92.

8         93.    MGA Defendants deny the allegations set forth in paragraph 93.

9         94.    MGA Defendants deny the allegations set forth in paragraph 94.

10        95.    MGA Defendants deny the allegations set forth in paragraph 95.

11        96.    MGA Defendants deny the allegations set forth in paragraph 96.

12        97.    MGA Defendants deny the allegations set forth in paragraph 97.

13        98.    MGA Defendants repeat their responses contained in paragraphs

14 1 through 97 of this Answer and incorporate them by reference as though fully and

15 completely set forth herein.

16        99.    MGA Defendants deny the allegations set forth in paragraph 99.

17       100.    MGA Defendants deny the allegations set forth in paragraph

18 100.

19       101.    MGA Defendants deny the allegations set forth in paragraph

20 101.

21       102.    MGA Defendants deny the allegations set forth in paragraph

22 102.

23       103.    MGA Defendants deny the allegations set forth in paragraph

24 103.

25       104.    MGA Defendants deny the allegations set forth in paragraph

26 104.

27       105.    MGA Defendants deny the allegations set forth in paragraph

28 105.

LA2:841935.2

**EXHIBIT 2 PAGE 33**

1         106.  MGA Defendants repeat their responses contained in paragraphs

2   1 through 105 of this Answer and incorporate them by reference as though fully and

3   completely set forth herein.

4         107.  MGA Defendants deny the allegations set forth in paragraph

5   107.

6         108.  MGA Defendants deny the allegations set forth in paragraph

7   108.

8         109.  MGA Defendants deny the allegations set forth in paragraph

9   109.

10        110.  MGA Defendants deny the allegations set forth in paragraph

11  110.

12        111.  MGA Defendants deny the allegations set forth in paragraph

13  111.

14        112.  MGA Defendants deny the allegations set forth in paragraph

15  112.

16        113.  MGA Defendants deny the allegations set forth in paragraph

17  113.

18        114.  MGA Defendants deny the allegations set forth in paragraph

19  114.

20        115.  MGA Defendants deny the allegations set forth in paragraph

21  115.

22        116.  MGA Defendants repeat their responses contained in paragraphs

23  1 through 115 of this Answer and incorporate them by reference as though fully and

24  completely set forth herein.

25        117.  MGA Defendants deny the remaining allegations set forth in

26  paragraph 117.

27        118.  MGA Defendants deny the allegations set forth in paragraph

28  118.

EXHIBIT _2_ PAGE _34_

1           119.   MGA Defendants deny the allegations set forth in paragraph

2  119.

3           120.   MGA Defendants deny the allegations set forth in paragraph

4  120.

5           121.   MGA Defendants deny the allegations set forth in paragraph

6  121.

7           122.   MGA Defendants repeat their responses contained in paragraphs

8  1 through 121 of this Answer and incorporate them by reference as though fully and

9  completely set forth herein.

10          123.   MGA Defendants deny the allegations set forth in paragraph

11  123.

12          124.   MGA Defendants deny the allegations set forth in paragraph

13  124.

14          125.   MGA Defendants deny the allegations set forth in paragraph

15  125.

16          126.   MGA Defendants deny the allegations set forth in paragraph

17  126.

18          127.   MGA Defendants deny the allegations set forth in paragraph

19  127.

20          128.   MGA Defendants deny the allegations set forth in paragraph

21  128.

22          129.   MGA Defendants repeat their responses contained in paragraphs

23  1 through 128 of this Answer and incorporate them by reference as though fully and

24  completely set forth herein.

25          130.   The first and fifth sentences of paragraph 130 are statements of

26  Mattel's legal position, to which no response is necessary.  To the extent a response

27  is required, MGA Defendants deny the allegations set forth in the first and fifth

28  sentences of paragraph 130.  MGA Defendants are without sufficient knowledge to

LA2:841935.2

- 15 -

EXHIBIT 2 PAGE 35

1  admit or deny the remaining allegations set forth in paragraph 130, and on that

2  basis, deny the remaining allegations set forth in paragraph 130.

3      131.   MGA Defendants deny the allegations set forth in paragraph

4  131.

5      132.   MGA Defendants deny the allegations set forth in paragraph

6  132.

7      133.   MGA Defendants deny the allegations set forth in paragraph

8  133.

9      134.   MGA Defendants deny the allegations set forth in paragraph

10  134.

11      135.   MGA Defendants deny the allegations set forth in paragraph

12  135.

13      136.   MGA Defendants repeat their responses contained in paragraphs

14  1 through 135 of this Answer and incorporate them by reference as though fully and

15  completely set forth herein.

16      137.   MGA Defendants deny the allegations set forth in paragraph

17  137.

18      138.   MGA Defendants deny the allegations set forth in paragraph

19  138.

20      139.   MGA Defendants deny the allegations set forth in paragraph

21  139.

22      140.   MGA Defendants deny the allegations set forth in paragraph

23  140.

24      141.   MGA Defendants deny the allegations set forth in paragraph

25  141.

26      142.   MGA Defendants repeat their responses contained in paragraphs

27  1 through 141 of this Answer and incorporate them by reference as though fully and

28  completely set forth herein.

LA2:841935.2                              - 16 -

EXHIBIT 2 PAGE 36

143.   Paragraph 143 is a statement of Mattel's legal position, to which no response is necessary. To the extent a response is required, MGA Defendants deny the allegations set forth in the paragraph 143.

144.   MGA Defendants deny the allegations set forth in paragraph 144.

145.   MGA Defendants deny the allegations set forth in paragraph 145.

146.   MGA Defendants deny the allegations set forth in paragraph 146.

147.   MGA Defendants deny the allegations set forth in paragraph 147.

148.   MGA Defendants deny the allegations set forth in paragraph 148.

149.   MGA Defendants repeat their responses contained in paragraphs 1 through 148 of this Answer and incorporate them by reference as though fully and completely set forth herein.

150.   MGA Defendants deny the allegations set forth in paragraph 150.

151.   MGA Defendants deny the allegations set forth in paragraph 151.

152.   MGA Defendants deny the allegations set forth in paragraph 152.

153.   MGA Defendants deny the allegations set forth in paragraph 153.

154.   MGA Defendants deny the allegations set forth in paragraph 154.

EXHIBIT _2_ PAGE _37_

1      155.   MGA Defendants repeat their responses contained in paragraphs
2   1 through 154 of this Answer and incorporate them by reference as though fully and
3   completely set forth herein.

4      156.   MGA Defendants deny the allegations set forth in paragraph
5   156.

6      157.   MGA Defendants deny the allegations set forth in paragraph
7   157.

8      158.   MGA Defendants deny the allegations set forth in paragraph
9   158.

10      159.   MGA Defendants deny the allegations set forth in paragraph
11   159.

12      160.   MGA Defendants deny the allegations set forth in paragraph
13   160.

14      161.   MGA Defendants deny the allegations set forth in paragraph
15   161.

16      162.   MGA Defendants deny the allegations set forth in paragraph
17   162.

18      163.   MGA Defendants repeat their responses contained in paragraphs
19   1 through 162 of this Answer and incorporate them by reference as though fully and
20   completely set forth herein.

21      164.   MGA Defendants deny the allegations set forth in paragraph
22   164.

23      165.   MGA Defendants deny the allegations set forth in paragraph
24   165.

25      166.   MGA Defendants deny the allegations set forth in paragraph
26   166.

27

28

LA2:841935.2

- 18 -

**EXHIBIT 2 PAGE 38**

167.   MGA Defendants repeat their responses contained in paragraphs 1 through 166 f this Answer and incorporate them by reference as though fully and completely set forth herein.

168.   MGA Defendants deny the allegations set forth in paragraph 168.

169.   Paragraph 169 is a statement of Mattel's legal position, to which no response is necessary.  To the extent a response is required, MGA Defendants deny the allegations set forth in the paragraph 169.

170.   Paragraph 170 is a statement of Mattel's legal position, to which no response is necessary.  To the extent a response is required, MGA Defendants deny the allegations set forth in the paragraph 170.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of MGA Defendants or any Counter-Defendant, and without admitting that Mattel suffered any loss, damage, or injury, MGA Defendants allege the following affirmative defenses to the Counterclaims.  By designating the following as affirmative defenses, MGA Defendants do not in any way waive or limit any defenses which are or may be raised by their denials, allegations, and averments set forth herein.  MGA Defendants also do not, by alleging any affirmative defense, admit that Mattel does not have the burden of proof for any or all facts underlying any of those defenses.  These defenses are pled in the alternative, and are raised to preserve the rights of MGA Defendants to assert such defenses, and are without prejudice to their ability to raise other and further defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Mattel's counterclaims fail to state a claim against MGA Defendants upon which relief can be granted.

LA2:841935.2

- 19 -

EXHIBIT 2 PAGE 39

# SECOND AFFIRMATIVE DEFENSE

## (Unclean Hands/*in Pari Delicto*)

Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands and wrongful acts. This affirmative defense is based, in part, on Mattel's efforts to undermine MGA's business and to "kill" Bratz at any cost which include, but are not limited to, Mattel's efforts to infringe and dilute MGA's trade dress, copy MGA's products, packaging, themes, and advertising (including for Mattel products My Scene, Diva Starz, Wee 3 Friends, Acceleracers, Polly Pocket, and Little Mommy products, to name a few), and engage in other acts of unfair competition against MGA as alleged in MGA's complaint against Mattel; Mattel's efforts to create negative publicity or press about MGA, MGA products, Bryant, Larian, or MGA employees; Mattel's efforts to fund or commission market research or studies that portray Bratz or MGA products negatively; Mattel's efforts to interfere with MGA's acquisition of or investment in Zapf Creation AG; Mattel's efforts to include negative references to MGA or Bratz on Mattel's "We Believe in Girls" website; Mattel's efforts or intent to interfere with business dealings or contractual relations between MGA and Smoby Group; Mattel's influencing Nickelodeon to reject MGA advertisements or to limit time slots for advertisements; assisting parties in lawsuits against MGA; Mattel's monitoring, "spying on" or gaining knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development; gaining access, or attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays, Toy Fair displays on false pretenses; Mattel's wrongfully obtaining MGA's costs and sales information through Mattel-employed category managers at retailers; Mattel's inducing non-party customers to breach confidentiality agreements with MGA and divulge non-public information about MGA's unreleased products; Mattel's covertly investigating MGA, its officers and employees, and their family members; Mattel's contacting persons under false

EXHIBIT _2_ PAGE _40_

1  pretense in order to interrogate them about Bratz and this litigation; Mattel's

2  coercing its employees to accept restrictive covenants (right before a massive

3  layoff) and non-compete clauses and other efforts to prevent prospective MGA

4  employees from accepting offers of employment; Mattel's delay in suing Carter

5  Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated Mattel

6  case; Mattel's falsely inflating its Barbie sales figures in an effort to mislead the

7  public and retailers; and Mattel's taking all measures to conceal its bad acts,

8  including the willful non-retention and destruction of documents.  Additionally,

9  Mattel believed from the time that Carter Bryant left Mattel's employ that he was

10  going to perform work for a Mattel competitor.  Mattel began investigating Bryant

11  and MGA Defendants, including Bryant's role in the creation and development of

12  Bratz, at least as early as March 2002.  Nonetheless, Mattel waited years to bring

13  suit, all the while allowing MGA Defendants to spend years developing their

14  business and invest tens of millions of dollars developing the Bratz products and

15  building the Bratz brand.  These averments are made on information and belief

16  except where MGA Defendants have knowledge thereof.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

19  Mattel's counterclaims are barred by the equitable doctrine of laches

20  because, among other things, Mattel believed from the time that Carter Bryant left

21  Mattel's employ that he was going to perform work for a Mattel competitor.  Mattel

22  began investigating Bryant and MGA Defendants, including Bryant's role in the

23  creation and development of Bratz, at least as early as March 2002 and thereafter

24  continued its investigation into Bryant's role in the creation and development of

25  Bratz, as well as his work with MGA, in August 2002 after Mattel's CEO, Robert

26  Eckert, received an "anonymous letter" that claimed that Bryant stole the idea for

27  Bratz from Mattel and sold it to MGA Defendants.  Nonetheless, Mattel waited

28  years to bring suit, all the while allowing MGA Defendants to spend years

LA2:841935.2

- 21 -

EXHIBIT _2_ PAGE _41_

1    developing their business and invest tens of millions of dollars developing the Bratz
2    products and building the Bratz brand.

### FOURTH AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

5    Mattel's counterclaims are barred by the applicable statutes of limitations,
6    including but not limited to, 18 U.S.C. § 1961 *et seq.*, 17 U.S.C. § 507(b), and Code
7    of Civil Procedure §§ 337, 339, 343 and 338(c).

### FIFTH AFFIRMATIVE DEFENSE
#### (*Bona Fide* Purchaser for Value)

10   Mattel cannot maintain its counterclaims against MGA Defendants because
11   MGA Defendants paid valuable consideration for Bryant's assignment of his rights
12   in the original Bratz drawings to MGA Defendants, and MGA Defendants acted
13   with a good faith belief that Bryant owned the rights to his original Bratz drawings
14   and that his assignment of such rights to MGA Defendants was valid and
15   permissible.

### SIXTH AFFIRMATIVE DEFENSE
#### (17 U.S.C. § 205(d))

18   Mattel cannot maintain its counterclaims against MGA Defendants because,
19   among other things, MGA Defendants acted with a good faith belief that Bryant
20   owned the rights to his original Bratz drawings and that his assignment of such
21   rights to MGA Defendants was valid and permissible.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Information Readily Ascertainable)

24   MGA Defendants cannot be liable, either on their own account or by
25   association with other defendants, for misappropriation of information that was
26   readily ascertainable by proper means at the time of the alleged acquisition or use.
27   Such information includes, but is not limited to, the identity of suppliers,
28

LA2:841935.2

- 22 -

EXHIBIT 2 PAGE 42

1    manufacturers, distributors and retailers; contact information for the same; and

2    sales, marketing and media data.

3                    **EIGHTH AFFIRMATIVE DEFENSE**

4                      (Acts or Omissions of Others)

5          Mattel's damages, if any, were not caused by MGA Defendants and are not

6    attributable to any acts or omissions of MGA Defendants.

7                    **NINTH AFFIRMATIVE DEFENSE**

8                            (Estoppel)

9          Mattel's counterclaims are barred in whole or in part by the equitable

10   doctrine of estoppel because, among other things, Mattel believed from the time

11   that Carter Bryant left Mattel's employ that he was going to perform work for a

12   Mattel competitor.  Mattel began investigating Bryant and MGA Defendants,

13   including Bryant's role in the creation and development of Bratz, at least as early as

14   March 2002.  Nonetheless, Mattel waited years to bring suit, all the while allowing

15   MGA Defendants to spend years developing their business and invest tens of

16   millions of dollars developing the Bratz products and building the Bratz brand.

17                    **TENTH AFFIRMATIVE DEFENSE**

18                          (Acquiescence)

19         Mattel's counterclaims are barred in whole or in part by acquiescence

20   because, among other things, Mattel believed from the time that Carter Bryant left

21   Mattel's employ that he was going to perform work for a Mattel competitor.  Mattel

22   began investigating Bryant and MGA Defendants, including Bryant's role in the

23   creation and development of Bratz, at least as early as March 2002.  Nonetheless,

24   Mattel waited years to bring suit, all the while allowing MGA Defendants to spend

25   years developing their business and invest tens of millions of dollars developing the

26   Bratz products and building the Bratz brand.  Additionally, Mattel tolerated and

27   condoned conduct by other employees similar to the alleged conduct by Bryant and

28   others on which Mattel bases its claims.

LA2:841935.2                          - 23 -

**EXHIBIT 2   PAGE 43**

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

MGA Defendants deny that Mattel suffered any damages, but even if it did, Mattel failed to take reasonable steps to mitigate those purported damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Statutory Damages or Attorneys' Fees)

Mattel is barred from recovering statutory damages and/or attorneys' fees because it failed to register the copyrights that are purportedly at issue within the time required by 17 U.S.C. § 412.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Mattel's counterclaims are barred in whole or in part by waiver because, among other things, Mattel believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor. Mattel began investigating Bryant and MGA Defendants, including Bryant's role in the creation and development of Bratz, at least as early as March 2002. Nonetheless, Mattel waited years to bring suit, all the while allowing MGA Defendants to spend years developing their business and invest tens of millions of dollars developing the Bratz products and building the Bratz brand.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Abandonment)

Mattel has abandoned any interest it may have had in the alleged copyrighted works.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (De Minimus Use)

MGA Defendants deny that Mattel owns any copyright interest in the alleged works, but even if Mattel could craft a claim that the Bratz dolls incorporate an

EXHIBIT 2 PAGE 44

aspect of a Mattel copyrighted work, such use would be *de minimus* and non-infringing.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Joint Authorship)

MGA Defendants deny that Mattel owns any copyright interest in the alleged works, but even if it did, any liability would be eliminated or greatly diminished by the doctrine of joint authorship.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Competition Privilege/Justification)

Mattel's counterclaims are barred in whole or in part on the grounds that the acts of the MGA Defendants were lawful competition or justified.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Good Faith)

Mattel's counterclaims are barred in whole or in part because the MGA Defendants acted in good faith.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Lack of Authority)

Mattel's counterclaims are barred in whole or in part on the grounds that to the extent any person committed an unlawful or tortious act, the person lacked authority to commit such act on behalf of the MGA Defendants.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Lack of Standing)

Mattel's counterclaims are barred in whole or in part by its lack of standing.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Joinder in Defenses of Co-Defendants)

MGA Defendants hereby adopt and incorporate by reference any and all other affirmative defenses that have been or will be asserted by any other defendant (including Bryant) in this litigation to the extent that defendants may share in such

EXHIBIT 2 PAGE 45

1   affirmative defenses.

2   ## TWENTY-SECOND AFFIRMATIVE DEFENSE

3   ### (Undiscovered Defenses)

4   MGA Defendants have insufficient knowledge or information upon which to

5   form a belief as to whether additional defenses are available.  MGA Defendants

6   reserve the right to assert any further or additional defenses upon receiving more

7   complete information regarding the matters alleged in the Counterclaims, through

8   discovery or otherwise.

9

10  WHEREFORE, MGA Entertainment, Inc., MGA Entertainment (HK)

11  Limited, and MGAE de Mexico S.R.L. de C.V., pray for relief as follows:

12      a.      that the Counterclaims be dismissed with prejudice;

13      b.      that judgment be entered in favor of counter-defendants and against

14  counterclaimant;

15      c.      that counter-defendants recover their costs and attorneys' fees; and

16      d.      that the Court award such other and further relief as is just and proper.

17

18  Dated:  September 19, 2007          O'MELVENY & MYERS LLP

19

20                                      _____

21                                      Marc F. Feinstein
                                        Attorneys for Counter-defendants
22                                      MGA Entertainment, Inc., Isaac Larian,
                                        MGA Entertainment (HK) Limited, and
23                                      MGAE de Mexico S.R.L. de C.V.

24

25

26

27

28

LA2:841935.2                        - 26 -

EXHIBIT _2_ PAGE _46_

1

2

## PROOF OF SERVICE

I, Karen A. Nakatsu, declare:

3

4

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899.  On September 19, 2007, I served the within document(s):

5

6

7

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS**

8

9

☒ by causing to be personally served the document(s) listed above to the person(s) listed below.

10

11

12

13

John B. Quinn, Esq.
Michael T. Zeller, Esq.
B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street,
10th Floor
Los Angeles, CA 90017

14

15

16

17

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collecting and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

18

19

20

21

22

Patricia Glaser, Esq.
Christensen, Glaser, Fink, Jacobs,
Weil & Shapiro, LLP
10250 Constellation Blvd.,
19th Floor
Los Angeles, CA 90067

Michael H. Page, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

23

24

25

James W. Spertus, Esq.
Law Offices of James W. Spertus
12100 Wilshire Blvd., Suite 620
Los Angeles, CA 90025

26

27

28

LA2:817525.2

EXHIBIT 2 PAGE 47

1    I declare under penalty of perjury under the laws of the United States that the

2  above is true and correct.

3    Executed on September 19, 2007, at Los Angeles, California.

4

5                                    _____
                                         Karen A. Nakatsu

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA2:817525.2

EXHIBIT 2 PAGE 48

# Nationwide Legal, Inc.

### COURT • PROCESS • MESSENGER

**DATE** 9/19/07

**CONTROL #** 20223 021496

www.nationwideasap.com

legal@nationwideasap.com

| | | |
|---|---|---|
| 316 W. 2nd Street, Suite 705 Los Angeles, CA 90012 | (213) 625-9100 | (213) 625-9111 |
| 611 Civic Center Drive W., Suite 204 Santa Ana, CA 92701 | (714) 558-2400 | (714) 558-2401 |
| 3637 Ninth Street Riverside, CA 92501 | (951) 275-0071 | (951) 275-0074 |
| 1255 Post Street, Suite 500 San Francisco, CA 94109 | (415) 351-0400 | (415) 351-0407 |
| 121 Broadway, Suite 331 San Diego, CA 92101 | (619) 232-7500 | (619) 232-7600 |

Firm: O'MELVENY & MYERS
400 S. HOPE STREET SUITE 1002
LOS ANGELES CA 90071

213 430-6129   ACCT# 101

Telephone:

Attorney: J. GLAD

Secretary:

Email:

Ref./Billing #: 527436-028

## SERVICE TYPES

STAT   RUSH   1 HR   SAME DAY NEXT DAY

☐ SAME DAY   ☐ NEXT DAY

## MESSENGER SERVICES

From:                          To:

Address:                       Address:

City:              Zip:         City:              Zip:

Sender:                        Attention:

## COURT SERVICES

Case Number:

Case Name:

Court Address:

☐ Court Filing
☐ Research/Copy
☐ Courtesy Copy
☐ Recording

**DO NOT ADVANCE**

Fees Attached   $_____

Advanced Fees  $_____

Check Number   _____

## SERVICE OF PROCESS

Company/Person Being Served:
QUINN EMANUEL

Address: 865 S. FIGUEROA ST.

City: LA            Zip: 90017

☑ Office Service
☐ Business
☐ Substituted Service
☐ Residence

Service Deadline

**DO NOT ADVANCE**

Fees Attached   $_____

Advanced Fees  $_____

Check Number   _____

## TYPE OF DOCUMENTS:

CV 05-2727 SGL

BRYANT - V - MATTEL

## SPECIAL INSTRUCTIONS:

DROP SERVE SIGN POS.

Received By:                   Date:        Time:

EXHIBIT 2 PAGE 49

Exhibit 3



**ORIGINAL**

1   DIANA M. TORRES (S.B. #162284)
    JAMES P. JENAL (S.B. #180190)
2   O'MELVENY & MYERS LLP
    400 South Hope Street
3   Los Angeles, CA  90071-2899
    Telephone:   (213) 430-6000
4   Facsimile:   (213) 430-6407
    Email:       jjenal@omm.com
5
    DALE M. CENDALI (admitted *pro hac vice*)
6   O'MELVENY & MYERS LLP
    Times Square Tower, 7 Times Square
7   New York, New York 10036
    Telephone: (212) 326-2000
8   Facsimile: (212) 326-2061

    PATRICIA GLASER (S.B. #55668)
9   CHRISTENSEN, GLASER, FINK, JACOBS,
    WEIL & SHAPIRO, LLP
10  10250 Constellation Boulevard, 19th Floor
    Los Angeles, CA  90067
11  Telephone:   (310) 553-3000
    Facsimile:   (310) 557-9815
12
    Attorneys for MGA Entertainment, Inc.
13

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16                    EASTERN DIVISION

17

18  CARTER BRYANT, an individual,       Case No. CV 04-09049 SGL (RNBx)

19                  Plaintiff,          Consolidated with Case Nos. CV 04-
                                        9059 and CV 05-2727
20       v.
                                        **MGA ENTERTAINMENT INC.'S**
21  MATTEL, INC., a Delaware            **SUPPLEMENTAL RESPONSES TO**
    Corporation,                        **MATTEL, INC.'S FIFTH SET OF**
22                                      **REQUESTS FOR ADMISSION**
                    Defendant.
23

24  AND CONSOLIDATED ACTIONS.

25

26  PROPOUNDING PARTY:    Mattel, Inc.

27  RESPONDING PARTY:     MGA Entertainment, Inc.

28  SET NO.:              Five

                                        8/22

    SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

EXHIBIT 3 PAGE 30

**INTRODUCTORY STATEMENT**

MGA Entertainment, Inc.'s ("MGA") responses and objections are made solely for the purpose of this action, and are made based upon information presently known and available to MGA. MGA has not completed its investigation of facts relating to this case, has not fully completed its discovery in this action, and has not completed its preparation for trial. Accordingly, the following responses are based only upon such information and documents as are presently available and specifically known to MGA, and disclose only those facts and contentions that presently occur to MGA. Further discovery, independent investigation, legal research and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, any of which may lead to additions to, changes to, or variations from the responses set forth below.

The following responses are given without prejudice to MGA's right to produce evidence of any subsequently discovered facts that MGA may later recall or locate. MGA, accordingly, reserves the right to supplement and/or change any and all of the following responses as additional facts are ascertained, analyses are made, legal research is completed, and contentions are investigated, and reserves the right to rely upon and present at hearing or trial any information or documents that may be subsequently discovered as a result of this ongoing discovery and investigation. The responses contained herein are made in a good faith effort to supply as much factual information as is presently known, but should in no way be to the prejudice of MGA in relation to further discovery, research or analysis.

A response to any of the Requests does not constitute an admission by MGA that it agrees with plaintiff's characterization or definition contained therein, that the information sought is relevant to a claim or defense, or that the information sought is likely to lead to admissible evidence. Except for explicit facts admitted herein, no admission of any nature whatsoever is to be implied by or inferred from

1

EXHIBIT 3  PAGE 51

1  any response anywhere stated in this document. By responding to these Requests,

2  MGA does not concede the relevancy, materiality, or admissibility of any

3  information sought by the requests or any responses thereto.

4       This Introductory Statement applies to each and every response

5  contained herein.

6  **GENERAL OBJECTIONS**

7       The following General Objections apply to the entirety of Mattel's

8  Fifth Set of Requests for Admission (the "Requests"). The assertion of same,

9  similar, or additional objections to the individual requests does not waive any of

10  MGA's General Objections as set forth below.

11       1.   To the extent these Requests request MGA to provide

12  information concerning the legal basis regarding its defense of this matter, MGA

13  objects on the grounds that the Requests impermissibly call for mental impressions,

14  conclusions, opinions and/or legal theories of MGA's attorneys.

15       2.   MGA also objects to the extent these Requests call for the

16  disclosure of information protected by the attorney-client privilege, the work-

17  product doctrine, the joint defense or common interest privilege or any other

18  applicable privilege.

19       3.   MGA further objects to the extent that these Requests seek

20  information comprising the trade secrets of MGA and/or third parties, and/or

21  otherwise constitute confidential information, protected from disclosure by

22  California and/or federal law.

23       4.   MGA objects to the Requests on the grounds that they attempt to

24  unfairly restrict the facts on which MGA may rely at trial. Discovery has not been

25  completed and MGA is not yet necessarily in possession of all the facts and

26  documents upon which MGA intends to rely. All of the responses submitted

27  herewith are tendered to Mattel with the reservation that the responses are

28  submitted without limiting the evidence on which MGA may rely to support the

2

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

EXHIBIT 3 PAGE 52

1   contentions that MGA may assert at the trial of this action.  Further, MGA reserves
2   the right to supplement or amend these responses at a future date if same is deemed
3   appropriate.

4          5.      MGA objects to the Requests on the grounds that they are
5   compound, vague, overbroad, unduly burdensome or oppressive, seek information
6   that is not within MGA's knowledge, or seek information that is neither relevant to
7   this litigation nor reasonably calculated to lead to the discovery of admissible
8   evidence.

9          6.      MGA objects to the defined terms "You," "MGA," "Affiliates,"
10  "Person," "Design," "Bratz," "Bratz Works," "Mattel," "The Bratz Pitch Materials"
11  and "Create or Improve" on the grounds that these terms, as defined, are overbroad,
12  are vague and ambiguous, and call for legal conclusions.

13         These General Objections shall be deemed incorporated into each
14  specific response below as if they were fully set forth below.  Nevertheless, without
15  waiver of, without prejudice to, and expressly hereby reserving all of the foregoing
16  General Objections, MGA submits the following responses to the Requests.

17

18              **SPECIFIC SUPPLEMENTAL RESPONSES**
19  **REQUEST FOR ADMISSION NO. 1:**
20         Admit that YOU CONTEND YOU believed at the time YOU entered into
21  the BRYANT/MGA AGREEMENT that it would be lawful for YOU to market
22  BRATZ.
23  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**
24         In addition to the above General Objections, each of which is incorporated by
25  reference as though fully set forth herein, MGA also objects to this request on the
26  grounds that this request calls for a legal conclusion.  MGA also objects that this
27  request calls for the disclosure of information protected by the attorney-client
28  privilege, the work-product doctrine, the joint defense privilege and/or the common

3

EXHIBIT _3_ PAGE _53_

1   interest privilege. MGA further objects that the term "BRATZ" is vague and

2   ambiguous and, as defined by Mattel, renders the RFA nonsensical as no BRATZ

3   then existed.

4        Subject to, and without waiving, the foregoing objections, MGA responds:

5   MGA admits that it contends it believed at the time it entered into its agreement

6   with Bryant and at all times thereafter that it had the right to market products

7   developed as a result of its agreement with Bryant.

8

9   **REQUEST FOR ADMISSION NO. 2:**

10       Admit that YOU do not CONTEND YOU believed at the time YOU entered

11   into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to market

12   BRATZ.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

14       In addition to the above General Objections, each of which is incorporated by

15   reference as though fully set forth herein, MGA also objects to this request on the

16   grounds that this request calls for a legal conclusion. MGA also objects that this

17   request calls for the disclosure of information protected by the attorney-client

18   privilege, the work-product doctrine, the joint defense privilege and/or the common

19   interest privilege. MGA further objects that the term "BRATZ" is vague and

20   ambiguous and, as defined by Mattel, renders the RFA nonsensical as no BRATZ

21   then existed.

22       Subject to, and without waiving, the foregoing objections, MGA responds:

23   MGA denies the request and specifically denies that it does not contend it believed

24   at the time it entered into its agreement with Bryant or at any time thereafter that it

25   had the right to market products developed as a result of its agreement with Bryant.

26

27   **REQUEST FOR ADMISSION NO. 3:**

28       Admit that YOU CONTEND YOU believed at the time YOU entered into

4

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

EXHIBIT 3 PAGE 54

1  the BRYANT/MGA AGREEMENT that it would be lawful for YOU to copy THE

2  BRATZ PITCH MATERIALS.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

4       In addition to the above General Objections, each of which is incorporated by

5  reference as though fully set forth herein, MGA also objects to this request on the

6  grounds that this request calls for a legal conclusion. MGA also objects that this

7  request calls for the disclosure of information protected by the attorney-client

8  privilege, the work-product doctrine, the joint defense privilege and/or the common

9  interest privilege. MGA further objects that the term "THE BRATZ PITCH

10 MATERIALS" is vague and ambiguous.

11      Subject to, and without waiving, the foregoing objections, MGA responds:

12 MGA admits that it contends it believed at the time it entered into its agreement

13 with Bryant and at all times thereafter that it would have the lawful right to fully

14 exploit the drawings drawn and presented by Bryant prior to the execution of

15 MGA's agreement with Bryant.

16

17 **REQUEST FOR ADMISSION NO. 4:**

18      Admit that YOU do not CONTEND YOU believed at the time YOU entered

19 into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to copy

20 THE BRATZ PITCH MATERIALS.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

22      In addition to the above General Objections, each of which is incorporated by

23 reference as though fully set forth herein, MGA also objects to this request on the

24 grounds that this request calls for a legal conclusion. MGA also objects that this

25 request calls for the disclosure of information protected by the attorney-client

26 privilege, the work-product doctrine, the joint defense privilege and/or the common

27 interest privilege. MGA further objects that the term "THE BRATZ PITCH

28 MATERIALS" is vague and ambiguous.

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

EXHIBIT 3 PAGE 55

1    Subject to, and without waiving, the foregoing objections, MGA responds:

2    MGA denies the request and specifically denies that it does not contend it believed

3    at the time it entered into its agreement with Bryant or at any time thereafter that it

4    would have the lawful right to fully exploit the drawings drawn and presented by

5    Bryant prior to the execution of MGA's agreement with Bryant.

6

7    **REQUEST FOR ADMISSION NO. 5:**

8        Admit that YOU CONTEND YOU believed at the time YOU entered into

9    the BRYANT/MGA AGREEMENT that it would be lawful for YOU to produce

10   BRATZ.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

12       In addition to the above General Objections, each of which is incorporated by

13   reference as though fully set forth herein, MGA also objects to this request on the

14   grounds that this request calls for a legal conclusion.  MGA also objects that this

15   request calls for the disclosure of information protected by the attorney-client

16   privilege, the work-product doctrine, the joint defense privilege and/or the common

17   interest privilege.  MGA further objects that the term "THE BRATZ PITCH

18   MATERIALS" is vague and ambiguous and, as defined by Mattel, renders the RFA

19   nonsensical as no BRATZ then existed.

20       Subject to, and without waiving, the foregoing objections, MGA responds:

21   MGA admits that it contends it believed at the time it entered into its agreement

22   with Bryant (and at all times thereafter) that it had the right to fully exploit products

23   developed as a result of its agreement with Bryant.

24

25   **REQUEST FOR ADMISSION NO. 6:**

26       Admit that YOU do not CONTEND YOU believed at the time YOU entered

27   into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to

28   produce BRATZ.

6

EXHIBIT 3  PAGE 56

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

2     In addition to the above General Objections, each of which is incorporated by

3  reference as though fully set forth herein, MGA also objects to this request on the

4  grounds that this request calls for a legal conclusion.  MGA also objects that this

5  request calls for the disclosure of information protected by the attorney-client

6  privilege, the work-product doctrine, the joint defense privilege and/or the common

7  interest privilege.  MGA further objects that the term "BRATZ" is vague and

8  ambiguous and, as defined by Mattel, renders the RFA nonsensical as no BRATZ

9  then existed.

10     Subject to, and without waiving, the foregoing objections, MGA responds:

11  MGA denies the request and specifically denies that it does not contend it believed

12  at the time it entered into its agreement with Bryant (and at all times thereafter) that

13  it had the right to fully exploit products developed as a result of its agreement with

14  Bryant.

15

16  **REQUEST FOR ADMISSION NO. 7:**

17     Admit that YOU CONTEND YOU believed at the time YOU entered into

18  the BRYANT/MGA AGREEMENT that it would be lawful for YOU to prepare

19  derivative works from THE BRATZ PITCH MATERIALS.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

21     In addition to the above General Objections, each of which is incorporated by

22  reference as though fully set forth herein, MGA also objects to this request on the

23  grounds that this request, in using the phrase "prepare derivative works," calls for a

24  legal conclusion.  MGA also objects that this request calls for the disclosure of

25  information protected by the attorney-client privilege, the work-product doctrine,

26  the joint defense privilege and/or the common interest privilege.  MGA further

27  objects that the term "THE BRATZ PITCH MATERIALS" is vague and

28  ambiguous.

7

**EXHIBIT 3  PAGE 57**

1    Subject to, and without waiving, the foregoing objections, MGA responds:

2    MGA admits that it contends it believed at the time it entered into its agreement

3    with Bryant (and at all times thereafter) that it had the lawful right to fully exploit

4    the drawings drawn and presented by Bryant prior to the execution of its agreement

5    with Bryant.

6    **REQUEST FOR ADMISSION NO. 8:**

7    Admit that YOU do not CONTEND YOU believed at the time YOU entered

8    into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to

9    prepare derivative works from THE BRATZ PITCH MATERIALS.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

11   In addition to the above General Objections, each of which is incorporated by

12   reference as though fully set forth herein, MGA also objects to this request on the

13   grounds that this request, in using the phrase "prepare derivative works," calls for a

14   legal conclusion. MGA also objects that this request calls for the disclosure of

15   information protected by the attorney-client privilege, the work-product doctrine,

16   the joint defense privilege and/or the common interest privilege. MGA further

17   objects that the term "THE BRATZ PITCH MATERIALS" is vague and

18   ambiguous.

19   Subject to, and without waiving, the foregoing objections, MGA responds:

20   MGA denies the request and specifically denies that it does not contend it believed

21   at the time it entered into its agreement with Bryant (and at all times thereafter) that

22   it had the lawful right to fully exploit the drawings drawn and presented by Bryant

23   prior to the execution of MGA's agreement with Bryant.

24

25   **REQUEST FOR ADMISSION NO. 9:**

26   Admit that BRYANT CREATED OR IMPROVED at least one of THE

27   BRATZ PITCH MATERIALS while employed by MATTEL.

28

8

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

EXHIBIT 3 - PAGE 58

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

2      In addition to the above General Objections, each of which is incorporated by

3  reference as though fully set forth herein, MGA also objects that the terms

4  "CREATED OR IMPROVED" and "THE BRATZ PITCH MATERIALS" are

5  vague and ambiguous. MGA further objects to this Request on the grounds that, in

6  using the phrase "created," it calls for a legal conclusion. MGA also objects to this

7  request on the grounds that it seeks MGA to admits facts not within its percipient

8  knowledge but based solely on the same information available to Mattel. MGA

9  further objects that this request is compound.

10      Subject to, and without waiving, the foregoing objections, MGA responds:

11  MGA denies that Bryant created "Bratz" while employed by Mattel. MGA admits

12  that Bryant testified at deposition that he applied color to some tracings of drawings

13  created in 1998 and drew outfits of formal wear (that were ultimately not used) in

14  2000 prior to his pitch.

15

16  **REQUEST FOR ADMISSION NO. 10:**

17      Admit that BRYANT CREATED OR IMPROVED more than one of THE

18  BRATZ PITCH MATERIALS while employed by MATTEL.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

20      In addition to the above General Objections, each of which is incorporated by

21  reference as though fully set forth herein, MGA also objects that the terms

22  "CREATED OR IMPROVED" and "THE BRATZ PITCH MATERIALS" are

23  vague and ambiguous. MGA further objects to this Request on the grounds that, in

24  using the phrase "created," it calls for a legal conclusion. MGA also objects to this

25  request on the grounds that it seeks MGA to admits facts not within its percipient

26  knowledge but based solely on the same information available to Mattel. MGA

27  further objects that this request is compound.

28      Subject to, and without waiving, the foregoing objections, MGA responds:

9

**EXHIBIT 3 PAGE 59**

1  MGA denies that Bryant created "Bratz" while employed by Mattel. MGA admits

2  that Bryant testified at deposition that he applied color to some tracings of drawings

3  created in 1998 and drew outfits of formal wear (that were ultimately not used) in

4  2000 prior to his pitch.

5

6  **REQUEST FOR ADMISSION NO. 11:**

7      Admit that YOU CONTEND that at the time YOU entered into the

8  BRYANT/MGA AGREEMENT, YOU had no reason to believe that BRYANT

9  CREATED OR IMPROVED any of THE BRATZ PITCH MATERIALS while

10  employed by MATTEL.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

12      In addition to the above General Objections, each of which is incorporated by

13  reference as though fully set forth herein, MGA also objects that the terms

14  "CREATED OR IMPROVED," "THE BRATZ PITCH MATERIALS" "no reason

15  to believe" are vague and ambiguous. MGA further objects on the grounds that the

16  Request's use of the phrase "no reason to believe" requires a statement of opinion

17  rather than an admission of fact. MGA further objects to this Request on the

18  grounds that, in using the phrase "created," it calls for a legal conclusion. MGA

19  further objects that the RFA is compound and cannot be answered by "admit" or

20  "deny."

21      Subject to, and without waiving, the foregoing objections, MGA responds:

22  MGA admits that it contends it did not believe or believe it had reason to believe

23  that BRYANT created or improved any of THE BRATZ PITCH MATERIALS

24  while employed by MATTEL.

25

26  **REQUEST FOR ADMISSION NO. 12:**

27      Admit that YOU do not CONTEND that at the time YOU entered into the

28  BRYANT/MGA AGREEMENT, YOU had no reason to believe that BRYANT

10

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

EXHIBIT 3 PAGE 60

1    CREATED OR IMPROVED any of THE BRATZ PITCH MATERIALS while

2    employed by MATTEL.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

4         In addition to the above General Objections, each of which is incorporated by

5    reference as though fully set forth herein, MGA also objects that the terms

6    "CREATED OR IMPROVED," "THE BRATZ PITCH MATERIALS" and "no

7    reason to believe" are vague and ambiguous.  MGA further objects on the grounds

8    that the Request's use of the phrase "no reason to believe" requires a statement of

9    opinion rather than an admission of fact.  MGA further objects to this Request on

10    the grounds that, in using the phrase "created," it calls for a legal conclusion.  MGA

11    further objects to this Request because, as phrased, it is nearly unintelligible.  MGA

12    further objects that the RFA is compound and cannot be answered by "admit" or

13    "deny."

14         Subject to, and without waiving, the foregoing objections, MGA responds:

15    MGA denies the request and specifically denies that it does not contend it did not

16    believe or believe it had reason to believe that BRYANT created or improved any

17    of THE BRATZ PITCH MATERIALS while employed by MATTEL.

18

19    **REQUEST FOR ADMISSION NO. 13:**

20         Admit that YOU did not suspect MATTEL owned any of THE BRATZ

21    PITCH MATERIALS when or before YOU executed the BRYANT/MGA

22    AGREEMENT.

23    **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

24         In addition to the above General Objections, each of which is incorporated by

25    reference as though fully set forth herein, MGA also objects to this request on the

26    grounds that this request calls for a legal conclusion.  MGA also objects that this

27    request calls for the disclosure of information protected by the attorney-client

28    privilege, the work-product doctrine, the joint defense privilege and/or the common

11

EXHIBIT 3   PAGE 61

1  interest privilege. MGA further objects that the terms "suspect" and "THE BRATZ
2  PITCH MATERIALS" are vague and ambiguous. MGA further objects that this
3  request is compound. MGA further objects that this request is compound.

4      Subject to, and without waiving, the foregoing objections, MGA responds:
5  Admitted. Based on the information provided to it, MGA did not believe that
6  Mattel owned any of the materials Carter Bryant presented to it, but nonetheless
7  took steps to confirm the timing of Mr. Bryant's work prior to executing the
8  agreement, as Mr. Larian testified to at his deposition. Indeed, to this day, MGA
9  does not "suspect" or believe that Mattel owns any rights to "Bratz."

10

11  **REQUEST FOR ADMISSION NO. 14:**

12      Admit that YOU CONTEND that, assuming BRYANT transferred rights in
13  any or all of THE BRATZ PITCH MATERIALS to MATTEL, YOU are entitled to
14  priority over MATTEL as to such materials or YOUR rights are superior to those of
15  MATTEL as to such materials under 17 U.S.C. § 205(d) or otherwise.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

17      In addition to the above General Objections, each of which is incorporated by
18  reference as though fully set forth herein, MGA also objects that the request calls
19  for a legal conclusion. MGA also objects that this request calls for the disclosure of
20  information protected by the attorney-client privilege, the work-product doctrine,
21  the joint defense privilege and/or the common interest privilege. MGA further
22  objects that the term "THE BRATZ PITCH MATERIALS" is vague and
23  ambiguous. MGA also objects to this request on the grounds that it purports to ask
24  MGA to admit a fact based on an incomplete hypothetical.

25      Subject to, and without waiving, the foregoing objections, MGA responds:
26  MGA believes that it is the sole transferee of any rights to "Bratz" and anything
27  related to "Bratz," and therefore admits that it contends that its rights to "Bratz" are
28  superior to any and all others who may claim such rights under 17 U.S.C. § 205(d)

12

EXHIBIT _3_ PAGE _62_

1    or otherwise.

2

3    **REQUEST FOR ADMISSION NO. 15:**

4         Admit that YOU do not CONTEND that, assuming BRYANT transferred

5    rights in any or all of THE BRATZ PITCH MATERIALS to MATTEL, YOU are

6    entitled to priority over MATTEL as to such materials or YOUR rights are superior

7    to those of MATTEL as to such materials under 17 U.S.C. § 205(d) or otherwise.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

9         In addition to the above General Objections, each of which is incorporated by

10   reference as though fully set forth herein, MGA also objects that the request calls

11   for a legal conclusion.  MGA also objects that this request calls for the disclosure of

12   information protected by the attorney-client privilege, the work-product doctrine,

13   the joint defense privilege and/or the common interest privilege.  MGA further

14   objects that the term "THE BRATZ PITCH MATERIALS" is vague and

15   ambiguous.  MGA also objects to this request on the grounds that it purports to ask

16   MGA to admit a fact based on an incomplete hypothetical.

17        Subject to, and without waiving, the foregoing objections, MGA responds:

18   MGA believes that it is the sole transferee of any rights to "Bratz" and anything

19   related to "Bratz," and therefore admits that it contends that its rights to "Bratz" are

20   superior to any and all others who may claim such rights under 17 U.S.C. § 205(d)

21   or otherwise.

22

23   **REQUEST FOR ADMISSION NO. 16:**

24        Admit that, assuming BRYANT transferred rights in any or all of THE

25   BRATZ PITCH MATERIALS to MATTEL, YOU are not entitled to priority over

26   MATTEL as to such materials and YOUR rights are not superior to those of

27   MATTEL as to such materials under 17 U.S.C. § 205(d) or otherwise.

28

                                    13

EXHIBIT _3_ PAGE _63_

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, MGA also objects that the request calls for a legal conclusion. MGA also objects that this request calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege and/or the common interest privilege. MGA further objects that the term "THE BRATZ PITCH MATERIALS" is vague and ambiguous. MGA also objects to this request on the grounds that it purports to ask MGA to admit a fact based on an incomplete hypothetical.

Subject to, and without waiving, the foregoing objections, MGA responds: MGA believes that it is the sole transferee of any rights to "Bratz" and anything related to "Bratz," and therefore admits that it contends that its rights to "Bratz" are superior to any and all others who may claim such rights under 17 U.S.C. § 205(d) or otherwise.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU CONTEND that YOU are a transferee in good faith under 17 U.S.C. § 205(d) with respect to at least one of THE BRATZ PITCH MATERIALS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, MGA also objects that the request calls for a legal conclusion. MGA also objects that this request calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege and/or the common interest privilege. MGA further objects that the term "THE BRATZ PITCH MATERIALS" is vague and ambiguous.

Subject to, and without waiving, the foregoing objections, MGA responds:

14

EXHIBIT 3 PAGE 64

1    to the extent 17 U.S.C. § 205 (d) applies, MGA admits that it contends that MGA is

2    a transferee of some materials that were created by Bryant prior to the execution of

3    his agreement with MGA and that MGA acted at all times in good faith.  MGA

4    believes that it is the sole transferee from Bryant of any rights to "Bratz" and

5    anything related to "Bratz."

6

7    **REQUEST FOR ADMISSION NO. 18:**

8         Admit that YOU do not CONTEND that YOU are a transferee in good faith

9    under 17 U.S.C. § 205(d) with respect to at least one of THE BRATZ PITCH

10   MATERIALS.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

12        In addition to the above General Objections, each of which is incorporated by

13   reference as though fully set forth herein, MGA also objects that the request calls

14   for a legal conclusion.  MGA also objects that this request calls for the disclosure of

15   information protected by the attorney-client privilege, the work-product doctrine,

16   the joint defense privilege and/or the common interest privilege.  MGA further

17   objects that the term "THE BRATZ PITCH MATERIALS" is vague and

18   ambiguous.

19        Subject to, and without waiving, the foregoing objections, MGA responds:

20   to the extent 17 U.S.C. § 105(d) applies, MGA denies that it does not contend that

21   MGA is a transferee of some materials that were created by Bryant prior to the

22   execution of his agreement with MGA and denies that it does not contend that it

23   acted at all times in good faith.  MGA believes that it is the sole transferee from

24   Bryant of any rights to "Bratz" and anything related to "Bratz."

25

26   **REQUEST FOR ADMISSION NO. 19:**

27        Admit that YOU CONTEND that YOU may be a transferee in good faith

28   under 17 U.S.C. § 205(d) with respect to at least one of THE BRATZ PITCH

15

EXHIBIT __3__ PAGE _65_

1  MATERIALS.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

3      In addition to the above General Objections, each of which is incorporated by

4  reference as though fully set forth herein, MGA also objects that the request calls

5  for a legal conclusion.  MGA also objects that this request calls for the disclosure of

6  information protected by the attorney-client privilege, the work-product doctrine,

7  the joint defense privilege and/or the common interest privilege.  MGA further

8  objects that use of the phrase "may be" is vague and ambiguous.  MGA further

9  objects that the term "THE BRATZ PITCH MATERIALS" is vague and

10  ambiguous.

11      Subject to, and without waiving, the foregoing objections, MGA responds:  to the

12  extent 17 U.S.C. § 105(d) applies, MGA admits that it contends that MGA is a transferee

13  of some materials that were created by Bryant prior to the execution of his agreement with

14  MGA and that MGA acted at all times in good faith.  MGA believes that it is the sole

15  transferee from Bryant of any rights to "Bratz" and anything related to "Bratz."

16

17  **REQUEST FOR ADMISSION NO. 20:**

18      Admit that YOU do not CONTEND that YOU may be a transferee in good

19  faith under 17 U.S.C. § 205(d) with respect to at least one of THE BRATZ PITCH

20  MATERIALS.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

22      In addition to the above General Objections, each of which is incorporated by

23  reference as though fully set forth herein, MGA also objects that the request calls

24  for a legal conclusion.  MGA also objects that this request calls for the disclosure of

25  information protected by the attorney-client privilege, the work-product doctrine,

26  the joint defense privilege and/or the common interest privilege.  MGA further

27  objects that use of the phrase "may be" is vague and ambiguous.  MGA further

28  objects that the term "THE BRATZ PITCH MATERIALS" is vague and

EXHIBIT 3 - PAGE 66

1   ambiguous.

2       Subject to, and without waiving, the foregoing objections, MGA responds:

3   to the extent 17 U.S.C. § 105(d) applies, MGA denies that it does not contend that

4   MGA is a transferee of some materials that were created by Bryant prior to the

5   execution of his agreement with MGA and denies that it does not contend that it

6   acted at all times in good faith. MGA believes that it is the sole transferee from

7   Bryant of any rights to "Bratz" and anything related to "Bratz."

8

9   **REQUEST FOR ADMISSION NO. 21:**

10      Admit that YOU CONTEND that YOU are a transferee in good faith under

11   17 U.S.C. § 205(d) with respect to all of THE BRATZ PITCH MATERIALS.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

13      In addition to the above General Objections, each of which is incorporated by

14   reference as though fully set forth herein, MGA also objects that the request calls

15   for a legal conclusion. MGA also objects that this request calls for the disclosure of

16   information protected by the attorney-client privilege, the work-product doctrine,

17   the joint defense privilege and/or the common interest privilege. MGA further

18   objects that the term "THE BRATZ PITCH MATERIALS" is vague and

19   ambiguous.

20      Subject to, and without waiving, the foregoing objections, MGA responds:

21   to the extend 17 U.S.C. § 105(d) applies, MGA admits that it contends that MGA is

22   a transferee of some materials that were created by Bryant prior to the execution of

23   his agreement with MGA and that MGA acted at all times in good faith. MGA

24   believes that it is the sole transferee from Bryant of any rights to "Bratz" and

25   anything related to "Bratz."

26

27   **REQUEST FOR ADMISSION NO. 22:**

28      Admit that YOU do not CONTEND that YOU are a transferee in good faith

17

EXHIBIT 3 PAGE 67

1   under 17 U.S.C. § 205(d) with respect to all of THE BRATZ PITCH

2   MATERIALS.

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

4          In addition to the above General Objections, each of which is incorporated by

5   reference as though fully set forth herein, MGA also objects that the request calls

6   for a legal conclusion. MGA also objects that this request calls for the disclosure of

7   information protected by the attorney-client privilege, the work-product doctrine,

8   the joint defense privilege and/or the common interest privilege. MGA further

9   objects that the term "THE BRATZ PITCH MATERIALS" is vague and

10  ambiguous.

11         Subject to, and without waiving, the foregoing objections, MGA responds:

12  to the extent 17 U.S.C. § 105(d) applies, MGA denies that it does not contend that

13  MGA is a transferee of some materials that were created by Bryant prior to the

14  execution of his agreement with MGA and denies that it does not contend that it

15  acted at all times in good faith. MGA believes that it is the sole transferee from

16  Bryant of any rights to "Bratz" and anything related to "Bratz."

17

18  **REQUEST FOR ADMISSION NO. 23:**

19         Admit that YOU CONTEND that YOU may be a transferee in good faith

20  under 17 U.S.C. § 205(d) with respect to all of THE BRATZ PITCH

21  MATERIALS.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

23         In addition to the above General Objections, each of which is incorporated by

24  reference as though fully set forth herein, MGA also objects that the request calls

25  for a legal conclusion. MGA also objects that this request calls for the disclosure of

26  information protected by the attorney-client privilege, the work-product doctrine,

27  the joint defense privilege and/or the common interest privilege. MGA further

28  objects that use of the phrase "may be" is vague and ambiguous. MGA further

18

EXHIBIT 3 PAGE 68

1  objects that the term "THE BRATZ PITCH MATERIALS" is vague and
2  ambiguous.
3       Subject to, and without waiving, the foregoing objections, MGA responds:
4  to the extent 17 U.S.C. § 105(d) applies, MGA admits that it contends that MGA is
5  a transferee of some materials that were created by Bryant prior to the execution of
6  his agreement with MGA and that MGA acted at all times in good faith.  MGA
7  believes that it is the sole transferee from Bryant of any rights to "Bratz" and
8  anything related to "Bratz."
9
10 **REQUEST FOR ADMISSION NO. 24:**
11      Admit that YOU do not CONTEND that YOU may be a transferee in good
12 faith under 17 U.S.C. § 205(d) with respect to all of THE BRATZ PITCH
13 MATERIALS.
14 **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**
15      In addition to the above General Objections, each of which is incorporated by
16 reference as though fully set forth herein, MGA also objects that the request calls
17 for a legal conclusion.  MGA also objects that this request calls for the disclosure of
18 information protected by the attorney-client privilege, the work-product doctrine,
19 the joint defense privilege and/or the common interest privilege.  MGA further
20 objects that the term "THE BRATZ PITCH MATERIALS" is vague and
21 ambiguous.  MGA further objects that use of the phrase "may be" is vague and
22 ambiguous.
23      Subject to, and without waiving, the foregoing objections, MGA responds:
24 to the extent 17 U.S.C. § 105(d) applies, MGA denies that it does not contend that
25 MGA is a transferee of some materials that were created by Bryant prior to the
26 execution of his agreement with MGA and denies that it does not contend that it
27 acted at all times in good faith.  MGA believes that it is the sole transferee from
28 Bryant of any rights to "Bratz" and anything related to "Bratz."

19
SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

EXHIBIT 3 - PAGE 69

1

2  **REQUEST FOR ADMISSION NO. 25:**

3      Admit that YOU are not a transferee in good faith under 17 U.S.C. § 205(d)

4  with respect to any of THE BRATZ PITCH MATERIALS.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

6      In addition to the above General Objections, each of which is incorporated by

7  reference as though fully set forth herein, MGA also objects that the request calls

8  for a legal conclusion. MGA also objects that this request calls for the disclosure of

9  information protected by the attorney-client privilege, the work-product doctrine,

10  the joint defense privilege and/or the common interest privilege. MGA further

11  objects that the term "THE BRATZ PITCH MATERIALS" is vague and

12  ambiguous.

13      Subject to, and without waiving, the foregoing objections, MGA responds:

14  to the extent 17 U.S.C. § 105(d) applies, MGA denies that it does not contend that

15  MGA is a transferee of any materials that were created by Bryant prior to the

16  execution of his agreement with MGA and denies that it does not contend that it

17  acted at all times in good faith. MGA believes that it is the sole transferee from

18  Bryant of any rights to "Bratz" and anything related to "Bratz."

19

20  **REQUEST FOR ADMISSION NO. 26:**

21      Admit that the BRATZ dolls were first exhibited in the United States in

22  November 2000.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

24      In addition to the above General Objections, each of which is incorporated by

25  reference as though fully set forth herein, MGA also objects that the phrases

26  "BRATZ dolls" and "first exhibited" in this context are vague and ambiguous.

27      Subject to, and without waiving, the foregoing objections, MGA responds:

28  MGA denies the request, except insofar as MGA admits that boards showing

EXHIBIT 3 PAGE 70

1    "Bratz" character art were shown to certain retailers in November 2000.

2

3    **REQUEST FOR ADMISSION NO. 27:**

4         Admit that the BRATZ dolls were not first exhibited in the United States in

5    November 2000.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

7         In addition to the above General Objections, each of which is incorporated by

8    reference as though fully set forth herein, MGA also objects that the phrases

9    "BRATZ dolls" and "first exhibited" in this context are vague and ambiguous.

10        Subject to, and without waiving, the foregoing objections, MGA responds:

11   MGA admits the request but, for purposes of clarification, states that boards

12   showing "Bratz" character art were shown to certain retailers in November 2000.

13   **REQUEST FOR ADMISSION NO. 28:**

14        Admit that, when YOU met with BRYANT on September 1, 2000, YOU

15   knew BRYANT was employed by MATTEL at the time.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

17        MGA incorporates by reference the above General Objections as though

18   fully set forth herein.

19        Subject to, and without foregoing the General Objections, MGA responds:

20   MGA admits that MGA employees Isaac Larian and Victoria O'Connor testified at

21   their depositions that Bryant told them on or about September 1, 2000, that he was

22   employed by Mattel at that time.

23

24   **REQUEST FOR ADMISSION NO. 29:**

25        Admit that, when YOU entered into the BRYANT/MGA AGREEMENT,

26   YOU knew BRYANT was employed by MATTEL at the time.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

28        MGA incorporates by reference the above General Objections as though

21

EXHIBIT 3 PAGE 71

1    fully set forth herein.

2        Subject to, and without foregoing the General Objections, MGA responds:

3    MGA admits that certain MGA personnel knew at the time it entered into its

4    agreement with Bryant that Bryant was employed by Mattel, as MGA employees

5    Isaac Larian and Victoria O'Connor testified at their depositions that Bryant told

6    them on or about September 1, 2000, that he was employed by Mattel at that time.

7

8

9        Dated:    August 21, 2007    O'MELVENY & MYERS LLP

10

11       By: _____

12       William J. Charron
         Attorneys for MGA Entertainment, Inc.

13

14

15

16   CCI:768553.3

17

18

19

20

21

22

23

24

25

26

27

28

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

EXHIBIT 3 PAGE 72

# PROOF OF SERVICE

I, Deborah L. Hodge, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1999 Avenue of the Stars, 7th Floor, Los Angeles, California 90067-6035. On August 22, 2007, I served the within documents:

**MGA ENTERTAINMENT INC.'S SUPPLEMENTAL
RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR ADMISSION**

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Michael H. Page, Esq.<br>Keker & Van Nest LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br>mpage@kvn.com<br>Attorneys for Carter Bryant | Patricia Glaser, Esq.<br>Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP<br>10250 Constellation Blvd., 19th Floor<br>Los Angeles, CA 90067<br>pglaser@chrisglase.com<br>Attorneys for MGA |

James W. Spertus, Esq.
Law Offices of James W. Spertus
12100 Wilshire Boulevard
Suite 620
Los Angeles, CA 90025
Jim@SpertusLaw.com
        Attorneys for Carlos Gustovo
        Machado Gomez

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on August 22, 2007, at Los Angeles, California.

_____
Deborah L. Hodge

PROOF OF SERVICE

**EXHIBIT _3_  PAGE _7_**

## PROOF OF PERSONAL SERVICE

I am a citizen of the United States and employed in the County of Los Angeles, State of California, by First Legal Support Services, whose address is 1511 W. Beverly Blvd., Los Angeles, CA 90026, and which has been employed by a member of the bar of this Court at whose direction the service was made.  I am over the age of eighteen years and not a party to the within action.  On August 22, 2007, I personally served the following:

### MGA ENTERTAINMENT INC.'S SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR ADMISSION

by delivering a copy thereof to the office of the following:

Michael T. Zeller, Esq.
Timothy Alger, Esq.
Dylan Proctor, Esq.
Scott Kidman, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 19th Floor
Los Angeles, CA 90017

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on August 22, 2007, at Los Angeles, California.

SIGNATURE: _____

PRINTED NAME: _____

PROOF OF PERSONAL SERVICE

EXHIBIT 3 PAGE 74