Exhibit 4

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 90378)
2 | (johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
Telephone: (213) 443-3000
6 | Facsimile: (213) 443-3100

7 | Attorneys for Mattel, Inc.

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

12

| | |
|---|---|
| 13 CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 14 Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 15 v. | |
| 16 MATTEL, INC., a Delaware Corporation, | MATTEL, INC.'S FIFTH SET OF REQUESTS FOR ADMISSION TO MGA ENTERTAINMENT, INC. |
| 17 | |
| 18 Defendant, | |
| 19 | |
| 20 AND CONSOLIDATED ACTIONS. | |

21

22

23

24

25 | PROPOUNDING PARTY:    Mattel, Inc.

26 | RESPONDING PARTY:    MGA Entertainment, Inc.

27 | SET NO.:    FIVE

28

EXHIBIT 4 PAGE 75

209/2138116.1

1  Pursuant to <u>Federal Rule of Civil Procedure</u> 36, MGA
2  Entertainment, Inc. is requested to respond to the following requests for admission
3  (the "Requests") within thirty days hereof.  MGA Entertainment, Inc. shall be
4  obligated to supplement its responses to the Requests at such times and to the extent
5  required by the <u>Federal Rules of Civil Procedure</u>.

6
7  <u>**Definitions**</u>
8
9  1.  "BRYANT" means Carter Bryant individually.
10  2.  "YOU" and "MGA" mean MGA Entertainment, Inc., any of its
11  current or former employees, officers, directors, agents, representatives, attorneys,
12  experts, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest,
13  and any other PERSON acting on its behalf, pursuant to its authority or subject to its
14  control.  Without limiting the foregoing, "MGA" includes the entities known as
15  ABC International Traders or ABC International Traders, Inc.  For purposes of the
16  Requests, "YOU" and "MGA" do not include BRYANT.
17  3.  "AFFILIATES" means any and all corporations, proprietorships,
18  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or
19  indirectly, in whole or in part, own or control, are under common ownership or
20  control with, or are owned or controlled by a PERSON, party or entity, including
21  without limitation each parent, subsidiary and joint venture of such PERSON, party
22  or entity.
23  4.  "PERSON" or "PERSONS" means all natural persons,
24  partnerships, corporations, joint ventures and any kind of business, legal or public
25  entity or organization, as well as its, his or her agents, representatives, employees,
26  officers and directors and any one else acting on its, his or her behalf, pursuant to
27  its, his or her authority or subject to its, his or her control.
28

EXHIBIT 4 PAGE 76

-1-

1         5.    "DESIGN" or "DESIGNS" means any and all representations,

2    whether two-dimensional or three-dimensional, and whether in tangible, digital,

3    electronic or other form, including but not limited to all works, designs, artwork,

4    sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

5    diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

6    practice, developments, inventions and/or improvements, as well as all other items,

7    things and DOCUMENTS in which any of the foregoing are or have been

8    expressed, embodied, contained, fixed or reflected in any manner, whether in whole

9    or in part.

10         6.    "BRATZ" means any project, product, doll or DESIGN ever

11    known by that name (whether in whole or in part and regardless of what such

12    project, product or doll is or has been also, previously or subsequently called) and

13    any product, doll or DESIGN or any portion thereof that is now or has ever been

14    known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

15    in part and regardless of what such product, doll or DESIGN or portion thereof is or

16    has been also, previously or subsequently called) or that is now or has ever been

17    sold or marketed as part of the "Bratz" line, and each version or iteration of such

18    product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or

19    DESIGN or any portion thereof" also includes without limitation any names,

20    fashions, accessories, artwork, packaging or any other works, materials, matters or

21    items included or associated therewith.  Without limiting the generality of the

22    foregoing, and contrary to MGA's recent assertions in connection with other Mattel

23    discovery requests, the term "BRATZ" does not and shall not require that there be a

24    doll existing at the time of the event, incident or occurrence that is the subject of, or

25    otherwise relevant or responsive to, the Requests.

26         7.    "BRATZ WORK" or "BRATZ WORKS" means any

27    representation of BRATZ, whether two-dimensional or three-dimensional, and

28

**EXHIBIT 4 PAGE 77**

-2-

1  whether in tangible, digital, electronic or other form, including any DESIGN that, in
2  whole or in part, REFERS OR RELATES TO BRATZ.

3       8.    "MATTEL" means plaintiff and counter-defendant Mattel, Inc.,
4  its current employees, officers, directors, agents, representatives, attorneys, parents,
5  subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-
6  interest, and any other PERSON acting on its behalf, pursuant to its authority or
7  subject to its control.

8       9.    "THE BRATZ PITCH MATERIALS" means each and every
9  BRATZ WORK which was displayed, shown, provided, or offered to YOU on or
10  before the date on which YOU executed the BRYANT/MGA AGREEMENT.

11       10.    "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV
12  04-9059 SGL (RNBx), filed on April 27, 2004, and the cases consolidated
13  therewith.

14       11.    "BRYANT/MGA AGREEMENT" means the written agreement
15  between CARTER BRYANT and MGA dated as of September 18, 2000, produced
16  as BRYANT 00794-00799, and any other version or versions thereof.

17       12.    "CONTEND" means to contend, argue, assert, maintain, put at
18  issue, declare, and/or claim in connection with THIS ACTION.

19       13.    "CREATE OR IMPROVE" or "CREATED OR IMPROVED,"
20  in the context of a BRATZ WORK or BRATZ WORKS, means to create, improve,
21  develop, modify, alter, conceive, reduce to practice, or otherwise work on the
22  BRATZ WORK or BRATZ WORKS.

23       14.    "DOCUMENT" or "DOCUMENTS" means all "writings" and
24  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil
25  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not
26  limited to, all writings and records of every type and description including, but not
27  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,
28  electronic mail ("e-mail"), records of telephone conversations, handwritten and

1 | typewritten notes of any kind, statements, reports, minutes, recordings, transcripts
2 | and summaries of meetings, voice recordings, pictures, photographs, drawings,
3 | computer cards, tapes, discs, printouts and records of all types, studies, instruction
4 | manuals, policy manuals and statements, books, pamphlets, invoices, canceled
5 | checks and every other device or medium by which or through which information of
6 | any type is transmitted, recorded or preserved.  Without any limitation on the
7 | foregoing, the term "DOCUMENT" shall include all copies that differ in any respect
8 | from the original or other versions of the DOCUMENT, including, but not limited
9 | to, all drafts and all copies of such drafts or originals containing initials, comments,
10 | notations, insertions, corrections, marginal notes, amendments or any other variation
11 | of any kind.

12 |         15.    The singular form of a noun or pronoun includes within its
13 | meaning the plural form of the noun or pronoun so used, and vice versa; the use of
14 | the masculine form of a pronoun also includes within its meaning the feminine form
15 | of the pronoun so used, and vice versa; the use of any tense of any verb includes
16 | also within its meaning all other tenses of the verb so used, whenever such
17 | construction results in a broader request for information; and "and" includes "or"
18 | and vice versa, whenever such construction results in a broader disclosure of
19 | documents or information.

20
21
22
23
24
25
26
27
28

f209/2138116.1

1

## Requests for Admission

2

3 REQUEST FOR ADMISSION NO. 1:

4        Admit that YOU have copied or prepared derivative works from at least

5 one of THE BRATZ PITCH MATERIALS.

6

7 REQUEST FOR ADMISSION NO. 2:

8        Admit that YOU have not copied or prepared derivative works from at

9 least one of THE BRATZ PITCH MATERIALS.

10

11 REQUEST FOR ADMISSION NO. 3:

12        Admit that YOU have copied or prepared derivative works from more

13 than one of THE BRATZ PITCH MATERIALS.

14

15 REQUEST FOR ADMISSION NO. 4:

16        Admit that YOU have not copied or prepared derivative works from

17 more than one of THE BRATZ PITCH MATERIALS.

18

19 REQUEST FOR ADMISSION NO. 5:

20        Admit that YOU have copied or prepared derivative works from all of

21 THE BRATZ PITCH MATERIALS.

22

23 REQUEST FOR ADMISSION NO. 6:

24        Admit that YOU have not copied or prepared derivative works from all

25 of THE BRATZ PITCH MATERIALS.

26

27

28

EXHIBIT 4   PAGE 80

MATTEL'S FIFTH SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA

1  REQUEST FOR ADMISSION NO. 7:

2      Admit that at least one of THE BRATZ PITCH MATERIALS is an

3  original work of authorship within the meaning of 17 U.S.C. § 102.

4

5  REQUEST FOR ADMISSION NO. 8:

6      Admit that none of THE BRATZ PITCH MATERIALS is an original

7  work of authorship within the meaning of 17 U.S.C. § 102.

8

9  REQUEST FOR ADMISSION NO. 9:

10      Admit that more than one of THE BRATZ PITCH MATERIALS is an

11  original work of authorship within the meaning of 17 U.S.C. § 102.

12

13  REQUEST FOR ADMISSION NO. 10:

14      Admit that each of THE BRATZ PITCH MATERIALS is an original

15  work of authorship within the meaning of 17 U.S.C. § 102.

16

17  REQUEST FOR ADMISSION NO. 11:

18      Admit that YOU CONTEND YOU believed the BRYANT/MGA

19  AGREEMENT was lawful when YOU entered into the agreement.

20

21  REQUEST FOR ADMISSION NO. 12:

22      Admit that YOU do not CONTEND YOU believed the

23  BRYANT/MGA AGREEMENT was lawful when YOU entered into the agreement.

24

25  REQUEST FOR ADMISSION NO. 13:

26      Admit that YOU believed the BRYANT/MGA AGREEMENT may not

27  be lawful when YOU entered into the agreement.

28

7209/2138116.1

EXHIBIT 4 PAGE 8

1   REQUEST FOR ADMISSION NO. 14:

2              Admit that YOU CONTEND YOU believed at the time YOU entered

3   into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to market

4   BRATZ.

5

6   REQUEST FOR ADMISSION NO. 15:

7              Admit that YOU do not CONTEND YOU believed at the time YOU

8   entered into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to

9   market BRATZ.

10

11  REQUEST FOR ADMISSION NO. 16:

12             Admit that YOU believed at the time YOU entered into the

13  BRYANT/MGA AGREEMENT that it may not be lawful for YOU to market

14  BRATZ.

15

16  REQUEST FOR ADMISSION NO. 17:

17             Admit that YOU CONTEND YOU believed at the time YOU entered

18  into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to copy

19  THE BRATZ PITCH MATERIALS.

20

21  REQUEST FOR ADMISSION NO. 18:

22             Admit that YOU do not CONTEND YOU believed at the time YOU

23  entered into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to

24  copy THE BRATZ PITCH MATERIALS.

25

26

27

28

7209/2138116.1

EXHIBIT 4 PAGE 82

MATTEL'S FIFTH SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA

1   REQUEST FOR ADMISSION NO. 19:

2          Admit that YOU believed at the time YOU entered into the

3   BRYANT/MGA AGREEMENT that it may not be lawful for YOU to copy THE

4   BRATZ PITCH MATERIALS.

5

6   REQUEST FOR ADMISSION NO. 20:

7          Admit that YOU CONTEND YOU believed at the time YOU entered

8   into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to

9   produce BRATZ.

10

11   REQUEST FOR ADMISSION NO. 21:

12          Admit that YOU do not CONTEND YOU believed at the time YOU

13   entered into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to

14   produce BRATZ.

15

16   REQUEST FOR ADMISSION NO. 22:

17          Admit that YOU believed at the time YOU entered into the

18   BRYANT/MGA AGREEMENT that it may not be lawful for YOU to produce

19   BRATZ.

20

21   REQUEST FOR ADMISSION NO. 23:

22          Admit that YOU CONTEND YOU believed at the time YOU entered

23   into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to prepare

24   derivative works from THE BRATZ PITCH MATERIALS.

25

26

27

28

EXHIBIT 4 PAGE 83

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU do not CONTEND YOU believed at the time YOU entered into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to prepare derivative works from THE BRATZ PITCH MATERIALS.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU believed at the time YOU entered into the BRYANT/MGA AGREEMENT that it may not be lawful for YOU to prepare derivative works from THE BRATZ PITCH MATERIALS.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU CONTEND YOU believed at the time YOU entered into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to acquire THE BRATZ PITCH MATERIALS from BRYANT.

**REQUEST FOR ADMISSION NO. 27:**

Admit that YOU do not CONTEND YOU believed at the time YOU entered into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to acquire THE BRATZ PITCH MATERIALS from BRYANT.

**REQUEST FOR ADMISSION NO. 28:**

Admit that YOU believed at the time YOU entered into the BRYANT/MGA AGREEMENT that it may not be lawful for YOU to acquire THE BRATZ PITCH MATERIALS from BRYANT.

7209/2138116.1

EXHIBIT 4  PAGE 84

1    REQUEST FOR ADMISSION NO. 29:

2              Admit that YOU CONTEND YOU believed at the time YOU entered

3    into the BRYANT/MGA AGREEMENT that entering into the BRYANT/MGA

4    AGREEMENT would not subject YOU to legal liability.

5

6    REQUEST FOR ADMISSION NO. 30:

7              Admit that YOU believed at the time YOU entered into the

8    BRYANT/MGA AGREEMENT that entering into the BRYANT/MGA

9    AGREEMENT could subject YOU to legal liability.

10

11   REQUEST FOR ADMISSION NO. 31:

12             Admit that YOU CONTEND that no one told YOU when or before

13   YOU entered into the BRYANT/MGA AGREEMENT that entering into the

14   BRYANT/MGA AGREEMENT could or might subject YOU to legal liability.

15

16   REQUEST FOR ADMISSION NO. 32:

17             Admit that at least one person told YOU when or before YOU entered

18   into the BRYANT/MGA AGREEMENT that entering into the BRYANT/MGA

19   AGREEMENT could or might subject YOU to legal liability.

20

21   REQUEST FOR ADMISSION NO. 33:

22             Admit that YOU CONTEND YOU believed at the time YOU entered

23   into the BRYANT/MGA AGREEMENT that BRYANT did not CREATE OR

24   IMPROVE any of THE BRATZ PITCH MATERIALS while employed by

25   MATTEL.

26

27

28

EXHIBIT 4 PAGE 85

-10-
MATTEL'S FIFTH SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA

REQUEST FOR ADMISSION NO. 34:

Admit that YOU do not CONTEND YOU believed at the time YOU entered into the BRYANT/MGA AGREEMENT that BRYANT did not CREATE OR IMPROVE any of THE BRATZ PITCH MATERIALS while employed by MATTEL.

REQUEST FOR ADMISSION NO. 35:

Admit that BRYANT CREATED OR IMPROVED at least one of THE BRATZ PITCH MATERIALS while employed by MATTEL.

REQUEST FOR ADMISSION NO. 36:

Admit that BRYANT CREATED OR IMPROVED more than one of THE BRATZ PITCH MATERIALS while employed by MATTEL.

REQUEST FOR ADMISSION NO. 37:

Admit that BRYANT CREATED OR IMPROVED all of THE BRATZ PITCH MATERIALS while employed by MATTEL.

REQUEST FOR ADMISSION NO. 38:

Admit that YOU CONTEND that at the time YOU entered into the BRYANT/MGA AGREEMENT, YOU had no reason to believe that BRYANT CREATED OR IMPROVED any of THE BRATZ PITCH MATERIALS while employed by MATTEL.

REQUEST FOR ADMISSION NO. 39:

Admit that YOU do not CONTEND that at the time YOU entered into the BRYANT/MGA AGREEMENT, YOU had no reason to believe that BRYANT

1  CREATED OR IMPROVED any of THE BRATZ PITCH MATERIALS while

2  employed by MATTEL.

3

4  REQUEST FOR ADMISSION NO. 40:

5        Admit that at the time YOU entered into the BRYANT/MGA

6  AGREEMENT, YOU knew or had reason to believe that BRYANT CREATED OR

7  IMPROVED at least one of THE BRATZ PITCH MATERIALS while employed by

8  MATTEL.

9

10 REQUEST FOR ADMISSION NO. 41:

11       Admit that at the time YOU entered into the BRYANT/MGA

12 AGREEMENT, YOU knew or had reason to believe that BRYANT CREATED OR

13 IMPROVED more than one of THE BRATZ PITCH MATERIALS while employed

14 by MATTEL.

15

16 REQUEST FOR ADMISSION NO. 42:

17       Admit that at the time YOU entered into the BRYANT/MGA

18 AGREEMENT, YOU knew or had reason to believe that BRYANT CREATED OR

19 IMPROVED all of THE BRATZ PITCH MATERIALS while employed by

20 MATTEL.

21

22 REQUEST FOR ADMISSION NO. 43:

23       Admit that YOU deny YOU willfully infringed any copyrights in

24 BRATZ WORKS.

25

26 REQUEST FOR ADMISSION NO. 44:

27       Admit that YOU deny YOU willfully infringed any copyrights

28 MATTEL claims it owns in BRATZ WORKS.

EXHIBIT 4 PAGE 87

7209/2138116.1

-12-

1   REQUEST FOR ADMISSION NO. 45:

2          Admit that YOU did not suspect MATTEL owned any of THE BRATZ

3   PITCH MATERIALS when or before YOU executed the BRYANT/MGA

4   AGREEMENT.

5

6   REQUEST FOR ADMISSION NO. 46:

7          Admit that YOU suspected MATTEL owned at least one of THE

8   BRATZ PITCH MATERIALS when or before YOU entered into the

9   BRYANT/MGA AGREEMENT.

10

11   REQUEST FOR ADMISSION NO. 47:

12          Admit that YOU suspected MATTEL owned more than one of THE

13   BRATZ PITCH MATERIALS when or before YOU entered into the

14   BRYANT/MGA AGREEMENT.

15

16   REQUEST FOR ADMISSION NO. 48:

17          Admit that YOU CONTEND that no one told YOU that any of THE

18   BRATZ PITCH MATERIALS belonged to, or could or might belong to, MATTEL

19   when or before YOU entered into the BRYANT/MGA AGREEMENT.

20

21   REQUEST FOR ADMISSION NO. 49:

22          Admit that YOU do not CONTEND that no one told YOU that any of

23   THE BRATZ PITCH MATERIALS belonged to, or could or might belong to,

24   MATTEL when or before YOU entered into the BRYANT/MGA AGREEMENT.

25

26

27

28

EXHIBIT 4 PAGE 88

1  REQUEST FOR ADMISSION NO. 50:

2          Admit that at least one person told YOU that at least one of THE

3  BRATZ PITCH MATERIALS belonged to, or could or might belong to, MATTEL

4  when or before YOU entered into the BRYANT/MGA AGREEMENT.

5

6  REQUEST FOR ADMISSION NO. 51:

7          Admit that YOU CONTEND that no one told YOU that BRYANT

8  CREATED OR IMPROVED any BRATZ WORK while employed by MATTEL

9  when or before YOU entered into the BRYANT/MGA AGREEMENT.

10

11  REQUEST FOR ADMISSION NO. 52:

12          Admit that YOU do not CONTEND that no one told YOU that

13  BRYANT CREATED OR IMPROVED any BRATZ WORK while employed by

14  MATTEL when or before YOU entered into the BRYANT/MGA AGREEMENT.

15

16  REQUEST FOR ADMISSION NO. 53:

17          Admit that at least one person told YOU that BRYANT CREATED

18  OR IMPROVED at least one BRATZ WORK while employed by MATTEL when

19  or before YOU entered into the BRYANT/MGA AGREEMENT.

20

21  REQUEST FOR ADMISSION NO. 54:

22          Admit that YOU CONTEND that, assuming BRYANT transferred

23  rights in any or all of THE BRATZ PITCH MATERIALS to MATTEL, YOU are

24  entitled to priority over MATTEL as to such materials or YOUR rights are superior

25  to those of MATTEL as to such materials under 17 U.S.C. § 205(d) or otherwise.

26

27

28

7209/2138116.1

EXHIBIT 4 PAGE 89

-14-

1  REQUEST FOR ADMISSION NO. 55:

2      Admit that YOU do not CONTEND that, assuming BRYANT

3  transferred rights in any or all of THE BRATZ PITCH MATERIALS to MATTEL,

4  YOU are entitled to priority over MATTEL as to such materials or YOUR rights are

5  superior to those of MATTEL as to such materials under 17 U.S.C. § 205(d) or

6  otherwise.

7

8  REQUEST FOR ADMISSION NO. 56

9      Admit that, assuming BRYANT transferred rights in any or all of THE

10  BRATZ PITCH MATERIALS to MATTEL, YOU are not entitled to priority over

11  MATTEL as to such materials and YOUR rights are not superior to those of

12  MATTEL as to such materials under 17 U.S.C. § 205(d) or otherwise.

13

14  REQUEST FOR ADMISSION NO. 57:

15      Admit that YOU CONTEND that YOU are a transferee in good faith

16  under 17 U.S.C. § 205(d) with respect to at least one of THE BRATZ PITCH

17  MATERIALS.

18

19  REQUEST FOR ADMISSION NO. 58:

20      Admit that YOU do not CONTEND that YOU are a transferee in good

21  faith under 17 U.S.C. § 205(d) with respect to at least one of THE BRATZ PITCH

22  MATERIALS.

23

24  REQUEST FOR ADMISSION NO. 59:

25      Admit that YOU CONTEND that YOU may be a transferee in good

26  faith under 17 U.S.C. § 205(d) with respect to at least one of THE BRATZ PITCH

27  MATERIALS.

28

7209/2138116.1

EXHIBIT 4 PAGE 90

MATTEL'S FIFTH SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA

1  REQUEST FOR ADMISSION NO. 60:

2  　　　　　　Admit that YOU do not CONTEND that YOU may be a transferee in

3  good faith under 17 U.S.C. § 205(d) with respect to at least one of THE BRATZ

4  PITCH MATERIALS.

5

6  REQUEST FOR ADMISSION NO. 61:

7  　　　　　　Admit that YOU CONTEND that YOU are a transferee in good faith

8  under 17 U.S.C. § 205(d) with respect to all of THE BRATZ PITCH MATERIALS.

9

10 REQUEST FOR ADMISSION NO. 62:

11 　　　　　　Admit that YOU do not CONTEND that YOU are a transferee in good

12 faith under 17 U.S.C. § 205(d) with respect to all of THE BRATZ PITCH

13 MATERIALS.

14

15 REQUEST FOR ADMISSION NO. 63:

16 　　　　　　Admit that YOU CONTEND that YOU may be a transferee in good

17 faith under 17 U.S.C. § 205(d) with respect to all of THE BRATZ PITCH

18 MATERIALS.

19

20 REQUEST FOR ADMISSION NO. 64:

21 　　　　　　Admit that YOU do not CONTEND that YOU may be a transferee in

22 good faith under 17 U.S.C. § 205(d) with respect to all of THE BRATZ PITCH

23 MATERIALS.

24

25 REQUEST FOR ADMISSION NO. 65:

26 　　　　　　Admit that YOU are not a transferee in good faith under 17 U.S.C.

27 § 205(d) with respect to any of THE BRATZ PITCH MATERIALS.

28

1  REQUEST FOR ADMISSION NO. 66:

2          Admit that YOU CONTEND that YOU maintained a good faith belief

3  that MATTEL did not have any rights to THE BRATZ PITCH MATERIALS when

4  YOU entered into the BRYANT/MGA AGREEMENT.

5

6  REQUEST FOR ADMISSION NO. 67:

7          Admit that YOU do not CONTEND that YOU maintained a good faith

8  belief that MATTEL did not have any rights to THE BRATZ PITCH MATERIALS

9  when YOU entered into the BRYANT/MGA AGREEMENT.

10

11  REQUEST FOR ADMISSION NO. 68:

12          Admit that YOU did not maintain a good faith belief that MATTEL did

13  not have any rights to any of THE BRATZ PITCH MATERIALS when YOU

14  entered into the BRYANT/MGA AGREEMENT.

15

16  REQUEST FOR ADMISSION NO. 69:

17          Admit that BRYANT was the sole author of each of THE BRATZ

18  PITCH MATERIALS.

19

20  REQUEST FOR ADMISSION NO. 70:

21          Admit that BRYANT was not the sole author of each of THE BRATZ

22  PITCH MATERIALS.

23

24  REQUEST FOR ADMISSION NO. 71:

25          Admit that BRYANT was the sole author of each and every BRATZ

26  WORK created on or before October 3, 2000.

27

28

7209/2138116.1

EXHIBIT 4  PAGE 92

-17-

REQUEST FOR ADMISSION NO. 72:

Admit that BRYANT was not the sole author of each and every BRATZ WORK created on or before October 3, 2000.

REQUEST FOR ADMISSION NO. 73:

Admit that BRYANT was the sole author of at least one BRATZ WORK created on or before October 3, 2000.

REQUEST FOR ADMISSION NO. 74:

Admit that BRYANT was not the sole author of at least one BRATZ WORK created on or before October 3, 2000.

REQUEST FOR ADMISSION NO. 75:

Admit that the DOCUMENT attached hereto as Exhibit 1 is an authentic and genuine copy of a sworn affidavit signed by Isaac Larian on or about July 5, 2002.

REQUEST FOR ADMISSION NO. 76:

Admit that, in the DOCUMENT attached hereto as Exhibit 1, Isaac Larian swore that the BRATZ dolls were first exhibited in the United States in November 2000.

REQUEST FOR ADMISSION NO. 77:

Admit that the BRATZ dolls were first exhibited in the United States in November 2000.

REQUEST FOR ADMISSION NO. 78:

Admit that the BRATZ dolls were not first exhibited in the United States in November 2000.

1  REQUEST FOR ADMISSION NO. 79:

2          Admit that the DOCUMENT attached hereto as Exhibit 2 is an authentic

3  and genuine copy of a Statement of Claim YOU filed on or about October 16, 2003.

4

5  REQUEST FOR ADMISSION NO. 80:

6          Admit that, in the DOCUMENT attached hereto as Exhibit 2, YOU

7  claimed that BRYANT was commissioned by YOU to make 18 BRATZ design

8  drawings between 1998 and 2000.

9

10  REQUEST FOR ADMISSION NO. 81:

11          Admit that BRYANT was commissioned by YOU to make 18 BRATZ

12  design drawings between 1998 and 2000.

13

14  REQUEST FOR ADMISSION NO. 82:

15          Admit that BRYANT was not commissioned by YOU to make 18 BRATZ

16  design drawings between 1998 and 2000.

17

18  REQUEST FOR ADMISSION NO. 83:

19          Admit that the set of 18 BRATZ design drawings referenced in Paragraph

20  3(a) in the DOCUMENT attached hereto as Exhibit 2 includes at least one of the

21  BRATZ PITCH MATERIALS.

22

23  REQUEST FOR ADMISSION NO. 84:

24          Admit that the set of 18 BRATZ design drawings referenced in Paragraph

25  3(a) in the DOCUMENT attached hereto as Exhibit 2 includes more than one of the

26  BRATZ PITCH MATERIALS.

27

28

1  REQUEST FOR ADMISSION NO. 85:

2          Admit that the set of 18 BRATZ design drawings referenced in Paragraph

3  3(a) in the DOCUMENT attached hereto as Exhibit 2 does not include any of the

4  BRATZ PITCH MATERIALS.

5

6  REQUEST FOR ADMISSION NO. 86:

7          Admit that, in the DOCUMENT attached hereto as Exhibit 2, YOU

8  claimed in Paragraph 3(g) that at all material times there was an understanding and

9  agreement between YOU and BRYANT that the copyrights subsisting in the 18

10  BRATZ design drawings referenced in Paragraph 3(a) should vest in MGA.

11

12  REQUEST FOR ADMISSION NO. 87:

13          Admit that, prior to September 18, 2000, there was an understanding and

14  agreement between YOU and BRYANT that the copyrights subsisting in the 18

15  BRATZ design drawings referenced in Paragraph 3(a) of the DOCUMENT attached

16  hereto as Exhibit 2 should vest in MGA.

17

18  REQUEST FOR ADMISSION NO. 88:

19          Admit that, prior to September 18, 2000, there was not an understanding

20  and agreement between YOU and BRYANT that the copyrights subsisting in the 18

21  BRATZ design drawings referenced in Paragraph 3(a) of the DOCUMENT attached

22  hereto as Exhibit 2 should vest in MGA.

23

24  REQUEST FOR ADMISSION NO. 89:

25          Admit that, prior to September 18, 2000, there was an understanding or

26  agreement between YOU and BRYANT that the copyrights subsisting in at least one

27  BRATZ WORK should vest in MGA.

28

7209/2138116.1

EXHIBIT 4 PAGE 95

MATTEL'S FIFTH SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA

1 | REQUEST FOR ADMISSION NO. 90:

2 |         Admit that, prior to September 18, 2000, there was neither an

3 | understanding nor an agreement between YOU and BRYANT that the copyrights

4 | subsisting in any BRATZ WORK should vest in MGA.

5 |

6 | REQUEST FOR ADMISSION NO. 91:

7 |         Admit that, in the DOCUMENT attached hereto as Exhibit 2 YOU

8 | claimed in Paragraph 3(g) that the assignment between Bryant and MGA in the

9 | BRYANT/MGA AGREEMENT was confirmatory.

10 |

11 | REQUEST FOR ADMISSION NO. 92:

12 |         Admit that the assignment between Bryant and MGA in the

13 | BRYANT/MGA AGREEMENT was confirmatory.

14 |

15 | REQUEST FOR ADMISSION NO. 93:

16 |         Admit that the assignment between Bryant and MGA in the

17 | BRYANT/MGA AGREEMENT was not confirmatory.

18 |

19 | REQUEST FOR ADMISSION NO. 94:

20 |         Admit that, while BRYANT was employed by MATTEL in 1999 and

21 | 2000, he held a position of confidence and trust at MATTEL.

22 |

23 | REQUEST FOR ADMISSION NO. 95:

24 |         Admit that, while BRYANT was employed by MATTEL in 1999 and

25 | 2000, he did not hold a position of confidence and trust at MATTEL.

26 |

27 |

28 |

7209/2138116.1

EXHIBIT 4 PAGE 96

-21-

1  REQUEST FOR ADMISSION NO. 96:

2      Admit that, while BRYANT was employed by MATTEL in 1999 and

3  2000, he was MATTEL's fiduciary.

4

5  REQUEST FOR ADMISSION NO. 97:

6      Admit that, while BRYANT was employed by MATTEL in 1999 and

7  2000, he was not MATTEL's fiduciary.

8

9  REQUEST FOR ADMISSION NO. 98:

10      Admit that, when YOU met with BRYANT on September 1, 2000, YOU

11  knew BRYANT was employed by MATTEL at the time.

12

13  REQUEST FOR ADMISSION NO. 99:

14      Admit that, when YOU met with BRYANT on September 1, 2000, YOU

15  did not know BRYANT was employed by MATTEL at the time.

16

17  REQUEST FOR ADMISSION NO. 100:

18      Admit that, when YOU entered into the BRYANT/MGA AGREEMENT,

19  YOU knew BRYANT was employed by MATTEL at the time.

20

21  REQUEST FOR ADMISSION NO. 101:

22      Admit that, when YOU entered into the BRYANT/MGA AGREEMENT,

23  YOU did not know BRYANT was employed by MATTEL at the time.

24

25

26

27

28

1 | DATED: June 8, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

2

3

By _B. Dylan Proctor/_

4

B. Dylan Proctor
Attorneys for Mattel, Inc.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7209/2138116.1

EXHIBIT 4 PAGE 98

-23-

MATTEL'S FIFTH SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA

**Exhibit 1**

EXHIBIT 4 PAGE 99

HCA 2152/2002

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 2152 OF 2002

BETWEEN

ABC INTERNATIONAL TRADERS, INC.                     Plaintiff
doing business as MGA ENTERTAINMENT

and

(1) TOYS & TRENDS (HONG KONG) LIMITED

(2) CITYWORLD LIMITED                                 Defendants

(3) JURG WILLI KESSELRING

AFFIDAVIT OF ISAAC LARIAN

I, Isaac Larian of 16730 Schoenborn Street, North Hills, California, United
States of American do make oath and say as follows: -

1.    I am the CEO of MGA and duly authorised by MGA to make this affidavit on
      its behalf. Unless otherwise stated, the facts and matters contained herein are
      either within my own personal knowledge or gleaned from books and records
      of MGA to which I have free access. Insofar as facts and matters that do not
      fall within the aforesaid category, they are related to me by the respective
      sources stated hereinafter and are true to the best of my information and belief.
      For the purpose of this affidavit, I shall adopt the abbreviations used in the
      First Affirmation of Lee Shiu Cheung filed on behalf of MGA on the 18th June
      2002 (hereinafter referred to as "the 1st Lee Affirmation").

1

M 0001558

2.

3.

4.

5.

2

M 0001559

EXHIBIT 4 PAGE 101

6.

7.

8.

3

M 0001560

EXHIBIT 4 PAGE 102

9.

10.

11.

<u>Paragraphs 13 to 19</u>

12. I fail to understand the point made by the Defendants in these paragraphs and consequently the relevance of these matters. Insofar as the concept of the Bratz dolls are concerned, the 1st Lee Affirmation dealt with these matters to provide the Court with the background and history of the Bratz dolls and mainly the marketing strategy or concept. Furthermore, I am advised by my legal advisors that copyright law does not protect concepts or ideas *per se* but the expression of an idea in a material form. And in this case, it is the 17 design drawings exhibited as "LSC-3". The complaint made by MGA is that

4

EXHIBIT 4  PAGE 103
M 0001561

the 3 dimensional Funky Tweenz dolls have infringed the 2 dimensional drawings which are artistic works in which copyright subsists. The aforesaid, I think, would be sufficient to deal with these paragraphs but for the sake of completeness I shall deal with the dolls mentioned therein.

13. The Bratz dolls were first exhibited in the USA in November 2000. They were further exhibited in Hong Kong in January 2001. The Bratz dolls were first publicly made available for sale at the retail level in August 2001 in the USA.

14. I have never heard of Simba Toys GmbH & Co. and have never come across these Girlz dolls until reading the Kesselring Affidavit. Just by looking at the photographs and not having seen the samples I cannot see how these dolls can infringe MGA's copyright in the artistic works for they do not look the same. Furthermore, I do not accept that these dolls were marketed all over Europe before the Nurnberg Toy Fair without any evidence but a bare allegation coming from Mr. Kesselring.

15. The photographs of the We Teen dolls exhibited as "JWK-6" do not resemble the Bratz dolls by just looking at the pictures.

16. To say the Fad dolls have similar dimensions and proportions to the Bratz dolls is just sheer nonsense. One can see very clearly from the photographs that they do not. These dolls have plastic hair and square faces  Mr. Kesselring has not asserted that these dolls are published prior to the Bratz dolls.

17. Looking at the photographs of the Sassy Secrets dolls one can see very clearly that they do not resemble the Bratz dolls at all. These are 6 inch electronic dolls which can talk. Further, they do not have change of fabric fashion and shoes that Bratz are popular for and Funky Tweenz have copied. Again Mr. Kesselring has not asserted that these dolls are published prior to the Bratz dolls.

5

M 0001562

EXHIBIT 4 PAGE 104

18. In light of the foregoing, the existence of these dolls in the market can in no way impeach the originality of MGA's artistic works. Mr. Kesselring is again speculating without any evidence. Furthermore, I find it quite odd for Mr. Kesselring to say that both Funky Tweenz dolls and the Bratz dolls originate from a common source when he attempts to explain how the Defendants came up with the Funky Tweenz dolls.

19.

20.

21.

6

M 0001563

EXHIBIT 4 PAGE 105

22. I fail to see any point in paragraph 19 of the Kesselring Affirmation. I am advised by my legal advisors that copyright law is territorial and each jurisdiction has its own set laws regulating copyright. MGA's cause of action is based on the Copyright Ordinance of Hong Kong and not the Federal Copyright Act of the USA. The USA registration certificates were exhibited to show that the Bratz dolls enjoy copyright protection in the USA.

23.

24.

25.

7

M 0001564

EXHIBIT 4 PAGE 106

26.  Dressing dolls had always been a huge market for the toy industry. The Barbie doll has been around for over 43 years and has a retail turnover of US$1.5 billion a year. According to the leading USA toy market research company, TRSTS, Barbie dolls command 88.5% of the doll market last year. But the latest research results show this share has shrunken to 84.6% so far this year due to the appearance of the Bratz dolls which now command 10.1% of the market share which is the 2nd largest market share after Mattel and Barbie. Prior to the appearance of Bratz dolls, no doll could take away the market share enjoyed by Barbie. The Barbie doll has been so successful because it has been able to reinvent itself time and time again like 3 or 4 years ago, the Barbie doll range introduced a new range of dolls called the Generation Girls which is a dressing doll with a trendy look.

27.

28.

29.

8

M 0001565

EXHIBIT 4 PAGE 107

30. Mr. Kesselring said he took inspiration from a lot of other dolls on the market but oddly, he never referred to the Bratz dolls. The Bratz dolls won the People's Choice Awards of the Toy Industry which is similar to the Oscars in the film industry, as well as Doctor Toy best top 10 Toy Award and Family Fun Best Toy Award. Bratz were further cited to be the first doll ever to beat Barbie in the fashion doll category. I find it quite inconceivable that he never referred to the Bratz dolls despite its huge success and wide media coverage evidenced by some of the sample media cuttings exhibited as "LSC-10" to the 1st Lee Affirmation. Even the article taken from The Toy Book which he exhibited as "JWK-10c" has a whole column devoted to Bratz dolls. The said article says and I quote, "Trying to capture some of MGA's success, a host of manufacturers are debuting personality/fashion dolls."

31. The reason why design drawings of the dolls head had to be made was because they had to get the colour scheme of features of the head so that after moulding they can be dyed properly according to the scheme which serves as a benchmark. This is very apparent from paragraph 21 of the Affirmation of Wilson Lam.

32. Having taken a look at the pictures of the Barbie dolls exhibited as "JWK-12" they bear no resemblance to the Funky Tweenz but Funky Tweenz bear a striking resemblance to the Bratz dolls.

Paragraphs 30-33

33. The safety certificates exhibited as "JWK-13" only pertain to Europe and Canada and not the USA which has more stricter requirements. MGA's fears stated in paragraph 36 of the 1st Lee Affirmation are valid.

34. I fail to see how that the life span of fashion dolls will only last 2 years as alleged. The Barbie doll has been around for over 43 years. The Defendants have not shown by way of evidence how an injunction would affect their reputation.

9

M 0001566

EXHIBIT 4 PAGE 108

35.    MGA is not using this action to stifle competition as alleged. MGA welcomes lawful competition but not copying. The other examples of dolls mentioned in the Kesselring Affidavit do not resemble the Bratz dolls at all. If MGA was to stifle lawful competition it would have taken legal action against those manufacturers. One must bear in mind that no one has stated that other dolls on the market resemble Bratz dolls save and except Funky Tweenz dolls. There is abundant evidence in this regard from independent third parties.

36.

37.

38.

10

M 0001567

EXHIBIT 4   PAGE 109

39.

40.

41.

42.

Sworn at State of California )
County of Los Angeles )
)
)
Subscribed and sworn to before )
me on )
this 2 day of July      2002 )

Before me, Eve Marie Johnson

_____ Notary Public

EVE MARIE JOHNSON
COMM. # 1312814
NOTARY PUBLIC ● CALIFORNIA
LOS ANGELES COUNTY
Comm. Exp. JULY 12, 2005

This affidavit is filed on behalf of the Plaintiff.

11

M 0001568

EXHIBIT  4   PAGE  110

HCA 2152/2002

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 2152 OF 2002

BETWEEN

|  |  |
|---|---|
| ABC INTERNATIONAL TRADERS, INC. doing business as MGA ENTERTAINMENT | Plaintiff |

and

(1) TOYS & TRENDS (HONG KONG) LIMITED

(2) CITYWORLD LIMITED

(3) JURG WILLI KESSELRING     Defendants

AFFIDAVIT OF ISAAC LARIAN

Filed this 5ᵗʰ day of July ,2002.

William WL Fan & Co.
507 Hang Seng Building
77 Des Voeux Road
Central
Hong Kong
Tel: 2110 2128

12

M 0001569

EXHIBIT 4 PAGE 111

**Exhibit 2**

EXHIBIT 4 PAGE 112

(Folio 1)

**HCA 3856/2003**

# IN THE HIGH COURT OF THE
## HONG KONG SPECIAL ADMINISTRATIVE REGION
### COURT OF FIRST INSTANCE
### CIVIL ACTION NO. 3856 OF 2003

HIGH COURT ACC. OFFICE

Served by   FEESPAID

FC2                              1045.00
CHEQUE                           1045.00
OCT16 T3R001A0101 16101R         FEESPAID

*************************************

BETWEEN:-

### MGA ENTERTAINMENT INC.                          **Plaintiff**

### and

### UNI-FORTUNE TOYS INDUSTRIAL LIMITED          1ˢᵗ **Defendant**
### FU WEI TOYS COMPANY LIMITED                  2ⁿᵈ **Defendant**

*************************************

To the 1ˢᵗ Defendant UNI-FORTUNE TOYS INDUSTRIAL LIMITED whose registered office is situate at Flat A-B, 21ˢᵗ Floor, Cheung Hing Shing Centre, 23 Sha Tsui Road, Tsuen Wan, New Territories, Hong Kong

And to the 2ⁿᵈ Defendant FU WEI TOYS COMPANY LIMITED whose registered office situate at Flat A-B, 21ˢᵗ Floor, Cheung Hing Shing Centre, 23 Sha Tsui Road, Tsuen Wan, New Territories, Hong Kong.

THIS WRIT OF SUMMONS has been issued against you by the above-named Plaintiff in respect of the claim set out on the back.

Within 14 days after the service of this Writ on you, counting the day of service, you must either satisfy the claim or return to the Registry of High court the accompanying ACKNOWLEDGEMENT OF SERVICE stating therein whether you intend to contest these proceedings.

If you fail to satisfy the claim or to return the Acknowledgement within the time stated, or if you return the Acknowledgement without stating therein an intention to contest the proceedings, the Plaintiff(s) may proceed with the action and judgment may be entered against you forthwith without further notice.

Issued from the Registry of the High Court this 16ᵗʰ day of October 2003

Registrar

Note:-   This Writ may not be served later than 12 calendar months beginning with that date unless renewed by order of the Court.

#### IMPORTANT
Directions for Acknowledgement of Service are given with the accompanying form.

S.C.549 (s)

C:\MGA\G549\copyright\WF-1STB-MGA\WS.doc

M0012593

EXHIBIT 4 PAGE 113

## STATEMENT OF CLAIM
### (Please see attached)

~~*(Where the Plaintiff's claim is for a debt or liquidated demand only: If, within the
time for returning the Acknowledgment of Service, the Defendant pays the amount
claimed and $1,550.00 for costs and, if the Plaintiff obtains an order for substituted
service, the additional sum of $565.00, further proceedings will stayed. The money must
be paid to the Plaintiff or his Solicitors.)~~

**THIS WRIT**  was issued by Messrs. William W. L. Fan & Co. of Room 507, 5th
Floor, Hang Seng Building, 77 Des Voeux Road Central, Hong Kong, Solicitors for the
Plaintiff MGA Entertainment Inc. whose principal place of business is situate at 16730
Schoenborn Street, North Hills, Ca 91343-6122, USA and c/o Room 1001, 10th Floor,
Empire Centre, 68 Mody Road, Tsimshatsui East, Kowloon, Hong Kong.

## STATEMENT OF CLAIM

1. The Plaintiff is and at all material times a corporation existing under the laws of the U.S.A. carrying on business in the design, manufacture, marketing and selling of toys, in particular, fashion dolls.

2. The 1st and 2nd Defendants were and at all material times companies incorporated and existing under the laws of Hong Kong carrying on the business in the manufacture and marketing of toys. The shareholders, directors and registered office of 1st and 2nd Defendant are identical.

3. The Plaintiff is and at all material times, has been the owner of the copyright subsisting in original artistic works in respect of the Plaintiff's Bratz fashion dolls ("the said Artistic Works").

### Particulars of Original Artistic Works

(a) 18 design drawings of various Bratz fashion dolls made between the years 1998 and 2000.

(b) Wax models of the head, body and shoes of the Bratz fashion dolls made between the year 2000 and 2001.

C:\MAO\G\EV\Pcopyright\WF-1878-MGA\WHt.doc

M0012595

EXHIBIT 4 PAGE 115

(c) Silicon rubber moulds and polyurethane samples made therefrom of the Bratz fashion dolls made between the years 2000 and 2001.

(d) 4 drawings of the facial decoration of the Bratz fashion dolls made between the years 2000 and 2001.

(e) 8 drawings 4 of which are pantone colour guides of the facial decorations of the Bratz fashion dolls made between the years of 2000 and 2001.

(f) 4 hand painted deco-masters on 4 rubber head sculpts made between the years 2000 and 2001.

**Particulars of Ownership and Subsistence**

(g) Carter Bryant (hereinafter referred to as "Mr. Bryant") was commissioned by the Plaintiff to make the design drawings referred to in sub-paragraphs (a) and (e) hereof. At all material times, it was the understanding and agreement between the Plaintiff and Mr. Bryant that copyright subsisting in the artistic works should vest in the Plaintiff. Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Mr. Bryant in September 2000.

C:\MAI-OGIE\IP\copyright\WF-1878-MOA\MIA.doc

(h) At all material times, Mr. Bryant is a resident of and domiciled in the U.S.A.

(i) Margaret Leahy (hereinunder referred to as "Ms. Leahy") was
commissioned by the Plaintiff to make the artistic works referred to in
subparagraph (b) hereof. At all material times, it was the understanding
and agreement between the Plaintiff and Ms. Leahy that copyright
subsisting in the artistic works should vest in the Plaintiff. Pursuant thereto,
a confirmatory assignment was made between the Plaintiff and Ms. Leahy
in June 2003.

(j) At all material times, Ms. Leahy is a resident of and domiciled in the USA.

(k) Jessie Ramirez (hereinunder referred to as "Ms. Ramirez") was
commissioned by the Plaintiff to make the silicon rubber moulds and
polyurethane samples referred in subparagraph (c) hereof. At all material
times, it was the understanding and agreement between the Plaintiff and
Ms. Ramirez that copyright subsisting in the artistic works should vest in the
Plaintiff. Pursuant thereto, a confirmatory assignment was made between
the Plaintiff and Ms. Ramirez on 16th June 2003.

(l) At all material times, Ms. Ramirez is a resident of and domiciled in the USA.

(m)Anna Rhee (hereinunder referred to as "Ms. Rhee") was commissioned by
the Plaintiff to make the artistic works referred to in sub-paragraphs (d) and
(f) hereof. At all material times, it was the understanding and agreement

M0012597

EXHIBIT 4 PAGE 167

between the Plaintiff and Ms. Rhee that copyright subsisting in the artistic works should vest in the Plaintiff. Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Ms. Rhee on 12th June 2003.

(n) At all material times, Ms. Rhee is a resident of and domiciled in the USA.

(o) The said Artistic Works as described in sub-paragraphs (a) to (f) above were first published in the USA in or about June 2001 when the Bratz fashion dolls were exhibited and offered for sale. Alternatively, the said Artistic Works are unpublished. The artistic works referred to in sub-paragraph (b) hereof and the silicon rubber moulds referred to in sub-paragraph (c) hereof were destroyed in the course of the Plaintiff's business.

4. Prior to the issue of the Writ herein, the 1st and 2nd Defendants have infringed the said Artistic Works by authorising the manufacture, the manufacture of and/or importing into and exporting from Hong Kong in its course of business, possessing for the purpose of trade or business, selling or offering or exposing for sale, for the purpose of trade or business exhibiting in public or distributing fashion dolls known as Glitter Girls which are reproductions of or a reproduction of a substantial part of the said Artistic Works without the license of the Plaintiff (hereinafter collectively

C:\MAGGIE\Copyright\WF-1878-MOA\writ.doc

M0012598

EXHIBIT 4 PAGE 48

referred as "the Infringing Dolls")

**Particulars**

The Plaintiff will in particular rely on the following facts and matters:-

a)  The exposure for sale of the Infringing Dolls to an investigator employed by the Plaintiff by the distribution of leaflets depicting the Infringing Dolls on 8th February 2003 and 14th February 2003.

b)  The possession for the purpose of trade or business and exposure for sale of the Infringing Dolls by the 1st and/or the 2nd Defendants in a showroom at Room 802A, Empire Centre, Tsimshatsui East, Kowloon on the 14th February 2003 to an investigator employed by the Plaintiff.

c)  The sale and/or distribution of 2 Infringing Dolls by the 1st Defendant at the 1st and 2nd Defendant's registered offices on the 11th March 2003 to an investigator employed by the Plaintiff.

d)  The exposure for sale by the 2nd Defendant of the Infringing Dolls by the provision of a quotation dated 11th March 2003.

e)  The exposure for sale of the Infringing Dolls by the 1st and 2nd Defendants

C:\IMAGES\COPYRIGHT-1878-MGA\HHS.doc

M0012599
EXHIBIT 4 PAGE 119

by way of an advertisement in p.140 of Vol. 2 of 2003 Issue of the Hong Kong Toys Magazine.

f) The exhibition in public of the Infringing Dolls by the 1st and/or 2nd Defendants at the Hong Kong Houseware Fair and Hong Kong Gifts & Premium Fair 2003 ("the Hong Kong Fair") in July 2003.

g) The manufacture, authorization of manufacture, sale and export on divers dates an unknown quantity of the Infringing Dolls to Europe and the United States by the 1st and 2nd Defendants.

h) The admission by the 1st and 2nd Defendants that the 2nd Defendant was the supplier of the Infringing Dolls to the 1st Defendant in a letter dated 21st August 2003 sent by the 1st and 2nd Defendants' solicitor to the Plaintiff's solicitors.

The Plaintiff is, prior to proper discovery and/or interrogatories, unable to give full particulars of all the wrongful acts of copyright infringement of the 1st and 2nd Defendants but will seek to recover damages in respect of each and every such wrongful act.

5. The Plaintiff will in so far as is necessary rely on the fact that at all material times

C:\MAOO3\E'sP\copyright\WF-1374\ACAW\A.doc

M0012600

EXHIBIT 4 PAGE 120

by way of an advertisement in p.140 of Vol. 2 of 2003 issue of the Hong Kong Toys Magazine.

f) The exhibition in public of the Infringing Dolls by the 1st and/or 2nd Defendants at the Hong Kong Houseware Fair and Hong Kong Gifts & Premium Fair 2003 ("the Hong Kong Fair") in July 2003.

g) The manufacture, authorization of manufacture, sale and export on divers dates an unknown quantity of the Infringing Dolls to Europe and the United States by the 1st and 2nd Defendants.

h) The admission by the 1st and 2nd Defendants that the 2nd Defendant was the supplier of the Infringing Dolls to the 1st Defendant in a letter dated 21st August 2003 sent by the 1st and 2nd Defendants' solicitor to the Plaintiff's solicitors.

The Plaintiff is, prior to proper discovery and/or interrogatories, unable to give full particulars of all the wrongful acts of copyright infringement of the 1st and 2nd Defendants but will seek to recover damages in respect of each and every such wrongful act.

5. The Plaintiff will in so far as is necessary rely on the fact that at all material times

C:\MAGGIE\VP\copyright\VF-1578-MGA3\VR.doc

M0012601

EXHIBIT 4  PAGE 121

the 1st and 2nd Defendants knew or had reason to believe that the Infringing Dolls are infringing copies of the said Artistic Works within the meaning of the Copyright Ord., Cap. 528.

## Particulars of Knowledge

The Plaintiff will in particular rely upon the following facts and matters:-

(a)     The Plaintiff relies on the fact that the 1st and 2nd Defendants are in the same business as the Plaintiff, the Bratz fashion dolls being first exhibited and sold in the USA in June 2001.

(b)     The Bratz fashion dolls have won numerous awards including Toy of the Year Award, People's Choice of the Year Award, Doctor Toy Award and Family Fun Best Toy Award and numerous articles have been about the Bratz fashion dolls and their success.  The Bratz fashion dolls have achieved worldwide fame and publicity.

(c)     The Plaintiff relies on the objective similarity between the said Artistic Works and the Infringing Dolls.

(d)     On 14th February 2003, a Mr. Allen Ho on behalf of the 1st and 2nd Defendants informed an investigator employed by the Plaintiff that some modifications were made to the Infringing Dolls so that the Infringing Dolls would not resemble the Bratz fashion dolls too much.

(e)     In correspondence dated 7th August 2003 between the solicitors for the

the 1st and 2nd Defendants knew or had reason to believe that the Infringing Dolls are infringing copies of the said Artistic Works within the meaning of the Copyright Ord., Cap. 528.

### Particulars of Knowledge

The Plaintiff will in particular rely upon the following facts and matters:-

(a)     The Plaintiff relies on the fact that the 1st and 2nd Defendants are in the same business as the Plaintiff, the Bratz fashion dolls being first exhibited and sold in the USA in June 2001.

(b)     The Bratz fashion dolls have won numerous awards including Toy of the Year Award, People's Choice of the Year Award, Doctor Toy Award and Family Fun Best Toy Award and numerous articles have been about the Bratz fashion dolls and their success.  The Bratz fashion dolls have achieved worldwide fame and publicity.

(c)     The Plaintiff relies on the objective similarity between the said Artistic Works and the Infringing Dolls.

(d)     On 14th February 2003, a Mr. Allen Ho on behalf of the 1st and 2nd Defendants informed an investigator employed by the Plaintiff that some modifications were made to the Infringing Dolls so that the Infringing Dolls would not resemble the Bratz fashion dolls too much.

(e)     In correspondence dated 7th August 2003 between the solicitors for the

1st and 2nd Defendants and the Plaintiff's solicitors, the 1st Defendant asserted that it ceased dealing with the Infringing Dolls upon learning the infringement of copyright, however on 21 August 2003, the 1st Defendant asserted that prior to the receipt of the cease and desist letter dated 30th July 2003, it had not promoted, offered and/or exposed for sale and/or sold the Infringing Dolls. On 10th September 2003, the 1st Defendant further asserted that it has not promoted, offered and/or exposed for sale and/or sold the Infringing Dolls. The Plaintiff refers to sub-paragraphs (a) to (e) of paragraph 4 herein. In light of the foregoing, the Plaintiff relies on the deliberate attempt by the 1st Defendant to conceal its infringing activities to show that the 1st Defendant had knowledge or had reason to believe that the Infringing Dolls were infringing copies of the said Artistic Works.  The Plaintiff also relies on the fact that the 1st and 2nd Defendants have identical directors and thus any knowledge of the 1st Defendant is imputed to the 2nd Defendant as well.

The Plaintiff is, prior to proper discovery and/or interrogatories, unable to give full particulars of all the particulars of knowledge of the 1st and 2nd Defendants.

6. By reason of the foregoing, the Plaintiff has suffered loss and unless the 1st and 2nd Defendants are restrained by this Honourable Court, will continue to suffer loss and damage.

7. By reason of all the circumstances of this case, including the flagrancy of the infringement, the benefit accruing to the 1st and 2nd Defendants by reason of the

M0012604

EXHIBIT 4 PAGE 124

infringement and the completeness, accuracy and reliability of the 1st and 2nd Defendants' business accounts and records, the Plaintiff claims additional damages under Section 108 of the Copyright Ord., Cap. 528.

## **Particulars**

The Plaintiff will in particular rely upon the following facts and matters:-

   (a) The Plaintiff repeats the particulars supplied under paragraphs 5 hereof.

   (b) The 1st and 2nd Defendants in infringing the said Artistic Works have reaped substantial benefits in that the 1st and 2nd Defendants do not have to incur development costs, marketing costs and the risks that the Infringing Dolls might not be popular with its customers.  The 1st and 2nd Defendants knew that in copying the said Artistic Works they will be able to produce, market and sell a product that has proven to be successful and is in demand by members of the trade and public.

8.  By reason of the 1st and 2nd Defendants' wrongful acts and/or by reason of the 1st and 2nd Defendants' dealing in the Infringing Dolls, the 1st and 2nd Defendants owe a duty to the Plaintiff to assist the Plaintiff by supplying the Plaintiff with full information relating to the products complained of, all dealings therein or therewith

C:\MAO\CHEN\Focopyright\F-1576-MOAIPV4.doc

M0012605

EXHIBIT 4 PAGE 125

and the identities of all other wrong doers.

9.  Further by virtue of sections 48 and 49 of the High Court Ordinance (Cap. 4) the Plaintiff is entitled to and claims to recover interest on any amount found to be due to the Plaintiff at such rate(s) and for such period(s) as this Honourable Court considers just and proper.

AND the Plaintiff claims:-

1.  An injunction to restrain the 1st and 2nd Defendants whether acting by themselves, their directors, officers, servants or agents or any of them or otherwise howsoever from infringing the Plaintiff's copyright in original artistic works relating to the Plaintiff's fashion dolls under the name "Bratz" and/or from directing, procuring, instigating, causing, enabling or assisting others to do so.

2.  An order for delivery up or destruction upon oath of all articles and materials in the 1st and 2nd Defendants' possession, power, custody or control including dies, plates, templates, labels, moulds, leaflets, catalogues and packaging the use or sale or dealing therewith by the 1st and 2nd Defendants would offend against the foregoing injunction.

C:\MAGGIE\IP\copyright\HF-1978-MGA\WHL.doc

M0012606

EXHIBIT 4 PAGE 126

3. An inquiry as to damages, alternatively damages or, at the Plaintiff's option, account of profits, in respect of the 1st and 2nd Defendants' wrongful acts of infringement of copyright.

4. Additional damages pursuant to section 108(2) of the Copyright Ordinance.

5. An order for the payment by the 1st and 2nd Defendants' of all sums found due to the Plaintiff upon making such inquiries and/or accounts together with such interest thereon as this Honourable Court shall deem just pursuant to Section 48 of the High Court Ordinance.

6. An order for discovery or verification upon oath of all matters relating to the foregoing.

7. Costs

8. Such further or other relief as this Honourable Court shall deem just.

Dated this 16th day of October 2003.

William W.L. Fan & Co.

Solicitors for the Plaintiff

M0012607

EXHIBIT __4__ PAGE __127__

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On June 8, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIFTH SET OF REQUESTS FOR ADMISSION TO MGA ENTERTAINMENT, INC.** on the parties in this action as follows:

John Keker                          Diana M. Torres
Keker & Van Nest, LLP              O'Melveny & Myers, LLP
710 Sansome Street                 400 S Hope Street
San Francisco, CA 94111            Los Angeles, CA 90071

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 8, 2007, at Los Angeles, California.

David Quintana

EXHIBIT 4 PAGE 128

07209/2138758.1

Exhibit 5

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**