1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6   Facsimile: (213) 443-3100

7   Attorneys for Mattel, Inc.

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                       EASTERN DIVISION

11

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) Consolidated with Case Nos. CV 04-09059 & CV 05-2727 |
| 13         Plaintiff, | |
| 14      vs. | **DISCOVERY MATTER** |
| 15  MATTEL, INC., a Delaware corporation, | **[To Be Heard By Hon. Edward Infante (Ret.) Pursuant To Order Of December 6, 2006]** |
| 16         Defendant. | DECLARATION OF CHRISTOPHER TAYBACK IN SUPPORT OF |
| 17  AND CONSOLIDATED ACTIONS | MATTEL, INC.'S MOTION TO COMPEL RESPONSES TO |
| 18 | INTERROGATORIES (NOS. 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 47, 48, 49 AND 50) BY THE MGA PARTIES |
| 19 | |
| 20 | |
| 21 | Date:   TBD |
| 22 | Time:   TBD Place:   TBD |
| 23 | **Phase 1** |
| 24 | Discovery Cut-Off:   January 28, 2008 Pre-Trial Conference: May 5, 2008 Trial Date:          May 27, 2008 |
| 25 | |

26

27

28

DECLARATION OF CHRISTOPHER TAYBACK ;

## DECLARATION OF CHRISTOPHER TAYBACK

I, Christopher Tayback, declare as follows:

1.      I am a member of the bar of the State of California, admitted to practice in the Central District of California and elsewhere, and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). Except where otherwise indicated, I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      MGA represents to the Court in its opposition that Mattel "still has not produced documents from its Zeus computer system, but instead has delayed any meaningful meet and confer on a search of that system." I submit this declaration to set the record straight.

3.      First, Mattel has indeed produced documents from Zeus, and has so advised MGA. In at least one phone conversation with MGA's counsel, Robert Herrington, I personally explained that Mattel had reviewed places where it believed there might be responsive evidence, including Zeus. I further explained to Mr. Herrington that where Mattel has located responsive and non-privileged documents from Zeus, it has produced them. I have advised MGA of Mattel's Zeus searches in writing on at least one occasion. Attached as Exhibit 1 is a true and correct copy of an email I sent Robert Herrington on January 4, 2008.

4.      Mattel also has not "delayed" meeting and conferring about further Zeus searches in any manner. Immediately after this Court ordered the parties to meet and confer regarding parameters to further search the Zeus system, on September 12, 2007, I diligently pursued the meet and confer but MGA refused. On September 14, I called MGA's counsel, Jennifer Glad, to schedule a specific date and time to meet and confer on the Zeus issues. Ms. Glad confirmed that she was the person responsible for discussing the Zeus issues on behalf of MGA and said that she would call back on Monday; she did not.

5.      Three days later, on September 17, 2007, I sent Ms. Glad an email and left her a voicemail seeking to confirm a date and time to meet and confer on the Zeus issues.  Attached hereto as Exhibit 2 is a true and correct copy of an email I sent to Ms. Glad on September 17, 2007.  No one on behalf of MGA ever responded.

6.      Two months later, at a meet and confer between Mattel's counsel and MGA's new counsel on November 21, 2007, I am informed and believe that the parties discussed possible search parameters for Zeus at length, including the unfeasibility of conducting keyword searches for some files because many Zeus files are non-text, graphical files.  My partner Michael Zeller offered this explanation.  Thereafter, for over two weeks, MGA's counsel did nothing to follow up with Mattel's counsel regarding Zeus.

7.      Then, on Friday December 7, MGA's counsel sent a letter asking to schedule a meet and confer regarding Zeus.  Attached as Exhibit 3 is a true and correct copy of a letter my partner, Timothy Alger, received from Robert Herrington, counsel for MGA, dated December 7, 2007.

8.      Mattel promptly responded and agreed to be available on December 14, 2007, the earliest of the dates proposed, and the parties did in fact discuss Zeus search issues on Friday, December 14, 2007.  In that conversation, for the first time, MGA proposed that Mattel explore the feasibility of a listing of the directories within Zeus for a limited date range.

9.      Mattel's counsel committed to explore and resolve that question within a week, and did so.  Attached as Exhibit 4 is a true and correct copy of an email I sent to Robert Herrington on December 15, 2007.

10.      Exactly one week later, Mattel confirmed that such a directory listing was feasible for the date range described by MGA, and offered to provide a directory listing.  Attached as Exhibit 5 is a true and correct copy of an email I sent to Robert Herrington on December 21, 2007.  Thereafter, the parties negotiated the

DECLARATION OF CHRISTOPHER TAYBACK

1   scope and agreed upon timing for the production of such a voluminous listing of

2   directories, and agreed that such a listing would be produced in early January 2008.

3             I declare under penalty of perjury under the laws of the United States of

4   America that the foregoing is true and correct.

5             Executed on January 7, 2008 at Los Angeles, California.

6

7                                                                     

8                   Christopher Tayback

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 1

**From:** Christopher Tayback

**Sent:** Friday, January 04, 2008 9:20 AM

**To:** 'Herrington, Robert J'

**Cc:** Timothy Alger; 'Eckles, Paul M (NYC)'; Christopher Tayback

**Subject:** RE: Follow-up to today's telephone call

Robert--

You seem to have changed what started out as a meet and confer on several issues to a series of interrogatories by email.

I believe I have answered several times now, on the telephone and by email, the "simple" question you claim to be asking. As I said to you by email on December 26: ". . . Mattel has searched the various electronic media in its possession which were likely to have responsive documents. That includes searches of some data retrieved from back-up tapes and some data retrieved from Zeus. What we have not done is incur the substantial time and expense associated with searching locations where we have no reason to believe responsive documents are located. If you have reason to believe some specific relevant document (or documents) is in Mattel's possession, please let us know. If you have information as to where such a document is located within the various data compilations maintained by Mattel, please say so and we will focus our efforts there."

You have not done so. Instead, you are asking whether Mattel has "searched" virtually every data compilation in existence for potentially responsive documents. As I have said to you, Mattel has not searched every document, or every data compilation, in the off-chance of finding something relevant. As you know, we are talking about lots of different systems, tapes, devices, storage mechanisms, etc., that span over a decade of data. You clearly want a short "sound bite" describing what Mattel did or did not do to search for documents. In fact, the way you described it to me on the telephone was that you were looking for some "categorical exclusion" of what, if anything, Mattel did not search. As I told you then, and reiterate now, the scope of what Mattel has done to search for documents involves a huge amount and a wide variety of data, and is not susceptible to a "categorical" statement or a sound bite. Mattel has properly looked where it has reason to believe it will find non-privileged, relevant documents, but not in places where it has no reasonable belief that it will find such documents. So, when you ask whether Mattel has searched the "backup tapes identified in Mr. Moore's [September 10, 2007] affidavit," you are expressly referring to his testimony that stated that Mattel preserved "in excess of 4,000 backup tapes containing hundreds of terabytes of data." (Paragraph 27). I told you myself, several times, that Mattel has not, and will not, restore every backup tape. However, I told you, if there was some specific document, or custodian, or location where some specific relevant document would likely be located, we could discuss how to obtain such a document (and at whose cost).

Indeed, I was not the first person to advise MGA of this fact. It has been discussed between counsel several times in the life of this case, and Mattel's counsel told the Court precisely this. And, we have offered to MGA on several occasions (in writing, on the record and orally) the Zeus backup tapes if MGA would prefer to search them itself.

In any event, you are asking now sweeping questions about whether Mattel searched any of dozens of different data sources, including over 4,000 backup tapes. Those questions properly asked as interrogatories (or depositions) in my opinion. In fact both parties have asked similar questions in

**EXHIBIT** **1** **PAGE** **4**

1/7/2008

discovery.

Mattel propounded an interrogatory (No. 47) asking MGA to identify the sources of information from which it collected documents. MGA objected and refused to respond (MGA's Response to Mattel's Interrogatory No. 47). That is the subject of a pending motion to compel. Why should Mattel answer "simple" questions--which you ask about dozens of different custodians and topics in sweeping, cursory fashion--when MGA refused to answer a similar interrogatory. I have to say, I think I showed more direct responsiveness in our few telephone conversations than it appears MGA has shown throughout the discovery process in this case. When you did ask me a discrete, answerable question--such as whether we had searched Lily Martinez's hard drive--I obtained the answer for you and gave it to you (the answer was "yes", though I don't think you liked that answer).

MGA has itself asked virtually the same question in the form of an interrogatory (No. 31)--signed by you, and propounded on December 4. I further cannot understand why you are asking me--in the guise of a "meet and confer"--to answer something that you know you just asked in the form of a discovery request.

You also say that you have received "conflicting" messages from Mattel. That is incorrect. As the support for your conclusion, you cite to your characterizations of conversations you had with me and Tim Alger--yet you will recall that as soon as you tried to summarize our conversation in an email, I promptly corrected you. Disingenuously, when you cite to your understanding of what I said, you refer only to your understanding of our oral conversations, and not the several emails that I have sent you explicitly stating our position. What I have said is consistent with what I wrote, not in conflict with it. I sincerely hope that we do not have to resort to communicating only in writing going forward.

You further compare your request to "similar" ones made by our firm to yours regarding whether it intended to stand on certain objections. I am perplexed by that comparison. To which "objections" to which RFP or Interrogatory are you referring? To my knowledge, you have not identified any.

Lastly, you mention the offer of a "source log"--which MGA offered to exchange in lieu of answering Mattel's Interrogatory No. 47. That offer was rejected because, among other things, the source log proposed by MGA would only identify the source of documents actually produced, not the places where searches were conducted (or not conducted) for documents not produced. As such, the source log would not be a satisfactory substitute for a response to Interrogatory No. 47. That is undoubtedly why MGA has refused to answer Mattel's Interrogatory -- because it calls for specific information about where MGA has searched and not searched for key early Bratz documents, which MGA does not want to disclose. Based on what you are seeking from me in your email, the source log proposed to be exchanged by MGA would not appear to provide MGA what it is looking for either to the extent any source searched did not ultimately result in the production of a responsive document. And, I note also that Mattel did not reject MGA's proposal to exchange a source log. In fact, Mattel asked MGA if that was a freestanding proposal MGA was making. MGA said it was not. The only "proposal" Mattel rejected was MGA's demand that Mattel waive its right to the information sought in Interrogatory 47 -- which MGA refuses to provide even in discovery and yet you now effectively demand we provide via email.

Regards,

Christopher Tayback

EXHIBIT __1__   PAGE __5__

---

**From:** Herrington, Robert J [mailto:Robert.Herrington@skadden.com]
**Sent:** Thursday, December 27, 2007 8:12 PM
**To:** Christopher Tayback
**Cc:** Timothy Alger; Eckles, Paul M (NYC)
**Subject:** RE: Follow-up to today's telephone call

Chris:

We are finding it very hard to understand why Mattel is refusing to provide a straightforward response to what is a very simple question - *has Mattel searched the archived email files and email backup tapes identified in Mr. Moore's affidavit (paragraphs 8, 10, 11, 12, 13, 22, 23, 27, 28) for documents responsive to MGA and Bryant's document requests and the categories of documents Mattel was ordered to produce by Judge Infante?*

As explained in my prior correspondence and during our telephone conversations, we are very concerned that Mattel has not been searching email because Mattel has produced about 2000 emails in this case (as compared to almost 20,000 emails produced by MGA) and because Mattel previously objected to searching or producing email. In connection with Judge Infante's May 22, 2007 Order compelling Mattel to produce documents, Mattel objected to searching and producing email based on a burden objection. Judge Infante overruled this and other objections and ordered Mattel to produce certain categories of documents. Mattel moved for reconsideration and asked for an extension of time. On July 19, 2007, Judge Infante denied the motion for reconsideration and ordered Mattel to produce all responsive documents called for in his Order by August 6, 2007. On September 12, 2007, Judge Infante granted another motion to compel filed by MGA, again overruling Mattel's objections and ordering Mattel to produce all responsive documents by September 28, 2007.

After the Court entered these Orders, Mattel produced some 1164 emails (broken down as follows: May 30, 2007: 67 emails produced; June 15, 2007: 292 emails produced; July 6, 2007: 6 emails produced; July 20, 2007: 98 emails produced; August 6, 2007: 45 emails produced; October 29, 2007: 656 emails produced). We have reviewed these documents and a majority have handwriting or other markings, indicating that they were stored and produced from hardcopy files, rather than from electronically stored data sources. This further supports our view that Mattel has not been searching archived email and email backup tapes for responsive documents.

We also are concerned because we are receiving conflicting messages from Mattel on this issue. During our meet and confer conference on December 14, 2007, Mr. Alger indicated that Mattel had not been searching archived or backed up email because of costs concerns and that these issues already had been addressed in prior briefing, including references to it costing more than $900,000 to search backed up email. Mr. Alger, however, declined to provide any further information until I put a further request in writing. I did so on

EXHIBIT ___1___  PAGE ___6___

December 17, 2007, and we met and conferred on December 26, 2007. During our call at 9:00am on December 26, I understood both you and Mr. Alger to say that archived and backed up email had not been searched because of cost concerns. When we spoke again later that afternoon, I understood you to be saying basically the same thing. But Mattel now appears to be retreating from that position. After multiple meetings and discussions, we still don't have a clear answer as to whether Mattel has been searching archived and backed up email. Mattel's refusal to answer the simple question of whether it has been searching email heightens our concern that Mattel is standing on its prior objections and has not been searching or producing email in response to our document requests and the Court's Orders.

Our inquiry regarding whether Mattel has been searching and producing email is no different from inquiries your firm has made of us regarding whether our client is standing on certain objections. I participated in a conference call with your partner, Scott Kidman, on Monday December 24, 2007 during which Mr. Kidman repeatedly asked whether MGA was standing on certain objections and we agreed to provide him with responses. Our current inquiry regarding Mattel email is no different. Mattel previously objected to searching for and producing email because of cost concerns. We are entitled to know whether Mattel is standing on that objection or not.

Finally, you reference the outstanding dispute regarding the interrogatory Mattel served on MGA regarding its search for documents. As noted in your papers, MGA agreed to provide a source log for documents it has produced in this case, provided that Mattel provides a similar log. As I understand it, Mattel refused this offer and filed a motion to compel. Are you suggesting that Mattel has reconsidered its position and wishes to exchange source logs as previously offered?

Thank you,
--rob


THIS E-MAIL MESSAGE IS CONFIDENTIAL AND INTENDED FOR THE PERSON(S) NAMED ABOVE ONLY. ALL OTHER USE, COPYING, OR DISTRIBUTION IS STRICTLY PROHIBITED.

**Robert J. Herrington**
**Skadden, Arps, Slate, Meagher & Flom LLP**
300 South Grand Ave. | Suite 3400 | Los Angeles, CA | 90071
☎ Direct: (213) 687-5368 | 🖨 Fax: (213) 621-5368 | 📧 Email: rherring@skadden.com

**Joanne Otero, Assistant to Robert Herrington**
☎ Direct: (213) 687-5252 | 📧 Email: jootero@skadden.com

---

**From:** Christopher Tayback [mailto:christayback@quinnemanuel.com]
**Sent:** Wednesday, December 26, 2007 9:27 PM
**To:** Herrington, Robert J (LAC)
**Cc:** Timothy Alger
**Subject:** Re: Follow-up to today's telephone call

**EXHIBIT  1      PAGE  7**

Case 2:04-cv-09049-DOC-RNB  Document 1491  Filed 01/08/08  Page 10 of 31  Page ID
#:16976
Re: Follow-up to today's telephone call                                    Page 5 of 9

Robert--

You clearly have concluded that whatever Mattel did to search for documents it was insufficient based on the fact that what was produced was not what MGA expected to receive. I can't respond to MGA's expectations (or yours) regarding the type or quantity of documents that you expected to receive.

I do ask, however, that you at least identify for me precisely which Mattel witnesses you believe have responsive documents that were not produced and which electronic data base you believe contains responsive documents that were not searched. To say that you believe some of the dozens of witnesses identified by Mattel in its initial disclosures and "interrogatory" responses is hardly helpful. As I said, if you want me to respond to any particular concern, I will try--but you have to state it with particularity. Indeed, you asked whether we searched Lily Martinez's computer, and I confirmed for you that we had.

I also note here that Tim Alger told you earlier that the next couple document productions will include emails. Of course, I cannot assure you that what we produce will meet MGA's expectations as to quantity of type of documents.

Having said that, you did not answer my question back to you: is MGA prepared to disclose to Mattel the manner and method by which it has searched for documents, including responding to the interrogatories previously propounded and which I referenced in my last email?


----- Original Message -----
From: Herrington, Robert J <Robert.Herrington@skadden.com>
To: Christopher Tayback
Cc: Timothy Alger
Sent: Wed Dec 26 18:31:43 2007
Subject: RE: Follow-up to today's telephone call

Chris:

We have reason to believe that the email Mattel preserved for several witnesses described as likely to have information regarding MGA, Bratz, and Carter Bryant, as set forth in Mr. Moore's affidavit, contain responsive information. Each of these witnesses has been listed in Mattel's initial disclosures and interrogatory responses as someone with relevant knowledge. It stands to reason that these individuals' emails would contain documents responsive to the topics identified in MGA and Bryant's document requests and the Court's Orders. We also believe the email files Mattel began to preserve in 2004 and 2005 in a more wholesale fashion are likely to have relevant information, as described in Mr. Moore's affidavit. As I explained, we have reason to believe that these email files have not been searched based on the very small number of emails produced by Mattel (less than 2000 at this point) and the objections previously raised by Mattel regarding searching email files. I also understood that Mattel had not searched these email records based on my prior conversation with you and Mr. Alger. Please confirm one way or the other whether these email files were searched for responsive information.

Thank you,
--rob

THIS E-MAIL MESSAGE IS CONFIDENTIAL AND INTENDED FOR THE PERSON(S) NAMED ABOVE ONLY. ALL OTHER USE, COPYING, OR DISTRIBUTION IS STRICTLY PROHIBITED.

Robert J. Herrington
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Ave. | Suite 3400 | Los Angeles, CA | 90071
' Direct: (213) 687-5368 | 7 Fax: (213) 621-5368 |, Email: rherring@skadden.com

Joanne Otero, Assistant to Robert Herrington
' Direct: (213) 687-5252 |, Email: jootero@skadden.com <mailto:jootero@skadden.com>

---

From: Christopher Tayback [mailto:christayback@quinnemanuel.com]

**EXHIBIT    1    PAGE   8**

1/7/2008

Sent: Wednesday, December 26, 2007 6:07 PM
To: Herrington, Robert J (LAC)
Cc: Timothy Alger
Subject: Re: Follow-up to today's telephone call


Robert--

That's incorrect. I said that Mattel has searched the various electronic media in its possession which were likely to have responsive documents. That includes searches of some data retrieved from back-up tapes and some data retrieved from Zeus. What we have not done is incur the substantial time and expense associated with searching locations where we have no reason to believe responsive documents are located. If you have reason to believe some specific relevant document (or documents) is in Mattel's possession, please let us know. If you have information as to where such a document is located within the various data compilations maintained by Mattel, please say so and we will focus our efforts there. When we spoke, you did not identify any specific relevant document or location that you believed contained a relevant document.

As I said before, we have previously sought from MGA specific information about whether it had searched specific boxes for particular documents. MGA refused to say whether it would or would not (or did or did not) search those specifically requested boxes, but said only that they searched boxes where they thought responsive documents would be located. MGA also has objected and refused to provide a proper answer to our interrogatory asking which databases it searched for responsive documents regarding the early timeframe for Bratz. Why is MGA entitled to a response from Mattel about how it has searched for responsive documentsd that MGA has been unwilling to provide to Mattel?

I am available tomorrow if you wish to discuss this further.

Chris Tayback

----- Original Message -----
From: Herrington, Robert J <Robert.Herrington@skadden.com>
To: Christopher Tayback
Cc: Timothy Alger
Sent: Wed Dec 26 17:24:13 2007
Subject: RE: Follow-up to today's telephone call

Chris:

I want to reconfirm my understanding based on our second conversation this afternoon. As I understand it, Mattel has been searching the sources of electronic information identified in Mr. Moore's affidavit to the extent Mattel believes they might contain responsive documents. The only exception is that Mattel has not been searching archived email / email backup tapes because of concerns regarding cost and whether the archives or backup tapes contain responsive information. Please let me know if that is not correct.

Our view is that archived email and backup tapes are sources that are reasonably likely to contain responsive documents and should be (should have been) searched. We also believe the burden/cost issue was addressed and overruled in connection with Judge Infante's May and September 2007 Orders. I will call you tomorrow morning to discuss.

Thank you,
--rob

THIS E-MAIL MESSAGE IS CONFIDENTIAL AND INTENDED FOR THE PERSON(S) NAMED ABOVE ONLY. ALL OTHER USE, COPYING, OR DISTRIBUTION IS STRICTLY PROHIBITED.

Robert J. Herrington
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Ave. | Suite 3400 | Los Angeles, CA | 90071
' Direct: (213) 687-5368 | 7 Fax: (213) 621-5368 | , Email: rherring@skadden.com

Joanne Otero, Assistant to Robert Herrington
' Direct: (213) 687-5252 | , Email: jootero@skadden.com <mailto:jootero@skadden.com>

**EXHIBIT    1    PAGE    9**

From: Christopher Tayback [mailto:christayback@quinnemanuel.com]
Sent: Wednesday, December 26, 2007 2:36 PM
To: Herrington, Robert J (LAC)
Cc: Timothy Alger
Subject: RE: Follow-up to today's telephone call

I don't think you understood me. Call me when you have 5 minutes. 213-443-3170.

From: Herrington, Robert J [mailto:Robert.Herrington@skadden.com]
Sent: Wednesday, December 26, 2007 2:30 PM
To: Christopher Tayback
Cc: Timothy Alger
Subject: RE: Follow-up to today's telephone call

My letter sought confirmation that Mattel had searched all of the electronic sources identified in Mr. Moore's affidavit (dated 9/10/07) for responsive documents. From our conversation earlier today, I had understand that the answer was "yes" - except for email backup tapes. My email below was referring to the computers identified in Mr. Moore's affidavit, paragraphs 14, 17, and 23.

Thank you,
--rob

THIS E-MAIL MESSAGE IS CONFIDENTIAL AND INTENDED FOR THE PERSON(S) NAMED ABOVE ONLY. ALL OTHER USE, COPYING, OR DISTRIBUTION IS STRICTLY PROHIBITED.

Robert J. Herrington
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Ave. | Suite 3400 | Los Angeles, CA | 90071
' Direct: (213) 687-5368 | 7 Fax: (213) 621-5368 | , Email: rherring@skadden.com

Joanne Otero, Assistant to Robert Herrington
' Direct: (213) 687-5252 | , Email: jootero@skadden.com <mailto:jootero@skadden.com>

From: Christopher Tayback [mailto:christayback@quinnemanuel.com]
Sent: Wednesday, December 26, 2007 2:18 PM
To: Herrington, Robert J (LAC)
Cc: Timothy Alger
Subject: RE: Follow-up to today's telephone call

Robert--

What "other computers" are you referring to below? Are you referring to the three people listed in paragraph 9 of Michael Moore's declaration?

Chris

**EXHIBIT 1 PAGE 10**

1/7/2008

From: Herrington, Robert J [mailto:Robert.Herrington@skadden.com]
Sent: Wednesday, December 26, 2007 11:39 AM
To: Christopher Tayback
Cc: Timothy Alger
Subject: RE: Follow-up to today's telephone call

Thank you Chris.

One point of clarification: Based on our conversation this morning, my understanding is that Mattel has searched all the other sources of electronically stored information identified in Mr. Moore's affidavit for responsive documents, aside from email backup tapes (and Zeus, which we are discussing separately). Is that correct? For example, has Lily Martinez's imaged hard drive been searched? What about the other computers identified in Mr. Moore's affidavit? I just want to make sure my understanding is correct on this point.

Thanks,
--rob

THIS E-MAIL MESSAGE IS CONFIDENTIAL AND INTENDED FOR THE PERSON(S) NAMED ABOVE ONLY. ALL OTHER USE, COPYING, OR DISTRIBUTION IS STRICTLY PROHIBITED.

Robert J. Herrington
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Ave. | Suite 3400 | Los Angeles, CA | 90071
' Direct: (213) 687-5368 | 7 Fax: (213) 621-5368 | , Email: rherring@skadden.com

Joanne Otero, Assistant to Robert Herrington
' Direct: (213) 687-5252 | , Email: jootero@skadden.com <mailto:jootero@skadden.com>

---

From: Christopher Tayback [mailto:christaybback@quinnemanuel.com]
Sent: Wednesday, December 26, 2007 10:44 AM
To: Herrington, Robert J (LAC)
Cc: Timothy Alger
Subject: Follow-up to today's telephone call

Robert--

One of the two issues I said I would follow up on after the call today is whether there are any Fontanella documents that are non-privileged and responsive to the third-party subpoena MGA served on her. The answer is no. Neither she nor Patel have any documents responsive to the third-party subpoenas.

Chris

---

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

****************************************************
This e-mail and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any e-mail, and any printout thereof.

EXHIBIT ___ PAGE ___

Re: Follow-up to today's telephone call

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
**************************************************

EXHIBIT 1     PAGE 12

Exhibit 2

**From:**      Christopher Tayback
**Sent:**      Monday, September 17, 2007 12:53 PM
**To:**        'Jglad@omm.com'
**Cc:**        Timothy Alger
**Subject:** Mattel v Carter Bryant and Consolidated Actions

Jennifer--

I did not hear back from you regarding a time today for meeting and conferring regarding the issues raised in your
letter to Tim Alger of September 10.  I assume that you were unable to work around the conflict you had this
morning.  As I mentioned, I am in court this afternoon, probably for the balance of the day.  Will you have time
tomorrow or (better for me) Wednesday?

Chris Tayback

EXHIBIT ___2___ PAGE __13__

Exhibit 3

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### 300 SOUTH GRAND AVENUE
### LOS ANGELES, CALIFORNIA 90071-3144
___

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

DIRECT DIAL
(213) 687-5368
DIRECT FAX
(213) 621-5368
EMAIL ADDRESS
IHEHRING@SKADDEN.COM

FIRM/AFFILIATE OFFICES
___
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
___
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 7, 2007

VIA FACSIMILE & U.S. MAIL

Timothy L. Alger, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:   *Mattel v. Bryant*

Dear Mr. Alger:

We are writing to follow-up on the previous meet and confer efforts regarding Mattel's electronic document production, including production from its Zeus server. We also are writing regarding the outstanding document requests served on each side and would like to schedule a meet and confer session to discuss each side's production.

As you are aware, Mattel has been ordered to produce responsive documents from the Zeus server. In addition, Mattel's counsel has represented to the Court that it will make the Zeus server available for our inspection and review. At the November 21, 2007 meet and confer session, we asked Jon Corey of your office to provide an index of the several thousand backup tapes for the Zeus server so we could better understand the size and content of that server. Mr. Corey has not responded to our request. We renew our request and ask that these indices be sent to us as soon as possible.

In addition to the issues regarding the Zeus server, MGA has served additional document discovery on Mattel, including MGA's Sixth and Seventh Set of Requests for Production. MGA also recently served its responses to Mattel's Third and Fourth Set of Requests for Production and will be serving responses to other outstanding document requests in the next few weeks. Although MGA invited Mattel to meet and confer on this discovery over a week ago, we have yet to hear from you.

In light of the outstanding document discovery facing MGA and Mattel and the pending close of Phase I discovery, now appears to be the appropriate time for the parties to confer regarding search protocols for the electronically stored information in this case. To this end, we suggest that the parties confer as soon as

**EXHIBIT   3   PAGE   14**

Timothy L. Alger, Esq.
December 7, 2007
Page 2

possible to agree upon appropriate search terms and protocols for the pending discovery requests that relate to the issues to be tried in Phase I.

        We can be available anytime on December 14 or 18. Please let us know what times work for you.

        Sincerely,

        Robert J. Herrington

RJH:nl

**EXHIBIT   3   PAGE  15**

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### 300 SOUTH GRAND AVENUE
### LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE NO.: (213) 687-5000
FACSIMILE NO.: (213) 687-5600

EMAIL: rherring@skadden.com

## FACSIMILE TRANSMITTAL SHEET

FROM: Robert J. Herrington                    DATE: December 7, 2007

DIRECT DIAL: (213) 687-5368                  FLOOR/OFFICE NO.:

DIRECT FACSIMILE: (213) 621-5368

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

### TOTAL NUMBER OF PAGES INCLUDING COVER(S):

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1.  NAME: Timothy L. Alger, Esq.          FIRM: Quinn Emanuel Urquhart, etc.

    CITY: Los Angeles                     TELEPHONE NO.: (213) 443-3000

    FACSIMILE NO.: (213) 443-3100

MESSAGE:

**EXHIBIT   3    PAGE 16**

# Confirmation Report — Memory Send

Time    : 12-07-2007   04:51pm
Tel line : 42136877808
Name    :

| | | |
|---|---|---|
| Job number | : | 679 |
| Date | : | 12-07  04:50pm |
| To | : | 84433100 |
| Document pages | : | 003 |
| Start time | : | 12-07  04:50pm |
| End time | : | 12-07  04:51pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 679          *** SEND SUCCESSFUL ***

---

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
### 300 SOUTH GRAND AVENUE
### LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE No.: (213) 687-5000
FACSIMILE No.: (213) 687-5600

EMAIL: rherring@skadden.com

### FACSIMILE TRANSMITTAL SHEET

FROM: **Robert J. Herrington**                          DATE: **December 7, 2007**
DIRECT DIAL: **(213) 687-5368**                         FLOOR/OFFICE No.: _____
DIRECT FACSIMILE: **(213) 621-5368**

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY ADVISED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-9443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES (INCLUDING COVER(S)): _____

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1.  NAME: **Timothy L. Alger, Esq.**                FIRM: **Quinn Emanuel Urquhart, etc.**
    CITY: **Los Angeles**                           TELEPHONE No.: **(213) 443-3000**
    FACSIMILE No.: **(213) 443-3100**

MESSAGE:

---

EXHIBIT **3** PAGE **17**

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### 300 SOUTH GRAND AVENUE
### LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE NO.: (213) 687-5000
FACSIMILE NO.: (213) 687-5600

EMAIL: RHERRING @skadden.com

## FACSIMILE TRANSMITTAL SHEET

FROM: Robert J. Herrington                         DATE : December 10, 2007

DIRECT DIAL: (213) 687-5368                        FLOOR/OFFICE NO.: 36

DIRECT FACSIMILE: (213) 621-5368

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):   10

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1.  NAME: Mr. B. Dylan Proctor, Esq.              FIRM: Quinn Emanuel Urquhart, etc.
    CITY: Los Angeles                             TELEPHONE NO.: (213) 443-3000
    FACSIMILE NO.: (213) 443-3100

2.  NAME: Mr. Jon D. Corey, Esq.                  FIRM: Quinn Emanuel Urquhart, etc.
    CITY: Los Angeles                             TELEPHONE NO.: (213) 443-3000
    FACSIMILE NO.: (213) 443-3100

MESSAGE: Please see attached letter.

EXHIBIT ___3___   PAGE __18__

# Confirmation Report - Memory Send

Time     : 12-10-2007   04:39pm
Tel line : +2136877808
Name     :

| | | |
|---|---|---|
| Job number | : | 684 |
| Date | : | 12-10  04:37pm |
| To | : | 94433100 |
| Document pages | : | 010 |
| Start time | : | 12-10  04:37pm |
| End time | : | 12-10  04:39pm |
| Pages sent | : | 010 |
| Status | : | OK |

Job number   : 684            *** SEND SUCCESSFUL ***

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE No.: (213) 687-5000
FACSIMILE No.: (213) 687-5600

EMAIL: rherrin @skadden.com

### FACSIMILE TRANSMITTAL SHEET

FROM: Robert J. Herrington
DIRECT DIAL: (213) 687-5368
DIRECT FACSIMILE: (213) 621-5368

DATE: December 10, 2007
FLOOR/OFFICE No.: 36

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LEGAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443. WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):   10

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1. NAME: Mr. B. Dylan Proctor, Esq.      FIRM: Quinn Emanuel Urquhart, etc.
   CITY: Los Angeles                     TELEPHONE No.: (213) 443-3000
   FACSIMILE No.: (213) 443-3100

2. NAME: Mr. Jon D. Corey, Esq.          FIRM: Quinn Emanuel Urquhart, etc.
   CITY: Los Angeles                     TELEPHONE No.: (213) 443-3000
   FACSIMILE No.: (213) 443-3100

MESSAGE: Please see attached letter.

493746.01-Los Angeles Server 1A - MSW

EXHIBIT ___3___ PAGE ___19___

Exhibit 4

**From:**   Herrington, Robert [RHERRING@skadden.com]
**Sent:**   Saturday, December 15, 2007 8:13 AM
**To:**     Christopher Tayback
**Cc:**     Timothy Alger
**Subject:** Re:

Thank you.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

----- Original Message -----
From: Christopher Tayback <christayback@quinnemanuel.com>
To: Herrington, Robert
Cc: Timothy Alger <timalger@quinnemanuel.com>
Sent: Sat Dec 15 11:11:28 2007
Subject: Re:

Tuesday probably does work for me, but I need to check my calendar and confirm the time with you later this weekend.

I will look into those other issues next week as well.

Regards,

Chris

----- Original Message -----
From: Herrington, Robert <RHERRING@skadden.com>
To: Christopher Tayback
Cc: Timothy Alger
Sent: Sat Dec 15 07:49:19 2007
Subject: Re:

Thank you Chris. I would appreciate conducting a short status call on Tuesday if you don't mind. Would you be available at about noon?

On the other issue - thank you.

We do have those documents. That said, we (a) thought there would be more, (b) had asked Mr Alban about the status of the privilege log, (c) were seeking confirmation that all responsive docs were being produced, and (d) were seeking confirmation that no docs were being withheld based on the objections.

We do need confirmation on these issues.
Thanks again.
--rob


EXHIBIT ___4___   PAGE __20__

1/4/2008

*******************************************
This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*******************************************

----- Original Message -----
From: Christopher Tayback <christayback@quinnemanuel.com>
To: Herrington, Robert
Cc: Timothy Alger <timalger@quinnemanuel.com>
Sent: Sat Dec 15 10:39:13 2007
Subject:

Rob--

It was a pleasure finally speaking with you yesterday.  I am glad I now know who is handling these issues for your side of the case.

I wanted to confirm that you asked me to investigate the feasibility of producing to you a print out of the "directory" or list of file and sub-file names from Zeus for a certain period of time (you suggested 1998-2001) in order to provide you a means that you believe will assist you to identify files tha you believe might be relevant.  You indicated that you thought this approach, if workable, would be better for you than a "keyword" search since some files on Zeus are non-textual, image files.  I said I would look into your proposal and get back to you next week.

You also asked about the status of a document production about which you had been communicating with Juan Pablo Alban of our office.  I did look into that very shortly after our conversation, and I believe the documents to which you were referring were produced last Monday as part of the Bates range M 0257828 - 839.

I will be in touch next week.

Best regards,

Christopher Tayback

------------------------------------------------
To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

*******************************************
This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*******************************************

EXHIBIT __4__ PAGE __21__

1/4/2008

```
--------------------------------------------------------------------
********************************************************
This email and any attachments thereto, is intended only for use by the addressee(s)

Further information about the firm, a list of the Partners and their professional qu
********************************************************
====================================================================
```

**EXHIBIT** ___4___ **PAGE** ___22___

Exhibit 5

**From:** Herrington, Robert J [Robert.Herrington@skadden.com]
**Sent:** Friday, December 21, 2007 8:54 AM
**To:** Christopher Tayback
**Subject:** RE: Mattel v. MGA--Zeus

Chris:

We will review your response below closely, but I note a at least a few inaccuracies right away.

First, as my emails to you earlier this week confirmed, the 1998-2001 range was just an example, not a proposal. The listing would need to be for the full range of relevant dates, as required by the Court's Order.

Second, the proposal regarding printing the file and directory structures for Zeus was made by Tim Miller at the November 21, 2007, so you are incorrect in stating that this was proposed for the first time last Friday. At that time, Mr. Zeller rejected the proposal as unworkable. I take it from your email that Mr. Zeller's statements to us during that meeting were incorrect.

Third, as you note, the purpose of this meet and confer is to discuss the appropriate searching of Zeus as Mattel is required to do by Court Order. The time for Mattel to comply with the Order has passed and we need to work diligently to complete this discovery.

I will be in touch.

--rob

THIS E-MAIL MESSAGE IS CONFIDENTIAL AND INTENDED FOR THE PERSON(S) NAMED ABOVE ONLY.  ALL OTHER USE, COPYING, OR DISTRIBUTION IS STRICTLY PROHIBITED.

**Robert J. Herrington**
**Skadden, Arps, Slate, Meagher & Flom LLP**
300 South Grand Ave. | Suite 3400 | Los Angeles, CA | 90071
☎ Direct: (213) 687-5368 | 🖷 Fax: (213) 621-5368 | 📧 Email: rherring@skadden.com

**Joanne Otero, Assistant to Robert Herrington**
☎ Direct: (213) 687-5252 | 📧 Email: jootero@skadden.com

---

**From:** Christopher Tayback [mailto:christayback@quinnemanuel.com]
**Sent:** Friday, December 21, 2007 8:21 AM
**To:** Herrington, Robert J (LAC)
**Cc:** Timothy Alger; Michael T Zeller
**Subject:** Mattel v. MGA--Zeus

Robert:

EXHIBIT  **5**  PAGE  **23**

1/4/2008

As I said when we spoke last Friday, I would get back to you this week regarding Zeus.

At the outset, you have sent several letters and emails over the past days in an apparent attempt to create an inaccurate record that MGA has moved expeditiously, and Mattel has not, on this issue. Quite the opposite is the case. Even apart from the fact that Mattel has repeatedly offered defendants its Zeus tapes since 2005, and as you know from our prior conversation, I have personally been attempting to address these issues with defense counsel since September, but nevertheless did not receive any communication since September 17, when your predecessor, Jennifer Glad, never called me back to schedule a time to speak.  Further, Mike Zeller made proposals to address the Zeus tapes at the parties' meet and confer on November 21, 2007. Even though Tim Miller said he would consult with MGA's experts and get back to us, we heard nothing further from MGA on the topic for over two weeks. Once we did hear back, I called you promptly and accepted the first available date you offered to discuss it—December 14. Given the fact that my first conversation with you was only a week ago, and my response is precisely within the timeframe I told you, I do not understand the repeated sense of urgency your recent communications attempt to portray.

Turning to the issue at hand, MGA proposed for the first time last Friday that Mattel produce a listing of the directories and sub-directories on Zeus for a certain period of time (you suggested 1998-2001). I have looked into the matter and believe that we should be able to produce a listing of the directories and sub-directories from January 1, 1998 through December 31, 2001 (reflecting all files and sub-files that were created or modified within that date range) from the Zeus back-up tapes.

Before doing that, however, we ask that you confirm that this is the final method by which MGA would attempt to identify potentially relevant documents that you might thereafter request with particularity.  As you know (and as described generally above), we have discussed with MGA's counsel on several occasions for many months the various options for further searching the Zeus backup tapes, including, for example, by the use of additional "keyword searches" (with the inherent limitations such searches have because of the voluminous number of graphical files on the Zeus tapes) or by providing MGA with tapes from the approximately 5,000 Zeus back-up tapes which Mattel has in storage to search for itself (subject to a discussion of any appropriate cost shifting requirements). Indeed, most recently, Mike Zeller had discussed those two options with MGA's counsel during the meet and confer on November 21.

You have now proposed that we produce to MGA the directories and sub-directories for a specified period of time presumably because that is, in your judgment, the best method for MGA to identify specifically relevant documents. We do not want to go through the considerable time, effort and expense of generating such a listing for production to MGA for MGA only then to insist on a different course, such as seeking the production of tapes, since MGA could itself generate a file listing from the tapes themselves and thus would render Mattel's creation of the listing for MGA a wasted, duplicative effort.

If this is acceptable to you, we can proceed to generate such a listing for production and can determine a schedule by which to provide you with this listing. I look forward to hearing from you.

Regards,


Christopher Tayback

--------------------------------------------------------------------
To ensure compliance with Treasury Department regulations, we advise you that, unles

****************************************************
This email and any attachments thereto, is intended only for use by the addressee(s)

Further information about the firm, a list of the Partners and their professional qu
****************************************************

**EXHIBIT   5   PAGE   24**

===================================================================================

EXHIBIT __5__ PAGE __25__

1/4/2008