QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]**<br><br>DECLARATION OF JON D. COREY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL STERN & GOLDBERG TO PRODUCE DOCUMENTS; MOTION TO COMPEL FARHAD LARIAN TO PRODUCE DOCUMENTS; AND MOTION TO COMPEL KAYE SCHOLER TO PRODUCE DOCUMENTS<br><br>Hearing Date: TBA<br>Time: TBA<br>Place: Telephonic<br><br>**Phase 1**<br>Discovery cutoff: January 28, 2007<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2349189.1

DECLARATION OF JON D. COREY

I, Jon D. Corey, declare as follows:

1. I am a member of the bars of the State of California and the District of Columbia. I am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. On January 9, 2008 at 1:41 p.m., the Discovery Master continued the hearing on Mattel, Inc.'s Motion to Compel Stern & Goldberg to Produce Documents, Mattel, Inc.'s Motion to Compel Farhad Larian to Produce Documents, and Mattel, Inc.'s Motion to Compel Kaye Scholer to Produce Documents pending Judge Larson's final ruling regarding the authority of the Discovery Master.

3. On January 9, 2008 at 4:39 p.m. I received via the District Court's automated electronic e-mail delivery service Judge Larson's minute order regarding Mattel, Inc.'s Motion For Order Confirming That The Discovery Master Hears And Resolves All Discovery Disputes, Including Those With Third Parties (the "Motion"). In that Minute Order, Judge Larson held that the "Court's order referred to the Discovery Master any and all discovery disputes, including those involving third parties. Although the parties stipulated to the Discovery Master, that stipulation was entered as the Court's order, and as such, all parties are subject to that order unless relieved from it upon proper motion." A true and correct copy of that Minute Order is attached as Exhibit A.

4. The Minute Order relating to the Motion contained a typographical error reflecting that the Motion was denied. That Motion, as correctly noted in the caption of the Minute Order, was granted. By subsequent minute order dated January 10, 2008, the Court corrected that typographical error and amended

///
///
///

the Minute Order to reflect that the Motion was granted. A true and correct copy of the amending minute order is attached as Exhibit B.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed on January 10, 2008, at Los Angeles, California.

_____
Jon D. Corey

**Exhibit A**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.   CV 04-09049 SGL(RNBx)                    Date: January 7, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS
==================================================================

PRESENT: HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                                          Theresa Lanza
Courtroom Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR CARTER           ATTORNEYS PRESENT FOR MATTEL:
BRYANT: **Christa Martine Anderson**   **John B. Quinn and Michael T. Zeller**

ATTORNEYS PRESENT FOR MGA:             ATTORNEY PRESENT FOR CARLOS
**Thomas J. Nolan**                    GUSTAVO MACHADO GOMEZ:
**Carl A. Roth**                       **Mark E. Overland**
**Anna Park**
                                       ATTORNEY PRESENT FOR NON-PARTY
ATTORNEY PRESENT FOR NON-              STERN & GOLDBERG: **Kien C. Tiet**
PARTIES ANA ELISE CLOONAN,
MARGARET HATCH-LEHY, AND               ATTORNEY PRESENT FOR NON-PARTY
VERONICA MARLOW: **Larry W.**          KAYE SCHOLER, LLP: **Bryant S. Delgadillo**
**McFarland**

PROCEEDINGS:   **ORDER GRANTING IN PART AND DENYING IN PART
               MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL
               DISCOVERY (DOCKET #1134)**

               **ORDER GRANTING MOTION TO ENFORCE THE COURT'S
               ORDER OF AUGUST 27, 2007, AND DENYING REQUEST FOR
               SANCTIONS (DOCKET #1143)**

MINUTES FORM 90                                     Initials of Deputy Clerk: jh
CIVIL -- GEN                         1              Time: 1/30

EXHIBIT _A_ PAGE _4_

### ORDER GRANTING MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

### ORDER GRANTING CARTER BRYANT AND MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

These matters were heard on January 7, 2008. The Court rules as set forth below.

To the extent that this Order decides issues more properly decided by the Discovery Master and/or preempts issues currently pending before the Discovery Master, it does so only to resolve those issues in the most expeditious manner possible. As the Court's order appointing the Discovery Master requires, any and all discovery disputes must be presented to the Discovery Master for his resolution.

### MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY (DOCKET #1134)

This motion is **GRANTED IN PART**. Leave to take additional depositions and propound additional interrogatories are granted to the extent they are consistent with Fed. R. Civ. P. 26(b)(2). See Fed. R. Civ. P. 30(a)(2)(A) (depositions), 33(a) (interrogatories). Rule 26(b)(2) requires a Court to limit discovery where it is unreasonably cumulative or duplicative; where it can be obtained from a more convenient, less burdensome, or less expensive source; where a party has already had ample opportunity to obtain information from discovery; where the burden or the expense of the requested discovery outweighs its likely benefit, taking into account the factors of the parties' resources, the importance of the issues at stake, and the importance of the requested discovery in resolving these issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Considering this standard, the Court concludes that Mattel has shown good cause to grant additional discovery given the complexity of this case, the number of parties, recent developments related to the substitution of counsel, the concerns regarding retention and spoliation of evidence, and the delay in receiving paper

| MINUTES FORM 90 | | Initials of Deputy Clerk: jh |
|---|---|---|
| CIVIL -- GEN | 2 | Time: 1/30 |

EXHIBIT _A_ PAGE _5_

discovery caused by numerous discovery disputes and a Court-imposed stay requested by MGA upon substitution of counsel. Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO claims (set forth in the moving papers at 13). Mattel may serve the notices of deposition and propound the interrogatories attached to the moving papers as Exs. A - C. Additionally, the parties must answer Mattel's previously propounded interrogatories to which the sole objection raised was that those interrogatories exceeded the allowable number of interrogatories.

The Court has heretofore refrained from bifurcating discovery relating to Phase 1 and Phase 2, believing that such an action is fraught with the potential of unnecessarily compounding discovery disputes in a case already predisposed to such disputes. Nevertheless, in light of the additional discovery permitted by this Order, and to the extent that counsel for the parties who are asserting or defending against claims to be tried in Phase 2 of the trial are in agreement, the Court will consider a stipulation of those parties that designates certain depositions as "Phase 2" depositions that may be conducted during the month of February, if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1.

Conversely, in light of the standard of review employed regarding the Discovery Master's orders, the Court **DENIES** that portion of Mattel's motion that seeks additional time in which to depose Carter Bryant. The Court cannot say that the Discovery Master's order allowing an additional nine hours to depose Carter Bryant is contrary to law based on the Discovery Master's unchallenged factual findings.

## MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND REQUEST FOR SANCTIONS (DOCKET #1143)

This motion is **GRANTED**. The Court's order clearly applied to "all parties." No party sought relief therefrom or clarification of the Court's order.

As prepared in purported compliance with the Court's order, the affidavit of Carlos Gustavo Machado Gomez is inadequate as it lacks facts and relies instead on conclusory language. Machado must file an affidavit that complies with the

Court's order as set forth below.

Carter Bryant has refused to comply with the Court's order and has not filed the required affidavit.

Both these parties must file, on or before January 15, 2008, an affidavit setting forth a factual description of their preservation efforts, policies, customs, and/or practices with respect to potentially discoverable documents related to the present litigation. The failure of these parties to comply with this Order will result in the imposition of contempt sanctions to coerce their compliance.

The Court **DENIES** Mattel's request for costs and sanctions.

### MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

This motion is **DENIED**. The Court's order referred to the Discovery Master any and all discovery disputes, including those involving third parties.

Although the parties stipulated to the Discovery Master, that stipulation was entered as the Court's order, and as such, all parties are subject to that order unless relieved from it upon proper motion.

The order was entered as a valid Rule 53(a)(1)(C) order, not requiring the consent of any party or nonparty. Machado has not convinced the Court that, as a subsequently added party, he was required to be given the opportunity to object to the order before it could be applied to him. See Fed. R. Civ. P. 53(b)(1) (requiring notice and opportunity to be heard prior to the appointment of a special master). Importantly, Machado could have, but did not, seek relief from this order within a reasonable amount of time after he became a party to this case. Furthermore, the Court does not find any basis to exclude Machado from the reach of the Court's order appointing the Discovery Master pursuant to his present objections.

### DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

Carter Bryant and the MGA defendants may depose the ten individuals set

forth in their moving papers. The testimony of all Rule 30(b)(6) witnesses "count" as only one deposition for purposes of determining the total number of depositions conducted by each side.

Carter Bryant and the MGA defendants are not relieved of the requirement that they serve subpoenas on all these deponents other than the current officers of Mattel (represented to the Court to be Tim Kilpin, Kevin Farr, and Evelyn Viohl). To the extent that Mattel has made prior written agreements to produce deponents who are under its control, it is expected to do so.

As to all the depositions permitted by this Order, all counsel are expected to coordinate their schedules with those of the deponents such that the depositions are held prior to the discovery cutoff date of January 28, 2008. However, as set forth above in connection with Mattel's motion to take additional discovery, Phase 2 depositions may be taken in February pursuant to a Court-approved stipulation.

IT IS SO ORDERED.

EXHIBIT _β_ PAGE _8_

**Exhibit B**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                     Date: January 9, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS
==============================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

           Jim Holmes                                N/A
           Courtroom Deputy Clerk                    Court Reporter


PROCEEDINGS:   **ORDER AMENDING COURT'S MINUTE ORDER OF JANUARY 7, 2008**
               **(In Chambers)**

    The Court's Minute Order dated January 7, 2008, incorrectly noted on page 4 that Mattel's motion seeking clarification regarding the Court's Order appointing the Discovery Master (docket #1244) was **DENIED**. That motion, as correctly noted in the caption of the January 7, 2008, Order, was **GRANTED**. Accordingly, the Court **AMENDS** the Court's January 7, 2008, Order as follows:

    Page four: The sentence "This motion is **DENIED**." is stricken, and the following sentence is substituted in its place: "This motion is **GRANTED**."

    IT IS SO ORDERED.


MINUTES FORM 90                                      Initials of Deputy Clerk: jh
CIVIL -- GEN                       1

EXHIBIT _B_ PAGE _9_