**OVERLAND BORENSTEIN SCHEPER & KIM LLP**
MARK E. OVERLAND (State Bar No. 38375)
moverland@obsklaw.com
DAVID C. SCHEPER (State Bar No. 120174)
dscheper@obsklaw.com
ALEXANDER H. COTE (State Bar No. 211558)
acote@obsklaw.com
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144
Telephone: (213) 613-4655
Facsimile: (213) 613-4656

**Attorneys for
Carlos Gustavo Machado Gomez**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT<br><br>    Plaintiff,<br><br>v.<br><br>MATTEL, INC.,<br><br>    Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. 04-9049 SGL (RNBx)<br><br>Consolidated with CV 04-9059 and CV 05-2727<br><br>**[DISCOVERY MATTER]**<br><br>**[Filed Before Discovery Master Hon. Edward Infante (Ret.)]**<br><br>**CARLOS GUSTAVO MACHADO GOMEZ'S *SUPPLEMENTAL* MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL (1) DEPOSITION OF CARLOS GUSTAVO MACHADO GOMEZ [AND] (2) CONSENT TO PRODUCTION OF ELECTRONIC MAIL MESSAGES;**<br><br>**DECLARATION OF ALEXANDER H. COTE IN SUPPORT THEREOF; DECLARATION OF CARLOS GUSTAVO MACHADO GOMEZ IN SUPPORT THEREOF** |

## I. INTRODUCTION

Mattel initially filed the instant motion on November 15, 2007. At that time, the scope of the discovery master's jurisdiction was unresolved. Accordingly, Mr. Machado opposed the motion solely on jurisdictional grounds. On January 9, 2008, counsel received an order from the District Court, clarifying that the Discovery Master has jurisdiction over discovery disputes between Mattel and Mr. Machado. Accordingly, Mr. Machado respectfully submits this supplemental memorandum in opposition to Mattel's motion.

## II. MR. MACHADO'S DEPOSITION WAS SET FOR JANUARY 15 BUT WAS RESCHEDULED DUE TO A CONFLICT

Despite Mattel's claims to the contrary, counsel for Mr. Machado have been cooperating with Mattel to arrange this deposition. Counsel for Mr. Machado and counsel for Mattel recently agreed to conduct the deposition on January 15, 2008, and counsel for Mattel sent an amended notice to that effect. However, due to a scheduling conflict, the deposition was recently postponed.

As the Court's recent order makes clear, "all counsel are expected to coordinate their schedules with those of the deponents such that the depositions are held." (Corey Second Supplemental Decl. Ex. 10 at 5.) Mattel's objection to the postponement of Mr. Machado's deposition is in conflict with the Court's directive that the parties "coordinate their schedules." The deposition was set to go forward, and would have gone forward, absent a conflict arising with MGA's counsel. Jack DiCanio, a partner at Skadden Arps and the attorney selected by MGA to handle issues involving Mr. Machado, was unable to travel to Mexico City for the deposition, and therefore, asked that it be postponed. MGA is Mr. Machado's current employer, as well as the alleged recipient of the so-called trade secrets Mr. Machado is accused of misappropriating. Thus, not only does MGA have the right as a party to attend every deposition conducted in this matter, but MGA has an especial interest in attending Mr. Machado's deposition. As a result of Mr.

Dicanio's conflict, and at his express request, counsel for Machado notified Mattel's counsel that the deposition would be continued.

However, counsel for Mr. Machado remains willing to work with Mattel and MGA to select a deposition date that is equally convenient for all parties. Scheduling that deposition, however, is difficult and costly, as Mr. Machado is currently restricted from traveling outside Mexico, as a result of Mattel's decision to begin a criminal proceeding in Mexico against Mr. Machado.[1] However, Mr. Machado can petition the Mexican authorities for leave to travel to the United States, although such leave appears to be discretionary and therefore somewhat unpredictable.

In order to avoid the inconvenience and unnecessary expense of requiring four sets of counsel (*i.e.*, counsel for Mattel, Isaac Larian/MGA, Carter Bryant and Mr. Machado) as well as the deposition officer and videographer to travel to Mexico City, Mr. Machado proposes the following procedure for scheduling his deposition. The parties should select a mutually agreeable date for the deposition, to take place in Los Angeles sometime in late February. With a sufficient lead time, Mr. Machado's counsel can submit the deposition notice to the Mexican authorities, and request leave for Mr. Machado to attend the deposition in the United States. If that request is denied, only then should the parties travel to Mexico City for the

---

[1] In its improperly filed "Notice of Withdrawal," Mattel states that it agreed to schedule the deposition in Mexico "as an accommodation to him." Like so many of Mattel's claims, this is pure fiction. Mr. Machado cannot travel to the United States without leave of the Mexican authorities. Counsel for Mr. Machado preferred to avoid the needless expense of travel to Mexico by attempting to obtain a modification of Mr. Machado's travel restrictions. It was counsel for Mattel that insisted on having the deposition in Mexico. Accordingly, Mattel's *new* request, that the deposition be ordered to take place in the United States, is futile. Even if this relief were granted, Mr. Machado would be unable to comply with the Discovery Master's order because of court imposed travel restrictions. Accordingly, the approach described above *infra* is the most efficient and cost-effective way of scheduling Mr. Machado's deposition.

3

deposition. This approach would most likely minimize expense and burdens on the parties to the litigation.

Nor is there any urgent need to conduct this deposition any earlier. The Court's recent order stated:

> As to all the depositions permitted by this Order, all counsel are expected to coordinate their schedules with those of the deponents such that the depositions are held prior to the [Phase 1] discovery cutoff date of January 28, 2008. However, as set forth above in connection with Mattel's motion to take additional discovery, Phase 2 depositions may be taken in February pursuant to a Court-approved stipulation.

(Corey Second Supplemental Decl. Ex. 10 at 5.) As the Court's order makes clear, Phase 2 depositions may be conducted in February. Mr. Machado is a party only to Phase 2, and has no role in Phase 1.[2] Accordingly, rescheduling the deposition in February is appropriate.

### III. MATTEL IS NOT ENTITLED TO WHOLESALE PRODUCTION OF MR. MACHADO'S PERSONAL EMAILS

Mattel also demands an order compelling Mr. Machado to consent to the wholesale production of his personal emails, kept in his Yahoo! account. The subpoena requests are overly broad and will impermissibly invade the attorney client privilege, as well as the work product privilege. Moreover, Mr. Machado has already reviewed his Yahoo! emails for documents responsive to Mattel's First Set

---

[2] In the Court's October 31, 2007 order, the Court expressly vacated *all* Phase 2 discovery deadlines. (Second Supplemental Corey Decl. Ex. 12 at 2.) It is difficult to reconcile the language in the January 7, 2008 Order – which seems to require Phase 2 depositions to occur in January and February, 2008 – with the October 31, 2007 Order – which vacates any deadlines for Phase 2 discovery. Counsel for Machado requested clarification from the Court, but has received no response.

1  of Requests for Documents and Things, which contained eighty-five requests, and
2  found no responsive documents. Accordingly, Mr. Machado satisfied his discovery
3  obligations, and Mattel's request should be denied.
4      Mattel concedes that its subpoena to Yahoo! falls under the Secured
5  Communications Act (the "SCA"), 18 U.S.C. § 2701-2712. The SCA declares that,
6  subject to certain conditions and exceptions, "a person or entity providing an
7  electronic communication service to the public shall not knowingly divulge to any
8  person or entity the contents of a communication while in electronic storage by that
9  service...." *Id.* at § 2702(a)(1). An exception exists for disclosures made with the
10 consent of a party to the communication.[3] *Id.* at § 2702(b)(3). Accordingly, Mattel
11 contends that Mr. Machado should be compelled to consent to the production, citing
12 *dicta* in *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1446 (2006). However,
13 Mattel has cited no authority for the proposition that a litigant has the unfettered
14 right to demand production of all emails, irrespective of relevance or privilege.
15 Rather, *O'Grady* concludes that even a narrowly drawn subpoena is subject to the
16 requirements of the SCA. *Id.* at 1443 n. 11.
17     The SCA is a reflection of "Congress's judgment that users have a legitimate
18 interest in the confidentiality of communications in electronic storage at a
19 communications facility." *Theofel v. Farey-Jones*, 359 F.3d 1066, 1071-1075 (9th
20 Cir. 2004). Accordingly, the Act protects parties from overbroad subpoenas. *Id.*
21 (finding that SCA was violated by ISP's provision of emails pursuant to overbroad
22 subpoena.)

---

[3] Consent is not required for documents that do not reflect the content of emails. 18 U.S.C. § 2702(c)(6). Yahoo has informed counsel for Mr. Machado that those documents would be produced in response to Mattel's subpoena. (Cote Decl. ¶ 4.) Notably, Mattel has not provided copies of these documents to Mr. Machado's counsel. In any event, these documents presumably satisfy Requests 1, 2 and 18-22 of Mattel's subpoena. (Corey Decl. Ex. 31.)

1  Mr. Machado has properly refused to consent to the production of these
2  emails because the subpoena is overbroad. The subpoena seeks essentially every
3  email Mr. Machado has ever sent or received that concerns Mattel, MGA or certain
4  employees at MGA. (*See* Corey Decl. Ex. 31 at ¶¶ 5-6, 8-9, 15, 17.) The MGA
5  employees are also identified in Mattel's complaint as co-conspirators with Mr.
6  Machado and MGA. Mattel is Mr. Machado's former employer and MGA is his
7  current employer. Clearly emails that merely mention these two companies are not
8  necessarily relevant to this matter.[4]

9  But, more importantly, certain communications responsive to the subpoena –
10 that is, communications that mention MGA, Mattel or certain alleged co-
11 conspirators by name – are privileged. Communications between counsel and Mr.
12 Machado are likely to mention MGA and Mattel (parties to this case) and other
13 individuals mentioned in Mattel's complaint. These emails necessarily contain
14 privileged communications between Mr. Machado and his counsel. (Cote Decl. ¶¶
15 2-3, Machado Decl. ¶ 2.) Emails containing counsel's mental impressions and
16 analysis, which are protected by the work product doctrine, are also likely to
17 mention Mattel, MGA and other individuals named in Mattel's complaint. *Id.*
18 Accordingly, Machado cannot be compelled to consent to the disclosure of these
19 privileged communications. Indeed, the SCA is designed specifically to protect
20 against the disclosure of confidential emails of this sort. *Theofel v. Farey-Jones*, 359
21 F.3d 1066, 1071-1075 (9th Cir. 2004).

22 Mattel limits certain of its requests to 2004 and earlier, perhaps in an effort to
23 exclude privileged communications with Mr. Machado's present counsel. (*See*
24 Corey Decl. Ex. 31 at ¶¶ 7, 11-14, 16.) However, no emails responsive to these

---

[4] Counsel for Mr. Machado remain willing to meet and confer with Mattel regarding the scope of its subpoena. To date, Mattel has never met and conferred regarding the Yahoo! subpoena, despite its patently false assertions to the contrary. (*See* Motion at iii.)

6

1  requests exist. Mr. Machado opened his Yahoo! account in or around June, 2005.
2  (Machado Decl. ¶ 3.) The earliest email sent from the account is dated July 13,
3  2005, and the earliest received email is dated March 16, 2006. (Machado Decl. ¶ 4.)
4  Accordingly, none of Mr. Machado's emails are responsive to any request that seeks
5  communications from 2004 or earlier.[5]

6  It is for the foregoing reasons that Mr. Machado had no documents to produce
7  from his Yahoo! account in response to Mattel's First Set of Requests for
8  Documents and Things. Where no documents are responsive or where the only
9  responsive documents are privileged, there is, of course, nothing to produce.

## IV. CONCLUSION

For the foregoing reasons, Mattel's motion should be denied.

DATED: January 14, 2008

OVERLAND BORENSTEIN SCHEPER & KIM LLP
MARK E. OVERLAND
DAVID C. SCHEPER
ALEXANDER H. COTE


By: _____/s/_____
Alexander H. Cote
Attorneys for CARLOS GUSTAVO MACHADO GOMEZ

---

[5] Contrary to Mattel's misrepresentations, Mr. Machado *never* claimed to have already produced Yahoo! emails. (*See, e.g.,* Motion at 7:14-15, 12:5-6.) Instead, counsel made it clear that "Mr. Machado has already produced documents from his Yahoo! email account *that are responsive to Mattel's document requests.*" (Corey Decl. Ex. 24 at 2.) Since the Yahoo! account has no responsive emails, none were produced. Mattel also misrepresents the number of documents produced in this matter. (*See* Motion at 7:15-16.) Mr. Machado produced approximately the 124 pages as part of his initial disclosures, and produced *an additional* 83 pages in response to Mattel's document requests.

7

## DECLARATION OF ALEXANDER H. COTE

I, ALEXANDER COTE, declare as follows:

1. I am an attorney at Overland Borenstein Scheper & Kim LLP. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. I represent Carlos Gustavo Machado Gomez in this matter. I have communicated with Mr. Machado using his Yahoo! email account, at gus_cmt@yahoo.com.

3. My communications with Mr. Machado contained my mental impressions and reflections on the case, including litigation strategies and legal advice. Mr. Machado's responses to me from that same email account were statements made to his counsel for the purpose of obtaining legal advice.

4. Shortly after Mattel issued its subpoena to Yahoo! Inc., I received a phone call from an individual identifying himself as Christian Li, a paralegal at Yahoo!. Mr. Li informed me that Yahoo! would not produce any emails requested by Mattel, but would produce any other documents that were responsive to the subpoena.

I declare under penalty of perjury that the foregoing is true. Executed this 14th day of January, 2008 at Los Angeles, California.

_____/s/_____
ALEXANDER H. COTE

**DECLARATION OF CARLOS GUSTAVO MACHADO GOMEZ**

I, CARLOS GUSTAVO MACHADO GOMEZ, hereby declare as follows:

1. I am a counter-defendant in an action brought by Mattel, Inc. in the United States District Court for the Central District of California. I present this Declaration regarding document preservation, as ordered by the Court. I have personal knowledge of the facts set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. I am current restricted from traveling outside Mexico, pursuant to court order.

3. I have used my email account, gus_cmt@yahoo.com, to communicate with my counsel in this matter. My emails to counsel were made in confidence, for the purpose of obtaining legal advice.

4. To the best of my recollection, I first established this account on or about June 2005.

5. The earliest sent email from this account is dated July 13, 2005 and the earliest email received at that account is dated March 16, 2006.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed at Mexico City, Mexico on January 14, 2008.

_____/s/_____
Carlos Gustavo Machado Gomez