QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]** |
| Defendant. | [PUBLIC REDACTED] DECLARATION OF JON D. COREY IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO MGA'S MOTION TO COMPEL MATTEL TO PRODUCE WITNESSES PURSUANT TO NOTICE OF DEPOSITION UNDER RULE 30(B)(6), OR, IN THE ALTERNATIVE, FOR LEAVE TO SERVE SUCH NOTICE |
| AND CONSOLIDATED ACTIONS | |
| | Date: February 8, 2008<br>Time: 9:30 a.m.<br>Place: Telephonic |
| | **Phase 1**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

1    I, Jon D. Corey, declare as follows:

2         1.    I am a member of the bars of the State of California and the

3    District of Columbia. I am a partner at Quinn Emanuel Urquhart Oliver & Hedges,

4    LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal,

5    firsthand knowledge and, if called and sworn as a witness, I could and would testify

6    competently thereto.

7         2.    MGA has moved to compel Mattel to produce a witness on the

8    following topics, among others:

9         Topic No. 31. The INITIAL DISCLOSURE WITNESSES,

10        including, but not limited to: (a) the specific knowledge or

11        information relevant to YOUR allegations and defenses that

12        YOU believe each INITIAL DISCLOSURE WITNESS

13        possesses; (b) YOUR COMMUNICATIONS with each

14        INITIAL DISCLOSURE WITNESS about the subject matters

15        YOU identified in YOUR Consolidated Initial Disclosures;

16        (c) YOUR COMMUNICATIONS with any PERSON

17        concerning each INITIAL DISCLOSURE WITNESS'

18        knowledge of the subject matters YOU identified in YOUR

19        Consolidated Initial Disclosures; and (d) any DOCUMENTS

20        pertaining to information known by each INITIAL

21        DISCLOSURE WITNESS about the subject matters YOU

22        identified in YOUR Consolidated Initial Disclosures.

23        3.    This is a large and complex case that has involved substantial

24   discovery on both sides. Combined, Mattel and MGA have produced more than

25   four million pages of documents in this case to date. Additional documents have

26   been produced by other parties and third parties. Each side has deposed dozens of

27   witnesses.

28

1        4.    Mattel's January 5, 2007 consolidated initial disclosures lists
2    153 witnesses with knowledge on a wide range of topics, including: (a) MGA's
3    access to Mattel's intellectual property and trade secrets, (b) MGA business
4    practices, (c) MGA's theft of Mattel's intellectual property and trade secrets, (d) The
5    development and ownership of intellectual property at issue, (e) Toy of the Year and
6    the dealings of Mattel and MGA with TIA, (f) Mattel's business operations, (g)
7    design and development of Bratz and Bryant's work with or for MGA during his
8    Mattel employment, (h) Bryant's breach of obligations to Mattel, and (i) Bryant's
9    misrepresentations to Mattel. Attached as Exhibit 1 is a true and correct copy of
10   Mattel, Inc.'s Consolidated Initial Disclosures Relating to MGA's Unfair
11   Competition Claims, and Second Supplemental Initial Disclosures Relating to
12   Mattel's Claims Against Bryant and Mattel, dated January 5, 2007.

13       5.    Carter Bryant and MGA have deposed Mattel designees for 18
14   days pursuant to two Rule 30(b)(6) notices. Mattel's designees include: Sandy
15   Yonemoto, Julia Jensen, Julia Marine, Jill Nordquist, Joni Pratte, Kislap
16   Ongchangco, Rene Pasko, Robert Hudnut, Lily Martinez, Arnoldo Artavia, Fred
17   Kawashima, Rodney Palmer and Lissa Freed.

18       6.    Of those 18 days of deposition, MGA took 13.5 days; Carter
19   Bryant only 4.5 days. In fact, at many of the depositions, Bryant's counsel was not
20   even present or, if Bryant's counsel was there, he or she asked no questions of the
21   witness.

22       7.    Those 18 days of deposition make up 3,339 pages of deposition
23   transcripts.

24       8.    MGA served a notice of deposition of Mattel pursuant to Rule
25   30(b)(6) on September 5, 2007. Mattel objected on September 19, 2007, on the
26   grounds, *inter alia*, that MGA did not seek or obtain leave of court before serving its
27   Notice as Rule 30 requires. Mattel repeatedly advised MGA that a notice to depose
28   Mattel served without leave is a nullity. Mattel further invited MGA to show good

-3-

DECLARATION OF JON D. COREY

1 | cause why MGA was entitled to testimony on any of the topics.  MGA never
2 | attempted to make that showing to Mattel.

3 |       9.     Attached as Exhibit 2 is a true and correct copy of the Court's
4 | Order Granting in Part and Denying in Part Mattel's Motion for Leave to Take
5 | Additional Discovery, dated January 7, 2008.

6 |       10.    Attached as Exhibit 3 is a true and correct copy of Mattel's
7 | Objections to MGA's Notice of Deposition of Mattel, Inc. Pursuant to Fed. R. Civ.
8 | P. 30(b)(6), dated September 19, 2007.

9 |       11.    Attached as Exhibit 4 is a true and correct copy of Bryant's
10 | Second Notice of Deposition of Plaintiff and Counter-defendant Mattel, dated
11 | December 21, 2004.

12 |       12.    Attached as Exhibit 5 is a true and correct copy of the Court's
13 | Order Granting in Part and Denying in Part MGA's Motion to Compel Documents
14 | Responsive to First Set of Requests for Production of Documents, dated May 22,
15 | 2007.

16 |       13.    Attached as Exhibit 6 is a true and correct copy of a letter from
17 | Andrew C. Temkin to my partners, Dylan Proctor and Scott Kidman, dated January
18 | 9, 2008.

19 |       14.    Attached as Exhibit 7 is a true and correct copy of relevant
20 | excerpts from the Transcript of the Hearing on Mattel's Motion to Strike MGA's
21 | Affirmative Defenses, dated December 3, 2007.

22 |       15.    Attached as Exhibit 8 is a true and correct copy of a letter I sent
23 | to Douglas A. Wickham dated May 13, 2005.

24 |       16.    Attached as Exhibit 9 is a true and correct copy of relevant
25 | excerpts from the Deposition Transcript of Sandy Yonemoto, dated May 30, 2007.

26 |       17.    Attached as Exhibit 10 is a true and correct copy of relevant
27 | excerpts from the Deposition Transcript of Kislap Ongchangco, dated April 24,
28 | 2007.

-4-

DECLARATION OF JON D. COREY

1        18.    Attached as Exhibit 11 is a true and correct copy of relevant

2  excerpts from the Deposition Transcript of Robert K. Hudnut, dated July 13, 2007.

3        19.    Attached as Exhibit 12 is a true and correct copy of relevant

4  excerpts from the Deposition Transcript of Joni Pratte, dated June 1, 2007.

5        20.    Attached as Exhibit 13 is a true and correct copy of relevant

6  excerpts from the Deposition Transcript of Rene Pasko, dated June 13, 2007.

7        21.    Attached as Exhibit 14 is a true and correct copy of relevant

8  excerpts from the transcript of a March 15, 2005 meeting of counsel.

9        22.    Attached as Exhibit 15 is a true and correct copy of Mattel's

10  Supplemental Responses to MGA's First Set of Interrogatories, dated December 7,

11  2007.

12        23.    Attached as Exhibit 16 is a true and correct copy of the

13  Stipulated Protective Order, dated January 4, 2005.

14        24.    Attached as Exhibit 17 is a true and correct copy of the Court's

15  Order Granting in Part and Denying in Part MGA's and Bryant's Joint Motion to

16  Compel re: Mattel's Bandying of 30(b)(6) Witnesses, dated January 11, 2008.

17        25.    Attached as Exhibit 18 is a true and correct copy of relevant

18  excerpts from the Deposition Transcript of Julia Jensen, dated June 8, 2007.

19        26.    Attached as Exhibit 19 is a true and correct copy of relevant

20  excerpts from the Deposition Transcript of Maureen Tkacik, dated September 28,

21  2007.

22        27.    Attached as Exhibit 20 is a true and correct copy of relevant

23  excerpts from the Transcript of the January 3, 2008 Hearing.

24        28.    Attached as Exhibit 21 is a true and correct copy of the Court's

25  Order Regarding MGA and Bryant's Joint Motion to Overrule Mattel's Relevance

26  Objections and Compel Discovery Relevant to Statute of Limitations Defenses,

27  dated January 9, 2008.

28

-5-

DECLARATION OF JON D. COREY

29.     Attached as Exhibit 22 is a true and correct copy of Mattel's Opposition to MGA and Bryant's Joint Motion to Compel re: Mattel's Alleged Bandying of 30(b)(6) Witnesses, dated September 26, 2007.

30.     Attached as Exhibit 23 is a true and correct copy of the Agreement Between MGA and Carter Bryant, dated as of September 18, 2000.

31.     Attached as Exhibit 24 is a true and correct copy of relevant excerpts from the Deposition Transcript of Paula Garcia, dated May 24, 2007.

32.     Attached as Exhibit 25 is a true and correct copy of relevant excerpts from the Deposition Transcript of Julia Marine, Volume I, dated September 21, 2006.

33.     Attached as Exhibit 26 is a true and correct copy of relevant excerpts from the Deposition Transcript of Julia Marine, Volume II, dated November 8, 2006.

34.     Attached as Exhibit 27 is a true and correct copy of relevant excerpts from the Deposition Transcript of Julia Marine, Volume III, dated June 26, 2007.

35.     Attached as Exhibit 28 is a true and correct copy of relevant excerpts from the Deposition Transcript of Arnoldo Artavia, dated September 21, 2006.

36.     Attached as Exhibit 29 is a true and correct copy of relevant excerpts from the Deposition Transcript of Fred Kawashima, Volume I, dated January 17, 2007.

37.     Attached as Exhibit 30 is a true and correct copy of relevant excerpts from the Deposition Transcript of Fred Kawashima, Volume II, dated June 19, 2007.

38.     Attached as Exhibit 31 is a true and correct copy of relevant excerpts from the Deposition Transcript of Fred Kawashima, Volume III, dated September 13, 2007.

1    39.    Attached as Exhibit 32 is a true and correct copy of relevant
2    excerpts from the Deposition Transcript of Rodney Palmer, dated June 26, 2007.

3    40.    Attached as Exhibit 33 is a true and correct copy of the Court's
4    Order Granting in Part and Denying in Part Mattel's Motion to Enforce Court's
5    Discovery Orders and to Compel; to Overrule Purportedly Improper Instructions;
6    and for Sanctions, dated January 8, 2008.

7    41.    Attached as Exhibit 34 is a true and correct copy of the Court's
8    Order Granting in Part and Denying in Part Mattel's Motion for Protective Order
9    Regarding "Polly Pocket" Documents, dated April 19, 2007.

10    42.    Attached as Exhibit 35 is a true and correct copy of the Court's
11    Order Re Motions Heard on June 11, 2007.

12

13    I declare under penalty of perjury under the laws of the United States of
14    America that the foregoing is true and correct.

15    Executed on January 11, 2008, at Los Angeles, California.

16

17                            Jon D. Corey
18

19

20

21

22

23

24

25

26

27

28

07209/2349960.1

-7-

DECLARATION OF JON D. COREY

EXHIBIT 1

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES – GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                    Date: January 7, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS
=============================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

           Jim Holmes                              Theresa Lanza
           Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER            ATTORNEYS PRESENT FOR MATTEL:
BRYANT: **Christa Martine Anderson**    **John B. Quinn and Michael T. Zeller**

ATTORNEYS PRESENT FOR MGA:              ATTORNEY PRESENT FOR CARLOS
**Thomas J. Nolan**                     GUSTAVO MACHADO GOMEZ:
**Carl A. Roth**                        **Mark E. Overland**
**Anna Park**

                                        ATTORNEY PRESENT FOR NON-PARTY
ATTORNEY PRESENT FOR NON-               STERN & GOLDBERG: **Kien C. Tiet**
PARTIES ANA ELISE CLOONAN,
MARGARET HATCH-LEHY, AND                ATTORNEY PRESENT FOR NON-PARTY
VERONICA MARLOW: **Larry W.**           KAYE SCHOLER, LLP: **Bryant S. Delgadillo**
**McFarland**

PROCEEDINGS:   **ORDER GRANTING IN PART AND DENYING IN PART
               MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL
               DISCOVERY (DOCKET #1134)**

               **ORDER GRANTING MOTION TO ENFORCE THE COURT'S
               ORDER OF AUGUST 27, 2007, AND DENYING REQUEST FOR
               SANCTIONS (DOCKET #1143)**

MINUTES FORM 90                                    Initials of Deputy Clerk: jh
CIVIL -- GEN                      1                Time: 1/30

EXHIBIT __2__ PAGE __30__

**ORDER GRANTING MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)**

**ORDER GRANTING CARTER BRYANT AND MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)**

These matters were heard on January 7, 2008. The Court rules as set forth below.

To the extent that this Order decides issues more properly decided by the Discovery Master and/or preempts issues currently pending before the Discovery Master, it does so only to resolve those issues in the most expeditious manner possible. As the Court's order appointing the Discovery Master requires, any and all discovery disputes must be presented to the Discovery Master for his resolution.

## MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY (DOCKET #1134)

This motion is **GRANTED IN PART**. Leave to take additional depositions and propound additional interrogatories are granted to the extent they are consistent with Fed. R. Civ. P. 26(b)(2). See Fed. R. Civ. P. 30(a)(2)(A) (depositions), 33(a) (interrogatories). Rule 26(b)(2) requires a Court to limit discovery where it is unreasonably cumulative or duplicative; where it can be obtained from a more convenient, less burdensome, or less expensive source; where a party has already had ample opportunity to obtain information from discovery; where the burden or the expense of the requested discovery outweighs its likely benefit, taking into account the factors of the parties' resources, the importance of the issues at stake, and the importance of the requested discovery in resolving these issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Considering this standard, the Court concludes that Mattel has shown good cause to grant additional discovery given the complexity of this case, the number of parties, recent developments related to the substitution of counsel, the concerns regarding retention and spoliation of evidence, and the delay in receiving paper

MINUTES FORM 90
CIVIL -- GEN

2

Initials of Deputy Clerk: jh
Time: 1/30

**EXHIBIT** _2_ **PAGE** _31_

discovery caused by numerous discovery disputes and a Court-imposed stay requested by MGA upon substitution of counsel. Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO claims (set forth in the moving papers at 13). Mattel may serve the notices of deposition and propound the interrogatories attached to the moving papers as Exs. A - C. Additionally, the parties must answer Mattel's previously propounded interrogatories to which the sole objection raised was that those interrogatories exceeded the allowable number of interrogatories.

The Court has heretofore refrained from bifurcating discovery relating to Phase 1 and Phase 2, believing that such an action is fraught with the potential of unnecessarily compounding discovery disputes in a case already predisposed to such disputes. Nevertheless, in light of the additional discovery permitted by this Order, and to the extent that counsel for the parties who are asserting or defending against claims to be tried in Phase 2 of the trial are in agreement, the Court will consider a stipulation of those parties that designates certain depositions as "Phase 2" depositions that may be conducted during the month of February, if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1.

Conversely, in light of the standard of review employed regarding the Discovery Master's orders, the Court **DENIES** that portion of Mattel's motion that seeks additional time in which to depose Carter Bryant. The Court cannot say that the Discovery Master's order allowing an additional nine hours to depose Carter Bryant is contrary to law based on the Discovery Master's unchallenged factual findings.

## MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND REQUEST FOR SANCTIONS (DOCKET #1143)

This motion is **GRANTED**. The Court's order clearly applied to "all parties." No party sought relief therefrom or clarification of the Court's order.

As prepared in purported compliance with the Court's order, the affidavit of Carlos Gustavo Machado Gomez is inadequate as it lacks facts and relies instead on conclusory language. Machado must file an affidavit that complies with the

EXHIBIT __2__ PAGE __32__

Court's order as set forth below.

Carter Bryant has refused to comply with the Court's order and has not filed the required affidavit.

Both these parties must file, on or before January 15, 2008, an affidavit setting forth a factual description of their preservation efforts, policies, customs, and/or practices with respect to potentially discoverable documents related to the present litigation. The failure of these parties to comply with this Order will result in the imposition of contempt sanctions to coerce their compliance.

The Court **DENIES** Mattel's request for costs and sanctions.

## MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

This motion is **DENIED**. The Court's order referred to the Discovery Master any and all discovery disputes, including those involving third parties.

Although the parties stipulated to the Discovery Master, that stipulation was entered as the Court's order, and as such, all parties are subject to that order unless relieved from it upon proper motion.

The order was entered as a valid Rule 53(a)(1)(C) order, not requiring the consent of any party or nonparty. Machado has not convinced the Court that, as a subsequently added party, he was required to be given the opportunity to object to the order before it could be applied to him. See Fed. R. Civ. P. 53(b)(1) (requiring notice and opportunity to be heard prior to the appointment of a special master). Importantly, Machado could have, but did not, seek relief from this order within a reasonable amount of time after he became a party to this case. Furthermore, the Court does not find any basis to exclude Machado from the reach of the Court's order appointing the Discovery Master pursuant to his present objections.

## DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

Carter Bryant and the MGA defendants may depose the ten individuals set

MINUTES FORM 90
CIVIL – GEN

4

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT __2__ PAGE _33_

forth in their moving papers.  The testimony of all Rule 30(b)(6) witnesses "count" as only one deposition for purposes of determining the total number of depositions conducted by each side.

Carter Bryant and the MGA defendants are not relieved of the requirement that they serve subpoenas on all these deponents other than the current officers of Mattel (represented to the Court to be Tim Kilpin, Kevin Farr, and Evelyn Viohl).  To the extent that Mattel has made prior written agreements to produce deponents who are under its control, it is expected to do so.

As to all the depositions permitted by this Order, all counsel are expected to coordinate their schedules with those of the deponents such that the depositions are held prior to the discovery cutoff date of January 28, 2008.  However, as set forth above in connection with Mattel's motion to take additional discovery, Phase 2 depositions may be taken in February pursuant to a Court-approved stipulation.

IT IS SO ORDERED.

EXHIBIT __2__ PAGE __34__

EXHIBIT 3

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      timalger@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7   Facsimile: (213) 443-3100

8   Attorneys for Plaintiff and Cross-
    Defendant Mattel, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S OBJECTIONS TO MGA ENTERTAINMENT, INC.'S NOTICE OF DEPOSITION OF MATTEL, INC. PURSUANT TO FED. R. CIV. P. 30(B)(6) |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | Discovery Cut-off: January 14, 2008<br>Pre-trial Conference: April 7, 2008<br>Trial Date: April 29, 2008 |
| | Discovery Cut-off: March 3, 2008<br>Pre-trial Conference: June 2, 2008<br>Trial Date: July 1, 2008 |

23

24

25

26

27

28

07209/2225076.1

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT __3__ PAGE __35__

## Preliminary Statement

Mattel has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has yet to receive all discovery from defendants MGA Entertainment, Inc. ("MGA"), Isaac Larian, Carter Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., Carlos Gustavo Machado Gomez, and from third parties with regard to this action (collectively, "Defendants").  Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts or documents discovered or generated pursuant to subsequent investigation or discovery.  Mattel's objections and responses to any of the Topics set forth in MGA Entertainment, Inc.'s Notice of Deposition of Mattel, Inc. Pursuant to Fed. R. Civ. P. 30(B)(6) (the "Notice") are not to be construed as a waiver of any of its objections or its right to object to any other Topic.

## General Objections

Mattel generally objects to the Notice and each of the Topics set forth in the Notice on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual Topic:

1.      Mattel objects to the Notice and the 86 Topics contained in the Notice on the grounds that they are overbroad, unduly burdensome, vague and harassing. The Notices fail to describe with reasonable particularity the matters on which examination is requested and, on their face, call for vast, undefined categories of information--spanning various unreasonably long time periods and often without any time limitation, without any actual or meaningful limitation as to product or

EXHIBIT ___3___ PAGE ___36___

1  product line and without geographical limitation--that would potentially require

2  many dozens of witnesses from around the world to address.

3         2.      Mattel objects to the Notice and the Topics on the grounds that they are

4  unduly burdensome, premature and vague and ambiguous in that they seek

5  information uniquely within the possession, custody, and control of Defendants and

6  third parties within the control of Defendants and is not known by Mattel at this

7  juncture, including because Defendants refuse to disclose such information,

8  including in the face of Court Orders requiring MGA to produce such information.

9         3.      Mattel objects to the Notice and the Topics on the grounds that they

10  seek disclosure of information that is in the possession of independent parties over

11  whom Mattel has no control, or that is publicly available and hence equally

12  available to all parties in this litigation.

13         4.      Mattel objects to the Notice and the Topics on the grounds that they

14  seek to impose obligations beyond those required by the <u>Federal Rules of Civil</u>

15  <u>Procedure</u>.

16         5.      Mattel objects to the Notice and the Topics on the grounds that they

17  call for information that is not relevant to the subject matter of the pending action,

18  nor reasonably calculated to lead to the discovery of admissible evidence, including

19  in that they are an attempt to circumvent the Discovery Master's prior Orders

20  determining that MGA's requests for such information were irrelevant and/or an

21  inappropriate and overbroad category of discovery.

22         6.      Mattel objects to the Notice and the Topics on the grounds that they

23  call for the disclosure of information or documents subject to the attorney-client

24  privilege, the attorney work-product doctrine and other applicable privileges,

25  including the joint defense and common interest privilege and the privilege against

26  disclosure of the identities and work product of consulting experts.  Such

27  information and documents will not be produced.

28

07209/2225076.1

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

**EXHIBIT** 3   **PAGE** 37

7.     Mattel objects to the Notice and the Topics on the grounds that they seek information about matters that are not within the subject matter jurisdiction of the Court or seek to directly interfere with and intrude into on-going criminal proceedings.  Any discovery by Mattel will be limited to those matters within the Court's jurisdiction, in compliance with foreign laws limiting disclosure and discovery and consistent with governmental or prosecutorial limitations.  Without limiting the generality of the foregoing, Mattel will not undertake to produce witnesses to testify as to the activities of any governmental officials conducting prosecutorial or investigatory functions.

8.     Mattel objects to the Notice and the Topics on the grounds that they seek they seek trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such information will be disclosed, if at all, only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel further objects to the Notice and the Topics on the grounds that they seek the disclosure of information that would invade or violate contractual obligations, privacy rights or other rights held by third parties or would violate the terms of any agreement or contracts with third parties.

9.     Mattel objects to the Notice and the Topics on the grounds that they are duplicative of Topics already designated by Bryant in previous notices of deposition pursuant to Rule 30(b)(6), in which MGA has joined.  In addition, MGA has taken the position in a pending motion to compel by Mattel that the limitation of Fed. R. Civ. P. 30, which states that a person may be deposed only once in an action, applies to Fed. R. Civ. P. 30(b)(6) depositions.  If that position of MGA is sustained, Mattel will not produce any witnesses in response to this Notice unless and until MGA obtains leave of court.

10.     Mattel objects to the Notice and the Topics on the grounds that the definitions of the terms "ACCELERACERS," "ADVERTISEMENT," "ALIEN RACERS," "BARBIE," "BRATZ," "DIVA STARZ," "FLAVAS," "4-EVER BEST

EXHIBIT  3   PAGE  38

1 FRIENDS," "LITTLE MOMMY," "MATTEL," "MGA," "MGA HK," "MGA

2 MEXICO," "MOMMY'S LITTLE...," "MY SCENE," "POLLY POCKET," "WEE 3

3 FRIENDS," "YOU," and "YOUR" are overbroad, vague and ambiguous, unduly

4 burdensome, and extend beyond those products, matters and parties that are relevant

5 to and/or placed at issue in this litigation.  Without limitation as to the foregoing, the

6 definition of "BARBIE" purports to sweep in literally many thousands of products

7 and elements that have no bearing on this case, would be oppressive to provide

8 discovery in respect to and is apparently designed only to harass Mattel.

9       11.    Mattel objects to the Notices and the Topics on the grounds that they

10 are phrased as legal contentions and purport to require Mattel witnesses to proffer

11 legal theories and analysis.  To the extent Mattel produces any witnesses in response

12 to the Notices, such persons will testify only as to facts known or reasonably

13 ascertainable to Mattel.

14      12.    Mattel objects to the times and places specified in the Notice.  Mattel

15 will produce witnesses for deposition in this matter at times and places, and in a

16 manner, that is reasonable, convenient and mutually agreed upon by the parties.

17

18                    **Specific Objections and Responses**

19            Each of the following objections and responses to the Notice and each

20 of the 86 Topics set forth therein is expressly made subject to the above Preliminary

21 Statement and General Objections, all of which are incorporated in each of the

22 following objections and responses to specific topics.

23      1.     In addition to the general objections above, Mattel objects to Topic No.

24 1 as failing to describe with reasonable particularity the matters on which

25 examination is requested and as overbroad, unduly burdensome, and not reasonably

26 calculated to lead to the discovery of admissible evidence.  For example, Topic No.

27 1 purports to require Mattel to produce witnesses to testify as to Mattel's

28 "knowledge" of "COMMUNICATIONS" between a number of persons without

EXHIBIT __3__ PAGE _3 9_

1   limitation as to subject matter or time and even though any number of such

2   communications have no conceivable bearing on this case.  Similarly, Topic No. 1

3   purports to require Mattel to produce witnesses to testify as to  Mattel's

4   "participation in or knowledge of any and all investigations by Mexican government

5   authorities," despite the fact that the "investigation" has no bearing on Mattel's

6   claims or MGA's defenses but instead appears to be an improper attempt to obtain

7   discovery for criminal proceedings in Mexico.  For this same reason, Mattel further

8   objects to Topic No. 1 as mischaracterizing Mattel's counterclaims.  As another

9   example, several subparts of Topic No. 1  purport to seek Mattel's "knowledge" on

10  subjects such as when Mattel "first learned" of Defendants' theft, which has no

11  conceivable relevance to this action since Mattel's counterclaims pertaining to this

12  subject are not even arguably time-barred.  Mattel further objects to Topic No. 1 on

13  the grounds that it is premature, unduly burdensome, and harassing in that it calls for

14  information uniquely known by defendants and by third parties within defendants'

15  control, but is not known by Mattel at this juncture, including because defendants

16  have concealed their conduct from Mattel and because defendants have refused or

17  failed to produce discovery relating to this Topic, including discovery that the Court

18  has ordered MGA to produce.  Mattel further objects to Topic No. 1 on the grounds

19  that it calls for the disclosure of information protected by the attorney-client

20  privilege, work product doctrine and other applicable privileges.  Mattel further

21  objects to this Topic on the grounds that it is premature in that it seeks to circumvent

22  the expert disclosure provisions of the Federal and Local Rules.  Matters of expert

23  testimony shall be disclosed at the time and in the manner called for by the Rules

24  and the Court's Orders.

25       2.     In addition to the general objections above, Mattel objects to Topic No.

26  2 as vague and ambiguous, especially as to its use of the term "BRAWER's access

27  to confidential information about Mattel and its business."  Mattel further objects to

28  Topic No. 2 as compound, overbroad, unduly burdensome, and not reasonably

-6-

EXHIBIT __3__ PAGE __40__

07209/2225076.1

1 | calculated to lead to the discovery of admissible evidence.  Among other things,
2 | Mattel's "investigation" has no bearing on the claims or defenses in this suit.  Mattel
3 | further objects to Topic No. 2 on the grounds that it fails to describe with reasonable
4 | particularity the matters on which examination is requested.  Mattel further objects
5 | to Topic No. 2 on the grounds that it is premature, unduly burdensome, and
6 | harassing in that it calls for information uniquely known by defendants and by third
7 | parties within defendants' control, but is not known by Mattel at this juncture,
8 | including because defendants have concealed their conduct from Mattel and because
9 | defendants have refused or failed to produce discovery relating to this Topic,
10 | including discovery that the Court has ordered MGA to produce.  Mattel further
11 | objects to this Topic on the grounds that it is premature in that it seeks to circumvent
12 | the expert disclosure provisions of the Federal and Local Rules.  Matters of expert
13 | testimony shall be disclosed at the time and in the manner called for by the Rules
14 | and the Court's Orders.  Mattel further objects to Topic No. 2 on the grounds that it
15 | calls for the disclosure of information protected by the attorney-client privilege and
16 | work product doctrine.

17 |        3.      In addition to the general objections above, Mattel objects to Topic No.
18 | 3 as failing to describe with reasonable particularity the matters on which
19 | examination is requested, overbroad, unduly burdensome, and not reasonably
20 | calculated to lead to the discovery of admissible evidence.  Among other things,
21 | Topic No. 3 purports to require Mattel to produce witnesses to testify as to Mattel's
22 | "participation in any investigation by Canadian government authorities," despite the
23 | fact that the "investigation" has no bearing on Mattel's claims or MGA's defenses
24 | but instead appears to be an improper attempt to obtain discovery for criminal
25 | proceedings.  For this same reason, Mattel further objects to Topic No. 3 as
26 | mischaracterizing Mattel's counterclaims.  As another example, several subparts of
27 | Topic No. 3  purport to seek Mattel's "knowledge" on subjects such as when Mattel
28 | "first learned" of Defendants' theft and Mattel's "investigation" of its claims, which

EXHIBIT __3__  PAGE __41__

1   has no conceivable relevance to this action, including since Mattel's counterclaims

2   pertaining to this subject are not even arguably time-barred. Mattel further objects

3   to this Topic on the grounds that it is premature in that it seeks to circumvent the

4   expert disclosure provisions of the Federal and Local Rules. Matters of expert

5   testimony shall be disclosed at the time and in the manner called for by the Rules

6   and the Court's Orders. Mattel further objects to Topic No. 3 on the grounds that it

7   is premature, unduly burdensome, and harassing in that it calls for information

8   uniquely known by defendants and by third parties within defendants' control, but is

9   not known by Mattel at this juncture, including because defendants have concealed

10   their conduct from Mattel and because defendants have failed or refused to produce

11   discovery relating to this Topic, including discovery that the Court has ordered

12   MGA to produce. Mattel further objects to Topic No. 3 on the grounds that it calls

13   for the disclosure of information protected by the attorney-client privilege, work

14   product doctrine and other applicable privileges.

15        4.    In addition to the general objections above, Mattel objects to Topic No.

16   4 on the grounds that it fails to describe with reasonable particularity the matters on

17   which examination is requested and that it is overbroad, unduly burdensome, and

18   not reasonably calculated to lead to the discovery of admissible evidence. Mattel

19   further objects to Topic No. 4 on the grounds that it is premature, unduly

20   burdensome, and harassing in that it calls for information uniquely known by

21   defendants and by third parties within defendants' control, but is not known by

22   Mattel at this juncture, including because defendants have concealed their conduct

23   from Mattel and because defendants have refused or failed to produce discovery

24   relating to this Topic, including discovery that the Court has ordered MGA to

25   produce. Mattel further objects to this Topic on the grounds that it is premature in

26   that it seeks to circumvent the expert disclosure provisions of the Federal and Local

27   Rules. Matters of expert testimony shall be disclosed at the time and in the manner

28   called for by the Rules and the Court's Orders. Mattel further objects to Topic No. 4

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

07209/2225076.1

**EXHIBIT** 3 **PAGE** 42

1  on the grounds that it calls for the disclosure of information protected by the

2  attorney-client privilege and work product doctrine.

3      5.   In addition to the general objections above, Mattel objects to Topic No.

4  5 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

5  discovery of admissible evidence. Mattel further objects to Topic No. 5 on the

6  grounds that it fails to describe with reasonable particularity the matters on which

7  examination is requested. Mattel further objects to Topic No. 5 on the grounds that

8  it is premature, unduly burdensome, and harassing in that it calls for information

9  uniquely known by defendants and by third parties within defendants' control, but is

10  not known by Mattel at this juncture, including because defendants have concealed

11  their conduct from Mattel and because defendants have failed or refused to produce

12  discovery relating to this Topic, including discovery that the Court has ordered

13  MGA to produce. Mattel further objects to Topic No. 5 on the grounds that it calls

14  for the disclosure of information protected by the attorney-client privilege and work

15  product doctrine. Mattel further objects to this Topic on the grounds that it is

16  premature in that it seeks to circumvent the expert disclosure provisions of the

17  Federal and Local Rules. Matters of expert testimony shall be disclosed at the time

18  and in the manner called for by the Rules and the Court's Orders.

19      6.   In addition to the general objections above, Mattel objects to Topic No.

20  6 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

21  discovery of admissible evidence. Mattel further objects to Topic No. 6 on the

22  grounds that it fails to describe with reasonable particularity the matters on which

23  examination is requested. Mattel further objects to Topic No. 6 on the grounds that

24  it is premature, unduly burdensome, and harassing in that it calls for information

25  uniquely known by defendants and by third parties within defendants' control, but is

26  not known by Mattel at this juncture, including because defendants have refused or

27  failed to produce discovery relating to this Topic, including discovery that the Court

28  has ordered MGA to produce. Mattel further objects to Topic No. 6 on the grounds

EXHIBIT ___3___ PAGE _43_

1  that it calls for the disclosure of information protected by the attorney-client

2  privilege and work product doctrine.

3        7.      In addition to the general objections above, Mattel objects to Topic No.

4  7 on the grounds that it fails to describe with reasonable particularity the matters on

5  which examination is requested and it is overbroad, unduly burdensome, and not

6  reasonably calculated to lead to the discovery of admissible evidence.  Furthermore,

7  Topic No. 7  purport to seek Mattel's "knowledge" on subjects that have no

8  conceivable relevance to this action, particularly given that Mattel's counterclaims

9  based on the referenced predicate acts are not even arguably time-barred.  Mattel

10 further objects to Topic No. 7 on the grounds that it calls for the disclosure of

11 information protected by the attorney-client privilege and work product doctrine,

12 including without limitation the consulting expert privilege.  Mattel further objects

13 to this Topic on the grounds that it is premature in that it seeks to circumvent the

14 expert disclosure provisions of the <u>Federal</u> and <u>Local</u> <u>Rules</u>.  Matters of expert

15 testimony shall be disclosed at the time and in the manner called for by the <u>Rules</u>

16 and the Court's Orders.

17       8.      In addition to the general objections above, Mattel objects to Topic No.

18 8 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

19 discovery of admissible evidence.  Mattel further objects to Topic No. 8 on the

20 grounds that it fails to describe with reasonable particularity the matters on which

21 examination is requested.  Mattel further objects to Topic No. 8 on the grounds that

22 it calls for the disclosure of information protected by the attorney-client privilege

23 and work product doctrine, including without limitation the privileges afforded

24 consulting experts.  Mattel further objects to Topic No. 8 on the grounds that it is

25 premature in that it seeks to circumvent the Court's <u>Rules</u> and Orders governing the

26 timing, manner and sequence of expert disclosures.  Matters of expert testimony

27 shall be disclosed at the time and in the manner called for by the <u>Rules</u> and the

28 Court's Orders.

-10-

EXHIBIT ___3___ PAGE __44__

1      9.    In addition to the general objections above, Mattel objects to Topic No.

2 9 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

3 discovery of admissible evidence. Mattel further objects to Topic No. 9 on the

4 grounds that it fails to describe with reasonable particularity the matters on which

5 examination is requested. Mattel further objects to Topic No. 9 on the grounds that

6 it is premature, unduly burdensome, and harassing in that it calls for information

7 uniquely known by defendants and by third parties within defendants' control, but is

8 not known by Mattel at this juncture, including because defendants have refused or

9 failed to produce discovery relating to this Topic, including discovery that the Court

10 has ordered MGA to produce. Indeed, this Topic explicitly purports to require

11 Mattel to marshal evidence uniquely in the possession of defendants, and thus seeks

12 to impose upon Mattel burdens not permitted by the Rules, and with respect to even

13 the information that MGA and other defendants have disclosed, MGA and the other

14 defendants have designed such information under the Protective Order so as to

15 prohibit Mattel from reviewing or analyzing such information. Mattel further

16 objects to Topic No. 9 on the grounds that it is duplicative of Topics already

17 designated by Bryant in previous notices of deposition pursuant to Rule 30(b)(6), in

18 which MGA has joined, including Topic No. 13 from the notice served on

19 December 21, 2004. Mattel further objects to this Topic on the grounds that it is

20 premature in that it seeks to circumvent the expert disclosure provisions of the

21 Federal and Local Rules. Matters of expert testimony shall be disclosed at the time

22 and in the manner called for by the Rules and the Court's Orders. Mattel further

23 objects to Topic No. 9 on the grounds that it calls for the disclosure of information

24 protected by the attorney-client privilege and work product doctrine.

25      10.    In addition to the general objections above, Mattel objects to Topic No.

26 10 on the grounds that it fails to describe with reasonable particularity the matters on

27 which examination is requested and that it is overbroad, unduly burdensome, and

28 not reasonably calculated to lead to the discovery of admissible evidence. Among

-11-

1  other things, Topic No. 10 purports to require Mattel to produce witnesses to testify

2  as to Mattel's communications with "law enforcement authorities in Mexico,

3  Canada, or the United States," despite the fact that they have no bearing on Mattel's

4  claims or MGA's defenses but instead appears to be an improper attempt to obtain

5  discovery for criminal proceedings. Mattel further objects to Topic No. 10 on the

6  grounds that it calls for the disclosure of information protected by the attorney-client

7  privilege, work product doctrine and other applicable privileges, including without

8  limitation the privileges afforded consulting experts. Mattel further objects to this

9  Topic on the grounds that it is premature in that it seeks to circumvent the expert

10  disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>. Matters of expert testimony

11  shall be disclosed at the time and in the manner called for by the <u>Rules</u> and the

12  Court's Orders.

13       11.  In addition to the general objections above, Mattel objects to Topic No.

14  11 as vague and ambiguous, especially as to its use of the terms "involvement of

15  BRYANT or any person then employed by MATTEL." Mattel further objects to

16  Topic No. 11 as overbroad and unduly burdensome, and not reasonably calculated to

17  lead to the discovery of admissible evidence. Among other things, MGA's

18  definition of the term "MATTEL" in this context is overbroad, circular and

19  incomprehensible in that it asks for the knowledge of any current or former

20  employee anywhere at MATTEL, including Bryant himself and others at MGA who

21  were former Mattel employees involved with Bratz such as Paula Garcia. For this

22  same reason, Mattel further objects to Topic No. 11 on the grounds that it is

23  premature, unduly burdensome, and harassing in that it calls for information

24  uniquely known by defendants and by third parties within defendants' control, but is

25  not known by Mattel at this juncture, including because defendants have refused or

26  failed to produce discovery relating to this Topic, including discovery that the Court

27  has ordered MGA to produce. Mattel further objects to Topic No. 11 on the grounds

28  that it fails to describe with reasonable particularity the matters on which

-12-

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT __3__ PAGE __46__

1  examination is requested.  Mattel further objects to Topic No. 11 on the grounds that

2  it is duplicative of Topics already designated by Bryant in previous notices of

3  deposition pursuant to Rule 30(b)(6), in which MGA has joined, including Topic

4  Nos. 15-18 from the notice served on December 21, 2004.  Mattel further objects to

5  Topic No. 11 on the grounds that it calls for the disclosure of information protected

6  by the attorney-client privilege, work product doctrine and other privileges.

7        12.   In addition to the general objections above, Mattel objects to Topic No.

8  12 as vague and ambiguous, especially as to its use of the term "the three

9  dimensional dummy used by BRYANT in meeting with MGA."  Mattel further

10  objects to Topic No. 12 as overbroad and unduly burdensome, and not reasonably

11  calculated to lead to the discovery of admissible evidence.  Mattel further objects to

12  Topic No. 12 on the grounds that it fails to describe with reasonable particularity the

13  matters on which examination is requested.  Mattel further objects to Topic No. 12

14  on the grounds that it is premature, unduly burdensome, and harassing in that it calls

15  for information uniquely known by defendants and by third parties within

16  defendants' control, but is not known by Mattel at this juncture, including because

17  defendants have concealed their conduct from Mattel and because defendants have

18  refused or failed to produce discovery relating to this Topic, including discovery

19  that the Court has ordered MGA to produce.  Mattel further objects to this Topic on

20  the grounds that it is premature in that it seeks to circumvent the expert disclosure

21  provisions of the Federal and Local Rules.  Matters of expert testimony shall be

22  disclosed at the time and in the manner called for by the Rules and the Court's

23  Orders.  Mattel further objects to Topic No. 12 on the grounds that it calls for the

24  disclosure of information protected by the attorney-client privilege and work

25  product doctrine.

26        13.   In addition to the general objections above, Mattel objects to Topic No.

27  13 as vague and ambiguous, especially as to its use of the term "performance of

28  services."  Mattel further objects to Topic No. 13 as overbroad and unduly

-13-

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT ___3___  PAGE __47__

1  burdensome, and not reasonably calculated to lead to the discovery of admissible

2  evidence. Among other things, MGA's definition of the term "MATTEL" in this

3  context is overbroad, circular and incomprehensible in that it asks for the knowledge

4  of any current or former employee anywhere at MATTEL, including Bryant himself

5  and others at MGA who were former Mattel employees involved with Bratz such as

6  Paula Garcia. For this same reason, Mattel further objects to Topic No. 13 on the

7  grounds that it is premature, unduly burdensome, and harassing in that it calls for

8  information uniquely known by defendants and by third parties within defendants'

9  control, but is not known by Mattel at this juncture, including because defendants

10  have refused or failed to produce discovery relating to this Topic, including

11  discovery that the Court has ordered MGA to produce. Mattel further objects to

12  Topic No. 13 on the grounds that it fails to describe with reasonable particularity the

13  matters on which examination is requested. Mattel further objects to Topic No. 13

14  on the grounds that it is duplicative of Topics already designated by Bryant in

15  previous notices of deposition pursuant to Rule 30(b)(6), in which MGA has joined,

16  including Topic Nos. 15-18 from the notice served on December 21, 2004. Mattel

17  further objects to Topic No. 13 on the grounds that it calls for the disclosure of

18  information protected by the attorney-client privilege, work product doctrine and

19  other privileges.

20       14.   In addition to the general objections above, Mattel objects to Topic No.

21  14 as vague and ambiguous, especially as to its use of the term "contacts with

22  MGA." Mattel further objects to Topic No. 14 as overbroad and unduly

23  burdensome, and not reasonably calculated to lead to the discovery of admissible

24  evidence. Among other things, the request is not limited as to any specific time, and

25  MGA's definition of the term "MATTEL" in this context is overbroad, circular and

26  incomprehensible in that it asks for the knowledge of any current or former

27  employee anywhere at MATTEL, including Bryant himself and others at MGA who

28  were former Mattel employees involved with Bratz such as Paula Garcia. For this

1  same reason, Mattel further objects to Topic No. 14 on the grounds that it is

2  premature, unduly burdensome, and harassing in that it calls for information

3  uniquely known by defendants and by third parties within defendants' control, but is

4  not known by Mattel at this juncture, including because defendants have refused or

5  failed to produce discovery relating to this Topic, including discovery that the Court

6  has ordered MGA to produce.  Mattel further objects to Topic No. 14 on the grounds

7  that it fails to describe with reasonable particularity the matters on which

8  examination is requested.  Mattel further objects to Topic No. 14 on the grounds that

9  it is duplicative of Topics already designated by Bryant in previous notices of

10  deposition pursuant to <u>Rule</u> 30(b)(6), in which MGA has joined, including Topic

11  Nos. 15-18 from the notice served on December 21, 2004.  Mattel further objects to

12  this Topic on the grounds that it is premature in that it seeks to circumvent the

13  expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>.  Matters of expert

14  testimony shall be disclosed at the time and in the manner called for by the <u>Rules</u>

15  and the Court's Orders.  Mattel further objects to Topic No. 14 on the grounds that it

16  calls for the disclosure of information protected by the attorney-client privilege and

17  work product doctrine.

18      15.    In addition to the general objections above, Mattel objects to Topic No.

19  15 as vague and ambiguous, especially as to its use of the term "BRYANT's contract

20  with MGA."  Mattel further objects to Topic No. 15 as overbroad and unduly

21  burdensome, and not reasonably calculated to lead to the discovery of admissible

22  evidence.  Among other things, MGA's definition of the term "MATTEL" in this

23  context is overbroad, circular and incomprehensible in that it asks for the knowledge

24  of any current or former employee anywhere at MATTEL, including Bryant himself

25  and others at MGA who were former Mattel employees involved with Bratz such as

26  Paula Garcia.  For this same reason, Mattel further objects to Topic No. 15 on the

27  grounds that it is premature, unduly burdensome, and harassing in that it calls for

28  information uniquely known by defendants and by third parties within defendants'

1    control, but is not known by Mattel at this juncture, including because defendants

2    have refused or failed to produce discovery relating to this Topic, including

3    discovery that the Court has ordered MGA to produce.  Mattel further objects to

4    Topic No. 15 on the grounds that it fails to describe with reasonable particularity the

5    matters on which examination is requested.  Mattel further objects to Topic No. 15

6    on the grounds that it is duplicative of Topics already designated by Bryant in

7    previous notices of deposition pursuant to Rule 30(b)(6), in which MGA has joined,

8    including Topic Nos. 15-18 from the notice served on December 21, 2004.  Mattel

9    further objects to Topic No. 15 on the grounds that it calls for the disclosure of

10   information protected by the attorney-client privilege and work product doctrine.

11   Mattel further objects to this Topic on the grounds that it is premature in that it seeks

12   to circumvent the expert disclosure provisions of the Federal and Local Rules.

13   Matters of expert testimony shall be disclosed at the time and in the manner called

14   for by the Rules and the Court's Orders.

15         16.    In addition to the general objections above, Mattel objects to Topic No.

16   16 as vague and ambiguous, especially as to its use of the terms "information

17   contained in the WSJ STATEMENTS," "efforts by you to facilitate the publication

18   of the WSJ STATEMENTS," "assisting a WSJ REPORTER to obtain the WSJ

19   STATEMENTS or the information contained in the WSJ STATEMENTS," and

20   "response or reaction."  Mattel further objects to Topic No. 16 as compound,

21   overbroad and unduly burdensome, and not reasonably calculated to lead to the

22   discovery of admissible evidence.  Among other things, Topic No. 16 purports to

23   require Mattel to produce witnesses to testify as to "the identity of all fashion doll or

24   doll designers who left MATTEL in 2001," including employees that have no

25   relevance to this suit, and "COMMUNICATIONS among MATTEL employees,"

26   despite the fact that Mattel employs tens of thousands of employees across the

27   globe.  Mattel further objects to Topic No. 16 on the grounds that it fails to describe

28   with reasonable particularity the matters on which examination is requested.  Mattel

1  further objects to Topic No. 16 on the grounds that it calls for the disclosure of

2  information protected by the attorney-client privilege, work product doctrine and

3  other privileges.

4      17.    In addition to the general objections above, Mattel objects to Topic No.

5  17 as vague and ambiguous, especially as to its use of the term "internal and

6  external investigations." Mattel further objects to Topic No. 17 as compound,

7  overbroad and unduly burdensome, and not reasonably calculated to lead to the

8  discovery of admissible evidence. Among other things, Topic No. 17 purports to

9  require Mattel to produce witnesses to testify as to supposed surveillance or

10  "investigations of or concerning BRYANT, Richard Irmen, BRYANT's family,

11  LARIAN, LARIAN's family, MGA, MGA's current and former officers and

12  employees, BRAWER, Farhad (Fred) Larian, Shirin Larian Makabi; Shirin

13  Salemnia, Holly Stinnett, Tina Patel, Mercedeh Ward, Anna Rhee, Veronica

14  Marlowe, Margaret Leahy, Thomas Park, and Jahangir Makabi," despite the fact that

15  the Topic would purport to sweep in such wholly irrelevant matters such as efforts

16  by process servers to serve any of these individuals when MGA's counsel refused to

17  accept service on their behalf and as well as matters relating to any number of

18  irrelevant products and subjects. Mattel further objects to Topic No. 17 on the

19  grounds that it fails to describe with reasonable particularity the matters on which

20  examination is requested. Mattel further objects to Topic No. 17 on the grounds that

21  it is duplicative of Topics already designated by Bryant in previous notices of

22  deposition pursuant to Rule 30(b)(6), in which MGA has joined, including Topic

23  Nos. 19-20 from the notice served on December 21, 2004. Mattel further objects to

24  Topic No. 17 on the grounds that it is an attempt to circumvent the Discovery

25  Master's prior Orders determining the topic is irrelevant and/or an inappropriate and

26  overbroad category of discovery. Mattel further objects to Topic No. 17 on the

27  grounds that it calls for the disclosure of information protected by the attorney-client

28  privilege, work product doctrine and other privileges, including without limitation

-17-

EXHIBIT ___3___   PAGE _5/_

1 | the privileges afforded consulting experts. Mattel further objects to this Topic on
2 | the grounds that it is premature in that it seeks to circumvent the expert disclosure
3 | provisions of the Federal and Local Rules. Matters of expert testimony shall be
4 | disclosed at the time and in the manner called for by the Rules and the Court's
5 | Orders.

6 |     18.   In addition to the general objections above, Mattel objects to Topic No.
7 | 18 on the grounds that it fails to describe with reasonable particularity the matters on
8 | which examination is requested and that it is overbroad, unduly burdensome,
9 | oppressive, and not reasonably calculated to lead to the discovery of admissible
10 | evidence. Among other things, Topic No. 18 purports to require Mattel to produce
11 | witnesses to testify as to "employees who leave MATTEL to work for competitors,"
12 | unlimited as to time, and including employees that have no relevance to this suit,
13 | and to speculate "why each" such employee left. Mattel further objects to Topic No.
14 | 18 on the grounds that it is an attempt to circumvent the Discovery Master's prior
15 | Orders determining the topic is irrelevant and/or an inappropriate and overbroad
16 | category of discovery. Mattel further objects to Topic No. 18 on the grounds that it
17 | seeks confidential, proprietary and trade secret information, including such
18 | information that has no bearing on the claims or defenses in this case. Mattel further
19 | objects to Topic No. 18 on the grounds that it calls for the disclosure of information
20 | protected by the attorney-client privilege and work product doctrine.

21 |     19.   In addition to the general objections above, Mattel objects to Topic No.
22 | 19 as vague and ambiguous, especially as to its use of the terms "relationship or
23 | contacts," and "social acquaintances." Mattel further objects to Topic No. 19 as
24 | overbroad and unduly burdensome, and not reasonably calculated to lead to the
25 | discovery of admissible evidence. In particular, MGA's definitions of the terms
26 | "YOUR" and "MATTEL" in this context are overbroad, circular and
27 | incomprehensible in that they ask for the knowledge of any current or former
28 | employee anywhere at MATTEL, including Bryant himself and others at MGA who

1  were former Mattel employees involved with Bratz such as Paula Garcia. Mattel

2  further objects to Topic No. 19 on the grounds that it is premature, unduly

3  burdensome, and harassing in that it calls for information uniquely known by

4  defendants and by third parties within defendants' control, but is not known by

5  Mattel at this juncture, including because defendants have refused or failed to

6  produce discovery relating to this Topic, including discovery that the Court has

7  ordered MGA to produce. Mattel further objects to Topic No. 19 on the grounds

8  that it fails to describe with reasonable particularity the matters on which

9  examination is requested. Mattel further objects to Topic No. 19 on the grounds that

10  it is premature, unduly burdensome, and harassing in that it calls for information

11  uniquely known by defendants and by third parties within defendants' control, but is

12  not known by Mattel at this juncture, including because defendants have concealed

13  their conduct from Mattel and because defendants have refused or failed to produce

14  discovery relating to this Topic, including discovery that the Court has ordered

15  MGA to produce. Mattel further objects to Topic No. 19 on the grounds that it

16  purports to require Mattel to produce witnesses to marshal "evidence" in this case

17  and therefore seeks to impose upon Mattel burdens not permitted by the Rules.

18  Mattel further objects to Topic No. 19 on the grounds that it calls for the disclosure

19  of information protected by the attorney-client privilege, work product doctrine and

20  other privileges.

21      20.    In addition to the general objections above, Mattel objects to Topic No.

22  20 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

23  discovery of admissible evidence. Mattel further objects to Topic No. 20 on the

24  grounds that it fails to describe with reasonable particularity the matters on which

25  examination is requested. Mattel further objects to Topic No. 20 on the grounds that

26  it is premature, unduly burdensome, and harassing in that it calls for information

27  uniquely known by defendants and by third parties within defendants' control, but is

28  not known by Mattel at this juncture, including because defendants have refused or

-19-

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT __3__ PAGE __53__

1 | failed to produce discovery relating to this Topic, including discovery that the Court

2 | has ordered MGA to produce. Mattel further objects to Topic No. 20 on the grounds

3 | that it calls for the disclosure of information protected by the attorney-client

4 | privilege, work product doctrine and other privileges.

5 |       21. In addition to the general objections above, Mattel objects to Topic No.

6 | 21 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

7 | discovery of admissible evidence. Among other things, Topic No. 21 purports to

8 | require Mattel to produce witnesses to testify as to communications that "refer or

9 | relate to BRATZ, MGA, BRYANT, or Elise Cloonan," despite the fact that MGA is

10 | a large company producing a wide variety of toys that are irrelevant to this action

11 | and with which Mattel competes, and asks for information related to Anna Rhee's

12 | other work for Mattel, much of which is completely unrelated to the current case. In

13 | addition, persons named in this Topic are former Mattel employees and, even apart

14 | from the circularity and incomprehensibility of the definition of "YOUR" and

15 | "MATTEL" in this context for this reason, the Topic is thus overbroad, oppressive

16 | and not reasonably calculated to lead to the discovery of admissible evidence for

17 | this reason as well. Mattel further objects to Topic No. 21 on the grounds that it

18 | fails to describe with reasonable particularity the matters on which examination is

19 | requested. Mattel further objects to Topic No. 21 on the grounds that it is an attempt

20 | to circumvent the Discovery Master's prior Orders determining the topic is irrelevant

21 | and/or an inappropriate and overbroad category of discovery. Mattel further objects

22 | to Topic No. 21 on the grounds that it seeks confidential, proprietary and trade

23 | secret information, including such information that has no bearing on the claims or

24 | defenses in this case. Mattel further objects to this Topic on the grounds that it is

25 | premature in that it seeks to circumvent the expert disclosure provisions of the

26 | Federal and Local Rules. Matters of expert testimony shall be disclosed at the time

27 | and in the manner called for by the Rules and the Court's Orders. Mattel further

28 |

EXHIBIT ___3___ PAGE ___54___

1 | objects to Topic No. 21 on the grounds that it calls for the disclosure of information

2 | protected by the attorney-client privilege and work product doctrine.

3 |      22.    In addition to the general objections above, Mattel objects to Topic No.

4 | 22 as vague and ambiguous, including without limitation as to its use of the

5 | undefined term "witnesses in this ACTION." Mattel further objects to this Topic as

6 | overbroad, unduly burdensome, and not reasonably calculated to lead to the

7 | discovery of admissible evidence. Among other things, Topic No. 22 purports to

8 | require Mattel to produce witnesses to testify about Steve Linker's other work for

9 | Mattel, much of which is completely unrelated to the current case, and about

10 | communications that "refer or relate to BRATZ, MGA, BRYANT . . ., " without

11 | limitation as to time and despite the fact that MGA is a large company producing a

12 | wide variety of toys that are irrelevant to this action and with which Mattel

13 | competes. In addition, numerous persons apparently referenced in this Topic

14 | include former Mattel employees and, even apart from the circularity and

15 | incomprehensibility of the definition of "YOUR" and "MATTEL" in this context for

16 | this reason, the Topic is thus overbroad, oppressive and not reasonably calculated to

17 | lead to the discovery of admissible evidence for this reason as well. Mattel further

18 | objects to Topic No. 22 on the grounds that it fails to describe with reasonable

19 | particularity the matters on which examination is requested. Mattel further objects

20 | to Topic No. 22 on the grounds that it is an attempt to circumvent the Discovery

21 | Master's Orders determining the topic is irrelevant and/or an inappropriate and

22 | overbroad category of discovery. Mattel further objects to Topic No. 22 on the

23 | grounds that it seeks confidential, proprietary and trade secret information, including

24 | such information that has no bearing on the claims or defenses in this case. Mattel

25 | further objects to Topic No. 22 on the grounds that it calls for the disclosure of

26 | information protected by the attorney-client privilege, work product doctrine and

27 | other privileges.

28

1    23.    In addition to the general objections above, Mattel objects to Topic No.

2  23 as vague and ambiguous, including without limitation as to its use of the

3  undefined term "witnesses in this ACTION." Mattel further objects to this Topic as

4  overbroad, unduly burdensome, and not reasonably calculated to lead to the

5  discovery of admissible evidence. Among other things, Topic No. 23 purports to

6  require Mattel to produce witnesses to testify about matters wholly unrelated to the

7  current case and about communications that "refer or relate to BRATZ, MGA,

8  BRYANT . . ., " without limitation as to time and despite the fact that MGA is a

9  large company producing a wide variety of toys that are irrelevant to this action and

10  with which Mattel competes. In addition, numerous persons referenced in this

11  Topic include former Mattel employees and, even apart from the circularity and

12  incomprehensibility of the definition of "YOUR" and "MATTEL" in this context for

13  this reason, the Topic is thus overbroad, oppressive and not reasonably calculated to

14  lead to the discovery of admissible evidence for this reason as well. Mattel further

15  objects to Topic No. 23 on the grounds that it fails to describe with reasonable

16  particularity the matters on which examination is requested. Mattel further objects

17  to Topic No. 23 on the grounds that it is an attempt to circumvent the Discovery

18  Master's prior Orders determining the topic is irrelevant and/or an inappropriate and

19  overbroad category of discovery. Mattel further objects to Topic No. 23 on the

20  grounds that it seeks confidential, proprietary and trade secret information, including

21  such information that has no bearing on the claims or defenses in this case. Mattel

22  further objects to Topic No. 23 on the grounds that it calls for the disclosure of

23  information protected by the attorney-client privilege, work product doctrine and

24  other privileges. Mattel further objects to Topic No. 23 on the grounds that it seeks

25  confidential, proprietary and trade secret information, including such information

26  that has no bearing on the claims or defenses in this case. Mattel further objects to

27  Topic No. 23 on the grounds that it calls for the disclosure of information protected

28  by the attorney-client privilege and work product doctrine.

EXHIBIT __3__ PAGE _56_

1    24.    In addition to the general objections above, Mattel objects to Topic No.

2  24 as vague and ambiguous, especially as to its use of the term "process(es) by

3  which MATTEL evaluates and approves ideas for new fashion dolls." Mattel

4  further objects to Topic No. 24 on the grounds that it fails to describe with

5  reasonable particularity the matters on which examination is requested and that it is

6  overbroad and unduly burdensome, and not reasonably calculated to lead to the

7  discovery of admissible evidence. Mattel further objects to Topic No. 24 on the

8  grounds that it seeks confidential, proprietary and trade secret information, including

9  such information that has no bearing on the claims or defenses in this case. Mattel

10  further objects to this Topic on the grounds that it is premature in that it seeks to

11  circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>. Matters

12  of expert testimony shall be disclosed at the time and in the manner called for by the

13  <u>Rules</u> and the Court's Orders. Mattel further objects to Topic No. 24 on the grounds

14  that it calls for the disclosure of information protected by the attorney-client

15  privilege, work product doctrine and other privileges.

16    25.    In addition to the general objections above, Mattel objects to Topic No.

17  25 as vague and ambiguous, especially as to its use of the term "MATTEL's hiring

18  and recruiting practices." Mattel further objects to Topic No. 25 as overbroad and

19  unduly burdensome, and not reasonably calculated to lead to the discovery of

20  admissible evidence, including without limitation as it relates to entire companies

21  and/or products and other matters that are not at issue in this suit. Mattel further

22  objects to Topic No. 25 on the grounds that it fails to describe with reasonable

23  particularity the matters on which examination is requested. Mattel further objects

24  to this Topic on the grounds that it seeks to circumvent prior rulings of the Court.

25  Mattel further objects to Topic No. 25 on the grounds that it seeks confidential,

26  proprietary and trade secret information, including such information that has no

27  bearing on the claims or defenses in this case. Mattel further objects to Topic No.

28

-23-

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT __3__ PAGE __57__

1 | 25 on the grounds that it calls for the disclosure of information protected by the

2 | attorney-client privilege and work product doctrine.

3 |     26.   In addition to the general objections above, Mattel objects to Topic No.

4 | 26 as vague and ambiguous, especially as to its use of the term "agreement

5 | requested by MATTEL concerning confidentiality, ownership of intellectual

6 | property, and/or any post-employment restrictions or obligations to MATTEL."

7 | Mattel further objects to Topic No. 26 as overbroad and unduly burdensome, and

8 | not reasonably calculated to lead to the discovery of admissible evidence. Mattel

9 | further objects to Topic No. 26 on the grounds that it fails to describe with

10 | reasonable particularity the matters on which examination is requested. Mattel

11 | further objects to Topic No. 26 on the grounds that it seeks confidential, proprietary

12 | and trade secret information, including such information that has no bearing on the

13 | claims or defenses in this case. Mattel further objects to Topic No. 26 on the

14 | grounds that it calls for the disclosure of information protected by the attorney-client

15 | privilege, work product doctrine and other privileges.

16 |     27.   In addition to the general objections above, Mattel objects to Topic No.

17 | 27 as overbroad and unduly burdensome, and not reasonably calculated to lead to

18 | the discovery of admissible evidence, including that the circumstances of Bryant's

19 | testimony are irrelevant and his testimony speaks for itself. Mattel further objects to

20 | Topic No. 27 on the grounds that it fails to describe with reasonable particularity the

21 | matters on which examination is requested. Mattel further objects to Topic No. 27

22 | on the grounds that it is premature, unduly burdensome, and harassing in that it calls

23 | for information uniquely known by defendants and by third parties within

24 | defendants' control. Mattel further objects to Topic No. 27 on the grounds that it

25 | calls for the disclosure of information protected by the attorney-client privilege,

26 | work product doctrine and other privileges.

27 |     28.   In addition to the general objections above, Mattel objects to Topic No.

28 | 28 as vague and ambiguous, including in its use of the term "impacted." Mattel

07209/2225076.1

-24-

**EXHIBIT** _3_ **PAGE** _58_

1   further objects to this Topic as overbroad, unduly burdensome, and not reasonably

2   calculated to lead to the discovery of admissible evidence.  Among other things,

3   Topic No. 28 purports to require Mattel to produce witnesses to testify as to "sales,

4   revenues, and profits" for many thousands of products, including "accessories" and

5   "licensed products," spanning an 18-year period that bears no rational connection to

6   the issues in this suit and appears to have been propounded only to harass.  Mattel

7   further objects to Topic No. 28 on the grounds that it fails to describe with

8   reasonable particularity the matters on which examination is requested.  Mattel

9   further objects to Topic No. 28 on the grounds that it calls for the disclosure of

10   information protected by the attorney-client privilege and work product doctrine and

11   the privileges afforded consulting experts.  Mattel further objects to Topic No. 28 on

12   the grounds that it is premature in that it seeks to circumvent the Court's <u>Rules</u> and

13   Orders governing the timing, manner and sequence of expert disclosures.  Matters of

14   expert testimony shall be disclosed at the time and in the manner called for by the

15   <u>Rules</u> and the Court's Orders.

16         29.     In addition to the general objections above, Mattel objects to Topic No.

17   29 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

18   discovery of admissible evidence.  Among other things, Topic No. 29 purports to

19   require Mattel to produce witnesses to testify as to "sales and sales revenues" of

20   many thousands of products that have no relevance to this suit and spanning an 18-

21   year period that bears no rational connection to the issues in this suit and appears to

22   have been propounded only to harass.  Mattel further objects to Topic No. 29 on the

23   grounds that it fails to describe with reasonable particularity the matters on which

24   examination is requested.  Mattel further objects to Topic No. 29 on the grounds that

25   it is duplicative of Topics already designated by Bryant in previous notices of

26   deposition pursuant to Rule 30(b)(6), in which MGA has joined, including Topic

27   No. 14 from the notice served on December 21, 2004.  Mattel further objects to

28   Topic No. 29 on the grounds that it calls for the disclosure of information protected

-25-

EXHIBIT ___3___ PAGE _59_

1  by the attorney-client privilege and work product doctrine and the privileges

2  afforded consulting experts. Mattel further objects to Topic No. 29 on the grounds

3  that it seeks to circumvent prior Court rulings and is premature in that it seeks to

4  circumvent the Court's Rules and Orders governing the timing, manner and

5  sequence of expert disclosures. Matters of expert testimony shall be disclosed at the

6  time and in the manner called for by the Rules and the Court's Orders.

7       30.     In addition to the general objections above, Mattel objects to Topic No.

8  30 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

9  discovery of admissible evidence. Among other things, Topic No. 30 purports to

10  require Mattel to produce witnesses to testify as to the "net worth or value of

11  MATTEL's 'BARBIE' brand, including but not limited to, its 'My Scene' 'Barbie'

12  line of products," spanning an 18-year period that bears no rational relationship to

13  the issues in this suit and despite the fact that the BARBIE brand includes a wide

14  variety of fashion dolls and accessories, most of which are irrelevant to this case.

15  Mattel further objects to Topic No. 30 on the grounds that it fails to describe with

16  reasonable particularity the matters on which examination is requested. Mattel

17  further objects to Topic No. 30 on the grounds that it calls for the disclosure of

18  information protected by the attorney-client privilege and work product doctrine and

19  the privileges afforded consulting experts. Mattel further objects to Topic No. 30 on

20  the grounds that it seeks confidential, proprietary and trade secret information,

21  including such information that has no bearing on the claims or defenses in this

22  case.

23       31.     In addition to the general objections above, Mattel objects to Topic No.

24  31 as compound, overbroad, unduly burdensome, and not reasonably calculated to

25  lead to the discovery of admissible evidence. Among other things, MGA's

26  definition of the terms "INITIAL DISCLOSURE WITNESSES," "YOUR" and

27  "MATTEL" in this context are overbroad, circular and incomprehensible in that they

28  ask for the knowledge of any current or former employee anywhere at MATTEL,

EXHIBIT __3__   PAGE __60__

1  including Bryant himself and others at MGA who were former Mattel employees

2  involved with Bratz and other products at issue such as Paula Garcia. For this same

3  reason, Mattel further objects to Topic No. 31 on the grounds that it is unduly

4  burdensome, and harassing in that it calls for information uniquely known by

5  defendants and by third parties within defendants' control, but is not known by

6  Mattel at this juncture, including because defendants have refused or failed to

7  produce discovery relating to this Topic, including discovery that the Court has

8  ordered MGA to produce. Mattel further objects to Topic No. 31 on the grounds

9  that it fails to describe with reasonable particularity the matters on which

10 examination is requested. Mattel further objects to Topic No. 31 on the grounds that

11 it calls for the disclosure of information protected by the attorney-client privilege,

12 work product doctrine and other privileges.

13          32.    In addition to the general objections above, Mattel objects to Topic No.

14 32 as vague, ambiguous and incomprehensible, especially as to its use of the terms

15 "awareness of and response to 'BRATZ,'" "a competitive threat to YOUR business,"

16 and "strategies and efforts to compete with 'BRATZ.'" Mattel further objects to

17 Topic No. 32 as overbroad, unduly burdensome, and not reasonably calculated to

18 lead to the discovery of admissible evidence. Among other things, MGA's

19 definitions of the terms "YOUR" and "MATTEL" in this context are overbroad in

20 that they ask for the knowledge of any of the tens of thousands of current or former

21 employee anywhere at MATTEL. Mattel further objects to Topic No. 32 on the

22 grounds that it fails to describe with reasonable particularity the matters on which

23 examination is requested. Mattel further objects to Topic No. 32 on the grounds that

24 it seeks confidential, proprietary and trade secret information, including such

25 information that has no bearing on the claims or defenses in this case. Mattel further

26 objects to Topic No. 32 on the grounds that it calls for the disclosure of information

27 protected by the attorney-client privilege and work product doctrine. Mattel further

28 objects to this Topic on the grounds that it is premature in that it seeks to circumvent

-27-

EXHIBIT ___3___ PAGE _61_

1    the expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>.  Matters of expert

2    testimony shall be disclosed at the time and in the manner called for by the <u>Rules</u>

3    and the Court's Orders.

4      33. In addition to the general objections above, Mattel objects to Topic No.

5    33 as vague and ambiguous, especially as to its use of the undefined terms "factor in

6    the development of" and "marketing strategies."  Mattel further objects to Topic No.

7    33 on the grounds that it fails to describe with reasonable particularity the matters on

8    which examination is requested and that it is compound, overbroad and unduly

9    burdensome, and not reasonably calculated to lead to the discovery of admissible

10   evidence.  Among other things, a topic identified as "MY SCENE" is no meaningful

11   topic at all for purposes of testimony, including when co-joined with equally

12   unexplained sub-topics such as undefined "marketing strategies," and purports to

13   sweep in numerous dolls, accessories, and other matters and elements that are

14   completely irrelevant to this action.  Mattel further objects to Topic No. 33 on the

15   grounds that it seeks confidential, proprietary and trade secret information, including

16   such information that has no bearing on the claims or defenses in this case.  Mattel

17   further objects to Topic No. 33 on the grounds that it is an attempt to circumvent the

18   Discovery Master's prior Orders determining the topic is irrelevant and/or an

19   inappropriate and overbroad category of discovery. .Mattel further objects to Topic

20   No. 33 on the grounds that it calls for the disclosure of information protected by the

21   attorney-client privilege and work product doctrine.  Mattel further objects to this

22   Topic on the grounds that it is premature in that it seeks to circumvent the expert

23   disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>.  Matters of expert testimony

24   shall be disclosed at the time and in the manner called for by the <u>Rules</u> and the

25   Court's Orders.

26     34. In addition to the general objections above, Mattel objects to Topic No.

27   34 as vague and ambiguous, especially as to its use of the undefined terms "factor in

28   the development of" and "marketing strategies."  Mattel further objects to Topic No.

07209/2225076.1

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT __3__    PAGE __62__

1   34 on the grounds that it fails to describe with reasonable particularity the matters on

2   which examination is requested and that it is compound, overbroad and unduly

3   burdensome, and not reasonably calculated to lead to the discovery of admissible

4   evidence.  Among other things, a topic identified as "WEE 3 FRIENDS" is no

5   meaningful topic at all for purposes of testimony, including when co-joined with

6   equally unexplained sub-topics such as undefined "marketing strategies," and

7   purports to sweep in numerous dolls, accessories, and other matters and elements

8   that are completely irrelevant to this action.  Mattel further objects to Topic No. 34

9   on the grounds that it seeks confidential, proprietary and trade secret information,

10  including such information that has no bearing on the claims or defenses in this

11  case.  Mattel further objects to Topic No. 34 on the grounds that it is an attempt to

12  circumvent the Discovery Master's prior Orders determining the topic is irrelevant

13  and/or an inappropriate and overbroad category of discovery.  Mattel further objects

14  to Topic No. 34 on the grounds that it calls for the disclosure of information

15  protected by the attorney-client privilege and work product doctrine.  Mattel further

16  objects to this Topic on the grounds that it is premature in that it seeks to circumvent

17  the expert disclosure provisions of the Federal and Local Rules.  Matters of expert

18  testimony shall be disclosed at the time and in the manner called for by the Rules

19  and the Court's Orders.

20      35.   In addition to the general objections above, Mattel objects to Topic No.

21  35 as vague and ambiguous, especially as to its use of the undefined terms "factor in

22  the development of" and "marketing strategies."  Mattel further objects to Topic No.

23  35 on the grounds that it fails to describe with reasonable particularity the matters on

24  which examination is requested and that it is compound, overbroad and unduly

25  burdensome, and not reasonably calculated to lead to the discovery of admissible

26  evidence.  Among other things, a topic identified as "LITTLE MOMMY" is no

27  meaningful topic at all for purposes of testimony, including when co-joined with

28  equally unexplained sub-topics such as undefined "marketing strategies," and

07209/2225076.1

-29-

1  purports to sweep in numerous matters and elements that are completely irrelevant

2  to this action. Mattel further objects to Topic No. 35 on the grounds that it seeks

3  confidential, proprietary and trade secret information, including such information

4  that has no bearing on the claims or defenses in this case. Mattel further objects to

5  Topic No. 35 on the grounds that it is an attempt to circumvent the Discovery

6  Master's prior Orders determining the topic is irrelevant and/or an inappropriate and

7  overbroad category of discovery. Mattel further objects to Topic No. 35 on the

8  grounds that it calls for the disclosure of information protected by the attorney-client

9  privilege and work product doctrine. Mattel further objects to this Topic on the

10  grounds that it is premature in that it seeks to circumvent the expert disclosure

11  provisions of the Federal and Local Rules. Matters of expert testimony shall be

12  disclosed at the time and in the manner called for by the Rules and the Court's

13  Orders.

14         36.    In addition to the general objections above, Mattel objects to Topic No.

15  36 as vague and ambiguous, especially as to its use of the undefined terms "factor in

16  the development of" and "marketing strategies." Mattel further objects to Topic No.

17  36 on the grounds that it fails to describe with reasonable particularity the matters on

18  which examination is requested and that it is compound, overbroad and unduly

19  burdensome, and not reasonably calculated to lead to the discovery of admissible

20  evidence. Among other things, a topic identified as "ACCELERACERS" is no

21  meaningful topic at all for purposes of testimony, including when co-joined with

22  equally unexplained sub-topics such as undefined "marketing strategies," and

23  purports to sweep in numerous products, accessories and other matters and elements

24  that are completely irrelevant to this action. Mattel further objects to Topic No. 36

25  on the grounds that it seeks confidential, proprietary and trade secret information,

26  including such information that has no bearing on the claims or defenses in this

27  case. Mattel further objects to Topic No. 36 on the grounds that it is an attempt to

28  circumvent the Discovery Master's prior Orders determining the topic is irrelevant

-30-

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT __3__ PAGE __64__

1   and/or an inappropriate and overbroad category of discovery.  Mattel further objects

2   to Topic No. 36 on the grounds that it calls for the disclosure of information

3   protected by the attorney-client privilege and work product doctrine.  Mattel further

4   objects to this Topic on the grounds that it is premature in that it seeks to circumvent

5   the expert disclosure provisions of the <u>Federal</u> and <u>Local</u> <u>Rules</u>.  Matters of expert

6   testimony shall be disclosed at the time and in the manner called for by the <u>Rules</u>

7   and the Court's Orders.

8        37.    In addition to the general objections above, Mattel objects to Topic No.

9   37 as vague and ambiguous, especially as to its use of the undefined terms "factor in

10  the development of" and "marketing strategies."  Mattel further objects to Topic No.

11  37 on the grounds that it fails to describe with reasonable particularity the matters on

12  which examination is requested and that it is compound, overbroad and unduly

13  burdensome, and not reasonably calculated to lead to the discovery of admissible

14  evidence.  Among other things, a topic identified as "DIVA STARZ" is no

15  meaningful topic at all for purposes of testimony, including when co-joined with

16  equally unexplained sub-topics such as undefined "marketing strategies," and

17  purports to sweep in numerous matters and elements that are completely irrelevant

18  to this action, including numerous dolls, accessories, playsets and licensed products

19  which are completely irrelevant to this action and considerable design and

20  development activities that are equally irrelevant to this action, such as computer

21  programming, circuitry, engineering, voice scripting, etc.  Mattel further objects to

22  Topic No. 37 on the grounds that it seeks confidential, proprietary and trade secret

23  information, including such information that has no bearing on the claims or

24  defenses in this case.  Mattel further objects to Topic No. 37 on the grounds that it is

25  an attempt to circumvent the Discovery Master's prior Orders determining the topic

26  is irrelevant and/or an inappropriate and overbroad category of discovery.  Mattel

27  further objects to this Topic as duplicative of Bryant's deposition notice, which

28  MGA adopted and has questioned representatives with respect to the aspects of

-31-

**EXHIBIT** _3_   **PAGE** _65_

1 | DIVA STARZ that are relevant to this action. Mattel further objects to Topic No.
2 | 37 on the grounds that it calls for the disclosure of information protected by the
3 | attorney-client privilege and work product doctrine. Mattel further objects to this
4 | Topic on the grounds that it is premature in that it seeks to circumvent the expert
5 | disclosure provisions of the Federal and Local Rules. Matters of expert testimony
6 | shall be disclosed at the time and in the manner called for by the Rules and the
7 | Court's Orders.

8 |      38. In addition to the general objections above, Mattel objects to Topic No.
9 | 38 as vague and ambiguous, especially as to its use of the undefined terms "factor in
10 | the development of" and "marketing strategies." Mattel further objects to Topic No.
11 | 38 on the grounds that it fails to describe with reasonable particularity the matters on
12 | which examination is requested and that it is compound, overbroad and unduly
13 | burdensome, and not reasonably calculated to lead to the discovery of admissible
14 | evidence. Among other things, a topic identified as "FLAVAS" is no meaningful
15 | topic at all for purposes of testimony, including when co-joined with equally
16 | unexplained sub-topics such as undefined "marketing strategies," and purports to
17 | sweep in numerous matters and elements that are completely irrelevant to this
18 | action, including numerous dolls, accessories, playsets and licensed products which
19 | are completely irrelevant to this action and considerable design and development
20 | activities that are equally irrelevant to this action, such as engineering. Mattel
21 | further objects to Topic No. 38 on the grounds that it seeks confidential, proprietary
22 | and trade secret information, including such information that has no bearing on the
23 | claims or defenses in this case. Mattel further objects to Topic No. 38 on the
24 | grounds that it is an attempt to circumvent the Discovery Master's prior Orders
25 | determining the topic is irrelevant and/or an inappropriate and overbroad category of
26 | discovery. Mattel further objects to Topic No. 38 on the grounds that it calls for the
27 | disclosure of information protected by the attorney-client privilege and work
28 | product doctrine. Mattel further objects to this Topic on the grounds that it is

1  premature in that it seeks to circumvent the expert disclosure provisions of the

2  Federal and Local Rules.  Matters of expert testimony shall be disclosed at the time

3  and in the manner called for by the Rules and the Court's Orders.

4      39.    In addition to the general objections above, Mattel objects to Topic No.

5  39 as compound, overbroad and unduly burdensome, and not reasonably calculated

6  to lead to the discovery of admissible evidence.  Among other things, Topic No. 39

7  purports to require Mattel to produce witnesses to testify as to "all facts concerning

8  [the] origin, creation, design and development" of a whole host of products, many of

9  which were part of line lists or other documents stolen by MGA that list numerous

10  Mattel product lines all at once; and which are otherwise irrelevant to this action.

11  Mattel further objects to Topic No. 39 on the grounds that it fails to describe with

12  reasonable particularity the matters on which examination is requested.  Mattel

13  further objects to Topic No. 39 on the grounds that it seeks confidential, proprietary

14  and trade secret information, including such information that has no bearing on the

15  claims or defenses in this case.  Mattel further objects to Topic No. 39 on the

16  grounds that it is an attempt to circumvent the Discovery Master's prior Orders

17  determining the topic is irrelevant and/or an inappropriate and overbroad category of

18  discovery.  Mattel further objects to Topic No. 39 on the grounds that it calls for the

19  disclosure of information protected by the attorney-client privilege and work

20  product doctrine.  Mattel further objects to this Topic on the grounds that it is

21  premature in that it seeks to circumvent the expert disclosure provisions of the

22  Federal and Local Rules.  Matters of expert testimony shall be disclosed at the time

23  and in the manner called for by the Rules and the Court's Orders.

24      40.    In addition to the general objections above, Mattel objects to Topic No.

25  40 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

26  discovery of admissible evidence.  Among other things, Topic No. 40 purports to

27  require Mattel to produce witnesses to testify as to all MY SCENE, BARBIE, and

28  DIVA STARZ commercials, and for all information "concerning any MGA products

1  or advertising," despite the fact that MGA has only placed specific Mattel and MGA

2  advertisements at issue.  Mattel further objects to Topic No. 40 on the grounds that

3  it is an attempt to circumvent the Discovery Master's prior Orders determining the

4  topic is irrelevant and/or an inappropriate and overbroad category of discovery.

5  Mattel further objects to Topic No. 40 on the grounds that it fails to describe with

6  reasonable particularity the matters on which examination is requested.  Mattel

7  further objects to Topic No. 40 on the grounds that it seeks confidential, proprietary

8  and trade secret information, including such information that has no bearing on the

9  claims or defenses in this case.  Mattel further objects to Topic No. 40 on the

10  grounds that it calls for the disclosure of information protected by the attorney-client

11  privilege and work product doctrine.  Mattel further objects to this Topic on the

12  grounds that it is premature in that it seeks to circumvent the expert disclosure

13  provisions of the Federal and Local Rules.  Matters of expert testimony shall be

14  disclosed at the time and in the manner called for by the Rules and the Court's

15  Orders.

16       41.    In addition to the general objections above, Mattel objects to Topic No.

17  41 as overbroad, unduly burdensome, and harassing, and not reasonably calculated

18  to lead to the discovery of admissible evidence.  Among other things, Topic No. 41

19  purports to require Mattel to produce witnesses to testify as to all of the many

20  hundreds of "current and former MATTEL employees . . . involved in any aspect of

21  the creation, marketing, sales, design, and development" of many Mattel lines

22  consisting of many dozens of products and other matters that have no bearing on this

23  suit.  Mattel further objects to Topic No. 41 on the grounds that it fails to describe

24  with reasonable particularity the matters on which examination is requested.  Mattel

25  further objects to Topic No. 41 on the grounds that it seeks confidential, proprietary

26  and trade secret information, including such information that has no bearing on the

27  claims or defenses in this case.  Mattel further objects to Topic No. 41 on the

28  grounds that it is an attempt to circumvent the Discovery Master's prior Orders

-34-
MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT  3  PAGE  68

1   determining the topic is irrelevant and/or an inappropriate and overbroad category of

2   discovery. Mattel further objects to Topic No. 41 on the grounds that it calls for the

3   disclosure of information protected by the attorney-client privilege and work

4   product doctrine. Mattel further objects to this Topic on the grounds that it is

5   premature in that it seeks to circumvent the expert disclosure provisions of the

6   Federal and Local Rules. Matters of expert testimony shall be disclosed at the time

7   and in the manner called for by the Rules and the Court's Orders.

8        42.   In addition to the general objections above, Mattel objects to Topic No.

9   42 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

10  discovery of admissible evidence. Among other things, "DIVA STARZ" and "MY

11  SCENE" consist of numerous products and elements that are completely irrelevant

12  to this action. Mattel further objects to Topic No. 42 on the grounds that it fails to

13  describe with reasonable particularity the matters on which examination is

14  requested, including in that it fails to identify any particular aspect of the "[l]egal

15  actions and claims" on which testimony is sought. Mattel further objects to Topic

16  No. 42 on the grounds that it calls for the disclosure of information protected by the

17  attorney-client privilege, work product doctrine and other privileges.

18       43.   In addition to the general objections above, Mattel objects to Topic No.

19  43 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

20  discovery of admissible evidence. Among other things, "DIVA STARZ" and "MY

21  SCENE" consist of numerous products and elements that are completely irrelevant

22  to this action, including without limitation as to the trademark search performed for

23  names that have nothing to do with this suit. Mattel further objects to Topic No. 43

24  on the grounds that it fails to describe with reasonable particularity the matters on

25  which examination is requested, including without limitation in its undefined use of

26  "claimed intellectual property rights." Mattel further objects to this Topic on the

27  grounds that it is premature in that it seeks to circumvent the expert disclosure

28  provisions of the Federal and Local Rules. Matters of expert testimony shall be

07209/2225076.1

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT ___3___ PAGE ___69___

1   disclosed at the time and in the manner called for by the <u>Rules</u> and the Court's

2   Orders.  Mattel further objects to Topic No. 43 on the grounds that it calls for the

3   disclosure of information protected by the attorney-client privilege and work

4   product doctrine.

5        44.   In addition to the general objections above, Mattel objects to Topic No.

6   44 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

7   discovery of admissible evidence.  Among other things, Topic No. 44 purports to

8   require Mattel to produce witnesses to testify as to "any MATTEL product or

9   packaging on the one hand, and any MGA product or packaging," despite the fact

10  that MGA and Mattel both produce a wide variety of products that compete with

11  each other that are not at issue in this case.  Mattel further objects to Topic No. 44

12  on the grounds that it fails to describe with reasonable particularity the matters on

13  which examination is requested.  Mattel further objects to Topic No. 44 on the

14  grounds that it purports to require Mattel to produce witnesses to marshal

15  "evidence" in this case and therefore seeks to impose upon Mattel burdens not

16  permitted by the <u>Rules</u>.  Mattel further objects to Topic No. 44 on the grounds that it

17  seeks confidential, proprietary and trade secret information, including such

18  information that has no bearing on the claims or defenses in this case.  Mattel further

19  objects to Topic No. 44 on the grounds that it is an attempt to circumvent the

20  Discovery Master's prior Orders determining the topic is irrelevant and/or an

21  inappropriate and overbroad category of discovery.  Mattel further objects to Topic

22  No. 44 on the grounds that it calls for the disclosure of information protected by the

23  attorney-client privilege and work product doctrine.  Mattel further objects to this

24  Topic on the grounds that it is premature in that it seeks to circumvent the expert

25  disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>.  Matters of expert testimony

26  shall be disclosed at the time and in the manner called for by the <u>Rules</u> and the

27  Court's Orders.

28

-36-

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT __3__ PAGE __70__

1       45.    In addition to the general objections above, Mattel objects to Topic No.

2   45 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

3   discovery of admissible evidence.  Among other things, Topic No. 45 purports to

4   require Mattel to produce witnesses to testify as to "any statements or comments by

5   any PERSON that a MATTEL product, packaging or ADVERTISEMENT is a copy

6   or 'knock off' of an MGA product, packaging, or ADVERTISEMENT," despite the

7   fact that MGA and Mattel both produce a wide variety of products that compete

8   with each other which are not at issue in this case.  Indeed, as written, the Topic

9   purports Mattel to produce a witness to repeat MGA's false statements in this suit.

10  Mattel further objects to Topic No. 45 on the grounds that it fails to describe with

11  reasonable particularity the matters on which examination is requested.  Mattel

12  further objects to Topic No. 45 on the grounds that it seeks confidential, proprietary

13  and trade secret information, including such information that has no bearing on the

14  claims or defenses in this case.  Mattel further objects to Topic No. 45 on the

15  grounds that it is an attempt to circumvent the Discovery Master's prior Orders

16  determining the topic is irrelevant and/or an inappropriate and overbroad category of

17  discovery.  Mattel further objects to Topic No. 45 on the grounds that it calls for the

18  disclosure of information protected by the attorney-client privilege and work

19  product doctrine.

20      46.    In addition to the general objections above, Mattel objects to Topic No.

21  46 as vague and ambiguous, incomprehensible, overbroad, unduly burdensome, and

22  not reasonably calculated to lead to the discovery of admissible evidence.  Among

23  other things, Topic No. 46 purports to require Mattel to produce witnesses to testify

24  as to supposed copying of any MGA advertisement, despite the fact that MGA and

25  Mattel both produce a wide variety of products that are not at issue and MGA has

26  only placed particular advertisements at issue.  Mattel further objects to Topic No.

27  46 on the grounds that it fails to describe with reasonable particularity the matters on

28  which examination is requested.  Mattel further objects to Topic No. 46 on the

-37-

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT _3_  PAGE _71_

1  grounds that it seeks confidential, proprietary and trade secret information, including
2  such information that has no bearing on the claims or defenses in this case. Mattel
3  further objects to Topic No. 46 on the grounds that it is an attempt to circumvent the
4  Discovery Master's prior Orders determining the topic is irrelevant and/or an
5  inappropriate and overbroad category of discovery. Mattel further objects to Topic
6  No. 46 on the grounds that it calls for the disclosure of information protected by the
7  attorney-client privilege and work product doctrine. Mattel further objects to this
8  Topic on the grounds that it is premature in that it seeks to circumvent the expert
9  disclosure provisions of the Federal and Local Rules. Matters of expert testimony
10 shall be disclosed at the time and in the manner called for by the Rules and the
11 Court's Orders.

12      47.     In addition to the general objections above, Mattel objects to Topic No.
13 47 as vague and ambiguous, especially as to its use of the term "on YOUR behalf."
14 Mattel further objects to Topic No. 47 as overbroad, unduly burdensome, and not
15 reasonably calculated to lead to the discovery of admissible evidence. Among other
16 things, Topic No. 47 purports to require Mattel to produce witnesses to testify as to
17 sworn statements regarding DIVA STARZ, MY SCENE, FLAVAS, and BARBIE
18 over the course of the last decade, despite the fact that each of these brands include a
19 large line of dolls, accessories, computer and video games, and playsets, many of
20 which are completely irrelevant to this action. Mattel further objects to Topic No.
21 47 on the grounds that it fails to describe with reasonable particularity the matters on
22 which examination is requested. Mattel further objects to Topic No. 47 on the
23 grounds that it seeks confidential, proprietary and trade secret information, including
24 such information that has no bearing on the claims or defenses in this case. Mattel
25 further objects to Topic No. 47 on the grounds that it is an attempt to circumvent the
26 Discovery Master's prior Orders determining the topic is irrelevant and/or an
27 inappropriate and overbroad category of discovery. Mattel further objects to Topic
28 No. 47 on the grounds that it calls for the disclosure of information protected by the

-38-

EXHIBIT ___3___ PAGE ___72___

1   attorney-client privilege and work product doctrine.  Mattel further objects to this

2   Topic on the grounds that it is premature in that it seeks to circumvent the expert

3   disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>.  Matters of expert testimony

4   shall be disclosed at the time and in the manner called for by the <u>Rules</u> and the

5   Court's Orders.

6        48.    In addition to the general objections above, Mattel objects to Topic No.

7   48 as vague, ambiguous, and incomprehensible, especially given its definitions of

8   the terms MGA and MATTEL.  Mattel further objects to Topic No. 48 as overbroad,

9   unduly burdensome, oppressive, and not reasonably calculated to lead to the

10  discovery of admissible evidence, including without limitation in that the Topic is

11  unlimited as to time, subject matter, product or anything else.  Furthermore, MGA's

12  definitions of the terms "MATTEL" and "MGA" in this context are overbroad,

13  circular and incomprehensible, including by the inclusion of any current or former

14  employee anywhere at MATTEL, including Bryant himself and others at MGA who

15  were former Mattel employees involved with Bratz such as Paula Garcia.  Thus, the

16  Topic literally purports to ask for every communication between former Mattel

17  employees that are solely internal to MGA and every communication Mattel had

18  with that person when he or she was employed by Mattel.  Mattel further objects to

19  Topic No. 48 on the grounds that it fails to describe with reasonable particularity the

20  matters on which examination is requested.  Mattel further objects to Topic No. 48

21  on the grounds that it seeks confidential, proprietary and trade secret information,

22  including such information that has no bearing on the claims or defenses in this

23  case.  Mattel further objects to Topic No. 48 on the grounds that it is an attempt to

24  circumvent the Discovery Master's prior Orders determining the topic is irrelevant

25  and/or an inappropriate and overbroad category of discovery.  Mattel further objects

26  to this Topic on the grounds that it is premature in that it seeks to circumvent the

27  expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>.  Matters of expert

28  testimony shall be disclosed at the time and in the manner called for by the <u>Rules</u>

07209/2225076.1

-39-

EXHIBIT ___3___ PAGE ___73___

1 | and the Court's Orders. Mattel further objects to Topic No. 48 on the grounds that it
2 | calls for the disclosure of information protected by the attorney-client privilege and
3 | work product doctrine.

4 |     49.    In addition to the general objections above, Mattel objects to Topic No.
5 | 49 as vague and ambiguous, overbroad, unduly burdensome, and not reasonably
6 | calculated to lead to the discovery of admissible evidence.  Among other things,
7 | Topic No. 49 purports to require Mattel to produce witnesses to testify as to all
8 | applications and registrations for BARBIE, DIVA STARZ, FLAVAS,
9 | ACCELERACERS, LITTLE MOMMY, WEE 3 FRIENDS and POLLY POCKET,
10 | without any limitation as to time and despite the fact that each of these brands
11 | include numerous products, accessories, computer and video games, playsets and
12 | other elements that are completely irrelevant to this action.  Indeed, the BARBIE
13 | brand alone spans almost fifty years, with many thousands of applications sought
14 | and/or registrations obtained around the globe to protect its vast array of marks,
15 | sculpts, packaging, artwork and other elements.  Mattel further objects to Topic No.
16 | 49 on the grounds that it fails to describe with reasonable particularity the matters on
17 | which examination is requested.  Mattel further objects to Topic No. 49 on the
18 | grounds that it is an attempt to circumvent the Discovery Master's prior Orders
19 | determining the topic is irrelevant and/or an inappropriate and overbroad category of
20 | discovery.  Mattel further objects to Topic No. 49 on the grounds that it calls for the
21 | disclosure of information protected by the attorney-client privilege and work
22 | product doctrine.  Mattel further objects to this Topic on the grounds that it is
23 | premature in that it seeks to circumvent the expert disclosure provisions of the
24 | Federal and Local Rules.  Matters of expert testimony shall be disclosed at the time
25 | and in the manner called for by the Rules and the Court's Orders.

26 |     50.    In addition to the general objections above, Mattel objects to Topic No.
27 | 50 as vague and ambiguous, especially as to its use of the terms "interfere with or
28 | inhibit MGA's business with distributors and retailers," "pressuring or influencing

07209/2225076.1

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

**EXHIBIT** _3_ **PAGE** _74_

1   retailers not to buy, sell or distribute," "reduce shelf and display space,"
2   "unfavorable locations," and "below market pricing."  Mattel further objects to
3   Topic No. 50 as overbroad, unduly burdensome, and not reasonably calculated to
4   lead to the discovery of admissible evidence.  Among other things, Topic No. 50 is
5   without limitation as to time, product, product line or geographic location and
6   purports to require Mattel to produce witnesses to testify as to any efforts that
7   "influenc[e] distributors or retailers" not to buy Bratz, including that resulting from
8   offering superior products at better value and thus could not form any conceivable
9   basis for any claim alleged.  Indeed, the Topic purports to require Mattel to testify as
10  to its "knowledge" of any "efforts by any PERSON" anywhere in the world to so
11  compete with MGA.  Mattel further objects to Topic No. 50 on the grounds that it
12  fails to describe with reasonable particularity the matters on which examination is
13  requested.  Mattel further objects to this Topic as seeking discovery on matters not
14  within the subject matter of the Court.  Mattel further objects to Topic No. 50 on the
15  grounds that it seeks confidential, proprietary and trade secret information, including
16  such information that has no bearing on the claims or defenses in this case.  Mattel
17  further objects to Topic No. 50 on the grounds that it calls for the disclosure of
18  information protected by the attorney-client privilege and work product doctrine.
19  Mattel further objects to this Topic on the grounds that it is premature in that it seeks
20  to circumvent the expert disclosure provisions of the Federal and Local Rules.
21  Matters of expert testimony shall be disclosed at the time and in the manner called
22  for by the Rules and the Court's Orders.
23      51.    In addition to the general objections above, Mattel objects to Topic No.
24  51 as vague and ambiguous and makes false factual assumptions, especially as to its
25  use of the term "interfere, modify, tamper with or alter MGA's retail product
26  displays."  Mattel further objects to Topic No. 51 as overbroad, unduly burdensome,
27  and not reasonably calculated to lead to the discovery of admissible evidence.
28  Among other things, Topic No. 51 purports to require Mattel to produce witnesses

07209/2225076.1

-41-

EXHIBIT __3__   PAGE __75__

1   to testify as to any efforts that would "modify" or "alter" displays, without limitation

2   as to time, product, product line or geographic location and including that resulting

3   from offering superior products at better value and thus could not form any

4   conceivable basis for any claim alleged. Indeed, the Topic purports to require

5   Mattel to testify as to its "knowledge" of any "efforts by any PERSON" anywhere in

6   the world to so compete with MGA. Mattel further objects to Topic No. 51 on the

7   grounds that it fails to describe with reasonable particularity the matters on which

8   examination is requested. Mattel further objects to Topic No. 51 on the grounds that

9   it seeks confidential, proprietary and trade secret information, including such

10   information that has no bearing on the claims or defenses in this case. Mattel further

11   objects to this Topic on the grounds that it is premature in that it seeks to circumvent

12   the expert disclosure provisions of the Federal and Local Rules. Matters of expert

13   testimony shall be disclosed at the time and in the manner called for by the Rules

14   and the Court's Orders. Mattel further objects to Topic No. 51 on the grounds that it

15   calls for the disclosure of information protected by the attorney-client privilege and

16   work product doctrine.

17         52.   In addition to the general objections above, Mattel objects to Topic No.

18   52 as vague and ambiguous, especially as to its use of the term "interfere with or

19   inhibit" and "licensing agent." Mattel further objects to Topic No. 52 as overbroad,

20   unduly burdensome, not reasonably calculated to lead to the discovery of admissible

21   evidence and outside the subject matter jurisdiction of the Court. Among other

22   things, Topic No. 52 purports to require Mattel to produce witnesses to testify as to

23   any efforts that would "inhibit MGA's business with a licensee or licensing agent"

24   anywhere in the world, without limitation as to time, product or product line and

25   including that resulting from offering superior products at better value and thus

26   could not form any conceivable basis for any claim alleged. Indeed, the Topic

27   purports to require Mattel to testify as to its "knowledge" of any "efforts by any

28   PERSON" anywhere in the world to so compete with MGA. Mattel further objects

-42-

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT __3__ PAGE __-76__

1   to Topic No. 52 on the grounds that it fails to describe with reasonable particularity

2   the matters on which examination is requested. Mattel further objects to Topic No.

3   52 on the grounds that it seeks confidential, proprietary and trade secret information,

4   including such information that has no bearing on the claims or defenses in this

5   case. Mattel further objects to this Topic on the grounds that it is premature in that

6   it seeks to circumvent the expert disclosure provisions of the Federal and Local

7   Rules. Matters of expert testimony shall be disclosed at the time and in the manner

8   called for by the Rules and the Court's Orders. Mattel further objects to Topic No.

9   52 on the grounds that it calls for the disclosure of information protected by the

10  attorney-client privilege and work product doctrine.

11      53.    In addition to the general objections above, Mattel objects to Topic No.

12  53 as vague and ambiguous, especially as to its use of the term "interfere with or

13  inhibit" and "business." Mattel further objects to Topic No. 53 as overbroad, unduly

14  burdensome, not reasonably calculated to lead to the discovery of admissible

15  evidence and outside the subject matter jurisdiction of the Court. Among other

16  things, Topic No. 53 purports to require Mattel to produce witnesses to testify as to

17  any efforts that would "inhibit MGA's business" anywhere in the world, including

18  that resulting from offering better terms and thus could not form any conceivable

19  basis for any claim alleged. Indeed, the Topic purports to require Mattel to testify as

20  to its "knowledge" of any "efforts by any PERSON" anywhere in the world to so

21  compete with MGA. Mattel further objects to Topic No. 53 on the grounds that it

22  fails to describe with reasonable particularity the matters on which examination is

23  requested. Mattel further objects to Topic No. 53 on the grounds that it seeks

24  confidential, proprietary and trade secret information, including such information

25  that has no bearing on the claims or defenses in this case. Mattel further objects to

26  this Topic on the grounds that it is premature in that it seeks to circumvent the

27  expert disclosure provisions of the Federal and Local Rules. Matters of expert

28  testimony shall be disclosed at the time and in the manner called for by the Rules

EXHIBIT __3__ PAGE __77__

1  and the Court's Orders.  Mattel further objects to Topic No. 53 on the grounds that it

2  calls for the disclosure of information protected by the attorney-client privilege and

3  work product doctrine.

4        54.    In addition to the general objections above, Mattel objects to Topic No.

5  54 as vague and ambiguous, especially as to its use of the terms "interfere with or

6  inhibit," "MGA's business," and "market research firms."  Mattel further objects to

7  Topic No. 54 as overbroad, unduly burdensome, and not reasonably calculated to

8  lead to the discovery of admissible evidence.  Among other things, Topic No. 54

9  identifies its subject matter as "MGA's business," without limitation as to time,

10  product, product line, geographic location or any other meaningful definition.

11  Mattel further objects to Topic No. 54 on the grounds that it fails to describe with

12  reasonable particularity the matters on which examination is requested.  Mattel

13  further objects to Topic No. 54 on the grounds that it seeks confidential, proprietary

14  and trade secret information, including such information that has no bearing on the

15  claims or defenses in this case.  Mattel further objects to Topic No. 54 on the

16  grounds that it is an attempt to circumvent the Discovery Master's prior Orders

17  determining the topic is irrelevant and/or an inappropriate and overbroad category of

18  discovery.  Indeed, the Topic purports to list issues that do not and could not have

19  any reasonable basis for inclusion, including for example "MGA's investment or

20  acquisition of Zapf Creation AG," and are an evident effort by MGA to circumvent

21  the Discovery Master's prior rulings against MGA's improper fishing expeditions.

22  Mattel further objects to Topic No. 54 on the grounds that it calls for the disclosure

23  of information protected by the attorney-client privilege and work product doctrine.

24  Mattel further objects to this Topic on the grounds that it is premature in that it seeks

25  to circumvent the expert disclosure provisions of the Federal and Local Rules.

26  Matters of expert testimony shall be disclosed at the time and in the manner called

27  for by the Rules and the Court's Orders.

28

EXHIBIT __3__ PAGE __78__

55.     In addition to the general objections above, Mattel objects to Topic No. 55 as vague and ambiguous, especially as to its use of the terms "such PERSON's business with MGA," "supplier, factory manufacturer, distributor, retailer, licensee, licensing agent, market research firm, and independent contractor" and "efforts by MATTEL to persuade." Mattel further objects to Topic No. 55 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Among other things, Topic No. 55 purports to require Mattel to produce witnesses to testify as to any communications relating to "such PERSON's business with MGA" for potentially many thousands of companies and individuals, without any limitation as to time, product, product line or geographic limitation whatsoever, when MGA and Mattel both produce a wide variety of products. Mattel further objects to Topic No. 55 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested. Mattel further objects to Topic No. 55 on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to Topic No. 55 on the grounds that it is an attempt to circumvent the Discovery Master's Orders determining the topic is irrelevant and/or an inappropriate and overbroad category of discovery. Mattel further objects to Topic No. 55 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege and work product doctrine.

56.     In addition to the general objections above, Mattel objects to Topic No. 56 as vague and ambiguous and assumes false facts, especially as to its use of the terms "MGA's non-public information," "monitor, 'spy on' or gain knowledge of MGA's activities," "MGA or its business," "obtaining access to MGA showrooms," and "'competitive management agreements' or 'category management agreements.'" Mattel further objects to Topic No. 56 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Among other

1  things, Topic No. 56 purports to require Mattel to produce witnesses to testify as to

2  any efforts to "gain knowledge of MGA's activities," without any limitation as to

3  time, geographic location, product or product line whatsoever. In addition, MGA's

4  definitions of the term "YOUR" in this context is overbroad in that it asks for

5  communications of any current or former employee anywhere at MATTEL,

6  including Carter Bryant and Paula Garcia. Mattel further objects to Topic No. 56 on

7  the grounds that it fails to describe with reasonable particularity the matters on

8  which examination is requested. Mattel further objects to Topic No. 56 on the

9  grounds that it seeks confidential, proprietary and trade secret information, including

10  such information that has no bearing on the claims or defenses in this case. Mattel

11  further objects to Topic No. 56 on the grounds that it is an attempt to circumvent the

12  Discovery Master's prior Orders determining the topic is irrelevant and/or an

13  inappropriate and overbroad category of discovery. Mattel further objects to Topic

14  No. 56 on the grounds that it calls for the disclosure of information protected by the

15  attorney-client privilege, work product doctrine and other privileges.

16      57.   In addition to the general objections above, Mattel objects to Topic No.

17  57 as vague and ambiguous and incomprehensible, especially as to its use of the

18  terms "unfairly compete with MGA by eroding or damaging its goodwill," "efforts

19  to generate negative publicity," "publicly-released studies or market research," and

20  "financial or investment analysts." Mattel further objects to Topic No. 57 as

21  overbroad, unduly burdensome, and not reasonably calculated to lead to the

22  discovery of admissible evidence. Among other things, Topic No. 57 purports to

23  require Mattel to produce witnesses to testify as to any efforts to "unfairly compete

24  with MGA by eroding or damaging its goodwill," without any limitation

25  whatsoever, when MGA and Mattel produce a wide variety of products that are not

26  at issue in this case. In addition, the Topic specifically lists issues that have never

27  been placed in dispute by either party, including, for example, claims related to

28  "COMMUNICATIONS with any PERSON concerning whether 'BRATZ' are too

-46-

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT __3__ PAGE __80__

1  sexy or otherwise inappropriate for girls," "any publicly released studies or market

2  research about 'BRATZ'," "category management agreements" and "efforts to

3  provide negative information to financial analysts." Mattel further objects to Topic

4  No. 57 on the grounds that it fails to describe with reasonable particularity the

5  matters on which examination is requested. Mattel further objects to Topic No. 57

6  on the grounds that it seeks confidential, proprietary and trade secret information,

7  including such information that has no bearing on the claims or defenses in this

8  case. Mattel further objects to Topic No. 57 on the grounds that it is an attempt to

9  circumvent the Discovery Master's prior Orders determining the topic is irrelevant

10  and/or an inappropriate and overbroad category of discovery. Mattel further objects

11  to this Topic on the grounds that it is premature in that it seeks to circumvent the

12  expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>. Matters of expert

13  testimony shall be disclosed at the time and in the manner called for by the <u>Rules</u>

14  and the Court's Orders. Mattel further objects to Topic No. 57 on the grounds that it

15  calls for the disclosure of information protected by the attorney-client privilege and

16  work product doctrine.

17       58.    In addition to the general objections above, Mattel objects to Topic No.

18  58 on the grounds that it fails to describe with reasonable particularity the matters on

19  which examination is requested and that it is overbroad, unduly burdensome, and

20  not reasonably calculated to lead to the discovery of admissible evidence. Among

21  other things, Topic No. 58 purports to require Mattel to produce witnesses to testify

22  as to "COMMUNICATIONS with former MATTEL employees who now work (or

23  subsequently worked) for MGA," without limitation as to subject matter or to time,

24  despite the fact that such communications could be on a wide variety of topics

25  completely irrelevant to this case. Mattel further objects to Topic No. 58 on the

26  grounds that it is an attempt to circumvent the Discovery Master's prior Orders

27  determining the topic is irrelevant and/or an inappropriate and overbroad category of

28  discovery. Mattel further objects to Topic No. 58 on the grounds that it seeks

07209/2225076.1

-47-

**EXHIBIT** __3__ **PAGE** __81__

1   confidential, proprietary and trade secret information, including such information

2   that has no bearing on the claims or defenses in this case. Mattel further objects to

3   Topic No. 58 on the grounds that it calls for the disclosure of information protected

4   by the attorney-client privilege and work product doctrine.

5       59.   In addition to the general objections above, Mattel objects to Topic No.

6   59 as vague and ambiguous, especially as to its use of the terms "consideration of

7   hiring," and "MGA's confidential proprietary information." Mattel further objects to

8   Topic No. 59 as overbroad, unduly burdensome, and not reasonably calculated to

9   lead to the discovery of admissible evidence. Mattel further objects to Topic No. 59

10  on the grounds that it fails to describe with reasonable particularity the matters on

11  which examination is requested.  Mattel further objects to this Topic on the grounds

12  that it is premature in that it seeks to circumvent the expert disclosure provisions of

13  the Federal and Local Rules. Matters of expert testimony shall be disclosed at the

14  time and in the manner called for by the Rules and the Court's Orders. Mattel

15  further objects to Topic No. 59 on the grounds that it calls for the disclosure of

16  information protected by the attorney-client privilege, work product doctrine and

17  other privileges.

18      60.   In addition to the general objections above, Mattel objects to Topic No.

19  60 as vague and ambiguous, especially as to its use of the terms "magnitude and

20  scope." Mattel further objects to Topic No. 60 as overbroad, unduly burdensome,

21  and not reasonably calculated to lead to the discovery of admissible evidence. In

22  particular, the Topic asks for information related to wholly irrelevant actions by

23  Mattel with respect to employees, in literally any and all functions and areas of the

24  company regardless of their positions, over the course of a decade. Mattel further

25  objects to Topic No. 60 on the grounds that it fails to describe with reasonable

26  particularity the matters on which examination is requested.  Mattel further objects

27  to Topic No. 60 on the grounds that it is an attempt to circumvent the Discovery

28  Master's prior Orders determining the topic is irrelevant and/or an inappropriate and

1    overbroad category of discovery. Mattel further objects to Topic No. 60 on the

2    grounds that it calls for the disclosure of information protected by the attorney-client

3    privilege, work product doctrine and other privileges.

4        61.    In addition to the general objections above, Mattel objects to Topic No.

5    61 as vague and ambiguous, especially as to its use of the terms "pressure, convince,

6    or request." Mattel further objects to Topic No. 61 on the grounds that it fails to

7    describe with reasonable particularity the matters on which examination is requested

8    and that it is overbroad, unduly burdensome, and not reasonably calculated to lead

9    to the discovery of admissible evidence. Among other things, a topic identified as

10    "NPD" is no meaningful topic at all for purposes of testimony, including when co-

11    joined with equally unexplained sub-topics such as undefined "use" of data by many

12    thousands of Mattel employees over more than a six year period, and without

13    limitation as to product, product line or geographic location. In addition, MGA's

14    definitions of the term "YOUR" in this context is overbroad and incomprehensible

15    in that it asks for knowledge of any current or former employee anywhere at

16    MATTEL, including Carter Bryant, Paula Garcia, Ron Brawer, and other current

17    and former MGA employees, as to their knowledge of NPD's decision to terminate

18    MGA's subscription, their misuse of NPD data, and their attempts to change NPD

19    product classification categories for Bratz. Mattel further objects to Topic No. 61

20    on the grounds that it seeks confidential, proprietary and trade secret information,

21    including such information that has no bearing on the claims or defenses in this

22    case. Mattel further objects to Topic No. 61 on the grounds that it is an attempt to

23    circumvent the Discovery Master's prior Orders determining the topic is irrelevant

24    and/or an inappropriate and overbroad category of discovery. Mattel further objects

25    to this Topic on the grounds that it is premature in that it seeks to circumvent the

26    expert disclosure provisions of the Federal and Local Rules. Matters of expert

27    testimony shall be disclosed at the time and in the manner called for by the Rules

28    and the Court's Orders. Mattel further objects to Topic No. 61 on the grounds that it

-49-

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT ___3___ PAGE ___83___

1  calls for the disclosure of information protected by the attorney-client privilege and
2  work product doctrine.
3      62.    In addition to the general objections above, Mattel objects to Topic No.
4  62 as vague and ambiguous, especially as to its use of the term "subsidies."  Mattel
5  further objects to Topic No. 62 on the grounds that it fails to describe with
6  reasonable particularity the matters on which examination is requested and that it is
7  overbroad, unduly burdensome, and not reasonably calculated to lead to the
8  discovery of admissible evidence.  Among other things, a topic identified as
9  "CARU" is no meaningful topic at all for purposes of testimony, including when co-
10  joined with equally unexplained sub-topics such as undefined "restrictions," and
11  without limitation as to subject matter, time, product, product line or geographic
12  location.  In addition, MGA's definitions of the term "MATTEL" in this context is
13  overbroad and incomprehensible in that it asks for knowledge of any current or
14  former employee anywhere at MATTEL, including current and former MGA
15  employees.  Mattel further objects to Topic No. 62 as overbroad, unduly
16  burdensome, and not reasonably calculated to lead to the discovery of admissible
17  evidence.  Mattel further objects to Topic No. 62 on the grounds that it seeks
18  confidential, proprietary and trade secret information, including such information
19  that has no bearing on the claims or defenses in this case.  Mattel further objects to
20  this Topic on the grounds that MGA and Mattel are restricted by contractual
21  obligations from disclosure of matters sought by this Topic, including without
22  limitation by virtue of MGA's agreements with CARU.  Mattel further objects to
23  Topic No. 62 on the grounds that it is an attempt to circumvent the Discovery
24  Master's prior Orders determining the topic is irrelevant and/or an inappropriate and
25  overbroad category of discovery Mattel further objects to Topic No. 62 on the
26  grounds that it calls for the disclosure of information protected by the attorney-client
27  privilege, work product doctrine and other privileges, including the common interest
28  privilege.  Mattel further objects to this Topic on the grounds that it is premature in

EXHIBIT _3_ PAGE _84_

1   that it seeks to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local</u>

2   <u>Rules</u>. Matters of expert testimony shall be disclosed at the time and in the manner

3   called for by the <u>Rules</u> and the Court's Orders.

4        63.   In addition to the general objections above, Mattel further objects to

5   Topic No. 63 on the grounds that it fails to describe with reasonable particularity the

6   matters on which examination is requested and that it is overbroad, unduly

7   burdensome, and not reasonably calculated to lead to the discovery of admissible

8   evidence. Among other things, a topic identified as "TIA" is no meaningful topic at

9   all for purposes of testimony, including when co-joined with equally unexplained

10  sub-topics such as "participation in" and without limitation as to subject matter,

11  time, product, product line or geographic location. In addition, MGA's definitions

12  of the term "MATTEL" in this context is overbroad and incomprehensible in that it

13  asks for knowledge of any current or former employee anywhere at MATTEL,

14  including current and former MGA employees. Mattel further objects to Topic No.

15  63 on the grounds that it is an attempt to circumvent the Discovery Master's prior

16  Orders determining the topic is irrelevant and/or an inappropriate and overbroad

17  category of discovery. Mattel further objects to Topic No. 63 on the grounds that it

18  calls for the disclosure of information protected by the attorney-client privilege,

19  work product doctrine and other privileges. Mattel further objects to this Topic on

20  the grounds that it is premature in that it seeks to circumvent the expert disclosure

21  provisions of the <u>Federal</u> and <u>Local</u> <u>Rules</u>. Matters of expert testimony shall be

22  disclosed at the time and in the manner called for by the <u>Rules</u> and the Court's

23  Orders.

24       64.   In addition to the general objections above, Mattel objects to Topic No.

25  64 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

26  discovery of admissible evidence. Mattel further objects to Topic No. 64 on the

27  grounds that it fails to describe with reasonable particularity the matters on which

28  examination is requested. Mattel further objects to Topic No. 64 on the grounds that

-51-

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT   3   PAGE 85

1   it seeks confidential, proprietary and trade secret information, including such

2   information that has no bearing on the claims or defenses in this case.  Mattel further

3   objects to Topic No. 64 on the grounds that it calls for the disclosure of information

4   protected by the attorney-client privilege and work product doctrine.  Mattel further

5   objects to this Topic on the grounds that it is premature in that it seeks to circumvent

6   the expert disclosure provisions of the Federal and Local Rules.  Matters of expert

7   testimony shall be disclosed at the time and in the manner called for by the Rules

8   and the Court's Orders.

9        65.    In addition to the general objections above, Mattel objects to Topic No.

10   65 on the grounds that it is vague and ambiguous, including as to the term

11   "business."  Mattel further objects to this Topic on the grounds that it fails to

12   describe with reasonable particularity the matters on which examination is requested

13   and that it is overbroad, unduly burdensome, and not reasonably calculated to lead

14   to the discovery of admissible evidence.  Among other things, Topic No. 65 purports

15   to require Mattel to produce witnesses to testify as to any efforts "to undermine

16   MGA's business," and "create negative publicity or press about MGA," without any

17   limitation whatsoever, when MGA and Mattel produce a wide variety of products

18   that are not at issue in this case, and furthermore as to products and other matters

19   that are irrelevant to this suit.  In addition, the Topic specifically lists issues that

20   have no conceivable relevance to this action, including, for example, claims related

21   to "MGA's acquisition of or investment in Zapf Creation AG," and have been added

22   for no apparent purpose other than to circumvent the Discovery Master's prior

23   rulings against MGA for its improper fishing expeditions.  Mattel further objects to

24   Topic No. 65 on the grounds that it is an attempt to circumvent the Discovery

25   Master's prior Orders determining the topic is irrelevant and/or an inappropriate and

26   overbroad category of discovery as well as Judge Larson's prior Orders rejecting

27   MGA's false assertions repeated in the Topic.  Mattel further objects to Topic No.

28   65 on the grounds that it seeks confidential, proprietary and trade secret information,

1  including such information that has no bearing on the claims or defenses in this

2  case. Mattel further objects to this Topic on the grounds that it is premature in that

3  it seeks to circumvent the expert disclosure provisions of the Federal and Local

4  Rules. Matters of expert testimony shall be disclosed at the time and in the manner

5  called for by the Rules and the Court's Orders. Mattel further objects to Topic No.

6  65 on the grounds that it calls for the disclosure of information protected by the

7  attorney-client privilege and work product doctrine.

8      66.    In addition to the general objections above, Mattel objects to Topic No.

9  66 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

10  discovery of admissible evidence. Mattel further objects to Topic No. 66 on the

11  grounds that it fails to describe with reasonable particularity the matters on which

12  examination is requested. Mattel further objects to this Topic on the grounds that it

13  is premature in that it seeks to circumvent the expert disclosure provisions of the

14  Federal and Local Rules. Matters of expert testimony shall be disclosed at the time

15  and in the manner called for by the Rules and the Court's Orders. Mattel further

16  objects to Topic No. 66 on the grounds that it seeks confidential, proprietary and

17  trade secret information, including such information that has no bearing on the

18  claims or defenses in this case. Mattel further objects to Topic No. 66 on the

19  grounds that it calls for the disclosure of information protected by the attorney-client

20  privilege and work product doctrine.

21      67.    In addition to the general objections above, Mattel objects to Topic No.

22  67 as vague and ambiguous, including with respect to the term "indirectly," and

23  overbroad, unduly burdensome, and not reasonably calculated to lead to the

24  discovery of admissible evidence. Among other things, MGA's definitions of the

25  term "MATTEL" in this context is overbroad, circular and incomprehensible in that

26  it asks for communications of any current or former employee anywhere at

27  MATTEL, including Carter Bryant himself, Paula Garcia, and other MGA

28  employees. Indeed, the Topic purports to require Mattel to produce witnesses

-53-

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT ___3___ PAGE ___87___

1  regarding its knowledge of "efforts" by "third-parties" to even "contact or

2  communicate" with Bryant -- on any subject -- since April 2004.  In addition, the

3  Topic as written includes all correspondence with counsel, and all filed pleadings

4  served to Bryant's counsel, when such communications are already in MGA's

5  possession.  Mattel further objects to Topic No. 67 on the grounds that it fails to

6  describe with reasonable particularity the matters on which examination is

7  requested.  Mattel further objects to Topic No. 67 on the grounds that it seeks

8  confidential, proprietary and trade secret information, including such information

9  that has no bearing on the claims or defenses in this case.  Mattel further objects to

10  Topic No. 67 on the grounds that it calls for the disclosure of information protected

11  by the attorney-client privilege and work product doctrine.

12       68.    In addition to the general objections above, Mattel objects to Topic No.

13  68 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

14  discovery of admissible evidence.  Among other things, Mattel's fee arrangements

15  with Quinn Emanuel are irrelevant and have no bearing on any claim or defense in

16  this suit.  Mattel further objects to Topic No. 68 on the grounds that it fails to

17  describe with reasonable particularity the matters on which examination is

18  requested.  Mattel further objects to Topic No. 68 on the grounds that it seeks

19  confidential, proprietary and trade secret information, including such information

20  that has no bearing on the claims or defenses in this case.  Mattel further objects to

21  this Topic on the grounds that it is premature in that it seeks to circumvent the

22  expert disclosure provisions of the Federal and Local Rules.  Matters of expert

23  testimony shall be disclosed at the time and in the manner called for by the Rules

24  and the Court's Orders.  Mattel further objects to Topic No. 68 on the grounds that it

25  calls for the disclosure of information protected by the attorney-client privilege and

26  work product doctrine.

27       69.    In addition to the general objections above, Mattel objects to Topic No.

28  69 as vague and ambiguous, especially as to its use of the false and misleading terms

EXHIBIT ___3___  PAGE _88_

1   "relationship" with and "efforts to hire" Farhad Larian.  Mattel further objects to

2   Topic No. 69 as overbroad, unduly burdensome, and not reasonably calculated to

3   lead to the discovery of admissible evidence.  Mattel further objects to Topic No. 69

4   on the grounds that it fails to describe with reasonable particularity the matters on

5   which examination is requested.  Mattel further objects to Topic No. 69 on the

6   grounds that it calls for the disclosure of information protected by the attorney-client

7   privilege, work product doctrine and other privileges.

8          70.    In addition to the general objections above, Mattel objects to Topic No.

9   70 as vague, ambiguous, and incomprehensible.  Mattel further objects to Topic No.

10  70 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

11  discovery of admissible evidence.  Among other things, Topic No. 70 purports to

12  require Mattel to produce witnesses to testify as to a "MATTEL's

13  COMMUNICATIONS, internally or to third-parties . . . relating to MGA products,"

14  without any limitation as to the products or matters at issue in this litigation, despite

15  the Discovery Master's prior rulings rejecting such overbroad requests.  Mattel

16  further objects to Topic No. 70 on the grounds that it is an attempt to circumvent the

17  Discovery Master's prior Orders determining the topic is irrelevant and/or an

18  inappropriate and overbroad category of discovery.  Mattel further objects to Topic

19  No. 70 on the grounds that it fails to describe with reasonable particularity the

20  matters on which examination is requested.  Mattel further objects to Topic No. 70

21  on the grounds that it seeks confidential, proprietary and trade secret information,

22  including such information that has no bearing on the claims or defenses in this

23  case.  Mattel further objects to Topic No. 70 on the grounds that it calls for the

24  disclosure of information protected by the attorney-client privilege and work

25  product doctrine.  Mattel further objects to this Topic on the grounds that it is

26  premature in that it seeks to circumvent the expert disclosure provisions of the

27  Federal and Local Rules.  Matters of expert testimony shall be disclosed at the time

28  and in the manner called for by the Rules and the Court's Orders.

07209/2225076.1

71.   In addition to the general objections above, Mattel objects to Topic No. 71 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Among other things, this Topic purports to require testimony on undefined "policies, practices, or procedures" over a ten-year time period, regardless of the categories or subject matter of the documents involved.  It also purports to encompass the individual practices of any of Mattel's many thousands of employees worldwide (as well as the practices of any of Mattel's agents).  Mattel further objects to Topic No. 71 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested.  Mattel further objects to Topic No. 71 on the grounds that it is duplicative of Topics already designated by Bryant in previous notices of deposition pursuant to Rule 30(b)(6), in which MGA has joined, including Topic No. 28 from the notice served on December 21, 2004.  Mattel further objects to Topic No. 71 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege and work product doctrine.  Mattel further objects to this Topic on the grounds that it is premature in that it seeks to circumvent the expert disclosure provisions of the Federal and Local Rules.  Matters of expert testimony shall be disclosed at the time and in the manner called for by the Rules and the Court's Orders.

72.   In addition to the general objections above, Mattel objects to Topic No. 72 as vague and ambiguous, including without limitation as to the term "retrievability."  Mattel further objects to this Topic on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested and that it is overbroad, unduly burdensome, and not reasonably calculated to lead . to the discovery of admissible evidence.  Mattel further objects to Topic No. 72 on the grounds that it is duplicative of Topics already designated by Bryant in previous notices of deposition pursuant to Rule 30(b)(6), in which MGA has joined, including Topic No. 31 from the notice served on December 21, 2004.  Mattel further objects

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

07209/2225076.1

EXHIBIT ___3___ PAGE ___90___

1   to this Topic on the grounds that it is premature in that it seeks to circumvent the

2   expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>. Matters of expert

3   testimony shall be disclosed at the time and in the manner called for by the <u>Rules</u>

4   and the Court's Orders. Mattel further objects to Topic No. 72 on the grounds that it

5   calls for the disclosure of information protected by the attorney-client privilege and

6   work product doctrine, including without limitation the privileges afforded

7   consulting experts.

8       73.   In addition to the general objections above, Mattel objects to Topic No.

9   73 as vague and ambiguous, including without limitation as to the term

10  "retrievability." Mattel further objects to this Topic as overbroad, unduly

11  burdensome, and not reasonably calculated to lead to the discovery of admissible

12  evidence, including without limitation in that the Topic is without limitation as to

13  time or subject matter of the records and purports to sweep in any number of wholly

14  unidentified and potentially thousands of persons who have any "information" that

15  concerns any of the matters in this case. Mattel further objects to Topic No. 73 on

16  the grounds that it fails to describe with reasonable particularity the matters on

17  which examination is requested. Mattel further objects to Topic No. 73 on the

18  grounds that it is duplicative of Topics already designated by Bryant in previous

19  notices of deposition pursuant to Rule 30(b)(6), in which MGA has joined, including

20  Topic No. 31 from the notice served on December 21, 2004. Mattel further objects

21  to this Topic in that it seeks information uniquely within the possession, custody,

22  and control of Defendants and third parties within the control of Defendants and is

23  not known by Mattel at this juncture, including because Defendants refuse to

24  disclose such information, including in the face of Court Orders requiring MGA to

25  produce it. Mattel further objects to Topic No. 73 on the grounds that it calls for the

26  disclosure of information protected by the attorney-client privilege and work

27  product doctrine. Mattel further objects to this Topic on the grounds that it is

28  premature in that it seeks to circumvent the expert disclosure provisions of the

EXHIBIT _3_ PAGE _91_

1  Federal and Local Rules.  Matters of expert testimony shall be disclosed at the time

2  and in the manner called for by the Rules and the Court's Orders.

3         74.    In addition to the general objections above, Mattel objects to Topic No.

4  74 as vague and ambiguous, including in its use of the term "use" and

5  "ELECTRONIC RECORDS" in this context.  Mattel further objects to this Topic as

6  overbroad, unduly burdensome, and not reasonably calculated to lead to the

7  discovery of admissible evidence, including in that it purports to seek discovery on

8  any and all forms of "ELECTRONIC RECORDS" of any kind, without limitation as

9  to subject, category or otherwise.  It also purports to encompass the individual

10 practices of any of Mattel's many thousands of employees worldwide (as well as the

11 practices of any of Mattel's agents).  Mattel further objects to Topic No. 74 on the

12 grounds that it fails to describe with reasonable particularity the matters on which

13 examination is requested.  Mattel further objects to this Topic on the grounds that it

14 is premature in that it seeks to circumvent the expert disclosure provisions of the

15 Federal and Local Rules.  Matters of expert testimony shall be disclosed at the time

16 and in the manner called for by the Rules and the Court's Orders.  Mattel further

17 objects to Topic No. 74 on the grounds that it calls for the disclosure of information

18 protected by the attorney-client privilege and work product doctrine.

19        75.    In addition to the general objections above, Mattel objects to Topic No.

20 75 as overbroad, unduly burdensome, harassing, and not reasonably calculated to

21 lead to the discovery of admissible evidence.  Among other things, this Topic seeks

22 information related to any of the many thousands of computers owned by Mattel

23 throughout the world over a ten-year period.  Mattel further objects to Topic No. 75

24 on the grounds that it fails to describe with reasonable particularity the matters on

25 which examination is requested.  Mattel further objects to Topic No. 75 on the

26 grounds that it calls for the disclosure of information protected by the attorney-client

27 privilege and work product doctrine.  Mattel further objects to this Topic on the

28 grounds that it is premature in that it seeks to circumvent the expert disclosure

-58-

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT __3__ PAGE __92__

provisions of the <u>Federal</u> and <u>Local Rules</u>.  Matters of expert testimony shall be disclosed at the time and in the manner called for by the <u>Rules</u> and the Court's Orders.

76.    In addition to the general objections above, Mattel objects to Topic No. 76 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Among other things, the Topic is unlimited as to time and purports to encompass the individual practices of any of Mattel's many thousands of employees worldwide (as well as the practices of any of Mattel's agents).  Mattel further objects to Topic No. 76 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested.  Mattel further objects to this Topic on the grounds that it is premature in that it seeks to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>.  Matters of expert testimony shall be disclosed at the time and in the manner called for by the <u>Rules</u> and the Court's Orders.  Mattel further objects to Topic No. 76 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege and work product doctrine.

77.    In addition to the general objections above, Mattel objects to Topic No. 77 as overbroad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.  Among other things, this Topic seeks information related to the many networks owned by Mattel throughout the world over a ten-year period and includes networks that have no conceivable relevance to this suit.  Mattel further objects to Topic No. 77 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested.  Mattel further objects to this Topic as duplicative of Bryant's prior <u>Rule</u> 30(b)(6) notice, in which MGA joined.  Mattel further objects to Topic No. 77 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege and work product doctrine.

07209/2225076.1

EXHIBIT _3_ PAGE _93_

78.     In addition to the general objections above, Mattel objects to In addition to the general objections above, Mattel objects to Topic No. 78 as vague and ambiguous, especially as to its use of the term "document management systems." Mattel further objects to Topic No. 78 as overbroad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Among other things, this Topic seeks information related to the many computer systems owned by Mattel throughout the world over a ten-year period. Mattel further objects to Topic No. 78 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested. Mattel further objects to this Topic as duplicative of Bryant's prior Rule 30(b)(6) notice, in which MGA joined. Mattel further objects to Topic No. 78 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege and work product doctrine. Mattel further objects to this Topic on the grounds that it is premature in that it seeks to circumvent the expert disclosure provisions of the Federal and Local Rules. Matters of expert testimony shall be disclosed at the time and in the manner called for by the Rules and the Court's Orders.

79.     In addition to the general objections above, Mattel objects to In addition to the general objections above, Mattel objects to Topic No. 79 as vague and ambiguous, especially as to its use of the term "email systems." Mattel further objects to Topic No. 79 as overbroad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to Topic No. 79 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested, including in that it fails to specify any of the potentially vast array of subjects relating to such systems on which testimony is sought. Mattel further objects to this Topic as duplicative of Bryant's prior Rule 30(b)(6) notice, in which MGA joined. Mattel further objects to Topic No. 79 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege and work product doctrine.

EXHIBIT  3   PAGE  94

1   Mattel further objects to this Topic on the grounds that it is premature in that it seeks

2   to circumvent the expert disclosure provisions of the Federal and Local Rules.

3   Matters of expert testimony shall be disclosed at the time and in the manner called

4   for by the Rules and the Court's Orders.

5       80.    In addition to the general objections above, Mattel objects to In

6   addition to the general objections above, Mattel objects to Topic No. 80 as vague

7   and ambiguous, overbroad, unduly burdensome, harassing, and not reasonably

8   calculated to lead to the discovery of admissible evidence. Mattel further objects to

9   Topic No. 80 on the grounds that it fails to describe with reasonable particularity the

10  matters on which examination is requested, including in that it fails to specify any of

11  the potentially vast array of subjects relating to instant messaging on which

12  testimony is sought. Mattel further objects to this Topic as duplicative of Bryant's

13  prior Rule 30(b)(6) notice, in which MGA joined. Mattel further objects to this

14  Topic on the grounds that it is premature in that it seeks to circumvent the expert

15  disclosure provisions of the Federal and Local Rules. Matters of expert testimony

16  shall be disclosed at the time and in the manner called for by the Rules and the

17  Court's Orders. Mattel further objects to Topic No. 80 on the grounds that it calls

18  for the disclosure of information protected by the attorney-client privilege and work

19  product doctrine.

20      81.    In addition to the general objections above, Mattel objects to In

21  addition to the general objections above, Mattel objects to Topic No. 81 as vague

22  and ambiguous, overbroad, unduly burdensome, harassing, and not reasonably

23  calculated to lead to the discovery of admissible evidence. Among other things, this

24  Topic seeks information related to the many computer systems owned by Mattel

25  throughout the world over a ten-year period and includes systems that could have no

26  conceivable relevance to this case. Mattel further objects to Topic No. 81 on the

27  grounds that it fails to describe with reasonable particularity the matters on which

28  examination is requested, including in that it fails to specify any of the potentially

07209/2225076.1

-61-
MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT ___3___ PAGE __95__

1  vast array of subjects relating to "intranets" on which testimony is sought.  Mattel

2  further objects to this Topic as duplicative of Bryant's prior <u>Rule</u> 30(b)(6) notice, in

3  which MGA joined.  Mattel further objects to this Topic on the grounds that it is

4  premature in that it seeks to circumvent the expert disclosure provisions of the

5  <u>Federal</u> and <u>Local Rules</u>.  Matters of expert testimony shall be disclosed at the time

6  and in the manner called for by the <u>Rules</u> and the Court's Orders.  Mattel further

7  objects to Topic No. 81 on the grounds that it calls for the disclosure of information

8  protected by the attorney-client privilege and work product doctrine.

9        82.    In addition to the general objections above, Mattel objects to In

10  addition to the general objections above, Mattel objects to Topic No. 82 as vague

11  and ambiguous, especially as to its use of the term "archival systems and

12  procedures."  Mattel further objects to Topic No. 82 as overbroad, unduly

13  burdensome, harassing, and not reasonably calculated to lead to the discovery of

14  admissible evidence.  Among other things, this Topic seeks information related to

15  the many computer systems owned by Mattel throughout the world over a ten-year

16  period.  Mattel further objects to Topic No. 82 on the grounds that it fails to describe

17  with reasonable particularity the matters on which examination is requested,

18  including in that it fails to specify which of the potentially vast array of aspects

19  "archival systems and procedures" testimony is sought on.  Mattel further objects to

20  this Topic as duplicative of Bryant's prior <u>Rule</u> 30(b)(6) notice, in which MGA

21  joined.  Mattel further objects to Topic No. 82 on the grounds that it calls for the

22  disclosure of information protected by the attorney-client privilege and work

23  product doctrine.  Mattel further objects to this Topic on the grounds that it is

24  premature in that it seeks to circumvent the expert disclosure provisions of the

25  <u>Federal</u> and <u>Local Rules</u>.  Matters of expert testimony shall be disclosed at the time

26  and in the manner called for by the <u>Rules</u> and the Court's Orders.

27        83.    In addition to the general objections above, Mattel objects to In

28  addition to the general objections above, Mattel objects to Topic No. 83 as vague

EXHIBIT __3__ PAGE __96__

1   and ambiguous, especially as to its use of the term "backup procedures, inventories

2   and schedules." Mattel further objects to Topic No. 83 as overbroad, unduly

3   burdensome, harassing, and not reasonably calculated to lead to the discovery of

4   admissible evidence. Among other things, this Topic seeks information related to

5   backups for the thousands of computers and the many computer systems maintained

6   by Mattel throughout the world over a ten-year period. Mattel further objects to

7   Topic No. 83 on the grounds that it fails to describe with reasonable particularity the

8   matters on which examination is requested, including in that it fails to specify which

9   of the potentially vast array of aspects "archival systems and procedures" testimony

10  is sought on. Mattel further objects to this Topic as duplicative of Bryant's prior

11  Rule 30(b)(6) notice, in which MGA joined. Mattel further objects to Topic No. 83

12  on the grounds that it calls for the disclosure of information protected by the

13  attorney-client privilege and work product doctrine. Mattel further objects to this

14  Topic on the grounds that it is premature in that it seeks to circumvent the expert

15  disclosure provisions of the Federal and Local Rules. Matters of expert testimony

16  shall be disclosed at the time and in the manner called for by the Rules and the

17  Court's Orders.

18      84.   In addition to the general objections above, Mattel objects to In

19  addition to the general objections above, Mattel objects to Topic No. 84 as vague

20  and ambiguous, especially as to its use of the term "efforts to identify and preserve,"

21  and "potentially relevant to the claims and defenses in this ACTION." Mattel

22  further objects to Topic No. 84 as overbroad, unduly burdensome, harassing, and not

23  reasonably calculated to lead to the discovery of admissible evidence. Mattel

24  further objects to Topic No. 84 on the grounds that it fails to describe with

25  reasonable particularity the matters on which examination is requested. Mattel

26  further objects to Topic No. 84 on the grounds that it is duplicative of Topics

27  already designated by Bryant in previous notices of deposition pursuant to Rule

28  30(b)(6), in which MGA has joined, including Topic Nos. 33-35 from the notice

EXHIBIT ___3___ PAGE _97_

1  served on December 21, 2004.  Mattel further objects to this Topic as contrary to

2  and an effort to circumvent Judge Larson's findings and rulings on the propriety of

3  Mattel's preservation efforts in this case.  Mattel further objects to this Topic on the

4  grounds that it is premature in that it seeks to circumvent the expert disclosure

5  provisions of the Federal and Local Rules.  Matters of expert testimony shall be

6  disclosed at the time and in the manner called for by the Rules and the Court's

7  Orders.  Mattel further objects to Topic No. 84 on the grounds that it calls for the

8  disclosure of information protected by the attorney-client privilege and work

9  product doctrine.

10      85.    In addition to the general objections above, Mattel objects to Topic No.

11  85 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

12  discovery of admissible evidence.  Among other things, this Topic purports to

13  require testimony on undefined "policies, practices, or procedures" over a ten-year

14  time period, regardless of the categories or subject matter of the documents

15  involved.  Mattel further objects to Topic No. 85 on the grounds that it fails to

16  describe with reasonable particularity the matters on which examination is

17  requested.  Mattel further objects to this Topic on the grounds that it is premature in

18  that it seeks to circumvent the expert disclosure provisions of the Federal and Local

19  Rules.  Matters of expert testimony shall be disclosed at the time and in the manner

20  called for by the Rules and the Court's Orders.  Mattel further objects to Topic No.

21  85 on the grounds that it calls for the disclosure of information protected by the

22  attorney-client privilege, work product doctrine and other privileges.  Mattel further

23  objects to Topic No. 85 on the grounds that it seeks confidential, proprietary and

24  trade secret information, including such information that has no bearing on the

25  claims or defenses in this case.

26      86.    In addition to the general objections above, Mattel objects to In

27  addition to the general objections above, Mattel objects to Topic No. 86 as vague,

28  ambiguous, and incomprehensible, especially as to its use of the term "including by

-64-

EXHIBIT __3__ PAGE __98__

1  using research and dolls such as Holly Hobby."  Among other things, this Topic

2  purports to require testimony on any communications regarding 'BRATZ',

3  regardless of their relevance to this action.  Mattel further objects to Topic No. 86 as

4  overbroad, unduly burdensome, harassing, and not reasonably calculated to lead to

5  the discovery of admissible evidence.  Mattel further objects to Topic No. 86 on the

6  grounds that it fails to describe with reasonable particularity the matters on which

7  examination is requested.  Mattel further objects to Topic No. 86 on the grounds that

8  it is an attempt to circumvent the Discovery Master's prior Orders determining the

9  topic is irrelevant and/or an inappropriate and overbroad category of discovery.

10  Mattel further objects to this Topic on the grounds that it is premature in that it seeks

11  to circumvent the expert disclosure provisions of the Federal and Local Rules.

12  Matters of expert testimony shall be disclosed at the time and in the manner called

13  for by the Rules and the Court's Orders.  Mattel further objects to Topic No. 86 on

14  the grounds that it calls for the disclosure of information protected by the attorney-

15  client privilege, work product doctrine and other privileges.

16  DATED:  September 18, 2007          QUINN EMANUEL URQUHART OLIVER &
17                                                            HEDGES, LLP

18

19                                              By  /s/ Michael T. Zeller
                                                        Michael T. Zeller
20                                                     Attorneys for Plaintiff and Cross-Defendant
                                                        Mattel, Inc.

21

22

23

24

25

26

27

28

EXHIBIT _3_ PAGE _99_

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On September 19, 2007, I served true copies of the following document(s) described as MATTEL, INC.'S OBJECTIONS TO MGA ENTERTAINMENT, INC.'S NOTICE OF DEPOSITION OF MATTEL, INC. PURSUANT TO FED. R. CIV. P. 30(B)(6) on the parties in this action as follows:

| | |
|---|---|
| Diana M. Torres, Esq.<br>O'Melveny & Myers<br>400 So. Hope Street<br>Los Angeles, CA  90071 | Patricia Glaser, Esq.<br>Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP<br>10250 Constellation Blvd., 19th Floor<br>Los Angeles, CA  90067 |
| | |

[√]   [PERSONAL] by personally delivering the document listed above to the person(s) at the address(es) set forth above.

[√]   [COPY BY EMAIL] by emailing the document listed above to the person(s) set forth above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 19, 2007, at Los Angeles, California.

/s/ Michael T. Zeller
Michael T. Zeller

07209/2225076.1

-66-

EXHIBIT __3__ PAGE _100_

EXHIBIT 4

**RECEIVED**

DEC 2 1 2004

1   ROBERT F. MILLMAN, Bar No. CA 062152
2   DOUGLAS A. WICKHAM, Bar No. CA 127268
    KEITH A. JACOBY, Bar No. 150233
3   LITTLER MENDELSON
    A Professional Corporation
    2049 Century Park East, 5th Floor
4   Los Angeles, CA  90067.3107
    Telephone:   310.553.0308
5   Facsimile:   310.553.5583

6   Attorneys for Defendant and Counter-Claimant
    CARTER BRYANT
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware          Case No. CV 04-9059 NM (RNBx)
    Corporation,
12                                    HON. NORA M. MANELLA
                  Plaintiff,
13                                    NOTICE OF DEPOSITION OF
         v.                           PLAINTIFF AND COUNTER-
14                                    DEFENDANT MATTEL, INC.
    CARTER BRYANT, an individual;
15  and DOES 1 through 10, inclusive, [F.R.C.P. 30(b)(6)]

16                Defendant.          Date:      January 20, 2005
                                      Time:      9:30 a.m.
17                                    Place:     Littler Mendelson, PC
                                                 2049 Century Park East
18                                               Suite 500, Los Angeles
                                                 California 90067
19  CARTER BRYANT, on behalf of
    himself, all present and former
20  employees of Mattel, Inc., and the
    general public,
21
                  Counter-Claimant,
22
         v.
23
    MATTEL, INC., a Delaware
24  Corporation,

25                Counter-Defendant.

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**EXHIBIT** 4 **PAGE** 101

1   TO  PLAINTIFF MATTEL INC. AND ITS ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that Defendant and Counter-Claimant Carter Bryant

3   ("Bryant") in the above-captioned matter shall take the deposition of the Person(s)

4   Most Knowledgeable from Plaintiff and Counter-Defendant Mattel, Inc. ("Plaintiff" or

5   "Mattel") at the offices of Littler Mendelson, 2049 Century Park East, Fifth Floor, Los

6   Angeles, California 90067, beginning at 9:30 a.m. on  January 20, 2005.  The

7   deposition shall continue from day to day excluding Saturdays, Sundays and holidays,

8   until completed.  The deposition will be taken before an officer or other person duly

9   authorized to administer oaths and shall be recorded by stenographic, sound and visual

10  (videotape), and real-time transcription means.

11      Pursuant to Rule 30(b)(6), the deponent is directed to designate one or more

12  officers, directors, managing agents or other individuals able to fully and completely

13  testify on its behalf concerning the matters listed in Exhibit "A" attached hereto.

14

15

16  Dated: December 21, 2004                    Respectfully submitted,

17                                               ROBERT F. MILLMAN
                                                 DOUGLAS A. WICKHAM
18                                               KEITH A. JACOBY

19

20                                               DOUGLAS A. WICKHAM
                                                 LITTLER MENDELSON
21                                               A Professional Corporation
                                                 Attorneys for Defendant
22                                               and Counter-Claimant
                                                 CARTER BRYANT
23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1.

EXHIBIT  4  PAGE  102

**EXHIBIT A**

EXHIBIT __4__ PAGE __103__

# EXHIBIT A

## Definitions

1.      "You," "Your" and "Mattel" refer to Plaintiff Mattel, Inc. and its officers, directors, agents, employees and all individuals acting under its direction or control or on its behalf.

2.      "Complaint" means the complaint filed by Mattel against Bryant in the Superior Court of the State of California for the County of Los Angeles dated April 27, 2004.

3.      "Communication" means any oral or written transmittal or receipt of words or information, by whatever manner or means, and regardless of how or by whom the communication was initiated and shall include any contact between two or more persons, including but not limited to written contact by such means as letter, memorandum, telegram, telex, email, facsimile or any Document, and oral contact by such means as face-to-face meeting or telephone.

4.      "Concerning" means relating to, referring to, describing, discussing, mentioning, evidencing, or constituting.

5.      "Contract" and/or "Agreement" mean the contract or agreement itself, and any drafts thereof, together with all schedules, exhibits, attachments or addenda thereto and any amendments of the foregoing.

6.      "Document(s)" means all "WRITINGS" and "RECORDINGS," including, but not limited to, writings and records of every type and description including, but not limited to, notes (including notes made contemporaneously with meetings or conversations or thereafter), books, records, letters, telegrams, memoranda, electronic mail messages (including electronic mail messages stored on network or individual servers, hard drives, back up tapes or other storage media, collectively referred to as "e-mail"), reports, studies, speeches, calendars or diary entries, tabulations, data compilations, drawings, designs, sketches, paintings, artwork, graphs, charts, photographs, computer disks, backup tapes and diskettes and

2.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT _____4_____ PAGE _104_

1    other data compilations from which information can be obtained or tabulated through

2    detection devices into reasonably usable forms. "Document" also includes

3    reproductions or film impressions of any of the aforementioned documents, tape

4    recordings and copies of documents, which are not identical duplicates of the originals

5    and copies of all documents of which the originals are not in the possession, custody

6    or control of Mattel.

7        7.    "Relate To" and "Relating To" mean in any way directly or

8    indirectly, concerning, referring to, pertaining to, mentioning, discussing, describing,

9    disclosing, confirming, supporting, evidencing, representing, or being connected with

10    a stated subject matter or any aspect thereof.

11        8.    "And" and "Or" mean either the conjunctive or the disjunctive as context

12    may require so that the meaning of the term is inclusive rather than exclusive.

13        9.    "Person" or "Persons" means any or all entities including, without

14    limitation, any or all individuals, single proprietorships, associations, companies,

15    firms, partnerships, joint ventures, corporations, employees or former employees, or

16    any other business, governmental or labor entity, and any division, departments or

17    other units thereof.

18        10.    "MGA" means and refers to MGA Entertainment, Inc., formerly known

19    as ABC International Traders, Inc. dba MGA Entertainment and Micro Games of

20    America, Inc., and each of its officers, directors, agents, and employees or any other

21    person acting on its behalf.

22        11.    "Bryant" means and refers to Defendant Carter Bryant and each of his

23    agents, employees or any other person acting on his behalf.

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2048 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

3.

EXHIBIT ____4____ PAGE ___105

## DESIGNATED SUBJECTS OF TESTIMONY AT PERSONS MOST
## KNOWLEDGEABLE DEPOSITION

1.     Mattel's policies, procedures and practices in effect or use, at any time from January 1, 1998 to the present, regarding Document retention, deletion and destruction (including with respect to electronic documents and e-mail), including without limitation, e-mail backup policies, procedures and practices in effect or use; location of saved or backed-up e-mails, procedures for accessing saved or backed-up e-mails; policies, procedures and practices in effect or use regarding deletion of e-mails; and policies, procedures and practices in effect or use regarding retention of e-mails.

2.     All hardware and software used by Mattel at any time from January 1, 1998 to the present for Mattel's e-mail systems including, without limitation, all on-site and off-site back-up computer systems and files, exchange servers and computer storage space.

3.     The ability of Mattel to retrieve e-mail messages from any server, disk, drive, archive disk, tape, server or drive, storage disk, tape server or drive, individual computer hard drive, or any hard drive or server networked to any Mattel computer network, at any time from January 1, 1998 to the present.

4.     Mattel's policies, procedures and practices in effect or use, at any time from January 1, 1998 to the present, regarding Document retention, deletion or destruction (including with respect to e-mails and other electronic documents) when Mattel is aware of a potential claim or lawsuit in which it may be involved.

5.     Mattel's policies, procedures and practices in effect or use, at any time from January 1, 1998 to the present, regarding Document retention, deletion or destruction (including with respect to e-mails and other electronic documents) after Mattel began considering or analyzing any potential claim or lawsuit against MGA or Bryant regarding "Bratz" or other claim of any nature.

6.     Mattel's policies, procedures and practices in effect or use, at any time

4.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

EXHIBIT _____4_____ PAGE __106__

1   from January 1, 1998 to the present, regarding Document retention, deletion or

2   destruction (including with respect to e-mails and other electronic documents) after

3   Mattel began investigating facts pertaining to Bryant's involvement with MGA or

4   "Bratz" or any claim of any nature, actual or potential, against Bryant.

5          7.    Mattel's policies, procedures and practices in effect or use, at any time

6   from January 1, 1998 to the present, regarding Document retention, deletion or

7   destruction  including with respect to e-mails and other electronic documents) after

8   Mattel began investigating facts pertaining to the relationship, if any, between

9   Bryant's involvement with MGA or "Bratz" and work or projects that Bryant may

10  have seen during his employment with Mattel.

11         8.    Files (including human resources and legal files and files kept or

12  maintained at business locations and personal residences), locations, offices,

13  computers (including business, lap top and residence computers), warehouses, records

14  centers, file rooms, archives, servers, storage facilities, back up or storage tapes, and

15  any and other method and/or location for maintaining or storing Documents that were

16  searched or reviewed by Mattel when searching for Documents responsive to Bryant's

17  Request For Identification And Production Of Documents And Tangible Things (Set

18  One, federal court) including, without limitation, all efforts made and steps undertaken

19  when searching for and producing Documents in a tangible, electronic, magnetic or

20  any other form.

21         9.    Files (including human resources and legal files and files kept or

22  maintained at business locations and personal residences), locations, offices,

23  computers (including business, lap top and residence computers), warehouses,

24  records centers, file rooms, archives, servers, storage facilities, back up or storage

25  tapes, and any and other method and/or location for maintaining or storing

26  Documents that were searched or reviewed by Mattel when searching for Documents

27  responsive to Defendant Carter Bryant's First Request For Production Of Documents

28  And Tangible Things Propounded To Plaintiff Mattel, Inc. (Set One, state court)

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

EXHIBIT ____4____ PAGE __10 7__

1    including, without limitation, all efforts made and steps undertaken when searching

2    for and producing Documents in a tangible, electronic, magnetic or any other form.

3

4

5

6

7    Los_Angeles:388365.1 028307.1010

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0309

6.

EXHIBIT ___4___ PAGE __108__

## PROOF OF SERVICE BY MESSENGER

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Allstar Messenger Service, 345 South Figueroa Street, Suite 305, Los Angeles, California 90071. On December 21, 2004, I personally served:

### NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTER DEFENDANT MATTEL, INC.

by delivering copies thereof to:

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Diana M. Torres, Esq.
O'Melveny & Myers LLP
400 S. Hope Street, 10th Floor
Los Angeles, CA 90071

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 21, 2004, at Los Angeles, California.

Los_Angeles:388357.1 028307.1010

_MARCUS ROBINSON_

PROOF OF SERVICE

EXHIBIT ___4___ PAGE _109_

EXHIBIT 5

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9                          EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
12             Plaintiff,

13        v.                               Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15             Defendant.                  **ORDER GRANTING IN PART AND
                                           DENYING IN PART MGA'S MOTION
16                                         TO COMPEL DOCUMENTS
                                           RESPONSIVE TO FIRST SET OF
17                                         REQUESTS FOR PRODUCTION OF
                                           DOCUMENTS DATED NOVEMBER
18  CONSOLIDATED WITH                      22, 2006**
    MATTEL, INC. v. BRYANT and
19  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
20                                         I.  INTRODUCTION

21        On April 13, 2007, MGA Entertainment, Inc. ("MGA") submitted a motion to compel

22  Mattel, Inc. ("Mattel") to produce documents responsive to MGA's First Set of Requests for

23  Production of Documents dated November 22, 2006 (the "requests"), which generally seeks

24  documents that MGA contends are relevant to its Lanham Act and unfair competition claims.  On

25  April 25, 2007, Mattel submitted its opposition brief, and on May 2, 2007, MGA submitted a

26  reply brief.  The matter was heard via telephonic conference on May 11, 2007.  Having

27

28
    Bryant v. Mattel, Inc.,                                                    1
    CV-04-09049 SGL (RNBx)

EXHIBIT ___5___ PAGE ___110___

1  considered the motion papers and comments of counsel at the hearing, MGA's motion to compel

2  is granted in part and denied in part.

## II. BACKGROUND

4  There are two themes underlying MGA's claims for unfair competition against Mattel.

5  First, MGA alleges that Mattel has intentionally "serially imitated and copy-catted the look of

6  MGA products, trade dress, trademarks, themes, ideas, advertising and packaging, including for

7  the 'Bratz' line of dolls," to dilute MGA's brand, create customer confusion, and unfairly stifle

8  competition.  MGA's Complaint at ¶¶9, 65.  Second, MGA alleges, on information and belief,

9  that "Mattel has intimidated, coerced and threatened retailers, licensees, suppliers and others in

10  the industry – both in the U.S. and internationally – in order to inhibit and stifle MGA's ability to

11  compete with Mattel and to prevent MGA from obtaining licensees, contracts and supplies for its

12  products." Id. at ¶9.

## The Alleged Copy-catting

14  Mattel's alleged serial copycatting "began with the 'Bratz' dolls themselves, but quickly

15  extended to MGA's packaging, themes, accessories, advertising and even other product lines."

16  Id. at ¶33.  Mattel allegedly "designed its 'My Scene' dolls to evoke the unique and distinctive

17  look of the 'Bratz' -- also with disproportionately oversized heads, artfully made-up almond-

18  shaped eyes, large, overly-lined and lipsticked lips, trendy, hip clothes and hair styles, and over-

19  sized feet." Id. at ¶34.  Mattel also allegedly "systematically proceeded to modify the 'My Scene'

20  dolls since their original release, particularly their eyes, to increase their similarity to 'Bratz' more

21  and more over time." Id.

22  Further, Mattel allegedly "modified its 'My Scene' packaging, and the manner in which

23  the dolls are displayed, to more closely mimic the packaging, trade-dress and overall look and

24  total image of MGA's 'Bratz.'" Id. at ¶41.  For example, Mattel allegedly changed its packaging

25  "to the open and transparent style of the 'Bratz' packaging." Id. at ¶43.  Mattel also allegedly

26  hung its packaging and product display to "look even more closely and confusingly similar to

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT ___5___ PAGE __111__

1  MGA's packaging and *'tout ensemble.'*" Id. at ¶45. Mattel also allegedly "discarded its

2  traditional rectangular shaped box, and like 'Bratz', adopted an unusual, non-rectangular shaped

3  box." Id. at ¶46. Mattel also allegedly "adopted the 'flying banner' ribbon-style slogan running

4  across the middle of the box, similar to that used on the 'Bratz' packaging." Id.

5       In addition to the packaging changes, Mattel allegedly copied "MGA's practice of

6  regularly releasing new dolls in connection with a theme – but not just any theme, often MGA's

7  theme." Id. at ¶47. For example, when MGA released its "Wintertime Wonderland" theme,

8  Mattel allegedly released "Chillin Out." Id. at ¶48. Mattel also allegedly imitated Bratz

9  accessories and related products in order to create consumer confusion in the marketplace. Id. at

10  ¶52. Further, Mattel allegedly "began running television commercials for its 'My Scene' dolls

11  bearing a remarkable similarity to 'Bratz' commercials, combining live action with animated

12  sequences set to similar sounding pop music and lyrics." Id. at ¶51. MGA alleges that Mattel's

13  conduct described above "is a calculated and intentional effort unquestionably designed to trade

14  off of MGA's hard work and goodwill, create confusion in the marketplace, steal MGA's thunder

15  and momentum, and dilute and blur away the novelty and distinctiveness of MGA's products."

16  Id. at ¶54.

17       Further, MGA alleges that when it "came out with a 'Bratz' 'Funky Fashion Makeover

18  Head,' Mattel came out with a confusingly similar – indeed, practically identical – 'My Scene'

19  styling head." Id. at ¶55. Mattel also allegedly "used a portion of the Bratz doll's now-famous

20  trademarked tag line 'The Girls With a Passion for Fashion' on Mattel's website for its 'Diva

21  Starz' dolls, asking its website users: 'Do you have a passion for fashion?'" Id. at ¶58.

22       MGA also alleges that Mattel recently came out with a confusingly similar line of "My

23  Scene" plush pets that have the distinctive look of MGA's "Bratz" line. Id. at ¶59. In addition,

24  Mattel allegedly "chose to package its pets the same way that MGA packaged its 'Bratz Petz',

25  sitting in an open box, with no top and with partial side panels that slope from a narrow front

26  panel to a higher back panel." Id. at ¶60. MGA alleges that the similarity of the "My Scene" pets

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

**EXHIBIT 5 PAGE 112**

3

1   and the "Bratz Petz" has confused sophisticated retailers who have mistakenly merchandised the

2   products together. Id. at ¶61.

3         MGA alleges that Mattel's television commercials and "My Scene" products have become

4   so confusingly similar to MGA's commercials and products that advertising executives have

5   expressed concern. Id. at ¶62. MGA also alleges that the press has taken notice of Mattel's

6   alleged attempts to confuse consumers. Id. at ¶63. Further, MGA alleges that some customers

7   have contacted MGA seeking to purchase "My Scene" dolls. Id. at ¶64.

8         MGA alleges that Mattel's conduct has reached beyond "Bratz" to include other new

9   MGA toy lines. Id. at ¶67. For example, Mattel allegedly modeled its "Wee 3 Friends" line of

10   dolls and packaging on MGA's "4-Ever Best Friends" line. Id. at ¶68. Mattel also allegedly

11   modeled its "Little Mommy Potty Training Baby Doll" on MGA's "Mommy's Little Patient." Id.

12   at ¶69. Mattel also allegedly revamped and renamed one of its "Hot Wheels" lines with the

13   "AcceleRacerS" logo based upon MGA's "AlienRacers" radio controlled racing vehicles. Id. at

14   ¶70.

15                    Additional Allegedly Anti-Competitive Conduct

16         MGA alleges that Mattel has engaged in additional allegedly anti-competitive conduct,

17   including "sending threatening letters to several of its former employees who now work for MGA

18   warning them not to disclose *even publicly available information* about Mattel, including the

19   names and positions of Mattel employees." Id. at ¶75 (emphasis in original). Mattel has also

20   allegedly "warned a number of companies, including the biggest publishing entity in the United

21   Kingdom, not to license MGA products, or risk retribution." Id. at ¶76. MGA alleges that it has

22   lost valuable licensing opportunities as a result of Mattel's conduct. Id.

23         MGA also alleges that "Mattel has used similar intimidation to pressure distributors and

24   retailers, particularly in foreign countries, not to distribute 'Bratz', to reduce shelf and display

25   space for 'Bratz' and to place 'Bratz' in unfavorable locations at retail outlets." Id. at ¶77. MGA

26   further alleges that "[w]hen MGA faced a shortage of doll hair in October 2002, MGA is

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                      4

EXHIBIT ___5___ PAGE _113_

1 │ informed and believes that the reason for that shortage was that Mattel had locked MGA out by

2 │ buying up the supply from the two main hair supply companies." Id. at ¶78.

3 │     MGA also alleges that Mattel manipulated the retail market.  More specifically, MGA

4 │ alleges that "Mattel merchandisers have been caught tampering with MGA's retail displays,

5 │ replacing favorably located MGA merchandise with Mattel merchandise instead." Id. at ¶79.

6 │ MGA further alleges on information and belief that "Mattel has falsely told a major United States

7 │ retailer that MGA was giving another major United States retailer below-market pricing and

8 │ falsely told a United Kingdom retailer that MGA was discontinuing one of its lines, in order to

9 │ make such line less attractive to buyers and thereby attempt to increase sales of the competitive

10 │ Mattel product and improve its own sales, at MGA's expense." Id.

11 │     Next MGA alleges on information and belief that NPD Funworld ("NPD"), the leading

12 │ supplier of sales statistics in the toy industry, terminated MGA's subscription ostensibly for

13 │ misusing NPD data and that "the termination was the result of pressure from Mattel." Id. at ¶¶80-

14 │ 85.  MGA also alleges on information and belief that Mattel pressured NPD into changing certain

15 │ product classifications for "Bratz" products to manipulate the data and preserve Mattel's market

16 │ share rankings in the "fashion doll" category.  Id. at ¶86.

17 │     MGA further alleges on information and belief that Mattel used its influence as a major

18 │ contributor to the Children's Advertising Review Unit ("CARU"), which is a unit of the Council

19 │ of Better Business Bureaus, to "place onerous restrictions on MGA advertisements, and require

20 │ MGA to amend aspects of commercials that have gone unchallenged in other parties'

21 │ commercials." Id. at ¶89.  As a result of CARU's restrictions, MGA allegedly incurred

22 │ unnecessary costs for reshooting and producing or re-editing its commercials.  Id. at ¶90.

23 │     MGA also alleges on information and belief that Mattel's subsidiary, Fisher Price,

24 │ "orchestrated" a change to the selection process for TIA's "Toy-of-the-Year Awards," which

25 │ allegedly resulted in a Fisher Price toy beating out "BRATZ Formal Funk Super Stylin' Runway

26 │ Disco." Id. at ¶¶92-96.  MGA also alleges on information and belief that one year "Mattel was

27 │

28 │

1  instrumental in attempting to keep MGA from participating as a sponsor in the 'Kids' Choice

2  Awards.'" Id. at ¶97.

3        As a result of Mattel's alleged conduct described above, MGA has allegedly suffered, and

4  unless abated, will continue to suffer lost sales, lost licensing fees, lost contracts, lost

5  relationships, lost business opportunities and other damages. Id. at ¶100. MGA also alleges that

6  its ability to enter new markets and product lines has been hampered and delayed. Id.

7  Furthermore, MGA alleges that "[i]ts production costs have increased, its reputation and

8  relationships with important players in the industry have been negatively impacted, the value of

9  its business has been diminished, and its ability to attract, hire and retain employees has been

10  affected." Id. Based upon the foregoing, MGA asserts claims for (1) false designation of origin

11  or affiliation in violation of 15 U.S.C. §1125(a); (2) unfair competition in violation of 15 U.S.C.

12  §1125(a) and unfair competition and unfair business practices in violation of Cal. Bus. & Prof.

13  Code §17200 et seq. and California common law; (3) dilution in violation of 15 U.S.C. §1125(c),

14  Cal. Bus. & Prof. Code §14330 and California common law; and (4) unjust enrichment.

15  <u>MGA's First Set of Requests for Production of Documents</u>

16        On November 22, 2006, MGA propounded one hundred fifteen (115) document requests

17  seeking discovery regarding, among other things: (a) Mattel's alleged copycatting efforts and

18  activities with respect to Bratz and other MGA product lines; (b) anti-competitive business

19  practices allegedly carried out by Mattel; and (c) any similar or related activities. In response,

20  Mattel objected to many requests primarily on the grounds that they were overly broad and

21  unduly burdensome. Mattel agreed, however, to produce documents responsive to many of the

22  requests.

23        The parties met and conferred in person on March 9, 2007. MGA's counsel demanded

24  that Mattel withdraw all objections based on relevance. Alger Decl. in Support of Mattel's

25  Opposition at ¶7. Mattel's counsel responded that Mattel was producing responsive documents

26  and would continue to produce responsive documents, but had concerns over the "lack of focus

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT 5 PAGE 115

1   and infinite scope" of MGA's document requests. Id. Mattel's counsel suggested that MGA

2   narrow the requests to "those products, retailers, licensees, and time frames that MGA has put at

3   issue in its Complaint and response to interrogatories." Id. MGA's counsel, however, rejected

4   the proposal. Id.

5       A few days later, counsel for MGA sent Mattel's counsel a letter offering several

6   suggestions for limiting the requests. Glad Decl. in Support of MGA's Motion, Ex. 1. In

7   particular, MGA stated that "it would be amenable to certain limitations on the number and

8   identities of custodians whose files must be searched, so long Mattel is willing to accept

9   reciprocal accommodations for MGA's own document review." Id. Mattel did not respond to the

10  letter, and the instant motion ensued.

11                                    III. STANDARDS

12      Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

13  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

14  party." Fed.R.Civ.P. 26(b)(1).  Fishing expeditions to discover new claims, however, are not

15  permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

16  2004) ("District courts need not condone the use of discovery to engage in 'fishing

17  expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

18  (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

19  (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

20  the phrase "subject matter involved in the pending action," were intended to target discovery that

21  swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

22  litigate the issues presented by the pleadings but to develop new claims or defenses.). Further,

23  pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit discovery where "the burden or

24  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

25  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

26  the litigation, and the importance of the proposed discovery in resolving the issues."

27

28

## IV. DISCUSSION

### A. General Objections

MGA contends that Mattel has improperly withheld documents based on three generalized objections. First, MGA contends that Mattel has asserted an objection based upon relevance to requests that are not related to facts specifically alleged in MGA's complaint. MGA contends the objection is improper because it essentially grafts a heightened pleading standard onto discovery requests, is inconsistent with the standard for discovery set forth in Rule 26(b), Fed.R.Civ.P., and goes against the very purpose of discovery. MGA denies "fishing" for new claims, contending that it is seeking discovery tending to support or refute existing claims.

Second, MGA contends that Mattel has improperly refused to produce "documents related to MGA's BRATZ dolls unless the documents are 'in the context' of Mattel's BARBIE or MY SCENE products." MGA's Motion at 9:10-11. MGA contends that all of the documents related to Bratz that it seeks are relevant, regardless of whether they refer to or contemplate Barbie or My Scene. In particular, MGA contends that documents related to Bratz, even if they do not refer to Barbie or My Scene, are relevant to its claims that (1) Mattel has exerted pressure on licensees not to license Bratz products; (2) Mattel has exerted pressure on retailers or distributors not to distribute Bratz products; (3) Mattel has tampered with Bratz displays; and (4) Mattel intentionally copied Bratz products.

Third, MGA contends that Mattel has improperly limited its production of My Scene documents to only those documents related to the specific acts of product and packaging infringement identified in MGA's complaint. MGA contends that it is entitled to far more, including documents concerning potential acts of infringement not mentioned in the complaint and documents concerning the development of the My Scene product line from inception of this suit to the present. In particular, MGA contends that documents concerning the current development of My Scene may tend to show continuing infringement, and therefore are relevant to prove that Mattel's conduct is willful.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT ___5___ PAGE _117_

1     Mattel contends that it has produced documents in response to many of MGA's requests,

2  and will continue to do so.  Mattel objects, however, to those requests that require Mattel to

3  produce virtually every document, anywhere in the world, that mentions MGA, Larian, Bratz, or

4  any other MGA product.  Mattel contends that MGA is engaging in an improper fishing

5  expedition, casting its requests so broadly as to require production of documents relating to

6  products and entire product lines that are irrelevant to the suit.  Mattel also contends that the

7  requests are overbroad because they seek documents about subjects such as quality and pricing

8  which do not appear anywhere in MGA's pleadings.  Id.  Furthermore, Mattel contends that

9  MGA's requests are not linked in any manner to MGA's claims in the suit and do not reference

10  any particular alleged wrongdoing by Mattel.

11     Mattel also contends that responding to MGA's document requests would impose a

12  considerable, unjustifiable burden on Mattel.  Mattel emphasizes that it is a large company, with

13  over 140 subsidiaries and affiliates in approximately 43 different countries.  Mattel represents that

14  it has over 5,000 employees in the United States and more than 25,000 employees at subsidiaries

15  and affiliates worldwide.

16     Mattel also represents that its products are sold in thousands of stores.  It represents that it

17  deals with Wal-Mart, Target, K-Mart, and Toys "R" Us on a daily basis, and that these four

18  retailers have more than 4,500 stores in the United States.  Mattel also represents that it deals with

19  many hundreds more retailers domestically and overseas.  Further, Mattel represents that it has

20  relationships with more than 1,400 licensees and licensors.

21     Mattel also represents that the toys it produces vary widely, including collectible card

22  games, electronic handheld devices, toy cars, and the Barbie doll line.  Mattel asserts that it

23  introduces annually more than 2,000 different types of toys, dolls and other products in more than

24  150 nations throughout the world.  Mattel asserts that many products often involve the creation of

25  many categories of documents relating to design, marketing, consumer and market research,

26  planning, engineering, cost, manufacturing, distribution, sales and finance.  Mattel represents that

27

28

1    these types of documents are stored on Mattel's over 800 computer servers worldwide, and that

2    countless others are stored in hardcopy or stored on individual employees' desktop computers and

3    laptops. Furthermore, Mattel represents that many of its network systems, including its e-mail

4    system, are not readily searchable, or searchable at all, by use of keyword terms. For example,

5    Mattel asserts that the computer system used by Mattel's designers and engineers overwhelmingly

6    consists of graphical files whose content cannot be searched by keywords.

7        Mattel estimates that MGA and its products are referenced in millions of pages of

8    documents and computer files at Mattel. More specifically, Mattel contends that many groups

9    across Mattel, such as marketing, consumer research, sales, finance, human resources and safety

10   testing, have documents that refer or relate to MGA or its products in some way. Mattel also

11   contends that a large volume of this information is from third party analysts and third party

12   sources, including retail sales reports that track doll sales across the entire industry, newspaper

13   and magazine articles, commercials and advertisements. Mattel also represents that it collects

14   great quantities of documents about its competitors that are readily available on the Internet or

15   other public sources, including catalogs, advertising, press releases, and media reports, and from

16   retailers and distributors throughout the world.

17        Furthermore, Mattel represents that its documents, particularly its marketing and sales

18   research documents, often reference many competing products, not just the Bratz dolls at issue.

19   Mattel contends that these types of documents would be difficult to search and collect because, in

20   many instances, the only way to determine whether a particular document mentions Bratz would

21   be to review the entire document.

22        Mattel contends that virtually any employee at Mattel might have documents that are

23   responsive to MGA's requests. Mattel estimates that "to locate all such documents would take

24   years, cost millions of dollars, and seriously interfere with the operation of Mattel's business."

25   Mattel's Opposition at 17. Matter also asserts that "[s]uch efforts – including search of Mattel's

26   servers, its employees' computer workstations, hard copy files, computer disks, and video files –

27

28

1    would be in addition to the cost of attorney review of the materials before they are produced in

2    litigation." Id. Mattel also contends that the burden and expense of production is multiplied

3    several times further if Mattel is required to search the files in the possession of its worldwide

4    subsidiaries.

5         Mattel contends that even if the search for responsive documents could be accomplished,

6    the resulting document production would provide MGA with countless documents with little or

7    no relevance. For example, Mattel anticipates that many documents would be discussions of the

8    competition in the context of irrelevant dolls, such as any number of mainline Barbie dolls.

9    Mattel contends that other documents would simply be third party market reports which are

10   equally available to MGA from public sources. Accordingly, Mattel requests that the motion be

11   denied in full.

12        In its reply, MGA counters that the requests are not unduly burdensome. MGA contends

13   that contrary to Mattel's assertions, the requests are factually self-limited, containing restrictive

14   language and defining the outer parameters for the documents sought. Furthermore, MGA

15   contends that it told Mattel that it would be amenable to certain limitations on the number and

16   identities of custodians whose files must be searched, so long as Mattel was amenable to

17   reciprocal accommodations for MGA's own document review. MGA contends that, at a

18   minimum, Mattel should be required to search the physical and electronic files of its employees.

19   MGA contends that Mattel should not be released wholesale from its discovery obligations based

20   on a purported burden, particularly when it failed to work with MGA in good faith to mitigate that

21   burden.

22        Lastly, MGA argues that any burden to Mattel is outweighed by the benefit to be secured

23   from the discovery. MGA contends that it "realistically has no other way of obtaining documents

24   tending to support its claims that Mattel engaged in a pattern of conduct with suppliers,

25   distributors, licensees and others constituting unfair competition except from Mattel." MGA's

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

11

EXHIBIT ___5___ PAGE _120_

1    Reply at 10. Therefore, MGA believes that the benefits of the discovery it seeks are

2    immeasurable and that in contrast, the burden to Mattel is not unreasonable.[1]

3    B. Document Requests

4            In addition to the three general objections described above, Mattel has asserted other

5    objections to certain categories of document requests which MGA contends are improper. The

6    general objections stated above, as well as the additional objections asserted by Mattel, are

7    reviewed herein in the context of the nine categories of document requests at issue.

8                              1. Document Request Nos. 32-33, 61

9            Request nos. 32, 33 and 61 seek production of communications with sales personnel,

10   merchandisers and retailers relating to alteration of displays or retail spacing of MGA products

11   other than Bratz. MGA contends that the documents it seeks are relevant to the allegation in

12   paragraph 79 of its complaint that "Mattel merchandisers have been caught tampering with

13   MGA's displays, replacing favorably located MGA merchandise with Mattel merchandise

14   instead." In its reply brief, MGA clarifies that it "seeks information tending to show that at any

15   time after June 2001, Mattel sales personnel tampered with, or directed others to tamper with,

16   MGA's in-store displays." MGA's Reply at 8.

17           During the meet and confer process, Mattel agreed to produce documents responsive to

18   request nos. 32-33 and 61 insofar as they related to displays, retail spacing, or shelf space for

19   Bratz, but refused to produce responsive documents relating to any other MGA products. Glad

20   Decl. in Support of MGA's Motion, Ex. 1. Mattel contends that request nos. 32 and 33 are

21   overbroad and unduly burdensome insofar as they require production of communications relating

22   to displays, retail spacing, or shelf-space for any other MGA products. Mattel views the requests

23   as a directive to "go out and find, review and produce essentially all of its retailer

24

25       [1] In a footnote, MGA mentions that Mattel has also withheld documents relating to conduct occurring
     outside of the United States, and that this issue will be addressed in a separate motion. MGA's Motion at 10, n. 29.
26   Nothing in this Order is intended in any way to permit or foreclose discovery relating to conduct occurring outside of
     the United States.

27

28

1    communications about any 'change' in any 'display' or any 'retail spacing' for any MGA

2    product." Mattel's Opposition at 10. Mattel contends that MGA, not Mattel, should bear the

3    burden of identifying specific incidents of alleged tampering, and thereafter Mattel will attempt to

4    find and produce pertinent documents relating to those incidents. Id.

5           Mattel also contends that request no. 61 is overbroad and amounts to an improper fishing

6    expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other MGA

7    product, whether or not they have anything to do with anything placed at issue by MGA. Mattel's

8    Opposition at 7-8. Mattel also contends that the request has no linkage to any possible consumer

9    confusion between Bratz and My Scene or between the other products mentioned in MGA's

10   complaint or MGA's responses to Mattel's contention interrogatories. Id. at 8.

11          Request nos. 32, 33, and 61 seek documents relevant to MGA's allegation that "Mattel

12   merchandisers have been caught tampering with MGA's displays, replacing favorably located

13   MGA merchandise with Mattel merchandise instead." MGA's allegation of tampering is broader

14   than just Bratz products, and therefore, Mattel's objection to producing responsive documents for

15   MGA products other than the Bratz line is overruled.

16          Further, the requests are not unduly burdensome. Request nos. 32 and 33 are limited to

17   communications between Mattel and its sales personnel and merchandisers relating to alterations

18   of display or retail spacing for MGA products, and therefore do not require Mattel to search for

19   documents from every single one of its employees. Request no. 61 is also reasonably tailored to

20   seek relevant information, requiring production of communications between Mattel and any

21   retailer, sales person or merchandiser referring or relating to the allocation of shelf space, altering

22   of retail displays, or placement of Bratz in retail stores, including but not limited to

23   communications concerning the placement of "Bratz" relative to My Scene. Contrary to Mattel's

24   assertion, request no. 61 does not require Mattel to search for virtually all documents that mention

25   MGA, Larian, Bratz, or any other MGA product, whether or not they have anything to do with

26   anything placed at issue by MGA. Instead request no. 61 is clearly limited to a defined category

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ____5____ PAGE _122_

13

1    of communications with certain individuals and/or entities regarding a defined subject matter.  In

2    addition, MGA indicates in its reply brief that it seeks documents and communications from June

3    2001 forward.  With this temporal limitation, MGA's motion is granted as to request nos. 32, 33

4    and 61.

5                        2. Document Request Nos. 37-39

6          Request nos. 37 through 39 call for production of Mattel's communications with CARU

7    relating to MGA and restrictions to be placed on MGA, as well as documents supporting Mattel's

8    allegation in its answer that MGA violated CARU standards.  MGA contends that the documents

9    it seeks are relevant to its allegation in paragraph 89 of its complaint that "Mattel used its

10   influence as a major contributor to CARU's budget to induce CARU to place onerous restrictions

11   on MGA advertisements, and to require MGA to amend aspects of commercials that have gone

12   unchallenged in other parties' commercials."

13         In its opposition brief, Mattel represents that is prepared to produce documents that bear

14   on MGA's claims and Mattel's defenses involving CARU, but nothing further.  Mattel contends

15   that the sweep of these requests "goes far beyond any particular advertisements or the allegations

16   in MGA's complaint that Mattel pressured CARU or obtained better treatment different than

17   MGA."  Mattel's Opposition at 10.  Furthermore, Mattel contends that the requests are improper

18   because CARU investigates complaints and claims in confidence.

19         MGA's request nos. 37 and 39 seek information relevant to MGA's allegation that Mattel

20   influenced CARU to place restrictions on MGA's advertisements.  The Federal Rules of Civil

21   Procedure do not require MGA to identify every instance when CARU imposed restrictions or

22   required amendments to MGA's advertisements before propounding discovery on the subject.

23         Request no. 38 is much broader, however, seeking all communications between Mattel

24   and CARU referring or relating to MGA, Larian, Bratz, or MGA products.  Request no. 38 is not

25   limited to the subject of MGA's advertisements, or any other subject that is at issue in the case.

26   Further, request no. 38 is, to a certain extent, cumulative of request nos. 37 and 39.

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                              14

                              EXHIBIT ___5___ PAGE _123_

1    Accordingly, MGA's motion is granted with respect to request nos. 37 and 39, but denied

2    as to request no. 38.

3                            3. Document Request No. 43

4    Request no. 43 seeks documents relating to any attempts by Mattel to price My Scene

5    below Bratz.  MGA contends that the documents it seeks are likely to lead to admissible evidence

6    relating to whether Mattel has an "organic process" for setting prices, or whether it set prices

7    based on confidential information obtained from MGA.  MGA's Motion at 13:22.

8            Mattel contends that there is no allegation in MGA's complaint of below-market pricing.

9    Further, Mattel contends that the request is overbroad and seeks documents that have no relevance

10   to any other subject matter in suit.

11           Request no. 43 seeks documents that have no relevance to any claim or defense in the

12   case.  There is no allegation in MGA's complaint related to below-market pricing.  Nor is there

13   any allegation that Mattel misappropriated confidential pricing information from MGA.

14   Accordingly, MGA's motion is denied as to request no. 43.

15                            4. Document Request No. 47

16   Request no. 47 calls for production of documents relating to Mattel's communications

17   with buyers, merchandisers, general merchandise managers, or retailers relating to whether MGA

18   was giving any other U.S. retailer below-market pricing or whether MGA was discontinuing one

19   of its product lines.  MGA contends that these documents are relevant to the allegation in

20   paragraph 79 of its complaint that "Mattel has falsely told a major United States retailer that

21   MGA was giving another major United States retailer below-market pricing and falsely told a

22   United Kingdom retailer that MGA was discontinuing one of its lines."

23           Mattel contends that request no. 47 is improper because it demands documents about

24   "alleged statements to an unidentified retailer and an unidentified toy line" without giving Mattel

25   "a hint as to where to look in order to perform a good-faith search for documents."  Mattel's

26   Opposition at 12.

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

EXHIBIT ___5___ PAGE _124_ [15]

1    Request no. 47 seeks documents relevant to MGA's allegation that Mattel made a false
2    representation to a major United States retailer that MGA was giving another retailer below-
3    market pricing, and falsely told a United Kingdom retailer that MGA was discontinuing a product
4    line. The Federal Rules of Civil Procedure do not require MGA to identify the businesses to
5    whom Mattel allegedly made the false statements as a precondition to propounding discovery.
6    Nor is MGA required to identify every instance in which Mattel allegedly made such false
7    representations before propounding discovery. Nevertheless, the request is extremely broad and
8    burdensome, requiring Mattel to search for "all documents referring or relating to any
9    communications between Mattel" and buyers, merchandisers, general merchandise managers, or
10   retailers referring or relating to whether MGA was giving another United States retailer below-
11   marketing pricing, or whether MGA was discontinuing one of its lines. To alleviate some of the
12   burden to Mattel, the request is hereby limited to require production of only Mattel's
13   communications with any buyers, merchandisers, general merchandise managers or retailers
14   about MGA providing below-market pricing or MGA discontinuing a product line. With this
15   limitation, MGA's motion is granted as to request no. 47.

16                          <u>5. Document Request Nos. 48 – 50</u>

17   Request nos. 48 through 50 essentially seek all documents referring or relating to Mattel's
18   communications with any buyers, merchandisers, general merchandise managers, retailers,
19   suppliers, licensees, and potential licensees, referring or relating to Bratz, Larian or MGA
20   regarding the origins, design, development, product launch, sales, promotions, advertising,
21   quality, or price of Bratz or any other MGA product. During the meet and confer, Mattel agreed
22   to produce some, but not all, responsive documents. In particular, Mattel objected to producing
23   documents relating to the pricing of Bratz or any MGA product. Mattel also objected to
24   producing documents relating to Bratz unless the documents also referenced Mattel's My Scene
25   or Barbie products.

26

27

28

1    MGA contends that these documents are relevant to its allegation that Mattel interfered

2  with its business dealings with third parties.  In its reply brief, MGA asserts that it seeks

3  documents and communications between Mattel and certain third parties "from June 2001 tending

4  to support or refute MGA's assertions that Mattel interfered with MGA's dealings with such

5  parties by providing false or misleading information concerning MGA products, the ownership of

6  'Bratz' and exerting pressure on these parties not to license or sell MGA products."  MGA's

7  Reply at 8.

8    Mattel contends that these requests are overbroad and amount to an improper fishing

9  expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other MGA

10  product, whether or not they have anything to do with anything placed at issue by MGA.  Mattel's

11  Opposition at 7-8.  Mattel also contends that the requests have no linkage to any possible

12  consumer confusion between Bratz and My Scene or between the other products mentioned in

13  MGA's complaint or MGA's responses to Mattel's contention interrogatories.  Id. at 8.

14    This category of requests is clearly overbroad, requiring production of documents that

15  merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they

16  have anything to do with the claims and defenses in the case.  MGA has not made any attempt to

17  link these requests to any of the numerous and far-ranging allegations of unfair competition set

18  forth in its complaint.  Instead MGA makes a very generalized argument that the requests seek

19  information relevant to its allegation that Mattel interfered with MGA's business dealings with

20  third parties.  Furthermore, Mattel has carried its burden of establishing that the burden and

21  expense of complying with the requests far exceed their likely benefit, taking into account the

22  needs of the case.  Accordingly, MGA's motion is denied as to request nos. 48 through 50.

23                    <u>6. Document Request Nos. 51 – 55</u>

24    This category of document requests requires production of essentially all documents

25  referring or relating to any communications between Mattel and any public relations firms,

26  members of the press, current or former MGA employees, or former Mattel employees, relating to

27

28                                                                      17

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

**EXHIBIT** <u>5</u> **PAGE** <u>127</u>

1   Bratz, Larian, or MGA regarding the origins, design, development, product launch, sales,

2   promotions, advertising, quality, or price of Bratz or any other MGA product.  During the meet

3   and confer process, Mattel agreed to produce some, but not all responsive documents.

4        MGA contends that these documents are relevant to its allegations that Mattel has engaged

5   in serial imitation of MGA products in an attempt to dilute their distinctiveness and create

6   confusion in the marketplace.  MGA also contends that these documents are likely to lead to

7   admissible evidence relating to the creation and ownership of Bratz, Mattel's knowledge and

8   awareness of Bratz products and marketing and its attempt to imitate those products and dilute

9   their distinctiveness.

10       Mattel contends that these requests are overbroad and amount to an improper fishing

11  expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other MGA

12  product, whether or not they have anything to do with anything placed at issue by MGA.  Mattel's

13  Opposition at 7-8.  Mattel also contends that the requests have no linkage to any possible

14  consumer confusion between Bratz and My Scene or between the other products mentioned in

15  MGA's complaint or MGA' responses to Mattel's contention interrogatories.  Id. at 8.

16       Like the previous category of requests, this category of requests is grossly overbroad,

17  requiring production of documents that merely mention MGA, Larian, Bratz or other MGA

18  products, regardless of whether or not they have anything to do with the claims and defenses in

19  the case.  MGA has not made any attempt to link these requests to any of the allegations of unfair

20  competition set forth in its complaint or to the responses it provided to Mattel's contention

21  interrogatories.  Furthermore, Mattel has carried its burden of establishing that the burden and

22  expense of complying with these requests far exceed their likely benefit, taking into account the

23  needs of the case.  Accordingly, MGA's motion is denied as to request nos. 51-55.

24                      7. Document Request Nos. 56 – 58

25       This category of requests requires production of all documents relating to business

26  dealings between any licensee, supplier, manufacturer, retailer, distributor, or merchandiser and

27

28

1   MGA.  MGA contends that these document requests are specifically tailored to documents in

2   Mattel's possession, custody or control concerning MGA's business dealings with licensees,

3   suppliers, manufacturers, retailers, distributors, or merchandisers, and are directly relevant to its

4   claims that Mattel interfered with MGA's business dealings with third parties.

5        Again, Mattel contends that these requests are overbroad and amount to an improper

6   fishing expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other

7   MGA product, whether or not they have anything to do with anything placed at issue by MGA.

8   Mattel's Opposition at 7-8.  Mattel also contends that the requests have no linkage to any possible

9   consumer confusion between Bratz and My Scene or between the other products mentioned in

10  MGA's complaint or MGA' responses to Mattel's contention interrogatories.  Id. at 8.  Mattel

11  also objects to request nos. 57 and 58 insofar as they require Mattel to produce documents that

12  refer "explicitly or implicitly" to business dealings involving MGA.

13       Like the previous two categories of document requests, this category of requests is grossly

14  overbroad.  Request nos. 56 and 57 require production of documents referring or relating to

15  MGA's business dealings, without specifying any products or other subject matter limitations.

16  Request no. 58 is narrower, but is unreasonable insofar as it requires Mattel to produce documents

17  that refer "explicitly or implicitly" to business deals involving MGA's Bratz or other products.

18  Furthermore, Mattel has carried its burden of establishing that the burden and expense of

19  complying with the requests far exceed their likely benefit, taking into account the needs of the

20  case.  Accordingly, MGA's motion is denied as to request nos. 56 through 58.

21            8. Document Request Nos. 59, 60, 62-63, 99, 101

22       This category of requests requires production of all documents relating to (a) any

23  interference with or inhibition of the licensing or potential licensing of MGA's products, or

24  relating to any limitations or restrictions on any MGA licensee (request nos. 59, 62-63); (b) any

25  third party's licensing or potential licensing of MGA products (request no. 60); and (c)

26  communications between Mattel and MGA's licensees and distributors referring to MGA, Bratz

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___5___ PAGE _129_ [19]

1   or the claims in this lawsuit (request nos. 99, 101). MGA contends that the documents it seeks are

2   relevant to its allegation that Mattel exerted its influence on retailers and other third parties not to

3   do business with MGA.

4        Mattel contends that request nos. 59, 60, 62 and 63 are overbroad, seeking all documents

5   that might bear on MGA's business without identifying any particular business dealings. Mattel

6   also contends that they are overbroad insofar as they require production of all documents related

7   to "any MGA PRODUCT world wide," where "product" is defined as "each image, character,

8   logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been

9   manufactured, marketed or sold by MGA or others under license." Mattel's Opposition at 9.

10        Mattel also contends that request nos. 99 and 101 are overbroad and amount to an

11  improper fishing expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or

12  any other MGA product, whether or not they have anything to do with anything placed at issue by

13  MGA. Mattel's Opposition at 7-8. Mattel also contends that the requests have no linkage to any

14  possible consumer confusion between Bratz and My Scene or between the other products

15  mentioned in MGA's complaint or MGA' responses to Mattel's contention interrogatories. Id. at

16  8.

17        Request nos. 59, 60, 62, and 63 seek information relevant to MGA's allegations, including

18  among others, that Mattel "warned a number of companies, including the biggest publishing

19  entity in the United Kingdom, not to license MGA products, or risk retribution," and that Mattel

20  "terminated one of its licensees, apparently in retribution for licensing Bratz." MGA's Complaint

21  at ¶76. They are also reasonably tailored to require production of only those documents and

22  communications that refer or relate to interference with or inhibition of the licensing or potential

23  licensing of MGA's products, that refer or relate to any limitations or restrictions on any MGA

24  licensee, and that refer or relate to any third party's licensing or potential licensing of MGA

25  products. Mattel has not established that searching for theses types of responsive documents is

26  unduly burdensome. Therefore, MGA's motion is granted as to request nos. 59, 60, 62 and 63.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___5___ PAGE __130__        20

1    In contrast, however, request nos. 99 and 101 are overbroad, requiring Mattel to search for

2    and produce all documents referring or relating to communications between Mattel and any MGA

3    licensee or distributor that refer or relate to MGA, Bratz, this lawsuit, other litigation involving

4    the parties or their employees, claims by MGA against Mattel or claims by Mattel against MGA

5    or its employees. For example, the requests would potentially require production of documents

6    that merely mentioned MGA and Bratz but that otherwise have no relevance to the claims and

7    defenses in the suit. Therefore, MGA's motion is denied as to request nos. 99 and 101.

8                    9. Document Request Nos. 64, 65, 66, 67

9    This category of requests requires production of all documents relating to (a) any third

10   party's agreement or decision not to license, manufacture, promote, distribute or sell MGA

11   products or supply materials or services to MGA, or to limit, restrict, curtail or reduce such

12   activities (request nos. 64-65); and (b) any interference with or inhibition of the supply of goods

13   or services to MGA, or of MGA's distribution of its products (request nos. 66-67). MGA

14   contends that these documents are relevant to its claims that Mattel interfered with MGA's

15   business dealings with distributors, retailers, and other third parties, as alleged in paragraphs 76-

16   79 of its complaint.

17   Mattel contends that these requests are overbroad, seeking all documents that might bear

18   on MGA's business without identifying any particular business dealings. Mattel also contends

19   that they are overbroad insofar as they require production of all documents related to "any MGA

20   PRODUCT world wide," where "product" is defined as "each image, character, logo, doll, toy,

21   accessory, product, packaging or other thing or matter that is or has ever been manufactured,

22   marketed or sold by MGA or others under license." Mattel's Opposition at 9.

23   These requests seek information relevant to MGA's allegation that Mattel interfered with

24   its business dealings. In particular, MGA has alleged that Mattel "warned a number of

25   companies, including the biggest publishing entity in the United Kingdom, not to license MGA

26   products, or risk retribution," and that Mattel "terminated one of its licensees, apparently in

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___5___ PAGE _131_

1   retribution for licensing Bratz." MGA's Complaint at ¶76.  MGA's requests are reasonably

2   calculated to lead to information relevant to this allegation.  Although the definition of product is

3   broad, the definition does not render the requests overbroad because they are otherwise limited in

4   subject matter.  Further Mattel has failed to establish that it is unduly burdensome to search for

5   and produce documents responsive to this category of requests.  Therefore, MGA's motion is

6   granted as to request nos. 64, 65, 66, and 67.

7                            10. Document Request Nos. 102-104

8          This category of requests requires production of Mattel's communications with three

9   companies referring to MGA, Bratz or Larian.  MGA contends that these documents are relevant

10  to its claims that Mattel interfered with its business dealings with third parties.

11         Mattel now represents that it will produce communications with Nickelodeon that bear on

12  MGA's allegation regarding sponsorship of the 2005 Kids Choice Awards.  Mattel contends,

13  however, that communications with Cartoon Network or 4kids Entertainment are not relevant to

14  any claim or defense in suit.

15         Mattel's communications with Nickelodeon regarding MGA, Bratz or Larian are relevant

16  in light of MGA's allegation that Mattel was "instrumental in attempting to keep MGA from

17  participating as a sponsor in the 'Kids' Choice Awards.'"  Id. at ¶97.  Therefore, MGA's motion

18  is granted as to request nos. 102.  In contrast, MGA has failed to establish that similar

19  communications with Cartoon Network and 4kids Entertainment are relevant to a claim or

20  defense in suit.  Therefore, MGA's motion is denied as to request nos. 103 and 104.

21  //

22  //

23  //

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

22

EXHIBIT ___5___ PAGE _132_

1

2       ## V. CONCLUSION

3       For the reasons set forth above, MGA's motion to compel is granted in part as to

document request nos. 32 ( as modified), 33 (as modified), 61 (as modified), 37, 39, 47 (as

modified) , 59, 60, 62, 63, 64, 65, 66, 67, and 102, and denied in part as to document request nos.

38, 43, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 99, 101, 103 and 104.  MGA's request for

sanctions is denied.  Mattel shall produce responsive documents as set forth above no later than

June 15, 2007.

        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

Master, MGA shall file this Order with the Clerk of Court forthwith.

Dated: May 22, 2007

                                        HON. EDWARD A. INFANTE (Ret.)
                                        Discovery Master

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 22, 2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DATED NOVEMBER 22, 2006 in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 22, 2007, at San Francisco, California.

ANTHONY SALES

EXHIBIT _5_ PAGE _134_

EXHIBIT 6

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301
———
TEL: (650) 470-4500
FAX: (650) 470-4570
www.skadden.com

DIRECT DIAL
650-470-4624
DIRECT FAX
650-470-4570
EMAIL ADDRESS
ATEMKIN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 9, 2008

**BY EMAIL AND FEDEX**

Dylan Proctor, Esq.
Scott Kidman, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

      RE:    Bryant v. Mattel; Mattel's Third Set of RFP To MGA

Dear Dylan and Scott:

      This letter is to follow up on our teleconferences over the past several weeks regarding MGA's responses and objections to Mattel's Third Set of Requests for Production to MGA.  I enclose MGA's Objections and Supplemental Responses to Mattel, Inc.'s Third Set Of Requests For Production Of Documents And Things (the "Supplemental RFP Responses"), which reflect MGA's agreement to produce certain documents in response to Requests Nos. 31, 35, 37, 39, 41, and 78-85, as we discussed during our conferences.

**Requests Nos. 1-30: Documents from unrelated litigations involving MGA entities**

      Requests 1-30 seek a broad array of documents related to 25 "BRATZ LAWSUITS" that purportedly involved the MGA entities and the Bratz line of products.[1]  As I noted in our conferences, MGA has already produced over 14,599 pages[2] of documents from a number of the

---

[1] During the meet and confer with Mr. Proctor on December 31, we notified you that three of the cases defined as "BRATZ LAWSUITS" did not involve the Bratz line of products at all.  These matters include: Kin Yat Industrial Company Limited v. MGA Entertainment (H.K.) Limited, Golden Bright Manufacturer Limited v. Sunlight Electronic Toys, and MGA Entertainment Inc. and Elliot Rudell trading as Rudell Design v. Wealth Ocean Industrial Limited.

[2] Among the over 3.4 million pages already produced by MGA in this case.

EXHIBIT ____6____ PAGE _135_

Dylan Proctor
Scott Kidman
January 9, 2008
Page 2

identified cases in response to other duplicative discovery requests.[3]  In particular, we call your attention to these specific documents, among others, that have already been produced for the following cases:

- Art Attacks Ink, LLC v. MGA Entertainment, Inc. (MGA 0862033- MGA 0862245, MGA 0863002-MGA 0863859, MGA 0863902-MGA 0864225, MGA 0868866-MGA 0869526, and MGA 0874043-MGA 0875237)

- MGA Entertainment v. Fun 4 All (MGA 0862246-MGA 0863001 and MGA 0871766-MGA 0872521)

- MGA Entertainment v. Ubisoft (MGA 0864226-MGA 0865640, MGA 0872522-MGA 0873936, and MGA 0873990-MGA 0874042)

- McDonald's Corporation v. MGA Entertainment, Inc. f/k/a ABC International Traders (MGA 0866262-MGA 0868038, MGA0869995 - MGA0871306)

- MGA Entertainment, Inc. v. Thomas Christopher Joseph Metson  (MGA 0868039-MGA 0868091 and MGA 0873937-MGA 0873989)

- Karen Dudnikov, Michael Meadors v. MGA Entertainment, Inc. (MGA0871307 - MGA0871499)

- MGA Entertainment, Inc. v. Multitoy, Inc., Yuan-Lan Liu, Jeff Wu dba TMC Toys, All Toys Imports, Inc., Susan Liu, ToysDivision, Inc., Tom Liu, Does 1-20 (MGA0871500 - MGA0871749)

- Declarations and exhibits from proceedings in Hong Kong (MGA 0883033-MGA 0886347), including:

  - MGA Entertainment Inc. v. Hunglam Toys Company Limited; Choy Kam Ying, Candy; Kwok Yin Kwan, May; Kwok Chin Hung

  - MGA Entertainment Inc. formerly known as ABC  International Traders, Inc. doing business as MGA Entertainment v. Toys & Trends (Hong Kong) Limited, Cityworld Limited, Jurg Willi Kesselring

---

[3] As set forth in MGA's Responses to Mattel's Third Set of RFPs to MGA, Requests 1-30 are duplicative of, among other previously propounded document requests, the following: Request Nos. 38, 41 and 90 from Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA, Request Nos. 5-12, and 20 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

EXHIBIT ___6___ PAGE _136_

Dylan Proctor
Scott Kidman
January 9, 2008
Page 3

o    ABC International Traders, Inc. doing business as MGA Entertainment V. Qualiman Industrial Company Limited; Prime Designs, Limited

o    MGA Entertainment Inc. & MGA Entertainment (H.K.) Limited V. Double Grand Corporation Limited

o    MGA Entertainment Inc. V. Hujnglam Toys Company Limited

In addition, documents relating to MGA's rights with respect to the Bratz line of products (Requests No. 26, 27, and 28) have also been produced in this case.

Mattel has made no showing that any additional documents that may come within the scope of Requests 1-30 relate to the claims and defenses in this case or would otherwise lead to the discovery of admissible evidence. During the course of our meet and confers, I repeatedly requested that Mattel narrow these requests, particularly in light of the burden to MGA to produce (or log privileged) responsive documents. For example, we suggested that Mattel should start by limiting its requests to a subset of the actions identified in the defined term "BRATZ LAWSUITS." You refused to limit these requests in any way.

Responding to these requests as stated would place undue burden on MGA. The 25 lawsuits identified in your definition of the term "BRATZ LAWSUITS" span approximately seven years of litigation, include approximately 29 parties and, conservatively, have generated hundreds of volumes of files. Each of these files would need to be reviewed carefully because, as one would expect, they are likely to contain vast quantities of information that is protected from disclosure by the attorney-client privilege and work product doctrine. The extreme burden and cost to MGA of reviewing these documents and logging privileged documents far outweighs any marginal relevance of the documents related to these litigations that have not already been produced in response to other requests.

In light of the foregoing, MGA will not produce additional documents in response to these requests as stated.

**Request No. 31: Documents Relating to the use of the term "Jade" in connection with any MGA doll**

As we discussed during our meet and confer, subject to and without waving MGA's objections, MGA will produce non-privileged documents responsive to this request, if any exist, that were created prior to January 1, 2001 that refer or relate to the use (or considered, proposed or potential use) of the term "Jade" in connection with any MGA doll, product or other matter, to the extent any such documents are within MGA's and can be located following a reasonably diligent search.

EXHIBIT ___6___ PAGE _137_

Dylan Proctor
Scott Kidman
January 9, 2008
Page 4

**Requests Nos. 32-41: Documents Relating to Sandra Bilotto**

As we also have discussed, documents responsive to these requests relating to Sandra Bilotto and, in particular, payments to and invoices from Ms. Bilotto have already been produced in response to prior, duplicative requests. *See* MGA 0878994-MGA 0879007. Several of the requests relating to Ms. Bilotto seek documents concerning MGA's knowledge of and Ms. Bilotto's work for Mattel. We asked you to inform us whether Ms. Bilotto actually performed any work for Mattel to understand the relevance of these requests. You could not tell us whether Ms. Bilotto worked for Mattel. Please provide us with this information so that we may better understand how these requests seek documents that are relevant to the claims and defenses in this action.

During the meet and confer on January 7, 2008, we raised the fact that, contrary to your letter, Requests Nos. 32-41 are not narrowly tailored to Ms. Bilotto's work on Prayer Angels and are therefore needlessly burdensome on MGA. We invited you to narrow these requests to Ms. Bilotto's work on Prayer Angels. You refused any such limitation. MGA will not produce documents in response to these overly broad requests as stated. Although it has already produced documents that are responsive to these requests in connection with its responses to prior duplicative requests, MGA will produce documents in response to Requests Nos. 32-34, 36, 38, 40 as follows (to the extent that additional documents can be found following a reasonably diligent search):

Request No. 35: Subject to its objections, MGA will produce non-privileged documents in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search that refer or relate to work or services provided by Sandra Bilotto on Prayer Angels to MGA prior to January 1, 2001.

Request No. 37: Subject to its objections, MGA will produce non-privileged tangible items provided by Sandra Bilotto to MGA prior to January 1, 2001, relating to Prayer Angels, including head sculpts, prototypes and models in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search.

Request No. 39: Subject to its objections, MGA will produce non-privileged documents in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search that refer or relate payments made to Sandra Bilotto for work on Prayer Angels prior to January 1, 2001.

Request No. 41: Subject to its objections, MGA will produce non-privileged documents in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search that refer or relate, to communications between Isaac Larian and Sandra Bilotto prior to January 1, 2001 that refer and relate to Prayer Angels.

EXHIBIT ___6___ PAGE _138_

Dylan Proctor
Scott Kidman
January 9, 2008
Page 5

We understand that Requests Nos. 36, 38 and 41 relate to issues that will be addressed in Phase II of the trial in this action. As you know, at the hearing held before Judge Larson on Monday, January 7, 2008, Tom Nolan proposed that Phase II discovery be stayed to permit the parties to complete Phase I discovery and preserve the current trial schedule. Judge Larson agreed to consider that proposal. As we discussed during our meet and confers, we believe that it is inefficient to expend the parties' efforts on Phase II discovery at this time, particularly in light of the fact that only three weeks remain to the Phase I cutoff. MGA will not produce documents in response to Requests Nos. 36, 38, and 41 (or Requests 32-35, 37 and 39-40 to the extent those requests seek documents related to Phase II issues) at this time in order to permit Judge Larson to consider our suggestion that Phase II discovery should be deferred to permit the parties to complete Phase I discovery.

### Requests 42, 76, and 77: Documents Relating to Paula Garcia

As we discussed during the meet and confer with Mr. Kidman, Request No. 42[4] is overbroad and completely untethered to the issues in the present litigation. In particular, as we also discussed, due to Ms. Garcia's position at MGA, this request conceivably calls for virtually every communication between Mr. Larian and Ms. Garcia since the inception of the Bratz product to today. In addition, MGA has produced over 3.4 million pages of documents in this case, including communications sought by this request. If there are specific communications that you contend have not been produced, please let us know.

You refused to limit Request No. 42 in any way. Accordingly, in light of the foregoing and the fact that MGA has already produced documents responsive to this request, MGA will not produce additional documents in response to Request No. 42.

Requests Nos. 76 and 77 seek all payments by MGA to Ms. Garcia prior to January 1, 2002 and all payments, including bonuses and incentive payments by MGA to Ms. Garcia without limitation, respectively. We proposed limiting these requests to payments to Ms. Garcia associated with Bratz, which you rejected.

---

[4] Request No. 42 seeks "All COMMUNICATIONS between Isaac Larian and Paula Garcia, including without limitation all such COMMUNICATIONS that REFER OR RELATE TO MATTEL, and MATTEL doll or product, BRYANT or BRATZ." During the meet and confer you stated that Mattel would amend the request to delete the words "including without limitation all such communications."

**EXHIBIT** _6_ **PAGE** _139_

Dylan Proctor
Scott Kidman
January 9, 2008
Page 6

**Requests 43-54: Documents relating to Scooter Samantha; Requests 56-66, 67-72:**
**Documents relating to Space Babes; and Requests 67-68, and 73: Documents relating to**
**Scott Reyes**

We understand that Requests Nos. 43-55 (Scooter Samantha), 56-67 and 69-72 (Space Babes);[5] 68, 73-75 (Scot Reyes), seek documents relating to Phase II issues. As discussed above, we believe it is inefficient to expend the parties' efforts on Phase II discovery at this time, particularly in light of the fact that only three weeks remain to the Phase I cutoff. Judge Larson is considering our suggestion that Phase II discovery should be deferred until after Phase I discovery is complete. Accordingly, MGA will not produce documents in response to these requests at this time in order to permit Judge Larson to consider our suggestion that Phase II discovery should be deferred to permit the parties to complete Phase I discovery.

**Request 78-88: Personnel and vendor files**

Requests Nos. 78-86 seek personnel and vendor files for the following: Maureen Mullen (née Chianese), Scot Reyes, Sandra Bilotto, Steve Linker, Veronica Marlow, Peter Marlow, Wendy Ragsdale, Billy Ragsdale and Sarah Halpern. As I told you during our conferences, MGA may have already produced some documents from these files in response to other more narrowly tailored requests. Nevertheless, subject to and without waiving its objections, MGA will produce non-privileged documents from the identified personal and vendor files that refer or relate to work or services provided by named individuals on Bratz prior to January 1, 2001, if any, in its possession, custody or control, that it is able to locate following a reasonably diligent search.

With respect to Request Nos. 87, 88 (and to the extent Requests Nos. 78-86 seek the same documents or information), these requests seek the personnel and vendor files for 114 persons that Mattel claim have performed work for both MGA and Mattel. We understand these requests to seek documents relating to Phase II issues. Accordingly, MGA will not produce documents in response to these requests at this time in order to permit Judge Larson to consider our suggestion that Phase II discovery should be deferred to permit the parties to complete Phase I discovery.

Please feel free to call me if you have any questions or would like to discuss these matters further.

Very truly yours,

Andrew C. Temkin

---

[5] During the meet and confer we explained that the "Space Babes" product was not released to the market.

EXHIBIT ___6___ PAGE _140_

EXHIBIT 7

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

- - -

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

- - -

CARTER BRYANT, ET. AL.,          )
                                 )
                  PLAINTIFFS,    )
                                 )
        VS.                      )     NO. ED CV 04-09049
                                 )     (LEAD LOW NUMBER)
MATTEL, INC., ET. AL.,           )
                                 )
                  DEFENDANTS.    )     MOTIONS
                                 )
AND CONSOLIDATED ACTIONS,        )
                                 )

**CERTIFIED COPY**

REPORTER'S TRANSCRIPT OF PROCEEDINGS

RIVERSIDE, CALIFORNIA

MONDAY, DECEMBER 3, 2007

10:06 A.M.

THERESA A. LANZA, RPR, CSR
FEDERAL OFFICIAL COURT REPORTER
3470 12TH STREET, RM. 134
RIVERSIDE, CALIFORNIA  92501
951-274-0844
CSR11457@SBCGLOBAL.NET

DECEMBER 3. 2007                          BRYANT V MATTEL

**EXHIBIT** __7__ **PAGE** __141__

2

1    APPEARANCES:

2    ON BEHALF OF CARTER BRYANT:

3                          KEKER & VAN NEST
                           BY:  MATTHEW M. WERDEGAR
4                          710 SANSOME STREET
                           SAN FRANCISCO, CALIFORNIA  94111-1704
5                          415-391-5400

6
     ON BEHALF OF MATTEL:
7
                           QUINN EMANUEL
8                          BY:  JON COREY
                           BY:  MICHAEL T. ZELLER
9                          BY:  B. DYLAN PROCTOR
                           865 S. FIGUEROA STREET,
10                         10TH FLOOR
                           LOS ANGELES, CALIFORNIA  90017
11                         213-624-7707

12
     ON BEHALF OF MGA ENTERTAINMENT (INCOMING):
13
                           SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
14                         BY:  THOMAS J. NOLAN
                           BY:  CRAIG HOLDEN (IN-HOUSE)
15                         300 SOUTH GRAND AVENUE
                           LOS ANGELES, CALIFORNIA  90071-3144
16                         213-687-5000

17
     ON BEHALF OF GUSTAVO MACHADO:
18
                           OVERLAND BORENSTEIN COTE & KIM
19                         BY:  ALEXANDER H. COTE
                           300 SOUTH GRAND AVENUE
20                         SUITE 2750
                           LOS ANGELES, CALIFORNIA  90071
21                         213-613-4660

22

23

24

25

DECEMBER 3. 2007                          BRYANT V MATTEL

EXHIBIT __7__ PAGE __142__

3



I N D E X

PAGE

MOTION........................................   4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT ___7___ PAGE __143__

1    CAN ANYONE SPEAK TO THIS CONVERSATION THAT SUPPOSEDLY

2  TOOK PLACE?

3         MR. NOLAN:  YOUR HONOR, I CANNOT, BUT IF I COULD JUST

4  INQUIRE WITH COUNSEL WHO MADE THE STATEMENT FROM MY TEAM.

5         THE COURT:  THAT'S REASONABLE.

6         (SOTTO VOCE DISCUSSION BETWEEN COUNSEL.)

7         MR. ROTH:  YOUR HONOR, AS I INDICATED, OUR VIEW IS

8  THAT FOR THE MOST PART, THE UNCLEAN HANDS DEFENSE RELATES TO

9  PHASE TWO OF THE CASE.

10         THE COURT:  SO ARE YOU WILLING TO SAY THAT YOU ARE

11  NOT GOING TO BE BRINGING AN UNCLEAN HANDS DEFENSE IN PHASE ONE?

12         MR. ROTH:  NO, WE'RE NOT WILLING TO --

13         THE COURT:  OKAY.  THEN YOU'RE GOING TO NEED TO

14  EXPLAIN THE EXTENT TO WHICH THE UNCLEAN HANDS DEFENSE IS GOING

15  TO BE RAISED IN PHASE ONE.

16         MR. ROTH:  OKAY.

17         THE UNCLEAN HANDS DEFENSE RELATES TO THE BRATZ

18  INTELLECTUAL PROPERTY.

19         THE COURT:  OKAY.  THAT'S PRETTY BROAD.

20         IN WHAT WAY, COUNSEL?

21         MR. ROTH:  IN THE SENSE THAT WE ALLEGE, IN CONNECTION

22  WITH THE COPYRIGHT CLAIMS, INFRINGEMENT AND UNFAIR PRACTICE AS

23  IT RELATES TO MR. CARTER [SIC] AND THE BRATZ INTELLECTUAL

24  PROPERTY.  THAT IS THE SUBJECT MATTER PHASE.

25         THE COURT:  WHAT SPECIFICALLY HAPPENED HERE THAT WAS

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT __7__ PAGE __144__

1   UNCLEAN BY MATTEL?

2          MR. ROTH:   OUR ALLEGATIONS ARE THAT MATTEL MADE

3   DISPARAGING REMARKS REGARDING MR. BRYANT, MGA, AND THE BRATZ

4   PRODUCTS FOLLOWING THE COMMERCIAL EXPLOITATION OF THAT

5   INTELLECTUAL PROPERTY BY MGA.

6          NOW, THAT, WE THINK, IS RELEVANT TO PHASE ONE OF THE

7   CASE.   IT'S PRIMARILY RELEVANT, WE ACKNOWLEDGE, TO PHASE TWO OF

8   THE CASE.

9          IN ADDITION, WITH RESPECT TO PHASE 1-A AND THE

10  INFRINGEMENT ISSUES THAT ARISE IN CONNECTION WITH PHASE 1-A,

11  THIS COURT MAY BE ASKED, IF LIABILITY IS DETERMINED AT SOME

12  POINT, TO ISSUE AN INJUNCTION IN THIS CASE.   IN THE CONTEXT OF

13  A PROCEEDING BEFORE THIS COURT REGARDING WHETHER OR NOT AN

14  INJUNCTION SHOULD BE ISSUED, ALL OF THE ALLEGATIONS REGARDING

15  INEQUITABLE CONDUCT WILL BE RELEVANT TO THIS COURT.

16          THE COURT:   GO BACK TO THESE NEGATIVE COMMENTS.

17          ARE THESE -- AND I DON'T MEAN TO MAKE TOO FINE A

18  POINT ON THIS -- ARE THESE NEGATIVE STATEMENTS ABOUT BRATZ, OR

19  ARE THESE ABSOLUTELY FALSE DISPARAGING COMMENTS?

20          WHAT IS YOUR ALLEGATION?

21          MR. ROTH:   THEY ARE FALSE DISPARAGING COMMENTS

22  REGARDING BRATZ AND MGA.

23          THE COURT:   DIRECTED TO CARTER BRYANT, OR DIRECTED TO

24  MGA?

25          MR. ROTH:   DIRECTED TO MGA.


DECEMBER 3. 2007                          BRYANT V MATTEL

EXHIBIT __7__ PAGE __145__

16

1          THE COURT:  SUCH AS?

2          MR. ROTH:  COMMENTS REGARDING THE CHARACTERISTICS OF

3   THE PRODUCTS AND SO FORTH.

4          THE COURT:  BUT GIVE ME AN EXAMPLE OF A COMMENT THAT

5   WAS MADE.

6          MR. ROTH:  YOUR HONOR, I CAN'T GO --

7          THE COURT:  YOU CAN'T GIVE ME ONE EXAMPLE?

8          MR. ROTH:  NO, I CAN'T.

9          THE COURT:  CAN ANYBODY FROM MGA GIVE ME ONE EXAMPLE

10  OF ONE DISPARAGING FALSE STATEMENT MADE BY MATTEL TOWARDS MGA?

11         MR. NOLAN:  YOUR HONOR, I THINK IT GOES --

12         IF I COULD.

13         THE CONTENTION WILL BE THAT MATTEL ENGAGED IN A

14  SERIES OF FALSE STATEMENTS TO THE PRESS WITH RESPECT TO THE

15  NATURE OF THE BUSINESS PRACTICES OF MGA, AND, IN PARTICULAR,

16  HOW IT RELATES TO THE MARKETING OF BRATZ.  THERE'S A CONTENTION

17  THAT BRATZ -- MGA WAS MISSTATING IN THE MARKETPLACE THE BREADTH

18  OF ITS SUCCESS, THE ORIGINALITY OF ITS DESIGN, THE SCOPE OF THE

19  MARKET SHARE THAT IT ENJOYED, AND ITS MARKET POSITION RELATING

20  TO MATTEL AT VARIOUS POINTS; ALL OF WHICH, WE BELIEVE, WERE

21  FALSE AND WERE INTENDED TO INJURE THE BRATZ LINE.

22         AND NOW YOU'RE GOING TO ASK, 'WELL, WHAT RELEVANCE

23  DOES THAT HAVE TO POSSIBLY' --

24         THE COURT:  THAT'S NOT GOING TO BE MY QUESTION.  MY

25  QUESTION GOES BACK TO -- YOU REFER TO A SERIES OF STATEMENTS,

1   AND I'M ASKING FOR ONE EXAMPLE OF ONE STATEMENT.

2        I SENSE, AND I'M GETTING AN APPRECIATION FOR, THE

3   FRUSTRATION THAT THE PLAINTIFF HAS IN ADDRESSING THIS

4   AFFIRMATIVE DEFENSE WITHOUT, AT THIS LATE DATE, HAVING

5   SPECIFICS.  FOR THE COURT TO BE ABLE TO DETERMINE WHETHER OR

6   NOT THIS IS LEGALLY A SUFFICIENT BASIS TO BRING THE UNCLEAN

7   HANDS DEFENSE, SPECIFICALLY IN THIS FIRST PHASE WHERE IT'S MORE

8   LIMITED AND THE NEXUS NEEDS TO BE MUCH MORE TIGHTER IN THE

9   CONTEXT OF THIS COPYRIGHT CLAIM FOR IT TO BE A COLORABLE

10  DEFENSE, IT WOULD BE EXTRAORDINARY HELPFUL TO KNOW EXACTLY WHAT

11  STATEMENTS WE'RE TALKING ABOUT.

12       **MR. NOLAN:**  I CAN APPRECIATE THAT, YOUR HONOR, AND I

13  APOLOGIZE FOR NOT BEING ABLE TO GIVE YOU THE DATE AND THE

14  SPECIFIC COMMENTS.  I CAN ONLY TALK ABOUT GENERALITIES.  BUT,

15  FRANKLY, THE POSITION THAT WE UNDERSTOOD --

16       **THE COURT:**  WHEN ARE WE GOING TO MOVE ON FROM THE

17  POINT WHERE WE CAN ONLY SPEAK ABOUT GENERALITIES?

18       **MR. NOLAN:**  YOUR HONOR, I THINK PART OF IT IS GOING

19  TO BE TRYING TO RESOLVE THE ISSUE OF THE INTERROGATORY RESPONSE

20  AND OUR COMING FORWARD AND GIVING EXAMPLES AS TO WHAT EVIDENCE

21  WE WILL BE RELYING ON, YOUR HONOR.

22       **THE COURT:**  BUT I TRUST YOU HAD THE EVIDENCE THAT

23  YOU'RE GOING TO RELY ON BEFORE YOU MADE THE DEFENSE.  YOU DON'T

24  MAKE THE DEFENSE AND THEN COME UP WITH THE EVIDENCE YOU'RE

25  GOING TO RELY ON.

1      MR. NOLAN:  OF COURSE, YOUR HONOR, AND I APOLOGIZE.

2   WE ARE IN THE CASE, WE'VE DONE AN AWFUL LOT OF WORK.  THE FACT

3   THAT I CAN'T GO FROM 'A' TO 'Z' ON SPECIFIC --

4      THE COURT:  I'M JUST ASKING FOR 'A,' COUNSEL; NOT 'A'

5   THROUGH 'Z.'

6      MR. NOLAN:  WELL, YOUR HONOR, I TALKED ABOUT THE

7   COMMENTS THAT WERE EMANATING FROM MATTEL IN THE MARKETPLACE

8   ABOUT MGA'S MISSTATEMENTS WITH RESPECT TO THE ORIGIN OF THE

9   BRATZ DOLL; FALSE STATEMENTS WITH RESPECT TO WHAT WE WERE DOING

10  IN CONNECTION WITH STEALING MATERIALS FROM MATTEL, TRADE

11  SECRETS; STATEMENTS WITH RESPECT TO -- OVER STATEMENTS BY MGA

12  WITH RESPECT TO THE SUCCESS IN THE MARKETPLACE; ALL OF WHICH

13  WAS DESIGNED TO CALL INTO QUESTION THE INTEGRITY OF THE BRATZ

14  MARKETING SCHEME.  NOT IN AN EFFORT, FRANKLY, TO COMPETE FAIRLY

15  WITH MGA, BUT, FRANKLY, TO PUT INTO THE MARKETPLACE, AND WITH

16  OTHER VENDORS, THE SUGGESTION THAT MGA WAS NOT PLAYING STRAIGHT

17  AND THAT VENDORS SHOULD NOT BE DEALING WITH MGA.

18      WE CAN LAY ALL OF THAT OUT.  IT WILL BE IN THE FORM

19  OF DISCOVERY.  WE HAVE PROVIDED A SUBSTANTIAL AMOUNT OF

20  INFORMATION ALREADY TO THEM IN TERMS OF RESPONDING TO

21  INTERROGATORIES, PRODUCTION OF DOCUMENTS, RFA'S.

22      THE COURT:  YOU COULD HAVE DONE THIS IN THE STATEMENT

23  OF GENUINE ISSUES IN RESPONSE TO THE MOTION FOR SUMMARY

24  JUDGMENT.  I LOOKED FOR THAT IN VAIN.  AN ALTERNATIVE MOTION

25  WAS BROUGHT SEEKING SUMMARY JUDGMENT ON THESE DEFENSES, AND I

1  HEARING, PARTICULARLY IN THE CONTEXT OF PHASE ONE, WHICH IS A

2  SLIGHTLY DIFFERENT STANDARD WITH RESPECT TO, AT LEAST, THE

3  UNCLEAN HANDS DEFENSE IN PHASE ONE.  BUT I'LL TAKE A LOOK AT

4  THAT, AND I'LL ISSUE SOMETHING IN WRITING SOON.

5          I DON'T WANT TO HOLD UP THE DISCOVERY PROCESS AT ALL,

6  SO LET'S GO AHEAD AND GET THIS INTERROGATORY SERVED.  LET'S

7  MEET AND CONFER ABOUT FURTHER INTERROGATORIES THAT MGA MIGHT

8  NEED, THAT CARTER BRYANT MIGHT NEED, WITH RESPECT TO THESE

9  AFFIRMATIVE DEFENSES, AND LET'S START SHOWING WHAT WE HAVE AND

10 MOVE THIS THING ALONG.  AS MR. NOLAN HAS REMINDED US ALL, WE

11 HAVE 57 DAYS UNTIL DISCOVERY ENDS.

12          THANK YOU, COUNSEL.

13

14

15

16

17

18                        CERTIFICATE

19

20  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
21  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
    ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
22  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.

23

24  _____        12-10-07
                                           _____
25  THERESA A. LANZA, CSR, RPR             DATE
    FEDERAL OFFICIAL COURT REPORTER

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT ___7___ PAGE __149__