1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:      tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, CA  94111-5974
7  Telephone:  (415) 984-6400
   Facsimile:   (415) 984-2698
8  Email:       rkennedy@skadden.com

9  Attorneys for MGA Entertainment, Inc.,
   MGA Entertainment (HK) Limited,
10 and Isaac Larian

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]<br><br>**MGA ENTERTAINMENT, INC.'S RESPONSE TO MATTEL, INC.'S (1) NOTICE OF WITHDRAWAL OF CONSENT TO CONTINUANCE OF MOTION TO COMPEL DEPOSITION OF MACHADO AND (2) REQUEST THAT MOTION TO COMPEL REMAIN ON CALENDAR FOR JANUARY 16, 2008**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>**Phase 1:**<br>Discovery Cut-Off:  January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:  May 27, 2008 |

MGA does not object to the Discovery Master hearing Mattel's Motion to Compel the deposition of Gustavo Machado on January 16, 2008, or any other date that is convenient for the Discovery Master and all parties.  MGA submits this response, however, to clarify for the Discovery Master and the record the events surrounding the cancellation of Mr. Machado's deposition that was set for January 15 and to set forth MGA's position on the re-scheduling of that deposition.

In late December 2007, counsel for MGA received Mattel's notice of deposition for Gustavo Machado stating that the deposition had been noticed for January 15, 2008.  (Declaration of Amy S. Park ("Park Decl.") ¶ 2.)  Although MGA is a party and is entitled to be present at Mr. Machado's deposition, MGA was not consulted with respect to the scheduling of that deposition.  (*Id.*)  MGA's counsel promptly contacted counsel for Mr. Machado and advised Mr. Machado's counsel that the January 15 date may not work for MGA.  (*Id.*)  MGA's counsel explained that Jack DiCanio is the Skadden, Arps attorney who is focused on the issues in this case that concern Mr. Machado and that Mr. DiCanio may not be available on January 15 due to commitments in another matter.  (*Id.*)  Mr. Machado's counsel agreed that they would accommodate Mr. DiCanio's schedule.  (*Id.*)

Jack DiCanio represents Gregory Reyes in the action captioned *United States v. Reyes*, Case No. C 06-00556-1 CRB, which is pending in the Northern District of California (San Francisco) before Judge Breyer.  (*Id.* ¶ 3.)  On or about December 20, 2007, Judge Breyer set a sentencing hearing for Mr. Reyes for January 16, 2008.  (*Id.*)  Mr. Reyes' reply to the Government's sentencing position is due on January 14, and Mr. DiCanio had scheduled to prepare in San Francisco on January 15 for the sentencing hearing set for the next day.  (*Id.*)  In the meantime, Skadden filed a motion for a new trial and request for an evidentiary hearing on Mr. Reyes' behalf, which motion was set to be heard on January 9.  (*Id.*)  If on January 9 the Court were to grant a new trial or the request for an evidentiary hearing, the sentencing hearing set for January 16 would have been moot or potentially continued.  (*Id.*)  Thus, until

January 9, it was uncertain whether Mr. DiCanio would be available to attend Mr. Machado's deposition on January 15. (*Id.*)

On January 9, Judge Breyer denied Mr. Reyes' motion for a new trial and evidentiary hearing. (*Id.* ¶ 4.) Accordingly, Mr. Reyes' sentencing hearing is set to proceed on January 16 as originally ordered. (*Id.*) On January 9, MGA's counsel informed Mr. Machado's counsel by email that Jack DiCanio would not be able to attend Mr. Machado's deposition that had been noticed for January 15. (*Id.* ¶ 5.) MGA's counsel understood and believed based on the parties' prior conversation that Mr. Machado's counsel would communicate that unavailability to Mattel and that the parties would coordinate to re-schedule the deposition for a mutually convenient date. (*Id.* ¶ 5.)

On the afternoon of January 11, MGA's counsel received an email sent from Mr. Machado's counsel to the Discovery Master's assistant requesting that the hearing on Mattel's motion to compel Mr. Machado's deposition be continued from January 16 to February 8 because the deposition would be proceeding on January 15 in Mexico and Mr. Machado's counsel would be traveling back to the United States at the time set for the January 16 hearing on Mattel's motion. (*Id.* ¶ 6.) That evening, MGA's counsel called Mr. Machado's counsel to inquire as to why they had stated that the deposition was proceeding on January 15 when MGA had advised that Mr. DiCanio was unavailable on that date. (*Id.*) Mr. Machado's counsel stated that he had misread MGA's email and that he mistakenly thought the email said that Mr. DiCanio *was* available. (*Id.*)

On January 12, MGA's counsel notified Mattel's counsel by email that Mr. DiCanio was the Skadden attorney responsible for covering Mr. Machado's deposition and that Mr. DiCanio was unavailable on January 15 due to his commitments in the Reyes case. (*Id.* ¶ 7.) MGA stated that the deposition would have to be re-scheduled and suggested that the deposition – which is clearly a Phase 2 deposition – could proceed following Phase 1 discovery. (*Id.*) Moments later, Mr.

Machado's counsel advised Mattel that, in light of MGA's unavailability, Mr. Machado's deposition was cancelled and would have to be rescheduled. (*Id.* Ex. A.) In a conference call on January 12, MGA's counsel again explained to Mattel the reason for the need to re-schedule Mr. Machado's deposition and stated that MGA would be willing to discuss re-scheduling the deposition. (*Id.* ¶ 8.)

Mattel contends that Mr. Machado's deposition must go forward immediately because Judge Larson "ordered" Mr. Machado to appear for deposition no later than January 28. (Mattel's Notice of Withdrawal of Consent at 2.) That is not the case. On January 8, Judge Larson issued a minute order granting Mattel's motion for leave to take additional discovery beyond the limit of 24 depositions. (Second Suppl. Corey Decl. Ex. 10 at 3.) Judge Larson's order did not compel Mr. Machado's deposition (or any other deposition), as Mattel suggests. Indeed, Mr. Machado was not even the subject of Mattel's motion. Rather Judge Larson's order (1) merely lifted the previously set numerical limit on depositions to permit Mattel to serve additional deposition notices for several individuals identified in Mattel's motion – which list did not include Mr. Machado, (2) refused to lift the temporal limit on Phase 1 depositions, and (3) directed counsel to cooperate in conducting the depositions by January 28. (*Id.*) Judge Larson's order further states that the Court would "consider a stipulation . . . that designates certain depositions as 'Phase 2' depositions that may be conducted during the month of February, if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1." (*Id.*)

MGA is willing to cooperate with counsel for Mattel and Mr. Machado so that Mr. Machado's deposition may proceed on a mutually convenient date for all parties. Because Mr. Machado is indisputably a Phase 2 witness, MGA suggests that it would

1  be appropriate to stipulate that his deposition would occur sometime in February,
2  consistent with the terms of Judge Larson's January 8 order.

Respectfully submitted,

Dated:  January 14, 2008   SKADDEN ARPS SLATE MEAGHER AND FLOM, LLP

By /s/ Raoul D. Kennedy
Raoul D. Kennedy
Attorneys for MGA ENTERTAINMENT, INC., ISAAC LARIAN,
MGA ENTERTAINMENT (HK) LIMITED, AND
MGAE de MEXICO S.R.L. de C.V.