THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892) (ATTORNEY TO BE NOTICED)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: rkennedy@skadden.com

Attorneys for MGA Entertainment, Inc.,
MGA Entertainment (HK) Limited,
and Isaac Larian

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]**<br><br>**DECLARATION OF AMY S. PARK IN SUPPORT OF MGA ENTERTAINMENT, INC.'S RESPONSE TO MATTEL, INC.'S (1) NOTICE OF WITHDRAWAL OF CONSENT TO CONTINUANCE OF MOTION TO COMPEL DEPOSITION OF MACHADO AND (2) REQUEST THAT MOTION TO COMPEL REMAIN ON CALENDAR FOR JANUARY 16, 2008**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>**Phase 1:**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

PARK DECLARATION

I, Amy S. Park, declare as follows:

1. I am a member of the Bar of the State of California, a partner in the firm of Skadden, Arps, Slate, Meagher & Flom LLP "Skadden"), and am one of the counsel of record for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian (collectively "MGA"). Except where otherwise indicated, I have personal knowledge of the following and, if called upon to do so, could competently testify as follows.

2. In late December 2007, my office received Mattel's notice of deposition for defendant Gustavo Machado stating that the deposition had been noticed for January 15, 2008. Although MGA is a party and is entitled to be present at Mr. Machado's deposition, my firm was not consulted with respect to the scheduling of that deposition. I promptly contacted Alex Cote, counsel for Mr. Machado, and advised Mr. Cote that the January 15 date may not work for MGA. I explained to Mr. Cote that Jack DiCanio is the Skadden, Arps attorney who is focused on the issues in this case that concern Mr. Machado and that Mr. DiCanio may not be available on January 15 due to commitments in another matter. Mr. Cote agreed that his firm would accommodate Mr. DiCanio's schedule.

3. My partner, Jack DiCanio, represents Gregory Reyes in the action captioned *United States v. Reyes*, Case No. C 06-00556-1 CRB, which is pending in the Northern District of California, in San Francisco, before Judge Breyer. On or about December 20, 2007, Judge Breyer set a sentencing hearing for Mr. Reyes for January 16, 2008. Mr. Reyes' reply to the Government's sentencing position is due on January 14, and Mr. DiCanio had scheduled to prepare in San Francisco on January 15 for the sentencing hearing set for the next day. In the meantime, Skadden filed a motion for a new trial and request for an evidentiary hearing on Mr. Reyes' behalf, which motion was set to be heard on January 9. If on January 9 the Court were to grant a new trial or the request for an evidentiary hearing, the sentencing hearing set for January 16 would have been moot or potentially continued. Thus,

1  until January 9, it was uncertain whether Mr. DiCanio would be available to attend
2  Mr. Machado's deposition on January 15.

3      4.    On January 9, Judge Breyer denied Mr. Reyes' motion for a new trial
4  and evidentiary hearing.  Accordingly, Mr. Reyes' sentencing hearing is set to
5  proceed on January 16 as originally ordered.

6      5.    On January 9, I informed Alex Cote by email that Mr. DiCanio would
7  not be able to attend Mr. Machado's deposition that had been noticed for January 15.
8  I understood and believed based on my prior conversation with Mr. Cote that Mr.
9  Cote would communicate that unavailability to Mattel and that the parties would
10 coordinate to re-schedule the deposition for a mutually convenient date.

11     6.    On the afternoon of January 11, I received an email sent from Mr. Cote
12 to Sandra Chan requesting that the hearing on Mattel's motion to compel Mr.
13 Machado's deposition be continued from January 16 to February 8 because the
14 deposition would be proceeding on January 15 in Mexico and Mr. Machado's
15 counsel would be traveling back to the United States at the time set for the January
16 16 hearing on Mattel's motion.  That evening, I called Mr. Cote to inquire as to why
17 he had stated that the deposition was proceeding on January 15 when I had advised
18 him that Mr. DiCanio was unavailable on that date.  Mr. Cote stated that he had
19 misread my email and that he mistakenly thought the email said that Mr. DiCanio
20 *was* available.

21     7.    On January 12, I notified Mattel's counsel, Michael Zeller, by email that
22 Mr. DiCanio was the Skadden attorney responsible for covering Mr. Machado's
23 deposition and that Mr. DiCanio was unavailable on January 15 due to his
24 commitments in the *Reyes* case.  In the email, I wrote that the deposition would have
25 to be re-scheduled and suggested that the deposition – which is clearly a Phase 2
26 deposition – could proceed following Phase 1 discovery.  Moments later, Mr.
27 Machado's counsel advised Mattel that, in light of Mr. DiCanio's unavailability, Mr.
28

1 | Machado's deposition was cancelled and would have to be rescheduled. Attached
2 | hereto as Exhibit A is a true and correct copy of that email.

3 |     8.    In a conference call on January 12, my partner, Tom Nolan, again
4 | explained to Mr. Zeller the reason for the need to re-schedule Mr. Machado's
5 | deposition and stated that MGA was willing to discuss re-scheduling the deposition
6 | with Mattel.

7 |     I declare under the penalty of perjury under the laws of the United States of
8 | America that the foregoing is true and correct.

9 |     Executed on January 14, 2008, at Palo Alto, California.

                                             /s/ Amy S. Park
                                             Amy S. Park