1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   MATTHEW M. WERDEGAR - #200470
5  mwerdegar@kvn.com
   710 Sansome Street
6  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
7  Facsimile:  (415) 397-7188

8  Attorneys for Plaintiff
   CARTER BRYANT

9

10                UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12                      EASTERN DIVISION

13

14  CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
                                           (consolidated with CV 04-9059 & 05-
                   Plaintiff,              2727
15
16        v.                               **DECLARATION OF CARTER
                                           BRYANT IN RESPONSE TO
17  MATTEL, INC. a Delaware                COURT'S REQUEST FOR
    Corporation,                           INFORMATION REGARDING
                                           DOCUMENT PRESERVATION**
18                 Defendant.
                                           Dept:       Courtroom 1
19                                         Judge:      Hon. Stephen G. Larson
20  CONSOLIDATED WITH MATTEL,
    INC., v. BRYANT and MGA                Date Comp. Filed:  April 13, 2005
21  ENTERTAINMENT, INC. v.
    MATTEL, INC.                           Discovery Cut-Off:  Jan. 28, 2008
                                           Pre-Trial Conference:  May 5, 2008
22                                         Trial Date:  May 27, 2008

23

24

25

26

27

28

1    I, CARTER BRYANT, declare and state that:

2    1.    I am an individual residing in Missouri, and a party to this litigation.

3    All of the facts set forth herein are known to me personally, except for those stated

4    on information and belief, and, if called as a witness, I could and would testify

5    competently thereto.

6    2.    I submit this declaration in response to the Court's January 8, 2008

7    Order that I provide "a factual description of [my] preservation efforts, policies,

8    customs, and/or practices with respect to potentially discoverable documents

9    related to the present litigation."

10    3.    Since the outset of this litigation, I have sought to retain everything in

11    my possession that relates to Bratz, my employment by Mattel, and my work as an

12    independent contractor for MGA.  I have repeatedly made all of my documents and

13    physical items available to my counsel, and have turned over to counsel everything

14    that is conceivably relevant to this lawsuit.  I understand my obligation to preserve

15    all relevant evidence, and have not to my knowledge discarded, destroyed, or

16    disposed of any relevant evidence.

17    4.    Specifically, my counsel and their consultants have on at least five

18    separate occasions traveled to my home and office (which is located at my home)

19    in Springfield, Missouri to examine and collect documents and exhibits.

20    5.    On May 18 and 19th, 2004, attorney Robert Millman of Littler,

21    Mendelson, along others, spent two days collecting documents at my home and

22    office, and transported those documents to California.  Those documents included

23    all of my hardcopies of contracts, agreements, correspondence, and the like

24    relating to my employment at Mattel and my work with MGA.  All of those

25    materials had been stored at my home prior to that time, and have remained in the

26    possession of my attorneys (initially Littler Mendelson and later Keker & Van

27    Nest) since May 19, 2004.

28    6.    On July 11 and 12, 2005, Dominic Messiha and Lena Sims of Littler

1

409252.01

1   Mendelson again visited my home/office to collect all Bratz-related and Mattel-

2   related artwork and objects, which they transported to California. All of those

3   materials had been stored at my home prior to that time, and have remained in the

4   possession of my attorneys (initially Littler Mendelson and later Keker & Van

5   Nest) since July 12, 2005.

6       7.    On March 3, 4, and 5, 2007, Diba Rastigar of Littler Mendelson

7   visited my home/office to collect drawings, correspondence, and physical objects

8   related to my work on later Bratz dolls and accessories, in order to respond to

9   subsequent discovery requests and orders. All of those materials had been stored

10  at my home prior to that time, and have remained in the possession of my attorneys

11  (initially Littler Mendelson and later Keker & Van Nest) since March 5, 2007.

12      8.    On January 2 and 3, 2008, Audrey Walton-Hadlock of Keker & Van

13  Nest visited my home and office and conducted another search for any responsive

14  objects and documents. That search included a thorough search of my workshop

15  and office for any addition or new physical objects and drawings created since the

16  prior collections, as well as a search of my paper files and computers for any

17  responsive documents, correspondence, and email. All of those materials were

18  shipped to counsel's offices in California on January 4, 2008, and remain in the

19  possession of Keker & Van Nest.

20      9.    Prior to the outset of this lawsuit, I owned two personal computers

21  which I used in connection with my work with MGA. One was an HP Pavilion

22  desktop computer which I acquired on October 21, 2000. I used this computer

23  until sometime in mid-2002, after which it sat unused at my home. In October

24  2003, my niece Brooke was attending college, and her computer died. I gave her

25  the old HP Pavilion computer.

26      10.   In late 2001 or early 2002, I purchased a Compaq Presario 2700

27  laptop computer, which both I and my partner Richard Irmen used.

28      11.   On July 24, 2004, at the direction of my counsel, a technician from

2

409252.01

CoreFacts visited my home/office for the purposed of taking complete forensic images of my computers.  We borrowed the HP Pavilion back from Brooke Gilbert, took a forensic image of its contents, and then returned it to her. CoreFacts also took a forensic image of the Compaq laptop.  My counsel (initially Littler Mendelson and later Keker & Van Nest) thereafter took possession of the laptop.

12.    On March 8, 2007, technicians from AON collected and took forensic images of three computers I had used since the imaging in July, 2004, and provided those images to my counsel (initially Littler Mendelson and later Keker & Van Nest).

13.    I do not have any computers, files, materials, or other documents or things, at any location, that have not been provided to counsel for inspection.

14.    I am informed and believe that all of my files from the former firm of Pretty & Schroeder, which represented me in the past, were provided to and reviewed by my former counsel Littler & Mendelson.

15.    I am informed and believe that all of my files and documents that were in the possession of Littler & Mendelson have been transferred to my current counsel Keker & Van Nest.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on January 14, 2008, at Springfield, Missouri.

CARTER BRYANT