QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
   (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
   (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
   (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> MATTEL, INC., a Delaware corporation, <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx) <br><br> Consolidated with <br> Case No. CV 04-09059 <br> Case No. CV 05-02727 <br><br> NOTICE OF DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) |

07975/2280277.2

NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT __3__ PAGE __40__

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that on _____, 200_ beginning at

3   9:30 a.m. Mattel, Inc. ("Mattel") will take the deposition upon oral examination of

4   defendant MGAE de Mexico, S.R.L. de C.V. at the offices of Quinn Emanuel

5   Urquhart Oliver & Hedges LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles,

6   CA 90017.  Pursuant to Fed. R. Civ. P. 30(b)(6), MGAE de Mexico, S.R.L. de C.V.

7   shall designate one or more officers, directors, managing agents or other persons

8   who consent to testify on its behalf concerning each of the topics set forth in

9   Exhibit A hereto.

10        PLEASE TAKE FURTHER NOTICE that the deposition will take

11   place before a duly authorized notary public or other officer authorized to administer

12   oaths at depositions, and will continue from day to day, Sundays, Saturdays and

13   legal holidays excepted, until completed.

14        PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

15   P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

16   Livenote or other technology for real-time transcription of the testimony.

17

18   DATED:  December___, 2007      QUINN EMANUEL URQUHART OLIVER &
                               HEDGES, LLP

19

20                    By_____

21                     Jon Corey
                    Attorneys for Mattel, Inc.

22

23

24

25

26

27

28

07975/2280277.2

-1-

NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT __3__ PAGE __41__

# **EXHIBIT A**

1.      "YOU," "YOUR" or "MGA" means MGAE de Mexico, S.R.L. de C.V., any of its current or former employees (including but not limited to MACHADO, TRUEBA and VARGAS) , officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.      "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

3.      "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or DESIGNS or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.  Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Topics of Examination herein.

07975/2280277.2

-2-

EXHIBIT __3__ PAGE __42__

1        4.    "DESIGN" or "DESIGNS" means any and all representations,

2    whether two-dimensional or three-dimensional, and whether in tangible, digital,

3    electronic or other form, including but not limited to all works, designs, artwork,

4    sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

5    diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

6    practice, developments, inventions and/or improvements, as well as all other items,

7    things and DOCUMENTS in which any of the foregoing are or have been

8    expressed, embodied, contained, fixed or reflected in any manner, whether in whole

9    or in part.

10       5.    "BRATZ DOLL" means any doll that is or has ever been

11   distributed, marketed, sold or offered for sale under the name "Bratz" or as part of

12   the "Bratz" line.

13       6.    "BRATZ PRODUCT" means any product, whether two-

14   dimensional or three-dimensional, and whether in tangible, digital, electronic or

15   other form: (i) that is or has ever been distributed, marketed or sold under the name

16   "Bratz" or as part of the "Bratz" line; (ii) depicts, incorporates, embodies, consists of

17   or REFERS OR RELATES TO BRATZ; and/or (iii) that is or has ever been

18   distributed, marketed or sold in any packaging that includes the name "Bratz" or

19   depicts, incorporates, embodies, consists of or REFERS OR RELATES TO

20   BRATZ.

21       7.    "BRATZ LICENSE" means any license that REFERS OR

22   RELATES TO any BRATZ PRODUCT.

23       8.    "SYSTEM" or "SYSTEMS" means any computer or network of

24   computers or other network devices that allow a two or more computers to share

25   information and equipment, including but not limited to local area networks, wide area

26   networks, storage area networks, client-server networks or peer-to-peer networks. The

27   use of the term "SYSTEM" or "SYSTEMS" also includes the brand, model number,

28

07975/2280277.2

-3-

NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT ___3___ PAGE __43__

1  technical specifications, and capacities of the computers who are part of each such

2  SYSTEM.

3       9.    "DIGITAL INFORMATION" means any information created or

4  stored digitally, including but not limited to electronically, magnetically or optically.

5       10.   "ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-

6  9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated

7  therewith.

8       11.   "IDENTITY" means the following:

9            (a)    with reference to an individual or individuals, means to

10 state, fully and separately as to each, such individual's full name, any known

11 business title, current or last known business affiliation, current or last known

12 residential address, current or last known business address, current or last known

13 relationship to MGA, and current or last known telephone number.

14           (b)    with reference to an entity or entities, means to state, fully

15 and separately as to each, such entity's full name, state (or country) of incorporation

16 or organization, present or last known address, and present or last known telephone

17 number.

18           (c)    with reference to any other DOCUMENT or

19 DOCUMENTS, means to describe each DOCUMENT by Bates number.  In the

20 event that a DOCUMENT does not have a Bates number, IDENTITY means, with

21 respect to each such DOCUMENT, to provide a complete description of it such that

22 it may be the subject of a request for the production of documents, including by

23 stating the date, IDENTITY of the author, addressee(s), signatories, parties, or other

24 PERSONS identified therein, its present location or custodian and a description of

25 its contents.

26       12.   "RELATING TO" or "REFERS OR RELATES TO" means

27 constituting, embodying, containing, referring to, commenting on, evidencing,

28 regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to,

07975/2280277.2

-4-

NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT __3__ PAGE __44__

1  concerning, supporting, contradicting, negating, revoking or otherwise relating to in

2  any manner.

3         13.    "COMMUNICATION," in the plural as well as the singular,

4  means any transmittal and/or receipt of information, whether such was oral or

5  written, and whether such was by chance, prearranged, formal or informal, and

6  specifically includes, but is not limited to, conversations in person, telephone

7  conversations, electronic mail (including instant messages and text messages),

8  voicemail, letters, memoranda, statements, media releases, magazine and newspaper

9  articles, and video and audio transmissions.

10         14.    "DOCUMENT" means all "WRITINGS" and "RECORDINGS"

11  as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and

12  Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all

13  writings and records of every type and description including, but not limited to,

14  contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic

15  mail ("e-mail"), records of telephone conversations, handwritten and typewritten

16  notes of any kind, statements, reports, minutes, recordings, transcripts and

17  summaries of meetings, voice recordings, pictures, photographs, drawings,

18  computer cards, tapes, discs, printouts and records of all types, studies, instruction

19  manuals, policy manuals and statements, books, pamphlets, invoices, canceled

20  checks and every other device or medium by which or through which information of

21  any type is transmitted, recorded or preserved.  Without any limitation on the

22  foregoing, the term "DOCUMENT" shall include all copies that differ in any respect

23  from the original or other versions of the DOCUMENT, including, but not limited

24  to, all drafts and all copies of such drafts or originals containing initials, comments,

25  notations, insertions, corrections, marginal notes, amendments or any other variation

26  of any kind.

27         15.    "PERSON" or "PERSONS" means all natural persons,

28  partnerships, corporations, joint ventures and any kind of business, legal or public

07975/2280277.2

-5-
NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT   3   PAGE   45

1   entity or organization, as well as its, his or her agents, representatives, employees,

2   officers and directors and any one else acting on its, his or her behalf, pursuant to

3   its, his or her authority or subject to its, his or her control.

4       16.   "LARIAN" means Isaac Larian, and all of his past or present

5   employees, officers, agents, representatives, attorneys, consultants, independent

6   contractors, any predecessors or successors in interest, and any other PERSON

7   acting on his behalf, pursuant to his authority or subject to his control.

8       17.   "MACHADO" means Carlos Gustavo Machado Gomez, and all

9   of his current or former employees, agents, representatives, attorneys, accountants,

10   vendors, consultants, independent contractors, predecessors-in-interest and

11   successors-in-interest, and any other PERSON acting on his behalf, pursuant to his

12   authority or subject to his control.

13       18.   "TRUEBA" means Mariana Trueba Almada, and all of her

14   current or former employees, agents, representatives, attorneys, accountants,

15   vendors, consultants, independent contractors, predecessors-in-interest and

16   successors-in-interest, and any other PERSON acting on her behalf, pursuant to her

17   authority or subject to her control.

18       19.   "VARGAS" means Pablo Vargas San Jose, and all of his current

19   or former employees, agents, representatives, attorneys, accountants, vendors,

20   consultants, independent contractors, predecessors-in-interest and successors-in-

21   interest, and any other PERSON acting on his behalf, pursuant to his authority or

22   subject to his control.

23       20.   "FORMER MATTEL EMPLOYEES" means any former

24   MATTEL employee who left MATTEL to join YOU, including but not limited to

25   MACHADO, TRUEBA and VARGAS.

26       21.   The singular form of a noun or pronoun includes within its

27   meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of

28   the masculine form of a pronoun also includes within its meaning the feminine form

-6-
NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT ___3___ PAGE __4 6__

1  of the pronoun so used, and *vice versa*; the use of any tense of any verb includes

2  also within its meaning all other tenses of the verb so used, whenever such

3  construction results in a broader request for information; and "and" includes "or"

4  and *vice versa*, whenever such construction results in a broader disclosure of

5  documents or information.

### Topics of Examination

7      1.     YOUR knowledge of any MATTEL product prior to the time

8  that such product had been announced or disclosed by MATTEL to retailers or the

9  public.

10     2.     YOUR receipt, reproduction, copying, storage, transmission,

11 transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or

12 information, including but not limited to any compilation of information, that was

13 prepared, made, created, generated, assembled or compiled by or for MATTEL and

14 that was not publicly available at the time of YOUR receipt of such DOCUMENT,

15 data and/or information.

16     3.     YOUR receipt, reproduction, copying, storage, transmission,

17 transfer, retention, destruction, deletion or use of any MATTEL line list or other

18 DOCUMENT prepared by MATTEL identifying MATTEL products in the planning,

19 design or development phase.

20     4.     The hiring, engagement or retention by YOU of any current or

21 former MATTEL employee or contractor, including but not limited to the terms of

22 all employment agreements and agreements RELATING TO confidentiality or the

23 invention, authorship, or ownership of any concept or product.

24     5.     The seizure of DOCUMENTS by Mexican authorities from

25 YOUR office in Mexico City, Mexico, including but not limited to the IDENTITY

26 of such DOCUMENTS and YOUR PRESERVATION of any MATTEL authored

27 DOCUMENT after the execution of the search warrant by Mexican authorities.

28

-7-

NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT __3__ PAGE __47__

1    6.    COMMUNICATIONS RELATING TO the search of YOUR

2    office in Mexico City, Mexico that was conducted by Mexican authorities.

3    7.    The IDENTITY of all DOCUMENTS received by YOU, directly

4    or indirectly, from any FORMER MATTEL EMPLOYEE authored by or for the

5    benefit of MATTEL, or RELATING TO MATTEL or any MATTEL product, plan,

6    client, customer, current or former MATTEL employee, sales, advertising,

7    marketing, analysis, tool or procedure.

8    8.    COMMUNICATIONS with any PERSON RELATING TO

9    YOUR receipt, reproduction, copying, storage, transmission, transfer, retention,

10   destruction, deletion or use of any DOCUMENTS, data and/or information,

11   including but not limited to any compilation of information, that was prepared,

12   made, created, generated, assembled or compiled by or for MATTEL and that YOU

13   received, directly or indirectly, from any FORMER MATTEL EMPLOYEE.

14   9.    COMMUNICATIONS between YOU and any of the FORMER

15   MATTEL EMPLOYEES prior to April 20, 2004, including without limitation any

16   and all DOCUMENTS any of the FORMER MATTEL EMPLOYEES transmitted

17   to or shared with YOU prior to April 20, 2004.

18   10.    COMMUNICATIONS between YOU and any of the FORMER

19   MATTEL EMPLOYEES RELATING TO MATTEL or any MATTEL product,

20   potential product, business plan, line list, DOCUMENT or pricing.

21   11.    COMMUNICATIONS between any of the FORMER MATTEL

22   EMPLOYEES and LARIAN, Thomas Park and/or Susanna Kuemmerle prior to

23   April 20, 2004.

24   12.    Travel to Los Angeles, California by any of the FORMER

25   MATTEL EMPLOYEES between January 1, 2004 and April 20, 2004.

26   13.    The content, meaning and authenticity of e-mail messages,

27   including attachments and metadata, sent from or received by YOU to or from the e-

28   mail address <plot04@aol.com>.

-8-

NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

07975/2280277.2

EXHIBIT __3__ PAGE __48__

14.  The content, meaning and authenticity of e-mail messages, including attachments and metadata, sent from or received at the e-mail address <argentrade@aol.com> to or from the e-mail address <plot04@aol.com>.

15.  The content, meaning and authenticity of e-mail messages, including attachments and metadata, sent from or received at the e-mail address <argentrade@aol.com> to or from any of the FORMER MATTEL EMPLOYEES.

16.  COMMUNICATIONS RELATING TO YOUR market planning and product development RELATING TO the toy market in Mexico prepared, created, sent or transmitted, whether in whole or in part, by MACHADO, TRUEBA and/or VARGAS at any time prior to April 30, 2005.

17.  COMMUNICATIONS between YOU and any PERSON RELATING TO the departure or resignation from MATTEL of any current or FORMER MATTEL EMPLOYEE or MATTEL contractor.

18.  The job responsibilities of each FORMER MATTEL EMPLOYEE in the first six months after each joined MGA.

19.  The content, meaning and authenticity of each personnel file maintained or created by YOU RELATING TO any FORMER MATTEL EMPLOYEE.

20.  Any and all agreements between YOU and any of the FORMER MATTEL EMPLOYEES, including all drafts of such agreements and COMMUNICATIONS related thereto.

21.  Compensation, money or any other item of value paid by YOU to any FORMER MATTEL EMPLOYEE, whether directly or indirectly, or paid to any PERSON for the benefit of or RELATING TO any FORMER MATTEL EMPLOYEE.

22.  Any promotions, raises, bonuses, monetary incentives, payments, awards, transfers, warnings, admonishment, discipline, reprimands, demotions or

07975/2280277.2

-9-

EXHIBIT  3   PAGE  49

1  terminations of or received by any of the FORMER MATTEL EMPLOYEES while

2  employed by YOU.

3      23.    Any agreements, contracts, offers, promises, proposals or requests

4  RELATING TO the indemnification of or by any of the FORMER MATTEL

5  EMPLOYEES or the payment of legal fees by or for any of the FORMER MATTEL

6  EMPLOYEES.

7      24.    COMMUNICATIONS between YOU and any PERSON

8  RELATING TO the obligations to MATTEL, including the duty of confidentiality,

9  of any current or FORMER MATTEL EMPLOYEE or MATTEL contractor.

10     25.    COMMUNICATIONS between YOU and any current or

11 FORMER MATTEL EMPLOYEE or MATTEL contractor RELATING TO the

12 ownership of, or any right, title or interest in, any idea, concept, design, or product.

13     26.    COMMUNICATIONS between YOU and any PERSON

14 RELATING TO the retention, destruction, transfer, or use of any information or

15 DOCUMENTS known to or possessed by any current or former MATTEL

16 employee or contractor.

17     27.    The IDENTITY of DOCUMENTS that YOU have reason to

18 believe were created by or originated from MATTEL, other than MATTEL products

19 that YOU purchased at retail at any time since January 1, 2004.

20     28.    The development of MGA's 2005 product line, including the

21 IDENTITY of each person who participated in the decision making leading up to

22 such product line.

23     29.    The development of MGA's 2006 product line, including the

24 IDENTITY of each person who participated in the decision making leading up to

25 such product line.

26     30.    Any warning, admonition, discipline or other adverse

27 employment action by YOU RELATING TO any of YOUR current or former

28

07975/2280277.2

EXHIBIT __3__ PAGE __50__

1  employees for using a competitor's confidential or proprietary information, trade
2  secrets or intellectual property.

3        31.    YOUR policies or procedures regarding the use or prohibition of
4  use of an competitor's confidential or proprietary information, trade secrets or
5  intellectual property.

6        32.    YOUR efforts to maintain the secrecy of YOUR claimed trade
7  secrets and the date YOU started such efforts.

8        33.    Any failures to comply with YOUR efforts to maintain the
9  secrecy of YOUR trade secrets, and any violations of YOUR policies or procedures
10  with respect to the maintenance of the secrecy of YOUR trade secrets.

11        34.    The IDENTITY of each individual who has failed to comply with or
12  violated YOUR policies and procedures to maintain the secrecy of YOUR trade secrets.

13        35.    Any alleged failures of MATTEL to maintain the secrecy of its trade
14  secrets.

15        36.    COMMUNICATIONS between YOU and any individual while
16  the individual was employed by MATTEL.

17        37.    The factual bases for YOUR affirmative defenses.

18        38.    The product name, product number and SKU of each BRATZ
19  PRODUCT, including without limitation each BRATZ DOLL, sold by YOU or
20  YOUR licensees, and the number of units of each sold by YOU or YOUR licensees.

21        39.    YOUR cost of goods sold, unit cost and other costs for each
22  BRATZ PRODUCT, including without limitation BRATZ DOLLS, sold by YOU or
23  YOUR licensees.

24        40.    YOUR revenues and profits, including gross, net and incremental
25  profits, from the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

26        41.    The number of units of each BRATZ PRODUCT sold by YOU
27  or YOUR licensees, the identity of each customer to whom YOU or YOUR

28

-11-
NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT __3__ PAGE __51__

1   licensees have ever sold any BRATZ PRODUCT, and the revenues and profits that

2   YOU have earned therefrom by customer.

3        42.   Customer returns to YOU of BRATZ PRODUCTS, including

4   without limitation BRATZ DOLLS, sold or distributed by YOU or YOUR licensees.

5        43.   Customer rebates or credits given by YOU or YOUR licensees to

6   customers in connection with BRATZ PRODUCTS, including without limitation

7   BRATZ DOLLS.

8        44.   YOUR cost allocation procedures.

9        45.   YOUR sales, profit and cash flow projections or forecasts for

10   BRATZ PRODUCTS, including without limitation BRATZ DOLLS.

11        46.   The BRATZ DOLLS' share of the fashion doll market in Mexico

12   including, without limitation, the extent to which BRATZ has been or is gaining or

13   losing market share in the Mexico fashion doll market.

14        47.   YOUR net worth on a yearly basis from January 1, 2004 to the

15   present.

16        48.   YOUR monthly, quarterly and annual financial reports, including

17   financial statements (both audited and unaudited) from January 1, 2004 through the

18   present, inclusive.

19        49.   YOUR tax returns from January 1, 2004 to the present, including

20   all schedules and work papers RELATING TO their preparation and filing.

21        50.   YOUR corporate structure since January 1, 2004, including without

22   limitation YOUR relationship with MGA Entertainment, Inc., to MGA Entertainment

23   Mexico, Inc. and the IDENTITY of YOUR officers, directors, shareholders and

24   employees.

25        51.   The retention or destruction policies, procedures and practices for

26   YOUR DOCUMENTS and DIGITAL INFORMATION that REFER OR RELATE TO

27   BRATZ since January 1, 2004, including without limitation the retention or destruction

28

07975/2280277.2

**EXHIBIT _3_ PAGE _52_**

1    of DOCUMENTS and DIGITAL INFORMATION when (a) hardware is replaced,

2    modified or upgraded and (b) when PERSONS leave YOUR employ.

3        52.    The preservation, collection, destruction, removal, transfer, loss or

4    impairment of YOUR DOCUMENTS and DIGITAL INFORMATION in connection

5    with the ACTION and/or any DOCUMENTS requested by MATTEL in the ACTION.

6        53.    The preservation, collection, destruction, removal, transfer, loss or

7    impairment of YOUR DOCUMENTS and DIGITAL INFORMATION since January 1,

8    2004 that REFER OR RELATE TO MATTEL (including without limitation to any

9    MATTEL product, plan or information) that YOU received in any manner from any

10   PERSON who was at the time an employee of MATTEL or who had previously been

11   an employee of MATTEL.

12       54.    YOUR DIGITAL INFORMATION data backup policies, practices

13   and procedures from January 1, 2004 to the present, including without limitation the

14   location and specifications of any media used to preserve YOUR DIGITAL

15   INFORMATION and the software, if any, used to preserve YOUR DIGITAL

16   INFORMATION.

17       55.    The DIGITAL INFORMATION SYSTEMS and the application

18   software that YOU have used since January 1, 2004 that REFER OR RELATE TO

19   design, development, planning, inventory, manufacturing, sales, shipping and

20   accounting, including without limitation the common or shared storage for such

21   DIGITAL INFORMATION SYSTEMS, remote access of such DIGITAL

22   INFORMATION SYSTEMS, and any changes, modifications or upgrades to such

23   DIGITAL INFORMATION SYSTEMS or application software.

24       56.    The IDENTITY of PERSONS, including without limitation

25   vendors, who since January 1, 2004 have been responsible for or supported YOUR

26   DIGITAL INFORMATION SYSTEMS, including without limitation the IDENTITY of

27   such PERSON who serviced or provided hardware for YOUR DIGITAL

28   INFORMATION SYSTEMS, hosted, stored, archived or maintained YOUR DIGITAL

-13-

EXHIBIT ___3___ PAGE ___53___

1  INFORMATION, including but not limited to internet service providers, and provided

2  analytical, training or implementation services with respect to YOUR DIGITAL

3  INFORMATION SYSTEMS.

4       57.   The electronic messaging SYSTEMS used by YOUR employees

5  within the scope of their employment between January 1, 2004 and the present,

6  including but not limited to electronic mail, instant messenger, telephone or voice-mail,

7  and the routing of such electronic messages to, from or within MGA.

8       58.   YOUR policies, practices and procedures regarding the use of

9  transportable media that contain or are capable of containing DIGITAL

10  INFORMATION, including but not limited to floppy discs, compact discs, DVDs, USB

11  drives, portable hard drives, digital cameras and personal digital assistants.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07975/2280277.2

-14-
NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT __3__ PAGE __54__

**Exhibit B**

EXHIBIT ___3___ PAGE 55

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> MATTEL, INC., a Delaware corporation, <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx) <br><br> Consolidated with <br> Case No. CV 04-09059 <br> Case No. CV 05-02727 <br><br> **FOURTH NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)** <br><br> Discovery Cut-off: January 14, 2008 <br> Pre-trial Conference: April 7, 2008 <br> Trial Date: April 29, 2008 |

07209/2254636.1

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT ___3___ PAGE ___56___

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on _____, beginning at 9:30 a.m. Mattel, Inc. ("Mattel") will take the deposition upon oral examination of defendant MGA Entertainment, Inc. at the offices of Quinn Emanuel Urquhart Oliver & Hedges LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017. Pursuant to Fed. R. Civ. P. 30(b)(6), MGA Entertainment, Inc. shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning each of the topics set forth in Exhibit A hereto.

PLEASE TAKE FURTHER NOTICE that the deposition will take place before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Sundays, Saturdays and legal holidays excepted, until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use Livenote or other technology for real-time transcription of the testimony.

DATED: _____     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By_____
   Jon Corey
   Attorneys for Mattel, Inc.

07209/2254636.1

-1-

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT ___3___ PAGE ___57___

## EXHIBIT A

1.      "YOU," "YOUR" or "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.      "BRYANT" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint venturers, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.      "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

4.      "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. As used herein, "product, doll or DESIGNS or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence

-2-

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT ___3___ PAGE ___58___

1   that is the subject of, or otherwise relevant or responsive to, the Topics of Examination
2   herein.

3          5.      "DESIGN" or "DESIGNS" means any and all representations,
4   whether two-dimensional or three-dimensional, and whether in tangible, digital,
5   electronic or other form, including but not limited to all works, designs, artwork,
6   sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
7   diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
8   practice, developments, inventions and/or improvements, as well as all other items,
9   things and DOCUMENTS in which any of the foregoing are or have been expressed,
10  embodied, contained, fixed or reflected in any manner, whether in whole or in part.

11         6.      "THE BRATZ PITCH MATERIALS" means each and every
12  BRATZ WORK which was displayed, shown, provided, or offered to YOU on or
13  before the date on which YOU executed the BRYANT/MGA AGREEMENT.

14         7.      "BRYANT/MGA AGREEMENT" means the written agreement
15  between CARTER BRYANT and MGA dated as of September 18, 2000, produced as
16  BRYANT 00794-00799, and any other version or versions thereof.

17         8.      "CREATE OR IMPROVE" or "CREATED OR IMPROVED," in
18  the context of a BRATZ WORK or BRATZ WORKS, means to create, improve,
19  develop, modify, alter, conceive, reduce to practice, or otherwise work on the BRATZ
20  WORK or BRATZ WORKS.

21         9.      "IDENTIFY" or "IDENTITY" means the following:

22         (a)     With reference to an individual, means such individual's
23  name, current or last known business title, current or last known business affiliation,
24  current or last known relationship to YOU, current or last known residential and
25  business address, and current or last known telephone number.

26         (b)     With reference to an entity or governmental organization,
27  means such entity's or organization's name, present or last-known address, and present

28

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT ___3___ PAGE ___59___

1   or last-known telephone number and the IDENTITY of each individual who has served

2   or participated as a contact for or on behalf of such entity or organization.

3        (c)    With reference to an account with a bank or financial

4   institution, means the name and address of the bank or financial institution, the account

5   number(s) for or otherwise associated with such account and the name of each holder,

6   including without limitation each beneficial holder, of each such account.

7        (d)    With reference to a STORAGE DEVICE, means the

8   manufacturer name, brand, model name and number, serial number and all other

9   manufacturer identifiers, and the technical specifications and capacities of such

10  STORAGE DEVICE.

11       10.   "DIGITAL INFORMATION" means any information created or

12  stored digitally, including but not limited to electronically, magnetically or optically.

13       11.   "STORAGE DEVICE" means any computer hard drive, memory,

14  USB device, tape, storage array or any other device or medium that allows a user,

15  whether permanently, temporarily or otherwise, to create, generate, transmit, copy,

16  retain, store or maintain DIGITAL INFORMATION.

17       12.   "GLASER LETTER" means the letter sent from Patricia L. Glaser

18  to John B. Quinn, dated July 5, 2007.

19       13.   "REFER OR RELATE TO" means constituting, embodying,

20  containing, referring to, commenting on, evidencing, regarding, discussing, describing,

21  mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting,

22  negating, revoking or otherwise relating to in any manner.

23       14.   "COMMUNICATION," in the plural as well as the singular, means

24  any transmittal and/or receipt of information, whether such was oral or written, and

25  whether such was by chance, prearranged, formal or informal, and specifically includes,

26  but is not limited to, conversations in person, telephone conversations, electronic mail

27  (including instant messages and text messages), voicemail, letters, memoranda,

28

07209/2254636.1

-4-

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT __3__ PAGE __60__

1   statements, media releases, magazine and newspaper articles, and video and audio
2   transmissions.

3          15.   "EMBODIMENT" means any representation of the identified
4   product or its retail packaging, whether two-dimensional or three-dimensional, and
5   whether in tangible, digital, electronic or other form, including but not limited to all
6   works, designs, artwork, sketches, drawings, illustrations, representations, depictions,
7   blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,
8   reductions to practice, developments, inventions and/or improvements, as well as all
9   other items, things and DOCUMENTS in which any of the foregoing are or have been
10  expressed, embodied, contained, fixed or reflected in any manner, whether in whole or
11  in part.

12         16.   "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as
13  those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and
14  Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings
15  and records of every type and description including, but not limited to, contracts,
16  agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"),
17  records of telephone conversations, handwritten and typewritten notes of any kind,
18  statements, reports, minutes, recordings, transcripts and summaries of meetings, voice
19  recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and
20  records of all types, studies, instruction manuals, policy manuals and statements, books,
21  pamphlets, invoices, canceled checks and every other device or medium by which or
22  through which information of any type is transmitted, recorded or preserved. Without
23  any limitation on the foregoing, the term "DOCUMENT" shall include all copies that
24  differ in any respect from the original or other versions of the DOCUMENT, including,
25  but not limited to, all drafts and all copies of such drafts or originals containing initials,
26  comments, notations, insertions, corrections, marginal notes, amendments or any other
27  variation of any kind.

28

EXHIBIT   3   PAGE   61

1      17.   "PERSON" or "PERSONS" means all natural persons, partnerships,

2   corporations, joint ventures and any kind of business, legal or public entity or

3   organization, as well as its, his or her agents, representatives, employees, officers and

4   directors and any one else acting on its, his or her behalf, pursuant to its, his or her

5   authority or subject to its, his or her control.

6      18.   "CONTESTED MGA PRODUCTS" means the CONTESTED

7   BRATZ DOLLS PRODUCTS, the CONTESTED BRATZ PETZ PRODUCTS, the

8   CONTESTED BRATZ FUNKY FASHION MAKEOVER HEAD, the CONTESTED

9   4-EVER BEST FRIENDS PRODUCTS, the CONTESTED MOMMY'S LITTLE

10  DOLL PRODUCTS, and the CONTESTED ALIENRACERS PRODUCTS, and any

11  other doll, product, toy, packaging, advertisement or other matter that, in whole or in

12  part, provides a basis for any claim or defense by YOU against MATTEL.

13     19.   "CONTESTED BRATZ DOLLS PRODUCTS" means any of the

14  following that provides a basis for any claim by YOU against MATTEL:  (i) any

15  EMBODIMENT or project ever known by the name "Bratz" or any derivative thereof

16  (whether in whole or in part and regardless of what such EMBODIMENT or project is

17  or has been also, previously or subsequently called) and any doll or any portion thereof

18  that is now or has ever been known as, or sold, offered for sale, licensed, offered for

19  license or marketed under, the name or term "Bratz" or any derivative thereof (whether

20  in whole or in part and regardless of what such doll is or has been also, previously or

21  subsequently called), and all prototypes, models, samples and versions of such

22  EMBODIMENT, doll or any portion thereof; (ii) any playset and accessory that YOU

23  distribute under the name "Bratz" or any derivative thereof; and/or (iii) any and all

24  other goods, product packaging, advertisements, promotional materials or other thing or

25  item or material manufactured, produced, printed, ordered, marketed, advertised,

26  promoted, displayed, distributed, shipped, imported, exported, licensed, offered for

27  license, sold or offered for sale by YOU or on YOUR behalf under the name "Bratz" or

28  any derivative thereof.

07209/2254636.1

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT ___3___ PAGE _62_

1    20.   "CONTESTED BRATZ FUNKY FASHION MAKEOVER HEAD"

2  means any of the following that provides a basis for any claim by YOU against

3  MATTEL: (i) any EMBODIMENT or project ever known by the name "Bratz Funky

4  Fashion Makeover Head" or any derivative thereof (whether in whole or in part and

5  regardless of what such EMBODIMENT or project is or has been also, previously or

6  subsequently called) and any styling head or any portion thereof that is now or has ever

7  been known as, or sold, offered for sale, licensed, offered for license or marketed under,

8  the name or term "Bratz" or any derivative thereof (whether in whole or in part and

9  regardless of what such styling head is or has been also, previously or subsequently

10  called), and all prototypes, models, samples and versions of such EMBODIMENT,

11  styling head or any portion thereof; (ii) any accessory that YOU distribute under the

12  name "Bratz Funky Fashion Makeover Head" or any derivative thereof; and/or (iii) any

13  and all other goods, product packaging, advertisements, promotional materials or other

14  thing or item or material manufactured, produced, printed, ordered, marketed,

15  advertised, promoted, displayed, distributed, shipped, imported, exported, licensed,

16  offered for license, sold or offered for sale by YOU or on YOUR behalf under the name

17  "Bratz Funky Fashion Makeover Head" or any derivative thereof.

18    21.   "CONTESTED 4-EVER BEST FRIENDS PRODUCTS" means any

19  of the following that provides a basis for any claim by YOU against MATTEL: (i) any

20  EMBODIMENT or project ever known by the name "4-ever Best Friends" or any

21  derivative thereof (whether in whole or in part and regardless of what such

22  EMBODIMENT or project is or has been also, previously or subsequently called) and

23  any doll or any portion thereof that is now or has ever been known as, or sold, offered

24  for sale, licensed, offered for license or marketed under, the name or term "4-ever Best

25  Friends" or any derivative thereof (whether in whole or in part and regardless of what

26  such doll is or has been also, previously or subsequently called), and all prototypes,

27  models, samples and versions of such EMBODIMENT, doll or any portion thereof;

28  (ii) any playset and accessory that YOU distribute under the name "4-ever Best

EXHIBIT   3   PAGE 63

1  Friends" or any derivative thereof; and/or (iii) any and all other goods, product
2  packaging, advertisements, promotional materials or other thing or item or material
3  manufactured, produced, printed, ordered, marketed, advertised, promoted, displayed,
4  distributed, shipped, imported, exported, licensed, offered for license, sold or offered
5  for sale by YOU or on YOUR behalf under the name "4-ever Best Friends" or any
6  derivative thereof.

7        22.    "CONTESTED MOMMY'S LITTLE DOLL PRODUCTS" means
8  any of the following that provides a basis for any claim by YOU against MATTEL:
9  (i) any EMBODIMENT or project ever known by the name "Mommy's Little Patient"
10  or similar name or any derivative thereof (whether in whole or in part and regardless of
11  what such EMBODIMENT or project is or has been also, previously or subsequently
12  called) and any doll or any portion thereof that is now or has ever been known as, or
13  sold, offered for sale, licensed, offered for license or marketed under, the name or term
14  "Mommy's Little Patient" or similar name or any derivative thereof (whether in whole
15  or in part and regardless of what such doll is or has been also, previously or
16  subsequently called), and all prototypes, models, samples and versions of such
17  EMBODIMENT, doll or any portion thereof; (ii) any playset and accessory that YOU
18  distribute under the name "Mommy's Little Patient" or similar name or any derivative
19  thereof; and/or (iii) any and all other goods, product packaging, advertisements,
20  promotional materials or other thing or item or material manufactured, produced,
21  printed, ordered, marketed, advertised, promoted, displayed, distributed, shipped,
22  imported, exported, licensed, offered for license, sold or offered for sale by YOU or on
23  YOUR behalf under the name "Mommy's Little Patient" or similar name or any
24  derivative thereof.

25        23.    "CONTESTED ALIENRACERS PRODUCTS" means any of the
26  following that provides a basis for any claim by YOU against MATTEL:  (i) any
27  EMBODIMENT or project ever known by the name "Alienracers" or any derivative
28  thereof (whether in whole or in part and regardless of what such EMBODIMENT or

-8-

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT __3__ PAGE __64__

1  project is or has been also, previously or subsequently called) and any toy vehicle,
2  character, or any portion thereof that is now or has ever been known as, or sold, offered
3  for sale, licensed, offered for license or marketed under, the name or term "Alienracers"
4  or any derivative thereof (whether in whole or in part and regardless of what such toy is
5  or has been also, previously or subsequently called), and all prototypes, models,
6  samples and versions of such EMBODIMENT, toy vehicle, character, or any portion
7  thereof; (ii) any playset and accessory that YOU distribute under the name
8  "Alienracers" or any derivative thereof; and/or (iii) any and all other goods, product
9  packaging, advertisements, promotional materials or other thing or item or material
10  manufactured, produced, printed, ordered, marketed, advertised, promoted, displayed,
11  distributed, shipped, imported, exported, licensed, offered for license, sold or offered
12  for sale by YOU or on YOUR behalf under the name "Alienracers" or any derivative
13  thereof.

14      24.   "CONTESTED MATTEL PRODUCTS" means the CONTESTED
15  MATTEL MY SCENE DOLLS PRODUCTS, the CONTESTED MATTEL MY
16  SCENE PETS PRODUCTS, the CONTESTED MATTEL MY SCENE STYLING
17  HEAD, the CONTESTED MATTEL WEE-3 PRODUCTS, the CONTESTED
18  MATTEL LITTLE MOMMY DOLL PRODUCTS, and the CONTESTED MATTEL
19  ACCELERACERS PRODUCTS, and any other MATTEL doll, product, toy,
20  packaging, advertisement or other matter that, in whole or in part, provides a basis for
21  any claim or defense by YOU against MATTEL.

22      25.   "CONTESTED MATTEL MY SCENE DOLLS PRODUCTS"
23  means any of the following that provides a basis for any claim by YOU against
24  MATTEL: (i) any EMBODIMENT or project ever known by the name "My Scene" or
25  any derivative thereof (whether in whole or in part and regardless of what such
26  EMBODIMENT or project is or has been also, previously or subsequently called) and
27  any doll or any portion thereof that is now or has ever been known as, or sold, offered
28  for sale, licensed, offered for license or marketed under, the name or term "My Scene"

-9-

07209/2254636.1

EXHIBIT __3__ PAGE _65_

1  or any derivative thereof (whether in whole or in part and regardless of what such doll

2  is or has been also, previously or subsequently called), and all prototypes, models,

3  samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any

4  playset and accessory that MATTEL distributes under the name "My Scene" or any

5  derivative thereof; and/or (iii) any and all other goods, product packaging,

6  advertisements, promotional materials or other thing or item or material manufactured,

7  produced, printed, ordered, marketed, advertised, promoted, displayed, distributed,

8  shipped, imported, exported, licensed, offered for license, sold or offered for sale by

9  MATTEL under the name "My Scene" or any derivative thereof.

10          26.    "CONTESTED MATTEL MY SCENE PETS PRODUCTS" means

11  any of the following that provides a basis for any claim by YOU against MATTEL:

12  (i) any EMBODIMENT or project ever known by the name "My Scene Pets" or any

13  derivative thereof (whether in whole or in part and regardless of what such

14  EMBODIMENT or project is or has been also, previously or subsequently called) and

15  any toy pet or any portion thereof that is now or has ever been known as, or sold,

16  offered for sale, licensed, offered for license or marketed under, the name or term "My

17  Scene" or any derivative thereof (whether in whole or in part and regardless of what

18  such toy pet is or has been also, previously or subsequently called), and all prototypes,

19  models, samples and versions of such EMBODIMENT, toy pet or any portion thereof;

20  (ii) any playset and accessory that MATTEL distributes under the name "My Scene

21  Pets" or any derivative thereof; and/or (iii) any and all other goods, product packaging,

22  advertisements, promotional materials or other thing or item or material manufactured,

23  produced, printed, ordered, marketed, advertised, promoted, displayed, distributed,

24  shipped, imported, exported, licensed, offered for license, sold or offered for

25          27.    "CONTESTED MATTEL MY SCENE STYLING HEAD" means

26  any of the following that provides a basis for any claim by YOU against MATTEL:

27  (i) any EMBODIMENT or project ever known by the name "My Scene Styling Head"

28  or any derivative thereof (whether in whole or in part and regardless of what such

-10-

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT ___3___ PAGE _66_

1   EMBODIMENT or project is or has been also, previously or subsequently called) and

2   any styling head or any portion thereof that is now or has ever been known as, or sold,

3   offered for sale, licensed, offered for license or marketed under, the name or term "My

4   Scene" or any derivative thereof (whether in whole or in part and regardless of what

5   such styling head is or has been also, previously or subsequently called), and all

6   prototypes, models, samples and versions of such EMBODIMENT, styling head or any

7   portion thereof; (ii) any accessory that MATTEL distributes under the name "My Scene

8   Styling Head" or any derivative thereof; and/or (iii) any and all other goods, product

9   packaging, advertisements, promotional materials or other thing or item or material

10  manufactured, produced, printed, ordered, marketed, advertised, promoted, displayed,

11  distributed, shipped, imported, exported, licensed, offered for license, sold or offered

12  for sale by MATTEL under the name "My Scene Styling Head" or any derivative

13  thereof.

14          28.    "CONTESTED MATTEL WEE-3 PRODUCTS" means any of the

15  following that provides a basis for any claim by YOU against MATTEL:  (i) any

16  EMBODIMENT or project ever known by the name "Wee-3" or any derivative thereof

17  (whether in whole or in part and regardless of what such EMBODIMENT or project is

18  or has been also, previously or subsequently called) and any doll or any portion thereof

19  that is now or has ever been known as, or sold, offered for sale, licensed, offered for

20  license or marketed under, the name or term "Wee-3" or any derivative thereof

21  (whether in whole or in part and regardless of what such doll is or has been also,

22  previously or subsequently called), and all prototypes, models, samples and versions of

23  such EMBODIMENT, doll or any portion thereof; (ii) any playset and accessory that

24  MATTEL distributes under the name "Wee-3" or any derivative thereof; and/or (iii) any

25  and all other goods, product packaging, advertisements, promotional materials or other

26  thing or item or material manufactured, produced, printed, ordered, marketed,

27  advertised, promoted, displayed, distributed, shipped, imported, exported, licensed,

28

-11-

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT __3__ PAGE __67__

1  offered for license, sold or offered for sale by MATTEL under the name "Wee-3" or
2  any derivative thereof.
3      29.   "CONTESTED MATTEL LITTLE MOMMY DOLL PRODUCTS"
4  means any of the following that provides a basis for any claim by YOU against
5  MATTEL:  (i) any EMBODIMENT or project ever known by the name "Little
6  Mommy" or any derivative thereof (whether in whole or in part and regardless of what
7  such EMBODIMENT or project is or has been also, previously or subsequently called)
8  and any doll or any portion thereof that is now or has ever been known as, or sold,
9  offered for sale, licensed, offered for license or marketed under, the name or term
10  "Little Mommy" or any derivative thereof (whether in whole or in part and regardless
11  of what such doll is or has been also, previously or subsequently called), and all
12  prototypes, models, samples and versions of such EMBODIMENT, doll or any portion
13  thereof; (ii) any playset and accessory that MATTEL distributes under the name "Little
14  Mommy" or any derivative thereof; and/or (iii) any and all other goods, product
15  packaging, advertisements, promotional materials or other thing or item or material
16  manufactured, produced, printed, ordered, marketed, advertised, promoted, displayed,
17  distributed, shipped, imported, exported, licensed, offered for license, sold or offered
18  for sale by MATTEL under the name "Little Mommy" or any derivative thereof.
19      30.   "CONTESTED MATTEL ACCELERACERS PRODUCTS" means
20  any of the following that provides a basis for any claim by YOU against MATTEL:
21  (i) any EMBODIMENT or project ever known by the name "AcceleRacers" or any
22  derivative thereof (whether in whole or in part and regardless of what such
23  EMBODIMENT or project is or has been also, previously or subsequently called) and
24  any toy vehicle, character, or any portion thereof that is now or has ever been known as,
25  or sold, offered for sale, licensed, offered for license or marketed under, the name or
26  term "AcceleRacers" or any derivative thereof (whether in whole or in part and
27  regardless of what such toy is or has been also, previously or subsequently called), and
28  all prototypes, models, samples and versions of such EMBODIMENT, toy vehicle,

07209/2254636.1

-12-

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT ___3___ PAGE _68_

1   character, or any portion thereof; (ii) any playset and accessory that MATTEL

2   distributes under the name "AcceleRacers" or any derivative thereof ; and/or (iii) any

3   and all other goods, product packaging, advertisements, promotional materials or other

4   thing or item or material manufactured, produced, printed, ordered, marketed,

5   advertised, promoted, displayed, distributed, shipped, imported, exported, licensed,

6   offered for license, sold or offered for sale by MATTEL under the name

7   "AcceleRacers" or any derivative thereof.

8       31.   "FORMER MATTEL EMPLOYEES" means any former Mattel

9   employee who left MATTEL to join YOU, including but not limited to Janine Brisbois,

10  Ron Brawer, Jorge Castilla, Nic Contreras, Dan Cooney, Carlos Gustavo Machado,

11  Mariana Trueba Almada, Pablo Vargas San Jose and Shirin Salemnia.

12      32.   "COMPLAINT" means the Complaint for False Designation of

13  Origin, Affiliation, Association or Sponsorship (15 U.S.C. § 1125(a)); Unfair

14  Competition (15 U.S.C. § 1125(a)); Cal. Bus. & Prof. Code § 17200 et seq. and

15  California Common Law); Dilution (15 U.S.C. § 1125(c), Cal Bus. & Prof. Code

16  § 14330 and California Common Law); and Unjust Enrichment, filed by YOU on or

17  about April 13, 2005.

18      33.   The singular form of a noun or pronoun includes within its meaning

19  the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine

20  form of a pronoun also includes within its meaning the feminine form of the pronoun so

21  used, and *vice versa*; the use of any tense of any verb includes also within its meaning

22  all other tenses of the verb so used, whenever such construction results in a broader

23  request for information; and "and" includes "or" and *vice versa*, whenever such

24  construction results in a broader disclosure of documents or information.

25

26              **Topics of Examination**

27      1.   The invention, creation, origin, conception, authorship, design and

28  development of the CONTESTED MGA PRODUCTS, including without limitation the

07209/2254636.1

-13-

EXHIBIT __3__ PAGE _69_