1 circumstances under which and the date(s) on which each occurred and the IDENTITY

2 and role(s) of each PERSON involved.

3       2.    Any revisions, modifications or changes made to any of the

4 CONTESTED MGA PRODUCTS, including without limitation any proposed

5 alternatives, modifications or changes (whether or not implemented) to such

6 CONTESTED MGA PRODUCTS, the date(s) on which such revisions, modifications

7 or changes were made or proposed and the reasons for their implementation or non-

8 implementation.

9       3.    The development of YOUR 2005 product line, including the

10 IDENTITY of each PERSON who participated in the decision making leading up to

11 YOUR 2005 product line and any changes or modifications thereto, and the invention,

12 creation, origin, conception, authorship, design, development, manufacture, distribution

13 and sale of products therein.

14       4.    The development of YOUR 2006 product line, including the

15 IDENTITY of each PERSON who participated in the decision making leading up to

16 YOUR 2005 product line and any changes or modifications thereto, and the invention,

17 creation, origin, conception, authorship, design, development, manufacture, distribution

18 and sale of products therein.

19       5.    The   content,   meaning,   authenticity   and   source   of

20 COMMUNICATIONS, advertisements, and/or promotional statements that provide a

21 basis for any claim by YOU against MATTEL.

22       6.    COMMUNICATIONS between YOU and any PERSON, including

23 without limitation any retailer or distributor, that REFER OR RELATE TO the

24 CONTESTED MATTEL PRODUCTS.

25       7.    The first date of manufacture, shipment and availability for

26 distribution and retail sale of each of the CONTESTED MGA PRODUCTS.

27

28

07209/2254636.1

-14-

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT _3_ PAGE _70_

8.     The first date that each of the CONTESTED MGA PRODUCTS was shown to any PERSON not employed by MGA, whether in concept, prototype, or finished form, and the IDENTITY of each PERSON involved therein.

9.     The sculptures, including all preliminary sculptures and all versions of such sculptures, made, produced or prepared in connection with the CONTESTED BRATZ DOLLS PRODUCTS.

10.     The tooling and manufacture of any of the CONTESTED MGA PRODUCTS, including but not limited to all invoices, contracts, sales orders, purchase orders and payment relating thereto and including but not limited to all DOCUMENTS relating to the engineering, preparation, fabrication and creation of the molds and face paint masks used in connection therewith and to the film and/or digital files used in connection with the packaging therefor.

11.     The marketing, advertising, promotion and licensing of the CONTESTED MGA PRODUCTS, including but not limited to all marketing studies, marketing plans, sales plans, sales forecasts, strategies, surveys and analyses and including the identity of the channels in which such have been or are disseminated or distributed.

12.     The ownership of any right, title or interest, whether in whole or in part, in or to the CONTESTED MGA PRODUCTS.

13.     Any copyright, patent, design right or any other registration or application for registration of the CONTESTED MGA PRODUCTS, including but not limited to all COMMUNICATIONS relating thereto, and all filings, declarations, affidavits, correspondence, notes and other DOCUMENTS relating thereto.

14.     The display, exhibition, publication, circulation, or other dissemination of the CONTESTED MGA PRODUCTS to distributors, retailers, licensees, the media, or the public, including but not limited to toy and trade shows and conventions and the date(s) on which such occurred.

EXHIBIT _3_ PAGE _71_

15. YOUR expenditures in advertising or promoting the CONTESTED MGA PRODUCTS, including by year and by medium.

16. Any contracts or licenses entered into, negotiated, proposed, or requested RELATING TO any of the CONTESTED MGA PRODUCTS.

17. The target market or potential target market, and the demographics of any actual, potential or prospective consumers, customers, purchasers or licensees of the CONTESTED MGA PRODUCTS.

18. The number of units of the CONTESTED MGA PRODUCTS manufactured, produced, ordered, stored in inventory, imported, exported, shipped, sold, or offered for sale by any PERSON, including but not limited to YOU.

19. YOUR revenues, costs and profits for each of the CONTESTED MGA PRODUCTS, including but not limited to YOUR per-unit cost, and YOUR gross, incremental and net profits for each of the CONTESTED MGA PRODUCTS.

20. Any complaints or dissatisfaction concerning the CONTESTED MGA PRODUCTS, including but not limited to the returns of, or the number of or rate of defects for, such products.

21. Any potential or actual confusion, any potential or actual mistake or any potential or actual deception of any PERSON as to the origin, affiliation, sponsorship or association of the CONTESTED MGA PRODUCTS or CONTESTED MATTEL PRODUCTS that YOU are aware of, including but not limited to all studies, surveys, interviews, reports and COMMUNICATIONS regarding any such confusion, mistake or deception.

22. Any potential or actual confusion, any potential or actual mistake or any potential or actual deception of any PERSON as to the origin, affiliation, sponsorship or association of the CONTESTED MATTEL PRODUCTS that you are aware of, including but not limited to all studies, surveys, interviews, reports and COMMUNICATIONS regarding any such confusion, mistake or deception.

FOURTH NOTICE OF DEPOSITION OF MGA

07209/2254636.1

EXHIBIT __3__ PAGE __72__

23.     Any consumer studies, reports, surveys, interviews or reports regarding the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS, included but not limited to YOUR knowledge of the reasons why consumers purchase any of the CONTESTED MGA PRODUCTS or any of the CONTESTED MATTEL PRODUCTS.

24.     Marketing studies, marketing plans, sales plans, sales forecasts, strategies and analyses that REFER OR RELATE TO THE CONTESTED MATTEL PRODUCTS.

25.     MATTEL's alleged copying, infringement or dilution of the CONTESTED MGA PRODUCTS or any claimed EMBODIMENT thereof.

26.     To the extent not disclosed in response to any other Topic, all other facts RELATING TO any claim made by YOU against MATTEL or the CONTESTED MATTEL PRODUCTS, and the IDENTITY of all PERSONS with knowledge thereof.

27.     COMMUNICATIONS between YOU and MATTEL RELATING TO the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

28.     Any damage, loss, injury or unjust enrichment that YOU claim has been sustained by reason of any act or omission by MATTEL, including but not limited to any alleged lost profits, lost sales, lost royalty, lost opportunity, lost license, revenue, price erosion, or consequential or incidental damage, including but not limited to the causation for any such alleged unjust enrichment, damage, loss, or injury and the amounts of all such damage, loss, injury or unjust enrichment.

29.     When, and under what circumstances, YOU became aware that Mattel had created, designed, developed, sold, offered for sale or licensed the CONTESTED MATTEL PRODUCTS.

30.     The copying, reproduction or use of any MATTEL work, product, or EMBODIMENT by YOU or on YOUR behalf since January 1, 1999.

07209/2254636.1

-17-

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT ___3___ PAGE _73_

31.   Any similarity or dissimilarity between any of the CONTESTED MGA PRODUCTS and any of the CONTESTED MATTEL PRODUCTS.

32.   The hiring, engagement, or retention by YOU of any current or former MATTEL employee or contractor since January 1, 1999, including but not limited to the terms of all employment agreements and agreements RELATING TO confidentiality or the invention, authorship, or ownership of any concept or product.

33.   YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that was prepared, made, created, generated, assembled or compiled by or for MATTEL and that was not publicly available at the time of YOUR receipt of such DOCUMENT, data and/or information.

34.   YOUR knowledge of any MATTEL product prior to the time that such product had been announced or disclosed by MATTEL to retailers or the public, including but not limited to the CONTESTED MATTEL PRODUCTS.

35.   YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any MATTEL line list or other DOCUMENT prepared by MATTEL identifying MATTEL products in the planning, design or development phase.

36.   The search and seizure of DOCUMENTS by Mexican authorities from MGA's office in Mexico City, Mexico, and all COMMUNICATIONS that REFER OR RELATE thereto.

37.   All payments of money or any item of value made by YOU, directly or indirectly, or offered, proposed, promised, requested or solicited by or from YOU, directly or indirectly, in connection criminal proceedings or potential or prospective criminal proceedings against YOU or any of YOUR employees, including without limitation Gustavo Machado, and including without limitation YOUR payment or reimbursement of legal fees for or on behalf of any PERSON.

EXHIBIT __3__ PAGE __74__

38.   COMMUNICATIONS between YOU and any PERSON RELATING TO the resignation or departure of any FORMER MATTEL EMPLOYEES from Mattel.

39.   The compensation, money or any other item of value paid to any FORMER MATTEL EMPLOYEE, whether directly or indirectly, by YOU.

40.   The identity of DOCUMENTS RELATING TO any MATTEL product or plan that any FORMER MATTEL EMPLOYEE provide or disclosed to or shared with YOU, directly or indirectly.

41.   COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that was prepared, made, created, generated, assembled or compiled by or for MATTEL and that YOU received, directly or indirectly, from any FORMER MATTEL EMPLOYEE.

42.   The content, authenticity, accuracy and meaning of each personnel file maintained or created by YOU RELATING TO any FORMER MATTEL EMPLOYEE.

43.   COMMUNICATIONS between YOU and Pablo Vargas San Jose prior to April 20, 2004.

44.   COMMUNICATIONS between YOU and Janine Brisbois prior to September 27, 2005.

45.   COMMUNICATIONS between YOU and Ron Brawer prior to October 2, 2004.

46.   COMMUNICATIONS between YOU and Carlos Gustavo Machado Gomez ("Machado") prior to April 20, 2004.

47.   COMMUNICATIONS between YOU and Mariana Trueba Almada ("Trueba") prior to April 20, 2004.

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT __3__ PAGE _75_

48. The existence or extent of competition or substitution between any of the CONTESTED MGA PRODUCTS and any of the CONTESTED MATTEL PRODUCTS.

49. The factual basis for YOUR claim that any of the CONTESTED MGA PRODUCTS have acquired secondary meaning or are famous.

50. The factual basis for YOUR claim that any of MATTEL's actions have caused actual dilution.

51. Mattel's alleged intimidation, coercion or threats to retailers, licensees, suppliers and others in the industry."

52. The factual basis for YOUR claim that Mattel "serially imitated and copy-catted [*sic*] the look of MGA products, trade dress, trademarks, themes, ideas, advertising and packaging."

53. The basis for YOUR claim that the Bratz dolls launched in 2001 were "unique and distinctive."

54. The identification of YOUR alleged trade dress in connection with the CONTESTED MGA PRODUCTS, including without limitation with respect to "themes," and the factual bases for YOUR claim that YOU have any legally protected interest in such trade dress.

55. The factual basis for YOUR allegation that advertising executives have expressed concern about "Bratz" and Mattel's "My Scene," what concerns they expressed and the IDENTITY of each such executive.

56. The factual basis for YOUR allegation that the press confused YOUR products with MATTEL products and "has taken notice" of alleged confusion between "Bratz" and "My Scene."

57. All COMMUNICATIONS relating to customers who have allegedly contacted YOU to purchase Mattel's "My Scene" dolls or any of the CONTESTED MATTEL PRODUCTS.

-20-

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT ___3___ PAGE ___76___

1    58.    The factual basis for YOUR claim that MATTEL has infringed,

2  diluted or otherwise violated any trade dress that YOU contend YOU own in the

3  CONTESTED MGA PRODUCTS.

4    59.    The factual basis for YOUR claim that MATTEL has engaged in

5  "strong-arm tactics, and other illegitimate, unfair and anti-competitive means."

6    60.    COMMUNICATIONS between YOU and any PERSON

7  RELATING TO the departure from MATTEL of any current or FORMER MATTEL

8  EMPLOYEE or MATTEL contractor.

9    61.    COMMUNICATIONS between YOU and any PERSON

10  RELATING TO the obligations to MATTEL, including the duty of confidentiality, of

11  any current or FORMER MATTEL EMPLOYEE or MATTEL contractor.

12    62.    COMMUNICATIONS between YOU and any current or FORMER

13  MATTEL EMPLOYEE or MATTEL or contractor RELATING TO the ownership of

14  any idea, concept, design, or product.

15    63.    COMMUNICATIONS between YOU and any PERSON

16  RELATING TO the retention, destruction, transfer, or use of any information or

17  DOCUMENTS known to or possessed by any current or former MATTEL employee or

18  contractor.

19    64.    Mattel's alleged "warnings," "threats" or "intimidation" that are the

20  subject of YOUR claims, including but not limited to all COMMUNICATIONS with

21  any present or former licensees of MATTEL and any present or former distributors and

22  retailers of MGA and MATTEL products.

23    65.    MATTEL's alleged responsibility for "shortage of doll hair in

24  October 2002."

25    66.    MATTEL's alleged "manipulation of the retail market," including by

26  its alleged tampering with MGA's retail displays.

27    67.    MATTEL's alleged false statements about YOU or YOUR business

28  practices.

EXHIBIT ___3___ PAGE __77__

1    68.    MATTEL's alleged violation of any rules or restrictions relating to
2  data provided to subscribers by NPD or any other wrongful conduct relating to NPD.

3    69.    COMMUNICATIONS between YOU and NPD, other than periodic
4  reports transmitted by NPD or information made available to YOU by NPD, between
5  January 1, 2000 and the present.

6    70.    YOUR contracts and agreements with NPD since January 1, 1999,
7  including without limitation any allegation by NPD that YOU were or have been in
8  breach or violation thereof.

9    71.    The status of YOUR NPD subscription between January 1, 1999 and
10  the present.

11    72.    MATTEL's alleged inducement of CARU to place onerous
12  restrictions on MGA advertisements, and require MGA to amend aspects of
13  commercials that have gone unchallenged in other parties' commercials.

14    73.    COMMUNICATIONS between YOU and CARU between
15  January 1, 2000 and the present RELATING TO MATTEL, ANY CONTESTED MGA
16  PRODUCTS, ANY CONTESTED MATTEL PRODUCTS or any other subject or
17  matter that YOU are relying upon in this ACTION.

18    74.    MATTEL's allegedly improper influence with or within TIA,
19  including but not limited to the procedures for and manner in which the Toy of the Year
20  was selected for 2003.

21    75.    YOUR COMMUNICATIONS with TIA RELATING TO Toy of the
22  Year since January 1, 2000 or any other subject or matter on which YOU base any
23  claim.

24    76.    MATTEL's purported power, influence and intimidation to threaten
25  retailers, suppliers, licensees, distributors, manufacturers and industry bodies so as to
26  limit or prevent MGA from doing business.

27    77.    MATTEL's alleged intimidation of or threats against MGA's current
28  and potential employees.

07209/2254636.1

-22-

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT ___3___ PAGE ___78___

78.   YOUR monthly, quarterly and annual financial reports, including financial statements (both audited and unaudited) for the years 1998 through the present, inclusive.

79.   The identity of DOCUMENTS that YOU have reason to believe were created by or originated from MATTEL (excluding MATTEL products that YOU purchased at retail) at any time since January 1, 1998.

80.   The destruction of any DOCUMENT RELATING TO the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

81.   COMMUNICATIONS with, or inquiry or investigation by, any government entity, industry organization, safety compliance, or consumer organization RELATING TO the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

82.   YOUR understanding or belief of whether the BRYANT/MGA AGREEMENT was lawful when YOU entered into it, and DOCUMENTS and COMMUNICATIONS related thereto.

83.   The public perception of the CONTESTED MGA PRODUCTS, including without limitation with respect to the appropriateness or suitability of Bratz for children.

84.   The factual basis for YOUR alleged belief that YOU had the right to market products developed as a result of the BRYANT/MGA AGREEMENT and to the lawful right to fully exploit the drawings drawn and presented by BRYANT prior to the execution of the BRYANT/MGA AGREEMENT, and the DOCUMENTS and COMMUNICATIONS YOU so relied upon when YOU entered into the agreement.

85.   The factual basis for YOUR contention that YOU believed at the time YOU entered into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to acquire THE BRATZ PITCH MATERIALS from BRYANT, and the DOCUMENTS and COMMUNICATIONS YOU so relied upon at the time YOU entered into the BRYANT/MGA AGREEMENT.

07209/2254636.1

-23-

EXHIBIT __3__ PAGE __79__

1        86.    YOUR belief or non-belief that BRYANT created or improved any

2    of THE BRATZ PITCH MATERIALS while employed by MATTEL, and the

3    DOCUMENTS and COMMUNICATIONS YOU so relied upon.

4        87.    Any investigation or inquiry YOU conducted to confirm the timing

5    of BRYANT'S work prior to executing the BRYANT/MGA AGREEMENT, including

6    but not limited to DOCUMENTS and COMMUNICATIONS RELATING thereto.

7        88.    The factual bases for YOUR affirmative defenses.

8        89.    The IDENTITY of all DOCUMENTS that were in the possession of

9    Farhad Larian that YOU claim were reviewed by Quinn Emanuel Urquhart Oliver &

10   Hedges LLP at any time prior to January 1, 2007.

11       90.    The factual bases for YOUR allegations in the GLASER LETTER,

12   including YOUR allegation that DOCUMENTS in the possession of Farhad Larian and

13   reviewed by Quinn Emanuel Urquhart Oliver & Hedges LLP were purportedly

14   privileged and confidential.

15       91.    Any services Farhad Larian has provided to YOU since January 1,

16   2005, including any litigation consulting services.

17       92.    The IDENTITY of DOCUMENTS that Farhad Larian was provided

18   with or had access to, including YOUR allegedly privileged and confidential

19   DOCUMENTS, since January 1, 2001.

20       93.    The terms of any contracts or agreements, including any

21   confidentiality agreements, between YOU and Farhad Larian.

22       94.    The identity of each doll, accessory, product, work or item

23   produced, developed, manufactured, licensed, sold or offered for sale by or for YOU or

24   on YOUR behalf that was BASED ON any BRATZ DESIGN or any design derivative

25   of any BRATZ DESIGN.

26       95.    Except for deposition testimony provided in this ACTION, the

27   testimony, transcripts, declarations, affidavits and other sworn written statements of any

28   other type by or from YOU or made on YOUR behalf that REFER OR RELATE TO

EXHIBIT  3  PAGE 80

1  BRATZ and that REFER OR RELATE TO the time period prior to June 30, 2001
2  (regardless of when such testimony or sworn statement was taken, given, signed, made
3  or filed).

4       96.   The authenticity, content, timing, meaning, and truth and accuracy
5  of YOUR COMMUNICATIONS with any PERSON, including without limitation any
6  retailer and the media, that REFER OR RELATE TO the National Labor Committee
7  dated December 21, 2006 entitled "Made in China: The Sweatshop Behind the Bratz"
8  or the Hau Tai K4 factory.

9       97.   The identity of each doll, product, packaging or other matter that
10  YOU have accused of infringing, diluting or otherwise violating YOUR purported
11  rights in any of the CONTESTED MGA PRODUCTS, the IDENTITY of each
12  manufacturer of each doll, product, packaging or other matter and the specific aspects
13  of each such doll, product, packaging or other matter that YOU have claimed was
14  confusingly or substantially similar to any of the CONTESTED MGA PRODUCTS.

15       98.   The identity, and outcome and resolution, of each lawsuit that YOU
16  have brought or cease and desist letter YOU have sent each doll, product, packaging or
17  other matter that YOU have accused of infringing, diluting or otherwise violating
18  YOUR purported rights in any of the CONTESTED MGA PRODUCTS.

19       99.   The job responsibilities of each FORMER MATTEL EMPLOYEE
20  in the first six months after each joined MGA.

21       100.   YOUR scheduling, planning, inventory, shipping, distribution or
22  forecasting software since January 1, 2005, including but not limited to any and all
23  changes, improvements, acquisitions, upgrades and purchases.

24       101.   DOCUMENTS created by each of the FORMER MATTEL
25  EMPLOYEES in the first six months after each joined MGA

26       102.   The make-up, source, calculation and purpose of the amounts
27  presented in MGA documents Bates-numbered MGA 0101018-21 (Exhibit 661) and
28  MGA 08185789 (Exhibit 662).

07209/2254636.1

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT ___3___ PAGE _81_

**Exhibit C**

EXHIBIT __3__ PAGE __82__

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 090378)
      johnquinn@quinnemanuel.com
3     Michael T. Zeller (Bar No. 196417)
      (michaelzeller@quinnemanuel.com)
4     Jon D. Corey (Bar No. 185066)
      (joncorey@quinnemanuel.com)
5     Timothy L. Alger (Bar No. 160303)
      (timalger@quinnemanuel.com)
6   865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017-2543
7   Telephone:   (213) 443-3000
    Facsimile:   (213) 443-3100

8   Attorneys for Mattel, Inc.

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                      EASTERN DIVISION

12  | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
13  |            Plaintiff,         | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
14  |            vs.                | |
15  | MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S SUPPLEMENTAL INTERROGATORIES |
16  |                               | |
17  |            Defendant.         | |
18  | AND CONSOLIDATED ACTIONS      | |

21  PROPOUNDING PARTY:      Mattel, Inc.

22  RESPONDING PARTIES:     MGA Entertainment, Inc., Isaac Larian, Carter

23                          Bryant, MGA Entertainment (HK) Limited, MGAE

24                          de Mexico S.R.L. de C.V., and Carlos Gustavo

25                          Machado Gomez

26  SET NO.:                SUPPLEMENTAL

07209/2239571.2

EXHIBIT ___3___ PAGE ___83___

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.
2    ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter
3    Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and
4    Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")
5    individually answer the following Interrogatories separately and fully, in writing and
6    under oath, within 30 days after service hereof. The Responding Parties shall be
7    obligated to supplement their responses to the Interrogatories at such times and to
8    the extent required by the <u>Federal Rules of Civil Procedure</u>.
9
10    **<u>Definitions</u>**
11    1.    "YOU" and "YOUR" mean each of the Responding Parties.
12    2.    "MGA" means MGA Entertainment, Inc., any of its current or
13    former employees, officers, directors, agents, representatives, attorneys, experts,
14    divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any
15    other PERSON acting on its behalf, pursuant to its authority or subject to its control.
16    Without limiting the foregoing, "MGA" includes the entities known as ABC
17    International Traders or ABC International Traders, Inc. For purposes of the these
18    Interrogatories, "MGA" does not include BRYANT.
19    3.    "MATTEL" means Mattel, Inc., its current employees, officers,
20    directors, agents, representatives, attorneys, parents, subsidiaries, divisions,
21    AFFILIATES, predecessors-in-interest and successors-in-interest, and any other
22    PERSON acting on its behalf, pursuant to its authority or subject to its control.
23    4.    "AFFILIATES" means any and all corporations, proprietorships,
24    d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or
25    indirectly, in whole or in part, own or control, are under common ownership or control
26    with, or are owned or controlled by a PERSON, party or entity, including without
27    limitation each parent, subsidiary and joint venture of such PERSON, party or entity.
28

07209/2239571.2

-2-
MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT __3__ PAGE __84__

1        5.    "PERSON" or "PERSONS" means all natural persons, partnerships,
2   corporations, joint ventures and any kind of business, legal or public entity or
3   organization, as well as its, his or her agents, representatives, employees, officers and
4   directors and any one else acting on its, his or her behalf, pursuant to its, his or her
5   authority or subject to its, his or her control.

6        6.    "DESIGN" or "DESIGNS" means any and all representations,
7   whether two-dimensional or three-dimensional, and whether in tangible, digital,
8   electronic or other form, including but not limited to all works, designs, artwork,
9   sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
10  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
11  practice, developments, inventions and/or improvements, as well as all other items,
12  things and DOCUMENTS in which any of the foregoing are or have been expressed,
13  embodied, contained, fixed or reflected in any manner, whether in whole or in part.

14       7.    "BRATZ" means any project, product, doll or DESIGN ever known
15  by that name (whether in whole or in part and regardless of what such project, product
16  or doll is or has been also, previously or subsequently called) and any product, doll or
17  DESIGN or any portion thereof that is now or has ever been known as, or sold or
18  marketed under, the name or term "Bratz" (whether in whole or in part and regardless
19  of what such product, doll or DESIGN or portion thereof is or has been also, previously
20  or subsequently called) or that is now or has ever been sold or marketed as part of the
21  "Bratz" line, and each version or iteration of such product, doll or DESIGN or any
22  portion thereof. As used herein, "product, doll or DESIGN or any portion thereof" also
23  includes without limitation any names, fashions, accessories, artwork, packaging or any
24  other works, materials, matters or items included or associated therewith. Without
25  limiting the generality of the foregoing, the term "BRATZ" does not and shall not
26  require that there be a doll existing at the time of the event, incident or occurrence that
27  is the subject of, or otherwise relevant or responsive to, the Interrogatories.
28

07209/2239571.2

-3-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT __3__ PAGE __85__

8.      "SOLD," "SELL" or "SALE" means to distribute, market, license, sell, offer to sell, or convey or transfer in any way for compensation.

9.      "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

10.     "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

11.     "MACHADO" means Carlos Gustavo Machado Gomez, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-

07209/2239571.2

-4-

EXHIBIT __3__ PAGE __86__

1  in-interest, and any other PERSON acting on his behalf, pursuant to his authority or
2  subject to his control.

3        12.   "TRUEBA" means Mariana Trueba Almada, and all of her current
4  or former employees, agents, representatives, attorneys, accountants, vendors,
5  consultants, independent contractors, predecessors-in-interest and successors-in-
6  interest, and any other PERSON acting on her behalf, pursuant to her authority or
7  subject to her control.

8        13.   "VARGAS" means Pablo Vargas San Jose, and all of his current or
9  former employees, agents, representatives, attorneys, accountants, vendors, consultants,
10 independent contractors, predecessors-in-interest and successors-in-interest, and any
11 other PERSON acting on his behalf, pursuant to his authority or subject to his control.

12       14.   "BRAWER" means Ron Brawer, and all of his current or former
13 employees, agents, representatives, attorneys, accountants, vendors, consultants,
14 independent contractors, predecessors-in-interest and successors-in-interest, and any
15 other PERSON acting on his behalf, pursuant to his authority or subject to his control.

16       15.   "CASTILLA" means Jorge Castilla, and all of his current or former
17 employees, agents, representatives, attorneys, accountants, vendors, consultants,
18 independent contractors, predecessors-in-interest and successors-in-interest, and any
19 other PERSON acting on his behalf, pursuant to his authority or subject to his control.

20       16.   "COONEY" means Dan Cooney, and all of his current or former
21 employees, agents, representatives, attorneys, accountants, vendors, consultants,
22 independent contractors, predecessors-in-interest and successors-in-interest, and any
23 other PERSON acting on his behalf, pursuant to his authority or subject to his control.

24       17.   "BRISBOIS" means Janine Brisbois, and all of her current or former
25 employees, agents, representatives, attorneys, accountants, vendors, consultants,
26 independent contractors, predecessors-in-interest and successors-in-interest, and any
27 other PERSON acting on her behalf, pursuant to her authority or subject to her control.

28

-5-

EXHIBIT _3_ PAGE _87_

1    18.   "RAE" means Ron Rae, and all of his current or former employees,

2 agents, representatives, attorneys, accountants, vendors, consultants, independent

3 contractors, predecessors-in-interest and successors-in-interest, and any other PERSON

4 acting on her behalf, pursuant to her authority or subject to his control.

5    19.   "CONTRERAS" means Nick Contreras, and all of his current or

6 former employees, agents, representatives, attorneys, accountants, vendors, consultants,

7 independent contractors, predecessors-in-interest and successors-in-interest, and any

8 other PERSON acting on her behalf, pursuant to her authority or subject to his control.

9    20.   "ABUNDIS" means Ricardo Abundis, and all of his current or

10 former employees, agents, representatives, attorneys, accountants, vendors, consultants,

11 independent contractors, predecessors-in-interest and successors-in-interest, and any

12 other PERSON acting on her behalf, pursuant to her authority or subject to his control.

13    21.   The "FORMER MATTEL EMPLOYEES" means MACHADO,

14 TRUEBA, VARGAS, BRAWER, CASTILLA, COONEY, BRISBOIS, CONTRERAS,

15 RAE, ABUNDIS, and any other former Mattel employee or contractor who

16 misappropriated Mattel trade secrets or violated his or her obligations to maintain the

17 confidentiality of Mattel's trade secrets.

18    22.   "REFER OR RELATE TO" a given subject matter means relate to,

19 refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify,

20 state, deal with, comment on, respond to, describe, analyze, support, refute, contradict,

21 or in any way pertain to that subject matter, either directly or indirectly.

22    23.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-

23 9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated

24 therewith.

25    24.   "SLEEKCRAFT FACTORS" means those factors enumerated in

26 AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979), and includes specifically:

27 (1) strength of the mark; (2) similarity of the marks; (3) relatedness of the goods; (4)

28 marketing channels; (5) type of goods and purchaser's likely degree of care; (6)

07209/2239571.2

-6-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT __3__ PAGE __88__

1  evidence of actual confusion; (7) likelihood of expansion of the product lines; and (8)
2  defendant's intent in selecting the mark.
3       25.   "MATTEL DOCUMENTS" means any and all DOCUMENTS
4  stolen, obtained or taken from MATTEL by any PERSON, including but not limited to
5  the DOCUMENTS identified as Bates Numbers M 0019162-M 0019365, M 0019375-
6  M 0019491, M 0019492-M 0019586, M 0030576, M 0019587-M 0022008, M
7  0022009-M 0026076, M 0026077-M 0029024, M 0029025-M 0029042, M 0029043-M
8  0029044, M 0029045-M 0029050, M 0029051-M 0029053, M 0031471-M 0031473, M
9  0029054-M 0029255, M 0031474-M 0031485, M 0029226-M 0030163, M 0030164-M
10  0030173, M 0030174-M 0030183, M0030261-M 0030268, M 0030269-M 0030278, M
11  0030440-M 0030441, M 0030505-M 0030575, M 0030577-M 0030608, M 0019366-M
12  0019374, M 0030184-M 0030240, M 0030254-M 0030260, M 0030279-M 0030439, M
13  0030442-M 0030470, M 0030471-M 0030501, M 0030609, M 0030610-M 0030625, M
14  0030626-M 0030674, M 0030241-M 0030253, M 0030502-M 0030504, M 0030675-M
15  0030754, M 0030755-M 0030756, M 0030770-M 0030782, M 0030757-M 0030769, M
16  0030783-M 0030788, M 0030789-M 0030799, M 0030800-M 0030834, M 0030835-M
17  0030836-M 0030838, M 0030839-M 0030841, M 0030842-M 0030845, M 0030846-M
18  0030850, M 0030851- M 0030959, M 0030960-M 0030972, M 0030973-M 0031141,
19  M 0031142-M 0031153, M 0031154-M 0031162, M 0031163-M 0031172, M 0031173,
20  M 0031174-M 0031206, M 0031207-M 0031223, M 0031224-M 0031229, M
21  0031230-M 0031247, M 0031248-M 0031258, M 0031259-M 0031262, M 0031263-M
22  0031264, M 0031265, M 0031266, M 0031267, M 0031268, M 0031269, M 0031270-
23  M 0031278, M 0031279-M 0031280, M 0031281-M 0031282, M 0031283-M 0031291,
24  M 0031292-M 0031470, M 0032318, M 0031486-M 0031503, M 0031504-M 0031612,
25  M 0031613-M 0031860, M 0031863-M 0031864, M 0031865-M 0031919, M
26  0031861-M 0031862, M 0031925-M 0032000, M 0031920-M 0031924, M 0032001-M
27  0032009, M 0032010-M 0032057, M 0032058, M 0032059-M 0032070, M 0032071-M
28  0032288, M 0032289, M 0032290-M 0032317, M 0059836-M 0059837, M 0075253-M

-7-

EXHIBIT ___3___ PAGE __89__

1  0075260, M 0075261-M 0075277, M 0075278-M 0075289, M 0075290-M 0075307, M
2  0075308-M 0075309, M 0075310-M 0075315, M 0075316-M 0075317, M 0075318-M
3  0075322, M 0075323-M 0075324, M 0075325, M 0075326-M 0075328, M 0075329-M
4  0075333, M 0075334-M 0075375, M 0075376-M 0075378, M 0075379-M 0075380, M
5  0075381-M 0075384, M 0075385, M 0075386-M 0075388, M 0075389, M 0075390,
6  M 0075391, M 0075392-M 0075398, M 0075399-M 0075400, M 0075401-M 0075407,
7  M 0075408, M 0075409-M 0075416, M 0075417-M 0075420, M 0075421, M
8  0075422-M 0075469, M 0075470-M 0075490, M 0075491-M 0075494, M 0075495-M
9  0075515, M 0075516-M 0075531, M 0075532-M 0075552, M 0075553-M 0075572, M
10 0075573, M 0075574-M 0075594, M 0075595-M 0075616, M 0075617, M 0075618-M
11 0075619, M 0075620-M 0075635, M 0075636-M 0075654, M 0075655-M 0075661, M
12 0075662-M 0075699, M 0075700-M 0075709, M 0075710-M 0075713, M 0075714-M
13 0075775, M 0075776-M 0075780, M 0075781-M 0075798, M 0075799-M 0075842, M
14 0075843-M 0075906, M 0075907-M 0075949, M 0075950-M 0076018, M 0076019, M
15 0076020-M 0076132, M 0076133-M 0076143, M 0076144-M 0076145, M 0076146-M
16 0076148, M 0076149-M 0076155, M 0076156-M 0076169, M 0076170-M 0076171, M
17 0076172-M 0076196, M 0076197-M 0076215, M 0076216-M 0076250, M 0076251-M
18 0076264, M 0076265-M 0076279, M 0076280, M 0076281-M 0076311, M 0076312-M
19 0076362, M 0076363-M 0076370, M 0076371, M 0076372-M 0076425, M 0076426-M
20 0076427, M 0076428-M 0076431, M 0076432- M 0076442, M 0076443-M 0076446,
21 M 0100646-M 0100653, M 0098687-M 0098688, M 0098689-M 0098697, M
22 0098698-M 0098723, M 0098724-M 0098771, M 0098772-M 0098832, M 0098833-M
23 0098846, M 0098847-M 0098865, M 0098866-M 0098879, M 0098880-M 0098883, M
24 0098884-M 0098933, M 0098934-M 0098936, M 0098937-M 0098971, M 0098972-M
25 0099436, M 0099437-M 0099439, M 0099440-M 0099448, M 0099449-M 0099461, M
26 0099462-M 0099471, M 0099472-M 0099476, M 0099477-M 0099493, M 0099494-M
27 0099529, M 0099530-M 0099594, M 0099595-M 0099597, M 0099598-M 0099601, M
28 0099602-M 0099618, M 0099619-M 0099628, M 0099629-M 0099656, M 0099657-M

-8-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT ___3___ PAGE __90__

1  0099665, M 0099666-M 0099725, M 0099726-M 0100622, M 0100623-M 0100645, M

2  0100646-M 0100653, M 0100654-M 0100695, M 0100696-M 0100698, M 0100699-M

3  0100700, M 0100701-M 0100735, M 0100736-M 0100741, M 0100742-M 0100774, M

4  0100775-M 0100778, M 0100779-M 0100780, M 0100781, M 0100782, M 0100783-M

5  0100789, M 0100790-M 0100795, M 0100796-M 0100858, M 0100859-M 0100868, M

6  0100869-M 0100878, M 0100879-M 0100891, M 0100892-M 0100905, M 0100906-M

7  0100918, M 0100919-M 0100932, M 0100933-M 0100941, M 0100942-M 0100952, M

8  0100953, M 0100954-M 0100955, M 0100956-M 0100983, M 0100984-M 0101013, M

9  0101014-M 0101064, M 0101065 and M 0101069-M 0101128.

10      26.   "DIGITAL INFORMATION" means any information created or

11  stored digitally, including but not limited to electronically, magnetically or optically.

12      27.   "STORAGE DEVICE" means any computer hard drive, memory,

13  USB device, tape, storage array or any other device or medium that allows a user,

14  whether permanently, temporarily or otherwise, to create, generate, transmit, copy,

15  retain, store or maintain DIGITAL INFORMATION.

16      28.   "SOURCE OF INFORMATION" means any medium containing

17  DOCUMENTS or other information, whether in paper, electronic or other form,

18  including but not limited to any STORAGE DEVICE, file, file cabinet or other any

19  other source of information or DOCUMENTS.

20      29.   "COLLECT," "COLLECTED" or "COLLECTION," with reference

21  to DOCUMENTS, means to collect, review, produce, request, seek, look for, search for,

22  analyze or in any other way collect or review or attempt to collect or review such

23  DOCUMENTS in connection with YOUR search for, review of and/or production of

24  DOCUMENTS in this ACTION.

25      30.   "IDENTIFY" or "IDENTITY" means the following:

26      (a)   with reference to an individual or individuals, means to state,

27  fully and separately as to each, such individual's full name, any known business title,

28  current or last known business affiliation, current or last known residential address,

-9-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT __3__ PAGE __91__

1  current or last known business address, current or last known relationship to MGA, and
2  current or last known telephone number.

3        (b)   with reference to an entity or entities, means to state, fully and
4  separately as to each, such entity's full name, state (or country) of incorporation or
5  organization, present or last known address, and present or last known telephone
6  number.

7        (c)   with reference to a SOURCE OF INFORMATION, means
8  to describe and state, fully and separately as to each, the SOURCE OF
9  INFORMATION so as to distinctly identify each such SOURCE OF INFORMATION
10  and differentiate each such SOURCE OF INFORMATION from all other SOURCES
11  OF INFORMATION, including without limitation by stating its nature (e.g., USB
12  drive, computer hard drive, file cabinet, etc.), and any unique identifier information
13  (such as hard drive serial number); the physical location(s), including full address
14  information and full identifying computer network drive information if applicable, of
15  each such SOURCE OF INFORMATION (as of the time of YOUR COLLECTION of
16  DOCUMENTS from the SOURCE OF INFORMATION, regardless of whether such
17  DOCUMENTS were thereafter moved elsewhere for the purpose of YOUR review); the
18  IDENTITY of each natural person or individual who is, was or has been associated
19  with each such SOURCE OF INFORMATION; the date(s) on which YOU
20  COLLECTED DOCUMENTS from each such SOURCE OF INFORMATION in
21  connection with this ACTION; and the IDENTITY of any DOCUMENTS, by Bates
22  number, that YOU have produced from each such SOURCE OF INFORMATION to
23  Mattel in this ACTION.

24        (d)   with reference to any other DOCUMENT or DOCUMENTS,
25  means to describe each DOCUMENT by Bates number.  In the event that a
26  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each
27  such DOCUMENT, to provide a complete description of it such that it may be the
28  subject of a request for the production of documents, including by stating the date,

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT __3__ PAGE __92__

1  identity of the author, addressee(s), signatories, parties, or other PERSONS identified

2  therein, its present location or custodian and a description of its contents.

3          (e)     with reference to the payment of money or other item of

4  value, or any promise, agreement, proposal or offer to pay money or any item of value,

5  means to state the amount of the payment or the value of the item, the IDENTITY of

6  the payor, the IDENTITY of the payee, the IDENTITY of the PERSON on whose

7  behalf it is being made, the IDENTITY of the PERSON on whose behalf it is being

8  received, the date(s) on which such payment or item of value was paid, promised,

9  agreed to be paid, proposed or offered, the nature of the method of payment (e.g., cash,

10  check) and any identifying information accompanying such payment (e.g., check

11  number), and the IDENTITY of each bank or financial institution involved therein.

12          31.     "Any" as used in these interrogatories includes the word "all," and

13  the word "all" as used in these interrogatories includes the word "any."

14          32.     The singular form of a noun or pronoun includes within its meaning

15  the plural form of the noun or pronoun so used, and vice versa; the use of the masculine

16  form of a pronoun also includes within its meaning the feminine form of the pronoun so

17  used, and vice versa; the use of any tense of any verb includes also within its meaning

18  all other tenses of the verb so used, whenever such construction results in a broader

19  request for information; and "and" includes "or" and vice versa, whenever such

20  construction results in a broader disclosure of documents or information.

21

22                                    **Instructions**

23          A.     When     an     interrogatory     requests     disclosure     of     a

24  COMMUNICATION or other information as to which YOU claim any privilege or

25  protection as a ground for nondisclosure, identify each PERSON who participated in or

26  had knowledge of the COMMUNICATION or other information and provide the

27  following:

28          (i)     the privilege or protection that YOU claim precludes disclosure;

07209/2239571.2

-11-

EXHIBIT __3__ PAGE __93__

1     (ii) the subject matter of the COMMUNICATION or information

2      (without revealing the content as to which the privilege is claimed);

3      and

4     (iii) any additional facts or grounds on which YOU base YOUR claim

5      of privilege or protection.

6    B.  When an interrogatory requests that YOU provide information,

7 YOU are required to supply all information known by or available to YOU or YOUR

8 employees, officers, directors, agents, representatives, attorneys and experts. If YOU

9 cannot completely answer the interrogatory after making diligent efforts to do so,

10 please so state. Then describe in detail all efforts made to answer the interrogatory;

11 identify every PERSON involved in such efforts; and state the additional information

12 YOU need, if any, to respond completely to the interrogatory.

13

14         **Interrogatories**

15

16 <u>INTERROGATORY NO. 51</u>:

17   For each concept, design, product, product packaging or other matter that

18 YOU contend MATTEL has copied, infringed or diluted, including but not limited to

19 those identified in MGA's Responses to Mattel, Inc.'s First Set of Interrogatories Re

20 Claims of Unfair Competition, Response to Interrogatory No. 2 (and any Supplemental

21 Responses to such Interrogatory), describe, fully and separately, each and every

22 concept, design, product, product packaging or other matter of or by MATTEL that

23 YOU contend is a copy of, infringes or dilutes YOUR alleged concept(s), design(s),

24 product(s), product packaging or other matter. Your answer should describe the Mattel

25 concept, design, product, product packaging or other matter with specificity and in

26 detail (including without limitation by product name, product number, SKU, or bar

27 code number), and specify those elements or attributes of YOUR claimed concept,

28

-12-

EXHIBIT __3__ PAGE __94__

1  design, product, product packaging or other matter that YOU contend were copied,
2  infringed or diluted by MATTEL.

3

4  **INTERROGATORY NO. 52:**

5        For each trade dress that YOU contend MATTEL copied, infringed or
6  diluted, separately IDENTIFY each product sold by YOU or YOUR licensees that
7  incorporates such trade dress and, for each such product, separately state (a) the number
8  of units, by year, of each such product sold by YOU or YOUR licensees; (b) revenue
9  received by YOU from such SALES of each such product; (c) all costs YOU have
10  incurred in connection with each product, including but not limited to YOUR cost of
11  good sold, and (d) YOUR gross and net profits from each such product.

12

13  **INTERROGATORY NO. 53:**

14        For each MATTEL concept, design, product, product packaging or other
15  matter that YOU contend is likely to cause confusion, to cause mistake, or to deceive as
16  to affiliation, connection, or association, or as to origin, sponsorship, or approval,
17  separately state all facts that support YOUR contention of such, including but not
18  limited to all facts that support YOUR contention, if YOU so contend, that any of the
19  SLEEKCRAFT FACTORS weighs against MATTEL, and IDENTIFY all PERSONS
20  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO
21  such facts.

22

23  **INTERROGATORY NO. 54:**

24        For each concept, design, product, product packaging or other matter that
25  YOU contend MATTEL copied, infringed or diluted, state all facts that support
26  contention, if YOU so contend, that such copying or infringement was intentional or
27  willful, and IDENTIFY all PERSONS with knowledge of such facts and all
28  DOCUMENTS that REFER OR RELATE TO such facts.

-13-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT _3_ PAGE _95_

1

2 <u>INTERROGATORY NO. 55</u>:

3       State all facts which support the allegation in Paragraph 120 of YOUR

4 COMPLAINT that MATTEL has "caused and continues to cause blurring and dilution

5 of the distinctive look of MGA's products and trade dress," and IDENTIFY all

6 PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

7 RELATE TO such facts.

8

9 <u>INTERROGATORY NO. 56</u>:

10       IDENTIFY all MATTEL DOCUMENTS that MGA has obtained,

11 received, reviewed, copied, reproduced, transmitted, requested or used at any time since

12 January 1, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all

13 DOCUMENTS that REFER OR RELATE TO such MATTEL DOCUMENTS.

14

15 <u>INTERROGATORY NO. 57</u>:

16       IDENTIFY all DOCUMENTS that REFER OR RELATE TO any

17 MATTEL product or plan that any of the FORMER MATTEL EMPLOYEES

18 provided, transmitted or disclosed to, shared with or used on behalf of MGA at any

19 time since January 1, 1999, and IDENTIFY all PERSONS with knowledge of such

20 facts.

21

22 <u>INTERROGATORY NO. 58</u>:

23       State all facts which support YOUR contention, if YOU so contend, that

24 YOU and/or MGA did not obtain any MATTEL DOCUMENTS through improper

25 means, and IDENTIFY all PERSONS with knowledge of such facts and all

26 DOCUMENTS that REFER OR RELATE TO such facts.

27

28

07209/2239571.2

-14-

EXHIBIT __3__ PAGE __96__

1  INTERROGATORY NO. 59:

2          State all facts which support YOUR contention, if YOU so contend, that

3  any information in the MATTEL DOCUMENTS does not and/or did not derive

4  independent economic value from not being generally known to the public or other

5  PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY

6  all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

7  RELATE TO such facts.

8

9  INTERROGATORY NO. 60:

10          State all facts which support YOUR contention, if YOU so contend, that

11  any information in the MATTEL DOCUMENTS was known to the public or to

12  PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY

13  all PERSONS with knowledge of the foregoing and all DOCUMENTS that REFER OR

14  RELATE TO the foregoing.

15

16  INTERROGATORY NO. 61:

17          State all facts which support YOUR contention, if YOU so contend, that

18  YOU and/or MGA independently developed, or did not otherwise use or disclose, any

19  information in the MATTEL DOCUMENTS, and IDENTIFY all PERSONS with

20  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

21  facts.

22

23  INTERROGATORY NO. 62:

24          State all facts which support YOUR contention that YOUR use or

25  disclosure of information in the MATTEL DOCUMENTS neither benefited YOU nor

26  MGA nor harmed MATTEL, and IDENTIFY all PERSONS with knowledge of such

27  facts and all DOCUMENTS that REFER OR RELATE TO such facts.

28

EXHIBIT ___3___ PAGE 97

1  <u>INTERROGATORY NO. 63</u>:

2          State all facts which support YOUR contention, if YOU so contend, that

3  YOU and/or MGA had, has or have any right to copy, possess, use or disclose any

4  MATTEL DOCUMENT, and IDENTIFY all PERSONS with knowledge of such facts

5  and all DOCUMENTS that REFER OR RELATE TO such facts.

6

7  <u>INTERROGATORY NO. 64</u>:

8          To the extent YOU have not previously disclosed such information in a

9  prior interrogatory response YOU provided to Mattel, state all facts which support

10  YOUR claims against Mattel in THIS ACTION, and IDENTIFY all PERSONS with

11  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

12  facts.

13

14  <u>INTERROGATORY NO. 65</u>:

15          Describe in detail each and every action YOU have taken, or directed be

16  taken, to locate, maintain or preserve evidence which is, might be or could be relevant

17  or potentially relevant to THIS ACTION.

18

19  <u>INTERROGATORY NO. 66</u>:

20          IDENTIFY each and every SOURCE OF INFORMATION from which

21  YOU have COLLECTED DOCUMENTS for responsiveness and potential production

22  in THIS ACTION.

23

24  <u>INTERROGATORY NO. 67</u>:

25          IDENTIFY fully and separately each and every payment of money or

26  other item of value that YOU have made or given, or any promise, agreement, proposal

27  or offer by YOU to pay money or give any item of value, to or on behalf of any

28  PERSON identified in any of the parties' initial disclosures in this ACTION at any time

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT __3__ PAGE __98__

1    when such PERSON was not an employee of MGA, including without limitation with

2    respect to legal fees incurred by or on behalf of such PERSON.

3

4    <u>INTERROGATORY NO. 68</u>:

5          To the extent not disclosed in response to prior Interrogatories, IDENTIFY

6    fully and separately each and every payment of money or other item of value that MGA

7    has made, or any promise, agreement, proposal or offer by MGA to pay money or give

8    any item of value, to or on behalf of any of the FORMER MATTEL EMPLOYEES,

9    including without limitation with respect to legal fees incurred by or on behalf of any of

10    the FORMER MATTEL EMPLOYEES.

11

12    <u>INTERROGATORY NO. 69</u>:

13       To the extent not disclosed in response to prior Interrogatories, IDENTIFY fully

14    and separately each and every payment of money or other item of value that YOU have

15    made, or any promise, agreement, proposal or offer by YOU to pay money or give any

16    item of value, since January 1, 1998 to or on behalf of any PERSON who has been

17    employed by MATTEL (excluding ordinary salary and benefits paid to such PERSON

18    while an MGA employee), including without limitation with respect to legal fees

19    incurred by or on behalf of such PERSON and bonuses paid to such PERSON.

20

21

22    DATED: _____      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

23

24                       By_____

25                          B. Dylan Proctor
                             Attorneys for Mattel, Inc.

26

27

28

-17-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT ___3___ PAGE 99