# EXHIBIT 1

RECEIVED

NOV 9 2 2004

ARIZONA

## LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

CALIFORNIA

COLORADO

Keith A. Jacoby
Direct: 310.772.7284
Direct Fax: 310.553.5583
kjacoby@littler.com

November 1, 2004

DISTRICT OF
COLUMBIA

FLORIDA

**VIA MAIL AND FACSIMILE 213.624.0643**

John B. Quinn, Esq.
Kirkland Garey, Esq.
John Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

GEORGIA

**Re:   Mattel, Inc. v. Carter Bryant and Related Cross-Claim**, Los Angeles Superior
        Court Case No. BC 314398

ILLINOIS

Dear Messrs. Quinn and Garey:

MINNESOTA

This letter is in response to Mr. Garey's letter of October 28, 2004. That letter contained
several misrepresentations and misstatements of the positions I previously articulated on
behalf of Mr. Bryant to Mr. Garey and Mr. Corey, and I will rearticulate those positions here.

NEVADA

Preliminarily, my client and I take exception to your baseless accusation that the Bryant
production has been "sanitized." Nothing of the sort has occurred. I explained to you that
Mr. Bryant is an individual who moved several times between 1998 and 2004. He is not
required to maintain documents in the manner that a corporation such as Mattel is required to
do, and he has not done so. Of course, it is possible that documents were misplaced over the
years, or simply discarded, well before this lawsuit was filed. To be sure, Mr. Bryant never
expected to be sued by Mattel three and one-half years after his employment ended. That
being said, we are all fortunate that Mr. Bryant did maintain quite a number of documents
from the late 1990's and 2000, and all legitimately sought responsive documents in his
possession, custody and control have been produced, or are being produced today. This
production is the product of extensive searches at Mr. Bryant's places of work and home.
That said, I will look into the purported gaps in the production Mr. Garey's letter outlines,
and if further responsive documents are located, they will be produced. As indicated during
my call with Mr. Garey, Mr. Bryant will make a supplemental document production to
Mattel today, and allow Ms. Tania Krebs to view certain three dimensional items responsive
to Mattel's document requests at my office, at 3:00 p.m.

NEW JERSEY

NEW YORK

OHIO

PENNSYLVANIA

Regarding requests to inspect Mr. Bryant's home computer, I have made further inquires on
that subject to Mr. Bryant and my colleagues. Mr. Bryant did not own a home computer

TEXAS

WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠

2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107  Tel: 310.553.0308  Fax: 310.553.5583  www.littler.com

EXHIBIT _____1_____

PAGE _____5_____

John B. Quinn, Esq.
Kirkland Garey, Esq.
Jon Corey, Esq.
November 1, 2004
Page 2

during his time at Mattel. He later purchased a computer, which he used for a time, and then gave away to his niece. That computer has been retrieved and searched for responsive documents, and none have been located. Mr. Bryant declines to produce his hard drive for inspection for the reasons articulated in his response to Mattel's document request.

Regarding the draft of the Bryant/MGA agreement prepared by Mr. Bryant's counsel, you have misstated my position. That document is not germane to this case in any respect. The proposed edits by Ms. Wang were almost entirely rejected by MGA and never had any legal effect. They have no bearing no Mattel's claims. During our call, I contrasted this position with Mattel's position on Mr. Bryant's requests relating to the Mattel Inventions and Assignments Agreement and Conflict of Interest Questionnaire. Originally, Mr. Bryant sought all drafts of these documents. That request was objected to as overbroad, and despite numerous meet and confers, counsel has not abandoned that position. I agreed to limit his requests to seek only forms of the agreements that were <u>actually</u> <u>used</u> by Mattel, from 1995 to the present. This would be highly relevant if, for example, Mattel has modified the agreement in response to a ruling or legal opinion that any part of the agreement was unenforceable. Mattel still refuses to produce these documents. I do not see how Mattel can on one hand refuse to produce documents actually used in the course of its business, and on the other hand insist that draft documents in Bryant's possession which were never used and never had any legal effect must be produced. This is typical of Mattel's strategy of seeking to obtain from Mr. Bryant the widest possible range of discovery, while for its own part agreeing to allow virtually no discovery to go forward.

Regarding the production of "First Generation Bratz" documents, that limitation was expressly agreed upon by Mr. Zeller, with respect to documents produced by both MGA and Mr. Bryant. We agreed that the limitation was without prejudice to seeking further documents at a later time. Mr. Zeller has never revisited this limitation with me, though Mattel appears to be revoking it now. A wholesale production of all post-June 2001 Bratz related documents would be a massive undertaking that is totally unjustified by the claims stated by Mattel to date. We see no basis to produce these documents at this time, and you have articulated none.

With respect to categories of documents Mr. Bryant has simply objected to, I represent that I am unaware of any documents in Mr. Bryant's possession, custody or control relating to Mattel document request no. 21 (other than Bryant himself). All other requests that were simply objected to were either unintelligible as written, or were both wildly overbroad and otherwise objectionable for the reasons stated in the objections. I would note, however, that

EXHIBIT ___/___

PAGE ___6___

John B. Quinn, Esq.
Kirkland Garey, Esq.
Jon Corey, Esq.
November 1, 2004
Page 3

responsive documents produced in response to other valid requests would, in some cases, be responsive to those objectionable categories as well.

Sincerely,

Keith A. Jacoby

Los_Angeles:381579.3 028307.1010

EXHIBIT _____1_____

PAGE ____7____

# EXHIBIT 2

 

**quinn emanuel** trial lawyers | los angeles

Sixs South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213 443 3000 FAX 213 443 3100

November 17, 2004

<u>Via Facsimile and U.S. Mail</u>

Keith A. Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107

Re:     *Mattel, Inc. v. Carter Bryant*

Dear Mr. Jacoby:

I write in response to your letter of November 1, 2004 regarding Carter Bryant's Objections and Responses to Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things. Mattel has not accused you or your client of "sanitizing" the Bryant document production. My letter of October 28, 2004 stated, "We cited [during our October 25, 2004 meet and confer] certain examples in which it appeared that the production had been 'sanitized' of such information." For example, the MGA production contained documents that suggested that there had been facsimile communications between Bryant and Kinuyo Shichijyo in the fall of 2000 and that had not been produced by Bryant (MGA Bates #427-28). On the eve of the Bryant deposition, on November 1, 2004 at 3:00 p.m., you made available for the first time, several previously withheld documents, including two letters, dated September 18, 2000, between Carter Bryant and Kinuyo Shichijyo regarding Bryant's attempts to find a hair supplier for MGA's "new doll line" (Bryant Bates #s 1201-02). This was when Bryant was still employed at Mattel. It would strain credulity to suggest that these documents were simply overlooked by Mr. Bryant in responding to Mattel's earlier document requests. We cited several other examples of what appeared to be gaps in your client's production to you in our conference call which you indicated you would look into. Please advise when we might expect the results of your further inquiry.

Despite the existence of a protective order, your client is refusing to produce the hard drive from the computer he apparently gave to his niece. Previously produced documents evidence e-mail correspondence between Bryant and others. These and other e-mail messages, not to mention

quinn emanuel urquhart oliver & hedges, llp

EXHIBIT ___2___

PAGE ___8___

other responsive documents, likely exist on that hard drive. We must insist that this hard drive be made available for inspection and copying by Mattel in the next ten days. Moreover, as you are aware, the continued use of the hard drive may result in the destruction of relevant evidence. Until this dispute can be resolved, Mattel expects you, as Bryant's counsel, to secure possession of the hard drive and not to use it until an inspection can be agreed upon or ordered by the Court.

Despite our request for unredacted phone records and the existence of a protective order, on November 1, 2004, Bryant provided us with photocopies of phone records that had a significant number of telephone numbers redacted from them. Because of the existence of the protective order, which covers the phone records, Mattel is entitled to unredacted telephone records. We also note that you committed to review other documents being withheld from production that you thought might not be covered by the protective order and provide us with a list of any such documents. To date, we have not received any list from you and must assume that there are no such documents.

Mattel requested Bryant to produce any documents referring or relating to any agreement or contract between Bryant and any other individual that was proposed, offered, discussed, negotiated or executed while Bryant was employed with Mattel, including all drafts of such agreements or contracts, save for the final agreement which has been produced. It appears from your most recent correspondence regarding this topic that you are now attempting to narrow this request down to one specific document, apparently prepared by Bryant's counsel. To date, your client has produced no correspondence or notes, memoranda, e-mails, or any other documentation pertaining to any communications concerning draft employment agreements. Any such documentation, should it exist, is relevant to this lawsuit. Your attempt to link the production of these requested documents to Mattel's objection to producing draft employment agreements between it and other Mattel employees besides Bryant is misplaced. If your client still refuses to produce all documents responsive to this request, you will leave us no alternative but to move to compel.

With respect to the "First Generation Bratz" objection, we must stand on our earlier stated position and insist that these documents be produced.

By the statements in your November 1 letter, you have now backtracked from the representations you made during our October 25, 2004 conference call regarding those responses to which Bryant objected to without indicating that responsive documents would be produced. You have now limited that representation to Mattel's Request No. 21. We disagree with your characterization that any of the Mattel requests are "unintelligible," "wildly overbroad," or "otherwise objectionable." If you are unable to withdraw these unfounded objections as to all other requests in which no responsive documents were produced, you will leave us no alternative but to move to compel.

We are still awaiting receipt of the verification you agreed your client would provide attesting to the fact that all non-privileged responsive documents have been produced or that a diligent

2

EXHIBIT 2

PAGE 9

search has been made with respect to all other requests and no responsive documents were located. Finally, you have acknowledged that Bryant's responses were incomplete and incorrect. Please provide an amended verified response that corrects these deficiencies by close of business on November 22, 2004.

Mattel is of the opinion that we have resolved all those outstanding issues that can be resolved without judicial assistance. If you disagree, please contact me at your convenience.

Best regards.

Kirkland Garey

07209619572 1

3

EXHIBIT _____2_____

PAGE _____10_____

# EXHIBIT 3

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 4

1   ROBERT F. MILLMAN, Bar No. CA 062152
    DOUGLAS A. WICKHAM, Bar No. CA 127268
2   KEITH A. JACOBY, Bar No. 150233
    LITTLER MENDELSON
3   A Professional Corporation
    2049 Century Park East, 5th Floor
4   Los Angeles, CA  90067.3107
    Telephone:   310.553.0308
5   Facsimile:   310.553.5583

6   Attorneys for Defendant and Cross-Claimant
    CARTER BRYANT
7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware          Case No. CV 04-9059 NM (RNBx)
    Corporation,
12                                    HON. NORA M. MANELLA
                 Plaintiff,
13                                    **DISCOVERY MATTER**
        v.
14                                    **[REDACTED] DECLARATION OF
    CARTER BRYANT, an individual;     KEITH A. JACOBY IN SUPPORT
15  and DOES 1 through 10, inclusive, OF DEFENDANT AND CROSS-
                                      CLAIMANT CARTER BRYANT'S
16               Defendant.           PORTION OF JOINT
                                      STIPULATION**
17
                                      [Local Rule 37-3]
18
                                      Hearing Date:      January 25, 2005
19
    _____
20  CARTER BRYANT, on behalf of
    himself, all present and former
21  employees of Mattel, Inc., and the
    general public,
22
                 Cross-Claimant,
23
        v.
24
    MATTEL, INC., a Delaware
25  Corporation,
                 Cross-Defendant.
26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

EXHIBIT 4

PAGE 24

1-4

19.     Contrary to Mattel's representations, Bryant does not object to producing "responsive, non-privileged documents generated after the suit was filed." Rather, Bryant asserted an objection – identical to one Mattel asserted – that was designed to reserve Bryant's right not to place on a privilege log the innumerable privileged documents and documents containing attorney work product that have been created since this lawsuit was filed.  Bryant is unaware of any unprivileged document which does not contain attorney work product that is responsive to the requests and that was created since the lawsuit was filed.  The only document that conceivably falls into these categories of documents that Mattel has conducted discovery on to date is Bryant's retainer letter with Littler Mendelson.  At deposition, Mattel's counsel quizzed Bryant about his retainer and whether MGA agreed to pay his legal fees in this matter.  Bryant asserted the attorney client privilege and did not respond.

20.     Mattel has not produced its retainer letter in discovery, nor has it logged it on any privilege log.

21.     Bryant has not "refused" to produce communications between himself and MGA.  To the contrary, he has produced his agreement, his royalty statements, all manner of artwork that was done for MGA or assigned to MGA.

22.     Moreover, and contrary to Mattel's contentions, Bryant has conducted an extensive and diligent search for responsive and relevant information.  Bryant made the hard drive of the computer he used from 2000 to 2002 available to his counsel, and counsel have not found any responsive documents or relevant information in his computer hard drives, or documents related to his communications with MGA.

23.     Mattel's speculation that Bryant's counsel "apparently has made no effort to look for or recover deleted data from that hard drive and made no effort to examine the other computers at all" is a complete falsehood, and contradicts express representations made to Mattel's counsel in the meet and confer that such a search was

FTLER MENDELSON
PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Angeles, CA  90067 3107
310 553 0308

6.

EXHIBIT

PAGE  25

1   undertaken and did not reveal any responsive documents.  It ignores the fact that that
2   Bryant's counsel has examined his hard drive extensively for any responsive
3   documents, and it has not found any.  It also ignores the fact that scores of attorney
4   hours have been spent searching for documents at Bryant's home and in his studio.
5   While Bryant has tirelessly searched for and inspected his computer hard drives for
6   relevant information, there is irrefutable evidence that Mattel has not turned over all of
7   Bryant's electronic data, such as responsive emails or their attachments.

8
9   24.    Further, the hard drive from Bryant's home computer, which he gave to his
10  niece in 2002,  contains personal information and data that is unquestionably protected
11  by his constitutional right of privacy as well as that of his niece.

12  25.    Bryant has been even more accomodating in his furnishing of personal
13  telephone records, but to no avail. He has produced pages of telephone records
14  reflecting phone calls between MGA and himself.  He also produced redacted phone
15  records from Veronica Marlow, the individual that introduced Bryant to MGA.  He
16  produced those records in good faith, even though they are not his own, because they
17  were turned over by Marlow to his attorneys during this litigation.

18
19  26.    Those records contain calls to and from family and friends, and calls by his
20  roommates to others, which are obviously unrelated to this action.

21  27.    In its Motion, Mattel also seeks an order compelling Bryant to produce all
22  "Mattel-related" documents.  Bryant worked for Mattel for approximately five years,
23  and in that time, received innumerable documents from Mattel.  A vast majority of the
24  Mattel documents responsive to these requests have no bearing on any issue in this
25  case.  Documents that Bryant would have received from Mattel during his five years
26  of employment there would likely include insurance, benefits, employee handbooks,
27  administrative memoranda, reports, paychecks, etc.

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308



EXHIBIT  4

PAGE  26

45.    Mattel is suing a Missouri individual, and litigating the case with the vigor of a massive antitrust suit. At each previous court hearing, Mattel has sent no less than *five attorneys – two partners and three associates –* to make and view the appearance.

46.    There have also been four depositions. To attend Bryant's deposition, Mattel sent *four* attorneys – two partners, one associate and one in-house counsel – to Springfield, Missouri. For a third party witness, Mattel had five attorneys – two partners (Mr. Quinn and Mr. Zeller), two in-house lawyers, and one associate.[2] And, to *defend* the deposition of one Mattel witness, Mattel sent *two* Quinn Emanuel lawyers (one partner and one associate) and one in-house counsel.

47.    As Bryant's counsel, I have spent in excess of fifteen hours preparing Bryant's portion of this joint stipulation. My hourly rate is $425 per hour. Pursuant to FRCP 37 (a)(4)(B), Bryant should be awarded that amount in partial compensation for the cost of opposing this motion.

I declare under penalty of perjury under the laws of State of California and the United States of America that the foregoing is true and correct.

Executed this 4th day of January, 2005, at Los Angeles, California.

KEITH A. JACOBY

Los_Angeles:389367.3 028307.1010

---

[2] The associate attended only part of that deposition.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT 12
PAGE 27

# EXHIBIT 5

1   DOUGLAS A. WICKHAM (S.B. #127268)
    dwickham@littler.com
2   KEITH A. JACOBY (S.B. #150233)
    kjacoby@littler.com
3   LITTLER MENDELSON
    A Professional Corporation
4   2049 Century Park East, 5th Floor
    Los Angeles, CA  90067.3107
5   Telephone:  (310) 553-0308
    Facsimile:   (310) 553-5583
6
    Attorneys for Carter Bryant
7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

                            EASTERN DIVISION
10

11  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                          (consolidated with CV 04-9059 & 05-2727)
12               Plaintiff,
                                          **DISCOVERY MATTER**
         v.
13                                        **[To Be Heard By Discovery Master Hon.**
    MATTEL, INC., a Delaware              **Edward Infante (Ret.) Pursuant To The**
14  Corporation,                          **Court's Order Of December 6, 2006]**

15               Defendant.               SEPARATE STATEMENT OF
                                          DEFENDANT CARTER BRYANT IN
16                                        OPPOSITION TO MATTEL'S MOTION
                                          TO COMPEL
17
                                          Hearing Date:  January 23, 2007
18                                        Time:   8:15 a.m.
                                          Place:  Telephonic
19
                                          Discovery Cut-off:  None set
20                                        Pre-trial Conference:  None Set
                                          Trial Date:  None Set
21

22  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
23  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.
24

25

26

27                                                                     722A

28
         EXHIBIT ___5___
                                          BRYANT'S SEPARATE STATEMENT IN
         PAGE ___28___                    OPPOSITION TO MATTEL'S MOTION TO
                                          COMPEL

1  <u>**Bryant's Argument**</u>

2       Bryant agreed in the Stipulation to conduct a "reasonably diligent search

3  for and produce any patent, copyright and trademark applications, registrations or

4  other non-privileged documents in his possession, custody or control that constitute or

5  relate to such applications and registrations obtained or applied in connection with"

6  (1) work on Bratz prior to January 1, 2001; (2) work related to the release of the First

7  Generation "Bratz" dolls that took place on or about June 2001; and (3) work related

8  to any work Bryant performed with, for or on behalf of MGA during the term of

9  Bryant's employment with Mattel.  Accordingly, Mattel's motion to compel Bryant to

10  produce documents relating to registration and applications for registration is moot.

11

12  **VII.   <u>BRYANT'S PRIOR PRODUCTION WAS PROPER.</u>**

13       Mattel incorrectly claims that Bryant asserted a "blanket objection to

14  producing any document created after this lawsuit was filed in April 2004."  Mattel

15  completely misrepresents the issue and Bryant's position.  Bryant did not and does not

16  object to producing "responsive, non-privileged documents generated after the suit

17  was filed."  Bryant only objects to having to log as privileged any post litigation

18  communications with counsel.  Mattel has misconstrued this caveat as a wider refusal

19  to produce documents created after the lawsuit was filed. No such position has been

20  taken.

21       A.   <u>None Of The Information Redacted From The Produced Phone</u>

22  <u>Records Relate To MGA.</u>

23       Bryant agreed in the Stipulation that he will provide a signed verification

24  attesting that none of the information redacted from phone records that were produced

25  to Mattel relate or refer in any way to MGA, "Bratz" or any other project that Bryant

26  worked on with, for or on behalf of MGA prior to June 1, 2001.

27       B.   <u>Bryant Should Not Have To Identify On A Privilege Log Every</u>

28

EXHIBIT ___5___

PAGE ___29___          38.        BRYANT'S SEPARATE STATEMENT IN
                                  OPPOSITION TO MATTEL'S MOTION TO

1   <u>**Communication He Has Had With His Counsel.**</u>

2   Mattel mischaracterizes Bryant's good-faith assertion of privilege by

3   professing that Bryant has listed only 4 documents on his privilege log "likely because

4   most documents he has withheld on privilege grounds are not actually privileged–and

5   because the dates of these documents alone may refute Bryant's claims about the

6   timing and scope of his communications with MGA." Mattel's contention holds no

7   water. Since Mattel filed this action in April 2004, Bryant has had numerous

8   communications with his counsel regarding issues arising out of this lawsuit. Bryant

9   objected in order to reserve his right not to place on a privilege log the innumerable

10   privileged documents and documents containing attorney work product that have been

11   created since the inception of this lawsuit. Bryant respectfully requests this Court not

12   to order Bryant to serve a privilege log concerning his confidential communications

13   with his counsel which are undeniably protected by the attorney-client privilege.

14   **C.   Bryant's Hard Drive**

15   Bryant confirmed in the Stipulation that he made a diligent and

16   reasonable effort to locate all three computers referenced at his deposition, and that

17   after that search, he is only able to locate one of the old computers that he used and/or

18   owned. Bryant has also expressly agreed to conduct a reasonable and diligent search

19   for responsive documents, including a forensic search for data fragments, deleted

20   documents and data not readily viewable absent forensic analysis, and will produce

21   responsive documents in accordance with the stipulation. Accordingly, Mattel's

22   motion to compel Bryant's hard drive is no longer an issue.

23

24   **VIII. MATTEL SHOULD BE SANCTIONED**

25   The only party that should be sanctioned is Mattel. For the past two and

26   half years, Mattel has taken contradictory positions regarding the amount of money in

27   controversy in order to manipulate the forum and the scope of discovery, and has now

28   unilaterally reneged on an exhaustively negotiated stipulation because it does not want

EXHIBIT ____5____

PAGE ____30____          39.     BRYANT'S SEPARATE STATEMENT IN
                                  OPPOSITION TO MATTEL'S MOTION TO

1    to formally modify a single request. Mattel's counsel likely knew its requests were

2    facially improper when they engaged in a six month long negotiation to substantially

3    limit the requests, only to unceremoniously renege on the stipulation at the last second

4    and move on every request. Bryant has incurred more than $20,000 in fees

5    negotiating the stipulation that represented a considerable compromise on his part of

6    the issues raised in these requests.

7          Mattel's sweepingly overbroad and duplicative requests cannot stand on

8    their own and its tactics of intimidation should not be awarded. Its motion should be

9    denied and, to the extent sanctions are awarded, they should be awarded against

10   Mattel. Bryant's counsel has incurred in excess of $8,700 in fees in opposing this

11   motion, and pursuant to FRCP 37(a)(4)(B), Bryant should be awarded that amount in

12   partial compensation for the cost of opposing this motion. The stipulation of the

13   parties should be enforced as the recommendation of the Discovery Master, and as

14   such should end any further law and motion on the document requests moved upon in

15   the January 2005 and the current motion.

16

17   January 11, 2007

18                              DOUGLAS A. WICKHAM
                               KEITH A. JACOBY
19                             LITTLER MENDELSON
                               A Professional Corporation
20

21                             Keith A. Jacoby
22                             Attorneys for Defendant
                               CARTER BRYANT
23

24

25

26   Firmwide:81898672.3 028307.1010

27

28

EXHIBIT _____5_____

PAGE _____31_____          40.

BRYANT'S SEPARATE STATEMENT IN
OPPOSITION TO MATTEL'S MOTION TO
COMPEL

# EXHIBIT 6

1  DOUGLAS A. WICKHAM (S.B. #127268)
   dwickham@littler.com
2  KEITH A. JACOBY (S.B. #150233)
   kjacoby@littler.com
3  LITTLER MENDELSON
   A Professional Corporation
4  2049 Century Park East, 5th Floor
   Los Angeles, CA 90067.3107
5  Telephone: (310) 553-0308
   Facsimile: (310) 553-5583
6
   Attorneys for Carter Bryant
7

8              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
9                   EASTERN DIVISION

10

11  CARTER BRYANT, an individual,     Case No. CV 04-09049 SGL (RNBx)
                                       (consolidated with CV 04-9059 & 05-2727)
12              Plaintiff,
                                       **DISCOVERY MATTER**
13      v.
                                       **[To Be Heard By Discovery Master**
14  MATTEL, INC., a Delaware           **Hon. Edward Infante (Ret.) Pursuant to**
    Corporation,                       **The Court's Order of December 6, 2006**
15
                Defendant.             **DECLARATION OF KEITH A.**
16                                     **JACOBY IN SUPPORT OF CARTER**
                                       **BRYANT'S OPPOSITION TO**
17                                     **MATTEL INC.'S MOTION TO**
                                       **COMPEL THE PRODUCTION OF**
18                                     **DOCUMENTS**

19                                     Date:  January 23, 2007
                                       Time:  8:15 a.m.
20                                     Place: Telephonic

21                                     Discovery Cut-off: None set
                                       Pre-trial Conference: None Set
22                                     Trial Date: None Set

23  CONSOLIDATED WITH                  Judge: Hon. Stephen G. Larson
    MATTEL, INC. v. BRYANT and
24  MGA ENTERTAINMENT, INC. v.         Discovery Cut-Off: T.B.D.
    MATTEL, INC.
25

26

27

28
                                       DECLARATION OF KEITH JACOBY

                                       722C

EXHIBIT __6__

PAGE __32__

1   discovery, nor has it logged it on any privilege log.

2       30.   Bryant has not "refused" to produce communications between himself

3   and MGA. To the contrary, he has produced his agreement, his royalty statements,

4   all manner of artwork that was done for MGA or assigned to MGA.

5       31.   Moreover, and contrary to Mattel's contentions, Bryant has conducted

6   an extensive and diligent search for responsive and relevant information. Bryant

7   made the computer hard drive of the computer he used from 2000 to 2002 available

8   to his counsel, and counsel have not found any responsive documents or relevant

9   information in his computer hard drives, or documents related to his

10   communications with MGA.

11       32.   Mattel's speculation that Bryant's counsel "apparently has made no

12   effort to look for or recover deleted data from that hard drive and made no effort to

13   examine the other computers at all" is a complete falsehood, and contradicts

14   express representations made to Mattel's counsel in the meet and confer that such a

15   search was undertaken and did not reveal any responsive documents. This is set out

16   in the Stipulation. Mattel's baseless representations ignore the fact that Bryant's

17   counsel has examined his hard drive extensively for any responsive documents, and

18   it has not found any. It also ignores the fact that scores of attorney hours have been

19   spent searching for documents at Bryant's home and in his studio. While Bryant has

20   tirelessly searched for and inspected his computer hard drives for relevant

21   information, there is irrefutable evidence that Mattel has not turned over all of

22   Bryant's electronic data, such as responsive emails or their attachments.

23       33.   Bryant has been even more accommodating in his furnishing of

24   personal telephone records, but to no avail. He has produced pages of telephone

25   records reflecting phone calls between MGA and himself. He also produced

26   redacted phone records from Veronica Marlow, the individual that introduced

27   Bryant to MGA. He produced those records in good faith, even though they are not

28   his own, because they were turned over by Marlow to his attorneys during this

EXHIBIT _____6_____  10.

PAGE _____33_____

DECLARATION OF KEITH A. JACOBY

1  During that time, Mr. Bryant was questioned on thirty-four (34) separate exhibits,

2  collectively containing over 100 documents.

3       I declare under penalty of perjury under the laws of the United States

4  of America that the foregoing is true and correct. Executed this 11th day of January

5  2007.

6

7                                                Keith A. Jacoby

8

9  Firmwide:81881546.1 028307.1010

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT   6

                12.                     DECLARATION OF KEITH A. JACOBY

PAGE   34

# EXHIBIT 7

CONFORMED COPY

FILED

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA  94111
415-774-2611
415-982-5287 (fax)

2007 JAN 26  PM 12: 25

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

|  |  |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. C 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING MATTEL'S<br>MOTION TO COMPEL PRODUCTION<br>OF DOCUMENTS** |
| CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL,<br>INC. |  |

## I.  INTRODUCTION

On January 3, 2007, Mattel, Inc. ("Mattel") submitted its Motion to Compel Production of

Documents to the undersigned Discovery Master for disposition.[1]  On January 11, 2007, Carter

Bryant ("Bryant") submitted his opposition brief, and on January 18, 2007, Mattel submitted a

reply brief.  The matter was heard via telephonic conference call on January 24, 2007.  Having

---

[1]  Pursuant to a stipulation and order filed December 6, 2006, the undersigned was designated Discovery Master in accordance with Rule 53 of the Federal Rules of Civil Procedure.

EXHIBIT ____7____

PAGE ____35____

1

1-26

CALENDARED

EXHIBIT ____7____

PAGE ____36____

considered the motion papers and comments of counsel at the hearing, Mattel's Motion to Compel Production of Documents is GRANTED.

## II. BACKGROUND

At the heart of this lawsuit is a dispute over the rights to the "Bratz" dolls. This highly lucrative line of dolls was first conceived by Bryant, a former Mattel employee, and made commercially available by MGA Entertainment, Inc. ("MGA") in the summer of 2001. Sales of Bratz dolls now rival Mattel's Barbie doll.

### A. Mattel's Original Complaint

On April 27, 2004, Mattel, the world's largest manufacturer and marketer of toys, filed suit against its former employee Bryant in state court asserting claims for breach of contract, breach of fiduciary duty, breach of duty of loyalty, unjust enrichment, and conversion. Mattel employed Bryant as a product designer from September 1995 through April 1998, and from January 1999 through October 2000. Upon starting his second term, Bryant signed an Employee Confidential Information and Inventions Agreement which required him not to engage in any employment or business other than for Mattel, or invest or assist in any manner any business competitive with the business or future business plans of Mattel. Bryant also assigned to Mattel all rights, title, and interest in the "inventions" he conceived of, or reduced to practice, during his employment.

In addition, Bryant completed Mattel's Conflict of Interest Questionnaire, certifying that he had not worked for any of Mattel's competitors in the prior twelve months and had not engaged in any business dealings creating a conflict of interest. Bryant agreed to notify Mattel of any future events raising a conflict of interest.

Mattel alleges that during his employment, Bryant secretly aided, assisted and worked for a Mattel competitor (later identified as MGA). Bryant entered into an agreement with MGA to

provide product design services on a "top priority" basis.[2]  The agreement further provided that Bryant would receive royalties and other consideration for sales of products on which he provided aid or assistance; that all work and services furnished by Bryant to MGA under the agreement would be considered "works for hire"; and that all intellectual property rights to preexisting work by Bryant purportedly would be assigned to MGA.  Mattel further alleges that Bryant converted, misappropriated and misused Mattel property and resources while he was employed at Mattel.  In the complaint, Mattel claims ownership of all inventions and works created by Bryant during his Mattel employment and seeks to recover all benefits obtained as a result of his alleged breach of duties.

In May of 2004, Bryant removed the state court action to the U.S. District Court, asserting subject matter jurisdiction under both 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1332 (diversity jurisdiction).  Mattel filed a motion to remand and submitted a copy of Bryant's agreement with Mattel's competitor, namely MGA.  The agreement was dated September 18, 2000 – a time when Bryant was still employed by Mattel — and required Bryant to provide MGA with design services for the Bratz dolls.  In return, MGA agreed to compensate Bryant at a monthly rate for a period of time and to pay Bryant a 3% royalty on sales of Bratz dolls.  In August of 2004, the district court remanded the action.

B.  Bryant's Cross-complaint

In September of 2004, after the case was returned to state court, Bryant filed a cross-complaint against Mattel to challenge the legality of Mattel's Employee Confidential Information and Inventions Agreement.  Bryant's cross-complaint included claims for unfair competition, rescission, declaratory relief, and fraud.

//

---

[2]  Bryant has already produced his agreement with MGA.  Therefore, the existence of the agreement does not appear to be in dispute.

C. Bryant's Second Notice of Removal (CV 04-9059)

In November of 2004, Bryant filed a second notice of removal, once again invoking federal question and diversity jurisdiction. Bryant asserted that Mattel's complaint presented a federal question because events occurring since the first removal and remand demonstrated that Mattel's conversion claim involved the rights to the Bratz dolls, and therefore was preempted by the Copyright Act. Bryant also contended that there was diversity jurisdiction because he and Mattel were citizens of different states and the amount in controversy exceeded the $75,000 jurisdictional limit because the rights to the Bratz dolls were at stake. After the second notice of removal, MGA intervened as a defendant pursuant to a stipulation and order.

D. Bryant's Declaratory Relief Action Against Mattel (CV 04-9049)

On the same day that Bryant filed his second notice of removal, he also filed a complaint in federal court seeking a declaratory judgment that the Bratz dolls do not infringe Mattel's copyrights in a project known as "Toon Teens."

E. MGA's Complaint Against Mattel (CV 05-2727)

In April of 2005, MGA filed suit against Mattel alleging essentially unfair competition claims. MGA alleged that Mattel engaged in "serial copycatting" of Bratz dolls, Bratz "pets" and other Bratz products, Bratz television commercials, and Bratz packaging.

F. Mattel's Second Motion to Remand its Complaint against Bryant

Mattel filed another motion to remand its suit against Bryant. In March of 2005, the district court issued an order denying the motion to remand and certifying the order for interlocutory review. Mattel filed an appeal, and the district court stayed discovery in May of 2005. Discovery did not resume until May 2006, when the Ninth Circuit affirmed the district court ruling. After the stay was lifted the district court consolidated all three actions for all purposes. There is no scheduling order currently in place.

G. Court Dismisses Bryant's Cross-claims and Declaratory Relief Action

In July of 2006, the district court dismissed Bryant's cross-claims pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief may be granted. The district court also dismissed Bryant's declaratory relief action, finding there existed no reasonable apprehension of an imminent copyright infringement claim against him by Mattel based upon Mattel's Toon Teen intellectual property.

H. Mattel's Counterclaims against MGA

Mattel sought leave to file an amended complaint in case no. CV 05-9059 to add five defendants and nine new legal claims alleging a wide range of commercial disputes. For example, Mattel's proposed amended complaint contains RICO claims, a trade secret misappropriation claim, and aiding and abetting claims predicated on allegations that MGA cherry-picked certain high ranking Mattel executives or designers and then enticed them to steal Mattel's trade and proprietary secrets and deliver them to MGA before beginning work with MGA. Mattel also sought leave to add a copyright infringement claim. Mattel has recently filed copyright registrations with the U.S. Copyright Office claiming ownership in various Bratz doll designs created by Bryant.

On January 11, 2007, the district court granted Mattel leave to file its proposed amendments, but only insofar as they are pled in the form of an amended answer and counterclaim in the case MGA filed against Mattel, CV 05-2727. The next day, Mattel filed its amendments as ordered in case no. CV 05-2727.

I. Mattel's Requests for Production of Documents

Mattel served the requests for production of documents at issue in this motion on June 14, 2004. Bryant served objections and responses on July 16, 2004. The parties met and conferred, but ultimately Mattel moved to compel production in January of 2005. That motion, however,

EXHIBIT 7

PAGE 40

was not heard before the district court stayed all discovery pending resolution of Mattel's appeal to the Ninth Circuit on subject matter jurisdiction issues.

After the stay of discovery was lifted, the parties met and conferred on June 20, 2006, at the courthouse, and were able to achieve apparent agreement on the bulk of the present motion to compel. The parties informed the court that they would submit a stipulation and order. See Minutes dated June 20, 2006, Zeller Dec. Ex. 6 ("With respect to Mattel's Motion to Compel Production of Documents, counsel will be submitting a stipulation and order which will be dispositive of all the issues in dispute.").

Over the next several months, the parties exchanged draft stipulations and orders to memorialize the parties' meet and confer session, but were unable to reach final agreement because Bryant insisted upon including the following sentence in the stipulation: "The stipulation resolves all issues raised in Mattel's motion to compel, which is hereby withdrawn." Bryant's Opposition at 1:18-20. By including this sentence, Bryant intended to prevent further law and motion regarding the requests at issue in Mattel's original motion to compel. Id. at 1:21-23. From Mattel's perspective, however, the proposed sentence amounted to a demand that Mattel waive its right to all further discovery in connection with its requests. Mattel proposed the following provision as an alternative:

> Except as, and only as set forth in the terms of Paragraph One above, nothing in this Stipulation shall preclude or limit Mattel from seeking further discovery on any matter, including as to matter on which the parties could not reach complete agreement, or preclude or limit any right of Bryant to object or resist to such discovery.

Bryant's Opposition at 7:5-11. Apparently Mattel's alternative language was unacceptable to Bryant. At the direction of the Discovery Master, the parties met and conferred again in late December 2006, but to no avail.

Despite the parties' inability to reach final agreement, Bryant produced approximately

1,600 pages of documents to date. Mattel contends, however, that the production is inadequate and consistent with a pattern of stonewalling.[3] Accordingly, Mattel filed the instant motion to compel responsive documents, which includes a request for sanctions in the amount of $7,805.

J.   Mattel's Motion to Compel Production of Documents

Mattel's motion has three parts. First, Mattel seeks an order compelling Bryant to produce the following categories of requested documents: (a) documents relating to Bratz designs created by Bryant while employed by Mattel; (b) doll prototypes created by Bryant while working for Mattel; (c) documents that refer to the conception, creating or development of Bratz; (d) Mattel-related documents that Bryant disclosed to MGA; (e) communications between Bryant and MGA that relate to Mattel or Mattel employees; and (f) documents showing what dolls Bryant was exposed to while working at Mattel. Mattel's Motion at 6. Mattel asserts that these categories of documents are relevant to establish Bryant's liability and would reveal works rightfully owned by Mattel.

Second, as to other categories of documents which Bryant has agreed to produce, Mattel contends that Bryant has imposed unjustified limitations. According to Mattel, Bryant will not produce any responsive documents that were created after the suit was filed; Bryant will not produce any communications with MGA "created" after the end of his Mattel employment; Bryant is limiting production of Bratz-related documents to designs that, in Bryant's view, "resulted in" the first line of Bratz dolls released in June 2001; Bryant has not produced known contracts between him and MGA and refuses to produce non-privileged communications relating to those contracts; and Bryant has withheld all but one category of financial documents relating to

---

[3]   According to Mattel, Bryant evaded a deposition until Mattel obtained a court order compelling him to appear. Similarly, MGA allegedly refused to permit its CEO, Isaac Larian, from being deposed. Mattel again obtained a court order compelling the deposition and sanctions. To date, only Bryant and Larian have been deposed.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7



EXHIBIT ___7___
PAGE ___42___

his earnings from his work for MGA. Mattel's Motion at 7. Mattel seeks full production of responsive documents without any of the limitations described above.

Third, Mattel contends that the documents Bryant has produced are inadequate for a number of reasons: the financial documents are so heavily redacted they are useless; faxed documents are missing fax header information, including the sending and receiving parties[4]; e-mails and other electronic documents that are known to exist have not been produced; Bryant refuses to inspect, and refuses to permit Mattel to inspect, the hard drive of a computer he used during the relevant period; and Bryant's privilege log is facially incomplete and lists only four documents.

K. Bryant's Opposition to Mattel's Motion to Compel

Bryant opposes Mattel's motion to compel. He views the motion as nothing more than Mattel's unwillingness to allow closure on any discovery matter after a lengthy meet and confer process which began back in 2004. Bryant emphasizes that the document requests at issue were first propounded at a time when Mattel was attempting to remand the case, making the claim that it did not know whether $75,000 was in controversy and insisting that it was asserting solely state law claims. Bryant explains that given Mattel's view of the case in 2004, he took the position that discovery should be limited to what occurred in his last days at Mattel and shortly thereafter. See Bryant's Opposition at 4-5 ("Bryant's activities and earnings in connection with Bratz in later years could have no conceivable relevance to the case because if those activities and earnings were at stake, the case was worth millions, not pennies."). Accordingly, in the summer and fall of 2004, he produced the following categories of documents: documents evidencing the artwork used to create the "First Generation" of Bratz dolls – the first dolls sold to the public in the summer of 2001; hundreds of pieces of artwork he was permitted to retain from his employment

---

[4]   There is evidence that MGA's CEO instructed an employee to obliterate the fax header on a fax Bryant sent to MGA from Mattel's Design Center. MGA denies the accusation.



EXHIBIT  7
PAGE  43

at Mattel; MGA statements revealing his earnings connected with the sale of the First Generation Bratz dolls and his 2000 contract with MGA; personal phone records and bank records; and hundreds of three dimensional doll parts and toy accessories that came into his possession over the years, including a prototype of the First Generation "Jade" doll.

Bryant generally agrees with Mattel's description of the meet and confer session held at the courthouse on June 20, 2006 and the parties' exchange of draft stipulations.  According to Bryant, all the requests addressed in Mattel's original motion to compel and the instant motion led to agreement on the following points: (a) Bryant would produce all agreements for work he performed with or on behalf of MGA prior to June 30, 2001 (the approximate date the First Generation Bratz dolls were released to the public); (b) Bryant would waive the attorney-client privilege with respect to communications with the attorney who assisted him in negotiating his contract with MGA, so long as that waiver would be limited and in no way waive the privilege with respect to litigation counsel; (c) Bryant would produce any documents relating to any payments he received from MGA while employed at Mattel, irrespective of the date of creation; (d) Bryant agreed to make a diligent search for all computers referenced in his deposition and search them for responsive documents; (e) Bryant agreed to produce all documents and tangible things obtained from Mattel during the course of his employment at Mattel; (f) Bryant agreed to conduct a search and produce any patent, trademark or copyright applications, registrations and other non-privileged documents in his possession in connection with his work with MGA prior to June 2001; (g) Bryant agreed to identify documents responsive to particular requests if Mattel could demonstrate that the requests asked for such identification of documents; (h) Bryant agreed to sign a verification that none of the information redacted from his phone records related to Bratz or his work for MGA prior to June 30, 2001; (i) Bryant agreed to supplement his privilege log; and (j) the parties agreed that the stipulation modified Bryant's prior response to the discovery

requests and that the stipulation controlled to the extent they were inconsistent. Bryant's Opposition at 5:22-6:21.

Bryant emphasizes that the parties have engaged in an extensive meet and confer process and asks the Discovery Master to order the disposition of this motion in a manner consistent with the parties' draft stipulation. If the draft stipulation is not adopted, Bryant fears the parties will have no incentive to compromise in the future. Bryant's Opposition at 1:24-2:3. Bryant also asks the Discovery Master to order Mattel not to revisit any of the requests that were the subject of Mattel's original motion to compel or the instant motion to compel. Id. at 2:11-13 and 10:9-10.

Furthermore, Bryant asserts that Mattel's requests are overbroad in numerous respects. In particular, Bryant asserts that Mattel is not entitled to all communications with MGA relating to Mattel employees. Bryant also asserts that Mattel is not entitled to unredacted personal phone records and financial information because these records are protected by privacy rights. Lastly, Bryant asserts that Mattel is not entitled to all Bratz related documents created after the lawsuit was filed.

### III. DISCUSSION

A. The Parties Did Not Reach a Stipulation to Resolve the Instant Motion

The parties' extensive submissions make it clear that the parties did not resolve the issues raised in the instant motion. The parties met and conferred extensively and in good faith, reaching compromises on virtually all categories of documents in dispute. Despite their efforts, however, the parties were ultimately unable to execute a binding stipulation because they were unable to agree on any provision to govern Mattel's future right to pursue additional discovery from Bryant. It is clear that the parties deemed it necessary to include such a provision in the draft stipulation in order to protect their respective positions. Because the parties did not execute a binding stipulation, there is no legal basis to enforce the terms contained in the draft stipulation.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10


EXHIBIT 7
PAGE 45

Therefore, Mattel's right to the discovery it seeks in the instant motion to compel is governed by the familiar guidelines set forth in Rule 26 of the Federal Rules of Civil Procedure.

Furthermore, because the parties met and conferred in good faith and because they had a legitimate dispute over language governing Mattel's future right to pursue additional discovery from Bryant, the Discovery Master denies Mattel's request for sanctions.

B. Rule 26 of the Federal Rules of Civil Procedure

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

C. Mattel's Requests for Production

Request Nos. 2, 13, 48:  Documents Relating to Bryant's Agreements with MGA

Mattel seeks documents relating to Bryant's agreements with MGA, including doll-related agreements.  Bryant is withholding responsive documents, including (a) documents relating to his Bratz agreements with MGA other than final signed agreements, including communications exchanged by the parties and drafts of the agreements, (b) documents relating to doll-related

EXHIBIT _____7_____

PAGE _____46_____

agreements discussed or negotiated by Bryant and third parties while he was employed by Mattel other than signed agreements that were "reached" while Bryant was employed by Mattel, and (c) documents relating to Bryant's fee agreements with MGA or other indemnity agreements relating to this action.

The Discovery Master finds that the withheld documents are relevant to Mattel's claims. Among other things, the withheld documents could establish the timing, nature and scope of Bryant's work for MGA (or others), ongoing acts of copyright infringement, and damages. In addition, the withheld documents could be used for impeachment purposes. Further, documents relating to fee or indemnity agreements between MGA and Bryant are relevant to demonstrate bias and lack of credibility. Bryant has failed to establish that the requested discovery is barred by Rule 26(b)(2), Fed.R.Civ.P. Accordingly, Bryant is ordered to produce all non-privileged documents responsive to Request Nos. 2, 13, and 48.

<u>Request Nos. 11, 12, 19, 37, 40, 41, 42, 43, 53, 54, 55: Documents Relating to Bratz's Development and Other Projects that Bryant Worked on for MGA</u>

Mattel seeks documents relating to the Bratz project and any other projects Bryant worked on for MGA. Bryant produced documents relating only to the First Generation Bratz dolls. Bryant is prepared to produce additional documents relating to work he performed for MGA prior to June 30, 2001, acknowledging that those documents are relevant to Mattel's claim that Bryant breached his employee agreement by allegedly performing services for Mattel and MGA at the same time. Bryant objects to the requests to the extent they seek any additional documents on relevancy and overbreadth grounds.

The Discovery Master finds that Mattel's requests seek relevant information and are not overbroad. The lawsuit is much broader than the First Generation Bratz dolls issued in June 30, 2001. For example, Mattel alleges that it is entitled all works created by Bryant during his Mattel

employment, regardless of whether they resulted in a Bratz doll released in June of 2001. Mattel also alleges that Bryant has breached his ongoing contractual duties not to use any of Mattel's confidential and proprietary information, not just information relating to the Bratz dolls released in June of 2001. Mattel also alleges that Bryant has infringed Mattel's alleged copyrights in Bratz works – works that are allegedly owned by Mattel because they were created while Bryant was employed by Mattel – through his ongoing conduct of reproducing and creating derivative works. Accordingly, Bryant is ordered to produce all non-privileged documents responsive to Request Nos. 11, 12, 19, 37, 40, 41, 42, 43, 53, 54, and 55.

Request Nos. 29, 30, 31, 32, 33, 34, 35, 36, 45, 46:  Documents Relating to Bryant's Payments from MGA

Mattel seeks documents relating to Bryant's payments from MGA. Bryant acknowledges that Mattel is entitled to know how much money Bryant has earned from MGA, and represents that he has produced, in redacted form, all royalty statements he has received related to the First Generation Bratz dolls and his 2000 contract with MGA. Bryant asserts that his redactions are justified as a means to avoid disclosing the breakdown of MGA's revenue by particular product, which information Bryant believes constitutes MGA's trade secret information. Bryant also objects to producing tax returns, asserting that Mattel cannot show a "compelling need" for the returns. Bryant's Opposition at 29:21-27.

The Discovery Master finds that documents relating to MGA's payments to Bryant, including royalty statements and other payment information, are relevant to several Mattel claims. First, Mattel's claims against Bryant include breach of contract, breach of fiduciary duty, breach of duty of loyalty, unjust enrichment, and conversion. Mattel seeks to recover all benefits Bryant received as a result of his alleged violations of duties to Mattel. Payments to Bryant from MGA and others might be traceable to work Bryant performed while employed by Mattel, regardless of

EXHIBIT _____7_____

PAGE _____48_____

when the payments were actually made.  Such payments might also lead to evidence to support Mattel's allegation that Bryant converted, misappropriated, or misused Mattel information.

Second, the payments are relevant to Mattel's recently added claim for copyright infringement.  Mattel alleges that Bryant, MGA, and others have infringed Mattel's rights in the Bratz drawings and works by copying and preparing derivative works from those works.  Under the Copyright Act, a plaintiff is entitled to recover profits from infringement as well as actual damages.  17 U.S.C. §504(b).  The works that potentially infringe Mattel's copyrights, therefore, include all Bratz doll products that MGA released to the market.  For this reason, and for reasons already discussed in the previous subsection, Bryant's limited production of documents relating to only the First Generation of Bratz dolls is inadequate.

Third, payments to Bryant are relevant to Mattel's recently added claims for trade secret misappropriation.  Payments could show when and what trade secret information Bryant and other defendants allegedly misappropriated from Mattel.  Any proof of trade secret theft is also relevant to Mattel's defense against MGA's unfair competition claims.

Lastly, the breakdown of gross royalty payments may be required to prove actual causation of damages.

The protective order filed on January 4, 2005, is sufficient to address any confidentiality concerns raised by Bryant.  Among other things, the protective order provides protection for confidential trade secret information.  It has two tiers of protection, allowing a party to designate documents as either "Confidential" or "Confidential – Attorney's Eyes Only."  The protective order also requires the parties to use information produced in discovery only for purposes of this litigation and not for any other purpose.

Accordingly, Bryant is ordered to produce, without redactions, all non-privileged documents responsive to Request Nos. 29, 30, 31, 32, 33, 34, 35, 36, 45, and 46.  Bryant,



EXHIBIT ___7___

PAGE ___49___

however, is not required to produce tax returns, provided that he otherwise fully complies with these requests as ordered.

Request Nos. 20, 23, 27, 28: Communications Between Bryant and MGA

Mattel seeks production of Bratz-related communications and communications with MGA. More specifically, Mattel seeks production of four categories of documents Bryant has refused to produce: (1) communications between Bryant and MGA or third parties that explicitly relate to designs Bryant created while employed by Mattel; (2) communications between Bryant and MGA that relate to Mattel employees; (3) communications between Bryant and MGA relating to Bryant's Mattel employment or work Bryant performed for Mattel, except those communications "created" prior to the close of Bryant's Mattel employment; and (4) communications between Bryant and MGA that post-date Bryant's Mattel employment.  Bryant contends that the discovery requests for communications between Bryant and MGA are overbroad.  Bryant asserts that there are many former Mattel employees and friends of his who have privacy rights that would be impinged upon if he were to disclose his communications. Bryant also asserts that he has his own confidentiality interest regarding any information that he shared with MGA.  In particular, he objects to Mattel's discovery requests to the extent they would require him to reveal the identity of current Mattel employees seeking employment with MGA or Bryant.

The Discovery Master finds that Mattel's requests for all communications between Bryant and MGA unquestionably seek information relevant to Mattel's claims:  they will reveal what Mattel information Bryant shared with MGA, if any, and when.  The protective order is sufficient to address Bryant's confidentiality concerns.  It allows parties to designate as "Confidential" private information about current or former employees, contractors or vendors (including employee, contractor and personnel records).  Therefore, Bryant is ordered to produce all non-


EXHIBIT 7
PAGE 50

privileged documents responsive to Request Nos. 20, 23, 27, and 28.  However, Bryant may continue to redact his telephone records, and shall provide a signed verification that none of the telephone calls that were redacted relate or refer in any way to MGA, Bratz, or any other project that Bryant worked on, with, for, or on behalf of MGA.  Telephone calls that do not relate or refer in any way to MGA or Bratz are irrelevant.

Request Nos. 49, 51:  Mattel-Related Documents

Mattel seeks production of Mattel-related documents, and Bryant agrees to produce them. Accordingly, Bryant is ordered to produce all documents responsive to Request Nos. 49 and 51.

Request No. 9:  Documents re Registrations and Applications for Registrations

Lastly, in Request No. 9 Mattel seeks production of documents registrations and registrations and applications for registration.  Bryant deems the motion moot with respect to Request No. 9 because he agrees to produce any patent, copyright and trademark applications, registrations or other non-privileged documents in his possession, custody or control that constitute or relate to such applications and registrations obtained or applied in connection with (1) work on Bratz prior to January 1, 2001; (2) work related to the release of the First Generation Bratz dolls; and (3) work related to any work Bryant performed with, for or on behalf of MGA during the term of Bryant's employment with Mattel.

As discussed previously, the Discovery Master finds that the First Generation Bratz limitation is improper.  Therefore, Bryant is ordered to produce all non-privileged documents responsive to Request No. 9.

IV. CONCLUSION

For the reasons set forth above, the Discovery Master orders as follows:

1. Mattel's motion to compel production of documents responsive to its First Set of Requests for Production, Request Nos. 2, 9, 11, 12, 13, 19, 20, 23, 27, 28, 29, 30, 31, 32, 33, 34,

35, 36, 37, 40, 41, 42. 43. 45, 46, 48, 49, 51, 53, 54, and 55, is GRANTED.  However, Bryant

need not produce his tax returns, on the condition that he complies fully with Request Nos. 29, 30,

31, 32, 33, 34, 35, 36, 45, and 46.

     2.  Bryant shall produce all redacted documents in un-redacted form, except for redactions

that are justified by the attorney-client privilege or work product doctrine or his telephone records

pursuant to the terms of this Order.

     3.  Bryant shall serve a complete privilege log in conformity with Rule 26(b)(5),

Fed.R.Civ.P.

     4.  Pursuant to Rule 34, Fed.R.Civ.P., Bryant shall produce the hard drives of his

computers for forensic imaging.

     5.  Bryant shall complete his production by producing missing attachments, fax cover

pages and all other missing responsive documents.

     6.  Mattel's request for an award of sanctions in the amount of $7,805 is DENIED.

     7.  Bryant shall comply with this Order no later than February 23, 2007.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master,

Mattel shall file this Order with the Clerk of Court forthwith.


IT IS SO ORDERED.


Dated: January 25, 2007

                        HON. EDWARD A. INFANTE (Ret.)
                           Discovery Master

EXHIBIT 7

PAGE 52

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 25,

2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL

PRODUCTION OF DOCUMENTS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Restagar Esq. | Littler Mendelson | drestagar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Valerie Nannery Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | valerienannery@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchjakian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchjakjian@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

EXHIBIT 7

PAGE 53

# EXHIBIT 8

1  (COUNSEL LISTED ON FOLLOWING PAGE)

2

3

4

5

6

7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**
   **EASTERN DIVISION**

10  CARTER BRYANT, an individual,     Case No.  CV 04-09049 SGL (RNBx)
                                      (consolidated with CV 04-9059 & 05-2727)
11
                Plaintiff,            DISCOVERY MATTER
12
         v.                          Hon. Edward A. Infante (Ret.)
13
    MATTEL, INC., a Delaware         Discovery Master
14  Corporation,
                                     **STIPULATION AND [~~PROPOSED~~]**
15              Defendant.           **ORDER RE REQUEST TO EXTEND**
                                     **DEADLINE WITHIN WHICH**
16                                   **CARTER BRYANT MUST COMPLY**
                                     **WITH THE DISCOVERY MASTER'S**
17                                   **JANUARY 25, 2007 ORDER**
                                     **GRANTING MATTEL'S MOTION TO**
18                                   **COMPEL PRODUCTION OF**
                                     **DOCUMENTS**
19

20

21  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
22  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.
23

24

25

26

27

28

EXHIBIT ___8___

PAGE ___54___

2-27

1

2  DOUGLAS A. WICKHAM (S.B. #127268)
   dwickham@littler.com
3  KEITH A. JACOBY (S.B. #150233)
   kjacoby@littler.com
4  LITTLER MENDELSON
   A Professional Corporation
5  2049 Century Park East, 5th Floor
   Los Angeles, CA 90067.3107
6  Telephone: (310) 553-0308
   Facsimile: (310) 553-5583

7  Attorneys for CARTER BRYANT

8  DIANA M. TORRES (S.B. #162284)
   dtorres@omm.com
9  JAMES P. JENAL (S.B. #180190)
   jjenal@omm.com
10 O'MELVENY & MEYERS LLP
   400 South Hope Street
11 Los Angeles, CA 90071.2899
   Telephone: (213) 430-6000
12 Facsimile: (213) 430-6407

13 PATRICIA GLASER (S.B. #55668)
   CHRISTENSEN, GLASER, FINK,
14 JACOBS, WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
15 Los Angeles, CA 90067
   Telephone: (310) 553-3000
16 Facsimile: (310) 557-9815

17 Attorneys for MGA ENTERTAINMENT,
   INC.

18 JOHN B. QUINN, Bar No. CA 90378
   MICHAEL T. ZELLER, Bar No. CA 194617
19 QUINN EMANUEL URQUHART OLIVER
   & HEDGES, LLP
20 865 South Figueroa Street, 10th Floor
   Los Angeles, CA 90017.2543
21 Telephone: 213.443.3000
   Facsimile: 213.443.3100
22
23 Attorneys for MATTEL, INC.

24

25

26

27

28

EXHIBIT 8

PAGE 55

1     **WHEREAS**, in January, 2005, pursuant to Local Rule 37, Mattel, Inc.

2    ("Mattel") filed a motion to compel Carter Bryant's ("Bryant") production of

3    documents responsive to Mattel's First Set of Document Requests, served in June

4    2004;

5     **WHEREAS**, before Mattel's motion to compel was heard, the Court stayed

6    discovery;

7     **WHEREAS**, after the discovery stay was lifted, Magistrate Judge Block

8    ordered the parties to further meet and confer on June 20, 2006 in connection with

9    Mattel's motion (among others);

10     **WHEREAS**, after the further meet and confer, the parties sought to reach a

11    written stipulation to resolve the motion, but ultimately were unable to reach

12    agreement;

13     **WHEREAS**, after Mattel stated its intention to re-file its motion, Discovery

14    Master Infante directed the parties to further meet and confer, which occurred on

15    December 28, 2006;

16     **WHEREAS**, on January 3, 2007, Mattel submitted to Discovery Master Infante

17    its Motion to Compel Carter Bryant to Produce Documents ("Motion to Compel");

18     **WHEREAS**, on January 25, 2007, Discovery Master Infante issued an Order

19    granting Mattel's Motion to Compel (the "Order");

20     **WHEREAS**, presently, the deadline by which Bryant is to comply with the

21    Order is February 23, 2007;

22     **WHEREAS**, Bryant represents that he needs additional time to review and

23    search for responsive documents that are covered by the Court's Order and that the

24    quantity of such documents may be significant. Bryant further represents that the

25    types of documents and materials that potentially are responsive include original

26    artwork that requires special handling to avoid alteration or destruction. Bryant also

27    represents that he needs an extension time because he has been and will be traveling

28    out of state until March 2 or 3, 2007. As a result, Bryant represents that he needs



EXHIBIT ___8___ 1.

PAGE ___56___

1    additional time in order to search for, gather, bate number and produce further

2    documents and materials that are responsive to, and in compliance with, the Order.

3    For documents that are already in Bryant's counsel's office in Los Angeles, Bryant

4    seeks a brief extension of time up to and including March 2, 2007 within which to

5    produce further responsive documents in compliance with the Order. For documents

6    and materials that are currently located in Springfield, Missouri (in Bryant's studio),

7    Bryant seeks an extension of time up to and including March 16, 2007 within which to

8    produce further responsive documents in compliance with the Order. Bryant also

9    requests that the time within which to prepare and produce any privilege logs also be

10   extended up to and including March 16, 2007; and

11        **WHEREAS**, Mattel is amenable to the requested extension as a professional

12   courtesy and to avoid burdening the Discovery Master and/or the Court with

13   additional disputes, but in doing so does not waive, and hereby reserves, its rights and

14   remedies with respect to this or any other deferment of discovery, including without

15   limitation in connection with potential motion(s), if any, seeking to alter any and all

16   deadlines at the appropriate time and/or to recall witnesses of MGA and/or Bryant as

17   may be necessary and appropriate.

18        **THEREFORE**, subject to the approval of the Discovery Master, the parties

19   stipulate and agree that the time within which Bryant shall comply with the Court's

20   Order shall be extended as follows:

21        (1) with respect to those further responsive documents and materials that are

22   currently located in Los Angeles, Bryant will produce such further responsive

23   documents and materials pursuant to the Order on or before March 2, 2007;

24        (2) with regard to such responsive documents and materials that are currently

25   located in Springfield, Missouri, Bryant will produce such further responsive

26   documents and materials pursuant to the Order on or before March 16, 2007; and

27   //

28   //

EXHIBIT   8   2.

PAGE   57

1    (3) Bryant also will serve his privilege log(s) on or before March 16, 2007.

2    **SO STIPULATED.**

3    Dated: February 23, 2007

4                                        DOUGLAS A. WICKHAM
                                         LITTLER MENDELSON
5                                        A Professional Corporation
                                         Attorneys for CARTER BRYANT
6    Dated: February 23, 2007

7                                        DIANA M. TORRES
                                         O'MELVENY & MYERS, LLP
8                                        A Professional Corporation
                                         Attorneys MGA ENTERTAINMENT,
9                                        INC.

10   Dated: February 25, 2007

11                                       MICHAEL T. ZELLER
                                         QUINN EMANUEL URQUHART
12                                       OVER & HEDGES, LLP
                                         Attorneys for MATTEL, INC.
13
                              **ORDER**
14
     Upon Stipulation of the Parties and GOOD CAUSE appearing therefor, it
15
     is hereby **SO ORDERED.**
16
     DATED: Feb 26, 2007
17
                                         HON. EDWARD A. INFANTE (RET.)
18                                       DISCOVERY MASTER

19

20

21

22

23

24

25

26

27

28

EXHIBIT 8

3.

PAGE 58

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on February 26, 2007, I served the attached STIPULATION AND ORDER RE REQUEST TO EXTEND DEADLINE WITHIN WHICH CARTER BRYANT MUST COMPLY WITH THE DISCOVERY MASTER'S JANUARY 25, 2007 ORDER GRANTING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on February 26, 2007, at San Francisco, California.

_Sandra Chan_

Sandra Chan

EXHIBIT __8__

PAGE __59__

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107.

On February 27, 2007, I served the within document(s):

**STIPULATION AND ORDER RE REQUEST TO EXTEND DEADLINE WITHIN WHICH CARTER BRYANT MUST COMPLY WITH THE DISCOVERY MASTER'S JANUARY 25, 2007 ORDER GRANTING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

☐    This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error. The names and facsimile numbers of the person(s) served are as set forth below.

☒    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☒    by personal service I caused such envelope to be delivered to **Allstar Messenger Service** for delivery to the address below.

| | |
|---|---|
| **Michael T. Zeller, Esq.**<br>**B. Dylan Proctor, Esq.**<br>**Quinn Emanuel Urquhart Oliver &**<br>**Hedges LLP**<br>**865 S. Figueroa Street, 10th Floor**<br>**Los Angeles, CA 90017**<br>**Fax: (213) 443-3100** | **Diana M. Torres, Esq.**<br>**James Jenal, Esq.**<br>**O'Melveny & Myers LLP**<br>**400 S. Hope Street**<br>**Los Angeles, CA 90071**<br>**Fax: (213) 430-6407** |
| **(by Personal Service)** | **(by Mail)** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT 8

PROOF OF SERVICE

PAGE 60

1   **Patricia Glaser, Esq.**
2   **Christensen, Glaser, Fink, Jacobs,**
    **Weil & Shapiro, LLP**
3   **10250 Constellation Boulevard**
4   **19th Floor**
    **Los Angeles, CA 90067**
5   **Fax : (310) 556-2920**

6
7   **(by Mail)**

            I am readily familiar with the firm's practice of collection and processing
8
correspondence for mailing and for shipping via overnight delivery service.   Under
9
that practice it would be deposited with the U.S. Postal Service or if an overnight
10
delivery service shipment, deposited in an overnight delivery service pick-up box or
11
office on the same day with postage or fees thereon fully prepaid in the ordinary
12
course of business.
13
            I declare under penalty of perjury under the laws of the United States of
14
America that the above is true and correct.
15
            Executed on February 27, 2007, at Los Angeles, California.
16

17

18                                              _____
                                                J. Monique McDonald
19

20

21   Firmwide:81971483.1 028307.1010

22

23

24

25

26

27

28                          EXHIBIT ____8____
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East           PAGE ____61____
5th Floor
Los Angeles, CA  90067-3107              PROOF OF SERVICE
310.553.0308

# EXHIBIT 9

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 10

**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

March 2, 2007

Douglas A. Wickham
Direct: 310.712.7314
Direct Fax: 310.553.5583
dwickham@littler.com

**HAND DELIVERY**

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

**Re:   Bryant v. Mattel**

Dear Mr. Zeller:

Pursuant to Discovery Master Infante's January 25, 2007 Order (as modified concerning the due dates for supplemental document productions), I have enclosed with this letter Carter Bryant's first supplemental document production.   This supplemental production is comprised of documents that are all marked *"CONFIDENTIAL - - ATTORNEY'S EYES ONLY"* and are Bates numbered BRYANT O1589 through 05099.

In addition, as we agreed this week (and with you reserving all of your client's rights in this regard including its right to insist on conducting an inspection of the actual hard drive(s) or to have a third party do so), Carter Bryant's computer hard drive(s) need not be produced at this time.   However, we have enclosed in the supplement production those documents that we could open on the hard drive(s), which contain material that may be responsive to Discovery Master Infante's order.   In this regard, we erred on the side of over-inclusiveness rather than under-inclusiveness.

Moreover, for those documents/images on the drive(s) that contain highly private material, we will obtain and send to you information regarding the file types and the "last modified" or "saved" dates for such files, if such information is accessible from the drive(s).   We truly appreciate your courtesy in this regard.

After you have received and reviewed this letter and the enclosed supplemental production, please call me if you wish to discuss this matter further.

Sincerely,

Douglas A. Wickham

DAW:cdm
Enclosures

Firmwide:82121859.2 028307.1010

ARIZONA
CALIFORNIA
COLORADO
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
MASSACHUSETTS
MINNESOTA
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
PENNSYLVANIA
TEXAS
WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™

2049 Century Park East, 5th Floor, Los Angeles, California 90067-3107  Tel: 310.553.0308 Fax: 310.553.5583 www.littler.com

EXHIBIT 10

PAGE 65