# EXHIBIT 11



## LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

Douglas A. Wickham
Direct: 310.712.7314
Direct Fax: 310.553.5583
dwickham@littler.com

ARIZONA

CALIFORNIA

COLORADO

DISTRICT OF
COLUMBIA

FLORIDA

GEORGIA

March 16, 2007

### VIA HAND DELIVERY

ILLINOIS

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

MASSACHUSETTS

### Re: **Bryant v. Mattel**

Dear Mr. Zeller:

MINNESOTA

Pursuant to Discovery Master Infante's January 25, 2007 Order (as modified concerning the due dates for supplemental document productions), I have enclosed with this letter Carter Bryant's second supplemental document production. This supplemental production is comprised of documents that are all marked "*CONFIDENTIAL - - ATTORNEY'S EYES ONLY*" and are Bates numbered BRYANT 05100 through 17618. We also have enclosed a privilege log and Mr. Bryant's Verification regarding prior redactions to his telephone records.

NEVADA

NEW JERSEY

NEW YORK

In addition, as we agreed (and with you reserving all of your client's rights in this regard including its right to insist on conducting an inspection of the actual hard drive(s) or to have a third party do so), Carter Bryant's computer hard drive(s) need not be produced at this time. However, we have enclosed in the supplement production those documents that we could open on the hard drive(s), which contain material that may be responsive to Discovery Master Infante's order. In this regard, we erred on the side of over-inclusiveness rather than under-inclusiveness.

NORTH CAROLINA

OHIO

Moreover, for those documents/images on the drive(s) that contain highly private material, we will obtain and send to you information regarding the file types and the "last modified" or "saved" dates for such files, if such information is accessible from the drive(s). We truly appreciate your courtesy in this regard.

PENNSYLVANIA

TEXAS

WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠
2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107 Tel: 310.553.0308 Fax: 310.553.5583 www.littler.com

EXHIBIT _____11_____

PAGE _____66_____

Michael T. Zeller, Esq.
March 16, 2007
Page 2

After you have received and reviewed this letter and the enclosed supplemental production, please call me if you wish to discuss this matter further.

Sincerely,

Douglas A. Wickham

DAW:cdm
Enclosures

Firmwide:82192031.1 028307.1010

EXHIBIT _____ 11

PAGE _____ 67

# EXHIBIT 12

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**     March 26, 2007

**NUMBER OF PAGES, INCLUDING COVER:** __

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Douglas A. Wickham, Esq.<br>Keith A. Jacoby, Esq.<br>***Littler Mendelson*** | (310) 553-0308 | (310) 553-5583 |
| Diana Torres, Esq.<br>Jim Jenal, Esq.<br>***O'Melveney & Meyers*** | (213) 430-6000 | (213) 430-6407 |

**FROM:**     Michael T. Zeller

**RE:**     Mattel, Inc. v. Bryant

FAXED
MAR 2 6 2007

**MESSAGE:**

07209/1915016.1

| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | Mia Albert - 3 | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|

| OPERATOR: | *WMh* | | CONFIRMED?   ☐ NO  ☐ YES: _____ |
|---|---|---|---|

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT _____12_____

PAGE _____68_____

03/26/2007 16:52 FAX  213824061°          QEUOH-LAO-2                              @ 001

```
                    *********************
                ***   TX REPORT   ***
                    *********************


        TRANSMISSION OK

        TX/RX NO              2132
        RECIPIENT ADDRESS     9414#07209#13105535583  ✓
        DESTINATION ID
        ST. TIME              03/26 16:51
        TIME USE              01'07
        PAGES SENT            3
        RESULT                OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**  March 26, 2007          **NUMBER OF PAGES, INCLUDING COVER:** __

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Douglas A. Wickham, Esq.<br>Keith A. Jacoby, Esq.<br>***Littler Mendelson*** | (310) 553-0308 | (310) 553-5583 ✓ |
| Diana Torres, Esq.<br>Jim Jenal, Esq.<br>***O'Melveney & Meyers*** | (213) 430-6000 | (213) 430-6407 |

**FROM:**  Michael T. Zeller

**RE:**  Mattel, Inc. v. Bryant

EXHIBIT _12_

PAGE _69_

# Group Send Report

```
Page       : 001
Date & Time: 03-26-2007    04:44pm
Line 1     : 2136240643
Line 2     :
Machine ID : QUINN EMANUEL
```

Job number            :   404

Date                  :   03-26  04:41pm

Number of pages       :   003

Start time            :   03-26  04:41pm

End time              :   03-26  04:44pm

Successful nbrs.

   Fax numbers

      ☎9414#007209#12134306407#

Unsuccessful nbrs.                                                              Pages sent

   Fax numbers

      ☎+9414#07209#13105535583                                     000

EXHIBIT __12__

PAGE __70__

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

March 26, 2007

**Via Facsimile and U.S. Mail**

Douglas A. Wickham, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California  90067

Re:   Mattel, Inc. v. Bryant

Dear Mr. Wickham:

I am writing pursuant to the Discovery Master Stipulation to request a meet and confer in advance of Mattel's contemplated motion to compel and for sanctions as a result of Bryant's failure to produce his hard drive as ordered by Judge Infante's Order compelling its production.

Although Mattel had agreed to a brief extension of a few days for Bryant to produce the hard drive, that time has now expired and, indeed, you have failed to comply with even the requests that I had made, and that you had agreed to, in exchange for that extension.  The hard drive's production is thus now overdue.  As I have also informed you, we regret that, in light of Bryant's flat refusals to extend similar courtesies of extensions of time to Mattel, we are unable to accept any further delays in Bryant's production of the hard drive.

Please let me know when you are available to meet and confer within the time required.  Alternatively, Bryant can promptly comply with his obligations under the Order and produce the hard drive so that Mattel can proceed with its forensic examination.

Best regards,

Michael T. Zeller

EXHIBIT __12__

PAGE __71__

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 17th Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2314
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/2086528.1

cc:    Keith Jacoby, Esq.
        Diana Torres, Esq.
        Jim Jenal, Esq.

2

EXHIBIT _12_

PAGE _72_

# EXHIBIT 13

## LITTLER MENDELSON®

March 26, 2007

Douglas A. Wickham
Direct: 310.712.7314
Direct Fax: 310.553.5583
dwickham@littler.com

**VIA U.S. MAIL AND FACSIMILE (213.443.3100)**

Michael Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:     **Mattel, Inc. v. Carter Bryant**

Dear Mr. Zeller:

I am writing pursuant to the Discovery Master Stipulation to request a meet and confer in advance of Carter Bryant's contemplated motion for a further protective order and for sanctions relating to one hard drive.

Prior to the due date for the March 16 document production in response to the Discovery Master's January 25 order, you agreed that Bryant need not produce his computer hard drives so long as he produced all responsive documents contained on the hard drives.  This agreement was prompted by my discovery that there were very private images on the hard drives that have absolutely no bearing on the facts or claims in this case.  This agreement was witnessed by myself and Ms. Torres and is memorialized in our recent letter that accompanied Mr. Bryant's production of documents on March 16, 2007.  Today, however, you reneged on this agreement and demanded that Mr. Bryant produce his hard drive for inspection, presumably for Mattel to gain access to highly private material.

With this letter, I seek to meet and confer with you prior to filing a motion for a further protective order relating to Bryant's hard drives.  Alternatively, Mattel can avoid this motion if it promptly agrees to stipulate to the entry of a protective order pertaining to private material on Bryant's hard drives and agrees – as you agreed before – that such private material on Bryant's hard drive on his personal computers need not be produced.

Please let me know at your earliest convenience when you are available to meet and confer prior to Bryant filing a motion in this regard.

Sincerely,

Douglas A. Wickham

DAW:cdm

cc:     Diana Torres, Esq.
        Diba Rastegar, Esq.

Firmwide:82242456.1 028307.1010

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™

2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107  Tel: 310.553.0308 Fax: 310.553.5583 www.littler.com

EXHIBIT _____15_____

PAGE _____73_____

# EXHIBIT 14

RECEIVED

**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

MAR 2 9 2007

ARIZONA

CALIFORNIA

March 27, 2007

COLORADO

Douglas A. Wickham
Direct: 310.712.7314
Direct Fax: 310.553.5583
dwickham@littler.com

DISTRICT OF
COLUMBIA

FLORIDA

**VIA U.S. MAIL AND FACSIMILE (213.443.3100)**

Michael Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

GEORGIA

ILLINOIS

Re:    **Mattel, Inc. v. Carter Bryant**

Dear Mr. Zeller:

I received your recent letter seeking to meet and confer with me regarding Mattel's motion pertaining to Mr. Bryant's hard drives.

MASSACHUSETTS

I am in mediation all day on Wednesday, March 28, 2007, and I am tied up with hearings and other matters on Thursday, March 29, 2007. I may be available to meet and confer with you on Friday, March 30, 2007 (only in the morning) or on Monday, April 2, 2007. However, there is a possibility that I will be in court Friday morning and then I will be out of town on Friday afternoon. I will monitor my schedule and send you another letter or an email message once my calendar has firmed up.

MINNESOTA

NEVADA

NEW JERSEY

In the meantime, we clearly disagree with your revisionist history of the parties' agreement concerning Mr. Bryant's hard drive(s). That said, we are exploring whether we can make a copy of the hard drive(s) and produce it to you after removing highly private, non-responsive documents.

NEW YORK

Moreover, Mr. Bryant's hard drive(s) that were recently copied in Missouri contain material which the Discovery Master has ruled need not be produced until the end of June 2007. The parties already commenced discussions concerning the modification of the protective order in this case to address issues pertaining to as of yet unreleased products. After further examination, it appears that these drives also contain highly private, non-responsive documents. Accordingly, since the parties need to continue the meet and confer sessions regarding modification of the protective order, we can take up these related issues when we next confer.

NORTH CAROLINA

OHIO

PENNSYLVANIA

In the meantime, you should be informed that Bryant already has produced hard copies of all documents responsive to Discovery Master Infante's January 25, 2007 order that could be located/accessed on Bryant's hard drives except for documents/images that Discovery Master-

TEXAS

WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠

2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107  Tel: 310.553.0308 Fax: 310.553.5583 www.littler.com

EXHIBIT ___14___

PAGE ___74___

Michael Zeller, Esq.
March 27, 2007
Page 2

Infante recently determined need not be produced until the end of June 2007 (and which will be the subject of the further protective order in this case).

Sincerely,

Douglas A. Wickham

DAW:cdm

cc:     Diana Torres, Esq.
        Diba Rastegar, Esq.

Firmwide:82251531.1 028307.1010

EXHIBIT __14__

PAGE __75__

# EXHIBIT 15

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Shores, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**FAXED APR 6 2007**

**DATE:**    April 6, 2007

**NUMBER OF PAGES, INCLUDING COVER:**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *Douglas Wickham, Esq.* *Keith Jacoby, Esq.*     Littler Mendelson | (310) 553-0308 | (310) 553-5583 |
| *Diana M. Torres, Esq.*     O'Melveny & Myers LLP | (213) 430-6584 | (213) 430-6407 |

**FROM:**    Michael T. Zeller

**RE:**    *Mattel, Inc. v. Carter Bryant*

**MESSAGE:**

07209/2047927.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Mia Albert./3th Floor | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT _15_

PAGE _76_

# Confirmation Report — Memory Send

Page      : 001
Date & Time : 04-06-2007   02:28pm
Line 1    : 2134433100
Line 2    :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 673 |
| Date | : | 04-06  02:26pm |
| To | : | ☎9643#7209#4306407 |
| Number of pages | : | 003 |
| Start time | : | 04-06  02:26pm |
| End time | : | 04-06  02:28pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 673          *** SEND SUCCESSFUL ***

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:    April 6, 2007          NUMBER OF PAGES, INCLUDING COVER:

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *Douglas Wickham, Esq.* *Keith Jacoby, Esq.* Littler Mendelson | (310) 553-0308 | (310) 553-5583 |
| *Diana M. Torres, Esq.* O'Melveny & Myers LLP | (213) 430-6584 | (213) 430-6407 |

FROM:    Michael T. Zeller

RE:    *Mattel, Inc. v. Carter Bryant*

MESSAGE:

| | | | |
|---|---|---|---|
| 07209/2047827.1 | ROUTE: | | ☐ CONFIRM FAX |
| CLIENT #    7209 | RETURN TO: Mia Albert/3th Floor | | ☒ INCLUDE CONF. REPORT |
| OPERATOR: | CONFIRMED?   ☐ No   ☐ Yes: | | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT    15

PAGE    77

# Group Send Report

```
Page      : 001
Date & Time: 04-06-2007   02:14pm
Line 1    : 2134433100
Line 2    :
Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 672 |
| Date | : | 04-06  02:11pm |
| Number of pages | : | 003 |
| Start time | : | 04-06  02:11pm |
| End time | : | 04-06  02:14pm |

Successful nbrs.

    Fax numbers

      ☎1*13105535583

Unsuccessful nbrs.                                                                                    Pages sent

    Fax numbers

      ☎12134306407#                                                        000

EXHIBIT _15_

PAGE _78_

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

April 6, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Douglas A. Wickham, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Re:   <u>Mattel, Inc. v. Bryant</u>

Dear Doug:

I am following up on our meet and confers earlier this week regarding Bryant's failure to produce his hard drives that Judge Infante's Order had compelled him to produce.

During our conversations, you have informed me of the following. Bryant's counsel has five images of hard drives that Bryant has used. Two of the images were created in July 2004 and have data from the 2002 and 2003 time period. One of these two images is of a 20 GB Travelstar drive from a Compaq Presario laptop, and the other is of a 20 GB Quantum Fireball LCT 15 drive. Bryant's counsel has EnCase images of the Travelstar and Quantum drives, but the physical drive from the Compaq Presario laptop only. You are going to provide me with the details of the drives from which the other three images were made. You have informed me thus far that these three images, which also are in EnCase and which have data of more recent vintage than the images of the Travelstar and Quantum drives, were made in March 2007.

This has raised the issue, among others, of the status of Bryant's "Desktop" drive that was the specific subject of Mattel's motion to compel Bryant's production of documents which Judge Infante granted. As Bryant's counsel is aware, Bryant purchased the "Desktop" in October 2000. He testified at deposition that, prior to November 2004, he had given that computer to his niece. In correspondence and in Court papers, Bryant previously had represented that this hard drive

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

EXHIBIT _15_

PAGE _79_

had been retrieved from Bryant's niece, that it has been in Bryant's counsel's possession since at least as early as November 2004, that it had been thoroughly reviewed and that no responsive information was contained on it.

During our recent discussions, however, because your statements that the images of the Travelstar and Quantum drives had information from the 2002 and 2003 time period suggested that these images did not include the Desktop drive (which would have 2000 and 2001 information on it), I specifically raised the whereabouts and status of the Desktop drive with you. In the first instance, after you had checked with your partner Keith Jacoby, you informed me during our call on April 4, 2007 that Bryant's prior representations about the Desktop drive were "wrong" and that the drive, in fact, had neither been obtained from Bryant's niece nor reviewed. You also said in this regard yesterday that you are not entirely sure about the accuracy of the foregoing and would have Keith call me directly to discuss this.

For the reasons explained in my letter to you of March 29, 2007, we consider the apparent absence of the Desktop drive to be a troubling development. Your statements to me this week during our meet and confers have increased, rather than diminished, the number of questions surrounding this evidence which Bryant represented that he had in hand and has been compelled by Court Order to produce. I therefore would appreciate it if Keith would follow up with me promptly, either today or by the end of Monday, particularly given that we have been seeking to resolve for some time now the matter of Bryant's failure to produce (among others) the Desktop drive. If the parties are not able to resolve this issue, we will have no alternative but to seek relief from Judge Infante. One type of relief that we are contemplating potentially seeking would include, without limitation, an order to show cause requiring Bryant to fully explain the facts and circumstances surrounding the non-production of the Desktop drive and make available the salient witnesses to testify on the subject.

Accordingly, I reiterate my prior requests that Bryant be prepared to discuss the specifics surrounding his failure to produce the Desktop hard drive. I also would expect, as part of those discussions, to be informed of the particulars of the persons with knowledge of facts pertaining to the hard drive, such as the name and contact information of the niece.

Finally, this will confirm that, as we discussed yesterday, you will be circulating for Mattel's consideration a draft document which outlines a protocol for the handling of the images and drives that Bryant's counsel does have in their possession.

I look forward to hearing from you and Keith on these subjects.

Very truly yours,

Michael T. Zeller

cc:     Keith Jacoby, Esq.
        Diana Torres, Esq.

2

EXHIBIT _____15_____

PAGE _____80_____

# EXHIBIT 16

FILED

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
   (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
   Susan Wines (Bar No. 168643)
   (susanwines@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

2007 APR 11 PM 12: 58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR AN ORDER TO ENFORCE COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE DESKTOP COMPUTER HARD DRIVE |
| | [Declaration of Michael T. Zeller filed concurrently herewith] |
| | Hearing Date: TBA<br>Time: TBA<br>Place: TBA |
| | Discovery Cut-off: October 22, 2007<br>Pre-trial Conference: January 14, 2008<br>Trial Date: February 12, 2008 |

EXHIBIT __16__

PAGE __81__

4-11

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2             PLEASE TAKE NOTICE that at a telephonic conference before

3    Discovery Master Hon. Edward Infante (Ret.), that will occur at a time to be

4    determined by Judge Infante, plaintiff and cross-defendant Mattel, Inc. ("Mattel") will,

5    and hereby does, move the Court:

6             (1)    for an Order compelling Carter Bryant ("Bryant") to produce for

7    inspection and forensic imaging within five calendar days the hard drive(s) from his

8    Desktop computer that Bryant purchased in October 2000, that Bryant and his counsel

9    had represented that they had in their possession and had reviewed for responsive

10   documents and that Bryant was compelled to produce by Judge Infante's Order dated

11   January 25, 2007 (the "Discovery Order");

12            (2)    for an Order compelling Bryant, in the event of his continued non-

13   production of the Desktop hard drive(s), to provide sworn declarations from each

14   person with knowledge fully detailing the facts and circumstances surrounding the

15   search for and the non-production of the Desktop hard drive(s);

16            (3)    in the alternative, for an Order to Show Cause why Bryant should

17   not be compelled to provide the foregoing; and

18            (4)    for an award of sanctions against Bryant and his counsel in the

19   amount of $2,106.00, which represents a portion of the fees and costs incurred by

20   Mattel in bringing this Motion.

21            This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 34 and

22   37 on the grounds that Carter Bryant has failed to comply with the Discovery Order

23   requiring him to produce his Desktop computer hard drive(s) and has made inconsistent

24   statements about his search for, his inspection of, and the whereabouts of such

25   computer hard drive(s) that he was compelled to produce.

26            This Motion is based on this Notice of Motion and Motion, the

27   accompanying Memorandum of Points and Authorities, the Declaration of Michael T.

28

EXHIBIT ___16___

PAGE ___82___

2

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

1 | Zeller filed concurrently herewith, the records and files of this Court, and all other

2 | matters of which the Court may take judicial notice.

### Statement of Rule 37-1 Compliance

6 |       The parties met and conferred regarding this motion on April 2, 2007 and

7 | April 3, 2007, as well as on other occasions.

10 | DATED: April 10, 2007         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By_____

      Michael T. Zeller
      Attorneys for Mattel, Inc.

EXHIBIT __16__

PAGE __83__

3

07209/2097326.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

As the Discovery Master will recall, Carter Bryant testified at deposition that he purchased a desktop computer in October 2000 (the "Desktop"). This was the same month Bryant left Mattel's employment. According to Bryant, he used that computer until at least 2002 or 2003, when he gave it to his niece. Given the time period of its use by Bryant, and Bryant's testimony that he had used the computer in connection with his work on Bratz and with MGA, the Desktop's hard drive is crucial evidence.[1] Beginning in 2004, Mattel sought its production, and Bryant refused on the grounds (among others) that it contained no responsive information.

Mattel moved to compel Bryant to produce his hard drives, including the Desktop hard drive specifically, so that they could be forensically examined. During motion practice, Bryant repeatedly represented that he had retrieved the Desktop from his niece and had thoroughly inspected it for relevant information but found none. Thus, in pleadings filed with the Court, declarations signed under penalty of perjury, and letters to Mattel's counsel, Bryant and his counsel stated in connection with the Desktop:

- "[Bryant] later purchased a computer, which he used for a time, and then gave away to his niece. That computer has been retrieved and searched for responsive documents, and none have been located."

- "Bryant made the hard drive of the computer he used from 2000 to 2002 available to his counsel, and counsel spent scores of attorney hours searching for documents at Bryant's home and in his studio, and produced responsive documents. Counsel has not

---

[1]   As a result of Bryant's now conflicting statements as described below, Mattel does not know with any certainty whether the Desktop has one hard drive or more than one hard drive or utilized additional forms of storage. Mattel therefore refers in this motion to the Desktop's hard drive in the singular form for convenience and simplicity, although the usage here should be understood to encompass any and all drives and storage devices associated with the Desktop.

EXHIBIT _16_

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

07209/2095442.1

found any responsive documents or relevant information on his computer hard drives, however."

- "Bryant's counsel has examined his hard drive extensively for any responsive documents, and it has not found any."

- ". . . Bryant has tirelessly searched for and inspected his computer hard drives for relevant information . . . ."

Indeed, although Bryant had testified at deposition about the existence of two other computers he had bought and used in connection with Bratz prior to his deposition in November 2004, Bryant claimed that the *only* hard drive of these three computers he was able to locate was from the Desktop.

By Order dated January 25, 2007, the Discovery Master granted Mattel's motion to compel and specifically required Bryant to produce his computer hard drives. Although the time for Bryant's compliance with the Order has come and gone, Bryant still has not produced the Desktop hard drive. Mattel gave Bryant extensions of time for compliance, based on Bryant's counsel's initial representations that Bryant was traveling and more time was needed. As those extended deadlines were expiring, however, Bryant's counsel claimed for the first time that they would not be producing the hard drive because it had some unspecified "highly private" materials on it. Subsequently, Bryant's counsel disclosed that they in fact had five forensic images of Bryant hard drives and asserted that, as a further reason for their non-production, some or all of these hard drives also contained trade secret information concerning unreleased Bratz products that were scheduled for release later in 2007 or 2008.[2]

During the meet and confer process, Mattel pointed out that these evolving claims did not make sense with respect to the Desktop hard drive. Given that Bryant's counsel had represented to the Court that they had "extensively" inspected and

---

[2]   In this motion, Mattel is not seeking relief as to any of Bryant's hard drives other than the hard drive for the Desktop. Mattel is still attempting to resolve issues pertaining to Bryant's recent claims about his other hard drives, and Mattel will (footnote continued)

EXHIBIT ___16___

PAGE ___85___

07209/2095442.1

1  reviewed the Desktop, there was no valid reason why these allegedly "highly private"

2  materials had not been mentioned on Mattel's motion to compel. Also, given Bryant's

3  representations that his counsel had been in possession of the Desktop since at least as

4  early as November 2004, it did not seem plausible that the Desktop drive had

5  information for 2007 and 2008 products on it.

6      In response, Bryant and this counsel then began claiming that they do not

7  have the Desktop hard drive and that their earlier representations to the Court and

8  Mattel about having retrieved it from the niece and inspected it were apparently

9  "wrong." And, while the Desktop from the critical 2000 time period has seemingly

10  gone missing (and in any event has not been produced), Bryant's counsel now say that

11  they have forensic images of *two* hard drives from the 2002 and 2003 time period --

12  which is inconsistent with their earlier representations that the *only* Bryant hard drive

13  they had found from that time period was the hard drive for the Desktop. Mattel

14  repeatedly sought to get further information and clarification about the status of the

15  Desktop hard drive and the circumstances surrounding its non-production, but to no

16  avail.

17      Accordingly, Mattel needs the Discovery Master's assistance to get to the

18  bottom of Bryant's failure to produce the Desktop hard drive as ordered. Bryant should

19  be ordered to immediately produce the Desktop hard drive. If that hard drive is now

20  alleged to be unavailable, Mattel respectfully requests that the Discovery Master order

21  Bryant to provide a full account under oath detailing all facts and circumstances

22  concerning the non-production of this drive, including an explanation as to how Bryant

23  and his counsel could have "tirelessly" and "extensively" inspected something they now

24  have claimed not to possess. Bryant's sworn statements also should detail precisely

25  what hard drives he has, what was done to search for relevant computers (and when),

26

27  bring a separate motion on them in the event that the parties cannot reach an
    agreement.

28

EXHIBIT __16__

PAGE __86__

1  how and when such computers were inspected, and all persons who have knowledge of
2  those facts. The extent of Bryant's non-compliance with the Discovery Order cannot be
3  determined without such basic information, and Mattel has been unable to obtain it
4  from Bryant voluntarily.

5  **Background**

6      **At Deposition, Bryant Identifies Three Relevant Computers.** Bryant
7  testified that he had used three different computers prior to his deposition in November
8  2004. First and foremost was the Desktop computer that Bryant purchased from Circuit
9  City on October 21, 2000--just one day after he resigned from Mattel.[3] Bryant says he
10  used this computer from 2000 until approximately November 2003 (only five months
11  before this lawsuit was filed), when he gave it to his niece.[4] The second was a laptop
12  computer that Bryant purchased in November 2001.[5] The third computer Bryant
13  identified was his parents' computer that Bryant used for a time, including during the
14  time that he purportedly created Bratz.[6]

15      **Bryant and His Counsel Represent That The Desktop Was Retrieved**
16  **From The Niece And Examined But No Responsive Information Is Contained On**
17  **It.** Bryant and his counsel have repeatedly represented that not only had they located
18  the Desktop, but that they had searched it for responsive documents and came up
19  empty-handed. For example, on November 1, 2004, Bryant's counsel sent a letter to
20  Mattel's counsel claiming that the computer Bryant had given away to his niece "has

---

21  [3]  Circuit City receipt dated October 21, 2000, attached to the Declaration of
22  Michael T. Zeller, dated April 10, 2007 filed concurrently herewith ("Zeller Dec."),
23  Exh. 2; Bryant Deposition at 246:3-5, Zeller Dec., Exh. 3.
   [4]  Bryant Deposition at 245:8-17; 246:3-5; 248:5-9, Zeller Dec., Exh. 3.
24  Bryant's counsel elsewhere stated that Bryant had used the Desktop "from 2000 to
25  2002" and thus confirmed as well that it pertained to a highly pertinent time period.
   Joint Stipulation Re: Mattel's Motion to Compel Production of Documents, filed on
26  January 6, 2005 (excerpts) ("Joint Stipulation") at 62:8-10, Zeller Dec., Exh. 5.
27  [5]  Bryant Deposition at 247:25-248:2, Zeller Dec., Exh. 3.

28  EXHIBIT __16__
MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

Y7209/2095442.1

1  been retrieved and searched for responsive documents, and none have been located."[7]

2  Mattel specifically asked Bryant's counsel to preserve the Desktop hard drive.[8]

3  In refusing to produce the Desktop hard drive, Bryant thus asserted not

4  that it was unavailable, but instead that it contained nothing relevant. In January 2005,

5  Mattel filed a motion to compel against Bryant that sought the production of his hard

6  drives, including the hard drive for the Desktop specifically.[9]  At that time, in Court

7  pleadings filed in opposition to Mattel's motion, Bryant's counsel represented that

8  Bryant had "tirelessly searched for and inspected his computer hard drives for relevant

9  information" and had made an "extensive and diligent search" for responsive

10  information on them.[10]  Bryant's opposition made clear that the hard drive he had

11  purportedly searched was the Desktop hard drive.[11]  Bryant's counsel also represented

12  in declarations that they too had examined the Desktop -- indeed, "extensively" so --

13

14

15  ──────────────

   [6]  Bryant Deposition at 245:25-246:2, Zeller Dec., Exh. 3.

16  [7]  Letter dated November 1, 2004 from Keith Jacoby, counsel for Bryant, to John

17  Quinn and Michael Zeller, counsel for Mattel, at p. 2, Zeller Dec., Exh. 4
   ("Regarding [Mattel's] requests to inspect Mr. Bryant's home computer, I have made

18  further inquir[i]es on that subject to Mr. Bryant and my colleagues.  Mr. Bryant did
   not own a home computer during his time at Mattel. He later purchased a computer,

19  which he used for a time, and then gave away to his niece.  That computer has been

20  retrieved and searched for responsive documents, and none have been located.  Mr.
   Bryant declines to produce his hard drive for inspection for the reasons articulated in

21  his response to Mattel's document request.").

22  [8]  Letter dated November 17, 2004 from Kirk Garey, counsel for Mattel, to Mr.
   Jacoby, Zeller Dec., Exh. 23.

23  [9]  Joint Stipulation at 3-4, 58-61, Zeller Dec., Exh. 5.

24  [10]  Joint Stipulation at 62:1-13, Zeller Dec., Exh. 5; [Redacted] Declaration of
   Keith A. Jacoby in Support of Defendant and Cross-Claimant Carter Bryant's

25  Portion of Joint Stipulation (excerpted and without exhibits) ("2005 Jacoby Dec.") at

26  ¶¶ 22, 23, attached as Exh. 6 to the Zeller Dec.

27  [11]  2005 Jacoby Dec. ¶ 23 (referencing the "hard drive from Bryant's home
   computer, which he gave to his niece in 2002"), Zeller Dec., Exh. 6.

28

EXHIBIT 16

PAGE 88

07209/2095442.1

1 | and that they spent "scores of attorney hours" searching for responsive documents, but

2 | found nothing responsive.[12]

3 |      Mattel's original motion to compel was not ruled upon because of the

4 | discovery stay.  After the stay was lifted and the Discovery Master was appointed,

5 | Mattel renewed its motion to compel Bryant's computer hard drives in early January

6 | 2007 and again specifically sought production of the Desktop hard drive.[13]  Bryant

7 | again represented that he had conducted a "diligent" search for Bryant's hard drives and

8 | stated that the *only* computer he was able to find was the Desktop.[14]  Bryant's counsel

9 | likewise again stated they had searched the Desktop hard drive, but did not find "any

10 | responsive documents or relevant information" on it.[15]

11 |      The Discovery Master granted Mattel's motion to compel.  Among other

12 | things, the Discovery Master ordered that "[p]ursuant to Rule 34, Fed.R.Civ.P., Bryant

13 | shall produce the hard drives of his computers for forensic imaging" by no later than

14 | February 23, 2007 (the "Discovery Order").[16]

15 | **Bryant's Counsel Stalls In Producing Any Drives.**  Shortly before the

16 | February 23, 2007 deadline, Bryant's counsel asked Mattel for an extension of time for

17 |

18 | [12]  Joint Stipulation at 62:2-13, 18-20, Zeller Dec., Exh. 5; 2005 Jacoby Dec. at

19 | ¶¶ 23, 24, Zeller Dec., Exh. 6.
   [13]  Zeller Dec. ¶ 9; see also Separate Statement of Mattel, Inc. in Support of

20 | Motion to Compel Production of Documents by Carter Bryant, filed on January 4,
   2007 (excerpts) at 57-61, Zeller Dec., Exh. 7; Declaration of Michael T. Zeller in

21 | Support of Mattel, Inc.'s Motion to Compel Production of Documents by Carter

22 | Bryant (without exhibits) filed January 4, 2007 at ¶ 27, Zeller Dec., Exh. 8.

23 | [14]  Separate Statement of Defendant Carter Bryant in Opposition to Mattel's
   Motion to Compel, filed on January 11, 2007 ("Bryant's 2007 Separate Statement")

24 | at 39, Zeller Dec., Exh. 9; Declaration of Keith A. Jacoby in Support of Carter

25 | Bryant's Opposition to Mattel, Inc.'s Motion to Compel Production of Documents
   (excerpted and without exhibits) ("2007 Jacoby Dec.") at ¶ 31, Zeller Dec., Exh. 10.

26 | [15]  2007 Jacoby Dec., ¶ 31, Zeller Dec., Exh. 10.
   [16]  Order of the Discovery Master Hon. Edward Infante (Ret.) dated January 25,

27 | 2007 at 17, Zeller Dec., Exh. 11.

28 |

EXHIBIT _____*16*_____

PAGE _____*89*_____

07209/2095442.1

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

1    compliance with the Discovery Order, claiming that additional time was required
2    because the quantity of responsive documents "may be significant" and because Bryant
3    would be traveling out of state until March 2 or 3, 2007.[17]   Based on those
4    representations, the parties submitted, and the Discovery Master approved, a Stipulation
5    extending Bryant's time to produce his computer hard drives.[18]

6              Two business days after Mattel's counsel agreed to the extension, Bryant's
7    counsel then began asserting a new reason for not producing his hard drives.   On
8    February 27, 2007, Bryant's counsel sent an email claiming that the hard drive
9    contained some unspecified "highly private material" and seeking "some sort of
10   agreement" on that issue.[19]   Mattel's counsel agreed to extend the deadline for
11   production of the hard drive for a few days so the parties could further discuss this so-
12   called "highly private" material, but only so long as Bryant's counsel provided a
13   detailed log by no later than the end of the following week (*i.e.*, by March 23, 2007)
14   regarding the files at issue.[20]   This log was supposed to include, for example, the file
15   format, file size, creation date and any modification date(s), so that Mattel could
16   intelligently discuss Bryant's counsel's claims about the files and consider what options
17   were available to potentially address them.[21]   Bryant's counsel agreed to provide such a
18   log and, in a subsequent letter, acknowledged that Mattel's counsel had "reserv[ed] all
19   of [Mattel's] rights in this regard including its right to insist on conducting an inspection
20   of the actual hard drive(s) or to have a third party do so."[22]   Although Bryant's counsel

21

22   [17]  Stipulation and Order re: Request to Extend Deadline Within Which Carter
23   Bryant Must Comply with the Discovery master's January 25, 2007 Order Granting
     Mattel's Motion to Compel Production of Documents dated February 23, 2007,
24   Zeller Dec., Exh. 12.
25   [18]  Id.
     [19]  Zeller Dec., Exh. 13.
26   [20]  Zeller Dec., Exhs. 14, 15, 18.
27   [21]  Zeller Dec., Exhs. 14, 15, 18.
     [22]  Zeller Dec., Exhs. 14, 15, 18.
28

EXHIBIT __16__

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

07209/2095442.1

1  had stated that this log of the files containing the "highly private" material was "on its

2  way," they still had not produced it by March 26, 2007.[23]

3      **The Desktop Appears To Go Missing**.  Not having received any hard

4  drives or the promised log of files that Bryant's counsel was ostensibly concerned

5  about, Mattel's counsel requested a meet and confer in advance of a motion to enforce

6  the Court's Discovery Order requiring Bryant to produce his hard drives.[24]  During the

7  meet and confer process, Bryant's counsel made two startling new claims that appeared

8  fundamentally inconsistent with the earlier representations by Bryant and his counsel.

9  First, because as noted Bryant had previously asserted that the *only* hard drive Bryant

10  had from any earlier time period was the Desktop, Mattel reasonably assumed at that

11  point that the "highly private" information referenced by Bryant's counsel's email was

12  contained on the Desktop hard drive.[25]  In further discussions, however, Bryant's

13  counsel stated that they had made forensic images of *two* Bryant hard drives in *July*

14  *2004* -- a time well before their representations that *only* the Desktop had been

15  located.[26]  According to Bryant's counsel during the recent meet and confers, one of

16  these forensic images made in July 2004 was from a Compaq Presario laptop computer

17  with a 20 GB Travelstar hard drive, and the other was from a Quantum Fireball LCT 15

18  drive.[27]  Bryant's counsel also stated in discussions that the data on these two forensic

19

20  _____

21  [23]  Zeller Dec., Exh. 16.
    [24]  Zeller Dec., Exh. 16.

22  [25]  Bryant's 2007 Separate Statement at 39, Zeller Dec., Exh. 9; 2007 Jacoby
    Dec. at ¶ 31, Zeller Dec., Exh. 10; Zeller Dec., Exhs. 17, 19.

23  [26]  Zeller Dec., Exh. 21.

24  [27]  Zeller Dec., Exh. 21.  More specifically, Bryant identified the two images that
    were made in July 2004 as being of (1) a 20 GB Travelstar hard drive from a

25  Compaq Presario laptop, and (2) a 20 GB Quantum Fireball LCT 15 hard drive.  Id.,

26  p. 1.  Also during the meet and confer process, Bryant's counsel represented that
    Bryant was still in possession of the physical hard drive from the laptop but no

27  longer had the Quantum hard drive.  Id., p. 1.

28  EXHIBIT ___16___

    PAGE ___91___

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

07209/2095442.1

1   images were from the 2002 and 2003 time period.[28]  This was the first time Bryant's

2   counsel disclosed that any hard drives apart from the Desktop had been located, let

3   alone that they had been withheld from Mattel since 2004.[29]

4          This led to Bryant's second, and even more troubling, revelation.  Bryant's

5   counsel also start asserting as another basis for his refusals to produce any of the hard

6   drives that they contained unidentified information about unreleased Bratz products

7   scheduled for release in 2007 and 2008.[30]  Bryant's prior representations about the

8   Desktop, however, including that his counsel had retrieved it from the niece at least as

9   early as November 2004, appeared inconsistent with the claim that it contained data for

10  2007 and 2008 doll releases.  Moreover, Bryant's statement that the two older hard

11  drive images that were made in July 2004 contained data from 2002 and 2003 appeared

12  to exclude the prospect that one of these images was from the Desktop.  Since Bryant

13  had purchased the Desktop in October 2000 and had used it until at least 2002 and

14  2003, it undoubtedly would have data from 2000 and 2001.

15         In light of these incongruities, Mattel pressed for an explanation about the

16  status of the Desktop hard drive specifically.  On April 4, 2007, Bryant's counsel

17  suggested for the first time that they in fact did not know the whereabouts of the

18  Desktop.[31]  They stated that either the representations Bryant and his counsel had

19  earlier made to the Court and Mattel were "wrong" (and that the drive had never been

20  retrieved from Bryant's niece or reviewed), or that they simply are "not sure" about

21

22         [28]   Zeller Dec., Exh. 21.

23         [29]   Zeller Dec., Exh. 19.  Bryant's counsel further disclosed that there were
    additional "hard drive(s)" that had been "recently copied in Missouri," and that

24  "[a]fter further examination, it appears that these drives also contain highly private,
    non-responsive documents."  Id.  As noted above, in subsequent conversations,

25  Bryant's counsel stated that there were three images of these additional drives, for a

26  total of at least five hard drive images.  Zeller Dec., Exh. 21.

27         [30]   Zeller Dec., Exh. 19.
           [31]   Zeller Dec., Exh. 21.

28

EXHIBIT  16

PAGE  92

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

J7209/2095442.1

1   their accuracy.[32]  Both orally and in letters, Mattel's counsel asked for clarification

2   about the status of the Desktop hard drive and requested that Bryant provide the factual

3   particulars regarding its non-production, without success.[33]

4

5                                              **Argument**

6   **I.      BRYANT HAS FAILED TO PRODUCE THE DESKTOP HARD**

7           **DRIVE AS ORDERED, AND THE DISCOVERY MASTER SHOULD**

8           **COMPEL BRYANT TO PRODUCE IT OR EXPLAIN ITS NON-**

9           **PRODUCTION UNDER OATH.**

10                  Bryant has been resisting the production of the Desktop hard drive since

11  Mattel first began asking for it over two years ago.  Mattel was forced to file two

12  motions to compel, and at no time in opposing those motions did Bryant ever say that

13  he did not possess it.  To the contrary, for over two years, Bryant and his attorneys have

14  maintained not only that they had the Desktop hard drive in hand, but that they had

15  extensively reviewed the drive and it purportedly contained no responsive information.

16  Then, after the Discovery Master ordered Bryant to produce it, Bryant's counsel

17  initially claimed they needed more time, then that they did not want to produce it

18  because it contained "highly private" material, and finally, that they do not have it.

19                  Whatever the truth is or the reason behind it, Bryant has not complied with

20  the Order requiring the production of the Desktop hard drive, which is crucial

21  evidence.[34]  Accordingly, Bryant should be ordered to produce that hard drive within

22

23     [32]  Zeller Dec., Exh. 21.
       [33]  Zeller Dec. ¶ 26.

24     [34]  To the extent Bryant suddenly relocates the Desktop, but argues that he need
25  not comply with the Court's Order compelling its production because it contains
    some unspecified "highly private" information, that argument has been waived.
26  Although he and his counsel claimed to have thoroughly reviewed its contents,
    Bryant did not oppose Mattel's motion to compel the Desktop by arguing that it
27  contained "highly private" information.  Thus, Bryant waived his right to oppose
28  (footnote continued)

                                                        EXHIBIT ___16___

1    five calendar days and, if he fails to do so, be ordered to disclose under oath all the facts

2    and circumstances surrounding that failure.  Despite Mattel's efforts during the meet

3    and confer, Bryant has not provided any cogent explanation that would account for the

4    hard drive's non-production.  To the contrary, Bryant and his counsel have now given

5    facially conflicting accounts, including about what computer hard drives they had

6    retrieved and secured, what they had purportedly reviewed and even the number of

7    computer hard drives they possess.  Under circumstances even less suspicious than

8    these, courts have required the compelled party to provide sworn declarations detailing

9    the nature of their search for documents, all facts and circumstances surrounding the

10   production, and, if such documents are unavailable, to specify when they were

11   destroyed and the reason(s) for their destruction.  See, e.g., A. Farber and Partners, inc.

12   v. Garber, 234 F.R.D. 186, 190 (C.D. Cal. 2006) ("Further, to assure that defendant

13   Garber actually makes a 'reasonable inquiry,' the court will order him to provide

14   plaintiff with declarations or affidavits detailing the nature of his 'reasonable inquiry' to

15   locate responsive documents, and such declarations must address the inquiry he made

16   on a request-by-request basis."); see also General Cigar Co., Inc. v. Cohiba Caribbean's

17   Finest, Inc., 2007 WL 983855 at *7-8 (D. Nev. 2007) (ordering defendants to provide a

18   sworn declaration detailing the nature of their "reasonable inquiry" to locate responsive

19   documents in accordance with Farber); Satchell v. FedEx Express, 2006 WL 2884318

20   at *6 (N.D. Cal. 2006) (ordering defendant either produce documents or provide a

21   sworn statement regarding the reasons such documents are unavailable and if such

22   documents are claimed to no longer exist, defendant's declaration "must state when it

23

24

---

25   production on this basis.  See, e.g., Richmark Corp. v. Timber Falling Consultants,
     959 F.2d 1468, 1473 (9th Cir. 1992) (finding defendant waived objections to
26   discovery orders and a contempt adjudication based on the People's Republic of
     China's secrecy laws where it failed to raise argument in response to motion to
27   compel).

28                                                          EXHIBIT __16__

                                                            PAGE __94__

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

J7209/2095442.1

1  destroyed or ceased to retain these documents, and the policies or reasons for their

2  destruction.").[35]

3          Thus, in the event that Bryant persists in his failure to produce the hard

4  drive for the Desktop as the Discovery Order has compelled him to do, Bryant should

5  be ordered to detail all facts and circumstances surrounding its non-production through

6  sworn declarations from each witnesses with personal knowledge of the facts.   In

7  particular, Bryant should be ordered to disclose:

8          •       a detailed identification of all of the hard drives Bryant has used
                   in connection with any Bratz work or work with MGA and the
9                  efforts made to locate each such hard drive;

10         •       the specifics regarding each computer hard drive that has been
                   located, including its identity, its dates of use, the date on which
11                 the computer was located, and the circumstances under which
                   each computer has been kept;
12
           •       all information known or accessible to Bryant or his counsel
13                 about each computer hard drive that Bryant failed to locate or
                   claims they do not have in their possession, custody and control,
14                 including the identification of all persons who have been in
                   possession of it, the date(s) of their possession, its last known
15                 location and the circumstances surrounding its disposition and/or
                   destruction;
16
           •       a detailed description of when and how any drives that were
17                 located were imaged, inspected and searched, including by
                   identifying who was involved and what specific efforts they
18                 made;

19         •       a complete explanation of Bryant and his counsel's prior
                   representations to the Court and Mattel, including with respect to
20                 their representation that they had found no hard drive other than
                   the one for the Desktop, despite apparently having created
21                 forensic images of two drives in July 2004, and their
                   representation that they had retrieved from Bryant's niece and
22                 had reviewed and inspected the Desktop hard drive, despite
                   apparently never having done any of this; and
23
           •       the identification of all persons (including their name and contact
24                 information) with knowledge of the facts and a detailed

25  _____

26  [35]  Requiring such a declaration also would be well within the Discovery Master's
     authority under the Discovery Master Order to "take evidence in connection with
27  discovery disputes."  Stipulation and Order for Appointment of a Discovery Master
     entered December 6, 2006 at 4, Zeller Dec., Exh. 1.

28                                                      EXHIBIT ____16____

                                                        PAGE ____95____

1              description of each such person's knowledge about who was in
2              possession of the relevant computers and when and what they did
              with each hard drive.

3 Without this type of detail, provided in binding, sworn statements, the Court and Mattel

4 will not be able to determine with any confidence the extent of Bryant's non-

5 compliance with the Order and the reasons for his failure to produce a highly critical

6 piece of evidence that Bryant claimed to previously have and has been compelled to

7 turn over but still has not produced.

8

9 **II.**     **BRYANT SHOULD BE SANCTIONED**

10         Bryant has failed to obey, and continues in his failure to obey, the

11 Discovery Order. <u>Federal Rule of Civil Procedure</u> 37(b)(2) specifically allows an

12 award of Mattel's expenses and attorney's fees incurred in seeking to enforce the

13 January 27, 2007 Discovery Order. <u>Fed. R. Civ. P.</u> 37(b)(2) ("In lieu of any of the

14 foregoing orders or in addition thereto, the court shall require the party failing to obey

15 the order or the attorney advising that party or both to pay the reasonable expenses,

16 including attorney's fees, caused by the failure unless the court finds that the failure

17 was substantially justified or that other circumstances make an award of expenses

18 unjust."). The burden of establishing substantial justification is on the party being

19 sanctioned. <u>Hyde & Drath v. Baker</u>, 24 F.3d 1162, 1171 (9th Cir. 1994).

20         Here, Bryant has no substantial justification for his failure to obey the

21 Discovery Order. In fact, his justification--that he apparently does not have what has

22 been ordered to be produced--can only be true if he and his counsel had earlier

23 misrepresented the results or diligence of their search for Bryant's computer hard

24 drives, including most importantly the hard drive for the Desktop. Sanctions are

25 particularly appropriate here given Bryant's failure to reasonably and timely cooperate

26 with Mattel's efforts to resolve his failure to comply with the Discovery Order

27 compelling production of the Desktop hard drive and his now two-year-long history of

28 obstructing discovery on this issue, among others. It is only fair that Bryant be required

EXHIBIT _____

1 | to reimburse Mattel for being forced to return to the Discovery Master simply to obtain
2 | compliance with an existing discovery Order and to otherwise get to the bottom of his
3 | failure to produce crucial pieces of evidence Bryant and his counsel previously
4 | represented to the Court and Mattel that they had in hand.
5 |
6 | **<u>Conclusion</u>**
7 | For the foregoing reasons, Mattel respectfully requests that the Discovery
8 | Master order Bryant to: (1) produce within five calendar days his Desktop computer
9 | hard drive for forensic examination in compliance with the January 25, 2007 Discovery
10 | Order; (2) or, in the event that the Desktop hard drive is not produced, provide within
11 | five calendar days a full and complete accounting under oath. Mattel also respectfully
12 | requests that the Discovery Master award sanctions in the amount of $2,015, which
13 | represents a portion of the fees and costs incurred by Mattel in bringing this Motion.
14 |
15 | DATED: April 10, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
16 |
17 |                               By _Mima T. Z_____
18 |                                   Michael T. Zeller
                                      Attorneys for Mattel, Inc.
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |                                         EXHIBIT __16__
28 |                                         PAGE __97__

-14-

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On April 10, 2007, I served true copies of the following document(s) described as:

**NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR AN ORDER TO ENFORCE COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE DESKTOP COMPUTER HARD DRIVE**

on the parties in this action as follows:

| |
|---|
| Keith A. Jacoby, Esq.<br>Littler Mendelson<br>2049 Century Park East, 5th Floor<br>Los Angeles, CA  90067-3107<br>Telephone: (310) 553-0308<br>Facsimile: (310) 553-5583 |

[√]    [PERSONAL] by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on April 10, 2007, at Los Angeles, California.

David Quintana

EXHIBIT _16_

PAGE _98_

07209/2081329.1

-1-

Case No. SACV 05-00953 JVS (ANx)

PROOF OF SERVICE

1

**PROOF OF SERVICE**

2      I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3  Street, 10th Floor, Los Angeles, California 90017-2543.

4      On April 10, 2007, I served true copies of the following document(s) described as
**NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR AN ORDER TO**
5  **ENFORCE COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO**
**PRODUCE DESKTOP COMPUTER HARD DRIVE** on the parties in this action as follows:

6

7  Diana M. Torres, Esq.
**O'MELVENY & MYERS, LLP**
8  400 S. Hope Street
Los Angeles, CA 90071

9  **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I
deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with
10 postage thereon fully prepaid.

11     I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.

12
Executed on April 10, 2007, at Los Angeles, California.
13

14

15  Yalonda J. Dekle

16

17

18

19

20

21

22

23

24

25

26

27

28                                                            EXHIBIT ___16___

                                                             PAGE ___99___

07209/2081332.1

# EXHIBIT 17



**LITTLER MENDELSON®**
A PROFESSIONAL CORPORATION

April 23, 2007

Keith A. Jacoby
Direct: 310.772.7284
Direct Fax: 310.553.5583
kjacoby@littler.com

**VIA HAND DELIVERY**

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re:   **Bryant v. Mattel**

Dear Mr. Zeller:

As you know, we recently confirmed that the July 2004 "mirror image" of the 20 GB Quantum Fireball LCT 15 hard drive ("July 2004 Mirror Image") retained by this office is indeed the copy of the hard drive from the desktop computer purchased by Carter Bryant in or about October 2000. Enclosed with this letter is a copy of the July 2004 Mirror Image.

As recounted in his deposition, Mr. Bryant gave the October 2000 computer to his niece, Brooke Lind Gilbert. We obtained this computer from Ms. Gilbert on April 19, 2007. In accordance with Discovery Master Infante's ruling, we hereby make this computer and its hard drive immediately available to Mattel's expert for forensic examination in our offices. Please contact and apprise me of the identity of your expert so we can make the appropriate arrangements.

In light of the foregoing, Mattel's motion to compel the production of said hard drive is moot. We expect that you will immediately contact Discovery Master Infante and withdraw the motion.

All of Mr. Bryant's rights and remedies are hereby reserved, including the right to seek further relief concerning the appropriate manner of inspection and disposition of the Compaq Presario laptop computer hard drive, and all other hard drives in Mr. Bryant's possession, custody or control.

EXHIBIT _17_

PAGE _100_

Michael T. Zeller
April 23, 2007
Page 2


    If you have any questions concerning the foregoing, please do not hesitate to contact me.

Sincerely,

Keith A. Jacoby

encl

KAJ:rpe

Firmwide:82358948.1 028307.1010


EXHIBIT  17
PAGE  101

# EXHIBIT 18

CONFORMED

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 090378)
      (johnquinn@quinnemanuel.com)
3     Michael T. Zeller (Bar No. 196417)
      (michaelzeller@quinnemanuel.com)
4     Susan Wines (Bar No. 168643)
      (susanwines@quinnemanuel.com)
5   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
6   Telephone: (213) 443-3000
    Facsimile:  (213) 443-3100

7   Attorneys for Mattel, Inc.

BY
2007 MAY -2  AM 3: 08
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
FILED

8                UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                     EASTERN DIVISION

11  | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
12  |                Plaintiff,      |                                |
    |                                | Consolidated with              |
13  |                                | Case No. CV 04-09059           |
    |            vs.                 | Case No. CV 05-02727           |
14  |                                |                                |
    |                                | **DISCOVERY MATTER**           |
15  | MATTEL, INC., a Delaware       |                                |
16  | corporation,                   | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
    |                Defendant.      |                                |
17  |                                |                                |
18  |_____| MATTEL, INC.'S NOTICE OF WITHDRAWAL WITHOUT PREJUDICE OF MOTION FOR AN ORDER TO ENFORCE COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE DESKTOP COMPUTER HARD DRIVE |
19  | AND CONSOLIDATED ACTIONS       |                                |
20  |                                |                                |
21  |                                |                                |
22  |                                | [Declaration of Michael T. Zeller filed concurrently herewith] |
23  |                                |                                |
24  |                                | Hearing Date: TBA              |
25  |                                | Time: TBA                      |
    |                                | Place: TBA                     |
26  |                                | Discovery Cut-off: October 22, 2007 |
27  |                                | Pre-trial Conference: January 14, 2008 |
    |                                | Trial Date: February 12, 2008  |
28  |                                |                                |

EXHIBIT _18_

PAGE _102_

9/2111893.1

MATTEL'S NOTICE RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

1      Rejecting Bryant's many months of refusals and failures to produce key

2 discovery in this case -- including documents relating to the origins of Bratz -- the

3 Discovery Master granted Mattel's motion to compel by Order dated January 25, 2007.

4 The Order required Carter Bryant to produce, among other highly pertinent

5 information, his computer hard drives no later than February 23, 2007.  One such hard

6 drive was the desktop computer that Bryant had purchased in October 2000 (the

7 "Desktop") -- the same month Bryant left Mattel's employment.  As he testified at

8 deposition, Bryant used this computer for business purposes, including to communicate

9 with and perform work with MGA on Bratz.

10      Bryant requested, and Mattel agreed, to extend the date for Bryant's

11 compliance with the Discovery Master's January 25 Order up to and including March

12 16, 2007.  Within two days of Mattel's professional accommodation, however, Bryant

13 began giving a series of conflicting accounts about the Desktop hard drive, including

14 assertions that were at odds with the sworn declarations Bryant had submitted to Judge

15 Block and then the Discovery Master about the Desktop and Bryant's alleged

16 preservation and review of it.[1]  Most troubling, on April 4, 2007, Bryant's counsel

17 suggested for the first time that they in fact did not know the whereabouts of the

18 compelled Desktop hard drive after all.  They stated that either the representations

19 Bryant and his counsel had earlier made to the Court and Mattel were "wrong" -- and

20 that the drive had never been retrieved or reviewed as Bryant had earlier claimed -- or

21 that they simply are "not sure" about their accuracy.[2]

22 _____

23 [1]  Bryant and his counsel repeatedly represented not only that they had the Desktop in hand, but that they had searched the drive for responsive documents but

24 found none.  Typical of Bryant's claims on this score was his November 1, 2004 letter claiming that the Desktop "has been retrieved and searched for responsive

25 documents, and none have been located."

26 [2]  After the January 25 Order, Bryant also admitted that he had been

27 withholding, since almost the beginning of this suit, a hard drive from a laptop he used.  This was the first time Bryant's counsel disclosed that Bryant had this hard

28 (footnote continued)                                   EXHIBIT __18__

ZELLER DECL. RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

9/2112126.1

1          Over the course of more than two weeks, both orally and in letters,

2 Mattel's counsel repeatedly asked for clarification about the status of the Desktop hard

3 drive and requested that Bryant either produce the drive or explain the factual

4 particulars regarding its non-production.   Having received neither the Desktop hard

5 drive nor a substantive response from Bryant to these requests for further information,

6 Mattel then filed its present motion to enforce the January 25 Order and for other relief

7 on April 11, 2007.

8          All of the foregoing facts were evidenced in detail on Mattel's motion, and

9 Bryant's response here tellingly denies none of them. After Mattel had filed its motion

10 to enforce, another two weeks passed with nothing further from Bryant in connection

11 with the Desktop hard drive.  On the day before Bryant's response was due, Bryant's

12 counsel sent a letter belatedly offering for the first time to make the Desktop hard drive

13 available to Mattel.[3] Mattel arranged for and imaged a hard drive that Bryant's counsel

14 provided on Friday afternoon, April 27, 2007.[4]

15          Bryant allowed Mattel to image a single drive only this past Friday

16 afternoon -- some five weeks after the Order's deadline for Bryant to do so and some

17

18 drive in his possession, let alone that he had been withholding it from Mattel since

19 2004.  Indeed, this revelation was contrary to his prior representations to the Court
and the Discovery Master that he had located *only* the Desktop.  Despite being

20 required to do so by the January 25 Order, Bryant still has not produced this laptop

21 hard drive to date.

    [3]   Although it was Bryant who flouted the January 25, 2007 Order for some six

22 weeks and who fails to provide any explanation for his conduct in his opposition,

23 Bryant's opposition spuriously accuses Mattel of "gamesmanship" and "bad faith"
for not responding within a day to his unilateral demand that this motion be

24 withdrawn even before Bryant had complied with the Order by actually providing

25 the drive to Mattel.  Bryant's rhetoric is all the more groundless given that, as he
knew, Mattel's counsel was in a deposition on that day and thus could not respond as

26 quickly as Bryant demanded.  See Declaration of Michael T. Zeller, dated May 1,

27 2007 and filed concurrently herewith, Exh. 1.

    [4]   Id., ¶ 2 & Exh. 1.

28

EXHIBIT ___18___

MATTEL'S NOTICE RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

09/2111893.1

1   three months after the Discovery Master's January 25, 2007 Order. Mattel has not yet
2   been able to confirm that the drive Bryant's counsel provided on Friday was in fact
3   from the Desktop. Based on the fact that Bryant has finally provided for imaging a
4   hard drive that Bryant's counsel represents is the compelled Desktop hard drive,
5   however, Mattel hereby withdraws its current motion to enforce without prejudice. It is
6   regrettable, to say the least, that it took two motions to compel, an Order by the
7   Discovery Master, yet more lengthy meet and confers after Bryant failed to comply
8   with the Order and then a motion to enforce for Bryant to decide that he would produce
9   plainly relevant discovery such as the Desktop hard drive. Obviously, serious issues
10  also remain open with respect to the integrity of the Desktop drive that Bryant belatedly
11  produced, particularly given Bryant and his counsel's conflicting representations about
12  its custody, preservation and handling. Among other things, Bryant now admits in his
13  opposition here that he did not even obtain it until April 19, 2007 -- a revelation that at
14  a minimum calls into question the veracity of Bryant's earlier representations to the
15  Court and the Discovery Master that he had secured the drive and "extensively"
16  reviewed it for responsive materials in 2004 and raises issues about what has been done
17  to the hard drive in the interim. Mattel reserves the right to bring a separate motion to
18  address such matters as appropriate.

19
20
21   DATED: May 1, 2007                   QUINN EMANUEL URQUHART OLIVER &
                                          HEDGES, LLP
22
23                                        By  _Mirm_T._Zm_____
24                                            Michael T. Zeller
                                              Attorneys for Mattel, Inc.
25
26
27
28                                               EXHIBIT  _18_
                                                 PAGE  _105_

# EXHIBIT 19



**be**



# evidence eliminator - the world's #1 PC security utility

- Product
- Buy Now
- Downloads
- Reasons To Buy
- Support
- Dis-Info Centre

Did you know... that the **government** and **police** are installing **black boxes** in ISPs to record your Internet surfing and downloads **for evidence**?

---

**URGENT NEWSFLASH** WEDNESDAY 16 JANUARY 2008 - YOUR INTERNET TRAFFIC IS BEING ROUTED THROUGH **LOS ANGELES, CALIFORNIA UNITED STATES** - YOU ARE AT VERY HIGH RISK OF INVESTIGATION!

---

Deleting "internet cache and history", will not protect you... your PC is storing deadly evidence. Even **FORMATTING** the disk won't work.

All those **Web Pages, Pictures, Movies, Videos, Sounds, E-mail and Everything Else** you have ever viewed could easily be recovered — even many years later.

The Times, London, 3rd December 2004

**THE TIMES**

"Evidence Eliminator,
the British-made market leader"

Defend yourself! Make your Internet access safer. Get yourself a truly clean and faster "Like New" PC!

Download **Evidence Eliminator™** Now!

EXHIBIT __19__

PAGE __106__

1 of 8



See more Screenshots

PROTECT YOUR JOB, PROPERTY, FAMILY, CAR, FRIENDS AND YOUR REPUTATION —
BEFORE IT'S TOO LATE!

You are being watched... how about your **Boss**? Do you surf the internet and send **E-mail** at work?
Your work PC will be **full of evidence**. It is becoming common in the workplace for companies to
copy and investigate the contents of workers computers out of hours - without your consent or
knowledge. This is perfectly legal and it is happening **now!** Your job could be at risk, what would
happen to you if you **lost your job**? People like you are losing their jobs right now because of their
Internet activities in America and the UK.

According to an APBNews report, 73.5% of all companies admit they *"record and review their
employees' communications and activities on the job."*

There is no need for you to play Russian roulette with your job, family, car, property and everything
else that depends on it! Act now! We can help, **Evidence Eliminator™** can protect you from the
dangers of the Internet! Download today with no risk, guaranteed. Act now! And transform your
computer into a safe, clean and faster machine!

Get Evidence Eliminator and Be Safe!

Proven in the US Courts!

'Evidence Eliminator ... the data destroyed is "gone forever" and it is impossible to create
mirror images of defendants' hard drives ...'

EXHIBIT ___19___

PAGE ___107___

2 of 8

UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA
CASE NO. CIV S-03-1968 WBS KJM. APRIL 5, 2005

SEE THE PROOF ON THE POLICE EVIDENCE SCANNER

This is the view of a porn-filled hard drive on EnCase police software, both before, and after, the
**Evidence Eliminator™** treatment.



**⚠ CONSUMER SCAM ALERT** — Fraud artists target privacy consumers

False advertising has duped many consumers into buying worthless imitation software - "eraser /
internet washers" that do not work - you might as well throw your money away. If you have recently
been the victim of a scam by one of these fly-by-night outfits you are strongly urged to get your money
back as quickly as possible, and not to use the software under any circumstances because it could even
damage your hard disk! You don't have to take risks, make sure you accept only the authentic, original
**Evidence Eliminator™** and be sure you are both 100% safe and secure!

Do you have an ex-spouse or ex-partner with a grudge against you, have you been "Grassed"? Has
anyone ever put a floppy disk in your computer? Is someone after your job? Can you honestly say that
you **really know for sure** what may have been accidentally downloaded or purposefully hidden on
your PC?

Do your **children or their friends** use your computers? What have they downloaded and tried to

EXHIBIT _____19_____

3 of 8    PAGE _____108_____

delete?

Did you know for example that every click you make on Windows 98 Start Menu is logged and stored permanently on a hidden encrypted database within your own computer?

If you have a business, protect your workplace and computers with **Evidence Eliminator™**. Don't get investigated - **get protected!**

**Evidence Eliminator™** is proven to defeat the exact same forensic software as used by the US Secret Service, Customs Department and Los Angeles Police Department (LAPD), and the UK Metropolitan Police Scotland Yard.

It is a proven fact... routine Forensic Analysis equipment such as <u>EnCase</u> and <u>F.R.E.D.</u> used by Private and Business Investigators, Law-Enforcement and others, can recover evidence from parts of your hard drive that you thought were empty, **parts that you had cleaned**.


### you need...


Your hard drive might appear clean... but still be full of **'sensitive material'** that you did not want to download in the first place and it might very well be a **Serious Criminal Offence** in your country to have that data stored on your computer even if you didn't know it was still there. **You could go to Jail!** Pressing 'Delete' or emptying your 'Recycle Bin' - or even 'Formatting' your disk - simply **will not work**, the **'sensitive material'** will still remain on your hard drive!

**You will be held responsible** for any data which you allow to remain on your computer, even if it was only by accident. Even files and **Internet Searches** you have made which you thought you had never "saved to disk" can be recorded as **permanent evidence** on your hard drive

Get total protection now... If you do not use **Evidence Eliminator™** your PC is "a ticking **Time Bomb** waiting to go off!" Only with **Evidence Eliminator™** can you get the protection you deserve, only then can you use your PC to explore the Internet with confidence.

The distinctive style and unsurpassed quality of **Evidence Eliminator™** and its rapid ongoing development and success have firmly established **Evidence Eliminator™** as the **world's premier** computer hard drive cleansing system!

**Evidence Eliminator™** is a powerful and easy-to-use program, no other commercially available program can do the same job. Every day, **Evidence Eliminator™** quickly and professionally deep cleans your computer of 'sensitive material', leaving you with a clean PC, a clean conscience and instant **peace of mind**.

We are so confident that you will want **Evidence Eliminator™** protecting you and your interests we can give you this unbeatable **Limited Time Special Offer!** Order and download **Evidence Eliminator™** software now and we will include **free** lifetime Technical Support and **free** extremely valuable lifetime Upgrades! There is no risk, you are protected by our 30 day money-back guarantee.

EXHIBIT _19_

PAGE _109_

Start to enjoy the benefits of a truly clean and faster "Like New" PC! Download today with no risk, guaranteed. **This incredible Limited Time Special Offer is guaranteed for today only and may be cancelled at any time!**

<u>Download Now And Protect Yourself!</u>



**SPEED-UP YOUR PC AND INTERNET BROWSER - MAKE IT SAFER TO USE THE INTERNET!**

Working deep below your Windows operating system... **Evidence Eliminator™** employs the exact same sector analysis technology as available in ultra-high-priced tools available to law-enforcement agencies, for example the **FBI**. After identifying and analyzing the unwanted data hidden in your drives, **Evidence Eliminator™** destroys it with **proven methods of secure disposal** similar to US Department of Defense standards for destruction of classified material.

Award winning... **Evidence Eliminator™** has been featured on TV, Radio shows, many top Magazines and has been decorated with high praise, admiration and awards:

- "I tested the software recently and was astonished at its thoroughness. It did wipe clean a ton of stuff... ...I was truly impressed" Mark A. Kellner, "On Computers" Columnist, THE WASHINGTON TIMES (<u>Full review</u>)
- "performs its stated goal admirably...Short of dousing it with gasoline and setting it ablaze, the only way to keep things spotless and shiny clean is with Evidence Eliminator." Slaughterhouse.com "Pick Of the Day" (<u>Full review</u>)
- "an ultra-powerful application... Evidence Eliminator keeps your system running fast and on the right side of the law... Evidence Eliminator really is an excellent program for protecting your

EXHIBIT __19__

PAGE __110__

privacy." RocketDownload.com "5-Smileys Award" (<u>Full review</u>)

- "it performs secure file wipes, making it all but impossible to recover data within... Evidence Eliminator is thorough yet very easy to set up and use" ZDNet PC Magazine "5-Star Editors Pick" and "ZDNet 7th Annual Awards Finalist" (<u>Full review</u>)

The fact is... your computer is spying on you and is filling up with evidence, only **Evidence Eliminator™** can protect and help you. In tests, **Evidence Eliminator™** defeats <u>EnCase</u> and other Forensic Analysis equipment as used by investigators, police and government agencies. So enjoy the benefits of our unbeatable **Limited Time Special Offer** and download yours now!

To protect and to serve the public... that is our mission! Employers, parents, surfers and Internet professionals from all over the world use, trust and depend upon **Evidence Eliminator™**'s state-of-the-art technology. Even the best Forensic Laboratory Analysis with electron microscopes is no match for **Evidence Eliminator™**'s formidable display of new, innovative, World-Leading data destruction technologies.

Whatever reasons you have... for needing **Evidence Eliminator™**, one thing is for sure - downloading **Evidence Eliminator™** will be the most important thing you have ever done. Act now, try it risk free, and transform your computer into a safe, clean and faster machine!

Easy to use... **Evidence Eliminator™** is the essential one-click user-friendly technology for the security-conscious surfer. If you use just one program on your PC - make it **Evidence Eliminator™** before it's too late!

<u>Download **Evidence Eliminator™** right now!</u>

<u>Webmasters: Click Here</u>

## Testimonials

Just a few of the many letters of thanks we receive daily from satisfied customers around the world:

- Seeing EE going through its comprehensive clean-up made me breathe so much easier. It is still the most worthwhile protection I have ever purchased for the computer. Your team is to be commended for the excellent product, support and upgrading. You haven't abandoned those of us who bought the product in its early stages and continued to use, enjoy and trust EE. RB, USA
- Thank you for making a program that a person of my limited computer knowledge can use and understand... ...makes this something that anyone surfing the net should use. KG, USA
- Wow!! That has to be the best online support I have ever had. A real person answered my mail, quickly. Thanks for making such a great product. KS, USA
- I just downloaded and installed your product today. I love it! My 200 Mhz machine is noticeably faster and now has an additional 100+ meg of hard disk space available. I just ordered Evidence Eliminator this evening. This beats anything I've seen to date. Please keep up the good work!! RR, USA
- ...the program you have designed is simply excellent. nothing like it can compare. JG, USA
- Great product - you need to get the message across more widely! Anyone with teenage sons knows how likely it is that something unwanted is lurking on the h/d... ...Well - most impressive! Somehow the whole product had a certain 'aura of quality' about it and seemed worth buying... Seems I was right - money well spent! SC, UK

EXHIBIT ___19___

- Just wanted to say "THANK YOU" for such a GREAT program. EE does an amazing job of finding and removing things I don't really want to leave on the equipment. I Also want to express my appreciation for the rapid response to my registration... ...FAST! I am looking forward to the updated version that is supposed to be released soon. Again, Thank you for an excellent product, quick registration, and ease of mind. RB, USA
- It appears to be as useful as a system cleaner as it is a security program... I appreciate your response and follow-up. I've never seen any company follow up as well as you guys have. Thanks again! GB, USA
- Evidence-Eliminator is the perfect tool for the casual or frequent internet user that makes purchases online. The safe and secure deletion of files that might possibly store financial information on one's hard drive can be wiped clean without fear of it being used or accessed dishonestly. Overall, an OUTSTANDING program and worth every penny. I will spread the word with my colleagues about this fantastic way to make sure their computers are safe on an everyday basis. JG, USA
- Even more amazing, is a software company that has such a positive and rapid trouble shooting team (an all too rare occurrence). I had a response within hours of my last e-mail to you. Congratulations on your professionalism and Customer Services. It is really impressive and appreciated. MM, USA
- Until I tried this unique product I had spent several hours each week manually reducing the size of my registry and trying to eliminate the numerous and bloated entries that had accumulated each time I installed software or just spent time on the internet. GC, USA
- It's about time that someone created software that performs multiple functions from one source and is user friendly. I can now delete all of the various items that were installed on my computer with the push of a button and let Evidence Eliminator do all of the work. I was running three different types of software and still did not get half of the results that were achieved the first time I used your product. Thanks, MW, USA
- Your courtesy, kindness and prompt responses to my emails is wonderful and all too rare these days. Thanks again, sincerely. NC, USA
- This is a great product - it takes care of essential cleanup & important system maintenance with one click. Thanks again. BI, USA
- Hi guys.. for starters, I love this program... ...Not only does it give you peace of mind by deleting garbage that could hang around for months, it also keeps my hard drives clean of unwanted files. JC, USA
- This is to me THE best software program ever introduced to the public!... ... It has been such a pleasure to use. I am telling my family and friends about your wonderful product... ... I was so impressed by the program I purchased mine as soon as I could. Thank you for not only your product, but also for the most actively involved Technical Support anywhere in cyberspace!! My sincere gratitude to you all. DT, USA
- I'm truly amazed that you can provide this sort of quality at the price you charge. Best wishes. JC, USA
- Thank you for everything this is the kind of program that I will use forever. RB, USA
- I have 7 years experience w/computers and have never seen anything even close to EE on the market... ...I would just like the rest of the .Net consumer public know EE is for REAL. JS, USA
- It's a pleasure to be dealing with professional people like you with such a brilliant product. AD, UK
- Appreciate the great technical support and service... please keep up the good work. DB, USA
- In the dubious, treacherous and sometimes ominous world of Internet browsing and all it's legallistic issues, it's reassuring to know that a product like EE is out here to protect the innocent and unwary browser... Bravo..and thanks. VC, USA

EXHIBIT ___19___

7 of 8    PAGE ___112___

Case 2:04-cv-09049-DOC-RNB   Document 1543-4   Filed 01/16/08   Page 57 of 61   Page ID
#:18303

- EE it is a really wonderful and powerful software. I love it more and more, every day passing by.
  I have tried different erasers but EE is WOW. DP, USA

Don't miss out! Act now and enjoy the benefits of our unbeatable Limited Time Special Offer!

# BUY NOW - BEFORE IT'S TOO LATE!

About Us | Jobs | Trademarks, Terms and Copyright | Affiliate Programme
Evidence Eliminator recommends alibis.com uncensored newsgroups. Access banned newsgroups
now, you'll be amazed what you can find - Click Here

EXHIBIT _____19_____

PAGE _____113_____

# EXHIBIT 20

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 21

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**