1 | THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
2 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
3 | Los Angeles, CA  90071-3144
Tel.: (213) 687-5000/Fax: (213) 687-5600
4 |
RAOUL D. KENNEDY (Bar No. 40892)
5 | (rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | 4 Embarcadero Center, 38th Floor
San Francisco, CA  94111-5974
7 | Tel.: (415) 984-6400 / Fax: (415) 984-2698

8 | Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian
9 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| CARTER BRYANT, an individual | ) Case No.  CV 04-09049 SGL (RNBx) |
|---|---|
| Plaintiff, | ) (consolidated with CV 04-9059 & 05-2727) |
| v. | ) **[DISCOVERY MATTER]** |
| MATTEL, INC., a Delaware Corporation, | ) **(1) NOTICE OF MOTION AND MOTION BY MGA ENTERTAINMENT TO COMPEL MATTEL TO PRODUCE DOCUMENTS RESPONSIVE TO MGA'S REQUESTS FOR PRODUCTION 526 AND 528; AND** |
| Defendant. | ) |
| | ) **(2) DECLARATION OF ROBERT J. HERRINGTON IN SUPPORT THEREOF** |
| AND CONSOLIDATED ACTIONS | ) Hearing Date:  T.B.D. |
| | ) Time:  T.B.D. |
| | ) Place:  T.B.D |
| | ) Phase I Discovery Cut-off: January 28, 2008 |

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that, at a telephonic conference before Discovery

3    Master Hon. Edward Infante (Ret.) on a date and at a time to be determined, MGA

4    Entertainment, Inc. ("MGA") will, and hereby does, move pursuant to Federal Rules

5    of Civil Procedure 26 and 37 to compel Mattel to produce (a) all documents

6    responsive to MGA's Requests 526 and 528 of MGA's Fifth Set of Requests for

7    Production served on Mattel.

8         This Motion is made on the grounds that Mattel has no reasonable basis to

9    withhold production of the documents requested by RFPs 526 and 528, which relate

10   to Mattel's communications with law enforcement authorities and documents

11   provided to law enforcement authorities that concern Mattel's allegations against

12   MGA. This Motion is made without prejudice to MGA's ability to move to compel

13   production of documents responsive to the remaining requests in MGA's Fifth Set of

14   Requests for Production.

15        This Motion is based on this Notice of Motion and Motion, the accompanying

16   Memorandum of Points and Authorities, the Declaration of Robert J. Herrington

17   filed concurrently herewith, the records and files of this Court, and all other matters

18   of which the Court may take judicial notice.

19        The parties met and conferred regarding Mattel's failure to produce documents

20   responsive to RFPs 526 and 528 on October 2, 2007 and thereafter, but were unable

21   to resolve the issue.

22   Dated:  January 16, 2008                    SKADDEN, ARPS, SLATE,
                                                  MEAGHER & FLOM, LLP
23
                                                  By: _____
24                                                Raoul D. Kennedy
                                                  Attorney for MGA Entertainment, Inc.
25

26

27

28

## I. **INTRODUCTION**

Mattel, Inc. ("Mattel") has asserted in this case that MGA Entertainment, Inc. ("MGA") engaged in a global conspiracy to steal its trade secrets.  Mattel has communicated with law enforcement authorities in Mexico, Canada and the United States, trying to encourage criminal investigations that would assist Mattel in its lawsuit against MGA.  To defend Mattel's meritless allegations, MGA has asked Mattel to produce the communications and the documents provided to the law enforcement authorities.  These documents are relevant and, not privileged, and MGA is entitled to review those documents to assist its defense against Mattel's trade secret and RICO counterclaims.  Mattel has no reasonable basis for withholding these documents and should be compelled to produce them immediately.

## II. **STATEMENT OF FACTS**

Prior to and throughout this litigation, Mattel has been in communication with law enforcement authorities in the Mexico, Canada, and the United States regarding activities that relate to the allegations in its counterclaims.  Mattel's Second Amended Answer and Counterclaims ("SAAC") explicitly state that "Mattel notified Mexican authorities about the [alleged] theft of its trade secret and confidential information." (SAAC at 44, ¶ 53.)  The SAAC further details Mattel's knowledge of the Mexican authorities' activities related to MGAE de Mexico and suggests that Mattel communicated with the authorities regarding their seizure of certain documents from MGA's office. (SAAC ¶ 53.)

Mattel also alleges that "Mattel notified Canadian law enforcement authorities" about its belief that Janine Brisbois copied documents onto a thumb drive when she left Mattel. (SAAC at 51, ¶ 75.)  Mattel's allegations also indicate that it communicated with Canadian authorities regarding the information allegedly recovered from Brisbois' thumb drive. (SAAC ¶ 75.) MGA was mindful of Mattel's contact with law enforcement authorities when it served its Fifth Set of Requests for Production ("RFPs") on Mattel on August 3, 2007.  (Copy attached to Declaration of

1  Robert Herrington as Exhibit A.)  Specifically, MGA requested that Mattel produce
2  copies of its communications with law enforcement authorities (RFP 526) and copies
3  of any documents that it has provided to law enforcement authorities (RFP 528).
4  The complete text of each RFP is as follows:

5     • Request No. 526: All DOCUMENTS that constitute
6      COMMUNICATIONS between YOU (including YOUR agents and
7      attorneys) and law enforcement authorities in Mexico, Canada, or the
8      United States, including but not limited to the United States Attorney's
9      Office, the Department of Justice and any national, regional, state, or local
10     authorities, concerning any of the allegations in YOUR
11     COUNTERCLAIMS or any other alleged taking of confidential MATTEL
12     information by MGA or persons currently or formerly employed by MGA.
13    • Request No. 528: All DOCUMENTS that YOU (including YOUR agents
14     and attorneys) provided to law enforcement authorities in Mexico, Canada
15     or the United States, including but not limited to the United States
16     Attorney's Office, the Department of Justice and any national, regional,
17     state, or local authorities, concerning any of the allegations in YOUR
18     COUNTERCLAIMS or any other alleged taking of confidential MATTEL
19     information by MGA or persons currently or formerly employed by MGA.
20     In spite of the obvious relevance of the requested documents, Mattel objected
21 to RFPs 526 and 528 (Herrington Decl. Ex. B.)  In addition to its general objections,
22 including an objection to the production of privileged documents, Mattel asserted
23 several boilerplate objections to RFPs 526 and 528.  Although it initially agreed to
24 produce responsive, non-privileged documents in response to RFP 526, Mattel
25 recently served "corrected" responses, which no longer promise to produce any
26 responsive documents.  (Herrington Decl. Ex. C.)  Mattel objected to RFP 528 in its
27 entirety without any statement that it would produce responsive documents.

28

On September 25, 2007, MGA's prior counsel asked that Mattel withdraw its objections to RFPs 526 and 528 and produce all responsive documents. To resolve any remaining issues, MGA asked Mattel to meet and confer regarding this production. On October 2, 2007, the parties' counsel met and conferred, but could not reach agreement.

## III. ARGUMENT

Mattel does not deny that it has communicated with law enforcement authorities regarding the RICO and trade secret allegations in its counterclaims. If Mattel has presented documents to law enforcement that it believes support its claims that MGA engaged in theft of trade secrets or other unlawful acts, those documents are directly relevant to MGA's defense. Mattel has no reasonable basis to withhold the documents requested in RFPs 526 and 528, and each of Mattel's objections should be overruled, as explained below.

Mattel's relevance objection should be overruled because RFPs 526 and 528 are reasonably calculated to lead to the discovery of admissible evidence. Mattel objects that these requests seek irrelevant information, but fails to state any facts to support this objection. These types of vague, boilerplate objections have no merit and should be overruled. *See A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper.")

These requests seek documents directly tied to Mattel's claim that "MGA or persons currently or formerly employed by MGA" took confidential information from Mattel. Mattel's theft of trade secret allegations are broad. In addition to the specific allegations noted above, the SACC includes a catch-all allegation stating that unidentified "additional employees accessed, copied and took from Mattel confidential and proprietary information." (SACC at 52, ¶ 77.) To test and defend against Mattel's allegations, MGA is entitled to discover the documents Mattel

- 4 -

1   provided to law enforcement authorities as these parallel investigations concerning
2   the same subject matter as Mattel's civil counterclaims. *See, e.g., In re Qwest*
3   *Communications Int'l, Inc.*, 450 F.3d 1179, 1181-82, 1201 (10th Cir. 2006) (private
4   plaintiff permitted discovery of materials provided to law enforcement authorities
5   concerning the same underlying facts). If Mattel communicated with any law
6   enforcement authority with reference to any statement by a witness, any
7   documentary evidence or any other tangible evidence, MGA has the right to discover
8   that information.
9        Mattel's objection that RFP 526 duplicates prior requests should be overruled.
10  Mattel asserts that RFP 526 duplicates prior requests, but fails to identify which
11  requests supposedly are duplicated, nor does it confirm that all responsive documents
12  have been produced in response to prior requests. RFP 526 requires production of all
13  communications Mattel has had with law enforcement that relate to its counterclaims;
14  it is immaterial whether one or more communications may have been covered by an
15  earlier RFP. MGA is entitled to production of these communications as a complete
16  set in the same form that they were provided to the government. Anything less,
17  including prior isolated production, risks removing the communications from their
18  context.
19       Mattel's boilerplate objections regarding overbreadth and burden should be
20  overruled. Mattel also asserts that RFPs 526 and 528 are overbroad and would result
21  in undue burden, but fails to provide any explanation for these objections  Again,
22  Mattel's boilerplate objections are improper and should be rejected. *See Garber*, 234
23  F.R.D. at 188 ("general or boilerplate objections such as 'overly burdensome and
24  harassing' are improper").
25       Indeed, Mattel has not identified any category of documents that would render
26  RFPs 526 and 528 overbroad. To the contrary, MGA's RFPs are straightforward and
27  narrowly crafted to include those documents that relate to the current litigation.
28  Mattel's assertion that there is no subject matter limitation is plainly incorrect. And

1  it is unclear what burden Mattel would face in producing this limited set of

2  documents.  If the volume of documents comprising Mattel's communications with

3  law enforcement authorities and documents provided to law enforcement authorities

4  is so large as to be unmanageable, that fact alone raises an issue regarding Mattel's

5  motive in maintaining such frequent and voluminous contact with the government

6  while pursuing parallel civil litigation.

7       Mattel's confidentiality objections should be rejected. The Protective Order

8  governing discovery in this litigation provides sufficient protection for any

9  confidential, proprietary or trade secret information.  Mattel's objections based on

10  the alleged confidential nature of the documents it is withholding should be

11  overruled.

12       Mattel's privilege objections should be overruled.  As an initial matter, it is

13  unclear whether Mattel actually is asserting privilege objections for any of the

14  responsive documents it is withholding because Mattel has not identified any

15  documents responsive to RFPs 526 or 528 on its privilege log.  If Mattel is

16  withholding documents based on privilege and has not identified those documents on

17  a log, the Court could concluded that Mattel has waived any privilege. *See*

18  *Burlington N. & Santa Fe Ry. Co. v. District Court*, 408 F.3d 1142, 1149 (9th Cir.

19  2005) (failure to identify documents on privilege log can work waiver).

20       Mattel also waived any potentially applicable attorney-client and work product

21  privilege when it chose to communicate with and/or provide documents to law

22  enforcement. *See Weil v. Investment/Indicators, Research & Mgmt., Inc.*, 647 F.2d

23  18, 24 (9th Cir. 1981) ("voluntary disclosure of the content of a privileged attorney

24  communication constitutes waiver of the privilege as to all other such

25  communications on the same subject."); *In re Qwest*, 450 F.3d at 1187-99 (party

26  waived privilege by providing documents to law enforcement); *United States v.*

27  *Reyes*, 239 F.R.D. 591, 603-04 (N.D. Cal. 2006) (attorney client and work product

28  privileges waived by providing privileged communications to the government); *Fru-*

- 6 -

1 *Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, 2006 WL 2255538, at *3 (E.D.

2 Cal. Aug. 7, 2006) ("Documents submitted to governmental agencies waive the

3 privilege with respect to such documents."). There is no other privilege that would

4 permit Mattel to withhold its communications with law enforcement and documents

5 voluntarily provided to law enforcement.[1]

6      Finally, when considering Mattel's boilerplate objections to RFPs 526 and 528,

7 the Court should bear in mind that MGA is seeking the same type of documents that

8 it has been asked to produce by Mattel. Specifically, RFP 164 in Mattel's First Set

9 Of Requests For Documents And Things Re Claims of Unfair Competition asks

10 MGA to produce "All DOCUMENTS RELATING TO any COMMUNICATIONS

11 with, or inquiry or investigation by, any government entity RELATING TO the

12 CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS."

13 **IV.   CONCLUSION**

14      For the foregoing reasons, MGA respectfully requests that this Motion be

15 granted and that Mattel be ordered to produce immediately all documents responsive

16 to MGA's RFPs 526 and 528.

17

18 Dated:  January 16, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

19

20 By: _Raoul Kennedy/ZK_

Raoul D. Kennedy

Attorney for MGA Entertainment, Inc.

21

22

23

24

25

26 [1]    Although these documents and communications may have been related to law enforcement investigations, the law enforcement investigative privilege can only be

27 invoked by government law enforcement authorities. *In re Sealed Case*, 856 F. 2d 268, 271-72 (D.C. Cir. 1988).

28

- 7 -

# DECLARATION OF ROBERT J. HERRINGTON

1.   I am an attorney at Skadden, Arps, Slate Meagher & Flom, counsel of record for MGA Entertainment, Inc. in this case.  I have personal knowledge of the facts stated in this declaration and could testify competently thereto if called as a witness.

2.   Exhibit A to this Declaration is a true an correct copy of Requests for Production 526 and 528 from the Fifth Set of Requests for Production ("RFPs") on Mattel, served on August 3, 2007.

3.   Exhibit B to this Declaration is a true and correct copy of Mattel's original objections and responses to Requests for Production 526 and 528.

4.   Exhibit C to this Declaration is a true and correct copy of Mattel's "corrected" responses to Requests for Production 526 and 528.

5.   Exhibit D to this Declaration is a meet and confer letter MGA's prior counsel sent to Mattel's counsel on September 25, 2007.

6.   I understand that, on October 2, 2007, MGA's prior counsel met and conferred with Mattel's counsel regarding Requests for Production 526 and 528, but were not able to reach a resolution of the issues.

7.   On January 9, 2008, I sent the letter attached as Exhibit E to this Declaration seeking to confirm that Mattel's position on these issues had not changed.  Mattel did not respond to my letter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 16, 2008

Robert J. Herrington