THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Tel.: (415) 984-6400 / Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc.

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>**DISCOVERY MATTER**<br><br>MGA'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL MATTEL TO PRODUCE WITNESSES PURSUANT TO NOTICE OF DEPOSITION UNDER RULE 30(b)(6), OR, IN THE ALTERNATIVE, FOR LEAVE TO SERVE SUCH NOTICE<br><br>[To be heard by Discovery Master Hon. Edward Infante (Ret.) Pursuant to Court Order of December 6, 2006]<br><br>Hearing Date: TBD<br>Time: TBD |

INTRODUCTION ..................................................................................................1

ARGUMENT..........................................................................................................2

    I.    The Court Should Compel Mattel to Produce Witnesses Pursuant to MGA's Notice of Deposition. ........................................................2

        A.    Mattel Categorically Refused to Discuss MGA's 30(b)(6) Notice. ...............................................................................................2

        B.    Mattel Has Been Given Leave to Serve Two Additional 30(b)(6) Deposition Notices Since MGA's Moving Papers Were Filed, and Has Now Served *Six* to MGA's *Zero*. .............3

        C.    Mattel Seeks to Establish a Double Standard of Discovery. .......4

            1.    Mattel Flouts the Meet and Confer Process, Then Seeks to Use it as a Weapon Against MGA. ..................4

            2.    Mattel Seeks to Apply a Different Set of Rules to MGA than to Its Own Offensive Discovery. ..................5

        D.    The Breadth, Burden and Potential for Duplicative Discovery of MGA's 47 Deposition Topics Is Less Than that Imposed by the 291 Topics Served by Mattel on MGA, MGA Mexico and MGA HK. ..................................................6

            1.    Topics Containing "Including, but Not Limited To" or Similar Language.........................................................6

            2.    Purportedly "Burdensome" Topics...............................6

            3.    Purportedly "Duplicative" Topics. ...............................8

            4.    Topics Purportedly Similar to Contention Interrogatories.............................................................10

        E.    Mattel's Objection to Certain of MGA's Statute of Limitations-Related Topics as "Duplicative" of Other Discovery *It Had Refused to Provide* at the Time MGA's Motion Was Filed Is Misleading. ............................................11

CONCLUSION ...................................................................................................11

# INTRODUCTION

Mattel's opposition brief raises for the first time, including in the parties' meet-and-confer correspondence and discussions, Mattel's concerns regarding the scope and specificity of MGA's 30(b)(6) notices. As stated in MGA's moving papers, during the meet-and-confer process, Mattel refused to undertake any discussion of the depositions themselves, insisting simply that MGA's notice was "a nullity" and that discussion of specific deposition topics was "premature." Having refused even to discuss deposition topics with MGA, Mattel may not now in good faith use those topics – much less the Court's meet-and-confer requirements – to seek denial of MGA's request for relief. The Court should reject Mattel's arguments on this basis alone. Further, Mattel espoused its absolutist position despite having served <u>three</u> 30(b)(6) notices on MGA, a <u>fourth</u> served on MGA Hong Kong affiliate, and having prevailed on the same arguments now made by MGA.

Mattel's opposition brief ("Opp.") also neglects to mention that, in the time since MGA's moving papers were filed, Judge Larson has given Mattel leave to serve <u>two more</u> notices of 30(b)(6) depositions on MGA, bringing the running total of 30(b)(6) notices served by Mattel to <u>six</u>, including <u>291 separate topics</u>. In light of the enormous breadth and burden of discovery sought by Mattel, its protestations against MGA's notice in this regard ring hollow. Indeed, as demonstrated below, many of MGA's requests are functionally no different from Mattel's.

Mattel devotes the considerable bulk of its opposition papers to arguing that the 30(b)(6) deposition topics that MGA has served on Mattel are unduly burdensome, overbroad, duplicative or otherwise improper. These objections are not well taken in light of the history of discovery in the present case, and in particular Mattel's own conduct in serving 30(b)(6) deposition notices on MGA. As demonstrated below, the 291 deposition topics that Mattel has served on MGA are at least equally burdensome, broad and duplicative.

Moreover, at the time MGA's moving papers were filed, Mattel continued to object to all topics served by Bryant relating to defendants' statute of limitations and laches defenses. As a result, Mattel can hardly be heard to complain that discovery to which it refused to consent renders MGA's request "duplicative." Mattel's objections have now been overruled, and no deposition on "duplicative" topics will be necessary. MGA has always been and remains willing to discuss with Mattel a reasonable narrowing of issues. However, when MGA sought to do so, it was rebuffed by Mattel's counsel.

In the context and history of this litigation, Mattel's opposition to MGA's first[1] notice of deposition pursuant to Rule 30(b)(6) represents an improper attempt by Mattel to impose a double-standard under which Mattel is permitted to notice hundreds of far-ranging deposition topics while MGA may notice none.[2] The Court should reject Mattel's gambit and grant the requested relief, with costs.

## ARGUMENT

### I. The Court Should Compel Mattel to Produce Witnesses Pursuant to MGA's Notice of Deposition.

#### A. Mattel Categorically Refused to Discuss MGA's 30(b)(6) Notice.

In its opposition papers, Mattel argues that it extended "repeated invitations" to "meet and confer … regarding good cause" for MGA to notice Mattel under Rule 30(b)(6).[3] This claim is not only false, but directly contradicted by Mattel's own meet-and-confer correspondence summarizing the parties' positions. On December 20, 2007, Mattel's lawyer Jon Corey, Esq. wrote a letter to MGA's

---

[1] Mattel's representation that "[a]t issue here is MGA's third notice of deposition of Mattel pursuant to Rule 30(b)(6)" (Opp. at 2 (emphasis added)), is unsupported and simply false. MGA has served only one such notice, the one at issue in this motion.

[2] Emblematic of Mattel's approach to this litigation is the fact that, while it was unwilling to devote any time to meet and confer on the appropriate scope of MGA's 30(b)(6) depositions, it has now deluged the Court with a brief exceeding the Court's page limitations and many hundreds of pages of exhibits and other supporting documents.

[3] Opp. at 5.

counsel summarizing the meet and confer conference that had taken place earlier that day.[4]  Mr. Corey's letter reiterated Mattel's position that

> MGA's Notice of Deposition of [Mattel] is a nullity given that it seeks to depose a person more than once without leave of court in violation of Rule 30.  […]  I responded to your request about producing a witness on Phase 1, as opposed to Phase 2 topics, by saying that a discussion of the specific topics was premature.[5]

Far from "repeated[ly] invit[ing]" MGA to discuss specific deposition topics, Mattel in fact refused to do so, and rebuffed MGA's attempt to discuss a narrower scope of topics, even after MGA had unilaterally narrowed the number of topics on which it sought to depose Mattel from 86 to 47.[6]  Mr. Corey's attestation that "Mattel … invited MGA to show good cause why MGA was entitled to testimony on any of the topics"[7] is thus belied by his own letter.  Nothing of the kind took place.[8]

### B. Mattel Has Been Given Leave to Serve Two Additional 30(b)(6) Deposition Notices Since MGA's Moving Papers Were Filed, and Has Now Served *Six* to MGA's *Zero*.

Studiously overlooked in Mattel's 26 pages of briefing and hundreds of pages of supporting documents is any reference to the fact that – in addition to the three 30(b)(6) notices that had already been served by Mattel on MGA – since the present motion was filed, Mattel has served two additional 30(b)(6) notices: a fourth notice upon MGA, and a further notice on MGAE de Mexico, S.R.L. DE C.V ("MGA Mexico").[9]  These new notices of deposition contain a total of 160 additional

---

[4] Mumford Decl, Ex. 13.

[5] *Id.* at 2 (emphasis added).

[6] *See* Mumford Decl., Ex. 12.

[7] Corey Decl. ¶ 8.

[8] Declaration of Thomas E. Haroldson in Further Support of MGA's Motion To Compel Production of 30(b)(6) Witnesses ("Haroldson Decl.") ¶¶ 1-3; Declaration of Paul Eckles in Further Support of MGA's Motion To Compel Production of 30(b)(6) Witnesses ("Eckles Decl.") ¶¶ 1-3.

[9] Attached as Exhibit 15 to the Second Mumford Declaration, is Judge Larson's January 7, 2008 Order.  That Order, among other things, grants Mattel leave to serve two additional 30(b)(6) deposition notices.  *Id.* at 3.  Exhibits 16 and 17 to the 2nd Mumford Decl. are these two new deposition notices, served on MGA and MGA

-3-

deposition topics.[10]  In addition, Mattel had already served 61 topics under Rule 30(b)(6) on MGA Entertainment (HK) Ltd. ("MGA HK").[11]  Thus, Mattel has now served <u>six</u> separate notices of deposition under Rule 30(b)(6) on MGA and its affiliates, containing a total of <u>291 topics</u>.[12]  In contrast, Mattel refuses to acknowledge a single such notice or deposition topic served by MGA.  Indeed, there is not a single one of MGA's 47 deposition topics to which Mattel does not specifically object in its voluminous opposition papers.  MGA also notes that Mattel's assertion in its brief that MGA has served <u>three</u> notices of deposition pursuant to Rule 30(b)(6)[13] is unsupported and simply false.

### C. Mattel Seeks to Establish a Double Standard of Discovery.

#### 1. Mattel Flouts the Meet and Confer Process, Then Seeks to Use it as a Weapon Against MGA.

Incongruously, having *refused to discuss* "specific topics" set forth in MGA's notice of deposition, Mattel now *opposes* MGA's motion on the basis of the Court's meet-and-confer requirements, insisting that MGA demonstrate to the Discovery Master what Mattel refused to discuss:  the particulars of why MGA needs the 30(b)(6) deposition it has served on Mattel.[14]  Mattel's intransigence on this issue has compelled MGA to bring this motion, and forced the Discovery Master to deal with an issue more properly agreed upon – or at least discussed – between the parties. Mattel should not be rewarded for its refusal to meet-and-confer on the topics set forth in MGA's notice and subsequent meet-and-confer request.[15]

---

Mexico respectively.  Exhibits to the 2d Mumford Decl. are numbered in sequence to the exhibits attached to the Mumford Declaration filed with MGA's moving papers.

[10] *See* 2d Mumford Decl., Exs. 16, 17.
[11] 2d Mumford Decl., Ex. 18.
[12] *See* 2d Mumford Decl., Exs. 16-18; Mumford Decl., Exs. 3, 6, 7.
[13] Opp. at 2.
[14] *Id.* at 5.
[15] *See* Mumford Decl., Ex. 12.

### 2. Mattel Seeks to Apply a Different Set of Rules to MGA than to Its Own Offensive Discovery.

As discussed in MGA's moving papers, Mattel's opposition represents a complete about-face from its prior legal position on 30(b)(6) notices. When Mattel sought to notice its <u>third</u> set of 30(b)(6) deposition topics on MGA, Mattel argued that "<u>Rule 30(a)(2)(B)'s requirement to obtain leave of Court prior to deposing a person for a second [sic] time does *not* apply to 30(b)(6) depositions.</u>"[16] Contrary to Mattel's contention that it "lost" on this issue,[17] the Discovery Master declined to reach it.[18] Now that MGA seeks depositions on 47 topics to Mattel's 291, Mattel argues the opposite position: that MGA, although it has not previously served a single notice of deposition on Mattel, must nonetheless seek leave of court, because "<u>[a] different rule does not apply for Rule 30(b)(6) depositions</u>."[19]

Moreover, Mattel's assertion that "MGA has provided no authority suggesting an exception [to the one-deposition rule] for depositions of corporations"[20] is false. Not only did MGA provide such authority,[21] Mattel itself relied on the same authority when it argued in support of its Third Notice of Deposition on MGA: *Quality Aero Tech., Inc. v. Telemetrie Elektronik*, 212 F.R.D. 313, 319 (E.D.N.C. 2002).

With considerable success, Mattel has fought at every turn in this case to expand the scope of its offensive discovery. For example, of the "more than four

---

[16] Mumford Decl., Ex. 9, Mattel's Reply Brief in Support of Motion to Compel MGA to Produce Witnesses Pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6) and for Sanctions, at 4 (underlining added, italics in original).

[17] Opp. at 1.

[18] Mumford Decl., Ex. 10, Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6), at 266.

[19] Opp. at 2 (emphasis added).

[20] *Id.*

[21] MGA's Motion to Compel Mattel to Produce Witnesses Pursuant to Notice of Deposition Under Rule 30(b)(6), or, in the Alternative, for Leave to Serve Such Notice, at 5, n.18.

-5-
MGA'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF 30(B)(6) WITNESSES

million pages of documents in this case to date," cited by Mattel,[22] more than 3.5 million have been produced by MGA, at very considerable effort and expense.[23] In the context and history of discovery in this case, including the 291 30(b)(6) deposition topics it has already served on MGA, MGA Mexico and MGA HK, Mattel's protestations of over-breadth, burden, and potentially duplicative discovery improperly seek to apply a double standard, under which Mattel would have the Court deny to MGA precisely the sort of discovery that Mattel itself has already succeeded in imposing on MGA.

**D. The Breadth, Burden and Potential for Duplicative Discovery of MGA's 47 Deposition Topics Is Less Than that Imposed by the 291 Topics Served by Mattel on MGA, MGA Mexico and MGA HK.**

1. **Topics Containing "Including, but Not Limited To" or Similar Language.**

Mattel complains that 21 of MGA's 47 topics contain the language "included [sic], but not limited to."[24] Mattel does not mention that it has itself already noticed 83 topics on MGA and MGA Mexico that include one or more uses of the phrase "including but not limited to" or "including without limitation."[25] Mattel's strident objections to a form it has already used in nearly four times as many topics is typical of the double standard Mattel seeks to apply on this issue.

2. **Purportedly "Burdensome" Topics.**

Mattel complains that some of the 47 topics for which MGA seeks testimony would be unduly burdensome, but in the context of this case, and particularly in light of the discovery burden already imposed on MGA by Mattel's topics, Mattel cannot show that the burden of MGA's deposition notice is either disproportionate or unwarranted by the complexity of the case.

---

[22] Corey Decl. ¶ 3.
[23] Haroldson Decl. ¶ 4.
[24] Opp. at 17.
[25] See Mumford Decl. Exs. 3, 6, 7; 2d Mumford Decl., Exs. 16, 17.

For example, Mattel objects to MGA's topic relating to infringement actions regarding "My Scene" or "Diva Starz," (Topic 42), and testimony relating to those products and "Barbie" (Topic 47).[26] Yet Mattel has recently noticed similar, yet far broader discovery:

> 20. Any complaints or dissatisfaction concerning the CONTESTED MGA PRODUCTS, including but not limited to the returns of, or the number of or rate of defects for, such products.[27]

This topic covers the overwhelming majority of "complaints" or expressions of "dissatisfaction" (whatever that may mean) that MGA has ever received. This is particularly true given that the "CONTESTED MGA PRODUCTS" are defined to include

> CONTESTED BRATZ DOLLS PRODUCTS, the CONTESTED BRATZ PETZ PRODUCTS, the CONTESTED BRATZ FUNKY FASHION MAKEOVER HEAD, the CONTESTED 4-EVER BEST FRIENDS PRODUCTS, the CONTESTED MOMMY'S LITTLE DOLL PRODUCTS, and the CONTESTED ALIENRACERS PRODUCTS, and any other doll product, toy, packaging, advertisement or other matter that, in whole or in part, provides a basis for any claim or defense by YOU against MATTEL.[28]

Each capitalized term in this definition is in turn defined in broad terms, such that complaints or "dissatisfaction" from suppliers, sculptors, distributors, radio talk show hosts, etc. – any entity that ever comes into contact with or has anything to say about any of these products at any stage – are covered by the topic.

Continuing with Mattel's objection to "testimony," (MGA's topic 47), Mattel has noticed the following deposition on MGA with nearly the same phrasing, but relating to BRATZ rather than Mattel products:

> 95. Except for deposition testimony provided in this ACTION, the testimony, transcripts, declarations, affidavits and other sworn written statements of any other

---

[26] Mumford Decl., Ex. 1 at A-22-23.
[27] 2d Mumford Decl., Ex. 16 at 16 (emphasis added).
[28] *Id.* at 6.

type by or from YOU or made on YOUR behalf that a REFER OR RELATE TO BRATZ and that REFER OR RELATE TO the time period prior to June 30, 2001 (regardless of when such testimony or sworn statement was taken, given, signed, made or filed).[29]

### 3. Purportedly "Duplicative" Topics.

Mattel complains that some MGA topics are "duplicative" of topics previously noticed by Bryant, yet Mattel's own Fourth Notice of 30(b)(6) deposition on MGA includes a number of topics that duplicate Mattel's own previously-noticed topics. For example, Topic 95 from Mattel's Fourth Notice, quoted on the preceding page, is duplicative of Topic 34 in Mattel's Second Notice:

> 34. Other than those previously filed and served in this ACTION or in which Mattel, Inc.'s counsel in this ACTION was in attendance, the testimony, transcripts, declarations, affidavits and other sworn written statements of any other type by or from YOU or made on YOUR behalf that REFER OR RELATE TO BRATZ THAT REFER OR RELATE TO the time period prior to June 30, 2001 (regardless of when such testimony or sworn statement was taken, given, signed, made or filed).[30]

To take another example, Mattel's Fourth Notice includes the following topic:

> 13. Any copyright, patent, design right or any other registration or application for registration of the CONTESTED MGA PRODUCTS, including but not limited to all COMMUNICATIONS relating thereto, and all filings, declarations, affidavits, correspondence, notes and other DOCUMENTS relating thereto.[31]

Similarly, Topic 33 from Mattel's Second Notice on MGA states:

> 33. The applications for registration and the registrations for copyright, patent, trademark or any other right that REFER OR RELATE TO BRATZ or BRATZ DESIGNS sought, made or obtained by, for or on behalf of YOU or BRYANT, including without limitation COMMUNICATIONS pertaining thereto.[32]

---

[29] *Id.* at 24-25.

[30] Mumford Decl., Ex. 6 at 10.

[31] 2d Mumford Decl., Ex. 16 at 15 (emphasis added).

[32] Mumford Decl., Ex. 6 at 10 (emphasis added).

To take a third example, Topic 10 from Mattel's Fourth Notice states:

> 10. The tooling and manufacture of any of the CONTESTED MGA PRODUCTS, including but not limited to all invoices, contracts, sales orders, purchase orders and payment relating thereto and <u>including but not limited to</u> all DOCUMENTS relating to the engineering, preparation, fabrication and creation of the molds and face paint masks used in connection therewith and to the film and/or digital files used in connection with the packaging therefor.[33]

This duplicates topics 7, 12 and 13 from Mattel's Second Notice:

> 7. The identity of, and the design, development, sculpting, development, engineering, rotocasting, modeling, prototyping and first sale of, any doll, product, work or item that has been produced, developed, manufactured, licensed, sold or offered for sale by, for or on behalf of YOU and that was BASED ON any DESIGN [of Carter Bryant].

> 12. The actual, proposed, requested or contemplated manufacture, fabrication or tooling (including the production of molds) of BRATZ, <u>including without limitation</u> the timing thereof and the IDENTITY of each manufacturer and potential manufacturer used, proposed or considered.

> 13. COMMUNICATIONS prior to June 30, 2001 between YOU and any manufacturer, distributor, wholesaler, retailer, or any contemplated, proposed or potential manufacturer, distributor, wholesaler or retailer, that REFER OR RELATE TO BRATZ or any BRATZ DESIGN.[34]

In the same vein, here is topic 7 from Mattel's Fourth Notice:

> 7. The first date of manufacture, shipment and availability for distribution and retail sale of each of the CONTESTED MGA PRODUCTS.[35]

… which is highly similar to Topic 14 from Mattel's Second Notice:

> 14. When and where BRATZ was first manufactured, shipped, distributed and sold, and the IDENTITIES and roles of PERSONS involved therein.[36]

---

[33] 2d Mumford Decl., Ex. 16 at 15 (emphasis added).

[34] Mumford Decl., Ex. 6 at 7-8 (emphasis added).

[35] 2d Mumford Decl., Ex. 16 at 14.

[36] Mumford Decl., Ex. 6 at 8.

-9-

While this is not an exhaustive list of Mattel's duplicative 30(b)(6) deposition topics, it is sufficient to demonstrate the double standard Mattel seeks to apply in opposing MGA's notice.

### 4. Topics Purportedly Similar to Contention Interrogatories.

Mattel also bemoans that some of MGA's topics "ask for testimony related to the bases for the claims and defenses in this case."[37] Mattel cites <u>eight</u> of MGA's topics in this regard.[38] Yet, as with Mattel's protest against MGA's use of the phrase "including but not limited to," Mattel has in fact used the same approach to a far greater degree than MGA. In Mattel's Fourth Notice, there are <u>twelve</u> topics that begin, "[t]he basis for YOUR claim" or "[t]he factual basis for YOUR claim" or similar language.[39] Similarly, Mattel's Fourth Notice contains an additional <u>ten</u> topics regarding Mattel's "alleged" or "purported" behavior, which also seek testimony regarding the basis for MGA's allegations.[40]

Several of Mattel's topics solicit testimony regarding "the bases for the claims and defenses in this case" so broadly that they do not even reference any particular issue, claim or defense. For example, Topic 88 in Mattel's Fourth Notice asks for:

> 88. The factual bases for YOUR affirmative defenses.[41]

That is the entirety of Topic 88. Topic 26 is even more sweepingly vague:

> 26. To the extent not disclosed in response to any other Topic, all other facts RELATING TO any claim made by YOU against MATTEL or the CONTESTED MATTEL PRODUCTS, and the IDENTITY of all PERSONS with knowledge thereof.[42]

---

[37] Opp. at 23.
[38] *Id.* at 24, n.55.
[39] 2d Mumford Decl., Ex. 16 at 20-21, 23-24 (Topics 49, 50, 52, 53, 55, 56, 58, 59, 84, 85, 88, 90).
[40] *Id.* at 17, 21-22 (Topics 25, 64-68, 72, 74, 76, 77).
[41] 2d Mumford Decl., Ex. 16 at 24.
[42] *Id.* at 17.

This topic apparently solicits testimony encompassing "all …facts RELATING TO …the CONTESTED MATTEL PRODUCTS, and the IDENTITY of all PERSONS with knowledge thereof."[43]  Having noticed these types of deposition topics on MGA, Mattel's objections are, at best, disingenuous.

### E. Mattel's Objection to Certain of MGA's Statute of Limitations-Related Topics as "Duplicative" of Other Discovery *It Had Refused to Provide* at the Time MGA's Motion Was Filed Is Misleading.

Mattel argues that MGA's 30(b)(6) deposition topics relating to MGA's statute of limitations and laches defenses are duplicative.[44]  Mattel neglects to mention, however, that at the time MGA filed its motion, Mattel had refused to assent to any discovery on these issues.  Mattel can hardly be heard to object that a deposition topic is "duplicative" of testimony that has never taken place.  Since this motion was filed, the Discovery Master has ordered Mattel to produce witnesses as to Bryant's noticed topics relating to these defenses.

MGA does not seek duplicative testimony, but a reasonable discovery plan that will allow both parties – not just Mattel – to develop their respective cases.  MGA, now as ever, is prepared to discuss with Mattel a reasonable narrowing of issues, on both sides, that will allow such discovery to be taken.  In the absence of any cooperation from Mattel on this issue, however, MGA is compelled to seek from the Court the relief requested by the present motion.

### CONCLUSION

For the foregoing reasons, MGA respectfully requests this Court to issue an order compelling Mattel to produce witnesses responsive to MGA's notice, with costs.  Alternatively, MGA respectfully requests leave to serve its Notice of

---

[43] Without belaboring the issue, MGA notes that most, if not all, of Mattel's contention-related deposition topics would fall under Mattel's category of testimony likely to be in possession of the requesting party. *See* Opp. at 22-23.

[44] Opp. at 5-7.

1  Deposition of Mattel Pursuant to Fed. R. Civ. P. 30(b)(6),[45] together with MGA's
2  costs of seeking leave.
3  DATED: January 17, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
Raoul D. Kennedy
Attorney for MGA ENTERTAINMENT, INC.

---

[45] Mumford Decl., Ex. 1.

-12-