# EXHIBIT 18

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
6 | Facsimile:  (213) 443-3100

7 | Attorneys for Mattel, Inc.

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

EASTERN DIVISION

11

12 | CARTER BRYANT, an individual,
        Plaintiff,

| CASE NO. CV 04-9049 SGL (RNBx)

13
14 |        vs.

| NOTICE OF DEPOSITION OF MGA ENTERTAINMENT (HK) LIMITED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)

15 | MATTEL, INC., a Delaware
corporation,
16 |        Defendant.

| Discovery Cut-Off:  October 22, 2007
Pre-Trial Conference:  January 14, 2008
Trial Date:  February 12, 2008

17

18 | AND CONSOLIDATED ACTIONS

19

20

21

22

23

24

25

26

27

28

209/2048031.1

SERVED ON US BY MAIL
6-4-07

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 21, 2007 beginning on 9:30 a.m. Mattel, Inc. ("Mattel") will take the deposition upon oral examination of defendant MGA Entertainment (HK) Limited at the offices of Quinn Emanuel Urquhart Oliver & Hedges LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017.  Pursuant to Fed. R. Civ. P. 30(b)(6), MGA Entertainment (HK) Limited shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning each of the topics set forth in Exhibit A hereto.

PLEASE TAKE FURTHER NOTICE that the deposition will take place before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Sundays, Saturdays and legal holidays excepted, until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(2), the deposition will be videotaped.

DATED:  June 4, 2007            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                By _____
                                    Michael T. Zeller
                                    Attorneys for Mattel, Inc.

-1-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT (HK) LIMITED
**Exhibit 18, Page 50**

## EXHIBIT A

1.      "YOU," "YOUR" or "MGA" means MGA Entertainment (HK) Limited, any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.      "BRYANT" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint venturers, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.      "BRATZ" means any project, product or doll ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product or doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product or doll or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each EMBODIMENT of such doll or any portion thereof.  As used herein, "product or doll or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.  Without limiting the generality of the foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "BRATZ" does not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Topics of Examination herein.

4.    "DESIGN" or "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

5.    "EMBODIMENT" means any representation, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

6.    The DRAWINGS means those documents produced as Bates Nos. MGA000053-57,    MGA000392-395,    MGA000435-439,    MGA000455-481 MGA004606, MGA004608, MGA004640, MGA005065, MGA006423-6426, MGA006432-6436, MGA006438-06440, MGA006442-6467, and SL00016-45.

7.    "ANGEL" refers to those projects, products or dolls, sometimes called "Angel Faces" and/or "Prayer Angels," that are the subject of MGA000706-08, MGA000710-12,    MGA000714-16,    MGA000718-20,    MGA000724-28    and MGA000734. Without limiting the generality of the foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "ANGEL" does not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Topics of Examination herein.

**Exhibit 18, Page 52**

!09/2048031.

8.    The "ANGEL DOCUMENTS" means each of the following: MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-26, MGA000724-28 and MGA000734.

9.    "BASED ON" means copied or reproduced from, substantially similar to, based on or derived from in any manner, whether in whole or in part.

10.    "CREATED" means produced, prepared, created, authored, conceived of or reduced to practice, whether in whole or in part and whether alone or jointly with others.

11.    "IDENTIFY" or "IDENTITY" means the following:

(a)    With reference to an individual, means such individual's name, current or last known business title, current or last known business affiliation, current or last known relationship to YOU, current or last known residential and business address, and current or last known telephone number.

(b)    With reference to an entity or governmental organization, means such entity's or organization's name, present or last-known address, and present or last-known telephone number and the IDENTITY of each individual who has served or participated as a contact for or on behalf of such entity or organization.

(c)    With reference to an EMBODIMENT, means the IDENTITY of the individual author(s) or creator(s) of the EMBODIMENT as well as of each other individual who contributed in any manner to the EMBODIMENT; the form, material and medium of the EMBODIMENT (*e.g.*, preliminary three-dimensional resin sculpture, final three-dimensional wax sculpture, digitized file of final three-dimensional wax sculpture, two-dimensional design drawing on paper); each title or name of the EMBODIMENT; the start and end date(s) of the EMBODIMENT's creation or preparation; and the current location of the EMBODIMENT.

12.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more

PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

13.    "ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly *Mattel v. Bryant, Inc.*, first filed in Los Angeles County Superior Court; *Bryant v. Mattel, Inc.*; and *MGA Entertainment, Inc. v. Mattel, Inc.*; and all counterclaims, cross-claims and defenses therein.

14.    "DIGITAL INFORMATION" means any information created or stored digitally, including but not limited to electronically, magnetically or optically.

15.    "SYSTEM" or "SYSTEMS" means any computer or network of computers or other network devices that allow a two or more computers to share information and equipment, including but not limited to local area networks, wide area networks, storage area networks, client-server networks or peer-to-peer networks. The use of the term "SYSTEM" or "SYSTEMS" also includes the brand, model number, technical specifications, and capacities of the computers who are part of each such SYSTEM.

16.    "REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

17.    "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind,

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT (HK) LIMITED
**Exhibit 18, Page 54**

209/2048031.

statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

18.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

19.    The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and *vice versa*, whenever such construction results in a broader disclosure of documents or information.

### Topics of Examination

1.    The origin, conception, creation, design, sculpting, development, engineering, rotocasting, modeling and prototyping of BRATZ and BRATZ DESIGNS CREATED prior to June 30, 2001 (regardless of when or whether such was released in any form to the public), including without limitation the timing thereof, the IDENTITY

1   of each PERSON with knowledge thereof, the IDENTITY of each PERSON involved
2   therein, and the nature, extent and time period(s) of each such PERSON's involvement.

3          2.    The circumstances under which BRATZ or any BRATZ DESIGN
4   first came to YOUR attention, including without limitation the timing, method and
5   manner thereof and the IDENTITY of each PERSON with knowledge thereof.

6          3.    The identity of each doll, product, work or item produced,
7   developed, manufactured, licensed, sold or offered for sale by or for YOU or on YOUR
8   behalf that was BASED ON any BRATZ DESIGN which BRYANT CREATED.

9          4.    To the extent not covered by Topic 3, each EMBODIMENT of any
10  doll, doll accessory or toy that BRYANT CREATED prior to June 30, 2001.

11         5.    The work, activities and/or services that BRYANT performed for or
12  with YOU or on YOUR behalf prior to June 30, 2001.

13         6.    The origin, conception and creation of DESIGNS that BRYANT
14  CREATED prior to June 30, 2001 and in which YOU claim to have, or have ever
15  claimed to have, any right, title or interest (whether in whole or in part).

16         7.    The identity of, and the design, development, sculpting,
17  development, engineering, rotocasting, modeling, prototyping and first sale of, any doll,
18  product, work or item that has been produced, developed, manufactured, licensed, sold
19  or offered for sale by, for or on behalf of YOU and that was BASED ON any DESIGN
20  referenced in Topic 6.

21         8.    Each EMBODIMENT of BRATZ that was CREATED prior to June
22  30, 2001 or that was at any time BASED ON any BRATZ DESIGN which was
23  CREATED prior to June 30, 2001.

24         9.    The DRAWINGS, including without limitation the authorship,
25  creation, dissemination and use thereof and the source, meaning, authenticity and
26  timing of any dates thereon.

27         10.    The email produced by MGA in this ACTION as MGA
28  MGA000422, including without limitation the IDENTITY, current and last known

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT (HK) LIMITED
**Exhibit 18, Page 56**

:09/2048031.

1   location, disposition and use of the DOCUMENTS and tangible items that are
2   referenced in such email.

3        11.   The email and attachment produced by MGA in this ACTION as
4   MGA000007-MGA000009, including without limitation the IDENTITY, current and
5   last known location, disposition and use of each sculpt referenced in and depicted by
6   such email and attachment.

7        12.   The showing of BRATZ at Hong Kong Toy Fair in January 2001,
8   including without limitation the IDENTITY and whereabouts of DOCUMENTS
9   (including photographs and videotapes) and tangible items that REFER OR RELATE
10  TO such toy fair.

11       13.   The showing of BRATZ at Tokyo Toy Fair in February 2001,
12  including without limitation the IDENTITY and whereabouts of DOCUMENTS
13  (including photographs and videotapes) and tangible items that REFER OR RELATE
14  TO such toy fair.

15       14.   The IDENTITY of each vendor or third party who performed or
16  contributed, or who was considered, solicited, requested, proposed or contemplated by
17  YOU or BRYANT to perform or contribute, any activities, work or services in
18  connection with BRATZ or BRATZ DESIGNS prior to June 30, 2001, YOUR
19  COMMUNICATIONS therewith, and the nature, extent and timing of such activities,
20  work or services.

21       15.   The exhibition, or proposed, offered, contemplated or requested
22  exhibition, of BRATZ or any BRATZ DESIGN to any third party prior to June 30,
23  2001, including without limitation each instance in which BRATZ or any BRATZ
24  DESIGN was marketed, offered for sale, pitched, shown or disclosed to, or otherwise
25  discussed with or communicated to, any retailer, wholesaler or distributor and the
26  DOCUMENTS that REFER OR RELATE thereto.

27       16.   The actual, proposed, requested or contemplated manufacture,
28  fabrication or tooling (including the production of molds) of BRATZ, including without

:09/2048031.

1  limitation the timing thereof and the IDENTITY of each manufacturer and potential
2  manufacturer used, proposed or considered.

3      17.    COMMUNICATIONS prior to June 30, 2001 between YOU and
4  any manufacturer, distributor, wholesaler, retailer, or any contemplated, proposed or
5  potential manufacturer, distributor, wholesaler or retailer, that REFER OR RELATE
6  TO BRATZ or any BRATZ DESIGN.

7      18.    When and where BRATZ was first manufactured, shipped,
8  distributed and sold, and the IDENTITIES and roles of PERSONS involved therein.

9      19.    The licensing, including without limitation the proposed or
10  requested licensing, of BRATZ or any BRATZ DESIGN prior to December 31, 2001,
11  including without limitation the timing thereof, the IDENTITY of each such licensee or
12  proposed or requested licensee and the product(s) or proposed product(s) involved.

13      20.    COMMUNICATIONS between YOU and BRYANT prior to
14  January 1, 2001, including without limitation the content, means and timing of such
15  COMMUNICATIONS, the IDENTITY of the PERSONS who were parties thereto and
16  the DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

17      21.    COMMUNICATIONS that BRYANT made for YOU or on YOUR
18  behalf with any PERSON other than YOU that REFER OR RELATE TO BRATZ prior
19  to June 30, 2001.

20      22.    YOUR agreements and contracts with BRYANT, including without
21  limitation the timing thereof, the negotiations, drafts and COMMUNICATIONS that
22  REFER OR RELATE thereto, and any actual or proposed amendments thereto.

23      23.    Each agreement or contract between YOU and any PERSON other
24  than BRYANT that REFERS OR RELATES TO BRATZ or BRATZ DESIGNS that
25  REFERS OR RELATES to the time period prior to December 31, 2001 (regardless of
26  when such agreement or contract was negotiated or executed), including without
27  limitation the timing thereof, the negotiations, drafts and COMMUNICATIONS that
28  REFER OR RELATE thereto, and any actual or proposed amendments thereto.

209/2048031.

24.     YOUR knowledge, prior to April 29, 2004, of BRYANT's contracts and agreements with, and his obligations to, MATTEL.

25.     YOUR knowledge of, and access to, non-public MATTEL DIVA STARZ project information and DESIGNS prior to June 30, 2001.

26.     The payment of money or anything of value by or for YOU or on YOUR behalf that has been made to, for or on behalf of BRYANT (a) for work, services or activities performed by BRYANT prior to January 1, 2001 (regardless of when such payment was actually made), (b) for DESIGNS CREATED by BRYANT prior to January 1, 2001 (regardless of when such payment was actually made) or (c) in connection with BRATZ or any BRATZ DESIGN at any time, including without limitation the timing, manner and amount(s) thereof and the reasons therefor.

27.     Any indemnification and fee arrangement that YOU and/or BRYANT has sought, proposed, requested or obtained in connection with this ACTION.

28.     YOUR revenues and profits from BRATZ, including without limitation YOUR gross and net profits, and YOUR costs associated therewith.

29.     YOUR net worth.

30.     The payment of money or anything of value that YOU have made or offered to make to, for or on behalf of Elise Cloonan, or that has been requested, sought or received by, for or on behalf of Elise Cloonan, and the timing, manner, amount(s) and reasons therefor.

31.     COMMUNICATIONS between YOU and Elise Cloonan that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee, including without limitation the IDENTITY of DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

32.     COMMUNICATIONS made by, for or on behalf of YOU, whether directly or indirectly, with Anna Rhee, including without limitation since February 2005 (but not including any such COMMUNICATIONS with her legal counsel).

:09/2048031.

-10-

1      33.    COMMUNICATIONS between YOU and Veronica Marlow,
2  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), Sarah
3  Halpern, Steve Linker, Liz Hogan and/or Jesse Ramirez that REFER OR RELATE TO
4  BRYANT, MATTEL, BRATZ and/or Anna Rhee, including without limitation all
5  DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.
6      34.    The IDENTITY of each PERSON who, at any time since January 1,
7  1998, has performed any work or services for, by or on behalf of YOU while such
8  PERSON was employed by MATTEL, the nature and timing of each such PERSON's
9  work or services and the amount(s) paid by YOU to each such PERSON.
10      35.    COMMUNICATIONS between YOU and BRYANT that REFER
11  OR RELATE TO MATTEL or REFER OR RELATE TO any DOCUMENT that was
12  prepared, authored or created by MATTEL that BRYANT has ever provided to, shown,
13  described to, communicated to or disclosed in any manner to YOU.
14      36.    The applications for registration and the registrations for copyright,
15  patent, trademark or any other right that REFER OR RELATE TO BRATZ or BRATZ
16  DESIGNS sought, made or obtained by, for or on behalf of YOU or BRYANT,
17  including without limitation COMMUNICATIONS pertaining thereto.
18      37.    Other than those previously filed and served in this ACTION or in
19  which Mattel, Inc.'s counsel in this ACTION was in attendance, the testimony,
20  transcripts, declarations, affidavits and other sworn written statements of any other type
21  by or from YOU or made on YOUR behalf that REFER OR RELATE TO BRATZ
22  THAT REFER OR RELATE TO the time period prior to June 30, 2001 (regardless of
23  when such testimony or sworn statement was taken, given, signed, made or filed).
24      38.    COMMUNICATIONS between YOU and Universal Commerce
25  Corp., Ltd. prior to June 30, 2001.
26      39.    The source, meaning and authenticity of SL00013-14, including
27  without limitation the timing of its creation and the handwriting thereon.
28

-11-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT (HK) LIMITED
**Exhibit 18, Page 60**

40. YOUR corporate structure since January 1, 1999, including without limitation YOUR relationship with MGA Entertainment, Inc., and the IDENTITY of YOUR officers, directors, shareholders and employees since January 1, 1999.

41. The retention or destruction policies, procedures and practices for YOUR DOCUMENTS and DIGITAL INFORMATION that REFER OR RELATE TO BRATZ since January 1, 1999, including without limitation the retention or destruction of DOCUMENTS and DIGITAL INFORMATION when (a) hardware is replaced, modified or upgraded and (b) when PERSONS leave YOUR employ.

42. The preservation, collection, destruction, removal, transfer, loss or impairment of YOUR DOCUMENTS and DIGITAL INFORMATION in connection with the ACTION and/or any DOCUMENTS requested by MATTEL in the ACTION.

43. The preservation, collection, destruction, removal, transfer, loss or impairment of YOUR DOCUMENTS and DIGITAL INFORMATION since January 1, 1999 that REFER OR RELATE TO MATTEL (including without limitation to any MATTEL product, plan or information) that YOU received in any manner from any PERSON who was at the time an employee of MATTEL or who had previously been an employee of MATTEL.

44. The testing of or sampling from DOCUMENTS that REFER OR RELATE TO BRATZ or BRYANT, including without limitation such testing or sampling in connection with any ink, paper or chemical analysis performed or attempted to be performed to date, any DOCUMENTS that REFER OR RELATE thereto and all results and reports relating thereto.

45. YOUR DIGITAL INFORMATION data backup policies, practices and procedures from January 1, 1999 to the present, including without limitation the location and specifications of any media used to preserve YOUR DIGITAL INFORMATION and the software, if any, used to preserve YOUR DIGITAL INFORMATION.

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT (HK) LIMITED

**Exhibit 18, Page 61**

46.   The DIGITAL INFORMATION SYSTEMS and the application software that YOU have used since January 1, 1999 that REFER OR RELATE TO design, development, planning, inventory, manufacturing, sales, shipping and accounting, including without limitation the common or shared storage for such DIGITAL INFORMATION SYSTEMS, remote access of such DIGITAL INFORMATION SYSTEMS, and any changes, modifications or upgrades to such DIGITAL INFORMATION SYSTEMS or application software.

47.   The IDENTITY of PERSONS, including without limitation vendors, who since January 1, 1999 have been responsible for or supported YOUR DIGITAL INFORMATION SYSTEMS, including without limitation the IDENTITY of such PERSON who serviced or provided hardware for YOUR DIGITAL INFORMATION SYSTEMS, hosted, stored, archived or maintained YOUR DIGITAL INFORMATION, including but not limited to internet service providers, and provided analytical, training or implementation services with respect to YOUR DIGITAL INFORMATION SYSTEMS.

48.   The electronic messaging SYSTEMS used by YOUR employees within the scope of their employment between January 1, 1999 and the present, including but not limited to electronic mail, instant messenger, telephone or voice-mail, and the routing of such electronic messages to, from or within MGA.

49.   YOUR policies, practices and procedures regarding the use of transportable media that contain or are capable of containing DIGITAL INFORMATION, including but not limited to floppy discs, compact discs, DVDs, USB drives, portable hard drives, digital cameras and personal digital assistants.

50.   The identity of each PERSON involved in ANGEL, and the nature and time period(s) of each such PERSON's involvement therein.

51.   The conception, design, development, production, sculpting, rotocasting, molding, modeling or prototyping of ANGEL, including without limitation the chronology thereof.

1    52.    The identity of, and the design, development and first sale of, any
2  products resulting from ANGEL.

3    53.    The source, meaning and authenticity of the ANGEL
4  DOCUMENTS, including of the handwritten notations thereon.

5    54.    The identity of any computer or computer system by or from which
6  the ANGEL DOCUMENTS were created or generated or in which they have been
7  maintained, and the identity of the computer programming or software used in
8  connection therewith.

9    55.    The identity of DOCUMENTS and tangible items that REFER OR
10  RELATE TO ANGEL.

11    56.    YOUR COMMUNICATIONS that REFER OR RELATE TO
12  ANGEL, including without limitation with MGA Entertainment, Inc., prior to
13  December 31, 2001.

14    57.    The identity, source and current location of each head that was
15  provided by, for or on behalf of YOU to Anna Rhee for painting prior to October 21,
16  2000.

17    58.    The identity of each PERSON involved in the conception, design,
18  development, production, sculpting, rotocasting, molding, modeling or prototyping of
19  each head that was provided by, for or on behalf of YOU to Anna Rhee for painting
20  prior to October 21, 2000.

21    59.    To the extent not covered by any other Topic, the roles, involvement
22  and activities of Stephen Lee, Cecelia Kwok, Franki Tsang, Victor Lee, Victor
23  Raymond Fung, CY Ho, Eric Yip, Jimmy Cheng and Samuel Wong in connection with
24  BRATZ and/or ANGEL prior to December 31, 2001, including without limitation the
25  timing of such roles, involvement and activities.

26    60.    To the extent not covered by any other Topic, the IDENTITY,
27  current and last known location, and disposition of DOCUMENTS that REFER OR
28  RELATE TO BRATZ and/or ANGEL that were, prior to December 31, 2001, created,

1    generated, sent and/or received by YOU, including without limitation by Stephen Lee,
2    Cecelia Kwok, Franki Tsang, Victor Lee, Eric Yip, Victor Raymond Fung, CY Ho,
3    Jimmy Cheng and/or Samuel Wong.

4          61.    YOUR relationship with Stephen Lee since April 1, 2004, including
5    without limitation any agreements or contracts between YOU and/or MGA
6    Entertainment, Inc., on the one hand, and Stephen Lee, on the other hand.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

209/2048031.

-15-