QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                   Plaintiff,<br><br>          vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                   Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-09049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-9059 and CV 05-2727<br><br>Hon. Stephen G. Larson<br><br>MATTEL, INC.'S RESPONSE TO CARLOS MACHADO GOMEZ'S *EX PARTE* APPLICATION FOR CLARIFICATION OF THE COURT'S JANUARY 7, 2008 ORDER<br><br>**PHASE 1:**<br>Discovery Cut-off:  January 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

07209/2355984.4

### **Preliminary Statement**

Defendant Carlos Gustavo Machado Gomez ("Machado") contends that the Court's January 7, 2008 Order permitting and requiring certain discovery conflicts with the Court's October 31, 2007 Order with respect to the schedule and deadlines for Phase 2 discovery.  His contention misreads the Orders and, although he does not disclose this, is an effort to justify his continuing refusals to sit for deposition as the Court has required.

In alleging there is a seeming conflict between the Orders, Machado construes the January 7 Order as potentially setting a Phase 2 discovery cutoff date.  The January 7 Order does not set any discovery cut-off date for Phase 2.  It thus in no way conflicts with the October 31 Order vacating Phase 2 dates.  Rather, the January 7 Order clearly and simply requires that "[a]ll of the depositions permitted by this Order" -- which includes Machado -- occur before January 28, 2008, unless a Court-approved stipulation allows them to be completed by February 29, 2008.  Indeed, the only party who has professed confusion about the January 7 is Machado.  Neither Mattel nor MGA understands the January 7, 2008 Order to set a Phase 2 discovery cut-off date.

Machado's suggestions that the Court's Orders are unclear or in conflict are not only without merit, but are advanced for tactical purposes.  Mattel has been seeking Machado's deposition since June 2007.  He first promised to appear, then delayed by using the changes in counsel on the defense side as his excuse and then, after further delay, refused to be deposed.  Mattel brought a motion to compel.  After the motion was filed, Machado agreed to appear for deposition on January 15, 2008.  On the weekend before the deposition, however, Machado and MGA unilaterally cancelled it.  Machado also did so less than a day after he had attempted to use his deposition as an excuse to delay the scheduled hearing before Judge Infante on the motion to compel.  Flying in the face of this Court's January 7 Order requiring his deposition be completed by January 28 unless there is a Court-approved stipulation otherwise, Machado now takes the position that he need not appear at all until after Phase 1 trial.  Meanwhile,

Machado also sent an email to this Court -- in violation of the <u>Local Rules</u> and this Court's directives -- professing lack of clarity in the January 7 Order, in an apparent further quest to avoid having to appear for his deposition by the end of this month as required by the January 7 Order.  Machado's machinations should be rejected.

Mattel also respectfully suggests that Machado's *ex parte* is not an appropriate vehicle for limiting or delaying Phase 2 discovery.  The Court has repeatedly rejected in the past MGA's and the other defendants' requests to stay or bifurcate discovery because it would complicate and delay discovery in this case yet more.  There is no question that there is considerable Phase 2 work to be done, both on MGA's claims for which it seeks "billions" of dollars from Mattel and on Mattel's Phase 2 claims.  It would be unjust and would potentially prejudice Mattel's ability to obtain the discovery it needs to prosecute its Phase 2 claims and defend against MGA's claims if defendants were allowed to delay yet more, which would only add to the well-documented obstructionism Mattel already faces in attempting to obtain even basic discovery from defendants.[1]   Indeed, Machado's recent (and still glaringly deficient) preservation affidavit only serves to underscore Mattel's need to depose Machado so that it can pursue from third parties evidence that Machado is not keeping.

<u>**Argument**</u>

**I.    THE JANUARY 7 ORDER DOES NOT CONFLICT WITH THE OCTOBER 31 ORDER**

On October 31, 2007, the Court issued the Order Regarding Status Conference (the "October 31 Order").[2]   Pursuant to that Order, the Court, *inter alia*, (1) set the Phase 1 schedule, including a discovery cut-off of January 28, 2008; (2) vacated the

---

[1]   To cite only one of many potential examples, like Isaac Larian before it, MGAE de Mexico refuses to produce a single page of documents.

[2]   *See* Order Regarding Status Conference, dated October 31, 2007 ("October 31, 2007 Order") at 2, attached as Exhibit 1 to the Declaration of B. Dylan Proctor ("Proctor Dec."), filed concurrently herewith.

schedule for Phase 2 that it had previously set; (3) stated that it "will consider the scheduling of Phase 2 at a later date"; and (4) "denie[d] MGA's request to delay or otherwise bifurcate discovery regarding Phase 2 issues."[3]

The Court's ruling was clear.  The Phase 1 discovery cut-off is  January 28, 2008.  All Phase 2 deadlines—including discovery cut-off—were vacated, which the Court said it "will consider" "at a later date."  In rejecting MGA's request to bifurcate Phase 1 and Phase 2 discovery, the Court also made evident that all discovery was to proceed without "delay."

Nor is there any lack of clarity in the January 7 Order or any inconsistency between the October 31 and January 7 Orders.  On January 7, 2008, the Court granted in part Mattel's motion for leave to take additional discovery (the "January 7 Order"). Pursuant to that Order, Mattel may conduct additional written discovery and conduct additional depositions.[4]  Specifically, the Order permits Mattel to take the depositions of individuals, many of whom entirely or in part have knowledge of facts relating to MGA's unfair competition claims and Mattel's trade secret and RICO claims at issue in Phase 2.[5]  One of these individuals is Machado.[6]  The Order further permits Mattel to

---

[3]  *See id.*

[4]  *See* Order Granting In Part and Denying In Part Mattel's Motion for Leave to Take Additional Discovery (Docket #1504), dated January 7, 2008, attached as Ex. 2 to the Proctor Dec.  The January 7 Order was amended on January 10, 2008 to correctly note that Mattel's motion seeking clarification regarding the Court's Order appointing the Discovery Master was granted.  *See* Order Amending Court's Minute of January 7, 2008 (In Chambers) (Docket # 1508), dated January 10, 2008, attached as Ex. 3 to Proctor Dec.

[5]  *See* January 7, 2008 Order at 3, Proctor Dec., Ex. 2; *see also* Mattel's Memorandum of Points and Authorities in support of its Motion for Leave to Take Additional Discovery and Objections to Discovery Master Order of September 28, 2007, filed November 19, 2007 (the "Motion"), at 9-11, attached as Ex. 4 to Proctor Dec.

[6]  *See* January 7, 2008 Order at 3, Proctor Dec., Ex. 2; *see* Mot. at 13, Proctor Dec., Ex. 4.

take Rule 30(b)(6) depositions of defendants MGAE de Mexico, S.R.L. de C.V. and MGA Entertainment, Inc.[7]  Lastly, the January 7 Order permits Carter Bryant and MGA to depose 10 current or former Mattel employees identified in their *ex parte* application to compel depositions.[8]

By its plain terms, the January 7 Order does not set Phase 2 dates.  It is silent on the point.  Rather, the January 7 Order simply compels the parties to hold "[a]ll depositions permitted by this Order" before January 28, 2008, unless a Court-approved stipulation allows them to be completed by February 29, 2008.[9]  Although Machado states that the language of the January 7 Order "appears" to set January 28, 2008 as the discovery cut-off for all Phase 2 discovery, it does not.[10]  The Order merely sets dates certain for the completion of the additional depositions authorized by the Order.  Setting dates certain for particular discovery is distinctly different than setting a discovery cut-off date for all discovery.

The October 31 Order set the Phase 1 schedule (including the discovery cut-off of January 28, 2008) and vacated the Phase 2 schedule (including a previously set discovery cut-off).  The Order also rejected MGA's request to delay and bifurcate Phase 1 and Phase 2 discovery entirely.  The January 7 Order reaffirms the Phase 1 discovery cut-off of January 28, 2008, is silent as to the Phase 2 discovery cut-off, and sets dates certain to complete additional depositions relating to Phase 1 and Phase 2 issues.  The Orders simply do not conflict.

## II.   THERE IS NO BASIS FOR MACHADO'S SUGGESTION THAT PHASE 2 DISCOVERY BE DELAYED FURTHER

Machado states that "in reliance on the language of the October 31, 2007 Order," he has been "holding in abeyance" all the Phase 2 discovery he intends to conduct

---

[7]   *See id.* at Ex. A-B; *see also* January 7, 2008 Order at 3, Proctor Dec., Ex. 2.
[8]   *See id.* at 5.
[9]   *Id.* at 3.

"until Phase 1 discovery concludes."[11]  His claim is not only inconsistent with his and MGA's prior positions, but misreads the Court's Order.  The Court in the October 31 Order expressly *rejected* MGA's request to "delay or otherwise bifurcate discovery regarding Phase 2 issues."  Instead, the Court ordered discovery to proceed, and Mattel -- as well as MGA -- have propounded and been pursuing Phase 2 discovery.  There is no basis for Machado to have concluded that the October 31 Order permits any party to "delay" conducting <u>all</u> Phase 2 discovery.

Nevertheless, it is undisputed that a significant amount of Phase 2 discovery remains to be completed, largely because of Machado's and the other defendants' delays.  For example, after long evading service, Machado was served with process on March 26, 2007.[12]  Mattel began seeking deposition dates from Machado on June 4, 2007.[13]  On September 3, 2007, Machado's former counsel confirmed that October 26, 2007 was an "acceptable date" for Machado's deposition, which the parties agreed would occur in Los Angeles.[14]  The next day Mattel served a deposition notice that confirmed the parties agreement.[15]  Counsel for MGA and Bryant also agreed to the October 26, 2007 deposition.[16]

Then, three weeks before the deposition, Machado's new counsel flatly refused to make Machado available.[17]  Mattel filed a motion to compel on November 16, 2007.  On December 6, 2007, Machado's counsel represented that Machado would appear for

---

[10]   Machado Br. at 2.

[11]   Machado Br. at 1.

[12]    Proctor Dec. at ¶ 2.

[13]    *See* Mattel's Motion to Compel: (1) Deposition of Carlos Gustavo Machado Gomez; and (2) Consent to Production of Electronic Mail Messages, filed November 16, 2007, at 4 (Docket # 1122) ("Mattel's Motion to Compel"), attached as Ex. 5 to Proctor Dec.

[14]   *See id.*

[15]   *Id.*

[16]   *See id.*

[17]   *See* Mattel's Motion to Compel at 4, Proctor Dec., Ex. 5.

deposition on January 15, 2008 in Mexico City, a location Mattel had proposed as an accommodation to him and to avoid further delays.[18]  On December 24, 2007, Mattel served an amended notice of deposition for Mr. Machado on all parties.

The Discovery Master subsequently set the hearing on Mattel's motion to compel for January 16, 2008.  On January 11, 2008, Machado's counsel contacted Mattel's counsel and requested that Mattel agree to continue the scheduled hearing.  In seeking to continue the hearing, Machado's counsel represented to Mattel—and then to the Discovery Master in an email—that he would not be able to participate in the scheduled January 16, 2008 hearing because he would be on a flight returning from Machado's deposition.  As a professional courtesy based on that representation that Machado's deposition was going forward, Mattel agreed to continue the hearing to February 8, 2008, the Discovery Master's next hearing date.

Less than a day later, defendants unilaterally cancelled the deposition.  Mattel therefore withdrew its consent to the continuance of the January 16 hearing before the Discovery Master.[19]  That same day, Machado and MGA filed their responses to Mattel's notice of withdrawal.[20]  Their responses revealed for the first time that MGA

---

[18]  The facts concerning the recent events pertaining to Mattel's Motion to Compel are set forth in the Second Supplemental Declaration of Jon Corey in support of Mattel's Motion to Compel, filed January 14, 2008 (Docket # 1527) ("Second Supp. Corey Dec."), attached as Ex. 6 to the Proctor Dec., and the Third Supplemental Declaration of Jon Corey in support of Mattel's Motion to Compel, filed January 16, 2008 (Docket # 1542) ("Third Supp. Corey Dec."), attached as Ex. 7 to the Proctor Dec.

[19]  *See* Second Supp. Corey Dec., Proctor Dec., Ex. 6.

[20]  *See* Declaration of MGA Entertainment, Inc.'s Response to Mattel, Inc.'s (1) Notice of Withdrawal of Consent to Continuance of Motion to Compel Deposition of Machado and (2) Request that Motion to Compel Remain on Calendar for January 16, 2008, filed January 14, 2008 (Docket # 1530); Carlos Gustavo Gomez Machado's Supplemental Memorandum of Points and Authorities in Opposition to Mattel's Motion to Compel (1) Deposition of Machado [and] (2) Consent to Production of Electronic Messages, dated January 14, 2008 (Docket # 1528).

and Machado had known for weeks of MGA's counsel's purported scheduling conflict on January 15, 2008. But neither Machado nor MGA notified Mattel of that purported conflict until January 11 and 12, 2008, respectively.[21]

Moreover, evidence has now emerged that there was no basis for Machado's past excuses for why he could not appear for deposition in the United States -- because, he claimed, he is subject to travel restrictions since he is being prosecuted for theft of Mattel's trade secrets in Mexico. Two days ago, on January 15, 2008, Mattel learned that Machado had sought on December 5, 2007, and was granted that same day, leave by the court in Mexico to travel to the United States to attend MGA marketing meetings. Remarkably, December 5, 2007 was the day before Machado's counsel first offered to produce Machado for deposition in Mexico City based on his alleged travel restrictions. Machado traveled to the United States on December 5, 2007 and remained in the United States until December 13, 2007.[22] Nevertheless, neither he nor MGA provided him for deposition in this case.

---

[21] *See id.* Machado is only the latest of defendants' witnesses to follow this now-familiar pattern. As the Court is aware, virtually every witness for defendants -- including Carter Bryant, Isaac Larian and all of MGA's key officers and employees on Bratz -- considerably delayed their depositions by promising to appear, only to then cancel at the last minute with flat refusals to appear. As a result, each of these witnesses has required Court Orders -- often multiple Court Orders -- before testifying.

[22] *See* Third Supp. Corey Dec., Proctor Dec., Ex. 7.

1    It is precisely because of gamesmanship such as this that substantial Phase 2

2  discovery remains to be conducted in this case.  And, Mattel believes it is precisely to

3  avoid still further delays that the Court set dates certain to complete the additional

4  depositions authorized in its recent Order.   Machado should not be allowed any

5  opportunity to further delay and avoid this Court's mandate that he appear for

6  deposition by January 28 absent a Court-approved stipulation.

7

8  DATED:  January 17, 2008            QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
9

10                                     By /s/ B. Dylan Proctor
                                          B. Dylan Proctor
11                                        Attorneys for Plaintiff
                                          Mattel, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28