**EXHIBIT 5**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11  | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
12  |                               | Consolidated with |
    | Plaintiff,                    | Case No. CV 04-09059 |
13  |                               | Case No. CV 05-02727 |
    | vs.                           |                               |
14  |                               | **DISCOVERY MATTER** |
    | MATTEL, INC., a Delaware      |                               |
15  | corporation,                  | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
16  | Defendant.                    |                               |
17  |                               | MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL: |
    | AND CONSOLIDATED ACTIONS      |                               |
18  |                               | (1)  DEPOSITION OF CARLOS GUSTAVO MACHADO GOMEZ; |
19  |                               |                               |
20  |                               | (2)  CONSENT TO PRODUCTION OF ELECTRONIC MAIL MESSAGES; AND |
21  |                               |                               |
22  |                               | MEMORANDUM OF POINTS AND AUTHORITIES |
23  |                               | [Declaration of Jon D. Corey filed concurrently] |
24  |                               |                               |
25  |                               | Hearing Date:     TBA |
    |                               | Time:             TBA |
26  |                               | Place:            Telephonic Hearing |
27  |                               | Discovery Cut-off:       January 28, 2007 |
    |                               | Pre-trial Conference:    May 5, 2008 |
28  |                               | Trial Date:              May 27, 2008 |

07209/2296350.1

EXHIBIT  5   PAGE  106          MATTEL, INC.'S MOTION TO COMPEL RE MACHADO

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that, at a time and place of hearing to be set by

3   Discovery Master Hon. Edward Infante (Ret.), Mattel, Inc. will, and hereby does,

4   move the Discovery Master, pursuant to <u>Federal Rules of Civil Procedure</u> 30 and 37,

5   for an order (a) compelling the deposition of defendant Carlos Gustavo Machado

6   Gomez in Los Angeles, California or Mexico City, Mexico, on or before December

7   30, 2007; and (b) compelling Machado to provide his consent to the disclosure of

8   relevant electronic mail messages from his internet service providers.

9        This Motion is made on the ground that, despite repeated requests by Mattel

10   and a prior agreement that Machado's deposition would take place on October 26,

11   2007, counsel for Machado now refuses to produce Machado, a party-defendant in

12   this case, for deposition or even to offer dates for his deposition.  This Motion is

13   made on the further ground that Machado has used electronic mail services from

14   third-party internet service providers for communications in connection with his

15   trade secret theft and disloyalty, but has refused to produce electronic mail messages

16   or to consent to their production from third-parties.

17        This Motion is based on this Notice of Motion and Motion, the accompanying

18   Memorandum of Points and Authorities, the Declaration of Jon D. Corey, the

19   records and files of this Court, and all other matters of which the Discovery Master

20   may take judicial notice.

21

22

23

24

25

26

27

28

EXHIBIT __5__ PAGE __107__

1

## Statement of Local Rule 37-1 Compliance

2       The parties met and conferred regarding this motion on October 18, 2007 and

3   times thereafter.

4

5   DATED:  November 15, 2007        QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
6

7                                    By
8                                       Jon D. Corey
                                        Attorneys for Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT  5    PAGE  108

1

## TABLE OF CONTENTS

2

**Page**

3

4  PRELIMINARY STATEMENT ................................................................. 1

5  STATEMENT OF FACTS .................................................................... 2

6  ARGUMENT ................................................................................ 8

7  I.    THE COURT SHOULD COMPEL MACHADO'S DEPOSITION ................. 8

8        A.    Machado Cannot Avoid Deposition Because He Is In Mexico ............. 8

9        B.    Machado Cannot Avoid Deposition Because He May Invoke the
              Fifth Amendment to Certain Questions .................................. 9

10

11  II.   THE COURT SHOULD COMPEL MACHADO TO DISCLOSE
          RELEVANT EMAILS ............................................................... 11

12  CONCLUSION ............................................................................ 12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __5__ PAGE _109_

# TABLE OF AUTHORITIES

**Page**

## Cases

Bear Stearns & Co. v. Wyler,
  182 F. Supp. 2d 679 (N.D. Ill. 2002)......................................................10

Camelot Group, Ltd. V. W. A. Krueger Co.,
  486 F. Supp. 1221 (D.C.N.Y. 1980)......................................................11

Federal Savings and Loan Ins. Corp. v. Molinaro,
  889 F.2d 899 (9th Cir. 1989).................................................................11

International Business Machines Corp. v. Brown,
  857 F. Supp. 1384 (C.D. Cal. 1994)......................................................11

O'Grady v. Superior Court,
  139 Cal. App. 4th 1423 (2006)..............................................................11

United States v. Balsys,
  524 U.S. 666 (1998)...............................................................................10

United States v. Hansen,
  233 F.R.D. 665 (S.D. Cal. 2005) ............................................................9

United States v. Pierce,
  561 F.2d 735 (9th Cir. 1977) ..................................................................9

## Statutes

Fed. R. Civ. P. 26(d) ................................................................................8

Fed. R. Civ. P. 30(a) ................................................................................8

## Miscellaneous

2A Wright & Miller, Federal Practice and Procedure: Criminal § 407 at 51 (3d ed. 2000) .........................................................................................................10

8 Wright & Miller, Federal Practice and Procedure § 2018 (2d ed. 1994) .................9

EXHIBIT __5__ PAGE __110__

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### Preliminary Statement

3    Carlos Gustavo Machado Gomez ("Machado") is a current MGA executive and
4  is named as a party-defendant in this case for his trade secret theft and other
5  misconduct.  When Machado was at Mattel Mexico, MGA recruited him and two co-
6  workers to leave Mattel.  On their way out of Mattel (and evidently even before then),
7  Machado and the others downloaded and took thousands of pages containing Mattel
8  trade secrets.  Mattel informed Mexico law enforcement, who executed a search
9  warrant on MGA's offices in Mexico City, where they discovered trade secrets stolen
10 from Mattel.

11    Mattel first sought Machado's deposition on July 23, 2007.  All parties agreed
12 with Machado's prior counsel, James Spertus, that Machado's deposition would occur
13 on October 26, 2007.  The case was then stayed at MGA's request based on its
14 substitution of counsel, so the deposition was postponed.  Now, Machado's new counsel
15 flatly refuses either to produce Machado or provide dates for his deposition.  As one of
16 his most recent excuses for his stonewalling, Machado claims that because he is being
17 criminally prosecuted in Mexico for trade secret theft, he is immunized on a wholesale
18 basis from appearing for deposition and from producing any other discovery.  That is
19 not even arguably the law and constitutes no legitimate basis for Machado's
20 obstructionism.

21    Further thwarting basic discovery, Machado refuses to consent to the release of
22 emails from accounts used to facilitate the trade secret thefts and other unlawful acts.
23 Discovery of the emails is plainly proper, including because they are reasonably
24 calculated to lead to the discovery of admissible evidence concerning his and MGA's
25 trade secret thefts and to the predicate acts underlying Mattel's RICO claims.  His
26 justification for refusing is that the emails from the accounts had supposedly been
27 produced.  In fact, Machado has not produced them.

28

EXHIBIT 5   PAGE 111

1    Mattel respectfully requests an order compelling Machado to sit for deposition,

2   in Los Angeles or Mexico, no later than December 30, 2007. It also respectfully

3   requests that Machado be compelled to provide his consent to provide his consent to the

4   disclosure of emails from his internet service providers

5                              **Statement of Facts**

6       <u>Machado Stole Mattel Trade Secrets</u>. In April 2004, Machado and two other

7   executives left Mattel Mexico to work for MGA. Isaac Larian, MGA's CEO, Thomas

8   Park, MGA's then COO, and Susanna Kuemmerle, head of MGA's Mexican operations,

9   were each heavily involved in "recruiting" Machado and his co-workers to MGA.

10  Machado admits, that in the months prior to their resignations, he and his two

11  colleagues "discussed with MGA personnel, including Larian, employment at MGAE

12  de Mexico" and used an AOL e-email account with the address <plot04@aol.com> in

13  order to do so.[1] Larian too admits these communications took place.[2]

14      While MGA was recruiting them, Machado and the other then-Mattel employees

15  prepared an "analysis" to justify their worth to MGA.[3] As a result of this analysis and

16  other information, MGA offered to pay each of them, to do the same jobs for a smaller

17  company, far more than they were earning at Mattel -- with potentially hefty bonuses

18  based on MGA's revenue growth -- and, apparently, to offered to give them all cars.[4]

19

20  [1]  Second Amended Answer and Counterclaims, ¶¶ 37-44, Corey Dec., Exh. 1.;
21  Machado's Amended Answer and Affirmative Defenses, ¶ 43, dated Sep. 24, 2007,
    Corey Dec., Exh. 2.

22  [2]  Isaac Larian's Answer and Affirmative Defenses, dated August 13, 2007, ¶¶
23  42-43, Corey Dec., Exh. 3.

24  [3]  Email from <plot04@aol.com> email address to Isaac Larian, dated March 22,
    2004, Corey Dec., Exh. 4.
25
    [4]  <u>Id.</u>; Email from Tom Park, MGA's Chief Operating Officer, to the
26  <plot04@aol.com> email address and copying Isaac Larian, dated March 30, 2004,
27  Corey Dec., Exh. 5; Email from Isaac Larian to the <plot04@aol.com> email
    address dated March 23, 2004, 2007, Corey Dec., Exh. 6.
28

1      Before they left Mattel, Machado and the others stole virtually every type of
2  document that a competitor would need to enter into the market in Mexico and to
3  compete with Mattel worldwide.  These included global internal future line lists that
4  detailed anticipated future products, production and shipping costs for Mattel products;
5  daily sales data for Mattel products; customer data; sales estimates and projections;
6  marketing projections; documents analyzing changes in sales performance from 2003 to
7  2004; budgets for advertising and promotional expenses; strategic research reflecting
8  consumer responses to products in development; media plans; consumer comments
9  regarding existing Mattel products customer discounts and terms of sale; customer
10  inventory level data; assessments of promotional campaign success; market size
11  historical data and projections; marketing plans and strategies; merchandising plans;
12  retail pricing and marketing strategies; and other similar materials.[5]

13      Machado and his co-conspirators ultimately resigned from Mattel on the same
14  day, April 19, 2004, but refused to say where they were going.[6]  And, Machado's Mattel
15  computer mysteriously would not function.  With its suspicions raised, Mattel began to
16  investigate.  It discovered that Machado and the others had downloaded and taken
17  thousands of pages containing Mattel trade secrets when they left.[7]  When Mattel
18  discovered this, it informed law enforcement officials in Mexico, who subsequently
19  obtained and executed a search warrant on MGA's Mexico City offices.[8]  They
20  discovered in those offices not only the information Mattel thought had been stolen, but
21
22

---

23  [5]  Second Amended Answer and Counterclaims, ¶ 48, Corey Dec. Exh. 1.
24  [6]  Second Amended Answer and Counterclaims, ¶¶ 44-46, Corey Dec., Exh. 1.;
    Machado's Amended Answer and Affirmative Defenses, ¶¶ 44-46, dated Sep. 24,
25  2007, Corey Dec., Exh. 2; Isaac Larian's Answer and Affirmative Defenses, dated
    August 13, 2007, ¶ 41, Corey Dec., Exh. 3.
26
27  [7]  Second Amended Answer and Counterclaims, ¶ 53, Corey Dec., Exh. 1.
    [8]  Id.
28

EXHIBIT __5__  PAGE __43__

MATTEL, INC.'S MOTION TO COMPEL RE MACHADO

1 │ thousands of other pages that Mattel did not know they had taken.[9] Even after this,

2 │ MGA promoted Machado and transferred him to Los Angeles.[10] Machado and his co-

3 │ workers have been indicted in Mexico for criminal trade secret theft.

4 │      Mattel and Machado Agree That His Deposition Would Occur on October 26.

5 │ Mattel began seeking deposition dates from Machado on June 4, 2007. On September

6 │ 3, 2007, James Spertus, counsel for Machado, confirmed that October 26, 2007 was an

7 │ "acceptable date" for Machado's deposition.[11] The next day Mattel served a deposition

8 │ notice that confirmed the parties' agreement.[12] Counsel for MGA and Bryant also

9 │ agreed to the October 26, 2007 deposition.[13]

10 │      Machado's New Counsel Refuses To Produce Machado for Deposition. On

11 │ October 2, 2007, Mr. Spertus withdrew as counsel for Machado.[14] On October 4, 2007,

12 │ Machado's new counsel, Alexander Cote, contacted Mattel to discuss, among other

13 │ things, Machado's pending deposition.[15] He confirmed that Machado would be made

14 │

15 │

16 │   [9] Id.

17 │   [10] Id. ¶ 54.

18 │   [11] See Letter from Spertus to Corey, dated September 3, 2007, Corey Dec., Exh. 11.

19 │   [12] See Corey Dec., ¶ 14; see also Notice of Deposition of Carlos Gustavo
20 │ Machado, dated September 4, 2007, Corey Dec., Exh. 12; Email from Corey to
21 │ Michael Page, Amman Khan and Diana Torres attaching document that listed
   │ Machado under a heading of "Witnesses Whose Dates Have Been Agreed Upon
22 │ And Set After Meet and Confers Requested By Mattel," and stating that Machado's
23 │ deposition was set for October 26, 2007, Corey Dec., Exh. 13.

24 │   [13] See Letter from Corey to Khan, dated September 25, 2007, Corey Dec., Exh. 14.

25 │   [14] See Order On Request for Approval of Substitution of Attorney, dated
26 │ October 2, 2007, Corey Dec., Exh. 15.

27 │   [15] See e-mail message from Alexander Cote to Corey, dated October 5, 2007,
   │ Corey Dec., Exh. 16.

28 │

EXHIBIT 5 PAGE 114

07209/2296350.1

-4-

1  available for deposition, but said that he would need to "update [Mattel] on Machado's
2  availability for his deposition as [counsel] get[s] more information."[16]

3      Mattel then met with Machado's counsel to discuss, among other things,
4  Machado's deposition.[17] Mr. Cote told Mattel that the deposition could not take place
5  on October 26, 2007 because of restrictions on Machado's mobility to and from Mexico
6  resulting from the criminal indictment in Mexico, but he assured Mattel that alternate
7  deposition dates would be forthcoming.[18] Mr. Cote also began asserting that because of
8  the criminal charges pending against him in Mexico, Machado would be invoking the
9  Fifth Amendment for *some* questions at his deposition.[19] He asked Mattel to consider a
10 stipulation that Machado will assert his Fifth Amendment Privilege to avoid the need
11 for a deposition entirely.[20] Mattel declined because Machado would not and could not
12 agree that he will invoke for all questions and again asked for deposition dates.[21]

13     Mr. Cote did not respond.  Mattel sent another letter  requesting "dates in
14 November [] when Machado will be available for deposition."[22] By telephone, Mr.
15 Cote told Mattel that Machado was restricted from leaving Mexico due to criminal
16 proceedings against him there as a result of the his theft of Mattel's trade secrets and
17 did not provide any replacement dates for Machado's cancelled deposition.[23]  Mattel
18 reiterated its offer to take Machado's deposition in Mexico and requested dates  when

19

20   [16]  See id.

21   [17]  See Letter from B. Dylan Proctor to Cote, dated October 18, 2007, Corey Dec., Exh. 19.

22   [18]  See id.

23   [19]  See id.

24   [20]  See id.

25   [21]  See id.

26   [22]  See Letter from Stephen Hauss to Cote, dated October 24, 2007, Corey Dec., Exh. 20.

27   [23]  See Letter from Hauss to Cote, dated October 25, 2007, Corey Dec., Exh. 21.

28

07209/2296350.1

EXHIBIT __5__ PAGE __115__

1  he would be available in Mexico.[24] Mr. Cote did not respond, so Mattel sent another

2  letter that reiterated the need to schedule Machado's deposition.[25]

3        Mr. Cote responded in a November 1, 2007 letter. He stated that Machado "may

4  be available for deposition at the end of November in the United States,"[26] but

5  suggested that a deposition "[would] not be fruitful" because Machado would assert his

6  Fifth Amendment right to most of Mattel's questions. [27]  Mattel explained in response

7  that any Fifth Amendment right could not allow him to avoid his deposition entirely.

8  Mattel offered to take Machado's deposition in Mexico to accommodate his travel

9  restrictions due to his prosecution in Mexico.[28] Mattel again requested deposition dates

10 in the location of counsel's choice in Los Angeles or in Mexico.[29]

11       Mr. Cote responded on November 5, 2007. He provided no dates for Machado's

12 deposition.  Instead, he reiterated that this deposition "[would] not be productive"

13 because it is "no secret that [Mattel] plans to ask Machado questions concerning

14 [Mattel's] allegations" to which Machado will invoke the Fifth Amendment.[30] Despite

15 Mattel's earlier offer to hold the deposition in a location of counsel's choice, and

16 rejecting Mattel's efforts to resolve any issue over the location of Machado's deposition,

17 counsel claimed that Mattel had provided no "justification" for "forcing counsel to

18

---

19   [24]  See id.

20   [25]  See Letter from Zeller to Nolan, dated October 29, 2007, Corey Dec., Exh.

21 23.

22   [26]  See Letter from Cote to Zeller, Corey, Proctor and Hauss, dated November 1, 2007, Corey Dec., Exh. 24.

23   [27]  See id.

24   [28]  See Letter from Zeller to Cote, dated November 3, 2007, Corey Dec., Exh.

25 25.

26   [29]  See id.

27   [30]  See Letter from Cote to Zeller, dated November 5, 2007, Corey Dec., Exh.

28 26.

EXHIBIT 5  PAGE 116

1 | incur the expense of traveling to Mexico" for this deposition.  Mr. Cote then invited
2 | Mattel to move to compel.[31]

3 |     Machado Has Failed to Produce Emails to Which Mattel Is Entitled.  Mattel
4 | served Machado with Requests for Production on September 11, 2007 requesting,
5 | among other things, relevant emails sent to and from him, including from the
6 | <plot04@aol.com> account.[32]  Machado has produced no such e-mails to Mattel with
7 | these documents.  Mattel also served a subpoena on Yahoo! on October 29, 2007
8 | requesting the production of emails from Machado's <gus_cmt@yahoo.com> account.[33]
9 | On that same day, Mattel sent a letter to Machado informing him that a subpoena had
10 | been served on Yahoo! requesting documents identical to those requested in Mattel's
11 | Requests for Production served on Machado on September 11, 2007 and requesting his
12 | consent to the release of his emails from Yahoo! under the Stored Electronic
13 | Communications Act.[34]  The letter attached a form for Machado to sign indicating his
14 | consent.[35]  On November 1, 2007, Mr. Cote responded.  He wrote that "Mr. Machado
15 | has already produced documents from his Yahoo! e-mail account."[36]   In reality,
16 | Mr. Machado has produced only 124 pages of documents, none of which are emails

[31]   Id. at 2.

[32]   Mattel's First Set of Requests for Documents and Things to Machado, dated September 11, 2007, Corey Dec., Exh. 30.

[33]   Notice of Subpoena Issued to Yahoo!, dated October 29, 2007, Corey Dec., Exh. 31.

[34]   Letter from Corey to Machado, care of Cote, dated October 29, 2007, at 1-2, Corey Dec., Exh. 32.

[35]   Id.

[36]   Letter from Cote to Zeller, et al., dated November, 2007, at 2, Corey Dec., Exh. 25.

EXHIBIT  5   PAGE  117

1 | from the Yahoo! or any other account.[37] Nonetheless, Mr. Machado refused to consent
2 | to the release of e-mail messages from that, or any other, email account.[38]

3 | ## Argument

4 | ## I.   THE COURT SHOULD COMPEL MACHADO'S DEPOSITION

5 | Machado stole Mattel trade secrets. In fact, he was the ring-leader of the theft in
6 | Mexico. He is a party-defendant. Mattel has the absolute right to depose him. Fed. R.
7 | Civ. P. 30(a) ("A party may take the deposition of any person, *including a party*, by
8 | deposition upon oral examination without leave of court . . . .") (emphasis added).

9 | ### A.   Machado Cannot Avoid Deposition Because He Is In Mexico

10 | After previously agreeing to attend a deposition, Machado now flatly refuses to
11 | sit for deposition.  Machado claimed that the criminal prosecution against him in
12 | Mexico prevents him from leaving Mexico.  This makes no sense given that days
13 | before to refusing to provide Machado for deposition, his counsel said he could be
14 | available in Los Angeles in late November.[39] And, in any event, to accommodate the
15 | witness and to avoid any such issue, Mattel offered to depose him in Mexico on a date
16 | of his choosing (so long as the date is soon). Machado has rejected that offer without
17 | any plausible basis. Machado also has suggested that because his deposition relates to
18 | Phase 2, Mattel should spend its time elsewhere. Machado may not, however, dictate
19 | the manner in which Mattel conducts discovery. See Fed. R. Civ. P. 26(d) ("[M]ethods
20 | of discovery may be used in any sequence."); see also October 31 Stay Order, Corey
21 | Dec., Exh. 19, at 2 ("[T]he Court denies MGA's request to delay or otherwise bifurcate
22 | discovery regarding Phase 2 issues."). Machado has not made and cannot make the

23 |

24 | [37]   Machado's Initial Disclosures Pursuant to Rule 26(a)(1), dated September 24,
25 | 2007, Corey Dec. Exh. 29.

26 | [38]   Letter from Cote to Zeller, et al., dated November 1, 2007, at 2, Corey Dec.,
27 | Exh. 24, at 2.

[39]   See id.

EXHIBIT 5   PAGE 118

1   showing required to prevent Machado's deposition from going forward, as it must,

2   under Rule 30.

3   **B.    Machado Cannot Avoid Deposition Because He May Invoke the**

4   **Fifth Amendment to Certain Questions**

5   As his other excuse, Machado claims he is immune from deposition because he is

6   under criminal indictment in Mexico and will invoke his Fifth Amendment right to

7   avoid answering some questions.[40] His position is unavailing.

8   It is well settled that a Fifth Amendment claim can only "be raised in response to

9   *specific questions* propounded by the investigating party." United States v. Pierce, 561

10  F. 2d 735, 741 (9th Cir. 1977) (emphasis added).  Machado thus may not rely on a

11  blanket assertion of the Fifth Amendment to avoid being deposed entirely.  United

12  States v. Hansen, 233 F.R.D. 665, 668 (S.D. Cal. 2005) (holding that deponent could

13  not refuse to attend deposition under a blanket claim of privilege against self

14  incrimination) (citing cases). "The proper procedure is for the deponent to attend the

15  deposition, to be sworn under oath, and to answer those questions he or she can answer

16  without running a risk of incrimination.  In this way a record can be made and the court

17  can determine whether particular questions asked did entitle the deponent to claim the

18  privilege." 8 Wright & Miller, Federal Practice and Procedure § 2018 (2d ed. 1994) at

19  273-74.

20  In fact, Judge Larson affirmed the Discovery Master's May 16, 2007 Order that

21  had rejected similar efforts by MGA to assert a blanket privilege claim to evade

22  deposition.  MGA asked the Court to sustain its blanket work-product objection to

23  providing any testimony in response to a Rule 30(b)(6) deposition topic regarding ink,

24  paper and chemical analysis conducted by an alleged MGA expert, Erich Speckin.  The

25

26

27  [40]  See Letter from Cote to Corey, dated November 5, 2007, Corey Dec., Exh.

28  26.

EXHIBIT  5   PAGE  119

1   Discovery Master rejected that argument,[41] and MGA appealed. Judge Larson affirmed
2   the Discovery Master's ruling and explained: "To the extent that such a deposition has
3   the potential to encroach upon information protected by the work-product privilege,
4   then that objection must be made on a question-by-question basis. *MGA may not make*
5   *a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this*
6   *topic based on that blanket objection.*"[42] That reasoning applies here with equal force.

7         Indeed, at a minimum, Mattel is entitled to depose Machado to determine
8   whether the he can even invoke the Fifth Amendment at all. For example, Mattel
9   believes that Mr. Machado is a Mexican national, not a U.S. citizen. Mattel is entitled
10  to inquire to determine Machado's residency status. While he formerly resided in the
11  United States, at least according to his counsel, he now resides in Mexico. This is
12  significant. In a civil case, a non-resident alien cannot invoke the Fifth Amendment
13  even if he or she learns the testimony may be incriminating. See, e.g., Bear Stearns &
14  Co. v. Wyler, 182 F. Supp. 2d 679, 683 (N.D. Ill. 2002) ("We fail to find it self-evident
15  that the Fifth Amendment's privilege against self-incrimination is available to non-
16  resident aliens. Wyler's failure to demonstrate the privilege's availability would be
17  reason enough to grant plaintiff's motion to compel, were there not a further deficiency
18  in Wyler's position."). Further, the current criminal prosecution against Machado is in
19  Mexico by Mexican prosecutors. The Fifth Amendment does not provide a privilege
20  against self-incrimination for foreign prosecutions. United States v. Balsys, 524 U.S.
21  666, 669 (1998); 2A Wright & Miller, Federal Practice and Procedure: Criminal § 407
22  at 51 (3d ed. 2000) (Fifth Amendment "does not protect a witness from giving evidence
23  that could be used against the witness in a prosecution in a foreign country"). Mattel is
24
25

26  [41]  May 16, 2007 Order Granting Mattel, Inc.'s Motion to Compel MGA to
     Produce Witnesses for Deposition Pursuant to Rule 30(B)(6), Corey Dec., Exh. 27.
27  [42]  July 5, 2007 Minute Order at 4, Corey Dec., Exh. 28.
28

07209/2296350.1

EXHIBIT 5   PAGE 120

-10-

1   entitled to inquire about the basis for Machado's fear, if any, of prosecution in the
2   United States before he may properly invoke the Fifth Amendment.

3        Finally, Machado has already admitted certain incriminating conduct in his
4   Amended Answer and has invoked twelve separate defenses to his theft, which are
5   discussed in his initial disclosures.[43]   The admitted conduct and defenses are not
6   privileged and Mattel can inquire about them. Indeed, the articulation of the defenses
7   should constitute a waiver of any Fifth Amendment rights Machado may possess.
8   Federal Savings and Loan Ins. Corp. v. Molinaro, 889 F. 2d 899, 903 (9th Cir. 1989)
9   (holding that where defendant already has given partial deposition testimony on the
10  substantive issues of the case, the Fifth Amendment privilege is "negligible");
11  International Business Machines Corp. v. Brown, 857 F. Supp. 1384, 1389-90 (C.D.
12  Cal. 1994) (holding that because defendants had already testified at deposition, there
13  was no remaining Fifth Amendment privilege to assert); Camelot Group, Ltd. V. W. A.
14  Krueger Co., 486 F. Supp. 1221, 1230 (C.D.N.Y. 1980) ("A witness or defendant in a
15  civil case who has already testified to matters which tend to incriminate him has waived
16  the privilege insofar as further questions seek the details of the matters to which he did
17  testify."). It would be patently unfair, and contrary to law, to allow Machado to
18  purportedly defend himself with impunity, but to refuse to provide the most basic of
19  discovery regarding the conduct he purports to defend.

20  **II.     THE COURT SHOULD COMPEL MACHADO TO DISCLOSE**
21  **RELEVANT EMAILS**

22       As a party to this action, Machado is obligated to direct his agents to produce
23  documents within their possession. Machado should be compelled to consent to the
24  disclosure of e-mail communications by Yahoo! If Machado continues to fail to give
25

26  _____
    [43]   Amended Answer and Affirmative Defenses at 6:13-7:26, 18:21-22:19,
27  Corey Dec., Exh. 2; Machado's Initial Disclosures Pursuant to Rule 26(a)(1), dated
    September 24, 2007, Corey Dec. Exh. 29.
28

EXHIBIT __5__ PAGE _121_

07209/2296350.1

1  his consent to the release of these documents, he should be sanctioned.  See O'Grady v.

2  Superior Court, 139 Cal. App. 4th 1423, 1446 (2006) (stating that where a party to an

3  email communication being sought is also a party to the litigation it is within the court's

4  power to require the party's consent to disclosure of the communication on pain of

5  discovery sanctions).  Machado's only excuse here -- that he himself has supposedly

6  already produced the emails--is demonstrably false.  In reality, Mr. Machado has

7  produced only 124 pages of documents, none of which are emails from the Yahoo!, or

8  any other, account.[44]

9       Mattel respectfully requests that the Discovery Master order Machado to provide

10  written consent to the production of relevant e-mails from any e-mail account (and to

11  identify each e-mail account) he has used in the past five years.

12                              **Conclusion**

13       For the foregoing reasons, the Discovery Master should grant Mattel's motion.

14

15  DATED:  November 15, 2007      QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
16

17                              By
                                    Jon D. Corey
18                                  Attorney for Mattel, Inc.

19

20

21

22

23

24

25

26

27  [44]  Machado's Initial Disclosures Pursuant to Rule 26(a)(1), dated September 24,
    2007, Corey Dec. Exh. 29.
28

EXHIBIT _5_  PAGE _122_

-12-

MATTEL, INC.'S MOTION TO COMPEL RE MACHADO

07209/2296350.1

**EXHIBIT 6**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 90378)
     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9
                    UNITED STATES DISTRICT COURT
10
                  CENTRAL DISTRICT OF CALIFORNIA
11
                          EASTERN DIVISION
12

| 13  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| 14              Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 15      vs. | **DISCOVERY MATTER** |
| 16  MATTEL, INC., a Delaware<br>17  corporation, | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]** |
| 18              Defendant. | SECOND SUPPLEMENTAL DECLARATION OF JON COREY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITION OF CARLOS GUSTAVO MACHADO GOMEZ |
| 20  AND CONSOLIDATED ACTIONS | |
| 21 | |
| 22 | Date:    January 16, 2008<br>Time:    9:00 a.m.<br>Place:   Telephonic Hearing |
| 24 | **Phase 1**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

26

27

28

07209/2351295.1

SUPPLEMENTAL DECLARATION OF JON COREY

EXHIBIT __6__ PAGE __123__

## SECOND SUPPLEMENTAL DECLARATION OF JON COREY

I, Jon Corey, declare as follows:

1. I am a member of the bar of the State of California and the District of Columbia, am admitted to practice before this Court and am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. On December 6, 2007, counsel for Carlos Gustavo Machado Gomez ("Machado"), Alexander Cote, offered to make Machado available for deposition on January 15, 2008 in Mexico City. Attached as Exhibit 1 is a true and correct copy of an email from Alexander Cote to my colleague, Dylan Proctor, dated December 6, 2007.

3. On the next day, my partner Dylan Proctor wrote to Mr. Cote and confirmed that Mattel would take Machado's deposition on January 15, 2008 in Mexico City. Attached as Exhibit 2 is a true and correct copy of an email from Dylan Proctor to Alexander Cote dated December 7, 2007.

4. On December 24, 2007, Mattel served an Amended Notice of Deposition of Carlos Gustavo Machado, setting January 15, 2008 as the deposition date pursuant to the agreement of between Mattel and Machado and as an accommodation to Mr. Machado. Attached as Exhibit 3 is a true and correct copy of the Amended Notice of Deposition of Carlos Gusatavo Machado dated December 24, 2007.

5. On January 11, 2008, at approximately 3:00 p.m., Mr. Cote called me and asked me to agree to continue the hearing on Mattel's Motion to Compel: (1) Deposition of Carlos Gustavo Machao Gomez; and (2) Consent to Production of Electronic Mail Messages which the Discovery Master had set for hearing on January 16, 2008. He said that he would not be available on the morning of January 16 because he would be out of town due to the deposition of Mr.

07209/2351295.1

-2-

SUPPLEMENTAL DECLARATION OF JON COREY

EXHIBIT __6__ PAGE __124__

1 │ Machado in Mexico City, Mexico. Based on his representation that the Machado

2 │ deposition would go forward, I told him that he could represent to the Discovery

3 │ Master that Mattel would agree to a continuance of the hearing on the Motion to

4 │ February 8, 2008, the Discovery Master's next hearing date.

5 │            6.      At 3:20 p.m. on January 11, 2008, Mr. Cote sent an electronic

6 │ mail message to Ms. Sandra Chan in which he asked that the hearing on Mattel's

7 │ Motion be continued to February 8, 2008. The basis for his request was as follows:

8 │            The deposition of our client in this case, Gustavo

9 │            Machado, is set for January 15, 2008. The deposition is set

10 │            for Mexico City. Our travel arrangements are such that we

11 │            will be departing Mexico City to return to Los Angeles at

12 │            11:00 AM on January 16. Because Mexico City is two

13 │            hours ahead of Los Angeles, the flight departure time is

14 │            9:00 AM Pacific Time, the exact hour set for the hearing

15 │            on the Motion.

16 │ A true and correct copy of Mr. Cote's e-mail message to Ms. Chan is attached as

17 │ Exhibit 4.

18 │            7.      The next morning, Amy Park, counsel for MGA, informed my

19 │ colleague, Michael Zeller, that Machado's deposition would have to be cancelled.

20 │ Attached as Exhibit 5 is a true and correct copy of an email from Amy Park to

21 │ Michael Zeller dated January 12, 2008. Her justification for the purported canceling

22 │ was that Jack DiCanio, a Skadden Arps attorney, had a scheduling conflict with a

23 │ sentencing hearing in the "Reyes" case. Ms. Park further wrote that Mr. Machado's

24 │ deposition would need to proceed after the Phase 1 trial.

25 │            8.      Mr. Zeller responded to Ms. Park by saying that she did not

26 │ represent Mr. Machado and could not therefore unilaterally cancel his deposition.

27 │ Mr. Zeller further stated that the deposition would go forward as noticed. A true and

28 │ correct copy of Mr. Zeller's e-mail message to Ms. Park is attached as Exhibit 6.

07209/2351295.1

-3-

SUPPLEMENTAL DECLARATION OF JON COREY

EXHIBIT   6   PAGE   125

1          9.      Shortly thereafter, Mr. Cote, who the prior afternoon had

2     represented to the Discovery Master's case manager that the deposition would go

3     forward, wrote that "Mr. Machado will not be appearing on the 15th. Accordingly,

4     the deposition will not be going forward." A true and correct copy of Mr. Cote's

5     January 12, 2008 e-mail message is attached as Exhibit 7.

6          10.     The purported justification for the Mr. DiCanio's unavailability is

7     a sentencing in the "Reyes" case. Mattel understands this to be United States v.

8     Reyes, Case No. C 06-00556-1 CRB pending in the Northern District of California.

9     MGA's counsel, and Mr. Di Canio, had notice of the sentencing for weeks. On

10    December 20, 2007, Judge Breyer issued an order setting the sentencing for January

11    16, 2008. A true and correct copy of that order is attached as Exhibit 8. Moreover,

12    while other counsel at the Skadden Arps firm appear as counsel of record in that

13    case, Mr. DiCanio does not appear to be counsel of record. A true and correct copy

14    of the portions of the docket that identify counsel of record in United States v.

15    Reyes, Case No. C 06-00556-1, are attached as Exhibit 9.

16         11.     Notwithstanding Ms. Park's insistence that Mr. Machado's

17    deposition proceed after the Phase 1 trial, Judge Larson recently ordered that Mr.

18    Machado's deposition must be completed by January 28, 2008. On page 3 of a

19    January 7, 2008 order Judge Larson granted "Mattel's request to take the individual

20    depositions . . . relating to the trade secret and RICO claims (set forth in the moving

21    papers at 13)." On page 5 of the order, Judge Larson ruled with respect to "all" of

22    the depositions permitted by the order, "all counsel are expected to coordinate their

23    schedules with those of the deponents such that the depositions are held prior to the

24    discovery cut off date of January 28, 2008." A true and correct copy of the January

25    7, 2008 Minute Order is attached as Exhibit 10. Mr. Machado is one of the persons

26    who was identified on page 13 of Mattel's motion and whose deposition is

27    compelled. A true and correct copy of the caption page and page 13 of the Notice of

28

-4-

SUPPLEMENTAL DECLARATION OF JON COREY

EXHIBIT __6__ PAGE _126_

1   Motion and Motion of Mattel, Inc. for Leave to Take Additional Discovery is
2   attached as Exhibit 11.

3        12.   Ms. Park's claim that defendants are entitled to unilaterally
4   extend Mr. Machado's deposition, as a claimed Phase 2 deposition, until after Phase
5   1 trial is also inconsistent with the Court's Orders rejecting defendants' requests
6   seeking the bifurcation of discovery between Phase 1 and Phase 2. Most recently, in
7   an October 31, 2007 Minute Order Judge Larson ruled that "the Court DENIES
8   MGA's request to delay or otherwise bifurcate discovery regarding Phase 2 issues."
9   A true and correct copy of the October 31, 2007 Minute Order is attached as Exhibit
10  12. It is also inconsistent with defendants' discovery demands. As recently as today,
11  defendants' counsel insisted during a telephonic conference that Mattel produce
12  several Phase 2 witnesses for deposition in February 2008 or before.

13       13.   Mattel agreed to take the deposition of Mr. Machado in Mexico
14  City at the request of Mr. Machado's counsel and to accommodate Mr. Machado.
15  With this agreement, Mattel anticipated incurring the costs of having a court
16  reporter and a videographer travel to Mexico City and the costs associated with their
17  lodging while there for the deposition. Because of the unjustified and last minute
18  cancellation of the deposition of Mr. Machado, which had been compelled, Mattel
19  respectfully requests that the Discovery Master compel Mr. Machado to appear for
20  deposition in Los Angeles, California prior to January 28, 2008 on a date of Mattel's
21  choosing.

22       I declare under penalty of perjury under the laws of the United States of
23  America that the foregoing is true and correct.

24       Executed on January 13, 2008, at Los Angeles, California.

25

26  By 
27  Jon Corey

28

-5-

EXHIBIT  6  PAGE  127

**Exhibit 1**

EXHIBIT __6__ PAGE __128__

**From:** Alexander Cote [mailto:acote@obsklaw.com]
**Sent:** Thursday, December 06, 2007 5:22 PM
**To:** Dylan Proctor
**Subject:** Gustavo Machado

Dylan,

　　Mr. Machado will be available in Mexico City for deposition on 15th of January. Please let me know if that day is convenient.

Thanks,

Alexander H. Cote
Overland Bornsrtein Scheper & Kim LLP
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3101
(t) 213-613-4660
(f) 213-613-4656

12/7/2007

EXHIBIT ___6___ PAGE ___129___

**Exhibit 2**

EXHIBIT __6__ PAGE __130__

**From:** Dylan Proctor
**Sent:** Friday, December 07, 2007 5:47 PM
**To:** 'Alexander Cote'
**Cc:** Michael T Zeller; Jon Corey
**Subject:** RE: Gustavo Machado

Alex, thanks for your note below. This will confirm that Mattel is willing to take Mr. Machado's deposition in Mexico City on January 15, 2008. Please do not hesitate to contact me if you have questions.  Regards,


B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error

EXHIBIT  6   PAGE  131

Gustavo Machado                                                    Page 2 of 2

and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have
received this communication in error, please notify us immediately by e-mail, and delete the original message.

_____

**From:** Alexander Cote [mailto:acote@obskiaw.com]
**Sent:** Thursday, December 06, 2007 5:22 PM
**To:** Dylan Proctor
**Subject:** Gustavo Machado

Dylan,

    Mr. Machado will be available in Mexico City for deposition on 15th of January. Please let me know if
that day is convenient.

Thanks,

Alexander H. Cote
Overland Borenstein Scheper & Kim LLP
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3101
(t) 213-613-4660
(f) 213-613-4656

12/10/2007

EXHIBIT ___6___ PAGE __132__

**Exhibit 3**

EXHIBIT _C_ PAGE _133_

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12                   EASTERN DIVISION

13  CARTER BRYANT, an individual,      CASE NO. CV 04-9049 SGL (RNBx)

14              Plaintiff,              Consolidated with
                                        Case No. CV 04-09059
15       vs.                            Case No. CV 05-02727

16  MATTEL, INC., a Delaware           AMENDED NOTICE OF
    corporation,                        DEPOSITION OF CARLOS
17                                      GUSTAVO MACHADO
                Defendant.
18                                      Date:   January 15, 2008
                                        Time:   9:30 a.m.
19  AND CONSOLIDATED CASES             Place:  JW Marriott Hotel Mexico City
                                                Andres Bello 29
20                                              Mexico City, 11560 Mexico

21                                      Discovery Cut-Off:  January 28, 2008
                                        Pre-Trial Conference: May 5, 2008
22                                      Trial Date:       May 27, 2008

23

24

25

26

27

28

07209/2211044.1

                     AMENDED NOTICE OF DEPOSITION OF CARLOS GUSTAVO MACHADO

EXHIBIT __6__ PAGE _134_

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |     PLEASE TAKE NOTICE that pursuant to the agreement between

3 | Carlos Gustavo Machado and Mattel, Inc. by and through their counsel of record

4 | and at the request of and to accommodate Mr. Machado, Mattel, Inc. will take the

5 | deposition defendant of Carlos Gustavo Machado on January 15, 2008 beginning at

6 | 9:30 a.m., at the J.W. Marriott Hotel Mexico City, Andres Bello 29, Mexico City,

7 | 11560 Mexico. The location of the deposition was selected and identified by

8 | Counsel for Mr. Machado and represented to be convenient to the witness.

9 |     PLEASE TAKE FURTHER NOTICE that the deposition will take

10 | place upon oral examination before a duly authorized notary public or other officer

11 | authorized to administer oaths at depositions, and will continue from day to day,

12 | Saturdays, Sundays and legal holidays excepted, until completed. In additon, Mr.

13 | Machado has requested, and will be provided, the services of a Spanish-English

14 | translator, if necessary.

15 |     PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

16 | P. 30(b)(2), the deposition will be videotaped. Mattel also reserves the right to use

17 | Livenote or other technology for real-time transcription of the testimony.

18 |

19 | DATED: December 24, 2007     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

20 |

21 |     By_____

22 |     Jon Corey

    Attorneys for Mattel, Inc.

23 |

24 |

25 |

26 |

27 |

28 |

07208/2311044.1

-2-
AMENDED NOTICE OF DEPOSITION OF CARLOS GUSTAVO MACHADO

EXHIBIT  6   PAGE  135

## PROOF OF SERVICE

1

2    I am employed in the County of Los Angeles, State of California. I am over the age of

3    eighteen years and not a party to the within action; my business address is 865 South Figueroa

4    Street, 10th Floor, Los Angeles, California 90017.

5    On December 24, 2007, I served true copies of the following documents described as

6    AMENDED NOTICE OF DEPOSITION OF CARLOS GUSTAVO MACHADO on the

7    parties in this action as follows:

| | |
|---|---|
| Thomas Nolan, Esq.<br>Carl Roth, Esq.<br>**SKADDEN ARPS SLATE MEAGHER &**<br>**FLOM, LLP**<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071 | |
| John W. Keker, Esq.<br>Michael H. Page, Esq.<br>Christina M. Anderson, Esq.<br>**Keker & Van Nest, LLP**<br>710 Sansome Street<br>San Francisco, CA 94111 | |
| Mark E. Overland, Esq.<br>Alexander H. Cote<br>**OVERLAND BORENSTEIN SCHEPER &**<br>**KIM LLP**<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071-3144 | |

8
9
10
11
12
13
14
15
16
17
18

19    [√]    **BY FEDEX:** I deposited such document(s) in a box or other facility regularly

20    maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to

21    receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees

22    paid or provided for, addressed to the person(s) being served.

23    Executed on December 24, 2007, at Los Angeles, California.

24

25

26    _____
     Johanna Lopez

27

28

EXHIBIT 6 PAGE 136

**Exhibit 4**

EXHIBIT ___6___ PAGE _137_

**Jon Corey**

| | |
|---|---|
| **From:** | Alexander Cote [acote@obsklaw.com] |
| **Sent:** | Friday, January 11, 2008 3:19 PM |
| **To:** | Chan Sandra; John Quinn; Michael T Zeller; Jon Corey; Duane Lyons; Timothy Alger; Dominic Surprenant; Dylan Proctor; Shane McKenzie; Bridget Hauler; Tamar Buchakjian; Juan Pablo Alban; jkeker@KVN.com; mhp@kvn.com; cma@kvn.com; jtrinidad@kvn.com; tnolan@skadden.com; rkennedy@skadden.com; apark@skadden.com; hposner@skadden.com; croth@skadden.com; cholden@mgae.com; tmiller@skadden.com; mwerdegar@kvn.com; agoldberg@sgattys.com; Mark Overland; bdelgadi@kayescholer.com; Patricia Glaser; sgizer@chrisglase.com; amorgenthaler@chrisglase.com; awalton-hadlock@kvn.com |
| **Subject:** | RE: Bryant, Carter vs. Mattel, Inc.; Notice of Telephonic Hearing of January 16, 2008 |

Ms. Chan,

I write to request a continuance of the hearing on item number one (Mattel, Inc.'s Motion to Compel: (1) Deposition of Carlos Gustavo Machado Gomez; (2) Consent to Production of Electronic Mail Messages), currently set for January 16, 2008.

The deposition of our client in this case, Gustavo Machado, is set for January 15, 2008. The deposition is set for Mexico City. Our travel arrangements are such that we will be departing Mexico City to return to Los Angeles at 11:00 AM on January 16. Because Mexico City is two hours ahead of Los Angeles, the flight departure time is 9:00 AM Pacific Time, the exact hour set for the hearing on the Motion.

In light of this conflict, I have spoken with Jon Corey of Quinn Emanuel, and Mr. Corey is agreeable to continuing the hearing on Mattel's motion against Machado from January 16, 2008 to February 8, 2008, which he indicated was the next hearing date before Judge Infante.

I look forward to your response.

Thank you,

Alexander H. Cote
Overland Borenstein Scheper & Kim LLP
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3101
(t) 213-613-4660
(f) 213-613-4656

_____

From: Chan Sandra [mailto:SChan@JAMSADR.com]
Sent: Friday, January 11, 2008 10:27 AM
To: johnquinn@quinnemanuel.com; michaelzeller@quinnemanuel.com; joncorey@quinnemanuel.com; duanelyons@quinnemanuel.com; timalger@quinnemanuel.com; DominicSurprenant@QuinnEmanuel.com; dylanproctor@quinnemanuel.com; shanemckenzie@quinnemanuel.com; bridgethauler@quinnemanuel.com; tamarbuchakjian@quinnemanuel.com; juanpabloalban@quinnemanuel.com; jkeker@KVN.com; mhp@kvn.com; cma@kvn.com; jtrinidad@kvn.com; tnolan@skadden.com; rkennedy@skadden.com; apark@skadden.com; hposner@skadden.com; croth@skadden.com; cholden@mgae.com; tmiller@skadden.com; mwerdegar@skadden.com; agoldberg@sgattys.com; Alexander Cote; Mark Overland; bdelgadi@kayescholer.com; Patricia Glaser; sgizer@chrisglase.com; amorgenthaler@chrisglase.com; awalton-hadlock@kvn.com
Subject: RE: Bryant, Carter vs. Mattel, Inc.; Notice of Telephonic Hearing of January 16, 2008

Dear Counsel:

1

EXHIBIT ___6___ PAGE __138__

From: Chan Sandra
Sent: Wednesday, January 09, 2008 1:41 PM
To: 'johnquinn@quinnemanuel.com'; 'michaelzeller@quinnemanuel.com';
'joncorey@quinnemanuel.com'; 'duanelyons@quinnemanuel.com';
'timalger@quinnemanuel.com'; 'DominicSurprenant@QuinnEmanuel.com';
'dylanproctor@quinnemanuel.com'; 'shanemckenzie@quinnemanuel.com';
'bridgethauler@quinnemanuel.com'; 'tamarbuchakjian@quinnemanuel.com';
'juanpabloalban@quinnemanuel.com'; 'jkeker@KVN.com'; 'mhp@kvn.com';
'cma@kvn.com'; 'jtrinidad@kvn.com'; 'tnolan@skadden.com';
'rkennedy@skadden.com'; 'apark@skadden.com'; 'hposner@skadden.com';
'croth@skadden.com'; 'cholden@mgae.com'; 'tmiller@skadden.com';
'mwerdegar@kvn.com'; 'awalton-hadlock@kvn.com'; 'agoldberg@sgattys.com';
'acote@obsklaw.com'; 'moverland@obsklaw.com';
'bdelgadi@kayescholer.com'; 'Patricia Glaser'; 'sgizer@chrisglase.com';
'amorgenthaler@chrisglase.com'
Subject: RE: Bryant, Carter vs. Mattel, Inc.; Telephonic Hearing of
January 10, 2008


Dear Counsel:


Please be advised that the tentative hearing date of January 10, 2008
has been continued.  We will reschedule the hearing after Judge Larson
has issued his final ruling regarding the authority of the Discovery
Master.  If you have any questions please feel free to contact me
directly.


Best Regards,

Sandra Chan

JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA  94111

Tel:  415-982-5267

Direct Dial:  415-774-2611

Fax:  415-982-5287

email:  schan@jamsadr.com

_____

From: Chan Sandra
Sent: Friday, January 04, 2008 3:10 PM
To: 'johnquinn@quinnemanuel.com'; 'michaelzeller@quinnemanuel.com';
'joncorey@quinnemanuel.com'; 'duanelyons@quinnemanuel.com';
'timalger@quinnemanuel.com'; 'DominicSurprenant@QuinnEmanuel.com';
'dylanproctor@quinnemanuel.com'; 'shanemckenzie@quinnemanuel.com';
'bridgethauler@quinnemanuel.com'; 'tamarbuchakjian@quinnemanuel.com';
'juanpabloalban@quinnemanuel.com'; 'jkeker@KVN.com'; 'mhp@kvn.com';
'cma@kvn.com'; 'jtrinidad@kvn.com'; 'tnolan@skadden.com';
'rkennedy@skadden.com'; 'apark@skadden.com'; 'hposner@skadden.com';
'croth@skadden.com'; 'cholden@mgae.com'; 'tmiller@skadden.com';
'mwerdegar@kvn.com'; 'awalton-hadlock@kvn.com'; 'agoldberg@sgattys.com';
'acote@obsklaw.com'; 'moverland@obsklaw.com';

3

EXHIBIT  6  PAGE  139

'bdelgadi@kayescholer.com'; 'Patricia Glaser'; sgizer@chrisglase.com;
amorgenthaler@chrisglase.com
Subject: Bryant, Carter vs. Mattel, Inc.; Telephonic Hearing of January
10, 2008

Dear Counsel:

Please note that a hearing on the following motions has been tentatively
scheduled as follows:

DATE:              January 10, 2008 @ 9:00 a.m.

MOTIONS:

4.        Mattel, Inc.'s Motion to Compel:  (1) Deposition of Carlos
Gustavo Machado Gomez; (2) Consent to Production of Electronic Mail
Messages

5.        Mattel, Inc.'s Motion to Compel Stern & Goldberg to Produce
Documents; (2) Mattel, Inc.'s Motion to Compel Farhad Larian to Produce
Documents

6.        Mattel, Inc.'s Motion to Compel Kay Scholer to Produce
Documents

CALL-IN NO.:    1-877-696-5267

PASS CODE:      147014#

PANELIST:        Hon. Edward A. Infante (Ret.)

Please dial the above call-in number and enter the pass code to
participate in the telephonic hearing.  If you need further assistance
please feel free to contact me directly.

Best Regards,

Sandra Chan

JAMS
Two Embarcadero Center, Suite 1500

San Francisco, CA  94111

Tel:  415-982-5267

Direct Dial:  415-774-2611

4

EXHIBIT __6__ PAGE _140_

Fax:   415-982-5287

email:  schan@jamsadr.com

EXHIBIT __6__ PAGE __141__

**Exhibit 5**

EXHIBIT   6   PAGE 142

----- Original Message -----
From: Park, Amy S <Amy.Park@skadden.com>
To: Michael T Zeller
Cc: Nolan, Thomas J (LAC) <Thomas.Nolan@skadden.com>; Adler, Douglas B (LAC) <Douglas.Adler@skadden.com>; DiCanio, Jack P (LAC) <Jack.DiCanio@skadden.com>; Mark Overland <moverland@obsklaw.com>; Alexander Cote <acote@obsklaw.com>; Christa Anderson <CAnderson@KVN.com>
Sent: Sat Jan 12 11:39:38 2008
Subject: Machado deposition

Mike,

We need to reschedule the deposition of Gustavo Machado that was set for January 15 without considering our availability. My partner, Jack DiCanio will be covering the deposition, but is unable to attend on the 15th due to a sentencing hearing in the Reyes case. Because Machado's deposition is a Phase 2 deposition, it can proceed after Phase 1.

Thanks.

Amy S. Park
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue | Suite 1100 | Palo Alto, CA 94301
T: 650.470.4511 | F: 888.329.6334 | E: apark@skadden.com <mailto:apark@skadden.com>


Brenda Fry, Assistant to Amy S. Park
T: 650.470.4567 | E: bfry@skadden.com <mailto:bfry@skadden.com>


------------------------------------------------------------------------
******************************************************* To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
*******************************************************
******************************************************* This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*******************************************************
===========================================================================

EXHIBIT ___6___ PAGE __143__

Exhibit 6

EXHIBIT 6   PAGE 144

-----Original Message-----

From:   "Michael T Zeller" <michaelzeller@quinnemanuel.com>
Subj:   RE: Machado deposition
Date:   Sat Jan 12, 2008 4:21 pm
Size:   4K
To:     "Park, Amy S" <Amy.Park@skadden.com>
cc:     "Nolan, Thomas J (LAC)" <Thomas.Nolan@skadden.com>; "Adler, Douglas B (LAC)"
<Douglas.Adler@skadden.com>; "DiCanio, Jack P (LAC)" <Jack.DiCanio@skadden.com>; "Mark
Overland" <moverland@obsklaw.com>; "Alexander Cote" <acote@obsklaw.com>; "Christa
Anderson" <CAnderson@KVN.com>; "John Quinn" <johnquinn@quinnemanuel.com>

Amy, as far as I know, MGA's counsel does not represent Mr. Machado.
MGA's counsel accordingly has no right or ability to move or cancel Mr.
Machado's noticed deposition, let alone without even a business day's
notice before counsel, the court reporter and the videographer were
scheduled to travel to Mexico City.

                                    1

EXHIBIT   6   PAGE 145

MGA also was fully advised of this particular deposition date -- which has taken months to schedule due to defendants' delays and which moved forward only after we filed a motion to compel -- for at least three weeks and offered no objection. I am attaching the revised Notice for your information. MGA undoubtedly has any number of lawyers other than Mr. DiCanio who can attend if MGA wishes to have its counsel there, but, if not, then MGA can decide not to attend the deposition. As far as we are concerned, however, the deposition will go forward as duly noticed on the 15th.


Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  michaelzeller@quinnemanuel.com
<mailto:michaelzeller@quinnemanuel.com>


The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


---

From: Park, Amy S [mailto:Amy.Park@skadden.com]
Sent: Saturday, January 12, 2008 11:40 AM
To: Michael T Zeller
Cc: Nolan, Thomas J (LAC); Adler, Douglas B (LAC); DiCanio, Jack P (LAC); Mark Overland; Alexander Cote; Christa Anderson
Subject: Machado deposition


Mike,

We need to reschedule the deposition of Gustavo Machado that was set for January 15 without considering our availability. My partner, Jack DiCanio will be covering the deposition, but is unable to attend on the 15th due to a sentencing hearing in the Reyes case. Because Machado's deposition is a Phase 2 deposition, it can proceed after Phase 1.

Thanks.

Amy S. Park
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue | Suite 1100 | Palo Alto, CA 94301
T: 650.470.4511 | F: 888.329.6334 | E: apark@skadden.com
<mailto:apark@skadden.com>


Brenda Fry, Assistant to Amy S. Park
T: 650.470.4567 | E: bfry@skadden.com <mailto:bfry@skadden.com>

EXHIBIT __6__ PAGE _146_

\------ ************************************************ To ensure
compliance with Treasury Department regulations, we advise you that,
unless otherwise expressly indicated, any federal tax advice contained
in this message was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding tax-related penalties under the
Internal Revenue Code or applicable state or local tax law provisions or
(ii) promoting, marketing or recommending to another party any
tax-related matters addressed herein.
****************************************************
**************************************************** This email and any
attachments thereto, is intended only for use by the addressee(s) named
herein and may contain legally privileged and/or confidential
information. If you are not the intended recipient of this email, you
are hereby notified any dissemination, distribution or copying of this
email, and any attachments thereto, is strictly prohibited. If you
receive this email in error please immediately notify me at (212)
735-3000 and permanently delete the original copy and any copy of any
email, and any printout thereof. Further information about the firm, a
list of the Partners and their professional qualifications will be
provided upon request.
************************************************
================================================================
======

3

EXHIBIT  6  PAGE 147

**Exhibit 7**

EXHIBIT   6   PAGE  148

-----Original Message-----
From: Alexander Cote [mailto:acote@obsklaw.com]
Sent: Saturday, January 12, 2008 5:47 PM
To: Michael T Zeller; Park, Amy S
Cc: Nolan, Thomas J (LAC); Adler, Douglas B (LAC); DiCanio, Jack P (LAC); Mark Overland;
Christa Anderson; John Quinn
Subject: RE: Machado deposition


Mr. Zeller,
Please see Mr. Overland's email of this afternoon. Mr. Machado will not be appearing on
the 15th. Accordingly, the deposition will not be going forward.
Thank you,
Alexander Cote


-----Original Message-----

From:   "Michael T Zeller" <michaelzeller@quinnemanuel.com>
Subj:   RE: Machado deposition
Date:   Sat Jan 12, 2008 4:21 pm
Size:   4K
To:     "Park, Amy S" <Amy.Park@skadden.com>
cc:     "Nolan, Thomas J (LAC)" <Thomas.Nolan@skadden.com>; "Adler, Douglas B (LAC)"
<Douglas.Adler@skadden.com>; "DiCanio, Jack P (LAC)" <Jack.DiCanio@skadden.com>; "Mark
Overland" <moverland@obsklaw.com>; "Alexander Cote" <acote@obsklaw.com>; "Christa
Anderson" <CAnderson@KVN.com>; "John Quinn" <johnquinn@quinnemanuel.com>

Amy, as far as I know, MGA's counsel does not represent Mr. Machado.
MGA's counsel accordingly has no right or ability to move or cancel Mr.
Machado's noticed deposition, let alone without even a business day's
notice before counsel, the court reporter and the videographer were
scheduled to travel to Mexico City.

1

EXHIBIT 6 PAGE 149

MGA also was fully advised of this particular deposition date -- which
has taken months to schedule due to defendants' delays and which moved
forward only after we filed a motion to compel -- for at least three
weeks and offered no objection.   I am attaching the revised Notice for
your information.   MGA undoubtedly has any number of lawyers other than
Mr. DiCanio who can attend if MGA wishes to have its counsel there, but,
if not, then MGA can decide not to attend the deposition.   As far as we
are concerned, however, the deposition will go forward as duly noticed
on the 15th.


Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax:   (213) 443-3100
E-mail:   michaelzeller@quinnemanuel.com
<mailto:michaelzeller@quinnemanuel.com>


The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above.   This
message may be an attorney-client communication and/or work product and
as such is privileged and confidential.   If the reader of this message
is not the intended recipient or agent responsible for delivering it to
the intended recipient, you are hereby notified that you have received
this document in error and that any review, dissemination, distribution,
or copying of this message is strictly prohibited.   If you have received
this communication in error, please notify us immediately by e-mail, and
delete the original message.


From: Park, Amy S [mailto:Amy.Park@skadden.com]
Sent: Saturday, January 12, 2008 11:40 AM
To: Michael T Zeller
Cc: Nolan, Thomas J (LAC); Adler, Douglas B (LAC); DiCanio, Jack P
(LAC); Mark Overland; Alexander Cote; Christa Anderson
Subject: Machado deposition


Mike,

We need to reschedule the deposition of Gustavo Machado that was set for
January 15 without considering our availability. My partner, Jack
DiCanio will be covering the deposition, but is unable to attend on the
15th due to a sentencing hearing in the Reyes case. Because Machado's
deposition is a Phase 2 deposition, it can proceed after Phase 1.

Thanks.

Amy S. Park
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue | Suite 1100 | Palo Alto, CA 94301
T: 650.470.4511 | F: 888.329.6334 | E: apark@skadden.com
<mailto:apark@skadden.com>


Brenda Fry, Assistant to Amy S. Park
T: 650.470.4567 | E: bfry@skadden.com <mailto:bfry@skadden.com>

EXHIBIT   6   PAGE   156

****************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
**************************************************
************************************************* This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
**************************************************

=========================================================================

3

EXHIBIT __6__ PAGE _151_

**Exhibit 8**

EXHIBIT __6__ PAGE __152__

Case 2:04-cv-09049-DOC-RNB    Document 1554-4    Filed 01/17/08    Page 50 of 93    Page ID #:18781

Case 2:04-cv-09049-SGL-RNB    Document 1527    Filed 01/14/2008    Page 31 of 49
Case 3:06-cr-00556-CRB    Document 772    Filed 12/20/2007    Page 1 of 1

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,            No. C 06-00556-1 CRB

12              Plaintiff,                **ORDER**

13      v.

14   GREGORY L. REYES,

15              Defendant.
     _____/

16

17       Sentencing is scheduled for Wednesday, January 16, 2008 at 9:00a.m. Any

18   sentencing memoranda must be filed by the parties on or before Wednesday, January 9,

19   2008.

20       **IT IS SO ORDERED.**

21

22

23   Dated: December 20, 2007



CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

24

25

26

27

28

*(left margin, vertical text)* United States District Court / For the Northern District of California

EXHIBIT  6  PAGE 153

**Exhibit 9**

EXHIBIT 6 PAGE 154

E-Filing, RELATE

**U.S. District Court**
**California Northern District (San Francisco)**
**CRIMINAL DOCKET FOR CASE #: 3:06-cr-00556-CRB-1**

Case title: USA v. Reyes et al                                   Date Filed: 08/11/2006
Magistrate judge case number: 3:06-mj-70450-CRB

Assigned to: Hon. Charles R. Breyer

**Defendant (1)**

**Gregory L. Reyes**                    represented by **Brad D. Brian**
                                        Munger Tolles & Olson LLP
                                        355 South Grand Avenue
                                        Thirty-Fifth Floor
                                        Los Angeles, CA 90071
                                        213-683-9100
                                        Fax: 213-683-3702
                                        Email: BrianBD@mto.com
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*
                                        *Designation: Retained*

                                        **Jerome Roth**
                                        Munger Tolles & Olsen
                                        355 S. Grand Ave. 35th Flr
                                        Los Angeles, CA 90071
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*
                                        *Designation: Retained*

                                        **Monica Diggs Mange**
                                        Munger, Tolles & Olson LLP
                                        355 S Grand Ave 35th Fl
                                        Los Angeles, CA 90071
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*
                                        *Designation: Retained*

                                        **Richard Marmaro**
                                        Skadden Arps Slate Meagher & Flom
                                        LLP
                                        300 South Grand Avenue, Suite 3400
                                        Los Angeles, CA 90071-3144

EXHIBIT ___6___ PAGE _155_

213-687-5000
Fax: 213-687-5600
Email: rmarmaro@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yohance Claude Edwards**
Munger Tolles & Olsen
355 S. Grand Ave. 35th Flr
Los Angeles, CA 90071-1561
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Christopher J. Gunther**
Skadden Arps Slate Meagher & Flom
LLP
4 Times Square
New York, NY 10036
212 735-2000
*ATTORNEY TO BE NOTICED*

**Robert T. Cruzen**
Howard Rice Nemerovski Canady Falk
& Rab
Three Embarcadero
7th Floor
San Francisco, CA 94111
415-434-1600
Fax: 415-217-5910
Email: rcruzen@howardrice.com
*ATTORNEY TO BE NOTICED*

**Yohance Claude Edwards**
Munger, Tolles & Olson LLP
560 Mission Street
27th Floor
San Francisco, CA 94105
415-512-4035
Fax: 415-644-6935
Email: yohance.edwards@mto.com
*ATTORNEY TO BE NOTICED*

**Pending Counts**                    **Disposition**

18:371 Conspiracy to commit securities
and mail fraud
(1)

15:78j(b) and 78ff, 17 CFR 240.10b-5,
18:2 Fraud in connection with Brocade

EXHIBIT __6__ PAGE _156_

stock, aiding, abetting, and willfully causing
(2)

15:78j(b) and 78ff, 17 CFR 240.10b-5, 18:2 False SEC filing, aiding, abetting, willfully causing
(5-7)

15:78m(b)(2)(A) 78m(b)(5) and 78ff, 17 CFR 240.13b2-1, and 18:2 Falsifying books, records, accounts, aiding and abetting and willfully causing
(8)

15 USC 78ff, 17 CFR 240.13b2-2, 18:2 False statement to accountant, aiding, abetting, and willfully causing
(9-12)

**Highest Offense Level (Opening)**
Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1341, 1346 and 2 Mail fraud, deprivation of right to honest services, aiding, abetting, and willfully causing (3-4) | dismissed |

**Highest Offense Level (Terminated)**
Felony

| **Complaints** | **Disposition** |
|---|---|
| 15:78j(b) and 78ff Fraud in connection with Brocade Stock | |

---

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **Christopher James Steskal** |
| | | Fenwick & West |
| | | 555 California Street |
| | | 12th Floor |
| | | San Francisco, CA 94104 |
| | | 415.875.2439 |
| | | Fax: 415.281.1350 |
| | | Email: csteskal@fenwick.com |
| | | *TERMINATED: 02/01/2007* |

EXHIBIT    6    PAGE 157

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Paul Crudo**
Office of the U.S. Attorney
450 Golden Gate Ave.
11th floor
San Francisco, CA 94102
415-436-6824
Fax: 415-436-7234
Email: timothy.crudo@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam A. Reeves**
United States Attorney's Office
450 Golden Gate Avenue
11th Floor
Box 36055
San Francisco, CA 94102
415-436-7200
Fax: 415-436-7234
Email: adam.reeves@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/20/2006 | | Judge update in case as to Gregory L. Reyes, Stephanie Jensen. Judge Magistrate Judge added. Judge Edward M. Chen no longer assigned to case. [3:06-mj-70450-CRB] (Entered: 07/24/2006) |
| 07/20/2006 | 1 | COMPLAINT as to Gregory L. Reyes (1), Stephanie Jensen (2). (vlk, COURT STAFF) (Filed on 7/20/2006) [3:06-mj-70450-CRB] (Entered: 07/24/2006) |
| 07/20/2006 | | Summons Issued as to Gregory L. Reyes Initial Appearance set for 8/2/2006 09:30 AM before Hon. Joseph C. Spero. (vlk, COURT STAFF) (Filed on 7/20/2006) [3:06-mj-70450-CRB] (Entered: 07/24/2006) |
| 07/20/2006 | 3 | Minute Entry for proceedings held before Judge Edward M. Chen :Summons issued as to Gregory L. Reyes held on 7/20/2006 (Tape #not recorded.) (vlk, COURT STAFF) (Filed on 7/20/2006) [3:06-mj-70450-CRB] (Entered: 07/24/2006) |
| 07/25/2006 | 4 | ORDER as to Gregory L. Reyes, Stephanie Jensen Arraignment set for 8/2/2006 09:30 AM before Hon. Joseph C. Spero. Trial Setting Hearing set for 8/2/2006 10:30 AM in Courtroom 8, 19th Floor, San Francisco before Hon. Charles R. Breyer.. Signed by Judge Charles R. Breyer on 7/25/06. (be, COURT STAFF) (Filed on 7/25/2006) [3:06-mj-70450-CRB] (Entered: 07/25/2006) |
| | | |

EXHIBIT   6   PAGE 158

**Exhibit 10**

EXHIBIT ___6___ PAGE _159_

Case 2:04-cv-09049-DOC-RNB   Document 1554-4   Filed 01/17/08   Page 57 of 93   Page ID #:18788

Case 2:04-cv-09049-SGL-RNB   Document 1527   Filed 01/14/2008   Page 38 of 49
Case 2:04-cv-09049-SGL-RNB   Document 1504   Filed 01/07/2008   Page 1 of 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES – GENERAL

Case No.   CV 04-09049 SGL(RNBx)                    Date: January 7, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS
==================================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

           Jim Holmes                            Theresa Lanza
           Courtroom Deputy Clerk                Court Reporter

ATTORNEYS PRESENT FOR CARTER             ATTORNEYS PRESENT FOR MATTEL:
BRYANT: **Christa Martine Anderson**         **John B. Quinn and Michael T. Zeller**

ATTORNEYS PRESENT FOR MGA:                 ATTORNEY PRESENT FOR CARLOS
**Thomas J. Nolan**                            GUSTAVO MACHADO GOMEZ:
**Carl A. Roth**                               **Mark E. Overland**
**Anna Park**
                                           ATTORNEY PRESENT FOR NON-PARTY
ATTORNEY PRESENT FOR NON-                  STERN & GOLDBERG: **Kien C. Tiet**
PARTIES ANA ELISE CLOONAN,
MARGARET HATCH-LEHY, AND                   ATTORNEY PRESENT FOR NON-PARTY
VERONICA MARLOW: **Larry W.**                  KAYE SCHOLER, LLP: **Bryant S. Delgadillo**
**McFarland**

PROCEEDINGS:   **ORDER GRANTING IN PART AND DENYING IN PART**
               **MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL**
               **DISCOVERY (DOCKET #1134)**

               **ORDER GRANTING MOTION TO ENFORCE THE COURT'S**
               **ORDER OF AUGUST 27, 2007, AND DENYING REQUEST FOR**
               **SANCTIONS  (DOCKET #1143)**

EXHIBIT   6   PAGE   160

**ORDER GRANTING MATTEL'S MOTION CLARIFYING
COURT'S ORDER APPOINTING DISCOVERY MASTER
(DOCKET #1244)**

**ORDER GRANTING CARTER BRYANT AND MGA
DEFENDANTS' EX PARTE APPLICATION TO COMPEL
DEPOSITIONS (DOCKET #1462)**

These matters were heard on January 7, 2008. The Court rules as set forth
below.

To the extent that this Order decides issues more properly decided by the
Discovery Master and/or preempts issues currently pending before the Discovery
Master, it does so only to resolve those issues in the most expeditious manner
possible. As the Court's order appointing the Discovery Master requires, any and all
discovery disputes must be presented to the Discovery Master for his resolution.

**MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY
(DOCKET #1134)**

This motion is **GRANTED IN PART.** Leave to take additional depositions and
propound additional interrogatories are granted to the extent they are consistent with
Fed. R. Civ. P. 26(b)(2). See Fed. R. Civ. P. 30(a)(2)(A) (depositions), 33(a)
(interrogatories). Rule 26(b)(2) requires a Court to limit discovery where it is
unreasonably cumulative or duplicative; where it can be obtained from a more
convenient, less burdensome, or less expensive source; where a party has already
had ample opportunity to obtain information from discovery; where the burden or the
expense of the requested discovery outweighs its likely benefit, taking into account
the factors of the parties' resources, the importance of the issues at stake, and the
importance of the requested discovery in resolving these issues. Fed. R. Civ. P.
26(b)(2)(C)(i)-(iii).

Considering this standard, the Court concludes that Mattel has shown good
cause to grant additional discovery given the complexity of this case, the number of
parties, recent developments related to the substitution of counsel, the concerns
regarding retention and spoliation of evidence, and the delay in receiving paper

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT    6    PAGE    161

discovery caused by numerous discovery disputes and a Court-imposed stay
requested by MGA upon substitution of counsel.  Specifically, the Court grants
Mattel's request to take the individual depositions relating to the Bratz claims (set
forth in the moving papers at 9-11) and relating to the trade secret and RICO claims
(set forth in the moving papers at 13).  Mattel may serve the notices of deposition
and propound the interrogatories attached to the moving papers as Exs. A - C.
Additionally, the parties must answer Mattel's previously propounded interrogatories
to which the sole objection raised was that those interrogatories exceeded the
allowable number of interrogatories.

        The Court has heretofore refrained from bifurcating discovery relating to Phase
1 and Phase 2, believing that such an action is fraught with the potential of
unnecessarily compounding discovery disputes in a case already predisposed to
such disputes.  Nevertheless, in light of the additional discovery permitted by this
Order, and to the extent that counsel for the parties who are asserting or defending
against claims to be tried in Phase 2 of the trial are in agreement, the Court will
consider a stipulation of those parties that designates certain depositions as "Phase
2" depositions that may be conducted during the month of February, if counsel can
assure the Court that such depositions can be so conducted without altering the
Court's pretrial schedule regarding Phase 1.

        Conversely, in light of the standard of review employed regarding the
Discovery Master's orders, the Court **DENIES** that portion of Mattel's motion that
seeks additional time in which to depose Carter Bryant.  The Court cannot say that
the Discovery Master's order allowing an additional nine hours to depose Carter
Bryant is contrary to law based on the Discovery Master's unchallenged factual
findings.

## MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007
## AND REQUEST FOR SANCTIONS (DOCKET #1143)

        This motion is **GRANTED**.  The Court's order clearly applied to "all parties."
No party sought relief therefrom or clarification of the Court's order.

        As prepared in purported compliance with the Court's order, the affidavit of
Carlos Gustavo Machado Gomez is inadequate as it lacks facts and relies instead
on conclusory language.  Machado must file an affidavit that complies with the

EXHIBIT __6__ PAGE _162_

Case 2:04-cv-09049-DOC-RNB   Document 1554-4   Filed 01/17/08   Page 60 of 93   Page ID
#:18791
Case 2:04-cv-09049-SGL-RNB   Document 1527   Filed 01/14/2008   Page 41 of 49
Case 2:04-cv-09049-SGL-RNB   Document 1504   Filed 01/07/2008   Page 4 of 8

Court's order as set forth below.

Carter Bryant has refused to comply with the Court's order and has not filed the required affidavit.

Both these parties must file, on or before January 15, 2008, an affidavit setting forth a factual description of their preservation efforts, policies, customs, and/or practices with respect to potentially discoverable documents related to the present litigation. The failure of these parties to comply with this Order will result in the imposition of contempt sanctions to coerce their compliance.

The Court **DENIES** Mattel's request for costs and sanctions.

### MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

This motion is **DENIED**. The Court's order referred to the Discovery Master any and all discovery disputes, including those involving third parties.

Although the parties stipulated to the Discovery Master, that stipulation was entered as the Court's order, and as such, all parties are subject to that order unless relieved from it upon proper motion.

The order was entered as a valid Rule 53(a)(1)(C) order, not requiring the consent of any party or nonparty. Machado has not convinced the Court that, as a subsequently added party, he was required to be given the opportunity to object to the order before it could be applied to him. See Fed. R. Civ. P. 53(b)(1) (requiring notice and opportunity to be heard prior to the appointment of a special master). Importantly, Machado could have, but did not, seek relief from this order within a reasonable amount of time after he became a party to this case. Furthermore, the Court does not find any basis to exclude Machado from the reach of the Court's order appointing the Discovery Master pursuant to his present objections.

### DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

Carter Bryant and the MGA defendants may depose the ten individuals set

MINUTES FORM 90
CIVIL -- GEN

4

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT __6__ PAGE __163__

Case 2:04-cv-09049-DOC-RNB   Document 1554-4   Filed 01/17/08   Page 61 of 93   Page ID
#:18792

Case 2:04-cv-09049-SGL-RNB   Document 1527   Filed 01/14/2008   Page 42 of 49
Case 2:04-cv-09049-SGL-RNB   Document 1504   Filed 01/07/2008   Page 5 of 5

forth in their moving papers.  The testimony of all Rule 30(b)(6) witnesses "count" as
only one deposition for purposes of determining the total number of depositions
conducted by each side.

Carter Bryant and the MGA defendants are not relieved of the requirement that
they serve subpoenas on all these deponents other than the current officers of
Mattel (represented to the Court to be Tim Kilpin, Kevin Farr, and Evelyn Viohl).  To
the extent that Mattel has made prior written agreements to produce deponents who
are under its control, it is expected to do so.

As to all the depositions permitted by this Order, all counsel are expected to
coordinate their schedules with those of the deponents such that the depositions are
held prior to the discovery cutoff date of January 28, 2008.  However, as set forth
above in connection with Mattel's motion to take additional discovery, Phase 2
depositions may be taken in February pursuant to a Court-approved stipulation.

IT IS SO ORDERED.

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT ___6___ PAGE 14

**Exhibit 11**

EXHIBIT 6 PAGE 165

**CONFORMED**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

12  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13              Plaintiff,               Consolidated with
                                         Case No. CV 04-09059
14        vs.                            Case No. CV 05-02727

15  MATTEL, INC., a Delaware             Hon. Stephen G. Larson
    corporation,
16                                       NOTICE OF MOTION AND MOTION
              Defendant.                 OF MATTEL, INC. FOR LEAVE TO
17                                       TAKE ADDITIONAL DISCOVERY
                                         AND OBJECTIONS TO DISCOVERY
18  AND CONSOLIDATED ACTIONS             MASTER ORDER OF SEPTEMBER
                                         28, 2007; AND
19
                                         MEMORANDUM OF POINTS AND
20                                       AUTHORITIES

21                                       [Declaration of B. Dylan Proctor filed
                                         concurrently]
22
                                         Hearing Date:  January 7, 2008
23                                       Time:          10:00 a.m.
                                         Courtroom:     1
24
                                         Phase 1:
25                                       Discovery Cut-off:      January 28, 2008
                                         Pre-trial Conference:   May 5, 2008
26                                       Trial Date:             May 27, 2008

27

28

07209/2299353.1

                              -i-            11-19

EXHIBIT __6__ PAGE __166__

1   Mattel employees.[43]  Accordingly, Mattel seeks leave to take the depositions of the
2   following witnesses on such claims:[44]

3   • Ron Brawer – has knowledge of stolen Mattel trade secrets in the U.S.
4   • Janine Brisbois – former Mattel employee who stole Mattel trade secrets
5   • Gustavo Machado – former Mattel employee who stole Mattel trade secrets
6   • Mariana Trueba – former Mattel employee who stole Mattel trade secrets
7   • Pablo Vargas – former Mattel employee who stole Mattel trade secrets
8   • Ricardo Abundis – has knowledge of stolen Mattel trade secrets in Mexico
9   • Jorge Castilla – believed to have stolen Mattel trade secrets in the U.S.
10  • Nic Contreras – believed to have knowledge of stolen Mattel trade secrets
11  • Dan Cooney – believed to have knowledge of stolen Mattel trade secrets
12  • Susan Kuemmerle – believed to have knowledge regarding stolen Mattel
13    trade secrets in Mexico
14  • Shirin Salemnia – believed to have knowledge of stolen Mattel trade secrets
15  • MGAE de Mexico – defendant to trade secret theft and RICO claims
16  • MGA Entertainment, Inc. – defendant

17      Further, MGA has accused Mattel of trade dress infringement and dilution and
18  unfair competition in connection with more than 440 products.[45]  MGA has identified

19

20  [43]  Bacon Dep. Tr. at 12:12-13, 51:22-52:17, 86:8-12, and 114:19-116:9, Proctor Dec.,
     Ex. 28.  And even with respect to Ms. Bacon's deposition, MGA attempted to prevent her
21   from testifying on the grounds that Mattel had not noticed her deposition individually, but
22   only as a Rule 30(b)(6) designee.  See Proctor Dec., Ex. 29.
     [44]  These are those who Mattel has identified to date.  Mattel anticipates that there may
23   be more who will need to be deposed in connection with MGA's unfair competition claims
24   and Mattel's counterclaims because (a) it continues to review the over one-and-a-half
     million pages of documents that MGA produced in the past month and (b) because MGA, to date,
25   has failed to identify how it anticipates defending Mattel's counterclaims or which
     documents or witnesses it will rely upon to do so, including by its ongoing failures to
26   answer Mattel contention interrogatories related to its defenses to Mattel's counterclaims.
27  [45]  MGA's Supp. Response to Interrogatory No. 2 Of Mattel, Inc.'s First Set of
     Interrogatories Re Claims of Unfair Competition, at 5-19, Proctor Dec., Ex. 26.
28

EXHIBIT   6   PAGE 167

**Exhibit 12**

EXHIBIT ___6___ PAGE __168__

# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

| | | |
|---|---|---|
| Case No. | CV 04-09049 SGL(RNBx) | Date: October 31, 2007 |
| Title: | CARTER BRYANT -v- MATTEL, INC. | |
| | AND CONSOLIDATED ACTIONS | |

==========================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                                      Theresa Lanza
Courtroom Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR CARTER            ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Christa Martine Anderson                 John Quinn
Matthew M. Werdegar                      Jon D. Corey
                                         Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:              ATTORNEY PRESENT FOR CARLOS
                                        GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan                          Alexander H. Cote
Carl A. Roth

PROCEEDINGS:   **ORDER REGARDING STATUS CONFERENCE**

  The Court held a status conference to consider the current schedule set for Phase 1 of the consolidated cases as well as the issue of the selection of a settlement officer for both Phase 1 and Phase 2 of the consolidated cases.

  For reasons discussed on the record, the Court enters a two-week STAY in these actions, beginning November 1, 2007, and continuing through November 14, 2007. During that time, the parties shall serve no discovery requests (including subpoenas) on parties or third parties. The obligation to respond to any outstanding discovery requests is likewise suspended for that time frame. No depositions shall be conducted during this time. The matters to be heard before Judge Infante, the discovery master herein, are to be rescheduled to a date determined by Judge Infante.

EXHIBIT 6   PAGE 169

Case 2:04-cv-09049-DOC-RNB   Document 1554-4   Filed 01/17/08   Page 67 of 93   Page ID #:18798

Case 2:04-cv-09049-SGL-RNB   Document 1527   Filed 01/14/2008   Page 48 of 49
Case 2:04-cv-09049-SGL-RNB   Document 1104   Filed 10/31/2007   Page 2 of 4

provided, however, that such date is no earlier than November 26, 2007, and that no opposition or reply papers may be required to be filed during the pendency of the stay.

The Court CONTINUES the November 19, 2007, hearing on the Motion For Leave to Serve A Supplemental Interrogatory to December 3, 2007, at 10:00 a.m.

The current schedule regarding Phase 1 of the trial in these consolidated actions is modified as follows:

| | |
|---|---|
| Fact discovery cutoff: | 01/28/08 |
| Initial Expert Reports: | 02/11/08 |
| Rebuttal Expert Reports: | 03/17/08 |
| Last date for settlement conference: | VACATED (see below for Court's directive regarding mandatory settlement procedures) |
| Expert discovery cutoff: | 03/31/08 |
| Dispositive Motions hearing cutoff: | 03/31/08 @ 10:00 a.m. |
| Pretrial conference order and associated trial documents including proposed jury instructions: | 04/21/08 |
| Filing of Motions in Limine: | 05/05/08 |
| Pretrial conference: | 05/05/08 @ 11:00 a.m. |
| Hearing on Motions in Limine and Jury Instructions: | 05/19/08 @ 11:00 a.m. |
| Trial: | 05/27/08 @ 9:00 a.m. |

The schedule for Phase 2, previously set by the Court by Order filed February 22, 2007, in the case captioned MGA Entertainment, Inc. v. Mattel, Inc., et al., CV 05-02727, is VACATED. The Court will consider the scheduling of Phase 2 at a later date. However, the Court DENIES MGA's request to delay or otherwise bifurcate discovery regarding Phase 2 issues.

At the status conference, the parties acknowledged on the record their mutual agreement to the selection of Ambassador Pierre-Richard Prosper as the settlement officer for these

EXHIBIT __6__ PAGE __176__

Case 2:04-cv-09049-DOC-RNB   Document 1554-4   Filed 01/17/08   Page 68 of 93   Page ID
#:18799
Case 2:04-cv-09049-SGL-RNB   Document 1527   Filed 01/14/2008   Page 49 of 49
Case 2:04-cv-09049-SGL-RNB   Document 1104   Filed 10/31/2007   Page 3 of 4

consolidated cases, and the Court hereby APPOINTS him in that capacity. Counsel are directed to contact Ambassador Prosper to schedule a settlement conference on or before December 1, 2007. The settlement conference is to be directed towards resolution of both phases of this litigation. Counsel are ORDERED to carefully and diligently follow Ambassador Prosper's directions concerning preparation for and conduct at any settlement conferences. The parties will be jointly responsible for paying the Ambassador's reasonable and customary rate for services rendered. A failure to comply with this order, or a failure to provide reasonable compensation to the Settlement Officer upon completion of the mediation, may result in the imposition of appropriate sanctions. Ambassador Prosper is directed to provide a status report to the Court following the conclusion of the settlement efforts.

IT IS SO ORDERED.

c:     Judge Infante
       Ambassador Prosper

Initials of Deputy Clerk __jh_____
Time: 00/20

EXHIBIT   6   PAGE   171

**EXHIBIT 7**

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2      (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7   Facsimile: (213) 443-3100

8   Attorneys for Mattel, Inc.

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

12   | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
13   | | |
     | Plaintiff, | Consolidated with |
14   | | Case No. CV 04-09059 |
     | | Case No. CV 05-02727 |
15   | vs. | |
     | | **DISCOVERY MATTER** |
16   | MATTEL, INC., a Delaware | |
17   | corporation, | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]** |
18   | | THIRD SUPPLEMENTAL |
     | Defendant. | DECLARATION OF JON COREY IN |
19   | | SUPPORT OF MATTEL, INC.'S |
     | | MOTION TO COMPEL DEPOSITION |
20   | | OF CARLOS GUSTAVO MACHADO |
     | AND CONSOLIDATED ACTIONS | GOMEZ |
21   | | |
22   | | Date:   January 16, 2008 |
     | | Time:   9:00 a.m. |
23   | | Place:  Telephonic Hearing |
24   | | **Phase 1** |
     | | Discovery Cut-Off: January 28, 2008 |
25   | | Pre-Trial Conference:  May 5, 2008 |
     | | Trial Date:  May 27, 2008 |
26

27

28                                        EXHIBIT __+__ PAGE _172_

## THIRD SUPPLEMENTAL DECLARATION OF JON COREY

I, Jon Corey, declare as follows:

1.      I am a member of the bar of the State of California and the District of Columbia, am admitted to practice before this Court and am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.      In paragraph 2 of the Declaration of Carlos Gustavo Machado Gomez submitted with his untimely supplemental Memorandum of Points and Authorities in Opposition to Mattel, Inc.'s Motion to Compel (1) Deposition of Carlos Gustavo Machado Gomez, and (2) Consent to Production of Electronic Mail Messages, he declared: "I am current [sic] restricted from traveling outside Mexico [sic], pursuant to court order." Mr. Machado, however, can obtain and has obtained leave of court to travel to the United States at MGA's request, including as recently as last month, when he was in the Los Angeles area for approximately one week. Mr. Machado was granted leave the same day that he asked for it.

3.      Late yesterday afternoon, January 15, 2008, I received documents which are submissions made by Mr. Machado's counsel in Mexico to the court in Mexico which sought an order allowing Mr. Machado leave to travel to the United States for MGA marketing meetings—technically leave not to comply with the weekly registration and signing requirements. It also includes the order of that court granting Mr. Machado leave. A true and correct copy of those documents is attached as Exhibit A. A true and correct copy of a translation of those documents (except the photocopy of the air travel ticket), and the certification, is attached as Exhibit B.

4.      Mr. Machado made his request for leave to travel to the United States on December 5, 2007, and it was granted on December 5, 2007 (the day before Mr. Machado's counsel offered to produce him for deposition in Mexico

EXHIBIT 7 page 173

1    City). I am informed and believe, based on the copy of the air travel ticket that Mr.

2    Machado submitted to the court in Mexico and the letter from MGA requesting that

3    he attend MGA marketing meetings, that he traveled to the United States on

4    December 5, 2007 and remained in the United States—specifically to attend

5    meetings at the request of MGA—until December 13, 2007. MGA, a party to these

6    proceedings, can similarly request that Mr. Machado appear for deposition in the

7    United States and apparently can do so on a day or two of notice.

8         I declare under penalty of perjury under the laws of the United States

9    of America that the foregoing is true and correct.

10         Executed on January 14, 2008, at Los Angeles, California.

12       By _____

13         Jon Corey

-3-

THIRD SUPPLEMENTAL DECLARATION OF JON COREY

EXHIBIT 7 PAGE 174

# EXHIBIT A

EXHIBIT 7 PAGE 175

FRANCO & FRANCO
BUFETE JURÍDICO, S.C.

PASEO DE LAS PALMAS 755-1201
LOMAS DE CHAPULTEPEC, 11000, MÉXICO D.F.

TEL. (52-55) 5520-7575
FAX. (52-55) 5202-9395

CAUSA PENAL: 130/2007-V

JUEZA DÉCIMA DE DISTRITO DE PROCESOS
PENALES FEDERALES EN EL DISTRITO FEDERAL

CARLOS GUSTAVO MACHADO GÓMEZ, promuevo en la citada al rubro y con todo respeto digo:

En auto de 17 de octubre de 2007, su señoría tuvo por exhibidas las garantías fijadas para cumplir mis obligaciones por la concesión de la libertad provisional que me otorgó.

En dicho auto me hizo saber diversas prevenciones, entre las cuales se encuentran: la de firmar en el libro de control de procesados los días lunes de cada semana y la de, **no ausentarme del lugar sin permiso de ese juzgado.**

El próximo lunes 3 de diciembre cumpliré con mi obligación de firmar el mencionado libro de control de procesados. Con fundamento en el artículo 411 de Código Federal de Procedimientos Penales, solicito atentamente permiso para ausentarme de este lugar, y **no firmar el citado libro de control el lunes 10 de diciembre de 2007**, por lo que el lunes 17 de diciembre de 2007, continuaré cumpliendo con todas las obligaciones impuestas.

Lo anterior significa que el permiso que solicito para ausentarme del lugar, no excede del marcado en el párrafo primero del señalado artículo 411.

Agradezco su comprensión.

México, D.F., a 29 de noviembre de 2007.

CARLOS GUSTAVO MACHADO GÓMEZ

EXHIBIT 7   PAGE 176





**En veintinueve de noviembre de dos mil siete,** la secretaria da cuenta a la jueza, con el oficio 835/UEIDCSPCAJ/2007, firmado por la agente del Ministerio Público de la Federación, titular de la Mesa XXX UEIDCSPCAJ, adscrita a la Unidad Especializada en Investigación de Delitos Cometidos por Servidores Públicos y Contra la Administración de Justicia de la Subprocuraduría en Investigación Especializada en Delitos Federales de la Procuraduría General de la República; así como, con el oficio **4832,** firmado por el secretario de acuerdos del Primer Tribunal Unitario en Materia Penal del Primer Circuito y con el escrito firmado por el procesado **CARLOS GUSTAVO MACHADO GÓMEZ,** recibidos en la oficina de correspondencia de este juzgado a las trece horas con cincuenta y dos minutos y catorce horas con diez minutos del día de ayer y a las once horas con cuarenta y ocho minutos del día de la fecha, registrados en el libro respectivo con los folios **12350, 12351** y **12359,** respectivamente. **CONSTE.**

SECRETARIA.



**MÉXICO, DISTRITO FEDERAL, VEINTINUEVE DE NOVIEMBRE DE DOS MIL SIETE.**

Vista la razón de cuenta, se tiene por recibido el oficio **835/UEIDCSPCAJ/2007,** por el cual, la agente del Ministerio Público de la Federación, titular de la Mesa XXX UEIDCSPCAJ, adscrita a la Unidad Especializada en Investigación de Delitos Cometidos por Servidores Públicos y Contra la Administración de Justicia de la Subprocuraduría en Investigación Especializada en Delitos Federales de la Procuraduría General de la República, solicita copia certificada de la presente causa penal, no como parte de la misma, sino como autoridad investigadora de hechos posiblemente constitutivos del delito contra la administración de justicia, cometido por el Magistrado del Primer Tribunal Unitario en Materia Penal, licenciado Jorge Fermín Rivera Quintana; asimismo, señala que sus oficinas se encuentran ubicadas en Insurgentes Sur número 235, onceavo piso, Colonia Roma, Delegación Cuauhtémoc, código postal 06700, en esta ciudad; atento lo anterior, con apoyo en el artículo 41 del Código Federal de Procedimientos Penales, no ha lugar a acordar de conformidad su petición, dado que como bien lo sostiene no es parte en la presente causa penal, por lo que tal petición, en todo caso, deberá realizarse a través del representante social Federal adscrito.

Por otra parte, glósese a los autos el oficio **4832,** por el cual, el secretario de acuerdos del Primer Tribunal Unitario en Materia Penal del Primer Circuito, devuelve el testimonio enviado con motivo del recurso de apelación interpuesto contra el auto de nueve de noviembre del año en curso, a efecto de que sea debidamente integrado el respectivo testimonio de la causa penal, toda vez que aún y cuando les fue informado que se remitieron copias certificadas del expediente, con

EXHIBIT 7   PAGE 177

motivo de diverso recurso de apelación, la substanciación de los recursos interpuestos se manejarán por cuerda separada para emitir la resolución correspondiente, sin importar que el mismo tribunal conozca de diverso recurso de apelación relacionado con la misma causa penal; asimismo, refiere que una vez que se integre el testimonio, se envíe nuevamente a esa superioridad, para la debida substanciación de los recursos hechos valer ante esa alzada; atento lo anterior, a la brevedad posible, remítase copia cèrtificada de la presente causa penal a la superioridad, en relación al recurso de apelación de que se trata.

En ese sentido, dado que el veintiséis de noviembre actual fue admitido diverso recurso de apelación interpuesto contra el auto de quince del presente mes y año, en el que se ordenó que únicamente se enviara al Tribunal Unitario en Materia Penal del Primer Circuito en turno, las constancias inherentes al recurso interpuesto, con apoyo en el artículo 41 del Código Federal de Procedimientos Penales, obténganse las copias de la presente causa penal y precédase a su certificación, para estar en aptitud de remitirlas para la substanciación del recurso admitido el veintiséis de los actuales.

En tales condiciones, dado el volumen de la presente causa penal, solicítese al departamento de reproducción del Consejo de la Judicatura Federal, con sede en este edificio, tenga a bien obtener tres copias del expediente constante de once tomos y cinco anexos, a fin de ser remitidos al Primer Tribunal Unitario en Materia Penal del Primer Circuito, y al de turno, para la substanciación de los recursos planteados, así como al representante social de la Federación.

Finalmente, glósese a los autos el escrito por el cual, el procesado **CARLOS GUSTAVO MACHADO GÓMEZ**, solicita permiso para ausentarse de este lugar (sic) y no firmar el libro de control de procesados, el lunes diez de diciembre de dos mil siete; atento lo anterior, con apoyo en el artículo 41 del ordenamiento procesal en cita, no ha lugar a acordar de conformidad su petición, toda vez que no expone los motivos por los cuales solicita tal autorización, ni mucho menos exhibe la documentación que acredite tal circunstancia.

**NOTIFÍQUESE Y PERSONALMENTE A CARLOS GUSTAVO MACHADO GÓMEZ.**

Así, lo proveyó y firma **VERÓNICA JUDITH SÁNCHEZ VALLE**, jueza Décimo de Distrito de Procesos Penales Federales en el Distrito Federal, asistida la secretaria **Lourdes Rosales Cabrera**, quien autoriza. **DOY FE.**

JUEZA

EXHIBIT 7 PAGE 178

FRANCO & FRANCO
BUFETE JURÍDICO, S.C.

PASEO DE LAS PALMAS 755-1201                    TEL. (52-55) 5520-7575
LOMAS DE CHAPULTEPEC, 11000, MÉXICO D.F.        FAX: (52-55) 5202-9395

CAUSA PENAL: 130/2007-V

**JUEZA DÉCIMA DE DISTRITO DE PROCESOS
PENALES FEDERALES EN EL DISTRITO FEDERAL**

CARLOS GUSTAVO MACHADO GÓMEZ, promuevo en la causa citada al rubro y con todo respeto digo:

He quedado debidamente notificado del auto de 29 de noviembre de 2007, en el que no acuerda de conformidad mi petición de no firmar el libro de control de procesados, el lunes 10 de diciembre de 2007.

Los motivos por los cuales reitero mi petición y exhibo la documentación correspondiente, son los siguientes:

En carta de 27 de noviembre de 2007, el señor Emilio Menotti, Director de Operaciones de MGAE, Sociedad de Responsabilidad Limitada, me ordenó trasladarme a la ciudad de Los Ángeles, California, Estados Unidos de América, con el fin de asistir a diversas reuniones de la empresa a la que presto mis servicios, del 5 al 13 de diciembre de 2007, que son de gran importancia para la misma, como resulta de la lectura del original de la carta que acompaño como anexo 1.

Así, el 3 del actual adquirí el boleto 5192123600 3 expedido por Aeroméxico, para salir de esta Ciudad de México hacia Los Ángeles el día 5 y regreso el 13, todos del presente diciembre de 2007. Acompaño fotocopia certificada por notario del mencionado boleto como anexo 2.

Expuesto lo anterior, con todo respeto reitero el permiso que solicito para ausentarme de México, por un periodo que no excede del marcado en el párrafo primero del señalado artículo 411 del Código Federal de Procedimientos Penales.

Agradezco anticipadamente su acuerdo favorable.

México, D.F., a 4 de diciembre de 2007.

Carlos Gustavo Machado Gómez

EXHIBIT 7 PAGE 179



**Corporate Office:**
16380 Roscoe Blvd.
Van Nuys, CA 91406 USA
Tel 818.894.2525
Fax 818.892.9060

México, D.F., a 27 de noviembre de 2007

Señor Carlos Gustavo Machado Gómez:
P r e s e n t e

Comunico a usted que del 5 al 13 del próximo diciembre de 2007, se llevarán a cabo en la oficina matriz de MGAE, en la ciudad de Los Ángeles, California, Estados Unidos de América, reuniones internacionales de mercadotecnia, en las que se tratarán los siguientes temas:

Nueva línea de productos para la Temporada de 2008.
Estrategias de posicionamiento de las marcas de mayor importancia.
Diseños de comercialización y planeación para 2008.
Globalización de las estrategias y diseños para 2008.

Por lo anterior, por ser de su exclusiva competencia los temas señalados en donde participará, deberá trasladarse a Los Ángeles, California, Estados Unidos de América, del 5 al 13 de diciembre de 2007.

Atentamente

Emilio Menotti Velázquez
Director de Operaciones de MGAE



EXHIBIT   7   PAGE   186



EXHIBIT 7 PAGE 181



MIGUEL ANGEL ZAMORA VALENCIA, NOTARIO NUMERO SETENTA Y OCHO DEL DISTRITO FEDERAL, CERTIFICO: Que la presente copia fotostática en una foja, escrita solo por su frente, que rubrico y sello, concuerda fielmente con su original del que fue sacada, tuve a la vista y con el cual cotejé, y que es un boleto de avión de la línea "Aeromexico", de la Ciudad de México a los Angeles, para el día cinco de diciembre del presente año, a favor del señor CARLOS GUSTAVO MACHADO.- Este cotejo se expide con fundamento y para los efectos exclusivos de lo dispuesto en el artículo ciento sesenta de la Ley del Notariado para el Distrito Federal.- Para constancia levanté hoy el Registro número MIL QUINIENTOS SETENTA Y CINCO del libro de registro número tres de cotejos del protocolo de esta Notaría.- México, Distrito Federal, a cuatro de diciembre del año dos mil siete.- DOY FE.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EXHIBIT 7 · PAGE 182

FORMA B-2



NTA Y
ostática
e con su
oleto de
e el día
STAVO
os de lo
Distrito
ENTOS
de esta
. DOY

DE LA FEDERACIÓN

En cinco de diciembre de dos mil siete, María de Lourdes Campos Campos, secretaria adscrita al Juzgado Décimo de Distrito de Procesos Penales Federales, certifica: que al tener a la vista el libro de control de firmas de procesados en libertad, tomo X, foja 195, se aprecia que el procesado CARLOS GUSTAVO MACHADO GÓMEZ, no ha dejado de cumplir con su obligación de presentarse a firmar el libro respectivo, certificación que se hace para los efectos legales a que haya lugar. DOY FE.

SECRETARIA

En la misma fecha, la secretaria da cuenta a la jueza, con el escrito firmado por el procesado CARLOS GUSTAVO MACHADO GÓMEZ y anexos, recibido en la oficina de correspondencia de este juzgado a las once horas con cincuenta minutos del día de ayer, registrado en el libro respectivo con el folio 12524, así como con la certificación que antecede. CONSTE.

SECRETARIA.

MÉXICO, DISTRITO FEDERAL, CINCO DE DICIEMBRE DE DOS MIL SIETE.

Agréguese a los autos el escrito por el cual, el procesado CARLOS GUSTAVO MACHADO GÓMEZ, reitera su petición para ausentarse de México del cinco al trece de diciembre del año en curso, por motivos laborales; asimismo, exhibe la documentación que acredita tal circunstancia y copia certificada del boleto 5192123600 3, expedido por Aeroméxico; atento lo solicitado, tomando en consideración la certificación de cuenta, en la que se advierte que hasta la fecha dicho procesado no ha dejado de cumplir con las obligaciones contraídas con este tribunal, al momento de obtener su libertad provisional, y únicamente solicita permiso de ausentarse del país por nueve días, esto es del cinco al trece del mes y año en curso, con fundamento en el artículo 411 del Código Federal de Procedimientos Penales, se concede el permiso solicitado por el procesado, por lo que deberá presentarse a firmar el libro respectivo hasta el diecisiete de los actuales; hágase las anotaciones correspondiente en el libro de firmas de procesados en libertad.

NOTIFÍQUESE Y PERSONALMENTE A CARLOS GUSTAVO MACHADO GÓMEZ.

Así, lo proveyó y firma VERÓNICA JUDITH SÁNCHEZ VALLE, jueza Décimo de Distrito de Procesos Penales Federales en el Distrito Federal, asistida de María de Lourdes Campos Campos, secretaria quien autoriza. DOY FE.

JUEZA

SECRETARIA
Lic. LRC/airm

EXHIBIT 7 PAGE 183

tu ... en Distr. Federal, a las nueve horas del ___Seis____ de ____diciembre_____ de 20__ _____ se notificó por lista a las partes, al _____ Doy fe.

**CERTIFICACIÓN**

EL SECRETARIO DEL JUZGADO DÉCIMO DE DISTRITO DE PROCESOS PENALES FEDERALES EN EL DISTRITO FEDERAL, C E R T I F I C A QUE LA (S) PRESENTE (S) COPIA (S) FOTOSTÁTICA (S) CONSTANTE (S) DE _____8_____, FOJAS ÚTILES, SON FIEL Y EXACTAS DE SUS ORIGINALES QUE OBRAN EN LOS AUTOS DEL EXPEDIENTE NÚMERO _130/2007.V,  Tome XI____, INSTRUIDO EN CONTRA DE _Marmona  Hueba Almada  y  Otros__ POR LA COMISIÓN DEL DELITO DE_Previsto en el art 223 frac. V. Ley de P.I_, DEL ÍNDICE DE ESTE JUZGADO, MISMA ··· SE EXPIDEN A PETICIÓN DE la coadyuvancia del Ministerio Público MÉXICO, D.F. A ___20___ DE ___Diciembre___ DEL _2007_

EL SECRETARIO

_María de los Ángeles Campos Campos_

**PODER JUDICIAL DE LA FEDERACIÓN**

EXHIBIT _7_ PAGE _104_

# EXHIBIT B

EXHIBIT 7 PAGE 185

[redacted]          *1*

Franco & Franco
Bufete Jurídico, S.C.

Paseo de las Palmas 755-1201                          Tel. (52-55) 5520-7575
Lomas de Chapultepec, 11000, Mexico, F.D.            Fax (52-55) 5202-9395

## CRIMINAL CASE: 130/2007-V

**TENTH DISTRICT JUDGE OF FEDERAL**
**CRIMINAL MATTERS IN THE FEDERAL DISTRICT**

[illegible stamp]

        **CARLOS GUSTAVO MACHADO GÓMEZ**, appear in the case mentioned in reference and respectfully state:

        In the order of October 17, 2007, Your Honor took note of the posting of the guarantees established in order to comply with my obligations in connection with my release on parole.

[illegible stamp]    In said order, your honor informed me of various obligations, including: to sign in the control book of defendants on the Monday of each week and **not to be absent from the place without the permission of this court.**

        Next Monday, December 3, I will comply with my obligation of signing said control book of defendants. Pursuant to article 411 of the Federal Code of Criminal Procedure, I respectfully request permission to be absent from this place and **not to sign said control book on Monday, December 10, 2007,** so that I will continue complying with all obligations imposed on Monday, December 17, 2007.

        The above means that the permission I request to be absent from the place does not exceed that indicated in paragraph one of said article 411.

        I thank you for your understanding.

        Mexico, F.D., November 29, 2007.


[signature]
**CARLOS GUSTAVO MACHADO GÓMEZ**

*12359*
[illegible]

EXHIBIT 7 PAGE 186

[stamp and text cut
off]

[redacted]          2
FORM B-2

**On the twenty-ninth day of November two thousand seven,** the court office
reports to the judge, by letter **835/UEIDCSPCAJ/2007,** signed by the Federal
Prosecutor, head of Desk XXX UEIDCSPCAJ, of the Unit Specialized in Investigation of
Crimes Committed by Public Servants and Against the Administration of Justice of the
[illegible stamp]Assistant Prosecutor's Office for Investigation Specialized in Criminal Crimes of the
Attorney General's Office, as well as letter **4832,** signed by the clerk of the First One-
Judge Court in Criminal Matters of the First Circuit and the brief signed by defendant
**CARLOS GUSTAVO MACHADO GÓMEZ,** received at the correspondence office of
this court at one fifty-two P.M. and two ten P.M. yesterday and at eleven forty-eight
A.M. today, recorded in the respective book on folios **12350, 12351** and **12359**
respectively. *FOR THE RECORD.*

[signature]
[illegible stamp]                                          CLERK.

**MEXICO, FEDERAL DISTRICT, THE TWENTY-NINTH DAY OF NOVEMBER
TWO THOUSAND SEVEN**

In light of the above, we take note of the receipt of letter
**835/UEIDCSPCAJ/2007,** by which the Prosecutor Head of Desk XXX UEIDCSPCAJ,
of the Unit Specialized in Investigation of Crimes Committed by Public Servants and
Against the Administration of Justice of the Assistant Prosecutor's Office for
Investigation Specialized in Criminal Crimes of the Attorney General's Office, requests a
certified copy of said criminal case, not as a party thereto, but as the investigating
authority of facts possibly constituting a crime against the administration of justice
committed by the Magistrate of the First One Judge Court in Criminal Matters, attorney
Jorge Fermin Rivera Quintana; furthermore, he indicates that his offices are located at
Insurgentes Sur number 235, eleventh floor, Colonia Roma, Delegacion Cuauhtemoc, zip
code 06700, in this city; in light of the above, pursuant to article 41 of the Federal Code
of Criminal Procedure, it is not appropriate to grant his request because, as sustained by
him, he is not a party to this criminal case so that such request in any case must be made
through the appropriate Federal social representative.

On the other hand, note will be made in the file of letter **4832,** by which the clerk
of the First One Judge Court in Criminal Matters of the First Circuit returns the certified
copy sent in connection with the appeal filed from the decision of November ninth of this
year, to be duly integrated in the criminal case, because, even though he was informed
that certified copies of the file were delivered, in          .

EXHIBIT  7  PAGE  187

[stamp cut off]

connection with a different appeal, the substantiation of the appeals filed will be handled under separate files, in order to issue the corresponding resolution regardless of the fact that the same court hears another appeal related to the same criminal case; furthermore, he indicates that after the inclusion of the certified copy, it should be sent again to this superior court for due substantiation of the appeals filed with this higher court; in light of the above, as soon as possible, a certified copy of this criminal case must be delivered to the higher court in connection with the appeal in question.                                                                 [illegible]

In this sense, since on November twenty-sixth of this year, a different appeal was admitted, filed from the decision of the fifteenth of this month and year, ordering that the documents of the appeal be sent only to the Criminal One Judge Court of the First Circuit on [illegible stamp] duty, pursuant to article 41 of the Federal Code of Criminal Procedures, copies of the present criminal case will be obtained and they will be certified in order to be forwarded for substantiation of the file admitted on the twenty-sixth of this month.

Under these conditions, given the volume of this criminal case, we are requesting the reproduction department of the Council of the Federal Judicature headquartered in this building to obtain three copies of the file consisting of eleven volumes and five addenda in order to forward them to the First One Judge Court in Criminal Matters of the First Circuit and to the court on duty for the substantiation of the appeals file, as well as to the Federal social representative.

Finally, a note will be made in the documents concerning the brief by which defendant **CARLOS GUSTAVO MACHADO GÓMEZ** requests permission to be absent from this place (sic) and not to sign the control book of defendants on Monday, December 10, 2007; in light of the above, pursuant to article 41 of the procedural code quoted, it is not appropriate to grant his petition because he does not indicate the reasons for which he requests such authorization, nor does he submit any documentation proving such circumstance.

**TO BE PERSONALLY SERVED ON CARLOS GUSTAVO MACHADO GÓMEZ.**

So ordered and signed by **VERÓNICA JUDITH SÁNCHEZ VALLE**, District Judge number Ten of Federal Criminal Matters in the Federal District assisted by clerk **Lourdes Rosales Cabrera** who authorizes. **I CERTIFY.**

**JUDGE**                                           **SECRETARY**
[Signature]                                       [Signature]

EXHIBIT __7__ PAGE _188_

[redacted]          *3*

## Franco & Franco
### Bufete Jurídico, S.C.

Paseo de las Palmas 755-1201                    Tel. (52-55) 5520-7575
Lomas de Chapultepec, 11000, Mexico, F.D.       Fax. (52-55) 5202-9395

**CRIMINAL CASE: 130/2007-V**  *(1/2 attachments) [illegible] 12524*

**TENTH DISTRICT JUDGE OF FEDERAL**
**CRIMINAL MATTERS IN THE FEDERAL DISTRICT**

**CARLOS GUSTAVO MACHADO GÓMEZ,** appearing in the case cited in reference, respectfully states:

[illegible stamp]

I was duly notified of the decision of November 29, 2007, which rejected my request not to sign the control book of defendants on Monday, December 10, 2007.

The reasons for which I repeat my request and produce the corresponding documentation are the following:

In a letter dated November 27, 2007, Mr. Emilio Menotti, Director of Operations of MGAE, Sociedad de Responsabilidad Limitada, ordered me to travel to Los Angeles, California, United States of America, to attend various meetings of the company for which I work, from December 5 to 13, 2007, which are of great importance for the company as arises from reading the original letter, which I enclose as exhibit 1.

Thus, on the 3rd of this month, I purchased ticket 5192123600 3 issued by Aeroméxico, to leave Mexico City going to Los Angeles on the 5th, returning on the 13th, this month of December 2007. I enclose a photocopy certified by notary of said ticket as exhibit 2.

After indicating the above, I respectfully repeat the request for permission to be absent from Mexico for a period not exceeding that indicated in the first paragraph of said article 411 of the Federal Code of Criminal Procedure.

I thank you in advance for your approval.

Mexico, F.D., December 4, 2007

[signature]

Carlos Gustavo Machado Gómez

EXHIBIT  7  PAGE  189

[redacted]        *4*

[logo:] [text cut off] GA
ENTERTAINMENT®

Entertainment Products Company

**Corporate Office:**
16380 Roscoe Blvd.
Van Nuys, CA 91406 USA
Tel 818.894.2525
Fax 818.892.9060

Mexico, F.D., November 27, 2007

Mr. Carlos Gustavo Machado Gómez:
By Messenger

I am informing you that next December 5 to 13, 2007, at the headquarters of MGAE in the city of Los Angeles, California, United States of America, international marketing meetings will be held and will discuss the following topics:
1. New product line for the 2008 season.
2. Strategies for positioning the major brands.
3. Designs for marketing and planning for 2008.
4. Globalization of the strategies and designs for 2008.
In light of the above, since the above topics are under your exclusive competence, you must participate and therefore travel to Los Angeles, California, United States of America, from December 5 to 13, 2007.

[illegible stamp]

Sincerely,
[signature]
Emilio Menotti Velázquez
Director of Operations of MGAE

EXHIBIT   7   PAGE   190

[redacted]     *5*

[illegible stamp]

    [photocopy of airplane ticket, bilingual Spanish/English]

    [stamp:]
ATTY. MIGUEL ANGEL ZAMORA VALENCIA
ATTY. MIGUEL ANGEL ZAMORA Y VEGA
DEC. 4, 2007
ASSOCIATED NOTARY OFFICES 78 AND 10 [illegible]
MEXICO, F.D.

    [stamp:]
COMPARED

[illegible stamp]

EXHIBIT 7 PAGE 191

*6*

[stamp cut off]

**MIGUEL ANGEL ZAMORA VALENCIA, NOTARY NUMBER SEVENTY-EIGHT OF THE FEDERAL DISTRICT, CERTIFY:** That this photocopy on one page, written only on the front which I initial and stamp, is a true copy of its original from which it was made, which I saw and with which I compared it, and that it is an airplane ticket from the "Aeromexico" airline, from Mexico City to Los Angeles for December fifth, this year, issued to mister CARLOS GUSTAVO MACHADO. – This comparison is issued on the grounds and for the exclusive purposes of article one hundred sixty of the Notary Law for the Federal District. – For the record, I made today Registration Number ONE THOUSAND FIVE HUNDRED SEVENTY-FIVE in the registration book number three of comparisons of the protocol of this Notary office. – Mexico, Federal District, December fourth of two thousand seven. – I CERTIFY. - - - - - -

[signature]

[illegible stamp]                                                                      [illegible stamp]

EXHIBIT 7 PAGE 192

[redacted]          7
FORM B-2

[stamp cut off]          On **December five, two thousand seven, Maria de Lourdes Campos Campos,** clerk of the Tenth District Court of Federal Criminal Matters, **certifies:** that after seeing the control book of signatures of defendants freed on parole, volume X, page 195, it is found that defendant **CARLOS GUSTAVO MACHADO GÓMEZ,** did not comply with his obligation to come to sign the respective book, which we certify for the applicable legal purposes. **I CERTIFY.**

[illegible stamp]                                                                      [signature]
                                                                                       **CLERK**

On the same date, the clerk reports to the judge the brief signed by defendant **CARLOS GUSTAVO MACHADO GÓMEZ** and exhibits received at the correspondence office of this court at eleven fifty A.M. yesterday, recorded in the respective book folio **12524,** as well as the prior certification. *FOR THE RECORD.*

[illegible stamp]                                                                      [signature]
                                                                                       **CLERK**

**MEXICO, FEDERAL DISTRICT, DECEMBER FIVE, TWO THOUSAND SEVEN.**
Add to the file the brief by which defendant **CARLOS GUSTAVO MACHADO GÓMEZ** repeats his request to be absent from Mexico from December fifth to December thirteenth of this year for work reasons; furthermore, he exhibits the documentation proving such circumstance and certified copy of ticket 5192123600 3, issued by Aeromexico; in light of the request, taking into consideration the certification which shows that to date said defendant has constantly complied with his obligations towards this court, when he obtained at his release on parole, and he only requests permission to be absent from the country for nine days, namely from the fifth to the thirteenth of this month and year, pursuant to article 411 of the Federal Code of Criminal Procedure, we grant the request of the defendant, so that he must appear to sign the respective book by the seventeenth of this month; the corresponding notes will be made in the book of signatures of defendants freed on parole.
**TO BE PERSONALLY SERVED ON CARLOS GUSTAVO MACHADO GÓMEZ.**
So ordered and signed by **VERÓNICA JUDITH SÁNCHEZ VALLE,** District Judge number Ten of Federal Criminal Matters in the Federal District assisted by **Maria de Lourdes Campos Campos,** clerk, who authorizes. I CERTIFY.

**JUDGE**                                        **SECRETARY**
[signature]                                       [signature] Atty. LRC/airm

EXHIBIT 7   PAGE 193

*8*
[stamp cut

[illegible]


## CERTIFICATION

[illegible stamp]

illegible stamp THE CLERK OF THE TENTH DISTRICT COURT OF FEDERAL CRIMINAL MATTERS IN THE FEDERAL DISTRICT CERTIFIES THAT THIS PHOTOCOPY (THESE PHOTOCOPIES) CONSISTING OF *8* FULL PAGES ARE A TRUE AND EXACT COPY OF THEIR ORIGINALS FOUND IN THE DOCUMENTS OF FILE NUMBER *130/2007 / V, Volume XI*, FILED AGAINST *Mariana Trueba Almada, et al.*, FOR COMMITTING THE OFFENSE OF *As described in article 223 section V of the Intellectual Property Law*, ON THE DOCKET OF THIS COURT, ISSUED AT THE REQUEST OF *the Assistant Prosecutor* MEXICO, F.D. *December 20, 2007.*

COURT CLERK

[signature]

[stamp:]
JUDICIAL BRANCH OF THE FEDERATION
UNITED MEXICAN STATES                              [illegible]


EXHIBIT 7 PAGE 194



**TRANSPERFECT**

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Marina Yoffe, hereby certify that the attached translation of "DOC150108" is to the best of my knowledge and belief, a true and accurate translation from Spanish into English.

Marina Yoffe

Sworn to before me this

16th day of January, 2008

Signature, Notary Public

PAUL D. RALSTON
Notary Public, State of New York
No. 01RA6023867
Qualified in Queens County
Commission Expires May 3, 20 ()

Stamp, Notary Public

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016   T 212.689.5555   F 212.689.1059   WWW.TRANSPERFECT.COM

EXHIBIT 7 PAGE 195