QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF PORTIONS OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER; AND MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration of Scott B. Kidman filed concurrently]<br><br>Hearing Date: February 8, 2008<br>Time: 9:30 a.m.<br>Place: Telephonic<br><br>**Phase 1**<br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: April 21, 2008<br>Trial Date: May 27, 2008 |

07209/2352054.2

MATTEL'S MOTION FOR RECONSIDERATION OF PORTIONS OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a conference before Discovery Master Hon. Edward Infante (Ret.) on February 8, 2008, at 9:30 a.m., plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court to reconsider portions of the December 31, 2007 Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian; Denying Request for Sanctions.

This Motion is made pursuant to Federal Rules of Civil Procedure 26 and 54(b) and Local Rule 7-18 on the grounds that the Order limited a request seeking communications between Isaac Larian and Mattel employees to the time period from 1999 to 2005 on the basis that such was the time frame in which Mattel had alleged theft of trade secrets by MGA, when in fact Mattel has specifically alleged such theft of trade secrets in 2006, and more generally alleged such theft through to the present.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Scott B. Kidman filed concurrently herewith, and all other matters of which the Court may take judicial notice.

**Statement of Rule 37-1 Compliance**

The parties met and conferred regarding this motion on January 10, 2008 and thereafter.

DATED:  January 16, 2008         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Scott B. Kidman
   Scott B. Kidman
   Attorneys for Mattel, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

In the December 31, 2007 Order, this Court limited production of communications between Isaac Larian and Mattel employees to the time period from 1999 through 2005, on the grounds that this was the sole time period during which Mattel had alleged theft of trade secrets by MGA.

In fact, Mattel has alleged in connection with its RICO claims that Larian and others, from approximately 1999 through the filing of Mattel's Second Amended Answer and Counterclaims in July 2007, have engaged in a pattern of racketing activity for the purpose of, among other things, stealing Mattel's trade secrets. Moreover, as reflected in supplemental interrogatory responses dated December 7, 2007, Mattel has discovered that MGA hired a Mattel employee, Jorge Castilla, who took trade secret documents from Mattel for MGA's benefit in March 2006. Under the Discovery Master's current limitation, communications related to this act of theft, and others showing a pattern and practice of trade secret theft, could be completely withheld by Larian, no matter how relevant to this case.

By this motion, Mattel asks this Court to reconsider its prior ruling to require production of communications between Isaac Larian and Mattel employees from 1999 through to the present.

## Factual Background

On June 13, 2007, Mattel propounded its First Set of Requests for Production of Documents and Things to Isaac Larian.[1] Among other things, Mattel included a request for all communications Isaac Larian had made with Mattel employees. Specifically, this Request asked for, "All COMMUNICATIONS

---

[1] Declaration of Scott B. Kidman dated October 11, 2007 ("Kidman Dec.") at ¶ 2.

between YOU and any individual while the individual was employed by MATTEL."[2]

Larian refused to provide any documents in response to this and other Requests. During the meet and confers prior to Mattel's filing a motion to compel, Larian did not offer any compromise by which he would agree to produce documents responsive to this Request subject to any time period limitations.[3] Mattel moved to compel production on October 11, 2007.[4]

In its motion, Mattel noted that Mr. Larian's recruitment of Mattel employees had been squarely put at issue in this case, and argued on that basis that the Request was directly relevant to the explicit allegations underlying its claims of trade secret theft.[5] In Opposition, Larian argued that the Request was overbroad because it was unlimited as to time or subject matter, and because it was similar to another request Mattel propounded on MGA which was rejected by the Discovery Master.[6] Again, Larian did not provide any limitations which he believed would be acceptable, instead urging the Discovery Master to reject the Request outright. In Reply, Mattel noted that there was a large difference between seeking all communications between *MGA* and Mattel employees, and communications between *Larian* and Mattel employees, with the latter being far more narrow.[7]

---

[2] Request No. 198, found in the excerpts of Mattel, Inc.'s Consolidated Separate Statement in Support of Motion to Compel Production of Documents by Isaac Larian (public redacted version) at p. 166, Kidman Dec., Exh. 1.
[3] Kidman Dec., ¶ 3.
[4] Kidman Dec., ¶ 4.
[5] Excerpts of Mattel, Inc.'s Consolidated Separate Statement in Support of Motion to Compel Production of Documents by Isaac Larian (public redacted version) at pp. 167-169, Kidman Dec., Exh. 1.
[6] Id. at pp. 169-170.
[7] Id. at pp. 170-171.

This Court ruled on the motion on December 31, 2007.[8] In considering the issue of Larian's communications with Mattel employees, Judge Infante largely granted the motion. He found that "Request No. 198 is reasonably tailored to the specific and numerous allegations in the case regarding alleged trade secret theft."[9] At the same time, however, the Discovery Master *sua sponte* limited the Request to the time period of 1999 through 2005, on the basis that this was the time frame during which Mattel had alleged trade secret theft by Larian. "Nevertheless, an additional temporal limitation is appropriate to tailor the request to Mattel's allegations of trade secret theft. The alleged trade secret theft began with Bryant's conduct in 1999 and continued to 2005. Accordingly, Larian shall produce documents responsive to Request No. 198 that are limited to the time frame 1999 to 2005."[10]

In fact, however, Mattel's allegations are not limited to the time period ending in 2005. For example, in connection with its RICO claims, Mattel has pleaded that Larian and others, from approximately 1999 through the filing of Mattel's Second Amended Answer and Counterclaims in July 2007, have engaged in a pattern of racketeering activity for the purpose of, among other things, stealing Mattel's trade secrets, and that this pattern of racketeering activity "presents both a history of criminal conduct and a distinct threat of continuing criminal activity."[11]

Moreover, on December 7, 2007, while the motion was pending before the Discovery Master, Mattel served on Defendants its Supplemental Responses to

---

[8] Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian; Denying Request for Sanctions, dated December 31, 2007, Kidman Dec., Exh. 2.
[9] Id. at 14.
[10] Id. at 14-15.
[11] Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and Counterclaims (Public Redacted Version; exhibits omitted), dated July 12, 2007, ¶¶ 89-93, Kidman Dec., Exh. 3.

MGA's First Set of Interrogatories to Mattel, Inc.[12]  In its supplemental response, Mattel listed a host of instances in which MGA stole trade secrets from Mattel. Most important for this motion, Mattel alleged that MGA hired a Mattel employee, Jorge Castilla, who stole trade secret information and took it with him to MGA in March 2006:[13]

> As of Friday, March 10, 2006, Castilla had created a folder on his network share drive that he labeled "To Take." The folder contained approximately 56 megabytes of information. The bulk of that information was made up of documents containing Mattel confidential and proprietary information. . . . Castilla had transferred the information in the "To Take" folder and potentially the folder itself to an e-mail account <hoclau04@gmail.com>, <hoclau04@yahoo.com> and/or to a personal digital assistant device. . . . To remedy their problem, MGA targeted Castilla--and the Mattel-specific knowledge that he possessed--and lured him to MGA.  With the benefit of the information that he brought with him, on information and belief, Castilla has used that proprietary and confidential information to improve MGA's sales forecasting and inventory planning, thus saving MGA millions and millions of dollars.[14]

---

[12]  Kidman Dec., Exh. 4.
[13]  Id. at pp. 38-44.
[14]  Id. at pp. 41-43.

Mattel met and conferred with Isaac Larian on this issue, and directed him to these allegations in its interrogatories. Though Mattel requested it, Larian refused to stipulate to a modification of the Court's Order regarding this request.[15]

## Argument

The Discovery Master is empowered by the District Court to decide matters falling within the Stipulation for Appointment of a Discovery Master, and therefore may reconsider or modify his December 31, 2007 Order. See Smith v. Massachusetts, 543 U.S. 462, 475 (2005) ("'[A] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment.'") (quotations omitted); see also Fed. R. Civ. P. 54(b) ("any order or other form of decision . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all parties"); Local Rule 7-18(a) (reconsideration is an appropriate remedy where there is "a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision.").

Reconsideration is appropriate here because the Court *sua sponte* limited Mattel's Request on an issue that had not been raised by the parties. The Discovery Master limited Mattel's document requests to the time period 1999 through 2005 because he understood that was the only time frame in which Mattel had alleged theft of trade secrets. Had Mattel known the Court would take this course, Mattel would have pointed the Court to its allegations regarding the ongoing pattern of racketeering activity for the purpose of stealing Mattel's trade secrets.

Moreover, Mattel had not yet compiled the information relating to theft of trade secrets that it presents here at the time of filing of its motion. Indeed, the

---

[15] Kidman Dec., ¶ 8.

1  motion was filed on October 11, 2007, nearly two months before Mattel served its
2  supplemental responses.  Mattel's supplemental interrogatory responses allege that
3  Jorge Castilla stole trade secrets from Mattel for MGA's benefit in 2006.  Mattel has
4  set forth concrete and detailed information relating to what Mr. Castilla took, and
5  when he took it.

6        Under the Court's current limitation, Larian will be permitted to
7  withhold communications relevant to show a pattern and practice of trade secret
8  theft, which is important to establishing Mattel's RICO claims, as well as the issue
9  of intent, including any communications he had with Mr. Castilla before Mr.
10 Castilla left Mattel for MGA in 2006.  Such documents are unquestionably relevant
11 to Mattel's claims, especially if, for example, they demonstrate that Larian asked
12 Castilla that he steal trade secrets for MGA to address, for example, MGA's demand
13 forecasting and inventory management problems.

14        Moreover, Mattel's allegations in its complaint were not limited to
15 those acts of trade secret theft of which Mattel was aware at the time.  In addition to
16 the RICO allegations, Mattel's complaint alleges theft of trade secrets that could
17 have occurred up to the present day.  It stated,

18        In the past few years, MGA has hired directly from
19        Mattel's United States operations at least 25 employees,
20        from Senior Vice-President level to lower level
21        employees.  On information and belief, many of these
22        employees were specifically targeted and recruited by
23        MGA, including by Larian and Brawer, based on the
24        Mattel confidential and proprietary information they could
25        access.  Many of these employees had access to
26        information that Mattel considers to be highly proprietary
27        and confidential. . . . Mattel is informed and believes,
28        however, that certain additional employees accessed,

copied and took from Mattel confidential and proprietary information. . . . On information and belief, the misappropriated confidential and proprietary information taken from Mattel is being disclosed to and used by MGA for the benefit of MGA and to the detriment of Mattel.[16]

A limitation preventing access to documents after 2005 would deny Mattel access to documents proving these allegations.

For these reasons, Mattel respectfully requests that the Court reconsider and modify its Order to extend the limited time period to include any time from 1999 through to the present.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that its motion be granted in its entirety.

DATED:  January 16, 2008           QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Scott B. Kidman
    Scott B. Kidman
    Attorneys for Mattel, Inc.

---

[16]  Second Amended Complaint and Counterclaims, ¶ 77, Kidman Dec., Exh. 3.