THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA  90071-3144
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600
E-mail:      tnolan@skadden.com

KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY  10036
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000
E-mail:      kplevan@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
(HK) LIMITED, and MGAE de MEXICO S.R.L. de C.V.

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>——————————————<br>AND CONSOLIDATED ACTIONS | ) CASE NO. CV 04-9049 SGL (RNBx)<br>)<br>) Consolidated with Case No. 04-9059<br>) and Case No. 05-2727<br>)<br>) **MGA DEFENDANTS' RESPONSE**<br>) **TO CARLOS GUSTAVO**<br>) **MACHADO GOMEZ'S** *EX PARTE*<br>) **APPLICATION FOR**<br>) **CLARIFICATION OF THE**<br>) **COURT'S JANUARY 7, 2008**<br>) **ORDER**<br>)<br>) Honorable Stephen G. Larson<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OF POINTS AND AUTHORITIES

Carlos Gustavo Machado Gomez ("Machado") recently submitted an *ex parte* application requesting clarification of the effect of the Court's January 7, 2008 order on Phase 2 discovery.  In response, Mattel filed an opposition brief in which it argues that the Court's order does <u>not</u> impact Phase 2 discovery.  Although Mattel did not seek MGA's consent to do so, Mattel also purports to express MGA's position on the subject.  (Opp'n at 2) ("Neither Mattel nor MGA understands the January 7, 2008 Order to set a Phase 2 discovery cut-off date.").

In its opposition, Mattel argues that Phase 2 discovery remains to be conducted "both on MGA's claims for which it seeks 'billions' of dollars from Mattel and on Mattel's Phase 2 claims."  (Opp'n at 2.)  In characterizing the amount of Phase 2 discovery that still needs to be conducted, in various places Mattel uses the terms "considerable" (p. 3), "significant" (p. 6), and "substantial" (p. 9).  If the discovery to date in this case provides any indication, when Mattel uses words like "considerable" and "substantial" in connection with planned future discovery that is enough to give anyone pause about the amount of work that remains to be conducted and when that work will get done.  Indeed, Mattel's opposition is strangely silent as to *when* the "considerable" amount of remaining Phase 2 discovery would take place.  However, in arguing that January 28, 2008 does not impose a Phase 2 discovery cutoff date <u>and</u> that the Court has not imposed a stay of Phase 2 discovery, Mattel appears to be seeking a license to continue its scorched earth discovery tactics unabated for the next several months, including during the pretrial and trial periods for Phase 1.

MGA submits this response for the limited purpose of addressing the timing of the remaining Phase 2 discovery.[1] Mattel ignores in its opposition the fact that, in its January 7, 2008 order, the Court expressed concern regarding the impact Phase 2 discovery could have on the Phase 1 pretrial schedule:

> The Court has heretofore refrained from bifurcating discovery relating to Phase 1 and Phase 2, believing that such an action is fraught with the potential of unnecessarily compounding discovery disputes in a case already predisposed to such disputes.  Nevertheless, in light of the additional discovery permitted by this Order, and to the extent that counsel for the parties who are asserting or defending against claims to be tried in Phase 2 are in agreement, the Court will consider a stipulation of those parties that designates certain depositions as "Phase 2" depositions that may be conducted during the month of February, if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1.

(Order at 3) (emphasis added).  In addition to the numerous depositions authorized in the Court's January 7, 2008 order, there are other previously noticed depositions that need to be completed in February.  There are also several discovery motions pending in front of Discovery Master Infante that are scheduled for hearing on February 8, 2008.  There are also numerous other discovery disputes that are in various stages of

---

[1]     Although irrelevant to the subject of Machado's application, Mattel peppers its opposition with ad hominem attacks directed at MGA, none of which is supported by the record.  For example, Mattel's accusations regarding the scheduling of Machado's deposition are incorrect.  As MGA explained in more detail in a brief submitted to Discovery Master Infante, Jack DiCanio is the Skadden, Arps attorney who is focused on the issues in this case that concern Mr. Machado and Mr. DiCanio had commitments in another matter, *United States v. Reyes*, Case N. C 06-00556-1 CRB, which is pending in the Northern District of California (San Francisco), which potentially conflicted with the January 15, 2008 date that had been set for Machado's deposition.  Moreover, Mattel has itself unilaterally canceled scheduled depositions without providing any reason, and at least one such deposition (Tina Patel) has yet to be rescheduled.  MGA is also still waiting for deposition dates for Rule 30(b)(6) topics as to which Discovery Master Infante granted MGA's motion to compel and ordered the depositions to occur by January 28, 2008.  Finally, contrary to the suggestion that Isaac Larian has not produced any documents in this action, he recently produced over 48,000 pages.

the meet-and-confer process.  As a result, just completing currently outstanding discovery, including discovery that may be ordered at the February 8, 2008 hearing, may result in a substantial amount of Phase 1 discovery continuing into February and March.  And, of course, this does not even address potential disputes relating to responses to the over 1,500 written discovery requests that are due on or around January 28, 2008, which would need to be addressed at a subsequent discovery hearing sometime later in February.

MGA respectfully submits that allowing Phase 2 discovery to continue unabated into February (and beyond) will interfere with and disrupt the Phase 1 schedule.  As Mattel notes in its opposition, the Phase 2 claims involve billions of dollars and much discovery remains, including both documents and depositions. Other than any limited amount of depositions that the parties agree to in a "Court-approved stipulation," as authorized in the Court's January 7, 2008 order, all other Phase 2 discovery should wait until after the conclusion of the Phase 1 trial (which could obviate the need for some Phase 2-related discovery).  If the Phase 1 schedule is to remain as currently set, there is no other viable schedule.[2]

DATED:  January 22, 2008          Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP


By: /s/ _____Thomas J. Nolan_____
                          Thomas J. Nolan
              Attorney for MGA Entertainment, Inc.

---

[2]      MGA also objects to Mattel's characterization of the January 7 Order as to depositions. Mattel states that the Order "permits Mattel to take Rule 30(b)(6) depositions of defendants MGAE de Mexico, S.R.L. de C.V. and MGA Entertainment, Inc." (Opp'n at 4-5.)  In fact, the Order authorized Mattel to "serve the notices of deposition." (Order at 3.)  As Mattel is aware, MGA objects to many of the topics set forth in the notices and has filed a motion for a protective order, which is pending in front of Discovery Master Infante.