THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
E-mail:       tnolan@skadden.com

Attorneys for Cross-Defendants
MGA Entertainment, Inc., MGA
Entertainment (HK) Limited,
MGAE De Mexico, S.R.L. De C.V.,
and ISAAC LARIAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual | ) CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | ) Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | ) |
| MATTEL, INC., a Delaware corporation | ) **STIPULATION REGARDING PROTECTIVE ORDERS** |
| Defendant. | ) |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | ) |

STIPULATION REGARDING PROTECTIVE ORDERS

1   WHEREAS, Mattel has served document requests on Isaac Larian and

2   MGA and served subpoenas on third parties, including Farhad Larian, seeking

3   production of documents produced in an action entitled <u>Larian v. Larian</u>, Los

4   Angeles Superior Court, Case No. BC 301371 (the "Larian Action") and in an

5   arbitration proceeding entitled <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH (the

6   "Larian Arbitration");

7   WHEREAS, the Stipulation and Protective Order entered on September

8   23, 2004 by the Court in the Larian Action  (the "Stipulation and Protective Order")

9   prohibits the unauthorized disclosure of documents subject to the Stipulation and

10   Protective Order;

11   WHEREAS, the Protective Order entered on November 16, 2005 by the

12   arbitrator in the Larian Arbitration prohibits the unauthorized disclosure of

13   documents subject to the Protective Order (the "Arbitration Protective Order");

14   WHEREAS, Mattel has requested the parties to the Larian Action and

15   the Larian Arbitration to consent to the modification of the protective orders to

16   facilitate production of such documents in this action; and

17   WHEREAS, the parties to the Larian Action and the Larian Arbitration

18   are willing to seek modification to the Stipulation and Protective Order as set forth in

19   the Stipulation to Modify Protective Order and [Proposed] Order, attached hereto as

20   Attachment A, and to modify the Arbitration Protective Order, as set forth in the

21   Stipulation to Modify Protective Order, attached hereto as Attachment B, to enable

22   those who possess documents subject to Stipulation and Protective Order or the

23   Arbitration Protective Order to produce them in this action without breaching the

24   terms of the Stipulation and Protective Order in the Larian Action or the Arbitration

25   Protective Order in the Larian Arbitration, but only if such documents are designated

26   as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under

27   the terms of the protective order in effect in this action.

28

-1-
STIPULATION REGARDING PROTECTIVE ORDERS

1    THEREFORE, the undersigned parties, through their undersigned

2 counsel, stipulate and agree as follows:

3    1.    Any documents subject to the Stipulation and Protective Order in

4 the Larian Action and the Arbitration Protective Order in the Larian Arbitration shall

5 be subject to the protective order entered in this action if any such documents are

6 produced in this action.

7    2.    Nothing in this stipulation shall be interpreted or construed to

8 require production of evidence in the Bryant v. Mattel action. Furthermore, nothing

9 in this stipulation shall be interpreted or construed as an admission or

10 acknowledgment that the documents subject to the Stipulation and Protective Order

11 in the Larian Action or the Arbitration Protective Order in the Larian Arbitration are

12 subject to discovery under the Federal Rules of Civil Procedure or are admissible in

13 evidence for any purpose, or as a waiver of any rights, privileges, objections or

14 protections the parties hereto may have under any applicable laws or rules of court.

15 DATED: January ___, 2008        SKADDEN, ARPS, SLATE, MEAGHER &
                                   FLOM, LLP
16

17

18                               By: _____
                                      THOMAS J. NOLAN
19
                                   Attorneys for Cross-Defendants
20                                 MGA Entertainment, Inc., MGA
                                   Entertainment (HK) Limited,
21                                 MGAE De Mexico, S.R.L. De C.V.,
                                   and ISAAC LARIAN
22

23 DATED: January 21, 2008         QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
24

25                               By: _____
                                      JON COREY
26
                                   Attorneys for Defendant Mattel, Inc.
27

28    IT IS SO ORDERED:

-2-

STIPULATION REGARDING PROTECTIVE ORDERS

1          IT IS SO ORDERED.

2

3   DATED:  January ___, 2008

4                                                    _____
                                                     Hon. Edward A. Infante (Ret.)
5                                                    Discovery Master

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

STIPULATION REGARDING PROTECTIVE ORDERS

202484-San Francisco Server 1A - MSW

# ATTACHMENT A

THOMAS J. NOLAN (Bar No. 066992)
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071
Telephone:    (213) 687-5000
Facsimile:    (213) 687-5600

Attorneys for Defendant ISAAC LARIAN

CHRISTENSEN, GLASER, FINK, JACOBS,
WEIL & SHAPIRO, LLP
Alisa Morgenthaler-Lever (Bar No. 146940)
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:    (310) 553-3000
Facsimile:    (310) 556-2920

Attorneys for Plaintiff FARHAD LARIAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| FARHAD LARIAN,<br><br>                  Plaintiff,<br><br>       vs.<br><br>ISAAC LARIAN,<br><br>                Defendant. | CASE NO. BC 301371<br><br>STIPULATION TO MODIFY PROTECTIVE ORDER; AND [PROPOSED] ORDER<br><br>Date:    T.B.D.<br>Dept.:   T.B.D.<br><br>Filing Date:   August 25, 2003<br>Trial Date:    Not Applicable |

202466.02-San Francisco Server 1A

**Attachment A  Page 4**

STIPULATION TO MODIFY PROTECTIVE ORDER

1          WHEREAS, the parties to this action entered into a Stipulation and Protective

2   Order (the "Stipulation and Protective Order," attached hereto as Exhibit A) to protect the

3   confidentiality of certain documents produced in this action;

4          WHEREAS, the Stipulation and Protective Order was entered as an order of this

5   Court on September 23, 2004;

6          WHEREAS, the Stipulation and Protective Order prohibits the unauthorized

7   disclosure of documents designated as "Confidential Material," except in accordance with the

8   terms of the Protective Order;

9          WHEREAS, Paragraph 3 of the Stipulation and Protective Order allows Isaac

10  Larian and Farhad Larian to request that this Court modify the Stipulation and Protective Order at

11  any time;

12         WHEREAS, Isaac Larian is a defendant in separate litigation entitled Bryant v.

13  Mattel, Inc., United States District Court for the Central District of California, Case No. CV 04-

14  9049-SGL (consolidated with cases CV 04-9059 and CV 05-2727);

15         WHEREAS, Mattel has served document requests on Isaac Larian in Bryant v.

16  Mattel and served subpoenas on third-party Farhad Larian and other third parties in Bryant v.

17  Mattel seeking production of documents which are subject to the Protective Order;

18         WHEREAS, a protective order in effect in Bryant v. Mattel (attached hereto as

19  Exhibit B) protects the confidentiality of the documents produced in that action at least to the

20  same extent as the Stipulation and Protective Order in this action; and

21         WHEREAS, the undersigned parties are willing to modify the Protective Order in

22  this action solely to ensure that if documents that otherwise may be subject to discovery in Bryant

23  v. Mattel are produced, such production will not violate the terms of the Stipulation and Protective

24  Order in this action.

25         THEREFORE, the parties hereto, by and through their duly authorized counsel,

26  hereby agree as follows, subject to the Court's approval:

27

28

07209/2323693.107209/23
03908.2

-2-

202466.02-San Francisco Server 1A

STIPULATION TO MODIFY PROTECTIVE ORDER

**Attachment A  Page 5**

1        A.     Any production of documents in <u>Bryant v. Mattel</u> which are subject to the

2  Stipulation and Protective Order in this action shall not be a breach of the Stipulation and

3  Protective Order, but only if such documents are designated as "CONFIDENTIAL" or

4  "CONFIDENTIAL—ATTORNEYS' EYES ONLY" under the terms of the protective order in

5  effect in <u>Bryant v. Mattel</u>.

6        B.     The Stipulation and Protective Order is not modified in any other way, and

7  the parties do not otherwise waive any of the protections of the Stipulation and Protective Order,

8  which shall remain in full force and effect.

9        C.     If a party in <u>Bryant v. Mattel</u> requests or has requested production of

10  documents that were produced in this action by a person other than Farhad Larian or Isaac Larian,

11  and such documents are subject to the Protective Order and Stipulation in this action, then the

12  person possessing such documents shall, within five (5) days of the effective date of this

13  stipulation or within five (5) days after service of a request for such documents, whichever is later:

14  (a) identify for the requesting party the documents and the third party who produced the

15  documents, and (b) notify the third party who produced the documents that such documents are

16  being sought.  If that third party does not apply for a protective order within five (5) days of

17  receiving notice of the request, then the documents shall be designated as "CONFIDENTIAL" or

18  "CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to paragraph 17 of the <u>Bryant v.</u>

19  <u>Mattel</u> protective order.

20        D.     Nothing in this stipulation shall be interpreted or construed to require

21  production in the <u>Bryant v. Mattel</u> action of documents subject to the Stipulation and Protective

22  Order in this action.  Furthermore, nothing in this stipulation shall be interpreted or construed as

23  an admission or acknowledgment that the documents subject to the Stipulation and Protective

24  Order in this action are subject to discovery under the Federal Rules of Civil Procedure or are

25  admissible in evidence for any purpose, or as a waiver of any rights, privileges, objections or

26  protections the parties hereto may have under any applicable laws or rules of court.

27

28

STIPULATION TO MODIFY PROTECTIVE ORDER

**Attachment A  Page 6**

1          E.      The effective date of this stipulation shall be the date upon which notice of

2    its entry is given.

3

4    DATED: January 22, 2008          SKADDEN ARPS SLATE MEAGHER & FLOM LLP

5

6                                     By _Tom Nolan Jr_____
                                          Thomas J. Nolan
7                                         Attorneys for Defendant Isaac Larian

8    DATED:. January 22, 2008         CHRISTENSEN, GLASER, FINK, JACOBS, WEIL &
                                      SHAPIRO, LLP
9

10                                    By _Alisa Morgenthaler Lever_____
                                          Alisa Morgenthaler-Lever
11                                        Attorneys for Plaintiff Farhad Larian

12

13

14   DATED: January ___, 2008

15                                    _____
                                      Judge of the Superior Court
16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2323693.10780873
03908.2

-4-

STIPULATION TO MODIFY PROTECTIVE ORDER

202466.02-San Francisco Server 1A
202466-San Francisco Server 1A - MSW

**Attachment A  Page 7**

# EXHIBIT A

**Attachment A  Page 8**

ORIGINAL

1  KAYE SCHOLER LLP
   Larry R. Feldman, Bar Number 45126
2  Robert M. Turner, Bar Number 44075
   J. Andrew Sjoblom, Bar Number 199369
3  1999 Avenue of the Stars, Suite 1700
   Los Angeles, California  90067-6048
4  Telephone: (310) 788-1000
   Fax: (310) 788-1200
5
   Attorneys for Defendant
6  ISAAC LARIAN



FILED
LOS ANGELES SUPERIOR COURT
SEP 2 3 2004   RECEIVED
JOHN A. CLARKE, CLERK   SEP 3 1 2004
BY C. MASON, DEPUTY   E. Torres

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11  FARHAD LARIAN,                    )  CASE NO. BC 301371
12           Plaintiff,               )  [Assigned to the Honorable Rodney E.
                                      )  Nelson]
13       v.                           )  STIPULATION AND [PROPOSED]
14  ISAAC LARIAN and DOES 1 through 50,) PROTECTIVE ORDER
    inclusive,                        )
15                                    )
16           Defendants.             )           4b
                                      )

17

18       THIS STIPULATION is made with reference to the following facts:

19       A.    Documents have been produced by non-parties Morad Zarabi and National

20  Business Appraisers, LLC and have been marked as "ED" and/or "MZ." Some of these

21  documents contain confidential financial, commercial, personal or proprietary information.

22  These documents are identified on Exhibit "A". The documents and the information they

23  contain are hereinafter collectively referred to as "Confidential Material."

24       B.    The parties want to protect the unauthorized use or disclosure of the

25  Confidential Material. Plaintiff's agreement to this protective order is done as an

26  accommodation to defendant and is not intended as an agreement that any information

27  contained in Exhibit A meets the standard under California law for such protection.

28       NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE AS

KAYE SCHOLER llp

LARFOS(1).wpd              STIPULATION AND [PROPOSED] PROTECTIVE ORDER

SEP-20-2006  09:46        FIRST LEGAL           3132601197        P.002

**Attachment A  Page 9**

FOLLOWS:

1. This stipulation and protective order only applies to documents marked "BD" and/or "MZ" and shall not apply to or limit a party's use of documents or information (a) obtained by the party independently of the subpoenas heretofore by plaintiff Farhad Larian in this action, or (b) belonging to that party or containing its financial, commercial, personal or proprietary information.

2. Persons obtaining access to "Confidential Material" specified in Exhibit A under or as a result of this Protective Order shall use the information only for preparation and trial of this lawsuit (including appeals and retrials, and/or any arbitration proceedings), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings. To that end, the parties agree that the Confidential Material specified in Exhibit A shall not be disclosed to other persons except pursuant to the terms of this Protective Order and the rules of law incorporated herein.

3. Any party to this action may, at any time, request the modification or termination of this Protective Order. Such a request may be granted by the Court only after due notice and hearing and upon a showing of good cause.

4. Confidential Material specified in Exhibit "A" may only be disclosed to the parties hereto and to their counsel who have been advised of and agreed to be bound by this Protective Order; to the partners, associates, secretaries, paralegal assistants, and employees of said counsel who have been advised of and agreed to be bound by this Protective Order; and to court officials involved in this lawsuit (including court reporters, videographers operating recording equipment at depositions), and any special master, arbitrator or ADR personnel who the parties have agreed to and/or before whom the parties have been ordered to appear. Confidential Material may also be disclosed to:

   a. Any person designated by the Court in the interest of justice, upon such terms the Court may deem proper; and

   b. Persons noticed for depositions; persons preparing as trial witnesses;

1

SEP-20-2006   09:46        FIRST LEGAL        2132601197        P.003

Attachment A  Page 10

1  outside consultants; co-counsel or experts retained for the purpose of assisting counsel

2  in the lawsuit; third parties engaged solely in one or more aspects of organizing, filing,

3  coding, converting, storing, or retrieving data or designing programs for handling of

4  data connected with the lawsuit, provided however, that in all such cases the

5  individual to whom disclosure is to be made under subparagraph (b) has been advised

6  of this Protective Order and has agreed to comply with it.

7        5.     Nothing contained in this Protective Order is intended to prevent or govern the

8  use of Confidential Material at trial.  In the event that the parties are unable to agree to the

9  procedures for the use of Confidential Material at trial, any party may take such action with

10  the Court as it deems necessary and appropriate to resolve the dispute.

11        6.     If a party intends to file or lodge with the Court Confidential Material, to the

12  extent applicable, the parties shall comply with the procedures set forth in California Rules of

13  Court 243.1-243.2 for records sealed or proposed to be sealed with the Court, and the

14  Confidential Material shall be placed in a sealed envelope or other container marked on the

15  outside with the title of this action, identification of each document within and a statement

16  substantially as follows:

17        Confidential Information – Subject to Protective Order.  This
          envelope contains material filed [lodged] under seal for the
18        purpose of this litigation only.  It shall not be opened by a person
          other than the Court except by Court Order or by written
19        stipulation of all parties filed with the Clerk of this Court, and is
          otherwise subject to the provisions of the Protective Order
20        entered in this action on [date].

21  If Confidential Material is to be part of the record on appeal or used in an original proceeding

22  under California Rule of Court Rule 56, the parties shall comply with California Rules of

23  Court 12.5 and 56(e).

24        7.     In the event that any question is asked at a deposition which, in the opinion of

25  counsel for any party, calls for the disclosure of Confidential Information specified in Exhibit

26  "A", the witness shall nevertheless answer such question fully and completely, provided that

27  those in attendance are persons qualified to receive the information pursuant to the terms of

28  this Order.  Counsel for the party claiming confidentiality shall designate those portions of

2

LAXP08 (11wpd)           STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1  the deposition for which a claim of confidentiality is made at the deposition by making a

2  statement for inclusion in the deposition transcript, including specifying on the record the

3  beginning and ending portions of the deposition for which confidentiality is claimed, with

4  such portions thereafter being marked on the record by the Court Reporter and/or

5  videographer as contemplated below, and afterwards by notifying opposing counsel, in

6  writing, within 30 days after receiving the deposition transcript of the page and line of each

7  portion of the transcript deemed "Confidential."

8      In the event a party decides to designate testimony as "Confidential" not so designated

9  during the taking of the deposition itself, a party may give notice of additional testimony to

10  be designated as "Confidential" within the 30-day period after receipt of the deposition

11  transcript. The notice must include specific page and line designations. Absent a designation

12  as "Confidential" during the taking of the deposition or within the 30-day period specified

13  herein, testimony is not subject to this agreement. Until a specific designation as

14  "Confidential" is made by a party, testimony and evidence is not covered by this agreement.

15      As soon as reasonably possible, all such designated portions of the transcript shall be

16  marked with the legend "Confidential." If any portion of a deposition is designated as

17  "Confidential," then until expiration of the 30-day period or until such time as notification is

18  received, counsel and the reporter will treat the entire transcript as if it had been designated

19  as containing Confidential Information. If no party timely designates information as

20  confidential in a deposition, then none of the transcript or its exhibits with the exception of

21  those exhibits identified on Exhibit "A" of the Protective Order, will be treated as

22  confidential; if a timely designation is made, the confidential portions and the exhibits shall

23  be treated as confidential in the manner described in other parts of this Protective Order.

24  DATED: August 21, 2004                KAYE SCHOLER, LLP

25

26                                       By Larry R. Feldman

27                                       Larry R. Feldman
                                         Attorneys for Defendant ISAAC LARIAN

28

KAYE SCHOLER llp

3

Attachment A  Page 12



1  DATED: August ___, 2004                    HOWARTH & SMITH

2        September 20

3                                          By: _____
                                               Brian D. Bubb
4                                          Attorneys for Plaintiff, FARHAD LARIAN

5

6        IT IS SO ORDERED.

7  DATED: August 23 2004

8                                          Judge of the Superior Court
                                           RODNEY E. NELSON
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                  4
LARPOR (1).wpd        STIPULATION AND [PROPOSED] PROTECTIVE ORDER

KAYE SCHOLER LLP

EXHIBIT "A"

1. The Appraisal Report (ED2-163).

2. October 16, 2000 Letter from Ellis Stern to National Business Appraisers and enclosures (ED164-178).

3. Income Tax Returns of MGA for 1994 through 1999 (ED179-465).

4. Audited Financial Statements of MGA for 1993 through 1998 (ED467-524).

5. Trial Balances and similar MGA accounting data (ED525-642).

6. Confidential reconciliations (MZ942-1948).

**KAYE SCHOLER**ᴸᴸᴾ

5

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

LARFOE (1).wpd

Attachment A  Page 14

00/00/2006      08:41      FIRST LEGAL SUPPORT    FAX (213) 200-0000

KAYE SCHOLER LLP
POS by Mail/Federal Cross 9/00

# PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      )  ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is KAYE SCHOLER LLP, 1999 Avenue of the Stars, Suite 1700, Los Angeles, California 90067-6048P.

On September 21, 2004, I served the foregoing document described as: STIPULATION AND [PROPOSED] PROTECTIVE ORDER by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Don Howarth, Esq.
Suzelle M. Smith, Esq.
Brian D. Bubb, Esq.
Robert D. Brain, Esq.
HOWARTH & SMITH
800 Wilshire Boulevard, Suite 750
Los Angeles, California 900017

[ ]   **BY FACSIMILE** The above-referenced documents (without exhibits and attachments thereto) were transmitted via facsimile transmission to the addressee(s) as indicated above on the date thereof. The transmission was reported as completed and without error. Executed on September 21, 2004, at Los Angeles, California.

[XXX]   **BY U.S. MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.) Executed on September 21, 2004, at Los Angeles, California.

[ ]   **BY FEDERAL EXPRESS** I am readily familiar with KAYE SCHOLER LLP's business practices of collecting and processing items for pick-up and next business day delivery by Federal Express. Under said practices, items to be delivered the next business day are either picked up by Federal Express or deposited in a box or other facility regularly maintained by Federal Express in the ordinary course of business on that same day with the cost thereof billed to KAYE SCHOLER LLP's account. I placed such sealed envelope for delivery by Federal Express to the offices of the addressee(s) as above on the date hereof following ordinary business practices. Executed on September 21, 2004, at Los Angeles, California.

1

P.008      2132501197      FIRST LEGAL      09:47   SEP-20-2006

Attachment A Page 15

1   [XXX]   **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

2   [   ]   **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

3

4

5

6

7                                   _____
                                    John Broderick

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

**Attachment A  Page 17**

RightFAX          1/6/2005 9:23   PAGE 002/023   Fax Server



1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
        John B. Quinn (Bar No. 90378)
2       Michael T. Zeller (Bar No. 196417)
        Jon D. Corey (Bar No. 185066)
3   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
4   Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
5
6   Attorneys for Plaintiff and Counter-Defendant
    Mattel, Inc.
7
8                UNITED STATES DISTRICT COURT
9                CENTRAL DISTRICT OF CALIFORNIA
10
11  MATTEL, INC., a Delaware              CASE NO. CV 04-9059 NM (RNBx)
    Corporation,
12                                        STIPULATED PROTECTIVE
                    Plaintiff,            ORDER; AND
13
          v.                              [PROPOSED] ORDER
14
    CARTER BRYANT, an individual; and     [Discovery Matter]
15  DOES 1 through 10, inclusive,
16                  Defendants.
17
18  CARTER BRYANT, on behalf of
    himself, all present and former
19  employees of Mattel, Inc., and the
    general public,
20
                    Counter-Claimant,
21
          v.
22  MATTEL, INC., a Delaware
    Corporation,
23
                    Counter-Defendant.
24
25
26
27
28
07272/625581.2                                        PROTECTIVE ORDER

**FILED** CLERK, U.S. DISTRICT COURT
JAN - 4 2005
CENTRAL DISTRICT OF CALIFORNIA DEPUTY

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

DOCKETED ON CM
JAN - 5 2005
BY _____ 006

54

Attachment A  Page 18

## GOOD CAUSE STATEMENT

3      Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-

4  defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned

5  litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment,

6  Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

7      In this Action, Mattel has alleged, and defendants dispute, that Bryant

8  worked for and otherwise aided and assisted MGA while defendant was employed by

9  Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

10      All parties believe that they will or may be required to produce or

11  disclose in this Action, and that nonparties may produce or disclose, information that

12  is trade secret, proprietary, confidential and/or is of a private or personal nature and

13  that, if disclosed in this Action without restriction on its use or further disclosure,

14  may cause disadvantage, harm, damage and loss to the disclosing Party or to the

15  disclosing nonparty.

16      In addition, the Parties are currently in a competitive relationship in the

17  toy industry, with Mattel and MGA operating as a manufacturers and marketers of

18  dolls, toys and other products and Bryant working at this time as a contractor for a

19  Mattel competitor, MGA, and further anticipate that nonparty competitor information

20  may be produced or disclosed in this Action.

21      In particular, without prejudice to any Party's right to object to or resist

22  disclosure of such categories of information on relevance or any other grounds, the

23  Parties currently anticipate that categories of such trade secret, proprietary,

24  confidential and/or private documents and other information that may be disclosed

25  in discovery by the Parties and by nonparties will or may include:

26      (1)   Personnel files and other private or confidential employment,

27  contractor or vendor information;

28

07272/625581.2

-2-

PROTECTIVE ORDER

Attachment A  Page 19

1         (2)   The specific terms of agreements with, and information received

2  from, third parties that a Party is required to disclose only under conditions of

3  confidentiality;

4         (3)   Personal or private financial information, and confidential

5  financial data that is not known generally to the trade or to competitors, including

6  financial data relating to specific sales, cost and profit information for specific

7  products and product lines; and

8         (4) · Business plans and product information that are not known

9  generally to the trade or to competitors, including non-public information relating to

10 product development and design.

11

12        WHEREFORE, believing that good cause exists, the Parties HEREBY

13 STIPULATE that, subject to the Court's approval, the following procedures shall be

14 followed in this Action to facilitate the orderly and efficient discovery of relevant

15 information while minimizing the potential for unauthorized disclosure or use of

16 confidential or proprietary information:

17

18        <u>SCOPE OF THIS ORDER</u>

19

20       1.   This Protective Order shall apply to trade secret, confidential and

21 proprietary information, documents and things that are produced or disclosed in any

22 form during the course of the Action by any Party or any nonparty:

23        (a)   through discovery;

24        (b)   in any pleading, document or other writing; or

25        (c)   in testimony given at a deposition.

26 (The foregoing information, documents and things shall be referred to hereinafter

27 collectively as "Litigation Materials.")

28

07272/625581.2

-3-

PROTECTIVE ORDER

Attachment A  Page 20

## CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

2. Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below. The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature. The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure. Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

## MANNER OF DESIGNATION OF MATERIALS

3. A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

(a) _Documents or Things._ "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

07272/625581.2

-4-

obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" on the particular document or thing.

(b) _Interrogatory Answers and Responses to Requests for Admissions._ In answering any interrogatory or request for admission, or any part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" answers shall be made on separate pages from any other answers or portions thereof that are not designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

(c) _Deposition Testimony._ Any Party or nonparty giving deposition testimony in this Action may obtain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by designating, during the course of that testimony, for which "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired, the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or alternatively by designating the entire testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," subject to a good faith obligation to identify any non-confidential portions of the testimony (and/or any lesser "CONFIDENTIAL" portions in the event that the entire testimony is designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after receipt of the transcript of the testimony. The reporter shall separately transcribe and bind the testimony so designated as "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face of the separate bound transcript containing such testimony with the term "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

07272/625581.2

-5-

PROTECTIVE ORDER

1  A Party or nonparty also may make the above-referenced designation of

2  confidentiality in writing and within fourteen (14) calendar days of the receipt

3  by said Party or nonparty of the transcript of said testimony. In that event, said

4  portion of the transcript will be treated as "CONFIDENTIAL" or

5  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of

6  this Protective Order, except that it will not be separately bound. If, during the

7  course of deposition testimony, any Party or nonparty reasonably believes that

8  the answer to a question will result in the disclosure of "CONFIDENTIAL" or

9  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons

10 other than those persons entitled to receive such information pursuant to

11 paragraphs 5 and 6 hereof shall be excluded from the room in which the

12 deposition testimony is given.    Unless previously designated as

13 "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY,"

14 all transcripts of deposition testimony and any related exhibits, and all

15 information adduced in deposition, shall, in their entirety, be treated as

16 "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of

17 the transcript by counsel for the designating Party or nonparty. The Party or

18 nonparty designating the testimony or information as "CONFIDENTIAL" or

19 "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen

20 (14) calendar day period described above, specifically designate information

21 contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or

22 "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously

23 designated as such, by notifying all Parties in writing of the portions of the

24 transcript or exhibit which contains such information. Each Party shall attach

25 a copy of such written statement to the face page of the transcript or exhibit

26 and to each copy in its or his possession, custody or control. Thereafter, these

27 portions of the transcript or exhibits designated as "CONFIDENTIAL" or

28 "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

07272/625581.2

-6-

PROTECTIVE ORDER

Attachment A  Page 23

accordance with the terms of this Protective Order. In addition, the provisions of Paragraph 3(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 3(c).

(d)    Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as the case may be.

(e)    Except as otherwise provided in Paragraph 3(c) of this Protective Order, the receiving Party shall not reveal any information produced for a period of seven (7) calendar days following receipt. Failure to designate a document, thing or other information as CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or nonparty desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or nonparty proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall

07272/625581.2

-7-

PROTECTIVE ORDER

Attachment A  Page 24

1  be fully subject to this Protective Order.  No Party shall incur liability for any

2  disclosures made prior to notice of such designation, except to the extent that

3  any such disclosures occurred prior to the seven (7) day period described above

4  or prior to such other time periods as are provided by this Protective Order,

5  including without limitation such time periods as are provided in Paragraph

6  3(c) above.

7

8  <u>RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS</u>

9

10          4.    Any Litigation Materials produced or disclosed in this Action,

11  whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL --

12  ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such

13  information for purposes of litigation and not for any other purpose, including

14  without limitation for any business or trade purpose.  As used herein, the term

15  "litigation" shall mean preparation for, participation in and prosecution and defense

16  of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in

17  connection with any mediation or other alternative dispute resolution procedure that

18  this or any other court may order or that the Parties may agree to.

19          5.    Subject to Paragraph 7 herein, and unless as otherwise ordered by

20  the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be

21  disclosed to any person other than:

22                  (a)    the attorneys for the Parties and their partners, shareholders,

23  associates, document clerks and paralegals who are necessary to assist such

24  attorneys;

25                  (b)    secretaries, stenographers and other office or clerical

26  personnel employed by said attorneys and who are necessary to assist such

27  attorneys;

28

7272/625581.2

-8-

PROTECTIVE ORDER

1        (c)    a named Party or officers or employees of a named Party,

2    to the extent deemed necessary by their respective attorneys for purposes

3    assisting in litigation;

4        (d)    the authors, senders, addressees and designated copy

5    recipients of any document or thing which has been designated as

6    "CONFIDENTIAL" information;

7        (e)    such other persons as may be consented to by the Party or

8    nonparty designating such information as "CONFIDENTIAL" information;

9        (f)    outside litigation support vendors, including commercial

10   photocopying vendors, scanning services vendors, coders and keyboard

11   operators;

12       (g)    professional court reporters engaged to transcribe

13   deposition testimony, professional videographers engaged to videotape

14   deposition testimony and translators;

15       (h)    independent outside consultants or experts retained by the

16   attorneys to the extent deemed necessary by said attorneys for purposes of

17   litigation; and

18       (i)    non-party fact witnesses in a deposition, provided, however,

19   that such persons may not retain such "CONFIDENTIAL" information unless

20   otherwise authorized to receive it. If the attendance of a non-party fact witness

21   at a deposition can only be obtained through compulsory process, the witness

22   need not execute an Assurance of Compliance in the form attached as Exhibit

23   A, provided that: (1) the witness acknowledges his obligation to maintain the

24   confidentiality of "CONFIDENTIAL" information under oath; and (2) such

25   "CONFIDENTIAL" information may only be shown to the witness during the

26   deposition.

27

28

-9-

PROTECTIVE ORDER

Attachment A  Page 26

6.    Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a)    the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b)    secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c)    the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(d)    such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e)    outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f)    independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

272/625581.2

-10-

PROTECTIVE ORDER

Attachment A  Page 27

1        (g)   professional court reporters engaged to transcribe

2  deposition testimony, professional videographers engaged to videotape

3  deposition testimony and translators.

4        7.   None of the following is bound by or obligated under this Order

5  in any respect and specifically are not bound or obligated to treat information

6  designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES

7  ONLY" in any particular manner: The Court hearing this Action (including the Court

8  having jurisdiction of any appeal), Court personnel, court reporters working for the

9  Court, translators working for the Court, or any jury impaneled in this Action.

10       8.   Other than those identified in Paragraph 7 above, each person to

11  whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL —

12  ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this

13  Protective Order and agree to be bound by it before disclosure to such persons of any

14  such information. The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall

15  not have access to either "CONFIDENTIAL" or "CONFIDENTIAL —

16  ATTORNEYS' EYES ONLY" information, as the case may be, until they have

17  certified that they have read this Protective Order and have manifested their assent

18  to be bound thereby by signing a copy of the Assurance of Compliance attached

19  hereto as Exhibit A. Once a person has executed such an Assurance of Compliance,

20  it shall not be necessary for that person to sign a separate Assurance of Compliance

21  each time that person is subsequently given access to confidential material. Any

22  person who signed an Assurance of Compliance in connection with the Stipulation

23  for Protection of Confidential Information and Protective Order filed September 16,

24  2004 in Mattel Inc. v. Bryant, Case No. BC 314398, pending in Los Angeles County

25  Superior Court, need not re-sign the Assurance of Compliance attached hereto but

26  shall, by virtue of his or her prior signature, be deemed to have signed the attached

27  Assurance of Compliance.

28

72/625581.2

-11-

PROTECTIVE ORDER

Attachment A  Page 28

9.      The failure of any Party to object to the designation   of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

10.     If any Party wishes to have any information, document or testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the Parties and/or relevant nonparty or nonparties will confer and try to reach agreement. If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the matter in accordance with the Local Rules.  Unless and until this Court enters an Order changing the designation of the information, it shall be afforded the treatment prescribed in this Protective Order for its designation.

11.     Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its or his own Litigation Materials which that Party or nonparty produces or discloses in this action.

12.     The inadvertent or unintentional disclosure by a producing Party or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Litigation Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Counsel for the Parties and/or nonparties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently or unintentionally disclosed.

625581.2

-12-

PROTECTIVE ORDER

Attachment A  Page 29

13. If a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or nonparty. The receiving Party shall promptly return to the producing Party or nonparty the inadvertedly disclosed document and all copies of such document. Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

14. Nothing contained in this Protective Order shall affect the right of any Party or nonparty to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the Federal Rules of Civil Procedure and the Local Rules. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

## FILING AND USE IN COURT OF DESIGNATED MATERIALS

15. Except when the filing under seal is otherwise authorized by statute or federal rule, the Parties shall seek the Court's prior approval for the filing under seal of pleadings and other documents containing properly designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information in accordance with the procedures set forth in Local Rule 79-5.1, as such

272/625581.2                              -13-
                                                    PROTECTIVE ORDER

1   Rule may be amended from time to time. Prior to the time that a Party receiving the

2   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

3   information from any other Party files with the Court an application and the other

4   materials required by Local Rule 79-5.1, as such Rule may be amended from time to

5   time, to seal the producing Party's confidential information, the receiving Party shall

6   consult with the producing Party's attorney to determine whether the producing Party

7   will re-designate the previously designated confidential information so as to avoid the

8   need for the request to file such information under the seal.  Upon the default of a

9   Party to seek the Court's approval to file a document containing "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any

11  Party may subsequently seek the approval of the Court to file that document under

12  seal, in accordance with the procedures set forth in Local Rule 79-5.1, as such Rule

13  may be amended from time to time.

14

15            THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS

16

17            16.   If any Party or nonparty receives a subpoena or document request

18  from a third party which purports to require the production of materials in that Party's

19  possession which have previously been designated as "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,

21  the Party or nonparty receiving such subpoena or document request (a) shall object

22  and refuse to produce documents absent a Court Order or the consent of the Party or

23  nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL

24  -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who

25  designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --

26  ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,

27  and (c) shall not oppose any effort by the Party or nonparty which designated the

28  material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

7272/625581.2                              -14-

                                                        PROTECTIVE ORDER

Attachment A  Page 31

1  ONLY" to quash the subpoena or obtain a protective order limiting discovery of such

2  material.

3

### DISCOVERY FROM NONPARTIES

5

6          17.    Discovery of nonparties may involve receipt of information,

7  documents, things or testimony which include or contain "CONFIDENTIAL" or

8  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information.  A

9  nonparty producing such material in this case may designate as "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it

11  produces in the same manner provided for in this Protective Order with respect to

12  material furnished by or on behalf of the Parties.  Any Party may also designate as

13  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

14  materials or information produced by a nonparty that constitute "CONFIDENTIAL"

15  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating

16  Party under Paragraph 2 of this Protective Order, regardless of whether the producing

17  nonparty has also so designated.  In addition, a nonparty may also designate as

18  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

19  materials or information produced by a Party that constitute "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such

21  nonparty under Paragraph 2 of this Protective Order, regardless of whether the

22  producing Party has also so designated.  In either such an event, the designation

23  providing for the greater level of protection for the material information shall control,

24  subject to Paragraph 10 of this Protective Order.  Nonparty materials designated

25  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a

26  nonparty or Party shall be governed by the terms of this Protective Order.

27

28

5581.2                              -15-

PROTECTIVE ORDER

Attachment A  Page 32

## CONCLUSION OF LITIGATION

18.    Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession. In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties. Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order. This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.    The provisions of this Stipulation and Protective Order may be modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this

07272/625581.2

-16-

Attachment A  Page 33

1 | Stipulation and Protective Order pursuant to a motion brought in accordance with the

2 | rules of the Court.

3

4 | **IT IS SO STIPULATED.**

5

6 | DATED: December 22, 2004        QUINN EMANUEL URQUHART
                                    OLIVER & HEDGES, LLP
7

8 | By
9 | Jon Corey
   | Attorneys for Plaintiff
10 | Mattel, Inc.

11
   | DATED: December ___, 2004       LITTLER MENDELSON
12

13 | By
14 | Douglas A. Wickham
   | Attorneys for Defendant
   | Carter Bryant
15

16 | DATED: December ___, 2004       O'MELVENY & MEYERS, LLP

17

18 | By
   | Diana M. Torres
   | Attorneys for Intervenor-Defendant
19 | MGA Entertainment, Inc.

20

21 | **IT IS SO ORDERED.**

22

23 | DATED: 1/4/05

24 | THE HONORABLE ROBERT N. BLOCK
   | United States Magistrate Judge

25

26

27

28

72/6255581.2                          -17-

                                      PROTECTIVE ORDER

Attachment A   Page 34

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the

2  rules of the Court.

3

4      IT IS SO STIPULATED.

5

6  DATED: December __, 2004      QUINN EMANUEL URQUHART
                                 OLIVER & HEDGES, LLP
7

8                                By _____
9                                   Jon Corey
                                    Attorneys for Plaintiff
10                                  Mattel, Inc.

11 DATED: December 21, 2004      LITTLER MENDELSON

12

13                               By _____
                                    Douglas A. Wickham
14                                  Attorneys for Defendant
                                    Carter Bryant
15

16 DATED: December __, 2004      O'MELVENY & MEYERS, LLP

17

18                               By _____
                                    Diana M. Torres
19                                  Attorneys for Intervenor-Defendant
                                    MGA Entertainment, Inc.

20

21

22      IT IS SO ORDERED.

23

24 DATED: _____      THE HONORABLE ROBERT N. BLOCK
                                  United States Magistrate Judge
25

26

27

28

07272/6255381.2                        -17-                      PROTECTIVE ORDER

Attachment A  Page 35

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the

2  rules of the Court.

3

4      **IT IS SO STIPULATED.**

5

6  DATED: December ___, 2004      QUINN EMANUEL URQUHART
                                  OLIVER & HEDGES, LLP
7

8                                 By_____
9                                    Jon Corey
                                     Attorneys for Plaintiff
10                                   Mattel, Inc.

11
                                   LITTLER MENDELSON
12 DATED: December ___, 2004

13                                 By_____
                                     Douglas A. Wickham
14                                   Attorneys for Defendant
                                     Carter Bryant
15

16 DATED: December ___, 2004      O'MELVENY & MEYERS, LLP

17                                 By_____
18                                   Diana M. Torres
                                     Attorneys for Intervenor-Defendant
19                                   MGA Entertainment, Inc.

20

21      **IT IS SO ORDERED.**

22

23 DATED: _____        _____
24                                 THE HONORABLE ROBERT N. BLOCK
                                   United States Magistrate Judge
25

26

27

28

07272/625581.2                    -17-                    PROTECTIVE ORDER

Attachment A  Page 36

# EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant,* Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States District Court for the Central District of California; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

272/625581.2

PROTECTIVE ORDER

Attachment A  Page 37

**PROOF OF SERVICE**
1013A(3) CCP Revised 5/1/88.

STATE OF CALIFORNIA        }
COUNTY OF LOS ANGELES   }

    I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

    On December 22, 2004, I served the foregoing document described as

    **STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

on all interested parties in this action:

        **SEE ATTACHED SERVICE LIST**

[ ]  By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]  **BY MAIL**

[ ]  I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]  **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

Executed on December 22, 2004, at Los Angeles, California.

[X]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Ivana Maiorano
Print Name

Signature

**Attachment A  Page 38**

1  Robert F. Millman, Esq.
   Douglas A. Wickham, Esq.
2  Keith A. Jacoby, Esq.
   Littler Mendelson
3  A Professional Corporation
   2049 Century Park East, 5th Floor
   Los Angeles, California 90067-3107
4  Phone: 310-553-0308
   Fax: 310-553-5583
5

6  Diana M. Torres, Esq.
   O'Melveny & Meyers
7  400 S. Hope Street
   Los Angeles, CA 90071
8  Phone: 213-430-6000
   Fax: 213-430-6407
9

10 Daniel J. Warren, Esq.
   Sutherland, Asbill & Brennan
11 999 Peachtree Street NE
   Atlanta, GA 30309-3996
   Phone: 404-853-8698
12 Fax: 404-853-8806

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-2-

ATTACHMENT B

1   THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN ARPS SLATE MEAGHER & FLOM LLP
2   300 South Grand Ave.
   Los Angeles, California  90071
3   Telephone:   (213) 687-5000
   Facsimile:   (213) 687-5600
4

   Attorneys for Respondent ISAAC LARIAN and
5   Third Party MGA ENTERTAINMENT, INC.

6   CHRISTENSEN, GLASER, FINK, JACOBS,
   WEIL & SHAPIRO, LLP
7   Alisa Morgenthaler-Lever (Bar No. 146940)
   10250 Constellation Boulevard, 19th Floor
8   Los Angeles, California 90067
   Telephone:   (310) 553-3000
9   Facsimile:   (310) 556-2920

10   Attorneys for Claimant FARHAD LARIAN

11

12             ARBITRATION BEFORE ADR SERVICES, INC.

13

14

15   In re Arbitration Between           ADRS Case No. 05-2096-ABH
   FARHAD LARIAN,

16             Claimant,        STIPULATION TO MODIFY PROTECTIVE
                            ORDER
17         v.

18   ISAAC LARIAN,

19             Respondent.

20

21

22

23

24

25

26

27

28

07209/2323693.1 17209/220
3908.2

1   WHEREAS, the Arbitrator in this arbitration entered a Protective Order (the

2 "Protective Order," attached hereto as Exhibit A) to protect the confidentiality of certain

3 documents produced in this arbitration;

4   WHEREAS, the Protective Order was entered on November 16 ,2005;

5   WHEREAS, the Protective Order prohibits the unauthorized disclosure of

6 documents designated as "Protected Material," except in accordance with the terms of the

7 Protective Order;

8   WHEREAS, Paragraph 3 of the Protective Order allows Isaac Larian and Farhad

9 Larian and MGA Entertainment, Inc. ("MGA") to agree to modify the Protective Order at any

10 time;

11   WHEREAS, Isaac Larian is a defendant in separate litigation entitled <u>Bryant v.</u>

12 <u>Mattel, Inc.</u>, United States District Court for the Central District of California, Case No. CV 04-

13 9049-SGL (consolidated with cases CV 04-9059 and CV 05-2727);

14   WHEREAS, Mattel has served document requests on Isaac Larian in <u>Bryant v.</u>

15 <u>Mattel</u> and served subpoenas on third-party Farhad Larian and other third parties in <u>Bryant v.</u>

16 <u>Mattel</u> seeking production of documents which are subject to the Protective Order;

17   WHEREAS, a protective order in effect in <u>Bryant v. Mattel</u> (attached hereto as

18 Exhibit B) protects the confidentiality of the documents produced in that action at least to the

19 same extent as the Protective Order in this arbitration; and

20   WHEREAS, the undersigned parties are willing to modify the Protective Order in

21 this arbitration solely to ensure that if documents that otherwise may be subject to discovery in

22 <u>Bryant v. Mattel</u> are produced, such production will not violate the terms of the Protective Order

23 in this arbitration.

24   THEREFORE, the parties hereto, by and through their duly authorized counsel,

25 hereby agree as follows:

26   A.  Any production of documents in <u>Bryant v. Mattel</u> which are subject to the

27 Protective Order in this arbitration shall not be a breach of the Protective Order, but only if such

28                -2-

STIPULATION TO MODIFY PROTECTIVE ORDER

1  documents are designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES

2  ONLY" under the terms of the protective order in effect in <u>Bryant v. Mattel</u>.

3        B.    The Protective Order is not modified in any other way, and the parties do

4  not otherwise waive any of the protections of the Protective Order, which shall remain in full force

5  and effect.

6        C.    If a party in <u>Bryant v. Mattel</u> requests or has requested production of

7  documents that were produced in this arbitration by a person other than Farhad Larian, Isaac

8  Larian or MGA, and such documents are subject to the Protective Order in this arbitration, then

9  the person possessing such documents shall, within five (5) days of the effective date of this

10  stipulation or within five (5) days after service of a request for such documents, whichever is later:

11  (a) identify for the requesting party the documents and the third party who produced the

12  documents, and (b) notify the third party who produced the documents that such documents are

13  being sought.  If that third party does not apply for a protective order within five (5) days of

14  receiving notice of the request, then the documents shall be designated as "CONFIDENTIAL" or

15  "CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to paragraph 17 of the <u>Bryant v.</u>

16  <u>Mattel</u> protective order.

17        D.    Nothing in this stipulation shall be interpreted or construed to require

18  production in the <u>Bryant v. Mattel</u> action of documents subject to the Protective Order in this

19  arbitration.  Furthermore, nothing in this stipulation shall be interpreted or construed as an

20  admission or acknowledgment that the documents subject to the Protective Order in this

21  arbitration are subject to discovery under the Federal Rules of Civil Procedure or are admissible in

22  evidence for any purpose, or as a waiver of any rights, privileges, objections or protections the

23  parties hereto may have under any applicable laws or rules of court.

24        E.    The effective date of this stipulation shall be the date upon which it is fully

25  executed by the undersigned parties.  Such execution may be made by counterparts.

26

27

28

07209/2323693.1072087  
03908.2

202466.02-San Francisco Server 1A

-3-

STIPULATION TO MODIFY PROTECTIVE ORDER

**Attachment B  Page 42**

1 | DATED: January _18_, 2008

SKADDEN ARPS SLATE MEAGHER & FLOM LLP

2

3 | By_____

4 | Thomas J. Nolan
Attorneys for Respondent ISAAC LARIAN and
Third Party MGA ENTERTAINMENT, INC.

5 | DATED: January _18_, 2008

6 | CHRISTENSEN, GLASER, FINK, JACOBS, WEIL &
SHAPIRO, LLP

7

8 | By_____
Alisa Morgenthaler Lever

9 | Attorneys for Claimant FARHAD LARIAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

07209/2323693.107939/3
03908.2

202466.02-San Francisco Server 1A
203194-San Francisco Server 1A - MSW

STIPULATION TO MODIFY PROTECTIVE ORDER

**Attachment B  Page 43**

# EXHIBIT A

**Attachment B  Page 44**



1  DIANA M. TORRES (S.B. #162284)
   PAULA E. AMBROSINI (S.B. #193126)
2  CARLOS M. LAZATIN (S.B. #229650)
   O'MELVENY & MYERS, LLP
3  400 South Hope Street
   Los Angeles, California 90071-2899
4  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
5  email: dtorres@omm.com

6  DALE M. CENDALI (of counsel, not admitted in
   California)
7  O'MELVENY & MYERS, LLP
   7 Times Square
8  New York, New York 10036
   Telephone: (212) 326-2000
9  Facsimile: (212) 326-2061

10 Attorneys for Third Party,
   MGA Entertainment, Inc.

11

12                    ARBITRATION BEFORE

13                    ADR SERVICES, INC.

14

15 FARHAD LARIAN,                    ADRS Case No.: 05-2096-ABH

16              Plaintiff,           [PROPOSED] PROTECTIVE ORDER

17         v.

18 ISAAC LARIAN,

19              Defendant.

20

21

22

23

24

25

26

27

28

LA2:782144.1

Attachment B  Page 45

1    **1.**    **PURPOSES AND LIMITATIONS**

2       This arbitration will involve the disclosure of documents and information that

3 should be used only for the purpose of prosecuting, defending, or attempting to settle this

4 arbitration and for no other purpose, including any other dispute involving any Party

5 hereto or any non-party hereto. Accordingly, the following Protective Order is hereby

6 imposed upon the parties to this arbitration, Isaac Larian and Farhad Larian, and their

7 employees, consultants, retained experts, counsel and support staff (the "Parties").

8    **2.**    **SCOPE**

9       Protection is conferred by this Protective Order on all documents produced by

10 third party MGA Entertainment, Inc. ("MGA") and MGA documents produced by any

11 Party or third party all information copied or extracted therefrom, all copies, excerpts,

12 summaries, or compilations thereof, and all testimony presented to the arbitrator, and

13 transcripts of such testimony from any current or former MGA employee or contractor

14 pertaining to MGA's business. ("Protected Material").

15    **3.**    **DURATION**

16       The obligations imposed by this Protective Order shall remain in effect during and

17 after this arbitration and until the parties, Isaac Larian *and* Farhad Larian, and MGA agree

18 otherwise, in writing, or an arbitrator or court order otherwise directs.

19    **4.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

20

21       4.1    **Basic Principles:** The Parties may use Protected Material in connection

22 with this case only for prosecuting, defending or attempting to settle this arbitration and

23 may not use such material for any other purposes, including in connection with any other

24 matters, including between the same parties. Protected Material may be disclosed only to

25 the categories of persons and under the conditions described in this Protective Order.

26 When the arbitration has been terminated, the Parties must comply with the provision of

27 section 5 below (FINAL DISPOSITION). Protected Material must be stored and

28 maintained by the Parties at a location and in a secure manner that ensure that access is

**Attachment B Page 46**

limited to the persons authorized and for the purposes permitted under this Protective Order.

**4.2**    <u>Disclosure of Protected Material:</u>  Unless otherwise ordered by a court or jointly permitted in writing by Isaac Larian *and* MGA, Protected Material may be disclosed only to:

(a)    counsel of record in this arbitration and employees of said counsel to whom it is reasonably necessary to disclose the information for this arbitration, and who have specifically agreed to be bound by the terms of this Protective Order by executing the undertaking attached hereto as Exhibit A;

(b)    experts to whom disclosure is reasonably necessary for this arbitration, and who have specifically agreed to be bound by the terms of this Protective Order by executing the undertaking attached hereto as Exhibit A;

(c)    the arbitrator and his personnel;

(d)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this arbitration, and who have specifically agreed to be bound by the terms of this Protective Order by executing the undertaking attached hereto as Exhibit A;

(e)    witnesses in the arbitration to whom disclosure is reasonably necessary, and who have specifically agreed to be bound by the terms of this Protective Order by executing the undertaking attached hereto as Exhibit A; and

(f)    the author of the document or the original source of the information.

**4.3**    <u>Identifying Legend:</u>  Protected Material shall be appropriately identified and marked with the legend "Confidential" or "Confidential – Attorneys Only." Transcripts shall further include a statement substantially in the following form:

This transcript contains material subject to Protective Order.  The transcript may not be used for any purpose other than this arbitration and its contents may not be disclosed to anyone other than those persons permitted to access Protected Material under the terms of the Protective Order.

LA2:782144.1                               - 3 -

**Attachment B  Page 47**

4.4     **Challenge to Designation <u>of Protected Material</u>:** To the extent any Party wishes to challenge the designation of Protected Material, that Party shall first make a good faith attempt to confer with the other Party and MGA to determine whether they are amenable to a change in the designation of Protected Material.  In the event the Parties and MGA are unable to reach agreement, either Party may bring a challenge to the designation before the arbitrator, who shall rule on the designation consistent with the terms and principles of this Protective Order.

4.5     <u>**Other Restrictions on Access to and Use of Protected Material**</u>:  No party or person shall be permitted to share or disseminate the documents produced by MGA or the transcripts of these proceedings to others (including any preliminary, "rough," livenote version thereof) remove them from the arbitration, make copies of them, or inform third parties of their existence or content or otherwise disclose the same to anyone, unless compelled by law.

In short, this is a private proceeding; whatever may be disclosed about MGA's business, in privacy and confidence during the course of the arbitration, should remain private and confidential both during – and after – the arbitration.

5.     **FINAL DISPOSITION**

Unless otherwise ordered or jointly agreed in writing by Isaac Larian, Farhad Larian and, MGA (to the extent the Protected Material pertains to MGA or MGA's products or property), within 10 days after the final termination of this arbitration and any appeal (or, if no notice of appeal is filed, the deadline for filing a notice of appeal), all Protected Material must be returned to its original source or destroyed, including all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, each Party must submit a written certification to the other Party, *and* the person or entity from whom the Protected Material was secured or subpoenaed, by the 10 day deadline that identifies (by category, where appropriate) all of the Protected Material that was returned or destroyed and that affirms that the Party has not retained any copies, abstracts,

LA2:782144.1                                     - 4 -

**Attachment B  Page 48**

compilations, summaries or other forms or reproducing or capturing any of the Protected

Material. Notwithstanding this provision, counsel of record for each Party is entitled to

retain an archival copy of all pleadings, motion papers, legal memoranda, correspondence

or attorney work product. Any such archival copies that contain or constitute Protected

Material, however, shall otherwise remain subject to this Protective Order.

6.      **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
        IN OTHER LITIGATION**

        If a Party is served with a subpoena or an order issued in other litigation that

would compel disclosure of any Protected Material, the Party receiving the subpoena must

notify the other Party *and* the person or entity from whom the Protected Material was

secured or subpoenaed, in writing, immediately and in no event more than two business

days after receiving the subpoena or order. Such notification must include a copy of the

subpoena or court order.

        The Party receiving the subpoena also must immediately inform, in writing, the

party who caused the subpoena or order to issue in the other litigation that some or all of

the material covered by the subpoena or order is the subject of this Protective Order. In

addition, the Party receiving the subpoena must deliver a copy of this Protective Order

promptly to the Party in the other action that caused the subpoena or order to issue.

        The purpose of imposing these duties is to alert the interested parties to the

existence of this Protective Order and afford the Parties in this case *and* the person or

entity from whom the Protected Material was secured or subpoenaed, an opportunity to try

to protect whatever confidentiality interest such Party may have in the court from which

the subpoena or order issued.

SO ORDERED:

DATED: 11|16|05                  _____
                                         ARBITRATOR

LA2:782144.1                             - 5 -

**Attachment B  Page 49**

1  UNDERTAKING RE
2  PROTECTIVE ORDER

3                    UNDERTAKING OF _____
4

5

6  I, _____, declare:
7

8      My address is _____
9  My present occupation is _____
10

11      1.    I have received a copy of the Protective Order operative in this action,
12  ADRS Case No. 05-2096-ABH.  I have carefully read and understand the provisions of
13  the Protective Order.
14      2.    I will comply with all of the provision of the Protective Order.  I will hold in
15  confidence, and will not disclose to anyone other than those persons specifically
16  authorized by the Protective Order, and will not copy or use except for the proceedings
17  concerning the matters in issue between the parties, any and all Protected Material that I
18  receive.
19      Executed this ____ day of _____, at _____.  I declare under
20  penalty of perjury under the laws of California that the foregoing is true and correct.
21

22              _____
23

24

25

26

27

28

LA2:782144.1                          - 6 -

**Attachment B  Page 50**

# EXHIBIT B

**Attachment B  Page 51**

RightFAX                    1/6/2005 9:23    PAGE 002/023    Fax Server



QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
  Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

FILED
CLERK, U.S. DISTRICT COURT

JAN - 4 2005

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation, | CASE NO. CV 04-9059 NM (RNBx) |
| Plaintiff, | STIPULATED PROTECTIVE ORDER; AND |
| v. | [PROPOSED] ORDER |
| CARTER BRYANT, an individual; and DOES 1 through 10, inclusive, | [Discovery Matter] |
| Defendants. | |
| CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public, | |
| Counter-Claimant, | |
| v. | |
| MATTEL, INC., a Delaware Corporation, | |
| Counter-Defendant. | |

DOCKETED ON CM

JAN - 5 2005

BY ___ 006

54

07272/625581.2

PROTECTIVE ORDER

Attachment B  Page 52

## GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment, Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendants dispute, that Bryant worked for and otherwise aided and assisted MGA while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

All parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel and MGA operating as a manufacturers and marketers of dolls, toys and other products and Bryant working at this time as a contractor for a Mattel competitor, MGA, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)     Personnel files and other private or confidential employment, contractor or vendor information;

07272/625581.2

-2-

PROTECTIVE ORDER

Attachment B  Page 53

1       (2)   The specific terms of agreements with, and information received

2  from, third parties that a Party is required to disclose only under conditions of

3  confidentiality;

4       (3)   Personal or private financial information, and confidential

5  financial data that is not known generally to the trade or to competitors, including

6  financial data relating to specific sales, cost and profit information for specific

7  products and product lines; and

8       (4) · Business plans and product information that are not known

9  generally to the trade or to competitors, including non-public information relating to

10  product development and design.

11

12      WHEREFORE, believing that good cause exists, the Parties HEREBY

13  STIPULATE that, subject to the Court's approval, the following procedures shall be

14  followed in this Action to facilitate the orderly and efficient discovery of relevant

15  information while minimizing the potential for unauthorized disclosure or use of

16  confidential or proprietary information:

17

18         <u>SCOPE OF THIS ORDER</u>

19

20     1.   This Protective Order shall apply to trade secret, confidential and

21  proprietary information, documents and things that are produced or disclosed in any

22  form during the course of the Action by any Party or any nonparty:

23       (a)   through discovery;

24       (b)   in any pleading, document or other writing; or

25       (c)   in testimony given at a deposition.

26  (The foregoing information, documents and things shall be referred to hereinafter

27  collectively as "Litigation Materials.")

28

Attachment B  Page 54

## CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

2.    Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below. The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature. The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure. Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

## MANNER OF DESIGNATION OF MATERIALS

3.    A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

    (a)   *Documents or Things.*    "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

-4-

PROTECTIVE ORDER

Attachment B  Page 55

1    obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL —

2    ATTORNEYS' EYES ONLY" on the particular document or thing.

3           (b)    <u>Interrogatory Answers and Responses to Requests for</u>

4    <u>Admissions</u>. In answering any interrogatory or request for admission, or any

5    part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or

6    "CONFIDENTIAL — ATTORNEYS' EYES ONLY" by affixing thereto the

7    legend "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES

8    ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS'

9    EYES ONLY" answers shall be made on separate pages from any other

10    answers or portions thereof that are not designated as "CONFIDENTIAL" or

11    "CONFIDENTIAL — ATTORNEYS' EYES ONLY."

12           (c)    <u>Deposition Testimony</u>.  Any Party or nonparty giving

13    deposition testimony in this Action may obtain "CONFIDENTIAL" or

14    "CONFIDENTIAL — ATTORNEYS' EYES ONLY" treatment therefor by

15    designating, during the course of that testimony, for which "CONFIDENTIAL"

16    or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" treatment is desired,

17    the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL

18    — ATTORNEYS' EYES ONLY,"  or alternatively by designating the entire

19    testimony to be "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS'

20    EYES ONLY," subject to a good faith obligation to identify any non-

21    confidential portions of the testimony (and/or any lesser "CONFIDENTIAL"

22    portions in the event that the entire testimony is designated "CONFIDENTIAL

23    — ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after

24    receipt of the transcript of the testimony.  The reporter shall separately

25    transcribe and bind the testimony so designated as "CONFIDENTIAL" and

26    "CONFIDENTIAL — ATTORNEYS' EYES ONLY" and shall mark the face

27    of the separate bound transcript containing such testimony with the term

28    "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY."

1   A Party or nonparty also may make the above-referenced designation of
2   confidentiality in writing and within fourteen (14) calendar days of the receipt
3   by said Party or nonparty of the transcript of said testimony. In that event said
4   portion of the transcript will be treated as "CONFIDENTIAL" or
5   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of
6   this Protective Order, except that it will not be separately bound. If, during the
7   course of deposition testimony, any Party or nonparty reasonably believes that
8   the answer to a question will result in the disclosure of "CONFIDENTIAL" or
9   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons
10  other than those persons entitled to receive such information pursuant to
11  paragraphs 5 and 6 hereof shall be excluded from the room in which the
12  deposition testimony is given.     Unless previously designated as
13  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY,"
14  all transcripts of deposition testimony and any related exhibits, and all
15  information adduced in deposition, shall, in their entirety, be treated as
16  "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of
17  the transcript by counsel for the designating Party or nonparty. The Party or
18  nonparty designating the testimony or information as "CONFIDENTIAL" or
19  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen
20  (14) calendar day period described above, specifically designate information
21  contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or
22  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously
23  designated as such, by notifying all Parties in writing of the portions of the
24  transcript or exhibit which contains such information. Each Party shall attach
25  a copy of such written statement to the face page of the transcript or exhibit
26  and to each copy in its or his possession, custody or control. Thereafter, these
27  portions of the transcript or exhibits designated as "CONFIDENTIAL" or
28  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

PROTECTIVE ORDER

Attachment B  Page 57

1   accordance with the terms of this Protective Order. In addition, the provisions

2   of Paragraph 3(e) for later designating transcripts or exhibits shall apply after

3   the expiration of the fourteen (14) calendar day period described in this

4   Paragraph 3(c).

5         (d)     Typing or stamping the legend "CONFIDENTIAL" or

6   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a

7   collection of Litigation Materials which are bound together shall have the

8   effect of designating such collection in its entirety as "CONFIDENTIAL" or

9   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  In the case of disks,

10  tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling,

11  stamping or marking the outside of such disk, tape, CD-ROM, DVD or other

12  medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL

13  -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire

14  contents of such disk, tape, CD-ROM, DVD or other medium or device, and

15  all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL --

16  ATTORNEYS' EYES ONLY," as the case may be.

17        (e)     Except as otherwise provided in Paragraph 3(c) of this

18  Protective Order, the receiving Party shall not reveal any information produced

19  for a period of seven (7) calendar days following receipt. Failure to designate

20  a document, thing or other information as CONFIDENTIAL" or

21  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this

22  Protective Order shall not preclude any Party or nonparty desiring to so

23  designate the document, thing or information from so designating thereafter;

24  provided that the Party or nonparty proceeds promptly after discovery of any

25  omission of marking, in good faith marks the document, thing or other

26  information and requests, in writing, that each receiving Party so mark and

27  treat the document, thing or other information in accordance with this

28  Protective Order. Thereafter, the document, thing or other information shall

1  be fully subject to this Protective Order.  No Party shall incur liability for any

2  disclosures made prior to notice of such designation, except to the extent that

3  any such disclosures occurred prior to the seven (7) day period described above

4  or prior to such other time periods as are provided by this Protective Order,

5  including without limitation such time periods as are provided in Paragraph

6  3(c) above.

7

8  __RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS__

9

10        4.      Any Litigation Materials produced or disclosed in this Action,

11  whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL —

12  ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such

13  information for purposes of litigation and not for any other purpose, including

14  without limitation for any business or trade purpose.  As used herein, the term

15  "litigation" shall mean preparation for, participation in and prosecution and defense

16  of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in

17  connection with any mediation or other alternative dispute resolution procedure that

18  this or any other court may order or that the Parties may agree to.

19        5.      Subject to Paragraph 7 herein, and unless as otherwise ordered by

20  the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be

21  disclosed to any person other than:

22              (a)    the attorneys for the Parties and their partners, shareholders,

23  associates, document clerks and paralegals who are necessary to assist such

24  attorneys;

25              (b)    secretaries, stenographers and other office or clerical

26  personnel employed by said attorneys and who are necessary to assist such

27  attorneys;

28

7272/625581.2                              -8-

1        (c)    a named Party or officers or employees of a named Party,

2    to the extent deemed necessary by their respective attorneys for purposes

3    assisting in litigation;

4        (d)    the authors, senders, addressees and designated copy

5    recipients of any document or thing which has been designated as

6    "CONFIDENTIAL" information;

7        (e)    such other persons as may be consented to by the Party or

8    nonparty designating such information as "CONFIDENTIAL" information;

9        (f)    outside litigation support vendors, including commercial

10    photocopying vendors, scanning services vendors, coders and keyboard

11    operators;

12        (g)    professional court reporters engaged to transcribe

13    deposition testimony, professional videographers engaged to videotape

14    deposition testimony and translators;

15        (h)    independent outside consultants or experts retained by the

16    attorneys to the extent deemed necessary by said attorneys for purposes of

17    litigation; and

18        (i)    non-party fact witnesses in a deposition, provided, however,

19    that such persons may not retain such "CONFIDENTIAL" information unless

20    otherwise authorized to receive it. If the attendance of a non-party fact witness

21    at a deposition can only be obtained through compulsory process, the witness

22    need not execute an Assurance of Compliance in the form attached as Exhibit

23    A, provided that: (1) the witness acknowledges his obligation to maintain the

24    confidentiality of "CONFIDENTIAL" information under oath; and (2) such

25    "CONFIDENTIAL" information may only be shown to the witness during the

26    deposition.

27

28

-9-

6.      Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a)     the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b)     secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c)     the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(d)     such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e)     outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f)     independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

272/625581.2

-10-

PROTECTIVE ORDER

Attachment B  Page 61

1           (g)   professional court reporters engaged to transcribe

2   deposition testimony, professional videographers engaged to videotape

3   deposition testimony and translators.

4         7.    None of the following is bound by or obligated under this Order

5   in any respect and specifically are not bound or obligated to treat information

6   designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

7   ONLY" in any particular manner: The Court hearing this Action (including the Court

8   having jurisdiction of any appeal), Court personnel, court reporters working for the

9   Court, translators working for the Court, or any jury impaneled in this Action.

10        8.    Other than those identified in Paragraph 7 above, each person to

11   whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL --

12   ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this

13   Protective Order and agree to be bound by it before disclosure to such persons of any

14   such information. The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall

15   not have access to either "CONFIDENTIAL" or "CONFIDENTIAL --

16   ATTORNEYS' EYES ONLY" information, as the case may be, until they have

17   certified that they have read this Protective Order and have manifested their assent

18   to be bound thereby by signing a copy of the Assurance of Compliance attached

19   hereto as Exhibit A. Once a person has executed such an Assurance of Compliance,

20   it shall not be necessary for that person to sign a separate Assurance of Compliance

21   each time that person is subsequently given access to confidential material. Any

22   person who signed an Assurance of Compliance in connection with the Stipulation

23   for Protection of Confidential Information and Protective Order filed September 16,

24   2004 in Mattel Inc. v. Bryant, Case No. BC 314398, pending in Los Angeles County

25   Superior Court, need not re-sign the Assurance of Compliance attached hereto but

26   shall, by virtue of his or her prior signature, be deemed to have signed the attached

27   Assurance of Compliance.

28

-11-

1    9.    The failure of any Party to object to the designation of
2  information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES
3  ONLY" shall not be deemed an admission that such information qualifies for such
4  designation.

5    10.    If any Party wishes to have any information, document or
6  testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'
7  EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from
8  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the
9  Parties and/or relevant nonparty or nonparties will confer and try to reach agreement.
10  If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either
11  Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the
12  matter in accordance with the <u>Local Rules</u>.  Unless and until this Court enters an
13  Order changing the designation of the information, it shall be afforded the treatment
14  prescribed in this Protective Order for its designation.

15    11.    Nothing contained in this Protective Order shall restrict or prevent
16  any Party or nonparty from disclosing or otherwise using its or his own Litigation
17  Materials which that Party or nonparty produces or discloses in this action.

18    12.    The inadvertent or unintentional disclosure by a producing Party
19  or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES
20  ONLY" Litigation Materials during the course of this litigation, regardless of whether
21  the information was so designated at the time of disclosure, shall not be deemed a
22  waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either
23  as to the specific information disclosed or as to any other information relating thereto
24  or on the same or related subject matter.  Counsel for the Parties and/or nonparties
25  shall in any event, to the extent possible, upon discovery of inadvertent error,
26  cooperate to restore the confidentiality of the "CONFIDENTIAL" or
27  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently
28  or unintentionally disclosed.

625581.2                          -12-

PROTECTIVE ORDER

Attachment B  Page 63

13. If a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or nonparty. The receiving Party shall promptly return to the producing Party or nonparty the inadvertedly disclosed document and all copies of such document. Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

14. Nothing contained in this Protective Order shall affect the right of any Party or nonparty to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the Federal Rules of Civil Procedure and the Local Rules. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

## FILING AND USE IN COURT OF DESIGNATED MATERIALS

15. Except when the filing under seal is otherwise authorized by statute or federal rule, the Parties shall seek the Court's prior approval for the filing under seal of pleadings and other documents containing properly designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information in accordance with the procedures set forth in Local Rule 79-5.1, as such

272/625581.2

-13-

PROTECTIVE ORDER

Attachment B  Page 64

1  Rule may be amended from time to time.  Prior to the time that a Party receiving the
2  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"
3  information from any other Party files with the Court an application and the other
4  materials required by Local Rule 79-5.1, as such Rule may be amended from time to
5  time, to seal the producing Party's confidential information, the receiving Party shall
6  consult with the producing Party's attorney to determine whether the producing Party
7  will re-designate the previously designated confidential information so as to avoid the
8  need for the request to file such information under the seal.  Upon the default of a
9  Party to seek the Court's approval to file a document containing "CONFIDENTIAL"
10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any
11  Party may subsequently seek the approval of the Court to file that document under
12  seal, in accordance with the procedures set forth in Local Rule 79-5.1, as such Rule
13  may be amended from time to time.
14
15  <u>THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS</u>
16
17          16.    If any Party or nonparty receives a subpoena or document request
18  from a third party which purports to require the production of materials in that Party's
19  possession which have previously been designated as "CONFIDENTIAL" or
20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,
21  the Party or nonparty receiving such subpoena or document request (a) shall object
22  and refuse to produce documents absent a Court Order or the consent of the Party or
23  nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL
24  -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who
25  designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --
26  ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,
27  and (c) shall not oppose any effort by the Party or nonparty which designated the
28  material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

7272/625581.2

-14-

1  ONLY" to quash the subpoena or obtain a protective order limiting discovery of such

2  material.

3

4  ### DISCOVERY FROM NONPARTIES

5

6      17.   Discovery of nonparties may involve receipt of information,

7  documents, things or testimony which include or contain "CONFIDENTIAL" or

8  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information.  A

9  nonparty producing such material in this case may designate as "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it

11  produces in the same manner provided for in this Protective Order with respect to

12  material furnished by or on behalf of the Parties.  Any Party may also designate as

13  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

14  materials or information produced by a nonparty that constitute "CONFIDENTIAL"

15  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating

16  Party under Paragraph 2 of this Protective Order, regardless of whether the producing

17  nonparty has also so designated.  In addition, a nonparty may also designate as

18  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

19  materials or information produced by a Party that constitute "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such

21  nonparty under Paragraph 2 of this Protective Order, regardless of whether the

22  producing Party has also so designated.  In either such an event, the designation

23  providing for the greater level of protection for the material information shall control,

24  subject to Paragraph 10 of this Protective Order.  Nonparty materials designated

25  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a

26  nonparty or Party shall be governed by the terms of this Protective Order.

27

28

5581.2

-15-

PROTECTIVE ORDER

Attachment B  Page 66

## CONCLUSION OF LITIGATION

18.    Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession.  In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties.  Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order.  This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.    The provisions of this Stipulation and Protective Order may be  modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this

PROTECTIVE ORDER

Attachment B  Page 67

1 | Stipulation and Protective Order pursuant to a motion brought in accordance with the
2 | rules of the Court.

3

4 | **IT IS SO STIPULATED.**

5

6 | DATED: December 22, 2004          QUINN EMANUEL URQUHART
7 |                                   OLIVER & HEDGES, LLP

8 |                                   By _Jon Corey_____
9 |                                      Jon Corey
10 |                                     Attorneys for Plaintiff
    |                                     Mattel, Inc.

11

12 | DATED: December __, 2004          LITTLER MENDELSON

13 |                                   By _____
14 |                                      Douglas A. Wickham
    |                                      Attorneys for Defendant
15 |                                      Carter Bryant

16 | DATED: December __, 2004          O'MELVENY & MEYERS, LLP

17

18 |                                   By _____
    |                                      Diana M. Torres
19 |                                      Attorneys for Intervenor-Defendant
    |                                      MGA Entertainment, Inc.

20

21 | **IT IS SO ORDERED.**

22

23 | DATED: __1/4/05_____

24 |                                   THE HONORABLE ROBERT N. BLOCK
    |                                   United States Magistrate Judge

25

26

27

28

72/625581.2                          -17-
                                                          PROTECTIVE ORDER

Attachment B  Page 68

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the
2  rules of the Court.

3

4      IT IS SO STIPULATED.

5

6  DATED: December __, 2004        QUINN EMANUEL URQUHART
7                                  OLIVER & HEDGES, LLP

8

9                                  By _____
                                      Jon Corey
10                                    Attorneys for Plaintiff
                                      Mattel, Inc.
11

12 DATED: December 21, 2004        LITTLER MENDELSON

13                                 By _____
14                                    Douglas A. Wickham
                                      Attorneys for Defendant
15                                    Carter Bryant

16 DATED: December __, 2004        O'MELVENY & MEYERS, LLP

17

18                                 By _____
                                      Diana M. Torres
19                                    Attorneys for Intervenor-Defendant
                                      MGA Entertainment, Inc.

20

21

22     IT IS SO ORDERED.

23

24 DATED: _____           THE HONORABLE ROBERT N. BLOCK
25                                  United States Magistrate Judge

26

27

28

072272/4255381.2                  -17-                  PROTECTIVE ORDER

Attachment B  Page 69

Stipulation and Protective Order pursuant to a motion brought in accordance with the
rules of the Court.

**IT IS SO STIPULATED.**

DATED: December ___, 2004      QUINN EMANUEL URQUHART
                              OLIVER & HEDGES, LLP


                              By
                                Jon Corey
                                Attorneys for Plaintiff
                                Mattel, Inc.


DATED: December ___, 2004      LITTLER MENDELSON


                              By
                                Douglas A. Wickham
                                Attorneys for Defendant
                                Carter Bryant


DATED: December ___, 2004      O'MELVENY & MEYERS, LLP


                              By
                                Diana M. Torres
                                Attorneys for Intervenor-Defendant
                                MGA Entertainment, Inc.


**IT IS SO ORDERED.**

DATED: _____


                              THE HONORABLE ROBERT N. BLOCK
                              United States Magistrate Judge


07272/625581.2                    -17-                    PROTECTIVE ORDER


Attachment B  Page 70

# EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant,* Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States District Court for the Central District of California; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

272/625581.2

PROTECTIVE ORDER

Attachment B  Page 71

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### PROOF OF SERVICE
1013A(3) CCP Revised 5/LBS

**STATE OF CALIFORNIA**            }
**COUNTY OF LOS ANGELES**     }

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 22, 2004, I served the foregoing document described as

**STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

on all interested parties in this action:

### SEE ATTACHED SERVICE LIST

[ ]    By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]    **BY MAIL**

[ ]    I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]    **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

Executed on December 22, 2004, at Los Angeles, California.

[X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Ivana Maiorano
Print Name

Signature

**Attachment B  Page 72**

1  Robert F. Millman, Esq.
   Douglas A. Wickham, Esq.
2  Keith A. Jacoby, Esq.
   Littler Mendelson
3  A Professional Corporation
   2049 Century Park East, 5th Floor
   Los Angeles, California 90067-3107
4  Phone: 310-553-0308
   Fax: 310-553-5583
5

6  Diana M. Torres, Esq.
   O'Melveny & Meyers
7  400 S. Hope Street
   Los Angeles, CA 90071
8  Phone: 213-430-6000
   Fax: 213-430-6407
9

10 Daniel J. Warren, Esq.
   Sutherland, Asbill & Brennan
11 999 Peachtree Street NE
   Atlanta, GA 30309-3996
12 Phone: 404-853-8698
   Fax: 404-853-8806

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

Attachment B  Page 73