QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                  Plaintiff,<br><br>            vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                  Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO (1) ENFORCE THE COURT'S AUGUST 13, 2007 ORDER AND TO COMPEL; AND (2) FOR AWARD OF MONETARY SANCTIONS; AND MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration of Jon D. Corey and [Proposed] Order filed concurrently herewith]<br><br>Hearing Date:    February 8, 2008<br>Time:                9:30 a.m.<br>Place:               Telephonic<br><br>**Phase 1**<br>Discovery Cut-off:        January 28, 2008<br>Pre-trial Conference:     May 5, 2008<br>Trial Date:                   May 27, 2008 |

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that on February 8, 2008 at 9:30 a.m., or as

3   soon thereafter as counsel may be heard at a telephonic conference before Discovery

4   Master Hon. Edward Infante (Ret.) Mattel, Inc. ("Mattel") will, and hereby does,

5   move the Discovery Master:

6          (1)    for an order enforcing the Discovery Master's August 13, 2007

7   Order and compelling MGA Entertainment, Inc. ("MGA") to produce Mattel-

8   authored documents in its, or its previous counsel's possession, responsive to Mattel,

9   Inc.'s First Set of Requests for Documents and Things Re Unfair Competition

10  Claims No. 65 and a privilege log identifying all documents withheld based on any

11  claimed privilege, to permit Mattel to inspect the CD, or any media, on which

12  Mattel-authored documents are maintained, and to produce a forensically sound

13  copy of the CD, or any other media containing Mattel-authored documents; and

14         (2)    for an award of sanctions against MGA in the amount of

15  $1,200.00, which represents a portion of the fees incurred by Mattel in bringing this

16  Motion.

17         This Motion is made pursuant to Federal Rules of Civil Procedure 34

18  and 37 on the grounds that Mattel's Requests seek discoverable information, that

19  MGA was ordered to produce documents responsive to the above request by no later

20  than August 30, 2007, that MGA agreed to produce all responsive documents in

21  their native form, and that MGA has improperly failed to produce the documents as

22  ordered.

23         This Motion is based on this Notice of Motion and Motion, the

24  accompanying Memorandum of Points and Authorities, the Declaration of Jon D.

25  Corey filed concurrently herewith, the records and files of this Court, and all other

26  matters of which the Court may take judicial notice.

27

28

1

## __Statement of Rule 37-1 Compliance__

2       On November 2, 2007, Mattel contacted MGA to request the
3   information at issue in this Motion. MGA did not respond. On January 8, 2008,
4   Mattel again requested the documents, or alternatively, requested a meeting of
5   counsel. Despite Mattel's meet and confer efforts, MGA did not produce the
6   information and failed to meet and confer.

7

8   DATED:  January 22, 2008          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
9

10                                     By  _Jon D. Corey_____
11                                         Jon D. Corey
                                           Attorneys for Mattel, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2363226.1

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

In September 2005, Mexican law enforcement executed a search warrant on the offices of defendant MGAE De Mexico, S.R.L. De C.V. to search for and collect documents and files that three former Mattel employees stole and took to MGA. The law enforcement officials found proprietary Mattel documents and files there. Mattel requested, and the Discovery Master compelled MGA to produce all Mattel-authored documents in its possession. MGA produced some, but an MGA designee testified that MGA delivered to its counsel a CD containing electronic versions of stolen Mattel documents. The CD has not been produced, despite repeated requests that MGA allow Mattel to inspect it and to make a forensically sound copy of it to preserve the date, time and location of the creation of the CD and the files it contains. That should be compelled now.

### Statement of Facts

Mattel's Requests for Production of Documents. On December 18, 2006, Mattel propounded its First Set of Requests for Production of Documents and Things Re Claims for Unfair Competition to MGA Entertainment, Inc. (the "Request for Production"). Request For Production No. 65 seeks the following information:

> Copies of all DOCUMENTS that were seized by Mexican authorities from MGA's office in Mexico City, Mexico.[1]

MGA initially refused to produce documents responsive to Request No. 65 because of its then-pending motion in front of Judge Larson to dismiss Mattel's trade secret claims.[2]

---

[1]   Mattel, Inc.'s First Set of Requests for Production of Documents and Things Re Claims for Unfair Competition, dated December 18, 2006 ("Requests"), Declaration of Jon Corey, dated January 22, 2008 ("Corey Dec."), Exh. 4.

-1-
MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

1    <u>The Court Orders MGA To Produce All Non-Privileged Documents</u>

2 <u>Responsive to Request No. 65.</u> As a result of MGA's refusal to produce any

3 documents in response to Request No. 65, Mattel moved to compel the production

4 of responsive documents.  Subsequently, Judge Larson denied MGA's motion to

5 dismiss.  Then, in response to Mattel's Motion, MGA represented to the Discovery

6 Master that: "[s]o as to further avoid burdening the Court, <u>MGA agrees to produce</u>

7 <u>any remaining responsive documents to Request Nos. 65</u>-117, 199."[3]  The

8 Discovery Master subsequently ordered MGA to produce, in response to Request

9 No. 65, among other Requests, "<u>without limitation</u>, all non-privileged documents . . .

10 <u>no later than August 30, 2007</u>."[4]

11    <u>MGA's Rule 30(b)(6) Designee Discloses that MGA Possesses Mattel</u>

12 <u>Documents Seized by the Mexican Authorities from MGA's Mexico City Office But</u>

13 <u>Which MGA Did Not Produce to Mattel.</u>  MGA designated Lisa Tonnu to testify on

14 Topic No. 40 of Mattel's Second Notice of Deposition to MGA, which relates to

15 Mattel-authored documents in MGA's possession.  Topic No. 40 reads:

16 **Topic No. 40:** The preservation, collection, destruction,
removal, transfer, loss or impairment of YOUR
17 DOCUMENTS and DIGITAL INFORMATION since
January 1, 1999 that REFER OR RELATE TO MATTEL
18 (including without limitation to any MATTEL product,
plan or information) that YOU received in any manner
19 from any PERSON who was at the time an employee of

20

21

22

23 [2]   Order Granting in Part and Denying in Part Mattel's Motion to Compel
Production of Documents by MGA; Denying Request for Monetary Sanctions, dated
24 August 13, 2007 (the "Order"), 5:3-7, Corey Dec., Exh. 6.

25 [3]   MGA Entertainment, Inc.'s Opposition to Mattel, Inc's Motion to Compel
Production of Documents by MGA Entertainment, Inc. and for Award of Monetary
26 Sanctions, dated July 3, 2007, 6:14-15 (emphasis added), attached to the Corey
Dec., Exh. 5.

27 [4]   Order, 12:9-12, 14:18-22 (emphasis added), attached to the Corey Dec., Exh.
28 6.

1  MATTEL or who had previously been an employee of
2  MATTEL.[5]

3  During the July 19, 2007 deposition of Ms. Tonnu, she confirmed that electronic

4  documents existed that are responsive to Request No. 65, but that had not been

5  produced:

6  Q     You spoke with Ms. Kuemmerle yesterday?

7  A     Yes.

8        . . .

9  Q     Where is Ms. Kuemmerle located?

10  A     She's located in Mexico.

11  Q     What's -- What's her title there?

12  A     Her title is Vice President of Mexico and Latin
    America Sales.

13

14        . . .

15  A     Okay.  As I discussed earlier, I was -- I asked her
    about her under -- her knowledge of any documentation
    that may have been a Mattel documentation.

16

17  Q     Any -- Any documentation that she may have that
    may be Mattel documentation?

18  A     Any -- any knowledge that she may have about any
    documentation that was Mattel documentation that's in the
19  possession of MGA Mexico.

20  Q     And what did she tell you?

21  A     She told me of an incident in Mexico where the
    federal authorities came with the search warrant and
22  located one C.D. and several loose paper documents.

23  Q     Did she tell you what those loose paper documents
    were?
24
    A     No.
25

26  _____

27  [5]   Mattel, Inc.'s Second Notice of Deposition of MGA Entertainment, Inc.
    Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated February 1, 2007,
28  attached to the Corey Dec., Exh. 3.

1  Q Did she tell you what was on the C.D.?

2  A She didn't tell me specifically what was on versus
the other.  She did indicate -- tell me -- state to me that the
3 material was marketing related.

4  Q Did she tell you where the materials came from?

5  A No.

6  Q What -- what did -- what did she tell you?

7  A She told me that the materials were located in the
offices of MGA Mexico.

8  Q Did she tell you whose office in particular or
9 offices?

10  A No.

11   . . .

12  Q A search warrant.  What did she tell you about the
execution of the search warrant?

13  A She said it was a search warrant made by the federal
14 authorities, and the search warrant was on behalf of
Mattel and the documents and the C.D. that was located.[6]

15

16 Ms. Tonnu stated that the documents and a CD containing Mattel-authored

17 documents were in the possession of MGA's former counsel, O'Melveny & Myers:

18  The Witness:  And to clarify on that, that in the three
incidents that we discussed earlier, where they were ex-
19 Mattel employees that had certain documentation, that
those documentations were not destroyed by MGA.  For
20 example, Ron Brawer, the contact list, the contact list still
is in existence.  For Janine Brisbois, what we discussed
21 earlier, the thumbdrive, it's being held by a third party,
K.P.M.G.  And in the instance in Mexico, I believe that the
22 federal authorities have a copy.  And then the -- there's
another copy that's being held by legal counsel.

23

24  By Mr. Corey:

  Q There's a copy of the materials -- just let me make
25 sure I'm clear.  There's a copy of the materials that were

26 ———————————

27 [6] Transcript of the Deposition of Lisa Tonnu, dated July 19, 2007 ("Tonnu
28 Tr."), 24:18-27:16, attached to the Corey Dec., Exh. 1.

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

1    collected as a result of the search warrant that are being held by legal counsel?

2    A    Yes.

3    Q    Excuse me. Let me be clearer. A copy of the documents that were collected by the search warrant executed by the Mexican officials in Mexico that are being held by counsel?

6    A    Correct.

7    Q    Is that counsel in the United States or is that counsel in Mexico?

8    A    I believe that counsel is in the United States.

9    Q    Is it Mr. Jenal's firm [O'Melveny & Myers, LLP]?

10   A    I believe so.[7]

12   Subsequent to the Court's Order, the CD remained in MGA's counsel's

13   possession and was not produced to Mattel. Ms. Tonnu, as MGA's <u>Rule</u> 30(b)(6)

14   designee for certain topics, testified on September 25, 2007 (almost a month after

15   the Court ordered deadline for production) as follows:

16   Q.    And now I'm specifically talking about MGA's possession of documents that originated at Mattel. I'm trying to be much more specific now.

18   Ms. Morgenthaler-Lever: Objection. Vague and ambiguous. Calls for speculation.

20   The Deponent: I was advised that a CD, I believe, related to my discussion with Ms. Kuemmerle was given to your firm.[8]

22   By Mr. Corey:

23   Q.    And do you know where that -- do you know where that CD came from?

24   Ms. Morgenthaler-Lever: Objection. Calls for attorney-client communications. Vague and ambiguous. Calls for speculation. You can answer.

---

[7]    Tonnu Tr. 197:19-198:24 (emphasis added), attached to the Corey Dec., Exh. 1.

[8]    To Mattel's knowledge, neither it nor its counsel received such a CD.

-5-
MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

1    The Deponent:  I believe it came from O'Melveny.

2    By Mr. Corey:

3    Q.    Actually, I should have asked a couple questions before.  The CD that you're referring to is a CD containing
4    documents that were obtained when Mexican officials executed a search warrant on MGA Mexico's offices?  Is
5    that what you're referring to?

6    A.    I believe so.

7    Q.    Okay.  And were there documents that were also discovered with that -- when that search warrant was
8    executed?

9    Ms. Morgenthaler-Lever:  Objection.  Vague and ambiguous.  Asked and answered.  Misstates the witness's
10   testimony.

11   The Deponent:  I believe, if I recall, it was a CD and maybe some loose documents.

12   By Mr. Corey:

13   Q.    Have you seen any of those documents?

14   Ms. Morgenthaler-Lever:  Vague and ambiguous.  Which
15   documents?

16   Mr. Corey:  The loose documents.

17   The Deponent:  No.

18   By Mr. Corey:

19   Q.    Have you seen any documents that were on the CD?

20   A.    No.

21   Q.    Who gave the CD to O'Melveny & Meyers?

22   Ms. Morgenthaler-Lever:  Objection.  Asked and
23   answered.  Calls for speculation.  Lack of foundation.

     The Deponent:  I don't recall exactly.  It may have been
24   Ms. Kuemmerle gave it -- sent it to the attorneys after I -- I
     can't recall.

25   By Mr. Corey:

26   Ms. Morgenthaler-Lever:  I'll just caution the witness not
27   to guess or speculate.

28   By Mr. Corey:

Q.   Do you know when that was sent to O'Melveny & Meyers and -- do you know when the CD and the loose documents -- strike that.  Were both the CD and the loose documents given to O'Melveny & Myers?

Ms. Morgenthaler-Lever:  If you know.  Calls for speculation.  Lack of foundation.

The Deponent:  I don't recall.

By Mr. Corey:

Q.   But the CD was?

A.   I believe so, but I can't really recall for sure.

Q.   Do you know when the CD was given to O'Melveny & Meyers?

A.   I don't recall.

Q.   Do you know how Ms. Kuemmerle obtained a copy of the CD?

Ms. Morgenthaler-Lever:  Objection.  Vague and ambiguous as to the term "CD."

By Mr. Corey:

Q.   The CD that we've been talking about.

Ms. Morgenthaler-Lever:  Calls for speculation.  Lack of foundation.

The Deponent:  I can't recall exactly.

. . .

By Mr. Corey:

Q.   Do you know whether it was sent to O'Melveny & Meyers from Mexico or from the Van Nuys campus?

Ms. Morgenthaler-Lever:  Objection.  Vague and ambiguous.  Calls for speculation.  Lack of foundation.

The Deponent:  I believe it was Mexico.

By Mr. Corey:

Q.   It was sent from Mexico?

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

1    A.    I believe so.[9]

2   MGA, however, never produced the CD to Mattel, and did not confirm that the CD

3   was produced.

4    <u>Mattel Requests That MGA Permit Mattel to Inspect the CD, or Any</u>

5   <u>Other Media, Containing Mattel-Authored Documents, Or Alternatively, Meet and</u>

6   <u>Confer to Resolve the Issue, But MGA Fails to Do Either</u>.  After learning of the

7   existence of additional Mattel electronic documents in MGA's possession, Mattel

8   asked MGA to permit Mattel to inspect the CD (or any other media) containing

9   Mattel-authored documents and when Mattel could obtain a forensically sound

10  image of such media.[10]  MGA failed to respond.  On January 8, 2008, Mattel

11  renewed its request of MGA to produce a forensically sound copy of the CD, or

12  alternatively, to consider the letter a request to meet and confer.[11]  MGA responded

13  by requesting an explanation of what Mattel meant by "forensically sound."[12]

14  Mattel explained that it requests that MGA permit Mattel to inspect the CD and

15  either make its own copy or an Encase image.  Mattel also requested that MGA

16  promptly apprise it of when Mattel may do so.[13]  MGA failed to respond to Mattel's

17  request and did not meet and confer.  This motion followed.

18

19

20

21  _____

22    [9]   Deposition Transcript of Lisa Tonnu, dated September 25, 2007 ("9/25 Tonnu
    Tr."), 664:2-669:16, attached to the Corey Dec., Exh. 2.

23    [10]   Letter from Jon Corey to Thomas Nolan and Carl Roth, dated November 2,

24  2007, attached to the Corey Dec., Exh. 7.

    [11]   Letter from Jon Corey to Thomas Nolan and Carl Roth, dated January 8,
25  2008, attached to the Corey Dec., Exh. 8.

26    [12]   Letter from Andrew Temkin to Jon Corey, dated January 16, 2008, attached
    to the Corey Dec., Exh. 9.

27    [13]   Letter from Jon Corey to Andrew Temkin, dated January 17, 2008, attached

28  to the Corey Dec., Exh. 10.

**Argument**

I.   **MGA HAS NO JUSTIFICATION FOR ITS FAILURE TO PRODUCE FOR INSPECTION MATTEL-AUTHORED DOCUMENTS RESPONSIVE TO THE AUGUST 13, 2007 ORDER**

MGA has refused to comply with the Order.  The Order specifically required MGA to produce, <u>without limitation</u>, all non-privileged documents in response to Request No. 65 (which MGA represented to the Court that it would produce), no later than August 30, 2007.  Almost 5 months later, MGA failed to bring itself into compliance with the Order by refusing to produce, or make available for inspection, the CD containing Mattel-authored documents seized by the Mexican authorities.

Mattel seeks the production of a specific CD and any media containing Mattel-authored or originated documents seized by the Mexican authorities in MGA's Mexico City office, and any other such Mattel documents in MGA's possession, custody or control.[14]  Mattel also seeks to inspect the CD, and any other media, containing Mattel documents to determine the time, date and place of creation of the files on the CD or other media.  This information falls squarely within Request No. 65.  Almost 5 months past the Court ordered deadline, MGA has refused to produce the same.

By its admission,[15] MGA, or its counsel, possesses this CD.  MGA fails to articulate <u>any</u> basis for refusing to produce it to Mattel, or to permit Mattel to

---

[14]   The parties have an agreement that all documents be produced in their native format.  Accordingly, Mattel requests that the documents be produced in such a format.  As discussed above, Mattel also seeks a forensically sound copy of the CD and requests that it be permitted to inspect the CD in MGA's possession and either make its own copy or an Encase image.

[15]   <u>See</u> 9/25 Tonnu Tr., 664:2-669:16, attached to the Corey Dec., Exh. 2.

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

1  inspect or copy it.[16]  Accordingly, MGA remains in violation of the Order.  MGA

2  should, again, be compelled to produce all documents, without limitation, in

3  response to Request No. 65; Mattel should be permitted to inspect the CD (or any

4  other media) containing Mattel-authored documents; and MGA should provide

5  Mattel with a forensically sound copy of the CD containing the Mattel documents

6  seized by the Mexican authorities.

7

8  **II.   <u>MGA SHOULD BE SANCTIONED</u>**

9          MGA should be sanctioned.  Under the <u>Federal Rules</u>, a party bringing

10  a motion to compel is entitled to the "reasonable expenses incurred in making the

11  motion, including attorney's fees. But the court must not order this payment if: (i)

12  the movant filed the motion before attempting in good faith to obtain the disclosure

13  or discovery without court action;  (ii) the opposing party's nondisclosure, response,

14  or objection was substantially justified; or (iii) other circumstances make an award

15  of expenses unjust." <u>Fed. R. Civ. P. 37</u>(a)(5).  The burden of establishing

16  substantial justification is on the party being sanctioned.  <u>Hyde & Drath v. Baker</u>, 24

17  F.3d 1162, 1171 (9th Cir. 1994).  Independently, sanctions may be imposed under

18  28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the

19  proceedings in any case unreasonably and vexatiously may be required by the court

20  to satisfy personally the excess costs, expenses, and attorneys' fees reasonably

21  incurred because of such conduct."  Sanctions under this section are appropriate "for

22  conduct that, viewed objectively, manifests either intentional or reckless disregard

23  of the attorney's duties to the court." <u>RTC v. Dabney</u>, 73 F.3d 262, 265 (10th Cir.

24  1995), citing <u>Braley v. Campbell</u>, 832 F.2d 1504, 1512 (10th Cir. 1987).

25

26

27    [16]   Based on a review of MGA's privilege logs as provided to Mattel, MGA did

28  not list the CD as a document it was withholding based on privilege.

1    Sanctions are called for here.  MGA has already been ordered to

2 produce the documents at issue.  Further, the documents go to the heart of MGA's

3 "billion" dollar unfair competition claims.  Notwithstanding the Court's Order, MGA

4 failed to produce a CD containing the Mattel-authored documents seized by the

5 Mexican authorities.  MGA's responses are part of a pattern of unreasonable and

6 vexatious conduct, and MGA and its counsel should be sanctioned.

7    Mattel also respectfully submits that this request for sanctions should

8 be considered in the context of the prior motion practice and the prior Court Order

9 concerning the Requests, which have now spanned over six months.  "The Court

10 may, in deciding whether to grant a motion for sanctions, 'properly consider all of a

11 party's discovery misconduct.'"  In re Heritage Bond Litigation, 223 F.R.D. 527, 530

12 (C.D. Cal. 2004) (citations omitted).  Here, again, an Order from the Discovery

13 Master is apparently insufficient deterrence to MGA's stonewalling on discovery.

14 Mattel therefore requests that MGA and its counsel be ordered to pay $1,200.00 as

15 partial reimbursement for the fees Mattel has incurred on this Motion.

16                              **Conclusion**

17    For the foregoing reasons, Mattel's motion to compel should be granted

18 in its entirety and monetary sanctions should be awarded against MGA in the

19 amount of $1,200.

20

21 DATED:  January 22, 2008          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
22

23                         By_____

24                              Jon D. Corey
                                Attorneys for Mattel, Inc.
25

26

27

28