# EXHIBIT 5

1 DALE M. CENDALI (admitted *pro hac vice*)
   DIANA M. TORRES (S.B. #162284)
2 JAMES P. JENAL (S.B. # 180190)
   O'MELVENY & MYERS LLP
3 400 South Hope Street
   Los Angeles, CA 90071-2899
4 Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
5 Email:      jjenal@omm.com

6 PATRICIA GLASER (S.B. #55668)
   CHRISTENSEN, GLASER, FINK,
7 JACOBS, WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
8 Los Angeles, CA 90067
   Telephone: (310) 553-3000
9 Facsimile: (310) 557-9815

10 Attorneys for MGA Entertainment, Inc.

11

12                    UNITED STATES DISTRICT COURT
13                    CENTRAL DISTRICT OF CALIFORNIA
14                         EASTERN DIVISION

15

16 CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                          (consolidated with CV 04-9059 & 05-2727)
                 Plaintiff,
17                                        **DISCOVERY MATTER**
          v.
18                                        **MGA ENTERTAINMENT, INC.'S**
   MATTEL, INC., a Delaware              **OPPOSITION TO MATTEL, INC.'S**
19 Corporation,                          **MOTION TO COMPEL PRODUCTION**
                                          **OF DOCUMENTS BY MGA**
                 Defendant.              **ENTERTAINMENT, INC. AND FOR**
20                                        **AWARD OF MONETARY SANCTIONS**

21                                        Hearing date:        T.B.D.
22 CONSOLIDATED WITH                     Hearing time:        T.B.D.
   MATTEL, INC. v. BRYANT and
23 MGA ENTERTAINMENT, INC. v.            Discovery Cutoff: March 3, 2008
   MATTEL, INC.                          Pre-trial Conference: June 2, 2008
24                                        Trial Date: July 1, 2008

25

26

27

28

                                          MGA'S OPPOSITION TO
                                          MATTEL'S MOTION TO COMPEL
                                          CV 04-09049 SGL (RNBX)

1        This memorandum of points and authorities is filed in support of MGA

2  Entertainment, Inc.'s ("MGA") Opposition to Mattel, Inc.'s ("Mattel") motion to

3  compel production of documents in the case originally captioned *MGA*

4  *Entertainment, Inc.. v. Mattel, Inc.*, Case No. CV 05-2727 SGL (RNBx).

5  **I.   INTRODUCTION**

6

7        Mattel has completely mischaracterized MGA's position on certain document

8  requests, as well as the state of its production.  MGA has already agreed to produce

9  documents responsive to several of the requests which Mattel has put at issue in this

10  motion, including the following nineteen Requests:  Nos. 9-10, 12, 26, 29-30, 32-

11  36, 45, 48-51, 118, 137, and 166.  Moreover, MGA has actively *been producing*

12  documents responsive to many of these requests to Mattel.  To date, MGA has

13  produced more than 110,000 pages of documents, including documents relating to

14  the origin, infringement, design and tooling of Bratz and has also provided Mattel

15  with access to Bratz molds and sculpts. MGA continues to search for and produce

16  documents responsive to Mattel's requests on a rolling basis -- as has been the

17  procedure of both parties.[1]

18        Mattel also is moving on requests which were relevant to claims that were

19  either (1) the subject of MGA's motion to dismiss (until the issuance of the court's

20  June 27, 2007 order); or (2) seek documents subject to pending appeals before

21  Judge Larson.  As MGA's motion to dismiss has now been decided, thereby

22  providing guidance to the parties on certain trade secret questions, MGA is

23  prepared to produce documents responsive to Mattel's requests Nos. 65-117 and

24  119.  MGA's appeals, however, were recently heard before Judge Larson on July 2,

25  2007.  Thus, the motion to compel as to Request Nos. 1, 3-4, 13, and 18 is

26  premature and should be denied.  MGA will, of course, comply with Judge

---

27  [1] MGA notes that the last meet and confer on this set of requests took place in February 6, 2007, nearly five months ago.

28

MGA'S OPPOSITION TO
MATTEL'S MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

1   Larson's rulings and produce responsive documents in accordance therewith.

2       At this point, however, much of Mattel's motion to compel is either

3   premature or moot and thus is designed specifically to "pad" Mattel's motion and to

4   harass MGA.[2]  Nevertheless, MGA has revisited certain of Mattel's requests, and so

5   as to avoid further burdening the Court, MGA agrees to produce non-privileged

6   documents in its possession, custody or control, subject to its previously stated

7   General and Specific Objections, that are responsive to the following sixteen

8   requests: 5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159.  In fact, for a

9   number of these requests, MGA already has and is continuing to produce

10  responsive documents on a rolling basis.

11      For the remaining requests, MGA stands by its legitimate objections.  As

12  discussed below, several of Mattel's requests are grossly overbroad and untethered

13  to any of Mattel's claims or defenses.  MGA has been willing to revisit its

14  objections to Mattel's requests, but unless Mattel is willing to propound requests

15  that are reasonably tailored to seek only those documents to which it is entitled,

16  MGA should not be expected to produce the vast universe of documents that the

17  requests currently require.

18  ## II.   FACTS AND PROCEDURAL BACKGROUND

19

20      Mattel now moves to compel MGA to produce all manner of documents,

21  claiming that MGA has refused to produce documents responsive to "nearly two-

22  thirds" of Mattel's document requests.[3]  Nothing could be further from the truth.

23  While Mattel submits page after page of declarations and exhibits in attempt to

24  cloud the legitimate disputes between the parties, Mattel ignores the fact that MGA

25  agreed, subject to its General and Specific Objections, to produce documents in

26  ---

[2] In fact, Mattel has engaged in a pattern of filing abusive and harassing discovery motions, including four just last week.

27  [3] *See* Mattel, Inc.'s Notice of Motion and Motion to Compel Production of Documents By MGA Entertainment, Inc. and for Award of Monetary Sanctions; and Memorandum of Points and Authorities, dated June 26, 2007 at p. 1.

28

MGA'S OPPOSITION TO
MATTEL'S MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

1    response to numerous requests, many of which Mattel now attempts to compel.

2    (See Kidman Decl. Exh 14; Bradley Decl. Exh. 1)  Furthermore, in its letters to

3    Mattel, MGA also agreed to withdraw certain objections and suggested reasonable

4    limitations on other requests in order to appropriately narrow them.  Disregarding

5    these offers of compromise, Mattel now disingenuously claims that they were never

6    made.

7         Pursuant to Mattel's letter requesting a meet and confer dated January 30,

8    2007, the parties discussed the concerns and possible resolution of objections to the

9    discovery requests.  (See Kidman Decl. Exh. 12)  The parties met on February 6,

10   2007, following which Mattel submitted a letter which mischaracterized MGA's

11   position at the conference.  (See Kidman Decl. Exh. 13)  In a letter dated February

12   9, 2007, MGA clarified its position, agreeing to produce documents to numerous

13   requests despite the fact that Mattel refused to narrow any of its grossly overbroad

14   demands.  (See Kidman Decl. Exh. 14)  Moreover, MGA submitted an additional

15   letter the following week, explaining its willingness to produce documents

16   responsive to yet more requests.  (See Bradley Decl. Ex. 1)  Mattel never responded

17   to these letters or the proposed offers, limitations and agreements referenced

18   therein.

19        Months later, following the Special Master's May 15 order regarding other

20   document requests, MGA sent Mattel yet another letter confirming that its prior

21   position was not inconsistent with such order and, in an overabundance of caution,

22   agreed to provide supplemental responses addressing the "relevant" and "non-

23   objectionable" language at issue.  (See Kidman Decl. Exh. 15, Bradley Decl. Exhs.

24   2, 3)  MGA submitted its supplemental responses to Mattel on May 31, 2007,

25   reflecting the Special Master's May 15 order.  (See Kidman Decl. Ex. 16)

26        Three weeks later, and without any further comment, complaint or

27   consultation about its discovery concerns, Mattel submitted the present Motion to

28

MGA'S OPPOSITION TO
MATTEL'S MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

Compel.[4]  This motion seeks to compel the production of documents that MGA has already agreed produce, documents that may be precluded by other motions pending before the court, and documents that constitute an unreasonable and overbroad fishing expedition not tailored to produce admissible evidence.  As such, Mattel's motion to compel should be denied.

## III.   ARGUMENT

### A.   Mattel's Motion Is Unnecessary And Should Be Denied With Respect To The Majority Of Documents Specifically Identified Therein

#### 1.   MGA Has Already Agreed to Produce Documents Responsive to Many of the Requests at Issue

The majority of Mattel's motion to compel is unnecessary and should be denied on that basis alone.  On February 6, 2007, the parties met and conferred regarding MGA's objections to Mattel's First set of Requests for Production.  (See Kidman Decl. Exh. 13)  During the conference of counsel, MGA agreed to review its responses to Mattel's requests, and followed by sending two letters to Mattel outlining numerous requests to which MGA agreed to produce responsive documents.  (See Kidman Decl. Exh. 14; Bradley Decl. Exh. 1)  The letters explained that MGA would produce, subject to its General and Specific Objections, documents responsive to Request Nos. 9-10, 12, 26, 29-30, 32-36, 45, 48-51, 118, 137, and 166.  *Mattel never responded to these letters*, and MGA acted on the belief that its terms were acceptable to Mattel.  Yet Mattel now claims that MGA has "refused" to produce responsive documents and seeks an order compelling same.  Moreover, as already discussed, MGA has already been producing numerous documents responsive to these requests.  In view of the foregoing, Mattel's motion

---

[4] See Mattel, Inc.'s Notice of Motion and Motion to Compel Production of Documents by MGA Entertainment, Inc. and for Award of Monetary Sanctions, dated June 26, 2007.

MGA'S OPPOSITION TO MATTEL'S MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

1   to compel with respect to Requests Nos. 9-10, 12, 26, 29-30, 32-36, 45, 48-51, 118,

2   137, and 166 should therefore be denied as moot.

3

4           **2.**        **To the Extent MGA's Objections Are Based Upon Issues**

                    **Previously Pending Before the Court, MGA Will Revisit Its**

5                       **Responses to Those Requests**

6         Because of the previously pending motion to dismiss relating to the alleged

7   theft of trade secrets, MGA believed that production of documents responsive to

8   Request Nos. 65-117 and 119 (which seek documents concerning MGA-Mexico

9   and its employees, and other topics relevant to Mattel's "trade secrets"

10  counterclaims), should be delayed pending the outcome of the Court's order.[5]

11  Judge Larson, in an order dated June 27, 2007, determined that Mattel's trade secret

12  claims survived MGA's motion to dismiss. As a result, MGA already had

13  determined that it would need to produce documents responsive to these Requests.

14  So as to avoid further burdening the Court, MGA agrees to produce any remaining

15  responsive documents to Request Nos. 65-117, 119.

16  **B.**    **Mattel's Motion With Respect To The Remaining Requests Should**

17         **Be Denied**

18          **1.**        **Mattel's Request Nos. 42, 54, 58-60, 138-140, 160-161, and**

19                  **164 Are Grossly Overbroad and Unduly Burdensome**

20        A party is only entitled to discovery that is "relevant to the claim or defense

21  of any party," Fed. R. Civ. P. 26(b)(1). Thus, a party may not propound document

22  requests as part of a fishing expedition to discover new claims. Indeed, "discovery

23  may not be used to conduct a fishing expedition in hopes that some fact supporting

24  an allegation will be uncovered." *McColm v. Restoration Group, Inc.*, 2007 U.S.

25  Dist. LEXIS 36478 (E.D. Cal. May 18, 2007) (citing *Inst. for Wildlife Prot.*

26

27      [5] Although the Special Master previously indicated that proof of trade secret theft is relevant to

28  Mattel's defenses to MGA's unfair competition claims, many of these Requests would have been grossly overbroad if MGA's motion to dismiss had been successful.

1   *Nortton*, 337, F. Supp. 2d 1223, 1226 (D. Wash. 2004).  *See also Rivera v. NIBCO,*

2   *Inc.* 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use

3   of discovery to engage in 'fishing expeditions.'").  The Special Master has

4   previously ruled that document requests that are "untethered to a claim or defense,"

5   or "to fish for new claims" are beyond the scope of allowable discovery in this

6   case. (See Bradley Decl., Exh. 4).

7        Numerous requests propounded by Mattel constitute just such a fishing

8   expedition prohibited by the Special Master.  For example, Mattel disingenuously

9   suggests that certain of its requests are designed to elicit discoverable information

10  about alleged theft of trade secrets through MGA's hiring practices.  The requests,

11  however, seek far more than that requesting broad categories of documents related

12  to MGA's recruiting efforts and hiring practices from January 1, 1999 to the present

13  time.  Mattel's Request No. 59, for example, asks for "All DOCUMENTS

14  RELATING TO any effort by YOU to recruit employees or contractors since

15  January 1, 1999, including but not limited to advertising, media releases, brochures,

16  articles, catalogs, handbooks, and public relations material."  This request would

17  require MGA to search documents related to the hiring of cleaning staff,

18  administrative personnel, and countless others whose employment is immaterial to

19  the matters at issue.  Moreover, it remains unclear how MGA's general employee

20  recruiting efforts affect Mattel's trade secrets claims.

21        Similarly, Request No. 138 seeks "All COMMUNICATIONS between YOU

22  and any PERSON RELATING TO the departure from MATTEL of any current or

23  former MATTEL employee or contractor."  These requests are designed, not

24  merely to seek out information relating to Mattel's claims, but rather to fish for new

25  claims.  Although Mattel refused to narrow these requests during the meet and

26  confer process, the requests, as written, do not tie back to any existing claim.

27  Instead, these Requests are designed to "fish" for new claims.  While the Special

28  Master has found that "[a]ny proof of trade secret theft is also relevant to Mattel's

- 7 -

1  defense against MGA's unfair competition claims," that does not give Mattel

2  dispensation to request all documents relating to *all* of MGA's recruiting and hiring

3  practices. Yet Mattel's requests seek precisely that.

4  　　　　Mattel also requests documents relating to statements made by MGA to news

5  organizations and through advertising, media releases and public relations material.

6  Mattel argues that it seeks these documents because it believes they may contain

7  admissions that support its position relating to ownership and copying of the

8  contested MGA and Mattel products, damages, and trade secret theft. Mattel's

9  requests as written seek far more than that. For example, Request No. 54 seeks

10  "All DOCUMENTS RELATING TO any COMMUNICATION by YOU with any

11  news organization regarding the CONTESTED MGA PRODUCTS or the

12  CONTESTED MATTEL PRODUCTS", which would include any communication

13  with any news organization regarding BRATZ for the past six years. Request No.

14  55 asks for "All periodicals, whether they be magazines, newspapers, newsletters,

15  or any other type of periodical, that mention the CONTESTED MGA PRODUCTS

16  that have been published since January 1, 1999." Similarly, Request No. 56

17  demands "All television or radio broadcasts or cablecasts that mention the

18  CONTESTED MGA PRODUCTS that have been disseminated since January 1,

19  1999." These requests encompass, among other things, every single advertisement

20  MGA ever ran in connection with BRATZ or any of the other products at issue.

21  　　　　Having padded its motion to compel with mooted or premature requests,

22  Mattel fails to address the central objections that MGA has raised in connection

23  with the Requests that actually are in dispute. Indeed, while Mattel's motion

24  proffers its reasons for seeking certain types of documents, it ignores the fact that

25  the requests as drafted are so broad that they would require MGA to provide Mattel

26  with categories of documents beyond any defensible justification. Mattel is not

27  entitled to abuse the discovery process by propounding vast and unfocused requests

28  seeking documents that are patently irrelevant to the present action. MGA has

- 8 -

1   been, and remains, willing to reconsider Mattel's requests when they are formatted

2   in a meaningful, reasonable manner that does not abuse either MGA or the

3   discovery process. As written, however, MGA cannot be expected to produce the

4   far-reaching universe of documents requested by Mattel, and stands by its

5   objections relating to Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164.

6           **2.      Mattel's Request Nos. 1, 3-4, 13, 18 Relate To A Contested**
                      **Appeal Pending Before The Court And Are Therefore**
7                     **Unripe For A Motion To Compel**

8           When MGA provided its response to Mattel's First Set of Requests for

9   Production on May 31, 2007, MGA originally sought to narrow the scope of these

10  requests to avoid producing documents related to undisclosed products. MGA

11  believed that documents related to MGA's undisclosed and/or unreleased product

12  information was not relevant to the instant litigation. On May 15, 2007, the Special

13  Master issued an order compelling MGA to produce documents related to such

14  undisclosed products. MGA appealed the Special Master's Order, which was heard

15  on July 2nd, 2007. To the extent Mattel's requests seek documents concerning

16  MGA's unreleased production information, MGA believes that Mattel's motion to

17  compel MGA to produce documents responsive to Request Nos. 1, 3-4, 13, and 18

18  to be premature.[6]

19          Mattel also presently seeks to compel production of advertisements, media

20  releases and consumer materials that are not, and were never, presented to the

21  public in the purchasing context, including drafts, discards and documents that may

22  be held for future purposes. Production of such documents should be limited to

23  materials that have actually been released to the public, where consumer confusion

24  takes place. Mattel's claims that such unpublished, competitively sensitive

25  documents are relevant to post-sale confusion and serial copycatting are non-

26

27

28  [6] That is, MGA agreed to produce documents that were available to the public, and hence not
    subject to the court's decision. (See Kidman Decl., Exh. 14)

-9-

1   sensical.  To the extent responsive, non-privileged documents were already

2   available to consumers, potential consumers, *or Mattel*, MGA has already been

3   producing and will continue to produce any such documents that are identified.

4       Accordingly, Mattel's request for an order compelling MGA to produce

5   documents responsive to Request Nos. 1, 3-4, 13, and 18 should be denied.

6   **C.    Sanctions Are Not Warranted**

7       Finally, Mattel argues that it is entitled to sanctions.  As set forth above, and

8   contrary to Mattel's assertions, MGA has already produced or is diligently working

9   to produce documents in response to the vast majority of Mattel's requests.

10  Furthermore, MGA properly raised legitimate objections to producing documents

11  related to grossly overbroad requests[7] and proposed reasonable limitations given the

12  pending motions before the court.[8]  Moreover, Mattel was not prejudiced by any

13  alleged deficiencies in MGA's document request responses, particularly in light of

14  Mattel's refusal to participate in a meaningful meet and confer process.

15  Furthermore, MGA has supplemented, refined and withdrawn certain of its

16  objections so as to cure any alleged deficiencies.  Accordingly, sanctions are not

17  appropriate.

18  **IV.   CONCLUSION**

19

20      For the reasons set forth above, the Court should deny Mattel's motion to

21  compel and for sanctions.

22

23      Dated:  July 3, 2007              O'MELVENY & MYERS LLP

24                                        *Michael Keats*

25                                        By:  Michael C. Keats
                                          Attorneys for MGA Entertainment, Inc.

26

27  ─────────────────
    [7] Kidman Decl., Exh. 8, Request Nos. 42, 54, 58-60, 138-140, 160-161, and 164.

28  [8] Kidman Decl., Exh. 8, Request Nos. 1, 3-4, 13, 18.

MGA'S OPPOSITION TO
MATTEL'S MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

# EXHIBIT 6

CONFORMED COPY

1   Hon. Edward A. Infante (Ret.)
   JAMS
2   Two Embarcadero Center
   Suite 1500
3   San Francisco, California  94111
   Telephone:   (415) 774-2611
4   Facsimile:   (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                         EASTERN DIVISION

10

11   CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                            JAMS Reference No.1100049530
12              Plaintiff,

13         v.                               Consolidated with
                                            Case No. CV 04-09059
14   MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15              Defendant.                  **ORDER GRANTING IN PART AND
                                            DENYING IN PART MATTEL'S
16                                          MOTION TO COMPEL PRODUCTION
                                            OF DOCUMENTS BY MGA;
17                                          DENYING REQUEST FOR
                                            MONETARY SANCTIONS**
18   CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
19   MGA ENTERTAINMENT, INC. v. MATTEL,
     INC.
20

21                       I.  INTRODUCTION

22         On June 26, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production of

23   Documents by MGA Entertainment, Inc. ("MGA") and for Award of Monetary Sanctions.  Mattel

24   seeks an order compelling MGA "to produce documents responsive to Mattel's First Set of

25   Requests for Documents and Things Re Unfair Competition Claims, including, without limitation,

26   Request Nos. 1, 3-10, 12-13, 16-18, 19-20, 26-27, 29-30, 32-40, 42-43, 45, 48-52, 54-56, 58-60,

27

28   Bryant v. Mattel, Inc.,                                          1
     CV-04-09049 SGL (RNBx)

8.14

1   65-119, 137-140, 157-161, 164 and 166," and for sanctions in the amount of $4,500, which

2   represents a portion of the costs incurred by Mattel in bringing this motion.  Mattel's Motion at

3   p.1.  On July 3, 2007, MGA submitted its opposition brief, and on July 9, 2007, Mattel submitted

4   a reply brief.  The matter was heard via telephonic conference on August 13, 2007.  Having

5   considered the motion papers and comments of counsel at the hearing, Mattel's motion to compel

6   is granted in part and denied in part, and the request for sanctions is denied.

7                              II. BACKGROUND

8         This consolidated action includes MGA's claims for unfair competition against Mattel.

9   Among other things, MGA alleges that Mattel has engaged in "serial copycatting" of MGA

10  products, packaging and advertising, including Bratz dolls and other Bratz products, Bratz

11  packaging and Bratz television commercials.  MGA also alleges that Mattel engaged in improper

12  conduct in dealing with retailers, licensees, employees and industry organizations.

13        After MGA filed its claims against Mattel, Mattel sought and was granted leave to file

14  several counterclaims against MGA, including claims for copyright infringement, violation of

15  RICO, conspiracy to violate RICO, misappropriation of trade secrets and unfair competition.

16  Among other things, Mattel alleges that MGA has induced Mattel employees to steal Mattel's

17  trade secrets, confidential information and other property and take it with them to their new

18  employment with MGA.  Mattel also alleges that Bryant conceived, created and developed Bratz

19  designs while he was employed by Mattel as a designer, that he concealed his Bratz work from

20  Mattel, and that he sold Bratz to MGA while he was a Mattel employee.  Mattel alleges that it is

21  the rightful owner of the Bratz designs and that MGA is engaging in copyright infringement of

22  the Bratz designs.

23        On December 18, 2006, Mattel propounded its First Set of Requests for Production of

24  Documents and Things re Claims for Unfair Competition to MGA (the "Requests for

25  Production").  The Requests for Production consist of 166 requests seeking information that

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

1  Mattel contends is relevant primarily to MGA's claims for unfair competition and Mattel's

2  defenses thereto.

3      In the meantime, MGA served its initial disclosures related to its unfair competition

4  claims. Mattel immediately filed a motion to compel MGA to provide complete initial

5  disclosures in compliance with Rule 26, Fed.R.Civ.P. Although the initial disclosures were

6  wholly inadequate, the Discovery Master denied the motion to compel, reasoning that it would be

7  more efficient and orderly for the parties to proceed with Mattel's pending Requests for

8  Production.

9      MGA served its responses to Mattel's Requests for Production on January 17, 2007.

10 MGA objected and refused to produce documents responsive to approximately two-thirds of

11 Mattel's requests. As to the remaining requests, MGA agreed to produce "relevant and non-

12 objectionable documents," subject to its General and Specific Objections.

13     Thereafter the parties met and conferred in person and exchanged a few letters. On

14 February 9, 2007, counsel for MGA advised Mattel by letter that MGA, subject to its General and

15 Specific objections, agreed to produce all "relevant and non-objectionable documents" responsive

16 to Request Nos. 1-4, 11, 13-15, 18, 21-26, 28-29, 31-36, 44-51, 53, 61-64, 118, 120-137, 141-156,

17 162-163, 165 and 166. Kidman Decl., Ex. 14. As to Request Nos. 9, 10 and 12, MGA also

18 agreed to produce "documents sufficient to show the timing of, and relevant facts regarding"

19 certain specified products. Id. Counsel for MGA sent another letter on February 16, 2007,

20 advising Mattel that MGA would produce documents responsive to Request Nos. 29 and 30.

21 Bradley Decl., Ex. 1. On May 21, 2007, MGA advised Mattel by letter that it agreed, in essence,

22 to withdraw its restriction to "relevant and non-objectionable documents" in its responses to the

23 Requests For Production. Bradley Decl., Ex. 3. On May 31, 2007, MGA served supplemental

24 responses to Mattel's Requests for Production, which no longer included the phrase "relevant and

25 non-objectionable." Kidman Decl., Exs. 11 and 16.

26

27

28

1    In its opening brief, Mattel contends that MGA has improperly refused to produce

2    documents relating to: the creation, origin, timing and ownership of the contested MGA products

3    and packaging, including the contested Bratz products and packaging (Request Nos. 5, 6-8, 16,

4    17, 19, 20, 38, 39, 48); MGA's alleged theft of Mattel's trade secrets and confidential information

5    by, among other things, targeting and recruiting current and former Mattel employees (Request

6    Nos. 42, 59, 60, 65-117, 138-140, 160, 161 and 164); damages (Request Nos. 27, 30 and 157-

7    159); facts MGA contends support its unfair competition claims (Request Nos. 45, 119 and 166).

8    Mattel contends that MGA has no legitimate basis for refusing to produce these categories of

9    documents because they are directly relevant to the claims and defenses in the case. Mattel also

10   contends that MGA has improperly restricted the scope of its document production in response to

11   Request Nos. 1, 3, 4, 13, 18, 29, 49, 52 and 137.

12   MGA contends that Mattel's motion should be denied in its entirety for three reasons.

13   First, Mattel is seeking documents MGA already agreed to produce as a result of the meet and

14   confer process. Second, Mattel is seeking documents that may be precluded by other motions

15   pending before the district court. Third, Mattel is seeking documents that constitute an

16   unreasonable and overbroad fishing expedition.

17   As to the first point, MGA contends that it has already agreed to produce documents

18   responsive to Request Nos. 9, 10, 12, 26, 29, 30, 32-36, 45, 48-51, 118, 137, and 166. Moreover,

19   MGA represents that it has produced more than 110,000 pages of documents, including

20   documents relating to the origin, infringement, design and tooling of Bratz and has also provided

21   Mattel with access to Bratz molds and sculpts. MGA also represents that it is continuing to

22   search for and produce documents responsive to Mattel's requests on a rolling basis.

23   MGA also asserts that it "has revisited certain of Mattel's requests, and so as to avoid

24   further burdening the Court, MGA agrees to produce non-privileged documents in its possession,

25   custody or control, subject to its previously stated General and Specific Objections, that are

26

27

28

1   responsive to the following sixteen requests:  5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and

2   157-159."  MGA's Opposition at p. 3.

3          MGA also represents that it is prepared to produce documents responsive to Mattel's

4   Request Nos. 65-117 and 119 (which seek documents concerning MGA-Mexico and its

5   employees, and other topics relevant to Mattel's counterclaims) now that Judge Larson issued an

6   order denying MGA's motion to dismiss Mattel's trade secret claims.[1]  MGA's Opposition at pp.

7   2 and 6.

8          As to the second point, MGA contends that Mattel's motion to compel is premature with

9   respect to Request Nos. 1, 3, 4, 13 and 18.  MGA explains that these requests seek, among other

10  things, information pertaining to undisclosed and/or unreleased MGA products.  The Discovery

11  Master issued an order compelling MGA to produce such documents in response to other Mattel

12  discovery requests.  MGA appealed the Discovery Master's ruling, which was heard by Judge

13  Larson on July 2, 2007.  MGA contends that it should not be required to produce documents

14  responsive to Request Nos. 1, 3, 4, 13 and 18 until Judge Larson issues a ruling.

15         For the remaining requests, however, MGA stands by its objections.  More specifically,

16  MGA contends that Request Nos. 42, 54, 58-60, 138-140, 160, 161 and 164 are grossly overbroad

17  and unduly burdensome.

18         In its reply brief, Mattel contends that MGA's belated offers to produce responsive

19  documents do not obviate the need for an order compelling production for several reasons.  First,

20  Mattel contends that in many instances, MGA's purported agreements to produce responsive

21  documents are subject to major qualifications.  For example, in response to Request Nos. 9, 10

22  and 12, MGA's meet and confer letter indicates that MGA has limited its production of

23  documents to only "documents sufficient to show the timing of, and relevant facts regarding"

24  certain products.  Kidman Decl., Ex. 14.  Second, Mattel points out that, in some instances, the

25

26  ────────────

27     [1]  Judge Larson issued the order on June 27, 2007, a day after Mattel submitted its opening brief.

28

1   representations in MGA's meet and confer letters conflict with MGA's subsequent May 31, 2007

2   supplemental responses.  For example, even though MGA stated earlier in its two meet and confer

3   letters that it would produce documents responsive to Request Nos. 9, 10, 12, 26, 30, 32-36, 45,

4   48, 50, 51, 118 and 166, MGA's May 31, 2007 supplemental responses indicate that MGA

5   objects and refuses to produce documents responsive to these requests.  Third, Mattel contends

6   that MGA has acknowledged its responsibility to produce documents responsive to Request Nos.

7   65-117 and 119 in view of Judge Larson's June 27, 2007 order denying MGA's motion to dismiss

8   Mattel's counterclaims, and yet, MGA has failed to do so.  Fourth, Mattel points out that MGA's

9   opposition brief is internally inconsistent with respect to Request Nos. 55 and 56, stating both that

10  MGA agrees to produce documents responsive to the requests, and that MGA objects to the

11  requests as overbroad and burdensome.  See MGA's Opposition at pp. 3 and 8.

12      Mattel also contends that Request Nos. 1, 3, 4, 13 and 18 are no longer premature because

13  on July 5, 2007, two days after MGA submitted its opposition brief, Judge Larson issued an order

14  upholding the Discovery Master's ruling with respect to undisclosed and/or unreleased MGA

15  products.  Accordingly, Mattel requests an order compelling production of documents all

16  documents responsive to Request Nos. 1, 3, 4, 13 and 18 without any limitations, and overruling

17  any objections thereto.

18      With respect to the remaining requests to which MGA continues to object, Mattel reasserts

19  that the requests seek documents relevant to Mattel's trade secret counterclaims.  Mattel also

20  contends that MGA has failed to establish that complying with the requests would impose an

21  undue burden.

22                              III. DISCUSSION

23      Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

24  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

25  party." Fed.R.Civ.P. 26(b)(1).  Fishing expeditions to discover new claims, however, are not

26  permitted.  See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

27

28

1   2004) ("District courts need not condone the use of discovery to engage in 'fishing

2   expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

3   (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

4   (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

5   the phrase "subject matter involved in the pending action," were intended to prevent discovery

6   that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

7   litigate the issues presented by the pleadings but to develop new claims or defenses.).

8        Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or

9   extent of use of the discovery methods if the court determines that "(i) the discovery sought is

10  unreasonably cumulative or duplicative, or is obtainable from some other source that is more

11  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

12  opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

13  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

14  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

15  the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

16  26(b)(2).

17  <u>Request Nos. 1, 3, 4, 13 and 18</u>

18       Request No. 1 seeks "[a] sample of each of the CONTESTED MGA PRODUCTS,

19  together with each such product's packaging, instructions, promotional materials and other

20  associated packaging materials." Request No. 3 seeks "[a] complete copy of each advertisement

21  or promotional statement prepared, produced, printed, broadcast, made available to anyone in any

22  manner via the Internet, or otherwise used or disseminated in any way in connection with the

23  CONTESTED MGA PRODUCTS." Request No. 4 seeks "[a] complete copy of each

24  COMMUNICATION, advertisement, promotional statement that provides a basis for any claim

25  by [MGA] against MATTEL." Request No. 13 seeks "[a]ll DOCUMENTS RELATING TO any

26  revision of any CONTESTED MGA PRODUCTS, including but not limited to any proposed

27

28

1   alternatives, modifications or changes (whether or not implemented) to such CONTESTED MGA

2   PRODUCTS." Request No. 18 seeks "[a]ll DOCUMENTS RELATING TO the marketing,

3   advertising, promotion, licensing, offering for sale or sale of the CONTESTED MGA

4   PRODUCTS, including but not limited to all marketing studies, marketing plans, sales plans,

5   sales forecasts, strategies, surveys and analyses and including but not limited to all catalogs,

6   advertisements, brochures, displays and Internet publications."

7        During the meet and confer process, MGA agreed to produce documents responsive to

8   Request Nos. 1, 3, 4, 13 and 18. Kidman Decl., Ex. 14. In its subsequent supplemental

9   responses, however, MGA responded that it would produce responsive documents "visible to the

10   consuming public at the point of purchase," "made available to the public," or "presented to the

11   consuming public." MGA's Supp. Response, Kidman Decl., Ex. 8 and 16.

12        Mattel contends that the requested documents and items are relevant to MGA's claim of

13   "serial copying," whether or not they are seen by the consuming public. Mattel also contends that

14   the documents it seeks are relevant to any claim by MGA of "post sale confusion." Furthermore,

15   Mattel argues that MGA's restrictions on discovery are unreasonable in light of MGA's own

16   claimed trade dress, which MGA alleges extends to the entirety of MGA's marketing techniques

17   and product appearance. Mattel also contends that Request No. 13 seeks documents that are

18   directly relevant to MGA's claim that Mattel systematically modified its products to increase their

19   similarity to MGA's products over time.

20        In its opposition brief, MGA does not attempt to refute any of Mattel's relevancy

21   arguments above, relying instead on its argument that these requests are premature until Judge

22   Larson issues a ruling. Judge Larson, however, issued an order on July 5, 2007. Accordingly, the

23   requests are no longer premature. The subject requests are relevant and not unduly burdensome.

24   MGA is ordered to produce all non-privileged documents that are responsive to Request Nos. 1,

25   3, 4, 13 and 18.

26   //

27

28

1    **Request Nos. 5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159**

2            In its opposition brief, MGA agrees to produce documents responsive to Request Nos. "5-

3    8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159." MGA's Opposition at p. 3. Later in its

4    opposition brief, however, MGA contends that Request Nos. 55 and 56 are overbroad and

5    burdensome. See MGA's Opposition at pp. 3 and 8. Request No. 55 seeks production of "[a]ll

6    periodicals, whether they be magazines, newspapers, newsletters, or any other type of periodical,

7    that mention the CONTESTED MGA PRODUCTS that have been published since January 1,

8    1999." Request No. 56 seeks "[a]ll television or radio broadcasts or cablecasts that mention the

9    CONTESTED MGA PRODUCTS that have been disseminated since January 1, 1999." MGA

10   contends that these requests encompass, among other things, every single advertisement MGA

11   ever ran in connection with BRATZ or any of the other products at issue.

12           Mattel contends that Request Nos. 55 and 56 are designed to obtain documents that may

13   contain admissions relevant to various issues in the case, including admissions regarding the

14   origin and timing of the products at issue; the performance of the contested products or MGA as a

15   whole, which may undercut MGA's claims for damages; and statements that might reveal that

16   MGA had access to confidential Mattel information.

17           Although Request Nos. 55 and 56 encompass potentially relevant documents, they are

18   overbroad. They require MGA to produce every single advertisement MGA ever ran in

19   connection with all of the products at issue. The requests are not limited in any respect to the

20   subjects of interest to Mattel, i.e., the origin and timing of the products at issue. Furthermore,

21   Mattel has utilized other document requests and depositions to obtain the type of evidence it now

22   seeks.

23           Accordingly, Mattel's motion is granted as to Request Nos. 5-8, 16-17, 19-20, 27, 37-40,

24   43, 52, and 157-159 to ensure a deadline for production, and denied as to Request Nos. 55 and 56

25   pursuant to Rule 26(b)(2), Fed.R.Civ.P.

26   //

27

28

1  **Request Nos. 9, 10, 12**

2       Request Nos. 9, 10 and 12 call for "[a]ll DOCUMENTS RELATING TO the invention,

3  creation, origin, conception, authorship, design, development, production, engineering,

4  manufacture, distribution, sale and ownership of products and packaging" "that YOU contend

5  provide a basis for any claim against MATTEL, whether or not such claim is in the

6  COMPLAINT" (No. 9); "that YOU contend MATTEL copied or infringed" (No. 10); and related

7  "COMMUNICATIONS" (No. 12). During the meet and confer process, MGA agreed to produce

8  "documents sufficient to show the timing of, and relevant facts" regarding the following products

9  on the following topics:

10       • "First generation 'Bratz'" line, including packaging – invention, creation, origin,

11          conception, authorship, design, development, sale and ownership;

12       • "Bratz" "Wintertime Wonderland" line, including packaging – invention, creation,

13          origin, conception, authorship, and first sale;

14       • "Bratz" "Sportz" Cloe, including packaging – invention, creation, origin, conception,

15          authorship and first sale;

16       • "Bratz" "Sun-Kissed Summer" line, including packaging and playset – invention,

17          creation, origin, conception, authorship, and first sale;

18       • "Bratz" "Formal Funk" line –invention, creation, origin, conception, authorship, and first

19          sale;

20       • "Bratz" "Runway Disco," including packaging – invention, creation, origin, conception,

21          authorship, and first sale;

22       • "Bratz" "Funky Fashion Makeover Head," including packaging – invention, creation,

23          origin, conception, authorship, and first sale;

24       • "Bratz" "Petz," including packaging – invention, creation, origin, conception,

25          authorship, and first sale;

26

27

28

1      • "4-Ever Best Friends," including packaging – invention, creation, origin, conception,

2      authorship, and first sale;

3      • "Mommy's Little Patient" – invention, creation, origin, conception, authorship, and first

4      sale;

5      • "AlienRacers," including logo – invention, creation, origin, conception, authorship, and

6      first sale; and

7      • "Bratz" "Diamondz" line – invention, creation, origin, conception, authorship, and first

8      sale.

9  Kidman Decl., Ex. 14.  In response to Request No. 9, MGA also agreed to produce documents

10  containing development, production and sales information for the product(s) affected by the hair

11  shortage allegedly caused by Mattel and "sufficient to show the timing of and relevant facts

12  regarding the shortage and its effect on MGA." Id.  Thereafter, MGA asserted objections to these

13  requests in its May 31, 2007 supplemental responses.  In opposition to Mattel's motion, however,

14  MGA restated that it would produce documents responsive to these requests consistent with its

15  prior meet and confer letter.  MGA's Opposition at p. 5.

16      Mattel contends that MGA's agreement to produce documents is insufficient because

17  MGA has limited its production to documents "sufficient to show."  MGA's opposition brief fails

18  to address Mattel's argument.  Instead, MGA merely asserts that it agreed to produce documents

19  responsive to Request Nos. 9, 10 and 12 during the meet and confer process, and therefore

20  Mattel's motion should be denied as moot.

21      Request Nos. 9, 10 and 12 clearly seek relevant information, and MGA has failed to

22  justify why its production should be limited to documents "sufficient to show."  Therefore,

23  Mattel's motion is granted as to Request Nos. 9, 10 and 12.

24  **Request Nos. 26, 29, 30, 32,-36, 45, 48-51, 118, 137 and 166**

25      In its two meet and confer letters MGA agreed to produce, subject to its General and

26  Specific Objections, documents responsive to Request Nos. 26, 29, 30, 32-36, 45, 48-51, 118, 137

27

28

1   and 166. Kidman Decl., Ex. 14. Mattel points out, however, that MGA's May 31, 2007

2   supplemental responses are inconsistent insofar as the responses indicate that MGA continues to

3   object to some of the requests, or otherwise agrees to produce only a limited portion of documents

4   responsive to other requests. Mattel's Reply Brief at p. 7. Nevertheless, in its opposition brief,

5   MGA reaffirms its earlier agreement to produce all responsive documents, and states that it

6   considers Mattel's motion to be moot. See MGA's Opposition at pp. 5-6. Mattel's motion is

7   granted as to this category of requests.

8   **Request Nos. 65-117 and 119**

9          In its opposition brief, MGA agrees to produce documents responsive to Mattel's Request

10  Nos. 65-117 and 119 now that Judge Larson issued an order denying MGA's motion to dismiss

11  Mattel's trade secret claims. MGA's Opposition at pp. 2 and 6. Mattel's motion is granted as to

12  these requests.

13  **Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164**

14         MGA contends that Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164 are overbroad

15  and unduly burdensome. Mattel insists that they are not. More specifically, Mattel contends that

16  the requests seek documents regarding MGA's alleged theft of Mattel's trade secrets, and in

17  particular, the theft of trade secrets through targeting and hiring current and former Mattel

18  employees.

19         Request No. 42 seeks "[a]ll COMMUNICATIONS between [MGA] and any individual

20  while the individual was employed by MATTEL." Although the request may encompass relevant

21  documents, it is overbroad insofar as it requires production of all communications, regardless of

22  subject matter. Furthermore, the request is objectionable to the extent it seeks documents that are

23  equally available to Mattel. Therefore, Mattel's motion is denied as to Request No. 42 pursuant

24  to Rule 26(b)(2), Fed.R.Civ.P.

25         Request No. 54 seeks "[a]ll DOCUMENTS RELATING TO any COMMUNICATION by

26  [MGA] with any news organization regarding the CONTESTED MGA PRODUCTS or the

27

28

1   CONTESTED MATTEL PRODUCTS." Once again, the request encompasses potentially

2   relevant documents, however it is overbroad, seeking all documents relating to any

3   communications by MGA with any news organization.  Furthermore, the request seeks documents

4   that are of relatively minimal relevance to the claims and defenses in the case.  Therefore,

5   Mattel's motion is denied as to Request No. 54 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

6        Request Nos. 58 seeks "[a]ll DOCUMENTS RELATING TO publicity by [MGA] or

7   about the CONTESTED MGA PRODUCTS since January 1, 1999, including but not limited to

8   advertising, media releases, and public relations material."  This request is also overbroad in that

9   it seeks all documents relating to publicity by MGA about its products at issue in the litigation.

10  Mattel's motion is therefore denied as to Request No. 58 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

11       Request No. 59, asks for "[a]ll DOCUMENTS RELATING TO any effort by [MGA] to

12  recruit employees or contractors since January 1, 1999, including but not limited to advertising,

13  media releases, brochures, articles, catalogs, handbooks, and public relations material."  The

14  request is overbroad insofar as it requires production of all documents relating to MGA's

15  recruiting, including for instance, recruiting from competitors other than Mattel.  Mattel's motion

16  is therefore denied as to Request No. 59 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

17       Request No. 60 seeks "[a]ll DOCUMENTS RELATING TO the hiring, engagement, or

18  retention by [MGA] of any former or current MATTEL employee or contractor since January 1,

19  1999, including but not limited to all employment agreements and agreements RELATING TO

20  confidentiality or the invention, authorship, or ownership of any concept or product."  Request

21  No. 138 seeks "[a]ll COMMUNICATIONS between [MGA] and any PERSON RELATING TO

22  the departure from MATTEL of any current or former MATTEL employee or contractor."

23  Request No. 139 seeks "[a]ll COMMUNICATIONS between [MGA] and any PERSON

24  RELATING TO the obligations to MATTEL, including the duty of confidentiality, of any current

25  or former MATTEL employee or contractor.  Request No. 140 seeks "[a]ll

26  COMMUNICATIONS between [MGA] and any current or former MATTEL employee or

27

28

1    contractor RELATING TO the ownership of any idea, concept, design, or product. Unlike the

2    previous requests, Request Nos. 60, 138, 139 and 140 are reasonably tailored to seek documents

3    central to Mattel's allegation that MGA stole its trade secrets through targeting and hiring current

4    and former Mattel employees. MGA has not carried its burden of establishing that it would be

5    unduly burdensome to comply with these requests. Accordingly, Mattel's motion is granted as to

6    Request Nos. 60, 138, 139 and 140.

7        Request No. 160 seeks "[a]ll DOCUMENTS received from MATTEL (whether directly

8    or indirectly) by [MGA] at any time since January 1, 1999." Request No. 161 seeks "[a]ll

9    DOCUMENTS that [MGA has] reason to believe were created by or originated from MATTEL,

10   other than MATTEL products that [MGA] purchased at retail." Request No. 164 seeks "[a]ll

11   DOCUMENTS RELATING TO any COMMUNICATIONS with, or inquiry or investigation by,

12   any government entity RELATING TO the CONTESTED MGA PRODUCTS or the

13   CONTESTED MATTEL PRODUCTS." These three requests are also reasonably tailored to seek

14   documents that could support Mattel's allegations of trade secret theft. MGA has failed to

15   establish that it would be unduly burdensome to comply with these requests. Mattel's motion is

16   granted as to Request Nos. 160, 161 and 164.

17                      IV. CONCLUSION

18        For the reasons set forth above, Mattel's motion is granted as to Request Nos. 1, 3-10, 12,

19   13, 16-20, 26, 27, 29, 30, 32-40, 43, 45, 48-52, 60, 65-117, 118, 119, 137-140, 157-161, 164 and

20   166, and denied as to Request Nos. 42, 54-56, 58, 59. MGA shall produce, without limitation, all

21   non-privileged responsive documents in accordance with this Order no later than August 30,

22   2007. Mattel's request for sanctions is denied.

23        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

24   Master, Mattel shall file this Order with the Clerk of Court forthwith.

25   Dated: August /3, 2007

26                  HON. EDWARD A. INFANTE (Ret.)

                     Discovery Master

27

28

### PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 13, 2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA; DENYING REQUEST FOR MONETARY SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | ltrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 13, 2007, at San Francisco, California.

Sandra Chan

# EXHIBIT 7

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

November 2, 2007

**VIA FACSIMILE AND EMAIL**

Thomas Nolan, Esq.
Carl Roth, Esq.
Skadden Arps, Slate, Meagher and Flom LLP
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071

Re:   **Mattel v. Bryant**

Dear Counsel:

One of MGA Entertainment, Inc.'s Rule 30(b)(6) designees, Lisa Tonnu, testified that O'Melveny & Myers, MGA's prior counsel, had in its possession a compact disc containing Mattel authored documents which she understood included documents seized by law enforcement authorities in Mexico. MGA Deposition Tr. (Tonnu) at 664-665. Please let me know when Mattel can inspect the CD (or any other media) containing Mattel authored documents and can obtain a forensically sound image of such media. If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon Corey

07209/2283207.1

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

# EXHIBIT 8

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111.
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   January 8, 2008

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Thomas Nolan, Esq. <br> Carl Roth, Esq. <br> *Skadden, Arps, Slate, Meagher & Flom LLP* | 213.687.5000 | 213.687.5600 |
|  |  |  |

**FROM:**   Jon Corey

**RE:**   *Bryant v. Mattel*

**MESSAGE:**



07209/2266533.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Johanna Lopez/10th Floor | ☒ CONFIRM FAX <br> ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | *PASQUA* | | CONFIRMED? | ☐ NO ☐ YES: _____ |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

# Confirmation Report — Memory Send

Page        : 001
Date & Time: 01-08-2008   13:21
Line 1      : 2134433100
Line 2      :
Machine ID  : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 167 |
| Date | : | 01-08  13:20 |
| To | : | ☎76706#7209#12136875600 |
| Number of pages | : | 003 |
| Start time | : | 01-08  13:20 |
| End time | : | 01-08  13:21 |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 167            *** SEND SUCCESSFUL ***

---

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111-
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**    January 8, 2008                    **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Thomas Nolan, Esq.<br>Carl Roth, Esq.<br>*Skadden, Arps, Slate, Meagher & Flom LLP* | 213.687.5000 | 213.687.5600 |
| | | |

**FROM:**      Jon Corey

**RE:**      *Bryant v. Mattel*

**MESSAGE:**

| | | | | |
|---|---|---|---|---|
| 07209/2266533.1 | | | | |
| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Johanna Lopez/10th Floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
| OPERATOR: | PASCUA | CONFIRMED? | ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 8, 2008

Thomas Nolan, Esq.
Carl Roth, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Suite 3400
Los Angeles, CA 90071

Re:     Mattel, Inc. v. Carter Bryant, et al.

Dear Counsel:

I write to follow up my November 2, 2007 letter requesting a forensically sound copy of the compact disc containing Mattel documents that Ms. Tonnu identified at her deposition (attached). Please let me know when I can receive a copy of the compact disc, or alternatively, please consider this a request to meet and confer pursuant to paragraph 5 of the Discovery Master Stipulation and Order.

Best regards,

Jon Corey

Jon Corey

JDC:jcl

Enclosure

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2300981.1

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

November 2, 2007

**VIA FACSIMILE AND EMAIL**

Thomas Nolan, Esq.
Carl Roth, Esq.
Skadden Arps, Slate, Meagher and Flom LLP
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071

Re:     **Mattel v. Bryant**

Dear Counsel:

One of MGA Entertainment, Inc.'s Rule 30(b)(6) designees, Lisa Tonnu, testified that O'Melveny & Myers, MGA's prior counsel, had in its possession a compact disc containing Mattel authored documents which she understood included documents seized by law enforcement authorities in Mexico.  MGA Deposition Tr. (Tonnu) at 664-665.  Please let me know when Mattel can inspect the CD (or any other media) containing Mattel authored documents and can obtain a forensically sound image of such media.  If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon Corey

07209/2283207.1

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

**EXHIBIT 9**

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301
———
TEL: (650) 470-4500
FAX: (650) 470-4570
http://www.skadden.com

DIRECT DIAL
(650) 470-4624
EMAIL ADDRESS
ATEMKIN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
RESTON
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

January 16, 2008

**Via Email and Facsimile**

Jon Corey, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

      RE:   *Bryant v. Mattel*

Dear Mr. Corey:

      We are in receipt of your January 8, 2008 letter requesting a "forensically sound" copy of the disk that Ms. Tonnu referenced in her deposition.  In order to respond to your request, please clarify what you mean by a "forensically sound" copy.

      Very truly yours,

Andrew C. Temkin

259204.01-Palo Alto Server 1A - MSW

# EXHIBIT 10

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 17, 2008

**VIA FACSIMILE [(650) 470-4500] AND U.S. MAIL**

Andrew C. Temkin, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue Suite 1100
Palo Alto, California 94301

Re:     <u>Bryant v. Mattel, Inc.</u>

Dear Mr. Temkin:

I write in response to your letter of yesterday evening.  Specifically, in response to MGA's
request for clarification concerning Mattel's request for a "forensically sound" copy of the CD
referenced by Ms. Tonnu, Mattel requests that MGA permit Mattel to inspect the CD and either
make its own copy or an Encase image.  Please promptly apprise us of when Mattel may do so.

Best regards,

*Jon D. Corey*

Jon D. Corey

07209/2357213.1

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2357213.1