Exhibit S

00029/2340430.1

EXHIBIT S REMOVED

PURSUANT TO PROTECTIVE ORDER

# Exhibit T

00029/2340430.1

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER

SAN FRANCISCO, CALIFORNIA 94111-5974

**RECEIVED**

**DEC 0 7 2007**

DIRECT DIAL
41 5-984-2647
EMAIL ADDRESS
TMILLER@SKADDEN.COM

TEL: (415) 984-6400

FAX: (415) 984-2698

www.skadden.com

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
PALO ALTO
RESTON
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 7, 2007

<u>Via Hand Delivery</u>

Scott B. Kidman, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE:   <u>Mattel v. Bryant, et al.</u>

Dear Scott:

I enclose documents produced by MGA Entertainment, Inc. ("MGA") in response to Mattel's Second Set of Requests for Production of Documents. The documents are Bates numbered MGA 3709872 through MGA 3745687 and are marked CONFIDENTIAL-ATTORNEYS EYES ONLY under the protective order. In addition, these documents are produced pursuant to Rule 33(d) of the Federal Rules of Civil Procedure in response to Mattel's Interrogatory No. 45.

This production substantially completes MGA's production of documents in response to Mattel's Second Set of Requests for Production. MGA is assembling a small amount of additional data and will produce it to you as soon as it becomes available. The enclosed documents include far more than the financial information that was the focus of Mattel's November 26, 2007, Motion to Compel Production of Documents, including the reports listed on <u>Exhibit A</u> to this letter. We therefore request that you withdraw the motion.

Please do not hesitate to call if you have any questions.

Very truly yours,

Timothy A. Miller

**EXHIBIT T PAGE 395**

Scott B. Kidman, Esq.
December 7, 2007
Page 2

**Exhibit A to December 7, 2007, Letter from**

**Timothy A. Miller to Scott B. Kidman**

I.  Profit-and-Loss Statements

    A.  Statements of operations by year (2001-2006)

    B.  Statements of operations by month (2002, 2003, 2006)

    C.  Statements of operations, by month, for seven months ended July 31, 2007

    D.  Statements of operations, YTD, for seven months ended July 31, 2007

II.  Sales & Returns Data

    A.  By customer (2001-2006)

    B.  By SKU (2001-2006)

    C.  By SKU sales (2001-2006)

III.  Advertising media expense (2006 Actual, 2007 YTD)

IV.  Advertising production expense (2006 Actual, 2007 YTD)

V.  Tooling costs & depreciation (2002-2006, 2007 through October 31)

VI.  Great Plains to Axapta Account Map

VII.  Royalty Data

    A.  Carter Bryant, by quarter (Q201 – Q307)

    B.  Bratz sub-licensors

        1.  Lovins (2002-2006, Q1-Q3 2007)

        2.  Parinchy (2004-2006, Q1-Q2 2007)

VIII.  Item Master

    A.  Fall 2001 long price list

    B.  Spring 2001 long price list

    C.  Fall 2002 price list

Scott B. Kidman, Esq.
December 7, 2007
Page 3

      D.      Spring 2002 long price list

      E.      Fall 2003 price list

      F.      Spring 2003 price list

      G.      2004 HK Part Data as of 5/17/2004

      H.      2005 HK Standard Costs as of 12/31/2005

      I.      2006 HK Item Master as of 12/5/2006

      J.      2007 HK Standard Costs as of 1/23/2007

      K.      Mapping of Sales Item Attributes to Description

IX.      Entertainment

      A.      DVD Revenue/Cost/Amortization Schedule (Dec. 2006 YTD)

      B.      TV Syndication Revenue and Production Cost (Oct. 2007 YTD)

X.      Licensee payment logs

**EXHIBIT T PAGE 397**

# Exhibit U

EXHIBIT U REMOVED

PURSUANT TO PROTECTIVE ORDER

# Exhibit V

1 │ QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 │   John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
3 │   Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
4 │   Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
5 │   Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
6 │ 865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
7 │ Telephone: (213) 443-3000
Facsimile: (213) 443-3100

8 │ Attorneys for Mattel, Inc.

9

10 │ UNITED STATES DISTRICT COURT

11 │ CENTRAL DISTRICT OF CALIFORNIA

12 │ EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| Defendant. | Hon. Edward A. Infante (Ret.) Discovery Master |
| AND CONSOLIDATED CASES | [~~PROPOSED~~] ORDER GRANTING MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA ENTERTAINMENT, INC. |
| | Date: December 14, 2007 Time: 10:45 a.m.. Place: JAMS S.F. Office |
| | Discovery Cut-Off: January 28, 2008 Pre-Trial Conference: April 7, 2008 Trial Date: April 29, 2008 |

07209/2335377.1

PROPOSED ORDER

**EXHIBIT V PAGE 407**

# [PROPOSED] ORDER

Having considered Mattel, Inc.'s Motion to Compel Production of Documents by MGA Entertainment, Inc. dated November 26, 2007 (the "Motion"), and all other papers and argument submitted in support of or in opposition to the Motion,

IT IS HEREBY ORDERED that:

1.   Mattel's Motion is GRANTED.

2.   MGA Entertainment, Inc. ("MGA") shall produce on or before January 10, 2008 all non-privileged documents responsive to Request Nos. 2-6, 8-15, 17-23, 25-33, 35-43 and 45-46 of Mattel, Inc.'s Second Set of Requests for Documents and Things to MGA Entertainment, Inc.

3.   In response to Request No. 7, MGA shall produce on or before January 10, 2008 (a) all documents that state or refer to MGA's profits (including without limitation gross profits, net profits or incremental profits) from the sale of each Bratz doll sold by MGA or its licensees and (b) documents sufficient to determine, calculate and/or evaluate MGA's profits (including without limitation gross profits, net profits and incremental profits) from the sale of each Bratz doll sold by MGA or its licensees, including any summary reports of such profits or summary reports of costs deductible from revenue to arrive at such profits.

4.   In response to Request No. 16, MGA shall produce on or before January 10, 2008 (a) all documents that state or refer to MGA's profits (including without limitation gross profits, net profits or incremental profits) by product number or SKU from the sale of each Bratz doll sold by MGA or its licensees and (b) documents sufficient to determine, calculate and/or evaluate MGA's profits (including without limitation gross profits, net profits and incremental profits) by product number or SKU from the sale of each Bratz doll sold by MGA or its licensees, including any summary reports of such profits or summary reports of costs deductible from revenue to arrive at such profits.

1      5.      In response to Request No. 24, MGA shall produce on or before January

2  10, 2008 (a) all documents that state or refer to MGA's profits (including without

3  limitation gross profits, net profits or incremental profits) from the sale of each Bratz

4  product sold by MGA or its licensees and (b) documents sufficient to determine,

5  calculate and/or evaluate MGA's profits (including without limitation gross profits,

6  net profits and incremental profits) from the sale of each Bratz product sold by MGA

7  or its licensees, including any summary reports of such profits or summary reports of

8  costs deductible from revenue to arrive at such profits.

9      6.      In response to Request No. 34, MGA shall produce on or before January

10  10, 2008 (a) all documents that state or refer to MGA's profits (including without

11  limitation gross profits, net profits or incremental profits) by product number or SKU

12  from the sale of each Bratz product sold by MGA or its licensees and (b) documents

13  sufficient to determine, calculate and/or evaluate MGA's profits (including without

14  limitation gross profits, net profits and incremental profits) by product number or

15  SKU from the sale of each Bratz product sold by MGA or its licensees, including any

16  summary reports of such profits or summary reports of costs deductible from revenue

17  to arrive at such profits.

18

19

20

21

22

23

24

25

26

27

28

-2-

PROPOSED ORDER

**EXHIBIT V PAGE 409**

7.    In response to Request No. 44, MGA shall produce on or before January 10, 2008 (a) all valuations of, or that refer or relate to, Bratz at any time from 1998 to the present, (b) all documents that state or refer to the value of the Bratz at any time from 1998 to the present and (c) documents sufficient to determine, calculate and/or evaluate the value of the Bratz for each year from 1998 to the present.

**IT IS SO ORDERED.**

DATED: ___12 - 28___ , 2007

Hon. Edward A. Infante (Ret.)
Discovery Master

07209/2335377.1

-3-

PROPOSED ORDER

**EXHIBIT V PAGE 410**

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on December 28, 2007, I served the attached: (1) ORDER GRANTING MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA ENTERTAINMENT, INC., (2) STIPULATION AND ORDER RE: CONTINUANCE OF TIME FOR PARTIES TO FILE JOINT STATEMENT REGARDING MATTEL'S REQUEST FOR DESTRUCTIVE TESTING OF BRYANT ORIGINALS, and (3) ORDER GRANTING MATTEL'S REQUEST FOR EXTENSION OF TIME TO SERVE ITS OPPOSITION PAPERS IN RESPONSE TO MGA'S MOTION TO COMPEL RULE 30(b)(6) WITNESSES in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on December 28, 2007, at San Francisco, California.

_Sandra Chan_
Sandra Chan

**EXHIBIT V PAGE 411**

# Miscellaneous Filings (Other Documents)
2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc
(RNBx), AO279, DISCOVERY, RELATED-G

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Proctor, Brett on 1/2/2008 at 10:18 AM PST and filed on
1/2/2008
**Case Name:**         Carter Bryant v. Mattel Inc
**Case Number:**       2:04-cv-9049
**Filer:**             Mattel Inc
**Document Number:** 1426

**Docket Text:**
Order Granting Mattel, Inc.'s Motion to Compel Production of Documents by MGA Entertainment, Inc.
filed by Defendant Mattel Inc re: MOTION to Compel Production of Documents[1146] (Proctor, Brett)


**2:04-cv-9049 Notice has been electronically mailed to:**

Timothy L Alger    timalger@quinnemanuel.com

Christa M Anderson    canderson@kvn.com

Jon D Corey    joncorey@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Emil W Herich    eherich@kmwlaw.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Nathan Meyer    nmeyer@kayescholer.com, dclow@kayescholer.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com

Mark E Overland    moverland@obsklaw.com

Michael H Page    mhp@kvn.com          **EXHIBIT V PAGE 412**

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

John B Quinn    johnquinn@quinnemanuel.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

John Elliot Trinidad    jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mmv@kvn.com

Michael T Zeller    michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Michelle M Campana
Skadden Arps Slate Meagher & Flom LLP
4 Times Square
New York, NY 10036-6522

John W Keker
Keker & Van Nest
710 Sansome St
San Francisco, CA 94111-1704

Kenneth A Plevan
Skadden Arps Slate Meagher & Flom
4 Times Sq
New York, NY 10036-6522

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\laurakinsey\Desktop\Order re Production of Docs.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=1/2/2008] [FileNumber=5137449-0]
[201a62c1d33ba395dbe5cd629ee8878de94401a6b9d8cf1b38283b5b795fa9e8d71d4
6732a909a8f5bfd3f7a5cf1d442f0b6ecce1ae629cef8176e05b3eca6af]]

**EXHIBIT V PAGE 413**

Exhibit W

EXHIBIT W REMOVED

PURSUANT TO PROTECTIVE ORDER

Exhibit X

1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, CA  90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:       tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, Suite 3800
   San Francisco, CA  94111
7  Telephone:  (415) 984-6400
   Facsimile:   (415) 984-2698
8  E-mail:       rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11            UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13                   EASTERN DIVISION

14 CARTER BRYANT, an individual          )  CASE NO. CV 04-9049 SGL (RNBx)
                                         )
15              Plaintiff,               )  Consolidated with Case No. 04-9059
                                         )  and Case No. 05-2727
16      v.                               )
                                         )  MGA ENTERTAINMENT,
17 MATTEL, INC., a Delaware              )  INC.'S SUPPLEMENTAL
   corporation                           )  RESPONSES TO MATTEL,
18                                       )  INC.'S REVISED THIRD SET
              Defendant.                 )  OF INTERROGATORIES
19                                       )
                                         )  Honorable Stephen G. Larson
20                                       )  Courtroom 1
                                         )
21 Consolidated with MATTEL, INC. v.     )  Discovery Cut-Off:  March 3, 2008
   BRYANT and MGA                        )
22 ENTERTAINMENT, INC. v.                )
   MATTEL, INC.                          )
23                                       )

24 PROPOUNDING PARTY:      MATTEL, INC.  ("MATTEL")

25 RESPONDING PARTY:       MGA ENTERTAINMENT, INC.  ("MGA")

26 SET NUMBER:             REVISED THIRD

27

28
                            11·30

## PRELIMINARY STATEMENT

1          MGA hereby serves its objections to Mattel's Revised Third Set of

2 Interrogatories. MGA is not yet in a position to serve its substantive responses to

3 Mattel's Revised Third Set of Interrogatories, in part due to Mattel's failure to

4 provide meaningful document, deposition and other discovery and also the transition

5 of MGA's representation from prior counsel of record to Skadden, Arps. MGA

6 intends to supplement its objections with substantive responses to the

7 unobjectionable portions of the interrogatories contained in Mattel's Revised Third

8 Set of Interrogatories as soon as it is in a position to do so and after it has concluded

9 meet and confer sessions with Mattel, including with respect to Mattel's outstanding

10 discovery obligations.

11          The General Response set forth herein applies to all responses that

12 MGA is providing in response to these interrogatories (the "Interrogatories") or may

13 in the future provide in response to any discovery request in this action. The

14 Response is made without waiving, or intending to waive but, on the contrary,

15 expressly reserving: (a) the right to object, on the grounds of competency, privilege,

16 relevancy or materiality, or any other proper grounds, to the use of the Response, for

17 any purpose in whole or in part, in any subsequent step or proceeding in this action

18 or any other action; (b) the right to object on any and all grounds, at any time, to

19 other interrogatories or other discovery procedures; and (c) the right at any time to

20 revise, correct, add to, or clarify any of the responses propounded herein.

21          The Response reflects only the present state of MGA's discovery

22 regarding the information that Mattel seeks. Discovery and other investigation or

23 research concerning this litigation are continuing. Mattel has produced almost no

24 documents to date and has produced no documents from its Zeus computer system,

25 and has not provided other discovery responses, including without limitation

26 supplemental responses to its March 7, 2005, responses to MGA's First Set of

27 Interrogatories (which responses were comprised almost entirely of objections). It is

1  California facility.  MGA Art Department personnel also used Macintosh desktops

2  and laptops that linked to the snap servers which may have contained files referring

3  to Bratz.  Files created with accounting and other back office software applications

4  were saved on sequel servers located in Los Angeles via an application called "Great

5  Plains."  MGA personnel's emails were located on an exchange server, also housed

6  in Los Angeles.  MGA employees save all company related work files on a file

7  server called the "U Drive," which is also used by MGA Entertainment (HK) Ltd.

8  ("MGA Hong Kong") employees.  This Drive is still in production and has been

9  upgraded to a Netapp Storage System.

10          With respect to MGA's offices in Hong Kong prior to January 1, 2002,

11  MGA Hong Kong Art Department personnel utilized Macintosh desktops that linked

12  to a few file servers housed in Hong Kong to store graphic files.  MGA Hong Kong

13  personnel connected to the "Great Plains" sequel server located in Southern

14  California.  MGA Hong Kong maintained its own exchange server in Hong Kong for

15  emails to and from MGA Hong Kong employees.

16  **INTERROGATORY NO. 41:**

17          IDENTIFY all PERSONS who at any time have been employed by or

18  under contract with MATTEL who are now or have been employed by or under

19  contract with YOU since January 1, 1999, and, for each such PERSON, state his or

20  her name, date of hire or effective date of contract, the date on which YOU first had

21  contact with such PERSON regarding potential employment or contracting, the

22  date(s) on which such PERSON was interviewed for possible employment or

23  contracting, each title (if any) such PERSON has held while employed by or under

24  contract with YOU, and the date of termination (if applicable).

25  **RESPONSE TO INTERROGATORY NO. 41:**

26          MGA incorporates by reference its General Response and General

27  Objections above, as though fully set forth herein and specifically incorporates

28  General Objection No. 7 (regarding Definitions), including but not limited to its

1  objections to the definitions of the term IDENTIFY and further objects to this

2  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

3  ambiguous both generally and specifically with respect to the terms YOU.  MGA

4  also objects to this interrogatory to the extent it seeks information that is not subject

5  to disclosure under any applicable privilege, doctrine or immunity, including without

6  limitation the attorney-client privilege, the work product doctrine, the right of

7  privacy, and all other privileges recognized under the constitutional, statutory or

8  decisional law of the United States of America, the State of California or any other

9  applicable jurisdiction.

10  **<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 41:</u>**

11  MGA incorporates by reference its General Response and General

12  Objections above, as though fully set forth herein and specifically incorporates

13  General Objection No. 7 (regarding Definitions), including but not limited to its

14  objections to the definitions of the term IDENTIFY and further objects to this

15  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

16  ambiguous both generally and specifically with respect to the terms YOU.  MGA

17  also objects to this interrogatory to the extent it seeks information that is not subject

18  to disclosure under any applicable privilege, doctrine or immunity, including without

19  limitation the attorney-client privilege, the work product doctrine, the right of

20  privacy, and all other privileges recognized under the constitutional, statutory or

21  decisional law of the United States of America, the State of California or any other

22  applicable jurisdiction.

23  Subject to and without waiving the foregoing objections, MGA

24  responds as follows:  the following is a list of all former Mattel employees who have

25  been employed by MGA, MGA Hong Kong or MGAE de MEXICO S.R.L. de C.V.

26  since January 1, 1999:

27

28

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Abundis, Ricardo | Dir. of Inventory/Customer Finance | 12/01/04-Present |
| Bate, Ian | Quality Assurance Mgr. | 7/31/06-Present |
| Black, Nanette | SVP, HR | 2/12/07 - Present |
| Bloodworth III, John E. | Prod. Mgr., Games | 08/21/06-Present |
| Bloomfield, Kevin | Sr. Designer | 11/25/02-Present |
| Brawer, Ron | President, Sales, Marketing & Strategic Planning | 10/05/04-Present |
| Brisbois, Janine (CANADA) | VP Nat'l Accts. | 10/04/05-Present |
| Castilla, Jorge | Mgr. Sales Planning | 04/03/06-Present |
| Chang, Suzy | Sr. Development Designer | 08/28/06-Present |
| Cheng, Steve | Sr. Designer | 04/08/02-Present |
| Cody Jr, Gerry | Sr. Designer - Boys Toys | 11/20/06-Present |
| Contreras, Nick | VP Customer Marketing | 11/29/04-Present |
| Cooney Jr., Daniel | VP National Account Mgr. | 05/15/06-Present |
| De La Cruz, Maria | Fashion Design Mgr., Style Guides | 2/12/07 - Present |
| Dixon, Karen | Sr. Producer | 2/19/07 - Present |
| Domingo, Luisito H | Sr. Prelim Dolls Designer | 07/07/03-Present |
| Dominguez, Greg Paul | Prod. Designer | 04/01/02-Present |
| Feldman, Joe | Design Engineer | 12/08/04-Present |
| Forrest, Craig | Prod. Mgr., Games | 5/15/06-Present |
| Garcia, Mia | Dev. Designer | 2/23/05-Present |
| Garcia, Paula | VP Girls Toy Prod. Dev. | 04/17/00-Present |

65

**EXHIBIT X PAGE 426**

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Gonzalez, Eduardo | Sr. Dir. of Quality Assurance; | 10/16/06- Present; |
| | Quality Assurance Mgr. | 1/3/05- 8/18/05 |
| Hall, Tracy | Sr. Dir. of Prod. Dev., CE/YE | 08/07/06 - Present |
| Hansen, Melody | Face Painter | 03/13/06- Present |
| Hansen, Todd | Packaging Engineer | 5/2/05- Present |
| Hatch, Jill | Sr. Dir., National Sales | 09/18/06 - Present |
| Hinh, Michael | Mgr. Category Adv. | 6/28/05- Present |
| Hsu, Janet | SVP Non Toys Prod. Dev. & Licensing | 3/9/05- Present |
| Kao, Alice | Cust. Marketing Mgr. - Hong Kong Office | 2/21/05- Present |
| Kaufman, Ken | Advertising Exec. | 01/03/05- Present |
| Keller, Pamela E | VP Supply Chain & Operations | 09/25/06 - Present |
| Keossian, Alejandro Gabriel | Gr. Designer | 08/11/03- Present |
| Kim (Lee), Joyce | Sr. Playset Designer | 2/23/05- Present |
| Kim, Young Ran | Sample Maker Specialist | 01/15/04- Present |
| Kirst, Kristen | Hair Designer | 03/31/03- Present |
| Komatsu, Ellen | Sr. Prelim Dolls Designer | 08/25/03- Present |
| Larson, Jill | Sales Associate | 12/20/06- Present |
| Law, Adrian (Chi Shing) | Dev. Design Mgr. | 05/01/06- Present |
| Lumabao, Bo | Prod. Mgr. | 2/14/05- Present |
| Marks, Dorothy | Sample Maker Specialist | 07/26/05- Present |
| Martin, Raymond John | Prod. Mgr. of Consumer Electronics | 02/23/04- Present |
| Min, Aye Aye | Hair Designer | 04/17/06- Present |

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

**EXHIBIT X PAGE 427**

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Nakamura, Yumi | Mgr. of Style Guides | 1/22/07-Present |
| Natareno, Marvin | Jr. Project Analyst | 01/03/07-Present |
| Nigoghossian, Christine | Sr. Doll Designer | 04/25/05-Present |
| Ochoa, Laura | Trade Marketing Mgr. | 09/01/04-Present |
| Palijo, Amelia Ivy Arafiles | Sr. Sculptress | 02/23/04-Present |
| Pestonji, Danny | Dir. Prod. Dev. Preschool | 06/01/04-Present |
| Phelan, Denise | Sample Maker Specialist | 01/18/05-Present |
| Phoosopha, Poottipong | Face Painter | 12/08/03-Present |
| Pickard, Michael | Sr. Project Packaging Engineer | 03/22/04-Present |
| Rae, Ronald | SVP, National Account Sales | 03/12/07-Present |
| Ratleff, Leland | Sr. HR Dir. | 12/04/06-Present |
| Ronquillo, Desiree Elisabeth | Sr. Dev. Designer | 05/03/04-Present |
| Ruiz, Micaela | Sample Maker Specialist | 2/13/06-Present |
| Sasic-Koetsier, Natasha | Illustrator | 06/01/04-Present |
| Salazar, Maria Elena | Sample Maker Supervisor | 03/31/03-Present |
| Salennia, Shirin | Research Mgr. | 02/17/03-Present |
| Scott, Harvey | Sample Maker Specialist | 08/01/05-Present |
| Smith, Steffen J. | Dir. of Package Dev. | 10/13/03-Present |
| Su, Jier | Dir. of Prod. Planning | 8/16/05-Present |
| Soai, Dennis | Dolls Dev. Design Mgr. | 03/04/02-Present |
| Thompson, Marla | Sample Sourcing & Procurement Mgr. | 04/04/05-Present |
| Tran, Chau Ngoc | Sample Maker Specialist | 05/10/04-Present |
| Trueba, Mariana | Marketing Mgr. | 04/26/04-Present |

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

**EXHIBIT X PAGE 428**

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Umana, Esteban | Quality Engineer | 03/19/07-Present |
| Upshaw, Gail | Sample Maker Specialist | 5/23/05-Present |
| Vargas, Pablo | Dir. Sales | 04/26/04-Present |
| Wang, Chang-Chin | Assoc. Face Designer | 05/03/04-Present |
| Ward, Lance | Structural Engineer | 08/02/04-Present |
| Whittaker, Dawn | Sr. Prod. Designer | 12/06/04-Present |
| Wong, Jenny | Sr. Gr. Designer | 09/09/02-Present |

| CURRENT MGA INDEPENDENT CONTRACTORS/FREELANCERS/TEMPS | MGA POSITION | DATES |
|---|---|---|
| Augborne, Troy | Structural Engineer (Temp) | 2/26/07 – 3/2/07, 4/16/07 – Present |
| Bryant, Carter | Prod. Designer/Independent Contractor | |
| Zetino, Reyna | Samplemaker, Temp Assignment | 04/13/07 – Present |

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Aryapour, Daryoush | Creative Ser. Dir. | 10/25/99-04/14/00 |
| Aguilar, Lourdes | Brand Mgr. | 9/01/04-6/11/06 |
| Blaser, Janet | Dev. Designer | 06/14/04-09/10/04 |
| Bower Violette, Mari Joanne | Prod. Mgr. | 10/13/03-03/10/06 |
| Brown, Lilia | Gr. Designer | 03/31/03-05/05/05 |
| Burlando, Gabriella | Prod. Mgr. | 03/5/02-06/27/06 |
| Chonavel, Fabienne | Marketing Mgr. | 04/10/02-08/23/02 |
| Dailey, Christine | VP Prod. Dev. | 05/07/01-11/22/02 |
| Feicht, Steve | Artist/Jr. Designer Freelancer | 07/18/02-Unknown |

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

**EXHIBIT X PAGE 429**

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Gillmour, Kami | VP Marketing | 05/24/99-07/14/00 |
| Hardouin, Christopher | Project Mgr. | 06/04/01-07/23/04 |
| Hitch, Martin | VP Int'l Sales | 01/04/01-06/04/02 |
| Ho, Jeff | Sr. Prod. Artist Freelancer | Unknown-10/04 |
| Huntley, James | Independent Contractor – Miuchiz;<br><br>VP Marketing | 08/17/06 – Unknown;<br><br>5/23/05-08/16/06 |
| Kagan, Randi | Marketing Dir. | 09/23/02-07/22/03 |
| Koch, Andreas | Prod. Mgr. | 10/18/99-01/11/01 |
| Leahy, Margaret | Sr. Sculptor | Temp To Perm. Eff. 4/4/05 – 03/06/07 |
| Mayer, Lyn Carol | Fabric Artist | 07/21/03-05/05/05 |
| McBride, Susan | Prod. Dir., Games | 06/03/02-01/25/07 |
| Mils, Frank | Mgr. of Quality Assurance | 03/20/06-07/07/06 |
| Nguyen, Xuanlan T | Pattern Maker | 05/19/03-01/03/05 |
| O'Brien, Gary Thomas | Field Sales Dir. | 05/10/04-07/22/04 |
| Otero, Jose | Web Designer | 08/11/03-2/1/06 |
| Owen, Dan | Sr. Playset Mgr. | 08/23/04-12/13/05 |
| Parasole, Nicolletta | Gr. Designer | 01/05/04-6/27/05 |
| Parkinson, Ana Mancia | Dev. Designer | 05/10/04-01/03/07 |
| Rambeau, Roger | VP Operations | 05/13/96-04/03/98 |
| Ramirez, Andrea | Key Account Mgr. | 04/05/05-12/12/06 |
| Reed, Wendy | Soft Goods Spec. | 11/06/00-01/12/01 |

69

**EXHIBIT X PAGE 430**

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Reyes, Scot Anthony | Sr. Doll Designer | 05/23/04-3/11/05 |
| Rhee, Anna | Doll Face Design Freelancer | 1/4/07 - 2/13/07 |
| Ross, Lon | Marketing Dir. | 11/13/00-08/03/01 |
| Schwartz, Dena | Sr. Prod. Mgr. | 05/21/01-04/08/02 |
| Shaver, Brandi | Gr. Designer | 05/03/04-06/30/06 |
| Stinnett, Holly | Sr. Brand Mgr. | 07/21/03-1/12/05 |
| Tawil, Lisa | Licensing Coord. | 04/08/02-07/18/03 |
| Terry, Gord | Dir. of Sales | 10/01/01-06/06/02 |
| Ward, Mercedeh | Sr. Prod. Designer | 10/00-1/01; 3/7/05-8/5/05 |
| Whitaker, Joseph | Consultant | 11/05/96-03/97 |
| Williams, Patrick | SVP Sales | 01/07/01-05/29/01 |
| Wong, Tong | Dev. Designer | 03/10/03-05/16/03 |
| Wright, Cherrise | Soft Goods Mgr. | 05/03/04-8/24/05 |
| Zbojniewicz, Dave | Dir. Bus. Planning/Independent Contractor | 04/04-09/04 |

DATED:  November 30, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
        Thomas J. Nolan
Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

70

Exhibit Y

Larian, Isaac (AEO)  12/15/2005  9:06:00 AM

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3    _____

4                        )

5    ART ATTACKS INK, LLC, a      )

6    California limited liability   )

7    company                )

8                        )

9          Plaintiffs,     )

10                       )

11       vs.            )CASE NO. 04-1035-J

12                       )

13    MGA ENTERTAINMENT, INC. a    )

14    California corporation; ISAAC   )

15    LARIAN, an individual; and DOES  )

16    1 through 199, inclusive      )

17                       )

18          Defendants.    )

19    _____)

20          CONFIDENTIAL

21          ATTORNEYS' EYES ONLY

22    THE VIDEOTAPED DEPOSITION OF ISAAC LARIAN

23          LOS ANGELES, CALIFORNIA

24       THURSDAY, DECEMBER 15, 2005

25    Reported by Charolette Martinez, CSR No. 11983

26          PRS Job No. 3-300553

MGA_AA_005                      None                      Page 1

Larian, Isaac (AEO)  12/15/2005  9:06:00 AM

| | | |
|---|---|---|
| 1 | 1 | Appearances: |
| 2 | 2 | For Plaintiff: |
| 3 | 3 | Quade & Associates |
| 4 | | By:  Michael W. Quade |
| 5 | 4 | 11230 Sorrento Valley Road, Suite 225 |
| 6 | | San Diego, California  92121 |
| 7 | 5 | (858) 642-1700 |
| 8 | 6 | -- and -- |
| 9 | 7 | Epsten, Grinnell & Howell |
| 10 | | By:  Douglas W. Grinnell |
| 11 | 8 | 9980 Carroll Canyon Road, 2nd Floor |
| 12 | | San Diego, California  92131 |
| 13 | 9 | (858) 527-0111 |
| 14 | 10 | For Defendant: |
| 15 | 11 | O'Melveny & Myers, LLP |
| 16 | | By:  Dale M. Cendali |
| 17 | 12 | Times Square Tower |
| 18 | | 7 Times Square |
| 19 | 13 | New York, New York  10036 |
| 20 | | (212) 326-2000 |
| 21 | 14 | |
| 22 | | -- and |
| 23 | 15 | |
| 24 | | MGA Entertainment |
| 25 | 16 | By:  Daphne Gronich (General Counsel) |
| 26 | | 16380 Roscoe Boulevard |
| 27 | 17 | Van Nuys, California  91406 |
| 28 | | (818) 894-2525 |
| 29 | 18 | |
| 30 | 19 | Also Present: |
| 31 | 20 | Loreto Castillo, Videographer |
| 32 | 21 | |
| 33 | 22 | |
| 34 | 23 | |
| 35 | 24 | |
| 36 | 25 | |

MGA_AA_005                              None                              Page  2

CONFIDENTIAL - ATTORNEYS' EYES ONLY   **EXHIBIT Y PAGE 433**                    MGA  3708471

Larian, Isaac (AEO)  12/15/2005  9:06:00 AM

1    1        THE CONFIDENTIAL VIDEOTAPED

2    2        DEPOSITION OF ISAAC LARIAN,

3    3    taken at 1999 Avenue of the Stars, 7th Floor,

4    4    Los Angeles, California, on Thursday, December 15,

5    5    2005, at 9:06 a.m., before Charolette A. Martinez,

6    6    Certified Shorthand Reporter, in and for the State

7    7    of California.

8    8

9    9

10   10

11   11

12   12

13   13

14   14

15   15

16   16

17   17

18   18

19   19

20   20

21   21

22   22

23   23

24   24

25   25

MGA_AA_005                          None                          Page  3

CONFIDENTIAL - ATTORNEYS' EYES ONLY   **EXHIBIT Y PAGE 434**         MGA  3708472

Larian, Isaac (AEO)  12/15/2005  9:06:00 AM

```
1    1              I N D E X

2    2  WITNESS:  Isaac Larian

3    3

4    4

5    5  EXAMINATION                  PAGE

6    6  By Mr. Quade                   9

7    7

8    8

9    9

10   10

11   11

12   12

13   13

14   14

15   15

16   16

17   17

18   18

19   19

20   20

21   21

22   22

23   23

24   24

25   25
```

MGA_AA_005                              None                              Page 4

CONFIDENTIAL - ATTORNEYS' EYES ONLY  EXHIBIT Y PAGE 435                              MGA 3708473

Larian, Isaac (AEO)  12/15/2005  9:06:00 AM

1    Q   You may answer the question.

2    A   What's the question?

3    Q   Did you ever review the License Europe

4    article at any time?

5    A   I believe I did.

6    Q   Did you ever recall needing to make any

7    corrections to the article based upon facts being

8    inaccurate?

9    A   I don't recall doing it one way or

10   another.

11   Q   Is there anyone at your company who's in

12   charge of looking over any of the articles written

13   about your company to make sure that they're

14   factually accurate?

15   A   I don't know if there is.

16   Q   Nobody that you're aware of?

17   A   I don't know if they do it or not, but we

18   have people in our PR department.

19   Q   How did you finance the Bratz dolls

20   from -- as I understand it, the meeting occurred in

21   September 2000.  How did you get the financing

22   together to move forward with this project?

23   A   What portion of the project?

24   Q   Creating the dolls and taking them to

25   market.

MGA_AA_005                    None                    Page  184

CONFIDENTIAL - ATTORNEYS' EYES ONLY  **EXHIBIT Y PAGE 436**          MGA  3708653

Larian, Isaac (AEO)  12/15/2005  9:06:00 AM

1      A   We financed it from the company.

2      Q   So your company MGA financed it.  You

3   didn't go out and get a loan?

4      A   Not that I remember.  We had a line of

5   credit with a bank.

6      Q   Who's your bank that you had a line of

7   credit with?

8      A   I believe it was a company called Congress

9   Financial at the time.

10     Q   Do you remember when you had a line of

11  credit with Congress Financial?  What time periods?

12     A   Not exactly.

13     Q   Who do you currently have your line of

14  credit with?

15     A   I think either Union Bank or Wells Fargo.

16     Q   Where does the company do its banking, the

17  general account?  Is that with Wells Fargo or Union

18  Bank?

19     A   I don't know.

20     Q   How about you personally?  Where do you do

21  your banking?

22     A   Bank of --

23         MS. CENDALI:  Objection.  Overbroad.

24         You can answer.

25         THE WITNESS:  Bank of America.

MGA_AA_005                     None                     Page 185

CONFIDENTIAL – ATTORNEYS' EYES ONLY    **EXHIBIT Y PAGE 437**    MGA 3708654

Larian, Isaac (AEO)  12/15/2005  9:06:00 AM

1      BY MR. QUADE:

2         Q   And do you have investment accounts with

3      any of the investment brokers, Smith Barney, Schwab,

4      Merrill Lynch, any of those people?

5         A   Not the ones you mention.

6         Q   Which ones do you have it with?

7             MS. CENDALI:  Again, I just want to make

8      clear that all this line, all financial information

9      is attorney's eyes only.

10            THE WITNESS:  I think with Barristers.

11     BY MR. QUADE:

12        Q   And what branch?

13        A   I think it's Beverly Hills.

14        Q   And the BofA branch, is that -- where is

15     that located?

16        A   I don't know exactly.

17        Q   When you -- if you ever walk in and do

18     your banking at BofA, is there a specific one that

19     is your home office?

20        A   No.  Now with ATM, that's who you go to.

21        Q   Modern conveniences.

22        A   Right.

23        Q   Do you remember if you had a line of

24     credit with Congress Financial in approximately

25     1997?

MGA_AA_005                          None                          Page 186

CONFIDENTIAL - ATTORNEYS' EYES ONLY **EXHIBIT Y PAGE 438**                    MGA 3708655

Larian, Isaac (AEO)  12/15/2005  9:06:00 AM

1          REPORTER'S CERTIFICATE

2

3          I, Charolette A. Martinez, Certified Shorthand

4      Reporter, in and for the State of California, do

5      hereby certify:

6

7          That the foregoing witness was by me duly

8      sworn; that the deposition was then taken before me

9      at the time and place herein set forth; that the

10     testimony and proceedings were reported

11     stenographically by me and later transcribed into

12     typewriting under my direction; that the foregoing

13     is a true record of the testimony and proceedings

14     taken at that time.

15

16         IN WITNESS WHEREOF, I have subscribed my name

17     this 27th day of December, 2005.

18

19

20

21     _____

22         Charolette A. Martinez, CSR No. 11983

23

24

25

26

MGA_AA_005                     None                        Page  279

CONFIDENTIAL - ATTORNEYS' EYES ONLY

**EXHIBIT Y PAGE 439**

MGA  3708748

Exhibit Z

00029/2340430.1

**CONGRESS FINANCIAL**



Wachovia's Asset Based Lending Group and Congress Financial have joined to form a stronger Wachovia Capital Finance. As a result, we'll be able to bring you the full array of products and services Wachovia has to offer in your location.

To access information about our asset based lending services, offices and contacts, and our complete line of other banking services, please go to:

Asset Based Lending on wachovia.com/abl

Congress Financial of Canada has joined the Wachovia Asset Based Lending Group.

Asset Based Lending in Canada on wachovia.com/ablcanada

If you have previously bookmarked a page with a congressfinancial.com address, please create a new bookmark once you have accessed the new address.

**EXHIBIT Z PAGE440**

Exhibit AA

00029/2340430.1

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).

**PRIORITY SEND**
& ENTERED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
CIVIL MINUTES – GENERAL

Case No.   CV 04-09049 SGL(RNBx)                    Date:  July 2, 2007

Title:   CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
==============================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes                              Theresa Lanza
        Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER        ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                       John B. Quinn
                                    Brett Dylan Proctor
                                    Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:

Dale M. Cendali          ENTERED
Patricia Glaser          CLERK, U.S. DISTRICT COURT          DOCKETED ON CM

                         JUL - 5 2007                        JUL - 5 2007

PROCEEDINGS:    MINUTE ORDER     CENTRAL DISTRICT OF CALIFORNIA     BY _____ 164
                                 EASTERN DIVISION    BY DEPUTY

        As set forth more fully herein, the Court hereby makes the following ruling regarding matters heard on July 2, 2007:

(1)    The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2)    The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505);

(3)    The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90                                    Initials of Deputy Clerk  Jh
CIVIL – GEN                          1             Time: 01/15

regarding date of production of documents (docket #545); and

(4)     The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)     The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.


(1)     Motion re Trial Structure (docket #462)

        Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases.  The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1.  Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues.  Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings.  This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings.  A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

        Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL,** as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007.  Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)     MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)     MGA's Ex Parte Application regarding date of production of documents (docket #545).

        The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products.  The order required that documents be produced no later than the end of May.

        The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

        The Discovery Master's order compels the production of only non-privileged documents.  Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced.  If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

        MGA acknowledges that it has raised an argument before the Court that was not raised

**EXHIBIT AA PAGE 442**

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B).  MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below.  The Court disagrees.  Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds.  A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production.  MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law.  Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery.  See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature.  They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor.  The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings.  That is clear.  However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial.  There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims.  Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim.  Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers.  This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result.  However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here.  Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

later than two weeks after that date.  Accordingly, the Court **ORDERS** that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above.  The Motion is **DENIED** in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above.  The application is **DENIED** in all other respects.

(4)    MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters *known or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added).  "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." <u>Sanders v. Circle K Corp.</u>, 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted).  Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

<u>Alexander v. F.B.I.</u>, 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

Initials of Deputy Clerk __jh_____
Time: 01/15

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)     Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.

Exhibit BB

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    CV 04-09049 SGL(RNBx)                        Date: January 7, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
========================================================================
=
PRESENT:    HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                              Theresa Lanza
            Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER            ATTORNEYS PRESENT FOR MATTEL:
BRYANT:  **Christa Martine Anderson**   **John B. Quinn and Michael T. Zeller**

ATTORNEYS PRESENT FOR MGA:              ATTORNEY PRESENT FOR CARLOS
**Thomas J. Nolan**                     GUSTAVO MACHADO GOMEZ:
**Carl A. Roth**                        **Mark E. Overland**
**Anna Park**
                                        ATTORNEY PRESENT FOR NON-PARTY
ATTORNEY PRESENT FOR NON-               STERN & GOLDBERG: **Kien C. Tiet**
PARTIES ANA ELISE CLOONAN,
MARGARET HATCH-LEHY, AND                ATTORNEY PRESENT FOR NON-PARTY
VERONICA MARLOW: **Larry W.**           KAYE SCHOLER, LLP: **Bryant S. Delgadillo**
**McFarland**

PROCEEDINGS:    **ORDER GRANTING IN PART AND DENYING IN PART
                MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL
                DISCOVERY (DOCKET #1134)**

                **ORDER GRANTING MOTION TO ENFORCE THE COURT'S
                ORDER OF AUGUST 27, 2007, AND DENYING REQUEST FOR
                SANCTIONS  (DOCKET #1143)**

MINUTES FORM 90                                      Initials of Deputy Clerk: jh
CIVIL -- GEN                    1                    Time: 1/30

**ORDER GRANTING MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)**

**ORDER GRANTING CARTER BRYANT AND MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)**

These matters were heard on January 7, 2008.  The Court rules as set forth below.

To the extent that this Order decides issues more properly decided by the Discovery Master and/or preempts issues currently pending before the Discovery Master, it does so only to resolve those issues in the most expeditious manner possible.  As the Court's order appointing the Discovery Master requires, any and all discovery disputes must be presented to the Discovery Master for his resolution.

**MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY (DOCKET #1134)**

This motion is **GRANTED IN PART**.  Leave to take additional depositions and propound additional interrogatories are granted to the extent they are consistent with Fed. R. Civ. P. 26(b)(2).  See Fed. R. Civ. P. 30(a)(2)(A) (depositions), 33(a) (interrogatories).  Rule 26(b)(2) requires a Court to limit discovery where it is unreasonably cumulative or duplicative; where it can be obtained from a more convenient, less burdensome, or less expensive source; where a party has already had ample opportunity to obtain information from discovery; where the burden or the expense of the requested discovery outweighs its likely benefit, taking into account the factors of the parties' resources, the importance of the issues at stake, and the importance of the requested discovery in resolving these issues.  Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Considering this standard, the Court concludes that Mattel has shown good cause to grant additional discovery given the complexity of this case, the number of parties, recent developments related to the substitution of counsel, the concerns regarding retention and spoliation of evidence, and the delay in receiving paper

MINUTES FORM 90
CIVIL -- GEN                                         2

Initials of Deputy Clerk: jh
Time: 1/30

**EXHIBIT BB PAGE 447**

discovery caused by numerous discovery disputes and a Court-imposed stay requested by MGA upon substitution of counsel.  Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO claims (set forth in the moving papers at 13).  Mattel may serve the notices of deposition and propound the interrogatories attached to the moving papers as Exs. A - C.  Additionally, the parties must answer Mattel's previously propounded interrogatories to which the sole objection raised was that those interrogatories exceeded the allowable number of interrogatories.

The Court has heretofore refrained from bifurcating discovery relating to Phase 1 and Phase 2, believing that such an action is fraught with the potential of unnecessarily compounding discovery disputes in a case already predisposed to such disputes.  Nevertheless, in light of the additional discovery permitted by this Order, and to the extent that counsel for the parties who are asserting or defending against claims to be tried in Phase 2 of the trial are in agreement, the Court will consider a stipulation of those parties that designates certain depositions as "Phase 2" depositions that may be conducted during the month of February, if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1.

Conversely, in light of the standard of review employed regarding the Discovery Master's orders, the Court **DENIES** that portion of Mattel's motion that seeks additional time in which to depose Carter Bryant.  The Court cannot say that the Discovery Master's order allowing an additional nine hours to depose Carter Bryant is contrary to law based on the Discovery Master's unchallenged factual findings.

## MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND REQUEST FOR SANCTIONS (DOCKET #1143)

This motion is **GRANTED**.  The Court's order clearly applied to "all parties."  No party sought relief therefrom or clarification of the Court's order.

As prepared in purported compliance with the Court's order, the affidavit of Carlos Gustavo Machado Gomez is inadequate as it lacks facts and relies instead on conclusory language.  Machado must file an affidavit that complies with the

MINUTES FORM 90
CIVIL -- GEN                                              3

Initials of Deputy Clerk: jh
Time: 1/30

**EXHIBIT BB PAGE 448**

Court's order as set forth below.

Carter Bryant has refused to comply with the Court's order and has not filed the required affidavit.

Both these parties must file, on or before January 15, 2008, an affidavit setting forth a factual description of their preservation efforts, policies, customs, and/or practices with respect to potentially discoverable documents related to the present litigation. The failure of these parties to comply with this Order will result in the imposition of contempt sanctions to coerce their compliance.

The Court **DENIES** Mattel's request for costs and sanctions.

## MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

This motion is **DENIED**. The Court's order referred to the Discovery Master any and all discovery disputes, including those involving third parties.

Although the parties stipulated to the Discovery Master, that stipulation was entered as the Court's order, and as such, all parties are subject to that order unless relieved from it upon proper motion.

The order was entered as a valid Rule 53(a)(1)(C) order, not requiring the consent of any party or nonparty. Machado has not convinced the Court that, as a subsequently added party, he was required to be given the opportunity to object to the order before it could be applied to him. See Fed. R. Civ. P. 53(b)(1) (requiring notice and opportunity to be heard prior to the appointment of a special master). Importantly, Machado could have, but did not, seek relief from this order within a reasonable amount of time after he became a party to this case. Furthermore, the Court does not find any basis to exclude Machado from the reach of the Court's order appointing the Discovery Master pursuant to his present objections.

## DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

Carter Bryant and the MGA defendants may depose the ten individuals set

MINUTES FORM 90
CIVIL -- GEN

4

Initials of Deputy Clerk: jh
Time: 1/30

**EXHIBIT BB PAGE 449**

Case 2:04-cv-09049-DOC-RNB   Document 1566-6   Filed 01/22/08   Page 52 of 58   Page ID
#:19613
Case 2:04-cv-09049-SGL-RNB      Document 1504      Filed 01/07/2008      Page 5 of 5

forth in their moving papers.  The testimony of all Rule 30(b)(6) witnesses "count" as only one deposition for purposes of determining the total number of depositions conducted by each side.

Carter Bryant and the MGA defendants are not relieved of the requirement that they serve subpoenas on all these deponents other than the current officers of Mattel (represented to the Court to be Tim Kilpin, Kevin Farr, and Evelyn Viohl).  To the extent that Mattel has made prior written agreements to produce deponents who are under its control, it is expected to do so.

As to all the depositions permitted by this Order, all counsel are expected to coordinate their schedules with those of the deponents such that the depositions are held prior to the discovery cutoff date of January 28, 2008.  However, as set forth above in connection with Mattel's motion to take additional discovery, Phase 2 depositions may be taken in February pursuant to a Court-approved stipulation.

IT IS SO ORDERED.

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT BB PAGE 450

Exhibit CC

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

December 24, 2007

**VIA E-MAIL, FACSIMILE AND U.S. MAIL**

Amy S. Park, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301

Re:    <u>Bryant v. Mattel, Inc.</u>

Dear Amy:

I write to confirm our December 21, 2007 conversation regarding MGA's objections to subpoenas that Mattel issued to Deloitte & Touche, Ernst & Young, Wachovia, ConsumerQuest, Isaac Larian Annuity Trust, Isaac and Angela Larian Trust, Wells Fargo Bank and Moss Adams.

I asked you whether there was any category of documents in any of the subpoenas to which MGA did not object and to whose production MGA would acquiesce. You said no because MGA thought the requests overbroad. I asked if there was any agreement that we could reach to tailor the topics. You were unwilling to discuss that in the context of these subpoenas, but demanded that Mattel withdraw each of the subpoenas and serve what you believed to be more narrowly tailored subpoenas. Mattel will not withdraw the subpoenas. I told you that the fast approaching discovery cut-off date did not permit Mattel that option, particularly without a representation that MGA would not object to the second round of subpoenas. I then asked if MGA was willing to discuss how some of the requests could be narrowed to meet with MGA's approval. You did not provide any specifics, but said that MGA would require that the requests be so narrow that there is no way that Mattel would agree to them. I understand from this position that your client was unwilling to even discuss how the parties could reach an agreement on the scope of the requests. You confirmed that understanding by filing a motion to quash those subpoenas minutes after we finished our call.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2335366.1

EXHIBIT CC PAGE 451

Your second objection was that the information sought by the information was not relevant. I explained that the information sought by the subpoenas was relevant for a variety of reasons, including Mattel's disgorgement remedy, punitive damages, evidence of payments to Mattel employees by Mr. Larian individually (or on his behalf), to seek information regarding any assessment or valuation of MGA's goodwill or intellectual property (something MGA has said it does not have), among others. You did not disagree, but listened. Again, presumably with instructions from your client to take steps to prevent Mattel from obtaining access to this unquestionably relevant information.

With respect to the two subpoenas to the Larian trusts, you told me that the subpoenas were issued in the wrong name and that the Isaac Larian Annuity Trust and the Isaac and Angela Larian Trust do not exist. You identified for me the following two trusts and agreed to accept service of subpoenas to them: Isaac and Angela Larian Family Trust, and Isaac E. Larian Qualified Annuity Trust 2004. I have enclosed subpoenas to those two entities. Based on my review of the Zapf regulatory filings after our call, however, I question the representation that your client made to you (and that you repeated to me) that the Isaac Larian Annuity Trust and the Isaac and Angela Larian Trust do not exist, and will not withdraw the subpoenas to them. This will also confirm that in an effort to simplify this process, given that MGA instructed witnesses with the knowledge of the manner in which Mr. Larian holds his interests in MGA, I asked you to identify the trust or trusts that hold Mr. Larian's interests in MGA or whether he holds any interests personally. You refused to provide that information.

I have also included an executed subpoena to the Isaac Larian Annuity Trust because I was advised that the copy in our files was not signed. The requests and return date are identical to the unsigned subpoena previously served.

Otherwise, we have your motion, and will respond accordingly.

Best regards,

Jon Corey

Enclosures

EXHIBIT CC PAGE 452

Exhibit DD

**CONFORMED**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
7  Facsimile:   (213) 443-3100

8  Attorneys for Mattel, Inc.

9                UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                     EASTERN DIVISION

12  CARTER BRYANT, an individual,      CASE NO. CV 04-9049 SGL (RNBx)

13            Plaintiff,               Consolidated with
                                       Case No. CV 04-09059
14       vs.                           Case No. CV 05-02727

15  MATTEL, INC., a Delaware           Hon. Stephen G. Larson
    corporation,
16                                     NOTICE OF MOTION AND MOTION
            Defendant.                 OF MATTEL, INC. FOR LEAVE TO
17                                     TAKE ADDITIONAL DISCOVERY
                                       AND OBJECTIONS TO DISCOVERY
18  AND CONSOLIDATED ACTIONS           MASTER ORDER OF SEPTEMBER
                                       28, 2007; AND
19
                                       MEMORANDUM OF POINTS AND
20                                     AUTHORITIES

21                                     [Declaration of B. Dylan Proctor filed
                                       concurrently]
22
                                       Hearing Date:  January 7, 2008
23                                     Time:          10:00 a.m.
                                       Courtroom:     1
24
                                       **Phase 1:**
25                                     Discovery Cut-off:       January 28, 2008
                                       Pre-trial Conference:    May 5, 2008
26                                     Trial Date:              May 27, 2008

27

28

07209/2299353.1                              11-19
                                  -i-
─────────────────────────────────────────────────────────
        MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that on January 7, 2008, at 10:00 a.m., or as soon

3   thereafter as the matter may be heard, in the courtroom of Honorable Stephen G.

4   Larson, located at 3470 Twelfth Street, Riverside, California, 92501, Mattel, Inc. will,

5   and hereby does, move the Court, pursuant to <u>Federal Rule of Civil Procedure</u> 26(b)

6   and the Court's February 12, 2007 Scheduling Order, for an order granting Mattel leave

7   to take additional depositions, including <u>Rule</u> 30(b)(6) depositions of defendants MGA

8   Entertainment, Inc., and MGAE de Mexico S.R.L. de C.V., beyond the current limit set

9   by the Court and to serve additional interrogatories on defendants.  Pursuant to 28

10  U.S.C. § 636(b)(1), Mattel also seeks an additional 12 hours to depose Carter Bryant, in

11  addition to the seven hours already permitted by Discovery Master Infante.

12       Mattel makes this Motion on the grounds that the breadth and complexity of this

13  case warrant more than the 24 depositions and 50 interrogatories permitted by the

14  Court's Scheduling Order.  Mattel further makes this Motion on the grounds that, given

15  Bryant's central role in the hundreds of products that MGA has sued upon in this case,

16  and because both the parties and third-parties have produced many millions of pages of

17  documents since Mr. Bryant's deposition in 2005, seven hours is not enough time to

18  fully depose Mr. Bryant.

19       This Motion is based on this Notice of Motion and Motion, the accompanying

20  Memorandum of Points and Authorities, the Declaration of B. Dylan Proctor filed

21  concurrently herewith, the records and files of this Court, and all other matters of which

22  the Court may take judicial notice.

23

24

25

26

27

28