1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11 | CARTER BRYANT, an individual,     | CASE NO. CV 04-9049 SGL (RNBx)

12 |              Plaintiff,            | Consolidated with
                                       | Case No. CV 04-09059
13 |       vs.                         | Case No. CV 05-2727

14 | MATTEL, INC., a Delaware          | **DISCOVERY MATTER**
15 | corporation,                      | **[To be Heard by Discovery Master Hon.
                                       | Edward Infante (Ret.) Pursuant to Court
16 |              Defendant.           | Order of December 6, 2006]**

17                                       [PUBLIC REDACTED]
                                         DECLARATION OF B. DYLAN
18 | AND CONSOLIDATED ACTIONS          | PROCTOR IN SUPPORT OF MATTEL'S
                                         MOTION TO COMPEL PRODUCTION
19                                       OF PREVIOUSLY WITHHELD
                                         DOCUMENTS ONLY PORTIONS OF
20                                       WHICH ARE ALLEGEDLY
                                         PRIVILEGED
21
                                         Date:  February 8, 2008
22                                       Time:  9:30 a.m.
                                         Place: TBA
23
                                         **Phase 1**
24                                       Discovery Cut-Off:      Jan. 28, 2008
                                         Pre-Trial Conference:   May 5, 2008
25                                       Trial Date:             May 27, 2008

26                  **CONFIDENTIAL**

27 **FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

28

7209/2362185.1

                                                    PROCTOR DECLARATION

## DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1.       I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.       In August and September of 2007, I had a number of conversations with MGA's prior counsel, William Charron, regarding MGA's 2005 privilege log and subsequent logs. At that time, MGA took the position that communications which contained any privileged material should be withheld in their entirety. Mr. Charron explained that this had been its practice -- to withhold the entirety of documents where only portions of them are privileged -- for all three of the privilege logs MGA had produced at that time, one from 2005, one from August 2007 and one from September 2007. Mr. Charron agreed to produce the documents in MGA's 2005 log in redacted form because that log contained less than 100 entries. However, he expressed concerns about producing the documents in the subsequent logs in redacted form, citing their volume. MGA's privilege logs produced from August and September of 2007 contain many thousands of entries, many of which are communications between non-lawyers.

3.       Beginning on December 7, 2007, Mattel engaged MGA in a lengthy meet and confer process regarding various issues relating to MGA's privilege logs from 2007. I have conferred with counsel for MGA numerous times over the past month and half on this matter, including on December 17, 20, 26, 31, 2007, as well as January 2, and 18, 2008.

4.       Like prior counsel, MGA's current counsel, Jose Allen, initially refused to produce documents on MGA's 2007 logs in redacted form. However, after several conferences MGA eventually conceded that the prior approach taken

- 1 -

1   on the August and September logs was problematic and, in a December 24, 2007

2   letter, agreed to "conduct a review of all the documents listed on those logs" and

3   produce those documents which include non-privileged information, either in their

4   entirety or in redacted form.  MGA also agreed to provide revised descriptions for

5   the log entries where appropriate.

6         5.    In a December 26, 2007 teleconference, Mr. Allen reiterated

7   MGA's agreement to review the documents which had been improperly withheld in

8   their entirety and produce them in full or redacted form.  MGA could not state at

9   that time how long it would take to remedy these deficiencies.  However, in a

10  January 2, 2007 teleconference, MGA indicated that the revised logs and

11  productions would likely take approximately three weeks to complete.  MGA agreed

12  that it would provide portions of the revised logs, as well as productions of the

13  documents previously withheld, on a rolling basis.

14        6.    Given the substantial time that MGA required to revise the logs

15  and the approaching close of Phase I discovery, Mattel proposed that the parties

16  enter into a stipulation to allow any necessary follow-up regarding the revised logs,

17  including motion practice if necessary, to occur after the close of phase I discovery

18  (whether the entries or documents relate to Phase I or II of this litigation).

19        7.    In a January 7, 2007 letter, MGA rejected that proposal, stating

20  that "it is important to bring the process to a close and focus attention on the trial of

21  the case."  At the same time, MGA indicated that remedying the many deficiencies

22  in its logs would likely take "considerably more time" than the three weeks it had

23  previously advised it would require.

24        8.    To this date, MGA has not indicated when it will fulfill its

25  obligations to provide revised supplemental logs and produce documents, either in

26  full or in redacted form, that were improperly withheld as privileged.  Nor, to my

27  knowledge, has MGA produced *any* of the improperly withheld documents from its

28

PROCTOR DECLARATION

1 | 2007 logs in redacted form, or in their entirety, notwithstanding its commitment to
2 | provide the documents and amendments to its logs on a rolling basis to enable
3 | Mattel to assess its ongoing claims of privilege.

4 |       9.    Moreover, it appears that MGA's current counsel intends to
5 | continue the practices which they agreed during our meet and confers were
6 | inappropriate. When Mattel first pointed new counsel to the fact that MGA
7 | withheld the entirety of the documents in its August and September logs, MGA
8 | indicated that this problem was not present in the logs that new counsel had
9 | prepared on MGA's behalf. However, during a January 18, 2007 teleconference,
10 | MGA confirmed for the first time that it has withheld the entirety of each and every
11 | document listed in the 3,427 entries on the only substantial log new counsel has
12 | produced to date, produced on November 15, 2007. Only after Mattel explained that
13 | it had never received any other log relating to documents produced in redacted form
14 | from these productions, and that Mattel intended to move to compel, did MGA
15 | belatedly indicate that it was producing a supplemental "redactions log". To my
16 | knowledge, Mattel has not yet received this redactions log.

17 |       10.    Moreover, Mr. Allen has confirmed that MGA intends to
18 | withhold the entirety of numerous documents which, in fact, appear likely to contain
19 | significant non-privileged information. During a January 18, 2008 teleconference,
20 | the parties specifically discussed a number of entries which MGA indicated it would
21 | continue to withhold in their entirety, including, among others, August Log Nos.
22 | 434, 914, 915, 931, 1058 and September Log No. 2857. Several of those
23 | communications are between non-lawyers. (During that discussion, MGA
24 | confirmed that Mr. Medici was improperly listed as an attorney in a number of the
25 | entries on the logs, even though he is not an attorney.)

26 |       11.    Attached as Exhibit 1 is a true and correct copy of a letter I sent
27 | to T. Miller and M. Mumford, counsel for MGA, dated December 7, 2007.

28 |

- 3 -

1    12.    Attached as Exhibit 2 is a true and correct copy of a letter from
2  R. Herrington, counsel for MGA, to myself, dated December 7, 2007.

3    13.    Attached as Exhibit 3 is a true and correct copy of a letter I sent
4  to J. Allen and R. Herrington, counsel for MGA, dated December 21, 2007.

5    14.    Attached as Exhibit 4 is a true and correct copy of a letter from J.
6  Allen to myself, dated December 24, 2007.

7    15.    Attached as Exhibit 5 is a true and correct copy of a letter I sent
8  to J. Allen and R. Herrington, dated December 27, 2007.

9    16.    Attached as Exhibit 6 is a true and correct copy of a letter I sent
10  to J. Allen, dated January 2, 2008.

11    17.    Attached as Exhibit 7 is a true and correct copy of a letter from J.
12  Allen to myself, dated January 7, 2008.

13    18.    Attached as Exhibit 8 is a true and correct copy of a letter I sent
14  to J. Allen, dated January 11, 2008.

15    19.    Attached as Exhibit 9 is a true and correct copy of a letter from
16  A. Park to myself, dated January 18, 2008.  While MGA's letter was received by
17  email on Friday, January 18, 2008, the logs referenced in the letter have not yet been
18  received to my knowledge.

19    20.    Attached as Exhibit 10 is a true and correct copy of a letter I sent
20  to A. Park, counsel for MGA, dated January 19, 2008.

21    21.    Attached as Exhibit 11 is a true and correct copy of relevant
22  excerpts from the Deposition of Isaac Larian, taken July 18, 2006.

23    22.    Attached as Exhibit 12 is a true and correct copy of relevant
24  excerpts from the Deposition of Paula Garcia, taken May, 24-25, 2007.

25    23.    Attached as Exhibit 13 is a true and correct copy of relevant
26  excerpts from the December 14, 2007 Hearing before this Court.

27
28

07209/2362185.1

- 4 -

PROCTOR DECLARATION

1       24.    Attached as Exhibit 14 is a true and correct copy of MGA's

2   Supplemental Privilege Log, dated August 14, 2007.

3       25.    Attached as Exhibit 15 is a true and correct copy of MGA's

4   MGA's Supplemental Privilege Log, dated September 5, 2007.

5       26.    Attached as Exhibit 16 is a true and correct copy of the Privilege

6   Log for MGA's October 17 and October 19, 2007 Document Productions, dated

7   November 15, 2007.

8       27.    Attached as Exhibit 17 is a true and correct copy of Isaac

9   Larian's Privilege Log, dated January 15, 2008.

10      I declare under penalty of perjury under the laws of the United States of

11  America that the foregoing is true and correct.

12      Executed on January 21, 2008, at Los Angeles, California.

13

14                        B. Dylan Proctor

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2362185.1

- 5 -

**Exhibit 1**

## quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles. California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

December 7, 2007

VIA FACSIMILE AND ELECTRONIC MAIL
(888) 329-1836 & (213) 687-5600

Timothy A. Miller, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94301

Marcus R. Mumford, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071

Re:     Mattel, Inc. v. Bryant

Dear Messrs. Miller and Mumford:

I write pursuant to section 5 of the Discovery Master Stipulation to request that MGA meet and
confer regarding the two supplemental privilege logs MGA produced on August 14, 2007 and
September 5, 2007. Those logs contain significant deficiencies and lack basic information
necessary for Mattel to assess the applicability of the claimed privilege as required by Fed. R.
Civ. P. 26(b)(5).

First, a number of entries do not include a date, including several documents that are described as
"email messages" for which a date should generally be available. See, e.g., August Log Nos. 89,
135, 218, 232, 389, 390, 393, 394, 407, 411; September Log Nos. 76, 121, 250, 251, 266, 273,
308, 501-505, 701, 703, 1660-1671, 2856. Also, August Log No. 340 and September Log Nos.
139, 506-508, list invalid dates. MGA should provide an accurate date for all documents for
which a date is ascertainable.

EXHIBIT _____1_____

PAGE _____6_____

quinn emanuel urquhart oliver & hedges, llp

07209/2315866.1

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor. San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive. Suite 560, Redwood Shores. California 94565 | TEL 650-801-5000 FAX 650-801-5100

Second, a significant number of entries appear not to involve counsel. At least 90 entries in the
supplemental logs do not appear to have any attorney listed in the "to," "from," or "cc" fields.[1]
Although many of these documents include descriptions such as "email forwarding attorney-
client communications for the purpose of rendering legal advice," see, e.g., August Log No. 716,
these documents still should be produced. To the extent privileged information is included in
parts of the email chain, that information should be redacted and the rest of the email produced.
Indeed, MGA has agreed that it cannot withhold the entirety of a document on the basis of
privilege unless the entire document is privileged, and MGA has agreed to produce redacted
versions of documents listed on the its 2005 privilege log. MGA should do the same here with
respect any documents that are not privileged in their entirety, whether they involve counsel or
not. Indeed, Judge Infante has already held that the mere fact that a lawyer forwards an email,
for example, does not render its contents privileged.

Third, there are many individuals listed as senders and/or recipients of allegedly privileged
communications without any information provided as to the identity of the individuals. Attached
is a list of individuals listed in the logs for which no identifying information was provided.
Please identify each of the individuals on the attached list by stating (1) whether they are an
attorney and (2) whether they are employed by MGA and, if not, by whom they are employed.

Fourth, a number of documents are withheld on the basis of attorney-client privilege but do not
list both a sender and a recipient. See, e.g. August Log Nos. 11, 13, 34, 64, 80, 130 (listing no
sender or recipient), 501, 571, 653; September Log Nos. 2122, 2825. Likewise, other documents
have the same individual listed as both the sender and recipient. See, e.g., September Log Nos.
58, 181. A necessary element of the attorney-client communication privilege is that the
document at issue in fact be a communication. MGA should explain its basis for claiming
attorney-client privilege for documents that do not appear to be communications.

Fifth, the logs do not state whether the listed documents include attachments and, if so, whether
such attachments have been produced or are also being withheld on the basis of privilege. This
is a serious defect. All attachments to privileged documents must appear as a separate entry on a
privilege log if it the attachments are independently privileged, and must be produced if the
attachments are not privileged. See O'Connor v. Boeing N. Am., Inc., 185 F.R.D. 272, 280 (C.D.
Cal. 1999); Mold-Masters Ltd. v. Hold Injection Molding Sys. Ltd., 2001 WL 1558303, at *3
(N.D. Ill. 2001). It is not clear from the few entries that do reference attachments whether the
attachments were produced or were withheld as privileged and entered separately on the logs.
For example, August Log No. 663 is described as an email "attaching prior emails between
counsel and client seeking and providing legal advice." MGA should identify whether those

---

[1]  See, e.g., August Log Nos. 64, 130, 521, 601, 621, 622, 623, 651, 664, 669, 696, 697,
699, 716, 733, 735, 764, 773, 775, 777, 790, 852, 853, 854, 855, 856, 857, 864, 865, 866, 867,
872, 874, 883, 898, 900, 912, 913, 931, 933, 934, 960, 961, 962, 963, 965, 966, 967, 968, 980,
981, 982, 983, 985, 990, 1037, 1040, 1042, 1043, 1047, 1055, 1056, 1057, 1058, 1062, 1070,
1082, 1083, 1084, 1088, 1089, 1090, 1091, 1095, 1097, 1098, 1101, 1105, 1110, 1112, 1113 and
1115; September Log Nos. 183, 184, 185, 186, 577, 597, 740, and 2868.

EXHIBIT  1

PAGE  7

attached emails were produced or where on the privilege logs those attached emails are listed.
As another example, August Log No. 35 states that is a letter "enclosing draft trademark
applications." MGA should identify whether those draft trademark applications were produced
or were withheld as privileged and entered separately on the logs. In our view, this issue applies
to every entry on the log. It simply is not clear whether the listed documents contain attachments
or do not.

Sixth, numerous descriptions in the logs suggest that multiple documents have been included
within each entry. See, e.g., September Log Nos. 497, 500, 525-534, 1037-1039, 1042, 1066,
1067, 1076, 1078, 1079, 1097, 1102, 1004, 1114, 1117, 1119, 1127, 1395, 1470, 2631-2640,
2644, 2655-2673, 2684-2694, 2731, 2732, 2733, 2737-2744, 2777, 2778, 2784. However, each
individual document withheld under a claim of privilege should be described by separate entry so
that Mattel can assess the claims of privilege.

Seventh, the descriptions provided for documents regarding trademark or other intellectual
property matters are too broad and/or vague for Mattel to determine the nature of the
communication. Some intellectual property communications with counsel are not privileged.
For example, trademark or other intellectual property search results are not privileged, even if
sent from an attorney to the attorney's client. See, e.g., CytoSport, Inc. v. Nature's Best, Inc.,
2007 WL 1040993 (E.D. Cal. 2007); Fisons, Ltd. v. Capability Brown, Ltd., 209 U.S.P.Q. 167
(T.T.A.B. 1980); Miles Lab., Inc. v. Instrumentation Lab., Inc., 185 U.S.P.Q. 432 (T.T.A.B.
1975); Goodyear Tire & Rubber Co. v. Tyrco Indus., 186 U.S.P.Q. 207 (T.T.A.B. 1975);
Amerace Corp. v. USM Corp., 183 U.S.P.Q. 506 (T.T.A.B. 1974).

Moreover, a number of documents listed on the logs appear to consist of the provision of
information by MGA to attorneys for the purpose of trademark or other intellectual property
filings. The transmission of such documentary information for use in public filings is not
privileged. See, e.g., U.S. v. Frederick, 182 F.3d 496, 500-02 (7th Cir. 1999) (documents
provided for tax filings not privileged); U.S. v. White, 950 F.2d 426, 430 (7th Cir. 1991)
(documents provided to attorney to be disclosed in bankruptcy filings not privileged); Jack
Winter v. Koratron, 50 F.R.D. 225 (N.D. Cal. 1970) (factual information conveyed for patent
applications not privileged). MGA should produce all documents that constitute intellectual
property search results or information transmitted to attorneys to include it in intellectual
property filings or applications. Please confirm that such documents will be produced and that
none of those documents withheld as privileged contain either intellectual property search results
or the transmittal of information for the purpose of inclusion in an intellectual property filing or
application.

Eighth, a number of documents are identified as containing the handwritten notes of an attorney.
See, e.g., August Log Nos. 483, 520, 521, 563, 601, 621, 622, 623; September Log Nos. 181,
264, 608-611. However, many of the documents described as containing attorney notes do not
appear to have been prepared in the anticipation of litigation. To the extent attorney notes were
prepared in anticipation of litigation and properly constitute work product, the documents should
at least be produced with any protected notes redacted.

3

EXHIBIT _____ 1

PAGE _____ 8

Ninth, several entries include incomplete information. For example, August Log No. 791 includes an individual identified only as "Stephen" in the "cc" field. August Log No. 521 does not identify any author, sender or recipient and does not even note the privilege claimed. Over one hundred entries on the September log alone appear to have incomplete lists of senders and recipients.[2] Sometimes, only a first or last name is listed, other times only what appear to be email nicknames. September Log No. 1822, for example, describes an email as being sent to "Mitch," while Nos. 1357 and 1358 are described as emails to a "legal temp." In numerous other entries the lists of recipients appears to have been truncated.[3] A complete list of every sender and recipient is required.

Further, many of the descriptions lack other crucial information. For example, August Log No. 601 is described as a "draft settlement agreement with attorney handwritten notes," but does not list an author of the notes. Similarly, August Log Nos. 621 and 622 are described as a "draft license agreement revision with attorney handwritten notes," but do not list an author of the notes. Finally, numerous entries do not indicate the type of document being withheld. See, e.g., September Log Nos. 729-731, 735, 736, 739, 746, 749, 1206, 1218, 2183. Please confirm that MGA will provide complete information for all of the entries on its logs.

Tenth, a number of documents appear to be clearly non-privileged based on the information provided in MGA's logs. For example, August Log No. 563 is described as an email message from Beth Cahill to Steve Stanley, who is identified as an employee of a third party, Disguise, Inc. That email is not privileged. Similarly, August Log No. 483 states that the document was sent to the Turkish Patent Institute. Numerous other entries describe communications with outside parties, including various corporations and trademark, patent and other government agencies. See, e.g., 788, 890, 1369, 1522, 2012. 2013, 2015, 2016, 2274, 2291, 2293, 2295,

---

[2]  See, e.g., September Log Nos. 1005, 1008, 1071, 1077, 1080, 1081, 1082, 1085, 1086, 1260, 1324-1327, 1331, 1357, 1358, 1365-1368, 1381-82, 1448, 1544, 1545, 1594-1598, 1624-1630, 1643-1645, 1647-1649, 1698, 1724, 1728-1731, 1733, 1737, 1738, 1741, 1742, 1781, 1785, 1786, 1801, 1804, 1805, 1815, 1822, 1830, 1833-1837, 2054, 2055, 2081, 2091, 2095, 2113, 2114, 2116,218-2121, 2124, 2142, 2181, 2548, 2551, 2556, 2561, 2572, 2573, 2575, 2576, 2577, 2579, 2582-85, 2586, 2587, 2588, 2589, 2594-96, 2599-2606, 2609-2612, 2614-2617, 2681, and 2798

[3]  See, e.g., September Log Nos. 71, 83, 110, 233, 234, 235, 240-250, 472, 479-481, 483, 496, 499, 537, 541, 555, 556, 561-53, 626, 650, 651, 655, 656, 658-60, 662-664, 666-667,669, 671, 673-677, 685-88, 691, 725, 726, 733, 737, 745, 751, 752, 776, 883, 887, 889, 1023, 1044,1119, 1130, 1146, 1157, 1167, 1176, 1179, 1190, 1192, 1193, 1195, 1196, 1197, 1292, 1309-1311, 1315, 1332, 1336, 1340, 1384, 1385, 1402, 1405-1408, 1420, 1468, 1474, 1493, 1495, 1673, 1674, 1684, 1745, 1765, 1813, 1824, 1826, 1827, 1835, 1898, 1899, 1916, 1959, 2012, 2015, 2016, 2021, 2056, 2066, 2070, 2110, 2124, 2142, 2169, 2192, 2194, 2195, 2196, 2207, 2278, 2308, 2347, 2374, 2430, 2431, 2436, 2452, 2485, 2486, 2489, 2490, 2502, 2504, 2505, 2406, 2508, 2510, 2511, 2515, 2516. 2520, 2521, 2522, 2523, 2569, 2573, 2574, 2597, 2599, 2600, 2601, 2640, 2644, 2654, 2657, 2659, 2660, 2661, 2662, 2663, 2666, 2667, 2668, 2675, 2676, 2711, 2716, 2720, 2741, 2777, 2799, 2806, 2860-2865.

4

EXHIBIT _____ \

PAGE _____ 9

2326, 2518, 2519. Other entries appear to describe categories of documents which are not generally privileged, such a telephone logs or billing information. See, e.g., September Log Nos. 170, 197, 205, 1152, 1153, 1197, 2360.

Eleventh, certain documents have been withheld based on the assertion of the work-product privilege. See, e.g., September Log Nos. 2185, 2189, 2190. However, the descriptions for many of these documents offer no basis to judge whether the documents were made in anticipation of litigation. For example, September Log No. 2185 is merely described as an email "conveying legal analysis regarding Bratz trademark applications." This problem is compounded by the fact that the exact same description is used for documents where the work-product privilege is not being asserted. See, e.g., September Log No. 2188. MGA should clarify its basis for claiming the work-product privilege for documents that do not have any indication they were prepared in anticipation of litigation.

The examples cited above are merely illustrative. MGA should undertake a comprehensive review of its logs to correct these and other deficiencies, and to provide Mattel with the information to which it is entitled.

Please let us know when MGA is available to meet and confer within the time required by the Discovery Master Stipulation. Should the parties be unable to reach resolution on these issues, Mattel anticipates filing a motion to compel MGA to disclose complete information in connection with its logs to allow Mattel and the Court to ascertain the propriety of MGA's privilege assertions and to compel the production of withheld documents. Mattel also may seek sanctions.

I look forward to hearing from you.

Very truly yours,

B. Dylan Proctor

BDP:BBS
07209/2315866.1

cc:     David Jin, Esq. (by electronic mail only)

EXHIBIT _____ l

PAGE _____ l o

<u>**Exhibit 2**</u>

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144

TEL:(213) 687-5000
FAX:(213) 687-5600
www.skadden.com

DIRECT DIAL
(213) 687-5366
DIRECT FAX
(213) 621-5368
EMAIL ADDRESS
FMERRING@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 7, 2007

## VIA FACSIMILE AND U.S. MAIL

Mr. B. Dylan Proctor, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

RE:    *Bryant v. Mattel, Inc.*

Dear Mr. Proctor:

I write pursuant to section 5 of the Discovery Master Stipulation regarding deficiencies in Mattel's privilege log, served on September 18, 2007. Mattel is required under the Federal Rules of Civil Procedure to serve a privilege log that identifies each document in a manner that "will enable the other parties to assess the applicability of the privilege or protection." FRCP Rule 26(b)(5). Mattel's privilege log fails to do this in at least the following five ways.

First, Mattel is withholding on the basis of attorney-client privilege a large number of documents that appear to be internal Mattel communications that did not involve counsel. *See, e.g.*, items 1-2, 8-11, 18-21, 29, 45-46, 51, 57, 67, 70-73, 75, 105-108, 129, 147-153, 164.

Second, Mattel relies on the attorney work product doctrine for a large number of documents dated before November 2003. *See, e.g.*, items 8-11, 16-20, 24, 31, 36, 76-83, 85-91, 109-242. These privilege assertions are directly contrary to Mattel's claim that it first learned of a probable claim in late 2003. *See* Mattel's Opposition to Joint Motion for Terminating Sanctions, dated August 13, 2007, at 13. Further, to the extent Mattel is asserting the work product doctrine based on "another potential action" other than this action (*see* footnote 1 of Mattel's log), it is unclear why Mattel is entitled to withhold those materials in this case.

EXHIBIT _____ 2

PAGE_____ 11

Mr. B. Dylan Proctor, Esq.
December 7, 2007
Page 2

Third, Mattel's log is missing basic information, the absence of which makes
it impossible to evaluate whether Mattel's privilege assertions are proper. For
example, entry 20 is described only as "Email regarding packaging." Similarly,
entry 17, a document dated September 18, 2003, is described only as "Attorney notes
regarding Cityworld." These types of entries, which are generally limited to three or
four words and found throughout the privilege log, provide insufficient information
regarding the subject of the documents or why Mattel is withholding these
documents on the basis of the attorney-client privilege and work product doctrine.

Aside from Mattel's failure to provide adequate descriptions, many entries do
not identify the author or recipients of the documents you are withholding. The first
two entries, for example, assert the work product and attorney-client privilege for
board of director meeting minutes, without identifying the attendees or the legal
advice supposedly giving rise to the privilege claim. Other entries, mostly emails,
are undated. See, e.g., items 27-29, 70-75.

Fourth, Mattel appears to be withholding numerous attachments to
communications, such as calendars and advertising materials, that are not themselves
privileged. See, e.g., items 4, 33, 40, 52, 59, 80, 102, 105, 127, 128, 135, 136, 140,
146-148, 159, 173, 176, 178, 184-185, 187, 190, 192, 194, 198-199, 205, 212, 214,
219, 221, 226-227, 229.

Fifth, several entries on the privilege log assert "trade secret" privilege. See,
e.g., items 94-100, 102-103. Even assuming that the communications are of such
proprietary or confidential nature to justify the designation "trade secret," there is a
Protective Order in this action that provides for confidentiality. Given the Protective
Order, Mattel's refusal to produce documents based on a purported "trade secrets"
privilege is unwarranted.

The examples above are only illustrative. Mattel should undertake a
complete review of its logs to address the many deficiencies and provide MGA with
the documents and information to which it is entitled. Please let me know when
Mattel is available to meet and confer. I look forward to hearing from you.

Very truly yours,

Robert J. Herrington

EXHIBIT ____2____

PAGE ____12____

**Exhibit 3**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

December 21, 2007

<u>VIA FACSIMILE & U.S. MAIL</u>

Mr. Jose Allen, Esq.                      Mr. Robert Herrington, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP   Skadden, Arps, Slate, Meagher & Flom LLP
4 Embarcadero Center, Suite 3800           300 South Grand Avenue
San Francisco, CA 94111                    Los Angeles, CA 90071

Re:    <u>Mattel, Inc. v. Bryant, et al.</u>

Dear Jose and Robert:

I write further to our meet and confers of December 17 and 20, 2007, regarding the parties' privilege logs and the production of redacted documents.

First, as you know, MGA's prior counsel took the position that a document containing any privilege material—even a single sentence—should be withheld in its entirety rather than produced in redacted form. You acknowledged that this is a problem regarding the August and September 2007 logs produced by MGA, and stated you were attempting to develop a proposal for how to handle it. I stated Mattel's view that MGA should re-review all the documents it has withheld on privilege grounds and produce them in redacted form, with updated, and more detailed, privilege log descriptions. I look forward to your proposed resolution, which you said you would provide on Monday, December 24, 2007.

Second, you agreed that you would provide us with a proposal (although you did not commit to provide this by Monday) aimed at resolving several other issues in MGA's privilege logs, including whether MGA will produce all non-privileged material and factual information, including:

EXHIBIT _____3_____

PAGE _____13_____

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

- trademark search results (whether conveyed in an attorney-client communication or otherwise),

- dates of first use of trademarks or names,

- internal "docket sheets" reflecting factual information,

- any other factual information conveyed to counsel for disclosure or possible disclosure to government agencies, and

- fax cover sheets and other attorney-client communications that do not reveal or disclose the substance of a client's confidential communication or an attorney's legal advice in response to the same.

Additionally, you agreed to respond to our concern that many of the descriptions on the logs are too broad/and or vague to allow Mattel to determine the nature of the communication. This is especially a problem for documents regarding trademark or other intellectual property matters because, as we discussed (and the Court has found), not all communications between attorney in client in this arena are privileged.

Further, you agreed to respond to the balance of the matters set forth in our letter requesting a conference of counsel, including Mattel's concerns that certain documents appear to have been disclosed to outside parties, and are not privileged, certain documents describe categories of documents which are not privileged, such as telephone logs or billing information, etc. I note in this regard that you confirmed MGA would likely be producing at least some documents it has withheld on privilege grounds in their entirety because the privilege assertion made by prior counsel was not correct.

Third, you agreed to provide us with a list of MGA's counsel and to identify those individuals listed in our December 7, 2007 letter, including by stating whether they are MGA employees or not. Mattel agreed to the same, and we await your list of individuals which require further identification, which Mr. Herrington agreed to provide.

Fourth, both parties agreed that communications with attachments or multiple documents should be logged as separate entries. The parties also mutually agreed to review the entries on the logs that have been identified and confirm or correct, as needed, the name and date information.

Fifth, we discussed MGA's expressed concerns about certain categories of documents on Mattel's privilege logs. As we discussed, some of these issues were previously raised and resolved with MGA's prior counsel. As discussed, my partner Timothy Alger will provide further details on these issues.

Finally, we agreed to review entries listed in your December 13, 2007 letter, and to respond to MGA's concerns over the appropriate scope of those redactions. We agreed we would discuss this issue further on Thursday, December 27, 2007, at 3:00 p.m.

EXHIBIT _____ 3

PAGE _____ 14

We look forward to receiving MGA's proposals on the issues set forth above. I remain hopeful that we can resolve many of these issues, if not all, without the need for judicial intervention.

Very truly yours,

*B. Dylan Proctor/src*

B. Dylan Proctor

BDP:ZDK
07209/2335132.1

3

EXHIBIT ____ 3
PAGE ____ 15

**Exhibit 4**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CALIFORNIA 94111-4144

TEL: (415) 984-6400
FAX: (415) 984-2698
www.skadden.com

DIRECT DIAL
(415) 984-6442
DIRECT FAX
(858) 329-1260
EMAIL ADDRESS
JRALLEN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 24, 2007

<u>Via Email and Facsimile</u>

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

RE:   *Carter Bryant v. Mattel, Inc.* Case No. CV 04-9049 SGL (RNBx)
(consolidated with Cases Nos. CV 04-09059 and CV 05-02727)

Dear Mr. Proctor:

I write in furtherance of our ongoing meet and confer discussions of December 17 and 20, 2007, and in response to your letter dated December 21, 2007, regarding the parties' privilege logs in this case.

During our telephone conversation on December 20 I told you that I would get back to you today with a proposal to address the concerns you raised with regard to the treatment of documents in the August and September 2007 privilege logs where only portions of documents are privileged. Without adopting your characterization of our conversation, it suffices to say that we have decided to conduct a review of all the documents listed on those logs and to prepare revised logs. We will also produce in redacted form any documents which we determine are capable of being redacted without revealing privileged information. Where appropriate, we will also provide revised descriptions where doing so will not result in divulging privileged information or compromise any privilege.

Our willingness to undertake this burdensome task is expressly conditioned on your representation that Mattel has treated or will treat in the same fashion documents that appear on its current and future privilege logs. Please confirm for me that, with respect to documents listed on Mattel's privilege log, Mattel has produced in redacted form all documents that contain unprivileged

EXHIBIT _____4_____

PAGE _____16_____

B. Dylan Proctor, Esq.
December 24, 2007
Page 2

information and will provide detailed descriptions for any vague entries on its log. In addition, please confirm that you will adhere to this practice in all logs that you produce in the future.

        With respect to the balance of the issues raised in your letter of December 21 that we have not already resolved, I will be prepared to address them during our follow-on meet and confer conference on Thursday, December 27, 2007 at 3:00 P.M., and I expect that you will be prepared to address any open issues relating to your log at the same time.

        Very truly yours,

José R. Allen

cc:    Robert Herrington, Esq.

EXHIBIT 4

PAGE 17

**Exhibit 5**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

December 27, 2007

**VIA FACSIMILE & U.S. MAIL**

Mr. Jose Allen, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
4 Embarcadero Center, Suite 3800
San Francisco, CA 94111

Mr. Robert Herrington, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Los Angeles, CA 90071

Re:   Mattel, Inc. v. Bryant, et al.

Dear Jose and Robert:

I write further to yesterday's meet and confer regarding the parties' privilege logs and the production of redacted documents.

First, as previously discussed, you have agreed to (1) review the documents on MGA's supplemental privilege logs and produce any that include non-privileged information, either in their entirety or in redacted form, and (2) update the privilege logs with more detailed descriptions where it is appropriate to do so. You stated that you were not yet able to commit to a deadline for this re-production but would do so when speak again next week. As we discussed, given the importance of this issue (it is apparent that MGA has withheld a substantial amount of non-privileged information), as well as the approaching discovery cut-off, Mattel expects that this will be made a priority. I also proposed that we enter into a stipulation that would allow any necessary follow-up arising from this issue, including motion practice if necessary, to occur after the close of Phase 1 discovery (regardless of whether this is a Phase 1 issue or not) to enable the parties adequate time to attempt to resolve their differences without the need for motion practice. You said you would consider this proposal. I look forward to your response.

Given our mutual concerns about the adequacy of the other party's privilege log's descriptions, I also suggested that the parties consider entering into a stipulation which would preclude using

EXHIBIT _____ 5

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
PAGE ___ 18
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/2336927.1

any revised and/or expanded privilege log descriptions as a basis for arguing waiver of the attorney client or work-product privileges. I also look forward to MGA's response on this issue.

Second, I understand that you will continue to identify the individuals listed in my previous letter, and now that we have received your list, we will do the same. We agreed to discuss deadlines for provision of this information next week.

Third, MGA explained that it does not agree that date of first use information, trademark search results, draft applications or the other information itemized in my letter of December 21, 2007, is non-privileged. Instead, you explained that you believe such an analysis can only be made on a case by case basis. On that basis, MGA would not commit to provide such information when it re-reviews the withheld documents and produces non-privileged information to Mattel.

Fourth, I agreed to schedule a time next week, ideally on Monday, for us to continue our meet and confer regarding the documents on Mattel's privilege log. As we have discussed, my partner Timothy Alger will provide further details regarding some categories of documents. I will let you know Mattel's availability as soon as possible.

Fifth, I hope that we have adequately responded to your concerns regarding the scope of Mattel's redactions. As I indicated, based on the review we have conducted to date, most of the documents about which you have raised questions have redactions which we believe are appropriate and consistent with our mutual understanding with MGA's prior counsel that unfair competition documents may be produced in redacted form where redactions only relate to products that are not at issue in this case in any way. You indicated that you would consider this issue and respond with MGA's position, which I look forward to receiving. As I also explained, other documents listed in MGA's letter were redacted for privilege, and are not included in Mattel's privilege log based on the parties' prior agreements because they post-date this litigation. Finally, I explained that Mattel intends to re-review all the documents you have listed as containing redactions to ensure that its redactions are appropriate in light of the standards we discussed.

I look forward to discussing these matters further with you next week.

Very truly yours,

B. Dylan Proctor/ec

B. Dylan Proctor

BDP:ZDK
07209/2336927.1

07209/2336927.1                                    2

EXHIBIT ____5____

PAGE _____19_____

**Exhibit 6**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

January 2, 2008

<u>VIA FACSIMILE & U.S. MAIL</u>

Mr. Jose Allen, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
4 Embarcadero Center, Suite 3800
San Francisco, CA 94111

Re:     <u>Mattel, Inc. v. Bryant, et al.</u>

Dear Jose:

I write further to today's meet and confer regarding MGA's privilege logs.

As previously discussed, you have agreed to (1) review the documents on MGA's supplemental privilege logs and produce any documents that include non-privileged information, either in their entirety or in redacted form, and (2) update the privilege logs with more detailed information where it is appropriate to do so. During today's conference, you indicated that this process would likely take three weeks to be completed. Three weeks brings us very near the close of Phase 1 discovery in this case.

As you know, our proposal that the parties enter into a stipulation to allow any necessary follow-up relating to these privilege logs (including motion practice if necessary) to occur after the close of Phase 1 discovery (whether the entries relate to Phase 1, Phase 2 or both) remains outstanding. In our view, such a stipulation would permit the parties to attempt to resolve as many of their differences as possible informally, without unnecessarily burdening the Court.

Second, our proposal that the parties enter into a separate stipulation which would preclude using any revised and/or expanded privilege logs descriptions as the basis for arguing waiver of the attorney client or work-product privileges also remains outstanding. Allowing more full,

EXHIBIT _____ **6**

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | **PAGE** 49-7000 FAX 212-849-7100   **20**
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

accurate descriptions without fear of waiver could enable other parties to intelligently assess whether a document truly is privileged, and would likely limit the number of issues that need to be addressed to the Court.

Third, Mattel has requested that MGA provide the documents it will be producing or producing in redacted form and its updated logs on a rolling basis, rather than all at once in three weeks' time, to enable Mattel to review the information on a rolling basis as well. You stated that you do not object to this in principle, but were not, as of our call, prepared to commit to it.

You promised to send an email responding to these issues as soon as possible, and in any case no later than next Monday, January 7, 2008. I look forward to your prompt response.

Further, we agreed that given these outstanding issues, it was best to hold-off on a document-by-document discussion of a number of specific entries on MGA's supplemental logs which are of particular concern to Mattel based on the information on the logs MGA has provided to date. These entries warrant specific discussion, on an item by item basis, just as recently occurred regarding entries on Mattel's log that were challenged by MGA. We agreed to revisit this matter once MGA has confirmed whether it will agree to the stipulations proposed by Mattel, on or before Monday.

I look forward to speaking with you further on Monday.

Very truly yours,

Dylan Proctor / ZDK

B. Dylan Proctor

BDP:ZDK
2339420_priv ltr.DOC

EXHIBIT _____ 6 _____

2

PAGE _____ 21 _____

**Exhibit 7**

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER

SAN FRANCISCO, CALIFORNIA 94111-4144

———

TEL: (415) 984-6400

FAX: (415) 984-2698

http://www.skadden.com

DIRECT DIAL
(415) 984-6442
EMAIL ADDRESS
JRALLEN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

January 7, 2008

Via Email and Facsimile

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

RE:     *Carter Bryant v. Mattel, Inc.* Case No. CV 04-9049 SGL (RNBx)
        (Consolidated With Case Nos. CV 04-09059 and CV 05-02727)

Dear Dylan:

        I write to follow up on our prior meet and confer conferences and your letters dated December 17 and 20, 2007 and January 2, 2008 regarding MGA's privilege logs that were produced to you on August 14 and September 5, 2007.

        As I previously advised you in my letter dated December 24, 2007, MGA has decided to prepare supplemental privilege logs. Because of the large number of documents involved, it appears that it may take considerably more time than my original estimate of three weeks to complete the supplemental logs, but it is difficult to provide a firm end date at this time. I will let you know when I have a better sense of the completion date. However, we will be able to provide updated logs on a rolling basis which will enable Mattel to review them on a rolling basis as well rather than waiting until the logs have been completed in their entirety.

        We are not inclined to enter into a stipulation to extend the time for Mattel to bring any motions with regard to the supplemental privilege logs after the Phase I discovery cutoff date. MGA has committed already to take extraordinary steps to address Mattel's concern with regard to the August and September 2007 logs by agreeing to prepare supplemental logs; it is important to bring the process to a close and focus attention on the trial of the case. With regard to your proposal that the parties stipulate that any revised or expanded document descriptions in the

EXHIBIT _____ 7

PAGE _____ 22

03-08-07   17:96   FROM-                                    T-702   P.03/03   F-765

B. Dylan Proctor, Esq.
January 7, 2008
Page 2


privilege logs would not be used as a basis for arguing waiver of the attorney-client or attorney work product privileges, I am not convinced that there is any compelling need for such a stipulation. The issue of the adequacy of the document descriptions in the logs can be better addressed on an individual basis rather than attempting to do so in some global fashion.

Finally, as I informed you during our prior conferences, I do not agree that documents which fall into any of the five categories listed on page 2 of your letter dated December 21, 2007 are presumptively not privileged, nor do I believe that it would be productive to attempt to develop guidelines for determining the categories of documents that would be listed on the supplemental privilege logs.

Please feel free to give me a call if you have any questions about the foregoing.

Very truly yours,

José R. Allen

cc:   Robert Herrington

202811.01-San Francisco Server 1A - MSW

EXHIBIT _____ 7
PAGE _____ 23

**Exhibit 8**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

January 11, 2008

<u>VIA FACSIMILE & U.S. MAIL</u>

Mr. Jose Allen, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
4 Embarcadero Center, Suite 3800
San Francisco, CA 94111

Re:     <u>Mattel, Inc. v. Bryant, et al.</u>

Dear Jose:

I write further to your January 7, 2008 and January 9, 2008 letters regarding MGA's privilege logs, and further to our ongoing meet and confer on this matter.

As an initial matter, from your January 9, 2008 letter it is clear that MGA has agreed to produce a number of documents it had been withholding on privilege grounds. I appreciate your agreement to produce these documents.

Nevertheless, there are a number of specific entries we wish to call to your attention. In our prior meet and confers, and as summarized in my January 2, 2008 letter, we agreed that a discussion of these specific entries would best be deferred until you had fully considered our proposed stipulations. Now that you have rejected those proposals, we wish to focus on the following specific entries on MGA's privilege logs. Just as we recently did with your colleagues regarding Mattel's log, we expect MGA to conduct an entry-by-entry analysis and discussion of these documents with us, which I hope may avoid unnecessary motion practice.

First, we previously listed a number of communications which did not appear to involve counsel, and you have agreed to produce many of these. However, your January 9, 2008 letter indicates that you continue to claim the attorney client privilege regarding certain communications which do not involve counsel. <u>See, e.g.</u>, August Log Nos. 130, 914, 916, 1058, 1089, 1101; September

EXHIBIT _____ **B**

PAGE ___ **2 4**

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2350851.1

Log No. 597. MGA, however, has neither provided nor offered to provide any evidence or substantiation for those assertions. Furthermore, as of now, and for reasons we have explained, MGA's privilege logs provide no basis to believe these documents are privileged.[1] Indeed, as on the prior logs, numerous entries on the privilege log for MGA's October 2007 document productions do not appear to reflect confidential communications or legal advice. For example, October Log No. 267 is an email from Isaac Larian to Rene Turin, neither of whom is an attorney. If MGA has any proof to support its privilege claims as to this and similarly situated entries, please provide it promptly.[2]

Second, we previously indicated that certain documents appear to be telephone logs, see, e.g., September Log Nos. 8, 139, 148, 170, 197, 205, which generally are not privileged where they merely record the fact of a communication but do not disclose the substance of that communication. See, e.g., Coastline Terminals v. U.S. Steel Corp., 221 F.R.D. 14, 19 (D. Conn. 2003). As to these documents as well, please provide us with any evidence MGA is relying upon to substantiate these privilege claims.

Third, there are a number of entries which have inadequate or confusing descriptions or which otherwise raise concerns which I believe require discussion. See, e.g., August Log Nos. 434, 524, 530, 532; September Log Nos. 266, 934, 2095, 2831, 2853, 2854, 2855, 2857. For example, September Log No. 266 is described as a "Memo re Bratz Trademark Investigation," but gives no information as to the identity of the author or recipient, the date or the type of the "investigation." September Log No. 934, a "Data Sheet" for trademark registrations, appears to be the type of document which Judge Infante has ruled should be disclosed.

Fourth, we have noted that numerous entries on the logs appear to refer to communications with outside parties. While I appreciate your agreement to produce some of these documents which, as you note in your letter, contain "communications with other non-parties," you have indicated that MGA will continue to withhold documents which contain communications with MGA's "licensees and/or licensing agents regarding issues such as trademark registrations advertising and potential litigation" based on a claimed common interest privilege. As you know, the common interest privilege is narrow and does not "encompass a joint business strategy which happens to include as one of its elements a concern about litigation." Nidec Corp. v. Victor Co. of Japan, 2007 WL 1994171, at *3 (N.D. Cal. July 5, 2007) (citation omitted). MGA has the

---

[1] From your January 9, 2008 letter, the status of August Log No. 913 is unclear as it is listed both as a document that will be produced and a document that will be withheld. Additionally, your letter does not indicate what decision MGA has reached regarding August Log No. 931. Further, August Log Nos. 914 and 916, entries we have not previously discussed, mistakenly list Dennis Medici, MGA's CFO, as an attorney.

[2] See, e.g., October Log Nos. 3, 8, 39, 71, 104, 134, 135, 175, 261, 267, 539, 546, 824, 1036, 1046, 1047, 1068, 1123, 1124, 1406, 1462, 1463, 1466, 1467, 1481, 1506, 1514, 1780, 1781, 1782, 1784, 1941, 1942, 2063, 2073, 2074, 2090, 2101, 2117, 2256, 2259, 2260, 2262, 2263, 2267, 2269, 2271, 2274, 2672, 2677, 2694, 2724, 2728, 2732, 2761, 2765, 2772, 2775, 2786, 2787, 2802, 2807, 2814, 2815, 2830, 2833, 2845, 2848, 2849, 2851, 2852, 2853, 3213, 3299, 3332, 2226, 2227, 2240, 3360, 3367, 3368.

EXHIBIT _____ C

PAGE _____ 25

burden of showing that the privilege applies in this context. Based on the descriptions in the logs
and based on MGA's lack of any proof to substantiate its assertions, there is no reason for Mattel
to believe it does. Accordingly, I again ask that you provide any basis MGA has for claiming
that privilege entitles MGA to withhold all such documents. See, e.g., August Log Nos. 89, 132,
133, 408, 409, 448, 550, 657, 726, 727, 831, 987, 1066, 1073, 1079, 1080, 1081, 1107;
September Log Nos. 701, 890, 1170, 2016.[3] Further, MGA's October Log has numerous entries
which appear to be communications with outside parties, including Bandai and other business
partners. For many of these communications there is no assertion of the common interest
privilege. Please produce or be prepared to discuss these entries as well.[4]

Last, although you stated that Skadden's practice, since it joined the case, has been to produce
documents in redacted form rather than withhold entire documents (where less than the entire
document is privileged), the October Log does not appear consistent with this statement. As far
as we can tell, all or nearly all the document listed on the October log have indeed been withheld
in their entirety, which as you know is inappropriate. We intend to move on all such instances in
which MGA has withheld the entirety of documents that nevertheless contain non-privileged
portions.

I look forward to hearing from you promptly on these issues further to our ongoing meet and
confer and our efforts to avoid unnecessary motion practice.

Very truly yours,

Dylan Proctor / ZDK

B. Dylan Proctor

BDP:ZDK
07209/2350851.1

---

[3] From your January 9, 2008 letter, the status of August Log No. 890 is unclear as it is
listed both as document that will be produced and a document that will be withheld. Further, our
letter of January 7, 2008 mistakenly cited September Log No. 1016 as an entry of concern,
instead of No. 2016.

[4] See, e.g., October Log Nos. 80, 82, 83, 84, 85, 86, 261, 471, 778, 891, 921, 922, 923,
925, 926, 1291, 1337, 1434, 1437, 1438, 1439, 1440, 1443, 1444, 1445, 1446, 1453, 1685, 1816,
1817, 1823, 1825, 1844, 1853, 1878, 1889, 2238, 2533, 2534, 2793, 3004, 3005, 3312.

EXHIBIT 8

PAGE 26

**Exhibit 9**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CALIFORNIA 94111-4144

TEL: (415) 984-6400
FAX: (415) 984-2698
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(415) 984-6442
DIRECT FAX
(866) 329-1260
EMAIL ADDRESS
JRALLEN@SKADDEN.COM

January 18, 2008

Via FEDEX, Email and Facsimile

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017

RE:   *Carter Bryant v. Mattel, Inc.* Case No. CV 04-9049 SGL (RNBx)
(Consolidated With Case Nos. CV 04-09059 and CV 05-02727)

Dear Mr. Proctor:

Enclosed are the redaction log and the supplemental privilege log relating to MGA's document production in October 2007.

Also enclosed is a CD containing documents supplementing the production in October 2007. The documents in this CD fall within the following Bates ranges:  MGA 3772204 – MGA 3775125 and MGA 3787516 – MGA 3789914. They are stamped with confidentiality designations in accordance with the standing Protective Order. Additionally, a separate CD containing the native files of four documents (MGA 3775032, MGA 3776507, MGA 3776508 and MGA 3776509) are being produced to you in lieu of hardcopies.

Very truly yours,

José R. Allen

cc:   Amy S. Park
Andrew C. Temkin

EXHIBIT _____ 9

PAGE _____ 27

**Exhibit 10**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

January 18, 2008

VIA FACSIMILE AND U.S. MAIL

Amy S. Park, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301

Re:   Mattel, Inc. v. Bryant

Dear Amy:

I write further to our meet and confer of earlier today regarding MGA's responses to Mattel's First Set of Requests for Production dated March 14, 2005.

MGA represented that it is not withholding any non-privileged documents responsive to Request for Production Nos. 28-31, 44, 47, 68, 71-87, and 95, and that any privileged documents have been listed on a privilege log.

Regarding Request No. 65, MGA explained that all responsive documents should have already been produced in response to other requests. However, MGA stated that it was conducting a search to confirm that all responsive documents have been produced.

As to request No. 89, MGA asserted that this request is overbroad. Request No. 89 seeks all telephone records for MGA for the time period from January 1, 1998 through January 1, 2001. MGA contended that in light of Judge Infante's Order regarding a similar request that Mattel propounded to Isaac Larian, the scope of Request No. 89 should be limited to telephone records that relate to Bratz or Angel. See Order Regarding Mattel's Motion to Compel Production of Documents by Isaac Larian, dated December 31, 2007, at 12. MGA also represented that Larian would today be producing all documents relating to MGA's telephone communications between January 1, 1998 through January 1, 2001 regarding Angel and Bratz, pursuant to this Order.

EXHIBIT _____ 10

PAGE _____ 28

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/2350867.1

MGA also asserted that Request No. 48 is overbroad.  Request No. 48 seeks non-privileged
communications between MGA and any person that refer or relate to this action.  Mattel
explained that the request is not overbroad because it is limited to communications that refer or
relate to this action.  MGA requested that Mattel clarify if Request No. 48 includes
communications between MGA and other internal MGA employees, or if it only includes
communications between MGA and third parties.  We agreed to further discuss this matter on
Tuesday, January 22, 2007.  I look forward to speaking with you then.

Very truly yours,

B. Dylan Proctor

2

EXHIBIT ___ 16
PAGE ___ 29

<u>**Exhibit 11**</u>

# CONFIDENTIAL - FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

**Exhibit 12**

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Exhibit 13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARTER BRYANT, an
individual,

       Plaintiff,

    vs.

MATTEL, INC., a Delaware
corporation,

       Defendants.

No. CV 04-9049 SGL
(RNBx)

**CERTIFIED COPY**

Consolidated with MATTEL, INC. v.
BRYANT and MGA ENTERTAINMENT, INC.
v. MATTEL, INC.

HEARING BEFORE THE HONORABLE EDWARD A. INFANTE

San Francisco, California

Friday, December 14, 2007

Reported by:
DANA M. FREED
CSR No. 10602

JOB No. 76864

EXHIBIT ___12___
PAGE ___37___

HEARING                                    12/14/07

1                    UNITED STATES DISTRICT COURT
2                  CENTRAL DISTRICT OF CALIFORNIA
                         EASTERN DIVISION
3

4        CARTER BRYANT, an
         individual,
5
                     Plaintiff,
6
              vs.                        No. CV 04-9049 SGL
7                                           (RNBx)
         MATTEL, INC., a Delaware
8        corporation,

9                    Defendants.

10       _____
         Consolidated with MATTEL, INC. v.
11       BRYANT and MGA ENTERTAINMENT, INC.
         v. MATTEL, INC.
12
         _____
13

14                   Hearing before the Honorable Edward A. Infante,

15       at JAMS, Two Embarcadero Center, Suite 1500, San Francisco,

16       California, beginning at 10:49 a.m. and ending at

17       12:43 p.m. on Friday, December 14, 2007, before

18       DANA M. FREED, Certified Shorthand Reporter No. 10602.

19

20

21

22

23

24

25

HEARING                                    12/14/07

```
 1   APPEARANCES:

 2

 3   For the Plaintiff CARTER BRYANT, an individual:

 4           KEKER & VAN NEST LLP
             BY:    MICHAEL H. PAGE
 5                  JOHN TRINIDAD
                    CHRISTA MARTINE ANDERSON
 6           Attorneys at Law
             710 Sansome Street
 7           San Francisco, California 94111-1704
             415.391.5400
 8

     For the Defendant MATTEL, INC., a Delaware
 9   corporation:

10           QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
             BY:    JOHN B. QUINN
11                  JON COREY
                    SCOTT B. KIDMAN
12                  B. DYLAN PROCTOR
             Attorneys at Law
13           865 Figueroa Street, 10th Floor
             Los Angeles, California 90017
14           213.443.3000

15   For the Defendants MGA Entertainment, Inc., MGA
     Entertainment (HK) Limited, and Isaac Larian:
16
             SKADDEN ARPS SLATE MEAGHER & FLOM LLP
17           BY:    RAOUL D. KENNEDY
                    THOMAS J. NOLAN
18                  AMY S. PARK
             Attorneys at Law
19           Four Embarcadero Center, 38th Floor
             San Francisco, California 94111-5974
20           415.984.6400

21   Also Present:

22           CRAIG HOLDEN, MGA Entertainment

23

24

25
```

3

EXHIBIT 13
PAGE 39

1    San Francisco, California, Friday, December 14, 2007

2                 10:49 a.m. - 12:43 p.m.

3

4         JUDGE INFANTE:  Let's begin with counsel.  If

5    you could please enter your appearances, please.

6    First for Mattel.

7         MR. QUINN:  John Quinn appearing for Mattel.

8         MR. COREY:  Jon Corey on behalf of Mattel.

9         MR. KIDMAN:  Scott Kidman for Mattel.

10        MR. PROCTOR:  B. Dylan Proctor for Mattel.

11        MS. ANDERSON:  Your Honor, Christa Martine

12   Anderson for Carter Bryant.

13        JUDGE INFANTE:  Okay.

14        MR. PAGE:  Michael Page for Carter Bryant.

15        MR. TRINIDAD:  John Trinidad for Carter

16   Bryant.

17        MR. HOLDEN:  Craig Holden for MGA.

18        MS. PARK:  Amy Park for MGA.

19        MR. NOLAN:  Tom Nolan for MGA.

20        MR. KENNEDY:  Raoul Kennedy also for MGA.

21        JUDGE INFANTE:  Thank you.

22        I received the parties' joint report

23   regarding motions scheduled to be heard as to which

24   motions you had resolved through your meet and confer

25   process, which motions needed a decision.  That report

EXHIBIT _____ 13 _____

1  of privilege.  And I think that this is a, if there
2  ever was a case where such a waiver should be found
3  where there's been just defiance of an order being
4  told, notwithstanding the fact that there's an order
5  saying you must produce the log by the end of May,
6  being told in August we are not going to do it until
7  the middle of September at the earliest, with no
8  justification provided, the only appropriate response
9  to that, the only corrective measure, the only
10  meaningful sanction is not a couple thousand dollars
11  in attorney's fees at this point, it's waiver of the
12  privilege as to these documents.
13       JUDGE INFANTE:  Okay.  Thank you very much.
14       I have read everything on this, including the
15  case law cited, and in particular the Burlington case
16  with respect to the ad hoc approach and the balancing
17  of factors cited in that case.
18       I believe that Judge Larson's order, which
19  was a result of review of my prior order, in which he
20  postulated a new date for production of July 31st,
21  impliedly authorized that the privilege logs be
22  completed by that date as opposed to the date
23  I originally imposed which was May 31st.
24       So I believe that the privilege logs
25  submitted by MGA are untimely, but they're untimely

1  only as to, as of July 31st, '07, instead of

2  May 31st, '07.  Given the number of documents

3  involved, the magnitude of the document production,

4  other circumstances involved in this litigation, and

5  all of the factors taught by the Burlington case, I

6  find that a wholesale waiver of the attorney/client

7  privilege as to all documents requested by Mattel is

8  inappropriate.

9       Waiver is a serious matter.  It should be

10  dealt with cautiously.  Although I am not satisfied,

11  and indeed I'm disappointed, in the way discovery has

12  been produced, I think it would be too harsh to

13  declare a wholesale waiver of the scope that Mattel

14  hereby requests.

15       While I feel your motion was justified,

16  I decline to grant a waiver, to grant your motion and

17  find a waiver.  Motion is denied.

18       MR. QUINN:  May I -- I do not believe in our

19  moving papers we requested any other sanctions.

20       JUDGE INFANTE:  You did not.  You did not.

21  And for that reason, I'm not imposing any sanctions.

22       Mr. Kennedy, I would ask you to prepare an

23  order consistent with my comments on the record and my

24  citation of Burlington.

25       MR. KENNEDY:  Yes, Your Honor.

1        I, the undersigned, a Certified Shorthand

2   Reporter of the State of California, do hereby certify:

3        That the foregoing proceedings were taken

4   before me at the time and place herein set forth; that

5   any witnesses in the foregoing proceedings, prior to

6   testifying, were duly sworn; that a record of the

7   proceedings was made by me using machine shorthand

8   which was thereafter transcribed under my direction;

9   that the foregoing transcript is a true record of the

10  testimony given.

11       Further, that if the foregoing pertains to

12  the original transcript of a deposition in a Federal

13  Case, before completion of the proceedings, review of

14  the transcript [  ] was [  ] was not requested.

15       I further certify I am neither financially

16  interested in the action nor a relative or employee

17  of any attorney or party to this action.

18       IN WITNESS WHEREOF, I have this date

19  subscribed my name.

20

21  Dated:   DEC 1 7 2007

22

23                    Dana M Freed

                      DANA M. FREED

24                    CSR No. 10602

25

EXHIBIT _____ 13

PAGE _____ 43

EXHIBIT 14

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

EXHIBIT 15

# CONFIDENTIAL - FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

EXHIBIT 16

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

EXHIBIT 17

# CONFIDENTIAL - FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER