QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]<br><br>**[PUBLIC REDACTED]**<br>**DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MOTION OF MATTEL, INC. TO COMPEL THE CONTINUED DEPOSITION OF ISAAC LARIAN AND TO OVERRULE INSTRUCTIONS NOT TO ANSWER**<br><br>Date: Feb. 8, 2008<br>Time: 9:30 a.m.<br>Place: Telephonic<br><br>**Phase 1**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2362657.1

DECLARATION OF B. DYLAN PROCTOR

# DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1. I am a member of the bar of the State of California and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. On May 11, 2007, I contacted MGA regarding the improper instructions asserted at Isaac Larian's deposition. Attached as Exhibit 1 is a true and correct copy of my May 11, 2007 letter to Diana Torres, MGA's counsel, reflecting same.

3. On May 22, 2007, during the meet and confer, MGA's counsel represented that he did not wish to force motion practice on already decided issues and, to that end, would confer with his client regarding the instructions and contact Mattel with MGA's position. However, MGA never responded.

4. Mattel contacted MGA again on July 26, 2007, to invite MGA again to respond with its position. Attached as Exhibit 2 is a true and correct copy of my July 26, 2007 letter to Michael Keats, MGA's counsel, reflecting same. On August 6, 2007, MGA's counsel sent me a 2-line e-mail saying that MGA "will respond in writing." Attached as Exhibit 3 is a true and correct copy that e-mail. Again, however, MGA never responded, to my knowledge.

5. On September 14, 2007, Mattel asked MGA to provide dates for Larian's continued deposition, consistent with MGA's prior agreement to produce Larian for deposition again in the <u>MGA v. Mattel</u> suit. Attached as Exhibit 4 is a true and correct copy of Jon Corey's September 14, 2007 letter to MGA's and Bryant's counsel, reflecting same.

6. On September 18, 2007, the parties met and conferred, but MGA denied any knowledge of its prior agreement to produce Larian again for deposition.

MGA also claimed, for the first time, that Larian was immunized from further deposition questioning by his alleged "apex" status. In response, Mattel informed MGA that it expects MGA to honor its agreement and that, in any case, Mattel is entitled to explore Larian's knowledge and information regarding the new claims that have been filed since he was deposed, among other things. Attached as Exhibit 5 is a true and correct copy of my September 18, 2007 letter to MGA's counsel, William Charron and Amman Khan, reflecting same.

7. On September 27, 2007, MGA stated that it will not produce Larian for deposition regarding <u>Mattel v. Bryant</u> issues. MGA also refused to give a "statement of position" regarding whether it would produce Larian in the <u>MGA v. Mattel</u> case, demanding that Mattel first provide it with "written correspondence" reflecting MGA's prior promise to do so, of which MGA continued to deny knowledge. Attached as Exhibit 6 is a true and correct copy of Amman Khan's September 27, 2007 letter to me, reflecting same.

8. Mattel then provided MGA with the "evidence" it demanded. Attached as Exhibit 7 is a true and correct copy of my October 1, 2007 letter to Mr. Khan, reflecting same.

9. On October 3, 2007, MGA finally confirmed that it would produce Larian for deposition on the <u>MGA v. Mattel</u> case, but refused to even discuss setting a date until all Phase I depositions have been scheduled. Attached as Exhibit 8 is a true and correct copy of the October 3, 2007 letter from MGA's counsel, Scott Gizer to me, reflecting same. Mattel informed MGA that its refusal to schedule a date for Larian's deposition until all Phase I depositions have been scheduled was improper. Attached as Exhibit 9 is my October 9, 2007 letter to Mr. Gizer, reflecting same.

10. Hoping to avoid motion practice, Mattel asked MGA's new counsel to provide deposition dates for Larian during the weeks of January 21 and 28, 2008. Attached as Exhibit 10 is a true and correct copy of my December 5, 2007 letter to MGA's counsel, Thomas J. Nolan, reflecting same. MGA ignored Mattel's letter.

1  Thus, Mattel wrote to MGA again on December 19, 2008. Attached as Exhibit 11 is
2  a true and correct copy of my letter to MGA's counsel, Thomas J. Nolan.

3     11.    MGA responded, but did not provide any dates. Instead, MGA
4  demanded that Mattel detail the "precise areas in which [Mattel] claims Mr. Larian
5  has unique and superior first hand knowledge so [MGA] can determine how much
6  time Mattel actually needs with Mr. Larian." Attached as Exhibit 12 is a true and
7  correct copy of the December 24, 2007 letter from MGA's counsel, Douglas B.
8  Adler to me, reflecting same.

9     12.    The parties met and conferred on January 2, 2008. In response to
10  MGA's demand that Mattel make a showing as to Larian's unique knowledge, Mattel
11  explained that Larian is a named defendant, personally involved in many dozens of
12  RICO predicate acts, and a key witness regarding MGA's unfair competition claims,
13  among other things. Mattel again reminded MGA that it had promised to produce
14  Larian and questioned whether MGA intends to affirmatively rely on Larian's
15  testimony to support its claims against Mattel. MGA confirmed it does. MGA also
16  represented that Larian may not be available for deposition until March 2008.
17  Mattel later offered to depose Larian on <u>any</u> date in January or February 2008, and
18  asked MGA to provide dates by January 8, 2008. Attached as Exhibit 13 is a true
19  and correct copy of my January 4, 2008 letter to Mr. Adler.

20     13.    On January 8, 2008, MGA again conceded that Larian must appear for
21  deposition, but still refused to provide any dates. Attached as Exhibit 14 is a true
22  and correct copy of Mr. Adler's January 8, 2008 letter to me.

23     14.    Attached as Exhibit 15 is a true and correct copy of the Notice of
24  Deposition of Isaac Larian, dated December 15, 2004.

25     15.    Mr. Larian appeared for deposition on July 18, 2006. Attached
26  as Exhibit 16 is a true and correct copy of excerpts from his deposition
27  transcript, dated July 18, 2006. These excerpts include the instructions not to
28  answer at issue in this motion.

16. Attached as Exhibit 17 is a true and correct copy of excerpts from MGA Entertainment, Inc.'s Supplemental Disclosures and MGA Entertainment (HK) Limited, MGAE De Mexico, and Isaac Larian's Initial Disclosures Under Rule 26(a)(1), dated September 21, 2007.

17. Attached as Exhibit 18 is a true and correct copy of excerpts from MGA's Responses to Mattel's First Set of Interrogatories Re: Claims of Unfair Competition, dated January 19, 2007.

18. Attached as Exhibit 19 is a true and correct copy of MGA's Supplemental Memorandum of Points and Authorities in Opposition to Mattel's Motion to Compel the Deposition of Isaac Larian, dated March 22, 2005.

19. Attached as Exhibit 20 is a true and correct copy of MGA's and Carter Bryant's Reply in Further Support of Their Motion to Compel the Deposition Testimony of Robert Eckert, dated December 21, 2007.

20. Attached as Exhibit 21 is a true and correct copy of the Transcript of an ABC Nightline interview of Isaac Larian, dated December 23, 2005, wherein Mr. Larian states, "When we are done with Mattel, we will get them for billions of dollars."

21. Attached as Exhibit 22 is a true and correct copy of excerpts from Mattel's Motion to Overrule Instructions Not to Answer During the Deposition of Carter Bryant ("Bryant Motion").

22. Attached as Exhibit 23 is a true and correct copy of excerpts from Mattel's Separate Statement in support of the Bryant Motion.

23. Attached as Exhibit 24 is a true and correct copy of the Discovery Master's March 7, 2007 Order Granting in Part and Denying in Part the Bryant Motion.

24. Attached as Exhibit 25 is a true and correct copy of the Court's Order Re: Motions Heard on June 11, 2007, dated June 27, 2007.

25. Attached as Exhibit 26 is a true and correct copy of the Order Granting Mattel's Motion to Compel Production of Documents, dated January 25, 2007.

26. Attached as Exhibit 27 is a true and correct copy of the Order Granting in Part and Denying in Part Mattel's Motion to Enforce the Court's Order of January 25, 2007, dated June 19, 2007.

27. Attached as Exhibit 28 is a true and correct copy of the Order Granting Mattel's Motion for an Extension of Time to Depose Paula Garcia in Her Individual Capacity and as a 30(b)(6) Designee, dated August 14, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 22, 2008, at Los Angeles, California.

_____
B. Dylan Proctor

-5-

DECLARATION OF B. DYLAN PROCTOR