**EXHIBIT 1**

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**EXHIBIT 2**

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**EXHIBIT 3**

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**EXHIBIT 4**

# Exhibit No. 4
# Intentionally Left Blank

EXHIBIT 4   PAGE 87

**EXHIBIT 5**

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**EXHIBIT 6**

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**EXHIBIT 7**

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**EXHIBIT 8**

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**EXHIBIT 9**

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

.

**EXHIBIT 10**

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

<u>CENTRAL</u>   DISTRICT OF <u>LOS ANGELES</u>

MATTEL, INC., a Delaware Corporation

## SUBPOENA IN A CIVIL CASE

v.

CARTER BRYANT, an Individual; and DOES
1 through 10, inclusive

Case Number:[1]  CV 04-9059 NM (RNBx)

TO:  Veronica Marlow     (818) 360-9150
     12250 Woodley
     Granada Hills, CA  91344

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
   testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
   the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP. | March 25, 2005 |
| 865 So. Figueroa Street, 10th Fl., Los Angeles, CA 90017 | 9:30 a.m. |
| (213) 443-3000 | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Shane McKenzie_ | |
| Attorney for Plaintiff, Mattel, Inc. | March 14, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
SHANE H. McKENZIE, ESQ., Quinn Emanuel Urquhart Oliver & Hedges, LLP.
865 So. Figueroa Street, 10th Floor, Los Angeles, CA  90017   (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT _10_ PAGE 150

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT 10 PAGE 151

## ATTACHMENT A

### Documents And Tangible Things To Be Produced

I.    DEFINITIONS.

      1.    "YOU" or "YOUR" means Veronica Marlow, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      2.    "CARTER BRYANT" means Carter Bryant and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

      3.    "BRATZ" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Bratz" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and all DESIGNS and versions of such doll or any portion thereof.

      4.    "ANGEL" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Angel" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Angel" line, and all DESIGNS and versions of such doll or any portion thereof.

      5.    "PRAYER ANGELS" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Prayer Angels" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Prayer Angels" line, and all DESIGNS and versions of such doll or any portion thereof.

      6.    "MATTEL" means Mattel, Inc., any subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

ATTACHMENT A

EXHIBIT _10_ PAGE 152

7.     "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

8.     "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

9.     "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

10.    "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

11.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

12.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

ATTACHMENT A

EXHIBIT _10_ PAGE 153

## II.   INSTRUCTIONS.

      A.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

      B.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

      1.    The privilege or protection that you claim precludes disclosure;

      2.    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

      3.    The date, author(s), addressee(s); and

      4.    Any additional facts on which YOU would base YOUR claim of privilege or protection.

      C.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

      D.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

      E.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

## III.   DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED.

      1.    All DOCUMENTS REFERRING OR RELATING TO BRATZ any time prior to January 1, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted), including without limitation any work or services performed by YOU or any other PERSON on BRATZ prior to January 1, 2001.

      2.    All DOCUMENTS REFERRING OR RELATING TO ANGEL, including without limitation any work or services performed by YOU or any other PERSON on ANGEL.

ATTACHMENT A

EXHIBIT 10 PAGE 154

3.     All DOCUMENTS REFERRING OR RELATING TO PRAYER
       ANGELS, including without limitation any work or services
       performed by YOU or any other PERSON on PRAYER ANGELS.

4.     All DOCUMENTS REFERRING OR RELATING TO any
       agreements or contracts REFERRING OR RELATING TO BRATZ,
       ANGEL and/or PRAYER ANGELS between YOU and any
       PERSON.

5.     All DOCUMENTS REFERRING OR RELATING TO CARTER
       BRYANT any time prior to January 1, 2001 (regardless of when such
       DOCUMENT was created, written, received or transmitted).

6.     All DOCUMENTS REFERRING OR RELATING TO Anna Rhee
       any time prior to January 1, 2001 (regardless of when such
       DOCUMENT was created, written, received or transmitted).

7.     All DOCUMENTS, including without limitation phone records,
       REFERRING OR RELATING TO COMMUNICATIONS between
       Anna Rhee, on the one hand, and YOU, MGA and/or CARTER
       BRYANT prior to January 1, 2001.

8.     All DOCUMENTS REFERRING OR RELATING TO this litigation.

9.     All DOCUMENTS REFERRING OR RELATING TO any work
       or services that YOU performed for or on behalf of any competitor of
       MATTEL, including without limitation MGA, during the term of
       YOUR MATTEL employment.

10.    All DOCUMENTS REFERRING OR RELATING TO any
       COMMUNICATIONS between YOU and MGA during the term of
       YOUR MATTEL employment.

11.    All doll heads, sculpts, prototypes, models, samples, molds and
       tangible items that were created, prepared or made, whether in whole
       or in part, prior to January 1, 2001 that REFER OR RELATE TO
       BRATZ.

ATTACHMENT A

**EXHIBIT _10_ PAGE 155**

12.    All doll heads, sculpts, prototypes, models, samples, molds and tangible items that REFER OR RELATE TO ANGEL and/or PRAYER ANGELS.

ATTACHMENT A

EXHIBIT 10 PAGE 156

1

<u>**PROOF OF SERVICE**</u>
1013A(3) CCP Revised 5/1/88

2  **STATE OF CALIFORNIA )**
   **COUNTY OF LOS ANGELES )**

3       I am employed in the county of Los Angeles State of California. I am over the age of 18
4  and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor,
   Los Angeles, CA 90012.

5       On **March 16, 2005**, I served the foregoing document described as **Subpoena in a Civil**
6  **Case for Production of Documents on Veronica Marlow** on all interested parties in this action.

7  Robert F. Millman, Esq.               Paula E. Ambrosini, Esq.
   Douglas A. Wickham, Esq.              O'Melveny & Meyers, LLP
   Littler Mendelson, P.C.               400 S. Hope Street
8  2049 Century Park East, 5th Floor     Los Angeles, CA 90071
   Los Angeles, California 90067-3107
9  Phone: 310-553-0308                   Phone: 213-430-6000
   Fax: 310-553-5583                     Fax: 213-430-6407

10

11 [  ] By placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as
   follows:

12 [  ]  **BY MAIL:**   I deposited such envelope in the mail at Los Angeles, California. The
13 envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar"
   with the firm's practice of collection and processing correspondence for mailing. Under that
   practice it would be deposited with U.S. postal service on that same day with postage thereon
14 fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that
   on motion of the party served, service is presumed invalid if postal cancellation date or
15 postage meter date is more than one day after date of deposit for mailing in affidavit.

16 [ ]  **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)
   set forth above on this date.

17
18 [ ]  **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent
   by Federal Express.

19 [ X ]  **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the
   addressee.

20 Executed on March 16, 2005, at Los Angeles, California.

21 [ ]  (State) I declare under penalty of perjury under the laws of the State of California that the
   above is true and correct.

22
23 [X]  (Federal) I declare that I am employed in the office of a member of the bar of this court at
   whose direction the service was made.

24
25
26 _____
   Rebecca A. Ramos

27
28

EXHIBIT _10_ PAGE 157

AO 83 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | March 15, 2005<br>12:35 p.m. | 12250 Woodley<br>Granada Hills, CA 91344 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| VERONICA MARLOW<br>(Witness Fee Paid $40.00) | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| William Guevara | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  March 16, 2005
DATE

SIGNATURE OF SERVER 1301 West 2nd Street, #206
Los Angeles, CA 90026
(213) 482-1567
ADDRESS OF SERVER  Reg. L.A. County #4298

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT _10_ PAGE 158

**EXHIBIT 11**

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

<u>CENTRAL</u>   DISTRICT OF <u>LOS ANGELES</u>

MATTEL, INC., a Delaware Corporation

**SUBPOENA IN A CIVIL CASE**

v.

CARTER BRYANT, an Individual; and DOES
1 through 10, inclusive

Case Number:[1]  CV 04-9059 NM (RNBx)

TO:  Margaret Hatch-Leahy        (626) 791-2137
     1824 Braeburn Road
     Altadena, CA  91001

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP. 865 So. Figueroa Street, 10th Fl., Los Angeles, CA 90017 (213) 443-3000 | March 25, 2005 9:30 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Shane McKenzie* Attorney for Plaintiff, Mattel, Inc. | March 14, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
SHANE H. McKENZIE, ESQ., Quinn Emanuel Urquhart Oliver & Hedges, LLP.
865 So. Figueroa Street, 10th Floor, Los Angeles, CA  90017  (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT 11 PAGE 159

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|   |   |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|   |   |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT 11 PAGE 160

## ATTACHMENT A

## Documents And Tangible Things To Be Produced

I.   **DEFINITIONS.**

      1.     "YOU" or "YOUR" means Margaret Hatch-Leahy, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      2.     "CARTER BRYANT" means Carter Bryant and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

      3.     "BRATZ" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Bratz" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and all DESIGNS and versions of such doll or any portion thereof.

      4.     "ANGEL" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Angel" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Angel" line, and all DESIGNS and versions of such doll or any portion thereof.

      5.     "PRAYER ANGELS" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Prayer Angels" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Prayer Angels" line, and all DESIGNS and versions of such doll or any portion thereof.

      6.     "MATTEL" means Mattel, Inc., any subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

EXHIBIT 11   PAGE 161

7.     "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

8.     "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

9.     "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

10.    "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

11.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

12.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

ATTACHMENT A

EXHIBIT 11  PAGE 162

## II.   INSTRUCTIONS.

        A.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

        B.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

        1.    The privilege or protection that you claim precludes disclosure;

        2.    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

        3.    The date, author(s), addressee(s); and

        4.    Any additional facts on which YOU would base YOUR claim of privilege or protection.

        C.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

        D.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

        E.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

## III.   DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED.

    1.    All DOCUMENTS REFERRING OR RELATING TO BRATZ any time prior to January 1, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted), including without limitation any work or services performed by YOU or any other PERSON on BRATZ prior to January 1, 2001.

    2.    All DOCUMENTS REFERRING OR RELATING TO ANGEL, including without limitation any work or services performed by YOU or any other PERSON on ANGEL.

ATTACHMENT A

**EXHIBIT _11_ PAGE 163**

3.     All DOCUMENTS REFERRING OR RELATING TO PRAYER ANGELS, including without limitation any work or services performed by YOU or any other PERSON on PRAYER ANGELS.

4.     All DOCUMENTS REFERRING OR RELATING TO any agreements or contracts REFERRING OR RELATING TO BRATZ, ANGEL and/or PRAYER ANGELS between YOU and any PERSON.

5.     All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT any time prior to January 1, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted).

6.     All DOCUMENTS REFERRING OR RELATING TO Anna Rhee any time prior to January 1, 2001 (regardless of when such document was created, written, received or transmitted).

7.     All DOCUMENTS, including without limitation phone records, REFERRING OR RELATING TO COMMUNICATIONS between Anna Rhee, on the one hand, and YOU, MGA and/or CARTER BRYANT prior to January 1, 2001.

8.     All DOCUMENTS REFERRING OR RELATING TO this litigation.

9.     All DOCUMENTS REFERRING OR RELATING TO any work or services that YOU performed for or on behalf of any competitor of MATTEL, including without limitation MGA, during the term of YOUR MATTEL employment.

10.    All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between YOU and MGA during the term of YOUR MATTEL employment.

11.    All doll heads, sculpts, prototypes, models, samples, molds and tangible items that were created, prepared or made, whether in whole or in part, prior to January 1, 2001 that REFER OR RELATE TO BRATZ.

ATTACHMENT A

EXHIBIT _11_ PAGE 164

12.   All doll heads, sculpts, prototypes, models, samples, molds and tangible items that REFER OR RELATE TO ANGEL and/or PRAYER ANGELS.

ATTACHMENT A

EXHIBIT 11 PAGE 165

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On **March 16, 2005,** I served the foregoing document described as **Subpoena in a Civil Case for Production of Documents on Margaret Hatch-Leahy** on all interested parties in this action.

Robert F. Millman, Esq.
Douglas A. Wickham, Esq.
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
Fax: 310-553-5583

Paula E. Ambrosini, Esq.
O'Melveny & Meyers, LLP
400 S. Hope Street
Los Angeles, CA 90071

Phone: 213-430-6000
Fax: 213-430-6407

[ ]   By placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]   **BY MAIL:**   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]   **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

[ X ]   **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the addressee.

Executed on March 16, 2005, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Rebecca A. Ramos

EXHIBIT || PAGE 166

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE<br>March 14, 2005<br>8:05 p.m. | PLACE<br>1824 Braeburn Road<br>Altadena, CA 91001 |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME)<br>MARGARET HATCH-LEAHY<br>(Witness Fee Paid $40.00) | MANNER OF SERVICE<br>Personal |
|---|---|

| SERVED BY (PRINT NAME)<br>William Guevara | TITLE<br>Process Server |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  March 15, 2005
DATE

SIGNATURE OF SERVER

1301 West 2nd Street, #206
Los Angeles, CA 90026
(213) 482-1567

ADDRESS OF SERVER

Reg. L.A. County #4298

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT 11  PAGE 167

.

**EXHIBIT 12**

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

__Central__  DISTRICT OF __California__

MATTEL, INC., a Delaware Corporation

**SUBPOENA IN A CIVIL CASE**

v.

CARTER BRYANT, an Individual; and DOES
1 through 10, inclusive

Case Number:[1]  CV 04-9059 NM (RNBx)

TO:  Elise Cloonan
     1219 W. 160th Street
     Gardena, CA  90247

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment "A"

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP. | May 27, 2005 |
| 865 So. Figueroa Street, 10th Floor | 10:00 a.m. |
| Los Angeles, CA  90017          (213) 443-3000 |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Shane McKenzie_  Attorney for Plaintiff, Mattel, Inc. | May 12, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
SHANE H. MCKENZIE, ESQ., Quinn Emanuel Urquhart Oliver & Hedges, LLP.
865 So. Figueroa Street, 10th Floor, Los Angeles, CA  90017   (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT _12_ PAGE 168

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |
|---|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE | |
|---|---|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT _18_ PAGE 169

## ATTACHMENT A

### Documents And Tangible Things To Be Produced

I.    **DEFINITIONS.**

      1.    "YOU" or "YOUR" means Elise Cloonan, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      2.    "CARTER BRYANT" means Carter Bryant and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

      3.    "BRATZ" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Bratz" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and all DESIGNS and versions of such doll or any portion thereof.

      4.    "ANGEL" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Angel" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Angel" line, and all DESIGNS and versions of such doll or any portion thereof.

      5.    "PRAYER ANGELS" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Prayer Angels" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Prayer Angels" line, and all DESIGNS and versions of such doll or any portion thereof.

      6.    "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any

ATTACHMENT A

EXHIBIT _12_ PAGE 170

other PERSON acting on its behalf, pursuant to its authority or subject to its control.

7. "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

8. "TOON TEENS" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as the name "Toon Teens" (whether in whole or in part and regardless of what such doll is or has been also called), and all DESIGNS and versions of such doll or any portion thereof.

9. "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

10. "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

11. "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

12. "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note,

ATTACHMENT A

EXHIBIT 12 PAGE 171

memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

13.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

II.    <u>INSTRUCTIONS.</u>

A.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

B.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

1.    The privilege or protection that you claim precludes disclosure;

2.    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

3.    The date, author(s), addressee(s); and

4.    Any additional facts on which YOU would base YOUR claim of privilege or protection.

C.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

D.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

E.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

ATTACHMENT A

EXHIBIT *12* PAGE 172

III. <u>DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED.</u>

1.    All DOCUMENTS REFERRING OR RELATING TO BRATZ any time prior to December 31, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted), including without limitation any work or services performed by YOU or any other PERSON on BRATZ prior to December 31, 2001.

2.    All DOCUMENTS REFERRING OR RELATING TO ANGEL, including without limitation any work or services performed by YOU or any other PERSON on ANGEL.

3.    All DOCUMENTS REFERRING OR RELATING TO PRAYER ANGELS, including without limitation any work or services performed by YOU or any other PERSON on PRAYER ANGELS.

4.    All DOCUMENTS REFERRING OR RELATING TO any agreements or contracts between YOU and MGA, including without limitation all COMMUNICATIONS relating thereto.

5.    All DOCUMENTS REFERRING OR RELATING TO any agreements or contracts REFERRING OR RELATING TO BRATZ, ANGEL and/or PRAYER ANGELS between YOU and any PERSON, including without limitation all COMMUNICATIONS relating thereto.

6.    All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT.

7.    All DOCUMENTS, including without limitation phone records, REFERRING OR RELATING TO COMMUNICATIONS between CARTER BRYANT, on the one hand, and YOU and/or MGA on the other hand.

8.    All DOCUMENTS REFERRING OR RELATING TO Anna Rhee.

ATTACHMENT A

EXHIBIT *12* PAGE 173

9.  All DOCUMENTS, including without limitation phone records, REFERRING OR RELATING TO COMMUNICATIONS between Anna Rhee, on the one hand, and YOU, MGA and/or CARTER BRYANT, on the other hand.

10.  All DOCUMENTS REFERRING OR RELATING TO this litigation.

11.  All DOCUMENTS REFERRING OR RELATING TO any work or services that YOU performed with, for or on behalf of any competitor of MATTEL, including without limitation MGA, during the term of YOUR MATTEL employment.

12.  All DOCUMENTS REFERRING OR RELATING TO MGA, including without limitation all DOCUMENTS REFERRING OR RELATING TO any money or payment made by MGA to YOU.

13.  All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between YOU and MGA prior to June 11, 2002.

14.  All DOCUMENTS, including without limitation phone records, REFERRING OR RELATING TO any COMMUNICATIONS between YOU and MGA after April 27, 2004.

15.  All DOCUMENTS REFERRING OR RELATING TO TOON TEENS.

16.  All doll heads, sculpts, prototypes, models, samples, molds and tangible items that were created, prepared or made, whether in whole or in part, prior to December 31, 2001 REFERRING OR RELATING TO BRATZ.

17.  All doll heads, sculpts, prototypes, models, samples, molds and tangible items REFERRING OR RELATING TO ANGEL and/or PRAYER ANGELS.

ATTACHMENT A

EXHIBIT *12* PAGE 174

**EXHIBIT 13**

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

WRITER'S DIRECT DIAL

(310) 777-3750

WRITER'S EMAIL

lmcfarland@kmwlaw.com

www.kmwlaw.com

December 17, 2007

VIA FACSIMILE
AND U.S. MAIL

Rick Albee
DataChasers, Inc.
PO Box 2861
Riverside, CA 92516-2861

FAX (951) 780-9199

    Re:    Mattel v. Bryant

Dear Rick,

    I am writing to confirm that the forensic review of the computer belonging to Ms. Halpern, the computer and zip disk belonging to Ms. Cloonan, and the two hard disk drives belonging to Ms. Leahy (my client's "Property") is complete pursuant to the agreed upon protocol as set forth and agreed to in the letter from Ms. Wines dated September 13, 2007, a copy of which was previously provided to you.

    This letter also confirms our telephone conversation this evening and serves to put you on written notice that you are not authorized to conduct any further examination of my clients' Property or to access, analyze or review my clients' Property in any manner.

    Please contact me immediately to confirm your receipt of this letter.

                Very truly yours,

                Larry W. McFarland
                KEATS McFARLAND & WILSON LLP

LWM/ccd
cc:  Dylan Proctor
     Chris Tayback

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA  90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

---

# FACSIMILE TRANSMITTAL SHEET

---

| To: | Dylan Proctor, Esq. Chris Tayback | From: | Larry W. McFarland, Esq. |
|---|---|---|---|
| Company: | Quinn Emanuel Urquhart Oliver & Hedges, LLP | Date: | 12/17/2007 |
| Fax No.: | 213-443-3100 | Pages: | 2 |
| Phone No.: | 213-443-3000 | Ref No.: | 10595.1 |
| Re: | Mattel v. Bryant | | |

---

☐ URGENT  ☐ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY  ☐ PLEASE RECYCLE

---

NOTES/COMMENTS:

Please see attached correspondence.

## PRIVACY NOTICE

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED
AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE
UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee of agent responsible for delivering the message to the intended recipient, you
are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication
in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

EXHIBIT 13 PAGE 176

**EXHIBIT 14**



**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

September 13, 2007

<u>Via Facsimile and U.S. Mail</u>

Larry McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California  90212

Re:   <u>Mattel, Inc. v. Bryant et al.</u>

Dear Mr. McFarland:

I follow-up on our telephone conversation today regarding the protocol for the inspection of computer hard drives and laptop computers.  We propose the following:

- The expert will be from the following firm:  DataChasers, Inc., Richard L. Albee, CEO, P.O. Box 2861, Riverside, California 92516, phone (877) 328-2392. DataChasers has not, to our knowledge, done any work for Mattel.

- Mattel will bear the costs of the expert.

- The computers shall be made available to the expert for imaging at your offices, but neither your lawyers nor your clients may be present for the imaging.  No verbal directions may be given to the expert while he or she is working at your offices.

- The search terms to be used by the expert are attached on Attachment A.  The expert will perform the search for responsive documents, including the computer's unallocated and file-slack space.  The expert shall provide file- and system-level metadata for all such documents.  The expert shall sign the protective order and

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000

07209/2194393.1

EXHIBIT _14_ PAGE 177

agree to be bound by its confidentiality requirements. Access by the expert to information protected by the attorney-client privilege or work product doctrine shall not constitute a waiver of the privilege.

- Once the expert has made the mirror image of the hard drive, he or she will print out all documents and data collected in response to the search terms and Bates stamp the documents. Those documents will be provided to your office to pull for privilege. You will provide us with a privilege log sufficient to show the basis for withholding any documents. Within eleven (11) court days of the time that your office receives the documents and data that he or she has printed out, the expert will provide us with all such documents and data, including native files, except for any such documents or data for which privilege is asserted. You will serve upon us and the expert the privilege log identifying the documents or data, if any, to be withheld on privilege grounds within ten (10) court days of your receipt of the documents and data from the expert.

- The expert also will follow the same procedures as set forth above with respect to any documents or data relating to any alteration of the hard drives or data on the hard drives by, for example, providing a listing of all application programs and when they were installed, detailing whether there is any evidence of the presence or use of a data destruction program on the computer, evidence regarding the transfer of relevant documents to or from the computer via media or e-mail, and/or user account information present on the system.

- If there is any issue or question regarding the authenticity, correctness, integrity or completeness of any matter, including without limitation any document or data from the computers, this protocol does not foreclose Mattel from seeking production and inspection of any matter, including without limitation the original data, drives or documents.

Please sign below on behalf of your clients, Elise Cloonan and Sarah Halpern, if this is agreeable.

Very truly yours,

Susan Wines

SLW:wp
07209/2194393.1

Larry W. McFarland
Dated: September __, 2007

EXHIBIT 14 PAGE 178

## ATTACHMENT A – PROPOSED SEARCH TERMS

MGA Entertainment, Inc.
ABC International Traders, Inc.
MGA Entertainment (HK) Limited
Bandai
Hasbro
Tomy

Carter Bryant and/or family members
Richard Irmen and/or family members
Isaac Larian and/or family members
Farhad Larian and/or family members
Morad Zarabi and/or family members

Ana Elise Cloonan
Paula (Treantafalles) Garcia
Sarah Halpern
Rachel Harris
Rebecca (Becky) Harris
Margaret Hatch-Leahy
Daniel Leahy
Kerri Legg Brode
Barbara Malcolm
Veronica Marlowe
Victoria O'Connor
Maureen Mullen Chianese
Amy Myers
Anna Rhee
Mercedeh Ward

Bratz
Prayer Angels or Angel

EXHIBIT 14 PAGE 179

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

*3:37pm*

**DATE:**   September 13, 2007

**NUMBER OF PAGES, INCLUDING COVER: 4**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq. Keats McFarland & Wilson LLP | 310-248-3830 | 310-860-0363 |

**FROM:**   Susan Wines

**RE:**   Mattel v. Bryant, et al.

**MESSAGE:**

Please see attached.

```
FAXED
SEP 1 8 2007
```

07209/2143584.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Yalonda J. Dekle | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | CONFIRMED? | ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT *14* PAGE 180

# Confirmation Report — Memory Send

```
Page       : 001
Date & Time: 09-13-2007  03:31pm
Line 1     : 2134433100
Line 2     :
Machine ID : QUINN EMANUEL
```

Job number        :   511

Date              :   09-13  03:29pm

To                :   ☎9643#7209#13108600363

Number of pages   :   004

Start time        :   09-13  03:29pm

End time          :   09-13  03:31pm

Pages sent        :   004

Status            :   OK

Job number    : 511            *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6700
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:    September 13, 2007            NUMBER OF PAGES, INCLUDING COVER: 4

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq. Keats McFarland & Wilson LLP | 310-248-3830 | 310-360-0363 |

FROM:    Susan Wines

RE:      Mattel v. Bryant, et al.

MESSAGE:

Please see attached.

CLIENT #: 7209   ROUTE/RETURN TO: Yolanda J. Dekis   CONFIRM FAX / INCLUDE CONF. REPORT

OPERATOR:    CONFIRMED?  □ NO  □ YES:

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product...

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 14 PAGE 181

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

WRITER'S DIRECT DIAL

(310) 777-3750

WRITER'S EMAIL

lmcfarland@kmwlaw.com

www.kmwlaw.com

September 27, 2007

**VIA FACSIMILE**

Susan Wines, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

        Re:    Mattel v. Bryant

Dear Susan:

        I have executed and am enclosing the signature page to the letter agreement dated September 13, 2007, regarding the protocol for the inspection of computer hard drives and laptop computers for my clients, Elise Cloonan and Sarah Halpern.

        Please call me should you have any questions.

                        Very truly yours,

                        Larry W. McFarland
                        Keats McFarland & Wilson LLP

LWM/jlt

EXHIBIT 14 PAGE 182

Received:  9/27/07  1:05PM;  ->Quinn,Emanuel,Urquhart,Oliver,&H; #938; Page 3

SEP 27 2007 13:05 FR ...ATS MCFARLAND WILSO  3108600363    2945#10595#00001 P.03/03

agree to be bound by its confidentiality requirements. Access by the expert to
information protected by the attorney-client privilege or work product doctrine
shall not constitute a waiver of the privilege.

- Once the expert has made the mirror image of the hard drive, he or she will print
out all documents and data collected in response to the search terms and Bates
stamp the documents. Those documents will be provided to your office to pull for
privilege. You will provide us with a privilege log sufficient to show the basis for
withholding any documents. Within eleven (11) court days of the time that your
office receives the documents and data that he or she has printed out, the expert
will provide us with all such documents and data, including native files, except
for any such documents or data for which privilege is asserted. You will serve
upon us and the expert the privilege log identifying the documents or data, if any,
to be withheld on privilege grounds within ten (10) court days of your receipt of
the documents and data from the expert.

- The expert also will follow the same procedures as set forth above with respect to
any documents or data relating to any alteration of the hard drives or data on the
hard drives by, for example, providing a listing of all application programs and
when they were installed, detailing whether there is any evidence of the presence
or use of a data destruction program on the computer, evidence regarding the
transfer of relevant documents to or from the computer via media or e-mail,
and/or user account information present on the system.

- If there is any issue or question regarding the authenticity, correctness, integrity or
completeness of any matter, including without limitation any document or data
from the computers, this protocol does not foreclose Mattel from seeking
production and inspection of any matter, including without limitation the original
data, drives or documents.

Please sign below on behalf of your clients, Elise Cloonan and Sarah Halpern, if this is
agreeable.

Very truly yours,

Susan Wines

SLW:wp
07209/2194393.1

Larry W. McFarland
Dated: September 27 2007

07209/2194393.1

2

EXHIBIT 14 PAGE 183

Received:    9/27/07  1:05PM;    ->Quinn,Emanuel,Urquhart,Oliver,&H; #938; Page 1

SEP 27 2007 13:05 FR KEATS MCFARLAND WILSO  3108600363 TO 2945#10595#00001 P.01/03

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA  90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

# FACSIMILE TRANSMITTAL SHEET

| To: | Susan Wines, Esq. | From: | Larry W. McFarland, Esq. |
|---|---|---|---|
| Company: | Quinn Emanuel Urquhart Oliver & Hedges, LLP | Date: | 9/27/2007 |
| Fax No.: | 213-443-3100 | Pages: | 3 |
| Phone No.: | 213-443-3000 | Ref No.: | 10595.3 |
| Re: | Mattel v. Bryant | | |

☐ URGENT  ☐ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY  ☐ PLEASE RECYCLE

## NOTES/COMMENTS:

Please see attachment.

### PRIVACY NOTICE

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

EXHIBIT 14 PAGE 184

**EXHIBIT 15**

Received: 10/26/07  3:56PM;    -> QUINN EMANUEL;  Page 2
OCT 26 2007 15:59 FR K   /S MCFARLAND WILSO  310 600 0363 T(   945#10595#00001 P.02/02

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

TEL (310) 248-3830
FAX (310) 860-0363

WRITER'S DIRECT DIAL

(310) 777-3750

WRITER'S EMAIL

lmcfarland@kmwlaw.com

October 26, 2007

VIA FACSIMILE, E-MAIL, AND U.S. MAIL

Michael Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:    Mattel v. Bryant

Dear Michael,

Pursuant to our agreed upon protocol for inspection of the computer hard drives of
Margaret Leahy, Elise Cloonan, and Sarah Halpern, we have reviewed the Bates stamped
documents received from Data Chasers, Inc. for privilege.

Our review did not reveal any documents which should be withheld for privilege.
However, due to the manner in which the search terms were applied to each hard drive, many non-
responsive documents were pulled by Data Chasers, Inc. For example, it appears as though each
hard drive was searched using the particular owner's name, which inadvertently pulled many non-
responsive documents containing personal emails that are not relevant to this case. For example,
Ms. Cloonan's computer was searched for documents that contained her name. The result is that
none of the documents located by the expert on Ms. Cloonan's computer relate in any way to the
case.

Pursuant to the protocol, Data Chasers, Inc. will be providing you with all the documents
and data, including the native files. I believe that after your review, you will agree that many of the
documents are non-responsive and should be removed from the production accordingly. Please
contact me to discuss this matter as soon as you have had a chance to review the documents.
Please note though that all of these documents should be classified as CONFIDENTIAL –
ATTORNEYS' EYES ONLY.

Very truly yours,

Larry W. McFarland
KEATS McFARLAND & WILSON LLP

LWM/ccd
cc:  Rick Albee

EXHIBIT _15_ PAGE 185

Received: 10/26/07  3:56PM;      -> QUINN EMANUEL;   Page 1
OCT 26 2007 15:59 FR K   S MCFARLAND WILSO  3108600363 T(  745#10595#00001 P.01/02

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW
### 9720 WILSHIRE BOULEVARD
### PENTHOUSE SUITE
### BEVERLY HILLS, CALIFORNIA 90212
### TELEPHONE (310) 248-3830
### FAX (310) 860-0363

---

# FACSIMILE TRANSMITTAL SHEET

| To: | Michael Zeller, Esq. | From: | Larry W. McFarland, Esq. |
|---|---|---|---|
| Company: | Quinn Emanuel Urquhart Oliver & Hedges, LLP | Date: | 10/26/2007 |
| Fax No.: | 213-443-3100 | Pages: | 2 |
| Phone No.: | 213-443-3000 | Ref No.: | 10595.1 |
| Re: | Mattel v. Bryant | | |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached correspondence.

## PRIVACY NOTICE

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee of agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

EXHIBIT 15 PAGE 186

**EXHIBIT 16**

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**EXHIBIT 17**

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**EXHIBIT 18**



**RECEIVED**

OCT 2 9 2007

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL

(310) 777-3750

WRITER'S EMAIL

lmcfarland@kmwlaw.com

October 26, 2007

VIA FACSIMILE, E-MAIL, AND U.S. MAIL

Michael Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

     Re:    Mattel v. Bryant

Dear Michael,

     Pursuant to our agreed upon protocol for inspection of the computer hard drives of Margaret Leahy, Elise Cloonan, and Sarah Halpern, we have reviewed the Bates stamped documents received from Data Chasers, Inc. for privilege.

     Our review did not reveal any documents which should be withheld for privilege. However, due to the manner in which the search terms were applied to each hard drive, many non-responsive documents were pulled by Data Chasers, Inc. For example, it appears as though each hard drive was searched using the particular owner's name, which inadvertently pulled many non-responsive documents containing personal emails that are not relevant to this case. For example, Ms. Cloonan's computer was searched for documents that contained her name. The result is that none of the documents located by the expert on Ms. Cloonan's computer relate in any way to the case.

     Pursuant to the protocol, Data Chasers, Inc. will be providing you with all the documents and data, including the native files. I believe that after your review, you will agree that many of the documents are non-responsive and should be removed from the production accordingly. Please contact me to discuss this matter as soon as you have had a chance to review the documents. Please note though that all of these documents should be classified as **CONFIDENTIAL – ATTORNEYS' EYES ONLY.**

     Very truly yours,

Larry W. McFarland
KEATS McFARLAND & WILSON LLP

LWM/ccd
cc: Rick Albee

EXHIBIT 18 PAGE 269

**EXHIBIT 19**

## Christopher Tayback

| | |
|---|---|
| **From:** | Christopher Tayback |
| **Sent:** | Wednesday, January 09, 2008 6:13 PM |
| **To:** | 'Larry W. McFarland' |
| **Cc:** | Dylan Proctor |
| **Subject:** | Mattel v. MGA, et al. |

Dear Larry--

This confirms our telephonic meet and confer of a few moments ago on several outstanding issues. I also provide below the additional names which we believe should be included in a further "key word" search of directories, sub-directories, file names and text files for any computer hard drives searched by that method, including those which belonged to Cloonan, Leahy and Marlowe.

First, we requested that the zip disk labelled "Bratz" in Ms. Cloonan's possession be provided to us to inspect. We believe her testimony establishes that she has no privacy interest in the contents of that disk and, given the label, it clearly contains relevant evidence that we have not been provided.

Second, the testimony of the witnesses makes clear that there are graphical (and perhaps other) files on the Cloonan and Leahy hard drives that are relevant, responsive, non-privileged documents but which were either not produced by you or not identified by the prior search protocol. Accordingly, we request that you provide us with print outs listing the directories, sub-directories and file names for our review. Further, we request that you search all graphical files on those hard drives and produce to us any responsive, non-privileged documents that you find through that search. Finally, we ask that you run a further text search on those hard drives based on combinations, permutations and abbreviations of the following additional names identified in recent discovery, including Pedro Salazar, Maria Salazar, Ana Isabela Cabrera, and Beatriz Morales.

Third, for the reasons set forth in Mr. Proctor's letter to you dated January 2, we request that you produce to us for inspection Ms. Marlowe's hard drive or an image thereof for inspection as we now understand that such hard drive has never been inspected by an independent expert.

I understood that you would review these matters with your client and respond promptly so that we may agree upon a briefing schedule if we cannot reach agreement on these matters.


Regards,


Christopher Tayback

EXHIBIT _19_ PAGE 270

**EXHIBIT 20**

RECEIVED

JAN 0 7 2005

1   DIANA M. TORRES (S.B. #162284)
    PAULA E. AMBROSINI (S.B. # 193126)
2   ALICIA C. MEYER (S.B. #230189)
    O'MELVENY & MYERS, LLP
3   400 South Hope Street
    Los Angeles, California 90071-2899
4   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407
5
    Attorneys for Defendant-in-Intervention,
6   MGA Entertainment, Inc.

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware          Case No.  CV 04-9059 NM (RNBx)
12  Corporation,
                                      MGA'S RULE 26(a) DISCLOSURES
13                       Plaintiff,

14        v.

15  CARTER BRYANT, an individual,
    and MGA ENTERTAINMENT,
16  INC., a California Corporation

17                       Defendant and
                         Defendant-in-
18                       Intervention.

19

20  AND RELATED COUNTER-
    CLAIMS
21

22

23

24

25

26

27

28

1      Defendant-in-Intervention, MGA Entertainment, Inc. ("MGA"), hereby

2   submits the following initial disclosures to plaintiff, Mattel, Inc. ("Mattel"),

3   pursuant to Rule 26 (a) of the Federal Rules of Civil Procedure.  MGA reserves the

4   right to identify additional documents and witnesses hereafter, and otherwise to

5   provide supplemental disclosures as appropriate or necessary.

6

7   **Witnesses**

8      MGA is presently uncertain of the true nature and scope of Mattel's claims

9   and, thus, is unable to fully identify the witnesses with knowledge relevant to

10  MGA's defenses in this case.  Subject to the foregoing, MGA identifies the

11  following potential witnesses:

12         1.      Carter Bryant.  Carter Bryant may be contacted through his

13  counsel, Douglas Wickham and Keith Jacoby of Littler Mendelson, P.C., 2049

14  Century Park East, 5th Floor, Los Angeles, California  90067, telephone 310-553-

15  0308.  Carter Bryant possesses information relevant to the conception, creation,

16  design and development of "BRATZ;" the nature and scope of his employment at

17  Mattel; the nature and scope of his work for and with MGA; and information

18  relevant to his own defenses in this matter.

19         2.      Janet Bryant.  Ms. Bryant may be contacted through Carter

20  Bryant's counsel, Douglas Wickham and Keith Jacoby of Littler Mendelson, P.C.,

21  2049 Century Park East, 5th Floor, Los Angeles, California  90067, telephone 310-

22  553-0308.  Ms. Bryant possesses information concerning, among other things, Mr.

23  Bryant's general skills and talents as a designer and his conception, creation, design

24  and development of various matters when he was not employed by Mattel.

25         3.      Tom Bryant.  Tom Bryant may be contacted through Carter

26  Bryant's counsel, Douglas Wickham and Keith Jacoby of Littler Mendelson, P.C.,

27  2049 Century Park East, 5th Floor, Los Angeles, California  90067, telephone 310-

28  553-0308.  Tom Bryant possesses information concerning, among other things, Mr.

-1-

MGA'S INITIAL DISCLOSURES
PURSUANT TO RULE 26 (CV 04-9059 NM)

EXHIBIT _20_ PAGE 272

1   Bryant's general skills and talents as a designer and his conception, creation, design

2   and development of various matters when he was not employed by Mattel.

3          4.       Elise Cloonan.  Ms. Cloonan may be contacted through her

4   counsel, Michael B. Margolis of Margolis & Morin, LLP, 444 South Flower Street,

5   Sixth Floor, Los Angeles, California  90071, telephone 213-683-0300.  Ms.

6   Cloonan possesses information relevant to the conception, creation, design and

7   development of "BRATZ."

8          5.       Margaret Leahy.  Ms. Leahy may be contacted through her

9   counsel, Stephen C. Contopulos, Sidley Austin Brown & Wood LLP, 555 West

10  Fifth Street, Los Angeles, California  90013, telephone 213-896-6000.  Ms. Leahy

11  possesses information relevant to the conception, creation, design and development

12  of "BRATZ."

13         6.       Veronica Marlow.  Ms. Marlow may be contacted through her

14  counsel, Stephen C. Contopulos, Sidley Austin Brown & Wood LLP, 555 West

15  Fifth Street, Los Angeles, California  90013, telephone 213-896-6000.  Ms. Marlow

16  possesses information relevant to the conception, creation, design and development

17  of "BRATZ."

18         7.       Victoria O'Connor.  MGA believes that Mattel has Ms.

19  O'Connor's contact information.  Ms. O'Connor possesses information relevant to

20  the conception, creation, design and development of "BRATZ."

21         8.       Ramona Prince.  Ms. Prince may be contacted through her

22  counsel, Daniel Warren, Sutherland, Asbill & Brennan, LLP, 999 Peachtree Street,

23  N.E., Atlanta, Georgia  30309, telephone 404-853-8028.  Ms. Prince possesses

24  information relevant to Mr. Bryant's conception of "BRATZ."

25         9.       Anna Rhee.  Ms. Rhee may be contacted through her counsel,

26  Laurence Berman, Berman, Mausner & Resser, A Law Corporation, 11601

27  Wilshire Boulevard, Suite 600, Los Angeles, California  90025, telephone 213-473-

28  3333.  Ms. Rhee possesses information relevant to the conception, creation, design

-2-

MGA'S INITIAL DISCLOSURES
PURSUANT TO RULE 26 (CV 04-9059 NM)

EXHIBIT _20_ PAGE 273

1   and development of "BRATZ."

2         10.    Paula Garcia. Ms. Garcia may be contacted through MGA's

3   counsel of record. Ms. Garcia possesses information relevant to the conception,

4   creation, design and development of "BRATZ."

5         11.    Mercedeh Ward. Ms. Ward may be contacted through her

6   counsel, Derrick Coleman, Coleman Law Group, 501 Colorado Avenue, Suite 204,

7   Santa Monica, California 90401, telephone 310-576-7312. Ms. Ward possesses

8   information relevant to the conception, creation, design and development of

9   "BRATZ."

10         12.    Various present or former employees and contractors of MGA

11   are potential witnesses. Such individuals may be contacted through MGA's

12   counsel of record. MGA is currently unable to identify the specific witnesses and

13   information such witnesses may possess.

14         13.    Various present or former employees and contractors of Mattel

15   are potential witnesses. The identities, whereabouts and relevant knowledge of

16   such potential witnesses are best known by Mattel. These witnesses are currently

17   believed to include, without limitation, Cassidy Park, Lilly Martinez, Matthew

18   Bousquette and Ivy Ross.

19

20   **Documents**

21         MGA is presently uncertain of the true nature and scope of Mattel's

22   claims and, thus, is unable to fully identify the documents that may support all of its

23   defenses in this action. Subject to the foregoing, and subject to, as applicable, the

24   designations of confidentiality which have or may be made pursuant to the terms

25   and provisions of the Stipulated Protective Order governing the disclosure of

26   confidential material in this case, MGA identifies the following documents:

27         1.    The Employee Confidential Information and Inventions

28   Agreement attached to Mattel's complaint.

-3-

EXHIBIT _20_ PAGE 274

1        2.      The Conflict of Interest Questionnaire attached to Mattel's

2 complaint.

3        3.      Some or all of the documents previously produced by MGA to

4 Mattel pursuant to subpoena bearing the Bates serial numbers MGA 000001-676.

5        4.      Some or all of the documents previously produced by Carter

6 Bryant to Mattel bearing the Bates serial numbers BRYANT 00001-01588.

7        5.      Carter Bryant's personnel, payroll and other files and records,

8 including telephone records of Mattel, which are in Mattel's possession and the

9 nature and relevance of which is best known by Mattel.

10       6.      Documents relating to the negotiation of MGA's contract with

11 Carter Bryant dated as of September 18, 2000.

12       7.      Documents relating to the design and development of the first

13 generation of "Bratz."

14       8.      Documents relating to or consisting of various drawings,

15 sketches and finished product that Carter Bryant conceived of, created, designed or

16 developed, or in whose conception, creation, design and development he assisted,

17 before and after he was employed by Mattel.

18

19 **Damages**

20       The required disclosure regarding damages is presently inapplicable.

21

22

23

24

25

26

27

28

-4-

MGA'S INITIAL DISCLOSURES
PURSUANT TO RULE 26 (CV 04-9059 NM)

EXHIBIT 20 PAGE 275

1   **Insurance**

2        The required disclosure regarding insurance is presently inapplicable.

3

4

5   Dated:  January 6, 2005                    DIANA M. TORRES
                                              PAULA E. AMBROSINI
6                                             ALICIA C. MEYER
                                              O'MELVENY & MYERS, LLP
7

8                                       By: _____
9                                            Paula E. Ambrosini
                                             Attorneys for Defendant-in-
10                                           Intervention, MGA Entertainment,
                                             Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

                                        **MGA'S INITIAL DISCLOSURES**
                                        **PURSUANT TO RULE 26 (CV 04-9059 NM)**

EXHIBIT 20 PAGE 276

**PROOF OF SERVICE**

I, Suzanne I. Jimenez, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071. On January 6, 2005, I served the within documents:

**MGA'S RULE 26(a) DISCLOSURES**

[X]     by transmitting via facsimile machine the document(s) listed above to the fax number(s) set forth below on this date. The outgoing facsimile machine telephone number in this office is (213) 430-6407. The facsimile machines used in this office create a transmission report for each outgoing facsimile transmitted. A copy of the transmission report(s) for the service of this document, properly issued by the facsimile machine(s) that transmitted this document and showing that such transmission was (transmissions were) completed without error, is attached hereto.

[X]     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

*(By Facsimile and U.S. Mail)*
Douglas A. Wickham
Keith Jacoby
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Tel: (310) 553-0308
Fax: (310) 553-5583

*(By Facsimile and U.S. Mail)*
Michael T. Zeller
Quinn Emanuel Urquhart
   Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017-2543
Tel: (213) 443-3000
Fax: (213) 443-3100

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 6, 2005, at Los Angeles, California.

_Suzanne I. Jimenez_
Suzanne I. Jimenez

LA2:746615.1

-6-

PROOF OF SERVICE

EXHIBIT _20_ PAGE 277

```
************* -COMM. JOURNAL- ************* DATE JAN-06-2005 ***** TIME 14:22 ********
```

MODE = MEMORY TRANSMISSION          START=JAN-06 14:20    END=JAN-06 14:22

FILE NO.=532

| STN NO. | COMM. | ABBR NO. | STATION NAME/TEL. NO. | PAGES | DURATION |
|---------|-------|----------|----------------------|-------|----------|
| 001 | OK | 8 | 94433100 | 008/008 | 00:02:13 |

```
*****************************************  -            - *****  -                 - *********
```

## O'MELVENY & MYERS LLP

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407

## FAX TRANSMITTAL

DATE:
January 6, 2005

TOTAL NUMBER OF PAGES:
8

| TO: | FAX NUMBER: | TELEPHONE NUMBER: |
|-----|-------------|-------------------|
| Michael T. Zeller, Esq. *Quinn Emanuel Urquhart Oliver & Hedges, LLP* | (213) 443-3100 | (213) 443-3000 |
| Douglas A. Wickham, Esq. Keith Jacoby, Esq. *Littler Mendelson, A Professional Corporation* | (310) 552-3229 | (310) 552-2766 |

| FROM: | RETURN FAX NUMBER: | TELEPHONE NUMBER: |
|-------|--------------------|--------------------|
| Paula E. Ambrosini | (213) 430-6407 | (213) 430-7466 |

## MESSAGE

**IF YOU DID NOT RECEIVE ALL PAGES, PLEASE CALL OUR FAX DEPARTMENT AT (213) 430-6407**

| FILE NO.: | 527,436-004 | RETURN ORIGINAL TO: | Suzanne L Jimenez |
|-----------|-------------|---------------------|-------------------|
| USER NO.: | 09901 | EXTENSION: | 7241 |
| RESPONSIBLE ATTY NAME: | Paula E. Ambrosini | LOCATION: | 11x04 |
| SPECIAL INSTRUCTIONS: | | | |

This document is intended for the exclusive use of the addressee. It may contain privileged, confidential, or non-disclosable information. If you are not the addressee, or someone responsible for delivering this document to the addressee, you may not read, copy, or distribute it. If you have received this document by mistake, please call us promptly and securely dispose of it. Thank you.

EXHIBIT 20 PAGE 278

MODE = MEMORY TRANSMISSION            START=JAN-06 14:30   END=JAN-06 14:32

    FILE NO.=533

STN NO.   COMM.   ABBR NO.   STATION NAME/TEL NO.   PAGES   DURATION

001       OK      *          913105523229           008/008  00:02:19

********************************* -      - ***** -        - *********

# O

# O'MELVENY & MYERS LLP

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407

## FAX TRANSMITTAL

DATE:
January 6, 2005

TOTAL NUMBER OF PAGES:
8

TO:
Michael T. Zeller, Esq.
*Quinn Emanuel Urquhart Oliver & Hedges, LLP*

FAX NUMBER:
(213) 443-3100

TELEPHONE NUMBER:
(213) 443-3000

Douglas A. Wickham, Esq.
Keith Jacoby, Esq.
*Littler Mendelson, A Professional Corporation*

(310) 552-3229

(310) 552-2766

FROM:
Paula E. Ambrosini

RETURN FAX NUMBER:
(213) 430-6407

TELEPHONE NUMBER:
(213) 430-7466

## MESSAGE

IF YOU DID NOT RECEIVE ALL PAGES, PLEASE CALL OUR FAX DEPARTMENT AT (213) 430-6407

| FILE NO.: | 527,436-004 | RETURN ORIGINAL TO: | Susanne L. Jimenez |
| USER NO.: | 09901 | EXTENSION: | 7241 |
| RESPONSIBLE ATTY NAME: | Paula E. Ambrosini | LOCATION: | 11x04 |
| SPECIAL INSTRUCTIONS: | | | |

This document is intended for the exclusive use of the addressee. It may contain privileged, confidential, or non-disclosable information. If you are not the addressee, or someone responsible for delivering this document to the addressee, you may not read, copy, or distribute it. If you have received this document by mistake, please call us promptly and securely dispose of it. Thank you.

EXHIBIT 20 PAGE 279