**EXHIBIT 3**

RECEIVED

AUG 0 3 2007

CALENDARED

DIANA M. TORRES (S.B. #162284)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: dtorres@omm.com

DALE M. CENDALI (admitted pro hac vice)
MICHAEL KEATS (admitted pro hac vice)
JOHANNA SCHMITT (admitted pro hac vice)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: dcendali@omm.com

PATRICIA GLASER (S.B. # 55668)
CHRISTENSEN, GLASER, FINK,
JACOBS, WEIL & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920
Email: pglaser@chrisglase.com

Attorneys for Plaintiff
MGA Entertainment, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) (Consolidated with CV 04-9059 and CV 05-2727) |
| Plaintiff, | |
| v. | **MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727** |
| MATTEL, INC., a Delaware Corporation, | |
| Defendant | |
| CONSOLIDATED WITH | |
| MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

EXHIBIT 3 PAGE 112

1   PROPOUNDING PARTY:        MGA ENTERTAINMENT, INC.

2   RESPONDING PARTY:         MATTEL, INC.

3   SET NO.                   FIVE

4   NOS.                      470 - 531

5

6   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

7
        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA
8
    Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel")
9
    produce all DOCUMENTS and tangible things described, in accordance with the
10
    Definitions and Instructions set forth below, at 9:00 a.m. on September 4, 2007, at
11
    the offices of O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles,
12
    California 90071.
13
                                   **DEFINITIONS**
14

15      As used in these Requests:

16      1.    "ACTION" shall mean this action now consolidated under Case No.

17  04-9049 before the Hon. Stephen Larson and formerly Mattel v. Bryant, Inc., first

18  filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA

19  Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and

20  defenses therein.

21      2.    "ACCELERACERS" means and refers to each image, character,

22  logo, doll, toy, accessory, product, packaging or other thing or matter that is or has

23  ever been manufactured, marketed or sold by MATTEL, or others under license by

24  MATTEL, as part of a line of goods or merchandise commonly known as, or sold

25  and marketed under the name, "AcceleRacerS."

26

27

28

                                -1-
                                          MGA'S FIFTH SET OF REQUESTS FOR THE
                                          PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT 3   PAGE 113

3.     "ADVERTISEMENT" means a commercial message or advertisement in any medium, including without limitation, television, radio, movies, magazines, newspapers, the Internet, signage, and billboards.

4.     "ASAHI" means Asahi Kasei Life & Living Corporation and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Asahi Kasei Life & Living Corporation and any others acting on Asahi Kasei Life & Living Corporation's behalf, pursuant to its authority or subject to its control.

5.     "BRATZ" means and refers to each image, character, logo, doll, plush toy, styling head, toy, accessory, product, packaging, theme, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress, including, but not limited to, fashion dolls, styling heads, and plush toys.

6.     "BRYANT" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint venturers, and any other person acting on his behalf, pursuant to his authority or subject to his control.

7.     "CONTESTED MGA PRODUCTS" means "Bratz" female fashion dolls and their packaging, products in the "Bratz Wintertime Wonderland" theme, products in the "Bratz Formal Funk" theme, products in the "Bratz Sun Kissed Summer" theme, products in the "Bratz Forever Diamondz" theme, "Bratz Petz" plush toys (including "Bratz Dogz") and their packaging, "Bratz Funky Fashion Makeover" heads, "Bratz Formal Funk Super Stylin' Runway Disco" playset and packaging, "4-Ever Best Friends" dolls and packaging, "Mommy's Little" doll line, and "Alien Racers" toy racing vehicles, as identified in Response to

- 2 -

1  Interrogatory No. 2 of MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s

2  First Set of Interrogatories Re Claims of Unfair Competition.

3        8.    "COMMUNICATION[S]" means any transmission of information

4  from one person or entity to another, including, without limitation, by personal

5  meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request

6  that encompasses information relating in any way to communications to, from or

7  within a business or corporate entity is hereby designated to mean, and should be

8  construed to include, all communications by and between representatives,

9  employees, agents or servants of the business or corporate entity.

10        9.    "COUNTERCLAIM[S]" means the Second Amended Answer and

11  Counterclaims filed by Mattel on July 12, 2007.

12        10.    "DIVA STARZ" means and refers to each image, character, logo,

13  doll, toy, accessory, product, packaging or any other thing that is or has ever been

14  manufactured, marketed or sold by MATTEL, or others under license by

15  MATTEL, as part of a line of goods or merchandise commonly known as, or sold

16  and marketed under the name "Diva Starz."

17        11.    "DOCUMENT[S]" incorporates the full meaning of Federal Rule of

18  Civil Procedure 34, and shall be construed in the broadest sense to mean any and

19  all writings, tangible things and property, of any kind, that are now or that have

20  been in YOUR actual or constructive possession, custody or control, including, but

21  not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,

22  punched, copied, recorded, transcribed, graphic or photographic matter of any kind

23  or nature, in, through, or from which information may be embodied, translated,

24  conveyed or stored, whether an original, a draft or copy, however produced or

25  reproduced, whether sent or received or neither, including, but not limited to,

26  notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals,

27  reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets,

28  work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost

- 3 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ___3___ PAGE _15_

1    sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase
2    orders, telephone records, telegrams, telexes, literature, invoices, contracts,
3    purchase orders, estimates, recordings, transcriptions of recordings, records,
4    books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs,
5    video, audio and digital recordings, television commercials, story boards, website
6    or other spot advertisements, movies, movie trailers, prototypes, products, diaries,
7    calendars, charts, drawings, sketches, messages, photographs and data contained in
8    or accessible through any electronic data processing system, including, but not
9    limited to, computer databases, data sheets, data processing cards, computer files
10   and tapes, computer disks, CD-ROMs, computer metadata, microfilm, microfiche,
11   electronic mail, website and web pages and transcriptions thereof and all other
12   memorializations of any conversations, meetings and conference, by telephone or
13   otherwise.  The term DOCUMENT also means every copy of a DOCUMENT,
14   where such copy is not an identical duplicate of the original, whether because of
15   deletions, underlinings, showing of blind copies, initialing, signatures, receipt
16   stamps, comments, notations, differences in stationery or any other difference or
17   modification of any kind.

18        12.   "EARLY LIGHT" means the toy manufacturer Early Light Industrial
19   Company Limited and any of its past or present officers, directors, agents,
20   employees, representatives, consultants, attorneys, parents, subsidiaries, divisions,
21   affiliates, predecessors-in-interest, entities and persons acting in joint venture or
22   partnership relationships with Early Light Industrial Company Limited and any
23   others acting on Early Light Industrial Company Limited's behalf, pursuant to its
24   authority or subject to its control.

25        13.   "FILO" means L.A.M.P. S.p.A., and any of its past or present
26   officers, directors, agents, employees, representatives, consultants, attorneys,
27   parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and
28   persons acting in joint venture or partnership relationships with L.A.M.P. S.p.A.

- 4 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT  3  PAGE 116

1   and any others acting on L.A.M.P. S.p.A.'s behalf, pursuant to its authority or

2   subject to its control.

3        14.    "FISHER-PRICE" means Fisher-Price, Inc. and any of its past or

4   present officers, directors, agents, employees, representatives, consultants,

5   attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest,

6   entities and persons acting in joint venture or partnership relationships with Fisher-

7   Price, Inc. and any others acting on Fisher-Price, Inc.'s behalf, pursuant to Fisher-

8   Price, Inc.'s authority or subject to Fisher-Price, Inc.'s control.

9        15.    "JETTA" means the toy manufacturer Jetta Company Limited, and

10  any of its past or present officers, directors, agents, employees, representatives,

11  consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-

12  interest, entities and persons acting in joint venture or partnership relationships

13  with Jetta Company Limited and any others acting on Jetta Company Limited's

14  behalf, pursuant to its authority or subject to its control.

15       16.    "KANEKA" means plastics manufacturer Kaneka Corporation, and

16  any of its past or present officers, directors, agents, employees, representatives,

17  consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-

18  interest, entities and persons acting in joint venture or partnership relationships

19  with Kaneka Corporation and any others acting on Kaneka Corporation's behalf,

20  pursuant to its authority or subject to its control.

21       17.    "LARIAN" means MGA's Chief Executive Officer Isaac Larian.

22       18.    "MATTEL," "YOU," or "YOUR" means defendant MATTEL, Inc.

23  and any of its past or present officers, directors, agents, employees,

24  representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates,

25  predecessors-in-interest, entities and persons acting in joint venture or partnership

26  relationships with YOU and any others acting on YOUR behalf, pursuant to

27  YOUR authority or subject to YOUR control.

28

- 5 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT __3__ PAGE __117__

1    19.    "MGA" means MGA Entertainment, Inc. and any of its past or

2  present officers, directors, agents, employees, representatives, consultants,

3  attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest,

4  entities and persons acting in joint venture or partnership relationships with MGA

5  and any others acting on MGA's behalf, pursuant to its authority or subject to its

6  control.

7    20.    "MY SCENE" means and refers to each image, character, logo, doll,

8  toy, styling head, plush toy, play set, accessory, product, packaging or any other

9  thing that is or has ever been manufactured, marketed or sold by YOU, or others

10  under licensed by YOU, as part of a line of goods or merchandise commonly

11  known as, or sold and marketed under the name "MY SCENE."

12    21.    "PERSON[S]" means any or all entities, including but not limited to,

13  any or all individuals, single proprietorships, associations, companies, firms,

14  partnerships, joint ventures, corporations, employees or former employees, or any

15  other business, governmental, or labor entity, and any divisions, departments, or

16  other units thereof.

17    22.    "POLLY POCKET COLOR SURPRISE POLLY" means and refers to

18  each image, character, logo, doll, styling head, toy, accessory, product, packaging

19  or any other thing that is or has ever been manufactured, marketed or sold by

20  MATTEL, or others under license by MATTEL, as part of a line of goods or

21  merchandise commonly known as, or sold and marketed under the name "Polly

22  Pocket Color Surprise Polly."

23    23.    "REFERRING OR RELATING TO" should be construed in the

24  broadest possible sense to mean concerning, consisting of, referring to, relating to,

25  describing, discussing, constituting, evidencing, containing, reflecting,

26  mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or

27  factual connection with the matter discussed.

28

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT __3__ PAGE __18__

24. "SIMBA TOYS" means Simba Toys GmbH and Company KG, Simba Toys (France), Simba Toys (Hong Kong) Ltd. and/or any of their parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Simba Toys GmbH and Company KG, Simba Toys (France) and/or Simba Toys (Hong Kong) Ltd.

25. "SIMBA LITIGATION" means any litigation between SIMBA TOYS and MATTEL, including, but not limited to, (1) the litigation in Germany resulting in a decision by the Bundesgerichtshof (BGH) on or about October 28, 2004; (2) litigation in France resulting in a decision by the Commercial Court of Paris on or about June 28, 2002; and (3) litigation in the United Kingdom before the High Court of Justice, Chancery Division, Patents Court under docket or reference number HC 03 CO 2684 in 2003.

26. "UNIVERSAL" means Universal Commerce Corporation Limited and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Universal Commerce Corporation Limited and any others acting on Universal Commerce Corporation Limited's behalf, pursuant to its authority or subject to its control.

27. "ZEUS SERVER" means the "Zeus server" as defined in the deposition of MATTEL's 30(b)(6) witness, Julia Marine.

28. The singular form includes the plural, and vice versa.

29. The terms "any" and "all" are interchangeable.

30. The terms "and" and "or" shall be construed disjunctively and conjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of any Request, DOCUMENTS that would otherwise not be within its scope.

-7-

MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _3_ PAGE _119_

## INSTRUCTIONS

1.     YOU are instructed to produce all non-privileged DOCUMENTS in YOUR possession, custody or control.  A document is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity who has physical possession of the DOCUMENT.

2.     If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full.

3.     Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized, separated, or identified.

4.     Each DOCUMENT maintained or stored electronically in native, electronic format is to be produced with all relevant metadata intact and in an appropriate and useable electronic manner.

5.     These Requests impose a continuing obligation subsequent to your initial production to the full extent provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 470:**

All DOCUMENTS REFERRING OR RELATING TO any claims and/or litigation that MATTEL or FISHER-PRICE has brought or considered bringing against any PERSON regarding infringement of MY SCENE, DIVA STARZ, or any other intellectual property including, but not limited to, cease and desist letters.

**REQUEST NO. 471:**

All DOCUMENTS REFERRING OR RELATING TO any claims, threat of

- 8 -

1   litigation and/or litigation that any PERSON has asserted against MATTEL

2   regarding infringement by MY SCENE or DIVA STARZ, including, but not

3   limited to, cease and desist letters.

4   **REQUEST NO. 472:**

5       All DOCUMENTS REFERRING OR RELATING TO any SIMBA

6   LITIGATION, including, but not limited to, all pleadings, declarations, affidavits,

7   briefs, deposition transcripts, orders or other documents, and any English

8   translations thereof, submitted to the court by MATTEL or SIMBA TOYS in

9   support of its claims and defenses or any rulings or decisions issued by the court.

10   **REQUEST NO. 473:**

11       All DOCUMENTS REFERRING OR RELATING TO the creation and

12   development of the "We Believe in Girls" website, found at

13   www.webelieveingirls.com, that also mention BRATZ and/or MGA.

14   **REQUEST NO. 474:**

15       All DOCUMENTS REFERRING OR RELATING TO the mention of

16   BRATZ and/or MGA on the "We Believe in Girls" website, including, but not

17   limited to, any community bulletin boards.

18   **REQUEST NO. 475:**

19       Copies of all photographs taken by MATTEL (including, but not limited to,

20   MATTEL's counsel) during the course of its inspection of any DOCUMENT or

21   item made available to it by MGA or Bryant, including, but not limited to,

22   products, packaging, samples, sculptures, sketches, or drawings.

23   **REQUEST NO. 476:**

24       All DOCUMENTS RELATING TO YOUR efforts, or knowledge of any

25   efforts by any PERSONS, worldwide to monitor, "spy on" or gain knowledge of

26   MGA's trade secrets, non-public information, non-public activities, unreleased

27   products, and product development, including, but not limited to:

28

-9-

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT 3 PAGE 121

1       a.      DOCUMENTS REFERRING OR RELATING TO YOUR

2   COMMUNICATIONS or contacts with MGA's current or former employees or

3   contractors about MGA or its business, including, but not limited to, any tape

4   recordings of such COMMUNICATIONS;

5       b.      DOCUMENTS REFERRING OR RELATING TO YOUR use or

6   attempts to use confidential informants, spies, or moles within MGA, including, but

7   not limited to, any tape recordings of MGA employees or contractors;

8       c.      DOCUMENTS REFERRING OR RELATING TO YOUR knowledge

9   of any MGA product before its release to the public or of any other non-public

10   information about MGA, its business or its products;

11       d.      DOCUMENTS REFERRING OR RELATING TO YOUR access, or

12   attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising

13   displays, Toy Fair displays on false pretenses (including, but not limited to, by

14   using fake business cards);

15       f.      DOCUMENTS REFERRING OR RELATING TO YOUR access to

16   MGA's products or showroom at any Toy Fair (including Hong Kong Toy Fair,

17   New York Toy Fair, Dallas Toy Fair, or Nuremberg Toy Fair);

18       h.      YOUR access to MGA's confidential product and pricing information

19   through "competitive management agreements" or "category management

20   agreements" with retailers; and

21       i.      YOUR access to MGA's confidential product and pricing information

22   from non-public sources and/or through non-public means.

23   **REQUEST NO. 477:**

24       All COMMUNICATIONS between YOU and any recruiting agency or

25   service including, but not limited to, Gregory Michaels & Associates, that REFER

26   OR RELATE TO recruiting or contacting any MGA employee to work for YOU.

27   **REQUEST NO. 478:**

28       All DOCUMENTS REFERRING OR RELATING to any use or

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _3_ PAGE _122_

1 contemplated use by YOU of any recruiting agency or service including, but not

2 limited to Gregory Michaels & Associates to contact or recruit any MGA employee

3 to work for YOU.

4 **REQUEST NO. 479:**

5      DOCUMENTS sufficient to show weekly and monthly point of sale data for

6 MY SCENE fashion dolls.

7 **REQUEST NO. 480:**

8      All DOCUMENTS REFERRING OR RELATING TO YOUR receipt,

9 reproduction, copying, storage, transmission, transfer, retention, destruction,

10 deletion, or use of any DOCUMENT identifying MGA products in the course of

11 any planning, design, development or revision of any YOUR products.

12 **REQUEST NO. 481:**

13      All DOCUMENTS, including, but not limited to, any compilation of

14 information, that were prepared, made, created, generated, assembled or compiled

15 by or for MGA or any MGA subsidiary, including MGAE de Mexico, S.R.L. de

16 C.V.

17 **REQUEST NO. 482:**

18      All DOCUMENTS, including, but not limited to, any compilation of

19 information, that were prepared, made, created, generated, assembled or compiled

20 by or for MGA or any MGA subsidiary, and that YOU received from any third

21 party, including Rachel Harris or Fred Larian.

22 **REQUEST NO. 483:**

23      All investigative files REFERRING OR RELATING to BRYANT, MGA or

24 any of its employees, including but not limited to file numbers 02-299, 02-1680,

25 and 03-034.

26 **REQUEST NO. 484:**

27      DOCUMENTS sufficient to show the directory structure of the ZEUS

28 SERVER as it relates to MATTEL's girls toys division.

- 11 -

EXHIBIT __3__ PAGE __127__

1  **REQUEST NO. 485:**

2      All DOCUMENTS, since January 1, 1999, REFERRING OR RELATING

3  TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention,

4  destruction, deletion or use of any DOCUMENTS, including but not limited to any

5  compilation of information, that were prepared, made, created, generated,

6  assembled or compiled by or for MGA or any MGA subsidiary, including MGAE

7  de Mexico, S.R.L. de C.V. in Mexico City.

8  **REQUEST NO. 486:**

9      All DOCUMENTS REFERRING OR RELATING TO YOUR or YOUR

10 attorney's or agent's knowledge of or participation in the investigation or search of

11 MGAE de Mexico, S.R.L. de C.V. in Mexico City.

12 **REQUEST NO. 487:**

13     All DOCUMENTS REFERRING OR RELATING TO whether any of the

14 items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in

15 Mexico City were prepared, made, created, generated, assembled or compiled by or

16 for MGA or any MGA subsidiary.

17 **REQUEST NO. 488:**

18     All DOCUMENTS REFERRING OR RELATING TO YOUR knowledge

19 that any of the items seized by Mexican authorities from MGAE de Mexico, S.R.L.

20 de C.V. in Mexico City were prepared, made, created, generated, assembled or

21 compiled by or for MGA or any MGA subsidiary.

22 **REQUEST NO. 489:**

23     All DOCUMENTS REFERRING OR RELATING TO YOUR or YOUR

24 attorney's or agent's knowledge of or participation in the seizure of Brisbois'

25 thumb drive by Canadian law enforcement.

26 **REQUEST NO. 490:**

27     All DOCUMENTS REFERRING OR RELATING TO whether any of the

28 items seized by Canadian authorities from Brisbois' thumb drive were prepared,

- 12 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS



EXHIBIT _3_ PAGE _124_

1  made, created, generated, assembled or compiled by or for MGA or any MGA

2  subsidiary.

3  **REQUEST NO. 491:**

4      All DOCUMENTS REFERRING OR RELATING TO YOUR knowledge

5  that any of the items seized by Canadian authorities from Brisbois' thumb drive

6  were prepared, made, created, generated, assembled or compiled by or for MGA or

7  any MGA subsidiary.

8  **REQUEST NO. 492:**

9      All DOCUMENTS that REFER OR RELATE TO the retention, destruction,

10  transfer, or use of any information or DOCUMENTS known to or possessed by any

11  current or former MGA employee, freelancer or contractor, including but not

12  limited to Tina Patel, Christopher Hardouin, Margo Eldridge, Charlotte Broussard,

13  and Andrew Gallerani.

14  **REQUEST NO. 493:**

15      All COMMUNICATIONS between YOU and any PERSON REFERRING

16  OR RELATING TO the retention, destruction, transfer, or use of any information

17  or DOCUMENTS known to or possessed by any current or former MGA employee,

18  freelancer or contractor, including but not limited to Tina Patel, Christopher

19  Hardouin, Margo Eldridge, Charlotte Broussard, and Andrew Gallerani.

20  **REQUEST NO. 494:**

21      All COMMUNICATIONS between YOU and Tina Patel prior to her date of

22  hire by MATTEL.

23  **REQUEST NO. 495:**

24      All DOCUMENTS REFERRING OR RELATING TO

25  COMMUNICATIONS between YOU and Tina Patel prior to her date of hire by

26  MATTEL, including but not limited to all calendar entries, phone logs, phone

27  records and notes reflecting such COMMUNICATIONS.

28  **REQUEST NO. 496:**

- 13 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT 3 PAGE 125

1     All DOCUMENTS, including but not limited to all COMMUNICATIONS
2  with any PERSON, REFERRING OR RELATING TO Tina Patel prior to her date
3  of hire by MATTEL.
4  **REQUEST NO. 497:**
5     All DOCUMENTS, including but not limited to all COMMUNICATIONS
6  with any PERSON, REFERRING OR RELATING TO Tina Patel's resignation
7  from MGA.
8  **REQUEST NO. 498:**
9     All DOCUMENTS, including but not limited to all COMMUNICATIONS
10  with any PERSON, REFERRING OR RELATING TO compensation, money or
11  any other item of value paid to Tina Patel, whether directly or indirectly, by YOU.
12  **REQUEST NO. 499:**
13     All DOCUMENTS received by YOU, directly or indirectly, from Tina Patel
14  REFERRING OR RELATING TO any MGA product or plan.
15  **REQUEST NO. 500:**
16     All DOCUMENTS, including but not limited to all COMMUNICATIONS
17  with any PERSON, REFERRING OR RELATING TO YOUR receipt,
18  reproduction, copying, storage, transmission, transfer, retention, destruction,
19  deletion or use of any DOCUMENTS, data and/or information, including but not
20  limited to any compilation of information, that was prepared, made, created,
21  generated, assembled or compiled by or for MGA and that YOU received, directly
22  or indirectly, from Tina Patel.
23  **REQUEST NO. 501:**
24     A copy of each personnel file maintained or created by YOU REFERRING
25  OR RELATING TO Tina Patel.
26  **REQUEST NO. 502:**
27     All DOCUMENTS, including but not limited to all COMMUNICATIONS,
28  prepared, created, sent or transmitted, whether in whole or in part, by Tina Patel

- 14 -

MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT 3 PAGE 126

1   REFERRING OR RELATING TO any of the CONTESTED MGA PRODUCTS.

2   **REQUEST NO. 503:**

3       All COMMUNICATIONS between YOU and Christopher Hardouin prior to

4   his date of hire by MATTEL.

5   **REQUEST NO. 504:**

6       All DOCUMENTS REFERRING OR RELATING TO

7   COMMUNICATIONS between YOU and Christopher Hardouin prior to his date of

8   hire by MATTEL, including but not limited to all calendar entries, phone logs,

9   phone records and notes reflecting such COMMUNICATIONS.

10   **REQUEST NO. 505:**

11       All DOCUMENTS, including but not limited to all COMMUNICATIONS

12   with any PERSON, REFERRING OR RELATING TO Christopher Hardouin prior

13   to his date of hire by MATTEL.

14   **REQUEST NO. 506:**

15       All DOCUMENTS, including but not limited to all COMMUNICATIONS

16   with any PERSON, REFERRING OR RELATING TO Christopher Hardouin's

17   resignation from MGA.

18   **REQUEST NO. 507:**

19       All DOCUMENTS, including but not limited to all COMMUNICATIONS

20   with any PERSON, REFERRING OR RELATING TO compensation, money or

21   any other item of value paid to Christopher Hardouin, whether directly or

22   indirectly, by YOU.

23   **REQUEST NO. 508:**

24       All DOCUMENTS received by YOU, directly or indirectly, from

25   Christopher Hardouin REFERRING OR RELATING TO any MGA product or

26   plan.

27   **REQUEST NO. 509:**

28       All DOCUMENTS, including but not limited to all COMMUNICATIONS

- 15 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT 3   PAGE 127

1  with any PERSON, REFERRING OR RELATING TO YOUR receipt,

2  reproduction, copying, storage, transmission, transfer, retention, destruction,

3  deletion or use of any DOCUMENTS, data and/or information, including but not

4  limited to any compilation of information, that was prepared, made, created,

5  generated, assembled or compiled by or for MGA and that YOU received, directly

6  or indirectly, from Christopher Hardouin.

7  **REQUEST NO. 510:**

8       A copy of each personnel file maintained or created by YOU REFERRING

9  OR RELATING TO Christopher Hardouin.

10  **REQUEST NO. 511:**

11       All DOCUMENTS, including but not limited to all COMMUNICATIONS,

12  prepared, created, sent or transmitted, whether in whole or in part, by Christopher

13  Hardouin REFERRING OR RELATING TO any of the CONTESTED MGA

14  PRODUCTS.

15  **REQUEST NO. 512:**

16       All DOCUMENTS REFERRING OR RELATING TO the creation, origins

17  or sources of inspiration of "POLLY POCKET COLOR SURPRISE POLLY"

18  including, without limitation, the creation, origins or sources of inspiration of the

19  pose of "POLLY POCKET COLOR SURPRISE POLLY."

20  **REQUEST NO. 513:**

21       All DOCUMENTS REFERRING OR RELATING TO any similarity or

22  dissimilarity between "POLLY POCKET COLOR SURPRISE POLLY" and any

23  MGA product (whether released or unreleased) known to YOU, including but not

24  limited to any similarity or dissimilarity between the pose of "POLLY POCKET

25  COLOR SURPRISE POLLY" and the pose of any MGA product known to YOU.

26  **REQUEST NO. 514:**

27       All DOCUMENTS REFERRING OR RELATING TO whether the

28  appearance or pose of "POLLY POCKET COLOR SURPRISE POLLY" copies,

- 16 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT 3 PAGE 128

1    replicates, or in any way imitates the appearance or pose of any MGA product

2    (whether released or unreleased) known to YOU.

3    **REQUEST NO. 515:**

4        DOCUMENTS, including but not limited to organizational charts, sufficient

5    to identify (by name and job function) all current and former MATTEL personnel

6    and/or freelancers comprising the primary team that worked on the creation, design

7    and development of "POLLY POCKET COLOR SURPRISE POLLY."

8    **REQUEST NO. 516:**

9        All DOCUMENTS REFERRING OR RELATING TO YOUR efforts to

10   institute a litigation hold in response to the litigation originally captioned *Mattel,*

11   *Inc. v. Bryant.*, Case No. CV 04-9059 SGL (RNBx).

12   **REQUEST NO. 517:**

13       All DOCUMENTS REFERRING OR RELATING TO YOUR efforts to

14   institute a litigation hold in response to the litigation originally captioned *MGA*

15   *Entertainment, Inc. v. Mattel, Inc.*, Case No. CV 05-02727 SGL (RNBx).

16   **REQUEST NO. 518:**

17       All DOCUMENTS REFERRING OR RELATING TO YOUR efforts to

18   institute a litigation hold in response to the litigation originally captioned *Bryant v.*

19   *Mattel, Inc.*, Case No. CV 04-9049 SGL (RNBx).

20   **REQUEST NO. 519:**

21       All COMMUNICATIONS between YOU and the toy manufacturer JETTA

22   REFERRING OR RELATING to MGA, BRATZ or LARIAN.

23   **REQUEST NO. 520:**

24       All COMMUNICATIONS between YOU and EARLY LIGHT, including

25   but not limited to Francis Choi, Wilson Ng, and Carmen Choi, REFERRING OR

26   RELATING to MGA, BRATZ or LARIAN.

27   **REQUEST NO. 521:**

28       All COMMUNICATIONS between YOU and ASAHI REFERRING OR

- 17 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT  3  PAGE  129

1  RELATING to MGA, BRATZ or LARIAN.

2  **REQUEST NO. 522:**

3     All COMMUNICATIONS between YOU and UNIVERSAL REFERRING

4  OR RELATING to MGA, BRATZ or LARIAN.

5  **REQUEST NO. 523:**

6     All COMMUNICATIONS between YOU and KANEKA REFERRING OR

7  RELATING to MGA, BRATZ or LARIAN.

8  **REQUEST NO. 524:**

9     All COMMUNICATIONS between YOU and FILO REFERRING OR

10  RELATING to MGA, BRATZ or LARIAN.

11  **REQUEST NO. 525:**

12     Copies of all producers' affidavits for any ADVERTISEMENT for MY

13  SCENE or ACCELERACERS.

14  **REQUEST NO. 526:**

15     All DOCUMENTS that constitute COMMUNICATIONS between YOU

16  (including YOUR agents and attorneys) and law enforcement authorities in Mexico,

17  Canada or the United States, including but not limited to the United States

18  Attorney's Office, the Department of Justice and any national, regional, state or

19  local authorities, concerning any of the allegations in YOUR COUNTERCLAIMS

20  or any other alleged taking of confidential MATTEL information by MGA or

21  persons currently or formerly employed by MGA.

22  **REQUEST NO. 527:**

23     All DOCUMENTS REFERRING OR RELATING TO Board of Directors

24  meetings in which MGA, BRATZ, LARIAN, Mel Woods, Ron Brawer, Janine

25  Brisbois, Carlos Custavo Machado Gomez, Mariana Trueba Almada, or Pablo

26  Vargas San Jose were discussed, including, but not limited to, meeting minutes,

27  notes and memoranda.

28  **REQUEST NO. 528:**

- 18 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT  3   PAGE 130

1    All DOCUMENTS that YOU (including YOUR agents and attorneys)

2    provided to law enforcement authorities in Mexico, Canada or the United States,

3    including but not limited to the United States Attorney's Office, the Department of

4    Justice and any national, regional, state or local authorities, concerning any of the

5    allegations in YOUR COUNTERCLAIMS or any other alleged taking of

6    confidential MATTEL information by MGA or persons currently or formerly

7    employed by MGA.

8    **REQUEST NO. 529:**

9    All DOCUMENTS that support the information and belief alleged in

10   paragraphs 42, 43, 47, 49, 51, 52, 68, 74 and 77 of YOUR COUNTERCLAIMS.

11   **REQUEST NO. 530:**

12   All DOCUMENTS, including but not limited to agreements, draft

13   agreements and correspondence, REFERRING OR RELATING TO the payment or

14   offer of payment of attorneys fees by MATTEL to any PERSON in connection this

15   ACTION.

16   **REQUEST NO. 531:**

17   DOCUMENTS sufficient to show YOUR fee arrangement with YOUR

18   counsel Quinn Emanuel Urquhart Oliver & Hedges LLP for services in connection

19   with this ACTION, including, but not limited to, a copy of the fee agreement or

20   retainer agreement between YOU and Quinn Emanuel Urquhart Oliver & Hedges

21   LLP.

22

23   Dated: August 3, 2007                    O'MELVENY & MYERS LLP

24

25

26                                             Melanie Bradley
                                               Attorneys for MGA Entertainment, Inc.
27

28   1704218

- 19 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT 3 PAGE 131

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

       I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 South Hope Street, Los Angeles, California 90071-2899.

       On August 3, 2007, I caused to be personally served the following documents:

    1.  **MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727.**

upon counsel named below by placing a true and correct copy thereof in an envelope addressed as follows:

John Quinn, Esq.
Michael T. Zeller, Esq.
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 Figueroa Street, 10th Floor
Los Angeles, California 90017

☒    (By Personal Service) I prepared such envelope to be delivered by hand to the addressee(s) by Nationwide Legal, Inc. Attorney Services, whose address is 316 W. 2nd Street, Suite 705, Los Angeles, California 90012.

☐    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    (Federal) I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

       Executed on August 3, 2007, at Los Angeles, California.

Mary C. Layman

LA2:830924.1

EXHIBIT 3 PAGE 132

## PROOF OF PERSONAL SERVICE

I am a citizen of the United States and employed in the County of Los Angeles, State of California, by Nationwide Legal, Inc., whose address is 316 W. 2nd Street, Suite 705, Los Angeles, CA 90012. I am over the age of eighteen years and not a party to the within action. On May 8, 2007, I personally served the following:

**1. MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727.**

by delivering a copy thereof to the office of the following, and either handing the copy to or leaving it with the _____ of the office thereof:

### Service List

**Michael T. Zeller, Esq.**
**QUINN EMANUEL URQUHART**
**OLIVER & HEDGES, LLP**
**865 Figueroa Street, 10th Floor**
**Los Angeles, California 90017**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 8, 2006, at Los Angeles, California.

SIGNATURE: _____

PRINTED NAME: _____

LA2:830925.1

EXHIBIT 3   PAGE 133

**EXHIBIT 4**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3    michaelzeller@quinnemanuel.com
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
    Timothy L. Alger (Bar No. 160303)
5    timalger@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff and
   Counter-Defendant Mattel

9

10            UNITED STATES DISTRICT COURT

11          CENTRAL DISTRICT OF CALIFORNIA

12                EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

14                                       Consolidated with:
                    Plaintiff,           Case No. CV 04-09059
15                                       Case No. CV 05-02727

16         v.                            MATTEL'S RESPONSES TO MGA'S
                                         FIFTH SET OF REQUESTS FOR
17  MATTEL, INC., a Delaware             PRODUCTION
    Corporation,
18                                       Hon. Stephen G. Larson

19                  Defendant.

20  _____

21  AND CONSOLIDATED ACTIONS

22

23  PROPOUNDING PARTY:     MGA ENTERTAINMENT, INC.

24  RESPONDING PARTY:      MATTEL, INC.

25  SET NO.:               FIVE

26  NOS.                   470 - 531

27

28                    9/04/07

07209/2200584.1
            MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT 4  PAGE 134

## Preliminary Statement

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") Fifth Set of Requests for Production of Documents and Things in Case No. 05-2727 (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

## General Objections

Mattel generally objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1.    Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

2.    Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work product doctrine, the right to privacy as set forth in the United States and/or California Constitutions, or any other applicable law, privilege, immunity, doctrine or other ground of privilege. Mattel will not produce such privileged documents.

07209/2200584.1

-1-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT 4  PAGE 135

1    3.    Mattel objects to the Requests on the grounds and to the extent
2  they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

3    4.    Mattel objects to the Requests on the grounds and to the extent
4  they seek information which is not relevant to the subject matter of this action nor
5  reasonably calculated to lead to the discovery of admissible evidence.

6    5.    Mattel objects to the Requests on the grounds and to the extent
7  they seek documents equally or more available to, or already in the possession,
8  custody or control of MGA and/or Carter Bryant.

9    6.    Mattel objects to the Requests on the grounds and to the extent
10  they seek documents not in Mattel's possession, custody or control.

11    7.    Mattel objects to the Requests on the grounds that they are
12  unduly burdensome and vague and ambiguous in that they purport to require Mattel
13  to identify and produce documents relating to matters that are currently known to
14  and in the possession, custody and control of defendants and third parties, including
15  third parties associated with defendants, and that are not known to Mattel.

16    8.    Mattel objects to the Requests on the grounds that they seek the
17  production of documents or information that are in the possession, custody and
18  control of independent parties over whom Mattel has no control, including without
19  limitation defendants, and seek the disclosure of information or documents that are
20  in the possession, custody and control of defendants or are publicly available and
21  hence equally available to all parties to this litigation.

22    9.    Mattel objects to the Requests on the ground and to the extent
23  they seek trade secret, proprietary or otherwise confidential information of Mattel or
24  third parties or would violate the terms of any agreement or contracts with third
25  parties.  Any such documents that are produced, if any, will be produced only
26  pursuant to and in reliance upon the Protective Order entered in this case.

27    10.    Mattel objects to the Requests on the grounds that the definitions
28  of the terms "ADVERTISEMENT," "ACCELERACERS," "BRATZ,"

07209/2200584.1

-2-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT 4   PAGE 136

1   "CONTESTED MGA PRODUCTS," "DIVA STARZ," "FISHER-PRICE,"

2   "MATTEL," "MGA," "MY SCENE," and "POLLY POCKET COLOR SURPRISE

3   POLLY" are overbroad, vague and ambiguous, unduly burdensome, and extend

4   beyond those products and matters placed at issue in this litigation.

5           11.   Mattel objects to each and every Request that seeks "all"

6   documents which constitute, mention, refer or relate to a given topic on the grounds

7   of undue burden and oppression. Mattel will make available for inspection and

8   copying those documents and tangible items, if any, that it is able to locate after a

9   reasonable, good-faith search for and review of non-privileged responsive

10  documents.

11          12.   Mattel objects to the Requests on the grounds that they seek

12  information about matters that are not within the subject matter jurisdiction of the

13  Court. Production by Mattel, if any, will be limited to those matters within the

14  Court's jurisdiction, and only in the event and to the extent that it is permitted by or

15  otherwise in compliance with foreign laws limiting disclosure and discovery and

16  only in the event and to the extent that the documents are within Mattel's possession,

17  custody or control pursuant to governing law.

18          13.   Mattel objects to each and every Request to the extent that it

19  seeks documents already produced in this action. Documents which have already

20  been produced will not be produced again in response to these Requests.

21          14.   Objection to the production of any document or category of

22  documents described in the Requests, or agreement to produce any such documents,

23  is not and shall not be construed as an admission by Mattel that any such documents

24  or category of documents exist. Where the responses indicate that Mattel will

25  produce such responsive documents, such documents, if any, will be produced if and

26  to the extent any such documents are in Mattel's possession, custody or control.

27          15.   Mattel objects to the time, place and manner of production

28  specified in the Requests. Mattel will produce such responsive, non-privileged

07209/2200584.1

-3-

EXHIBIT __4__ PAGE _137_

1  documents and tangible things, if any and to the extent not previously produced, in

2  accordance with its responses at a time and place and in a manner that is reasonable,

3  convenient and mutually agreed upon by the parties.

4

5           **RESPONSES TO REQUESTS FOR PRODUCTION**

6           Each of the following objections and responses to the Requests is

7  expressly made subject to the above Preliminary Statement and General Objections,

8  all of which are incorporated in each of the following objections and responses to

9  specific Requests.  A statement that Mattel will produce documents or tangible

10 things in response to a Request is not intended to suggest, nor should it be construed

11 to mean, that any such documents or tangible things exist, or that they are in Mattel's

12 possession, custody or control.

13

14 **REQUEST FOR PRODUCTION NO. 470:**

15           All DOCUMENTS REFERRING OR RELATING TO any claims

16 and/or litigation that MATTEL or FISHER-PRICE has brought or considered

17 bringing against any PERSON regarding infringement of MY SCENE, DIVA

18 STARZ, or any other intellectual property including, but not limited to, cease and

19 desist letters.

20

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 470:**

22           In addition to the general objections stated above which are

23 incorporated herein by reference, Mattel objects to this Request on the grounds that

24 it is overbroad and unduly burdensome, including in that it seeks all documents on

25 this subject without limitation as to time, and regardless of whether such documents

26 relate to products or matters at issue in this case.  Mattel further objects to the use of

27 the terms "any claims and/or litigation," "brought or considered bringing," and

28 "regarding infringement" in this context as vague and ambiguous.  Mattel further

07209/2200584.1

-4-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT __4__  PAGE 38

1  objects to the Request on the grounds that it seeks documents that are not relevant to

2  this action or likely to lead to the discovery of admissible evidence.  Mattel further

3  objects to this Request on the grounds that it seeks confidential, proprietary and

4  trade secret information, including such information that has no bearing on the

5  claims or defenses in this case.  Mattel further objects to this Request on the grounds

6  that it calls for the disclosure of information subject to the attorney-client privilege,

7  the attorney work-product doctrine and other applicable privileges.

8

9  **REQUEST FOR PRODUCTION NO. 471:**

10          All DOCUMENTS REFERRING OR RELATING TO any claims,

11  threat of litigation and/or litigation that any PERSON has asserted against MATTEL

12  regarding infringement by MY SCENE or DIVA STARZ, including, but not limited

13  to, cease and desist letters.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 471:**

16          In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it is overbroad and unduly burdensome, including in that it seeks all documents on

19  this subject without limitation as to time, and regardless of whether such documents

20  relate to products or matters at issue in this case.  Mattel further objects to the use of

21  the terms "any claims, threat of litigation and/or litigation" and "regarding

22  infringement" in this context as vague and ambiguous.  Mattel further objects to the

23  Request on the grounds that it seeks documents that are not relevant to this action or

24  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

25  Request on the grounds that it seeks confidential, proprietary and trade secret

26  information, including such information that has no bearing on the claims or

27  defenses in this case.  Mattel further objects to this Request on the grounds that it

28

07209/2200584.1

EXHIBIT ___4___ PAGE 139

1 calls for the disclosure of information subject to the attorney-client privilege, the
2 attorney work-product doctrine and other applicable privileges.

3

4 **REQUEST FOR PRODUCTION NO. 472:**

5       All DOCUMENTS REFERRING OR RELATING TO any SIMBA
6 LITIGATION, including, but not limited to, all pleadings, declarations, affidavits,
7 briefs, deposition transcripts, orders or other documents, and any English
8 translations thereof, submitted to the court by MATTEL or SIMBA TOYS in
9 support of its claims and defenses or any rulings or decisions issued by the court.

10

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 472:**

12       In addition to the general objections stated above which are
13 incorporated herein by reference, Mattel objects to this Request on the grounds that
14 it is overbroad and unduly burdensome, including in that it seeks all documents on
15 this subject without limitation as to time, and regardless of whether such documents
16 relate to products or matters at issue in this case.  Mattel further objects to the
17 Request on the grounds that it seeks documents that are not relevant to this action or
18 likely to lead to the discovery of admissible evidence.  Mattel further objects to this
19 Request on the grounds that it seeks confidential, proprietary and trade secret
20 information, including such information that has no bearing on the claims or
21 defenses in this case.  Mattel further objects to this Request on the grounds that it
22 calls for the disclosure of information subject to the attorney-client privilege, the
23 attorney work-product doctrine and other applicable privileges.  Mattel further
24 objects to the extent the Request seeks documents already produced by Mattel.
25 Such documents will not be produced again.

26
27
28

07209/2200584.1

-6-

EXHIBIT 4 PAGE 140

**REQUEST FOR PRODUCTION NO. 473:**

1    All DOCUMENTS REFERRING OR RELATING TO the creation and
2    development of the "We Believe in Girls" website, found at
3    www.webelieveingirls.com, that also mention BRATZ and/or MGA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 473:**

In addition to the general objections stated above which are
incorporated herein by reference, Mattel objects to this Request on the grounds that
it is overbroad and unduly burdensome, including in that it seeks all documents on
this subject without limitation as to time, and regardless of whether such documents
relate to products or matters at issue in this case.  Mattel further objects to the
Request on the grounds that it seeks documents that are not relevant to this action or
likely to lead to the discovery of admissible evidence.  Mattel further objects to this
Request on the grounds that it seeks confidential, proprietary and trade secret
information, including such information that has no bearing on the claims or
defenses in this case.  Mattel further objects to this Request on the grounds that it
calls for the disclosure of information subject to the attorney-client privilege, the
attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 474:**

All DOCUMENTS REFERRING OR RELATING TO the mention of
BRATZ and/or MGA on the "We Believe in Girls" website, including, but not
limited to, any community bulletin boards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 474:**

In addition to the general objections stated above which are
incorporated herein by reference, Mattel objects to this Request on the grounds that
it is overbroad, unduly burdensome and unintelligible, including in that it seeks all


EXHIBIT 4 PAGE 141

1   documents on this subject without limitation as to time, and regardless of whether

2   such documents relate to products or matters at issue in this case.  Mattel further

3   objects to the Request on the grounds that it seeks documents that are not relevant to

4   this action or likely to lead to the discovery of admissible evidence.  Mattel further

5   objects to this Request on the grounds that it seeks confidential, proprietary and

6   trade secret information, including such information that has no bearing on the

7   claims or defenses in this case.  Mattel further objects to this Request on the grounds

8   that it calls for the disclosure of information subject to the attorney-client privilege,

9   the attorney work-product doctrine and other applicable privileges.

10

11  **REQUEST FOR PRODUCTION NO. 475:**

12          Copies of all photographs taken by MATTEL (including, but not

13  limited to, MATTEL's counsel) during the course of its inspection of any

14  DOCUMENT or item made available to it by MGA or Bryant, including, but not

15  limited to, products, packaging, samples, sculptures, sketches, or drawings.

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 475:**

18          In addition to the general objections stated above which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it is overbroad and unduly burdensome, including in that it seeks all documents

21  regardless of whether such documents relate to products or matters at issue in this

22  case.  Mattel further objects to this Request on the grounds that it calls for the

23  disclosure of information subject to the attorney-client privilege, the attorney work-

24  product doctrine and other applicable privileges.

25          Subject to and without waiving the foregoing objections, Mattel

26  responds as follows:  Mattel will produce such responsive, non-privileged

27  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

28

07209/2200584.1

-8-
MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT 4   PAGE 142

1   been able to locate after a diligent search and reasonable inquiry, to the extent not

2   previously produced.

3

4   **REQUEST FOR PRODUCTION NO. 476:**

5          All DOCUMENTS RELATING TO YOUR efforts, or knowledge of

6   any efforts by any PERSONS, worldwide to monitor, "spy on" or gain knowledge of

7   MGA's trade secrets, non-public information, non-public activities, unreleased

8   products, and product development, including, but not limited to:

9          a.     DOCUMENTS REFERRING OR RELATING TO YOUR

10  COMMUNICATIONS or contacts with MGA's current or former employees or

11  contractors about MGA or its business, including, but not limited to, any tape

12  recordings of such COMMUNICATIONS;

13         b.     DOCUMENTS REFERRING OR RELATING TO YOUR use

14  or attempts to use confidential informants, spies, or moles within MGA, including,

15  but not limited to, any tape recordings of MGA employees or contractors;

16         c.     DOCUMENTS REFERRING OR RELATING TO YOUR

17  knowledge of any MGA product before its release to the public or of any other

18  non-public information about MGA, its business or its products;

19         d.     DOCUMENTS REFERRING OR RELATING TO YOUR

20  access, or attempts to gain access, to MGA showrooms, Plan-o-Grams,

21  merchandising displays, Toy Fair displays on false pretenses (including, but not

22  limited to, by using fake business cards);

23         f.     DOCUMENTS REFERRING OR RELATING TO YOUR

24  access to MGA's products or showroom at any Toy Fair (including Hong Kong Toy

25  Fair, New York Toy Fair, Dallas Toy Fair, or Nuremberg Toy Fair);

26         h.     YOUR access to MGA's confidential product and pricing

27  information through "competitive management agreements" or "category

28  management agreements" with retailers; and

07209/2200584.1

-9-



EXHIBIT ___4___ PAGE 143

1        i.    YOUR access to MGA's confidential product and pricing

2  information from non-public sources and/or through non-public means.

3

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 476:**

5        In addition to the general objections stated above which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it is overbroad, unduly burdensome, compound, and unintelligible, especially given

8  its broad definitions of "MATTEL," "MGA," and "PERSONS," and in that it seeks

9  all documents on this subject without limitation as to time, and regardless of

10  whether such documents relate to products or matters at issue in this case. Mattel

11  further objects to the use of the terms "knowledge of any efforts by any PERSONS,"

12  "monitor, 'spy on' or gain knowledge," "MGA's trade secrets," "non-public

13  information," "non-public activities," "unreleased products," "product

14  development," "confidential informants, spies, or moles ," "non public information,"

15  "non-public sources ," "non-public means," "on false pretenses," "confidential

16  product and pricing information," and "'competitive management agreements' or

17  'category management agreements,'" in this context as vague, ambiguous, and

18  incomprehensible. Mattel further objects to the Request on the grounds that it seeks

19  documents that are not relevant to this action or likely to lead to the discovery of

20  admissible evidence. Mattel further objects to this Request on the grounds that it

21  seeks, in its entirety, confidential, proprietary and trade secret information, including

22  such information that has no bearing on the claims or defenses in this case. Mattel

23  further objects to this Request on the grounds that it calls for the disclosure of

24  information subject to the attorney-client privilege, the attorney work-product

25  doctrine and other applicable privileges.

26

27

28

07209/2200584.1


EXHIBIT 4 PAGE 144

**REQUEST FOR PRODUCTION NO. 477:**

All COMMUNICATIONS between YOU and any recruiting agency or service including, but not limited to, Gregory Michaels & Associates, that REFER OR RELATE TO recruiting or contacting any MGA employee to work for YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 477:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "recruiting agency or service" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 478:**

All DOCUMENTS REFERRING OR RELATING to any use or contemplated use by YOU of any recruiting agency or service including, but not limited to Gregory Michaels & Associates to contact or recruit any MGA employee to work for YOU.

07209/2200584.1

-11-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION



EXHIBIT 4  PAGE 45

**RESPONSE TO REQUEST FOR PRODUCTION NO. 478:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "recruiting agency or service" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 479:**

DOCUMENTS sufficient to show weekly and monthly point of sale data for MY SCENE fashion dolls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 479:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "point of sale data" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further



EXHIBIT 4 PAGE 146

1 │ objects to this Request on the grounds that it seeks confidential, proprietary and

2 │ trade secret information, including such information that has no bearing on the

3 │ claims or defenses in this case.

4

5 │ **REQUEST FOR PRODUCTION NO. 480:**

6 │       All DOCUMENTS REFERRING OR RELATING TO YOUR receipt,

7 │ reproduction, copying, storage, transmission, transfer, retention, destruction,

8 │ deletion, or use of any DOCUMENT identifying MGA products in the course of any

9 │ planning, design, development or revision of any YOUR products.

10

11 │ **RESPONSE TO REQUEST FOR PRODUCTION NO. 480:**

12 │       In addition to the general objections stated above which are

13 │ incorporated herein by reference, Mattel objects to this Request on the grounds that

14 │ it is overbroad and unduly burdensome, including in that it seeks all documents on

15 │ this subject without limitation as to time, and regardless of whether such documents

16 │ relate to products or matters at issue in this case  The Request is also unintelligible,

17 │ leaving Mattel to guess what documents are being sought.  Mattel further objects to

18 │ the Request on the grounds that it seeks documents that are not relevant to this

19 │ action or likely to lead to the discovery of admissible evidence.  Mattel further

20 │ objects to this Request on the grounds that it seeks confidential, proprietary and

21 │ trade secret information, including such information that has no bearing on the

22 │ claims or defenses in this case.  Mattel further objects to this Request on the grounds

23 │ that it calls for the disclosure of information subject to the attorney-client privilege,

24 │ the attorney work-product doctrine and other applicable privileges.

25

26 │ **REQUEST FOR PRODUCTION NO. 481:**

27 │       All DOCUMENTS, including, but not limited to, any compilation of

28 │ information, that were prepared, made, created, generated, assembled or compiled

-13-

EXHIBIT 4 PAGE 147

1  by or for MGA or any MGA subsidiary, including MGAE de Mexico, S.R.L. de
2  C.V.

3

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 481:**

5        In addition to the general objections stated above which are
6  incorporated herein by reference, Mattel objects to this Request on the grounds that
7  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
8  documents on this subject without limitation as to time, and regardless of whether
9  such documents relate to products or matters at issue in this case. Mattel further
10 objects to the use of the term "any compilation of information, that were prepared
11 made, created, generated, assembled or compiled by or for MGA or any MGA
12 subsidiary, including MGAE de Mexico, S.R.L. de C.V." in this context as vague
13 and ambiguous. Mattel further objects to the Request on the grounds that it seeks
14 documents that are not relevant to this action or likely to lead to the discovery of
15 admissible evidence. Mattel further objects to this Request on the grounds that it
16 seeks confidential, proprietary and trade secret information, including such
17 information that has no bearing on the claims or defenses in this case. Mattel further
18 objects to this Request on the grounds that it calls for the disclosure of information
19 subject to the attorney-client privilege, the attorney work-product doctrine and other
20 applicable privileges. Mattel further objects to this Request to the extent it seeks
21 documents already produced by Mattel, including documents stolen by MGA and
22 other defendants. Such documents will not be produced again.

23        Subject to and without waiving the foregoing objections, Mattel
24 responds as follows: Mattel will produce such responsive, non-privileged
25 documents that are in Mattel's possession, custody, or control, if any, that Mattel has
26 been able to locate after a diligent search and reasonable inquiry, to the extent not
27 previously produced.

28

07209/2200584.1


EXHIBIT 4 PAGE 148

**REQUEST FOR PRODUCTION NO. 482:**

All DOCUMENTS, including, but not limited to, any compilation of information, that were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary, and that YOU received from any third party, including Rachel Harris or Fred Larian.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 482:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "any compilation of information, that were prepared made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 483:**

All investigative files REFERRING OR RELATING to BRYANT, MGA or any of its employees, including but not limited to file numbers 02-299, 02-1680, and 03-034.

07209/2200584.1

-15-

EXHIBIT 4 PAGE 149

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 483:**

2          In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5  documents regardless of whether such documents relate to products, matters, or

6  persons at issue in this case.  Mattel further objects to the use of the terms

7  "investigative files" in this context as vague and ambiguous.  Mattel further objects

8  to this Request on the grounds that it calls for the disclosure of information subject

9  to the attorney-client privilege, the attorney work-product doctrine and other

10  applicable privileges.  Mattel further objects to the Request on the grounds that it

11  seeks documents that are not relevant to this action or likely to lead to the discovery

12  of admissible evidence.  Mattel further objects to this Request on the grounds that it

13  seeks confidential, proprietary and trade secret information, including such

14  information that has no bearing on the claims or defenses in this case.  Mattel further

15  objects to this Request to the extent that it seeks documents already produced by

16  Mattel.  Such documents will not be produced again.

17          Subject to and without waiving the foregoing objections, Mattel

18  responds as follows:  Mattel will produce such responsive, non-privileged

19  documents relating to Bryant that are in Mattel's possession, custody, or control, if

20  any, that Mattel has been able to locate after a diligent search and reasonable

21  inquiry, to the extent not previously produced.

22

23  **REQUEST FOR PRODUCTION NO. 484:**

24          DOCUMENTS sufficient to show the directory structure of the ZEUS

25  SERVER as it relates to MATTEL's girls toys division.

26

27

28

07209/2200584.1

-16-


EXHIBIT ___4___ PAGE ___150___

**RESPONSE TO REQUEST FOR PRODUCTION NO. 484:**

1
2          In addition to the general objections stated above which are
3  incorporated herein by reference, Mattel objects to this Request on the grounds that
4  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
5  documents on this subject without limitation as to time, and regardless of whether
6  such documents relate to products or matters at issue in this case.  Mattel further
7  objects to the use of the terms "directory structure" and "MATTEL's girls toys
8  division" in this context as vague and ambiguous.  Mattel further objects to the
9  Request on the grounds that it seeks documents that are not relevant to this action or
10 likely to lead to the discovery of admissible evidence.  Mattel further objects to this
11 Request on the grounds that it seeks confidential, proprietary and trade secret
12 information, including such information that has no bearing on the claims or
13 defenses in this case.

14          Subject to and without waiving the foregoing objections, Mattel
15 responds as follows:  Mattel will make available to defendants for inspection and
16 copying tapes from which this information may be derived.

17

18 **REQUEST FOR PRODUCTION NO. 485:**

19          All DOCUMENTS, since January 1, 1999, REFERRING OR
20 RELATING TO YOUR receipt, reproduction, copying, storage, transmission,
21 transfer, retention, destruction, deletion or use of any DOCUMENTS, including but
22 not limited to any compilation of information, that were prepared, made, created,
23 generated, assembled or compiled by or for MGA or any MGA subsidiary, including
24 MGAE de Mexico, S.R.L. de C.V. in Mexico City.

25

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 485:**

27          In addition to the general objections stated above which are
28 incorporated herein by reference, Mattel objects to this Request on the grounds that

07209/2200584.1

-17-

EXHIBIT 4   PAGE 151

1  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2  documents on this subject regardless of whether such documents relate to products

3  or matters at issue in this case.  Mattel further objects to the use of the term "any

4  compilation of information, that were prepared made, created, generated, assembled

5  or compiled by or for MGA or any MGA subsidiary, including MGAE de Mexico,

6  S.R.L. de C.V." in this context as vague and ambiguous.  Mattel further objects to

7  the Request on the grounds that it seeks documents that are not relevant to this

8  action or likely to lead to the discovery of admissible evidence.  Mattel further

9  objects to this Request on the grounds that it seeks confidential, proprietary and

10 trade secret information, including such information that has no bearing on the

11 claims or defenses in this case.  Mattel further objects to this Request on the grounds

12 that it calls for the disclosure of information subject to the attorney-client privilege,

13 the attorney work-product doctrine and other applicable privileges.  Mattel further

14 objects to this Request to the extent it seeks documents already produced by Mattel,

15 including documents stolen by MGA and other defendants.  Such documents will

16 not be produced again.

17      Subject to and without waiving the foregoing objections, Mattel

18 responds as follows:  Mattel will produce such responsive, non-privileged

19 documents that are in Mattel's possession, custody, or control, if any, that Mattel has

20 been able to locate after a diligent search and reasonable inquiry, to the extent not

21 previously produced.

22

23 **REQUEST FOR PRODUCTION NO. 486:**

24      All DOCUMENTS REFERRING OR RELATING TO YOUR or

25 YOUR attorney's or agent's knowledge of or participation in the investigation or

26 search of MGAE de Mexico, S.R.L. de C.V. in Mexico City.

27

28

07209/2200584.1

EXHIBIT 4   PAGE 152

**RESPONSE TO REQUEST FOR PRODUCTION NO. 486:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "YOUR or YOUR attorney's or agent's knowledge of or participation in the investigation or search of MGAE de Mexico, S.R.L. de C.V." in this context as vague and ambiguous. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.

**REQUEST FOR PRODUCTION NO. 487:**

All DOCUMENTS REFERRING OR RELATING TO whether any of the items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 487:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether



EXHIBIT 4   PAGE 153

1   such documents relate to products or matters at issue in this case. Mattel further
2   objects to the Request on the grounds that it seeks documents that are not relevant to
3   this action or likely to lead to the discovery of admissible evidence. Mattel further
4   objects to this Request on the grounds that it seeks confidential, proprietary and
5   trade secret information, including such information that has no bearing on the
6   claims or defenses in this case. Mattel further objects to this Request on the grounds
7   that it calls for the disclosure of information subject to the attorney-client privilege,
8   the attorney work-product doctrine and other applicable privileges. Mattel further
9   objects to this Request to the extent it seeks documents already produced by Mattel,
10  including documents stolen by MGA and other defendants. Such documents will
11  not be produced again.

12        Subject to and without waiving the foregoing objections, Mattel
13  responds as follows: Mattel will produce such responsive, non-privileged
14  documents that are in Mattel's possession, custody, or control, if any, that Mattel has
15  been able to locate after a diligent search and reasonable inquiry, to the extent not
16  previously produced.

17

18  **REQUEST FOR PRODUCTION NO. 488:**

19        All DOCUMENTS REFERRING OR RELATING TO YOUR
20  knowledge that any of the items seized by Mexican authorities from MGAE de
21  Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated,
22  assembled or compiled by or for MGA or any MGA subsidiary.

23

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 488:**

25        In addition to the general objections stated above which are
26  incorporated herein by reference, Mattel objects to this Request on the grounds that
27  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
28  documents on this subject without limitation as to time, and regardless of whether



EXHIBIT 4   PAGE 54

1 | such documents relate to products or matters at issue in this case. Mattel further
2 | objects to the Request on the grounds that it seeks documents that are not relevant to
3 | this action or likely to lead to the discovery of admissible evidence. Mattel further
4 | objects to this Request on the grounds that it seeks confidential, proprietary and
5 | trade secret information, including such information that has no bearing on the
6 | claims or defenses in this case. Mattel further objects to this Request on the grounds
7 | that it calls for the disclosure of information subject to the attorney-client privilege,
8 | the attorney work-product doctrine and other applicable privileges. Mattel further
9 | objects to this Request to the extent it seeks documents already produced by Mattel,
10 | including documents stolen by MGA and other defendants. Such documents will
11 | not be produced again.

12 |

13 | **REQUEST FOR PRODUCTION NO. 489:**

14 | All DOCUMENTS REFERRING OR RELATING TO YOUR or
15 | YOUR attorney's or agent's knowledge of or participation in the seizure of Brisbois'
16 | thumb drive by Canadian law enforcement.

17 |

18 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 489:**

19 | In addition to the general objections stated above which are
20 | incorporated herein by reference, Mattel objects to this Request on the grounds that
21 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
22 | documents on this subject without limitation as to time, and regardless of whether
23 | such documents relate to products or matters at issue in this case. Mattel further
24 | objects to the use of the term "YOUR or YOUR attorney's or agent's knowledge of
25 | or participation in the seizure of Brisbois' thumb drive by Canadian law
26 | enforcement" in this context as vague and ambiguous. Mattel further objects to the
27 | Request on the grounds that it seeks documents that are not relevant to this action or
28 | likely to lead to the discovery of admissible evidence. Mattel further objects to this

07209/2200584.1

-21-


EXHIBIT 4 PAGE 155

1  Request on the grounds that it seeks confidential, proprietary and trade secret
2  information, including such information that has no bearing on the claims or
3  defenses in this case.  Mattel further objects to this Request on the grounds that it
4  calls for the disclosure of information subject to the attorney-client privilege, the
5  attorney work-product doctrine and other applicable privileges.

6

7  **REQUEST FOR PRODUCTION NO. 490:**

8          All DOCUMENTS REFERRING OR RELATING TO whether any of
9  the items seized by Canadian authorities from Brisbois' thumb drive were prepared,
10  made, created, generated, assembled or compiled by or for MGA or any MGA
11  subsidiary.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 490:**

14          In addition to the general objections stated above which are
15  incorporated herein by reference, Mattel objects to this Request on the grounds that
16  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
17  documents on this subject without limitation as to time, and regardless of whether
18  such documents relate to products or matters at issue in this case.  Mattel further
19  objects to the Request on the grounds that it seeks documents that are not relevant to
20  this action or likely to lead to the discovery of admissible evidence.  Mattel further
21  objects to this Request on the grounds that it seeks confidential, proprietary and
22  trade secret information, including such information that has no bearing on the
23  claims or defenses in this case.  Mattel further objects to this Request on the grounds
24  that it calls for the disclosure of information subject to the attorney-client privilege,
25  the attorney work-product doctrine and other applicable privileges.  Mattel further
26  objects to this Request to the extent it seeks documents already produced by Mattel,
27  including documents stolen by MGA and other defendants.  Such documents will
28  not be produced again.

-22-
MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT 4   PAGE 156



1           Subject to and without waiving the foregoing objections, Mattel

2   responds as follows:  Mattel will produce such responsive, non-privileged

3   documents that are in Mattel's possession, custody, or control, if any, that Mattel has

4   been able to locate after a diligent search and reasonable inquiry, to the extent not

5   previously produced.

6

7   **REQUEST FOR PRODUCTION NO. 491:**

8           All DOCUMENTS REFERRING OR RELATING TO YOUR

9   knowledge that any of the items seized by Canadian authorities from Brisbois'

10   thumb drive were prepared, made, created, generated, assembled or compiled by or

11   for MGA or any MGA subsidiary.

12

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 491:**

14           In addition to the general objections stated above which are

15   incorporated herein by reference, Mattel objects to this Request on the grounds that

16   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17   documents on this subject without limitation as to time, and regardless of whether

18   such documents relate to products or matters at issue in this case.  Mattel further

19   objects to the Request on the grounds that it seeks documents that are not relevant to

20   this action or likely to lead to the discovery of admissible evidence.  Mattel further

21   objects to this Request on the grounds that it seeks confidential, proprietary and

22   trade secret information, including such information that has no bearing on the

23   claims or defenses in this case.  Mattel further objects to this Request on the grounds

24   that it calls for the disclosure of information subject to the attorney-client privilege,

25   the attorney work-product doctrine and other applicable privileges.  Mattel further

26   objects to this Request to the extent it seeks documents already produced by Mattel,

27   including documents stolen by MGA and other defendants.  Such documents will

28   not be produced again.

07209/2200584.1

-23-
MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION


EXHIBIT 4 PAGE 157

**REQUEST FOR PRODUCTION NO. 492:**

All DOCUMENTS that REFER OR RELATE TO the retention, destruction, transfer, or use of any information or DOCUMENTS known to or possessed by any current or former MGA employee, freelancer or contractor, including but not limited to Tina Patel, Christopher Hardouin, Margo Eldridge, Charlotte Broussard, and Andrew Gallerani.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 492:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 493:**

All COMMUNICATIONS between YOU and any PERSON REFERRING OR RELATING TO the retention, destruction, transfer, or use of any information or DOCUMENTS known to or possessed by any current or former MGA employee, freelancer or contractor, including but not limited to Tina Patel, Christopher Hardouin, Margo Eldridge, Charlotte Broussard, and Andrew Gallerani.

EXHIBIT 4 PAGE 158

**RESPONSE TO REQUEST FOR PRODUCTION NO. 493:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 494:**

All COMMUNICATIONS between YOU and Tina Patel prior to her date of hire by MATTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 494:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the

07209/2200584.1


EXHIBIT 4 PAGE 159

1   claims or defenses in this case. Mattel further objects to this Request on the grounds
2   that it calls for the disclosure of information subject to the attorney-client privilege,
3   the attorney work-product doctrine and other applicable privileges.
4
5   **REQUEST FOR PRODUCTION NO. 495:**
6            All DOCUMENTS REFERRING OR RELATING TO
7   COMMUNICATIONS between YOU and Tina Patel prior to her date of hire by
8   MATTEL, including but not limited to all calendar entries, phone logs, phone
9   records and notes reflecting such COMMUNICATIONS.
10
11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 495:**
12           In addition to the general objections stated above which are
13  incorporated herein by reference, Mattel objects to this Request on the grounds that
14  it is overbroad and unduly burdensome, including in that it seeks all documents on
15  this subject without limitation as to time, and regardless of whether such documents
16  relate to products, matters, or persons at issue in this case. Mattel further objects to
17  the Request on the grounds that it seeks documents that are not relevant to this
18  action or likely to lead to the discovery of admissible evidence. Mattel further
19  objects to this Request on the grounds that it seeks confidential, proprietary and
20  trade secret information, including such information that has no bearing on the
21  claims or defenses in this case. Mattel further objects to this Request on the grounds
22  that it calls for the disclosure of information subject to the attorney-client privilege,
23  the attorney work-product doctrine and other applicable privileges.
24
25  **REQUEST FOR PRODUCTION NO. 496:**
26           All DOCUMENTS, including but not limited to all
27  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO Tina
28  Patel prior to her date of hire by MATTEL.

07209/2200584.1

-26-

EXHIBIT 4   PAGE 160

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 496:**

2          In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad and unduly burdensome, including in that it seeks all documents on

5  this subject without limitation as to time, and regardless of whether such documents

6  relate to products, matters, or persons at issue in this case.  Mattel further objects to

7  the Request on the grounds that it seeks documents that are not relevant to this

8  action or likely to lead to the discovery of admissible evidence.  Mattel further

9  objects to this Request on the grounds that it seeks confidential, proprietary and

10  trade secret information, including such information that has no bearing on the

11  claims or defenses in this case.  Mattel further objects to this Request on the grounds

12  that it calls for the disclosure of information subject to the attorney-client privilege,

13  the attorney work-product doctrine and other applicable privileges.

14

15  **REQUEST FOR PRODUCTION NO. 497:**

16          All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO Tina

18  Patel's resignation from MGA.

19

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 497:**

21          In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is overbroad and unduly burdensome, including in that it seeks all documents on

24  this subject without limitation as to time, and regardless of whether such documents

25  relate to products, matters, or persons at issue in this case.  Mattel further objects to

26  the Request on the grounds that it seeks documents that are not relevant to this

27  action or likely to lead to the discovery of admissible evidence.  Mattel further

28  objects to this Request on the grounds that it seeks confidential, proprietary and

EXHIBIT 4 PAGE 161

1  trade secret information, including such information that has no bearing on the

2  claims or defenses in this case. Mattel further objects to this Request on the grounds

3  that it calls for the disclosure of information subject to the attorney-client privilege,

4  the attorney work-product doctrine and other applicable privileges.

5

6  **REQUEST FOR PRODUCTION NO. 498:**

7       All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

9  compensation, money or any other item of value paid to Tina Patel, whether directly

10  or indirectly, by YOU.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 498:**

13       In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad and unduly burdensome, including in that it seeks all documents on

16  this subject without limitation as to time, and regardless of whether such documents

17  relate to products, matters, or persons at issue in this case. Mattel further objects to

18  the Request on the grounds that it seeks documents that are not relevant to this

19  action or likely to lead to the discovery of admissible evidence. Mattel further

20  objects to this Request on the grounds that it seeks confidential, proprietary and

21  trade secret information, including such information that has no bearing on the

22  claims or defenses in this case. Mattel further objects to this Request on the grounds

23  that it calls for the disclosure of information subject to the attorney-client privilege,

24  the attorney work-product doctrine and other applicable privileges.

25

26  **REQUEST FOR PRODUCTION NO. 499:**

27       All DOCUMENTS received by YOU, directly or indirectly, from Tina

28  Patel REFERRING OR RELATING TO any MGA product or plan.

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION


EXHIBIT 4   PAGE 162

**RESPONSE TO REQUEST FOR PRODUCTION NO. 499:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "any MGA product or plan" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 500:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that was prepared, made, created, generated, assembled or compiled by or for MGA and that YOU received, directly or indirectly, from Tina Patel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 500:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that


EXHIBIT 4 PAGE 163

1  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2  documents on this subject without limitation as to time, and regardless of whether

3  such documents relate to products or matters at issue in this case. Mattel further

4  objects to the use of the term "any compilation of information, that were prepared

5  made, created, generated, assembled or compiled by or for MGA" in this context as

6  vague and ambiguous. Mattel further objects to the Request on the grounds that it

7  seeks documents that are not relevant to this action or likely to lead to the discovery

8  of admissible evidence. Mattel further objects to this Request on the grounds that it

9  seeks confidential, proprietary and trade secret information, including such

10 information that has no bearing on the claims or defenses in this case. Mattel further

11 objects to this Request on the grounds that it calls for the disclosure of information

12 subject to the attorney-client privilege, the attorney work-product doctrine and other

13 applicable privileges.

14

15 **REQUEST FOR PRODUCTION NO. 501:**

16       A copy of each personnel file maintained or created by YOU

17 REFERRING OR RELATING TO Tina Patel.

18

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 501:**

20       In addition to the general objections stated above which are

21 incorporated herein by reference, Mattel objects to this Request on the grounds that

22 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

23 documents on this subject without limitation as to time, and regardless of whether

24 such documents relate to products, matters, or persons at issue in this case. Mattel

25 further objects to the Request on the grounds that it seeks documents that are not

26 relevant to this action or likely to lead to the discovery of admissible evidence.

27 Mattel further objects to this Request on the grounds that it seeks confidential,

28 proprietary and trade secret information, including such information that has no

07209/2200584.1

-30-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT 4 PAGE 164

1   bearing on the claims or defenses in this case.  Mattel further objects to this Request

2   on the grounds that it calls for the disclosure of information subject to the attorney-

3   client privilege, the attorney work-product doctrine and other applicable privileges.

4

5   **REQUEST FOR PRODUCTION NO. 502:**

6         All DOCUMENTS, including but not limited to all

7   COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

8   in part, by Tina Patel REFERRING OR RELATING TO any of the CONTESTED

9   MGA PRODUCTS.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 502:**

12        In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case.  Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant to

18  this action or likely to lead to the discovery of admissible evidence.  Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information, including such information that has no bearing on the

21  claims or defenses in this case.  Mattel further objects to this Request on the grounds

22  that it calls for the disclosure of information subject to the attorney-client privilege,

23  the attorney work-product doctrine and other applicable privileges.

24        Subject to and without waiving the foregoing objections, Mattel

25  responds as follows:  Mattel will produce such responsive, non-privileged

26  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

27  been able to locate after a diligent search and reasonable inquiry, to the extent not

28  previously produced.

07209/2200584.1

-31-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT 4  PAGE 165

**REQUEST FOR PRODUCTION NO. 503:**

All COMMUNICATIONS between YOU and Christopher Hardouin prior to his date of hire by MATTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 503:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 504:**

All DOCUMENTS REFERRING OR RELATING TO COMMUNICATIONS between YOU and Christopher Hardouin prior to his date of hire by MATTEL, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 504:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on



EXHIBIT __4__ PAGE __66__

1  this subject without limitation as to time, and regardless of whether such documents
2  relate to products, matters, or persons at issue in this case. Mattel further objects to
3  the Request on the grounds that it seeks documents that are not relevant to this
4  action or likely to lead to the discovery of admissible evidence. Mattel further
5  objects to this Request on the grounds that it seeks confidential, proprietary and
6  trade secret information, including such information that has no bearing on the
7  claims or defenses in this case. Mattel further objects to this Request on the grounds
8  that it calls for the disclosure of information subject to the attorney-client privilege,
9  the attorney work-product doctrine and other applicable privileges.

10

11  **REQUEST FOR PRODUCTION NO. 505:**

12         All DOCUMENTS, including but not limited to all

13  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

14  Christopher Hardouin prior to his date of hire by MATTEL.

15

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 505:**

17         In addition to the general objections stated above which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it is overbroad and unduly burdensome, including in that it seeks all documents on

20  this subject without limitation as to time, and regardless of whether such documents

21  relate to products, matters, or persons at issue in this case. Mattel further objects to

22  the Request on the grounds that it seeks documents that are not relevant to this

23  action or likely to lead to the discovery of admissible evidence. Mattel further

24  objects to this Request on the grounds that it seeks confidential, proprietary and

25  trade secret information, including such information that has no bearing on the

26  claims or defenses in this case. Mattel further objects to this Request on the grounds

27  that it calls for the disclosure of information subject to the attorney-client privilege,

28  the attorney work-product doctrine and other applicable privileges.

-33-
MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION


EXHIBIT 4   PAGE 167

1  **REQUEST FOR PRODUCTION NO. 506:**

2          All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

4  Christopher Hardouin's resignation from MGA.

5

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 506:**

7          In addition to the general objections stated above which are

8  incorporated herein by reference, Mattel objects to this Request on the grounds that

9  it is overbroad and unduly burdensome, including in that it seeks all documents on

10  this subject without limitation as to time, and regardless of whether such documents

11  relate to products, matters, or persons at issue in this case.  Mattel further objects to

12  the Request on the grounds that it seeks documents that are not relevant to this

13  action or likely to lead to the discovery of admissible evidence.  Mattel further

14  objects to this Request on the grounds that it seeks confidential, proprietary and

15  trade secret information, including such information that has no bearing on the

16  claims or defenses in this case.  Mattel further objects to this Request on the grounds

17  that it calls for the disclosure of information subject to the attorney-client privilege,

18  the attorney work-product doctrine and other applicable privileges.

19

20  **REQUEST FOR PRODUCTION NO. 507:**

21          All DOCUMENTS, including but not limited to all

22  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

23  compensation, money or any other item of value paid to Christopher Hardouin,

24  whether directly or indirectly, by YOU.

25

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 507:**

27          In addition to the general objections stated above which are

28  incorporated herein by reference, Mattel objects to this Request on the grounds that



EXHIBIT __4__ PAGE 148

1 | it is overbroad and unduly burdensome, including in that it seeks all documents on
2 | this subject without limitation as to time, and regardless of whether such documents
3 | relate to products, matters, or persons at issue in this case. Mattel further objects to
4 | the Request on the grounds that it seeks documents that are not relevant to this
5 | action or likely to lead to the discovery of admissible evidence. Mattel further
6 | objects to this Request on the grounds that it seeks confidential, proprietary and
7 | trade secret information, including such information that has no bearing on the
8 | claims or defenses in this case. Mattel further objects to this Request on the grounds
9 | that it calls for the disclosure of information subject to the attorney-client privilege,
10 | the attorney work-product doctrine and other applicable privileges.

11 |

12 | **REQUEST FOR PRODUCTION NO. 508:**

13 | All DOCUMENTS received by YOU, directly or indirectly, from
14 | Christopher Hardouin REFERRING OR RELATING TO any MGA product or plan.

15 |

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 508:**

17 | In addition to the general objections stated above which are
18 | incorporated herein by reference, Mattel objects to this Request on the grounds that
19 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
20 | documents on this subject without limitation as to time, and regardless of whether
21 | such documents relate to products or matters at issue in this case. Mattel further
22 | objects to the use of the term "MGA product or plan" in this context as vague and
23 | ambiguous. Mattel further objects to the Request on the grounds that it seeks
24 | documents that are not relevant to this action or likely to lead to the discovery of
25 | admissible evidence. Mattel further objects to this Request on the grounds that it
26 | seeks confidential, proprietary and trade secret information, including such
27 | information that has no bearing on the claims or defenses in this case. Mattel further
28 | objects to this Request on the grounds that it calls for the disclosure of information

07209/2200584.1

-35-

EXHIBIT 4 PAGE 69

1 │ subject to the attorney-client privilege, the attorney work-product doctrine and other
2 │ applicable privileges.

3

4 │ **REQUEST FOR PRODUCTION NO. 509:**

5 │ All DOCUMENTS, including but not limited to all
6 │ COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO
7 │ YOUR receipt, reproduction, copying, storage, transmission, transfer, retention,
8 │ destruction, deletion or use of any DOCUMENTS, data and/or information,
9 │ including but not limited to any compilation of information, that was prepared,
10 │ made, created, generated, assembled or compiled by or for MGA and that YOU
11 │ received, directly or indirectly, from Christopher Hardouin.

12

13 │ **RESPONSE TO REQUEST FOR PRODUCTION NO. 509:**

14 │ In addition to the general objections stated above which are
15 │ incorporated herein by reference, Mattel objects to this Request on the grounds that
16 │ it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
17 │ documents on this subject without limitation as to time, and regardless of whether
18 │ such documents relate to products or matters at issue in this case. Mattel further
19 │ objects to the Request on the grounds that it seeks documents that are not relevant to
20 │ this action or likely to lead to the discovery of admissible evidence. Mattel further
21 │ objects to this Request on the grounds that it seeks confidential, proprietary and
22 │ trade secret information, including such information that has no bearing on the
23 │ claims or defenses in this case. Mattel further objects to this Request on the grounds
24 │ that it calls for the disclosure of information subject to the attorney-client privilege,
25 │ the attorney work-product doctrine and other applicable privileges.

26

27

28

07209/2200584.1


EXHIBIT 4 PAGE 170

**REQUEST FOR PRODUCTION NO. 510:**

A copy of each personnel file maintained or created by YOU REFERRING OR RELATING TO Christopher Hardouin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 510:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 511:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or in part, by Christopher Hardouin REFERRING OR RELATING TO any of the CONTESTED MGA PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 511:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

07209/2200584.1

-37-



EXHIBIT 4 PAGE 171

1  documents on this subject without limitation as to time, and regardless of whether

2  such documents relate to products or matters at issue in this case.  Mattel further

3  objects to the Request on the grounds that it seeks documents that are not relevant to

4  this action or likely to lead to the discovery of admissible evidence.  Mattel further

5  objects to this Request on the grounds that it seeks confidential, proprietary and

6  trade secret information, including such information that has no bearing on the

7  claims or defenses in this case.  Mattel further objects to this Request on the grounds

8  that it calls for the disclosure of information subject to the attorney-client privilege,

9  the attorney work-product doctrine and other applicable privileges.

10

11  **REQUEST FOR PRODUCTION NO. 512:**

12          All DOCUMENTS REFERRING OR RELATING TO the creation,

13  origins or sources of inspiration of "POLLY POCKET COLOR SURPRISE

14  POLLY" including, without limitation, the creation, origins or sources of inspiration

15  of the pose of "POLLY POCKET COLOR SURPRISE POLLY."

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 512:**

18          In addition to the general objections stated above which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

21  documents on this subject without limitation as to time, and regardless of whether

22  such documents relate to products or matters at issue in this case.  Mattel further

23  objects to the Request on the grounds that it seeks documents that are not relevant to

24  this action or likely to lead to the discovery of admissible evidence.  Mattel further

25  objects to this Request on the grounds that it seeks confidential, proprietary and

26  trade secret information, including such information that has no bearing on the

27  claims or defenses in this case.  Mattel further objects to this Request on the grounds

28  that it calls for the disclosure of information subject to the attorney-client privilege,



EXHIBIT 4    PAGE 172

1 | the attorney work-product doctrine and other applicable privileges. Mattel further
2 | objects on the ground that this Request seeks to circumvent the Discovery Master's
3 | Orders of April 19, 2007, and May 22, 2007.

4

5 | **REQUEST FOR PRODUCTION NO. 513:**

6 | All DOCUMENTS REFERRING OR RELATING TO any similarity
7 | or dissimilarity between "POLLY POCKET COLOR SURPRISE POLLY" and any
8 | MGA product (whether released or unreleased) known to YOU, including but not
9 | limited to any similarity or dissimilarity between the pose of "POLLY POCKET
10 | COLOR SURPRISE POLLY" and the pose of any MGA product known to YOU.

11

12 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 513:**

13 | In addition to the general objections stated above which are
14 | incorporated herein by reference, Mattel objects to this Request on the grounds that
15 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
16 | documents on this subject without limitation as to time, and regardless of whether
17 | such documents relate to products or matters at issue in this case. Mattel further
18 | objects to the Request on the grounds that it seeks documents that are not relevant to
19 | this action or likely to lead to the discovery of admissible evidence. Mattel further
20 | objects to this Request on the grounds that it seeks confidential, proprietary and
21 | trade secret information, including such information that has no bearing on the
22 | claims or defenses in this case. Mattel further objects to this Request on the grounds
23 | that it calls for the disclosure of information subject to the attorney-client privilege,
24 | the attorney work-product doctrine and other applicable privileges. Mattel further
25 | objects on the ground that this Request seeks to circumvent the Discovery Master's
26 | Orders of April 19, 2007, and May 22, 2007.

27

28

07209/2200584.1

-39-

EXHIBIT 4 PAGE 173

1    **REQUEST FOR PRODUCTION NO. 514:**

2          All DOCUMENTS REFERRING OR RELATING TO whether the

3    appearance or pose of "POLLY POCKET COLOR SURPRISE POLLY" copies,

4    replicates, or in any way imitates the appearance or pose of any MGA product

5    (whether released or unreleased) known to YOU.

6

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 514:**

8          In addition to the general objections stated above which are

9    incorporated herein by reference, Mattel objects to this Request on the grounds that

10   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

11   documents on this subject without limitation as to time, and regardless of whether

12   such documents relate to products or matters at issue in this case. Mattel further

13   objects to the Request on the grounds that it seeks documents that are not relevant to

14   this action or likely to lead to the discovery of admissible evidence. Mattel further

15   objects to this Request on the grounds that it seeks confidential, proprietary and

16   trade secret information, including such information that has no bearing on the

17   claims or defenses in this case. Mattel further objects to this Request on the grounds

18   that it calls for the disclosure of information subject to the attorney-client privilege,

19   the attorney work-product doctrine and other applicable privileges.   Mattel further

20   objects on the ground that this Request seeks to circumvent the Discovery Master's

21   Orders of April 19, 2007, and May 22, 2007.

22

23   **REQUEST FOR PRODUCTION NO. 515:**

24          DOCUMENTS, including but not limited to organizational charts,

25   sufficient to identify (by name and job function) all current and former MATTEL

26   personnel and/or freelancers comprising the primary team that worked on the

27   creation, design and development of "POLLY POCKET COLOR SURPRISE

28   POLLY."

-40-



EXHIBIT 4   PAGE 174

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 515:**

2          In addition to the general objections stated above which are

3 incorporated herein by reference, Mattel objects to this Request on the grounds that

4 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 documents on this subject without limitation as to time, and regardless of whether

6 such documents relate to products or matters at issue in this case. Mattel further

7 objects to the Request on the grounds that it seeks documents that are not relevant to

8 this action or likely to lead to the discovery of admissible evidence. Mattel further

9 objects to this Request on the grounds that it seeks confidential, proprietary and

10 trade secret information, including such information that has no bearing on the

11 claims or defenses in this case. Mattel further objects to this Request on the grounds

12 that it calls for the disclosure of information subject to the attorney-client privilege,

13 the attorney work-product doctrine and other applicable privileges. Mattel further

14 objects on the ground that this Request seeks to circumvent the Discovery Master's

15 Orders of April 19, 2007, and May 22, 2007.

16

17 **REQUEST FOR PRODUCTION NO. 516:**

18          All DOCUMENTS REFERRING OR RELATING TO YOUR efforts

19 to institute a litigation hold in response to the litigation originally captioned *Mattel,*

20 *Inc. v. Bryant.*, Case No. CV 04-9059 SGL (RNBx).

21

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 516:**

23          In addition to the general objections stated above which are

24 incorporated herein by reference, Mattel objects to this Request on the grounds that

25 it is overbroad and unduly burdensome. Mattel further objects on the ground that

26 this Request duplicates prior Requests by MGA, and is clearly designed to burden

27 and harass. Mattel further objects to the Request on the grounds that it seeks

28 documents that are not relevant to this action or likely to lead to the discovery of

07209/2200584.1

-41-

EXHIBIT 4 PAGE 175

1 admissible evidence. Mattel further objects to this Request on the grounds that it

2 calls for the disclosure of information subject to the attorney-client privilege, the

3 attorney work-product doctrine and other applicable privileges.

4 　　　　　　　　Subject to and without waiving the foregoing objections, Mattel

5 responds as follows: Mattel will produce one or more affidavits setting forth its

6 preservation efforts and policies with respect to the present litigation, as required by

7 Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,

8 2007.

9

10 **REQUEST FOR PRODUCTION NO. 517:**

11 　　　　　　　　All DOCUMENTS REFERRING OR RELATING TO YOUR efforts

12 to institute a litigation hold in response to the litigation originally captioned *MGA*

13 *Entertainment, Inc. v. Mattel, Inc.*, Case No. CV 05-02727 SGL (RNBx).

14

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 517:**

16 　　　　　　　　In addition to the general objections stated above which are

17 incorporated herein by reference, Mattel objects to this Request on the grounds that

18 it is overbroad and unduly burdensome. Mattel further objects on the ground that

19 this Request duplicates prior Requests by MGA, and is clearly designed to burden

20 and harass. Mattel further objects to the Request on the grounds that it seeks

21 documents that are not relevant to this action or likely to lead to the discovery of

22 admissible evidence. Mattel further objects to this Request on the grounds that it

23 calls for the disclosure of information subject to the attorney-client privilege, the

24 attorney work-product doctrine and other applicable privileges.

25 　　　　　　　　Subject to and without waiving the foregoing objections, Mattel

26 responds as follows: Mattel will produce one or more affidavits setting forth its

27 preservation efforts and policies with respect to the present litigation, as required by

28

-42-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION



EXHIBIT 4 PAGE 174

1   Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,

2   2007.

3

4   **REQUEST FOR PRODUCTION NO. 518:**

5           All DOCUMENTS REFERRING OR RELATING TO YOUR efforts

6   to institute a litigation hold in response to the litigation originally captioned *Bryant*

7   *v. Mattel, Inc.*, Case No. CV 04-9049 SGL (RNBx).

8

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 518:**

10          In addition to the general objections stated above which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it is overbroad and unduly burdensome.  Mattel further objects on the ground that

13  this Request duplicates prior Requests by MGA, and is clearly designed to burden

14  and harass.  Mattel further objects to the Request on the grounds that it seeks

15  documents that are not relevant to this action or likely to lead to the discovery of

16  admissible evidence.  Mattel further objects to this Request on the grounds that it

17  calls for the disclosure of information subject to the attorney-client privilege, the

18  attorney work-product doctrine and other applicable privileges.

19          Subject to and without waiving the foregoing objections, Mattel

20  responds as follows:  Mattel will produce one or more affidavits setting forth its

21  preservation efforts and policies with respect to the present litigation, as required by

22  Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,

23  2007.

24

25  **REQUEST FOR PRODUCTION NO. 519:**

26          All COMMUNICATIONS between YOU and the toy manufacturer

27  JETTA REFERRING OR RELATING to MGA, BRATZ or LARIAN.

28

07209/2200584.1

-43-

EXHIBIT 4   PAGE 77

**RESPONSE TO REQUEST FOR PRODUCTION NO. 519:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

**REQUEST FOR PRODUCTION NO. 520:**

All COMMUNICATIONS between YOU and EARLY LIGHT, including but not limited to Francis Choi, Wilson Ng, and Carmen Choi, REFERRING OR RELATING to MGA, BRATZ or LARIAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 520:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or

-44-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION



EXHIBIT 4 PAGE 178

1  defenses in this case. Mattel further objects on the ground that this Request seeks to

2  circumvent the Discovery Master's Order dated May 22, 2007.

3

4  **REQUEST FOR PRODUCTION NO. 521:**

5      All COMMUNICATIONS between YOU and ASAHI REFERRING

6  OR RELATING to MGA, BRATZ or LARIAN.

7

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 521:**

9      In addition to the general objections stated above which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds that

11  it is overbroad and unduly burdensome, including in that it seeks all documents on

12  this subject without limitation as to time, and regardless of whether such documents

13  relate to products or matters at issue in this case. Mattel further objects to the

14  Request on the grounds that it seeks documents that are not relevant to this action or

15  likely to lead to the discovery of admissible evidence. Mattel further objects to this

16  Request on the grounds that it seeks confidential, proprietary and trade secret

17  information, including such information that has no bearing on the claims or

18  defenses in this case. Mattel further objects on the ground that this Request seeks to

19  circumvent the Discovery Master's Order dated May 22, 2007.

20

21  **REQUEST FOR PRODUCTION NO. 522:**

22      All COMMUNICATIONS between YOU and UNIVERSAL

23  REFERRING OR RELATING to MGA, BRATZ or LARIAN.

24

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 522:**

26      In addition to the general objections stated above which are

27  incorporated herein by reference, Mattel objects to this Request on the grounds that

28  it is overbroad and unduly burdensome, including in that it seeks all documents on

07209/2200584.1

-45-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION


EXHIBIT __4__ PAGE 79

1  this subject without limitation as to time, and regardless of whether such documents

2  relate to products or matters at issue in this case. Mattel further objects to the

3  Request on the grounds that it seeks documents that are not relevant to this action or

4  likely to lead to the discovery of admissible evidence. Mattel further objects to this

5  Request on the grounds that it seeks confidential, proprietary and trade secret

6  information, including such information that has no bearing on the claims or

7  defenses in this case. Mattel further objects on the ground that this Request seeks to

8  circumvent the Discovery Master's Order dated May 22, 2007.

9

10  **REQUEST FOR PRODUCTION NO. 523:**

11        All COMMUNICATIONS between YOU and KANEKA REFERRING

12  OR RELATING to MGA, BRATZ or LARIAN.

13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 523:**

15        In addition to the general objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it is overbroad and unduly burdensome, including in that it seeks all documents on

18  this subject without limitation as to time, and regardless of whether such documents

19  relate to products or matters at issue in this case. Mattel further objects to the

20  Request on the grounds that it seeks documents that are not relevant to this action or

21  likely to lead to the discovery of admissible evidence. Mattel further objects to this

22  Request on the grounds that it seeks confidential, proprietary and trade secret

23  information, including such information that has no bearing on the claims or

24  defenses in this case. Mattel further objects on the ground that this Request seeks to

25  circumvent the Discovery Master's Order dated May 22, 2007.

26

27

28

07209/2200584.1

-46-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION


EXHIBIT 4   PAGE 180

**REQUEST FOR PRODUCTION NO. 524:**

All COMMUNICATIONS between YOU and FILO REFERRING OR RELATING to MGA, BRATZ or LARIAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 524:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

**REQUEST FOR PRODUCTION NO. 525:**

Copies of all producers' affidavits for any ADVERTISEMENT for MY SCENE or ACCELERACERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 525:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the terms "producers' affidavits" in this context as vague and


EXHIBIT 4   PAGE 61

1  ambiguous. Mattel further objects to the Request on the grounds that it seeks

2  documents that are not relevant to this action or likely to lead to the discovery of

3  admissible evidence. Mattel further objects to this Request on the grounds that it

4  seeks confidential, proprietary and trade secret information, including such

5  information that has no bearing on the claims or defenses in this case.

6          Subject to and without waiving the foregoing objections, Mattel

7  responds as follows: Mattel will produce such responsive, non-privileged

8  documents relating to those advertisements placed at issue in this litigation that are

9  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

10  after a diligent search and reasonable inquiry, to the extent not previously produced.

11

12  **REQUEST FOR PRODUCTION NO. 526:**

13          All DOCUMENTS that constitute COMMUNICATIONS between

14  YOU (including YOUR agents and attorneys) and law enforcement authorities in

15  Mexico, Canada or the United States, including but not limited to the United States

16  Attorney's Office, the Department of Justice and any national, regional, state or local

17  authorities, concerning any of the allegations in YOUR COUNTERCLAIMS or any

18  other alleged taking of confidential MATTEL information by MGA or persons

19  currently or formerly employed by MGA.

20

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 526:**

22          In addition to the general objections stated above which are

23  incorporated herein by reference, Mattel objects to this Request on the grounds that

24  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

25  documents on this subject without limitation as to time, and regardless of whether

26  such documents relate to products or matters at issue in this case. Mattel further

27  objects on the ground that this Request duplicates prior Requests by MGA, and is

28  clearly designed to burden and harass. Mattel further objects to the Request on the

-48-



EXHIBIT 4  PAGE 182

1 | grounds that it seeks documents that are not relevant to this action or likely to lead
2 | to the discovery of admissible evidence. Mattel further objects to this Request on
3 | the grounds that it seeks confidential, proprietary and trade secret information,
4 | including such information that has no bearing on the claims or defenses in this
5 | case.

6 |         Subject to and without waiving the foregoing objections, Mattel
7 | responds as follows: Mattel will produce such responsive, non-privileged
8 | documents that are in Mattel's possession, custody, or control, if any, that Mattel has
9 | been able to locate after a diligent search and reasonable inquiry, to the extent not
10 | previously produced.

11 |

12 | **REQUEST FOR PRODUCTION NO. 527:**

13 |         All DOCUMENTS REFERRING OR RELATING TO Board of
14 | Directors meetings in which MGA, BRATZ, LARIAN, Mel Woods, Ron Brawer,
15 | Janine Brisbois, Carlos Custavo Machado Gomez, Mariana Trueba Almada, or
16 | Pablo Vargas San Jose were discussed, including, but not limited to, meeting
17 | minutes, notes and memoranda.

18 |

19 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 527:**

20 |         In addition to the general objections stated above which are
21 | incorporated herein by reference, Mattel objects to this Request on the grounds that
22 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
23 | documents on this subject without limitation as to time, and regardless of whether
24 | such documents relate to products or matters at issue in this case. Mattel further
25 | objects to the Request on the grounds that it seeks documents that are not relevant to
26 | this action or likely to lead to the discovery of admissible evidence. Mattel further
27 | objects to this Request on the grounds that it seeks confidential, proprietary and
28 | trade secret information, including such information that has no bearing on the

-49-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT 4   PAGE 183

1 | claims or defenses in this case. Mattel further objects to this Request on the grounds

2 | that it calls for the disclosure of information subject to the attorney-client privilege,

3 | the attorney work-product doctrine and other applicable privileges.

·4

5 | **REQUEST FOR PRODUCTION NO. 528:**

6 |        All DOCUMENTS that YOU (including YOUR agents and attorneys)

7 | provided to law enforcement authorities in Mexico, Canada or the United States,

8 | including but not limited to the United States Attorney's Office, the Department of

9 | Justice and any national, regional, state or local authorities, concerning any of the

10 | allegations in YOUR COUNTERCLAIMS or any other alleged taking of

11 | confidential MATTEL information by MGA or persons currently or formerly

12 | employed by MGA.

13

14 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 528:**

15 |        In addition to the general objections stated above which are

16 | incorporated herein by reference, Mattel objects to this Request on the grounds that

17 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

18 | documents on this subject without limitation as to time, and regardless of whether

19 | such documents relate to products or matters at issue in this case. Mattel further

20 | objects to the Request on the grounds that it seeks documents that are not relevant to

21 | this action or likely to lead to the discovery of admissible evidence. Mattel further

22 | objects to this Request on the grounds that it seeks confidential, proprietary and

23 | trade secret information, including such information that has no bearing on the

24 | claims or defenses in this case.

25

26 | **REQUEST FOR PRODUCTION NO. 529:**

27 |        All DOCUMENTS that support the information and belief alleged in

28 | paragraphs 42, 43, 47, 49, 51, 52, 68, 74 and 77 of YOUR COUNTERCLAIMS.

EXHIBIT ___4___ PAGE _184_

**RESPONSE TO REQUEST FOR PRODUCTION NO. 529:**

1  
2            In addition to the general objections stated above which are  
3  incorporated herein by reference, Mattel objects to this Request on the grounds that  
4  it is overbroad and unduly burdensome.  Mattel further objects to this Request on  
5  the grounds that it calls for the disclosure of information subject to the attorney-  
6  client privilege, the attorney work-product doctrine and other applicable privileges.  
7            Subject to and without waiving the foregoing objections, Mattel  
8  responds as follows:  Mattel will produce such responsive, non-privileged  
9  documents that are in Mattel's possession, custody, or control, if any, that Mattel has  
10 been able to locate after a diligent search and reasonable inquiry, to the extent not  
11 previously produced.  
12  

13 **REQUEST FOR PRODUCTION NO. 530:**  
14            All DOCUMENTS, including but not limited to agreements, draft  
15 agreements and correspondence, REFERRING OR RELATING TO the payment or  
16 offer of payment of attorneys fees by MATTEL to any PERSON in connection this  
17 ACTION.  
18  

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 530:**  
20            In addition to the general objections stated above which are  
21 incorporated herein by reference, Mattel objects to this Request on the grounds that  
22 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all  
23 documents on this subject without limitation as to time, and regardless of whether  
24 such documents relate to products or matters at issue in this case.  Mattel further  
25 objects to the Request on the grounds that it seeks documents that are not relevant to  
26 this action or likely to lead to the discovery of admissible evidence.  Mattel further  
27 objects to this Request on the grounds that it calls for the disclosure of information  
28  

-51-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT  4  PAGE 185

1 | subject to the attorney-client privilege, joint defense privilege, the attorney work-
2 | product doctrine and other applicable privileges.
3 |        Subject to and without waiving the foregoing objections, Mattel
4 | responds as follows:  Mattel will produce such responsive, non-privileged
5 | documents that are in Mattel's possession, custody, or control, if any, that Mattel has
6 | been able to locate after a diligent search and reasonable inquiry, to the extent not
7 | previously produced.
8 |
9 | **REQUEST FOR PRODUCTION NO. 531:**
10 |        DOCUMENTS sufficient to show YOUR fee arrangement with YOUR
11 | counsel Quinn Emanuel Urquhart Oliver & Hedges LLP for services in connection
12 | with this ACTION, including, but not limited to, a copy of the fee agreement or
13 | retainer agreement between YOU and Quinn Emanuel Urquhart Oliver & Hedges
14 | LLP.
15 | /
16 | /
17 | /
18 | /
19 | /
20 | /
21 | /
22 | /
23 | /
24 | /
25 | /
26 | /
27 | /
28 | /

07209/2200584.1

-52-

EXHIBIT 4 PAGE 186

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 531:**

2 |     In addition to the general objections stated above which are

3 | incorporated herein by reference, Mattel objects to this Request on the grounds that

4 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 | documents on this subject without limitation as to time, and regardless of whether

6 | such documents relate to products or matters at issue in this case. Mattel further

7 | objects to the Request on the grounds that it seeks documents that are not relevant to

8 | this action or likely to lead to the discovery of admissible evidence. Mattel further

9 | objects to this Request on the grounds that it calls for the disclosure of information

10 | subject to the attorney-client privilege, the attorney work-product doctrine and other

11 | applicable privileges.

12 |

13 | DATED: September 4, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

14 |

15 |                                 By

16 |                                    Timothy L. Alger
                                       Attorneys for Plaintiff and
17 |                                    Counter-Defendant Mattel

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

07209/2200584.1

-53-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT 4 PAGE 187

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On September 4, 2007, I served true copies of the following document(s) described as **MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION** on the parties in this action as follows:

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
*Attorneys for Carter Bryant*

Diana M. Torres, Esq.
**O'MELVENY & MYERS, LLP**
400 S. Hope Street
Los Angeles, CA 90071
*Attorneys for MGA Entertainment, Inc.*

Patricia Glaser, Esq.
**Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP**
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
*Attorney for MGA Entertainment*

James Spertus
**Law Offices of James W. Spertus**
12100 Wilshire Blvd., Suite 620
Los Angeles, CA 90025

**BY U.S. MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 4, 2007, at Los Angeles, California.

Cyrus Naim

07209/2207468.1

EXHIBIT 4 PAGE 188

**EXHIBIT 5**

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 090378)
      johnquinn@quinnemanuel.com
3     Michael T. Zeller (Bar No. 196417)
      michaelzeller@quinnemanuel.com
4     Jon D. Corey (Bar No. 185066)
      (joncorey@quinnemanuel.com)
5     Timothy L. Alger (Bar No. 160303)
      timalger@quinnemanuel.com
6   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
7   Telephone:   (213) 443-3000
    Facsimile:   (213) 443-3100
8
    Attorneys for Plaintiff and
9   Counter-Defendant Mattel

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

14                                       Consolidated with:
              Plaintiff,                 Case No. CV 04-09059
15                                       Case No. CV 05-02727

16        v.                             MATTEL'S CORRECTED
                                         RESPONSES TO MGA'S FIFTH SET
17  MATTEL, INC., a Delaware             OF REQUESTS FOR PRODUCTION
    Corporation,
18                                       Hon. Stephen G. Larson

19            Defendant.

20

21  AND CONSOLIDATED ACTIONS

22

23  PROPOUNDING PARTY:     MGA ENTERTAINMENT, INC.

24  RESPONDING PARTY:      MATTEL, INC.

25  SET NO.:               FIVE

26  NOS.                   470 - 531

27

28                              EXHIBIT 5   PAGE 189

1-9

## Preliminary Statement

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") Fifth Set of Requests for Production of Documents and Things in Case No. 05-2727 (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

## General Objections

Mattel generally objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1.    Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the <u>Federal Rules of Civil Procedure</u>.

2.    Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work product doctrine, the right to privacy as set forth in the United States and/or California Constitutions, or any other applicable law, privilege, immunity, doctrine or other ground of privilege. Mattel will not produce such privileged documents.

EXHIBIT 5 PAGE 190

209/2200584.1

1        3.     Mattel objects to the Requests on the grounds and to the extent

2 they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

3        4.     Mattel objects to the Requests on the grounds and to the extent

4 they seek information which is not relevant to the subject matter of this action nor

5 reasonably calculated to lead to the discovery of admissible evidence.

6        5.     Mattel objects to the Requests on the grounds and to the extent

7 they seek documents equally or more available to, or already in the possession,

8 custody or control of MGA and/or Carter Bryant.

9        6.     Mattel objects to the Requests on the grounds and to the extent

10 they seek documents not in Mattel's possession, custody or control.

11        7.     Mattel objects to the Requests on the grounds that they are

12 unduly burdensome and vague and ambiguous in that they purport to require Mattel

13 to identify and produce documents relating to matters that are currently known to

14 and in the possession, custody and control of defendants and third parties, including

15 third parties associated with defendants, and that are not known to Mattel.

16        8.     Mattel objects to the Requests on the grounds that they seek the

17 production of documents or information that are in the possession, custody and

18 control of independent parties over whom Mattel has no control, including without

19 limitation defendants, and seek the disclosure of information or documents that are

20 in the possession, custody and control of defendants or are publicly available and

21 hence equally available to all parties to this litigation.

22        9.     Mattel objects to the Requests on the ground and to the extent

23 they seek trade secret, proprietary or otherwise confidential information of Mattel or

24 third parties or would violate the terms of any agreement or contracts with third

25 parties. Any such documents that are produced, if any, will be produced only

26 pursuant to and in reliance upon the Protective Order entered in this case.

27        10.     Mattel objects to the Requests on the grounds that the definitions

28 of the terms "ADVERTISEMENT," "ACCELERACERS," "BRATZ,"

-2-

EXHIBIT S    PAGE 191

1   "CONTESTED MGA PRODUCTS," "DIVA STARZ," "FISHER-PRICE,"

2   "MATTEL," "MGA," "MY SCENE," and "POLLY POCKET COLOR SURPRISE

3   POLLY" are overbroad, vague and ambiguous, unduly burdensome, and extend

4   beyond those products and matters placed at issue in this litigation.

5          11.    Mattel objects to each and every Request that seeks "all"

6   documents which constitute, mention, refer or relate to a given topic on the grounds

7   of undue burden and oppression.  Mattel will make available for inspection and

8   copying those documents and tangible items, if any, that it is able to locate after a

9   reasonable, good-faith search for and review of non-privileged responsive

10  documents.

11         12.    Mattel objects to the Requests on the grounds that they seek

12  information about matters that are not within the subject matter jurisdiction of the

13  Court.  Production by Mattel, if any, will be limited to those matters within the

14  Court's jurisdiction, and only in the event and to the extent that it is permitted by or

15  otherwise in compliance with foreign laws limiting disclosure and discovery and

16  only in the event and to the extent that the documents are within Mattel's possession,

17  custody or control pursuant to governing law.

18         13.    Mattel objects to each and every Request to the extent that it

19  seeks documents already produced in this action.  Documents which have already

20  been produced will not be produced again in response to these Requests.

21         14.    Objection to the production of any document or category of

22  documents described in the Requests, or agreement to produce any such documents,

23  is not and shall not be construed as an admission by Mattel that any such documents

24  or category of documents exist.  Where the responses indicate that Mattel will

25  produce such responsive documents, such documents, if any, will be produced if and

26  to the extent any such documents are in Mattel's possession, custody or control.

27         15.    Mattel objects to the time, place and manner of production

28  specified in the Requests.  Mattel will produce such responsive, non-privileged

EXHIBIT S PAGE 192

-3-

1   documents and tangible things, if any and to the extent not previously produced, in

2   accordance with its responses at a time and place and in a manner that is reasonable,

3   convenient and mutually agreed upon by the parties.

4

5                    **RESPONSES TO REQUESTS FOR PRODUCTION**

6                    Each of the following objections and responses to the Requests is

7   expressly made subject to the above Preliminary Statement and General Objections,

8   all of which are incorporated in each of the following objections and responses to

9   specific Requests.  A statement that Mattel will produce documents or tangible

10  things in response to a Request is not intended to suggest, nor should it be construed

11  to mean, that any such documents or tangible things exist, or that they are in Mattel's

12  possession, custody or control.

13

14  **REQUEST FOR PRODUCTION NO. 470:**

15                    All DOCUMENTS REFERRING OR RELATING TO any claims

16  and/or litigation that MATTEL or FISHER-PRICE has brought or considered

17  bringing against any PERSON regarding infringement of MY SCENE, DIVA

18  STARZ, or any other intellectual property including, but not limited to, cease and

19  desist letters.

20

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 470:**

22                    In addition to the general objections stated above which are

23  incorporated herein by reference, Mattel objects to this Request on the grounds that

24  it is overbroad and unduly burdensome, including in that it seeks all documents on

25  this subject without limitation as to time, and regardless of whether such documents

26  relate to products or matters at issue in this case.  Mattel further objects to the use of

27  the terms "any claims and/or litigation," "brought or considered bringing," and

28  "regarding infringement" in this context as vague and ambiguous.  Mattel further

EXHIBIT 5   PAGE 192

'209/2200584.1

-4-

1  objects to the Request on the grounds that it seeks documents that are not relevant to

2  this action or likely to lead to the discovery of admissible evidence. Mattel further

3  objects to this Request on the grounds that it seeks confidential, proprietary and

4  trade secret information, including such information that has no bearing on the

5  claims or defenses in this case. Mattel further objects to this Request on the grounds

6  that it calls for the disclosure of information subject to the attorney-client privilege,

7  the attorney work-product doctrine and other applicable privileges.

8

9  **REQUEST FOR PRODUCTION NO. 471:**

10         All DOCUMENTS REFERRING OR RELATING TO any claims,

11  threat of litigation and/or litigation that any PERSON has asserted against MATTEL

12  regarding infringement by MY SCENE or DIVA STARZ, including, but not limited

13  to, cease and desist letters.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 471:**

16         In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it is overbroad and unduly burdensome, including in that it seeks all documents on

19  this subject without limitation as to time, and regardless of whether such documents

20  relate to products or matters at issue in this case. Mattel further objects to the use of

21  the terms "any claims, threat of litigation and/or litigation" and "regarding

22  infringement" in this context as vague and ambiguous. Mattel further objects to the

23  Request on the grounds that it seeks documents that are not relevant to this action or

24  likely to lead to the discovery of admissible evidence. Mattel further objects to this

25  Request on the grounds that it seeks confidential, proprietary and trade secret

26  information, including such information that has no bearing on the claims or

27  defenses in this case. Mattel further objects to this Request on the grounds that it

28

EXHIBIT 5   PAGE 194

-5-

1 | calls for the disclosure of information subject to the attorney-client privilege, the
2 | attorney work-product doctrine and other applicable privileges.
3 |
4 | **REQUEST FOR PRODUCTION NO. 472:**
5 | All DOCUMENTS REFERRING OR RELATING TO any SIMBA
6 | LITIGATION, including, but not limited to, all pleadings, declarations, affidavits,
7 | briefs, deposition transcripts, orders or other documents, and any English
8 | translations thereof, submitted to the court by MATTEL or SIMBA TOYS in
9 | support of its claims and defenses or any rulings or decisions issued by the court.
10 |
11 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 472:**
12 | In addition to the general objections stated above which are
13 | incorporated herein by reference, Mattel objects to this Request on the grounds that
14 | it is overbroad and unduly burdensome, including in that it seeks all documents on
15 | this subject without limitation as to time, and regardless of whether such documents
16 | relate to products or matters at issue in this case. Mattel further objects to the
17 | Request on the grounds that it seeks documents that are not relevant to this action or
18 | likely to lead to the discovery of admissible evidence. Mattel further objects to this
19 | Request on the grounds that it seeks confidential, proprietary and trade secret
20 | information, including such information that has no bearing on the claims or
21 | defenses in this case. Mattel further objects to this Request on the grounds that it
22 | calls for the disclosure of information subject to the attorney-client privilege, the
23 | attorney work-product doctrine and other applicable privileges. Mattel further
24 | objects to the extent the Request seeks documents already produced by Mattel.
25 | Such documents will not be produced again.
26 |
27 |
28 |

EXHIBIT **5** PAGE **195**

'209/2200584.1

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 473:**

All DOCUMENTS REFERRING OR RELATING TO the creation and development of the "We Believe in Girls" website, found at www.webelieveingirls.com, that also mention BRATZ and/or MGA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 473:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 474:**

All DOCUMENTS REFERRING OR RELATING TO the mention of BRATZ and/or MGA on the "We Believe in Girls" website, including, but not limited to, any community bulletin boards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 474:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

209/2200584.1

-7-

EXHIBIT 5 PAGE 96

1  documents on this subject without limitation as to time, and regardless of whether

2  such documents relate to products or matters at issue in this case.  Mattel further

3  objects to the Request on the grounds that it seeks documents that are not relevant to

4  this action or likely to lead to the discovery of admissible evidence.  Mattel further

5  objects to this Request on the grounds that it seeks confidential, proprietary and

6  trade secret information, including such information that has no bearing on the

7  claims or defenses in this case.  Mattel further objects to this Request on the grounds

8  that it calls for the disclosure of information subject to the attorney-client privilege,

9  the attorney work-product doctrine and other applicable privileges.

10

11  **REQUEST FOR PRODUCTION NO. 475:**

12           Copies of all photographs taken by MATTEL (including, but not

13  limited to, MATTEL's counsel) during the course of its inspection of any

14  DOCUMENT or item made available to it by MGA or Bryant, including, but not

15  limited to, products, packaging, samples, sculptures, sketches, or drawings.

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 475:**

18           In addition to the general objections stated above which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it is overbroad and unduly burdensome, including in that it seeks all documents

21  regardless of whether such documents relate to products or matters at issue in this

22  case.  Mattel further objects to this Request on the grounds that it calls for the

23  disclosure of information subject to the attorney-client privilege, the attorney work-

24  product doctrine and other applicable privileges.

25           Subject to and without waiving the foregoing objections, Mattel

26  responds as follows:  Mattel will produce such responsive, non-privileged

27  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

28

EXHIBIT 5  PAGE 197

1  been able to locate after a diligent search and reasonable inquiry, to the extent not

2  previously produced.

3

4  **REQUEST FOR PRODUCTION NO. 476:**

5          All DOCUMENTS RELATING TO YOUR efforts, or knowledge of

6  any efforts by any PERSONS, worldwide to monitor, "spy on" or gain knowledge of

7  MGA's trade secrets, non-public information, non-public activities, unreleased

8  products, and product development, including, but not limited to:

9          a.      DOCUMENTS REFERRING OR RELATING TO YOUR

10 COMMUNICATIONS or contacts with MGA's current or former employees or

11 contractors about MGA or its business, including, but not limited to, any tape

12 recordings of such COMMUNICATIONS;

13         b.      DOCUMENTS REFERRING OR RELATING TO YOUR use

14 or attempts to use confidential informants, spies, or moles within MGA, including,

15 but not limited to, any tape recordings of MGA employees or contractors;

16         c.      DOCUMENTS REFERRING OR RELATING TO YOUR

17 knowledge of any MGA product before its release to the public or of any other

18 non-public information about MGA, its business or its products;

19         d.      DOCUMENTS REFERRING OR RELATING TO YOUR

20 access, or attempts to gain access, to MGA showrooms, Plan-o-Grams,

21 merchandising displays, Toy Fair displays on false pretenses (including, but not

22 limited to, by using fake business cards);

23         f.      DOCUMENTS REFERRING OR RELATING TO YOUR

24 access to MGA's products or showroom at any Toy Fair (including Hong Kong Toy

25 Fair, New York Toy Fair, Dallas Toy Fair, or Nuremberg Toy Fair);

26         h.      YOUR access to MGA's confidential product and pricing

27 information through "competitive management agreements" or "category

28 management agreements" with retailers; and          EXHIBIT 5   PAGE 198

1      i.      YOUR access to MGA's confidential product and pricing

2  information from non-public sources and/or through non-public means.

3

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 476:**

5          In addition to the general objections stated above which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it is overbroad, unduly burdensome, compound, and unintelligible, especially given

8  its broad definitions of "MATTEL," "MGA," and "PERSONS," and in that it seeks

9  all documents on this subject without limitation as to time, and regardless of

10  whether such documents relate to products or matters at issue in this case.  Mattel

11  further objects to the use of the terms "knowledge of any efforts by any PERSONS,"

12  "monitor, 'spy on' or gain knowledge," "MGA's trade secrets," "non-public

13  information," "non-public activities," "unreleased products," "product

14  development," "confidential informants, spies, or moles ," "non public information,"

15  "non-public sources ," "non-public means," "on false pretenses," "confidential

16  product and pricing information," and "'competitive management agreements' or

17  'category management agreements,'"  in this context as vague, ambiguous, and

18  incomprehensible.  Mattel further objects to the Request on the grounds that it seeks

19  documents that are not relevant to this action or likely to lead to the discovery of

20  admissible evidence.  Mattel further objects to this Request on the grounds that it

21  seeks, in its entirety, confidential, proprietary and trade secret information, including

22  such information that has no bearing on the claims or defenses in this case.  Mattel

23  further objects to this Request on the grounds that it calls for the disclosure of

24  information subject to the attorney-client privilege, the attorney work-product

25  doctrine and other applicable privileges.

26

27

28

EXHIBIT 5 PAGE 199

209/2200584.1

-10-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

1 | **REQUEST FOR PRODUCTION NO. 477:**

2 |      All COMMUNICATIONS between YOU and any recruiting agency or

3 | service including, but not limited to, Gregory Michaels & Associates, that REFER

4 | OR RELATE TO recruiting or contacting any MGA employee to work for YOU.

5 |

6 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 477:**

7 |      In addition to the general objections stated above which are

8 | incorporated herein by reference, Mattel objects to this Request on the grounds that

9 | it is overbroad and unduly burdensome, including in that it seeks all documents on

10 | this subject without limitation as to time, and regardless of whether such documents

11 | relate to products or matters at issue in this case. Mattel further objects to the use of

12 | the term "recruiting agency or service" in this context as vague and ambiguous.

13 | Mattel further objects to the Request on the grounds that it seeks documents that are

14 | not relevant to this action or likely to lead to the discovery of admissible evidence.

15 | Mattel further objects to this Request on the grounds that it seeks confidential,

16 | proprietary and trade secret information, including such information that has no

17 | bearing on the claims or defenses in this case. Mattel further objects to this Request

18 | on the grounds that it calls for the disclosure of information subject to the attorney-

19 | client privilege, the attorney work-product doctrine and other applicable privileges.

20 |

21 | **REQUEST FOR PRODUCTION NO. 478:**

22 |      All DOCUMENTS REFERRING OR RELATING to any use or

23 | contemplated use by YOU of any recruiting agency or service including, but not

24 | limited to Gregory Michaels & Associates to contact or recruit any MGA employee

25 | to work for YOU.

26 |

27 |

28 |

EXHIBIT 6 PAGE 200

7209/2200584.1

-11-

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 478:**

2       In addition to the general objections stated above which are

3 incorporated herein by reference, Mattel objects to this Request on the grounds that

4 it is overbroad and unduly burdensome, including in that it seeks all documents on

5 this subject without limitation as to time, and regardless of whether such documents

6 relate to products or matters at issue in this case.  Mattel further objects to the use of

7 the term "recruiting agency or service" in this context as vague and ambiguous.

8 Mattel further objects to the Request on the grounds that it seeks documents that are

9 not relevant to this action or likely to lead to the discovery of admissible evidence.

10 Mattel further objects to this Request on the grounds that it seeks confidential,

11 proprietary and trade secret information, including such information that has no

12 bearing on the claims or defenses in this case.  Mattel further objects to this Request

13 on the grounds that it calls for the disclosure of information subject to the attorney-

14 client privilege, the attorney work-product doctrine and other applicable privileges.

15

16 **REQUEST FOR PRODUCTION NO. 479:**

17       DOCUMENTS sufficient to show weekly and monthly point of sale

18 data for MY SCENE fashion dolls.

19

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 479:**

21       In addition to the general objections stated above which are

22 incorporated herein by reference, Mattel objects to this Request on the grounds that

23 it is overbroad and unduly burdensome, including in that it seeks all documents on

24 this subject without limitation as to time, and regardless of whether such documents

25 relate to products or matters at issue in this case.  Mattel further objects to the use of

26 the term "point of sale data" in this context as vague and ambiguous.  Mattel further

27 objects to the Request on the grounds that it seeks documents that are not relevant to

28 this action or likely to lead to the discovery of admissible evidence.  Mattel further

EXHIBIT 5   PAGE 291

-12-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

'209/2200584.1

1    objects to this Request on the grounds that it seeks confidential, proprietary and

2    trade secret information, including such information that has no bearing on the

3    claims or defenses in this case.

4

5    **REQUEST FOR PRODUCTION NO. 480:**

6            All DOCUMENTS REFERRING OR RELATING TO YOUR receipt,

7    reproduction, copying, storage, transmission, transfer, retention, destruction,

8    deletion, or use of any DOCUMENT identifying MGA products in the course of any

9    planning, design, development or revision of any YOUR products.

10

11    **RESPONSE TO REQUEST FOR PRODUCTION NO. 480:**

12            In addition to the general objections stated above which are

13    incorporated herein by reference, Mattel objects to this Request on the grounds that

14    it is overbroad and unduly burdensome, including in that it seeks all documents on

15    this subject without limitation as to time, and regardless of whether such documents

16    relate to products or matters at issue in this case  The Request is also unintelligible,

17    leaving Mattel to guess what documents are being sought.  Mattel further objects to

18    the Request on the grounds that it seeks documents that are not relevant to this

19    action or likely to lead to the discovery of admissible evidence.  Mattel further

20    objects to this Request on the grounds that it seeks confidential, proprietary and

21    trade secret information, including such information that has no bearing on the

22    claims or defenses in this case.  Mattel further objects to this Request on the grounds

23    that it calls for the disclosure of information subject to the attorney-client privilege,

24    the attorney work-product doctrine and other applicable privileges.

25

26    **REQUEST FOR PRODUCTION NO. 481:**

27            All DOCUMENTS, including, but not limited to, any compilation of

28    information, that were prepared, made, created, generated, assembled or compiled

7209/2200584.1

-13-   EXHIBIT 5   PAGE 202

1 by or for MGA or any MGA subsidiary, including MGAE de Mexico, S.R.L. de

2 C.V.

3

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 481:**

5      In addition to the general objections stated above which are

6 incorporated herein by reference, Mattel objects to this Request on the grounds that

7 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

8 documents on this subject without limitation as to time, and regardless of whether

9 such documents relate to products or matters at issue in this case.  Mattel further

10 objects to the use of the term "any compilation of information, that were prepared

11 made, created, generated, assembled or compiled by or for MGA or any MGA

12 subsidiary, including MGAE de Mexico, S.R.L. de C.V." in this context as vague

13 and ambiguous.  Mattel further objects to the Request on the grounds that it seeks

14 documents that are not relevant to this action or likely to lead to the discovery of

15 admissible evidence.  Mattel further objects to this Request on the grounds that it

16 seeks confidential, proprietary and trade secret information, including such

17 information that has no bearing on the claims or defenses in this case.  Mattel further

18 objects to this Request on the grounds that it calls for the disclosure of information

19 subject to the attorney-client privilege, the attorney work-product doctrine and other

20 applicable privileges.  Mattel further objects to this Request to the extent it seeks

21 documents already produced by Mattel, including documents stolen by MGA and

22 other defendants.  Such documents will not be produced again.

23      Subject to and without waiving the foregoing objections, Mattel

24 responds as follows:  Mattel will produce such responsive, non-privileged

25 documents that are in Mattel's possession, custody, or control, if any, that Mattel has

26 been able to locate after a diligent search and reasonable inquiry, to the extent not

27 previously produced.

28

209/2200584.1

EXHIBIT 5 PAGE 263

-14-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 482:**

All DOCUMENTS, including, but not limited to, any compilation of information, that were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary, and that YOU received from any third party, including Rachel Harris or Fred Larian.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 482:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "any compilation of information, that were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 483:**

All investigative files REFERRING OR RELATING to BRYANT, MGA or any of its employees, including but not limited to file numbers 02-299, 02-1680, and 03-034.

EXHIBIT 5   PAGE 264

7209/2200584.1

-15-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 483:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents regardless of whether such documents relate to products, matters, or persons at issue in this case.  Mattel further objects to the use of the terms "investigative files" in this context as vague and ambiguous.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request to the extent that it seeks documents already produced by Mattel.  Such documents will not be produced again.

Subject to and without waiving the foregoing objections, Mattel responds as follows:  Mattel will produce such responsive, non-privileged documents relating to Bryant that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST FOR PRODUCTION NO. 484:**

DOCUMENTS sufficient to show the directory structure of the ZEUS SERVER as it relates to MATTEL's girls toys division.

EXHIBIT __5__   PAGE __205__

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 484:**

2 |          In addition to the general objections stated above which are

3 | incorporated herein by reference, Mattel objects to this Request on the grounds that

4 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 | documents on this subject without limitation as to time, and regardless of whether

6 | such documents relate to products or matters at issue in this case.  Mattel further

7 | objects to the use of the terms "directory structure" and "MATTEL's girls toys

8 | division" in this context as vague and ambiguous.  Mattel further objects to the

9 | Request on the grounds that it seeks documents that are not relevant to this action or

10 | likely to lead to the discovery of admissible evidence.  Mattel further objects to this

11 | Request on the grounds that it seeks confidential, proprietary and trade secret

12 | information, including such information that has no bearing on the claims or

13 | defenses in this case.

14 |          Subject to and without waiving the foregoing objections, Mattel

15 | responds as follows:  Mattel will make available to defendants for inspection and

16 | copying tapes from which this information may be derived.

17 |

18 | **REQUEST FOR PRODUCTION NO. 485:**

19 |          All DOCUMENTS, since January 1, 1999, REFERRING OR

20 | RELATING TO YOUR receipt, reproduction, copying, storage, transmission,

21 | transfer, retention, destruction, deletion or use of any DOCUMENTS, including but

22 | not limited to any compilation of information, that were prepared, made, created,

23 | generated, assembled or compiled by or for MGA or any MGA subsidiary, including

24 | MGAE de Mexico, S.R.L. de C.V. in Mexico City.

25 |

26 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 485:**

27 |          In addition to the general objections stated above which are

28 | incorporated herein by reference, Mattel objects to this Request on the grounds that

7209/2200584.1

-17-

EXHIBIT 5   PAGE 204

1  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2  documents on this subject regardless of whether such documents relate to products

3  or matters at issue in this case.  Mattel further objects to the use of the term "any

4  compilation of information, that were prepared made, created, generated, assembled

5  or compiled by or for MGA or any MGA subsidiary, including MGAE de Mexico,

6  S.R.L. de C.V." in this context as vague and ambiguous.  Mattel further objects to

7  the Request on the grounds that it seeks documents that are not relevant to this

8  action or likely to lead to the discovery of admissible evidence.  Mattel further

9  objects to this Request on the grounds that it seeks confidential, proprietary and

10  trade secret information, including such information that has no bearing on the

11  claims or defenses in this case.  Mattel further objects to this Request on the grounds

12  that it calls for the disclosure of information subject to the attorney-client privilege,

13  the attorney work-product doctrine and other applicable privileges.  Mattel further

14  objects to this Request to the extent it seeks documents already produced by Mattel,

15  including documents stolen by MGA and other defendants.  Such documents will

16  not be produced again.

17      Subject to and without waiving the foregoing objections, Mattel

18  responds as follows:  Mattel will produce such responsive, non-privileged

19  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

20  been able to locate after a diligent search and reasonable inquiry, to the extent not

21  previously produced.

22

23  **REQUEST FOR PRODUCTION NO. 486:**

24      All DOCUMENTS REFERRING OR RELATING TO YOUR or

25  YOUR attorney's or agent's knowledge of or participation in the investigation or

26  search of MGAE de Mexico, S.R.L. de C.V. in Mexico City.

27

28

EXHIBIT 5  PAGE 207

**RESPONSE TO REQUEST FOR PRODUCTION NO. 486:**

1    In addition to the general objections stated above which are
incorporated herein by reference, Mattel objects to this Request on the grounds that
it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
documents on this subject without limitation as to time, and regardless of whether
such documents relate to products or matters at issue in this case. Mattel further
objects to the use of the term "YOUR or YOUR attorney's or agent's knowledge of
or participation in the investigation or search of MGAE de Mexico, S.R.L. de C.V."
in this context as vague and ambiguous. Mattel further objects to this Request on
the grounds that it calls for the disclosure of information subject to the attorney-
client privilege, the attorney work-product doctrine and other applicable privileges.
Mattel further objects to the Request on the grounds that it seeks documents that are
not relevant to this action or likely to lead to the discovery of admissible evidence.
Mattel further objects to this Request on the grounds that it seeks confidential,
proprietary and trade secret information, including such information that has no
bearing on the claims or defenses in this case.

**REQUEST FOR PRODUCTION NO. 487:**

All DOCUMENTS REFERRING OR RELATING TO whether any of
the items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in
Mexico City were prepared, made, created, generated, assembled or compiled by or
for MGA or any MGA subsidiary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 487:**

In addition to the general objections stated above which are
incorporated herein by reference, Mattel objects to this Request on the grounds that
it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
documents on this subject without limitation as to time, and regardless of whether

-19-

EXHIBIT *5*   PAGE 208

1    such documents relate to products or matters at issue in this case. Mattel further

2    objects to the Request on the grounds that it seeks documents that are not relevant to

3    this action or likely to lead to the discovery of admissible evidence. Mattel further

4    objects to this Request on the grounds that it seeks confidential, proprietary and

5    trade secret information, including such information that has no bearing on the

6    claims or defenses in this case. Mattel further objects to this Request on the grounds

7    that it calls for the disclosure of information subject to the attorney-client privilege,

8    the attorney work-product doctrine and other applicable privileges. Mattel further

9    objects to this Request to the extent it seeks documents already produced by Mattel,

10   including documents stolen by MGA and other defendants. Such documents will

11   not be produced again.

12           Subject to and without waiving the foregoing objections, Mattel

13   responds as follows: Mattel will produce such responsive, non-privileged

14   documents that are in Mattel's possession, custody, or control, if any, that Mattel has

15   been able to locate after a diligent search and reasonable inquiry, to the extent not

16   previously produced.

17

18   **REQUEST FOR PRODUCTION NO. 488:**

19           All DOCUMENTS REFERRING OR RELATING TO YOUR

20   knowledge that any of the items seized by Mexican authorities from MGAE de

21   Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated,

22   assembled or compiled by or for MGA or any MGA subsidiary.

23

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 488:**

25           In addition to the general objections stated above which are

26   incorporated herein by reference, Mattel objects to this Request on the grounds that

27   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

28   documents on this subject without limitation as to time, and regardless of whether

EXHIBIT _5_    PAGE 269

r209/2200584.1

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

1   such documents relate to products or matters at issue in this case.  Mattel further

2   objects to the Request on the grounds that it seeks documents that are not relevant to

3   this action or likely to lead to the discovery of admissible evidence.  Mattel further

4   objects to this Request on the grounds that it seeks confidential, proprietary and

5   trade secret information, including such information that has no bearing on the

6   claims or defenses in this case.  Mattel further objects to this Request on the grounds

7   that it calls for the disclosure of information subject to the attorney-client privilege,

8   the attorney work-product doctrine and other applicable privileges.  Mattel further

9   objects to this Request to the extent it seeks documents already produced by Mattel,

10  including documents stolen by MGA and other defendants.  Such documents will

11  not be produced again.

12

13  **REQUEST FOR PRODUCTION NO. 489:**

14          All DOCUMENTS REFERRING OR RELATING TO YOUR or

15  YOUR attorney's or agent's knowledge of or participation in the seizure of Brisbois'

16  thumb drive by Canadian law enforcement.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 489:**

19          In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case.  Mattel further

24  objects to the use of the term "YOUR or YOUR attorney's or agent's knowledge of

25  or participation in the seizure of Brisbois' thumb drive by Canadian law

26  enforcement" in this context as vague and ambiguous.  Mattel further objects to the

27  Request on the grounds that it seeks documents that are not relevant to this action or

28  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

7209/2200584.1

-21-

EXHIBIT 5   PAGE 210

1  Request on the grounds that it seeks confidential, proprietary and trade secret
2  information, including such information that has no bearing on the claims or
3  defenses in this case.  Mattel further objects to this Request on the grounds that it
4  calls for the disclosure of information subject to the attorney-client privilege, the
5  attorney work-product doctrine and other applicable privileges.

6

7  **REQUEST FOR PRODUCTION NO. 490:**

8                All DOCUMENTS REFERRING OR RELATING TO whether any of
9  the items seized by Canadian authorities from Brisbois' thumb drive were prepared,
10  made, created, generated, assembled or compiled by or for MGA or any MGA
11  subsidiary.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 490:**

14                In addition to the general objections stated above which are
15  incorporated herein by reference, Mattel objects to this Request on the grounds that
16  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
17  documents on this subject without limitation as to time, and regardless of whether
18  such documents relate to products or matters at issue in this case.  Mattel further
19  objects to the Request on the grounds that it seeks documents that are not relevant to
20  this action or likely to lead to the discovery of admissible evidence.  Mattel further
21  objects to this Request on the grounds that it seeks confidential, proprietary and
22  trade secret information, including such information that has no bearing on the
23  claims or defenses in this case.  Mattel further objects to this Request on the grounds
24  that it calls for the disclosure of information subject to the attorney-client privilege,
25  the attorney work-product doctrine and other applicable privileges.  Mattel further
26  objects to this Request to the extent it seeks documents already produced by Mattel,
27  including documents stolen by MGA and other defendants.  Such documents will
28  not be produced again.

EXHIBIT 5  PAGE 21

-22-

1    Subject to and without waiving the foregoing objections, Mattel

2  responds as follows:  Mattel will produce such responsive, non-privileged

3  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

4  been able to locate after a diligent search and reasonable inquiry, to the extent not

5  previously produced.

6

7  **REQUEST FOR PRODUCTION NO. 491:**

8    All DOCUMENTS REFERRING OR RELATING TO YOUR

9  knowledge that any of the items seized by Canadian authorities from Brisbois'

10  thumb drive were prepared, made, created, generated, assembled or compiled by or

11  for MGA or any MGA subsidiary.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 491:**

14    In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case.  Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant to

20  this action or likely to lead to the discovery of admissible evidence.  Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information, including such information that has no bearing on the

23  claims or defenses in this case.  Mattel further objects to this Request on the grounds

24  that it calls for the disclosure of information subject to the attorney-client privilege,

25  the attorney work-product doctrine and other applicable privileges.  Mattel further

26  objects to this Request to the extent it seeks documents already produced by Mattel,

27  including documents stolen by MGA and other defendants.  Such documents will

28  not be produced again.

EXHIBIT  5   PAGE  218

1   **REQUEST FOR PRODUCTION NO. 492:**

2           All DOCUMENTS that REFER OR RELATE TO the retention,

3   destruction, transfer, or use of any information or DOCUMENTS known to or

4   possessed by any current or former MGA employee, freelancer or contractor,

5   including but not limited to Tina Patel, Christopher Hardouin, Margo Eldridge,

6   Charlotte Broussard, and Andrew Gallerani.

7

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 492:**

9           In addition to the general objections stated above which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds that

11  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

12  documents on this subject without limitation as to time, and regardless of whether

13  such documents relate to products, matters, or persons at issue in this case.  Mattel

14  further objects to the Request on the grounds that it seeks documents that are not

15  relevant to this action or likely to lead to the discovery of admissible evidence.

16  Mattel further objects to this Request on the grounds that it seeks confidential,

17  proprietary and trade secret information, including such information that has no

18  bearing on the claims or defenses in this case.  Mattel further objects to this Request

19  on the grounds that it calls for the disclosure of information subject to the attorney-

20  client privilege, the attorney work-product doctrine and other applicable privileges.

21

22  **REQUEST FOR PRODUCTION NO. 493:**

23          All COMMUNICATIONS between YOU and any PERSON

24  REFERRING OR RELATING TO the retention, destruction, transfer, or use of any

25  information or DOCUMENTS known to or possessed by any current or former

26  MGA employee, freelancer or contractor, including but not limited to Tina Patel,

27  Christopher Hardouin, Margo Eldridge, Charlotte Broussard, and Andrew Gallerani.

28

209/2200584.1

EXHIBIT 5   PAGE 215

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

**RESPONSE TO REQUEST FOR PRODUCTION NO. 493:**

1          In addition to the general objections stated above which are
incorporated herein by reference, Mattel objects to this Request on the grounds that
it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
documents on this subject without limitation as to time, and regardless of whether
such documents relate to products, matters, or persons at issue in this case.  Mattel
further objects to the Request on the grounds that it seeks documents that are not
relevant to this action or likely to lead to the discovery of admissible evidence.
Mattel further objects to this Request on the grounds that it seeks confidential,
proprietary and trade secret information, including such information that has no
bearing on the claims or defenses in this case.  Mattel further objects to this Request
on the grounds that it calls for the disclosure of information subject to the attorney-
client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 494:**

        All COMMUNICATIONS between YOU and Tina Patel prior to her
date of hire by MATTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 494:**

        In addition to the general objections stated above which are
incorporated herein by reference, Mattel objects to this Request on the grounds that
it is overbroad and unduly burdensome, including in that it seeks all documents on
this subject without limitation as to time, and regardless of whether such documents
relate to products, matters, or persons at issue in this case.  Mattel further objects to
the Request on the grounds that it seeks documents that are not relevant to this
action or likely to lead to the discovery of admissible evidence.  Mattel further
objects to this Request on the grounds that it seeks confidential, proprietary and
trade secret information, including such information that has no bearing on the

-25-

EXHIBIT 5    PAGE 214

1  claims or defenses in this case.  Mattel further objects to this Request on the grounds

2  that it calls for the disclosure of information subject to the attorney-client privilege,

3  the attorney work-product doctrine and other applicable privileges.

4

5  **REQUEST FOR PRODUCTION NO. 495:**

6         All DOCUMENTS REFERRING OR RELATING TO

7  COMMUNICATIONS between YOU and Tina Patel prior to her date of hire by

8  MATTEL, including but not limited to all calendar entries, phone logs, phone

9  records and notes reflecting such COMMUNICATIONS.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 495:**

12         In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad and unduly burdensome, including in that it seeks all documents on

15  this subject without limitation as to time, and regardless of whether such documents

16  relate to products, matters, or persons at issue in this case.  Mattel further objects to

17  the Request on the grounds that it seeks documents that are not relevant to this

18  action or likely to lead to the discovery of admissible evidence.  Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information, including such information that has no bearing on the

21  claims or defenses in this case.  Mattel further objects to this Request on the grounds

22  that it calls for the disclosure of information subject to the attorney-client privilege,

23  the attorney work-product doctrine and other applicable privileges.

24

25  **REQUEST FOR PRODUCTION NO. 496:**

26         All DOCUMENTS, including but not limited to all

27  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO Tina

28  Patel prior to her date of hire by MATTEL.          EXHIBIT 5   PAGE 25

7309/2200584.1

-26-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 496:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 497:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO Tina Patel's resignation from MGA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 497:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and

EXHIBIT _5_ PAGE _215a_

1  trade secret information, including such information that has no bearing on the

2  claims or defenses in this case.  Mattel further objects to this Request on the grounds

3  that it calls for the disclosure of information subject to the attorney-client privilege,

4  the attorney work-product doctrine and other applicable privileges.

5

6  **REQUEST FOR PRODUCTION NO. 498:**

7          All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

9  compensation, money or any other item of value paid to Tina Patel, whether directly

10 or indirectly, by YOU.

11

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 498:**

13         In addition to the general objections stated above which are

14 incorporated herein by reference, Mattel objects to this Request on the grounds that

15 it is overbroad and unduly burdensome, including in that it seeks all documents on

16 this subject without limitation as to time, and regardless of whether such documents

17 relate to products, matters, or persons at issue in this case.  Mattel further objects to

18 the Request on the grounds that it seeks documents that are not relevant to this

19 action or likely to lead to the discovery of admissible evidence.  Mattel further

20 objects to this Request on the grounds that it seeks confidential, proprietary and

21 trade secret information, including such information that has no bearing on the

22 claims or defenses in this case.  Mattel further objects to this Request on the grounds

23 that it calls for the disclosure of information subject to the attorney-client privilege,

24 the attorney work-product doctrine and other applicable privileges.

25

26 **REQUEST FOR PRODUCTION NO. 499:**

27         All DOCUMENTS received by YOU, directly or indirectly, from Tina

28 Patel REFERRING OR RELATING TO any MGA product or plan.

EXHIBIT _5_   PAGE _256_

37/2200584.1

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

**RESPONSE TO REQUEST FOR PRODUCTION NO. 499:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "any MGA product or plan" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 500:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that was prepared, made, created, generated, assembled or compiled by or for MGA and that YOU received, directly or indirectly, from Tina Patel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 500:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

09/2200584.1

-29-

EXHIBIT 5 PAGE 215e

1  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2  documents on this subject without limitation as to time, and regardless of whether

3  such documents relate to products or matters at issue in this case.  Mattel further

4  objects to the use of the term "any compilation of information, that were prepared

5  made, created, generated, assembled or compiled by or for MGA" in this context as

6  vague and ambiguous.  Mattel further objects to the Request on the grounds that it

7  seeks documents that are not relevant to this action or likely to lead to the discovery

8  of admissible evidence.  Mattel further objects to this Request on the grounds that it

9  seeks confidential, proprietary and trade secret information, including such

10  information that has no bearing on the claims or defenses in this case.  Mattel further

11  objects to this Request on the grounds that it calls for the disclosure of information

12  subject to the attorney-client privilege, the attorney work-product doctrine and other

13  applicable privileges.

14

15  **REQUEST FOR PRODUCTION NO. 501:**

16          A copy of each personnel file maintained or created by YOU

17  REFERRING OR RELATING TO Tina Patel.

18

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 501:**

20          In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

23  documents on this subject without limitation as to time, and regardless of whether

24  such documents relate to products, matters, or persons at issue in this case.  Mattel

25  further objects to the Request on the grounds that it seeks documents that are not

26  relevant to this action or likely to lead to the discovery of admissible evidence.

27  Mattel further objects to this Request on the grounds that it seeks confidential,

28  proprietary and trade secret information, including such information that has no

1  bearing on the claims or defenses in this case. Mattel further objects to this Request

2  on the grounds that it calls for the disclosure of information subject to the attorney-

3  client privilege, the attorney work-product doctrine and other applicable privileges.

4

5  **REQUEST FOR PRODUCTION NO. 502:**

6         All DOCUMENTS, including but not limited to all

7  COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

8  in part, by Tina Patel REFERRING OR RELATING TO any of the CONTESTED

9  MGA PRODUCTS.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 502:**

12         In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case. Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant to

18  this action or likely to lead to the discovery of admissible evidence. Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information, including such information that has no bearing on the

21  claims or defenses in this case. Mattel further objects to this Request on the grounds

22  that it calls for the disclosure of information subject to the attorney-client privilege,

23  the attorney work-product doctrine and other applicable privileges.

24         Subject to and without waiving the foregoing objections, Mattel

25  responds as follows: Mattel will produce such responsive, non-privileged

26  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

27  been able to locate after a diligent search and reasonable inquiry, to the extent not

28  previously produced.

**EXHIBIT  5  PAGE 215 P**

9/2200584.1

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

1 | **REQUEST FOR PRODUCTION NO. 503:**

2 |       All COMMUNICATIONS between YOU and Christopher Hardouin

3 | prior to his date of hire by MATTEL.

4 |

5 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 503:**

6 |       In addition to the general objections stated above which are

7 | incorporated herein by reference, Mattel objects to this Request on the grounds that

8 | it is overbroad and unduly burdensome, including in that it seeks all documents on

9 | this subject without limitation as to time, and regardless of whether such documents

10 | relate to products or matters at issue in this case.  Mattel further objects to the

11 | Request on the grounds that it seeks documents that are not relevant to this action or

12 | likely to lead to the discovery of admissible evidence.  Mattel further objects to this

13 | Request on the grounds that it seeks confidential, proprietary and trade secret

14 | information, including such information that has no bearing on the claims or

15 | defenses in this case.  Mattel further objects to this Request on the grounds that it

16 | calls for the disclosure of information subject to the attorney-client privilege, the

17 | attorney work-product doctrine and other applicable privileges.

18 |

19 | **REQUEST FOR PRODUCTION NO. 504:**

20 |       All DOCUMENTS REFERRING OR RELATING TO

21 | COMMUNICATIONS between YOU and Christopher Hardouin prior to his date of

22 | hire by MATTEL, including but not limited to all calendar entries, phone logs,

23 | phone records and notes reflecting such COMMUNICATIONS.

24 |

25 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 504:**

26 |       In addition to the general objections stated above which are

27 | incorporated herein by reference, Mattel objects to this Request on the grounds that

28 | it is overbroad and unduly burdensome, including in that it seeks all documents on

**EXHIBIT 5   PAGE 215**

-32-

1 | this subject without limitation as to time, and regardless of whether such documents
2 | relate to products, matters, or persons at issue in this case.  Mattel further objects to
3 | the Request on the grounds that it seeks documents that are not relevant to this
4 | action or likely to lead to the discovery of admissible evidence.  Mattel further
5 | objects to this Request on the grounds that it seeks confidential, proprietary and
6 | trade secret information, including such information that has no bearing on the
7 | claims or defenses in this case.  Mattel further objects to this Request on the grounds
8 | that it calls for the disclosure of information subject to the attorney-client privilege,
9 | the attorney work-product doctrine and other applicable privileges.
10 |
11 | **REQUEST FOR PRODUCTION NO. 505:**
12 | All DOCUMENTS, including but not limited to all
13 | COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO
14 | Christopher Hardouin prior to his date of hire by MATTEL.
15 |
16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 505:**
17 | In addition to the general objections stated above which are
18 | incorporated herein by reference, Mattel objects to this Request on the grounds that
19 | it is overbroad and unduly burdensome, including in that it seeks all documents on
20 | this subject without limitation as to time, and regardless of whether such documents
21 | relate to products, matters, or persons at issue in this case.  Mattel further objects to
22 | the Request on the grounds that it seeks documents that are not relevant to this
23 | action or likely to lead to the discovery of admissible evidence.  Mattel further
24 | objects to this Request on the grounds that it seeks confidential, proprietary and
25 | trade secret information, including such information that has no bearing on the
26 | claims or defenses in this case.  Mattel further objects to this Request on the grounds
27 | that it calls for the disclosure of information subject to the attorney-client privilege,
28 | the attorney work-product doctrine and other applicable privileges.

EXHIBIT _5_ PAGE _215g_

-33-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 506:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO Christopher Hardouin's resignation from MGA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 506:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 507:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO compensation, money or any other item of value paid to Christopher Hardouin, whether directly or indirectly, by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 507:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

EXHIBIT 5    PAGE 216

-34-

7209/2200584.1

1   it is overbroad and unduly burdensome, including in that it seeks all documents on

2   this subject without limitation as to time, and regardless of whether such documents

3   relate to products, matters, or persons at issue in this case. Mattel further objects to

4   the Request on the grounds that it seeks documents that are not relevant to this

5   action or likely to lead to the discovery of admissible evidence. Mattel further

6   objects to this Request on the grounds that it seeks confidential, proprietary and

7   trade secret information, including such information that has no bearing on the

8   claims or defenses in this case. Mattel further objects to this Request on the grounds

9   that it calls for the disclosure of information subject to the attorney-client privilege,

10   the attorney work-product doctrine and other applicable privileges.

11

12   **REQUEST FOR PRODUCTION NO. 508:**

13          All DOCUMENTS received by YOU, directly or indirectly, from

14   Christopher Hardouin REFERRING OR RELATING TO any MGA product or plan.

15

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 508:**

17          In addition to the general objections stated above which are

18   incorporated herein by reference, Mattel objects to this Request on the grounds that

19   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

20   documents on this subject without limitation as to time, and regardless of whether

21   such documents relate to products or matters at issue in this case. Mattel further

22   objects to the use of the term "MGA product or plan" in this context as vague and

23   ambiguous. Mattel further objects to the Request on the grounds that it seeks

24   documents that are not relevant to this action or likely to lead to the discovery of

25   admissible evidence. Mattel further objects to this Request on the grounds that it

26   seeks confidential, proprietary and trade secret information, including such

27   information that has no bearing on the claims or defenses in this case. Mattel further

28   objects to this Request on the grounds that it calls for the disclosure of information

EXHIBIT 5    PAGE 217

-35-

1  subject to the attorney-client privilege, the attorney work-product doctrine and other

2  applicable privileges.

3

4  **REQUEST FOR PRODUCTION NO. 509:**

5        All DOCUMENTS, including but not limited to all

6  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

7  YOUR receipt, reproduction, copying, storage, transmission, transfer, retention,

8  destruction, deletion or use of any DOCUMENTS, data and/or information,

9  including but not limited to any compilation of information, that was prepared,

10 made, created, generated, assembled or compiled by or for MGA and that YOU

11 received, directly or indirectly, from Christopher Hardouin.

12

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 509:**

14        In addition to the general objections stated above which are

15 incorporated herein by reference, Mattel objects to this Request on the grounds that

16 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17 documents on this subject without limitation as to time, and regardless of whether

18 such documents relate to products or matters at issue in this case.  Mattel further

19 objects to the Request on the grounds that it seeks documents that are not relevant to

20 this action or likely to lead to the discovery of admissible evidence.  Mattel further

21 objects to this Request on the grounds that it seeks confidential, proprietary and

22 trade secret information, including such information that has no bearing on the

23 claims or defenses in this case.  Mattel further objects to this Request on the grounds

24 that it calls for the disclosure of information subject to the attorney-client privilege,

25 the attorney work-product doctrine and other applicable privileges.

26

27

28

EXHIBIT 5   PAGE 218

**REQUEST FOR PRODUCTION NO. 510:**

A copy of each personnel file maintained or created by YOU REFERRING OR RELATING TO Christopher Hardouin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 510:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 511:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or in part, by Christopher Hardouin REFERRING OR RELATING TO any of the CONTESTED MGA PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 511:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

7209/2200584.1

EXHIBIT 5    PAGE 219

1  documents on this subject without limitation as to time, and regardless of whether
2  such documents relate to products or matters at issue in this case. Mattel further
3  objects to the Request on the grounds that it seeks documents that are not relevant to
4  this action or likely to lead to the discovery of admissible evidence. Mattel further
5  objects to this Request on the grounds that it seeks confidential, proprietary and
6  trade secret information, including such information that has no bearing on the
7  claims or defenses in this case. Mattel further objects to this Request on the grounds
8  that it calls for the disclosure of information subject to the attorney-client privilege,
9  the attorney work-product doctrine and other applicable privileges.

10

11  **REQUEST FOR PRODUCTION NO. 512:**

12          All DOCUMENTS REFERRING OR RELATING TO the creation,
13  origins or sources of inspiration of "POLLY POCKET COLOR SURPRISE
14  POLLY" including, without limitation, the creation, origins or sources of inspiration
15  of the pose of "POLLY POCKET COLOR SURPRISE POLLY."

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 512:**

18          In addition to the general objections stated above which are
19  incorporated herein by reference, Mattel objects to this Request on the grounds that
20  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
21  documents on this subject without limitation as to time, and regardless of whether
22  such documents relate to products or matters at issue in this case. Mattel further
23  objects to the Request on the grounds that it seeks documents that are not relevant to
24  this action or likely to lead to the discovery of admissible evidence. Mattel further
25  objects to this Request on the grounds that it seeks confidential, proprietary and
26  trade secret information, including such information that has no bearing on the
27  claims or defenses in this case. Mattel further objects to this Request on the grounds
28  that it calls for the disclosure of information subject to the attorney-client privilege,

EXHIBIT 5  PAGE 22

1  the attorney work-product doctrine and other applicable privileges. Mattel further
2  objects on the ground that this Request seeks to circumvent the Discovery Master's
3  Orders of April 19, 2007, and May 22, 2007.

4

5  **REQUEST FOR PRODUCTION NO. 513:**

6           All DOCUMENTS REFERRING OR RELATING TO any similarity
7  or dissimilarity between "POLLY POCKET COLOR SURPRISE POLLY" and any
8  MGA product (whether released or unreleased) known to YOU, including but not
9  limited to any similarity or dissimilarity between the pose of "POLLY POCKET
10 COLOR SURPRISE POLLY" and the pose of any MGA product known to YOU.

11

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 513:**

13          In addition to the general objections stated above which are
14 incorporated herein by reference, Mattel objects to this Request on the grounds that
15 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
16 documents on this subject without limitation as to time, and regardless of whether
17 such documents relate to products or matters at issue in this case. Mattel further
18 objects to the Request on the grounds that it seeks documents that are not relevant to
19 this action or likely to lead to the discovery of admissible evidence. Mattel further
20 objects to this Request on the grounds that it seeks confidential, proprietary and
21 trade secret information, including such information that has no bearing on the
22 claims or defenses in this case. Mattel further objects to this Request on the grounds
23 that it calls for the disclosure of information subject to the attorney-client privilege,
24 the attorney work-product doctrine and other applicable privileges. Mattel further
25 objects on the ground that this Request seeks to circumvent the Discovery Master's
26 Orders of April 19, 2007, and May 22, 2007.

27

28

EXHIBIT 5   PAGE 221

-39-

**REQUEST FOR PRODUCTION NO. 514:**

All DOCUMENTS REFERRING OR RELATING TO whether the appearance or pose of "POLLY POCKET COLOR SURPRISE POLLY" copies, replicates, or in any way imitates the appearance or pose of any MGA product (whether released or unreleased) known to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 514:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

**REQUEST FOR PRODUCTION NO. 515:**

DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all current and former MATTEL personnel and/or freelancers comprising the primary team that worked on the creation, design and development of "POLLY POCKET COLOR SURPRISE POLLY."

7209/2200584.1

EXHIBIT 5   PAGE 222

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 515:**

2          In addition to the general objections stated above which are

3 incorporated herein by reference, Mattel objects to this Request on the grounds that

4 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 documents on this subject without limitation as to time, and regardless of whether

6 such documents relate to products or matters at issue in this case. Mattel further

7 objects to the Request on the grounds that it seeks documents that are not relevant to

8 this action or likely to lead to the discovery of admissible evidence. Mattel further

9 objects to this Request on the grounds that it seeks confidential, proprietary and

10 trade secret information, including such information that has no bearing on the

11 claims or defenses in this case. Mattel further objects to this Request on the grounds

12 that it calls for the disclosure of information subject to the attorney-client privilege,

13 the attorney work-product doctrine and other applicable privileges. Mattel further

14 objects on the ground that this Request seeks to circumvent the Discovery Master's

15 Orders of April 19, 2007, and May 22, 2007.

16

17 | **REQUEST FOR PRODUCTION NO. 516:**

18          All DOCUMENTS REFERRING OR RELATING TO YOUR efforts

19 to institute a litigation hold in response to the litigation originally captioned *Mattel,*

20 *Inc. v. Bryant.*, Case No. CV 04-9059 SGL (RNBx).

21

22 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 516:**

23          In addition to the general objections stated above which are

24 incorporated herein by reference, Mattel objects to this Request on the grounds that

25 it is overbroad and unduly burdensome. Mattel further objects on the ground that

26 this Request duplicates prior Requests by MGA, and is clearly designed to burden

27 and harass. Mattel further objects to the Request on the grounds that it seeks

28 documents that are not relevant to this action or likely to lead to the discovery of

7209/2200584.1

-41-

EXHIBIT 5   PAGE 227

1  admissible evidence. Mattel further objects to this Request on the grounds that it

2  calls for the disclosure of information subject to the attorney-client privilege, the

3  attorney work-product doctrine and other applicable privileges.

4           Subject to and without waiving the foregoing objections, Mattel

5  responds as follows: Mattel will produce one or more affidavits setting forth its

6  preservation efforts and policies with respect to the present litigation, as required by

7  Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,

8  2007.

9

10  **REQUEST FOR PRODUCTION NO. 517:**

11           All DOCUMENTS REFERRING OR RELATING TO YOUR efforts

12  to institute a litigation hold in response to the litigation originally captioned *MGA*

13  *Entertainment, Inc. v. Mattel, Inc.*, Case No. CV 05-02727 SGL (RNBx).

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 517:**

16           In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it is overbroad and unduly burdensome. Mattel further objects on the ground that

19  this Request duplicates prior Requests by MGA, and is clearly designed to burden

20  and harass. Mattel further objects to the Request on the grounds that it seeks

21  documents that are not relevant to this action or likely to lead to the discovery of

22  admissible evidence. Mattel further objects to this Request on the grounds that it

23  calls for the disclosure of information subject to the attorney-client privilege, the

24  attorney work-product doctrine and other applicable privileges.

25           Subject to and without waiving the foregoing objections, Mattel

26  responds as follows: Mattel will produce one or more affidavits setting forth its

27  preservation efforts and policies with respect to the present litigation, as required by

28

EXHIBIT 5 PAGE 224

-42-

1 | Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,

2 | 2007.

3

4 | **REQUEST FOR PRODUCTION NO. 518:**

5 |        All DOCUMENTS REFERRING OR RELATING TO YOUR efforts

6 | to institute a litigation hold in response to the litigation originally captioned *Bryant*

7 | *v. Mattel, Inc.*, Case No. CV 04-9049 SGL (RNBx).

8

9 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 518:**

10 |        In addition to the general objections stated above which are

11 | incorporated herein by reference, Mattel objects to this Request on the grounds that

12 | it is overbroad and unduly burdensome.  Mattel further objects on the ground that

13 | this Request duplicates prior Requests by MGA, and is clearly designed to burden

14 | and harass.  Mattel further objects to the Request on the grounds that it seeks

15 | documents that are not relevant to this action or likely to lead to the discovery of

16 | admissible evidence.  Mattel further objects to this Request on the grounds that it

17 | calls for the disclosure of information subject to the attorney-client privilege, the

18 | attorney work-product doctrine and other applicable privileges.

19 |        Subject to and without waiving the foregoing objections, Mattel

20 | responds as follows:  Mattel will produce one or more affidavits setting forth its

21 | preservation efforts and policies with respect to the present litigation, as required by

22 | Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,

23 | 2007.

24

25 | **REQUEST FOR PRODUCTION NO. 519:**

26 |        All COMMUNICATIONS between YOU and the toy manufacturer

27 | JETTA REFERRING OR RELATING to MGA, BRATZ or LARIAN.

28

EXHIBIT 5    PAGE 225

209/2200584.1

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

**RESPONSE TO REQUEST FOR PRODUCTION NO. 519:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

**REQUEST FOR PRODUCTION NO. 520:**

All COMMUNICATIONS between YOU and EARLY LIGHT, including but not limited to Francis Choi, Wilson Ng, and Carmen Choi, REFERRING OR RELATING to MGA, BRATZ or LARIAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 520:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or

1  defenses in this case. Mattel further objects on the ground that this Request seeks to

2  circumvent the Discovery Master's Order dated May 22, 2007.

3

4  **REQUEST FOR PRODUCTION NO. 521:**

5          All COMMUNICATIONS between YOU and ASAHI REFERRING

6  OR RELATING to MGA, BRATZ or LARIAN.

7

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 521:**

9          In addition to the general objections stated above which are

10 incorporated herein by reference, Mattel objects to this Request on the grounds that

11 it is overbroad and unduly burdensome, including in that it seeks all documents on

12 this subject without limitation as to time, and regardless of whether such documents

13 relate to products or matters at issue in this case. Mattel further objects to the

14 Request on the grounds that it seeks documents that are not relevant to this action or

15 likely to lead to the discovery of admissible evidence. Mattel further objects to this

16 Request on the grounds that it seeks confidential, proprietary and trade secret

17 information, including such information that has no bearing on the claims or

18 defenses in this case. Mattel further objects on the ground that this Request seeks to

19 circumvent the Discovery Master's Order dated May 22, 2007.

20

21 **REQUEST FOR PRODUCTION NO. 522:**

22         All COMMUNICATIONS between YOU and UNIVERSAL

23 REFERRING OR RELATING to MGA, BRATZ or LARIAN.

24

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 522:**

26         In addition to the general objections stated above which are

27 incorporated herein by reference, Mattel objects to this Request on the grounds that

28 it is overbroad and unduly burdensome, including in that it seeks all documents on

-45-   EXHIBIT 5   PAGE 227

1   this subject without limitation as to time, and regardless of whether such documents

2   relate to products or matters at issue in this case.  Mattel further objects to the

3   Request on the grounds that it seeks documents that are not relevant to this action or

4   likely to lead to the discovery of admissible evidence.  Mattel further objects to this

5   Request on the grounds that it seeks confidential, proprietary and trade secret

6   information, including such information that has no bearing on the claims or

7   defenses in this case.  Mattel further objects on the ground that this Request seeks to

8   circumvent the Discovery Master's Order dated May 22, 2007.

9

10   **REQUEST FOR PRODUCTION NO. 523:**

11   All COMMUNICATIONS between YOU and KANEKA REFERRING

12   OR RELATING to MGA, BRATZ or LARIAN.

13

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 523:**

15   In addition to the general objections stated above which are

16   incorporated herein by reference, Mattel objects to this Request on the grounds that

17   it is overbroad and unduly burdensome, including in that it seeks all documents on

18   this subject without limitation as to time, and regardless of whether such documents

19   relate to products or matters at issue in this case.  Mattel further objects to the

20   Request on the grounds that it seeks documents that are not relevant to this action or

21   likely to lead to the discovery of admissible evidence.  Mattel further objects to this

22   Request on the grounds that it seeks confidential, proprietary and trade secret

23   information, including such information that has no bearing on the claims or

24   defenses in this case.  Mattel further objects on the ground that this Request seeks to

25   circumvent the Discovery Master's Order dated May 22, 2007.

26

27

28

EXHIBIT 5 PAGE 228

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 524:**

All COMMUNICATIONS between YOU and FILO REFERRING OR RELATING to MGA, BRATZ or LARIAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 524:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

**REQUEST FOR PRODUCTION NO. 525:**

Copies of all producers' affidavits for any ADVERTISEMENT for MY SCENE or ACCELERACERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 525:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the terms "producers' affidavits" in this context as vague and

EXHIBIT 5   PAGE 229

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

1  ambiguous. Mattel further objects to the Request on the grounds that it seeks
2  documents that are not relevant to this action or likely to lead to the discovery of
3  admissible evidence. Mattel further objects to this Request on the grounds that it
4  seeks confidential, proprietary and trade secret information, including such
5  information that has no bearing on the claims or defenses in this case.

6          Subject to and without waiving the foregoing objections, Mattel
7  responds as follows: Mattel will produce such responsive, non-privileged
8  documents relating to those advertisements placed at issue in this litigation that are
9  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
10  after a diligent search and reasonable inquiry, to the extent not previously produced.

11

12  **REQUEST FOR PRODUCTION NO. 526:**

13          All DOCUMENTS that constitute COMMUNICATIONS between
14  YOU (including YOUR agents and attorneys) and law enforcement authorities in
15  Mexico, Canada or the United States, including but not limited to the United States
16  Attorney's Office, the Department of Justice and any national, regional, state or local
17  authorities, concerning any of the allegations in YOUR COUNTERCLAIMS or any
18  other alleged taking of confidential MATTEL information by MGA or persons
19  currently or formerly employed by MGA.

20

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 526:**

22          In addition to the general objections stated above which are
23  incorporated herein by reference, Mattel objects to this Request on the grounds that
24  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
25  documents on this subject without limitation as to time, and regardless of whether
26  such documents relate to products or matters at issue in this case. Mattel further
27  objects on the ground that this Request duplicates prior Requests by MGA, and is
28  clearly designed to burden and harass. Mattel further objects to the Request on the

EXHIBIT 5   PAGE 230

209/2200584.1

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

1  grounds that it seeks documents that are not relevant to this action or likely to lead

2  to the discovery of admissible evidence.  Mattel further objects to this Request on

3  the grounds that it seeks confidential, proprietary and trade secret information,

4  including such information that has no bearing on the claims or defenses in this

5  case.

6

7  **REQUEST FOR PRODUCTION NO. 527:**

8           All DOCUMENTS REFERRING OR RELATING TO Board of

9  Directors meetings in which MGA, BRATZ, LARIAN, Mel Woods, Ron Brawer,

10  Janine Brisbois, Carlos Custavo Machado Gomez, Mariana Trueba Almada, or

11  Pablo Vargas San Jose were discussed, including, but not limited to, meeting

12  minutes, notes and memoranda.

13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 527:**

15           In addition to the general objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case.  Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant to

21  this action or likely to lead to the discovery of admissible evidence.  Mattel further

22  objects to this Request on the grounds that it seeks confidential, proprietary and

23  trade secret information, including such information that has no bearing on the

24  claims or defenses in this case.  Mattel further objects to this Request on the grounds

25  that it calls for the disclosure of information subject to the attorney-client privilege,

26  the attorney work-product doctrine and other applicable privileges.

27

28

-49-                 EXHIBIT 5    PAGE 231

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

1    **REQUEST FOR PRODUCTION NO. 528:**

2             All DOCUMENTS that YOU (including YOUR agents and attorneys)

3 provided to law enforcement authorities in Mexico, Canada or the United States,

4 including but not limited to the United States Attorney's Office, the Department of

5 Justice and any national, regional, state or local authorities, concerning any of the

6 allegations in YOUR COUNTERCLAIMS or any other alleged taking of

7 confidential MATTEL information by MGA or persons currently or formerly

8 employed by MGA.

9

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 528:**

11             In addition to the general objections stated above which are

12 incorporated herein by reference, Mattel objects to this Request on the grounds that

13 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

14 documents on this subject without limitation as to time, and regardless of whether

15 such documents relate to products or matters at issue in this case. Mattel further

16 objects to the Request on the grounds that it seeks documents that are not relevant to

17 this action or likely to lead to the discovery of admissible evidence. Mattel further

18 objects to this Request on the grounds that it seeks confidential, proprietary and

19 trade secret information, including such information that has no bearing on the

20 claims or defenses in this case.

21

22    **REQUEST FOR PRODUCTION NO. 529:**

23             All DOCUMENTS that support the information and belief alleged in

24 paragraphs 42, 43, 47, 49, 51, 52, 68, 74 and 77 of YOUR COUNTERCLAIMS.

25

26    **RESPONSE TO REQUEST FOR PRODUCTION NO. 529:**

27             In addition to the general objections stated above which are

28 incorporated herein by reference, Mattel objects to this Request on the grounds that

1    it is overbroad and unduly burdensome.  Mattel further objects to this Request on

2    the grounds that it calls for the disclosure of information subject to the attorney-

3    client privilege, the attorney work-product doctrine and other applicable privileges.

4               Subject to and without waiving the foregoing objections, Mattel

5    responds as follows:  Mattel will produce such responsive, non-privileged

6    documents that are in Mattel's possession, custody, or control, if any, that Mattel has

7    been able to locate after a diligent search and reasonable inquiry, to the extent not

8    previously produced.

9

10   **REQUEST FOR PRODUCTION NO. 530:**

11              All DOCUMENTS, including but not limited to agreements, draft

12   agreements and correspondence, REFERRING OR RELATING TO the payment or

13   offer of payment of attorneys fees by MATTEL to any PERSON in connection this

14   ACTION.

15

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 530:**

17              In addition to the general objections stated above which are

18   incorporated herein by reference, Mattel objects to this Request on the grounds that

19   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

20   documents on this subject without limitation as to time, and regardless of whether

21   such documents relate to products or matters at issue in this case.  Mattel further

22   objects to the Request on the grounds that it seeks documents that are not relevant to

23   this action or likely to lead to the discovery of admissible evidence.  Mattel further

24   objects to this Request on the grounds that it calls for the disclosure of information

25   subject to the attorney-client privilege, joint defense privilege, the attorney work-

26   product doctrine and other applicable privileges.

27              Subject to and without waiving the foregoing objections, Mattel

28   responds as follows:  Mattel will produce such responsive, non-privileged

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

1 | documents that are in Mattel's possession, custody, or control, if any, that Mattel has

2 | been able to locate after a diligent search and reasonable inquiry, to the extent not

3 | previously produced.

4

5 | **REQUEST FOR PRODUCTION NO. 531:**

6 |         DOCUMENTS sufficient to show YOUR fee arrangement with YOUR

7 | counsel Quinn Emanuel Urquhart Oliver & Hedges LLP for services in connection

8 | with this ACTION, including, but not limited to, a copy of the fee agreement or

9 | retainer agreement between YOU and Quinn Emanuel Urquhart Oliver & Hedges

10 | LLP.

11

12 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 531:**

13 |         In addition to the general objections stated above which are

14 | incorporated herein by reference, Mattel objects to this Request on the grounds that

15 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

16 | documents on this subject without limitation as to time, and regardless of whether

17 | such documents relate to products or matters at issue in this case. Mattel further

18 | objects to the Request on the grounds that it seeks documents that are not relevant to

19 | this action or likely to lead to the discovery of admissible evidence. Mattel further

20 | objects to this Request on the grounds that it calls for the disclosure of information

21 | subject to the attorney-client privilege, the attorney work-product doctrine and other

22 | applicable privileges.

23 | DATED:  January 9, 2008        QUINN EMANUEL URQUHART OLIVER &

24 |                      HEDGES, LLP

25

26 |                    By *Michael Zeller* (CSU)

27 |                      Michael T. Zeller<br>                     Attorneys for Plaintiff and<br>                     Counter-Defendant Mattel

28 |                                EXHIBIT 5   PAGE 234

-52-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On January 9, 2008, I served true copies of the following document(s) described as **MATTEL'S CORRECTED RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION** on the parties in this action as follows:

> Thomas J. Nolan
> **Skadden, Arps, Slate, Meagher & Flom**
> **LLP**
> 300 South Grand Ave., Ste. 3400
> Los Angeles, California 90071
> *Attorneys for MGA ENTERTAINMENT,*
> *INC.*

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 9, 2008, at Los Angeles, California.

_____
NOW LEGAL -- Dave Quintana

EXHIBIT 5   PAGE 235

07209/2169461.1

**PROOF OF SERVICE**

1

2       I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3    Street, 10th Floor, Los Angeles, California 90017-2543.

4    On January 9, 2008, I served true copies of the following document(s) described as **MATTEL'S
CORRECTED RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR**
5    **PRODUCTION** on the parties in this action as follows:

6       Mark E. Overland, Esq.                    John W. Keker
         David E. Scheper, Esq.                    Michael H. Page
7        Alexander H. Cote, Esq.                   Christa M. Anderson
         **Overland Borenstein Scheper & Kim,**    **Keker & Van Nest, LLP**
8        **LLP**                                   710 Sansome Street
9        300 South Grand Avenue                    San Francisco, CA 94111
         Suite 2750                                *Attorneys for CARTER BRYANT*
10       Los Angeles, CA 90071-3144
         *Attorneys for Carlos Gustavo Machado*
11

12
**BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I
13   deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with
postage thereon fully prepaid.
14
        I declare that I am employed in the office of a member of the bar of this Court at whose
15   direction the service was made.

16      Executed on January 9, 2008, at Los Angeles, California.

17

18                                          _____
                                            Cyrus S. Naim
19

20

21

22

23

24

25

26

27

28

07209/2081332.1

EXHIBIT 5   PAGE 234