**EXHIBIT 6**

Received:      9/25/07 11:32AM; ->Quinn,Emanuel,Urquhart,Oliver,&H; #857; Page 2

SEP-25-2007  11:28      [  JENY and MYERS LLP                                                    P.02/03



# O'MELVENY & MYERS LLP

| BEIJING | 400 South Hope Street | NEW YORK |
|---|---|---|
| BRUSSELS | Los Angeles, California 90071-2899 | SAN FRANCISCO |
| CENTURY CITY | | SHANGHAI |
| HONG KONG | TELEPHONE (213) 430-6000 | SILICON VALLEY |
| LONDON | FACSIMILE (213) 430-6407 | TOKYO |
| NEWPORT BEACH | www.omm.com | WASHINGTON, D.C. |

September 25, 2007

**OUR FILE NUMBER**
527436-8

**VIA FACSIMILE AND U.S. MAIL**

**WRITER'S DIRECT DIAL**
(213) 430-6284

Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street
Los Angeles, CA 90017

**WRITER'S E-MAIL ADDRESS**
dhurwitz@omm.com

Re:    ***Bryant v. Mattel, Inc.* Case No. CV04-09049 SGL (RNBx)
(consolidated with CV 04-9059 & 05-2727)**

Dear Tim:

Pursuant to Section 5 of the Discovery Master Stipulation, I write to request that we meet and confer about Mattel's Responses and Objections to Requests 526 and 528 of MGA's Fifth Set of Requests for Production served on Mattel. This request to meet and confer on these two specific requests is without prejudice to MGA's rights to meet and confer and move to compel on the remaining requests in the Fifth Set of RFPs.

RFP 526 requests: "All DOCUMENTS that constitute COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, concerning any of the allegations in YOUR COUNTERCLAIMS or any other alleged taking of confidential MATTEL information by MGA or persons currently or formerly employed by MGA."

RFP 528 requests: "All DOCUMENTS that YOU (including YOUR agents and attorneys) provided to law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, concerning any of the allegations in YOUR COUNTERCLAIMS or any other alleged taking of confidential MATTEL information by MGA or persons currently or formerly employed by MGA."

EXHIBIT 6 PAGE 237

O'MELVENY & MYERS LLP
Timothy L. Alger, Esq. - September 25, 2007 - Page 2

Mattel served objections to RFP 526 but agreed, subject to those objections, to produce responsive, non-privileged documents not previously produced.  Mattel objected to RFP 528 in its entirety without any statement that it would produce documents responsive to this request.

We believe there is no reasonable basis for Mattel to withhold production of the documents requested by RFPs 526 and 528.  If Mattel has presented evidence to law enforcement authorities that it believes supports its claims that MGA or its employees engaged in theft of trade secrets or other unlawful acts, that evidence is directly relevant to Mattel's RICO and trade secret counterclaims in this lawsuit.

MGA therefore requests that Mattel withdraw all of its objections to RFPs 526 and 528 and produce all responsive documents within one week from today.  These are very narrow requests, and we believe that responsive documents could easily be collected and produced.

I am available to meet and confer by telephone this Wednesday at any time that would be convenient for you.  Absent a resolution, MGA will proceed immediately to file a motion to compel the production of the requested documents.

Sincerely,

David I. Hurwitz
for O'MELVENY & MYERS LLP

cc :    Amman Khan, Esq.
        Michael Page, Esq.
        James Spertus, Esq.

LA2:842693

EXHIBIT  4  PAGE  38



# O'MELVENY & MYERS LLP

400 South Hope Street
Los Angeles, California  90071-2899

TELEPHONE  (213) 430-6000
FACSIMILE  (213) 430-6407

## FAX TRANSMITTAL

**DATE & TIME:**
Tuesday, 09/25/07, 10:37 AM

**TOTAL NUMBER OF PAGES:**
3

| **TO:** | **FAX NUMBER:** | **TELEPHONE NUMBER:** |
|---|---|---|
| Timothy L. Alger - Quinn Emanuel Urquhart Oliver & Hedges, LLP | (213) 443-3100 | (213) 443-3223 |
| Amman Khan - Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | (310) 556-2920 | (310) 556-7865 |
| James W. Spertus | (310) 826-4711 | (310) 826-4700 |
| Michael Page - Keker & Van Nest LLP | (415) 397-7188 | (415) 391-5400 |

| **FROM:** | **RETURN FAX NUMBER:** | **TELEPHONE NUMBER:** |
|---|---|---|
| David I. Hurwitz | (213) 430-6407 | (213) 430-6284 |

## MESSAGE

**IF YOU DID NOT RECEIVE ALL PAGES, PLEASE CALL** Cecelia Rolland **AT** (213) 430-6558, **OR OUR FAX DEPARTMENT AT** (213) 430-6357.

| | | | |
|---|---|---|---|
| **FILE NO.:** | 527,436-008 | **RETURN ORIGINAL TO:** | C. Rolland |
| **USER NO.:** | 09364 | **EXTENSION:** | 6558 |
| **RESPONSIBLE ATTY NAME:** | David I. Hurwitz | **LOCATION:** | 14S-25 |
| **SPECIAL INSTRUCTIONS:** | | | |

This document is intended for the exclusive use of the addressee. It may contain privileged, confidential, or non-disclosable information. If you are not the addressee, or someone responsible for delivering this document to the addressee, you may not read, copy, or distribute it. If you have received this document by mistake, please call us promptly and securely dispose of it. Thank you.

EXHIBIT  4  PAGE 239

**EXHIBIT 7**

RECEIVED

JAN 1 1 2008

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

DIRECT DIAL
(2 1 3) 687-5368
DIRECT FAX
(2 1 3) 621-5368
EMAIL ADDRESS
RHERRING@SKADDEN.COM

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 9, 2008

### VIA FACSIMILE & U.S. MAIL

Mr. Jon D. Corey
Mr. B. Dylan Proctor
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:    *Mattel v. Bryant*

Gentlemen:

The parties previously meet and conferred on October 2, 2007 regarding Mattel's refusal to produce documents in response to MGA's Request for Production Nos. 526 and 528, and we understand that Mattel elected to stand on its objections to these requests. Because this meet and confer took place before we became involved in the case, we are writing to confirm that Mattel's position has not changed.

Please confirm by no later than 12:00 pm on Thursday, January 10, 2008 whether Mattel's position has changed. If we do not hear from you by the designated time, we will assume Mattel's position remains the same and we will seek appropriate relief from the Discovery Master.

Sincerely,

Robert J. Herrington

489116-Los Angeles Server 1A - MSW

EXHIBIT 7    PAGE 240

## Confirmation Report — Memory Send

```
Time      : 01-09-2008   12:52pm
Tel line  :
Name      :
```

| | | |
|---|---|---|
| Job number | : | 311 |
| Date | : | 01-09  12:52pm |
| To | : | 94433100 |
| Document pages | : | 002 |
| Start time | : | 01-09  12:52pm |
| End time | : | 01-09  12:52pm |
| Pages sent | : | 002 |
| Status | : | OK |

Job number   : 311            *** SEND SUCCESSFUL ***

---

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
### 300 SOUTH GRAND AVENUE
### LOS ANGELES, CALIFORNIA 90071-3144
Telephone No.: (213) 687-5000
Facsimile No.: (213) 687-5600

Email: rherring @skadden.com

### FACSIMILE TRANSMITTAL SHEET

FROM: Robert J. Herrington                    DATE: January 9, 2008
DIRECT DIAL: (213) 687-5368                   FLOOR/OFFICE NO.: 36
DIRECT FACSIMILE: (213) 621-5368

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE APPRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LEGAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THIS FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):   2

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

| | |
|---|---|
| NAME: Mr. Jon D. Corey<br>Mr. B. Dylan Proctor | FIRM: Quinn Emanuel Urquhart, etc. |
| CITY: Los Angeles | TELEPHONE NO.: (213) 443-3000 |
| FACSIMILE NO.: (213) 443-3100 | |

MESSAGE: Please see attached.

485749.03-Los Angeles Server 1A - MSW

EXHIBIT 7 PAGE 241

**EXHIBIT 8**

**CONFORMED COPY**

*FILED*

2007 APR 10  PM 11: 07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE CALIF.

BY_____

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7                UNITED STATES DISTRICT COURT

8               CENTRAL DISTRICT OF CALIFORNIA

9                     EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No.1100049530
12           Plaintiff,

13       v.                                Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15           Defendant.                    **ORDER GRANTING IN PART AND
                                           DENYING IN PART MATTEL'S
16                                         MOTION FOR PROTECTIVE ORDER
                                           REGARDING "POLLY POCKET"
17  CONSOLIDATED WITH                      DOCUMENTS**
    MATTEL, INC. v. BRYANT and
18  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
19

20

21

22                       I. INTRODUCTION

23       On March 30, 2007, Mattel, Inc. ("Mattel") submitted its Motion For Protective Order

24  Regarding "Polly Pocket" Documents.  Pursuant to Rule 26(c), Fed.R.Civ.P., Mattel seeks a

25  protective order to limit the scope of MGA Entertainment, Inc.'s ("MGA") and Carter Bryant's

26  ("Bryant") subpoenas for production of documents relating to Polly Pocket to only those

27  documents that relate to a single Polly Pocket commercial identified by MGA in an interrogatory

28

    Bryant v. Mattel, Inc.,                                                    1
    CV-04-09049 SGL (RNBx)

              EXHIBIT  8  PAGE 242

                                              04/19/07

1   response.  On April 6, 2007, MGA submitted its opposition brief, and on April 11, 2007, Mattel

2   submitted a reply brief.  The matter was heard via telephonic conference on April 19, 2007.

3   Having considered the motion papers and comments of counsel at the hearing, Mattel's motion

4   for a protective order is granted in part and denied in part.[1]

5                                    II. BACKGROUND

6           This consolidated action includes MGA's claims for unfair competition against Mattel.

7   Among other things, MGA alleges that Mattel has engaged in "serial copycatting" of MGA

8   products, packaging and advertising, including Bratz dolls and other Bratz products, Bratz

9   packaging and Bratz television commercials.

10          On March 7, 2007 and March 12, 2007, MGA and Bryant issued subpoenas to three of

11  Mattel's advertising agencies:  Young & Rubicam Brands, Peterson Milla Hooks, Inc., and

12  Ogilvy & Mather Worldwide.  The subpoenas seek, among other things, documents relating to

13  Mattel's products, including the Polly Pocket line of products.  See Request Nos. 3, 4, 7, 12, 13,

14  and 14.  The subpoenas define Polly Pocket as "each image, character, logo, doll, toy, accessory,

15  product, packaging or other thing or matter that is or has ever been manufactured, marketed or

16  sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise

17  commonly known as, or sold and marketed under the POLLY POCKET trademark or trade

18  dress."  The requests at issue are set forth below:

19          Request No. 3:  All DOCUMENTS REFERRING OR RELATING TO any focus

20          group for "MY SCENE," "POLLY POCKET," or "ACCELERACERS" products

21          and which also REFER OR RELATE TO "BRATZ," "ALIEN RACERS," or

22          MGA.

23          Request No. 4:  All DOCUMENTS REFERRING OR RELATING TO any

24          participant comments from any focus group for "MY SCENE," "POLLY

25  _____

26          [1] Pursuant to the Order for Appointment Of A Discovery Master, dated December 6, 2006, the undersigned
    is authorized to resolve disputes regarding third party subpoenas. See Order at 3-4, 6.

27

28

EXHIBIT 8 PAGE 247

POCKET," or "ACCELERACERS" products and which also REFER OR RELATE TO "BRATZ," "ALIEN RACERS," or MGA.

Request No. 7: All DOCUMENTS REFERRING OR RELATING TO any MARKET RESEARCH REFERRING OR RELATING TO "MY SCENE," "POLLY POCKET," or "ACCELERACERS" or MATTEL, and which also REFER OR RELATE TO "BRATZ," "ALIEN RACERS," or MGA.

Request No. 12: All DOCUMENTS REFERRING OR RELATING TO proposed or actual advertisements for "MY SCENE," "POLLY POCKET," OR "ACCELERACERS" products and which also REFER OR RELATE TO "BRATZ," "ALIEN RACERS," or MGA.

Request No. 13: All DOCUMENTS REFERRING OR RELATING TO directives, suggestions, or instructions from MATTEL to create advertisements for "MY SCENE," "POLLY POCKET," OR "ACCELERACERS" products using elements that are similar to or the same as elements used in advertisements for "BRATZ," "ALIEN RACERS," or MGA products.

Request No. 14: Copies of all advertisements for "BRATZ," "ALIEN RACERS," or MGA products that YOU consulted or reviewed to create advertisements for "MY SCENE," "POLLY POCKET," or "ACCELERACERS" products.

(collectively referred to hereinafter as the "Polly Pocket Requests"). See Decl. of B. Dylan Proctor in Support of Mattel's Motion for Protective Order, Exs. 1-3.

Mattel served objections to the subpoenas and requested a meet and confer with MGA and Bryant regarding the scope of the Polly Pocket Requests. The parties met and conferred on March 27, 2007. MGA asserted that the Polly Pocket Requests sought information relevant to MGA's claims that Mattel has serially copied and imitated MGA's commercials. MGA pointed out that it is currently aware of at least one Polly Pocket commercial that copied elements from a MGA Bratz commercial. More specifically, in response to a contention interrogatory, MGA identified twenty-two separate instances of alleged serial copycatting and imitating, one of which was that "Mattel filmed a 'Polly Pocket' commercial in the same mall and featuring the same

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT 8   PAGE 244

1   escalator as appeared in a previous 'Bratz' commercial." See MGA's Second Supplemental

2   Responses to Mattel's First Set of Interrogatories re Claims of Unfair Competition, Response to

3   Interrogatory No. 6.  MGA asserted that it was entitled to discovery to determine whether

4   Mattel's advertising agencies have documents evidencing plans, strategies or intentions to

5   copycat or imitate MGA commercials for this or any other Polly Pocket commercials in the past

6   or future.  Further, MGA asserted that the Polly Pocket Requests sought only those documents

7   that specifically related to MGA and its products.  In contrast, Mattel asserted that the Polly

8   Pocket Requests were overbroad, seeking information far beyond the Polly Pocket commercial

9   identified in MGA's interrogatory response.  The parties later exchanged meet and confer letters,

10  but were unable to resolve their dispute.

11       In this motion, Mattel contends that it is entitled to a protective order because the Polly

12  Pocket Requests are overbroad, seeking documents that have no connection or relevance to the

13  claims or defenses in the case, other than the single television commercial identified in MGA's

14  interrogatory response.  Mattel also contends that MGA and Bryant should not be permitted to

15  engage in a fishing expedition for potential claims involving Polly Pocket products.  Furthermore,

16  Mattel contends that its Polly Pocket line of dolls is in direct competition with MGA's doll

17  products, and that MGA and Bryant are not entitled to issue sweeping subpoenas for the improper

18  purpose of discovering Mattel's confidential focus group and market research documents relating

19  to competing products and other matters that are not even alleged to be at issue.  Accordingly,

20  Mattel seeks an order limiting the scope of the Polly Pocket Requests to only those Polly Pocket

21  documents that relate to the television commercial MGA claims that Mattel copied.

22       MGA and Bryant contend that Mattel has not demonstrated the requisite "good cause" for

23  a protective order.  They contend that there has been no showing that a protective order is

24  necessary to avoid annoyance, embarrassment, oppression or undue burden or expense.  Further,

25  they contend that the Stipulated Protective Order is sufficient to address Mattel's confidentiality

26  concerns.  MGA and Bryant also contend that the Polly Pocket Requests are narrowly tailored to

27  seek documents relevant to the claims that Mattel has serially imitated and copycatted MGA's

28  advertising for Bratz and other products.  Further, they contend that the Polly Pocket Requests

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT 8   PAGE 245

1  target documents that specifically relate to MGA or its products. Lastly, MGA and Bryant object

2  to limiting discovery to the one Polly Pocket commercial referenced in MGA's interrogatory

3  response. They contend that such a limitation would prevent them from obtaining documents

4  "that reveal Mattel's plans to copy or imitate MGA commercials for other 'Polly Pocket'

5  commercials and related efforts by Mattel's ad agencies to effectuate or evaluate these plans,

6  simply because the plans are non-public and about which MGA and Bryant could not possibly

7  have any actual knowledge." Opposition at p.7.

### III. DISCUSSION

8

9       Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

10  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

11  party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not

12  permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

13  2004) ("District courts need not condone the use of discovery to engage in 'fishing

14  expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

15  (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

16  (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

17  the phrase "subject matter involved in the pending action," were intended to target discovery that

18  swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

19  litigate the issues presented by the pleadings but to develop new claims or defenses.).

20  Furthermore, Rule 26(c), Fed.R.Civ.P., provides, in pertinent part, that upon motion and for good

21  cause shown, "the court in which the action is pending may make any order which justice requires

22  to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

23  expense, including that certain matters not be inquired into, that the scope of the disclosure or

24  discovery be limited to certain matters, or that a trade secret or other confidential research,

25  development or commercial information not be revealed or be revealed only in a designated way."

26  Fed.R.Civ.P. 26(c).

27       Polly Pocket is not mentioned in either MGA's or Bryant's complaint or any of the other

28  pleadings filed in this consolidated action. Rather, MGA's complaint alleges that Mattel's

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT  8  PAGE  246

1    advertising and marketing schemes for two of its products – "My Scene" and "AcceleRacers" –

2    have "serially imitated" MGA's advertising.  MGA's complaint does not even reference the Polly

3    Pocket line of dolls or other Polly Pocket products.

4          The only proffered justification for the Polly Pocket Requests is an interrogatory response

5    in which MGA claims that one of Mattel's Polly Pocket commercials was allegedly filmed in the

6    same mall using the same escalator as an MGA Bratz commercial. [2]  The bulk of the Polly Pocket

7    Requests (Nos. 3, 4, 7, 12, 14), however, are far broader than the commercial identified by MGA.

8    The definition for Polly Pocket includes not just commercials, but  "each image, character, logo,

9    doll, toy, accessory, product, and packaging that is or has ever been manufactured, marketed or

10   sold by Mattel as part of a line of goods or merchandise known as, or sold and marketed under the

11   Polly Pocket trademark or trade dress.  Furthermore, MGA and Bryant seek all Polly Pocket focus

12   group documents, including participant comments which relate to Bratz, MGA or Alien Racers.

13   They seek all "market research" referring or relating to Polly Pocket and which also relate to

14   Bratz, MGA, or Alien Racers, where "market research" is defined as "any type of research, study,

15   survey or analysis of consumers or potential consumers of a product or potential product

16   including, without limitation, focus groups, consumer surveys, market analyses, behavioral

17   analyses and consumer research."  They also seek all documents relating to proposed or actual

18   advertisements for Polly Pocket dolls which also relate to Bratz, MGA or Alien Racers.  MGA

19   and Bryant also seek copies of all advertisements for Bratz, Alien Racers, or MGA products that

20   were consulted or reviewed to create any and all advertisements for Polly Pocket products.  These

21   requests are clearly overbroad, extending far beyond the single Polly Pocket commercial that

22   MGA has contended is actionable.  The Federal Rules of Civil Procedure do not permit MGA and

23

24   _____

25   [2]  Like MGA's complaint, MGA's response to Mattel's contention interrogatory regarding the alleged serial imitating and copycatting focus primarily on Mattel's "My Scene" and "Accelracers" products.

26       See MGA's Second Supplemental Responses to Mattel's First Set of Interrogatories re Claims of Unfair Competition

27

28

EXHIBIT  8   PAGE 247

Bryant to use broad discovery requests, untethered to a claim or defense, to fish for new claims. Rivera v. NIBCO, Inc., supra. Because Request Nos. 3, 4, 7, 12, and 14 extend far beyond the permissible scope of discovery under Rule 26, Fed.R.Civ.P., there is good cause to issue the requested protective order limiting their scope to the Polly Pocket commercial identified in MGA's interrogatory response.

In contrast, however, Request No. 13 is reasonably tailored to documents relevant to MGA's unfair competition claim. Evidence of directives, suggestions, or instructions from Mattel to its advertising agencies to create advertisements for Polly Pocket using elements that are similar to or the same as elements used in advertisements for "BRATZ," "ALIEN RACERS," or MGA products could establish that Mattel intentionally used the same mall and escalator to produce the Polly Pocket commercial identified in MGA's interrogatory response. Therefore, Mattel's motion is denied with respect to Request No. 13.

## IV. CONCLUSION

For the reasons set forth above, Mattel's motion for a protective order is granted in part and denied in part. Request Numbers 3, 4, 7, 12, and 14 of MGA's and Bryant's subpoenas to Young & Rubicam Brands, Peterson Milla Hooks, Inc., and Ogilvy & Mather Worldwide relating to Polly Pocket are hereby limited in scope to Polly Pocket documents relating to the single Polly Pocket television commercial identified in MGA's interrogatory response. Mattel's motion is denied as to Request No. 13.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

Dated: April 19, 2007

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT 8 PAGE 248

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 19, 2007,
I served the attached ORDER GRANTING IN PART AND DENYING IN PART
MATTEL'S MOTION FOR PROTECTIVE ORDER REGARDING "POLLY POCKET"
DOCUMENTS" in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

I declare under penalty of perjury under the laws of the Untied States of America that
the above is true and correct.

Executed on April 19, 2007, at San Francisco, California.

_____
Sandra Chan

EXHIBIT 8   PAGE 249

**EXHIBIT 9**

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California  94111
    Telephone:    (415) 774-2611
4   Facsimile:     (415) 982-5287

5

6                    UNITED STATES DISTRICT COURT

7                   CENTRAL DISTRICT OF CALIFORNIA

8                          EASTERN DIVISION

9

10                                    CASE NO. C 04-09049 SGL (RNBx)
                                      JAMS Reference No. 1100049530
11  CARTER BRYANT, an individual,

12            Plaintiff,               Consolidated with
                                       Case No. CV 04-09059
13       v.                            Case No. CV 05-2727

14  MATTEL, INC., a Delaware corporation,   **ORDER GRANTING IN PART AND
                                            DENYING IN PART MGA'S MOTION**
15            Defendant.                    **TO COMPEL DOCUMENTS
                                            RESPONSIVE TO FIRST SET OF**
16                                          **REQUESTS FOR PRODUCTION OF
                                            DOCUMENTS DATED NOVEMBER**
17                                          **22, 2006**

18  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
19  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
20                                    I.  INTRODUCTION

21          On April 13, 2007, MGA Entertainment, Inc. ("MGA") submitted a motion to compel

22  Mattel, Inc. ("Mattel") to produce documents responsive to MGA's First Set of Requests for

23  Production of Documents dated November 22, 2006 (the "requests"), which generally seeks

24  documents that MGA contends are relevant to its Lanham Act and unfair competition claims.  On

25  April 25, 2007, Mattel submitted its opposition brief, and on May 2, 2007, MGA submitted a

26  reply brief.  The matter was heard via telephonic conference on May 11, 2007.  Having

27

28  Bryant v. Mattel, Inc.,                                              1
    CV-04-09049 SGL (RNBx)

                    EXHIBIT  9   PAGE 250

1    considered the motion papers and comments of counsel at the hearing, MGA's motion to compel

2    is granted in part and denied in part.

## II. BACKGROUND

3

4        There are two themes underlying MGA's claims for unfair competition against Mattel.

5    First, MGA alleges that Mattel has intentionally "serially imitated and copy-catted the look of

6    MGA products, trade dress, trademarks, themes, ideas, advertising and packaging, including for

7    the 'Bratz' line of dolls," to dilute MGA's brand, create customer confusion, and unfairly stifle

8    competition. MGA's Complaint at ¶¶9, 65. Second, MGA alleges, on information and belief,

9    that "Mattel has intimidated, coerced and threatened retailers, licensees, suppliers and others in

10   the industry – both in the U.S. and internationally – in order to inhibit and stifle MGA's ability to

11   compete with Mattel and to prevent MGA from obtaining licensees, contracts and supplies for its

12   products." Id. at ¶9.

### The Alleged Copy-catting

13

14       Mattel's alleged serial copycatting "began with the 'Bratz' dolls themselves, but quickly

15   extended to MGA's packaging, themes, accessories, advertising and even other product lines."

16   Id. at ¶33. Mattel allegedly "designed its 'My Scene' dolls to evoke the unique and distinctive

17   look of the 'Bratz' – also with disproportionately oversized heads, artfully made-up almond-

18   shaped eyes, large, overly-lined and lipsticked lips, trendy, hip clothes and hair styles, and over-

19   sized feet." Id. at ¶34. Mattel also allegedly "systematically proceeded to modify the 'My Scene'

20   dolls since their original release, particularly their eyes, to increase their similarity to 'Bratz' more

21   and more over time." Id.

22       Further, Mattel allegedly "modified its 'My Scene' packaging, and the manner in which

23   the dolls are displayed, to more closely mimic the packaging, trade-dress and overall look and

24   total image of MGA's 'Bratz.'" Id. at ¶41. For example, Mattel allegedly changed its packaging

25   "to the open and transparent style of the 'Bratz' packaging." Id. at ¶43. Mattel also allegedly

26   hung its packaging and product display to "look even more closely and confusingly similar to

27

28

1   MGA's packaging and '*tout ensemble.*'" Id. at ¶45.  Mattel also allegedly "discarded its

2   traditional rectangular shaped box, and like 'Bratz', adopted an unusual, non-rectangular shaped

3   box." Id. at ¶46.  Mattel also allegedly "adopted the 'flying banner' ribbon-style slogan running

4   across the middle of the box, similar to that used on the 'Bratz' packaging." Id.

5          In addition to the packaging changes, Mattel allegedly copied "MGA's practice of

6   regularly releasing new dolls in connection with a theme – but not just any theme, often MGA's

7   theme." Id. at ¶47.  For example, when MGA released its "Wintertime Wonderland" theme,

8   Mattel allegedly released "Chillin Out." Id. at ¶48.  Mattel also allegedly imitated Bratz

9   accessories and related products in order to create consumer confusion in the marketplace. Id. at

10  ¶52.  Further, Mattel allegedly "began running television commercials for its 'My Scene' dolls

11  bearing a remarkable similarity to 'Bratz' commercials, combining live action with animated

12  sequences set to similar sounding pop music and lyrics." Id. at ¶51.  MGA alleges that Mattel's

13  conduct described above "is a calculated and intentional effort unquestionably designed to trade

14  off of MGA's hard work and goodwill, create confusion in the marketplace, steal MGA's thunder

15  and momentum, and dilute and blur away the novelty and distinctiveness of MGA's products."

16  Id. at ¶54.

17         Further, MGA alleges that when it "came out with a 'Bratz' 'Funky Fashion Makeover

18  Head,' Mattel came out with a confusingly similar – indeed, practically identical – 'My Scene'

19  styling head." Id. at ¶55.  Mattel also allegedly "used a portion of the Bratz doll's now-famous

20  trademarked tag line 'The Girls With a Passion for Fashion' on Mattel's website for its 'Diva

21  Starz' dolls, asking its website users: 'Do you have a passion for fashion?'" Id. at ¶58.

22         MGA also alleges that Mattel recently came out with a confusingly similar line of "My

23  Scene" plush pets that have the distinctive look of MGA's "Bratz" line. Id. at ¶59.  In addition,

24  Mattel allegedly "chose to package its pets the same way that MGA packaged its 'Bratz Petz',

25  sitting in an open box, with no top and with partial side panels that slope from a narrow front

26  panel to a higher back panel." Id. at ¶60.  MGA alleges that the similarity of the "My Scene" pets

27

28

1  and the "Bratz Petz" has confused sophisticated retailers who have mistakenly merchandised the

2  products together. Id. at ¶61.

3      MGA alleges that Mattel's television commercials and "My Scene" products have become

4  so confusingly similar to MGA's commercials and products that advertising executives have

5  expressed concern. Id. at ¶62. MGA also alleges that the press has taken notice of Mattel's

6  alleged attempts to confuse consumers. Id. at ¶63. Further, MGA alleges that some customers

7  have contacted MGA seeking to purchase "My Scene" dolls. Id. at ¶64.

8      MGA alleges that Mattel's conduct has reached beyond "Bratz" to include other new

9  MGA toy lines. Id. at ¶67. For example, Mattel allegedly modeled its "Wee 3 Friends" line of

10  dolls and packaging on MGA's "4-Ever Best Friends" line. Id. at ¶68. Mattel also allegedly

11  modeled its "Little Mommy Potty Training Baby Doll" on MGA's "Mommy's Little Patient." Id.

12  at ¶69. Mattel also allegedly revamped and renamed one of its "Hot Wheels" lines with the

13  "AcceleRacerS" logo based upon MGA's "AlienRacers" radio controlled racing vehicles. Id. at

14  ¶70.

15  Additional Allegedly Anti-Competitive Conduct

16      MGA alleges that Mattel has engaged in additional allegedly anti-competitive conduct,

17  including "sending threatening letters to several of its former employees who now work for MGA

18  warning them not to disclose **even publicly available information** about Mattel, including the

19  names and positions of Mattel employees." Id. at ¶75 (emphasis in original). Mattel has also

20  allegedly "warned a number of companies, including the biggest publishing entity in the United

21  Kingdom, not to license MGA products, or risk retribution." Id. at ¶76. MGA alleges that it has

22  lost valuable licensing opportunities as a result of Mattel's conduct. Id.

23      MGA also alleges that "Mattel has used similar intimidation to pressure distributors and

24  retailers, particularly in foreign countries, not to distribute 'Bratz', to reduce shelf and display

25  space for 'Bratz' and to place 'Bratz' in unfavorable locations at retail outlets." Id. at ¶77. MGA

26  further alleges that "[w]hen MGA faced a shortage of doll hair in October 2002, MGA is

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 9  PAGE 25⁴

1   informed and believes that the reason for that shortage was that Mattel had locked MGA out by

2   buying up the supply from the two main hair supply companies." Id. at ¶78.

3        MGA also alleges that Mattel manipulated the retail market.  More specifically, MGA

4   alleges that "Mattel merchandisers have been caught tampering with MGA's retail displays,

5   replacing favorably located MGA merchandise with Mattel merchandise instead." Id. at ¶79.

6   MGA further alleges on information and belief that "Mattel has falsely told a major United States

7   retailer that MGA was giving another major United States retailer below-market pricing and

8   falsely told a United Kingdom retailer that MGA was discontinuing one of its lines, in order to

9   make such line less attractive to buyers and thereby attempt to increase sales of the competitive

10   Mattel product and improve its own sales, at MGA's expense." Id.

11        Next MGA alleges on information and belief that NPD Funworld ("NPD"), the leading

12   supplier of sales statistics in the toy industry, terminated MGA's subscription ostensibly for

13   misusing NPD data and that "the termination was the result of pressure from Mattel." Id. at ¶¶80-

14   85.  MGA also alleges on information and belief that Mattel pressured NPD into changing certain

15   product classifications for "Bratz" products to manipulate the data and preserve Mattel's market

16   share rankings in the "fashion doll" category. Id. at ¶86.

17        MGA further alleges on information and belief that Mattel used its influence as a major

18   contributor to the Children's Advertising Review Unit ("CARU"), which is a unit of the Council

19   of Better Business Bureaus, to "place onerous restrictions on MGA advertisements, and require

20   MGA to amend aspects of commercials that have gone unchallenged in other parties'

21   commercials." Id. at ¶89.  As a result of CARU's restrictions, MGA allegedly incurred

22   unnecessary costs for reshooting and producing or re-editing its commercials. Id. at ¶90.

23        MGA also alleges on information and belief that Mattel's subsidiary, Fisher Price,

24   "orchestrated" a change to the selection process for TIA's "Toy-of-the-Year Awards," which

25   allegedly resulted in a Fisher Price toy beating out "BRATZ Formal Funk Super Stylin' Runway

26   Disco." Id. at ¶¶92-96.  MGA also alleges on information and belief that one year "Mattel was

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT __9__   PAGE __254__

1 | instrumental in attempting to keep MGA from participating as a sponsor in the 'Kids' Choice
2 | Awards.'" Id. at ¶97.
3 |     As a result of Mattel's alleged conduct described above, MGA has allegedly suffered, and
4 | unless abated, will continue to suffer lost sales, lost licensing fees, lost contracts, lost
5 | relationships, lost business opportunities and other damages. Id. at ¶100. MGA also alleges that
6 | its ability to enter new markets and product lines has been hampered and delayed. Id.
7 | Furthermore, MGA alleges that "[i]ts production costs have increased, its reputation and
8 | relationships with important players in the industry have been negatively impacted, the value of
9 | its business has been diminished, and its ability to attract, hire and retain employees has been
10 | affected." Id. Based upon the foregoing, MGA asserts claims for (1) false designation of origin
11 | or affiliation in violation of 15 U.S.C. §1125(a); (2) unfair competition in violation of 15 U.S.C.
12 | §1125(a) and unfair competition and unfair business practices in violation of Cal. Bus. & Prof.
13 | Code §17200 et seq. and California common law; (3) dilution in violation of 15 U.S.C. §1125(c),
14 | Cal. Bus. & Prof. Code §14330 and California common law; and (4) unjust enrichment.

15 | <u>MGA's First Set of Requests for Production of Documents</u>

16 |     On November 22, 2006, MGA propounded one hundred fifteen (115) document requests
17 | seeking discovery regarding, among other things: (a) Mattel's alleged copycatting efforts and
18 | activities with respect to Bratz and other MGA product lines; (b) anti-competitive business
19 | practices allegedly carried out by Mattel; and (c) any similar or related activities. In response,
20 | Mattel objected to many requests primarily on the grounds that they were overly broad and
21 | unduly burdensome. Mattel agreed, however, to produce documents responsive to many of the
22 | requests.
23 |     The parties met and conferred in person on March 9, 2007. MGA's counsel demanded
24 | that Mattel withdraw all objections based on relevance. Alger Decl. in Support of Mattel's
25 | Opposition at ¶7. Mattel's counsel responded that Mattel was producing responsive documents
26 | and would continue to produce responsive documents, but had concerns over the "lack of focus
27 |
28 |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT 9   PAGE 255

1   and infinite scope" of MGA's document requests.  Id.  Mattel's counsel suggested that MGA

2   narrow the requests to "those products, retailers, licensees, and time frames that MGA has put at

3   issue in its Complaint and response to interrogatories."  Id.  MGA's counsel, however, rejected

4   the proposal.  Id.

5        A few days later, counsel for MGA sent Mattel's counsel a letter offering several

6   suggestions for limiting the requests.  Glad Decl. in Support of MGA's Motion, Ex. 1.  In

7   particular, MGA stated that "it would be amenable to certain limitations on the number and

8   identities of custodians whose files must be searched, so long as Mattel is willing to accept

9   reciprocal accommodations for MGA's own document review."  Id.  Mattel did not respond to the

10  letter, and the instant motion ensued.

11                                   III. STANDARDS

12        Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

13  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

14  party."  Fed.R.Civ.P. 26(b)(1).  Fishing expeditions to discover new claims, however, are not

15  permitted.  See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

16  2004) ("District courts need not condone the use of discovery to engage in 'fishing

17  expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

18  (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

19  (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

20  the phrase "subject matter involved in the pending action," were intended to target discovery that

21  swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

22  litigate the issues presented by the pleadings but to develop new claims or defenses.).  Further,

23  pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit discovery where "the burden or

24  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

25  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

26  the litigation, and the importance of the proposed discovery in resolving the issues."

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT 9 PAGE 256

# IV. DISCUSSION

## A. General Objections

MGA contends that Mattel has improperly withheld documents based on three generalized objections. First, MGA contends that Mattel has asserted an objection based upon relevance to requests that are not related to facts specifically alleged in MGA's complaint. MGA contends the objection is improper because it essentially grafts a heightened pleading standard onto discovery requests, is inconsistent with the standard for discovery set forth in Rule 26(b), Fed.R.Civ.P., and goes against the very purpose of discovery. MGA denies "fishing" for new claims, contending that it is seeking discovery tending to support or refute existing claims.

Second, MGA contends that Mattel has improperly refused to produce "documents related to MGA's BRATZ dolls unless the documents are 'in the context' of Mattel's BARBIE or MY SCENE products." MGA's Motion at 9:10-11. MGA contends that all of the documents related to Bratz that it seeks are relevant, regardless of whether they refer to or contemplate Barbie or My Scene. In particular, MGA contends that documents related to Bratz, even if they do not refer to Barbie or My Scene, are relevant to its claims that (1) Mattel has exerted pressure on licensees not to license Bratz products; (2) Mattel has exerted pressure on retailers or distributors not to distribute Bratz products; (3) Mattel has tampered with Bratz displays; and (4) Mattel intentionally copied Bratz products.

Third, MGA contends that Mattel has improperly limited its production of My Scene documents to only those documents related to the specific acts of product and packaging infringement identified in MGA's complaint. MGA contends that it is entitled to far more, including documents concerning potential acts of infringement not mentioned in the complaint and documents concerning the development of the My Scene product line from inception of this suit to the present. In particular, MGA contends that documents concerning the current development of My Scene may tend to show continuing infringement, and therefore are relevant to prove that Mattel's conduct is willful.

1       Mattel contends that it has produced documents in response to many of MGA's requests,

2   and will continue to do so.  Mattel objects, however, to those requests that require Mattel to

3   produce virtually every document, anywhere in the world, that mentions MGA, Larian, Bratz, or

4   any other MGA product.  Mattel contends that MGA is engaging in an improper fishing

5   expedition, casting its requests so broadly as to require production of documents relating to

6   products and entire product lines that are irrelevant to the suit.  Mattel also contends that the

7   requests are overbroad because they seek documents about subjects such as quality and pricing

8   which do not appear anywhere in MGA's pleadings.  Id.  Furthermore, Mattel contends that

9   MGA's requests are not linked in any manner to MGA's claims in the suit and do not reference

10  any particular alleged wrongdoing by Mattel.

11      Mattel also contends that responding to MGA's document requests would impose a

12  considerable, unjustifiable burden on Mattel.  Mattel emphasizes that it is a large company, with

13  over 140 subsidiaries and affiliates in approximately 43 different countries.  Mattel represents that

14  it has over 5,000 employees in the United States and more than 25,000 employees at subsidiaries

15  and affiliates worldwide.

16      Mattel also represents that its products are sold in thousands of stores.  It represents that it

17  deals with Wal-Mart, Target, K-Mart, and Toys "R" Us on a daily basis, and that these four

18  retailers have more than 4,500 stores in the United States.  Mattel also represents that it deals with

19  many hundreds more retailers domestically and overseas.  Further, Mattel represents that it has

20  relationships with more than 1,400 licensees and licensors.

21      Mattel also represents that the toys it produces vary widely, including collectible card

22  games, electronic handheld devices, toy cars, and the Barbie doll line.  Mattel asserts that it

23  introduces annually more than 2,000 different types of toys, dolls and other products in more than

24  150 nations throughout the world.  Mattel asserts that many products often involve the creation of

25  many categories of documents relating to design, marketing, consumer and market research,

26  planning, engineering, cost, manufacturing, distribution, sales and finance.  Mattel represents that

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

EXHIBIT 9   PAGE 256

1   these types of documents are stored on Mattel's over 800 computer servers worldwide, and that

2   countless others are stored in hardcopy or stored on individual employees' desktop computers and

3   laptops. Furthermore, Mattel represents that many of its network systems, including its e-mail

4   system, are not readily searchable, or searchable at all, by use of keyword terms. For example,

5   Mattel asserts that the computer system used by Mattel's designers and engineers overwhelmingly

6   consists of graphical files whose content cannot be searched by keywords.

7       Mattel estimates that MGA and its products are referenced in millions of pages of

8   documents and computer files at Mattel. More specifically, Mattel contends that many groups

9   across Mattel, such as marketing, consumer research, sales, finance, human resources and safety

10   testing, have documents that refer or relate to MGA or its products in some way. Mattel also

11   contends that a large volume of this information is from third party analysts and third party

12   sources, including retail sales reports that track doll sales across the entire industry, newspaper

13   and magazine articles, commercials and advertisements. Mattel also represents that it collects

14   great quantities of documents about its competitors that are readily available on the Internet or

15   other public sources, including catalogs, advertising, press releases, and media reports, and from

16   retailers and distributors throughout the world.

17       Furthermore, Mattel represents that its documents, particularly its marketing and sales

18   research documents, often reference many competing products, not just the Bratz dolls at issue.

19   Mattel contends that these types of documents would be difficult to search and collect because, in

20   many instances, the only way to determine whether a particular document mentions Bratz would

21   be to review the entire document.

22       Mattel contends that virtually any employee at Mattel might have documents that are

23   responsive to MGA's requests. Mattel estimates that "to locate all such documents would take

24   years, cost millions of dollars, and seriously interfere with the operation of Mattel's business."

25   Mattel's Opposition at 17. Matter also asserts that "[s]uch efforts – including search of Mattel's

26   servers, its employees' computer workstations, hard copy files, computer disks, and video files –

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT 9 PAGE 255

1   would be in addition to the cost of attorney review of the materials before they are produced in

2   litigation." Id. Mattel also contends that the burden and expense of production is multiplied

3   several times further if Mattel is required to search the files in the possession of its worldwide

4   subsidiaries.

5        Mattel contends that even if the search for responsive documents could be accomplished,

6   the resulting document production would provide MGA with countless documents with little or

7   no relevance. For example, Mattel anticipates that many documents would be discussions of the

8   competition in the context of irrelevant dolls, such as any number of mainline Barbie dolls.

9   Mattel contends that other documents would simply be third party market reports which are

10   equally available to MGA from public sources. Accordingly, Mattel requests that the motion be

11   denied in full.

12        In its reply, MGA counters that the requests are not unduly burdensome. MGA contends

13   that contrary to Mattel's assertions, the requests are factually self-limited, containing restrictive

14   language and defining the outer parameters for the documents sought. Furthermore, MGA

15   contends that it told Mattel that it would be amenable to certain limitations on the number and

16   identities of custodians whose files must be searched, so long as Mattel was amenable to

17   reciprocal accommodations for MGA's own document review. MGA contends that, at a

18   minimum, Mattel should be required to search the physical and electronic files of its employees.

19   MGA contends that Mattel should not be released wholesale from its discovery obligations based

20   on a purported burden, particularly when it failed to work with MGA in good faith to mitigate that

21   burden.

22        Lastly, MGA argues that any burden to Mattel is outweighed by the benefit to be secured

23   from the discovery. MGA contends that it "realistically has no other way of obtaining documents

24   tending to support its claims that Mattel engaged in a pattern of conduct with suppliers,

25   distributors, licensees and others constituting unfair competition except from Mattel." MGA's

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

11

EXHIBIT 9 PAGE 260

1   Reply at 10. Therefore, MGA believes that the benefits of the discovery it seeks are

2   immeasurable and that in contrast, the burden to Mattel is not unreasonable.[1]

3   B. Document Requests

4           In addition to the three general objections described above, Mattel has asserted other

5   objections to certain categories of document requests which MGA contends are improper. The

6   general objections stated above, as well as the additional objections asserted by Mattel, are

7   reviewed herein in the context of the nine categories of document requests at issue.

8                           1. Document Request Nos. 32-33, 61

9           Request nos. 32, 33 and 61 seek production of communications with sales personnel,

10  merchandisers and retailers relating to alteration of displays or retail spacing of MGA products

11  other than Bratz. MGA contends that the documents it seeks are relevant to the allegation in

12  paragraph 79 of its complaint that "Mattel merchandisers have been caught tampering with

13  MGA's displays, replacing favorably located MGA merchandise with Mattel merchandise

14  instead." In its reply brief, MGA clarifies that it "seeks information tending to show that at any

15  time after June 2001, Mattel sales personnel tampered with, or directed others to tamper with,

16  MGA's in-store displays." MGA's Reply at 8.

17          During the meet and confer process, Mattel agreed to produce documents responsive to

18  request nos. 32-33 and 61 insofar as they related to displays, retail spacing, or shelf space for

19  Bratz, but refused to produce responsive documents relating to any other MGA products. Glad

20  Decl. in Support of MGA's Motion, Ex. 1. Mattel contends that request nos. 32 and 33 are

21  overbroad and unduly burdensome insofar as they require production of communications relating

22  to displays, retail spacing, or shelf-space for any other MGA products. Mattel views the requests

23  as a directive to "go out and find, review and produce essentially all of its retailer

24  _____

25      [1] In a footnote, MGA mentions that Mattel has also withheld documents relating to conduct occurring
        outside of the United States, and that this issue will be addressed in a separate motion. MGA's Motion at 10, n. 29.
26  Nothing in this Order is intended in any way to permit or foreclose discovery relating to conduct occurring outside of
        the United States.
27

28                                                                                    12
        Bryant v. Mattel, Inc.,
        CV-04-09049 SGL (RNBx)

EXHIBIT 9   PAGE 261

1   communications about any 'change' in any 'display' or any 'retail spacing' for any MGA

2   product." Mattel's Opposition at 10. Mattel contends that MGA, not Mattel, should bear the

3   burden of identifying specific incidents of alleged tampering, and thereafter Mattel will attempt to

4   find and produce pertinent documents relating to those incidents. Id.

5       Mattel also contends that request no. 61 is overbroad and amounts to an improper fishing

6   expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other MGA

7   product, whether or not they have anything to do with anything placed at issue by MGA. Mattel's

8   Opposition at 7-8. Mattel also contends that the request has no linkage to any possible consumer

9   confusion between Bratz and My Scene or between the other products mentioned in MGA's

10  complaint or MGA's responses to Mattel's contention interrogatories. Id. at 8.

11      Request nos. 32, 33, and 61 seek documents relevant to MGA's allegation that "Mattel

12  merchandisers have been caught tampering with MGA's displays, replacing favorably located

13  MGA merchandise with Mattel merchandise instead." MGA's allegation of tampering is broader

14  than just Bratz products, and therefore, Mattel's objection to producing responsive documents for

15  MGA products other than the Bratz line is overruled.

16      Further, the requests are not unduly burdensome. Request nos. 32 and 33 are limited to

17  communications between Mattel and its sales personnel and merchandisers relating to alterations

18  of display or retail spacing for MGA products, and therefore do not require Mattel to search for

19  documents from every single one of its employees. Request no. 61 is also reasonably tailored to

20  seek relevant information, requiring production of communications between Mattel and any

21  retailer, sales person or merchandiser referring or relating to the allocation of shelf space, altering

22  of retail displays, or placement of Bratz in retail stores, including but not limited to

23  communications concerning the placement of "Bratz" relative to My Scene. Contrary to Mattel's

24  assertion, request no. 61 does not require Mattel to search for virtually all documents that mention

25  MGA, Larian, Bratz, or any other MGA product, whether or not they have anything to do with

26  anything placed at issue by MGA. Instead request no. 61 is clearly limited to a defined category

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

13

EXHIBIT 9   PAGE 242

1    of communications with certain individuals and/or entities regarding a defined subject matter.  In

2    addition, MGA indicates in its reply brief that it seeks documents and communications from June

3    2001 forward.  With this temporal limitation, MGA's motion is granted as to request nos. 32, 33

4    and 61.

5                            2. Document Request Nos. 37-39

6         Request nos. 37 through 39 call for production of Mattel's communications with CARU

7    relating to MGA and restrictions to be placed on MGA, as well as documents supporting Mattel's

8    allegation in its answer that MGA violated CARU standards.  MGA contends that the documents

9    it seeks are relevant to its allegation in paragraph 89 of its complaint that "Mattel used its

10   influence as a major contributor to CARU's budget to induce CARU to place onerous restrictions

11   on MGA advertisements, and to require MGA to amend aspects of commercials that have gone

12   unchallenged in other parties' commercials."

13        In its opposition brief, Mattel represents that is prepared to produce documents that bear

14   on MGA's claims and Mattel's defenses involving CARU; but nothing further.  Mattel contends

15   that the sweep of these requests "goes far beyond any particular advertisements or the allegations

16   in MGA's complaint that Mattel pressured CARU or obtained better treatment different than

17   MGA."  Mattel's Opposition at 10.  Furthermore, Mattel contends that the requests are improper

18   because CARU investigates complaints and claims in confidence.

19        MGA's request nos. 37 and 39 seek information relevant to MGA's allegation that Mattel

20   influenced CARU to place restrictions on MGA's advertisements.  The Federal Rules of Civil

21   Procedure do not require MGA to identify every instance when CARU imposed restrictions or

22   required amendments to MGA's advertisements before propounding discovery on the subject.

23        Request no. 38 is much broader, however, seeking all communications between Mattel

24   and CARU referring or relating to MGA, Larian, Bratz, or MGA products.  Request no. 38 is not

25   limited to the subject of MGA's advertisements, or any other subject that is at issue in the case.

26   Further, request no. 38 is, to a certain extent, cumulative of request nos. 37 and 39.

27

28
     Bryant v. Mattel, Inc.,                                              14
     CV-04-09049 SGL (RNBx)

EXHIBIT  9  PAGE 263

1         Accordingly, MGA's motion is granted with respect to request nos. 37 and 39, but denied

2    as to request no. 38.

### 3. Document Request No. 43

4         Request no. 43 seeks documents relating to any attempts by Mattel to price My Scene

5    below Bratz.  MGA contends that the documents it seeks are likely to lead to admissible evidence

6    relating to whether Mattel has an "organic process" for setting prices, or whether it set prices

7    based on confidential information obtained from MGA.  MGA's Motion at 13:22.

8         Mattel contends that there is no allegation in MGA's complaint of below-market pricing.

9    Further, Mattel contends that the request is overbroad and seeks documents that have no relevance

10   to any other subject matter in suit.

11        Request no. 43 seeks documents that have no relevance to any claim or defense in the

12   case.  There is no allegation in MGA's complaint related to below-market pricing.  Nor is there

13   any allegation that Mattel misappropriated confidential pricing information from MGA.

14   Accordingly, MGA's motion is denied as to request no. 43.

### 4. Document Request No. 47

16        Request no. 47 calls for production of documents relating to Mattel's communications

17   with buyers, merchandisers, general merchandise managers, or retailers relating to whether MGA

18   was giving any other U.S. retailer below-market pricing or whether MGA was discontinuing one

19   of its product lines.  MGA contends that these documents are relevant to the allegation in

20   paragraph 79 of its complaint that "Mattel has falsely told a major United States retailer that

21   MGA was giving another major United States retailer below-market pricing and falsely told a

22   United Kingdom retailer that MGA was discontinuing one of its lines."

23        Mattel contends that request no. 47 is improper because it demands documents about

24   "alleged statements to an unidentified retailer and an unidentified toy line" without giving Mattel

25   "a hint as to where to look in order to perform a good-faith search for documents."  Mattel's

26   Opposition at 12.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

15

EXHIBIT 9  PAGE 264

1       Request no. 47 seeks documents relevant to MGA's allegation that Mattel made a false

2 representation to a major United States retailer that MGA was giving another retailer below-

3 market pricing, and falsely told a United Kingdom retailer that MGA was discontinuing a product

4 line.  The Federal Rules of Civil Procedure do not require MGA to identify the businesses to

5 whom Mattel allegedly made the false statements as a precondition to propounding discovery.

6 Nor is MGA required to identify every instance in which Mattel allegedly made such false

7 representations before propounding discovery.  Nevertheless, the request is extremely broad and

8 burdensome, requiring Mattel to search for "all documents referring or relating to any

9 communications between Mattel" and buyers, merchandisers, general merchandise managers, or

10 retailers referring or relating to whether MGA was giving another United States retailer below-

11 marketing pricing, or whether MGA was discontinuing one of its lines.  To alleviate some of the

12 burden to Mattel, the request is hereby limited to require production of only Mattel's

13 communications with any buyers, merchandisers, general merchandise managers or retailers

14 about MGA providing below-market pricing or MGA discontinuing a product line.  With this

15 limitation, MGA's motion is granted as to request no. 47.

16       <u>5. Document Request Nos. 48 – 50</u>

17       Request nos. 48 through 50 essentially seek all documents referring or relating to Mattel's

18 communications with any buyers, merchandisers, general merchandise managers, retailers,

19 suppliers, licensees, and potential licensees, referring or relating to Bratz, Larian or MGA

20 regarding the origins, design, development, product launch, sales, promotions, advertising,

21 quality, or price of Bratz or any other MGA product.  During the meet and confer, Mattel agreed

22 to produce some, but not all, responsive documents.  In particular, Mattel objected to producing

23 documents relating to the pricing of Bratz or any MGA product.  Mattel also objected to

24 producing documents relating to Bratz unless the documents also referenced Mattel's My Scene

25 or Barbie products.

26

27

28

1    MGA contends that these documents are relevant to its allegation that Mattel interfered

2    with its business dealings with third parties.  In its reply brief, MGA asserts that it seeks

3    documents and communications between Mattel and certain third parties "from June 2001 tending

4    to support or refute MGA's assertions that Mattel interfered with MGA's dealings with such

5    parties by providing false or misleading information concerning MGA products, the ownership of

6    'Bratz' and exerting pressure on these parties not to license or sell MGA products."  MGA's

7    Reply at 8.

8         Mattel contends that these requests are overbroad and amount to an improper fishing

9    expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other MGA

10   product, whether or not they have anything to do with anything placed at issue by MGA.  Mattel's

11   Opposition at 7-8.  Mattel also contends that the requests have no linkage to any possible

12   consumer confusion between Bratz and My Scene or between the other products mentioned in

13   MGA's complaint or MGA's responses to Mattel's contention interrogatories.  Id. at 8.

14        This category of requests is clearly overbroad, requiring production of documents that

15   merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they

16   have anything to do with the claims and defenses in the case.  MGA has not made any attempt to

17   link these requests to any of the numerous and far-ranging allegations of unfair competition set

18   forth in its complaint.  Instead MGA makes a very generalized argument that the requests seek

19   information relevant to its allegation that Mattel interfered with MGA's business dealings with

20   third parties.  Furthermore, Mattel has carried its burden of establishing that the burden and

21   expense of complying with the requests far exceed their likely benefit, taking into account the

22   needs of the case.  Accordingly, MGA's motion is denied as to request nos. 48 through 50.

23                              6. Document Request Nos. 51 – 55

24        This category of document requests requires production of essentially all documents

25   referring or relating to any communications between Mattel and any public relations firms,

26   members of the press, current or former MGA employees, or former Mattel employees, relating to

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                        17

     EXHIBIT  9  PAGE  269

1    Bratz, Larian, or MGA regarding the origins, design, development, product launch, sales,

2    promotions, advertising, quality, or price of Bratz or any other MGA product. During the meet

3    and confer process, Mattel agreed to produce some, but not all responsive documents.

4         MGA contends that these documents are relevant to its allegations that Mattel has engaged

5    in serial imitation of MGA products in an attempt to dilute their distinctiveness and create

6    confusion in the marketplace. MGA also contends that these documents are likely to lead to

7    admissible evidence relating to the creation and ownership of Bratz, Mattel's knowledge and

8    awareness of Bratz products and marketing and its attempt to imitate those products and dilute

9    their distinctiveness.

10        Mattel contends that these requests are overbroad and amount to an improper fishing

11   expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other MGA

12   product, whether or not they have anything to do with anything placed at issue by MGA. Mattel's

13   Opposition at 7-8. Mattel also contends that the requests have no linkage to any possible

14   consumer confusion between Bratz and My Scene or between the other products mentioned in

15   MGA's complaint or MGA' responses to Mattel's contention interrogatories. Id. at 8.

16        Like the previous category of requests, this category of requests is grossly overbroad,

17   requiring production of documents that merely mention MGA, Larian, Bratz or other MGA

18   products, regardless of whether or not they have anything to do with the claims and defenses in

19   the case. MGA has not made any attempt to link these requests to any of the allegations of unfair

20   competition set forth in its complaint or to the responses it provided to Mattel's contention

21   interrogatories. Furthermore, Mattel has carried its burden of establishing that the burden and

22   expense of complying with these requests far exceed their likely benefit, taking into account the

23   needs of the case. Accordingly, MGA's motion is denied as to request nos. 51-55.

24                          7. Document Request Nos. 56 – 58

25        This category of requests requires production of all documents relating to business

26   dealings between any licensee, supplier, manufacturer, retailer, distributor, or merchandiser and

27

28                                                                                    18
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

     EXHIBIT  9  PAGE  267

1    MGA.  MGA contends that these document requests are specifically tailored to documents in

2    Mattel's possession, custody or control concerning MGA's business dealings with licensees,

3    suppliers, manufacturers, retailers, distributors, or merchandisers, and are directly relevant to its

4    claims that Mattel interfered with MGA's business dealings with third parties.

5         Again, Mattel contends that these requests are overbroad and amount to an improper

6    fishing expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other

7    MGA product, whether or not they have anything to do with anything placed at issue by MGA.

8    Mattel's Opposition at 7-8.  Mattel also contends that the requests have no linkage to any possible

9    consumer confusion between Bratz and My Scene or between the other products mentioned in

10   MGA's complaint or MGA' responses to Mattel's contention interrogatories.  Id. at 8.  Mattel

11   also objects to request nos. 57 and 58 insofar as they require Mattel to produce documents that

12   refer "explicitly or implicitly" to business dealings involving MGA.

13        Like the previous two categories of document requests, this category of requests is grossly

14   overbroad.  Request nos. 56 and 57 require production of documents referring or relating to

15   MGA's business dealings, without specifying any products or other subject matter limitations.

16   Request no. 58 is narrower, but is unreasonable insofar as it requires Mattel to produce documents

17   that refer "explicitly or implicitly" to business deals involving MGA's Bratz or other products.

18   Furthermore, Mattel has carried its burden of establishing that the burden and expense of

19   complying with the requests far exceed their likely benefit, taking into account the needs of the

20   case.  Accordingly, MGA's motion is denied as to request nos. 56 through 58.

21                    8. Document Request Nos. 59, 60, 62-63, 99, 101

22        This category of requests requires production of all documents relating to (a) any

23   interference with or inhibition of the licensing or potential licensing of MGA's products, or

24   relating to any limitations or restrictions on any MGA licensee (request nos. 59, 62-63); (b) any

25   third party's licensing or potential licensing of MGA products (request no. 60); and (c)

26   communications between Mattel and MGA's licensees and distributors referring to MGA, Bratz

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

19

EXHIBIT 9   PAGE 268

1   or the claims in this lawsuit (request nos. 99, 101). MGA contends that the documents it seeks are

2   relevant to its allegation that Mattel exerted its influence on retailers and other third parties not to

3   do business with MGA.

4        Mattel contends that request nos. 59, 60, 62 and 63 are overbroad, seeking all documents

5   that might bear on MGA's business without identifying any particular business dealings. Mattel

6   also contends that they are overbroad insofar as they require production of all documents related

7   to "any MGA PRODUCT world wide," where "product" is defined as "each image, character,

8   logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been

9   manufactured, marketed or sold by MGA or others under license." Mattel's Opposition at 9.

10        Mattel also contends that request nos. 99 and 101 are overbroad and amount to an

11   improper fishing expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or

12   any other MGA product, whether or not they have anything to do with anything placed at issue by

13   MGA. Mattel's Opposition at 7-8. Mattel also contends that the requests have no linkage to any

14   possible consumer confusion between Bratz and My Scene or between the other products

15   mentioned in MGA's complaint or MGA' responses to Mattel's contention interrogatories. Id. at

16   8.

17        Request nos. 59, 60, 62, and 63 seek information relevant to MGA's allegations, including

18   among others, that Mattel "warned a number of companies, including the biggest publishing

19   entity in the United Kingdom, not to license MGA products, or risk retribution," and that Mattel

20   "terminated one of its licensees, apparently in retribution for licensing Bratz." MGA's Complaint

21   at ¶76. They are also reasonably tailored to require production of only those documents and

22   communications that refer or relate to interference with or inhibition of the licensing or potential

23   licensing of MGA's products, that refer or relate to any limitations or restrictions on any MGA

24   licensee, and that refer or relate to any third party's licensing or potential licensing of MGA

25   products. Mattel has not established that searching for theses types of responsive documents is

26   unduly burdensome. Therefore, MGA's motion is granted as to request nos. 59, 60, 62 and 63.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

20

EXHIBIT 9   PAGE 269

1    In contrast, however, request nos. 99 and 101 are overbroad, requiring Mattel to search for

2    and produce all documents referring or relating to communications between Mattel and any MGA

3    licensee or distributor that refer or relate to MGA, Bratz, this lawsuit, other litigation involving

4    the parties or their employees, claims by MGA against Mattel or claims by Mattel against MGA

5    or its employees.  For example, the requests would potentially require production of documents

6    that merely mentioned MGA and Bratz but that otherwise have no relevance to the claims and

7    defenses in the suit.  Therefore, MGA's motion is denied as to request nos. 99 and 101.

8                            9. Document Request Nos. 64, 65, 66, 67

9    This category of requests requires production of all documents relating to (a) any third

10   party's agreement or decision not to license, manufacture, promote, distribute or sell MGA

11   products or supply materials or services to MGA, or to limit, restrict, curtail or reduce such

12   activities (request nos. 64-65); and (b) any interference with or inhibition of the supply of goods

13   or services to MGA, or of MGA's distribution of its products (request nos. 66-67).  MGA

14   contends that these documents are relevant to its claims that Mattel interfered with MGA's

15   business dealings with distributors, retailers, and other third parties, as alleged in paragraphs 76-

16   79 of its complaint.

17   Mattel contends that these requests are overbroad, seeking all documents that might bear

18   on MGA's business without identifying any particular business dealings.  Mattel also contends

19   that they are overbroad insofar as they require production of all documents related to "any MGA

20   PRODUCT world wide," where "product" is defined as "each image, character, logo, doll, toy,

21   accessory, product, packaging or other thing or matter that is or has ever been manufactured,

22   marketed or sold by MGA or others under license."  Mattel's Opposition at 9.

23   These requests seek information relevant to MGA's allegation that Mattel interfered with

24   its business dealings.  In particular, MGA has alleged that Mattel "warned a number of

25   companies, including the biggest publishing entity in the United Kingdom, not to license MGA

26   products, or risk retribution," and that Mattel "terminated one of its licensees, apparently in

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

21

EXHIBIT _9_ PAGE _270_

1  retribution for licensing Bratz." MGA's Complaint at ¶76. MGA's requests are reasonably

2  calculated to lead to information relevant to this allegation. Although the definition of product is

3  broad, the definition does not render the requests overbroad because they are otherwise limited in

4  subject matter. Further Mattel has failed to establish that it is unduly burdensome to search for

5  and produce documents responsive to this category of requests. Therefore, MGA's motion is

6  granted as to request nos. 64, 65, 66, and 67.

7                               10. Document Request Nos. 102-104

8         This category of requests requires production of Mattel's communications with three

9  companies referring to MGA, Bratz or Larian. MGA contends that these documents are relevant

10 to its claims that Mattel interfered with its business dealings with third parties.

11        Mattel now represents that it will produce communications with Nickelodeon that bear on

12 MGA's allegation regarding sponsorship of the 2005 Kids Choice Awards. Mattel contends,

13 however, that communications with Cartoon Network or 4kids Entertainment are not relevant to

14 any claim or defense in suit.

15        Mattel's communications with Nickelodeon regarding MGA, Bratz or Larian are relevant

16 in light of MGA's allegation that Mattel was "instrumental in attempting to keep MGA from

17 participating as a sponsor in the 'Kids' Choice Awards.'" Id. at ¶97. Therefore, MGA's motion

18 is granted as to request nos. 102. In contrast, MGA has failed to establish that similar

19 communications with Cartoon Network and 4kids Entertainment are relevant to a claim or

20 defense in suit. Therefore, MGA's motion is denied as to request nos. 103 and 104.

21 //

22 //

23 //

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

22

EXHIBIT 9  PAGE 271

1                                                 <u>V. CONCLUSION</u>

2          For the reasons set forth above, MGA's motion to compel is granted in part as to

3   document request nos. 32 ( as modified), 33 (as modified), 61 (as modified), 37, 39, 47 (as

4   modified) , 59, 60, 62, 63, 64, 65, 66, 67, and 102, and denied in part as to document request nos.

5   38, 43, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 99, 101, 103 and 104.  MGA's request for

6   sanctions is denied.  Mattel shall produce responsive documents as set forth above no later than

7   June 15, 2007.

8          Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

9   Master, MGA shall file this Order with the Clerk of Court forthwith.

10

11   Dated: May 22, 2007

12                            HON. EDWARD A. INFANTE (Ret.)

                                     Discovery Master

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

23

EXHIBIT 9   PAGE 24

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 22, 2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DATED NOVEMBER 22, 2006 in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 22, 2007, at San Francisco, California.

ANTHONY SALES

EXHIBIT ___9___ PAGE __273__

**EXHIBIT 10**

1   DIANA M. TORRES (S.B. #162284)
    JAMES P. JENAL (S.B. # 180190)
2   O'MELVENY & MYERS LLP
    400 South Hope Street
3   Los Angeles, CA 90071-2899
    Telephone: (213) 430-6000
4   Facsimile: (213) 430-6407
    Email: jjenal@omm.com
5
    DALE M. CENDALI (admitted *pro hac vice*)
6   O'MELVENY & MYERS LLP
    Times Square Tower, 7 Times Square
7   New York, New York 10036
    Telephone: (212) 326-2000
8   Facsimile: (212) 326-2061
9   PATRICIA GLASER (S.B. #55668)
    CHRISTENSEN, GLASER, FINK,
10  JACOBS, WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
11  Los Angeles, CA 90067
    Telephone: (310) 553-3000
12  Facsimile: (310) 557-9815
13  Attorneys for MGA Entertainment, Inc.
14
15              UNITED STATES DISTRICT COURT
16              CENTRAL DISTRICT OF CALIFORNIA
                      EASTERN DIVISION
17
18  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                         (consolidated with CV 04-9059 & 05-2727)
19              Plaintiff,
        v.                               MGA ENTERTAINMENT INC.'s
20  MATTEL, INC., a Delaware             RESPONSE TO MATTEL INC.'S
    Corporation,                         FIRST SET OF REQUESTS FOR
21                                       DOCUMENTS AND THINGS RE
                Defendant.               CLAIMS OF UNFAIR COMPETITION
22
    CONSOLIDATED WITH                    Judge: Hon. Stephen G. Larson
23  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v.           Discovery Cut-Off: T.B.D.
24  MATTEL, INC.
25
26
27
28

RECEIVED

JAN 1 7 2007

EXHIBIT 10 PAGE 274

## PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

MGA Entertainment, Inc. ("MGA") has not yet completed its investigation relating to the facts of this action and has not completed preparation for trial. MGA makes its response to these document requests ("requests," or individually, "request") based upon the information presently available to it and without prejudice to its right to amend or supplement its responses and to present evidence which may hereafter be discovered or become available.

MGA will respond to each request as it understands and interprets each request. If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request that differs from that of MGA, MGA reserves the right to supplement its objections and responses.

By providing these responses, MGA does not concede that any of the information sought by these requests is relevant or discoverable. MGA makes these responses and objections without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve: (a) the right to object on any grounds to the use or introduction into evidence of the documents or information provided in response to these requests; (b) the right to object to the use of the documents or information provided in response to the requests in any subsequent proceeding in, or the arbitration of this or any other action; and (c) the right to object on any ground at any time to other requests or further discovery into any of the subject matters addressed in these requests or the responses thereto. MGA's production of documents is conditioned on the terms of the stipulated Protective Order that is in place in this action.

MGA shall not provide any privileged or protected information, including without limitation, information protected by the attorney-client privilege or the attorney work product doctrine, and nothing herein may be construed as a waiver of any applicable privilege or protection. Any inadvertent production of privileged or protected documents or information shall not be construed as a waiver

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 295

1   of any privilege or protection attaching thereto and MGA reserves the right, as set

2   forth in the stipulated Protective Order in place in this action, to correct the record

3   with regard to any such information and to supplement or amend these responses,

4   which supplemental or amended response shall become the operative response.

5

6                          **GENERAL OBJECTIONS**

7          1.      MGA objects to each and every request on the ground that

8   production at the date and time demanded will subject MGA to unwarranted

9   oppression and undue burden and expenses. The time set for compliance is unduly

10  burdensome, especially in light of the number of document requests, and the scope

11  and volume of the material being sought. MGA intends to proceed expeditiously to

12  collect the documents for production, and if any are identified, will produce them at

13  a date and time, and in such a manner, as may be mutually agreed by counsel for

14  the parties.

15         2.      MGA objects to each request to the extent that it seeks

16  information protected from discovery by the attorney-client privilege, work-product

17  doctrine, right to privacy, or any other applicable legal, statutory or constitutional

18  privilege.

19         3.      MGA objects to each request to the extent that it seeks the

20  disclosure of confidential, proprietary or trade secret information. Should such

21  documents be otherwise responsive and non-objectionable, MGA will produce such

22  documents subject to the terms and conditions of the Protective Order governing

23  this case.

24         4.      MGA objects to each request to the extent that it seeks

25  documents in Mattel's own possession, custody or control or that are equally

26  accessible to Mattel from public sources or from third parties.

27         5.      MGA objects to each request to the extent that it asks for

28  documents that are not relevant to claims or defenses in this case.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT __10__ PAGE __276__

1      6.    MGA objects to each and every request to the extent it purports

2  to require MGA to search all documents and things within its possession, custody

3  or control or within the possession, custody or control of any of MGA's current or

4  former employees, officers, directors, agents, representatives, attorneys, parents,

5  subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest,

6  and any other person acting on its behalf, pursuant to its authority or subject to its

7  control, on the grounds that such request is unreasonable, overbroad, unduly

8  burdensome and oppressive, violates the right of privacy, and purports to require

9  MGA to search for documents not within its possession, custody or control.  MGA

10  will make a reasonably diligent search for responsive documents within its

11  possession, custody or control.

12      7.    MGA objects to each and every request to the extent its seeks

13  "all documents" responsive to a certain category on the grounds that such request is

14  overbroad, unduly burdensome and oppressive.  MGA will produce otherwise

15  unobjectionable documents sufficient to provide Mattel with the information

16  sought, following a reasonably diligent search.  On grounds of oppression and

17  undue burden, MGA will not respond to duplicative or cumulative requests and will

18  not re-produce documents it has already produced or produce documents that it has

19  received from Mattel or others in the course of discovery in this matter.

20      8.    MGA objects to each request to the extent it seeks documents

21  not within MGA's possession, custody, or control.

22      9.    MGA objects to each request to the extent it seeks information

23  relating to activities or conduct of other entities or non-parties.  In each instance in

24  which MGA has agreed to produce documents, such production is hereby expressly

25  limited to documents relating to its own activities or conduct only.

26      10.    MGA objects to the defined terms "You," "Your," and "Mattel,"

27  on the grounds that these terms, as defined, are overbroad, are vague and

28  ambiguous, and call for legal conclusions.

- 4 -

EXHIBIT __10__ PAGE 277

1           11.   MGA objects to the defined terms "Contested MGA Products,"

2  "Contested Bratz Doll Products," "Contested Bratz Petz Products," "Contested

3  Bratz Funky Fashion Makeover," "Contested 4-Ever Best Friends Products,"

4  "Contested Mommy's Little Doll Products," "Contested AlienRacerS Products,"

5  "Contested Mattel Products," "Contested Mattel My Scene Dolls and Products,"

6  "Contested Mattel My Scene Pets Products," "Contested Mattel My Scene Styling

7  Head," "Contested Mattel Wee-3 Products," "Contested Mattel Little Mommy

8  Doll" and "Contested Mattel AcceleRacerS Products" on the grounds that these

9  terms, as defined, are overbroad, are vague and ambiguous, and call for legal

10  conclusions.

11          12.   MGA objects to the defined term "Embodiment" on the ground

12  that this term, as defined, is overbroad, vague and ambiguous and calls for a legal

13  conclusion.  MGA further objects to the definition of this term in that it calls for the

14  production of trade secret and proprietary information that is unrelated to any claim

15  or defense in this litigation and is not reasonably calculated to lead to the discovery

16  of admissible evidence.

17

18                **SPECIFIC OBJECTIONS AND RESPONSES**

19  **REQUEST FOR PRODUCTION NO. 1:**

20      A sample of each of the CONTESTED MGA PRODUCTS, together with

21  each such product's packaging and all instructions, promotional literature, coupons,

22  bounce-back cards and any other materials inserted in or associated with such

23  packaging.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

25      MGA incorporates by reference the above-stated general objections as if

26  fully set forth herein.  MGA also specifically objects to this request to the extent

27  that it seeks information not relevant to the subject matter of this lawsuit or

28  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 278

1    objects to this request on the grounds that it is overbroad, unduly burdensome, and

2    oppressive in seeking all packaging and instructions, promotional literature,

3    coupons, bounce-back cards and any other materials inserted in or associated with

4    the packaging of MGA's products at issue in this litigation.

5        Subject to the foregoing, MGA will produce relevant documents responsive

6    to this request that are visible to the consuming public at the point-of-purchase, if

7    any, that it is able to locate following a reasonably diligent search.

8    **REQUEST FOR PRODUCTION NO. 2:**

9        A sample of each display, including but not limited to each point-of-purchase

10   or in-store display, prepared, produced, printed, manufactured or used in connection

11   with the CONTESTED MGA PRODUCTS.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

13       MGA incorporates by reference the above-stated general objections as if

14   fully set forth herein. MGA also specifically objects to this request to the extent

15   that it seeks information not relevant to the subject matter of this lawsuit or

16   reasonably calculated to lead to the discovery of admissible evidence. MGA also

17   objects to this request on the grounds that it is overbroad, unduly burdensome, and

18   oppressive in seeking a "sample of each display, including but not limited to each

19   point-of-purchase or in-store display, prepared, produced, printed, manufactured or

20   used in connection with" MGA's products at issue in this litigation.

21       Subject to the foregoing, MGA will produce relevant and non-objectionable

22   documents in its possession, custody or control, if any, responsive to this request

23   that it is able to locate following a reasonably diligent search.

24   **REQUEST FOR PRODUCTION NO. 3:**

25       A complete copy of each advertisement or promotional statement prepared,

26   produced, printed, broadcast, made available to anyone in any manner via the

27   Internet, or otherwise used or disseminated in any way in connection with the

28   CONTESTED MGA PRODUCTS.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 275

1　**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

2　　　MGA incorporates by reference the above-stated general objections as if

3　fully set forth herein.  MGA also specifically objects to this request to the extent

4　that it seeks information not relevant to the subject matter of this lawsuit or

5　reasonably calculated to lead to the discovery of admissible evidence.  MGA also

6　objects to this request on the grounds that it is overbroad, unduly burdensome, and

7　oppressive in seeking "a complete copy of each advertisement or promotional

8　statement prepared, produced, printed, broadcast, made available to anyone in any

9　manner via the Internet, or otherwise used or disseminated in any way in

10　connection with" MGA's products at issue in this litigation.

11　　　Subject to the foregoing, MGA will produce relevant and non-objectionable

12　documents in its possession, custody or control, if any, responsive to this request

13　that were made available to the consuming public, that it is able to locate following

14　a reasonably diligent search.

15　**REQUEST FOR PRODUCTION NO. 4:**

16　　　A complete copy of each COMMUNICATION, advertisement, promotional

17　statement that provides a basis for any claim by YOU against MATTEL.

18　**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

19　　　MGA incorporates by reference the above-stated general objections as if

20　fully set forth herein.  MGA also specifically objects to this request on the grounds

21　that it is overbroad, unduly burdensome, and oppressive in seeking a "complete

22　copy of each COMMUNICATION, advertisement, promotional statement" that

23　provides a basis for any claim by MGA against MATTEL.

24　　　Subject to the foregoing, MGA will produce relevant and non-objectionable

25　documents in its possession, custody or control, if any, responsive to this request

26　that were made available to the public, that it is able to locate following a

27　reasonably diligent search.

28

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT __10__ PAGE __280__

1  **REQUEST FOR PRODUCTION NO. 5:**

2       All DOCUMENTS RELATING TO the invention, creation, origin,

3  conception, authorship, and ownership of the CONTESTED MGA PRODUCTS.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

5       MGA incorporates by reference the above-stated general objections as if

6  fully set forth herein. MGA also specifically objects to this request to the extent

7  that it seeks information not relevant to the subject matter of this lawsuit or

8  reasonably calculated to lead to the discovery of admissible evidence. MGA also

9  objects to this request on the grounds that it is overbroad, unduly burdensome, and

10 oppressive in seeking all documents relating to the invention, creation, origin,

11 conception, authorship, and ownership of MGA's products. MGA also objects to

12 this request to the extent it seeks information the disclosure of which would

13 implicate the rights of third parties to protect private, confidential, proprietary or

14 trade secret information. MGA also objects to this request on the grounds that it

15 seeks confidential, proprietary or commercially sensitive information, the

16 disclosure of which would be inimical to the business interests of MGA. MGA also

17 objects to this request to the extent it calls for the disclosure of attorney-client

18 privileged information or information protected from disclosure by the work-

19 product doctrine, joint defense or common interest privilege, or other privilege.

20 MGA also objects to this request to the extent that it seeks documents not in

21 MGA's possession, custody or control.

22 **REQUEST FOR PRODUCTION NO. 6:**

23      All DOCUMENTS RELATING TO the invention, creation, origin,

24 conception, authorship, and ownership of any product packaging that provides a

25 basis for any claim by YOU against MATTEL.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

27      MGA incorporates by reference the above-stated general objections as if

28 fully set forth herein. MGA also specifically objects to this request to the extent

- 8 -

EXHIBIT  10  PAGE  281

1    that it seeks information not relevant to the subject matter of this lawsuit or

2    reasonably calculated to lead to the discovery of admissible evidence.  MGA also

3    objects to this request on the grounds that it is overbroad, unduly burdensome, and

4    oppressive in seeking all documents relating to the invention, creation, origin,

5    conception, authorship, and ownership of any product packaging that provides a

6    basis for any claim by MGA against MATTEL.  MGA also objects to this request

7    to the extent it seeks information the disclosure of which would implicate the rights

8    of third parties to protect private, confidential, proprietary or trade secret

9    information.  MGA also objects to this request on the grounds that it seeks

10   confidential, proprietary or commercially sensitive information, the disclosure of

11   which would be inimical to the business interests of MGA.  MGA also objects to

12   this request to the extent it calls for the disclosure of attorney-client privileged

13   information or information protected from disclosure by the work-product doctrine,

14   joint defense or common interest privilege, or other privilege.  MGA also objects to

15   this request to the extent that it seeks documents not in MGA's possession, custody

16   or control.

17   **REQUEST FOR PRODUCTION NO. 7:**

18        All DOCUMENTS RELATING TO COMMUNICATIONS with any

19   PERSON regarding the invention, creation, origin, conception, authorship, and

20   ownership of the CONTESTED MGA PRODUCTS.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

22        MGA incorporates by reference the above-stated general objections as if

23   fully set forth herein.  MGA also specifically objects to this request to the extent

24   that it seeks information not relevant to the subject matter of this lawsuit or

25   reasonably calculated to lead to the discovery of admissible evidence.  MGA also

26   objects to this request on the grounds that it is overbroad, unduly burdensome, and

27   oppressive in seeking *all* documents relating to communications with *any* person

28   regarding the invention, creation, origin, conception, authorship, and ownership of

- 9 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 282

1  MGA products at issue in this litigation.  MGA also objects to this request to the

2  extent it seeks information the disclosure of which would implicate the rights of

3  third parties to protect private, confidential, proprietary or trade secret information.

4  MGA also objects to this request on the grounds that it seeks confidential,

5  proprietary or commercially sensitive information, the disclosure of which would

6  be inimical to the business interests of MGA.  MGA also objects to this request to

7  the extent it calls for the disclosure of attorney-client privileged information or

8  information protected from disclosure by the work-product doctrine, joint defense

9  or common interest privilege, or other privilege.  MGA also objects to this request

10  to the extent that it seeks documents not in MGA's possession, custody or control.

11  **REQUEST FOR PRODUCTION NO. 8:**

12       All DOCUMENTS RELATING TO COMMUNICATIONS with any

13  PERSON regarding the invention, creation, origin, conception, authorship, and

14  ownership of all product packaging that provides a basis for any claim by YOU

15  against MATTEL.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

17       MGA incorporates by reference the above-stated general objections as if

18  fully set forth herein.  MGA also specifically objects to this request to the extent

19  that it seeks information not relevant to the subject matter of this lawsuit or

20  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

21  objects to this request on the grounds that it is overbroad, unduly burdensome, and

22  oppressive in seeking *all* documents relating to communications with *any* person

23  regarding the invention, creation, origin, conception, authorship, and ownership of

24  all product packaging that provides a basis for any claim by MGA against

25  MATTEL.  MGA also objects to this request to the extent it seeks information the

26  disclosure of which would implicate the rights of third parties to protect private,

27  confidential, proprietary or trade secret information.  MGA also objects to this

28  request on the grounds that it seeks confidential, proprietary or commercially

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT __1 6__ PAGE 283

1  sensitive information, the disclosure of which would be inimical to the business

2  interests of MGA.  MGA also objects to this request to the extent it calls for the

3  disclosure of attorney-client privileged information or information protected from

4  disclosure by the work-product doctrine, joint defense or common interest

5  privilege, or other privilege.  MGA also objects to this request to the extent that it

6  seeks documents not in MGA's possession, custody or control.

7  **REQUEST FOR PRODUCTION NO. 9:**

8      All DOCUMENTS RELATING TO the invention, creation, origin,

9  conception, authorship, design, development, production, engineering, manufacture,

10  distribution, sale, and ownership of products and packaging that YOU contend

11  provide a basis for any claim against MATTEL, whether or not such claim is made

12  in the COMPLAINT.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

14      MGA incorporates by reference the above-stated general objections as if

15  fully set forth herein.  MGA also specifically objects to this request to the extent

16  that it seeks information not relevant to the subject matter of this lawsuit or

17  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

18  objects to this request on the grounds that it is overbroad, unduly burdensome, and

19  oppressive in seeking *all* documents relating to the "invention, creation, origin,

20  conception, authorship, design, development, production, engineering, manufacture,

21  distribution, sale and ownership of products and packaging" that MGA contends

22  provides a basis for MGA's claims against MATTEL, including whether or not

23  such claim is made in the Complaint.  MGA also objects to this request to the

24  extent it seeks information the disclosure of which would implicate the rights of

25  third parties to protect private, confidential, proprietary or trade secret information.

26  MGA also objects to this request on the grounds that it seeks confidential,

27  proprietary or commercially sensitive information, the disclosure of which would

28  be inimical to the business interests of MGA.  MGA also objects to this request to

- 11 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT __I^D__ PAGE __284__

1    the extent it calls for the disclosure of attorney-client privileged information or

2    information protected from disclosure by the work-product doctrine, joint defense

3    or common interest privilege, or other privilege.  MGA also objects to this request

4    to the extent that it seeks documents not in MGA's possession, custody or control.

5    **REQUEST FOR PRODUCTION NO. 10:**

6       All DOCUMENTS RELATING TO the invention, creation, origin,

7    conception, authorship, design, development, production, engineering, manufacture,

8    distribution, sale, and ownership of all products and packaging that YOU contend

9    MATTEL copied or infringed.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

11      MGA incorporates by reference the above-stated general objections as if

12   fully set forth herein.  MGA also specifically objects to this request to the extent

13   that it seeks information not relevant to the subject matter of this lawsuit or

14   reasonably calculated to lead to the discovery of admissible evidence.  MGA also

15   objects to this request on the grounds that it is overbroad, unduly burdensome, and

16   oppressive in seeking *all* documents relating to the "invention, creation, origin,

17   conception, authorship, design, development, production, engineering, manufacture,

18   distribution, sale, and ownership of all products and packaging" that MGA

19   contends MATTEL copied or infringed.  MGA also objects to this request to the

20   extent it seeks information the disclosure of which would implicate the rights of

21   third parties to protect private, confidential, proprietary or trade secret information.

22   MGA also objects to this request on the grounds that it seeks confidential,

23   proprietary or commercially sensitive information, the disclosure of which would

24   be inimical to the business interests of MGA.  MGA also objects to this request to

25   the extent it calls for the disclosure of attorney-client privileged information or

26   information protected from disclosure by the work-product doctrine, joint defense

27   or common interest privilege, or other privilege.  MGA also objects to this request

28   to the extent that it seeks documents not in MGA's possession, custody or control.

- 12 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 285

1    **REQUEST FOR PRODUCTION NO. 11:**

2           ALL DOCUMENTS RELATING TO COMMUNICATIONS with any

3    PERSON regarding the invention, creation, origin, conception, authorship, design,

4    development, production, engineering, manufacture, distribution, sale, and

5    ownership of the CONTESTED MATTEL PRODUCTS and their associated

6    packaging.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8           MGA incorporates by reference the above-stated general objections as if

9    fully set forth herein.  MGA also specifically objects to this request to the extent

10   that it seeks information not relevant to the subject matter of this lawsuit or

11   reasonably calculated to lead to the discovery of admissible evidence.  MGA also

12   objects to this request on the grounds that it is overbroad, unduly burdensome, and

13   oppressive in seeking *all* documents relating to communications with *any* person

14   "regarding the invention, creation, origin, conception, authorship, design,

15   development, production, engineering, manufacture, distribution, sale, and

16   ownership" of MATTEL's products at issue in this litigation, including their

17   packaging.  MGA also objects to this request on the grounds that it seeks

18   confidential, proprietary or commercially sensitive information, the disclosure of

19   which would be inimical to the business interests of MGA.  MGA also objects to

20   this request to the extent it calls for the disclosure of attorney-client privileged

21   information or information protected from disclosure by the work-product doctrine,

22   joint defense or common interest privilege, or other privilege.  MGA also objects to

23   this request to the extent that it seeks documents not in MGA's possession, custody

24   or control.

25          Subject to the foregoing, MGA will produce relevant and non-objectionable

26   documents in its possession, custody or control, if any, responsive to this request

27   that it is able to locate following a reasonably diligent search.

28

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10   PAGE 286

1  **REQUEST FOR PRODUCTION NO. 12:**

2      ALL DOCUMENT RELATING TO COMMUNICATIONS with any

3  PERSON regarding the invention, creation, origin, conception, authorship, design,

4  development, production, engineering, manufacture, distribution, sale, and

5  ownership of all products and packaging that YOU contend MATTEL copied or

6  infringed.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

8      MGA incorporates by reference the above-stated general objections as if

9  fully set forth herein.  MGA also specifically objects to this request to the extent

10  that it seeks information not relevant to the subject matter of this lawsuit or

11  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

12  objects to this request on the grounds that it is overbroad, unduly burdensome, and

13  oppressive in seeking *all* documents relating to communications with *any* person

14  "regarding the invention, creation, origin, conception, authorship, design,

15  development, production, engineering, manufacture, distribution, sale, and

16  ownership of all products and packaging" that MGA contends MATTEL copied or

17  infringed.  MGA also objects to this request to the extent it seeks information the

18  disclosure of which would implicate the rights of third parties to protect private,

19  confidential, proprietary or trade secret information.  MGA also objects to this

20  request on the grounds that it seeks confidential, proprietary or commercially

21  sensitive information, the disclosure of which would be inimical to the business

22  interests of MGA.  MGA also objects to this request to the extent it calls for the

23  disclosure of attorney-client privileged information or information protected from

24  disclosure by the work-product doctrine, joint defense or common interest

25  privilege, or other privilege.  MGA also objects to this request to the extent that it

26  seeks documents not in MGA's possession, custody or control.

27  **REQUEST FOR PRODUCTION NO. 13:**

28      All DOCUMENTS RELATING TO any revision of any CONTESTED

- 14 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 287

1    MGA PRODUCTS, including but not limited to any proposed alternatives,

2    modifications or changes (whether or not implemented) to such CONTESTED

3    MGA PRODUCTS.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

5         MGA incorporates by reference the above-stated general objections as if

6    fully set forth herein.  MGA also specifically objects to this request to the extent

7    that it seeks information not relevant to the subject matter of this lawsuit or

8    reasonably calculated to lead to the discovery of admissible evidence.  MGA also

9    objects to this request on the grounds that it is overbroad, unduly burdensome, and

10   oppressive in seeking "*all* documents relating to any revision" of any MGA product

11   at issue in this litigation, including "proposed alternatives, modifications or changes

12   (whether or not implemented)." MGA also objects to this request to the extent it

13   seeks information the disclosure of which would implicate the rights of third parties

14   to protect private, confidential, proprietary or trade secret information.  MGA also

15   objects to this request on the grounds that it seeks confidential, proprietary or

16   commercially sensitive information, the disclosure of which would be inimical to

17   the business interests of MGA.  MGA also objects to this request to the extent it

18   calls for the disclosure of attorney-client privileged information or information

19   protected from disclosure by the work-product doctrine, joint defense or common

20   interest privilege, or other privilege.  MGA also objects to this request to the extent

21   that it seeks documents not in MGA's possession, custody or control.

22        Subject to the foregoing, MGA will produce relevant and non-objectionable

23   documents in its possession, custody or control, if any, responsive to this request

24   relating to revisions of MGA products at issue in this litigation that were presented

25   to the consuming public, that it is able to locate following a reasonably diligent

26   search.

27   **REQUEST FOR PRODUCTION NO. 14:**

28        All DOCUMENTS RELATING TO the first date of availability for retail

- 15 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT _10_ PAGE _288_

1   sale of each of the CONTESTED MGA PRODUCTS.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

3       MGA incorporates by reference the above-stated general objections as if

4   fully set forth herein. MGA also specifically objects to this request to the extent

5   that it seeks information not relevant to the subject matter of this lawsuit or

6   reasonably calculated to lead to the discovery of admissible evidence. MGA also

7   objects to this request on the grounds that it seeks confidential, proprietary or

8   commercially sensitive information, the disclosure of which would be inimical to

9   the business interests of MGA. MGA also objects to this request to the extent it

10  calls for the disclosure of attorney-client privileged information or information

11  protected from disclosure by the work-product doctrine, joint defense or common

12  interest privilege, or other privilege. MGA also objects to this request to the extent

13  that it seeks documents not in MGA's possession, custody or control.

14      Subject to the foregoing, MGA will produce relevant and non-objectionable

15  documents in its possession, custody or control, if any, responsive to this request,

16  that it is able to locate following a reasonably diligent search.

17  **REQUEST FOR PRODUCTION NO. 15:**

18      All DOCUMENTS RELATING TO the first date that each of the

19  CONTESTED MGA PRODUCTS was shown to any PERSON not employed by

20  MGA, whether in concept, prototype, or finished form.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

22      MGA incorporates by reference the above-stated general objections as if

23  fully set forth herein. MGA also specifically objects to this request to the extent

24  that it seeks information not relevant to the subject matter of this lawsuit or

25  reasonably calculated to lead to the discovery of admissible evidence. MGA also

26  objects to this request on the grounds that it seeks confidential, proprietary or

27  commercially sensitive information, the disclosure of which would be inimical to

28  the business interests of MGA. MGA also objects to this request to the extent it

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10  PAGE 284

1   calls for the disclosure of attorney-client privileged information or information

2   protected from disclosure by the work-product doctrine, joint defense or common

3   interest privilege, or other privilege. MGA also objects to this request to the extent

4   that it seeks documents not in MGA's possession, custody or control.

5        Subject to the foregoing, MGA will produce relevant and non-objectionable

6   documents in its possession, custody or control, if any, responsive to this request,

7   that it is able to locate following a reasonably diligent search.

8   **REQUEST FOR PRODUCTION NO. 16:**

9        All head sculptures, including all preliminary head sculptures and all

10   versions of such sculptures, made, produced or prepared in connection with the

11   CONTESTED BRATZ DOLLS PRODUCTS.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

13        MGA incorporates by reference the above-stated general objections as if

14   fully set forth herein. MGA also specifically objects to this request to the extent

15   that it seeks information not relevant to the subject matter of this lawsuit or

16   reasonably calculated to lead to the discovery of admissible evidence. MGA also

17   objects to this request on the grounds that it is overbroad, unduly burdensome, and

18   oppressive in seeking *all* "head sculptures, including all preliminary head sculptures

19   and all versions of such sculptures, made, produced or prepared in connection" with

20   BRATZ products. MGA also objects to this request to the extent it seeks

21   information the disclosure of which would implicate the rights of third parties to

22   protect private, confidential, proprietary or trade secret information. MGA also

23   objects to this request on the grounds that it seeks confidential, proprietary or

24   commercially sensitive information, the disclosure of which would be inimical to

25   the business interests of MGA. MGA also objects to this request to the extent it

26   calls for the disclosure of attorney-client privileged information or information

27   protected from disclosure by the work-product doctrine, joint defense or common

28   interest privilege, or other privilege. MGA also objects to this request to the extent

- 17 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT *1* PAGE 290

1   that it seeks documents not in MGA's possession, custody or control.

2   **REQUEST FOR PRODUCTION NO. 17:**

3          All DOCUMENTS RELATING TO the tooling for any of the CONTESTED

4   BRATZ DOLLS PRODUCTS, including but not limited to all invoices, contracts,

5   sales orders, purchase orders and payment relating thereto and including but not

6   limited to all DOCUMENTS relating to the engineering, preparation, fabrication

7   and creation of the molds and face paint masks used in connection therewith and to

8   the film and/or digital files used in connection with the packaging therefore.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

10          MGA incorporates by reference the above-stated general objections as if

11   fully set forth herein. MGA also specifically objects to this request to the extent

12   that it seeks information not relevant to the subject matter of this lawsuit or

13   reasonably calculated to lead to the discovery of admissible evidence. MGA also

14   objects to this request on the grounds that it is overbroad, unduly burdensome, and

15   oppressive in seeking *all* documents relating to the tooling of MGA's BRATZ

16   products, including "*all* invoices, contracts, sales orders, purchase orders and

17   payment relating thereto, including but not limited to all DOCUMENTS relating to

18   the engineering, preparation, fabrication and creation of the molds and face paint

19   masks used in connection therewith and to the film and/or digital files used in

20   connection with the packaging therefore." MGA also objects to this request to the

21   extent it seeks information the disclosure of which would implicate the rights of

22   third parties to protect private, confidential, proprietary or trade secret information.

23   MGA also objects to this request on the grounds that it seeks confidential,

24   proprietary or commercially sensitive information, the disclosure of which would

25   be inimical to the business interests of MGA. MGA also objects to this request to

26   the extent it calls for the disclosure of attorney-client privileged information or

27   information protected from disclosure by the work-product doctrine, joint defense

28   or common interest privilege, or other privilege. MGA also objects to this request

- 18 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10   PAGE 291

1   to the extent that it seeks documents not in MGA's possession, custody or control.

2   **REQUEST FOR PRODUCTION NO. 18:**

3       All DOCUMENTS RELATING TO the marketing, advertising, promotion,

4   licensing, offering for sale or sale of the CONTESTED MGA PRODUCTS,

5   including but not limited to all marketing studies, marketing plans, sales plans,

6   sales forecasts, strategies, surveys and analyses and including but not limited to all

7   catalogs, advertisements, brochures, displays and Internet publications,

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

9       MGA incorporates by reference the above-stated general objections as if

10  fully set forth herein. MGA also specifically objects to this request to the extent

11  that it seeks information not relevant to the subject matter of this lawsuit or

12  reasonably calculated to lead to the discovery of admissible evidence. MGA also

13  objects to this request on the grounds that it is overbroad and unduly burdenshome

14  in that it seeks *all* documents relating to the "marketing, advertising, promotion,

15  licensing, offering for sale or sale" of MGA's products at issue in this litigation,

16  including "marketing studies, marketing plans, sales plans, sales forecasts,

17  strategies, surveys and analyses" and "all catalogs, advertisements, brochures,

18  displays and Internet publications." MGA also objects to this request on the

19  grounds that it seeks confidential, proprietary or commercially sensitive

20  information, the disclosure of which would be inimical to the business interests of

21  MGA. MGA also objects to this request to the extent it calls for the disclosure of

22  attorney-client privileged information or information protected from disclosure by

23  the work-product doctrine, joint defense or common interest privilege, or other

24  privilege. MGA also objects to this request to the extent that it seeks documents

25  not in MGA's possession, custody or control.

26      Subject to the foregoing, MGA will produce relevant and non-objectionable

27  documents in its possession, custody or control, if any, responsive to this request,

28  that were made available to the public, that it is able to locate following a

- 19 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 29

1  reasonably diligent search.

2  **REQUEST FOR PRODUCTION NO. 19:**

3       All DOCUMENTS RELATING TO the ownership of any right, title or

4  interest, whether in whole or in part, in or to the CONTESTED MGA PRODUCTS.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

6       MGA incorporates by reference the above-stated general objections as if

7  fully set forth herein. MGA also specifically objects to this request to the extent

8  that it seeks information not relevant to the subject matter of this lawsuit or

9  reasonably calculated to lead to the discovery of admissible evidence. MGA also

10  objects to this request on the grounds that it seeks confidential, proprietary or

11  commercially sensitive information, the disclosure of which would be inimical to

12  the business interests of MGA. MGA also objects to this request to the extent it

13  calls for the disclosure of attorney-client privileged information or information

14  protected from disclosure by the work-product doctrine, joint defense or common

15  interest privilege, or other privilege. MGA also objects on the grounds that the

16  request calls for a legal conclusion.

17  **REQUEST FOR PRODUCTION NO. 20:**

18       All DOCUMENTS RELATING TO any copyright, patent, design right or

19  any other registration or application for registration of the CONTESTED MGA

20  PRODUCTS, including but not limited to the complete file history relating thereto,

21  all COMMUNICATIONS relating thereto, and all filings, declarations, affidavits,

22  correspondence, notes and other DOCUMENTS relating thereto.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

24       MGA incorporates by reference the above-stated general objections as if

25  fully set forth herein. MGA also specifically objects to this request to the extent

26  that it seeks information not relevant to the subject matter of this lawsuit or

27  reasonably calculated to lead to the discovery of admissible evidence. MGA also

28  objects to this request on the grounds that it seeks confidential, proprietary or

- 20 -

EXHIBIT  1 0  PAGE  293

1  commercially sensitive information, the disclosure of which would be inimical to

2  the business interests of MGA. MGA also objects to this request to the extent it

3  calls for the disclosure of attorney-client privileged information or information

4  protected from disclosure by the work-product doctrine, joint defense or common

5  interest privilege, or other privilege.

6  **REQUEST FOR PRODUCTION NO. 21:**

7  Documents sufficient to identify each of the CONTESTED MGA

8  PRODUCTS by internal job or product number, SKU, and bar code number.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

10  MGA incorporates by reference the above-stated general objections as if

11  fully set forth herein. MGA also specifically objects to this request to the extent

12  that it seeks information not relevant to the subject matter of this lawsuit or

13  reasonably calculated to lead to the discovery of admissible evidence. MGA also

14  objects to this request on the grounds that it seeks confidential, proprietary or

15  commercially sensitive information, the disclosure of which would be inimical to

16  the business interests of MGA.

17  Subject to the foregoing, MGA will produce relevant and non-objectionable

18  documents in its possession, custody or control, if any, responsive to this request,

19  that it is able to locate following a reasonably diligent search.

20  **REQUEST FOR PRODUCTION NO. 22:**

21  Documents sufficient to identify the individuals who work on or were

22  involved in any manner with the invention, creation, origin, conception, authorship,

23  or design of the CONTESTED MGA PRODUCTS.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

25  MGA incorporates by reference the above-stated general objections as if

26  fully set forth herein. MGA also specifically objects to this request to the extent

27  that it seeks information not relevant to the subject matter of this lawsuit or

28  reasonably calculated to lead to the discovery of admissible evidence. MGA also

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 294

1　objects to this request on the grounds that it seeks confidential, proprietary or

2　commercially sensitive information, the disclosure of which would be inimical to

3　the business interests of MGA.

4　　　　Subject to the foregoing, MGA will produce relevant and non-objectionable

5　documents in its possession, custody or control, if any, responsive to this request,

6　that it is able to locate following a reasonably diligent search.

7　**REQUEST FOR PRODUCTION NO. 23:**

8　　　　All DOCUMENTS RELATING TO the display, exhibition, distribution,

9　publication, circulation, or other dissemination of the CONTESTED MGA

10　PRODUCTS to distributors, the media, or the public, including but not limited to

11　toy and trade shows and conventions.

12　**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

13　　　　MGA incorporates by reference the above-stated general objections as if

14　fully set forth herein.  MGA also specifically objects to this request to the extent

15　that it seeks information not relevant to the subject matter of this lawsuit or

16　reasonably calculated to lead to the discovery of admissible evidence.  MGA also

17　objects to this request on the grounds that it is overbroad, unduly burdensome and

18　opppressive in that it seeks *all* documents relating to the "display, exhibition,

19　distribution, publication, circulation, or other dissemination" of MGA's products at

20　issue in this litigation to "distributors, the media, or the public, including but not

21　limited to toy and trade shows and conventions."  MGA also objects to this request

22　on the grounds that it seeks confidential, proprietary or commercially sensitive

23　information, the disclosure of which would be inimical to the business interests of

24　MGA.

25　　　　Subject to the foregoing, MGA will produce relevant and non-objectionable

26　documents in its possession, custody or control, if any, responsive to this request,

27　that it is able to locate following a reasonably diligent search.

28

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 1ᴰ   PAGE 295

1 **REQUEST FOR PRODUCTION NO. 24:**

2      All DOCUMENTS RELATING TO any contracts or licenses entered into,

3 negotiated, proposed, or requested RELATING TO any of the CONTESTED MGA

4 PRODUCTS.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

6      MGA incorporates by reference the above-stated general objections as if

7 fully set forth herein. MGA also specifically objects to this request to the extent

8 that it seeks information not relevant to the subject matter of this lawsuit or

9 reasonably calculated to lead to the discovery of admissible evidence. MGA also

10 objects to this request on the grounds that it seeks confidential, proprietary or

11 commercially sensitive information, the disclosure of which would be inimical to

12 the business interests of MGA. MGA also objects to this request to the extent it

13 calls for the disclosure of attorney-client privileged information or information

14 protected from disclosure by the work-product doctrine, joint defense or common

15 interest privilege, or other privilege.

16      Subject to the foregoing, MGA will produce relevant and non-objectionable

17 documents in its possession, custody or control, if any, responsive to this request,

18 that it is able to locate following a reasonably diligent search.

19 **REQUEST FOR PRODUCTION NO. 25:**

20      All DOCUMENTS RELATING TO any actual, proposed, offered, or

21 requested licensing, sale or purchase of the CONTESTED MGA PRODUCTS,

22 including but not limited to all contracts and proposed or offered contracts relating

23 thereto.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

25      MGA incorporates by reference the above-stated general objections as if

26 fully set forth herein. MGA also specifically objects to this request to the extent

27 that it seeks information not relevant to the subject matter of this lawsuit or

28 reasonably calculated to lead to the discovery of admissible evidence. MGA also

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 296

1  objects to this request on the grounds that it seeks confidential, proprietary or
2  commercially sensitive information, the disclosure of which would be inimical to
3  the business interests of MGA.   MGA also objects to this request to the extent it
4  calls for the disclosure of attorney-client privileged information or information
5  protected from disclosure by the work-product doctrine, joint defense or common
6  interest privilege, or other privilege.
7      Subject to the foregoing, MGA will produce relevant and non-objectionable
8  documents in its possession, custody or control, if any, responsive to this request,
9  that it is able to locate following a reasonably diligent search.
10  **REQUEST FOR PRODUCTION NO. 26:**
11      All DOCUMENTS RELATING TO the target market or potential target
12  market, and the demographics of any actual, potential or prospective consumers,
13  customers, purchasers or licensees of the CONTESTED MGA PRODUCTS.
14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**
15      MGA incorporates by reference the above-stated general objections as if
16  fully set forth herein. MGA also specifically objects to this request to the extent
17  that it seeks information not relevant to the subject matter of this lawsuit or
18  reasonably calculated to lead to the discovery of admissible evidence. MGA also
19  objects to this request on the grounds that it is overbroad, unduly burdensome, and
20  oppressive in seeking *all* documents relating to the "target market or potential target
21  market and the demographics of any actual, potential or prospective consumers,
22  customers, purchaser or licensees" of MGA's products at issue in this litigation.
23  MGA also objects to this request on the grounds that it seeks confidential,
24  proprietary or commercially sensitive information, the disclosure of which would
25  be inimical to the business interests of MGA. MGA also objects to this request to
26  the extent it calls for the disclosure of attorney-client privileged information or
27  information protected from disclosure by the work-product doctrine, joint defense
28  or common interest privilege, or other privilege. MGA also objects to this request

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 297

1  to the extent that it seeks documents not in MGA's possession, custody or control.

2  **REQUEST FOR PRODUCTION NO. 27:**

3      All DOCUMENTS RELATING TO the number of units of the

4  CONTESTED MGA PRODUCTS manufactured, produced, ordered, stored in

5  inventory, imported, exported, shipped, sold, or offered for sale by any PERSON,

6  including but not limited to YOU.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

8      MGA incorporates by reference the above-stated general objections as if

9  fully set forth herein. MGA also specifically objects to this request to the extent

10  that it seeks information not relevant to the subject matter of this lawsuit or

11  reasonably calculated to lead to the discovery of admissible evidence. MGA also

12  objects to this request on the grounds that it is overbroad, unduly burdensome, and

13  oppressive in seeking *all* documents relating to the number of units "manufactured,

14  produced, ordered, stored in inventory, imported, exported, shipped, sold, or offered

15  for sale by *any* PERSON" of MGA's products at issue in this litigation. MGA also

16  objects to this request on the grounds that it seeks confidential, proprietary or

17  commercially sensitive information, the disclosure of which would be inimical to

18  the business interests of MGA. MGA also objects to this request to the extent that

19  it seeks documents not in MGA's possession, custody or control.

20  **REQUEST FOR PRODUCTION NO. 28:**

21      All DOCUMENTS RELATING TO revenues received by YOU in

22  connection with each of the CONTESTED MGA PRODUCTS

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

24      MGA incorporates by reference the above-stated general objections as if

25  fully set forth herein. MGA also objects to this request on the grounds that it seeks

26  confidential, proprietary or commercially sensitive information, the disclosure of

27  which would be inimical to the business interests of MGA.

28      Subject to the foregoing, MGA will produce relevant and non-objectionable

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 16 PAGE 298

1   documents in its possession, custody or control, if any, responsive to this request,

2   that it is able to locate following a reasonably diligent search.

3   **REQUEST FOR PRODUCTION NO. 29:**

4          All DOCUMENTS RELATING TO YOUR costs, including but not limited

5   to YOUR per-unit cost, for each of the CONTESTED MGA PRODUCTS.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

7          MGA incorporates by reference the above-stated general objections as if

8   fully set forth herein.  MGA also objects to this request on the grounds that it seeks

9   confidential, proprietary or commercially sensitive information, the disclosure of

10  which would be inimical to the business interests of MGA.

11         Subject to the foregoing, MGA will produce relevant and non-objectionable

12  documents in its possession, custody or control, if any, responsive to this request,

13  relating to actual profits for each of MGA's products at issue in this litigation, that

14  it is able to locate following a reasonably diligent search.

15  **REQUEST FOR PRODUCTION NO. 30:**

16         All DOCUMENTS RELATING TO YOUR profits, including but not limited

17  to gross, incremental and net profits, for each of the CONTESTED MGA

18  PRODUCTS.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

20         MGA incorporates by reference the above-stated general objections as if

21  fully set forth herein.  MGA also specifically objects to this request to the extent

22  that it seeks information not relevant to the subject matter of this lawsuit or

23  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

24  objects to this request on the grounds that it is overbroad, unduly burdensome, and

25  oppressive in seeking *all* documents relating to MGA's profits, including gross,

26  incremental and net profits, for each of MGA's products at issue in this litigation.

27  MGA also objects to this request on the grounds that it seeks confidential,

28  proprietary or commercially sensitive information, the disclosure of which would

- 26 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10   PAGE 299

1   be inimical to the business interests of MGA.

2   **REQUEST FOR PRODUCTION NO. 31:**

3       All DOCUMENTS RELATING TO any complaints or dissatisfaction

4   concerning the CONTESTED MGA PRODUCTS, including but not limited to

5   DOCUMENTS recording the returns of, or the number of or rate of defects for,

6   such products.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

8       MGA incorporates by reference the above-stated general objections as if

9   fully set forth herein.  MGA also specifically objects to this request to the extent

10  that it seeks information not relevant to the subject matter of this lawsuit or

11  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

12  objects to this request on the grounds that it is overbroad, unduly burdensome, and

13  oppressive in seeking *all* documents relating to any complaints or dissatisfaction

14  concerning MGA's products at issue in this litigation, including returns of, or the

15  number or rate of defects for such products.  MGA also objects to this request on

16  the grounds that it seeks confidential, proprietary or commercially sensitive

17  information, the disclosure of which would be inimical to the business interests of

18  MGA.  MGA also objects to this request to the extent it calls for the disclosure of

19  attorney-client privileged information or information protected from disclosure by

20  the work-product doctrine, joint defense or common interest privilege, or other

21  privilege.  MGA also objects to the extent such documents are not in MGA's

22  possession, custody or control.

23      Subject to the foregoing, MGA will produce relevant and non-objectionable

24  documents in its possession, custody or control, if any, responsive to this request,

25  that it is able to locate following a reasonably diligent search.

26  **REQUEST FOR PRODUCTION NO. 32:**

27      All DOCUMENTS RELATING TO the belief of any PERSON (whether or

28  not such belief is accurate) as to the origin, affiliation, sponsorship or association of

- 27 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10   PAGE 360

1   the CONTESTED MGA PRODUCTS, including but not limited to all studies,

2   surveys, interviews, reports, and COMMUNICATIONS regarding any such belief.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

4       MGA incorporates by reference the above-stated general objections as if

5   fully set forth herein. MGA also specifically objects to this request to the extent

6   that it seeks information not relevant to the subject matter of this lawsuit or

7   reasonably calculated to lead to the discovery of admissible evidence. MGA also

8   objects to this request on the grounds that it is overbroad, unduly burdensome, and

9   oppressive in seeking *all* documents relating to the belief of *any* person "as to the

10  origin, affiliation, sponsorship or association of" MGA's products at issue in this

11  litigation, including "*all* studies, surveys, interviews, reports and

12  COMMUNICATIONS regarding any such believe." MGA also objects to this

13  request on the ground that it is premature and will be the subject of expert

14  testimony. MGA also objects to this request on the grounds that it seeks

15  confidential, proprietary or commercially sensitive information, the disclosure of

16  which would be inimical to the business interests of MGA. MGA also objects to

17  this request to the extent it calls for the disclosure of attorney-client privileged

18  information or information protected from disclosure by the work-product doctrine,

19  joint defense or common interest privilege, or other privilege. MGA also objects to

20  the extent such documents are not in MGA's possession, custody or control.

21  **REQUEST FOR PRODUCTION NO. 33:**

22       All DOCUMENTS RELATING TO the belief of any PERSON (whether or

23  not such belief is accurate) as to the origin, affiliation, sponsorship or association of

24  the CONTESTED MATTEL PRODUCTS, including but not limited to all studies,

25  surveys, interviews, reports and COMMUNICATIONS regarding any such belief.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

27       MGA incorporates by reference the above-stated general objections as if

28  fully set forth herein. MGA also specifically objects to this request to the extent

- 28 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV.04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 3ʳᵈ

1  that it seeks information not relevant to the subject matter of this lawsuit or

2  reasonably calculated to lead to the discovery of admissible evidence. MGA also

3  objects to this request on the grounds that it is overbroad, unduly burdensome, and

4  oppressive in seeking *all* documents relating to the belief of *any* person "as to the

5  origin, affiliation, sponsorship or association of" MATTEL's products at issue in

6  this litigation, including "*all* studies, surveys, interviews, reports and

7  COMMUNICATIONS regarding any such believe." MGA also objects to this

8  request on the ground that it is premature and will be the subject of expert

9  testimony. MGA also objects to this request on the grounds that it seeks

10  confidential, proprietary or commercially sensitive information, the disclosure of

11  which would be inimical to the business interests of MGA. MGA also objects to

12  this request to the extent it calls for the disclosure of attorney-client privileged

13  information or information protected from disclosure by the work-product doctrine,

14  joint defense or common interest privilege, or other privilege. MGA also objects to

15  the extent it seeks documents not in MGA's possession, custody or control.

16  **REQUEST FOR PRODUCTION NO. 34:**

17      All DOCUMENTS RELATING TO any potential or actual confusion, any

18  potential or actual mistake or any potential or actual deception of any PERSON as

19  to the origin, affiliation, sponsorship or association of the CONTESTED MGA

20  PRODUCTS, including but not limited to all studies, surveys, interviews, reports

21  and COMMUNICATIONS regarding any such confusion, mistake or deception.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

23      MGA incorporates by reference the above-stated general objections as if

24  fully set forth herein. MGA also specifically objects to this request to the extent

25  that it seeks information not relevant to the subject matter of this lawsuit or

26  reasonably calculated to lead to the discovery of admissible evidence. MGA also

27  objects to this request on the grounds that it is overbroad, unduly burdensome, and

28  oppressive in seeking *all* documents relating to "any potential or actual confusion,

- 29 -

EXHIBIT 10   PAGE 362

1    any potential or actual mistake or any potential or actual deception of" *any* person

2    "as to the origin, affiliation, sponsorship or association of" MGA's products at issue

3    in this litigation, including "*all* studies, surveys, interviews, reports and

4    COMMUNICATIONS regarding any such confusion, mistake or deception."

5    MGA also objects to this request on the ground that it is premature and will be the

6    subject of expert testimony.  MGA also objects to this request on the grounds that it

7.   seeks confidential, proprietary or commercially sensitive information, the

8    disclosure of which would be inimical to the business interests of MGA.  MGA also

9    objects to this request to the extent it calls for the disclosure of attorney-client

10   privileged information or information protected from disclosure by the work-

11   product doctrine, joint defense or common interest privilege, or other privilege.

12   MGA also objects to the extent it seeks documents not in MGA's possession,

13   custody or control.

14   **REQUEST FOR PRODUCTION NO. 35:**

15        All DOCUMENTS RELATING TO any potential or actual confusion, any

16   potential or actual mistake or any potential or actual deception of any PERSON as

17   to the origin, affiliation, sponsorship or association of the CONTESTED MATTEL

18   PRODUCTS, including but not limited to all studies, surveys, interviews, reports

19   and COMMUNICATIONS regarding any such confusion, mistake or deception.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

21        MGA incorporates by reference the above-stated general objections as if

22   fully set forth herein.  MGA also specifically objects to this request to the extent

23   that it seeks information not relevant to the subject matter of this lawsuit or

24   reasonably calculated to lead to the discovery of admissible evidence.  MGA also

25   objects to this request on the grounds that it is overbroad, unduly burdensome, and

26   oppressive in seeking *all* documents relating to "any potential or actual confusion,

27   any potential or actual mistake or any potential or actual deception of" *any* person

28   "as to the origin, affiliation, sponsorship or association of" MATTEL's products at

- 30 -

1   issue in this litigation, including "*all* studies, surveys, interviews, reports and

2   COMMUNICATIONS regarding any such confusion, mistake or deception."

3   MGA also objects to this request on the ground that it is premature and will be the

4   subject of expert testimony.  MGA also objects to this request on the grounds that it

5   seeks confidential, proprietary or commercially sensitive information, the

6   disclosure of which would be inimical to the business interests of MGA.  MGA also

7   objects to this request to the extent it calls for the disclosure of attorney-client

8   privileged information or information protected from disclosure by the work-

9   product doctrine, joint defense or common interest privilege, or other privilege.

10   MGA also objects to this request to the extent it seeks documents not in MGA's

11   possession, custody or control.

12   **REQUEST FOR PRODUCTION NO. 36:**

13          All DOCUMENTS RELATING TO any consumer studies, reports, surveys,

14   interviews or reports regarding the CONTESTED MGA PRODUCTS or the

15   CONTESTED MATTEL PRODUCTS.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

17          MGA incorporates by reference the above-stated general objections as if

18   fully set forth herein.  MGA also specifically objects to this request to the extent

19   that it seeks information not relevant to the subject matter of this lawsuit or

20   reasonably calculated to lead to the discovery of admissible evidence.  MGA also

21   objects to this request on the grounds that it is overbroad, unduly burdensome, and

22   oppressive in seeking *all* documents relating to "any consumer studies, reports,

23   surveys, interview or reports" regarding either MGA or MATTEL's products at

24   issue in this litigation.  MGA also objects to this request on the ground that it is

25   premature and will be the subject of expert testimony.  MGA also objects to this

26   request on the grounds that it seeks confidential, proprietary or commercially

27   sensitive information, the disclosure of which would be inimical to the business

28   interests of MGA.  MGA also objects to this request to the extent it calls for the

- 31 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10   PAGE 304

1   disclosure of attorney-client privileged information or information protected from

2   disclosure by the work-product doctrine, joint defense or common interest

3   privilege, or other privilege. MGA also objects to this request the extent it seeks

4   documents not in MGA's possession, custody or control.

5   **REQUEST FOR PRODUCTION NO. 37:**

6        All DOCUMENTS RELATING TO the marketing, advertising, promotion,

7   licensing, offering for sale or sale of the CONTESTED MATTEL PRODUCTS,

8   including but not limited to all marketing studies, marketing plans, sales plans,

9   sales forecasts, strategies, surveys and analyses and including but not limited to all

10  catalogs, advertisements, brochures, displays and Internet publications.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

12       MGA incorporates by reference the above-stated general objections as if

13  fully set forth herein. MGA also specifically objects to this request to the extent

14  that it seeks information not relevant to the subject matter of this lawsuit or

15  reasonably calculated to lead to the discovery of admissible evidence. MGA also

16  objects to this request on the grounds that it is overbroad, unduly burdensome, and

17  oppressive in seeking *all* documents relating to "the marketing, advertising,

18  promotion, licensing, offering for sale or sale of" MATTEL's products at issue in

19  this litigation. MGA also objects to this request to the extent it seeks documents

20  equally available to MATTEL. MGA also objects to this request on the grounds

21  that it seeks confidential, proprietary or commercially sensitive information, the

22  disclosure of which would be inimical to the business interests of MGA. MGA also

23  objects to this request to the extent it calls for the disclosure of attorney-client

24  privileged information or information protected from disclosure by the work-

25  product doctrine, joint defense or common interest privilege, or other privilege.

26  MGA also objects to this request to the extent it seeks documents not in MGA's

27  possession, custody or control.

28

- 32 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 305

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS RELATING TO the ownership of any right, title or interest, whether in whole or in part, in or to the CONTESTED MATTEL PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request to the extent it seeks documents equally available to MATTEL. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. MGA also objects to this request to the extent it seeks documents not in MGA's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS RELATING TO the invention, creation, origin, conception, authorship, design, and ownership of the CONTESTED MATTEL PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request to the extent it seeks documents equally available to

- 33 -

MGA'S RESPONSE TO MATTEL'S FIRST SET OF REQUESTS FOR DOCS & THINGS CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 304

1   MATTEL. MGA also objects to this request on the grounds that it seeks

2   confidential, proprietary or commercially sensitive information, the disclosure of

3   which would be inimical to the business interests of MGA. MGA also objects to

4   this request to the extent it calls for the disclosure of attorney-client privileged

5   information or information protected from disclosure by the work-product doctrine,

6   joint defense or common interest privilege, or other privilege. MGA also objects to

7   this request to the extent it seeks documents not in MGA's possession, custody or

8   control.

9   **REQUEST FOR PRODUCTION NO. 40:**

10      All DOCUMENTS RELATING TO the display, exhibition, distribution,

11   publication, circulation, or other dissemination of the CONTESTED MATTEL

12   PRODUCTS to distributors, the media, or the public, including but not limited to

13   toy and trade shows and conventions.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

15      MGA incorporates by reference the above-stated general objections as if

16   fully set forth herein. MGA also specifically objects to this request to the extent

17   that it seeks information not relevant to the subject matter of this lawsuit or

18   reasonably calculated to lead to the discovery of admissible evidence. MGA also

19   objects to this request on the grounds that it is overbroad, unduly burdensome and

20   oppressive in that it seeks *all* documents relating to the "display, exhibition,

21   distribution, publication, circulation, or other dissemination" of MATTEL's

22   products at issue in this litigation to "distributors, the media, or the public." MGA

23   also objects to this request to the extent it seeks documents equally available to

24   MATTEL. MGA also objects to this request on the grounds that it seeks

25   confidential, proprietary or commercially sensitive information, the disclosure of

26   which would be inimical to the business interests of MGA. MGA also objects to

27   this request to the extent it calls for the disclosure of attorney-client privileged

28   information or information protected from disclosure by the work-product doctrine,

- 34 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10   PAGE 307

1   joint defense or common interest privilege, or other privilege. MGA also objects to

2   this request to the extent it seeks documents not in MGA's possession, custody or

3   control.

4   **REQUEST FOR PRODUCTION NO. 41:**

5       All COMMUNICATIONS between YOU and any stock analyst, investment

6   analyst, investment bank, institutional lender, or venture capital fund since January

7   1, 1999.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

9       MGA incorporates by reference the above-stated general objections as if

10  fully set forth herein. MGA also specifically objects to this request to the extent

11  that it seeks information not relevant to the subject matter of this lawsuit or

12  reasonably calculated to lead to the discovery of admissible evidence. MGA also

13  objects to this request on the grounds that it is overly broad, unduly burdensome

14  and oppressive in that it seeks *all* communications between MGA and *any* stock

15  analyst, investment analyst, investment bank, institutional lender or venture capital

16  fund since January 1, 1999. MGA also objects to this request on the grounds that it

17  seeks confidential, proprietary or commercially sensitive information, the

18  disclosure of which would be inimical to the business interests of MGA. MGA also

19  objects to this request to the extent it seeks documents not in MGA's possession,

20  custody or control.

21  **REQUEST FOR PRODUCTION NO. 42:**

22      All COMMUNICATIONS between YOU and any individual while the

23  individual was employed by MATTEL.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

25      MGA incorporates by reference the above-stated general objections as if

26  fully set forth herein. MGA also specifically objects to this request to the extent

27  that it seeks information not relevant to the subject matter of this lawsuit or

28  reasonably calculated to lead to the discovery of admissible evidence. MGA also

- 35 -

EXHIBIT 10 PAGE 308

1   objects to this request on the grounds that it is overbroad, unduly burdensome and
2   oppressive in that it seeks *all* communications between MGA and any individual,
3   while the individual was employed by MATTEL.  MGA also objects to this request
4   to the extent it seeks documents equally available to MATTEL.  MGA also objects
5   to this request on the grounds that it seeks confidential, proprietary or commercially
6   sensitive information, the disclosure of which would be inimical to the business
7   interests of MGA.  MGA also objects to this request to the extent it calls for the
8   disclosure of attorney-client privileged information or information protected from
9   disclosure by the work-product doctrine, joint defense or common interest
10  privilege, or other privilege.  MGA also objects to this request to the extent it seeks
11  information the disclosure of which would implicate the rights of third parties to
12  protect private, confidential, proprietary or trade secret information.  MGA also
13  objects to this request to the extent it seeks documents not in MGA's possession,
14  custody or control.

15  **REQUEST FOR PRODUCTION NO. 43:**

16      All COMMUNICATIONS between YOU and MATTEL RELATING TO the
17  CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

19      MGA incorporates by reference the above-stated general objections as if
20  fully set forth herein.  MGA also specifically objects to this request to the extent
21  that it seeks information not relevant to the subject matter of this lawsuit or
22  reasonably calculated to lead to the discovery of admissible evidence.  MGA also
23  objects to this request on the grounds that it is overbroad, unduly burdensome and
24  oppressive in that it seeks *all* communications between MGA and MATTEL
25  relating to MGA or MATTEL's products at issue in this litigation.  MGA also
26  objects to this request on the ground that such communications are equally
27  available to MATTEL.  MGA further objects to this request on the ground that it is
28  compound.  MGA also objects to this request to the extent it seeks information the

- 36 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10   PAGE 309

1  disclosure of which would implicate the rights of third parties to protect private,

2  confidential, proprietary or trade secret information. MGA also objects to this

3  request to the extent it seeks documents not in MGA's possession, custody or

4  control.

5  **REQUEST FOR PRODUCTION NO. 44:**

6      All COMMUNICATIONS between YOU and any PERSON RELATING TO

7  the claims made in YOUR COMPLAINT or the facts that YOU contend support

8  such claims.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

10      MGA incorporates by reference the above-stated general objections as if

11  fully set forth herein. MGA also specifically objects to this request to the extent

12  that it seeks information not relevant to the subject matter of this lawsuit or

13  reasonably calculated to lead to the discovery of admissible evidence. MGA also

14  objects to this request on the grounds that it is overbroad, unduly burdensome and

15  oppressive in that it seeks *all* communications between MGA and *any* person

16  relating to the claims made in MGA's complaint or the facts that support MGA's

17  claims. MGA also objects to this request on the grounds that it seeks confidential,

18  proprietary or commercially sensitive information, the disclosure of which would

19  be inimical to the business interests of MGA. MGA also objects to this request to

20  the extent it calls for the disclosure of attorney-client privileged information or

21  information protected from disclosure by the work-product doctrine, joint defense

22  or common interest privilege, or other privilege. MGA also objects to this request

23  to the extent it seeks information the disclosure of which would implicate the rights

24  of third parties to protect private, confidential, proprietary or trade secret

25  information. MGA also objects to this request to the extent it seeks documents not

26  in MGA's possession, custody or control.

27      Subject to the foregoing, MGA will produce relevant and non-objectionable

28  documents in its possession, custody or control, if any, responsive to this request,

- 37 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)


EXHIBIT 10 PAGE 310

1    that it is able to locate following a reasonably diligent search.

2    **REQUEST FOR PRODUCTION NO. 45:**

3      All DOCUMENTS RELATING TO YOUR knowledge of MATTEL's

4    alleged infringement of YOUR claimed EMBODIMENTS.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

6      MGA incorporates by reference the above-stated general objections as if

7    fully set forth herein.  MGA also specifically objects to this request to the extent

8    that it seeks information not relevant to the subject matter of this lawsuit or

9    reasonably calculated to lead to the discovery of admissible evidence.  MGA also

10    objects to this request on the grounds that it is overbroad, unduly burdensome and

11    oppressive in that it seeks *all* documents relating to MGA's knowledge of

12    MATTEL's infringement of MGA's "claimed embodiments."  MGA also objects to

13    this request on the grounds that it seeks confidential, proprietary or commercially

14    sensitive information, the disclosure of which would be inimical to the business

15    interests of MGA.  MGA also objects to this request to the extent it calls for the

16    disclosure of attorney-client privileged information or information protected from

17    disclosure by the work-product doctrine, joint defense or common interest

18    privilege, or other privilege.  MGA also objects to this request to the extent it seeks

19    information the disclosure of which would implicate the rights of third parties to

20    protect private, confidential, proprietary or trade secret information.  MGA also

21    objects to this request to the extent it seeks documents not in MGA's possession,

22    custody or control.

23    **REQUEST FOR PRODUCTION NO. 46:**

24      All DOCUMENTS RELATING TO any unjust enrichment, damage, loss, or

25    injury that YOU claim has been sustained by reason of any act or omission by

26    MATTEL, including but not limited to all DOCUMENTS RELATING TO any

27    alleged lost profits, lost sales, lost opportunity, lost license, price erosion,

28    consequential or incidental damage, information or intellectual property provided to

EXHIBIT 10 PAGE 81

1   any competitor, or benefit obtained by any competitor, including but not limited to

2   all DOCUMENTS RELATING TO the causation for any such alleged unjust

3   enrichment, damage, loss, or injury.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

5          MGA incorporates by reference the above-stated general objections as if

6   fully set forth herein. MGA also specifically objects to this request to the extent

7   that it seeks information not relevant to the subject matter of this lawsuit or

8   reasonably calculated to lead to the discovery of admissible evidence. MGA also

9   objects to this request on the grounds that it is overbroad, unduly burdensome and

10  oppressive in that it seeks *all* documents relating to "any unjust enrichment,

11  damage, loss or injury" that MGA has sustained by reason of any act or omission

12  by MATTEL, including documents relating to "any alleged lost profits, lost sales,

13  lost opportunity, lost license, price erosion, consequential or incidental damage,

14  information or intellectual property provided to any competitor, or benefit obtained

15  by any competitor" and all documents relating to the "causation for any such

16  alleged unjust enrichment, damage, loss or injury. MGA also objects to this request

17  to the extent it calls for the disclosure of attorney-client privileged information or

18  information protected from disclosure by the work-product doctrine, joint defense

19  or common interest privilege, or other privilege. MGA also objects to this request

20  to the extent it seeks documents not in MGA's possession, custody or control.

21         Subject to the foregoing, MGA will produce relevant and non-objectionable

22  documents in its possession, custody or control, if any, responsive to this request,

23  that it is able to locate following a reasonably diligent search.

24  **REQUEST FOR PRODUCTION NO. 47:**

25         All DOCUMENTS supporting YOUR contention that MATTEL created,

26  designed, derived, or developed products, packaging, and advertising using

27  concepts, products, or intellectual property owned by YOU.

28

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 16   PAGE 312

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

2       MGA incorporates by reference the above-stated general objections as if

3   fully set forth herein. MGA also objects to this request to the extent it calls for the

4   disclosure of attorney-client privileged information or information protected from

5   disclosure by the work-product doctrine, joint defense or common interest

6   privilege, or other privilege. MGA also objects to this request to the extent it seeks

7   documents not in MGA's possession, custody or control.

8       Subject to the foregoing, MGA will produce relevant and non-objectionable

9   documents in its possession, custody or control, if any, responsive to this request,

10   that it is able to locate following a reasonably diligent search.

11   **REQUEST FOR PRODUCTION NO. 48:**

12       All DOCUMENTS RELATING TO the copying, reproduction or use of any

13   MATTEL work, product, or EMBODIMENT by YOU or on YOUR behalf.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

15       MGA incorporates by reference the above-stated general objections as if

16   fully set forth herein. MGA also objects to this request to the extent it calls for the

17   disclosure of attorney-client privileged information or information protected from

18   disclosure by the work-product doctrine, joint defense or common interest

19   privilege, or other privilege. MGA also objects to this request to the extent it seeks

20   documents not in MGA's possession, custody or control.

21   **REQUEST FOR PRODUCTION NO. 49:**

22       All DOCUMENTS RELATING TO any similarity or dissimilarity between,

23   on the one hand, any of the CONTESTED MGA PRODUCTS and any other work

24   or product developed, manufactured, or distributed by any other person or entity,

25   including but not limited to MATTEL.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

27       MGA incorporates by reference the above-stated general objections as if

28   fully set forth herein. MGA also specifically objects to this request to the extent

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 313

1   that it seeks information not relevant to the subject matter of this lawsuit or

2   reasonably calculated to lead to the discovery of admissible evidence. MGA also

3   objects to this request on the grounds that it is overbroad, unduly burdensome and

4   oppressive in that it seeks *all* documents relating to any similarity or dissimilarity

5   between MGA's products at issue in this litigation and any other work or product

6   developed, manufactured, or distributed by *any other person or entity*. MGA also

7   objects to this request on the grounds that it seeks confidential, proprietary or

8   commercially sensitive information, the disclosure of which would be inimical to

9   the business interests of MGA. MGA also objects to this request to the extent it

10  calls for the disclosure of attorney-client privileged information or information

11  protected from disclosure by the work-product doctrine, joint defense or common

12  interest privilege, or other privilege. MGA also objects to this request to the extent

13  it seeks documents not in MGA's possession, custody or control.

14       Subject to the foregoing, MGA will produce relevant and non-objectionable

15  documents in its possession, custody or control, if any, responsive to this request,

16  relating to any similarity or dissimilarity between MGA's products at issue in this

17  litigation and Mattel's products at issue in this litigation, that it is able to locate

18  following a reasonably diligent search.

19  **REQUEST FOR PRODUCTION NO. 50:**

20       All DOCUMENTS RELATING TO the reasons why consumers purchase

21  any of the CONTESTED MGA PRODUCTS, including but not limited to all

22  consumer surveys, studies and comments pertaining thereto.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

24       MGA incorporates by reference the above-stated general objections as if

25  fully set forth herein. MGA also specifically objects to this request to the extent

26  that it seeks information not relevant to the subject matter of this lawsuit or

27  reasonably calculated to lead to the discovery of admissible evidence. MGA also

28  objects to this request on the grounds that it is overbroad, unduly burdensome and

- 41 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 16   PAGE 314

1    oppressive in that it seeks *all* documents relating to the reasons why consumers

2    purchase any of MGA's products at issue in this litigation, including all consumer

3    surveys, studies and comments pertaining thereto. MGA also objects to this request

4    on the ground that it is premature and will be the subject of expert testimony.

5    MGA also objects to this request on the grounds that it seeks confidential,

6    proprietary or commercially sensitive information, the disclosure of which would

7    be inimical to the business interests of MGA. MGA also objects to this request to

8    the extent it calls for the disclosure of attorney-client privileged information or

9    information protected from disclosure by the work-product doctrine, joint defense

10   or common interest privilege, or other privilege. MGA also objects to the extent

11   such documents are not in MGA's possession, custody or control.

12   **REQUEST FOR PRODUCTION NO. 51:**

13   All DOCUMENTS RELATING TO the channels of trade or potential or

14   prospective channels of trade for the CONTESTED MGA PRODUCTS.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

16   MGA incorporates by reference the above-stated general objections as if

17   fully set forth herein. MGA also specifically objects to this request to the extent

18   that it seeks information not relevant to the subject matter of this lawsuit or

19   reasonably calculated to lead to the discovery of admissible evidence. MGA also

20   objects to this request on the ground that it is vague and incomprehensible in that it

21   is not clear what "channels of trade or potential prospective channels of trade"

22   means or refers to. MGA also objects to this request on the grounds that it seeks

23   confidential, proprietary or commercially sensitive information, the disclosure of

24   which would be inimical to the business interests of MGA. MGA also objects to

25   this request to the extent it calls for the disclosure of attorney-client privileged

26   information or information protected from disclosure by the work-product doctrine,

27   joint defense or common interest privilege, or other privilege. MGA also objects to

28   the extent such documents are not in MGA's possession, custody or control.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 315

1  **REQUEST FOR PRODUCTION NO. 52:**

2       All DOCUMENTS RELATING TO any similarity or dissimilarity between

3  any of the CONTESTED MGA PRODUCTS and any EMBODIMENTS authored,

4  created, distributed, made, sold or offered for sale by any PERSON other than

5  YOU.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

7       MGA incorporates by reference the above-stated general objections as if

8  fully set forth herein.  MGA also specifically objects to this request to the extent

9  that it seeks information not relevant to the subject matter of this lawsuit or

10  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

11  objects to this request on the grounds that it is overbroad, unduly burdensome and

12  oppressive in that it seeks *all* documents relating to any similarity or dissimilarity

13  between any of MGA's products at issue in this litigation and any

14  "EMBODIMENTS authored, created, distributed, made, sold or offered for sale by

15  *any* person" other than MGA.  MGA also objects to this request on the grounds that

16  it seeks confidential, proprietary or commercially sensitive information, the

17  disclosure of which would be inimical to the business interests of MGA.  MGA also

18  objects to this request to the extent it calls for the disclosure of attorney-client

19  privileged information or information protected from disclosure by the work-

20  product doctrine, joint defense or common interest privilege, or other privilege.

21  MGA also objects to the extent such documents are not in MGA's possession,

22  custody or control.

23  **REQUEST FOR PRODUCTION NO. 53:**

24       All DOCUMENTS RELATING TO any similarity or dissimilarity between

25  any of the CONTESTED MGA PRODUCTS and any of the CONTESTED

26  MATTEL PRODUCTS.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

28       MGA incorporates by reference the above-stated general objections as if

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10   PAGE 344

1  fully set forth herein. MGA also specifically objects to this request to the extent

2  that it seeks information not relevant to the subject matter of this lawsuit or

3  reasonably calculated to lead to the discovery of admissible evidence. MGA also

4  objects to this request on the grounds that it is overbroad, unduly burdensome and

5  oppressive in that it seeks *all* documents relating to any similarity or dissimilarity

6  between MGA's products at issue in this litigation and any MATTEL products at

7  issue in this litigation. MGA also objects to this request on the grounds that it seeks

8  confidential, proprietary or commercially sensitive information, the disclosure of

9  which would be inimical to the business interests of MGA. MGA also objects to

10  this request to the extent it calls for the disclosure of attorney-client privileged

11  information or information protected from disclosure by the work-product doctrine,

12  joint defense or common interest privilege, or other privilege. MGA also objects to

13  the extent such documents are not in MGA's possession, custody or control.

14       Subject to the foregoing, MGA will produce relevant and non-objectionable

15  documents in its possession, custody or control, if any, responsive to this request,

16  that it is able to locate following a reasonably diligent search.

17  **REQUEST FOR PRODUCTION NO. 54:**

18       All DOCUMENTS RELATING TO any COMMUNICATION by YOU with

19  any news organization regarding the CONTESTED MGA PRODUCTS or the

20  CONTESTED MATTEL PRODUCTS.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

22       MGA incorporates by reference the above-stated general objections as if

23  fully set forth herein. MGA also specifically objects to this request to the extent

24  that it seeks information not relevant to the subject matter of this lawsuit or

25  reasonably calculated to lead to the discovery of admissible evidence. MGA also

26  objects to this request on the grounds that it is overbroad, unduly burdensome and

27  oppressive in that it seeks *all* documents relating to any communications by MGA

28  with any news organization regarding MGA's products at issue in this litigation or

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT $V^D$ PAGE 317

1  MATTEL's products at issue in this litigation.  MGA also objects on the ground

2  that such documents are equally available to MATTEL.  MGA also objects to this

3  request on the grounds that it seeks confidential, proprietary or commercially

4  sensitive information, the disclosure of which would be inimical to the business

5  interests of MGA.  MGA also objects to this request to the extent it calls for the

6  disclosure of attorney-client privileged information or information protected from

7  disclosure by the work-product doctrine, joint defense or common interest

8  privilege, or other privilege.  MGA also objects to the extent such documents are

9  not in MGA's possession, custody or control.

10  **REQUEST FOR PRODUCTION NO. 55:**

11        All periodicals, whether they be magazines, newspapers, newsletters, or any

12  other type of periodical, that mention the CONTESTED MGA PRODUCTS that

13  have been published since January 1, 1999.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

15        MGA incorporates by reference the above-stated general objections as if

16  fully set forth herein.  MGA also specifically objects to this request to the extent

17  that it seeks information not relevant to the subject matter of this lawsuit or

18  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

19  objects to this request on the grounds that it is overbroad, unduly burdensome and

20  oppressive in that it seeks *all* periodicals that mention MGA's products at issue in

21  this litigation.  MGA also objects on the ground that such documents are equally

22  available to MATTEL.  MGA also objects to this request on the grounds that it

23  seeks confidential, proprietary or commercially sensitive information, the

24  disclosure of which would be inimical to the business interests of MGA.  MGA also

25  objects to this request to the extent it calls for the disclosure of attorney-client

26  privileged information or information protected from disclosure by the work-

27  product doctrine, joint defense or common interest privilege, or other privilege.

28  MGA also objects to the extent such documents are not in MGA's possession,

- 45 -

EXHIBIT   0   PAGE 918

1  custody or control.

2  **REQUEST FOR PRODUCTION NO. 56:**

3      All television or radio broadcasts or cablecasts that mention the

4  CONTESTED MGA PRODUCTS that have been disseminated since January 1,

5  1999.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

7      MGA incorporates by reference the above-stated general objections as if

8  fully set forth herein. MGA also specifically objects to this request to the extent

9  that it seeks information not relevant to the subject matter of this lawsuit or

10 reasonably calculated to lead to the discovery of admissible evidence. MGA also

11 objects to this request on the grounds that it is overbroad, unduly burdensome and

12 oppressive in that it seeks *all* television or radio broadcasts or cablecasts that

13 mention MGA's products at issue in this litigation. MGA also objects on the

14 ground that such documents are equally available to MATTEL. MGA also objects

15 to this request on the grounds that it seeks confidential, proprietary or commercially

16 sensitive information, the disclosure of which would be inimical to the business

17 interests of MGA. MGA also objects to this request to the extent it calls for the

18 disclosure of attorney-client privileged information or information protected from

19 disclosure by the work-product doctrine, joint defense or common interest

20 privilege, or other privilege. MGA also objects to the extent such documents are

21 not in MGA's possession, custody or control.

22 **REQUEST FOR PRODUCTION NO. 57:**

23     All Internet postings or COMMUNICATIONS that mention the

24 CONTESTED MGA PRODUCTS that have been disseminated since January 1,

25 1999.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

27     MGA incorporates by reference the above-stated general objections as if

28 fully set forth herein. MGA also specifically objects to this request to the extent

- 46 -

EXHIBIT 10 PAGE 319

1   that it seeks information not relevant to the subject matter of this lawsuit or

2   reasonably calculated to lead to the discovery of admissible evidence.  MGA also

3   objects to this request on the grounds that it is overbroad, unduly burdensome and

4   oppressive in that it seeks *all* Internet postings or communications that mention

5   MGA's products at issue in this litigation.  MGA also objects on the ground that

6   such documents are equally available to MATTEL.  MGA also objects to this

7   request on the grounds that it seeks confidential, proprietary or commercially

8   sensitive information, the disclosure of which would be inimical to the business

9   interests of MGA.  MGA also objects to this request to the extent it calls for the

10   disclosure of attorney-client privileged information or information protected from

11   disclosure by the work-product doctrine, joint defense or common interest

12   privilege, or other privilege.  MGA also objects to the extent such documents are

13   not in MGA's possession, custody or control.

14   **REQUEST FOR PRODUCTION NO. 58:**

15       All DOCUMENTS RELATING TO publicity by YOU or about the

16   CONTESTED MGA PRODUCTS since January 1, 1999, including but not limited

17   to advertising, media releases, and public relations material.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

19       MGA incorporates by reference the above-stated general objections as if

20   fully set forth herein.  MGA also specifically objects to this request to the extent

21   that it seeks information not relevant to the subject matter of this lawsuit or

22   reasonably calculated to lead to the discovery of admissible evidence.  MGA also

23   objects to this request on the grounds that it is overbroad, unduly burdensome and

24   oppressive in that it seeks *all* documents relating to publicity by MGA about

25   MGA's products at issue in this litigation.  MGA also objects on the ground that

26   such documents are equally available to MATTEL.  MGA also objects to this

27   request on the grounds that it seeks confidential, proprietary or commercially

28   sensitive information, the disclosure of which would be inimical to the business

- 47 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 320

1   interests of MGA.  MGA also objects to this request to the extent it calls for the

2   disclosure of attorney-client privileged information or information protected from

3   disclosure by the work-product doctrine, joint defense or common interest

4   privilege, or other privilege.  MGA also objects to the extent such documents are

5   not in MGA's possession, custody or control.

6   **REQUEST FOR PRODUCTION NO. 59:**

7          All DOCUMENTS RELATING TO any effort by YOU to recruit employees

8   or contractors since January 1, 1999, including but not limited to advertising, media

9   releases, brochures, articles, catalogs, handbooks, and public relations material.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

11         MGA incorporates by reference the above-stated general objections as if

12  fully set forth herein.  MGA also specifically objects to this request to the extent

13  that it seeks information not relevant to the subject matter of this lawsuit or

14  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

15  objects to this request on the grounds that it is overbroad, unduly burdensome, and

16  oppressive in seeking all documents relating to employee recruitment.

17  **REQUEST FOR PRODUCTION NO. 60:**

18         All DOCUMENTS RELATING TO the hiring, engagement, or retention by

19  YOU of any current or former MATTEL employee or contractor since January 1,

20  1999, including but not limited to all employment agreements and agreements

21  RELATING TO confidentiality or the invention, authorship, or ownership of any

22  concept or product.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

24         MGA incorporates by reference the above-stated general objections as if

25  fully set forth herein.  MGA also specifically objects to this request to the extent

26  that it seeks information not relevant to the subject matter of this lawsuit or

27  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

28

- 48 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT __D__  PAGE 321

1  objects to this request on the grounds that it is overbroad, unduly burdensome, and

2  oppressive.

3  **REQUEST FOR PRODUCTION NO. 61:**

4  　　All DOCUMENTS RELATING TO any of the CONTESTED MATTEL

5  PRODUCTS that were obtained by YOU before the date that such product was first

6  offered for sale to the general public.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

8  　　MGA incorporates by reference the above-stated general objections as if

9  fully set forth herein.  MGA also specifically objects to this request to the extent

10 that it seeks information not relevant to the subject matter of this lawsuit or

11 reasonably calculated to lead to the discovery of admissible evidence.

12 　　Subject to the foregoing, MGA will produce relevant and non-objectionable

13 documents in its possession, custody or control, if any, responsive to this request,

14 that it is able to locate following a reasonably diligent search.

15 **REQUEST FOR PRODUCTION NO. 62:**

16 　　All DOCUMENTS, since January 1, 1999, RELATING TO YOUR receipt,

17 reproduction, copying, storage, transmission, transfer, retention, destruction,

18 deletion or use of any DOCUMENTS, data and/or information, including but not

19 limited to any compilation of information, that was prepared, made, created,

20 generated, assembled or compiled by or for MATTEL and that was not publicly

21 available at the time of YOUR receipt of such DOCUMENT, data and/or

22 information.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

24 　　MGA incorporates by reference the above-stated general objections as if

25 fully set forth herein.  MGA also specifically objects to this request to the extent

26 that it seeks information not relevant to the subject matter of this lawsuit or

27 reasonably calculated to lead to the discovery of admissible evidence.  MGA also

28

- 49 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)



EXHIBIT ( O    PAGE 730

1    objects to this request on the grounds that it is overbroad, unduly burdensome, and

2    oppressive.

3            Subject to the foregoing, MGA will produce relevant and non-objectionable

4    documents in its possession, custody or control, if any, responsive to this request,

5    that it is able to locate following a reasonably diligent search.

6    **REQUEST FOR PRODUCTION NO. 63:**

7            All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

8    knowledge of any MATTEL product prior to the time that such product had been

9    announced or disclosed by MATTEL to retailers or the public, including but not

10   limited to the CONTESTED MATTEL PRODUCTS.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

12           MGA incorporates by reference the above-stated general objections as if

13   fully set forth herein.  MGA also specifically objects to this request to the extent

14   that it seeks information not relevant to the subject matter of this lawsuit or

15   reasonably calculated to lead to the discovery of admissible evidence.

16           Subject to the foregoing, MGA will produce relevant and non-objectionable

17   documents in its possession, custody or control, if any, responsive to this request,

18   that it is able to locate following a reasonably diligent search.

19   **REQUEST FOR PRODUCTION NO. 64:**

20           All DOCUMENTS, since January 1, 1999, RELATING TO YOUR receipt,

21   reproduction, copying, storage, transmission, transfer, retention, destruction,

22   deletion or use of any MATTEL line list or other DOCUMENT prepared by

23   MATTEL identifying MATTEL products in the planning, design or development

24   phase.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

26           MGA incorporates by reference the above-stated general objections as if

27   fully set forth herein.  MGA also specifically objects to this request to the extent

28

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT  ( 0   PAGE 323

1   that it seeks information not relevant to the subject matter of this lawsuit or

2   reasonably calculated to lead to the discovery of admissible evidence.

3        Subject to the foregoing, MGA will produce relevant and non-objectionable

4   documents in its possession, custody or control, if any, responsive to this request,

5   that it is able to locate following a reasonably diligent search.

6   **REQUEST FOR PRODUCTION NO. 65:**

7        Copies of all DOCUMENTS that were seized by Mexican authorities from

8   MGA's office in Mexico City, Mexico.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

10       MGA incorporates by reference the above-stated general objections as if

11  fully set forth herein. MGA also specifically objects to this request to the extent

12  that it seeks information not relevant to the subject matter of this lawsuit or

13  reasonably calculated to lead to the discovery of admissible evidence. MGA also

14  objects to this request on the ground that such documents are not within MGA's

15  possession, custody or control.

16  **REQUEST FOR PRODUCTION NO. 66:**

17       All DOCUMENTS RELATING TO the DOCUMENTS, data and/or

18  information that were seized by Mexican authorities from MGA's office in Mexico

19  City, Mexico.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

21       MGA incorporates by reference the above-stated general objections as if

22  fully set forth herein. MGA also specifically objects to this request to the extent

23  that it seeks information not relevant to the subject matter of this lawsuit or

24  reasonably calculated to lead to the discovery of admissible evidence. MGA also

25  objects to this request on the ground that such documents are not within MGA's

26  possession, custody or control.

27  **REQUEST FOR PRODUCTION NO. 67:**

28       All DOCUMENTS, including all COMMUNICATIONS, RELATING to the

- 51 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 324

1  search of MGA's office in Mexico City, Mexico that was conducted by Mexican

2  authorities.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

4  MGA incorporates by reference the above-stated general objections as if

5  fully set forth herein.  MGA also specifically objects to this request to the extent

6  that it seeks information not relevant to the subject matter of this lawsuit or

7  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

8  objects to this request on the ground that such documents are not within MGA's

9  possession, custody or control.

10 **REQUEST FOR PRODUCTION NO. 68:**

11 All DOCUMENTS RELATING TO the email account <plot04@aol.com>,

12 including but not limited to all emails and attachments sent from, sent to, received

13 by, transmitted by way of or through and/or stored in such account in any manner.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

15 MGA incorporates by reference the above-stated general objections as if

16 fully set forth herein.  MGA also specifically objects to this request to the extent

17 that it seeks information not relevant to the subject matter of this lawsuit or

18 reasonably calculated to lead to the discovery of admissible evidence.  MGA also

19 objects to this request on the ground that such documents are not within MGA's

20 possession, custody or control.

21 **REQUEST FOR PRODUCTION NO. 69:**

22 All DOCUMENTS RELATING TO when the email account

23 <plot04@aol.com> was first registered, set up or established.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

25 MGA incorporates by reference the above-stated general objections as if

26 fully set forth herein.  MGA also specifically objects to this request to the extent

27 that it seeks information not relevant to the subject matter of this lawsuit or

28 reasonably calculated to lead to the discovery of admissible evidence.  MGA also

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 16 PAGE 325

1   objects to this request on the ground that such documents are not within MGA's

2   possession, custody or control.

3   **REQUEST FOR PRODUCTION NO. 70:**

4         All DOCUMENTS identifying each PERSON who registered, set up,

5   established or used the email account <plot04@aol.com>.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

7         MGA incorporates by reference the above-stated general objections as if

8   fully set forth herein. MGA also specifically objects to this request to the extent

9   that it seeks information not relevant to the subject matter of this lawsuit or

10  reasonably calculated to lead to the discovery of admissible evidence. MGA also

11  objects to this request on the ground that such documents are not within MGA's

12  possession, custody or control.

13  **REQUEST FOR PRODUCTION NO. 71:**

14        All COMMUNICATIONS between YOU and Carlos Gustavo Machado

15  Gomez ("Machado") prior to April 20, 2004.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

17        MGA incorporates by reference the above-stated general objections as if

18  fully set forth herein. MGA also specifically objects to this request to the extent

19  that it seeks information not relevant to the subject matter of this lawsuit or

20  reasonably calculated to lead to the discovery of admissible evidence.

21  **REQUEST FOR PRODUCTION NO. 72:**

22        All DOCUMENTS RELATING TO COMMUNICATIONS between YOU

23  and Machado prior to April 20, 2004, including but not limited to all calendar

24  entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

26        MGA incorporates by reference the above-stated general objections as if

27  fully set forth herein. MGA also specifically objects to this request to the extent

28

- 53 -

EXHIBIT 10 PAGE 326

1   that it seeks information not relevant to the subject matter of this lawsuit or

2   reasonably calculated to lead to the discovery of admissible evidence.

3   **REQUEST FOR PRODUCTION NO. 73:**

4       All DOCUMENTS, including but not limited to all COMMUNICATIONS

5   with any PERSON, RELATING TO Machado prior to April 20, 2004.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

7       MGA incorporates by reference the above-stated general objections as if

8   fully set forth herein. MGA also specifically objects to this request to the extent

9   that it seeks information not relevant to the subject matter of this lawsuit or

10  reasonably calculated to lead to the discovery of admissible evidence.

11  **REQUEST FOR PRODUCTION NO. 74:**

12      All DOCUMENTS, including but not limited to all COMMUNICATIONS

13  with any PERSON, RELATING TO Machado's resignation from Mattel.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

15      MGA incorporates by reference the above-stated general objections as if

16  fully set forth herein. MGA also specifically objects to this request to the extent

17  that it seeks information not relevant to the subject matter of this lawsuit or

18  reasonably calculated to lead to the discovery of admissible evidence.

19  **REQUEST FOR PRODUCTION NO. 75:**

20      All DOCUMENTS, including but not limited to all COMMUNICATIONS

21  with any PERSON, RELATING TO compensation, money or any other item of

22  value paid to Machado, whether directly or indirectly, by YOU.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

24      MGA incorporates by reference the above-stated general objections as if

25  fully set forth herein. MGA also specifically objects to this request to the extent

26  that it seeks information not relevant to the subject matter of this lawsuit or

27  reasonably calculated to lead to the discovery of admissible evidence. MGA also

28  objects to this request to the extent it seeks information the disclosure of which

- 54 -

EXHIBIT 10 PAGE 327

1  would implicate the rights of third parties to protect private, confidential,

2  proprietary or trade secret information.

3  **REQUEST FOR PRODUCTION NO. 76:**

4  　　All DOCUMENTS received by YOU, directly or indirectly, from Machado

5  RELATING TO any MATTEL product or plan.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

7  　　MGA incorporates by reference the above-stated general objections as if

8  fully set forth herein.  MGA also specifically objects to this request to the extent

9  that it seeks information not relevant to the subject matter of this lawsuit or

10  reasonably calculated to lead to the discovery of admissible evidence.

11  **REQUEST FOR PRODUCTION NO. 77:**

12  　　All DOCUMENTS, including but not limited to all COMMUNICATIONS

13  with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage,

14  transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS,

15  data and/or information, including but not limited to any compilation of

16  information, that was prepared, made, created, generated, assembled or compiled by

17  or for MATTEL and that YOU received, directly or indirectly, from Machado.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

19  　　MGA incorporates by reference the above-stated general objections as if

20  fully set forth herein.  MGA also specifically objects to this request to the extent

21  that it seeks information not relevant to the subject matter of this lawsuit or

22  reasonably calculated to lead to the discovery of admissible evidence.

23  **REQUEST FOR PRODUCTION NO. 78:**

24  　　A copy of each personnel file maintained or created by YOU RELATING

25  TO Machado.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

27  　　MGA incorporates by reference the above-stated general objections as if

28  fully set forth herein.  MGA also specifically objects to this request to the extent

- 55 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10   PAGE 28

1  that it seeks information not relevant to the subject matter of this lawsuit or

2  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

3  objects to this request to the extent it seeks information the disclosure of which

4  would implicate the rights of third parties to protect private, confidential,

5  proprietary or trade secret information.

6  **REQUEST FOR PRODUCTION NO. 79:**

7       All DOCUMENTS, including but not limited to all COMMUNICATIONS,

8  prepared, created, sent or transmitted, whether in whole or in part, by Machado

9  RELATING TO any of the CONTESTED MGA PRODUCTS.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

11       MGA incorporates by reference the above-stated general objections as if

12  fully set forth herein.  MGA also specifically objects to this request to the extent

13  that it seeks information not relevant to the subject matter of this lawsuit or

14  reasonably calculated to lead to the discovery of admissible evidence.

15  **REQUEST FOR PRODUCTION NO. 80:**

16       All DOCUMENTS, including but not limited to all COMMUNICATIONS,

17  prepared, created, sent or transmitted, whether in whole or in part, by Machado

18  RELATING TO any of the CONTESTED MATTEL PRODUCTS.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

20       MGA incorporates by reference the above-stated general objections as if

21  fully set forth herein.  MGA also specifically objects to this request to the extent

22  that it seeks information not relevant to the subject matter of this lawsuit or

23  reasonably calculated to lead to the discovery of admissible evidence.

24  **REQUEST FOR PRODUCTION NO. 81:**

25       All COMMUNICATIONS between YOU and Mariana Trueba Almada

26  ("Trueba") prior to April 20, 2004.

27

28

- 56 -

EXHIBIT 10  PAGE 329

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 82:**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and Trueba prior to April 20, 2004, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Trueba prior to April 24 20, 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Trueba's resignation from Mattel.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)



EXHIBIT 10   PAGE 336

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

2      MGA incorporates by reference the above-stated general objections as if

3  fully set forth herein. MGA also specifically objects to this request to the extent

4  that it seeks information not relevant to the subject matter of this lawsuit or

5  reasonably calculated to lead to the discovery of admissible evidence. MGA also

6  objects to this request on the ground that such documents are not in MGA's

7  possession, custody or control.

8  **REQUEST FOR PRODUCTION NO. 85:**

9      All DOCUMENTS, including but not limited to all COMMUNICATIONS

10  with any PERSON, RELATING TO compensation, money or any other item of

11  value paid to Trueba, whether directly or indirectly, by YOU.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

13      MGA incorporates by reference the above-stated general objections as if

14  fully set forth herein. MGA also specifically objects to this request to the extent

15  that it seeks information not relevant to the subject matter of this lawsuit or

16  reasonably calculated to lead to the discovery of admissible evidence. MGA also

17  objects to this request to the extent it seeks information the disclosure of which

18  would implicate the rights of third parties to protect private, confidential,

19  proprietary or trade secret information.

20  **REQUEST FOR PRODUCTION NO. 86:**

21      All DOCUMENTS received by YOU, directly or indirectly, from Trueba

22  RELATING TO any MATTEL product or plan.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

24      MGA incorporates by reference the above-stated general objections as if

25  fully set forth herein. MGA also specifically objects to this request to the extent

26  that it seeks information not relevant to the subject matter of this lawsuit or

27  reasonably calculated to lead to the discovery of admissible evidence.

28

- 58 -

MGA'S RESPONSE TO MATTEL'S FIRST SET OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 331

1   **REQUEST FOR PRODUCTION NO. 87:**

2       All DOCUMENTS, including but not limited to all COMMUNICATIONS

3   with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage,

4   transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS,

5   data and/or information, including but not limited to any compilation of

6   information, that was prepared, made, created, generated, assembled or compiled by

7   or for MATTEL and that YOU received, directly or indirectly, from Trueba.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

9       MGA incorporates by reference the above-stated general objections as if

10  fully set forth herein. MGA also specifically objects to this request to the extent

11  that it seeks information not relevant to the subject matter of this lawsuit or

12  reasonably calculated to lead to the discovery of admissible evidence.

13  **REQUEST FOR PRODUCTION NO. 88:**

14      A copy of each personnel file maintained or created by YOU RELATING

15  TO Trueba.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

17      MGA incorporates by reference the above-stated general objections as if

18  fully set forth herein. MGA also specifically objects to this request to the extent

19  that it seeks information not relevant to the subject matter of this lawsuit or

20  reasonably calculated to lead to the discovery of admissible evidence. MGA also

21  objects to this request to the extent it seeks information the disclosure of which

22  would implicate the rights of third parties to protect private, confidential,

23  proprietary or trade secret information.

24  **REQUEST FOR PRODUCTION NO. 89:**

25      All DOCUMENTS, including but not limited to all COMMUNICATIONS,

26  prepared, created, sent or transmitted, whether in whole or in part, by Trueba

27  RELATING TO any of the CONTESTED MGA PRODUCTS.

28

- 59 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 332

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

2      MGA incorporates by reference the above-stated general objections as if

3  fully set forth herein. MGA also specifically objects to this request to the extent

4  that it seeks information not relevant to the subject matter of this lawsuit or

5  reasonably calculated to lead to the discovery of admissible evidence.

6  **REQUEST FOR PRODUCTION NO. 90:**

7      All DOCUMENTS, including but not limited to all COMMUNICATIONS,

8  prepared, created, sent or transmitted, whether in whole or in part, by Trueba

9  RELATING TO any of the CONTESTED MATTEL PRODUCTS.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

11      MGA incorporates by reference the above-stated objections as if

12  fully set forth herein. MGA also specifically objects to this request to the extent

13  that it seeks information not relevant to the subject matter of this lawsuit or

14  reasonably calculated to lead to the discovery of admissible evidence. MGA also

15  objects to this request to the extent such documents are not in MGA's possession,

16  custody or control.

17  **REQUEST FOR PRODUCTION NO. 91:**

18      All COMMUNICATIONS between YOU and Pablo Vargas San Jose

19  ("Vargas") prior to April 20, 2004.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

21      MGA incorporates by reference the above-stated general objections as if

22  fully set forth herein. MGA also specifically objects to this request to the extent

23  that it seeks information not relevant to the subject matter of this lawsuit or

24  reasonably calculated to lead to the discovery of admissible evidence.

25  **REQUEST FOR PRODUCTION NO. 92:**

26      All DOCUMENTS RELATING TO COMMUNICATIONS between YOU

27  and Vargas prior to April 20, 2004, including but not limited to all calendar entries,

28  phone logs, phone records and notes reflecting such COMMUNICATIONS.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 1 PAGE 333

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

2        MGA incorporates by reference the above-stated general objections as if

3  fully set forth herein. MGA also specifically objects to this request to the extent

4  that it seeks information not relevant to the subject matter of this lawsuit or

5  reasonably calculated to lead to the discovery of admissible evidence.

6  **REQUEST FOR PRODUCTION NO. 93:**

7       All DOCUMENTS, including but not limited to all COMMUNICATIONS

8  with any PERSON, RELATING TO Vargas prior to April 20, 2004.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

10       MGA incorporates by reference the above-stated general objections as if

11  fully set forth herein. MGA also specifically objects to this request to the extent

12  that it seeks information not relevant to the subject matter of this lawsuit or

13  reasonably calculated to lead to the discovery of admissible evidence.

14  **REQUEST FOR PRODUCTION NO. 94:**

15       All DOCUMENTS, including but not limited to all COMMUNICATIONS

16  with any PERSON, RELATING TO Vargas' resignation from Mattel.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

18       MGA incorporates by reference the above-stated general objections as if

19  fully set forth herein. MGA also specifically objects to this request to the extent

20  that it seeks information not relevant to the subject matter of this lawsuit or

21  reasonably calculated to lead to the discovery of admissible evidence.

22  **REQUEST FOR PRODUCTION NO. 95:**

23       All DOCUMENTS, including but not limited to all COMMUNICATIONS

24  with any PERSON, RELATING TO compensation, money or any other item of

25  value paid to Vargas, whether directly or indirectly, by YOU.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

27       MGA incorporates by reference the above-stated general objections as if

28  fully set forth herein. MGA also specifically objects to this request to the extent

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 334

1   that it seeks information not relevant to the subject matter of this lawsuit or

2   reasonably calculated to lead to the discovery of admissible evidence. MGA also

3   objects to this request to the extent it seeks information the disclosure of which

4   would implicate the rights of third parties to protect private, confidential,

5   proprietary or trade secret information.

6   **REQUEST FOR PRODUCTION NO. 96:**

7   All DOCUMENTS received by YOU, directly or indirectly, from Vargas

8   RELATING TO any MATTEL product or plan.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

10   MGA incorporates by reference the above-stated general objections as if

11   fully set forth herein. MGA also specifically objects to this request to the extent

12   that it seeks information not relevant to the subject matter of this lawsuit or

13   reasonably calculated to lead to the discovery of admissible evidence.

14   **REQUEST FOR PRODUCTION NO. 97:**

15   All DOCUMENTS, including but not limited to all COMMUNICATIONS

16   with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage,

17   transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS,

18   data and/or information, including but not limited to any compilation of

19   information, that was prepared, made, created, generated, assembled or compiled by

20   or for MATTEL and that YOU received, directly or indirectly, from Vargas.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

22   MGA incorporates by reference the above-stated general objections as if

23   fully set forth herein. MGA also specifically objects to this request to the extent

24   that it seeks information not relevant to the subject matter of this lawsuit or

25   reasonably calculated to lead to the discovery of admissible evidence.

26   **REQUEST FOR PRODUCTION NO. 98:**

27   A copy of each personnel file maintained or created by YOU RELATING

28   TO Vargas.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 1 D PAGE 335

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

2 |     MGA incorporates by reference the above-stated general objections as if

3 | fully set forth herein. MGA also specifically objects to this request to the extent

4 | that it seeks information not relevant to the subject matter of this lawsuit or

5 | reasonably calculated to lead to the discovery of admissible evidence. MGA also

6 | objects to this request to the extent it seeks information the disclosure of which

7 | would implicate the rights of third parties to protect private, confidential,

8 | proprietary or trade secret information.

9 | **REQUEST FOR PRODUCTION NO. 99:**

10 |     All DOCUMENTS, including but not limited to all COMMUNICATIONS,

11 | prepared, created, sent or transmitted, whether in whole or in part, by Vargas

12 | RELATING TO any of the CONTESTED MGA PRODUCTS.

13 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

14 |     MGA incorporates by reference the above-stated general objections as if

15 | fully set forth herein. MGA also specifically objects to this request to the extent

16 | that it seeks information not relevant to the subject matter of this lawsuit or

17 | reasonably calculated to lead to the discovery of admissible evidence. MGA also

18 | objects to this request on the ground that such documents are not in MGA's

19 | possession, custody or control.

20 | **REQUEST FOR PRODUCTION NO. 100:**

21 |     All DOCUMENTS, including but not limited to all COMMUNICATIONS,

22 | prepared, created, sent or transmitted, whether in whole or in part, by Vargas

23 | RELATING TO any of the CONTESTED MATTEL PRODUCTS.

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

25 |     MGA incorporates by reference the above-stated general objections as if

26 | fully set forth herein. MGA also specifically objects to this request to the extent

27 | that it seeks information not relevant to the subject matter of this lawsuit or

28 | reasonably calculated to lead to the discovery of admissible evidence.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT _____ PAGE 334

**REQUEST FOR PRODUCTION NO. 101:**

All COMMUNICATIONS between YOU and Janine Brisbois ("Brisbois") prior to September 27, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 102:**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and Brisbois prior to September 27, 2005, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 103:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Brisbois prior to September 27, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 104:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Brisbois' resignation from Mattel.

EXHIBIT $\mathcal{V}$ PAGE 337

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

2        MGA incorporates by reference the above-stated general objections as if

3   fully set forth herein. MGA also specifically objects to this request to the extent

4   that it seeks information not relevant to the subject matter of this lawsuit or

5   reasonably calculated to lead to the discovery of admissible evidence.

6   **REQUEST FOR PRODUCTION NO. 105:**

7        All DOCUMENTS, including but not limited to all COMMUNICATIONS

8   with any PERSON, RELATING TO compensation, money or any other item of

9   value paid to Brisbois, whether directly or indirectly, by YOU.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

11       MGA incorporates by reference the above-stated general objections as if

12  fully set forth herein. MGA also specifically objects to this request to the extent

13  that it seeks information not relevant to the subject matter of this lawsuit or

14  reasonably calculated to lead to the discovery of admissible evidence. MGA also

15  objects to this request to the extent it seeks information the disclosure of which

16  would implicate the rights of third parties to protect private, confidential,

17  proprietary or trade secret information.

18  **REQUEST FOR PRODUCTION NO. 106:**

19       All DOCUMENTS received by YOU, directly or indirectly, from Brisbois

20  RELATING TO any MATTEL product or plan.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

22       MGA incorporates by reference the above-stated general objections as if

23  fully set forth herein. MGA also specifically objects to this request to the extent

24  that it seeks information not relevant to the subject matter of this lawsuit or

25  reasonably calculated to lead to the discovery of admissible evidence.

26  **REQUEST FOR PRODUCTION NO. 107:**

27       All DOCUMENTS, including but not limited to all COMMUNICATIONS

28  with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage,

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10   PAGE 338

1  transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS,

2  data and/or information, including but not limited to any compilation of

3  information, that was prepared, made, created, generated, assembled or compiled by

4  or for MATTEL and that YOU received, directly or indirectly, from Brisbois.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

6       MGA incorporates by reference the above-stated general objections as if

7  fully set forth herein. MGA also specifically objects to this request to the extent

8  that it seeks information not relevant to the subject matter of this lawsuit or

9  reasonably calculated to lead to the discovery of admissible evidence.

10  **REQUEST FOR PRODUCTION NO. 108:**

11       A copy of each personnel file maintained or created by YOU RELATING

12  TO Brisbois.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

14       MGA incorporates by reference the above-stated general objections as if

15  fully set forth herein. MGA also specifically objects to this request to the extent

16  that it seeks information not relevant to the subject matter of this lawsuit or

17  reasonably calculated to lead to the discovery of admissible evidence. MGA also

18  objects to this request to the extent it seeks information the disclosure of which

19  would implicate the rights of third parties to protect private, confidential,

20  proprietary or trade secret information.

21  **REQUEST FOR PRODUCTION NO. 109:**

22       All DOCUMENTS, including but not limited to all COMMUNICATIONS,

23  prepared, created, sent or transmitted, whether in whole or in part, by Brisbois

24  RELATING TO any of the CONTESTED MGA PRODUCTS.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

26       MGA incorporates by reference the above-stated general objections as if

27  fully set forth herein. MGA also specifically objects to this request to the extent

28  that it seeks information not relevant to the subject matter of this lawsuit or

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 339

1  reasonably calculated to lead to the discovery of admissible evidence. MGA also

2  objects to this request on the ground that such documents are not in MGA's

3  possession, custody or control.

4  **REQUEST FOR PRODUCTION NO. 110:**

5      All DOCUMENTS, including but not limited to all COMMUNICATIONS,

6  prepared, created, sent or transmitted, whether in whole or in part, by Brisbois

7  RELATING TO any of the CONTESTED MATTEL PRODUCTS.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

9      MGA incorporates by reference the above-stated general objections as if

10  fully set forth herein. MGA also specifically objects to this request to the extent

11  that it seeks information not relevant to the subject matter of this lawsuit or

12  reasonably calculated to lead to the discovery of admissible evidence. MGA also

13  objects to this request on the ground that such documents are not in MGA's

14  possession, custody or control.

15  **REQUEST FOR PRODUCTION NO. 111:**

16      All COMMUNICATIONS between YOU and Ron Brawer ("Brawer") prior

17  to October 2, 2004.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

19      MGA incorporates by reference the above-stated general objections as if

20  fully set forth herein. MGA also specifically objects to this request to the extent

21  that it seeks information not relevant to the subject matter of this lawsuit or

22  reasonably calculated to lead to the discovery of admissible evidence.

23  **REQUEST FOR PRODUCTION NO. 112:**

24      All DOCUMENTS RELATING TO COMMUNICATIONS between YOU

25  and Brawer prior to October 2, 2004, including but not limited to all calendar

26  entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

27

28

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 340

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

2    MGA incorporates by reference the above-stated general objections as if

3  fully set forth herein. MGA also specifically objects to this request to the extent

4  that it seeks information not relevant to the subject matter of this lawsuit or

5  reasonably calculated to lead to the discovery of admissible evidence.

6  **REQUEST FOR PRODUCTION NO. 113:**

7    All DOCUMENTS, including but not limited to all COMMUNICATIONS

8  with any PERSON, RELATING TO Brawer prior to October 2, 2004.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

10    MGA incorporates by reference the above-stated general objections as if

11  fully set forth herein. MGA also specifically objects to this request to the extent

12  that it seeks information not relevant to the subject matter of this lawsuit or

13  reasonably calculated to lead to the discovery of admissible evidence.

14  **REQUEST FOR PRODUCTION NO. 114:**

15    All DOCUMENTS, including but not limited to all COMMUNICATIONS

16  with any PERSON, RELATING TO Brawer's resignation from Mattel.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

18    MGA incorporates by reference the above-stated general objections as if

19  fully set forth herein. MGA also specifically objects to this request to the extent

20  that it seeks information not relevant to the subject matter of this lawsuit or

21  reasonably calculated to lead to the discovery of admissible evidence.

22  **REQUEST FOR PRODUCTION NO. 115:**

23    All DOCUMENTS, including but not limited to all COMMUNICATIONS

24  with any PERSON, RELATING TO compensation, money or any other item of

25  value paid to Brawer, whether directly or indirectly, by YOU.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

27    MGA incorporates by reference the above-stated general objections as if

28  fully set forth herein. MGA also specifically objects to this request to the extent

- 68 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 341

1  that it seeks information not relevant to the subject matter of this lawsuit or

2  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

3  objects to this request to the extent it seeks information the disclosure of which

4  would implicate the rights of third parties to protect private, confidential,

5  proprietary or trade secret information.

6  **REQUEST FOR PRODUCTION NO. 116:**

7      All DOCUMENTS received by YOU, directly or indirectly, from Brawer

8  RELATING TO any MATTEL product or plan.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

10      MGA incorporates by reference the above-stated general objections as if

11  fully set forth herein.  MGA also specifically objects to this request to the extent

12  that it seeks information not relevant to the subject matter of this lawsuit or

13  reasonably calculated to lead to the discovery of admissible evidence.

14  **REQUEST FOR PRODUCTION NO. 117:**

15      All DOCUMENTS, including but not limited to all COMMUNICATIONS

16  with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage,

17  transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS,

18  data and/or information, including but not limited to any compilation of

19  information, that was prepared, made, created, generated, assembled or compiled by

20  or for MATTEL and that YOU received, directly or indirectly, from Brawer.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

22      MGA incorporates by reference the above-stated general objections as if

23  fully set forth herein.  MGA also specifically objects to this request to the extent

24  that it seeks information not relevant to the subject matter of this lawsuit or

25  reasonably calculated to lead to the discovery of admissible evidence.

26  **REQUEST FOR PRODUCTION NO. 118:**

27      All DOCUMENTS RELATING TO the existence or extent of competition or

28  substitution between any of the CONTESTED MGA PRODUCTS and any of the

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

- 69 -

EXHIBIT 10  PAGE 942

1    CONTESTED MATTEL PRODUCTS.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

3    MGA incorporates by reference the above-stated general objections as if

4    fully set forth herein. MGA also specifically objects to this request to the extent

5    that it seeks information not relevant to the subject matter of this lawsuit or

6    reasonably calculated to lead to the discovery of admissible evidence. MGA further

7    objects that this request seeks the disclosure of documents that are properly the

8    subject of expert reports and analysis and is therefore premature as expert reports

9    are not yet due in this case.

10   **REQUEST FOR PRODUCTION NO. 119:**

11   All DOCUMENTS RELATING TO the facts that YOU contend support the

12   claims for relief in YOUR COMPLAINT.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

14   MGA incorporates by reference the above-stated general objections as if

15   fully set forth herein. MGA also specifically objects to this request to the extent

16   that it seeks information not relevant to the subject matter of this lawsuit or

17   reasonably calculated to lead to the discovery of admissible evidence. MGA further

18   objects that this request is duplicative and redundant.

19   **REQUEST FOR PRODUCTION NO. 120:**

20   All DOCUMENTS RELATING TO any claim by YOU that any of the

21   CONTESTED MGA PRODUCTS have acquired secondary meaning or are

22   famous.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

24   MGA incorporates by reference the above-stated general objections as if

25   fully set forth herein. MGA further objects that this request seeks the disclosure of

26   documents that are properly the subject of expert reports and analysis and is

27   therefore premature as expert reports are not yet due in this case. MGA further

28

- 70 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT _____ PAGE 343

1  object to this request on the grounds that it calls for a legal conclusion and will be

2  the subject of expert testimony.

3      Subject to the foregoing, MGA will produce relevant and non-objectionable

4  documents in its possession, custody or control, if any, responsive to this request,

5  that it is able to locate following a reasonably diligent search.

6  **REQUEST FOR PRODUCTION NO. 121:**

7      All DOCUMENTS RELATING TO any claim by YOU that MATTEL's

8  actions have caused actual dilution.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

10      MGA incorporates by reference the above-stated general objections as if

11  fully set forth herein. MGA further objects that this request seeks the disclosure of

12  documents that are properly the subject of expert reports and analysis and is

13  therefore premature as expert reports are not yet due in this case.

14      Subject to the foregoing, MGA will produce relevant and non-objectionable

15  documents in its possession, custody or control, if any, responsive to this request,

16  that it is able to locate following a reasonably diligent search.

17  **REQUEST FOR PRODUCTION NO. 122:**

18      All DOCUMENTS RELATING TO the allegation in Paragraph 9 of YOUR

19  COMPLAINT that "Mattel has intimidated, coerced and threatened retailers,

20  licensees, suppliers and others in the industry."

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

22      MGA incorporates by reference the above-stated general objections as if

23  fully set forth herein.

24      Subject to the foregoing, MGA will produce relevant and non-objectionable

25  documents in its possession, custody or control, if any, responsive to this request,

26  that it is able to locate following a reasonably diligent search.

27  **REQUEST FOR PRODUCTION NO. 123:**

28      All DOCUMENTS RELATING TO the allegation in Paragraph 9 of YOUR

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10   PAGE 344

1   COMPLAINT that "Mattel has . . . serially imitated and copy-catted [*sic*] the look

2   of MGA products, trade dress, trademarks, themes, ideas, advertising and

3   packaging."

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

5       MGA incorporates by reference the above-stated general objections as if

6   fully set forth herein.

7       Subject to the foregoing, MGA will produce relevant and non-objectionable

8   documents in its possession, custody or control, if any, responsive to this request,

9   that it is able to locate following a reasonably diligent search.

10  **REQUEST FOR PRODUCTION NO. 124:**

11      All DOCUMENTS RELATING TO the allegation in Paragraphs 34 and 36

12  of YOUR COMPLAINT that the Bratz dolls launched in 2001 were "unique and

13  distinctive."

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

15      MGA incorporates by reference the above-stated general objections as if

16  fully set forth herein.

17      Subject to the foregoing, MGA will produce relevant and non-objectionable

18  documents in its possession, custody or control, if any, responsive to this request,

19  that it is able to locate following a reasonably diligent search.

20  **REQUEST FOR PRODUCTION NO. 125:**

21      All DOCUMENTS RELATING TO any allegation by YOU that YOU have

22  any legally protected interest in any of the following "themes" or any other Bratz

23  "theme" that you contend was copied by MATTEL: "Winter Wonderland," "Bratz

24  Sportz," "Formal Funk," "Sun-Kissed Summer."

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

26      MGA incorporates by reference the above-stated general objections as if

27  fully set forth herein.  MGA further objects to this request to the extent that it calls

28  for a legal conclusion.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV-04-09049 SGL (RNBX)

EXHIBIT 10   PAGE 345

1    Subject to the foregoing, MGA will produce relevant and non-objectionable

2    documents in its possession, custody or control, if any, responsive to this request,

3    that it is able to locate following a reasonably diligent search.

4    **REQUEST FOR PRODUCTION NO. 126:**

5    All DOCUMENTS RELATING TO any allegation by YOU that YOU have

6    any legally protected interest in any "color scheme" that you contend was copied by

7    MATTEL.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

9    MGA incorporates by reference the above-stated general objections as if

10   fully set forth herein.  MGA further objects to this request to the extent that it calls

11   for a legal conclusion.

12   Subject to the foregoing, MGA will produce relevant and non-objectionable

13   documents in its possession, custody or control, if any, responsive to this request,

14   that it is able to locate following a reasonably diligent search.

15   **REQUEST FOR PRODUCTION NO. 127:**

16   All DOCUMENTS RELATING TO the allegation in Paragraph 56 of YOUR

17   COMPLAINT that the press has confused YOUR products with those of MATTEL,

18   or vice versa.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

20   MGA incorporates by reference the above-stated general objections as if

21   fully set forth herein.

22   Subject to the foregoing, MGA will produce relevant and non-objectionable

23   documents in its possession, custody or control, if any, responsive to this request,

24   that it is able to locate following a reasonably diligent search.

25   **REQUEST FOR PRODUCTION NO. 128:**

26   All DOCUMENTS RELATING TO any allegation by YOU that anyone has

27   confused any commercial for YOUR Funky Fashion Makeover Head with any

28   commercial for MATTEL's My Scene Styling Head.

- 73 -

EXHIBIT D PAGE 346

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein.

Subject to the foregoing, MGA will produce relevant and non-objectionable documents in its possession, custody or control, if any, responsive to this request, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 129:**

All DOCUMENTS RELATING TO any allegation by YOU that MATTEL has used any "tag line" allegedly belonging to YOU, including but not limited to "Passion for Fashion" or any derivative thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein.

Subject to the foregoing, MGA will produce relevant and non-objectionable documents in its possession, custody or control, if any, responsive to this request, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 130:**

All DOCUMENTS RELATING TO the allegation in Paragraph 61 of YOUR COMPLAINT that retailers have been confused by Bratz Petz and MATTEL's My Scene Pets, including but not limited to YOUR allegation that "even sophisticated retailers . . . have mistakenly merchandised 'My Scene' dogs in the middle of the 'BRATZ' section of a retail display, next to and as if they were part of MGA's 'BRATZ Petz' line."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein.

Subject to the foregoing, MGA will produce relevant and non-objectionable documents in its possession, custody or control, if any, responsive to this request,

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 1D PAGE 347

1   that it is able to locate following a reasonably diligent search.

2   **REQUEST FOR PRODUCTION NO. 131:**

3   All DOCUMENTS RELATING TO the allegation in Paragraph 62 of YOUR

4   COMPLAINT that advertising executives have "expressed concern" about "Bratz"

5   and Mattel's "My Scene," including but not limited to the alleged remarks set forth

6   in Paragraph 62.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

8   MGA incorporates by reference the above-stated general objections as if

9   fully set forth herein.

10   Subject to the foregoing, MGA will produce relevant and non-objectionable

11   documents in its possession, custody or control, if any, responsive to this request,

12   that it is able to locate following a reasonably diligent search.

13   **REQUEST FOR PRODUCTION NO. 132:**

14   All DOCUMENTS RELATING TO the allegations in Paragraph 63 of

15   YOUR COMPLAINT that the press "has taken notice" of alleged confusion

16   between "Bratz" and Mattel's "My Scene," including but not limited to the alleged

17   remarks set forth in Paragraph 63.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

19   MGA incorporates by reference the above-stated general objections as if

20   fully set forth herein.

21   Subject to the foregoing, MGA will produce relevant and non-objectionable

22   documents in its possession, custody or control, if any, responsive to this request,

23   that it is able to locate following a reasonably diligent search.

24   **REQUEST FOR PRODUCTION NO. 133:**

25   All DOCUMENTS RELATING TO the allegation in Paragraph 64 of YOUR

26   COMPLAINT that customers have contacted YOU to purchase Mattel's "My

27   Scene" dolls.

28

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 348

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein.

Subject to the foregoing, MGA will produce relevant and non-objectionable documents in its possession, custody or control, if any, responsive to this request, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 134:**

All DOCUMENTS RELATING TO any allegation by YOU that YOU have a legally protected interest in what YOU describe in Paragraph 71 of YOUR COMPLAINT as "MGA's 'other-worldly' theme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA further objects to this request to the extent that it calls for a legal conclusion.

Subject to the foregoing, MGA will produce relevant and non-objectionable documents in its possession, custody or control, if any, responsive to this request, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 135:**

All DOCUMENTS RELATING TO the allegation in Paragraph 71 of YOUR COMPLAINT that MATTEL's commercials and product "mimic[] MGA's alien theme and commercials in which MGA's 'AlienRacers' are engaged in a 'race to save the universe.'"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein.

Subject to the foregoing, MGA will produce relevant and non-objectionable documents in its possession, custody or control, if any, responsive to this request, that it is able to locate following a reasonably diligent search.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10   PAGE 349

1  **REQUEST FOR PRODUCTION NO. 136:**

2      All DOCUMENTS RELATING TO the allegation in Paragraph 74 of YOUR

3  COMPLAINT that MATTEL has engaged in "strong-arm tactics, and other

4  illegitimate, unfair and anti-competitive means."

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

6      MGA incorporates by reference the above-stated general objections as if

7  fully set forth herein.

8      Subject to the foregoing, MGA will produce relevant and non-objectionable

9  documents in its possession, custody or control, if any, responsive to this request,

10  that it is able to locate following a reasonably diligent search.

11  **REQUEST FOR PRODUCTION NO. 137:**

12      All DOCUMENTS RELATING TO the allegations in Paragraph 75 of

13  YOUR COMPLAINT regarding MATTEL's dealings and COMMUNICATIONS

14  with former employees, including but not limited to all COMMUNICATIONS

15  between YOU and any present or former employees or contractors of MATTEL.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

17      MGA incorporates by reference the above-stated general objections as if

18  fully set forth herein. MGA further objects that this request is compound and

19  incomprehensible as drafted.

20      Subject to the foregoing, MGA will produce relevant and non-objectionable

21  documents in its possession, custody or control, if any, relevant to the allegations in

22  Paragraph 75, that it is able to locate following a reasonably diligent search.

23  **REQUEST FOR PRODUCTION NO. 138:**

24      All COMMUNICATIONS between YOU and any PERSON RELATING TO

25  the departure from MATTEL of any current or former MATTEL employee or

26  contractor.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

28      MGA incorporates by reference the above-stated general objections as if

- 77 -

EXHIBIT ( °    PAGE 350

1    fully set forth herein. MGA also specifically objects to this request to the extent

2    that it seeks information not relevant to the subject matter of this lawsuit or

3    reasonably calculated to lead to the discovery of admissible evidence. MGA also

4    objects to this request on the grounds that it is overbroad, unduly burdensome, and

5    oppressive. MGA also objects to this request to the extent it seeks information the

6    disclosure of which would implicate the rights of third parties to protect private,

7    confidential, proprietary or trade secret information. MGA also objects to this

8    request to the extent that it seeks documents not in MGA's possession, custody or

9    control.

10   **REQUEST FOR PRODUCTION NO. 139:**

11        All COMMUNICATIONS between YOU and any PERSON RELATING TO

12   the obligations to MATTEL, including the duty of confidentiality, of any current or

13   former MATTEL employee or contractor.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

15        MGA incorporates by reference the above-stated general objections as if

16   fully set forth herein. MGA also specifically objects to this request to the extent

17   that it seeks information not relevant to the subject matter of this lawsuit or

18   reasonably calculated to lead to the discovery of admissible evidence. MGA also

19   objects to this request on the grounds that it is overbroad, unduly burdensome, and

20   oppressive. MGA also objects to this request to the extent it seeks information the

21   disclosure of which would implicate the rights of third parties to protect private,

22   confidential, proprietary or trade secret information. MGA also objects to this

23   request to the extent that it seeks documents not in MGA's possession, custody or

24   control.

25   **REQUEST FOR PRODUCTION NO. 140:**

26        All COMMUNICATIONS between YOU and any current or former

27   MATTEL employee or contractor RELATING TO the ownership of any idea,

28   concept, design, or product.

- 78 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT   D   PAGE  86

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

2       MGA incorporates by reference the above-stated general objections as if

3   fully set forth herein. MGA also specifically objects to this request to the extent

4   that it seeks information not relevant to the subject matter of this lawsuit or

5   reasonably calculated to lead to the discovery of admissible evidence. MGA also

6   objects to this request on the grounds that it is overbroad, unduly burdensome, and

7   oppressive. MGA also objects to this request to the extent it seeks information the

8   disclosure of which would implicate the rights of third parties to protect private,

9   confidential, proprietary or trade secret information. MGA also objects to this

10  request to the extent that it seeks documents not in MGA's possession, custody or

11  control.

12  **REQUEST FOR PRODUCTION NO. 141:**

13      All COMMUNICATIONS between YOU and any PERSON RELATING TO

14  the retention, destruction, transfer, or use of any information or DOCUMENTS

15  known to or possessed by any current or former MATTEL employee or contractor.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

17      MGA incorporates by reference the above-stated general objections as if

18  fully set forth herein. MGA also specifically objects to this request to the extent

19  that it seeks information not relevant to the subject matter of this lawsuit or

20  reasonably calculated to lead to the discovery of admissible evidence. MGA also

21  objects to this request on the grounds that it is overbroad, unduly burdensome, and

22  oppressive. MGA also objects to this request to the extent it seeks information the

23  disclosure of which would implicate the rights of third parties to protect private,

24  confidential, proprietary or trade secret information. MGA also objects to this

25  request to the extent that it seeks documents not in MGA's possession, custody or

26  control.

27      Subject to the foregoing, MGA will produce relevant and non-objectionable

28  documents in its possession, custody or control, if any, responsive to this request,

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10   PAGE 352

1  that it is able to locate following a reasonably diligent search.

2  **REQUEST FOR PRODUCTION NO. 142:**

3  All DOCUMENTS RELATING TO the "warnings" or "threats" alleged in

4  Paragraph 76 of YOUR COMPLAINT, including but not limited to all

5  COMMUNICATIONS with any present or former licensees of MATTEL.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

7  MGA incorporates by reference the above-stated general objections as if

8  fully set forth herein.

9  Subject to the foregoing, MGA will produce relevant and non-objectionable

10  documents in its possession, custody or control, if any, responsive to this request,

11  that it is able to locate following a reasonably diligent search.

12  **REQUEST FOR PRODUCTION NO. 143:**

13  All DOCUMENTS RELATING TO the "intimidation" alleged in Paragraph

14  77 of YOUR COMPLAINT, including but not limited to all COMMUNICATIONS

15  with any present or former distributors and retailers of MGA and MATTEL

16  products.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

18  MGA incorporates by reference the above-stated general objections as if

19  fully set forth herein.

20  Subject to the foregoing, MGA will produce relevant and non-objectionable

21  documents in its possession, custody or control, if any, responsive to this request,

22  that it is able to locate following a reasonably diligent search.

23  **REQUEST FOR PRODUCTION NO. 144:**

24  All COMMUNICATIONS between YOU and any retailer, wholesaler or

25  distributor RELATING TO the CONTESTED MATTEL PRODUCTS.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

27  MGA incorporates by reference the above-stated general objections as if

28  fully set forth herein. MGA also specifically objects to this request to the extent

- 80 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 16   PAGE 353

1  that it seeks information not relevant to the subject matter of this lawsuit or

2  reasonably calculated to lead to the discovery of admissible evidence. MGA also

3  objects to this request on the grounds that it is overbroad, unduly burdensome, and

4  oppressive in seeking all documents relating to such communications.

5      Subject to the foregoing, MGA will produce relevant and non-objectionable

6  documents in its possession, custody or control, if any, responsive to this request,

7  that it is able to locate following a reasonably diligent search.

8  **REQUEST FOR PRODUCTION NO. 145:**

9      All DOCUMENTS RELATING TO the allegation in Paragraph 78 of YOUR

10  COMPLAINT that MATTEL was responsible for what YOU refer to as a "shortage

11  of doll hair in October 2002."

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

13      MGA incorporates by reference the above-stated general objections as if

14  fully set forth herein.

15      Subject to the foregoing, MGA will produce relevant and non-objectionable

16  documents in its possession, custody or control, if any, responsive to this request,

17  that it is able to locate following a reasonably diligent search.

18  **REQUEST FOR PRODUCTION NO. 146:**

19      All DOCUMENTS RELATING TO the allegation in Paragraph 79 of YOUR

20  COMPLAINT that MATTEL has "manipulated the retail market," including but not

21  limited to all COMMUNICATIONS with any persons RELATING TO YOUR

22  allegation that "Mattel merchandisers have been caught tampering with MGA's

23  retail displays."

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

25      MGA incorporates by reference the above-stated general objections as if

26  fully set forth herein.

27      Subject to the foregoing, MGA will produce relevant and non-objectionable

28  documents in its possession, custody or control, if any, responsive to this request,

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 354

1   that it is able to locate following a reasonably diligent search.

2   **REQUEST FOR PRODUCTION NO. 147:**

3   All DOCUMENTS RELATING TO any allegation by YOU that MATTEL

4   has made false statements about YOU or YOUR business practices, including but

5   not limited to the allegations in Paragraph 79 of YOUR COMPLAINT.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

7   MGA incorporates by reference the above-stated general objections as if

8   fully set forth herein.

9   Subject to the foregoing, MGA will produce relevant and non-objectionable

10  documents in its possession, custody or control, if any, responsive to this request,

11  that it is able to locate following a reasonably diligent search.

12  **REQUEST FOR PRODUCTION NO. 148:**

13  All DOCUMENTS RELATING TO any allegation by YOU that MATTEL

14  has violated any rules or restrictions relating to data provided to subscribers by

15  NPD or engaged in any other wrongful conduct relating to NPD.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

17  MGA incorporates by reference the above-stated general objections as if

18  fully set forth herein. MGA specifically objects to the request on the grounds that it

19  calls for documents subject to a subpoena to NPD and said documents have not yet

20  been produced.

21  Subject to the foregoing, MGA will produce relevant and non-objectionable

22  documents in its possession, custody or control, if any, responsive to this request,

23  that it is able to locate following a reasonably diligent search.

24  **REQUEST FOR PRODUCTION NO. 149:**

25  All DOCUMENTS RELATING TO any COMMUNICATIONS between

26  YOU and NPD, other than periodic reports, between January 1, 2000 and the

27  present.

28

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 355

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

2        MGA incorporates by reference the above-stated general objections as if

3 fully set forth herein. MGA specifically objects to the request on the grounds that it

4 calls for documents subject to a subpoena to NPD and said documents have not yet

5 been produced.

6        Subject to the foregoing, MGA will produce relevant and non-objectionable

7 documents in its possession, custody or control, if any, responsive to this request,

8 that it is able to locate following a reasonably diligent search.

9    **REQUEST FOR PRODUCTION NO. 150:**

10        DOCUMENTS sufficient to show the status of YOUR NPD subscription

11 between January 1, 2000 and the present.

12    **RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

13        MGA incorporates by reference the above-stated general objections as if

14 fully set forth herein. MGA specifically objects to the request on the grounds that it

15 calls for documents subject to a subpoena to NPD and said documents have not yet

16 been produced.

17        Subject to the foregoing, MGA will produce relevant and non-objectionable

18 documents in its possession, custody or control, if any, responsive to this request,

19 that it is able to locate following a reasonably diligent search.

20    **REQUEST FOR PRODUCTION NO. 151:**

21        All DOCUMENTS RELATING TO the allegation in Paragraph 89 of YOUR

22 COMPLAINT that MATTEL "used its influence . . . to induce CARU to place

23 onerous restrictions on MGA advertisements, and require MGA to amend aspects

24 of commercials that have gone unchallenged in other parties' commercials."

25    **RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

26        MGA incorporates by reference the above-stated general objections as if

27 fully set forth herein. MGA specifically objects to the request on the grounds that it

28

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 356

1   calls for documents subject to a subpoena to CARU and said documents have not

2   yet been produced.

3      Subject to the foregoing, MGA will produce relevant and non-objectionable

4   documents in its possession, custody or control, if any, responsive to this request,

5   that it is able to locate following a reasonably diligent search.

6   **REQUEST FOR PRODUCTION NO. 152:**

7      All DOCUMENTS RELATING TO any COMMUNICATIONS between

8   YOU and CARU between January 1, 2000 and the present.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

10      MGA incorporates by reference the above-stated general objections as if

11   fully set forth herein.  MGA specifically objects to the request on the grounds that it

12   calls for documents subject to a subpoena to CARU and said documents have not

13   yet been produced.

14      Subject to the foregoing, MGA will produce relevant and non-objectionable

15   documents in its possession, custody or control, if any, responsive to this request,

16   that it is able to locate following a reasonably diligent search.

17   **REQUEST FOR PRODUCTION NO. 153:**

18      All DOCUMENTS RELATING TO any allegation by YOU that MATTEL

19   has exercised improper influence with or within TIA, including but not limited to

20   the procedures for and manner in which the Toy of the Year was selected for 2003.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

22      MGA incorporates by reference the above-stated general objections as if

23   fully set forth herein.  MGA specifically objects to the request on the grounds that it

24   calls for documents subject to a subpoena to TIA and said documents have not yet

25   been produced.

26      Subject to the foregoing, MGA will produce relevant and non-objectionable

27   documents in its possession, custody or control, if any, responsive to this request,

28   that it is able to locate following a reasonably diligent search.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 357

1   **REQUEST FOR PRODUCTION NO. 154:**

2       All DOCUMENTS RELATING TO any COMMUNICATIONS with, TIA

3   RELATING TO Toy of the Year since January 1, 2000.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

5       MGA incorporates by reference the above-stated general objections as if

6   fully set forth herein.  MGA specifically objects to the request on the grounds that it

7   calls for documents subject to a subpoena to TIA and said documents have not yet

8   been produced.

9       Subject to the foregoing, MGA will produce relevant and non-objectionable

10  documents in its possession, custody or control, if any, responsive to this request,

11  that it is able to locate following a reasonably diligent search.

12  **REQUEST FOR PRODUCTION NO. 155:**

13      All DOCUMENTS RELATING TO the allegation in Paragraph 113 of

14  YOUR COMPLAINT that MATTEL has "willfully and maliciously used its power,

15  influence and intimidation to threaten certain retailers, suppliers, licensees,

16  distributors and manufacturers so as to limit, if not prevent, MGA from doing

17  business with these retailers, suppliers, licensees, distributors and manufacturers,

18  using its power and influence to intimidate and manipulate industry bodies."

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

20      MGA incorporates by reference the above-stated general objections as if

21  fully set forth herein.

22      Subject to the foregoing, MGA will produce relevant and non-objectionable

23  documents in its possession, custody or control, if any, responsive to this request,

24  that it is able to locate following a reasonably diligent search.

25  **REQUEST FOR PRODUCTION NO. 156:**

26      All DOCUMENTS RELATING TO the allegation in Paragraph 113 of

27  YOUR COMPLAINT that MATTEL has "used its power and influence to attempt

28  to, if not actually, intimidate and threaten MGA's current and potential employees

- 85 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT *P*   PAGE 358

1   sc as to cause MGA competitive injury."

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

3       MGA incorporates by reference the above-stated general objections as if

4   fully set forth herein.

5       Subject to the foregoing, MGA will produce relevant and non-objectionable

6   documents in its possession, custody or control, if any, responsive to this request,

7   that it is able to locate following a reasonably diligent search.

8   **REQUEST FOR PRODUCTION NO. 157:**

9       YOUR quarterly and annual profit and loss statements (both

10  audited and unaudited) for the years 2000 through the present, inclusive.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

12      MGA incorporates by reference the above-stated general objections as if

13  fully set forth herein.  MGA also specifically objects to this request to the extent

14  that it seeks information not relevant to the subject matter of this lawsuit or

15  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

16  objects to this request on the grounds that it is overbroad, unduly burdensome, and

17  oppressive and propounded solely for harassment.

18  **REQUEST FOR PRODUCTION NO. 158:**

19      YOUR quarterly and annual financial statements (both audited and

20  unaudited) for the years 2000 through the present, inclusive.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

22      MGA incorporates by reference the above-stated general objections as if

23  fully set forth herein.  MGA also specifically objects to this request to the extent

24  that it seeks information not relevant to the subject matter of this lawsuit or

25  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

26  objects to this request on the grounds that it is overbroad, unduly burdensome, and

27  oppressive and propounded solely for harassment.

28

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10   PAGE 359

1  **REQUEST FOR PRODUCTION NO. 159:**

2      YOUR annual reports for each of the years 2000 through the present,

3  inclusive.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

5      MGA incorporates by reference the above-stated general objections as if

6  fully set forth herein.  MGA also specifically objects to this request to the extent

7  that it seeks information not relevant to the subject matter of this lawsuit or

8  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

9  objects to this request on the grounds that it is overbroad, unduly burdensome, and

10  oppressive and propounded solely for harassment.

11  **REQUEST FOR PRODUCTION NO. 160:**

12      All DOCUMENTS received from MATTEL (whether directly or indirectly)

13  by YOU at any time since January 1, 1999.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

15      MGA incorporates by reference the above-stated general objections as if

16  fully set forth herein.  MGA also specifically objects to this request to the extent

17  that it seeks information not relevant to the subject matter of this lawsuit or

18  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

19  objects to this request on the grounds that it is overbroad, unduly burdensome, and

20  oppressive.

21  **REQUEST FOR PRODUCTION NO. 161:**

22      All DOCUMENTS that YOU have reason to believe were created by or

23  originated from MATTEL, other than MATTEL products that YOU purchased at

24  retail.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

26      MGA incorporates by reference the above-stated general objections as if

27  fully set forth herein.  MGA also specifically objects to this request to the extent

28  that it seeks information not relevant to the subject matter of this lawsuit or

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10  PAGE 860

1  reasonably calculated to lead to the discovery of admissible evidence. MGA also

2  objects to this request on the grounds that it is overbroad, unduly burdensome, and

3  oppressive.

4  **REQUEST FOR PRODUCTION NO. 162:**

5  All DOCUMENTS RELATING TO the destruction or retention of any

6  DOCUMENT RELATING TO the CONTESTED MGA PRODUCTS or the

7  CONTESTED MATTEL PRODUCTS

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

9  MGA incorporates by reference the above-stated general objections as if

10  fully set forth herein. MGA also specifically objects to this request to the extent

11  that it seeks information not relevant to the subject matter of this lawsuit or

12  reasonably calculated to lead to the discovery of admissible evidence. MGA also

13  objects to this request to the extent it calls for the disclosure of attorney-client

14  privileged information or information protected from disclosure by the work-

15  product doctrine, joint defense or common interest privilege, or other privilege.

16  MGA also objects to this request on the grounds that it is overbroad, unduly

17  burdensome, and oppressive.

18  Subject to the foregoing, MGA will produce relevant and non-objectionable

19  documents in its possession, custody or control, if any, responsive to this request,

20  that it is able to locate following a reasonably diligent search.

21  **REQUEST FOR PRODUCTION NO. 163:**

22  All internal MGA COMMUNICATIONS and schedules RELATING TO

23  document retention or destruction between January 1, 1999 and the present.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

25  MGA incorporates by reference the above-stated general objections as if

26  fully set forth herein. MGA also specifically objects to this request to the extent

27  that it seeks information not relevant to the subject matter of this lawsuit or

28  reasonably calculated to lead to the discovery of admissible evidence. MGA also

- 88 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT  10  PAGE  361

1  objects to this request to the extent it calls for the disclosure of attorney-client

2  privileged information or information protected from disclosure by the work-

3  product doctrine, joint defense or common interest privilege, or other privilege.

4  MGA also objects to this request on the grounds that it is overbroad, unduly

5  burdensome, and oppressive.

6      Subject to the foregoing, MGA will produce relevant and non-objectionable

7  documents in its possession, custody or control, if any, responsive to this request,

8  that it is able to locate following a reasonably diligent search.

9  **REQUEST FOR PRODUCTION NO. 164:**

10      All DOCUMENTS RELATING TO any COMMUNICATIONS with, or

11  inquiry or investigation by, any government entity RELATING TO the

12  CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

14      MGA incorporates by reference the above-stated general objections as if

15  fully set forth herein. MGA also specifically objects to this request to the extent

16  that it seeks information not relevant to the subject matter of this lawsuit or

17  reasonably calculated to lead to the discovery of admissible evidence. MGA also

18  objects to this request to the extent it calls for the disclosure of attorney-client

19  privileged information or information protected from disclosure by the work-

20  product doctrine, joint defense or common interest privilege, or other privilege.

21  MGA also objects to this request on the grounds that it is overbroad, unduly

22  burdensome, and oppressive. MGA also objects to this request to the extent such

23  documents are not in MGA's possession, custody or control.

24  **REQUEST FOR PRODUCTION NO. 165:**

25      All DOCUMENTS RELATING TO any COMMUNICATIONS with, or

26  inquiry or investigation by, any toy industry organization, safety compliance, or

27  consumer organization RELATING TO the CONTESTED MGA PRODUCTS or

28  the CONTESTED MATTEL PRODUCTS.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 362

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive.

Subject to the foregoing, MGA will produce relevant and non-objectionable documents in its possession, custody or control, if any, responsive to this request, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 166:**

To the extent not produced in response to any other Request for Production, all DOCUMENTS and tangible things upon which YOU intend to rely upon in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive. MGA further objects that this request is duplicative and redundant.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10  PAGE 343

1

2   Dated:      January 17, 2007        O'MELVENY & MYERS LLP

3

4                                       By: _____

5                                           James P. Jenal
                                            Attorneys for MGA Entertainment, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10   PAGE 364

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On January 24, 2008, I served true copies of the following documents described as:

**DECLARATION OF TIMOTHY L. ALGER IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO MGA'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO REQUESTS FOR PRODUCTION 526 AND 528**

on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>   Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br>Telephone:  213.687.5000<br>Facsimile:  213.687.5600 | **Attorneys for** *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.* |

[√]   **[PERSONAL]** by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 24, 2008, at Los Angeles, California.

David Quintana

07209/2223909.1

-1-                          Case No. CV 04-9049 SGL (RNBx)

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On January 24, 2008, I served true copies of the following documents described as:

**DECLARATION OF TIMOTHY L. ALGER IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO MGA'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO REQUESTS FOR PRODUCTION 526 AND 528**
on the parties in this action as follows:

| | |
|---|---|
| Keker & Van Nest, LLP<br>John W. Keker, Esq.<br>Michael H. Page, Esq.<br>Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone:  415.391.5400<br>Facsimile:  415.397.7188 | **Attorneys for *Carter Bryant*** |
| Overland Borenstein Scheper & Kim, LLP<br>Mark E. Overland, Esq.<br>David C. Scheper, Esq.<br>Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone:  213.613.4655<br>Facsimile: 213.613.4656 | **Attorneys for *Carlos Gustavo Machado Gomez*** |

[√]    **[MAIL]** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 24, 2008, at Los Angeles, California.

Albert V. Villamil

07209/2223909.1

Case No. CV 04-9049 SGL (RNBx)

PROOF OF SERVICE RE DECLARATION OF TIMOTHY L. ALGER IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO MGA'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO REQUESTS FOR PRODUCTION 526 AND 528