QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Cross-Defendant Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> MATTEL, INC., a Delaware corporation, <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx) <br><br> Consolidated with <br> Case No. CV 04-09059 <br> Case No. CV 05-02727 <br><br> [PUBLIC REDACTED] DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF MATTEL, INC.'S *EX PARTE* APPLICATION TO ENFORCE COURT ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS; AND FOR MODIFICATION OF SCHEDULING ORDER <br><br> Hearing Date: TBA <br> Time: TBA <br> Place: TBA <br><br> Discovery Cut-Off: January 28, 2008 <br> Pre-Trial Conference: May 5, 2008 <br> Trial Date: May 27, 2008 |

## DECLARATION OF DIANE C. HUTNYAN

I, Diane C. Hutnyan, declare as follows:

I am a member of the bar of the State of California, am admitted to practice before this court and am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and cross-defendant Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

1. MGA's counsel, Andrew Temkin and Amy Park, and I met and conferred telephonically on January 3, 2008 and again on January 10, 2008, and also have corresponded extensively about MGA's production of tangibles between December 26, 2008 and January 21, 2008. Despite these efforts to resolve the issue, we were unsuccessful. I gave Amy Park and Amy Temkin of Skadden, Arps, Slate, Meagher & Flom LLP, 525 University Avenue, Palo Alto, CA 94301 written notice of this *ex parte* application on the morning of January 22, 2008, and I also left a message on Ms. Park's email at that time. Ms. Park has informed me that MGA plans to oppose this *ex parte* application. Attached hereto as Exhibit 1 is a true and correct copy of our email, dated January 22, 2008.

2. Attached hereto as Exhibit 2 is a true and correct copy of my letter to Timothy Miller, dated December 21, 2007.

3. On January 3, 2008, I had a meet-and-confer on the telephone with MGA's counsel, Andrew Temkin. During the call, Mr. Temkin stated his belief that Mattel's letter request was broader than the scope of Mattel's requests for production. He specifically requested that I agree to narrow my letter request to what he felt was responsive to Mattel's document requests and proposed doing this by removing the language after the first occurrence of "agents" in my December 21, 2007 letter.

4. On the call, I told Mr. Temkin that I believed the list of items after "agents" were all well within the scope of Mattel's requests, and requested that he tell

-2-

me which of the specific items he felt were outside the requests. Mr. Temkin said that he believed manufacturing molds and other unspecified items used in manufacturing were not responsive. He alluded to the idea that MGA viewed other items in the list after "agents" as not being within the scope of the requests, but when I asked what those other items were, he would not specify. Attached hereto as Exhibit 3 is a true and correct copy of a letter sent to me by Andrew Temkin, dated January 7, 2008 and confirming this telephonic exchange about the scope of Mattel's requests. To this date, MGA has refused to identify what "other things" in Mattel's December 21 letter MGA believes fall outside the scope of Mattel's requests.

5. Attached hereto as Exhibit 4 is a true and correct copy of my letter to Mr. Temkin and his colleague, Amy Park. dated January 9, 2008.

6. Attached hereto as Exhibit 5 is a true and correct copy of a letter from Amy Park to me, dated January 10, 2008.

7. Attached hereto as Exhibit 6 is a true and correct copy of an email from Amy Park to me dated January 11, 2008 and attaching photographs of the items purportedly subject to an undertaking in Hong Kong and of the Bratz molds MGA says are available for inspection in China. Attached hereto as Exhibit 7 is a true and correct copy of a letter from Amy Park to me, dated January 15, 2008, requesting that the photographs in Exhibit 6 be treated in accordance with the designation of "CONFIDENTIAL -- ATTORNEYS EYES ONLY" under the Protective Order.

8. Attached hereto as Exhibit 8 is a letter from Amy Park to me dated January 15, 2008, which enclosed new photographs of the Bratz molds and molds of Prayer Angel also supposedly available for inspection in China.

9. Attached hereto as Exhibits 9 and 10 respectively are true and correct copies of Mattel, Inc.'s First Set of Requests For Production Of Documents And Tangible Things To MGA Entertainment, Inc. and Mattel, Inc.'s First Set of Requests For Documents And Things Re Claims Of Unfair Competition To MGA Entertainment, Inc.

10. I have reviewed MGA's tangibles production to date, and while MGA has produced a substantial number of Bratz product samples, MGA has produced very few tangible items relating to the origin, creation, design, development or manufacture of Bratz. Up until my December 21, 2007 letter request, MGA had produced a few doll bodies and doll heads, but no molds, face paint masks, or other tooling at all.

11. Attached hereto as Exhibit 11 is a true and correct copy of a letter from Amy Park to my partner, Scott Kidman, dated December 26, 2007.

12. Attached hereto as Exhibit 12 is a true and correct copy of a letter from Amy Park to me, dated January 2, 2008.

13. Attached hereto as Exhibit 13 is a true and correct copy of a document produced by MGA in this case (MGA 0883230-40) entitled "Affidavit of Daphne Gronich."

14. Attached hereto as Exhibit 14 is a true and correct copy of a document produced by MGA in this case (MGA 0883260-61) referencing exhibit DG-3 to the Affidavit of Daphne Gronich, and a photograph of the original of this exhibit.

15. Attached hereto as Exhibit 15 is a true and correct copy of a document produced by MGA in this case (MGA 0883304-12), entitled "Affidavit of Daphne Gronich."

16. Attached hereto as Exhibit 16 is a true and correct copy of a document produced by MGA in this case (MGA 0883346-47) referencing exhibit DG-6 to the Affidavit of Daphne Gronich, and a photograph of the original of this exhibit.

17. Attached hereto as Exhibit 17 is a true and correct copy of a letter from Scott Kidman to Amy Park dated December 23, 2007.

18. Attached hereto as Exhibit 18 is a true and correct copy of my letter to Amy Park, dated January 2, 2008. MGA has refused to produce the undertaking, to identify the Court or dispute from which it issued, to identify when the undertaking was put into effect, or to share any information about its supposed efforts to gain the

-4-

temporary release of these items so they can be inspected and scanned in the United States. MGA has also, despite repeated requests, refused to provide any authority suggesting that the Hong Kong undertaking provides a privilege or immunity from the orders of a U.S. Federal Court to produce discoverable items in this action.

19. Attached hereto as Exhibit 19 is a true and correct copy of my letter to Amy Park, dated January 14, 2008.

20. Attached hereto as Exhibit 20 is a true and correct copy of a document produced by MGA in this action, bates numbered MGA 0065414-15.

21. Attached hereto as Exhibit 21 is a true and correct copy of an excerpt from the deposition transcript of Ms. Tonnu, taken on September 25, 2007.

22. Attached hereto as Exhibit 22 is a true and correct copy of the letter from Amy Park to me dated January 4, 2008.

23. Attached hereto as Exhibit 23 is a true and correct copy of an email from Amy Park to me, dated January 10, 2008, attaching photographs of displays available for inspection in Rialto, California.

24. Attached hereto as Exhibit 24 is a true and correct copy of a letter from Amy Park to me dated January 17, 2008.

25. Attached hereto as Exhibit 25 is a true and correct copy of a letter from Amy Park to me dated January 21, 2008.

26. Attached hereto as Exhibit 26 is a true and correct copy of relevant excerpts from the Rough Transcript of the Deposition of Rebecca Harris, dated January 22, 2008.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 24th day of January, 2008, in Los Angeles, California.

Diane C. Hutnyan