**EXHIBIT 1**

## Diane Hutnyan

**From:** Park, Amy S [Amy.Park@skadden.com]
**Sent:** Tuesday, January 22, 2008 1:21 PM
**To:** Diane Hutnyan
**Cc:** Temkin, Andrew C (PAL); Michael Page; moverland@obsklaw.com; Michael T Zeller
**Subject:** RE: Notice of Intent to Move Ex Parte Re Tangibles

Dear Diane,

MGA will oppose Mattel's ex parte application.

Amy

-----

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Tuesday, January 22, 2008 9:14 AM
**To:** Park, Amy S (PAL)
**Cc:** Temkin, Andrew C (PAL); 'Michael Page'; 'moverland@obsklaw.com'; Michael T Zeller
**Subject:** Notice of Intent to Move Ex Parte Re Tangibles

Dear Amy,

This email is intended to provide notice of Mattel's intention to move before Judge Larson on an ex parte basis to enforce the May 15, 2007 and August 13, 2007 orders and the June 20, 2006 stipulation; to compel MGA to make available for immediate inspection, imaging and scanning all tangible items responsive to requests compelled in the May 15, 2007 and August 13, 2007 orders; to grant cost-shifting relief for inspections in Hong Kong and Shenzhen, China, which have become necessary due to MGA's failure to produce the items earlier in the U.S.; and to grant modification of the scheduling order extending time to allow Mattel to inspect, image and scan these tangible items; and to take follow-up depositions and other discovery related to the tangible items that were not produced.

We plan to file the motion tomorrow, January 23, 2008, for a hearing time and date TBA.

Please let me know at your earliest convenience whether MGA opposes the motion, or if you have any questions.

I have left this message on your voicemail as well.

Thanks

-----

************************************************* To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. *************************************************

************************************************* This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and

**EXHIBIT __1__ PAGE __6__**

permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ***************************************************

EXHIBIT ___I___ PAGE ___7___

1/22/2008

**EXHIBIT 2**

**quinn emanuel**

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000   FAX: (213) 443-3100

WRITER'S INTERNET ADDRESS
dianehutnyan@quinnemanuel.com

December 21, 2007

**VIA EMAIL**

Timothy Miller, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center
Suite 3800
San Francisco, CA 94111

Re:      Mattel v. Carter Bryant

Dear Tim,

Pursuant to the June 20, 2006 stipulation on the record before Magistrate Judge Block, Mattel requests that MGA produce, within 15 days, for inspection, photographing and digital scanning, any and all (1) tangible three-dimensional objects that are responsive to any request for production or interrogatory previously served on MGA, its Hong Kong affiliate, or any of its agents, including without limitation, all molds, sculpts, doll heads, prototypes, models, and three-dimensional objects that are in the custody and control of MGA, its Hong Kong affiliate, or any of its agents; and (2) all molds, sculpts, doll heads, prototypes, models, and three-dimensional objects used in the manufacture, design, creation, or production of, or that are otherwise related to, Bratz or Prayer Angel dolls and are in the custody and control of MGA, its Hong Kong affiliate, or any of its agents.

MGA's production should include, but not be limited to, the tangible items depicted in the documents with the following Bates numbers:

1)   MGA0007363 - MGA0007372
2)   MGA0007495 - MGA0007497
3)   MGA0007496
4)   MGA0007613

**quinn emanuel urquhart oliver & hedges, llp**

07209/2326496.1   NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010 | TEL (212) 849-7000   FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL (650) 801-5000  FAX (650) 801-5100

EXHIBIT ___2___ PAGE ___8___

Timothy A. Miller, Esq.
December 21, 2007

5) MGA0045943 - MGA0045966
6) MGA0045944 - MGA0045966
7) MGA0046500
8) MGA0046567 - MGA0046569
9) MGA0046691 - MGA0046693
10) MGA004714 - MGA004716
11) MGA0047383- MGA0047388
12) MGA0048013 - MGA0048027
13) MGA0048236 - MGA0048239
14) MGA0048347
15) MGA0048348
16) MGA0049730 - MGA0049732
17) MGA0050174 -MGA00176
18) MGA0050222
19) MGA0050362
20) MGA0050363
21) MGA0050733 - MGA 0050736
22) MGA007346- MGA0047354
23) MGA007496
24) MGA007613
25) MGA009340
26) MGA0834261 - MGA0834270
27) MGA0835311
28) MGA0835315
29) MGA0835474- MGA0835477
30) MGA0836340 - MGA0836346
31) MGA HK 0011155
32) MGA HK 0011156

To the extent MGA is unwilling to produce these tangible items within 15 days, please also
consider this letter a request to meet and confer pursuant to paragraph 5 of the Discovery Master
Stipulation in advance of a motion to compel and request for sanctions, if warranted.

I look forward to hearing from you.

2

EXHIBIT __2__ PAGE __9__

Timothy A. Miller, Esq.
December 21, 2007

Sincerely,

Diane C. Hutnyan

07209/2326496.1
cc:     Michael Page, Esq.

EXHIBIT __2__ PAGE __10__

**EXHIBIT 3**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301-1908
———
TEL: (650) 470-4500
FAX: (650) 470-4570
www.skadden.com

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
650.470.4624
DIRECT FAX
888.329.2993
EMAIL ADDRESS
ATEMKIN@SKADDEN.COM

January 7, 2008

<u>**By Email and U.S. Mail**</u>

Diane C. Hutnyan, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

      RE:    <u>Carter Bryant v. Mattel Meet and Confer re: Inspection of Tangible Objects</u>

Dear Ms. Hutnyan:

      This will confirm our January 3, 2008 meet-and-confer concerning your December 21, 2007 letter regarding Mattel's inspection of tangible objects.

      As we discussed, your letter mischaracterizes MGA's obligation to produce tangible items, in particular construing MGA's obligation more broadly than the actual language of Mattel's discovery requests. You asked us to specify where your letter was incorrect and we informed you that, among other things, Mattel's requests do not call for molds used in conjunction with the manufacture of dolls or other tangible items. Accordingly, MGA will make available for further inspection, photography and digital scanning, only those items that were or will be produced consistent with its responses to Mattel's requests for production.

      With respect to the nearly 800 objects that Mattel has already inspected, we offered to make available for your re-inspection, photographing and/or digital scanning any of those tangible objects you identify to us. You refused to identify items, instead demanding that we make available all 800 tangible objects for Mattel to inspect despite our explanation that transporting all 800 items was burdensome and that you could easily provide us with a list of the items, particularly given that Mattel has already catalogued these items. In order to advance the meet and confer, we agreed that the re-inspection of all the items, with the exception of the objects in Hong Kong, could commence at Skadden Arps' Los Angeles office during the week of January 7. Due to the necessity of transporting the 800 items from secured storage to a conference room

<u>EXHIBIT   3   PAGE  11</u>

Diane C. Hutnyan, Esq.
January 7, 2008
Page 2

for inspection (and the return each evening), we will make items available on those days when Mattel can inspect on complete days.[1]

        With respect to the items identified in your letter by Bates range, we explained that MGA produced these photographs as documents, not as tangible items. In any event, following a reasonably diligent search for the items depicted in these photographs, MGA has been unable to locate these items and we understand that they may have ceased to exist prior to the commencement of this litigation due in large part to the nature of the design and manufacture process.

        Finally, we informed you that Bates number MGA 0046500 and MGA 004714– MGA 004716 are not photographs of tangible items.

        Consistent with the foregoing, please confirm which full days you will proceed with the inspection and processing.

Very truly yours,

Andrew C. Temkin

---

[1] As we have discussed in email correspondence following the January 3 meet and confer, due to the volume of items and the need to transfer them from their secure storage to the conference room for inspection, MGA will make portions of the approximately 800 items available in batches for Mattel to select those items it wishes to further inspect, digitally- scan, and photograph.

EXHIBIT __3__ PAGE _12_

**EXHIBIT 4**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017  TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3666**

WRITER'S INTERNET ADDRESS
**dianehutnyan@quinnemanuel.com**

January 9, 2008

<u>**VIA E-MAIL AND FACSIMILE**</u>

Amy S. Park and Andrew Temkin
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue
Palo Alto, C 94301

Re:   <u>Carter Bryant v. Mattel, Inc. (and consolidated cases)</u>

Dear Amy and Andrew:

I write in further response to Amy Park's letters of January 2 and January 4, 2008 and to Andrew Temkin's letters of January 7, 2008.  There are a number of unresolved issues relating to MGA's tangibles and to our requests for inspection and imaging of those tangibles that are most efficiently addressed together.

With regard to the items MGA has said it will produce only in Hong Kong, there are several outstanding matters.  First, we have provided you with five days next week when it could be done.  Please let me know as soon as possible which of those days will be suitable.

Second, we still do not know what items MGA intends to produce.  As we have requested, please provide a list and confirm that all of those items are subject to the purported undertaking.  Stating merely that items are responsive to a particular request or requests is not a description.

Third, as to the items being made available in Hong Kong, MGA has still not provided any colorable legal basis to withhold these materials from us here in the U.S., much less presented

**quinn emanuel urquhart oliver & hedges, llp**

**EXHIBIT   4   PAGE  13**

Amy S. Park and Andrew Temkin
January 9, 2008

anything that would support MGA's purported immunity from the Court's Orders. To the extent MGA is claiming some kind of privilege from disclosure of the items, it has failed to provide sufficient information to establish the basis of any such privilege and, in any event, waived it by failing to assert it in opposition to Mattel's motions to compel that the Court granted. Nor should Mattel have to bear the costs of a trip to Hong Kong. Having been provided no reasoned or supportable basis for MGA's refusal to produce the items in the U.S., we will seek to shift the costs we incur in inspecting them in Hong Kong.

Furthermore, MGA is refusing to make available for inspection molds and tooling for the Bratz project. Indeed, in doing so, MGA has acknowledged that it is in deliberate violation of the Court's Orders. In particular, Andrew first suggested in a teleconference last week and then stated in one of his January 7 letters that MGA would not produce tangible items that are purportedly outside the scope of Mattel's requests and thus the Court's Orders. The example he used was molds: "among other things, Mattel's requests do not call for molds used in conjunction with the manufacture of dolls or other tangible items."

But the requests do clearly call for molds. In fact, at least nine separate requests for production that MGA has been compelled on require MGA to produce Bratz molds. These include:

- Molds are responsive to Request No. 96 of the First Set: "tangible items . . . created, prepared or made, whether in whole or in part, prior to January 1, 2001 that . . . RELATE TO BRATZ."

- They are responsive to Request No. 99: "tangible items that . . . RELATE TO DESIGNS for dolls, doll accessories or toys that BRYANT produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to January 1, 2001."

- They are responsive to Request No. 53 of the First Set, which seeks "All DOCUMENTS that REFER OR RELATE TO the procurement, fabrication, preparation and production of each and every mold for BRATZ (including without limitation for any model, prototype or sample thereof) prior [to] June 1, 2001 . . . ." Request No. 51 of the same set also seeks "All DOCUMENTS that REFER OR RELATE TO each and every sculpt of BRATZ (including without limitation any model, prototype or sample thereof) prior to June 1, 2001."

- And they are responsive to No. 17 of the First UC Set, which seeks "All DOCUMENTS RELATING TO the tooling for any of the CONTESTED BRATZ

2

EXHIBIT __4__ PAGE 14

Amy S. Park and Andrew Temkin
January 9, 2008

> DOLLS PRODUCTS . . . including but not limited to all DOCUMENTS relating to the engineering, preparation, fabrication and creation of the molds and face paint masks used in connection therewith and to the film and/or digital files used in connection with the packaging therefor."

> •       Molds are also responsive to several other, more inclusive requests, including Request No. 5 of the First UC Set ("All DOCUMENTS RELATING TO the invention, creation, origin, conception, authorship, and ownership of the CONTESTED MGA PRODUCTS"); Request No. 32 of the First Set ("All DOCUMENTS prepared, written, transmitted or received (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE TO BRATZ"); Request No. 33 of the First Set ("All DOCUMENTS that REFER OR RELATE TO BRATZ that REFER OR RELATE TO any time prior to January 1, 2001. . . ."); and Request No. 36 of the First Set ("All DOCUMENTS that REFER OR RELATE TO the origin(s), conception or creation of BRATZ. . . .")

During the inspection yesterday of the 800 items that MGA represents as its entire tangible production to date, MGA provided no molds of any kind or many other categories of tangible items that MGA plainly has and that have been compelled, such as MGA sample tags.  And, with a handful of exceptions that were mostly doll heads and bodies, there were no items used in or created for the design, creation or development of the Bratz dolls.

MGA has no basis for its only recently disclosed limitations on its Court-ordered obligations, particularly in the face of plain language requiring the production of molds and other tangibles that MGA has failed and affirmatively refused to provide.  Nor can MGA justify its withholding of molds and other tangible items associated with the creation, design, development and manufacture of Bratz based on the definition of a "DOCUMENT."  As noted above, Mattel's requests included those specifically seeking "tangible items."  Furthermore, it cannot be seriously maintained that requests directly and specifically asking for information that "REFERS OR RELATES TO" molds do not encompass the molds themselves.  To the contrary, Mattel's Mattel's requests, including those MGA was compelled on, defined "REFERS OR RELATES" to as encompassing matters that embody or evidence a given matter.  They also defined "DOCUMENTS" to include all "writings" and "recordings" as those terms are defined in <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and <u>Rule</u> 1001 of the <u>Federal Rules of Evidence</u>.  <u>Rule</u> 1001 provides that "'writings' and 'recordings' consist of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation."  As

EXHIBIT **4** PAGE **15**

Amy S. Park and Andrew Temkin
January 9, 2008

you presumably know, all molds and other tooling have identifying information on them and thus fall well within this definition.[1]

The argument that Mattel is not entitled to items unless specifically requested "pursuant to the June 20, 2000 stipulation" is misplaced. The Court has ordered these items to be produced, but MGA has failed and now refuses to comply. Furthermore, MGA already had promised it would provide materials requested within a 15-day period, and it needed to do so upon each of Mattel's multiple requests. Indeed, the "October 5, 2007 independent promise" by MGA to produce all items responsive to Request Nos. 2 and 16 that I referred to in my January 2, 2008 letter is in the attached email. Also in that email, you will note that MGA's then-counsel promised to make all pre-2001 items responsive to request nos. 96-99 of Mattel's first set of requests for production available by the end of October 2007. MGA never did so, however. So, not only does the stipulation in no way displace MGA's obligations to abide by the Court's Orders, but MGA has violated the stipulation as well.

MGA's recently revealed, and groundless, interpretation of its Court-ordered obligations -- under which MGA continues to withhold obvious matters relating to the very origins of Bratz -- is troubling, to say the least. With fact discovery ending in 20 days, and initial expert reports due in 34 days, the potential impact to the Court's process and to Mattel stemming from MGA's violations are significant. If MGA refuses to bring itself into immediate compliance, and specifically to produce, without limitation, all molds, tooling and other tangible items relating to the origin, creation, design or development of Bratz, we will be moving *ex parte* before Judge Larson to compel MGA's immediate compliance and will seek a range of sanctions reflecting the prejudice Mattel has suffered as the result of MGA's misconduct; or, in the alternative, to modify the scheduling order to allow the deposition questions we were prevented from taking and to allow our experts time to analyze the new facts and finish their reports.

In addition, MGA is offering to make items responsive to No. 2 of the Requests regarding unfair competition for inspection in Rialto. Despite my requests, MGA has failed to provide any indication of how many items there are or any information on what they are. MGA's failures to provide this is not only discourteous, but suggest that MGA seeks to make this discovery as expensive and burdensome and wasteful on Mattel as it possibly can. It costs serious money to have a photographer, videographer and three-dimensional scanner and technician travel out to Rialto. MGA's failure to provide even a minimal level of cooperation in telling us what items will be available will likely result in a request for cost-shifting. It will be easy to show how MGA's denial of these simple courtesies significantly wasted time and increased Mattel's costs

---

[1] Of course, if MGA intends to represent to the Court that it uniquely has no such information of any kind on its molds or other tooling, then please so state.

4

EXHIBIT __4__ PAGE __16__

Amy S. Park and Andrew Temkin
January 9, 2008

for no legitimate reason, and so I request again that you put together a simple list describing the quantity and nature of the items and send it to me.

MGA also is now offering "two-dimensional" items responsive to No. 2 sometime toward the end of this week. Of course, we would like to see those at any time we are already viewing the MGA original documents we requested, and so if you tell me when these other items will actually be available, I can try to schedule them along with the other MGA originals.

Finally, MGA claims that it will be providing "additional items on which [MGA] may rely in this action" in your Los Angeles office sometime next week. How many such items are there, and what are they? If they are phase I items, please also explain why they were not previously provided as ordered. As for the timing, please explain why we cannot include them in the other inspections we have been doing at Skadden's Los Angeles office this week. What is the delay? We would like to see them this week, if possible, or on Monday of next week, if not.

The other matters in your letter have been addressed elsewhere or else do not merit further response. I am available most of the day today to discuss MGA's immediate compliance. Should it not be forthcoming, since we have met and conferred on these issues repeatedly, Mattel will proceed with its motion to Judge Larson.

Very truly yours,

/s/

Diane C. Hutnyan

Enclosure

07209/2344769.1

5

EXHIBIT __4__ PAGE __17__

**EXHIBIT 5**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301

TEL: (650) 470-4500
FAX: (650) 470-4570
www.skadden.com

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
650.470.4511
DIRECT FAX
888.329.6334
EMAIL ADDRESS
APARK@SKADDEN.COM

January 10, 2008

**By Email and U.S. Mail**

Diane Hutnyan, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

> RE:   *Carter Bryant v. Mattel, Inc.* (and consolidated cases)
>        Case No. CV 04-9049 SGL (RNBx) (consolidated with
>        Cases Nos. CV 04-09059 and CV 05-02727) _____

Dear Diane:

I am writing in response to your January 9 letter and to memorialize our telephone conversation this afternoon regarding tangible items. I will address the matters in the order that you addressed them in your letter.

I explained to you during our call that there are approximately 16 items located in Hong Kong. These consist of Bratz doll heads, body parts, shoes and deco masks. In my January 2 and January 4 letters, I offered to make these items available for your inspection on January 5, 8, 9 and 10, but you did not respond to that offer until yesterday, January 9, when you demanded instead that we make the items available next week. In our call, I told that we will make the items available for your inspection in the office of MGA's Hong Kong counsel on January 17, the afternoon of January 18, and the morning of January 19. You stated that you no longer know if a date next week will work for you.

We also discussed the undertaking that prevents the items in Hong Kong from being taken out of that country. As I wrote in my letters of December 26 and January 2, in other email correspondence to Scott Kidman, and as I told you today on the call, all of the items located in the office of MGA's Hong Kong counsel are subject to the undertaking, which prevents their shipment to the United States without court approval. Thus, contrary to your repeated assertion, MGA has not refused to make the items available in the United States. Nor has MGA asserted any "privilege" or "immunity," as you claim, from any order requiring MGA to make the items available

EXHIBIT __5__ PAGE __18__

Diane Hutnyan
January 10, 2008
Page 2

for Mattel's inspection.  MGA is *precluded* from removing the items from Hong Kong
by the express terms of the undertaking given to the Hong Kong court.  As I have told
you repeatedly, MGA has sought modification of the undertaking to allow the items to
be shipped here.  In the meantime, MGA has made the items available for your
inspection, as the Discovery Master ordered, and it has done so in a manner that allows
MGA to comply with the undertaking given to the Hong Kong court.  Thus, there is no
basis for any claim by you that MGA should bear the costs of your inspection in Hong
Kong.

     In our call, you demanded that I identify for you the specific legal action
in Hong Kong to which the undertaking relates and that I provide you a copy of the
undertaking so that you could determine for yourself whether it truly prevents the items
from being shipped here.  I told you in our call, and I wrote previously, that MGA will
not provide that material to you.  If, however, you proceed with motion practice
regarding this matter, MGA will provide the undertaking to Judge Infante *in camera*.
You said that MGA is not entitled to do that.  I disagreed.

     I also told you in our call that I was informed by Hong Kong counsel this
morning that the Hong Kong court has scheduled a hearing for tomorrow to consider the
application to vary the undertaking and permit Hong Kong counsel to ship the items to
the United States.  If the application is granted, we will ship the items to the United
States for your inspection here as well.  You asked me if it would be possible, in the
meantime, to email you photographs of the items located in Hong Kong so you could
determine whether you want to go to Hong Kong to inspect the items.  Since our call, I
have confirmed that we can email you photographs of the items.  I will email them to
you tomorrow.

     Regarding molds, I told you that, contrary to your assertion, MGA has
never "acknowledged that it is in deliberate violation of Court Orders" for failing to
produce molds or any other items.  I also told you that the issue of whether molds are
called for by your requests is debatable.  In addition, I told you that I am not aware of
any communications from your office before the end of December in which you
asserted that molds are responsive to your requests.  Nevertheless, I told you that MGA
is willing to make molds and tooling available for your inspection to the extent that it
has those items in its possession, custody or control and can locate them following a
reasonably diligent search.  I also told you that following a diligent search, MGA has
recently located approximately 12 Bratz molds in Shenzhen, China.  I am informed that
the molds were created in February 2001, and are molds of various Bratz body parts,
including the torso, arms and legs.

     You demanded that MGA  make the molds available immediately in the
United States.  I explained to you that the molds are large and made of steel and are thus
quite heavy.  Shipping them would be expensive and could potentially damage them.
Moreover, I told you that I have been informed that shipping the molds to the United

EXHIBIT __5__   PAGE __19__

Diane Hutnyan
January 10, 2008
Page 3

States would require submission of an application to customs in both China and the United States, which I understand could potentially take several weeks. Accordingly, I told you that MGA will make the molds available for your inspection in Shenzhen, which is just across the river from Hong Kong. I told you that we are in the process of confirming dates with our contacts in China and will let you know as soon as possible when you may inspect the molds. In the meantime, you asked if we would provide you with photographs of the molds so that you could determine whether you want to go to China to inspect them. Since our call, I have confirmed that we can email you photographs of the molds. I will email them to you tomorrow.

In your January 9 letter and in our call, you repeatedly insisted that MGA is withholding tangible items "relating to the origin, creation, design or development of Bratz," which you claim violates the June 20, 2006 stipulation and MGA's prior counsel's promises to produce items responsive to Mattel's requests. You also insisted that requests calling for "documents" also call for tangible items. I reject both of those assertions. Your assertion that a request specifically calling for "documents" calls for other tangible items is inconsistent with the Federal Rules and Mattel's own practice. Under the Federal Rules cited in your letter, "documents" consist of writings and recordings – *i.e.*, words or images that have been recorded in or reduced to hard copy form. Mattel itself has acknowledged the distinction between documents and other tangible items (such as dolls and doll parts, for example) by clearly requesting the latter when it sought such material. *See, e.g.*, Requests 96 – 99 of Mattel's First Set of Requests for Production to MGA.

In any event, I told you that MGA believes that, with the nearly 800 items it has already made available, plus the items in Hong Kong and the molds in China, it has substantially completed its production of tangible items in response to the requests that you characterized as calling for tangible items "relating to the origin, creation, design or development of Bratz." I stated that MGA is not knowingly or intentionally withholding responsive items in violation of any stipulation, so-called promise or otherwise. As I explained to you, tangible items relating to the origin, creation, design and development of Bratz are, in many instances, several years old. Thus, it is not surprising that items that were years old before your requests were even served have not been located and produced in the volume that you would deem sufficient. I reiterated, however, that discovery is ongoing and that, consistent with MGA's discovery obligations, if MGA identifies additional responsive items, we will promptly make them available to you. I also told you that with respect to tangible items that our experts identify as ones they plan to rely on, we would produce them by February 11 – to the extent they have not already been produced – in accordance with the date set by Judge Larson as the due date for expert reports and in accordance with our obligations under the Federal Rules. In light of the foregoing, your claim that Mattel has suffered some undefined "prejudice" is meritless.

EXHIBIT __5__ PAGE __20__

Diane Hutnyan
January 10, 2008
Page 4

In your January 9 letter, you assert that MGA has failed to produce tangible items with sample tags. That is false. MGA has produced several items with sample tags. *See, e.g.*, MGA-TI-000474, MGA-TI-000479, MGA-TI-000485, MGA-TI-000482, MGA-TI-000198, MGA-TI-000200, MGA-TI-000205, MGA-TI-000206, MGA-TI-000025 and MGA-TI-000026.

We also discussed MGA's production of items in response to Request No. 2 of Mattel's Request for Production Re: Unfair Competition. I reiterated that MGA will be making three-dimensional displays available for your inspection tomorrow at MGA's facility in Rialto – an offer I made in my January 4 letter. I explained that there are approximately eight displays, which relate to a Bratz sewing machine, the Bratz Movie, Bratz Little Angels, Holiday Bratz, Bratz Passion For Fashion, Bratz Birthday, Itsy Bitsy Bratz and Bratz Kids. You asked if I would email you photographs of the displays before you go to Rialto tomorrow. At your request, I emailed you those photographs today and provided the address of the Rialto facility in the email.

I also told you, as I wrote in my January 4 letter, that we have color print-outs of other displays that are no longer available in three-dimensional form. As I explained previously, those print-outs will be available for your inspection tomorrow at Skadden's Los Angeles office at the same time you have requested to inspect the original documents referenced in correspondence with Andrew Temkin. You asked me in our call today to produce those print-outs on a CD. We are in the process of doing so. In the meantime, the print-outs will be available tomorrow, as promised. In light of the foregoing, your assertions that MGA has refused to cooperate, has somehow been discourteous, wasted your time or increased your costs with respect to these matters is without basis.

Lastly, we discussed the approximately 50 tangible items that MGA recently identified as items on which it may rely in this action. In my January 4 letter, I offered to make them available at a mutually convenient day and time this week. Upon receiving your letter yesterday requesting MGA to make the items available for your inspection at the same time you are conducting other inspection in Skadden's Los Angeles office, I emailed you. In the email, I told you that you were welcome to inspect the items today and tomorrow and asked you whether you would like to scan them too, in which case I offered to put them in the lower plaza space you have been using for scanning. I also told you that you were welcome to scan every day next week, except Tuesday. (The building has informed us that the plaza space in unavailable on Tuesday.) You confirmed that you will be sending people tomorrow to inspect the

EXHIBIT __5__ PAGE __21__

Diane Hutnyan
January 10, 2008
Page 5


items, but stated that you will not be scanning, and told me that you will get back to me as to when you wish to inspect and scan next week.  I look forward to hearing from you.

Sincerely,

Amy S. Park

EXHIBIT  5   PAGE  22

**EXHIBIT 6**

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**EXHIBIT 7**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301

TEL: (650) 470-4500

FAX: (650) 470-4570

www.skadden.com

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
650.470.4511
DIRECT FAX
888.329.6334
EMAIL ADDRESS
APARK@SKADDEN.COM

January 15, 2008

**By Email and U.S. Mail**

Diane Hutnyan, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:   *Carter Bryant v. Mattel, Inc.* (and consolidated cases)
Case No. CV 04-9049 SGL (RNBx) (consolidated with
Cases Nos. CV 04-09059 and CV 05-02727)

Dear Diane:

I am writing pursuant to paragraph 3(c) of the Protective Order with respect to the photographs of the items in Shenzhen, China and Hong Kong that I emailed to you on Friday, January 11 so that you could determine whether you wish to inspect those items. Please note that the photographs should have been designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" under the Protective Order in this action. Accordingly, I hereby request that you so mark the photographs and treat them in accordance with such designation, as required under paragraph 3(c) of the Protective Order.

Sincerely,

Amy S. Park

EXHIBIT ___7___ PAGE __38__

**EXHIBIT 8**

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**EXHIBIT 9**



1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     Michael T. Zeller (Bar No. 196417)
      Shane H. McKenzie (Bar No. 228978)
3   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
4   Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
5
    Attorneys for Plaintiff and Counter-Defendant
6   Mattel, Inc.

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11

12   MATTEL, INC., a Delaware corporation,  )   Case No. CV 04-09059 NM (RNBx)
                                            )
13                   Plaintiff,             )
                                            )   MATTEL, INC.'S FIRST SET OF
14         v.                               )   REQUESTS FOR PRODUCTION
                                            )   OF DOCUMENTS AND
15   CARTER BRYANT, an individual           )   TANGIBLE THINGS TO MGA
                                            )   ENTERTAINMENT INC.
16                   Defendant.             )
                                            )
17   _____    )
                                            )
18   CARTER BRYANT, on behalf of himself,   )
     all present and former employees of    )
19   Mattel, Inc., and the general public,  )
                                            )
20                   Counterclaimant,       )
                                            )
21         v.                               )
                                            )
22   MATTEL, INC., a Delaware corporation,  )
                                            )
23                   Counter-defendant.     )

24

25

26

27

28

ORIGINAL

07209/642197.1

3/14

1    Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>, Plaintiff

2    and Counter-Defendant Mattel, Inc. hereby requests that MGA Entertainment Inc.

3    make available for inspection and copying the following documents and things

4    within thirty days of the service of these Requests, at the offices of Quinn Emanuel

5    Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor, Los

6    Angeles, California 90036.

7    These Requests shall be deemed to be continuing, and MGA

8    Entertainment Inc. shall be obligated to supplement its responses to these requests

9    at such times and to the extent required by <u>Rule</u> 26(e) of the <u>Federal Rules of Civil</u>

10   <u>Procedure</u>.

11

12   <u>DEFINITIONS</u>

13

14   For purposes of this Request for Production of Documents:

15   A.    "YOU" or "YOUR" means MGA Entertainment Inc. and any of

16   its current or former employees, officers, directors, agents, representatives,

17   attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and

18   successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

19   authority or subject to its control.

20   B.    "MATTEL" means Mattel, Inc. and any of its current or former

21   employees, officers, directors, agents, representatives, attorneys, subsidiaries,

22   divisions, affiliates, predecessors-in-interest and successors-in-interest, and any

23   other PERSON acting on its behalf, pursuant to its authority or subject to its

24   control.

25   C.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

26   "recordings" as those terms are defined in <u>Rule</u> 34 of the <u>Federal Rules of Civil</u>

27   <u>Procedure</u> and <u>Rule</u> 1001 of the <u>Federal Rules of Evidence</u>, including, but not

28   limited to, all writings and records of every type and description including, but not

-2-

FIRST REQUEST FOR PRODUCTION TO MGA

EXHIBIT ___9___  PAGE ___77___

1  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

2  electronic mail ("e-mail"), records of telephone conversations, handwritten and

3  typewritten notes of any kind, statements, reports, minutes, recordings, transcripts

4  and summaries of meetings, voice recordings, pictures, photographs, drawings,

5  computer cards, tapes, discs, printouts and records of all types, studies, instruction

6  manuals, policy manuals and statements, books, pamphlets, invoices, canceled

7  checks and every other device or medium by which or through which information

8  of any type is transmitted, recorded or preserved.  Without any limitation on the

9  foregoing, the term "DOCUMENT" shall include all copies that differ in any

10  respect from the original or other versions of the DOCUMENT, including, but not

11  limited to, all drafts and all copies of such drafts or originals containing initials,

12  comments, notations, insertions, corrections, marginal notes, amendments or any

13  other variation of any kind.

14        D.     "REFER OR RELATE TO" means constituting, embodying,

15  containing, referring to, commenting on, evidencing, regarding, discussing,

16  describing, mentioning, reflecting, expressing, pertaining to, concerning,

17  supporting, contradicting, negating, revoking or otherwise relating to in any

18  manner.

19        E.     "PERSON" or "PERSONS" means all natural persons,

20  partnerships, corporations, joint ventures and any kind of business, legal or public

21  entity or organization, as well as its, its or her agents, representatives, employees,

22  officers and directors and any one else acting on its, its or her behalf, pursuant to

23  its, its or her authority or subject to its, its or her control.

24        F.     "BRYANT" means Carter Bryant, any of his current or former

25  agents, representatives, attorneys, employees, partners, joint venturers,

26  predecessors-in-interest and successors-in-interest, and any other PERSON acting

27  on his behalf, pursuant to his authority or subject to his control.

28

1    G.    "BRATZ" means any project ever known by that name

2    (whether in whole or in part and regardless of what such project is or has been

3    also, previously or subsequently called) and any doll or any portion thereof that is

4    now or has ever been known as, or sold or marketed under, the name or term

5    "Bratz" (whether in whole or in part and regardless of what such doll is or has

6    been also, previously or subsequently called) or that is now or has ever been sold

7    or marketed as part of the "Bratz" line, and all prototypes, models, samples and

8    versions of such doll or any portion thereof.

9    H.    "ANGEL" means any project that is the subject of

10   MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20,

11   MGA000724-28 and MGA000734, and any doll (sometimes purportedly called

12   "Angel," "Angel Faces" and/or "Prayer Angels") or any portion thereof that is the

13   subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20,

14   MGA000724-28 and MGA000734, including all prototypes, models, samples and

15   versions of such doll(s) or any portion thereof.  Without limiting the generality of

16   the foregoing, "ANGEL" means any project or any doll or any portion thereof that

17   is the subject of MGA000706-08, MGA000710-12, MGA000714-16,

18   MGA000718-20, MGA000724-28 and MGA000734, regardless of what any such

19   project or doll has in fact been called, and regardless of what any such project or

20   doll is or has been also, previously or subsequently called.

21   I.    "DESIGNS" means any and all works, designs, artwork,

22   sketches, drawings, illustrations, representations, depictions, blueprints,

23   schematics, diagrams, descriptions, sculptures, prototypes, models, samples,

24   reductions to practice, developments, know-how, ideas, concepts, inventions

25   and/or improvements, as well as all other items, things and DOCUMENTS in

26   which any of the foregoing are or have been expressed, embodied, contained,

27   fixed or reflected in any manner, whether in whole or in part.

28

1    J.    "COMMUNICATION" or "COMMUNICATIONS" means and
2  includes any disclosure, transfer or exchange of information between two or more
3  PERSONS, whether orally or in writing, including, without limitation, any
4  conversation or discussion by means of meeting, letter, telephone, note,
5  memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic
6  or other medium, including without limitation in written, audio or video form.
7    K.    The singular form of a noun or pronoun includes within its
8  meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of
9  the masculine form of a pronoun also includes within its meaning the feminine
10  form of the pronoun so used, and *vice versa*; the use of any tense of any verb
11  includes also within its meaning all other tenses of the verb so used, whenever
12  such construction results in a broader request for information; and "and" includes
13  "or" and *vice versa*, whenever such construction results in a broader disclosure of
14  documents or information.
15
16                        INSTRUCTIONS
17
18    A.    Unless otherwise specified, these requests call for
19  DOCUMENTS prepared on or after January 1, 1995 through the present.
20  Documents shall be produced in their original file folders, or in lieu thereof, any
21  writing on the file folder from which each such document is taken shall be copied
22  and appended to such document and the person for whom or department, division,
23  or office for which the document or the file folder is maintained shall be
24  identified.
25    B.    YOU are to produce all DOCUMENTS requested hereby that
26  are in YOUR possession, custody and control.
27    C.    In the event that any document called for by these requests is to
28  be withheld on the basis of a claim of privilege or immunity from discovery, that

07209/642197.1                        -5-
FIRST REQUEST FOR PRODUCTION TO MGA
EXHIBIT 9 PAGE 76

1   document is to be identified by stating (i) any addressor and addressee; (ii) any

2   indicated or blind copy; (iii) the document's date, subject matter, number of pages,

3   and attachments or appendices; (iv) all persons to whom the document was

4   distributed, shown, or explained; (v) its present custodian; and (vi) the nature of

5   the privilege or immunity asserted.

6          D.     In the event that any document called for by these requests has

7   been destroyed or discarded, that document is to be identified by stating: (i) any

8   addressor and addressee; (ii) any indicated or blind copies; (iii) the document's

9   date, subject matter, number of pages, and attachments or appendices; (iv) all

10  persons to whom the document was distributed, shown, or explained; (v) the date

11  of destruction or discard, manner of destruction or discard, and reason for

12  destruction or discard; (vi) the persons who were authorized to carry out such

13  destruction or discard; and (vii) whether any copies of the document presently

14  exist and, if so, the name of the custodian of each copy.

15

16                        <u>REQUESTS FOR PRODUCTION</u>

17

18  <u>REQUEST FOR PRODUCTION NO. 1:</u>

19          All DOCUMENTS that REFER OR RELATE TO any agreement or

20  contract between YOU and BRYANT, including without limitation all drafts

21  thereof and all actual or proposed amendments, modifications and revisions

22  thereto.

23

24  <u>REQUEST FOR PRODUCTION NO. 2:</u>

25          All DOCUMENTS that REFER OR RELATE TO the performance of

26  any agreement or contract between YOU and BRYANT.

27

28

EXHIBIT   9   PAGE   77

REQUEST FOR PRODUCTION NO. 3:

ALL DOCUMENTS that REFER OR RELATE TO the agreement dated as of September 18, 2000 between YOU and BRYANT, including without limitation all drafts thereof and any actual or proposed modifications, amendments or revisions thereto.

REQUEST FOR PRODUCTION NO. 4:

ALL DOCUMENTS that REFER OR RELATE TO the Modification and Clarification of the Agreement dated as of September 18, 2000 between YOU and BRYANT, including without limitation all drafts thereof and any actual or proposed modifications, amendments or revisions thereto.

REQUEST FOR PRODUCTION NO. 5:

ALL DOCUMENTS that REFER OR RELATE TO the agreement dated April 2001 between YOU and BRYANT, including without limitation all drafts thereof and any actual or proposed modifications, amendments or revisions thereto.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS prepared, created, received or transmitted (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE TO BRYANT.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS that REFER OR RELATE TO any work, activities or services, including without limitation any freelance work or consulting services, that BRYANT performed for or with YOU or on YOUR

FIRST REQUEST FOR PRODUCTION TO MGA

EXHIBIT  9  PAGE  78

1  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was
2  prepared, created, received or transmitted, whether in whole or in part).

3

4  REQUEST FOR PRODUCTION NO. 8:

5           All DOCUMENTS that REFER OR RELATE TO any work,
6  activities or services, including without limitation any freelance work or
7  consulting services, that Anna Rhee performed for or with YOU or on YOUR
8  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was
9  prepared, created, received or transmitted, whether in whole or in part).

10

11  REQUEST FOR PRODUCTION NO. 9:

12          All DOCUMENTS that REFER OR RELATE TO any work,
13  activities or services, including without limitation any freelance work or
14  consulting services, that Veronica Marlow performed for or with YOU or on
15  YOUR behalf prior to January 1, 2001 (regardless of when any such DOCUMENT
16  was prepared, created, received or transmitted, whether in whole or in part).

17

18  REQUEST FOR PRODUCTION NO. 10:

19          All DOCUMENTS that REFER OR RELATE TO any work,
20  activities or services, including without limitation any freelance work or
21  consulting services, that Sarah Halpern performed for or with YOU or on YOUR
22  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was
23  prepared, created, received or transmitted, whether in whole or in part).

24

25  REQUEST FOR PRODUCTION NO. 11:

26          All DOCUMENTS that REFER OR RELATE TO any work,
27  activities or services, including without limitation any freelance work or
28  consulting services, that Jesse Ramirez performed for or with YOU or on YOUR

FIRST REQUEST FOR PRODUCTION TO MGA

EXHIBIT __9__ PAGE __79__

1  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was

2  prepared, created, received or transmitted, whether in whole or in part).

3

4  <u>REQUEST FOR PRODUCTION NO. 12</u>:

5          All DOCUMENTS that REFER OR RELATE TO any work,

6  activities or services, including without limitation any freelance work or

7  consulting services, that Margaret Hatch (also known as Margaret Leahy and/or

8  Margaret Hatch-Leahy) performed for or with YOU or on YOUR behalf prior to

9  January 1, 2001 (regardless of when any such DOCUMENT was prepared,

10  created, received or transmitted, whether in whole or in part).

11

12  <u>REQUEST FOR PRODUCTION NO. 13</u>:

13          All DOCUMENTS that REFER OR RELATE TO any work,

14  activities or services, including without limitation any freelance work or

15  consulting services, that Elise Cloonan performed for or with YOU or on YOUR

16  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was

17  prepared, created, received or transmitted, whether in whole or in part).

18

19  <u>REQUEST FOR PRODUCTION NO. 14</u>:

20          All agreements and contracts between YOU and Anna Rhee,

21  including without limitation all drafts thereof and amendments, modifications and

22  revisions thereto.

23

24  <u>REQUEST FOR PRODUCTION NO. 15</u>:

25          All DOCUMENTS that REFER OR RELATE TO any agreement or

26  contract between YOU and Anna Rhee, including without limitation all

27  COMMUNICATIONS that REFER OR RELATE thereto.

28

1   REQUEST FOR PRODUCTION NO. 16:

2          All agreements and contracts between YOU and Veronica Marlow,

3   including without limitation all drafts thereof and amendments, modifications and

4   revisions thereto.

5

6   REQUEST FOR PRODUCTION NO. 17:

7          All DOCUMENTS that REFER OR RELATE TO any agreement or

8   contract between YOU and Veronica Marlow, including without limitation all

9   COMMUNICATIONS that REFER OR RELATE thereto.

10

11  REQUEST FOR PRODUCTION NO. 18:

12         All agreements and contracts between YOU and Margaret Hatch (also

13  known as Margaret Leahy and/or Margaret Hatch-Leahy), including without

14  limitation all drafts thereof and amendments, modifications and revisions thereto.

15

16  REQUEST FOR PRODUCTION NO. 19:

17         All DOCUMENTS that REFER OR RELATE TO any agreement or

18  contract between YOU and Margaret Hatch (also known as Margaret Leahy and/or

19  Margaret Hatch-Leahy), including without limitation all COMMUNICATIONS

20  that REFER OR RELATE thereto.

21

22  REQUEST FOR PRODUCTION NO. 20:

23         All agreements and contracts between YOU and Sarah Halpern,

24  including without limitation all drafts thereof and amendments, modifications and

25  revisions thereto.

26

27

28

EXHIBIT ___9___ PAGE __81__

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Sarah Halpern, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

**REQUEST FOR PRODUCTION NO. 22:**

All agreements and contracts between YOU and Jesse Ramirez, including without limitation all drafts thereof and amendments, modifications and revisions thereto.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Jesse Ramirez, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

**REQUEST FOR PRODUCTION NO. 24:**

All agreements and contracts between YOU and Elise Cloonan, including without limitation all drafts thereof and amendments, modifications and revisions thereto.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Elise Cloonan, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

FIRST REQUEST FOR PRODUCTION TO MGA

EXHIBIT 9 PAGE 82

1  <u>REQUEST FOR PRODUCTION NO. 26</u>:

2          All DOCUMENTS that REFER OR RELATE TO DESIGNS that

3  BRYANT produced, prepared, created, authored, conceived of or reduced to

4  practice, whether alone or jointly with others, prior to January 1, 2001.

5

6  <u>REQUEST FOR PRODUCTION NO. 27</u>:

7          All DOCUMENTS that REFER OR RELATE TO DESIGNS

8  produced, prepared, created, authored, conceived of or reduced to practice prior to

9  January 1, 2001 by BRYANT, whether alone or jointly with others, in which YOU

10  have purported at any time to purchase, acquire or own any right, title or interest

11  (whether in whole or in part).

12

13  <u>REQUEST FOR PRODUCTION NO. 28</u>:

14          All DOCUMENTS that REFER OR RELATE TO DESIGNS

15  produced, prepared, created, authored, conceived of or reduced to practice prior to

16  January 1, 2001 by Margaret Hatch (also known as Margaret Leahy and/or

17  Margaret Hatch-Leahy), whether alone or jointly with others, in which YOU have

18  purported at any time to purchase, acquire or own any right, title or interest

19  (whether in whole or in part).

20

21  <u>REQUEST FOR PRODUCTION NO. 29</u>:

22          All DOCUMENTS, including without limitation all

23  COMMUNICATIONS between YOU and any PERSON, that REFER OR

24  RELATE TO any agreement or contract between BRYANT and Mattel, Inc.

25

26  <u>REQUEST FOR PRODUCTION NO. 30</u>:

27          All DOCUMENTS, including without limitation all

28  COMMUNICATIONS between YOU and any PERSON, that REFER OR

-12-

1   RELATE TO any agreement or contract between Margaret Hatch (also known as

2   Margaret Leahy and/or Margaret Hatch-Leahy) and Mattel, Inc.

3

4   REQUEST FOR PRODUCTION NO. 31:

5        All COMMUNICATIONS between YOU and BRYANT that REFER

6   OR RELATE TO Mattel, Inc. or any officer, director, employee or representative

7   of Mattel, Inc.

8

9   REQUEST FOR PRODUCTION NO. 32:

10       All DOCUMENTS prepared, written, transmitted or received

11  (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE

12  TO BRATZ.

13

14  REQUEST FOR PRODUCTION NO. 33:

15       All DOCUMENTS that REFER OR RELATE TO BRATZ that

16  REFER OR RELATE TO any time prior to January 1, 2001 (regardless of when

17  such document was prepared, written, transmitted or received, whether in whole or

18  in part).

19

20  REQUEST FOR PRODUCTION NO. 34:

21       All DOCUMENTS prepared, written, transmitted or received

22  (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE

23  TO ANGEL.

24

25  REQUEST FOR PRODUCTION NO. 35:

26       All DOCUMENTS that REFER OR RELATE TO ANGEL that

27  REFER OR RELATE TO any time prior to January 1, 2001 (regardless of when

28

FIRST REQUEST FOR PRODUCTION TO MGA

EXHIBIT 9    PAGE 84

1  such document was prepared, written, transmitted or received, whether in whole or
2  in part).

3

4  REQUEST FOR PRODUCTION NO. 36:

5          All DOCUMENTS that REFER OR RELATE TO the origin(s),
6  conception or creation of BRATZ, including without limitation all DOCUMENTS
7  that REFER OR RELATE TO the timing of, and the method and manner in which,
8  BRATZ first came to YOUR attention.

9

10  REQUEST FOR PRODUCTION NO. 37:

11          All declarations, affidavits and other sworn written statements of any
12  other type or form by YOU that REFER OR RELATE TO BRATZ (other than
13  those previously filed and served in this action).

14

15  REQUEST FOR PRODUCTION NO. 38:

16          All transcripts and video and/or audio recordings of statements made
17  by YOU under oath, including without limitation all deposition transcripts, trial
18  transcripts and arbitration transcripts, that REFER OR RELATE TO BRATZ
19  (other than those taken in this action when Mattel, Inc.'s counsel was in
20  attendance).

21

22  REQUEST FOR PRODUCTION NO. 39:

23          All declarations, affidavits and other sworn written statements of any
24  other type or form by any PERSON that REFER OR RELATE TO ANGEL (other
25  than those previously filed and served in this action).

26

27

28

FIRST REQUEST FOR PRODUCTION TO MGA

EXHIBIT ___9___ PAGE _85_

REQUEST FOR PRODUCTION NO. 40:

All transcripts and video and/or audio recordings of statements made by any PERSON under oath, including without limitation all deposition transcripts, trial transcripts and arbitration transcripts, that REFER OR RELATE TO ANGEL (other than those taken in this action when Mattel, Inc.'s counsel was in attendance).

REQUEST FOR PRODUCTION NO. 41:

All DOCUMENTS that REFER OR RELATE TO BRATZ and/or ANGEL filed, submitted or served in the suit and/or arbitration proceedings brought by Farhad Larian against Isaac Larian, including without limitation all declarations, affidavits and sworn testimony given by any PERSON in such suit or arbitration proceedings.

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS that REFER OR RELATE TO any payment made to or on behalf of BRYANT prior to October 21, 2000 or for work or services performed by BRYANT prior to October 21, 2000 regardless of when such payment was actually made.

REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS that REFER OR RELATE TO any payment made to or on behalf of BRYANT for DESIGNS that BRYANT assigned or transferred to YOU prior to October 21, 2000, regardless of when such payment was actually made.

EXHIBIT ___9___   PAGE ___86___

REQUEST FOR PRODUCTION NO. 44:

All DOCUMENTS that REFER OR RELATE TO invoices submitted by BRYANT to YOU prior to January 31, 2001.

REQUEST FOR PRODUCTION NO. 45:

All of YOUR royalty statements to or for BRYANT.

REQUEST FOR PRODUCTION NO. 46:

All DOCUMENTS that REFER OR RELATE TO BRYANT'S participation in the conception, creation, design, development, sculpting, tooling, production or manufacture of BRATZ.

REQUEST FOR PRODUCTION NO. 47:

All DOCUMENTS that REFER OR RELATE TO BRYANT'S participation in the conception, creation, design, development, sculpting, tooling, production or manufacture of ANGEL.

REQUEST FOR PRODUCTION NO. 48:

All non-privileged COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE TO this action.

REQUEST FOR PRODUCTION NO. 49:

All DOCUMENTS that REFER OR RELATE TO any indemnification that BRYANT has sought, proposed, requested or obtained in connection with this action.

FIRST REQUEST FOR PRODUCTION TO MGA

EXHIBIT ___9___ PAGE ___87___

1  REQUEST FOR PRODUCTION NO. 50:

2          All DOCUMENTS that REFER OR RELATE TO any

3  indemnification that YOU have sought, proposed, requested or obtained in

4  connection with this action.

5

6  REQUEST FOR PRODUCTION NO. 51:

7          All DOCUMENTS that REFER OR RELATE TO each and every

8  sculpt of BRATZ (including without limitation any model, prototype or sample

9  thereof) prior to June 1, 2001.

10

11  REQUEST FOR PRODUCTION NO. 52:

12          All DOCUMENTS that REFER OR RELATE TO each and every

13  sculpt of ANGEL (including without limitation any model, prototype or sample

14  thereof).

15

16  REQUEST FOR PRODUCTION NO. 53:

17          All DOCUMENTS that REFER OR RELATE TO the procurement,

18  fabrication, preparation and production of each and every mold for BRATZ

19  (including without limitation for any model, prototype or sample thereof) prior

20  June 1, 2001, including without limitation all orders, purchase orders and invoices

21  relating thereto.

22

23  REQUEST FOR PRODUCTION NO. 54:

24          DOCUMENTS sufficient to show when any mold for ANGEL

25  (including without limitation for any model, prototype or sample thereof) was first

26  ordered, procured, fabricated, prepared and produced.

27

28

FIRST REQUEST FOR PRODUCTION TO MGA

EXHIBIT____9____PAGE__88

1  REQUEST FOR PRODUCTION NO. 55:

2      All DOCUMENTS that REFER OR RELATE TO the exhibition, or

3  proposed, offered or requested exhibition, of BRATZ (including without limitation

4  any model, prototype or sample thereof) to any third party prior to June 1, 2001.

5

6  REQUEST FOR PRODUCTION NO. 56:

7      DOCUMENTS sufficient to show when ANGEL (including without

8  limitation any model, prototype or sample thereof) was first exhibited to any third

9  party.

10

11  REQUEST FOR PRODUCTION NO. 57:

12      DOCUMENTS sufficient to show when and where BRATZ

13  (including without limitation any model, prototype or sample thereof) was first

14  marketed to any wholesaler, distributor and/or retailer.

15

16  REQUEST FOR PRODUCTION NO. 58:

17      DOCUMENTS sufficient to show when and where ANGEL

18  (including without limitation any model, prototype or sample thereof) was first

19  marketed to any wholesaler, distributor and/or retailer.

20

21  REQUEST FOR PRODUCTION NO. 59:

22      DOCUMENTS sufficient to show when and where BRATZ

23  (including without limitation any model, prototype or sample thereof) was first

24  offered for sale to any wholesaler, distributor and/or retailer.

25

26

27

28

FIRST REQUEST FOR PRODUCTION TO MGA

EXHIBIT __9__ PAGE __89__

1    REQUEST FOR PRODUCTION NO. 60:

2            DOCUMENTS sufficient to show when and where ANGEL

3    (including without limitation any model, prototype or sample thereof) was first

4    offered for sale by YOU to any wholesaler, distributor and/or retailer.

5

6    REQUEST FOR PRODUCTION NO. 61:

7            DOCUMENTS sufficient to show when and where BRATZ was first

8    shipped, distributed and sold.

9

10   REQUEST FOR PRODUCTION NO. 62:

11           DOCUMENTS sufficient to show when and where ANGEL was first

12   shipped, distributed and sold.

13

14   REQUEST FOR PRODUCTION NO. 63:

15           All DOCUMENTS that REFER OR RELATE TO the licensing,

16   including without limitation the proposed or requested licensing, of BRATZ prior

17   to December 31, 2001.

18

19   REQUEST FOR PRODUCTION NO. 64:

20           All COMMUNICATIONS between YOU and any manufacturer, or

21   any contemplated, proposed or potential manufacturer, that REFER OR RELATE

22   TO BRATZ prior to June 1, 2001.

23

24   REQUEST FOR PRODUCTION NO. 65:

25           DOCUMENTS sufficient to identify when YOU first contacted any

26   manufacturer, or any contemplated, proposed or potential manufacturer, for the

27   manufacture of ANGEL.

28

07209/642197.1

-19-

EXHIBIT ___9___ PAGE __90__

1 REQUEST FOR PRODUCTION NO. 66:

2        All COMMUNICATIONS between YOU and any PERSON that

3 REFER OR RELATE TO the distribution or proposed or potential distribution of

4 BRATZ prior to June 1, 2001.

5

6 REQUEST FOR PRODUCTION NO. 67:

7        All COMMUNICATIONS between YOU and Universal Commerce

8 Corp., Ltd. prior to June 1, 2001.

9

10 REQUEST FOR PRODUCTION NO. 68:

11        All DOCUMENTS that REFER OR RELATE TO Mattel, Inc., or that

12 were prepared, authored or created by Mattel, Inc. or any officer, director,

13 employee or representative of Mattel, Inc., that BRYANT has ever provided to,

14 shown, described to, communicated to or disclosed in any manner to YOU.

15

16 REQUEST FOR PRODUCTION NO. 69:

17        All COMMUNICATIONS between YOU and BRYANT prior to

18 January 1, 2001, including without limitation all diaries, notes, calendars, logs,

19 phone records and letters, that reflect, record or memorialize or otherwise REFER

20 OR RELATE TO any such COMMUNICATIONS.

21

22 REQUEST FOR PRODUCTION NO. 70:

23        All COMMUNICATIONS between YOU and Elise Cloonan that

24 REFER OR RELATE TO BRYANT, Mattel, Inc., BRATZ and/or Anna Rhee,

25 including without limitation all diaries, notes, calendars, logs, phone records and

26 letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO

27 any such COMMUNICATIONS.

28

07209/642197.1

-20-

FIRST REQUEST FOR PRODUCTION TO MGA

EXHIBIT __9__ PAGE __91__

1  **REQUEST FOR PRODUCTION NO. 71:**

2  All COMMUNICATIONS between YOU and Elise Cloonan prior to

3  June 11, 2002, including without limitation all diaries, notes, calendars, logs,

4  phone records and letters, that reflect, record or memorialize or otherwise REFER

5  OR RELATE TO any such COMMUNICATIONS.

6

7  **REQUEST FOR PRODUCTION NO. 72:**

8  All COMMUNICATIONS between YOU and Veronica Marlow prior

9  to January 1, 2001, including without limitation all diaries, notes, calendars, logs,

10  phone records and letters, that reflect, record or memorialize or otherwise REFER

11  OR RELATE TO any such COMMUNICATIONS.

12

13  **REQUEST FOR PRODUCTION NO. 73:**

14  All COMMUNICATIONS between YOU and Mercedeh Ward prior

15  to November 6, 2000, including without limitation all diaries, notes, calendars,

16  logs, phone records and letters, that reflect, record or memorialize or otherwise

17  REFER OR RELATE TO any such COMMUNICATIONS.

18

19  **REQUEST FOR PRODUCTION NO. 74:**

20  All COMMUNICATIONS between YOU and Margaret Hatch (also

21  known as Margaret Leahy and/or Margaret Hatch-Leahy) prior to January 1, 2001,

22  including without limitation all diaries, notes, calendars, logs, phone records and

23  letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO

24  any such COMMUNICATIONS.

25

26  **REQUEST FOR PRODUCTION NO. 75:**

27  All COMMUNICATIONS between YOU and Anna Rhee prior to

28  January 1, 2001, including without limitation all diaries, notes, calendars, logs,

-21-

EXHIBIT ___9___ PAGE ___92___

phone records and letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 76:

All COMMUNICATIONS between Veronica Marlow and Anna Rhee prior to January 1, 2001, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 77:

All COMMUNICATIONS between YOU and Sarah Halpern prior to January 1, 2001, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 78:

All COMMUNICATIONS between YOU and Jesse Ramirez prior to January 1, 2001, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 79:

Any personnel or vendor file that YOU have created or maintained concerning BRYANT.

REQUEST FOR PRODUCTION NO. 80:

Any personnel file that YOU have created or maintained concerning Paula Treantafellas.

FIRST REQUEST FOR PRODUCTION TO MGA

EXHIBIT __9__ PAGE __93__

1  REQUEST FOR PRODUCTION NO. 81:

2          Any personnel file that YOU have created or maintained concerning

3  Mercedeh Ward.

4

5  REQUEST FOR PRODUCTION NO. 82:

6          Any personnel or vendor file that YOU have created or maintained

7  concerning Margaret Hatch (also known as Margaret Leahy and/or Margaret

8  Hatch-Leahy).

9

10  REQUEST FOR PRODUCTION NO. 83:

11          Any personnel or vendor file that YOU have created or maintained

12  concerning Veronica Marlow.

13

14  REQUEST FOR PRODUCTION NO. 84:

15          Any personnel or vendor file that YOU have created or maintained

16  concerning Anna Rhee.

17

18  REQUEST FOR PRODUCTION NO. 85:

19          Any personnel or vendor file that YOU have created or maintained

20  concerning Jessie Ramirez.

21

22  REQUEST FOR PRODUCTION NO. 86:

23          Any personnel file that YOU have created or maintained concerning

24  Shirin Salemnia.

25

26  REQUEST FOR PRODUCTION NO. 87:

27          Any personnel file that YOU have created or maintained concerning

28  Victoria O'Connor.

FIRST REQUEST FOR PRODUCTION TO MGA

EXHIBIT __9__ PAGE __94__

1   REQUEST FOR PRODUCTION NO. 88:

2          Any personnel file that YOU have created or maintained concerning

3   Farhad Larian.

4

5   REQUEST FOR PRODUCTION NO. 89:

6          All telephone records for MGA Entertainment Inc. for the time period

7   from January 1, 1998 through January 1, 2001.

8

9   REQUEST FOR PRODUCTION NO. 90:

10         All DOCUMENTS that REFER OR RELATE TO any copyright,

11  patent or any other application or registration for BRATZ DESIGNS, including

12  without limitation all COMMUNICATIONS pertaining thereto.

13

14  REQUEST FOR PRODUCTION NO. 91:

15         All DOCUMENTS that REFER OR RELATE TO any copyright,

16  patent or any other application or registration for ANGEL DESIGNS, including

17  without limitation all COMMUNICATIONS pertaining thereto.

18

19  REQUEST FOR PRODUCTION NO. 92:

20         All DOCUMENTS that REFER OR RELATE TO any testing of or

21  sampling from any DOCUMENTS that REFER OR RELATE TO BRATZ or

22  BRYANT, including without limitation any such testing or sampling in connection

23  with any ink, paper or chemical analysis to date any such DOCUMENTS and

24  including without limitation all results and reports relating thereto.

25

26

27

28

FIRST REQUEST FOR PRODUCTION TO MGA

EXHIBIT __9__ PAGE __95__

REQUEST FOR PRODUCTION NO. 93:

An electronic copy of each DOCUMENT that YOU have produced in this action, or that is responsive to these Requests, that is or was created, prepared, generated, maintained or transmitted in digital form.

REQUEST FOR PRODUCTION NO. 94:

The metadata for each DOCUMENT that YOU have produced in this action, or that is responsive to these Requests, that is or was created, prepared, generated, maintained or transmitted in digital form.

REQUEST FOR PRODUCTION NO. 95:

All DOCUMENTS that support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

REQUEST FOR PRODUCTION NO. 96:

All doll heads, sculpts, prototypes, models, samples and tangible items that were created, prepared or made, whether in whole or in part, prior to January 1, 2001 that REFER OR RELATE TO BRATZ.

REQUEST FOR PRODUCTION NO. 97:

All doll heads, sculpts, prototypes, models, samples and tangible items that were created, prepared or made, whether in whole or in part, prior to January 1, 2001 that REFER OR RELATE TO ANGEL.

REQUEST FOR PRODUCTION NO. 98:

All doll heads, sculpts, prototypes, models, samples and tangible items that Anna Rhee painted, whether in whole or in part, for or with YOU or on YOUR behalf or for or on behalf of BRYANT prior to January 1, 2001.

EXHIBIT ____9____ PAGE ___96__

REQUEST FOR PRODUCTION NO. 99:

All doll heads, sculpts, prototypes, models, samples and tangible items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that BRYANT produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to January 1, 2001.

REQUEST FOR PRODUCTION NO. 100:

All doll heads, sculpts, prototypes, models, samples and tangible items that support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

DATED:  March 14, 2005

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By _____
Shane Heather McKenzie
Attorneys for Plaintiff/Counter-defendant
Mattel, Inc.

-26-

FIRST REQUEST FOR PRODUCTION TO MGA

EXHIBIT   9   PAGE   97

**PROOF OF SERVICE**

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA     )
                            } SS

COUNTY OF LOS ANGELES   )

      I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

      On March 14, 2005, I served the foregoing document described as **Mattel, Inc.'s First Set of Requests For Production of Documents And Tangible Things to MGA Entertainment Inc.** on all interested parties in this action.

> Robert F. Millman, Esq.
> Douglas A. Wickham, Esq.
> Littler Mendelson
> A Professional Corporation
> 2049 Century Park East, 5th Floor
> Los Angeles, California 90067-3107
> FAX: 310-553-5583

[  ]  By placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as follows:

[ X ]  **BY MAIL:**   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]  **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

Executed on March 14, 2005, at Los Angeles, California.

[  ]  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ X ]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Rebecca A. Ramos
Print Name

Signature

**PROOF OF SERVICE**
1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA** )
) SS
**COUNTY OF LOS ANGELES** )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On March 14, 2005, I served the foregoing document described as **Mattel, Inc.'s First Set of Requests For Production of Documents And Tangible Things to MGA Entertainment Inc.** on all interested parties in this action.

**Paula E. Ambrosini, Esq.**
**O'Melveny & Meyers**
400 So. Hope Street
Los Angeles, CA 90071
(213) 430-6407

[  ] By placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as follows:

[  ] **BY MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ] **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ X ] **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the addressee.

Executed on March 14, 2005, at Los Angeles, California.

[  ] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ X ] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Rebecca A. Ramos
Print Name

Signature

EXHIBIT   9   PAGE  99