# EXHIBIT 11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARTER BRYANT, an
individual,

        Plaintiff,

    vs.

MATTEL, INC., a Delaware
corporation,

        Defendants.

No. CV 04-9049 SGL
(RNBx)

**CERTIFIED COPY**

_____

Consolidated with MATTEL, INC. v.
BRYANT and MGA ENTERTAINMENT, INC.
v. MATTEL, INC.

HEARING BEFORE THE HONORABLE EDWARD A. INFANTE

San Francisco, California

Thursday, January 3, 2008

Reported by:
DANA M. FREED
CSR No. 10602

JOB No. 79867

```
1                  UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
2                        EASTERN DIVISION

3     CARTER BRYANT, an
      individual,
4
              Plaintiff,
5
          vs.                        No. CV 04-9049 SGL
6                                    (RNBx)
      MATTEL, INC., a Delaware
7     corporation,

8             Defendants.

9
      _____
10
      Consolidated with MATTEL, INC. v.
11    BRYANT and MGA ENTERTAINMENT, INC.
      v. MATTEL, INC.
12    _____

13

14            Hearing before the Honorable EDWARD A. INFANTE,

15    at JAMS, Two Embarcadero Center, Suite 1500, San Francisco,

16    California, beginning at 1:30 p.m. and ending at 4:05 p.m.

17    on Thursday, January 3, 2008, before DANA M. FREED,

18    Certified Shorthand Reporter No. 10602.

19

20

21

22

23

24

25
```

2

Exhibit 11, Page 55

```
 1    APPEARANCES:

 2

 3    For the Plaintiff CARTER BRYANT, an individual:

 4            KEKER & VAN NEST LLP
              BY:   MATTHEW M. WERDEGAR
 5                  JOHN TRINIDAD
              Attorneys at Law
 6            710 Sansome Street
              San Francisco, California 94111-1704
 7            415.391.5400

 8    For the Defendant MATTEL, INC., a Delaware
      corporation:
 9
              QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
10            BY:   JON COREY
                    TIMOTHY L. ALGER
11                  B. DYLAN PROCTOR
              Attorneys at Law
12            865 Figueroa Street, 10th Floor
              Los Angeles, California 90017
13            213.443.3000

14    For the Defendants MGA Entertainment, Inc., MGA
      Entertainment (HK) Limited, and Isaac Larian:
15
              SKADDEN ARPS SLATE MEAGHER & FLOM LLP
16            BY:   RAOUL D. KENNEDY
                    AMY S. PARK
17            Attorneys at Law
              Four Embarcadero Center, 38th Floor
18            San Francisco, California 94111-5974
              415.984.6400
19
      Also Present:
20
              MAUREEN McCUAIG
21

22

23

24

25
```

3

Exhibit _11_, Page _156_

1       San Francisco, California, Thursday, January 3, 2008

2                          1:30 p.m. - 4:05 p.m.

3

4             JUDGE INFANTE:  This is a hearing on various

5    motions to compel discovery.  I'd like counsel to

6    enter their appearances, please, first from Mattel.

7             MR. COREY:  Jon Corey on behalf of Mattel.

8             MR. ALGER:  Timothy Alger on behalf of

9    Mattel.

10            MR. PROCTOR:  B. Dylan Proctor for Mattel.

11            MR. TRINIDAD:  John Trinidad for Carter Bryant.

12            MR. WERDEGAR:  Mathew Werdegar for Carter Bryant.

13            MS. PARK:  Amy Park for MGM Industries and

14   Isaac Larian.

15            MR. KENNEDY:  Raoul Kennedy also for the MGA

16   entities and Mr. Larian.

17            JUDGE INFANTE:  There are several motions

18   that have been filed since our last hearing date.

19   There was one motion that was not heard at our last

20   hearing date, which was MGA's motion with respect to

21   30(b)(6) bandying of witnesses.  I indicated I was not

22   prepared to hear that motion, because the day before

23   the hearing there was a letter indicating the parties

24   were still attempting to meet and confer regarding

25   that motion.  I would like to begin by finding out

4

Exhibit _11_, Page _157_

1          JUDGE INFANTE:   Okay.   They become so common

2   in these motions that I feel like I have to cover

3   that.

4          We're going to take a short break.   Why don't

5   we take a 10-minute break?   And off the record I'm

6   going to confer with counsel as to the remaining

7   motions that we haven't heard yet and tell you which

8   ones I'm prepared on and which ones I'm not.   So we'll

9   go off the record at this time.

10          (Recess taken.)

11          JUDGE INFANTE:   I'm prepared to hear the

12   joint motion brought by MGA and Bryant to Compel

13   Further 30(b)(6) Testimony.   This is the motion

14   regarding bandying, b-a-n-d-y-i-n-g, of 30(b)(6)

15   witnesses.

16          You may proceed.

17          MR. TRINIDAD:   Thank you, Your Honor.   Again,

18   this is John Trinidad on behalf of Carter Bryant and

19   with the joint motion with MGA entertainment.   Again,

20   I'll keep my comments brief since the issue has been

21   fully briefed.

22          It's a fairly straightforward motion,

23   Your Honor.   Bryant and MGA have a right to discovery

24   of the facts that underlie the claims that Mattel has

25   lodged against them.   And the topics for the 30(b)(6)

73

Exhibit _11_ , Page _52_

1   notice are directly on point here.  They include

2   topics regarding Bryant's duties and obligations to

3   Mattel as a Mattel employee.  His duties and

4   obligations under certain agreements with Mattel.  Any

5   acts or omissions that would have breached these

6   duties or agreements.

7        Now, the Rule 30(b)(6) obligations are clear

8   that designated witnesses shall testify as to matters

9   known or reasonably available to the organization, but

10  to date Mattel has failed to meet this obligation.

11       Instead, they've produced a litany of

12  witnesses, one after another, saying that they only

13  are testifying as to their personal knowledge, stating

14  that they have not been educated as to the topics that

15  they've been designated for.  And then when asked,

16  simply say they have no information on these topics.

17       There is probably no clearer example for this

18  than the testimony of Robert Hudnut, who was

19  designated as to Topics 2 through 7, and who stated

20  multiple times that he had no knowledge about these

21  facts.

22       In fact, he went on to say that he is only

23  a screenwriter, a songwriter, and a producer and those

24  are the things he was prepared to testify about.  And

25  later on he went to say that he was here to talk about

Exhibit //, Page 59

1    only his own knowledge as to Diva Stars, a Mattel

2    product, by own employment agreement and that was it.

3    He had no information as to Topics 2 through 7 that

4    were relevant to this matter.

5             As you know, Your Honor, the parties have

6    been involved in substantial negotiations trying to --

7    trying to see if we could come to an agreement

8    regarding this motion.  MGA and Bryant proposed

9    a stipulation whereby the parties would agree that

10   either Mattel had testified to its full knowledge as

11   to the noticed topics or that they should present

12   witnesses that were knowledgeable or properly educated

13   to testify fully.

14            That stipulation was denied by Mattel.

15   Instead, they wanted to propose language that would

16   allow them, excuse me, whereby the parties would be

17   prevented from trying to preclude testimony that

18   a witness was prepared to offer but as to which

19   counsel for Bryant and/or counsel for MGA neglected to

20   inquire.

21            Your Honor, we submit that this type of

22   language just leaves the door open for MGA and Bryant

23   to be sandbagged at trial with either a new witness

24   that was fully educated as to the information or the

25   prior witness now fully educated as to the knowledge

Exhibit _11_, Page _160_

1   Mattel currently has.

2          At the end of the day, Your Honor, we believe

3   that the 30(b)(6) obligations are clear here.  That

4   witnesses should be either prepared to testify about

5   the topics or be educated as to the topics and testify

6   to them.  And that to date has not occurred.

7          We submit that Mattel should be obligated to

8   provide us with witnesses that are knowledgeable as to

9   these topics and present them to us prior to the close

10  of discovery.

11         JUDGE INFANTE:  I'm not inclined to grant

12  your motion on the Zeus topic.  I'm not inclined to

13  grant your motion with respect to the Zeus, Z-e-u-s,

14  topic.  Is there anything else more you wish to say on

15  that?

16         THE WITNESS:  Your Honor, I will submit that,

17  you know, we presented this motion with the full range

18  of topics including Zeus, and respectfully believe

19  that there are some additional areas that have not

20  been explored on that front.  But we accept that and

21  we'll move forward, submit it.

22         JUDGE INFANTE:  Okay.  I just want to make

23  sure you had an opportunity to be heard.  You may

24  proceed.

25         MR. COREY:  Thank you, Your Honor.  I don't

Exhibit _11_, Page _161_

1   think that the Court can properly consider this motion

2   without starting at the beginning.  And the beginning

3   was there was a meet and confer, the scope of these

4   topics were limited, because they are facially

5   defective in many instances.

6           And probably the most significant agreement

7   that was reached was that Mattel didn't have to

8   produce a witness, and was in fact incapable of

9   producing a witness, to testify or really to connect

10  the dots.  Because the fundamental thing that's going

11  on here is that Bryant's misconduct was concealed.

12          And the information that Mattel has regarding

13  his misconduct comes not from Mattel itself, but comes

14  from Bryant, comes from MGA, and comes from third

15  parties.

16          And with very few exceptions, all of that

17  information has been designated as either confidential

18  or confidential attorney's eyes only under the

19  protective order.

20          So practically speaking, Mattel can't take

21  the information that it has in response to these

22  specific topics and feed it to a witness, because the

23  protective order prevents Mattel from giving it to a

24  witness.  I mean, the way the topics are drafted, what

25  Mattel would have to do would fundamentally violate

Exhibit _11_ , Page _162_

1    the protective order.  And that's what happens when

2    you have competitors suing each other in a dispute.

3              Now, does MGA -- excuse me, does Bryant have

4    a right to get facts that Mattel is going to rely on

5    at trial?  Absolutely.  Is this the mechanism to do

6    that?  No.  That's a contention interrogatory.

7              Mattel reasonably supplemented its contention

8    interrogatories where it did connect the dots.  So

9    that's where they're entitled to have, to have the

10   dots connected.

11             Now, I know that there was a lot of paper on

12   this motion.  And I have the luxury of saying both

13   with respect to defending this motion to compel and

14   my -- and Mattel's own motion to compel, that I would

15   hope that the Court has had an opportunity to look at

16   the transcripts, because what Mattel has done is it

17   has provided the witnesses who will provide the

18   information that Mattel were relying on at trial to

19   prove the facts as they exist within -- within

20   Mattel's knowledge.

21             And there are additional witnesses who Mattel

22   has designated on these topics, specifically 2 through

23   7 and 22, who will provide additional facts.  But

24   again, these facts, because of limitations, these

25   facts can't be presented in a form where a witness can

78

Exhibit _11_, Page_163_

1    provide, essentially lay out Mattel's trial strategy.

2    Nor is that something that's within the ambit of

3    Section 30(b)(6).

4              And none of this should come as a surprise to

5    Bryant.   I mean, this is part of the conversation that

6    occurred on March 15th.   And particularly, with

7    respect to Diva Stars, I don't know how well it came

8    out in the papers, but Diva Stars is a huge project,

9    hundreds of people worked on it.

10             It was an electronic and motorized doll.   And

11   there are very, very limited aspects of that entire

12   project that relate to -- that relate to this case.

13   And those have to do with the Steve Linker drawings

14   and the use of some names that actually ended up in

15   the Bratz project.

16             And Mattel has put forth witnesses with that

17   information, and counsel came up with the example of

18   Mr. Hudnut not knowing about the creation of

19   Diva Stars.   He wasn't there to talk about the

20   creation of Diva Stars, he was there to talk about

21   other names that were used.   And in connection with

22   some scripts.   And he was never asked those questions.

23             So my understanding, what the relief is being

24   sought is that because they neglected to ask questions

25   of Mr. Hudnut that would elicit that information, that

79

Exhibit _11_, Page_164_

1   Mattel should somehow be precluded from introducing

2   that at trial.  That's just improper.

3          And it happens all the time in depositions.

4   You don't -- you're not able to ask, no one is smart

5   enough to ask every single question to elicit every

6   single fact, but you should be smart enough to prepare

7   cross-examination if there's any funny business going

8   on.

9          Now, specifically with respect to Topics 2

10  through 7 relating to Carter Bryant's obligations to

11  Mattel and his breach of those obligations to Mattel.

12  Mattel's identified the contracts.  There's been a

13  separate witness to testify about those contracts.

14         We've presented a witness to talk about the

15  fact that Bryant lied when he left Mattel.  He did not

16  say that he was going to MGA, he said he was going to

17  do other things.

18         And to the extent that we have circumstantial

19  evidence of what he -- what he did wrong, that has

20  been the subject of testimony.

21         Now, with respect to Topic No. 41 very

22  briefly --

23         JUDGE INFANTE:  I'm inclined to rule in your

24  favor on that one.

25         MR. COREY:  I'll pass that.  Then Topics 54,

Exhibit _11_, Page _65_

1    55 and 56.

2              JUDGE INFANTE:  I'm not sure those are part

3    of the motion.

4              MR. COREY:  Those are the topics relating to

5    Bryant's exit interview.  If they're not part of the

6    motion, I'll be quiet.

7              JUDGE INFANTE:  Well, I thought the motion

8    was Topics 2 through 8, 11 through 13, 24, 41 and

9    Zeus.

10             MR. TRINIDAD:  Your Honor, I believe

11   that's -- that there was an additional mention of the

12   topics that Mr. Corey was about to address in the

13   briefs.  I don't believe they were --

14             JUDGE INFANTE:  It wasn't clear.

15             MR. COREY:  I don't have the notice.

16             JUDGE INFANTE:  It wasn't clear you were

17   seeking an order as to those topics.

18             MR. COREY:  With that, I will submit unless

19   the Court has any questions.

20             JUDGE INFANTE:  No.  You've covered the

21   ground very comprehensively in your papers.

22             MR. TRINIDAD:  Your Honor, briefly --

23             JUDGE INFANTE:  I'm inclined not to grant 41,

24   because it's like proving a negative.  Julie Jensen

25   I believe testified.  Is that her name?

Exhibit _11_ , Page_166_

1           MR. COREY:  Yes, that's correct, Your Honor

2           MR. TRINIDAD:  Right.

3           JUDGE INFANTE:  And you know, I read that.

4    And she's the one who first contacted the reporter.

5    You know, I'm inclined not to grant your 41 or Zeus.

6    I am inclined to grant you -- now that I've heard

7    Mr. Corey's arguments, I am inclined to grant the rest

8    of the motion.

9           So here's what I'll do.  I find, reading all

10   of the testimony of Mr. Hudnut, Ms. Newquist,

11   Mr. Ong Changco, O-n-g C-h-a-n-g-c-o, Ms. Pasko,

12   Ms. Pratte, P-r-a-t-t-e, and Ms. Yamamoto, Ms. Jensen

13   and Ms. Marine.  I've taken the time to read all of

14   that, and I do not feel that you adequately prepared

15   these witnesses in the spirit of Rule 30(b)(6) on

16   behalf of the corporation.

17          For the most part, these witnesses' testimony

18   was limited to their open percipient knowledge.  You

19   were operating on the notion that that was okay,

20   because of prior agreements of the parties which they

21   deny they ever made.  I've read that entire record.

22          And my judgment is to grant the motion and

23   compel Mattel to produce, at your own expense,

24   properly educated and adequately prepared 30(b)(6)

25   witnesses to testify competently as to Mattel's

Exhibit _11_, Page_67_

1    knowledge on topics 2 through 8, 11 through 13, and

2    24.

3            Mattel shall produce no more than one

4    competent witness on any one topic.  Normally, you

5    have discretion on that point to produce one or more

6    witnesses.  But I believe there's been an abuse here,

7    de-facto not necessarily intentional.  And therefore,

8    my order says you shall produce no more than one

9    competent witness on any one topic.

10           You shall comply with this order by

11   January 28th of '08.  Failure to comply with this

12   order may result in preclusion of evidence orders at

13   trial pursuant to Rule 37.

14           MGA's motion for $32,000 in attorney time,

15   plus fees for bringing this motion, is denied.

16   Because it would be unjust, under the circumstances of

17   all the history leading up to this deposition, to

18   grant such motions.  I mean, such sanctions.  The only

19   penalty I'm putting you under is the deposition shall

20   be at your expense.  Meaning court reporter fees,

21   et cetera.

22           MR. COREY:  Correct.  That's what I understood.

23   If I may ask one question.

24           JUDGE INFANTE:  Sure.

25           MR. COREY:  The --

83

Exhibit _11_ , Page _68_

1          JUDGE INFANTE:  You may prepare the order.

2    I'm denying the motion as to 41.  I find the testimony

3    is adequate.

4          MR. COREY:  But by this order, the Court is

5    not compelling Mattel to provide information subject

6    to the protective order to its witnesses to prepare

7    them?

8          JUDGE INFANTE:  I'm not speaking to that.

9          You have my order.

10          MR. COREY:  Thank you, Your Honor.

11          JUDGE INFANTE:  You may prepare the order.

12    Any questions regarding what my order was?  You want

13    me to repeat it?  I'll repeat it again.

14          MR. TRINIDAD:  Certainly, Your Honor.

15          JUDGE INFANTE:  Mattel shall produce, at its

16    own expense, properly educated and adequately prepared

17    Rule 30(b)(6) witnesses to testify competently as to

18    Mattel's knowledge on topics 2 through 8, 11 through

19    13, and 24, period.  Mattel shall produce no more than

20    one competent witness on any one topic.

21          The motion is denied as to Topics 20 -- I'm

22    sorry, 41 and Zeus, that's Z-e-u-s.  Failure to comply

23    with this order may result in preclusion of evidence

24    offered by Mattel at trial pursuant to Rule 37.

25          All motions for monetary sanctions are

84

Exhibit _11_, Page_169_

1    denied, because the Court would find it is unjust

2    under the circumstances of this case to award such

3    monetary sanctions.

4            Compliance by January 28th of '08.

5            MR. TRINIDAD:  Thank you, Your Honor.

6            JUDGE INFANTE:  Okay.

7            MR. ALGER:  And again, Your Honor, for

8    clarity, when you say "at Mattel's expense," we're

9    talking about costs, not attorneys' fees?

10           JUDGE INFANTE:  Correct.

11           MR. ALGER:  Thank you.

12           JUDGE INFANTE:  Okay.  One more motion to be

13   heard.  This is Motion No. 15, Mattel's Motion to

14   Enforce the Court's Discovery Orders and to Overrule

15   Improper Instructions and For Sanctions.  This

16   pertains to 30(b)(6) witnesses produced by MGA,

17   Lisa Tonnu, T-o-n-n-u, Kenneth Lockhart, Rebecca Harris,

18   Spencer Woodman on 16 noticed topics.

19           You may proceed.

20           MR. COREY:  Thank you, Your Honor.  Jon Corey.

21   There is a lot of paper associated with this motion.

22   Is there anything in particular that you would like me

23   to address?

24           JUDGE INFANTE:  No.

25           MR. COREY:  I will make this very brief,

85

Exhibit _11_ , Page _170_

1    then.

2              JUDGE INFANTE:  My intent is to grant your

3    motion in part, substantially in part.

4              MR. COREY:  With that, I'll submit then.

5              JUDGE INFANTE:  Let me just give you the

6    tentative to save you some trouble.

7              MR. COREY:  Thank you.

8              JUDGE INFANTE:  Tentatively, as to Topic No.

9    11, Rebecca Harris didn't do the job.  Topic 13, same.

10   Topic 14, same.  Topic 19, the same.  Topic 21, the

11   same.  Topic 23, hold off on that.  And on Topic 25,

12   Ms. Tonnu, T-o-n-n-u, was inadequate.

13             I'm inclined to deny your motion as to

14   Topic 27.  I believe Ms. Harris' preparation and

15   testimony regarding Topic 27 was adequate enough.  And

16   I don't think burdening the expense of conducting a

17   further deposition on this topic substantially

18   outweighs the potential relevance of additional

19   testimony you're seeking.  So I would be inclined to

20   deny as to Topic 27.

21             With respect to Topic 28, I'm inclined to

22   deny.  The same reason, same language.

23             With respect to Topic 31, I'm inclined to

24   grant your motion.

25             And with respect to Topic 34 and Mr. Spencer

Exhibit // ; Page /7/

1   Woodman, I'm inclined to -- to grant your motion.

2   Because, for three reasons:  He was given improper

3   instructions not to answer.  Secondly, he did not

4   provide any testimony as to Exhibits 500, 502, 548,

5   580 to 584 and 590.  And thirdly, as to Topic 34, a

6   blanket privilege claim is inappropriate.  It would

7   have to be dealt with on a question-by-question basis.

8   For those reasons, Mattel would be entitled to an

9   order compelling MGA to produce witnesses, adequately

10  prepared witnesses on Topic 34.

11          On Topic 39, I'm inclined to grant the motion

12  in part regarding document collection of hard copy and

13  electronic documents.  Otherwise, I believe MGA has

14  substantially complied with Topic 39.  And the burden

15  and the expense of reopening 39, beyond what I just

16  indicated, is outweighed by the likely benefit of the

17  time spent.

18          With respect to Topic 40, I believe

19  Ms. Tonnu's preparation for the deposition was

20  reasonable under the circumstances and her testimony

21  was adequate.  But there may be more Mattel employees

22  at MGA who may have relevant information on this

23  subject.

24          So I'm inclined to grant your -- I mean,

25  I think she did a good job, but I think you're

87

Exhibit _11_ , Page _172_

1    entitled to more.   I think there's more knowledge

2    within the corporation that you should be entitled to

3    pursue.   So I would grant No. 40 as well.

4              As to No. 41, I haven't decided that.

5              When we get into specific instructions not to

6    answer questions on a question-by-question basis,

7    which was attached in the separate statement number 2,

8    I have not made a specific ruling as to each and every

9    question.   And finally, I think there should be some

10   time limitations for a redeposition time.   I mean,

11   hours.   That's kind of my overall impression, if that

12   gives you any focus.

13             MR. COREY:   It does.   It does give a

14   significant amount of focus.   But Your Honor had put

15   off 23, is that --

16             JUDGE INFANTE:   Oh, yeah.   Let me go back to

17   that.

18             Yeah, I would include number 23 in the order.

19   But I would cap my order with a time limitation for

20   all topics that I'm granting you a revisit on.

21             MR. COREY:   And would that be -- I mean, with

22   respect to a couple of things I want to say about

23   Topic 41, I'm prepared to submit on this.   But I would

24   like to -- I do think we're -- Mattel has spent a lot

25   of time asking questions of these people, but has not

88

Exhibit //, Page 73

1   gotten very far.  And so I would request, with respect

2   to Ms. Tonnu's deposition, or whoever the designee

3   would be on that, that Mattel be given a day with

4   respect to the topics that are the issue in this

5   motion.  And she's also been designated on, I believe,

6   four additional topics.

7          JUDGE INFANTE:  Yes.

8          MR. COREY:  And so I think between those, if

9   my math is right, I think that's eight topics, I think

10  Mattel should get two days of deposition for those

11  eight topics.

12         And I think with respect to the topics that

13  Ms. Harris was designated on, MGA had initially --

14         JUDGE INFANTE:  Yeah.  That one, I'm inclined

15  to give you like four hours.

16         MR. COREY:  On Ms. Harris?

17         JUDGE INFANTE:  Yeah, for everything.  Clean

18  it up.

19         MR. COREY:  That should be fine.  I don't --

20  I don't believe she's been designated on anything

21  else, so I think that should be fine.

22         And I think that would leave Mr. Woodman on

23  Topic No. 34.  I think we're entitled to at least -- I

24  would request six hours with respect to Mr. Woodman.

25         JUDGE INFANTE:  Okay.  Thank you.

Exhibit  //  , Page 174

1          MR. COREY:  And then I'll await your decision

2    with respect to Topic No. 41.  And I understand

3    the Court is going to do that on a

4    question-by-question basis.

5          JUDGE INFANTE:  Yeah, I just haven't finished

6    it.

7          MR. COREY:  I know.  I just reiterate that

8    with respect -- Mattel's position is that it's not

9    seeking the results of Mr. Speckin's tests, whatever

10   they were.  But it is important.  And frankly, I think

11   there's been a waiver because there's been a

12   disclosure of the documents that he tested and the

13   tests that he ran.  And those facts, the facts related

14   to both of those, I think are now fair game.  And

15   they're important for Mattel to know before it

16   conducts its testing.

17         Those were the topics.  There were some other

18   issues that we put at play including the documents

19   that Mr. Lockhart reviewed to prepare for his

20   deposition.  I don't know if the Court wants to hear

21   argument on that, but --

22         JUDGE INFANTE:  I think you should submit on

23   that.  I don't know what else you can say.

24         MR. COREY:  I'm just trying to make sure

25   I don't forget anything like I did before.  So with

90

Exhibit _11_, Page _175_

1    that, I'm prepared to submit, Your Honor.

2              JUDGE INFANTE:  Okay.  Thank you.

3              MR. KENNEDY:  Obviously, Your Honor, I have

4    to agree with a lot of what you said since we had

5    already agreed to produce people with regard to a

6    number --

7              JUDGE INFANTE:  Sure.

8              MR. KENNEDY:  -- of the topics.  There's

9    always the devil in the details.  And what I'm

10   concerned about is when we get in there, we're going

11   to hear Judge Infante granted our motion in its

12   entirety.

13             And for example, in Mattel's reply memo at

14   pages 4 and 5, they set forth what presumably are

15   their examples of the most egregious offenses here.

16   For example, on Topic No. 11 their complaint is that

17   Ms. Harris could not identify any of the boards shown

18   to retailers.  We're talking about going back to 2000,

19   making house calls, and that she wasn't there.

20             As far as I know, there is nobody at MGA who

21   was part of the personal team that did it.  But even

22   if they were, to say which PowerPoint slides or boards

23   did you show.

24             JUDGE INFANTE:  The way you make your record

25   at any such deposition, particularly when you're

Exhibit _11_, Page_176_

1    dealing with things that are a few years old, is you

2    put on the record everything that the witness did to

3    prepare for the deposition and what was available and

4    not available.  And then the Court has a record to

5    determine reasonableness.  But on the record I have

6    examined so far, I don't think there was adequate

7    preparation.  If I had another record in front of me,

8    I might decide otherwise.

9           MR. KENNEDY:  And I'm not quarreling with the

10   ruling, I just know how creative our opponents are and

11   particularly anything that was cited specifically.

12   And I'm just worried about hearing a ruling that

13   Judge Infante specifically said Ms. Harris should know

14   which boards were shown to each retailer.  I'm just

15   trying to make sure that nobody is under that

16   misimpression.

17          For Topics 13 and 14 and 27 and 28.  Their

18   complaint that they cite about 13 and 14 is that

19   Ms. Harris knew nothing about distribution agreements

20   that had been negotiated in 2000.  And of course

21   that's what Mattel contends in this case.  Her

22   testimony was she searched thoroughly and the first

23   agreement was with the Spanish distributor --

24          JUDGE INFANTE:  Right.

25          MR. KENNEDY:  -- et cetera.  This sounds

Exhibit *11* , Page *177*

1    almost as though they're seeking an order to compel

2    preparation of a witness who will subscribe to your

3    opponent's theory of the case.

4           Because in 27 and 28, the same thing happens

5    with regard to Elise Cloonan, that we didn't have any

6    record of payments that we had made to her for the

7    reason that we deny there were any payments and she

8    denies receiving any payments.

9           So again, my concern is just that where these

10   were highlighted, as to what was really wrong with the

11   witnesses.  And just trying to figure out how we craft

12   an order that doesn't have Your Honor saying yes, you

13   have to do all of this?

14          JUDGE INFANTE:  I think I will issue my order

15   on this one.  It probably won't be ready for a few days.

16          MR. KENNEDY:  And if I might, on that same

17   vein, on Topic 34, that asks for all documents or all

18   sworn statements that relate to Bratz.  At page 27 and

19   28 of the reply memo, they complain that we weren't

20   prepared to talk about Exhibit 501, which was an

21   office action of the government because it relates to

22   sworn statements.

23          Now, it's only shifting one word, but the P

24   is under a very different shell.  It was sworn

25   statements that relate to Bratz and the motion wants

Exhibit //, Page 72

1   an order that we have to have somebody knowledgeable

2   on all documents that relate to a sworn statement, a

3   careful reordering.

4          So obviously, we're not quarreling, we

5   already agreed that there needed to be

6   supplementation.  We can't defend the objections that

7   were made, but I am concerned about the Bratz.  So

8   with that in mind, I'm prepared to submit.

9          JUDGE INFANTE:  Okay.  I appreciate that.

10         I think there should be some time

11  limitations.  And I've indicated on Harris, I think it

12  should be capped at four hours.  On Tonnu, I don't

13  have any time limitation at all.  I should just let

14  nature take its course, I guess.  Because you've

15  agreed to bring her back.

16         MR. KENNEDY:  Agreed to bring her back for a

17  day.

18         JUDGE INFANTE:  For a day.

19         MR. KENNEDY:  Yes.

20         MR. COREY:  And they've agreed to bring her

21  back for a day for not only the topics that are at

22  issue in this motion --

23         JUDGE INFANTE:  Right.

24         MR. COREY:  -- but the additional topics on

25  which she's designated.

94

Exhibit  11 , Page 179

1              JUDGE INFANTE:  Right.  You've got additional

2    topics.

3              MR. COREY:  That's the basis for the request.

4              JUDGE INFANTE:  I think two days is

5    excessive.  That's my impression.  And I can't judge

6    whether a day is enough time or not, because I don't

7    know what she knows and what you're going to ask her

8    on the new topics.  But I think you're entitled to a

9    half day on what has been covered here.

10             MR. COREY:  Before she had been designated on

11   the additional topics, MGA agreed to produce her for

12   two days.  And the Court has seen those transcripts.

13             JUDGE INFANTE:  I don't know that I read that

14   the same way you do.

15             MR. COREY:  This is -- in MGA's own

16   estimation, they thought it would take two days to

17   cover just the topics in the motion.

18             JUDGE INFANTE:  I'd rather not speak to that,

19   because I can't judge how much time it will take.

20             MR. COREY:  I don't think four hours is

21   sufficient for the specific topics that she's covered.

22   And I'd ask for a day for that.

23             JUDGE INFANTE:  Well, I'm not going to put

24   any time limit on her.  I'm putting a four-hour time

25   limit on Harris.

95

Exhibit _11_, Page _180_

1          MR. COREY:  Thank you, Your Honor.

2          And then respectfully, what I request is that

3     the same order be entered for this motion as was

4     entered on the prior motion.  I think that's

5     completely appropriate.

6          JUDGE INFANTE:  With respect?

7          MR. COREY:  With respect to the objections on

8     the topics and the preparation.

9          JUDGE INFANTE:  Okay.  I'll take this under

10    submission.  I gave you some tentative rulings.  I'll

11    take it under submission.  It might be a week before

12    I get a ruling out.

13         MR. KENNEDY:  And if at all possible, we

14    would urge the Court to impose time limits.  Whatever

15    you do, it's going to be less than what they're going

16    to need.  I mean, we've had cases here where they're

17    averaging four topics a day or whatever.  So we would --

18         JUDGE INFANTE:  I'll consider it.

19         MR. KENNEDY:  -- invite time limits.

20         JUDGE INFANTE:  It's under submission.

21         MR. COREY:  Thank you, Your Honor.

22         JUDGE INFANTE:  Okay.  I think that concludes

23    our hearing today.  So we're off the record.

24

25

Exhibit //, Page 191

1    I, the undersigned, a Certified Shorthand

2  Reporter of the State of California, do hereby certify:

3    That the foregoing proceedings were taken

4  before me at the time and place herein set forth; that

5  any witnesses in the foregoing proceedings, prior to

6  testifying, were duly sworn; that a record of the

7  proceedings was made by me using machine shorthand

8  which was thereafter transcribed under my direction;

9  that the foregoing transcript is a true record of the

10  testimony given.

11    Further, that if the foregoing pertains to

12  the original transcript of a deposition in a Federal

13  Case, before completion of the proceedings, review of

14  the transcript [  ] was [  ] was not requested.

15    I further certify I am neither financially

16  interested in the action nor a relative or employee

17  of any attorney or party to this action.

18    IN WITNESS WHEREOF, I have this date

19  subscribed my name.

20

21  Dated: _____JAN - 4 2008_____

22

23    ~~Dana M Freed~~

24    DANA M. FREED
       CSR No. 10602

25

Exhibit 11 , Page 182

# EXHIBIT 12

RE: bratz-p Prop Order re Bandying (POST HEARING)_v1.DOC
Case 2:04-cv-09049-DOC-RNB Document 4627-5 Filed 01/24/08 Page 32 of 59 Page ID of 2
#:21784

| From: | Jon Corey |
|---|---|
| Sent: | Thursday, January 10, 2008 2:30 PM |
| To: | 'John E. Trinidad' |
| Cc: | 'Park, Amy'; 'Matthew Werdegar'; Dylan Proctor; 'Mumford, Marcus'; Michael T Zeller |
| Subject: | RE: bratz-p Prop Order re Bandying (POST HEARING)_v1.DOC |
| Attachments: | 2348949_bratz-p Prop Order re Bandying (POST HEARING - 1-10-08.DOC |

John,

Please see the attached comments which comport with the relief that MGA/Bryant sought in its motion.

Best regards,


Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above.  This message may be an attorney-client communication and/or work product and as
such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible
for delivering it to the intended recipient, you are hereby notified that you have received this document in error
and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have
received this communication in error, please notify us immediately by e-mail, and delete the original message.




**From:** John E. Trinidad [mailto:JTrinidad@kvn.com]
**Sent:** Thursday, January 10, 2008 12:47 PM
**To:** Jon Corey
**Cc:** Park, Amy; Matthew Werdegar; Dylan Proctor; Mumford, Marcus; Michael T Zeller
**Subject:** RE: bratz-p Prop Order re Bandying (POST HEARING)_v1.DOC

Jon:

I have not heard from you regarding the attached draft.  Please confirm that it is acceptable. I plan to send to
Judge Infante by 4 p.m

-John


<<bratz-p Prop Order re Bandying (POST HEARING)_v1.DOC¤>>

Exhibit _12_, Page _183_

1/23/2008

**From:**   John E. Trinidad
**Sent:**   Wednesday, January 09, 2008 6:59 PM
**To:**   'joncorey@quinnemanuel.com'
**Cc:**   'Park, Amy'; Matthew Werdegar; dylanproctor@quinnemanuel.com
**Subject:**   RE: bratz-p Prop Order re Bandying (POST HEARING)_v1.DOC

Jon:

I have not heard back form you regarding the language in the attached proposed order. We would like to submit this to Judge Infante by mid-day tomorrow.

Please let me know when you've had a chance to review, and if you have any comments.

Thanks,
-John

<< File: bratz-p Prop Order re Bandying (POST HEARING)_v1.DOC¤ >>

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                   EASTERN DIVISION

11

12  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                          (consolidated with CV 04-9059 & 05-
13                     Plaintiff,         2727

14       v.                               [PROPOSED] ORDER GRANTING
                                          IN PART MGA ENTERTAINMENT
15  MATTEL, INC. a Delaware               INC.'S AND CARTER BRYANT'S
    Corporation,                          JOINT NOTICE OF MOTION TO
16                                        COMPEL RE: MATTEL'S
                       Defendant.         BANDYING OF 30(B)(6)
17                                        WITNESSES

18  CONSOLIDATED WITH MATTEL,
    INC., v. BRYANT and MGA
19  ENTERTAINMENT, INC. v.
    MATTEL, INC.
20

21

22

23

24

25

26

27

28                              Exhibit _12_, Page _185_

1    Having considered MGA Entertainment Inc.'s and Carter Bryant's Joint

2  Motion to Compel re: Mattel's Bandying of 30(b)(6) ~~w~~Witnesses (the "Motion")

3  and all other papers and arguments submitted in support of or opposition to the

4  Motion, and finding good cause therefore,

5    **IT IS HEREBY ORDERED THAT:**

6    1.____  The Motion is **GRANTED** as to Topics 2-8, 11-13, and 24 of Carter

7         Bryant's Rule 30(b)(6) Notice of Deposition.  Accordingly, Mattel

8         shall produce~~, at its own expense,~~ properly educated and adequately

9         prepared Rule 30(b)(6) witnesses to testify competently as to Mattel's

10        knowledge on Topics 2—–8, 11-–13, and 24.  Mattel shall produce

11        no more than one competent witness on any one topic.

12        <u>Notwithstanding the above, Mattel shall not be required to:</u>

13        (a)   <u>reproduce witnesses who have already testified on behalf of</u>

14              <u>Mattel on Topics 2-8, 11-13 and 24 unless those witnesses</u>

15              <u>possess  personal knowledge of Mattel on those Topics (with</u>

16              <u>the personal knowledge of each said witness being measured at</u>

17              <u>the time when his or her deposition was taken);</u>

18        (b)   <u>produce a witness or witnesses to testify about information that</u>

19              <u>Mattel knows solely as a result of discovery taken in this case;</u>

20              <u>or</u>

21        (c)   <u>produce a witness to testify about information that is responsive</u>

22              <u>to the Topics but which is not relevant to any claim or defense</u>

23              <u>asserted by the parties in this litigation (so, by way of a non-</u>

24              <u>limiting example, Mattel is not obligated to produce a witness</u>

25              <u>to testify about Mattel confidential information to which Carter</u>

26              <u>Bryant had access while employed by Mattel but with respect to</u>

27              <u>which there is no allegation in this case that Carter Bryant</u>

28              <u>improperly used such information, or a witness to testify about</u>

1

Exhibit **12**, Page **86**

1  aspects of the DIVA STARZ products that Mattel does not

2  contend is evidence of copying or timing of Bratz, such as

3  electrical or mobility engineering).

4  2.2.   The Motion is **DENIED** as to tTopics 41 and "Zeus."

5  3.3.   Failure to comply with this order may result in preclusion of evidence

6  offered by Mattel at trial, pursuant to Federal Rules of Civil Procedure

7  37.

8  4.All motions for monetary sanctions are **DENIED**, because the Court

9  would find it is unjust under the circumstances of this case to award

10  such monetary sanctions.  Any reporter or videographer costs incurred

11  in connection with the deposition of a witness on Topics 2-8, 11-13

12  and 24 shall be borne by Mattel.

13  5.5.   Mattel shall comply with this order by January 28, 2008.

Exhibit 12 , Page 187

[PROPOSED] ORDER GRANTING MGA ENTERTAINMENT INC.'S AND CARTER BRYANT'S JOINT
NOTICE OF MOTION TO COMPEL RE: MATTEL'S BANDYING OF 30(B)(6) WITNESSES
CASE NO. CV 04-09049 SGL (RNBx)

1   Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a

2   Discovery Master, Carter Bryant shall file this Order with the Clerk of the

3   Court forthwith.

4   **IT IS SO ORDERED.**

5   Dated: January _____, 2008

6

7   By: _____

8        HON. EDWARD A. INFANTE
         Discovery Master

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit *2* , Page *88*

3

# EXHIBIT 13

## Rachel Fiset

| | |
|---|---|
| **From:** | Jon Corey |
| **Sent:** | Friday, January 11, 2008 2:23 AM |
| **To:** | 'Chan Sandra' |
| **Cc:** | 'Matthew Werdegar'; 'Mumford, Marcus'; 'Park, Amy'; 'Christa Anderson'; Dylan Proctor; Timothy Alger; Michael T Zeller; 'John E. Trinidad' |
| **Subject:** | RE: MGA/Bryant Motion re Bandying - Proposed Order |

**Attachments:** 2348949_bratz-p Prop Order re Bandying (POST HEARING - 1-10-08.DOC

Ms. Chan,

In response to Mr. Trinidad's e-mail message, please advise Judge Infante that Mattel was making an effort to
come to a final agreement on the form of order so as to avoid any further disputes over the topics at issue. Mattel
endeavored to do so using language that MGA and Bryant had proposed during the parties' efforts to reach an
agreement on some of the issues raised by this motion. For the convenience of Judge Infante, I have attached
the form of order that Mattel had proposed to counsel for Bryant and MGA. If you or Judge Infante have any
questions, please do not hesitate to contact me.

Best regards,

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above.  This message may be an attorney-client communication and/or work product and as
such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible
for delivering it to the intended recipient, you are hereby notified that you have received this document in error
and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have
received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** John E. Trinidad [mailto:JTrinidad@kvn.com]
**Sent:** Thursday, January 10, 2008 4:52 PM
**To:** Chan Sandra
**Cc:** Matthew Werdegar; Mumford, Marcus; Park, Amy; Christa Anderson; Dylan Proctor; Timothy Alger; Jon
Corey; Michael T Zeller
**Subject:** MGA/Bryant Motion re Bandying - Proposed Order

Dear Ms. Chan:

Attached, please find the proposed order that Judge Infante asked Carter Bryant to prepare and submit.  Counsel

**Exhibit 13, Page 189**

for MGA has approved this order as to form. Mattel, however, has refused to accept the form of the attached proposed order.

The attached proposed order comports with the express language of Judge Infante's ruling during the January 3, 2008 hearing. For your convenience, we have also attached a PDF containing the relevant excerpts from the transcripts, and would particularly like to point to the following passage, found at 84:9-85:11

> JUDGE INFANTE: I'm not speaking to that.
> You have my order.
> MR. COREY: Thank you, Your Honor.
> JUDGE INFANTE: You may prepare the order.
> Any questions regarding what my order was? You want
> me to repeat it? I'll repeat it again.
> MR. TRINIDAD: Certainly, Your Honor.
> JUDGE INFANTE: Mattel shall produce, at its
> own expense, properly educated and adequately prepared
> Rule 30(b)(6) witnesses to testify competently as to
> Mattel's knowledge on topics 2 through 8, 11 through
> 13, and 24, period. Mattel shall produce no more than
> one competent witness on any one topic.
> The motion is denied as to Topics 20 — I'm
> sorry, 41 and Zeus, that's Z-e-u-s. Failure to comply
> with this order may result in preclusion of evidence
> offered by Mattel at trial pursuant to Rule 37.
> All motions for monetary sanctions are
> denied, because the Court would find it is unjust
> under the circumstances of this case to award such
> monetary sanctions.
> Compliance by January 28th of '08.
> MR. TRINIDAD: Thank you, Your Honor.
> JUDGE INFANTE: Okay.
> MR. ALGER: And again, Your Honor, for
> clarity, when you say "at Mattel's expense," we're
> talking about costs, not attorneys' fees?
> JUDGE INFANTE: Correct.
> MR. ALGER: Thank you.

Thank you for your attention to this matter.

Warm regards,
-John
<<2007 01 03 Excerpt from Hearing Transcript.pdf>> <<bratz-p Prop Order re Bandying (FINAL)_v1.DOC¤>>
John E. Trinidad
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94114
(415) 391-5400
jtrinidad@kvn.com
This message is intended only for the use of the individual or entity to whom it is addressed. The message is confidential and may contain attorney-client information, attorney work product or other privileged information. If you are not the intended recipient, you are hereby notified that any use or dissemination of this message is strictly prohibited. If you received this message in error, please notify the sender by replying to the message. When complete, please delete the original message. Thank you.

<<John E. Trinidad.vcf>>

Exhibit 3, Page 191

1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                         (consolidated with CV 04-9059 & 05-
13                          Plaintiff,   2727

14       v.                              **[PROPOSED] ORDER GRANTING
                                         IN PART MGA ENTERTAINMENT
15  MATTEL, INC. a Delaware              INC.'S AND CARTER BRYANT'S
    Corporation,                         JOINT NOTICE OF MOTION TO
16                                       COMPEL RE: MATTEL'S
                            Defendant.   BANDYING OF 30(B)(6)
17                                       WITNESSES**

18  CONSOLIDATED WITH MATTEL,
    INC., v. BRYANT and MGA
19  ENTERTAINMENT, INC. v.
    MATTEL, INC.
20

21

22

23

24

25

26

27

28                                       Exhibit 13, Page 192

---

Having considered MGA Entertainment Inc.'s and Carter Bryant's Joint Motion to Compel re: Mattel's Bandying of 30(b)(6) ~~w~~Witnesses (the "Motion") and all other papers and arguments submitted in support of or opposition to the Motion, and finding good cause therefore,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is **GRANTED** as to Topics 2-8, 11-13, and 24 of Carter Bryant's Rule 30(b)(6) Notice of Deposition.  Accordingly, Mattel shall produce~~, at its own expense,~~ properly educated and adequately prepared Rule 30(b)(6) witnesses to testify competently as to Mattel's knowledge on Topics 2–8, 11–13, and 24.  Mattel shall produce no more than one competent witness on any one topic. Notwithstanding the above, Mattel shall not be required to:

    (a)    reproduce witnesses who have already testified on behalf of Mattel on Topics 2-8, 11-13 and 24 unless those witnesses possess  personal knowledge of Mattel on those Topics (with the personal knowledge of each said witness being measured at the time when his or her deposition was taken);

    (b)    produce a witness or witnesses to testify about information that Mattel knows solely as a result of discovery taken in this case; or

    (c)    produce a witness to testify about information that is responsive to the Topics but which is not relevant to any claim or defense asserted by the parties in this litigation (so, by way of a non-limiting example, Mattel is not obligated to produce a witness to testify about Mattel confidential information to which Carter Bryant had access while employed by Mattel but with respect to which there is no allegation in this case that Carter Bryant improperly used such information, or a witness to testify about

1

1        aspects of the DIVA STARZ products that Mattel does not

2        contend is evidence of copying or timing of Bratz, such as

3        electrical or mobility engineering).

4    ~~2.~~2.   The Motion is **DENIED** as to ~~t~~Topics 41 and "Zeus."

5    ~~3.~~3.   ~~Failure to comply with this order may result in preclusion of evidence~~

6        ~~offered by Mattel at trial, pursuant to Federal Rules of Civil Procedure~~

7        ~~37.~~

8    4.All motions for monetary sanctions are **DENIED,** because the Court

9        would find it is unjust under the circumstances of this case to award

10       such monetary sanctions.  Any reporter or videographer costs incurred

11       in connection with the deposition of a witness on Topics 2-8, 11-13

12       and 24 shall be borne by Mattel.

13   ~~5.~~5.   Mattel shall comply with this order by January 28, 2008.

Exhibit 13 , Page 194

1    Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a

2    Discovery Master, Carter Bryant shall file this Order with the Clerk of the

3    Court forthwith.

4    **IT IS SO ORDERED.**

5    Dated: January _____, 2008

6

7                                              By: _____

8                                                  HON. EDWARD A. INFANTE
                                                    Discovery Master
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

[PROPOSED] ORDER GRANTING MGA ENTERTAINMENT INC.'S AND CARTER BRYANT'S JOINT
NOTICE OF MOTION TO COMPEL RE: MATTEL'S BANDYING OF 30(B)(6) WITNESSES
CASE NO. CV 04-09049 SGL (RNBx)

# EXHIBIT 14

KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727 |
| Plaintiff, | |
| v. | [PROPOSED] ORDER GRANTING IN PART MGA ENTERTAINMENT INC.'S AND CARTER BRYANT'S JOINT NOTICE OF MOTION TO COMPEL RE: MATTEL'S BANDYING OF 30(B)(6) WITNESSES |
| MATTEL, INC, a Delaware Corporation, | |
| Defendant. | |
| CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

1-11

408784.01

Exhibit 14, Page 196

Having considered MGA Entertainment Inc.'s and Carter Bryant's Joint
Motion to Compel re: Mattel's Bandying of 30(b)(6) witnesses (the "Motion") and
all other papers and arguments submitted in support of or opposition to the Motion,
and finding good cause therefore,

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is **GRANTED** as to Topics 2-8, 11-13, and 24 of
    Carter Bryant's Rule 30(b)(6) Notice of Deposition.  Accordingly,
    Mattel shall produce, at its own expense, properly educated and
    adequately prepared Rule 30(b)(6) witnesses to testify competently
    as to Mattel's knowledge on Topics 2 – 8, 11 – 13, and 24.  Mattel
    shall produce no more than one competent witness on any one
    topic.

2.  The Motion is **DENIED** as to topics 41 and "Zeus."

3.  Failure to comply with this order may result in preclusion of
    evidence offered by Mattel at trial, pursuant to Federal Rules of
    Civil Procedure 37.

4.  All motions for monetary sanctions are **DENIED**, because the
    Court would find it is unjust under the circumstances of this case to
    award such monetary sanctions.   Any reporter or videographer
    costs incurred in connection with the deposition of a witness on
    Topics 2-8, 11-13 and 24 shall be borne by Mattel.

5.  Mattel shall comply with this order by January 28, 2008.

408784.01

Exhibit 14 , Page 197

1      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a

2   Discovery Master, Carter Bryant shall file this Order with the Clerk of the Court

3   forthwith.

4      **IT IS SO ORDERED.**

5   Dated: January _11_, 2008

6

7                                    By: _Edward A. Infante_

8                                        HON. EDWARD A. INFANTE
                                         Discovery Master

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

408784.01

Exhibit 14, Page 198

## <u>PROOF OF SERVICE BY E-MAIL</u>

I, Sandra Chan, not a party to the within action, hereby declare that on January 11, 2008, I served the attached ORDER GRANTING IN PART MGA ENTERTAINMENT INC.'S AND CARTER BRYANT'S JOINT NOTICE OF MOTION TO COMPEL RE: MATTEL'S BANDYING OF 30(B)(6) WITNESSES in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on January 11, 2008, at San Francisco, California.

Sandra Chan

Exhibit 14, Page 199

# EXHIBIT 15

RECEIVED

JAN 2 2 2008

# OVERLAND BORENSTEIN SCHEPER & KIM LLP

Alexander H. Cote
(213) 613-4660
acote@obsklaw.com

January 17, 2008

**VIA EMAIL AND U.S. MAIL**

Jon Corey
B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   *Bryant v. Mattel, Inc.,* and consolidated actions under Case No. CV 04-09049

Gentlemen:

As you know, I spoke with Mr. Proctor by telephone on Friday, January 11, 2008 regarding Mattel, Inc.'s Third Set of Requests for Admissions. I advised that Mattel had designated the entire set of requests as "Highly Confidential – Attorney's Eyes Only." I further advised that pursuant to Paragraph 6 of the Stipulated Protective Order, that designation prevented me from reviewing the requests with my client, Gustavo Machado.

As I informed you, Mr. Machado will be unable to substantively respond to your requests for admissions unless you advised in writing that you were waiving your designation of Attorney's Eyes Only. To date I have heard no response.

Since you have not responded, I can only assume that you wish to continue your designation of Attorney's Eyes Only, and therefore, Mr. Machado cannot offer any substantive response to your Third Set of Requests for Admissions. Please do not hesitate to contact me if you have any questions or concerns.

Very truly yours,

Alexander H. Cote
OVERLAND BORENSTEIN SCHEPER & KIM LLP

cc:   Thomas J. Nolan, Esq.
      Michael Page, Esq.

300 South Grand Avenue • Suite 2750 • Los Angeles, CA 90071-3144
Telephone (213) 613-4655 • Facsimile (213) 613-4656

Exhibit 5, Page 200

# EXHIBIT 16

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:     tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   TIMOTHY A. MILLER (Bar No. 154744)
6  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   Four Embarcadero Center, 38th Floor
7  San Francisco, California 94111-5974
   Telephone:  (415) 984-6400
8  Facsimile:  (415) 984-2698
   E-mail:     rkennedy@skadden.com

9
   Attorneys for Cross-Defendants
10 MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
   MGAE De Mexico, S.R.L. De C.V., and ISAAC LARIAN

11
                  UNITED STATES DISTRICT COURT
12
                  CENTRAL DISTRICT OF CALIFORNIA
13
                       EASTERN DIVISION
14

15 CARTER BRYANT, an individual      ) CASE NO. CV 04-9049 SGL (RNBx)
                                     )
16          Plaintiff,               ) Consolidated with Case No. 04-9059
                                     ) and Case No. 05-2727
17    v.                             )
                                     ) **DISCOVERY MATTER**
18 MATTEL, INC., a Delaware          )
   corporation                       )
19                                   ) **MGA ENTERTAINMENT INC.'S**
            Defendant.               ) **OBJECTIONS TO FOURTH**
20                                   ) **NOTICE OF DEPOSITION OF**
   _____       ) **MGA ENTERTAINMENT, INC.**
21 Consolidated with MATTEL, INC. v. ) **PURSUANT TO FEDERAL RULE**
   BRYANT and MGA                    ) **OF CIVIL PROCEDURE 30(b)(6)**
22 ENTERTAINMENT, INC. v.            )
   MATTEL, INC.                      )
23                                   ) **Phase 1:**
                                     ) Discovery Cut-Off:   January 28, 2008
24                                   ) Pre-Trial Conference: May 5, 2008
                                     ) Trial Date:          May 27, 2008
25

26

27

28

1  would be extremely burdensome to prepare a corporate witness to testify on the
2  myriad of elements included within the defined term.  MGA is willing to meet and
3  confer regarding an appropriate modification and limitation of the term
4  "CONTESTED MATTEL ACCELERACERS PRODUCTS."
5      22.    MGA objects to the definition of the term "FORMER MATTEL
6  EMPLOYEES" (Definitions ¶ 31) because the definition includes the phrase,
7  "including but not limited to," which renders any Deposition Topic that incorporates
8  the definition "FORMER MATTEL EMPLOYEES" vague, ambiguous and not
9  drafted with reasonable particularity.  Thus, MGA objects to this definition and to
10  every Topic that incorporates it on the grounds that the Topic fails to describe with
11  reasonable particularity the matters noticed for examination, subjecting MGA to "an
12  impossible task.  To avoid liability, the noticed party must designate persons
13  knowledgeable in the areas of inquiry listed in the notice.  Where, as here, the
14  defendant cannot identify the outer limits of the area of inquiry noticed, compliant
15  designation is not feasible." Reed v. Bennett, 193 F.R.D. 689, 682 (D. Kan. 2000).
16  MGA is willing to meet and confer regarding an appropriate modification and
17  limitation of the terms "FORMER MATTEL EMPLOYEES."
18  **OBJECTIONS TO TOPICS OF EXAMINATION**
19      MGA objects to the following topics or matters on which examination is
20  requested in the Fourth 30(b)(6) Notice on the grounds stated below:
21  **Mattel's Topic No. 1:** The invention, creation, origin, conception, authorship,
22  design and development of the CONTESTED MGA PRODUCTS, including without
23  limitation the circumstances under which and the date(s) on which each occurred and
24  the IDENTITY and role(s) of each PERSON involved.
25  **MGA's Objection To Mattel's Topic 1:**  MGA incorporates by reference
26  herein its objections to the defined terms set forth above, including specifically its
27  objections to the terms "CONTESTED MGA PRODUCTS" and "IDENTITY" on the
28  grounds that the terms are defined overbroadly and therefore fail to describe with

-18-

1  reasonable particularity the matters on which examination is requested as set forth in

2  MGA's Objections to Definitions.  Given Mattel's overbroad and unduly burdensome

3  definition of IDENTITY and PERSON, MGA further objects to this Topic on the

4  grounds that it seeks details which are unsuited to a Rule 30(b)(6) deposition and that

5  other discovery devices are more efficient and less expensive.  To the extent it would

6  be possible to obtain the information and prepare a witness or witnesses to memorize

7  those details, if possible, such an exercise would be a waste of time and money.  See,

8  e.g., McCormick-Morgan, Inc. v. Teledyne Indus., 134 F.R.D. 275, 287 (N.D. Cal.)

9  ("[N]o one human being can be expected to set forth, especially orally in deposition,

10  a fully reliable and sufficiently complex account off all the bases for the contentions

11  made and positions taken . . . ."), rev'd in part on other grounds, 765 F. Supp. 611

12  (N.D. Cal. 1991).  MGA further objects to this Topic on the grounds that it fails to

13  describe with reasonable particularity the matters on which examination is requested

14  in that the Topic seeks testimony regarding the "invention, creation, origin,

15  conception, authorship, design and development" for potentially hundreds of

16  unspecified MGA products, and compounds this lack of particularity by using the

17  phrase "including without limitation," rendering the Topic unduly burdensome.  The

18  Topic subjects MGA to "an impossible task.  To avoid liability, the noticed party

19  must designate persons knowledgeable in the areas of inquiry listed in the notice.

20  Where, as here, the defendant cannot identify the outer limits of the area of inquiry

21  noticed, compliant designation is not feasible."  Reed v. Bennett, 193 F.R.D. 689,

22  682 (D. Kan. 2000).  MGA further objects to this Topic on the grounds that it seeks

23  MGA's contentions and Rule 30(b)(6) deposition topics should not be used in the

24  place of contention interrogatories to obtain the factual support for a party's claims

25  and defenses.  See, e.g., SmithKline Beecham Corp. v. Apotex Corp., 2000 WL

26  116082, at *9 (N.D. Ill. 2000); In re Independent Service Orgs. Antitrust Litig., 168

27  F.R.D. 651, 654 (D. Kan. 1996); McCormick-Morgan, Inc. v. Teledyne Indus., 134

28  F.R.D. 275, 286-87 (N.D. Cal.), rev'd in part on other grounds, 765 F. Supp. 611

-19-

1  (N.D. Cal. 1991). F.R.D. 275, 286-87 (N.D. Cal.), rev'd in part on other grounds,
2  765 F. Supp. 611 (N.D. Cal. 1991). MGA further objects to this Topic on the
3  grounds that it is unreasonably cumulative and duplicative in that it seeks discovery
4  Mattel has already requested through other means of discovery. See, e.g., CSX
5  Transp. v. Vela, 2007 WL 3334966, at *6 (S.D. Ind. 2007) (granting motion for
6  protective order party sought 30(b)(6) deposition on the same matters the noticed
7  party had previously answered in discovery because "additional testimony is unduly
8  burdensome"); McCormick-Morgan, 34 F.R.D. 275, 286-87 (there is "no reason to
9  permit the parties in this case to pursue the kind of information [at issue] through
10  more than one discovery device").

11  **Mattel's Topic No. 2:** Any revisions, modifications or changes made to any
12  of the CONTESTED MGA PRODUCTS, including without limitation any proposed
13  alternatives, modifications or changes (whether or not implemented) to such
14  CONTESTED MGA PRODUCTS, the date(s) on which such revisions,
15  modifications or changes were made or proposed and the reasons for their
16  implementation or non-implementation.

17  **MGA's Objection To Mattel's Topic No. 2:** MGA incorporates by reference
18  herein its objections to the defined terms set forth above, including specifically its
19  objections to the term "CONTESTED MGA PRODUCTS" on the grounds that the
20  term is defined overbroadly and therefore fail to describe with reasonable
21  particularity the matters on which examination is requested as set forth in MGA's
22  Objections to Definitions. MGA further objects to this Topic on the grounds that it
23  fails to describe with reasonable particularity the matters on which examination is
24  requested in that the Topic seeks testimony regarding the "[a]ny modifications or
25  changes" made to potentially hundreds of MGA products, (emphasis added), and
26  compounds this lack of particularity by using the phrase "including without
27  limitation," rendering the Topic unduly burdensome. The Topic subjects MGA to
28  "an impossible task. To avoid liability, the noticed party must designate persons

-20-

1  1996); <u>McCormick-Morgan, Inc. v. Teledyne Indus.</u>, 134 F.R.D. 275, 286-87 (N.D.

2  Cal.), <u>rev'd in part on other grounds</u>, 765 F. Supp. 611 (N.D. Cal. 1991).  MGA

3  further objects to this Topic on the grounds that it is unreasonably cumulative and

4  duplicative in that it seeks discovery Mattel has already requested through other

5  means of discovery.  <u>See, e.g.</u>, <u>CSX Transp. v. Vela</u>, 2007 WL 3334966, at *6 (S.D.

6  Ind. 2007) (granting motion for protective order party sought 30(b)(6) deposition on

7  the same matters the noticed party had previously answered in discovery because

8  "additional testimony is unduly burdensome"); <u>McCormick-Morgan</u>, 34 F.R.D. 275,

9  286-87 (there is "no reason to permit the parties in this case to pursue the kind of

10  information [at issue] through more than one discovery device").  MGA further

11  objects to this Topic on the grounds that it seeks legal conclusions, which are

12  inappropriate subjects for a 30(b)(6) deposition topic.  <u>See, e.g.</u>, <u>3M Co. v. Kanbar</u>,

13  2007 WL 1794936, at *2 (N.D. Cal. 2007) ("legal conclusions . . . should not form

14  the basis for 30(b)(6) deposition topics"); <u>Gross Int'l Ams., Inc. v. MAN Roland, Inc.</u>,

15  2006 WL 1134930, at *1 (D.N.H. 2006) (refusing to compel 30(b)(6) deponent in

16  patent case to answer questions about claim construction "because claim construction

17  is a question of law, and legal questions are not a proper subject for factual

18  discovery").

19       **Mattel's Topic No. 26**:  To the extent not disclosed in response to any other

20  Topic, all other facts RELATING TO any claim made by YOU against MATTEL or

21  the CONTESTED MATTEL PRODUCTS, and the IDENTITY of all PERSONS

22  with knowledge thereof.

23       **MGA's Objection To Mattel's Topic No. 26**:  MGA incorporates by

24  reference herein its objections to the defined terms set forth above, including

25  specifically its objections to the terms CONTESTED MATTEL PRODUCTS and

26  RELATING TO for the reasons set forth in MGA's Objections to Definitions.  Given

27  these overbroad and unduly burdensome definition, MGA further objects to this

28  Topic on the grounds that it seeks details which are unsuited to a Rule 30(b)(6)

1   **MGA's Objection To Mattel's Topic No. 102:**

2      MGA objects to this Topic on the grounds that it fails to describe with

3 reasonable particularity the subject matters on which examination is requested

4 because the Topic fails to define the vague and ambiguous subject matter of the

5 Topic, including "make-up, source, calculation and purpose of the amounts" for the

6 documents.

7

8 DATED:  January 17, 2008         SKADDEN, ARPS, SLATE, MEAGHER &
                                           FLOM, LLP

9

10

11                            By: _____
                                      TIMOTHY A. MILLER

12

13                            Attorneys for Cross-Defendants
                           MGA Entertainment, Inc., MGA

14                            Entertainment (HK) Limited,
                           MGAE De Mexico, S.R.L. De C.V.,

15                            and ISAAC LARIAN

16

17

18

19

20

21

22

23

24

25

26

27

28

-125-

Exhibit 16, Page 206