1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                 UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                       EASTERN DIVISION

12 | CARTER BRYANT, an individual,        | CASE NO. CV 04-9049 SGL (RNBx)
13 |          Plaintiff,                  | Hon. Stephen G. Larson
14 |     vs.                              | MATTEL, INC.'S *EX PARTE* APPLICATION FOR A STAY OF
15 | MATTEL, INC., a Delaware             | THE DISCOVERY MASTER'S
   | corporation,                         | JANUARY 11, 2008 ORDER
16 |                                      | GRANTING MGA'S AND
   |          Defendant.                  | BRYANT'S MOTION TO COMPEL
17 |                                      | RE: MATTEL'S ALLEGED
   |                                      | BANDYING OF 30(B)(6)
18 | AND CONSOLIDATED ACTIONS             | WITNESSES PENDING REVIEW OF
   |                                      | MATTEL'S OBJECTIONS
19

20                                        **Phase 1**
                                          Discovery Cut-off:     Jan. 28, 2008
21                                        Pre-trial Conference:  May 5, 2008
                                          Trial Date:            May 27, 2008
22

07209/2364025.1

Pursuant to Local Rule 7-19, Mattel, Inc. ("Mattel") respectfully submits this *ex parte* application seeking an order granting a stay of the Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel Re: Mattel's Alleged Bandying of 30(b)(6) Witnesses ("Order") pending the Court's review of Mattel's Objection to that Order.

Mattel makes this application on the grounds that the Discovery Master has ordered Mattel to comply with the Order by January 28, 2008 and failure to stay the Order will make this Court's review of the Order impossible. This Application is further made on the grounds that, as stated in Mattel's Objection, the Order contains four legal errors. See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995) (*ex parte* is warranted upon a showing of prejudice). As set forth at length further in Mattel's Objection and Memorandum submitted herewith, the Order puts Mattel in an impossible position:

- First, by its Objection, Mattel asks the Court to clarify that the Discovery Master did not force Mattel to make an impossible choice: either violate the Protective Order by educating its Rule 30(b)(6) witnesses with confidential MGA/Bryant documents, or violate the Discovery Master's Order by failing to produce Rule 30(b)(6) witnesses educated with "Mattel's knowledge," as MGA/Bryant construe that term. The Order compels Mattel to produce a single witness per topic to provide "Mattel's knowledge." MGA and Bryant have suggested that "Mattel's knowledge" includes MGA/Bryant confidential information that *Mattel* has never known, but that *Mattel's counsel* learned only through discovery. MGA and Bryant contend that Mattel must educate its witnesses regarding this confidential, discovery-only information, or be precluded from offering key information (such as MGA's covert payments to Bryant while still at Mattel) at trial. This Court's Protective Order, however,

prohibits Mattel from showing its designees MGA/Bryant confidential information -- virtually everything they have produced.  Mattel should not have to chose between risking preclusion and violating the Protective Order.

• Second, the Order should be clarified to confirm that it does not purport to overrule a prior Order in which Magistrate Judge Block narrowed the very same Rule 30(b)(6) deposition topics.  The topics at issue -- which include such overbroad subjects as all Mattel proprietary and confidential information Bryant saw during his years at Mattel or the development of DIVA STARZ, a completely distinct doll line -- were sensibly narrowed by the parties' agreement in 2005 and so-ordered by Magistrate Judge Block.  The Discovery Master lacked authority to override the May 4, 2005 Order, particularly in that the Discovery Master made no finding that Mattel had violated that or any other prior order.  The January 11, 2008 Order should make clear that it incorporates Magistrate Judge Block's Order as to these same topics, including the provision that Mattel need not produce a witness to testify to its legal contentions, just to facts.

• Third, the Order is contrary to law because it does not limit Mattel's obligation to prepare witnesses to the claims and defenses in these consolidated actions.  The Order needs to make clear that it does not purport to exceed the bounds of permissible discovery under Rule 26.

• Fourth, the Order purports to override Mattel's right under Rule 30(b)(6) to designate one <u>or more</u> witnesses to testify on its behalf.  The Order purports to compel Mattel to produce a single witness on each of a number of impossibly broad topics, a restriction not permitted by Rule 30(b)(6), Rule 37, or any other Federal Rule.

Mattel hereby respectfully requests that the Court stay Mattel's obligation to comply with the Order to permit the Court to review the errors assigned in Mattel's Objection, which Mattel has noticed for the Court's next available hearing date of March 3, 2008.

Pursuant to Local Rule 7-19, on January 23, 2008, Mattel's counsel gave notice of this Application and the relief being sought to counsel for Gustavo Machado, Alexander Cote of Overland Borenstein Sheper & Kim, LLP (telephone: 213-613-4660; address: 300 S. Grand Avenue, Los Angeles, CA 90071), counsel for MGA Entertainment, Inc., MGAE de Mexico, S.A. de C.R.L., MGA Entertainment (HK) Limited, and Isaac Larian (collectively "MGA"), Paul Eckles of Skadden, Arps, Slate, Meagher & Flom LLP (telephone: 212-735-2578; address: 4 Times Square, New York, NY 10036) and counsel for Carter Bryant ("Bryant"), Michael H. Page (telephone: 415-391-5400; address: 710 Sansome Street, San Francisco, CA 94111-1704). See Exhibit A hereto. Mr. Eckles responded by letter dated January 24, 2008, stating that MGA opposed the requested stay. See Exhibit B hereto. Counsel for Machado and Bryant did not respond to Mattel's letter.

Mattel's application is based on this Application, the accompanying Memorandum of Points and Authorities, the Notice of Objection and Memorandum of Points and Authorities in support of Mattel's Objection to the Discovery Master's January 11, 2008 Order, the Declaration of Jon Corey, the pleadings and other papers on file in this action, any such matters of which the Court may take judicial

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1 notice, and such further argument and evidence which may be presented at or before 2 a hearing.

3

4 DATED: January 24, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

5

6

7                                By    /s/ Jon Corey
                                       Jon Corey
                                       Attorneys for Mattel, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

Mattel must comply with the Discovery Master's January 11, 2008 Order and educate and produce witnesses educated to testify on Rule 30(b)(6) topics by January 28, 2008. Mattel has identified four legal errors in that Order and seeks a stay until the Court can rule on Mattel's Objection, which is noticed for March 3, 2008, the Court's next available hearing date.

The Order contains the following four legal errors that the Court should review and clarify before Mattel should be compelled to educate and produce more witnesses to testify on the topics at issue.

- As set forth further in its Objection filed herewith, the Order should be clarified so as not to force Mattel to make an impossible choice: either violate the Protective Order by educating its Rule 30(b)(6) witnesses with confidential MGA/Bryant documents, or violate the Discovery Master's Order by failing to produce Rule 30(b)(6) witnesses educated with "Mattel's knowledge," as MGA/Bryant construe that term. The Order compels Mattel to produce a single witness per topic to provide "Mattel's knowledge." MGA and Bryant have suggested that this includes confidential information that Mattel only learned through discovery. MGA and Bryant contend that Mattel must educate its witnesses regarding this confidential, discovery-only information, or be precluded from offering key information (such as MGA's covert payments to Bryant while still at Mattel) at trial. This Court's Protective Order, however, prohibits Mattel from showing its designees MGA/Bryant confidential information -- virtually everything they have produced. Mattel should not be placed in the position of having to choose between risking preclusion and violating the Protective Order.

- The Order should be clarified to confirm that it does not purport to overrule a prior Order in which Magistrate Judge Block narrowed the very same Rule 30(b)(6) deposition topics. The topics at issue were narrowed by the parties' agreement in 2005 and so-ordered by Magistrate Judge Block. The Discovery

Master lacked authority to override the May 4, 2005 Order. The Order should make clear that it incorporates Magistrate Judge Block's Order as to these same topics, including the provision that Mattel need not produce a witness to testify to its legal contentions, just to facts.

- The Order is contrary to law because it does not limit Mattel's obligation to prepare witnesses to the claims and defenses in these consolidated actions. The Order needs to make clear that it does not purport to exceed the bounds of permissible discovery under Rule 26.

- Finally, the Order purports to override Mattel's right under Rule 30(b)(6) to designate one *or more* witnesses to testify on its behalf. The Order purports to compel Mattel to produce a single witness on each of a number of impossibly broad topics, a restriction not permitted by Rule 30(b)(6), Rule 37, or any other Federal Rule.

There is good cause for a stay of the Order pending this Court's review of Mattel's Objection. "A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 880 n. 6 (1998) (citing Landis v. North American Co., 299 U.S. 248 (1936)). In determining whether to stay the Order's effect, the Court is to weigh competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th. Cir. 1962). Here, Mattel's interest in having its Objection heard and in obtaining a ruling clarifying the Order outweighs any interest MGA/Bryant may have in avoiding whatever minimal delay will be associated with the Court's review. Further, as set forth in detail in the

Objection and Memorandum of Points and Authorities filed herewith, Mattel will be prejudiced by any interim attempt to comply with the Discovery Master's Order.

Accordingly, Mattel respectfully requests that the Court relieve Mattel of its obligation to comply with the Order and to stay enforcement thereof pending the Court's ruling on Mattel's Objection, which Mattel has noticed for March 3, 2008, the Court's next available hearing date.

DATED: January 24, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                               By    /s/ Jon Corey
                                  Jon Corey
                                  Attorneys for Mattel, Inc.