KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                              Plaintiff,<br><br>       v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>                              Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL'S INC.'S EX PARTE APPLICATION FOR A STAY OF THE DISCOVERY MASTER'S JANUARY 11, 2008 ORDER GRANTING MGA'S AND BRYANT'S MOTION TO COMPEL RE:  MATTEL'S ALLEGED BANDYING OF 30(B)(6) WITNESSES PENDING REVIEW OF MATTEL'S OBJECTIONS**<br><br>Judge:     Hon. Stephen G. Larson<br>Discovery Cut-Off:  Jan. 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

1

410060.01

Carter Bryant and the MGA Defendants ("MGA") oppose Mattel's self-serving *ex parte* application for a stay allowing Mattel to undermine and disregard the Discovery Master's January 11, 2008 Order.  That Order compels Mattel to produce 30(b)(6) witnesses on issues central to Bryant and MGA's defenses.  For example, the topics at issue include the duties and obligations Bryant owed to Mattel, his access to confidential Mattel information, and the Mattel property and services Bryant supposedly provided to MGA—all issues at the heart of Mattel's Phase 1A claims that Bryant violated his obligations to Mattel by working with MGA to develop his Bratz idea.  Without discovery from Mattel on these topics, Bryant and MGA cannot adequately defend themselves against Mattel's Phase 1A claims.  Bryant and MGA respectfully request that the Court deny Mattel's application, to end the prejudice that Bryant and MGA will otherwise suffer due to Mattel's gamesmanship surrounding this application.[1]

**A.   Mattel deliberately delayed seeking this stay to manufacture a false sense of urgency and to severely prejudice Bryant and MGA.**

Mattel has deliberately chosen to seek relief from the Discovery Master's Order in a fashion calculated to cause serious prejudice to Bryant and MGA.  Mattel has known for months about the Court's January 28 discovery deadline.  *See* October 31, 2007 Order at 2 (setting deadline).  Mattel has known about the Discovery Master's January 11 Order for nearly two weeks, and informed Bryant and MGA almost immediately that it intended to appeal the Order to the Court.  Mattel also knows that the 30(b)(6) topics subject to the Order go to the very core

---

[1] Mattel's substantive motion for relief from the Discovery Master's Order also lacks any merit, for reasons that Bryant and MGA will explain in full in keeping with the Court's briefing schedule for that motion.  The Discovery Master reasonably ordered Mattel to produce individual, properly-prepared witnesses on each topic, to cut off Mattel's pattern of avoiding discovery by producing multiple witnesses per topic, each in turn claiming inadequate knowledge and/or preparation and pushing the topic off to another witness.  The Discovery Master also entertained and rejected the same objections to the Order that Mattel now presents to the Court.  The Discovery Master did not err, and Court should deny the relief Mattel seeks from the Order in its entirety.

410060.01

1    of Bryant's and MGA's defenses, and are essential to their preparation of their

2    case, including expert reports and summary judgment motions.  *See* Mattel's

3    Objections to the Discovery Master's Order, at 3 n.2 (listing the topics at issue).

4            Despite—or rather, because of—this knowledge, Mattel did not immediately

5    appeal the Order and seek an expedited consideration of its appeal.  Instead, Mattel

6    chose to delay seeking any relief from the Order until the eve of the close of

7    discovery, at 11:59 p.m. last night.  Then, at last, Mattel filed its appeal and

8    simultaneously requested a stay of the Discovery Master's Order until after that

9    appeal is resolved.

10           Mattel's gamesmanship in filing this stay application will cause severe,

11   immediate prejudice to Bryant and MGA unless the application is promptly denied.

12   The reason that the Discovery Master ordered the relief that it did in the Order at

13   issue was because Mattel had repeatedly failed to produce properly-prepared

14   witnesses on the central topics at issue in this case.  Now, Mattel has intentionally

15   delayed its appeal of that Order to the eve of the Court's discovery cut-off and

16   seeks a stay as a result of the manufactured urgency created by that decision to file

17   at the close of discovery.

18           Mattel claims that any delay resulting from a stay will be "minimal" and

19   thus not prejudice Bryant and MGA.  Mattel's *Ex Parte* Application at 6.

20   However, Mattel's appeal of the Order is noticed for hearing on March 3, more

21   than five weeks from now.  March 3 is also long after expert reports are due in this

22   case (February 11) and barely a week before the deadline for filing summary

23   judgment motions (based on the hearing deadline of March 31).  Even with an

24   immediate decision from the Court on March 3, and assuming Mattel's full and

25   prompt compliance with any order affirming the Discovery Master's ruling, Bryant

26   and MGA would not be able to complete the depositions at issue and use any

27   resulting evidence in preparing its expert reports or summary judgment motions.

28

3

410060.01

1    That prejudice is anything but "minimal."

2         Mattel's own calculated choices have created any false urgency that it claims

3    justifies relief here.  As the Court has specifically reminded the parties in this

4    litigation, "ex parte applications are solely for extraordinary relief."  Standing

5    Order April 14, 2006 at 6 (citing *Mission Power Engineering Co. v. Continental*

6    *Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995)).  Mattel's intent to deprive

7    Bryant and MGA of complete discovery on core issues in this case, and any self-

8    inflicted prejudice that might result from Mattel's deliberate failure to seek earlier,

9    expedited relief, cannot justify extraordinary *ex parte* relief here.

10   **B.    Mattel seeks to sidestep the Court's January 28 discovery deadline and
11        thwart the Court's January 7 Order rejecting Mattel's request to
          extend that deadline.**

12         In addition to its other defects, Mattel's stay request is yet another ploy by

13   Mattel to thwart the Court's January 7 Order (which declined to extend the

14   discovery cut-off) and force an extension of the Court's Phase 1 pre-trial schedule.

15   Mattel asked the Court to extend the January 28 discovery deadline, when it

16   recently sought leave to take additional discovery, but the Court declined to do so.

17   Instead, the Court's January 7, 2008 Order granting Mattel additional discovery

18   required the parties to complete any additional discovery within the existing

19   January 28 cutoff, except that the Court would consider a stipulation allowing

20   certain designated Phase 2 depositions to proceed in February, "if counsel can

21   assure the Court that such depositions can be so conducted *without altering the*

22   *Court's pretrial schedule regarding Phase 1*."  January 7, 2008 Order at 3, 5

23   (emphasis added).  Instead of accepting the Court's January 28 deadline and

24   seeking to coordinate and complete additional discovery in good faith, however,

25   Mattel has done everything it can to push additional discovery beyond the January

26   28 deadline.  For example, Mattel has noticed dozens of depositions for today and

27   January 28, apparently intent that such massive multi-tracking of discovery will

28

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL'S INC.'S EX PARTE APPLICATION FOR A STAY OF THE DISCOVERY MASTER'S JANUARY 11, 2008 ORDER GRANTING MGA'S AND BRYANT'S MOTION TO COMPEL RE:  MATTEL'S ALLEGED BANDYING OF 30(B)(6) WITNESSES PENDING REVIEW OF MATTEL'S OBJECTIONS
CASE NO. CV 04-09049 SGL (RNBx)

410060.01

1   force discovery to slip into February.

2          Now, by filing this belated stay application, Mattel seeks to force the Court

3   to postpone the ordered deposition discovery by Bryant and MGA on core Phase 1

4   issues until at least early March.  Mattel should not succeed in this attempt to usurp

5   the Court's control over the discovery schedule in this case.  Granting the stay

6   Mattel seeks would both allow Mattel to set its own discovery schedule,

7   disregarding the Court's and the Discovery Master's rulings, and cause serious

8   prejudice to Bryant and MGA given the Court's deadlines for expert discovery and

9   dispositive motions.

10  **C.     Bryant and MGA respectfully request that the Court deny Mattel's stay application.**

11

12         As explained above, Mattel's stay application does not merit *ex parte* relief,

13  because Mattel has deliberately chosen to delay its application (manufacturing an

14  appearance of prejudice to itself) both (1) to deprive Bryant and MGA of timely

15  30(b)(6) deposition testimony on core topics and (2) to avoid complying with the

16  discovery schedule the Court has set for this case.  Bryant and MGA request that

17  the Court deny Mattel's application for those reasons.

18                                        Respectfully submitted,

19  Dated:  January 25, 2008              KEKER & VAN NEST, LLP

20

21                                  By:   /s/ Christa M. Anderson

22                                        CHRISTA M. ANDERSON
                                          Attorneys for Plaintiff

23                                        CARTER BRYANT

24

25

26

27

28
                                          5

410060.01

Dated:  January 25, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP


By:   /s/ Thomas Nolan
THOMAS NOLAN
Attorneys for Cross-Defendants
MGA ENTERTAINMENT, INC.,
MGA ENTERTAINMENT (HK)
LIMITED, MGAE DE MEXICO,
S.R.L. DE C.V., and ISAAC
LARIAN

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL'S INC.'S EX PARTE
APPLICATION FOR A STAY OF THE DISCOVERY MASTER'S JANUARY 11, 2008 ORDER GRANTING
MGA'S AND BRYANT'S MOTION TO COMPEL RE:  MATTEL'S ALLEGED BANDYING OF 30(B)(6)
WITNESSES PENDING REVIEW OF MATTEL'S OBJECTIONS
CASE NO. CV 04-09049 SGL (RNBx)

410060.01