# EXHIBIT 4

## Park, Amy S (PAL)

| | |
|---|---|
| From: | Park, Amy S (PAL) |
| Sent: | Tuesday, January 08, 2008 9:12 PM |
| To: | 'dianehutnyan@quinnemanuel.com'; Temkin, Andrew C (PAL) |
| Cc: | 'michaelzeller@quinnemanuel.com'; 'chrisgrohman@quinnemanuel.com'; 'andreahoeven@quinnemanuel.com'; 'bridgethauler@quinnemanuel.com' |
| Subject: | Re: SCHEDULING |

We will have the requested items available at 10 a.m. tomorrow. Based on your representation that the powder will be used only on shiny objects and can be wiped off without damaging the items, we do not object at this time to you using the powder.  If any problems arise when your team is using the powder, we will let them and you know. Immediately.


************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
************************************************

----- Original Message -----
From: Diane Hutnyan <dianehutnyan@quinnemanuel.com>
To: Park, Amy S (PAL); Temkin, Andrew C (PAL)
Cc: Michael T Zeller <michaelzeller@quinnemanuel.com>; Chris Grohman <chrisgrohman@quinnemanuel.com>; Andrea Hoeven <andreahoeven@quinnemanuel.com>; Bridget Hauler <bridgethauler@quinnemanuel.com>
Sent: Tue Jan 08 23:30:23 2008
Subject: RE: SCHEDULING

Amy,

We have successfully narrowed down the list of tangible items that we would like to view and potentially scan tomorrow.  Please provide all of the head sculpts, body sculpts, vinyl heads and vinyl bodies from the tray of miscellaneous sculpts, heads and bodies that we reviewed today at Skadden's office.  By "sculpts," I am including all three dimensional representations, including castings, prototypes, models and samples, made of any and all materials. This also includes the eight items Chris and Andy flagged earlier.

Please explain why you will not allow a dusting of fine powder on any items in connection with the scanning.  The powder does not alter or damage the item in any way; it merely takes the shine off so as to get a good image.  And it comes right off so the item would stay in its "original state."  Most of the items in question can be scanned adequately without using any powder but a few are shiny and if we cannot use the powder, it may be difficult to get images, in which case we will have to do it again with the powder.  Please let me know whether or not you will allow the dusting in question or whether we will need to raise the issue with the Court.

---

From: Park, Amy S [mailto:Amy.Park@skadden.com]
Sent: Tuesday, January 08, 2008 5:17 PM
To: Park, Amy S (PAL); Diane Hutnyan; Temkin, Andrew C (PAL)
Cc: Michael T Zeller; Chris Grohman; Andrea Hoeven; Bridget Hauler
Subject: RE: SCHEDULING

Diane,


I understand that your colleague, Chris Grohman, told Andy Hendricks that your team
will only need 8 items for inspection, photographing and scanning tomorrow —
specifically 4 heads and 4 bodies that Chris identified.  Please let me know if this is
the case or if you would like us to deliver all of the nearly 800 items to the lower
plaza space.


Thank you.


Amy


_____

From: Park, Amy S (PAL)
Sent: Tuesday, January 08, 2008 3:51 PM
To: 'Diane Hutnyan'; Temkin, Andrew C (PAL)
Cc: Michael T Zeller; Chris Grohman; Andrea Hoeven; Bridget Hauler
Subject: RE: SCHEDULING


Diane,


We have reserved space on the lower plaza of our building.  The cost is $100/day.  The
items will be available for you to begin inspecting, photographing and scanning
starting tomorrow at 10 a.m.  The nearly 800 items fill at least 125 bankers boxes and
there are additionally several larger items that do not fit in boxes.  We will place
all of the nearly 800 tangible items in the space unless, based on your inspection
today, you have eliminated some of the items and are willing to identify a subset that
you would like to have made available for scanning.  Please let me know as soon as
possible this evening.  As for tomorrow, please have your team come to our offices on
the 32nd floor, ask for Andy Hendricks and we will escort your team to the inspection
space.


With respect to scanning, please confirm that you will not use any substances (such as
powder) or products that may adhere to or otherwise in any way potentially alter the
tangible items.  We need to ensure that all items remain in their original state.


I note that your email below is the first time you have offered any explanation as to
why you desire to use a low floor for your scanning.  Had you provided an explanation
earlier, we may have avoided this eleventh-hour fire drill.  I am pleased, at least,
that we have now been able to resolve the matter.


Finally, I reject your repeated mischaracterizations of the record, including in
particular your hyperbolic assertions regarding the so-called "extraordinary
circumstances" Skadden purportedly created, and your "logical assumptions" about the
speed of Skadden's actions.  As I said before, the record speaks for itself.


I look forward to hearing from you this evening as to whether you will need all 800
items or some subset thereof.

-Amy

From: Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
Sent: Tuesday, January 08, 2008 2:11 PM
To: Park, Amy S (PAL); Temkin, Andrew C (PAL)
Cc: Michael T Zeller; Chris Grohman; Andrea Hoeven; Bridget Hauler
Subject: RE: SCHEDULING

Not everything needs to be an argument, Amy. The record is very much what it is, and if we cannot resolve our differences amicably, you can make your arguments then.

Thank you for confirming that you will work as expeditiously as you can to make sure we do not waste our time. You keep arguing about having to provide all 800 items but Andrew and I resolved this issue days ago. As I explained then, the most expeditious way to do this is to have the items provided all at once; plus it minimizes the potential for misunderstanding. You claim we are welcome to inspect and scan any of these items, so let us do it. You still have never told me what is so burdensome about producing these materials in a conference room; so your complaints about substantiation of the common-sense proposition that the higher floors of skyscrapers sway rings hollow. Further, when we have told you multiple times that we want to see everything, why will you not have all of them "set up and prepared for []our arrival." We are not talking about a truckful of materials here; it is probably just four or five boxes. This should be easy to handle if you assign the three people you have had monitoring our inspection of the original documents carry the boxes in. Please tell me exactly how many boxes of items we are talking about for the 800 items.

I hope you will agree to help us rent a conference room on the first floor of your building for tomorrow. My secretary was able to ascertain the availability of this space in the span of 10 minutes, so you should easily be able to confirm it yourself by now. Every minute you wait, however, creates a risk that the rooms will be reserved, as I understand they are in great demand. And there is no reason why you could not confirm your agreement as to a first-floor inspection/scanning tomorrow and reserve it, and then confirm the details later. Again, we are asking for a minimum amount of cooperation here; this is easy stuff to agree to. If we cannot line this up for tomorrow, the only logical assumption is that Skadden did not move quickly enough on it, as we have already told you it is readily available for the taking, and that we will pay for the rental. You can complain about the common-sense conclusions we draw about Skadden's cooperativeness and motivation but there is really no point in doing so. The Court will draw its own conclusions if we cannot resolve some of these supposed objections and limitations.

As for the proposal that the inspection might be done here at our offices, what is so burdensome about that? Are you suggesting that these materials would not be secure in the possession of one of Skadden's lawyers? Are you not going to bring these items to trial? You complain that we did not identify for you space in your own building until today (which a cooperative party arguably would have sought out themselves before refusing to accommodate), but you did not even entertain the easier solution, which was to agree to have it here, which is not "across town" but just ten blocks away.

Please let me know about whether the procedure can take place on the first floor of your building as soon as you can. As for your request that we agree to absorb "any costs we incur in having the items brought to the space," I obviously cannot agree to that when I do not know how many boxes there are, or in how many trips you intend to bring them, or why there should be any additional costs of transport resulting from your personnel going down the elevator with them. For similar reasons, we cannot tell you how long we would need the space available. If Skadden just brought all of the boxes with all the items to a conference room, we could probably finish it easily in one or two days, perhaps less; but under the extraordinary circumstances Skadden has presented, I could not even estimate.

From: Park, Amy S [mailto:Amy.Park@skadden.com]
Sent: Tuesday, January 08, 2008 12:45 PM
To: Diane Hutnyan; Temkin, Andrew C (PAL)
Cc: Michael T Zeller; Chris Grohman; Andrea Hoeven
Subject: RE: SCHEDULING

Diane,

Your multi-paragraph diatribe was unnecessary. We told you that we will make the items available for inspection at 1 p.m. That has not changed. Your assertions regarding our purported "restrictions" and "aim" are more of your baseless rhetoric, but they do not change the record. We have been cooperating with you and will continue to do so.

I said nothing about the waiting time being "significant," as you claim. Your declared 10 minute time limitation about how long you are willing to wait is arbitrary, and the inference that you claim you will draw from any time you have to wait beyond that arbitrary limit is nonsensical. We will work as expeditiously as we can to deliver the items to the inspection room as you finish with each batch. Of course, no waiting time would be necessary if you would be willing to identify for us which items you would like to re-inspect and scan. In that case, assuming it is not all of the nearly 800 items, we could have them all set up and prepared for your arrival. Please let us know if you are willing to reconsider your position on that.

Regarding your demand for a low floor inspection, yesterday you demanded for the first time that we make the items available on a low floor of the building where our Los Angeles offices are located, claiming without substantiation that scanning on higher floors may impair the quality of your images. We told you that we do not have office space on the low floors of the building and therefore could not make those floors available. It also would not be feasible or appropriate to transport the nearly 800 items – which we maintain securely under lock and key – to your offices across town. Now, hours before the scheduled inspection, you suggest for the first time that conference room space may be available on the first floor of our building to be rented by tenants and you propose using that space, at your cost, for the inspection. We will investigate your request and get back to you as soon as we are able. In the meantime, you are welcome to proceed with your inspection and scanning this afternoon. However, we will not be responsible for or absorb the cost of any scanning that you perform today or at any other time and find to be unsatisfactory based on your unsubstantiated claims that scanning on the 32nd floor may not yield the quality you desire.

Regarding the names of the people who will be coming for the inspection, please email them to Andrew Temkin, not Andy Hendrickson, as I will be tied up in meetings and phone calls for the remainder of the day.

Amy

_____

From: Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
Sent: Tuesday, January 08, 2008 11:23 AM
To: Park, Amy S (PAL); Temkin, Andrew C (PAL)
Cc: Michael T Zeller; Chris Grohman; Andrea Hoeven
Subject: RE: SCHEDULING

Dear Amy:

I will respond to each of your points in turn as well, but given the time sensitivity of issue number one, I will address that below.

We had asked for Monday, all of Monday. You said fine. When we let you know that it might not start until the afternoon on Monday, you said it could not be on Monday; it had to be on Tuesday. We said fine. This is evidenced in the attached email exchange. We were then told in two letters sent just a few minutes apart the day before the

process was to begin that MGA will only produce "on those days when Mattel can inspect for full days." We were further told that if we could not do a full day on Tuesday, we would not be allowed to see the items until Wednesday at 10:00. We have several pieces of equipment and several technicians and a lawyer who need to be present for this and so the supposed burden of bringing items into a conference room for a half day (and neither you nor Andrew has given me any fact that would remotely suggest that such a thing is truly burdensome) is much easier than rescheduling everyone's time. The continual restrictions that MGA is placing on this inspection make it more and more difficult to get it done, which is evidently your aim.

That said, thank you for making the items available at 1 again. But we do not agree that there should be any significant "waiting time" between the boxes. You have known about this inspection for weeks, some boxes may not contain a lot of items that need to be scanned, and there should be no reason why we cannot look through a box, let you know about how long the process will take, so that you can arrange for the next box. This would seem to require just a very very minimal amount of cooperation on your part. If our people are left waiting for more than ten minutes at any time, we will have to assume that you again are trying to make the process as burdensome and difficult as possible.

We have separately addressed MGA's refusal to provide the items anywhere besides a high-floor conference room. Please explain why the items cannot be scanned in the low-floor conference room we offered.

I will provide the names before they get there. Please provide Mr. Hendrickson's email address so that I can send them directly to him as well as to you and Andrew.

I will address your other points shortly.

_____

From: Park, Amy S [mailto:Amy.Park@skadden.com]
Sent: Tuesday, January 08, 2008 10:36 AM
To: Diane Hutnyan; Temkin, Andrew C (PAL)
Cc: Michael T Zeller; Chris Grohman; Andrea Hoeven
Subject: RE: SCHEDULING


Diane,

I address your points in turn:

1. I am not sure what you are referring to when you write about changing everyone's schedules around. As I understand it, there were no definite times agreed to. Your email at 9:29 last night was your first indication that you intended to be at Skadden for a half day today. In any event, we will make the items available to you at 1 p.m. today. As you know, because you will not identify which of the 800 items you would like to scan, we will need to transport all of the items from a secure location in batches of approximately 200. As Andrew explained to you, this will involve waiting time on your part as we remove one batch once you finish with it and bring in the next. Please let us know the names of who will be coming. They should ask for Andy Hendrickson.

2. Our Rialto facility is available to receive you at 11 a.m. on Friday, January 11, to inspect the three-dimensional items located there. As I wrote in my January 4 letter, these are items responsive to Request No. 2 of Mattel's First Set of Requests For Production Re: Claims of Unfair Competition. I will provide you a specific address and contact person before Friday. I also note that in my January 4 letter, I wrote that we will make additional two-dimensional items responsive to Request No. 2 available for your inspection in Skadden's Los Angeles office at the end of this week or next week. I trust you will let me know if and when you are interested in reviewing those items so that we may coordinate a mutually convenient time.

3. I have reached out to Hong Kong counsel regarding their availability to receive you next week. I will let you know as soon as I hear back.

Amy

_____

From: Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]

Sent: Monday, January 07, 2008 9:29 PM
To: Temkin, Andrew C (PAL); Park, Amy S (PAL)
Cc: Michael T Zeller; Chris Grohman; Andrea Hoeven
Subject: SCHEDULING


Dear Andrew and Amy,

I will be responding to your recent correspondence shortly but wanted to confirm the following scheduling-related issues:

1. We would like to start the scanning of the MGA tangible items you are making available in the U.S. in the afternoon tomorrow, as we had requested before. We would like to start at 1:00 p.m. Please confirm that you will make them available to us at that time. We should not have to change everyone's schedule around to accommodate the purported difficulty of bringing some items into a conference room.

2. We also would be interested in inspecting and photographing the 3-dimensional items you are making available in Rialto at the end of this week. Please let me know right away what items these are. Also, please let me know what time you had in mind for the inspection.

3. As for the materials in Hong Kong, we are not available to do the inspection and scanning this week, but can do it on any day next week (January 14-18). Please let me know which of those days they may be viewed. Also please let me know right away what items are being available for inspection and scanning.


Diane Cafferata Hutnyan, Esq.
quinn emanuel urquhart oliver & hedges llp
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3666
Main Phone: (213) 443-3000
Main Fax:   (213) 443-3100
E-mail: dianehutnyan@quinnemanuel.com <mailto:udianehutnyan@quinnemanuel.com>
Web:  www.quinnemanuel.com <http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


-------------------------------------------------------------------
*********************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. *********************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
***********************************************
=================================================================

-------------------------------------------------------------------------

****************************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. ********************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
******************************************************
======================================================================


-------------------------------------------------------------------------

****************************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. ********************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
******************************************************
======================================================================