QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Hon. Stephen G. Larson |
| vs. | MATTEL, INC.'S REPLY TO MGA/BRYANT'S OPPOSITION TO ITS *EX PARTE* APPLICATION FOR A STAY OF THE DISCOVERY MASTER'S JANUARY 11, 2008 ORDER PENDING REVIEW OF MATTEL'S OBJECTIONS |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | **Phase 1**<br>Discovery Cut-off:    Jan. 28, 2008<br>Pre-trial Conference:    May 5, 2008<br>Trial Date:    May 27, 2008 |

07209/2369133.1

MATTEL'S REPLY TO *EX PARTE* APPLICATION TO STAY THE DISCOVERY MASTER'S ORDER

MGA/Bryant provide no justification why Mattel should be denied the opportunity to obtain review of the January 11, 2008 Order.  MGA/Bryant do not even address the two grounds that justify a stay pending review-- that the Order contains a number of legal errors and if a stay is not granted, then Mattel will be denied any opportunity for review.

MGA/Bryant's opposition is short on legal argument and long on rhetoric and ad hominem attacks.

None of MGA/Bryant's points are well taken:

(1)   Mattel's Objection and the accompanying stay application were timely filed (actually, filed early) -- only nine court days after the January 11, 2008 Order was entered.  *See* Fed. R. Civ. Proc. 72 (permitting objections within 10 days of Order).  Mattel's filing an Objection and sought a stay within the statutory period is not "gamesmanship," Opp. at 3, "deliberate[]" "delay," Opp. at 4, 5, "months" of "intentional delay," Opp. at 2, 3, or a "calculated choice[]" to "deprive Bryant and MGA of complete discovery."  Opp. at 4.  The Discovery Master issued his order on January 11, 2008.  Mattel filed its Objection a day early, on January 24, 2008.[1]  The suggestion that Mattel is deliberately delaying by timely filing an Objection is absurd.  To the contrary, of the tens of orders that the Discovery Master has issued, Mattel has rarely asked that one be reviewed.

(2)   MGA and Bryant have not been "without discovery from Mattel on these topics."  Opp. at 2.  As set forth in the Objection, MGA and Bryant have already deposed six Rule 30(b)(6) witnesses over eight days on these topics.  MGA and Bryant make no showing of "serious prejudice," or any prejudice at all.  In contrast, if the stay is not granted, then Mattel will be prejudiced.  Denial of review,

---

[1]   Mattel made several attempts to file its application the evening of January 24, but was unable to do so because the Court's CM/ECF system was not accepting submissions.

1  the quintessential form of prejudice, will inevitably occur if Mattel must comply

2  with the Order before the Court has an opportunity to consider Mattel's Objection.

3  See Hunt v. Pliler, 384 F.3d 1118, 1124 (9th. Cir. 2004) ("the district court must

4  actually exercise its discretion, rather than summarily accepting or denying the

5  magistrate judge's findings") (internal quotations omitted).  Here, Mattel's prejudice

6  is particularly acute because, under MGA/Bryant's interpretation of the Order,

7  Mattel must be forced to chose between violating the Order, under pain of potential

8  preclusion, or violating this Court's Protective Order.

9       (3)   The March 3, 2008 hearing date MGA/Bryant complains of was the

10  earliest available date; Mattel has no objection to an earlier hearing on its Objection.

11       (4)   Mattel has no interest in extending, sidestepping, or "usurp[ing] the

12  Court's control over" the current schedule, as MGA claims.  Opp. at 5.  Mattel, and

13  presumably MGA/Bryant, do have an interest in ensuring that the due process

14  requirements are met and that this Court has a meaningful opportunity to review one

15  of the many orders that  the Discovery Master has issued.

16                         **Conclusion**

17       Mattel has a right to file its Objection to the Discovery Master's

18  January 11, 2008 Order.  It timely exercised that right.  Mattel will be prejudiced,

19  and no review can occur, if the Order is not stayed.  MGA has made no showing of

20  prejudice if the Order is stayed.  The requested stay should be granted.

21

22  DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

23

24

25                                    By /s/ Jon D. Corey
                                         Jon D. Corey
26                                       Attorneys for Mattel, Inc.

27

28