1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 90378)
      (johnquinn@quinnemanuel.com)
3     Michael T. Zeller (Bar No. 196417)
      (michaelzeller@quinnemanuel.com)
4     Jon D. Corey (Bar No. 185066)
      (joncorey@quinnemanuel.com)
5   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
6   Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
7
    Attorneys for Mattel, Inc.
8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10
                          EASTERN DIVISION
11
    CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)
12
                       Plaintiff,          Consolidated with
                                           Case No. CV 04-09059
13        vs.                              Case No. CV 05-2727
14
    MATTEL, INC., a Delaware               **DISCOVERY MATTER**
15  corporation,
                                           **[To be Heard by Discovery Master Hon.**
16                     Defendant.          **Edward Infante (Ret.) Pursuant to Court**
                                           **Order of December 6, 2006]**
17  _____
                                           [PUBLIC REDACTED]
18  AND CONSOLIDATED ACTIONS              DECLARATION OF B. DYLAN
                                           PROCTOR IN SUPPORT OF MOTION
19                                         COMPELLING PRODUCTION OF
                                           THIRD PARTY COMMUNICATIONS
20                                         IMPROPERLY WITHHELD UNDER A
                                           CLAIM OF "COMMON INTEREST"
21                                         PRIVILEGE
22                                         Date:   February 8, 2008
                                           Time:   9:30 a.m.
23                                         Place:  TBA
24                                         **Phase 1**
                                           Discovery Cut-Off:     Jan. 28, 2008
25                                         Pre-Trial Conference:  May 5, 2008
                                           Trial Date:            May 27, 2008
26
27
28

ORIGINAL
LODGED

FILED
CLERK, U.S. DISTRICT COURT
JAN 25 2008
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

# DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1.      I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      Beginning on December 7, 2007, Mattel engaged MGA in a lengthy meet and confer process regarding various issues relating to MGA's privilege logs from 2007. I have conferred with counsel for MGA numerous times over the past month and half on this matter, including on December 17, 20, 26, 31, 2007, as well as January 2, and 18, 2008.

3.      During the meet and confer process, and in letters on December 7, 2007, January 7, 2008, and January 11, 2008, I indicated a number of entries on MGA's privilege logs which appeared to show communications between MGA and various third parties.

4.      Eventually MGA agreed to produce a number of these communications -- although to my knowledge MGA has not yet produced those communications which it agreed were improperly withheld. As to the remaining entries, MGA indicated in a January 9, 2008 letter that the communications were properly withheld under the "common interest" privilege.

5.      In a January 11, 2008 letter, I stated that MGA's logs offered no bases to assess whether these communications were subject to the common interest privilege, and invited MGA to explain the assertions. Additionally, in the same letter, I noted that a review of MGA's privilege log for its October document productions revealed numerous entries raising the same issues, and again requested that MGA explain its bases for withholding communications with outside parties as privileged.

6.      Mattel received Isaac Larian's privilege log on January 15, 2008. The next day, on January 16, 2008, I wrote a letter to J. Allen indicating that some of the entries on this log also, including Nos. 30, 90, 169, and 188, appeared to be communications with third parties.  To date, Mattel has received no response regarding this issue.

7.      In a January 17, 2008 letter, MGA indicated that while it was ready to discuss the specific entries from its August and September logs, it would not discuss the entries on its November Log.  MGA claimed that because those specific entries from the November log were not listed in Mattel's initial December 7, 2007 meet and confer letter, an entirely separate meet and confer process was warranted.

8.      In a January 18, 2008 teleconference, Mr. Allen I discussed the remaining entries on the August and September logs which I had previously indicated appeared to show communications between MGA and various third parties.  While agreeing to produce some of the communications, Mr. Allen confirmed that MGA believes its assertion of the common interest doctrine is appropriate and MGA intends to withhold in their entirety August Log Nos. 408, 409, 550, 831, 987, 1073, 1080, 1081, 1066, 1107, and September Log Nos. 1170, 2831.  MGA refused to specifically discuss those entries on its November Log which showed communications with outside parties, including November Log Nos. 80, 82, 83, 84, 85, 86, 261, 471, 778, 891, 921, 922, 923, 925, 926, 1291, 1337, 1434, 1437, 1438, 1439, 1440, 1443, 1444, 1445, 1446, 1453, 1685, 1816, 1817, 1823, 1825, 1844, 1853, 1878, 1889, 2238, 2533, 2534, 2793, 3004, 3005, 3312.  However, MGA did confirm that its position with respect to entries on its November log would be the same as its positions on the prior logs.

9.      Attached as Exhibit 1 is a true and correct copy of a letter I sent to Jose Allen, counsel for MGA, dated January 7, 2008.

07209/2363964.1

10.     Attached as Exhibit 2 is a true and correct copy of a letter from Mr. Allen to myself, dated January 9, 2008.

11.     Attached as Exhibit 3 is a true and correct copy of a letter I sent to Mr. Allen, dated January 11, 2008.

12.     Attached as Exhibit 4 is a true and correct copy of a letter I sent to Mr. Allen, dated January 16, 2008.

13.     Attached as Exhibit 5 is a true and correct copy of a letter from Mr. Allen to myself, dated January 17, 2008.

14.     Attached as Exhibit 6 is a true and correct copy of an International Distribution Memo between MGA and Bandai, dated July 2, 2001, as produced by MGA, Bates-stamped MGA 0842244.

15.     Attached as Exhibit 7 is a true and correct copy of an Addendum to the International Distribution Memo between MGA and Bandai, dated July 2, 2001, as produced by MGA, Bates-stamped MGA 0842245.

16.     Attached as Exhibit 8 is a true and correct copy of an ABC International Traders, Inc. Commercial Invoice, dated May 27, 2001, as produced by MGA, Bates-stamped MGA 0842239.

17.     Attached as Exhibit 9 is a true and correct copy of an ABC International Traders, Inc. Packing List, dated May 27, 2001, as produced by MGA, Bates-stamped MGA 0842240.

18.     Attached as Exhibit 10 is a true and correct copy of a Danmar Lines Bill of Lading, dated May 28, 2001, as produced by MGA, Bates-stamped MGA 0842241.

19.     Attached as Exhibit 11 is a true and correct copy of an email from Isaac Larian to Jim Olmstead, dated January 24, 2001, as produced by MGA, Bates-stamped 0010149.

//

07209/2363964.1

PROCTOR DECLARATION

1      20.    Attached as Exhibit 12 is a true and correct copy of relevant

2   excerpts from the Deposition Transcript of Rebecca Harris, taken on July 20, 2007.

3          I declare under penalty of perjury under the laws of the United States of

4   America that the foregoing is true and correct.

5          Executed on January 23, 2008, at Los Angeles, California.

6

7                                          _____
                                                B. Dylan Proctor
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

January 7, 2008

<u>**VIA FACSIMILE & U.S. MAIL**</u>

Mr. Jose Allen, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
4 Embarcadero Center, Suite 3800
San Francisco, CA 94111

Re:   <u>Mattel, Inc. v. Bryant, et al.</u>

Dear Jose:

I write further to your January 4, 2008 letter which provided identifying information for certain individuals listed on MGA's privilege logs.

As we have previously noted in our letters—and as confirmed by your recent list—many of these individuals are outside parties. While some of these entries list MGA's attorneys and paralegals as parties to the communications, the privilege cannot be asserted over MGA's communications with outside business partners. For example, a number of the entries show communications between MGA and Bandai which, inexplicably, have been withheld under the attorney client privilege. <u>See, e.g.</u>, August Log Nos. 408, 409, 831, 987, 1066, 1067, 1073, 1079, 1080, 1081, 1107; September Log Nos. 183, 184, 185, 186, 1468, 1496, 2291, 2293, 2295, 2326.

Further, although some (but not all) of these entries also claim protection of the work-product and common interest privilege, these privileges are not available for communications relating to commercial negotiations or business dealings. The descriptions in the log suggest that these communications are commercial in nature and do not relate to any common litigation to which MGA and Bandai are both parties. <u>See, e.g.</u>, September Log No. 2295 ("Email containing an attorney-client communication regarding Bratz Trademark assignment of Bratz related trademarks from Bandai"). As such, MGA's assertions here are improper.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065

07209/2343359.1

EXHIBIT ____1____
PAGE ____5____

In addition, numerous other entries on the logs suggest that business communications with third parties or their attorneys have been improperly withheld as privileged. See, e.g., August Log Nos. 89, 132, 133, 369, 448, 527, 571, 550, 657, 726, 727, 1073; September Log Nos. 699, 701, 702, 788, 890, 1369, 1930, 2012, 2013, 2015, 1016, 2274, 2347. These communications do not appear to be privileged and they should be produced immediately.

We have already met and conferred on this matter and, indeed, as you know, have done so repeatedly. If MGA wishes to offer anything further in justifying its withholding of these documents, please let me know promptly. Otherwise, we presume that these issue will require resolution by the Court.

Very truly yours,

*Dylan Proctor / ZDK*

B. Dylan Proctor

BDP:ZDK
07209/2343359.1

07209/2343359.1

2

EXHIBIT _____ 1

PAGE _____ 10

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER

SAN FRANCISCO, CALIFORNIA 94111-4144

TEL: (415) 984-6400

FAX: (415) 984-2698

www.skadden.com

DIRECT DIAL
(415) 984-6442
DIRECT FAX
(888) 329-1260
EMAIL ADDRESS
JRALLEN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 9, 2008

Via Email and Facsimile

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

RE:     *Carter Bryant v. Mattel, Inc.* Case No. CV 04-9049 SGL (RNBx)
        (Consolidated With Case Nos. CV 04-09059 and CV 05-02727)

Dear Mr. Proctor:

        The purpose of this letter is to address some of the issues that were not covered in my priors letters to you on December 24, 2007, and January 7, 2008, regarding MGA's August 2007 and September 2007 privilege logs ("August Log" and "September Log," respectively) and to respond to the new issues raised in your letter of January 7, 2008.

        In your letter of December 7, 2007, you expressed concern "a significant number of entries appear not to involve counsel." We reviewed the documents referenced and will produce the following documents in full or redacted form:  August Log Nos. 521, 601, 621, 622, 623, 664, 669, 696, 697, 699, 716, 733, 735, 764, 773, 775, 777, 790, 852, 853, 854, 855, 856, 857, 864, 865, 866, 867, 872, 874, 883, 898, 900, 912, 913, 933, 934, 960, 961, 962, 963, 965, 966, 967, 968, 980, 981, 982, 983, 985, 990, 1037, 1040, 1042, 1043, 1047, 1055, 1056, 1057, 1062, 1070, 1082, 1083, 1084, 1088, 1090, 1091, 1095, 1097, 1098, 1105, 1110, 1113 and 1115; and September Log Nos. 183, 185, 186, 577, 740 and 2868.  Other documents are privileged in their entirety and will not be produced, including:  August Log Nos. 64, 130, 913, 1058, 1089, 1101 and 1112; and September Log Nos. 184 and 597.[1]

---

[1]     We are still in the process of locating the document corresponding to August Log No. 651. Once we locate it and review it, we will update you on its status.

EXHIBIT _____2_____

B. Dylan Proctor, Esq.
January 9, 2007
Page 2

These documents constitute attorney work product and/or represent attorney-client privileged communications.

You also indicated "a number of documents appear to be clearly non-privileged based on the information provided in MGA's logs." We reviewed the documents you referenced and will produce the following documents in full or redacted form: August Log No. 563; and September Log Nos. 788, 1369, 1522, 2012, 2013, 2015, 2016, 2274, 2326 and 2360. Other documents are privileged in their entirety and will not be produced, including: August Log No. 483; and September Log Nos. 170, 197, 205, 890, 1152, 1153, 1197, 2291, 2293, 2295, 2518 and 2519. These documents constitute attorney work product and/or represent attorney-client privileged communications.

You further stated "certain documents have been withheld based on the assertion of the work product privilege." We reviewed the documents you referenced. September Log Nos. 2185, 2189 and 2190 are protected from disclosure pursuant to the attorney-client privilege. We have also determined the work product doctrine applies to Log No. 2189.

We note your letter of January 7, 2008, identified additional deficiencies with the August Log and the September Log for the first time. You claimed MGA improperly withheld certain documents related to "communications between MGA and Bandai" under the attorney-client privilege. We reviewed the documents you referenced and will produce the following documents in full or redacted form: August Log No. 571; and September Log Nos. 183, 184, 186 and 2326. We will also produce the following documents, which contain communications with other non-parties, in full or redacted form: August Log No. 369; and September Log Nos. 699, 702, 788, 890, 1369, 2012, 2013, 2015 and 2274.

Some of the other documents referenced in your letter of January 7, 2008, are privileged in their entirety based on the common interest privilege and will not be produced.[2] The following documents contain privileged communications with

---

[2]      You asserted that a number of documents were not protected from disclosure because they appeared to be communications related to business negotiations and the common interest privilege did not apply to such communications. First, the documents do not merely concern business negotiations. Second, the common interest privilege is not limited to "common litigation" as you contend. This privilege applies to communications concerning a common legal interest. See, e.g., In re Mortgage & Realty Trust, 212 B.R. 649, 653 (Bankr. C.D. Cal. 1997) ("The privilege applies whenever the communication is made in order to facilitate the rendition of legal services to each of the clients involved in the conference") (citation omitted); Synopsys, Inc. v. Ricoh Co., Ltd., 2006 WL 2479109, *1 (N.D. Cal. 2006) ("Participants in a joint or common defense or individuals with a community of interests may communicate among themselves and with the separate attorneys on matters of common legal interest . . . and the attorney-client privilege will protect those communications . . .") (citation

EXHIBIT _____2_____

PAGE _____8_____

B. Dylan Proctor, Esq.
January 9, 2007
Page 3

licensees and/or licensing agents regarding issues such as trademark registrations, advertising and potential litigation: August Log Nos. 132, 133, 408, 409, 448, 550, 657, 726, 727, 831, 987, 1066, 1067, 1073, 1079, 1080, 1081 and 1107; and September Log Nos. 185, 1468, 1496, 1930, 2291, 2293, 2295 and 2347.

Other documents referenced in your letter of January 7, 2008, are protected from disclosure by the attorney-client privilege because they constitute privileged communications with outside counsel. These documents include: August Log No. 89; and September Log Nos. 701 and 1016.

Finally, Log No. 527 from the August Log will not be produced because it is a non-responsive communication.

Please do not hesitate to call me if you have any questions or concerns regarding any of the foregoing matters.

Very truly yours,

José R. Allen

omitted); <u>Nidec Corp. v. Victor Co. of Japan</u>, 2007 WL 1994171, *3 (N.D. Cal. 2007) ("[The common interest privilege] is applicable whenever the parties with common interest joint [sic] forces for the purpose of obtaining more effective legal assistance") (citation omitted); <u>see also</u> <u>Moore's Federal Practice</u> § 26.49[5][b] ("The common interest doctrine . . . provides that parties with a shared interest in actual or potential litigation against a common adversary may share privileged information without waiving the privilege").

EXHIBIT   2
PAGE   9

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

January 11, 2008

**VIA FACSIMILE & U.S. MAIL**

Mr. Jose Allen, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
4 Embarcadero Center, Suite 3800
San Francisco, CA 94111

Re:     Mattel, Inc. v. Bryant, et al.

Dear Jose:

I write further to your January 7, 2008 and January 9, 2008 letters regarding MGA's privilege logs, and further to our ongoing meet and confer on this matter.

As an initial matter, from your January 9, 2008 letter it is clear that MGA has agreed to produce a number of documents it had been withholding on privilege grounds. I appreciate your agreement to produce these documents.

Nevertheless, there are a number of specific entries we wish to call to your attention. In our prior meet and confers, and as summarized in my January 2, 2008 letter, we agreed that a discussion of these specific entries would best be deferred until you had fully considered our proposed stipulations. Now that you have rejected those proposals, we wish to focus on the following specific entries on MGA's privilege logs. Just as we recently did with your colleagues regarding Mattel's log, we expect MGA to conduct an entry-by-entry analysis and discussion of these documents with us, which I hope may avoid unnecessary motion practice.

First, we previously listed a number of communications which did not appear to involve counsel, and you have agreed to produce many of these. However, your January 9, 2008 letter indicates that you continue to claim the attorney client privilege regarding certain communications which do not involve counsel. See, e.g., August Log Nos. 130, 914, 916, 1058, 1089, 1101; September

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-

07209/2350851.1

EXHIBIT 3

PAGE 10

Log No. 597. MGA, however, has neither provided nor offered to provide any evidence or substantiation for those assertions. Furthermore, as of now, and for reasons we have explained, MGA's privilege logs provide no basis to believe these documents are privileged.[1] Indeed, as on the prior logs, numerous entries on the privilege log for MGA's October 2007 document productions do not appear to reflect confidential communications or legal advice. For example, October Log No. 267 is an email from Isaac Larian to Rene Turin, neither of whom is an attorney. If MGA has any proof to support its privilege claims as to this and similarly situated entries, please provide it promptly.[2]

Second, we previously indicated that certain documents appear to be telephone logs, see, e.g., September Log Nos. 8, 139, 148, 170, 197, 205, which generally are not privileged where they merely record the fact of a communication but do not disclose the substance of that communication. See, e.g., Coastline Terminals v. U.S. Steel Corp., 221 F.R.D. 14, 19 (D. Conn. 2003). As to these documents as well, please provide us with any evidence MGA is relying upon to substantiate these privilege claims.

Third, there are a number of entries which have inadequate or confusing descriptions or which otherwise raise concerns which I believe require discussion. See. e.g., August Log Nos. 434, 524, 530, 532; September Log Nos. 266, 934, 2095, 2831, 2853, 2854, 2855, 2857. For example, September Log No. 266 is described as a "Memo re Bratz Trademark Investigation," but gives no information as to the identity of the author or recipient, the date or the type of the "investigation." September Log No. 934, a "Data Sheet" for trademark registrations, appears to be the type of document which Judge Infante has ruled should be disclosed.

Fourth, we have noted that numerous entries on the logs appear to refer to communications with outside parties. While I appreciate your agreement to produce some of these documents which, as you note in your letter, contain "communications with other non-parties," you have indicated that MGA will continue to withhold documents which contain communications with MGA's "licensees and/or licensing agents regarding issues such as trademark registrations advertising and potential litigation" based on a claimed common interest privilege. As you know, the common interest privilege is narrow and does not "encompass a joint business strategy which happens to include as one of its elements a concern about litigation." Nidec Corp. v. Victor Co. of Japan, 2007 WL 1994171, at *3 (N.D. Cal. July 5, 2007) (citation omitted). MGA has the

---

[1] From your January 9, 2008 letter, the status of August Log No. 913 is unclear as it is listed both as a document that will be produced and a document that will be withheld. Additionally, your letter does not indicate what decision MGA has reached regarding August Log No. 931. Further, August Log Nos. 914 and 916, entries we have not previously discussed, mistakenly list Dennis Medici, MGA's CFO, as an attorney.

[2] See, e.g., October Log Nos. 3, 8, 39, 71, 104, 134, 135, 175, 261, 267, 539, 546, 824, 1036, 1046, 1047, 1068, 1123, 1124, 1406, 1462, 1463, 1466, 1467, 1481, 1506, 1514, 1780, 1781, 1782, 1784, 1941, 1942, 2063, 2073, 2074, 2090, 2101, 2117, 2256, 2259, 2260, 2262, 2263, 2267, 2269, 2271, 2274, 2672, 2677, 2694, 2724, 2728, 2732, 2761, 2765, 2772, 2775, 2786, 2787, 2802, 2807, 2814, 2815, 2830, 2833, 2845, 2848, 2849, 2851, 2852, 2853, 3213, 3299, 3332, 2226, 2227, 2240, 3360, 3367, 3368.

EXHIBIT ___3___

PAGE ___11___

burden of showing that the privilege applies in this context. Based on the descriptions in the logs and based on MGA's lack of any proof to substantiate its assertions, there is no reason for Mattel to believe it does. Accordingly, I again ask that you provide any basis MGA has for claiming that privilege entitles MGA to withhold all such documents. See, e.g., August Log Nos. 89, 132, 133, 408, 409, 448, 550, 657, 726, 727, 831, 987, 1066, 1073, 1079, 1080, 1081, 1107; September Log Nos. 701, 890, 1170, 2016.[3] Further, MGA's October Log has numerous entries which appear to be communications with outside parties, including Bandai and other business partners. For many of these communications there is no assertion of the common interest privilege. Please produce or be prepared to discuss these entries as well.[4]

Last, although you stated that Skadden's practice, since it joined the case, has been to produce documents in redacted form rather than withhold entire documents (where less than the entire document is privileged), the October Log does not appear consistent with this statement. As far as we can tell, all or nearly all the document listed on the October log have indeed been withheld in their entirety, which as you know is inappropriate. We intend to move on all such instances in which MGA has withheld the entirety of documents that nevertheless contain non-privileged portions.

I look forward to hearing from you promptly on these issues further to our ongoing meet and confer and our efforts to avoid unnecessary motion practice.

Very truly yours,

*Dylan Proctor /ZDK*

B. Dylan Proctor

BDP:ZDK
07209/2350851.1

---

[3] From your January 9, 2008 letter, the status of August Log No. 890 is unclear as it is listed both as document that will be produced and a document that will be withheld. Further, our letter of January 7, 2008 mistakenly cited September Log No. 1016 as an entry of concern, instead of No. 2016.

[4] See, e.g., October Log Nos. 80, 82, 83, 84, 85, 86, 261, 471, 778, 891, 921, 922, 923, 925, 926, 1291, 1337, 1434, 1437, 1438, 1439, 1440, 1443, 1444, 1445, 1446, 1453, 1685, 1816, 1817, 1823, 1825, 1844, 1853, 1878, 1889, 2238, 2533, 2534, 2793, 3004, 3005, 3312.

EXHIBIT ___3___
PAGE ___12___

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

January 16, 2008

**VIA FACSIMILE & U.S. MAIL**

Mr. Jose Allen, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
4 Embarcadero Center, Suite 3800
San Francisco, CA 94111

Re:     Mattel, Inc. v. Bryant, et al.

Dear Jose:

Yesterday we received a letter from Andrew Temkin providing "part one" of Isaac Larian's privilege log provided pursuant to Judge Infante's December 31, 2007 Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian.

This log exhibits many of the same problems which we have discussed in regards to MGA's logs.

Most troublesome, many of these entries do not appear to involve counsel. See, e.g., Nos. 29, 30, 32, 33, 34, 35, 38, 40, 41, 43, 44, 48, 51, 52, 53, 56, 57, 58, 59, 61, 62, 63, 64, 67, 68, 75, 76, 77, 79, 81, 82, 83, 84, 85, 86, 88, 98, 104, 105, 107, 120, 125, 209

While I understand that an attorney's advice could be included somewhere in the "email chain," the log entries do not identify the attorneys involved or to whom that advice is given. Without such details it is impossible to evaluate the claim of privilege. Further, even if there are privileged communications within a document, such documents should be produced in redacted form as you know. From the log it appears that Mr. Larian is withholding documents in their entirety, which, as you have agreed, is inappropriate.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT ___
PAGE ___

Further, some of these entries appear to have been disclosed to outside parties. <u>See, e.g.</u>, Nos. 31, 90, 169, 188.  For example, No. 31 appears to be a communication from Jose Antonio Vargas, a Bandai executive, and Isaac Larian, with various other MGA and Bandai employees listed as recipients.  As none of the parties are attorneys, the description of the communication as an being made "for the purpose of requesting legal advice regarding trademark infringement" is difficult to fathom.  Moreover, even if the communication contained some privileged material, this would seem to be a clear case of waiver by third-party disclosure.

I understand from our prior discussions that you have claimed some type of "common interest" privilege regarding some of the communications between Bandai and MGA listed on MGA's supplemental logs.  As I noted in my January 11, 2008 letter, we dispute the doctrine's application in this context.  Moreover, the common interest privilege has not been asserted here.

Please consider this letter a request to meet and confer in anticipation of a motion to compel the production of withheld documents, and possibly for sanctions.  I look forward to hearing from you regarding your availability.  When we confer, please be prepared to explain Mr. Larian's claims of privilege as to all entries identified in this letter.

Very truly yours,

B. Dylan Proctor

BDP:ZDK
07209/2354650.1

EXHIBIT ____4____
PAGE ____14____

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER

SAN FRANCISCO, CALIFORNIA 94111-4144

TEL: (415) 984-6400

FAX: (415) 984-2698

http://www.skadden.com

DIRECT DIAL
(415) 984-6442
EMAIL ADDRESS
JRALLEN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

January 17, 2008

<u>Via Email and Facsimile</u>

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

     RE:    *Carter Bryant v. Mattel, Inc.* Case No. CV 04-9049 SGL (RNBx)
             <u>(Consolidated With Case Nos. CV 04-09059 and CV 05-02727)</u>

Dear Dylan:

       I write in response to your letter dated January 11, 2008 regarding MGA's privilege logs that were produced to you on August 14 and September 5, 2007.

       We are prepared to meet and confer on Tuesday, January 22, in the afternoon to discuss the specific issues raised in your January 11, 2008 letter related to the August and September logs. As you have requested, we will be prepared to discuss each of the documents from the August and September 2007 logs that are referenced in your letter.[1]

       Your January 11, 2008 letter also raises for the first time issues relating to documents on an "October 2007" privilege log. Assuming this is in reference to MGA's November 15, 2007 privilege log, I note that the 130-plus documents referenced in your letter were not raised in your letter of December 7,

---

[1]    The documents in question are as follows: August Log Nos. 89, 130, 132, 133, 408, 409, 434, 448, 524, 530, 532, 550, 657, 726, 727, 831, 890, 913, 914, 916, 931, 987, 1058, 1066, 1073, 1079, 1080, 1081, 1089, 1101, 1107; September Log Nos. 8, 139, 148, 170, 197, 205, 266, 597, 701, 890, 934, 1170, 2016, 2095, 2831, 2853, 2854, 2855, 2857.

EXHIBIT   5

PAGE   15

B. Dylan Proctor, Esq.
January 17, 2008
Page 2


2007 requesting to meet and confer with regard to the August and September 2007 privilege logs, and were not mentioned in any of your subsequent letters or our meet and confer conferences to date.  If you would like to initiate a meet and confer with respect to the November 2007 log, please do so in accordance with section 5 of the Discovery Master Stipulation.

        Again, please let me know whether you are available to meet on Tuesday afternoon to discuss the August and September privilege logs.

                            Very truly yours,

                            José R. Allen

cc:    Amy Park
       Robert Herrington

EXHIBIT _____5_____

PAGE _____16_____

**CONFIDENTIAL - FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**CONFIDENTIAL - FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**CONFIDENTIAL - FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**CONFIDENTIAL - FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**CONFIDENTIAL - FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# CONFIDENTIAL - FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

**CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**