QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DECLARATION OF JON D. COREY IN SUPPORT OF MATTEL, INC.'S MOTION FOR ISSUANCE OF LETTER OF REQUEST AND REQUEST FOR JUDICIAL ASSISTANCE (LETTER OF REQUEST)**<br><br>Hearing Date:   March 3, 2008<br>Time:             10:00 a.m.<br>Courtroom:      1<br><br>**Phase 1**<br>Discovery Cut-off:      January 28, 2008<br>Pre-trial Conference:   May 5, 2008<br>Trial Date                 May 27, 2008 |

1              DECLARATION OF JON D. COREY

2        I, Jon D. Corey, declare as follows:

3              1.      I am a member of the bars of the State of California and the

4   District of Columbia.  I am a partner at Quinn Emanuel Urquhart Oliver &

5   Hedges, LLP, attorneys for Mattel, Inc. ("Mattel").  I make this declaration in

6   support of Mattel, Inc.'s Motion for Issuance of Letter of Request and Request for

7   Judicial Assistance (Letter of Request) by the United States District Court for the

8   Central District of California.  I make this declaration of personal, firsthand

9   knowledge, and if called and sworn as a witness, I could and would testify

10  competently thereto.

11             2.      Attached hereto as Exhibit A is a true and correct copy of

12  Mattel's Notice of Deposition of Janine Brisbois dated September 14, 2007.

13             3.      Attached hereto as Exhibit B is a true and correct copy of

14  Mattel's Corrected Notice of Deposition of Janine Brisbois dated September 14,

15  2007.

16             4.      Attached hereto as Exhibit C is a true and correct copy of a letter

17  from Jon Corey to MGA's counsel dated September 14, 2007.

18             5.      Attached hereto as Exhibit D is a true and correct copy of a letter

19  from Scott E. Gizer to the Honorable Edward A. Infante and Mattel's counsel dated

20  September 16, 2007.

21             6.      Attached hereto as Exhibit E is a true and correct copy of MGA

22  Entertainment, Inc.'s Objection to Mattel's Submission Regarding Deposition

23  Scheduling dated September 16, 2007.

24             7.      Attached hereto as Exhibit F is a true and correct copy of Mattel,

25  Inc.'s First Set of Requests for Documents and Things Re Claims of Unfair

26  Competition to MGA Entertainment, Inc. dated December 18, 2006.

27             8.      Attached hereto as Exhibit G is a true and correct copy of MGA

28  Entertainment, Inc.'s Responses to Mattel, Inc.'s First Set of Requests for Production

1    of Documents and Tangible Things dated April 13, 2005

2            9.    Attached hereto as Exhibit H are true and correct copies of

3    excerpts from the deposition transcript of Lisa Tonnu taken July 19, 2007.

4            10.   Attached hereto as Exhibit I is a true and correct copy of a letter

5    from Jon Corey to Amman Khan dated September 25, 2007.

6            11.   Attached hereto as Exhibit J is a true and correct copy of letter

7    from Jon Corey to Amman Khan dated October 2, 2007.

8            12.   Attached hereto as Exhibit K is a true and correct copy of a letter

9    from Jon Corey to Paul Eckles dated January 22, 2008.

10           13.   Attached hereto as Exhibit L is a true and correct copy of an

11   email from Jon Corey to Paul Eckles dated January 22, 2008.

12           14.   Attached hereto as Exhibit M is a true and correct copy of an

13   email from Jon Corey to Paul Eckles dated January 23, 2008.

14           15.   Attached hereto as Exhibit N is a true and correct copy of Notice

15   of Motion and Motion of Mattel, Inc. for Leave to Take Additional Discovery and

16   Objections to Discovery Master Order of September 28, 2007, dated November 19,

17   2007.

18           16.   Attached hereto as Exhibit O is a true and correct copy of the

19   Court's Order Granting Mattel's Motion for Leave to Take Additional Discovery

20   dated January 7, 2008.

21

22       I declare under penalty of perjury under the laws of the United States of

23   America that the foregoing is true and correct.

24

25       Executed on January 28, 2008, at Los Angeles, California.

26

27                                        _____
                                              Jon D. Corey
28

                                    -2-

# EXHIBIT A

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**NOTICE OF DEPOSITION OF JANINE BRISBOIS**<br><br>Date:    November 13, 2007<br>Time:    9:30 a.m.<br>Place.:  Quinn Emanuel Urquhart Oliver<br>         & Hedges, LLP<br>         865 South Figueroa Street, 10th<br>         Floor<br>         Los Angeles, CA 90017<br><br>Discovery Cut-Off: January 14, 2008<br>Pre-Trial Conference: April 7, 2008<br>Trial Date: April 29, 2008 |

NOTICE OF DEPOSITION

**EXHIBIT A PAGE 3**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of Janine Brisbois on November 8, 2007 beginning at 9:30 a.m., at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

PLEASE TAKE FURTHER NOTICE that the deposition will take place upon oral examination before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Sundays, Saturdays and legal holidays excepted, until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to <u>Fed. R. Civ. P.</u> 30(b)(2), the deposition will be videotaped. Mattel also reserves the right to use Livenote or other technology for real-time transcription of the testimony.

DATED: September 14, 2007    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Jon Corey
Attorneys for Mattel, Inc.

**PROOF OF SERVICE**

1

2      I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen years and not a party to the within action. My business address is Now Legal Services,
3    1301 West 2nd Street, Suite 206, Los Angeles, CA 90026.

4      On September 14, 2007, I served true copies of the following document(s)
described as: **NOTICE OF DEPOSITION OF JANINE BRISBOIS** on the
5    parties in this action as follows:

6    Diana M. Torres, Esq.
     **O'Melveny & Myers**
7    400 So. Hope Street
     Los Angeles, CA  90071
8

9

10
     **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)
11   being served.

12

13     I declare that I am employed in the office of a member of the bar of this Court at whose
     direction the service was made.
14

15     Executed on September 14, 2007, at Los Angeles, California.
16

17
                                          _____
18                                        Now Legal Services-Dave Quintana

19

20

21

22

23

24

25

26

27

28

07209/2218704.1

-3-

NOTICE OF DEPOSITION

**EXHIBIT A PAGE 5**

1

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California.

On September 14, 2007, I served true copies of the following document(s) described as: **NOTICE OF DEPOSITION OF JANINE BRISBOIS** on the parties in this action as follows:

John W. Keker                        Patricia Glaser, Esq.
Michael H. Page                      **Christensen, Glaser, Fink,**
Christa M. Anderson                  **Jacobs, Weil**
Keker & Van Nest, LLP                **& Shapiro, LLP**
710 Sansome STreet                   10250 Constellation Blvd., 19th
San Francisco, CA 94111-1704         Floor
                                     Los Angeles, CA 90067

James W. Spertus, Esq.
**LAW OFFICES OF JAMES W.**
**SPERTUS**
12100 Wilshire Blvd., Suite 620
Los Angeles, CA 90025

[√] **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

Executed on September 14, 2007, at Los Angeles, California.

Albert Villamil

07209/2218704.1

-4-

# EXHIBIT B

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**CORRECTED NOTICE OF DEPOSITION OF JANINE BRISBOIS**<br><br>Date:    November 13, 2007<br>Time:   9:30 a.m.<br>Place.: Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>          865 South Figueroa Street, 10th Floor<br>          Los Angeles, CA 90017<br><br>Discovery Cut-Off: January 14, 2008<br>Pre-Trial Conference: April 7, 2008<br>Trial Date:  April 29, 2008 |

07209/2221460.1

CORRECTED NOTICE OF DEPOSITION

**EXHIBIT B PAGE 7**

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of

3
4  Janine Brisbois on November 14, 2007 beginning at 9:30 a.m., at the offices of

5  Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

6  Floor, Los Angeles, California 90017.

7
8       PLEASE TAKE FURTHER NOTICE that the deposition will take

9  place upon oral examination before a duly authorized notary public or other officer

10  authorized to administer oaths at depositions, and will continue from day to day,

11  Sundays, Saturdays and legal holidays excepted, until completed.

12

13       PLEASE TAKE FURTHER NOTICE that, pursuant to <u>Fed. R. Civ.</u>

14  <u>P.</u> 30(b)(2), the deposition will be videotaped. Mattel also reserves the right to use

15  Livenote or other technology for real-time transcription of the testimony.

16

17

18  DATED: September 14, 2007     QUINN EMANUEL URQUHART OLIVER &
                         HEDGES, LLP
19

20                        By

21                        Jon Corey
                         Attorneys for Mattel, Inc.

22

23

24

25

26

27

28

07209/2221460.1

-2-

## PROOF OF SERVICE

1

2     I am employed in the County of Los Angeles, State of California.  I am over
3 the age of eighteen years and not a party to the within action.  My business address
is Now Legal Services, 1301 West 2nd Street, Suite 206, Los Angeles, CA 90026.

4
5     On September 14, 2007, I served true copies of the following document(s)
described as: **NOTICE OF DEPOSITION OF JANINE BRISBOIS**  on the
parties in this action as follows:

6
7 Diana M. Torres, Esq.
**O'Melveny & Myers**
8 400 So. Hope Street
Los Angeles, CA  90071
9

10

11
12 **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of
the person(s) being served.
13

14     I declare that I am employed in the office of a member of the bar of this
15 Court at whose direction the service was made.

16

17     Executed on September 14, 2007, at Los Angeles, California.

18

19
20     _____
Now Legal Services-Dave Quintana
21

22

23

24

25

26

27

28

07209/2221460.1

-3-

CORRECTED NOTICE OF DEPOSITION

**EXHIBIT B PAGE 9**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California.

On September 14, 2007, I served true copies of the following document(s) described as: **NOTICE OF DEPOSITION OF JANINE BRISBOIS** on the parties in this action as follows:

John W. Keker
Michael H. Page
Christa M. Anderson
Keker & Van Nest, LLP
710 Sansome STreet
San Francisco, CA 94111-1704

Patricia Glaser, Esq.
**Christensen, Glaser, Fink,**
**Jacobs, Weil**
**& Shapiro, LLP**
10250 Constellation Blvd., 19th
Floor
Los Angeles, CA 90067

James W. Spertus, Esq.
**LAW OFFICES OF JAMES W.**
**SPERTUS**
12100 Wilshire Blvd., Suite 620
Los Angeles, CA 90025

[√] **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

Executed on September 14, 2007, at Los Angeles, California.

Albert Villamil

07209/2221460.1

-4-

CORRECTED NOTICE OF DEPOSITION

**EXHIBIT B PAGE 10**

# EXHIBIT C

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

September 14, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Amman Kahn, Esq.
Christensen, Glaser, Fink, Jacobs, Weil &
Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067

Diana Torres, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071-2899

Michael Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

James W. Spertus, Esq.
Law Offices of James W. Spertus
12100 Wilshire Blvd., Ste. 620
Los Angeles, CA 90025

Larry McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212

Re:   <u>Mattel v. Bryant</u>

Dear Counsel:

In anticipation of the conference before Judge Infante on Monday, Mattel identifies below those witnesses whose deposition Mattel currently seeks:

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4737 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/2221385.1

**EXHIBIT C PAGE 11**

**Witnesses Whose Depositions Have Been Ordered But For Whom MGA Has Provided No Dates Despite Mattel's Requests**

1.    Paula Garcia -- Topics Nos. 1-10, 12-13, 16-17, 29-30 and 35-36 of Mattel's Second Rule 30(b)(6) Notice to MGA ("Second Notice"); and Topic Nos. 1-3 and 6-8 of Mattel's First Rule 30(b)(6) Notice to MGA ("First Notice") -- 2 days by 9/28.

2.    Lisa Tonnu -- Topic Nos. 21, 24, 25, 26, 31, 37, 39, 40 and 41 of Second Notice -- 2 days by 9/30

3.    Ken Lockhart -- Topics No. 39 of Second Notice -- by 9/30

4.    Topic Nos. 16, 18, 20 and 32 of Mattel's Second Notice of MGA -- by 6/30

**Witnesses Whose Depositions Have Been Ordered And For Whom There Are Agreed Dates**

5.    Spencer Woodman -- Topic No. 34 of Second Notice -- 9/24

6.    Tom Bryant -- 9/25

7.    Janet Bryant -- 9/26

8.    Richard Irmen -- 9/28

**Witnesses Whose Dates Have Been Agreed Upon And Set After Meet and Confers Requested By Mattel**

9.    Schuyler Bacon -- Topic Nos. 4, 5, 10, and 14 of Mattel's Third Rule 30(b)(6) Notice to MGA ("Third Notice") -- 9/27

10.   Sarah Chui -- 9/28

11.   Edmond Lee -- MGA Hong Kong designee on all Rule 30(b)(6) Topics -- Starting on 10/4

12.   Susan Kuemmerele -- 10/24

13.   Carlos Gustavo Machado -- 10/26

**Witnesses for Whom Mattel Needs Dates, Including Witnesses MGA Promised Dates For But Have Never Provided**

14.   Charlene Brooks -- MGA Designee on Topics 15 and 16 of Mattel's Third Notice

15.   Topic Nos. 1-3, 6-8, 9, and 11-13 of Mattel's Third Notice

16.   Rachel Harris, for completion of her Rule 30(b)(6) testimony on Second Notice

17.   Kerri Brode, for completion of her Rule 30(b)(6) testimony on Second Notice

18.   Dave Malacrida

19.   Ron Brawer

20.   Carter Bryant

21.   Dan Cooney

22.   Farhad Larian

23.   Shirin Salemnia

24.   Mariana Trueba

25.   Pablo Vargas

26.   Elise Cloonan

27.   Sarah Halpern

**EXHIBIT C PAGE 12**

28. Margaret Hatch Leahy
29. Veronica Marlow
30. Jorge Castilla
31. Jeanine Brisbois
32. Isaac Larian
33. Stephen Lee
34. Lucy Arant
35. Joe Tiongco

Best regards,

Jon D. Corey

JDC:jcl
07209/2221385.1

**EXHIBIT C PAGE 13**

# EXHIBIT D

09-16-07   11:58pm   From-CHRISTENSEN GLASER   310-556-2920   T-867   P.001/016   F-169

LAW OFFICES
**CHRISTENSEN, GLASER, FINK, JACOBS, WEIL, & SHAPIRO, LLP**
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
MERITAS LAW FIRMS WORLDWIDE

**FAX TRANSMISSION**

TELEPHONE NO.: (310) 553-3000
FACSIMILE NO.: (310) 556-2920

FROM: Scott E. Gizer, Esq.

DATE: September 16, 2007

Number of Pages: 16
(Including this page)

Client Reference No.: 03460-016

| TO: | FAX NO.: | CONFIRMATION NO: |
|---|---|---|
| Honorable Edward A. Infante | 415-982-5287 | |
| Michael T. Zeller, Esq. | 213-443-3100 | |
| Michael Page, Esq. | 415-397-7188 | |
| Diana Torres, Esq. | 213-430-6407 | |

**Sender's Comments:**

**MGA's objection and preliminary response to Mattel's submission re deposition scheduling**

**If you have received this Transmission in error, please call: (310) 553-3000 and mail it to the above address. Thank you.**

NOTE: THE INFORMATION CONTAINED IN THIS FAX MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND, AS SUCH, IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE BY MAIL. THANK YOU.

604758

**EXHIBIT D PAGE 14**

09-16-07   11:58pm   From-CHRISTENSEN GLASER                310-556-2920        T-867   P 002/016   F-169

## CALENDAR OF DEPOSITIONS THAT HAVE BEEN SET

*as of September 16, 2007*
*All depositions are scheduled to take place in Los Angeles unless otherwise noted*

### September 2007

| | | | | | | |
|---|---|---|---|---|---|---|
| 2 | 3 | | | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 Spencer Woodman (MGA Witness) | 25 Tom Braun (G. Party) Location MO | 26 Janet Bryant (G. Party) Location MO | 27 Bacon (MGA Witness) | 28 G. Party Location Sarah Chui (MGA Witness) | 29 |
| 30 | | | | | | |

604901

*October 2007*

| | | | | | | |
|---|---|---|---|---|---|---|
| | | 2 | 3 | Edmond Lee (MGA HK) | 5 | 6 |
| 7 | 8 | 9<br>Anna Rhee (Mattel Witness) | 10 | 11<br>Ivy Ross (Mattel Witness) | 12 | 13 |
| 14 | 15 | 16 | | | | 20 |
| 21 | 22 | 23 | 24<br>Susana Kuemmerle (MGA witness) | 25 | 26<br>Gustavo Machado (MGA Witness) | 27 |
| 28 | 29 | 30 | 31 | | | |

604901

## Depositions Noticed, But Dates Not Confirmed

- Paula Garcia -- (MGA Witness):  Available October 10 and 11, 2007.  Previously deposed for two days.

- Lisa Tonnu -- (MGA Witness):  Available any date the week of September 24, 2007, except September 27, 2007.

- Daniel Cooney -- (MGA witness)

- Robert Eckert -- (Mattel Witness)

- Rich De Anda -- (Mattel Witness)

- Adrienne Fontanella  -- (Mattel Witness)

- Matt Bousquette -- (Mattel witness)

- Rene Pasko -- (Mattel Witness)

- Ron Brawer -- (MGA witness):  Available October 24-26, 2007 or December 17-24, 2007.

- Farhad Larian -- (3rd Party)

- Jorge Castilla -- (3rd Party):  Deposition must be coordinated through his counsel.

- Tina Patel -- (Mattel Witness)

- Shirin Salemnia -- (MGA Witness)

- Mattel 30(b)(6) Witnesses -- (Carter Bryant Notice)

- Mattel 30(b)(6) Witnesses -- (MGA Notice)

- Dave Malacrida -- (MGA Witness):  Available October 11, 16, 17 or 18, 2007, but already desposed in August.

- Charlene Brooks -- (MGA Witness)

- Rebecca Harris -- (MGA Witness)

- Mariana Trueba -- (MGA Witness)

604901                                                                                                    3

- Jamie Cygielman -- (3rd Party)

- Anna Rhee -- (Mattel Witness)

- Pablo Vargas -- (MGA Witness)

### Depositions Listed By Mattel, But Not Noticed

- Elise Cloonan -- (3rd Party): Deposition must be coordinated through her counsel.

- Sarah Halpern -- (3rd Party): Deposition must be coordinated through her counsel.

- Margaret Hatch Leahy -- (3rd Party): Deposition must be coordinated through her counsel.

- Veronica Marlow -- (3rd Party): Deposition must be coordinated through her counsel.

- Jeanine Brisbois -- (MGA Witness): Improperly noticed—witness works for non-party in Canada.

- Stephen Lee -- (3rd Party)

- Lucy Arant -- (3rd Party)

- Joe Tiongco -- (MGA Witness)

### Depositions That Have Been Completed

- Isaac Larian -- Deposition completed July 18, 2006.

- Ken Lockhart -- Completed testimony on Topic No. 39 as to electronic documents. Lisa Tonnu to testify on Topic No. 39 as to non-electronic documents.

- Topic Nos. 16, 18, 20 and 32 of Mattel's Second Notice of MGA -- Topics all covered by designating prior testimony, per the parties' agreement.

- Kerri Brode -- Deposition completed August 15, 2007. Designated topics she testified to will be completed by Charlene Brooks.

604901                                                                                                  4

## Depositions Subject To Objection and Discovery Motions

- MGA 3rd 30(b)(6) by Mattel — Motion for Protective Order pending.

- Littler, Mendelson -- (3rd Party): Carter Bryant's prior counsel, and likely subject to Motion for Protective Order.

- Carter Bryant -- Mr. Bryant submitted to 3 days of deposition. Further, deposition subject to discovery motions between Keker, VanNest and Mattel. Deposition must be coordinated through his counsel.

604901

# EXHIBIT E

07209/2340375.1

1   Patricia Glaser, State Bar No. 55668
    Amman A. Khan, State Bar No. 196217
2   Scott E. Gizer, State Bar No. 221962
    CHRISTENSEN, GLASER, FINK, JACOBS,
3     WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
4   Los Angeles, California 90067
    Telephone: (310) 553-3000
5   Facsimile: (310) 556-2920

6   Dale M. Cendali (admitted *pro hac vice*)
    O'MELVENY & MYERS LLP
7   Times Square Tower
    7 Times Square
8   New York, New York 10036
    Telephone: (212) 326-2000
9   Facsimile: (212) 326-2061

10  Attorneys for Plaintiff MGA Entertainment, Inc.

11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14
    CARTER BRYANT, an individual        )   Case No. 04. CV 04-09049 SGL
15                                       )   (RNBx)
              Plaintiff,                 )   (consolidated with CV 04-9059 &
16                                       )   05-2727)
         v.                              )
17                                       )   **DISCOVERY MATTER**
    MATTEL, INC., a Delaware             )
18  corporation                         )   **MGA ENTERTAINMENT, INC.'S**
                                         )   **OBJECTION TO MATTEL'S**
19            Defendant.                 )   **INC.'S SUBMISSION REGARDING**
                                         )   **DEPOSITION SCHEDULING AND**
20                                       )   **PRELIMINARY RESPONSE**
                                         )
21  AND CONSOLIDATED ACTIONS            )   Date:  September 17, 2007
                                         )   Time:  9:00 a.m.
22  _____ )   Place: Telephonic

23

24

25

26

27
                    **EXHIBIT E PAGE 20**
28

G04895

1    The purpose of the September 17, 2007 conference call is to be the first in a
2  series of conference calls with Judge Infante to set an omnibus deposition schedule in
3  this case. MGA objects to Mattel's late Friday night Submission of September 14,
4  2007 because it does not serve this purpose. Rather, it confuses the issues and
5  contains materials misstatements and omissions in an attempt to smear MGA. The
6  purpose of this pleading is to quickly dispose of Mattel's key misstatements and
7  omissions, and then constructively focus on the task at hand: scheduling the twenty-
8  seven plus depositions that need to be scheduled in this case.[1]

9  I.   **MATTEL'S SUBMISSION INCLUDES MATERIAL MISSTATEMENTS**
10       **AND OMISSIONS**

11    Mattel's Submission contains four key material misstatements and omissions of
12  fact that appear to have been made to prejudice Judge Infante against MGA. MGA
13  will not discuss every misstatement and omission in Mattel's Submission to avoid
14  wasting the Court's time, but briefly discusses some of the most glaring falsities.

15    • Deposition of Lisa Tonnu:[2] Mattel simply states that MGA cancelled the
16  deposition last minute. What Mattel fails to mention is that the deposition had to be
17  cancelled because Marc Feinstein of O'Melveny & Myers, the attorney who had
18  prepared for and been assigned to defend her deposition, learned that his father was
19  hospitalized and diagnosed with a life-threatening infection less than two days before
20  the deposition date. Therefore, he had to fly out of town to be with his father at the
21  hospital. Mattel's counsel was made aware of this sad development, but failed to
22  disclose it to Judge Infante in its late Friday-night Submission. With this submission,
23  MGA has provided alternate dates for Ms. Tonnu's deposition: any day the week of
24  September 24, 2007, except September 27, 2007.

25

26  [1] In this regard, MGA refers Judge Infante to MGA's calendar of depositions that have been set and list of depositions that have been noticed, but not scheduled, which is served concurrently with this objection and response.
27  [2] In asserting that MGA "willfully violated a court order," Mattel omits the reason Ms. Tonnu's deposition was delayed. Her deposition was delayed because MGA sought rulings from Judge Larson on several issues related to Mattel's second
28  rule FRCP 30(b)(6) notice before Ms. Tonnu could be produced. Once Judge Larson issued his rulings, MGA immediately offered dates for Ms. Tonnu's deposition, and it was set for September 14, 2007.

604895

**EXHIBIT E PAGE 21**    2

1          • Deposition of Ken Lockhart: Ken Lockhart appeared and testified on

2     Topic No. 39 regarding electronic documents, and that deposition is complete. Mattel

3     never filed a motion to compel any further testimony for Mr. Lockhart, and he is not

4     scheduled to testify on any other matters. Lisa Tonnu will be testifying on Topic No.

5     39 as to non-electronic documents, which is the only remaining portion of this

6     category. Mattel is well aware of this fact. Had it not been for the cancellation of the

7     Ms. Tonnu's deposition due to the illness mentioned above, this topic would be

8     completed. Thus, it is disingenuous for Mattel to claim Mr. Lockhart's deposition is

9     subject to a court order and that MGA has not offered dates for his deposition.

10         • Mattel's false claim that Topic Nos. 16, 18, 20 and 32 of Mattel's Second

11    FRCP 30(b)(6) Deposition of MGA have not been completed and are subject to a

12    Court order, which MGA has allegedly violated: The parties agreed that prior

13    testimony could be designated as responsive to these topics, and thus these topics

14    have been completed. The prior testimony designated as responsive was identified by

15    Kerry Lyon Grossman of O'Melveny & Myers. Mattel knows this since they were

16    party to this agreement. To completely exclude this material fact and make a claim to

17    the contrary is nothing short of unethical.

18         • Mattel's list of deponents for which it claims MGA has provided no

19    dates: Mattel's list, at pages 6-8 of its Submission, is inaccurate because it contains

20    numerous individuals who are not controlled MGA and other individuals whose

21    depositions have been completed.  Mattel also fails to mention that several of these

22    individuals are represented by separate counsel. These individuals include Janet

23    Bryant, Tim Bryant, Richard Irmen, Elise Cloonan, Sarah Halpern, Margaret Leahy,

24    Veronica Marlow, Stephen Lee, Lucy Arrant and the law firm of Littler, Mendelson.

25    Accordingly, MGA has no ability to set these depositions, it can only agree or

26    disagree to dates acceptable to those witnesses.

27         Other deponents Mattel listed have already been deposed, and cannot be

28    deposed again. For example, Isaac Larian was previously deposed on July 18, 2006.

604895                                          3

1  At the conclusion of Mr. Larian's deposition, Mattel's counsel John Quinn clearly
2  states that he has "nothing further" and the deposition was concluded. Mattel's
3  counsel was also reminded of Magistrate Block's order that if Mattel decided to
4  proceed with Mr. Larian's deposition at the outset of the discovery, they would do so
5  at their own risk. Mattel's counsel indicated on the record that he understood this fact.
6  See deposition of Isaac Larian page 254, line 4 through page 255, line 6. The
7  transcript is designated "attorneys eyes only" and MGA will make the excerpt
8  available to the discovery referee upon request. Thus, while Mattel lists Mr. Larian as
9  an individual it needs a deposition date for, he has already been deposed and cannot
10  be deposed against based on Magistrate Block's orders.

11  **II.    MGA'S TABLE OF OUTSTANDING DEPOSITIONS**

12  MGA could draft a similar smear campaign against Mattel regarding the
13  depositions of Mattel employees, but MGA wants to move forward with scheduling
14  and completing the depositions in this case in an orderly fashion, which is why MGA
15  requested a conference call with Judge Infante. Accordingly, MGA provides the
16  following table of depositions sought by all parties, including proposed dates for the
17  depositions where available.

18  **A.    Court Ordered Depositions**

19  Christensen, Glaser will now be taking a greater role in the discovery process,
20  and for this reason, has been trying to meet and confer with Mattel's counsel to get all
21  outstanding depositions set. As our firm transitions into that role, we respectfully
22  request some flexibility. Christensen, Glaser and MGA do not intend to violate any
23  court orders and will make every effort to comply with them. However, due to
24  Christensen, Glaser's new role in the discovery process, it requests the Court and
25  Mattel afford it some accommodation so that it can work to resolve these matters
26  regarding deposition scheduling.

27
28

08-17-07    12:01am   From-CHRISTENSEN GLASER                310-556-2920          T-867   P.011/016   F-169

| Deponent | Date Scheduled or Dates of Availability | Comment |
|---|---|---|
| Paula Garcia | Available October 10 and 11, 2007 | |
| Lisa Tonnu | Available any date the week of September 24, 2007, except September 27, 2007 | |
| Ken Lockhart | Deposition completed | Mr. Lockhart testified on Topic No. 39 as to electronic documents. Lisa Tonnu to testify as to non-electronic documents |
| Spencer Woodman | Scheduled for September 24, 2007 | |
| Janet Bryant | Scheduled for September 25, 2007 | |
| Tom Bryant | Scheduled for September 26, 2007 | |
| Richard Irmen | Scheduled for September 28, 2007 | |

604895

5

**B.    Depositions Requested By MGA**

MGA has subpoenaed and noticed the following depositions:

| Deponent | Date of Notice of Subpoena | Date Scheduled or Dates of Availability | Comment |
|---|---|---|---|
| Matt Bousquette | Noticed November 22, 2006 | None provided | |
| Court ordered FRCP 30(b)(6) Deposition of Mattel, noticed by Carter Bryant | Noticed December 21, 2004 | None provided. | Topics to be covered are 1-8, 10-21, 24, 41 and 48. (topics 11-13, 24 and 41 subject of Bandying Motion) Was ordered to be completed by 3/31/07. |
| Rene Pasko | | None provided | |
| FRCP 30(b)(6) Deposition of Mattel | Noticed September 5, 2007 | None provided | |
| Rich De Anda | Noticed September 5, 2007 | None provided | |
| Tina Patel | Noticed September 5, 2007 | None provided | |
| Adrienne Fontanella | Noticed September 13, 2007 | None provided | |
| Jamie Cygielman | Noticed September 14, 2007 | None provided | |

604895

6

| Anna Rhee | Noticed February 12, 2005 | Scheduled for October 9, 2007 | |
|-----------|---------------------------|-------------------------------|---|
| Ivy Ross | Noticed November 22, 2006 | Scheduled for October 11, 2007 | |
| Robert Eckert | Noticed September 5, 2007 | None provided | |

### C.   Other Depositions Requested By Mattel

Mattel has requested the following depositions below.  Based on the number of depositions requested by Mattel in its Submission, it appears Mattel seeks to violate the Court's order allotting each party 25 depositions.  Therefore, Mattel must eliminate certain depositions to comply with the Court's order.

| Deponent | Date Scheduled or Dates of Availability | Comment |
|----------|------------------------------------------|---------|
| Schuyler Bacon | Scheduled for September 27, 2007 | MGA has filed an objection to this deposition and sought a protective order precluding Mattel's Third Rule 30(b)(6) Notice |
| Sarah Chui | Scheduled for September 28, 2007 | |
| Edmond Lee | Scheduled to start October 4, 2007 | |
| Susan Kuemmerle | Scheduled for October 24, 2007 | |
| Carlos Machado | Scheduled for October 26, 2007 | |

**EXHIBIT E PAGE 26**

| Carter Bryant | Deposition completed | Mr. Bryant submitted to 3 days of deposition. Further, deposition subject to discovery motions between Keker, VanNest and Mattel. |
| Ron Brawer | October 24-26, 2007 or December 17-24, 2007, in Los Angeles | Mr. Brawer is an Executive Vice-President at Mattel and lives in the United Kingdom |
| Farhad Larian | | Third Party |
| Charlene Brooks | | Completion of topics of Second Notice previously testified to by Kerri Brode. MGA has filed a motion for protective order precluding Mattel's Third Rule 30(b)(6) Notice. |
| Topics Nos. 16, 18, 20 and 32 of Second Rule 30(b)(6) Notice | Deposition completed | Topics all covered by designating prior testimony, per the parties' agreement |
| Topic Nos. 2, 3, 6-9, 11, 12 and 17 of Third Rule 30(b)(6) Notice | | MGA has filed motion for protective order precluding Mattel's Third Rule 30(b)(6) Notice |
| Rebecca Harris | | Completion of Rule |

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10850 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

604895

8

| | | 30(b)(6) Testimony of Second Notice |
|---|---|---|
| Kerri Brode | Deposition completed August 15, 2007 | Completion of Rule 30(b)(6) topics to be covered by Charlene Brooks |
| Dan Cooney | None | Individual |
| Shirin Salemnia | None | Recently noticed on September 4, 2007 |
| Mariana Alamada | None | Recently noticed on September 13, 2007 |
| Pablo Vargas San Jose | None | Recently noticed on September 13, 2007 |
| Jorge Castilla | None | Represented by attorney Charles Kreindler. |
| Jeanine Brisbois | None | Improperly noticed on September 14, 2007. Ms. Brisbois works for a non-party and lives in Canada |
| Isaac Larian | Deposition completed | Mattel concluded Mr. Larian's deposition and may not be deposed again pursuant to Magistrate Judge Block's order |
| Dave Malacrida | Available October 11, 16, 17 or 18, 2007 | Continuation of testimony |
| Elise Cloonan | None | Not controlled by MGA. |

| | | Represented by Larry McFarland. |
|---|---|---|
| Sarah Halpern | None | Not controlled by MGA. Represented by Larry McFarland. |
| Margaret Leahy | None | Not controlled by MGA. Represented by Larry McFarland. |
| Veronica Marlow | None | Not controlled by MGA. Represented by Larry McFarland. |
| Stephen Lee | None | Not controlled by MGA |
| Lucy Arrant | None | Not controlled by MGA |
| Joe Tiongco | None | Not subpoenaed or noticed |
| Littler, Mendelson | None | Not controlled by MGA |

Dated:  September 16, 2007

Patricia Glaser
Amman A. Khan
Scott E. Gizer
CHRISTENSEN, GLASER, FINK, JACOBS,
   WEIL & SHAPIRO, LLP

By: _____
       Scott E. Gizer
Attorneys for Plaintiff
MGA Entertainment, Inc.

604895

10

**EXHIBIT E PAGE 29**

# EXHIBIT F

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 90378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
(timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS RE CLAIMS OF UNFAIR COMPETITION TO MGA ENTERTAINMENT, INC. |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to these document requests ("Requests") and make available for inspection and copying originals of the following documents within 30 days of service at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th floor, Los Angeles, CA 90017. MGA shall be obligated to supplement responses to these requests at such times and to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

12-18

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

**EXHIBIT F PAGE 30**

## I.   DEFINITIONS

For purposes of these Requests, the following definitions apply:

A.    The terms "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc. and any individual or entity acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to current or former directors, officers, employees, agents, contractors, attorneys, accountants, or representatives of MGA Entertainment, Inc. and any corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and any other PERSON acting on its behalf.

B.    The term "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

C.    "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of communication or representation, and any record thereby created, regardless of the manner in which the record has been stored, and all non-identical copies of such DOCUMENTS, in the possession, custody, or control of YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

D.    The term "COMMUNICATION," in the plural as well as the singular, means any transmittal and/or receipt of information, whether such was oral or written, and whether such was by chance, prearranged, formal or informal, and

1 | specifically includes, but is not limited to, conversations in person, telephone
2 | conversations, electronic mail (including instant messages and text messages),
3 | voicemail, letters, memoranda, statements, media releases, magazine and newspaper
4 | articles, and video and audio transmissions.

5 |      E.     "EMBODIMENT" means any representation of the identified
6 | product or its retail packaging, whether two-dimensional or three-dimensional, and
7 | whether in tangible, digital, electronic or other form, including but not limited to all
8 | works, designs, artwork, sketches, drawings, illustrations, representations,
9 | depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,
10 | samples, reductions to practice, developments, inventions and/or improvements, as
11 | well as all other items, things and DOCUMENTS in which any of the foregoing are
12 | or have been expressed, embodied, contained, fixed or reflected in any manner,
13 | whether in whole or in part.

14 |      F.     "CONTESTED MGA PRODUCTS" means the CONTESTED
15 | BRATZ DOLLS PRODUCTS, the CONTESTED BRATZ PETZ PRODUCTS, the
16 | CONTESTED BRATZ FUNKY FASHION MAKEOVER HEAD, the
17 | CONTESTED 4-EVER BEST FRIENDS PRODUCTS, the CONTESTED
18 | MOMMY'S LITTLE DOLL PRODUCTS, and the CONTESTED ALIENRACERS
19 | PRODUCTS, and any doll, toy, portion thereof, or version thereof that is now or has
20 | ever been known as, or sold, offered for sale, licensed, offered for license or
21 | marketed under the name or terms "Bratz," "4-ever Best Friends," "Mommy's
22 | Little," "Alienracers," or any derivative thereof, that provides a basis for any claim
23 | by YOU against MATTEL, including but not limited to "Bratz Dolls," "Bratz
24 | Dogz," "Winter Wonderland," "Bratz Sportz," "Formal Funk," "Sun-Kissed
25 | Summer," "Funky Fashion Makeover Head," "Runway Disco," "4-ever Best
26 | Friends," "Mommy's Little Patient," and "Alienracers."

27 |      G.     "CONTESTED BRATZ DOLLS PRODUCTS" means any of
28 | the following that provides a basis for any claim by YOU against MATTEL: (i) any

1   EMBODIMENT or project ever known by the name "Bratz" or any derivative
2   thereof (whether in whole or in part and regardless of what such EMBODIMENT or
3   project is or has been also, previously or subsequently called) and any doll or any
4   portion thereof that is now or has ever been known as, or sold, offered for sale,
5   licensed, offered for license or marketed under, the name or term "Bratz" or any
6   derivative thereof (whether in whole or in part and regardless of what such doll is or
7   has been also, previously or subsequently called), and all prototypes, models,
8   samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any
9   playset and accessory that YOU distribute under the name "Bratz" or any derivative
10  thereof; and/or (iii) any and all other goods, product packaging, advertisements,
11  promotional materials or other thing or item or material manufactured, produced,
12  printed, ordered, marketed, advertised, promoted, displayed, distributed, shipped,
13  imported, exported, licensed, offered for license, sold or offered for sale by YOU or
14  on YOUR behalf under the name "Bratz" or any derivative thereof.

15          H.      "CONTESTED BRATZ PETZ PRODUCTS" means any of the
16  following that provides a basis for any claim by YOU against MATTEL:  (i) any
17  EMBODIMENT or project ever known by the name "Bratz Petz" or any derivative
18  thereof (whether in whole or in part and regardless of what such EMBODIMENT or
19  project is or has been also, previously or subsequently called) and any toy pet or any
20  portion thereof that is now or has ever been known as, or sold, offered for sale,
21  licensed, offered for license or marketed under, the name or term "Bratz" or any
22  derivative thereof (whether in whole or in part and regardless of what such toy pet is
23  or has been also, previously or subsequently called), and all prototypes, models,
24  samples and versions of such EMBODIMENT, toy pet or any portion thereof; (ii)
25  any playset and accessory that YOU distribute under the name "Bratz Petz" or any
26  derivative thereof; and/or (iii) any and all other goods, product packaging,
27  advertisements, promotional materials or other thing or item or material
28  manufactured, produced, printed, ordered, marketed, advertised, promoted,

-4-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

**EXHIBIT F PAGE 33**

1  displayed, distributed, shipped, imported, exported, licensed, offered for license,
2  sold or offered for sale by YOU or on YOUR behalf under the name "Bratz Petz" or
3  any derivative thereof.

4       I.      "CONTESTED BRATZ FUNKY FASHION MAKEOVER
5  HEAD" means any of the following that provides a basis for any claim by YOU
6  against MATTEL: (i) any EMBODIMENT or project ever known by the name
7  "Bratz Funky Fashion Makeover Head" or any derivative thereof (whether in whole
8  or in part and regardless of what such EMBODIMENT or project is or has been
9  also, previously or subsequently called) and any styling head or any portion thereof
10 that is now or has ever been known as, or sold, offered for sale, licensed, offered for
11 license or marketed under, the name or term "Bratz" or any derivative thereof
12 (whether in whole or in part and regardless of what such styling head is or has been
13 also, previously or subsequently called), and all prototypes, models, samples and
14 versions of such EMBODIMENT, styling head or any portion thereof; (ii) any
15 accessory that YOU distribute under the name "Bratz Funky Fashion Makeover
16 Head" or any derivative thereof; and/or (iii) any and all other goods, product
17 packaging, advertisements, promotional materials or other thing or item or material
18 manufactured, produced, printed, ordered, marketed, advertised, promoted,
19 displayed, distributed, shipped, imported, exported, licensed, offered for license,
20 sold or offered for sale by YOU or on YOUR behalf under the name "Bratz Funky
21 Fashion Makeover Head" or any derivative thereof.

22       J.      "CONTESTED 4-EVER BEST FRIENDS PRODUCTS" means
23 any of the following that provides a basis for any claim by YOU against MATTEL:
24 (i) any EMBODIMENT or project ever known by the name "4-ever Best Friends" or
25 any derivative thereof (whether in whole or in part and regardless of what such
26 EMBODIMENT or project is or has been also, previously or subsequently called)
27 and any doll or any portion thereof that is now or has ever been known as, or sold,
28 offered for sale, licensed, offered for license or marketed under, the name or term

-5-

1  "4-ever Best Friends" or any derivative thereof (whether in whole or in part and

2  regardless of what such doll is or has been also, previously or subsequently called),

3  and all prototypes, models, samples and versions of such EMBODIMENT, doll or

4  any portion thereof; (ii) any playset and accessory that YOU distribute under the

5  name "4-ever Best Friends" or any derivative thereof; and/or (iii) any and all other

6  goods, product packaging, advertisements, promotional materials or other thing or

7  item or material manufactured, produced, printed, ordered, marketed, advertised,

8  promoted, displayed, distributed, shipped, imported, exported, licensed, offered for

9  license, sold or offered for sale by YOU or on YOUR behalf under the name "4-ever

10  Best Friends" or any derivative thereof.

11       K.    "CONTESTED MOMMY'S LITTLE DOLL PRODUCTS"

12  means any of the following that provides a basis for any claim by YOU against

13  MATTEL: (i) any EMBODIMENT or project ever known by the name "Mommy's

14  Little Patient" or similar name or any derivative thereof (whether in whole or in part

15  and regardless of what such EMBODIMENT or project is or has been also,

16  previously or subsequently called) and any doll or any portion thereof that is now or

17  has ever been known as, or sold, offered for sale, licensed, offered for license or

18  marketed under, the name or term "Mommy's Little Patient" or similar name or any

19  derivative thereof (whether in whole or in part and regardless of what such doll is or

20  has been also, previously or subsequently called), and all prototypes, models,

21  samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any

22  playset and accessory that YOU distribute under the name "Mommy's Little Patient"

23  or similar name or any derivative thereof; and/or (iii) any and all other goods,

24  product packaging, advertisements, promotional materials or other thing or item or

25  material manufactured, produced, printed, ordered, marketed, advertised, promoted,

26  displayed, distributed, shipped, imported, exported, licensed, offered for license,

27  sold or offered for sale by YOU or on YOUR behalf under the name "Mommy's

28  Little Patient" or similar name or any derivative thereof.

1     L.    "CONTESTED ALIENRACERS PRODUCTS" means any of
2  the following that provides a basis for any claim by YOU against MATTEL: (i) any
3  EMBODIMENT or project ever known by the name "Alienracers" or any derivative
4  thereof (whether in whole or in part and regardless of what such EMBODIMENT or
5  project is or has been also, previously or subsequently called) and any toy vehicle,
6  character, or any portion thereof that is now or has ever been known as, or sold,
7  offered for sale, licensed, offered for license or marketed under, the name or term
8  "Alienracers" or any derivative thereof (whether in whole or in part and regardless
9  of what such toy is or has been also, previously or subsequently called), and all
10  prototypes, models, samples and versions of such EMBODIMENT, toy vehicle,
11  character, or any portion thereof; (ii) any playset and accessory that YOU distribute
12  under the name "Alienracers" or any derivative thereof; and/or (iii) any and all other
13  goods, product packaging, advertisements, promotional materials or other thing or
14  item or material manufactured, produced, printed, ordered, marketed, advertised,
15  promoted, displayed, distributed, shipped, imported, exported, licensed, offered for
16  license, sold or offered for sale by YOU or on YOUR behalf under the name
17  "Alienracers" or any derivative thereof.

18     M.    "CONTESTED MATTEL PRODUCTS" means the
19  CONTESTED MATTEL MY SCENE DOLLS PRODUCTS, the CONTESTED
20  MATTEL MY SCENE PETS PRODUCTS, the CONTESTED MATTEL MY
21  SCENE STYLING HEAD, the CONTESTED MATTEL WEE-3 PRODUCTS, the
22  CONTESTED MATTEL LITTLE MOMMY DOLL PRODUCTS, and the
23  CONTESTED MATTEL ACCELERACERS PRODUCTS, and any doll, toy,
24  portion thereof, or version thereof that is now or has ever been known as, or sold,
25  offered for sale, licensed, offered for license or marketed under the name or terms
26  "My Scene," "Wee-3," "Little Mommy," "AcceleRacerS," or any derivative thereof,
27  that provides a basis for any claim by YOU against MATTEL, including but not
28  limited to "My Scene Dolls," "My Scene Pets," "My Scene Chillin' Out," "My Scene

1  Miami Getaway," "My Scene Night on the Town," "My Scene Jammin' in Jamaica,"
2  "My Scene Guava Gulch Tiki Lounge," "My Scene Sound Lounge," "My Scene
3  Stylin' Head," "Mattel Wee-3," "Mattel Little Mommy Potty Training Baby Doll,"
4  and "Mattel Acceleracers."

5          N.     "CONTESTED MATTEL MY SCENE DOLLS PRODUCTS"
6  means any of the following that provides a basis for any claim by YOU against
7  MATTEL: (i) any EMBODIMENT or project ever known by the name "My Scene"
8  or any derivative thereof (whether in whole or in part and regardless of what such
9  EMBODIMENT or project is or has been also, previously or subsequently called)
10 and any doll or any portion thereof that is now or has ever been known as, or sold,
11 offered for sale, licensed, offered for license or marketed under, the name or term
12 "My Scene" or any derivative thereof (whether in whole or in part and regardless of
13 what such doll is or has been also, previously or subsequently called), and all
14 prototypes, models, samples and versions of such EMBODIMENT, doll or any
15 portion thereof; (ii) any playset and accessory that MATTEL distributes under the
16 name "My Scene" or any derivative thereof; and/or (iii) any and all other goods,
17 product packaging, advertisements, promotional materials or other thing or item or
18 material manufactured, produced, printed, ordered, marketed, advertised, promoted,
19 displayed, distributed, shipped, imported, exported, licensed, offered for license,
20 sold or offered for sale by MATTEL under the name "My Scene" or any derivative
21 thereof.

22         O.     "CONTESTED MATTEL MY SCENE PETS PRODUCTS"
23 means any of the following that provides a basis for any claim by YOU against
24 MATTEL: (i) any EMBODIMENT or project ever known by the name "My Scene
25 Pets" or any derivative thereof (whether in whole or in part and regardless of what
26 such EMBODIMENT or project is or has been also, previously or subsequently
27 called) and any toy pet or any portion thereof that is now or has ever been known as,
28 or sold, offered for sale, licensed, offered for license or marketed under, the name or

1  term "My Scene" or any derivative thereof (whether in whole or in part and
2  regardless of what such toy pet is or has been also, previously or subsequently
3  called), and all prototypes, models, samples and versions of such EMBODIMENT,
4  toy pet or any portion thereof; (ii) any playset and accessory that MATTEL
5  distributes under the name "My Scene Pets" or any derivative thereof; and/or (iii)
6  any and all other goods, product packaging, advertisements, promotional materials
7  or other thing or item or material manufactured, produced, printed, ordered,
8  marketed, advertised, promoted, displayed, distributed, shipped, imported, exported,
9  licensed, offered for license, sold or offered for sale by MATTEL under the name
10 "My Scene Pets" or any derivative thereof.

11         P.    "CONTESTED MATTEL MY SCENE STYLING HEAD"
12 means any of the following that provides a basis for any claim by YOU against
13 MATTEL: (i) any EMBODIMENT or project ever known by the name "My Scene
14 Styling Head" or any derivative thereof (whether in whole or in part and regardless
15 of what such EMBODIMENT or project is or has been also, previously or
16 subsequently called) and any styling head or any portion thereof that is now or has
17 ever been known as, or sold, offered for sale, licensed, offered for license or
18 marketed under, the name or term "My Scene" or any derivative thereof (whether in
19 whole or in part and regardless of what such styling head is or has been also,
20 previously or subsequently called), and all prototypes, models, samples and versions
21 of such EMBODIMENT, styling head or any portion thereof; (ii) any accessory that
22 MATTEL distributes under the name "My Scene Styling Head" or any derivative
23 thereof; and/or (iii) any and all other goods, product packaging, advertisements,
24 promotional materials or other thing or item or material manufactured, produced,
25 printed, ordered, marketed, advertised, promoted, displayed, distributed, shipped,
26 imported, exported, licensed, offered for license, sold or offered for sale by
27 MATTEL under the name "My Scene Styling Head" or any derivative thereof.
28

1          Q.     "CONTESTED MATTEL WEE-3 PRODUCTS" means any of

2    the following that provides a basis for any claim by YOU against MATTEL:  (i) any

3    EMBODIMENT or project ever known by the name "Wee-3" or any derivative

4    thereof (whether in whole or in part and regardless of what such EMBODIMENT or

5    project is or has been also, previously or subsequently called) and any doll or any

6    portion thereof that is now or has ever been known as, or sold, offered for sale,

7    licensed, offered for license or marketed under, the name or term "Wee-3" or any

8    derivative thereof (whether in whole or in part and regardless of what such doll is or

9    has been also, previously or subsequently called), and all prototypes, models,

10   samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any

11   playset and accessory that MATTEL distributes under the name "Wee-3" or any

12   derivative thereof; and/or (iii) any and all other goods, product packaging,

13   advertisements, promotional materials or other thing or item or material

14   manufactured, produced, printed, ordered, marketed, advertised, promoted,

15   displayed, distributed, shipped, imported, exported, licensed, offered for license,

16   sold or offered for sale by MATTEL under the name "Wee-3" or any derivative

17   thereof.

18         R.     "CONTESTED MATTEL LITTLE MOMMY DOLL

19   PRODUCTS" means any of the following that provides a basis for any claim by

20   YOU against MATTEL:  (i) any EMBODIMENT or project ever known by the

21   name "Little Mommy" or any derivative thereof (whether in whole or in part and

22   regardless of what such EMBODIMENT or project is or has been also, previously or

23   subsequently called) and any doll or any portion thereof that is now or has ever been

24   known as, or sold, offered for sale, licensed, offered for license or marketed under,

25   the name or term "Little Mommy" or any derivative thereof (whether in whole or in

26   part and regardless of what such doll is or has been also, previously or subsequently

27   called), and all prototypes, models, samples and versions of such EMBODIMENT,

28   doll or any portion thereof; (ii) any playset and accessory that MATTEL distributes

-10-

**EXHIBIT F PAGE 39**

1  under the name "Little Mommy" or any derivative thereof; and/or (iii) any and all
2  other goods, product packaging, advertisements, promotional materials or other
3  thing or item or material manufactured, produced, printed, ordered, marketed,
4  advertised, promoted, displayed, distributed, shipped, imported, exported, licensed,
5  offered for license, sold or offered for sale by MATTEL under the name "Little
6  Mommy" or any derivative thereof.

7        S.    "CONTESTED MATTEL ACCELERACERS PRODUCTS"
8  means any of the following that provides a basis for any claim by YOU against
9  MATTEL: (i) any EMBODIMENT or project ever known by the name
10  "AcceleRacers" or any derivative thereof (whether in whole or in part and regardless
11  of what such EMBODIMENT or project is or has been also, previously or
12  subsequently called) and any toy vehicle, character, or any portion thereof that is
13  now or has ever been known as, or sold, offered for sale, licensed, offered for
14  license or marketed under, the name or term "AcceleRacers" or any derivative
15  thereof (whether in whole or in part and regardless of what such toy is or has been
16  also, previously or subsequently called), and all prototypes, models, samples and
17  versions of such EMBODIMENT, toy vehicle, character, or any portion thereof; (ii)
18  any playset and accessory that MATTEL distributes under the name "AcceleRacers"
19  or any derivative thereof; and/or (iii) any and all other goods, product packaging,
20  advertisements, promotional materials or other thing or item or material
21  manufactured, produced, printed, ordered, marketed, advertised, promoted,
22  displayed, distributed, shipped, imported, exported, licensed, offered for license,
23  sold or offered for sale by MATTEL under the name "AcceleRacers" or any
24  derivative thereof.

25        T.    The term "PERSON," in the plural as well as the singular, means
26  any natural person, association, partnership, corporation, joint venture, government
27  entity, organization, trust, institution, proprietorship, or any other entity recognized
28  as having an existence under the laws in United States or any other nation.

1    U.    The term "RELATING TO" means any and all of the following

2    terms and their synonyms:  refer to, discuss, constitute, evidence, pertain to,

3    mention, support, contradict, negate, bear on, touch on, contain, embody, reflect,

4    identify, state, deal with, concern, comment on, respond to, relevant to, or describe.

5    V.    "COMPLAINT"  means the Complaint for False Designation of

6    Origin, Affiliation, Association or Sponsorship (15 U.S.C. § 1125(a)); Unfair

7    Competition (15 U.S.C. § 1125(a)); Cal. Bus. & Prof. Code § 17200 *et seq.* and

8    California Common Law); Dilution (15 U.S.C. § 1125(c), Cal Bus. & Prof. Code

9    § 14330 and California Common Law); and Unjust Enrichment, filed by YOU on or

10   about April 13, 2005.

11

12   **II.   INSTRUCTIONS**

13   A.    YOU are to produce all requested DOCUMENTS in YOUR

14   possession, custody or control.

15   B.    If YOU contend that YOU are not required to produce certain

16   DOCUMENTS called for by these Requests on the grounds of a privilege or

17   protection that YOU are not prepared to waive, identify each such DOCUMENT

18   and provide the following information:

19   1.    the date and type of the DOCUMENT, the author(s) and

20         all recipients;

21   2.    the privilege or protection that YOU claim permits YOU

22         to withhold the DOCUMENT;

23   3.    the title and subject matter of the DOCUMENT;

24   4.    any additional facts on which YOU base YOUR claim of

25         privilege or protection; and

26   5.    the identity of the current custodian of the original of the

27         DOCUMENT.

28

07975/1928319.2

-12-

1          C.      DOCUMENTS shall be produced in their original file folders, or

2 in lieu thereof, any writing on the file folder from which each such DOCUMENT is

3 taken shall be copied and appended to such DOCUMENT and the PERSON for

4 whom or department, division or office for which the DOCUMENT or the file

5 folder is maintained shall be identified.

6          D.      The DOCUMENTS should be produced in their complete and

7 unaltered form. Attachments to DOCUMENTS should not be removed. The

8 DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

9 any reason, including alleged nonrelevance. If emails are produced that had

10 attachments, the attachments shall be attached when produced.

11          E.      DOCUMENTS in electronic form shall be produced in that form.

12          F.      In the event that any DOCUMENT called for by these requests

13 has been destroyed or discarded, that DOCUMENT is to be identified by stating:

14              1.         the date and type of the DOCUMENT, the author(s) and

15                      all recipients;

16              2.         the DOCUMENT's date, subject matter, number of pages,

17                      and attachments or appendices;

18              3.         the date of destruction or discard, manner of destruction

19                      or discard, and reason for destruction or discard;

20              4.         the PERSONS who were authorized to carry out such

21                      destruction or discard;

22              5.         the PERSONS who have knowledge of the content,

23                      origins, distribution and destruction of the DOCUMENT;

24                      and

25              6.         whether any copies of the document exist and, if so, the

26                      name of the custodian of each copy.

27

28

## III.  REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

A sample of each of the CONTESTED MGA PRODUCTS, together with each such product's packaging and all instructions, promotional literature, coupons, bounce-back cards and any other materials inserted in or associated with such packaging.

REQUEST FOR PRODUCTION NO. 2:

A sample of each display, including but not limited to each point-of-purchase or in-store display, prepared, produced, printed, manufactured or used in connection with the CONTESTED MGA PRODUCTS.

REQUEST FOR PRODUCTION NO. 3:

A complete copy of each advertisement or promotional statement prepared, produced, printed, broadcast, made available to anyone in any manner via the Internet, or otherwise used or disseminated in any way in connection with the CONTESTED MGA PRODUCTS.

REQUEST FOR PRODUCTION NO. 4:

A complete copy of each COMMUNICATION, advertisement, promotional statement that provides a basis for any claim by YOU against MATTEL.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS RELATING TO the invention, creation, origin, conception, authorship, and ownership of the CONTESTED MGA PRODUCTS.

1  REQUEST FOR PRODUCTION NO. 6:

2         All DOCUMENTS RELATING TO the invention, creation, origin,

3  conception, authorship, and ownership of any product packaging that provides a

4  basis for any claim by YOU against MATTEL.

5

6  REQUEST FOR PRODUCTION NO. 7:

7         All DOCUMENTS RELATING TO COMMUNICATIONS with any

8  PERSON regarding the invention, creation, origin, conception, authorship, and

9  ownership of the CONTESTED MGA PRODUCTS.

10

11  REQUEST FOR PRODUCTION NO. 8:

12         All DOCUMENTS RELATING TO COMMUNICATIONS with any

13  PERSON regarding the invention, creation, origin, conception, authorship, and

14  ownership of all product packaging that provides a basis for any claim by YOU

15  against MATTEL.

16

17  REQUEST FOR PRODUCTION NO. 9:

18         All DOCUMENTS RELATING TO the invention, creation, origin,

19  conception, authorship, design, development, production, engineering, manufacture,

20  distribution, sale, and ownership of products and packaging that YOU contend

21  provide a basis for any claim against MATTEL, whether or not such claim is made

22  in the COMPLAINT.

23

24  REQUEST FOR PRODUCTION NO. 10:

25         All DOCUMENTS RELATING TO the invention, creation, origin,

26  conception, authorship, design, development, production, engineering, manufacture,

27  distribution, sale, and ownership of all products and packaging that YOU contend

28  MATTEL copied or infringed.

1 | REQUEST FOR PRODUCTION NO. 11:

2 | All DOCUMENTS RELATING TO COMMUNICATIONS with any

3 | PERSON regarding the invention, creation, origin, conception, authorship, design,

4 | development, production, engineering, manufacture, distribution, sale, and

5 | ownership of the CONTESTED MATTEL PRODUCTS and their associated

6 | packaging.

7

8 | REQUEST FOR PRODUCTION NO. 12:

9 | All DOCUMENTS RELATING TO COMMUNICATIONS with any

10 | PERSON regarding the invention, creation, origin, conception, authorship, design,

11 | development, production, engineering, manufacture, distribution, sale, and

12 | ownership of all products and packaging that YOU contend MATTEL copied or

13 | infringed.

14

15 | REQUEST FOR PRODUCTION NO. 13:

16 | All DOCUMENTS RELATING TO any revision of any CONTESTED

17 | MGA PRODUCTS, including but not limited to any proposed alternatives,

18 | modifications or changes (whether or not implemented) to such CONTESTED

19 | MGA PRODUCTS.

20

21 | REQUEST FOR PRODUCTION NO. 14:

22 | All DOCUMENTS RELATING TO the first date of availability for

23 | retail sale of each of the CONTESTED MGA PRODUCTS.

24

25 | REQUEST FOR PRODUCTION NO. 15:

26 | All DOCUMENTS RELATING TO the first date that each of the

27 | CONTESTED MGA PRODUCTS was shown to any PERSON not employed by

28 | MGA, whether in concept, prototype, or finished form.

1  REQUEST FOR PRODUCTION NO. 16:

2          All head sculptures, including all preliminary head sculptures and all
3  versions of such sculptures, made, produced or prepared in connection with the
4  CONTESTED BRATZ DOLLS PRODUCTS.

5

6  REQUEST FOR PRODUCTION NO. 17:

7          All DOCUMENTS RELATING TO the tooling for any of the
8  CONTESTED BRATZ DOLLS PRODUCTS, including but not limited to all
9  invoices, contracts, sales orders, purchase orders and payment relating thereto and
10  including but not limited to all DOCUMENTS relating to the engineering,
11  preparation, fabrication and creation of the molds and face paint masks used in
12  connection therewith and to the film and/or digital files used in connection with the
13  packaging therefor.

14

15  REQUEST FOR PRODUCTION NO. 18:

16          All DOCUMENTS RELATING TO the marketing, advertising,
17  promotion, licensing, offering for sale or sale of the CONTESTED MGA
18  PRODUCTS, including but not limited to all marketing studies, marketing plans,
19  sales plans, sales forecasts, strategies, surveys and analyses and including but not
20  limited to all catalogs, advertisements, brochures, displays and Internet publications.

21

22  REQUEST FOR PRODUCTION NO. 19:

23          All DOCUMENTS RELATING TO the ownership of any right, title or
24  interest, whether in whole or in part, in or to the CONTESTED MGA PRODUCTS.

25

26  REQUEST FOR PRODUCTION NO. 20:

27          All DOCUMENTS RELATING TO any copyright, patent, design right
28  or any other registration or application for registration of the CONTESTED MGA

1  PRODUCTS, including but not limited to the complete file history relating thereto,

2  all COMMUNICATIONS relating thereto, and all filings, declarations, affidavits,

3  correspondence, notes and other DOCUMENTS relating thereto.

4

5  REQUEST FOR PRODUCTION NO. 21:

6        Documents sufficient to identify each of the CONTESTED MGA

7  PRODUCTS by internal job or product number, SKU, and bar code number.

8

9  REQUEST FOR PRODUCTION NO. 22:

10        Documents sufficient to identify the individuals who worked on or

11  were involved in any manner with the invention, creation, origin, conception,

12  authorship, or design of the CONTESTED MGA PRODUCTS.

13

14  REQUEST FOR PRODUCTION NO. 23:

15        All DOCUMENTS RELATING TO the display, exhibition,

16  distribution, publication, circulation, or other dissemination of the CONTESTED

17  MGA PRODUCTS to distributors, the media, or the public, including but not

18  limited to toy and trade shows and conventions.

19

20  REQUEST FOR PRODUCTION NO. 24:

21        All DOCUMENTS RELATING TO any contracts or licenses entered

22  into, negotiated, proposed, or requested RELATING TO any of the CONTESTED

23  MGA PRODUCTS.

24

25  REQUEST FOR PRODUCTION NO. 25:

26        All DOCUMENTS RELATING TO any actual, proposed, offered, or

27  requested licensing, sale, or purchase of the CONTESTED MGA PRODUCTS,

28

-18-

1  including but not limited to all contracts and proposed or offered contracts relating
2  thereto.

3

4  REQUEST FOR PRODUCTION NO. 26:

5          All DOCUMENTS RELATING TO the target market or potential
6  target market, and the demographics of any actual, potential or prospective
7  consumers, customers, purchasers or licensees of the CONTESTED MGA
8  PRODUCTS.

9

10  REQUEST FOR PRODUCTION NO. 27:

11          All DOCUMENTS RELATING TO the number of units of the
12  CONTESTED MGA PRODUCTS manufactured, produced, ordered, stored in
13  inventory, imported, exported, shipped, sold, or offered for sale by any PERSON,
14  including but not limited to YOU.

15

16  REQUEST FOR PRODUCTION NO. 28:

17          All DOCUMENTS RELATING TO revenues received by YOU in
18  connection with each of the CONTESTED MGA PRODUCTS.

19

20  REQUEST FOR PRODUCTION NO. 29:

21          All DOCUMENTS RELATING TO YOUR costs, including but not
22  limited to YOUR per-unit cost, for each of the CONTESTED MGA PRODUCTS.

23

24  REQUEST FOR PRODUCTION NO. 30:

25          All DOCUMENTS RELATING TO YOUR profits, including but not
26  limited to gross, incremental and net profits, for each of the CONTESTED MGA
27  PRODUCTS.

28

1  REQUEST FOR PRODUCTION NO. 31:

2          All DOCUMENTS RELATING TO any complaints or dissatisfaction

3  concerning the CONTESTED MGA PRODUCTS, including but not limited to

4  DOCUMENTS recording the returns of, or the number of or rate of defects for, such

5  products.

6

7  REQUEST FOR PRODUCTION NO. 32:

8          All DOCUMENTS RELATING TO the belief of any PERSON

9  (whether or not such belief is accurate) as to the origin, affiliation, sponsorship or

10  association of the CONTESTED MGA PRODUCTS, including but not limited to all

11  studies, surveys, interviews, reports, and COMMUNICATIONS regarding any such

12  belief.

13

14  REQUEST FOR PRODUCTION NO. 33:

15          All DOCUMENTS RELATING TO the belief of any PERSON

16  (whether or not such belief is accurate) as to the origin, affiliation, sponsorship or

17  association of the CONTESTED MATTEL PRODUCTS, including but not limited

18  to all studies, surveys, interviews, reports and COMMUNICATIONS regarding any

19  such belief.

20

21  REQUEST FOR PRODUCTION NO. 34:

22          All DOCUMENTS RELATING TO any potential or actual confusion,

23  any potential or actual mistake or any potential or actual deception of any PERSON

24  as to the origin, affiliation, sponsorship or association of the CONTESTED MGA

25  PRODUCTS, including but not limited to all studies, surveys, interviews, reports

26  and COMMUNICATIONS regarding any such confusion, mistake or deception.

27

28

07975/1928319.2

-20-

1   REQUEST FOR PRODUCTION NO. 35:

2           All DOCUMENTS RELATING TO any potential or actual confusion,

3   any potential or actual mistake or any potential or actual deception of any PERSON

4   as to the origin, affiliation, sponsorship or association of the CONTESTED

5   MATTEL PRODUCTS, including but not limited to all studies, surveys, interviews,

6   reports and COMMUNICATIONS regarding any such confusion, mistake or

7   deception.

8

9   REQUEST FOR PRODUCTION NO. 36:

10          All DOCUMENTS RELATING TO any consumer studies, reports,

11  surveys, interviews or reports regarding the CONTESTED MGA PRODUCTS or

12  the CONTESTED MATTEL PRODUCTS.

13

14  REQUEST FOR PRODUCTION NO. 37:

15          All DOCUMENTS RELATING TO the marketing, advertising,

16  promotion, licensing, offering for sale or sale of the CONTESTED MATTEL

17  PRODUCTS, including but not limited to all marketing studies, marketing plans,

18  sales plans, sales forecasts, strategies, surveys and analyses and including but not

19  limited to all catalogs, advertisements, brochures, displays and Internet publications.

20

21  REQUEST FOR PRODUCTION NO. 38:

22          All DOCUMENTS RELATING TO the ownership of any right, title or

23  interest, whether in whole or in part, in or to the CONTESTED MATTEL

24  PRODUCTS.

25

26

27

28

-21-

1   REQUEST FOR PRODUCTION NO. 39:

2          All DOCUMENTS RELATING TO the invention, creation, origin,

3   conception, authorship, design, and ownership of the CONTESTED MATTEL

4   PRODUCTS.

5

6   REQUEST FOR PRODUCTION NO. 40:

7          All DOCUMENTS RELATING TO the display, exhibition,

8   distribution, publication, circulation, or other dissemination of the CONTESTED

9   MATTEL PRODUCTS to distributors, the media, or the public, including but not

10   limited to toy and trade shows and conventions.

11

12   REQUEST FOR PRODUCTION NO. 41:

13          All COMMUNICATIONS between YOU and any stock analyst,

14   investment analyst, investment bank, institutional lender, or venture capital fund

15   since January 1, 1999.

16

17   REQUEST FOR PRODUCTION NO. 42:

18          All COMMUNICATIONS between YOU and any individual while the

19   individual was employed by MATTEL.

20

21   REQUEST FOR PRODUCTION NO. 43:

22          All COMMUNICATIONS between YOU and MATTEL RELATING

23   TO the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL

24   PRODUCTS.

25

26

27

28

1   REQUEST FOR PRODUCTION NO. 44:

2        All COMMUNICATIONS between YOU and any PERSON

3   RELATING TO the claims made in YOUR COMPLAINT or the facts that YOU

4   contend support such claims.

5

6   REQUEST FOR PRODUCTION NO. 45:

7        All DOCUMENTS RELATING TO YOUR knowledge of MATTEL's

8   alleged infringement of YOUR claimed EMBODIMENTS.

9

10   REQUEST FOR PRODUCTION NO. 46:

11        All DOCUMENTS RELATING TO any unjust enrichment, damage,

12   loss, or injury that YOU claim has been sustained by reason of any act or omission

13   by MATTEL, including but not limited to all DOCUMENTS RELATING TO any

14   alleged lost profits, lost sales, lost opportunity, lost license, price erosion,

15   consequential or incidental damage, information or intellectual property provided to

16   any competitor, or benefit obtained by any competitor, including but not limited to

17   all DOCUMENTS RELATING TO the causation for any such alleged unjust

18   enrichment, damage, loss, or injury.

19

20   REQUEST FOR PRODUCTION NO. 47:

21        All DOCUMENTS supporting YOUR contention that MATTEL

22   created, designed, derived, or developed products, packaging, and advertising using

23   concepts, products, or intellectual property owned by YOU.

24

25   REQUEST FOR PRODUCTION NO. 48:

26        All DOCUMENTS RELATING TO the copying, reproduction or use

27   of any MATTEL work, product, or EMBODIMENT by YOU or on YOUR behalf.

28

1 | REQUEST FOR PRODUCTION NO. 49:

2 | All DOCUMENTS RELATING TO any similarity or dissimilarity
3 | between, on the one hand, any of the CONTESTED MGA PRODUCTS and any
4 | other work or product developed, manufactured, or distributed by any other person
5 | or entity, including but not limited to MATTEL.

6 |

7 | REQUEST FOR PRODUCTION NO. 50:

8 | All DOCUMENTS RELATING TO the reasons why consumers
9 | purchase any of the CONTESTED MGA PRODUCTS, including but not limited to
10 | all consumer surveys, studies and comments pertaining thereto.

11 |

12 | REQUEST FOR PRODUCTION NO. 51:

13 | All DOCUMENTS RELATING TO the channels of trade or potential
14 | or prospective channels of trade for the CONTESTED MGA PRODUCTS.

15 |

16 | REQUEST FOR PRODUCTION NO. 52:

17 | All DOCUMENTS RELATING TO any similarity or dissimilarity
18 | between any of the CONTESTED MGA PRODUCTS and any EMBODIMENTS
19 | authored, created, distributed, made, sold or offered for sale by any PERSON other
20 | than YOU.

21 |

22 | REQUEST FOR PRODUCTION NO. 53:

23 | All DOCUMENTS RELATING TO any similarity or dissimilarity
24 | between any of the CONTESTED MGA PRODUCTS and any of the CONTESTED
25 | MATTEL PRODUCTS.

26 |

27 |

28 |

1  REQUEST FOR PRODUCTION NO. 54:

2          All DOCUMENTS RELATING TO any COMMUNICATION by

3  YOU with any news organization regarding the CONTESTED MGA PRODUCTS

4  or the CONTESTED MATTEL PRODUCTS.

5

6  REQUEST FOR PRODUCTION NO. 55:

7          All periodicals, whether they be magazines, newspapers, newsletters, or

8  any other type of periodical, that mention the CONTESTED MGA PRODUCTS that

9  have been published since January 1, 1999.

10

11  REQUEST FOR PRODUCTION NO. 56:

12          All television or radio broadcasts or cablecasts that mention the

13  CONTESTED MGA PRODUCTS that have been disseminated since January 1,

14  1999.

15

16  REQUEST FOR PRODUCTION NO. 57:

17          All Internet postings or COMMUNICATIONS that mention the

18  CONTESTED MGA PRODUCTS that have been disseminated since January 1,

19  1999.

20

21  REQUEST FOR PRODUCTION NO. 58:

22          All DOCUMENTS RELATING TO publicity by YOU or about the

23  CONTESTED MGA PRODUCTS since January 1, 1999, including but not limited

24  to advertising, media releases, and public relations material.

25

26  REQUEST FOR PRODUCTION NO. 59:

27          All DOCUMENTS RELATING TO any effort by YOU to recruit

28  employees or contractors since January 1, 1999, including but not limited to

07975/1928319.2

-25-

1  advertising, media releases, brochures, articles, catalogs, handbooks, and public
2  relations material.

3

4  REQUEST FOR PRODUCTION NO. 60:

5        All DOCUMENTS RELATING TO the hiring, engagement, or
6  retention by YOU of any current or former MATTEL employee or contractor since
7  January 1, 1999, including but not limited to all employment agreements and
8  agreements RELATING TO confidentiality or the invention, authorship, or
9  ownership of any concept or product.

10

11 REQUEST FOR PRODUCTION NO. 61:

12        All DOCUMENTS RELATING TO any of the CONTESTED
13 MATTEL PRODUCTS that were obtained by YOU before the date that such
14 product was first offered for sale to the general public.

15

16 REQUEST FOR PRODUCTION NO. 62:

17        All DOCUMENTS, since January 1, 1999, RELATING TO YOUR
18 receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,
19 deletion or use of any DOCUMENTS, data and/or information, including but not
20 limited to any compilation of information, that was prepared, made, created,
21 generated, assembled or compiled by or for MATTEL and that was not publicly
22 available at the time of YOUR receipt of such DOCUMENT, data and/or
23 information.

24

25 REQUEST FOR PRODUCTION NO. 63:

26        All DOCUMENTS, since January 1, 1999, RELATING TO YOUR
27 knowledge of any MATTEL product prior to the time that such product had been
28

-26-

1  announced or disclosed by MATTEL to retailers or the public, including but not
2  limited to the CONTESTED MATTEL PRODUCTS.
3
4  REQUEST FOR PRODUCTION NO. 64:
5         All DOCUMENTS, since January 1, 1999, RELATING TO YOUR
6  receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,
7  deletion or use of any MATTEL line list or other DOCUMENT prepared by
8  MATTEL identifying MATTEL products in the planning, design or development
9  phase.
10
11  REQUEST FOR PRODUCTION NO. 65:
12         Copies of all DOCUMENTS that were seized by Mexican authorities
13  from MGA's office in Mexico City, Mexico.
14
15  REQUEST FOR PRODUCTION NO. 66:
16         All DOCUMENTS RELATING TO the DOCUMENTS, data and/or
17  information that were seized by Mexican authorities from MGA's office in Mexico
18  City, Mexico.
19
20  REQUEST FOR PRODUCTION NO. 67:
21         All DOCUMENTS, including all COMMUNICATIONS, RELATING
22  to the search of MGA's office in Mexico City, Mexico that was conducted by
23  Mexican authorities.
24
25  REQUEST FOR PRODUCTION NO. 68:
26         All DOCUMENTS RELATING TO the email account
27  <plot04@aol.com>, including but not limited to all emails and attachments sent
28

07975/1928319.2

-27-

**EXHIBIT F PAGE 56**

1   from, sent to, received by, transmitted by way of or through and/or stored in such
2   account in any manner.
3
4   REQUEST FOR PRODUCTION NO. 69:
5           All DOCUMENTS RELATING TO when the email account
6   <plot04@aol.com> was first registered, set up or established.
7
8   REQUEST FOR PRODUCTION NO. 70:
9           All DOCUMENTS identifying each PERSON who registered, set up,
10  established or used the email account <plot04@aol.com>.
11
12  REQUEST FOR PRODUCTION NO. 71:
13          All COMMUNICATIONS between YOU and Carlos Gustavo
14  Machado Gomez ("Machado") prior to April 20, 2004.
15
16  REQUEST FOR PRODUCTION NO. 72:
17          All DOCUMENTS RELATING TO COMMUNICATIONS between
18  YOU and Machado prior to April 20, 2004, including but not limited to all calendar
19  entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.
20
21  REQUEST FOR PRODUCTION NO. 73:
22          All DOCUMENTS, including but not limited to all
23  COMMUNICATIONS with any PERSON, RELATING TO Machado prior to April
24  20, 2004.
25
26
27
28

07975/1928319.2
                                        -28-

REQUEST FOR PRODUCTION NO. 74:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Machado's resignation from Mattel.

REQUEST FOR PRODUCTION NO. 75:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO compensation, money or any other item of value paid to Machado, whether directly or indirectly, by YOU.

REQUEST FOR PRODUCTION NO. 76:

All DOCUMENTS received by YOU, directly or indirectly, from Machado RELATING TO any MATTEL product or plan.

REQUEST FOR PRODUCTION NO. 77:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that was prepared, made, created, generated, assembled or compiled by or for MATTEL and that YOU received, directly or indirectly, from Machado.

REQUEST FOR PRODUCTION NO. 78:

A copy of each personnel file maintained or created by YOU RELATING TO Machado.

07975/1928319.2

-29-

**EXHIBIT F PAGE 58**

1 REQUEST FOR PRODUCTION NO. 79:

2          All DOCUMENTS, including but not limited to all

3 COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

4 in part, by Machado RELATING TO any of the CONTESTED MGA PRODUCTS.

5

6 REQUEST FOR PRODUCTION NO. 80:

7          All DOCUMENTS, including but not limited to all

8 COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

9 in part, by Machado RELATING TO any of the CONTESTED MATTEL

10 PRODUCTS.

11

12 REQUEST FOR PRODUCTION NO. 81:

13          All COMMUNICATIONS between YOU and Mariana Trueba Almada

14 ("Trueba") prior to April 20, 2004.

15

16 REQUEST FOR PRODUCTION NO. 82:

17          All DOCUMENTS RELATING TO COMMUNICATIONS between

18 YOU and Trueba prior to April 20, 2004, including but not limited to all calendar

19 entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

20

21 REQUEST FOR PRODUCTION NO. 83:

22          All DOCUMENTS, including but not limited to all

23 COMMUNICATIONS with any PERSON, RELATING TO Trueba prior to April

24 20, 2004.

25

26

27

28

1 | REQUEST FOR PRODUCTION NO. 84:

2     All DOCUMENTS, including but not limited to all

3 COMMUNICATIONS with any PERSON, RELATING TO Trueba's resignation

4 from Mattel.

5

6 | REQUEST FOR PRODUCTION NO. 85:

7     All DOCUMENTS, including but not limited to all

8 COMMUNICATIONS with any PERSON, RELATING TO compensation, money

9 or any other item of value paid to Trueba, whether directly or indirectly, by YOU.

10

11 | REQUEST FOR PRODUCTION NO. 86:

12     All DOCUMENTS received by YOU, directly or indirectly, from

13 Trueba RELATING TO any MATTEL product or plan.

14

15 | REQUEST FOR PRODUCTION NO. 87:

16     All DOCUMENTS, including but not limited to all

17 COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

18 reproduction, copying, storage, transmission, transfer, retention, destruction,

19 deletion or use of any DOCUMENTS, data and/or information, including but not

20 limited to any compilation of information, that was prepared, made, created,

21 generated, assembled or compiled by or for MATTEL and that YOU received,

22 directly or indirectly, from Trueba.

23

24 | REQUEST FOR PRODUCTION NO. 88:

25     A copy of each personnel file maintained or created by YOU

26 RELATING TO Trueba.

27

28

07975/1928319.2

-31-

1  REQUEST FOR PRODUCTION NO. 89:

2         All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

4  in part, by Trueba RELATING TO any of the CONTESTED MGA PRODUCTS.

5

6  REQUEST FOR PRODUCTION NO. 90:

7         All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

9  in part, by Trueba RELATING TO any of the CONTESTED MATTEL

10 PRODUCTS.

11

12 REQUEST FOR PRODUCTION NO. 91:

13         All COMMUNICATIONS between YOU and Pablo Vargas San Jose

14 ("Vargas") prior to April 20, 2004.

15

16 REQUEST FOR PRODUCTION NO. 92:

17         All DOCUMENTS RELATING TO COMMUNICATIONS between

18 YOU and Vargas prior to April 20, 2004, including but not limited to all calendar

19 entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

20

21 REQUEST FOR PRODUCTION NO. 93:

22         All DOCUMENTS, including but not limited to all

23 COMMUNICATIONS with any PERSON, RELATING TO Vargas prior to April

24 20, 2004.

25

26

27

28

1  REQUEST FOR PRODUCTION NO. 94:

2       All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, RELATING TO Vargas' resignation

4  from Mattel.

5

6  REQUEST FOR PRODUCTION NO. 95:

7       All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, RELATING TO compensation, money

9  or any other item of value paid to Vargas, whether directly or indirectly, by YOU.

10

11  REQUEST FOR PRODUCTION NO. 96:

12       All DOCUMENTS received by YOU, directly or indirectly, from

13  Vargas RELATING TO any MATTEL product or plan.

14

15  REQUEST FOR PRODUCTION NO. 97:

16       All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

18  reproduction, copying, storage, transmission, transfer, retention, destruction,

19  deletion or use of any DOCUMENTS, data and/or information, including but not

20  limited to any compilation of information, that was prepared, made, created,

21  generated, assembled or compiled by or for MATTEL and that YOU received,

22  directly or indirectly, from Vargas.

23

24  REQUEST FOR PRODUCTION NO. 98:

25       A copy of each personnel file maintained or created by YOU

26  RELATING TO Vargas.

27

28

1  REQUEST FOR PRODUCTION NO. 99:

2         All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

4  in part, by Vargas RELATING TO any of the CONTESTED MGA PRODUCTS.

5

6  REQUEST FOR PRODUCTION NO. 100:

7         All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

9  in part, by Vargas RELATING TO any of the CONTESTED MATTEL

10  PRODUCTS.

11

12  REQUEST FOR PRODUCTION NO. 101:

13         All COMMUNICATIONS between YOU and Janine Brisbois

14  ("Brisbois") prior to September 27, 2005.

15

16  REQUEST FOR PRODUCTION NO. 102:

17         All DOCUMENTS RELATING TO COMMUNICATIONS between

18  YOU and Brisbois prior to September 27, 2005, including but not limited to all

19  calendar entries, phone logs, phone records and notes reflecting such

20  COMMUNICATIONS.

21

22  REQUEST FOR PRODUCTION NO. 103:

23         All DOCUMENTS, including but not limited to all

24  COMMUNICATIONS with any PERSON, RELATING TO Brisbois prior to

25  September 27, 2005.

26

27

28

1 | REQUEST FOR PRODUCTION NO. 104:

2         All DOCUMENTS, including but not limited to all

3 COMMUNICATIONS with any PERSON, RELATING TO Brisbois' resignation

4 from Mattel.

5

6 | REQUEST FOR PRODUCTION NO. 105:

7         All DOCUMENTS, including but not limited to all

8 COMMUNICATIONS with any PERSON, RELATING TO compensation, money

9 or any other item of value paid to Brisbois, whether directly or indirectly, by YOU.

10

11 | REQUEST FOR PRODUCTION NO. 106:

12         All DOCUMENTS received by YOU, directly or indirectly, from

13 Brisbois RELATING TO any MATTEL product or plan.

14

15 | REQUEST FOR PRODUCTION NO. 107:

16         All DOCUMENTS, including but not limited to all

17 COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

18 reproduction, copying, storage, transmission, transfer, retention, destruction,

19 deletion or use of any DOCUMENTS, data and/or information, including but not

20 limited to any compilation of information, that was prepared, made, created,

21 generated, assembled or compiled by or for MATTEL and that YOU received,

22 directly or indirectly, from Brisbois.

23

24 | REQUEST FOR PRODUCTION NO. 108:

25         A copy of each personnel file maintained or created by YOU

26 RELATING TO Brisbois.

27

28

1 | REQUEST FOR PRODUCTION NO. 109:

2 | All DOCUMENTS, including but not limited to all

3 COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

4 in part, by Brisbois RELATING TO any of the CONTESTED MGA PRODUCTS.

5

6 | REQUEST FOR PRODUCTION NO. 110:

7 | All DOCUMENTS, including but not limited to all

8 COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

9 in part, by Brisbois RELATING TO any of the CONTESTED MATTEL

10 PRODUCTS.

11

12 | REQUEST FOR PRODUCTION NO. 111:

13 | All COMMUNICATIONS between YOU and Ron Brawer ("Brawer")

14 prior to October 2, 2004.

15

16 | REQUEST FOR PRODUCTION NO. 112:

17 | All DOCUMENTS RELATING TO COMMUNICATIONS between

18 YOU and Brawer prior to October 2, 2004, including but not limited to all calendar

19 entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

20

21 | REQUEST FOR PRODUCTION NO. 113:

22 | All DOCUMENTS, including but not limited to all

23 COMMUNICATIONS with any PERSON, RELATING TO Brawer prior to

24 October 2, 2004.

25

26

27

28

-36-

1  REQUEST FOR PRODUCTION NO. 114:

2        All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, RELATING TO Brawer's resignation

4  from Mattel.

5

6  REQUEST FOR PRODUCTION NO. 115:

7        All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, RELATING TO compensation, money

9  or any other item of value paid to Brawer, whether directly or indirectly, by YOU.

10

11  REQUEST FOR PRODUCTION NO. 116:

12        All DOCUMENTS received by YOU, directly or indirectly, from

13  Brawer RELATING TO any MATTEL product or plan.

14

15  REQUEST FOR PRODUCTION NO. 117:

16        All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

18  reproduction, copying, storage, transmission, transfer, retention, destruction,

19  deletion or use of any DOCUMENTS, data and/or information, including but not

20  limited to any compilation of information, that was prepared, made, created,

21  generated, assembled or compiled by or for MATTEL and that YOU received,

22  directly or indirectly, from Brawer.

23

24  REQUEST FOR PRODUCTION NO. 118:

25        All DOCUMENTS RELATING TO the existence or extent of

26  competition or substitution between any of the CONTESTED MGA PRODUCTS

27  and any of the CONTESTED MATTEL PRODUCTS.

28

1  REQUEST FOR PRODUCTION NO. 119:

2          All DOCUMENTS RELATING TO the facts that YOU contend

3  support the claims for relief in YOUR COMPLAINT.

4

5  REQUEST FOR PRODUCTION NO. 120:

6          All DOCUMENTS RELATING TO any claim by YOU that any of the

7  CONTESTED MGA PRODUCTS have acquired secondary meaning or are famous.

8

9  REQUEST FOR PRODUCTION NO. 121:

10          All DOCUMENTS RELATING TO any claim by YOU that

11  MATTEL's actions have caused actual dilution.

12

13  REQUEST FOR PRODUCTION NO. 122:

14          All DOCUMENTS RELATING TO the allegation in Paragraph 9 of

15  YOUR COMPLAINT that "Mattel has intimidated, coerced and threatened retailers,

16  licensees, suppliers and others in the industry."

17

18  REQUEST FOR PRODUCTION NO. 123:

19          All DOCUMENTS RELATING TO the allegation in Paragraph 9 of

20  YOUR COMPLAINT that "Mattel has . . . serially imitated and copy-catted [sic] the

21  look of MGA products, trade dress, trademarks, themes, ideas, advertising and

22  packaging."

23

24  REQUEST FOR PRODUCTION NO. 124:

25          All DOCUMENTS RELATING TO the allegation in Paragraphs 34

26  and 36 of YOUR COMPLAINT that the Bratz dolls launched in 2001 were "unique

27  and distinctive."

28

1  REQUEST FOR PRODUCTION NO. 125:

2          All DOCUMENTS RELATING TO any allegation by YOU that YOU

3  have any legally protected interest in any of the following "themes" or any other

4  Bratz "theme" that you contend was copied by MATTEL:  "Winter Wonderland,"

5  "Bratz Sportz," "Formal Funk," "Sun-Kissed Summer."

6

7  REQUEST FOR PRODUCTION NO. 126:

8          All DOCUMENTS RELATING TO any allegation by YOU that YOU

9  have any legally protected interest in any "color scheme" that you contend was

10 copied by MATTEL.

11

12 REQUEST FOR PRODUCTION NO. 127:

13         All DOCUMENTS RELATING TO the allegation in Paragraph 56 of

14 YOUR COMPLAINT that the press has confused YOUR products with those of

15 MATTEL, or vice versa.

16

17 REQUEST FOR PRODUCTION NO. 128:

18         All DOCUMENTS RELATING TO any allegation by YOU that

19 anyone has confused any commercial for YOUR Funky Fashion Makeover Head

20 with any commercial for MATTEL's My Scene Styling Head.

21

22 REQUEST FOR PRODUCTION NO. 129:

23         All DOCUMENTS RELATING TO any allegation by YOU that

24 MATTEL has used any "tag line" allegedly belonging to YOU, including but not

25 limited to "Passion for Fashion" or any derivative thereof.

26

27

28

1 | REQUEST FOR PRODUCTION NO. 130:

2 | All DOCUMENTS RELATING TO the allegation in Paragraph 61 of
3 | YOUR COMPLAINT that retailers have been confused by Bratz Petz and
4 | MATTEL's My Scene Pets, including but not limited to YOUR allegation that "even
5 | sophisticated retailers . . . have mistakenly merchandised 'My Scene' dogs in the
6 | middle of the 'BRATZ' section of a retail display, next to and as if they were part of
7 | MGA's 'BRATZ Petz' line."

8 |

9 | REQUEST FOR PRODUCTION NO. 131:

10 | All DOCUMENTS RELATING TO the allegation in Paragraph 62 of
11 | YOUR COMPLAINT that advertising executives have "expressed concern" about
12 | "Bratz" and Mattel's "My Scene," including but not limited to the alleged remarks
13 | set forth in Paragraph 62.

14 |

15 | REQUEST FOR PRODUCTION NO. 132:

16 | All DOCUMENTS RELATING TO the allegations in Paragraph 63 of
17 | YOUR COMPLAINT that the press "has taken notice" of alleged confusion
18 | between "Bratz" and Mattel's "My Scene," including but not limited to the alleged
19 | remarks set forth in Paragraph 63.

20 |

21 | REQUEST FOR PRODUCTION NO. 133:

22 | All DOCUMENTS RELATING TO the allegation in Paragraph 64 of
23 | YOUR COMPLAINT that customers have contacted YOU to purchase Mattel's "My
24 | Scene" dolls.

25 |

26 |

27 |

28 |

-40-

1  REQUEST FOR PRODUCTION NO. 134:

2        All DOCUMENTS RELATING TO any allegation by YOU that YOU
3  have a legally protected interest in what YOU describe in Paragraph 71 of YOUR
4  COMPLAINT as "MGA's 'other-worldly' theme."

5

6  REQUEST FOR PRODUCTION NO. 135:

7        All DOCUMENTS RELATING TO the allegation in Paragraph 71 of
8  YOUR COMPLAINT that MATTEL's commercials and product "mimic[] MGA's
9  alien theme and commercials in which MGA's 'AlienRacers' are engaged in a 'race
10  to save the universe.'"

11

12  REQUEST FOR PRODUCTION NO. 136:

13        All DOCUMENTS RELATING TO the allegation in Paragraph 74 of
14  YOUR COMPLAINT that MATTEL has engaged in "strong-arm tactics, and other
15  illegitimate, unfair and anti-competitive means."

16

17  REQUEST FOR PRODUCTION NO. 137:

18        All DOCUMENTS RELATING TO the allegations in Paragraph 75 of
19  YOUR COMPLAINT regarding MATTEL's dealings and COMMUNICATIONS
20  with former employees, including but not limited to all COMMUNICATIONS
21  between YOU and any present or former employees or contractors of MATTEL.

22

23  REQUEST FOR PRODUCTION NO. 138:

24        All COMMUNICATIONS between YOU and any PERSON
25  RELATING TO the departure from MATTEL of any current or former MATTEL
26  employee or contractor.

27

28

07975/1928319.2

-41-

1 | REQUEST FOR PRODUCTION NO. 139:

2   All COMMUNICATIONS between YOU and any PERSON

3 RELATING TO the obligations to MATTEL, including the duty of confidentiality,

4 of any current or former MATTEL employee or contractor.

5

6 | REQUEST FOR PRODUCTION NO. 140:

7   All COMMUNICATIONS between YOU and any current or former

8 MATTEL employee or contractor RELATING TO the ownership of any idea,

9 concept, design, or product.

10

11 | REQUEST FOR PRODUCTION NO. 141:

12   All COMMUNICATIONS between YOU and any PERSON

13 RELATING TO the retention, destruction, transfer, or use of any information or

14 DOCUMENTS known to or possessed by any current or former MATTEL

15 employee or contractor.

16

17 | REQUEST FOR PRODUCTION NO. 142:

18   All DOCUMENTS RELATING TO the "warnings" or "threats" alleged

19 in Paragraph 76 of YOUR COMPLAINT, including but not limited to all

20 COMMUNICATIONS with any present or former licensees of MATTEL.

21

22 | REQUEST FOR PRODUCTION NO. 143:

23   All DOCUMENTS RELATING TO the "intimidation" alleged in

24 Paragraph 77 of YOUR COMPLAINT, including but not limited to all

25 COMMUNICATIONS with any present or former distributors and retailers of MGA

26 and MATTEL products.

27

28

1  REQUEST FOR PRODUCTION NO. 144:

2       All COMMUNICATIONS between YOU and any retailer, wholesaler

3  or distributor RELATING TO the CONTESTED MATTEL PRODUCTS.

4

5  REQUEST FOR PRODUCTION NO. 145:

6       All DOCUMENTS RELATING TO the allegation in Paragraph 78 of

7  YOUR COMPLAINT that MATTEL was responsible for what YOU refer to as a

8  "shortage of doll hair in October 2002."

9

10 REQUEST FOR PRODUCTION NO. 146:

11      All DOCUMENTS RELATING TO the allegation in Paragraph 79 of

12 YOUR COMPLAINT that MATTEL has "manipulated the retail market," including

13 but not limited to all COMMUNICATIONS with any persons RELATING TO

14 YOUR allegation that "Mattel merchandisers have been caught tampering with

15 MGA's retail displays."

16

17 REQUEST FOR PRODUCTION NO. 147:

18      All DOCUMENTS RELATING TO any allegation by YOU that

19 MATTEL has made false statements about YOU or YOUR business practices,

20 including but not limited to the allegations in Paragraph 79 of YOUR

21 COMPLAINT.

22

23 REQUEST FOR PRODUCTION NO. 148:

24      All DOCUMENTS RELATING TO any allegation by YOU that

25 MATTEL has violated any rules or restrictions relating to data provided to

26 subscribers by NPD or engaged in any other wrongful conduct relating to NPD.

27

28

1 | REQUEST FOR PRODUCTION NO. 149:

2 |     All DOCUMENTS RELATING TO any COMMUNICATIONS

3 | between YOU and NPD, other than periodic reports, between January 1, 2000 and

4 | the present.

5 |

6 | REQUEST FOR PRODUCTION NO. 150:

7 |     DOCUMENTS sufficient to show the status of YOUR NPD

8 | subscription between January 1, 2000 and the present.

9 |

10 | REQUEST FOR PRODUCTION NO. 151:

11 |     All DOCUMENTS RELATING TO the allegation in Paragraph 89 of

12 | YOUR COMPLAINT that MATTEL "used its influence . . . to induce CARU to

13 | place onerous restrictions on MGA advertisements, and require MGA to amend

14 | aspects of commercials that have gone unchallenged in other parties' commercials."

15 |

16 | REQUEST FOR PRODUCTION NO. 152:

17 |     All DOCUMENTS RELATING TO any COMMUNICATIONS

18 | between YOU and CARU between January 1, 2000 and the present.

19 |

20 | REQUEST FOR PRODUCTION NO. 153:

21 |     All DOCUMENTS RELATING TO any allegation by YOU that

22 | MATTEL has exercised improper influence with or within TIA, including but not

23 | limited to the procedures for and manner in which the Toy of the Year was selected

24 | for 2003.

25 |

26 | REQUEST FOR PRODUCTION NO. 154:

27 |     All DOCUMENTS RELATING TO any COMMUNICATIONS with

28 | TIA RELATING TO Toy of the Year since January 1, 2000.

07975/1928319.2

-44-

1  REQUEST FOR PRODUCTION NO. 155:

2         All DOCUMENTS RELATING TO the allegation in Paragraph 113 of

3  YOUR COMPLAINT that MATTEL has "willfully and maliciously used its power,

4  influence and intimidation to threaten certain retailers, suppliers, licensees,

5  distributors and manufacturers so as to limit, if not prevent, MGA from doing

6  business with these retailers, suppliers, licensees, distributors and manufacturers,

7  using its power and influence to intimidate and manipulate industry bodies."

8

9  REQUEST FOR PRODUCTION NO. 156:

10         All DOCUMENTS RELATING TO the allegation in Paragraph 113 of

11  YOUR COMPLAINT that MATTEL has "used its power and influence to attempt

12  to, if not actually, intimidate and threaten MGA's current and potential employees so

13  as to cause MGA competitive injury."

14

15  REQUEST FOR PRODUCTION NO. 157:

16         YOUR quarterly and annual profit and loss statements (both audited

17  and unaudited) for the years 2000 through the present, inclusive.

18

19  REQUEST FOR PRODUCTION NO. 158:

20         YOUR quarterly and annual financial statements (both audited and

21  unaudited) for the years 2000 through the present, inclusive.

22

23  REQUEST FOR PRODUCTION NO. 159:

24         YOUR annual reports for each of the years 2000 through the present,

25  inclusive.

26

27

28

-45-

1  REQUEST FOR PRODUCTION NO. 160:

2        All DOCUMENTS received from MATTEL (whether directly or

3  indirectly) by YOU at any time since January 1, 1999.

4

5  REQUEST FOR PRODUCTION NO. 161:

6        All DOCUMENTS that YOU have reason to believe were created by or

7  originated from MATTEL, other than MATTEL products that YOU purchased at

8  retail.

9

10  REQUEST FOR PRODUCTION NO. 162:

11        All DOCUMENTS RELATING TO the destruction or retention of any

12  DOCUMENT RELATING TO the CONTESTED MGA PRODUCTS or the

13  CONTESTED MATTEL PRODUCTS.

14

15  REQUEST FOR PRODUCTION NO. 163:

16        All internal MGA COMMUNICATIONS and schedules RELATING

17  TO document retention or destruction between January 1, 1999 and the present.

18

19  REQUEST FOR PRODUCTION NO. 164:

20        All DOCUMENTS RELATING TO any COMMUNICATIONS with,

21  or inquiry or investigation by, any government entity RELATING TO the

22  CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

23

24  REQUEST FOR PRODUCTION NO. 165:

25        All DOCUMENTS RELATING TO any COMMUNICATIONS with,

26  or inquiry or investigation by, any toy industry organization, safety compliance, or

27  consumer organization RELATING TO the CONTESTED MGA PRODUCTS or

28  the CONTESTED MATTEL PRODUCTS.

07975/1928319.2

-46-

1    REQUEST FOR PRODUCTION NO. 166:

2            To the extent not produced in response to any other Request for

3    Production, all DOCUMENTS and tangible things upon which YOU intend to rely

4    upon in this action.

5

6    DATED:  December 18, 2006          QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
7

8
                                        By
9                                          Timothy L. Alger
10                                         Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07975/1928319.2
                                        -47-

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On December 18, 2006, I true copies of the following document(s) described as:

## MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS RE CLAIMS OF UNFAIR COMPETITION TO MGA ENTERTAINMENT, INC.

on the parties in this action as follows:

| Diana M. Torres, Esq.<br>O'Melveny & Myers<br>400 So. Hope Street<br>Los Angeles, CA 90071<br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407 | Keith A. Jacoby, Esq.<br>Littler Mendelson<br>2049 Century Park East, 5th Floor<br>Los Angeles, CA 90067-3107<br>Telephone: (310) 553-0308<br>Facsimile: (310) 553-5583 |

[√]     [PERSONAL] by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on December 18, 2006 at Los Angeles, California.

David Quintana

07209/2020338.1

Case No. SACV 05-00953 JVS (ANx)
PROOF OF SERVICE

**EXHIBIT F PAGE 77**