# EXHIBIT H

07209/2340375.1

CERTIFIED COPY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL, )
)
PLAINTIFF, )
)
V. )          NO.  CV 04-9040 SGL (RNBX)
)
MATTEL, INC., A DELAWARE )
CORPORATION, )
            DEFENDANT. )
_____)
)
AND CONSOLIDATED ACTION(S). )
_____)

C O N F I D E N T I A L
FOR ATTORNEYS EYES ONLY

DEPOSITION OF LISA TONNU

VOLUME I

JULY 19, 2007



COURT REPORTERS
700 S. Flower Street
Suite 1100
Los Angeles, California 90017
Office: (213) 955-0070
Fax: (213) 955-0077

REPORTED BY:
APRIL PRAXMARER
CSR NO. 12437
JOB NO. 07AE487-AC

| | | |
|---|---|---|
| 1 | Q    LEGAL NAMES TO THE EXTENT THAT YOU HAVE THEM, | 10:57:13 |
| 2 | AND KNOWING OTHER PEOPLE IN YOUR POSITION AND OTHER | 10:57:17 |
| 3 | COMPANIES, I TRUST THAT YOU DO. | 10:57:19 |
| 4 | A    (WITNESS COMPLIES.) | 11:00:11 |
| 5 | THAT'S PRETTY MUCH IT. | 11:06:32 |
| 6 | MR. COREY:  LET'S TAKE A QUICK BREAK.  I'LL | 11:06:44 |
| 7 | GO MAKE SOME PHOTOCOPIES OF THIS. | 11:06:50 |
| 8 | THE VIDEOGRAPHER:  OKAY.  WE'RE OFF THE | 11:06:53 |
| 9 | RECORD AT 11:05 A.M. | 11:06:54 |
| 10 | (A RECESS WAS TAKEN.) | 11:06:56 |
| 11 | THE VIDEOGRAPHER:  WE'RE BACK ON RECORD AT | 11:20:52 |
| 12 | 11:19 A.M. | 11:20:54 |
| 13 | BY MR. COREY: | 11:20:56 |
| 14 | Q    MS. TONNU, I'VE GIVEN YOU EXHIBIT 515, WHAT'S | 11:20:56 |
| 15 | MARKED AS EXHIBIT 515, WHICH YOU SPENT THE LAST COUPLE | 11:21:09 |
| 16 | OF MINUTES CREATING. | 11:21:09 |
| 17 | (DEFENDANT'S EXHIBIT 515 WAS MARKED FOR | 11:21:11 |
| 18 | IDENTIFICATION.) | 11:21:11 |
| 19 | BY MR. COREY: | 11:21:12 |
| 20 | Q    TELL ME -- TELL ME WHAT IT IS THAT YOU | 11:21:12 |
| 21 | CREATED. | 11:21:14 |
| 22 | A    I CREATED MGA'S CORPORATE ORGANIZATIONAL | 11:21:14 |
| 23 | CHART. | 11:21:19 |
| 24 | Q    AND THIS IS CURRENT AS OF TODAY? | 11:21:19 |
| 25 | A    THAT'S CORRECT. | 11:21:22 |

47

| | | |
|---|---|---|
| 1 | Q    AND HOW -- HOW DO YOU KNOW WHAT THE CORPORATE | 11:21:23 |
| 2 | ORGANIZATION OF MGA AND ITS SUBSIDIARIES IS? | 11:21:35 |
| 3 | A    I HAVE BEEN MAINTAINING THE STRUCTURE, | 11:21:38 |
| 4 | CORPORATE STRUCTURE, SINCE JOINING THE COMPANY. | 11:21:40 |
| 5 | Q    WHAT DO YOU MEAN, "MAINTAINING THE CORPORATE | 11:21:43 |
| 6 | STRUCTURE"? | 11:21:46 |
| 7 | A    THE ACTUAL PRESENTATION, THE ORGANIZATION | 11:21:46 |
| 8 | CHART. | 11:21:51 |
| 9 | Q    YOU KEEP TRACK -- YOU'RE RESPONSIBLE FOR THE | 11:21:51 |
| 10 | ORGANIZATIONAL CHART AND MAKING SURE IT'S UP-TO-DATE? | 11:21:54 |
| 11 | A    CORRECT. | 11:21:57 |
| 12 | Q    AND THEN YOU'VE GOT -- ALL RIGHT.  LET'S JUST | 11:21:57 |
| 13 | GO THROUGH THIS VERY -- LET'S JUST GO THROUGH THIS. | 11:22:17 |
| 14 | YOU'VE GOT MGA ENTERTAINMENT? | 11:22:20 |
| 15 | MR. JENAL:  SORRY, JON.  I JUST NEED TO | 11:22:23 |
| 16 | INTERJECT. | 11:22:24 |
| 17 | GIVEN THAT WE'RE GOING TO GO INTO THE DETAILS | 11:22:24 |
| 18 | ON THIS CHART, WE'LL DESIGNATE AT LEAST THIS PORTION OF | 11:22:27 |
| 19 | THE TESTIMONY ATTORNEYS' EYES.  THERE MAY BE OTHER | 11:22:30 |
| 20 | SECTIONS AS WELL, BUT CERTAINLY THIS PART. | 11:22:33 |
| 21 | MR. COREY:  OKAY.  AND I ASSUME, THEN, YOU'RE | 11:22:38 |
| 22 | DESIGNATING THIS -- | 11:22:40 |
| 23 | MR. JENAL:  CORRECT. | 11:22:41 |
| 24 | MR. COREY:  -- EXHIBIT 515 AS ATTORNEYS EYES | 11:22:41 |
| 25 | ONLY AS WELL? | 11:22:44 |

48

EXHIBIT H PAGE 169

STATE OF CALIFORNIA      )
                         )  SS.
COUNTY OF LOS ANGELES    )


        I, APRIL CRUZ CACULITAN, CSR 12437, IN AND FOR THE

STATE OF CALIFORNIA, DO HEREBY CERTIFY;

        THAT, PRIOR TO BEING EXAMINED, THE DEPONENT NAMED

IN THE FOREGOING DEPOSITION WAS BY ME DULY SWORN TO

TESTIFY THE TRUTH, THE WHOLE TRUTH AND NOTHING BUT THE

TRUTH;

        THAT SAID DEPOSITION WAS TAKEN DOWN BY ME IN

SHORTHAND AT THE TIME AND PLACE THEREIN NAMED, AND

THEREAFTER REDUCED TO TYPEWRITING UNDER MY DIRECTION,

AND THE SAME IS A TRUE, CORRECT AND COMPLETE TRANSCRIPT

OF SAID PROCEEDINGS;

        I FURTHER CERTIFY THAT I AM NOT INTERESTED IN THE

EVENT OF THE ACTION.

        WITNESS MY HAND THIS _____2_____ DAY OF

_____August_____, 2007.




                                CERTIFIED SHORTHAND

                                REPORTER FOR THE

                                STATE OF CALIFORNIA

# EXHIBIT I

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor. Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

September 25, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Amman Khan, Esq.
Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
1025 Constellation Boulevard, 19th Floor
Los Angeles, California 90067

Re:     <u>Mattel v. Bryant</u>

Dear Mr. Khan:

I write further to our meetings of counsel on September 18 and 21, 2007 regarding deposition scheduling. The parties confirmed dates for the following depositions:

- MGA will produce Lisa Tonnu for deposition on September 24 and 25 at Quinn Emanuel Urquhart Oliver & Hedges LLP's Los Angeles offices starting at 9:30 a.m.

- MGA and Bryant confirmed that the scheduled depositions of Janet Bryant (September 25), Tom Bryant (September 26), Richard Irmen (September 28), Sarah Chui (September 28), Edmond Lee (October 4), Susan Kuemmerle (October 24) and Carlos Machado (October 26) will proceed as scheduled.

- The parties agreed that the deposition of Denise O'Neil will take place on October 3 in Chicago and that the deposition of Maureen Tkacik will take place on September 28 in New York.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414

**EXHIBIT I PAGE 171**

MGA also provided dates for the following witnesses:

- Ron Brawer on October 25 in Los Angeles (we indicated that we believed that Brawer is an important witness and that we will need two days with him).

- Dan Cooney on October 22 in New York.

- Dave Malacrida on October 18, 2007 (we confirmed this date and will get back to MGA on how much time we believe we will need for Mr. Malacrida).

Mattel will take the Brawer motion off calendar when MGA agrees to stipulate that Mr. Brawer will appear on that date, which Judge Infante can "so order." MGA requested until Thursday, September 27, 2007 to confer with Mr. Brawer. We agreed to give MGA an extension to file its brief in opposition to the Brawer motion to compel until that date.

We informed you that Mattel would like dates for the continued deposition of Samir Khare, pursuant to the parties' agreement that Mattel will have additional time to depose Mr. Khare. You stated on September 21 that MGA had available dates for Mr. Khare, but that you had misplaced them and were unable to provide any dates during our call. You stated that you would provide Mattel dates for Mr. Khare on Friday, September 28, 2007.

Mr. Jenal stated for the first time that MGA takes the position that the testimony of Charlene Brooks and Kerri Brode completed the testimony the Topics in Mattel's Second Rule 30(b)(6) Notice of Deposition of MGA that they were designated for. That is incorrect and, indeed, conflicts with the representation made by MGA in its Objection to Mattel's Submission Regarding Deposition Scheduling and Preliminary Response submitted to Judge Infante. In that submission, MGA stated that Ms. Brooks would be produced on the "completion of topics of Second Notice previously testified to by Kerri Brode." Mattel expects MGA to produce a witness (whether Ms. Brooks or Ms. Brode) on the completion of that Rule 30(b)(6) testimony.

You stated MGA's position that it would not produce any witnesses in response to Mattel's Third Rule 30(b)(6) Notice of MGA until after MGA's motion to compel certain Topics in the Third Notice is ruled on by Judge Infante. MGA refused to produce even those witnesses that it had previously agreed to produce on Topics in the Third Notice that are not subject to Mattel's motion to compel (e.g., Schuyler Bacon and Charlene Brooks), although by separate e-mail on September 20, 2007, MGA confirmed that Ms. Bacon would be produced.

As William Charron acknowledged on the September 18 call, MGA has agreed to produce witnesses on Topic Nos. 16, 18, 20 and 32 in Mattel's Second Rule 30(b)(6) Notice of Deposition

2

EXHIBIT I PAGE 172

of MGA. You stated that MGA would get back to us on designations and dates for these Topics on Friday, September 28.

You stated that you were not sure whether your firm would be representing Mariana Trueba Alamada or Pablo Vargas San Jose, but that you would get back to us and inform us whether you will be representing either of them. You stated that Christensen Glaser will represent Shirin Salemnia, but you have not yet provided dates on which Mr. Salemnia is available. You also stated that Jeanine Brisbois does not work for MGA, but an MGA subsidiary, and as such MGA will not be producing her. However, you stated that you would inquire as to who would be representing Ms. Brisbois and get back to us. You acknowledged that Christensen Glaser represents Farhad Larian and stated that Mr. Larian would be available for deposition in November. We will get back to you on whether MGA can put off Mr. Larian's deposition until that time.

MGA stated its position that it will not produce Isaac Larian for further deposition regarding Phase 1 issues. However, MGA acknowledged that Mattel is entitled to Mr. Larian's testimony regarding Phase 2. MGA claimed for the first time on the September 18 call that Mr. Larian's deposition is an apex deposition and that Mattel would need to make a the necessary showing of Mr. Larian's personal knowledge of facts in the case before deposing him. MGA's newly stated position is not credible. Mr. Larian is a party in this case and is intimately involved in the facts at issue. Please let me know on Friday, September 28, whether this remains Larian's position.

You confirmed that Anna Rhee's deposition will not being going forward on October 9, 2007 as originally scheduled. You stated that, according to Ms. Rhee's attorney, there are 2 hours and 41 minutes remaining for questioning Ms. Rhee. Mattel has had no opportunity to inquire, and is entitled to the remainder of the time. You asked Mattel to reconsider and proposed splitting this time with Mattel. We will look into the issue and get back to you.

MGA requested dates for the deposition of Matt Bousquette. As we informed you during the parties' first call, Mr. Bousquette is a third party. However, we will try to obtain dates on which is available and get back to MGA. Before we do so, however, you need to provide a date by which MGA will complete its unfair competition document production. MGA also requested dates for Tina Patel, Adrienne Fontanella and Jamie Cygielman. As we informed you, all three are third party witnesses and we do not yet know if we will be representing any of them. You informed us on September 21 that Ms. Patel and Ms. Fontanella have been served, but that Ms. Cygielman has not yet been served with her deposition subpoena.

We offered to produce Mattel's CEO Robert Eckert for one hour in later November or early December. As Mattel's CEO, Mr. Eckert's deposition is an apex deposition and, because his unique personal knowledge of the facts in this case is limited, we do not believe MGA is entitled to more than one hour with him. MGA stated that it believed it would need more than one day to depose Mr. Eckert. If MGA can make a showing that Mr. Eckert has unique personal knowledge

3

EXHIBIT I PAGE 173

warranting a longer deposition, Mattel will consider producing Mr. Eckert for more than one hour of deposition. We await that showing.

The parties are still meeting and conferring regarding any potentially outstanding Topics in MGA's Rule 30(b)(6) of Mattel and Bryant's Rule 30(b)(6) of Mattel. Mattel has set aside the following dates on which it is available to produce Rule 30(b)(6) witnesses: November 6, 7, 14 and 15 and December 5.

You stated that MGA wants additional time with Jill Nordquist. As we stated on the September 18 call, defendants have already deposed Ms. Nordquist for seven hours and it is Mattel's position that MGA is not entitled to additional time with Ms. Nordquist. You claimed that it was your belief that the parties had agreed that Mattel would produce Ms. Nordquist for additional deposition testimony. That is incorrect. Mattel has entered into no such agreement.

We stated that because Rene Pasko is currently the subject of MGA's "bandying" motion, Mattel would not produce Ms. Pasko for additional deposition until the Court has ruled on that motion. I believe that Ms. Nordquist also falls into this category.

The parties agreed that going forward they will send letters requesting depositions of the opposing party to see if the parties can come to an agreement on the availability of particular witnesses before the depositions of those witnesses are noticed.

We scheduled another call to discuss deposition scheduling for Friday, September 28, 2007 at 9:30 a.m. We look forward to speaking with you then.

Best regards,

Jon D. Corey

JDC:BBS
07209/2231905.1

cc:     William Charron
        Jim Jenal

4

**EXHIBIT I PAGE 174**

# EXHIBIT J

07209/2340375.1

## quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

October 2, 2007

**VIA FACSIMILE AND U.S. MAIL**

Amman A. Khan, Esq.
Scott Gizer, Esq.
Christensen, Glaser, Fink, Jacobs,
Weil & Shapiro LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA  90067

Re:   Mattel, Inc. v. Bryant

Dear Counsel:

I write in response to your respective letters of September 27, 2007 and September 25, 2007 regarding deposition scheduling.

First, with respect to the deposition of Matt Bousquette, we are able to obtain deposition dates for him. Judge Infante ordered, however, that he be deposed only after the completion of MGA's production of documents in connection with the unfair competition complaint. To date, MGA has failed to state when that production will be complete. Once MGA does so, then we can ask Mr. Bousequette to look at his calendar for available dates *after* MGA's production is complete. Until MGA provides a date after which Mr. Bousquette's deposition will occur, setting a date for his deposition would require Mattel to guess when MGA's production will complete. Mattel will not do that.

Second, with respect to Ms. Brisbois, does your firm represent her? I understand, however, that MGA is not willing to produce her. Please identify at our next meeting of counsel who her employer is.

Third, we will take up the issue of Ms. Brooks and Ms. Brode with Judge Infante.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2240269.1

Fourth, you represented at the most recent conference of counsel that your firm represents Shirin
Salemnia, Mariana Alameda and Pablo Vargas and that you would provide dates for them at the
next meeting of counsel. Mattel expects dates for those three individuals.

Fifth, we will provide MGA with a date for Mr. Moore's deposition when we receive a date for
Ms. Gronich's deposition.

Sixth, in light of Judge Infante's ruling regarding Mattel's Third Notice of Deposition of MGA,
Mattel is reconsidering its response to MGA's Notice of Deposition of Mattel. In light of that
ruling we anticipate, but cannot assure, that we will be able to discuss these issues when we next
meet.

Mattel's failure to correct all of them shall not be deemed a waiver or an acknowledgement that
the letters are otherwise accurate. If you have any questions regarding the foregoing, please do
not hesitate to call.

Best regards,

Jon Corey

Jon Corey


cc:     Michael Page
        Christa Anderson
        Diana Torres
        William Charron
        Jim Jenal

07209/2240269.1                              2

**EXHIBIT J PAGE 176**

# EXHIBIT K

## quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 22, 2008

**VIA FACSIMILE AND U.S. MAIL**
**917.777.2578**

Paul Eckles, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, New York 10036

Re:   Bryant v. Mattel, Inc.

Dear Paul:

I write to reiterate my verbal request that MGA agree to stipulate that certain depositions be conducted in February, as Judge Larson contemplated in his January 7, 2008 Order. To date, these include: Jorge Castilla, Gentle Giant and Jeanine Brisbois. Mattel may identify additional witnesses in the near term who fall into this category. We have separately addressed the depositions of Wachovia and Moss Adams. Please let me know by close of business tomorrow whether MGA will agree that the depositions of these three persons may occur on dates convenient to them during the month of February.

Separately, Mattel has been granted leave to take the deposition of Ms. Brisbois. She is one of the persons who Mattel alleges misappropriated Mattel trade secrets. She is a resident of Canada, we understand, and MGA's prior counsel refused to produce her for deposition. Please let me know by close of business tomorrow whether MGA has changed his its position and is now willing to produce Ms. Brisbois for deposition. If not, then Mattel will petition Judge Larson for letters rogatory to compel her deposition in Canada.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2364034.1

**EXHIBIT K PAGE 177**

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon Corey

cc:     Michael Page, Esq.
        Alexander Cote, Esq.

EXHIBIT K PAGE 178

# EXHIBIT L

**Michael Fazio**

| | |
|---|---|
| **From:** | Jon Corey |
| **Sent:** | Tuesday, January 22, 2008 1:04 PM |
| **To:** | Eckles, Paul M |
| **Cc:** | Michael Page; acote@obsklaw.com; Michael T Zeller; Dylan Proctor |
| **Subject:** | Depositions |

Paul,

Attached is an updated list of depositions from our end.  Let me know if you have any changes or if you see things differently.

Best regards,

**Confirmed Depositions – 1/22/08**

**January 22, 2008**

Rebecca Harris (QE LA)

**January 23, 2008**

Theresa Newcomb (Skadden LA)
Samir Khare (QE LA)
Carter Bryant (QE SF)

**January 24, 2008**

Carter Bryant (QE SF)
Shelia Kyaw (Skadden LA)
Jean Gomez (Skadden LA)
Ana Cabrera (Doubletree El Segundo)
Lisa Tonnu (QE LA)

**January 25, 2008**

Beatriz Morales (Doubletree El Segundo)
Dave Malacrida (QE LA)
Milt Zablow (NY)
Tim Kilpin (Skadden LA)
David Rosenbaum (QE LA)
Mel Woods (QE LA)
Samir Khare (QE LA)

**January 28, 2008**

Ron Brawer (London)
Robert Eckert (Doubletree El Segundo)
Kevin Farr

**EXHIBIT L PAGE 179**

1/27/2008

Maureen Tafoya (Skadden LA)
Daniel Cooney (Philadelphia-NJ)
Nic Contreras (QE LA)
Susanna Kuemmerle (QE LA)
Anne Wang (QE-LA)
Kickapoo High School (MO)
Nana Ashong (QE NY)

**January 29, 2008**

Farhad Larian

**Requested Depositions after January 28, 2008**

1. Jorge Castilla
2. Wachovia
3. Mitchell Karmack
4. Joyce Ng
5. Gentle Giant
6. Moss Adams
7. Jeanine Brisbois

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**EXHIBIT L PAGE 180**

1/27/2008

# EXHIBIT M

## Michael Fazio

**From:**    Jon Corey

**Sent:**    Wednesday, January 23, 2008 1:01 AM

**To:**      Eckles, Paul M; 'mpage@kvn.com'; 'acote@obsklaw.com'

**Cc:**      Michael T Zeller; Dylan Proctor

**Subject:** Depositions

Counsel,

Attached is the most recent schedule of confirmed deposition from Mattel's perspective.  Please let me know if there are any inaccuracies that you are aware of.

### Confirmed Depositions – 1/22/08

### January 22, 2008

Rebecca Harris (QE LA)

### January 23, 2008

Theresa Newcomb (Skadden LA)
Samir Khare (QE LA)
Carter Bryant (QE SF)

### January 24, 2008

Carter Bryant (QE SF)
Shelia Kyaw (Skadden LA)
Jean Gomez (Skadden LA)
Ana Cabrera (Doubletree El Segundo)
Lisa Tonnu (QE LA)

### January 25, 2008

Beatriz Morales (Doubletree El Segundo)
Dave Malacrida (QE LA)
Milt Zablow (NY)
Tim Kilpin (Skadden LA)
David Rosenbaum (QE LA)
Mel Woods (QE LA)
Samir Khare (QE LA)
Jesse Ramirez (QE LA)

### January 28, 2008

Ron Brawer (London)*
Robert Eckert (Doubletree El Segundo)
Kevin Farr (Skadden LA)
Maureen Tafoya (Skadden LA)

**EXHIBIT M PAGE 181**

1/27/2008

Daniel Cooney (Trenton NJ)
Nic Contreras (QE LA)
Susanna Kuemmerle (QE LA)
Anne Wang (QE-LA)
Kickapoo High School (MO)
Nana Ashong (QE NY)
Mitchell Karmack (QE LA)
Jeff Weiss (Strook LA)
Joe Tiongco (QE LA)*
Daphne Gronich (QE LA)*

**January 29, 2008**

Farhad Larian (QE LA)*

**Requested Depositions after January 28, 2008**

1.      Jorge Castilla
2.      Wachovia
3.      Mitchell Karmack
4.      Joyce Ng
5.      Gentle Giant
6.      Moss Adams
7.      Jeanine Brisbois

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above.  This message may be an attorney-client communication and/or work product and as
such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible
for delivering it to the intended recipient, you are hereby notified that you have received this document in error
and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have
received this communication in error, please notify us immediately by e-mail, and delete the original message.

**EXHIBIT M PAGE 182**

1/27/2008

# EXHIBIT N

**CONFORMED**

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
3 | Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
4 | Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
5 | Timothy L. Alger (Bar No. 160303)
(timalger@quinnemanuel.com)
6 | 865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
7 | Telephone: (213) 443-3000
Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

12 | CARTER BRYANT, an individual,

13 |       Plaintiff,

14 |       vs.

15 | MATTEL, INC., a Delaware corporation,

16 |       Defendant.

17 |

18 | AND CONSOLIDATED ACTIONS

CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with
Case No. CV 04-09059
Case No. CV 05-02727

Hon. Stephen G. Larson

NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR LEAVE TO TAKE ADDITIONAL DISCOVERY AND OBJECTIONS TO DISCOVERY MASTER ORDER OF SEPTEMBER 28, 2007; AND

MEMORANDUM OF POINTS AND AUTHORITIES

[Declaration of B. Dylan Proctor filed concurrently]

Hearing Date: January 7, 2008
Time: 10:00 a.m.
Courtroom: 1

**Phase 1:**
Discovery Cut-off: January 28, 2008
Pre-trial Conference: May 5, 2008
Trial Date: May 27, 2008

07209/2299353.1

-i-

11-19

EXHIBIT N PAGE 183

1 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that on January 7, 2008, at 10:00 a.m., or as soon
3 thereafter as the matter may be heard, in the courtroom of Honorable Stephen G.
4 Larson, located at 3470 Twelfth Street, Riverside, California, 92501, Mattel, Inc. will,
5 and hereby does, move the Court, pursuant to Federal Rule of Civil Procedure 26(b)
6 and the Court's February 12, 2007 Scheduling Order, for an order granting Mattel leave
7 to take additional depositions, including Rule 30(b)(6) depositions of defendants MGA
8 Entertainment, Inc., and MGAE de Mexico S.R.L. de C.V., beyond the current limit set
9 by the Court and to serve additional interrogatories on defendants. Pursuant to 28
10 U.S.C. § 636(b)(1), Mattel also seeks an additional 12 hours to depose Carter Bryant, in
11 addition to the seven hours already permitted by Discovery Master Infante.

12      Mattel makes this Motion on the grounds that the breadth and complexity of this
13 case warrant more than the 24 depositions and 50 interrogatories permitted by the
14 Court's Scheduling Order. Mattel further makes this Motion on the grounds that, given
15 Bryant's central role in the hundreds of products that MGA has sued upon in this case,
16 and because both the parties and third-parties have produced many millions of pages of
17 documents since Mr. Bryant's deposition in 2005, seven hours is not enough time to
18 fully depose Mr. Bryant.

19      This Motion is based on this Notice of Motion and Motion, the accompanying
20 Memorandum of Points and Authorities, the Declaration of B. Dylan Proctor filed
21 concurrently herewith, the records and files of this Court, and all other matters of which
22 the Court may take judicial notice.

1

## Statement of Local Rule 7-3 Compliance

2      The parties met and conferred pursuant to Local Rule 7-3 on October 3, 2007,

3   and times thereafter, but were not able to resolve this motion.

4

5   DATED: November 19, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

6

7                                     By_____

8                                        Jon Corey
                                         Attorneys for Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2299353.1

-iii-

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT.................................................................................1

STATEMENT OF FACTS ......................................................................................3

ARGUMENT ........................................................................................................6

I.      THE RULES CONTEMPLATE ADDITIONAL DISCOVERY....................6

        A.      Each Category of Claims Warrants More Depositions.........................8

                1.      The Bratz Claims Require Additional Depositions ...................8

                2.      Mattel's Trade Secret and RICO Claims and MGA's Unfair
                        Competition Claims Require Additional Depositions ..............12

        B.      Mattel Needs Additional Depositions Because the Integrity of
                MGA's and Bryant's Preservation of Documents Is At Issue...............14

        C.      Mattel Seeks Leave to Take 30(b)(6) Depositions On Non-
                Duplicative Topics...........................................................................15

        D.      Mattel Meets The Requirements for Additional Discovery.................15

II.     THE COURT SHOULD GRANT LEAVE WITH RESPECT TO
        MATTEL'S INTERROGATORIES.........................................................16

III.    THE COURT SHOULD ALLOW ADDITIONAL TIME FOR THE
        BRYANT DEPOSITION ........................................................................20

CONCLUSION ...................................................................................................25

07209/2299353.1

-i-

**EXHIBIT N PAGE 186**

1

## **TABLE OF AUTHORITIES**

2
**Page**

3

### **Cases**

4

Andamiro v. Konami Amusement of Am.,
5    2001 WL 535667 (C.D. Cal. April 26, 2001)........................................................ 8

6  Bahn v. NME Hosps., Inc.,
     929 F.2d 1404 (9th Cir. 1991) .............................................................. 22
7

Bromgard v. Montana,
8    2007 WL 1101179 (D. Mont. April 11, 2007) ............................................. 11, 18

9  Collaboration Prop. v. Polycom, Inc.,
     224 F.R.D. 473 (N.D. Cal. 2004).............................................................. 8
10

Fresenius Med. Care Hldgs, Inc. v. Roxane Labs., Inc.,
11   2007 WL 764302 Proctor Dec., Ex. 43 .......................................................23

12 Rx USA Wholesale, Inc. v. McKesson Corp.,
     2007 WL 1827335 (E.D.N.Y. June 25, 2007)........................................ 7, 11, 19
13

Whittingham  v. Amherst Coll.,
14   163 F.R.D. 170 (D. Mass. 1995).............................................................7

15

### **Statutes**

16

Cal. Civ. Code § 3426.1...........................................................................20
17

Fed. R. Civ. P. 26(b) .......................................................................... 8, 20
18

Fed. R. Civ. P. 30(a)(2)(A) .................................................................. 7, 20
19

Fed. R. Civ. P. 33 ........................................................................... 7, 8, 20
20

Local Rule 7-3 ......................................................................................3
21

Fed. R. Civ. P. 30(b)(6) ................................................................. 9, 14, 16, 17
22

Fed. R. Civ. P. 53(e) .............................................................................21

23

24

25

26

27

28

1
2

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

3    In its Scheduling Order, the Court limited each side to 50 interrogatories and 24
4 fact depositions.  The Court recognized, however, that the case's complexity could
5 require additional depositions or interrogatories and invited motions for additional
6 discovery, if necessary:  "I don't want to say they are soft limits [on the number of
7 depositions], but they are limits which the Court would certainly understand or would
8 invite counsel to submit a motion to expand if there's reason to.  But I just want to have
9 some parameters placed on this at the outset."   Likewise, with respect to the
10 interrogatory limit, the Court stated:   "[L]et's try and work within the confines of the
11 50 interrogatories, and if you need more, again, the Court is going to be forthcoming, if
12 there's a need for it."[1]  Mattel respectfully submits that time has come.

13    Under the Federal Rules, leave to take additional discovery "shall be granted" to
14 the extent consistent with the principles set forth in Rule 26(b)(2).  Fed. R. Civ. P.
15 30(a)(2)(A) & 33(a).  The additional discovery Mattel seeks is appropriate under that
16 framework.  It is not duplicative of prior discovery, Mattel has not had an adequate
17 opportunity to take discovery on these matters, and the substantial benefits of discovery
18 on these central issues outweigh any burden.  MGA has identified many dozens of
19 witnesses with knowledge of the parties' claims or defenses.  Mattel has sued MGA for
20 inducing several Mattel employees to misappropriate many thousands of pages of
21 documents containing Mattel trade secrets over an extended period of time.  For its
22 part, MGA has accused over 400 Mattel products of infringing the trade dress of more
23 than 200 MGA products.  As MGA has proclaimed, it will be seeking "billions" of
24 dollars from Mattel on its claims alone.  Additional depositions are warranted given the
25 breadth and complexity of the claims and defenses in this case and the stakes involved.

26

27    [1]  February 12, 2007 Scheduling Conference Tr. at 22:12-15 and 24:5-7, Exhibit 7 to
the Declaration of B. Dylan Proctor, dated November 19, 2007 ("Proctor Dec.").

28

-1-
MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

**EXHIBIT N PAGE 188**

1   To date, Mattel has taken 18 depositions, which leaves Mattel with six
2   remaining. Mattel has been able to take only one deposition on its counterclaims or
3   defenses to MGA's unfair competition claims, and as of yet, Mattel has been unable to
4   depose any of the individuals actively involved in the theft of Mattel's trade secrets.
5   The specific individuals who Mattel seeks to depose are identified below, along with
6   the justification for each. In addition, Mattel cannot obtain without the Court's leave
7   the corporate testimony of MGA or MGAE de Mexico on the facts related to either
8   MGA's unfair competition claims or Mattel's counterclaims. Mattel seeks leave to
9   serve the First Notice of Deposition of MGAE de Mexico, attached as Exhibit A, and
10  an additional Notice of Deposition of MGA, attached as Exhibit B, on those subjects.

11   Mattel also seeks leave to serve defendants with additional interrogatories.
12  Mattel has served interrogatories seeking MGA's contentions with respect to the
13  creation of Bratz and MGA's unfair competition claims. Mattel's proposed
14  interrogatories, which are attached as Exhibit C, seek information related to Mattel's
15  counterclaims and to MGA's claims against Mattel for alleged unfair competition, as
16  well as certain of defendants' defenses.[2]

17   Finally, Mattel seeks additional time to depose Mr. Bryant. Although Bryant was
18  deposed in 2004, since that time MGA and Bryant have produced millions of pages of
19  documents that they had long withheld until compelled by the Court, and the scope of
20  the claims in these consolidated cases has increased dramatically. Only after Bryant's
21  deposition occurred, MGA asserted its broad unfair competition claims against Mattel.
22  Only after Bryant's deposition occurred, Mattel asserted its counterclaims, including its
23  copyright infringement and RICO counterclaims, against Bryant and other defendants.
24  And, despite the fact that Mattel sought documents relating to the origins of Bratz

25
26  [2]   Because defendants refuse to answer Mattel's previously served interrogatories based
    on spurious claims that they exceed the 50 limit, Mattel seeks leave as to them to avoid
27  defendants' further quarreling over the counting of interrogatories and thereby obtain
    obvious information about defendants' own contentions and other critical subjects.
28

:09/2299353.1

-2-

1  before Bryant's initial deposition, both MGA and Bryant were, unbeknownst to Mattel,

2  withholding such documents at the time of the deposition – this was discovered only

3  after multiple motions to compel brought by Mattel were granted.   Judge Infante

4  recognized that Bryant is the "most knowledge witness with respect to virtually all of

5  the factual issues" and claims in these matters.[3] Judge Infante nevertheless gave Mattel

6  only seven additional hours for Bryant's deposition (on top of two hours previously

7  granted due to Bryant's and his counsel's improper conduct during the prior deposition).

8  That simply is not enough to depose Bryant on MGA's claims, Mattel's counterclaims

9  and all the newly produced evidence that post-dates the 2004 deposition.   Mattel

10  therefore requests that this Court grant additional time of another 12 hours for a total of

11  21 additional hours to question Bryant.

12  **Statement of Facts**

13      <u>Mattel's Original Complaint</u>.  Mattel filed its initial Complaint on April 27, 2004,

14  alleging that Carter Bryant breached his duties to Mattel by working with and assisting

15  a Mattel competitor, MGA, while he was employed by Mattel.[4]   While at Mattel,

16  Bryant worked on the "Bratz" project.[5]  On December 7, 2004, MGA filed an answer in

17  intervention claiming that the action put at issue MGA's rights to Bratz.[6]

18      <u>MGA's Complaint</u>.  MGA filed a complaint against Mattel on April 13, 2005

19  alleging that Mattel engaged in "serial copycatting" of the Bratz dolls.[7] Mattel's action

20  and MGA's action were later consolidated along with a declaratory relief action filed by

21  Bryant, which was later dismissed.[8]

22      <u>Mattel's Counterclaims</u>.  On November 19, 2006, Mattel moved for leave to

23  amend its complaint.  The Court granted Mattel's motion, allowing Mattel's new claims

24

25

26

27

28

---

[3]  9/27/07 Hearing Tr. at 24:24-25:2, Proctor Dec., Ex 85.
[4]  Proctor Dec., Ex. 1.
[5]  <u>Id.</u> ¶¶ 12-13.
[6]  Proctor Dec., Ex. 2.
[7]  Proctor Dec., Ex. 3.
[8]  Minute Order Re Consolidation (June 19, 2006), Proctor Dec., Ex. 4.

1   to be alleged as counterclaims to MGA's complaint.[9]  Mattel filed its Second Amended

2   Answer and Counterclaims on July 12, 2007.  Mattel's counterclaims against MGA

3   Entertainment, Inc., MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L.

4   de C.V. include claims for copyright infringement, violation of RICO, conspiracy to

5   violate RICO, misappropriation of trade secrets, intentional interference with contract,

6   aiding and abetting breach of fiduciary duty, aiding and abetting breach of duty of

7   loyalty, conversion and unfair competition.[10]  MGA's current amended answer to

8   Mattel's counterclaims asserts twenty-two affirmative defenses.[11]

9           Scheduling Conference.  At the February 12, 2007, and as reflected in a Minute

10  Order, the Court limited depositions to 24 per side and interrogatories to 50 per side.[12]

11  The Court recognized that the parties might need more depositions or interrogatories:

12              I don't want to say they are soft limits [on the number of
            depositions], but they are limits which the Court would
13          certainly understand or would invite counsel to submit a
            motion to expand if there's reason to. But I just want to have
14          some parameters placed on this at the outset.
15
                . . .
16              [L]et's try and work within the confines of the 50
            interrogatories, and if you need more, again, the Court is
17          going to be forthcoming, if there's a need for it.[13]
18

19          Mattel's Interrogatories.  To date, Mattel has propounded 50 interrogatories.[14]  In

20  June 2007, Mattel propounded 19 interrogatories on MGA, MGA Hong Kong, Larian

21

22      [9]  1/11/07 Order Re Mattel's Motion for Leave to Amend, Proctor Dec., Ex. 5.
        [10]  See Mattel's Second Amended Answer in Case No. 05-2727 and Counterclaims,
23  dated July 12, 2007 ("Mattel's Counterclaims"), Proctor Dec., Ex. 16.
        [11]  See MGA's Amended Answer and Affirmative Defenses ("MGA's Amended
24  Answer"), Proctor Dec., Ex. 46.  MGA had filed its original answer on August 13, 2007.
25  Proctor Dec., Ex. 17. After meeting and conferring, MGA acknowledged deficiencies in
    its defenses and served its amended answer on September 19, 2007.
26      [12]  2/12/07 Scheduling Order, at 1, Proctor Dec., Ex. 6.
        [13]  2/12/07 Scheduling Conference Tr., at 22:12-15 and 24:5-7, Proctor Dec., Ex. 7.
27      [14]  See Proctor Dec., Exs. 8-12, 15, 64-68.
28

EXHIBIT N PAGE 191

1 and Bryant, seeking information about Bratz development, their affirmative defenses to
2 Mattel's claims, defendants' contentions regarding unfair competition claims and
3 MGA's benefit from Bratz.[15] Defendants claimed they exceeded the interrogatory limit,
4 and on September 5, 2007, Judge Infante ruled that identical interrogatories served on
5 multiple parties, as well as interrogatories asking defendants to "state all facts"
6 supporting a particular contention, "identify all persons with knowledge of such facts,"
7 and "identify all documents" relevant to such facts, would each count as only one
8 interrogatory.[16] However, an interrogatory asking a party to state facts supporting
9 different affirmative defenses would count as a different interrogatory per defense.[17] In
10 accordance with that ruling, on September 21, 2007, Mattel served revised sets of
11 fifteen interrogatories.[18] Defendants nevertheless still refuse to substantively answer
12 these interrogatories, including because they allegedly exceed the number permitted.[19]

13     <u>Mattel Depositions</u>. To date, Mattel has taken 18 depositions. Mattel has had
14 good cause for each of those depositions. They include:

15     • Carter Bryant – defendant
16     • Victoria O'Connor – former MGA executive with knowledge of MGA's
17      and Larian's spoliation of evidence
    • Jaqueline Prince – witness allegedly supporting Bryant's Bratz creation
18      story
19     • Isaac Larian – defendant
20     • Steve Linker – third party with knowledge of work on Bratz before
21      Bryant left Mattel
    • Paula Garcia – Bratz project manager from the start who worked on
22      Bratz with Bryant before he left Mattel
23     • Brooke Gilbert – Bryant's niece with knowledge of Bryant's computer
24      on which Bryant installed and used "Evidence Eliminator"

25 [15] Proctor Dec., Ex. 13.
[16] 9/5/07 Order Re Mattel's Interrogatories, at 5-6, Proctor Dec., Ex. 14.
26 [17] <u>See id.</u> at 7.
[18] Proctor Dec., Ex. 45.
27 [19] <u>See</u> Proctor Dec., Exs. 73-74.
28

1

2
- Kerri Brode – MGA employee with knowledge of Bryant's work on Bratz while at Mattel

3
- Dave Malacrida – MGA public relations employee with knowledge regarding early Bratz design and marketing

4

5
- Janet Bryant – Bryant's mother and relied upon by Bryant to establish alleged date of Bratz creation

6
- Thomas Bryant – Bryant's father and relied upon by Bryant to establish alleged date of Bratz creation

7

8
- Sarah Chui – worked on Bratz in 2000 for MGA Hong Kong

9
- Richard Irmen – Bryant's partner and relied upon by Bryant to establish alleged date of Bratz creation

10

11

12
- Maureen Tkacik – *Wall Street Journal* reporter to whom Larian stated, in an interview, that he chose Mr. Bryant's idea for the Bratz over several others after holding "a sort of fashion-doll design contest in late 1999" -- a time during which Bryant was employed by Mattel and months before MGA and Bryant now say they first were introduced

13
- MGA Entertainment, Inc. – defendant

14
- MGA Entertainment (HK) Limited – defendant

15
- Schyler Bacon – MGA employee who recruited Mattel employees who stole trade secrets

16

17
- Denise O'Neal – *Chicago Sun Times* reporter to whom Larian made prior inconsistent statements, including that MGA's creative team decided to use the "Brats" name but to change the "s" to a "z"

18

19
## Argument

20
### I.   THE RULES CONTEMPLATE ADDITIONAL DISCOVERY

The Federal Rules require that a party obtain leave before serving interrogatories

21
or taking depositions beyond the limits established by the Court. See Fed. R. Civ. P.

22
33(a) (interrogatories); id. 30(a)(2)(A) (depositions). The purpose of these limits is to

23
allow the Court to "maintain a 'tighter rein' on the extent of discovery and to minimize

24
the potential cost of [w]ide ranging discovery". Rx USA Wholesale, Inc. v. McKesson

25
Corp., 2007 WL 1827335, at *2-3 (E.D.N.Y. June 25, 2007) (quoting Whittingham v.

26
Amherst Coll., 163 F.R.D. 170, 171-72 (D. Mass. 1995)). The limits, however, are not

27
intended to "prevent needed discovery," and courts have "broad[] discretion" to allow

28

**EXHIBIT N PAGE 193**

1  additional discovery "based on the complexity" of the case at hand. Notes of the
2  Advisory Committee (1993) to Fed. R. Civ. P. 26(b) & 33. Leave to take additional
3  discovery "shall be granted" to the extent consistent with the principles set forth in Rule
4  26(b)(2). Fed. R. Civ. P. 30(a)(2)(A), & 33(a). Courts permit additional interrogatories
5  or depositions after considering whether:

6          (1) the discovery sought is unreasonably cumulative or duplicative, or is
7          obtainable from some other source that is more convenient, less
           burdensome, or less expensive; (2) the party seeking discovery has [had]
8          ample opportunity obtain the information sought; or (3) the burden or
9          expense of the proposed discovery outweighs its likely benefit, taking into
           account the needs of the case, the amount in controversy, the party's
10         resources, and the importance of the proposed discovery in resolving the
           issues.
11

12  Andamiro v. Konami Amusement of Am., 2001 WL 535667, at *2 (C.D. Cal. April
13  26, 2001) (depositions); see also Collaboration Prop. v. Polycom, Inc., 224 F.R.D.
14  473, 475 (N.D. Cal. 2004) (interrogatories).

15  **II.    MATTEL SHOULD BE GRANTED ADDITIONAL DEPOSITIONS**

16         Mattel should be permitted to take more than 24 depositions in these
17  consolidated cases. This action contains three broad categories of significant claims,
18  each of which necessitates additional depositions: Mattel's Bratz-related claims,
19  MGA's unfair competition claims, and Mattel's trade secret theft and RICO claims.
20  MGA's supplemental initial disclosures identified 86 witnesses with knowledge of
21  MGA's claims and defenses, 62 of whom are not Mattel employees.[20]   Mattel's
22  supplemental disclosures contain nearly double the number of witnesses with
23  knowledge, only 43 of whom are Mattel employees.[21] Based on the million-and-a-half
24  pages that MGA has recently produced, Mattel is preparing third supplemental

25  ─────────────────
    [20]  See MGA Entertainment, Inc.'s Supplemental Disclosures and MGA Entertainment
26  (HK) Limited, MGAE de Mexico S.R.L. de C.V. and Larian's Initial Disclosures Under
27  Rule 26(a)(1), dated September 21, 2007, at 1-16, Proctor Dec., Ex. 18.
    [21]  See Proctor Dec., Ex. 19, at 3-19.
28

1  disclosures which will name additional witnesses. Mattel can rely on Rule 30(b)(6) to

2  obtain some information, but Mattel cannot effectively prosecute or defend these cases

3  with only 24 depositions.

### A.   Each Category of Claims Warrants More Depositions

#### 1.   The Bratz Claims Require Additional Depositions

6        The number of witnesses involved with the creation of Bratz or with knowledge

7  of Bryant's purported story about when he created – and the inconsistent stories that

8  MGA spun in the media – justify additional depositions. For example, Bryant claims

9  that he created Bratz when he was not a Mattel employee.[22] He initially identified three

10 people who he claimed could corroborate this story: Tom and Janet Bryant (his

11 parents) and Richard Irmen (his partner). Bryant's mother for the first time in this case

12 recently identified a fourth: her friend, Jeanne Galvano. Bryant will introduce their

13 testimony to vouch for his story, so Mattel obviously needs and is entitled to depose

14 them. Similarly, Isaac Larian has repeatedly made conflicting, inconsistent statements

15 about Bratz's creation to the press, among others.[23] Mattel thus far has deposed two of

16 the journalists who wrote those stories – depositions where Mattel's questioning lasted

17 far less than an hour. Bryant's "alibi" witnesses and the reporters alone use up one-third

18 of Mattel's originally allotted 24 depositions.

19        In addition, at the time of the Scheduling Order, Bryant and MGA had said only

20 a handful of people worked directly on Bratz prior to 2002: Bryant, Anna Rhee,

21 Mercedeh Ward, Margaret Leahy, Paula Garcia and unidentified people in Hong

22 Kong.[24] In a recent supplemental interrogatory response, MGA identified 11 more

23 people who worked on the first Bratz dolls, including Sarah Halpern, Veronica Marlow,

24

---

25   [22]   Bryant Dep. Tr. at 140:9-141:8, Proctor Dec., Ex. 20.

26   [23]   Proctor Dec., Ex. 21.
     [24]   See Bryant's Objections and Responses to Second Set of Interrogatories
27 Propounded by Mattel, Inc., at 4, Proctor Dec., Ex. 22; MGA's Response to Mattel's
   Second Set of Interrogatories, at 4:17-20, Proctor Dec., Ex. 23.
28

1  Cecilia Kwok, David Dees, Stephen Tarmichael, Edmond Lee, Franki Tsang, Samuel
2  Wong, Stephen Lee, William Ragsdale and Wendy Ragsdale (and Mattel now knows
3  that even this list is incomplete).[25]  This list does not include anyone involved in early
4  sales, marketing, product testing or advertising of Bratz.

5       When a deponent possesses unique information, courts generally grant leave for
6  additional depositions because they do not undermine the key purpose of the limits –
7  preventing duplicative discovery. See, e.g., Bromgard v. Montana, 2007 WL 1101179,
8  at *2 (D. Mont. April 11, 2007).  Courts deny additional depositions when deponents
9  are likely to have common, interchangeable information. And, even in such instances,
10 courts may allow a limited number or sequential depositions to proceed. See, e.g., Rx
11 USA, 2007 WL 1827335, at *3 (allowing additional deposition testimony on one but
12 not both individuals with generalized information).

13      Here, Mattel seeks depositions of witnesses who each have specific, unique
14 personal knowledge of the Bratz claims as well as about other claims in the case. All of
15 them are third parties:

16     • Sarah Halpern – worked on the patterns for the first Bratz dolls
17     • Margaret Leahy – sculpted the first Bratz dolls and 4-Ever Best Friends
18     • Veronica Marlow – worked on the first Bratz doll fashions as well on
          products at issue in MGA's claims
19
20     • Elise Cloonan – worked with Bryant on his Bratz pitch to MGA while both
          were employed by Mattel
21     • Jesse Ramirez – worked on molds for Bratz
22     • Jeanne Galvano – alleged witness Bryant's mother recently claimed can
          verify facts relating to Bratz's creation
23
24     • Stephen Lee – Managing Director of MGA Hong Kong during development
          of Bratz and other products at issue
25

[25]  MGA's Third Supplemental Responses to Mattel's Second Set of Interrogatories, at
26  4:1-6:3, Proctor Dec., Ex. 24; see Linker Dep. Tr. at 59:22-64:9, Proctor Dec., Ex. 25
27  (testifying that Paula (Treantafelles) Garcia and Bryant approached him and his partner,
    Liz Hogan, before Bryant left Mattel to work on Bratz).
28

07209/2299353.1

1    • Cecilia Kwok – MGA Hong Kong employee principally involved with first
     Bratz dolls

2

3    • Farhad Larian – brother of Isaac Larian, who sued Isaac Larian and alleged,
     inter alia, that MGA was working on Bratz by early 2000 (months before
     MGA and Bryant claim to have met) when he was a part owner of MGA[26]

4

5    • Certain as yet unidentified attorneys who represented parties to disputes
     between Isaac Larian and Farhad Larian in which the creation of and value of
     Bratz was at issue

6

7    • Sandra Bilotto – sculptor who worked on Prayer Angel dolls at issue[27]

8    • Anne Wang – represented Bryant in negotiations with MGA while he was a
     Mattel employee that led to the agreement dated "as of September 18, 2000"[28]

9    • David Rosenbaum – represented MGA in negotiations with Bryant's first
     agreement with MGA[29]

10

11   • Christensen Glaser LLP – firm to which Victoria O'Connor faxed the
     MGA/Bryant agreement that Isaac Larian had ordered her to alter[30]

12   • Lucy Arant – lawyer with knowledge of MGA's first use of Bratz

13   • Mitchell Kamarck – former MGA counsel who responsible for patent
     applications, including those in which Isaac Larian had claimed to be the
14   inventor of Bratz features that Bryant has since testified he created[31]

15   • Carol Witschell – lawyer who worked on MGA trademark applications and
     other trademark matters at issue

16

17   • Nana Ashong – former MGA employee who stated Bratz was created during
     Bryant's employment by Mattel[32]

18   • Larry McFarland – wrote MGA copyright registrations that stated the Bratz
     dolls were created during 2000 and that, after this suit was filed, MGA
19   claimed were incorrect

20   • Eric Yip – MGA Hong Kong Sales Administrator in 2000 and 2001, when
     Bratz were created and first shipped to Bandai in Spain[33]

21

22   ───────────────

     [26]  See Larian Dep. Tr. at 159:17-160:14, Proctor Dec. Ex. 54.
23   [27]  Brode Dep. Tr. at 303:9-316:16, Proctor Dec. Ex. 55; Dep. Exhs. 607, 608, 609,
24   Proctor Dec., Ex. 56.
     [28]  See Bryant Tr. at 39:6-42:18, Proctor Dec. Ex. 60.
25   [29]  See O'Connor Dep. Tr. at 94:1-95:21, Proctor Dec., Ex. 61.
     [30]  See O'Connor Tr. 17:3-19:19, Proctor Dec., Ex 75.
26   [31]  See Armstrong Dep. Tr. at 10:7-12, 26:16-23, 244:18-21, Proctor Dec. Ex. 62.
     [32]  See Brode Tr. at 87:13-88:11, Proctor Dec., Ex. 55.
27   [33]  See Harris Dep. Tr. at 121:16-122:17, Proctor Dec. Ex. 63.

28

                          -10-

EXHIBIT N PAGE 197

- Gentle Giant Studios – created relevant moldings and casts while Bryant was still employed at Mattel[34]

- Christopher Palmeri – *Business Week* reporter who wrote that Larian purportedly "got the idea for Bratz after seeing his own kids run around in navel-bearing tops and hip-huggers"[35]

- Jeff Weiss – *San Fernando Valley Business Journal* reporter who quoted another inconsistent Larian statement concerning the origin of Bratz[36]

- Kickapoo High School – where Bryant allegedly found inspiration for Bratz and author of documents refuting that claim

- LA Focus – conducted Bratz focus groups, including focus groups that MGA denies occured

- Joyce Ng – independent contractor who moderated Bratz focus groups

- Rachel Harris – former MGA employee who worked on initial Bratz packaging as well as on other packaging which MGA's claims rest on

- Peter Marlow – spouse of Veronica Marlow who negotiated millions of dollars in payments for Bratz from Bryant on her behalf

- Andreas Koch – former MGA manager who has knowledge of Bryant's initial contacts with MGA

- Kami Gillmour – former Mattel and MGA employee who has knowledge regarding Paula Garcia's employment with MGA, confidential information taken from Mattel and MGA's projects at issue

- Mercedeh Ward – engineer on initial Bratz dolls and author of emails reflecting the use of Mattel property in its creation

- Moss Adams – accounting firm with knowledge of MGA's profits and distributions thereof to Larian (who owns 90% of MGA's shares)

- Wachovia Bank – bank identified as being involved in early Bratz financing and knowledgeable about MGA's net worth or value

- Amy Myers – formerly with MGA and has knowledge of Prayer Angels project that MGA has raised as a defense

- Two or three parties MGA sued for infringement of Bratz and whose identities are not yet known to Mattel – they will have knowledge of the dolls and other properties MGA has sued on in the past, which is relevant to refuting MGA's current claims that earlier iterations of Bratz products look nothing like subsequent iteration of Bratz products

---

[34] See Proctor Dec., Ex 72.
[35] Proctor Dec. Ex. 52.
[36] Proctor Dec. Ex. 53.

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

07209/2299353.1

1    Further, many of these same witnesses are also knowledgeable as to MGA's
2  claims of unfair competition and Mattel's trade secret and RICO claims, as they
3  continued to work with MGA in later years. For example, MGA has already identified
4  Halpern, Kwok, Leahy, Marlow, Lee, Ward and Yip as individuals involved with the
5  products at issue.[37] Likewise, Ramirez continued working on molds for subsequent
6  Bratz dolls through at least 2005,[38] while   Kamarck,[39] Witschell,[40] Arant, and
7  McFarland[41] were involved in subsequent Bratz-related intellectual property matters.
8  As such, testimony from these witnesses is essential for both phases of trial.

9              **2.    Mattel's Trade Secret and RICO Claims and MGA's Unfair**
10                     **Competition Claims Require Additional Depositions**

11    Mattel has sued MGA for misappropriating Mattel trade secrets and RICO
12  violations by, among other things, stealing thousands of pages of Mattel confidential
13  information in the United States, Canada and Mexico.[42] Mattel identified Ron Brawer,
14  Janine Brisbois, Gustavo Machado, Mariana Trueba Almada and Pablo Vargas as
15  individuals who misappropriated Mattel trade secrets. The only person Mattel has been
16  able to depose on its counterclaims is Ms. Bacon, who coordinated MGA's recruiting of
17
18
19
20  _____
[37] See MGA's Fourth Supp. Response to Interrogatory No. 1 of Mattel's First Set of
21  Interrogatories Re Claims of Unfair Competition, at 10-12, 18, 19, Proctor Dec., Ex. 27.
22  [38] See, e.g., Proctor Dec., Ex. 69 (showing various Bratz-related work in 2005).
    [39] See, e.g., Armstrong Tr. 26:5-23, Proctor Dec., Ex. 62 (discussing involvement in
23  Bratz-related patent applications through 2004).
24  [40] See, e.g., Proctor Dec., Ex. 70 (discussing involvement with Bratz registrations).
    [41] See, e.g., Proctor Dec., Ex. 71 (discussing involvement with Bratz licensing).
25  [42] Mattel's Counterclaims ¶¶ 37-54, 70-76, Proctor Dec., Ex 16.
26
27
28

**EXHIBIT N PAGE 199**

1  Mattel employees.[43]   Accordingly, Mattel seeks leave to take the depositions of the

2  following witnesses on such claims:[44]

3  • Ron Brawer – has knowledge of stolen Mattel trade secrets in the U.S.

4  • Janine Brisbois – former Mattel employee who stole Mattel trade secrets

5  • Gustavo Machado – former Mattel employee who stole Mattel trade secrets

6  • Mariana Trueba – former Mattel employee who stole Mattel trade secrets

7  • Pablo Vargas – former Mattel employee who stole Mattel trade secrets

8  • Ricardo Abundis – has knowledge of stolen Mattel trade secrets in Mexico

9  • Jorge Castilla – believed to have stolen Mattel trade secrets in the U.S.

10  • Nic Contreras – believed to have knowledge of stolen Mattel trade secrets

11  • Dan Cooney – believed to have knowledge of stolen Mattel trade secrets

12  • Susan Kuemmerle – believed to have knowledge regarding stolen Mattel

13  trade secrets in Mexico

14  • Shirin Salemnia – believed to have knowledge of stolen Mattel trade secrets

15  • MGAE de Mexico – defendant to trade secret theft and RICO claims

16  • MGA Entertainment, Inc. – defendant

17  Further, MGA has accused Mattel of trade dress infringement and dilution and

18  unfair competition in connection with more than 440 products.[45]   MGA has identified

19

20  [43]   Bacon Dep. Tr. at 12:12-13, 51:22-52:17, 86:8-12, and 114:19-116:9, Proctor Dec.,
   Ex. 28. And even with respect to Ms. Bacon's deposition, MGA attempted to prevent her
21  from testifying on the grounds that Mattel had not noticed her deposition individually, but
22  only as a Rule 30(b)(6) designee. See Proctor Dec., Ex. 29.
   [44]   These are those who Mattel has identified to date. Mattel anticipates that there may
23  be more who will need to be deposed in connection with MGA's unfair competition claims
   and Mattel's counterclaims because (a) it continues to review the over one-and-a-half
24  million pages of documents that MGA produced in the past month and (b) MGA, to date,
25  has failed to identify how it anticipates defending Mattel's counterclaims or which
   documents or witnesses it will rely upon to do so, including by its ongoing failures to
26  answer Mattel contention interrogatories related to its defenses to Mattel's counterclaims.
   [45]   MGA's Supp. Response to Interrogatory No. 2 Of Mattel, Inc.'s First Set of
27  Interrogatories Re Claims of Unfair Competition, at 5-19, Proctor Dec., Ex. 26.

28

-13-

1    117 witnesses with knowledge of the creation or promotion of those products,[46]
2    including many of the persons listed above. Mattel has taken the depositions of only
3    six of those 117 named individuals, and has not yet been able to depose two of them,
4    Bryant or Larian, regarding the unfair competition allegations.

5          **B.    Mattel Needs Additional Depositions Because the Integrity of MGA's**
6                  **and Bryant's Preservation of Documents Is At Issue**

7          Mattel also is entitled to inquire about MGA's and Bryant's preservation and
8    production of evidence. For example, as MGA's designee on document preservation
9    testified, MGA had only obtained off-site documents as of the summer of 2007 and had
10   searched none of these documents for responsive documents, even though the Court
11   had ordered MGA to produce them and MGA had previously represented that its
12   production was complete.[47] Further, MGA's designee on MGA's electronic document
13   preservation and collection testified that MGA's only search of such information was a
14   single search of Isaac Larian's e-mails in 2005, nothing more.[48] MGA's designee
15   repeatedly testified that Joe Tiongco, who Mattel seeks to depose, has more
16   knowledge.[49] In the same vein, Mattel seeks to depose Daphne Gronich, who provided
17   the preservation declaration on MGA's behalf.[50] In addition, there are serious issues
18   about Bryant's hard drives, including because of Bryant's prior counsel's conflicting
19   representations about their collection and preservation – and indeed even their
20   existence. Mattel therefore seeks testimony on these subjects.[51] Bryant's belated
21   revelation that he installed and used the "Evidence Eliminator" program on these drives

22   ─────────────────────────────────────────
     [46]  MGA's Fourth Supp. Resp. Unfair Comp. No. 1, at 5-16, Proctor Dec., Ex. 27.
23   [47]  9/24/07 Stip. and Order, Proctor Dec., Ex. 30; Tonnu Dep. Tr. at 612:13-612:15,
24   620:14-621:21, Proctor Dec., Ex. 31; 8/13/07 Order, at 14:18-22, Proctor Dec., Ex. 32.
     [48]  See Lockhart Deposition Tr. at 265:1-11, Proctor Dec., Ex. 33.
25   [49]  Id. at 116:2-14, 150:25-151:5, 158:10-15. 258:17-259:9, 265:1-11, 266:12-267:5.
     [50]  See Dec. of Daphne Gronich in Response to Court's Request for Information
26   Regarding Document Preservation, dated September 10, 2007, Proctor Dec., Ex. 34.
27   [51]  Notice of Deposition of Littler Mendelson Pursuant to Federal Rule of Procedure
     30(b)(6), dated September 6, 2007, Proctor Dec., Ex. 35.
28

-14-
MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

1 │ underscores all the more the legitimacy of full and fair discovery into the integrity of
2 │ his drives.

3 │     C.    **Mattel Seeks Leave to Take 30(b)(6) Depositions On Non-Duplicative**
4 │           **Topics**

5 │         MGA objected, and the Discovery Master has ruled, that a corporate party who
6 │ has been deposed pursuant to a Rule 30(b)(6) notice cannot be deposed pursuant to a
7 │ subsequent notice absent Court leave.[52]  Mattel has not propounded a Rule 30(b)(6)
8 │ Notice of Deposition on MGA or MGAE de Mexico related to either MGA's unfair
9 │ competition claims or Mattel's counterclaims.  Mattel's Notices of Deposition—
10 │ attached as Exhibits A and B—contain topics of testimony which relate to those
11 │ claims.[53]  Mattel has not previously served any Rule 30(b)(6) Notice on MGAE de
12 │ Mexico at all, and the topics in the additional Notice to MGA are not duplicative of
13 │ those in Mattel's prior Notices to MGA.[54]  Mattel respectfully submits that it should be
14 │ granted leave to proceed with those depositions.

15 │     D.    **Mattel Meets The Requirements for Additional Discovery**

16 │         When a deponent possess unique information, courts will generally allow leave
17 │ for additional depositions because they do not undermine the key purpose of the

18 │
19 │ [52]  9/25/07 Order Re Mattel's Motion to Compel MGA to Produce Witnesses Pursuant
     │ to Third Notice of Deposition Under 30(b)(6), Proctor Dec., Ex. 36.
20 │ [53]  See Exhibits A & B.  Mattel's Fourth Notice of Deposition is far less than
     │ burdensome compared to MGA's recently served Notice of Deposition, which contains
21 │ more than 80 topics, each of which has many sub-parts.  See MGA Entertainment, Inc.'s
22 │ Notice of Deposition of Mattel, dated September 5, 2007, Proctor Dec., Ex. 40.
     │ [54]  Mattel's First Notice of Deposition was narrowly tailored to obtain information
23 │ related to MGA's contentions that Bryant and Anna Rhee had worked on Prayer Angels,
24 │ not Bratz, while Bryant employed by Mattel.  Proctor Dec., Ex. 37.  Mattel's Second
     │ Notice sought information related to Bratz, including Bratz revenues, costs and profits, and
25 │ evidence preservation and collection.  Proctor Dec., Ex. 38.  Mattel's Third Notice sought
     │ follow-up information on matters that had arisen in discovery, including with respect to
26 │ specific electronic evidence, specific individuals who worked on the first Bratz dolls,
27 │ payments made to witnesses or parties, and statements to reporters related to Bratz's
     │ creation and inspiration.  Proctor Dec., Ex. 39.
28 │

**EXHIBIT N PAGE 202**

1  limits—preventing duplicative discovery. See, e.g., Bromgard, 2007 WL 1101179, at
2  *2 (D. Mont. April 11, 2007). As explained above, Mattel seeks depositions of
3  individuals who each have specific, unique knowledge of the underlying events.

4      Without additional depositions, Mattel cannot discover the full extent of MGA's
5  wrongdoing or adequately prepare to defend against MGA's claims. Mattel seeks a
6  declaration of ownership of Bratz works that Bryant created during his Mattel
7  employment and their derivatives – property that MGA and Bryant have claimed are
8  worth hundreds of millions of dollars and perhaps more. Mattel has accused MGA of
9  stealing thousands of pages of Mattel's most valuable trade secrets, including product
10 lines, and strategic plans. MGA has accused Mattel of infringing hundreds of MGA
11 products, alleging "billions" of dollars in damages. In light of the magnitude of this
12 case, the burden or additional expense of these depositions pales in comparison to
13 Mattel's need to fully prepare to try this case. As set forth above, the depositions that
14 Mattel seeks by this motion are not collateral, but go to the heart of its claims and
15 defenses. See, e.g., Rx USA, 2007 WL 1827335, at *2-3 (additional depositions
16 warranted in a dispute between large corporations, given the complexity of the issues
17 and the parties' resources).

18 **III.** **THE COURT SHOULD GRANT LEAVE WITH RESPECT TO**
19     **MATTEL'S INTERROGATORIES**

20     Two categories of interrogatories are involved here: first, Mattel's proposed
21 additional interrogatories that it seeks leave to serve; and, second, interrogatories which
22 Mattel has already served on defendants.

23     **A.** **Mattel Should Be Allowed To Propound Additional Interrogatories**
24     Mattel seeks leave to propound additional interrogatories related to MGA's unfair
25 competition claims and Mattel's counterclaims, and MGA's evidence collection and
26 preservation. To properly prepare for trial, Mattel seeks leave to serve interrogatories
27 requiring defendants to identify the facts, documents and witnesses it will use to prove
28 its claims, defenses and damages. Mattel's proposed interrogatories thus seek to

1  identify which specific Mattel designs or products defendants allege infringe on
2  defendants' designs[55] and trade dress[56] and the facts supporting those legal claims.[57]
3  Additionally, Mattel seeks to determine defendants' position regarding their
4  misappropriation of Mattel documents, including whether defendants contend that no
5  such documents were obtained improperly,[58] that the information contained therein has
6  no value as a trade secret,[59] that the information had been publicly disclosed,[60] that
7  defendants did not use or disclose such information,[61] that any such disclosure neither
8  benefited defendants nor harmed Mattel,[62] and that defendants have a right to possess,
9  use or disclose any such documents in their possession.[63] These are essential elements
10 of the trade secret theft claim.  See Cal. Civ. Code § 3426.1.  Finally, Mattel seeks
11 information related to MGA's efforts to collect and preserve evidence relevant or
12 potentially relevant to this action.[64]

13       The proposed interrogatories are consistent with the factors set out in Rule 26(b)
14 and should be permitted.  They seek disclosure of specific relevant facts regarding
15 topics which have not been the subject of prior interrogatories.  The majority of Mattel's
16 prior interrogatories focused on issues related to creation and ownership of Bratz.[65]
17 Only Mattel's set of interrogatories relating to MGA's unfair competition claims could
18
19

20   [55]  See Mattel's Proposed Interrogatory No. 51.
     [56]  See Mattel's Proposed Interrogatory No. 52.
21   [57]  See Mattel's Proposed Interrogatories Nos. 53, 54, 55.
     [58]  See Mattel's Proposed Interrogatory No. 56.
22   [59]  See Mattel's Proposed Interrogatory No. 57.
23   [60]  See Mattel's Proposed Interrogatory No. 58.
     [61]  See Mattel's Proposed Interrogatory No. 59.
24   [62]  See Mattel's Proposed Interrogatory No. 60.
25   [63]  See Mattel's Proposed Interrogatory No. 61.
     [64]  See Mattel's Proposed Interrogatories Nos. 63-64.
26   [65]  See First Set to Bryant, Proctor Dec., Ex 8; First Set to MGA, Proctor Dec., Ex. 9;
27 Second Set to Bryant, Proctor Dec., Ex. 11; Second Set to MGA, Proctor Dec., Ex. 10;
   Third Set Revised, Proctor Dec., Ex. 45.
28

07209/2299353.1                          -17-

1 conceivably overlap with the proposed interrogatories.[66] However, the interrogatories
2 already propounded focused on issues distinct from the proposed interrogatories—
3 specifically, facts relating to MGA employees involved with certain MGA products,[67]
4 MGA's alleged injuries,[68] MGA's allegations regarding Mattel's conduct with certain
5 third-parties in the industry[69] and MGA's allegations of product confusion.[70] These are
6 not duplicated in the interrogatories which Mattel is proposing.

7       Finally, the benefits of the proposed interrogatories outweigh any added burden,
8 as these type of facts are properly revealed through interrogatories, and the information
9 sought by the interrogatories will advance this litigation and avoid surprise at trial.

10      **B.    The Court Should Grant Leave With Respect To Mattel's**
11            **Outstanding Interrogatories That Defendants Will Not Answer**

12      To date, Mattel has served 50 interrogatories on the defendants. Yet, by
13 objecting to some of those previously served interrogatories served as being compound,
14 defendants refuse to answer on the purported ground that they exceed the Court's
15 limit.[71] Although defendants are wrong, the Court should eliminate further delay and
16 quarreling by defendants by simply granting Mattel leave to serve them regardless of
17 how they are counted.

18      Mattel has been seeking answers to these basic interrogatories for over five
19 months now. To justify their wholesale refusal to answer them, defendants claimed
20 they exceeded the Court's limit on the number of interrogatories. Mattel moved to
21 compel, defendants moved for a protective order, and in a September 5, 2007 Order
22 Judge Infante provided guidance on the counting of the interrogatories. Mattel then

23

24      [66] See First Set Re Unfair Comp., Proctor Dec., Ex. 12.
        [67] See id. No. 1.
25      [68] See id. No. 4.
        [69] See id. Nos. 5, 8, 9, and 10.
26      [70] See id. No. 7.
        [71] See Bryant's Objections to Revised Third Set, Proctor Dec., Ex. 73; Bryant's
27      Objections to Amended Fourth Set, Proctor Dec., Ex. 74.

28

EXHIBIT N PAGE 205

1 | propounded revised interrogatories that were consistent with the Discovery Master's
2 | Order.

3 |      Defendants nevertheless claim, once again, that Mattel exceeds its 50 allotted
4 | interrogatories. Not only is this without merit,[72] but it is clear that defendants rehash
5 | this objection for no other reason than to obstruct. Bryant refuses to answer any
6 | interrogatory past No. 27 because "Mattel has propounded more than 50
7 | interrogatories."[73] And, even the minimal answers he gave to others amply confirms
8 | that he continues to stonewall on even basic discovery in this case. MGA makes
9 | essentially the same objection.[74] Accordingly, through nothing more than creatively

10

---

[72] The essence of the defendants' objection is that Mattel's revised interrogatories are
compound interrogatories because they improperly require them to respond to individual
interrogatories with "different and distinct facts." See Bryant's Objections to Revised
Third Set, at 18; Bryant's Objections to Amended Fourth Set, at 4. For example,
defendants frivolously object to having to identify both the name of a product and its
corresponding product number. But Judge Infante ruled on this matter, explaining that
interrogatories "'containing subparts directed at eliciting details concerning [a] common
theme should be considered a single question,'" while interrogatories on "discrete issues"
should be treated as multiple interrogatories. Order re Mattel's Interrogs., at 5 (quoting 8A
Wright & Miller, Federal Practice & Procedure § 2168.1 (2d ed. 1994)); see also id. at 7.
The scope of Mattel's revised interrogatories is no different than those which Judge Infante
ruled were permissible, as in both instances the "subparts are related and directed to the
underlying details of a specifically identified" subject. See id. Judge Infante specifically
observed that under the Advisory Committee notes, interrogatories which required distinct
factual answers relating to the same subject—e.g., the time, place, persons present, and
contents of a particular communication—should be treated as a single interrogatory. See
id. Mattel's revised interrogatories are not compound, and defendants' arguments to the
contrary are groundless: the fact that an interrogatory answer requires *different facts* does
not convert it into a compound interrogatory on *different issues*.

[73] Bryant's Objections to Revised Third Set, at 7. Bryant then makes the same
objection to the remaining 23 interrogatories.

[74] See MGA's Objections to Revised Third Set, at 8, Proctor Dec., Ex. 76; MGA (HK)
Ltd.'s Objections to Revised Third Set, at 17, Proctor Dec., Ex. 77; MGAE de Mexico's
Objections to Revised Third Set, at 8, Proctor Dec., Ex. 78; Larian's Objections to Revised
Third, at 8, Proctor Dec., Ex. 79; MGA's Objections Amended Fourth Set, at 7, Proctor
Dec., Ex. 80; MGA (HK) Ltd.'S Objections to Amended Fourth Set, at 7-8, Proctor Dec.,
Ex. 81; MGAE de Mexico's Objections to Amended Fourth Set, at 8, Proctor Dec., Ex. 82;
Larian's Objections to Amended Fourth Set, at 7, Proctor Dec., Ex. 83.

EXHIBIT N PAGE 206

1  counting a few interrogatories as a multitude, defendants manufacture grounds to delay
2  yet more and refuse obviously appropriate discovery.  To the extent that defendants
3  have substantive objections to specific interrogatories, these issues may be properly
4  heard before the Discovery Master. But defendants should not be permitted to serially
5  raise the same objection to a few specific interrogatories in order to delay for yet more
6  months in responding to the bulk of Mattel's interrogatories.  Mattel requests that this
7  Court cut through this issue by granting Mattel leave, to the extent needed, to serve
8  each of the interrogatories that have been served to date regardless of how they are
9  counted.

10 IV.  **THE COURT SHOULD ALLOW ADDITIONAL TIME FOR THE**
11      **BRYANT DEPOSITION**

12      On September 28, 2007, the Discovery Master issued an Order Granting in Part
13 Mattel's Motion for Additional Time to Depose Carter Bryant for All Purposes,
14 granting Mattel seven additional hours to depose Bryant (in addition to 2 hours
15 previously granted based on counsel's dozens of improper instructions not to answer at
16 the Bryant deposition), but denying Mattel the 21 hours that it sought.[75]  Mattel
17 respectfully submits that the facts, as determined by the Discovery Master, justify far
18 more than seven additional hours, and the Court should grant additional time.

19      Mattel does not contest the Discovery Master's factual findings in any way.  To
20 the contrary, the underlying factual findings were plainly correct.  As Judge Infante
21 noted, Mattel's deposition of Bryant in 2004 took place before MGA even brought its
22 unfair competition claims and before Mattel filed its counterclaims, and Mattel had no
23 opportunity to depose Bryant on either.[76]  Thus, as Judge Infante justifiably found:

24      •    The new claims and defenses that were added to the case after Bryant's
           deposition justify additional deposition time. . . . Without question,
25

─────────────────────────
26 [75]  Order Granting in Part Mattel's Motion for Additional Time to Depose Carter
   Bryant for All Purposes (Sept. 28, 2007) ("Order re Additional Time"), at 8:7-13, Proctor
27 Dec., Ex. 43.
   [76]  Id. at 5:2-10.
28

1    Bryant is a critical witness regarding MGA's unfair competition claims
     and Mattel has not had an opportunity to depose him on such claims.[77]

2
     •    In addition, Mattel filed a counterclaim against Bryant, MGA, and
3         other defendants in 2007, asserting thirteen different claims . . . .
          Bryant filed an answer asserting over twenty affirmative defenses.
4         Mattel has not had an opportunity to depose Bryant on any of these
          claims or defenses.[78]
5
     •    Bryant is the central figure in this litigation and arguably the most
6         important witness *for virtually every claim in the case*. No other
          witness in the case has his depth and breadth of relevant information.[79]
7
8         Bryant and MGA cannot dispute any of this. In interrogatory responses, MGA

9    lists Bryant as a person directly involved with and knowledgeable about the allegedly

10   infringed MGA products that MGA has put at issue.[80]   MGA's responses to Mattel's

11   interrogatories also state that the entire Bratz line is the subject of MGA's claims, and

12   an MGA witness has declared that there are more than 200 Bratz products.[81]   Moreover,

13   Paula Garcia, MGA's Vice President of Product Design and Development, has declared

14   that she and Bryant are "the *only* people who know what the concept is and who see

15   the early product drawings" with respect to many Bratz products.[82]   That is particularly

16   important because many of both Mattel's *and* MGA's claims will turn on the source and

17   timing of these products at issue. As the Court knows, Mattel's defenses to MGA's

18   infringement claims rest, in part, on the fact that it was MGA which stole and copied

19   Mattel products through its trade secret thefts. Testimony on the origins of those MGA

20   products and when they were created is indispensable.

21

22   [77]  Id. at 5:4-5.
     [78]  Id. at 5:6-10.
23   [79]  Id. at 5:15-17 (emphasis added).
     [80]  MGA's Responses to Mattel's First Set of Interrogatories Re Claims of Unfair
24   Competition, dated January 19, 2007, Response No. 1, at 6:9, Proctor Dec., Ex. 57.
     [81]  See Declaration of Patricia Perrier in Support of MGA's Opposition to Mattel's
25   Motion to Try All Claims Related to Bratz Ownership in Phase One, dated May 25, 2007,
26   at ¶ 2, Proctor Dec., Ex. 58; MGA Sup. Resp. Unfair Comp. No. 2, Proctor Dec., Ex. 26.
     [82]  Declaration of Paula Garcia in Support of MGA's Opposition to Mattel's Motion to
27   Compel, dated February 9, 2007, ¶ 6 (emphasis in original), Proctor Dec., Ex. 59.
28

-21-
MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

**EXHIBIT N PAGE 208**

1    Bryant is also obviously a crucial witness on Mattel's copyright infringement,
2  RICO and other counterclaims, which raise a host of new issues Bryant has not been
3  deposed on. According to MGA, Mattel's copyright infringement claim against Bryant
4  alone relates to "*hundreds* of products."[83]  Bryant was also personally involved, either
5  as sender or recipient, in approximately 100 of the predicate acts of mail and wire fraud
6  alleged by Mattel. [84]  Mattel is entitled to question Bryant about these and all the other
7  issues presented for the first time by Mattel's counterclaims and Bryant's answer.

8    Moreover, as Judge Infante found, "new evidence justifies additional time to
9  depose Bryant."[85]  Judge Infante noted that Bryant's deposition took place before "98
10  percent of Bryant's and MGA's collective document production took place"[86] – and that
11  did not even reflect the more than a million-and-a-half pages, that MGA has produced
12  in recent weeks.[87]  In truth, *99.9%* of defendants' production in this case has occurred
13  only after Bryant's 2004 deposition.  Thus, Mattel has had no opportunity to examine
14  Bryant on the vast bulk of the evidence, whether relevant to new claims or the original
15  ones.  This includes, for example:

16    •    Bryant's fee agreements with MGA, which reflect that MGA is paying
          Bryant's legal fees at its discretion, and which were withheld by Bryant
17        even in the face of prior court orders;

18    •    Bratz design drawings produced by Bryant for the first time this year,
          only after being ordered, which bear handwritten dates of September
19        19, 1999, at time when Bryant was employed by Mattel;

20    •    Bryant's desktop hard drive, which reveals his use of "Evidence
          Eliminator" software, which was not produced until compelled this
21        year.

22    ───────────────
      [83]   See MGA's Opposition to Mattel's Motion to Try All Claims Related to Bratz
23  Ownership in Phase One at 3:12-19.
      [84]   See Mattel's Second Amended Answer & Counterclaims, Exhibit C.
24    [85]   Order re Additional Time at 5:20 (font altered), Proctor Dec., Ex. 43.
      [86]   Id. at 5:24-27, Proctor Dec., Ex. 43.  Notably, Judge Infante calculated the 98
25  percent number based on MGA's production of 157,000 pages of documents as of the close
26  of briefing in late August.  Since that time MGA has produced over a million-and-a-half
    pages of documents.  See Proctor Dec. ¶ 45.
27    [87]   See Proctor Dec. ¶ 45.

28

EXHIBIT N PAGE 209

1    • Original Bratz drawings, which Bryant did not make available for
     inspection until this summer, after being ordered to do so,
2    notwithstanding his promise that he would produce such documents at
     the 2004 deposition.
3
     • A fax from Bryant to David Rosenbaum, outside counsel for MGA,
4    dated September 14, 2000, wherein Bryant stated that he could not ask
     Mattel's Human Resources any more questions about his contract with
5    Mattel "without risking suspicion."

6    • October 10, 2000 e-mails between Isaac Larian, Victoria O'Connor and
     Paula Garcia (formerly Treantafelles), reflecting that Bryant worked on
7    Bratz with MGA "on average about 4 hours a day," starting at least six
     weeks before he left Mattel.
8
     • Invoices showing that Veronica Marlow, a key third party, billed MGA
9    for 169 hours of development services on Bratz that were performed
     before Bryant left Mattel.
10
The list of new evidence that was requested by Mattel before Bryant's deposition but

first produced by defendants only later literally goes on and on. As Judge Infante

ruled, "a witness may be re-deposed with respect to . . . new developments" in a

case, including new documents such as these, as well as new claims.[88]

Despite his factual findings, Judge Infante ruled that Mattel is only entitled to an

additional seven hours of deposition. Previously Judge Infante had gave Mattel two

additional hours as a result of the improper instructions and objections by counsel at

Bryant's deposition.[89] So, under Judge Infante's ruling, Mattel has been limited to only

seven hours to depose Bryant – the "most important witness for virtually every claim in

the case"[90] – on MGA's claims, Mattel's counterclaims, the hundreds of MGA and

Mattel products now at issue about which Bryant has unique knowledge, and the vast

amounts of recently produced new evidence. This is unfair. The ruling that Mattel be

---

[88]   Order re Additional Time at 4:20-24 (quoting Fresenius Med. Care Hldgs, Inc. v.
Roxane Labs., Inc., 2007 WL 764302 (S.D. Ohio 2007)), Proctor Dec., Ex. 43.
[89]   Order re Additional Time at 7:24-25, Proctor Dec., Ex. 43; see Order Granting In
Part And Denying In Part Mattel's Motion To Overrule Instructions Not To Answer During
The Deposition Of Carter Bryant (March 7, 2007), Proctor Dec., Ex. 44.
[90]   Id. at 5:15-17.

1  granted only seven additional hours is clearly erroneous given Bryant's singular
2  importance, the magnitude of this case and the tectonic shift of claims.

3      Also, based on Rule 30's "presumptive one day, seven-hour limitation on
4  depositions," Judge Infante awarded Mattel a total of 7 hours to depose Bryant on all of
5  MGA's claims and all of Mattel's counterclaims.[91] It is simply impossible to conduct a
6  deposition on those claims – which had not even been filed when Bryant was first
7  deposed – in that amount of time.  Judge Infante apparently awarded Mattel no
8  additional time based on new evidence, even though 99.9% of defendants' production
9  has taken place since the 2004 deposition.  That effectively punishes Mattel for
10 defendants' discovery misconduct. Mattel requested defendants' documents before the
11 deposition took place; defendants withheld them at their own peril, not at Mattel's.[92]
12 Mattel is entitled to a fair amount of time to depose the key witness in the case on the
13 new claims and evidence he has not been deposed on.  The Court should afford that,
14 and grant Mattel a total of 21 hours for the deposition.[93]

15

16

---

17  [91]  Id. at 8:10-13.
    [92]  See, e.g., Fresenius Medical Care Holdings, Inc. v. Roxane Laboratories, Inc., 2007
18  WL 764302, at *2 (S.D. Ohio 2007) (originally cited by Bryant to Judge Infante) (allowing
    second deposition because defendant failed to produce requested documents prior to first
19  deposition); Robins v. Scholastic Book Fairs, 928 F. Supp. 1027, 1036 (D. Or. 1996) ("the
20  second set of depositions of these individuals was necessary because they had to be
    questioned about additional documents that Defendant produced after the first set of
21  depositions"); Ritchie v. U.S., 2004 WL 1161171, at *3 (N.D. Cal. 2004) ("when further
22  evidence linking [witness to the project in dispute] subsequently came to light this court
    permitted plaintiff to depose [the witness] a second time").
23  [93]  In the alternative, the Court should excercise its discretion to enlarge Mattel's time
24  to depose Bryant. The Court previously extended MGA's deadlines to produce documents
    that it was compelled to produce even though Judge Infante had specifically *rejected*
25  MGA's request for additional time to comply and despite MGA's failure to show there was
    any error in that ruling. Here, there can be no dispute that the Court has the right to ensure
26  that the parties receive fair discovery, proportionate to the magnitude and complexity of
27  the case, and that trial in this matter is conducted without undue surprises which will cause
    prejudice and waste the time of the Court and the jury.
28



1

<u>Conclusion</u>

2       For the foregoing reasons, Mattel respectfully requests that the Court grant

3  Mattel's motion for leave.

4  DATED: November 19, 2007      QUINN EMANUEL URQUHART OLIVER &amp; HEDGES, LLP

5

6

                              By<u>Jon Corey /s/</u>

7                               Jon Corey
                               Attorneys for Mattel, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2299353.1

-25-

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

**EXHIBIT N PAGE 212**

# EXHIBIT O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                    Date: January 7, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
===========================================================================
=

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                          Theresa Lanza
            Courtroom Deputy Clerk              Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT: **Christa Martine Anderson**      **John B. Quinn and Michael T. Zeller**

ATTORNEYS PRESENT FOR MGA:            ATTORNEY PRESENT FOR CARLOS
**Thomas J. Nolan**                       GUSTAVO MACHADO GOMEZ:
**Carl A. Roth**                          **Mark E. Overland**
**Anna Park**
                                      ATTORNEY PRESENT FOR NON-PARTY
ATTORNEY PRESENT FOR NON-             STERN & GOLDBERG: **Kien C. Tiet**
PARTIES ANA ELISE CLOONAN,
MARGARET HATCH-LEHY, AND              ATTORNEY PRESENT FOR NON-PARTY
VERONICA MARLOW: **Larry W.**             KAYE SCHOLER, LLP: **Bryant S. Delgadillo**
**McFarland**

PROCEEDINGS:  **ORDER GRANTING IN PART AND DENYING IN PART**
              **MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL**
              **DISCOVERY (DOCKET #1134)**

              **ORDER GRANTING MOTION TO ENFORCE THE COURT'S**
              **ORDER OF AUGUST 27, 2007, AND DENYING REQUEST FOR**
              **SANCTIONS  (DOCKET #1143)**

MINUTES FORM 90                                    Initials of Deputy Clerk: jh
CIVIL -- GEN                        1              Time: 1/30

EXHIBIT O PAGE 213

### ORDER GRANTING MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

### ORDER GRANTING CARTER BRYANT AND MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

These matters were heard on January 7, 2008. The Court rules as set forth below.

To the extent that this Order decides issues more properly decided by the Discovery Master and/or preempts issues currently pending before the Discovery Master, it does so only to resolve those issues in the most expeditious manner possible. As the Court's order appointing the Discovery Master requires, any and all discovery disputes must be presented to the Discovery Master for his resolution.

### MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY (DOCKET #1134)

This motion is **GRANTED IN PART**. Leave to take additional depositions and propound additional interrogatories are granted to the extent they are consistent with Fed. R. Civ. P. 26(b)(2). See Fed. R. Civ. P. 30(a)(2)(A) (depositions), 33(a) (interrogatories). Rule 26(b)(2) requires a Court to limit discovery where it is unreasonably cumulative or duplicative; where it can be obtained from a more convenient, less burdensome, or less expensive source; where a party has already had ample opportunity to obtain information from discovery; where the burden or the expense of the requested discovery outweighs its likely benefit, taking into account the factors of the parties' resources, the importance of the issues at stake, and the importance of the requested discovery in resolving these issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Considering this standard, the Court concludes that Mattel has shown good cause to grant additional discovery given the complexity of this case, the number of parties, recent developments related to the substitution of counsel, the concerns regarding retention and spoliation of evidence, and the delay in receiving paper

MINUTES FORM 90
CIVIL -- GEN                                    2

Initials of Deputy Clerk: jh
Time: 1/30

discovery caused by numerous discovery disputes and a Court-imposed stay requested by MGA upon substitution of counsel. Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO claims (set forth in the moving papers at 13). Mattel may serve the notices of deposition and propound the interrogatories attached to the moving papers as Exs. A - C. Additionally, the parties must answer Mattel's previously propounded interrogatories to which the sole objection raised was that those interrogatories exceeded the allowable number of interrogatories.

The Court has heretofore refrained from bifurcating discovery relating to Phase 1 and Phase 2, believing that such an action is fraught with the potential of unnecessarily compounding discovery disputes in a case already predisposed to such disputes. Nevertheless, in light of the additional discovery permitted by this Order, and to the extent that counsel for the parties who are asserting or defending against claims to be tried in Phase 2 of the trial are in agreement, the Court will consider a stipulation of those parties that designates certain depositions as "Phase 2" depositions that may be conducted during the month of February, if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1.

Conversely, in light of the standard of review employed regarding the Discovery Master's orders, the Court **DENIES** that portion of Mattel's motion that seeks additional time in which to depose Carter Bryant. The Court cannot say that the Discovery Master's order allowing an additional nine hours to depose Carter Bryant is contrary to law based on the Discovery Master's unchallenged factual findings.

## MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND REQUEST FOR SANCTIONS (DOCKET #1143)

This motion is **GRANTED**. The Court's order clearly applied to "all parties." No party sought relief therefrom or clarification of the Court's order.

As prepared in purported compliance with the Court's order, the affidavit of Carlos Gustavo Machado Gomez is inadequate as it lacks facts and relies instead on conclusory language. Machado must file an affidavit that complies with the

MINUTES FORM 90                                                      Initials of Deputy Clerk: jh
CIVIL -- GEN                          3                              Time: 1/30

Court's order as set forth below.

Carter Bryant has refused to comply with the Court's order and has not filed
the required affidavit.

Both these parties must file, on or before January 15, 2008, an affidavit setting
forth a factual description of their preservation efforts, policies, customs, and/or
practices with respect to potentially discoverable documents related to the present
litigation. The failure of these parties to comply with this Order will result in the
imposition of contempt sanctions to coerce their compliance.

The Court **DENIES** Mattel's request for costs and sanctions.

### MATTEL'S MOTION CLARIFYING COURT'S ORDER
### APPOINTING DISCOVERY MASTER (DOCKET #1244)

This motion is **DENIED.** The Court's order referred to the Discovery Master
any and all discovery disputes, including those involving third parties.

Although the parties stipulated to the Discovery Master, that stipulation was
entered as the Court's order, and as such, all parties are subject to that order unless
relieved from it upon proper motion.

The order was entered as a valid Rule 53(a)(1)(C) order, not requiring the
consent of any party or nonparty. Machado has not convinced the Court that, as a
subsequently added party, he was required to be given the opportunity to object to
the order before it could be applied to him. See Fed. R. Civ. P. 53(b)(1) (requiring
notice and opportunity to be heard prior to the appointment of a special master).
Importantly, Machado could have, but did not, seek relief from this order within a
reasonable amount of time after he became a party to this case. Furthermore, the
Court does not find any basis to exclude Machado from the reach of the Court's
order appointing the Discovery Master pursuant to his present objections.

### DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET
### #1462)

Carter Bryant and the MGA defendants may depose the ten individuals set

MINUTES FORM 90                                                      Initials of Deputy Clerk: jh
CIVIL -- GEN                                 4                       Time: 1/30

EXHIBIT O PAGE 216

forth in their moving papers.  The testimony of all Rule 30(b)(6) witnesses "count" as only one deposition for purposes of determining the total number of depositions conducted by each side.

Carter Bryant and the MGA defendants are not relieved of the requirement that they serve subpoenas on all these deponents other than the current officers of Mattel (represented to the Court to be Tim Kilpin, Kevin Farr, and Evelyn Viohl).  To the extent that Mattel has made prior written agreements to produce deponents who are under its control, it is expected to do so.

As to all the depositions permitted by this Order, all counsel are expected to coordinate their schedules with those of the deponents such that the depositions are held prior to the discovery cutoff date of January 28, 2008.  However, as set forth above in connection with Mattel's motion to take additional discovery, Phase 2 depositions may be taken in February pursuant to a Court-approved stipulation.

IT IS SO ORDERED.