# EXHIBIT 3

Case 2:04-cv-09049-SGL-RNB     Document 1627     Filed 01/24/2008     Page 1 of 21

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 90378)
2 | (johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
5 | Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
6 | Facsimile:  (213) 443-3100

7 | Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | Case No. CV 04-09049 (RNBx) |
| Plaintiff, | |
| v. | Hon. Stephen G. Larson |
| MATTEL, INC., a Delaware Corporation, | MATTEL INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS OBJECTION TO THE DISCOVERY MASTER'S JANUARY 11, 2008 ORDER GRANTING MGA'S AND BRYANT'S MOTION TO COMPEL RE: MATTEL'S ALLEGED BANDYING OF 30(B)(6) WITNESSES |
| Defendant. | |
| | Hearing Date: March 3, 2008 |
| | Time: 10:00 a.m. |
| | Courtroom: 1 |
| | **Phase 1** |
| | Discovery Cut-off: Jan. 28, 2008 |
| | Pre-trial Conference: May 5, 2008 |
| | Trial Date: May 27, 2008 |

**Exhibit 3 - 39**

07209/2366548.1

1

## <u>TABLE OF CONTENTS</u>

2                                                                          <u>Page</u>

3
   I.      INTRODUCTION ................................................................................. 1
4
5   II.     BACKGROUND ................................................................................... 3

6          A.    The Parties' Stipulation Regarding Rule 30(b)(6)
                 Depositions and Magistrate Judge Block's May 2005
7                Order ........................................................................................ 3

8          B.    MGA's Recent Motion Regarding Rule 30(b)(6)
9                Depositions ............................................................................... 6

10         C.    The Parties' Discussions Regarding the Scope of the
11               Discovery Master's Order ......................................................... 6

12  III.    ARGUMENT ......................................................................................... 8

13         A.    The Discovery Master's Order Compelling Mattel to
14               Produce One Witness per Topic to Testify to Its Full
                 "Knowledge" Cannot Require Mattel to Violate This
15               Court's Protective Order.......................................................... 8

16         B.    The Discovery Master's Order Improperly Compels
17               Mattel to Produce a Single Witness per Topic to Testify
                 as to Contention Topics in Contravention of Magistrate
18               Judge Block's Order. ............................................................. 12

19
           C.    The Discovery Master's Order Must Be Limited to
20               Information That Is Relevant to Any Claim or Defense........... 14

21         D.    The Discovery Master's Order Imposes an Impossible
22               Burden on Mattel in Contravention of Federal Rule
23               30(b)(6). .............................................................................. 15

24  IV.     CONCLUSION ................................................................................... 17

25

26

27

28                              Exhibit 3 -  40

1

## **TABLE OF AUTHORITIES**

2
**Page**

3

### **Cases**

4

*In re Independent Service Orgs. Antitrust Litig.*,
5    168 F.R.D. 651 (D. Kan. 1996) .................................................................. 12

6 | *McCormick-Morgan, Inc. v. Teledyne Indus.*,
     134 F.R.D. 275 (N.D. Cal.), <u>rev'd in part on other grounds</u>, 765 F. Supp.
7    611 (N.D. Cal. 1991) ......................................................................... 13, 16

8 | *Palmer v. U.S.*,
     794 F.2d 534 (9th Cir. 1986) ............................................................. 5, 12

9
*SmithKline Beecham Corp. v. Apotex Corp.*,
10   2000 WL. 116082 (N.D. Ill. 2000) ......................................................... 12

11

### **Statutes**

12
Fed. R. Civ. P. 26(b)(1) ............................................................................. 13
13
Fed. R. Civ. P. 30(b)(6) ....................................................................... passim

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**Exhibit 3 -  41**

28

1        Mattel, Inc. submits this memorandum of points and authorities in
2  support of its Objection to the Discovery Master's January 11, 2008 Order Granting
3  in Part MGA Entertainment, Inc's and Carter Bryant's Joint Motion to Compel
4  regarding Mattel's alleged "bandying" of Rule 30(b)(6) witnesses (hereinafter the
5  "Order"). Mattel appeals from and requests review of the Order on four legal
6  grounds.

## I.   INTRODUCTION

        The Order puts Mattel in an impossible position:[1]

- First, by this Objection, Mattel asks the Court to clarify that the Discovery Master did not force Mattel to make an impossible choice: either violate the Protective Order by educating its Rule 30(b)(6) witnesses with confidential MGA/Bryant documents, or violate the Discovery Master's Order by failing to produce Rule 30(b)(6) witnesses educated with "Mattel's knowledge," as MGA/Bryant construe that term. The Order compels Mattel to produce a single witness per topic to provide "Mattel's knowledge." MGA and Bryant have suggested that "Mattel's knowledge" includes MGA/Bryant confidential information that *Mattel* has never known, but that *Mattel's counsel* learned only through from discovery. MGA and Bryant contend that Mattel must educate its witnesses regarding this confidential, discovery-only information, or be precluded from offering key information (such as MGA's covert payments to Bryant while still at Mattel) at trial. This Court's Protective Order, however, prohibits Mattel from showing its

---

[1] Corey Decl. Ex. 14.

**Exhibit 3 - 42**

1   designees MGA/Bryant confidential information -- virtually
2   everything they have produced.  Mattel should not have to chose between
3   risking preclusion and violating the Protective Order.
4        •    Second, the Order should be clarified to confirm that it does
5   not purport to overrule a prior Order in which Magistrate Judge Block
6   narrowed the very same Rule 30(b)(6) deposition topics.  The topics at
7   issue -- which include such overbroad subjects as all Mattel proprietary
8   and confidential information Bryant saw during his years at Mattel or the
9   development of DIVA STARZ, a completely distinct doll line -- were
10  sensibly narrowed by the parties' agreement in 2005 and so-ordered by
11  Magistrate Judge Block.  The Discovery Master lacked authority to
12  override the May 4, 2005 Order, particularly in that the Discovery Master
13  made no finding that Mattel had violated that or any other prior order.
14  The January 11, 2008 Order should make clear that it incorporates
15  Magistrate Judge Block's Order as to these same topics, including the
16  provision that Mattel need not produce a witness to testify to its legal
17  contentions, just to facts.
18       •    Third, the Order is contrary to law because it does not limit
19  Mattel's obligation to prepare witnesses to the claims and defenses in
20  these consolidated actions.  The Order needs to make clear that it does
21  not purport to exceed the bounds of permissible discovery under Rule 26.
22       •    Fourth, the Order purports to override Mattel's right under
23  Rule 30(b)(6) to designate one or more witnesses to testify on its behalf.
24  The Order purports to compel Mattel to produce a single witness on each
25  of a number of impossibly broad topics, a restriction not permitted by
26  Rule 30(b)(6), Rule 37, or any other Federal Rule.
27  The Court should modify the Discovery Master's Order to correct the above legal
28  defects.                     **Exhibit 3 - 43**

07209/2366548.1
2
MATTEL'S MEM. ISO OBJECTIONS TO JAN. 11, 2008 ORDER

## II.    BACKGROUND

### A.    The Parties' Stipulation Regarding Rule 30(b)(6)
###        Depositions and Magistrate Judge Block's May 2005 Order

The proper scope of Rule 30(b)(6) depositions is not a new topic in this case. On March 15, 2005, the parties held an extensive meeting of counsel to address, among other subjects, proper parameters for Rule 30(b)(6) depositions. The meeting of counsel, which was transcribed, included discussion of the same eleven broad Rule 30(b)(6) topics that at issue in this Objection.[2]

---

[2]   The topics, from a notice served years ago by Bryant, are as follows:

Topic 2:  All contractual and non-contractual duties and obligations Bryant owed or performed for Mattel during his employment with Mattel, and thereafter.

Topic 3:  All of Bryant's acts or omissions which breached any contractual or non-contractual duty or obligation Bryant owed to Mattel.

Topic 4:  All of Bryant's acts or omissions which breached any duties or obligations imposed by the Conflict of Interest Questionnaire and/or the Employee Confidential information and Inventions Agreement.

Topic 5:  All Mattel proprietary or confidential information Bryant had access to during his employment with Mattel.

Topic 6:  All of Bryant's acts or omissions pursuant to which he aided, assisted and worked for a competitor of Mattel while employed by Mattel from 1995 to the present.

Topic 7:  The services and property belonging to Mattel that Bryant provided to any third party, including MGA, from 1995 to the present.

Topic 8:  All acts, omissions, circumstances and/or evidence showing, or tending to show, that any and all products of MGA, including but not limited to, any and all products sold under the trade

(footnote continued)

**Exhibit 3 - 44**

3

1          At the meeting of counsel, the parties agreed that

2      •     Rule 30(b)(6) depositions do not require a party to teach a

3 witness everything it has learned from other parties or third parties in

4 discovery[3];

5

6

7

8      name "Bratz," originated from, were derived from, are based upon, are copied or incorporated from, or are substantially or confusingly similar to, any design, research and developmental

9      work, work in progress, or product owned at any time by Mattel or created by any Mattel employee, including but not limited to

10      Bryant, or by any independent contractor during the time that such Person was working for Mattel.

11

12     Topic 11: All facts and circumstances showing the conception, origination, creation, development and/or reduction to practice

13        of "DIVA STARZ."

14     Topic 12: All facts and circumstances showing the conception, origination, creation, development and/or reduction to practice

15        of "Mini DIVA STARZ."

16     Topic 13: All acts, omissions, circumstances and/or evidence showing, or tending to show, that any and all products of MGA, including but not limited to, any and all products sold under the

17        trade name "Bratz," originated from, were derived from, are based upon, copies, incorporates, or is substantially or

18        confusingly similar to any design or work product owned at any time by Mattel or created by Bryant during the time Bryant was

19        working for Mattel.

20     Topic 24: All acts, omissions, circumstances and/or evidence showing, or tending to show, that prior to October 21, 2000,

21        Mattel had any toy concept or project which had not yet been offered for sale to the public, including without limitation, any

22        toy concept or project in the pre-production or development phase, that Bryant improperly copied, replicated, borrowed or

23        otherwise used in whole, or in any part, during or after Bryant's employment with Mattel.

24

25 Bryant Rule 30(b)(6) Notice, served December 21, 2005 (Corey Supp. Decl. Ex. 1).

26    [3] 3/15/05 Tr. (Corey Decl. Ex. 2) at 191:10-14 ("I don't think it's in the

27 scope of a 30(b)(6) deposition for Mattel to teach a witness everything that it's discovered . . . .") (Bryant's counsel, Mr. Jacoby).

28                                 **Exhibit 3 - 45**

1    •    Rule 30(b)(6) depositions properly involve only "factual

2    underpinnings" and parties need not produce witnesses to testify as to

3    their contentions or legal conclusions[4];

4    •    The parties could reserve objections to matters outside the scope

5    of the lawsuit[5]; and

6    •    Mattel had a right to produce more than one witness on a topic

7    if the scope of the topic was so broad as to require more than one

8    witness.[6]

9    <u>See generally</u> Transcript of March 15, 2005 Rule 37 Conference (incorporated in

10   May 4, 2005 Order) (Corey Decl. Ex. 2).

11          On May 4, 2005, the parties' agreed limitations were formally made

12   applicable to all depositions on these topics by way of a Stipulation and Order

13   signed by Magistrate Judge Block.  The May 4, 2005 Order, among other things,

14   expressly stated that Mattel would designate Rule 30(b)(6) witnesses "as agreed to

15   by Bryant and Mattel in the March 15, 2005 meeting of counsel and as reflected in

16   the transcript of that meeting." *See* May 4, 2005 Order ¶1(a).

17

18   [4]   3/15/05 Tr. (Corey Decl. Ex. 2) at 156:11-159:23, 169:4-24 ("I agree
19   with you in principle that we're entitled to facts, not legal conclusions.") (
     Bryant's counsel, Mr. Jacoby), 173:4-9 (question seeking basis for
20   contention "would probably not be a proper question") (Mr. Jacoby), 178:5-
     179:8 (witnesses are "to testify to the factual underpinnings of . . .
21   contentions") (Mr. Jacoby), 191:10-21 ("I mean we're seeking to conduct
22   depositions to determine the factual underpinnings based on Mattel's
     personal knowledge . . . .") (Bryant's counsel, Mr. Wickham).
23   [5]   3/15/05 Tr. (Corey Decl. Ex. 2) at 179:4-7 (objection that "it's outside
24   the scope of the lawsuit" is one "every party has made before and certainly
     we can reserve here") (Bryant's counsel, Mr. Jacoby).
25   [6]   3/15/05 Tr. (Corey Decl. Ex. 2) at 178:21-24 ("Mattel will reserve the
26   right to produce one or more witnesses on a single category . . . .") (Bryant's
     counsel, Mr. Jacoby); <u>see also</u> Corey Decl. Exs. 5 & 6 (confirming letters
27   indentifying multiple witnesses).
28
                              **Exhibit 3 - 46**

1      Neither MGA nor Bryant appealed from Magistrate Judge Block's
2  Order and it thus remains binding upon the parties.   See Local Rule 72-2.2;
3  *Palmer v. U.S.*, 794 F.2d 534, 540 (9th Cir. 1986) (rejecting appellant's claim that
4  he needed additional documents because he failed to appeal from magistrate
5  judge's discovery order).

6

7      **B.    MGA's Recent Motion Regarding Rule 30(b)(6) Depositions**

8

9      After Mattel produced six witnesses on these topics who testified over
10  eight days, on September 7, 2007 MGA and Bryant ("MGA/Bryant") filed a "Joint
11  Motion to Compel re: Mattel's Bandying of 30(b)(6) Witnesses."  The motion
12  complained about the preparation and performance of Mattel's Rule 30(b)(6)
13  witnesses and asked the Discovery Master to issue an Order compelling Mattel to
14  produce witnesses to testify competently on various topics, including the eleven
15  topics listed in footnote 1 above, that had been the subject of the March 15, 2005
16  meeting of counsel and the May 4, 2005 Order by Magistrate Judge Block.

17      At a hearing on January 3, 2008, the Discovery Master stated that he
18  would grant the motion in part, ordering Mattel to produce "one competent
19  witness" per topic to testify, at the risk of preclusion at trial, "as to Mattel's
20  knowledge" as to those eleven topics.  See 3/15/05 Tr. (Corey Decl. Ex. 2) at
21  84:15-20.

22

23      **C.    The Parties' Discussions Regarding the Scope of the**
24      **Discovery Master's Order**

25

26      Following the January 3, 2008 hearing, the parties conferred regarding
27  the scope and provisions of the Discovery Master's Order.  Mattel asked that the
28  proposed order circulated by MGA/Bryant be amended to make clear that

**Exhibit 3 - 47**                6

1    •    Mattel need not produce witnesses to testify about

2    information produced by MGA/Bryant or other parties in the

3    discovery process (which information is largely designated

4    "CONFIDENTIAL-ATTORNEYS EYES ONLY" under the

5    Court's Protective Order);

6    •    Mattel need not produce witnesses to testify about

7    information not relevant to any claim or defense; and

8    •    Mattel need not re-produce any witnesses unless the

9    witnesses had knowledge beyond their prior testimony.

10   See January 10, 2008 E-mail from Jon Corey to John Trinidad, Corey Decl. Exs.

11   12 & 13 (attaching amended proposed order).[7]

12   MGA/Bryant rejected each of these clarifications, submitting their

13   proposed order to the Discovery Master less than three hours after receiving

14   Mattel's e-mail.  The Discovery Master entered the Order as proposed by

15   MGA/Bryant the next day, January 11, 2008, without any of the clarifying

16   language offered by Mattel.  Because the Order's ambiguity puts Mattel in an

17   untenable position, Mattel has timely filed its objections with this Court.

18

19

20

21

22

23

24

25

26   [7]    These provisions paralleled those suggested by Bryant's counsel (also

27   acting on behalf of MGA) during efforts to resolve the motion by agreement before the hearing.  See Corey Decl. Ex. 7.

28

**Exhibit 3 - 48**

7

1 | III.  **ARGUMENT**

2

3 |     **A.**    **The Discovery Master's Order Compelling Mattel to**

4 |         **Produce One Witness per Topic to Testify to Its Full**

5 |         **"Knowledge" Cannot Require Mattel to Violate This**

6 |         **Court's Protective Order.**

7

8 |       The Discovery Master's Order needs to make clear that it does not

9 | compel Mattel to choose between violating the Order and the Court's January 4,

10 | 2005 Protective Order and risking preclusion.  Corey Decl. Ex. 4.  Mattel raised

11 | this issue at the January 3, 2008 hearing:

12 |         MR. COREY:  But by this order, the Court is not

13 |         compelling Mattel to provide information subject to the

14 |         protective order to its witnesses to prepare them?

15 |         JUDGE INFANTE:  I'm not speaking to that.

16 |     You have my order.

17 | 1/03/08 Hearing Tr. (Corey Decl. Ex. 11) at 84:4-9.

18 |       Inexplicably, MGA/Bryant rebuffed Mattel's attempt to insert a

19 | provision in the Order making clear that the Discovery Master was not compelling

20 | Mattel to violate the Protective Order.  Mattel asked that the Order make clear that

21 |     Mattel shall not be required to:

22 |     . . . .

23 |     (b)    produce a witness or witnesses to testify about

24 |     information that Mattel knows solely as a result of discovery

25 |     taken in this case.

26 | See January 10, 2008 E-mail from Jon Corey to John Trinidad, Corey Supp. Decl.

27 | Ex. 12.  Although MGA/Bryant conceded during the 2005 meeting of counsel that

28 | regurgitating discovery information is *not* within the proper scope of a Rule

**Exhibit 3 - 49**

MATTEL'S MEM. ISO OBJECTIONS TO JAN. 11, 2008 ORDER

1   30(b)(6) deposition,[8] and this was so-ordered by Magistrate Judge Block,

2   MGA/Bryant refused to make clear that discovery information was excluded from

3   the proposed order's scope. The Discovery Master signed the proposed order as

4   submitted by MGA/Bryant.

5              MGA/Bryant have thus created ambiguity as to whether the

6   Discovery Master's Order conflicts with the Court's Protective Order. The

7   Discovery Master's Order, by its terms, requires Mattel to produce one witness per

8   topic to testify to "Mattel's knowledge" with respect to such broad topics as

9          •       "All of Bryant's acts or omissions which breached any

10              contractual or non-contractual duty or obligation Bryant owed

11              to Mattel" (Topic 3);

12         •       "All of Bryant's acts or omissions which breached any

13              duties or obligations imposed by the Conflict of Interest

14              Questionnaire and/or the Employee Confidential information

15              and Inventions Agreement" (Topic 4);

16         •       "All of Bryant's acts or omissions pursuant to which he

17              aided, assisted and worked for a competitor of Mattel while

18              employed by Mattel from 1995 to the present" (Topic 6);

19         •       "The services and property belonging to Mattel that

20              Bryant provided to any third party, including MGA, from 1995

21              to the present" (Topic 7);

22         •       "All acts, omissions, circumstances and/or evidence

23              showing, or tending to show, that any and all products of MGA

24              . . . , originated from, were derived from, are based upon, are

25

26   _____

     [8]   See 3/15/05 Tr. (Corey Decl. Ex. 2) at 191:10-14 ("I don't think it's the

27   scope of a 30(b)(6) deposition for Mattel to teach a witness everything that
     it's discovered . . . .") (Bryant's counsel, Mr. Jacoby).

28

                                                        **Exhibit 3 - 50**

07209/2366548.1                                9

1  copied or incorporated from, or are substantially or confusingly
2  similar to, any design, research and developmental work, work
3  in progress, or product owned at any time by Mattel . . . ."
4  (Topic 8); and
5  •  "All acts, omissions, circumstances and/or evidence
6  showing, or tending to show, that prior to October 21, 2000,
7  Mattel had any toy concept or project which had not yet been
8  offered for sale to the public, including without limitation, any
9  toy concept or project in the pre-production or development
10  phase, that Bryant improperly copied, replicated, borrowed or
11  otherwise used in whole, or in any part, during or after Bryant's
12  employment with Mattel" (Topic 24).
13  Obviously, "Mattel's knowledge" as to what Bryant did to breach his duties and to
14  assist competitors, what Mattel property Bryant sent to third parties, Bryant's
15  copying, and other instances of Bryant's misconduct is *primarily, if not exclusively,*
16  derived from information Mattel has obtained in discovery from MGA/Bryant and
17  from third parties.  This makes sense, given the great lengths to which Bryant and
18  MGA went to conceal Bryant's disloyalty from Mattel (and to the extent that
19  Mattel knew about it or had facts related to his disloyalty in connection with the
20  claims asserted, Mattel produced designees on the topics.  Even if it were possible
21  for Mattel to educate its corporate witnesses as to the full content of the thousands
22  and thousands of documents and volumes of testimony Mattel's counsel have
23  obtained in discovery in this case, the Stipulated Protective Order entered by the
24  Court on January 4, 2005 prevents Mattel from giving this information to a
25  witness.[9]
26  
27  [9]  Ironically, one MGA employee-defendant recently invoked the Protective Order as license to refuse to provide "any substantive response" at
28  (footnote continued)

**Exhibit 3 - 51**

1    The Protective Order permits discovery information to be designated

2   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." "CONFIDENTIAL --

3   ATTORNEYS' EYES ONLY" information may be revealed to Mattel's outside

4   attorneys only; Mattel's officers and employees are prohibited from seeing it. *See*

5   January 4, 2005 Protective Order ¶ 6. Because MGA/Bryant have designated

6   almost everything they have produced in discovery "CONFIDENTIAL --

7   ATTORNEYS' EYES ONLY," it would be impossible for anyone to testify to

8   "Mattel's knowledge" on the topics listed above, or others, without access to that

9   information. The same applies to discovery obtained from third parties, much of

10   which is also designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

11    Mattel cannot be forced into a position where it must choose between

12   violating the Court's January 4, 2005 Protective Order and violating the Discovery

13   Master's January 11, 2008 Discovery Order, yet that is exactly what MGA/Bryant's

14   interpretation of the Order, as written, is. The Order should be clarified to confirm

15   that Mattel is not required to parrot back to MGA/Bryant information that they

16   themselves or third parties have produced in discovery, including information

17   designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."[10]

18

19

20

21

22

23

24

25   all to discovery served by Mattel. <u>See</u> January 17, 2008 Letter from
Alexander Cote to Jon Corey and Dylan Procter, Corey Decl. Ex. 15.

26   [10]  Mattel believes that MGA/Bryant have abused the designation process
and Mattel has asked MGA/Bryant to de-designate certain materials. <u>See</u>

27   Corey Decl. Ex. 8. MGA/Bryant have refused or did not respond.

28

**Exhibit 3 - 52**

11

**B.**  **The Discovery Master's Order Improperly Compels Mattel to Produce a Single Witness per Topic to Testify as to Contention Topics in Contravention of Magistrate Judge Block's Order.**

As set forth above, the eleven Rule 30(b)(6) topics that are the subject of the Discovery Master's Order were previously limited by the parties in their meeting of counsel, as so-ordered in Magistrate Judge Block's May 4, 2005 Order. Among other things, Magistrate Judge Block's order adopted the parties' agreement that Mattel need only provide "factual underpinnings," not its contentions or legal conclusions, in Rule 30(b)(6) testimony.  See supra page 4 & note 3.  The Discovery Master's order should be amended to make clear that it incorporates Magistrate Judge Block's Order as to those same topics, including the so-ordered limitations on these topics.

As an initial matter, the Discovery Master had no authority to override the limitations set forth in Magistrate Judge Block's Order.  Magistrate Judge Block's Order was never appealed, and remains binding on the parties. *See* Local Rule 72-2.2; *Palmer v. U.S.*, 794 F.2d 534, 540 (9th Cir. 1986) (rejecting appellant's discovery claim because he failed to appeal from magistrate judge's order).  The Discovery Master made no finding that Mattel had ever violated Magistrate Judge Block's Order, or any other Order.  There is no basis for the Discovery Master to purport to alter the Order under which Rule 30(b)(6) discovery has been proceeding for nearly three years in this case.

Further, the Discovery Master's Order cannot sensibly be read to require Mattel to produce a single witness per topic to testify on Bryant's overbroad topics without the previously agreed limitations ordered by Magistrate Judge Block.  This is shown perhaps nowhere more clearly than in MGA's *own* 125-page objections to *Mattel's* Rule 30(b)(6) Notice, served only last week.  Although this Court itself ordered MGA to produce Rule 30(b)(6) witnesses on Mattel's topics, MGA itself

**Exhibit 3 - 53**      12

1  objected 52 times that Rule 30(b)(6) deposition topics that purport to seek a party's

2  contentions are legally improper, one of the limitations previously ordered by

3  Magistrate Judge Block:

> 4  MGA further objects to this Topic on the grounds that it
>
> 5  seeks . . . contentions and Rule 30(b)(6) deposition
>
> 6  topics should not be used in the place of contention
>
> 7  interrogatories to obtain the factual support for a party's
>
> 8  claims and defenses.  See, e.g., SmithKline Beecham
>
> 9  Corp. v. Apotex Corp., 2000 WL 116082, at *9 (N.D.
>
> 10  Ill. 2000); In re Independent Service Orgs. Antitrust
>
> 11  Litig., 168 F.R.D. 651, 654 (D. Kan. 1996);
>
> 12  McCormick-Morgan, Inc. v. Teledyne Indus., 134
>
> 13  F.R.D. 275, 286-87 (N.D. Cal.), rev'd in part on other
>
> 14  grounds, 765 F. Supp. 611 (N.D. Cal. 1991).

15  MGA's January 17, 2008 Objections to Fourth Notice of Rule 30(b)(6) Deposition

16  at 19-20, 21, 24-25, 33, and *passim.*[11]

17      The Discovery Master's Order must be read or amended to make clear

18  that Mattel's obligation to produce witnesses is limited to Mattel's factual

19  knowledge regarding "the subjects listed . . . as agreed to by Bryant and Mattel in

20  the March 15, 2005 meeting of counsel," as Magistrate Judge Block ordered.  It

21  would be legally improper for the Discovery Master's Order to fail to incorporate

22  the prior agreed limitations embodied in Magistrate Judge Block's May 4, 2005

23  Order.

24

25

26

27  [11]   Mattel does not concede that any of the Topics in its Fourth Notice of
Deposition are objectionable in this, or any other regard.

28

Exhibit 3 - 54

13

MATTEL'S MEM. ISO OBJECTIONS TO JAN. 11, 2008 ORDER

C.     **The Discovery Master's Order Must Be Limited to Information That Is Relevant to Any Claim or Defense.**

The Discovery Master's Order cannot exceed the scope of permissible discovery, as set forth in Federal Rule 26.  See Fed. R. Civ. P. 26(b)(1) (restricting permissible discovery to that "relevant to the claim or defense" of a party).  Mattel's proposed amendment to the Discovery Master's order sought to make clear that

> Mattel shall not be required to:
>
> . . . .
>
> (c) produce a witness to testify about information that is responsive to the Topics but which is not relevant to any claim or defense asserted by the parties in this litigation (so, by way of a non-limiting example, Mattel is not obligated to produce . . . a witness to testify about aspects of the DIVA STARZ products that Mattel does not contend is evidence of copying or timing of Bratz, such as electrical or mobility engineering).

See January 10, 2008 E-mail from Jon Corey to John Trinidad, Corey Decl. Ex. 12.  MGA/Bryant rejected this relevance limitation and the Discovery Master did not include it in his Order.  See Corey Decl. Exs. 12 - 14.

Any failure to include a relevance limitation would cause the Order to exceed the legal bounds of discovery permissible under Rule 26.  It would further increase the impossible burden placed on Mattel by the Order's "one witness" limitation (discussed below).  MGA/Bryant might argue, for example, that the requirement that Mattel educate one witness about "[a]ll facts and circumstances showing the conception, origination, creation, development and/or reduction to practice of 'DIVA STARZ'" (Topic 11), extends to "facts and circumstances" that

1  have no bearing on these cases.  To the extent MGA/Bryant contend that this topic

2  calls for education on such subjects as circuit board design and mobility

3  engineering for the electronic "DIVA STARZ" doll, neither of which have any

4  bearing on any issues, the Order exceeds the bounds of permissible discovery.  As

5  another example, Topic 5, regarding "all" confidential information to which Bryant

6  had access, could be read literally and absurdly to require Mattel to educate a

7  witness about every single confidential project Mattel worked on in 1999 and

8  2000, including a host of other projects not in any way at issue, given Bryant's

9  work at Mattel's Design Center in those years.  Because there is no legal basis for

10  putting Mattel to the burden and expense of preparing witnesses on these and other

11  issues unrelated to any claim or defense, the Order should make clear that it

12  embodies Rule 26's relevance limitation.

13

14      **D.      The Discovery Master's Order Imposes an Impossible Burden on**

15              **Mattel in Contravention of Federal Rule 30(b)(6).**

16

17          The Federal Rules are clear -- as a matter of law, Mattel has the right

18  to designate one *or more* witnesses to testify to its knowledge.  See Fed. R. Civ. P.

19  30(b)(6) ("[T]he organization so named shall designate one or more officers,

20  directors, or managing agents, or other persons who consent to testify on its behalf

21  . . . .").  Bryant and MGA expressly acknowledged this right during the March 15,

22  2005 meeting of counsel, and again when they stipulated that Magistrate Judge

23  Block should incorporate that agreement into his May 4, 2005 Order, which he did.

24          Mattel's right to designate more than one witness per topic is

25  particularly critical given that many of MGA's Rule 30(b)(6) topics are so broad as

26  to make it impossible for Mattel to educate one individual sufficiently to speak to

27  all aspects of the information sought.  See, e.g., MGA Topic 8 ("All acts,

28  omissions, circumstances and/or evidence showing, or tending to show, that any

**Exhibit 3 - 56**      15      MATTEL'S MEM. ISO OBJECTIONS TO JAN. 11, 2008 ORDER

1   and all products of MGA . . . originated from, were derived from, are based upon,

2   are copied or incorporated from, or are substantially or confusingly similar to, any

3   design, research and developmental work, work in progress, or product owned at

4   any time by Mattel or created by any Mattel employee . . . or by any independent

5   contractor during the time that such Person was working for Mattel."); MGA Topic

6   12 ("All facts and circumstances showing the conception, origination, creation,

7   development and/or reduction to practice of 'MINI DIVA STARZ.'").

8          As MGA itself conceded in its recent Objections to Mattel's Rule

9   30(b)(6) topics, it is not possible to educate a single witness on certain topics:

10              Mattel's [topics] . . . are unsuited to a Rule 30(b)(6)

11              depositions . . . .  To the extent it would be possible to

12              obtain the information and prepare a witness or witnesses

13              to memorize those details, if possible, such an exercise

14              would be a waste of time and money.  See, e.g.,

15              McCormick-Morgan, Inc. v. Teledyne Indus., 134 F.R.D.

16              275, 287 (N.D. Cal.) ("[N]o one human being can be

17              expected to set forth, especially orally in deposition, a

18              fully reliable and sufficiently complex account of[] all

19              the bases for the contentions made and the positions

20              taken . . . ."), rev'd in part on other grounds, 765 F. Supp.

21              611 (N.D. Cal. 1991).

22   MGA's January 17, 2008 Objections to Fourth Notice of Rule 30(b)(6) Deposition

23   at 19, 21, 22, 23, and passim.

24          Further, on this very motion, MGA/Bryant effectively withdrew any

25   request that Mattel produce one witness per topic.  After Mattel raised its well-

26   founded legal objections to such a request in its opposition, see Corey Decl. Ex. 9

27   at 26-27, MGA/Bryant's reply conceded that "[m]ore than one witness can be

28   designated on a topic, provided the witnesses are adequately prepared to testify on

1 | the topic and collectively the witnesses designated produce the sum total of
2 | Mattel's knowledge on the topic." MGA/Bryant Reply (Corey Decl. Ex. 10) at 2
3 | n.4 (emphasis omitted). Nor did MGA/Bryant pursue a request for one witness per
4 | topic at the hearing. <u>See</u> Corey Decl. Ex. 11.

5 |      It was legal error for the Discovery Master to impose a requirement
6 | inconsistent with the Federal Rules. The Federal Rules contain no provision that
7 | would provide the Discovery Master with discretion to put Mattel to the impossible
8 | task of educating one witness as to, for example, the "conception, origination,
9 | creation, development or reduction to practice of " DIVA STARZ and MINI DIVA
10 | STARZ, a project on which hundreds of employees worked. Both the Federal
11 | Rules and Magistrate Judge Block's prior order make clear that Mattel has a right
12 | to produce more than one witness on such a broad topic. The "one witness"
13 | limitation imposed by the Discovery Master creates an impossible burden for
14 | Mattel, as even MGA/Bryant acknowledged. It was legal error for the Discovery
15 | Master to read the "or more" clause out of Rule 30(b)(6).

16 |

17 | **IV.   <u>CONCLUSION</u>**

18 |

19 |      The Court should modify the Discovery Master's January 11, 2008
20 | order to make clear that it

21 |      (i)   does not require testimony as to material produced
22 | in discovery by MGA/Bryant or third parties, including material
23 | designated "CONFIDENTIAL-ATTORNEYS EYES ONLY"
24 | under the Court's Protective Order;

25 |      (ii)   incorporates Magistrate Judge Block's May 4,
26 | 2005 Order, including its limitation that Mattel is required to
27 | provide testimony only as to facts, not legal contentions;

28 |

**Exhibit 3 - 58**

1    (iii)    does not require testimony not relevant to any

2    claim or defense; and

3    (iv)    affords Mattel the right to produce one or more

4    witnesses per topic as set forth in Federal Rule 30(b)(6).

5

6    DATED:  January 24, 2008          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
7

8                                      By____/s/ Jon D. Corey_____
                                          Jon D. Corey
9                                         Attorneys for Plaintiff and Counter-
                                          Defendant Mattel, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                            **Exhibit 3 - 59**