QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>SUPPLEMENTAL DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF MATTEL, INC.'S REPLY BRIEF IN SUPPORT OF MATTEL'S *EX PARTE* APPLICATION TO ENFORCE COURT ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS; AND FOR MODIFICATION OF SCHEDULING ORDER<br><br>Hearing Date: TBA<br>Time: TBA<br>Place: TBA<br><br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2369354.1

-1-
SUPP. HUTNYAN DECLARATION ISO REPLY ISO EX PARTE APP RE MGA TANGIBLES

## DECLARATION OF DIANE C. HUTNYAN

I, Diane C. Hutnyan, declare as follows:

I am a member of the bar of the State of California, am admitted to practice before this court and am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and cross-defendant Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

1. The three-dimensional scanning of tangible objects in China and Hong Kong requires a great deal of planning.

2. Mattel's scanning technician/consultant uses extremely expensive and sensitive equipment that requires delicate care, especially when traveling great distances. This equipment must be specially packed and cleared by airline officials before traveling.

3. Also, he must occasionally use a fine white powder in the scanning process. Because this powder contains flammable propellants, the Federal Aviation Administration prohibits it from being transported on commercial aircrafts. Thus, he must attempt to procure this rare substance in Hong Kong.

4. Moreover, the scanning technician/consultant traditionally runs his scanning equipment on 60 cycles of power, whereas the facilities in Hong Kong and China only support equipment that runs on 50 cycles of power. Thus, he must determine either that his equipment will reliably run on 50 cycles of power or locate similar equipment in Hong Kong.

5. In addition, the scanning process itself is a time-intensive process. Scanning a medium-sized tangible object often takes longer than 2 hours to complete. Also, based on examination of photographs of some of the objects located in Hong Kong, there appears to be a green buildup on the outside of some of these objects. This build-up must be cleaned off in order to get an accurate scan of these objects.

Thus, for efficiency purposes, it is important to perform the scanning on contiguous days. Up until January 23, 2008, however, MGA did not supply Mattel with contiguous time periods during which it would make the items available for scanning.

6. For optimal results, light and movement should be controlled when performing three-dimensional scanning. On high floors of buildings or skyscrapers, the building's natural structure, combined with the effect of the wind on the building, often makes the building slightly sway. Thus, when in a very tall building, for the best and most expeditious results, it advisable to have the scanning performed on the lowest floor possible.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 28th day of January, 2008, in Los Angeles, California.

*/s/ Diane C. Hutnyan*
Diane C. Hutnyan