QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>MATTEL, INC.'S *EX PARTE* APPLICATION TO COMPEL THE APPEARANCE FOR DEPOSITION OF ANA CABRERA, BEATRIZ MORALES, AND MARIA SALAZAR; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: TBA<br>Time: TBA<br>Place: TBA<br><br>**Phase 1**<br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: April 21, 2008<br>Trial Date: May 27, 2008 |

07209/2368722.1

MATTEL'S EX PARTE APPLICATION TO COMPEL CABRERA, MORALES, AND SALAZAR

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Mattel, Inc. ("Mattel") will, and hereby does, respectfully apply *ex parte*, pursuant to Local Rule 7-19 and Fed. R. Civ. P. 30, for an order to compel the depositions of Ana Cabrera, Beatriz Morales, and Maria Salazar.

This Motion is made on the grounds that Ms. Cabrera, Ms. Morales, and Ms. Salazar have failed to appear for depositions thus depriving Mattel of testimony that is discoverable and relevant to its claims.  This Application is further made on the grounds that this failure to appear has prejudiced Mattel in that the parties are engaged in a rigorous deposition schedule, and their failure to appear has affected Mattel's ability to question others based on the information that would have been disclosed at these depositions.  See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995) (*ex parte* is warranted upon a showing of prejudice).

Pursuant to Local Rule 7-19, on January 28, 2008, Mattel's counsel gave notice of this Application and the relief being sought to counsel for all other parties and the witnesses, including counsel for Gustavo Machado, Alexander Cote of Overland Borenstein Sheper & Kim, LLP (telephone: 213-613-4660; address: 300 S. Grand Avenue, Los Angeles, CA 90071), counsel for MGA Entertainment, Inc., MGAE de Mexico, S.A. de C.R.L., MGA Entertainment (HK) Limited, Isaac Larian (collectively "MGA"), and Maria Salazar, Paul Eckles of Skadden, Arps, Slate, Meagher & Flom LLP (telephone: 212-735-2578; address: 4 Times Square, New York, NY 10036), counsel for Carter Bryant ("Bryant"), Michael H. Page (telephone: 415-391-5400; address: 710 Sansome Street, San Francisco, CA 94111-1704), and counsel for Ana Cabrera and Beatriz Morales, Maria Diaz of Allred, Maroko & Goldberg (telephone: 323-653-6530; address: 6300 Wilshire Boulevard, Suite 1500, Los Angeles, California 90048).  Mattel did not receive a response from any counsel.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Cyrus Naim (and its exhibits) filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

**Statement of Rule 37-1 Compliance**

The parties met and conferred regarding these depositions on January 24, 2008 and times thereafter.

DATED: January 28, 2007	QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ James J. Webster
James J. Webster
Attorneys for Plaintiff
Mattel, Inc.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ........................................................................................ 2

ARGUMENT .............................................................................................................. 5

I.    THE WITNESSES SHOULD BE ORDERED TO APPEAR BASED ON THE DULY SERVED DEPOSITION SUBPOENAS ............................... 5

II.   BY PREVENTING THE DEPOSITIONS FROM GOING FORWARD MGA SEEKS TO CIRCUMVENT THE COURT'S JANUARY 7, 2008 ORDER .......................................................................................................... 6

CONCLUSION ........................................................................................................... 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Veronica Marlow, a key collaborator with Bryant and MGA in the development of Bratz, recently testified that three more Mattel employees -- Ana Cabrera, Beatriz Morales, and Maria Salazar -- secretly worked on Bratz from 2000 through 2005. Mattel served each of these three witnesses with a deposition subpoena. Each has failed to appear for the deposition as noticed. By this Application, Mattel seeks an order compelling the witnesses to appear for deposition.

On the eve of the first deposition, MGA filed a motion to quash the deposition subpoenas. MGA then wrote to Mattel claiming that all of these depositions were "off."[1] Since then, the witnesses have failed to appear, and their counsel have refused to respond to Mattel's request for dates for the depositions to be conducted.

The premise of MGA's motion to quash is both simple and inaccurate. MGA claims that Mattel had already taken the 24 depositions to which it is entitled pursuant to the Scheduling Order. In doing so, MGA includes depositions Mattel is entitled to take as <u>additional</u> depositions pursuant to the January 7, 2008 Order and thus misconstrues this Court's Orders. Even worse, MGA counts depositions which were noticed or scheduled but <u>never taken</u>. MGA's motion is a thinly veiled -- but unfortunately thus far successful -- attempt to obstruct Mattel's investigation into this critical evidence and subvert the Court's Orders.

---

[1] Despite its apparent contact with counsel for the witnesses, MGA disingenuously instructed Mattel to inform the witnesses that the depositions were cancelled.

1    These three witnesses will provide key testimony about the scheme
2 employed by MGA to use Mattel employees to create its Bratz products and, in
3 violation of commercial bribery laws that serve as predicate acts for Mattel's RICO
4 claims, secretly pay Mattel employees to assist MGA.  Mattel respectfully submits
5 that the Court now order the witnesses to appear for deposition.

### Statement of Facts

Veronica Marlow was employed by Mattel from 1996 to 2000.[2] Marlow then worked on MGA's Bratz product line through 2005.  Marlow was involved with the development of Bratz from its inception, and is one of the few people to whom Carter Bryant claims he showed his Bratz illustrations prior to presenting them to MGA.[3]  According to both Bryant and Marlow, Marlow introduced Bryant to MGA, was present at his first pitch to MGA, and has since received millions of dollars from MGA as a finder's fee.[4]

After months of delay, on December 28, 2007, Marlow testified at her deposition that from 2000 onwards, three more Mattel employees -- Ana Cabrera, Beatrice Morales, and Maria Salazar -- secretly worked on Bratz, and were paid for their work, while employed by Mattel.[5]  Marlow concealed the payments she made to these Mattel employees by paying them in cash and in other people's names.[6]

---

[2]  Deposition Transcript of Veronica Marlow, dated December 28, 2007 ("Marlow Depo. Tr.") at 37:14-18, 106:11-14, 107:22-108:4, attached as Exhibit 1 to the concurrently filed Declaration of Cyrus S. Naim ("Naim Dec.").
[3]  Transcript of the Deposition of Carter Bryant dated November 4, 2004 ("Bryant Depo. Tr.") at 46:22-47:8, Naim Dec., Exh. 2.
[4]  Marlow Depo. Tr. at 113:10-114:3, 115:10-122:3, Naim Dec., Exh. 1; Bryant Depo. Tr. at 157:19-158:3, Naim Dec., Exh. 2.
[5]  Marlow Depo. Tr. at 306:14-308:1, 363:15-365:17, Naim Dec., Exh. 1.
[6]  Transcript of the interview of Ana Cabrera, dated January 2, 2008, at 118:3-25, Naim Dec., Exh. 3; transcript of the interview of Beatriz Morales, dated January 14, 2008, at 115:2-20, Naim Dec., Exh. 4.

The testimony of the three Mattel employees is obviously relevant to Mattel's claims against MGA. The three Mattel employees signed agreements granting Mattel all rights to intellectual property they created while employed by Mattel.[7] Their actions may thus provide an independent basis for Mattel's claims of ownership of the copyright to the Bratz dolls, and a further basis for Mattel's tortious interference claims against MGA. Further, to the extent MGA asserts claims for unfair competition against Mattel based on MGA's purported ownership of Bratz products, their testimony can establish a defense that Mattel cannot unfairly compete with the sale of its own products. Finally, the payments to Mattel employees, and their work for a Mattel competitor, constitute predicate acts of commercial bribery that underlie Mattel's RICO claims.

Mattel served a deposition subpoena on Ms. Cabrera and Ms. Morales on January 16, 2008.[8] Mattel served a deposition subpoena on Ms. Salazar on January 22, 2008.[9] No claim has been made by any of these witnesses, or any of the parties, that service of the subpoenas was improper.

On January 23, 2008, the eve of the Cabrera deposition, Mattel received a letter from an attorney, Maria Diaz, stating that she represented Cabrera and Morales.[10] Counsel for MGA and Bryant were copied on that letter. Ms. Diaz stated that she was aware that the deposition subpoenas had been served, but that Cabrera and Morales would not appear. Diaz requested that Mattel provide alternative dates for the depositions.[11] The same day, MGA filed a Motion to Quash

---

[7] Naim Dec., ¶ 6.
[8] Naim Dec., Exhs. 5, 6.
[9] Naim Dec., Exh. 7.
[10] Facsimile from Maria Diaz to James Webster dated January 23, 2008, Naim Dec., Exh. 8.
[11] Id.

several deposition subpoenas, including those for Cabrera, Morales and Salazar.[12] On January 24, 2008, MGA's counsel wrote to Mattel stating that it considered the depositions of all witnesses addressed in its Motion to Quash to be "off" and insisting that Mattel contact the subpoenaed witnesses to inform them that the depositions were not proceeding.[13]

On January 24, 2008, Mattel wrote to Ms. Diaz asking to meet and confer, and stating that if new dates were not immediately set for Cabrera and Morales, Mattel would move to compel these depositions.[14] Mattel followed this letter with a telephone message to Diaz seeking new dates for the deposition. Mattel received no response to this call or to its letter.[15]

On January 25, 2008, Mattel also wrote to MGA's counsel noting that MGA could not unilaterally cancel the depositions, and asking whether it had had contact with Maria Salazar, who was scheduled to appear on Monday, January 28, 2008.[16] MGA's counsel responded on Sunday, January 27, 2008, stating that it represented Salazar, and that she would not appear for deposition either.[17]

**Mattel Has Taken 18 of the 24 Depositions It Is Entitled to Under the Scheduling Order**. In its Motion to Quash, MGA argued that Mattel cannot take these depositions because (i) they were not specifically authorized by the Court

---

[12] See MGA Defendants' Notice Of Motion And Motion To Quash Deposition Subpoenas And Memorandum In Support, dated January 23, 2008. That motion was amended on January 24, 2008, to include Maria Salazar.
[13] Letter from Paul M. Eckles to Jon D. Corey dated January 24, 2008, Naim Dec., Exh. 9.
[14] Letter from James Webster to Maria Diaz, dated January 24, 2008, Naim Dec., Exh. 10
[15] Naim Dec., ¶ 13.
[16] Email from James Webster to Paul M. Eckles dated January 25, 2008, Naim Dec., Exh. 11.
[17] Email from Paul M. Eckles to James Webster dated January 27, 2008, Naim Dec., Exh. 12.

in its January 7, 2008 Order; and (ii) Mattel had previously exceeded the 24 depositions that it was permitted to take pursuant to the Court's February 12, 2007 Scheduling Order.

The February 12, 2007 Scheduling Order provides that the parties can each take 24 depositions. Mattel has taken 18 of those depositions.[18] On November 19, 2007, Mattel filed a Motion for Leave to Take Additional Discovery. On January 7, 2008, the Court granted Mattel's Motion.[19] Mattel is in the process of conducting the additional depositions allocated to it in that Order.

## Argument

### I. THE WITNESSES SHOULD BE ORDERED TO APPEAR BASED ON THE DULY SERVED DEPOSITION SUBPOENAS

As set forth above, these witnesses have unique and critical evidence regarding the scheme by which MGA has used and secretly paid Mattel employees to work with MGA. There is no dispute that each was duly served with a deposition subpoena.

---

[18] The 18 depositions Mattel has conducted -- i.e., separate from the depositions specifically ordered as additional depositions pursuant to the Court's January 7, 2008 Order -- were of: Carter Bryant, Victoria O'Connor, Jacqueline Prince, Isaac Larian, Steve Linker, Paula Garcia, Brooke Gilbert, Kerri Brode, Dave Malacrida, Janet Bryant, Thomas Bryant, Schuler Bacon, Richard Irmen, Sarah Chui, Maureen Tkacik, Denise O'Neal, MGA 30(b)(6) designees (Kerri Brode, Charmayne Brooks, Kenneth Lockhart, Bryan Armstrong, Lisa Tonnu, Rebecca Harris, Samir Khare, Spencer Woodman, Paula Garcia), and an MGA Hong Kong 30(b)(6) designee (Edmond Lee). Naim Dec., ¶ 16. In claiming that Mattel has reached its 24 deposition limit MGA includes Margaret Leahy, Veronica Marlow, Elise Cloonan and Jeanne Galvano, but each of those depositions were authorized as additional depositions in the Court's January 7, 2008 Order. Naim Dec., ¶ 17.

[19] Order dated January 7, 2008, Naim Dec., Exh. 13.

1    MGA's obstruction of the depositions and the witnesses' failure to
2 appear has prejudiced Mattel.  The parties are in the midst of a rigorous deposition
3 schedule.  The critical revelations by Marlow only one month ago clearly justify the
4 discovery Mattel is seeking to complete by conducting these depositions.  The Court
5 should order that these witnesses each appear forthwith so that Mattel can complete
6 the discovery to which it is entitled.

## II. MGA'S POSITIONS ARE UNSUPPORTED BY, AND CONTRARY TO, THE COURT'S ORDERS

10    Mattel is entitled to take 24 depositions pursuant to the February 2007
11 Scheduling Order.  Apart from the additional depositions for which it has obtained
12 leave from the Court to conduct -- i.e., pursuant to the January 7, 2008 Order --
13 Mattel has taken 18 depositions.  Accordingly, Mattel is entitled to conduct 6 further
14 depositions, including the three it seeks pursuant to this Motion.

15    MGA's argument otherwise is founded on baseless double counting.
16 MGA argues that Mattel is not entitled to take the depositions because it has
17 conducted its full allocation of 24 depositions under the scheduling Order.  <u>In
18 claiming that Mattel has used its 24 depositions, MGA includes depositions that the
19 Court specifically ordered could be taken as additional depositions pursuant to the
20 Court's January 7, 2008 Order.</u>[20]  Moreover, MGA purports to include in its "count"
21 depositions of Farhad Larian and Gustavo Machado that the Court not only granted
22 leave to take <u>in addition</u> to the 24, but also for which the witnesses never appeared
23 and thus were <u>never taken</u>.[21]

---

[20] These are the depositions of Leahy, Marlow, Cloonan and Galvano.
[21] MGA's Motion to Quash, p. 2 fn 1.

1  MGA's arguments are premised on a misreading of the Court's Order.[22]
2  The entire basis for Mattel's motion for leave for additional depositions was that the
3  depositions would be just that: <u>additional</u>.  Nowhere did the parties contend that the
4  Order should be in derogation of the Scheduling Order permitting Mattel to take its
5  existing allotment of 24 depositions.  Indeed, at the January 7, 2008 hearing, Mattel
6  specifically noted to the Court that it had just obtained the testimony of Marlow on
7  December 28, 2007 -- i.e. after the parties had briefed the motion for additional
8  discovery -- which revealed that MGA had secretly used and paid additional Mattel
9  employees to create Bratz products.   MGA now argues that the depositions are
10 barred because these witnesses are not named in the January 7, 2008 Order.  To the
11 contrary, the Court was specifically informed that Mattel would be taking
12 depositions of individuals not included on the list:

> Mr. Quinn:  Let me say that just, for example, the week before last, we took -- and this is something that happened since this motion was filed -- we took the deposition of a person named Veronica Marlow, who is their vendor for fashion design for Bratz, and learned in the course of that deposition that three Mattel employees other than carter Bryant have been working on Bratz for years.  That was the testimony.
>
> This was news to us.
>
> . . .

---

[22] Specifically, MGA argues that "[i]n the period between the filing of its [November 19, 2007] motion and the January 7, 2008 hearing, Mattel took or scheduled 6 of the depositions identified in its motion, bringing its total to the allowed limit."  Motion 1- 2.  To the contrary, Mattel only took four depositions in that period, and most importantly <u>those depositions were specifically authorized by Judge Larson as additional depositions that could be taken beyond the 24 that Mattel is indisputably permitted to take</u>.

1            I submit, your honor, that is blockbuster testimony, in our view. We thought this was just Carter Bryant; so there's three employees, two of which are former employees now and this executive, Mel Woods -- his name isn't even in this list that we've submitted -- that I think we need to take their depositions.

           . . .

           The Court: this is helpful in terms of the Court fashioning an order for this motion.[23]

           In sum, the Court's intention in granting the additional depositions -- and the entire premise of the motion papers -- was that the depositions allocated under the January 7, 2008 Order would be in addition to, not in derogation of, the 24 deposition limit. MGA's arguments otherwise should be rejected.

### Conclusion

           For the foregoing reasons, Mattel respectfully requests that the Court order Ms. Cabrera, Ms. Morales and Ms. Salazar to appear for their depositions forthwith.

DATED: January 28, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                                             By /s/ James J. Webster
                                                 James J. Webster
                                                 Attorneys for Plaintiff
                                                 Mattel, Inc.

---

[23]    Hearing Transcript dated January 7, 2008, at 29:17-30:18.