# EXHIBIT 1

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 2

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 3

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 4

# EXHIBIT 5

AO 88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL    DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1]  CV 04-9049 SGL (RNBx)

TO:  Ana Isabel Cabrera
     4824 W 123rd Street
     Hawthorne, CA 90250

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded stenographically and by a videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Marriott Courtyard Hotel<br>2000 E. Mariposa Avenue, El Segundo, CA  90245 | January 24, 2008<br>9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | January 16, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
James J. Webster, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017  (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT ___5___

PAGE ___16 6___

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| ~~SERVED~~ | 1/16/2008 | 4824 West 123rd Street Hawthorne, CA 90250 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| ANA ISABEL CABRERA (Witness Fee Paid $50.00) | | Personal (Served 1-16-08 at 7:10 p.m.) |
| SERVED BY (PRINT NAME) | | TITLE |
| John Erickson | | Process Sever |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on      1/17/2008
                     DATE

_Jhn Erickson_
SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los
ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

---

Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT 5

PAGE 67

# EXHIBIT 6

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

CENTRAL    DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1]  CV 04-9049 SGL (RNBx)

TO:  Beatriz T. Morales
     4835 W 112th Street
     Inglewood, CA 90304

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded stenographically and by a videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Doubletree Hotel | January 25, 2008 |
| 1985 E Grand Ave, El Segundo, CA 90245 | 9:30 a.m. |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | January 16, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
James J. Webster, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT _____

PAGE

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/16/2008 | 4835 West 112th Street Inglewood, CA 90304 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| BEATRIZ T. MORALES (Witness Fee Paid $50.00) | Personal (Served 1-16-08 at 7:00 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| John Erickson | Process Sever |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | 1/17/2008 | |
|---|---|---|
| | DATE | SIGNATURE OF SERVER |

*John Erickson (signature)*

Now Legal Service, 1301 W. 2nd St., #206, Los

ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006;

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT ___6___**

**109**

# EXHIBIT 7

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL     DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

v.

MATTEL, INC., a Delaware corporation,

## SUBPOENA IN A CIVIL CASE

Case Number: [1]   CV 04-9049 SGL (RNBx)

TO:   Maria Elena Salazar
11064 Amigo Ave.
Porter Ranch, CA 91326

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded stenographically and by a videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP 865 S. Figueroa St, 10th Fl, Los Angeles, CA 90017 | January 28, 2008 9:30 a.m. |

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | January 22, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
James J. Webster, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017     (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT ____7____

PAGE     70

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/22/2008 | Bally Total Fitness 9143 DeSoto Ave. Chatsworth, CA 91311 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Maria Elena Salazar | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Terrance Cummings | Private Investigator |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___1/23/2008___
                DATE

Terrance Cummings
SIGNATURE OF SERVER
445 So. Figueroa St., Suite 3215
Los Angeles, CA 90071
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT ___17___

PAGE ___71___

# EXHIBIT 8

01/23/2008   16:09      13236531660          LAW OFFICES OF AMG                          PAGE   01/02

# ALLRED, MAROKO & GOLDBERG
### 6300 WILSHIRE BLVD., SUITE 1500
### LOS ANGELES, CALIFORNIA 90048-5217
### Phone (323) 653-6530

## TELECOPIER TRANSMITTAL

**PLEASE DELIVER TO:**

      **NAME:**    James Webster, Esq.

      **COMPANY:** Quinn Emanuel Urquhart Oliver & Hedges

      **TELECOPY PHONE NUMBER:** 213/443-3100
                          Phone: 213/443-3000

**DESCRIPTION:**    Re: *Mattel v. Bryant, Depositions of Ana Cabrera and Beatrice Morales*

**MESSAGE FROM:**    María G. Díaz, Esq.

      **DATE:** January 23, 2008        **TIME:** 3:10

      **TELECOPY PHONE NUMBER:**  (323) 653-4712

      **NUMBER OF PAGES including this cover sheet:** _2_

           ____ Original will not follow
           _x_ Original will follow by:
           ____ Hard copy will follow by:

  _x_ Regular Mail      ___ Overnight Courier      ___ Hand Delivery

*THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.*

**COMMENTS:**

**Please call Jocelyn at (323) 653-6530 if you do not receive all pages or if message is not legible.**

EXHIBIT ___8___

PAGE ___72___

*Law Offices*

## ALLRED, MAROKO & GOLDBERG

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

6300 WILSHIRE BOULEVARD
SUITE 1500
LOS ANGELES, CALIFORNIA 90048
(323) 653-6530
FAX (323) 653-1660
www.amglaw.com

E-MAIL:
mdiaz@amglaw.com

NATHAN GOLDBERG*
MICHAEL MAROKO*
GLORIA R. ALLRED*
JOHN S. WEST
DOLORES Y. LEAL
R. TOMÁS OLMOS
RENEE MOCHKATEL
MARGERY N. SOMERS
MARÍA G. DÍAZ

*A PROFESSIONAL CORPORATION

January 23, 2008
*VIA U.S. MAIL & FACSIMILE*

James J. Webster, Esq.
QUINN EMANUEL URQUHART OLIVER & HEDGES
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

### RE: Mattel v. Bryant, Depositions of Ana Cabrera and Beatrice Morales

Dear Mr. Webster:

Please be advised that we been retained by Ana Cabrera and Beatrice Morales in connection with the above entitled matter. We have just learned that both our Clients were served with deposition subpoenas on January 16, 2008 for appearance on January 24, 2008 and January 25, 2008, respectively.

Given that our Clients have just retained Counsel, they are not prepared to go forward with their depositions as currently scheduled.

Accordingly, please contact me to discuss other mutually agreeable dates for their depositions.

Very truly yours,

ALLRED, MAROKO & GOLDBERG

## DICTATED BUT NOT READ

MARÍA G. DÍAZ

MGD:jg

cc: Ana Cabrera
Beatrice Morales
Thomas J. Nolan, Esq.
Michael H. Page, Esq.
Alexander H. Cote, Esq.

EXHIBIT 8

PAGE 73

The attached fax was received from 13236531660 on 1/23/2008 at 3:11:30 PM

JobID: 080498

EXHIBIT ____8____

PAGE ____74____

# EXHIBIT 9

01/24/2008     12:03     SKADDEN ARPS → 912134433100P962000                    NO.287      002

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK |0036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-2578
DIRECT FAX
917-777-2578
EMAIL ADDRESS
PMECKLES@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 24, 2008

## VIA FACSIMILE & EMAIL

Jon D. Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE:     Bryant v. Mattel, Inc.

Dear Mr. Corey:

        I write regarding your request that we stay the depositions of Mattel's
designees on the topics in Discovery Master Infante's order granting MGA's and
Bryant's Joint Motion re: Bandying. Discovery Master Infante's order addresses
several topics that relate to core Phase 1 issues and requires that these depositions
take place by January 28, 2008. These topics are set forth in a notice that was
propounded in 2004. MGA and Bryant already have been waiting for proper
testimony on these issues for too long. Given the Phase 1 schedule that is in place,
we cannot wait any longer. Moreover, given the standard that Judge Larson has
applied in reviewing discovery orders, we do not see any reasonable basis for your
planned appeal of Discovery Master Infante's order.

        For all of these reasons, we cannot agree to your request.

                                        Very truly yours,

                                        Paul M. Eckles

EXHIBIT ___9___

PAGE ___75___

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522

TELEPHONE No.: (212) 735-3000
FACSIMILE No.: (212) 735-2000

DIRECT FACSIMILE No: 1-917-777-2578
EMAIL: pmeckles@skadden.com

## FACSIMILE TRANSMITTAL SHEET

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

| | | | |
|---|---|---|---|
| NAME: | Jon D. Corey | | |
| FIRM: | Quinn Emanuel Urquhart Oliver & Hedges, LLP | | |
| CITY: | Los Angeles | DATE: | January 24, 2008 |
| TELEPHONE No.: | (212) 443-3000 | | |
| FACSIMILE No.: | (212) 443-3100 | | |
| FROM: | Paul M. Eckles | FLR/RM: | 33-322 |
| REFERENCE No.: | 962000 | DIRECT DIAL: | (212) 735-2578 |
| TOTAL NUMBER OF PAGES INCLUDING COVER(S): | | | 2 |

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

MESSAGE:

EXHIBIT _____9_____

PAGE _____76_____

# EXHIBIT 10

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   January 24, 2008

**NUMBER OF PAGES, INCLUDING COVER:** *11*

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria G. Diaz<br>**Allred, Maroko & Goldberg** | (323) 653-6530 | (323) 653-1660 |
| Thomas J. Nolan<br>**Skadden, Arps, Slate, Meagher & Flom, LLP** | (213) 687-5000 | (213) 687-5600 |
| Michael H. Page<br>**Keker & Van Nest** | (415) 391-5400 | (415) 397-7188 |
| Mark E. Overland<br>**Overland Borenstein Scheper & Kim, LLP** | (213) 613-4655 | (213) 613-4656 |

**FROM:**   James Webster

**RE:**   Bryant v. Mattel, Case No. CV 04-9049 SGL

**MESSAGE: PLEASE SEE ATTACHED.**



07209/2364862.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Yalonda Dekle - 3rd Fl. | ☐ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | *Priscilla* | | CONFIRMED?   ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**EXHIBIT** *10*

**PAGE** *77*

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

J ob number       : 436          *** SEND SUCCESSFUL ***

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**       January 24, 2008

**NUMBER OF PAGES, INCLUDING COVER:** // 

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria G. Diaz<br>Allred, Maroko & Goldberg | (323) 653-6530 | (323) 653-1660 |
| Thomas J. Nolan<br>Skadden, Arps, Slate, Meagher & Flom, LLP | (213) 687-5000 | (213) 687-5600 |
| Michael H. Page<br>Keker & Van Nest | (415) 391-5400 | (415) 397-7188 |
| Mark E. Overland<br>Overland Borenstein Scheper & Kim, LLP | (213) 613-4655 | (213) 613-4656 |

**FROM:**       James Webster

**RE:**       Bryant v. Mattel, Case No. CV 04-9049 SGL

**MESSAGE: PLEASE SEE ATTACHED.**

---

07209/2364692.1

| CLIENT #   7209 | ROUTE/<br>RETURN TO: Yalonda Dekle - 3rd Fl. | ☐ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: Priscilla | CONFIRMED?   ☐ NO   ☐ YES: |  |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT _____10_____

PAGE _____78_____

## Group Send Report

```
Page        : 001
Date & Time: 01-24-2008   09:56
Line 1      : 2134433100
Line 2      :
Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 436 |
| Date | : | 01-24  09:49 |
| Number of pages | : | 011 |
| Start time | : | 01-24  09:49 |
| End time | : | 01-24  09:56 |

Successful nbrs.

Fax numbers

☎1+13236531660
☎1+12136875600
☎1+14153977188
☎1+12136134656

Unsuccessful nbrs.                                                          Pages sent

EXHIBIT _____10_____

PAGE_____79_____

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 24, 2008

**VIA FACSIMILE**

Maria G. Diaz, Esq.
Allred, Maroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles, California 90048

Mattel, Inc. v. Bryant, Case No. CV 04-9059 SGL (RNBx)

Dear Counsel:

I write to request a meeting of counsel pursuant to Local Rule 37-1 and paragraph 5 of the Discovery Master's Order in this case. For your convenience, I am attaching a copy of that Order.

I received your letter faxed to me yesterday -- and copied to counsel for MGA and Bryant -- unilaterally canceling the deposition of your clients Ana Cabrera and Beatriz Morales. As you know, these depositions were to take place today, January 24, 2008, and Friday, January 25, 2008, pursuant to duly served subpoenas.

Please let me know when you are available to meet and confer. Unless the deposition dates are immediately rescheduled, please be advised that Mattel will move to compel the depositions.

EXHIBIT ___10___

PAGE ___80___

**quinn emanuel urquhart oliver & hedges, llp**

07209/2365238.1

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212 849 7000 FAX 212 849 7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415 875 6600 FAX 415 875 6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650 801 5000 FAX 650 801 5100

Finally, based on your letter of January 22, 2007, Mattel assumes that your firm will accept service of future subpoenas on behalf of your clients. Please let us know immediately if this is incorrect.

Very truly yours,

James Webster (csn)

James J. Webster

JJW:csn
07209/2365238.1

Encls.

cc:     Thomas J. Nolan, Esq.
        Mark E. Overland, Esq.
        Michael H. Page, Esq.

2

EXHIBIT    10

PAGE       81

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100
7  Attorneys for Mattel, Inc.

8  [Additional counsel listed on following page]

9

10                    UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12  CARTER BRYANT, an individual,           )  Case No. CV 04-09049 SGL (RNBx)
                                            )
13                  Plaintiff,              )  Consolidated with
                                            )  Case No. CV 04-09059
14          v.                              )  Case No. CV 05-02727
                                            )
15  MATTEL, INC., a Delaware                )  STIPULATION FOR APPOINTMENT
    corporation,                            )  OF A DISCOVERY MASTER; AND
16                                          )
                    Defendant.              )  [PROPOSED] ORDER
17                                          )
                                            )  Discovery Cutoff Date:  Not Set
18  _____         Trial Date:  Not Set

19

20

21

22

23

24

25

26                                          EXHIBIT ___10___

27                                          PAGE ___82___

28

Case No. CV 04-09049 SGL (RNBx)
STIPULATION FOR APPOINTMENT OF A DISCOVERY...

LITTLER MENDELSON
    Robert F. Millman (Bar No. 062152)
    Douglas A. Wickham (Bar No. 127268)
    Keith A. Jacoby (Bar No. 150233)
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Telephone:  (310) 553-0308
Facsimile:  (310) 553-5583

Attorneys for Carter Bryant

O'MELVENY & MYERS LLP
    Diana M. Torres (Bar No. 162284)
400 S. Hope Street
Los Angeles, California 90017
Telephone:  (213) 430-6000
Facsimile:  (213) 430-6407

O'MELVENY & MYERS LLP
    Dale Cendali
Times Square Tower
7 Times Square
New York, NY 10036

CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
    Patricia Glaser (Bar No. 55668)
10250 Constellation Boulevard - 19th Floor
Los Angeles, CA 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for MGA Entertainment, Inc.

EXHIBIT ___10___

PAGE ___83___

1    WHEREAS, the parties are in agreement that a discovery master should be
2 appointed in this matter to resolve any discovery disputes and to minimize the
3 burden on the Court; and

4    WHEREAS, the parties have agreed upon a nominee, Hon. Edward A. Infante
5 (Ret.), and he has agreed to serve as a discovery master in this matter;

6    NOW, THEREFORE, to facilitate the fair and efficient completion of pre-
7 trial discovery, the parties Mattel, Inc. and Carter Bryant and MGA Entertainment,
8 Inc., by and through their respective counsel of record, hereby stipulate and agree as
9 follows:

10    1.    The Discovery Master shall be appointed to assure and provide cost-
11 effective discovery and to minimize the burden of discovery disputes upon the
12 Court. Any and all discovery motions and other discovery disputes in the above
13 captioned action shall be decided by a master ("Discovery Master") pursuant to
14 Federal Rule of Civil Procedure 53. Any motions currently pending before
15 Magistrate Judge Block shall be transferred to the Discovery Master. The moving
16 party shall provide to the Discovery Master all papers associated with each pending
17 motion.

18    2.    The Discovery Master shall be Hon. Edward A. Infante (Ret.). His
19 business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA
20 94111.

21    3.    Judge Infante shall serve as the Discovery Master until all issues herein
22 have been finally disposed of or determined, or until he shall withdraw in
23 accordance with applicable law. If at any time he becomes unable to serve as the
24 Discovery Master, the parties shall confer to present an alternative agreed-upon
25 designee to the Court. In the event that the parties cannot agree to an alternate
26 designee, then the Court shall appoint a Discovery Master.

27    4.    The Discovery Master shall have the authority to set the date, time, and
28 place for all hearings determined by the Discovery Master to be necessary; to

EXHIBIT _____ 10

PAGE _____ 85

1  preside over hearings (whether telephonic or in-person); to take evidence in

2  connection with discovery disputes; to issue orders resolving discovery motions

3  submitted to the Discovery Master; to conduct telephonic conferences to resolve

4  discovery disputes arising during depositions; to issue orders awarding non-

5  contempt sanctions, including, without limitation, the award of attorney's fees, as

6  provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and

7  recommendations, as appropriate.

8       5.    All discovery disputes shall be resolved by motion (except those arising

9  during a deposition which the Discovery Master determines can be resolved by

10 telephonic conference during the deposition).  The moving party shall first identify

11 each dispute, state the relief sought, and identify the authority supporting the

12 requested relief in a meet and confer letter that shall be served on all parties by

13 facsimile or electronic mail.  The parties shall have five court days from the date of

14 service of that letter to conduct an in-person conference to attempt to resolve the

15 dispute.  If the dispute has not been resolved within five court days after such

16 service, the moving party may seek relief from the Discovery Master by formal

17 motion or letter brief, at the moving party's option.  The opposing party shall have

18 five court days from the date of service of the motion or letter brief to submit a

19 formal opposition or response.  Any reply brief or letter brief shall be served within

20 three court days from the date of service of a formal opposition or response.  The

21 hearing on the motion shall take place within five court days of the service of any

22 reply brief or letter unless (a) the parties agree to another hearing date or agree that

23 no hearing is necessary; (b) the Discovery Master determines that no hearing is

24 necessary; or (c) the Discovery Master is not available, in which case the hearing

25 shall take place on the Discovery Master's first available date.  The foregoing shall

26 not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from

27 seeking the Discovery Master's immediate resolution of a dispute or resolution of a

28 dispute upon shortened time upon a showing of good cause why a party would be

EXHIBIT _____ _10_

PAGE __85__

1  prejudiced absent prompt resolution.  Service of any document by fax or electronic
2  mail prior to 6:00 p.m. shall constitute service on that day.

3    6.    The Discovery Master's orders resolving discovery disputes, reports, or
4  recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a
5  Magistrate Judge of the United States District Court.  The Discovery Master shall
6  file each order, report, or recommendation pursuant to Rule 53(e) or (f) and serve
7  the parties within five court days of his/her decision on a matter.

8    7.    A court reporter shall transcribe any hearing or other proceeding before
9  the Discovery Master.

10    8.    The cost of any proceeding before the Discovery Master, including the
11  fees of the Discovery Master, the fees of court reporters who transcribe hearings or
12  other proceedings before the Discovery Master, and the fees of any other person
13  necessary to the efficient administration of the proceeding before the Discovery
14  Master, shall be paid one-half by Mattel, Inc., and one-half by MGA Entertainment,
15  Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure,
16  the Discovery Master Orders otherwise.  By agreeing to share costs among the
17  parties, no party waives its right to seek recovery or reimbursement for such costs
18  from any other party.

19    9.    The Discovery Master shall be compensated according to his regular
20  hourly rate of $750.

21    10.    Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery
22  Master shall proceed with all reasonable diligence.

23    11.    Based on an affidavit filed by Hon. Edward A. Infante pursuant to
24  28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not
25  aware that he has a relationship to the parties, to counsel, to the action, or to the
26  Court that would require disqualification of a judge under 28 U.S.C. § 455, and
27  based thereon the parties expressly waive any ground for disqualification disclosed
28  therein of Hon. Edward A. Infante to serve as master in these proceedings.

EXHIBIT _____ ___

PAGE _____

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1    12.    The Discovery Master shall not have ex parte communications with ~~the~~
2    ~~Court,~~ a party or counsel.

3    13.    The Discovery Master shall preserve and maintain all documents and
4    materials submitted by the parties as well as all orders, reports, and
5    recommendations issued by the Discovery Master.  These documents, materials,
6    orders, reports and recommendations shall be the record of the Discovery Master's
7    activities, and shall be maintained in chronological order until the Discovery Master
8    is informed by the parties that all issues herein have been finally disposed of and
9    determined.

10    14.    The Discovery Master is hereby authorized to receive and consider
11    information and documents designated "CONFIDENTIAL" and "CONFIDENTIAL-
12    ATTORNEYS EYES ONLY" pursuant to the January 4, 2005 Stipulated Protective
13    Order.  The Discovery Master agrees to be bound by the January 4, 2005 Order.

14    15.    All third parties subject to discovery requests or deposition in this
15    litigation shall be bound by the terms of this Stipulation and Order.

16

17   Dated: November 22, 2006            O'MELVENY & MYERS LLP

18

19                                       By:
20                                          Diana Torres
                                         Attorneys for MGA Entertainment, Inc.
21

22   Dated:  November 29, 2006           LITTLER MENDELSON

23

24                                       By:
25                                          Douglas A. Wickham
                                         Attorneys for Carter Bryant
26

27

28

- 6 -

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

EXHIBIT ___10___

PAGE ___87___

1 | Dated: ~~November~~ December 4, 2006

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

3

4 | By: _Jon D Corey_
Jon D. Corey
Attorneys for Mattel, Inc.

5

6 | ### ORDER

7 | The foregoing Stipulation for Appointment of a Discovery Master is SO

8 | ORDERED *as modified.*

9

10 | Dated: ___12-6-06.___          ___S G Larson___

11 | Hon. Stephen G. Larson
United States District Court Judge

12

13

14 | ### CONSENT OF DISCOVERY MASTER

15 | If appointed by the Court, I, the undersigned, consent to serve as Discovery

16 | Master in the above referenced proceeding consistent with this Order.

17

18 | Dated: ___12-5-06___          ___Edward A Infante___

Hon. Edward A. Infante (Ret.)

19

20

21

22

23

24

25

26

27 | **EXHIBIT** _10_

28 | **PAGE** _88_

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

-7-

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

1  **STATE OF CALIFORNIA )**
   **COUNTY OF LOS ANGELES )**
2

3      I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.
4

5      On December 5, 2006, I served the foregoing document described as **STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND [PROPOSED ORDER** on  all interested parties in this action.
6

7  **Keith A. Jacoby, Esq.**                    **Diana M. Torres, Esq.**
   **Douglas Wickham, Esq.**                    **O'Melveney & Meyers**
   **Littler Mendelson**                        400 S. Hope Street
8  **A Professional Corporation**               Los Angeles, CA 90071
   2049 Century Park East, 5th Floor            Phone: 213-430-6000
9  Los Angeles, California 90067-3107           **Fax: 213-430-6407**
   Phone: 310-553-0308
10 **Fax: 310-553-5583**

11

12 [ ]  By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed as follows:
13

14 **[X]    BY MAIL**

15 [ ]  I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

16 [ ]  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal
17    service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is
18    presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

19 [ ]  **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)
20    set forth above on this date.

21 [ ]  **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

22 Executed on December 5, 2006, at Los Angeles, California.

23 [ ]  (State) I declare under penalty of perjury under the laws of the State of California that the
       above is true and correct.

24 [X]  (Federal) I declare that I am employed in the office of a member of the bar of this court at
       whose direction the service was made.
25

26
   ___Cheri Hatch___                            _____
27 Print Name                                   Signature

28                                              EXHIBIT ____10____

                                                PAGE ____89____

# EXHIBIT 11

## Cyrus Naim

| | |
|---|---|
| **From:** | James Webster |
| **Sent:** | Friday, January 25, 2008 4:52 PM |
| **To:** | 'pmeckles@skadden.com' |
| **Cc:** | Michael T Zeller; Jon Corey |
| **Subject:** | Paul - I am following up on the voicemail I just left for you |

I refer to your letter of January 24, 2008 to Jon Corey, in which you state that "we regard all these depositions as "off" for the time being." This includes Maria Salazar's deposition, which as you know is scheduled for this coming Monday. It is now Friday evening. We have had no communication from Salazar or any attorney that may be representing her to the effect that she will not be appearing. If you have any knowledge as to whether she is represented by counsel, and/or whether she is intending to appear for the deposition, we request that you please let us know as soon as possible.

Please be aware that Mattel does not recognize MGA's power to simply cancel a deposition which has been properly noticed and for which the deponent has been served. Mattel must reserve its rights to recover its costs and fees associated with MGA's unilateral action.

Thank you.


James Webster
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3132
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: jameswebster@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT ___11___

PAGE ___90___

1/28/2008

# EXHIBIT 12

**Cyrus Naim**

**REDACTED**

```
----- Original Message -----
From: Eckles, Paul M <Paul.Eckles@skadden.com>
To: James Webster
Cc: Michael T Zeller; Jon Corey
Sent: Sun Jan 27 14:17:16 2008
Subject: RE: Paul - I am following up on the voicemail I just left for you
```

We are representing Maria Salazar.  She will not be appearing for a deposition tomorrow.
To make sure we are on the same page, could you please email me a list of the depos that
you understand to be going forward tomorrow?

```
From: James Webster [mailto:jameswebster@quinnemanuel.com]
Sent: Friday, January 25, 2008 7:52 PM
To: Eckles, Paul M (NYC)
Cc: Michael T Zeller; Jon Corey
Subject: Paul - I am following up on the voicemail I just left for you
```

I refer to your letter of January 24, 2008 to Jon Corey, in which you state that "we
regard all these depositions as "off" for the time being." This includes Maria Salazar's
deposition, which as you know is scheduled for this coming Monday. It is now Friday
evening.  We have had no communication from Salazar or any attorney that may be
representing her to the effect that she will not be appearing. If you have any knowledge
as to whether she is represented by counsel, and/or whether she is intending to appear for
the deposition, we request that you please let us know as soon as possible.

Please be aware that Mattel does not recognize MGA's power to simply cancel a deposition
which has been properly noticed and for which the deponent has been served.  Mattel must
reserve its rights to recover its costs and fees associated with MGA's unilateral action.

Thank you.

EXHIBIT _____ /2

PAGE _____ 9/

1

James Webster
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3132
Main Phone: (213) 443-3000
Main Fax:   (213) 443-3100
E-mail:  jameswebster@quinnemanuel.com <mailto:ujameswebster@quinnemanuel.com>
Web:  www.quinnemanuel.com <blocked::http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and
confidential use of the recipient(s) named above.  This message may be an attorney-client
communication and/or work product and as such is privileged and confidential.  If the
reader of this message is not the intended recipient or agent responsible for delivering
it to the intended recipient, you are hereby notified that you have received this document
in error and that any review, dissemination, distribution, or copying of this message is
strictly prohibited.  If you have received this communication in error, please notify us
immediately by e-mail, and delete the original message.


-----------------------------------------------------------------------------
*************************************************** To ensure compliance with Treasury
Department regulations, we advise you that, unless otherwise expressly indicated, any
federal tax advice contained in this message was not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal
Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing
or recommending to another party any tax-related matters addressed herein.
***************************************************
*************************************************** This email and any attachments
thereto, is intended only for use by the addressee(s) named herein and may contain legally
privileged and/or confidential information. If you are not the intended recipient of this
email, you are hereby notified any dissemination, distribution or copying of this email,
and any attachments thereto, is strictly prohibited. If you receive this email in error
please immediately notify me at (212) 735-3000 and permanently delete the original copy
and any copy of any email, and any printout thereof. Further information about the firm, a
list of the Partners and their professional qualifications will be provided upon request.
***************************************************
=============================================================================

EXHIBIT __12__

PAGE __92__

2

# EXHIBIT 13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.   CV 04-09049 SGL(RNBx)                    Date: January 7, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS
=================================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

         Jim Holmes                              Theresa Lanza
         Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER              ATTORNEYS PRESENT FOR MATTEL:
BRYANT: **Christa Martine Anderson**      **John B. Quinn and Michael T. Zeller**

ATTORNEYS PRESENT FOR MGA:                ATTORNEY PRESENT FOR CARLOS
**Thomas J. Nolan**                       GUSTAVO MACHADO GOMEZ:
**Carl A. Roth**                          **Mark E. Overland**
**Anna Park**
                                          ATTORNEY PRESENT FOR NON-PARTY
ATTORNEY PRESENT FOR NON-                 STERN & GOLDBERG: **Kien C. Tiet**
PARTIES ANA ELISE CLOONAN,
MARGARET HATCH-LEHY, AND                  ATTORNEY PRESENT FOR NON-PARTY
VERONICA MARLOW: **Larry W.**             KAYE SCHOLER, LLP: **Bryant S. Delgadillo**
**McFarland**

PROCEEDINGS:   **ORDER GRANTING IN PART AND DENYING IN PART**
               **MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL**
               **DISCOVERY (DOCKET #1134)**

               **ORDER GRANTING MOTION TO ENFORCE THE COURT'S**
               **ORDER OF AUGUST 27, 2007, AND DENYING REQUEST FOR**
               **SANCTIONS (DOCKET #1143)**

MINUTES FORM 90                                    Initials of Deputy Clerk: jh
CIVIL -- GEN                      1                Time: 1/30

EXHIBIT ___13___

PAGE ___93___

**ORDER GRANTING MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)**

**ORDER GRANTING CARTER BRYANT AND MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)**

These matters were heard on January 7, 2008. The Court rules as set forth below.

To the extent that this Order decides issues more properly decided by the Discovery Master and/or preempts issues currently pending before the Discovery Master, it does so only to resolve those issues in the most expeditious manner possible. As the Court's order appointing the Discovery Master requires, any and all discovery disputes must be presented to the Discovery Master for his resolution.

**MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY (DOCKET #1134)**

This motion is **GRANTED IN PART**. Leave to take additional depositions and propound additional interrogatories are granted to the extent they are consistent with Fed. R. Civ. P. 26(b)(2). See Fed. R. Civ. P. 30(a)(2)(A) (depositions), 33(a) (interrogatories). Rule 26(b)(2) requires a Court to limit discovery where it is unreasonably cumulative or duplicative; where it can be obtained from a more convenient, less burdensome, or less expensive source; where a party has already had ample opportunity to obtain information from discovery; where the burden or the expense of the requested discovery outweighs its likely benefit, taking into account the factors of the parties' resources, the importance of the issues at stake, and the importance of the requested discovery in resolving these issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Considering this standard, the Court concludes that Mattel has shown good cause to grant additional discovery given the complexity of this case, the number of parties, recent developments related to the substitution of counsel, the concerns regarding retention and spoliation of evidence, and the delay in receiving paper

MINUTES FORM 90
CIVIL -- GEN                                      2

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT  13
PAGE  94

discovery caused by numerous discovery disputes and a Court-imposed stay
requested by MGA upon substitution of counsel. Specifically, the Court grants
Mattel's request to take the individual depositions relating to the Bratz claims (set
forth in the moving papers at 9-11) and relating to the trade secret and RICO claims
(set forth in the moving papers at 13). Mattel may serve the notices of deposition
and propound the interrogatories attached to the moving papers as Exs. A - C.
Additionally, the parties must answer Mattel's previously propounded interrogatories
to which the sole objection raised was that those interrogatories exceeded the
allowable number of interrogatories.

The Court has heretofore refrained from bifurcating discovery relating to Phase
1 and Phase 2, believing that such an action is fraught with the potential of
unnecessarily compounding discovery disputes in a case already predisposed to
such disputes. Nevertheless, in light of the additional discovery permitted by this
Order, and to the extent that counsel for the parties who are asserting or defending
against claims to be tried in Phase 2 of the trial are in agreement, the Court will
consider a stipulation of those parties that designates certain depositions as "Phase
2" depositions that may be conducted during the month of February, if counsel can
assure the Court that such depositions can be so conducted without altering the
Court's pretrial schedule regarding Phase 1.

Conversely, in light of the standard of review employed regarding the
Discovery Master's orders, the Court **DENIES** that portion of Mattel's motion that
seeks additional time in which to depose Carter Bryant. The Court cannot say that
the Discovery Master's order allowing an additional nine hours to depose Carter
Bryant is contrary to law based on the Discovery Master's unchallenged factual
findings.

## MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND REQUEST FOR SANCTIONS (DOCKET #1143)

This motion is **GRANTED**. The Court's order clearly applied to "all parties."
No party sought relief therefrom or clarification of the Court's order.

As prepared in purported compliance with the Court's order, the affidavit of
Carlos Gustavo Machado Gomez is inadequate as it lacks facts and relies instead
on conclusory language. Machado must file an affidavit that complies with the

EXHIBIT _/3_
PAGE_ 95_

Court's order as set forth below.

Carter Bryant has refused to comply with the Court's order and has not filed the required affidavit.

Both these parties must file, on or before January 15, 2008, an affidavit setting forth a factual description of their preservation efforts, policies, customs, and/or practices with respect to potentially discoverable documents related to the present litigation. The failure of these parties to comply with this Order will result in the imposition of contempt sanctions to coerce their compliance.

The Court **DENIES** Mattel's request for costs and sanctions.

## MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

This motion is **DENIED**. The Court's order referred to the Discovery Master any and all discovery disputes, including those involving third parties.

Although the parties stipulated to the Discovery Master, that stipulation was entered as the Court's order, and as such, all parties are subject to that order unless relieved from it upon proper motion.

The order was entered as a valid Rule 53(a)(1)(C) order, not requiring the consent of any party or nonparty. Machado has not convinced the Court that, as a subsequently added party, he was required to be given the opportunity to object to the order before it could be applied to him. See Fed. R. Civ. P. 53(b)(1) (requiring notice and opportunity to be heard prior to the appointment of a special master). Importantly, Machado could have, but did not, seek relief from this order within a reasonable amount of time after he became a party to this case. Furthermore, the Court does not find any basis to exclude Machado from the reach of the Court's order appointing the Discovery Master pursuant to his present objections.

## DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

Carter Bryant and the MGA defendants may depose the ten individuals set

MINUTES FORM 90
CIVIL -- GEN

4

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT __13__

PAGE __96__

forth in their moving papers.  The testimony of all Rule 30(b)(6) witnesses "count" as only one deposition for purposes of determining the total number of depositions conducted by each side.

Carter Bryant and the MGA defendants are not relieved of the requirement that they serve subpoenas on all these deponents other than the current officers of Mattel (represented to the Court to be Tim Kilpin, Kevin Farr, and Evelyn Viohl).  To the extent that Mattel has made prior written agreements to produce deponents who are under its control, it is expected to do so.

As to all the depositions permitted by this Order, all counsel are expected to coordinate their schedules with those of the deponents such that the depositions are held prior to the discovery cutoff date of January 28, 2008.  However, as set forth above in connection with Mattel's motion to take additional discovery, Phase 2 depositions may be taken in February pursuant to a Court-approved stipulation.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT __13__

PAGE __97__

# EXHIBIT 14

1                    UNITED STATES DISTRICT COURT

2                   CENTRAL DISTRICT OF CALIFORNIA

3                          EASTERN DIVISION

4                            - - -

5          HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                            - - -

7    CARTER BRYANT, ET. AL.,          )
                                      )
8                     PLAINTIFFS,     )
                                      )
9          VS.                        )  NO. ED CV 04-09049
                                      )  (LEAD LOW NUMBER)
10   MATTEL, INC., ET. AL.,           )
                                      )
11                    DEFENDANTS.     )  MOTIONS
                                      )
12   AND CONSOLIDATED ACTIONS,        )
                                      )
13   _____)

14

15            REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                   RIVERSIDE, CALIFORNIA

17                 MONDAY, JANUARY 7, 2008

18                       10:11 A.M.

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
              FEDERAL OFFICIAL COURT REPORTER
24               3470 12TH STREET, RM. 134
              RIVERSIDE, CALIFORNIA  92501
25                   951-274-0844
              CSR11457@SBCGLOBAL.NET

CERTIFIED COPY

EXHIBIT _14_

PAGE _98_

```
 1   APPEARANCES:

 2   ON BEHALF OF CARTER BRYANT:

 3                        KEKER & VAN NEST
                         BY:  CHRISTA M. ANDERSON
 4                        710 SANSOME STREET
                         SAN FRANCISCO, CALIFORNIA  94111-1704
 5                        415-391-5400

 6
     ON BEHALF OF MATTEL:
 7
                         QUINN EMANUEL
 8                        BY:  JOHN QUINN
                         BY:  MICHAEL T. ZELLER
 9                        865 S. FIGUEROA STREET,
                         10TH FLOOR
10                        LOS ANGELES, CALIFORNIA  90017
                         213-624-7707
11

12   ON BEHALF OF MGA ENTERTAINMENT:

13                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                         BY:  THOMAS J. NOLAN
14                        BY:  CARL ALAN ROTH
                         BY:  AMY S. PARK
15                        300 SOUTH GRAND AVENUE
                         LOS ANGELES, CALIFORNIA  90071-3144
16                        213-687-5000

17
     ON BEHALF OF GUSTAVO MACHADO:
18
                         OVERLAND BORENSTEIN COTE & KIM LLP
19                        BY:  MARK E. OVERLAND
                         300 SOUTH GRAND AVENUE
20                        SUITE 2750
                         LOS ANGELES, CALIFORNIA  90071
21                        213-613-4660

22

23

24   / / /

25   / / /
```

EXHIBIT _14_

PAGE _99_

JANUARY 7, 2008                    BRYANT VS. MATTEL

```
 1    APPEARANCES (CONT'D):

 2

 3    ON BEHALF OF NON-PARTY KAYE SCHOLER:

 4                        KAYE SCHOLER LLP
                          BY:  BRYANT S. DELGADILLO
 5                        1999 AVENUE OF THE STARS
                          SUITE 1600
 6                        LOS ANGELES, CALIFORNIA  90067-6048
                          310-788-1341
 7

 8    ON BEHALF OF NON-PARTY STERN & GOLDBERG:

 9                        STERN & GOLDBERG:
                          BY:  KIEN C. TIET
10                        6345 BALBOA BOULEVARD,
                          SUITE 200
11                        ENCINO, CALIFORNIA  91316
                          818-758-3940
12

13    ON BEHALF OF NON-PARTY FARHAD LARIAN:

14                        CHRISTENSEN, GLASER, FINK,
                            JACOBS, WEIL & SHAPIRO, LLP
15                        BY:  ALISA MORGENTHALER LEVER
                          10250 CONSTELLATION BOULEVARD
16                        LOS ANGELES, CALIFORNIA  90067
                          310-553-3000
17

18    ON BEHALF OF DEFENDANTS CLOONAN, MARLOW,
      HALPERN, LEAHY, AND ARONT:
19
                          KEATS MCFARLAND & WILSON, LLP
20                        BY:  LARRY W. MCFARLAND
                          9720 WILSHIRE BOULEVARD
21                        BEVERLY HILLS, CALIFORNIA  90212
                          310-777-3750
22

23

24                                      EXHIBIT  14

25                                      PAGE  100
```

```
 1   TELL WHETHER OR NOT IT'S PHASE ONE OR PHASE TWO?'

 2           THAT ISSUE IS REMOVED BECAUSE OF THE HARD DISCOVERY

 3   STAY ON JANUARY 28TH.  IF WE FOCUS ALL ON PHASE ONE --

 4           THE COURT:  LET ME HEAR MR. QUINN'S RESPONSE TO YOUR

 5   PROPOSAL.  AND I DON'T MEAN TO MOVE YOU ALONG HERE, BUT WE HAVE     10:4

 6   TO MOVE YOU ALONG.

 7           MR. QUINN, WHAT'S YOUR THOUGHT ON --

 8           MR. QUINN:  YOUR HONOR, BECAUSE I'M NOT INTIMATELY

 9   FAMILIAR WITH THE MATTERS THAT ARE TEED UP BEFORE JUDGE INFANTE

10   ON THAT PORTION AND THE IDEA THAT BE DEFERRED TO MAGISTRATE         10:4

11   BLOCK, I'D LIKE TO DEFER THAT TO MR. ZELLER.

12           BUT BEFORE I DO THAT, IF I COULD RESPOND TO THE

13   PROPOSAL.

14           THE COURT:  PLEASE.

15           MR. QUINN:  WHAT I'M HEARING IS THAT MR. NOLAN IS           10:4

16   PREPARED, IF WE REALLY NEED IT, TO GIVE US THREE MORE

17   DEPOSITIONS ON PHASE ONE TOPICS.

18           THE COURT:  I DON'T THINK HE'S LOCKED INTO THREE.  I

19   THINK HE WAS USING THREE AS AN EXAMPLE.  BUT I THINK WHAT HE'S

20   RELUCTANT TO DO IS GIVE YOU A BLANK CHECK.                          10:4

21           WHAT I'M HEARING IS THAT IF YOU CAN IDENTIFY THOSE

22   PARTICULAR DEPOSITIONS OR THAT PARTICULAR DISCOVERY THAT YOU

23   NEED TO COMPLETE THE PHASE ONE DISCOVERY -- AND I DO ACCEPT THE

24   NOTION THAT WE'RE AT A DIFFERENT POINT NOW THAN WE WERE SEVERAL

25   MONTHS AGO IN TERMS OF BEING ABLE TO IDENTIFY WHAT IS PHASE ONE     10:4
```

EXHIBIT __14__

```
 1   AND PHASE TWO.  I MEAN, WE SHOULD BE NEARING THE END.  YOU

 2   SHOULD HAVE A PRETTY CLEAR SENSE OF WHAT YOU NEED TO TRY YOUR

 3   CASE AND WHAT THEY NEED TO TRY THEIR CASE.

 4          MR. QUINN:  RIGHT.

 5          THE COURT:  I THINK WE SHOULD BE AT A POINT WHERE        10:4

 6   PEOPLE OF THE CALIBER THAT ARE GATHERED HERE SHOULD BE ABLE TO

 7   SAY, 'THIS IS WHAT WE NEED TO PIN DOWN BEFORE WE CAN GO TO

 8   TRIAL.'  AND YOU NEED SOME MORE; THEY NEED SOME MORE; LET'S GET

 9   THAT DONE.

10          THAT SUGGESTION IS SOMETHING THAT RESONATES WITH THE     10:4

11   COURT QUITE WELL.  IT REQUIRES THE LEVEL OF MATURITY THAT IS

12   NOT ALWAYS PRESENT IN LITIGATION, BUT I TRUST IS PRESENT IN

13   THIS COURTROOM.

14          MR. QUINN:  YOUR HONOR, I THINK THERE IS SOME WISDOM

15   THERE.  THE DEVIL IS IN THE DETAILS.                           10:4

16          THE COURT:  AS ALWAYS.

17          MR. QUINN:  LET ME SAY THAT JUST, FOR EXAMPLE, THE

18   WEEK BEFORE LAST, WE TOOK -- AND THIS IS SOMETHING THAT

19   HAPPENED SINCE THIS MOTION WAS FILED -- WE TOOK THE DEPOSITION

20   OF A PERSON NAMED VERONICA MARLOW, WHO IS THEIR VENDOR FOR      10:4

21   FASHION DESIGN FOR BRATZ, AND LEARNED IN THE COURSE OF THAT

22   DEPOSITION THAT THREE MATTEL EMPLOYEES OTHER THAN CARTER BRYANT

23   HAVE BEEN WORKING ON BRATZ FOR YEARS.  THAT WAS THE TESTIMONY.

24          THIS WAS NEWS TO US.

25          MOREOVER, SHE TESTIFIED THAT SHE HAD A CONVERSATION      10:4
```

EXHIBIT ___14___

1    WITH AN MGA EXECUTIVE ABOUT THIS, WHERE SHE REFUSED TO ANSWER

2    POINTED QUESTIONS ABOUT WHETHER THERE WAS SOMEBODY ELSE AT

3    MATTEL WORKING ON THIS.

4         I SUBMIT, YOUR HONOR, THAT IS BLOCKBUSTER TESTIMONY,

5    IN OUR VIEW.  WE THOUGHT THIS WAS JUST CARTER BRYANT; SO        10:4

6    THERE'S THREE EMPLOYEES, TWO OF WHICH ARE FORMER EMPLOYEES NOW,

7    AND THIS EXECUTIVE, MEL WOODS -- HIS NAME ISN'T EVEN IN THIS

8    LIST THAT WE'VE SUBMITTED -- THAT I THINK WE NEED TO TAKE THEIR

9    DEPOSITIONS.

10        NOW, MR. NOLAN BANDIED ABOUT THE NUMBER OF 50.  THE        10:4

11   NUMBER ISN'T 50.  WE'VE LISTED THE DEPOSITIONS IN OUR PROPOSED

12   FORM OF ORDER THAT WE SUBMITTED TO THE COURT.  I DO THINK WE

13   COULD SIT DOWN AND SAY THIS GROUP -- AND MOST OF THEM ARE -- IS

14   TRULY JUST PHASE TWO.  THERE'S GOING TO BE A SIGNIFICANT

15   CATEGORY THAT ARE BOTH PHASE ONE AND PHASE TWO, AND THEN THERE   10:4

16   WILL BE SOME SMALLER NUMBER WHICH ARE PHASE ONE ALONE.

17        THE COURT:  THIS IS HELPFUL IN TERMS OF THE COURT

18   FASHIONING AN ORDER FOR THIS MOTION.

19        MR. QUINN:  IN TERMS OF MR. BRYANT, YOUR HONOR, AND

20   WHAT HAPPENED LAST FALL -- AND COUNSEL FOR MR. BRYANT SAID SHE   10:4

21   DIDN'T HAVE ANYTHING BEFORE HER ABOUT THE ORDER THAT THE COURT

22   ENTERED.  WE RAISED THIS IN OUR MOVING PAPERS.  WE CALLED THE

23   COURT'S ATTENTION -- REMEMBER WHEN THEY WERE HERE BEFORE,

24   ASKING TO CUT SOME SLACK FROM THE MAGISTRATE'S ORDER.  IN THE

25   MOVING ORDERS, PAGE 24, WE DISCUSSED THAT, AND AGAIN IN OUR      10:4

EXHIBIT ___14___

```
 1   REPLY PAPERS ON PAGE 11; SO I SUBMIT, WE DID TEE UP THAT ISSUE.

 2   THIS IS AT LEAST AS COMPELLING A SITUATION TO TAKE ANOTHER LOOK

 3   AT WHAT JUDGE INFANTE RULED.

 4        WITH RESPECT TO THE NIECE, THE NIECE HAD HIS

 5   COMPUTER.  WE WENT THROUGH A RUNAROUND TO GET HIS COMPUTER.  WE     10:4

 6   FOUND THIS 'EVIDENCE ELIMINATOR' -- THAT'S THE NAME OF A

 7   PROGRAM; IT'S NOT A GREAT NAME -- ON THE COMPUTER, AND JUST TO

 8   GET ASSURANCE THAT SOMEBODY WASN'T GOING TO SAY -- NOW, TELL ME

 9   I'M BEING TOO DEVIOUS AND OVER THINKING THIS HERE -- THAT

10   SOMEBODY MIGHT SAY THE NIECE PUT 'EVIDENCE ELIMINATOR' ON THE      10:4

11   COMPUTER.  WE TOOK HER DEPOSITION FOR ONE HOUR AND 15 MINUTES;

12   THAT WAS IT.

13        SO IF THE PROPOSITION IS THAT --

14             THE COURT:  A LONG TIME TO ASK A QUESTION.

15             MR. QUINN:  YEAH.                                        10:4

16             THE COURT:  ALL RIGHT.

17             MR. QUINN:  IF THE PROPOSITION IS THAT MR. NOLAN AND

18   I SHOULD SIT DOWN AND FIGURE OUT WHICH ARE TRULY PHASE ONE AND

19   WHICH ARE SORT OF A MIX AND WHICH ARE PHASE TWO AND WE CAN

20   FORGET ABOUT FOR NOW, I'M SURE WE CAN DO THAT.  BUT, AGAIN, I      10:4

21   UNDERSCORE THE IDEA, IT'S NOT GOING TO BE THREE, AND IT'S NOT

22   GOING TO BE TEN; IT'S GOING TO BE MORE THAN THAT THAT WE NEED

23   FOR PHASE ONE.

24             THE COURT:  I'LL TRY TO PROVIDE AS MUCH GUIDANCE AS I

25   CAN IN THE COURT'S ORDER.                                         10:4
```

EXHIBIT __14__

```
 1                          CERTIFICATE

 2

 3    I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
      STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
 4    THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
      ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
 5    CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
      THE UNITED STATES.

 6

 7                                              1-16-08
      _____               _____
 8    THERESA A. LANZA, CSR, RPR                   DATE
      FEDERAL OFFICIAL COURT REPORTER

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                                    EXHIBIT  14
                                      PAGE    105
```

JANUARY 7, 2008                          BRYANT VS. MATTEL

# EXHIBIT 15

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   January 28, 2008

**NUMBER OF PAGES, INCLUDING COVER:**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria G. Diaz<br>Allred Maroko & Goldberg | 323-653-6530 | 323-653-1660 |
| Thomas J. Noland<br>Skadden Arps Slate Meagher & Flom, LLP | 213-687-5000 | 213-687-5600 |
| Michael H. Page<br>Keker & Van Nest | 415-391-5400 | 415-397-7188 |
| Mark E. Overland<br>Overland Borenstein Scheper & Kim, LLP | 213-613-4655 | 213-613-4656 |
| Pierce McDonnell, Esq.<br>O'Donnell & Associates, PC | 213-347-0290 | 213-347-0299 |

**FROM:**   James J. Webster

**RE:**   Bryant v. Mattel, et al.,
Case No. CV-0409094 SGL

JAN 28 2008
EXHIBIT 15
PAGE 106

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Jackie J. Tabor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | Priscilla | CONFIRMED? | ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Job number    : 486          *** SEND SUCCESSFUL ***

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**     January 28, 2008          **NUMBER OF PAGES, INCLUDING COVER:**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria G. Diaz<br>Allred Maroko & Goldberg | 323-653-6530 | 323-653-1660 |
| Thomas J. Noland<br>Skadden Arps Slate Meagher & Flom, LLP | 213-687-5000 | 213-687-5600 |
| Michael H. Page<br>Keker & Van Nest | 415-391-5400 | 415-397-7188 |
| Mark E. Overland<br>Overland Borenstein Scheper & Ki, LLP | 213-613-4655 | 213-613-4656 |
| Pierce McDonnell, Esq.<br>O'Donnell & Associates, PC | 213-347-0290 | 213-347-0299 |

**FROM:**     James J. Webster

**RE:**       Bryant v. Mattel, et al.,
              Case No. CV-0409094 SGL

| CLIENT #: | | ROUTE/<br>RETURN TO: | Jackie J. Tabor | ☐ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | 7209 | | CONFIRMED? | ☐ NO  ☐ YES: |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT _____15_____

PAGE _____107_____

## Group Send Report

```
Page        : 001
Date & Time: 01-28-2008   10:44
Line 1      : 2134433100
Line 2      :
Machine ID  : QUINN EMANUEL
```

| Job number | : | 486 |
|---|---|---|
| Date | : | 01-28  10:40 |
| Number of pages | : | 003 |
| Start time | : | 01-28  10:40 |
| End time | : | 01-28  10:44 |

Successful nbrs.

  Fax numbers

      ☎1+13236531660
      ☎1+12136875600
      ☎1+14153977188
      ☎1+12136134656
      ☎1+12133470299

Unsuccessful nbrs.                                                      Pages sent

**EXHIBIT** _15_

**PAGE** _108_

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 28, 2008

VIA FACSIMILE

Thomas J. Nolan, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

Mark E. Overland, Esq.
Overland Borenstein Scheper & Kim
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071

Pierce O'Donnell, Esq.
O'Donnell & Associates PC
550 South Hope Street, Suite 1000
Los Angeles, CA 90071

Maria G. Diaz, Esq.
Allred, Maroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles, California 90048

Mattel v. Bryant et al.; Ex Parte Application

Dear Counsel:

We refer to defendants' unilateral "cancellation" of the depositions of Ana Cabrera, Beatriz Morales, Maria Salazar, and Mel Woods, all of which were scheduled to be completed by the close of business today. Mattel remains entitled pursuant to the February 2007 Scheduling Order and Judge Larson's January 7, 2008 Order to conduct these depositions. Mattel will file an *ex parte* application before Judge Larson today requesting an Order that the witnesses appear and the depositions to proceed immediately.

EXHIBIT _____15_____

PAGE _____109_____

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 335 Madison Avenue. 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8100
SAN FRANCISCO | 50 California Street. 22nd Floor. San Francisco. California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414

07209/2369276.1

Please let me know by noon whether you oppose the application, the grounds for any opposition, and whether you intend to be present when the application is presented to the Court.

Very truly yours,

James J. Webster

JJW:csn
07209/2369276.1

EXHIBIT ___15___

PAGE ___110___

1          **PROOF OF SERVICE**

2          I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service,
3     1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4     On January 28, 2008, I served true copies of the following document(s) described as **[PUBLIC REDACTED] DECLARATION OF CYRUS S. NAIM IN SUPPORT OF MATTEL, INC.'S**
5     **MOTION TO COMPEL THE APPEARANCE FOR DEPOSITION OF ANA CABRERA, BEATRIZ MORALES, AND MARIA SALAZAR** on the parties in this action as follows:

6
          Maria Diaz
7         **Allred, Maroko & Goldberg**
          6300 Wilshire Blvd.
8         Suite 1500
          Los Angeles, CA 90048
9

10

11
      **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)
12    being served.

13          I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.
14
            Executed on January 28, 2008, at Los Angeles, California.
15

16                                            _____
17                                            NOW LEGAL -- Dave Quintana

18

19

20

21

22

23

24

25

26

27

28

07209/2169461.1

1      **PROOF OF SERVICE**

2          I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen years and not a party to the within action; my business address is Now Legal Service,
3      1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4      On January 28, 2008, I served true copies of the following document(s) described as **MATTEL,
INC.'S** *EX PARTE* **APPLICATION TO COMPEL THE APPEARANCE FOR**
5      **DEPOSITION OF ANA CABRERA, BEATRIZ MORALES, AND MARIA SALAZAR;
AND MEMORANDUM OF POINTS AND AUTHORITIES** on the parties in this action as
6      follows:

7          Maria Diaz
           **Allred, Maroko & Goldberg**
8          6300 Wilshire Blvd.
           Suite 1500
9          Los Angeles, CA 90048

10

11

12     **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)
being served.
13
           I declare that I am employed in the office of a member of the bar of this Court at whose
14     direction the service was made.

15         Executed on January 28, 2008, at Los Angeles, California.

16

17                                         _____
                                           NOW LEGAL -- Dave Quintana
18

19

20

21

22

23

24

25

26

27

28