1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:  (213) 443-3100

8   Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

| | |
|---|---|
| 12   CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13              Plaintiff, | Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| 14        vs. | |
| 15   MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| 16 17              Defendant. | MATTEL, INC.'S *EX PARTE* APPLICATION; (1) TO COMPEL DEPOSITIONS OF DAPHNE GRONICH, JOE TIONGCO, MARIANA TRUEBA, PABLO VARGAS, MGA ENTERTAINMENT, INC. (PURSUANT TO RULE 30(B)(6), AND MGAE DE MEXICO (PURSUANT TO 30(B)(6) AND (2) FOR LEAVE TO TAKE DEPOSITIONS IN FEBRUARY 2008; OR, IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME TO HEAR A MOTION SEEKING THE FOREGOING RELIEF; AND |
| 18 19   AND CONSOLIDATED ACTIONS | |
| 20 | |
| 21 | |
| 22 23 | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| 24 25 | Hearing Date:  N/A Time: N/A Courtroom:  N/A |
| 26 | [Declarations of Jon D. Corey, Timothy Alger, |
| 27 | |
| 28 | |

1  |  Scott B. Kidman, Brian Shore, Rudy Flores, Don
2  |  Wallace, Miguel Leyva, Ryan Jarez, Kenneth Wright, and Christopher E. Price filed concurrently]
3  |
4  |  **Phase 1:**
   |  Discovery Cut-off:      January 28, 2008
   |  Pre-trial Conference:   May 5, 2008
5  |  Trial Date:             May 27, 2008

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1    Mattel, Inc. ("Mattel") will, and hereby does, respectfully apply
2  *ex parte*, pursuant to Local Rule 7-19 and Fed. R. Civ. P. 37, for an order
3  (1) granting Mattel leave to take the depositions of witnesses whose testimony is
4  relevant to Phase 2 issues on or before February 29, 2008, and (2)  compelling Joe
5  Tiongco, Daphne Gronich, Mariana Trueba, Pablo Vargas, MGA
6  Entertainment, Inc., and MGAE de Mexico, to appear for deposition on or before
7  February 29, 2008; or, in the alternative, for an order shortening time to hear a
8  motion seeking such relief.  Mattel brings this motion before this Court, and not
9  before the Discovery Master, because Mattel is seeking to compel compliance with
10 this Court's January 7, 2008 Order granting leave to depose certain witnesses.[1]

11   This application is made on the grounds that--as the Court has already
12 recognized--the witnesses have crucial knowledge concerning the parties' claims
13 and the depositions can be conducted in February without affecting the Court's
14 pretrial schedule for Phase 1 of the trial, set to commence May 27, 2008.  Additional
15 time is required to conduct this discovery because the MGA parties frustrated
16 Mattel's ability to subpoena certain of MGA's employees, moved to quash
17 deposition subpoenas directed to other witnesses, refused to produce two properly
18 subpoenaed witnesses for deposition, and failed or refused to stipulate to allow third
19 parties who could not appear for deposition on or before January 28, 2008, to appear
20 thereafter.  Mattel would be severely prejudiced if this matter were heard according
21 to regularly noticed motion procedures because it would not be able to complete
22 discovery to which it is indisputably entitled.

23   The parties have met and conferred regarding these issues and have
24 been unable to resolve their differences.[2]

---

[1]  The Order explained that the Court seeks to resolve the parties' deposition issues "in the most expeditious manner possible."
[2]  Declaration of Jon D. Corey ("Corey Dec."), ¶¶ 5, 7, 9-13, 17, 20, 24; Exhs. 4, 5, 8, 9, 10, 15, 21, 23 to the Corey Dec.  All exhibits are to the Corey Dec. unless otherwise stated.  Declaration of Christopher E. Price ("Price Dec."), ¶¶ 10-11.

1          This application is based on this Application, the accompanying

2    Memorandum of Points and Authorities, the concurrently filed declarations of

3    Jon D. Corey, Timothy Alger, Scott Kidman, Christopher E. Price, Brian Shore,

4    Rudy Flores, Don Wallace, Miguel Leyva, Ryan Jarez, Kenneth Wright, and Fred

5    Lowe and all pleadings and papers on file with the Court in this action.

6          Pursuant to Local Rule 7-19.1, counsel for Mattel gave notice of this

7    application to counsel for all other parties and the witnesses via telephone and letter

8    on January 27, 2008.

9        Counsel for Carter Bryant is Michael Page of Keker & Van Nest, LLP

10       (telephone: 415-391-5400; address:  710 Sansome Street, San

11       Francisco, CA 94111).  Mr. Bryant opposes the ex parte application.

12

13       Counsel for MGA Entertainment, Inc., MGA Entertainment (HK) Ltd.,

14       MGAE de Mexico and Isaac Larian is Thomas J. Nolan of Skadden,

15       Arps, Slate, Meagher & Flom LLP (telephone: 213-687-5000; address:

16       300 S. Grand Ave., Los Angeles, CA 90071).  The MGA defendants

17       oppose the ex parte application.

18

19       Counsel for Gustavo Machado Gomez is Alexander Cote of Overland

20       Borenstein Scheper & Kim, LLP (telephone: 213-613-4655; address:

21       300 South Grand Avenue, Suite 2750, Los Angeles, CA 90071).

22

23       Larry McFarland of Keats McFarland & Wilson LLP was also provided

24       notice of this application by e-mail and letter  (telephone:  310-248-

25       3830; address:  9720 Wilshire Boulevard, Penthouse Suite, Beverly

26       Hills, California 90212).

27

28

1         Each of the foregoing was notified of this application. Counsel for

2 MGA and Carter Bryant stated that their clients opposed the application, but did not

3 state whether they wished to be heard. Mattel does not have knowledge of the

4 positions of Mr. Machado or Mr. McFarland with respect to it.

5

6 DATED: January 28, 2008       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

7

8                 By /s/ Jon D. Corey

9                    Jon D. Corey
                   Attorneys for Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

STATEMENT OF FACTS ..................................................................... 2

ARGUMENT .................................................................................. 5

I.  MATTEL SHOULD BE GRANTED LEAVE TO TAKE CERTAIN DEPOSITIONS IN FEBRUARY ................................................ 5

    A.  Several Witnesses Stated that They Could Not Appear Until After the Discovery Cutoff Date........................................ 5

    B.  Despite Mattel's Diligent Efforts, Some Important Witnesses Have Not Yet Been Served............................................... 6

    C.  Mattel Has Moved to Obtain a Letter Rogatory to Take the Deposition of MGA Employee Jeanine Brisbois.................... 9

    D.  Mattel Needs Additional Time to Serve Other Foreign Witnesses ........ 9

    E.  Mattel Has Moved to Compel the Deposition of Carlos Gustavo Machado Gomez ..................................................... 9

II.  THE COURT SHOULD COMPEL THE DEPOSITIONS OF JOE TIONGCO, DAPHNE GRONICH, MARIANA TRUEBA, PABLO VARGAS, MGA AND MGAE DE MEXICO 30(B)(6) WITNESSES IN FEBRUARY. ...................................................... 11

CONCLUSION.............................................................................. 14

# TABLE OF AUTHORITIES

**Page**

### Cases

Founding Church of Scientology of Washington, D.C. v. Webster,
802 F.2d 1448 (D.C. Cir. 1986) .................................................................... 13

In re Honda American Motor Co.,
168 F.R.D. 535 (D. Md. 1996) ...................................................................... 13

Reed Paper Co. v. Procter & Gamble Distributing Co.,
144 F.R.D. 2 (D. Me. 1992) .......................................................................... 12

Rubio v. General Tire and Rubber Co.,
18 F.R.D. 51 (S.D.N.Y. 1955)....................................................................... 12

Sugarhill Records Ltd. v. Motown Record Corp.,
105 F.R.D. 166 (S.D.N.Y. 1985).................................................................... 13

### Statutes

Fed. R. Civ. P.
Rule 26(a)(1) ...................................................................................... 6
Rule 30.............................................................................................. 12
Rule 30(b)(6) .............................................................................. 2, 13

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel makes this application because MGA has frustrated and obstructed Mattel's efforts to take the depositions that the Court allowed in its January 7, 2008 Order.  On January 7, 2008, the Court granted Mattel leave to take over 40 specifically identified depositions beyond the 24 permitted in the Scheduling Order.  But they had to be taken by January 28, 2008.

So far this month, Mattel has taken and defended over 30 days of deposition.  Because Mattel was prevented from completing the depositions of persons who were either properly subpoenaed or who are subject to the Court's January 7 order, Mattel seeks leave to depose all such persons during February 2008.  The depositions that Mattel now seeks to conduct in February will not interfere with the Court's Phase 1 schedule.

The depositions that the Court ordered, but that Mattel could not complete before January 28, 2008, fall into three categories:

1) Properly served third-parties who were not available before January 28, and as to whom MGA refused to stipulate to taking their depositions in February; including without limitation, Joyce Ng, Rachel Harris, Andrea Koch, Gentle Giant Studios, Amy Myers, Christensen Glaser, and Kami Gilmour;

2) Witnesses subject to the January 7 Order, including Larry McFarland (who is himself counsel for some witnesses), who appear to be avoiding service.  Despite Mattel's diligent efforts, they have not been served. MGA forced Mattel to serve other witnesses although MGA represented in its disclosures that they could be contacted through MGA's counsel, but then refused to accept service on their behalf and withheld the witnesses' contact information; and,

1

3)  Witnesses whose deposition notices and subpoenas MGA has asked Judge Infante to quash, including the following deponents subject to the January 7 Order:  Daphne Gronich, Joe Tiongco, Wachovia Corporation, Moss Adams, MGA (pursuant to Rule 30(b)(6)), and MGAE de Mexico (pursuant to Rule 30(b)(6)).

Accordingly, Mattel seeks to compel the attendance Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, and MGAE de Mexico and seeks leave to depose on or before February 29, 2008 all witnesses already served with subpoenas or subject to the Court's January 7, 2008 Order whose testimony is relevant to Phase 2 issues.

## Statement of Facts

The Court Grants Leave to Take Additional Depositions.  On November 19, 2007, Mattel moved for leave to take additional discovery.  On January 7, 2008, the Court issued an Order Granting in Part and Denying in Part Mattel's Motion for Leave to Take Additional Discovery.  The Court concluded that "Mattel has shown good cause to grant additional discovery given the complexity of this case, the number of parties, recent developments related to the substitution of counsel, the concerns regarding retention and spoliation of evidence, and the delay in receiving paper discovery caused by numerous discovery requests and a Court-imposed stay requested by MGA upon substitution of counsel."[3]  As a result, the Court granted Mattel leave to take the depositions of all the witnesses identified in Mattel's motion.[4]  The Court denied Mattel's motion only to the extent that Mattel sought to conduct a further deposition of Carter Bryant.[5]

---

[3]  Exh. 3, at 2-3 [January 7, 2008 Order] to the Declaration of Jon D. Corey ("Corey Dec.").  All exhibits are attached to the Corey Dec. unless otherwise stated.
[4]  Id., at 2-3.
[5]  Id.

1       The Order compelled counsel to "coordinate their schedules with those

2 of the deponents" and further required that the depositions be held by January 28,

3 2008.[6] Since the date of the Order, the parties have taken or defended over 30

4 depositions. Evidently anticipating that some witnesses might not find it convenient

5 to be deposed prior to January 28 and that the parties might have difficulty

6 scheduling such a large number of depositions to occur by then, the Court created an

7 exception:

8               [I]n light of the additional discovery permitted by this
              Order, and to the extent that counsel for the parties who

9               are asserting or defending against claims to be tried in
              Phase 2 of the trial are in agreement, the Court will

10               consider a stipulation of those parties that designates
              certain Depositions as "Phase 2" depositions that may be

11               conducted during the month of February, if counsel can
              assure the Court that such depositions can be so conducted

12               without altering the Court's pretrial schedule regarding
              Phase 1.

13

14       Mattel's Efforts to Serve the Additional Witnesses. After Mattel

15 received the January 7, 2008 Order, it immediately began working to serve notices

16 and subpoenas on the relevant witnesses. MGA hampered those efforts. MGA

17 refused to accept service subpoenas or notices on behalf of many employees, even

18 claiming that its vice-presidents, directors, and managers were not officers, directors

19 or managing agents and thus needed to be served with subpoenas. MGA did so even

20 though its disclosures stated that these same witnesses "may be contacted through

21 MGA's counsel of record."[7] Those witnesses included Shirin Salemnia, Mariana

22 Trueba, Janine Brisbois, and Pablo Vargas.[8] Based on MGA's supplemental

23 disclosures and the positions of the witnesses with MGA, Mattel served notices of

24

25

26

27   [6]  Id., at 5.
  [7]  Corey Dec., ¶ 5; Exh. 6 [MGA's Supplemental Initial Disclosures].

28   [8]  Exh. 6 [MGA's Supplemental Initial Disclosures].

1 | deposition.[9]  However, with some exceptions MGA refused to accept service of
2 | deposition subpoenas or notices on their behalf.[10]

3 |       Not only was Mattel forced to find addresses -- some previously
4 | withheld by MGA on the grounds that MGA was the proper point of contact -- for
5 | over 20 witnesses, but working under a compressed schedule it had to attempt to
6 | personally serve subpoenas on over 30 witnesses across the country.  Various of the
7 | witnesses, despite numerous attempts to serve them, have not yet been served.[11]

8 |       <u>Mattel Has Already Deposed Many of the Witnesses Subject to the</u>
9 | <u>January 7 Order</u>.  Despite the challenges posted by the compressed schedule Mattel
10 | has deposed many of the witnesses the Court granted it leave to conduct in its
11 | January 7, 2008 Order, including, Margaret Leahy, Veronica Marlow, Elise
12 | Cloonan, Jesse Ramirez, Jeane Galvano, Susan A. Kuemmerle, Nana Ashong,
13 | Kickapoo High School, Anne Wang, David Rosenbaum, Mitchell Kamarck, LA
14 | Focus, Nic Contreras, and Dan Cooney.

15 |       At the same time, Mattel has cooperated fully with MGA in producing
16 | Mattel witnesses for deposition.  With but one exception, Mattel has produced all
17 | witnesses MGA has sought.  The only exception is Evelyn Viohl, who gave birth
18 | last week.

---

26 |   [9]  Exhs. T through Y to the Price Dec.; Exhs. 16 and 17 to the Corey Dec.
27 |   [10]  Corey Dec., ¶ 5; Exhs. 4 and 5.
    [11]  Price Decl., ¶¶ 2, 16; Declarations of Brian Shore, Rudy Flores, Don Wallace,
28 | Miguel Leyva, Ryan Jarez, and Kenneth Wright.

1

## Argument

2

### I.   MATTEL SHOULD BE GRANTED LEAVE TO TAKE CERTAIN DEPOSITIONS IN FEBRUARY

Although Mattel has diligently attempted to take over 40 depositions within a two-and-a-half week period, some third-party witnesses were unable to appear for deposition before January 28, but have agreed to appear in February. The testimony of these witnesses will not affect the Court's pretrial schedule for the Phase 1 trial, set to commence May 27, 2008. The opposing parties, although repeatedly asked, refused to stipulate that these depositions could occur in February. For these reasons, the Court should grant Mattel leave to take additional depositions in February 2008.

### A.   Several Witnesses Stated that They Could Not Appear Until After the Discovery Cutoff Date

Several third-party witnesses, after being served with deposition subpoenas, informed Mattel that they could not appear for their depositions by January 28, but requested accommodation of their schedules. These witnesses include:

- Jorge Castilla;[12]
- Joyce Ng;[13]
- Gentle Giant Studios;[14]
- Wachovia Corporation;[15]
- Moss Adams;[16]

---

[12] Corey Dec., ¶ 8(b).
[13] Declaration of Scott Kidman, ¶ 2.
[14] Declaration of Timothy Alger, ¶ 2.
[15] Corey Dec., ¶ 8(c). Wachovia Corporation is also a subject of MGA's Motion to Quash.
[16] Corey Dec., ¶ 8(d). Moss Adams is also a subject of MGA's Motion to Quash.

1       •   Andreas Koch;[17]

2       •   Christensen Glaser;[18]

3       •   Amy Myers;[19]

4       •   Rachel Harris;[20] and,

5       •   Kami Gilmour.[21]

6           To accommodate the third-parties, Mattel asked MGA, Machado

7 Gomez, and Bryant to stipulate that the depositions of the above persons could

8 proceed in February 2008. They either refused to do so or did not respond.[22]

9 Accordingly, the Court should grant Mattel leave to conduct these depositions in

10 February 2008.[23]

11    **B.**    <u>**Despite Mattel's Diligent Efforts, Some Important Witnesses Have**</u>

12         <u>**Not Yet Been Served**</u>

13           Despite attempting to serve deposition notices and schedule over 40

14 depositions within 19 days, Mattel has been unable to arrange the deposition of

15 some witnesses.

16           In many instances, MGA delayed and impaired Mattel's efforts to

17 arrange depositions. As discussed above, despite identifying many of these same

18 witnesses in its initial disclosures, MGA refused to provide witnesses' addresses and

19 telephone numbers as required by <u>Fed. R. Civ. P.</u> 26(a)(1). Instead, MGA stated

20 that they could be contacted through MGA's counsel. However, when Mattel

21 requested that MGA accept service of deposition subpoenas for witnesses identified

22

23    [17]   Corey Dec., ¶ 8(a); Price Dec., ¶ 7.
      [18]   Price Dec., ¶ 6.

24    [19]   Corey Dec., ¶ 8(f) .
      [20]   Price Dec., ¶ 14.

25    [21]   Corey Dec., ¶ 8(e).
      [22]   Corey Dec., ¶ 9; Exhs. 8, 9, and 10.

26    [23]   MGA did stipulate that Moss Adams and Wachovia depositions will go
forward after the Discovery Master rules on document motions that affect the

27 documents available for those depositions. MGA then moved to quash the

28 deposition subpoenas served on them.

1  in MGA's initial disclosures, MGA refused.  As a result, Mattel was forced to

2  attempt to discover their addresses (often finding several possible addresses for a

3  given witness).[24]

4          Even after obtaining address information, some witnesses have proven

5  elusive and appear to be avoiding service.  For example, Mattel requested that Larry

6  McFarland accept service on behalf of himself and his clients.[25]  After failing to

7  respond for four days, he refused and Mattel began attempting to personally serve

8  Mr. McFarland and his clients.[26]  The process server made six attempts to serve

9  Lucy Arant at her home and work place, including waiting for her for hours.[27]  The

10  process server made several attempts to serve Sarah Halpern and spoke with her

11  husband, who claimed she "comes and goes a lot."[28]  Another process server also

12  waited for four hours to attempt service, without success.[29]  Notably, Mr. McFarland

13  himself has also been elusive.  The process server has made at least four attempts to

14  serve him.[30]  Although his receptionist said that he was out of the office for an

15  indeterminate period of time, he has been active in writing and sending letters to

16  counsel for Mattel.[31]  Mattel recently asked Mr. McFarland when it could arrange

17  for service at a time convenient to him.  He has not responded.[32]

18          Mattel has continued its efforts to serve these witnesses.

19  [24]   Price Dec., ¶ 2.

20  [25]   Larry McFarland's deposition was ordered by the Court, as well as those of
    two of his clients: Lucy Arant and Sarah Halpern, both former MGA employees.

21  Sarah Halpern was identified as a witness by MGA, but MGA failed to provide her

22  address and phone number.  Instead, MGA stated that she could be contacted
    through her attorney, Larry McFarland.  Exh. 6 [MGA's Supplemental Initial

23  Disclosures].

24  [26]   Price Dec., ¶¶ 3-5 and Exhs. A and E attached thereto.
    [27]   Declaration of Ryan Jarez ¶¶ 2-3.

25  [28]   Declaration of Kenneth Wright, dated January 28, 2008, ¶¶ 2-3.

26  [29]   Declaration of Brian Shore, ¶ 3.
    [30]   Declaration of Miguel Leyva ¶¶ 2-5.

27  [31]   Price Dec., ¶ 4, and Exhs. B, C, and D, thereto.

28  [32]   Price Dec., ¶ 5, and Exh. E thereto.

1        Other important witnesses who have not yet been served despite

2  Mattel's attempts to do so include:

3        • Shirin Salemnia.  There have been at least seven attempts to serve her

4  at her residence, without success.[33]

5        • Ricardo Abundis.  Attempts to serve him at his residential address

6  have been unsuccessful.  Mr. Abundis's mother, who lives at the same address,

7  claims that he moved to Arkansas but refused to provide an address.[34]  However,

8  Mr. Abundis called counsel for Mattel the morning of January 28, 2008, leaving his

9  telephone number and city of residence.[35]

10        • Peter Marlow.  There have been at least ten attempts to serve

11  Mr. Marlow at his residence, including hours of waiting.[36]

12        • Mercedeh Ward.  According to her husband, Ms. Ward is out of the

13  country, but will return in February 2008.[37]

14        • Carol Witschell.  The first process server erroneously reported her

15  served.  Since then, Mattel has worked to discover her current address.[38]

16        • Jeff Weiss.  There have been at least three attempts to serve

17  Mr. Weiss at the only address on record for him.  During one attempt, Mr. Weiss'

18  mother agreed to accept service of the documents on his behalf, but then tried to

19  give them back after calling Mr. Weiss.[39]

20        Mattel has not had sufficient time to secure the depositions of these

21  witnesses.  However, with the field of witnesses narrowed and Mattel's efforts

22  continuing, many if not all of these depositions could be conducted in   •

23  [33] Declaration of Miguel Leyva, ¶¶ 4-6.

24  [34] Declaration of Rudy Flores.

25  [35] Price Dec., ¶ 13.
    [36] Declaration of Rudy Flores Re: Attempting Service; Declaration of Donald

26  Wallace Re: Attempting Service.

27  [37] Price Dec., ¶ 16.
    [38] Price Dec., ¶ 9.

28  [39] Declaration of Scott Snowden.

1   February 2008.  The importance of these witnesses has already been acknowledged
2   by the Court and no prejudice to the parties or the Court's Phase 1 trial schedule will
3   arise if Mattel is granted leave to take their depositions in February 2008.

4       **C.**    **Mattel Has Moved to Obtain a Letter Rogatory to Take the**
5                **Deposition of MGA Employee Jeanine Brisbois**

6       MGA has failed to produce Jeanine Brisbois for deposition.  As a
7   result, Mattel has filed a motion to obtain a letter rogatory to take her deposition in
8   Canada, where she is a resident.[40]  Mattel therefore requests leave to secure the letter
9   rogatory and conduct the deposition as soon as permitted by Canadian courts.

10       **D.**    **Mattel Needs Additional Time to Serve Other Foreign Witnesses**
11       Mattel has been searching for current addresses for three foreign
12   witnesses that it seeks to depose:  Stephen Lee, Cecilia Kwock, and Eric Yip.  They
13   are believed to be residents of Hong Kong and Mattel requests additional time to
14   locate them and arrange for service.

15       **E.**    **Mattel Has Moved to Compel the Deposition of Carlos Gustavo**
16                **Machado Gomez**

17       Carlos Gustavo Machado Gomez is a party to this lawsuit who has
18   refused to sit for deposition.  Mattel began seeking deposition dates from Machado
19   on June 4, 2007.  On September 3, 2007, James Spertus, then counsel for Machado,
20   confirmed that October 26, 2007, was an "acceptable date" for Machado's
21   deposition.  However, after Mr. Spertus withdrew as counsel, Machado's new
22   counsel, Alexander Cote, contacted Mattel to discuss, among other things,
23   Machado's pending deposition.  Although he confirmed that Machado's deposition
24   would proceed, Mr. Cote told Mattel that the deposition could not take place on

25
26
27

28   [40]  Corey Dec., ¶ 7.

1   October 26, 2007, because of restrictions on Machado's ability to travel to and from
2   Mexico resulting from his criminal indictment in Mexico.[41]

3       Mattel again asked for deposition dates.[42]   Mr. Cote told Mattel that
4   Machado was restricted from leaving Mexico.  In response, Mattel offered to take
5   the deposition in Mexico.  Mr. Cote refused to offer any possible deposition dates.
6   Mattel then filed its Motion to Compel the Deposition of Carlos Gustavo Machado
7   Gomez on November 13, 2007.[43]

8       On December 6, 2007, Mr. Cote offered to make Machado available for
9   deposition on January 15, 2008, in Mexico City.  Mattel agreed and sent an
10   Amended Notice of Deposition for that date.  Mr. Cote thereafter requested that
11   Mattel continue the hearing on the motion to compel because Machado's deposition
12   was purportedly set and he had a conflict on the scheduled hearing date.  Mattel did
13   so and the hearing was continued to February 8, 2008.

14       On January 13, 2008, Amy Park, counsel for MGA, informed Mattel
15   that Machado's deposition would have to be cancelled.  Her claimed justification
16   was that Jack DiCanio, a Skadden Arps attorney, had a scheduling conflict with a
17   sentencing hearing in the "Reyes" case.  Ms. Park further wrote that Mr. Machado's
18   deposition would need to proceed after the Phase 1 trial.  Shortly thereafter,
19   Mr. Cote, who the prior afternoon had represented to the Discovery Master's case
20   manager that the deposition would go forward, wrote that "Mr. Machado will not be
21   appearing on the 15th.  Accordingly, the deposition will not be going forward."

22       MGA's and Machado's cancellation of his agreed upon deposition date
23   is contrary to the Court's January 7, 2008 Order, which states that "all counsel are

24
25
26

---

41   Id., ¶ 10.
42   Id., ¶ 11.
43   Id.

1  expected to coordinate their schedules with those of the deponents such that the

2  depositions are held prior to the discovery cut off date of January 28, 2008."[44]

3  **II.    THE COURT SHOULD COMPEL THE DEPOSITIONS OF JOE**

4  **TIONGCO, DAPHNE GRONICH, MARIANA TRUEBA, PABLO**

5  **VARGAS, MGA AND MGAE DE MEXICO 30(B)(6) WITNESSES IN**

6  **FEBRUARY.**

7         In its January 7, 2008 Order, the Court found that Mattel had good

8  cause to take the depositions of over 40 witnesses and granted it leave to do so.

9  Among the depositions specifically ordered by the Court were those of Joe Tiongco,

10  Daphne Gronich, MGA (pursuant to a Fourth Notice of Deposition) and MGAE de

11  Mexico.

12         Joe Tiongco and Daphne Gronich are MGA witnesses identified by

13  Mattel as having information related to document retention, preservation, collection,

14  and spoliation.  MGA has moved to quash their depositions and argues the Court did

15  not grant Mattel leave to depose either Tiongo or Gronich.[45]  MGA is wrong.  In

16  Mattel, Inc.'s Motion for Leave to Take Additional Discovery, Mattel stated that "it

17  seeks to depose" Joe Tiongco and Daphne Gronich because of concerns over

18  "MGA's and Bryant's preservation and production of evidence."[46]  Although the

19  Court's order granting Mattel's motion did not refer to Tiongco and Gronich by

20  name or page number, they are clearly encompassed by it.  The Court allowed

21  additional depositions, finding that Mattel had shown good cause for additional

22  discovery because of "the concerns regarding retention and spoliation of

23  evidence."[47]  Notably, Tiongco and Gronich were the only two witnesses identified

24  in Mattel's motion as having knowledge relevant to that issue.  Further, the Court

25

26  [44]  Exh. 3, at 5 [January 7, 2008 Order].

27  [45]  Exh. 15.
   [46]  Exh. 2 at 14:5-17 [Motion for Leave to Take Additional Discovery].

28  [47]  Exh. 3, at 2 [January 7, 2008 Order].

1    "GRANTED" Mattel's motion, denying only Mattel's request that it be granted

2    additional time to depose to Carter Bryant.[48]  Accordingly, these depositions should

3    proceed at the earliest opportunity.

4              Pablo Vargas and Mariana Trueba are the Director of Sales of MGAE

5    de Mexico and the Director of Marketing, Girls Division, of MGAE de Mexico,

6    respectively.[49]  They were served with deposition notices on January 10, 2008,

7    setting their depositions for January 24, 2008.[50]  Neither witness appeared.  The

8    MGA defendants contend that neither the "Director of Marketing" nor the "Director

9    of Sales" is a "managing agent" and were therefore required to be personally served

10   with deposition subpoenas.[51]

11             That assertion is meritless.  The courts use a three-prong test to

12   determine who is a "managing agent" for the purposes of Fed. R. Civ. P. Rule 30:

13             First, the employee should be "a person invested by the
             corporation with general powers to exercise his judgment
14           and discretion dealing with corporate matters.

15             Second, the employee should be a person who "could be
             depended upon to carry out his employer's direction to
16           give testimony at the demand of a party engaged in
             litigation with the employer."
17
             Third, the employee should be a person who can be
18           expected to identify himself with the interest of the
             corporation rather than with those of the other parties.
19

20   Reed Paper Co. v. Procter & Gamble Distributing Co., 144 F.R.D. 2, 4 (D. Me.

21   1992), quoting Rubio v. General Tire and Rubber Co., 18 F.R.D. 51, 56 (S.D.N.Y.

22   1955) (citing cases).  Of the three factors, "[t]he 'paramount test' is whether the

23   individual can be expected to identify with corporation's interest as opposed to an

24   _____

25   [48]  Exh. 3, at 2-3 [January 7, 2008 Order].
     [49]  Exh. 22 [March 20, 2007 Offer Letter from MGAE de Mexico to Mariana
26   Trueba Almada]; Exh. 21 [March 20, 2007 Offer Letter from MGAE de Mexico to
     Pablo Vargas].
27   [50]  Corey Dec., ¶ 17; Exhs. 16 and 17.
     [51]  Corey Dec. ¶ 17; Exhs. 4 and 5.
28

1 | adversary's." *In re Honda American Motor Co.*, 168 F.R.D. 535, 541 (D. Md.
2 | 1996).

3 | Any "doubt[s] about an individual's status as a 'managing agent,' at the
4 | pre-trial discovery stage, are resolved in favor of the examining party. *In re Honda*
5 | *American Motor Co.* at 540, citing *Founding Church of Scientology of Washington,*
6 | *D.C. v. Webster,* 802 F.2d 1448, 1452 n.4 (D.C. Cir. 1986); *Sugarhill Records*
7 | *Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985) ("I am to
8 | resolve close questions regarding the status of an employee as 'managing agent' in
9 | favor of the examining party since the issue of whether the witness' testimony can
10 | be used as a statement by the defendant still remains to be resolved at trial.") (citing
11 | cases).

12 | Here, the Directors of Sales and Marketing are, by virtue of their
13 | positions, invested by the MGAE de Mexico with powers to exercise judgment and
14 | discretion in dealing with corporate matters within their areas of responsibility.
15 | Further, they can clearly be depended upon to carry out their employer's direction to
16 | give testimony upon its demand.  They are alleged to have acted in concert with the
17 | MGA defendants in plotting to steal and stealing Mattel's trade secrets in Mexico.
18 | And, of "paramount" importance, they can clearly be expected to identify with the
19 | interests of MGAE de Mexico rather than with those of Mattel.  For the foregoing
20 | reasons, the Court should order Mr. Vargas and Ms. Trueba to appear for deposition
21 | in Los Angeles in February 2008.

22 | In its January 7, 2008 Order, the Court granted Mattel leave to serve a
23 | Rule 30(b)(6) deposition notice on MGA Entertainment and a Rule 30(b)(6)
24 | deposition notice on MGAE de Mexico.[52]  Those notices were attached to Mattel's
25 | Motion for Leave to Take Additional Discovery.  Although MGA and MGAE de
26 | Mexico opposed Mattel's motion, they never argued that Mattel did not have good

27 |

28 | [52]  Exh. 3, at 3 [January 7, 2008 Order].

1  cause to obtain testimony on the topics in those notices, which were incorporated by

2  reference into the Court's order:  "Mattel may serve the notices of deposition and

3  propound the interrogatories attached to the moving papers as Exs. A - C."[53]

4  Nevertheless, MGA and MGAE de Mexico have failed to produce witnesses on the

5  vast majority of those topics.[54]  They filed a motion for protective order with Judge

6  Infante seeking relief from the topics that the Court approved.

7         The importance of these witnesses is indisputable.  The Court has

8  ordered that their depositions be taken.  MGA's refusal to produce any of these

9  witnesses is a blatant refusal to comply with the Court's Order.

10

11                              **Conclusion**

12

13         For the foregoing reasons, the Court should compel the attendance of

14  Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment,

15  and MGAE de Mexico at deposition and should grant Mattel leave to depose on or

16  before February 29, 2008, all witnesses already served with subpoenas or subject to

17  the Court's January 7, 2008 Order whose testimony is relevant to Phase 2 issues.  In

18  the alternative, the Court should issue an order shortening time to hear a motion

19  seeking the foregoing relief on February 4, 2008.

20

21  DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

22

23                                    By  /s/  Jon D. Corey

24                                        Jon D. Corey
                                          Attorneys for Mattel, Inc.

25

26

27  [53]  Exh. 3, at 3 [January 7, 2008 order]; Exh. 2 [Motion for Leave to Amend].

28  [54]  Corey Dec., ¶ 20.

07209/2362187.4