QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>**[PUBLIC REDACTED]**<br>DECLARATION OF JON D. COREY IN SUPPORT OF MATTEL, INC.'S *EX PARTE* APPLICATION; (1) TO COMPEL DEPOSITIONS OF DAPHNE GRONICH, JOE TIONGCO, MARIANA TRUEBA, PABLO VARGAS, MGA ENTERTAINMENT, INC. (PURSUANT TO RULE 30(B)(6), AND MGAE DE MEXICO (PURSUANT TO 30(B)(6) AND (2) FOR LEAVE TO TAKE DEPOSITIONS IN FEBRUARY 2008; OR, IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME TO HEAR A MOTION SEEKING THE FOREGOING RELIEF<br><br>Hearing Date: N/A<br>Time: N/A<br>Courtroom: N/A<br><br>**Phase 1:**<br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2368334.1

DECLARATION OF JON DE. COREY ISO MATTEL'S EX PARTE APPLICATION

## DECLARATION OF JON D. COREY

I, Jon D. Corey, declare as follows:

1. I am a member of the bar of the State of California and a partner with Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently hereto.

2. At the February 12, 2007 scheduling conference, the Court limited depositions to 24 per side and interrogatories to 50 per side. Attached as Exhibit 1 is a true and correct copy of the Court's scheduling order.

3. On November 19, 2007, Mattel filed a Motion for Leave to Take Additional Discovery. A true and correct copy of the Motion for Leave to Take Additional Discovery is attached as Exhibit 2.

4. On January 7, 2008, the Court issued its Order Granting in Part and Denying in Part Mattel's Motion for Leave to Take Additional Discovery. ("Order"). When the Order was received by counsel for Mattel, we immediately began serving the relevant notices and subpoenas. Attached as Exhibit 3 is a true and correct copy of the Court's January 7, 2008 Order.

5. After receiving the Order, counsel for Mattel began meeting and conferring with counsel for MGA, Bryant, and Machado, by e-mail and teleconference, regarding deposition scheduling and potential motions related thereto. Mattel sent a list of depositions and asked that the parties work together to set dates and arrange depositions. MGA, however, would accept service only for Susan Kuemmerle, Dan Cooney, Ron Brawer, and Nic Contreras. Attached as Exhibit 4 is a true and correct copy of a January 13, 2008 e-mail from Michael T. Zeller to, among others, counsel for all parties, as well as preceding e-mails. Attached as Exhibit 5 is a true and correct copy of a January 18, 2008 email from Michael T. Zeller to, among others, counsel for all parties, as well as preceding e-mails.

6. Attached as Exhibit 6 is a true and correct copy of MGA's Supplemental Initial Disclosures, dated September 21, 2007.

7. MGA has refused to produce MGA employee Jeanine Brisbois, a Canadian resident citizen. Mattel has filed a Motion for Issuance of Letters Rogatory to take her deposition in Canada.

8. Several witnesses who were scheduled to appear for deposition on or before January 28, 2008, contacted me and informed them that they would appear for deposition, but would not be able to appear by January 28, 2008:

(a) Andreas Koch. Mr. Koch left me a voicemail message on January 25, 2008, stating that he would be out of town on the date noticed for his deposition, but that he would be available to appear at his deposition in February 2008.

(b) Jorge Castilla. I spoke with Mr. Chuck Kreindler, counsel for Mr. Castilla, who informed me that Mr. Castilla would not be available on or before January 28, 2008. He did say that Mr. Castilla would be available for deposition on either February 20 or February 22, 2008.

(c) Wachovia Corp. I spoke with Neil Poitischman, counsel for Wachovia, he said that Wachovia would not have a representative available by January 28, 2008. MGA and Mattel later agreed that the deposition of Wachovia would be deferred pending resolution of MGA's motion to quash a subpoena duces tecum to Wachovia and Mattel's cross-motion to compel production of documents responsive to that subpoena. MGA later moved to quash the deposition subpoena served on Wachovia.

(d) Moss Adams. MGA and Mattel agreed that the deposition of Moss Adams would be deferred pending resolution of MGA's motion to quash a subpoena duces tecum to Moss Adams and Mattel's cross-motion to compel production of documents responsive to that subpoena. MGA later moved to quash the deposition subpoena served on Moss Adams.

1    (e) Kami Gilmour. On January 25, 2008, counsel for Ms. Gilmour left me a message stating that Ms. Gilmour would not be able to appear for her deposition on January 28, 2008. He asked that I return his call so that he could offer dates after the 28th at which she could appear for deposition. A colleague from my office has been following up to arrange her deposition. A true and correct copy of the January 25, 2008 letter that I received from Ms. Gilmour's counsel is attached as Exhibit 7.

(f) Amy Myers. On January 26, 2008, I received a telephone call from Amy Myers. She stated that she was not able to appear on January 28, 2008, and asked to have the deposition rescheduled and also asked if the location could be at a hotel in San Pedro, close to where she lives. I agreed to move the deposition site to the hotel in San Pedro.

9. Pursuant to these and other witnesses' requests and because taking their depositions in February would not affect the Phase I trial schedule, I asked counsel for the opposing parties to stipulate that that the depositions could proceed in February 2008. Attached as Exhibit 8 is a true and correct copy of a January 22, 2008 letter to Paul Eckles. Attached as Exhibit 9 is a true and correct copy of a January 22, 2008 e-mail to Paul Eckles. Attached as Exhibit 10 is a true and correct copy of January 23, 2008 e-mail to Paul Eckles, Michael Page, and Alex Cote. The parties reached a stipulation as to Wachovia Corp. and Moss Adams, but not as to any other witness.

10. Mattel began seeking deposition dates from Carlos Gustavo Machado Gomez on June 4, 2007. On September 3, 2007, James Spertus, then counsel for Machado, confirmed that October 26, 2007 was an "acceptable date" for Machado's deposition. However, after Mr. Spertus withdrew as counsel, Machado's new counsel, Alexander Cote, contacted Mattel to discuss, among other things, Machado's pending deposition. Although he confirmed that Machado's deposition would proceed, Mr. Cote told Mattel that the deposition could not take place on

October 26, 2007 because of restrictions on Machado's mobility to and from Mexico resulting from the criminal indictment in Mexico.

11. Mattel again asked for deposition dates. Mr. Cote told Mattel that Machado was restricted from leaving Mexico. In response, Mattel offered to take the deposition in Mexico. Mr. Cote refused to offer any possible deposition dates and Mattel filed its Motion to Compel the Deposition of Carlos Gustavo Machado Gomez on November 13, 2007.

12. On December 6, 2007, Mr. Cote offered to make Machado available for deposition on January 15, 2008 in Mexico City. Attached as Exhibit 11 is a true and correct copy of an email from Alexander Cote to my colleague, Dylan Proctor, dated December 6, 2007. Mattel confirmed and sent an Amended Notice of Deposition for that date. Attached as Exhibit 12 is a true and correct copy of the Amended Notice of Deposition of Carlos Gusatavo Machado dated December 24, 2007. Mr. Cote thereafter requested that Mattel continue the hearing on the motion to compel because the deposition was set and he had a conflict on the scheduled hearing date. Mattel did and the hearing was continued to February 8, 2008.

13. On January 13, 2008, Amy Park, counsel for MGA, informed Mattel that Machado's deposition would have to be cancelled. Her justification for the purported canceling was that Jack DiCanio, a Skadden Arps attorney, had a scheduling conflict with a sentencing hearing in the "Reyes" case. Ms. Park further wrote that Mr. Machado's deposition would need to proceed after the Phase 1 trial. Attached as Exhibit 13 is a true and correct copy of an email from Amy Park to Michael Zeller dated January 12, 2008. Shortly thereafter, Mr. Cote, who the prior afternoon had represented to the Discovery Master's case manager that the deposition would go forward, wrote that "Mr. Machado will not be appearing on the 15th. Accordingly, the deposition will not be going forward." A true and correct copy of Mr. Cote's January 12, 2008 e-mail message is attached as Exhibit 14.

14. A true and correct copy of MGA's Motion to Quash Subpoenas is attached as Exhibit 15.

15. Attached as Exhibit 16 is a true and correct copy of the Notice of Deposition of Mariana Trueba.

16. Attached as Exhibit 17 is a true and correct copy of the Notice of Deposition of Pablo Vargas.

17. Neither Pablo Vargas or Mariana Trueba appeared for their noticed deposition. The MGA defendants contend that neither the "Director of Marketing" nor the "Director of Sales" is a "managing agent" and were therefore required to be personally served with deposition subpoenas.

18. Attached as Exhibit 18 is a true and correct copy of the Fourth Notice of Deposition of MGA Entertainment, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6).

19. Attached as Exhibit 19 is a true and correct copy of the Notice of Deposition of MGAE de Mexico, S.R.L. de C.V. Pursuant to Federal Rule of Civil Procedure 30(b)(6).

20. MGA and MGAE de Mexico have failed to produce witnesses on the vast majority of those topics identified in Exhs. 18 and 19. Instead, they filed a motion for protective order with Judge Infante seeking relief from the noticed topics for which this Court found good cause.

21. Attached as Exhibit 20 is a true and correct copy of MGA's Motion for Protective Order.

22. Attached as Exhibit 21 is a true and correct copy of a March 30, 2004 Offer Letter from MGAE de Mexico to Pablos Vargas San Jose, produced by MGA in this action.

23. Attached as Exhibit 22 is a true and correct copy of a March 30, 2007 Offer Letter from MGAE de Mexico to Mariana Trueba Almada, produced by MGA in this action.

24. On January 27, 2008, I gave notice of Mattel's Ex Parte Application to counsel for all other parties by e-mailing and faxing a letter on January 27, 2008. A true and correct copy of the January 27, 2008 letter is attached as Exhibit 23.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 27, 2008, at Los Angeles, California.

_____
Jon D. Corey