Exhibit 1



RECEIVED
FEB 2 3 2007

CALENDARED

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA - Eastern Division
CIVIL MINUTES - GENERAL

Case No.    CV 04-09059 SGL(RNBx)                    Date:   February 12, 2007
Title:      MATTEL, INC. -v- CARTER BRYANT, DOES 1-10, INCLUSIVE
            Consolidated Action
            CV 05-02727 SGL(RNBx)    MGA ENTERTAINMENT v. MATTEL, INC.,

PRESIDING:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                              Theresa Lanza
Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

John B. Quinn and Michael Zeller for    Diana M. Torres for MGA
Mattel                                  Keith A. Jacoby for Carter Bryant

PROCEEDINGS:    SCHEDULING CONFERENCE PURSUANT TO FRCP 16(b)

     The Court convened a scheduling conference pursuant to FRCP 16(b).  Court and counsel
discussed case management and thereafter the court set the following schedule:  See attachment
"Schedule of Trial and Pretrial Dates."

     Counsel stipulated pursuant to Local Rule 16-14, to settlement procedure #3, to a retired judicial
officer or other private or non-profit dispute resolution body for mediation type settlement proceedings.
The Court approves the request and refers this case to an outside Mediator to act as the Settlement
Officer.  Counsel are directed to contact such outside Mediator to schedule a settlement conference as
soon as the parties believe such a conference would be fruitful.  The cut-off to complete the mandatory
settlement procedures under Local Rule 16-14, is December 3, 2007, in Case No. CV 04-09059-SGL
(RNBx) Mattel, Inc. v. Carter Bryant, and the cut-off to complete the mandatory settlement procedures
under Local rule 16-14, is April 21, 2008, in Case No. CV 05-02727 SGL (RNBx) MGA Entertainment v.
Mattel, Inc.

     The Court further ordered that in both Case No. CV 04-09049-SGL (RNBx), Mattel, Inc. v. Carter
Bryant, and Case No. CV 05-02727 SGL (RNBx), MGA Entertainment v. Mattel, Inc.:

     1.   Non-Expert Depositions are limited to a total of 24 for each side for both cases.
     2.   Expert Depositions are limited to a total of 20 for each side for both cases.
     3.   Interrogatories are limited to 50 for each side for both cases.

     IT IS SO ORDERED.

MINUTES FORM 90                                                Initials of Deputy Clerk: jh
CIVIL – GEN              Page 1       FEB 2 2 2007              00/30

**Exhibit 1 Page 7**

## SCHEDULE OF TRIAL AND PRETRIAL DATES

CASE NAME:    MGA ENTERTAINMENT, INC. V. MATTEL, INC., et al.,

CASE NO:    CV 05-2727-SGL (RNBx)

| Matter | Time | Court Order |
|---|---|---|
| Jury Trial Date | 9:30 am | 07/01/08 |
| Estimated Length of Trial | | |
| [Hearing on Motions in Limine; Hearing on Disputed Jury Instructions | 10:00 am | 06/23/08 |
| Final Pretrial Conference, LR 16-7 Motions in Limine to be filed | 11:00 am | 06/02/08 |
| Lodge Pretrial Conference Order, LR 16-6 to 16-5.2; File Contentions of Fact and Law, LR16-2.B; Exhibit & Witness Lists, LR 16-4 to 16-5; File Status Report regarding Settlement; File Rule 26(e)(1) Supplementation File Agreed Upon Set of Jury Instructions and Verdict Forms LR 49-1 to 49-2, 51-1 to 51-5.1; File Joint Statement regarding Disputed Instructions, Verdicts, etc. | | 05/19/08 |
| Last date to conduct Settlement Conference | | 04/21/08 |
| Last date for hearing motions, LR 7.2, et seq. | 10:00 am | 04/07/08 |
| Discovery cut-off | | 03/03/08 |
| Last date to Amend Pleadings or Add Parties | | Closed |

### ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

LR 16-14.4 Settlement Selection:
to be discussed

☐ 1. CT/USMJ          ☑ 3. Outside ADR

☐ 2. Attorney Settlement Panel     ☐

DOE Dismissal:          Complaint Filed: 04/13/05          SET DATE
                        Dismissal Date:                    to be discussed

S:\SGL\CIVIL ORDERS\MGA 05-2727 MO 2-12-07.wpd

### Exhibit 1 Page 8

Exhibit 2



**CONFORMED**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx)
13 |         Plaintiff, | Consolidated with
   |                    | Case No. CV 04-09059
14 |    vs. | Case No. CV 05-02727
15 | MATTEL, INC., a Delaware | Hon. Stephen G. Larson
   | corporation,
16 |         Defendant. | NOTICE OF MOTION AND MOTION
   |                     | OF MATTEL, INC. FOR LEAVE TO
17 |                     | TAKE ADDITIONAL DISCOVERY
   |                     | AND OBJECTIONS TO DISCOVERY
18 | AND CONSOLIDATED ACTIONS | MASTER ORDER OF SEPTEMBER
   |                          | 28, 2007; AND
19 |                          | MEMORANDUM OF POINTS AND
   |                          | AUTHORITIES
20 |
21 |                          | [Declaration of B. Dylan Proctor filed
   |                          | concurrently]
22 |                          | Hearing Date:  January 7, 2008
23 |                          | Time:          10:00 a.m.
   |                          | Courtroom:     1
24 |                          | **Phase 1:**
25 |                          | Discovery Cut-off:    January 28, 2008
   |                          | Pre-trial Conference: May 5, 2008
26 |                          | Trial Date:           May 27, 2008
27 |
28 |

07209/2299353.1

-i-                    11-19

Exhibit 2 Page 9

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 7, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of Honorable Stephen G. Larson, located at 3470 Twelfth Street, Riverside, California, 92501, Mattel, Inc. will, and hereby does, move the Court, pursuant to <u>Federal Rule of Civil Procedure</u> 26(b) and the Court's February 12, 2007 Scheduling Order, for an order granting Mattel leave to take additional depositions, including <u>Rule</u> 30(b)(6) depositions of defendants MGA Entertainment, Inc., and MGAE de Mexico S.R.L. de C.V., beyond the current limit set by the Court and to serve additional interrogatories on defendants.  Pursuant to 28 U.S.C. § 636(b)(1), Mattel also seeks an additional 12 hours to depose Carter Bryant, in addition to the seven hours already permitted by Discovery Master Infante.

Mattel makes this Motion on the grounds that the breadth and complexity of this case warrant more than the 24 depositions and 50 interrogatories permitted by the Court's Scheduling Order.  Mattel further makes this Motion on the grounds that, given Bryant's central role in the hundreds of products that MGA has sued upon in this case, and because both the parties and third-parties have produced many millions of pages of documents since Mr. Bryant's deposition in 2005, seven hours is not enough time to fully depose Mr. Bryant.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan Proctor filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

## Statement of Local Rule 7-3 Compliance

The parties met and conferred pursuant to Local Rule 7-3 on October 3, 2007, and times thereafter, but were not able to resolve this motion.

DATED: November 19, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By_____
    Jon Corey
    Attorneys for Mattel, Inc.

07209/2299353.1

Exhibit 2 Page 11

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................1

STATEMENT OF FACTS ....................................................................................3

ARGUMENT ..........................................................................................................6

I.     THE RULES CONTEMPLATE ADDITIONAL DISCOVERY ....................6

     A.    Each Category of Claims Warrants More Depositions ...........................8

          1.    The Bratz Claims Require Additional Depositions .....................8

          2.    Mattel's Trade Secret and RICO Claims and MGA's Unfair Competition Claims Require Additional Depositions ...............12

     B.    Mattel Needs Additional Depositions Because the Integrity of MGA's and Bryant's Preservation of Documents Is At Issue...............14

     C.    Mattel Seeks Leave to Take 30(b)(6) Depositions On Non-Duplicative Topics ...............................................................................15

     D.    Mattel Meets The Requirements for Additional Discovery................15

II.    THE COURT SHOULD GRANT LEAVE WITH RESPECT TO MATTEL'S INTERROGATORIES........................................................16

III.   THE COURT SHOULD ALLOW ADDITIONAL TIME FOR THE BRYANT DEPOSITION ...........................................................................20

CONCLUSION ...................................................................................................25

1

## TABLE OF AUTHORITIES

2                                                                          **Page**

3

### Cases

4

Andamiro v. Konami Amusement of Am.,
   2001 WL 535667 (C.D. Cal. April 26, 2001) ........................................ 8

Bahn v. NME Hosps., Inc.,
   929 F.2d 1404 (9th Cir. 1991) .......................................................... 22

Bromgard v. Montana,
   2007 WL 1101179 (D. Mont. April 11, 2007) .............................. 11, 18

Collaboration Prop. v. Polycom, Inc.,
   224 F.R.D. 473 (N.D. Cal. 2004) ...................................................... 8

Fresenius Med. Care Hldgs, Inc. v. Roxane Labs., Inc.,
   2007 WL 764302  Proctor Dec., Ex. 43 ........................................... 23

Rx USA Wholesale, Inc. v. McKesson Corp.,
   2007 WL 1827335 (E.D.N.Y. June 25, 2007) ........................... 7, 11, 19

Whittingham  v. Amherst Coll.,
   163 F.R.D. 170 (D. Mass. 1995) ....................................................... 7

### Statutes

Cal. Civ. Code § 3426.1 .................................................................... 20

Fed. R. Civ. P. 26(b) ..................................................................... 8, 20

Fed. R. Civ. P. 30(a)(2)(A) .............................................................. 7, 20

Fed. R. Civ. P. 33 ...................................................................... 7, 8, 20

Local Rule 7-3 ................................................................................... 3

Fed. R. Civ. P. 30(b)(6) ........................................................ 9, 14, 16, 17

Fed. R. Civ. P. 53(e) ........................................................................ 21

J9/2299353.1

Exhibit 2 Page 13

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

In its Scheduling Order, the Court limited each side to 50 interrogatories and 24 fact depositions. The Court recognized, however, that the case's complexity could require additional depositions or interrogatories and invited motions for additional discovery, if necessary: "I don't want to say they are soft limits [on the number of depositions], but they are limits which the Court would certainly understand or would invite counsel to submit a motion to expand if there's reason to. But I just want to have some parameters placed on this at the outset." Likewise, with respect to the interrogatory limit, the Court stated: "[L]et's try and work within the confines of the 50 interrogatories, and if you need more, again, the Court is going to be forthcoming, if there's a need for it."[1] Mattel respectfully submits that time has come.

Under the Federal Rules, leave to take additional discovery "shall be granted" to the extent consistent with the principles set forth in Rule 26(b)(2). Fed. R. Civ. P. 30(a)(2)(A) & 33(a). The additional discovery Mattel seeks is appropriate under that framework. It is not duplicative of prior discovery, Mattel has not had an adequate opportunity to take discovery on these matters, and the substantial benefits of discovery on these central issues outweigh any burden. MGA has identified many dozens of witnesses with knowledge of the parties' claims or defenses. Mattel has sued MGA for inducing several Mattel employees to misappropriate many thousands of pages of documents containing Mattel trade secrets over an extended period of time. For its part, MGA has accused over 400 Mattel products of infringing the trade dress of more than 200 MGA products. As MGA has proclaimed, it will be seeking "billions" of dollars from Mattel on its claims alone. Additional depositions are warranted given the breadth and complexity of the claims and defenses in this case and the stakes involved.

---

[1] February 12, 2007 Scheduling Conference Tr. at 22:12-15 and 24:5-7, Exhibit 7 to the Declaration of B. Dylan Proctor, dated November 19, 2007 ("Proctor Dec.").

To date, Mattel has taken 18 depositions, which leaves Mattel with six remaining. Mattel has been able to take only one deposition on its counterclaims or defenses to MGA's unfair competition claims, and as of yet, Mattel has been unable to depose any of the individuals actively involved in the theft of Mattel's trade secrets. The specific individuals who Mattel seeks to depose are identified below, along with the justification for each. In addition, Mattel cannot obtain without the Court's leave the corporate testimony of MGA or MGAE de Mexico on the facts related to either MGA's unfair competition claims or Mattel's counterclaims. Mattel seeks leave to serve the First Notice of Deposition of MGAE de Mexico, attached as Exhibit A, and an additional Notice of Deposition of MGA, attached as Exhibit B, on those subjects.

Mattel also seeks leave to serve defendants with additional interrogatories. Mattel has served interrogatories seeking MGA's contentions with respect to the creation of Bratz and MGA's unfair competition claims. Mattel's proposed interrogatories, which are attached as Exhibit C, seek information related to Mattel's counterclaims and to MGA's claims against Mattel for alleged unfair competition, as well as certain of defendants' defenses.[2]

Finally, Mattel seeks additional time to depose Mr. Bryant. Although Bryant was deposed in 2004, since that time MGA and Bryant have produced millions of pages of documents that they had long withheld until compelled by the Court, and the scope of the claims in these consolidated cases has increased dramatically. Only after Bryant's deposition occurred, MGA asserted its broad unfair competition claims against Mattel. Only after Bryant's deposition occurred, Mattel asserted its counterclaims, including its copyright infringement and RICO counterclaims, against Bryant and other defendants. And, despite the fact that Mattel sought documents relating to the origins of Bratz

---

[2] Because defendants refuse to answer Mattel's previously served interrogatories based on spurious claims that they exceed the 50 limit, Mattel seeks leave as to them to avoid defendants' further quarreling over the counting of interrogatories and thereby obtain obvious information about defendants' own contentions and other critical subjects.

-2-

1  before Bryant's initial deposition, both MGA and Bryant were, unbeknownst to Mattel,

2  withholding such documents at the time of the deposition – this was discovered only

3  after multiple motions to compel brought by Mattel were granted.   Judge Infante

4  recognized that Bryant is the "most knowledge witness with respect to virtually all of

5  the factual issues" and claims in these matters.[3] Judge Infante nevertheless gave Mattel

6  only seven additional hours for Bryant's deposition (on top of two hours previously

7  granted due to Bryant's and his counsel's improper conduct during the prior deposition).

8  That simply is not enough to depose Bryant on MGA's claims, Mattel's counterclaims

9  and all the newly produced evidence that post-dates the 2004 deposition.   Mattel

10  therefore requests that this Court grant additional time of another 12 hours for a total of

11  21 additional hours to question Bryant.

12  **Statement of Facts**

13       <u>Mattel's Original Complaint</u>.  Mattel filed its initial Complaint on April 27, 2004,

14  alleging that Carter Bryant breached his duties to Mattel by working with and assisting

15  a Mattel competitor, MGA, while he was employed by Mattel.[4]  While at Mattel,

16  Bryant worked on the "Bratz" project.[5] On December 7, 2004, MGA filed an answer in

17  intervention claiming that the action put at issue MGA's rights to Bratz.[6]

18       <u>MGA's Complaint</u>.  MGA filed a complaint against Mattel on April 13, 2005

19  alleging that Mattel engaged in "serial copycatting" of the Bratz dolls.[7]  Mattel's action

20  and MGA's action were later consolidated along with a declaratory relief action filed by

21  Bryant, which was later dismissed.[8]

22       <u>Mattel's Counterclaims</u>.  On November 19, 2006, Mattel moved for leave to

23  amend its complaint.  The Court granted Mattel's motion, allowing Mattel's new claims

---

[3]  9/27/07 Hearing Tr. at 24:24-25:2, Proctor Dec., Ex 85.
[4]  Proctor Dec., Ex. 1.
[5]  <u>Id.</u> ¶¶ 12-13.
[6]  Proctor Dec., Ex. 2.
[7]  Proctor Dec., Ex. 3.
[8]  Minute Order Re Consolidation (June 19, 2006), Proctor Dec., Ex. 4.

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

209/1299353.1

Exhibit 2 Page 16

1  to be alleged as counterclaims to MGA's complaint.[9]  Mattel filed its Second Amended

2  Answer and Counterclaims on July 12, 2007.  Mattel's counterclaims against MGA

3  Entertainment, Inc., MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L.

4  de C.V. include claims for copyright infringement, violation of RICO, conspiracy to

5  violate RICO, misappropriation of trade secrets, intentional interference with contract,

6  aiding and abetting breach of fiduciary duty, aiding and abetting breach of duty of

7  loyalty, conversion and unfair competition.[10]  MGA's current amended answer to

8  Mattel's counterclaims asserts twenty-two affirmative defenses.[11]

9       Scheduling Conference.  At the February 12, 2007, and as reflected in a Minute

10  Order, the Court limited depositions to 24 per side and interrogatories to 50 per side.[12]

11  The Court recognized that the parties might need more depositions or interrogatories:

12           I don't want to say they are soft limits [on the number of
            depositions], but they are limits which the Court would
13           certainly understand or would invite counsel to submit a
            motion to expand if there's reason to.  But I just want to have
14           some parameters placed on this at the outset.
15           . . .

16           [L]et's try and work within the confines of the 50
            interrogatories, and if you need more, again, the Court is
17           going to be forthcoming, if there's a need for it.[13]

18

19       Mattel's Interrogatories.  To date, Mattel has propounded 50 interrogatories.[14]  In

20  June 2007, Mattel propounded 19 interrogatories on MGA, MGA Hong Kong, Larian

21

22   [9]   1/11/07 Order Re Mattel's Motion for Leave to Amend, Proctor Dec., Ex. 5.
    [10]   See Mattel's Second Amended Answer in Case No. 05-2727 and Counterclaims,
23  dated July 12, 2007 ("Mattel's Counterclaims"), Proctor Dec., Ex. 16.
    [11]   See MGA's Amended Answer and Affirmative Defenses ("MGA's Amended
24  Answer"), Proctor Dec., Ex. 46.  MGA had filed its original answer on August 13, 2007.
    Proctor Dec., Ex. 17.  After meeting and conferring, MGA acknowledged deficiencies in
25  its defenses and served its amended answer on September 19, 2007.
26   [12]   2/12/07 Scheduling Order, at 1, Proctor Dec., Ex. 6.
    [13]   2/12/07 Scheduling Conference Tr., at 22:12-15 and 24:5-7, Proctor Dec., Ex. 7.
27   [14]   See Proctor Dec., Exs. 8-12, 15, 64-68.

28

r209/2299353.1
                                            -4-

Exhibit 2 Page 17

and Bryant, seeking information about Bratz development, their affirmative defenses to Mattel's claims, defendants' contentions regarding unfair competition claims and MGA's benefit from Bratz.[15] Defendants claimed they exceeded the interrogatory limit, and on September 5, 2007, Judge Infante ruled that identical interrogatories served on multiple parties, as well as interrogatories asking defendants to "state all facts" supporting a particular contention, "identify all persons with knowledge of such facts," and "identify all documents" relevant to such facts, would each count as only one interrogatory.[16]    However, an interrogatory asking a party to state facts supporting different affirmative defenses would count as a different interrogatory per defense.[17] In accordance with that ruling, on September 21, 2007, Mattel served revised sets of fifteen interrogatories.[18]  Defendants nevertheless still refuse to substantively answer these interrogatories, including because they allegedly exceed the number permitted.[19]

Mattel Depositions.  To date, Mattel has taken 18 depositions.  Mattel has had good cause for each of those depositions.  They include:

- Carter Bryant – defendant

- Victoria O'Connor – former MGA executive with knowledge of MGA's and Larian's spoliation of evidence

- Jaqueline Prince – witness allegedly supporting Bryant's Bratz creation story

- Isaac Larian – defendant

- Steve Linker – third party with knowledge of work on Bratz before Bryant left Mattel

- Paula Garcia – Bratz project manager from the start who worked on Bratz with Bryant before he left Mattel

- Brooke Gilbert – Bryant's niece with knowledge of Bryant's computer on which Bryant installed and used "Evidence Eliminator"

---

[15]  Proctor Dec., Ex. 13.
[16]  9/5/07 Order Re Mattel's Interrogatories, at 5-6, Proctor Dec., Ex. 14.
[17]  See id. at 7.
[18]  Proctor Dec., Ex. 45.
[19]  See Proctor Dec., Exs. 73-74.

-5-

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

Exhibit 2 Page 18

- Kerri Brode – MGA employee with knowledge of Bryant's work on Bratz while at Mattel

- Dave Malacrida – MGA public relations employee with knowledge regarding early Bratz design and marketing

- Janet Bryant – Bryant's mother and relied upon by Bryant to establish alleged date of Bratz creation

- Thomas Bryant – Bryant's father and relied upon by Bryant to establish alleged date of Bratz creation

- Sarah Chui – worked on Bratz in 2000 for MGA Hong Kong

- Richard Irmen – Bryant's partner and relied upon by Bryant to establish alleged date of Bratz creation

- Maureen Tkacik – *Wall Street Journal* reporter to whom Larian stated, in an interview, that he chose Mr. Bryant's idea for the Bratz over several others after holding "a sort of fashion-doll design contest in late 1999" -- a time during which Bryant was employed by Mattel and months before MGA and Bryant now say they first were introduced

- MGA Entertainment, Inc. – defendant

- MGA Entertainment (HK) Limited – defendant

- Schyler Bacon – MGA employee who recruited Mattel employees who stole trade secrets

- Denise O'Neal – *Chicago Sun Times* reporter to whom Larian made prior inconsistent statements, including that MGA's creative team decided to use the "Brats" name but to change the "s" to a "z"

## Argument

### I.   THE RULES CONTEMPLATE ADDITIONAL DISCOVERY

The Federal Rules require that a party obtain leave before serving interrogatories or taking depositions beyond the limits established by the Court.  See Fed. R. Civ. P. 33(a) (interrogatories); id. 30(a)(2)(A) (depositions).  The purpose of these limits is to allow the Court to "maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of [w]ide ranging discovery".  Rx USA Wholesale, Inc. v. McKesson Corp., 2007 WL 1827335, at *2-3 (E.D.N.Y. June 25, 2007) (quoting Whittingham v. Amherst Coll., 163 F.R.D. 170, 171-72 (D. Mass. 1995)).  The limits, however, are not intended to "prevent needed discovery," and courts have "broad[] discretion" to allow

additional discovery "based on the complexity" of the case at hand. Notes of the Advisory Committee (1993) to Fed. R. Civ. P. 26(b) & 33. Leave to take additional discovery "shall be granted" to the extent consistent with the principles set forth in Rule 26(b)(2). Fed. R. Civ. P. 30(a)(2)(A), & 33(a). Courts permit additional interrogatories or depositions after considering whether:

> (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has [had] ample opportunity obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the party's resources, and the importance of the proposed discovery in resolving the issues.

Andamiro v. Konami Amusement of Am., 2001 WL 535667, at *2 (C.D. Cal. April 26, 2001) (depositions); see also Collaboration Prop. v. Polycom, Inc., 224 F.R.D. 473, 475 (N.D. Cal. 2004) (interrogatories).

## II.  MATTEL SHOULD BE GRANTED ADDITIONAL DEPOSITIONS

Mattel should be permitted to take more than 24 depositions in these consolidated cases. This action contains three broad categories of significant claims, each of which necessitates additional depositions: Mattel's Bratz-related claims, MGA's unfair competition claims, and Mattel's trade secret theft and RICO claims. MGA's supplemental initial disclosures identified 86 witnesses with knowledge of MGA's claims and defenses, 62 of whom are not Mattel employees.[20]  Mattel's supplemental disclosures contain nearly double the number of witnesses with knowledge, only 43 of whom are Mattel employees.[21] Based on the million-and-a-half pages that MGA has recently produced, Mattel is preparing third supplemental

---

[20]  See MGA Entertainment, Inc.'s Supplemental Disclosures and MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V. and Larian's Initial Disclosures Under Rule 26(a)(1), dated September 21, 2007, at 1-16, Proctor Dec., Ex. 18.

[21]  See Proctor Dec., Ex. 19, at 3-19.

1  disclosures which will name additional witnesses. Mattel can rely on Rule 30(b)(6) to
2  obtain some information, but Mattel cannot effectively prosecute or defend these cases
3  with only 24 depositions.

A.  **Each Category of Claims Warrants More Depositions**

1.  **The Bratz Claims Require Additional Depositions**

6  The number of witnesses involved with the creation of Bratz or with knowledge
7  of Bryant's purported story about when he created – and the inconsistent stories that
8  MGA spun in the media – justify additional depositions. For example, Bryant claims
9  that he created Bratz when he was not a Mattel employee.[22] He initially identified three
10  people who he claimed could corroborate this story:  Tom and Janet Bryant (his
11  parents) and Richard Irmen (his partner). Bryant's mother for the first time in this case
12  recently identified a fourth: her friend, Jeanne Galvano. Bryant will introduce their
13  testimony to vouch for his story, so Mattel obviously needs and is entitled to depose
14  them. Similarly, Isaac Larian has repeatedly made conflicting, inconsistent statements
15  about Bratz's creation to the press, among others.[23] Mattel thus far has deposed two of
16  the journalists who wrote those stories – depositions where Mattel's questioning lasted
17  far less than an hour. Bryant's "alibi" witnesses and the reporters alone use up one-third
18  of Mattel's originally allotted 24 depositions.

19  In addition, at the time of the Scheduling Order, Bryant and MGA had said only
20  a handful of people worked directly on Bratz prior to 2002:  Bryant, Anna Rhee,
21  Mercedeh Ward, Margaret Leahy, Paula Garcia and unidentified people in Hong
22  Kong.[24] In a recent supplemental interrogatory response, MGA identified 11 more
23  people who worked on the first Bratz dolls, including Sarah Halpern, Veronica Marlow,

---

[22]  Bryant Dep. Tr. at 140:9-141:8, Proctor Dec., Ex. 20.
[23]  Proctor Dec., Ex. 21.
[24]  See Bryant's Objections and Responses to Second Set of Interrogatories Propounded by Mattel, Inc., at 4, Proctor Dec., Ex. 22; MGA's Response to Mattel's Second Set of Interrogatories, at 4:17-20, Proctor Dec., Ex. 23.

1   Cecilia Kwok, David Dees, Stephen Tarmichael, Edmond Lee, Franki Tsang, Samuel

2   Wong, Stephen Lee, William Ragsdale and Wendy Ragsdale (and Mattel now knows

3   that even this list is incomplete).[25]  This list does not include anyone involved in early

4   sales, marketing, product testing or advertising of Bratz.

5           When a deponent possesses unique information, courts generally grant leave for

6   additional depositions because they do not undermine the key purpose of the limits –

7   preventing duplicative discovery.  See, e.g., Bromgard v. Montana, 2007 WL 1101179,

8   at *2 (D. Mont. April 11, 2007).  Courts deny additional depositions when deponents

9   are likely to have common, interchangeable information.  And, even in such instances,

10  courts may allow a limited number or sequential depositions to proceed.  See, e.g., Rx

11  USA, 2007 WL 1827335, at *3 (allowing additional deposition testimony on one but

12  not both individuals with generalized information).

13          Here, Mattel seeks depositions of witnesses who each have specific, unique

14  personal knowledge of the Bratz claims as well as about other claims in the case.  All of

15  them are third parties:

16  • Sarah Halpern – worked on the patterns for the first Bratz dolls

17  • Margaret Leahy – sculpted the first Bratz dolls and 4-Ever Best Friends

18  • Veronica Marlow – worked on the first Bratz doll fashions as well on products at issue in MGA's claims

19
20  • Elise Cloonan – worked with Bryant on his Bratz pitch to MGA while both were employed by Mattel

21  • Jesse Ramirez – worked on molds for Bratz

22  • Jeanne Galvano – alleged witness Bryant's mother recently claimed can verify facts relating to Bratz's creation

23
24  • Stephen Lee – Managing Director of MGA Hong Kong during development of Bratz and other products at issue

25  _____

26  [25]  MGA's Third Supplemental Responses to Mattel's Second Set of Interrogatories, at 4:1-6:3, Proctor Dec., Ex. 24; see Linker Dep. Tr. at 59:22-64:9, Proctor Dec., Ex. 25

27  (testifying that Paula (Treantafelles) Garcia and Bryant approached him and his partner, Liz Hogan, before Bryant left Mattel to work on Bratz).

28

- Cecilia Kwok – MGA Hong Kong employee principally involved with first Bratz dolls

- Farhad Larian – brother of Isaac Larian, who sued Isaac Larian and alleged, inter alia, that MGA was working on Bratz by early 2000 (months before MGA and Bryant claim to have met) when he was a part owner of MGA[26]

- Certain as yet unidentified attorneys who represented parties to disputes between Isaac Larian and Farhad Larian in which the creation of and value of Bratz was at issue

- Sandra Bilotto – sculptor who worked on Prayer Angel dolls at issue[27]

- Anne Wang – represented Bryant in negotiations with MGA while he was a Mattel employee that led to the agreement dated "as of September 18, 2000"[28]

- David Rosenbaum – represented MGA in negotiations with Bryant's first agreement with MGA[29]

- Christensen Glaser LLP – firm to which Victoria O'Connor faxed the MGA/Bryant agreement that Isaac Larian had ordered her to alter[30]

- Lucy Arant – lawyer with knowledge of MGA's first use of Bratz

- Mitchell Kamarck – former MGA counsel who responsible for patent applications, including those in which Isaac Larian had claimed to be the inventor of Bratz features that Bryant has since testified he created[31]

- Carol Witschell – lawyer who worked on MGA trademark applications and other trademark matters at issue

- Nana Ashong – former MGA employee who stated Bratz was created during Bryant's employment by Mattel[32]

- Larry McFarland – wrote MGA copyright registrations that stated the Bratz dolls were created during 2000 and that, after this suit was filed, MGA claimed were incorrect

- Eric Yip – MGA Hong Kong Sales Administrator in 2000 and 2001, when Bratz were created and first shipped to Bandai in Spain[33]

---

[26] See Larian Dep. Tr. at 159:17-160:14, Proctor Dec. Ex. 54.
[27] Brode Dep. Tr. at 303:9-316:16, Proctor Dec. Ex. 55; Dep. Exhs. 607, 608, 609, Proctor Dec., Ex. 56.
[28] See Bryant Tr. at 39:6-42:18, Proctor Dec. Ex. 60.
[29] See O'Connor Dep. Tr. at 94:1-95:21, Proctor Dec., Ex. 61.
[30] See O'Connor Tr. 17:3-19:19, Proctor Dec. Ex 75.
[31] See Armstrong Dep. Tr. at 10:7-12, 26:16-23, 244:18-21, Proctor Dec. Ex. 62.
[32] See Brode Tr. at 87:13-88:11, Proctor Dec., Ex. 55.
[33] See Harris Dep. Tr. at 121:16-122:17, Proctor Dec. Ex. 63.

- Gentle Giant Studios – created relevant moldings and casts while Bryant was still employed at Mattel[34]

- Christopher Palmeri – *Business Week* reporter who wrote that Larian purportedly "got the idea for Bratz after seeing his own kids run around in navel-bearing tops and hip-huggers"[35]

- Jeff Weiss – *San Fernando Valley Business Journal* reporter who quoted another inconsistent Larian statement concerning the origin of Bratz[36]

- Kickapoo High School – where Bryant allegedly found inspiration for Bratz and author of documents refuting that claim

- LA Focus – conducted Bratz focus groups, including focus groups that MGA denies occured

- Joyce Ng – independent contractor who moderated Bratz focus groups

- Rachel Harris – former MGA employee who worked on initial Bratz packaging as well as on other packaging which MGA's claims rest on

- Peter Marlow – spouse of Veronica Marlow who negotiated millions of dollars in payments for Bratz from Bryant on her behalf

- Andreas Koch – former MGA manager who has knowledge of Bryant's initial contacts with MGA

- Kami Gillmour – former Mattel and MGA employee who has knowledge regarding Paula Garcia's employment with MGA, confidential information taken from Mattel and MGA's projects at issue

- Mercedeh Ward – engineer on initial Bratz dolls and author of emails reflecting the use of Mattel property in its creation

- Moss Adams – accounting firm with knowledge of MGA's profits and distributions thereof to Larian (who owns 90% of MGA's shares)

- Wachovia Bank – bank identified as being involved in early Bratz financing and knowledgeable about MGA's net worth or value

- Amy Myers – formerly with MGA and has knowledge of Prayer Angels project that MGA has raised as a defense

- Two or three parties MGA sued for infringement of Bratz and whose identities are not yet known to Mattel – they will have knowledge of the dolls and other properties MGA has sued on in the past, which is relevant to refuting MGA's current claims that earlier iterations of Bratz products look nothing like subsequent iteration of Bratz products

---

[34]  See Proctor Dec., Ex 72.
[35]  Proctor Dec. Ex. 52.
[36]  Proctor Dec. Ex. 53.

-11-

07209/2299353.1

Exhibit 2 Page 24

1    Further, many of these same witnesses are also knowledgeable as to MGA's
2    claims of unfair competition and Mattel's trade secret and RICO claims, as they
3    continued to work with MGA in later years. For example, MGA has already identified
4    Halpern, Kwok, Leahy, Marlow, Lee, Ward and Yip as individuals involved with the
5    products at issue.[37] Likewise, Ramirez continued working on molds for subsequent
6    Bratz dolls through at least 2005,[38] while Kamarck,[39] Witschell,[40] Arant, and
7    McFarland[41] were involved in subsequent Bratz-related intellectual property matters.
8    As such, testimony from these witnesses is essential for both phases of trial.

9    **2.    Mattel's Trade Secret and RICO Claims and MGA's Unfair**
10   **Competition Claims Require Additional Depositions**

11   Mattel has sued MGA for misappropriating Mattel trade secrets and RICO
12   violations by, among other things, stealing thousands of pages of Mattel confidential
13   information in the United States, Canada and Mexico.[42] Mattel identified Ron Brawer,
14   Janine Brisbois, Gustavo Machado, Mariana Trueba Almada and Pablo Vargas as
15   individuals who misappropriated Mattel trade secrets. The only person Mattel has been
16   able to depose on its counterclaims is Ms. Bacon, who coordinated MGA's recruiting of

17
18
19
20

---

[37]  See MGA's Fourth Supp. Response to Interrogatory No. 1 of Mattel's First Set of
Interrogatories Re Claims of Unfair Competition, at 10-12, 18, 19, Proctor Dec., Ex. 27.
[38]  See, e.g., Proctor Dec., Ex. 69 (showing various Bratz-related work in 2005).
[39]  See, e.g., Armstrong Tr. 26:5-23, Proctor Dec., Ex. 62 (discussing involvement in
Bratz-related patent applications through 2004).
[40]  See, e.g., Proctor Dec., Ex. 70 (discussing involvement with Bratz registrations).
[41]  See, e.g., Proctor Dec., Ex. 71 (discussing involvement with Bratz licensing).
[42]  Mattel's Counterclaims ¶¶ 37-54, 70-76, Proctor Dec., Ex 16.

21
22
23
24
25
26
27
28

07209/2299353.1

-12-

Mattel employees.[43]   Accordingly, Mattel seeks leave to take the depositions of the following witnesses on such claims:[44]

- Ron Brawer – has knowledge of stolen Mattel trade secrets in the U.S.
- Janine Brisbois – former Mattel employee who stole Mattel trade secrets
- Gustavo Machado – former Mattel employee who stole Mattel trade secrets
- Mariana Trueba – former Mattel employee who stole Mattel trade secrets
- Pablo Vargas – former Mattel employee who stole Mattel trade secrets
- Ricardo Abundis – has knowledge of stolen Mattel trade secrets in Mexico
- Jorge Castilla – believed to have stolen Mattel trade secrets in the U.S.
- Nic Contreras – believed to have knowledge of stolen Mattel trade secrets
- Dan Cooney – believed to have knowledge of stolen Mattel trade secrets
- Susan Kuemmerle – believed to have knowledge regarding stolen Mattel trade secrets in Mexico
- Shirin Salemnia – believed to have knowledge of stolen Mattel trade secrets
- MGAE de Mexico – defendant to trade secret theft and RICO claims
- MGA Entertainment, Inc. – defendant

Further, MGA has accused Mattel of trade dress infringement and dilution and unfair competition in connection with more than 440 products.[45] MGA has identified

---

[43]   Bacon Dep. Tr. at 12:12-13, 51:22-52:17, 86:8-12, and 114:19-116:9, Proctor Dec., Ex. 28. And even with respect to Ms. Bacon's deposition, MGA attempted to prevent her from testifying on the grounds that Mattel had not noticed her deposition individually, but only as a Rule 30(b)(6) designee. See Proctor Dec., Ex. 29.

[44]   These are those who Mattel has identified to date. Mattel anticipates that there may be more who will need to be deposed in connection with MGA's unfair competition claims and Mattel's counterclaims because (a) it continues to review the over one-and-a-half million pages of documents that MGA produced in the past month and (b) MGA, to date, has failed to identify how it anticipates defending Mattel's counterclaims or which documents or witnesses it will rely upon to do so, including by its ongoing failures to answer Mattel contention interrogatories related to its defenses to Mattel's counterclaims.

[45]   MGA's Supp. Response to Interrogatory No. 2 Of Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair Competition, at 5-19, Proctor Dec., Ex. 26.

-13-
MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

Exhibit 2 Page 26

1  117 witnesses with knowledge of the creation or promotion of those products,[46]

2  including many of the persons listed above. Mattel has taken the depositions of only

3  six of those 117 named individuals, and has not yet been able to depose two of them,

4  Bryant or Larian, regarding the unfair competition allegations.

5      **B.**    **Mattel Needs Additional Depositions Because the Integrity of MGA's**

6                  **and Bryant's Preservation of Documents Is At Issue**

7        Mattel also is entitled to inquire about MGA's and Bryant's preservation and

8  production of evidence. For example, as MGA's designee on document preservation

9  testified, MGA had only obtained off-site documents as of the summer of 2007 and had

10 searched none of these documents for responsive documents, even though the Court

11 had ordered MGA to produce them and MGA had previously represented that its

12 production was complete.[47] Further, MGA's designee on MGA's electronic document

13 preservation and collection testified that MGA's only search of such information was a

14 single search of Isaac Larian's e-mails in 2005, nothing more.[48] MGA's designee

15 repeatedly testified that Joe Tiongco, who Mattel seeks to depose, has more

16 knowledge.[49] In the same vein, Mattel seeks to depose Daphne Gronich, who provided

17 the preservation declaration on MGA's behalf.[50] In addition, there are serious issues

18 about Bryant's hard drives, including because of Bryant's prior counsel's conflicting

19 representations about their collection and preservation – and indeed even their

20 existence. Mattel therefore seeks testimony on these subjects.[51] Bryant's belated

21 revelation that he installed and used the "Evidence Eliminator" program on these drives

22      [46]  MGA's Fourth Supp. Resp. Unfair Comp. No. 1, at 5-16, Proctor Dec., Ex. 27.

23      [47]  9/24/07 Stip. and Order, Proctor Dec., Ex. 30; Tonnu Dep. Tr. at 612:13-612:15,

24 620:14-621:21, Proctor Dec., Ex. 31; 8/13/07 Order, at 14:18-22, Proctor Dec., Ex. 32.
     [48]  See Lockhart Deposition Tr. at 265:1-11, Proctor Dec., Ex. 33.

25      [49]  Id. at 116:2-14, 150:25-151:5, 158:10-15. 258:17-259:9, 265:1-11, 266:12-267:5.

26      [50]  See Dec. of Daphne Gronich in Response to Court's Request for Information
Regarding Document Preservation, dated September 10, 2007, Proctor Dec., Ex. 34.

27      [51]  Notice of Deposition of Littler Mendelson Pursuant to Federal Rule of Procedure
30(b)(6), dated September 6, 2007, Proctor Dec., Ex. 35.

28

-14-

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

Exhibit 2 Page 27

1  underscores all the more the legitimacy of full and fair discovery into the integrity of

2  his drives.

3  **C.    Mattel Seeks Leave to Take 30(b)(6) Depositions On Non-Duplicative**

4  **Topics**

5      MGA objected, and the Discovery Master has ruled, that a corporate party who

6  has been deposed pursuant to a Rule 30(b)(6) notice cannot be deposed pursuant to a

7  subsequent notice absent Court leave.[52]  Mattel has not propounded a Rule 30(b)(6)

8  Notice of Deposition on MGA or MGAE de Mexico related to either MGA's unfair

9  competition claims or Mattel's counterclaims.   Mattel's Notices of Deposition—

10  attached as Exhibits A and B—contain topics of testimony which relate to those

11  claims.[53]  Mattel has not previously served any Rule 30(b)(6) Notice on MGAE de

12  Mexico at all, and the topics in the additional Notice to MGA are not duplicative of

13  those in Mattel's prior Notices to MGA.[54]  Mattel respectfully submits that it should be

14  granted leave to proceed with those depositions.

15  **D.    Mattel Meets The Requirements for Additional Discovery**

16      When a deponent possess unique information, courts will generally allow leave

17  for additional depositions because they do not undermine the key purpose of the

18

19  [52]  9/25/07 Order Re Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under 30(b)(6), Proctor Dec., Ex. 36.

20  [53]  See Exhibits A & B.  Mattel's Fourth Notice of Deposition is far less than burdensome compared to MGA's recently served Notice of Deposition, which contains

21  more than 80 topics, each of which has many sub-parts.  See MGA Entertainment, Inc.'s Notice of Deposition of Mattel, dated September 5, 2007, Proctor Dec., Ex. 40.

22  [54]  Mattel's First Notice of Deposition was narrowly tailored to obtain information

23  related to MGA's contentions that Bryant and Anna Rhee had worked on Prayer Angels, not Bratz, while Bryant employed by Mattel. Proctor Dec., Ex. 37.  Mattel's Second

24  Notice sought information related to Bratz, including Bratz revenues, costs and profits, and evidence preservation and collection.  Proctor Dec., Ex. 38.  Mattel's Third Notice sought

25  follow-up information on matters that had arisen in discovery, including with respect to specific electronic evidence, specific individuals who worked on the first Bratz dolls,

26  payments made to witnesses or parties, and statements to reporters related to Bratz's creation and inspiration.  Proctor Dec., Ex. 39.

27

28

-15-

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

Exhibit 2 Page 28

1  limits—preventing duplicative discovery.  See, e.g., Bromgard, 2007 WL 1101179, at

2  *2 (D. Mont. April 11, 2007).  As explained above, Mattel seeks depositions of

3  individuals who each have specific, unique knowledge of the underlying events.

4       Without additional depositions, Mattel cannot discover the full extent of MGA's

5  wrongdoing or adequately prepare to defend against MGA's claims.  Mattel seeks a

6  declaration of ownership of Bratz works that Bryant created during his Mattel

7  employment and their derivatives – property that MGA and Bryant have claimed are

8  worth hundreds of millions of dollars and perhaps more.  Mattel has accused MGA of

9  stealing thousands of pages of Mattel's most valuable trade secrets, including product

10 lines, and strategic plans.  MGA has accused Mattel of infringing hundreds of MGA

11 products, alleging "billions" of dollars in damages.  In light of the magnitude of this

12 case, the burden or additional expense of these depositions pales in comparison to

13 Mattel's need to fully prepare to try this case.  As set forth above, the depositions that

14 Mattel seeks by this motion are not collateral, but go to the heart of its claims and

15 defenses.  See, e.g., Rx USA, 2007 WL 1827335, at *2-3 (additional depositions

16 warranted in a dispute between large corporations, given the complexity of the issues

17 and the parties' resources).

18 **III.**    **THE COURT SHOULD GRANT LEAVE WITH RESPECT TO**

19         **MATTEL'S INTERROGATORIES**

20      Two categories of interrogatories are involved here:  first, Mattel's proposed

21 additional interrogatories that it seeks leave to serve; and, second, interrogatories which

22 Mattel has already served on defendants.

23      **A.**    **Mattel Should Be Allowed To Propound Additional Interrogatories**

24      Mattel seeks leave to propound additional interrogatories related to MGA's unfair

25 competition claims and Mattel's counterclaims, and MGA's evidence collection and

26 preservation.  To properly prepare for trial, Mattel seeks leave to serve interrogatories

27 requiring defendants to identify the facts, documents and witnesses it will use to prove

28 its claims, defenses and damages.  Mattel's proposed interrogatories thus seek to

1  identify which specific Mattel designs or products defendants allege infringe on
2  defendants' designs[55] and trade dress[56] and the facts supporting those legal claims.[57]
3  Additionally, Mattel seeks to determine defendants' position regarding their
4  misappropriation of Mattel documents, including whether defendants contend that no
5  such documents were obtained improperly,[58] that the information contained therein has
6  no value as a trade secret,[59] that the information had been publicly disclosed,[60] that
7  defendants did not use or disclose such information,[61] that any such disclosure neither
8  benefited defendants nor harmed Mattel,[62] and that defendants have a right to possess,
9  use or disclose any such documents in their possession.[63]  These are essential elements
10  of the trade secret theft claim.  See Cal. Civ. Code § 3426.1.  Finally, Mattel seeks
11  information related to MGA's efforts to collect and preserve evidence relevant or
12  potentially relevant to this action.[64]

13      The proposed interrogatories are consistent with the factors set out in Rule 26(b)
14  and should be permitted.  They seek disclosure of specific relevant facts regarding
15  topics which have not been the subject of prior interrogatories.  The majority of Mattel's
16  prior interrogatories focused on issues related to creation and ownership of Bratz.[65]
17  Only Mattel's set of interrogatories relating to MGA's unfair competition claims could

18

19

---

20  [55] See Mattel's Proposed Interrogatory No. 51.
     [56] See Mattel's Proposed Interrogatory No. 52.
21  [57] See Mattel's Proposed Interrogatories Nos. 53, 54, 55.
     [58] See Mattel's Proposed Interrogatory No. 56.
22  [59] See Mattel's Proposed Interrogatory No. 57.
     [60] See Mattel's Proposed Interrogatory No. 58.
23  [61] See Mattel's Proposed Interrogatory No. 59.
24  [62] See Mattel's Proposed Interrogatory No. 60.
     [63] See Mattel's Proposed Interrogatory No. 61.
25  [64] See Mattel's Proposed Interrogatories Nos. 63-64.
26  [65] See First Set to Bryant, Proctor Dec., Ex 8; First Set to MGA, Proctor Dec., Ex. 9;
27  Second Set to Bryant, Proctor Dec., Ex. 11; Second Set to MGA, Proctor Dec., Ex. 10;
     Third Set Revised, Proctor Dec., Ex. 45.
28

-17-

**Exhibit 2 Page 30**

1   conceivably overlap with the proposed interrogatories.[66]  However, the interrogatories

2   already propounded focused on issues distinct from the proposed interrogatories—

3   specifically, facts relating to MGA employees involved with certain MGA products,[67]

4   MGA's alleged injuries,[68] MGA's allegations regarding Mattel's conduct with certain

5   third-parties in the industry[69] and MGA's allegations of product confusion.[70]  These are

6   not duplicated in the interrogatories which Mattel is proposing.

7           Finally, the benefits of the proposed interrogatories outweigh any added burden,

8   as these type of facts are properly revealed through interrogatories, and the information

9   sought by the interrogatories will advance this litigation and avoid surprise at trial.

10          **B.     The Court Should Grant Leave With Respect To Mattel's**

11                   **Outstanding Interrogatories That Defendants Will Not Answer**

12          To date, Mattel has served 50 interrogatories on the defendants.  Yet, by

13  objecting to some of those previously served interrogatories served as being compound,

14  defendants refuse to answer on the purported ground that they exceed the Court's

15  limit.[71]  Although defendants are wrong, the Court should eliminate further delay and

16  quarreling by defendants by simply granting Mattel leave to serve them regardless of

17  how they are counted.

18          Mattel has been seeking answers to these basic interrogatories for over five

19  months now.  To justify their wholesale refusal to answer them, defendants claimed

20  they exceeded the Court's limit on the number of interrogatories.  Mattel moved to

21  compel, defendants moved for a protective order, and in a September 5, 2007 Order

22  Judge Infante provided guidance on the counting of the interrogatories.  Mattel then

23

24  [66] See First Set Re Unfair Comp., Proctor Dec., Ex. 12.
25  [67] See id. No. 1.
    [68] See id. No. 4.
26  [69] See id. Nos. 5, 8, 9, and 10.
    [70] See id. No. 7.
27  [71] See Bryant's Objections to Revised Third Set, Proctor Dec., Ex. 73; Bryant's
    Objections to Amended Fourth Set, Proctor Dec., Ex. 74.

28

1  propounded revised interrogatories that were consistent with the Discovery Master's

2  Order.

3       Defendants nevertheless claim, once again, that Mattel exceeds its 50 allotted

4  interrogatories. Not only is this without merit,[72] but it is clear that defendants rehash

5  this objection for no other reason than to obstruct. Bryant refuses to answer any

6  interrogatory past No. 27 because "Mattel has propounded more than 50

7  interrogatories."[73] And, even the minimal answers he gave to others amply confirms

8  that he continues to stonewall on even basic discovery in this case. MGA makes

9  essentially the same objection.[74] Accordingly, through nothing more than creatively

---

[72] The essence of the defendants' objection is that Mattel's revised interrogatories are compound interrogatories because they improperly require them to respond to individual interrogatories with "different and distinct facts." See Bryant's Objections to Revised Third Set, at 18; Bryant's Objections to Amended Fourth Set, at 4. For example, defendants frivolously object to having to identify both the name of a product and its corresponding product number. But Judge Infante ruled on this matter, explaining that interrogatories "'containing subparts directed at eliciting details concerning [a] common theme should be considered a single question,'" while interrogatories on "discrete issues" should be treated as multiple interrogatories. Order re Mattel's Interrogs., at 5 (quoting 8A Wright & Miller, Federal Practice & Procedure § 2168.1 (2d ed. 1994)); see also id. at 7. The scope of Mattel's revised interrogatories is no different than those which Judge Infante ruled were permissible, as in both instances the "subparts are related and directed to the underlying details of a specifically identified" subject. See id. Judge Infante specifically observed that under the Advisory Committee notes, interrogatories which required distinct factual answers relating to the same subject—e.g., the time, place, persons present, and contents of a particular communication—should be treated as a single interrogatory. See id. Mattel's revised interrogatories are not compound, and defendants' arguments to the contrary are groundless: the fact that an interrogatory answer requires *different facts* does not convert it into a compound interrogatory on *different issues.*

[73] Bryant's Objections to Revised Third Set, at 7. Bryant then makes the same objection to the remaining 23 interrogatories.

[74] See MGA's Objections to Revised Third Set, at 8, Proctor Dec., Ex. 76; MGA (HK) Ltd.'s Objections to Revised Third Set, at 17, Proctor Dec., Ex. 77; MGAE de Mexico's Objections to Revised Third Set, at 8, Proctor Dec., Ex. 78; Larian's Objections to Revised Third, at 8, Proctor Dec., Ex. 79; MGA's Objections Amended Fourth Set, at 7, Proctor Dec., Ex. 80; MGA (HK) Ltd.'S Objections to Amended Fourth Set, at 7-8, Proctor Dec., Ex. 81; MGAE de Mexico's Objections to Amended Fourth Set, at 8, Proctor Dec., Ex. 82; Larian's Objections to Amended Fourth Set, at 7, Proctor Dec., Ex. 83.

1  counting a few interrogatories as a multitude, defendants manufacture grounds to delay
2  yet more and refuse obviously appropriate discovery.  To the extent that defendants
3  have substantive objections to specific interrogatories, these issues may be properly
4  heard before the Discovery Master.  But defendants should not be permitted to serially
5  raise the same objection to a few specific interrogatories in order to delay for yet more
6  months in responding to the bulk of Mattel's interrogatories.  Mattel requests that this
7  Court cut through this issue by granting Mattel leave, to the extent needed, to serve
8  each of the interrogatories that have been served to date regardless of how they are
9  counted.

10  **IV.   THE COURT SHOULD ALLOW ADDITIONAL TIME FOR THE**
11  **BRYANT DEPOSITION**

12          On September 28, 2007, the Discovery Master issued an Order Granting in Part
13  Mattel's Motion for Additional Time to Depose Carter Bryant for All Purposes,
14  granting Mattel seven additional hours to depose Bryant (in addition to 2 hours
15  previously granted based on counsel's dozens of improper instructions not to answer at
16  the Bryant deposition), but denying Mattel the 21 hours that it sought.[75]   Mattel
17  respectfully submits that the facts, as determined by the Discovery Master, justify far
18  more than seven additional hours, and the Court should grant additional time.

19          Mattel does not contest the Discovery Master's factual findings in any way.  To
20  the contrary, the underlying factual findings were plainly correct.  As Judge Infante
21  noted, Mattel's deposition of Bryant in 2004 took place before MGA even brought its
22  unfair competition claims and before Mattel filed its counterclaims, and Mattel had no
23  opportunity to depose Bryant on either.[76]  Thus, as Judge Infante justifiably found:

24          •   The new claims and defenses that were added to the case after Bryant's
                 deposition justify additional deposition time. . . . Without question,
25

26  [75]   Order Granting in Part Mattel's Motion for Additional Time to Depose Carter
     Bryant for All Purposes (Sept. 28, 2007) ("Order re Additional Time"), at 8:7-13, Proctor
27  Dec., Ex. 43.
         [76]   Id. at 5:2-10.
28

07209/2299353.1

-20-

> Bryant is a critical witness regarding MGA's unfair competition claims and Mattel has not had an opportunity to depose him on such claims.[77]

- In addition, Mattel filed a counterclaim against Bryant, MGA, and other defendants in 2007, asserting thirteen different claims . . . . Bryant filed an answer asserting over twenty affirmative defenses. Mattel has not had an opportunity to depose Bryant on any of these claims or defenses.[78]

- Bryant is the central figure in this litigation and arguably the most important witness *for virtually every claim in the case.* No other witness in the case has his depth and breadth of relevant information.[79]

Bryant and MGA cannot dispute any of this. In interrogatory responses, MGA lists Bryant as a person directly involved with and knowledgeable about the allegedly infringed MGA products that MGA has put at issue.[80] MGA's responses to Mattel's interrogatories also state that the entire Bratz line is the subject of MGA's claims, and an MGA witness has declared that there are more than 200 Bratz products.[81] Moreover, Paula Garcia, MGA's Vice President of Product Design and Development, has declared that she and Bryant are "the *only* people who know what the concept is and who see the early product drawings" with respect to many Bratz products.[82] That is particularly important because many of both Mattel's *and* MGA's claims will turn on the source and timing of these products at issue. As the Court knows, Mattel's defenses to MGA's infringement claims rest, in part, on the fact that it was MGA which stole and copied Mattel products through its trade secret thefts. Testimony on the origins of those MGA products and when they were created is indispensable.

---

[77] Id. at 5:4-5.
[78] Id. at 5:6-10.
[79] Id. at 5:15-17 (emphasis added).
[80] MGA's Responses to Mattel's First Set of Interrogatories Re Claims of Unfair Competition, dated January 19, 2007, Response No. 1, at 6:9, Proctor Dec., Ex. 57.
[81] See Declaration of Patricia Perrier in Support of MGA's Opposition to Mattel's Motion to Try All Claims Related to Bratz Ownership in Phase One, dated May 25, 2007, at ¶ 2, Proctor Dec., Ex. 58; MGA Sup. Resp. Unfair Comp. No. 2, Proctor Dec., Ex. 26.
[82] Declaration of Paula Garcia in Support of MGA's Opposition to Mattel's Motion to Compel, dated February 9, 2007, ¶ 6 (emphasis in original), Proctor Dec., Ex. 59.

-21-

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

Exhibit 2 Page 34

1    Bryant is also obviously a crucial witness on Mattel's copyright infringement,

2  RICO and other counterclaims, which raise a host of new issues Bryant has not been

3  deposed on.  According to MGA, Mattel's copyright infringement claim against Bryant

4  alone relates to "*hundreds* of products."[83]  Bryant was also personally involved, either

5  as sender or recipient, in approximately 100 of the predicate acts of mail and wire fraud

6  alleged by Mattel.[84]  Mattel is entitled to question Bryant about these and all the other

7  issues presented for the first time by Mattel's counterclaims and Bryant's answer.

8    Moreover, as Judge Infante found, "new evidence justifies additional time to

9  depose Bryant."[85]  Judge Infante noted that Bryant's deposition took place before "98

10  percent of Bryant's and MGA's collective document production took place"[86] – and that

11  did not even reflect the more than a million-and-a-half pages, that MGA has produced

12  in recent weeks.[87]  In truth, *99.9% of defendants' production in this case has occurred

13  only after Bryant's 2004 deposition.*  Thus, Mattel has had no opportunity to examine

14  Bryant on the vast bulk of the evidence, whether relevant to new claims or the original

15  ones.  This includes, for example:

16   •    Bryant's fee agreements with MGA, which reflect that MGA is paying
         Bryant's legal fees at its discretion, and which were withheld by Bryant
17       even in the face of prior court orders;

18   •    Bratz design drawings produced by Bryant for the first time this year,
         only after being ordered, which bear handwritten dates of September
19       19, 1999, at time when Bryant was employed by Mattel;

20   •    Bryant's desktop hard drive, which reveals his use of "Evidence
         Eliminator" software, which was not produced until compelled this
21       year.

---

[83]   See MGA's Opposition to Mattel's Motion to Try All Claims Related to Bratz
Ownership in Phase One at 3:12-19.
[84]   See Mattel's Second Amended Answer & Counterclaims, Exhibit C.
[85]   Order re Additional Time at 5:20 (font altered), Proctor Dec., Ex. 43.
[86]   Id. at 5:24-27, Proctor Dec., Ex. 43.  Notably, Judge Infante calculated the 98
percent number based on MGA's production of 157,000 pages of documents as of the close
of briefing in late August.  Since that time MGA has produced over a million-and-a-half
pages of documents.  See Proctor Dec. ¶ 45.
[87]   See Proctor Dec. ¶ 45.

- Original Bratz drawings, which Bryant did not make available for inspection until this summer, after being ordered to do so, notwithstanding his promise that he would produce such documents at the 2004 deposition.

- A fax from Bryant to David Rosenbaum, outside counsel for MGA, dated September 14, 2000, wherein Bryant stated that he could not ask Mattel's Human Resources any more questions about his contract with Mattel "without risking suspicion."

- October 10, 2000 e-mails between Isaac Larian, Victoria O'Connor and Paula Garcia (formerly Treantafelles), reflecting that Bryant worked on Bratz with MGA "on average about 4 hours a day," starting at least six weeks before he left Mattel.

- Invoices showing that Veronica Marlow, a key third party, billed MGA for 169 hours of development services on Bratz that were performed before Bryant left Mattel.

The list of new evidence that was requested by Mattel before Bryant's deposition but first produced by defendants only later literally goes on and on. As Judge Infante ruled, "a witness may be re-deposed with respect to . . . new developments" in a case, including new documents such as these, as well as new claims.[88]

Despite his factual findings, Judge Infante ruled that Mattel is only entitled to an additional seven hours of deposition. Previously Judge Infante had gave Mattel two additional hours as a result of the improper instructions and objections by counsel at Bryant's deposition.[89] So, under Judge Infante's ruling, Mattel has been limited to only seven hours to depose Bryant – the "most important witness for virtually every claim in the case"[90] – on MGA's claims, Mattel's counterclaims, the hundreds of MGA and Mattel products now at issue about which Bryant has unique knowledge, and the vast amounts of recently produced new evidence. This is unfair. The ruling that Mattel be

---

[88]  Order re Additional Time at 4:20-24 (quoting Fresenius Med. Care Hldgs, Inc. v. Roxane Labs., Inc., 2007 WL 764302 (S.D. Ohio 2007)), Proctor Dec., Ex. 43.

[89]  Order re Additional Time at 7:24-25, Proctor Dec., Ex. 43; see Order Granting In Part And Denying In Part Mattel's Motion To Overrule Instructions Not To Answer During The Deposition Of Carter Bryant (March 7, 2007), Proctor Dec., Ex. 44.

[90]  Id. at 5:15-17.

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

Exhibit 2 Page 36

1  granted only seven additional hours is clearly erroneous given Bryant's singular

2  importance, the magnitude of this case and the tectonic shift of claims.

3      Also, based on <u>Rule</u> 30's "presumptive one day, seven-hour limitation on

4  depositions," Judge Infante awarded Mattel a total of 7 hours to depose Bryant on all of

5  MGA's claims and all of Mattel's counterclaims.[91] It is simply impossible to conduct a

6  deposition on those claims – which had not even been filed when Bryant was first

7  deposed – in that amount of time.  Judge Infante apparently awarded Mattel no

8  additional time based on new evidence, even though 99.9% of defendants' production

9  has taken place since the 2004 deposition.  That effectively punishes Mattel for

10  defendants' discovery misconduct.  Mattel requested defendants' documents before the

11  deposition took place; defendants withheld them at their own peril, not at Mattel's.[92]

12  Mattel is entitled to a fair amount of time to depose the key witness in the case on the

13  new claims and evidence he has not been deposed on.  The Court should afford that,

14  and grant Mattel a total of 21 hours for the deposition.[93]

15

16

---

17  [91]  <u>Id.</u> at 8:10-13.

[92]  <u>See, e.g.</u>, <u>Fresenius Medical Care Holdings, Inc. v. Roxane Laboratories, Inc.</u>, 2007

18  WL 764302, at *2 (S.D. Ohio 2007) (originally cited by Bryant to Judge Infante) (allowing

19  second deposition because defendant failed to produce requested documents prior to first deposition); <u>Robins v. Scholastic Book Fairs</u>, 928 F. Supp. 1027, 1036 (D. Or. 1996) ("the

20  second set of depositions of these individuals was necessary because they had to be questioned about additional documents that Defendant produced after the first set of

21  depositions"); <u>Ritchie v. U.S.</u>, 2004 WL 1161171, at *3 (N.D. Cal. 2004) ("when further

22  evidence linking [witness to the project in dispute] subsequently came to light this court permitted plaintiff to depose [the witness] a second time").

23  [93]  In the alternative, the Court should excercise its discretion to enlarge Mattel's time

24  to depose Bryant.  The Court previously extended MGA's deadlines to produce documents that it was compelled to produce even though Judge Infante had specifically <i>rejected</i>

25  MGA's request for additional time to comply and despite MGA's failure to show there was

26  any error in that ruling.  Here, there can be no dispute that the Court has the right to ensure that the parties receive fair discovery, proportionate to the magnitude and complexity of

27  the case, and that trial in this matter is conducted without undue surprises which will cause prejudice and waste the time of the Court and the jury.

28

-24-

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

Exhibit 2 Page 37



**Conclusion**

For the foregoing reasons, Mattel respectfully requests that the Court grant Mattel's motion for leave.

DATED:  November 19, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By Jon Corey /s/
    Jon Corey
    Attorneys for Mattel, Inc.

Exhibit 2 Page 38

**Exhibit A**

Exhibit 2 Page 39



1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 090378)
     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                       EASTERN DIVISION

12
   CARTER BRYANT, an individual,       CASE NO. CV 04-9049 SGL (RNBx)
13              Plaintiff,
                                        Consolidated with
14                                      Case No. CV 04-09059
        vs.                             Case No. CV 05-02727
15
                                        NOTICE OF DEPOSITION OF MGAE
16 MATTEL, INC., a Delaware corporation, DE MEXICO, S.R.L. DE C.V.
                                        PURSUANT TO FEDERAL RULE OF
17              Defendant.              CIVIL PROCEDURE 30(B)(6)

18

19 AND CONSOLIDATED ACTIONS

20

21

22

23

24

25

26

27

28

07975/2280277.2

                    NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

                              Exhibit 2 Page 40

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that on _____, 200_ beginning at

3  9:30 a.m. Mattel, Inc. ("Mattel") will take the deposition upon oral examination of

4  defendant MGAE de Mexico, S.R.L. de C.V. at the offices of Quinn Emanuel

5  Urquhart Oliver & Hedges LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles,

6  CA 90017.  Pursuant to Fed. R. Civ. P. 30(b)(6), MGAE de Mexico, S.R.L. de C.V.

7  shall designate one or more officers, directors, managing agents or other persons

8  who consent to testify on its behalf concerning each of the topics set forth in

9  Exhibit A hereto.

10        PLEASE TAKE FURTHER NOTICE that the deposition will take

11  place before a duly authorized notary public or other officer authorized to administer

12  oaths at depositions, and will continue from day to day, Sundays, Saturdays and

13  legal holidays excepted, until completed.

14        PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

15  P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

16  Livenote or other technology for real-time transcription of the testimony.

17

18  DATED:  December___, 2007     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

19

20                        By_____

21                          Jon Corey
                        Attorneys for Mattel, Inc.

22

23

24

25

26

27

28

-1-

NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

Exhibit 2 Page 41

Exhibit 3

00029/2340430.1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES – GENERAL

Case No.    CV 04-09049 SGL(RNBx)                    Date: January 7, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
============================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                              Theresa Lanza
            Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER            ATTORNEYS PRESENT FOR MATTEL:
BRYANT: **Christa Martine Anderson**    **John B. Quinn and Michael T. Zeller**

ATTORNEYS PRESENT FOR MGA:              ATTORNEY PRESENT FOR CARLOS
**Thomas J. Nolan**                     GUSTAVO MACHADO GOMEZ:
**Carl A. Roth**                        **Mark E. Overland**
**Anna Park**
                                        ATTORNEY PRESENT FOR NON-PARTY
ATTORNEY PRESENT FOR NON-               STERN & GOLDBERG: **Kien C. Tiet**
PARTIES ANA ELISE CLOONAN,
MARGARET HATCH-LEHY, AND                ATTORNEY PRESENT FOR NON-PARTY
VERONICA MARLOW: **Larry W.**           KAYE SCHOLER, LLP: **Bryant S. Delgadillo**
**McFarland**

PROCEEDINGS:    **ORDER GRANTING IN PART AND DENYING IN PART**
                **MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL**
                **DISCOVERY (DOCKET #1134)**

                **ORDER GRANTING MOTION TO ENFORCE THE COURT'S**
                **ORDER OF AUGUST 27, 2007, AND DENYING REQUEST FOR**
                **SANCTIONS (DOCKET #1143)**

MINUTES FORM 90                                     Initials of Deputy Clerk: jh
CIVIL -- GEN                      1                 Time: 1/30

Exhibit 3 Page 42

**ORDER GRANTING MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)**

**ORDER GRANTING CARTER BRYANT AND MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)**

These matters were heard on January 7, 2008.  The Court rules as set forth below.

To the extent that this Order decides issues more properly decided by the Discovery Master and/or preempts issues currently pending before the Discovery Master, it does so only to resolve those issues in the most expeditious manner possible.  As the Court's order appointing the Discovery Master requires, any and all discovery disputes must be presented to the Discovery Master for his resolution.

**MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY (DOCKET #1134)**

This motion is **GRANTED IN PART**.  Leave to take additional depositions and propound additional interrogatories are granted to the extent they are consistent with Fed. R. Civ. P. 26(b)(2).  See Fed. R. Civ. P. 30(a)(2)(A) (depositions), 33(a) (interrogatories).  Rule 26(b)(2) requires a Court to limit discovery where it is unreasonably cumulative or duplicative; where it can be obtained from a more convenient, less burdensome, or less expensive source; where a party has already had ample opportunity to obtain information from discovery; where the burden or the expense of the requested discovery outweighs its likely benefit, taking into account the factors of the parties' resources, the importance of the issues at stake, and the importance of the requested discovery in resolving these issues.  Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Considering this standard, the Court concludes that Mattel has shown good cause to grant additional discovery given the complexity of this case, the number of parties, recent developments related to the substitution of counsel, the concerns regarding retention and spoliation of evidence, and the delay in receiving paper

MINUTES FORM 90
CIVIL — GEN                                     2                    Initials of Deputy Clerk: jh
                                                                    Time: 1/30

Exhibit 3 Page 43

discovery caused by numerous discovery disputes and a Court-imposed stay requested by MGA upon substitution of counsel. Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO claims (set forth in the moving papers at 13). Mattel may serve the notices of deposition and propound the interrogatories attached to the moving papers as Exs. A - C. Additionally, the parties must answer Mattel's previously propounded interrogatories to which the sole objection raised was that those interrogatories exceeded the allowable number of interrogatories.

The Court has heretofore refrained from bifurcating discovery relating to Phase 1 and Phase 2, believing that such an action is fraught with the potential of unnecessarily compounding discovery disputes in a case already predisposed to such disputes. Nevertheless, in light of the additional discovery permitted by this Order, and to the extent that counsel for the parties who are asserting or defending against claims to be tried in Phase 2 of the trial are in agreement, the Court will consider a stipulation of those parties that designates certain depositions as "Phase 2" depositions that may be conducted during the month of February, if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1.

Conversely, in light of the standard of review employed regarding the Discovery Master's orders, the Court **DENIES** that portion of Mattel's motion that seeks additional time in which to depose Carter Bryant. The Court cannot say that the Discovery Master's order allowing an additional nine hours to depose Carter Bryant is contrary to law based on the Discovery Master's unchallenged factual findings.

## MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND REQUEST FOR SANCTIONS (DOCKET #1143)

This motion is **GRANTED**. The Court's order clearly applied to "all parties." No party sought relief therefrom or clarification of the Court's order.

As prepared in purported compliance with the Court's order, the affidavit of Carlos Gustavo Machado Gomez is inadequate as it lacks facts and relies instead on conclusory language. Machado must file an affidavit that complies with the

MINUTES FORM 90
CIVIL – GEN

3

Initials of Deputy Clerk: jh
Time: 1/30

Exhibit 3 Page 44

Court's order as set forth below.

Carter Bryant has refused to comply with the Court's order and has not filed the required affidavit.

Both these parties must file, on or before January 15, 2008, an affidavit setting forth a factual description of their preservation efforts, policies, customs, and/or practices with respect to potentially discoverable documents related to the present litigation. The failure of these parties to comply with this Order will result in the imposition of contempt sanctions to coerce their compliance.

The Court **DENIES** Mattel's request for costs and sanctions.

### MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

This motion is **DENIED**. The Court's order referred to the Discovery Master any and all discovery disputes, including those involving third parties.

Although the parties stipulated to the Discovery Master, that stipulation was entered as the Court's order, and as such, all parties are subject to that order unless relieved from it upon proper motion.

The order was entered as a valid Rule 53(a)(1)(C) order, not requiring the consent of any party or nonparty. Machado has not convinced the Court that, as a subsequently added party, he was required to be given the opportunity to object to the order before it could be applied to him. See Fed. R. Civ. P. 53(b)(1) (requiring notice and opportunity to be heard prior to the appointment of a special master). Importantly, Machado could have, but did not, seek relief from this order within a reasonable amount of time after he became a party to this case. Furthermore, the Court does not find any basis to exclude Machado from the reach of the Court's order appointing the Discovery Master pursuant to his present objections.

### DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

Carter Bryant and the MGA defendants may depose the ten individuals set

MINUTES FORM 90
CIVIL -- GEN

4

Initials of Deputy Clerk: jh
Time: 1/30

Exhibit 3 Page 45

forth in their moving papers.  The testimony of all Rule 30(b)(6) witnesses "count" as
only one deposition for purposes of determining the total number of depositions
conducted by each side.

Carter Bryant and the MGA defendants are not relieved of the requirement that
they serve subpoenas on all these deponents other than the current officers of
Mattel (represented to the Court to be Tim Kilpin, Kevin Farr, and Evelyn Viohl).  To
the extent that Mattel has made prior written agreements to produce deponents who
are under its control, it is expected to do so.

As to all the depositions permitted by this Order, all counsel are expected to
coordinate their schedules with those of the deponents such that the depositions are
held prior to the discovery cutoff date of January 28, 2008.  However, as set forth
above in connection with Mattel's motion to take additional discovery, Phase 2
depositions may be taken in February pursuant to a Court-approved stipulation.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN                              5                Initials of Deputy Clerk: jh
                                                           Time: 1/30

Exhibit 3 Page 46

Exhibit 4

00029/2340430.1

**Christopher Price**

----- Original Message -----
From: Michael T Zeller
To: 'Paul.Eckles@skadden.com' <Paul.Eckles@skadden.com>; Jon Corey; John Quinn
Cc: 'Carl.Roth@skadden.com' <Carl.Roth@skadden.com>; 'Thomas.Nolan@skadden.com'
<Thomas.Nolan@skadden.com>; 'Douglas.Adler@skadden.com' <Douglas.Adler@skadden.com>;
'Marcus.Mumford@skadden.com' <Marcus.Mumford@skadden.com>;
'Robert.Herrington@skadden.com' <Robert.Herrington@skadden.com>; 'Amy.Park@skadden.com'
<Amy.Park@skadden.com>; 'Timothy.Miller@skadden.com' <Timothy.Miller@skadden.com>;
'Kenneth.Plevan@skadden.com' <Kenneth.Plevan@skadden.com>; 'Jose.Allen@skadden.com'
<Jose.Allen@skadden.com>; 'Raoul.Kennedy@skadden.com' <Raoul.Kennedy@skadden.com>;
'MPage@KVN.com' <MPage@KVN.com>; 'CAnderson@KVN.com' <CAnderson@KVN.com>
Sent: Sun Jan 13 16:29:30 2008
Subject: Re: Mattel Depositions

Ok, that helps clarify. But do you know who of your people we've asked for in Jan are
available?

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and
confidential use of the recipient(s) named above.  This message may be an attorney-client
communication and/or work product and as such is privileged and confidential.  If the
reader of this message is not the intended recipient or agent responsible for delivering

1

Exhibit 4 Page 47

it to the intended recipient, you are hereby notified that you have received this document
in error and that any review, dissemination, distribution, or copying of this message is
strictly prohibited.  If you have received this communication in error, please notify us
immediately by e-mail, and delete the original message.


----- Original Message -----
From: Eckles, Paul M <Paul.Eckles@skadden.com>
To: Michael T Zeller; Jon Corey; John Quinn
Cc: Roth, Carl A (LAC) <Carl.Roth@skadden.com>; Nolan, Thomas J (LAC)
<Thomas.Nolan@skadden.com>; Adler, Douglas B (LAC) <Douglas.Adler@skadden.com>; Mumford,
Marcus R (LAC) <Marcus.Mumford@skadden.com>; Herrington, Robert J (LAC)
<Robert.Herrington@skadden.com>; Park, Amy S (PAL) <Amy.Park@skadden.com>; Miller, Timothy
A (SFC) <Timothy.Miller@skadden.com>; Plevan, Kenneth A (NYC)
<Kenneth.Plevan@skadden.com>; Allen, Jose R (SFC) <Jose.Allen@skadden.com>; Kennedy, Raoul
D (SFC) <Raoul.Kennedy@skadden.com>; MPage@KVN.com <MPage@KVN.com>; CAnderson@KVN.com
<CAnderson@KVN.com>
Sent: Sun Jan 13 16:27:16 2008
Subject: RE: Mattel Depositions

No.  Our proposal is that each side would get 20 deposition days in January.  I indicated
in my email how we would likely use our 20 days.  I didn't list any depositions of MGA
witnesses, because we wouldn't presume to know how you would like to use your 20
deposition days.


From: Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
Sent: Sunday, January 13, 2008 7:18 PM
To: Eckles, Paul M (NYC); Jon Corey; John Quinn
Cc: Roth, Carl A (LAC); Nolan, Thomas J (LAC); Adler, Douglas B (LAC); Mumford, Marcus R
(LAC); Herrington, Robert J (LAC); Park, Amy S (PAL); Miller, Timothy A (SFC); Plevan,
Kenneth A (NYC); Allen, Jose R (SFC); Kennedy, Raoul D (SFC); MPage@KVN.com;
CAnderson@KVN.com
Subject: Re: Mattel Depositions


Am I correct that you are not contemplating any deps of MGA people?

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and
confidential use of the recipient(s) named above.  This message may be an attorney-client
communication and/or work product and as such is privileged and confidential.  If the
reader of this message is not the intended recipient or agent responsible for delivering
it to the intended recipient, you are hereby notified that you have received this document
in error and that any review, dissemination, distribution, or copying of this message is
strictly prohibited.  If you have received this communication in error, please notify us
immediately by e-mail, and delete the original message.


----- Original Message -----
From: Eckles, Paul M <Paul.Eckles@skadden.com>
To: Michael T Zeller; Jon Corey; John Quinn
Cc: Roth, Carl A (LAC) <Carl.Roth@skadden.com>; Nolan, Thomas J (LAC)
<Thomas.Nolan@skadden.com>; Adler, Douglas B (LAC) <Douglas.Adler@skadden.com>; Mumford,

2

Exhibit 4 Page 48

Marcus R (LAC) <Marcus.Mumford@skadden.com>; Herrington, Robert J (LAC)
<Robert.Herrington@skadden.com>; Park, Amy S (PAL) <Amy.Park@skadden.com>; Miller, Timothy
A (SFC) <Timothy.Miller@skadden.com>; Plevan, Kenneth A (NYC)
<Kenneth.Plevan@skadden.com>; Allen, Jose R (SFC) <Jose.Allen@skadden.com>; Kennedy, Raoul
D (SFC) <Raoul.Kennedy@skadden.com>; mpage@kvn.com <mpage@kvn.com>; Christa Anderson
<CAnderson@KVN.com>
Sent: Sun Jan 13 15:38:34 2008
Subject: RE: Mattel Depositions


Mike:  We've reviewed your proposed lists.  We can discuss on our call
this evening, but I think we have a basic difference of opinion as to
what Judge Larson envisioned in his order, and the timing necessitated
by expert report deadlines.  In any event, here is our proposal:

January Bucket

20 deposition days (i.e., up to 7 hours = 1 depo) on each side
(including either party or third-party depositions).  Our 20 would
include Fontenella, Ross, Eckert, Patel, Bousquette, Martinez, Simoneau,
Farr, Kilpin, Kyaw, Newcomb, Tafoya, Rhee, Gomez, Hoi Hoffman, Viohl,
and 30b6 topics recently ordered by Judge Infante.  These depositions
obviously would have to be multi-tracked.

Post January 28 Bucket

Any further testimony ordered by Judge Infante at the February hearings
and perhaps a few of the 20 designated by either side who are not
available in January, but no more than 4 depositions on each side.

Bucket 3

Any remaining Phase II depositions.  On our side, that would include
Milt Zablow, Jerry Cleary, Erika Ashberg, Thomas Debrowski, Margo
Eldridge, Andres Olvarrieta, Chuck Scothon, Neil Friedman, Mark Spencer,
Timothy Lider, Rebecca Arrobio, Bruce Stein, Ron Montalto, Sal
Villasenor, Maria Carmen Mendez, Donald Moon, John Handy, MGA's 30b6
topics on Phase II issues.

----- Original Message -----
From: Michael T Zeller <michaelzeller@quinnemanuel.com>
To: Nolan, Thomas J (LAC); Roth, Carl A (LAC); Michael Page
<MPage@KVN.com>; Christa Anderson <CAnderson@KVN.com>
Cc: John Quinn <johnquinn@quinnemanuel.com>; Jon Corey
<joncorey@quinnemanuel.com>
Sent: Sun Jan 13 03:30:20 2008
Subject: Depositions

Below you will find a first pass at our attempt to prioritize the
depositions within the general framework we discussed today.  I am
sending this now for a discussion piece, so we reserve the right to
modify our suggested approach or the details associated with it.  Also,
we are continuing to go through the 30(b)(6) notices to see what might
be agreeable on that front and will follow up with suggestions on
dealing with specific suggested topics before our 5 pm call.  I don't
believe I've seen MGA's prioritization, but I look forward to receiving
it soon.


Bucket 1 January


Adrienne Fontenella -- scheduled for 1/16

3

Exhibit 4 Page 49

Ivy Ross -- scheduled for 1/17

Robert Eckert -- scheduled for 1/28

Carter Bryant -- scheduled for 1/23-24

Jean Gomez - dates pending 1/28 subpoena (can she change date) -- any day except 28th

Farhad Larian -- his counsel had proposed 1/29, which we can do

Sam Khare (30(b)(6) designee) -- need mutually agreeable date

Rachel Harris (or alternative 30(b)(6) designee) -- need date

Maria Salazar

Mel Woods

Kickapoo High School

Peter Marlow

Gustavo Machado

Tina Patel

Bucket 2 February

Bousquette

Sheila Kyaw

Hoi Hoffman

4

Exhibit 4 Page 50

Tim Kilpin


Evelyn Viohl -- she is on maternity leave and due this month; expectation is that she might be available by late February but we cannot be sure until after she has her baby


Lily Martinez


Sarah Halpern


Jesse Ramirez


Stephen Lee


Cecilia Kwok


Sandra Bilotto


Anne Wang


David Rosenbaum


Christensen Glaser LLP


Lucy Arant


Mitchell Kamarck


Carol Witschell


Nana Ashong


Larry McFarland

Exhibit 4 Page 51

Eric Yip

Gentle Giant Studios

Christopher Palmeri

Jeff Weiss

LA Focus

Joyce Ng

Rachel Harris

Andreas Koch

Kami Gillmour

Mercedeh Ward

Moss Adams

Wachovia Bank

Amy Myers

Ron Brawer

Janine Brisbois

Mariana Trueba

Pablo Vargas

6

Exhibit 4 Page 52

Ricardo Abundis

Jorge Castilla

Nic Contreras

Dan Cooney

Susan Kuemmerle

Shirin Salemnia

MGAE de Mexico (except Topics to be identified)

MGA Entertainment, Inc. (except Topics to be identified)

Bucket 3 Post-February

Kevin Farr

MGAE de Mexico (Topics TBD)

MGA Entertainment, Inc. (Topics TBD)

Mattel (Topics TBD)

Unknown until we can get more information about their schedules

Theresa Newcomb

Maureen Tofoya

Exhibit 4 Page 53

---

**************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
**************************************************
**************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
**************************************************
==================================================================

---

**************************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
**************************************************
**************************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
**************************************************
==================================================================

**Exhibit 4 Page 54**

Exhibit 5

00029/2340430.1

**Christopher Price**

----- Original Message -----
From: Michael T Zeller
To: 'Paul.Eckles@skadden.com' <Paul.Eckles@skadden.com>; 'Thomas.Nolan@skadden.com' <Thomas.Nolan@skadden.com>; 'Carl.Roth@skadden.com' <Carl.Roth@skadden.com>; Timothy Alger; 'CAnderson@KVN.com' <CAnderson@KVN.com>; 'MPage@KVN.com' <MPage@KVN.com>; 'Timothy.Miller@skadden.com' <Timothy.Miller@skadden.com>
Cc: Jon Corey; Dylan Proctor; Scott Kidman; Diane Hutnyan; John Quinn; David Quinto; John Gordon; Christopher Tayback; Dominic Surprenant; Fred Bennett; 'Douglas.Adler@skadden.com' <Douglas.Adler@skadden.com>
Sent: Fri Jan 18 08:48:50 2008
Subject: Re: Depositions

I wll respond to this later, buit in the interim, please provide us today with a list of each current or former employee, officer or director of MGA, MGAE de Mexico and MGA Hong Kong who you or MGA's other counsel purport to represent.  Should you fail to do so, we will be proceeding to contact any person who you have failed to specifically identify.  We also will file a motion with Judge Larson for MGA's latest obstructionism.

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the

1

Exhibit 5 Page 55

reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


----- Original Message -----
From: Eckles, Paul M <Paul.Eckles@skadden.com>
To: Michael T Zeller; Nolan, Thomas J (LAC) <Thomas.Nolan@skadden.com>; Roth, Carl A (LAC) <Carl.Roth@skadden.com>; Timothy Alger; CAnderson@KVN.com <CAnderson@KVN.com>; MPage@KVN.com <MPage@KVN.com>; Miller, Timothy A (SFC) <Timothy.Miller@skadden.com>
Cc: Jon Corey; Dylan Proctor; Scott Kidman; Diane Hutnyan; John Quinn; David Quinto; John Gordon; Christopher Tayback; Dominic Surprenant; Fred Bennett; Adler, Douglas B (LAC) <Douglas.Adler@skadden.com>
Sent: Fri Jan 18 08:38:00 2008
Subject: RE: Depositions

Mike:  You have your facts wrong.

1.    As to Mr. Brawer, he was not the subject of any pending deposition notice.  To the contrary, he was listed among those in your motion that you sought leave to depose.  He lives and works overseas and is not even employed by either of the defendants (he works for MGA Europe).  If you would like to depose him, he will be available in London on January 28.  Please confirm that you will be going forward with the deposition.

2.  As to Mr. Vargas and Ms. Trueba, we never said they were terminated.  We said that they are not officers, directors, or managing agents of MGA, and we are not authorized to accept service of a subpoena on their behalf.  That is no different than the position Quinn Emanuel has taken with respect to certain witnesses.  Indeed, you emphasized the need to subpoena employees at the recent hearing in front of Judge Larson.  You should also be aware that Mr. Vargas and Ms. Trueba are represented by separate counsel in Mexico.  As to your suggestion that you would contact any and all MGA employees, we strongly suggest that you review the applicable ethical rules.

3.  We are still waiting for deposition dates for some of your witnesses.  Judge Infante ordered the deposition of your 30b6 designees to occur by January 28th.  We are still waiting for dates.  We are also still waiting for a date for Mr. Simoneau.

_____

From: Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
Sent: Thursday, January 17, 2008 8:42 PM
To: Eckles, Paul M (NYC); Nolan, Thomas J (LAC); Roth, Carl A (LAC); Timothy Alger; CAnderson@KVN.com; MPage@KVN.com; Miller, Timothy A (SFC)
Cc: Jon Corey; Dylan Proctor; Scott Kidman; Diane Hutnyan; John Quinn; David Quinto; John Gordon; Christopher Tayback; Dominic Surprenant; Fred Bennett; Adler, Douglas B (LAC)
Subject: RE: Depositions


Paul, at the outset, Tonnu, Harris and Khare are not the issue with respect to MGA's non-compliance with the January 7 Order.  They were separately compelled.  Furthermore, the most recent dates for each of them were not just "offered" after multiple cancellations.  We accepted them and expect them to go forward.

This is the first time that MGA has offered dates for any of the MGA personnel required to be produced under the January 7 Order.  We will get back to you shortly on whether the dates for Contreras, Rosenbaum and Cooney are acceptable.  It is not acceptable, however, for MGA to produce Brawer in London.  When we noticed Brawer long ago, he was still in the U.S.  MGA could have and should have produced him then.  That MGA chose to send him out of the country was MGA's choice and is no excuse for not producing him here.  Please confirm that Brawer will be produced here on 28th.

Finally, as you know, we disagree with defendants' refusals to produce its officers, directors and managing agents such as Vargas and Trueba.  I asked you for any information to substantiate their alleged termination and the dates on which such terminations occurred.  You have failed to do so, and we accordingly will be bringing MGA's violations

2

Exhibit 5 Page 56

of the Court's Order to its attention. Since you have told us they are not represented by MGA's counsel, I also assume that MGA has no objection to us -- or anyone else -- contacting directly any and all current and former MGA employees, including those who are the subject of the January 7 Order, on any matter, including the trade secret thefts and other matters that are the subject of this suit.


Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  michaelzeller@quinnemanuel.com <mailto:michaelzeller@quinnemanuel.com>


The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

From: Eckles, Paul M [mailto:Paul.Eckles@skadden.com]
Sent: Thursday, January 17, 2008 5:00 PM
To: Michael T Zeller; Nolan, Thomas J (LAC); Roth, Carl A (LAC); Timothy Alger; CAnderson@KVN.com; MPage@KVN.com; Miller, Timothy A (SFC)
Cc: Jon Corey; Dylan Proctor; Scott Kidman; Diane Hutnyan; John Quinn; David Quinto; John Gordon; Christopher Tayback; Dominic Surprenant; Fred Bennett; Adler, Douglas B (LAC)
Subject: RE: Depositions


Mike:  Here are some more dates:

Nic Contreras - 1/24
David Rosenbaum - 1/25
Dan Cooney - 1/28 (in NJ)
Ron Brawer - 1/28 (in London)

---

From: Eckles, Paul M (NYC)
Sent: Wednesday, January 16, 2008 8:04 PM
To: 'Michael T Zeller'; Nolan, Thomas J (LAC); Roth, Carl A (LAC); Timothy Alger; CAnderson@KVN.com; MPage@KVN.com; Miller, Timothy A (SFC)
Cc: Jon Corey; Dylan Proctor; Scott Kidman; Diane Hutnyan; John Quinn; David Quinto; John Gordon; Christopher Tayback; Dominic Surprenant; Fred Bennett; Adler, Douglas B (LAC)
Subject: RE: Depositions


Mike:  We've offered dates for Susan Kuemmerle and 30(b)(6) witnesses Rebecca Harris and Sam Khare.  We are working on finding dates for Ron Brawer (who is out of the country) and Nic Contreras in January.  We should have dates for Mr. Brawer and Mr. Contreras by the close of business tomorrow.  Thank you for your patience.  With respect to the other witnesses you reference in your email (Pablo Vargas, Mariana Trueba, and Sharin Salemnia), as we previously told you, they are not officers, directors, or managing agents of MGA, and we are not authorized to accept service of a subpoena on their behalf.  As to your witnesses, we are still waiting for your 30b6 designees on the topics as to which Judge Infante granted our motion to compel.

Exhibit 5 Page 57

From: Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
Sent: Wednesday, January 16, 2008 2:15 PM
To: Eckles, Paul M (NYC); Nolan, Thomas J (LAC); Roth, Carl A (LAC); Timothy Alger;
CAnderson@KVN.com; MPage@KVN.com; Miller, Timothy A (SFC)
Cc: Jon Corey; Dylan Proctor; Scott Kidman; Diane Hutnyan; John Quinn; David Quinto; John
Gordon; Christopher Tayback; Dominic Surprenant; Fred Bennett
Subject: Re: Depositions


Paul, as you know, MGA has failed to provide dates for any of its people who are the
subject of Judge Larson's Order.  When will they be provided?  We have been asking
defendants for dates since the order came out and were promised dates on the Sun call and
then the Mon call, but still don't have them.  Also, in light of the fact that all of the
Mattel deps have been offered for Jan (except for Viohl, who is abut to give birth), and
in light of MGA's unreasonable refusal to stipulate to Feb depositions (except on terms
that are all downside on Mattel and virtually all upside for MGA), as I said over the
phone we expect all of the dates for MGA's people and its 30b6 designees to be Jan dates
as required.  These include without limitation for Ron Brawer, Pablo Vargas, Mariana
Trueba, Sharin Salemnia and Nic Contreras.  Should we not receive the dates for the
witnesses who are the subject of Judge Larson's order immediately, we will be filing a
motion with the court to enforce, to compel and for sanctions.  Please also consider this
a request to meet and confer in advance of such a motion.  I look forward to hearing from
you.

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and
confidential use of the recipient(s) named above.  This message may be an attorney-client
communication and/or work product and as such is privileged and confidential.  If the
reader of this message is not the intended recipient or agent responsible for delivering
it to the intended recipient, you are hereby notified that you have received this document
in error and that any review, dissemination, distribution, or copying of this message is
strictly prohibited.  If you have received this communication in error, please notify us
immediately by e-mail, and delete the original message.


----- Original Message -----
From: Michael T Zeller
To: 'Paul.Eckles@skadden.com' <Paul.Eckles@skadden.com>; 'tnolan@skadden.com'
<tnolan@skadden.com>; 'CROTH@skadden.com' <CROTH@skadden.com>; Timothy Alger;
'CAnderson@KVN.com' <CAnderson@KVN.com>; 'MPage@KVN.com' <MPage@KVN.com>
Cc: Jon Corey; Dylan Proctor; Scott Kidman; Diane Hutnyan; John Quinn; Timothy Alger
Sent: Tue Jan 15 08:43:17 2008
Subject: Re: Depositions

Here are additional deposition dates:

Jean Gomez - 1/24
Tim Kilpin - 1/25

Also, please be aware that any emails sent to me between midnight and 8 this morning have
been hung up somewhere due to the migration of my Outlook. Please have your team members
resend any emails sent during that period. Thanks.

4

**Exhibit 5 Page 58**

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and
confidential use of the recipient(s) named above.  This message may be an attorney-client
communication and/or work product and as such is privileged and confidential.  If the
reader of this message is not the intended recipient or agent responsible for delivering
it to the intended recipient, you are hereby notified that you have received this document
in error and that any review, dissemination, distribution, or copying of this message is
strictly prohibited.  If you have received this communication in error, please notify us
immediately by e-mail, and delete the original message.


----- Original Message -----
From: Michael T Zeller
To: Michael T Zeller; 'Eckles, Paul M (NYC)' <Paul.Eckles@skadden.com>;
'tnolan@skadden.com' <tnolan@skadden.com>; 'Carl Roth' <croth@skadden.com>; Timothy Alger;
'Christa Anderson' <CAnderson@KVN.com>; 'Michael Page' <MPage@KVN.com>
Cc: Jon Corey; Dylan Proctor; Scott Kidman; Diane Hutnyan; John Quinn; Diane Hutnyan
Sent: Mon Jan 14 23:46:37 2008
Subject: RE: Depositions

Further to our Monday evening call, please be advised that the following witnesses are
available for deposition on the dates below:

Milt Zablow (in NY) - 1/25
Maureen Tafoya - 1/28
Teresa Newcomb - 1/23
Sheila Kyaw - 1/24
Hoi Hoffman - 1/21
Kevin Farr - 1/28 (though as I mentioned, this is tentative because he was out of the
office today and we will need to confirm)

Please confirm promptly that you will be taking the depositions on these dates.  I am
close to finalizing January dates for Jean Gomez and Tim Kilpin, but may have to send
those in the morning if I cannot complete figuring out the schedule before Outlook goes
down for me in the next 15 minutes or so.  Thanks, and please let me know if you have any
questions.


_____

From: Michael T Zeller
Sent: Monday, January 14, 2008 11:37 PM
To: 'Eckles, Paul M (NYC)'; 'tnolan@skadden.com'; 'Carl Roth'; Timothy Alger; 'Christa
Anderson'; 'Michael Page'
Cc: Jon Corey; Dylan Proctor; Scott Kidman; Diane Hutnyan; John Quinn
Subject: Depositions


In discussing the depositions that have already been scheduled for this month during our
call, I realized that I may not have mentioned the deposition of Dave Malacrida, which I
understand is set and confirmed for 1/25.

Also, I am in the midst of preparing the email with our proposed dates for the Mattel
witnesses who are the subject of Judge Larson's Order.  I may not be able to finalize the
dates and send the email before Outlook goes down for me tonight; my emails are being
migrated to an upgraded system, which will probably start at around midnight and go into
early tomorrow morning.  If that happens, I will send the email the first thing in the

5

Exhibit 5 Page 59

morning once my service is restored.   Thanks for your understanding in advance.


------------------------------------------------------------------------
*************************************************** To ensure compliance with Treasury
Department regulations, we advise you that, unless otherwise expressly indicated, any
federal tax advice contained in this message was not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal
Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing
or recommending to another party any tax-related matters addressed herein.
***************************************************
*************************************************** This email and any attachments
thereto, is intended only for use by the addressee(s) named herein and may contain legally
privileged and/or confidential information. If you are not the intended recipient of this
email, you are hereby notified any dissemination, distribution or copying of this email,
and any attachments thereto, is strictly prohibited. If you receive this email in error
please immediately notify me at (212) 735-3000 and permanently delete the original copy
and any copy of any email, and any printout thereof. Further information about the firm, a
list of the Partners and their professional qualifications will be provided upon request.
***************************************************
========================================================================


------------------------------------------------------------------------
*************************************************** To ensure compliance with Treasury
Department regulations, we advise you that, unless otherwise expressly indicated, any
federal tax advice contained in this message was not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal
Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing
or recommending to another party any tax-related matters addressed herein.
***************************************************
*************************************************** This email and any attachments
thereto, is intended only for use by the addressee(s) named herein and may contain legally
privileged and/or confidential information. If you are not the intended recipient of this
email, you are hereby notified any dissemination, distribution or copying of this email,
and any attachments thereto, is strictly prohibited. If you receive this email in error
please immediately notify me at (212) 735-3000 and permanently delete the original copy
and any copy of any email, and any printout thereof. Further information about the firm, a
list of the Partners and their professional qualifications will be provided upon request.
***************************************************
========================================================================

Exhibit 6

RECEIVED

SEP 2 1 2007
BRL 2:02PM

1   PATRICIA GLASER (S.B. #55668)
    CHRISTENSEN, GLASER, FINK,
2   JACOBS, WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
3   Los Angeles, CA 90067
    Telephone: (310) 553-3000
4   Facsimile: (310) 557-9815

5   DALE M. CENDALI (admitted *pro hac vice*)
    O'MELVENY & MYERS LLP
6   400 South Hope Street
    Los Angeles, CA 90071-2899
7   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407

8

9   Attorneys for MGA Entertainment, Inc.,
    MGA Entertainment (HK) Limited, MGAE
10  de Mexico S.R.L. de C.V., and Isaac Larian

11

12              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
13                   EASTERN DISTRICT

14  CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
                                           (consolidated with CV 04-9059 & 05-2727)
15              Plaintiff,

16      v.                                 MGA ENTERTAINMENT, INC.'S
                                           SUPPLEMENTAL DISCLOSURES
17  MATTEL, INC., a Delaware               AND MGA ENTERTAINMENT (HK)
    Corporation,                           LIMITED, MGAE DE MEXICO
                                           S.R.L. DE C.V., AND LARIAN'S
18              Defendant.                 INITIAL DISCLOSURES UNDER
                                           RULE 26(a)(1)
19
                                           Judge: Hon. Stephen G. Larson
20  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and             Discovery Cut-Off:    March 3, 2008
21  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.
22

23

24

25

26

27

28

Exhibit 6 Page 61

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1       MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Limited

2   ("MGA Hong Kong"), MGAE de Mexico S.R.L. de C.V. ("MGA Mexico"), and

3   Isaac Larian ("Larian") (collectively the "MGA Parties") hereby submit the

4   following initial disclosures to Mattel, Inc. ("Mattel"), pursuant to Rule 26(a) of the

5   Federal Rules of Civil Procedure.  The MGA Parties make these initial disclosures

6   based upon information reasonably available to them and reserve the right to

7   identify additional documents and witnesses hereafter, and otherwise to provide

8   supplemental disclosures as appropriate or necessary.  To the extent prior initial

9   disclosures have been made by one or more of the MGA Parties, the instant

10  disclosures serve to incorporate and supplement any such prior disclosures.

11  **Witnesses**

12      The MGA Parties' initial disclosure of the identities of potential witnesses is

13  based solely upon such information discovered thus far, as well as the MGA

14  Parties' present analysis of the case, and shall not, in any way, be deemed to be a

15  representation that additional witnesses do not exist.  Accordingly, this disclosure is

16  subject to the MGA Parties' identification of additional individuals with knowledge

17  of facts supporting any of the material allegations, claims or  in the Consolidated

18  Action.  By indicating the general subject matter or information these individuals

19  may possess, the MGA Parties are in no way limiting their right to call any

20  individual listed herein to testify concerning other subjects.

21      Subject to the foregoing, individuals who will likely have discoverable

22  information relevant to the disputed facts alleged in the pleadings and the subject

23  matter of the information are as follows:

24      1.      Arnold Artavia.  MGA believes that Mr. Artavia is a current

25  Mattel employee.  Mr. Artavia was deposed on September 21, 2006 and possesses

26  the information set forth in his deposition testimony.

27      2.      Erika Ashbrook.  MGA believes that Ms. Ashbrook is a current

28  Mattel employee.  Ms. Ashbrook may possess information relevant to Mattel's

Exhibit 6 Page 62        - 1 -        MGA'S SUPP. DISCLOSURES AND MGA HK,
                                                                MGA MEXICO, AND LARIAN'S INITIAL
                                                                DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1  efforts to obtain undisclosed product information from MGA and to Mattel's

2  manipulation of MGA's retail displays.

3        3.     Schuyler Bacon. Ms. Bacon is responsible for MGA's

4  recruiting activities. Ms. Bacon may possess knowledge of facts in support of

5  MGA's defenses to Mattel's RICO and trade secret counterclaims. Ms. Bacon may

6  be contacted through MGA's counsel of record.

7        4.     Manmohan Bhuller. Mr. Bhuller is a former Mattel employee

8  and may possess knowledge of facts in support of MGA's claims of unfair

9  competition.

10        5.     Kevin Bloomfield. Mr. Bloomfield is a Games Manager at

11  MGA. Mr. Bloomfield may possess knowledge of the creation and design of

12  MGA's Alien Racers product line. Mr. Bloomfield may be contacted through

13  MGA's counsel of record.

14        6.     Matthew Bousquette. MGA believes that Mr. Bousquette is a

15  former President of Mattel Brands. Mr. Bousquette may possess knowledge of

16  Mattel's serial copying of MGA's distinctive trade dress, trademarks, product

17  packaging, themes, ideas, and advertising; Mattel's dilution of MGA's famous

18  marks; Mattel's interference with MGA's advertising efforts; Mattel's threats to

19  and intimidation of retailers, suppliers, licensees, distributors, manufacturers, and

20  former employees and freelancers; Mattel's improper influence of standard-setting

21  and industry organization; Mattel's manipulation of MGA's retail displays and

22  other aspects of Mattel's unclean hands.

23        7.     Ron Brawer. Mr. Brawer is MGA's President of Global Sales

24  and Planning. Mr. Brawer may possess information relevant to some aspect or

25  aspects of MGA's sales and marketing of its products (including, without

26  limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky Fashion Makeover Head,"

27  "4-Ever Best Friends," "Mommy's Little Patient," and "Alien Racers"). Mr.

28  Brawer also has knowledge of facts in support of MGA's defenses to Mattel's

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

**Exhibit 6 Page 63**

1   RICO and trade secret counterclaims, Mattel's unfair competition and Mattel's

2   unclean hands. Mr. Brawer may be contacted through MGA's counsel of record.

3          8.      Janine Brisbois. Ms. Brisbois is an employee of MGA Canada.

4   Ms. Brisbois has knowledge of facts in support of MGA's defenses to Mattel's

5   RICO and trade secret counterclaims. Ms. Brisbois may be contacted through

6   MGA's counsel of record.

7          9.      Kerri Brode. Ms. Brode was deposed on January 19, 2007 and

8   August 15, 2007 and possesses the information set forth in her deposition

9   testimony. Ms. Brode may be contacted through MGA's counsel of record.

10         10.     Charnayne Brooks. Ms. Brooks is an employee of MGA. Ms.

11  Brooks was deposed on March 2, 2007 and possesses the information set forth in

12  her deposition testimony. Ms. Brooks may be contacted through MGA's counsel of

13  record.

14         11.     Carter Bryant. Carter Bryant possesses information relevant to

15  the creation of the original "Bratz" drawings, and, to some extent, of the creation

16  and design by MGA of the first generation of "Bratz" dolls and timing thereof; the

17  nature and scope of his employment at Mattel; the nature and scope of his work for

18  and with MGA; and information relevant to his own defenses in this matter, as well

19  as knowledge of facts in support of MGA's defenses to Mattel's counterclaims.

20  Mr. Bryant may be contacted through his counsel of record.

21         12.     Janet Bryant. Ms. Bryant may be contacted through Carter

22  Bryant's counsel of record. Ms. Bryant possesses information concerning, among

23  other things, Mr. Bryant's general skills and talents as a designer and his

24  conception, creation, design and development of various matters when he was not

25  employed by Mattel.

26         13.     Tom Bryant. Tom Bryant may be contacted through Carter

27  Bryant's counsel of record. Tom Bryant possesses information concerning, among

28  other things, Mr. Bryant's general skills and talents as a designer and his

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

Exhibit 6 Page 64

1 conception, creation, design and development of various matters when he was not
2 employed by Mattel.

3        14.    Yuval Caspi. Mr. Caspi is MGA's Vice President, Boys Toys.
4 Mr. Caspi may possess knowledge of the creation and design of MGA's Alien
5 Racers product line, logo and advertising, Mattel's copying of same, and Mattel's
6 efforts to tamper with MGA retail displays. Mr. Caspi may be contacted through
7 MGA's counsel of record.

8        15.    Jorge Castilla. Mr. Castilla is an employee of MGA. Mr.
9 Castilla may possess knowledge of facts in support of MGA's defenses to Mattel's
10 RICO and trade secret counterclaims. Mr. Castilla may be contacted through
11 MGA's counsel of record.

12        16.    Elise Cloonan. Ms. Cloonan is a former Mattel employee and
13 may possess information relevant to the timing of the conception and creation of the
14 original "Bratz" artwork by Carter Bryant prior to MGA's acquisition of rights
15 therein. Ms. Cloonan may be contacted through her counsel, Larry McFarland.

16        17.    Dan Cooney. Mr. Cooney is MGA's Vice President of Sales,
17 National Accounts. Mr. Cooney may possess information about consumer
18 confusion between Mattel products. Mr. Cooney may be contacted through MGA's
19 counsel of record.

20        18.    Jamie Cygielman. MGA believes that Ms. Cygielman is a
21 former Mattel employee. Ms. Cygielman may possess information relevant to
22 Mattel's unfair competition and unclean hands.

23        19.    Richard De Anda. MGA believes that Mr. De Anda currently is
24 Mattel's V.P. of Worldwide Security and may possess information relevant to
25 Mattel's investigations of MGA, Bryant, Larian and "Bratz."

26        20.    Thomas Debrowski. MGA believes that Mr. Debrowski is a
27 current Mattel employee. Mr. Debrowski may possess information relevant to
28 Mattel's unfair competition and unclean hands.

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

Exhibit 6 Page 65

1    21.    Sandrine de Raspide. Ms. de Raspide is the former Licensing

2    Manager at MGA. Ms. de Raspide has knowledge of facts in support of MGA's

3    unfair competition claims, including without limitation, threats to and intimidation

4    of licensees. Ms. de Raspide may be contacted through MGA's counsel of record.

5    22.    Leon Djiguerian. Mr. Djiguerian is a Product Manager at MGA.

6    Mr. Djiguerian may possess information relevant to some aspect or aspects the

7    design and packaging of MGA products, including "Bratz." Mr. Djiguerian may

8    be contacted through MGA's counsel of record.

9    23.    Ann Driskill. MGA believes that Ms. Driskill currently is a

10   Mattel employee. Ms. Driskill was deposed on December 15, 2004 and July 12,

11   2007 and possesses the information set forth in her deposition testimony.

12   24.    Robert Eckert. MGA believes that Mr. Eckert currently is the

13   CEO of Mattel. Mr. Eckert may possess knowledge of Mattel's serial copying of

14   MGA's distinctive trade dress, trademarks, product packaging, themes, ideas, and

15   advertising; Mattel's dilution of MGA's famous marks; Mattel's interference with

16   MGA's advertising efforts; Mattel's threats to and intimidation of retailers,

17   suppliers, licensees, distributors, manufacturers, and former employees and

18   freelancers; Mattel's improper influence of standard-setting and industry

19   organization; and/or Mattel's manipulation of MGA's retail displays.

20   25.    Margo Eldridge. Ms. Eldridge is a freelancer who formerly

21   worked for MGA producing commercials for "Bratz." MGA believes that Ms.

22   Eldridge currently works as a freelancer for Mattel. MGA believes that Ms.

23   Eldridge may possess knowledge relevant to some aspect or aspects of Mattel's

24   serial copying of MGA's advertising, Mattel's efforts to interfere with the

25   production of MGA's commercials; Mattel's efforts to improperly influence CARU

26   and Nickelodeon; and Mattel's efforts to disseminate false information to retailers.

27   Ms. Eldridge may also possess information relevant to Mattel's threats to and

28   intimidation of former employees and/or freelancers.

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1      26.      Kevin Farr.  MGA believes that Mr. Farr is Mattel's Chief
2  Financial Officer.  Mr. Farr may possess information relevant to damages.

3      27.      Adrienne Fontanella.  MGA believes that Ms. Fontanella is the
4  former President of Girls at Mattel.  Ms. Fontanella may possess knowledge of
5  Mattel's serial copying of MGA's distinctive trade dress, trademarks, product
6  packaging, themes, ideas, and advertising; Mattel's dilution of MGA's famous
7  marks; Mattel's interference with MGA's advertising efforts; Mattel's threats to
8  and intimidation of retailers, suppliers, licensees, distributors, manufacturers, and
9  former employees and freelancers; Mattel's improper influence of standard-setting
10  and industry organization; and/or Mattel's manipulation of MGA's retail displays.

11      28.      Lissa Freed.  MGA believes that Ms. Freed currently is a Mattel
12  employee.  Ms. Freed was deposed on May 3, 2007 and possesses the information
13  set forth in her deposition testimony.

14      29.      Neil Friedman.  MGA believes that Mr. Friedman is President of
15  Mattel Brands.  Ms. Friedman may possess knowledge of Mattel's serial copying
16  of MGA's distinctive trade dress, trademarks, product packaging, themes, ideas,
17  and advertising; Mattel's dilution of MGA's famous marks; Mattel's interference
18  with MGA's advertising efforts; Mattel's threats to and intimidation of retailers,
19  suppliers, licensees, distributors, manufacturers, and former employees and
20  freelancers; Mattel's improper influence of standard-setting and industry
21  organizations; and/or Mattel's manipulation of MGA's retail displays.

22      30.      Jeanne Galvano.  Ms. Galvano possesses information relevant
23  to, among other things, the timing of the creation of the original "Bratz" drawings
24  by Carter Bryant and Mr. Bryant's general skills and talents as an artist.

25      31.      Paula Garcia.  Ms. Garcia is MGA's Vice President of Product
26  Design and Development and has been involved in the design and development of
27  MGA's "Bratz" dolls.  Ms. Garcia was deposed in May, 2007, and possesses the
28  information set forth in her deposition testimony.  Ms. Garcia may be contacted

Exhibit 6 Page 67

1    through MGA's counsel of record.

2         32.    Marcy George.  Ms. George is MGA's Domestic Director of

3    Licensing.  Ms. George has knowledge of MGA's licensing of "Bratz" in the

4    United States.  Ms. George may be contacted through MGA's counsel of record.

5         33.    Diane Goveia Gordon.  Ms. Gordon is an employee of MGA

6    Canada.  Ms. Gordon may possess knowledge of facts in support of MGA's

7    defenses to Mattel's RICO and trade secret counterclaims.  Ms. Gordon may be

8    contacted through MGA's counsel of record.

9         34.    Sarah Halpern.  Ms. Halpern is a freelance vendor who worked

10   for MGA on the fashions for certain "Bratz" products, including MGA's first

11   generation of "Bratz" dolls.  Ms. Halpern may possess information relevant to some

12   aspect or aspects of the creation and design by MGA of the first generation of

13   "Bratz" dolls, in particular with respect to some aspect or aspects of the fashion

14   designs.  Ms Halpern may be contacted through her attorney, Larry McFarland,

15   Esq.

16        35.    Rebecca Harris.  Ms. Harris is a current MGA employee. She

17   was deposed in August 2007 and possesses the information set forth in her

18   deposition testimony.  Ms. Harris may be contacted through MGA's counsel of

19   record.

20        36.    Connie Hibbert.  MGA believes that Ms. Hibbert is a current

21   Mattel employee.  Ms. Hibbert may possess information relevant to Mattel's

22   manipulation of MGA's retail displays.

23        37.    Martin Hitch.  Mr. Hitch formerly worked as MGA's V.P. of

24   International Sales.  Mr. Hitch may possess knowledge of sales of "Bratz"

25   including first generation "Bratz."

26        38.    Rob Hudnut.  MGA believes that Mr. Hudnut is a current Mattel

27   employee.  Mr. Hudnut was deposed on July 13, 2007 and August 20, 2008 and

28   possesses the information set forth in his deposition testimony.

MGA'S SUPP. DISCLOSURES AND MGA HK, MGA MEXICO, AND LARIAN'S INITIAL DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

Exhibit 6 Page 68

1           39.     Jim Huntley. Mr. Huntley is a former MGA employee. He may

2   possess knowledge about MGA's marketing of its "Bratz" line of products after the

3   start of his employment at MGA.

4           40.     Richard Irmen. Mr. Irmen is a personal acquaintance of Mr.

5   Bryant and possesses information relevant to, among other things, the timing of the

6   creation of the original "Bratz" drawings by Carter Bryant.

7           41.     Julia Jensen. MGA believes that Ms. Jensen is a current Mattel

8   employee. Ms. Jensen was deposed on June 8, 2007 and possesses the information

9   set forth in her deposition testimony.

10          42.     Fred Kawashima. MGA believes that Mr. Kawashima is a

11  current Mattel employee. Mr. Kawashima was deposed on January 17, 2007 and

12  June 19, 2007 and possesses the information set forth in his deposition testimony.

13          43.     Alan Kaye. MGA believes that Mr. Kaye is Mattel's Senior

14  Vice President of Human Resources. Mr. Kaye was deposed on December 10,

15  2004 and June 21, 2007 and possesses the information set forth in his deposition

16  testimony.

17          44.     Ellen Komatsu. Ms. Komatsu is a Senior Designer at MGA.

18  Ms. Komatsu may possess information relevant to some aspect or aspects of the

19  design of MGA's "Bratz" dolls. Ms. Komatsu may be contacted through MGA's

20  counsel of record.

21          45.     Susana Kuemmerle. Ms. Kuemmerle is an employee of MGA

22  Mexico. Ms. Kuemmerle has knowledge of facts in support of MGA's defenses to

23  Mattel's RICO and trade secret counterclaims. Ms. Kuemmerle may be contacted

24  through MGA's counsel of record.

25          46.     Michael Kukar. Mr. Kukar is an employee of MGA. Mr. Kukar

26  may possess information relevant to the creation of "Bratz" character art. Mr.

27  Kukar may be contacted through MGA's counsel of record.

28          47.     Timothy Kilpin. MGA believes that Mr. Kilpin currently is

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

Exhibit 6 Page 69

1  Senior VP Marketing and Design at Mattel. Mr. Kilpin may possess knowledge of

2  the announcement of Mattel's suit against Mr. Bryant, Mattel's serial copying of

3  MGA's distinctive trade dress, trademarks, product packaging, themes, ideas, and

4  advertising; Mattel's dilution of MGA's famous marks; and consumer confusion

5  between Mattel products and MGA products.

6       48.     Isaac Larian. Mr. Larian is MGA's President and Chief

7  Executive officer. Mr. Larian may possess information relevant to material

8  allegations in the Consolidated Action, including MGA's acquisition of rights to the

9  original "Bratz" drawings by Carter Bryant, some aspect or aspects of the creation,

10  design and development of the "Bratz" dolls, Mattel's serial copying of MGA's

11  products (including, without limitation, "Bratz" dolls, "Bratz Petz," the "Bratz

12  Funky Fashion Makeover Head," "4-Ever Best Friends," "Mommy's Little

13  Patient," and "Alien Racers"); Mattel's serial copying of MGA's distinctive trade

14  dress, trademarks, product packaging, themes, ideas, and advertising; Mattel's

15  dilution of MGA's famous marks; Mattel's interference with MGA's advertising

16  efforts; Mattel's threats to and intimidation of retailers, suppliers, licensees,

17  distributors, manufacturers, and former employees and freelancers; Mattel's

18  improper influence of standard-setting and industry organization; Mattel's

19  manipulation of MGA's retail displays; damages suffered by MGA as a result of

20  Mattel's conduct; and facts in support of MGA's defenses to Mattel's

21  counterclaims. Mr. Larian may be contacted through his counsel of record.

22       49.     Margaret (Hatch) Leahy: Ms. Leahy is a former freelancer and

23  employee of MGA. She possesses information relevant to some aspect or aspects

24  of the sculpting of the first generation of "Bratz" dolls, and samples, prototypes and

25  prior iterations thereof. Ms. Leahy also may possess information relevant to some

26  aspect or aspects of the sculpting of the "4-Ever Best Friends" dolls, the "Bratz

27  Winter Wonderland" and "Bratz Formal Funk" themes, "Prayer Angels," and the

28  "Mommy's Little Patient" doll. Ms. Leahy may be contacted through her counsel

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

Exhibit 6 Page 70

1   Larry McFarland, Esq.

2          50.      Edmond Lee. Mr. Lee is the Managing Director of MGA

3   Entertainment (HK) Limited. Mr. Lee may possess knowledge of some aspect or

4   aspects of the development and manufacture of the "contested" MGA Products

5   (including, without limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky

6   Fashion Makeover Head," "4-Ever Best Friends," "Mommy's Little Patient," and

7   "Alien Racers") and "Prayer Angels;" Mattel's serial copying of MGA's products;

8   Mattel's threats to and intimidation of retailers, suppliers, licensees, distributors,

9   manufacturers, and former employees and freelancers; and knowledge of facts in

10   support of MGA's defenses to Mattel's counterclaims. Mr. Lee may be contacted

11   through MGA's counsel of record.

12          51.      Stephen Lee. Mr. Lee is the former managing director of MGA

13   HK. Mr. Lee may possess information relevant to some aspect or aspects of

14   MGA's creation, design and development of MGA's "Bratz" dolls, including the

15   first generation of those dolls.

16          52.      Steve Linker. Mr. Linker is a former Mattel employee and

17   freelancer. He was deposed on September 13, 2006 and possesses the information

18   set forth in his deposition testimony.

19          53.      Diana Luna. Ms. Luna is MGA's Director of International

20   Licensing. Ms. Luna has knowledge of MGA's licensing of "Bratz"

21   internationally. Ms. Luna may be contacted through MGA's counsel of record.

22          54.      Kris Lynch. Ms. Lynch is a former Mattel employee and may

23   possess knowledge of Mattel's "Diva Starz" project and other non-Barbie products.

24          55.      Carlos Gustavo Machado Gomez. Mr. Machado is an employee

25   of MGA. Mr. Machado may possess knowledge of facts in support of MGA's

26   defenses to Mattel's RICO and trade secret counterclaims. Mr. Machado may be

27   contacted through his counsel of record.

28          56.      Dave Malacrida. Mr. Malacrida is MGA's V.P. of Public

- 10 -

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

Exhibit 6 Page 71

1   Relations. Mr. Malacrida was deposed in August, 2007, and possesses the

2   information set forth in his deposition testimony. Mr. Malacrida may be contacted

3   through MGA's counsel of record.

4        57.    Julia Marine. MGA believes that Ms. Marine is a current Mattel

5   employee. Ms. Marine was deposed on September 21, 2006, November 8, 2006

6   and June 27, 2007 and possesses the information set forth in her deposition

7   testimony.

8        58.    Veronica Marlowe. Ms. Marlowe formerly was a freelance

9   designer for MGA. Ms. Marlowe may possess information relevant to some aspect

10   or aspects of the creation and design of MGA's "Bratz" dolls; and Mattel's threats

11   to and intimidation of former employees and/or freelancers. Ms. Marlowe may be

12   contacted through her counsel Larry McFarland, Esq.

13        59.    Liliana Martinez. MGA believes that Ms. Martinez currently is

14   a Mattel employee. Ms. Martinez was deposed on May 20, 2005 and possesses the

15   information set forth in her deposition as well as information concerning Mattel's

16   creation, design and development of its "My Scene" line of fashion dolls.

17        60.    Mary Carmen Mendez. MGA believes that Ms. Mendez is a

18   former Mattel employee. Ms. Mendez may possess knowledge about Mattel's

19   unfair competitive practices.

20        61.    Jill Nordquist. MGA believes that Ms. Nordquist currently is a

21   Marketing Director at Mattel. Ms. Nordquist was deposed on July 31, 2007 and

22   possesses the information set forth in her deposition testimony.

23        62.    Victoria O'Connor. Ms. O'Connor formerly worked as MGA's

24   V.P. of Licensing. Ms. O'Connor possesses information relevant to some aspect or

25   aspects of the timing of MGA's acquisition of rights in the original "Bratz"

26   drawings by Bryant and the design and licensing by MGA of the first generation of

27   "Bratz" dolls. Ms. O'Connor also possesses information relevant to MGA's

28   negotiations with Bryant and his attorney for the acquisition of the rights in the

- 11 -

1 original "Bratz" drawings. Ms. O'Connor may also possesses information relevant

2 to some aspect of aspects of MGA's licensing of the "Bratz" concept; Mattel's

3 serial copying of MGA's distinctive trade dress, trademarks, product packaging,

4 themes, ideas, and advertising; and Mattel's threats to and intimidation of licensees.

5       63.    Colleen O'Higgins. Ms O'Higgins formerly worked as a

6 Product Manager at MGA. Ms. O'Higgins may possesses information relevant to

7 the timing or creation of "Bratz" and some aspect or aspects of the marketing of

8 "Bratz."

9       64.    Kislap Ongchango. MGA believes that Mr. Ongchango

10 currently is a Mattel employee. Mr. Ongchango was deposed on April 24, 2007

11 and possesses the information set forth in his deposition testimony.

12       65.    Rod Palmer. MGA believes that Mr. Palmer currently is a

13 Mattel employee. Mr. Palmer was deposed on June 26, 2007 and possesses the

14 information set forth in his deposition testimony.

15       66.    Ann Parducci. MGA believes that Ms. Parducci is a former

16 Mattel employee. Ms. Parducci may possess information relevant to Mattel's

17 practices regarding Mattel's creation, design and development of fashion dolls,

18 Mattel's reaction to "Bratz," Bryant's work at Mattel and Mattel's knowledge of

19 Bryant's involvement in the design of the first generation of MGA's "Bratz" dolls.

20       67.    Cassidy Park. MGA believes that Ms. Park is a current or

21 former Mattel employee. Ms. Park was deposed on March 2, 2005 and possesses

22 the information set forth in her deposition testimony.

23       68.    Tom Park. Mr. Park is a former MGA employee. Mr. Park may

24 possess knowledge of facts in support of MGA's defenses to Mattel's RICO and

25 trade secret counterclaims.

26       69.    Rene Pasko. MGA believes that Ms. Pasko currently is a Mattel

27 employee. Ms. Pasko was deposed on June 13, 2007 and possesses the information

28 set forth in her deposition testimony.

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

Exhibit 6 Page 73

70.     Tina Patel.  Ms. Patel was a Brand Manager for "Bratz" while employed by MGA and later became a Mattel employee but, to MGA's knowledge, is no longer a Mattel employee.  Ms. Patel may possess information relevant to Mattel's investigation of MGA and its executives, employees and freelancers, and other aspects of Mattel's unfair competition and unclean hands.

71.     Ninette Pembleton.  Ms. Pembleton is MGA's V.P. of Operations.  Ms. Pembleton may possess knowledge of some aspect or aspects of the creation and design of MGA products, including "Mommy's Little Patient" and "Alien Racers"; Mattel's serial copying of MGA's products (including, without limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky Fashion Makeover Head," "4-Ever Best Friends," "Mommy's Little Patient," and "Alien Racers"); and Mattel's serial copying of MGA's distinctive trade dress, trademarks, product packaging, themes, ideas, and advertising.  Ms. Pembleton may be contacted through MGA's counsel of record.

72.     Joni Pratt.  MGA believes that Ms. Pratt currently is a Mattel employee.  Ms. Pratt was deposed on June 1, 2007 and possesses the information set forth in her deposition testimony.

73.     Ramona Prince.  Ms. Prince is a notary public and was deposed in 2004.  She possesses information relevant to some aspect or aspects of the timing of Mr. Bryant's creation of the original "Bratz" drawings.  Ms. Prince may be contacted through her counsel of record.

74.     Jesse Ramirez.  Mr. Ramirez is the owner of South Bay Molds and may possess information relevant to the timing of MGA's design of the first generation of "Bratz" dolls, specifically with respect to the creation of molds therefor.

75.     David Rosenbaum.  Mr. Rosenbaum is MGA's former counsel.  He possesses information relevant to the negotiation of the MGA-Bryant contract.

76.     Ivy Ross.  MGA believes that Ms. Ross is a former Mattel

- 13 -

1  employee.  Ms. Ross may possess information relevant to Mattel's employment

2  policies and practices, practices regarding Mattel's creation, design and

3  development of fashion dolls, Bryant's work at Mattel, Mattel's investigation of

4  MGA and its executives, employees and freelancers and other aspects of Mattel's

5  unclean hands.

6      77.   Shirin Salemnia.  Ms. Salemnia is a Research Manager for

7  MGA.  Ms. Salemnia may possess information relevant to the packaging, themes,

8  ideas, advertising and market research related to MGA's products (including,

9  without limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky Fashion Makeover

10 Head," "4-Ever Best Friends," "Mommy's Little Patient," and "Alien Racers").

11 Ms. Salemnia may be contacted through MGA's counsel of record.

12     78.   Chuck Scothon.  MGA believes that Mr. Scothon currently is a

13 General Manager and Senior VP of Girls at Mattel Brands.  Mr. Scothon may

14 possess knowledge of Mattel's serial copying of MGA's distinctive trade dress,

15 trademarks, product packaging, themes, ideas, and advertising; Mattel's dilution of

16 MGA's famous marks; Mattel's interference with MGA's advertising efforts;

17 Mattel's threats to and intimidation of retailers, suppliers, licensees, distributors,

18 manufacturers, and former employees and freelancers; Mattel's improper influence

19 of standard-setting and industry organization; and Mattel's manipulation of MGA's

20 retail displays.

21     79.   Shelly Shibata.  Ms. Shibata is MGA's Senior Director of New

22 Dolls and Toys.  Ms. Shibata may possess information relevant to licensing of and

23 style guides for MGA's "Bratz" dolls.  Ms. Shibata may be contacted through

24 MGA's counsel of record.

25     80.   Aileen Storer.  Ms. Storer currently is Creative Director of Bratz

26 & Dolls for MGA.  Ms. Storer may possess information relevant to some aspect or

27 aspects of the creation and design of packaging, logos and branding of MGA

28 products, including  without limitation the first generation of "Bratz" dolls.. Ms.

- 14 -

Exhibit 6 Page 75

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)