1     Storer may be contacted through MGA's counsel of record.

2              81.     Steven Tarmichael. Mr. Tarmichael is a freelance hair rooter

3     and worked as such for MGA in connection with some of MGA's "Bratz" dolls.

4     Mr. Tarmichael may possess information relevant to some aspect or aspects of the

5     design of "Bratz" dolls, including without limitation the first generation of "Bratz"

6     dolls.

7              82.     Mariana Trueba. Ms. Trueba is an employee of MGA Mexico.

8     Ms. Trueba may possess knowledge of facts in support of MGA's defenses to

9     Mattel's RICO and trade secret counterclaims. Ms. Trueba may be contacted

10    through MGA's counsel of record.

11             83.     Pablo Vargas. Mr. Vargas is an employee of MGA Mexico.

12    Mr. Vargas may possess knowledge of facts in support of MGA's defenses to

13    Mattel's RICO and trade secret counterclaims. Mr. Vargas may be contacted

14    through MGA's counsel of record.

15             84.     Ann Wang. Ms. Wang may possess information relevant to the

16    negotiation of the MGA-Bryant contract.

17             85.     Mercedah Ward. MGA believes that Ms. Ward is a former

18    Mattel employee. Ms. Ward also is a former MGA employee. Ms. Ward possesses

19    information relevant to aspects of the creation, design and development of the first

20    generation of MGA's "Bratz" dolls, Mattel's serial copying of MGA's products

21    (including, without limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky

22    Fashion Makeover Head," "4-Ever Best Friends," "Mommy's Little Patient," and

23    "Alien Racers"); Mattel's serial copying of MGA's distinctive trade dress,

24    trademarks, product packaging, themes, ideas, and advertising; and Mattel's

25    dilution of MGA's famous marks.

26             86.     Sandy Yonemoto. MGA believes that Ms. Yonemoto is the

27    Manager of Human Resources Communications at Mattel. Ms. Yonemoto was

28    deposed on May 30, 2007. She possesses the information set forth in her deposition

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

Exhibit 6 Page 76

1    transcript.

2              87.       Various present or former employees and contractors of MGA

3    are potential witnesses, including, but not limited to, those listed on MGA's Fourth

4    Supplemental Response to Interrogatory No. 1 of Mattel's First Set of

5    Interrogatories Re: Claims of Unfair Competition. Such current employees of

6    MGA may be contacted through MGA's counsel of record. MGA is currently

7    unable to identify the specific witnesses and information such witnesses may

8    possess.

9              88.       Various present or former employees and contractors of Mattel

10   as well as its various present or former suppliers, licensees, distributors and

11   merchandisers are potential witnesses. The identities, whereabouts and relevant

12   knowledge of such potential witnesses are best known by Mattel.

13        MGA reserves the right to further supplement its disclosures to identify

14   additional witnesses as they, or their relevance, become apparent or as otherwise

15   necessary or appropriate.

16   **Documents**

17        The MGA Parties' document identification to date is based solely upon such

18   information and documents that have been discovered thus far, as well as the MGA

19   Parties' present analysis of the case, and shall not in any way be deemed to be a

20   representation that additional documents do not exist. Accordingly, the MGA

21   Parties reserve the right to amend this disclosure pursuant to Rule 26(e) if

22   additional documents are identified. Furthermore, the MGA Parties reserve the

23   right to supplement or modify the disclosure based on information or documents

24   subsequently identified as pertinent to disputed facts. To the extent that one or

25   more of the MGA Parties already has identified documents pursuant to Rule 26(a),

26   the documents identified herein serve to supplement such prior disclosures.

27        Subject to the foregoing, and subject to, as applicable, the designations of

28   confidentiality which have or may be made pursuant to the terms and provisions of

1    the Stipulated Protective Order governing the disclosure of confidential material in

2    this case, the MGA Parties identify the following documents:

3         1.    Documents showing how long each of MGA's contested

4    "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products

5    have been sold to the public.

6         2.    Documents showing where each of MGA's contested "Bratz,"

7    "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products are

8    available and/or have been sold to the public.

9         3.    Advertisements for MGA's contested "Bratz," "Mommy's

10   Little," "4-Ever Best Friends," and "Alien Racers" products.

11        4.    Promotional materials, in-store displays, and point of purchase

12   displays for MGA's contested "Bratz," "Mommy's Little," "4-Ever Best Friends,"

13   and "Alien Racers" products.

14        5.    Documents showing the nature, scope and extent of MGA's

15   advertising program nationwide for MGA's contested "Bratz," "Mommy's Little,"

16   "4-Ever Best Friends," and "Alien Racers" products, including without limitation

17   advertising expenditures.

18        6.    Marketing documents and sales data for MGA's contested

19   "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products.

20        7.    Samples of MGA products and packaging that Mattel has

21   infringed.

22        8.    Copies of the commercials that Mattel has infringed.

23        9.    Documents showing Mattel's infringing products, packaging,

24   commercials and themes.

25        10.   Press regarding MGA's contested "Bratz," "Mommy's Little,"

26   "4-Ever Best Friends," and "Alien Racers" products.

27        11.   Market research concerning MGA's contested "Bratz,"

28   "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products.

- 17 -

Exhibit 6 Page 78

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1      12.    Documents showing actual confusion between MGA's products

2  and Mattel's products.

3      13.    Documents showing that Mattel was aware of MGA's contested

4  "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products,

5  themes and/or advertising and knowingly imitated or copied them.

6      14.    Documents showing the creation, design and development of

7  MGA's first generation of "Bratz" dolls.

8      15.    Documents showing the creation and design of the Contested

9  Products, including "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien

10  Racers" products.

11      16.    Documents showing the hiring and employment practices and

12  policies of Mattel, including but not limited to contracts employees are asked to

13  sign.

14      17.    Documents demonstrating Carter Bryant's inspiration for his

15  drawings he brought to MGA.

16      18.    Examples of Carter Bryant's non-Bratz artwork.

17      19.    Documents showing the sales and market share of Barbie dolls

18  over the last 10 years.

19      20.    Documents reflecting or evidencing Mattel's interference with

20  MGA's advertising efforts; Mattel's threats to and intimidation of retailers,

21  suppliers, licensees, distributors, manufacturers, and former employees and

22  freelancers; Mattel's improper influence of standard-setting and industry

23  organization; Mattel's manipulation of MGA's retail displays; Mattel's knowledge

24  of Bryant's involvement with Bratz and its investigation of MGA and its

25  executives, employees and freelance vendors; other aspects of Mattel's unclean

26  hands; and the damages suffered by MGA as a result of Mattel's conduct.

27      21.    MGA's admonitions to personnel hired from competitors,

28  including Mattel.

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

Exhibit 6 Page 79

1        22.    MGA's pre-hire communications with Ron Brawer.

2        23.    MGA's pre-hire communications with Gustavo Machado, Pablo

3  Vargas and Mariana Trueba.

4        24.    MGA's pre-hire communications with Janine Brisbois.

5        25.    MGA's pre-hire communications with Jorge Castilla.

6        26.    Documents showing publicly available sales and marketing data

7  for Mattel and other toy companies.

8        27.    Documents showing MGA's efforts to expand sales and

9  marketing in Mexico.

10       28.    Other documents not yet in MGA's possession, custody or

11  control but believed to be in possession of or under the custody or control of Mattel,

12  as described in MGA's various requests for production of documents and things

13  and/or third party subpoenas.

14  **Damages**

15     MGA seeks damages arising out of Mattel's acts of false designation of

16  origin or affiliation, dilution, and unfair competition and unfair business practices.

17  MGA seeks disgorgement of all profits derived by Mattel for its acts of false

18  designation of origin or affiliation, dilution, and unfair competition and unfair

19  business practices. MGA seeks costs, expenses, and reasonable attorneys' fees in

20  prosecuting this action. MGA seeks punitive and/or exemplary damages as a result

21  of Mattel's willful and malicious conduct to the extent allowable by law.

22     MGA is unable to calculate the amount of damages at this time because

23  discovery has not yet been completed and such calculation may require the services

24  of an expert witness.

25  **Insurance**

26     The required disclosure regarding insurance is presently inapplicable.

27

28

1

2    Dated:      September 2[ ] 2007          O'MELVENY & MYERS LLP

3

4    By: [signature]

5    Attorneys for MGA Entertainment, Inc.,
     MGA Entertainment (HK) Limited,
6    MGAE de Mexico S.R.L. de C.V., and
     Isaac Larian

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 20 -

Exhibit 6 Page 81

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
LOS ANGELES

## PROOF OF SERVICE

I, Marie G. Lewis, am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 400 South Hope Street, Los Angeles, California 90071-2899. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service.

On September 21, 2007, I had the following document served by special messenger:

**MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL DISCLOSURES AND MGA ENTERTAINMENT (HK) LIMITED, MGAE DE MEXICO S.R.L. DE C.V., AND LARIAN'S INITIAL DISCLOSURES UNDER RULE 26(a)(1)**

upon counsel named below:

> Michael T. Zeller, Esq.
> Timothy Alger, Esq.
> Quinn Emanuel Urquhart Oliver & Hedges, LLP
> 865 South Figueroa Street, 19th Floor
> Los Angeles, CA 90017
> michaelzeller@quinnemanuel.com
> talger@quinnemanuel.com
> *(Attorneys for Mattel)*

A courtesy copy was sent via electronic mail.

On September 21, 2007, I served said document by putting true and correct copies thereof in sealed envelopes, with postage fully prepaid, and placing the envelopes for collection and mailing today with the United States

**Exhibit 6 Page 82**

PROOF OF SERVICE
CASE NO. CV 04-9049 SGL (RNBX)

1   Postal Service in accordance with the firm's ordinary business practices, as

2   addressed below:

3

4   James W. Spertus, Esq.                    Michael H. Page, Esq.

    Law Offices of James W. Spertus           Keker & Van Nest LLP

5   12100 Wilshire Boulevard, Suite 620       710 Sansome Street

6   Los Angeles, CA 90025                     San Francisco, CA 94111

7   *(Attorneys for Carlos Gustavo*           *(Attorneys for Carter Bryant)*

8   *Machado Gomez)*

9   Patricia Glaser, Esq.

    Christensen, Glaser, Fink, Jacobs,

10  Weil & Shapiro, LLP

11  10250 Constellation Blvd., 19th Floor

    Los Angeles, CA 90067

12

13  *(Attorneys for MGA)*

14

15          I declare under penalty of perjury that the foregoing is true and

16  correct.  Executed at Los Angeles, California, this 21st day of September,

17  2007.

18

19

20                                                    Marie G. Lewis

21

22

23

24

25

26

27

28

Exhibit 6 Page 83                    - 2 -                    PROOF OF SERVICE
CASE NO. CV 04-9049 SGL (RNBX)

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
LOS ANGELES

Exhibit 7



**BuchalterNemer**
A Professional Law Corporation

1000 WILSHIRE BOULEVARD, SUITE 1500, LOS ANGELES, CALIFORNIA 90017-2457
TELEPHONE (213) 891-0700 / FAX (213) 896-0400

# FACSIMILE TRANSMISSION

**DATE:**    January 25, 2008          **FILE NUMBER:**

**TO:**

| NAME: | FAX NO.: | PHONE NO.: |
|---|---|---|
| Jon D. Corey, Esq.<br>Quinn Emanuel, et al. | 213/ 443-3100 | 213/ 443-3000 |

**FROM:**    Karen Rodgers-Maki          **PHONE:**

**RE:**

| NUMBER OF PAGES WITH COVER PAGE: | 2 |
|---|---|

**Message:**

| Start Time: | a.m. / p.m. |
|---|---|
| Finish Time: | a.m. / p.m. |
| Vicinity: | _____ Local  _____ Long Dist.  _____ International |

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.
If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the US Postal Service.  Thank You.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL AS SOON AS POSSIBLE.**

Exhibit 7 Page 84



**BuchalterNemer**
A Professional Law Corporation

1000 WILSHIRE BOULEVARD, SUITE 1500, LOS ANGELES, CALIFORNIA 90017-2457
TELEPHONE (213) 891-0700 / FAX (213) 896-0400

Direct Dial Number: (213) 891-5022
Direct Facsimile Number: (213) 630-5762
E-Mail Address: jpetrullo@buchalter.com

January 25, 2008

*By Telefax Delivery (And Regular Mail)*

Jon D. Corey, Esq.
Quinn Emanuel et al.,
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re:   **Carter Bryant v. Mattel, Inc.,**
       <u>US District Court Case No: CV 04-9049 SGL(RNBx)</u>

Dear Mr. Corey:

As I indicated in my voice mail message, I represent Kami Gilmour who, I understand, you have recently served with a deposition subpoena for a January 28th deposition in the above reference case.

Ms. Gilmour is not available at 9:00 a.m., on January 28th, for her deposition. However, if you will call me at your convenience I will be glad to coordinate Ms. Bryant's availability with you so that she can attend her deposition at the first opportunity.

My direct office line is 213-891-5022.

Thank you.

Very truly yours,

John Patrick Petrullo

JPP:sk

**Exhibit 7 Page 85**

The attached fax was received from 2138960400 on 1/25/2008 at 3:41:53 PM

JobID: 081473

Exhibit 7 Page 86

Exhibit 8

00029/2340430.1

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 22, 2008

<u>VIA FACSIMILE AND U.S. MAIL</u>
**917.777.2578**

Paul Eckles, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, New York 10036

Re:     <u>Bryant v. Mattel, Inc.</u>

Dear Paul:

I write to reiterate my verbal request that MGA agree to stipulate that certain depositions be conducted in February, as Judge Larson contemplated in his January 7, 2008 Order.  To date, these include: Jorge Castilla, Gentle Giant and Jeanine Brisbois.  Mattel may identify additional witnesses in the near term who fall into this category.  We have separately addressed the depositions of Wachovia and Moss Adams.  Please let me know by close of business tomorrow whether MGA will agree that the depositions of these three persons may occur on dates convenient to them during the month of February.

Separately, Mattel has been granted leave to take the deposition of Ms. Brisbois.  She is one of the persons who Mattel alleges misappropriated Mattel trade secrets.  She is a resident of Canada, we understand, and MGA's prior counsel refused to produce her for deposition.  Please let me know by close of business tomorrow whether MGA has changed his its position and is now willing to produce Ms. Brisbois for deposition.  If not, then Mattel will petition Judge Larson for letters rogatory to compel her deposition in Canada.

**Exhibit 8 Page 87**

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2364034.1

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

*Jon Corey*

Jon Corey

cc:    Michael Page, Esq.
        Alexander Cote, Esq.

Exhibit 9

00029/2340430.1

**Christopher Price**

| | |
|---|---|
| **From:** | Jon Corey |
| **Sent:** | Tuesday, January 22, 2008 1:04 PM |
| **To:** | Eckles, Paul M |
| **Cc:** | Michael Page; acote@obsklaw.com; Michael T Zeller; Dylan Proctor |
| **Subject:** | Depositions |

Paul,

Attached is an updated list of depositions from our end.  Let me know if you have any changes or if you see things differently.

Best regards,

**Confirmed Depositions – 1/22/08**

**January 22, 2008**

Rebecca Harris (QE LA)

**January 23, 2008**

Theresa Newcomb (Skadden LA)
Samir Khare (QE LA)
Carter Bryant (QE SF)

**January 24, 2008**

Carter Bryant (QE SF)
Shelia Kyaw (Skadden LA)
Jean Gomez (Skadden LA)
Ana Cabrera (Doubletree El Segundo)
Lisa Tonnu (QE LA)

**January 25, 2008**

Beatriz Morales (Doubletree El Segundo)
Dave Malacrida (QE LA)
Milt Zablow (NY)
Tim Kilpin (Skadden LA)
David Rosenbaum (QE LA)
Mel Woods (QE LA)
Samir Khare (QE LA)

**January 28, 2008**

Ron Brawer (London)
Robert Eckert (Doubletree El Segundo)
Kevin Farr

Exhibit 9 Page 89

1/27/2008

Maureen Tafoya (Skadden LA)
Daniel Cooney (Philadelphia-NJ)
Nic Contreras (QE LA)
Susanna Kuemmerle (QE LA)
Anne Wang (QE-LA)
Kickapoo High School (MO)
Nana Ashong (QE NY)

**January 29, 2008**

Farhad Larian

**Requested Depositions after January 28, 2008**

1.   Jorge Castilla
2.   Wachovia
3.   Mitchell Karmack
4.   Joyce Ng
5.   Gentle Giant
6.   Moss Adams
7.   Jeanine Brisbois

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**Exhibit 9 Page 90**

1/27/2008

Exhibit 10

00029/2340430.1

## Christopher Price

| | |
|---|---|
| **From:** | Jon Corey |
| **Sent:** | Wednesday, January 23, 2008 1:01 AM |
| **To:** | Eckles, Paul M; 'mpage@kvn.com'; 'acote@obsklaw.com' |
| **Cc:** | Michael T Zeller; Dylan Proctor |
| **Subject:** | Depositions |

Counsel,

Attached is the most recent schedule of confirmed deposition from Mattel's perspective.  Please let me know if
there are any inaccuracies that you are aware of.

## Confirmed Depositions – 1/22/08

### January 22, 2008

Rebecca Harris (QE LA)

### January 23, 2008

Theresa Newcomb (Skadden LA)
Samir Khare (QE LA)
Carter Bryant (QE SF)

### January 24, 2008

Carter Bryant (QE SF)
Shelia Kyaw (Skadden LA)
Jean Gomez (Skadden LA)
Ana Cabrera (Doubletree El Segundo)
Lisa Tonnu (QE LA)

### January 25, 2008

Beatriz Morales (Doubletree El Segundo)
Dave Malacrida (QE LA)
Milt Zablow (NY)
Tim Kilpin (Skadden LA)
David Rosenbaum (QE LA)
Mel Woods (QE LA)
Samir Khare (QE LA)
Jesse Ramirez (QE LA)

### January 28, 2008

Ron Brawer (London)*
Robert Eckert (Doubletree El Segundo)
Kevin Farr (Skadden LA)
Maureen Tafoya (Skadden LA)

Exhibit 10 Page 91

Daniel Cooney (Trenton NJ)
Nic Contreras (QE LA)
Susanna Kuemmerle (QE LA)
Anne Wang (QE-LA)
Kickapoo High School (MO)
Nana Ashong (QE NY)
Mitchell Karmack (QE LA)
Jeff Weiss (Strook LA)
Joe Tiongco (QE LA)*
Daphne Gronich (QE LA)*

**January 29, 2008**

Farhad Larian (QE LA)*

**Requested Depositions after January 28, 2008**

1.  Jorge Castilla
2.  Wachovia
3.  Mitchell Karmack
4.  Joyce Ng
5.  Gentle Giant
6.  Moss Adams
7.  Jeanine Brisbois

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**Exhibit 10 Page 92**

1/27/2008

# Exhibit 11

00029/2340430.1

From: Alexander Cote [mailto:acote@obsklaw.com]
Sent: Thursday, December 06, 2007 5:22 PM
To: Dylan Proctor
Subject: Gustavo Machado

Dylan,

Mr. Machado will be available in Mexico City for deposition on 15th of January. Please let me know if that day is convenient.

Thanks,

Alexander H. Cote
Overland Borenstein Scheper & Kim LLP
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3101
(t) 213-613-4660
(f) 213-613-4656

12/7/2007

Exhibit 11 Page 93

Exhibit 12

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:  (213) 443-3100

8   Attorneys for Mattel, Inc.

9

10                    UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12                         EASTERN DIVISION

| | |
|---|---|
| 13  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 14          Plaintiff, | Consolidated with |
| 15     vs. | Case No. CV 04-09059 <br> Case No. CV 05-02727 |
| 16  MATTEL, INC., a Delaware corporation, | AMENDED NOTICE OF DEPOSITION OF CARLOS GUSTAVO MACHADO |
| 17 | |
| 18          Defendant. | Date:      January 15, 2008 <br> Time:     9:30 a.m. |
| 19  AND CONSOLIDATED CASES | Place:    JW Marriott Hotel Mexico City <br> Andres Bello 29 |
| 20 | Mexico City, 11560 Mexico |
| 21 | Discovery Cut-Off:    January 28, 2008 <br> Pre-Trial Conference: May 5, 2008 |
| 22 | Trial Date:          May 27, 2008 |

23

24

25

26

27

28

07209/2211046.1

AMENDED NOTICE OF DEPOSITION OF CARLOS GUSTAVO MACHADO

Exhibit 12 Page 94

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that pursuant to the agreement between

3  Carlos Gustavo Machado and Mattel, Inc. by and through their counsel of record

4  and at the request of and to accommodate Mr. Machado, Mattel, Inc. will take the

5  deposition defendant of Carlos Gustavo Machado on January 15, 2008 beginning at

6  9:30 a.m., at the J.W. Marriott Hotel Mexico City, Andres Bello 29, Mexico City,

7  11560 Mexico. The location of the deposition was selected and identified by

8  Counsel for Mr. Machado and represented to be convenient to the witness.

9          PLEASE TAKE FURTHER NOTICE that the deposition will take

10 place upon oral examination before a duly authorized notary public or other officer

11 authorized to administer oaths at depositions, and will continue from day to day,

12 Saturdays, Sundays and legal holidays excepted, until completed. In additon, Mr.

13 Machado has requested, and will be provided, the services of a Spanish-English

14 translator, if necessary.

15         PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

16 P. 30(b)(2), the deposition will be videotaped. Mattel also reserves the right to use

17 Livenote or other technology for real-time transcription of the testimony.

18

19 DATED: December 24, 2007       QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
20

21                               By_____
                                   Jon Corey
22                                 Attorneys for Mattel, Inc.

23

24

25

26

27

28

0720922211044.1

-2-
AMENDED NOTICE OF DEPOSITION OF CARLOS GUSTAVO MACHADO

Exhibit 12 Page 95

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On December 24, 2007, I served true copies of the following documents described as **AMENDED NOTICE OF DEPOSITION OF CARLOS GUSTAVO MACHADO** on the parties in this action as follows:

| | |
|---|---|
| Thomas Nolan, Esq.<br>Carl Roth, Esq.<br>**SKADDEN ARPS SLATE MEAGHER &**<br>**FLOM, LLP**<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071 | |
| John W. Keker, Esq.<br>Michael H. Page, Esq.<br>Christina M. Anderson, Esq.<br>Keker & Van Nest, LLP<br>710 Sansome Street<br>San Francisco, CA 94111 | |
| Mark E. Overland, Esq.<br>Alexander H. Cote<br>**OVERLAND BORENSTEIN SCHEPER &**<br>**KIM LLP**<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071-3144 | |

[√]    **BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

Executed on December 24, 2007, at Los Angeles, California.

Johanna Lopez

07209/2303088.1

-1-

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

Exhibit 12 Page 96

Exhibit 13

00029/2340430.1

----- Original Message -----
From: Park, Amy S <Amy.Park@skadden.com>
To: Michael T Zeller
Cc: Nolan, Thomas J (LAC) <Thomas.Nolan@skadden.com>; Adler, Douglas B (LAC)
<Douglas.Adler@skadden.com>; DiCanio, Jack P (LAC) <Jack.DiCanio@skadden.com>; Mark
Overland <moverland@obsklaw.com>; Alexander Cote <acote@obsklaw.com>; Christa Anderson
<CAnderson@KVN.com>
Sent: Sat Jan 12 11:39:38 2008
Subject: Machado deposition

Mike,

We need to reschedule the deposition of Gustavo Machado that was set for January 15
without considering our availability. My partner, Jack DiCanio will be covering the
deposition, but is unable to attend on the 15th due to a sentencing hearing in the Reyes
case. Because Machado's deposition is a Phase 2 deposition, it can proceed after Phase 1.

Thanks.

Amy S. Park
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue | Suite 1100 | Palo Alto, CA 94301
T: 650.470.4511 | F: 888.329.6334 | E: apark@skadden.com <mailto:apark@skadden.com>

Brenda Fry, Assistant to Amy S. Park
T: 650.470.4567 | E: bfry@skadden.com <mailto:bfry@skadden.com>

----------------------------------------------------------------------------
************************************************* To ensure compliance with Treasury
Department regulations, we advise you that, unless otherwise expressly indicated, any
federal tax advice contained in this message was not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal
Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing
or recommending to another party any tax-related matters addressed herein.
*********************************************************
********************************************** This email and any attachments
thereto, is intended only for use by the addressee(s) named herein and may contain legally
privileged and/or confidential information. If you are not the intended recipient of this
email, you are hereby notified any dissemination, distribution or copying of this email,
and any attachments thereto, is strictly prohibited. If you receive this email in error
please immediately notify me at (212) 735-3000 and permanently delete the original copy
and any copy of any email, and any printout thereof. Further information about the firm, a
list of the Partners and their professional qualifications will be provided upon request.
**********************************************************
============================================================================

Exhibit 13 Page 97

Exhibit 14

00029/2340430.1

—·· ----

-----Original Message-----
From: Alexander Cote [mailto:acote@obsklaw.com]
Sent: Saturday, January 12, 2008 5:47 PM
To: Michael T Zeller; Park, Amy S
Cc: Nolan, Thomas J (LAC); Adler, Douglas B (LAC); DiCanio, Jack P (LAC); Mark Overland;
Christa Anderson; John Quinn
Subject: RE: Machado deposition


Mr. Zeller,
Please see Mr. Overland's email of this afternoon. Mr. Machado will not be appearing on
the 15th. Accordingly, the deposition will not be going forward.
Thank you,
Alexander Cote


-----Original Message-----

From:  "Michael T Zeller" <michaelzeller@quinnemanuel.com>
Subj:  RE: Machado deposition
Date:  Sat Jan 12, 2008 4:21 pm
Size:  4K
To:    "Park, Amy S" <Amy.Park@skadden.com>
cc:    "Nolan, Thomas J (LAC)" <Thomas.Nolan@skadden.com>; "Adler, Douglas B (LAC)"
<Douglas.Adler@skadden.com>; "DiCanio, Jack P (LAC)" <Jack.DiCanio@skadden.com>; "Mark
Overland" <moverland@obsklaw.com>; "Alexander Cote" <acote@obsklaw.com>; "Christa
Anderson" <CAnderson@KVN.com>; "John Quinn" <johnquinn@quinnemanuel.com>

Amy, as far as I know, MGA's counsel does not represent Mr. Machado.
MGA's counsel accordingly has no right or ability to move or cancel Mr.
Machado's noticed deposition, let alone without even a business day's
notice before counsel, the court reporter and the videographer were
scheduled to travel to Mexico City.

Exhibit 14 Page 98

MGA also was fully advised of this particular deposition date -- which has taken months to schedule due to defendants' delays and which moved forward only after we filed a motion to compel -- for at least three weeks and offered no objection.  I am attaching the revised Notice for your information.  MGA undoubtedly has any number of lawyers other than Mr. DiCanio who can attend if MGA wishes to have its counsel there, but, if not, then MGA can decide not to attend the deposition.  As far as we are concerned, however, the deposition will go forward as duly noticed on the 15th.


Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  michaelzeller@quinnemanuel.com
<mailto:michaelzeller@quinnemanuel.com>


The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


---

From: Park, Amy S [mailto:Amy.Park@skadden.com]
Sent: Saturday, January 12, 2008 11:40 AM
To: Michael T Zeller
Cc: Nolan, Thomas J (LAC); Adler, Douglas B (LAC); DiCanio, Jack P (LAC); Mark Overland; Alexander Cote; Christa Anderson
Subject: Machado deposition


Mike,

We need to reschedule the deposition of Gustavo Machado that was set for January 15 without considering our availability. My partner, Jack DiCanio will be covering the deposition, but is unable to attend on the 15th due to a sentencing hearing in the Reyes case. Because Machado's deposition is a Phase 2 deposition, it can proceed after Phase 1.

Thanks.

Amy S. Park
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue | Suite 1100 | Palo Alto, CA 94301
T: 650.470.4511 | F: 888.329.6334 | E: apark@skadden.com
<mailto:apark@skadden.com>


Brenda Fry, Assistant to Amy S. Park
T: 650.470.4567 | E: bfry@skadden.com <mailto:bfry@skadden.com>

Exhibit 14 Page 99

--------------------------------------------------------------------------
------ ********************************************** To ensure
compliance with Treasury Department regulations, we advise you that,
unless otherwise expressly indicated, any federal tax advice contained
in this message was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding tax-related penalties under the
Internal Revenue Code or applicable state or local tax law provisions or
(ii) promoting, marketing or recommending to another party any
tax-related matters addressed herein.
**************************************************
*************************************************** This email and any
attachments thereto, is intended only for use by the addressee(s) named
herein and may contain legally privileged and/or confidential
information. If you are not the intended recipient of this email, you
are hereby notified any dissemination, distribution or copying of this
email, and any attachments thereto, is strictly prohibited. If you
receive this email in error please immediately notify me at (212)
735-3000 and permanently delete the original copy and any copy of any
email, and any printout thereof. Further information about the firm, a
list of the Partners and their professional qualifications will be
provided upon request.
*********************************************
====================================================================
======

Exhibit 14 Page 100

Exhibit 15

00029/2340430.1



**RECEIVED**

JAN 2 3 2008

**CALENDARED**

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, CA  90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:   tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No.  40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, California  94111-5974
7  Telephone:  (415) 984-6400
   Facsimile:   (415) 984-2698
8  Email:     rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA
10 ENTERTAINMENT (HK) LIMITED, and MGAE de MEXICO S.R.L. de C.V.

11

12                 UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14

15 CARTER BRYANT, an individual       )  CASE NO. CV 04-9049 SGL (RNBx)
                                      )
16             Plaintiff,             )  Consolidated with Case No. 04-9059
                                      )  and Case No. 05-2727
17       v.                           )
                                      )  **DISCOVERY MATTER**
18 MATTEL, INC., a Delaware           )
   corporation                        )  **[To be heard by Discovery Master
19                                    )  Hon. Edward A. Infante (Ret.)]**
               Defendant.             )
20                                    )  **MGA DEFENDANTS' NOTICE OF
                                      )  MOTION AND MOTION TO
21                                    )  QUASH DEPOSITION
                                      )  SUBPOENAS AND
22                                    )  MEMORANDUM IN SUPPORT**
                                      )
23                                    )  **[DECLARATION OF PAUL
                                      )  ECKLES FILED UNDER
24 _____  )  SEPARATE COVER]**
                                      )
25 AND CONSOLIDATED ACTIONS          )  Date:   February 8, 2008
                                      )  Time:   TBD
26                                    )  Place:  TBD
                                      )
27 _____

28                                    1-22

   MGA DEFENDANTS' MOTION TO QUASH SUBPOENAS AND MEMORANDUM IN
   SUPPORT

Exhibit 15 Page 101

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2       PLEASE TAKE NOTICE that on February 8, 2008, at a time to be determined,

3  or as soon thereafter as the matter may be heard, before the Honorable Edward

4  Infante (Ret.), Discovery Master, located at Two Embarcadero Center, Suite 1500,

5  San Francisco, CA 94111, counter-defendants MGA Entertainment, Inc., Isaac

6  Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V.

7  (collectively, the "MGA Defendants") will and hereby do move, pursuant to Federal

8  Rule of Civil Procedure 26(b)(2), 30, and 45(c)(3), for an order quashing subpoenas

9  issued by Mattel, Inc. to non-parties Mel Woods, Daphne Gronich, Joe Tiongco,

10  NPD Group, Inc., Ana Isabel Cabrera, Beatriz Morales, Moss Adams, and Wachovia

11  Corporation.

12       This motion is made on the grounds that Mattel is over the numerical limit of

13  authorized depositions in this action and has not been granted leave to depose Mel

14  Woods, Daphne Gronich, Joe Tiongco, NPD Group, Inc., Ana Isabel Cabrera, or

15  Beatriz Morales.  This motion is based on this Notice of Motion and Motion to

16  Quash Subpoenas, the attached Memorandum of Points and Authorities in support

17  thereof, the supporting Declaration of Paul M. Eckles filed herewith, the pleadings

18  and records on file in this action, and any further evidence and argument as may be

19  presented to the Discovery Master on this motion.

20

21

22

23

24

25

26

27

28

**Statement of Local Rule 7-3 Compliance**

The parties met and conferred on January 14, 2008, January 18, 2008, and January 22, 2008 regarding the subject of this motion but were not able to resolve this motion.

DATED: January 22, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _Thomas J. Nolan (by Au)_

Thomas J. Nolan

Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, and MGAE de MEXICO S.R.L. de C.V.

2

MGA DEFENDANT'S MOTION TO QUASH SUBPOENAS AND MEMORANDUM IN SUPPORT

Exhibit 15 Page 103

## MEMORANDUM OF POINTS AND AUTHORITIES

By this motion, MGA seeks to quash unauthorized deposition subpoenas recently issued by Mattel that exceed the permitted limit in this case. Judge Larson imposed a limit of 24 depositions per side. Unsatisfied with that limit, Mattel moved for leave to take certain additional depositions that would take it well above the approved limit. Judge Larson recently granted Mattel's motion in part, authorizing it to issue deposition subpoenas for over 40 additional witnesses. Unsatisfied with being allowed to take well over 60 depositions, Mattel has recently issued six additional deposition subpoenas (Mel Woods, Daphne Gronich, Joe Tiongco, NPD Group, Inc., Ana Isabel Cabrera, and Beatriz Morales) that were not authorized by Judge Larson in his recent order. There is no basis for Mattel to take these depositions, and MGA respectfully submits that the subpoenas should be quashed.

MGA also moves to quash depositions subpoenas issued to Moss Adams and Wachovia Corporation, which are MGA's creditor and Mr. Larian's tax accountants, respectively. These Rule 30(b)(6) deposition subpoenas seek the same information that Mattel sought in previous document subpoenas issued to these third-parties, which are the subject of an already pending motion to quash. As set forth in MGA's prior motion, the discovery Mattel seeks is either irrelevant or unreasonably duplicative or cumulative of other discovery and the subpoenas should therefore be quashed.

## BACKGROUND

### Mattel's Motion for Additional Discovery

In its February 12, 2007 Scheduling Order, the Court limited each side to 24 depositions. By mid-November 2007, Mattel had used 18 of its depositions. On November 19, 2007, Mattel moved for leave to take scores of additional depositions. Mattel's motion for additional discovery was set for hearing on January 7, 2008. In the period between the filing of its motion and the January 7, 2008 hearing, Mattel

1

1  took or scheduled 6 of the depositions identified in its motion, bringing its total to

2  the allowed limit.[1]  Mattel also requested that MGA consent to an additional

3  deposition beyond the limit.[2]  MGA declined to enter the stipulation, and Mattel

4  consequently was forced to hold off noticing any more depositions until the Court

5  ruled on its motion.

6  On January 7, 2008, Judge Larson granted in part Mattel's motion for

7  additional discovery, permitting it to take over forty additional individual depositions,

8  and to serve two Rule 30(b)(6) deposition notices, one to MGA Entertainment Inc.

9  and another to MGAE De Mexico, S.R.L. De C.V., and to serve additional

10  interrogatories.[3]  But Judge Larson did not grant Mattel's motion in its entirety.  Nor

11  did he say that Mattel could take all the depositions referenced in its motion.  And

12  Judge Larson certainly did not provide Mattel leave to take additional depositions

13  beyond what it had identified in its motion.  Instead, Judge Larson approved specific

14  depositions relating to specific issues listed on certain pages of Mattel's motion:

15  "Specifically, the Court grants Mattel's request to take the individual depositions

16  relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to

17  the trade secret and RICO claims (set forth in the moving papers at 13)."

18  **Mattel's Issuance of Subpoenas In Violation of Judge Larson's Order**

19  Despite the clear terms of Judge Larson's order, Mattel has proceeded to issue

20  deposition subpoenas for not only the witnesses identified on the relevant pages of its

21

22  [1]    After filing its motion, Mattel took the depositions of Margaret Leahy

23  (12/12/07), Elise Cloonan (12/14/07), Jeanne Galvano (12/18/07), and Veronica
Marlow (12/28/07), and noticed or scheduled the depositions of Farhad Larian and

24  Gustavo Machado. (Eckles Decl. ¶¶ 1-5.)

25  [2]    Mattel requested that MGA stipulate to Mattel taking the deposition of Ron
Brawer beyond the limit. (Eckles Decl. ¶ 6, Ex. 5 (11/26/07 Letter from Jon D.

26  Corey to Raoul Kennedy).)

27  [3]    Eckles Decl. ¶ 7, Ex. 6 (Order Granting In Part And Denying In Part Mattel's
Motion For Leave To Take Additional Discovery (Jan. 7, 2008)).

28

MGA DEFENDANTS' MOTION TO QUASH SUBPOENAS AND MEMORANDUM IN
SUPPORT

Exhibit 15 Page 105

1   motion, but also six additional witnesses:  Mel Woods, Daphne Gronich, Joe

2   Tiongco, NPD Group, Inc., Ana Isabel Cabrera, and Beatriz Morales.

3          In its motion for additional discovery, Mattel had sought leave to take the

4   depositions of Daphne Gronich and Joe Tiongco on document preservation issues,

5   but Judge Larson did <u>not</u> grant Mattel leave to take those depositions or any further

6   depositions on document preservation issues.[4]  Mattel's counsel also raised the

7   potential deposition of Mel Woods at the January 7 hearing, but his deposition was

8   not authorized in Judge Larson's order.[5]  Mattel never mentioned the purported need

9   for a deposition of Ana Isabel Cabrera, Beatriz Morales, or NPD Group, and Judge

10  Larson did not grant Mattel leave to take any additional depositions beyond those

11  specifically identified in his January 7, 2008 order.

12         During on a meet-and-confer regarding the propriety of Mattel's deposition

13  subpoenas, Mattel's counsel explained that Mattel interpreted Judge Larson's order

14  as allowing it to take all of the depositions specifically identified by Judge Larson

15  <u>plus</u> an additional six depositions of its choosing.  Although Judge Larson's order

16  does not say anything about allowing six additional depositions, Mattel's theory is

17  that because it had only taken 18 depositions at the time it filed its motion, Judge

18  Larson must have intended to allow it to take the specific depositions authorized in

19  his order, plus an additional 6 depositions up to the allotted limit of 24.

20

21

22

23

24

25

26  [4]    Eckles Decl. ¶ 8, Ex. 7 (Mattel's Motion for Additional Discovery at 14).

27  [5]    Eckles Decl. ¶ 9, Ex. 8 (Tr. at 30.)

28
_____
3
MGA DEFENDANTS' MOTION TO QUASH SUBPOENAS AND MEMORANDUM IN
SUPPORT

Exhibit 15 Page 106

1

## ARGUMENT

2

3   I.   **THE DEPOSITIONS SUBPOENAS ISSUED TO MEL WOODS,
         DAPHNE GRONICH, JOE TIONGCO, ANA ISABEL CABRERA,
4        BEATRIZ MORALES AND NPD GROUP, INC. SHOULD BE
         QUASHED.**

5

6           Rule 30 ordinarily restricts a party to 10 depositions.  The numerical limit was

7   enacted to reduce litigation costs and increase the efficiency of deposition practice.

8   *See In re At Home Corp.*, No. C 04-0931 MMC (JL), 2005 WL 289976, at *3 (N.D.

9   Cal. Feb. 4. 2005) ("Rule 30 is designed to reduce litigation costs and delay of

10  discovery by setting a limit on the number of depositions, which is one of the more

11  expensive forms of discovery.").  Any party seeking additional discovery must "at an

12  irreducible minimum" show that each deposition "concern[s] an issue material to the

13  case and [is] not unreasonably cumulative or duplicative." *Barrow v. Greenville*

14  *Indep. Sch. Dist.*, 202 F.R.D. 480, 483-84 (N.D. Tex. 2001).  *See also At Home*, 2005

15  WL 289976, at *3 (denying request for 21 depositions where "many of [the

16  witnesses] may duplicate each other's testimony").  This showing must be made "for

17  not only the additional depositions but also the depositions already taken. . . . Absent

18  such a rule, … a party could circumvent the cap by taking ten deposition[s] of

19  questionable relevance first and leave the most crucial depositions for the end,

20  confident in the belief that leave of the court shall not be denied." *Newell v. State of*

21  *Wis. Teamsters Joint Council No. 39*, No. 05-C-552, 2007 WL 3166757, at *1 (E.D.

22  Wis. Oct. 25, 2007).  Where, as here, a court has set discovery limits as part of its

23  Rule 16(b) scheduling order, those limits shall not be modified except upon a

24  showing of good cause.  Fed. R. Civ. P. 16(b)(4).

25          In this case, Mattel applied to the Court for leave to take additional discovery

26  and was granted leave to take certain, enumerated depositions that would take it well

27  above the set limit in this case.  Mattel's argument that is free to take additional

28  depositions beyond what the Court allowed is inconsistent with the plain language of

4

1  Judge Larson's order, its clear meaning, and common sense.  As Mattel itself

2  acknowledged, between depositions taken and scheduled it already had reached the

3  deposition limit by the time of the January 7, 2008 hearing.  At the hearing, Judge

4  Larson considered Mattel's motion that it should be allowed to take certain

5  additional depositions.  Judge Larson granted the motion as to certain depositions

6  identified in Mattel's motion and denied it as to others, including Daphne Gronich

7  and Joe Tiongco.[6]

8      Given that Mattel is now well over the 24 limit, the only depositions that it

9  may take are those specifically authorized by Judge Larson.  Because none of the

10  depositions that is the subject of this motion was so authorized, the deposition

11  subpoenas for those witnesses should be quashed.[7]

12

13  ## II.    THE DEPOSITIONS SUBPOENAS ISSUED TO WACHOVIA AND MOSS ADAMS SHOULD BE QUASHED.

14      Mattel also issued subpoenas to non-parties Wachovia Corporation and Moss

15  Adams for depositions on January 28, 2008.  (Eckles Decl., ¶¶ 10-11, Exs. 9-10.)

16  Although in its January 7, 2008 order, the Court authorized Mattel to take several

17  depositions, including Wachovia and Moss Adams, the Court did not approve

18  Mattel's Rule 30(b)(6) notices to those witnesses.  The actual notices were never

19  submitted to the Court for approval, and, indeed, the Court's order refers only to

20  "individual depositions," rather than Rule 30(b)(6) depositions.  (Eckles Decl., ¶ 7,

21  Ex. 6 at 3.)  The topics set forth in Mattel's deposition subpoenas to Wachovia and

22

23  [6]    There was good reason for the Court to deny the depositions of Ms. Gronich

24  and Mr. Tiongco.  Daphne Gronich is MGA's former general counsel.  As a result, almost any relevant information she knows would be privileged.  Further, Mattel

25  already has taken depositions, including 30(b)(6) depositions, regarding the document preservation issues as to which Mattel sought leave to depose Ms. Gronich

26  and Mr. Tiongco.  Mattel could not and did not demonstrate good cause for their depositions.

27  [7]    We also understand that some of these subpoenas may not have been served.

28

5

MGA DEFENDANTS' MOTION TO QUASH SUBPOENAS AND MEMORANDUM IN SUPPORT

Exhibit 15 Page 108

1  Moss Adams relate to the same subject matters covered by document subpoenas that

2  Mattel previously issued to those non-parties.  (Eckles Decl., ¶¶ 10-13, Exs. 9-12.)

3  Those document subpoenas are the subject of a pending motion to quash brought by

4  the MGA Defendants, which is scheduled to be heard on February 8, 2008.  As set

5  forth in that motion to quash, which is incorporated herein by reference, the

6  document subpoenas to Wachovia and Moss Adams seek overly broad categories of

7  information that are either irrelevant or are unreasonably duplicative or cumulative

8  of other discovery.  The Rule 30(b)(6) deposition subpoenas to those witnesses

9  should be quashed for the same reasons.

10

11  DATED:  January 22, 2008

12                             SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

13

14                 By: *Thomas J Nolan (by AL)*

15                      Thomas J. Nolan

16                      Attorneys for Counter-Defendants, MGA

17                      ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK)

18                      LIMITED, and MGAE de MEXICO S.R.L. de C.V.

19

20

21

22

23

24

25

26

27

28

Exhibit 16

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
      865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
      Telephone:  (213) 443-3000
7   Facsimile:  (213) 443-3100

8   Attorneys for Mattel, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12                        EASTERN DIVISION

13   CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

14              Plaintiff,                  Consolidated with
                                            Case No. CV 04-09059
15        vs.                               Case No. CV 05-02727

16   MATTEL, INC., a Delaware               NOTICE OF DEPOSITION OF
     corporation,                           MARIANA TRUEBA
17
                Defendant.                  Date:    January 24, 2008
18                                          Time:    9:00 a.m.
                                            Place.:  Quinn Emanuel Urquhart
19   AND CONSOLIDATED CASES                          Oliver & Hedges
                                                     865 S. Figueroa St., 10th Floor
20                                                   Los Angeles, CA  90017

21                                          Phase 1
                                            Discovery Cut-Off: January 28, 2008
22                                          Pre-Trial Conference: May 5, 2008
                                            Trial Date:       May 27, 2008
23

24

25

26

27

28

07209/2348720.1

                                   NOTICE OF DEPOSITION OF MARIANA TRUEBA

Exhibit 16 Page 110

1       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2           PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of

3  Mariana Trueba on January 24, 2008, beginning at 9:00 a.m., at the offices of Quinn

4  Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., 10th Floor, Los

5  Angeles, CA 90017.

6           PLEASE TAKE FURTHER NOTICE that the deposition will take

7  place upon oral examination before a duly authorized notary public or other officer

8  authorized to administer oaths at depositions, and will continue from day to day,

9  Sundays, Saturdays and legal holidays excepted, until completed.

10          PLEASE TAKE FURTHER NOTICE that, pursuant to <u>Fed. R. Civ.</u>

11  <u>P.</u> 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

12  Livenote or other technology for real-time transcription of the testimony.

13

14  DATED: January 10, 2008       QUINN EMANUEL URQUHART OLIVER &
                                 HEDGES, LLP

15

16               By

17                   Jon D. Corey
                   Attorneys for Mattel, Inc.

18

19

20

21

22

23

24

25

26

27

28

07209/2348720.1

-2-

NOTICE OF DEPOSITION OF MARIANA TRUEBA

**Exhibit 16 Page 111**

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over

3 the age of eighteen years and not a party to the within action; my business address is

4 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

5      On January 10, 2008, I served true copies of the following documents

6 described as:  **NOTICE OF DEPOSITION OF MARIANA TRUEBA** on the

7 parties in this action as follows:

| | |
|---|---|
| 8  Keker & Van Nest, LLP<br>    John W. Keker, Esq.<br>9    Michael H. Page, Esq.<br>    Christa M. Anderson, Esq.<br>10 710 Sansome Street<br>San Francisco, CA 94111<br>11 Telephone: 415.391.5400<br>Facsimile: 415.397.7188 | **Attorneys for *Carter Bryant*** |

12

13

14      [√]    **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a

box or other facility regularly maintained by the overnight service carrier, or

15 delivered such document(s) to a courier or driver authorized by the overnight

16 service carrier to receive documents, in sealed envelope(s) or package(s)

17 designated by the overnight service carrier with delivery fees paid or provided

18 for, addressed to the person(s) being served.

19

20      I declare that I am employed in the office of a member of the bar of this court

21 at whose direction the service was made

22      Executed on January 10, 2008, at Los Angeles, California.

23

24

25

26 Kelly Velazquez

27

28

Exhibit 16 Page 112

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On January 10, 2008, I served true copies of the following documents described as: **NOTICE OF DEPOSITION OF MARIANA TRUEBA** on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>  Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>Telephone: 213.687.5000<br>Facsimile: 213.687.5600 | **Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.*** |
| Overland Borenstein Scheper & Kim, LLP<br>  Mark E. Overland, Esq.<br>  David C. Scheper, Esq.<br>  Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone: 213.613.4655<br>Facsimile: 213.613.4656 | **Attorneys for *Carlos Gustavo Machado Gomez*** |

[√]    **[PERSONAL]** by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 10, 2008, at Los Angeles, California.

David Quintana

Exhibit 16 Page 113

Exhibit 17

00029/2340430.1

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7   Facsimile: (213) 443-3100

8   Attorneys for Mattel, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                        EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14              Plaintiff,               Consolidated with
                                         Case No. CV 04-09059
15       vs.                             Case No. CV 05-02727

16  MATTEL, INC., a Delaware             NOTICE OF DEPOSITION OF
    corporation,                         PABLO VARGAS
17
                Defendant.               Date:  January 24, 2008
18                                       Time:  9:00 a.m.
                                         Place.: Quinn Emanuel Urquhart
19  AND CONSOLIDATED CASES                      Oliver & Hedges
                                                865 S. Figueroa St., 10th Floor
20                                              Los Angeles, CA 90017

21                                       Phase 1
                                         Discovery Cut-Off: January 28, 2008
22                                       Pre-Trial Conference: May 5, 2008
                                         Trial Date:         May 27, 2008
23

24

25

26

27

28

07209/2348723.1

Exhibit 17 Page 114

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of

3  Pablo Vargas on January 24, 2008, beginning at 9:00 a.m., at the offices of Quinn

4  Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., 10th Floor, Los

5  Angeles, CA 90017.

6  PLEASE TAKE FURTHER NOTICE that the deposition will take

7  place upon oral examination before a duly authorized notary public or other officer

8  authorized to administer oaths at depositions, and will continue from day to day,

9  Sundays, Saturdays and legal holidays excepted, until completed.

10  PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

11  P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

12  Livenote or other technology for real-time transcription of the testimony.

13

14  DATED:  January 10, 2008          QUINN EMANUEL URQUHART OLIVER &
                                                           HEDGES, LLP
15

16                                              By _____

17                                                 Jon D. Corey
                                                   Attorneys for Mattel, Inc.
18

19

20

21

22

23

24

25

26

27

28

07209/2348723.1

-2-

NOTICE OF DEPOSITION OF PABLO VARGAS

**Exhibit 17 Page 115**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On January 10, 2008, I served true copies of the following documents described as: **NOTICE OF DEPOSITION OF PABLO VARGAS** on the parties in this action as follows:

| | |
|---|---|
| Keker & Van Nest, LLP<br>John W. Keker, Esq.<br>Michael H. Page, Esq.<br>Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone: 415.391.5400<br>Facsimile: 415.397.7188 | **Attorneys for** *Carter Bryant* |

[√]   **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in sealed envelope(s) or package(s) designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 10, 2008, at Los Angeles, California.

Kelly Velazquez

Exhibit 17 Page 116

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On January 10, 2008, I served true copies of the following documents described as: **NOTICE OF DEPOSITION OF PABLO VARGAS** on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>   Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>Telephone: 213.687.5000<br>Facsimile: 213.687.5600 | **Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.*** |
| Overland Borenstein Scheper & Kim, LLP<br>   Mark E. Overland, Esq.<br>   David C. Scheper, Esq.<br>   Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone: 213.613.4655<br>Facsimile: 213.613.4656 | **Attorneys for *Carlos Gustavo Machado Gomez*** |

[√]   **[PERSONAL]** by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 10, 2008, at Los Angeles, California.

_David Quintana_
David Quintana

Exhibit 17 Page 117

Exhibit 18

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11  | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
12  | Plaintiff, | Consolidated with |
13  | | Case No. CV 04-09059 |
    | vs. | Case No. CV 05-02727 |
14  | | |
15  | MATTEL, INC., a Delaware corporation, | FOURTH NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) |
16  | Defendant. | |
17  | | |
18  | AND CONSOLIDATED ACTIONS | |

07209/2254636.1

FOURTH NOTICE OF DEPOSITION OF MGA

Exhibit 18 Page 118

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 23, 2008, beginning at 9:30 a.m. Mattel, Inc. ("Mattel") will take the deposition upon oral examination of defendant MGA Entertainment, Inc. at the offices of Quinn Emanuel Urquhart Oliver & Hedges LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017. Pursuant to Fed. R. Civ. P. 30(b)(6), MGA Entertainment, Inc. shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning each of the topics set forth in Exhibit A hereto.

PLEASE TAKE FURTHER NOTICE that the deposition will take place before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Sundays, Saturdays and legal holidays excepted, until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(2), the deposition will be videotaped. Mattel also reserves the right to use Livenote or other technology for real-time transcription of the testimony.

DATED: _January 9, 2008_     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _Michael T. Zeller_
   Michael T. Zeller
   Attorneys for Mattel, Inc.

# EXHIBIT A

1.    "YOU," "YOUR" or "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.    "BRYANT" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint venturers, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.    "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

4.    "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or DESIGNS or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence

FOURTH NOTICE OF DEPOSITION OF MGA

07209/2254636.1

Exhibit 18 Page 120

1 that is the subject of, or otherwise relevant or responsive to, the Topics of Examination
2 herein.

3    5.    "DESIGN" or "DESIGNS" means any and all representations,
4 whether two-dimensional or three-dimensional, and whether in tangible, digital,
5 electronic or other form, including but not limited to all works, designs, artwork,
6 sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
7 diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
8 practice, developments, inventions and/or improvements, as well as all other items,
9 things and DOCUMENTS in which any of the foregoing are or have been expressed,
10 embodied, contained, fixed or reflected in any manner, whether in whole or in part.

11    6.    "THE BRATZ PITCH MATERIALS" means each and every
12 BRATZ WORK which was displayed, shown, provided, or offered to YOU on or
13 before the date on which YOU executed the BRYANT/MGA AGREEMENT.

14    7.    "BRYANT/MGA AGREEMENT" means the written agreement
15 between CARTER BRYANT and MGA dated as of September 18, 2000, produced as
16 BRYANT 00794-00799, and any other version or versions thereof.

17    8.    "CREATE OR IMPROVE" or "CREATED OR IMPROVED," in
18 the context of a BRATZ WORK or BRATZ WORKS, means to create, improve,
19 develop, modify, alter, conceive, reduce to practice, or otherwise work on the BRATZ
20 WORK or BRATZ WORKS.

21    9.    "IDENTIFY" or "IDENTITY" means the following:
22       (a)    With reference to an individual, means such individual's
23 name, current or last known business title, current or last known business affiliation,
24 current or last known relationship to YOU, current or last known residential and
25 business address, and current or last known telephone number.
26       (b)    With reference to an entity or governmental organization,
27 means such entity's or organization's name, present or last-known address, and present

28

-3-

FOURTH NOTICE OF DEPOSITION OF MGA

Exhibit 18 Page 121

1   or last-known telephone number and the IDENTITY of each individual who has served

2   or participated as a contact for or on behalf of such entity or organization.

3             (c)    With reference to an account with a bank or financial

4   institution, means the name and address of the bank or financial institution, the account

5   number(s) for or otherwise associated with such account and the name of each holder,

6   including without limitation each beneficial holder, of each such account.

7             (d)    With reference to a STORAGE DEVICE, means the

8   manufacturer name, brand, model name and number, serial number and all other

9   manufacturer identifiers, and the technical specifications and capacities of such

10   STORAGE DEVICE.

11       10.    "DIGITAL INFORMATION" means any information created or

12   stored digitally, including but not limited to electronically, magnetically or optically.

13       11.    "STORAGE DEVICE" means any computer hard drive, memory,

14   USB device, tape, storage array or any other device or medium that allows a user,

15   whether permanently, temporarily or otherwise, to create, generate, transmit, copy,

16   retain, store or maintain DIGITAL INFORMATION.

17       12.    "GLASER LETTER" means the letter sent from Patricia L. Glaser

18   to John B. Quinn, dated July 5, 2007.

19       13.    "RELATING TO" or "REFER OR RELATE TO" means

20   constituting, embodying, containing, referring to, commenting on, evidencing,

21   regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to,

22   concerning, supporting, contradicting, negating, revoking or otherwise relating to in

23   any manner.

24       14.    "COMMUNICATION," in the plural as well as the singular, means

25   any transmittal and/or receipt of information, whether such was oral or written, and

26   whether such was by chance, prearranged, formal or informal, and specifically includes,

27   but is not limited to, conversations in person, telephone conversations, electronic mail

28   (including instant messages and text messages), voicemail, letters, memoranda,

FOURTH NOTICE OF DEPOSITION OF MGA

Exhibit 18 Page 122

1    statements, media releases, magazine and newspaper articles, and video and audio
2    transmissions.

3        15.  "EMBODIMENT" means any representation of the identified
4    product or its retail packaging, whether two-dimensional or three-dimensional, and
5    whether in tangible, digital, electronic or other form, including but not limited to all
6    works, designs, artwork, sketches, drawings, illustrations, representations, depictions,
7    blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,
8    reductions to practice, developments, inventions and/or improvements, as well as all
9    other items, things and DOCUMENTS in which any of the foregoing are or have been
10   expressed, embodied, contained, fixed or reflected in any manner, whether in whole or
11   in part.

12       16.  "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as
13   those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and
14   Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings
15   and records of every type and description including, but not limited to, contracts,
16   agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"),
17   records of telephone conversations, handwritten and typewritten notes of any kind,
18   statements, reports, minutes, recordings, transcripts and summaries of meetings, voice
19   recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and
20   records of all types, studies, instruction manuals, policy manuals and statements, books,
21   pamphlets, invoices, canceled checks and every other device or medium by which or
22   through which information of any type is transmitted, recorded or preserved.  Without
23   any limitation on the foregoing, the term "DOCUMENT" shall include all copies that
24   differ in any respect from the original or other versions of the DOCUMENT, including,
25   but not limited to, all drafts and all copies of such drafts or originals containing initials,
26   comments, notations, insertions, corrections, marginal notes, amendments or any other
27   variation of any kind.

28

1    17.    "PERSON" or "PERSONS" means all natural persons, partnerships,

2  corporations, joint ventures and any kind of business, legal or public entity or

3  organization, as well as its, his or her agents, representatives, employees, officers and

4  directors and any one else acting on its, his or her behalf, pursuant to its, his or her

5  authority or subject to its, his or her control.

6    18.    "CONTESTED MGA PRODUCTS" means the CONTESTED

7  BRATZ DOLLS PRODUCTS, the CONTESTED BRATZ PETZ PRODUCTS, the

8  CONTESTED BRATZ FUNKY FASHION MAKEOVER HEAD, the CONTESTED

9  4-EVER BEST FRIENDS PRODUCTS, the CONTESTED MOMMY'S LITTLE

10  DOLL PRODUCTS, and the CONTESTED ALIENRACERS PRODUCTS, and any

11  other doll, product, toy, packaging, advertisement or other matter that, in whole or in

12  part, provides a basis for any claim or defense by YOU against MATTEL.

13    19.    "CONTESTED BRATZ DOLLS PRODUCTS" means any of the

14  following that provides a basis for any claim by YOU against MATTEL:  (i) any

15  EMBODIMENT or project ever known by the name "Bratz" or any derivative thereof

16  (whether in whole or in part and regardless of what such EMBODIMENT or project is

17  or has been also, previously or subsequently called) and any doll or any portion thereof

18  that is now or has ever been known as, or sold, offered for sale, licensed, offered for

19  license or marketed under, the name or term "Bratz" or any derivative thereof (whether

20  in whole or in part and regardless of what such doll is or has been also, previously or

21  subsequently called), and all prototypes, models, samples and versions of such

22  EMBODIMENT, doll or any portion thereof; (ii) any playset and accessory that YOU

23  distribute under the name "Bratz" or any derivative thereof; and/or (iii) any and all

24  other goods, product packaging, advertisements, promotional materials or other thing or

25  item or material manufactured, produced, printed, ordered, marketed, advertised,

26  promoted, displayed, distributed, shipped, imported, exported, licensed, offered for

27  license, sold or offered for sale by YOU or on YOUR behalf under the name "Bratz" or

28  any derivative thereof.

07209/2254636.1

-6-

FOURTH NOTICE OF DEPOSITION OF MGA

**Exhibit 18 Page 124**

20.   "CONTESTED BRATZ FUNKY FASHION MAKEOVER HEAD" means any of the following that provides a basis for any claim by YOU against MATTEL: (i) any EMBODIMENT or project ever known by the name "Bratz Funky Fashion Makeover Head" or any derivative thereof (whether in whole or in part and regardless of what such EMBODIMENT or project is or has been also, previously or subsequently called) and any styling head or any portion thereof that is now or has ever been known as, or sold, offered for sale, licensed, offered for license or marketed under, the name or term "Bratz" or any derivative thereof (whether in whole or in part and regardless of what such styling head is or has been also, previously or subsequently called), and all prototypes, models, samples and versions of such EMBODIMENT, styling head or any portion thereof; (ii) any accessory that YOU distribute under the name "Bratz Funky Fashion Makeover Head" or any derivative thereof; and/or (iii) any and all other goods, product packaging, advertisements, promotional materials or other thing or item or material manufactured, produced, printed, ordered, marketed, advertised, promoted, displayed, distributed, shipped, imported, exported, licensed, offered for license, sold or offered for sale by YOU or on YOUR behalf under the name "Bratz Funky Fashion Makeover Head" or any derivative thereof.

21.   "CONTESTED 4-EVER BEST FRIENDS PRODUCTS" means any of the following that provides a basis for any claim by YOU against MATTEL: (i) any EMBODIMENT or project ever known by the name "4-ever Best Friends" or any derivative thereof (whether in whole or in part and regardless of what such EMBODIMENT or project is or has been also, previously or subsequently called) and any doll or any portion thereof that is now or has ever been known as, or sold, offered for sale, licensed, offered for license or marketed under, the name or term "4-ever Best Friends" or any derivative thereof (whether in whole or in part and regardless of what such doll is or has been also, previously or subsequently called), and all prototypes, models, samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any playset and accessory that YOU distribute under the name "4-ever Best

FOURTH NOTICE OF DEPOSITION OF MGA

Exhibit 18 Page 125

1 | Friends" or any derivative thereof; and/or (iii) any and all other goods, product

2 | packaging, advertisements, promotional materials or other thing or item or material

3 | manufactured, produced, printed, ordered, marketed, advertised, promoted, displayed,

4 | distributed, shipped, imported, exported, licensed, offered for license, sold or offered

5 | for sale by YOU or on YOUR behalf under the name "4-ever Best Friends" or any

6 | derivative thereof.

7 |     22.   "CONTESTED MOMMY'S LITTLE DOLL PRODUCTS" means

8 | any of the following that provides a basis for any claim by YOU against MATTEL:

9 | (i) any EMBODIMENT or project ever known by the name "Mommy's Little Patient"

10 | or similar name or any derivative thereof (whether in whole or in part and regardless of

11 | what such EMBODIMENT or project is or has been also, previously or subsequently

12 | called) and any doll or any portion thereof that is now or has ever been known as, or

13 | sold, offered for sale, licensed, offered for license or marketed under, the name or term

14 | "Mommy's Little Patient" or similar name or any derivative thereof (whether in whole

15 | or in part and regardless of what such doll is or has been also, previously or

16 | subsequently called), and all prototypes, models, samples and versions of such

17 | EMBODIMENT, doll or any portion thereof; (ii) any playset and accessory that YOU

18 | distribute under the name "Mommy's Little Patient" or similar name or any derivative

19 | thereof; and/or (iii) any and all other goods, product packaging, advertisements,

20 | promotional materials or other thing or item or material manufactured, produced,

21 | printed, ordered, marketed, advertised, promoted, displayed, distributed, shipped,

22 | imported, exported, licensed, offered for license, sold or offered for sale by YOU or on

23 | YOUR behalf under the name "Mommy's Little Patient" or similar name or any

24 | derivative thereof.

25 |     23.   "CONTESTED ALIENRACERS PRODUCTS" means any of the

26 | following that provides a basis for any claim by YOU against MATTEL:  (i) any

27 | EMBODIMENT or project ever known by the name "Alienracers" or any derivative

28 | thereof (whether in whole or in part and regardless of what such EMBODIMENT or

FOURTH NOTICE OF DEPOSITION OF MGA

Exhibit 18 Page 126

project is or has been also, previously or subsequently called) and any toy vehicle, character, or any portion thereof that is now or has ever been known as, or sold, offered for sale, licensed, offered for license or marketed under, the name or term "Alienracers" or any derivative thereof (whether in whole or in part and regardless of what such toy is or has been also, previously or subsequently called), and all prototypes, models, samples and versions of such EMBODIMENT, toy vehicle, character, or any portion thereof; (ii) any playset and accessory that YOU distribute under the name "Alienracers" or any derivative thereof; and/or (iii) any and all other goods, product packaging, advertisements, promotional materials or other thing or item or material manufactured, produced, printed, ordered, marketed, advertised, promoted, displayed, distributed, shipped, imported, exported, licensed, offered for license, sold or offered for sale by YOU or on YOUR behalf under the name "Alienracers" or any derivative thereof.

24.    "CONTESTED MATTEL PRODUCTS" means the CONTESTED MATTEL MY SCENE DOLLS PRODUCTS, the CONTESTED MATTEL MY SCENE PETS PRODUCTS, the CONTESTED MATTEL MY SCENE STYLING HEAD, the CONTESTED MATTEL WEE-3 PRODUCTS, the CONTESTED MATTEL LITTLE MOMMY DOLL PRODUCTS, and the CONTESTED MATTEL ACCELERACERS PRODUCTS, and any other MATTEL doll, product, toy, packaging, advertisement or other matter that, in whole or in part, provides a basis for any claim or defense by YOU against MATTEL.

25.    "CONTESTED MATTEL MY SCENE DOLLS PRODUCTS" means any of the following that provides a basis for any claim by YOU against MATTEL: (i) any EMBODIMENT or project ever known by the name "My Scene" or any derivative thereof (whether in whole or in part and regardless of what such EMBODIMENT or project is or has been also, previously or subsequently called) and any doll or any portion thereof that is now or has ever been known as, or sold, offered for sale, licensed, offered for license or marketed under, the name or term "My Scene"

-9-

07209/2254636.1

**Exhibit 18 Page 127**

1 | or any derivative thereof (whether in whole or in part and regardless of what such doll
2 | is or has been also, previously or subsequently called), and all prototypes, models,
3 | samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any
4 | playset and accessory that MATTEL distributes under the name "My Scene" or any
5 | derivative thereof; and/or (iii) any and all other goods, product packaging,
6 | advertisements, promotional materials or other thing or item or material manufactured,
7 | produced, printed, ordered, marketed, advertised, promoted, displayed, distributed,
8 | shipped, imported, exported, licensed, offered for license, sold or offered for sale by
9 | MATTEL under the name "My Scene" or any derivative thereof.

10 |        26.   "CONTESTED MATTEL MY SCENE PETS PRODUCTS" means
11 | any of the following that provides a basis for any claim by YOU against MATTEL:
12 | (i) any EMBODIMENT or project ever known by the name "My Scene Pets" or any
13 | derivative thereof (whether in whole or in part and regardless of what such
14 | EMBODIMENT or project is or has been also, previously or subsequently called) and
15 | any toy pet or any portion thereof that is now or has ever been known as, or sold,
16 | offered for sale, licensed, offered for license or marketed under, the name or term "My
17 | Scene" or any derivative thereof (whether in whole or in part and regardless of what
18 | such toy pet is or has been also, previously or subsequently called), and all prototypes,
19 | models, samples and versions of such EMBODIMENT, toy pet or any portion thereof;
20 | (ii) any playset and accessory that MATTEL distributes under the name "My Scene
21 | Pets" or any derivative thereof; and/or (iii) any and all other goods, product packaging,
22 | advertisements, promotional materials or other thing or item or material manufactured,
23 | produced, printed, ordered, marketed, advertised, promoted, displayed, distributed,
24 | shipped, imported, exported, licensed, offered for license, sold or offered for

25 |        27.   "CONTESTED MATTEL MY SCENE STYLING HEAD" means
26 | any of the following that provides a basis for any claim by YOU against MATTEL:
27 | (i) any EMBODIMENT or project ever known by the name "My Scene Styling Head"
28 | or any derivative thereof (whether in whole or in part and regardless of what such

-10-

07209/2254636.1

Exhibit 18 Page 128

1  EMBODIMENT or project is or has been also, previously or subsequently called) and

2  any styling head or any portion thereof that is now or has ever been known as, or sold,

3  offered for sale, licensed, offered for license or marketed under, the name or term "My

4  Scene" or any derivative thereof (whether in whole or in part and regardless of what

5  such styling head is or has been also, previously or subsequently called), and all

6  prototypes, models, samples and versions of such EMBODIMENT, styling head or any

7  portion thereof; (ii) any accessory that MATTEL distributes under the name "My Scene

8  Styling Head" or any derivative thereof; and/or (iii) any and all other goods, product

9  packaging, advertisements, promotional materials or other thing or item or material

10  manufactured, produced, printed, ordered, marketed, advertised, promoted, displayed,

11  distributed, shipped, imported, exported, licensed, offered for license, sold or offered

12  for sale by MATTEL under the name "My Scene Styling Head" or any derivative

13  thereof.

14        28.    "CONTESTED MATTEL WEE-3 PRODUCTS" means any of the

15  following that provides a basis for any claim by YOU against MATTEL:  (i) any

16  EMBODIMENT or project ever known by the name "Wee-3" or any derivative thereof

17  (whether in whole or in part and regardless of what such EMBODIMENT or project is

18  or has been also, previously or subsequently called) and any doll or any portion thereof

19  that is now or has ever been known as, or sold, offered for sale, licensed, offered for

20  license or marketed under, the name or term "Wee-3" or any derivative thereof

21  (whether in whole or in part and regardless of what such doll is or has been also,

22  previously or subsequently called), and all prototypes, models, samples and versions of

23  such EMBODIMENT, doll or any portion thereof; (ii) any playset and accessory that

24  MATTEL distributes under the name "Wee-3" or any derivative thereof; and/or (iii) any

25  and all other goods, product packaging, advertisements, promotional materials or other

26  thing or item or material manufactured, produced, printed, ordered, marketed,

27  advertised, promoted, displayed, distributed, shipped, imported, exported, licensed,

28

1 offered for license, sold or offered for sale by MATTEL under the name "Wee-3" or

2 any derivative thereof.

3    29.   "CONTESTED MATTEL LITTLE MOMMY DOLL PRODUCTS"

4 means any of the following that provides a basis for any claim by YOU against

5 MATTEL:   (i) any EMBODIMENT or project ever known by the name "Little

6 Mommy" or any derivative thereof (whether in whole or in part and regardless of what

7 such EMBODIMENT or project is or has been also, previously or subsequently called)

8 and any doll or any portion thereof that is now or has ever been known as, or sold,

9 offered for sale, licensed, offered for license or marketed under, the name or term

10 "Little Mommy" or any derivative thereof (whether in whole or in part and regardless

11 of what such doll is or has been also, previously or subsequently called), and all

12 prototypes, models, samples and versions of such EMBODIMENT, doll or any portion

13 thereof; (ii) any playset and accessory that MATTEL distributes under the name "Little

14 Mommy" or any derivative thereof; and/or (iii) any and all other goods, product

15 packaging, advertisements, promotional materials or other thing or item or material

16 manufactured, produced, printed, ordered, marketed, advertised, promoted, displayed,

17 distributed, shipped, imported, exported, licensed, offered for license, sold or offered

18 for sale by MATTEL under the name "Little Mommy" or any derivative thereof.

19    30.   "CONTESTED MATTEL ACCELERACERS PRODUCTS" means

20 any of the following that provides a basis for any claim by YOU against MATTEL:

21 (i) any EMBODIMENT or project ever known by the name "AcceleRacers" or any

22 derivative thereof (whether in whole or in part and regardless of what such

23 EMBODIMENT or project is or has been also, previously or subsequently called) and

24 any toy vehicle, character, or any portion thereof that is now or has ever been known as,

25 or sold, offered for sale, licensed, offered for license or marketed under, the name or

26 term "AcceleRacers" or any derivative thereof (whether in whole or in part and

27 regardless of what such toy is or has been also, previously or subsequently called), and

28 all prototypes, models, samples and versions of such EMBODIMENT, toy vehicle,

1  character, or any portion thereof; (ii) any playset and accessory that MATTEL

2  distributes under the name "AcceleRacers" or any derivative thereof; and/or (iii) any

3  and all other goods, product packaging, advertisements, promotional materials or other

4  thing or item or material manufactured, produced, printed, ordered, marketed,

5  advertised, promoted, displayed, distributed, shipped, imported, exported, licensed,

6  offered for license, sold or offered for sale by MATTEL under the name

7  "AcceleRacers" or any derivative thereof.

8        31.   "FORMER MATTEL EMPLOYEES" means any former Mattel

9  employee who left MATTEL to join YOU, including but not limited to Janine Brisbois,

10  Ron Brawer, Jorge Castilla, Nic Contreras, Dan Cooney, Carlos Gustavo Machado,

11  Mariana Trueba Almada, Pablo Vargas San Jose and Shirin Salemnia.

12        32.   "COMPLAINT" means the Complaint for False Designation of

13  Origin, Affiliation, Association or Sponsorship (15 U.S.C. § 1125(a)); Unfair

14  Competition (15 U.S.C. § 1125(a)); Cal. Bus. & Prof. Code § 17200 et seq. and

15  California Common Law); Dilution (15 U.S.C. § 1125(c), Cal Bus. & Prof. Code

16  § 14330 and California Common Law); and Unjust Enrichment, filed by YOU on or

17  about April 13, 2005.

18        33.   The singular form of a noun or pronoun includes within its meaning

19  the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine

20  form of a pronoun also includes within its meaning the feminine form of the pronoun so

21  used, and *vice versa*; the use of any tense of any verb includes also within its meaning

22  all other tenses of the verb so used, whenever such construction results in a broader

23  request for information; and "and" includes "or" and *vice versa*, whenever such

24  construction results in a broader disclosure of documents or information.

25

26                        **Topics of Examination**

27        1.   The invention, creation, origin, conception, authorship, design and

28  development of the CONTESTED MGA PRODUCTS, including without limitation the

1   circumstances under which and the date(s) on which each occurred and the IDENTITY

2   and role(s) of each PERSON involved.

3         2.    Any revisions, modifications or changes made to any of the

4   CONTESTED MGA PRODUCTS, including without limitation any proposed

5   alternatives, modifications or changes (whether or not implemented) to such

6   CONTESTED MGA PRODUCTS, the date(s) on which such revisions, modifications

7   or changes were made or proposed and the reasons for their implementation or non-

8   implementation.

9         3.    The development of YOUR 2005 product line, including the

10   IDENTITY of each PERSON who participated in the decision making leading up to

11   YOUR 2005 product line and any changes or modifications thereto, and the invention,

12   creation, origin, conception, authorship, design, development, manufacture, distribution

13   and sale of products therein.

14         4.    The development of YOUR 2006 product line, including the

15   IDENTITY of each PERSON who participated in the decision making leading up to

16   YOUR 2005 product line and any changes or modifications thereto, and the invention,

17   creation, origin, conception, authorship, design, development, manufacture, distribution

18   and sale of products therein.

19         5.    The content, meaning, authenticity and source of

20   COMMUNICATIONS, advertisements, and/or promotional statements that provide a

21   basis for any claim by YOU against MATTEL.

22         6.    COMMUNICATIONS between YOU and any PERSON, including

23   without limitation any retailer or distributor, that REFER OR RELATE TO the

24   CONTESTED MATTEL PRODUCTS.

25         7.    The first date of manufacture, shipment and availability for

26   distribution and retail sale of each of the CONTESTED MGA PRODUCTS.

27

28

8.     The first date that each of the CONTESTED MGA PRODUCTS was shown to any PERSON not employed by MGA, whether in concept, prototype, or finished form, and the IDENTITY of each PERSON involved therein.

9.     The sculptures, including all preliminary sculptures and all versions of such sculptures, made, produced or prepared in connection with the CONTESTED BRATZ DOLLS PRODUCTS.

10.    The tooling and manufacture of any of the CONTESTED MGA PRODUCTS, including but not limited to all invoices, contracts, sales orders, purchase orders and payment relating thereto and including but not limited to all DOCUMENTS relating to the engineering, preparation, fabrication and creation of the molds and face paint masks used in connection therewith and to the film and/or digital files used in connection with the packaging therefor.

11.    The marketing, advertising, promotion and licensing of the CONTESTED MGA PRODUCTS, including but not limited to all marketing studies, marketing plans, sales plans, sales forecasts, strategies, surveys and analyses and including the identity of the channels in which such have been or are disseminated or distributed.

12.    The ownership of any right, title or interest, whether in whole or in part, in or to the CONTESTED MGA PRODUCTS.

13.    Any copyright, patent, design right or any other registration or application for registration of the CONTESTED MGA PRODUCTS, including but not limited to all COMMUNICATIONS relating thereto, and all filings, declarations, affidavits, correspondence, notes and other DOCUMENTS relating thereto.

14.    The display, exhibition, publication, circulation, or other dissemination of the CONTESTED MGA PRODUCTS to distributors, retailers, licensees, the media, or the public, including but not limited to toy and trade shows and conventions and the date(s) on which such occurred.

07209/2254636.1

FOURTH NOTICE OF DEPOSITION OF MGA

Exhibit 18 Page 133

1          15.     YOUR expenditures in advertising or promoting the CONTESTED

2  MGA PRODUCTS, including by year and by medium.

3          16.     Any contracts or licenses entered into, negotiated, proposed, or

4  requested RELATING TO any of the CONTESTED MGA PRODUCTS.

5          17.     The target market or potential target market, and the demographics

6  of any actual, potential or prospective consumers, customers, purchasers or licensees of

7  the CONTESTED MGA PRODUCTS.

8          18.     The number of units of the CONTESTED MGA PRODUCTS

9  manufactured, produced, ordered, stored in inventory, imported, exported, shipped,

10  sold, or offered for sale by any PERSON, including but not limited to YOU.

11         19.     YOUR revenues, costs and profits for each of the CONTESTED

12  MGA PRODUCTS, including but not limited to YOUR per-unit cost, and YOUR gross,

13  incremental and net profits for each of the CONTESTED MGA PRODUCTS.

14         20.     Any complaints or dissatisfaction concerning the CONTESTED

15  MGA PRODUCTS, including but not limited to the returns of, or the number of or rate

16  of defects for, such products.

17         21.     Any potential or actual confusion, any potential or actual mistake or

18  any potential or actual deception of any PERSON as to the origin, affiliation,

19  sponsorship or association of the CONTESTED MGA PRODUCTS or CONTESTED

20  MATTEL PRODUCTS that YOU are aware of, including but not limited to all studies,

21  surveys, interviews, reports and COMMUNICATIONS regarding any such confusion,

22  mistake or deception.

23         22.     Any potential or actual confusion, any potential or actual mistake or

24  any potential or actual deception of any PERSON as to the origin, affiliation,

25  sponsorship or association of the CONTESTED MATTEL PRODUCTS that you are

26  aware of, including but not limited to all studies, surveys, interviews, reports and

27  COMMUNICATIONS regarding any such confusion, mistake or deception.

28

23. Any consumer studies, reports, surveys, interviews or reports regarding the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS, included but not limited to YOUR knowledge of the reasons why consumers purchase any of the CONTESTED MGA PRODUCTS or any of the CONTESTED MATTEL PRODUCTS.

24. Marketing studies, marketing plans, sales plans, sales forecasts, strategies and analyses that REFER OR RELATE TO THE CONTESTED MATTEL PRODUCTS.

25. MATTEL's alleged copying, infringement or dilution of the CONTESTED MGA PRODUCTS or any claimed EMBODIMENT thereof.

26. To the extent not disclosed in response to any other Topic, all other facts RELATING TO any claim made by YOU against MATTEL or the CONTESTED MATTEL PRODUCTS, and the IDENTITY of all PERSONS with knowledge thereof.

27. COMMUNICATIONS between YOU and MATTEL RELATING TO the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

28. Any damage, loss, injury or unjust enrichment that YOU claim has been sustained by reason of any act or omission by MATTEL, including but not limited to any alleged lost profits, lost sales, lost royalty, lost opportunity, lost license, revenue, price erosion, or consequential or incidental damage, including but not limited to the causation for any such alleged unjust enrichment, damage, loss, or injury and the amounts of all such damage, loss, injury or unjust enrichment.

29. When, and under what circumstances, YOU became aware that Mattel had created, designed, developed, sold, offered for sale or licensed the CONTESTED MATTEL PRODUCTS.

30. The copying, reproduction or use of any MATTEL work, product, or EMBODIMENT by YOU or on YOUR behalf since January 1, 1999.

31.   Any similarity or dissimilarity between any of the CONTESTED MGA PRODUCTS and any of the CONTESTED MATTEL PRODUCTS.

32.   The hiring, engagement, or retention by YOU of any current or former MATTEL employee or contractor since January 1, 1999, including but not limited to the terms of all employment agreements and agreements RELATING TO confidentiality or the invention, authorship, or ownership of any concept or product.

33.   YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that was prepared, made, created, generated, assembled or compiled by or for MATTEL and that was not publicly available at the time of YOUR receipt of such DOCUMENT, data and/or information.

34.   YOUR knowledge of any MATTEL product prior to the time that such product had been announced or disclosed by MATTEL to retailers or the public, including but not limited to the CONTESTED MATTEL PRODUCTS.

35.   YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any MATTEL line list or other DOCUMENT prepared by MATTEL identifying MATTEL products in the planning, design or development phase.

36.   The search and seizure of DOCUMENTS by Mexican authorities from MGA's office in Mexico City, Mexico, and all COMMUNICATIONS that REFER OR RELATE thereto.

37.   All payments of money or any item of value made by YOU, directly or indirectly, or offered, proposed, promised, requested or solicited by or from YOU, directly or indirectly, in connection criminal proceedings or potential or prospective criminal proceedings against YOU or any of YOUR employees, including without limitation Gustavo Machado, and including without limitation YOUR payment or reimbursement of legal fees for or on behalf of any PERSON.

1        38.    COMMUNICATIONS between YOU and any PERSON

2    RELATING TO the resignation or departure of any FORMER MATTEL

3    EMPLOYEES from Mattel.

4        39.    The compensation, money or any other item of value paid to any

5    FORMER MATTEL EMPLOYEE, whether directly or indirectly, by YOU.

6        40.    The identity of DOCUMENTS RELATING TO any MATTEL

7    product or plan that any FORMER MATTEL EMPLOYEE provide or disclosed to or

8    shared with YOU, directly or indirectly.

9        41.    COMMUNICATIONS with any PERSON, RELATING TO YOUR

10    receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,

11    deletion or use of any DOCUMENTS, data and/or information, including but not

12    limited to any compilation of information, that was prepared, made, created, generated,

13    assembled or compiled by or for MATTEL and that YOU received, directly or

14    indirectly, from any FORMER MATTEL EMPLOYEE.

15        42.    The content, authenticity, accuracy and meaning of each personnel

16    file maintained or created by YOU RELATING TO any FORMER MATTEL

17    EMPLOYEE.

18        43.    COMMUNICATIONS between YOU and Pablo Vargas San Jose

19    prior to April 20, 2004.

20        44.    COMMUNICATIONS between YOU and Janine Brisbois prior to

21    September 27, 2005.

22        45.    COMMUNICATIONS between YOU and Ron Brawer prior to

23    October 2, 2004.

24        46.    COMMUNICATIONS between YOU and Carlos Gustavo Machado

25    Gomez ("Machado") prior to April 20, 2004.

26        47.    COMMUNICATIONS between YOU and Mariana Trueba Almada

27    ("Trueba") prior to April 20, 2004.

28

-19-

FOURTH NOTICE OF DEPOSITION OF MGA

**Exhibit 18 Page 137**

1    48.    The existence or extent of competition or substitution between any
2    of the CONTESTED MGA PRODUCTS and any of the CONTESTED MATTEL
3    PRODUCTS.

4    49.    The factual basis for YOUR claim that any of the CONTESTED
5    MGA PRODUCTS have acquired secondary meaning or are famous.

6    50.    The factual basis for YOUR claim that any of MATTEL's actions
7    have caused actual dilution.

8    51.    Mattel's alleged intimidation, coercion or threats to retailers,
9    licensees, suppliers and others in the industry."

10    52.    The factual basis for YOUR claim that Mattel "serially imitated and
11    copy-catted [sic] the look of MGA products, trade dress, trademarks, themes, ideas,
12    advertising and packaging."

13    53.    The basis for YOUR claim that the Bratz dolls launched in 2001
14    were "unique and distinctive."

15    54.    The identification of YOUR alleged trade dress in connection with
16    the CONTESTED MGA PRODUCTS, including without limitation with respect to
17    "themes," and the factual bases for YOUR claim that YOU have any legally protected
18    interest in such trade dress.

19    55.    The factual basis for YOUR allegation that advertising executives
20    have expressed concern about "Bratz" and Mattel's "My Scene," what concerns they
21    expressed and the IDENTITY of each such executive.

22    56.    The factual basis for YOUR allegation that the press confused
23    YOUR products with MATTEL products and "has taken notice" of alleged confusion
24    between "Bratz" and "My Scene."

25    57.    All COMMUNICATIONS relating to customers who have allegedly
26    contacted YOU to purchase Mattel's "My Scene" dolls or any of the CONTESTED
27    MATTEL PRODUCTS.

28

FOURTH NOTICE OF DEPOSITION OF MGA

Exhibit 18 Page 138