QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>DECLARATION OF CHRISTOPHER E. PRICE IN SUPPORT OF MATTEL, INC.'S EX PARTE APPLICATION: (1) TO COMPEL DEPOSITIONS OF DAPHNE GRONICH, JOE TIONGCO, MARIANA TRUEBA, PABLO VARGAS, MGA ENTERTAINMENT, INC. (PURSUANT TO RULE 30(B)(6), AND MGAE DE MEXICO (PURSUANT TO 30(B)(6) AND (2) FOR LEAVE TO TAKE DEPOSITIONS IN FEBRUARY 2008; OR, IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME TO HEAR A MOTION SEEKING THE FOREGOING RELIEF<br><br>Hearing Date: N/A<br>Time: N/A<br>Courtroom: N/A<br><br>**Phase 1:**<br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2366499.1

## DECLARATION OF CHRISTOPHER E. PRICE

I, Christopher E. Price, declare as follows:

1.      I am a member of the bar of the State of California and am Of Counsel with Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      On January 10, 2008, I began working to serve subpoenas and notices of deposition on many of the witnesses the Court granted leave to depose in its January 7, 2008 Order. In order to find addresses for the witnesses, my office utilized personnel files, interrogatory responses, prior subpoenas, whitepages.com, the Westlaw People Finder, Google, and USSearch.com. We also retained licensed personal investigators to locate addresses. For some witnesses, we found multiple addresses. Despite counsel for Mattel's best efforts, various of the witnesses, despite numerous attempts to serve them, have not yet been served.

3.      On January 10, 2008, I called Larry McFarland to discuss his deposition as well as those of his clients, Lucy Arant and Sarah Halpern. I was told he was not available. I left him a voice mail message asking whether he would accept service of deposition subpoenas on behalf of Ms. Arant and Ms. Halpern. That same day, I sent Mr. McFarland an e-mail message repeating my request that he confirm that he would accept service of subpoenas on behalf of his clients, Ms. Arant and Ms. Halpern. On January 15, 2008, after I had left another voice mail message with Mr. McFarland repeating my request and sent another e-mail message, Mr. McFarland responded by e-mail that he was "not authorized by Ms. Arant or Ms. Halpern to accept service of the subpoena." True and correct copies of the above e-mail messages are attached as Exhibit A.

4.      According to the declaration of the process server who has been attempting service on Larry McFarland, his receptionist has repeatedly stated that Mr. McFarland is out of the office for an indeterminate amount of time. During this

1    time, however, my office has received letters from Mr. McFarland on January 16,

2    2008, January 23, 2008, and January 27, 2008.  True and correct copies of his letters

3    are attached as Exhibits B, C, and D.

4            5.      On January 27, 2008, I sent Larry McFarland an e-mail

5    requesting that he provide a convenient time for the service of his subpoena in this

6    matter.  A true and correct copy of the e-mail is attached as Exhibit E.  To date,

7    Mr. McFarland has not responded.

8            6.      On January 23, 2008, I spoke with Scott E. Gizer of Christensen

9    Glaser concerning the document subpoena that was served on his firm.  He

10   acknowledged that Judge Larson had allowed the service of the subpoena as to one

11   of the designated topics.  He objected to the scope of the subpoena and said that a

12   witness would not be available January 28, 2008, but asked that we meet and confer

13   regarding the scope of the subpoena.

14           7.      On January 24, 2008, I called Andreas Koch and left him a voice

15   mail message requesting that he contact me so we could schedule his deposition in

16   February.  On January 25, 2008, Mr. Koch left me a voice mail message offering to

17   appear for deposition in early February.

18           8.      Attached as Exhibits F through Q are true and correct copies of

19   the deposition subpoenas of Moss Adams, Wachovia Corporation, Joyce Ng, Jorge

20   Castilla, Daphne Gronich, Joe Tiongco, Andrea Koch, Gentile Giant Studios,

21   Christensen Glaser, Amy Myers, Rachel Harris, and Kami Gilmour.

22           9.      Counsel for Mattel has attempted to serve Carol Witschell.  The

23   first process server apparently mistakenly reported her served.  Since then, Mattel

24   has worked to discover her current address.

25           10.     On January 27, 2008, I left voice mail messages for Thomas J.

26   Nolan of Skadden Arps, Michael Page of Keker and Van Nest, and Alexander Cote

27   of Overland Borenstein, Scheper & Kim, advising them that Mattel would bring the

28   accompanying ex parte application on January 28, 2008, before Judge Larson, and

1  requested that they inform me as soon as possible whether they opposed the

2  application (my colleague Jon D. Corey provided written notice via e-mail and

3  letter).  Messrs. Nolan and Page later responded that their clients wished to oppose

4  the application but they did not say whether their clients wished to be heard.

5       11.    On January 27, 2008, my colleague Jon D. Corey e-mailed Larry

6  McFarland a letter notifying him of the Ex Parte Application.  A true and correct

7  copy of Mr. Corey's e-mail message is attached as Exhibit R.

8       12.    On January 28, 2008, I faxed the notice letter advising the parties

9  of Mattel's Ex Parte Application to Larry McFarland. A true and correct copy of that

10  fax is attached as Exhibit S.

11       13.    On January 28, 2008, Ricardo Abundis left a voice mail message

12  stating that he was calling regarding the deposition subpoena that Mattel was

13  attempting to serve and asked that he be called back.  Mr. Abundis left his phone

14  number and identified the city in which he resides in Arkansas.

15       14.    On January 28, 2008, Rachel Harris left a voice mail message

16  stating that she had been served with a deposition subpoena but asking that her

17  deposition be rescheduled.  I returned Ms. Harris' call.  She agreed to appear for

18  deposition in February, 2008.  She stated that she would be available the weeks of

19  February 4 and February 11.

20       15.    Attached as Exhibits T - Y are notices of deposition of MGA

21  employees that Mattel served on January 10, 2004.

22

23

24

25

26

27

28

1        16.     On January 28, 2008, the process server attempting to serve

2   Mercedeh Ward informed me that he had attempted to serve Ms. Ward at 5247 S.

3   Granby Ct., Aurora, CO 80015 with a federal deposition subpoena on three

4   occasions, but that a man identifying himself as Ms. Ward's husband said she was

5   out of town and that on another occasion a man who identified himself as Ms.

6   Ward's son said she was out of the country and he did not know when she would

7   return.

8

9        I declare under penalty of perjury under the laws of the United States of

10   America that the foregoing is true and correct.

11        Executed on January 28, 2008, at Los Angeles, California.

12

13                                                    _____

14                                                    Christopher E. Price

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

## Christopher Price

| | |
|---|---|
| **From:** | Larry W. McFarland [LMcfarland@kmwlaw.com] |
| **Sent:** | Tuesday, January 15, 2008 11:45 AM |
| **To:** | Christopher Price |
| **Cc:** | Jon Corey; Christian C. Dowell |
| **Subject:** | RE: Bryant v. Mattel Case |

Christopher,

This serves to confirm that I am not authorized by Ms. Arant or Ms. Halpern to accept service of the subpoena.

Sincerely,

Larry W. McFarland
KEATS, McFARLAND & WILSON, LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212
Direct: (310) 777-3750
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-
THIS MESSAGE IS INTENDED ONLY FOR THE
USE OF THE INDIVIDUAL OR ENTITY TO
WHICH IT IS ADDRESSED AND MAY CONTAIN
INFORMATION THAT IS PRIVILEGED, CONFI-
DENTIAL, AND EXEMPT FROM DISCLOSURE
UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, forwarding, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by e-mail or telephone, and delete the original message immediately. For more information, please visit http://www.kmwlaw.com . Thank you.

=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-

---

**From:** Christopher Price [mailto:chrisprice@quinnemanuel.com]
**Sent:** Monday, January 14, 2008 11:09 AM
**To:** Larry W. McFarland
**Cc:** Jon Corey
**Subject:** RE: Bryant v. Mattel Case

Have you heard from your clients yet?

Thanks

Christopher E. Price
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor

**Exhibit A, Page 5**

Los Angeles, CA 90017
Direct: (213) 443-3238
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: chrisprice@quinnemanuel.com
Web: www.quinnemanuel.com

**From:** Larry W. McFarland [mailto:LMcfarland@kmwlaw.com]
**Sent:** Thursday, January 10, 2008 6:57 PM
**To:** Christopher Price
**Cc:** Jon Corey
**Subject:** Re: Bryant v. Mattel Case

I will contact my clients and let you know

----- Original Message -----
From: Christopher Price <chrisprice@quinnemanuel.com>
To: Larry W. McFarland
Cc: Jon Corey <joncorey@quinnemanuel.com>
Sent: Thu Jan 10 16:42:12 2008
Subject: Bryant v. Mattel Case

Mr. McFarland,

I left a message with your office but wanted to follow up with an email.

In light of the order granting additional depositions, will you accept service of deposition subpoenas for Lucy Arant
and Sarah Halpern?

If you want to call me, my direct dial is 213-443-3238.

Christopher E. Price
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3238
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: chrisprice@quinnemanuel.com <blocked::mailto:g@quinnemanuel.com>
Web: www.quinnemanuel.com <blocked::http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above. This message may be an attorney-client communication and/or work product and as such
is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for
delivering it to the intended recipient, you are hereby notified that you have received this document in error and that
any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this
communication in error, please notify us immediately by e-mail, and delete the original message.

Exhibit B

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

January 16, 2008

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

<u>VIA FACSIMILE and E-MAIL</u>

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

  Re: <u>Mattel v. Bryant</u>

Dear Dylan:

  I am writing with regard to several outstanding issues discussed during our meetings of counsel held on January 9 and January 11, 2008, and with respect to the correspondence noted below.

  **<u>Lucy Arant</u>**

  Responding to your letter dated January 10, 2008, in which you asked me to confirm that Ms. Arant is not withholding any non-logged documents, as we discussed during our meeting of counsel on January 9, 2007, I provided you with amended responses and objections to Mattel's document request that day. I also provided you with an amended privilege log.

  With regard to documents responsive to Request No. 28 of Mattel's subpoena for the production of documents, I can confirm that our position is set out in the response to the same in Arant's amended objections and responses dated January 8, 2008. I reiterate that the filed intent-to-use trademark applications and any related statements of use fully satisfy Mattel's request that Arant produce:

  DOCUMENTS sufficient to show each instance in which YOU have filed or caused to be filed an intent-to-use application for a name, mark, designation or source identifier, or any contemplated, proposed, considered, putative or formative name, mark, designation or

B. Dylan Procter, Esq.
January 16, 2008
Page 2

source identifier, that had been used or was in use prior to the time such application was filed or caused to be filed.

In addition, these documents are as readily available to Mattel as they are to Arant, including without limitation by accessing the public records hosted on the Trademark Office web site at www.uspto.gov. Moreover, as you know, Ms. Arant filed a revised declaration which did not contain the statement regarding filing intent-to-use applications which you refer to in your Request No. 28.

Additionally, we do not believe that any privileged documents have been withheld, other than as set forth on the privilege log. However, we are reviewing the documents again to confirm that everything is included in the privilege log. If we locate any additional relevant documents that are being withheld for privilege, we will provide you with an amended privilege log by Friday, January 18, 2008.

### Photographs and Videos Used During Depositions

I write in response to your last letter of January 11, 2008. As I set forth fully in my letter of December 18, 2008, you have waived the work product protection with respect to the photographs and videotapes of the three-dimensional objects which we produced for inspection, by using some of these photographs at Ms. Leahy's deposition. In furtherance of my follow-up letters of January 2, 2008, and January 11, 2008, I again request that these documents be produced in their entirety. It is clear under the relevant authority that your use of the photographs during a deposition has resulted in a waiver of the work product protection which you have claimed in those items. *See Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503 512-13 (S.D. Cal. 2003). In my letter of January 11, 2008, I presented further legal authority in support of my position. You have failed to provide any relevant legal authority contrary to this position. Indeed, the citations in your January 11, 2008, letter do not support your conclusion that the photographs constitute opinion work product rather than factual work product, but instead simply reiterate the general rule that opinion work product is treated differently than fact work product with respect to waiver. This may be true, but it is not relevant here because the photos and video do not constitute opinion work product. *See Gundacker v. Unisys Corp.*, 151 F.3d 842, 848 n.4 (8th Cir. 1998) ("Ordinary work product includes such items as photographs and raw information.").

However, I see that you have agreed in your letter dated January 11, 2008, to provide us copies of all of the photographs and videos taken of the three-dimensional items if I agree to do the same. I would point your attention to my letter of December 18, 2007, in which I clearly stated that we had provided you with copies of all of our photos on December 11, 2007. I also reminded you of this during our telephonic meeting of counsel on January 9, 2008.

B. Dylan Procter, Esq.
January 16, 2008
Page 3

Unfortunately, you have made MGA's agreement a condition of Mattel's agreement to produce these photographs and videotapes. That is an issue that you need to raise with MGA's attorneys. I request that you reconsider your position and agree to provide us with all of the photographs and videos that you have taken of the three-dimensional objects produced by my clients and remind you again that my clients have already done the same.

## Computers

With regard to your request that I agree to a new protocol as set forth in Mr. Tayback's email dated January 9, 2008, for the review of the computers, hard disk drives, and zip disk (the "Computers") belonging to Ms. Leahy and Ms. Cloonan, as you know, these Computers have already been reviewed pursuant to the protocol that your partner, Susan Wines, and I agreed to several months ago. Moreover, all of the documents located by the expert's search pursuant to the agreed to protocol have already been produced and both Ms. Leahy and Ms. Cloonan have already been deposed. We are, therefore, not willing at this late date to agree to a new protocol.

As you know, Ms. Wines and I spent a considerable amount of time meeting and conferring with respect to a protocol for the review of the Computers. The result of these discussions was the protocol set forth in Ms. Wines' letter dated September 13, 2007. Both Mattel and I agreed to be bound by this protocol. In addition, as I have repeatedly stated, one of the most important issues for me was that this protocol be agreed to and all documents located pursuant to the protocol be produced prior to the depositions of my witnesses. As you know, this was accomplished. Now that the depositions of Ms. Leahy and Ms. Cloonan have been taken, you are attempting to re-review the Computers pursuant to a new protocol. This is not acceptable and you have presented no basis to justify your attempt to change the protocol. In the email dated January 9, 2008, from Mr. Tayback, he stated that "the testimony of the witnesses makes clear that there are graphical (and perhaps other) files on the Cloonan and Leahy hard drives that are relevant, responsive, non-privileged documents but which were either not produced by you or not identified by the prior search protocol." However, the fact that there could be graphical files on the Computers is not new information. As you know, Mr. Bryant testified during his deposition that he and/or Ms. Cloonan may have utilized the computer belonging to Ms. Cloonan to create graphics for Bratz. Unfortunately, it appears as though this effort to alter the protocol previously agreed upon is simply part of a larger strategy to never commit to an agreement and/or conclude a deposition.

With regard to the computers belonging to Ms. Marlow, as I stated during our conference on January 9, 2008, in response to the subpoena, we produced all relevant and responsive documents in Ms. Marlow's possession, custody or control, which included emails residing on her computers. Accordingly, Ms. Marlow has fully complied with her discovery obligations. It is both unreasonable and beyond the scope of Mattel's discovery rights to require Ms. Marlow to

B. Dylan Procter, Esq.
January 16, 2008
Page 4

produce her actual computer hard drives to Mattel. Ms. Marlow has fully complied with her discovery obligations by searching her hard drives and producing all relevant documents in response to Mattel's requests. As you know, when a party is obligated to produce electronically-stored documents in response to discovery requests, it is the responding party's obligation to conduct the search and review its own documents. *See Peskoff v. Faber*, 240 F.R.D. 26, 31 (D.D.C. 2007) ("[T]he producing party has the obligation to search available electronic systems for the information demanded."), *quoting McPeek v. Ashcroft*, 202 F.R.D. 31, 32 (D.D.C. 2001)). The mere fact that a requesting party is skeptical that a responding party has produced copies of all relevant and non-privileged documents does not warrant compelling production of the responding party's computer hard drives. *McCurdy Group, LLC v. Am. Biomedical Group, Inc.*, 9 Fed. Appx. 822, 831 (10th Cir. 2001). *See also Ameriwood Indus., Inc. v. Liberman*, No. 4-06CV524-DJS, 2006 WL 3825291, at *4 (E.D. Mo. Dec. 27, 2006) ("[A] party may not inspect the physical hard drives of a computer merely because the party wants to search for additional documents responsive to the party's document requests."). Ms. Marlow is not required to go above and beyond the requirements placed on a party and produce her computer hard drives to Mattel.

Finally, your claim that you just now learned during her deposition that Ms. Marlow occasionally used computers is inaccurate. You have known for quite some time that Ms. Marlow sent and received email because we produced such relevant emails well prior to her deposition and I believe that MGA has also produced emails which were sent to Ms. Marlow. With respect to your allegation that I had "previously represented to Mattel that Ms. Marlow does not have any hard drives which she used for work relating to Bratz," I am unaware of making any such representation. Because you insist that I have, please advise as to when and where I made the alleged representation.

## **Bank Records**

I write further in response to your latest letter on this subject dated January 11, 2008. With regard to the Wells Fargo documents belonging to Ms. Marlow that were produced directly to you in violation of our agreed upon protocol, you stated in your letter dated January 10, 2008, that you would consider my request that you purge yourself of those documents and return them to me so that they may be reviewed pursuant to the protocol. In your letter of January 11, 2008, you proposed supplementing the review protocol for all bank records produced and to be produced by adding documents referring to the following:

(1)    Isabel Ana Cabrera

(2)    Beatriz Morales

(3)    Maria Elena Salazar

(4)    Payments made to, or work or services performed by, any other Mattel employee

B. Dylan Procter, Esq.
January 16, 2008
Page 5

    (5)      Payments made by, or any services performed for, any competitors of Mattel, including any company involved in the sale of dolls or toys, while your clients were employed at Mattel

    (6)      The dates on which any entities with which your clients are affiliated were established, including but not limited to payments to the Franchise Tax Board or other tax entities.

With regard to items (1), (2), (3), and (6), I agree to amend the protocol for review of the bank records. However, item (4) is too vague and should be qualified to read "while such person was an employee of Mattel." Item (5) is also too vague and should be amended to read that competitors of Mattel are defined as any company involved in the sale of dolls or toys, not simply "including any company involved in the sale of dolls or toys," as you have drafted it. If you are amenable to these changes, please advise us accordingly.

## Retainer Letters

With regard to your request that I produce any retainer letters signed by my clients, you have taken the position that various orders entered by Judge Infante with respect to Mr. Bryant are controlling as to my non-party clients. As you know, I was not involved with the motions ruled on by Judge Infante, but your firm obviously was. As I pointed out in my letter dated December 18, 2007:

> Regarding the fee agreements, I am at a loss to understand how you can contend that "Mattel's objections to other subpoenas and Mattel's responses to other parties' requests for production are irrelevant here." The point is simple. Mattel is taking the position with respect to my clients that Judge Infante's orders require the production of retainer letters, while at the same time, Mattel has continued to object to the production of retainer letters after the entry of Judge Infante's order. Your silence with respect to my request in my December 3, 2007 letter, that "[i]f you have produced the retainer letter for Mr. Liden or any third party, please provide me with a copy of that document," says everything. You have not provided me with any such retainer letters and, therefore, I can only assume that you have continued to refuse to produce them.

As I told you during our meet and confer on Friday, January 11, 2008, if Mattel agrees that the orders entered by Judge Infante require Mattel to produce all retainer letters relating to non-parties and if in fact Mattel produces such retainer letters, I will also agree to produce the retainer letters for my third party clients. With respect to your statement during our call on January 11, 2008, that the two situations were like "apples and oranges," I request that you reconsider your

B. Dylan Procter, Esq.
January 16, 2008
Page 6

position. The issue is simple – what is Mattel's interpretation of Judge Infante's order with respect to retainer letters for non-parties.

As far as whether I will be providing a privilege log as you propose in your letter of January 10, 2008, I reiterate my previous statement that the purpose of a privilege log is to make the receiving party aware of any documents that the producing party is withholding based upon privilege. Rule 26 lays out the purpose of providing a privilege log as being to "expressly make the claim" of privilege and to "describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." F.R.C.P. 26(b)(5). In this case, the purpose of the privilege log has been fully satisfied – I have told you that I am not producing the retainer letters between my clients and their attorneys. (Nor am I producing the correspondence between my clients and their attorneys.) You are aware of the claim of privilege and what is not being produced. I can also confirm that these retainer letters were not copied or addressed to other parties or third parties.

### Additional Deposition Dates

With respect to your request that my clients be made available for additional deposition dates, as I have repeatedly stated, this request is unreasonable. I have made my clients available for the full seven hours (and beyond in some instances) as required by the federal rules and believe that demanding additional time of these non-party witnesses is not warranted. In particular, I write in response to the issues raised in the letter from Mr. Zeller dated January 4, 2008, and his mischaracterization of why he believes he did not have enough time to question Ms. Marlow. As a preliminary matter, with regard to Mr. Zeller's belief that he did not have time to question Ms. Marlow regarding other Mattel employees she has worked with, documents identifying the other Mattel employees Ms. Marlow worked with were produced well prior to the deposition and Mr. Zeller had plenty of time to review these documents prior to the deposition and did in fact question her extensively about these individuals during the deposition.

In addition, the assertions by Mr. Zeller in the third and fourth paragraphs of his letter that Mattel lacked sufficient time to depose Ms. Marlow regarding Mr. Bryant's drawings and the Prayer Angels project are simply untrue. All of these topics were covered in great detail during the deposition. With regard to the several pages of additional documents produced on the day before the deposition, I have difficulty understanding how those might have adversely affected Mr. Zeller's ability to question Ms. Marlow regarding them. Mr. Zeller stated at the deposition that all these documents except one had been previously produced by MGA or Bryant. With respect to the one new document, Mr. Zeller had seven hours to question Ms. Marlow regarding this document, but he chose not to do so.

B. Dylan Procter, Esq.
January 16, 2008
Page 7

Finally, with regard to the specific instructions Mr. Zeller has taken issue with, he claims that at Marlow Depo. Tr 174:4 – 177:3, my objections were "suggestive" and "obstructionist." I reject this assertion, and believe that my objections and those of counsel for Bryant and MGA were well within the federal rules.  Furthermore, I will point out again that his line of questioning was an attempt to put words in Ms. Marlow's mouth to support your purported legal conclusion that the drawings at issue were "substantially similar" to the final Bratz product, when in fact Ms. Marlow repeatedly disagreed with your conclusion, stating that:

Q:      Are they – are they more different or are they more similar?

A:      They're more different.

Not satisfied with Ms. Marlow's answer, Mr. Zeller repeatedly asked the same question over and over in different formats in a failed attempt to get Ms. Marlow to answer the question to his pleasing.  If Mr. Zeller had instead asked direct questions and not wasted time forcing Ms. Marlow to repeat herself multiple times, he would have had more than enough time available to him to ask all of the questions that he believes he needed to.

Mr. Zeller also complains about Ms. Marlow's testimony at 87:8 – 13, as follows:

Q:      Did you have some legal questions in your mind at that time prior to the time that you talked to Mr. Contopolous?

This question was part of an improper line of questioning regarding Ms. Marlow's communications with her attorney, Mr. Contopolous.  Prior to this question, Ms. Marlow had testified that she was seeking legal representation from Mr. Contopolous regarding this litigation. See *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) ("A client is entitled to hire a lawyer, and have his secrets kept, for legal advice regarding the client's business affairs.").

In addition, Ms. Marlow fully answered Mr. Zeller's questions with respect to what questions were in her mind prior to the time that she spoke to Mr. Contopolous as follows:

Mr. McFarland:        Why don't we read it back.

(The record was read by the court reporter as follows:

"Q:     Did you have some questions in your mind at that time prior to the time that you talked to Mr. Contopolous?")

Exhibit B, Page 13

B. Dylan Procter, Esq.
January 16, 2008
Page 8

| | |
|---|---|
| Mr. McFarland: | Objection, she's asked and answered your questions or mine regarding this litigation.  She talked to Mr. Contopolous. |

By Mr. Zeller:

Q:     You can go ahead and answer.

A:     I don't have anything to say about that.

Q:     You're refusing to answer the question?

Mr. McFarland:     No, she's already answered your question.

By Mr. Zeller:

Q:     What was it specifically about – tell me everything it was about the litigation between Carter Bryant and Mattel that you had on your mind prior to the time that you spoke with Mr. Contopolous?

Mr. McFarland:     She's asked and answered the question.

Did you have anything else in your mind other than what you've said?

The Witness:     No.

By Mr. Zeller:

Q:     So it was just that there was litigation and nothing else?

A:     Yes.

Q:     There was nothing in particular?

Mr. McFarland:     She's --

The Witness:  No.

Mr. McFarland:     -- answered the question.  You have answered the question.

The Witness:  I answered the question.

By Mr. Zeller:

Q:     There was nothing in particular; right?

A:     Right.

## Marital Privilege Instructions

With respect to the marital privilege issue, I am both surprised and confused by your continued attempts to limit the marital privilege to criminal cases.  As explained in my January 2, 2008, letter to you:

Federal common law recognizes two distinct forms of marital privilege.  The first is the privilege against adverse spousal testimony, which invests in the testifying witness the

B. Dylan Procter, Esq.
January 16, 2008
Page 9

privilege of not being compelled to testify against one's spouse. <u>Trammel v. United States</u>, 445 U.S. 40 (1980). The second is the confidential marital communications privilege, which provides that "[c]ommunications between the spouses, privately made, are generally assumed to have been intended to be confidential, and hence they are privileged," and which may be asserted by either spouse to bar the testimony of the other regarding marital communications made in confidence. <u>Wolfe v. United States</u>, 291 U.S. 7, 14 (1934)....

As I further provided, courts have held that the confidential marital communications privilege "may be asserted by either spouse in both civil and criminal proceedings, while the testimonial privilege ... is recognized only in criminal proceedings." <u>281 Syosset Woodbury</u>, 862 F. Supp. 847, 852 (E.D.N.Y. 1994); <u>see</u> <u>also</u> <u>Englemann v. Nat'l Broad. Co., Inc.</u>, No. 94 Civ, 5616(MBM)(AJP), 1995 WL 214500, at *2 *(S.D.N.Y. Apr. 10, 1995) ("The second of the two federal marital privileges, the spousal confidential communications privilege ... applies in both criminal and civil cases.").

Nevertheless, you continue to allege that I "have not offered any authority supporting the proposition that the marital privilege applies in civil cases." To the contrary, I believe that is exactly what I did and that it is you that have failed to offer any authority supporting the proposition that confidential marital communications, the one form of the privilege that is relevant here, applies only in criminal cases. Instead, you merely re-assert your claim that marital privilege does not apply here and cite to cases which address only the first form of marital privilege, the privilege against adverse spousal testimony. Specifically, your most recent reference to <u>Ryan v. Commissioner of Internal Revenue</u>, 568 F.2d 531, 542 (7th Cir. 1977) demonstrates my point exactly. In your January 11, 2008, letter, you cite <u>Ryan</u> to argue that marital privilege is "only applicable in criminal cases." However, like <u>281 Syosset Woodbury</u>, <u>Ryan</u> actually supports my position that only the privilege against adverse spousal testimony is limited to criminal cases. In <u>Ryan</u>, the Seventh Circuit affirmed the Tax Court's rejection of "the Ryans' claim of marital privilege because the privilege against *adverse spousal testimony* is only applicable in criminal proceedings." <u>Id</u>. at 537(emphasis added), 542 ("The Tax Court held that the privilege against *adverse spousal testimony* was only available in criminal cases and therefore was not applicable in civil tax proceedings.") (emphasis added).

Moreover, your claim that the three Supreme Court and Ninth Circuit cases cited in my January 2, 2008, letter "each addressed marital privilege within the context of criminal matters, not civil litigation," is misleading. Indeed, while these cases involved criminal proceedings, two of the three addressed the privilege against adverse spousal testimony. Although the third, <u>Wolfe v. United States</u>, 291 U.S. 7, 14 (1934), addressed the confidential marital communications privilege, the Court actually acknowledged that the two forms of marital privilege are in fact distinct. <u>Id</u>. ("Hence it is that the privilege with respect to communications extends to the testimony of husband or wife even though the different privilege, excluding the testimony of one against the other, is not involved."). Thus, you have once again failed to show that the confidential marital communications privilege is limited to criminal cases.

B. Dylan Procter, Esq.
January 16, 2008
Page 10

My responses to the testimony set forth in your letter of January 11, 2008, are set forth below:

Ms. Cloonan's testimony at 38:6-17:

Q:      Other than Mr. McFarland here, have you discussed the lawsuit with anybody?

A.:     Not much more than to tell people that I was involved in it; my father, my stepmother, my family, my husband.

This question was answered by Ms. Cloonan, regardless of any instruction.

Ms. Cloonan's testimony at 06:23 – 108:9; see 108:2:

Q:      What did you and he discuss on that subject?

A:      I don't recall.

This question was also answered by Ms. Cloonan, regardless of any instruction.

Ms. Cloonan's testimony at 108:11 – 14:

Q:      Have you discussed this lawsuit with your husband?

A:      I'm not going to answer that.

Q:      You can't tell me one way or the other?

A:      Do I have to?  If I have to, I will.

Mr. McFarland:  Well, first of all, it's asked and answered.  She's already told you she mentioned to her husband and other people.

As I stated on the record, I reiterate that this question was answered previously in the deposition as set forth above, regardless of any instruction.

Ms. Cloonan's testimony at 109: 1 – 8; see 109:15 – 18:

Q:      Prior to Christmas of last year, did you discuss this lawsuit with your husband, Mr. Sandham, your current husband?

Exhibit B, Page 16

B. Dylan Procter, Esq.
January 16, 2008
Page 11

      A:    I don't know.

Even assuming that the confidential marriage communications privilege does not apply to domestic partners who subsequently marry, you have failed to meet your burden to establish that this conversation occurred prior to marriage and that it, therefore, may not be protected by the marriage privilege. "When encountering a privilege objection at deposition, examining counsel should insist on making a record that will permit meaningful judicial evaluation of the privilege claim." 7 *Moore's Federal Practice* § 30.43[2] (Matthew Bender 3d ed.). Ms. Cloonan answered that she did not know whether this conversation occurred before or after she was married to her husband. It was Mr. Zeller's responsibility to make the showing that the instruction was improper, and he failed to do so.

### Attorney-Client Privilege Instructions

In your letter dated January 11, 2008, you also claim that Ms. Cloonan was improperly instructed regarding facts disclosed during her conversations with counsel. I am unaware of any ruling by Judge Infante so limiting the attorney client communication privilege. Please provide me with the order you are referring to.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/ccd

cc:  Thomas J. Nolan
     Michael Page

## Christopher Price

| | |
|---|---|
| **From:** | Larry W. McFarland [LMcfarland@kmwlaw.com] |
| **Sent:** | Thursday, January 10, 2008 6:57 PM |
| **To:** | Christopher Price |
| **Cc:** | Jon Corey |
| **Subject:** | Re: Bryant v. Mattel Case |

I will contact my clients and let you know

----- Original Message -----
From: Christopher Price <chrisprice@quinnemanuel.com>
To: Larry W. McFarland
Cc: Jon Corey <joncorey@quinnemanuel.com>
Sent: Thu Jan 10 16:42:12 2008
Subject: Bryant v. Mattel Case

Mr. McFarland,

I left a message with your office but wanted to follow up with an email.

In light of the order granting additional depositions, will you accept service of deposition subpoenas for Lucy Arant and
Sarah Halpern?

If you want to call me, my direct dial is 213-443-3238.


Christopher E. Price
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3238
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: chrisprice@quinnemanuel.com <blocked::mailto:g@quinnemanuel.com>
Web: www.quinnemanuel.com <blocked::http://www.quinnemanuel.com/>


The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s)
named above. This message may be an attorney-client communication and/or work product and as such is privileged and
confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended
recipient, you are hereby notified that you have received this document in error and that any review, dissemination,
distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify
us immediately by e-mail, and delete the original message.

Exhibit C

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

January 23, 2008

WRITER'S DIRECT DIAL
(310) 777-3750
WRITER'S EMAIL
lmcfarland@kmwlaw.com

VIA FACSIMILE
U.S. MAIL and E-MAIL

Diane C. Hutnyan, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

      Re:    Mattel v. Bryant

Dear Diane,

      First, I am confused by your continuing reference in both your letter dated January 14, 2008, and your email dated January 18, 2008, that I have agreed to accept service on behalf of Ms. Marlow and Ms. Leahy of the subpoenas for the further review of the three-dimensional objects attached to your letter dated January 14, 2008 (the "Subpoenas"). As you know, no one at your firm ever asked me if I would accept service of the Subpoenas; therefore, I do not understand why you think it is appropriate to send me confirming letters and confirming emails. However, as you know, I have worked hard throughout this case to try and move the discovery process forward, and as part of my continuing effort to work together cooperatively, I will agree to accept service of these two particular Subpoenas. This agreement is without waiver of my position as communicated to your firm earlier that I am not authorized to accept service of subpoenas for third parties that I represent, including without limitation Ms. Arrant and Ms. Halpern.

      Please find attached our responses and objections to these two Subpoenas. As you will see in our responses, there are no additional three-dimensional objects that fall within the requests set forth in these new Subpoenas beyond those that have already been produced for your inspection in October and December of last year. Notwithstanding the fact that you have already reviewed all of these three-dimensional objects, and notwithstanding the fact that pursuant to your earlier subpoenas we brought all of these three-dimensional objects to the respective depositions of Ms. Marlow and Ms. Leahy, we are willing to again make these objects available

Page 2

for your review in our offices at a time that is convenient for you and us.  We are available Friday morning, January 25, 2008, beginning at 10 a.m.

I look forward to hearing from you.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/ccd

cc:  Thomas J. Nolan
     Michael Page

1  Larry McFarland (Bar No. 129668)
   Christian Dowell (Bar No. 241973)
2  KEATS, McFARLAND & WILSON LLP
   9720 Wilshire Blvd.
3  Penthouse Suite
   Beverly Hills, CA 90212
4  Telephone:  (310) 248-3830
   Facsimile:   (310) 860-0363
5  Email:   lmcfarland@kmwlaw.com
            cdowell@kmwlaw.com
6

7  Attorneys for Margaret Leahy

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                          EASTERN DIVISION

11

12  CARTER BRYANT, an individual,          Case No.: CV 04 – 09049 SGL (RNBx)

13                   Plaintiff,            Consolidated with Case Nos.
                                           CV 04-9059 and CV 05-2727
14          v.
                                           Hon. Stephen G. Larson
15  MATTEL, INC., a Delaware corporation;
                                           OBJECTIONS AND RESPONSES OF
16                   Defendant.            NON-PARTY MARGARET LEAHY TO
                                           MATTEL'S SUBPOENA
17                                         FOR PRODUCTION OF DOCUMENTS

18  AND RELATED ACTIONS.

19

20

21

22

23

24

25

26

27

28

Non-party Margaret Leahy ("Leahy") hereby responds to Plaintiff Mattel Inc.'s ("Plaintiff") Subpoena for Production of Documents (the "Requests" or the "Subpoena"), served on January 14, 2008.

## PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

Leahy is not a party to the above-entitled action. Leahy is not permitted to conduct discovery in this action and has not completed an investigation of the facts related to this action. Consequently, the following responses are given without prejudice to Leahy's right to amend or supplement her objections and responses herein, if necessary, at a later date. Except for those facts expressly admitted herein, no admissions of any nature whatsoever are implied or should be inferred. Furthermore, Leahy's responses are not to be construed as admissions that any of the requested documents or items exist or that any contentions or assumptions in the Requests, whether implicit or explicit, are correct.

## GENERAL OBJECTIONS

1. The following General Objections apply to each of the Requests and are incorporated by reference in each of the specified responses set forth below, as though fully set forth therein. The failure to mention one of the following objections in any of the specific responses to the Requests set forth below shall not be deemed a waiver or limitation of any such objection.

2. Leahy objects to each Request to the extent that it violates her United States and California constitutional, statutory and common law rights of privacy in her confidential information.

3. Leahy objects to Mattel's "Definitions" and "Instructions" to the extent that they seek to impose obligations on Leahy beyond those required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

4. Leahy objects to each Request to the extent that it seeks the production of documents or items beyond those required to be produced by the Federal Rules of Civil Procedure or the Local Rules of this Court.

Exhibit C Page 22

5.    Leahy objects to each Request to the extent that it seeks documents or items protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege or any other applicable privilege or doctrine. To the extent that any document or item falling within the scope of any applicable privilege or doctrine is inadvertently disclosed in responding to any Request, such disclosure does not constitute a waiver or limitation of the applicable privilege. Any discovery resulting in such disclosure should be returned to Leahy upon demand and without any waiver of any kind.

6.    Leahy objects to each Request to the extent that it seeks the production of documents or items containing information of a confidential, competitively sensitive, proprietary, or trade secret nature pertaining to Leahy or to any third parties to whom she may have a confidentiality obligation (collectively, "Confidential Information"). All documents or items produced by Leahy will be produced subject to the Stipulated Protective Order entered in the captioned case on January 4, 2005 (the "Protective Order").

7.    Leahy objects to each and every document request that utilizes the defined terms YOU or YOUR as being vague, ambiguous, overly broad and unduly burdensome, particularly given Leahy's status as a non-party. The breadth of Mattel's Requests is underscored by Mattel's attempt to include in the definition of the terms YOU and YOUR "any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control." Leahy will respond as though YOU and YOUR refer to Leahy and to Leahy only.

8.    Leahy objects to each and every Request that utilizes the defined term REFERRING OR RELATING TO on the grounds that such phrase is vague, ambiguous, overly broad, unduly burdensome and may be read to encompass information not relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

9.   Leahy objects to each and every Request that utilizes the defined term DESIGNS as being vague, ambiguous, overly broad, unduly burdensome, not relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, and requiring the production of Confidential Information.

10.   Leahy objects to each and every document request that utilizes the defined terms PERSON or PERSONS as being vague, ambiguous, overly broad and unduly burdensome, particularly as to the phrase "any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control." Leahy will respond as though PERSON and PERSONS refer to the specified individual(s) only.

11.   Leahy objects to each and every Request that seeks documents or items from Leahy that also may be in the possession of a party to this litigation.

## SPECIFIC OBJECTIONS AND RESPONSES

REQUEST FOR PRODUCTION NO. 1:

All three-dimensional objects, including without limitation all doll heads, sculpts, prototypes, models, samples, molds and other tangible items, that were created, prepared or made, whether in whole or in part, prior to January 1, 2008 that REFER OR RELATE TO BRATZ.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Leahy refers to and incorporates herein all of the General Objections set forth above.  Leahy objects to this request to the extent that it calls for the production of documents or items that are protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege or any other similar privilege or protection. Leahy also objects to the extent that this request calls for documents or items containing Confidential Information.  Leahy further objects to the extent that this Request is inclusive of final production versions of dolls available for purchase through retail channels.  Leahy objects on the grounds that Mattel has not

1  demonstrated a need for production at this time that outweighs the burden imposed on

2  Leahy, a nonparty, considering items responsive to this request have already been

3  produced for inspection.  Leahy further responds that, subject to and without waiving any

4  objections, there are no additional items other than those that have already been produced.

5  REQUEST FOR PRODUCTION NO. 2:

6      All three-dimensional objects, including without limitation all doll heads,

7  sculpts, prototypes, models, samples, molds and other tangible items, that were

8  created, prepared or made, whether in whole or in part, prior to January 1, 2008 that

9  REFER OR RELATE TO ANGEL and/or PRAYER ANGELS.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

11      Leahy refers to and incorporates herein all of the General Objections set forth

12  above.  Leahy objects to this request to the extent that it calls for the production of

13  documents or items that are protected by the attorney-client privilege, attorney work

14  product doctrine, joint defense privilege, common interest privilege or any other similar

15  privilege or protection. Leahy also objects to the extent that this request calls for

16  documents or items containing Confidential Information.  Leahy further objects to the

17  extent that this Request is inclusive of final production versions of dolls available for

18  purchase through retail channels.  Leahy objects on the grounds that Mattel has not

19  demonstrated a need for production at this time that outweighs the burden imposed on

20  Leahy, a nonparty, considering items responsive to this request have already been

21  produced for inspection.  Leahy further responds that, subject to and without waiving any

22  objections, there are no additional items other than those that have already been produced.

23  REQUEST FOR PRODUCTION NO. 3:

24      All three-dimensional objects made available for inspection by YOU on

25  October 15, 2007 and December 3, 2007.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

27      Leahy refers to and incorporates herein all of the General Objections set forth

28  above.  Leahy objects to this request to the extent that it calls for the production of

4

1 | documents or items that are protected by the attorney-client privilege, attorney work
2 | product doctrine, joint defense privilege, common interest privilege or any other similar
3 | privilege or protection. Leahy also objects to the extent that this request calls for
4 | documents or items containing Confidential Information.  Leahy objects on the grounds
5 | that Mattel has not demonstrated a need for production at this time that outweighs the
6 | burden imposed on Leahy, a nonparty, considering items responsive to this request have
7 | already been produced for inspection.  Leahy further responds that, subject to and
8 | without waiving any objections, Leahy is willing to produce responsive documents or
9 | items pursuant to the Protective Order at the offices of Keats McFarland & Wilson LLP
10 | at a time to be mutually agreed upon by the parties.

11 |
12 | Dated:  January 23, 2008                    KEATS MCFARLAND & WILSON LLP
13 |
14 |
                                             Christian C. Dowell, Esq.
15 |                                          Attorneys for Margaret Leahy
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

OBJECTIONS AND RESPONSES OF NON-PARTY MARGARET LEAHY TO MATTEL'S SUBPOENA
FOR PRODUCTION OF DOCUMENTS

1 | Larry McFarland (Bar No. 129668)
2 | Christian Dowell (Bar No. 241973)
   | KEATS, McFARLAND & WILSON LLP
3 | 9720 Wilshire Blvd.
   | Penthouse Suite
4 | Beverly Hills, CA 90212
   | Telephone:  (310) 248-3830
5 | Facsimile:  (310) 860-0363
   | Email:  lmcfarland@kmwlaw.com
6 |        cdowell@kmwlaw.com

7 | Attorneys for Veronica Marlow

8 |

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

12 | CARTER BRYANT, an individual,       Case No.: CV 04 – 09049 SGL (RNBx)
13 |                                     Consolidated with Case Nos.
   |              Plaintiff,            CV 04-9059 and CV 05-2727
14 |         v.
   |                                     Hon. Stephen G. Larson
15 | MATTEL, INC., a Delaware corporation;
16 |                                     OBJECTIONS AND RESPONSES OF
   |              Defendant.             NON-PARTY VERONICA MARLOW TO
17 |                                     MATTEL'S SUBPOENA
   |                                     FOR PRODUCTION OF DOCUMENTS
18 | AND RELATED ACTIONS.
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

1    Non-party Veronica Marlow ("Marlow") hereby responds to Plaintiff Mattel

2    Inc.'s ("Plaintiff") Subpoena for Production of Documents (the "Requests" or the

3    "Subpoena"), served on January 14, 2008.

4    **PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

5    Marlow is not a party to the above-entitled action. Marlow is not permitted to

6    conduct discovery in this action and has not completed an investigation of the facts

7    related to this action. Consequently, the following responses are given without

8    prejudice to Marlow's right to amend or supplement her objections and responses

9    herein, if necessary, at a later date. Except for those facts expressly admitted herein,

10    no admissions of any nature whatsoever are implied or should be inferred.

11    Furthermore, Marlow's responses are not to be construed as admissions that any of

12    the requested documents or items exist or that any contentions or assumptions in the

13    Requests, whether implicit or explicit, are correct.

14    **GENERAL OBJECTIONS**

15    1.    The following General Objections apply to each of the Requests and are

16    incorporated by reference in each of the specified responses set forth below, as

17    though fully set forth therein. The failure to mention one of the following objections

18    in any of the specific responses to the Requests set forth below shall not be deemed a

19    waiver or limitation of any such objection.

20    2.    Marlow objects to each Request to the extent that it violates her United

21    States and California constitutional, statutory and common law rights of privacy in

22    her confidential information.

23    3.    Marlow objects to Mattel's "Definitions" and "Instructions" to the extent

24    that they seek to impose obligations on Marlow beyond those required by the Federal

25    Rules of Civil Procedure or the Local Rules of this Court.

26    4.    Marlow objects to each Request to the extent that it seeks the production

27    of documents or items beyond those required to be produced by the Federal Rules of

28    Civil Procedure or the Local Rules of this Court.

5.     Marlow objects to each Request to the extent that it seeks documents or items protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege or any other applicable privilege or doctrine. To the extent that any document or item falling within the scope of any applicable privilege or doctrine is inadvertently disclosed in responding to any Request, such disclosure does not constitute a waiver or limitation of the applicable privilege. Any discovery resulting in such disclosure should be returned to Marlow upon demand and without any waiver of any kind.

6.     Marlow objects to each Request to the extent that it seeks the production of documents or items containing information of a confidential, competitively sensitive, proprietary, or trade secret nature pertaining to Marlow or to any third parties to whom she may have a confidentiality obligation (collectively, "Confidential Information"). All documents or items produced by Marlow will be produced subject to the Stipulated Protective Order entered in the captioned case on January 4, 2005 (the "Protective Order").

7.     Marlow objects to each and every document request that utilizes the defined terms YOU or YOUR as being vague, ambiguous, overly broad and unduly burdensome, particularly given Marlow's status as a non-party. The breadth of Mattel's Requests is underscored by Mattel's attempt to include in the definition of the terms YOU and YOUR "any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control." Marlow will respond as though YOU and YOUR refer to Marlow and to Marlow only.

8.     Marlow objects to each and every Request that utilizes the defined term REFERRING OR RELATING TO on the grounds that such phrase is vague, ambiguous, overly broad, unduly burdensome and may be read to encompass information not relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

OBJECTIONS AND RESPONSES OF NON-PARTY VERONICA MARLOW TO MATTEL'S SUBPOENA
FOR PRODUCTION OF DOCUMENTS

Exhibit C, Page 29

9.   Marlow objects to each and every Request that utilizes the defined term DESIGNS as being vague, ambiguous, overly broad, unduly burdensome, not relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, and requiring the production of Confidential Information.

10.   Marlow objects to each and every document request that utilizes the defined terms PERSON or PERSONS as being vague, ambiguous, overly broad and unduly burdensome, particularly as to the phrase "any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control." Marlow will respond as though PERSON and PERSONS refer to the specified individual(s) only.

11.   Marlow objects to each and every Request that seeks documents or items from Marlow that also may be in the possession of a party to this litigation.

## SPECIFIC OBJECTIONS AND RESPONSES

REQUEST FOR PRODUCTION NO. 1:

All three-dimensional objects, including without limitation all doll heads, sculpts, prototypes, models, samples, molds and other tangible items, that were created, prepared or made, whether in whole or in part, prior to January 1, 2008 that REFER OR RELATE TO BRATZ.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Marlow refers to and incorporates herein all of the General Objections set forth above.  Marlow objects to this request to the extent that it calls for the production of documents or items that are protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege or any other similar privilege or protection. Marlow also objects to the extent that this request calls for documents or items containing Confidential Information.  Marlow further objects to the extent that this Request is inclusive of final production versions of dolls available for purchase through retail channels.  Marlow objects on the grounds that Mattel has not

3

1 demonstrated a need for production at this time that outweighs the burden imposed on

2 Marlow, a nonparty, considering items responsive to this request have already been

3 produced for inspection.  Marlow further responds that, subject to and without waiving

4 any objections, there are no additional items other than those that have already been

5 produced.

6 REQUEST FOR PRODUCTION NO. 2:

7      All three-dimensional objects, including without limitation all doll heads,

8 sculpts, prototypes, models, samples, molds and other tangible items, that were

9 created, prepared or made, whether in whole or in part, prior to January 1, 2008 that

10 REFER OR RELATE TO ANGEL and/or PRAYER ANGELS.

11 RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

12      Marlow refers to and incorporates herein all of the General Objections set forth

13 above.  Marlow objects to this request to the extent that it calls for the production of

14 documents or items that are protected by the attorney-client privilege, attorney work

15 product doctrine, joint defense privilege, common interest privilege or any other similar

16 privilege or protection. Marlow also objects to the extent that this request calls for

17 documents or items containing Confidential Information.  Marlow further objects to the

18 extent that this Request is inclusive of final production versions of dolls available for

19 purchase through retail channels.  Marlow objects on the grounds that Mattel has not

20 demonstrated a need for production at this time that outweighs the burden imposed on

21 Marlow, a nonparty, considering items responsive to this request have already been

22 produced for inspection.  Marlow further responds that, subject to and without waiving

23 any objections, there are no additional items other than those that have already been

24 produced.

25 REQUEST FOR PRODUCTION NO. 3:

26      All three-dimensional objects made available for inspection by YOU on

27 October 15, 2007 and December 3, 2007.

28 RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

1    Marlow refers to and incorporates herein all of the General Objections set forth
2  above.  Marlow objects to this request to the extent that it calls for the production of
3  documents or items that are protected by the attorney-client privilege, attorney work
4  product doctrine, joint defense privilege, common interest privilege or any other similar
5  privilege or protection. Marlow also objects to the extent that this request calls for
6  documents or items containing Confidential Information.  Marlow objects on the grounds
7  that Mattel has not demonstrated a need for production at this time that outweighs the
8  burden imposed on Marlow, a nonparty, considering items responsive to this request
9  have already been produced for inspection.  Marlow further responds that, subject to and
10  without waiving any objections, Marlow is willing to produce responsive documents or
11  items pursuant to the Protective Order at the offices of Keats McFarland & Wilson LLP
12  at a time to be mutually agreed upon by the parties.
13
14  Dated:  January 23, 2008                 KEATS MCFARLAND & WILSON LLP
15
16                                           _____
17                                           Christian C. Dowell, Esq.
                                             Attorneys for Margaret Marlow
18
19
20
21
22
23
24
25
26
27
28

5

OBJECTIONS AND RESPONSES OF NON-PARTY VERONICA MARLOW TO MATTEL'S SUBPOENA
FOR PRODUCTION OF DOCUMENTS

Exhibit C, Page 32

Exhibit D

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL

(310) 777-3750

WRITER'S EMAIL

lmcfarland@kmwlaw.com

January 27, 2008

<u>VIA FACSIMILE</u>
<u>U.S. MAIL and E-MAIL</u>

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   <u>Mattel v. Bryant</u>

Dear Dylan:

I am writing with regard to your letter of January 23, 2008, regarding the issue of fee agreements and privilege logs. You asked if I wished to voluntarily produce my clients' fee agreements without the need for motion practice and whether I will produce a log of withheld documents as well.

I would like to direct your attention to my letter to you dated January 16, 2008, and reiterate my position with regard to retainer letters. As I stated in my letter of December 18, 2008, reiterated in our meet and confer on January 11, 2008, and again restated in my last letter on this issue of January 16, 2008, if Mattel agrees that the orders entered by Judge Infante require Mattel to produce all retainer letters relating to non-parties and if in fact Mattel produces such retainer letters, I will also agree to produce the retainer letters for my third party clients. I await your response to this question. I am still unclear as to what Mattel's interpretation of Judge Infante's order with respect to retainer letters for non-parties is.

With regard to the production of any privilege logs, I also reiterate my position as stated in my letter of January 16, 2008, that the purpose of a privilege log is to make the receiving party aware of any documents that the producing party is withholding based upon privilege. You are aware that I am withholding the retainer letters, and the purpose of the privilege log is therefore

B. Dylan Procter, Esq.
January 27, 2008
Page 2


satisfied.  Any demand that I produce a privilege log for the purpose of identifying the retainer letters is unduly burdensome on my clients as I have explained to you on numerous occasions.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/ccd

cc:  Thomas J. Nolan
     Michael Page

Exhibit E

**Christopher Price**

| | |
|---|---|
| **From:** | Christopher Price |
| **Sent:** | Sunday, January 27, 2008 8:24 PM |
| **To:** | Larry W. McFarland |
| **Cc:** | Jon Corey |
| **Subject:** | Service of Deposition Subpoena |

My office has been attempting to serve you with a deposition subpoena for over a week now.  Your reception has each time reported that you were out of the office for an indeterminate amount of time.  Could you please advise as to when a convenient time would be to arrange service?

Thanks

Christopher E. Price
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3238
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  chrisprice@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Exhibit F

A088 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

_____CENTRAL_____ DISTRICT OF ___CALIFORNIA___

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number:[1] CV 04-9049 SGL (RNBx)

consolidated with cases CV 04-9059 and CV 05-2727

TO:  Moss Adams
     11766 Wilshire Blvd., Suite 900
     Los Angeles, CA 90025

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded stenographically  and by videographer.

| PLACE OF DEPOSITION Quinn Emanuel Urquhart Oliver & Hedges LLP 865 S. Figueroa St, 10th Fl, Los Angeles, CA 90017 | DATE AND TIME January 28, 2008 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney For Plaintiff, Mattel Inc. | DATE January 15, 2008 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jon D. Corey, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA  90017-2543 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

**Exhibit F, Page 36**

[1] If action is pending in district other than district of issuance, state district under case number.

# ATTACHMENT A

     1.     Isaac Larian's income from MGA Entertainment, Inc. or other sources between January 1, 2000 and the present.

     2.     Isaac Larian's net worth as of December 31, 2004, December 31, 2005, December 31, 2006 and December 31, 2007.

     3.     Isaac Larian's assets between January 1, 2000 and the present.

     4.     The value of Isaac Larian's assets between January 1, 2000 and the present.

     5.     The location of Isaac Larian's assets between January 1, 2000 and the present.

     6.     Payments to or transfers of value from MGA Entertainment, Inc. or Isaac Larian to Carter Bryant between January 1, 2000 and the present.

     7.     Payments to or transfers of value from MGA Entertainment, Inc. or Isaac Larian to Paula Garcia between January 1, 2000 and the present.

     8.     Payments to or transfers of value from MGA Entertainment, Inc. or Isaac Larian to Veronica Marlow between January 1, 2000 and the present.

     9.     The identity of any trust or other entity in which Isaac Larian is an officer, director, member, shareholder or trustee; has or had a direct or indirect ownership interest; had or has direct or indirect control or of which he or any member of his family (by blood or marriage) is or was an owner, shareholder, employee, officer, director, trustee, member or beneficiary between January 1, 2000 and the present.

     10.     The assets of any trust or other entity identified in Topic No. 9 between January 1, 2000 and the present.

     11.     The value of the assets of any trust or other entity identified in Topic No. 9 between January 1, 2000 and the present.

     12.     Any transfers of value from Isaac Larian or any trust or other entity

for which no consideration was received in return.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/15/2008 | 11766 Wilshire Boulevard, #900<br>Los Angeles, CA 90025 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SYLVIA VARGAS, Administrator,<br>on behalf of MOSS ADAMS | Personal<br>(Served 1-15-08 at 4:09 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Rayn Jerez | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____1/16/2008_____
                              DATE

SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los
ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Exhibit F, Page 39**

Exhibit G

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute resulting from the expert's study made not at the request of any party

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a ___ that person may be deemed a contempt of the court ___ ia issued. An adequate cause for failure to obey exists ts to require a nonparty to attend or produce at a place ided by clause (ii) of subparagraph (c)(3)(A).

**Exhibit G, Page 41**

## ATTACHMENT A

1.      Any loan agreement or line of credit or other financing arrangement that Wachovia Corporation has entered into with MGA Entertainment, Inc., since January 1, 1999.

2.      The information provided to you by MGA Entertainment, Inc. for purposes of entering into any loan agreement or line of credit or other financing, at any time since January 1, 1999.

3.      Any explanation or justification that you understood or was provided for your for why MGA Entertainment, Inc. needed or sought any loan agreement or line of credit or other financing arrangement from Wachovia Corporation since January 1, 1999.

3.      The assets of MGA Entertainment, Inc. between January 1, 1999 and the present.

4.      The value of the assets of MGA Entertainment between January 1, 1999 and the present.

5.      Any other MGA Entertainment, Inc. lenders or persons who extended or was requested to extend a line of credit to MGA Entertainment, Inc. since January 1, 1998.

07209/2353385.1

1

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On January 17, 2008, I served true copies of the following documents described as: **NOTICE OF DEPOSITION OF WACHOVIA CORPORATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** on the parties in this action as follows:

| Keker & Van Nest, LLP<br>John W. Keker, Esq.<br>Michael H. Page, Esq.<br>Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone:  415.391.5400<br>Facsimile:  415.397.7188 | **Attorneys for *Carter Bryant*** |
| --- | --- |

[√]   **BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in sealed envelope(s) or package(s) designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 17, 2008, at Los Angeles, California.

Kelly Velázquez

**Exhibit G, Page 43**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On January 17, 2008, I served true copies of the following documents described as:  **NOTICE OF DEPOSITION OF WACHOVIA CORPORATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)** on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>　Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br>Telephone:  213.687.5000<br>Facsimile:  213.687.5600 | **Attorneys for** *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.* |
| Overland Borenstein Scheper & Kim, LLP<br>　Mark E. Overland, Esq.<br>　David C. Scheper, Esq.<br>　Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone:  213.613.4655<br>Facsimile:  213.613.4656 | **Attorneys for** *Carlos Gustavo Machado Gomez* |

[√ ]　**[PERSONAL]** by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 17, 2008, at Los Angeles, California.

David Quintana

**Exhibit G, Page 44**

Exhibit H

00029/2340430.1

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation

Case Number:[1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO: Joyce Ng
848 Radcliffe Ave.
Pacific Palisades, CA 90272

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded stenographically and by videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa St., 10th Fl., Los Angeles, CA 90017 | January 28, 2008 9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Scott Kidman* Attorney for Mattel, Inc. | January 16, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Scott B. Kidman, Esq., Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa St., 10th Fl., Los Angeles, CA 90017 (213)443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

**Exhibit H, Page 45**

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/16/2008 | 848 Radcliffe Avenue Pacific Palisades, CA 90272 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| JOYCE NG (Witness Fee Paid $55.58) | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Miguel Leyva | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    1/17/2008
_____
DATE

_____
SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los
_____
ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty #5426

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Exhibit H, Page 46**

Exhibit I

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

_____ CENTRAL _____ DISTRICT OF _CALIFORNIA_

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number:[1] CV 04-9049 SGL (RNBx)

consolidated with cases CV 04-9059 and CV 05-2727

TO: Jorge Castilla
    3355 Wilshire Blvd., Apt. 1408
    Los Angeles, CA 90010

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. **Testimony will be recorded stenographically and by videographer.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP | January 28, 2008 |
| 865 S. Figueroa St, 10th Fl, Los Angeles, CA 90017 | 9:00 a.m. |

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |
| | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney For Plaintiff, Mattel Inc. | January 15, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jon D. Corey, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017-2543 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subd)

[1] If action is pending in district other than district of issuance, state district under case number.

**Exhibit I, Page 47**

AO-88

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/17/2008 | 350 South Grand, 25th Floor<br>Los Angeles, CA 90071 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| A. WOODWARD, authorized to accept for JORGE CASTILLA | Personal – Witness Fee Paid $44.00<br>(Served 1-17-08 at 12:30 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Erin Gilbride | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____1/18/2008_____
DATE

SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los
ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Exhibit I, Page 48**

Exhibit J

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL      DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

## SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1]  CV 04-9049 SGL (RNBx)

Consolidated with cases CV 49-9059 and CV50-2727

TO:  Daphne Gronich
     15317 Sunset Blvd.
     Pacific Palisades, CA  90272

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  Testimony will be recorded stenographically and by videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP | January 28, 2008 |
| 865 S. Figueroa St, 10th Fl, Los Angeles, CA 90017 | 9:00 am |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 15, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jon D. Corey, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA  90017-2543 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivision

[1] If action is pending in district other than district of issuance, state district under case number.

**Exhibit J, Page 49**

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/13/2008 | 811 North Las Casas Avenue<br>Pacific Palisades, CA 90272 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| DAPHNE GRONICH<br>(Witness Fee Paid $52.30) | Personal<br>(Served 1-13-08 at 11:50 a.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| John Erickson | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | 1/28/2008 | |
|---|---|---|
| | DATE | SIGNATURE OF SERVER |

Now Legal Services, 1301 W. 2nd St., #206, Los

ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
   (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
   (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
   (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Exhibit J, Page 50**

Exhibit K

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL     DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1] CV 04-9049 SGL (RNBx)

Consolidated with cases CV 49-9059 and CV50-2727

TO:  Joe Tiongco
     10620 Balboa Blvd, #114
     Granada Hills, CA  91344

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP 865 S. Figueroa St, 10th Fl, Los Angeles, CA 90017 | January 28, 2008 9:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 14, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jon D. Corey, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA  90017-2543  (213) 443-30

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions

[1] If action is pending in district other than district of issuance, state district under case number.

**Exhibit K, Page 51**

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_____ CENTRAL _____ DISTRICT OF __CALIFORNIA__

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number:[1]  CV 04-9049 SGL  (RNBx)

Consolidated with cases CV 49-9059 and CV50-2727

TO:  Joe Tiongco
     10620 Balboa Blvd, #114
     Granada Hills, CA  91344

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  Testimony will be recorded stenographically and by videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP 865 S. Figueroa St, 10th Fl, Los Angeles, CA 90017 | January 28, 2008 9:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 14, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jon D. Corey, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA  90017-2543 (213) 443-30

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO-88

**Exhibit K, Page 53**

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 01/16/08 | 10620 Balboa Blvd., #114, Granada Hills, CA 91344 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Kristine Larsen | Investigator |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___01/17/08___
DATE

_____
SIGNATURE OF SERVER

___445 S Figueroa St., Suite___
ADDRESS OF SERVER 3215, Los Angeles
CA 90071

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Exhibit K, Page 54**

Exhibit L

00029/2340430.1

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL     DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number:[1] CV 04-9049 SGL (RNBx)

Consolidated with cases CV 49-9059 and CV50-2727

TO:  Andreas Koch
     1812 N. Ardmore Avenue
     Manhattan Beach, CA  90266

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.   Testimony will be recorded stenographically and by videographer.

| PLACE OF DEPOSITION<br>Quinn Emanuel Urquhart Oliver & Hedges LLP<br>865 S. Figueroa St, 10th Fl, Los Angeles, CA 90017 | DATE AND TIME<br>January 28, 2008<br>9:00 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Mattel, Inc. | DATE<br>January 22, 2008 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jon D. Corey, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA  90017-2543  (213) 443-3000

(See Rule 45, Federal Rules of Civil                     ext page)

**Exhibit L, Page 55**

[1] If action is pending in district other than district of issuance, state district under ca

AO-88

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

| Attorney or Party without Attorney: JON D. COREY QUINN EMANUEL URQUHART OLIVER, ET AL. 865 SO. FIGUEROA ST. 10TH FLOOR LOS ANGELES, CA 90017 Telephone No: 213-443-3000 | | For Court Use Only |
|---|---|---|
| Attorney for: Defendant | Ref. No. or File No.: | |

Insert name of Court, and Judicial District and Branch Court:
**UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY**

Plaintiff: CARTER BRYANT, ETC.

Defendant: MATTEL, INC., ETC.

| PROOF OF SERVICE SUBPOENA IN A CIVIL | Hearing Date: Mon, Jan. 28, 2008 | Time: 9:00AM | Dept/Div: | Case Number: CV04-9049 SGL (RNBX) |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA IN A CIVIL CASE

*3. a. Party served:*  ANDREAS KOCH

*4. Address where the party was served:*  1812 N. ARDMORE AVENUE
MANHATTAN BEACH, CA 90266

*5. I served the party:*
  a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., Jan. 23, 2008 (2) at: 8:00PM
  *b. I received this subpena for service on:*  Wednesday, January 23, 2008

*6. Witness fees were offered or demanded, and paid:*  $45.00

*7. Person Who Served Papers:*
  a. LOUISE DOVER

**First Legal Support Services**
ATTORNEY SERVICES
1511 BEVERLY BOULEVARD
Los Angeles, CA 90026
(213) 250-1111, FAX (213) 250-1197

Recoverable Cost Per CCP 1033.5(a)(4)(B)

  d. *The Fee for Service was:*
  e. I am: (3) registered California process server
      *(i)* Owner
      *(ii) Registration No.:*  4933
      *(iii) County:*  Los Angeles

*8. I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*
Date:Fri, Jan. 25, 2008

| Judicial Council Form Rule 982.9.(a)&(b) Rev January 1, 2007 | PROOF OF SERVICE SUBPOENA IN A CIVIL | (LOUISE DOVER) #002360.jocn.109364 |
|---|---|---|

Exhibit L, Page 57

Exhibit M

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware Corporation

**SUBPOENA IN A CIVIL CASE**

v.

CARTER BRYANT, an Individual; and DOES
1 through 10, inclusive

Case Number:[1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO: Gentle Giant Studios, Inc.
7511 N. San Fernando Road
Burbank, CA 91505

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  See Attachment "A"

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 25, 2008 |
| 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 | 10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 25, 2008 |
| 865 South Figueroa Street, 10th Floor. | 10:00 a.m. |
| Los Angeles, CA 90017 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | January 14, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Timothy L. Alger, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

<u>ATTACHMENT A</u>

<u>DESIGNATED TOPICS OF TESTIMONY</u>

(1)     Any services or work performed for, or on behalf of, at the request or the instruction of, Margaret Leahy (also known as Margaret Hatch) ("Leahy"), Carter Bryant ("Bryant"), or MGA Entertainment, Inc. ("MGA") between January 1, 1998 and December 31, 2001.

(2)     To the extent not covered in Topic No. 1, any estimates, purchase orders, invoices and payment records addressed to or from, received by or from, or otherwise reflecting or relating to, Leahy, Bryant, or MGA between January 1, 1998 and December 31, 2001.

(3)     Any digital scan or digital file that was prepared, made, created or modified for, at the request of or on behalf of, or that was received from or sent to, Leahy, Bryant, or MGA between January 1, 1998 and December 31, 2001.

(4)     Any communications regarding each digital scan or digital file referenced in Topic No. 3.

(5)     Communications between Gentle Giant Studios, Inc. ("Gentle Giant") and Leahy between January 1, 1998 and December 31, 2001.

(6)     Communications between Gentle Giant and Bryant between January 1, 1998 and December 31, 2001.

(7)     Communications between Gentle Giant and MGA between January 1, 1998 and December 31, 2001.

07209/2352121.1

1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/15/2008 | 777 South Figueroa, Suite 4900 Los Angeles, CA 90017 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| LUZ GOMEZ, authorized to accept for GENTLE GIANT, INC. | Personal — Witness Fee Paid $40.00 (Served 1-15-08 at 5:30 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| William Askew | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on        1/16/2008

              DATE

*William Askew*

SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los

ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Exhibit M, Page 60**