Exhibit N

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

__CENTRAL__   DISTRICT OF __CALIFORNIA__

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number: CV 04-9049 SGL  (RNBx)
Consolidated with cases CV 49-9059 and CV50-2727

TO:   Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
      10250 Constellation Boulevard -19th Floor
      Los Angeles, CA 90067

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[X]   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded by stenographer and videographer. Topics of testimony are set forth in Exhibit B.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP 865 S. Figueroa St, 10th Fl, Los Angeles, CA 90017 | January 28, 2008 9:00 am |

[x]   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT B

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP 865 S. Figueroa St, 10th Fl, Los Angeles, CA 90017 | January 28, 2008 |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Jon Corey* Attorney for Mattel, Inc. | January 18, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jon D. Corey, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA  90017-2543  (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure.)

¹ If action is pending in district other than district of issuance, state district under case number.

**Exhibit N, Page 61**

AO-88

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in resulting from the expert's study made not at the request of a

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court subpoena issued. An adequate cause for failure to obey exists a purports to require a nonparty to attend or produce at a place nits provided by clause (ii) of subparagraph (c)(3)(A).

Exhibit N, Page 62

**Exhibit  A**

## ATTACHMENT A

### Documents To Be Produced

**I.   DEFINITIONS.**

      1.    "YOU" or "YOUR" means Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control, including but not limited to Patricia Glaser, Esq.

      2.    "BRYANT" means Carter Bryant and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

      3.    "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.  Without limiting the generality of the foregoing, "MGA" includes "LARIAN."

      4.    "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

      5.    "ISAAC LARIAN" means Isaac Larian and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.  Without limiting the generality of the foregoing, "ISAAC LARIAN" includes any trusts held in the name of or for the benefit of Isaac Larian or of which Isaac Larian is a trustee.

**Exhibit N, Page 64**

ATTACHMENT A

6.      "FARHAD LARIAN" means Farhad Larian and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.  Without limiting the generality of the foregoing, "FARHAD LARIAN" includes any trusts held in the name of or for the benefit of Farhad Larian or of which Farhad Larian is a trustee.

7.      "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.  Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the subpoena requests.

8.      "BRATZ WORK" or "BRATZ WORKS" means any representation of BRATZ, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including any DESIGN REFERRING OR RELATING TO BRATZ, in whole or in part.

9.      "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

10.     "BRYANT/MGA AGREEMENT" means the agreement related to BRATZ between MGA and BRYANT titled "MGA Consulting Agreement,"

dated as of September 18, 2000, and purportedly executed on or about October 4,
2000.

11.    "INVENTIONS AGREEMENT" means the Confidential
Information and Inventions Agreement between MATTEL and BRYANT signed
by BRYANT on or about January 4, 1999 and produced in this action by MATTEL
as M0001596, or any other version of such January 4, 1999 agreement.

12.    "ACTION" means this action now consolidated under Case No.
04-9049 before the Hon. Stephen Larson and formerly *Mattel, Inc. v. Bryant*, first
filed in Los Angeles County Superior Court; *Bryant v. Mattel, Inc.*; and *MGA
Entertainment, Inc. v. Mattel, Inc.*; and all counterclaims, cross-claims and defenses
therein.

13.    "PERSON" or "PERSONS" means all natural persons,
partnerships, corporations, joint ventures and any kind of business, legal or public
entity or organization, as well as its, his or her agents, representatives, employees,
officers and directors and any one else acting on its, his or her behalf, pursuant to
its, his or her authority or subject to its, his or her control.

14.    "DOCUMENT" means any "writing" or "recording" as defined
in Federal Rule of Civil Procedure 34 or Federal Rule of Evidence 1001 and
includes any tangible thing upon which any expression, communication or
representation has been recorded, including but not limited to correspondence, e-
mails, preliminary, intermediate or final drafts, memoranda, notes, reports of
telephone or other oral conversations, audio or videotape recordings, computer
tape, computer disk or storage media, computer printout, CD-ROM disk, optical
storage disk, other electronic medium, and all other writings and recordings of any
kind.

15.    "REFER OR RELATE TO" or "REFERRING OR RELATING
TO" means reflecting, identifying, describing, summarizing, evidencing,
referencing, concerning, discussing or indicating in any way.

16.    "COMMUNICATION" or "COMMUNICATIONS" means and
includes any disclosure, transfer or exchange of information between two or more
PERSONS, whether orally or in writing, including, without limitation, any
conversation or discussion by means of meeting, letter, telephone, note,
memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic
or other medium, including without limitation in written, audio or video form.

ATTACHMENT A

17.    Wherever used herein, the singular shall include the plural and the plural shall include the singular.

## II.    INSTRUCTIONS.

A.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

B.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

1.    The privilege or protection that you claim precludes disclosure;

2.    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

3.    The date, author(s), addressee(s); and

4.    Any additional facts on which YOU would base YOUR claim of privilege or protection.

C.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

D.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

E.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

**Exhibit N, Page 67**

ATTACHMENT A

## III.   DOCUMENTS TO BE PRODUCED.

1.    ALL DOCUMENTS generated, created, prepared or transmitted in whole or part prior to April 27, 2004 that REFER OR RELATE to the BRYANT/MGA AGREEMENT, including without limitation such agreement (or version thereof) that Victoria O'Connor of MGA testified she sent YOU in 2000 and including without limitation any iteration, version or draft thereof, and all COMMUNICATIONS with BRYANT relating thereto.

2.    To the extent not produced in response to Request No. 1, all contracts or agreements, or proposed, requested or offered contracts or agreements, between MGA and BRYANT and all other DOCUMENTS generated, created, prepared or transmitted in whole or part prior to April 27, 2004 that REFER OR RELATE thereto.

3.    All DOCUMENTS generated, created, prepared or transmitted in whole or part prior to April 27, 2004 that REFER OR RELATE TO BRYANT's employment by, or any contracts or agreements with, MATTEL, including without limitation to the INVENTIONS AGREEMENT, and all COMMUNICATIONS with BRYANT relating thereto.

4.    All DOCUMENTS generated, created, prepared or transmitted in whole or part prior to April 27, 2004 that REFER OR RELATE TO BRATZ or any BRATZ WORK and REFER OR RELATE TO the time period prior to December 31, 2001.

5.    To the extent not produced in response to any other Request, all DOCUMENTS generated, created, prepared or transmitted in whole or part prior to April 27, 2004 that REFER OR RELATE TO BRYANT and that REFER OR RELATE TO the time period prior to December 31, 2001.

6.    All DOCUMENTS that were generated, created, prepared or transmitted in whole or part prior to April 27, 2004 and that REFER OR RELATE TO the origins, reduction to practice, conception, creation or development, or the timing of conception, creation, development or reduction to practice, of BRATZ or any BRATZ WORK, including without limitation any COMMUNICATIONS between YOU and BRYANT relating thereto and any investigations, analysis or inquiry performed by any PERSON in connection therewith.

07209/2240909.2

- 5 -

ATTACHMENT A

7.     All opinion letters provided, transmitted or otherwise shared with MGA prior to April 27, 2004 REFERRING OR RELATING TO BRYANT, the origins, reduction to practice, conception or creation of BRATZ or any BRATZ WORK or the ownership of any right, title or interest in or to BRATZ or any BRATZ WORK.

8.     All contracts or agreements between MATTEL and any PERSON other than BRYANT that REFERS OR RELATES TO the ownership, or putative or potential ownership, of inventions, designs, works or ideas and that YOU sent or transmitted to, received from, or shared with MGA or that MGA sent or transmitted to, received from, or shared with YOU, prior to April 27, 2004.

9.     All DOCUMENTS, including but not limited to opinion letters, that REFER OR RELATE TO the ownership, or putative or potential, ownership of inventions, designs, works or ideas created, made, conceived or reduced to practice by BRYANT while employed by MATTEL.

10.    All COMMUNICATIONS transmitted by YOU or received by YOU prior to April 27, 2004 REFERRING OR RELATING TO the ownership, or putative or potential ownership, of inventions, designs, works or ideas created, conceived or reduced to practice by BRYANT while he was employed by MATTEL.

11.    All DOCUMENTS, including without limitation COMMUNICATIONS between YOU and any BRYANT, REFERRING OR RELATING TO statements, assertions, claims or suggestions that BRYANT conceived, created, worked on, reduced to practice, modified or improved BRATZ or any BRATZ WORK between January 4, 1999 and October 20, 2000, including without limitation any denials or refutations, whether in whole or in part, of any such statements, assertions, claims or suggestions.

12.    All COMMUNICATIONS REFERRING OR RELATING TO BRYANT, BRATZ, any BRATZ WORK, MGA, FARHAD LARIAN, MATTEL or THIS ACTION to or from Veronica Marlow, Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), Mercedeh Ward, Elise Cloonan, Sarah Halpern, Jesse Ramirez and/or Anna Rhee.

13.    All COMMUNICATIONS REFERRING OR RELATING TO BRYANT, BRATZ, any BRATZ WORK, MGA, FARHAD LARIAN, MATTEL or THIS ACTION to or from Ana Cabrera, Beatriz Morales and/or Maria Salazar.

07209/2240909.2                          - 6 -

14.    To the extent not produced in response to any other Request, all COMMUNICATIONS REFERRING OR RELATING TO BRYANT, BRATZ, any BRATZ WORK, MGA, FARHAD LARIAN, MATTEL or THIS ACTION to or from any MATTEL employee while such person was employed by MATTEL.

15.    All DOCUMENTS that REFER OR RELATE TO any indemnification that BRYANT or FARHAD LARIAN has sought, proposed, requested or obtained from MGA or that MGA has sought, proposed, requested or obtained from BRYANT or FARHAD LARIAN.

16.    Any fee or indemnification agreements REFERRING OR RELATING TO this ACTION or any MATTEL claim, including without limitation by or with BRYANT, MGA or FARHAD LARIAN, including but not limited to all drafts thereof and COMMUNICATIONS RELATED thereto.

17.    All DOCUMENTS that FARHAD LARIAN showed MATTEL at any time since January 1, 1999, including all such DOCUMENTS that he showed MATTEL in connection with this ACTION, including without limitation each of the following:

(a)    The MGA email dated November 16, 2000 that summarizes "last week's meeting" with K-Mart and references BRATZ.

(b)    FARHAD LARIAN's email to ISAAC LARIAN dated November 22, 2000 mentioning prices for a "Bratz Fashion Pack."

(c)    The November 22, 2000 chart describing changes to the Bratz Doll Assortment and Bratz Holiday doll.

(d)    FARHAD LARIAN's August 19, 2005 email to Scott Bachrach (at scottbac@aol.com) inquiring about the first contact between Mr. Bachrach and MGA concerning BRATZ, as well associated COMMUNICATIONS.

(e)    FARHAD LARIAN's August 22, 2005 email to Colleen O'Higgins asking about BRYANT and BRATZ, as well as associated COMMUNICATIONS.

(f)    The COMMUNICATIONS with Bin Ton, Michael Lingg and Jennifer Maurus regarding BRATZ, including without limitation those relating to

actual and/or draft declaration(s) by the foregoing regarding BRATZ.

(g)    The December 21, 2000 email from ISAAC LARIAN to Paul Warner, with copies to Dennis Medici and FARHAD LARIAN, that mentions TRU purchases for products including BRATZ.

(h)    FARHAD LARIAN's August 1, 2005 email to Victoria O'Connor regarding BRATZ licensees, as well as associated COMMUNICATIONS.

(i)    FARHAD LARIAN's August 1, 2005 email chain with employees at dng.com asking about BRATZ, as well as associated COMMUNICATIONS.

(j)    The August 7, 2005 email from Mark Fragel responding to questions regarding BRATZ materials shown to Paulette Prim in November 2000.

(k)    FARHAD LARIAN's May 24, 2000 email to ISAAC LARIAN that states ISAAC LARIAN had instructed FARHAD LARIAN to withhold original documents that had been located in connection with the Fireman's Fund case and "to tell him [an MGA attorney] we could not find the originals."

(l)    The document entitled "Analysis of Design, Packaging & Mock-Up Expense for 6 Months Ending 6/30/99 and 6/30/00" attached to the August 11, 2000 email from Dennis Medici to ISAAC LARIAN and FARHAD LARIAN.

(m)    The August 14, 2000 ISAAC LARIAN email to Medici, Warner and FARHAD LARIAN that references cost tracking software used by MATTEL that ISAAC LARIAN says he learned about from interviewing MATTEL employees.

(n)    The emails between ISAAC LARIAN and Jahangir Makabi requesting that Mr. Makabi sign an affidavit that he lost his original stock certificates despite Mr. Makabi's protestation that he never had any such certificates, as well as associated COMMUNICATIONS.

(o)    The January 31, 2001 email from ISAAC LARIAN to All in Marketing and Product Development, Medici and Didi Brown asserting that he (ISAAC LARIAN) had been purportedly diagnosed with "Alzheimer's" and denying in substance that he ever said anything that cannot be confirmed by a writing.

(p)     The November 15, 2000 Paula Treantafelles email to FARHAD LARIAN that says MGA will be selling a BRATZ backpack and states that a design for it is attached.

18.     All DOCUMENTS that REFER OR RELATE to any surveillance or recording, including without limitation any tape or video recording, made by or at the direction of YOU or MGA of any officer, director or employee of MATTEL or MATTEL's counsel (excluding recordings made by duly authorized Court reporters of sworn testimony taken in THIS ACTION).

19.     All DOCUMENTS RELATING TO the payment, offering or promising of money or anything of value by MGA and/or YOU to any PERSON who was at the time employed by or worked for MATTEL.

20.     All DOCUMENTS RELATING TO the payment, offering or promising of money or anything of value by MGA to FARHAD LARIAN (excluding any gifts with a value of less than $500) at any time since January 1, 1999.

21.     All DOCUMENTS REFERRING OR RELATING TO the destruction or loss of any DOCUMENT sought by or the subject of Request Nos. 1 through 20.

22.     Any instruction or COMMUNICATION from any PERSON, including without limitation BRYANT, MGA or FARHAD LARIAN, with respect to the retention, preservation, collection, search, transmittal, transfer or destruction of any DOCUMENT sought by or the subject of Request Nos. 1 through 20.

ATTACHMENT A

Exhibit  B

## Attachment B

## Topics of Testimony

I.    **DEFINITIONS.**

      1.    "YOU" or "YOUR" means Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control, including but not limited to Patricia Glaser, Esq.

      2.    "BRYANT" means Carter Bryant and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

      3.    "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without limiting the generality of the foregoing, "MGA" includes "LARIAN."

      4.    "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

      5.    "ISAAC LARIAN" means Isaac Larian and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control. Without limiting the generality of the foregoing, "ISAAC LARIAN" includes any trusts held in the name of or for the benefit of Isaac Larian or of which Isaac Larian is a trustee.

      6.    "FARHAD LARIAN" means Farhad Larian and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control. Without limiting the generality of the foregoing,

**Exhibit N, Page 74**

"FARHAD LARIAN" includes any trusts held in the name of or for the benefit of Farhad Larian or of which Farhad Larian is a trustee.

7.    "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.  Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the subpoena requests.

8.    "BRATZ WORK" or "BRATZ WORKS" means any representation of BRATZ, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including any DESIGN REFERRING OR RELATING TO BRATZ, in whole or in part.

9.    "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

10.    "BRYANT/MGA AGREEMENT" means the agreement related to BRATZ between MGA and BRYANT titled "MGA Consulting Agreement," dated as of September 18, 2000, and purportedly executed on or about October 4, 2000.

11.    "INVENTIONS AGREEMENT" means the Confidential Information and Inventions Agreement between MATTEL and BRYANT signed

**Exhibit N, Page 75**

by BRYANT on or about January 4, 1999 and produced in this action by MATTEL as M0001596, or any other version of such January 4, 1999 agreement.

12.    "ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly *Mattel, Inc. v. Bryant*, first filed in Los Angeles County Superior Court; *Bryant v. Mattel, Inc.*; and *MGA Entertainment, Inc. v. Mattel, Inc.*; and all counterclaims, cross-claims and defenses therein.

13.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

14.    "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

15.    "REFER OR RELATE TO" or "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

16.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

17.    Wherever used herein, the singular shall include the plural and the plural shall include the singular.

## II.   SPECIFIC TOPICS

1.     Any contract or agreement between MGA and BRYANT,
amendments thereto, drafts thereof, and COMMUNICATIONS related thereto.

2.     Any proposed, requested or offered contracts or agreements between
MGA or ISAAC LARIAN, on one hand, and BRYANT, on the other hand; drafts
thereof; and COMMUNICATIONS related thereto.

3.     The origins, reduction to practice, conception, creation or
development, or the timing of conception, creation, development or reduction to
practice of BRATZ and BRATZ WORK and COMMUNICATIONS related
thereto.

4.     Opinion letters provided, transmitted or otherwise shared with MGA
prior to April 27, 2004 REFERRING OR RELATING TO BRYANT, the origins,
reduction to practice, conception or creation of BRATZ or any BRATZ WORK or
the ownership of any right, title or interest in or to BRATZ or any BRATZ WORK.

5.     Contracts or agreements between MATTEL and any PERSON other
than BRYANT that REFERS OR RELATES TO the ownership, or putative or
potential ownership, of inventions, designs, works or ideas that you received,
reviewed or transmitted prior to April 27, 2004.

6.     Opinion letters or other DOCUMENTS that REFER OR RELATE TO
the ownership, or putative or potential, ownership of inventions, designs, works or
ideas created, made, conceived or reduced to practice by BRYANT while
employed by MATTEL.

7.     The ownership, or putative or potential ownership, of inventions,
designs, works or ideas created, conceived or reduced to practice by BRYANT
while he was employed by MATTEL.

8.     The DOCUMENTS that FARHAD LARIAN showed to MATTEL.

9.     COMMUNICATIONS between MGA OR YOU, on the one hand,
and any MATTEL employee.

10.     Any surveillance or recording, including without limitation any tape
or video recording, made by or at the direction of YOU or MGA of any officer,
director or employee of MATTEL or MATTEL's counsel (excluding recordings

made by duly authorized Court reporters of sworn testimony taken in THIS ACTION).

11.     COMMUNICATIONS REFERRING OR RELATING TO BRYANT, BRATZ, any BRATZ WORK, MGA, FARHAD LARIAN, MATTEL or THIS ACTION to or from Veronica Marlow, Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), Mercedeh Ward, Elise Cloonan, Sarah Halpern, Jesse Ramirez, Anna Rhee, Ana Cabrera, Beatriz Morales and/or Maria Salazar.

12.     Any fee or indemnification agreements REFERRING OR RELATING TO this ACTION or any MATTEL claim.

13.     The DOCUMENT that Victoria O'Connor of MGA testified she sent YOU in 2000 and including without limitation any iteration, version or draft thereof, and all COMMUNICATIONS with BRYANT relating thereto.

14.     Any investigation, analysis, due diligence or research that YOU conducted, were asked to conduct, was conducted under your supervision or at YOUR request that REFERS OR RELATES TO BRYANT; MATTEL; the origins, reduction to practice, conception or creation of BRATZ or any BRATZ WORK; or the ownership of any right, title or interest in or to BRATZ or any BRATZ WORK.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/18/2008 | 10250 Contellation Boulevard, 19th Floor<br>Los Angeles, CA 90067 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| ERIKA BARBOUR, Custodian of Records,<br>CHRISTENSEN GLASER | Personal –Witness Fee Paid $40.00 $50.00<br>(Served 1-18-08 at 4:05 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Kenneth Wright | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____1/21/2008_____
                              DATE

SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los
ADDRESS OF SERVER

Angeles, CA, (213) 482-1567, L.A. Cty. #5426

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Exhibit N, Page 79**

Exhibit O

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL    DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

## SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number:[1] CV 04-9049 SGL (RNBx)

Consolidated with cases CV 49-9059 and CV50-2727

TO: Amy Myers
1200 S. Walker Avenue #2
San Pedro, CA 90731

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded stenographically and by videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP 865 S. Figueroa St, 10th Fl, Los Angeles, CA 90017 | January 28, 2008 9:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc | January 22, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jon D. Corey, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017-2543 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c) (d)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                     DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert information not describing specific events or occurrences i resulting from the expert's study made not at the request of

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

PT. Failure of any person without adequate excuse to obey a ...ed upon that person may be deemed a contempt of the court ...e subpoena issued. An adequate cause for failure to obey exists ...ena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Exhibit O, Page 81

| Attorney or Party without Attorney: JON D. COREY QUINN EMANUEL URQUHART OLIVER, ET AL. 865 SO. FIGUEROA ST. 10TH FLOOR LOS ANGELES, CA 90017 Telephone No: 213-443-3000 | | For Court Use Only |
|---|---|---|
| Attorney for: Defendant | Ref. No. or File No.: | |

Insert name of Court, and Judicial District and Branch Court:

United States District Court, Central District Of California

Plaintiff: CARTER BRYANT, ETC.

Defendant: MATTEL, INC., ETC.

| **PROOF OF SERVICE SUBPOENA IN A CIVIL** | *Hearing Date:* Mon, Jan. 28, 2008 | *Time:* 9:00AM | *Dept/Div:* | *Case Number:* CV04-9049 SGL (RNBX) |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA IN A CIVIL CASE

*3. a. Party served:*          AMY MYERS

*4. Address where the party was served:*          1200 S. WALKER AVENUE
#2
SAN PEDRO, CA 90731

*5. I served the party:*
  a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Mon., Jan. 28, 2008 (2) at: 9:35AM
  *b. I received this subpena for service on:*          Wednesday, January 23, 2008

*6. Witness fees were offered or demanded, and paid:*          **$47.00**

*7. Person Who Served Papers:*          Recoverable Cost Per CCP 1033.5(a)(4)(B)
  a. LOUISE DOVER

    *d. The Fee for Service was:*

**First Legal Support Services** sm
ATTORNEY SERVICES
1511 BEVERLY BOULEVARD
Los Angeles, CA 90026
(213) 250-1111, FAX (213) 250-1197

    *e.* I am: (3) registered California process server
      *(i)* Owner
      *(ii) Registration No.:*          4933
      *(iii) County:*          Los Angeles

*8. I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*

Date:Fri, Jan. 25, 2008

Judicial Council Form
Rule 982.9.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUBPOENA IN A CIVIL

(LOUISE DOVER)                    4002352.joco.109365

Exhibit P

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL    DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

v.

MATTEL, INC., a Delaware corporation,

Case Number:[1] CV 04-9049 SGL (RNBx)

Consolidated with cases CV 49-9059 and CV50-2727

TO:  Kami Gillmour
     15365 Micahel Crest Drive
     Canyon Country, CA  91387

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  Testimony will be recorded stenographically and by videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP | January 28, 2008 |
| 865 S. Figueroa St, 10th Fl, Los Angeles, CA 90017 | 9:00 am |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 22, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jon D. Corey, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA  90017-2543  (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions    **Exhibit P, Page 83**

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

| Attorney or Party without Attorney:<br>JON D. COREY<br>QUINN EMANUEL URQUHART OLIVER, ET AL.<br>865 SO. FIGUEROA ST.<br>10TH FLOOR<br>LOS ANGELES, CA 90017<br>Telephone No: 213-443-3000 | | For Court Use Only |
|---|---|---|
| *Attorney for:* Defendant | *Ref. No. or File No.:* | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY | | |
| *Plaintiff:* CARTER BRYANT, ETC. | | |
| *Defendant:* MATTEL, INC., ETC. | | |

| PROOF OF SERVICE<br>SUBPOENA IN A CIVIL | *Hearing Date:*<br>Mon, Jan. 28, 2008 | *Time:*<br>9:00AM | *Dept/Div:* | *Case Number:*<br>CV04-9049 SGL (RNBX) |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA IN A CIVIL CASE

*3. a. Party served:*  KAMI GILLMOUR

*4. Address where the party was served:*  15365 MICAHEL CREST DRIVE<br>CANYON COUNTRY, CA 91387

*5. I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., Jan. 23, 2008 (2) at: 7:45PM
   *b. I received this subpena for service on:*  Wednesday, January 23, 2008

*6. Witness fees were offered or demanded, and paid:*  $73.00

*7. Person Who Served Papers:*
   a. PAUL MILLER

Recoverable Cost Per CCP 1033.5(a)(4)(B)

   **First Legal Support Services**
   ATTORNEY SERVICES
   1511 BEVERLY BOULEVARD
   Los Angeles, CA 90026
   (213) 250-1111, FAX (213) 250-1197

   d.  *The Fee for Service was:*

   e.  I am: (3) registered California process server
      (i)  Independent Contractor
      (ii)  *Registration No.:*  5173
      (iii)  *County:*  Los Angeles

*8. I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*
   Date:Thu, Jan. 24, 2008

                                                           (PAUL MILLER)

Judicial Council Form                   PROOF OF SERVICE
Rule 982.9.(a)&(b) Rev January 1, 2007      SUBPOENA IN A CIVIL                   4002362.joco.109186

Exhibit Q

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

_____ CENTRAL _____   DISTRICT OF   CALIFORNIA

CARTER BRYANT, an individual,

                                   **SUBPOENA IN A CIVIL CASE**

                    V.

MATTEL, INC., a Delaware corporation,       Case Number: ¹ CV 04-9049 SGL (RNBx)

                                   Consolidated with cases CV 49-9059 and CV50-2727

TO:  Rachel Harris
     2221 S. Primrose Avenue
     Monrovia, CA  91016

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. **Testimony will be recorded stenographically and by videographer.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP 865 S. Figueroa St, 10th Fl, Los Angeles, CA 90017 | January 28, 2008 9:00 am |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 22, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jon D. Corey, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA  90017-2543  (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivi:

¹ If action is pending in district other than district of issuance, state district under case number.

**Exhibit Q, Page 85**

AO-88

| Attorney or Party without Attorney: JON D. COREY QUINN EMANUEL URQUHART OLIVER, ET AL. 865 SO. FIGUEROA ST. 10TH FLOOR LOS ANGELES, CA 90017 Telephone No: 213-443-3000 | For Court Use Only |
|---|---|

| Attorney for: Defendant | Ref. No. or File No.: |
|---|---|

Insert name of Court, and Judicial District and Branch Court:

UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY

Plaintiff: CARTER BRYANT, ETC.

Defendant: MATTEL, INC., ETC.

| PROOF OF SERVICE SUBPOENA IN A CIVIL | Hearing Date: Mon, Jan. 28, 2008 | Time: 9:00AM | Dept/Div: | Case Number: CV04-9049 SGL (RNBX) |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA IN A CIVIL CASE

*3. a. Party served:*            RACHEL HARRIS

*4. Address where the party was served:*            2221 S. PRIMROSE AVENUE
                                                     MONROVIA, CA 91016

*5. I served the party:*
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Jan. 25, 2008 (2) at: 7:22PM
   b. I received this subpena for service on:            Wednesday, January 23, 2008

6. *Witness fees were offered or demanded, and paid:*            $62.00

7. *Person Who Served Papers:*                              Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. CHRISTIAN D. CANAS                          d.   *The Fee for Service was:*

   **First Legal Support Services**              e.   I am: (3)  registered California process server
   ATTORNEY SERVICES                                     (i)   Independent Contractor
   1511 BEVERLY BOULEVARD                                (ii)  *Registration No.:*            3519
   Los Angeles, CA 90026                                 (iii) *County:*            Los Angeles
   (213) 250-1111, FAX (213) 250-1197

8. *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*
   Date:Mon, Jan. 28, 2008

Judicial Council Form                    PROOF OF SERVICE                    (CHRISTIAN D. CANAS)
Rule 982.9.(a)&(b) Rev January 1, 2007   SUBPOENA IN A CIVIL                    4002357.joco.109362

**Exhibit Q, Page 87**

Exhibit R

**Christopher Price**

| | |
|---|---|
| **From:** | Jon Corey |
| **Sent:** | Sunday, January 27, 2008 11:10 PM |
| **To:** | lmcfarland@kmwlaw.com |
| **Cc:** | Christopher Price |
| **Subject:** | FW: Bryant v. Mattel, Inc. |
| **Attachments:** | Bryant v. Mattel, Inc. |

**Exhibit R, Page 88**

**Christopher Price**

| | |
|---|---|
| **From:** | Jon Corey |
| **Sent:** | Sunday, January 27, 2008 8:21 PM |
| **To:** | 'tnolan@skadden.com'; Eckles, Paul M; 'mpage@kvn.com'; 'acote@obsklaw.com' |
| **Cc:** | Michael T Zeller; Dylan Proctor |
| **Subject:** | Bryant v. Mattel, Inc. |
| **Attachments:** | Letter.pdf |

Please see attached.

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3130

WRITER'S INTERNET ADDRESS
joncorey@quinnemanuel.com

January 27, 2008

<u>VIA E-MAIL AND FACSIMILE</u>

Thomas J. Nolan, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 S. Grand Ave.
Los Angeles, CA 90071

Michael Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

Alexander Cote, Esq.
Overland Borenstein Scheper & Kim, LLP
300 S. Grand Ave., Ste. 2750
Los Angeles, CA 90071

Re:     <u>Bryant v. Mattel</u>

Dear Messrs. Nolan, Page and Cote:

I am writing pursuant to Local Rule 7-19 to give notice that on January 28, 2008, Mattel will
apply ex parte to Judge Larson for an order (1) to compel the depositions of Daphne Gronich, Joe
Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment (pursuant to Rule 30(b)(6)), and
MGAE de Mexico (pursuant to Rule 30(b)(6)), and (2) for leave to take the depositions of other
witnesses on or before February 29, 2008; or, in the alternative, for an order shortening time to
hear the application seeking the foregoing relief.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000  FAX (650) 801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711  FAX +81 3 5561-1712

Among the depositions Mattel seeks leave to take on or before February 29, 2008, are the following three categories:

1) Properly served third-parties who were not available before January 28, and as to whom MGA refused to stipulate to taking their depositions in February:  Joyce Ng, Andrea Koch, Gentle Giant Studios, Amy Myers, Christensen Glaser, Jorge Castilla, and Kami Gilmour;

2) Witnesses subject to the January 7 Order who, despite Mattel's diligent efforts, have not yet been served; and,

3) Witnesses whose depositions MGA has asked Judge Infante to quash, including the following deponents subject to the January 7 Order:  Daphne Gronich, Joe Tiongco, Wachovia Corporation, Moss Adams, MGA (pursuant to Rule 30(b)(6)), and MGAE de Mexico (pursuant to Rule 30(b)(6).

Please advise us immediately whether your clients will oppose the application.

Furthermore, the application is necessitated in part by your clients' continued refusal to stipulate that Mattel may depose in February 2008, various persons and entities who advised that they were unavailable prior to January 28, 2008 and accordingly many affirmatively requested that their depositions be conducted in February.  Such persons and entities include, Andreas Koch, Gentle Giant Studios, Jorge Castilla, Amy Myers, Christensen Glaser, Kami Gilmour, and Joyce Ng.  Please let us know immediately whether your clients will reconsider and stipulate that the depositions of the above persons and entities may be conducted in February so that Mattel may narrow the issues raised by its ex parte application.

Best Regards,

Jon D. Corey
07209/2369048 1

2

Exhibit S

00029/2340430.1

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**   January 28, 2008                      **NUMBER OF PAGES, INCLUDING COVER: 3**

| | | |
|---|---|---|
| **NAME/COMPANY** | **PHONE NO.** | **FAX NO.** |
| Larry W. McFarland | 310-248-3830 | 310-860-0363 |
| Keats, McFarland & Wilson, LLP | | |

**FROM:**   Jon D. Corey

**RE:**   Mattel v. Bryant

**MESSAGE:**

**PLEASE SEE ATTACHED.**

FAXED
JAN 2 8 2008

07499/2200934 1

| | | | |
|---|---|---|---|
| **CLIENT #**   7209 | **ROUTE/ RETURN TO:**   **Kelly V.** | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT | |
| **OPERATOR:**   OLAN | **CONFIRMED?**   ☐ NO  ☐ YES: _____ | | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PL[    **Exhibit S, Page 92**    ON AS POSSIBLE.

# Confirmation Report — Memory Send

```
                                    Page      : 001
                                    Date & Time : 01-28-2008   08:43
                                    Line 1    : 2134433100
                                    Line 2    :
                                    Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 485 |
| Date | : | 01-28  08:42 |
| To | : | ☎9647♯07209♯13108600363♯ |
| Number of pages | : | 003 |
| Start time | : | 01-28  08:42 |
| End time | : | 01-28  08:43 |
| Pages sent | : | 003 |
| Status | : | OK |

Job number     : 485            *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
355 Madison Avenue, 17th Floor
New York, NY 10017
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   January 28, 2008

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry W. McFarland<br>Keats, McFarland & Wilson, LLP | 310-248-3830 | 310-860-0363 |

**FROM:**   Jon D. Corey

**RE:**   Mattel v. Bryant

**MESSAGE:**

**PLEASE SEE ATTACHED.**

07499/2200934.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: Kelly V. | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|
| OPERATOR: | StaN | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit S, Page 93

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3130**

WRITER'S INTERNET ADDRESS
**joncorey@quinnemanuel.com**

January 27, 2008

**VIA E-MAIL AND FACSIMILE**

Thomas J. Nolan, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 S. Grand Ave.
Los Angeles, CA 90071

Michael Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

Alexander Cote, Esq.
Overland Borenstein Scheper & Kim, LLP
300 S. Grand Ave., Ste. 2750
Los Angeles, CA 90071

Re:     Bryant v. Mattel

Dear Messrs. Nolan, Page and Cote:

I am writing pursuant to Local Rule 7-19 to give notice that on January 28, 2008, Mattel will apply ex parte to Judge Larson for an order (1) to compel the depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment (pursuant to Rule 30(b)(6)), and MGAE de Mexico (pursuant to Rule 30(b)(6)), and (2) for leave to take the depositions of other witnesses on or before February 29, 2008; or, in the alternative, for an order shortening time to hear a the application seeking the foregoing relief.

**Exhibit S, Page 94**

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

Among the depositions Mattel seeks leave to take on or before February 29, 2008, are the following three categories:

1)  Properly served third-parties who were not available before January 28, and as to whom MGA refused to stipulate to taking their depositions in February:  Joyce Ng, Andrea Koch, Gentle Giant Studios, Amy Myers, Christensen Glaser, Jorge Castilla, and Kami Gilmour;

2)  Witnesses subject to the January 7 Order who, despite Mattel's diligent efforts, have not yet been served; and,

3)  Witnesses whose depositions MGA has asked Judge Infante to quash, including the following deponents subject to the January 7 Order:  Daphne Gronich, Joe Tiongco, Wachovia Corporation, Moss Adams, MGA (pursuant to Rule 30(b)(6)), and MGAE de Mexico (pursuant to Rule 30(b)(6).

Please advise us immediately whether your clients will oppose the application.

Furthermore, the application is necessitated in part by your clients' continued refusal to stipulate that Mattel may depose in February 2008, various persons and entities who advised that they were unavailable prior to January 28, 2008 and accordingly many affirmatively requested that their depositions be conducted in February.  Such persons and entities include, Andreas Koch, Gentle Giant Studios, Jorge Castilla, Amy Myers, Christensen Glaser, Kami Gilmour, and Joyce Ng.  Please let us know immediately whether your clients will reconsider and stipulate that the depositions of the above persons and entities may be conducted in February so that Mattel may narrow the issues raised by its ex parte application.

Best Regards,

Jon D. Corey
07209/2369048.1

Exhibit T

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
7  Facsimile:   (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10                 UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                      EASTERN DIVISION

13  CARTER BRYANT, an individual,         CASE NO. CV 04-9049 SGL (RNBx)

14            Plaintiff,                   Consolidated with
                                           Case No. CV 04-09059
15       vs.                               Case No. CV 05-02727

16  MATTEL, INC., a Delaware              NOTICE OF DEPOSITION OF
    corporation,                          RICARDO ABUNDIS
17
              Defendant.                   Date:    January 24, 2008
18                                         Time:    9:00 a.m.
                                           Place.:  Quinn Emanuel Urquhart
19  AND CONSOLIDATED CASES                          Oliver & Hedges
                                                    865 S. Figueroa St., 10th Floor
20                                                  Los Angeles, CA  90017

21                                         Phase 1
                                           Discovery Cut-Off: January 28, 2008
22                                         Pre-Trial Conference: May 5, 2008
                                           Trial Date:       May 27, 2008
23

24

25

26

27

28                      **Exhibit T, Page 96**

07209/2348726.1

                              NOTICE OF DEPOSITION OF RICARDO ABUNDIS

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of

3    Ricardo Abundis on January 24, 2008, beginning at 9:00 a.m., at the offices of

4    Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., 10th Floor,

5    Los Angeles, CA 90017.

6    PLEASE TAKE FURTHER NOTICE that the deposition will take

7    place upon oral examination before a duly authorized notary public or other officer

8    authorized to administer oaths at depositions, and will continue from day to day,

9    Sundays, Saturdays and legal holidays excepted, until completed.

10    PLEASE TAKE FURTHER NOTICE that, pursuant to <u>Fed. R. Civ.</u>

11    <u>P.</u> 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

12    Livenote or other technology for real-time transcription of the testimony.

13

14    DATED:  January 10, 2008            QUINN EMANUEL URQUHART OLIVER &
                                         HEDGES, LLP
15

16                                       By
17                                         Jon D. Corey
                                           Attorneys for Mattel, Inc.
18

19

20

21

22

23

24

25

26

27

28

07209/2348726.1

-2-

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On January 10, 2008, I served true copies of the following documents described as: **NOTICE OF DEPOSITION OF RICARDO ABUNDIS** on the parties in this action as follows:

| | |
|---|---|
| Keker & Van Nest, LLP<br>John W. Keker, Esq.<br>Michael H. Page, Esq.<br>Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone: 415.391.5400<br>Facsimile: 415.397.7188 | Attorneys for *Carter Bryant* |

[√]     **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in sealed envelope(s) or package(s) designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 10, 2008, at Los Angeles, California.

Kelly Velázquez

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On January 10, 2008, I served true copies of the following documents described as: **NOTICE OF DEPOSITION OF RICARDO ABUNDIS** on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>  Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>Telephone: 213.687.5000<br>Facsimile: 213.687.5600 | **Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.*** |
| Overland Borenstein Scheper & Kim, LLP<br>  Mark E. Overland, Esq.<br>  David C. Scheper, Esq.<br>  Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone: 213.613.4655<br>Facsimile: 213.613.4656 | **Attorneys for *Carlos Gustavo Machado Gomez*** |

[√ ]   **[PERSONAL]** by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 10, 2008, at Los Angeles, California.

David Quintana

Exhibit U

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10                    UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12                         EASTERN DIVISION

13  CARTER BRYANT, an individual,      CASE NO. CV 04-9049 SGL (RNBx)

14            Plaintiff,               Consolidated with
                                       Case No. CV 04-09059
15       vs.                           Case No. CV 05-02727

16  MATTEL, INC., a Delaware           NOTICE OF DEPOSITION OF RON
    corporation,                       BRAWER
17
              Defendant.               Date:   January 24, 2008
18  ────────────────────────────       Time:   9:00 a.m.
                                       Place.: Quinn Emanuel Urquhart
19  AND CONSOLIDATED CASES                     Oliver & Hedges
                                               865 S. Figueroa St., 10th Floor
20                                             Los Angeles, CA 90017

21                                     Phase 1
                                       Discovery Cut-Off: January 28, 2008
22                                     Pre-Trial Conference: May 5, 2008
                                       Trial Date:     May 27, 2008
23

24

25

26

27

28

Exhibit U, Page 100                    NOTICE OF DEPOSITION OF RON BRAWER

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of

3    Ron Brawer on January 24, 2008, beginning at 9:00 a.m., at the offices of Quinn

4    Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., 10th Floor, Los

5    Angeles, CA 90017.

6          PLEASE TAKE FURTHER NOTICE that the deposition will take

7    place upon oral examination before a duly authorized notary public or other officer

8    authorized to administer oaths at depositions, and will continue from day to day,

9    Sundays, Saturdays and legal holidays excepted, until completed.

10          PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

11   P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

12   Livenote or other technology for real-time transcription of the testimony.

13

14   DATED:  January 10, 2008            QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
15

16                                      By_____

17                                      Jon D. Corey
                                        Attorneys for Mattel, Inc.
18

19

20

21

22

23

24

25

26

27

28

07209/2348708.1

-2-

NOTICE OF DEPOSITION OF RON BRAWER

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On January 10, 2008, I served true copies of the following documents described as: **NOTICE OF DEPOSITION OF RON BRAWER** on the parties in this action as follows:

| | |
|---|---|
| Keker & Van Nest, LLP<br>John W. Keker, Esq.<br>Michael H. Page, Esq.<br>Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone: 415.391.5400<br>Facsimile: 415.397.7188 | Attorneys for *Carter Bryant* |

[√]   **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in sealed envelope(s) or package(s) designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 10, 2008, at Los Angeles, California.

Kelly Velazquez

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over

3 the age of eighteen years and not a party to the within action; my business address is

4 NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5 California 90026.

6      On January 10, 2008, I served true copies of the following documents

7 described as: **NOTICE OF DEPOSITION OF RON BRAWER** on the parties in

8 this action as follows:

| | |
|---|---|
| 9   Skadden, Arps, Slate, Meagher & Flom LLP | **Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd.,*** |
| 10   Thomas J. Nolan, Esq. 300 South Grand Avenue, Suite 3400 | ***Isaac Larian and MGAE de Mexico, S.R.L. de C.V.*** |
| 11   Los Angeles, CA 90071 Telephone: 213.687.5000 | |
| 12   Facsimile: 213.687.5600 | |
| 13   Overland Borenstein Scheper & Kim, LLP | **Attorneys for *Carlos Gustavo Machado Gomez*** |
| 14   Mark E. Overland, Esq. David C. Scheper, Esq. Alexander H. Cote, Esq. | |
| 15   300 South Grand Avenue, Suite 2750 | |
| 16   Los Angeles, CA 90071 Telephone: 213.613.4655 Facsimile: 213.613.4656 | |

17

18      [√]   **[PERSONAL]** by personally delivering the document listed above to

19 the person(s) at the address(es) set forth above.

20

21      I declare that I am employed in the office of a member of the bar of this court

22 at whose direction the service was made

23      Executed on January 10, 2008, at Los Angeles, California.

24

25

26                          David Quintana

27

28

**Exhibit U, Page 103**

Exhibit V

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 090378)
      johnquinn@quinnemanuel.com
3     Michael T. Zeller (Bar No. 196417)
      (michaelzeller@quinnemanuel.com)
4     Jon D. Corey (Bar No. 185066)
      (joncorey@quinnemanuel.com)
5     Timothy L. Alger (Bar No. 160303)
      (timalger@quinnemanuel.com)
6   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
7   Telephone:  (213) 443-3000
    Facsimile:  (213) 443-3100

8   Attorneys for Mattel, Inc.

9

10                UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                      EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14              Plaintiff,               Consolidated with
                                         Case No. CV 04-09059
15       vs.                             Case No. CV 05-02727

16  MATTEL, INC., a Delaware             NOTICE OF DEPOSITION OF DAN
    corporation,                         COONEY
17
                Defendant.               Date:   January 24, 2008
18                                       Time:   9:00 a.m.
                                         Place.: Quinn Emanuel Urquhart
19  AND CONSOLIDATED CASES                       Oliver & Hedges
                                                 865 S. Figueroa St., 10th Floor
20                                               Los Angeles, CA  90017

21                                       Phase 1
                                         Discovery Cut-Off: January 28, 2008
22                                       Pre-Trial Conference: May 5, 2008
                                         Trial Date:      May 27, 2008
23

24

25

26

27

28

07209/2348745:1

1                   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2                   PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of

3 Dan Cooney on January 24, 2008, beginning at 9:00 a.m., at the offices of Quinn

4 Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., 10th Floor, Los

5 Angeles, CA 90017.

6                   PLEASE TAKE FURTHER NOTICE that the deposition will take

7 place upon oral examination before a duly authorized notary public or other officer

8 authorized to administer oaths at depositions, and will continue from day to day,

9 Sundays, Saturdays and legal holidays excepted, until completed.

10                   PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

11 P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

12 Livenote or other technology for real-time transcription of the testimony.

13

14 DATED:  January 10, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

15

16                         By

17                           Jon D. Corey
                          Attorneys for Mattel, Inc.

18

19

20

21

22

23

24

25

26

27

28

**Exhibit V, Page 105**

-2-

NOTICE OF DEPOSITION OF DAN COONEY

1
## PROOF OF SERVICE

2    I am employed in the County of Los Angeles, State of California. I am over

3    the age of eighteen years and not a party to the within action; my business address is

4    865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

5    On January 10, 2008, I served true copies of the following documents

6    described as: **NOTICE OF DEPOSITION OF DAN COONEY** on the parties in

7    this action as follows:

| | |
|---|---|
| 8  Keker & Van Nest, LLP<br>      John W. Keker, Esq.<br>9     Michael H. Page, Esq.<br>      Christa M. Anderson, Esq.<br>10  710 Sansome Street<br>San Francisco, CA 94111<br>11  Telephone: 415.391.5400<br>Facsimile: 415.397.7188 | **Attorneys for *Carter Bryant*** |

12

13    [√]    **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a

14    box or other facility regularly maintained by the overnight service carrier, or

15    delivered such document(s) to a courier or driver authorized by the overnight

16    service carrier to receive documents, in sealed envelope(s) or package(s)

17    designated by the overnight service carrier with delivery fees paid or provided

18    for, addressed to the person(s) being served.

19

20    I declare that I am employed in the office of a member of the bar of this court

21    at whose direction the service was made

22    Executed on January 10, 2008, at Los Angeles, California.

23

24

25    Kelly Velazquez

26

27

28

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On January 10, 2008, I served true copies of the following documents described as: **NOTICE OF DEPOSITION OF DAN COONEY** on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>    Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>Telephone: 213.687.5000<br>Facsimile: 213.687.5600 | **Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.*** |
| Overland Borenstein Scheper & Kim, LLP<br>    Mark E. Overland, Esq.<br>    David C. Scheper, Esq.<br>    Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone: 213.613.4655<br>Facsimile: 213.613.4656 | **Attorneys for *Carlos Gustavo Machado Gomez*** |

[√]    **[PERSONAL]** by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 10, 2008, at Los Angeles, California.

David Quintana

Exhibit W

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10               UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

| | |
|---|---|
| 13  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 14                Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
| 15       vs. | Case No. CV 05-02727 |
| 16  MATTEL, INC., a Delaware<br>corporation, | NOTICE OF DEPOSITION OF<br>SUSAN KUEMMERLE |
| 17 | |
| 18                Defendant. | Date:    January 24, 2008<br>Time:    9:00 a.m. |
| 19  AND CONSOLIDATED CASES | Place.:  Quinn Emanuel Urquhart<br>              Oliver & Hedges |
| 20 | 865 S. Figueroa St., 10th Floor<br>Los Angeles, CA  90017 |
| 21 | Phase 1 |
| 22 | Discovery Cut-Off:  January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:         May 27, 2008 |
| 23 | |

24

25

26

27

28

07209/2348756.1

NOTICE OF DEPOSITION OF SUSAN KUEMMERLE

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of

3    Susan Kuemmerle on January 24, 2008, beginning at 9:00 a.m., at the offices of

4    Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., 10th Floor,

5    Los Angeles, CA 90017.

6         PLEASE TAKE FURTHER NOTICE that the deposition will take

7    place upon oral examination before a duly authorized notary public or other officer

8    authorized to administer oaths at depositions, and will continue from day to day,

9    Sundays, Saturdays and legal holidays excepted, until completed.

10         PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

11    P. 30(b)(2), the deposition will be videotaped. Mattel also reserves the right to use

12    Livenote or other technology for real-time transcription of the testimony.

13

14    DATED: January 10, 2008          QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
15

16                                      By
17                                         Jon D. Corey
                                        Attorneys for Mattel, Inc.
18

19

20

21

22

23

24

25

26

27

28

07209/2348756.1

Exhibit W, Page 109

-2-
NOTICE OF DEPOSITION OF SUSAN KUEMMERLE

1

## PROOF OF SERVICE

2       I am employed in the County of Los Angeles, State of California.  I am over

3  the age of eighteen years and not a party to the within action; my business address is

4  865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

5       On January 10, 2008, I served true copies of the following documents

6  described as:  **NOTICE OF DEPOSITION OF SUSAN KUEMMERLE** on the

7  parties in this action as follows:

8  | Keker & Van Nest, LLP | Attorneys for *Carter Bryant* |
   |---|---|
9  | John W. Keker, Esq. | |
   | Michael H. Page, Esq. | |
   | Christa M. Anderson, Esq. | |
10 | 710 Sansome Street | |
   | San Francisco, CA 94111 | |
11 | Telephone: 415.391.5400 | |
   | Facsimile: 415.397.7188 | |

12

13       [√]   **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a

14  box or other facility regularly maintained by the overnight service carrier, or

15  delivered such document(s) to a courier or driver authorized by the overnight

16  service carrier to receive documents, in sealed envelope(s) or package(s)

17  designated by the overnight service carrier with delivery fees paid or provided

18  for, addressed to the person(s) being served.

19

20       I declare that I am employed in the office of a member of the bar of this court

21  at whose direction the service was made

22       Executed on January 10, 2008, at Los Angeles, California.

23

24

25                                      Kelly Velázquez

26

27

28

Exhibit W, Page 110

1

## PROOF OF SERVICE

2    I am employed in the County of Los Angeles, State of California.  I am over

3 the age of eighteen years and not a party to the within action; my business address is

4 NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5 California 90026.

6    On January 10, 2008, I served true copies of the following documents

7 described as: **NOTICE OF DEPOSITION OF SUSAN KUEMMERLE** on the

8 parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>    Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br>Telephone: 213.687.5000<br>Facsimile: 213.687.5600 | **Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.*** |
| Overland Borenstein Scheper & Kim, LLP<br>    Mark E. Overland, Esq.<br>    David C. Scheper, Esq.<br>    Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone: 213.613.4655<br>Facsimile: 213.613.4656 | **Attorneys for *Carlos Gustavo Machado Gomez*** |

9
10
11
12
13
14
15
16
17

18

19    [√]   **[PERSONAL]** by personally delivering the document listed above to

20 the person(s) at the address(es) set forth above.

21

22    I declare that I am employed in the office of a member of the bar of this court

23 at whose direction the service was made

    Executed on January 10, 2008, at Los Angeles, California.

24

25

26                                    _David Quintana (signature)_

27                                    David Quintana

28

Exhibit X

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12                          EASTERN DIVISION

| | |
|---|---|
| 13  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 14            Plaintiff, | Consolidated with |
| 15       vs. | Case No. CV 04-09059 Case No. CV 05-02727 |
| 16  MATTEL, INC., a Delaware corporation, | NOTICE OF DEPOSITION OF SHIRIN SALEMNIA |
| 17            Defendant. | Date:   January 24, 2008 |
| 18 | Time:   9:00 a.m. |
| 19  AND CONSOLIDATED CASES | Place.: Quinn Emanuel Urquhart Oliver & Hedges |
| 20 | 865 S. Figueroa St., 10th Floor Los Angeles, CA  90017 |
| 21 | Phase 1 |
| 22 | Discovery Cut-Off: January 28, 2008 Pre-Trial Conference: May 5, 2008 Trial Date:        May 27, 2008 |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

07209/2348787.1

Exhibit X, Page 112

NOTICE OF DEPOSITION OF SHIRIN SALEMNIA

1      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of

3 Shirin Salemnia on January 24, 2008, beginning at 9:00 a.m., at the offices of Quinn

4 Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., 10th Floor, Los

5 Angeles, CA 90017.

6      PLEASE TAKE FURTHER NOTICE that the deposition will take

7 place upon oral examination before a duly authorized notary public or other officer

8 authorized to administer oaths at depositions, and will continue from day to day,

9 Sundays, Saturdays and legal holidays excepted, until completed.

10      PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

11 P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

12 Livenote or other technology for real-time transcription of the testimony.

13

14 DATED:  January 10, 2008     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

15

16                    By_____

17                      Jon D. Corey
                      Attorneys for Mattel, Inc.

18

19

20

21

22

23

24

25

26

27

28

07209/2348787.1

Exhibit X, Page 113

NOTICE OF DEPOSITION OF SHIRIN SALEMNIA

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On January 10, 2008, I served true copies of the following documents described as: **NOTICE OF DEPOSITION OF SHIRIN SALEMNIA** on the parties in this action as follows:

| | |
|---|---|
| Keker & Van Nest, LLP<br>John W. Keker, Esq.<br>Michael H. Page, Esq.<br>Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone: 415.391.5400<br>Facsimile: 415.397.7188 | Attorneys for *Carter Bryant* |

[√]    **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in sealed envelope(s) or package(s) designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 10, 2008, at Los Angeles, California.



Kelly Velazquez

**Exhibit X, Page 114**

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On January 10, 2008, I served true copies of the following documents described as: **NOTICE OF DEPOSITION OF SHIRIN SALEMNIA** on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP <br>    Thomas J. Nolan, Esq. <br> 300 South Grand Avenue, Suite 3400 <br> Los Angeles, CA  90071 <br> Telephone: 213.687.5000 <br> Facsimile: 213.687.5600 | **Attorneys for** *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.* |
| Overland Borenstein Scheper & Kim, LLP <br>    Mark E. Overland, Esq. <br>    David C. Scheper, Esq. <br>    Alexander H. Cote, Esq. <br> 300 South Grand Avenue, Suite 2750 <br> Los Angeles, CA 90071 <br> Telephone: 213.613.4655 <br> Facsimile: 213.613.4656 | **Attorneys for** *Carlos Gustavo Machado Gomez* |

[√ ]    **[PERSONAL]** by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 10, 2008, at Los Angeles, California.

David Quintana

Exhibit Y

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
2 | johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
6 | Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
7 | Facsimile:   (213) 443-3100

8 | Attorneys for Mattel, Inc.

9

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | NOTICE OF DEPOSITION OF NIC CONTRERAS |
| Defendant. | Date:   January 24, 2008<br>Time:   9:00 a.m.<br>Place.: Quinn Emanuel Urquhart<br>       Oliver & Hedges<br>       865 S. Figueroa St., 10th Floor<br>       Los Angeles, CA  90017 |
| AND CONSOLIDATED CASES | |
| | Phase 1<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:       May 27, 2008 |

*1-10*

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of

3    Nic Contreras on January 24, 2008, beginning at 9:00 a.m., at the offices of Quinn

4    Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., 10th Floor, Los

5    Angeles, CA 90017.

6         PLEASE TAKE FURTHER NOTICE that the deposition will take

7    place upon oral examination before a duly authorized notary public or other officer

8    authorized to administer oaths at depositions, and will continue from day to day,

9    Sundays, Saturdays and legal holidays excepted, until completed.

10        PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

11   P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

12   Livenote or other technology for real-time transcription of the testimony.

13

14   DATED:  January 10, 2008          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
15

16                                     By _____

17                                       Jon D. Corey
                                         Attorneys for Mattel, Inc.
18

19

20

21

22

23

24

25

26

27

28

07209/2348740.1

-2-

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On January 10, 2008, I served true copies of the following documents described as: **NOTICE OF DEPOSITION OF NIC CONTRERAS** on the parties in this action as follows:

| | |
|---|---|
| Keker & Van Nest, LLP<br>John W. Keker, Esq.<br>Michael H. Page, Esq.<br>Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone: 415.391.5400<br>Facsimile: 415.397.7188 | Attorneys for *Carter Bryant* |

[√]    **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in sealed envelope(s) or package(s) designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 10, 2008, at Los Angeles, California.

Kelly Velazquez

**Exhibit Y, Page 118**

1                      **PROOF OF SERVICE**

2         I am employed in the County of Los Angeles, State of California.  I am over

3 the age of eighteen years and not a party to the within action; my business address is

4 NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5 California 90026.

6         On January 10, 2008, I served true copies of the following documents

7 described as:  **NOTICE OF DEPOSITION OF NIC CONTRERAS** on the parties

8 in this action as follows:

| 9  Skadden, Arps, Slate, Meagher & Flom LLP<br>10   Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>11 Los Angeles, CA  90071<br>Telephone: 213.687.5000<br>12 Facsimile: 213.687.5600 | **Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.*** |
|---|---|
| 13 Overland Borenstein Scheper & Kim, LLP<br>  Mark E. Overland, Esq.<br>14   David C. Scheper, Esq.<br>  Alexander H. Cote, Esq.<br>15 300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>16 Telephone: 213.613.4655<br>Facsimile: 213.613.4656 | **Attorneys for *Carlos Gustavo Machado Gomez*** |

17

18     [√ ]   **[PERSONAL]** by personally delivering the document listed above to

19

20 the person(s) at the address(es) set forth above.

21

22     I declare that I am employed in the office of a member of the bar of this court

23 at whose direction the service was made

24     Executed on January 10, 2008, at Los Angeles, California.

25

26

27                     David Quintana

28