KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx)<br>(consolidated with CV 04-9059 & 05-2727<br><br>**DISCOVERY MOTION**<br><br>[To be heard by Discovery Master Hon. Edward Infante (Ret.)]<br><br>**CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO QUASH MATTEL INC.'S SUBPOENA ISSUED TO PEOPLE'S BANK OF THE OZARKS OR IN THE ALTERNATIVE, FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: TBA<br>Time: TBA<br>Place: TBA<br><br>Discovery Cut-Off: Jan. 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. CV 04-09049 SGL (RNBx)

410199.01

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, at a telephonic conference before Discovery Master Hon. Edward Infante (Ret.) that will occur at a time to be determined by Judge Infante, Carter Bryant will, and hereby does, move the Court to quash the subpoena issued by Mattel, Inc. ("Mattel") to People's Bank of the Ozarks ("People's Bank"), and for a protective order to protect Bryant from further discovery attempts and harassment.

Bryant's motion is premised on the fact that the subpoena is invalid for violating the notice requirements of Fed. R. Civ. P. 45(b)(1), for being overbroad and duplicative, and for invading Mr. Bryant's privacy rights. For all the above reasons, as set forth more fully below, the subpoena should be quashed.

Bryant received notice of the subpoena at issue at the end of the business day on Friday, January 25, 2008. Because the subpoena on its face seeks production of documents only one business day later, Bryant issued a request for an immediate meet and confer with Mattel at 9:01 a.m. on Monday, January 28, 2008. At the time of filing this motion, Bryant has not heard from Mattel on the subject.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of John Trinidad filed concurrently herewith, the record and files of this Court, and all other matters of which the Court may take judicial notice.

Dated: January 28, 2008

KEKER & VAN NEST, LLP

By: _____
John Trinidad
Attorneys for Plaintiff
CARTER BRYANT

## I. INTRODUCTION

Carter Bryant respectfully brings this motion to quash Mattel Inc's subpoena issued to People's Bank of the Ozarks ("People's Bank"), or in the alternative for a protective order relieving People's Banks from the duty to respond, on three independent grounds. *See* Fed. R. Civ. P. 26(c)(1); 45(c)(3)(A)(iii).

*First*, Mattel failed to properly notice the subpoena pursuant to Fed. R. Civ. P. 45(b)(1). Even though the subpoena was signed on or around January 15, 2008, and despite the fact that the purported Notice was signed by Mattel's counsel on January 22, 2008, notice of the subpoena was not served on Bryant or any of the other parties until Friday, January 25, 2008 – only one business day before the close of discovery in this matter and less than one business day before the return date of the subpoena. Trinidad Decl., Exs. A, B, C. (Subpoena, Notice, and Proof of Service).

*Second*, the subpoena unnecessarily intrudes upon Bryant's privacy interests and is cumulative of discovery Bryant has already provided. Rather than seeking Bryant's private financial information from Bryant in the first instance—which would enable Bryant to object, where appropriate, and properly to designate the documents that are produced—Mattel seeks an end-run around Bryant by subpoenaing his confidential information from his bank essentially without any advance notice. This is entirely inappropriate. Where Mattel has requested relevant financial information directly from Bryant, for example concerning payments he received from MGA, Bryant has produced responsive documents. There is no legitimate basis for Mattel's direct invasion of Bryant's privacy rights through this overbroad subpoena to a bank.

*Third*, Mattel's subpoena is vastly overbroad, seeking "all documents relating to" Bryant and to Carter Bryant Enterprises without any limitation as to subject matter. Trinidad Decl., Ex. A at Request Nos. 1, 2. These requests evince no effort whatsoever by Mattel to narrow the requests to categories of information

1

410199.01

CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. CV 04-09049 SGL (RNBx)

relevant to this litigation.

For each of these reasons, Mattel's subpoena is an abuse of the discovery process, and the Discovery Master should therefore quash the subpoena or in the alternative, grant a protective order relieving Foothill from the duty to respond.

## II.  PROCEDURAL BACKGROUND

**A.  Mattel and Bryant enter into a stipulation regarding production of financial records and subpoenas issued to Bryant's accountant, Foothill Business Services.**

Mattel has an unfortunate history in this case of disregarding notice rules in an effort to obtain private financial information. For example, *without providing any pre- or post-service notice to Bryant*, Mattel issued a subpoena to Foothill Business Services ("Foothill"), a third-party that provides accounting services for Carter Bryant Enterprises, on December 11, 2007. Trinidad Decl., Ex. D (First Foothill Subpoena). Counsel for Bryant was first informed about this subpoena on December 13 – not by notice issued from Mattel but through a communication from Foothill. *See id.* ¶ 6. Bryant contacted Mattel to meet and confer regarding the subpoena, stating his intent to file a motion for protective order and to quash based on numerous deficiencies, including the violation of Fed. R. Civ. P. 45 notice requirements and for attempting to circumvent the Discovery Master's prior rulings by explicitly requesting the production of Bryant's tax returns.[1] Trinidad Decl., Ex. E (Dec. 14, 2007 Letter). Thereafter, in apparent recognition that the subpoena was fatally defective, Mattel withdrew the subpoena, and on December 18, 2007, served an amended subpoena. *Id.*, Ex. F (Dec. 18, 2007 Notice of Amended Foothill Subpoena). The amended subpoena included similarly overbroad and objectionable requests, including:

- "All DOCUMENTS relating to CARTER BRYANT ENTERPRISES

---

[1] This Court's January 25, 2007 Order concluded that, although Bryant must produce documents related to payments from MGA, he "is not required to produce tax returns, provided that he otherwise fully complies with these requests as ordered." Trinidad Decl., Ex. J (Jan. 25, 2007 Order).

. . . from the period beginning January 1, 1999 to the present";

- "All DOCUMENTS relating to BRYANT . . . from the period beginning January 1, 1999 to the present";

*Id.* at Request Nos. 1-2.

Bryant again informed Mattel that the amended subpoena was overbroad, sought documents irrelevant to the lawsuit, and invaded the privacy rights of Mr. Bryant and his partner, Richard Irmen. Bryant informed Mattel that he intended to move to quash the subpoena. *Id.*, Ex. G (Dec. 21, 2007 Letter).

The parties thereafter conferred regarding the substance of the information Mattel was requesting on January 8 and 10, 2008. Following these conferences of counsel, Bryant offered to gather and produce from Foothill and other sources —to the extent he had not already done so—the following categories of financial information:

- All available profit and loss/ income statements for Carter Bryant Enterprises;

- Documents sufficient to show all payments to Mr. Bryant from MGA and/or Isaac Larian;

- Documents sufficient to show all payments to Veronica Marlow from Mr. Bryant or Carter Bryant Enterprises;

- Documents sufficient to show Mr. Bryant's net worth;

- Documents sufficient to identify any witness or witness's counsel to whom Mr. Bryant has made any payments for fees, costs, or expenses incurred by that witness in connection with the present litigation and the amount paid, if any, to or on behalf of such witness;

- Foothill Business Service's document retention policy, if they have one; and

- Documents constituting communications between Mr. Bryant and Foothill Business Services substantively related to Bratz, if any exist (Mattel represented during meet and confer that such communications

3

410199.01

CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. CV 04-09049 SGL (RNBx)

do not include ministerial communications that occur between an accountant and its client, such as estimated tax calculations, etc.).

*Id.* Ex. H. (Jan. 11, 2008 Letter). In exchange, Mattel agreed to withdraw the Foothill subpoena. *Id.* ¶ 10. Pursuant to that agreement, Bryant produced documents on January 18 and 23. See *id.* ¶ 11.

**B.  Mattel issues a subpoena to one of Bryant's banks, in an end-run around the previous stipulation.**

*Mattel again failed to provide Bryant with proper notice* when it issued yet another third party subpoena seeking Bryant's financial information. This time, Mattel sought documents related to Bryant's finances from the People's Bank of the Ozarks. The subpoena ordered People's Bank to produce a broad range of documents, including:

- "All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT ENTERPRISES from January 1, 1999 to the present, inclusive"

- "All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT from January 1, 1999 to the present, inclusive."

*Id.* Ex. A, Requests 1, 2. Under the subpoena, People's Bank must comply by January 28, 2008 – the same day that discovery closes for Phase 1 of this litigation.

To date, it is still unclear if the subpoena was properly served and, if so, when exactly People's Bank was served. Mattel dated the subpoena January 15, 2008, and counsel for Mattel signed and dated the Notice of Subpoena on January 22, 2008. *Id.*, Exs. A, B. Yet, Mattel failed to serve notice until January 25, 2008, as shown by the Proof of Service. *Id.*, Ex. C. In other words, Mattel served notice 12 days after the date of the subpoena, and one business day before People's Bank was to produce documents. Bryant requested a meet and confer with Mattel's counsel, but at the time of this filing, Mattel had failed to respond. *Id.*, Ex. I.

4
CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. CV 04-09049 SGL (RNBx)

410199.01

## III. ARGUMENT

**A. Mattel's subpoena is facially defective and Mattel failed to provide the required notice prior to serving the subpoena.**

The People's Bank subpoena should be quashed because Mattel failed to provide Bryant with prior notice in violation of Rule 45(b)(1). *See, e.g., Firefighter's Institute for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000) (finding that district court did not err in quashing subpoena for failure to serve party with prior notice of commanded production of documents). Under Fed. R. Civ. P. 45(b)(1), "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." As the Advisory Committee Notes to Rule 45(b) explain, the purpose of this rule is to "afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things ... [W]hen production or inspection is sought independently of a deposition, other parties may need notice in order to monitor the discovery and in order to pursue access to any information that may or should be produced." Advisory Committee note to 1991 Amendment, subdivision (b).

Here, Mattel served notice on Bryant only *one business day before* the date of compliance and the last day of discovery, thereby directly prejudicing Bryant's ability to move to quash in a timely manner. *See Biocore Medical Technologies, Inc. v. Khosrowshahi*, 181 F.R.D. 660, 667-68 (D. Kan. 1998) (rejecting defendant's interpretation of Rule 45(b)(1) which "would allow a party to mail notice to opposing counsel one day prior to the date of compliance, effectively prohibiting opposing counsel from responding."). The subpoena should be quashed in light of Mattel's flagrant violation of Rule 45.

In sum, Mattel has a track record of failing to provide Bryant with notice of

5
CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. CV 04-09049 SGL (RNBx)

410199.01

subpoenas seeking his financial information from third parties. This time, Mattel's violation of Fed. R. Civ. P. 45 concerning the People's Bank subpoena was particularly egregious and renders the subpoena fatally defective. As a result, Mattel's subpoena to People's Bank should be quashed.

**B.  Mattel cannot justify its attempted intrusion on Bryant's and Carter Bryant Enterprises' private financial matters**

This Court should also grant Bryant's motion in regard to this subpoena for the independent reason that Mattel cannot justify the extreme intrusion on Bryant's and Carter Bryant Enterprises' financial affairs.

A court has the authority to issue orders controlling discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including orders that require that certain "discovery not be had" or that "confidential . . . commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c); *see also Del Campo v. Kennedy*, 236 F.R.D. 454 (N.D. Cal. 2006). Moreover, a court may quash or modify a subpoena if it requires the disclosure of privileged or otherwise protected matter. Fed. R. Civ. P. 45(c)(3)(A)(iii). Bryant has standing to bring a motion for a protective order or to quash because he is a party and as a result of his personal interest in the privacy of the financial records requested in the subpoena. *In re Ashworth, Inc. Securities Litigation*, 99cv0121 L, 2002 WL 33009225, at *1-2 (S.D. Cal. May 10, 2002). As explained below, good cause surely exists for the order that Bryant requests by way of this motion.

When a party subpoenas an adverse party's financial information, courts are especially vigilant in limiting the subpoena's scope so that irrelevant financial information is not produced: "[T]he initiation of a law suit does not, by itself, grant plaintiffs the right to rummage unnecessarily and unchecked through the

6

CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. CV 04-09049 SGL (RNBx)

410199.01

private affairs of anyone they choose. A balance must be struck." *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548, 551 (E.D. Cal. 1990). Rather, federal courts have recognized the need to protect private financial and corporate information from unwarranted discovery, such as that sought in Mattel's subpoena. *See, e.g., Premium Service Corp. v. Sperry & Hitchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) (quashing subpoena because plaintiff's need for documents "was not sufficient to outweigh the burden and invasion of corporate privacy . . ."); *Peskoff v. Faber*, 230 F.R.D. 25, 28-30 (D.D.C. 2005); *Does I-VI v. Yogi*, 110 F.R.D. 629, 633 (D.D.C. 1986). In *Peskoff*, for example, the court denied discovery into the defendant's personal bank records because it found that there was no connection between the information sought and the claims at issue in the case and because—to the extent those records did contain relevant information—it could be obtained from alternative, less invasive, sources. *Peskoff v. Faber*, 230 F.R.D. at 28-30.

Just like the discovery requests at issue in *Peskoff*, the People's Bank subpoena seeks numerous documents with no connection at all to this litigation. For example, the subpoena requests all documents relating to Carter Bryant's financial dealings, unbounded at all by any connection to Bratz, MGA or Mattel-related issues. See Trinidad Decl., Ex. A, Requests 1-2.

This kind of overbroad discovery offends the privacy protections afforded to personal financial information not just by federal law but also by the well-established protections that California law affords to private financial information. *See Deocampo v. City of Vaelljo*, Civ. No. S-06-1283 WBS GGH, 2007 WL 1589541 (E.D. Cal. June 1, 2007) ("This court has found that in mixed federal and state claim cases, although federal law is ultimately binding, state privilege law which is consistent with its federal equivalent significantly assists in applying privilege law to discovery disputes."). Under California law, private financial information is shielded by the right of privacy, which protects one's confidential financial affairs from unwarranted disclosure through civil discovery. Cal. Const.

410199.01

CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. CV 04-09049 SGL (RNBx)

1 art. I, § 1; *Hooser v. Super. Ct.*, 84 Cal. App. 4th 997, 1003-04 (2000). In order to overcome this privacy protection, the party seeking to discover personal financial information must establish that it is "*directly relevant*" to a claim at issue and "essential to the fair resolution of the lawsuit." *Davis v. Sup. Ct.*, 7 Cal. App. 4th 1008, 1014 (1992) (emphasis in original).

As discussed below, Mattel has made no effort to so limit the documents it has subpoenaed from People's Bank. Accordingly, a protective order should issue so that these documents are not produced.

**C.   The subpoena is wildly overbroad, harassing, duplicative, and to the extent it seeks relevant information, is rendered moot given Bryant's prior production of financial documents.**

Despite the sensitive and private nature of the information sought, Mattel's requests extend far beyond what is conceivably relevant to any claim or defense at issue in this litigation or to the question of damages. For example, the first two categories of documents requested in the subpoena encompass *all* documents relating to Bryant and Carter Bryant Enterprises from January 1999 until the present. Trinidad Decl., Ex. A.

Mattel's requests are strikingly similar to those considered and rejected by the court in *Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, 262 F. Supp. 2d 923 (N.D. Ill. 2003). In that case, the plaintiff sought damages discovery into "all of the defendants' financial records relating to their entire business and professional activities . . . beginning from 1997 through present date." *Id.* at 926. The court denied the proposed discovery, finding: "The production of virtually the entirety of defendants' business books and records relating to all of its projects could not lead to any admissible evidence." *Id.* at 927. Similarly, here the Discovery Master has already found that Mattel does not have a compelling need for the type of detailed financial information it seeks in the subpoena when it denied Mattel's requested discovery into Bryant's tax returns. Trinidad Decl., Ex. J, at 13-15. Mattel's subpoena to obtain from People's Bank every piece of

8
CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. CV 04-09049 SGL (RNBx)

410199.01

Bryant's personal financial information attempts to effectively circumvent that order.

Further, to the extent that Carter Bryant's financial information is at all relevant to discovery in this case, that information has already been provided by Bryant in discovery. Thus, there is no reason that Mattel needs to seek the same information again from another third-party. Prior to Mattel serving the subpoena, Bryant already had produced financial documents responsive to Mattel's Requests for Production, including documents evidencing all payments he, or Carter Bryant Enterprises has received from MGA or Isaac Larian. Furthermore, as discussed above, Bryant offered to produce, and has now produced, numerous additional categories of financial information requested by the subpoena, including (i) all profit and loss statements for Carter Bryant Enterprises, (ii) documents showing all payments by Bryant to Carter Bryant Enterprises, (iii) documents sufficient to show Bryant's net worth, (iv) documents sufficient to show payments he has made to Veronica Marlow, and (v) documents sufficient to show the identity of any witnesses whose legal fees he has paid in connection with litigation and the amount paid. Finally, Mattel had an additional 9 hours on January 23 and 24, 2008, to question Carter Bryant about any financial information they so desired. But rather than work with Bryant to obtain this information, Mattel has chosen to engage in duplicative, unnecessary, and harassing third-party discovery.

Mattel's subpoena is thus grossly overbroad. On that basis, the subpoena is presumed to be unduly burdensome and should be quashed. *See Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) ("[I]f the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever . . . would be by definition 'undue'"). Courts have consistently quashed third-party subpoenas where the information requested had been, or could easily have been, obtained directly from a party. *See, e.g., Moon*, 232 F.R.D. at 638 (noting that a subpoena

9

CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. CV 04-09049 SGL (RNBx)

410199.01

is unduly burdensome where the subpoenaing party can "can more easily and inexpensively obtain the documents from [another party], rather than from [the] nonparty."); *Lectrolarm Custom Sys. v. Pelco Sales*, 212 F.R.D. 567, 573 (E.D. Cal. 2002) (issuing protective order where plaintiff subpoenaed non-party for documents plaintiff had sought from defendant); *J & M Turner, Inc. v. Applied Bolting Tech. Prods.*, Civil Action Nos. 95-2179, 96-5819, 1997 WL 169450 (E.D. Pa. 1997) (granting non-party bank's motion to quash subpoena seeking financial information already sought and obtained from another party).

In sum, there is absolutely no need for Mattel to obtain unbounded, third-party discovery concerning every aspect of Bryant's private financial records, and the financial records of non-parties such as Carter Bryant Enterprises, especially in light of all the financial information Bryant has already produced in this litigation.

## IV. CONCLUSION

For all the reasons above, Bryant respectfully requests that the Discovery Master QUASH Mattel's invalid subpoena to People's Bank in its entirety. Alternatively, the Court should GRANT Bryant's motion for a protective order relieving People's Bank from the obligation to produce documents in response to the subpoena.

Dated: January 28, 2008

KEKER & VAN NEST, LLP

By: /s/ John Trinidad
John Trinidad
Attorneys for Plaintiff
CARTER BRYANT

10
CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. CV 04-09049 SGL (RNBx)

410199.01

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On January 28, 2008, I served the following document(s):

**CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO QUASH MATTEL INC.'S SUBPOENA ISSUED TO PEOPLE'S BANK OF THE OZARKS OR IN THE ALTERNATIVE, FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES;**

**DECLARATION OF JOHN TRINIDAD IN SUPPORT OF CARTER BRYANT'S MOTION TO QUASH MATTEL INC.'S SUBPOENA ISSUED TO PEOPLE'S BANK OF THE OZARKS OR IN THE ALTERNATIVE FOR PROTECTIVE ORDER; and**

**[PROPOSED] ORDER GRANTING CARTER BRYANT'S MOTION TO QUASH MATTEL INC.'S SUBPOENA ISSUED TO PEOPLE'S BANK OF THE OZARKS**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery;

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| Hon. Edward A. Infante<br>JAMS<br>Two Embarcadero Center, Suite 1500<br>San Francisco, CA 94111<br>Tel:   415/774-2649<br>Fax:   415/982-5287<br>Email:   schan@jamsadr.com | John B. Quinn<br>Michael T. Zeller<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA  90017-2543<br>Tel:   213/443-3000<br>Fax:   213/443-3100<br>Email:   johnquinn@quinnemanuel.com<br>Email:   michaelzeller@quinnemanuel.com |
| Thomas J. Nolan<br>Skadden Arps Slate Meagher & Flom<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071-3144<br>Tel:   213/687-5000<br>Fax:   213/687-5600<br>Email: tnolan@skadden.com | Alexander H. Cote<br>Overland Borenstein Scheper & Kim LLP<br>300 S. Grand Avenue, Suite 2750<br>Los Angeles, California 90071<br>Tel:   213/613-4660<br>Fax:   213/613-4656<br>Email :   acote@obsklaw.com |

Executed on January 28, 2008, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Julie A. Selby

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

396176.01