# EXHIBIT F

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant,<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-09049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-9059 and CV 05-2727<br><br>NOTICE OF SUBPOENA ISSUED TO THE FOOTHILL BUSINESS SERVICES<br><br>**Phase 1:**<br>Discovery Cut-off:   January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date:          May 27, 2008 |

07209/2328805.1

NOTICE OF SUBPOENA ISSUED TO FOOTHILL BUSINESS SERVICES

1  PLEASE TAKE NOTICE that, pursuant to Rule 45 of the <u>Federal Rules of
2  Civil Procedure</u>, Mattel, Inc., has issued a subpoena attached as Exhibit 1,
3  requesting the production of specified documents to the following:
4      1)   Foothill Business Services, 1840 W Avenue N8, Palmdale, CA 93551-
5  2264.

7  DATED: December 18, 2007        QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP

9                                   By /s/ Jon D. Corey
10                                     Jon D. Corey
                                       Attorneys for Mattel, Inc.

07209/2328805.1
-2-
NOTICE OF SUBPOENA ISSUED TO FOOTHILL BUSINESS SERVICES

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

___CENTRAL___ DISTRICT OF ___CALIFORNIA___

MATTEL, INC., a Delaware Corporation

### SUBPOENA IN A CIVIL CASE

V.

CARTER BRYANT, an Individual; and DOES 1 through 10, inclusive

Case Number:[1] CV 04-9059 NM (RNBx)

TO: Foothill Business Services
1840 W Avenue N8
Palmdale CA 93551-2264

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP 865 South Figueroa, 10th Floor Los Angeles, California | January 7, 2007 10 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Jon D. Corey* [signature] | December 18, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jon D. Corey, Quinn Emanuel Urquhart Oliver & Hedges, LLP. 865 South Figueroa St., Los Angeles, CA 90017, 213-443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
|  |  |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

### Documents To Be Produced

1. **DEFINITIONS.**

   a. "YOU" or "YOUR" means Foothill Business Services, current or former employees, attorneys, including partners, associates and shareholders, agents, representatives, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

   b. "ISAAC LARIAN" means Isaac Larian, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control, including without limitation the Isaac Larian Annuity Trust and the Isaac and Angela Larian Trust.

   c. "BRYANT" means Carter Bryant, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

   d. "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

   e. "CARTER BRYANT ENTERPRISES" means Carter Bryant Enterprises, any of its current or former employees, officers, directors, agents,

07209/2314309.2

1

representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

  f. "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without any limitation on the foregoing, "MGA" includes "ABC International Traders, Inc.," as MGA was formerly known.

  g. "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

  h. "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

  i. "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, COMMUNICATIONS, facsimiles, electronic mail, records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including without limitation all drafts and all

07209/2314309.2

2

copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

     j.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

     k.    "MATTEL ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v. Bryant, first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

     l.    The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of DOCUMENTS or information.

2.    <u>INSTRUCTIONS.</u>

     a.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

     b.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

     (1)    The privilege or protection that you claim precludes disclosure;

     (2)    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

07209/2314309.2

3

   (3) The date, author(s), addressee(s); and

   (4) Any additional facts on which YOU would base YOUR claim of privilege or protection.

  c. YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

  d. YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

  e. Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

## 3. DOCUMENTS TO BE PRODUCED.

 (1) All DOCUMENTS relating to CARTER BRYANT ENTERPRISES, including without limitation accounting records, profit and loss statements, work papers, worksheets, payroll records, financial statements (audited and unaudited), pro formas, budgets, account information and account statements, from the period beginning January 1, 1999 to the present.

 (2) All DOCUMENTS relating to BRYANT, including without limitation accounting records, profit and loss statements, W-2s, work papers, worksheets, payroll records, financial statements (audited and unaudited), pro formas, budgets, account information and account statements, from the period beginning January 1, 1999 to the present.

 (3) All DOCUMENTS evidencing, showing or relating to payments or transfers of value from ISAAC LARIAN to BRYANT.

 (4) All DOCUMENTS evidencing, showing or relating to payments or transfers of value from ISAAC LARIAN to CARTER BRYANT ENTERPRISES.

 (5) All DOCUMENTS evidencing, showing or relating to payments or transfers of value from MGA to BRYANT.

07209/2314309.2

4

(6)     All DOCUMENTS evidencing, showing or relating to payments or transfers of value from MGA to CARTER BRYANT ENTERPRISES.

(7)     All DOCUMENTS evidencing, showing or relating to payments or transfers of value between BRYANT and CARTER BRYANT ENTERPRISES.

(8)     To the extent not included in your production responsive to Request Nos. 1-7, DOCUMENTS sufficient to indicate BRYANT's net worth.

(9)     To the extent not included in your production responsive to Request Nos. 1-8, DOCUMENTS sufficient to indicate CARTER BRYANT ENTERPRISE'S net worth.

(10)    All DOCUMENTS relating to BRATZ that YOU obtained from BRYANT or otherwise since January 1, 1999.

(11)    All DOCUMENTS relating to the MATTEL ACTION.

(12)    DOCUMENTS sufficient to show YOUR policies or practices relating to the preservation, retention or destruction of DOCUMENTS sought by or the subject of Request Nos. 1 through 11.

(13)    DOCUMENTS sufficient to identify any other PERSON who has served as CARTER BRYANT ENTERPRISES' auditor(s) or accountant(s) since January 1, 1999.

(14)    DOCUMENTS sufficient to identify any other PERSON who has served as BRYANT's auditor(s) or accountant(s) since January 1, 1999.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On December 18, 2007, I served true copies of the following document(s) described as

**NOTICE OF SUBPOENA ISSUED TO THE FOOTHILL BUSINESS SERVICES**

on the parties in this action as follows:

| | |
|---|---|
| Thomas J. Nolan, Esq.<br>Carl Roth, Esq.<br>**Skadden, Arps, Slate, Meagher & Flom LLP**<br>300 S. Grand Ave., STE 3400<br>Los Angeles, CA 90071 | Mark E. Overland, Esq.<br>David C. Scheper, Esq.<br>Alexander H. Cote, Esq.<br>**Overland Borenstein Scheper & Kim, LLP**<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071 |

**BY MAIL:** I am "readily familiar" with the practices of Quinn Emanuel Urquhart Oliver & Hedges for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. I enclosed the foregoing in sealed envelope(s) addressed as shown above, and such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 18, 2007, at Los Angeles, California.

Lorraine Robles

07209/2328919.1

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On December 18, 2007, I served true copies of the following documents described as:

**NOTICE OF SUBPOENA ISSUED TO THE FOOTHILL BUSINESS SERVICES**

on the parties in this action as follows:

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, CA 94111

[√]   **BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

Executed on December 18, 2007, at Los Angeles, California.

_____
Lorraine Robles

07209/2328935.1

-1-

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE