# EXHIBIT H

LAW OFFICES

**KEKER & VAN NEST**

**LLP**

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

MATTHEW M. WERDEGAR
MWERDEGAR@KVN.COM

January 11, 2008

**VIA FACSIMILE & U.S. MAIL**

Jon D. Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543

Re:   Mattel v. Bryant, et al.

Dear Jon:

I am writing to confirm our conference of counsel yesterday, January 10th, regarding Mattel's subpoena to Foothill Business Services.

During our conference, I explained that in exchange for withdrawing the subpoena to Foothills Business Services, Mr. Bryant would agree to gather from Foothill Business Services and produce to Mattel the following:

- All available profit and loss/ income statements for Carter Bryant Enterprises;

- Documents sufficient to show all payments to Mr. Bryant from MGA and/or Isaac Larian;

- Documents sufficient to show all payments to Veronica Marlow from Mr. Bryant or Carter Bryant Enterprises;

- Documents sufficient to show Mr. Bryant's net worth;

- Documents sufficient to identify any witness or witness's counsel to whom Mr. Bryant has made any payments for fees, costs, or expenses incurred by that witness in connection with the present litigation and the amount paid, if any, to or on behalf of such witness;

Jon D. Corey, Esq.
January 11, 2008
Page 2

- Foothill Business Service's document retention policy, if they have one; and

- Documents constituting communications between Mr. Bryant and Foothill Business Services substantively related to Bratz, if any exist (consistent with your letter of January 7, 2008, such communications do not include ministerial communications that occur between an accountant and its client, such as estimated tax calculations, etc.). Note, however, that it is my understanding, which I will confirm, that no such documents exist.

We will endeavor to provide Mattel with these documents as soon as possible. It is our expectation that we could provide all of these documents by January 18, 2008. However, we are still working to gather these materials, so it is possible that some of them could take longer to produce.

You indicated that you thought that the foregoing offer would be acceptable to Mattel. However, you stated that you wanted to speak with your accounting consultants before committing to accept Mr. Bryant's proposal. In order to give you the time necessary to consider the proposal, we agreed that any motion to quash Mattel's subpoena and/or for a protective order limiting its scope would not need to be filed by Mr. Bryant until Friday, January 18, 2008.

If your understanding of our agreement to extend the deadline for Mr. Bryant to file his motion to quash and/or for a protective order differs in any material respect, please let me know immediately.

I look forward to hearing back from you regarding Mr. Bryant's proposal.

Very truly yours,

Matthew Werdegar

MMW/mls

cc: Amy S. Park