Larry McFarland (Bar No. 129668)
Christian Dowell (Bar No. 241973)
KEATS, McFARLAND & WILSON LLP
9720 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90212
Telephone:  (310) 248-3830
Facsimile:   (310) 860-0363
Email:   lmcfarland@kmwlaw.com
            cdowell@kmwlaw.com

Attorneys for Veronica Marlow

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>MATTEL, INC., a Delaware corporation;<br><br>　　　　　　　Defendant.<br><br>AND RELATED ACTIONS. | Case No.: CV 04 – 09049 SGL (RNBx)<br>Consolidated with Case Nos.<br>CV 04-9059 and CV 05-2727<br><u>Hon. Edward A. Infante</u><br><br>NON-PARTY VERONICA MARLOW'S MOTION TO COMPEL MATTEL TO PURGE ITSELF OF  PRIVATE BANK RECORDS<br><br>Hearing Date:　N/A<br>Time:　　　　N/A<br>Place:　　　　N/A |

Non-party Veronica Marlow hereby respectfully submits this Motion to Compel Mattel to Purge Itself of Private Bank Records ("Motion").

## I. INTRODUCTION

Mattel has again led non-party witness Ms. Marlow down the road to supposed resolution of a discovery dispute only to then refuse to abide by the agreed to protocol. This time, the dispute involves Mattel's extraordinarily overbroad subpoenas to financial institutions, which sought the production of *all* of the non-party's financial records from January 1, 1999 to present.[1] As part of the meet and confer process, Mattel agreed that the financial institutions would produce all of the documents to counsel for the non-party witnesses and counsel would review such documents pursuant to the terms of the protocol. However, in violation of this agreement, Mattel not only obtained Ms. Marlow's private financial records from Wells Fargo (the "Wells Fargo Records") in violation of the protocol, but it also kept this fact secret from counsel for Ms. Marlow for several weeks. Further, counsel for Ms. Marlow has repeatedly demanded that the documents be provided to her counsel so that they could be reviewed and produced pursuant to the protocol, but Mattel has refused. Ms. Marlow is now forced to seek order requiring Mattel to abide by the protocol agreed to by Mattel and to return the originals and all copies of the Wells Fargo Records to counsel for Ms. Marlow, and to delete and destroy any and all memoranda and all documents that summarize or refer to the Wells Fargo Records.

## II. SUMMARY OF FACTS

In early June 2007, Mattel served a subpoena on Mattel Federal Credit Union seeking the financial records of another non-party witness AnaElise Cloonan, to which

---

[1] Declaration of Christian Dowell in support of Motion ("Dowell Decl."), Exhibit ("Exh.") 1

counsel for Ms. Cloonan promptly responded with its notification that it intended to seek an <u>ex parte</u> motion to quash the subpoena.[2] Realizing that Mattel had also served a similar subpoena on Ms. Leahy, counsel notified Mattel on June 5, 2007 that the planned <u>ex parte</u> application would also address the subpoena requesting Ms. Leahy's records.[3] In an effort to avoid motion practice, Mattel and counsel for the non-party witnesses reached an agreement regarding a procedure to handle the production of documents in response to subpoenas to financial institutions with respect to Ms. Cloonan and Ms. Leahy.[4] This agreement provided that counsel for the non-party witnesses would receive production of all documents responsive to the subpoenas, review them pursuant to the protocol, and then turn over the relevant documents to Mattel.[5] On June 14, 2007, Mattel agreed to apply this protocol to documents to be produced by Wells Fargo in response to the subpoena regarding Ms. Marlow.[6]

After the date of that agreement, counsel for Ms. Marlow informed counsel for Mattel on numerous occasions that he had not received the Wells Fargo Records, including in letters dated July 23, 2007, September 7, 2007, September 21, 2007, and November 21, 2007.[7] However, it was not until November 29, 2007, that counsel for Mattel notified counsel for Ms. Marlow by telephone that Mattel had in fact received Ms. Marlow's Wells Fargo Records in violation of the protocol.[8] During the November 29th call, counsel for Ms. Marlow requested that Mattel immediately return all copies and originals of the Wells Fargo Records, confirm that none of the Wells Fargo Records had been reviewed or made use of and to provide counsel for Ms. Marlow the

---

[2] Dowell Decl. Exh. 2
[3] Dowell Decl. Exh. 3
[4] Dowell Decl. Exh. 4
[5] Id.
[6] Dowell Decl. Exh. 5
[7] Dowell Decl. Exh. 6
[8] Dowell Decl. Exh. 7

1  date that Mattel received the Wells Fargo Records. This demand was confirmed in a
2  letter dated December 3, 2007, and was repeated in a letter December 18, 2007.[9]
3  Because Mattel refused to comply with counsel's demand, on January 7, 2008, counsel
4  for Ms. Marlow notified Mattel that he intended to file this Motion and requested that
5  counsel meet and confer regarding this issue.[10]  During the conference on January 9,
6  2008, Mattel again refused to agree to counsel's repeated request to purge themselves
7  of the Wells Fargo Records.  Moreover, Mattel requested and counsel for Ms. Marlow
8  agreed to revise the protocol to include some additional categories of information to be
9  included in the document review.[11]  Mattel, therefore, has no grounds whatsoever to
10 refuse to return the Wells Fargo Records to counsel for Ms. Marlow so that they can be
11 reviewed pursuant to the agreed upon protocol.

### III.   ARGUMENT

Ms. Marlow is entitled to the protection of her private and personal financial records as they clearly fall within an individual's zone of privacy. See In re Crawford, 194 F.3d 954, 958 (9th Cir. 1999) (recognizing the Supreme Court's acknowledgement of the existence of an individual's "zone of privacy"), citing Doe v. Attorney General, 941 F.2d 780, 795 (9th Cir.1991)  (recognizing the constitutionally-protected privacy interest in avoiding disclosure of personal matters).  Without limitation, the documents included in the Wells Fargo Records include tax records, which are private and confidential protected matter.[12]  Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975) (federal tax information is private and confidential

---

[9] Dowell Decl. Exh. 8
[10] Dowell Decl. Exh. 9
[11] Dowell Decl. Exh. 10
[12] Dowell Decl. Exh. 11

1  protected matter).  In order to protect Ms. Marlow's privacy, we are not including
2  copies of the Wells Fargo Records in this filing.  However, counsel informed Mattel
3  that tax records were in fact included among the Wells Fargo Records in a letter dated
4  December 18, 2007, and Mattel has not denied this fact.[13]  In addition, Mattel has
5  already admitted that Ms. Marlow has protectable privacy interests in the Wells Fargo
6  Records by agreeing to the protocol.  Now, Mattel, for no justifiable reason, is refusing
7  to comply with the protocol.

## IV.  CONCLUSION

For the foregoing reasons, Ms. Marlow respectfully requests that the Court compel Mattel to return the originals and all copies of the Wells Fargo Records to counsel for Ms. Marlow, and to delete and destroy any and all memoranda and all documents that summarize or refer to the Wells Fargo Records.

Dated:  January 28, 2008            KEATS MCFARLAND & WILSON LLP


/s/
Christian C. Dowell, Esq.
Attorneys for Veronica Marlow

---

[13] Id.