**Carter Bryant v. Mattel Inc.**

Case No.: CV 04 – 09049 SGL (RNBx)

Consolidated with Case Nos.

CV 04-9059 and CV 05-2727

<u>Hon. Stephen G. Larson</u>

# <u>**EXHIBIT 1**</u>

**<u>EXHIBIT TO</u>**:   DECLARATION OF CHRISTIAN C. DOWELL IN SUPPORT OF NON-PARTY VERONICA MARLOW'S MOTION TO COMPEL MATTEL TO PURGE ITSELF OF  PRIVATE BANK RECORDS

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware Corporation

**SUBPOENA IN A CIVIL CASE**

V.

CARTER BRYANT, an Individual; and DOES 1 through 10, inclusive

Case Number:[1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and CV 05-2727

TO:   Custodian of Records, Wells Fargo Bank
First Interstate Tower
707 Wilshire Blvd., Los Angeles, CA 90017

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa St., 10th Floor Los Angeles, CA 90017      (213) 443-3000 | DATE AND TIME June 18, 2007 10:00 a.m. |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiff, Mattel, Inc. | DATE June 1, 2007 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Susan L. Wines, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017      (213)443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit 1
Page 3

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| | | |

| SERVED | | |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An [adequate cause for failure to obey] exists when a subpoena purports to require [a nonparty to attend or produce at a] place not within the limits provided by clause [(c)(3)(A)(ii).]

Exhibit 1
Page _____ 4

## ATTACHMENT A

### Documents To Be Produced

1.   DEFINITIONS.

      i.     "YOU" or "YOUR" means Wells Fargo Bank, and all of YOUR parents, subsidiaries, affiliates or affiliated entities, past or present employees, agents, representatives, consultants, independent contractors, any predecessors or successors in interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      ii.     "MARIA MARLOW" means the individual named Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, and any of her current or former agents or representatives, including any trustees acting for her benefit, and any other PERSON acting on her behalf, pursuant to her authority or subject to her control.

      iii.     "ACCOUNT" or "ACCOUNTS" means any account of any type, including but not limited to any checking account, savings account, deposit account, credit card account, line of credit account, charge account, and any other account of any other type.

      iv.     "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

      v.     "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

Exhibit 1
Page _____ 5

vi.     "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

vii.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

viii.   Wherever used herein, the singular shall include the plural and the plural shall include the singular.

2.   INSTRUCTIONS.

a.      YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.      If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)     The privilege or protection that you claim precludes disclosure;

(2)     The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)     The date, author(s), addressee(s); and

(4)     Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.      YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

d.      YOU are required to identify the source of all DOCUMENTS

Exhibit 1
Page _____ 6

produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

e.     Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.     <u>DOCUMENTS TO BE PRODUCED.</u>

(1)     All DOCUMENTS REFERRING OR RELATING TO MARIA MARLOW from January 1, 1999 to the present, inclusive.

(2)     All DOCUMENTS REFERRING OR RELATING TO the ACCOUNT maintained by YOU numbered 0804-413086, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNT, created between January 1, 1999 and the present, inclusive.

(3)     All DOCUMENTS REFERRING OR RELATING TO the ACCOUNT maintained by YOU numbered 0604-413086, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNT, created between January 1, 1999 and the present, inclusive.

(4)     All DOCUMENTS REFERRING OR RELATING TO any other ACCOUNT maintained by YOU that is in the name of, for the benefit of or concerns MARIA MARLOW, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

(5)     DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of or concerning MARIA MARLOW between January 1, 1999 and the present, inclusive.

Exhibit 1

Page _____

## PROOF OF SERVICE

1

2    I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 865 South Figueroa

3    Street, 10th Floor, Los Angeles, California  90017-2543.

4    On June 1, 2007, I served true copies of the following document(s) described as **NOTICE OF SUBPOENA ISSUED TO WELLS FARGO** on the parties in this action as follows:

5

6    DIANA M. TORRES, ESQ.                    MICHAEL H. PAGE, ESQ.
     ***O'MELVENY & MEYERS***                  ***KEKER & VAN NEST, LLP***
     400 S. Hope Street                        710 Sansome Street

7    Los Angeles, CA  90071                    San Francisco, CA  94111-1704

8    LARRY MCFARLAND, ESQ.
     Keats, McFarland & Wilson, LLP

9    9720 Wilshire Blvd., Penthouse Suite
     Beverly Hills, CA 90212

10

11

12   **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with

13   postage thereon fully prepaid.

14   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

15   Executed on June 1, 2007, at Los Angeles, California.

16

17                                                _____
                                                  Rita Turner
18

19

20

21

22

23

24

25

26

27

28                                                Exhibit 1
                                                  Page _____

PROOF OF SERVICE

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# **EXHIBIT 2**

**EXHIBIT TO**:     DECLARATION OF CHRISTIAN C. DOWELL IN SUPPORT OF NON-PARTY VERONICA MARLOW'S MOTION TO COMPEL MATTEL TO PURGE ITSELF OF  PRIVATE BANK RECORDS

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL

(310) 777-3750
WRITER'S EMAIL

lmcfarland@kmwlaw.com

June 4, 2007

**VIA FACSIMILE and U.S. MAIL**

Susan Wines, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   <u>Mattel v. Bryant</u>

Dear Ms. Wines:

I am writing on behalf of our client, Ana Elisa Cloonan. Pursuant to Local Rule 7-19.1, please note that we will be filing an *ex parte* motion to quash the subpoena you recently served on Mattel Federal Credit Union for the production of documents pertaining to Ms. Cloonan. This motion is based on the fact that the requests violate Ms. Cloonan's California constitutional privacy rights, are overbroad and seek documents that are not relevant to this matter.

In addition, it is our position that you have further violated Ms. Cloonan's rights by not providing her with the required notice. See, Rutter *Federal Procedure Before Trial*, § 11:1433 (2007). Since your requests seek Ms. Cloonan's consumer records, you are required to notify Ms. Cloonan "[n]ot less than 10 days prior to the date for production specified in the subpoena duces tecum, plus the additional time provided by Section 1013 if service is by mail" and "[a]t least five days prior to service upon the custodian of the records, plus the additional time provided by Section 1013 if service is by mail." Cal. Civ. Code § 1985.3. You served the subpoena on Mattel Federal Credit Union on May 23, 2007. However, you chose not to provide Ms. Cloonan's counsel notice until <u>after</u> the service of the subpoena by mailing the notice on May 24, 2007, which was right before the Memorial Day weekend. Thus, Ms. Cloonan's prior counsel did not receive the notice until May 29, 2007. Such late notice clearly violates Cal. Civ. Code § 1985.3.

Your violation of Cal. Civ. Code § 1985.3 is compounded by the unfettered scope of your requests. As you know, Ms. Cloonan is not a party to this case. Yet, you have requested "<u>all</u> documents referring or relating to Ana Cloonan from January 1, 1999 to the present, inclusive." (Subpoena, emphasis added.) Such documents necessarily include documents that have no

Exhibit 2

Page _____ 9

Susan Wines, Esq.
June 4, 2007
Page 2

relationship to either party in this case and, since Ms. Cloonan continues to maintain an account with Mattel Federal Credit Union to this date, include documents outside the time frame of issues of this case. You cannot possibly support your position that these documents are relevant to this case.

We attempted to resolve this issue directly with Mattel Federal Credit Union after receiving notice of the subpoena. On Friday, June 1, 2007, we sent a letter to Mattel Federal Credit Union requesting that it file objections to the subpoena on behalf of Ms. Cloonan. (See letter to Mattel Federal Credit Union attached hereto.) However, Mattel Federal Credit Union sent us a letter today stating that it intends to comply with the subpoena on June 11, 2007. (See letter from Mattel Federal Credit Union attached hereto.)

Unless you immediately withdraw the subpoena, we shall serve our ex parte motion to quash it. Please let me know immediately whether you will be withdrawing the subpoena or whether you will oppose our motion to quash.

Very truly yours,

Larry McFarland
KEATS McFARLAND & WILSON LLP

LWM/jlt

Exhibit 2
Page ____10____

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# **EXHIBIT 3**

**EXHIBIT TO**:   DECLARATION OF CHRISTIAN C. DOWELL IN SUPPORT OF NON-PARTY VERONICA MARLOW'S MOTION TO COMPEL MATTEL TO PURGE ITSELF OF  PRIVATE BANK RECORDS

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL

(310) 777-3750
WRITER'S EMAIL

lmcfarland@kmwlaw.com

June 5, 2007

**VIA FACSIMILE and U.S. MAIL**

Susan Wines, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   Mattel v. Bryant

Dear Ms. Wines:

I am writing on behalf of our client, Margaret Hatch-Leahy. In light of your letter to Jon Hernandez of today's date stating that you served the above-referenced subpoena on Mattel Federal Credit Union on May 23, 2007, please be advised that our ex parte application referenced in my previous letter to you with respect to the subpoena requesting records of Ana Elise Cloonan will also address the above-referenced subpoena requesting records of Ms. Hatch-Leahy.

Very truly yours,

Larry McFarland
KEATS McFARLAND & WILSON LLP

Exhibit 3
Page ___11___

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
<u>Hon. Stephen G. Larson</u>

# **<u>EXHIBIT 4</u>**

EXHIBIT TO:     DECLARATION OF CHRISTIAN C. DOWELL IN SUPPORT OF NON-PARTY VERONICA MARLOW'S MOTION TO COMPEL MATTEL TO PURGE ITSELF OF PRIVATE BANK RECORDS

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

June 13, 2007

**VIA FACSIMILE AND U.S. MAIL**
(310) 860-0363

Larry McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212

Re:   Mattel, Inc. v. Bryant et al.

Dear Mr. McFarland:

I write to follow up on our telephone conversations regarding the subpoenas that Mattel, Inc. ("Mattel") served on Mattel Federal Credit Union ("MFCU") on May 23, 2007 requesting records of Elise Cloonan and Margaret Hatch-Leahy.  Pursuant to our discussions, and in exchange for the parties' agreement to negotiate in good faith regarding how MFCU's production in response to the subpoenas will be handled, Mattel has requested that MFCU delay production of documents in response to the subpoenas until June 18, 2007.

Consistent with what we discussed, and to avoid motion practice on the MFCU subpoenas, Mattel is amenable to handling MFCU's production of documents in response to the subpoenas regarding Elise Cloonan and Margaret Hatch-Leahy in the following way:

1.       As counsel for Ms. Cloonan and Ms. Hatch-Leahy, you will receive production of all documents MFCU produces in response to the subpoenas.

2.       Attached as Exhibit A is a list of individuals and/or entities Mattel has reason to believe are related to MGA, Carter Bryant, Bratz, or other matters relevant to this litigation.

Exhibit 4
Page ____

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2136442.1

3.     You will review the records produced by MFCU and produce to Mattel any and all records constituting or referring or relating to any payments or transactions that relate to MGA, Isaac Larian, Carter Bryant and/or any of the individuals and/or entities on the list which Mattel provides to you or that otherwise relate to the Bratz project in any manner.  Ms. Cloonan and Ms. Hatch-Leahy will review the produced records and certify that they constitute all records from the documents obtained from MFCU that refer or relate to any payments or transactions regarding the individuals, entities and projects on Exhibit A and that none of the records withheld from production relate to the individuals, entities or projects on Exhibit A.

4.     In the event Mattel adds other individuals and/or entities at a later time that it has reason to believe are related to this litigation, it will provide those names to you and the parties will meet and confer regarding the production of any additional documents at that time.

5.     You will also produce to Mattel documents produced by MFCU showing:  (1) the identities of individuals with access to or control over any MFCU account for which records are being produced, including, for example, all signature cards and depository agreements and (2) the type of account at issue, whether it be a single, joint or multiple party account.

The purpose of this agreement is to resolve potential motion practice over the subpoena to MFCU.  It is without prejudice to Mattel's rights to seek or compel the production of documents of any kind from your clients, MGA, Bryant or any other person or entity, including without limitation, the production of financial documents from any source.

Please let me know if this proposal is satisfactory to you and your clients.  If you and your clients agree to this proposal, please sign below and return your signature to me at your earliest convenience.

Very truly yours,

Susan L. Wines

AGREED:

Signed: _____

Larry McFarland, Esq.
Attorney for Elise Cloonan and Margaret Hatch-Leahy

Dated: ___6/13/07_____

07209/2136442.1

2

Exhibit 4
Page ___13___

2134433100          PAGE.03

**Carter Bryant v. Mattel Inc.**

Case No.: CV 04 – 09049 SGL (RNBx)

Consolidated with Case Nos.

CV 04-9059 and CV 05-2727

Hon. Stephen G. Larson

# **EXHIBIT 5**

EXHIBIT TO:        DECLARATION OF CHRISTIAN C. DOWELL IN SUPPORT OF
NON-PARTY VERONICA MARLOW'S MOTION TO COMPEL
MATTEL TO PURGE ITSELF OF  PRIVATE BANK RECORDS

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

June 14, 2007

VIA FACSIMILE AND U.S. MAIL
(310) 860-0363

Larry McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212

Re:   Mattel, Inc. v. Bryant et al.

Dear Mr. McFarland:

I write to follow up on our telephone conversations regarding the subpoena that Mattel, Inc. ("Mattel") served on Wells Fargo Bank ("Wells Fargo") on June 1, 2007 requesting records of Veronica Marlow.  To avoid motion practice on the Wells Fargo subpoena, Mattel is amenable to handling Wells Fargo's production of documents in response to the subpoenas regarding Veronica Marlow in the following way:

1.      As counsel for Ms. Marlow, you will receive production of all documents Wells Fargo produces in response to the subpoenas.

2.      Attached as Exhibit A is a list of individuals and/or entities Mattel has reason to believe are related to MGA, Carter Bryant, Bratz, or other matters relevant to this litigation.

3.      You will review the records produced by Wells Fargo and produce to Mattel any and all records constituting or referring or relating to any payments or transactions that relate to MGA, Isaac Larian, Carter Bryant and/or any of the individuals and/or entities on the list which Mattel provides to you or that otherwise relate to the Bratz project in any manner.  Ms. Marlow will review the produced records and certify that they constitute all records from the documents obtained from Wells Fargo that refer or relate to any payments or transactions regarding the

Exhibit 5
Page _____14_____

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7100 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

individuals, entities and projects on Exhibit A and that none of the records withheld from production relate to the individuals, entities or projects on Exhibit A.

4.      In the event Mattel adds other individuals and/or entities at a later time that it has reason to believe are related to this litigation, it will provide those names to you and the parties will meet and confer regarding the production of any additional documents at that time.

5.      You will also produce to Mattel documents produced by Wells Fargo showing: (1) the identities of individuals with access to or control over any Wells Fargo account for which records are being produced, including, for example, all signature cards and depository agreements and (2) the type of account at issue, whether it be a single, joint or multiple party account.

The purpose of this agreement is to resolve potential motion practice over the subpoena to Wells Fargo. It is without prejudice to Mattel's rights to seek or compel the production of documents of any kind from your clients, MGA, Bryant or any other person or entity, including without limitation, the production of financial documents from any source.

Please let me know if this proposal is satisfactory to you and your clients. If you and your clients agree to this proposal, please sign below and return your signature to me at your earliest convenience.

Very truly yours,

Susan L. Wines

AGREED:

Signed: _____

Larry McFarland, Esq.
Attorney for Veronica Marlow

Dated: _____

07209/2144030.1

2

Exhibit 5
Page _____ 15

JUN 14 2007 10:00

PAGE.03

ATTACHMENT A

MGA Entertainment, Inc.
ABC International Traders, Inc.
MGA Entertainment (HK) Limited
Bandai
Hasbro
Tomy

Carter Bryant and/or family members
Richard Irmen and/or family members
Isaac Larian and/or family members
Farhad Larian and/or family members
Morad Zarabi and/or family members

Ana Elise Cloonan
Paula (Treantafalles) Garcia
Sarah Halpern
Rachel Harris
Rebecca (Becky) Harris
Margaret Hatch-Leahy
Daniel Leahy
Kerri Legg Brode
Barbara Malcolm
Victoria O'Connor
Maureen Mullen Chianese
Amy Myers
Anna Rhee
Mercedeh Ward

Bratz
Prayer Angels or Angel

Exhibit 5
Page ___16___

PAGE.04
JUN 14 2007 10:01

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:   June 14, 2007

NUMBER OF PAGES, INCLUDING COVER: 4

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq.<br>Keats McFarland & Wilson LLP | 310-248-3830 | 310-860-0363 |

FROM:   Susan Wines

RE:   Mattel v. Bryant et al.

MESSAGE:

Please see attached

07209/2135640.1

| ROUTE/ | ☒ CONFIRM FAX |
|---|---|
| RETURN TO: Yalonda J. Dekle | ☒ INCLUDE CONF. REPORT |

CLIENT #   7209

OPERATOR:                          CONFIRMED?   ☐ NO ☐ YES: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON

Exhibit 5
Page _____ 17

**Carter Bryant v. Mattel Inc.**

Case No.: CV 04 – 09049 SGL (RNBx)

Consolidated with Case Nos.

CV 04-9059 and CV 05-2727

<u>Hon. Stephen G. Larson</u>

# <u>**EXHIBIT 6**</u>

EXHIBIT TO:     DECLARATION OF CHRISTIAN C. DOWELL IN SUPPORT OF NON-PARTY VERONICA MARLOW'S MOTION TO COMPEL MATTEL TO PURGE ITSELF OF  PRIVATE BANK RECORDS

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL

(310) 777-3730

WRITER'S EMAIL

lmcfarland@kmwlaw.com

July 23, 2007

Via Facsimile and U.S. Mail

Susan Wines, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   Mattel v. Bryant

Dear Ms. Wines:

I am writing to let you know that we still have not received any documents from Wells Fargo Bank with respect to Veronica Marlow pursuant to the subpoena served on June 1, 2007, and your letter dated June 14, 2007, instructing Wells Fargo Bank to forward all responsive documents to me.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

Exhibit 6
Page ___18___

```
** TX STATUS REPORT **              AS OF   JUL 23 2007 16:01   PAGE.01

                                            KEATS MCFARLAND WILSO
```

| | DATE | TIME | TO/FROM | MODE | MIN/SEC | PGS | JOB# | STATUS |
|---|---|---|---|---|---|---|---|---|
| 30 | 07/23 | 16:00 | 6240643 | 4433 EC--S | 00'30" | 002 | 185 | OK |

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA   90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

## FACSIMILE TRANSMITTAL SHEET

| To: | Susan Wines, Esq. | From: | Larry W. McFarland, Esq. |
|---|---|---|---|
| Company: | Quinn Emanuel Urquhart Oliver & Hedges, LLP | Date: | 7/23/2007 |
| Fax No.: | 213-443-3100 | Pages: | 2 |
| Phone No.: | 213-443-3000 | Ref No.: | 10306.58 |
| Re: | Mattel v. Bryant | | |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached correspondence.

**PRIVACY NOTICE**

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

Exhibit 6
Page _____ 19

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL

(310) 777-3750

WRITER'S EMAIL

lmcfarland@kmwlaw.com

September 7, 2007

<u>VIA FACSIMILE</u>

Susan Wines, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:     <u>Mattel v. Bryant</u>

Dear Ms. Wines:

I am writing in response to your letter dated September 4, 2007.

With respect to Ms. Marlow, as I stated in my letter to you dated July 23, 2007, at that time we had not received any documents from Wells Fargo in response to your subpoena. To date, we have still not received these documents. I again suggest that you contact Wells Fargo and pursuant to our agreement, have the responsive documents produced to me for our review. In addition, we have located additional e-mails that we are currently reviewing. We will produce the responsive e-mails to you no later than next Friday, September 14, 2007. In the meantime, I will again check with Ms. Marlow regarding her schedule so that we can set the deposition soon after the document production from Wells Fargo and Ms. Marlow is completed.

With respect to Ms. Leahy, as you know we produced additional responsive documents on August 14, 2007. In addition, because you have requested all documents relating to Bratz, regardless of the time period, Ms. Leahy is having to review documents that have been stored away. I have spoken with her and she should be done with this review shortly. I will also speak with her regarding her availability for deposition.

With respect to the review of the computers of Ms. Cloonan and Ms. Halpern, the changes to the fourth and fifth bullet points as set forth in your letter dated August 27, 2007, are fine. My issue lies with respect to the addition of the language at the end of your letter as follows: "Please sign below on behalf of your clients, Elise Cloonan, Margaret Hatch-Leahy, Sarah Halpern and Veronica Marlow if this is agreeable." The problem I have with this language is that you and I have never discussed inspecting any computers of Ms. Leahy or Ms. Marlow. We have only discussed

Exhibit 6
Page _____ ∂0

Susan Wines, Esq.
September 7, 2007
Page 2

the procedures with respect to inspecting the computers of Ms. Cloonan and Ms. Halpern.  If Ms. Leahy and Ms. Marlow are deleted, I am fine with this letter.

With respect to the inspection of Ms. Cloonan's and Ms. Halpern's computers, to speed things up I would suggest that you send me the search terms that you propose the expert will use in his or her search.  Once we get through the inspection of these computers, we can schedule the depositions of Ms. Cloonan and Ms. Leahy.

I look forward to hearing from you at your convenience.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

Exhibit 6
Page _____ 21

```
** TX STATUS REPORT **           AS OF   SEP 07 2007 16:52   PAGE.01

                                         KEATS MCFARLAND WILSO
```

```
      DATE  TIME      TO/FROM       MODE  MIN/SEC   PGS  JOB#  STATUS
02    09/07 16:52  95#00003#12134433100# EC--S  00'33"  003  171   OK
```

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

---

## FACSIMILE TRANSMITTAL SHEET

| | | | |
|---|---|---|---|
| To: | Susan Wines, Esq. | From: | Larry W. McFarland, Esq. |
| Company: | Quinn Emanuel Urquhart Oliver & Hedges, LLP | Date: | 9/7/2007 |
| Fax No.: | 213-443-3100 | Pages: | 3 |
| Phone No.: | 213-443-3000 | Ref No.: | 10595.3 |
| Re: | Mattel v. Bryant | | |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached.

**PRIVACY NOTICE**

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee of agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

Exhibit 6

Page _____

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL

(310) 777-3750

WRITER'S EMAIL

lmcfarland@kmwlaw.com

September 21, 2007

VIA FACSIMILE

Susan Wines, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

  Re: Mattel v. Bryant

Dear Susan:

  I am writing with respect to my continuing efforts regarding the depositions for the four witnesses that I represent.  I have been working diligently on this since we spoke last week.  Here is the update.

Veronica Marlow

  As I mentioned, we have located additional documents responsive to your subpoena.  We are producing some of these documents by Monday, and are continuing to review additional documents for production.  In addition, Ms. Marlow is continuing to review her documents to insure that all responsive documents have been produced.  I anticipate that all documents should be reviewed and produced to you by October 16, 2006.  In addition, as set forth in my letter dated September 7, we have not received any documents from Wells Fargo in response to your subpoena. As I have repeatedly stated, I want all of the documents produced prior to the depositions of my witnesses so that Mattel does not have any basis to try to take a second day of deposition.  Based on the understanding that theses documents will be produced prior to Ms. Marlow's deposition, I can confirm that Ms. Marlow and I are available for her deposition on Wednesday, October 24, 2007 at 10:00 a.m.

Elise Cloonan

  I have spoken with Ms. Cloonan and she is still recovering from her caesarean, and is adjusting to being a new mother.  Ms. Cloonan believes that she will be able to sit for her deposition in mid-November.  Based on that, I am willing to set her deposition for Wednesday, November 14, 2007 at 10:00 a.m.

Exhibit 6

Page _____ 23

Susan Wines, Esq.
September 21, 2007
Page 2


Sarah Halpern

      I have left messages, but I have thus far been unable to reach Ms. Halpern. I will let you know as soon as I am able to reach her to obtain deposition dates.

Margaret Leahy

      As I mentioned, Ms. Leahy is re-reviewing her documents based upon your position that all versions of Bratz are at issue. I anticipate that Ms. Leahy will be finished with this review in the next two to three weeks. I am continuing to work with Ms. Leahy with respect to an available deposition date.

      Also, as set forth in my September 7, 2007 letter, please provide me with the search terms that you propose that the computer expert use to search the computers of Ms. Cloonan and Ms. Halpern. It is imperative that we have the review completed and all responsive, non-privileged documents produced prior to the depositions of Ms. Cloonan and Ms. Halpern.

      Finally, I note that many documents that Mattel has produced in this litigation are designated as Attorney Eyes Only ("AEO"). In order to properly prepare my witnesses, I need two things. First, I need to know well prior to the depositions if Mattel plans to show any AEO documents to my witnesses during the depositions. If so, I need for Mattel to identify those documents to me and to provide me with permission to show such documents to my witnesses prior to their depositions so that they can be adequately prepared.

      I appreciate your continued cooperation in moving these depositions forward.

              Very truly yours,

              Larry W. McFarland
              Keats McFarland & Wilson LLP


LWM/jlt


Exhibit 6
Page ____ 24

```
** TX STATUS REPORT **              AS OF   SEP 21 2007 13:12   PAGE.01

                                             KEATS MCFARLAND WILSO


        DATE  TIME      TO/FROM        MODE   MIN/SEC   PGS   JOB#  STATUS
   05   09/21 13:11 433100            4433 EC--S  00'34"  003   225   OK
```

## KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363



## FACSIMILE TRANSMITTAL SHEET

| To: | Susan Wines, Esq. | From: | Larry W. McFarland, Esq. |
|---|---|---|---|
| Company: | Quinn Emanuel Urquhart Oliver & Hedges, LLP | Date: | 9/21/2007 |
| Fax No.: | 213-443-3100 | Pages: | 3 |
| Phone No.: | 213-443-3000 | Ref No.: | 10595.3 |
| Re: | Mattel v. Bryant | | |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attachment.

Exhibit 6
Page _____ 25

### PRIVACY NOTICE

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee of agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

November 21, 2007

VIA FACSIMILE, VIA HAND DELIVERY

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

      Re:    Mattel v. Bryant

Dear Dylan:

      I am writing in response to your letter dated November 15, 2007.

      With respect to the document control numbers listed on the first two pages of your letter, I can confirm that this is a complete list of all the documents produced to date by Ms. Leahy, Ms. Marlow, Ms. Cloonan and Ms. Halpern that were assigned document control numbers.[1] [2]  The reason that I am making this distinction is that, as you know, Ms. Leahy and Ms. Marlow have produced sculpts and other three-dimensional objects that your firm has photographed and/or videotaped.  In order to avoid any confusion, I propose that we make photocopies of each of these produced sculpts and three-dimensional objects and assign each photocopy a bates number. Please let me know if you agree with this proposal. Also, with respect to the photographs taken and the videotapes made by your firm of these sculpts and three-dimensional objects, I previously asked Ms. Wines for copies of these photographs and videotapes.  She refused to provide me with copies and told me that it was your firm's position that the photographs and videotapes are work product and that your firm does not intend to use them at any of the depositions or at trial. Please confirm that Ms. Wines' statement is correct and that you will not be using any of these photographs or videotapes at the depositions of any of my clients or at trial.

      With respect to your question involving whether the production of documents is complete, I can confirm that Ms. Halpern has produced all responsive documents in her possession, custody and control.  With respect to Ms. Marlow, we are delivering to you with this

---

[1] For documents KMW-M 00667 through KMW-M 03040, your notation of the production date as August 29, 2007 does not reflect that an attorney from your office inspected the documents on August 24, 2007.

[2] For documents ACFR000364 through ACFR000390 and SHFR000225 through SHFR000364, your notation of the receipt date as October 29, 2007 does not reflect my letter dated October 26, 2007 to Mr. Zeller and Data Chasers, releasing the documents.

Exhibit 6
Page _____ 26

B. Dylan Procter, Esq.
November 21, 2007
Page 2

letter document control numbers KMW-M 006695 through KMW-M 007643. In addition, we received some three-dimensional objects from Ms. Marlow for your review. Please let me know when someone from your office is available to inspect them. Regarding Ms. Leahy, she has located some additional three-dimensional objects which are available for your review. Please let me know when someone from your office is available to review these items. With respect to Ms. Cloonan, we noticed that your computer expert did not pick up a computer disk with Ms. Cloonan's computer. I suggest that we provide this disk to Data Chasers pursuant to the terms of our agreement as set forth in the letter from Ms. Wines dated September 13, 2007. In addition, in order to speed things up, we will agree to review anything found by Data Chasers within five court days of receipt from Data Chasers rather than the ten court days set forth in Ms. Wine's letter. Please let me know if this is acceptable. With the production of these last remaining items, I believe that the production from Ms. Marlow, Ms. Leahy, Ms. Halpern and Ms. Cloonan is complete.

Regarding the withholding of documents based on privilege grounds, it is our position that the fee agreements between our clients and their attorneys, as well as all correspondence between our clients and their attorneys, are privileged.

Regarding your statements with respect to redactions, your assertion that our clients have improperly redacted documents is incorrect. In addition, you continue to cite the previously redacted pages from Ms. Leahy's day planner, even though, as you know, additional pages from that day planner were produced pursuant to our agreement with Ms. Wines. (See my letter to you dated November 14, 2007.) I am not aware of any order from Judge Infante that precludes third parties from redacting irrelevant information. If there are any such orders, please provide copies to me. In addition, as I have previously stated, it is our position that any discovery disputes with our third party clients will be heard by Magistrate Judge Block. However, in an effort to try to avoid unnecessary motion practice, we are re-reviewing all of the documents that were redacted, and if there are any errors, we will provide corrected documents to you.

With respect to your request regarding whether Ms. Leahy, Ms. Marlow, Ms. Halpern or Ms. Cloonan have fee agreements with MGA, written or otherwise, without admitting that any such documents exist, it is our position that the request seeks the production of privileged information. Under the attorney-client privilege, confidential communications made by a client to an attorney to obtain legal services are protected from disclosure. California statutory authority provides that "[a] written fee contract shall be deemed to be a confidential communication within the meaning of [Cal. Bus. & Prof. Code § 6068(e)] and of [Cal. Evid. Code § 952]." Section 6068(e)(1) affirms that "[i]t is the duty of an attorney to … maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." Therefore, the requested fee agreements are confidential communications protected under the attorney-client privilege. If you have any authority to the contrary, please let me know. Finally, in response to your assertions in the November 15, 2007 letter, I am not aware of Judge Infante ruling on this issue with respect to any third party. If I am mistaken, please inform me of any such ruling.

Exhibit 6
Page _____ 27

B. Dylan Procter, Esq.
November 21, 2007
Page 3


     Regarding bank accounts used by Ms. Marlow in connection with her work with MGA, as I stated in my letters to Ms. Wines dated July 23, 2007 and September 21, 2007, we have not received any documents from Wells Fargo in response to your subpoena. In addition, we have not yet received any documents from Bank of America. As soon as we receive these documents, we will comply with the review procedure as set forth in the letter from Ms. Wines dated September 13, 2007, and the letter from you dated November 2, 2007. Finally, with respect to your question whether Ms. Marlow has used any additional bank accounts in connection with her work for MGA, I will provide you this information on the condition that you agree to comply with the protocol set forth in the letter from Ms. Wines dated September 13, 2007, and the letter from you dated November 2, 2007. Please let me know if you agree to this protocol.

          Very truly yours,

          Larry W. McFarland
          Keats McFarland & Wilson LLP


LWM/jlt

cc:  Thomas J. Nolan
     Michael Page

Enclosures (KMW-M 006695 through KMW-M 007643)

Exhibit 6
Page _____ 28