**Carter Bryant v. Mattel Inc.**

Case No.: CV 04 – 09049 SGL (RNBx)

Consolidated with Case Nos.

CV 04-9059 and CV 05-2727

Hon. Stephen G. Larson

# **EXHIBIT 7**

EXHIBIT TO:    DECLARATION OF CHRISTIAN C. DOWELL IN SUPPORT OF NON-PARTY VERONICA MARLOW'S MOTION TO COMPEL MATTEL TO PURGE ITSELF OF  PRIVATE BANK RECORDS

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

November 29, 2007

**VIA FEDEX**

Larry McFarland, Esq.
Keats, McFarland & Wilson, LLP
9720 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90212

Re:     Mattel, Inc. v. Bryant

Dear Larry:

Further to our conversation of today, enclosed herewith you will find the Wells Fargo documents relating to your client, Veronica Marlow, as produced by Mattel to the other parties in this action.  As I explained, Wells Fargo sent these documents directly to us without any prompting by us, notwithstanding our prior understanding that the documents would be produced to you, and in the normal course of handling they were produced to all parties on October 2, 2007. Please do not hesitate to contact me if you wish to discuss this matter further.

Very truly yours,

B. Dylan Proctor

Exhibit 7
Page _____29_____

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2307918.1

**Carter Bryant v. Mattel Inc.**

Case No.: CV 04 – 09049 SGL (RNBx)

Consolidated with Case Nos.

CV 04-9059 and CV 05-2727

<u>Hon. Stephen G. Larson</u>

# <u>**EXHIBIT 8**</u>

EXHIBIT TO:          DECLARATION OF CHRISTIAN C. DOWELL IN SUPPORT OF NON-PARTY VERONICA MARLOW'S MOTION TO COMPEL MATTEL TO PURGE ITSELF OF  PRIVATE BANK RECORDS

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

December 3, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

     Re:   <u>Mattel v. Bryant</u>

Dear Dylan:

     I am writing in response to your letter dated November 28, 2007.

     First, we will make photocopies of the three-dimensional objects that have been produced to you and will assign each photo a Bates number. With respect to my question regarding the photographs and video taken by your firm of the sculpts and three-dimensional objects that we have produced, you ignored my question with respect to whether you intend to use these videotapes or photographs at the depositions of any of my clients. I would appreciate the courtesy of an answer.

     Second, this letter serves to confirm that an associate from your office, along with two assistants, visited our offices today to photograph and videotape the remaining three-dimensional items produced by Ms. Marlow and Ms. Leahy. We expect that they will return tomorrow to complete their review of the items.

     Third, with respect to the computer disk belonging to Ms. Cloonan, we spoke with Mr. Albee on Friday. Mr. Albee emailed me the search results on Friday and we will review and respond within the five-day time frame as agreed.

     Fourth, you state that "Judge Infante has already found fee agreements to be relevant to bias and credibility, and non-privileged."[1] Our review of the orders attached to your letter reveals that these orders apply to Mr. Bryant and MGA, who are, of course, both parties to this litigation. We are not aware of any orders entered by Judge Infante with respect to the production of retainer agreements by third parties. Moreover, your reliance on Judge Infante's orders is undercut by the

---

[1] As we have repeatedly stated, it is our position that all discovery disputes with respect to our witnesses must be heard by Magistrate Judge Block.

Exhibit 8
Page _____ 30

B. Dylan Procter, Esq.
December 3, 2007
Page 2

positions taken by your firm. It is my understanding that after Judge Infante's order dated January 25, 2007, your firm objected to the production of third-party retainer letters as privileged and that you have stood by these objections and not produced these agreements. In the Objections of Mattel, Inc. and Timothy James Lider to MGA Entertainment Inc.'s Subpoena for Production of Documents, dated March 29, 2007, you stated as follows:

<u>Request NO. 9:</u>

All DOCUMENTS constituting, mentioning, referring or relating to any agreement or contract between YOU and MATTEL, including MATTEL's inside and outside counsel.

<u>RESPONSE TO REQUEST NO. 9:</u>

Mattel and Lider object to Request No. 9 on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject, regardless of whether such documents relate to products or matters at issue in this case. Mattel and Lider further object to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel and Lider further object to this Request on the grounds that is seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel and Lider further object to this Request on the grounds that it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and the non-designated expert consultant privilege.

Without waiving, and subject to, the foregoing objections and/or privileges, Lider responds as follows: Lider will produce responsive documents in his possession, custody or control, if any, relating to the chain of custody of electronic data relating to MGA's and the other counter-defendants' thefts of Mattel's trade secrets, to the extent not protected by the attorney-client privilege, the work product doctrine and/or the non-designated expert consultant privilege.

If you have produced the retainer letter for Mr. Lider or any other third-party, please provide me with a copy of that document.

Further, it is my understanding that as recently as September 4, 2007, which is well after the dates of all of the orders from Judge Infante that you rely on in your letter, Mattel has continued to take the position that retainer letters are privileged. I am at a loss to understand how you can contend that "Judge Infante has already found fee agreements to be relevant to bias and credibility, and non-privileged," while at the same time objecting as follows:

Exhibit 8
Page _____31_____

B. Dylan Procter, Esq.
December 3, 2007
Page 3

Request 530:

All DOCUMENTS, including but not limited to agreements, draft agreements and correspondence, REFERRING OR RELATING TO the payment or offer of payment of attorneys fees by MATTEL to any PERSON in connection this ACTION.

Response:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, joint defense privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

Request 531:

DOCUMENTS sufficient to show YOUR fee arrangement with YOUR counsel Quinn Emanuel Urquhart Oliver & Hedges LLP for services in connection with this ACTION, including, but not limited to, a copy of the fee agreement or retainer agreement between YOU and Quinn Emanuel Urquhart Oliver & Hedges LLP.

Response:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Exhibit 8
Page _____ 32

B. Dylan Procter, Esq.
December 3, 2007
Page 4

You also state in your letter that, "[a]s the Court has held, the Business and Professions Code's privilege provisions do not apply in this federal question case, which is governed by federal privilege law." I do not see this holding in the orders attached to your letter. If I have missed it, I would appreciate it if you would direct me to this holding. Finally, with respect to your statements regarding a privilege log, as I stated in my letter dated November 21, 2007, it is our position that the fee agreements between our clients and their attorneys, as well as all correspondence between our clients and their attorneys, are privileged. In all of my years of practice, I have never provided a privilege log listing all of the correspondence between me and my clients where my clients are not parties to the litigation. If you believe that I am required to do this, please direct me to the relevant authority. In addition, please confirm whether your firm has produced such a privilege log identifying all communications to and from Mattel.

Fifth, we continue to disagree with your contention that you are "entitled to unredacted copies of all documents that have been produced by your clients." In support of your argument you again cite orders by Judge Infante that address specific discovery disputes between the parties to this action. Not only are all discovery disputes by their nature fact specific, in the case of disputes with a third party witness, nonparty status may be considered in evaluating the burden of complying with a production subpoena under Rule 45. *See Richards of Rockford, Inc. v. Pac. Gas & Elec. Co.*, 71 F.R.D. 388, 390 (N.D. Cal. 1976) (status of nonparty considered in deciding motion to compel testimony and production of documents); *see also Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) ("the fact of nonparty status may be considered by the court in weighing the burdens"). Therefore, the orders that you rely on are not controlling as to my clients. In addition, I do not appreciate your threat that if we do not do what you want, you will burden our third-party witnesses with an additional day of deposition. As you know, I have long taken the position that I will not allow the depositions of these witnesses to go beyond one day of seven hours. With respect to the redactions, the matters that we redacted from the documents were not relevant to this litigation and I am unaware of any requirement that we produce irrelevant information. For example, certain email chains contained both relevant and irrelevant information, and we properly redacted the irrelevant information. However, in an effort to avoid burdening the Court with unnecessary motion practice, we will produce to you unredacted copies of all of the documents that we have produced other than Ms. Leahy's planner. Our position with respect to Ms. Leahy's planner is set forth in my letter dated November 14, 2007 and remains unchanged.

Lastly, with respect to the bank records of Ms. Marlow, on Thursday, November 29, 2007, at approximately 5:00 p.m. you notified me for the first time that your firm was in possession of all of Ms. Marlow's bank records from Wells Fargo. As you know, this is a violation of the agreement reached with your partner Susan Wines. That agreement required that all bank records be produced to me for my review and I would produce all of the documents that related to agreed upon persons and entities. That agreement was reached after I notified Ms. Wines that I intended to file an ex parte application to quash a similar subpoena served on Mattel Federal Credit Union with respect to the bank records for Ms. Cloonan and Ms. Marlow. As you know, Ms. Wines confirmed our agreement in a letter dated June 14, 2007. In addition, in letters dated

Exhibit 8
Page _33_

B. Dylan Procter, Esq.
December 3, 2007
Page 5


July 23, 2007, September 21, 2007, and November 21, 2007, I notified your firm that I had not yet received the bank records from Wells Fargo. When you told me on Thursday that you were in possession of all of Ms. Marlow's bank records from Wells Fargo, I asked you to agree to return all copies and originals of the Wells Fargo bank records, to confirm that your firm had not reviewed or made any use of these documents and to provide me with the date that your firm received these documents. You told me that you would consider my request. On Friday, I received a copy of the Wells Fargo documents with a cover letter from you that stated as follows:

> Further to our conversation of today, enclosed herewith you will find the Wells Fargo documents relating to your client, Veronica Marlow, as produced by Mattel to the other parties in this action. As I explained, Wells Fargo sent these documents directly to us without any prompting by us, notwithstanding our prior understanding that the documents would be produced to you, and in the normal course of handling they were produced to all parties on October 2, 2007.

Although you did not answer my question with respect to when your firm received these documents, I note that the Wells Fargo declaration provided with the documents is dated August 27, 2007, which is well after both the date of the agreement entered into by Ms. Wines and my letter dated July 23, 2007, informing you that I had not yet received the banking records. Without waiver of our position that your firm has violated Ms. Marlow's privacy rights and has breached the agreement entered into with Ms. Wines, I reiterate my request that you return all copies and originals of the Wells Fargo bank records, confirm that your firm has not reviewed or made any use of these documents, and provide me with the date that your firm received these documents.

With respect to your request regarding additional bank accounts used by Ms. Marlow in connection with her work with MGA, in light of your firm's violation of our agreement and, as I mentioned to you on Thursday, I believe that Ms. Marlow needs additional protection in order to proceed. What I suggested during our telephone conversation is that you identify the place of production as our offices in all of the subpoenas served on these additional financial institutions. If you agree to this condition, I will provide you with the additional information.


Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP


cc: Thomas J. Nolan
    Michael Page

Exhibit 8
Page 34

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

December 18, 2007

<u>VIA FACSIMILE, U.S. MAIL and E-MAIL</u>

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

      Re:   <u>Mattel v. Bryant</u>

Dear Dylan:

      I am writing to follow-up on my letter dated December 11, 2007, and in response to your letter dated December 6, 2007.

      With respect to Ms. Leahy's planner, as you know, at Ms. Leahy's deposition we produced the entire day planner in un-redacted form. This issue is now resolved.

      Regarding the Bates numbered photocopies of the three-dimensional objects that our clients produced, as you know, on December 11, 2007, we delivered these documents to you. With respect to the use of photographs at the depositions of my clients, as I had suspected, Mr. Zeller did indeed show my clients copies of photographs (and introduced as exhibits documents that had no Bates numbers) at their depositions that you refused to produce to me in advance. My understanding is that even if these documents are considered "work product," the work product doctrine protects the confidentiality of documents up until the time that you decide to use them in the case, at which time you must produce them. Obviously, you decided to use the photographs at my client's depositions prior to the time of their depositions. Your refusal to produce these photographs ahead of the depositions in the face of my continuing requests is improper. Moreover, your decision to waive work-product protection as to a portion of the photographs during the depositions means that you have chosen to waive any such work-product protection you could have possibly claimed in those photographs. *See Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 512-13 (S.D. Cal. 2003) ("A party cannot reasonably expect to preserve confidentiality of work product while simultaneously disclosing substantive components of that document."). Therefore, we are again requesting that you provide us with copies of all the

Exhibit 8
Page    35

B. Dylan Procter, Esq.
December 18, 2007
Page 2

photographs and videotapes that you have taken of the three-dimensional objects that we
produced.

Regarding the fee agreements, I am at a loss to understand how you can contend that
"Mattel's objections to other subpoenas and Mattel's responses to other parties' requests for
production are irrelevant here." The point is simple. Mattel is taking the position with respect to
my clients that Judge Infante's orders require the production of retainer letters, while at the same
time, Mattel has continued to object to the production of retainer letters after the entry of Judge
Infante's order. Your silence with respect to my request in my December 3, 2007 letter, that "[i]f
you have produced the retainer letter for Mr. Liden or any third party, please provide me with a
copy of that document," says everything. You have not provided me with any such retainer
letters and, therefore, I can only assume that you have continued to refuse to produce them.
Finally, as you also know, we have an ongoing disagreement regarding whether discovery
disputes with respect to our clients should be heard by Judge Infante or Magistrate Judge Block.
As we have repeatedly stated, it is our position that these disputes should be heard by Magistrate
Judge Block. Mattel has now filed a motion on this issue with a hearing date of January 7, 2007.
As soon as Judge Larson rules on Mattel's motion, we will know who is right. However, I would
note that there is no dispute that Judge Infante has jurisdiction over discovery disputes between
Mattel and MGA. Mattel's continuing objection to the production of retainer letters is, therefore,
all the more incomprehensible in light of what you characterize as clear rulings from Judge
Infante that all retainer letters must be produced. Finally, as you know, I allowed both Ms. Leahy
and Ms. Cloonan to answer questions regarding whether they had spoken to attorneys and who is
paying their legal fees. We therefore have acted consistently with Judge Larson's orders with
respect to Mr. Bryant as set forth in Judge Larson's Order Re Motions heard on June 11, 2007,
pp. 33-34 ("[Q]uestions such as the one addressed by objection No. 38, asking whether Bryant
talked to counsel for MGA during a break from his deposition, are not subject to objection based
on the attorney-client privilege.... [F]ee-payment arrangements are relevant to credibility and
bias, and if asked in discovery, Bryant must disclose who is paying his legal fees.").

With respect to your allegation that our clients are "withholding documents" from key
time periods in this case, after the depositions of Ms. Leahy and Ms. Cloonan, you now know
that this statement is not accurate. Regarding your request for a date-restricted privilege log of
communications between me and my clients, I am still at a loss to understand the basis for this
request. Moreover, since we obviously do not agree with your demand that our clients produce
their retainer letters, this issue will more than likely need to be resolved after it is determined
who is to hear discovery disputes with respect to our clients -- Judge Infante or Magistrate Judge
Block. In the meantime, please let me know if Mattel has produced a similar privilege log and I
can then consider your request.

Finally, regarding the personal Wells Fargo bank records of Ms. Marlow, we continue to
insist that you return all copies and originals of the Wells Fargo bank records, confirm that your
firm has not reviewed or made any use of these documents, and provide me with the date that
your firm received these documents. Although you claim that you gave copies of these bank

Exhibit 8
Page _____ 36

B. Dylan Procter, Esq.
December 18, 2007
Page 3

records to "all parties months ago," it is undisputed that you did not provide copies to me until November 30, 2007, and then only after I had sent several letters notifying you that I had not received the documents from Wells Fargo. As to your statement regarding "unringing the bell," it is very simple – the most that can be done at this point is to comply with my requests set forth above. Also, your statement that the Wells Fargo bank records are not privileged is inaccurate. Without limitation, the bank records include federal tax information which is private and confidential, and is recognized as protected matter by both the Ninth Circuit and this Court. *See Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *S. Cal. Hous. Rights Ctr. v. Krug*, No. CV06-1420SJOJCX, 2006 WL 4122148, at *3 (C.D. Cal. Sept. 5, 2006).

I reiterate my demand that you return all copies and originals of the Wells Fargo bank records, confirm that your firm has not reviewed or made any use of these documents, and provide me with the date that your firm reviewed these documents. As you know, we have been meeting and conferring with respect to this issue for some time. Please consider this notice that if you do not agree to these demands, we will file a motion with the Court seeking this relief.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/eg

cc: Thomas J. Nolan
Michael Page

Exhibit 8
Page _37_

**Carter Bryant v. Mattel Inc.**

Case No.: CV 04 – 09049 SGL (RNBx)

Consolidated with Case Nos.

CV 04-9059 and CV 05-2727

Hon. Stephen G. Larson

# **EXHIBIT 9**

EXHIBIT TO:   DECLARATION OF CHRISTIAN C. DOWELL IN SUPPORT OF NON-PARTY VERONICA MARLOW'S MOTION TO COMPEL MATTEL TO PURGE ITSELF OF  PRIVATE BANK RECORDS

## Christian C. Dowell

| | |
|---|---|
| **From:** | Christopher Tayback [christayback@quinnemanuel.com] |
| **Sent:** | Monday, January 07, 2008 3:18 PM |
| **To:** | Larry W. McFarland |
| **Cc:** | Dylan Proctor; Christian C. Dowell; Jennifer Lewis |
| **Subject:** | RE: Meet and Confer |

Mr. McFarland:

Yes, we are available to meet and confer on the issues raised in my letter to you and the issues you identify in your email below on Wednesday between 5 and 6 pm. We will call you at your office unless you contact us to make other arrangements.

Regards,

Christopher Tayback
(213) 443-3170

---

**From:** Larry W. McFarland [mailto:LMcfarland@kmwlaw.com]
**Sent:** Monday, January 07, 2008 2:39 PM
**To:** Christopher Tayback
**Cc:** Dylan Proctor; Christian C. Dowell
**Subject:** Re: Meet and Confer

I am writing in response to your email. As you know I was at the hearing this morning. I have commitments for other clients the rest of the day today and tomorrow. I am available to meet and confer with you on wed between 5 and 6. Also I want to meet and confer at the same time with you re our planned motion re the wells fargo docs and mattel's waiver of its work product privilege in the photos and videotapes of the three dimensional objects. Please let me know when you are available

----- Original Message -----
From: Christopher Tayback <christayback@quinnemanuel.com>
To: Larry W. McFarland
Cc: Dylan Proctor <dylanproctor@quinnemanuel.com>
Sent: Fri Jan 04 19:15:03 2008
Subject: Meet and Confer

Dear Mr. McFarland--

I left you a voicemail regarding this previously, but wanted to follow up by email. there are a number of outstanding issues about which I would like to meet and confer with you as soon as possible, including the issues we have previously discussed surrounding the zip disk labeled "Bratz" that as in Ms. Cloonan's possession, Ms. Cloonan's hard drive, and, relatedly, Ms. Leahy's hard drive. I am available, and in the office, much of this weekend, and will also be available in the office on Monday.

Regards,

Christopher Tayback
(213) 443-3170

Exhibit 9
Page _____ 38

**Carter Bryant v. Mattel Inc.**

Case No.: CV 04 – 09049 SGL (RNBx)

Consolidated with Case Nos.

CV 04-9059 and CV 05-2727

Hon. Stephen G. Larson

# **EXHIBIT 10**

EXHIBIT TO:     DECLARATION OF CHRISTIAN C. DOWELL IN SUPPORT OF NON-PARTY VERONICA MARLOW'S MOTION TO COMPEL MATTEL TO PURGE ITSELF OF  PRIVATE BANK RECORDS

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL
(310) 777-3749
WRITER'S EMAIL
cdowell@kmwlaw.com

January 28, 2008

<u>VIA FACSIMILE</u>
<u>U.S. MAIL and E-MAIL</u>

Melissa Grant, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

  Re: <u>Mattel v. Bryant</u>

Dear Ms. Grant,

  I am writing in response to your letter of January 25, 2008, which responds to my letter of January 24, 2008 and with regard to the protocol for additional review of bank records discussed in Mr. McFarland's letter of January 16, 2008.

  Regarding the revised protocol for the review of bank records, I have signed the attached copy of your January 25, 2008, letter confirming our agreement with the revised protocol. We look forward to receiving the documents produced by Captial Bank & Trust pursuant to your agreement to send them and will review and provide responsive non-privileged documents expeditiously.

     Very truly yours,

     Christian C. Dowell
     Keats McFarland & Wilson LLP

CCD/jlt

Enclosures
cc: B. Dylan Proctor
  Thomas J. Nolan
  Michael Page

Exhibit 10
Page   39

## quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3191**
WRITER'S INTERNET ADDRESS
melissagrant@quionemanuel.com

January 25, 2008

**VIA FACSIMILE**
**E-MAIL AND U.S. MAIL**

Christian C. Dowell, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212

Re:     Mattel, Inc. v. Bryant et al.

Dear Mr. Dowell:

I write in response to your letter dated January 24, 2008 regarding the subpoena issued to Capital Bank & Trust and to the letter dated January 16, 2008 from Larry McFarland to B. Dylan Proctor regarding amendments to the bank records protocol.

With respect to the banking records protocol, by letter dated January 11, 2008, Mr. Proctor proposed supplementing the review protocol for previously produced bank records and for all bank records to be produced by adding documents referring to the following:

(1)   Isabel Ana Cabrera;

(2)   Beatriz Morales;

(3)   Maria Elena Salazar;

(4)   Payments made to, or work or services performed by, any other Mattel;

(5)   Payments made by, or any services performed for, any competitors of Mattel, including any company involved in the sale of dolls or toys, while your clients were employed by Mattel; and

**quinn emanuel urquhart oliver & hedges, llp**

07209/2367247.1

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

JAN 25 2008 17:07

Exhibit 10
Page ____40____

PAGE.02

Christian C. Dowell, Esq.
Keats McFarland & Wilson LLP
Page 2

    (6) The dates on which any entities with which your clients are affiliated were established, including but not limited to payments to the Franchise Tax Board or other tax entities.

In his January 16, 2008 letter, Mr. McFarland agreed to amend the review protocol to include items (1), (2), (3), and (6). He stated, however, that items (4) and (5) were "too vague" and proposed alternative language. Mr. McFarland proposed that item (5) be amended to read that "competitors of Mattel" are defined as "any company involved in the sale of dolls or toys." The amended language Mr. McFarland proposed for item (5) is acceptable. With respect to item (4), however, we propose amending it to read as follows: "Payments made to any person while he or she was a Mattel employee, or any work or services performed by any person while he or she was employed by Mattel."

With respect to the subpoena to Capital Bank & Trust, we received this morning by federal express the bank's production of documents in response to the subpoena. We will agree to forward those documents to you for your review pursuant to the protocol provided you confirm by signing where indicated below your firm's agreement to abide by the banking records protocol as amended and as set forth above.

Very truly yours,

Melissa Grant

Acknowledged and accepted by:

Keats McFarland & Wilson LLP

MG:lc

cc:     B Dylan Proctor
        Thomas J. Nolan
        Michael Page

07209/2367247.1                                        2

Exhibit 10

Page _____ 41

# Carter Bryant v. Mattel Inc.

Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# **EXHIBIT 11**

EXHIBIT TO:   DECLARATION OF CHRISTIAN C. DOWELL IN SUPPORT OF NON-PARTY VERONICA MARLOW'S MOTION TO COMPEL MATTEL TO PURGE ITSELF OF  PRIVATE BANK RECORDS

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

December 18, 2007

<u>VIA FACSIMILE, U.S. MAIL and E-MAIL</u>

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

     Re:   <u>Mattel v. Bryant</u>

Dear Dylan:

     I am writing to follow-up on my letter dated December 11, 2007, and in response to your letter dated December 6, 2007.

     With respect to Ms. Leahy's planner, as you know, at Ms. Leahy's deposition we produced the entire day planner in un-redacted form. This issue is now resolved.

     Regarding the Bates numbered photocopies of the three-dimensional objects that our clients produced, as you know, on December 11, 2007, we delivered these documents to you. With respect to the use of photographs at the depositions of my clients, as I had suspected, Mr. Zeller did indeed show my clients copies of photographs (and introduced as exhibits documents that had no Bates numbers) at their depositions that you refused to produce to me in advance. My understanding is that even if these documents are considered "work product," the work product doctrine protects the confidentiality of documents up until the time that you decide to use them in the case, at which time you must produce them. Obviously, you decided to use the photographs at my client's depositions prior to the time of their depositions. Your refusal to produce these photographs ahead of the depositions in the face of my continuing requests is improper. Moreover, your decision to waive work-product protection as to a portion of the photographs during the depositions means that you have chosen to waive any such work-product protection you could have possibly claimed in those photographs. *See Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 512-13 (S.D. Cal. 2003) ("A party cannot reasonably expect to preserve confidentiality of work product while simultaneously disclosing substantive components of that document."). Therefore, we are again requesting that you provide us with copies of all the

Exhibit 11
Page    413

B. Dylan Procter, Esq.
December 18, 2007
Page 2

photographs and videotapes that you have taken of the three-dimensional objects that we produced.

Regarding the fee agreements, I am at a loss to understand how you can contend that "Mattel's objections to other subpoenas and Mattel's responses to other parties' requests for production are irrelevant here." The point is simple. Mattel is taking the position with respect to my clients that Judge Infante's orders require the production of retainer letters, while at the same time, Mattel has continued to object to the production of retainer letters after the entry of Judge Infante's order. Your silence with respect to my request in my December 3, 2007 letter, that "[i]f you have produced the retainer letter for Mr. Liden or any third party, please provide me with a copy of that document," says everything. You have not provided me with any such retainer letters and, therefore, I can only assume that you have continued to refuse to produce them. Finally, as you also know, we have an ongoing disagreement regarding whether discovery disputes with respect to our clients should be heard by Judge Infante or Magistrate Judge Block. As we have repeatedly stated, it is our position that these disputes should be heard by Magistrate Judge Block. Mattel has now filed a motion on this issue with a hearing date of January 7, 2007. As soon as Judge Larson rules on Mattel's motion, we will know who is right. However, I would note that there is no dispute that Judge Infante has jurisdiction over discovery disputes between Mattel and MGA. Mattel's continuing objection to the production of retainer letters is, therefore, all the more incomprehensible in light of what you characterize as clear rulings from Judge Infante that all retainer letters must be produced. Finally, as you know, I allowed both Ms. Leahy and Ms. Cloonan to answer questions regarding whether they had spoken to attorneys and who is paying their legal fees. We therefore have acted consistently with Judge Larson's orders with respect to Mr. Bryant as set forth in Judge Larson's Order Re Motions heard on June 11, 2007, pp. 33-34 ("[Q]uestions such as the one addressed by objection No. 38, asking whether Bryant talked to counsel for MGA during a break from his deposition, are not subject to objection based on the attorney-client privilege.... [F]ee-payment arrangements are relevant to credibility and bias, and if asked in discovery, Bryant must disclose who is paying his legal fees.").

With respect to your allegation that our clients are "withholding documents" from key time periods in this case, after the depositions of Ms. Leahy and Ms. Cloonan, you now know that this statement is not accurate. Regarding your request for a date-restricted privilege log of communications between me and my clients, I am still at a loss to understand the basis for this request. Moreover, since we obviously do not agree with your demand that our clients produce their retainer letters, this issue will more than likely need to be resolved after it is determined who is to hear discovery disputes with respect to our clients – Judge Infante or Magistrate Judge Block. In the meantime, please let me know if Mattel has produced a similar privilege log and I can then consider your request.

Finally, regarding the personal Wells Fargo bank records of Ms. Marlow, we continue to insist that you return all copies and originals of the Wells Fargo bank records, confirm that your firm has not reviewed or made any use of these documents, and provide me with the date that your firm received these documents. Although you claim that you gave copies of these bank

Exhibit 11
Page _____ 43

B. Dylan Procter, Esq.
December 18, 2007
Page 3

records to "all parties months ago," it is undisputed that you did not provide copies to me until November 30, 2007, and then only after I had sent several letters notifying you that I had not received the documents from Wells Fargo. As to your statement regarding "unringing the bell," it is very simple – the most that can be done at this point is to comply with my requests set forth above. Also, your statement that the Wells Fargo bank records are not privileged is inaccurate. Without limitation, the bank records include federal tax information which is private and confidential, and is recognized as protected matter by both the Ninth Circuit and this Court. *See Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *S. Cal. Hous. Rights Ctr. v. Krug*, No. CV06-1420SJOJCX, 2006 WL 4122148, at *3 (C.D. Cal. Sept. 5, 2006).

I reiterate my demand that you return all copies and originals of the Wells Fargo bank records, confirm that your firm has not reviewed or made any use of these documents, and provide me with the date that your firm reviewed these documents. As you know, we have been meeting and conferring with respect to this issue for some time. Please consider this notice that if you do not agree to these demands, we will file a motion with the Court seeking this relief.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/eg

cc:  Thomas J. Nolan
     Michael Page

Exhibit 11
Page ___ 44