QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>**MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO OBTAIN DISCOVERY AFTER THE PHASE 1 DISCOVERY CUT-OFF IN RESPONSE TO SUBPOENAS SERVED ON DOLL BAG, INC., VERONICA MARLOW, INC., MARLOW TECHNO-LOGIC, INC., PEOPLE'S BANK OF THE OZARKS AND WASHINGTON MUTUAL BANK: AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: February 25, 2008<br>Time:          10:00 a.m.<br>Courtroom:  Courtroom 1<br><br>[Declarations of Melissa Grant, Rudy Flores and Kenneth Wright filed concurrently]<br><br>**Phase 1:**<br>Discovery Cut-off:    January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date:              May 27, 2008 |

07209/2369980.2

MATTEL'S MOTION FOR LEAVE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 25, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Stephen G. Larson, located at 3470 Twelfth Street, Riverside, California, 92501, Mattel, Inc. will, and hereby does, move the Court for an order granting leave: (1) for Mattel, Inc. to obtain discovery in February 2008 from third parties Doll Bag, Inc., Veronica Marlow, Inc., Marlow Techno-Logic, Inc., Washington Mutual Bank, and People's Bank of the Ozarks; and (2) for Mattel, Inc. to subsequently file any necessary motions to compel regarding those third parties.

This Motion is made on the grounds that plaintiff and counter-defendant Mattel, Inc. has diligently attempted to serve subpoenas *duces tecum* on each of Doll Bag, Inc., Veronica Marlow, Inc., Marlow Techno-Logic, Inc., Washington Mutual Bank, and People's Bank of the Ozarks, prior to the January 28, 2008, Phase I discovery cut-off.  Despite Mattel's diligent efforts Doll Bag, Inc., Marlow Techno-Logic, Inc. and Veronica Marlow, Inc. appear to have avoided service; Mattel was consequently forced to serve the parties on January 28, 2008, by certified mail pursuant to the California Corporations Code.  Washington Mutual Bank and People's Bank of the Ozarks have agreed to comply with the subpoenas but have represented that they need additional time to retrieve certain responsive documents currently held in storage.  Mattel provided counsel for the opposing parties and third parties with proposed stipulations for additional time to permit the discovery at issue to be completed after the Phase 1 discovery cut-off, but they declined to so stipulate.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Melissa Grant, Rudy Flores, and Kenneth Wright filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

**Statement of Rule 7-3 Compliance**

The parties conferred on January 25, 2008 and January 27, 2008 and times thereafter in connection with the issues raised by this motion.

DATED: January 28, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                               By /s/ Timothy L. Alger
                                  Timothy L. Alger
                                  Attorneys for Mattel, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel respectfully seeks leave to obtain limited discovery from certain third parties after the January 28, 2008 Phase 1 discovery cut-off.  Mattel also respectfully seeks leave to file any necessary motions to compel regarding these subpoenas within 14 days after receiving responses thereto.  Good cause exists for this additional discovery because: (1) despite Mattel's diligent efforts to serve subpoenas on three of the third parties -- Doll Bag, Inc., Marlow Techno-Logic, Inc. and Veronica Marlow, Inc. -- they appear to have avoided service, forcing Mattel to serve the parties on January 28, 2008, by certified mail pursuant to the California Corporations Code; and (2) two of them -- Washington Mutual Bank and People's Bank of the Ozarks -- have represented that they will comply with the subpoenas but need additional time to retrieve certain responsive documents currently maintained in storage.

## Argument

### I. LEAVE TO OBTAIN DISCOVERY AFTER THE DISCOVERY CUT-OFF MAY BE GRANTED ON A SHOWING OF GOOD CAUSE

A party may amend a scheduling order to obtain relief form the discovery cut-off  upon a showing of "good cause."  Fed. R. Civ. P. 16(b).  The Court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 amendment); see also Zivkovic v. Southern Calif. Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002) (amending the scheduling order is within the discretion of the court).

Good cause exists to grant Mattel leave to obtain documents after the January 28, 2008 Phase I discovery cut-off in response to subpoenas *duces tecum* served on Doll Bag, Inc., Marlow Techno-Logic, Inc., Veronica Marlow, Inc.,

Washington Mutual Bank and People's Bank of the Ozarks.  Mattel was diligent in attempting to serve each of these third parties.  Moreover, leave to obtain the discovery at issue will not affect the Phase I trial date.  The Phase I pre-trial conference is scheduled for April 21, 2008.  If Mattel's request for leave is granted, the discovery at issue will be completed well in advance of that date.

## II. GOOD CAUSE EXISTS FOR MATTEL TO OBTAIN RESPONSES TO SUBPOENAS SERVED ON THE THREE VERONICA MARLOW-RELATED ENTITIES

Despite diligent efforts Mattel has been unable to personally serve three entities related to Veronica Marlow -- Doll Bag, Inc., Marlow Techno-Logic, Inc. and Veronica Marlow, Inc. -- with a subpoena *duces tecum*.[1]  The registered agent for service of process for each of the three entities is Peter Marlow.[2]  From January 16, 2008 through January 23, 2008, Mattel attempted personal service more than 10 times on Mr. Marlow at his residence, which is also the address for service of process registered with the California Secretary of State.[3]  Mattel's service efforts were frustrated each time.

After repeated failures to personally serve the three Marlow-related entities, the subpoenas were served pursuant to California Corporations Code § 1702(a), by certified mail on January 28, 2008.[4]  That provision allows for service by certified mail where "process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand."  See also Green v. Baca, 2005 WL 283361, at *1 (C.D. Cal. 2005) (finding that failure to effect

---

[1]  *See* Declaration of Rudy Flores  ("Flores Dec.") ¶¶ 2-5, and Declaration of Kenneth Wright ("Wright Dec.") ¶¶ 2-6, concurrently filed herewith.
[2]  *See* Declaration of Melissa Grant ("Grant Dec.") ¶ 8, Exh. 10.
[3]  *See* Flores Dec. ¶¶ 2-5 and Wright Dec. ¶¶ 2-6.
[4]  *See* Grant Dec. ¶ 5,  Exh. 7.

personal service is not a basis for quashing a subpoena and holding substitute service pursuant Rule 5(b) is sufficient).

Veronica Marlow is a key witness, as was recognized by Judge Larson at a hearing on Mattel's *ex parte* application to set a date for her deposition. Marlow introduced Bryant to MGA, was present at his first pitch to MGA, and has since received millions of dollars from MGA as a finder's fee.[5] At her deposition taken on December 28, 2007, Marlow revealed that three more Mattel employees had secretly worked on Bratz -- and that they did so for five years.[6] Not only had defendants failed to disclose these obviously relevant facts, but payments to these Mattel employees were made under false names to conceal them. Marlow also recently testified in deposition that she used her three companies, Doll Bag, Inc., Veronica Marlow, Inc., and Marlow Techno-Logic, Inc. to conduct business during the critical period of time when she worked on Bratz.[7] Marlow also repeatedly testified that her husband, Peter Marlow, takes care of all her business affairs.[8]

Given the critical importance of discovery relating to Marlow's three companies that Mattel learned just one month ago, Mattel respectfully requests leave to obtain documents in response to the subpoenas at issue after the Phase 1 discovery cut-off of January 28, 2008. Each subpoena seeks responsive documents to be produced by February 11, 2008.[9] Mattel further seeks leave to file a motion to compel responses to the subpoenas -- in the event such a motion is necessary -- by

---

[5] *See* Grant Dec., Exh. 12 (Tr. Veronica Marlow Deposition ("Marlow Depo") at 106:11-14, 113:10-114:3, 115:10-122:3 dated December 28, 2007).
[6] *See* Grant Dec., Exh. 12 (Marlow Depo at 282:22-330:1; 3-6:14-308:1).
[7] *See* Grant Dec., Exh 12 (Marlow Depo at 15:2-5; 16:1-7, 306:14-308:1; 367:4-369:16).
[8] *See* Grant Dec., Exh 12 (Marlow Depo at 321:24-322:2; 323:2-232:5; 324:5-21; 265:25-366:2).
[9] *See* Grant Dec., Exh. 7.

no later than February 25, 2008.  Neither the Phase 1 trial date nor the Phase 1 pre-trial schedule will be affected by granting Mattel leave as requested.

### III. GOOD CAUSE EXISTS FOR MATTEL TO OBTAIN RESPONSES TO THE SUBPOENA SERVED ON WASHINGTON MUTUAL BANK

Mattel served a subpoena *duces tecum* on Washington Mutual Bank on January 18, 2008, seeking the production of documents related to Veronica Marlow's bank accounts by January 28, 2008.[10]  The documents sought are relevant to, among other things, the timing of the creation of Bratz and the potential bias of Marlow and will show the amount and dates of payments made by MGA and/or Isaac Larian to Marlow.

As discussed above, Marlow revealed at her deposition that she paid Mattel employees to work on Bratz for the benefit of MGA.  Access to Marlow's banking records will enable the determination of who performed that work and how much they was to them.  Mattel seeks those records from the subpoena now at issue.

On January 28, 2008, Washington Mutual Bank contacted Mattel's counsel on January 28, 2008, and represented that it intended to comply with the subpoena, but needed at least three weeks to retrieve responsive documents from storage.[11]  Mattel respectfully requests leave to obtain documents from Washington Mutual Bank in response to Mattel's subpoena by February 28, 2008.  Mattel also seeks leave to file a motion to compel responses -- in the event such a motion is necessary -- by no later than March 14, 2008.

---

[10]  *See* Grant Dec., Exh. 9.
[11]  *Id.* at ¶ 10.

## IV. GOOD CAUSE EXISTS TO OBTAIN DISCOVERY IN RESPONSE TO THE SUBPOENA SERVED ON PEOPLE'S BANK OF THE OZARKS

Mattel served a subpoena *duces tecum* on People's Bank of the Ozarks (the "Bank") on January 21, 2008.[12] The subpoena sought the production of documents related to Carter Bryant's bank accounts by January 28, 2008. The documents sought are relevant to, among other things, the timing of the creation of Bratz and the potential bias of Bryant and will show the amount and dates of payments made by MGA and/or Isaac Larian to Bryant.

On January 25, 2008, the Bank contacted Mattel's counsel and stated that it intended to comply with the subpoena, but requested an additional 14 days to retrieve responsive documents.[13] The Bank represented that it had already assembled a two-feet-high stack of responsive documents for production, but had other responsive documents stored on microfilm.[14] The Bank stated that it requires the additional time to secure the necessary equipment to access the microfilm records.[15] Mattel respectfully requests leave to obtain documents from the Bank in response to Mattel's subpoena by February 14, 2008. Mattel also seeks leave to file a motion to compel responses -- in the event such a motion is necessary -- by no later than February 28, 2008.

---

[12] *See* Grant Dec., Exh. 8.
[13] *Id.* at ¶ 9.
[14] *Id.*
[15] *Id.* and Exh. 11.

07209/2369980.2

5

MATTEL'S MOTION FOR LEAVE

## Conclusion

For the foregoing reasons, Mattel respectfully requests that its motion be granted in its entirety.

DATED: January 28, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Timothy L. Alger
   Timothy L. Alger
   Attorneys for Mattel, Inc.

07209/2369980.2

6

MATTEL'S MOTION FOR LEAVE