1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
    Telephone:   (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Mattel, Inc.

9                 UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                      EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13                Plaintiff, | Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| 14          vs. | |
| 15  MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| 16 | **[PUBLIC REDACTED] DECLARATION OF MELISSA GRANT IN SUPPORT OF MATTEL, INC.'S MOTION FOR LEAVE TO OBTAIN DISCOVERY AFTER THE DISCOVERY CUT-OFF IN RESPONSE TO SUBPOENAS SERVED ON DOLL BAG, INC., VERONICA MARLOW, INC., MARLOW TECHNO-LOGIC, INC., PEOPLE'S BANK OF THE OZARKS AND WASHINGTON MUTUAL BANK** |
| 17                Defendant. | |
| 18  AND CONSOLIDATED ACTIONS | |
| 19 | |
| 20 | |
| 21 | |
| 22 | Hearing Date:  February 25, 2008 Time:                10:00 a.m. Courtroom:      1 |
| 23 | |
| 24 | |
| 25 | **Phase 1:** Discovery Cut-off:    January 28, 2008 Pre-trial Conference:  May 5, 2008 Trial Date:            May 27, 2008 |
| 26 | |
| 27 | |
| 28 | |

07209/2370817.1

# DECLARATION OF MELISSA GRANT

I, Melissa Grant, declare as follows:

1.      I am a member of the bars of the State of California and an associate at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and counter-defendant, Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.      On January 25, 2008, I sent an e-mail message to opposing counsel for MGA, Carter Bryant ("Bryant"), Isaac Larian ("Larian"), and Carlos Gustavo Machado Gomez ("Machado") requesting that they stipulate to extend the deadline for the People's Bank of the Ozarks to produce documents responsive to Mattel's subpoena *duces tecum* from January 28, 2008 to February 11, 2008, without prejudice as to Mattel's right to move to compel after the Phase 1 discovery cut-off in the event that the bank's responses were insufficient. Mattel advised opposing counsel that if they would not agree to the stipulation, Mattel would file a motion seeking leave for additional time. Attached as Exhibit 1 is a true and correct copy of my January 25, 2008 e-mail message. Because opposing counsel had agreed to stipulate to a similar extension proposed by Mattel on the same day regarding a subpoena *duces tecum* served on Wachovia Bank, I sent a second e-mail message to Bryant's counsel and other opposing counsel asking them if they would agree to the proposed stipulation regarding People's Bank of the Ozarks. Attached as Exhibit 2 is a true and correct copy of my e-mail message dated January 27, 2008. Less than five minutes later, I received an e-mail message from Bryant's counsel stating in full: "No, we will not agree." Bryant's counsel gave no reason for their refusal to so stipulate. Attached as Exhibit 3 is a true and correct copy of the e-mail message from Michael Page dated January 27, 2008.

1        3.     On January 27, 2008, I sent an e-mail message to counsel for

2 third parties Veronica Marlow and her husband Peter Marlow, Larry McFarland (as

3 well as opposing counsel for MGA, Bryant, Larian, and Machado) requesting that

4 he accept service on behalf of Peter Marlow as an individual and as the designated

5 agent for the Veronica Marlow, Inc., Doll Bag, Inc., and Marlow Techno-Logic, Inc.

6 I explained in my e-mail message that Mattel had attempted to serve Mr. Marlow

7 nearly a dozen times but he appeared to be out of town.  I also requested that Mr.

8 McFarland and opposing counsel stipulate to additional time to complete this

9 discovery without prejudice of Mattel's right to move to compel further responses

10 should that be necessary.  Attached as Exhibit 4 is a true and correct copy of my e-

11 mail message dated January 27, 2008.  Approximately two hours later, I received an

12 electronic receipt showing that Mr. McFarland had read my e-mail message.  More

13 than ten hours later, I received by e-mail transmission a letter from Mr. McFarland

14 stating that Mr. Marlow had not authorized him to accept service on his behalf and

15 that Mr. McFarland would not agree to the proposed stipulation.  Attached as

16 Exhibit 5 are true and correct copies of that electronic receipt and Mr. McFarland's

17 January 27, 2008 letter.

18        4.     Attached as Exhibit 6 are true and correct copies of the

19 subpoenas *duces tecum* dated January 15, 2008 that Mattel diligently attempted to

20 serve on Peter Marlow as the designated agent for service of process of Veronica

21 Marlow, Inc., Doll Bag, Inc., and Marlow Techno-Logic, Inc.

22        5.     Attached as Exhibit 7 are true and correct copies of the

23 subpoenas *duces tecum* dated January 28, 2008 that Mattel served by certified mail

24 on Peter Marlow as the designed Veronica Marlow, Inc., Doll Bag, Inc., and

25 Marlow Techno-Logic, Inc.

26        6.     Attached as Exhibit 8 is a true and correct copy of the subpoena

27 *duces tecum* served by Mattel on the People's Bank of the Ozarks on January 21,

28 2008.

7.      Attached as Exhibit 9 is a true and correct copy of the subpoena *duces tecum* that Mattel served on Washington Mutual Bank on January 17, 2008.

8.      Attached as Exhibit 10 are true and correct of copies of records of the Secretary of State for the State of California listing Peter Marlow as the designated agent for service of process of Veronica Marlow, Inc., Doll Bag, Inc., and Marlow Techno-Logic, Inc. and the address for each entity as 12250 Woodley Avenue, Granada Hills, CA 91344.

9.      On Friday, January 25, 2008, I received a telephone call from Alison Holmes of the People's Bank of Ozarks advising me that the Bank will comply with Mattel's subpoena. Ms. Holmes said that the Bank had already collected most of the responsive documents (consisting of a stack of paper two feet high) but that some of the older records had to be retrieved from microfilm. Ms. Holmes also said that because of technical problems the Bank needed additional time to retrieve and produce the records on microfilm. Later that day, I received two e-mails from James Bowles, the attorney for the People's Bank of the Ozarks reiterating what Ms. Holmes had told me and requesting 14 additional days from January 28, 2008 (the return date on the subpoena) to produce responsive documents. Attached as Exhibit 11 is a true and correct copy of the e-mail messages from James Bowles.

10.      On Monday, January 28, 2008, I received a telephone call from Teresa Powell of Washington Mutual Bank. Ms. Powell stated that the Washington Mutual will comply with Mattel's subpoena. However, the Bank had identified four different bank accounts for which it had records responsive to the subpoena. Ms. Powell also told me that the bank needed additional time to retrieve the records from storage. She requested an extension of the return date from January 28, 2008 to at minimum February 19, 2008. She said that the Bank would mail to Mattel a statement of the Bank's intent to comply with the subpoena on January 28, 2008.

-4-

1        11.    Attached as Exhibit 12 is a true and correct of relevant excerpts

2 from the transcript of the deposition of Veronica Marlow, dated December 28, 2007.

3

4        I declare under penalty of perjury under the laws of the United States

5 that the foregoing is true and correct.

6        Executed this 28th day of January, 2008, at Los Angeles, California.

7

8

9        Melissa Grant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Melissa Grant

| | |
|---|---|
| **From:** | Melissa Grant |
| **Sent:** | Friday, January 25, 2008 9:22 PM |
| **To:** | Paul.Eckles@skadden.com; Thomas Nolan; CAnderson@KVN.com; Jkeker@kvn.com; Mwerdeger@KVN.com; Timothy.Miller@skadden.com; Kenneth.Plevan@skadden.com; MPage@KVN.com; Alexander H. Cote (acote@obsklaw.com); Mark E. Overland (moverland@obsklaw.com); David C. Scheper (dscheper@obsklaw.com) |
| **Cc:** | John Gordon; Michael T Zeller; Dylan Proctor; Jon Corey |
| **Subject:** | Mattel v. Bryant |

Counsel,

I am writing to request that you stipulate to extend the deadline for the Peoples Bank of the Ozarks to produce documents responsive to Mattel's subpoena from January 28, 2008 to February 11, 2008, without prejudice as to Mattel's right to move to compel after the discovery cut-off in the event that the bank's response is insufficient.

Please let me know if you will agree to so stipulate by 3:00 p.m. on Sunday, January 27.  If you will not agree, we will file a motion for additional time on Monday, January 28.

Thank you for prompt attention to this matter.

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  melissagrant@quinnemanuel.com
Web:  www.quinnemanuel.com

EXHIBIT ___|___ PAGE __6__

Re: Mattel v. Bryant                                                    Page 1 of 4
Case 2:04-cv-09049-DOC-RNB   Document 1730-2   Filed 01/28/08   Page 7 of 118   Page ID
#:23755

## Melissa Grant

| | |
|---|---|
| **From:** | Melissa Grant |
| **Sent:** | Sunday, January 27, 2008 8:41 PM |
| **To:** | 'Michael Page'; 'John Keker'; 'Christa Anderson' |
| **Cc:** | Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor |
| **Subject:** | RE: Mattel v. Bryant |

Michael,

We note the you agreed to the stipulation extending the deadline for Wachovia to respond the second subpoena. Will you also agree to a similar stipulation that we proposed for Peoples Bank of the Ozarks, which has requested additional time as well?

Please let us know if we must proceed with a motion for an order extending the return date on the Peoples Bank subpoena.

Thanks

Melissa

---

**From:** Michael Page [mailto:MPage@KVN.com]
**Sent:** Sunday, January 27, 2008 2:46 PM
**To:** Melissa Grant; Amy.Park@skadden.com; acote@obsklaw.com; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; Paul.Eckles@skadden.com; Thomas.Nolan@skadden.com; Kenneth.Plevan@skadden.com; Timothy.Miller@skadden.com; John Keker; Christa Anderson; moverland@obsklaw.com; dscheper@obsklaw.com
**Subject:** Re: Mattel v. Bryant

Fine with us.

----- Original Message -----
From: Melissa Grant <melissagrant@quinnemanuel.com>
To: Park, Amy S <Amy.Park@skadden.com>; acote@obsklaw.com <acote@obsklaw.com>; Michael T Zeller <michaelzeller@quinnemanuel.com>; Jon Corey <joncorey@quinnemanuel.com>; John Gordon <johngordon@quinnemanuel.com>; Dylan Proctor <dylanproctor@quinnemanuel.com>; Eckles, Paul M (NYC) <Paul.Eckles@skadden.com>; Nolan, Thomas J (LAC) <Thomas.Nolan@skadden.com>; Plevan, Kenneth A (NYC) <Kenneth.Plevan@skadden,com>; Miller, Timothy A (SFC) <Timothy.Miller@skadden.com>; Michael Page; John Keker; Christa Anderson; moverland@obsklaw.com <moverland@obsklaw.com>; dscheper@obsklaw.com <dscheper@obsklaw.com>
Cc: Melissa Grant <melissagrant@quinnemanuel.com>
Sent: Sun Jan 27 14:26:47 2008
Subject: RE: Mattel v. Bryant

Amy, there is one change we request be made: in the second Whereas paragraph, please insert "Phase 1" before "discovery cut-off" I've attached a redline so there's no confusion.

Thanks

Melissa

**EXHIBIT** _2_ **PAGE** _7_

From: Park, Amy S [mailto:Amy.Park@skadden.com]
Sent: Sunday, January 27, 2008 1:51 PM
To: Park, Amy S (PAL); Melissa Grant; acote@obsklaw.com; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor;
Eckles, Paul M (NYC); Nolan, Thomas J (LAC); Plevan, Kenneth A (NYC); Miller, Timothy A (SFC); mpage@kvn.com;
jkeker@kvn.com; canderson@kvn.com; moverland@obsklaw.com; dscheper@obsklaw.com
Subject: RE: Mattel v. Bryant


Hi all,
Re-circulating the draft stip to correct an inadvertent omission in the last draft. Please let me know if this is acceptable.
Thanks.
Amy


From: Park, Amy S (PAL)
Sent: Sunday, January 27, 2008 1:28 PM
To: 'Melissa Grant'; acote@obsklaw.com; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; Eckles, Paul M (NYC);
Nolan, Thomas J (LAC); Plevan, Kenneth A (NYC); Miller, Timothy A (SFC); mpage@kvn.com; jkeker@kvn.com;
canderson@kvn.com; moverland@obsklaw.com; dscheper@obsklaw.com
Subject: RE: Mattel v. Bryant


Counsel,
I am attaching the draft stip regarding the subpoenas to Wachovia. Please share your comments ASAP and let me know if
we have permission to sign for you.
Thanks,
Amy


From: Melissa Grant [mailto:melissagrant@quinnemanuel.com]
Sent: Sunday, January 27, 2008 4:30 AM
To: Park, Amy S (PAL); acote@obsklaw.com; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; Eckles, Paul M
(NYC); Nolan, Thomas J (LAC); Plevan, Kenneth A (NYC); Miller, Timothy A (SFC); mpage@kvn.com; jkeker@kvn.com;
canderson@kvn.com; moverland@obsklaw.com; dscheper@obsklaw.com
Cc: Melissa Grant
Subject: Re: Mattel v. Bryant



Amy,

Your counterproposal is fine with one exception, we would like 10 days to file a motion to compel if necessary. Thanks for
offering to prepare the stipulation.
Melissa


----- Original Message -----
From: Park, Amy S <Amy.Park@skadden.com>
To: acote@obsklaw.com <acote@obsklaw.com>; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; Eckles, Paul M
(NYC) <Paul.Eckles@skadden.com>; Nolan, Thomas J (LAC) <Thomas.Nolan@skadden.com>; Plevan, Kenneth A (NYC)
<Kenneth.Plevan@skadden.com>; Miller, Timothy A (SFC) <Timothy.Miller@skadden.com>; mpage@kvn.com
<mpage@kvn.com>; jkeker@kvn.com <jkeker@kvn.com>; canderson@kvn.com <canderson@kvn.com>;
moverland@obsklaw.com <moverland@obsklaw.com>; dscheper@obsklaw.com <dscheper@obsklaw.com>; Melissa Grant
Sent: Sat Jan 26 19:47:55 2008
Subject: Mattel v. Bryant

Dear Melissa,

EXHIBIT __2__ PAGE __8__

Re: Mattel v. Bryant                                                          Page 3 of 4
Case 2:04-cv-09049-DOC-RNB    Document 1730-2    Filed 01/28/08    Page 9 of 118    Page ID
#:23757

We agree in principle with your proposal below, but the stip should make clear that (1) both Wachovia's and MGA's
responses to the new document subpoena are stayed until 7 days after Judge Infante rules on the pending motion to quash the
previous document subpoena, (2) Wachovia's responses to the deposition subpoena are stayed until 7 days after Judge
Infante rules on MGA's pending motion to quash that subpoena, and (3) we need to set a deadline by which any motions in
respect of MGA's or Wachovia's responses must be filed so that we do not have motion practice occurring into Aprill while
the parties are preparing for trial. I suggest 7 days after the responses are served. Please let me know if you are agreeable to
this. If so, I will send you over a proposed stip.
Thank you.
Amy

---

Counsel,

In light of the pending motion to quash the prior Wachovia deposition subpoena, Wachovia's counsel has asked that
Wachovia have until 7 days after the Court's ruling on the pending motion to respond to both the deposition subpoena and the
recent document subpoena. We are writing to request that you stipulate to Wachovia's requested extension and Mattel's right
to move to compel if necessary based on Wachovia's responses.

Please let us know if you will so stipulate by 5:00 p.m. Sunday. If you will not agree, we will file the requisite motion
Monday, January 28.

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: melissagrant@quinnemanuel.com <mailto:melissagrant@quinnemanuel.com>
Web: www.quinnemanuel.com <blocked::http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s)
named above. This message may be an attorney-client communication and/or work product and as such is privileged and
confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended
recipient, you are hereby notified that you have received this document in error and that any review, dissemination,
distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify
us immediately by e-mail, and delete the original message.


***********************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally
privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any
dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this
email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any
email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
***********************************************


--------------------------------------------------------------------------
*************************************************** To ensure compliance with Treasury Department
regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was
not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal
Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party
any tax-related matters addressed herein. *************************************************** This email and any attachments thereto, is intended only for
use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the
intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any

EXHIBIT    2    PAGE    9

attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*************************************************

-----------------------------------------------------------------------
************************************************* To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. *************************************************
************************************************* This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*************************************************

EXHIBIT __2__ PAGE __10__

## Melissa Grant

| | |
|---|---|
| **From:** | Michael Page [MPage@KVN.com] |
| **Sent:** | Sunday, January 27, 2008 8:44 PM |
| **To:** | Melissa Grant; John Keker; Christa Anderson |
| **Cc:** | Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor |
| **Subject:** | Re: Mattel v. Bryant |

No, we will not agree.

----- Original Message -----
From: Melissa Grant <melissagrant@quinnemanuel.com>
To: Michael Page; John Keker; Christa Anderson
Cc: Michael T Zeller <michaelzeller@quinnemanuel.com>; Jon Corey <joncorey@quinnemanuel.com>; John Gordon
<johngordon@quinnemanuel.com>; Dylan Proctor <dylanproctor@quinnemanuel.com>
Sent: Sun Jan 27 20:40:45 2008
Subject: RE: Mattel v. Bryant

Michael,

We note the you agreed to the stipulation extending the deadline for Wachovia to respond the second subpoena. Will you
also agree to a similar stipulation that we proposed for Peoples Bank of the Ozarks, which has requested additional time as
well?

Please let us know if we must proceed with a motion for an order extending the return date on the Peoples Bank subpoena.

Thanks

Melissa

---

From: Michael Page [mailto:MPage@KVN.com]
Sent: Sunday, January 27, 2008 2:46 PM
To: Melissa Grant; Amy.Park@skadden.com; acote@obsklaw.com; Michael T Zeller; Jon Corey; John Gordon; Dylan
Proctor; Paul.Eckles@skadden.com; Thomas.Nolan@skadden.com; Kenneth.Plevan@skadden.com;
Timothy.Miller@skadden.com; John Keker; Christa Anderson; moverland@obsklaw.com; dscheper@obsklaw.com
Subject: Re: Mattel v. Bryant

Fine with us.

----- Original Message -----
From: Melissa Grant <melissagrant@quinnemanuel.com>
To: Park, Amy S <Amy.Park@skadden.com>; acote@obsklaw.com <acote@obsklaw.com>; Michael T Zeller
<michaelzeller@quinnemanuel.com>; Jon Corey <joncorey@quinnemanuel.com>; John Gordon
<johngordon@quinnemanuel.com>; Dylan Proctor <dylanproctor@quinnemanuel.com>; Eckles, Paul M (NYC)
<Paul.Eckles@skadden.com>; Nolan, Thomas J (LAC) <Thomas.Nolan@skadden.com>; Plevan, Kenneth A (NYC)
<Kenneth.Plevan@skadden.com>; Miller, Timothy A (SFC) <Timothy.Miller@skadden.com>; Michael Page; John Keker;
Christa Anderson; moverland@obsklaw.com <moverland@obsklaw.com>; dscheper@obsklaw.com
<dscheper@obsklaw.com>
Cc: Melissa Grant <melissagrant@quinnemanuel.com>
Sent: Sun Jan 27 14:26:47 2008
Subject: RE: Mattel v. Bryant

EXHIBIT __3__ PAGE __11__

Re: Mattel v. Bryant                                                          Page 2 of 4
Case 2:04-cv-09049-DOC-RNB   Document 1730-2   Filed 01/28/08   Page 12 of 118   Page ID
#:23760

Amy, there is one change we request be made: in the second Whereas paragraph, please insert "Phase 1" before "discovery
cut-off" I've attached a redline so there's no confusion.

Thanks

Melissa

_____

From: Park, Amy S [mailto:Amy.Park@skadden.com]
Sent: Sunday, January 27, 2008 1:51 PM
To: Park, Amy S (PAL); Melissa Grant; acote@obsklaw.com; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor;
Eckles, Paul M (NYC); Nolan, Thomas J (LAC); Plevan, Kenneth A (NYC); Miller, Timothy A (SFC); mpage@kvn.com;
jkeker@kvn.com; canderson@kvn.com; moverland@obsklaw.com; dscheper@obsklaw.com
Subject: RE: Mattel v. Bryant

Hi all,
Re-circulating the draft stip to correct an inadvertent omission in the last draft. Please let me know if this is acceptable.
Thanks.
Amy

_____

From: Park, Amy S (PAL)
Sent: Sunday, January 27, 2008 1:28 PM
To: 'Melissa Grant'; acote@obsklaw.com; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; Eckles, Paul M (NYC);
Nolan, Thomas J (LAC); Plevan, Kenneth A (NYC); Miller, Timothy A (SFC); mpage@kvn.com; jkeker@kvn.com;
canderson@kvn.com; moverland@obsklaw.com; dscheper@obsklaw.com
Subject: RE: Mattel v. Bryant

Counsel,
I am attaching the draft stip regarding the subpoenas to Wachovia. Please share your comments ASAP and let me know if
we have permission to sign for you.
Thanks,
Amy

_____

From: Melissa Grant [mailto:melissagrant@quinnemanuel.com]
Sent: Sunday, January 27, 2008 4:30 AM
To: Park, Amy S (PAL); acote@obsklaw.com; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; Eckles, Paul M
(NYC); Nolan, Thomas J (LAC); Plevan, Kenneth A (NYC); Miller, Timothy A (SFC); mpage@kvn.com; jkeker@kvn.com;
canderson@kvn.com; moverland@obsklaw.com; dscheper@obsklaw.com
Cc: Melissa Grant
Subject: Re: Mattel v. Bryant

Amy,

Your counterproposal is fine with one exception, we would like 10 days to file a motion to compel if necessary. Thanks for
offering to prepare the stipulation.
Melissa

                                                   •

----- Original Message -----
From: Park, Amy S <Amy.Park@skadden.com>
To: acote@obsklaw.com <acote@obsklaw.com>; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; Eckles, Paul M

EXHIBIT _____3_____
PAGE _____12_____

Re: Mattel v. Bryant                                                           Page 3 of 4
Case 2:04-cv-09049-DOC-RNB   Document 1730-2   Filed 01/28/08   Page 13 of 118   Page ID
#:23761

(NYC) <Paul.Eckles@skadden.com>; Nolan, Thomas J (LAC) <Thomas.Nolan@skadden.com>; Plevan, Kenneth A (NYC)
<Kenneth.Plevan@skadden.com>; Miller, Timothy A (SFC) <Timothy.Miller@skadden.com>; mpage@kvn.com
<mpage@kvn.com>; jkeker@kvn.com <jkeker@kvn.com>; canderson@kvn.com <canderson@kvn.com>;
moverland@obsklaw.com <moverland@obsklaw.com>; dscheper@obsklaw.com <dscheper@obsklaw.com>; Melissa Grant
Sent: Sat Jan 26 19:47:55 2008
Subject: Mattel v. Bryant

Dear Melissa,
We agree in principle with your proposal below, but the stip should make clear that (1) both Wachovia's and MGA's
responses to the new document subpoena are stayed until 7 days after Judge Infante rules on the pending motion to quash the
previous document subpoena, (2) Wachovia's responses to the deposition subpoena are stayed until 7 days after Judge
Infante rules on MGA's pending motion to quash that subpoena, and (3) we need to set a deadline by which any motions in
respect of MGA's or Wachovia's responses must be filed so that we do not have motion practice occurring into Aprill while
the parties are preparing for trial. I suggest 7 days after the responses are served. Please let me know if you are agreeable to
this. If so, I will send you over a proposed stip.
Thank you.
Amy

_____

Counsel,

In light of the pending motion to quash the prior Wachovia deposition subpoena, Wachovia's counsel has asked that
Wachovia have until 7 days after the Court's ruling on the pending motion to respond to both the deposition subpoena and the
recent document subpoena. We are writing to request that you stipulate to Wachovia's requested extension and Mattel's right
to move to compel if necessary based on Wachovia's responses.

Please let us know if you will so stipulate by 5:00 p.m. Sunday. If you will not agree, we will file the requisite motion
Monday, January 28.

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: melissagrant@quinnemanuel.com <mailto:melissagrant@quinnemanuel.com>
Web: www.quinnemanuel.com <blocked::http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s)
named above. This message may be an attorney-client communication and/or work product and as such is privileged and
confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended
recipient, you are hereby notified that you have received this document in error and that any review, dissemination,
distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify
us immediately by e-mail, and delete the original message.

*********************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally
privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any
dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this
email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any
email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*********************************************

-------------------------------------------------------------------

EXHIBIT  3  PAGE  13

Re: Mattel v. Bryant                                                                    Page 4 of 4
Case 2:04-cv-09049-DOC-RNB   Document 1730-2   Filed 01/28/08   Page 14 of 118   Page ID
#:23762

*********************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. *********************************************** *********************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ***********************************************

---------------------------------------------------------------------
*********************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. *********************************************** *********************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ***********************************************

EXHIBIT __3__ PAGE __14__

Re: Mattel v. Bryant                                                    Page 1 of 4
Case 2:04-cv-09049-DOC-RNB    Document 1730-2    Filed 01/28/08    Page 15 of 118    Page ID
#:23763

## Melissa Grant

| | |
|---|---|
| **From:** | Melissa Grant |
| **Sent:** | Sunday, January 27, 2008 11:12 AM |
| **To:** | 'lmcfarland@kmwlaw.com'; 'Park, Amy S'; 'acote@obsklaw.com'; 'Eckles, Paul M (NYC)'; 'Nolan, Thomas J (LAC)'; 'Plevan, Kenneth A (NYC)'; 'Miller, Timothy A (SFC)'; 'mpage@kvn.com'; 'jkeker@kvn.com'; 'canderson@kvn.com'; 'moverland@obsklaw.com'; 'dscheper@obsklaw.com' |
| **Cc:** | Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; David Quinto; Christopher Price; Melissa Grant |
| **Subject:** | RE: Mattel v. Bryant |

| Tracking: | Recipient | Read |
|---|---|---|
| | 'lmcfarland@kmwlaw.com' | |
| | 'Park, Amy S' | |
| | 'acote@obsklaw.com' | |
| | 'Eckles, Paul M (NYC)' | |
| | 'Nolan, Thomas J (LAC)' | |
| | 'Plevan, Kenneth A (NYC)' | |
| | 'Miller, Timothy A (SFC)' | |
| | 'mpage@kvn.com' | |
| | 'jkeker@kvn.com' | |
| | 'canderson@kvn.com' | |
| | 'moverland@obsklaw.com' | |
| | 'dscheper@obsklaw.com' | |
| | Michael T Zeller | |
| | Jon Corey | Read: 1/27/2008 11:26 AM |
| | John Gordon | Read: 1/27/2008 11:18 AM |
| | Dylan Proctor | Read: 1/27/2008 11:16 AM |
| | David Quinto | |
| | Christopher Price | |
| | Melissa Grant | |
| | Tiffany Garcia | |
| | Aaron Bloomfield | |

Dear Mr. McFarland:

We previously asked that you accept service on behalf Peter Marlow, but you refused. Since then, we have attempted nearly a dozen times to serve Mr. Marlow as an individual with a deposition subpoena and with document subpoenas as the designated agent for Veronica Marlow, Inc., Doll Bag, Inc., and Marlow Techno-Logic, Inc. Mr. Marlow appears to be out of town. In light of the Phase 1 discovery cut-off and the January 7, 2008 Order, we ask again whether you will extend us the professional courtesy of accepting service on Mr. Marlow's behalf.  Alternatively, we ask that you and the other defendants stipulate to additional time to complete this discovery. Specifically, the stipulation would set February 11, 2008 as the deadline to depose Mr. Marlow and as the return date for document subpoenas on Marlow's three companies, and set February 25, 2008 as the deadline to move to compel further responses.

EXHIBIT 4  PAGE 15

1/28/2008

Please let us know by 9:00 a.m. Monday, January 28 if you will agree to accept service on behalf of Mr.
Marlow both as an individual and as the designated agent for the Marlow's three companies, or whether
you will agree to the proposed stipulation. If you will not agree, we file the requisite motion.

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  melissagrant@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above.  This message may be an attorney-client communication and/or work product and as
such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible
for delivering it to the intended recipient, you are hereby notified that you have received this document in error
and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have
received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Park, Amy S [mailto:Amy.Park@skadden.com]
**Sent:** Sunday, January 27, 2008 8:57 AM
**To:** Melissa Grant; acote@obsklaw.com; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; Eckles, Paul M
(NYC); Nolan, Thomas J (LAC); Plevan, Kenneth A (NYC); Miller, Timothy A (SFC); mpage@kvn.com;
jkeker@kvn.com; canderson@kvn.com; moverland@obsklaw.com; dscheper@obsklaw.com
**Subject:** Re: Mattel v. Bryant

That's fine. I will get you a draft stip later today.

*************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally
privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any
dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this
email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any
email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*************************************************

----- Original Message -----
From: Melissa Grant <melissagrant@quinnemanuel.com>
To: Park, Amy S (PAL); acote@obsklaw.com <acote@obsklaw.com>; Michael T Zeller
<michaelzeller@quinnemanuel.com>; Jon Corey <joncorey@quinnemanuel.com>; John Gordon
<johngordon@quinnemanuel.com>; Dylan Proctor <dylanproctor@quinnemanuel.com>; Eckles, Paul M (NYC); Nolan,
Thomas J (LAC); Plevan, Kenneth A (NYC); Miller, Timothy A (SFC); mpage@kvn.com <mpage@kvn.com>;
jkeker@kvn.com <jkeker@kvn.com>; canderson@kvn.com <canderson@kvn.com>; moverland@obsklaw.com
<moverland@obsklaw.com>; dscheper@obsklaw.com <dscheper@obsklaw.com>
Cc: Melissa Grant <melissagrant@quinnemanuel.com>
Sent: Sun Jan 27 07:29:42 2008
Subject: Re: Mattel v. Bryant

Amy,

EXHIBIT ___4___ PAGE _16_

Your counterproposal is fine with one exception, we would like 10 days to file a motion to compel if necessary. Thanks for offering to prepare the stipulation.
Melissa


----- Original Message -----
From: Park, Amy S <Amy.Park@skadden.com>
To: acote@obsklaw.com <acote@obsklaw.com>; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; Eckles, Paul M (NYC) <Paul.Eckles@skadden.com>; Nolan, Thomas J (LAC) <Thomas.Nolan@skadden.com>; Plevan, Kenneth A (NYC) <Kenneth.Plevan@skadden.com>; Miller, Timothy A (SFC) <Timothy.Miller@skadden.com>; mpage@kvn.com <mpage@kvn.com>; jkeker@kvn.com <jkeker@kvn.com>; canderson@kvn.com <canderson@kvn.com>; moverland@obsklaw.com <moverland@obsklaw.com>; dscheper@obsklaw.com <dscheper@obsklaw.com>; Melissa Grant
Sent: Sat Jan 26 19:47:55 2008
Subject: Mattel v. Bryant


Dear Melissa,
We agree in principle with your proposal below, but the stip should make clear that (1) both Wachovia's and MGA's responses to the new document subpoena are stayed until 7 days after Judge Infante rules on the pending motion to quash the previous document subpoena, (2) Wachovia's responses to the deposition subpoena are stayed until 7 days after Judge Infante rules on MGA's pending motion to quash that subpoena, and (3) we need to set a deadline by which any motions in respect of MGA's or Wachovia's responses must be filed so that we do not have motion practice occurring into Aprill while the parties are preparing for trial.  I suggest 7 days after the responses are served.  Please let me know if you are agreeable to this.  If so, I will send you over a proposed stip.
Thank you.
Amy


Counsel,

In light of the pending motion to quash the prior Wachovia deposition subpoena, Wachovia's counsel has asked that Wachovia have until 7 days after the Court's ruling on the pending motion to respond to both the deposition subpoena and the recent document subpoena.  We are writing to request that you stipulate to Wachovia's requested extension and Mattel's right to move to compel if necessary based on Wachovia's responses.

Please let us know if you will so stipulate by 5:00 p.m. Sunday.  If you will not agree, we will file the requisite motion Monday, January 28.

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: melissagrant@quinnemanuel.com <mailto:melissagrant@quinnemanuel.com>
Web: www.quinnemanuel.com <blocked::http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


********************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally

EXHIBIT ___4___ PAGE _17_

privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
************************************************

---------------------------------------------------------------------
************************************************* To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. *******************************************
************************************************* This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
************************************************

---------------------------------------------------------------------
************************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. *************************************************
************************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. *************************************************

EXHIBIT __4__  PAGE __18__

**Melissa Grant**

| | |
|---|---|
| **From:** | Larry W. McFarland [LMcfarland@kmwlaw.com] |
| **To:** | Melissa Grant |
| **Sent:** | Sunday, January 27, 2008 1:27 PM |
| **Subject:** | Read: RE: Mattel v. Bryant |

Your message

    **To:**        LMcfarland@kmwlaw.com
    Subject:

was read on 1/27/2008 1:27 PM.

EXHIBIT __5__ PAGE __19__

1

**Melissa Grant**

| | |
|---|---|
| **From:** | Matthew Klafter [MKlafter@kmwlaw.com] |
| **Sent:** | Sunday, January 27, 2008 10:42 PM |
| **To:** | Melissa Grant |
| **Cc:** | Larry W. McFarland; Christian C. Dowell |
| **Subject:** | Letter |
| **Attachments:** | letter 012708.pdf |

Ms. Grant,

Please find attached a letter dated today from Larry McFarland to your attention.


Thanks,

Matt Klafter
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212
Direct: (310) 777-3750
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=
THIS MESSAGE IS INTENDED ONLY FOR THE
USE OF THE INDIVIDUAL OR ENTITY TO
WHICH IT IS ADDRESSED AND MAY CONTAIN
INFORMATION THAT IS PRIVILEGED, CONFI-
DENTIAL, AND EXEMPT FROM DISCLOSURE
UNDER APPLICABLE LAW.
If the reader of this message is not the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, you are hereby notified that any dissemination,
distribution, forwarding, or copying of this communication is strictly prohibited. If you have received this
communication in error, please notify the sender immediately by e-mail or telephone, and delete the
original message immediately. For more information, please visit http://www.kmwlaw.com . Thank you.
=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=

EXHIBIT __5__ PAGE _20_

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

.www.kmwlaw.com

WRITER'S DIRECT DIAL

(310) 777-3750

WRITER'S EMAIL

lmcfarland@kmwlaw.com

January 27, 2008

VIA FACSIMILE
U.S. MAIL and E-MAIL

Melissa Grant, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

     Re:    Mattel v. Bryant

Dear Ms. Grant,

     I am writing with regard to your email to me dated Sunday, January 27, 2008.  As an initial matter, I am not aware of any federal or local rule that requires me to respond to you on less than 24 hours notice, particularly when the notice is provided on a Sunday.  Nevertheless, I think it is important that I correct your misstatement regarding Peter Marlow.  No one from your firm ever asked me whether I would accept service of a subpoena for Mr. Marlow.  With respect to your request that I agree to accept service of a subpoena on Mr. Marlow, I am not authorized to do so.

     With respect to your request that I stipulate to an extension of discovery cut-off with respect to the deposition of Mr. Marlow, I am unwilling to do this.  You have known about Peter Marlow since 2004 and yet you decided to wait until a few days before discovery cut-off to try and depose him.  That was Mattel's choice.

     Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/jlt

cc:  Thomas J. Nolan
     Michael Page

EXHIBIT  5  PAGE  21

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL    DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

## SUBPOENA IN A CIVIL CASE

v.

MATTEL, INC., a Delaware corporation.

Case Number: [1]  CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO: Veronica Marlow, Inc.
    12250 Woodley Avenue
    Granada Hills, CA 91344

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 | January 28, 2008<br>9:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 15, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Melissa Grant, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 (213) 443-3180

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT  6   PAGE 22

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

SERVED ON (PRINT NAME)                                    MANNER OF SERVICE

SERVED BY (PRINT NAME)                                    TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE                                    SIGNATURE OF SERVER


ADDRESS OF SERVER


Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT  6  PAGE  23

## ATTACHMENT A

## Documents To Be Produced

1.  **DEFINITIONS.**

> (a)   "YOU" or "YOUR" means VERONICA MARLOW, INC., current or former employees, attorneys, including partners, associates and shareholders, agents, representatives, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

> (b)   "VERONICA MARLOW" means Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, and any of VERONICA MARLOW's current or former agents or representatives, including any trustees acting for her benefit or on her behalf, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "VERONICA MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

> (c)   "PETER MARLOW" means Peter A. Marlow, husband of Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, and any of PETER MARLOW's current or former agents or representatives, including any trustees acting for his benefit or on his behalf, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control. Without limiting the foregoing, "PETER MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Peter A. Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

07209/2352364.2

1

EXHIBIT 6 PAGE 24

(d)   "BRYANT" means Carter Bryant, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control. Without limiting the foregoing, "BRYANT" shall include Carter Bryant Enterprises and any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Carter Bryant, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(e)   "CABRERA" means Isabelle Cabrera, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "CABRERA" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Isabelle Cabrera, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(f)   "MORALES" means Beatrice Morales, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "MORALES" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Beatrice Morales, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(g)   "SALAZAR" means Maria Elena Salazar, and any all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "SALAZAR" shall include any

07209/2352564.2

2

EXHIBIT  6   PAGE 25

partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Elena Salazar, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(h)    "ISAAC LARIAN" means Isaac Larian, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control, including without limitation the Isaac Larian Annuity Trust and the Isaac and Angela Larian Trust.  Without limiting the foregoing, "ISAAC LARIAN" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Isaac Larian, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(i)    "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof.  Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

(j)    "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, concepts, ideas, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have

07209/2352564.2

3

EXHIBIT  6  PAGE  26

been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part. the phrase "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.

(k)    "MARLOW TECHNO-LOGIC, INC." means Marlow Techno-Logic, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

(l)    "DOLL BAG, INC." means Doll Bag, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

(m)    "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without any limitation on the foregoing, "MGA" includes "ABC International Traders, Inc.," as MGA was formerly known.

(n)    "MGA EMPLOYEE" means any PERSON whom MGA currently or formerly employed, or who otherwise performed any service for the benefit of MGA, including without limitation independent contractors.

(o)    "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

(p)    "MATTEL ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v.

EXHIBIT  6   PAGE 27

Bryant, first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

(q)     "MATTEL EMPLOYEE" means any PERSON whom MATTEL currently or formerly employed, or who otherwise performed any service for the benefit of MATTEL, including without limitation independent contractors.

(r)     "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

(s)     "DOCUMENT" or "DOCUMENTS" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including without limitation all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

(t)     "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

(u)     "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

07209/2352564.2

5

EXHIBIT  6  PAGE 28

(v)     Wherever used herein, the singular shall include the plural and the plural shall include the singular.

## INSTRUCTIONS.

a.     YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.     If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)     The privilege or protection that you claim precludes disclosure;

(2)     The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)     The date, author(s), addressee(s); and

(4)     Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.     YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

d.     YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

e.     Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

07209/2352564.2

6

EXHIBIT 6 PAGE 29

2.   <u>DOCUMENTS TO BE PRODUCED.</u>

(1)   All of YOUR formation DOCUMENTS, and drafts thereof.

(2)   All of YOUR tax returns and schedules, including without limitation Forms 1041 and 8453F, and Schedules C, C-EZ, D, E, F and K-1, and drafts thereof, from the period beginning January 1, 1999 to the present.

(3)   All DOCUMENTS RELATING TO YOU, including without limitation accounting records, profit and loss statements, work papers, worksheets, payroll records, financial statements (audited and unaudited), pro formas, budgets, account information and account statements, from the period beginning January 1, 1999 to the present.

(4)   All DOCUMENTS RELATING TO YOUR corporate and/or financial relationship with MARLOW TECHNO-LOGIC, INC. since January 1, 1999 to the present.

(5)   All DOCUMENTS RELATING TO YOUR corporate and/or financial relationship with DOLL BAG, INC. since January 1, 1999 to the present.

(6)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to VERONICA MARLOW.

(7)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to BRYANT.

(8)   All DOCUMENTS RELATING to payments or transfers of value from YOU to ISAAC LARIAN.

(9)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to PETER MARLOW.

(10)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to any parent(s), sibling(s), children, or other relative(s) of PETER MARLOW

07209/2352564.2

7

EXHIBIT  6  PAGE  30

and/or VERONICA MARLOW.

(11)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to CABRERA.

(12)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to MORALES.

(13)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to SALAZAR.

(14)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to any other MATTEL EMPLOYEE.

(15)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to any other MGA employee.

(16)   All DOCUMENTS RELATING TO payments or transfers of value from MGA to YOU.

(17)   All DOCUMENTS RELATING TO payments or transfers of value between BRYANT and YOU.

(18)   All DOCUMENTS RELATING TO payments or transfers of value between VERONICA MARLOW and YOU.

(19)   All DOCUMENTS RELATING TO  payments or transfers of value between ISAAC LARIAN and YOU.

(20)   All DOCUMENTS RELATING TO payments or transfers of value between DOLL BAG, INC. and YOU.

(21)   All DOCUMENTS RELATING TO payments or transfers of value between MARLOW TECHNO-LOGIC, INC. and YOU.

(22)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MGA since January 1, 1999.

07209/2352564.2

8

EXHIBIT  6  PAGE 31

(23)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and BRYANT since January 1, 1999.

(24)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and ISAAC LARIAN since January 1, 1999.

(25)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and CABRERA since January 1, 1999.

(26)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and SALAZAR since January 1, 1999.

(27)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MORALES since January 1, 1999.

(28)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MATTEL RELATING TO BRATZ since January 1, 1999.

(29)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and any other PERSON RELATING TO BRATZ since January 1, 1999.

(30)   To the extent not included in YOUR production responsive to Request Nos. 1-29, DOCUMENTS SUFFICIENT to identify YOUR accounts with any financial institution, including without limitation the name(s) and address(es) of each financial institution and the corresponding account number(s).

(31)   All DOCUMENTS relating to BRATZ that YOU obtained from BRYANT, VERONICA MARLOW, MGA, ISAAC LARIAN, or any other PERSON since January 1, 1999.

(32)   All DOCUMENTS relating to the MATTEL ACTION.

(33)   All DOCUMENTS RELATING TO any business expenses incurred by VERONICA MARLOW RELATED TO MGA, BRYANT, BRATZ, ISAAC LARIAN, or MATTEL since January 1, 1999, including without limitation receipts, invoices, correspondence, e-mails, credit card statements, cancelled checks, and wire

07209/2352564.2

9

EXHIBIT  6   PAGE 32

transfers.

(34)   All DOCUMENTS RELATING TO any business expenses incurred by YOU between January 1, 1999 and December 31, 2001 RELATED TO MGA, BRYANT, or ISAAC LARIAN RELATED TO any project, product, doll or DESIGN other than BRATZ, including without limitation, receipts, invoices, correspondence, e-mails, credit card statements, bank statements, and wire transfers.

(35)   DOCUMENTS sufficient to show YOUR policies or practices relating to the preservation, retention or destruction of DOCUMENTS sought by or the subject of Request Nos. 1 through 34.

(36)   DOCUMENTS sufficient to identify any PERSON who has served as YOUR auditor(s) or accountant(s) since January 1, 1999.

07209/2352564.2

10

EXHIBIT 6 PAGE 33

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

__CENTRAL__   DISTRICT OF __CALIFORNIA__

CARTER BRYANT, an individual,

## SUBPOENA IN A CIVIL CASE

v.

MATTEL, INC., a Delaware corporation,

Case Number:[1]  CV 04-9049 SGL (RNBx)

Consolidated with cases CV 49-9059 and CV50-2727

TO:  Doll Bag, Inc.
     12250 Woodley Avenue
     Granada Hills, CA 91344

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa Street, 10th Floor Los Angeles, CA 90017 | January 28, 2008 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 15, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
Melissa Grant, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA  90017-2543  (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT __6__  PAGE __34__

AO-88

AO88  (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT 6 PAGE 35

## ATTACHMENT A

## Documents To Be Produced

1.    **DEFINITIONS.**

      (a)    "YOU" or "YOUR" means DOLL BAG, INC., current or former employees, attorneys, including partners, associates and shareholders, agents, representatives, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority, or subject to YOUR control.

      (b)    "VERONICA MARLOW" means Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, and any of VERONICA MARLOW's current or former agents or representatives, including any trustees acting for her benefit or on her behalf, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "VERONICA MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

      (c)    "PETER MARLOW" means Peter A. Marlow, husband of Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, and any of PETER MARLOW's current or former agents or representatives, including any trustees acting for his benefit or on his behalf, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control. Without limiting the foregoing, "PETER MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Peter A. Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

      (d)    "BRYANT" means Carter Bryant, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants,

07209/2352506.2

1

EXHIBIT __6__ PAGE __36__

independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control. Without limiting the foregoing, "BRYANT" shall include Carter Bryant Enterprises and any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Carter Bryant, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(e)    "CABRERA" means Isabelle Cabrera, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "CABRERA" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Isabelle Cabrera, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(f)    "MORALES" means Beatrice Morales, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "MORALES" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Beatrice Morales, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(g)    "SALAZAR" means Maria Elena Salazar, and any all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "SALAZAR" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Elena

07209/2352506.2

2

EXHIBIT ___6___ PAGE ___37___

Salazar, as well as their agents, representatives, employees, officers and directors and
any one else acting on their behalf, pursuant to their authority, or subject to their
control.

      (h)   "ISAAC LARIAN" means Isaac Larian, and all of his current or
former employees, agents, representatives, attorneys, accountants, vendors,
consultants, independent contractors, predecessors-in-interest and successors-in-
interest, and any other PERSON acting on his behalf, pursuant to his authority, or
subject to his control, including without limitation the Isaac Larian Annuity Trust and
the Isaac and Angela Larian Trust.  Without limiting the foregoing, "ISAAC
LARIAN" shall include any partnerships, corporations, joint ventures, and any kind of
business, legal, or public entity or organization owned or operated by or otherwise
affiliated with Isaac Larian, as well as their agents, representatives, employees,
officers and directors and any one else acting on their behalf, pursuant to their
authority, or subject to their control.

      (i)   "BRATZ" means any project, product, doll or DESIGN ever
known by that name (whether in whole or in part and regardless of what such project,
product or doll is or has been also, previously or subsequently called) and any product,
doll or DESIGN or any portion thereof that is now or has ever been known as, or sold
or marketed under, the name or term "Bratz" (whether in whole or in part and
regardless of what such product, doll or DESIGN or portion thereof is or has been
also, previously or subsequently called) or that is now or has ever been sold or
marketed as part of the "Bratz" line, and each version or iteration of such product, doll
or DESIGN or any portion thereof.  Without limiting the generality of the foregoing,
the term "BRATZ" does not and shall not require that there be a doll existing at the
time of the event, incident or occurrence that is the subject of, or otherwise relevant or
responsive to, the Requests herein.

      (j)   "DESIGN" or "DESIGNS" means any and all representations,
whether two-dimensional or three-dimensional, and whether in tangible, digital,
electronic or other form, including but not limited to all works, designs, artwork,
sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
practice, developments, concepts, ideas, inventions and/or improvements, as well as
all other items, things and DOCUMENTS in which any of the foregoing are or have
been expressed, embodied, contained, fixed or reflected in any manner, whether in
whole or in part.  the phrase "product, doll or DESIGN or any portion thereof" also

07209/2352506.2

3

EXHIBIT __6__ PAGE __38__

includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.

(k)    "MARLOW TECHNO-LOGIC, INC." means Marlow Techno-Logic, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority, or subject to its control.

(l)    "VERONICA MARLOW, INC." means Veronica Marlow, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority, or subject to its control.

(m)    "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority, or subject to its control. Without any limitation on the foregoing, "MGA" includes "ABC International Traders, Inc.," as MGA was formerly known.

(n)    "MGA EMPLOYEE" means any PERSON whom MGA currently or formerly employed or who otherwise performed any services for the benefit of MATTEL, including without limitation independent contractors.

(o)    "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority, or subject to its control.

(p)    "MATTEL ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v. Bryant, first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and

07209/2352506.2

4

EXHIBIT __6__ PAGE __39__

<u>MGA Entertainment, Inc. v. Mattel, Inc.</u>; and all counterclaims, cross-claims and defenses therein.

(q)   "MATTEL EMPLOYEE" means any PERSON whom MATTEL currently or formerly employed or who otherwise performed any services for the benefit of MATTEL, including without limitation independent contractors.

(r)   "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority, or subject to its, his or her control.

(s)   "DOCUMENT" or "DOCUMENTS" means any "writing" or "recording" as defined in <u>Federal Rule of Civil Procedure</u> 34 and/or <u>Federal Rule of Evidence</u> 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.  Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including without limitation all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

(t)   "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

(u)   "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

07209/2352506.2

5

EXHIBIT __6__ PAGE __40__

(v)   Wherever used herein, the singular shall include the plural and the plural shall include the singular.

INSTRUCTIONS.

a.   YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.   If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)   The privilege or protection that you claim precludes disclosure;

(2)   The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)   The date, author(s), addressee(s); and

(4)   Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.   YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

d.   YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

e.   Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

2.   DOCUMENTS TO BE PRODUCED.

(1)   All of YOUR formation DOCUMENTS, and drafts thereof.

07209/2352506.2

6

EXHIBIT __6__ PAGE __41__

(2)  All of YOUR tax returns and schedules, including without limitation Forms 1041 and 8453F, and Schedules C, C-EZ, D, E, F and K-1, and drafts thereof, from the period beginning January 1, 1999 to the present.

(3)  All DOCUMENTS RELATING TO YOU, including without limitation accounting records, profit and loss statements, work papers, worksheets, payroll records, financial statements (audited and unaudited), pro formas, budgets, account information and account statements, employee rosters, from the period beginning January 1, 1999 to the present.

(4)  All DOCUMENTS RELATING TO YOUR corporate and/or financial relationship with MARLOW TECHNO-LOGIC, INC. since January 1, 1999 to the present.

(5)  All DOCUMENTS RELATING TO YOUR corporate and/or financial relationship with VERONICA MARLOW, INC. since January 1, 1999 to the present.

(6)  All DOCUMENTS RELATING TO payments or transfers of value from YOU to VERONICA MARLOW.

(7)  All DOCUMENTS RELATING TO payments or transfers of value from YOU to BRYANT.

(8)  All DOCUMENTS RELATING to payments or transfers of value from YOU to ISAAC LARIAN.

(9)  All DOCUMENTS RELATING TO payments or transfers of value from YOU to PETER MARLOW.

(10)  All DOCUMENTS RELATING TO payments or transfers of value from YOU to any parent(s), sibling(s), children, or other relative(s) of PETER MARLOW and/or VERONICA MARLOW.

(11)  All DOCUMENTS RELATING TO payments or transfers of value from YOU to CABRERA.

(12)  All DOCUMENTS RELATING TO payments or transfers of value from

07209/2352506.2

7

EXHIBIT __6__ PAGE __42__

YOU to MORALES.

(13)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to SALAZAR.

(14)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to any other MATTEL EMPLOYEE.

(15)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to any other MGA EMPLOYEE.

(16)   All DOCUMENTS RELATING TO payments or transfers of value from MGA to YOU.

(17)   All DOCUMENTS RELATING TO payments or transfers of value between BRYANT and YOU.

(18)   All DOCUMENTS RELATING TO payments or transfers of value between VERONICA MARLOW and YOU.

(19)   All DOCUMENTS RELATING TO  payments or transfers of value between ISAAC LARIAN and YOU.

(20)   All DOCUMENTS RELATING TO payments or transfers of value between VERONICA MARLOW, INC. and YOU.

(21)   All DOCUMENTS RELATING TO payments or transfers of value between MARLOW TECHNO-LOGIC, INC. and YOU.

(22)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MGA since January 1, 1999.

(23)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and BRYANT since January 1, 1999.

(24)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and ISAAC LARIAN since January 1, 1999.

07209/2352506.2

8

EXHIBIT _6__ PAGE _43__

(25)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and CABRERA since January 1, 1999.

(26)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and SALAZAR since January 1, 1999.

(27)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MORALES since January 1, 1999.

(28)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MATTEL RELATING TO BRATZ since January 1, 1999.

(29)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and any other PERSON RELATING TO BRATZ since January 1, 1999.

(30)   To the extent not included in YOUR production responsive to Requests Nos. 1-29, DOCUMENTS SUFFICIENT to identify YOUR accounts with any financial institution, including without limitation the name(s) and address(es) of each financial institution and the corresponding account number(s).

(31)   All DOCUMENTS relating to BRATZ that YOU obtained from BRYANT, VERONICA MARLOW, MGA, ISAAC LARIAN, or any other PERSON since January 1, 1999.

(32)   All DOCUMENTS relating to the MATTEL ACTION.

(33)   All DOCUMENTS RELATING TO any business expenses incurred by VERONICA MARLOW RELATED TO MGA, BRYANT, BRATZ, ISAAC LARIAN, or MATTEL since January 1, 1999, including without limitation receipts, invoices, correspondence, e-mails, credit card statements, cancelled checks, and wire transfers.

(34)   All DOCUMENTS RELATING TO any business expenses incurred by YOU between January 1, 1999 and December 31, 2001 RELATED TO MGA, BRYANT, or ISAAC LARIAN RELATED TO any project, product, doll or DESIGN other than BRATZ, including without limitation receipts, invoices, correspondence, e-

07209/2352506.2

9

EXHIBIT __6__ PAGE __44__

mails, credit card statements, cancelled checks, and wire transfers.

(35)   DOCUMENTS sufficient to show YOUR policies or practices relating to the preservation, retention or destruction of DOCUMENTS sought by or the subject of Request Nos. 1 through 34.

(36)   DOCUMENTS sufficient to identify any PERSON who has served as YOUR auditor(s) or accountant(s) since January 1, 1999.

EXHIBIT __6__ PAGE __45__

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

## SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number:[1] CV 04-9049 SGL (RNBx)

Consolidated with cases CV 49-9059 and CV50-2727

TO:   Marlow Techno-Logic, Inc.
      12250 Woodley Avenue
      Granada Hills, CA 91344

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa Street, 10th Floor Los Angeles, CA 90017 | January 28, 2008 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 15, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
Melissa Grant, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA  90017-2543 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT __6__ PAGE __46__

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT   6   PAGE 47

## ATTACHMENT A

### Documents To Be Produced

1.   **DEFINITIONS.**

      (a)   "YOU" or "YOUR" means MARLOW TECHNO-LOGIC, INC., current or former employees, attorneys, including partners, associates and shareholders, agents, representatives, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      (b)   "VERONICA MARLOW" means Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, and any of VERONICA MARLOW's current or former agents or representatives, including any trustees acting for her benefit or on her behalf, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "VERONICA MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

      (c)   "PETER MARLOW" means Peter A. Marlow, husband of Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, and any of PETER MARLOW's current or former agents or representatives, including any trustees acting for his benefit or on his behalf, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control. Without limiting the foregoing, "PETER MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Peter A. Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

07209/2352709.2

EXHIBIT 6 PAGE 48

(d)    "BRYANT" means Carter Bryant, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control. Without limiting the foregoing, "BRYANT" shall include Carter Bryant Enterprises and any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Carter Bryant, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(e)    "CABRERA" means Isabelle Cabrera, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "CABRERA" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Isabelle Cabrera, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(f)    "MORALES" means Beatrice Morales, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "MORALES" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Beatrice Morales, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(g)    "SALAZAR" means Maria Elena Salazar, and any all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "SALAZAR" shall include any

07209/2352709.2

2

EXHIBIT  6  PAGE  49

partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Elena Salazar, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(h)   "ISAAC LARIAN" means Isaac Larian, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control, including without limitation the Isaac Larian Annuity Trust and the Isaac and Angela Larian Trust.   Without limiting the foregoing, "ISAAC LARIAN" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Isaac Larian, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(i)   "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof.   Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

(j)   "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, concepts, ideas, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have

EXHIBIT  6  PAGE  50

been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.  the phrase "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.

(k)    "DOLL BAG, INC." means Doll Bag, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

(l)    "VERONICA MARLOW, INC." means Veronica Marlow, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

(m)    "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without any limitation on the foregoing, "MGA" includes "ABC International Traders, Inc.," as MGA was formerly known.

(n)    "MGA EMPLOYEE" means any PERSON whom MGA currently or formerly employed, or who otherwise performed any service for the benefit of MGA, including without limitation independent contractors.

(o)    "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

(p)    "MATTEL ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v.

07209/2352709.2

4

EXHIBIT 6 PAGE 51

<u>Bryant</u>, first filed in Los Angeles County Superior Court; <u>Bryant v. Mattel, Inc.</u>; and <u>MGA Entertainment, Inc. v. Mattel, Inc.</u>; and all counterclaims, cross-claims and defenses therein.

(q)    "MATTEL EMPLOYEE" means any PERSON whom MATTEL currently or formerly employed, or who otherwise performed any service for the benefit of MATTEL, including without limitation independent contractors.

(r)    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

(s)    "DOCUMENT" or "DOCUMENTS" means any "writing" or "recording" as defined in <u>Federal Rule of Civil Procedure</u> 34 and/or <u>Federal Rule of Evidence</u> 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including without limitation all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

(t)    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

(u)    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

07209/2352709.2

5

EXHIBIT 6 PAGE 52

(v)    Wherever used herein, the singular shall include the plural and the plural shall include the singular.

<u>INSTRUCTIONS.</u>

a.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)    The privilege or protection that you claim precludes disclosure;

(2)    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)    The date, author(s), addressee(s); and

(4)    Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

d.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

e.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

2.    <u>DOCUMENTS TO BE PRODUCED.</u>

07209/2352709.2

6

EXHIBIT 6 PAGE 53

(1)     All of YOUR formation DOCUMENTS, and drafts thereof.

(2)     All of YOUR tax returns and schedules, including without limitation Forms 1041 and 8453F, and Schedules C, C-EZ, D, E, F and K-1, and drafts thereof, from the period beginning January 1, 1999 to the present.

(3)     All DOCUMENTS RELATING TO YOU, including without limitation accounting records, profit and loss statements, work papers, worksheets, payroll records, financial statements (audited and unaudited), pro formas, budgets, account information and account statements, from the period beginning January 1, 1999 to the present.

(4)     All DOCUMENTS RELATING TO YOUR corporate and/or financial relationship with DOLL BAG, INC. since January 1, 1999 to the present.

(5)     All DOCUMENTS RELATING TO YOUR corporate and/or financial relationship with VERONICA MARLOW, INC. since January 1, 1999 to the present.

(6)     All DOCUMENTS RELATING TO payments or transfers of value from YOU to VERONICA MARLOW.

(7)     All DOCUMENTS RELATING TO payments or transfers of value from YOU to BRYANT.

(8)     All DOCUMENTS RELATING to payments or transfers of value from YOU to ISAAC LARIAN.

(9)     All DOCUMENTS RELATING TO payments or transfers of value from YOU to PETER MARLOW.

(10)    All DOCUMENTS RELATING TO payments or transfers of value from YOU to any parent(s), sibling(s), children, or other relative(s) of PETER MARLOW and/or VERONICA MARLOW.

(11)    All DOCUMENTS RELATING TO payments or transfers of value from YOU to CABRERA.

07209/2352709.2

7

EXHIBIT  6  PAGE  54

(12)  All DOCUMENTS RELATING TO payments or transfers of value from YOU to MORALES.

(13)  All DOCUMENTS RELATING TO payments or transfers of value from YOU to SALAZAR.

(14)  All DOCUMENTS RELATING TO payments or transfers of value from YOU to any other MATTEL EMPLOYEE.

(15)  All DOCUMENTS RELATING TO payments or transfers of value from YOU to any other MGA employee.

(16)  All DOCUMENTS RELATING TO payments or transfers of value from MGA to YOU.

(17)  All DOCUMENTS RELATING TO payments or transfers of value between BRYANT and YOU.

(18)  All DOCUMENTS RELATING TO payments or transfers of value between VERONICA MARLOW and YOU.

(19)  All DOCUMENTS RELATING TO  payments or transfers of value between ISAAC LARIAN and YOU.

(20)  All DOCUMENTS RELATING TO payments or transfers of value between VERONICA MARLOW, INC. and YOU.

(21)  All DOCUMENTS RELATING TO payments or transfers of value between DOLL BAG, INC. and YOU.

(22)  All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MGA since January 1, 1999.

(23)  All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and BRYANT since January 1, 1999.

EXHIBIT  6  PAGE 55

.

(24)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and ISAAC LARIAN since January 1, 1999.

(25)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and CABRERA since January 1, 1999.

(26)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and SALAZAR since January 1, 1999.

(27)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MORALES since January 1, 1999.

(28)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MATTEL RELATING TO BRATZ since January 1, 1999.

(29)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and any other PERSON RELATING TO BRATZ since January 1, 1999.

(30)   To the extent not included in YOUR production responsive to Request Nos. 1-29, DOCUMENTS SUFFICIENT to identify YOUR accounts with any financial institution, including without limitation the name(s) and address(es) of each financial institution and the corresponding account number(s).

(31)   All DOCUMENTS relating to BRATZ that YOU obtained from BRYANT, VERONICA MARLOW, MGA, ISAAC LARIAN, or any other PERSON since January 1, 1999.

(32)   All DOCUMENTS relating to the MATTEL ACTION.

(33)   All DOCUMENTS RELATING TO any business expenses incurred by VERONICA MARLOW RELATED TO MGA, BRYANT, BRATZ, ISAAC LARIAN, or MATTEL since January 1, 1999, including without limitation, receipts, invoices, correspondence, e-mails, credit card statements, bank statements, and wire transfers.

(34)   All DOCUMENTS RELATING TO any business expenses incurred by YOU between January 1, 1999 and December 31, 2001 RELATED TO MGA,

07209/2352709.2

EXHIBIT  6  PAGE  56

BRYANT, or ISAAC LARIAN RELATED TO any project, product, doll or DESIGN other than BRATZ, including without limitation, receipts, invoices, correspondence, e-mails, credit card statements, bank statements, and wire transfers.

(35)   DOCUMENTS sufficient to show YOUR policies or practices relating to the preservation, retention or destruction of DOCUMENTS sought by or the subject of Request Nos. 1 through 34.

(36)   DOCUMENTS sufficient to identify any PERSON who has served as YOUR auditor(s) or accountant(s) since January 1, 1999.

EXHIBIT 6 PAGE 57

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL    DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

**AMENDED SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation.

Case Number:[1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and CV 05-2727

TO: Veronica Marlow, Inc.
12250 Woodley Avenue
Granada Hills, CA 91344

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 | February 11,2008 9:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 25, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Melissa Grant, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 (213) 443-3191

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT 7  PAGE 58

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT 7 PAGE 59

## ATTACHMENT A

## Documents To Be Produced

1.   **DEFINITIONS.**

       (a)   "YOU" or "YOUR" means VERONICA MARLOW, INC., current or former employees, attorneys, including partners, associates and shareholders, agents, representatives, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

       (b)   "VERONICA MARLOW" means Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, and any of VERONICA MARLOW's current or former agents or representatives, including any trustees acting for her benefit or on her behalf, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "VERONICA MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

       (c)   "PETER MARLOW" means Peter A. Marlow, husband of Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, and any of PETER MARLOW's current or former agents or representatives, including any trustees acting for his benefit or on his behalf, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control. Without limiting the foregoing, "PETER MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Peter A. Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

07209/2352564.2

1

EXHIBIT __7__ PAGE _60_

(d)   "BRYANT" means Carter Bryant, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control. Without limiting the foregoing, "BRYANT" shall include Carter Bryant Enterprises and any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Carter Bryant, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(e)   "CABRERA" means Isabelle Cabrera, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "CABRERA" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Isabelle Cabrera, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(f)   "MORALES" means Beatrice Morales, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "MORALES" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Beatrice Morales, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(g)   "SALAZAR" means Maria Elena Salazar, and any all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "SALAZAR" shall include any

07209/2352564.2

2

EXHIBIT 7 PAGE 61

partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Elena Salazar, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(h)   "ISAAC LARIAN" means Isaac Larian, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control, including without limitation the Isaac Larian Annuity Trust and the Isaac and Angela Larian Trust.   Without limiting the foregoing, "ISAAC LARIAN" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Isaac Larian, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(i)   "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof.  Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

(j)   "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, concepts, ideas, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have

07209/2352564.2

3

EXHIBIT   7   PAGE   62

been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part. the phrase "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.

(k)    "MARLOW TECHNO-LOGIC, INC." means Marlow Techno-Logic, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

(l)    "DOLL BAG, INC." means Doll Bag, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

(m)    "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without any limitation on the foregoing, "MGA" includes "ABC International Traders, Inc.," as MGA was formerly known.

(n)    "MGA EMPLOYEE" means any PERSON whom MGA currently or formerly employed, or who otherwise performed any service for the benefit of MGA, including without limitation independent contractors.

(o)    "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

(p)    "MATTEL ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v.

EXHIBIT __7__ PAGE _63_

Bryant, first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

(q) "MATTEL EMPLOYEE" means any PERSON whom MATTEL currently or formerly employed, or who otherwise performed any service for the benefit of MATTEL, including without limitation independent contractors.

(r) "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

(s) "DOCUMENT" or "DOCUMENTS" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including without limitation all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

(t) "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

(u) "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

07209/2352564.2

5

EXHIBIT _7_ PAGE _64_

(v)    Wherever used herein, the singular shall include the plural and the plural shall include the singular.

## INSTRUCTIONS.

a.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)    The privilege or protection that you claim precludes disclosure;

(2)    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)    The date, author(s), addressee(s); and

(4)    Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

d.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

e.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

07209/2352564.2

6

EXHIBIT ⁊ PAGE 6 5

2.    <u>DOCUMENTS TO BE PRODUCED.</u>

(1)    All of YOUR formation DOCUMENTS, and drafts thereof.

(2)    All of YOUR tax returns and schedules, including without limitation Forms 1041 and 8453F, and Schedules C, C-EZ, D, E, F and K-1, and drafts thereof, from the period beginning January 1, 1999 to the present.

(3)    All DOCUMENTS RELATING TO YOU, including without limitation accounting records, profit and loss statements, work papers, worksheets, payroll records, financial statements (audited and unaudited), pro formas, budgets, account information and account statements, from the period beginning January 1, 1999 to the present.

(4)    All DOCUMENTS RELATING TO YOUR corporate and/or financial relationship with MARLOW TECHNO-LOGIC, INC. since January 1, 1999 to the present.

(5)    All DOCUMENTS RELATING TO YOUR corporate and/or financial relationship with DOLL BAG, INC. since January 1, 1999 to the present.

(6)    All DOCUMENTS RELATING TO payments or transfers of value from YOU to VERONICA MARLOW.

(7)    All DOCUMENTS RELATING TO payments or transfers of value from YOU to BRYANT.

(8)    All DOCUMENTS RELATING to payments or transfers of value from YOU to ISAAC LARIAN.

(9)    All DOCUMENTS RELATING TO payments or transfers of value from YOU to PETER MARLOW.

(10)    All DOCUMENTS RELATING TO payments or transfers of value from YOU to any parent(s), sibling(s), children, or other relative(s) of PETER MARLOW

07209/2352564.2

7

EXHIBIT 7 PAGE 66

and/or VERONICA MARLOW.

(11)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to CABRERA.

(12)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to MORALES.

(13)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to SALAZAR.

(14)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to any other MATTEL EMPLOYEE.

(15)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to any other MGA employee.

(16)   All DOCUMENTS RELATING TO payments or transfers of value from MGA to YOU.

(17)   All DOCUMENTS RELATING TO payments or transfers of value between BRYANT and YOU.

(18)   All DOCUMENTS RELATING TO payments or transfers of value between VERONICA MARLOW and YOU.

(19)   All DOCUMENTS RELATING TO  payments or transfers of value between ISAAC LARIAN and YOU.

(20)   All DOCUMENTS RELATING TO payments or transfers of value between DOLL BAG, INC. and YOU.

(21)   All DOCUMENTS RELATING TO payments or transfers of value between MARLOW TECHNO-LOGIC, INC. and YOU.

(22)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MGA since January 1, 1999.

07209/2352564.2

EXHIBIT __7__ PAGE 67

(23)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and BRYANT since January 1, 1999.

(24)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and ISAAC LARIAN since January 1, 1999.

(25)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and CABRERA since January 1, 1999.

(26)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and SALAZAR since January 1, 1999.

(27)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MORALES since January 1, 1999.

(28)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MATTEL RELATING TO BRATZ since January 1, 1999.

(29)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and any other PERSON RELATING TO BRATZ since January 1, 1999.

(30)   To the extent not included in YOUR production responsive to Request Nos. 1-29, DOCUMENTS SUFFICIENT to identify YOUR accounts with any financial institution, including without limitation the name(s) and address(es) of each financial institution and the corresponding account number(s).

(31)   All DOCUMENTS relating to BRATZ that YOU obtained from BRYANT, VERONICA MARLOW, MGA, ISAAC LARIAN, or any other PERSON since January 1, 1999.

(32)   All DOCUMENTS relating to the MATTEL ACTION.

(33)   All DOCUMENTS RELATING TO any business expenses incurred by VERONICA MARLOW RELATED TO MGA, BRYANT, BRATZ, ISAAC LARIAN, or MATTEL since January 1, 1999, including without limitation receipts, invoices, correspondence, e-mails, credit card statements, cancelled checks, and wire

07209/2352564.2

9

EXHIBIT __7__ PAGE __68__

transfers.

(34)   All DOCUMENTS RELATING TO any business expenses incurred by YOU between January 1, 1999 and December 31, 2001 RELATED TO MGA, BRYANT, or ISAAC LARIAN RELATED TO any project, product, doll or DESIGN other than BRATZ, including without limitation, receipts, invoices, correspondence, e-mails, credit card statements, bank statements, and wire transfers.

(35)   DOCUMENTS sufficient to show YOUR policies or practices relating to the preservation, retention or destruction of DOCUMENTS sought by or the subject of Request Nos. 1 through 34.

(36)   DOCUMENTS sufficient to identify any PERSON who has served as YOUR auditor(s) or accountant(s) since January 1, 1999.

EXHIBIT 7 PAGE 69

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa

3   Street, 10th Floor, Los Angeles, California 90017-2543.

4      On January 28, 2008, I served true copies of the following document(s) described as
**AMENDED SUBPOENA IN A CIVIL CASE - VERONICA MARLOW CO, INC.** on the

5   parties in this action as follows:

6                          **SEE ATTACHED LIST**

7   **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I
deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with

8   postage thereon fully prepaid.

9   **BY ELECTRONIC MAIL TRANSMISSION:**  By electronic mail transmission from
yalondadekle@quinnemanuel.com on January 28, 2008, by transmitting a PDF format copy of

10  such document(s) to each such person at the e-mail address listed below their address(es).  The
document(s) was/were transmitted by electronic transmission and such transmission was reported

11  as complete and without error.

12     I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.

13
       Executed on January 28, 2008, at Los Angeles, California.

14

15                              _Lucille Clavel_

16                              LUCILLE CLAVEL

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT  7  PAGE  70

07209/2369765.1

1

**SERVICE LIST**

2
3
4
5
6
7

| | |
|---|---|
| Thomas J. Nolan | John W. Keker |
| **Skadden, Arps, Slate, Meagher & Flom , LLP** | Michael H. Page |
| | Christa M. Anderson |
| 300 South Grand Ave., Ste. 3400 | **Keker & Van Nest, LLP** |
| Los Angeles, California 90071 | 710 Sansome Street |
| TEL: (213) 687-5000 | San Francisco, CA 94111 |
| FAX: (213) 687-5600 | TEL: (415) 391-5400 |
| tnolan@skadden.com | FAX: (415) 397-7188 |
| miller@skadden.com | jkeker@kvn.com |
| | mhp@kvn.com |

8
9
10
11
12
13

Mark E. Overland, Esq.
David E. Scheper, Esq.
Alexander H. Cote, Esq.
**Overland Borenstein Scheper & Kim, LLP**
300 South Grand Avenue
Suite 2750
Los Angeles, CA 90071-3144
TEL: (213) 613-4655
FAX: (213) 613-4656
moverland@obsklaw.com

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT   7   PAGE   7

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL        DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

V.

MATTEL, INC., a Delaware corporation.

## AMENDED SUBPOENA IN A CIVIL CASE

Case Number: [1]  CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO: Doll Bag, Inc.
12250 Woodley Avenue
Granada Hills, CA 91344

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 | February 11, 2008 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 25, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Melissa Grant, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 (213) 443-3191

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT 2   PAGE 22

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT 7   PAGE 73

## ATTACHMENT A

### Documents To Be Produced

1.   <u>DEFINITIONS.</u>

(a)   "YOU" or "YOUR" means DOLL BAG, INC., current or former employees, attorneys, including partners, associates and shareholders, agents, representatives, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority, or subject to YOUR control.

(b)   "VERONICA MARLOW" means Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, and any of VERONICA MARLOW's current or former agents or representatives, including any trustees acting for her benefit or on her behalf, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "VERONICA MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(c)   "PETER MARLOW" means Peter A. Marlow, husband of Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, and any of PETER MARLOW's current or former agents or representatives, including any trustees acting for his benefit or on his behalf, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control. Without limiting the foregoing, "PETER MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Peter A. Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(d)   "BRYANT" means Carter Bryant, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants,

07209/2352506.2

1

EXHIBIT 7 PAGE 74

independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control. Without limiting the foregoing, "BRYANT" shall include Carter Bryant Enterprises and any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Carter Bryant, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(e)    "CABRERA" means Isabelle Cabrera, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "CABRERA" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Isabelle Cabrera, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(f)    "MORALES" means Beatrice Morales, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "MORALES" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Beatrice Morales, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(g)    "SALAZAR" means Maria Elena Salazar, and any all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "SALAZAR" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Elena

07209/2352506.2

2

EXHIBIT 7 PAGE 75

Salazar, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(h)     "ISAAC LARIAN" means Isaac Larian, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control, including without limitation the Isaac Larian Annuity Trust and the Isaac and Angela Larian Trust.   Without limiting the foregoing, "ISAAC LARIAN" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Isaac Larian, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(i)     "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof.  Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

(j)     "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, concepts, ideas, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.  the phrase "product, doll or DESIGN or any portion thereof" also

07209/2352506.2

3

EXHIBIT __7__ PAGE __76__

includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.

(k)    "MARLOW TECHNO-LOGIC, INC." means Marlow Techno-Logic, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority, or subject to its control.

(l)    "VERONICA MARLOW, INC." means Veronica Marlow, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority, or subject to its control.

(m)    "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority, or subject to its control. Without any limitation on the foregoing, "MGA" includes "ABC International Traders, Inc.," as MGA was formerly known.

(n)    "MGA EMPLOYEE" means any PERSON whom MGA currently or formerly employed or who otherwise performed any services for the benefit of MATTEL, including without limitation independent contractors.

(o)    "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority, or subject to its control.

(p)    "MATTEL ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v. Bryant, first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and

EXHIBIT __2__ PAGE 77

<u>MGA Entertainment, Inc. v. Mattel, Inc.</u>; and all counterclaims, cross-claims and defenses therein.

(q)    "MATTEL EMPLOYEE" means any PERSON whom MATTEL currently or formerly employed or who otherwise performed any services for the benefit of MATTEL, including without limitation independent contractors.

(r)    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority, or subject to its, his or her control.

(s)    "DOCUMENT" or "DOCUMENTS" means any "writing" or "recording" as defined in <u>Federal Rule of Civil Procedure</u> 34 and/or <u>Federal Rule of Evidence</u> 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including without limitation all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

(t)    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

(u)    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

07209/2352506.2

EXHIBIT 7    PAGE 78

(v)    Wherever used herein, the singular shall include the plural and the plural shall include the singular.

## INSTRUCTIONS.

a.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)    The privilege or protection that you claim precludes disclosure;

(2)    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)    The date, author(s), addressee(s); and

(4)    Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

d.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

e.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

2.    DOCUMENTS TO BE PRODUCED.

(1)    All of YOUR formation DOCUMENTS, and drafts thereof.

07209/2352506.2

6

EXHIBIT 7 PAGE 79

(2)     All of YOUR tax returns and schedules, including without limitation Forms 1041 and 8453F, and Schedules C, C-EZ, D, E, F and K-1, and drafts thereof, from the period beginning January 1, 1999 to the present.

(3)     All DOCUMENTS RELATING TO YOU, including without limitation accounting records, profit and loss statements, work papers, worksheets, payroll records, financial statements (audited and unaudited), pro formas, budgets, account information and account statements, employee rosters, from the period beginning January 1, 1999 to the present.

(4)     All DOCUMENTS RELATING TO YOUR corporate and/or financial relationship with MARLOW TECHNO-LOGIC, INC. since January 1, 1999 to the present.

(5)     All DOCUMENTS RELATING TO YOUR corporate and/or financial relationship with VERONICA MARLOW, INC. since January 1, 1999 to the present.

(6)     All DOCUMENTS RELATING TO payments or transfers of value from YOU to VERONICA MARLOW.

(7)     All DOCUMENTS RELATING TO payments or transfers of value from YOU to BRYANT.

(8)     All DOCUMENTS RELATING to payments or transfers of value from YOU to ISAAC LARIAN.

(9)     All DOCUMENTS RELATING TO payments or transfers of value from YOU to PETER MARLOW.

(10)    All DOCUMENTS RELATING TO payments or transfers of value from YOU to any parent(s), sibling(s), children, or other relative(s) of PETER MARLOW and/or VERONICA MARLOW.

(11)    All DOCUMENTS RELATING TO payments or transfers of value from YOU to CABRERA.

(12)    All DOCUMENTS RELATING TO payments or transfers of value from

07209/2352506.2

7

EXHIBIT 7   PAGE 80

YOU to MORALES.

(13)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to SALAZAR.

(14)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to any other MATTEL EMPLOYEE.

(15)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to any other MGA EMPLOYEE.

(16)   All DOCUMENTS RELATING TO payments or transfers of value from MGA to YOU.

(17)   All DOCUMENTS RELATING TO payments or transfers of value between BRYANT and YOU.

(18)   All DOCUMENTS RELATING TO payments or transfers of value between VERONICA MARLOW and YOU.

(19)   All DOCUMENTS RELATING TO  payments or transfers of value between ISAAC LARIAN and YOU.

(20)   All DOCUMENTS RELATING TO payments or transfers of value between VERONICA MARLOW, INC. and YOU.

(21)   All DOCUMENTS RELATING TO payments or transfers of value between MARLOW TECHNO-LOGIC, INC. and YOU.

(22)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MGA since January 1, 1999.

(23)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and BRYANT since January 1, 1999.

(24)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and ISAAC LARIAN since January 1, 1999.

07209/2352506.2

8

EXHIBIT  7  PAGE  81

(25)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and CABRERA since January 1, 1999.

(26)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and SALAZAR since January 1, 1999.

(27)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MORALES since January 1, 1999.

(28)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MATTEL RELATING TO BRATZ since January 1, 1999.

(29)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and any other PERSON RELATING TO BRATZ since January 1, 1999.

(30)   To the extent not included in YOUR production responsive to Requests Nos. 1-29, DOCUMENTS SUFFICIENT to identify YOUR accounts with any financial institution, including without limitation the name(s) and address(es) of each financial institution and the corresponding account number(s).

(31)   All DOCUMENTS relating to BRATZ that YOU obtained from BRYANT, VERONICA MARLOW, MGA, ISAAC LARIAN, or any other PERSON since January 1, 1999.

(32)   All DOCUMENTS relating to the MATTEL ACTION.

(33)   All DOCUMENTS RELATING TO any business expenses incurred by VERONICA MARLOW RELATED TO MGA, BRYANT, BRATZ, ISAAC LARIAN, or MATTEL since January 1, 1999, including without limitation receipts, invoices, correspondence, e-mails, credit card statements, cancelled checks, and wire transfers.

(34)   All DOCUMENTS RELATING TO any business expenses incurred by YOU between January 1, 1999 and December 31, 2001 RELATED TO MGA, BRYANT, or ISAAC LARIAN RELATED TO any project, product, doll or DESIGN other than BRATZ, including without limitation receipts, invoices, correspondence, e-

07209/2352506.2

9

EXHIBIT  7  PAGE 82

mails, credit card statements, cancelled checks, and wire transfers.

(35)   DOCUMENTS sufficient to show YOUR policies or practices relating to the preservation, retention or destruction of DOCUMENTS sought by or the subject of Request Nos. 1 through 34.

(36)   DOCUMENTS sufficient to identify any PERSON who has served as YOUR auditor(s) or accountant(s) since January 1, 1999.

EXHIBIT 7 PAGE 83

1

**PROOF OF SERVICE**

2      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3  Street, 10th Floor, Los Angeles, California 90017-2543.

4      On January 28, 2008, I served true copies of the following document(s) described as
**AMENDED SUBPOENA IN A CIVIL CASE - DOLL BAG, INC.** on the parties in this action

5  as follows:

6                          **SEE ATTACHED LIST**

7  **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with

8  postage thereon fully prepaid.

9  **BY ELECTRONIC MAIL TRANSMISSION:**  By electronic mail transmission from yalondadekle@quinnemanuel.com on January 28, 2008, by transmitting a PDF format copy of

10  such document(s) to each such person at the e-mail address listed below their address(es).  The document(s) was/were transmitted by electronic transmission and such transmission was reported

11  as complete and without error.

12      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

13

14      Executed on January 28, 2008, at Los Angeles, California.

15

16                          *Lucille Clavel*
                            LUCILLE CLAVEL

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT   7   PAGE 84

07209/2364436.1

1

**SERVICE LIST**

2  Thomas J. Nolan                              John W. Keker
   **Skadden, Arps, Slate, Meagher & Flom ,**   Michael H. Page
3  **LLP**                                      Christa M. Anderson
   300 South Grand Ave., Ste. 3400             **Keker & Van  Nest, LLP**
4  Los Angeles, California 90071               710 Sansome Street
   TEL: (213) 687-5000                         San Francisco, CA 94111
5  FAX: (213) 687-5600                         TEL: (415) 391-5400
   **tnolan@skadden.com**                      FAX: (415) 397-7188
6  **miller@skadden.com**                      **jkeker@kvn.com**
                                               **mhp@kvn.com**
7

8  Mark E. Overland, Esq.
   David E. Scheper, Esq.
9  Alexander H. Cote, Esq.
   **Overland Borenstein Scheper & Kim, LLP**
10 300 South Grand Avenue
   Suite 2750
11 Los Angeles, CA 90071-3144
   TEL: (213) 613-4655
12 FAX: (213) 613-4656
   **moverland@obsklaw.com**
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 7 PAGE 85

07209/2364436.1                                    -2-

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

**AMENDED SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation.

Case Number:[1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO: Marlow Techno-Logic, Inc.
12250 Woodley Avenue
Granada Hills, CA 91344

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 | February 11,2008<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 25, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Melissa Grant, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 (213) 443-3191

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT 7 PAGE 86

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                         SIGNATURE OF SERVER

                                                                       _____
                                                                       ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT.  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT  7    PAGE  87

## ATTACHMENT A

## Documents To Be Produced

## 1.    DEFINITIONS.

(a)    "YOU" or "YOUR" means MARLOW TECHNO-LOGIC, INC., current or former employees, attorneys, including partners, associates and shareholders, agents, representatives, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

(b)    "VERONICA MARLOW" means Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, and any of VERONICA MARLOW's current or former agents or representatives, including any trustees acting for her benefit or on her behalf, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "VERONICA MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(c)    "PETER MARLOW" means Peter A. Marlow, husband of Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, and any of PETER MARLOW's current or former agents or representatives, including any trustees acting for his benefit or on his behalf, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control. Without limiting the foregoing, "PETER MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Peter A. Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

EXHIBIT 7 PAGE 88

(d) "BRYANT" means Carter Bryant, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control. Without limiting the foregoing, "BRYANT" shall include Carter Bryant Enterprises and any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Carter Bryant, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(e) "CABRERA" means Isabelle Cabrera, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "CABRERA" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Isabelle Cabrera, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(f) "MORALES" means Beatrice Morales, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "MORALES" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Beatrice Morales, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(g) "SALAZAR" means Maria Elena Salazar, and any all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "SALAZAR" shall include any

07209/2352709.2

2

EXHIBIT  7  PAGE  89

partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Elena Salazar, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(h)  "ISAAC LARIAN" means Isaac Larian, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control, including without limitation the Isaac Larian Annuity Trust and the Isaac and Angela Larian Trust.  Without limiting the foregoing, "ISAAC LARIAN" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Isaac Larian, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(i)  "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof.  Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

(j)  "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, concepts, ideas, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have

07209/2352709.2

3

EXHIBIT __ PAGE 90

been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part. the phrase "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.

(k)  "DOLL BAG, INC." means Doll Bag, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

(l)  "VERONICA MARLOW, INC." means Veronica Marlow, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

(m)  "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without any limitation on the foregoing, "MGA" includes "ABC International Traders, Inc.," as MGA was formerly known.

(n)  "MGA EMPLOYEE" means any PERSON whom MGA currently or formerly employed, or who otherwise performed any service for the benefit of MGA, including without limitation independent contractors.

(o)  "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

(p)  "MATTEL ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v.

07209/2352709.2

4

EXHIBIT __7__ PAGE __91__

<u>Bryant</u>, first filed in Los Angeles County Superior Court; <u>Bryant v. Mattel, Inc.</u>; and <u>MGA Entertainment, Inc. v. Mattel, Inc.</u>; and all counterclaims, cross-claims and defenses therein.

(q)    "MATTEL EMPLOYEE" means any PERSON whom MATTEL currently or formerly employed, or who otherwise performed any service for the benefit of MATTEL, including without limitation independent contractors.

(r)    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

(s)    "DOCUMENT" or "DOCUMENTS" means any "writing" or "recording" as defined in <u>Federal Rule of Civil Procedure</u> 34 and/or <u>Federal Rule of Evidence</u> 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.  Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including without limitation all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

(t)    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

(u)    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

07209/2352709.2

5

EXHIBIT 7 PAGE 92

(v)     Wherever used herein, the singular shall include the plural and the plural shall include the singular.

## INSTRUCTIONS.

a.      YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.      If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)     The privilege or protection that you claim precludes disclosure;

(2)     The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)     The date, author(s), addressee(s); and

(4)     Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.      YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

d.      YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

e.      Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

## 2.      DOCUMENTS TO BE PRODUCED.

07209/2352709.2

6

EXHIBIT  7  PAGE 93

(1)    All of YOUR formation DOCUMENTS, and drafts thereof.

(2)    All of YOUR tax returns and schedules, including without limitation Forms 1041 and 8453F, and Schedules C, C-EZ, D, E, F and K-1, and drafts thereof, from the period beginning January 1, 1999 to the present.

(3)    All DOCUMENTS RELATING TO YOU, including without limitation accounting records, profit and loss statements, work papers, worksheets, payroll records, financial statements (audited and unaudited), pro formas, budgets, account information and account statements, from the period beginning January 1, 1999 to the present.

(4)    All DOCUMENTS RELATING TO YOUR corporate and/or financial relationship with DOLL BAG, INC. since January 1, 1999 to the present.

(5)    All DOCUMENTS RELATING TO YOUR corporate and/or financial relationship with VERONICA MARLOW, INC. since January 1, 1999 to the present.

(6)    All DOCUMENTS RELATING TO payments or transfers of value from YOU to VERONICA MARLOW.

(7)    All DOCUMENTS RELATING TO payments or transfers of value from YOU to BRYANT.

(8)    All DOCUMENTS RELATING to payments or transfers of value from YOU to ISAAC LARIAN.

(9)    All DOCUMENTS RELATING TO payments or transfers of value from YOU to PETER MARLOW.

(10)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to any parent(s), sibling(s), children, or other relative(s) of PETER MARLOW and/or VERONICA MARLOW.

(11)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to CABRERA.

07209/2352709.2

7

EXHIBIT  7  PAGE 94

(12)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to MORALES.

(13)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to SALAZAR.

(14)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to any other MATTEL EMPLOYEE.

(15)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to any other MGA employee.

(16)   All DOCUMENTS RELATING TO payments or transfers of value from MGA to YOU.

(17)   All DOCUMENTS RELATING TO payments or transfers of value between BRYANT and YOU.

(18)   All DOCUMENTS RELATING TO payments or transfers of value between VERONICA MARLOW and YOU.

(19)   All DOCUMENTS RELATING TO  payments or transfers of value between ISAAC LARIAN and YOU.

(20)   All DOCUMENTS RELATING TO payments or transfers of value between VERONICA MARLOW, INC. and YOU.

(21)   All DOCUMENTS RELATING TO payments or transfers of value between DOLL BAG, INC. and YOU.

(22)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MGA since January 1, 1999.

(23)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and BRYANT since January 1, 1999.

EXHIBIT 7 PAGE 95

(24)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and ISAAC LARIAN since January 1, 1999.

(25)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and CABRERA since January 1, 1999.

(26)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and SALAZAR since January 1, 1999.

(27)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MORALES since January 1, 1999.

(28)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MATTEL RELATING TO BRATZ since January 1, 1999.

(29)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and any other PERSON RELATING TO BRATZ since January 1, 1999.

(30)   To the extent not included in YOUR production responsive to Request Nos. 1-29, DOCUMENTS SUFFICIENT to identify YOUR accounts with any financial institution, including without limitation the name(s) and address(es) of each financial institution and the corresponding account number(s).

(31)   All DOCUMENTS relating to BRATZ that YOU obtained from BRYANT, VERONICA MARLOW, MGA, ISAAC LARIAN, or any other PERSON since January 1, 1999.

(32)   All DOCUMENTS relating to the MATTEL ACTION.

(33)   All DOCUMENTS RELATING TO any business expenses incurred by VERONICA MARLOW RELATED TO MGA, BRYANT, BRATZ, ISAAC LARIAN, or MATTEL since January 1, 1999, including without limitation, receipts, invoices, correspondence, e-mails, credit card statements, bank statements, and wire transfers.

(34)   All DOCUMENTS RELATING TO any business expenses incurred by YOU between January 1, 1999 and December 31, 2001 RELATED TO MGA,

9

EXHIBIT 7 PAGE 96

BRYANT, or ISAAC LARIAN RELATED TO any project, product, doll or DESIGN other than BRATZ, including without limitation, receipts, invoices, correspondence, e-mails, credit card statements, bank statements, and wire transfers.

(35)   DOCUMENTS sufficient to show YOUR policies or practices relating to the preservation, retention or destruction of DOCUMENTS sought by or the subject of Request Nos. 1 through 34.

(36)   DOCUMENTS sufficient to identify any PERSON who has served as YOUR auditor(s) or accountant(s) since January 1, 1999.

07209/2352709.2

10

EXHIBIT 7 PAGE 97

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On January 28, 2008, I served true copies of the following document(s) described as **AMENDED SUBPOENA IN A CIVIL CASE - MARLOW TECHNO-LOGIC, INC.** on the parties in this action as follows:

### SEE ATTACHED LIST

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from yalondadekle@quinnemanuel.com on January 28, 2008, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 28, 2008, at Los Angeles, California.

*Lucille Clavel*

LUCILLE CLAVEL

EXHIBIT 7 PAGE 98

07209/2369765.1

1

**SERVICE LIST**

2

3

4

5

6

7

| | |
|---|---|
| Thomas J. Nolan | John W. Keker |
| **Skadden, Arps, Slate, Meagher & Flom , LLP** | Michael H. Page |
| | Christa M. Anderson |
| 300 South Grand Ave., Ste. 3400 | **Keker & Van  Nest, LLP** |
| Los Angeles, California 90071 | 710 Sansome Street |
| TEL: (213) 687-5000 | San Francisco, CA 94111 |
| FAX: (213) 687-5600 | TEL: (415) 391-5400 |
| **tnolan@skadden.com** | FAX: (415) 397-7188 |
| **miller@skadden.com** | **jkeker@kvn.com** |
| | **mhp@kvn.com** |

8

Mark E. Overland, Esq.

9

David E. Scheper, Esq.

Alexander H. Cote, Esq.

10

**Overland Borenstein Scheper & Kim, LLP**

300 South Grand Avenue

11

Suite 2750

Los Angeles, CA 90071-3144

12

TEL: (213) 613-4655

FAX: (213) 613-4656

13

**moverland@obsklaw.com**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT  7  PAGE 99

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.55 |

Postmark Here 1/28/08

Sent To Ddl Bag, Inc.
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7007 0710 0001 7437 9256

PS Form 3800, August 2006          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here 1/28/08

Sent To Veronica Marlow, Inc.
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7007 0710 0001 7437 9263

PS Form 3800, August 2006          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.52 |

Postmark Here 1/28/08

Sent To Marlow Tech Logic Inc
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7007 0710 0001 8343 4564

PS Form 3800, August 2006          See Reverse for Instructions

EXHIBIT 7 PAGE 100

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

WESTERN   DISTRICT OF MISSOURI

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1]  Cal C.D.CV 04-9049 SGL (RNBx consolidated with cases CV 04-9059 and CV 05-2727

Central District of CA

TO: People's Bank of the Ozarks
305 W. Mt. Vernon
Nixa, MO 65714

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa Street, 10th Floor Los Angeles, CA 90017 | January 28, 2008 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff Mattel Inc. | January 15, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Melissa Grant, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017-2543 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT 8 PAGE 101
AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 1/18/2008 | 305 West Mt. Vernon Nixa, MO 65714 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Kim Campbell, Branch Manager, People's Bank of the Ozarks | Personal (Served 1-18-08 at 2:06 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Gary K. Wells | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___1/21/2008___
DATE

SIGNATURE OF SERVER

c/o Now Legal Service, 1301 W. 2nd St., Los Angeles,
ADDRESS OF SERVER

CA 90026, (213) 482-1567, Reg. Springfield, MO

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT __8__ PAGE __102__

## ATTACHMENT A

## Documents To Be Produced

1.   **DEFINITIONS.**

      i.     "YOU" or "YOUR" means Peoples Bank of the Ozarks, and all of YOUR parents, subsidiaries, divisions, affiliates or affiliated entities, past or present employees, agents, representatives, consultants, independent contractors, any predecessors or successors in interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      ii.     "CARTER BRYANT ENTERPRISES" means any corporation, partnership or other entity which has an ACCOUNT or ACCOUNTS with YOU for which CARTER BRYANT is an authorized signer or has signatory authority over its ACCOUNTS, and any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without any limitation, "CARTER BRYANT ENTERPRISES" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Carter Bryant, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

      iii.     "CARTER BRYANT" means the individual named Carter Bryant, Social Security No. 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, date of birth 10/1/1968, and any of his current or former employees, agents or representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, relatives (whether by blood or marriage), including any trustees acting for his benefit, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

      iv.     "ACCOUNT" or "ACCOUNTS" means any account of any type, including but not limited to any checking account, savings account, deposit account, credit card account, line of credit account, charge account, and any other account of any other type.

      v.     "PERSON" or "PERSONS" means all natural persons,

EXHIBIT __8__ PAGE _l03_

partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

      vi.   "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

      vii.   "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

      viii.   "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

      ix.   Wherever used herein, the singular shall include the plural and the plural shall include the singular.

2.   INSTRUCTIONS.

      a.   YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

      b.   If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

EXHIBIT __8__ PAGE 104

(1)     The privilege or protection that you claim precludes disclosure;

(2)     The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)     The date, author(s), addressee(s); and

(4)     Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.     YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

d.     YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

e.     Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.     <u>DOCUMENTS TO BE PRODUCED.</u>

(1)     All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT ENTERPRISES from January 1, 1999 to the present, inclusive.

(2)     All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT from January 1, 1999 to the present, inclusive.

(3)     All DOCUMENTS REFERRING OR RELATING TO the ACCOUNT maintained by YOU numbered 300368180, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNT, created between January 1, 1999 and the present, inclusive.

EXHIBIT _8_ PAGE _105_

(4)    All DOCUMENTS REFERRING OR RELATING TO any other ACCOUNT maintained by YOU that is in the name of, for the benefit of or concerns CARTER BRYANT ENTERPRISES or CARTER BRYANT, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

(5)    DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of or concerning CARTER BRYANT ENTERPRISES or CARTER BRYANT between January 1, 1999 and the present, inclusive.

(6)    All DOCUMENTS showing or relating to any account(s) held by CARTER BRYANT ENTERPRISES or CARTER BRYANT or any account(s) for which CARTER BRYANT ENTERPRISES or CARTER BRYANT has signatory authority at any other financial institution.

EXHIBIT __8__ PAGE _106_

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

<u>Western</u>   DISTRICT OF  <u>Washington</u>

CARTER BRYANT, an Individual

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware Corporation

Case Number:[1]  Misc. Case #
(C.D. Cal.)CV 04-09049 SGL (RNBx)

TO:  Washington Mutual Bank
     Washington Mutual Subpoena Intake Group,
     1201 Third Avenue, Seattle, WA 98101 - Mail Stop WMT 2107

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
    the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017 | January 28, 2008<br>9:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff, Mattel, Inc. | January 15, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Melissa Grant, Quinn Emanuel Urquhart Oliver & Hedges, LLP.
865 So. Figueroa Street, 10th Floor, Los Angeles, CA  90017     (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page.)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT __9__ PAGE _107_

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT   9   PAGE  108

## ATTACHMENT A

## Documents To Be Produced

1.    **DEFINITIONS.**

     i.    "YOU" or "YOUR" means Washington Mutual, Inc. and all of YOUR parents, subsidiaries, divisions, affiliates or affiliated entities, past or present employees, agents, representatives, consultants, independent contractors, any predecessors or successors in interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

     ii.    "MARIA VERONICA MARLOW" means the individual named Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, the entities named Veronica Marlow, Inc., Marlow Techno-Logic, Inc., and Doll Bag, Inc., and any of MARIA VERONICA MARLOW's current or former agents or representatives, including her husband PETER A. MARLOW, any trustees acting for her benefit or on her behalf, and any other PERSON acting on her behalf, pursuant to her authority or subject to her control. Without limiting the foregoing, "MARIA VERONICA MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, or Peter Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

     iii.    "VALERIE STOLWORTHY" means the individual named Valerie Stolworthy, Valerie Marlow Stolworthy and/or Valerie Marlow, any of VALERIE STOLWORTHY's current or former agents or representatives, including without limitation KIRK STOLWORTHY, any trustees acting for her benefit or on her behalf, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "VALERIE STOLWORTHY" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Valerie Stolworthy and/or Kirk Stolworthy, as well as their agents, representatives, employees, officers and directors and any one else

EXHIBIT  9  PAGE  109

acting on their behalf, pursuant to their authority, or subject to their control.

iv.    "ACCOUNT" or "ACCOUNTS" means any account of any type, including but not limited to any checking account, savings account, deposit account, credit card account, line of credit account, charge account, and any other account of any other type.

v.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

vi.    "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

vii.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

viii.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

ix.    Wherever used herein, the singular shall include the plural and the plural shall include the singular.

2.    <u>INSTRUCTIONS.</u>

      a.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

      b.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

      (1)    The privilege or protection that you claim precludes disclosure;

      (2)    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

      (3)    The date, author(s), addressee(s); and

      (4)    Any additional facts on which YOU would base YOUR claim of privilege or protection.

      c.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

      d.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

      e.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.    <u>DOCUMENTS TO BE PRODUCED.</u>

      (1)    All DOCUMENTS REFERRING OR RELATING TO MARIA VERONICA MARLOW or VALERIE STOLWORTHY from January 1, 1999 to the present, inclusive.

EXHIBIT _9_ PAGE _111_

(2)     All DOCUMENTS REFERRING OR RELATING TO any ACCOUNTS maintained by YOU that is in the name of, for the benefit of or concerns MARIA VERONICA MARLOW or VALERIE STOLWORTHY, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

(3)     DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of or concerning MARIA VERONICA MARLOW or VALERIE STOLWORTHY between January 1, 1999 and the present, inclusive.

(4)     All DOCUMENTS showing or relating to any account(s) held by MARIA VERONICA MARLOW or VALERIE STOLWORTHY, or any account(s) on which MARIA VERONICA MARLOW or VALERIE STOLWORTHY has signatory authority at any other financial institution.

EXHIBIT __9__ PAGE _112_

## AFFIDAVIT OF STAN SPERLING

I, Stan Sperling, declare that if called upon as a witness in this action, I could and would competently testify under oath of my personal knowledge of the events described herein.

(1) I am a paralegal for Now Legal Service, registered in the State of California by the County Clerk of Los Angeles, our registration number being 5426. My business address is 1301 West 2nd Street, Suite 206, Los Angeles, CA 90026.

(2) On January 17, 2008, we received an assignment from our client, QUINN EMANUEL URQUHART OLIVER & HEDGES, an assignment to serve Washington Mutual Bank with a Federal Subpena. The provided address was 1201 Third Avenue Seattle, WA 98101.

(3) Since the assignment was a hot rush, we immediately faxed the document to our agent, Northwest Legal Support. A manager, Jim at Northwest, later reported the subpena was served on Jamie Buhl, Administrative Assistant, on January 17 at 3:35 p.m. However, we do not yet have the signed proof of service for this assignment and will forward same to our client immediately upon receipt.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the 28th day of January, 2008, at Los Angeles, California.

_Stan Sperling_

Stan Sperling

EXHIBIT _9_ PAGE _113_

-1-

# California Business Portal

Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of JAN 25, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| VERONICA MARLOW, INC. | | |
| **Number:** C2535347 | **Date Filed:** 4/28/2003 | **Status:** active |
| **Jurisdiction:** NEVADA | | |
| **Address** | | |
| 12250 WOODLEY AVE | | |
| GRANADA HILLS, CA 91344 | | |
| **Agent for Service of Process** | | |
| PETER MARLOW | | |
| 12250 WOODLEY AVE | | |
| GRANADA HILLS, CA 91344 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

EXHIBIT  10   PAGE  114

# California Business Portal

Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of JAN 25, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| DOLL BAG, INC. | | |
| **Number:** C2297076 | **Date Filed:** 7/3/2003 | **Status:** active |
| **Jurisdiction:** California | | |
| **Address** | | |
| 12250 WOODLEY AVE | | |
| GRANADA HILLS, CA 91344 | | |
| **Agent for Service of Process** | | |
| PETER MARLOW | | |
| 12250 WOODLEY AVE | | |
| GRANADA HILLS, CA 91344 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

EXHIBIT _10_ PAGE _115_

# California Business Portal

Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of JAN 25, 2008 and is updated weekly. It is
not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| MARLOW TECHNO-LOGIC, INC. | | |
| **Number:** C2297077 | **Date Filed:** 7/3/2003 | **Status:** suspended |
| **Jurisdiction:** California | | |
| **Address** | | |
| 12250 WOODLEY AVE | | |
| GRANADA HILLS, CA 91344 | | |
| **Agent for Service of Process** | | |
| PETER MARLOW | | |
| 12250 WOODLEY AVE | | |
| GRANADA HILLS, CA 91344 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked.
Please refer to California Corporations Code Section 2114 for information relating to service upon
corporations that have surrendered.

EXHIBIT 10    PAGE 116

**Melissa Grant**

| | |
|---|---|
| **From:** | James Bowles [jlbowles.atty@gmail.com] |
| **Sent:** | Friday, January 25, 2008 1:42 PM |
| **To:** | Melissa Grant |
| **Cc:** | aholmes@peoplesbanking.com |
| **Subject:** | Re: Peoples bank subpoena |

Peoples Bank will agree to a stipulation to provide its documents within a 14 day extension from Jan. 28

On 1/25/08, **James Bowles** <jlbowles.atty@gmail.com> wrote:


---------- Forwarded message ----------
From: **James Bowles** <jlbowles.atty@gmail.com>
Date: Jan 25, 2008 3:24 PM
Subject: Peoples bank subpoena
To: melissa.grant@quinnemanuel.com
Cc: aholmes@peoplesbanking.com

Ms. Grant,
    I am the attorney for Peoples Bank in Nixa, Mo.  The bank personnel have worked long & hard to
provide the documents that you requested but due to a mechanical failure, cannot make the deadline.
the stack of paper is now 24" high.  We would request 14 more days from Monday, Jan. 28.
    Jim Bowles

EXHIBIT __||__ PAGE __||7__

**Melissa Grant**

| | |
|---|---|
| **From:** | James Bowles [jlbowles.atty@gmail.com] |
| **Sent:** | Friday, January 25, 2008 1:39 PM |
| **To:** | Melissa Grant |
| **Subject:** | Fwd: Peoples bank subpoena |

---------- Forwarded message ----------
From: **James Bowles** <jlbowles.atty@gmail.com>
Date: Jan 25, 2008 3:24 PM
Subject: Peoples bank subpoena
To: melissa.grant@quinnemanuel.com
Cc: aholmes@peoplesbanking.com

Ms. Grant,
   I am the attorney for Peoples Bank in Nixa, Mo.  The bank personnel have worked long & hard to provide the documents that you requested but due to a mechanical failure, cannot make the deadline.  the stack of paper is now 24" high.  We would request 14 more days from Monday, Jan. 28.
   Jim Bowles

EXHIBIT __\|\|__ PAGE __\|\|8__

1/28/2008