QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                  Plaintiff,<br><br>          vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                  Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br><br>NOTICE OF MOTION AND MOTION OF MATTEL, INC. TO COMPEL PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED BY MGA, ISAAC LARIAN AND THIRD PARTY DAVID ROSENBAUM;<br><br>AND MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration of B. Dylan Proctor filed concurrently herewith]<br><br>Hearing Date:        TBD<br>Time:                    TBD<br>Place:                    TBD<br><br>Phase 1<br>Discovery Cut-off:      January 28, 2008<br>Pre-trial Conference:   May 5, 2008<br>Trial Date:                May 27, 2008 |

1 | TO THIRD PARTY DAVID ROSENBAUM, AND ALL PARTIES AND THEIR
2 | ATTORNEYS OF RECORD:

3 |    PLEASE TAKE NOTICE that at a conference before Discovery Master
4 | Hon. Edward Infante (Ret.) that will occur at a date and time to be determined by
5 | Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the
6 | Court to compel (1) MGA to produce documents included on its privilege logs that
7 | are not privileged, including without limitation: Entry No. 20 on Supplemental
8 | Revised Privilege and Redaction Log for MGA's 2005 Document Production; and
9 | (2) Isaac Larian to produce documents on his privilege logs that are not privileged,
10 | including without limitation: Entry Nos. 181, 234-235, 608, 726, 840, 864, 867, 874,
11 | 883, 886-897, 914-918, 1121-1132, 1137 and 1139 on Larian's January 23, 2008
12 | Privilege Log; and (3) third party David Rosenbaum to produce documents included
13 | on his privilege log that are not privileged or for which any privilege has been
14 | waived, including without limitation: Entry Nos. 1-26, 55-68.

15 |    This Motion is made pursuant to Federal Rules of Civil Procedure 26,
16 | 37 and 45 on the grounds that Mattel's document requests and subpoena seek
17 | discoverable information and MGA, Isaac Larian and Rosenbaum have failed and
18 | refused to produce responsive, non-privileged documents and/or responsive
19 | documents for which any privilege has been waived.

20 |    This Motion is based on this Notice of Motion and Motion, the
21 | accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan
22 | Proctor filed concurrently herewith, the records and files of this Court, and all other
23 | matters of which the Court may take judicial notice.

24 |    Pursuant to the Stipulation for Appointment of a Discovery Master
25 | dated December 6, 2006, third-party David Rosenbaum will have 5 court days from
26 | the date of service of this motion to submit a written opposition or response.

1

## Statement of Rule 37-1 Compliance

2          The parties met and conferred regarding this motion on December 19,

3   2007, and dates thereafter.

4

5   DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
6

7                                     By_____
8                                        Timothy L. Alger
                                         Attorneys for Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

Preliminary Statement ................................................................................ 1

Argument ..................................................................................................... 2

I.  THE COURT SHOULD COMPEL THE PRODUCTION OF
    DOCUMENTS SENT BETWEEN BRYANT AND HIS ATTORNEY
    AND MGA AND ITS ATTORNEYS ............................................... 2

II. THE COURT SHOULD COMPEL THE PRODUCTION OF DRAFTS
    OF MGA'S AGREEMENT WITH CARTER BRYANT, INCLUDING
    THOSE WITH ATTORNEY NOTES ................................................ 4

    A.  The Draft Agreements Are Not Subject To The Work Product
        Privilege ................................................................................. 4

    B.  The Draft Agreements Are Not Protected By The Attorney-
        Client Privilege ...................................................................... 5

III. MGA AND LARIAN HAVE WAIVED THE PRIVILEGE AS TO
     EMAILS BETWEEN THEM AND ROSENBAUM REGARDING
     CONTRACTING WITH CARTER BRYANT AND THE
     SUBSEQUENT COPYING, DEVELOPMENT, PRODUCTION AND
     SALES OF BRATZ ......................................................................... 7

Conclusion ................................................................................................ 10

-i-

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

American Natl. Bank and Trust Co. of Chicago v. AXA Client Solutions,
   2002 WL 1058776 (N.D.Ill. 2002)....................................................................7

Cox v. Administrator U.S. Steel & Carnegie,
   17 F.3d 1386 (11th Cir. 1994), cert denied, 513 U.S. 1110 (1995) ......................8

Matter of Fischel,
   557 F.2d 209 (9th Cir. 1977)..........................................................................4

In re Gabapentin Patent Litigation,
   214 F.R.D. 178 (D. N.J. 2003) .......................................................................6

Hickman v. Taylor,
   329 U.S. 495 (1947) .....................................................................................4

Hudson v. Gen. Dynamics,
   186 F.R.D. 271 (D. Conn. 1999) .....................................................................3

Invesco Institutional (N.A.), Inc. v. Paas,
   244 F.R.D. 374 (W.D. Ky. 2007).....................................................................2

Softview Computer Prods. Corp. v. Haworth, Inc.,
   2000 WL 351411 (S.D.N.Y. 2000) ..................................................................3

U.S. v. Martin,
   278 F.3d 988 (9th Cir. 2002)...........................................................................5

United States v. Blizerian,
   926 F.2d 1285 (2d Cir. 1991), cert denied, 502 U.S. 813 (1991) ........................8

United States v. Munoz,
   233 F.3d 1117 (9th Cir. 2000).........................................................................6

United States v. Osborn,
   409 F. Supp. 406 (D. Or. 1975),
   rev'd on other grounds, 561 F.2d 1334 (9th Cir. 1977)......................................7

United States v. Torf,
   357 F.3d 900 (9th Cir. 2004)...........................................................................4

Unocal Corp. v. U.S.,
   2005 WL 3736952 (N.D. Cal. 2005).................................................................3

## **Statutes**

Fed. R. Civ. P. 26(b)(3) ........................................................................... 4, 5

-ii-

1

## **Other Authorities**

2 8 Wright, Miller, and Marcus,
    <u>Federal Practice and Procedure</u> Civil 2d § 2024 ..................................................... 5

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATTEL'S MOTION TO COMPEL DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

MGA, Larian and their counsel, David Rosenbaum, are withholding important, non-privileged documents regarding MGA's contract with Carter Bryant relating to Bratz. They should be ordered to produce them.

First, all three are withholding on privilege grounds several documents described as draft agreements. However, there is no indication that the documents were ever transmitted between an attorney and the attorney's client. They therefore do not qualify as communications entitled to protection by the attorney-client privilege. In fact, many were sent from MGA's attorney to Bryant's attorney and therefore are not privileged because they were not maintained in confidence. Larian is also withholding emails between MGA and Bryant from the time they were opposing parties in negotiations. This is improper.

Second, MGA, Larian and Rosenbaum are also withholding drafts of MGA's agreement with Carter Bryant that include attorney notes. They claim that the notes are privileged. Not so. The work product doctrine only applies to documents prepared in anticipation of litigation. MGA, Larian and Rosenbaum have provided no basis to claim that MGA's contract with Bryant was prepared in anticipation of litigation. The documents are also not protected by the attorney-client privilege because there is no indication that they reflect communications between MGA and its attorney.

Rosenbaum's recently produced privilege logs also include a number of emails described as "reflecting legal advice regarding [Carter Bryant's] contract" with MGA. As described in detail in Mattel's previously filed motion for an Order finding that MGA waived the privilege, any claimed privilege as to those documents has been waived because MGA has affirmatively put at issue its alleged "good faith" as an affirmative defense to Mattel's claims. The emails Rosenbaum is withholding are likely to show what, in truth, MGA asked, and was told, regarding (i) the

-1-

1    propriety of contracting with Bryant and (ii) the subsequent copying, development,

2    production and sales of Bratz.

3          The Court should compel MGA, Larian and Rosenbaum to produce the

4    non-privileged documents listed on their privilege logs immediately.  The Court

5    should also compel Rosenbaum to immediately produce those documents on his

6    privilege log for which any privilege has been waived.

7                        **<u>Argument</u>**

8   **I.**     **<u>THE COURT SHOULD COMPEL THE PRODUCTION OF</u>**

9         **<u>DOCUMENTS SENT BETWEEN BRYANT AND HIS ATTORNEY</u>**

10        **<u>AND MGA AND ITS ATTORNEYS</u>**

11          First, and most egregious, Isaac Larian appears to be withholding a

12    large volume of communications between MGA and Bryant from the time when

13    Bryant was employed by Mattel.[1]  In a privilege log he served just five days ago,

14    Larian lists several documents which, according to the log, were sent to or from

15    MGA's attorney, David Rosenbaum, to Carter Bryant or his attorney, Anne Wang,

16    before the agreement between Bryant and MGA was executed.[2]  These emails, draft

17    agreements, and facsimiles were exchanged between parties that had no attorney-

18    client relationship and are therefore not privileged.  Larian should be compelled to

19    produce the documents.

20          A number of cases have found that negotiations between a prospective

21    employee and a prospective employer's lawyers cannot give rise to an attorney-

22    client relationship even where litigation with the prior employer is likely.  <u>See, e.g.</u>,

23    <u>Invesco Institutional (N.A.), Inc. v. Paas</u>, 244 F.R.D. 374, 389 (W.D. Ky. 2007)

24

---

25     [1]   <u>See</u> Larian's Revised Privilege Log, dated January 23, 2008, Entry Nos. 181,

26    234-235, 608, 726, 840, 864, 867, 874, 883, 886-897, 914-918, 1121-1132, 1137

27    and 1139, attached as Exhibit 3 to the concurrently filed Declaration of B. Dylan
Proctor ("Proctor Dec.").

28     [2]   <u>Id.</u>, Entry Nos. 608, 726, 840, 867, 883, 886, 915-918 and 1139.

1  (noting that communications related to employment negotiations would have

2  occurred regardless of whether a later suit arose).  Whatever relationship may later

3  have arisen between Bryant and MGA's attorneys, he was not their client when he

4  was involved in negotiating his contract with MGA.  Even if such a relationship

5  may have later arisen, it does nothing to insulate earlier communications from

6  disclosure.  See Hudson v. Gen. Dynamics, 186 F.R.D. 271, 277 (D. Conn. 1999)

7  ("There is no such thing as a retroactive attorney-client privilege to protect

8  communications with the attorney before any attorney-client privilege relationship

9  existed.").

10         Larian's privilege log makes clear that the documents were sent by

11 MGA's attorney to Bryant's attorney or vice versa.[3]  Because MGA and Carter

12 Bryant were adverse parties engaged in contract negotiations at the time and no

13 attorney-client relationship existed between MGA's attorneys and Bryant, the

14 documents are not privileged.  See, e.g., Unocal Corp. v. U.S., 2005 WL 3736952,

15 at *3 (N.D. Cal. 2005) (documents shared with a third party are not protected by the

16 attorney-client privilege); Softview Computer Prods. Corp. v. Haworth, Inc.,

17 2000 WL 351411, at *15 (S.D.N.Y. 2000) ("Drafts of documents prepared by an

18 attorney for transmission to third parties are protected by the attorney-client

19 privilege only where the draft document contains confidential information

20 communicated by the client to the attorney *that is maintained in confidence*.")

21 (emphasis added).  The documents at issue here were not maintained in confidence -

22 - one of the essential elements of the attorney-client privilege -- and, therefore, are

23 not privileged.  Larian should be compelled to produce them.

24

25

26

27 _____

28    [3]  Id.

## II.   THE COURT SHOULD COMPEL THE PRODUCTION OF DRAFTS OF MGA'S AGREEMENT WITH CARTER BRYANT, INCLUDING THOSE WITH ATTORNEY NOTES

MGA, Isaac Larian and David Rosenbaum are also withholding on privilege grounds drafts of MGA's agreement with Carter Bryant, including those with attorney notes.[4]  Documents related to the agreement between MGA and Bryant are critical to this case.  They will show how the negotiations between MGA and Bryant regarding the purported sale of Bratz to MGA prior to Bryant's departure from Mattel in late October 2000, while Bryant was employed by Mattel.  Their relevance is undisputed.  Because they are not privileged, they should be ordered produced.

### A.   The Draft Agreements Are Not Subject To The Work Product Privilege

There is no basis for any claim that drafts of the Bryant and MGA agreement are subject to the work product privilege.  The work product privilege protects "documents and tangible things that are prepared *in anticipation of litigation* or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3) (emphasis added).  This requirement - that only documents prepared in anticipation of litigation can be protected work product - is unequivocal, as controlling Ninth Circuit authority makes clear.  Matter of Fischel, 557 F.2d 209, 212 (9th Cir. 1977) (attorney's summaries of client's financial transactions with third parties were not protected work product because such summaries were not prepared in anticipation of litigation); see also Hickman v. Taylor, 329 U.S. 495 (1947);

---

[4]  See, e.g., Supplemental Revised Privilege and Redaction Log for MGA's 2005 Document Production, dated November 16, 2007, Entry No. 20, Proctor Dec., Exh. 4; David Rosenbaum's Privilege Log, dated October 26, 2007, Entry No. 18, Proctor Dec., Exh. 5; Larian's Revised Privilege Log, dated January 23, 2008, Entry Nos. 181, 234-235 and 1121-1132, Proctor Dec., Exh. 3.

1  United States v. Torf, 357 F.3d 900, 908 (9th Cir. 2004) ("anticipation of litigation"

2  has been defined in the Ninth Circuit as preparation of a document "'because of the

3  prospect of litigation'"); 8 Wright, Miller, and Marcus, Federal Practice and

4  Procedure Civil 2d § 2024 (citing Fed. R. Civ. P. 26(b)(3)) (to qualify as work

5  product, the materials must be "prepared in anticipation of litigation or for trial").

6         The descriptions provided on MGA, Larian and Rosenbaum's privilege

7  logs provide no information that would lead Mattel to believe that the draft

8  agreements were prepared in anticipation of litigation.[5]  Indeed, MGA, Larian and

9  Rosenbaum have acknowledged this point.  Rosenbaum has already produced,

10  through MGA, a draft of the MGA agreement.[6]  If MGA, Larian and Rosenbaum do

11  not dispute that drafts of the agreement are not protected by work product, then

12  contemporaneous attorney notes on those draft agreements are necessarily not

13  protected work product either because they similarly could not have been prepared

14  in anticipation of litigation.[7]

15      **B.**    **The Draft Agreements Are Not Protected By The Attorney-Client**

16          **Privilege**

17         The drafts of Bryant's contract with MGA, including those with

18  attorney notes are also not protected by the attorney-client privilege.  As the

19  Discovery Master has previously articulated the applicable legal standard,

20      "[t]he essential elements of the attorney-client privilege are:  '(1) when

21      legal advice of any kind is sought (2) from a professional legal adviser

22      in his or her capacity as such, (3) the *communications* relating to that

23      purpose, (4) made in confidence (5) by the client, (6) are, at the client's

24  

25    [5]  See id.

26    [6]  See DR 00073-85, Proctor Dec., Exh. 7.

27    [7]  Rosenbaum acknowledged during meet and confer that the notes reflected his thoughts about changes proposed by Bryant's lawyer, Anne Wang, in a draft she had

28  sent to Rosenbaum during the parties contract negotiations.  Proctor Dec., ¶ 3.

instance, permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be waived.' U.S. v. Martin, 278 F.3d 988, 999 (9th Cir. 2002). . . . 'Because the attorney-client privilege has the effect of withholding relevant information from the factfinder, it is applied only when necessary to achieve its limited purpose of encouraging full and frank disclosure by the client to his or her attorney.'"[8]

It is well settled that the party asserting the attorney-client privilege bears the burden of establishing that the privilege applies. United States v. Munoz, 233 F.3d 1117, 1128 (9th Cir. 2000) (burden is on the party asserting the attorney-client privilege to establish all of its elements). MGA, Larian and Rosenbaum have not met that burden. An "attorneys' notes and personal musings do not constitute 'communications,' are not privileged, and must be produced." In re Gabapentin Patent Litigation, 214 F.R.D. 178, 187 (D. N.J. 2003). Neither MGA, Larian nor Rosenbaum have provided any basis for their claims that attorneys' handwritten comments are privileged. The privilege log entries for the documents provide no indication that they were transmitted from the attorney to the client or from the client to the attorney.[9] In fact, the entries show no sender or recipient.[10] Moreover, MGA and Rosenbaum conceded during the meet and confer that those draft agreements with notes withheld by Rosenbaum were not transmitted from attorney

---

[8]   Order Granting Mattel's Motion to Compel MGA to Produce Documents Bearing Bates Nos. MGA 0800793-0800794 and MGA 0829296-0829305, dated December 17, 2007, at 7 (emphasis added), Proctor Dec., Exh. 8.

[9]   See Supplemental Revised Privilege and Redaction Log for MGA's 2005 Document Production, dated November 16, 2007, Entry No. 20, Proctor Dec., Exh. 4; David Rosenbaum's Privilege Log, dated October 26, 2007, Entry No. 18, Proctor Dec., Exh. 5; Larian's Revised Privilege Log, dated January 23, 2008, Entry Nos. 181, 234-235, 864, 874, 888-897, 914, 1121-1132 and 1137 Proctor Dec., Exh. 3.

[10]   Id.

1   to client.[11]  Rather, the notes merely reflected his thoughts about changes proposed

2   by Bryant's lawyer, Anne Wang, in a draft she had sent to Rosenbaum.[12]  Thus, the

3   notes appear to merely reflect the comments of an attorney to himself.  Such notes

4   are not privileged.  See American Natl. Bank and Trust Co. of Chicago v. AXA

5   Client Solutions, 2002 WL 1058776, at *2 (N.D.Ill. 2002) (dismissing assertion of

6   attorney-client privilege because handwritten notes at issue were never

7   communicated by counsel to client and disclosure would not reveal any confidential

8   communication that was made for the purpose of obtaining legal advice); United

9   States v. Osborn, 409 F. Supp. 406, 411 (D. Or. 1975) ("absent any showing that . . .

10   notes reflect a communication between attorney and client" they are not privileged),

11   rev'd on other grounds, 561 F.2d 1334 (9th Cir. 1977).

12   **III.   MGA AND LARIAN HAVE WAIVED THE PRIVILEGE AS TO**

13   **EMAILS BETWEEN THEM AND ROSENBAUM REGARDING**

14   **CONTRACTING WITH CARTER BRYANT AND THE**

15   **SUBSEQUENT COPYING, DEVELOPMENT, PRODUCTION AND**

16   **SALES OF BRATZ**

17          Rosenbaum's privilege logs include dozens of documents withheld on

18   the grounds of attorney-client privilege that are described as email chains

19   "requesting and reflecting legal advice regarding contract."[13]  As described in detail

20   in Mattel's recently filed motion for an Order finding waiver of the privilege against

21   MGA and Isaac Larian which is incorporated by reference herein, MGA and Larian

22

23

24   _____

25   [11]   Proctor Dec., ¶ 3.

26   [12]   Id.

27   [13]   See David Rosenbaum's Privilege Log, dated October 26, 2007, Entry Nos. 1-
     17 and 19-26, Proctor Dec., Exh. 5; David Rosenbaum's Amended Second Privilege

28   Log, dated January 21, 2008, Entry Nos. 55-68, Proctor Dec., Exh. 6.

1 | have the waived the privilege as to those emails by affirmatively asserting their
2 | purported "good faith" as an affirmative defense to Mattel's counterclaims.[14]

3 |       In short, MGA has asserted a number of affirmative defenses in which
4 | it contends that its actions in contracting with Bryant and subsequent acts of
5 | copying, developing, producing and selling Bratz were in good faith because it
6 | believed they were lawful.  MGA contends that it is excused from any liability to
7 | Mattel because it conducted itself in good faith.[15]  MGA's contentions placed at
8 | issue numerous otherwise protected attorney-client communications.  Those
9 | communications are the only evidence of what MGA asked and was told about the
10 | propriety of its actions.  Mattel needs the information withheld to fairly respond to
11 | MGA's "good faith" defenses.[16]  By asserting those defenses, the law is clear that
12 | MGA and Larian have waived the attorney-client and work product privileges as to
13 | such information.  See, e.g., Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d
14 | 1386, 1419 (11th Cir. 1994), cert denied, 513 U.S. 1110 (1995) ("Having gone
15 | beyond mere denial, affirmatively to assert good faith, USX injected the issue of its
16 | knowledge of the law into the case and thereby waived the attorney-client
17 | privilege."); United States v. Blizerian, 926 F.2d 1285, 1293 (2d Cir. 1991), cert
18 | denied, 502 U.S. 813 (1991) (defendant's good faith assertion that his actions were
19 | lawful waived attorney-client privilege).

---

[14]  See Mattel's Motion for Order Finding Waiver and to Compel Production of Documents Withheld as Privileged, dated January 23, 2008, Proctor Dec., Exh. 9.
[15]  MGA's Fifth, Sixth and Eighteenth Affirmative Defenses, Amended Answer and Affirmative Defenses of MGA Entertainment Inc., MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. to Mattel, Inc.'s Second Amended Answer and Counterclaims, dated September 19, 2007, at pp. 22, 25, Proctor Dec., Exh. 10.
[16]  See Mattel's Motion for Order Finding Waiver and to Compel Production of Documents Withheld as Privileged, dated January 23, 2008, Proctor Dec., Exh. 9.

1    Many of the documents Rosenbaum is withholding reflect what MGA

2  asked and was told regarding the propriety of its actions.  For example, Rosenbaum

3  is withholding several emails from the time period leading up to the execution of

4  MGA's contract with Bryant between him and Victoria O'Connor, an executive at

5  MGA who was asked by Isaac Larian to make sure to check with Rosenbaum

6  regarding whether Bryant had a contract with Mattel.[17]  Those emails may include

7  advice regarding the propriety of MGA contracting with Bryant and MGA's or

8  Bryant's obligations to Mattel.  Rosenbaum is also withholding emails between

9  himself and Isaac Larian from February 2001,[18] the month after MGA alleges that it

10  first unveiled Bratz at the Hong Kong Toy Fair.[19]  According to the unredacted

11  portion of a February 10, 2001 email from Larian to Rosenbaum produced by MGA,

12  in requesting advice from Rosenbaum, Larian noted that "Bratz are very hot."[20]

13  Thus, the emails withheld by Rosenbaum are likely to show what advice MGA

14  received once it became apparent that MGA would begin significant efforts copying,

15  developing, producing and selling Bratz.  That is the very information for which

16  MGA and Larian have waived the privilege.  Thus, the Court should compel

17  Rosenbaum to produce the documents.[21]

18

19

---

20  [17]  See David Rosenbaum's Privilege Log, dated October 26, 2007, Entry Nos. 9-
21  17 and 19-25, Proctor Dec., Exh. 5; David Rosenbaum's Amended Second Privilege Log, dated January 21, 2008, Entry Nos. 60-68, Proctor Dec., Exh. 6.

22  [18]  See David Rosenbaum's Privilege Log, dated October 26, 2007, Entry Nos. 2-
23  8, Proctor Dec., Exh. 5; David Rosenbaum's Amended Second Privilege Log, dated January 21, 2008, Entry Nos. 55-59, Proctor Dec., Exh. 6.

24  [19]  MGA's Complaint in Case No. 05-2727, dated April 13, 2005, ¶ 23, Proctor Dec., Exh. 11.

25  [20]  See Proctor Dec., Exh. 12.

26  [21]  While Rosenbaum has produced a number of these documents in redacted
27  form, he has not produced redacted versions of others.  Even if MGA and Larian had not waived the privilege -- and they have -- Rosenbaum should be compelled to
28  produce redacted versions of the documents he is withholding.

1

## Conclusion

2          For the foregoing reasons, Mattel's motion to compel should be granted

3    in its entirety.

4

5    DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
6

7                                      By
8                                        Timothy L. Alger
                                         Attorneys for Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATTEL'S MOTION TO COMPEL DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED