1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:   (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12 | CARTER BRYANT, an individual,        | CASE NO. CV 04-9049 SGL (RNBx)
   |                                      | Consolidated with
13 |                 Plaintiff,           | Case Nos. CV 04-09059 & CV 05-2727
   |        vs.                           |
14 |                                      | **DISCOVERY MATTER**
   | MATTEL, INC., a Delaware             |
15 | corporation,                         | **[To Be Heard By Discovery Master
   |                                      | Hon. Edward Infante (Ret.)]**
16 |                 Defendant.           |
   |                                      | NOTICE OF MOTION AND MOTION
17 |--------------------------------------| OF MATTEL, INC. TO ENFORCE
   | AND CONSOLIDATED ACTIONS             | THE COURT'S ORDER OF MAY 15,
18 |                                      | 2007, TO COMPEL MGA TO
   |                                      | PRODUCE COMPELLED
19 |                                      | CALENDARS, AND FOR
   |                                      | SANCTIONS; AND
20 |                                      |
   |                                      | MEMORANDUM OF POINTS AND
21 |                                      | AUTHORITIES
   |                                      |
22 |                                      | [Declarations of B. Dylan Proctor and
   |                                      | Oleg Stolyar submitted concurrently]
23 |                                      |
   |                                      | Date:   TBA
24 |                                      | Time:   TBA
   |                                      | Place:  TBA
25 |                                      |
   |                                      | **Phase 1:**
26 |                                      | Discovery Cut-Off:    January 28, 2008
   |                                      | Pre-Trial Conference: May 5, 2008
27 |                                      | Trial Date:           May 27, 2008
28

07209/2368574.2

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |         PLEASE TAKE NOTICE that Mattel, Inc. will, and hereby does, move

3 | the Court: (1) to enforce the Court's May 15, 2007 Order Granting Mattel, Inc.'s

4 | motion to compel MGA to produce documents, including calendars of anyone who

5 | worked on Bratz and/or communicated with Bryant prior to January 1, 2001, in

6 | complete and un-redacted form; and (2) for sanctions against MGA, including

7 | prospective monetary sanctions to obtain MGA's compliance with the May 15, 2007

8 | Order.  This Motion shall be heard by the Honorable Edward Infante, Discovery

9 | Master, at a date and time set by Judge Infante.

10 |         This Motion is made on the grounds that MGA has failed and refused

11 | to produce compelled calendars, including Isaac Larian's calendars for the year

12 | 2000, as ordered by the Court, and has produced other compelled calendars in

13 | incomplete form in violation of the Court's Order.

14 |         This Motion is based on this Notice of Motion and Motion, the

15 | accompanying Memorandum of Points and Authorities, the Declarations of B.

16 | Dylan Proctor and Oleg Stolyar filed concurrently herewith, the [Proposed] Order

17 | lodged concurrently herewith, the records and files of this Court, and all other

18 | matters of which the Court may take judicial notice.

19 |

20 | **Statement of Rule 37-1 Compliance**

21 |         The parties met and conferred on December 19, 2007, and times

22 | thereafter, regarding the issues set forth in this motion.

23 |

24 | DATED: January 28, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

26 | By _____

27 | Timothy L. Alger
Attorneys for Mattel, Inc.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

PRELIMINARY STATEMENT ................................................................................. 1

BACKGROUND ....................................................................................................... 2

     A.    The Discovery Master Ordered MGA to Produce All Documents Relating to Bratz and Communications with Bryant Prior to January 1, 2001, Including Calendars........................................................ 2

     B.    MGA Has Failed to Comply with the Court's May 15, 2007 Order Compelling MGA to Produce Calendars.................................... 3

     C.    Mattel's Meet and Confer Efforts to Obtain MGA's Compliance .......... 5

ARGUMENT .............................................................................................................. 6

I.    THE COURT SHOULD ENFORCE ITS MAY 15, 2007 ORDER AND REQUIRE MGA TO PRODUCE THE COMPELLED CALENDARS ............................................................................................... 6

     A.    MGA Has Failed to Produce the Compelled Calendars of Larian ......... 7

     B.    MGA Has Also Failed to Produce Compelled Calendars for Julie Chomo, Paula Garcia, and Other MGA Employees ............................... 9

II.    MGA'S FAILURE TO COMPLY WITH THE MAY 15, 2007 ORDER HAS BEEN WILLFUL, AND IT SHOULD BE SANCTIONED ................. 10

CONCLUSION......................................................................................................... 12

MATTEL'S MOTION RE: CALENDARS

# TABLE OF AUTHORITIES

**Page**

## Cases

Grimes v. City and County of San Francisco,
   951 F.2d 236 (9th Cir. 1991) .................................................................. 11, 12

RTC v. Dabney,
   73 F.3d 262 (10th Cir. 1995) ...................................................................... 12

U.S. v. Westinghouse Electric Corp.,
   648 F.2d 642 (9th Cir. 1981) ...................................................................... 11

## Statutes

28 U.S.C. § 1927 .............................................................................................. 11

Fed. R. Civ. P. 37 ............................................................................................. 12

Fed. R. Civ. P. 37(b)(2) ................................................................................... 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

On May 15, 2007, the Discovery Master ordered MGA to produce all documents relating to Bratz and communications with Bryant prior to January 1, 2001, including calendars of anyone who worked on Bratz and/or communicated with Bryant prior to January 1, 2001, in un-redacted form, except for redactions that are justified by the attorney-client privilege or work-product doctrine. Directly flouting the Order, MGA has failed to produce the compelled calendars, including Larian's year 2000 calendars, by the Court-ordered deadline of July 31, 2007.

Isaac Larian is a named defendant and a critical witness in this case. He was personally involved in multiple aspects of events relevant to this suit, including during the key time period of 2000. For example, it is undisputed that Larian met with Carter Bryant regarding Bratz while Bryant was still employed by Mattel, was personally involved in Bryant's contract negotiations with MGA, instructed Bryant on how and when to sign the contract with MGA, repeatedly communicated with Bryant regarding Bratz, and had MGA begin work on Bratz — all in 2000.

The precise timing of Larian's involvement with Bratz and meetings and communications with Bryant go to the heart of this case, including the origins of Bratz and its timing. However, without any justification, MGA has refused to produce any of Larian's monthly calendars for the year 2000, other than for September, November and December. Further, MGA produced those three monthly calendars in incomplete form, in direct violation of the May 15, 2007 Order which compelled MGA to produce the calendars in un-redacted (*i.e.*, complete) form.

Moreover, though MGA witnesses have testified that MGA provided Franklin Planners (daily calendars) to its employees in the year 2000, MGA appears to have not produced any year 2000 calendars, including Franklin Planners, for anyone other than Mr. Larian or David Malacrida. MGA's contention that it has not

-1-

been able to locate even a single year 2000 Franklin Planner for any of its many other employees who worked on Bratz and/or communicated with Bryant prior to January 1, 2001, with the exception of Julie Chomo (a sales representative whose planners MGA has also refused to produce), is simply not credible.  Further, though MGA admits that it has located year 2000 Outlook calendars for Paula Garcia, Edmond Lee, Kerri Brode, Julie Chomo and Leon Djigurian, it has also refused to produce them.

MGA's failure to produce the compelled year 2000 calendars, including Franklin Planners, is clearly part of its effort to conceal relevant and, indeed, crucial evidence to Mattel's case.  These calendars and planners could reflect the time period when MGA first communicated with Bryant and began work on Bratz, and may contain unique information regarding the origins of Bratz and the timing of its development.

## Background

**A.   The Discovery Master Ordered MGA to Produce All Documents Relating to Bratz and Communications with Bryant Prior to January 1, 2001, Including Calendars**

On March 14, 2005, Mattel requested that MGA produce, among other things: (1) all documents relating to Bratz prepared prior to January 1, 2001; and (2) all of its communications with Bryant prior to January 1, 2001, including calendars, that reflect, memorialize or otherwise relate to such communications.[1]  MGA failed to do so.  On February 2, 2007, Mattel moved to compel MGA to, among other

---

[1]   See Mattel's First Set of Requests for Documents and Tangible Things to MGA, dated March 14, 2005, Request Nos. 32 & 69, attached as Exhibit 6 to the concurrently filed Declaration of B. Dylan Proctor ("Proctor Dec.").

1   things, produce documents responsive to the above two requests.[2]  On May 15,

2   2007, the Court granted Mattel's motion and ordered MGA to produce these

3   documents, among other things, in un-redacted form, except for redactions that are

4   justified by the attorney-client privilege or work-product doctrine.[3]

5   **B.    MGA Has Failed to Comply with the Court's May 15, 2007 Order**

6   **Compelling MGA to Produce Calendars**

7   MGA filed with the District Court objections to portions of the May 15,

8   2007 Order, but did not object to the Discovery Master's ruling that it must produce

9   all documents relating to Bratz and all communications with Bryant prior to January

10  1, 2001, including calendars, in un-redacted form.[4]  The District Court rejected the

11  objections MGA did make and upheld the Discovery Master's May 15, 2007 Order,

12  but allowed MGA until July 31, 2007 to produce the documents compelled by the

13  May 15, 2007 Order.[5]

14  Although the deadline for MGA's compliance passed more than five

15  months ago, MGA still has not produced virtually any of the compelled calendars

16  and planners.  For example, MGA has confirmed that it does possess the following

17  documents, but has still failed to produce them:

18
19          •    Larian's calendars for the year 2000;[6]

20  _____

21      [2]   See Mattel's Notice of Motion and Motion to Compel Production of

22  Documents and Interrogatory Answers by MGA, dated February 2, 2007, Proctor
    Dec. Exh. 7.

23      [3]   See Order Granting Mattel's Motion to Compel Production of Documents and
    Interrogatory Responses by MGA, dated May 15, 2007, at 8:7-21 & 14:8-12,

24  Proctor Dec. Exh. 8.

25      [4]   See MGA Entertainment's Memorandum of Points and Authorities in Support
    of Motion Objecting to Portions of the Discovery Master's May 15, 2007 Order,

26  dated May 30, 2007, Proctor Dec. Exh. 9.

27      [5]   See July 2, 2007 Order, at 2-4, Proctor Dec. Exh. 10.
        [6]   Proctor Dec. Exhs. 2, 4.

28

1    • Julie Chomo's planners for the year 2000.[7]

2
3    • electronic Outlook calendars of Paula Garcia, Edmond Lee, Kerri
     Brode, Julie Chomo and Leon Djigurian for the year 2000.[8]
4

5    Further, MGA appears to have not produced any year 2000 calendars or

6    planners other than those of Mr. Larian and Mr. Malacrida.   MGA contends that it

7    has not been able to locate the planners of its other employees who worked on Bratz

8    or communicated with Bryant in 2000, including Cecilia Kwok, Franki Tsang,

9    Mercedeh Ward, Victoria O'Conner, Martin Hitch, Andreas Koch, Dennis Medici,

10   Jeremy Davis, Jonathan Buford, Stephen Lee, Samuel Wong, Clementina Jarrin,

11   Jennifer Maurus, Jessica Caiafa, Paul Warner, Jackie Bielke, Marog Chazen,

12   Edmond Lee, Jim Olmstead, Aileen Storer, Leon Djigurian, Kerri Brode, Paula

13   Gracia and Rebecca Harris.[9]   However, MGA witnesses have testified that MGA

14   provided Franklin Planners to its employees in the year 2000, and that MGA

15   employees used these planners.[10]   Accordingly, MGA's assertion that it cannot

16   locate the planners of any of these employees is simply not credible.

17   Finally, though MGA did produce Larian's monthly calendars for

18   September, November and December 2000, they were produced in incomplete form

19   with portions of the text clearly cut off.[11]   When Mattel brought these deficiencies in

20

21   [7]   Proctor Dec. Exhs. 4-5.
22   [8]   Proctor Dec. Exh. 5; see also Declaration of Oleg Stolyar, filed concurrently
     herewith ("Stolyar Dec."), ¶ 5.
23   [9]   Proctor Dec. Exh. 4.  Though MGA initially confirmed that it has Ms. Harris'
24   planners for the year 2000 and promised to produce them, it subsequently retracted
     that statement. Proctor Dec. Exhs. 2, 4.
25   [10]   See, e.g., Deposition of David Malacrida, dated August 30, 2007, at 109:9-15,
     109:22-24; Deposition of Kerri Brode, dated August 15, 2007, at 159:4-10;
26   Deposition of Rebecca Harris, dated July 20, 2007, at 56:25-57:6, Proctor Dec.
27   Exhs. 11-13.
     [11]   Proctor Dec. Exh. 17.
28

                                                        MATTEL'S MOTION RE: CALENDARS

the production to MGA's attention, MGA refused to produce the compelled documents in complete form, as required by the May 15, 2007 Order.[12]

## C.     <u>Mattel's Meet and Confer Efforts to Obtain MGA's Compliance</u>

On December 19, 2007, Mattel requested that the parties meet and confer regarding MGA's failure to produce the compelled calendars and planners for the year 2000.[13] The parties met and conferred on January 4, 2008.[14] At that time, MGA stated that it had found planners from the year 2000 for Rebecca Harris and Julie Chomo and that it would produce them in un-redacted form.[15] MGA also confirmed that it has calendars for Isaac Larian which have not been produced, including for the year 2000.[16] MGA also promised to investigate whether its employees used calendars other than the Franklin Planners, such as the electronic Outlook calendar.[17] The parties agreed that MGA would report back to Mattel regarding its investigation the following week.[18]

After not hearing back from MGA, Mattel sent another letter on January 10, 2008, asking MGA to produce the additional documents it had located to date and to inform Mattel of the results of its investigation.[19] MGA then informed Mattel that it could not locate year 2000 Franklin Planners for any of its employees other than Julie Chomo, contradicting its prior statement that it had located Ms. Harris' year 2000 planners and would produce them.[20] As to Larian's withheld calendars, MGA stated only that, "Mr. Larian will provide a signed

---

[12]   Proctor Dec. Exhs. 1, 4.
[13]   Proctor Dec. ¶ 2 & Exh. 1.
[14]   Proctor Dec. ¶ 3.
[15]   Proctor Dec. Exh. 2.
[16]   Proctor Dec. ¶ 3.
[17]   Proctor Dec. ¶ 3.
[18]   Proctor Dec. Exh. ¶ 3.
[19]   Proctor Dec. Exh. 3.
[20]   Proctor Dec. Exh. 4.

MATTEL'S MOTION RE: CALENDARS

07209/2368574.207209/23
08574.207209/2368574.2

1  verification that nothing is being withheld from his calendars that is responsive to

2  information sought in a discovery request."[21]  MGA also represented that it was still

3  "investigating" whether any of its employees used electronic calendars in the year

4  2000, such as Microsoft Outlook.[22]

5          Nearly two weeks later, with only a few days remaining prior to the

6  Phase I discovery cut-off, MGA informed Mattel that it would not be producing Ms.

7  Chomo's year 2000 planners after all, reneging on its prior promise to do so.[23]

8  MGA also confirmed that electronic Outlook calendars were found for Paula Garcia,

9  Edmond Lee, Kerri Brode, Julie Chomo and Leon Djigurian, but refused to produce

10 them as well, alleging that they were all non-responsive to Mattel's discovery

11 requests.[24]

12                          **Argument**

13 I.    **THE COURT SHOULD ENFORCE ITS MAY 15, 2007 ORDER AND**

14        **REQUIRE MGA TO PRODUCE THE COMPELLED CALENDARS**

15          The May 15, 2007 Order requires MGA to produce all documents

16 relating to Bratz and MGA's communications with Bryant prior to January 1, 2001,

17 including calendars and planners, in un-redacted (*i.e.*, complete) form.[25]  MGA has

18 willfully defied this Order by failing to produce the compelled documents, including

19 the full year 2000 calendars of Larian, Chomo, Garcia and other MGA employees,

20 and by producing other compelled documents in incomplete form.

21

22

23

24

---

25 [21]  Proctor Dec. Exh. 4.

26 [22]  Proctor Dec. Exh. 3.

27 [23]  Proctor Dec. Exhs. 4-5.

   [24]  <u>See</u> Stolyar Dec. ¶ 5.

28 [25]  Proctor Dec. Exh. 8.

A.   **MGA Has Failed to Produce the Compelled Calendars of Larian**

MGA admits that it is withholding certain of Larian's calendars for the year 2000.[26]   MGA does so in direct defiance of the May 15, 2007 Order.   It is undisputed that Larian met with Carter Bryant regarding Bratz while Bryant was still employed by Mattel, was personally involved in Bryant's contract negotiations with MGA, "instructed" Bryant on how and when to sign the contract with MGA, repeatedly communicated with Bryant regarding Bratz, and had MGA begin work on Bratz — all in 2000.[27]   However, without any justification, MGA has refused to produce most of Larian's year 2000 calendar, other than for the months of September, November and December.   MGA's failure to produce Larian's monthly calendar for October 2000 is particularly egregious, as it is undisputed that Larian worked on Bratz and communicated with Bryant in October 2000.   For example, on October 5, 2000, Larian e-mailed Bryant, asking him to "please arrange to meet" with an MGA employee (formerly with Mattel) "ASAP" to work on Bratz "full time."[28]

Mattel is also entitled to examine Larian's January-August 2000 calendars to determine if Larian communicated with Bryant or worked on Bratz in those months.   The evidence certainly suggests it is likely he did.   For example: Farhad Larian, a former MGA executive and Isaac Larian's brother, has stated in court pleadings that, "[i]n or about early 2000, Isaac called a meeting to discuss the new Bratz product line with selected individuals in the company;"[29] MGA has produced a Product Development Form for Bratz, which states that the "FMA" date for Bratz was February 1, 2000 and that the "production date" for Bratz was April 1,

---

[26]   Proctor Dec. Exhs. 2, 4.
[27]   Larian's Depo. Tr. at 26:22-27:6, 32:9-33:11, Proctor Dec. Exh. 15.
[28]   See Counterclaims, Exh. C.
[29]   See Farhad Larian's Complaint in Larian v. Larian, Case No. BC301371, dated August 25, 2003, at ¶ 15 (emphasis added), Proctor Dec., Exh. 19.

2000;[30] Anna Rhee, the face painter of Bratz, testified that invoices dated as early as June 12, 2000 were for work she performed on Bratz for MGA under the "code name" of "Angel;"[31] and Larian's September 2000 calendar (which he refused to produce in un-redacted form until Mattel moved to compel) revealed that Larian and Bryant were scheduled to meet as early as September 1, 2000.[32]  Given that the full extent of Larian's involvement with Bratz and MGA's communications with Bryant in the year 2000 goes to the heart of this case, including the origins of Bratz and the timing of its development, Mattel is entitled to examine Larian's calendars for January-August 2000 to determine whether Larian dealt with or spent time on Bratz, or met or communicated with Bryant, during those months.

Moreover, MGA has still failed to produce complete versions of Larian's monthly calendars for September, November and December 2000.  The most recent produced versions of these calendars are still incomplete, with portions of the text cut off.[33]  When Mattel informed MGA of this deficiency in the production and requested that MGA remedy it, MGA agreed but failed to do so.[34] Mattel is entitled to complete versions of these calendars to determine what it is that MGA seems to be trying to hide.

MGA's failure to produce some of Larian's monthly calendars in complete form, and refusal to produce most of Larian's year 2000 calendar altogether, is part of its larger effort to conceal relevant evidence, which has already resulted in multiple Orders compelling MGA to produce documents and in sanctions.  For example, on May 15, 2007, MGA was ordered to produce documents

---

[30]   See MGA 0046752-56, Proctor Dec. Exh. 18.
[31]   See Depo. Tr. of Anna Rhee, dated February 3, 2005, at 197:6-197:25 and 199:8-199:16, Proctor Dec., Exh. 16.
[32]   See MGA 0878780, Proctor Dec. Exh. 17.
[33]   See MGA 087878-80, Proctor Dec. Exh. 17.
[34]   Proctor Dec. ¶ 3 & Exh. 1.

in un-redacted form, and on December 19, 2007 it was sanctioned for its failure to timely comply with that Order.[35]

MGA should be ordered to immediately produce the compelled calendars that it is withholding in their entirety (including Larian's entire 2000 calendar) and in un-redacted form.  MGA also admits that it is in possession of other Larian calendars dated 2001 and later, that are responsive to Mattel's document requests, and should be ordered to produce them as well.[36]

### B.    MGA Has Also Failed to Produce Compelled Calendars for Julie Chomo, Paula Garcia, and Other MGA Employees

MGA witnesses have testified that MGA provided Franklin Planners to its employees in the year 2000.[37]  MGA admits that Cecilia Kwok, Franki Tsang, Mercedeh Ward, Victoria O'Conner, Martin Hitch, Andreas Koch, Dennis Medici, Jeremy Davis, Jonathan Buford, Stephen Lee, Samuel Wong, Clementina Jarrin, Jennifer Maurus, Jessica Caiafa, Paul Warner, Jackie Bielke, Marog Chazen, Edmond Lee, Jim Olmstead, Aileen Storer, Leon Djigurian, Kerri Brode and Paula Gracia were each MGA or MGA HK employees who worked on Bratz and/or communicated with Carter Bryant in the year 2000.[38]  MGA's assertion that it has not been able to locate any year 2000 planners for any of these individuals is not credible.

Indeed, MGA has admitted that it has located year 2000 planners for Rebecca Harris and Julie Chomo, MGA employees who worked on Bratz and/or

---

[35]   See Order re: Mattel's Motion to Enforce the Court's Order of May 15, 2007, dated December 19, 2007, Proctor Dec. Exh. 22.

[36]   Proctor Dec. Exh. 2.

[37]   See, e.g., Deposition of David Malacrida, dated August 30, 2007, at 109:22-24; Deposition of Kerri Brode, dated August 15, 2007, at 159:4-6, Proctor Dec. Exhs. 11-12.

[38]   Proctor Dec. Exhs. 1, 4.

1  communicated with Bryant in the year 2000, and promised to produce them.[39]  It has

2  not done so.  Further, though MGA has confirmed that it located year 2000 Outlook

3  calendars for Paula Garcia, Kerri Brode, Julie Chomo, Edmond Lee and Leon

4  Djigurian, it refused to produce them as well.[40]  MGA's refusal to produce Garcia's

5  year 2000 calendar is particularly egregious, as there is no dispute that Garcia met

6  and communicated with Bryant and worked on Bratz in the year 2000, and her

7  calendar for that time period should reflect that fact.[41]  In fact, Larian has admitted

8  that it was Garcia who brought him the idea for Bratz in 2000.[42]

9  **II.   MGA'S FAILURE TO COMPLY WITH THE MAY 15, 2007 ORDER**

10  **HAS  BEEN WILLFUL, AND IT SHOULD BE SANCTIONED**

11        MGA's continuing failure to comply with the May 15, 2007 Order and

12  produce the compelled documents has been willful and flagrant.  MGA has

13  intentionally failed to provide the compelled calendars and planners of Larian,

14  Chomo, Garcia and others to delay and obstruct Mattel's ability to obtain

15  information it is plainly entitled to and hinder its ability to take follow-up discovery

16  before the Phase I discovery cut-off date.[43]

17        The documents MGA failed to produce are of critical importance.  For

18  example, Larian's calendars prior to September 2000 may reveal that MGA

19  communicated with Bryant and/or began developing Bratz earlier than it claims,

20

---

21  [39]  Proctor Dec. Exhs. 2, 4.  MGA subsequently retracted its statement that Ms. Harris year 2000 planners have been located.  See Proctor Dec. Exh. 4.

22  [40]  Proctor Dec. Exh. 5, Stolyar Dec. ¶ 5.

23  [41]  See e.g., Deposition Transcript of Paula Garcia, dated May 24, 2007, at 186:5-7 (testifying that she was present at the September 1, 2000 meeting during

24  which Bryant pitched Bratz to MGA), 243:22-244:7 (testifying that she communicated with Bryant in August 2000), 255:12-256:22 (testifying that it was

25  her idea and decision to hire Margaret Hatch-Leahy as the sculptor for Bratz in

26  2000), Proctor Dec. Exh. 14.

27  [42]  Larian Depo. at 26:14-27:6, Proctor Dec. Exh. 15.

     [43]  The discovery cut-off date for Phase I is January 28, 2008.

28

which goes to the very heart of this case.  The year 2000 calendars and planners of Chomo, Garcia and other MGA employees, none of which have yet been produced to date, may reveal the same.  Phase I discovery in this case closes today.  By delaying compliance and stringing Mattel along in the process, MGA has deprived Mattel of its opportunity to question witnesses at deposition and to conduct follow up discovery once Mattel finally gets the documents MGA was ordered to produce long ago.

Mattel gave MGA notice of its intention to file this motion if MGA failed to produce the compelled documents more than a month ago.[44]  Since then, Mattel has sent MGA multiple letters, and participated in repeated meet and confers to attempt to obtain compliance, to no avail.[45]  Instead of complying with the Order, MGA dragged out the meet and confer process for more than a month to cause further delay.[46]

MGA's willful non-compliance with the May 15, 2007 Order should not be tolerated.  Sanctions are justified.  The Discovery Master has broad authority to sanction MGA for its disobedience of the May 15, 2007 Order.  Under Federal Rule of Civil Procedure 37(b)(2), the Court "may make such orders in regard to the failure [to comply with the Court's Order] as are just."  See also U.S. v. Westinghouse Electric Corp., 648 F.2d 642, 651 (9th Cir. 1981) ("The choice of discovery sanctions is left to the discretion of the district court."); accord Grimes v. City and County of San Francisco, 951 F.2d 236, 240-241 (9th Cir. 1991) (courts "may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even.").  Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the

---

[44]   Proctor Dec. Exh. 1.
[45]   Proctor Dec. ¶ 3 & Exhs. 1-2, 4; Stolyar Dec. ¶ 5.
[46]   Proctor Dec. ¶¶ 2-6.

1 | proceedings in any case unreasonably and vexatiously may be required by the court
2 | to satisfy personally the excess costs, expenses, and attorneys' fees reasonably
3 | incurred because of such conduct."  Sanctions under this section are appropriate "for
4 | conduct that, viewed objectively, manifests either intentional or reckless disregard
5 | of the attorney's duties to the court."  RTC v. Dabney, 73 F.3d 262, 265 (10th Cir.
6 | 1995).

7 |     Sanctions are needed here as a deterrent, and to coerce compliance.
8 | Mattel respectfully requests that MGA be ordered to pay $3,500 as partial
9 | reimbursement for the fees and costs that Mattel has incurred in bringing this
10 | motion.[47]  Mattel also requests that MGA be fined $1,000 for every day following
11 | the Discovery Master's ruling on this motion that MGA fails to produce the
12 | compelled calendars, including Franklin Planners, so as to ensure compliance and
13 | prevent still further motion practice on this matter.  See Grimes, 951 F.2d at 241
14 | ("magistrates may impose prospective sanctions pursuant to Rule 37 where such
15 | sanctions are necessary to enforce compliance with a valid discovery order").

16 | ### Conclusion

17 |     For the foregoing reasons, the Discovery Master should enforce the
18 | May 15, 2007 Order and (1) require MGA to produce the compelled calendars in
19 | complete form; (2) impose sanctions on MGA in the amount of $3,500 to reimburse
20 | Mattel for at least part of its attorney's fees, and (3) impose prospective sanctions
21 | until MGA fully complies with the May 15, 2007 Order.

22 | DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP

By_____
Timothy L. Alger
Attorneys for Mattel, Inc.

----

[47]   Proctor Dec. ¶ 23.