1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      James J. Webster (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone:   (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Mattel, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                        EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14              Plaintiff,               Consolidated with
                                         Case No. CV 04-09059
15         vs.                           Case No. CV 05-02727

16  MATTEL, INC., a Delaware             **DISCOVERY MATTER**
    corporation,
17                                       **[To Be Heard By Discovery Master
               Defendant.                Hon. Edward Infante (Ret.) Pursuant
18                                       To The Court's Order of December 6,
                                         2006]**
19  AND CONSOLIDATED ACTIONS
                                         MATTEL, INC.'S NOTICE OF
20                                       MOTION AND MOTION TO
                                         COMPEL ADDITIONAL
21                                       DEPOSITION TESTIMONY AND
                                         PRODUCTION OF DOCUMENTS BY
22                                       VERONICA MARLOW; AND

23                                       MEMORANDUM OF POINTS AND
                                         AUTHORITIES
24
                                         Date:   TBA
25                                       Time:   TBA
                                         Place:  Telephonic
26
                                         **Phase 1**
27                                       Discovery Cut-off:      January 28, 2008
                                         Pre-trial Conference:   April 21, 2008
28                                       Trial Date:             May 27, 2008

MATTEL'S MOTION TO COMPEL MARLOW DEPOSITION

1 | TO THIRD-PARTY VERONICA MARLOW, ALL PARTIES AND THEIR
2 | ATTORNEYS OF RECORD:

3 | PLEASE TAKE NOTICE that, at a telephonic conference before
4 | Discovery Master Hon. Edward Infante (Ret.) which will occur on a date and time to
5 | be set by Judge Infante, Mattel, Inc. will, and hereby does, move the Court, pursuant
6 | to <u>Federal Rules of Civil Procedure</u> 30(b)(6), 30(d), 34, and 37, to compel Veronica
7 | Marlow to appear for further deposition testimony, and to produce documents in
8 | unredacted form.

9 | This Motion is made on the grounds that Mattel is entitled to additional
10 | deposition time with Ms. Marlow because there are major relevant subjects
11 | remaining on which Mattel needs to examine her. Those subjects include new
12 | information regarding wrongful conduct by Marlow which had previously been
13 | concealed from Mattel, as well as subjects that Mattel had insufficient time to cover
14 | in the 7 hours and 34 minutes of examination conducted thus far as a result of its
15 | investigation into that new information. In addition, Ms. Marlow tactically withheld
16 | documents relevant to her deposition until the very day of her deposition and
17 | therefore thwarted Mattel's ability to question Ms. Marlow about them.

18 | In addition, Ms. Marlow has produced documents in redacted form, and
19 | then, after agreeing to produce all documents in unredacted form, failed to do so for
20 | certain critical documents.

21 | This Motion is based on this Notice of Motion and Motion, the
22 | accompanying Memorandum of Points and Authorities, the Declaration of James J.
23 | Webster filed concurrently herewith, the records and files of this Court, and all other
24 | matters of which the Court may take judicial notice.

25
26
27
28

07209/2369078.1

-i-

1

## **Statement of Rule 37-1 Compliance**

2          The parties met and conferred regarding this motion on January 4,

3     2008, and times thereafter.

4

5     DATED: January 28, 2007          QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
6

7                                      By /s/ James J. Webster
                                         James J. Webster
8                                        Attorneys for Plaintiff
                                         Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ...................................................................................... 2

    A.    Mattel's Efforts to Depose Marlow ........................................................ 2

    B.    Marlow Is A Key Witness ...................................................................... 3

    C.    Marlow Testified That Additional Mattel Employees Worked On The Bratz Product Line. ............................................................................ 4

    D.    Marlow Produced Key Documents On The Day Of The Deposition. .......................................................................................... 5

    E.    Mattel Has Yet To Obtain Access To Marlow's Computers And Hard Drives. ............................................................................................ 6

    F.    The Parties Have Met and Conferred ................................................... 7

ARGUMENT ......................................................................................................... 7

I.    THE DISCOVERY MASTER SHOULD ORDER MARLOW TO PROVIDE ADDITIONAL DEPOSITION TESTIMONY. .............................. 7

    A.    Marlow Is A Key Witness In The Bryant Case. .................................. 8

    B.    Marlow Is A Key Witness On MGA's Counterclaims ........................ 10

    C.    Marlow Withheld Relevant Documents Without Justification ............. 11

II.    MARLOW SHOULD BE ORDERED TO PRODUCE UNREDACTED DOCUMENTS AS PROMISED ....................................... 11

CONCLUSION ................................................................................................... 13

-i-

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Veronica Marlow is a key witness, as was recognized by Judge Larson on Mattel's *ex parte* application to set a date for her deposition. Marlow introduced Bryant to MGA, was present at his first pitch to MGA, and has since received millions of dollars from MGA as a finder's fee. Marlow is one of the few people to whom Mr. Bryant claims he showed his Bratz works prior to presenting them to MGA. Marlow was also involved with the development of Bratz from its inception through at least 2005.

On December 28, 2007, Mattel conducted 7 hours and 34 minutes of examination of Veronica Marlow. In that time, Marlow made a stunning revelation. Until then, MGA and Bryant had disclosed Bryant as the only Mattel employee who secretly worked on Bratz and received payments from MGA while employed by Mattel. Marlow revealed at her deposition that three more Mattel employees had secretly worked on Bratz -- and that they did so for five years. Not only had defendants failed to disclose these obviously relevant facts, but payments to these Mattel employees were made under false names to conceal them.

Further, as other MGA and MGA-affiliated witnesses have routinely done, Marlow withheld documents until the day of the deposition, despite the fact that she was served with the subpoena requiring production in 2005. At the deposition itself she produced, among other documents, a low quality copy of a never before disclosed contract between Marlow and MGA. MGA and Marlow had no legitimate basis for withholding the documents at all, let alone until the last minute so that Mattel had no time to review them.

Marlow also produced documents with redactions, some of which relate to the work Mattel employees did on the Bratz dolls. Despite an agreement to provide all redacted documents in unredacted form, Ms. Marlow has never produced

1  unredacted versions of these documents. Mattel is entitled to an order requiring Ms.

2  Marlow to produce these documents unredacted, as well as a legible copy of the

3  contract, and for additional time to meaningfully question her on these documents.

## Statement of Facts

### A.  Mattel's Efforts to Depose Marlow

Mattel first sought deposition dates from Marlow's counsel on June 7, 2007.[1]  After months of delays, counsel finally agreed to a date of October 24, 2007.[2]  Before the deposition could be held, however, the Court granted a stay to accommodate MGA's new counsel.[3]  Marlow, who is also represented by MGA's counsel, cancelled the scheduled deposition based on the stays obtained by MGA.[4]

The stay expired on November 14, 2007.[5]  Mattel then sought a new date for the deposition, but the earliest date counsel would provide was January 9, 2008, less than three weeks before the expiration of Phase 1 discovery. Mattel moved *ex parte* to move this deposition forward, based on the fact that Mattel would be prejudiced because it would have no time to conduct follow-up discovery. At Judge Larson's direction, the issue was resolved by Ms. Marlow's counsel's representation on the record that she would appear for deposition on December 28, 2007. In hearing the *ex parte* motion to compel Marlow's deposition, Judge Larson

---

[1]  Facsimile from Susan Wines to Larry McFarland, dated June 7, 2007, attached as Exhibit 1 to the concurrently filed Declaration of James J. Webster ("Webster Dec.").

[2]  Facsimile from Larry McFarland to Susan Wines dated September 21, 2007, Webster Dec., Exh. 2; facsimile from Susan Wines to Larry McFarland, dated September 21, 2007, Webster Dec., Exh. 3.

[3]  Order dated October 15, 2007, Webster Dec., Exh. 4.

[4]  Facsimile from Larry McFarland to Michael Zeller dated October 16, 2007, Webster Dec., Exh. 5.

[5]  Order dated October 31, 2007, Webster Dec., Exh. 6.

-2-

1 | made clear that he understood that there would likely be a need for follow-up
2 | discovery.

> Given this history that Mr. Quinn refers to, I understand
> his concern about waiting until January 7th, without
> having some assurance that he's going to be able to get any
> follow-up discovery that he thinks he may need. And I'm
> also convinced, from reading the papers -- I understand the
> type of follow-up discovery that he may need.[6]

**B.   <u>Marlow Is A Key Witness</u>**

Marlow worked for Mattel from January 1996 to approximately 2000,[7] and had worked with Bryant while he was still employed by Mattel. She is also one of a handful of people to whom defendant Carter Bryant says he showed his Bratz illustrations prior to presenting them to MGA.[8]   Marlow worked on Bratz for MGA from 2000 through 2005.[9]   Marlow therefore has specific knowledge of MGA's product line.

Further, she is allegedly the individual who introduced Bryant to MGA and was involved with Bratz at MGA from its inception.[10]   Ms. Marlow's own invoices reflect that she performed 169 hours of work on Bratz for MGA prior to the time Bryant left Mattel in October 2000, and worked with Bryant to design the fashions and hairstyles for the first Bratz dolls.[11]   She was also one of the few people

---

[6]   Transcript of Proceedings dated November 20, 2007, at 7:13-18, Webster Dec., Exh. 7.
[7]   Transcript of the Deposition of Veronica Marlow dated December 28, 2007 ("Marlow Depo. Tr.") at 21:25-22:4; 28:17-29:3, Webster Dec., Exh. 9.
[8]   Transcript of the Deposition of Carter Bryant dated November 4, 2004 ("Bryant Depo. Tr.") at 46:22-47:8, Webster Dec., Exh. 8.
[9]   Marlow Depo. Tr. at 37:14-18, 106:11-14, 107:22-108:4.
[10]   <u>Id.</u> at 106:11-14, 115:10-122:3.
[11]   Webster Dec., Exh. 10.

MATTEL'S MOTION TO COMPEL MARLOW DEPOSITION

1    who prepared the Bratz dolls used at the Hong Kong Toy Fair just two and a half
2    months after Bryant left Mattel.[12]   In addition, she was one of two designers in
3    June 2000 who worked on an allegedly separate MGA doll project code-named
4    "Angel"[13] -- which another witness testified actually referred to Bratz.[14]   Marlow
5    also worked on multiple Bratz products through 2005, including with the newly
6    revealed Mattel employees.[15]   Many of these products are relevant to MGA's claims
7    as well as Mattel's claims.

8        **C.    Marlow Testified That Additional Mattel Employees Worked On**
9            **The Bratz Product Line.**

10       At deposition, Marlow revealed that beginning in 2000 and continuing
11   for five years, three additional Mattel employees -- Ana Isabel Cabrera, Beatriz
12   Morales, and Maria Salazar -- worked on Bratz while employed by Mattel.[16]
13   Marlow left Mattel's employment in June 2000.   She then engaged Mattel
14   employees Ana Cabrera, Beatrice Morales, and Maria Salazar to work for her for
15   MGA's benefit on Bratz.[17]

16       Like Bryant, Cabrera, Morales, and Salazar all signed agreements
17   assigning Mattel all rights to intellectual property they created while employed by
18   Mattel.[18]   Accordingly, their work provides an independent basis for Mattel's claims
19   of ownership in Bratz.   Further, in connection with MGA's claims for unfair
20   competition against Mattel based on MGA's purported ownership of Bratz products,
21   Mattel is entitled to conduct meaningful discovery as to whether it has a defense to

22

23       [12]   Marlow Depo. Tr. at 361:19-23, Webster Dec., Exh. 9.
24       [13]   Marlow Depo. Tr. at 383:24-384:2, Webster Dec., Exh. 9.
         [14]   E.g., Transcript of the Deposition of Anna Rhee dated February 3, 2005
25   ("Rhee Depo. Tr.") at 107:16-108:12, 132:22-134:18, Webster Dec., Exh. 11.
26       [15]   Marlow Depo. Tr. at 307:8-308:1, Webster Dec., Exh. 9.
         [16]   Marlow Depo. Tr. at 306:14-308:1, 363:15-365:17, Webster Dec., Exh. 9.
27       [17]   Marlow Depo. Tr. at 306:14-308:1, 363:15-365:17, Webster Dec., Exh. 9.
28       [18]   Webster Dec., Exhs. 12-14.

1  MGA's claims based on Mattel's ownership of such "Bratz" products.  Finally, the

2  payments to these employees may constitute instances or acts of commercial bribery

3  that are predicate acts for Mattel's RICO claims in this action.

4                **D.    Marlow Produced Key Documents On The Day Of The Deposition.**

5                Frustrating Mattel's preparation for the deposition, Marlow produced

6  some documents on the day of the deposition that consisted primarily of very dark

7  photographs of paper documents.  These pages could not be copied, and thus could

8  not be used as exhibits.[19]  Included among them was a confidentiality agreement

9  between Marlow and MGA that had not been previously produced.[20]  (The pages of

10  the contract were faxed to Mattel the day before the deposition, but because they

11  were dark photographic images, they were entirely black when faxed.[21])  Mattel

12  asked counsel for a legible copy of the document at the deposition, but did not

13  receive one.[22]  Since then, Mattel has renewed its request in writing but neither

14  Marlow or MGA has responded or provided a legible copy of this belatedly revealed

15  contract.[23]

16                Marlow's earlier productions were similarly inadequate.  Marlow has

17  provided   numerous   redacted   documents   throughout   her   production   without

18  providing any justification for the redactions.[24]  Among these redacted documents

19  were several time records for Ana Cabrera, one of the Mattel employees who

20

21

22    ---

23    [19]  Webster Dec., ¶ 19.
      [20]  Webster Dec., ¶ 19.

24    [21]  Webster Dec., ¶ 18.
      [22]  Webster Dec., ¶ 20.

25    [23]  Email from Michael Zeller to Larry McFarland dated January 4, 2008,

26    Webster Dec., Exh. 15.

27    [24]  Letter from B. Dylan Proctor to Larry McFarland, dated November 15, 2007,
      Webster Dec., Exh. 16; Letter from B. Dylan Proctor to Larry McFarland, dated

28    November 28, 2007, Webster Dec., Exh. 17.

1 worked on the Bratz dolls.[25]   Mattel met and conferred with Marlow's counsel in
2 December of 2007, and he promised that Marlow and his other clients would
3 "produce to you unredacted copies of all of the documents that we have produced
4 other than Ms. Leahy's planner."[26]   Though Marlow produced some unredacted
5 documents, she never did so for Cabrera's time sheets, among other documents.[27]

6    **E.    Mattel Has Yet To Obtain Access To Marlow's Computers And**
7         **Hard Drives.**

8         Ms. Marlow's counsel previously represented to Mattel that she did not
9 have any computer hard drives which she used for Bratz work.[28]   However, at her
10 deposition, Ms. Marlow testified that she has several computers, that she used at
11 least two of these computers for work-related e-mails, and at least one of these
12 computers to generate Bratz-related invoices for work done during 2000.[29]

13         Marlow was obliged to make these computers available for inspection
14 pursuant to a subpoena Mattel served on her nearly three years ago.[30]   Mattel was
15 unaware of the existence of these computers until it took Marlow's deposition, one
16 month before the close of discovery. Mattel has since requested that the hard drives
17 be provided immediately to Mattel for imaging and analysis.[31]   Mattel has met and
18 conferred on this issue and is separately seeking an Order from Judge Larson
19 allowing Mattel to take forensic images of Ms. Marlow's drives.

20

21         [25]   E.g., Webster Dec., Exh. 18.
22         [26]   Letter from Larry McFarland to B. Dylan Proctor, dated December 3, 2007,
23 Webster Dec., Exh. 19.
         [27]   Letter from James Webster to Larry McFarland, dated January 25, 2008,
24 Webster Dec., Exh. 20.
         [28]   Letter from B. Dylan Proctor to Larry McFarland, dated January 2, 2008,
25 Webster Dec., Exh. 21.
         [29]   Id.; Marlow Depo. Tr. at 15:10-17:22; 322:19-323:1, Webster Dec., Exh. 9.
26         [30]   Subpoena to Veronica Marlow dated March 16, 2005, Webster Dec., Exh. 22.
27         [31]   Letter from B. Dylan Proctor to Larry McFarland, dated January 2, 2008,
28 Webster Dec., Exh. 21.

**F.    The Parties Have Met and Conferred**

On January 4, 2008, Mattel sent a letter to Marlow's counsel requesting a meet and confer prior to filing this motion and outlining its reasons for needing additional deposition time.[32]  Marlow's counsel responded on January 16, 2008 and refused to produce her for any additional time.[33]

## Argument

**I.    THE DISCOVERY MASTER SHOULD ORDER MARLOW TO PROVIDE ADDITIONAL DEPOSITION TESTIMONY.**

Mattel has made the requisite showing to obtain additional time to examine Ms. Marlow at deposition.  See Fed. R. Civ. P. 30(d)(1) ("The court must allow additional time . . . if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.").  Parties are usually expected to work together to determine a fair time limit for depositions:  "It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need to resort to the court . . . Preoccupation with timing is to be avoided." Condit v. Dunne, 225 F.R.D. 100, 112 (S.D.N.Y. 2004) (citing the 2000 Advisory Committee notes to Fed. R. Civ. P. 30(d)).

As set forth above, Mattel has been allowed only some 7 hours and 34 minutes to depose Ms. Marlow.  This was clearly not enough time to cover Marlow's extensive personal knowledge regarding the origins of Bratz.  In addition, Marlow's last-minute production of documents, and the critical revelations in the

---

[32]   Email from Michael Zeller to Larry McFarland dated January 4, 2008, Webster Dec., Exh. 15.
[33]   Letter from Larry McFarland to B. Dylan Proctor dated January 16, 2008, Webster Dec., Exh. 23.

1  deposition itself made follow-up questioning essential. MGA's and Marlow's refusal
2  to allow further questioning, coupled with their continued failure to produce clear
3  and unredacted documents, have necessitated this motion.

4       **A.**   **Marlow Is A Key Witness In The Bryant Case.**

5         Marlow is one of the key witnesses in the Bryant case, and was pivotal
6  in Bryant's initial contacts with MGA. She has received millions of dollars in
7  alleged finder's fees from Bryant for introducing him to MGA.[34] According to
8  Marlow's own testimony and documents: she was one of the first people to whom
9  Bryant showed his original Bratz drawings;[35] was involved with Bratz since before
10 the initial pitch to MGA;[36] worked approximately 169 hours on Bratz even before
11 Bryant left Mattel in October 2000;[37] was one of no more than five people involved
12 in transforming Bryant's Bratz concept into a three-dimensional sculpt;[38] and
13 worked on the fashions worn by the Bratz dolls.[39] The only individuals who have
14 profited more from Bratz are Larian and Bryant.

15        In addition, as she revealed for the first time in her deposition, Marlow
16 has unique knowledge relating to the additional Mattel employees who worked on,
17 and were paid for, Bratz while still employed by Mattel. Mattel is entitled discovery
18 into the details of the Bratz products that these Mattel employees worked on while
19 employed by Mattel. It appears that there were at least fifty such products.[40]

20

21

---

22   [34] Marlow Depo. Tr. at 113:10-114:3, Webster Dec., Exh. 9.
23   [35] Marlow Depo. Tr. at 106:11-14, 115:10-122:3, Webster Dec., Exh. 9; see also
Bryant Depo. Tr. at 46:22-47:8, Webster Dec., Exh. 8.
24   [36] Marlow Depo. Tr. at 106:11-14, 115:10-122:3, Webster Dec., Exh. 9.
  [37] Webster Dec., Exh. 10.
25   [38] Marlow Depo. Tr. at 236:4-23, Webster Dec., Exh. 9; see also Deposition
26 Transcript of Margaret Leahy dated December 12, 2007 ("Leahy Depo. Tr.") at
221:17-223:21, Webster Dec., Exh. 24.
27   [39] Marlow Depo. Tr. at 327:24-329:7, Webster Dec., Exh. 9.
28   [40] Webster Dec., ¶ 31.

1    The fact that Mattel employees were so used was withheld by
2 Defendants, and Mattel has only learned of these facts at the first session of
3 Marlow's deposition.  Indeed, Defendants gave false, blanket denials under oath in
4 response to specific discovery questions seeking identification of Mattel employees
5 who worked on Bratz or for MGA.[41]  Thus, for example, Carter Bryant denied being
6 aware of any other Mattel employee working for MGA while he or she was
7 employed by Mattel.[42]  MGA's Rule 30(b)(6) designee on this topic, Lisa Tonnu,
8 identified no one as having performed work or services for MGA while also
9 employed by Mattel at any time since 1998.[43]  MGA's interrogatory responses
10 entirely failed to name either Ms. Cabrera or Ms. Morales as ever having worked on
11 Bratz and claimed that Ms. Salazar, who subsequently became an MGA employee,
12 did not work on Bratz until more than two years after she left Mattel.[44]

13    Marlow also has critical knowledge regarding the origins, creation,
14 design and development of Bratz.  Marlow can provide evidence that Bryant was
15 working on Bratz as early as June 2000.  Anna Rhee, the face painter of Bratz,
16 testified that the she first painted faces for MGA in June 2000.[45]  Rhee testified that
17 her work was on Bratz and done at Bryant's direction, but that she was directed to
18 write "Angel" on the invoice she submitted to MGA for the work she performed.[46]

19
20

[41]    See e.g., Bryant Depo. Tr. at 286:25-287:5, Webster Dec., Exh. 8; Tonnu
21 Depo. Tr. at 301:2-17, Webster Dec., Exh. 29; MGA's Supplemental Responses to
22 Mattel's Revised Third Set of Interrogatories, dated November 30, 2007, at 64-70,
23 Webster Dec., Exh. 30.
       [42]    Bryant Depo. Tr. at 286:25-287:5, Webster Dec., Exh. 8.
24       [43]    Tonnu Depo. Tr. at 301:2-17, Webster Dec., Exh. 20.
       [44]    MGA's Supplemental Responses to Mattel's Revised Third Set of
25 Interrogatories at 64-70, Webster Dec., Exh. 30.
26       [45]    Rhee Depo. Tr. at 107:16-108:12, 121:25-122:11, 132:22-134:18, 228:22-
   229:4, Webster Dec., Exh. 11.
27       [46]    Rhee Depo. Tr. at 107:16-108:12, 121:25-122:11, 132:22-134:18, 228:22-
28 229:4, Webster Dec., Exh. 11.

1    MGA and Bryant have contended that Anna Rhee is mistaken, and that
2    she was instead working on the supposedly separate "Prayer Angels" project in
3    June 2000. So far, in purported corroboration of MGA's position, three witnesses
4    have given three different accounts of who delivered what to Rhee for painting.
5    MGA employee Kerri Brode claims that she personally had Prayer Angels heads
6    messengered or fedexed to Rhee's house.[47]   Paula Garcia acknowledged that the
7    Prayer Angels head did not exist in June of 2000, but stated that either she or
8    Mercedeh Ward personally delivered a "Cabbage Patch Kid" head (a Mattel
9    product) to Rhee's house, so Rhee could paint that face as a place-holder.[48] Finally,
10   Marlow testified that <u>she</u> was the one who personally hand-delivered a Prayer Angel
11   head to Rhee's house for her to paint.[49]   Finally, Mattel deserves an opportunity to
12   examine Marlow on these conflicting accounts relating to a crucial factual issue in
13   this case.

14        **B.    Marlow Is A Key Witness On MGA's Counterclaims**

15        Marlow's testimony is also essential to Mattel's defenses to MGA's
16   counterclaims. Marlow has revealed that yet more Mattel employees worked on
17   Bratz products until at least 2005. Mattel's written agreements with those
18   employees assign the rights in such works to Mattel, which would defeat MGA's
19   claims to own the products on which MGA has sued Mattel. Establishing the facts
20   necessary for this defense requires a product by product review, and an
21   understanding of contributions which Mattel employees made to the creation of each
22   product at issue. Mattel is entitled to more time to complete Ms. Marlow's
23   deposition for this reason as well.

24

25   [47]   Transcript of Deposition of Kerri Brode dated August 15, 2007 ("Brode
26   Depo. Tr.") at 27:2-30:1, Webster Dec., Exh. 25.
     [48]   Transcript of Deposition of Paula Garcia dated May 25, 2007, at 376:15-23,
27   Webster Dec., Exh. 26.
28   [49]   Marlow Depo. Tr. at 384:6-10, Webster Dec., Exh. 9.

1  **C.     Marlow Withheld Relevant Documents Without Justification**

2         As set forth above, Marlow withheld documents until the day of the

3  deposition.   Mattel had insufficient time to conduct a thorough review of the

4  documents and question her on them.  Among them was a contract between Marlow

5  and MGA that had never been produced in this action.  An illegible photograph of

6  the contract was produced, preventing Mattel from copying it and thus using it as an

7  exhibit at the deposition.[50]  Although MGA faxed the contract to Mattel the night

8  before the deposition, the fax was also illegible.[51]  Mattel has requested a proper

9  copy of this contract and other produced documents, but to no avail. Mattel is

10  entitled to a legible copy of the documents, and to question Marlow on them at her

11  continued deposition.

12  **II.    MARLOW SHOULD BE ORDERED TO PRODUCE UNREDACTED**

13  **DOCUMENTS AS PROMISED**

14         Marlow has produced many documents in redacted form.  Despite

15  promising to produced unredacted copies, she has failed to do so. Among these are

16  time records related to the work done by Ana Cabrera on the Bratz dolls while she

17  was a Mattel employee.  This is key evidence that will show the specific dolls

18  Cabrera worked on, and dates when she did so.

19         Marlow has previously asserted that redactions were necessary to mask

20  information regarding irrelevant products, but such confidentiality concerns are fully

21  addressed in the Protective Order.  If necessary, Marlow can designate documents as

22  "Confidential—Attorney's Eyes Only."  Indeed, the Discovery Master has

23  previously ruled that documents should be produced in unredacted form for this very

24  reason.  "The protective order filed on January 4, 2005, is sufficient to address any

25  confidentiality concerns raised by Bryant . . . . Accordingly, Bryant is ordered to

26  _____

27  [50]  Webster Dec., ¶ 19.

28  [51]  Webster Dec., ¶ 18.

1  produce, without redactions all non-privileged documents responsive to [the

2  Requests at issue]."[52]  See also In re Heritage Bond Litigation, 2004 WL 1970058 at

3  *5, n.12 (C.D. Cal. 2004) ("Any privacy concerns . . . defendants have in their bank

4  records and related financial statements are adequately protected by the protective

5  order, and are not sufficient to prevent production in this matter"); A. Farber and

6  Partners, Inc. v. Garber, 234 F.R.D. 186, 191-92 (C.D. Cal. 2006) ("plaintiff's need

7  for defendant Garber's financial documents outweighs defendant Garber's claim of

8  privacy, especially when the 'impact' of the disclosure of the information can be

9  protected by a 'carefully drafted' protective order"); Yund v. Covington Foods, Inc.,

10  193 F.R.D. 582, 584 (S.D. Ind. 2000); Gohler v. Wood, 162 F.R.D. 691, 697 (D.

11  Utah 1995) ("Because the protective order limits disclosure of confidential material

12  to those who are necessarily involved in the case, and these parties may use this

13  information only for purposes of litigating this case, excluding any business

14  purpose, the court concludes Deloitte's confidentiality concerns have been addressed

15  adequately.").

16          Finally, aside from redactions, it is not clear if Marlow's production is

17  complete.  The records provided relating to work done by Cabrera, Morales, and

18  Salazar on the Bratz dolls, with a single exception, conclude in 2002.  Marlow's

19  testimony is that these Mattel employees worked on Bratz dolls for her until 2005.

20  Marlow should be ordered to produce any other responsive documents related to

21  these three employees or to any work performed by or any payments made to Mattel

22  employees.

23

24

25  [52]  Order Granting Mattel's Motion to Compel Documents, dated January 25,
26  2007, at 14, Webster Dec., Exh. 27; see also Order Granting Mattel's Motion to
    Compel Production of Documents and Interrogatory Responses by MGA, dated
27  May 15, 2007, at 11, n. 4, Webster Dec., Exh. 28 ("The protective order is sufficient
28  to alleviate Mr. Isaac Larian's privacy concerns.").

1

**Conclusion**

2   For the foregoing reasons, the Court should allow Mattel at least 14

3 additional hours to examine Ms. Marlow.  She should also be ordered to produce all

4 documents in legible and unredacted form, including any documents relating to her

5 use of Mattel employees for the benefit of MGA at any time.

6

7 DATED:  January 28, 2007          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
8

9                                   By /s/ James J. Webster
10                                     James J. Webster
                                       Attorneys for Plaintiff
11                                     Mattel, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2369078.1

1

## PROOF OF SERVICE

2        I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service,
3   1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4   On January 28, 2008, I served true copies of the following document(s) described as **MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ADDITIONAL**
5   **DEPOSITION TESTIMONY AND PRODUCTION OF DOCUMENTS BY VERONICA MARLOW; AND MEMORANDUM OF POINTS AND AUTHORITIES** on the parties in this
6   action as follows:

7        Thomas J. Nolan, Esq.              Larry McFarland, Esq.
         **Skadden, Arps, Slate, Meagher & Flom**    **Keats McFarland & Wilson LLP**
8        **LLP**                        9720 Wilshire Boulevard, Penthouse
         300 So. Grand Ave.              Suite
9        Suite 3400                     Beverly Hills, CA 90212
         Los Angeles CA  90071

10

11

12  **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.
13
         I declare that I am employed in the office of a member of the bar of this Court at whose
14  direction the service was made.

15       Executed on January 28, 2008, at Los Angeles, California.

16

17                            _____
                            NOW LEGAL -- Dave Quintana
18

19

20

21

22

23

24

25

26

27

28

07209/2169461.1

1

## PROOF OF SERVICE

2

3

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

4

5

6

On January 28, 2008, I served true copies of the following document(s) described as **MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY AND PRODUCTION OF DOCUMENTS BY VERONICA MARLOW; AND MEMORANDUM OF POINTS AND AUTHORITIES** on the parties in this action as follows:

7

8

9

Larry McFarland, Esq.
**Keats McFarland & Wilson LLP**
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, CA 90212

10

11

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

12

13

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

14

Executed on January 28, 2008, at Los Angeles, California.

15

16

Yalonda J. Dekle

17

18

19

20

21

22

23

24

25

26

27

28

07209/2359511.1