# EXHIBIT 30

1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, CA  90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:      tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, Suite 3800
   San Francisco, CA  94111
7  Telephone:  (415) 984-6400
   Facsimile:   (415) 984-2698
8  E-mail:      rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11           UNITED STATES DISTRICT COURT

12          CENTRAL DISTRICT OF CALIFORNIA

13                 EASTERN DIVISION

14 CARTER BRYANT, an individual      )  CASE NO. CV 04-9049 SGL (RNBx)
                                     )
15              Plaintiff,           )  Consolidated with Case No. 04-9059
                                     )  and Case No. 05-2727
16      v.                           )
                                     )  **MGA ENTERTAINMENT,**
17 MATTEL, INC., a Delaware          )  **INC.'S SUPPLEMENTAL**
   corporation                       )  **RESPONSES TO MATTEL,**
18                                   )  **INC.'S REVISED THIRD SET**
              Defendant.             )  **OF INTERROGATORIES**
19                                   )
                                     )  Honorable Stephen G. Larson
20                                   )  Courtroom 1
                                     )
21 Consolidated with MATTEL, INC. v. )  Discovery Cut-Off:  March 3, 2008
   BRYANT and MGA                    )
22 ENTERTAINMENT, INC. v.            )
   MATTEL, INC.                      )
23                                   )

24 **PROPOUNDING PARTY:    MATTEL, INC.  ("MATTEL")**

25 **RESPONDING PARTY:     MGA ENTERTAINMENT, INC.  ("MGA")**

26 **SET NUMBER:           REVISED THIRD**

27

28
                              _11·30_

**PRELIMINARY STATEMENT**

1
2      MGA hereby serves its objections to Mattel's Revised Third Set of
3  Interrogatories.  MGA is not yet in a position to serve its substantive responses to
4  Mattel's Revised Third Set of Interrogatories, in part due to Mattel's failure to
5  provide meaningful document, deposition and other discovery and also the transition
6  of MGA's representation from prior counsel of record to Skadden, Arps.  MGA
7  intends to supplement its objections with substantive responses to the
8  unobjectionable portions of the interrogatories contained in Mattel's Revised Third
9  Set of Interrogatories as soon as it is in a position to do so and after it has concluded
10 meet and confer sessions with Mattel, including with respect to Mattel's outstanding
11 discovery obligations.

12     The General Response set forth herein applies to all responses that
13 MGA is providing in response to these interrogatories (the "Interrogatories") or may
14 in the future provide in response to any discovery request in this action.  The
15 Response is made without waiving, or intending to waive but, on the contrary,
16 expressly reserving:  (a) the right to object, on the grounds of competency, privilege,
17 relevancy or materiality, or any other proper grounds, to the use of the Response, for
18 any purpose in whole or in part, in any subsequent step or proceeding in this action
19 or any other action; (b) the right to object on any and all grounds, at any time, to
20 other interrogatories or other discovery procedures; and (c) the right at any time to
21 revise, correct, add to, or clarify any of the responses propounded herein.

22     The Response reflects only the present state of MGA's discovery
23 regarding the information that Mattel seeks.  Discovery and other investigation or
24 research concerning this litigation are continuing.  Mattel has produced almost no
25 documents to date and has produced no documents from its Zeus computer system,
26 and has not provided other discovery responses, including without limitation
27 supplemental responses to its March 7, 2005, responses to MGA's First Set of
28 Interrogatories (which responses were comprised almost entirely of objections).  It is

1

EXHIBIT ___50___

PAGE ___291___

1 │ anticipated that further discovery, independent investigation, and legal research and
2 │ analysis will supply additional facts and meaning to the known facts, as well as
3 │ establish entirely new factual conclusions, all of which may lead MGA to discover
4 │ other information responsive to these Interrogatories. MGA therefore reserves the
5 │ right to amend or supplement this Response at any time in light of future
6 │ investigation, research or analysis, and also expressly reserves the right to rely on, at
7 │ any time, including trial, subsequently discovered information omitted from this
8 │ Response as a result of mistake, error, oversight or inadvertence. MGA does not
9 │ hereby admit, adopt or acquiesce in any factual or legal contention, assertion or
10 │ characterization contained in the Interrogatories or any particular request therein,
11 │ even where MGA has not otherwise objected to a particular interrogatory, or has
12 │ agreed to provide information responsive to a particular interrogatory.

13 │     No incidental or implied admissions are intended by this Response.
14 │ These responses should not be taken as an admission that MGA accepts or admits the
15 │ existence of any facts set forth or assumed by any instruction, definition or
16 │ interrogatory.

17 │         **GENERAL OBJECTIONS**

18 │     MGA responds to these Interrogatories subject to the following general
19 │ objections and limitations, each of which is incorporated into each and every
20 │ response as though fully set forth therein:

21 │     1.     MGA objects to these Interrogatories to the extent they seek
22 │ information that is not subject to disclosure under any applicable privilege, doctrine
23 │ or immunity, including without limitation the attorney-client privilege, the work
24 │ product doctrine, the right of privacy, and all other privileges recognized under the
25 │ constitutional, statutory or decisional law of the United States of America, the State
26 │ of California or any other applicable jurisdiction.

27 │     2.     MGA objects to these Interrogatories to the extent they seek
28 │ information not relevant to the claims or defenses of any party to this action and not

EXHIBIT __30__

PAGE __292__

1 | reasonably calculated to lead to the discovery of admissible evidence.

2 |       3.       MGA objects to these Interrogatories to the extent they seek
3 | information which by reason of public filing or otherwise is already in Mattel's
4 | possession or is readily accessible to Mattel.

5 |       4.       MGA objects to these Interrogatories to the extent they seek the
6 | disclosure of information (1) not currently within its possession, custody or control;
7 | (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to
8 | persons, entities, or events not known to MGA.

9 |       5.       MGA objects to these Interrogatories to the extent they are
10 | overbroad and unduly burdensome.

11 |       6.       MGA objects to the definitions and instructions to the extent
12 | such definitions and instructions purport to enlarge, expand, or alter in any way the
13 | plain meaning and scope of any specific term or specific interrogatories on the
14 | ground that such enlargement, expansion, or alteration renders such a term or request
15 | vague, ambiguous, unintelligible, overly broad, unduly burdensome or uncertain.

16 |       7.       MGA objects to the following definitions in these
17 | Interrogatories:

18 |             (a)       MGA objects to the definition of the term "BRATZ"
19 | (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly burdensome, and
20 | designed to mislead and confuse the trier of fact.  The definition includes "any
21 | project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole
22 | or in part and regardless of what such project, product or doll is or has been also,
23 | previously or subsequently called) and any product, doll or DESIGN or any portion
24 | thereof that is now or has ever been known as, or sold or marketed under, the name
25 | or term 'Bratz' (whether in whole or in part and regardless of what such product, doll
26 | or DESIGN or portion thereof is or has been also, previously or subsequently called)
27 | or that is now or has ever been marketed as part of the 'Bratz' line, and each version
28 | or iteration of such product, doll or DESIGN or any portion thereof," and it goes on.

3

EXHIBIT _____30_____

PAGE _____293_____

1 By incorporating the definition of DESIGN, the overly broad definition of BRATZ
2 includes two-dimensional and three-dimensional representations, including "works,
3 designs, artwork, sketches, drawings, illustrations, representations, depictions,
4 blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,
5 rotocasts, reductions to practice, developments, inventions and/or improvements . . .
6 ." (Definitions, ¶ 8.) These convoluted and multi-part definitions combine to render
7 the interrogatories vague, ambiguous and overly broad, and to include within the
8 term BRATZ things that do not fairly represent the Bratz line of dolls, accessories
9 and related products that are the subject of this case. In responding to these
10 interrogatories, MGA will interpret the term BRATZ to mean the line of dolls
11 introduced by MGA to the market for sale in May or June of 2001 and subsequent
12 dolls, accessories and other products known as Bratz or associated by MGA with the
13 Bratz line of dolls;

14          (b)     MGA objects to the definition of the term "BRATZ
15 DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly
16 burdensome, and designed to mislead and confuse the trier of fact. The definition
17 includes any doll that "REFERS OR RELATES TO BRATZ." Mattel's definition of
18 the terms "BRATZ" and "REFERS OR RELATES" renders the definition of
19 "BRATZ DOLL" unintelligible because MGA cannot know, by way of example,
20 what dolls may "deal with, comment on, respond to, . . . or in any way pertain"
21 (Definition ¶ 20) to "BRATZ." In responding to these interrogatories, MGA will
22 interpret the term "BRATZ DOLL" to mean the line of dolls introduced by MGA to
23 the market for sale in May or June of 2001 and subsequent dolls known as Bratz;

24          (c)     MGA objects to the definition of the term "CREATED"
25 (Definitions ¶ 21) as vague, ambiguous, overly broad and unduly burdensome, and
26 designed to mislead and confuse the trier of fact. The definition strays far from the
27 English meaning of the term "created" by including concepts such as "improved,"
28 "altered," "conceived of" and "reduced to practice." Thus, by way of example, under

4

EXHIBIT _30_

PAGE _294_

1 Mattel's definition of "CREATED," the jury could be misled into believing that a
2 person "CREATED" a particular thing when that person did not, but only slightly
3 altered or improved the thing. In responding to these interrogatories, MGA will not
4 interpret the term "CREATED," but rather will respond using words contained
5 within the Mattel definition in their normal, accepted meaning;

6         (d)    MGA objects to the definition of the term "INVENTIONS
7 AGREEMENT" (Definitions ¶ 23) as vague, ambiguous, overly broad and unduly
8 burdensome, and designed to mislead and confuse the trier of fact. The definition
9 includes "any other version of such January 4, 1999 agreement." In responding to
10 these interrogatories, MGA will interpret the term "INVENTIONS AGREEMENT"
11 to refer to the document Bates numbered M0001596;

12         (e)    MGA objects to the definition of the term "BRATZ
13 INVENTION" (Definitions ¶ 10) as vague, ambiguous, overly broad and unduly
14 burdensome, and designed to mislead and confuse the trier of fact. The definition
15 strays far from the English meaning of the term "invention" by including concepts
16 such as representation, idea, concept, work, process, procedure, plan, improvement,
17 design and development, none of which necessarily equate to an invention. In
18 responding to these interrogatories, MGA will not interpret the term "BRATZ
19 INVENTION," but rather will respond using words contained within the Mattel
20 definition in their normal, accepted meaning.

21         (f)    MGA objects to the terms "IDENTIFY" or "IDENTITY"
22 (Definitions ¶ 28) as overbroad, unduly burdensome, vague, ambiguous, and
23 oppressive. Mattel's definition of these terms inherently call for answers to multiple
24 discrete questions or subparts to questions. For example, when those terms are used
25 to reference any BRATZ INVENTION, the use of those terms requests at least 10
26 different and distinct facts: (a) the Bates number of any document that "REFERS OR
27 RELATES TO the BRATZ INVENTION"; (b) the IDENTITY of the individual
28 author or creator of the BRATZ INVENTIONS; (c) the IDENTITY of each other

EXHIBIT ___30___

PAGE ___295___

1 | individual who contributed in any manner to the BRATZ INVENTION; (d) the form,
2 | material and medium of the BRATZ INVENTION; (e) the title or name of the
3 | BRATZ INVENTION; (f) the version, modification, revision or iteration number of
4 | the BRATZ INVENTION; (g) the current location of the original of the BRATZ
5 | INVENTION; (h) the first day on which the BRATZ INVENTION was created; (i)
6 | the last day on which the BRATZ INVENTION was CREATED; (j) whether the
7 | entire invention was CREATED during the period of time listed in the Interrogatory
8 | (and if not, which portions were created during, earlier, or later than the period of
9 | time listed in the Interrogatory.)  Therefore, any interrogatory that includes or
10 | incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily compound and
11 | should be posed as separate interrogatories.

12 | (g) MGA objects to the terms "any" and "REFER OR
13 | RELATE TO" on the grounds and to the extent that they are overbroad, unduly
14 | burdensome or are vague and ambiguous in the context of the interrogatories as
15 | written and as those interrogatories would be plainly understood absent Mattel's
16 | definitions.

17 | 8. MGA objects to these interrogatories to the extent that they may
18 | unfairly seek to restrict the facts on which MGA may rely at trial.  Discovery has not
19 | been completed and MGA is not yet necessarily in possession of all the facts and
20 | documents upon which MGA intends to rely.  All of the responses submitted
21 | herewith are tendered to Mattel with the reservation that the responses are submitted
22 | without limiting the evidence on which MGA may rely to support the contentions
23 | and defenses that MGA may assert at the trial of this action and to rebut or impeach
24 | the contentions, assertions and evidence that Mattel may present.  MGA reserves the
25 | right to supplement or amend these responses at a future date.

26 | 9. MGA objects to each interrogatory to the extent that it seeks
27 | information that will be the subject of expert witness testimony and that is therefore
28 | premature.

EXHIBIT __30__

PAGE __296__

1    10.    MGA objects to each interrogatory to the extent that it seeks the
2  disclosure of confidential, proprietary, or trade-secret information.

3    11.    MGA objects to each interrogatory to the extent that it calls for a
4  legal conclusion.

5    12.    MGA reserves the right to object on any ground at any time to
6  such other and supplemental discovery requests as Mattel may propound involving
7  or relating to the same subject matter of these interrogatories.

8    13.    The responses below shall not be construed as an admission as to
9  the relevance or admissibility of any statement or characterization contained in any
10  interrogatory.  MGA reserves all objections, including without limitation objections
11  as to competency, relevance, materiality, privilege, authenticity, or admissibility.

12    14.    Consistent with Rule 33(d) of the Federal Rules of Civil
13  Procedure, MGA objects to providing responses to interrogatories that can be
14  derived from documents that have or will be produced (when requested in
15  compliance with Rule 26) and where the burden to derive such information is
16  substantially the same for Mattel as it is for MGA.

17    15.    In responding to these Interrogatories, MGA has not and will not
18  comply with any instructions or definitions that seek to impose requirements in
19  addition to those imposed by the Federal Rules of Civil Procedure and any applicable
20  local rule.

21    16.    To the extent MGA responds to an interrogatory, it does so
22  without waiving or intending to waive but rather, on the contrary, preserving and
23  intending to preserve, its contention that anything Mr. Bryant did on weekends,
24  evenings, vacation and any other time outside ordinary business hours was not done
25  while he was working for Mattel.  MGA's response may not be taken as an admission
26  that the information it provides in its response in any way reflects or evidences work
27  performed by Mr. Bryant while he was working for Mattel or that MGA adopts or
28  agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's

1   interrogatory.

2         17.    MGA objects to each of Mattel's interrogatories because Mattel
3   has propounded more than 50 interrogatories, including discrete subparts. Under
4   Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each
5   side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

6                   **SPECIFIC OBJECTIONS AND RESPONSES**

7         Without waiving or departing from its General Response and General
8   Objections, and specifically incorporating them in its response to each Interrogatory
9   below, MGA makes the following additional objections and responses to specific
10  Interrogatories:

11  **INTERROGATORY NO. 27:**

12        IDENTIFY each and every BRATZ INVENTION YOU contend was
13  CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ
14  INVENTION so identified state all facts that support YOUR contention that such
15  BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to
16  January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all
17  DOCUMENTS which REFER OR RELATE TO such facts.

18  **RESPONSE TO INTERROGATORY NO. 27:**

19        MGA incorporates by reference its General Response and General
20  Objections above, as though fully set forth herein and specifically incorporates
21  General Objection No. 7 (regarding the Definitions), including but not limited to its
22  objections to the definitions of the terms BRATZ INVENTION, CREATED,
23  IDENTIFY and REFER OR RELATES TO.  MGA further objects to this
24  interrogatory as compound because it contains discrete subparts that require separate,
25  distinct and multiple responses.  Specifically, MGA objects to the term IDENTIFY
26  as overbroad and unduly burdensome, as Mattel's definition of this term calls for
27  responses to multiple discrete subparts.  For example, Mattel's definition of the term
28  IDENTIFY in the context of this interrogatory would require MGA to provide a

8

EXHIBIT _____ 30

PAGE _____ 298

1 | multitude of discrete responses for each BRATZ INVENTION, including:

2 |     (a)    the Bates number of any document that "REFERS OR RELATES

3 | TO the BRATZ INVENTION;"

4 |     (b)    the IDENTITY of the individual author or creator of the BRATZ

5 | INVENTION;

6 |     (c)    the IDENTITY of each other individual who contributed in any

7 | manner to the BRATZ INVENTION;

8 |     (d)    the form, material and medium of the BRATZ INVENTION;

9 |     (e)    the title or name of the BRATZ INVENTION;

10 |     (f)    the version, modification, revision or iteration number of the

11 | BRATZ INVENTION;

12 |     (g)    the current location of the original of the BRATZ INVENTION;

13 |     (h)    the first day on which the BRATZ INVENTION was CREATED;

14 |     (i)    the last day on which the BRATZ INVENTION was CREATED;

15 |     (j)    whether the entire invention was CREATED during the period of

16 | time listed in the Interrogatory (and if not, which portions were created during,

17 | earlier, or later than the period of time listed in the Interrogatory).

18 |     This interrogatory is further compounded by Mattel's definition of

19 | IDENTITY, which purports to require MGA to provide the following information

20 | for each of the individuals Mattel is requesting that MGA identify with respect to

21 | each BRATZ INVENTION: (a) the individual's name; (b) any known business title;

22 | (c) the current or last known business affiliation; (d) current or last known residential

23 | address; (e) current or last known business address; (f) current or last known

24 | relationship to MGA; and (g) current or last known telephone number.

25 |     MGA further objects to this interrogatory on the grounds that it is

26 | overbroad, unduly burdensome, vague and ambiguous both generally and

27 | specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

28 | DESIGN and REFER OR RELATES TO. In particular, the term BRATZ

9

1  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR
2  RELATES TO, is so broad and over-inclusive that it could be read to include each
3  and every thought, idea and conversation that anyone may have had about BRATZ
4  during the time period at issue.

5  　　　MGA further objects to the extent that this interrogatory seeks
6  information that is outside of MGA's knowledge and is not in MGA's possession,
7  custody or control. In particular, MGA objects to this interrogatory to the extent that
8  it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*
9  DOCUMENTS" (emphasis added).

10  　　　MGA also objects to this interrogatory to the extent it seeks information
11  that is not subject to disclosure under any applicable privilege, doctrine or immunity,
12  including without limitation the attorney-client privilege, the work product doctrine,
13  the right of privacy, and all other privileges recognized under the constitutional,
14  statutory or decisional law of the United States of America, the State of California or
15  any other applicable jurisdiction. MGA further objects to the interrogatory on the
16  ground that it is premature because the invention, creation, conception, or reduction
17  to practice of Bratz (and related issues) will be the subject of expert testimony at
18  trial. MGA objects to this interrogatory to the extent it seeks to limit the expert
19  testimony that MGA may seek to introduce at trial. MGA will identify its experts
20  and make related disclosures in accordance with the Court's orders and applicable
21  rules.

22  　　　MGA further objects to this interrogatory because Mattel has
23  propounded more than 50 interrogatories. Under Judge Larson's order of February
24  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
25  04049-SGL and CV 05-02727]."

26  　　　Subject to and without waiving the foregoing objections, MGA
27  responds as follows: MGA is willing to meet and confer with Mattel regarding this
28  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

10

EXHIBIT _____

PAGE _____ 300

1  Set of Interrogatories.

2  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 27:**

3  MGA incorporates by reference its General Response and General
4  Objections above, as though fully set forth herein and specifically incorporates
5  General Objection No. 7 (regarding the Definitions), including but not limited to its
6  objections to the definitions of the terms BRATZ INVENTION, CREATED,
7  IDENTIFY and REFER OR RELATES TO. MGA further objects to this
8  interrogatory as compound because it contains discrete subparts that require separate,
9  distinct and multiple responses. Specifically, MGA objects to the term IDENTIFY
10  as overbroad and unduly burdensome, as Mattel's definition of this term calls for
11  responses to multiple discrete subparts. For example, Mattel's definition of the term
12  IDENTIFY in the context of this interrogatory would require MGA to provide a
13  multitude of discrete responses for each BRATZ INVENTION, including:

14  (a)  the Bates number of any document that "REFERS OR RELATES
15  TO the BRATZ INVENTION;"

16  (b)  the IDENTITY of the individual author or creator of the BRATZ
17  INVENTION;

18  (c)  the IDENTITY of each other individual who contributed in any
19  manner to the BRATZ INVENTION;

20  (d)  the form, material and medium of the BRATZ INVENTION;

21  (e)  the title or name of the BRATZ INVENTION;

22  (f)  the version, modification, revision or iteration number of the
23  BRATZ INVENTION;

24  (g)  the current location of the original of the BRATZ INVENTION;

25  (h)  the first day on which the BRATZ INVENTION was CREATED;

26  (i)  the last day on which the BRATZ INVENTION was CREATED;

27  (j)  whether the entire invention was CREATED during the period of
28  time listed in the Interrogatory (and if not, which portions were created during,

11

EXHIBIT ____30____

PAGE ____301____

1  earlier, or later than the period of time listed in the Interrogatory).

2       This interrogatory is further compounded by Mattel's definition of
3  IDENTITY, which purports to require MGA to provide the following information
4  for each of the individuals Mattel is requesting that MGA identify with respect to
5  each BRATZ INVENTION: (a) the individual's name; (b) any known business title;
6  (c) the current or last known business affiliation; (d) current or last known residential
7  address; (e) current or last known business address; (f) current or last known
8  relationship to MGA; and (g) current or last known telephone number.

9       MGA further objects to this interrogatory on the grounds that it is
10  overbroad, unduly burdensome, vague and ambiguous both generally and
11  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,
12  DESIGN and REFER OR RELATES TO. In particular, the term BRATZ
13  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR
14  RELATES TO, is so broad and over-inclusive that it could be read to include each
15  and every thought, idea and conversation that anyone may have had about BRATZ
16  during the time period at issue.

17       MGA further objects to the extent that this interrogatory seeks
18  information that is outside of MGA's knowledge and is not in MGA's possession,
19  custody or control. In particular, MGA objects to this interrogatory to the extent that
20  it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*
21  DOCUMENTS" (emphasis added).

22       MGA also objects to this interrogatory to the extent it seeks information
23  that is not subject to disclosure under any applicable privilege, doctrine or immunity,
24  including without limitation the attorney-client privilege, the work product doctrine,
25  the right of privacy, and all other privileges recognized under the constitutional,
26  statutory or decisional law of the United States of America, the State of California or
27  any other applicable jurisdiction. MGA further objects to the interrogatory on the
28  ground that it is premature because the invention, creation, conception, or reduction

EXHIBIT ___30___

PAGE ___302___

1 | to practice of Bratz (and related issues) will be the subject of expert testimony at
2 | trial. MGA objects to this interrogatory to the extent it seeks to limit the expert
3 | testimony that MGA may seek to introduce at trial. MGA will identify its experts
4 | and make related disclosures in accordance with the Court's orders and applicable
5 | rules.

6 |        Subject to and without waiving the foregoing objections, MGA
7 | responds as follows:

8 |        With respect to "inventions" as that term is used in utility patent law,
9 | MGA does not make any affirmative contentions as to whether there were any such
10 | inventions, except that MGA contends that the conception and/or reduction to
11 | practice of any such invention occurred before January 1999 and/or after October 20,
12 | 2000. With respect to design patents, in August or September of 1998, Carter
13 | Bryant, inspired by images he was exposed to, including in the August 1998 issue of
14 | *Seventeen Magazine*, the appearance of teenagers, as well as other images in the
15 | public domain, conceived of an idea for a line of dolls he named Bratz. At the same
16 | time, Bryant sketched a series of drawings to illustrate his idea. To the extent said
17 | idea contained elements covered by design patent law, no such invention was
18 | "reduced to practice" until after October 20, 2000. Nor did it fall within the scope of
19 | the term "inventions" as used in the "INVENTIONS AGREEMENT."

20 |        The following persons have knowledge of the facts and circumstances
21 | surrounding Bryant's conception and his illustrative drawings that he named Bratz:
22 | Carter Bryant; Bryant's mother, Janet Bryant; Bryant's father, Thomas Bryant;
23 | Jeanne Galvano; Richard Irmen; Elise Cloonan; Ramona Prince.

24 |        The following documents may be relevant to these facts: the sketches
25 | drawn by Bryant in August or September of 1998; publicly available materials that
26 | Bryant identified in his deposition testimony as inspiring his conception of a line of
27 | dolls in August or September of 1998, including but not limited to the August 1998
28 | issue of *Seventeen Magazine*; and other documents shown to Bryant at his November

13

EXHIBIT _____ 30

PAGE _____ 303

1 | 2004 deposition.

2 | **INTERROGATORY NO. 28:**

3 | IDENTIFY each and every BRATZ INVENTION YOU contend was
4 | CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and
5 | for each BRATZ INVENTION so identified state all FACTS that support YOUR
6 | contention that such BRATZ INVENTION (or aspects or portions thereof) was
7 | CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all
8 | PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR
9 | RELATE TO such facts.

10 | **RESPONSE TO INTERROGATORY NO. 28:**

11 | MGA incorporates by reference its General Response and General
12 | Objections above, as though fully set forth herein and specifically incorporates
13 | General Objection No. 7 (regarding the Definitions), including but not limited to its
14 | objections to the definitions of the terms BRATZ INVENTION, CREATED,
15 | IDENTIFY, and REFER OR RELATED TO.  MGA further objects to this
16 | interrogatory on the grounds that it is overbroad, unduly burdensome, vague and
17 | ambiguous both generally and specifically with respect to the term BRATZ
18 | INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR
19 | RELATES TO, is so broad and over-inclusive that it could be read to include each
20 | and every thought, idea and conversation that anyone may have had about BRATZ
21 | during the time period at issue.

22 | MGA further objects to this interrogatory as compound because it
23 | contains discrete subparts that require separate, distinct and multiple responses.
24 | Specifically, MGA objects to the term IDENTIFY as overbroad and unduly
25 | burdensome, as Mattel's definition of this term calls for responses to multiple
26 | discrete subparts. For example, Mattel's definition of the term IDENTIFY in the
27 | context of this interrogatory would require MGA to provide a multitude of discrete
28 | responses for each BRATZ INVENTION, including:

14

EXHIBIT __50__

PAGE __304__

1       (a)    the Bates number of any document that "REFERS OR RELATES
2 TO the BRATZ INVENTION;"

3       (b)    the IDENTITY of the individual author or creator of the BRATZ
4 INVENTION;

5       (c)    the IDENTITY of each other individual who contributed in any
6 manner to the BRATZ INVENTION;

7       (d)    the form, material and medium of the BRATZ INVENTION;

8       (e)    the title or name of the BRATZ INVENTION;

9       (f)    the version, modification, revision or iteration number of the
10 BRATZ INVENTION;

11       (g)    the current location of the original of the BRATZ INVENTION;

12       (h)    the first day on which the BRATZ INVENTION was CREATED;

13       (i)    the last day on which the BRATZ INVENTION was CREATED;

14       (j)    whether the entire invention was CREATED during the period of
15 time listed in the Interrogatory (and if not, which portions were created during,
16 earlier, or later than the period of time listed in the Interrogatory).

17       This interrogatory is further compounded by Mattel's definition of
18 IDENTITY, which purports to require MGA to provide the following information
19 for each of the individuals Mattel is requesting that MGA identify with respect to
20 each BRATZ INVENTION: (a) the individual's name (b) any known business title;
21 (c) the current or last known business affiliation; (d) current or last known residential
22 address; (e) current or last known business address; (f) current or last known
23 relationship to MGA; and (g) current or last known telephone number.

24       MGA further objects to the extent that this interrogatory seeks
25 information that is outside of MGA's knowledge and is not in MGA's possession,
26 custody or control. In particular, MGA objects to this interrogatory to the extent that
27 it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*
28 DOCUMENTS" (emphasis added).

EXHIBIT _____ 30
PAGE _____ 305

1  MGA also objects to this interrogatory to the extent it seeks information
2  that is not subject to disclosure under any applicable privilege, doctrine or immunity,
3  including without limitation the attorney-client privilege, the work product doctrine,
4  the right of privacy, and all other privileges recognized under the constitutional,
5  statutory or decisional law of the United States of America, the State of California or
6  any other applicable jurisdiction.

7  MGA further objects to the interrogatory on the ground that it is
8  premature because the invention, creation, conception, or reduction to practice of
9  Bratz (and related issues) will be the subject of expert testimony at trial. MGA
10  objects to this interrogatory to the extent it seeks to limit the expert testimony that
11  MGA may seek to introduce at trial. MGA will identify its experts and make related
12  disclosures in accordance with the Court's orders and applicable rules. MGA further
13  objects to the interrogatory as unduly burdensome, on the grounds that it would
14  require MGA to identify numerous documents that have already been produced and
15  are readily available to Mattel.

16  MGA further objects to this interrogatory because Mattel has
17  propounded more than 50 interrogatories. Under Judge Larson's order of February
18  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
19  04049-SGL and CV 05-02727]."

20  Subject to and without waiving the foregoing objections, MGA
21  responds as follows:  MGA is willing to meet and confer with Mattel regarding this
22  interrogatory and the obligation of Mattel to supplement its responses to MGA's First
23  Set of Interrogatories.

24  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 28:**

25  MGA incorporates by reference its General Response and General
26  Objections above, as though fully set forth herein and specifically incorporates
27  General Objection No. 7 (regarding the Definitions), including but not limited to its
28  objections to the definitions of the terms BRATZ INVENTION, CREATED,

16

1  IDENTIFY, and REFER OR RELATED TO.  MGA further objects to this

2  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

3  ambiguous both generally and specifically with respect to the term BRATZ

4  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

5  RELATES TO, is so broad and over-inclusive that it could be read to include each

6  and every thought, idea and conversation that anyone may have had about BRATZ

7  during the time period at issue.

8          MGA further objects to this interrogatory as compound because it

9  contains discrete subparts that require separate, distinct and multiple responses.

10  Specifically, MGA objects to the term IDENTIFY as overbroad and unduly

11  burdensome, as Mattel's definition of this term calls for responses to multiple

12  discrete subparts.  For example, Mattel's definition of the term IDENTIFY in the

13  context of this interrogatory would require MGA to provide a multitude of discrete

14  responses for each BRATZ INVENTION, including:

15          (a)     the Bates number of any document that "REFERS OR RELATES

16  TO the BRATZ INVENTION;"

17          (b)     the IDENTITY of the individual author or creator of the BRATZ

18  INVENTION;

19          (c)     the IDENTITY of each other individual who contributed in any

20  manner to the BRATZ INVENTION;

21          (d)     the form, material and medium of the BRATZ INVENTION;

22          (e)     the title or name of the BRATZ INVENTION;

23          (f)     the version, modification, revision or iteration number of the

24  BRATZ INVENTION;

25          (g)     the current location of the original of the BRATZ INVENTION;

26          (h)     the first day on which the BRATZ INVENTION was CREATED;

27          (i)     the last day on which the BRATZ INVENTION was CREATED;

28          (j)     whether the entire invention was CREATED during the period of

17

1 │ time listed in the Interrogatory (and if not, which portions were created during,
2 │ earlier, or later than the period of time listed in the Interrogatory).

3 │      This interrogatory is further compounded by Mattel's definition of
4 │ IDENTITY, which purports to require MGA to provide the following information
5 │ for each of the individuals Mattel is requesting that MGA identify with respect to
6 │ each BRATZ INVENTION: (a) the individual's name (b) any known business title;
7 │ (c) the current or last known business affiliation; (d) current or last known residential
8 │ address; (e) current or last known business address; (f) current or last known
9 │ relationship to MGA; and (g) current or last known telephone number.

10 │      MGA further objects to the extent that this interrogatory seeks
11 │ information that is outside of MGA's knowledge and is not in MGA's possession,
12 │ custody or control. In particular, MGA objects to this interrogatory to the extent that
13 │ it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS … and *all*
14 │ DOCUMENTS" (emphasis added).

15 │      MGA also objects to this interrogatory to the extent it seeks information
16 │ that is not subject to disclosure under any applicable privilege, doctrine or immunity,
17 │ including without limitation the attorney-client privilege, the work product doctrine,
18 │ the right of privacy, and all other privileges recognized under the constitutional,
19 │ statutory or decisional law of the United States of America, the State of California or
20 │ any other applicable jurisdiction.

21 │      MGA further objects to the interrogatory on the ground that it is
22 │ premature because the invention, creation, conception, or reduction to practice of
23 │ Bratz (and related issues) will be the subject of expert testimony at trial. MGA
24 │ objects to this interrogatory to the extent it seeks to limit the expert testimony that
25 │ MGA may seek to introduce at trial. MGA will identify its experts and make related
26 │ disclosures in accordance with the Court's orders and applicable rules. MGA further
27 │ objects to the interrogatory as unduly burdensome, on the grounds that it would
28 │ require MGA to identify numerous documents that have already been produced and

18

EXHIBIT _____ 30

PAGE _____ 308

1 | are readily available to Mattel.

2 | Subject to and without waiving the foregoing objections, MGA
3 | responds as follows:

4 | With respect to Bratz dolls and accessories, as concerns the term
5 | "inventions" as that is used in utility patent law, and/or in the "INVENTIONS
6 | AGREEMENT," MGA does not make any affirmative contentions as to whether
7 | there were any such inventions, except that MGA contends the conception and/or
8 | reduction to practice of any such invention occurred before January 1999 and/or after
9 | October 20, 2000. With respect to package design for Bratz products, MGA
10 | contends that certain aspects of said designs qualified as design patents. With
11 | respect to design patents, to the extent that the Bratz line of dolls, first marketed by
12 | MGA in 2001, contained features covered by design patent law, said inventions were
13 | "reduced to practice" by MGA after October 20, 2000 and before June 1, 2001.

14 | The following persons have knowledge of the facts and circumstances
15 | regarding the foregoing: Isaac Larian; Carter Bryant; Margaret Leahy; Veronica
16 | Marlow; Anna Rhee; Mercedeh Ward; Sarah Halpern; Paula Treantafelles (Garcia);
17 | Steve Tarmichael; Rebecca Harris; Cecilia Kwok; David Dees; Jesse Ramirez; Sam
18 | Wong; Edmond Lee; Steven Lee; Aileen Storer; Eric Yip; Leon Djiguerian; Rachel
19 | Harris; Maggie Siu; Ben Ton; Samuel Wong; Ray Wong; Steffan Smith; and Samir
20 | Khare.

21 | The following documents may be relevant to these facts: all
22 | "DOCUMENTS" that refer to or evidence the work performed by MGA employees
23 | and freelancers toward the reduction to practice of the first generation of Bratz dolls
24 | during the period after October 19, 2000 through June 1, 2001, including but not
25 | limited to: (i) documents showing the development of the first generation of Bratz
26 | dolls; (ii) documents showing exchanges with the Hong Kong factory regarding the
27 | development of the first generation of Bratz dolls; (iii) documents showing the
28 | timing of the development of packaging, fashion, and accessories for the first

19

EXHIBIT ___30___

PAGE ___309___

1  generation of Bratz dolls; (iv) documents related to the January 2001 Hong Kong toy
2  fair; (v) documents related to the February 2001 New York toy fair; (vi)
3  polyurethane samples of prototypes; (vii)  rotocasts and sculpts in Hong Kong; and
4  (viii) invoices submitted from Carter Bryant, Veronica Marlow, Anna Rhee, Victoria
5  O'Connor, and other invoices submitted by freelancers for work performed on the
6  Bratz project. The documents evidencing this work are too numerous to identify
7  individually.

8  **INTERROGATORY NO. 29:**

9            IDENTIFY each and every BRATZ INVENTION that was CREATED,
10  in whole or in part, after January 3, 1999 and before October 21, 2000, and for each
11  BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO
12  the timing of the creation of such BRATZ INVENTION and IDENTIFY all
13  PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR
14  RELATE TO such facts.

15  **RESPONSE TO INTERROGATORY NO. 29:**

16            MGA incorporates by reference its General Response and General
17  Objections above, as though fully set forth herein and specifically incorporates
18  General Objection No. 7 (regarding Definitions), including but not limited to its
19  objections to the definitions of the terms BRATZ INVENTION, CREATED, REFER
20  OR RELATE TO, and IDENTIFY.  MGA further objects to this interrogatory as
21  compound because it contains discrete subparts that require separate, distinct and
22  multiple responses. Specifically, MGA objects to the term IDENTIFY as overbroad
23  and unduly burdensome, as Mattel's definition of this term calls for responses to
24  multiple discrete subparts. For example, Mattel's definition of the term IDENTIFY
25  in the context of this interrogatory would require MGA to provide a multitude of
26  discrete responses for each BRATZ INVENTION, including:

27            (a)    the Bates number of any document that "REFERS OR RELATES
28  TO the BRATZ INVENTION;"

EXHIBIT ___30___

PAGE ___310___

1       (b)    the IDENTITY of the individual author or creator of the BRATZ
2 INVENTION;

3       (c)    the IDENTITY of each other individual who contributed in any
4 manner to the BRATZ INVENTION;

5       (d)    the form, material and medium of the BRATZ INVENTION;

6       (e)    the title or name of the BRATZ INVENTION;

7       (f)    the version, modification, revision or iteration number of the
8 BRATZ INVENTION;

9       (g)    the current location of the original of the BRATZ INVENTION;

10       (h)    the first day on which the BRATZ INVENTION was CREATED;

11       (i)    the last day on which the BRATZ INVENTION was CREATED;

12       (j)    whether the entire invention was CREATED during the period of
13 time listed in the Interrogatory (and if not, which portions were created during,
14 earlier, or later than the period of time listed in the Interrogatory).

15       This interrogatory is further compounded by Mattel's definition of
16 IDENTITY, which purports to require MGA to provide the following information
17 for each of the individuals Mattel is requesting that MGA identify with respect to
18 each BRATZ INVENTION:  (a) the individual's name (b) any known business title;
19 (c) the current or last known business affiliation; (d) current or last known residential
20 address; (e) current or last known business address; (f) current or last known
21 relationship to MGA; and (g) current or last known telephone number.

22       MGA further objects to this interrogatory on the grounds that it is
23 overbroad, unduly burdensome, vague and ambiguous both generally and
24 specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,
25 DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ
26 INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR
27 RELATES TO, is so broad and over-inclusive that it could be read to include each
28 and every thought, idea and conversation that anyone may have had about BRATZ

1  during the time period at issue.

2       MGA further objects to the extent that this interrogatory seeks
3  information that is outside of MGA's knowledge and is not in MGA's possession,
4  custody or control. In particular, MGA objects to this interrogatory to the extent that
5  it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*
6  DOCUMENTS" (emphasis added).

7       MGA also objects to this interrogatory to the extent it seeks information
8  that is not subject to disclosure under any applicable privilege, doctrine or immunity,
9  including without limitation the attorney-client privilege, the work product doctrine,
10  the right of privacy, and all other privileges recognized under the constitutional,
11  statutory or decisional law of the United States of America, the State of California or
12  any other applicable jurisdiction.

13       MGA further objects to the interrogatory on the ground that it is
14  premature because the invention, creation, conception, or reduction to practice of
15  Bratz (and related issues) will be the subject of expert testimony at trial. MGA
16  objects to this interrogatory to the extent it seeks to limit the expert testimony that
17  MGA may seek to introduce at trial. MGA will identify its experts and make related
18  disclosures in accordance with the Court's orders and applicable rules. MGA further
19  objects to the interrogatory as unduly burdensome, on the grounds that it would
20  require MGA to identify numerous documents that have already been produced and
21  are readily available to Mattel.

22       MGA further objects to this interrogatory because Mattel has
23  propounded more than 50 interrogatories. Under Judge Larson's order of February
24  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
25  04049-SGL and CV 05-02727]."

26       Subject to and without waiving the foregoing objections, MGA
27  responds as follows: MGA is willing to meet and confer with Mattel regarding this
28  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

22

1 Set of Interrogatories.

2 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 29:**

3        MGA incorporates by reference its General Response and General
4 Objections above, as though fully set forth herein and specifically incorporates
5 General Objection No. 7 (regarding Definitions), including but not limited to its
6 objections to the definitions of the terms BRATZ INVENTION, CREATED, REFER
7 OR RELATE TO, and IDENTIFY.  MGA further objects to this interrogatory as
8 compound because it contains discrete subparts that require separate, distinct and
9 multiple responses.  Specifically, MGA objects to the term IDENTIFY as overbroad
10 and unduly burdensome, as Mattel's definition of this term calls for responses to
11 multiple discrete subparts.  For example, Mattel's definition of the term IDENTIFY
12 in the context of this interrogatory would require MGA to provide a multitude of
13 discrete responses for each BRATZ INVENTION, including:

14        (a)    the Bates number of any document that "REFERS OR RELATES
15 TO the BRATZ INVENTION;"

16        (b)    the IDENTITY of the individual author or creator of the BRATZ
17 INVENTION;

18        (c)    the IDENTITY of each other individual who contributed in any
19 manner to the BRATZ INVENTION;

20        (d)    the form, material and medium of the BRATZ INVENTION;

21        (e)    the title or name of the BRATZ INVENTION;

22        (f)    the version, modification, revision or iteration number of the
23 BRATZ INVENTION;

24        (g)    the current location of the original of the BRATZ INVENTION;

25        (h)    the first day on which the BRATZ INVENTION was CREATED;

26        (i)    the last day on which the BRATZ INVENTION was CREATED;

27        (j)    whether the entire invention was CREATED during the period of
28 time listed in the Interrogatory (and if not, which portions were created during,

23

1 earlier, or later than the period of time listed in the Interrogatory).

2         This interrogatory is further compounded by Mattel's definition of
3 IDENTITY, which purports to require MGA to provide the following information
4 for each of the individuals Mattel is requesting that MGA identify with respect to
5 each BRATZ INVENTION:  (a) the individual's name (b) any known business title;
6 (c) the current or last known business affiliation; (d) current or last known residential
7 address; (e) current or last known business address; (f) current or last known
8 relationship to MGA; and (g) current or last known telephone number.

9         MGA further objects to this interrogatory on the grounds that it is
10 overbroad, unduly burdensome, vague and ambiguous both generally and
11 specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,
12 DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ
13 INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR
14 RELATES TO, is so broad and over-inclusive that it could be read to include each
15 and every thought, idea and conversation that anyone may have had about BRATZ
16 during the time period at issue.

17         MGA further objects to the extent that this interrogatory seeks
18 information that is outside of MGA's knowledge and is not in MGA's possession,
19 custody or control.  In particular, MGA objects to this interrogatory to the extent that
20 it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS … and *all*
21 DOCUMENTS" (emphasis added).

22         MGA also objects to this interrogatory to the extent it seeks information
23 that is not subject to disclosure under any applicable privilege, doctrine or immunity,
24 including without limitation the attorney-client privilege, the work product doctrine,
25 the right of privacy, and all other privileges recognized under the constitutional,
26 statutory or decisional law of the United States of America, the State of California or
27 any other applicable jurisdiction.

28         MGA further objects to the interrogatory on the ground that it is

EXHIBIT _____ 30

PAGE _____ 314

1 premature because the invention, creation, conception, or reduction to practice of
2 Bratz (and related issues) will be the subject of expert testimony at trial. MGA
3 objects to this interrogatory to the extent it seeks to limit the expert testimony that
4 MGA may seek to introduce at trial. MGA will identify its experts and make related
5 disclosures in accordance with the Court's orders and applicable rules. MGA further
6 objects to the interrogatory as unduly burdensome, on the grounds that it would
7 require MGA to identify numerous documents that have already been produced and
8 are readily available to Mattel.

9          Subject to and without waiving the foregoing objections, MGA
10 responds as follows:

11          There were no inventions related to Bratz after January 3, 1999 and
12 before October 21, 2000.

13 **INTERROGATORY NO. 30:**

14          State all facts that support YOUR contention, if YOU so contend, that,
15 assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL
16 pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over
17 and/or has superior rights to MATTEL as to such BRATZ INVENTION, and
18 IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that
19 REFER OR RELATE TO such facts.

20 **RESPONSE TO INTERROGATORY NO. 30:**

21          MGA incorporates by reference its General Response and General
22 Objections above, as though fully set forth herein and specifically incorporates
23 General Objection No. 7 (regarding Definitions), including but not limited to its
24 objections to the definitions of the terms BRATZ INVENTION, INVENTIONS
25 AGREEMENT, IDENTIFY and REFER OR RELATE TO. MGA also objects to
26 this interrogatory to the extent it seeks information that is not subject to disclosure
27 under any applicable privilege, doctrine or immunity, including without limitation
28 the attorney-client privilege, the work product doctrine, the right of privacy, and all

1   other privileges recognized under the constitutional, statutory or decisional law of
2   the United States of America, the State of California or any other applicable
3   jurisdiction.  MGA further objects to this interrogatory to the extent it calls for a
4   legal conclusion.  MGA further objects to the extent that this interrogatory seeks
5   information that is outside MGA's knowledge and is not in MGA's possession,
6   custody, or control.  In particular, MGA objects to this interrogatory to the extent
7   that it requests MGA to "state *all facts* . . . *and* IDENTIFY all PERSONS . . . and *all*
8   DOCUMENTS" (emphasis added).

9           MGA further objects to the interrogatory on the grounds that it is vague,
10  ambiguous and threatens to mislead the trier of fact in that it is stated in the
11  hypothetical and therefore proceeds from the false premise that Bryant assigned
12  rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS
13  AGREEMENT are binding and enforceable.  *See e.g., Kendrick v. Sullivan*, 125
14  F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention
15  interrogatories directed at hypothetical scenarios).  Any response to this interrogatory
16  depends on, among other factual and legal factors, specifically which BRATZ
17  INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA and
18  which rights he assigned, which information is not provided in the incomplete
19  hypothetical scenario posited in this interrogatory.

20          MGA further objects to the interrogatory on the ground that it is
21  premature because the invention, creation, conception, or reduction to practice of
22  Bratz (and related issues) will be the subject of expert testimony at trial.  MGA
23  objects to this interrogatory to the extent it seeks to limit the expert testimony that
24  MGA may seek to introduce at trial.  MGA further objects on the grounds that the
25  interrogatory seeks information not relevant to any claim or defense in the action and
26  is not reasonably calculated to the discovery of admissible evidence because MGA
27  denies that Bryant assigned any such rights to Mattel.

28          MGA objects to this interrogatory because Mattel has propounded more

26

EXHIBIT ___30___

PAGE ___316___

1 than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

2 "Interrogatories are to be limited to 50 for each side for both [Case Nos. CV 04-

3 04049-SGL and CV 05-02727]."

4 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 30:**

5         MGA incorporates by reference its General Response and General

6 Objections above, as though fully set forth herein and specifically incorporates

7 General Objection No. 7 (regarding Definitions), including but not limited to its

8 objections to the definitions of the terms BRATZ INVENTION, INVENTIONS

9 AGREEMENT, IDENTIFY and REFER OR RELATE TO. MGA also objects to

10 this interrogatory to the extent it seeks information that is not subject to disclosure

11 under any applicable privilege, doctrine or immunity, including without limitation

12 the attorney-client privilege, the work product doctrine, the right of privacy, and all

13 other privileges recognized under the constitutional, statutory or decisional law of

14 the United States of America, the State of California or any other applicable

15 jurisdiction. MGA further objects to this interrogatory to the extent it calls for a

16 legal conclusion. MGA further objects to the extent that this interrogatory seeks

17 information that is outside MGA's knowledge and is not in MGA's possession,

18 custody, or control. In particular, MGA objects to this interrogatory to the extent

19 that it requests MGA to "state *all facts . . . and* IDENTIFY all PERSONS . . . and *all*

20 DOCUMENTS" (emphasis added).

21         MGA further objects to the interrogatory on the grounds that it is vague,

22 ambiguous and threatens to mislead the trier of fact in that it is stated in the

23 hypothetical and therefore proceeds from the false premise that Bryant assigned

24 rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS

25 AGREEMENT are binding and enforceable. *See e.g., Kendrick v. Sullivan*, 125

26 F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

27 interrogatories directed at hypothetical scenarios). Any response to this interrogatory

28 depends on, among other factual and legal factors, specifically which BRATZ

EXHIBIT ___30___

PAGE ___317___

1 INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA and
2 which rights he assigned, which information is not provided in the incomplete
3 hypothetical scenario posited in this interrogatory.

4       MGA further objects to the interrogatory on the ground that it is
5 premature because the invention, creation, conception, or reduction to practice of
6 Bratz (and related issues) will be the subject of expert testimony at trial. MGA
7 objects to this interrogatory to the extent it seeks to limit the expert testimony that
8 MGA may seek to introduce at trial. MGA further objects on the grounds that the
9 interrogatory seeks information not relevant to any claim or defense in the action and
10 is not reasonably calculated to the discovery of admissible evidence because MGA
11 denies that Bryant assigned any such rights to Mattel.

12       Subject to and without waiving the foregoing objections, MGA
13 responds as follows:

14       MGA incorporates by reference its supplemental responses to
15 Interrogatory Nos. 27, 28, 29 and 31 as though fully set forth herein, and responds
16 further that, assuming Bryant assigned rights to inventions related to Bratz pursuant
17 to the "INVENTIONS AGREEMENT," (i.e. under the terms of said Agreement and
18 for inventions conceived of and/or reduced to practice during the period of Bryant's
19 employment with Mattel to which said Agreement relates), MGA would have
20 superior rights in the Bratz dolls because: (i) there were no "inventions" related to
21 Bratz covered by the "INVENTIONS AGREEMENT;" (ii) the Bratz dolls were
22 neither substantially similar to, nor a copy of, nor derivative of, Mattel's hypothetical
23 rights; and (iii) Mattel waived any rights it may have had due to laches and the
24 statute of limitations.

25 **INTERROGATORY NO. 31:**

26       State all facts that support YOUR contention, if YOU so contend, that
27 the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all
28 PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

1 | RELATE TO such facts.

2 | **RESPONSE TO INTERROGATORY NO. 31:**

3 |       MGA incorporates by reference its General Response and General

4 | Objections above, as though fully set forth herein and specifically incorporates

5 | General Objection No. 7 (regarding Definitions), including but not limited to its

6 | objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

7 | and REFER OR RELATE TO. MGA also objects to this interrogatory to the extent

8 | it seeks information that is not subject to disclosure under any applicable privilege,

9 | doctrine or immunity, including without limitation the attorney-client privilege, the

10 | work product doctrine, the right of privacy, and all other privileges recognized under

11 | the constitutional, statutory or decisional law of the United States of America, the

12 | State of California or any other applicable jurisdiction. MGA also objects to this

13 | interrogatory to the extent that it calls for a legal conclusion.

14 |       MGA objects that this interrogatory is an overbroad and unduly

15 | burdensome contention interrogatory to the extent it asks for "all facts" which

16 | supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron,*

17 | 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all

18 | facts, documents, and witnesses that support the denial of a statement or allegation of

19 | fact" because the "universe of potentially responsive information is almost endless").

20 | MGA further objects to the extent that this interrogatory seeks information outside of

21 | MGA's personal knowledge and is not in MGA's possession, custody or control. In

22 | particular, MGA objects to this interrogatory to the extent that it requests that MGA

23 | "state *all* facts . . . and IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS"

24 | (emphasis added).

25 |       MGA objects to this interrogatory because Mattel has propounded more

26 | than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

27 | "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

28 | SGL and CV 05-02727]."

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___30___

PAGE ___319___

1    Subject to and without waiving the foregoing objections, MGA
2  responds as follows: MGA is willing to meet and confer with Mattel regarding this
3  interrogatory and the obligation of Mattel to supplement its responses to MGA's First
4  Set of Interrogatories.

5  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 31:**

6    MGA incorporates by reference its General Response and General
7  Objections above, as though fully set forth herein and specifically incorporates
8  General Objection No. 7 (regarding Definitions), including but not limited to its
9  objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY
10  and REFER OR RELATE TO. MGA also objects to this interrogatory to the extent
11  it seeks information that is not subject to disclosure under any applicable privilege,
12  doctrine or immunity, including without limitation the attorney-client privilege, the
13  work product doctrine, the right of privacy, and all other privileges recognized under
14  the constitutional, statutory or decisional law of the United States of America, the
15  State of California or any other applicable jurisdiction. MGA also objects to this
16  interrogatory to the extent that it calls for a legal conclusion.

17    MGA objects that this interrogatory is an overbroad and unduly
18  burdensome contention interrogatory to the extent it asks for "all facts" which
19  supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron*,
20  181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all
21  facts, documents, and witnesses that support the denial of a statement or allegation of
22  fact" because the "universe of potentially responsive information is almost endless").
23  MGA further objects to the extent that this interrogatory seeks information outside of
24  MGA's personal knowledge and is not in MGA's possession, custody or control. In
25  particular, MGA objects to this interrogatory to the extent that it requests that MGA
26  "state *all* facts . . . and IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS"
27  (emphasis added).

28    Subject to and without waiving the foregoing objections, MGA

30

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

EXHIBIT _30_

PAGE _320_

1 responds as follows:

2       MGA contends that Paragraph 3-a of the "INVENTIONS

3 AGREEMENT" is unenforceable based on the equitable doctrine of laches, and the

4 statute of limitations, in that Mattel intentionally delayed in taking legal action

5 against MGA or Carter Bryant for several years in the belief that Mattel would be

6 able to drive Bratz out of the marketplace through the introduction of a copycat line

7 of My Scene Barbie dolls. Mattel only took legal action well after MGA had

8 invested substantial amounts of capital and creative and innovative human effort in

9 the Bratz line of dolls and had experienced enormous success in the market place,

10 changing the fashion doll business forever. In addition, many Mattel employees

11 knew following the introduction of the first generation of Bratz dolls to the market

12 that Carter Bryant was the originator of the idea that led to the first generation of

13 Bratz dolls.

14       The "INVENTIONS AGREEMENT" is also invalid and unenforceable

15 insofar it purports to prohibit Bryant from engaging in good faith and reasonable

16 efforts to seek professional opportunities with Mattel competitors while still

17 employed by Mattel.

18       These contentions are based on the following facts and circumstances:

19 MGA is informed and believes that it was common knowledge at Mattel that many

20 Mattel employees employed in the Mattel design center worked on a freelance basis

21 for third parties, including Mattel competitors. Despite knowledge of this activity,

22 Mattel rarely, if ever, enforced any rights it may have had to prohibit such

23 freelancing. Mattel has therefore waived any right it may have had to enforce

24 Paragraph 3-a of the "INVENTIONS AGREEMENT" against Carter Bryant by

25 virtue of course-of-conduct contract law principles.

26       The following persons have knowledge of the facts and circumstances

27 supporting this contention: current and former members of Mattel management,

28 current and former members of Mattel's legal department, current and former

31

EXHIBIT ___30___

PAGE ___32/___

1  employees in Mattel's Design Center, including, Robert Eckert, Alan Kaye, Matt

2  Bousquette, Adrienne Fontanella, Richard De Anda, Ivy Ross and Margaret Leahy.

3           The following documents may be relevant to these facts:  the

4  "INVENTIONS AGREEMENT;" Mattel documents referring or relating to Mattel's

5  enforcement, or lack thereof, of the provisions of similar agreements between Mattel

6  and its employees; Mattel documents referring or relating to Mattel's knowledge or

7  investigation of suspected violations of similar agreements between Mattel and its

8  employees; Mattel's internal emails that have not been produced; documents from

9  Mattel's Zeus computer systems; documents referring or relating to Mattel's market

10  research; documents referring or relating to Mattel's public relations efforts;

11  documents  referring or relating to Mattel's advertising and advertising strategies.

12  Mattel has produced very few documents in this action in response to MGA's

13  outstanding requests.  MGA recently served additional requests for production of

14  documents.  MGA reserves the right to supplement this response and all of its other

15  responses after Mattel has completed its production.

16           This response is without prejudice to MGA's position that the

17  "INVENTIONS AGREEMENT" as a whole is invalid and unenforceable as a

18  violation of public policy.

19  **INTERROGATORY NO. 32:**

20           State all facts that support YOUR contention, if YOU so contend, that

21  MATTEL is not or would not be entitled to injunctive relief as requested in its

22  COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that

23  MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all PERSONS

24  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

25  such facts.

26  **RESPONSE TO INTERROGATORY NO. 32:**

27           MGA incorporates by reference its General Response and General

28  Objections above, as though fully set forth herein and specifically incorporates

32

EXHIBIT ___30___

PAGE ___322___

1  General Objection No. 7 (regarding Definitions), including but not limited to its
2  objections to the definitions of the terms BRATZ INVENTIONS, IDENTIFY and
3  REFER OR RELATE TO, and further objects on the ground that the interrogatory is
4  overbroad, unduly burdensome, vague and ambiguous both generally and
5  specifically with respect to the terms YOUR, YOU, MATTEL. MGA also objects to
6  this interrogatory to the extent it seeks information that is not subject to disclosure
7  under any applicable privilege, doctrine or immunity, including without limitation
8  the attorney-client privilege, the work product doctrine, the right of privacy, and all
9  other privileges recognized under the constitutional, statutory or decisional law of
10 the United States of America, the State of California or any other applicable
11 jurisdiction. MGA further objects to the interrogatory on the ground that it is
12 premature because matters affecting Mattel's ability to obtain injunctive relief may
13 be the subject of expert testimony at trial. MGA objects to this interrogatory to the
14 extent it seeks to limit the expert testimony that MGA may seek to introduce at trial.
15 MGA will identify its experts and make related disclosures in accordance with the
16 Court's orders and applicable rules.

17        MGA notes that the issue of injunctive relief will be decided by the
18 Court after the conclusion of all jury deliberation relevant to the issue. MGA
19 believes accordingly that the Court's review of injunctive relief issue will not occur
20 until the conclusion of Phase 2.

21        MGA further objects on the ground that this interrogatory is an
22 overbroad and unduly burdensome contention interrogatory to the extent it asks for
23 "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
24 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
25 requests seeking "all facts, documents, and witnesses that support the denial of a
26 statement or allegation of fact" because the "universe of potentially responsive
27 information is almost endless").

28        MGA further objects to the extent that this interrogatory seeks

33

EXHIBIT _____30_____

PAGE_____323_____

1  information that is outside MGA's knowledge and is not in MGA's possession,
2  custody, or control.  In particular, MGA objects to this interrogatory to the extent
3  that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*
4  DOCUMENTS" (emphasis added).

5  MGA further objects to this interrogatory as it asks MGA to assume
6  facts contrary to evidence, and further asks it to base any response on an incomplete
7  and incomprehensible hypothetical scenario.  *See, e.g., Kendrick v. Sullivan*, 125
8  F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention
9  interrogatories directed at hypothetical scenarios).  Whether or not Mattel is or would
10  or would not be "entitled to injunctive relief" depends on, among other factual and
11  legal factors, which specific "BRATZ INVENTION" Mattel is hypothetically found
12  to own, and whether and/or to what extent it is determined that any Bratz products
13  that have been produced and sold are derivative works of any such BRATZ
14  INVENTIONS, which information is not provided in the incomplete hypothetical
15  scenario posited in this interrogatory.  MGA also objects to this interrogatory on the
16  grounds that Mattel – not MGA – bears the burden of proof to show that it is entitled
17  to injunctive relief, it if is ultimately determined that Mattel owns one or more
18  BRATZ INVENTIONS.

19  MGA further objects to this interrogatory because Mattel has
20  propounded more than 50 interrogatories.  Under Judge Larson's order of February
21  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
22  04049-SGL and CV 05-02727]."

23  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 32:**

24  MGA incorporates by reference its General Response and General
25  Objections above, as though fully set forth herein and specifically incorporates
26  General Objection No. 7 (regarding Definitions), including but not limited to its
27  objections to the definitions of the terms BRATZ INVENTIONS, IDENTIFY and
28  REFER OR RELATE TO, and further objects on the ground that the interrogatory is

34

EXHIBIT ___30___

PAGE ___324___

1  overbroad, unduly burdensome, vague and ambiguous both generally and
2  specifically with respect to the terms YOUR, YOU, MATTEL. MGA also objects to
3  this interrogatory to the extent it seeks information that is not subject to disclosure
4  under any applicable privilege, doctrine or immunity, including without limitation
5  the attorney-client privilege, the work product doctrine, the right of privacy, and all
6  other privileges recognized under the constitutional, statutory or decisional law of
7  the United States of America, the State of California or any other applicable
8  jurisdiction. MGA further objects to the interrogatory on the ground that it is
9  premature because matters affecting Mattel's ability to obtain injunctive relief may
10  be the subject of expert testimony at trial. MGA objects to this interrogatory to the
11  extent it seeks to limit the expert testimony that MGA may seek to introduce at trial.
12  MGA will identify its experts and make related disclosures in accordance with the
13  Court's orders and applicable rules.

14       MGA notes that the issue of injunctive relief will be decided by the
15  Court after the conclusion of all jury deliberation relevant to the issue. MGA
16  believes accordingly that the Court's review of injunctive relief issue will not occur
17  until the conclusion of Phase 2.

18       MGA further objects on the ground that this interrogatory is an
19  overbroad and unduly burdensome contention interrogatory to the extent it asks for
20  "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
21  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
22  requests seeking "all facts, documents, and witnesses that support the denial of a
23  statement or allegation of fact" because the "universe of potentially responsive
24  information is almost endless").

25       MGA further objects to the extent that this interrogatory seeks
26  information that is outside MGA's knowledge and is not in MGA's possession,
27  custody, or control. In particular, MGA objects to this interrogatory to the extent
28  that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

35

EXHIBIT _____ 30

PAGE _____ 325

1 | DOCUMENTS" (emphasis added).

2 |       MGA further objects to this interrogatory as it asks MGA to assume
3 | facts contrary to evidence, and further asks it to base any response on an incomplete
4 | and incomprehensible hypothetical scenario. *See, e.g., Kendrick v. Sullivan*, 125
5 | F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention
6 | interrogatories directed at hypothetical scenarios). Whether or not Mattel is or would
7 | or would not be "entitled to injunctive relief" depends on, among other factual and
8 | legal factors, which specific "BRATZ INVENTION" Mattel is hypothetically found
9 | to own, and whether and/or to what extent it is determined that any Bratz products
10 | that have been produced and sold are derivative works of any such BRATZ
11 | INVENTIONS, which information is not provided in the incomplete hypothetical
12 | scenario posited in this interrogatory. MGA also objects to this interrogatory on the
13 | grounds that Mattel – not MGA – bears the burden of proof to show that it is entitled
14 | to injunctive relief, it if is ultimately determined that Mattel owns one or more
15 | BRATZ INVENTIONS.

16 |       Subject to and without waiving the foregoing objections, MGA
17 | responds as follows:

18 |       Mattel is not entitled to injunctive relief for the following reasons:

19 |       (a)    Mattel is not entitled to injunctive relief in accordance with the
20 | principles established by the United States Supreme Court in eBay v. MercExchange,
21 | 126 S. Ct. 1837 (2006).

22 |       (b)    The original concepts contributed by Bryant to the creation of the
23 | Bratz dolls represent only one of the many factors that combined to make Bratz one
24 | of the most successful fashion dolls on the market. The contributions made by MGA
25 | to the Bratz dolls far outweigh any contributions made by Bryant prior to October
26 | 21, 2000 in terms of the overall factors that contributed to the commercial success of
27 | Bratz.

28 |       (c)    Mattel played no role in the creation and/or selection of the Bratz

EXHIBIT _30_

PAGE _326_

1  slogan, "The Girls with a Passion for Fashion!" or the brand name "Bratz."

2      (d)    Mattel played no role in the development of the Bratz line of
3  dolls' innovative and trend-setting packaging.

4      (e)    Mattel played no role in MGA's improvements, enhancements
5  and changes to the Bratz dolls in the months and years on and/or after October 21,
6  2000.

7      (f)    Mattel played no role in MGA's development of the fashions for
8  the Bratz dolls.

9      (g)    Mattel played no role in the development of Bratz Kidz, Bratz
10  Petz, Bratz Babyz and other successful additions to the Bratz doll family.

11      (h)    Mattel played no role in the development of the myriad of
12  accessories for the Bratz dolls.

13      (i)    Mattel played no role in the development of the successful
14  themes that have enhanced the popularity of the Bratz dolls.

15      (j)    Mattel played no role in the development of the Bratz animated
16  TV series, Bratz TV commercials, or Bratz the movie.

17      (k)    Mattel played no role in the development of the Bratz brand.

18      (l)    If in 2000 Mattel had been presented with the opportunity to
19  develop Bryant's idea for a line of fashion dolls, Mattel would not have pursued said
20  opportunity because of a perceived threat to Mattel's Barbie franchise.

21      (m)    Mattel's inequitable conduct through years of efforts to eliminate
22  competition to its lines of fashion dolls.

23      (n)    Mattel's inequitable conduct through specific acts of unfair
24  competition, as previously set forth in MGA's Responses and Supplemental
25  Responses to Mattel's First Set of Interrogatories Re: Claims of Unfair Competition
26  Nos. 5, 6, 8, 9 and 10.

27      (o)    The equitable doctrine of laches, in that Mattel intentionally
28  delayed in taking legal action against MGA or Carter Bryant for several years in the

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___3()___

PAGE ___3()7___

1  belief that Mattel would be able to drive Bratz out of the marketplace through the
2  introduction of a copycat line of My Scene Barbie dolls. Mattel only took legal
3  action well after MGA had invested substantial amounts of capital and creative and
4  innovative human effort in the Bratz line of dolls and had experienced enormous
5  success in the marketplace, changing the fashion doll business forever.

6              (p)    The statute of limitations.

7              The persons who have knowledge of the facts and circumstances
8  supporting these contentions of inequitable conduct by Mattel have already been
9  provided in MGA's supplemental responses to Interrogatory Nos. 27, 28, and 31.

10             To the extent that Mattel's interrogatory could be interpreted to require
11 MGA to identify all documents that "REFER OR RELATE TO" substantially all
12 facets of MGA's business, these documents are too numerous to identify individually
13 without undue burden to MGA. The following categories of documents may be
14 relevant to these facts: Mattel's Brand Directional Outlines; analyses and assessments
15 of Mattel's marketing strategies prepared and/or produced by Young and Rubicam
16 Brands; Mattel's Marketing Department assessments of Mattel's advertising and
17 branding strategies; Mattel's Creative Briefs; and publicly available documents
18 evidencing MGA's trademarks, patents, and copyrights.

19 **INTERROGATORY NO. 33:**

20             State all facts that support YOUR contention, if YOU so contend, that
21 MATTEL is not entitled to an award of punitive or exemplary damages against
22 YOU, and IDENTIFY all PERSONS with knowledge of such facts and all
23 DOCUMENTS that REFER OR RELATE TO such facts.

24 **RESPONSE TO INTERROGATORY NO. 33:**

25             MGA incorporates by reference its General Response and General
26 Objections above, as though fully set forth herein and specifically incorporates
27 General Objection No. 7 (regarding Definitions), including but not limited to its
28 objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

EXHIBIT ____30____

PAGE ____328____

1 and further objects on the ground that the interrogatory is overbroad, unduly

2 burdensome, vague and ambiguous both generally and specifically with respect to

3 the terms YOUR, YOU, and MATTEL. In particular, by way of example, the term

4 YOU as defined by Mattel could be read to require MGA to state all facts supporting

5 why Mattel is not entitled to an award of punitive damages against each of the

6 responding parties in this litigation, thereby rendering the interrogatory

7 impermissibly compound. MGA also objects to this interrogatory to the extent it

8 seeks information that is not subject to disclosure under any applicable privilege,

9 doctrine or immunity, including without limitation the attorney-client privilege, the

10 work product doctrine, the right of privacy, and all other privileges recognized under

11 the constitutional, statutory or decisional law of the United States of America, the

12 State of California or any other applicable jurisdiction. MGA further objects to the

13 interrogatory to the extent it calls for a legal conclusion.

14 　　　　MGA further objects on the ground that this interrogatory is an

15 overbroad and unduly burdensome contention interrogatory to the extent it asks for

16 "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

17 *Am. v. Rawstron,* 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

18 requests seeking "all facts, documents, and witnesses that support the denial of a

19 statement or allegation of fact" because the "universe of potentially responsive

20 information is almost endless").

21 　　　　MGA further objects to the extent that this interrogatory seeks

22 information that is outside MGA's knowledge and is not in MGA's possession,

23 custody, or control. In particular, MGA objects to this interrogatory to the extent

24 that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

25 DOCUMENTS" (emphasis added).

26 　　　　MGA also objects to this interrogatory on the grounds that Mattel – not

27 MGA – bears the burden of proof to show that it is entitled to an award of punitive or

28 exemplary damages.

EXHIBIT ___3 *U*___

PAGE ___329___

1       MGA further objects to this interrogatory because Mattel has
2  propounded more than 50 interrogatories.  Under Judge Larson's order of February
3  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
4  04049-SGL and CV 05-02727]."

5       Subject to and without waiving the foregoing objections, MGA
6  responds as follows:  MGA is willing to meet and confer with Mattel regarding this
7  interrogatory and the obligation of Mattel to supplement its responses to MGA's First
8  Set of Interrogatories.

9  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 33:**

10       MGA incorporates by reference its General Response and General
11  Objections above, as though fully set forth herein and specifically incorporates
12  General Objection No. 7 (regarding Definitions), including but not limited to its
13  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,
14  and further objects on the ground that the interrogatory is overbroad, unduly
15  burdensome, vague and ambiguous both generally and specifically with respect to
16  the terms YOUR, YOU, and MATTEL.  In particular, by way of example, the term
17  YOU as defined by Mattel could be read to require MGA to state all facts supporting
18  why Mattel is not entitled to an award of punitive damages against each of the
19  responding parties in this litigation, thereby rendering the interrogatory
20  impermissibly compound.  MGA also objects to this interrogatory to the extent it
21  seeks information that is not subject to disclosure under any applicable privilege,
22  doctrine or immunity, including without limitation the attorney-client privilege, the
23  work product doctrine, the right of privacy, and all other privileges recognized under
24  the constitutional, statutory or decisional law of the United States of America, the
25  State of California or any other applicable jurisdiction.  MGA further objects to the
26  interrogatory to the extent it calls for a legal conclusion.

27       MGA further objects on the ground that this interrogatory is an
28  overbroad and unduly burdensome contention interrogatory to the extent it asks for

40

1 "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
2 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
3 requests seeking "all facts, documents, and witnesses that support the denial of a
4 statement or allegation of fact" because the "universe of potentially responsive
5 information is almost endless").

6 MGA further objects to the extent that this interrogatory seeks
7 information that is outside MGA's knowledge and is not in MGA's possession,
8 custody, or control. In particular, MGA objects to this interrogatory to the extent
9 that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*
10 DOCUMENTS" (emphasis added).

11 MGA also objects to this interrogatory on the grounds that Mattel – not
12 MGA – bears the burden of proof to show that it is entitled to an award of punitive or
13 exemplary damages.

14 Subject to and without waiving the foregoing objections, MGA
15 responds as follows:

16 Mattel is not entitled to an award of punitive or exemplary damages
17 against MGA because: (i) Mattel does not own any rights in the Bratz dolls; (ii)
18 MGA has not violated or infringed any rights of Mattel with respect to the Bratz
19 dolls; (iii) Mattel has not shown that MGA acted in bad faith; and (iv) Mattel has not
20 presented any evidence to support the requirements for such an award against MGA.

21 **INTERROGATORY NO. 34:**

22 State all facts that support YOUR contention, if YOU so contend, that
23 YOU did not intentionally interfere with the INVENTIONS AGREEMENT when
24 BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to
25 BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all
26 DOCUMENTS that REFER OR RELATE TO such facts.

27 **RESPONSE TO INTERROGATORY NO. 34:**

28 MGA incorporates by reference its General Response and General

1  Objections above, as though fully set forth herein and specifically incorporates
2  General Objection No. 7 (regarding Definitions), including but not limited to its
3  objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY
4  and REFER OR RELATE TO, and further objects on the ground that the
5  interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally
6  and specifically with respect to the terms YOUR, YOU, BRYANT, MGA,
7  TRANSFER and ACQUIRE.  In particular, by way of example, the term YOU as
8  defined by Mattel could be read to require MGA to state all facts supporting why
9  each of the responding parties did not "intentionally interfere with the
10 INVENTIONS AGREEMENT," thereby rendering the interrogatory impermissibly
11 compound.  MGA also objects to this interrogatory to the extent it seeks information
12 that is not subject to disclosure under any applicable privilege, doctrine or immunity,
13 including without limitation the attorney-client privilege, the work product doctrine,
14 the right of privacy, and all other privileges recognized under the constitutional,
15 statutory or decisional law of the United States of America, the State of California or
16 any other applicable jurisdiction.  MGA further objects to the interrogatory to the
17 extent it calls for a legal conclusion.

18         MGA further objects on the ground that this interrogatory is an
19 overbroad and unduly burdensome contention interrogatory to the extent it asks for
20 "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*
21 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
22 requests seeking "all facts, documents, and witnesses that support the denial of a
23 statement or allegation of fact" because the "universe of potentially responsive
24 information is almost endless").

25         MGA further objects to the extent that this interrogatory seeks
26 information that is outside MGA's knowledge and is not in MGA's possession,
27 custody, or control.  In particular, MGA objects to this interrogatory to the extent
28 that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

42

EXHIBIT ____30____

PAGE ____332____

1 | DOCUMENTS" (emphasis added).

2 |      MGA further objects to this interrogatory because Mattel has

3 | propounded more than 50 interrogatories.  Under Judge Larson's order of February

4 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

5 | 04049-SGL and CV 05-02727]."

6 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 34:**

7 |      MGA incorporates by reference its General Response and General

8 | Objections above, as though fully set forth herein and specifically incorporates

9 | General Objection No. 7 (regarding Definitions), including but not limited to its

10 | objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

11 | and REFER OR RELATE TO, and further objects on the ground that the

12 | interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

13 | and specifically with respect to the terms YOUR, YOU, BRYANT, MGA,

14 | TRANSFER and ACQUIRE.  In particular, by way of example, the term YOU as

15 | defined by Mattel could be read to require MGA to state all facts supporting why

16 | each of the responding parties did not "intentionally interfere with the

17 | INVENTIONS AGREEMENT," thereby rendering the interrogatory impermissibly

18 | compound.  MGA also objects to this interrogatory to the extent it seeks information

19 | that is not subject to disclosure under any applicable privilege, doctrine or immunity,

20 | including without limitation the attorney-client privilege, the work product doctrine,

21 | the right of privacy, and all other privileges recognized under the constitutional,

22 | statutory or decisional law of the United States of America, the State of California or

23 | any other applicable jurisdiction.  MGA further objects to the interrogatory to the

24 | extent it calls for a legal conclusion.

25 |      MGA further objects on the ground that this interrogatory is an

26 | overbroad and unduly burdensome contention interrogatory to the extent it asks for

27 | "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

28 | *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

EXHIBIT ___30___

PAGE ___333___

1   requests seeking "all facts, documents, and witnesses that support the denial of a
2   statement or allegation of fact" because the "universe of potentially responsive
3   information is almost endless").

4        MGA further objects to the extent that this interrogatory seeks
5   information that is outside MGA's knowledge and is not in MGA's possession,
6   custody, or control.  In particular, MGA objects to this interrogatory to the extent
7   that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*
8   DOCUMENTS" (emphasis added).

9        Subject to and without waiving the foregoing objections, MGA
10  responds as follows:

11       MGA incorporates by reference its supplemental responses to
12  Interrogatory No. 33 as though fully set forth herein, and further responds that MGA
13  did not know, despite fair inquiry, that Carter Bryant had entered into the
14  "INVENTIONS AGREEMENT."  MGA responds further that MGA did not
15  intentionally induce Bryant to breach any agreement (known or unknown) with
16  Mattel, but instead it was Bryant who, through an intermediary, approached MGA,
17  and pitched the Bratz concept to MGA.  In addition, MGA does not believe that
18  Bryant has breached the "INVENTIONS AGREEMENT" or any other agreement
19  with Mattel, or breached any duties or obligations to Mattel.

20       The persons who have knowledge of the facts and circumstances
21  supporting this contention that MGA did not intentionally interfere with the
22  INVENTIONS AGREEMENT when Bryant transferred his rights in Bratz to MGA
23  have already been identified in the supplemental responses to Interrogatory Nos. 27,
24  28, and 31.

25       Documents responsive to this interrogatory are protected by the
26  attorney-client privileged or work product doctrine.  MGA previously offered to
27  stipulate to a limited waiver of these privileges and protections to permit inspection
28  of such documents, but Mattel refused.  Subject to these objections, MGA responds

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES   NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___30___

PAGE ___334___

1   that the following documents may be relevant to these facts: all documents showing

2   Bryant's work on his "pitch" materials; documents evidencing Bryant's desire to be a

3   freelance artist; documents evidencing Bryant's interactions with MGA prior to the

4   execution of the October 4, 2000 agreement between Bryant and MGA; and the

5   October 4, 2000 agreement between Bryant and MGA.

6   **INTERROGATORY NO. 35:**

7           State all facts that support YOUR contention, if YOU so contend, that

8   YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by

9   BRYANT to MATTEL when BRYANT performed work or services with or for

10   MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS

11   with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

12   such facts.

13   **RESPONSE TO INTERROGATORY NO. 35:**

14           MGA incorporates by reference its General Response and General

15   Objections above, as though fully set forth herein and specifically incorporates

16   General Objection No. 7 (regarding Definitions), including but not limited to its

17   objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

18   and further objects on the ground that the interrogatory is overbroad, unduly

19   burdensome, vague and ambiguous both generally and specifically with respect to

20   the terms YOU, BRYANT, MGA and MATTEL. In particular, by way of example,

21   the term YOU as defined by Mattel could be read to require MGA to state all facts

22   supporting why each of the responding parties "did not aid or abet any breach of

23   fiduciary duty or duty of loyalty owed by BRYANT to MATTEL," thereby

24   rendering the interrogatory impermissibly compound. MGA also objects to this

25   interrogatory to the extent it seeks information that is not subject to disclosure under

26   any applicable privilege, doctrine or immunity, including without limitation the

27   attorney-client privilege, the work product doctrine, the right of privacy, and all other

28   privileges recognized under the constitutional, statutory or decisional law of the

EXHIBIT _____30_____

PAGE ____335____

1 United States of America, the State of California or any other applicable jurisdiction.
2 MGA further objects to the interrogatory to the extent it calls for a legal conclusion.

3        MGA further objects on the ground that this interrogatory is an
4 overbroad and unduly burdensome contention interrogatory to the extent it asks for
5 "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
6 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
7 requests seeking "all facts, documents, and witnesses that support the denial of a
8 statement or allegation of fact" because the "universe of potentially responsive
9 information is almost endless").

10       MGA further objects to the extent that this interrogatory seeks
11 information that is outside MGA's knowledge and is not in MGA's possession,
12 custody, or control. In particular, MGA objects to this interrogatory to the extent
13 that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*
14 DOCUMENTS" (emphasis added).

15       MGA further objects to this interrogatory because Mattel has
16 propounded more than 50 interrogatories. Under Judge Larson's order of February
17 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
18 04049-SGL and CV 05-02727]."

19 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 35:**

20       MGA incorporates by reference its General Response and General
21 Objections above, as though fully set forth herein and specifically incorporates
22 General Objection No. 7 (regarding Definitions), including but not limited to its
23 objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,
24 and further objects on the ground that the interrogatory is overbroad, unduly
25 burdensome, vague and ambiguous both generally and specifically with respect to
26 the terms YOU, BRYANT, MGA and MATTEL. In particular, by way of example,
27 the term YOU as defined by Mattel could be read to require MGA to state all facts
28 supporting why each of the responding parties "did not aid or abet any breach of

46

EXHIBIT  30

PAGE  336

1  fiduciary duty or duty of loyalty owed by BRYANT to MATTEL," thereby

2  rendering the interrogatory impermissibly compound. MGA also objects to this

3  interrogatory to the extent it seeks information that is not subject to disclosure under

4  any applicable privilege, doctrine or immunity, including without limitation the

5  attorney-client privilege, the work product doctrine, the right of privacy, and all other

6  privileges recognized under the constitutional, statutory or decisional law of the

7  United States of America, the State of California or any other applicable jurisdiction.

8  MGA further objects to the interrogatory to the extent it calls for a legal conclusion.

9         MGA further objects on the ground that this interrogatory is an

10  overbroad and unduly burdensome contention interrogatory to the extent it asks for

11  "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

12  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

13  requests seeking "all facts, documents, and witnesses that support the denial of a

14  statement or allegation of fact" because the "universe of potentially responsive

15  information is almost endless").

16         MGA further objects to the extent that this interrogatory seeks

17  information that is outside MGA's knowledge and is not in MGA's possession,

18  custody, or control. In particular, MGA objects to this interrogatory to the extent

19  that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*

20  DOCUMENTS" (emphasis added).

21         Subject to and without waiving the foregoing objections, MGA

22  responds as follows:

23         MGA incorporates by reference its supplemental responses to

24  Interrogatory Nos. 34 and 38 as though fully set forth herein. In addition, MGA

25  denies that Bryant was a fiduciary with respect to his efforts to become a freelance

26  artist.

27  **INTERROGATORY NO. 36:**

28         State all facts that support YOUR contention, if YOU so contend, that

47

EXHIBIT __30__

PAGE __337__

1  YOU acted with an innocent state of mind or reasonably believed that MATTEL did
2  not own any rights in any BRATZ INVENTION when BRYANT purported to
3  TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY
4  all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
5  RELATE TO such facts.

6  **RESPONSE TO INTERROGATORY NO. 36:**

7         MGA incorporates by reference its General Response and General
8  Objections above, as though fully set forth herein and specifically incorporates
9  General Objection No. 7 (regarding Definitions), including but not limited to its
10 objections to the definitions of BRATZ INVENTION, IDENTIFY and REFER OR
11 RELATE TO, and further objects on the grounds that the interrogatory is overbroad,
12 unduly burdensome, vague and ambiguous both generally and specifically with
13 respect to the terms YOU, BRYANT, MGA, TRANSFER, MATTEL and
14 ACQUIRE. In particular, by way of example, the term YOU as defined by Mattel
15 could be read to require MGA to state all facts supporting why each of the
16 responding parties "acted with an innocent state of mind," thereby rendering the
17 interrogatory impermissibly compound. MGA also objects to this interrogatory to
18 the extent it seeks information that is not subject to disclosure under any applicable
19 privilege, doctrine or immunity, including without limitation the attorney-client
20 privilege, the work product doctrine, the right of privacy, and all other privileges
21 recognized under the constitutional, statutory or decisional law of the United States
22 of America, the State of California or any other applicable jurisdiction.

23         Subject to and without waiving the foregoing objections, MGA
24 responds as follows: MGA is willing to meet and confer with Mattel regarding this
25 interrogatory and the obligation of Mattel to supplement its responses to MGA's First
26 Set of Interrogatories.

27 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 36:**

28         MGA incorporates by reference its General Response and General

48

EXHIBIT __30__

PAGE __338__

1 │ Objections above, as though fully set forth herein and specifically incorporates
2 │ General Objection No. 7 (regarding Definitions), including but not limited to its
3 │ objections to the definitions of BRATZ INVENTION, IDENTIFY and REFER OR
4 │ RELATE TO, and further objects on the grounds that the interrogatory is overbroad,
5 │ unduly burdensome, vague and ambiguous both generally and specifically with
6 │ respect to the terms YOU, BRYANT, MGA, TRANSFER, MATTEL and
7 │ ACQUIRE. In particular, by way of example, the term YOU as defined by Mattel
8 │ could be read to require MGA to state all facts supporting why each of the
9 │ responding parties "acted with an innocent state of mind," thereby rendering the
10 │ interrogatory impermissibly compound. MGA also objects to this interrogatory to
11 │ the extent it seeks information that is not subject to disclosure under any applicable
12 │ privilege, doctrine or immunity, including without limitation the attorney-client
13 │ privilege, the work product doctrine, the right of privacy, and all other privileges
14 │ recognized under the constitutional, statutory or decisional law of the United States
15 │ of America, the State of California or any other applicable jurisdiction.

16 │ Subject to and without waiving the foregoing objections, MGA
17 │ responds as follows:

18 │ Mattel cannot show that MGA acted in bad faith when Bryant
19 │ transferred and MGA acquired all rights to the Bratz concept on October 4, 2000,
20 │ because of the following facts of which MGA was aware in the September to
21 │ October 2000 time period: (i) Bryant had an idea in August or September of 1998,
22 │ when he was not employed by Mattel, for a series of characters that he named Bratz
23 │ that could be used to create, among other things, a line of fashion dolls; (ii) at the
24 │ same time, Bryant sketched a series of drawings to illustrate his conception; (iii)
25 │ Bryant was the rightful owner of the concepts reflected in his drawings and other
26 │ representations of his ideas and of his drawings; (iv) Bryant and his counsel
27 │ represented and warranted to MGA that he was the exclusive originator and owner of
28 │ his Bratz ideas and drawing and that no third party had any interest or rights in the

49

1  drawings or the ideas reflected in the drawings; (v) Bryant came recommended by
2  Veronica Marlow, a trusted freelancer who had worked for MGA in the past; (vi)
3  immediately upon entering into a written freelance agreement with Bryant, Isaac
4  Larian, the CEO of MGA, instructed Bryant to immediately resign from Mattel; (vii)
5  MGA employees and freelance artists had made substantial original and creative
6  contributions to the creation of what ultimately was marketed as Bratz dolls; and
7  (viii) assuming some part of the Bratz concept was a feature that could have been
8  protected by a design patent, any such invention was not "reduced to practice" prior
9  to October 20, 2000.

10       The following persons have knowledge of these facts:  Carter Bryant;
11  Bryant's mother, Janet Bryant; Bryant's father, Thomas Bryant; Jeanne Galvano;
12  Richard Irmen; Elise Cloonan; Ramona Prince; Margaret Leahy; Veronica Marlow;
13  Anna Rhee; Mercedeh Ward; Sarah Halpern; Paula Treantafelles (Garcia); Steve
14  Tarmichael; Rebecca Harris; Cecilia Kwok; David Dees; Jesse Ramirez; Samuel
15  Wong; Edmond Lee; Steven Lee; Aileen Storer; Eric Yip; Leon Djiguerian; Rachel
16  Harris; Maggie Siu; Ben Ton; Sam Wong; Ray Wong.

17       The following documents may be relevant to these facts:  MGA's
18  agreement with Carter Bryant; and documents that refer to or evidence the work
19  performed by MGA employees and freelancers toward the reduction to practice of
20  the Bratz line of dolls.  Documents responsive to this interrogatory are protected by
21  the attorney-client privilege and work product doctrine.  MGA previously offered to
22  stipulate to a limited waiver of these privileges and protections to permit inspection
23  of such documents, but Mattel refused.

24  **INTERROGATORY NO. 37:**

25       State all facts that support YOUR contention, if YOU so contend, that
26  BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT
27  purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS
28  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

50

1 | such facts.

2 | **RESPONSE TO INTERROGATORY NO. 37:**

3 |       MGA incorporates by reference its General Response and General
4 | Objections above, as though fully set forth herein and specifically incorporates
5 | General Objection No. 7 (regarding Definitions), including but not limited to its
6 | objections to the definitions of the terms INVENTIONS AGREEMENT, BRATZ
7 | and REFER OR RELATE TO, and further objects on the ground that the
8 | interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally
9 | and specifically with respect to the terms YOUR, YOU, BRYANT, MGA and
10 | TRANSFER. MGA also objects to this interrogatory to the extent it seeks
11 | information that is not subject to disclosure under any applicable privilege, doctrine
12 | or immunity, including without limitation the attorney-client privilege, the work
13 | product doctrine, the right of privacy, and all other privileges recognized under the
14 | constitutional, statutory or decisional law of the United States of America, the State
15 | of California or any other applicable jurisdiction. MGA further objects to the
16 | interrogatory to the extent it calls for a legal conclusion. MGA further objects to the
17 | interrogatory on the ground that Mattel – not MGA – bears the burden of proof to
18 | show that Bryant breached the INVENTIONS AGREEMENT.

19 |       MGA further objects on the ground that this interrogatory is an
20 | overbroad and unduly burdensome contention interrogatory to the extent it asks for
21 | "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
22 | *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
23 | requests seeking "all facts, documents, and witnesses that support the denial of a
24 | statement or allegation of fact" because the "universe of potentially responsive
25 | information is almost endless"). MGA further objects on the ground that it is an
26 | abuse of the discovery process to effectively ask a Party to prove his, her or its entire
27 | case in response to a single interrogatory. *See, e.g., Lawrence v. First Kansas Bank*
28 | *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

EXHIBIT _____3D_____

PAGE _____34)_____

1  03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling
2  that interrogatory that asks defendant to "plead and prove its entire case, and to
3  marshal all evidence, in response to one interrogatory" is overbroad and "constitutes
4  an abuse of the discovery process").

5  MGA further objects to the extent that this interrogatory seeks
6  information that is outside MGA's knowledge and is not in MGA's possession,
7  custody, or control. In particular, MGA objects to this interrogatory to the extent
8  that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*
9  DOCUMENTS" (emphasis added). In responding to this interrogatory, MGA
10 undertakes only to make a good faith, reasonable effort to summarize facts currently
11 known to it, and reserves the right to supplement its response.

12 MGA further objects to this interrogatory because Mattel has
13 propounded more than 50 interrogatories. Under Judge Larson's order of February
14 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
15 04049-SGL and CV 05-02727]."

16 Subject to and without waiving the foregoing objections, MGA
17 responds as follows: MGA is willing to meet and confer with Mattel regarding this
18 interrogatory and the obligation of Mattel to supplement its responses to MGA's First
19 Set of Interrogatories.

20 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 37:**

21 MGA incorporates by reference its General Response and General
22 Objections above, as though fully set forth herein and specifically incorporates
23 General Objection No. 7 (regarding Definitions), including but not limited to its
24 objections to the definitions of the terms INVENTIONS AGREEMENT, BRATZ
25 and REFER OR RELATE TO, and further objects on the ground that the
26 interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally
27 and specifically with respect to the terms YOUR, YOU, BRYANT, MGA and
28 TRANSFER. MGA also objects to this interrogatory to the extent it seeks

52

1  information that is not subject to disclosure under any applicable privilege, doctrine

2  or immunity, including without limitation the attorney-client privilege, the work

3  product doctrine, the right of privacy, and all other privileges recognized under the

4  constitutional, statutory or decisional law of the United States of America, the State

5  of California or any other applicable jurisdiction.  MGA further objects to the

6  interrogatory to the extent it calls for a legal conclusion.  MGA further objects to the

7  interrogatory on the ground that Mattel – not MGA – bears the burden of proof to

8  show that Bryant breached the INVENTIONS AGREEMENT.

9          MGA further objects on the ground that this interrogatory is an

10  overbroad and unduly burdensome contention interrogatory to the extent it asks for

11  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

12  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

13  requests seeking "all facts, documents, and witnesses that support the denial of a

14  statement or allegation of fact" because the "universe of potentially responsive

15  information is almost endless").  MGA further objects on the ground that it is an

16  abuse of the discovery process to effectively ask a Party to prove his, her or its entire

17  case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas Bank*

18  *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.

19  03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling

20  that interrogatory that asks defendant to "plead and prove its entire case, and to

21  marshal all evidence, in response to one interrogatory" is overbroad and "constitutes

22  an abuse of the discovery process").

23          MGA further objects to the extent that this interrogatory seeks

24  information that is outside MGA's knowledge and is not in MGA's possession,

25  custody, or control.  In particular, MGA objects to this interrogatory to the extent

26  that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*

27  DOCUMENTS" (emphasis added).  In responding to this interrogatory, MGA

28

1 undertakes only to make a good faith, reasonable effort to summarize facts currently
2 known to it, and reserves the right to supplement its response.

3          Subject to and without waiving the foregoing objections, MGA
4 responds as follows:

5          In August or September of 1998, Carter Bryant, inspired by images he
6 was exposed to, including in the August 1998 issue of *Seventeen Magazine*, the
7 appearance of teenagers as well as other images in the public domain, had an idea for
8 a line of fashion dolls that he named Bratz. At the same time, Bryant sketched a
9 series of drawings to illustrate his conception. To the extent that some aspect of
10 Bryant's idea would have been protectible under patent law, there was neither a
11 conception nor reduction to practice during the period of Bryant's unemployment
12 with Mattel. In addition, Bryant's idea for a unique approach to fashion dolls was
13 not covered by the "INVENTIONS AGREEMENT."

14 **INTERROGATORY NO. 38:**

15          State all facts that support YOUR contention, if YOU so contend, that
16 BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to MATTEL
17 when BRYANT performed work or services with or for MGA while BRYANT was
18 employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts
19 and all DOCUMENTS that REFER OR RELATE TO such facts.

20 **RESPONSE TO INTERROGATORY NO. 38:**

21          MGA incorporates by reference its General Response and General
22 Objections above, as though fully set forth herein and specifically incorporates
23 General Objection No. 7 (regarding Definitions), including but not limited to its
24 objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,
25 and further objects on the ground that the interrogatory is overbroad, unduly
26 burdensome, vague and ambiguous both generally and specifically with respect to
27 the terms YOUR, YOU, BRYANT, MATTEL, MGA and BRATZ. MGA also
28 objects to this interrogatory to the extent it seeks information that is not subject to

EXHIBIT ___3 0___

PAGE ___344___

1 disclosure under any applicable privilege, doctrine or immunity, including without
2 limitation the attorney-client privilege, the work product doctrine, the right of
3 privacy, and all other privileges recognized under the constitutional, statutory or
4 decisional law of the United States of America, the State of California or any other
5 applicable jurisdiction. MGA further objects to the interrogatory to the extent it calls
6 for a legal conclusion. MGA further objects to the interrogatory on the ground that
7 Mattel – not MGA – bears the burden of proof to show that Bryant breached any
8 duties, fiduciary or otherwise, to Mattel.

9 　　　　　MGA further objects on the ground that this interrogatory is an
10 overbroad and unduly burdensome contention interrogatory to the extent it asks for
11 "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
12 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
13 requests seeking "all facts, documents, and witnesses that support the denial of a
14 statement or allegation of fact" because the "universe of potentially responsive
15 information is almost endless"). MGA further objects on the ground that it is an
16 abuse of the discovery process to effectively ask a Party to prove his, her or its entire
17 case in response to a single interrogatory. *See, e.g., Lawrence v. First Kansas Bank*
18 *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.
19 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling
20 that interrogatory that asks defendant to "plead and prove its entire case, and to
21 marshal all evidence, in response to one interrogatory" is overbroad and "constitutes
22 an abuse of the discovery process").

23 　　　　　MGA further objects to the extent that this interrogatory seeks
24 information that is outside MGA's knowledge and is not in MGA's possession,
25 custody, or control. In particular, MGA objects to this interrogatory to the extent
26 that it requests that MGA "state all facts ... and IDENTIFY all PERSONS...and all
27 DOCUMENTS" (emphasis added). In responding to this interrogatory, MGA
28 undertakes only to make a good faith, reasonable effort to summarize facts currently

1 | known to it, and reserves the right to supplement its response.

2 | MGA further objects to this interrogatory because Mattel has
3 | propounded more than 50 interrogatories. Under Judge Larson's order of February
4 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
5 | 04049-SGL and CV 05-02727]."

6 | Subject to and without waiving the foregoing objections, MGA
7 | responds as follows: MGA is willing to meet and confer with Mattel regarding this
8 | interrogatory and the obligation of Mattel to supplement its responses to MGA's First
9 | Set of Interrogatories.

10 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 38:**

11 | MGA incorporates by reference its General Response and General
12 | Objections above, as though fully set forth herein and specifically incorporates
13 | General Objection No. 7 (regarding Definitions), including but not limited to its
14 | objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,
15 | and further objects on the ground that the interrogatory is overbroad, unduly
16 | burdensome, vague and ambiguous both generally and specifically with respect to
17 | the terms YOUR, YOU, BRYANT, MATTEL, MGA and BRATZ. MGA also
18 | objects to this interrogatory to the extent it seeks information that is not subject to
19 | disclosure under any applicable privilege, doctrine or immunity, including without
20 | limitation the attorney-client privilege, the work product doctrine, the right of
21 | privacy, and all other privileges recognized under the constitutional, statutory or
22 | decisional law of the United States of America, the State of California or any other
23 | applicable jurisdiction. MGA further objects to the interrogatory to the extent it calls
24 | for a legal conclusion. MGA further objects to the interrogatory on the ground that
25 | Mattel – not MGA – bears the burden of proof to show that Bryant breached any
26 | duties, fiduciary or otherwise, to Mattel.

27 | MGA further objects on the ground that this interrogatory is an
28 | overbroad and unduly burdensome contention interrogatory to the extent it asks for

EXHIBIT __30__

PAGE __346__

1 "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
2 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
3 requests seeking "all facts, documents, and witnesses that support the denial of a
4 statement or allegation of fact" because the "universe of potentially responsive
5 information is almost endless"). MGA further objects on the ground that it is an
6 abuse of the discovery process to effectively ask a Party to prove his, her or its entire
7 case in response to a single interrogatory. *See, e.g., Lawrence v. First Kansas Bank*
8 *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.
9 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling
10 that interrogatory that asks defendant to "plead and prove its entire case, and to
11 marshal all evidence, in response to one interrogatory" is overbroad and "constitutes
12 an abuse of the discovery process").

13 MGA further objects to the extent that this interrogatory seeks
14 information that is outside MGA's knowledge and is not in MGA's possession,
15 custody, or control. In particular, MGA objects to this interrogatory to the extent
16 that it requests that MGA "state all facts ... and IDENTIFY all PERSONS...and all
17 DOCUMENTS" (emphasis added). In responding to this interrogatory, MGA
18 undertakes only to make a good faith, reasonable effort to summarize facts currently
19 known to it, and reserves the right to supplement its response.

20 Subject to and without waiving the foregoing objections, MGA
21 responds as follows:

22 Bryant was not a fiduciary of Mattel. Bryant was not an officer or
23 director of Mattel. Mattel has not proven any facts that would support its claim that
24 Bryant was a fiduciary of Mattel. MGA responds further that Bryant did not perform
25 any services for MGA prior to signing his agreement with MGA on October 4, 2000.
26 Bryant's activities with respect to the Bratz concept prior to October 4, 2000, were
27 directed to securing a commercially beneficial relationship with MGA, i.e., Bryant
28 "pitched" the concept of Bratz to MGA. In addition, Bryant's employment with

1  Mattel was at will, and Bryant had the right to leave Mattel to join a competitor, or to
2  work for a competitor, at any time. Any work that Bryant performed relating to his
3  Bratz ideas during the time period that he was still employed by Mattel constituted
4  lawful steps by Bryant to prepare to embark upon a new career. Isaac Larian
5  instructed Bryant to leave Mattel immediately upon executing his contract with
6  MGA. During the period from October 4, 2000, through October 20, 2000, Bryant
7  contributed very little to the development of what later became the first generation of
8  Bratz dolls.

9          The following persons have knowledge of the facts and circumstances
10  supporting this contention: Isaac Larian, Carter Bryant, Victoria O'Connor, Margaret
11  Leahy, Aileen Storer, Veronica Marlow, Paula Garcia, and Anne Wang.

12  **INTERROGATORY NO. 39:**

13          IDENTIFY each and every bank or financial institution account that
14  REFERS OR RELATES TO YOU, including accounts in YOUR name or for YOUR
15  benefit, since January 1, 1999.

16  **RESPONSE TO INTERROGATORY NO. 39:**

17          MGA incorporates by reference its General Response and General
18  Objections above, as though fully set forth herein and specifically incorporates
19  General Objection No. 7 (regarding Definitions), including but not limited to its
20  objections to the definitions of the terms IDENTIFY and REFERS OR RELATES
21  TO, and further objects on the ground that the interrogatory is overbroad, unduly
22  burdensome, vague and ambiguous both generally and specifically with respect to
23  the terms YOU and YOUR. MGA also objects to this interrogatory to the extent it
24  seeks information that is not subject to disclosure under any applicable privilege,
25  doctrine or immunity, including without limitation the attorney-client privilege, the
26  work product doctrine, the right of privacy, and all other privileges recognized under
27  the constitutional, statutory or decisional law of the United States of America, the
28  State of California or any other applicable jurisdiction. MGA further objects to this

EXHIBIT 30

PAGE 348

1  interrogatory as premature asset discovery under Federal Rule of Civil Procedure
2  69(a), as there is presently no judgment for the payment of money pending against
3  MGA.  MGA further objects on the grounds that it is overbroad, not relevant to the
4  claims or defenses of any party to the action and not reasonably calculated to lead to
5  the discovery of admissible evidence.

6  **INTERROGATORY NO. 40:**

7          IDENTIFY each and every STORAGE DEVICE that YOU have used
8  for any purpose which contains or contained DIGITAL INFORMATION that
9  REFERS OR RELATES TO BRATZ prior to January 1, 2002.

10  **RESPONSE TO INTERROGATORY NO. 40:**

11          MGA incorporates by reference its General Response and General
12  Objections above, as though fully set forth herein and specifically incorporates
13  General Objection No. 7 (regarding Definitions), including but not limited to its
14  objections to the definitions of the terms IDENTIFY, REFERS OR RELATES TO
15  and BRATZ, and further objects to this interrogatory on the grounds that it is
16  overbroad, unduly burdensome, vague and ambiguous both generally and
17  specifically with respect to the terms YOU, STORAGE DEVICE and DIGITAL
18  INFORMATION.  MGA further objects to this interrogatory as compound because
19  it contains discrete subparts that require separate, distinct and multiple responses.
20  Specifically, MGA objects to the terms IDENTIFY and STORAGE DEVICE as
21  overbroad and unduly burdensome, as Mattel's definition of this term calls for
22  responses to multiple discrete subparts.  For example, Mattel's definition of the term
23  IDENTIFY in the context of this interrogatory would require MGA to provide
24  numerous discrete facts for each STORAGE DEVICE, including:

25          (a)    the individual(s) that use or have used the STORAGE DEVICE;

26          (b)    the current location of the STORAGE DEVICE;

27          (c)    the IDENTITY of the PERSON who possesses the STORAGE

28  DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

EXHIBIT _____30_____

PAGE _____349_____

1         (d)    the type of STORAGE DEVICE;

2         (e)    whether the STORAGE DEVICE has ever been copied or imaged

3 (and if so, the current location of each copy or image and the IDENTITY of the

4 PERSONS who possess such copies or image);

5         (f)    the date(s) on which such copies or images were made;

6         (g)    the manufacturer name, brand, model name, model number, and

7 serial number of the STORAGE DEVICE;

8         (h)    the technical specifications and capacities of such STORAGE

9 DEVICE.

10         In addition, Mattel's definition of YOU could be read to require MGA to

11 provide the foregoing information about STORAGE DEVICES belonging to each of

12 the responding parties.

13         MGA also objects to this interrogatory to the extent it seeks information

14 that is not subject to disclosure under any applicable privilege, doctrine or immunity,

15 including without limitation the attorney-client privilege, the work product doctrine,

16 the right of privacy, and all other privileges recognized under the constitutional,

17 statutory or decisional law of the United States of America, the State of California or

18 any other applicable jurisdiction. MGA further objects to the interrogatory on the

19 ground that it is premature because the invention, creation, conception, or reduction

20 to practice of Bratz (and related issues) will be the subject of expert testimony at

21 trial. MGA objects to this interrogatory to the extent it seeks to limit the expert

22 testimony that MGA may seek to introduce at trial. MGA will identify its experts

23 and make related disclosures in accordance with the Court's orders and applicable

24 rules. MGA further objects to the extent that this interrogatory seeks information

25 that is outside of MGA's knowledge and is not in MGA's possession, custody or

26 control.

27         MGA further objects to this interrogatory because Mattel has

28 propounded more than 50 interrogatories. Under Judge Larson's order of February

EXHIBIT _30_

PAGE _350_

1 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
2 | 04049-SGL and CV 05-02727]."

3 |        Subject to and without waiving the foregoing objections, MGA
4 | responds as follows:  MGA is willing to meet and confer with Mattel regarding this
5 | interrogatory and the obligation of Mattel to supplement its responses to MGA's First
6 | Set of Interrogatories.

7 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 40:**

8 |        MGA incorporates by reference its General Response and General
9 | Objections above, as though fully set forth herein and specifically incorporates
10 | General Objection No. 7 (regarding Definitions), including but not limited to its
11 | objections to the definitions of the terms IDENTIFY, REFERS OR RELATES TO
12 | and BRATZ, and further objects to this interrogatory on the grounds that it is
13 | overbroad, unduly burdensome, vague and ambiguous both generally and
14 | specifically with respect to the terms YOU, STORAGE DEVICE and DIGITAL
15 | INFORMATION.  MGA further objects to this interrogatory as compound because
16 | it contains discrete subparts that require separate, distinct and multiple responses.
17 | Specifically, MGA objects to the terms IDENTIFY and STORAGE DEVICE as
18 | overbroad and unduly burdensome, as Mattel's definition of this term calls for
19 | responses to multiple discrete subparts.  For example, Mattel's definition of the term
20 | IDENTIFY in the context of this interrogatory would require MGA to provide
21 | numerous discrete facts for each STORAGE DEVICE, including:

22 |        (a)    the individual(s) that use or have used the STORAGE DEVICE;
23 |        (b)    the current location of the STORAGE DEVICE;
24 |        (c)    the IDENTITY of the PERSON who possesses the STORAGE
25 | DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;
26 |        (d)    the type of STORAGE DEVICE;
27 |        (e)    whether the STORAGE DEVICE has ever been copied or imaged
28 | (and if so, the current location of each copy or image and the IDENTITY of the

EXHIBIT _____30_____

PAGE _____351_____

1  PERSONS who possess such copies or image);

2          (f)     the date(s) on which such copies or images were made;

3          (g)     the manufacturer name, brand, model name, model number, and
4  serial number of the STORAGE DEVICE;

5          (h)     the technical specifications and capacities of such STORAGE
6  DEVICE.

7          In addition, Mattel's definition of YOU could be read to require MGA to
8  provide the foregoing information about STORAGE DEVICES belonging to each of
9  the responding parties.

10         MGA also objects to this interrogatory to the extent it seeks information
11  that is not subject to disclosure under any applicable privilege, doctrine or immunity,
12  including without limitation the attorney-client privilege, the work product doctrine,
13  the right of privacy, and all other privileges recognized under the constitutional,
14  statutory or decisional law of the United States of America, the State of California or
15  any other applicable jurisdiction. MGA further objects to the interrogatory on the
16  ground that it is premature because the invention, creation, conception, or reduction
17  to practice of Bratz (and related issues) will be the subject of expert testimony at
18  trial. MGA objects to this interrogatory to the extent it seeks to limit the expert
19  testimony that MGA may seek to introduce at trial. MGA will identify its experts
20  and make related disclosures in accordance with the Court's orders and applicable
21  rules. MGA further objects to the extent that this interrogatory seeks information
22  that is outside of MGA's knowledge and is not in MGA's possession, custody or
23  control.

24         Subject to and without waiving the foregoing objections, MGA
25  responds as follows:

26         With respect to North America prior to January 1, 2002, MGA
27  maintained several Snap servers in Los Angeles containing mostly graphic art files.
28  The servers are no longer in service but are currently archived at MGA's Southern

EXHIBIT _____ 30

PAGE _____ 352

1 | California facility.  MGA Art Department personnel also used Macintosh desktops
2 | and laptops that linked to the snap servers which may have contained files referring
3 | to Bratz.  Files created with accounting and other back office software applications
4 | were saved on sequel servers located in Los Angeles via an application called "Great
5 | Plains."  MGA personnel's emails were located on an exchange server, also housed
6 | in Los Angeles.  MGA employees save all company related work files on a file
7 | server called the "U Drive," which is also used by MGA Entertainment (HK) Ltd.
8 | ("MGA Hong Kong") employees.  This Drive is still in production and has been
9 | upgraded to a Netapp Storage System.

10 | With respect to MGA's offices in Hong Kong prior to January 1, 2002,
11 | MGA Hong Kong Art Department personnel utilized Macintosh desktops that linked
12 | to a few file servers housed in Hong Kong to store graphic files.  MGA Hong Kong
13 | personnel connected to the "Great Plains" sequel server located in Southern
14 | California.  MGA Hong Kong maintained its own exchange server in Hong Kong for
15 | emails to and from MGA Hong Kong employees.

16 | **INTERROGATORY NO. 41:**

17 | IDENTIFY all PERSONS who at any time have been employed by or
18 | under contract with MATTEL who are now or have been employed by or under
19 | contract with YOU since January 1, 1999, and, for each such PERSON, state his or
20 | her name, date of hire or effective date of contract, the date on which YOU first had
21 | contact with such PERSON regarding potential employment or contracting, the
22 | date(s) on which such PERSON was interviewed for possible employment or
23 | contracting, each title (if any) such PERSON has held while employed by or under
24 | contract with YOU, and the date of termination (if applicable).

25 | **RESPONSE TO INTERROGATORY NO. 41:**

26 | MGA incorporates by reference its General Response and General
27 | Objections above, as though fully set forth herein and specifically incorporates
28 | General Objection No. 7 (regarding Definitions), including but not limited to its

EXHIBIT ___30___

PAGE ___353___

1  objections to the definitions of the term IDENTIFY and further objects to this
2  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and
3  ambiguous both generally and specifically with respect to the terms YOU.  MGA
4  also objects to this interrogatory to the extent it seeks information that is not subject
5  to disclosure under any applicable privilege, doctrine or immunity, including without
6  limitation the attorney-client privilege, the work product doctrine, the right of
7  privacy, and all other privileges recognized under the constitutional, statutory or
8  decisional law of the United States of America, the State of California or any other
9  applicable jurisdiction.

10  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 41:**

11          MGA incorporates by reference its General Response and General
12  Objections above, as though fully set forth herein and specifically incorporates
13  General Objection No. 7 (regarding Definitions), including but not limited to its
14  objections to the definitions of the term IDENTIFY and further objects to this
15  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and
16  ambiguous both generally and specifically with respect to the terms YOU.  MGA
17  also objects to this interrogatory to the extent it seeks information that is not subject
18  to disclosure under any applicable privilege, doctrine or immunity, including without
19  limitation the attorney-client privilege, the work product doctrine, the right of
20  privacy, and all other privileges recognized under the constitutional, statutory or
21  decisional law of the United States of America, the State of California or any other
22  applicable jurisdiction.

23          Subject to and without waiving the foregoing objections, MGA
24  responds as follows:  the following is a list of all former Mattel employees who have
25  been employed by MGA, MGA Hong Kong or MGAE de MEXICO S.R.L. de C.V.
26  since January 1, 1999:

27

28

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___30___

___35U___

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Abundis, Ricardo | Dir. of Inventory/Customer Finance | 12/01/04- Present |
| Bate, Ian | Quality Assurance Mgr. | 7/31/06- Present |
| Black, Nanette | SVP, HR | 2/12/07 - Present |
| Bloodworth III, John E. | Prod. Mgr., Games | 08/21/06- Present |
| Bloomfield, Kevin | Sr. Designer | 11/25/02- Present |
| Brawer, Ron | President, Sales, Marketing & Strategic Planning | 10/05/04- Present |
| Brisbois, Janine (CANADA) | VP Nat'l Accts. | 10/04/05- Present |
| Castilla, Jorge | Mgr. Sales Planning | 04/03/06- Present |
| Chang, Suzy | Sr. Development Designer | 08/28/06- Present |
| Cheng, Steve | Sr. Designer | 04/08/02- Present |
| Cody Jr, Gerry | Sr. Designer - Boys Toys | 11/20/06- Present |
| Contreras, Nick | VP Customer Marketing | 11/29/04- Present |
| Cooney Jr., Daniel | VP National Account Mgr. | 05/15/06- Present |
| De La Cruz, Maria | Fashion Design Mgr., Style Guides | 2/12/07 - Present |
| Dixon, Karen | Sr. Producer | 2/19/07 - Present |
| Domingo, Luisito H | Sr. Prelim Dolls Designer | 07/07/03- Present |
| Dominguez, Greg Paul | Prod. Designer | 04/01/02- Present |
| Feldman, Joe | Design Engineer | 12/08/04- Present |
| Forrest, Craig | Prod. Mgr., Games | 5/15/06- Present |
| Garcia, Mia | Dev. Designer | 2/23/05- Present |
| Garcia, Paula | VP Girls Toy Prod. Dev. | 04/17/00- Present |

65

EXHIBIT ___30___

PAGE ___355___

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Gonzalez, Eduardo | Sr. Dir. of Quality Assurance; | 10/16/06-Present; |
| | Quality Assurance Mgr. | 1/3/05-8/18/05 |
| Hall, Tracy | Sr. Dir. of Prod. Dev., CE/YE | 08/07/06 - Present |
| Hansen, Melody | Face Painter | 03/13/06-Present |
| Hansen, Todd | Packaging Engineer | 5/2/05-Present |
| Hatch, Jill | Sr. Dir., National Sales | 09/18/06 - Present |
| Hinh, Michael | Mgr. Category Adv. | 6/28/05-Present |
| Hsu, Janet | SVP Non Toys Prod. Dev. & Licensing | 3/9/05-Present |
| Kao, Alice | Cust. Marketing Mgr. - Hong Kong Office | 2/21/05-Present |
| Kaufman, Ken | Advertising Exec. | 01/03/05-Present |
| Keller, Pamela E | VP Supply Chain & Operations | 09/25/06 - Present |
| Keossian, Alejandro Gabriel | Gr. Designer | 08/11/03-Present |
| Kim (Lee), Joyce | Sr. Playset Designer | 2/23/05-Present |
| Kim, Young Ran | Sample Maker Specialist | 01/15/04-Present |
| Kirst, Kristen | Hair Designer | 03/31/03-Present |
| Komatsu, Ellen | Sr. Prelim Dolls Designer | 08/25/03-Present |
| Larson, Jill | Sales Associate | 12/20/06-Present |
| Law, Adrian (Chi Shing) | Dev. Design Mgr. | 05/01/06-Present |
| Lumabao, Bo | Prod. Mgr. | 2/14/05-Present |
| Marks, Dorothy | Sample Maker Specialist | 07/26/05-Present |
| Martin, Raymond John | Prod. Mgr. of Consumer Electronics | 02/23/04-Present |
| Min, Aye Aye | Hair Designer | 04/17/06-Present |

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___30___

PAGE ___356___

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Nakamura, Yumi | Mgr. of Style Guides | 1/22/07-Present |
| Natareno, Marvin | Jr. Project Analyst | 01/03/07-Present |
| Nigoghossian, Christine | Sr. Doll Designer | 04/25/05-Present |
| Ochoa, Laura | Trade Marketing Mgr. | 09/01/04-Present |
| Palijo, Amelia Ivy Arafiles | Sr. Sculptress | 02/23/04-Present |
| Pestonji, Danny | Dir. Prod. Dev. Preschool | 06/01/04-Present |
| Phelan, Denise | Sample Maker Specialist | 01/18/05-Present |
| Phoosopha, Poottipong | Face Painter | 12/08/03-Present |
| Pickard, Michael | Sr. Project Packaging Engineer | 03/22/04-Present |
| Rae, Ronald | SVP, National Account Sales | 03/12/07-Present |
| Ratleff, Leland | Sr. HR Dir. | 12/04/06-Present |
| Ronquillo, Desiree Elisabeth | Sr. Dev. Designer | 05/03/04-Present |
| Ruiz, Micaela | Sample Maker Specialist | 2/13/06-Present |
| Sasic-Koetsier, Natasha | Illustrator | 06/01/04-Present |
| Salazar, Maria Elena | Sample Maker Supervisor | 03/31/03-Present |
| Salemnia, Shirin | Research Mgr. | 02/17/03-Present |
| Scott, Harvey | Sample Maker Specialist | 08/01/05-Present |
| Smith, Steffen J. | Dir. of Package Dev. | 10/13/03-Present |
| Su, Jier | Dir. of Prod. Planning | 8/16/05-Present |
| Soai, Dennis | Dolls Dev. Design Mgr. | 03/04/02-Present |
| Thompson, Marla | Sample Sourcing & Procurement Mgr. | 04/04/05-Present |
| Tran, Chau Ngoc | Sample Maker Specialist | 05/10/04-Present |
| Trueba, Mariana | Marketing Mgr. | 04/26/04-Present |

67

EXHIBIT ___30___

PAGE ___357___

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Umana, Esteban | Quality Engineer | 03/19/07-Present |
| Upshaw, Gail | Sample Maker Specialist | 5/23/05-Present |
| Vargas, Pablo | Dir. Sales | 04/26/04-Present |
| Wang, Chang-Chin | Assoc. Face Designer | 05/03/04-Present |
| Ward, Lance | Structural Engineer | 08/02/04-Present |
| Whittaker, Dawn | Sr. Prod. Designer | 12/06/04-Present |
| Wong, Jenny | Sr. Gr. Designer | 09/09/02-Present |

| CURRENT MGA INDEPENDENT CONTRACTORS/FREELANCERS/TEMPS | MGA POSITION | DATES |
|---|---|---|
| Augborne, Troy | Structural Engineer (Temp) | 2/26/07 – 3/2/07, 4/16/07 – Present |
| Bryant, Carter | Prod. Designer/Independent Contractor | |
| Zetino, Reyna | Samplemaker, Temp Assignment | 04/13/07 – Present |

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Aryapour, Daryoush | Creative Ser. Dir. | 10/25/99-04/14/00 |
| Aguilar, Lourdes | Brand Mgr. | 9/01/04-6/11/06 |
| Blaser, Janet | Dev. Designer | 06/14/04-09/10/04 |
| Bower Violette, Mari Joanne | Prod. Mgr. | 10/13/03-03/10/06 |
| Brown, Lilia | Gr. Designer | 03/31/03-05/05/05 |
| Burlando, Gabriella | Prod. Mgr. | 03/5/02-06/27/06 |
| Chonavel, Fabienne | Marketing Mgr. | 04/10/02-08/23/02 |
| Dailey, Christine | VP Prod. Dev. | 05/07/01-11/22/02 |
| Feicht, Steve | Artist/Jr. Designer Freelancer | 07/18/02-Unknown |

68

EXHIBIT ___30___

PAGE ___358___

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Gillmour, Kami | VP Marketing | 05/24/99-07/14/00 |
| Hardouin, Christopher | Project Mgr. | 06/04/01-07/23/04 |
| Hitch, Martin | VP Int'l Sales | 01/04/01-06/04/02 |
| Ho, Jeff | Sr. Prod. Artist Freelancer | Unknown-10/04 |
| Huntley, James | Independent Contractor – Miuchiz;<br><br>VP Marketing | 08/17/06 –Unknown;<br><br>5/23/05-08/16/06 |
| Kagan, Randi | Marketing Dir. | 09/23/02-07/22/03 |
| Koch, Andreas | Prod. Mgr. | 10/18/99-01/11/01 |
| Leahy, Margaret | Sr. Sculptor | Temp To Perm. Eff. 4/4/05 - 03/06/07 |
| Mayer, Lyn Carol | Fabric Artist | 07/21/03-05/05/05 |
| McBride, Susan | Prod. Dir., Games | 06/03/02-01/25/07 |
| Mils, Frank | Mgr. of Quality Assurance | 03/20/06-07/07/06 |
| Nguyen, Xuanlan T | Pattern Maker | 05/19/03-01/03/05 |
| O'Brien, Gary Thomas | Field Sales Dir. | 05/10/04-07/22/04 |
| Otero, Jose | Web Designer | 08/11/03-2/1/06 |
| Owen, Dan | Sr. Playset Mgr. | 08/23/04-12/13/05 |
| Parasole, Nicolletta | Gr. Designer | 01/05/04-6/27/05 |
| Parkinson, Ana Mancia | Dev. Designer | 05/10/04-01/03/07 |
| Rambeau, Roger | VP Operations | 05/13/96-04/03/98 |
| Ramirez, Andrea | Key Account Mgr. | 04/05/05-12/12/06 |
| Reed, Wendy | Soft Goods Spec. | 11/06/00-01/12/01 |

69

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Reyes, Scot Anthony | Sm. Doll Designer | 05/23/04-3/11/05 |
| Rhee, Anna | Doll Face Design Freelancer | 1/4/07 - 2/13/07 |
| Ross, Lon | Marketing Dir. | 11/13/00-08/03/01 |
| Schwartz, Dena | Sr. Prod. Mgr. | 05/21/01-04/08/02 |
| Shaver, Brandi | Gr. Designer | 05/03/04-06/30/06 |
| Stinnett, Holly | Sr. Brand Mgr. | 07/21/03-1/12/05 |
| Tawil, Lisa | Licensing Coord. | 04/08/02-07/18/03 |
| Terry, Gord | Dir. of Sales | 10/01/01-06/06/02 |
| Ward, Mercedeh | Sr. Prod. Designer | 10/00-1/01; 3/7/05-8/5/05 |
| Whitaker, Joseph | Consultant | 11/05/96-03/97 |
| Williams, Patrick | SVP Sales | 01/07/01-05/29/01 |
| Wong, Tong | Dev. Designer | 03/10/03-05/16/03 |
| Wright, Cherrise | Soft Goods Mgr. | 05/03/04-8/24/05 |
| Zbojniewicz, Dave | Dir. Bus. Planning/Independent Contractor | 04/04-09/04 |

DATED:  November 30, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
        Thomas J. Nolan
Attorneys for Counter-Defendants, MGA
ENTERTAINMENT, INC., ISAAC LARIAN,
MGA ENTERTAINMENT (HK) LIMITED,
AND MGAE de MEXICO S.R.L. de C.V.

70

EXHIBIT _____30_____

PAGE _____360_____

1

## **PROOF OF SERVICE**

2      I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen years and not a party to the within action; my business address is Now Legal Service,
3    1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4    On January 28, 2008, I served true copies of the following document(s) described as
**DECLARATION OF JAMES J. WEBSTER IN SUPPORT OF MATTEL, INC.'S MOTION**
5    **TO COMPEL ADDITIONAL DEPOSITION TESTIMONY AND PRODUCTION OF**
**DOCUMENTS BY VERONICA MARLOW** on the parties in this action as follows:

6

7           Thomas J. Nolan, Esq.                        Larry McFarland, Esq.
            **Skadden, Arps, Slate, Meagher & Flom**     **Keats McFarland & Wilson LLP**
            **LLP**                                      9720 Wilshire Boulevard, Penthouse
8           300 So. Grand Ave.                           Suite
            Suite 3400                                   Beverly Hills, CA 90212
9           Los Angeles CA  90071

10          ·

11

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)
12   being served.

13          I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.
14

            Executed on January 28, 2008, at Los Angeles, California.
15

16

17                                            NOW LEGAL -- Dave Quintana

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3  Street, 10th Floor, Los Angeles, California 90017-2543.

4  On January 28, 2008, I served true copies of the following document(s) described as **[PUBLIC
REDACTED] DECLARATION OF JAMES J. WEBSTER IN SUPPORT OF MATTEL,**
5  **INC.'S MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY AND
PRODUCTION OF DOCUMENTS BY VERONICA MARLOW** on the parties in this action
6  as  follows:

7      Larry McFarland, Esq.
**Keats McFarland & Wilson LLP**
8      9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, CA 90212
9

10  **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I
deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with
11  postage thereon fully prepaid.

12      I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.

13
        Executed on January 28, 2008, at Los Angeles, California.
14

15

16                                   Yalonda J. Dekle

17

18

19

20

21

22

23

24

25

26

27

28

07209/2359511.1