QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017–2543
Telephone:  (213) 443–3000
Facsimile:  (213) 443–3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>              Plaintiff,<br><br>      vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>              Defendant.<br><br>————————————————<br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04–9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04–09059<br>Case No. CV 05–02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br><br>NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR AN ORDER ENFORCING COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES AND FOR SANCTIONS<br><br>[Declaration of Melissa Grant filed concurrently herewith]<br><br>Hearing Date:  TBA<br>Time:  TBA<br>Place:  TBA<br><br>**Phase I**<br>Discovery Cut–off:      January 28, 2008<br>Pre–trial Conference:   May 5, 2008<br>Trial Date:              May 27, 2008 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a telephonic conference before Discovery Master Hon. Edward Infante (Ret.), that will occur at a time to be determined by Judge Infante, plaintiff and cross–defendant Mattel, Inc. ("Mattel") will, and hereby does, move the Court:

(1)     for an Order requiring Carter Bryant ("Bryant") to produce for inspection and forensic imaging within five calendar days all computer hard drives and/or images that Bryant has in his possession, custody, control (including, without limitation, the two computers Bryant purchased in 2004 and imaged in 2005, and the two desktops and one laptop he purchased and imaged in 2007), as Bryant was compelled to produce by Judge Infante's Order dated January 25, 2007;

(2)     for an Order requiring Bryant, in the event of his continued non–production of the hard drives and/or images, to provide sworn declarations from each person with knowledge fully detailing the facts and circumstances surrounding the search for and the non–production of the hard drive(s) and/or images;

(3)     in the alternative, for an Order to Show Cause why Bryant should not be required to provide the foregoing; and

(4)     for sanctions against Bryant and his counsel, including prospective monetary sanctions to obtain Bryant's compliance with the January 25, 2007 Order.

This Motion is made pursuant to Federal Rules of Civil Procedure 34 and 37 on the grounds that Bryant has failed to comply with the Order requiring him to produce his computer hard drives and has made inconsistent statements about his search for, his inspection of, and the whereabouts of such computer hard drives that he was compelled to produce.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Melissa Grant filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

1

## **Statement of Rule 37–1 Compliance**

2

The parties met and conferred regarding this motion on April 2, 2007,  in

3

or around September 2007, and on January 7, 2008, as well as on other occasions.

4

5

DATED:  January 28, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

6

7

By

8

Timothy L. Alger
Attorneys for Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2349684.2

1

## **TABLE OF CONTENTS**

2

**Page**

3

4  MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

5  PRELIMINARY STATEMENT .................................................................................. 1

6  BACKGROUND ............................................................................................................. 4

7  ARGUMENT ................................................................................................................. 13

8  I.   BRYANT SHOULD BE ORDERED TO MAKE ALL HIS HARD
       DRIVES AVAILABLE FOR INSPECTION AND IMAGING, OR
9      EXPLAIN THEIR NON-PRODUCTION UNDER OATH. ......................... 13

10     A.   The January 25, 2008 Expressly Orders Bryant to Produce All of
            His Hard Drives. ..................................................................................... 13

11
       B.   Bryant's Claim That Mattel Is On a "Fishing Expedition" Is
12          Without Merit .......................................................................................... 14

13  II.  BRYANT'S FAILURE TO COMPLY WITH JANUARY 25, 2007
       ORDER HAS BEEN WILLFUL, AND SHOULD BE SANCTIONED ....... 16
14
    CONCLUSION ............................................................................................................. 17

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

## Cases

Ameriwood Indus., Inc. v. Liberman,
   2006 WL 3825291 (E.D. Mo Dec. 27, 2006)..................................... 15

Frees, Inc. v. McMillan,
   2007 WL 184889 (W.D. La. Jan. 22, 2007)..................................... 14

Grimes v. City and County of San Francisco,
   951 F.2d 236 (9th Cir. 1991).................................................. 15, 16

Hedenburg v. Aramark American Food Servs.,
   2007 WL 162716 (W.D. Wash. Jan. 17 2007)................................ 14

RTC v. Dabney,
   73 F.3d 262 (10th Cir. 1995)....................................................... 16

Richmark Corp. v. Timber Falling Consultants,
   959 F.2d 1468 (9th Cir. 1992).................................................... 13

Simon Prop. Group L.P. v. mySimon, Inc.,
   194 F.R.D. 639 (S.D. Ind. 2000)................................................. 15

U.S. v. Westinghouse Electric Corp.,
   648 F.2d 642 (9th Cir. 1981)....................................................... 15

## Statutes

28 U.S.C. § 1927................................................................................ 15

Federal Rules of Civil Procedure
   Rule 34........................................................................................... 7
   Rule 37(b)(2) ............................................................................ 15, 16

07209/2349684.2

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

One year ago, the Discovery Master ordered Carter Bryant to "produce the hard drives of his computers for forensic imaging" no later than February 23, 2007.[1] Bryant has willfully failed to comply with the January 25, 2007 Order.

Bryant testified in deposition in November 2004 that he owned two personal computers that he used to communicate with and perform work for MGA since October 2000, the month he left Mattel's employment. The first is a desktop computer he purchased in October 2000 and used until approximately November 2003, when he gave it to his niece (the "Desktop"). The second is a laptop computer he purchased in late 2001 or early 2002 (the "Laptop").

For more than two years, Mattel has sought discovery on Bryant's hard drives, including the Desktop and Laptop,[2] and the crucial information they (should) contain. In response, Bryant and his former counsel made numerous conflicting representations. As the Discovery Master recently stated on the record, the "inconsistency" in Bryant's former counsel's statements regarding the "condition and whereabouts of Mr. Bryant's former computers, hard drives, laptops, etcetera . . . is **alarming**."[3]

Bryant and his counsel initially claimed that only **one** hard drive, for the Desktop, could be located and that their allegedly "tireless" search of that one drive purportedly yielded <u>no</u> relevant documents. Then, in the wake of the January 25, 2007

---

[1] Order of the Discovery Master Hon. Edward Infante (Ret.), dated January 25, 2007 ("January 25, 2007 Order"), attached as Exhibit 1 to the Declaration of Melissa Grant ("Grant Dec.") filed concurrently herewith.

[2] The hard drive of a computer is the primary storage medium in desktop and laptop computers. A computer can use multiple hard drives, be they internal and external drives.

[3] Omnibus Discovery Motions Hr'g Tr. 69:9-15 (emphasis added), dated January 3, 2008, Grant Dec. Exh. 2.

1   Order compelling production of Bryant's hard drives, and after repeatedly delaying

2   their production, Bryant and his former counsel announced that they had in fact **five**

3   forensic images of Bryant hard drives containing Bratz-related information.

4       Two of the images were made in July 2004—long before Bryant had

5   represented to the Court that **only** the Desktop had been located. (One of the images

6   was of the Desktop, the other of the Laptop.) The three other forensic images were

7   made in March 2007 of still other unidentified Bryant hard drives.

8       For more than four additional months, Bryant then refused to produce any

9   of his hard drives. He did not dispute that the drives and/or their contents were ordered

10  produced by the Discovery Master. Instead, he refused to comply with those Orders

11  and produce his hard drives because they purportedly contained unspecified "highly

12  private" materials and unidentified information about unreleased Bratz products

13  scheduled for release in 2007 and 2008. Only after Mattel moved to enforce the

14  January 25, 2007 Order and compel production of his drives did Bryant's counsel relent

15  in part and produce the Desktop for inspection. Later, Bryant produced the Laptop to

16  Mattel for inspection (and the July 2004 image of its hard drive) as well. But Bryant

17  still refused to produce his three other hard drives.

18      Mattel promptly inspected both the Desktop and Laptop hard drives.

19  Based on that inspection, Mattel determined that data from the critical period of 2000

20  through 2001 is missing from the drives and discovered that a software program called

21  "Evidence Eliminator" had been installed and run on both. Upon learning of this fact

22  (and others supporting Mattel's counterclaims for spoliation) Judge Larson issued an

23  Order requiring "all parties" to provide preservation of evidence affidavits no later

24  September 10, 2007.[4]

25      Bryant flatly refused. Mattel had to obtain yet another Order on January 7,

26  2008 mandating Bryant's compliance with the August 27, 2007 Order before Bryant

27

28    [4]  Order Requiring Filing of Affidavits Re Evidence Preservations, dated August 27, 2007, at 5, Grant Dec., Exh. 3.

1 | would file the ordered preservation affidavit.[5]  Bryant filed his affidavit on January 15,
2 | 2008.

3 |        Bryant's January 15, 2008 preservation affidavit raised more questions
4 | than it answered about Bryant's remaining hard drives.  Bryant claimed in his affidavit
5 | that the three hard drive images made in March 2007 were taken "of three computers
6 | [he] had used since the imaging [of the Desktop and Laptop] in July, 2004."  Although
7 | he did not explain which computers were imaged, his statement clearly suggested that
8 | the three hard drive images contain relevant information spanning from August 2004 to
9 | March 2007, when the images were taken.

10 |        Then, a week later, the story dramatically changed yet again.   On
11 | January 23, 2008, Bryant testified in deposition that since 2000 he has actually owned
12 | at least **seven** personal computers—not just two as he previously testified—and used
13 | each to do Bratz related work, to communicate with MGA and others, and to conduct
14 | research.  Sometime in 2004, Bryant purchased another laptop and another desktop (the
15 | "2004 Computers").  According to Bryant, in 2005 his counsel made forensic images of
16 | both 2004 Computers and has had possession of them ever since.  What computers
17 | Bryant used to do his work in 2006 remains a mystery.  Bryant testified he purchased in
18 | 2007 two new desktops and another laptop (the "2007 Computers"), which he
19 | purportedly is still using.  Seemingly contradicting his preservation affidavit, Bryant
20 | testified that the three forensic images made in March 2007 were taken of the 2007
21 | Computers and consist only of some unidentified files, not the full drives.

22 |        The inconsistencies and discrepancies in Bryant's ever-changing story
23 | about his hard drives are now <u>beyond</u> "alarming."  Bryant and his counsel failed to
24 | mention the 2004 Computers in opposing the motion to compel that underlies the
25 | January 25, 2007 Order.  They failed to mention them in 2005 when the motion was
26 | originally filed, and they did not mention them in 2007 when the motion was renewed

27 |

28 |     [5]  Order Granting Motion to Enforce the Court's Order of August 27, 2007, and Denying Request for Sanctions, dated January 7, 2008, Grant Dec., Exh. 4.

1   after the stay was lifted.  Nor did they disclose the 2004 and 2007 Computers in

2   April 2007, when Mattel filed its first motion to enforce the January 15, 2007 Order; in

3   November 2007 when Mattel filed its motion to enforce the August 27, 2007 Order

4   directing all parties to file preservation affidavits; nor in December 2007 when Mattel

5   filed its motion to compel the deposition of Bryant's former counsel on just this issue.

6            Bryant continues to willfully refuse to abide by the Court's January 25,

7   2007 Order.  He has not produced the 2004 Computers and their forensic images—the

8   existence of which Bryant and his counsel repeatedly failed to advise the Court for

9   more than two years.  Nor has he produced the 2007 Computers and their three hard

10  drive images.

11           Accordingly, Mattel respectfully requests that the Discovery Master order

12  Bryant to comply immediately with the January 25, 2007 Order and, as that Order

13  requires, to produce **all** hard drives and forensic images in his or his counsel's

14  possession, including the 2004 and 2007 Computers.  Mattel further submits that

15  Bryant's willful refusal to abide by the Court's Order for more than a year, and his

16  repeated failure to disclose the 2004 Computers and their forensic images to the Court

17  or Mattel, warrant sanctions, including prospective sanctions.

18

19                              **Background**

20  **At Deposition in November 2004, Bryant Identifies Three Relevant**

21  **Computers.**  Bryant testified that he had used three different computers prior to his

22  deposition in November 2004, two of which he owned.[6]  One was the Desktop

23  computer that Bryant purchased on October 21, 2000—just one day after he resigned

24  from Mattel.[7]  Bryant testified that he used this computer from 2000 until

25  approximately November 2003 (only five months before this lawsuit was filed), and

26  ───────────────

27  [6]   Bryant Deposition 246:3–5, Grant Dec., Exh. 5.
     [7]   Circuit City receipt dated October 21, 2000, Grant Dec., Exh. 6; Bryant

28  Deposition at 246:3–5, Grant Dec., Exh. 5.

then gave it to his niece.[8]  The other was the Laptop computer that Bryant purchased in November 2001.[9]

**Bryant and His Counsel Represent That The Desktop Was Retrieved From The Niece And Examined, But Contained No Responsive Information.**
While represented by his former counsel, Bryant repeatedly represented that they had possession of the Desktop, had searched it, and found no responsive documents.  For example, on November 1, 2004, Bryant's former counsel sent a letter to Mattel's counsel claiming that the computer Bryant had given away to his niece "has been retrieved and searched for responsive documents, and none have been located."[10] Mattel specifically asked Bryant's counsel to preserve the Desktop hard drive.[11]

In January 2005, Mattel filed a motion to compel seeking the production of Bryant's hard drives, among other things.[12]  Bryant opposed the motion, representing to the Court that he had "tirelessly searched for and inspected" his Desktop "for relevant information" and had made an "extensive and diligent search" for responsive

---

[8]   Bryant Deposition at 245:8–17; 246:3–5; 248:5–9, Grant Dec., Exh. 5. Bryant's counsel elsewhere stated that Bryant had used the Desktop "from 2000 to 2002" and thus confirmed as well that it pertained to a highly pertinent time period. Joint Stipulation Re: Mattel's Motion to Compel Production of Documents, filed on January 6, 2005 (excerpts) ("Joint Stipulation") at 62:8–10, Grant Dec., Exh. 7.
[9]   Bryant Deposition at 247:25-248:2, Grant Dec., Exh. 5.
[10]   Letter dated November 1, 2004 from Keith Jacoby, counsel for Bryant, to John Quinn, Kirkland Garey, and John [sic] Corey, counsel for Mattel, at p. 2, Grant Dec., Exh. 8 ("Regarding [Mattel's] requests to inspect Mr. Bryant's home computer, I have made further inquir[i]es on that subject to Mr. Bryant and my colleagues.  Mr. Bryant did not own a home computer during his time at Mattel.  He later purchased a computer, which he used for a time, and then gave away to his niece.  That computer has been retrieved and searched for responsive documents, and none have been located.  Mr. Bryant declines to produce his hard drive for inspection for the reasons articulated in his response to Mattel's document request.").
[11]   Letter dated November 17, 2004 from Kirk Garey, counsel for Mattel, to Mr. Jacoby, Grant Dec., Exh. 9.
[12]   Joint Stipulation at 3–4, 58–61, Grant Dec., Exh. 7.

1  information on them.[13]  Bryant's counsel also represented in declarations that they too

2  had examined the Desktop—indeed, "extensively" so—and had spent "scores of

3  attorney hours" searching for responsive documents, but found nothing responsive.[14]

4         Due to an intervening discovery stay, the Court did not rule on Mattel's

5  original motion to compel.  After the stay was lifted and the Discovery Master was

6  appointed, Mattel renewed its motion to compel Bryant's computer hard drives in early

7  January 2007.[15]

8         In his 2007 opposition, Bryant again represented to the Court that the **only**

9  computer he was able to find was the Desktop.[16]  And Bryant's counsel again stated

10  they had performed a "diligent" search of the Desktop hard drive, but did not find "any

11  responsive documents or relevant information" on it.[17]  Bryant did not disclose to the

12  Court in his opposition that he had purchased two other computers in 2004 (and three

13  more in 2007) and used them to conduct Bratz related business.  Nor did he disclose

14

15

16  [13]   Joint Stipulation at 62:1–13, Grant Dec., Exh. 7; [Redacted] Declaration of
Keith A. Jacoby in Support of Defendant and Cross–Claimant Carter Bryant's
17  Portion of Joint Stipulation (excerpted and without exhibits) ("2005 Jacoby Dec.")
18  at ¶¶ 22, 23, Grant Dec., Exh. 10.
   [14]   Joint Stipulation at 62:2–13, 18–20, Grant Dec., Exh. 7; 2005 Jacoby Dec. at
19  ¶¶ 23, 24, Grant Dec., Exh. 10.
20  [15]   Grant Dec. ¶ 12; see also Separate Statement of Mattel, Inc. in Support of
Motion to Compel Production of Documents by Carter Bryant, filed on January 4,
21  2007 (excerpts) at 57–61 ("Mattel's 2007 Separate Statement"), Grant Dec.,
22  Exh. 11; Declaration of Michael T. Zeller in Support of Mattel, Inc.'s Motion to
Compel Production of Documents by Carter Bryant (without exhibits) filed
23  January 4, 2007 at ¶ 27, Grant Dec., Exh. 12.
24  [16]   Separate Statement of Defendant Carter Bryant in Opposition to Mattel's
Motion to Compel,  filed on January 11, 2007 (excerpts) ("Bryant's 2007 Separate
25  Statement") at 39, Grant Dec., Exh. 13; Declaration of Keith A. Jacoby in Support
26  of Carter Bryant's Opposition to Mattel, Inc.'s Motion to Compel Production of
Documents (excerpted and without exhibits) ("2007 Jacoby Dec.") at ¶ 31, Grant
27  Dec., Exh. 14.
   [17]   2007 Jacoby Dec., ¶ 31, Grant Dec., Exh. 14.
28

1  that his counsel had taken forensic images of them and had them in its possession, as

2  Mattel later learned (See discussion below).

3       **On January 25, 2007, the Court Orders Production of the Hard Drive,**

4  **But Bryant's Counsel Fails to Produce Them.**  The Discovery Master granted

5  Mattel's motion to compel without limitation.  Among other things, it ordered that

6  "[p]ursuant to Rule 34, Fed.R.Civ.P., *Bryant shall produce the hard drives of his*

7  *computers for forensic imaging*" by no later than February 23, 2007 (the "January 25,

8  2007 Order").[18]

9       Shortly before the February 23, 2007 deadline, Bryant's former counsel

10  asked Mattel for an extension of time to comply with the Order, claiming additional

11  time was required because (i) the quantity of responsive documents "may be

12  significant" and (ii) because Bryant would be traveling.[19]  Mattel agreed to extend

13  Bryant's time to produce the hard drives.[20]

14       Four days later, in a February 27, 2007 email, Bryant's counsel asserted a

15  new reason for failing to produce the hard drives, i.e., that the hard drive contained

16  some unspecified "highly private material" and seeking "some sort of agreement" on

17  that issue.[21]  Mattel again agreed to extend the deadline for production so the parties

18  could further discuss this new privacy issue.  In return, Bryant's counsel agreed to

19  provide a detailed log of the "highly private" files at issue by no later than March 23,

20  2007.[22]  By March 26, 2007, Bryant had still not produced that log.[23]

21

22     [18]  Order of the Discovery Master Hon. Edward Infante (Ret.) dated January 25, 2007 at 17, Grant Dec., Exh. 1.

23     [19]  Stipulation and Order re: Request to Extend Deadline Within Which Carter Bryant Must Comply with the Discovery master's January 25, 2007 Order Granting

24  Mattel's Motion to Compel Production of Documents dated February 23, 2007, Grant Dec., Exh. 15.

25     [20]  Id.
   [21]  E-mail message dated February 27, 2007, from Douglas Wickham to Michael

26  Zeller, Grant Dec., Exh. 16.

27     [22]  Letter dated March 2, 2007 from Douglas Wickham to Michael Zeller, Grant Dec., Exh. 17; letter dated March 16, 2007 from Douglas Wickham to Michael

28  Zeller, Grant Dec., Exh. 18; letter dated March 27, 2007 from Douglas Wickham to John Quinn, Grant Dec., Exh. 19.

1    **Mattel Moves To Enforce the January 25, 2007 Order.**  In view of

2    Bryant's failure to comply with the January 25, 2007 Order, Mattel sought to meet and

3    confer in advance of a motion to enforce the Order.[24]

4    In response, Bryant's former counsel announced that they in fact had **five**

5    forensic images of Bryant hard drives containing Bratz-related information.[25]  Two of

6    the images were made in July 2004—long before Bryant had represented to the Court

7    that **only** the Desktop had been located.  One of the images was of the Desktop, the

8    other of the Laptop.  According to Bryant's counsel, those two hard drive images

9    contained data **only** from 2002 and 2003[26]—an odd suggestion given that Bryant had

10   testified that he had used them since 2000.[27]  When Mattel asked about the whereabouts

11   of the actual Desktop, Bryant's counsel said for the first time that the Desktop could no

12   longer be found.[28]  They also revealed for the first time that the Laptop—which Bryant

13   had previously represented to the Court could not be located[29]—was in fact in their

14   possession (and had been since it was imaged in 2004) and contained Bratz-related

15

16

17

18   _____

19   [23]   Letter dated March 26, 2007 from Michael Zeller to Douglas Wickham, Grant
     Dec., Exh. 20.

20   [24]   Id.

21   [25]   Letter dated April 6, 2007 from Michael Zeller to Douglas Wickham, Grant
     Dec., Exh. 21.

22   [26]   Id.

23   [27]   Bryant Deposition 245:8-17; 246:3-5; 248:5-9, Grant Dec., Exh. 5.  Bryant
     and his former counsel had also represented to the Court in 2005 that Bryant had

24   used the Desktop "from 2000 to 2002."  Bryant's 2007 Separate Statement, at
     62:8-10, Grant Dec., Exh. 13; 2005 Jacoby Dec. ¶ 22, Grant Dec., Exh. 10.

25   [28]   Letter dated April 6, 2007 from Michael Zeller to Douglas Wickham, Grant
26   Dec., Exh. 21.

     [29]   Bryant's 2007 Separate Statement, at 39:15-18, Grant Dec., Exh. 13.

27

28

1  documents.[30]  Last, Bryant disclosed that the three other forensic images of Bryant hard

2  drives were made in March 2007.[31]

3         Bryant's counsel did not dispute the relevance and discoverability of

4  Bryant's hard drives.  To the contrary, they expressly acknowledged that the drives

5  were ordered produced by the Discovery Master.  However, they claimed the hard

6  drives contained unspecified "highly private" materials and unidentified information

7  about unreleased Bratz products scheduled for release in 2007 and 2008 and, on this

8  basis, refused to produce them.[32]

9         Faced with Bryant's conflicting representations, Mattel moved to enforce

10  the Court's January 25, 2007 Order and compel Bryant to produce his hard drives.[33]

11  The day before Bryant's Opposition was due, Bryant's counsel advised Mattel they had

12  "found" the Desktop and "discovered" an image of it in their possession and would

13  now make them available to Mattel.[34]

14         **The Court Rules Information and Materials Related to Unreleased**

15  **Products Are Relevant, and Orders Their Production.**  By Order dated May 15,

16  2007, the Discovery Master ruled that information related to defendants' unreleased

17  products—which was part of the purportedly sensitive material Bryant had indicated

18  the three other images of his hard drives contained (along with the "highly private"

19  information) is relevant to Mattel's claims.[35]  The Court then approved a third-tier,

20

---

21  [30]  Letter dated April 6, 2007 from Michael Zeller to Douglas Wickham, Grant Dec., Exh. 21.

22  [31]  Id.; see also Letter dated March 27, 2007 from Douglas Wickham to Michael

23  Zeller, Grant Dec. Exh. 20.

   [32]  Id.

24  [33]  Notice of Motion and Motion of Mattel, Inc. for An Order to Enforce Court's

25  January 25, 2007 Order Compelling Bryant to Produce Desktop Computer Hard Drive, dated April 10, 2007 ("April 2007 Motion to Enforce Discovery Order),"

26  Grant Decl., Exh. 22.

27  [34]  Letter dated April 23, 2007, from Keith A. Jacoby to Michael Zeller. Grant Dec., Exh. 23.

28  [35]  Id.

1  hyper-strict protective order to guard the sensitive nature of the information and ordered

2  MGA to produce such materials.[36]  MGA appealed, and the Court upheld the Discovery

3  Master's ruling.[37]

4         Shortly thereafter, Bryant's current counsel produced the Laptop and the

5  July 2004 image of its hard drive.[38]  But Bryant continued to refuse to produce his three

6  other hard drives and/or their images, which he claimed need not be produced,

7  notwithstanding the January 25, 2007 Order, because of the sensitive materials they

8  contain.

9         **Bryant Used "Evidence Eliminator" Program on Both the Desktop**

10  **and Laptop.**  When Mattel inspected Bryant's Desktop and Laptop hard drives, it

11  discovered that a software program called "Evidence Eliminator" had been installed

12  and run on them.[39]  Evidence Eliminator purports to be a program designed to

13  permanently destroy data to prevent its use in legal proceedings:  "Evidence

14  Eliminator . . . the data destroyed is 'gone forever' and it is impossible to create mirror

15  images of defendants' hard drives . . ."[40]  Mattel's inspection also confirmed that data

16  from the critical period of 2000 through 2001 was missing from both drives.[41]

17         Just last week, Bryant admitted in deposition that by using "Evidence

18  Eliminator" "there was data that was eliminated" from his hard drives.[42]  He claims,

19  however, not to recall what data was deleted.[43]  Bryant also claims the only reason he

20  used "Evidence Eliminator" was to make his Desktop and Laptop "run smoother."[44]

21

22

---

23  [36]  Id.
   [37]  Minute Order, dated July 2, 2007, at 3-4, Grant Dec., Exh. 24.
24  [38]  Grant Dec., ¶ 27.
   [39]  Grant Dec., ¶ 29, Exh. 25.
25  [40]  Id.
26  [41]  Id.
27  [42]  Bryant Deposition [Rough] 10:10-11:6, Grant Dec., Exh. 26.
   [43]  Id.
28  [44]  Bryant Deposition [Rough] 6:17-10:9; 12:18-13:20, Grant Dec., Exh. 26.

1  However, Evidence Eliminator is specifically designed to permanently destroy data to

2  prevent its use in legal proceedings, not to improve a computer's efficiency.[45]

3      **Bryant's January 15, 2008 Preservation Affidavit.** Upon learning of

4  Bryant's use of "Evidence Eliminator" and among other thing, Judge Larson issued an

5  Order dated August 27, 2007 requiring "all parties" to provide preservation of evidence

6  affidavits no later September 10, 2007.[46] Bryant refused. Judge Larson then issued an

7  Order dated January 7, 2008, mandating Bryant's compliance with the August 27, 2007

8  Order.[47]

9      In that affidavit, Bryant claimed that the three hard drive images made in

10  March 2007 were taken "of three computers [he] had used since the imaging [of the

11  Desktop and Laptop] in July, 2004."[48] This statement suggested that the three hard

12  drive images contain relevant information spanning from August 2004 to March 2007,

13  when the images were taken.

14      **Bryant Testifies That He Owned At Least Seven Personal**

15  **Computers—Not Two As He Previously Testified and Represented to the Court.**

16  A week after filing his preservation affidavit, Bryant's story dramatically changed yet

17  again. On January 23, 2008, Bryant testified in deposition that since 2000 he has

18  actually owned at least **seven** personal computers—not just two as he previously

19  testified—and used each to do Bratz-related work, to communicate with MGA and

20  others, and to conduct research.[49] Sometime in 2004, Bryant purchased another laptop

---

[45]  Grant Dec. ¶ 29, Exh. 25.

[46]  Order Requiring Filing of Affidavits Re Evidence Preservations, dated August 27, 2007, at 5, Grant Dec., Exh. 3.

[47]  Order Granting Motion to Enforce the Court's Order of August 27, 2007, and Denying Request for Sanctions, dated January 7, 2008, Grant Dec., Exh. 4.

[48]  Declaration Of Carter Bryant In Response To Court's Request For Information Regarding Document Preservation, filed January 15, 2008, Grant Dec., Exh. 27.

[49]  Bryant Deposition [Rough] 21:24-28:18; Grant, Dec., Exh. 26.

1    and another desktop (the "2004 Computers").[50]   According to Bryant, in 2005 his

2    counsel made forensic images of both 2004 Computers and has had possession of them

3    ever since.[51]   What computers Bryant used to do his work in 2006 remains a mystery.

4    Bryant testified only that he purchased two new desktops and another laptop in 2007

5    (the "2007 Computers"), which he is currently using.[52]   Seemingly contradicting his

6    preservation affidavit, Bryant testified that the three forensic images made in

7    March 2007 were taken of the 2007 Computers and consist only of some unidentified

8    files, not the full drives.[53]

9              **Mattel's Meet-and-Confer Efforts.**   On April 2, 2007, Mattel's

10   counsel initiated the meet and confer process with Bryant's former counsel regarding

11   Bryant's Desktop and thereafter regarding Bryant's Laptop.   Since then, Bryant

12   produced the Desktop and Laptop to Mattel for inspection and forensic imaging,

13   along with images of those drives.   Bryant's current counsel and Mattel's counsel

14   began the meet and confer process regarding Bryant's more recent hard drives in or

15   around September 2007.   Bryant refused to produce those hard drives.   Mattel's

16   wrote Bryant's counsel on January 4, 2008 regarding Bryant's continuing failure to

17   produce his other hard drives and/or forensic images of them and requesting another

18   meet and confer on this issue before Mattel filed a motion to enforce the January 25,

19   2007 Order compelling their production and seeking sanctions.   By e-mail message

20   dated January 7, 2008, Bryant's current counsel responded and stated that Bryant

21   would not produce his other hard drives for two reasons.[54]   First, Bryant's counsel

22   claims that the January 25, 2007 Order applied only to Bryant's Desktop, Laptop,

23

24       [50]   Id.
25       [51]   Id.
         [52]   Id.
26       [53]   Id.; Bryant Deposition [Rough] 199:23-200:13, Grant, Dec., Exh. 28.
         [54]   E-mail message from Michael Zeller to Mike Page and Christa Anderson,.
27   dated January 4, 2008; e-mail message from Michael Werdergar to Michael Zeller,
28   dated January 7, 2008, Grant Dec., Exh. 29.

1    and his parents' computer.  Second, Bryant's counsel claimed that Mattel's request

2    for Bryant's other hard drives was a "fishing expedition."

3

4                              **Argument**

5    **I.    BRYANT SHOULD BE ORDERED TO MAKE ALL HIS HARD**

6          **DRIVES AVAILABLE FOR INSPECTION AND IMAGING, OR**

7          **EXPLAIN THEIR NON–PRODUCTION UNDER OATH.**

8

9          **A.    The January 25, 2007 Order Compelled Bryant to Produce All of**

10              **His Hard Drives.**

11             The Discovery Master ordered Bryant to produce "the hard drives of his

12    computers for forensic imaging," no later than February 23, 2007.[55]  By its express

13    terms, the Court's Order is not limited Bryant's Desktop and Laptop.  Bryant's

14    counsel's recent claim to the contrary is unavailing.[56]

15             The language of the Court's Order is clear.    In the January 25, 2007

16    Order, the Discovery Master compelled Bryant to produce his hard drives for forensic

17    imaging.  That requirement is unambiguous.  Bryant has willfully failed to comply that

18    Order.

19             Significantly, in opposing the motions to compel that underlie the

20    January 25, 2007 Order, Bryant and his counsel failed to mention that he purchased two

21    computers in 2004 that used for Bratz-related work and communications with MGA.[57]

22    They failed to mention them in 2005 when the motion was originally filed and in 2007

23    when it was renewed after the stay was lifted.  Nor did they disclose the 2004

24    Computers (or the three additional computers purchased sometime 2007) in April 2007

25

26    [55]  The January 25, 2007 Order, at 17, Grant Dec., Exh. 1.
      [56]  E-mail message from Mathew M. Werdegar to Michael T. Zeller, dated
27    January 7, 2008, Grant Dec., Exh. 29.
      [57]  Joint Stipulation, at 62-63, Grant Dec., Exh. 7; Bryant's 2007 Separate
28    Statement, at 38-40, Grant Dec., Exh. 13.

1   when Mattel filed its first motion to enforce the January 25, 2007 Order; in

2   November 2007 when Mattel filed its motion to enforce the August 27, 2007 Order

3   directing all parties to filed preservation affidavits; and again in December 2007 when

4   Mattel filed its motion to compel the deposition of Bryant's former counsel on just this

5   issue. Thus, Bryant has waived his right to oppose the production of the 2004 and 2007

6   hard drives and their forensic images.  See, e.g., Richmark Corp. v. Timber Falling

7   Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (finding defendant waived objections

8   to discovery orders and a contempt adjudication based on the People's Republic of

9   China's secrecy laws where it failed to raise argument in response to motion to

10  compel).

11

12      **B.      Bryant's Claim That Mattel Is On a "Fishing Expedition" Is**

13              **Without Merit.**

14          Bryant's counsel has asserted that Mattel's demand for production of

15  Bryant's other hard drives is a mere "fishing expedition." Not so. The relevance of

16  Bryant's 2004 and 2007 hard drives is indisputable. Bryant recently testified that he

17  used each hard drive to perform Bratz-related work and to communicate with MGA.[58]

18  And the Discovery Master and the Court have already ruled that materials and evidence

19  related to unreleased products are relevant to Mattel's trade secret and RICO claims and

20  ordered MGA to produce such materials.[59] "[W]here [, as here,] the contents of an

21  adversary's computer go to the heart of the case," courts have consistently ordered their

22

23      [58]   Bryant Deposition 23:9-45:6; 25:2-16 , Grant Dec., Exh. 26.
        [59]   Order Modifying Protective Order, dated May 15, 2007, at 6-8; Order
24  Granting Mattel's Motion Compel Production of Documents and Interrogatory
    Responses, dated May 15, 2007, at 9; Stipulation to Modify Protective Order; and
25  Order Thereon, dated May 15, 2007 (collectively "the May 15, 2007 Orders"), Grant
    Dec., Exh. 30. Minute Order, dated July 2, 2007, at 3-4, Grant Dec., Exh. 24. Even
26  if the Discovery Master and Court had not previously ruled on this issue, Bryant
    waived the right to object to the January 25, 2007 Order on the ground that
27  unreleased products are not relevant by failing to raise this issue in opposition
    Mattel's 2005 and 2007 motions to compel. See, e.g., Richmark Corp., 959 F.2d
28  at 1473.

1    production and/or a forensic image to be taken of them.  See, e.g., Hedenburg v.

2    Aramark American Food Servs., 2007 WL 162716, at *2 (W.D. Wash. Jan. 17 2007)

3    (citing cases and so ordering); see also Frees, Inc. v. McMillan, 2007 WL 184889, at *2

4    (W.D. La. Jan. 22, 2007) (same).  The need to order Bryant's production of the 2004

5    and 2007 hard drives and their images is particularly acute here because their contents

6    may support Mattel's claims that Bryant and others stole its trade secrets.  See, e.g., id.

7           The fact that Bryant purchased the three 2007 hard drives after he left

8    Mattel's employ in 2004 is of no consequence.  See id.  In Frees, the defendant argued

9    that he should not be compelled to produce two computers purchased two years after

10   his alleged misappropriation of plaintiff's trade secrets.  Id. at *1.  The district court

11   rejected this argument for two reasons—both of which apply here.  First, the court held

12   that "[a] party cannot, by his own self-serving statements, deny the other party access to

13   potentially relevant information."  Id. at *2.  Second, the court held that, even assuming

14   the defendant's statements were true:

15              the fact that the computers were allegedly acquired two years

16              after the misappropriation is said to have occurred in no way

17              forecloses the existence of the pilfered data, or information

18              related to such date, on the computers.  It would certainly have

19              been possible for [the defendant] to transfer computer data

20              acquired from Frees in 2003 to a computer he did not obtain until

21              two years later.

22   Id.

23           In any case, as the Court knows, Mattel has asserted claims alleging MGA

24   and others with the ongoing theft of trade secrets.  Hence, post-2004 information is

25   highly relevant.

26           Moreover, the inconsistencies in Bryant's ever-changing story about what

27   computers he owned during critical time periods and what drives he or his counsel have

28   in their possession—which the Discovery Master deemed "alarming"—alone justify

07209/2349684.2

1   inspection.  In such circumstances, it is well settled that the hard drives sought should

2   be produced for forensic imaging.  See, e.g. Simon Prop. Group L.P. v. mySimon, Inc.,

3   194 F.R.D. 639, 641 (S.D. Ind. 2000) (allowing plaintiff to mirror image defendant's

4   computers where there were "troubling discrepancies with respect to defendant's

5   document production"); accord Ameriwood Indus., Inc. v. Liberman, 2006 WL

6   3825291, at *4-*5 (E.D. Mo Dec. 27, 2006) (holding same and citing cases holding

7   same).

8          Accordingly, Bryant should be ordered to produce all his hard drives and

9   the images of them in his counsel's possession, including the 2004 and 2007

10  Computers.

11

12  **II.    BRYANT'S FAILURE TO COMPLY WITH JANUARY 25, 2007**

13          **ORDER HAS BEEN WILLFUL, AND SHOULD BE SANCTIONED**

14          Bryant's failure to comply with the January 25, 2007 has been willful and

15  flagrant.  This is but another effort by Bryant and MGA to delay and obstruct Mattel's

16  ability to obtain information that it is plainly entitled to.

17          The Discovery Master has broad authority to sanction Bryant for his

18  disobedience of its Orders.[60]  Under Federal Rule of Civil Procedure 37(b)(2), the Court

19  "may make such orders in regard to the failure [to comply with the Court's Order] as are

20  just." See also U.S. v. Westinghouse Electric Corp., 648 F.2d 642, 651 (9th Cir. 1981)

21  ("The choice of discovery sanctions is left to the discretion of the district court.");

22  accord Grimes v. City and County of San Francisco, 951 F.2d 236, 240-241 (9th Cir.

23  1991) (courts "may, within reason, use as many and as varied sanctions as are necessary

24  to hold the scales of justice even.").

25          Independently, sanctions may be imposed under 28 U.S.C. § 1927, which

26  provides that "[a]ny attorney . . . who so multiplies the proceedings in any case

27  ───────────────────────────────

28  [60]   Stipulation and Order for the Appointment of the Discovery Master, dated December 6, 2006, at 3-4, Grant Dec., Exh. 1.

1   unreasonably and vexatiously may be required by the court to satisfy personally the
2   excess costs, expenses, and attorneys' fees reasonably incurred because of such
3   conduct."   Sanctions under this section are appropriate "for conduct that, viewed
4   objectively, manifests either intentional or reckless disregard of the attorney's duties to
5   the court." RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995). Here, Bryant has not
6   and cannot over any valid justification for refusing to comply with the January 25, 2007
7   Order, let alone a substantial justification for doing so. See Fed. R. Civ. P. 37(b)(2)
8   ("the court shall require the party failing to obey the order or the attorney advising that
9   party or both to pay the reasonable expenses, including attorney's fees, caused by the
10  failure unless the court finds that the failure was substantially justified or that other
11  circumstances make an award of expenses unjust.")

12          Sanctions are needed here as a deterrent, particularly in light of Bryant's
13  prolonged refusal to disclose the existence of critical evidence, and to coerce
14  compliance.   Mattel respectfully requests that Bryant be ordered to pay $3,500 as
15  partial reimbursement for the fees and costs that Mattel has incurred in bringing this
16  motion.[61]   Mattel also requests that Bryant be fined $5,000 for every day that he refuses
17  to comply following the date by which the Court orders him again to produce the
18  computer images and hard drives to ensure compliance and prevent still further motion
19  practice on this matter.   See Grimes, 951 F.2d at 241 ("magistrates may impose
20  prospective sanctions pursuant to Rule 37 where such sanctions are necessary to
21  enforce compliance with a valid discovery order").

22

23                                  **Conclusion**

24          For the foregoing reasons, Mattel respectfully requests that the Discovery
25  Master order Bryant to:   (1) produce within five calendar days his 2004 and 2007
26  computer hard drives for forensic examination and the forensic images in his counsel's

27

28  ───────────────
    [61]   Grant Decl. ¶ 32.

1   possession of those drives in compliance with the January 25, 2007 Order, along with

2   any other drives Bryant used for Bratz that are in his possession, custody, or control.

3   Mattel also respectfully requests that the Discovery Master award sanctions in the

4   amount of $3,500 to reimburse Mattel for at least part of its attorney's fees; and impose

5   prospective sanctions of $5,000 per day until such time as Bryant fully complies with

6   the January 25, 2007 Order.

7

8   DATED:  January 28, 2008              QUINN EMANUEL URQUHART OLIVER &
                                          HEDGES, LLP
9

10                                        By_____

11                                            Timothy L. Alger
                                             Attorneys for Mattel, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1301 West 2nd Street, Suite 206, Los Angeles, California 90026.

On January 28, 2008, I served true copies of the following document(s) described as :

1)      **NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR AN ORDER ENFORCING COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES AND FOR SANCTIONS**

on the parties in this action as follows:

**SEE ATTACHED LIST**

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 28, 2008, at Los Angeles, California.

NOW LEGAL -- Dave Quintana

07209 2368423.1

1

### SERVICE LIST

2
Thomas J. Nolan
**Skadden, Arps, Slate, Meagher & Flom ,**
**LLP**
300 South Grand Ave., Ste. 3400
Los Angeles, California 90071
TEL: (213) 687-5000
FAX: (213) 687-5600
**tnolan@skadden.com**

3

4

5

6

7

John W. Keker
Michael H. Page
Christa M. Anderson
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, CA 94111
TEL: (415) 391-5400
FAX: (415) 397-7188
**jkeker@kvn.com**
**mhp@kvn.com**

8
Mark E. Overland, Esq.
David E. Scheper, Esq.
Alexander H. Cote, Esq.
**Overland Borenstein Scheper & Kim, LLP**
300 South Grand Avenue
Suite 2750
Los Angeles, CA 90071-3144
TEL: (213) 613-4655
FAX: (213) 613-4656
**moverland@obsklaw.com**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28