**Exhibit 10**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**Exhibit 11**

CONFORMED

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       John B. Quinn (Bar No. 090378)
2       (johnquinn@quinnemanuel.com)
       Michael T. Zeller (Bar No. 196417)
3       (michaelzeller@quinnemanuel.com)
       Jon D. Corey (Bar No. 185066)
4       (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
6   Facsimile: (213) 443-3100

7   Attorneys for Plaintiff and Cross-
     Defendant Mattel, Inc.

8

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                      EASTERN DIVISION

12   CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13              Plaintiff,                Consolidated with
                                          Case No. CV 04-09059
14       vs.                              Case No. CV 05-02727

15   MATTEL, INC., a Delaware            **DISCOVERY MATTER**
16   corporation,                        **[To Be Heard By Discovery Master
                                          Hon. Edward Infante (Ret.) Pursuant
17              Defendant.                To The Court's Order Of December
                                          6, 2006]**
18   _____
                                          SEPARATE STATEMENT OF
19   AND CONSOLIDATED ACTIONS            PLAINTIFF MATTEL, INC. IN
                                          SUPPORT OF MOTION TO COMPEL
20                                        PRODUCTION OF DOCUMENTS BY
                                          CARTER BRYANT
21
                                          Hearing Date: TBA
22                                        Time: TBA
                                          Place: TBA
23
                                          Discovery Cut-off: None Set
24                                        Pre-trial Conference: None Set
                                          Trial Date: None Set
25

26

27                                        EXHIBIT 11 PAGE 118
28

07209/1992206.8

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

# TABLE OF CONTENTS

**Page**

I.    THE COURT SHOULD COMPEL BRYANT TO PRODUCE DOCUMENTS RELATING TO HIS AGREEMENTS WITH MGA ............ 1

    A.    Bryant Has Not Produced Relevant Documents.................................... 4

        1.    Bryant's Responses Exclude Relevant Documents ...................... 5

            (a)    The excluded documents are relevant to Mattel's claims and Bryant's credibility ........................................... 6

            (b)    The excluded documents are relevant to damages............. 8

        2.    Bryant has not produced all documents he promised.................. 9

    B.    Bryant's objections lack merit................................................................ 10

        1.    Privilege Does Not Preclude Mattel's Discovery ...................... 10

        2.    Bryant's Other Objections Are Unavailing................................. 11

II.   THE COURT SHOULD COMPEL BRYANT TO PRODUCE DOCUMENTS RELATING TO THE BRATZ PROJECT AND OTHER PROJECTS THAT HE WORKED ON FOR MGA.......................... 13

III.  THE COURT SHOULD COMPEL BRYANT TO PRODUCE DOCUMENTS RELATING TO HIS PAYMENTS FROM MGA............... 28

IV.   THE COURT SHOULD COMPEL BRYANT TO PRODUCE HIS BRATZ-RELATED COMMUNICATIONS AND COMMUNICATIONS WITH MGA ............................................................... 42

V.    THE COURT SHOULD COMPEL BRYANT TO PRODUCE MATTEL-RELATED DOCUMENTS ...................................................... 47

VI.   THE COURT SHOULD COMPEL BRYANT TO PRODUCE DOCUMENTS RELATING TO REGISTRATIONS AND APPLICATIONS FOR REGISTRATION ...................................................... 51

VII.  PUTTING ASIDE HIS REFUSAL TO PRODUCE CATEGORIES OF REQUESTED DOCUMENTS, BRYANT'S RESPONSES AND PRODUCTION ARE PROBLEMATIC FOR ADDITIONAL REASONS .................................................................................................... 53

    A.    The Court Should Order Bryant To Produce Responsive, Non-Privileged Documents Generated After Suit Was Filed.............. 53

    B.    Bryant's Wholesale Redactions Are Improper....................................... 54

    C.    The Court Should Order Bryant to Serve A Complete Privilege Log ........................................................................................................... 57

-i- EXHIBIT 11   PAGE 119

1    D.    The Court Should Order Bryant To Turn Over His Hard Drives.........57

2    E.    The Court Should Order Bryant To Complete His Production ...........61

3    VIII. BRYANT SHOULD BE SANCTIONED .......................................................63

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT  11  PAGE  120

07209/1992206.7

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

# TABLE OF AUTHORITIES

**Page**

## Cases

*A. Farber and Partners, Inc. v. Garber,*
   234 F.R.D. 186 (C.D. Cal. 2006) ..................................................... 12, 42, 56

*Blankenship v. Hearst Corp.,*
   519 F.2d 418 (9th Cir. 1975) .................................................................. 10

*Braley v. Campbell,*
   832 F.2d 1504 (10th Cir. 1987) .............................................................. 64

*Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.,*
   175 F.R.D. 646 (C.D. Cal. 1997) ................................................ 6, 7, 8, 10, 27

*Clady v. County of Los Angeles,*
   770 F.2d 1421 (9th Cir. 1985) ................................................................ 10

*Clarke v. American Commerce Natl. Bank,*
   974 F.2d 127 (9th Cir. 1992) ................................................................. 11

*Coleman v. American Red Cross,*
   23 F.3d 1091 (6th Cir. 1994) ................................................................. 12

*Eckard Brandes, Inc. v. Riley,*
   338 F.3d 1082 (9th Cir. 2002) ............................................................... 8, 9

*Fowler v. Varian Associates, Inc.,*
   196 Cal. App. 3d 34 (1987) .................................................................... 8

*Gohler v. Wood,*
   162 F.R.D. 691 (D. Utah 1995) ........................................................... 12, 56

*Gottlieb v. Wiles,*
   143 F.R.D. 235 (D. Colo. 1992) .............................................................. 55

*In re Grand Jury Subpoenas,*
   803 F.2d 493 (9th Cir. 1986) ................................................................. 11

*Griffith v. Davis,*
   161 F.R.D. 687 (C.D. Cal. 1995) ............................................................ 11

*Hahn v. Star Bank,*
   190 F.3d 708 (6th Cir. 1999) ................................................................. 55

*In re Heritage Bond Litigation,*
   2004 WL. 1970058 ......................................................................... 42, 56

*In re Heritage Bond Litigation,*
   2004 WL. 1970058 (C.D. Cal. 2004) ........................................................ 12

EXHIBIT 11 PAGE 121

*Humphreys v. Regents of Univ. of Cal.,*
   2006 WL 335275 (N.D. Cal. 2006)................................................................55, 56

*Hyde & Drath v. Baker,*
   24 F.3d 1162 (9th Cir. 1994)............................................................................63

*Jackson v. County of Sacramento,*
   175 F.R.D. 653 (E.D. Cal. 1997)......................................................................55

*Manufacturing Systems, Inc. of Milwaukee v. Computer Technology, Inc.,*
   99 F.R.D. 335 (E.D. Wis. 1983).......................................................................10

*O'Connor v. Boeing North American, Inc.,*
   185 F.R.D. 272 (C.D. Cal. 1999)......................................................................57

*Pacific Aerospace & Electronics, Inc. v. Taylor,*
   295 F. Supp. 2d 1205 (E.D. Wash. 2003).........................................................9

*Playboy Enterprises, Inc. v. Welles,*
   60 F. Supp. 2d 1050 (S.D. Cal. 1999)..............................................................57

*Potter v. United States,*
   2002 WL 31409613 (S.D. Cal. July 26, 2002)...............................................10

*RTC v. Dabney,*
   73 F.3d 262 (10th Cir. 1995)............................................................................64

*Simon Property Group L.P. v. mySimon, Inc.,*
   194 F.R.D. 639 (S.D. Ind. 2000).................................................................59, 61

*Southern Union Co. v. Southwest Gas Corp.,*
   205 F.R.D. 542 (D. Ariz. 2002)........................................................................10

*St. Regis Paper Co. v. United States,*
   368 U.S. 208, 82 S. Ct. 289, 7 L. Ed. 2d 240 (1961)......................................41

*Superior Consultant Co. v. Bailey,*
   2000 WL 1279161 (E.D. Mich. Aug. 22, 2000)........................................58, 61

*Tornay v. United States,*
   840 F.2d 1424 (9th Cir. 1988)..........................................................................57

*United States v. Abel,*
   469 U.S. 45 (1984)..............................................................................................8

*United States v. Blackman,*
   72 F.3d 1418 (9th Cir. 1995)............................................................................11

*United States v. Construction Products Research, Inc.,*
   73 F.3d 464 (2d Cir. 1996)...............................................................................57

*United States v. Plache,*
   913 F.2d 1375 (9th Cir. 1990)..........................................................................10

EXHIBIT _11_ PAGE _122_

*Winchester Capital Management Co., Inc. v. Manufacturers Hanover Trust Co.,*
144 F.R.D. 170 (D. Mass. 1992) ........................................................................ 10

*In re Yassai,*
225 B.R. 478 (C.D. Cal. 1998) ......................................................................... 55

*Yund v. Covington Foods, Inc.,*
193 F.R.D. 582 (S.D. Ind. 2000) ....................................................................... 12

### Statutes

47 U.S.C. § 227(d)(1)(B) ................................................................................. 62

28 U.S.C. § 1927 ............................................................................................... 63

Cal. Const., art. I, sec. 1 ................................................................................... 55

Cal. Labor Code § 2863 ................................................................................... 8

Fed. R. Civ. P. 26(b)(1) ............................................................................... 6, 7

Fed. R. Civ. P. 26(b)(2) ................................................................................... 12

Fed. R. Civ. P. 34 .............................................................................. 57, 58, 60

Fed. R. Civ. P. 37(a)(4) ................................................................................... 63

### Miscellaneous

2 Witkin, Summary of California Law § 43 (9th ed.) ....................................... 8

Federal Practice & Procedure: Federal Rules of Evidence § 6095 ............................. 8

Restatement (Second) of Agency §§ 393, 429 ................................................. 8

Restatement (Second) of Agency § 403 ...................................................... 9, 25

EXHIBIT  11   PAGE 123

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1     Mattel, Inc. respectfully submits this Separate Statement in Support of

2  its Motion to Compel Production of Documents by Carter Bryant.  For the

3  Discovery Master's convenience, Mattel has grouped the Requests for Production

4  and Responses at issue in this Motion together by topic.  Mattel also sets forth

5  verbatim the specific Requests and Responses at issue for each topic directly under

6  the topic heading.

7

8  **I.     THE COURT SHOULD COMPEL BRYANT TO PRODUCE**

9          **DOCUMENTS RELATING TO HIS AGREEMENTS WITH MGA**

10

11 MATTEL'S REQUEST FOR PRODUCTION NO. 2:

12     All DOCUMENTS that REFER OR RELATE TO any agreement or

13 contract between YOU and any PERSON pertaining in any manner to any doll, doll

14 accessory or toy that was proposed, offered, discussed, negotiated or executed

15 during the time period(s) that YOU were employed by Mattel, Inc., including

16 without limitation all drafts thereof and all COMMUNICATIONS that REFER OR

17 RELATE TO such agreement or contract.

18

19 BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

20     Defendant incorporates by reference each and every objection set forth

21 above in the General Objections.  Defendant objects to this request on the grounds

22 that the terms "doll," "doll accessory," "toy" and "proposed," are vague, ambiguous

23 and fail to describe with sufficient particularity the documents requested and/or call

24 for a legal conclusion.  Moreover, Defendant objects to this request to the extent it

25 calls for information not relevant to any claim or defense in this action.  Defendant

26 also objects to this request on the basis that it invades the privacy and/or

27 confidentiality of other individuals who are not parties to this action.  Defendant

28 further objects to this request to the extent it seeks confidential, proprietary or trade

EXHIBIT  11   PAGE  124

-1-

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1   secret information belonging to third parties that are not parties to this suit.  Finally,

2   Defendant objects to this request to the extent it potentially seeks documents

3   prepared in anticipation of litigation or that are protected by the attorney-client

4   privilege, joint defense privilege, common interest privilege and/or the attorney

5   work product doctrine.

6              Without waiving and subject to the foregoing objections, Defendant

7   responds as follows:  Subject to entry of the appropriate Protective Order, Defendant

8   will produce final agreements in his possession, custody and control, reached during

9   the time frame set forth in this request.

10

11  MATTEL'S REQUEST FOR PRODUCTION NO. 13:

12             All DOCUMENTS that REFER OR RELATE TO any agreement or

13  contract between YOU and MGA, including without limitation all drafts thereof and

14  all COMMUNICATIONS that REFER OR RELATE TO such agreement or

15  contract.

16

17  BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

18             Defendant incorporates by reference each and every objection set forth

19  above in the General Objections.  Defendant objects to this request on the grounds

20  that the terms "agreement," "contract," and "drafts thereof" are vague, ambiguous

21  and fail to identify with sufficient particularity the documents to be produced and/or

22  call for a legal conclusion.  Defendant further objects to this request on the grounds

23  that it is overbroad and unduly burdensome to the extent that it fails to specify any

24  applicable time period.  To the extent this request seeks documents before and/or

25  after Defendant left his employment with Mattel, it is overbroad, unduly

26  burdensome, irrelevant and not reasonably calculated to lead to the discovery of

27  admissible evidence.  Defendant also objects to this request insofar as it invades the

28  privacy and/or confidentiality of Defendant and other individuals who are not

07209/1992206.8

EXHIBIT 11   PAGE 125

-2-

1 │ parties to this action. Defendant further objects to this request to the extent it seeks

2 │ confidential, proprietary or trade secret information belonging to third parties that

3 │ are not parties to this suit. Finally, Defendant objects to this request to the extent it

4 │ potentially seeks documents prepared in anticipation of litigation or that are

5 │ protected by the attorney-client privilege, joint defense privilege, common interest

6 │ privilege and/or the attorney work product doctrine.

7 │    Without waiving and subject to the foregoing objections, Defendant

8 │ responds as follows: Subject to entry of the appropriate Protective Order, Defendant

9 │ will produce responsive non-privileged final executed agreements in his possession,

10 │ custody or control.

11 │

12 │ MATTEL'S REQUEST FOR PRODUCTION NO. 48:

13 │    All DOCUMENTS that REFER OR RELATE TO this action,

14 │ including without limitation all DOCUMENTS that REFER OR RELATE TO any

15 │ indemnification that YOU have sought, proposed, requested or obtained in

16 │ connection with the claims asserted in this action.

17 │

18 │ BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

19 │    Defendant incorporates by reference each and every objection set forth

20 │ above in the General Objections. Defendant objects to this request on the grounds

21 │ that the term "indemnification" is vague, ambiguous and fails to identify with

22 │ sufficient particularity the documents to be produced and/or calls for a legal

23 │ conclusion. Moreover, Defendant objects to this request to the extent it calls for

24 │ information not relevant to any claim or defense in this action and is not reasonably

25 │ calculated to lead to the discovery of admissible evidence. Defendant also objects to

26 │ this request to the extent it invades the privacy and/or confidentiality of other

27 │ individuals who are not parties to this action. Defendant further objects to this

28 │ request to the extent it seeks documents potentially prepared in anticipation of

-3-

EXHIBIT 11   PAGE 126

07209/1992206.8

1  litigation or that are protected by the attorney-client privilege, joint defense

2  privilege, common interest privilege and/or the attorney work product doctrine.

3

4  ### **Argument**

5        Bryant is withholding relevant documents relating to his agreements

6  with MGA.  When Mattel moved to compel the production of these documents in

7  2005, Bryant's only defense was that Mattel did not know when the initial complaint

8  was filed, whether Bratz was at stake in this case, and whether there was federal

9  jurisdiction.  Bryant promised that he would "reconsider" his objections "[o]nce

10  Mattel acknowledges that it seeks all of Bryant's earnings."[1]  Now, Bratz is

11  indisputably at stake, Mattel could potentially recover all of Bryant's Bratz-related

12  earnings (depending on the connection between those earnings and Bryant's

13  actionable conduct), and federal jurisdiction exists.  There is no justification for

14  Bryant's ongoing failure to produce the requested documents.

15

16  A.  **Bryant Has Not Produced Relevant Documents**

17        Bryant has produced an executed agreement between himself and MGA

18  dated as of September 18, 2000–when Bryant was employed by Mattel–that called

19  for Bryant to provide services to MGA on Bratz on a "top priority" basis.[2]

20  However, Bryant refused in his Responses to produce anything other than

21  "responsive non-privileged final executed agreements" between himself and MGA

22  and copies of any "final agreements" with third parties relating to dolls that were

23      [1]  Un-redacted Joint Stipulation Re Mattel's Motion to Compel Production of

24  Documents, dated January 4, 2005 ("Joint Stipulation"), at 19-20, Exhibit 1 to
     Declaration of Michael T. Zeller ("Zeller Dec."), filed concurrently herewith.

25      [2]  Bryant-MGA Agreement, Exhibit 3 to Declaration of B. Dylan Proctor

26  ("Proctor Dec."), filed concurrently with Mattel's Statement of the Case.

27

28  EXHIBIT ⊥⊥ PAGE 127

07209/1992206.8

-4-

"reached" while he was employed by Mattel.[3]  Other responsive documents, such as communications about Bryant's agreements with MGA, are clearly relevant as well. Further, Bryant has not even produced the limited documents he agreed to.

### 1.    Bryant's Responses Exclude Relevant Documents

Bryant is refusing to produce important categories of responsive documents.  These include:

- Any documents relating to his agreements with MGA other than final signed agreements, including communications exchanged by the parties during their negotiations, correspondence, draft agreements or notes. Counsel for Bryant has acknowledged the existence of such documents, including at least one draft of the MGA/Bratz agreement dated "as of" September 18, 2000 that was exchanged between MGA and Bryant, but will not produce them.[4]

- Any documents relating to doll-related agreements discussed or negotiated by Bryant and third parties while he was employed by Mattel (including even the agreements themselves), except any signed agreements that were "reached" while Bryant was employed by Mattel.[5]

- Any documents relating to Bryant's fee agreements with MGA, or other indemnity agreements relating to this action.[6]

These withheld, responsive documents are likely to lead to the discovery of admissible information for several reasons, as explained below.

---

[3]   Bryant's Responses to Mattel's Requests for Production Nos. 2, 13, Zeller Dec. Exh. 3.
[4]   Bryant's Responses to Mattel's Requests for Production Nos. 2, Zeller Dec. Exh. 3; see also Zeller Dec. ¶ 35, Exh. 36.
[5]   Bryant's Response to Mattel's Requests for Production Nos. 2, Zeller Dec. Exh. 3.
[6]   Bryant's Response to Mattel's Requests for Production Nos. 48, Zeller Dec. Exh. 3.

EXHIBIT  11   PAGE  128

-5-
SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1    **(a)   The excluded documents are relevant to Mattel's**

2    **claims and Bryant's credibility**

3           Bryant's agreements with MGA, and any agreements with third parties

4    relating to dolls that involve the time period while he was employed by Mattel, are

5    central to this litigation.  As the Court has observed, "the dating of the original

6    BRATZ drawings . . . is a fundamental, perhaps d[i]spositive, issue to this case."[7]

7    Moreover, such contracts are directly pertinent to liability.  The timing and content

8    of the agreements relating to Bratz bear directly on this subject.  These documents

9    could establish the timing, nature and scope of Bryant's work for MGA (or others),

10   and thus constitute direct evidence of Bryant's work for and aid to a Mattel

11   competitor.  Such documents are unquestionably relevant and discoverable.  See

12   Fed. R. Civ. P. 26(b)(1); Cable & Computer Technology, Inc. v. Lockheed

13   Saunders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997) ("Moreover, the 'information

14   is 'relevant' if it relates to the claim or defense of the party seeking discovery or any

15   other party").

16           The negotiations and communications surrounding the agreements are

17   also discoverable.  Their timing and content bear on when BRATZ was being

18   developed, and when Bryant and MGA were negotiating agreements will further

19   tend to show when Bryant was engaged in his disloyal activities.  Communications

20   might also identify the projects that Bryant worked on or contemplated working on

21   for MGA or others during his Mattel employment.  The evidence revealed to date

22   shows that Bryant worked with a number of third parties, including Anna Rhee,

23   Steven Linker and Veronica Marlow, on the Bratz project while Bryant was still

24   employed by Mattel.[8]  Communications relating to Bryant's agreements that reveal

---

25   [7]   Expert Witnesses Order at 11:8-10, Zeller Dec. Exh. 2.

26   [8]   See Deposition of Carter Bryant ("Bryant Deposition") at 223:13-20, Zeller

27   Dec. Exh. 7;  see also Deposition of Anna Rhee ("Rhee Deposition") at 130:15-

      (footnote continued)

28                                          EXHIBIT  11   PAGE  129

1  Bryant's work on Bratz and breaches of contract and fiduciary duty are obviously
2  discoverable because they bear on the claims in, and subject matter of, this action.
3  Fed. R. Civ. P. 26(b)(1).  Further, such documents may impeach the credibility of
4  Bryant's testimony about what work he performed for MGA and when he did so.
5  See Cable & Computer Technology, Inc., 175 F.R.D. at 650 (information is relevant
6  and discoverable if it relates to "the credibility of any witness.").

7         Moreover, responsive agreements and related communications are
8  discoverable regardless of when the agreements were "reached" or when the
9  communications were made.  Communications about Bryant's agreements with third
10  parties may contain factual admissions whether they were made before, during or
11  after Bryant's Mattel employment.  Post-employment agreements and related
12  documents may evidence Bryant's breaches of his continuing obligations under his
13  agreements with Mattel not to use Mattel's confidential and proprietary
14  information.[9]  Agreements that post-date Bryant's Mattel employment also may
15  show what Bryant did for MGA (or others) while employed by Mattel.  The
16  existence of any pre-employment agreements between Bryant and MGA goes to
17  credibility because Bryant denied having even heard of MGA prior to July 2000.[10]
18  All of this is discoverable.  Bryant's refusal to produce documents "before and/or
19  after Defendant left his employment with Mattel" is untenable.[11]

20         The requested fee or indemnity agreements between MGA and Bryant
21  are relevant to show Bryant's bias and lack of credibility.[12]  Mattel suspects MGA is

22  _____

23  134:18, Zeller Dec. Exh. 8; Deposition of Steven Linker ("Linker Deposition") at
   56:21-59:18, Zeller Dec. Exh. 9.
24  [9]   Mattel's Conflict of Interest Questionnaire, Zeller Dec. Exh. 10; Mattel's
   Proprietary Information Checkout, Proctor Dec. Exh. 4.
25  [10]   Bryant Deposition at 5:10-14, Zeller Dec. Exh. 7.
26  [11]   Bryant's Response to Mattel's Request for Production No. 13, Zeller Dec.
   Exh. 3.
27  [12]   Bryant's Response to Mattel's Request for Production No. 48, Zeller Dec.
28      (footnote continued)

EXHIBIT _11_ PAGE _130_

1  paying Bryant's legal fees in this case. The existence of a fee agreement between

2  Bryant and MGA would show that Bryant has an incentive to protect MGA. The

3  fact that MGA is paying Bryant's fees could influence Bryant's testimony by

4  inducing him to testify in a way that will avoid increasing MGA's potential

5  exposure. That potential impact on Bryant's testimony constitutes bias. Bias

6  evidence is admissible to impeach a witness. See United States v. Abel, 469 U.S.

7  45, 50-51 (1984); see Wright & Miller, Federal Practice & Procedure: Federal Rules

8  of Evidence § 6095 (bias is a "particularly favored basis for attacking credibility,"

9  and "circumstantial evidence of bias" may include evidence of the "payment of

10  bribes or fees"). Because evidence tending to show bias or lack of credibility is

11  admissible, it also is discoverable. Cable & Computer Technology, Inc., 175 F.R.D.

12  at 650 (information is discoverable if it relates to "the credibility of any witness").

13                    (b)      **The excluded documents are relevant to damages**

14          The withheld documents are also relevant to damages discovery.

15  Regardless of date, Bryant's contracts and related communications with MGA may

16  show the benefits, including monetary payments, Bryant received as a consequence

17  of his unlawful actions. Mattel is entitled to discover (and recover) those benefits.

18          Under well-settled law, an employee may not compete with his

19  employer or assist others in doing so. Fowler v. Varian Associates, Inc., 196 Cal.

20  App. 3d 34, 41 (1987); Restatement (Second) of Agency §§ 393, 429 cmt. a; 2

21  Witkin, Summary of California Law § 43 (9th ed.); Cal. Labor Code § 2863 ("An

22  employee who has any business to transact on his own account, similar to that

23  entrusted to him by his employer, shall always give the preference to the business of

24  the employer"); see also Eckard Brandes, Inc. v. Riley, 338 F.3d 1082, 1085-86 (9th

25  Cir. 2002) (following Restatement approach in interpreting Hawaii law). Remedies

26  for an employee's breach of this duty and for unjust enrichment include

27  _____

    Exh. 3.                                        EXHIBIT __II__ PAGE __131__

28

1  disgorgement of the benefits received by the employee as a consequence:  "If an

2  agent receives anything as a result of his violation of a duty of loyalty to the

3  principal, he is subject to a liability to deliver it, its value, or its proceeds, to the

4  principal." Restatement (Second) of Agency § 403; see also Eckard Brandes, 338

5  F.3d at 1086-88.  Similarly, where a contract is breached, as here, remedies may

6  include the employee's disgorgement of benefits received as a result of the breach.

7  E.g., Pacific Aerospace & Electronics, Inc. v. Taylor, 295 F.Supp.2d 1205, 1220

8  (E.D. Wash. 2003) (ordering, as remedy for defendants' breach of contract and

9  common law duties, a constructive trust upon profits realized by defendants as a

10  result).

11          Without knowing what payments and other benefits Bryant received

12  from MGA and what his agreements with MGA say, Mattel cannot explore the

13  existence of a causal connection between those benefits and Bryant's disloyalty and

14  other breaches of his obligations to Mattel.  Mattel is entitled to explore that

15  connection.  Agreements "reached" after Bryant left Mattel could reveal the benefits

16  he received "as a result of" his violations of duties to Mattel.  In fact, one agreement

17  Bryant "reached" with MGA in 2004 relates directly to work he performed for MGA

18  during his Mattel employment.[13]  Bryant's formalistic suggestion that the relevance

19  of a given agreement turns on when it was "reached" makes no sense.

20          **2.    Bryant has not produced all documents he promised**

21          Putting aside his improper formal restrictions, Bryant has not even

22  produced the few agreements he said he would.  In particular, Mattel knows that

23  Bryant entered into an agreement with MGA in 2004 called "Modification and

24  Clarification of the 2000 Agreement," which related to his work on Bratz in 2000,

25  _____
26  [13]    Zeller Dec. Exh. 22.

27  EXHIBIT  II  PAGE  132

28

J7209/1992206.8

1  because that agreement (which was apparently "final" and "executed") was

2  produced by MGA.[14]  Nonetheless, Bryant never produced that agreement.

3

4    **B.    Bryant's objections lack merit**

5        Under the <u>Federal Rules</u>, Bryant is "required to carry a heavy burden of

6  showing why discovery" is improper.  <u>Blankenship v. Hearst Corp.</u>, 519 F.2d 418,

7  429 (9th Cir. 1975); <u>see</u> <u>United States v. Plache</u>, 913 F.2d 1375, 1379 (9th Cir.

8  1990) (party opposing discovery bears the burden of proving that any claimed

9  privileges apply); <u>Cable & Computer Technology, Inc.</u>, 175 F.R.D. at 650 ("The

10  party who resists discovery has the burden to show that discovery should not be

11  allowed, and has the burden of clarifying, explaining, and supporting its

12  objections.").  He has not even begun to meet that burden.

13    **1.    Privilege Does Not Preclude Mattel's Discovery**

14        Although Bryant asserts privilege, his contracts with MGA obviously

15  cannot be privileged.  Nor can Bryant shield his non-privileged communications

16  regarding his contracts, including communications between MGA and/or its

17  attorneys, on the one hand, and Bryant and/or his attorneys, on the other hand.

18  Contracts and contract-related discussions, negotiations and communications

19  between parties (whether exchanged directly or through counsel) are not protected

20  by the attorney-client privilege.  <u>E.g.</u>, <u>Potter v. United States</u>, 2002 WL 31409613,

21  at *6 (S.D. Cal. July 26, 2002); <u>Southern Union Co. v. Southwest Gas Corp.</u>, 205

22  F.R.D. 542, 548 (D. Ariz. 2002); <u>Winchester Capital Management Co., Inc. v.</u>

23  <u>Manufacturers Hanover Trust Co.</u>, 144 F.R.D. 170, 174 (D. Mass. 1992);

24  <u>Manufacturing Systems, Inc. of Milwaukee v. Computer Technology, Inc.</u>, 99

25  F.R.D. 335, 337 (E.D. Wis. 1983).  That is because privilege does not attach to a

26  communication or document disclosed to a third party.  <u>See</u> <u>Clady v. County of Los</u>

27  ─────────────
    [14]  <u>Id.</u>

28                                      EXHIBIT ___11___ PAGE _133_

07209/1992206.8

1  Angeles, 770 F.2d 1421, 1433 (9th Cir. 1985); Griffith v. Davis, 161 F.R.D. 687,

2  698 (C.D. Cal. 1995).

3          Like the other agreements between Bryant and MGA, fee or indemnity

4  agreements between MGA and Bryant are not privileged either. "As a general rule,

5  client identity and the nature of the fee arrangement between attorney and client are

6  not protected from disclosure by the attorney-client privilege." United States v.

7  Blackman, 72 F.3d 1418, 1424 (9th Cir. 1995); Clarke v. American Commerce Natl.

8  Bank, 974 F.2d 127, 129 (9th Cir. 1992) ("Our decisions have recognized that the

9  identity of the client, the amount of the fee, the identification of payment by case

10  file name, and the general purpose of the work performed are usually not protected

11  from disclosure by the attorney-client privilege."); In re Grand Jury Subpoenas, 803

12  F.2d 493, 499 (9th Cir. 1986) (reversing order quashing a subpoena and requiring

13  attorneys to identify third parties paying their fees). Only where disclosure of client

14  identity "would convey information tantamount to a confidential communication" is

15  such information even arguably privileged. Blackman, 72 F.3d at 1425. Bryant

16  cannot make such a showing here.

17          **2.    Bryant's Other Objections Are Unavailing**

18          Bryant also seeks to avoid producing responsive documents by

19  invoking the alleged rights of "privacy and/or confidentiality of other individuals

20  who are not parties to this action" and by asserting that the requests seek

21  "confidential, proprietary or trade secret information belonging to third parties that

22  are not parties to this suit." However, Bryant failed to identify any third party in his

23  responses or during the meet and confer process. The only known "third party" at

24  issue is MGA, and MGA is now a party to the consolidated litigation and is a party

25  to the Protective Order. Accordingly, there is no factual basis for Bryant's

26  confidentiality concerns. The terms of the Protective Order ensure that produced

27

28                                    EXHIBIT  11    PAGE  134

1  documents remain confidential and limit their use to litigation purposes.[15]  This

2  protection fully and adequately addresses Bryant's purported confidentiality and

3  privacy concerns.  See, e.g., In re Heritage Bond Litigation, 2004 WL 1970058 at

4  *5, n.12 (C.D. Cal. 2004) ("Any privacy concerns . . . defendants have in their bank

5  records and related financial statements are adequately protected by the protective

6  order, and are not sufficient to prevent production in this matter"); A. Farber and

7  Partners, Inc. v. Garber, 234 F.R.D. 186, 191-92 (C.D. Cal. 2006) ("plaintiff's need

8  for defendant Garber's financial documents outweighs defendant Garber's claim of

9  privacy, especially when the 'impact' of the disclosure of the information can be

10  protected by a 'carefully drafted' protective order"); Yund v. Covington Foods, Inc.,

11  193 F.R.D. 582, 584 (S.D. Ind. 2000); Gohler v. Wood, 162 F.R.D. 691, 697 (D.

12  Utah 1995) ("Because the protective order limits disclosure of confidential material

13  to those who are necessarily involved in the case, and these parties may use this

14  information only for purposes of litigating this case, excluding any business

15  purpose, the court concludes Deloitte's confidentiality concerns have been addressed

16  adequately.").

17          Bryant's objections that the requests are "unduly burdensome" fare no

18  better.  Bryant is an individual with a discrete number of documents--the fact that he

19  has produced less than 1,600 pages to date, while Mattel has produced more than

20  17,000 and will soon be producing thousands more, is telling.[16]  Bryant has never

21  explained what the burden of production would entail or why it ostensibly would be

22  "undue"--he has never even claimed, let alone shown, that responsive agreements

23  and communications are too voluminous for him to produce.  Bryant cannot show

24  that the burden of production on him outweighs the likely benefit of the discovery.

25  See Fed. R. Civ. P. 26(b)(2); Coleman v. American Red Cross, 23 F.3d 1091, 1098

26

27  ――――――――――
    [15]  Stipulated Protective Order at 8:10-14, Zeller Dec. Exh. 11.
    [16]  Zeller Dec. ¶ 15.

28

EXHIBIT  11  PAGE 135

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1  (6th Cir. 1994) (discovery request was unduly burdensome only because the

2  responding party would have to search every file at its headquarters to locate the

3  requested documents).[17]

4

5  **II.    THE COURT SHOULD COMPEL BRYANT TO PRODUCE**

6  **DOCUMENTS RELATING TO THE BRATZ PROJECT AND OTHER**

7  **PROJECTS THAT HE WORKED ON FOR MGA**

8

9  MATTEL'S REQUEST FOR PRODUCTION NO. 11:

10            All DOCUMENTS that REFER OR RELATE TO work or services,

11  including without limitation any freelance work or consulting services, that YOU

12  performed for or on behalf of MGA prior to October 21, 2000.

13

14  BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

15            Defendant incorporates by reference each and every objection set forth

16  above in the General Objections. Defendant objects to this request on the ground

17  that the terms "work," "services," "freelance work," and "consulting services" are

18  vague, ambiguous and fail to identify with sufficient particularity the documents to

19  be produced. Moreover, Defendant objects to this request to the extent it calls for

20  information not relevant to any claim or defense in this action. To the extent this

21  request seeks documents that predate Defendant's employment with Mattel, it is

22  overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to

23  the discovery of admissible evidence. Defendant also objects to this request insofar

24  as it invades the privacy and/or confidentiality of other individuals who are not

25  _____

26  [17]   During discussions prior to the filing of the Joint Stipulation, Bryant
acknowledged that he was not withholding any documents based on his vagueness

27  and ambiguity objections to the wording of Mattel's requests. Zeller Dec. Exh. 36.

28                                    EXHIBIT  11  PAGE 136

07209/1992206.8

1   parties to this action.  Defendant further objects to this request to the extent it seeks

2   confidential, proprietary or trade secret information belonging to third parties that

3   are not parties to this suit.  Finally, Defendant objects to this request to the extent it

4   seeks documents potentially prepared in anticipation of litigation or that are

5   protected by the attorney-client privilege, joint defense privilege, common interest

6   privilege and/or the attorney work product doctrine.

7           Without waiving and subject to the foregoing objections, Defendant

8   responds as follows: Subject to entry of the appropriate Protective Order, Defendant

9   will produce responsive non-privileged documents in his possession, custody and

10  control for the time periods he was employed by Mattel.

11

12  MATTEL'S REQUEST FOR PRODUCTION NO. 12:

13          All DOCUMENTS that REFER OR RELATE TO work or services,

14  including without limitation any freelance work or consulting services, that YOU

15  performed for or on behalf of MGA after October 20, 2000.

16

17  BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

18          Defendant incorporates by reference each and every objection set forth

19  above in the General Objections.  Defendant objects to this request on the ground

20  that the terms "work," "services," "freelance work," and "consulting services" are

21  vague, ambiguous and fail to identify with sufficient particularity the documents to

22  be produced.  Moreover, Defendant objects to this request to the extent it calls for

23  information not relevant to any claim or defense in this action.  To the extent this

24  request seeks documents relating to the time after Defendant left his employment

25  with Mattel, it is overbroad, unduly burdensome and not reasonably calculated to

26  lead to the discovery of admissible evidence.  Defendant also objects to this request

27  to the extent that it invades the privacy and/or confidentiality of other individuals

28  who are not parties to this action.  Defendant further objects to this request to the

1  extent it seeks confidential, proprietary or trade secret information belonging to third

2  parties that are not parties to this suit.  Finally, Defendant objects to this request to

3  the extent it seeks documents potentially prepared in anticipation of litigation or that

4  are protected by the attorney-client privilege, joint defense privilege, common

5  interest privilege and/or the attorney work product doctrine.

6          Without waiving and subject to the foregoing objections, Defendant

7  responds as follows: Defendant will produce non-privileged documents in his

8  possession, custody or control related to the first generation of Bratz designs created

9  by Defendant, resulting in dolls released by MGA in or about June 2001 (hereinafter

10  referred to as "FIRST GENERATION BRATZ DESIGNS").

11

12  MATTEL'S REQUEST FOR PRODUCTION NO. 19:

13          All DOCUMENTS that REFER OR RELATE TO DESIGNS that

14  YOU created, authored, produced, conceived of or reduced to practice after October

15  20, 2000 as purported "works-made-for-hire" (whether in whole or in part) for or on

16  behalf of MGA.

17

18  BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

19          Defendant incorporates by reference each and every objection set forth

20  above in the General Objections.  Defendant objects to this request on the grounds

21  that the terms "conceived," "reduced to practice" and "works-made-for-hire" are

22  vague, ambiguous and fail to specify with sufficient particularity the documents to

23  be produced and/or call for a legal conclusion.  Defendant further objects to this

24  request on the grounds that it is overbroad and unduly burdensome to the extent that

25  it seeks documents after Defendant ended his employment with Mattel, and on that

26  basis seeks documents not relevant to this action and not reasonably calculated to

27  lead to the discovery of admissible evidence.  Defendant also objects to this request

28  insofar as it invades the privacy and/or confidentiality of other individuals who are

EXHIBIT 11 PAGE 138

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

07209/1992206.8

1    not parties to this action.  Defendant further objects to this request to the extent it

2    seeks confidential, proprietary or trade secret information belonging to third parties

3    that are not parties to this suit.  Finally, Defendant objects to this request to the

4    extent it seeks documents prepared in anticipation of litigation or that are protected

5    by the attorney-client privilege, joint defense privilege, common interest privilege

6    and/or the attorney work product doctrine.

7            Without waiving and subject to the foregoing objections, Defendant

8    responds as follows: Defendant will produce non-privileged documents in his

9    possession, custody or control related to the FIRST GENERATION BRATZ

10   DESIGNS.

11

12   MATTEL'S REQUEST FOR PRODUCTION NO. 37:

13           All DOCUMENTS that REFER OR RELATE TO BRATZ, including

14   without limitation all DOCUMENTS that REFER OR RELATE TO the conception,

15   creation, design, development, engineering or sculpting of BRATZ.

16

17   BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

18           Defendant incorporates by reference each and every objection set forth

19   above in the General Objections.  To the extent this request seeks documents before

20   or after Defendant was employment by Mattel, Defendant objects to this request on

21   the grounds that is overbroad, unduly burdensome and seeks documents not

22   reasonably calculated to lead to the discovery of admissible evidence.  Moreover,

23   Defendant objects to this request to the extent it calls for information not relevant to

24   any claim or defense in this action.  Defendant objects to this request to the extent

25   that it potentially invades the privacy and/or confidentiality of other individuals who

26   are not parties to this action.  Defendant further objects to this request to the extent it

27   seeks confidential, proprietary or trade secret information belonging to third parties

28   that are not parties to this suit.  Finally, Defendant objects to this request to the

-16-

EXHIBIT  11    PAGE  139

1  extent it seeks documents prepared in anticipation of litigation or that are protected

2  by the attorney-client privilege, joint defense privilege, common interest privilege

3  and/or the attorney work product doctrine.

4

5  <u>MATTEL'S REQUEST FOR PRODUCTION NO. 40:</u>

6          All DOCUMENTS that REFER OR RELATE TO work, activities or

7  services that YOU performed concerning BRATZ after October 20, 2000.

8

9  <u>BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 40:</u>

10          Defendant incorporates by reference each and every objection set forth

11  above in the General Objections.  Defendant objects to this request on the grounds

12  the terms "work," "activities," and "services" are vague, ambiguous and fail to

13  describe with sufficient clarity the documents to be produced.  Defendant further

14  objects to this request on the grounds that it is overbroad and unduly burdensome to

15  the extent that it seeks documents after the date Defendant left his employment with

16  Mattel, and on that basis seeks information not relevant to this action and not

17  reasonably calculated to lead to the discovery of admissible evidence.  Defendant

18  also objects to this request insofar as it potentially invades the privacy and/or

19  confidentiality of other individuals who are not parties to this action.  Defendant

20  further objects to this request to the extent it seeks confidential, proprietary or trade

21  secret information belonging to third parties that are not parties to this suit.  Finally,

22  Defendant objects to this request to the extent it seeks documents prepared in

23  anticipation of litigation or that are protected by the attorney-client privilege, joint

24  defense privilege, common interest privilege and/or the attorney work product

25  doctrine.

26

27

28

EXHIBIT   II   PAGE   140

-17-

MATTEL'S REQUEST FOR PRODUCTION NO. 41:

All DOCUMENTS that REFER OR RELATE TO YOUR participation in the conception, creation, design, development, sculpting, tooling, production or manufacture of BRATZ.

BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

Defendant incorporates by reference each and every objection set forth above in the General Objections.  Defendant objects to this request on the grounds that is overbroad, unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents before Defendant worked for Mattel or after Defendant ended his employment with Mattel.  Moreover, Defendant objects to this request to the extent it calls for information not relevant to any claim or defense in this action.  Defendant also objects to this request to the extent that it potentially invades the privacy and/or confidentiality of other individuals who are not parties to this action.  Defendant further objects to this request to the extent it seeks confidential, proprietary or trade secret information belonging to third parties that are not parties to this suit.  Finally, Defendant objects to this request to the extent it seeks documents prepared in anticipation of litigation or that are protected by the attorney-client privilege, joint defense privilege, common interest privilege and/or the attorney work product doctrine.

Without waiving and subject to the foregoing objections, Defendant responds as follows:  Subject to entry of the appropriate Protective Order, Defendant will produce responsive non-privileged documents in his possession, custody or control relating to the FIRST GENERATION BRATZ DESIGNS.

EXHIBIT  11  PAGE  141

1  MATTEL'S REQUEST FOR PRODUCTION NO. 42:

2         All DOCUMENTS that REFER OR RELATE TO DESIGNS for

3  BRATZ.

4

5  BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

6         Defendant incorporates by reference each and every objection set forth

7  above in the General Objections. Defendant objects to this request on the grounds

8  that it is overbroad as to time and scope and on that basis is unintelligible.

9  Moreover, this request is unduly burdensome in that there could be millions of pages

10 of documents on the general topic of "DESIGNS for BRATZ" or "BRATZ."

11 Moreover, Defendant objects to this request to the extent it calls for information not

12 relevant to any claim or defense in this action. Defendant also objects to this request

13 to the extent that it potentially invades the privacy and/or confidentiality of other

14 individuals who are not parties to this action. Defendant further objects to this

15 request to the extent it seeks confidential, proprietary or trade secret information

16 belonging to third parties that are not parties to this suit. Finally, Defendant objects

17 to this request to the extent it seeks documents prepared in anticipation of litigation

18 or that are protected by the attorney-client privilege, joint defense privilege,

19 common interest privilege and/or the attorney work product doctrine.

20         Without waiving and subject to the foregoing objections, Defendant

21 responds as follows: Subject to entry of the appropriate Protective Order, Defendant

22 will produce responsive non-privileged documents in his possession, custody or

23 control relating to the FIRST GENERATION BRATZ DESIGNS.

24

25 MATTEL'S REQUEST FOR PRODUCTION NO. 43:

26         All DOCUMENTS that REFER OR RELATE TO DESIGNS for

27 BRATZ that YOU produced, created, authored, conceived of or reduced to practice,

28                              EXHIBIT  II  PAGE  142

)7209/1992206.8
                                    -19-

1  whether alone or jointly with others, during the time period(s) that YOU were

2  employed by Mattel, Inc.

3

4  <u>BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 43:</u>

5        Defendant incorporates by reference each and every objection set forth

6  above in the General Objections.  Defendant objects to this request on the grounds

7  that the phrases "conceived," "reduced to practice" and "jointly with others" are

8  vague, ambiguous and fail to describe with sufficient particularity the documents

9  requested and/or call for a legal conclusion.  Defendant also objects to this request

10  insofar as it potentially invades the privacy and/or confidentiality of other

11  individuals who are not parties to this action.  Defendant further objects to this

12  request to the extent it seeks confidential, proprietary or trade secret information

13  belonging to third parties that are not parties to this suit.  Moreover, Defendant

14  objects to this request on the basis that it seeks information not relevant to this

15  action and not reasonably calculated to lead to the discovery of admissible evidence.

16  Finally, Defendant objects to this request to the extent it seeks documents prepared

17  in anticipation of litigation or that are protected by the attorney-client privilege, joint

18  defense privilege, common interest privilege and/or the attorney work product

19  doctrine.

20

21  <u>MATTEL'S REQUEST FOR PRODUCTION NO. 53:</u>

22        All prototypes, models, samples and tangible items that REFER OR

23  RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced,

24  created, authored, conceived of or reduced to practice, whether alone or jointly with

25  others, prior to October 21, 2000.

26

27

28                           EXHIBIT  11  PAGE  143

-20-

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1 | BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

2 |         Defendant incorporates by reference each and every objection set forth

3 | above in the General Objections.  Defendant objects to this request on the grounds

4 | that the terms "prototypes," "models," "samples," "tangible items," "dolls," "doll

5 | accessories," "toys," "conceived," "reduced to practice" and "jointly with others" are

6 | vague, ambiguous and fail to describe with sufficient particularity the documents to

7 | be produced and/or call for a legal conclusion.  Defendant further objects to this

8 | request on the grounds that it is overbroad and unduly burdensome to the extent that

9 | it calls for documents predating Defendant's employment with Mattel, and on that

10 | basis seeks information not relevant to this action and not reasonably calculated to

11 | lead to the discovery of admissible evidence.  Defendant objects to this request to

12 | the extent it potentially invades the privacy and/or confidentiality of other

13 | individuals who are not parties to this action.  Defendant also objects to this request

14 | to the extent it seeks confidential, proprietary or trade secret information belonging

15 | to third parties that are not parties to this suit.  Finally, Defendant objects to this

16 | request to the extent it seeks documents potentially prepared in anticipation of

17 | litigation or that are protected by the attorney-client privilege, joint defense

18 | privilege, common interest privilege and/or the attorney work product doctrine.

19 |

20 | MATTEL'S REQUEST FOR PRODUCTION NO. 54:

21 |         All prototypes, models, samples and tangible items that REFER OR

22 | RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced,

23 | created, authored, conceived of or reduced to practice, whether alone or jointly with

24 | others, after October 20, 2000.

25 |

26 | BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

27 |         Defendant incorporates by reference each and every objection set forth

28 | above in the General Objections.  Defendant objects to this request on the grounds

EXHIBIT  11  PAGE 144

1  that the terms "prototypes," "models," "samples," "tangible items," "dolls," "doll

2  accessories," "toys," "conceived," "reduced to practice" and "jointly with others" are

3  vague, ambiguous and fail to describe with sufficient particularity the documents to

4  be produced and/or call for a legal conclusion.  Defendant further objects to this

5  request on the grounds that it is overbroad and unduly burdensome to the extent that

6  it calls for documents after Defendant left his employment with Mattel, and on that

7  basis seeks information not relevant to this action and not reasonably calculated to

8  lead to the discovery of admissible evidence.  Defendant objects to this request to

9  the extent it potentially invades the privacy and/or confidentiality of other

10  individuals who are not parties to this action.  Defendant also objects to this request

11  to the extent it seeks confidential, proprietary or trade secret information belonging

12  to third parties that are not parties to this suit.  Finally, Defendant objects to this

13  request to the extent it seeks documents potentially prepared in anticipation of

14  litigation or that are protected by the attorney-client privilege, joint defense

15  privilege, common interest privilege and/or the attorney work product doctrine.

16         Without waiving and subject to the foregoing objections, Defendant

17  responds as follows:  Subject to entry of the appropriate Protective Order, Defendant

18  will produce responsive non-privileged documents in his possession, custody or

19  control regarding the FIRST GENERATION BRATZ DESIGNS.

20

21  MATTEL'S REQUEST FOR PRODUCTION NO. 55:

22         All prototypes, models, samples and tangible items that REFER OR

23  RELATE TO BRATZ.

24

25  BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

26         Defendant incorporates by reference each and every objection set forth

27  above in the General Objections.  Defendant objects to this request on the grounds

28  that the terms "prototypes," "models," "samples," and "tangible items," are vague,

EXHIBIT  II  PAGE  145

-22-

07209/1992206.8

1 ambiguous and fail to describe with sufficient particularity the items to be produced.

2 Defendant further objects to this request on the grounds that it is overbroad and

3 unduly burdensome to the extent that it calls for documents before Defendant

4 worked for Mattel and after Defendant left his employment with Mattel, and on that

5 basis seeks information not relevant to this action and not reasonably calculated to

6 lead to the discovery of admissible evidence.  Defendant also objects to this request

7 to the extent it potentially invades the privacy and/or confidentiality of other

8 individuals who are not parties to this action.  Defendant also objects to this request

9 to the extent it seeks confidential, proprietary or trade secret information belonging

10 to third parties that are not parties to this suit.  Finally, Defendant objects to this

11 request to the extent it seeks documents potentially prepared in anticipation of

12 litigation or that are protected by the attorney-client privilege, joint defense

13 privilege, common interest privilege and/or the attorney work product doctrine.

14          Without waiving and subject to the foregoing objections, Defendant

15 responds as follows:  Subject to entry of the appropriate Protective Order, Defendant

16 will produce responsive non-privileged documents in his possession, custody or

17 control regarding the FIRST GENERATION BRATZ DESIGNS.

18

19                          **Argument**

20 A.    **Bryant Is Withholding Entire Categories Of Relevant Documents**

21        **Without Justification**

22          Bryant's production and his Responses to these Requests are riddled

23 with serious problems.  Most notably, Bryant refuses to produce important

24 categories of responsive documents.  These include:

25    •    Documents relating to the conception or creation of Bratz dolls.[18]

26

27 _____
   [18]   Bryant's Response to Mattel's Request for Production No. 37, Zeller Dec.
   Exh. 3.

28                          EXHIBIT  11   PAGE  146

1    •     Documents showing Bratz designs created by Bryant while he was

2           employed by Mattel.[19]

3    •     Doll prototypes created by Bryant prior to the close of his Mattel

4           employment.[20]

5           Bryant's refusal to produce these documents is indefensible.  They

6    clearly are discoverable.

7           Bryant's primary argument to justify his refusal to produce these

8    documents is wrong on its face.  According to Bryant, "Mattel's professed theory of

9    this case is that Bryant breached his employee agreements with Mattel by allegedly

10   working for Mattel and MGA at the same time for approximately one month."[21]

11   Therefore, Bryant concludes, "Mattel is clearly only entitled to documents related to

12   the brief period of alleged overlap, during which Mattel contends Bryant was

13   serving two masters."[22]

14          That misstates Mattel's "theory of the case."  Mattel seeks to establish

15   its ownership of *all* works created by Bryant while he was employed by Mattel and

16   their derivatives.[23]  Bryant's discovery restrictions are unjustifiable in light of the

17   real issues in the case.

18   **B.    Bryant's "First Generation Bratz" Restriction Is Improper**

19          In response to many requests, Bryant refuses to produce any documents

20   showing work he has done for MGA except those documents that, in Bryant's view,

21   relate to Bratz dolls released by MGA in June 2001.[24]  Bryant's arbitrary limitation

---

22      [19]   Bryant's Response to Mattel's Request for Production No. 43, Zeller Dec.

23   Exh. 3.

24      [20]   Bryant's Response to Mattel's Request for Production No. 53, Zeller Dec.
     Exh. 3.

25      [21]   Joint Stip. at 35:2-4, Zeller Dec. Exh. 1.

26      [22]   Id. at 37:7-9.

27      [23]   Mattel's Complaint at, e.g., ¶ 41, Proctor Dec. Exh. 5.

28      [24]   Bryant's Responses to Mattel's Request for Production No. 12, 19, 42, 54 &
     (footnote continued)

EXHIBIT 11 PAGE 147

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

07209/1992206.8

1  of his production to the so-called "First Generation Bratz Designs" should be
2  overruled for a number of reasons.

3      First, whether the work Bryant did for MGA ultimately "result[ed] in"
4  Bratz dolls that were "released" at a particular time does not matter for discovery
5  purposes. The works created by Bryant during his Mattel employment are highly
6  relevant because Mattel *owns* them, regardless of whether they resulted in a Bratz
7  doll released at a particular time. Bryant's "First Generation Bratz Design"
8  restriction thus excludes relevant, discoverable information on its face. For
9  example, Bryant's designs for the Bratz "boy" dolls bear a 1999 notarization date
10 made during the term of his Mattel employment,[25] and Bryant testified at deposition
11 that he worked for MGA on a project known as "Angel" while he was employed by
12 Mattel and was paid for his work on that project.[26] Bryant's refusal to produce
13 information about those projects because they did not yield dolls released by MGA
14 in June 2001 is unjustifiable.[27]

15     Second, Bryant is withholding documents about designs he did on
16 Bratz dolls that ostensibly were "released" after June 2001 even though such designs
17 may be derivative of work he did when employed by Mattel. Mattel is entitled to
18 explore whether such works and the profits from Bratz dolls *other than* the "first
19 line" of dolls were derived from works owned by Mattel. As discussed in Section I,
20 the remedies for an employee's breach of fiduciary duty include disgorgement of all
21 benefits received "as a result of his violation of a duty." Restatement (Second) of
22 Agency § 403.

23     Third, Bryant's decision to withhold documents relating to products,
24 services and matters other than those relating to "dolls" is inappropriate. An e-mail

25 _____
  55, Zeller Dec. Exh. 3.
26   [25]  Zeller Dec. Exhs. 24-25.
27   [26]  Bryant Deposition at 178:3-18, 195:21-196:21, Zeller Dec. Exh. 7.

28                 EXHIBIT ⅠⅠ PAGE 148

07209/1992206.8

-25-
SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1   (produced by MGA, not Bryant) indicates that Bryant conceived of marketing and

2   advertising ideas for the Bratz line while he was employed by Mattel.[28]  Under the

3   Inventions Agreement, such ideas or contributions may belong to Mattel.  Mattel

4   cannot determine whether that is in fact the case until it learns what Bryant

5   contributed to the Bratz line while a Mattel employee.  All such information

6   therefore discoverable, but is excluded by the "First Generation Bratz Design"

7   restriction.

8         Fourth, Bryant has continuing duties to Mattel not to use Mattel's

9   confidential and proprietary information.[29]  Those obligations did not end either

10   when Bryant left Mattel's employment or in June 2001 when the first line of dolls

11   were "released."  Yet, under Bryant's restriction, he is free to withhold designs and

12   other documents that may evidence his use of Mattel's confidential information so

13   long as they did not result in a doll end-product by June 2001.  That too is improper.

14         Last, subsequent lines of Bratz dolls other than the first line released by

15   MGA indisputably have been put at issue by MGA through its filing of its unfair

16   competition case, with which Mattel's case against Bryant has been consolidated.  In

17   that complaint, MGA accuses Mattel of imitating allegedly unique characteristics of

18   the entire Bratz "line"–not just the first released dolls–including things like the dolls'

19   "disproportionately large head[s]" and "large dramatic eyes."[30]  Bratz drawings

20   Bryant created after he left Mattel are relevant to the claims and defenses at issue in

21   MGA's case.

22

23

24

25

---

[27]   Zeller Dec. ¶ 41.
[28]   Zeller Dec. Exh. 20.
[29]   Inventions Agreement & Proprietary Information Checkout, Proctor Dec. Exh. 1.
[30]   MGA Complaint at ¶¶ 102-104, Proctor Dec. Exh. 20.

26

27                 EXHIBIT ___11___ PAGE __149__

28

-26-

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1        The short of it is, ***all of*** the information about Bratz in Bryant's

2  possession is relevant, not just the narrow category of information relating to the

3  first line of Bratz dolls.

4       C.    **Bryant's Pre-Employment and Post-Employment Limitations Are**

5             **Also Improper**

6       In response to some requests, Bryant refuses to produce documents

7  showing:

8       •    the work he has done on Bratz since the close of his Mattel

9             employment,[31] and

10      •    any work he did for MGA prior to his Mattel employment.[32]

11  These restrictions are unjustified as well.  Documents pertaining to MGA that

12  predate Bryant's Mattel employment periods are directly relevant to this case.

13  Bryant claimed at deposition that he had no contact with MGA until approximately

14  August 2000.[33]  Any documents showing work he performed for MGA before then

15  rebut that assertion and are discoverable both for impeachment purposes and

16  because they bear on the timing of Bryant's misconduct.  See <u>Cable & Computer</u>

17  <u>Technology, Inc.</u>, 175 F.R.D. at 650.  Moreover, post-employment documents are

18  discoverable as well, including because they bear on what Bryant did for MGA

19  while employed by Mattel.

---

20  [31]  Bryant's Response to Mattel's Request for Production No. 40, Zeller Dec.

21  Exh. 3.

22  [32]  Bryant's Response to Mattel's Request for Production No. 11, Zeller Dec.

     Exh. 3.

23  [33]  Bryant Deposition at 5:10-14, 9:3-4, Zeller Dec. Exh. 7.

24

25

26

27

28

EXHIBIT 11 PAGE 150

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

**III.   THE COURT SHOULD COMPEL BRYANT TO PRODUCE DOCUMENTS RELATING TO HIS PAYMENTS FROM MGA**

MATTEL'S REQUEST FOR PRODUCTION NO. 29:

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by any PERSON other than Mattel, Inc., including without limitation by MGA, for work, activities or services that YOU performed during the time period(s) that YOU were employed by Mattel, Inc.

BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Defendant incorporates by reference each and every objection set forth above in the General Objections. Defendant objects to this request on the ground that the terms "consideration," "other than Mattel, Inc.," "work," "activities," and "services" are vague, ambiguous and fail to identify with sufficient particularity the documents to be produced and/or call for a legal conclusion. Moreover, Defendant objects to this request to the extent it calls for information not relevant to any claim or defense in this action. Defendant also objects to this request to the extent that it potentially invades the privacy and/or confidentiality of other individuals who are not parties to this action. Defendant further objects to this request to the extent it seeks confidential, proprietary or trade secret information belonging to third parties that are not parties to this suit. Moreover, Defendant objects to this request on privilege and privacy grounds to the production of any tax returns or related documents. Finally, Defendant objects to this request to the extent it seeks documents prepared in anticipation of litigation or that are protected by the attorney-client privilege, joint defense privilege, common interest privilege and/or the attorney work product doctrine.

EXHIBIT   11   PAGE 151

07209/1992206.8

1    Without waiving and subject to the foregoing objections, Defendant

2    responds as follows: Subject to entry of the appropriate Protective Order, Defendant

3    will produce responsive non-privileged documents in his possession, custody or

4    control for the time periods he was employed by Mattel.

5

6    MATTEL'S REQUEST FOR PRODUCTION NO. 30:

7    All DOCUMENTS that REFER OR RELATE TO any payment of

8    money or consideration made to YOU or for YOUR benefit by any PERSON other

9    than Mattel, Inc., including without limitation by MGA, for DESIGNS that YOU

10   produced, created, authored, conceived of or reduced to practice, whether alone or

11   jointly with others, during the time period(s) that YOU were employed by Mattel,

12   Inc.

13

14   BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

15   Defendant incorporates by reference each and every objection set forth

16   above in the General Objections.  Defendant objects to this request on the ground

17   that the terms "consideration," "other than Mattel, Inc.," "work," "activities,"

18   "services" "conceived," "reduced to practice" and "jointly with others" are vague,

19   ambiguous and fail to identify with sufficient particularity the documents to be

20   produced and/or call for a legal conclusion.  Moreover, Defendant objects to this

21   request to the extent it calls for information not relevant to any claim or defense in

22   this action.  Defendant also objects to this request insofar as it potentially invades

23   the privacy and/or confidentiality of other individuals who are not parties to this

24   action.  Defendant further objects to this request to the extent it seeks confidential,

25   proprietary or trade secret information belonging to third parties that are not parties

26   to this suit.  Defendant also objects to this request to the extent it seeks documents

27   prepared in anticipation of litigation or that are protected by the attorney-client

28   privilege, joint defense privilege, common interest privilege and/or the attorney

EXHIBIT 11   PAGE 152

-29-

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1   work product doctrine. Finally, Defendant objects on privilege and privacy grounds

2   to the production of any tax returns or related documents.

3           Without waiving and subject to the foregoing objections, Defendant

4   responds as follows: Subject to entry of the appropriate Protective Order, Defendant

5   will produce responsive non-privileged documents sufficient to show earnings

6   related to the FIRST GENERATION OF BRATZ DESIGNS in his possession,

7   custody or control.

8

9   <u>MATTEL'S REQUEST FOR PRODUCTION NO. 31:</u>

10           All DOCUMENTS that REFER OR RELATE TO any payment of

11   money or consideration made to YOU or for YOUR benefit by MGA for services or

12   work that YOU performed for or on behalf of MGA during the time period(s) that

13   YOU were employed by Mattel, Inc.

14

15   <u>BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 31:</u>

16           Defendant incorporates by reference each and every objection set forth

17   above in the General Objections. Defendant objects to this request on the ground

18   that the terms "consideration," "services" and "work" are vague, ambiguous and fail

19   to identify with sufficient particularity the documents to be produced and/or call for

20   a legal conclusion. Moreover, Defendant objects to this request to the extent it calls

21   for information not relevant to any claim or defense in this action. Defendant also

22   objects to this request insofar as it invades the privacy and/or confidentiality of other

23   individuals who are not parties to this action. Defendant further objects to this

24   request to the extent it seeks confidential, proprietary or trade secret information

25   belonging to third parties that are not parties to this suit. Defendant also objects to

26   this request to the extent it seeks documents prepared in anticipation of litigation or

27   that are protected by the attorney-client privilege, joint defense privilege, common

28   interest privilege and/or the attorney work product doctrine. Finally, Defendant

EXHIBIT 11 PAGE 153

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

07209/1992206.8

1  objects on privilege and privacy grounds to the production of any tax returns or

2  related documents.

3          Without waiving and subject to the foregoing objections, Defendant

4  responds as follows: Subject to entry of the appropriate Protective Order, Defendant

5  will produce responsive non-privileged documents sufficient to show earnings

6  related to the FIRST GENERATION OF BRATZ DESIGNS in his possession,

7  custody or control.

8

9  MATTEL'S REQUEST FOR PRODUCTION NO. 32:

10          All DOCUMENTS that REFER OR RELATE TO any payment of

11  money or consideration made to YOU or for YOUR benefit by MGA for services or

12  work that YOU performed for or on behalf of MGA prior to October 21, 2000.

13

14  BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

15          Defendant incorporates by reference each and every objection set forth

16  above in the General Objections.  Defendant objects to this request on the ground

17  that the terms "consideration," "services" and "work" are vague, ambiguous and fail

18  to identify with sufficient particularity the documents to be produced and/or call for

19  a legal conclusion.  Defendant further objects to this request on the grounds that it is

20  overbroad and unduly burdensome to the extent that it calls for documents predating

21  Defendant's employment with Mattel, and on that basis seeks documents not

22  relevant to this action and not reasonably calculated to lead to the discovery of

23  admissible evidence.  Defendant also objects to this request insofar as it potentially

24  invades the privacy and/or confidentiality of other individuals who are not parties to

25  this action.  Defendant further objects to this request to the extent it seeks

26  confidential, proprietary or trade secret information belonging to third parties that

27  are not parties to this suit.  Defendant also objects on privilege and privacy grounds

28  to production of any tax returns or related documents.  Finally, Defendant objects to

EXHIBIT  11  PAGE  154

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

07209/1992206.8

1  this request to the extent it seeks documents prepared in anticipation of litigation or

2  that are protected by the attorney-client privilege, joint defense privilege, common

3  interest privilege and/or the attorney work product doctrine.

4        Without waiving and subject to the foregoing objections, Defendant

5  responds as follows: Subject to entry of the appropriate Protective Order, Defendant

6  will produce responsive non-privileged documents in his possession, custody or

7  control sufficient to show earnings related to the FIRST GENERATION OF

8  BRATZ DESIGNS.

9

10  MATTEL'S REQUEST FOR PRODUCTION NO. 33:

11        All DOCUMENTS that REFER OR RELATE TO any payment of

12  money or consideration made to YOU or for YOUR benefit by MGA for services or

13  work that YOU performed for or on behalf of MGA after October 20, 2000.

14

15  BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

16        Defendant incorporates by reference each and every objection set forth

17  above in the General Objections. Defendant objects to this request on the ground

18  that the terms "consideration," "services" and "work" are vague, ambiguous and fail

19  to identify with sufficient particularity the documents to be produced and/or call for

20  a legal conclusion. Defendant further objects to this request on the grounds that it is

21  overbroad and unduly burdensome to the extent that it calls for documents after the

22  time Defendant left his employment with Mattel, and on that basis seeks documents

23  not relevant to this action and not reasonably calculated to lead to the discovery of

24  admissible evidence. Defendant also objects to this request insofar as it potentially

25  invades the privacy and/or confidentiality of other individuals who are not parties to

26  this action. Defendant further objects to this request to the extent it seeks

27  confidential, proprietary or trade secret information belonging to third parties that

28  are not parties to this suit. Furthermore, Defendant objects to this request to the

EXHIBIT  11    PAGE  155

07209/1992206.8

1  extent it seeks documents prepared in anticipation of litigation or that are protected

2  by the attorney-client privilege, joint defense privilege, common interest privilege

3  and/or the attorney work product doctrine. Finally, Defendant objects on privilege

4  and privacy grounds to production of any tax returns or related documents.

5        Without waiving and subject to the foregoing objections, Defendant

6  responds as follows: Subject to entry of the appropriate Protective Order, Defendant

7  will produce non-privileged documents in his possession, custody or control

8  sufficient to demonstrate earnings related to the FIRST GENERATION BRATZ

9  DESIGNS.

10

11  <u>MATTEL'S REQUEST FOR PRODUCTION NO. 34:</u>

12        All DOCUMENTS that REFER OR RELATE TO any payment of

13  money or consideration made to YOU or for YOUR benefit by MGA for any

14  DESIGNS, or for any right, title or interest in any DESIGNS, that YOU produced,

15  created, authored, conceived of or reduced to practice, whether alone or jointly with

16  others, prior to October 21, 2000.

17

18  <u>BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 34:</u>

19        Defendant incorporates by reference each and every objection set forth

20  above in the General Objections. Defendant objects to this request on the ground

21  that the terms "consideration," "right," "title," "interest" "conceived," "reduced to

22  practice" and "jointly with others" are vague, ambiguous and fail to identify with

23  sufficient particularity the documents to be produced and/or call for a legal

24  conclusion. Defendant further objects to this request on the grounds that it is

25  overbroad and unduly burdensome to the extent that it calls for documents predating

26  Defendant's employment with Mattel, and on that basis seeks documents not

27  relevant to this action nor reasonably calculated to lead to the discovery of

28  admissible evidence. Defendant also objects to this request insofar as it potentially

1  invades the privacy and/or confidentiality of other individuals who are not parties to
2  this action.  Defendant further objects to this request to the extent it seeks
3  confidential, proprietary or trade secret information belonging to third parties that
4  are not parties to this suit.  Defendant also objects on privilege and privacy grounds
5  to production of any tax returns or related documents.  Finally, Defendant objects to
6  this request to the extent it seeks documents prepared in anticipation of litigation or
7  that are protected by the attorney-client privilege, joint defense privilege, common
8  interest privilege and/or the attorney work product doctrine.

9           Without waiving and subject to the foregoing objections, Defendant
10  responds as follows: Subject to entry of the appropriate Protective Order, Defendant
11  will produce non-privileged documents in his possession, custody or control
12  sufficient to demonstrate earnings related to the FIRST GENERATION BRATZ
13  DESIGNS.

14

15  MATTEL'S REQUEST FOR PRODUCTION NO. 35:

16           All DOCUMENTS that REFER OR RELATE TO any payment of
17  money or consideration made to YOU or for YOUR benefit by MGA for any
18  DESIGNS, or for any right, title or interest in any DESIGNS, that YOU produced,
19  created, authored, conceived of or reduced to practice, whether alone or jointly with
20  others, after October 20, 2000.

21

22  BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

23           Defendant incorporates by reference each and every objection set forth
24  above in the General Objections.  Defendant objects to this request on the ground
25  that the terms "consideration," "right," "title," "interest" "conceived," "reduced to
26  practice" and "jointly with others" are vague, ambiguous and fail to identify with
27  sufficient particularity the documents to be produced and/or call for a legal
28  conclusion.  Defendant further objects to this request on the grounds that it is

07209/1992206.8

-34-

EXHIBIT  11   PAGE 157

1 overbroad and unduly burdensome to the extent that it calls for documents after the

2 time Defendant left his employment with Mattel, and on that basis seeks documents

3 not relevant to this action and not reasonably calculated to lead to the discovery of

4 admissible evidence.  Defendant also objects to this request insofar as it potentially

5 invades the privacy and/or confidentiality of other individuals who are not parties to

6 this action.  Defendant further objects to this request to the extent it seeks

7 confidential, proprietary or trade secret information belonging to third parties that

8 are not parties to this suit.  Defendant also objects to this request to the extent it

9 seeks documents prepared in anticipation of litigation or that are protected by the

10 attorney-client privilege, joint defense privilege, common interest privilege and/or

11 the attorney work product doctrine.  Finally, Defendant objects on privilege and

12 privacy grounds to production of any tax returns or related documents.

13        Without waiving and subject to the foregoing objections, Defendant

14 responds as follows: Subject to entry of the appropriate Protective Order, Defendant

15 will product non-privileged documents in his possession, custody or control

16 sufficient to demonstrate earnings related to the FIRST GENERATION BRATZ

17 DESIGNS.

18

19 MATTEL'S REQUEST FOR PRODUCTION NO. 36:

20        All of YOUR royalty statements from MGA.

21

22 BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

23        Defendant incorporates by reference each and every object on set forth

24 above in the General Objections.  Defendant objects to this request on the grounds

25 that the phrase "royalty statements" is vague, ambiguous and fails to identify the

26 documents to be produced with sufficient particularity and/or calls for a legal

27 conclusion.  Moreover, Defendant objects to this request to the extent it calls for

28 information not relevant to any claim or defense in this action.  Defendant also

1  objects to this request insofar as it potentially invades the privacy and/or

2  confidentiality of other individuals who are not parties to this action.  Defendant

3  further objects to this request to the extent it seeks confidential, proprietary or trade

4  secret information belonging to third parties that are not parties to this suit.  Finally,

5  Defendant objects to this request to the extent it seeks documents prepared in

6  anticipation of litigation or that are protected by the attorney-client privilege, joint

7  defense privilege, common interest privilege and/or the attorney work product

8  doctrine.

9

10  MATTEL'S REQUEST FOR PRODUCTION NO. 45:

11         All DOCUMENTS that REFER OR RELATE TO any amount that

12  YOU have been paid for the license, sale, conveyance, assignment or transfer of any

13  right, title or interest that YOU claim, or ever have claimed, to have or own in

14  BRATZ or any DESIGN for BRATZ.

15

16  BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

17         Defendant incorporates by reference each and every objection set forth

18  above in the General Objections.  Defendant objects to this request on the ground

19  that the terms "license," "sale," "conveyance," "assignment," "transfer," "right,"

20  "title," "interest" and "own" are vague, ambiguous and fail to describe with

21  sufficient particularity the documents to be produced and/or call for a legal

22  conclusion.  To the extent this request seeks documents that predate or postdate

23  Defendant's employment with Mattel, it is overbroad, unduly burdensome and not

24  reasonably calculated to lead to the discovery of admissible evidence.  Moreover,

25  Defendant objects to this request to the extent it calls for information not relevant to

26  any claim or defense in this action.  Defendant also objects to this request insofar as

27  it invades the privacy and/or confidentiality of other individuals who are not parties

28  to this action.  Defendant further objects to this request to the extent it seeks

EXHIBIT ___|| PAGE __159

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1  confidential, proprietary or trade secret information belonging to third parties that

2  are not parties to this suit.  Finally, Defendant objects to this request to the extent it

3  seeks documents potentially prepared in anticipation of litigation or that are

4  protected by the attorney-client privilege, joint defense privilege, common interest

5  privilege and/or the attorney work product doctrine.

6          Without waiving and subject to the foregoing objections, Defendant

7  responds as follows: Subject to entry of the appropriate Protective Order, Defendant

8  will produce responsive non-privileged documents in his possession, custody or

9  control evidencing earnings from the FIRST GENERATION BRATZ DESIGNS.

10

11  MATTEL'S REQUEST FOR PRODUCTION NO. 46:

12          All DOCUMENTS that REFER OR RELATE TO any amount that

13  YOU have been paid by any PERSON other than Mattel, Inc. for the license, sale,

14  conveyance, assignment or transfer of any right, title or interest in any DESIGN,

15  including without limitation for any DESIGN for BRATZ, that YOU produced,

16  created, authored, conceived of or reduced to practice, whether alone or jointly with

17  others, during the time period(s) that YOU were employed by Mattel, Inc.

18

19  BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

20          Defendant incorporates by reference each and every objection set forth

21  above in the General Objections.  Defendant objects to this request on the ground

22  that the terms "other than Mattel, Inc.," "license," "sale," "conveyance,"

23  "assignment," "transfer," "right," "title," "interest," "conceived," "reduced to

24  practice" and "jointly with others" are vague, ambiguous and fail to describe with

25  sufficient particularity the documents to be produced and/or call for a legal

26  conclusion.  Furthermore, Defendant objects to this request to the extent it calls for

27  information not relevant to any claim or defense in this action.  Defendant also

28  objects to this request insofar as it invades the privacy and/or confidentiality of other

7209/1992206.8

-37-   EXHIBIT  11  PAGE  160

1  individuals who are not parties to this action.  Defendant further objects to this

2  request to the extent it seeks confidential, proprietary or trade secret information

3  belonging to third parties that are not parties to this suit.  Moreover, Defendant

4  objects to this request to the extent it seeks documents potentially prepared in

5  anticipation of litigation or that are protected by the attorney-client privilege, joint

6  defense privilege, common interest privilege and/or the attorney work product

7  doctrine.  Finally, Defendant objects on privilege and privacy grounds to production

8  of any tax returns or related documents.

9          Without waiving and subject to the foregoing objections, Defendant

10  responds as follows: Subject to entry of the appropriate Protective Order, Defendant

11  will produce responsive non-privileged documents in his possession, custody or

12  control evidencing earnings from the FIRST GENERATION BRATZ DESIGNS.

13

14                              **Argument**

15  A.    **Bryant Is Withholding Categories Of Relevant Documents**

16          Here again, Bryant refuses to produce important categories of

17  responsive documents.  These include:

18     •   Documents showing payments Bryant received from MGA or others
          after the end of his Mattel employment but for work he performed
19          while employed by Mattel.[34]

20
21     •   Documents showing earnings Bryant received for designs he created
          while employed by Mattel, except those "sufficient to show earnings"
22          from designs that led to the first line of released Bratz dolls.[35]

23     •   Documents showing payments Bryant received from MGA for designs
24          he created prior to the close of his Mattel employment, except those

25     [34]  Bryant's Response to Mattel's Request for Production No. 29, Zeller Dec.
        Exh. 3.
26     [35]  Bryant's Response to Mattel's Request for Production No. 30, Zeller Dec.
27     Exh. 3.

28                              EXHIBIT  11  PAGE 161

07209/1992206.8

"sufficient to show earnings" from designs that led to the first line of released Bratz dolls.[36]

- Documents showing earnings Bryant received for services or work he performed for MGA while employed by Mattel or prior to the close of his Mattel employment, except those "sufficient to show earnings" from designs that led to the first line of released Bratz dolls.[37]

- Documents showing license or assignment payments Bryant has received for his Bratz interests, except those "sufficient to show earnings" from designs that led to the first line of released Bratz dolls.[38]

- Documents showing license or assignment payments Bryant has received for designs he created while employed by Mattel, except those "sufficient to show earnings" from designs that led to the first line of released Bratz dolls.[39]

- Documents showing payments Bryant received from MGA for designs he created after to the close of his Mattel employment, except those "sufficient to show earnings" from designs that led to the first line of released Bratz dolls.[40]

- Documents showing earnings Bryant received for services or work he performed for MGA after the close of his Mattel employment, except those "sufficient to show earnings" from designs that led to the first line of released Bratz dolls.[41]

---

[36]   Bryant's Response to Mattel's Request for Production No. 34, Zeller Dec. Exh. 3.
[37]   Bryant's Responses to Mattel's Requests for Production Nos. 31 & 32, Zeller Dec. Exh. 3.
[38]   Bryant's Response to Mattel's Request for Production No. 45, Zeller Dec. Exh. 3.
[39]   Bryant's Response to Mattel's Request for Production No. 46, Zeller Dec. Exh. 3.
[40]   Bryant's Response to Mattel's Request for Production No. 35, Zeller Dec. Exh. 3.
[41]   Bryant's Response to Mattel's Request for Production No. 33, Zeller Dec. Exh. 3.

EXHIBIT 11   PAGE 162

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

07209/1992206.8

1       •       At least some royalty statements from MGA.[42]

2              In these related but varying requests, Mattel seeks documents showing

3       profits and earnings which may derive from Bryant's unlawful conduct.  Bryant has

4       refused, however, to produce *any* financial documents showing his earnings or

5       payments from designs (or other work) he performed for MGA (or others) while

6       employed by Mattel (or otherwise) except for documents Bryant deems "sufficient

7       to show earnings" from the so-called "First Generation Bratz Designs."  These are,

8       according to Bryant, "the first generation of Bratz designs created by Defendant,

9       resulting in dolls released by MGA in or about June 2001."[43]  As shown in Section

10      II, this arbitrary restriction lacks merit on its face.

11             All of Bryant's Bratz-related earnings are at least potentially at issue in

12      this case–Mattel seeks to recover all benefits obtained as a result of his violations of

13      duties to Mattel.[44]  Benefits Bryant has obtained from Bratz sales *other than*

14      royalties from sales of the first line of Bratz dolls may be traceable to work Bryant

15      performed while employed by Mattel.  Mattel is entitled to explore that connection.

16      It cannot do so if it does not know what benefits Bryant has obtained, and when.

17      Further, even documents like expense reports are discoverable because they may

18      reveal the nature and timing of Bryant's disloyal activities.

19             Further, Bryant's restrictions exclude payments Mattel is entitled to

20      recover even putting aside any issues about payments for subsequent Bratz lines.

21      The withheld responsive information includes payments Bryant received after the

22      end of his Mattel employment but for work he performed while employed by

23

24      [42]   Bryant's Response to Mattel's Request for Production No. 36, Zeller Dec.
        Exh. 3.
25      [43]   Bryant's Response to Mattel's Request for Production No. 12, Zeller Dec.
26      Exh. 3.
        [44]   Mattel's Complaint at Prayer ¶ B, Proctor Dec. Exh. 5.
27

28                                    EXHIBIT  II   PAGE  163

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

J7209/1992206.8

1  Mattel,[45] payments he received from parties other than MGA for designs he created

2  or work he performed while employed by Mattel,[46] payments he received for non-

3  Bratz designs created for MGA while employed by Mattel,[47] and payments he

4  received for services or work he performed (as opposed to designs he created) for

5  MGA while employed by Mattel.[48]  Whether Bryant's disloyal activities during his

6  Mattel employment was for MGA or some additional third party, or consisted of

7  designs or something else, or was on Bratz or something else, it remains actionable

8  and discoverable.  Whether his payments for such activities were received while he

9  was still employed by Mattel or later, they remain recoverable.

10          For these reasons and those discussed in Section II, the Court should

11  compel Bryant to produce all responsive documents.  Bryant unquestionably is

12  withholding documents in his possession based upon his imposed limitations.[49]

13      **B.    Bryant Must Produce His Tax Returns**

14          Bryant has produced no tax returns or related documents.  Tax returns

15  are not privileged under federal law.  See St. Regis Paper Co. v. United States, 368

16  U.S. 208, 218-219, 82 S. Ct. 289, 295-96, 7 L. Ed. 2d 240 (1961) ("[A]lthough tax

17  returns, like these census reports, are made confidential within the government

18  _____

[45]  Bryant's Response to Mattel's Request for Production No. 29, Zeller Dec.
19  Exh. 3.

[46]  Bryant's Response to Mattel's Request for Production No. 30, Zeller Dec.
20  Exh. 3.

21  [47]  Bryant's Response to Mattel's Request for Production No. 30, Zeller Dec.
22  Exh. 3.

[48]  Bryant's Response to Mattel's Request for Production No. 31, Zeller Dec.
23  Exh. 3.

24  [49]  For example, Bryant testified at deposition that he worked for MGA on a
    project known as "Angel" while he was employed by Mattel and was paid for that
25  work.  Bryant Deposition at 178:3-18, 195:21-196:21, Zeller Dec. Exh. 7.
    Similarly, Bryant produced a handful of documents showing payments for a project
26  referred to as "Sugar Planet." Zeller Dec. Exh. 19.  Those documents are clearly
27  incomplete.  Mattel is entitled to a complete production of all responsive documents.

28

EXHIBIT 11   PAGE 164

-41-

17209/1992206.8

1  bureau, copies in the hands of the taxpayer are held subject to discovery.") (citations

2  omitted).  Further, the Protective Order allows Bryant to designate such records as

3  confidential, thus obviating any privacy concern.  In re Heritage Bond Litigation,

4  2004 WL 1970058 at *5, n.12; A. Farber and Partners, Inc., 234 F.R.D. at 191-92.

5  Because these documents may reveal the sources and amounts of payments Bryant

6  received at various points in time, they may show what MGA paid Bryant, and

7  when.  That is highly relevant information, and Bryant should be compelled to

8  produce it.

9

10  **IV.    THE COURT SHOULD COMPEL BRYANT TO PRODUCE**

11  **HIS BRATZ-RELATED COMMUNICATIONS AND**

12  **COMMUNICATIONS WITH MGA**

13

14  REQUEST FOR PRODUCTION NO. 20:

15          All COMMUNICATIONS between YOU and MGA that REFER OR

16  RELATE TO Mattel, Inc. or any officer, director, employee or representative of

17  Mattel, Inc.

18

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

20          Defendant incorporates by reference each and every objection set forth

21  above in the General Objections.  Defendant objects to this request on the grounds

22  that the terms "officer," "director," "employee" and "representative" are vague,

23  ambiguous and fail to describe with sufficient particularity the documents to be

24  produced and/or call for a legal conclusion.  Defendant further objects to this request

25  on the grounds that it is overbroad, unduly burdensome and unintelligible to the

26  extent it fails to identify a specific time period or proper subject matter, and on that

27  basis seeks documents not relevant to this action and not reasonably calculated to

28  lead to the discovery of admissible evidence.  Defendant further objects to this

EXHIBIT  11  PAGE  165

-42-

1 │ request to the extent it seeks confidential, proprietary or trade secret information

2 │ belonging to third parties that are not parties to this suit. Defendant also objects to

3 │ this request insofar as it invades the privacy and/or confidentiality of Defendant

4 │ and/or other individuals who are not parties to this action. Finally, Defendant

5 │ objects to this request to the extent it seeks documents prepared in anticipation of

6 │ litigation or that are protected by the attorney-client privilege, joint defense

7 │ privilege, common interest privilege and/or the attorney work product doctrine.

8

9 │ REQUEST FOR PRODUCTION NO. 23:

10 │     All COMMUNICATIONS between YOU and MGA that REFER OR

11 │ RELATE TO any work or services that YOU performed for or on behalf of Mattel,

12 │ Inc. or YOUR employment by Mattel, Inc.

13

14 │ RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

15 │     Defendant incorporates by reference each and every objection set forth

16 │ above in the General Objections. Defendant objects to this request on the grounds

17 │ the terms "work" and "services" are vague, ambiguous and fail to identify with

18 │ sufficient particularity the documents to be produced. Defendant further objects to

19 │ this request on the grounds that it is overbroad, unduly burdensome and

20 │ unintelligible to the extent it fails to identify a specific time period or proper subject

21 │ matter, and on that basis seeks documents not relevant to this action and not

22 │ reasonably calculated to lead to the discovery of admissible evidence. Defendant

23 │ also objects to this request insofar as it invades the privacy and/or confidentiality of

24 │ other individuals who are not parties to this action. Finally, Defendant objects to

25 │ this request to the extent it seeks documents prepared in anticipation of litigation or

26 │ that are protected by the attorney-client privilege, joint defense privilege, common

27 │ interest privilege and/or the attorney work product doctrine.

28 │

EXHIBIT 11   PAGE 166

-43-
SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1        Without waiving and subject to the foregoing objections, Defendant

2   responds as follows: Subject to entry of the appropriate Protective Order, Defendant

3   will produce responsive non-privileged documents in his possession, custody or

4   control that were created prior to October 21, 2000.

5

6   REQUEST FOR PRODUCTION NO. 27:

7        All DOCUMENTS that REFER OR RELATE TO

8   COMMUNICATIONS between YOU and MGA after October 20, 2000.

9

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

11       Defendant incorporates by reference each and every objection set forth

12  above in the General Objections.  To the extent that this request calls for documents

13  after Defendant left his employment with Mattel, this request is overbroad, unduly

14  burdensome, seeks documents not relevant to this action and is not reasonably

15  calculated to lead to the discovery of admissible evidence.  Moreover, this request is

16  overbroad, unduly burdensome and unintelligible to the extent that it fails to identify

17  any proper subject matter.  Defendant further objects to this request to the extent it

18  seeks confidential, proprietary or trade secret information belonging to third parties

19  that are not parties to this suit.  Defendant also objects to this request insofar as it

20  invades the privacy and/or confidentiality of other individuals who are not parties to

21  this action.  Finally, Defendant objects to this request to the extent it seeks

22  documents prepared in anticipation of litigation or that are protected by the attorney-

23  client privilege, joint defense privilege, common interest privilege and/or the

24  attorney work product doctrine.

25

26  REQUEST FOR PRODUCTION NO. 28:

27       All COMMUNICATIONS between YOU and any PERSON, including

28  without limitation MGA, that REFER OR RELATE TO any DESIGNS that YOU

J7209/1992206.8

1  produced, created, authored, conceived of or reduced to practice, whether along or

2  jointly with others, during the time period(s) that YOU were employed by Mattel,

3  Inc.

4

5  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 28:</u>

6          Defendant incorporates by reference each and every objection set forth

7  above in the General Objections.  Defendant objects to this request on the grounds

8  that the terms "conceived," "reduced to practice" and "jointly with others" are vague,

9  ambiguous and fail to describe with sufficiently particularity the documents to be

10  produced and/or call for a legal conclusion.  Moreover, Defendant objects to this

11  request to the extent it calls for information not relevant to any claim or defense in

12  this action.  Defendant also objects to this request insofar as it potentially invades

13  the privacy and/or confidentiality of other individuals who are not parties to this

14  action.  Defendant further objects to this request to the extent it seeks confidential,

15  proprietary or trade secret information belonging to third parties that are not parties

16  to this suit.  Finally, Defendant objects to this request to the extent it seeks

17  documents prepared in anticipation of litigation or that are protected by the attorney-

18  client privilege, joint defense privilege, common interest privilege and/or the

19  attorney work product doctrine.

20

21                        **<u>Argument</u>**

22          Here, the categories of responsive documents Bryant refuses to produce

23  include:

24       &bull;   Communications between Bryant and MGA or third parties that relate

25          to designs Bryant created while employed by Mattel.[50]

26    [50]  Bryant's Response to Mattel's Request for Production No. 27, Zeller Dec.

27  Exh. 3.

28

EXHIBIT  1(  PAGE  168

07209/1992206.8

- Communications between Bryant and MGA that relate to Mattel or Mattel employees.[51]

- Communications between Bryant and MGA relating to Bryant's Mattel employment or work Bryant performed for Mattel, except those communications "created" prior to the close of Bryant's Mattel employment.[52]

- Communications between Bryant and MGA that post-date Bryant's Mattel employment.[53]

Bryant's refusal to produce these documents is indefensible. Communications about designs or works Bryant created while employed by Mattel are obviously discoverable. Likewise, communications between Bryant and MGA relating to his employment by Mattel, or work that he performed for Mattel or Mattel itself are plainly relevant. These documents may contain admissions. They may show the timing of Bryant's Bratz designs. They may show Bryant's and MGA's knowledge of his obligations to Mattel and that their tortious conduct was willful (which is relevant to punitive damages). Countless admissible facts might be revealed in Bryant's communications with MGA about his Mattel work and Bratz designs created while at Mattel. In themselves, these documents may establish Bryant's liability by evidencing instances where he conveyed internal Mattel information to MGA.

Bryant offers no legitimate justification for his refusal to produce relevant communications that were "created" after October 21, 2000. As discussed earlier, Bryant's artificial date restrictions deprive Mattel of discoverable

---

[51]  Bryant's Response to Mattel's Request for Production No. 20, Zeller Dec. Exh. 3.
[52]  Bryant's Response to Mattel's Request for Production No. 23, Zeller Dec. Exh. 3.
[53]  Bryant's Response to Mattel's Request for Production No. 27, Zeller Dec. Exh. 3.

EXHIBIT  11   PAGE  169

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

07209/1992206.8

1  information relating to his actionable conduct.  Indeed, the unreasonableness of

2  Bryant's restrictions is particularly evident here.  Bryant is refusing to turn over *any*

3  communications with MGA "created" after October 20, 2000, including those that

4  relate to his Mattel work.  According to Bryant's limitation, he is free to conceal

5  documents showing that, a week or a month or a year after he left Mattel's

6  employment, he further breached his ongoing duties to Mattel by using or disclosing

7  more confidential Mattel information.  According to Bryant, he is free to conceal

8  non-privileged admissions that he knew his Bratz designs rightfully belonged to

9  Mattel so long as those admissions were made after October 20, 2000.  That is

10  absurd.  He should be compelled to produce all responsive documents.[54]

11

12  **V.     THE COURT SHOULD COMPEL BRYANT TO PRODUCE MATTEL-**

13  **RELATED DOCUMENTS**

14

15  REQUEST FOR PRODUCTION NO. 51:

16          All DOCUMENTS that REFER OR RELATE TO Mattel, Inc., or that

17  were prepared, authored or created by Mattel, Inc. or any officer, director, employee

18  or representative of Mattel, Inc., that YOU have ever provided to, shown, described

19  to, communicated to or disclosed in any manner to MGA.

20  _____

21  [54]  Telephone records are responsive to these requests.  While Bryant has
produced some such records, he has produced none for a carrier known as "tti

22  National, Inc." for any date prior to October 23, 2000 for one phone number or any
date prior to October 26, 2000 for another phone number.  See Zeller Dec. Exh. 26.

23  Further, as discussed below, the telephone records produced by Bryant are redacted

24  to the point that they are incomprehensible.  All responsive documents should be
produced, in unredacted form, unless justified by the attorney-client privilege or the

25  work product doctrine.

26

27

28                                              EXHIBIT __II__ PAGE __170__

07209/1992206.8

1 | RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

2 |       Defendant incorporates by reference each and every objection set forth

3 | above in the General Objections.  Defendant objects to this request on the grounds

4 | that the terms "provided," "shown," "described," "communicated," "disclosed,"

5 | "officer," "director," and "employee" are vague, ambiguous and fail to describe with

6 | sufficient particularity the documents to be produced and/or call for a legal

7 | conclusion.  Moreover, Defendant objects to this request to the extent it calls for

8 | information not relevant to any claim or defense in this action.  Defendant further

9 | objects to this request to the extent it potentially invades the privacy and/or

10 | confidentiality of other individuals who are not parties to this action.  Defendant

11 | also objects to this request to the extent it seeks confidential, proprietary or trade

12 | secret information belonging to third parties that are not parties to this suit.  Finally,

13 | Defendant objects to this request to the extent it seeks documents potentially

14 | prepared in anticipation of litigation or that are protected by the attorney-client

15 | privilege, joint defense privilege, common interest privilege and/or the attorney

16 | work product doctrine.

17 |

18 | REQUEST FOR PRODUCTION NO. 49:

19 |       All DOCUMENTS that YOU obtained during the course of YOUR

20 | employment by Mattel, Inc. that REFER OR RELATE TO dolls, doll accessories or

21 | toys.

22 |

23 | RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

24 |       Defendant incorporates by reference each and every objection set forth

25 | above in the General Objections.  Defendant objects to this request on the grounds

26 | that the terms "obtained," "dolls," "doll accessories" and "toys" are vague,

27 | ambiguous, unintelligible and fail to describe with sufficient particularity the

28 | documents to be produced.  Defendant further objects to this request on the grounds

1  that it is overbroad as to time and scope and on that basis is unintelligible.

2  Moreover, any such alleged documents would already be within the possession,

3  custody or control of Mattel.  Moreover, Defendant objects to this request to the

4  extent it calls for information not relevant to any claim or defense in this action and

5  is not reasonably calculated to lead to the discovery of admissible evidence.  Finally,

6  Defendant objects to this request to the extent it seeks documents potentially

7  prepared in anticipation of litigation or that are protected by the attorney-client

8  privilege, joint defense privilege, common interest privilege and/or the attorney

9  work product doctrine.

11  **<u>Argument</u>**

12          Bryant stonewalls on both requests at issue here.  Thus, he is unwilling

13  to produce *any*:

14  •   Documents created by Mattel that Bryant disclosed to MGA.[55]

15  •   Doll-related documents Bryant obtained while working at Mattel.[56]

16  These documents may constitute direct evidence of liability.  Hence, they are

17  discoverable.

18          Mattel documents, and especially doll-related documents, that Bryant

19  took with him when he left Mattel and/or disclosed to MGA are relevant to Mattel's

20  claims that Bryant breached his Mattel agreements and breached his duty of loyalty

21  and fiduciary duty to Mattel.  A current or former employee cannot misuse or give

22  his employer's proprietary or confidential information to a competitor, and Bryant's

23  agreements with Mattel specifically prohibit such misconduct.[57]  Bryant admitted at

---

[55]   Bryant's Response to Mattel's Request for Production No. 51, Zeller Dec.
Exh. 3.
[56]   Bryant's Response to Mattel's Request for Production No. 49, Zeller Dec.
Exh. 3.
[57]   Inventions Agreement & Proprietary Information Checkout, Proctor Dec.
(footnote continued)

EXHIBIT __11__ PAGE __172__

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

07209/1992206.8

1   deposition that he used internal Mattel information and resources for his own and

2   MGA's benefit.[58]  Bryant cannot withhold documents that constitute further

3   evidence of his violations.

4           Bryant's objections to these requests are not well founded.  First,

5   Bryant objects to producing responsive documents because they are "already within

6   the possession, custody or control of Mattel."  To support this and his undue burden

7   objections, Bryant asserted in the Joint Stipulation that the "realm of documents a

8   giant company such as Mattel might create and distribute over five years is

9   enormous."[59]  This fundamentally misunderstands the purpose of these requests.

10  These requests are designed to determine what Mattel documents and information

11  *are in Bryant's possession*, and what Mattel documents *he provided* to MGA or

12  used for MGA's benefit.  Mattel cannot ascertain *those* facts by turning to its own

13  documents.  Bryant had access to hundreds of confidential and proprietary Mattel

14  projects when he worked in Mattel's Design Center.  Mattel is entitled to see what

15  documents relating to those projects Bryant received, collected, kept or disclosed.

16          Bryant also objects that the requests seek documents containing

17  information that would invade the privacy or confidentiality of individuals who are

18  not parties to this suit, but the private or confidential information at issue belongs to

19  *Mattel*, not to a third party.  Bryant's improper acts of providing Mattel's

20  confidential information to a third party scarcely convert the information into either

21  Bryant's or the third party's confidential information.[60]

22  _____

Exh. 1.

23      [58]   Bryant Deposition at 132:19-136:14, 163:8-172:5, Zeller Dec. Exh. 7.

24      [59]   Joint Stip. at 16, 69:19-20, Zeller Dec. Exh. 1.

25      [60]   Nor can Bryant withhold documents he obtained from Mattel during the
        course of his employment on privilege grounds because such Mattel documents
26      obviously are not subject to a privilege that belongs to Bryant or anyone else (other
        than potentially Mattel).

27

28

EXHIBIT   11   PAGE   173

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

J7209/1992206.8

**VI.   THE COURT SHOULD COMPEL BRYANT TO PRODUCE DOCUMENTS RELATING TO REGISTRATIONS AND APPLICATIONS FOR REGISTRATION**

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS that REFER OR RELATE TO any copyright, patent or any other application or registration for DESIGNS that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, since January 1, 1995, including without limitation all COMMUNICATIONS pertaining thereto.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Defendant incorporates by reference each and every objection set forth above in the General Objections. Defendant objects to this request on the basis that the terms "copyright," "patent," "application," "registration," "conceived," "reduced to practice" and "jointly with others" are vague, ambiguous and fail to describe with sufficient particularity the documents to be produced and/or call for a legal conclusion. Defendant also objects to this request insofar as it potentially invades the privacy and/or confidentiality of other individuals who are not parties to this action. Moreover, Defendant objects to this request to the extent it seeks confidential, proprietary or trade secret information belonging to third parties that are not parties to this suit. Defendant further objects to this request on the grounds that this request is overbroad and unduly burdensome to the extent that it calls for documents predating and postdating Defendant's employment with Mattel, and on that basis seeks information not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects to this request to the extent it seeks documents potentially prepared in anticipation of litigation or that are protected by the attorney-client privilege, joint

-51-

EXHIBIT 11 PAGE 174

07209/1992206.8

1  defense privilege, common interest privilege and/or the attorney-work product

2  doctrine.

3

4                              **Argument**

5          This is a simple request for relevant documents, but Bryant again

6  stonewalls.  Documents relating to copyright, patent and similar registrations and

7  applications for registrations will include the dates on which Bryant or MGA have

8  alleged the designs for "Bratz," "Angel" or other projects he worked on for MGA

9  were created.  They also will include claims relating to who authored or created

10  those works.  As explained above, the timing, nature and scope of Bryant's work are

11  critical in this case.

12          Moreover, Bryant's possession of applications, registrations and similar

13  documents is relevant to establishing material elements of his knowledge.  Bryant

14  has alleged that he had no understanding of the import of his Mattel agreements

15  when he signed them–and even today has no such understanding.[61]

16  Communications to or from Bryant in connection with his registrations could prove

17  that assertion false.  Bryant has also asserted that he had no access to a lawyer when

18  he signed Mattel agreements in 1995, 1999 and 2000.[62]  Evidence of Bryant's design

19  registrations potentially would reveal otherwise.[63]

---

20  [61]  Bryant Complaint at ¶ 2, Proctor Dec. Exh. 7.
21  [62]  Bryant Deposition at 32:16-33:2, Zeller Dec. Exh. 7.
22  [63]  For the same reasons, Bryant's relevance objections to these types of
    documents that "predat[e] and postdat[e] Defendant's employment with Mattel" lack
23  merit.  Documents containing assertions as to the creation dates and authorship of
    Bryant's works are relevant regardless of when the assertions were made.  Similarly,
24  information regarding Bryant's knowledge is relevant whether the knowledge was
25  acquired before, during or after his Mattel employment.  If it was acquired before or
    during, it tends to refute his claims that he never understood the meaning of his
26  agreements with Mattel and had no access to a lawyer.  If it was acquired after, it
27  tends to refute his claims that even now he does not understand the meaning of his
28      (footnote continued)

EXHIBIT  11  PAGE  175

-52-

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1  **VII.  PUTTING ASIDE HIS REFUSAL TO PRODUCE CATEGORIES OF**

2  **REQUESTED DOCUMENTS, BRYANT'S RESPONSES AND**

3  **PRODUCTION ARE PROBLEMATIC FOR ADDITIONAL REASONS**

4

5      **A.  The Court Should Order Bryant To Produce Responsive,**

6      **Non-Privileged Documents Generated After Suit Was Filed**

7      Based on Bryant's assertions in the Joint Stipulation, this point should

8  be undisputed.[64] In his discovery responses, Bryant asserts a blanket objection to

9  producing any document created after this lawsuit was filed in April 2004.[65] There

10 is no justification for this limitation.  In fact, Bryant acknowledged in his portion of

11 the Joint Stipulation that he does *not* "object to producing 'responsive, non-

12 privileged documents generated after the suit was filed.'"[66] Nonetheless, Bryant has

13 not withdrawn his formal objection to such production.

14     Documents created after this case was filed may be just as relevant as

15 prior-created documents–they too may contain admissions and facts that bear

16 directly on Mattel's claims, Bryant's defenses or damages.  According to Bryant's

17 Responses, however, damaging non-privileged communications he has made are

18 immune from discovery if made recently.  Similarly, according to Bryant's

19 Responses he need not disclose any payments he received from MGA after April

20 2004, even if such payments resulted from breaches of his obligations to Mattel.

21 That is simply wrong.

22     Bryant states in the Joint Stipulation that he "is unaware of any

23 unprivileged document, which does not contain attorney work product that is

24 _____

Mattel agreements.

25   [64] Joint Stip. at 52:4-18, Zeller Dec. Exh. 1.

26   [65] Bryant Responses at 2:5-7, Zeller Dec. Exh. 3.

  [66] Joint Stip. at 52:6-7, Zeller Dec. Exh. 1.

27

28  EXHIBIT  II  PAGE  178

-53-

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1  responsive to the requests and that was created since the lawsuit was filed."[67]  This

2  overlooks, at the very least, royalty statements Bryant has received from MGA since

3  April 2004.  The Court should strike Bryant's objection and compel him to produce

4  all responsive, non-privileged documents created after suit was filed.[68]

5  **B.   Bryant's Wholesale Redactions Are Improper**

6            Although there is a Protective Order in place in this case (which Bryant

7  has utilized by designating many documents Attorney's Eyes Only), Bryant has

8  redacted many of the documents he has produced to a remarkable extent.

9            For example, as to the one category of financial documents Bryant

10  produced–documents "sufficient to show" earnings from designs that resulted in

11  dolls released in June 2001, see Section III–the redactions are so heavy that the

12  documents are all but useless.  Even critical pieces of information like payment

13  amounts have been removed.[69]  Listings of projects for which payments were made

14  have also been removed.[70]

15            Similarly, Bryant has redacted the vast majority of the call information

16  on the telephone records he produced.[71]  Bryant redacted all of the call information

17  _____

18  [67]   Joint Stip. at 52:11-13, Zeller Dec. Exh. 1.

19  [68]   While Bryant professes to be concerned about having to "place on a privilege
log the innumerable privileged documents and documents containing attorney work

20  product that have been created since this lawsuit was filed," Joint Stip. at 54:15-18,
that is not the issue.  Mattel agrees that privileged communications with outside

21  counsel that post-date the filing of this action need not be placed on a privilege log.

22  [69]   Zeller Dec. Exh. 18.

23  [70]   E.g., Zeller Dec. Exh. 18 at 00773.

    [71]   Zeller Dec. Exh. 26.  Telephone records are responsive to the requests for

24  production listed in Section IV, above.  They also are responsive to Request for
Production Nos. 25 and 26, to which Bryant responded that, "[s]ubject to entry of

25  the appropriate Protective Order, Defendant will produce responsive non-privileged
documents in his possession, custody or control."  E.g., Bryant's Response to

26  Mattel's Request for Production No. 5, Zeller Dec. Exh. 3.

27

28                                                          EXHIBIT   11   PAGE   177

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1   on his Pacific Bell telephone bills.[72]  Bryant also decided not to produce any

2   telephone bills for a carrier known as "tti National, Inc." for any date prior to

3   October 23, 2000 for one phone number or any date prior to October 26, 2000 for

4   another phone number.[73]

5            These redactions and others in Bryant's production are improper.

6   Bryant's apparent basis for his redactions is confidentiality and privacy rights under

7   the California Constitution.  For example, Bryant argued in the Joint Stipulation that

8   he enjoys "a reasonable expectation of privacy" in his records that permits his

9   redactions.[74]  That assertion misapprehends the law.

10           In general, federal law does not recognize a right to privacy that entitles

11  a party to withhold documents.  See Humphreys v. Regents of Univ. of Cal., 2006

12  WL 335275, *1 (N.D. Cal. 2006) (under Federal Rule of Evidence 501, "federal law

13  determines the evidentiary privileges that apply," and "there is no federal analog to

14  the California privacy rights that [defendant] seeks to invoke"); see Hahn v. Star

15  Bank, 190 F.3d 708, 714-15 (6th Cir. 1999) ("the Constitution does not encompass a

16  general right to nondisclosure of private information").  Further, "the law of

17  California, the forum state, does not inform federal privilege law." Jackson v.

18  County of Sacramento, 175 F.R.D. 653, 654 (E.D. Cal. 1997); see In re Yassai, 225

19  B.R. 478, 483 (C.D. Cal. 1998) ("assuming that a state constitution creates a right to

20  privacy in financial records, such state privilege does not preclude discovery of bank

21  records in a federal suit.").  Bryant's claim for California's state law privacy

22  protections is particularly weak because he is not a resident of California.  See

23  Gottlieb v. Wiles, 143 F.R.D. 235, 237 (D. Colo. 1992) ("It is questionable whether

24  Cal. Const., art. I, sec. 1 bestows privacy rights on nonresidents of the state.").

---

[72]  Zeller Dec. Exh. 26, see e.g., BRYANT 01263-01264, 01270.
[73]  Zeller Dec. Exh. 26.
[74]  Joint Stip. at 63:23-64:8, Zeller Dec. Exh. 1.

EXHIBIT 11 PAGE 178

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1   Notably, when Bryant attempted to obstruct Mattel's access to his telephone records

2   pursuant to a subpoena served by Mattel based on privacy objections, the court

3   rejected those objections.[75]

4           While federal courts can consider privacy concerns, such concerns do

5   not preclude production unless they outweigh the "relevance of the discovery."

6   Humphreys, 2006 WL 335275, at *1.  They clearly do not here.  Bryant's unredacted

7   financial information and telephone records may show (or lead to evidence that

8   shows) what projects he worked on, who he worked on them with, when he did so

9   and how much he earned from his work.  This information is directly relevant to

10  Mattel's claims and damages.

11          In any case, privacy concerns, like confidentiality concerns, are

12  adequately protected by a production pursuant to a Protective Order.  A stipulated

13  Protective Order is in place in this case.[76]  That Order ensures that produced

14  documents remain confidential and limits the use of documents to litigation

15  purposes only.  This fully and adequately addresses Bryant's ostensible privacy and

16  confidentiality concerns.  See, e.g., In re Heritage Bond Litigation, 2004 WL

17  1970058 at *5, n.12 (granting motion to compel production of defendant's financial

18  records because "[a]ny privacy concerns . . . defendants have in their bank records

19  and related financial statements are adequately protected by the protective order, and

20  are not sufficient to prevent production in this matter"); A. Farber and Partners, Inc.,

21  234 F.R.D. at 191-92 ("plaintiff's need for defendant Garber's financial documents

22  outweighs defendant Garber's claim of privacy, especially when the 'impact' of the

23  disclosure of the information can be protected by a 'carefully drafted' protective

24  order"); Gohler, 162 F.R.D. at 697 ("Because the protective order limits disclosure

25  of confidential material to those who are necessarily involved in the case, and these

26  ─────────────

27  [75]   Zeller Dec. Exh. 27.

28  [76]   Zeller Dec. ¶ 12, Exh. 11.

EXHIBIT  1[  PAGE  179

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Y7209/1992206.8