1    parties may use this information only for purposes of litigating this case, excluding
2    any business purpose, the court concludes Deloitte's confidentiality concerns have
3    been addressed adequately.").

4        Under federal law, "[t]he party asserting an evidentiary privilege has
5    the burden to demonstrate that the privilege applies to the information in question."
6    Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988).  Bryant cannot meet
7    that burden here.[77]

8    **C.    The Court Should Order Bryant to Serve A Complete Privilege**
9    **Log**

10        Although he objects to most of Mattel's Requests on privilege grounds,
11    Bryant lists only 4 documents on his privilege log.[78]  That is likely because most
12    documents he has withheld on privilege grounds are not actually privileged–and
13    because the dates of these documents alone may refute Bryant's claims about the
14    timing and scope of his communications with MGA.  Bryant should be ordered to
15    identify on a privilege log all documents that truly are the subject of a good-faith
16    assertion of privilege, with sufficient information to allow Mattel to test the validity
17    of the privilege assertion.  See United States v. Construction Products Research,
18    Inc., 73 F.3d 464, 473 (2d Cir. 1996); O'Connor v. Boeing North American, Inc.,
19    185 F.R.D. 272, 280 (C.D. Cal. 1999).

20    **D.    The Court Should Order Bryant To Turn Over His Hard Drives**
21        A request for "documents" under Rule 34 operates as a request for
22    documents stored in electronic form.  See Playboy Enterprises, Inc. v. Welles, 60 F.

---

23
24    [77]  While they lack merit, Bryant's extensive redactions belie his "undue burden"
      objections.  Bryant has never shown that turning over documents responsive to *all* of
25    Mattel's requests would call for a voluminous production.  If anything, it required
      much greater effort on Bryant's part to scrub his documents clean of useful
26    information through redactions than to simply produce them in un-redacted form.
27    [78]  Zeller Dec. Exh. 5.

28                                EXHIBIT  11  PAGE  180

1  Supp. 2d 1050, 1053 (S.D. Cal. 1999); Fed. R. Civ. P. 34, adv. comm. note.[79]

2  Parties may also obtain computer hard drives for testing pursuant to a Rule 34

3  request. See, e.g., Superior Consultant Co. v. Bailey, 2000 WL 1279161, at *13

4  (E.D. Mich. Aug. 22, 2000) (ordering defendants to "create and produce to defense

5  counsel a backup file of defendant Bailey's laptop computer, and a backup file of

6  any personal computer hard-drive to which defendant Bailey has had access at any

7  time"). In fact, recent amendments to Rule 34 and the accompanying Committee

8  Notes make clear that parties may test computer hard drives.[80] Nonetheless, Bryant

9  has refused to produce or permit Mattel to inspect the hard drives from his

10  computers despite Mattel's offer to bear the costs of the forensic analysis. He should

11  be compelled to do so.

12          There are three different computers that Mattel is aware of that are

13  relevant here. First, Bryant purchased a desktop computer in October 2000 (the

14  "Desktop").[81] Bryant says he used this computer for a period of time and then gave

15  it to his niece.[82] Second, Bryant purchased a laptop computer in November 2001.[83]

16  Third, Bryant testified that he used his parent's computer for a time, including

---

17  [79]  Mattel's requests also explicitly defined "documents" to include electronic

18  data and documents. Zeller Dec. Exh. 4 at 3:8-23.

19  [80]  Under the new rule, "[a]ny party may serve on any other party a request (1) to

20  produce and permit the party making the request, or someone acting on the
   requestor's behalf, to inspect, copy, test, or sample any designated documents or

21  electronically stored information." According to the Advisory Committee Notes,
   the amendments to Rule 34 do not alter the discoverability of electronic information,

22  but clarify uncertainties in the former Rule by providing for testing of electronic
   information. See 2005 Committee Notes to Fed. R. Civ. P. 34 ("Rule 34(a)(1) is

23  also amended to make clear that parties may request an opportunity to test or sample

24  materials sought under the rule in addition to inspecting and copying them. That
   opportunity may be important for both electronically stored information and hard-

25  copy materials.").

26  [81]  Bryant Deposition at 246:3-5, Zeller Dec. Exh. 7.

27  [82]  Bryant Deposition at 246:2-17, Zeller Dec. Exh. 7.

28                          EXHIBIT  11  PAGE  181

1  during the time that he purportedly created "Bratz."[84]  Bryant used these computers

2  to communicate with and perform work for MGA.[85]  The hard drives of these

3  computers likely contain responsive documents and relevant information that have

4  not yet been produced.

5          Mattel first learned of the existence of the Desktop during a telephone

6  conversation with Bryant's counsel.[86]  In later correspondence, Bryant's counsel

7  indicated that he had looked at the hard drive of the Desktop but located no

8  responsive documents.[87]  However, Bryant and his cousnel have not made any effort

9  to conduct a forensic analysis of that hard drive or to determine whether any deleted

10  documents could be retrieved and produced.[88]  Because Bryant apparently had not

11  created any forensic copy of that (or any other) hard drive, Mattel requested that

12  Bryant's counsel take possession of the hard drives to ensure that any evidence they

13  may contain is not destroyed.[89]

14          Compelling the production of the hard drives to Mattel is appropriate

15  for two principal reasons.  First, it is appropriate to ensure that evidence is not lost

16  and to permit Mattel to ascertain whether any relevant materials have been deleted.

17  Mattel should be permitted to make mirror-images of the hard drives of each

18  computer.  Even if the evidence on Bryant's computers has been deleted, the hard

19  drives must be produced because deleted records are discoverable.  See Simon

20  Property Group L.P. v. mySimon, Inc., 194 F.R.D. 639, 640-41 (S.D. Ind. 2000)

21  (holding that plaintiff case was entitled to attempt to recover deleted computer files

22  from computers used by employees of the defendant to develop evidence supporting

23  _____

24  [83]  Bryant Deposition at 247:25-248:2, Zeller Dec. Exh. 7.

     [84]  Bryant Deposition at 245:25-246:2, Zeller Dec. Exh. 7.

25  [85]  Zeller Dec. ¶ 27.

     [86]  Zeller Dec. Exh. 36.

26  [87]  Zeller Dec. ¶ 27, Exh. 28.

27  [88]  Zeller Dec. ¶ 27.

28                                    EXHIBIT  11  PAGE  182

1   its claims: "computer records, including records that have been 'deleted,' are

2   documents discoverable under Fed. R. Civ. P. 34.").

3         Second, Mattel is entitled to review the hard drives to determine

4   whether the computers contain additional responsive documents.  The evidence

5   suggests they do.  Bryant's counsel has represented that he looked at one hard drive

6   for responsive documents, but it is not clear that he looked for or recovered deleted

7   data from that hard drive or attempted to examine the other computers at all.[90]  What

8   is clear is that there are numerous deficiencies in Bryant's production, including

9   things that likely are on the hard drives.

10        Bryant used e-mail in his exchanges with MGA and others pertaining to

11   Bratz.[91]  In a Bratz-related letter, Bryant specifically invited the recipient to contact

12   him by e-mail.[92]  However, Bryant has not turned over even hard copies of some

13   responsive e-mails or their attachments.  MGA, for example, produced e-mail

14   messages that Bryant exchanged with MGA in 2000.[93]  Bryant did not produce these

15   e-mails in any form.[94]  Given the dates on the e-mails, it is likely that files

16   containing these and other e-mails are on the hard drive of his Desktop.  Bryant's

17   entire production contains only a few pages of computer-generated documents: a

18   _____

19   [89]   Zeller Dec. ¶ 28, Exh. 29.

     [90]   Zeller Dec. ¶¶ 27 & 28, Exhs. 28 & 29.  In the Joint Stipulation, Bryant

20   remarked that "Mattel's unsubstantiated comment that Bryant's counsel 'apparently

     has made no effort to look for or recover deleted data from [the Desktop's] hard

21   drive and made no effort to examine the other computers at all' is a complete

     falsehood." Joint Stip. at 65:7-10, Zeller Dec. Exh. 1.  Recently, however, Bryant

22   acknowledged that he *has not even located* the two computers at issue other than the

     Desktop. Zeller Dec. ¶ 28.  Further, Bryant has never shown that he searched for

23   deleted files. Id.

24   [91]   Zeller Dec. Exhs. 20, 21 & 31.

     [92]   Zeller Dec. Exh. 33 at BRYANT 00376.

25   [93]   Zeller Dec. Exhs. 20 & 21.

26   [94]   Zeller Dec. ¶¶ 20 & 21.

27

28

                                                    EXHIBIT   11   PAGE 183

1    few e-mail messages, four letters, and a résumé.[95]   Mattel is entitled to inspect the

2    hard drives of Bryant's computers to determine whether they contain additional

3    responsive documents.

4            Bryant may argue that his "personal" computers are immune from

5    discovery.  That is incorrect.  Courts permit inspection of home computers.  See,

6    e.g., Simon Property Group L.P., 194 F.R.D. at 640-41 (holding that plaintiff in

7    trademark case was entitled to attempt to recover deleted computer files from

8    computers used by employees of the defendant -- whether such computers were at

9    home or at work -- to develop evidence supporting its claims); Superior Consultant

10   Co., 2000 WL 1279161, at *13 (E.D. Mich. Aug. 22, 2000) (ordering defendants to

11   "create and produce to defense counsel a backup file of defendant Bailey's laptop

12   computer, and a backup file of any personal computer hard-drive to which defendant

13   Bailey has had access at any time").  Such an inspection is particularly appropriate

14   where, as here, the responding party used the computer for business purposes.  Of

15   course, Bryant may produce his hard drives subject to the Protective Order.  Also,

16   Mattel has offered, and remains willing, to pay the costs involved in collecting and

17   copying Bryant's computers.[96]

18       **E.    The Court Should Order Bryant To Complete His Production**

19            Overall, Bryant's documents bear indicia of incompleteness, and some

20   appear to have been affirmatively sanitized to obscure the timing and recipients of

21   relevant communications relating to the Bratz project.  Thus, Bryant's production

22   contains:

23       •    Faxed documents that bear neither a fax header nor include a fax cover
24            sheet and/or do not include all of the faxed pages;[97]

25   ─────────────────
     [95]   Zeller Dec. Exhs. 31, 32 & 33.
26   [96]   Zeller Dec. Exh. 44.
     [97]   Proctor Dec. Exh. 18; Zeller Dec. Exh. 16.
27

28                                              EXHIBIT  11   PAGE 184

- Letters that reference attachments that have not been produced;[98]

- Documents that reference other responsive documents that have not been produced;[99] and

- Responsive documents that Mattel knows exist but that Bryant has failed to produce,[100] including e-mails,[101] records relating to the "Angel" project,[102] and documents relating to Bryant's contracts with MGA.[103]

The fax-related documents produced by Bryant are particularly troubling because they lack information that *always* accompany faxes, such as header information showing the identity of sending and receiving parties. For example, Bryant has produced a Bratz drawing that bears an April 10, 2000 fax header -- but with the sender name and telephone number missing.[104] Such information must be included on faxes by law. See 47 U.S.C. § 227(d)(1)(B). The document also has no fax cover sheet.[105] The Court has recognized that the omission of such fax header information is highly suspicious, especially in light of the evidence that MGA's CEO instructed an employee to obliterate the fax header on a fax Bryant sent to MGA from Mattel.[106] Notably, Bryant claimed at deposition that he was not working on Bratz in April 2000.[107]

Similarly, although MGA produced information suggesting there were faxed communications between Bryant and a Mattel vendor in the Fall of 2000

---

[98]  Zeller Dec. ¶¶ 16 & 33, Exhs. 16, 17, & 34.
[99]  Zeller Dec. ¶ 30 Exh. 32.
[100] Zeller Dec. ¶¶ 20 & 21.
[101] Id.
[102] Zeller Dec. ¶ 19.
[103] Zeller Dec. ¶ 19.
[104] Proctor Dec. Exh. 17.
[105] Proctor Dec. ¶ 17.
[106] Expert Witnesses Order at 7:4-9:9, 17:2-18:14, Zeller Dec. Exh. 2.
[107] Bryant Deposition at 268:15-18, Zeller Dec. Exh. 7.

EXHIBIT 11 PAGE 185

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

07209/1992206.8

1 | regarding the Bratz project,[108] Bryant initially had not produced such documents.[109]
2 | After Mattel pressed the issue, Bryant belatedly produced previously withheld
3 | communications, including faxes, between Bryant and the vendor.[110] This later
4 | production also included a letter dated September 18, 2000 -- over a month before
5 | Bryant left Mattel -- in which Bryant stated he was "working with MGA."[111] These
6 | belatedly produced documents reference other responsive documents, such as
7 | attachments, that Bryant has never produced.[112]
8 |      Bryant should be ordered to produce complete documents that are
9 | responsive to Mattel's requests. This should include all of the documents' referenced
10 | attachments and fax cover sheets and any other documents and information showing
11 | when they were faxed and the parties to the transmissions.
12 |
13 | **VIII. BRYANT SHOULD BE SANCTIONED**
14 |      Under the Federal Rules, a party bringing a motion to compel is entitled
15 | to the "reasonable expenses incurred in making the motion, including attorney's fees,
16 | unless the court finds that the motion was filed without the movant's first making a
17 | good faith effort to obtain the disclosure or discovery without court action, or that
18 | the opposing party's nondisclosure, response or objection was substantially justified,
19 | or that other circumstances make an award of expenses unjust." Fed. R. Civ. P.
20 | 37(a)(4). The burden of establishing substantial justification is on the party being
21 | sanctioned. Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).
22 | Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides
23 | that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably

---

[108] Zeller Dec. Exhs. 31 & 32.
[109] Zeller Dec. ¶ 30.
[110] Id.
[111] Zeller Dec. Exh. 31.
[112] Zeller Dec. ¶ 30.

EXHIBIT 11 PAGE 186

1  and vexatiously may be required by the court to satisfy personally the excess costs,

2  expenses, and attorneys' fees reasonably incurred because of such conduct."

3  Sanctions under this section are appropriate "for conduct that, viewed objectively,

4  manifests either intentional or reckless disregard of the attorney's duties to the

5  court." RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995), citing Braley v.

6  Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987).

7           Sanctions are called for here.  Bryant has not offered and cannot offer

8  any legitimate excuse for his multiple tactics designed to hide the ball.  He has

9  asserted numerous objections that have no basis in law or fact.  He has withheld, and

10 continues to withhold, indisputably relevant information.  He has redacted vast

11 portions of documents, stripping them of salient information.  And he has produced

12 documents that are demonstrably incomplete, including faxed communications that

13 omit crucial information.

14          Sanctions are particularly warranted in light of Bryant's long history of

15 discovery gamesmanship.  Since the outset of this action, Bryant and his counsel

16 have persisted in a strategy of obstruction.  That strategy undoubtedly will continue

17 unless the Court takes action to discourage it.  Thus:

18 •    After Mattel noticed Bryant's deposition in June 2004, Bryant moved
       for a stay of his deposition.  The Court denied his motion.  Nonetheless,
19     Bryant refused to appear for deposition (and thus arrogated to himself
       the stay the Court had rejected).  In July 2004, Mattel began moving
20     forward with a motion to compel his deposition under the Local Rules.
       After being served with Mattel's portions of a Joint Stipulation on the
21     motion,  Bryant's counsel gave their "word as attorneys" -- as they
       expressed it -- that he would appear for deposition during the week of
22     August 16.  Bryant's counsel claimed that Mattel's request for a written
       stipulation ensuring Bryant's attendance (because of his previous
23     refusals and failures to appear) was "unnecessary" and "insulting"
       because they, "as attorneys," guaranteed that the deposition would go
24     forward as agreed.  Bryant's counsel made these representations to
       induce Mattel not to go forward with its motion to compel that was
25
26
27

28                                   EXHIBIT  II  PAGE  187

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

underway.  At the eve of the agreed-upon deposition date, Bryant cancelled the deposition.[113]

- After that, Bryant persisted in his refusals to be deposed, and the state court entered two Orders compelling him to appear for deposition.  The second Order was necessary because Bryant refused to comply with the first one.  It was on the eve of his twice-compelled deposition that Bryant removed this case for a second time.  When he finally appeared, Bryant obstructed the deposition with numerous instructions not to answer.  He then refused to allow completion of his deposition and unilaterally adjourned it.[114]

- Bryant and/or MGA have engaged in destructive testing of Bryant's original drawings without notice to the Court or Mattel.[115]  The Court has recognized that "there are serious questions concerning the handling of these critical documents [which cause] the Court much concern about whether the truth seeking functions of the adversarial system have been fundamentally compromised in this case."[116]

- As to the documents at issue in this motion specifically, Bryant has continuously manipulated the system to avoid producing basic discovery.  Mattel's Requests for Production were served on June 14, 2004 -- nearly two-and-a-half years ago.[117]  Mattel moved to compel nearly two years ago.[118]  Through his machinations, Bryant has avoided curing the defects in his production for this extended period of time.  For instance, the parties reached agreement regarding certain failures of Bryant's responses while the case was in state court.[119]  Bryant reneged on these promises after he successfully moved to remove the case to federal court.[120]  Now, Bryant has again delayed curing the defects in his production by stringing Mattel along for as long as possible but

---

[113] Zeller Dec. ¶¶ 43-49, Exhs. 46-51.
[114] Zeller Dec. ¶¶ 50-55, Exhs. 52-55.
[115] Expert Witnesses Order at 4:19-7:3, Zeller Dec. Exh. 2.
[116] Expert Witnesses Order at 11:10-13, Zeller Dec. Exh. 2.
[117] Mattel's Requests, Zeller Dec. Exh. 4.
[118] Joint Stip., Zeller Dec. Exh. 1.
[119] Zeller Dec. Exhs. 36 & 37.
[120] Zeller Dec. ¶ 36.

EXHIBIT 11 PAGE 188

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1   ultimately reneging on the agreement reached in Judge Block's
2   chambers.[121]

3   Bryant's stratagems are the definition of unreasonable and vexatious,
4   and he and his counsel should be sanctioned for the fees and costs Mattel has been
5   forced to expend as a result of his evasions in connection with his document
6   production. Mattel therefore requests that Bryant be ordered to pay $7,805.00 as
7   partial reimbursement for the fees and costs that Mattel has incurred on this Motion.
8   This sum does not include any fees associated with the Joint Stipulation Mattel filed
9   to get Bryant's documents almost two years ago.

10

11   DATED: January 3, 2007          QUINN EMANUEL URQUHART OLIVER &
12                                   HEDGES, LLP

13
        By   _John Quinn / BP_____
14           John B. Quinn
15           Attorneys for Plaintiff and Cross-Defendant
             Mattel, Inc.
16

17   _____
     [121]   Zeller Dec. Exh. 44.
18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 11  PAGE 189

07209/1992206.8

-66-

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

**Exhibit 12**

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 90378)
      (johnquinn@quinnemanuel.com)
3     Michael T. Zeller (Bar No. 196417)
      (michaelzeller@quinnemanuel.com)
4     Jon D. Corey (Bar No. 185066)
      (joncorey@quinnemanuel.com)
5   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
6   Telephone:  (213) 443-3000
    Facsimile:  (213) 443-3100

7   Attorneys for Plaintiff and Cross-
    Defendant Mattel, Inc.

8

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12   CARTER BRYANT, an individual,      CASE NO. CV 04-9049 SGL (RNBx)

13                   Plaintiff,         Consolidated with
                                        Case No. CV 04-09059
14        vs.                           Case No. CV 05-02727

15                                      **DISCOVERY MATTER**
16   MATTEL, INC., a Delaware
     corporation,                       **[To Be Heard By Discovery Master
17                   Defendant.         Hon. Edward Infante (Ret.) Pursuant
                                        to Court's Order of December 6,
18                                      2006]**

19   AND CONSOLIDATED ACTIONS           DECLARATION OF MICHAEL T.
                                        ZELLER IN SUPPORT OF MATTEL,
20                                      INC.'S MOTION TO COMPEL
                                        PRODUCTION OF DOCUMENTS BY
21                                      CARTER BRYANT

22                                      Hearing Date:  TBA
                                        Time:  TBA
23                                      Place:  TBA

24                                      Discovery Cut-off:  None Set
                                        Pre-trial Conference:  None Set
25                                      Trial Date:  None Set

26                   **CONFIDENTIAL
27       FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

28                        EXHIBIT 12  PAGE 190

07209/1990724.4

ZELLER DECLARATION

703

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Cross-
Defendant Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant to Court's Order of December 6, 2006]**<br><br>DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY CARTER BRYANT<br><br>Hearing Date: TBA<br>Time: TBA<br>Place: TBA<br><br>Discovery Cut-off: None Set<br>Pre-trial Conference: None Set<br>Trial Date: None Set |

**CONFIDENTIAL**
**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 12 PAGE 191

07209/1990724.4

ZELLER DECLARATION

DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1.    I am a member of the bars of the States of California, New York and Illinois and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and counter-defendant, Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.    Attached as Exhibit 1 is a true and correct copy of excerpts from the Un-redacted Joint Stipulation Re: Mattel's Motion To Compel Production of Documents, filed on January 6, 2005.

3.    Attached as Exhibit 2 is a true and correct copy of excerpts from the Court's Order Denying Mattel's Motion for Appointment of Expert Witnesses, dated August 10, 2006.

4.    Attached as Exhibit 3 is a true and correct copy of Bryant's Objections and Responses to Mattel's First Set of Requests for Production of Documents and Tangible Things dated July 16, 2004.

5.    Attached as Exhibit 4 is a true and correct copy of Mattel's First Set of Requests for Production of Documents and Tangible Things dated June 14, 2004.

6.    Attached as Exhibit 5 is a true and correct copy of an October 20, 2004 letter from Mr. Jacoby, counsel for Bryant, to myself, attaching Bryant's privilege log in this action. This log references only four documents.

7.    Attached as Exhibit 6 is a true and correct copy of Minutes of Proceedings in Judge Block's Courtroom dated June 20, 2006.

8.    Attached as Exhibit 7 is a true and correct copy of excerpts from the deposition of Carter Bryant.

EXHIBIT 12  PAGE 192

'209/1990724.4

9.     Attached as Exhibit 8 is a true and correct copy of excerpts from the transcript of the deposition of Anna Rhee ("Rhee Deposition"), which commenced on February 3, 2005.

10.     Attached as Exhibit 9 is a true and correct copy of excerpts from the transcript of the deposition of Steven Linker ("Linker Deposition"), which took place on September 13, 2006.

11.     Attached as Exhibit 10 is a true and correct copy of Mattel's Conflict of Interest Questionnaire signed by Bryant on January 4, 1999.

12.     Attached as Exhibit 11 is a true and correct copy of the Stipulated Protective Order in this case.

13.     Attached as Exhibit 12 are true and correct copies of the Court's Civil Minutes of March 23, 2005, ordering Mr. Larian to appear for deposition and the Court's Civil Minutes of June 16, 2006, ordering Mr. Larian to appear for deposition.

14.     Attached as Exhibit 13 are true and correct copies of the Court's Orders compelling Bryant's deposition, dated October 5, 2004 and October 19, 2004.

### Bryant's Incomplete Production of Documents

15.     Mattel has produced more than 17,000 pages of documents to date and will be producing thousands more pages of documents on or about January 4, 2007, which is when Mattel and MGA are currently scheduled to exchange additional documents.  In contrast, Bryant, who has not agreed to supplement his production on January 4, 2007 or at any other time, has produced only about 1,600 pages of documents over the course of this litigation.  Bryant first produced documents in this case on August 12, 2004.  Attached as Exhibit 14 is a true and correct copy of the August 12, 2004 letter from Keith Jacoby, Bryant's counsel of record in this case, that accompanied Bryant's first production.

-3-

EXHIBIT 12   PAGE 193

16.     Bryant's production consists of a variety of materials that are largely undated, and they represent a hodge-podge of correspondence, notes, drawings and photocopies from magazines.  There was no indication in Bryant's production about the documents' source or the manner in which they were kept. Bryant has produced documents that demonstrate that he affirmatively omitted information about their sources and the manner in which they were kept.  See e.g., Exhs. 15 & 16.  Additionally, the overwhelming majority of the drawings produced by Bryant are undated.  Attached as Exhibit 15 is a true and correct copy of a sample of the documents produced by Bryant on August 12, 2004, Bates Nos. BRYANT 00188, 00193, 00189-91, 00196, and 00198-200, as received by Mattel.

17.     Attached as Exhibit 16 is a true and correct copy of a faxed document as produced by Bryant, Bates No. BRYANT 1220.  The fax number is obliterated from the header of the document, and no fax cover sheet was produced identifying the sender and recipient of the fax.

18.     Attached as Exhibit 17 is a true and correct copy of a fax cover sheet for a fax from Bryant to Cecilia Kwok on October 26, 2000, Bates No. BRYANT 00219, as produced by Bryant.  The cover sheet indicates that, including the cover sheet, the fax transmission was 6 pages long.  The "COMMENTS" section of the cover sheet indicate that a "'BRATZ' BACKPACK/DOLLCASE DESIGN" and fabrication information were attached to the original fax.  The attachment to this fax cover sheet has not been produced by Bryant.

19.     Bryant has failed to produce a number of royalty statements, including any documents showing payments for his services on an MGA project known as "Angel," which Bryant acknowledged in deposition he worked on during his Mattel employment.  See Exh. 7 (at 178:3-18, 195:21-25, and 196:1-20).  Of the royalty statements and other financial information that Bryant has produced, many documents have been redacted to the point where they are indecipherable.  Attached as Exhibit 18 are true and correct copies of a representative selection of the royalty

1 | statements and financial documents produced by Bryant on November 1, 2004,

2 | Bates Nos. BRYANT 00728-781.  Attached as Exhibit 19 are true and correct

3 | copies of check receipts showing payment to Bryant for work on an MGA project

4 | called "Sugar Planet," produced by Bryant on November 1, 2004, Bates Nos.

5 | BRYANT 01194 & 01196, as received by Mattel.

6 |      20.    Attached as Exhibit 20 is a true and correct copy of an e-mail

7 | exchange between Isaac Larian and Carter Bryant dated October 5, 2000, as

8 | produced by defendant MGA on August 12, 2004, Bates No. MGA000423.  Bryant

9 | has never produced this document, nor has he produced any other written

10 | communications regarding marketing and/or advertising ideas that he provided to

11 | MGA.

12 |      21.    Attached as Exhibit 21 is a true and correct copy of an e-mail

13 | exchange between Carter Bryant and Paula Treantafelles, dated October 24, 2000, as

14 | produced by defendant MGA, Bates No. MGA000427-428.  This document reflects

15 | that there had been facsimile communications between Bryant and Kinuyo

16 | Shichijyo, a Mattel vendor, in the Fall of 2000.   Bryant has never produced this

17 | document.

18 |      22.    Attached as Exhibit 22 is a true and correct copy of the

19 | "Modification and Clarification of the 2000 Agreement" between Bryant and MGA,

20 | bearing various dates in May 2004, which was produced by MGA on August 12,

21 | 2004, Bates Nos. MGA 000429-434, as received by Mattel.  Bryant has never

22 | produced a copy of this agreement in any form.

23 |      23.    Attached as Exhibit 23 is a true and correct copy of an October

24 | 25, 2000 e-mail message with attached pictures of a doll sculpture from Mercedeh

25 | Ward to a variety of recipients, including Bryant, produced by MGA on August 12,

26 | 2004, as received by Mattel.

27 |      24.    Attached as Exhibit 24 is a true and correct copy of two pages

28 | from the index of a Notary Public, Bates Nos. BRYANT 00928-929, as produced by

1  Bryant. The first entry indicates that Bryant had "sketches of doll idea" notarized on
2  August 26, 1999, including "2 males." Attached as Exhibit 25 are true and correct
3  copies of black and white drawings of male figures that were notarized by
4  Jacqueline Ramona Prince on August 26, 1999, Bates Nos. BRYANT 00207 and
5  00210, as produced by Bryant and received by Mattel. Although Bryant was
6  employed by Mattel in August 1999, he has produced virtually no information about
7  these male doll designs or about the male dolls known as "Boyz" that have been sold
8  as part of the Bratz line.

9          25.    On November 1, 2004, Bryant produced some telephone records.
10  Attached as Exhibit 26 are true and correct copies of a representative sample of the
11  telephone records produced by Bryant on November 1, 2004, Bates Nos. BRYANT
12  01260-1285, as received by Mattel. Bryant has produced no telephone bills for a
13  carrier known as "tti National, Inc." for any date prior to October 23, 2000 for one
14  phone number or any date prior to October 26, 2000 for another phone number.

15          26.    Bryant has attempted to justify his refusals to provide answers
16  and his production of heavily redacted documents on the basis of his alleged privacy
17  right. Attached hereto as Exhibit 27 is a true and correct copy of the Dallas County
18  Court at Law's Order Granting Mattel, Inc.'s Motion to Compel Production of
19  Documents, dated December 10, 2004. The Order compelled the production of SBC
20  Communications' telephone records for telephone numbers and accounts for and/or
21  in the name of Carter H. Bryant from January 1, 1998 through January 1, 2001 that
22  had been the subject of a Mattel subpoena. Bryant had objected to the production of
23  such documents on privacy grounds, which objections were overruled by the Texas
24  Court's Order.

### Bryant's Computer Hard Drives

26          27.    Bryant used at least three computers during the relevant time
27  periods that Mattel is aware of to date. Bryant's counsel has represented in a letter, a
28  true and correct copy of which is attached hereto as Exhibit 28, that he (or someone

1  on his behalf) had looked on the hard drive of one of Bryant's computer (which had

2  been given away), but located no responsive documents.  However, during meet and

3  confer sessions, Bryant's counsel confirmed that no effort has been made to conduct

4  a forensic analysis of that hard drive or to determine whether any deleted documents

5  could be retrieved.  Bryant's counsel, Mr. Jacoby, also has refused to produce the

6  hard drive of that computer, even though Mattel offered to bear the cost of the

7  analysis by a forensics expert.

8        28.    Mattel urged Bryant to secure possession of all relevant

9  computer hard-drives to prevent the possible destruction of evidence.  For example,

10  in a letter dated November 17, 2004, a true and correct copy of which is attached as

11  Exhibit 29, Mattel asked Bryant's counsel to secure possession of these drives.

12  Bryant and his counsel have not made any effort to do so as to any of the computers.

13  Further, for the first time during a teleconference on July 26, 2006, counsel for

14  Bryant revealed to me that Bryant purportedly has not located the other two

15  computers he acknowledged using during the relevant time period.

16        29.    Mattel has received documents from Bryant that reveal his use of

17  computers during the relevant period of time.  Attached as Exhibit 30 is a true and

18  correct copy of a computer-generated letter dated January 20, 2001 from Bryant to

19  "Cecelia," as produced by Bryant on August 12, 2004, Bates No. BRYANT 00376.

20  The attachments referenced in the letter were not produced.

21        30.    Attached as Exhibit 31 is a true and correct copy of an e-mail

22  message and attached fax between "K. Shichijyo" and Bryant, dated September 18,

23  2000 and bearing Bates Nos. BRYANT 01202-1203, as produced by Bryant to

24  Mattel on November 1, 2004.  Attached as Exhibit 32 is a true and correct copy of a

25  computer-generated letter from Bryant to "Kinuyo" dated September 18, 2000, with

26  fax confirmation sheet, Bates No. BRYANT 01200-01, as produced by Bryant.  The

27  exchange between Mr. Shichijyo and Bryant refers to other, earlier exchanges

28  between them that have not been produced by Bryant.

-7- EXHIBIT 12  PAGE 197

1     31.     Attached as Exhibit 33 are true and correct copies of computer-
2  generated letters, Bryant's computer-generated résumé, and a list of e-mail
3  addresses, all as produced by Bryant and received by Mattel, Bates Nos. BRYANT
4  00346, 00377, 00376, 00870-872.  Bryant also testified that he regularly used e-mail
5  as a means of communication about the development of Bratz.  See Exh. 7 (at
6  400:11-21).

7                      **Mattel's Efforts To Meet and Confer**

8     32.     I met with Mr. Jacoby on August 25, 2004 to attempt to resolve
9  disputes regarding Bryant's responses to Mattel's requests for production and
10  deficient production.  Mattel's attempt to obtain further documents informally has
11  been ongoing since then.  Bryant made two subsequent productions of documents on
12  October 14, 2004 and November 1, 2004 respectively.  However, Bryant refuses to
13  cure most of the deficiencies in his production and responses, and he has never
14  amended his responses.

15     33.     Attached as Exhibit 34 is a true and correct copy of a letter from
16  counsel for Mattel to counsel for Bryant dated October 18, 2004, outlining
17  deficiencies in Bryant's objections and responses, as well as his production.  The
18  objections and responses to which Mattel's counsel refers are those served in
19  response to Mattel's Requests for Production served in state court.

20     34.     Attached as Exhibit 35 is a true and correct copy of a letter from
21  counsel for Mattel to counsel for Bryant dated October 22, 2004 letter, identifying
22  the deficiencies in Bryant's privilege log.  Bryant refuses to supplement his log.

23     35.     During a telephone conversation on October 25, 2004 between
24  counsel for Mattel and counsel for Bryant, counsel for Bryant acknowledged the
25  existence of documents relating to Bryant's agreements with MGA, including one or
26  more drafts of the agreement attached as Exhibit 3 to the accompanying Proctor
27  Declaration, as well as correspondence or notes.  Attached as Exhibit 36 are true and
28  correct copies of letters from counsel for Mattel to counsel for Bryant dated October

27 and 28, 2004, confirming aspects of that conversation, including that Mr. Jacoby had in his possession non-privileged documents that were responsive to Mattel's discovery requests and that Bryant was not relying on his "vagueness" and "ambiguity" objections to the wording of Mattel's requests, and once again detailing the deficiencies in Bryant's objection, responses, and production.

36.     Bryant's attorneys have at various times agreed to inquire into the omissions in his production. For example, attached as Exhibit 37 is a true and correct copy of a November 1, 2004 letter from Keith Jacoby to counsel for Mattel, in which Mr. Jacoby agreed to investigate the gaps in Bryant's production. However, Bryant's counsel never responded further to Mattel's requests.

37.     Therefore, Mattel filed a motion to compel production of Bryant's documents on January 6, 2005. See Exh. 1. However, in an Order dated January 6, 2006, a true and correct copy of which is attached as Exhibit 38, Judge Block stayed resolution of Mattel's motion to compel pending resolution of the parties' jurisdictional disputes.

38.     After the resumption of discovery in 2006, the parties met and conferred in Judge Block's courtroom on June 20, 2006, and achieved apparent agreement with respect to Bryant's deficient production. The parties notified Judge Block that they would submit a stipulation and order memorializing their agreement. See Exh. 6. However, over the course of the four ensuing months, Bryant backed away from the parties' initial agreement.

39.     Three days after the conference in Judge Block's chambers, I wrote a letter to Keith Jacoby, attaching a draft Stipulation and Proposed Order embodying the parties' resolution of Mattel's Motion to Compel reached at the meet and confer in Judge Block's courtroom. Attached hereto as Exhibit 39 is a true and correct copy of my letter to Mr. Jacoby, dated June 23, 2006. I received no response. One week later, I wrote a second letter to Mr. Jacoby inquiring when I could expect a response to my June 23, 2006 letter. A true and correct copy of my

1   second letter is attached hereto as Exhibit 40, dated June 30, 2006.  Attached hereto

2   as Exhibit 41 is a true and correct copy of Mr. Jacoby's e-mailed response to me,

3   dated July 3, 2006, in which Mr. Jacoby promises to look at the draft that day.

4   Nonetheless, as of July 7, 2006, I still had not received a substantive response and

5   wrote Mr. Jacoby again.  Attached hereto as Exhibit 42 is a true and correct copy of

6   my letter to Mr. Jacoby, dated July 7, 2006.

7           40.     When I finally received Mr. Jacoby's proposed draft stipulation,

8   it was not consistent with the parties' original agreement from June 20, 2006.

9   Attached hereto as Exhibit 43 is a true and correct copy of my colleague, John

10  Quinn's, e-mail to Mr. Jacoby, dated July 20, 2006, in which Mr. Quinn outlines the

11  problems with Mr. Jacoby's proposed changes.  Throughout the remaining four

12  months, the parties attempted to reach agreement, exchanging numerous e-mails as

13  well as discussing the stipulation via teleconference and in person; however, Bryant

14  insisted upon injecting new demands into the stipulation.  Most notably, Mr. Jacoby

15  demanded that Mattel waive its right to all further discovery in connection with its

16  Requests in return for Bryant's signature on the stipulation.  On October 6, 2006,

17  Mr. Quinn informed Mr. Jacoby that Mattel had no alternative but to proceed with a

18  motion.  Attached hereto as Exhibit 44 is a true and correct copy of Mr. Quinn's e-

19  mail Mr. Jacoby, Ms. Dale Cendali and myself, dated October 6, 2006.

20          41.     As of today, Bryant refuses to produce even documents he

21  acknowledges Mattel is entitled to.  As set forth in the final version of the parties'

22  draft stipulation, a true and correct copy of which is attached to the email from

23  myself to Mr. Jacoby attached hereto as Exhibit 45, Mr. Jacoby agreed in principle

24  that the following areas are discoverable:  (1) all written agreements relating to work

25  Bryant performed for MGA prior to June 30, 2001, and all amendments to such

26  agreements; (2) any relevant documents found as a result of a reasonable search,

27  including forensic analysis, of the hard drive of the computer Bryant says he has

28  located that he used during the relevant time period; (3) all documents, irrespective

1  of the dates on which the documents were created, and including records of

2  payments and documents relating to the filing of patent, copyright and trademark

3  applications, relating to (a) work on Bratz prior to January 1, 2001, (b) work Bryant

4  performed with, for or on behalf of MGA after January 1, 2001 relating to the

5  release of the first generation of Bratz dolls, and (c) any payments received by

6  Bryant for work he performed with, for or on behalf of MGA while Bryant was

7  employed by Mattel; and (4) all documents and tangible things Bryant obtained

8  from Mattel during the course of his employment at Mattel.  However, Bryant has

9  never produced these documents.

10      42.    As directed by the Discovery Master during the December 19,

11  2006 tele-conference , counsel Mattel met and conferred with Bryant regarding this

12  motion again on December 28, 2006.  The parties could not reach resolution.

13  Bryant remains unwilling to produce any documents, including even those he agrees

14  are discoverable, unless Mattel stipulates that it cannot obtain all other documents at

15  issue in this motion.  Mr. Jacoby stated that Bryant would not produce "one iota"

16  more than what was listed in the last draft stipulation circulated between the parties,

17  and would not produce any documents (including those Bryant otherwise has agreed

18  to produce) unless Mattel agreed to waive its right to pursue all other withheld

19  documents and other issues presented by this motion.

20                **Bryant's Other Discovery Abuses**

21      43.    On June 17, 2004, Mattel served its first Notice of Deposition for

22  Bryant, a true and correct copy of which is attached as Exhibit 46.

23      44.    On June 18, 2004, immediately after Mattel noticed Bryant's

24  deposition, Bryant filed with this Court an *ex parte* application that sought a

25  complete stay of discovery by Mattel, including Bryant's deposition.  The Court

26  denied the entirety of Bryant's application, including his stay requests.  Attached as

27  Exhibit 47 is a true and correct copy of the Court's Order dated June 22, 2004.

28

EXHIBIT 12 PAGE 201

-11-

7209/1990724.4

1    45.    On July 11, 2004, due to Bryant's failure to meet and confer

2  within the time mandated by the Local Rules, Mattel sent Bryant its portions of a

3  Joint Stipulation on Mattel's motion to compel Bryant's deposition. Attached as

4  Exhibit 48 is a true and correct copy of my letter to Douglas Wickham dated

5  July 11, 2004, attaching Mattel's portions of a Joint Stipulation for Mattel's motion

6  to compel Bryant's deposition.

7    46.    On July 12, 2004, in its continuing efforts to resolve Bryant's

8  failure to appear for deposition, Mattel sent a letter again offering to continue to

9  meet and confer regarding Bryant's refusal to be deposed to avoid burdening the

10  Court. A true and correct copy of this letter is attached as Exhibit 49.

11    47.    Bryant agreed to meet. At the meeting on July 13, 2004,

12  Bryant's counsel, Keith Jacoby and Douglas Wickham, stated that a motion to

13  compel the deposition was "unnecessary" because Bryant's counsel were giving their

14  "word as attorneys" that Bryant would appear for deposition in St. Louis during the

15  week of August 16, 2004. This representation was confirmed in writing by Bryant's

16  counsel the following day. Attached as Exhibit 50 is a true and correct copy of a

17  letter I received from Keith Jacoby dated July 14, 2004. Mr. Jacoby's letter

18  acknowledged the parties' "agreement" that Bryant would appear for deposition on

19  August 17, 2004 and reiterated that "Mr. Wickham and I have given our

20  representations as counsel" that Bryant would appear, absent "an unforeseen

21  medical emergency or other exigent circumstances." Mr. Jacoby further stated: "In

22  my entire career, I have never had a witness I was representing spontaneously refuse

23  to appear, nor has Mr. Wickham. I do not believe this will occur here, and ask that

24  you accept the good faith representation of Mr. Wickham and I, rather than waste

25  the Court's time and resources with a preemptive discovery motion." Bryant's

26  counsel also stated at the July 13 meeting that requiring a signed Stipulation to

27  ensure Bryant's appearance at the agreed-upon time and place was "unnecessary"

28

EXHIBIT 12   PAGE 202

7209/1990724.4

ZELLER DECLARATION

1  and "insulting" because their "word as attorneys" was "good enough" to ensure that

2  Bryant would appear for deposition as agreed.

3        48.    Rather than burden the Court with a motion, Mattel relied on the

4  representations of Bryant's counsel and made arrangements to take Bryant's

5  deposition.  Attached as Exhibit 51 is a true and correct copy of my letter to Keith

6  Jacoby dated July 14, 2004, which further confirmed Bryant's counsel's

7  representations as attorneys that Bryant would appear for deposition at the agreed-

8  upon time and place.  Mattel's July 14 confirming letter, which Bryant never

9  disputed, stated:

10       While Mattel did not agree with the delay of Mr. Bryant's previously noticed

11       deposition until August for reasons that I have already stated and does not

12       believe that the statements in your letter of earlier today accurately reflect

13       Mattel's position in all respects, we will accept *your representations as an*

14       *attorney that Mr. Bryant will appear for deposition at the agreed-upon*

15       *location and time*.  Thus, as I mentioned over the phone today, *based upon*

16       *those representations*, we will not be going forward at this juncture with a

17       motion to compel his deposition, without prejudice of course to our rights to

18       seek Court relief if circumstances change.

19  (Emphasis added.)  Mattel's counsel then purchased plane tickets, arranged for

20  video and a court reporter at the deposition, obtained space in St. Louis for the

21  deposition, made hotel arrangements, and rearranged other client matters in order to

22  be free to travel to St. Louis for the deposition.

23       49.    On the afternoon of Friday, August 13, Bryant faxed to plaintiff,

24  without notice and without any discussion with Mattel beforehand, a letter

25  unconditionally canceling Bryant's scheduled deposition.  Along with the letter from

26  Mr. Millman, Bryant sent to plaintiff a 58-page Joint Stipulation with regard to

27  Mattel's document discovery that Mr. Millman's August 13 letter cited as a

28  purported justification for refusing to produce Bryant for deposition.

1         50.    On August 26, 2004, Mattel re-noticed Bryant's deposition for

2    Springfield, Missouri, where Bryant resides, for September 9, 2004, a date on which

3    Bryant had said that he was available.  Attached as Exhibit 52 is a true and correct

4    copy of Plaintiff's Notice of Videotaped Deposition of Carter Bryant.

5         51.    Bryant yet again refused to appear for deposition.  On September

6    1, 2004, in response to Bryant's counsel's oral statements that Bryant was refusing

7    to appear, my colleague, Gloria Donovan, met and conferred with Bryant's counsel

8    in yet another effort to avoid motion practice regarding Bryant's deposition.

9    Attached as Exhibit 53 is Ms. Donovan's letter of September 3, 2004 on the subject

10   of Bryant's deposition.  Attached as Exhibit 54 is a true and correct copy of a letter

11   from Bryant's counsel, Dominic Messiha, dated September 7, 2004, in which Mr.

12   Messiha confirmed that "Mr. Bryant will not be appearing for deposition in Missouri

13   on September 9."

14        52.    Mattel then filed a motion with the Los Angeles County Superior

15   Court (where the case was then pending) to compel Bryant's deposition.  On

16   September 3, 2004, Bryant also moved in the Superior Court for a protective order,

17   claiming (among other arguments) that he "needed" certain documents to prepare

18   for his deposition.  Attached as Exhibit 55 is a true and correct copy of excerpts

19   from Bryant's Motion for a Protective Order and to Establish the Sequence and

20   Timing of Discovery.

21        53.    As shown in Exh. 13, the Superior Court granted Mattel's motion

22   to compel Bryant's deposition on October 5, 2004 and ordered Bryant to appear for

23   deposition twenty days after Mattel furnished a verification as to the "certain

24   documents" that Bryant claimed he needed before his deposition.  As the Court's

25   ruling stated: "[I]t appears that Defendant wants Plaintiff to produce certain

26   documents before the deposition, which will assist Defendant in preparation of his

27   deposition . . . .  Plaintiff is ordered to produce these documents or state in verified

28   responses that none exists, and after a diligent search and reasonable inquiry, there

-14-   EXHIBIT 12   PAGE 204

P209/1990724.4

1    are no such documents in Plaintiff's possession, custody, or control." Twenty days

2    after that was done, the Court ruled, ***"Defendant is ordered to be deposed"***.

3    (Emphasis added.)

4          54.     Even after Mattel provided the verification (twice), however,

5    Bryant announced on October 14, 2004 that he still refused to be deposed as ordered

6    by the Superior Court. Accordingly, on October 19, 2004, Mattel filed a second

7    motion (by *ex parte*) to compel Bryant's deposition. The Superior Court rejected

8    Bryant's grounds for refusing to abide by the October 5 Order and compelled

9    Bryant, for the second time, to appear for deposition. As shown in Exh. 13, the

10    Superior Court specifically ordered Bryant's deposition to commence on November

11    4, 2004.

12          55.     On the afternoon of November 2, 2004, less than forty-eight

13    hours before that Court-ordered deposition was set to start, Bryant removed this

14    action for the second time. Mattel began Bryant's deposition on November 4, 2004.

15    Bryant obstructed the deposition with numerous instructions not to answer on such

16    matters as the details of the compensation that Bryant received from MGA. On

17    November 8, 2004, although Mattel had not completed Bryant's deposition, Bryant

18    and his counsel refused to allow it to be completed and unilaterally adjourned it.

19          56.     MGA has engaged in similar tactics, refusing to make its CEO,

20    Isaac Larian, available for deposition. As shown in Exh. 12, it took two orders and

21    an award of sanctions before Larian appeared for deposition.

22                           **Attorneys' Fees Incurred By Mattel**

23          57.     Mattel has incurred attorneys' fees and costs in excess of

24    $7,805.00 in bringing this motion. I spent more than 3 hours of time preparing the

25    motion, for a total of more than $1,800 at my billing rate of $600 per hour. B.

26    Dylan Proctor, a Quinn Emanuel partner, was also involved in preparing this

27    motion. Mr. Proctor spent more than 9 hours of his time in preparing this motion,

28

EXHIBIT 12 PAGE 205

TELLER DECLARATION

01/03/2007  19:02 FAX  7736866511          AA ADMIRALS CLUB CHICAGO                    002/002

01-03-2007  04:59PM  From-QUINN EMANUEL                  2198240849        T-292  P.002/002  F-912

1   for a total of more than $3,105 at his billing rate of $345 per hour.  Bridget Morris, a

2   Quinn Emanuel associate, also was involved in preparing this motion.  Ms.

3   Morris spent more than 10 hours of her time researching and preparing this motion,

4   for a total of more than $2,900 at her billing rate of $290 per hour.

5

6           I declare under penalty of perjury under the laws of the United States of

7   America that the foregoing is true and correct.

8           Executed this 3rd day of January, 2007, at Los Angeles, California.

9

10                          _____

11                          Michael T. Zeller

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                          EXHIBIT  12  PAGE  206

28

**Exhibit 13**

1   DOUGLAS A. WICKHAM (S.B. #127268)
    dwickham@littler.com
2   KEITH A. JACOBY (S.B. #150233)
    kjacoby@littler.com
3   LITTLER MENDELSON
    A Professional Corporation
4   2049 Century Park East, 5th Floor
    Los Angeles, CA  90067.3107
5   Telephone:  (310) 553-0308
    Facsimile:  (310) 553-5583
6
    Attorneys for Carter Bryant
7

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
                    EASTERN DIVISION

10

11  CARTER BRYANT, an individual,     Case No.  CV 04-09049 SGL (RNBx)
                                      (consolidated with CV 04-9059 & 05-2727)
12              Plaintiff,
                                      **DISCOVERY MATTER**
13       v.
                                      **[To Be Heard By Discovery Master Hon.**
14  MATTEL, INC., a Delaware          **Edward Infante (Ret.) Pursuant To The**
    Corporation,                      **Court's Order Of December 6, 2006]**
15
                Defendant.            SEPARATE STATEMENT OF
16                                    DEFENDANT CARTER BRYANT IN
                                      OPPOSITION TO MATTEL'S MOTION
17                                    TO COMPEL

18                                    Hearing Date:  January 23, 2007
                                      Time:  8:15 a.m.
19                                    Place:  Telephonic

20                                    Discovery Cut-off:  None set
                                      Pre-trial Conference:  None Set
21                                    Trial Date:  None Set

22  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
23  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.
24

25

26

27

28                                                  122A

EXHIBIT 13   PAGE 207

BRYANT'S SEPARATE STATEMENT IN
OPPOSITION TO MATTEL'S MOTION TO
COMPEL

1        Defendant Carter Bryant ("Bryant") respectfully submits this Separate

2   Statement in Opposition to Mattel's Motion to Compel Production of Documents.

3

4   **I.**     **DOCUMENTS RELATING TO BRYANT'S AGREEMENTS WITH**

5       **MGA.**

6

7   <u>MATTEL'S REQUEST FOR PRODUCTION NO. 2:</u>

8        All DOCUMENTS that REFER OR RELATE TO any agreement or

9   contract between YOU and any PERSON pertaining in any manner to any doll, doll

10   accessory or toy that was proposed, offered, discussed, negotiated or executed during

11   the time period(s) that YOU were employed by Mattel, Inc., including without

12   limitation all drafts thereof and all COMMUNICATIONS that REFER OR RELATE

13   TO such agreement or contract.

14

15   <u>BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 2:</u>

16        Defendant incorporates by reference each and every objection set forth

17   above in the General Objections.  Defendant objects to this request on the grounds that

18   the terms "doll," "doll accessory," "toy" and "proposed," are vague, ambiguous and

19   fail to describe with sufficient particularity the documents requested and/or call for a

20   legal conclusion.  Moreover, Defendant objects to this request to the extent it calls for

21   information not relevant to any claim or defense in this action.  Defendant also objects

22   to this request on the basis that it invades the privacy and/or confidentiality of other

23   individuals who are not parties to this action.  Defendant further objects to this request

24   to the extent it seeks confidential, proprietary or trade secret information belonging to

25   third parties that are not parties to this suit.  Finally, Defendant objects to this request

26   to the extent it potentially seeks documents prepared in anticipation of litigation or

27   that are protected by the attorney-client privilege, joint defense privilege, common

28   interest privilege and/or the attorney work product doctrine.

EXHIBIT __13__ PAGE __208__   1.    BRYANT'S SEPARATE STATEMENT IN OPPOSITION TO MATTEL'S MOTION TO COMPEL

1    Without waiving and subject to the foregoing objections, Defendant
2    responds as follows:  Subject to entry of the appropriate Protective Order, Defendant
3    will produce final agreements in his possession, custody and control, reached during
4    the time frame set forth in this request.

5
6    MATTEL'S REQUEST FOR PRODUCTION NO. 13:

7    All DOCUMENTS that REFER OR RELATE TO any agreement or
8    contract between YOU and MGA, including without limitation all drafts thereof and
9    all COMMUNICATIONS that REFER OR RELATE TO such agreement or contract.

10
11   BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

12   Defendant incorporates by reference each and every objection set forth
13   above in the General Objections.  Defendant objects to this request on the grounds that
14   the terms "agreement," "contract," and "drafts thereof" are vague, ambiguous and fail
15   to identify with sufficient particularity the documents to be produced and/or call for a
16   legal conclusion.  Defendant further objects to this request on the grounds that it is
17   overbroad and unduly burdensome to the extent that it fails to specify any applicable
18   time period.  To the extent this request seeks documents before and/or after Defendant
19   left his employment with Mattel, it is overbroad, unduly burdensome, irrelevant and
20   not reasonably calculated to lead to the discovery of admissible evidence.  Defendant
21   also objects to this request insofar as it invades the privacy and/or confidentiality of
22   Defendant and other individuals who are not parties to this action.  Defendant further
23   objects to this request to the extent it seeks confidential, proprietary or trade secret
24   information belonging to third parties that are not parties to this suit.  Finally,
25   Defendant objects to this request to the extent it potentially seeks documents prepared
26   in anticipation of litigation or that are protected by the attorney-client privilege, joint
27   defense privilege, common interest privilege and/or the attorney work product
28   doctrine.

EXHIBIT __18__ PAGE __209__

2.

BRYANT'S SEPARATE STATEMENT IN
OPPOSITION TO MATTEL'S MOTION TO
COMPEL

1    Without waiving and subject to the foregoing objections, Defendant

2    responds as follows: Subject to entry of the appropriate Protective Order, Defendant

3    will produce responsive non-privileged final executed agreements in his possession,

4    custody or control.

5

6    MATTEL'S REQUEST FOR PRODUCTION NO. 48:

7    All DOCUMENTS that REFER OR RELATE TO this action, including

8    without limitation all DOCUMENTS that REFER OR RELATE TO any

9    indemnification that YOU have sought, proposed, requested or obtained in connection

10   with the claims asserted in this action.

11

12   BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

13   Defendant incorporates by reference each and every objection set forth

14   above in the General Objections.  Defendant objects to this request on the grounds that

15   the term "indemnification" is vague, ambiguous and fails to identify with sufficient

16   particularity the documents to be produced and/or calls for a legal conclusion.

17   Moreover, Defendant objects to this request to the extent it calls for information not

18   relevant to any claim or defense in this action and is not reasonably calculated to lead

19   to the discovery of admissible evidence.  Defendant also objects to this request to the

20   extent it invades the privacy and/or confidentiality of other individuals who are not

21   parties to this action.  Defendant further objects to this request to the extent it seeks

22   documents potentially prepared in anticipation of litigation or that are protected by the

23   attorney-client privilege, joint defense privilege, common interest privilege and/or the

24   attorney work product doctrine.

25

26   **Bryant's Argument**

27   Bryant has agreed during the negotiation of the Stipulation to produce all

28   agreements for work he performed with, for or on behalf of MGA prior to June 30,

EXHIBIT 13 PAGE 210

3.

**BRYANT'S SEPARATE STATEMENT IN OPPOSITION TO MATTEL'S MOTION TO COMPEL**

1  2001, including all finalized amendments to his original MGA contract. (See Draft

2  Stipulation at ¶ 1 attached as Exhibit "F" to Jacoby's Declaration.) Notwithstanding

3  Mattel's representations to the contrary, Bryant has also agreed to produce **privileged**

4  documents between him and his attorney in 2000 concerning the negotiation of these

5  agreements, by agreeing to a limited waiver of the attorney-client privilege. Bryant

6  has consented to a waiver with respect to Bryant's communications, including

7  documents relating thereto, with his attorney Ann Wang regarding the negotiation,

8  interpretation or terms of any agreement between Bryant and MGA executed prior to

9  June 30, 2001.

10        At various times over the past two plus years, Mattel refused to agree to

11  the terms of any limited waiver. It was not until Mattel finally agreed in September

12  2006 to exclude from the scope of the limited waiver all communications with

13  litigation counsel that this straightforward issue was put to rest. Subject to that caveat,

14  Bryant has offered, and stands ready, to produce documents related to his

15  communications with his attorney Ann Wang regarding the negotiation, interpretation

16  or terms of any agreement between Bryant and MGA executed prior to June 30, 2001.

17        Mattel's relentless attempts to compel production of Bryant's retainer or

18  indemnity agreements with his litigation counsel in order to show "Bryant's bias and

19  lack of credibility" are overreaching, and at their core, absurd. Bryant has an obvious,

20  significant financial interest in this litigation. He testified at deposition that he has

21  received in excess of millions of dollars in royalties from MGA as a result of Bratz

22  doll sales, and his earnings continue. His Bratz earnings are his sole livelihood. The

23  amount that Bryant could potentially lose in this litigation is far greater than any fees

24  Mattel suspects MGA or someone else is paying.

25        While information concerning the fee arrangement between an attorney

26  and client has at times been held to be outside of the parameters of the attorney-client

27  privilege, In re Michaelson, 511 F.2d 882 (9th Cir.), cert. denied, 421 U.S. 978

28  (1975), any correspondence which reveals things such as the motive of the client in

EXHIBIT 13 PAGE 211      4.      BRYANT'S SEPARATE STATEMENT IN
                                  OPPOSITION TO MATTEL'S MOTION TO
                                  COMPEL

1   seeking representation, litigation strategy, or the specific nature of the services

2   provided fall within the attorney-client privilege.  Clarke v. American Commerce

3   Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992).

4          Here, Mattel seeks the source of the payment for the services Bryant's

5   counsel has rendered throughout this litigation.  Such documents may reveal Bryant's

6   strategies to be employed in litigation, and other confidential information exchanged

7   during the course of the representation.  Mattel's demand for such documents

8   constitutes an unjustified intrusion into the attorney-client relationship.  In re Grand

9   Jury Witness (Salas), 695 F.2d 359, 363 (9th Cir. 1982); Ralls v. United States, 52

10  F.3d 223 (9th Cir. 1995).  Mattel should not be permitted to abridge Bryant's attorney-

11  client privilege – to say nothing of his right to privacy – in the agreement he has

12  reached with his counsel in this litigation.

13         Mattel has not produced its retainer letter in discovery, and presumably,

14  like Bryant, would assert the attorney-client privilege and not produce it.  Similarly,

15  Mattel should not be allowed access to the confidential Joint Defense Agreement that

16  Bryant reached with MGA as this agreement is also protected by the attorney-client

17  privilege.

18

19  **II.    DOCUMENTS RELATING TO BRATZ'S DEVELOPMENT AND**

20          **OTHER PROJECTS THAT BRYANT WORKED ON FOR MGA.**

21

22  MATTEL'S REQUEST FOR PRODUCTION NO. 11:

23         All DOCUMENTS that REFER OR RELATE TO work or services,

24  including without limitation any freelance work or consulting services, that YOU

25  performed for or on behalf of MGA prior to October 21, 2000.

26

27

28

EXHIBIT 13 PAGE 212                5.

BRYANT'S SEPARATE STATEMENT IN
OPPOSITION TO MATTEL'S MOTION TO
COMPEL

BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Defendant incorporates by reference each and every objection set forth above in the General Objections. Defendant objects to this request on the ground that the terms "work," "services," "freelance work," and "consulting services" are vague, ambiguous and fail to identify with sufficient particularity the documents to be produced. Moreover, Defendant objects to this request to the extent it calls for information not relevant to any claim or defense in this action. To the extent this request seeks documents that predate Defendant's employment with Mattel, it is overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request insofar as it invades the privacy and/or confidentiality of other individuals who are not parties to this action. Defendant further objects to this request to the extent it seeks confidential, proprietary or trade secret information belonging to third parties that are not parties to this suit. Finally, Defendant objects to this request to the extent it seeks documents potentially prepared in anticipation of litigation or that are protected by the attorney-client privilege, joint defense privilege, common interest privilege and/or the attorney work product doctrine.

Without waiving and subject to the foregoing objections, Defendant responds as follows: Subject to entry of the appropriate Protective Order, Defendant will produce responsive non-privileged documents in his possession, custody and control for the time periods he was employed by Mattel.

MATTEL'S REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS that REFER OR RELATE TO work or services, including without limitation any freelance work or consulting services, that YOU performed for or on behalf of MGA after October 20, 2000.

EXHIBIT 13 PAGE 213                                    6.

BRYANT'S SEPARATE STATEMENT IN OPPOSITION TO MATTEL'S MOTION TO COMPEL

1  BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

2          Defendant incorporates by reference each and every objection set forth

3  above in the General Objections. Defendant objects to this request on the ground that

4  the terms "work," "services," "freelance work," and "consulting services" are vague,

5  ambiguous and fail to identify with sufficient particularity the documents to be

6  produced. Moreover, Defendant objects to this request to the extent it calls for

7  information not relevant to any claim or defense in this action. To the extent this

8  request seeks documents relating to the time after Defendant left his employment with

9  Mattel, it is overbroad, unduly burdensome and not reasonably calculated to lead to

10  the discovery of admissible evidence. Defendant also objects to this request to the

11  extent that it invades the privacy and/or confidentiality of other individuals who are

12  not parties to this action. Defendant further objects to this request to the extent it

13  seeks confidential, proprietary or trade secret information belonging to third parties

14  that are not parties to this suit. Finally, Defendant objects to this request to the extent

15  it seeks documents potentially prepared in anticipation of litigation or that are

16  protected by the attorney-client privilege, joint defense privilege, common interest

17  privilege and/or the attorney work product doctrine.

18          Without waiving and subject to the foregoing objections, Defendant

19  responds as follows: Defendant will produce non-privileged documents in his

20  possession, custody or control related to the first generation of Bratz designs created

21  by Defendant, resulting in dolls released by MGA in or about June 2001 (hereinafter

22  referred to as "FIRST GENERATION BRATZ DESIGNS").

23

24  MATTEL'S REQUEST FOR PRODUCTION NO. 19:

25          All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU

26  created, authored, produced, conceived of or reduced to practice after October 20,

27

28

EXHIBIT 13 PAGE 214

7.

BRYANT'S SEPARATE STATEMENT IN
OPPOSITION TO MATTEL'S MOTION TO
COMPEL

1   2000 as purported "works-made-for-hire" (whether in whole or in part) for or on

2   behalf of MGA.

3

4   <u>BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 19:</u>

5            Defendant incorporates by reference each and every objection set forth

6   above in the General Objections.  Defendant objects to this request on the grounds that

7   the terms "conceived," "reduced to practice" and "works-made-for-hire" are vague,

8   ambiguous and fail to specify with sufficient particularity the documents to be

9   produced and/or call for a legal conclusion.  Defendant further objects to this request

10  on the grounds that it is overbroad and unduly burdensome to the extent that it seeks

11  documents after Defendant ended his employment with Mattel, and on that basis seeks

12  documents not relevant to this action and not reasonably calculated to lead to the

13  discovery of admissible evidence.  Defendant also objects to this request insofar as it

14  invades the privacy and/or confidentiality of other individuals who are not parties to

15  this action.  Defendant further objects to this request to the extent it seeks confidential,

16  proprietary or trade secret information belonging to third parties that are not parties to

17  this suit.  Finally, Defendant objects to this request to the extent it seeks documents

18  prepared in anticipation of litigation or that are protected by the attorney-client

19  privilege, joint defense privilege, common interest privilege and/or the attorney work

20  product doctrine.

21           Without waiving and subject to the foregoing objections, Defendant

22  responds as follows: Defendant will produce non-privileged documents in his

23  possession, custody or control related to the FIRST GENERATION BRATZ

24  DESIGNS.

25

26

27

28  EXHIBIT  13  PAGE  215

                                                    8.

1

MATTEL'S REQUEST FOR PRODUCTION NO. 37:

2

3        All DOCUMENTS that REFER OR RELATE TO BRATZ, including

4   without limitation all DOCUMENTS that REFER OR RELATE TO the conception,

5   creation, design, development, engineering or sculpting of BRATZ.

6   BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

7        Defendant incorporates by reference each and every objection set forth

8   above in the General Objections.  To the extent this request seeks documents before or

9   after Defendant was employment by Mattel, Defendant objects to this request on the

10  grounds that is overbroad, unduly burdensome and seeks documents not reasonably

11  calculated to lead to the discovery of admissible evidence.  Moreover, Defendant

12  objects to this request to the extent it calls for information not relevant to any claim or

13  defense in this action.  Defendant objects to this request to the extent that it potentially

14  invades the privacy and/or confidentiality of other individuals who are not parties to

15  this action.  Defendant further objects to this request to the extent it seeks confidential,

16  proprietary or trade secret information belonging to third parties that are not parties to

17  this suit.  Finally, Defendant objects to this request to the extent it seeks documents

18  prepared in anticipation of litigation or that are protected by the attorney-client

19  privilege, joint defense privilege, common interest privilege and/or the attorney work

20  product doctrine.

21

22  MATTEL'S REQUEST FOR PRODUCTION NO. 40:

23

24       All DOCUMENTS that REFER OR RELATE TO work, activities or

25  services that YOU performed concerning BRATZ after October 20, 2000.

26

27

28

EXHIBIT   13   PAGE   216            9.     BRYANT'S SEPARATE STATEMENT IN
                                            OPPOSITION TO MATTEL'S MOTION TO
                                            COMPEL

1  BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

2      Defendant incorporates by reference each and every objection set forth

3  above in the General Objections.  Defendant objects to this request on the grounds the

4  terms "work," "activities," and "services" are vague, ambiguous and fail to describe

5  with sufficient clarity the documents to be produced.  Defendant further objects to this

6  request on the grounds that it is overbroad and unduly burdensome to the extent that it

7  seeks documents after the date Defendant left his employment with Mattel, and on that

8  basis seeks information not relevant to this action and not reasonably calculated to

9  lead to the discovery of admissible evidence.  Defendant also objects to this request

10  insofar as it potentially invades the privacy and/or confidentiality of other individuals

11  who are not parties to this action.  Defendant further objects to this request to the

12  extent it seeks confidential, proprietary or trade secret information belonging to third

13  parties that are not parties to this suit.  Finally, Defendant objects to this request to the

14  extent it seeks documents prepared in anticipation of litigation or that are protected by

15  the attorney-client privilege, joint defense privilege, common interest privilege and/or

16  the attorney work product doctrine.

17

18  MATTEL'S REQUEST FOR PRODUCTION NO. 41:

19      All DOCUMENTS that REFER OR RELATE TO YOUR participation

20  in the conception, creation, design, development, sculpting, tooling, production or

21  manufacture of BRATZ.

22

23  BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

24      Defendant incorporates by reference each and every objection set forth

25  above in the General Objections.  Defendant objects to this request on the grounds that

26  it is overbroad, unduly burdensome and seeks documents not reasonably calculated to

27  lead to the discovery of admissible evidence to the extent it seeks documents before

28

EXHIBIT 13 PAGE 217

10.   **BRYANT'S SEPARATE STATEMENT IN OPPOSITION TO MATTEL'S MOTION TO COMPEL**

1   Defendant worked for Mattel or after Defendant ended his employment with Mattel.

2   Moreover, Defendant objects to this request to the extent it calls for information not

3   relevant to any claim or defense in this action. Defendant also objects to this request

4   to the extent that it potentially invades the privacy and/or confidentiality of other

5   individuals who are not parties to this action. Defendant further objects to this request

6   to the extent it seeks confidential, proprietary or trade secret information belonging to

7   third parties that are not parties to this suit. Finally, Defendant objects to this request

8   to the extent it seeks documents prepared in anticipation of litigation or that are

9   protected by the attorney-client privilege, joint defense privilege, common interest

10   privilege and/or the attorney work product doctrine.

11          Without waiving and subject to the foregoing objections, Defendant

12   responds as follows: Subject to entry of the appropriate Protective Order, Defendant

13   will produce responsive non-privileged documents in his possession, custody or

14   control relating to the FIRST GENERATION BRATZ DESIGNS.

15

16   **MATTEL'S REQUEST FOR PRODUCTION NO. 42:**

17          All DOCUMENTS that REFER OR RELATE TO DESIGNS for

18   BRATZ.

19

20   **BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

21          Defendant incorporates by reference each and every objection set forth

22   above in the General Objections. Defendant objects to this request on the grounds that

23   it is overbroad as to time and scope and on that basis is unintelligible. Moreover, this

24   request is unduly burdensome in that there could be millions of pages of documents

25   on the general topic of "DESIGNS for BRATZ" or "BRATZ." Moreover, Defendant

26   objects to this request to the extent it calls for information not relevant to any claim or

27   defense in this action. Defendant also objects to this request to the extent that it

28   potentially invades the privacy and/or confidentiality of other individuals who are not

EXHIBIT __13__ PAGE __218__   11.   BRYANT'S SEPARATE STATEMENT IN
                                     OPPOSITION TO MATTEL'S MOTION TO
                                     COMPEL

1   parties to this action. Defendant further objects to this request to the extent it seeks
2   confidential, proprietary or trade secret information belonging to third parties that are
3   not parties to this suit. Finally, Defendant objects to this request to the extent it seeks
4   documents prepared in anticipation of litigation or that are protected by the attorney-
5   client privilege, joint defense privilege, common interest privilege and/or the attorney
6   work product doctrine.

7          Without waiving and subject to the foregoing objections, Defendant
8   responds as follows: Subject to entry of the appropriate Protective Order, Defendant
9   will produce responsive non-privileged documents in his possession, custody or
10  control relating to the FIRST GENERATION BRATZ DESIGNS.

11  MATTEL'S REQUEST FOR PRODUCTION NO. 43:
12
13          All DOCUMENTS that REFER OR RELATE TO DESIGNS for
14  BRATZ that YOU produced, created, authored, conceived of or reduced to practice,
15  whether alone or jointly with others, during the time period(s) that YOU were
16  employed by Mattel, Inc.

17  BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 43:
18
19          Defendant incorporates by reference each and every objection set forth
20  above in the General Objections. Defendant objects to this request on the grounds that
21  the phrases "conceived," "reduced to practice" and "jointly with others" are vague,
22  ambiguous and fail to describe with sufficient particularity the documents requested
23  and/or call for a legal conclusion. Defendant also objects to this request insofar as it
24  potentially invades the privacy and/or confidentiality of other individuals who are not
25  parties to this action. Defendant further objects to this request to the extent it seeks
26  confidential, proprietary or trade secret information belonging to third parties that are
27  not parties to this suit. Moreover, Defendant objects to this request on the basis that it
28  seeks information not relevant to this action and not reasonably calculated to lead to

EXHIBIT __13__ PAGE __219__

12.

BRYANT'S SEPARATE STATEMENT IN
OPPOSITION TO MATTEL'S MOTION TO
COMPEL

1   the discovery of admissible evidence.  Finally, Defendant objects to this request to the

2   extent it seeks documents prepared in anticipation of litigation or that are protected by

3   the attorney-client privilege, joint defense privilege, common interest privilege and/or

4   the attorney work product doctrine.

5
6   MATTEL'S REQUEST FOR PRODUCTION NO. 53:

7        All prototypes, models, samples and tangible items that REFER OR

8   RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced,

9   created, authored, conceived of or reduced to practice, whether alone or jointly with

10   others, prior to October 21, 2000.

11
12   BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

13        Defendant incorporates by reference each and every objection set forth

14   above in the General Objections.  Defendant objects to this request on the grounds that

15   the terms "prototypes," "models," "samples," "tangible items," "dolls," "doll

16   accessories," "toys," "conceived," "reduced to practice" and "jointly with others" are

17   vague, ambiguous and fail to describe with sufficient particularity the documents to be

18   produced and/or call for a legal conclusion.  Defendant further objects to this request

19   on the grounds that it is overbroad and unduly burdensome to the extent that it calls

20   for documents predating Defendant's employment with Mattel, and on that basis seeks

21   information not relevant to this action and not reasonably calculated to lead to the

22   discovery of admissible evidence.  Defendant objects to this request to the extent it

23   potentially invades the privacy and/or confidentiality of other individuals who are not

24   parties to this action.  Defendant also objects to this request to the extent it seeks

25   confidential, proprietary or trade secret information belonging to third parties that are

26   not parties to this suit.  Finally, Defendant objects to this request to the extent it seeks

27   documents potentially prepared in anticipation of litigation or that are protected by the

28

EXHIBIT  13  PAGE  220

13.

BRYANT'S SEPARATE STATEMENT IN
OPPOSITION TO MATTEL'S MOTION TO
COMPEL

1   attorney-client privilege, joint defense privilege, common interest privilege and/or the

2   attorney work product doctrine.

3

4   <u>MATTEL'S REQUEST FOR PRODUCTION NO. 54:</u>

5          All prototypes, models, samples and tangible items that REFER OR

6   RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced,

7   created, authored, conceived of or reduced to practice, whether alone or jointly with

8   others, after October 20, 2000.

9

10   <u>BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 54:</u>

11         Defendant incorporates by reference each and every objection set forth

12   above in the General Objections. Defendant objects to this request on the grounds that

13   the terms "prototypes," "models," "samples," "tangible items," "dolls," "doll

14   accessories," "toys," "conceived," "reduced to practice" and "jointly with others" are

15   vague, ambiguous and fail to describe with sufficient particularity the documents to be

16   produced and/or call for a legal conclusion. Defendant further objects to this request

17   on the grounds that it is overbroad and unduly burdensome to the extent that it calls

18   for documents after Defendant left his employment with Mattel, and on that basis

19   seeks information not relevant to this action and not reasonably calculated to lead to

20   the discovery of admissible evidence. Defendant objects to this request to the extent it

21   potentially invades the privacy and/or confidentiality of other individuals who are not

22   parties to this action. Defendant also objects to this request to the extent it seeks

23   confidential, proprietary or trade secret information belonging to third parties that are

24   not parties to this suit. Finally, Defendant objects to this request to the extent it seeks

25   documents potentially prepared in anticipation of litigation or that are protected by the

26   attorney-client privilege, joint defense privilege, common interest privilege and/or the

27   attorney work product doctrine.

28

EXHIBIT 13 PAGE 221

14.

BRYANT'S SEPARATE STATEMENT IN
OPPOSITION TO MATTEL'S MOTION TO
COMPEL

1    Without waiving and subject to the foregoing objections, Defendant

2  responds as follows:  Subject to entry of the appropriate Protective Order, Defendant

3  will produce responsive non-privileged documents in his possession, custody or

4  control regarding the FIRST GENERATION BRATZ DESIGNS.

5

6  MATTEL'S REQUEST FOR PRODUCTION NO. 55:

7    All prototypes, models, samples and tangible items that REFER OR

8  RELATE TO BRATZ.

9

10  BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

11    Defendant incorporates by reference each and every objection set forth

12  above in the General Objections.  Defendant objects to this request on the grounds that

13  the terms "prototypes," "models," "samples," and "tangible items," are vague,

14  ambiguous and fail to describe with sufficient particularity the items to be produced.

15  Defendant further objects to this request on the grounds that it is overbroad and

16  unduly burdensome to the extent that it calls for documents before Defendant worked

17  for Mattel and after Defendant left his employment with Mattel, and on that basis

18  seeks information not relevant to this action and not reasonably calculated to lead to

19  the discovery of admissible evidence.  Defendant also objects to this request to the

20  extent it potentially invades the privacy and/or confidentiality of other individuals

21  who are not parties to this action.  Defendant also objects to this request to the extent

22  it seeks confidential, proprietary or trade secret information belonging to third parties

23  that are not parties to this suit.  Finally, Defendant objects to this request to the extent

24  it seeks documents potentially prepared in anticipation of litigation or that are

25  protected by the attorney-client privilege, joint defense privilege, common interest

26  privilege and/or the attorney work product doctrine.

27    Without waiving and subject to the foregoing objections, Defendant

28  responds as follows:  Subject to entry of the appropriate Protective Order, Defendant

EXHIBIT 13 PAGE 222    15.    BRYANT'S SEPARATE STATEMENT IN
OPPOSITION TO MATTEL'S MOTION TO
COMPEL

1   will produce responsive non-privileged documents in his possession, custody or

2   control regarding the FIRST GENERATION BRATZ DESIGNS.

3

4                          **Bryant's Argument**

5          Despite Mattel's current representations to the contrary, the limitation of

6   this initial production to work Bryant performed for MGA prior to June 30, 2001 on

7   the first generation of Bratz dolls (the "First Generation Bratz") was **mutually agreed**

8   **upon** by the parties over 18 months ago and was further memorialized in the

9   Stipulation. (Jacoby Decl. ¶ 11.) Specifically, in response to request nos. 11, 41 and

10  42, Mattel and Bryant stipulated that Bryant's production would be limited to "First

11  Generation Bratz."

12         In the absence of such an agreement, Mattel's requests are fatally

13  overbroad -- they seek virtually every document Bryant possesses regarding "Bratz,"

14  with no attendant time or scope limitations. For example, Mattel's request no. 55

15  seeks "All prototypes, models, samples and tangible items that REFER OR RELATE

16  TO BRATZ." This request is undeniably overbroad as to scope and breadth as it

17  virtually encompasses thousands of documents, drawings and sketches that may

18  mention the word "Bratz," or embody some iteration of a Bratz creation. Most of

19  those documents would have no relation to this lawsuit. Similarly, Mattel's request

20  no. 53 seeks "All prototypes, models, samples and tangible items that REFER OR

21  RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced,

22  created, authored, conceived of or reduced to practice, whether alone or jointly with

23  others, prior to October 21, 2000." As framed, this request is patently overbroad,

24  encompassing all the toy work Bryant has ever done. It does not call for any category

25  of documents at all. See SEC v. American Beryllium & Oil Corp., 47 F.R.D. 66

26  (1968) (a request is sufficient if the documents or things to be produced are of

27  category described with "reasonable particularity" in the request). From a very young

28  age, Bryant has been designing dolls, doll accessories or toys. This request requires

EXHIBIT  13  PAGE  223  16.   BRYANT'S SEPARATE STATEMENT IN
                              OPPOSITION TO MATTEL'S MOTION TO
                              COMPEL

1   Bryant to produce designs he created before he even joined Mattel. None of these

2   designs have any relevance to Mattel's claims. Moreover, Bryant has worked for over

3   six years collaborating on the development of Bratz products. The requests, taken

4   together, seek all "Bratz" related documents in Bryant's possession, from the

5   beginning of time through today. Such requests are improper in every respect.

6        Mattel has argued from the inception of this suit that Bryant breached his

7   employee agreement with Mattel by allegedly performing services for Mattel and

8   MGA at the same time. (Jacoby Decl. ¶ 27.) Thus, only the work performed prior to

9   the release of the first Bratz products, whenever it was done, is conceivably relevant.

10  (Id.) In the stipulation, Bryant agreed to furnish documents that relate to the work he

11  performed for MGA prior to June 30, 2001. Bryant has already produced over 1500

12  documents in the summer and fall of 2004, including hundreds of documents

13  evidencing the artwork used to create the First Generation "Bratz" dolls – the four

14  dolls sold to the public beginning in the summer of 2001.

15       The First Generation "Bratz" designs are the only designs relevant to the

16  issues raised in this lawsuit. (Id.) But Bryant has produced more. He has produced

17  all of the hundreds of pieces of artwork he was permitted to retain from his

18  employment at Mattel, and Mattel's counsel expressly gave Bryant permission to keep

19  that artwork. In addition to Bryant's production, MGA, for its part, has produced

20  hundreds of documents relating to the creation of the First Generation "Bratz"

21  prototypes for the 2001 Hong Kong and New York toy fairs. (Id.) In the absence of a

22  reasonably narrowed set of requests, Mattel should be required to re-propound

23  appropriately narrowed discovery, rather than seeking an order compelling responses

24  to these defective requests.

25

26

27

28

EXHIBIT 13 PAGE 224

17.

**BRYANT'S SEPARATE STATEMENT IN
OPPOSITION TO MATTEL'S MOTION TO
COMPEL**

## III.   BRYANT DOCUMENTS RELATING TO HIS PAYMENTS FROM MGA

MATTEL'S REQUEST FOR PRODUCTION NO. 29:

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by any PERSON other than Mattel, Inc., including without limitation by MGA, for work, activities or services that YOU performed during the time period(s) that YOU were employed by Mattel, Inc.

BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Defendant incorporates by reference each and every objection set forth above in the General Objections. Defendant objects to this request on the ground that the terms "consideration," "other than Mattel, Inc.," "work," "activities," and "services" are vague, ambiguous and fail to identify with sufficient particularity the documents to be produced and/or call for a legal conclusion. Moreover, Defendant objects to this request to the extent it calls for information not relevant to any claim or defense in this action. Defendant also objects to this request to the extent that it potentially invades the privacy and/or confidentiality of other individuals who are not parties to this action. Defendant further objects to this request to the extent it seeks confidential, proprietary or trade secret information belonging to third parties that are not parties to this suit. Moreover, Defendant objects to this request on privilege and privacy grounds to the production of any tax returns or related documents. Finally, Defendant objects to this request to the extent it seeks documents prepared in anticipation of litigation or that are protected by the attorney-client privilege, joint defense privilege, common interest privilege and/or the attorney work product doctrine.

Without waiving and subject to the foregoing objections, Defendant responds as follows: Subject to entry of the appropriate Protective Order, Defendant

EXHIBIT __13__ PAGE __225__         18.       BRYANT'S SEPARATE STATEMENT IN OPPOSITION TO MATTEL'S MOTION TO COMPEL

1    will produce responsive non-privileged documents in his possession, custody or

2    control for the time periods he was employed by Mattel.

3

4    MATTEL'S REQUEST FOR PRODUCTION NO. 30:

5             All DOCUMENTS that REFER OR RELATE TO any payment of

6    money or consideration made to YOU or for YOUR benefit by any PERSON other

7    than Mattel, Inc., including without limitation by MGA, for DESIGNS that YOU

8    produced, created, authored, conceived of or reduced to practice, whether alone or

9    jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

10

11   BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

12            Defendant incorporates by reference each and every objection set forth

13   above in the General Objections. Defendant objects to this request on the ground that

14   the terms "consideration," "other than Mattel, Inc.," "work," "activities," "services"

15   "conceived," "reduced to practice" and "jointly with others" are vague, ambiguous and

16   fail to identify with sufficient particularity the documents to be produced and/or call

17   for a legal conclusion. Moreover, Defendant objects to this request to the extent it

18   calls for information not relevant to any claim or defense in this action. Defendant

19   also objects to this request insofar as it potentially invades the privacy and/or

20   confidentiality of other individuals who are not parties to this action. Defendant

21   further objects to this request to the extent it seeks confidential, proprietary or trade

22   secret information belonging to third parties that are not parties to this suit. Defendant

23   also objects to this request to the extent it seeks documents prepared in anticipation of

24   litigation or that are protected by the attorney-client privilege, joint defense privilege,

25   common interest privilege and/or the attorney work product doctrine. Finally,

26   Defendant objects on privilege and privacy grounds to the production of any tax

27   returns or related documents.

28

EXHIBIT __13__ PAGE __226__  19.     **BRYANT'S SEPARATE STATEMENT IN OPPOSITION TO MATTEL'S MOTION TO COMPEL**

1    Without waiving and subject to the foregoing objections, Defendant

2    responds as follows: Subject to entry of the appropriate Protective Order, Defendant

3    will produce responsive non-privileged documents sufficient to show earnings related

4    to the FIRST GENERATION OF BRATZ DESIGNS in his possession, custody or

5    control.

6

7    MATTEL'S REQUEST FOR PRODUCTION NO. 31:

8    All DOCUMENTS that REFER OR RELATE TO any payment of

9    money or consideration made to YOU or for YOUR benefit by MGA for services or

10   work that YOU performed for or on behalf of MGA during the time period(s) that

11   YOU were employed by Mattel, Inc.

12

13   BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

14   Defendant incorporates by reference each and every objection set forth

15   above in the General Objections. Defendant objects to this request on the ground that

16   the terms "consideration," "services" and "work" are vague, ambiguous and fail to

17   identify with sufficient particularity the documents to be produced and/or call for a

18   legal conclusion. Moreover, Defendant objects to this request to the extent it calls for

19   information not relevant to any claim or defense in this action. Defendant also objects

20   to this request insofar as it invades the privacy and/or confidentiality of other

21   individuals who are not parties to this action. Defendant further objects to this request

22   to the extent it seeks confidential, proprietary or trade secret information belonging to

23   third parties that are not parties to this suit. Defendant also objects to this request to

24   the extent it seeks documents prepared in anticipation of litigation or that are protected

25   by the attorney-client privilege, joint defense privilege, common interest privilege

26   and/or the attorney work product doctrine. Finally, Defendant objects on privilege

27   and privacy grounds to the production of any tax returns or related documents.

28

EXHIBIT  13  PAGE  227

20.

BRYANT'S SEPARATE STATEMENT IN
OPPOSITION TO MATTEL'S MOTION TO
COMPEL

1    Without waiving and subject to the foregoing objections, Defendant

2  responds as follows: Subject to entry of the appropriate Protective Order, Defendant

3  will produce responsive non-privileged documents sufficient to show earnings related

4  to the FIRST GENERATION OF BRATZ DESIGNS in his possession, custody or

5  control.

6

7  **MATTEL'S REQUEST FOR PRODUCTION NO. 32:**

8    All DOCUMENTS that REFER OR RELATE TO any payment of

9  money or consideration made to YOU or for YOUR benefit by MGA for services or

10  work that YOU performed for or on behalf of MGA prior to October 21, 2000.

11

12  **BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

13    Defendant incorporates by reference each and every objection set forth

14  above in the General Objections.  Defendant objects to this request on the ground that

15  the terms "consideration," "services" and "work" are vague, ambiguous and fail to

16  identify with sufficient particularity the documents to be produced and/or call for a

17  legal conclusion.  Defendant further objects to this request on the grounds that it is

18  overbroad and unduly burdensome to the extent that it calls for documents predating

19  Defendant's employment with Mattel, and on that basis seeks documents not relevant

20  to this action and not reasonably calculated to lead to the discovery of admissible

21  evidence.  Defendant also objects to this request insofar as it potentially invades the

22  privacy and/or confidentiality of other individuals who are not parties to this action.

23  Defendant further objects to this request to the extent it seeks confidential, proprietary

24  or trade secret information belonging to third parties that are not parties to this suit.

25  Defendant also objects on privilege and privacy grounds to production of any tax

26  returns or related documents.  Finally, Defendant objects to this request to the extent it

27  seeks documents prepared in anticipation of litigation or that are protected by the

28

EXHIBIT 13  PAGE 228

21.

BRYANT'S SEPARATE STATEMENT IN
OPPOSITION TO MATTEL'S MOTION TO
COMPEL

1   attorney-client privilege, joint defense privilege, common interest privilege and/or the

2   attorney work product doctrine.

3           Without waiving and subject to the foregoing objections, Defendant

4   responds as follows: Subject to entry of the appropriate Protective Order, Defendant

5   will produce responsive non-privileged documents in his possession, custody or

6   control sufficient to show earnings related to the FIRST GENERATION OF BRATZ

7   DESIGNS.

8
9   MATTEL'S REQUEST FOR PRODUCTION NO. 33:

10          All DOCUMENTS that REFER OR RELATE TO any payment of

11  money or consideration made to YOU or for YOUR benefit by MGA for services or

12  work that YOU performed for or on behalf of MGA after October 20, 2000.

13
14  BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

15          Defendant incorporates by reference each and every objection set forth

16  above in the General Objections. Defendant objects to this request on the ground that

17  the terms "consideration," "services" and "work" are vague, ambiguous and fail to

18  identify with sufficient particularity the documents to be produced and/or call for a

19  legal conclusion. Defendant further objects to this request on the grounds that it is

20  overbroad and unduly burdensome to the extent that it calls for documents after the

21  time Defendant left his employment with Mattel, and on that basis seeks documents

22  not relevant to this action and not reasonably calculated to lead to the discovery of

23  admissible evidence. Defendant also objects to this request insofar as it potentially

24  invades the privacy and/or confidentiality of other individuals who are not parties to

25  this action. Defendant further objects to this request to the extent it seeks confidential,

26  proprietary or trade secret information belonging to third parties that are not parties to

27  this suit. Furthermore, Defendant objects to this request to the extent it seeks

28  documents prepared in anticipation of litigation or that are protected by the attorney-

EXHIBIT  13  PAGE  229      22.    **BRYANT'S SEPARATE STATEMENT IN OPPOSITION TO MATTEL'S MOTION TO COMPEL**

1  client privilege, joint defense privilege, common interest privilege and/or the attorney

2  work product doctrine.  Finally, Defendant objects on privilege and privacy grounds to

3  production of any tax returns or related documents.

4          Without waiving and subject to the foregoing objections, Defendant

5  responds as follows: Subject to entry of the appropriate Protective Order, Defendant

6  will produce non-privileged documents in his possession, custody or control sufficient

7  to demonstrate earnings related to the FIRST GENERATION BRATZ DESIGNS.

8

9  MATTEL'S REQUEST FOR PRODUCTION NO. 34:

10         All DOCUMENTS that REFER OR RELATE TO any payment of

11  money or consideration made to YOU or for YOUR benefit by MGA for any

12  DESIGNS, or for any right, title or interest in any DESIGNS, that YOU produced,

13  created, authored, conceived of or reduced to practice, whether alone or jointly with

14  others, prior to October 21, 2000.

15

16  BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

17         Defendant incorporates by reference each and every objection set forth

18  above in the General Objections.  Defendant objects to this request on the ground that

19  the terms "consideration," "right," "title," "interest" "conceived," "reduced to practice"

20  and "jointly with others" are vague, ambiguous and fail to identify with sufficient

21  particularity the documents to be produced and/or call for a legal conclusion.

22  Defendant further objects to this request on the grounds that it is overbroad and

23  unduly burdensome to the extent that it calls for documents predating Defendant's

24  employment with Mattel, and on that basis seeks documents not relevant to this action

25  nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant

26  also objects to this request insofar as it potentially invades the privacy and/or

27  confidentiality of other individuals who are not parties to this action.  Defendant

28  further objects to this request to the extent it seeks confidential, proprietary or trade

EXHIBIT __13__ PAGE __230__        23.      BRYANT'S SEPARATE STATEMENT IN
                                            OPPOSITION TO MATTEL'S MOTION TO
                                            COMPEL

1   secret information belonging to third parties that are not parties to this suit. Defendant

2   also objects on privilege and privacy grounds to production of any tax returns or

3   related documents. Finally, Defendant objects to this request to the extent it seeks

4   documents prepared in anticipation of litigation or that are protected by the attorney-

5   client privilege, joint defense privilege, common interest privilege and/or the attorney

6   work product doctrine.

7           Without waiving and subject to the foregoing objections, Defendant

8   responds as follows: Subject to entry of the appropriate Protective Order, Defendant

9   will produce non-privileged documents in his possession, custody or control sufficient

10  to demonstrate earnings related to the FIRST GENERATION BRATZ DESIGNS.

11

12  MATTEL'S REQUEST FOR PRODUCTION NO. 35:

13          All DOCUMENTS that REFER OR RELATE TO any payment of

14  money or consideration made to YOU or for YOUR benefit by MGA for any

15  DESIGNS, or for any right, title or interest in any DESIGNS, that YOU produced,

16  created, authored, conceived of or reduced to practice, whether alone or jointly with

17  others, after October 20, 2000.

18

19  BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

20          Defendant incorporates by reference each and every objection set forth

21  above in the General Objections. Defendant objects to this request on the ground that

22  the terms "consideration," "right," "title," "interest" "conceived," "reduced to practice"

23  and "jointly with others" are vague, ambiguous and fail to identify with sufficient

24  particularity the documents to be produced and/or call for a legal conclusion.

25  Defendant further objects to this request on the grounds that it is overbroad and

26  unduly burdensome to the extent that it calls for documents after the time Defendant

27  left his employment with Mattel, and on that basis seeks documents not relevant to

28  this action and not reasonably calculated to lead to the discovery of admissible

EXHIBIT  13  PAGE  231        24.        BRYANT'S SEPARATE STATEMENT IN
                                         OPPOSITION TO MATTEL'S MOTION TO
                                         COMPEL

1   evidence. Defendant also objects to this request insofar as it potentially invades the

2   privacy and/or confidentiality of other individuals who are not parties to this action.

3   Defendant further objects to this request to the extent it seeks confidential, proprietary

4   or trade secret information belonging to third parties that are not parties to this suit.

5   Defendant also objects to this request to the extent it seeks documents prepared in

6   anticipation of litigation or that are protected by the attorney-client privilege, joint

7   defense privilege, common interest privilege and/or the attorney work product

8   doctrine. Finally, Defendant objects on privilege and privacy grounds to production

9   of any tax returns or related documents.

10         Without waiving and subject to the foregoing objections, Defendant

11   responds as follows: Subject to entry of the appropriate Protective Order, Defendant

12   will product non-privileged documents in his possession, custody or control sufficient

13   to demonstrate earnings related to the FIRST GENERATION BRATZ DESIGNS.

14

15   <u>MATTEL'S REQUEST FOR PRODUCTION NO. 36:</u>

16         All of YOUR royalty statements from MGA.

17

18   <u>BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 36:</u>

19         Defendant incorporates by reference each and every object on set forth

20   above in the General Objections. Defendant objects to this request on the grounds that

21   the phrase "royalty statements" is vague, ambiguous and fails to identify the

22   documents to be produced with sufficient particularity and/or calls for a legal

23   conclusion. Moreover, Defendant objects to this request to the extent it calls for

24   information not relevant to any claim or defense in this action. Defendant also objects

25   to this request insofar as it potentially invades the privacy and/or confidentiality of

26   other individuals who are not parties to this action. Defendant further objects to this

27   request to the extent it seeks confidential, proprietary or trade secret information

28   belonging to third parties that are not parties to this suit. Finally, Defendant objects to

EXHIBIT __13__ PAGE __232__    25.    **BRYANT'S SEPARATE STATEMENT IN OPPOSITION TO MATTEL'S MOTION TO COMPEL**

1    this request to the extent it seeks documents prepared in anticipation of litigation or

2    that are protected by the attorney-client privilege, joint defense privilege, common

3    interest privilege and/or the attorney work product doctrine.

4
5    MATTEL'S REQUEST FOR PRODUCTION NO. 45:

6              All DOCUMENTS that REFER OR RELATE TO any amount that YOU

7    have been paid for the license, sale, conveyance, assignment or transfer of any right,

8    title or interest that YOU claim, or ever have claimed, to have or own in BRATZ or

9    any DESIGN for BRATZ.

10
11   BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

12             Defendant incorporates by reference each and every objection set forth

13   above in the General Objections.  Defendant objects to this request on the ground that

14   the terms "license," "sale," "conveyance," "assignment," "transfer," "right," "title,"

15   "interest" and "own" are vague, ambiguous and fail to describe with sufficient

16   particularity the documents to be produced and/or call for a legal conclusion.  To the

17   extent this request seeks documents that predate or postdate Defendant's employment

18   with Mattel, it is overbroad, unduly burdensome and not reasonably calculated to lead

19   to the discovery of admissible evidence.  Moreover, Defendant objects to this request

20   to the extent it calls for information not relevant to any claim or defense in this action.

21   Defendant also objects to this request insofar as it invades the privacy and/or

22   confidentiality of other individuals who are not parties to this action.  Defendant

23   further objects to this request to the extent it seeks confidential, proprietary or trade

24   secret information belonging to third parties that are not parties to this suit.  Finally,

25   Defendant objects to this request to the extent it seeks documents potentially prepared

26   in anticipation of litigation or that are protected by the attorney-client privilege, joint

27   defense privilege, common interest privilege and/or the attorney work product

28   doctrine.

EXHIBIT  13  PAGE  233     26.

BRYANT'S SEPARATE STATEMENT IN
OPPOSITION TO MATTEL'S MOTION TO
COMPEL

1    Without waiving and subject to the foregoing objections, Defendant

2  responds as follows: Subject to entry of the appropriate Protective Order, Defendant

3  will produce responsive non-privileged documents in his possession, custody or

4  control evidencing earnings from the FIRST GENERATION BRATZ DESIGNS.

5

6  MATTEL'S REQUEST FOR PRODUCTION NO. 46:

7    All DOCUMENTS that REFER OR RELATE TO any amount that YOU

8  have been paid by any PERSON other than Mattel, Inc. for the license, sale,

9  conveyance, assignment or transfer of any right, title or interest in any DESIGN,

10  including without limitation for any DESIGN for BRATZ, that YOU produced,

11  created, authored, conceived of or reduced to practice, whether alone or jointly with

12  others, during the time period(s) that YOU were employed by Mattel, Inc.

13

14  BRYANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

15    Defendant incorporates by reference each and every objection set forth

16  above in the General Objections. Defendant objects to this request on the ground that

17  the terms "other than Mattel, Inc.," "license," "sale," "conveyance," "assignment,"

18  "transfer," "right," "title," "interest," "conceived," "reduced to practice" and "jointly

19  with others" are vague, ambiguous and fail to describe with sufficient particularity the

20  documents to be produced and/or call for a legal conclusion. Furthermore, Defendant

21  objects to this request to the extent it calls for information not relevant to any claim or

22  defense in this action. Defendant also objects to this request insofar as it invades the

23  privacy and/or confidentiality of other individuals who are not parties to this action.

24  Defendant further objects to this request to the extent it seeks confidential, proprietary

25  or trade secret information belonging to third parties that are not parties to this suit.

26  Moreover, Defendant objects to this request to the extent it seeks documents

27  potentially prepared in anticipation of litigation or that are protected by the attorney-

28  client privilege, joint defense privilege, common interest privilege and/or the attorney

EXHIBIT __13__ PAGE __234__          27.          BRYANT'S SEPARATE STATEMENT IN
                                                    OPPOSITION TO MATTEL'S MOTION TO
                                                    COMPEL

1   work product doctrine.  Finally, Defendant objects on privilege and privacy grounds to

2   production of any tax returns or related documents.

3          Without waiving and subject to the foregoing objections, Defendant

4   responds as follows: Subject to entry of the appropriate Protective Order, Defendant

5   will produce responsive non-privileged documents in his possession, custody or

6   control evidencing earnings from the FIRST GENERATION BRATZ DESIGNS.

### Bryant's Argument

#### 1.     Bryant's Royalty Statements

9          Preliminarily, Mattel incorrectly insists that Bryant is an employee of

10  MGA.  Bryant is not an employee of MGA; rather, he is an independent contractor

11  who receives royalty statements from MGA.  Contrary to Mattel's position and

12  pursuant to the terms of the Stipulation, Bryant has already produced **all** royalty

13  statements he has received related to the First Generation "Bratz" dolls, and he has

14  produced his 2000 contract with MGA.

15         Mattel's request to produce these royalty statements in unredacted form

16  would result in an unjustified intrusion into MGA's trade secret information. Each

17  product MGA sells carries a SKU number.  Bryant's payments are tracked by units

18  (expressed as SKU numbers) sold.  Bryant gets paid 3 percent of the total revenues

19  from the sale of each doll he worked on, indicated in the royalty statement as a SKU

20  item.  With respect to the First Generation "Bratz" dolls, Bryant has already provided

21  Mattel with all of the royalty statements reflecting the SKU numbers and the revenues

22  Bryant has received from the sale of each First Generation doll.  Bryant redacted

23  royalty statements reflecting revenues for subsequent generations of Bratz dolls.

24  Bryant responded in this matter before MGA was even a party to this action, redacting

25  the royalty statements to protect MGA's trade secret information.

26         The unredacted Bryant royalty statements show SKU numbers for

27  "Bratz" and "Bratz"-related products, the revenue generated from the product, and

28  Bryant's royalty.  They demonstrate how much revenue MGA earned on an array of

EXHIBIT __13__ PAGE __235__ 28.     BRYANT'S SEPARATE STATEMENT IN
                                     OPPOSITION TO MATTEL'S MOTION TO
                                     COMPEL

1   different "Bratz" products. (Jacoby Decl. ¶ 28.) The breakdown of MGA's revenue

2   stream is very sensitive information, and it should not be disclosed to MGA's number

3   one competitor, Mattel, in the absence of the most compelling circumstances. From

4   these royalty statements, Mattel could conceivably derive a wealth of information

5   regarding the relative successes and failures of various "Bratz" products, as this

6   information shows how many units of each item MGA placed in the market were

7   actually sold. Information regarding MGA's revenue and sales patterns would be

8   invaluable to Mattel in its competitive pursuits vis-a-vis MGA. Given that MGA is a

9   privately held company, the unredacted financial information that Mattel seeks is not

10  available to Mattel by any public means. Mattel's continued drumbeat of pressure to

11  obtain these statements in unredacted form, suggest an intent to use discovery in this

12  matter as a means to conduct marketplace research on "Bratz" products as it could

13  never accomplish outside of litigation.

14          Mattel is no doubt entitled to know how much money Bryant has earned

15  from MGA. The relation to specific "Bratz" items, however, is highly confidential.

16  Should MGA and Mattel reach an agreement at a later time regarding the disclosure of

17  unredacted royalty statements, Bryant will not interfere with that agreement. Given

18  that Mattel's requests seek MGA's proprietary trade secret information, Mattel should

19  pursue MGA, and not Bryant, in its obsessive attempts to obtain confidential royalty

20  statements.

21          **2.    Bryant's Tax Returns.**

22          In order to successfully move to compel production of Bryant's tax

23  returns, Mattel must show a "compelling need" for the returns because the information

24  sought is not available from another source. Southern Cal. Housing Rts. Center v.

25  Krug, 2006 U.S. Dist. LEXIS 65330 (C.D. Cal. Sep. 5, 2006); Fish v. Watkins, 2006

26  U.S. Dist. LEXIS 6769 (D. Az. Feb. 17, 2006). Mattel cannot make any such

27  showing. Mattel has other alternative sources to get at Bryant's tax returns. For

28  example, Mattel can easily get at the information from the royalty statements it has

EXHIBIT __13__  PAGE __236__ 29.

BRYANT'S SEPARATE STATEMENT IN
OPPOSITION TO MATTEL'S MOTION TO
COMPEL

1    requested from Bryant and MGA.  Similarly, over the past year and half, Mattel has

2    subpoenaed myriad banks at which Bryant held personal or business accounts, such as

3    Chase, Bank of American, Household Finance Corporation, Citibank, and Household

4    Credit Services, asking for "All DOCUMENTS REFERRING OR RELATING TO

5    CARTER BRYANT from January 1, 1999 to December 31, 2001, inclusive," "All

6    DOCUMENTS REFERRING OR RELATING TO the ACCOUNT maintained by

7    YOU [Bank], including but not limited to statements, monthly statements, annual

8    statements, daily transaction history reports, monthly transaction history reports,

9    deposit reports, deposit slips, canceled checks, signature cards, ...," and "All

10   DOCUMENTS REFERRING OR RELATING TO any other ACCOUNT maintained

11   by YOU [Bank] that is in the name of, for the benefit of or concerns CARTER

12   BRYANT, including but not limited to statements, monthly statement, annual

13   statements, daily transaction history reports, monthly transaction history reports,

14   deposit reports, deposit slips, canceled checks, signature cards, and

15   COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created

16   between January 1, 1999 and December 31, 2001, inclusive."  Mattel has received

17   documents from each respective bank in response to each of these broad categories of

18   requests.  Therefore,  there is no "compelling need" for Bryant's tax returns as the

19   information sought is already available from other sources.

20

21   **IV.    MATTEL'S REQUESTS ARE IMPERMISSIBLY OVERBROAD**

22

23   REQUEST FOR PRODUCTION NO. 20:

24          All COMMUNICATIONS between YOU and MGA that REFER OR

25   RELATE TO Mattel, Inc. or any officer, director, employee or representative of

26   Mattel, Inc.

27

28   EXHIBIT  13  PAGE  237

                                        30.

RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Defendant incorporates by reference each and every objection set forth above in the General Objections. Defendant objects to this request on the grounds that the terms "officer," "director," "employee" and "representative" are vague, ambiguous and fail to describe with sufficient particularity the documents to be produced and/or call for a legal conclusion. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and unintelligible to the extent it fails to identify a specific time period or proper subject matter, and on that basis seeks documents not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks confidential, proprietary or trade secret information belonging to third parties that are not parties to this suit. Defendant also objects to this request insofar as it invades the privacy and/or confidentiality of Defendant and/or other individuals who are not parties to this action. Finally, Defendant objects to this request to the extent it seeks documents prepared in anticipation of litigation or that are protected by the attorney-client privilege, joint defense privilege, common interest privilege and/or the attorney work product doctrine.

REQUEST FOR PRODUCTION NO. 23:

All COMMUNICATIONS between YOU and MGA that REFER OR RELATE TO any work or services that YOU performed for or on behalf of Mattel, Inc. or YOUR employment by Mattel, Inc.

RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Defendant incorporates by reference each and every objection set forth above in the General Objections. Defendant objects to this request on the grounds the terms "work" and "services" are vague, ambiguous and fail to identify with sufficient

EXHIBIT  13  PAGE  238        31.        BRYANT'S SEPARATE STATEMENT IN OPPOSITION TO MATTEL'S MOTION TO COMPEL

1   particularity the documents to be produced.  Defendant further objects to this request

2   on the grounds that it is overbroad, unduly burdensome and unintelligible to the extent

3   it fails to identify a specific time period or proper subject matter, and on that basis

4   seeks documents not relevant to this action and not reasonably calculated to lead to the

5   discovery of admissible evidence.  Defendant also objects to this request insofar as it

6   invades the privacy and/or confidentiality of other individuals who are not parties to

7   this action.  Finally, Defendant objects to this request to the extent it seeks documents

8   prepared in anticipation of litigation or that are protected by the attorney-client

9   privilege, joint defense privilege, common interest privilege and/or the attorney work

10  product doctrine.

11          Without waiving and subject to the foregoing objections, Defendant

12  responds as follows: Subject to entry of the appropriate Protective Order, Defendant

13  will produce responsive non-privileged documents in his possession, custody or

14  control that were created prior to October 21, 2000.

15

16  REQUEST FOR PRODUCTION NO. 27:

17          All DOCUMENTS that REFER OR RELATE TO

18  COMMUNICATIONS between YOU and MGA after October 20, 2000.

19

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

21          Defendant incorporates by reference each and every objection set forth

22  above in the General Objections.  To the extent that this request calls for documents

23  after Defendant left his employment with Mattel, this request is overbroad, unduly

24  burdensome, seeks documents not relevant to this action and is not reasonably

25  calculated to lead to the discovery of admissible evidence.  Moreover, this request is

26  overbroad, unduly burdensome and unintelligible to the extent that it fails to identify

27  any proper subject matter.  Defendant further objects to this request to the extent it

28  seeks confidential, proprietary or trade secret information belonging to third parties

EXHIBIT  13  PAGE  239

32.

BRYANT'S SEPARATE STATEMENT IN
OPPOSITION TO MATTEL'S MOTION TO
COMPEL

1  that are not parties to this suit. Defendant also objects to this request insofar as it

2  invades the privacy and/or confidentiality of other individuals who are not parties to

3  this action. Finally, Defendant objects to this request to the extent it seeks documents

4  prepared in anticipation of litigation or that are protected by the attorney-client

5  privilege, joint defense privilege, common interest privilege and/or the attorney work

6  product doctrine.

7

8  REQUEST FOR PRODUCTION NO. 28:

9        All COMMUNICATIONS between YOU and any PERSON, including

10  without limitation MGA, that REFER OR RELATE TO any DESIGNS that YOU

11  produced, created, authored, conceived of or reduced to practice, whether along or

12  jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

13

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

15        Defendant incorporates by reference each and every objection set forth

16  above in the General Objections. Defendant objects to this request on the grounds that

17  the terms "conceived," "reduced to practice" and "jointly with others" are vague,

18  ambiguous and fail to describe with sufficiently particularity the documents to be

19  produced and/or call for a legal conclusion. Moreover, Defendant objects to this

20  request to the extent it calls for information not relevant to any claim or defense in this

21  action. Defendant also objects to this request insofar as it potentially invades the

22  privacy and/or confidentiality of other individuals who are not parties to this action.

23  Defendant further objects to this request to the extent it seeks confidential, proprietary

24  or trade secret information belonging to third parties that are not parties to this suit.

25  Finally, Defendant objects to this request to the extent it seeks documents prepared in

26  anticipation of litigation or that are protected by the attorney-client privilege, joint

27  defense privilege, common interest privilege and/or the attorney work product

28  doctrine.

EXHIBIT __13__ PAGE __240__

33.

**BRYANT'S SEPARATE STATEMENT IN OPPOSITION TO MATTEL'S MOTION TO COMPEL**

### Bryant's Argument

In its Request no. 20, Mattel has propounded an impermissibly overbroad discovery request, seeking Bryant to produce all communications he has had since he left Mattel about Mattel employees and everything that relates to Mattel. Preliminarily, Bryant has scores of friends who worked at Mattel at some point. He should not have to divulge any personal, non-business communications.

Moreover, Mattel employees frequently leave Mattel's employment in pursuit of better job opportunities. Mattel has laid off hundreds of employees in the years since Bryant resigned from Mattel. Many former Mattel employees currently work at MGA. Mattel's request that Bryant produce all communications he has had relating to "any officer, director, employee or representative of Mattel" constitutes an unwarranted invasion of the constitutional and personal privacy rights of individuals who are not parties to this action. Keith H. v. Long Beach Unified School District, 228 F.R.D. 652, 657 (C.D. Cal. 2005) ("federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests."); Cook v. Yellow Freight System, Inc., 132 F.R.D. 548, 551 (E.D. Cal. 1990) ("the initiation of a law suit does not, by itself, grant plaintiffs the right to rummage unnecessarily and unchecked through the private affairs of anyone they choose"); Dart Industries Co., Inc. v. Westwood Chemical Co., Inc., 649 F. 2d 646 (9th Cir. 1980) (discovery should be more limited to protect third parties from harassment or inconvenience).

Moreover, Bryant has an independent confidentiality interest regarding any information that he has shared with MGA. No Mattel employee would ever apply to MGA if they thought that their identity would inevitably be disclosed in this litigation. Mattel is not permitted to chill the competitive marketplace by forcing litigants to disclose information that would reveal the identity of current Mattel employees seeking employment with MGA or Bryant. This would materially interfere with the freedom of mobility of employment expressly recognized in California. See

EXHIBIT 13 PAGE 241

34.

BRYANT'S SEPARATE STATEMENT IN
OPPOSITION TO MATTEL'S MOTION TO
COMPEL

1   California Business and Professions Code sections 16600 *et seq.*

2

3   **V.    BRYANT HAS AGREED TO PRODUCE MATTEL-RELATED**

4   **DOCUMENTS**

5

6   <u>REQUEST FOR PRODUCTION NO. 51:</u>

7           All DOCUMENTS that REFER OR RELATE TO Mattel, Inc., or that

8   were prepared, authored or created by Mattel, Inc. or any officer, director, employee

9   or representative of Mattel, Inc., that YOU have ever provided to, shown, described

10  to, communicated to or disclosed in any manner to MGA.

11

12  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 51:</u>

13          Defendant incorporates by reference each and every objection set forth

14  above in the General Objections.  Defendant objects to this request on the grounds that

15  the terms "provided," "shown," "described," "communicated," "disclosed," "officer,"

16  "director," and "employee" are vague, ambiguous and fail to describe with sufficient

17  particularity the documents to be produced and/or call for a legal conclusion.

18  Moreover, Defendant objects to this request to the extent it calls for information not

19  relevant to any claim or defense in this action.  Defendant further objects to this

20  request to the extent it potentially invades the privacy and/or confidentiality of other

21  individuals who are not parties to this action.  Defendant also objects to this request to

22  the extent it seeks confidential, proprietary or trade secret information belonging to

23  third parties that are not parties to this suit.  Finally, Defendant objects to this request

24  to the extent it seeks documents potentially prepared in anticipation of litigation or

25  that are protected by the attorney-client privilege, joint defense privilege, common

26  interest privilege and/or the attorney work product doctrine.

27

28

EXHIBIT 13 PAGE 242

35.

**BRYANT'S SEPARATE STATEMENT IN OPPOSITION TO MATTEL'S MOTION TO COMPEL**

1  <u>REQUEST FOR PRODUCTION NO. 49:</u>

2

3          All DOCUMENTS that YOU obtained during the course of YOUR

employment by Mattel, Inc. that REFER OR RELATE TO dolls, doll accessories or
4
toys.
5

6  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 49:</u>

7

8          Defendant incorporates by reference each and every objection set forth

above in the General Objections.  Defendant objects to this request on the grounds that
9
the terms "obtained," "dolls," "doll accessories" and "toys" are vague, ambiguous,
10
unintelligible and fail to describe with sufficient particularity the documents to be
11
produced.  Defendant further objects to this request on the grounds that it is overbroad
12
as to time and scope and on that basis is unintelligible.  Moreover, any such alleged
13
documents would already be within the possession, custody or control of Mattel.
14
Moreover, Defendant objects to this request to the extent it calls for information not
15
relevant to any claim or defense in this action and is not reasonably calculated to lead
16
to the discovery of admissible evidence.  Finally, Defendant objects to this request to
17
the extent it seeks documents potentially prepared in anticipation of litigation or that
18
are protected by the attorney-client privilege, joint defense privilege, common interest
19
privilege and/or the attorney work product doctrine.
20

21                          **<u>Bryant's Argument</u>**

22          Pursuant to the terms of the Stipulation, Bryant has agreed to produce **<u>all</u>**

23  "documents and tangible things that he obtained from Mattel during the course of his

24  employment at Mattel" in response to request nos. 51 and 49.  Therefore, Mattel's

25  motion to compel with respect to Issue no. 5 is moot.

26

27

28  EXHIBIT  13  PAGE  243

36.

## VI.   BRYANT HAS AGREED TO PRODUCE DOCUMENTS REGARDING THE REGISTRATIONS AND APPLICATIONS FOR REGISTRATION

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS that REFER OR RELATE TO any copyright, patent or any other application or registration for DESIGNS that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, since January 1, 1995, including without limitation all COMMUNICATIONS pertaining thereto.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Defendant incorporates by reference each and every objection set forth above in the General Objections. Defendant objects to this request on the basis that the terms "copyright," "patent," "application," "registration," "conceived," "reduced to practice" and "jointly with others" are vague, ambiguous and fail to describe with sufficient particularity the documents to be produced and/or call for a legal conclusion. Defendant also objects to this request insofar as it potentially invades the privacy and/or confidentiality of other individuals who are not parties to this action. Moreover, Defendant objects to this request to the extent it seeks confidential, proprietary or trade secret information belonging to third parties that are not parties to this suit. Defendant further objects to this request on the grounds that this request is overbroad and unduly burdensome to the extent that it calls for documents predating and postdating Defendant's employment with Mattel, and on that basis seeks information not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects to this request to the extent it seeks documents potentially prepared in anticipation of litigation or that are protected by the attorney-client privilege, joint defense privilege, common interest privilege and/or the attorney-work product doctrine.

13  PAGE 244

37.

BRYANT'S SEPARATE STATEMENT IN OPPOSITION TO MATTEL'S MOTION TO COMPEL

### Bryant's Argument

Bryant agreed in the Stipulation to conduct a "reasonably diligent search for and produce any patent, copyright and trademark applications, registrations or other non-privileged documents in his possession, custody or control that constitute or relate to such applications and registrations obtained or applied in connection with" (1) work on Bratz prior to January 1, 2001; (2) work related to the release of the First Generation "Bratz" dolls that took place on or about June 2001; and (3) work related to any work Bryant performed with, for or on behalf of MGA during the term of Bryant's employment with Mattel.  Accordingly, Mattel's motion to compel Bryant to produce documents relating to registration and applications for registration is moot.

## VII.   BRYANT'S PRIOR PRODUCTION WAS PROPER.

Mattel incorrectly claims that Bryant asserted a "blanket objection to producing any document created after this lawsuit was filed in April 2004."  Mattel completely misrepresents the issue and Bryant's position.  Bryant did not and does not object to producing "responsive, non-privileged documents generated after the suit was filed."  Bryant only objects to having to log as privileged any post litigation communications with counsel.  Mattel has misconstrued this caveat as a wider refusal to produce documents created after the lawsuit was filed. No such position has been taken.

### A.   None Of The Information Redacted From The Produced Phone Records Relate To MGA.

Bryant agreed in the Stipulation that he will provide a signed verification attesting that none of the information redacted from phone records that were produced to Mattel relate or refer in any way to MGA, "Bratz" or any other project that Bryant worked on with, for or on behalf of MGA prior to June 1, 2001.

### B.   Bryant Should Not Have To Identify On A Privilege Log Every

EXHIBIT  13  PAGE  245

38.

BRYANT'S SEPARATE STATEMENT IN
OPPOSITION TO MATTEL'S MOTION TO
COMPEL

1     **Communication He Has Had With His Counsel.**

2            Mattel mischaracterizes Bryant's good-faith assertion of privilege by

3     professing that Bryant has listed only 4 documents on his privilege log "likely because

4     most documents he has withheld on privilege grounds are not actually privileged–and

5     because the dates of these documents alone may refute Bryant's claims about the

6     timing and scope of his communications with MGA." Mattel's contention holds no

7     water. Since Mattel filed this action in April 2004, Bryant has had numerous

8     communications with his counsel regarding issues arising out of this lawsuit. Bryant

9     objected in order to reserve his right not to place on a privilege log the innumerable

10    privileged documents and documents containing attorney work product that have been

11    created since the inception of this lawsuit. Bryant respectfully requests this Court not

12    to order Bryant to serve a privilege log concerning his confidential communications

13    with his counsel which are undeniably protected by the attorney-client privilege.

14    **C.     Bryant's Hard Drive**

15           Bryant confirmed in the Stipulation that he made a diligent and

16    reasonable effort to locate all three computers referenced at his deposition, and that

17    after that search, he is only able to locate one of the old computers that he used and/or

18    owned. Bryant has also expressly agreed to conduct a reasonable and diligent search

19    for responsive documents, including a forensic search for data fragments, deleted

20    documents and data not readily viewable absent forensic analysis, and will produce

21    responsive documents in accordance with the stipulation. Accordingly, Mattel's

22    motion to compel Bryant's hard drive is no longer an issue.

23

24    **VIII.  MATTEL SHOULD BE SANCTIONED**

25           The only party that should be sanctioned is Mattel. For the past two and

26    half years, Mattel has taken contradictory positions regarding the amount of money in

27    controversy in order to manipulate the forum and the scope of discovery, and has now

28    unilaterally reneged on an exhaustively negotiated stipulation because it does not want

EXHIBIT  13  PAGE  246          39.          BRYANT'S SEPARATE STATEMENT IN
                                              OPPOSITION TO MATTEL'S MOTION TO
                                              COMPEL

1    to formally modify a single request. Mattel's counsel likely knew its requests were

2    facially improper when they engaged in a six month long negotiation to substantially

3    limit the requests, only to unceremoniously renege on the stipulation at the last second

4    and move on every request. Bryant has incurred more than $20,000 in fees

5    negotiating the stipulation that represented a considerable compromise on his part of

6    the issues raised in these requests.

7              Mattel's sweepingly overbroad and duplicative requests cannot stand on

8    their own and its tactics of intimidation should not be awarded. Its motion should be

9    denied and, to the extent sanctions are awarded, they should be awarded against

10   Mattel. Bryant's counsel has incurred in excess of $8,700 in fees in opposing this

11   motion, and pursuant to FRCP 37(a)(4)(B), Bryant should be awarded that amount in

12   partial compensation for the cost of opposing this motion. The stipulation of the

13   parties should be enforced as the recommendation of the Discovery Master, and as

14   such should end any further law and motion on the document requests moved upon in

15   the January 2005 and the current motion.

16

17   January 11, 2007

18                          DOUGLAS A. WICKHAM
                            KEITH A. JACOBY
19                          LITTLER MENDELSON
                            A Professional Corporation
20
21                          Keith A. Jacoby
22                          Attorneys for Defendant
                            CARTER BRYANT
23
24
25
26   Firmwide:81898672.3 028307.1010
27
28   EXHIBIT   13  PAGE  247

                                    40.     **BRYANT'S SEPARATE STATEMENT IN
                                            OPPOSITION TO MATTEL'S MOTION TO
                                            COMPEL**

**Exhibit 14**

1   DOUGLAS A. WICKHAM (S.B. #127268)
    dwickham@littler.com
2   KEITH A. JACOBY (S.B. #150233)
    kjacoby@littler.com
3   LITTLER MENDELSON
    A Professional Corporation
4   2049 Century Park East, 5th Floor
    Los Angeles, CA 90067.3107
5   Telephone: (310) 553-0308
    Facsimile: (310) 553-5583
6
    Attorneys for Carter Bryant
7

8                UNITED STATES DISTRICT COURT
9                CENTRAL DISTRICT OF CALIFORNIA
                        EASTERN DIVISION
10

11  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                         (consolidated with CV 04-9059 & 05-2727)
12               Plaintiff,
                                         **DISCOVERY MATTER**
13        v.
                                         **[To Be Heard By Discovery Master**
14  MATTEL, INC., a Delaware             **Hon. Edward Infante (Ret.) Pursuant to**
    Corporation,                         **The Court's Order of December 6, 2006**

15                                       **DECLARATION OF KEITH A.**
                 Defendant.              **JACOBY IN SUPPORT OF CARTER**
16                                       **BRYANT'S OPPOSITION TO**
                                         **MATTEL INC.'S MOTION TO**
17                                       **COMPEL THE PRODUCTION OF**
                                         **DOCUMENTS**
18
                                         Date: January 23, 2007
19                                       Time: 8:15 a.m.
                                         Place: Telephonic
20
                                         Discovery Cut-off: None set
21                                       Pre-trial Conference: None Set
                                         Trial Date: None Set
22

23  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and           Judge: Hon. Stephen G. Larson
24  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.                         Discovery Cut-Off: T.B.D.
25

26

27

28
                                                        DECLARATION OF KEITH JACOBY
            EXHIBIT 14 PAGE 248
                                                        722C

1   I, Keith A. Jacoby, declare as follows:

2        1.    I am a shareholder of the law firm of Littler Mendelson, a Professional

3   Corporation, counsel of record and co-lead counsel for Defendant Carter Bryant

4   ("Mr. Bryant") in this matter. I have personal knowledge of the matters set forth

5   herein and, if called as a witness, I could and would testify competently thereto.

6        2.    Mattel is an international toy manufacturer based in El Segundo,

7   California that markets numerous lines of toys, including its most well-known

8   product, the "Barbie" doll line. See Mattel's Complaint at ¶ 7.

9        3.    Mr. Bryant was deposed in this matter on November 4, 5 and 8, 2004.

10   True and correct copies of excerpts of his depositions transcript are attached as

11   Exhibit "A" hereto. At his deposition, Bryant testified to the following:

12        (a)    Bryant was formerly employed by Mattel as a designer of

13   Barbie fashions. He worked from September 1995 to April 1998 in the "mainline

14   Barbie" fashions department, and from January 4, 1999 to October 20, 2000 in the

15   Barbie "Collectibles" unit. Deposition of Carter Bryant ("Bryant Depo."), Vol. 1,

16   page 36, lines 10-11 and 14-16 (hereafter, 36:10-11 and 14-16); 37:3-5; Vol 2,

17   274:13.

18        (b)    During his 1998 hiatus from Mattel, Bryant moved to his

19   family's home in Missouri, worked part time at Old Navy, and created artwork.

20   One of his creations was drawings of hip teenage girls in funky modern clothes. He

21   called the girls in these totally original drawings "Bratz," but he made no effort to

22   commercialize them at the time. Bryant Depo. Vol. 1, 9:5-12, 142:10-15, 144:19-

23   20.

24        (c)    Needing money, and wanting to live on his own, Bryant moved

25   back to California and returned to work at Mattel in January 1999. Bryant Depo.

26   Vol. 1, 44:15, 48:9-11.

27        (d)    Bryant left his employment at Mattel for a second time on

28   October 20, 2000 in order to pursue more financially and creatively lucrative

EXHIBIT 14 PAGE 249

1   DECLARATION OF KEITH A. JACOBY

1   employment elsewhere.  Bryant Depo. Vol. 1, 55:18.

2           (e)    In October 2000, Bryant licensed the creations reflected in his

3   1998 "Bratz" master drawings to MGA, which hired a team of designers and

4   toymakers that used the Bryant drawings to create the first Bratz dolls.  Bryant

5   Depo. Vol. 1, 43:1-14; Vol. 2, 275:18-19.

6           (f)    Those dolls and subsequent "Bratz" dolls that Bryant has

7   consulted on have earned Bryant millions of dollars.  Bryant Depo. Vol. 3, 705:25.

8       4.     Mattel filed an action against Bryant in the Los Angeles Superior

9   Court on April 27, 2004, three and one half years after he resigned from Mattel.

10  Mattel asserted claims against Bryant for breach of contract, breach of the duty of

11  loyalty, breach of fiduciary duty and conversion.  Mattel alleges, among other

12  things, that Bryant "misappropriate[ed] and misus[ed] Mattel property and

13  resources" and "secretly aid[ed], assist[ed] and work[ed] for a Mattel competitor."

14  Complaint at ¶ 12.

15      5.     Bryant removed this case to federal court on the basis of diversity and

16  federal question jurisdiction on May 14, 2004.  Mattel propounded the discovery at

17  issue on June 14, 2004 and Bryant responded in writing to that request on July 16,

18  2004.  True and correct copies of the Request and Bryant's Objections and

19  Responses to the Request are attached hereto as Exhibits ""B" and "C"

20  respectively.

21      6.     Bryant produced documents to Mattel in August 2004 upon the

22  execution of a mutually agreeable protective order, and made two further

23  productions in the fall of 2004.  He has produced over 1500 documents to date.

24      7.     As this discovery moved forward, Mattel concurrently moved to

25  remand the case to state court and represented to United States District Judge

26  Manella that it was not certain more than $75,000 was in controversy.  Judge

27  Manella accepted Mattel's representation and remanded the case to state court on

28  August 23, 2004.  She made the following observation that is pertinent to the scope

2.

EXHIBIT __14__ PAGE __250__

**DECLARATION OF KEITH A. JACOBY**

1   of discovery currently being sought by Mattel:

2

3       Defendant signed the MGA Agreement on September 18, 2000, and resigned from Mattel on October 20, 2000, representing only a one-month overlap of employment for both employees...Plaintiff seeks only to enjoin Defendant from profiting from the services rendered during the approximately one-month time period Defendant worked for both Plaintiff and MGA. . . It cannot be automatically inferred that every dollar he has earned from the "Bratz" dolls is a result of work performed during the on-month period he worked for both Plaintiff and MGA. Nor can it be inferred that all the work he performed during that month directly resulted in the creation of the "Bratz" dolls.

8   (Order of Remand at 6)

9       8.    After conducting further discovery, and receiving documents from

10  Mattel that unequivocally demonstrated that Mattel was seeking to recover in

11  excess of $75,000, Bryant removed this matter to federal court again on November

12  1, 2004.

13       9.    Mattel *again* moved for remand, *again* challenging whether the case

14  was worth $75,000 and all the while *again* simultaneously seeking discovery on the

15  totality of Bryant's work for MGA up to the present day, and documents evidencing

16  all monies earned by Bryant to date.

17       10.   In his first production, Bryant produced his 2000 agreement with

18  MGA, which remained in effect for over three years, and which dictated the amount

19  of royalties he earned for all of his initial work done on "Bratz" projects.

20       11.   The limitation to "First Generation 'Bratz' Designs" placed on

21  Bryant's responses to Mattel's requests calling for "Bratz" related documents

22  created after October 20, 2000 was **mutually agreed upon** by the parties in July

23  2004.

24       12.   Bryant's responses are consistent with this agreement. For example, in

25  response to request nos. 12, 19, 41, 42, 54, and 55, Bryant agreed to produce

26  documents relating to the First Generation "Bratz" Designs, which were created by

27  Mr. Bryant in 1998 and which led to the release of the first generation of "Bratz"

28

EXHIBIT 14 PAGE 251

DECLARATION OF KEITH A. JACOBY

3.

1  dolls (the 2001 versions of the Jade, Cloe, Yasmin and Sasha dolls) in or about June
2  2001.

3      13.    A meet and confer among counsel in this matter was convened at the
4  law offices of O'Melveny & Myers on or about July 13, 2004.  It was attended by
5  counsel for MGA (Diana Torres), counsel for Bryant (Douglas Wickham and Keith
6  Jacoby) and counsel for Mattel (Michael Zeller).  In discussing a subpoena Mattel
7  directed at then third party MGA (which has since intervened in the litigation), Mr.
8  Zeller agreed that MGA could limit its response to Mattel's subpoena to document
9  production to the First Generation "Bratz" Designs.

10     14.    Mr. Zeller, upon inquiry by me, also expressly agreed that Bryant
11  could similarly limit his initial document production.  The parties agreed that
12  documents pertaining to subsequent generations would be produced if
13  developments in the case demonstrated that production was warranted.  While Mr.
14  Zeller indicated that Mattel was not irrevocably waiving the right to seek
15  documents related to subsequent generations of Bratz designs, it was agreed that the
16  "First Generation" limitation would facilitate discovery and an initial production of
17  documents.

18     15.    On October 26 and 28, 2004, during the course of a further meet and
19  confer on the document request Mattel propounded in state court after this matter
20  was remanded, Mattel unceremoniously reneged on its agreement, and then denied
21  any agreement ever existed.  Attached hereto as Exhibit "D" is a true and correct
22  copy of email correspondence from Mr. Zeller to me, dated October 25, 2004.
23  Mattel then filed a motion to compel, moving on the same requests that are the
24  subject of this motion.

25     16.    All discovery in this matter was stayed from March 2005 to May 2006
26  as a result of Mattel's appeal of the March 2005 Order confirming federal
27  jurisdiction over this action.  The stay Order stayed Mattel's initial discovery
28  motion on the Request, which was filed in January 2005. — — — — —

4

EXHIBIT 14  PAGE 252   DECLARATION OF KEITH A. JACOBY

17.     After Mattel's appeal failed and the stay was lifted, I participated in no less than four additional formal meet and confers regarding Mattel's Request for Production of Documents.  This included a full day meet and confer in the chambers of Magistrate Judge Robert Block, participated in by all lead counsel for Mattel, Bryant and MGA.  *All* of Mattel's myriad discovery requests that are the subject of this motion were discussed for hours, vetted, narrowed and ultimately compromised in a written stipulation negotiated by lead counsel for both sides.

18.     The agreement reached by the parties at that court supervised meet and confer was not put on the record due to a request by Mr. Quinn and the lateness of the day.

19.     On June 23, 2006, Mattel's counsel transmitted its first draft of the stipulation seeking to memorialize that agreement.  A true and correct copy of this first draft is attached as Exhibit "E."  Many in person meetings, telephone conversations and exchanges further drafts ensued.  I participated in all of these communications.  On behalf of Mattel, they were at various times participated in by Mr. Quinn, Mr. Zeller, Mr. Corey and Mr. Proctor.

20.     All the requests addressed in this motion ultimately led to agreement on the following points, which disposed of every issue raised in Mattel's motion to compel:

- Bryant would produce all agreements for work he performed with or on behalf of MGA prior to June 30, 2001 (the approximate date the First Generation Bratz dolls were released to the public).
- Bryant would waive the attorney-client privilege with respect to communication with the attorney who assisted him in negotiating his contract with MGA, so long as that waiver would be limited and in no way would waive the privilege with respect to litigation counsel.
- Bryant would produce any documents relating to any payments he received from MGA while employed at Mattel, irrespective of the

EXHIBIT  14     5.     PAGE  253

DECLARATION OF KEITH A. JACOBY

date of creation.

- Bryant agreed to make a diligent search for all computers referenced in his deposition and search them for responsive documents.

- Bryant agreed to produce all documents and tangible things obtained from Mattel during the course of his employment at Mattel.

- Bryant agreed to conduct a search and produce any patent, trademark or copyright applications, registrations and other non-privileged documents in his possession in connection with his work with MGA prior to June 2001.

- Bryant agreed to identify which documents were responsive to which specific Mattel request if Mattel could ascertain that they had so requested.

- Bryant agreed to sign a verification that none of the information redacted from his phone records related to Bratz or his work MGA prior to June 30, 2001.

- Bryant agreed to supplement his privilege log.

- The parties agreed that the stipulation modified Bryant's prior response to the discovery request and that the Stipulation controlled to the extent they were inconsistent.

See Draft Stipulation transmitted to Mattel counsel by Dominic Messiha, Esq. on September 7, 2006, a true and correct copy of which is attached as Exhibit "F".

21.   Considerable further negotiation occurred in the fall of 2006 as the result of additional caveats injected into the negotiation by Mattel. These included discussions about which side would pay for any future hard drive preservation and inspection, and the language governing Bryant's limited waiver of the attorney client privilege. Mattel at various times completely refused to entertain any limited waiver, and only at the conference before Magistrate Judge Block agreed to it in

6.                                    **DECLARATION OF KEITH A. JACOBY**

EXHIBIT 14 PAGE 254