1   principle). *See e.g.* correspondence from Keith A. Jacoby to John Quinn and

2   Michael Zeller, dated September 18, 2006, a true and correct copy of which is

3   attached as Exhibit "G."

4       22.   The considerable word smithing of the stipulation was ultimately

5   worked out except on one front. On September 6, 2006, Bryant's counsel proposed

6   a single sentence to conclude the stipulation and dispose of the January 2005 Mattel

7   motion:

8           The stipulation resolves all issues raised in Mattel's

9           motion to compel, which is hereby withdrawn.

10      A true and correct copy of an electronic mail from Keith A. Jacoby to

11  John Quinn and Michael Zeller, dated September 6, 2006, is attached hereto as

12  Exhibit "H".

13      23.   Mattel struck that language in a September 15 draft and instead offered

14  the following:

15          Except as, and only as set forth in the terms of Paragraph

16          One above, nothing in this Stipulation shall preclude or

17          limit Mattel from seeking further discovery on any matter,

18          including as to matter on which the parties could not

19          reach complete agreement, or preclude or limit any right

20          of Bryant to object or resist to such discovery."

21      A true and correct copy of Mattel's September 15, 2006 redline of

22  Bryant's draft stipulation is attached as Exhibit "I".

23      24.   On October 10, 2006, I wrote Mattel's counsel John Quinn and

24  Michael Zeller and made clear that Bryant was only seeking to put an end to the

25  disputes raised by the requests and the motion, not to improperly limit Mattel's

26  future discovery rights. I wrote, "Any issue that has not been moved upon is still

27  fair game to be moved upon, until the motion cutoff. But in Mattel's motion, it

28  specifically moved upon certain requests. THOSE (emphasis in original) requests

EXHIBIT 14 PAGE 255

7.

DECLARATION OF KEITH A. JACOBY

1   have been compromised by this stipulation.  Mattel can of course do follow up

2   discovery, but cannot simply move later on everything Bryant did not agree to give

3   today.  In other words, the requests moved upon are deemed satisfied by the

4   compromises reached in this stipulation.  That is all we are seeking."  A true and

5   correct copy of this electronic correspondence is attached as Exhibit "J".

6          25.    Mattel's counsel responded by recharacterizing the request as "a bar

7   from further discovery" and cut off communications on the subject until late

8   December.  A true and correct copy of this e-mail exchange is attached as Exhibit

9   "J".

10         26.    On December 27, 2006, Mattel attorney Dylan Proctor conferred with

11   me on this subject for the first time and refused to discuss the stipulation at all,

12   insisting that the parties begin the discussion again, request by request.  I indicated

13   that I had gone through each category of requests extensively with Mr. Quinn and

14   Mr. Zeller on multiple occasions and would not begin again from scratch.  I

15   represented that Mr. Bryant would honor all of the agreements set out in the

16   stipulation so long as Bryant would not have to face the exact same discovery

17   requests and motions again. Mr. Proctor rejected that position.

18         27.    Even with this new motion, Mattel has utterly failed to show why a

19   production other than that agreed to in the stipulation is required.  Bryant has

20   produced hundreds of drawings related to the First Generation designs.  The First

21   Generation "Bratz" designs are the only designs relevant to the issues raised in this

22   lawsuit.  Mattel's theory is that Mr. Bryant breached his employee agreements with

23   Mattel by working for Mattel and MGA at the same time for approximately one

24   month.  Thus, only the work performed **prior** to the release of the first Bratz

25   products, whenever done, is relevant.  Mr. Bryant has agreed to produce those

26   documents, and for the most part, has already done so.  In addition to Bryant's

27   productions, MGA, for its part, has produced hundreds of documents relating to the

28   creation of the First Generation "Bratz" prototypes for the 2001 Hong Kong and

8.

DECLARATION OF KEITH A. JACOBY

EXHIBIT 14 PAGE 256

1  New York toy fairs.  Despite the narrow frame of relevance, Mattel's improper and

2  overbroad requests seek virtually every Bryant document regarding Bratz, with no

3  attendant time or scope limitations.  The requests, taken together, seek all "Bratz"

4  related documents, from the beginning of time through today.

5      28.    Mattel has sought Bryant's royalty statements from both Bryant and

6  MGA.  The royalty statements contain trade secret information of the most sensitive

7  nature, and much of that information is unrelated to this suit in the first instance.

8  The unredacted Bryant royalty statements show SKU numbers for many "Bratz"

9  and "Bratz" related products, the revenue generated from those products, and

10  Bryant's royalty.  In other words, they show how much revenue MGA earned on

11  various "Bratz" products. This is extremely sensitive commercial information that

12  would inform Mattel about which MGA products are successful and which are not.

13      29.    Contrary to Mattel's representations, Bryant does not object to

14  producing "responsive, non-privileged documents generated after the suit was

15  filed."  Rather, Bryant asserted an objection – identical to one Mattel asserted – that

16  was designed to reserve Bryant's right not to place on a privilege log the

17  innumerable privileged documents and documents containing attorney work

18  product that have been created since this lawsuit was filed.  Bryant is unaware of

19  any unprivileged document which does not contain attorney work product that is

20  responsive to the requests and that was created since the lawsuit was filed.  The

21  only document that conceivably falls into these categories of documents that Mattel

22  has conducted discovery on to date is Bryant's retainer letter with Littler

23  Mendelson.  At deposition, Mattel's counsel quizzed Bryant about his retainer and

24  whether MGA agreed to pay his legal fees in this matter.  Bryant asserted the

25  attorney client privilege and did not respond.  Bryant's position in this regard is

26  memorialized in the Stipulation.  Mattel, for its part, has not produced its retainer

27  letters with Quinn Emanuel firm or the other firms it has retained in this action

28  (Akin Gump, Munger Tolles & Olsen and perhaps others unknown to Bryant) in

9.                              DECLARATION OF KEITH A. JACOBY

EXHIBIT 14  PAGE 257

1    discovery, nor has it logged it on any privilege log.

2        30.    Bryant has not "refused" to produce communications between himself

3    and MGA. To the contrary, he has produced his agreement, his royalty statements,

4    all manner of artwork that was done for MGA or assigned to MGA.

5        31.    Moreover, and contrary to Mattel's contentions, Bryant has conducted

6    an extensive and diligent search for responsive and relevant information. Bryant

7    made the computer hard drive of the computer he used from 2000 to 2002 available

8    to his counsel, and counsel have not found any responsive documents or relevant

9    information in his computer hard drives, or documents related to his

10    communications with MGA.

11        32.    Mattel's speculation that Bryant's counsel "apparently has made no

12    effort to look for or recover deleted data from that hard drive and made no effort to

13    examine the other computers at all" is a complete falsehood, and contradicts

14    express representations made to Mattel's counsel in the meet and confer that such a

15    search was undertaken and did not reveal any responsive documents. This is set out

16    in the Stipulation. Mattel's baseless representations ignore the fact that Bryant's

17    counsel has examined his hard drive extensively for any responsive documents, and

18    it has not found any. It also ignores the fact that scores of attorney hours have been

19    spent searching for documents at Bryant's home and in his studio. While Bryant has

20    tirelessly searched for and inspected his computer hard drives for relevant

21    information, there is irrefutable evidence that Mattel has not turned over all of

22    Bryant's electronic data, such as responsive emails or their attachments.

23        33.    Bryant has been even more accommodating in his furnishing of

24    personal telephone records, but to no avail. He has produced pages of telephone

25    records reflecting phone calls between MGA and himself. He also produced

26    redacted phone records from Veronica Marlow, the individual that introduced

27    Bryant to MGA. He produced those records in good faith, even though they are not

28    his own, because they were turned over by Marlow to his attorneys during this

**DECLARATION OF KEITH A. JACOBY**

EXHIBIT 14 PAGE 258

1   litigation.

2       34.    Those records contain calls to and from family and friends, and calls

3   by his roommates to others, which are obviously unrelated to this action.

4       35.    In its Motion, Mattel also seeks an order compelling Bryant to produce

5   all "Mattel-related" documents.  Bryant agreed to do this in the Stipulation, despite

6   the fact that he worked for Mattel for approximately five years, and in that time,

7   received many garden variety employee documents from Mattel that have no

8   bearing on any issue in this case.  Mattel has also expressly agreed through counsel

9   to allow Bryant to keep his Mattel works.

10       36.    Bryant has agreed to produce all copyright, patent and other

11   registrations in his possession, custody and control and this is reflected in the

12   Stipulation.

13       37.    Mattel's document requests, on their face, span Bryant's entire adult

14   life.  About half of the requests are limited in time to all times prior to October 20,

15   2000, and the balance are limited in time to all documents created after October

16   2000.  Since 1995, Bryant has changed residences within California; moved out of

17   California to Missouri, returned to California, and moved back to Missouri.

18       38.    In responding to Mattel's document request, Bryant's documents in his

19   Missouri residences and studio were retrieved and then reviewed by attorneys, at

20   my direction. The documents were not kept in organized files, but were often

21   stuffed in boxes or left in piles in storage areas.  They have been copied and

22   produced, and hundreds of originals have been hand inspected by Mattel's

23   attorneys. All three-dimensional items have been inspected by hand by Mattel's

24   attorneys. At one point a Jade doll was disrobed by a Quinn Emanuel attorney, who

25   saw fit to photograph the doll body naked.

26       39.    Bryant was deposed by Mattel's counsel for three days, in excess of 20

27   hours, far beyond what is permitted by the Federal Rules of Civil Procedure.

28

EXHIBIT 14   PAGE 259

DECLARATION OF KEITH A. JACOBY

1    During that time, Mr. Bryant was questioned on thirty-four (34) separate exhibits,

2    collectively containing over 100 documents.

3       I declare under penalty of perjury under the laws of the United States

4    of America that the foregoing is true and correct. Executed this 11th day of January

5    2007.

6

7    _____
        Keith A. Jacoby

8

9    Firmwide:81881546.1 028307.1010

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 14  PAGE 260

12.

**DECLARATION OF KEITH A. JACOBY**

**Exhibit 15**

1  (COUNSEL LISTED ON FOLLOWING PAGE)

2

3

4

5

6

7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**
   **EASTERN DIVISION**

10

11  CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
                                           (consolidated with CV 04-9059 & 05-2727)
12              Plaintiff,

       v.                                  DISCOVERY MATTER
13
    MATTEL, INC., a Delaware               Hon. Edward A. Infante (Ret.)
14  Corporation,
                                           Discovery Master
15              Defendant.
                                           **STIPULATION AND [PROPOSED]**
16                                         **ORDER RE REQUEST TO EXTEND**
                                           **DEADLINE WITHIN WHICH**
17                                         **CARTER BRYANT MUST COMPLY**
                                           **WITH THE DISCOVERY MASTER'S**
18                                         **JANUARY 25, 2007 ORDER**
                                           **GRANTING MATTEL'S MOTION TO**
                                           **COMPEL PRODUCTION OF**
19                                         **DOCUMENTS**

20

21  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
22  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.
23

24

25

26

27

28

EXHIBIT _15_ PAGE _261_

2-27

1
2
DOUGLAS A. WICKHAM (S.B. #127268)
dwickham@littler.com
KEITH A. JACOBY (S.B. #150233)
3
kjacoby@littler.com
LITTLER MENDELSON
4
A Professional Corporation
2049 Century Park East, 5th Floor
5
Los Angeles, CA  90067.3107
Telephone:  (310) 553-0308
6
Facsimile:   (310) 553-5583
7
Attorneys for CARTER BRYANT
8
DIANA M. TORRES (S.B. #162284)
dtorres@omm.com
9
JAMES P. JENAL (S.B. #180190)
jjenal@omm.com
10
O'MELVENY & MEYERS LLP
400 South Hope Street
11
Los Angeles, CA  90071.2899
Telephone:  (213) 430-6000
12
Facsimile:   (213) 430-6407
13
PATRICIA GLASER (S.B. #55668)
CHRISTENSEN, GLASER, FINK,
14
JACOBS, WEIL & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
15
Los Angeles, CA  90067
Telephone:  (310) 553-3000
16
Facsimile:   (310) 557-9815
17
Attorneys for MGA ENTERTAINMENT, INC.
18
JOHN B. QUINN, Bar No. CA 90378
MICHAEL T. ZELLER, Bar No. CA 194617
19
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
20
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017.2543
21
Telephone:  213.443.3000
Facsimile:   213.443.3100
22
23
Attorneys for MATTEL, INC.
24
25
26
27
28

EXHIBIT  15  PAGE _____

1      **WHEREAS**, in January, 2005, pursuant to Local Rule 37, Mattel, Inc.
2  ("Mattel") filed a motion to compel Carter Bryant's ("Bryant") production of
3  documents responsive to Mattel's First Set of Document Requests, served in June
4  2004;

5      **WHEREAS**, before Mattel's motion to compel was heard, the Court stayed
6  discovery;

7      **WHEREAS**, after the discovery stay was lifted, Magistrate Judge Block
8  ordered the parties to further meet and confer on June 20, 2006 in connection with
9  Mattel's motion (among others);

10     **WHEREAS**, after the further meet and confer, the parties sought to reach a
11  written stipulation to resolve the motion, but ultimately were unable to reach
12  agreement;

13     **WHEREAS**, after Mattel stated its intention to re-file its motion, Discovery
14  Master Infante directed the parties to further meet and confer, which occurred on
15  December 28, 2006;

16     **WHEREAS**, on January 3, 2007, Mattel submitted to Discovery Master Infante
17  its Motion to Compel Carter Bryant to Produce Documents ("Motion to Compel");

18     **WHEREAS**, on January 25, 2007, Discovery Master Infante issued an Order
19  granting Mattel's Motion to Compel (the "Order");

20     **WHEREAS**, presently, the deadline by which Bryant is to comply with the
21  Order is February 23, 2007;

22     **WHEREAS**, Bryant represents that he needs additional time to review and
23  search for responsive documents that are covered by the Court's Order and that the
24  quantity of such documents may be significant.  Bryant further represents that the
25  types of documents and materials that potentially are responsive include original
26  artwork that requires special handling to avoid alteration or destruction.  Bryant also
27  represents that he needs an extension time because he has been and will be traveling
28  out of state until March 2 or 3, 2007.  As a result, Bryant represents that he needs

1.

EXHIBIT _15_   PAGE _262_

1    additional time in order to search for, gather, bate number and produce further

2    documents and materials that are responsive to, and in compliance with, the Order.

3    For documents that are already in Bryant's counsel's office in Los Angeles, Bryant

4    seeks a brief extension of time up to and including March 2, 2007 within which to

5    produce further responsive documents in compliance with the Order.  For documents

6    and materials that are currently located in Springfield, Missouri (in Bryant's studio),

7    Bryant seeks an extension of time up to and including March 16, 2007 within which to

8    produce further responsive documents in compliance with the Order.  Bryant also

9    requests that the time within which to prepare and produce any privilege logs also be

10   extended up to and including March 16, 2007; and

11       **WHEREAS,** Mattel is amenable to the requested extension as a professional

12   courtesy and to avoid burdening the Discovery Master and/or the Court with

13   additional disputes, but in doing so does not waive, and hereby reserves, its rights and

14   remedies with respect to this or any other deferment of discovery, including without

15   limitation in connection with potential motion(s), if any, seeking to alter any and all

16   deadlines at the appropriate time and/or to recall witnesses of MGA and/or Bryant as

17   may be necessary and appropriate.

18       **THEREFORE,** subject to the approval of the Discovery Master, the parties

19   stipulate and agree that the time within which Bryant shall comply with the Court's

20   Order shall be extended as follows:

21       (1) with respect to those further responsive documents and materials that are

22   currently located in Los Angeles, Bryant will produce such further responsive

23   documents and materials pursuant to the Order on or before March 2, 2007;

24       (2) with regard to such responsive documents and materials that are currently

25   located in Springfield, Missouri, Bryant will produce such further responsive

26   documents and materials pursuant to the Order on or before March 16, 2007; and

27   //

28   //

2.

EXHIBIT 15  PAGE 263

1    (3) Bryant also will serve his privilege log(s) on or before March 16, 2007.

2    **SO STIPULATED.**

3    Dated: February 23, 2007

4                                          DOUGLAS A. WICKHAM
                                           LITTLER MENDELSON
5                                          A Professional Corporation
                                           Attorneys for CARTER BRYANT

6    Dated: February 23, 2007

7                                          DIANA M. TORRES
8                                          O'MELVENY & MYERS, LLP
                                           A Professional Corporation
9                                          Attorneys MGA ENTERTAINMENT,
                                           INC.

10   Dated: February 23, 2007

11                                         MICHAEL T. ZELLER
                                           QUINN EMANUEL URQUHART
12                                         OVER & HEDGES, LLP
                                           Attorneys for MATTEL, INC.
13
                         **ORDER**
14
             Upon Stipulation of the Parties and GOOD CAUSE appearing therefor, it
15
     is hereby **SO ORDERED.**
16
17   DATED: Feb 26, 2007

18                                         HON. EDWARD A. INFANTE (RET.)
                                           DISCOVERY MASTER
19

20

21

22

23

24

25

26

27

28

3.

EXHIBIT 15 PAGE 264

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on February 26,

2007, I served the attached STIPULATION AND ORDER RE REQUEST TO EXTEND

DEADLINE WITHIN WHICH CARTER BRYANT MUST COMPLY WITH THE

DISCOVERY MASTER'S JANUARY 25, 2007 ORDER GRANTING MATTEL'S

MOTION TO COMPEL PRODUCTION OF DOCUMENTS in the within action by e-mail

addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

I declare under penalty of perjury under the laws of the Untied States of America that

the above is true and correct.

Executed on February 26, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT  15   PAGE  265

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California  90067.3107.

On February 27, 2007, I served the within document(s):

**STIPULATION AND ORDER RE REQUEST TO EXTEND DEADLINE WITHIN WHICH CARTER BRYANT MUST COMPLY WITH THE DISCOVERY MASTER'S JANUARY 25, 2007 ORDER GRANTING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

☐    This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error.  The names and facsimile numbers of the person(s) served are as set forth below.

☒    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☒    by personal service I caused such envelope to be delivered to **Allstar Messenger Service** for delivery to the address below.

| | |
|---|---|
| **Michael T. Zeller, Esq.** | **Diana M. Torres, Esq.** |
| **B. Dylan Proctor, Esq.** | **James Jenal, Esq.** |
| **Quinn Emanuel Urquhart Oliver & Hedges LLP** | **O'Melveny & Myers LLP** |
| **865 S. Figueroa Street, 10th Floor** | **400 S. Hope Street** |
| **Los Angeles, CA 90017** | **Los Angeles, CA 90071** |
| **Fax: (213) 443-3100** | **Fax: (213) 430-6407** |
| | |
| **(by Personal Service)** | **(by Mail)** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

PROOF OF SERVICE

EXHIBIT 15 PAGE 266

Patricia Glaser, Esq.
Christensen, Glaser, Fink, Jacobs,
Weil & Shapiro, LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, CA 90067
Fax : (310) 556-2920

(by Mail)

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 27, 2007, at Los Angeles, California.

*J. Monique McDonald*
J. Monique McDonald

Firmwide:81971483.1 028307.1010

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

PROOF OF SERVICE

EXHIBIT 15   PAGE 267

**Exhibit 16**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**Exhibit 17**



LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

ARIZONA

CALIFORNIA

COLORADO

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

MASSACHUSETTS

MINNESOTA

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

PENNSYLVANIA

TEXAS

WASHINGTON

March 2, 2007

Douglas A. Wickham
Direct: 310.712.7314
Direct Fax: 310.553.5583
dwickham@littler.com

**HAND DELIVERY**

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   **Bryant v. Mattel**

Dear Mr. Zeller:

Pursuant to Discovery Master Infante's January 25, 2007 Order (as modified concerning the due dates for supplemental document productions), I have enclosed with this letter Carter Bryant's first supplemental document production. This supplemental production is comprised of documents that are all marked "*CONFIDENTIAL - - ATTORNEY'S EYES ONLY*" and are Bates numbered BRYANT O1589 through 05099.

In addition, as we agreed this week (and with you reserving all of your client's rights in this regard including its right to insist on conducting an inspection of the actual hard drive(s) or to have a third party do so), Carter Bryant's computer hard drive(s) need not be produced at this time. However, we have enclosed in the supplement production those documents that we could open on the hard drive(s), which contain material that may be responsive to Discovery Master Infante's order. In this regard, we erred on the side of over-inclusiveness rather than under-inclusiveness.

Moreover, for those documents/images on the drive(s) that contain highly private material, we will obtain and send to you information regarding the file types and the "last modified" or "saved" dates for such files, if such information is accessible from the drive(s). We truly appreciate your courtesy in this regard.

After you have received and reviewed this letter and the enclosed supplemental production, please call me if you wish to discuss this matter further.

Sincerely,

Douglas A. Wickham

EXHIBIT 17  PAGE 271

DAW:cdm
Enclosures

Firmwide:82121859.2 028307.1010

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™

2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107  Tel: 310.553.0308 Fax: 310.553.5583 www.littler.com

**Exhibit 18**

**LITTLER MENDELSON®**
A PROFESSIONAL CORPORATION

Douglas A. Wickham
Direct: 310.712.7314
Direct Fax: 310.553.5583
dwickham@littler.com

ARIZONA

CALIFORNIA

COLORADO

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

MASSACHUSETTS

MINNESOTA

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

PENNSYLVANIA

WASHINGTON

March 16, 2007

**VIA HAND DELIVERY**

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:    **Bryant v. Mattel**

Dear Mr. Zeller:

Pursuant to Discovery Master Infante's January 25, 2007 Order (as modified concerning the due dates for supplemental document productions), I have enclosed with this letter Carter Bryant's second supplemental document production. This supplemental production is comprised of documents that are all marked "*CONFIDENTIAL - - ATTORNEY'S EYES ONLY*" and are Bates numbered BRYANT 05100 through 17618. We also have enclosed a privilege log and Mr. Bryant's Verification regarding prior redactions to his telephone records.

In addition, as we agreed (and with you reserving all of your client's rights in this regard including its right to insist on conducting an inspection of the actual hard drive(s) or to have a third party do so), Carter Bryant's computer hard drive(s) need not be produced at this time. However, we have enclosed in the supplement production those documents that we could open on the hard drive(s), which contain material that may be responsive to Discovery Master Infante's order. In this regard, we erred on the side of over-inclusiveness rather than under-inclusiveness.

Moreover, for those documents/images on the drive(s) that contain highly private material, we will obtain and send to you information regarding the file types and the "last modified" or "saved" dates for such files, if such information is accessible from the drive(s). We truly appreciate your courtesy in this regard.

EXHIBIT 18 PAGE 272

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠

2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107   Tel: 310.553.0308 Fax: 310.553.5583 www.littler.com

Michael T. Zeller, Esq.
March 16, 2007
Page 2

After you have received and reviewed this letter and the enclosed supplemental production, please call me if you wish to discuss this matter further.

Sincerely,

Douglas A. Wickham

DAW:cdm
Enclosures

Firmwide:82192031.1 028307.1010

EXHIBIT 18  PAGE 273

**Exhibit 19**



LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

RECEIVED

MAR 2 9 2007

ARIZONA

CALIFORNIA

March 27, 2007

Douglas A. Wickham
Direct: 310.712.7314
Direct Fax: 310.553.5583
dwickham@littler.com

COLORADO

DISTRICT OF
COLUMBIA

**VIA U.S. MAIL AND FACSIMILE (213.443.3100)**

FLORIDA

Michael Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

GEORGIA

Re:    **Mattel, Inc. v. Carter Bryant**

ILLINOIS

Dear Mr. Zeller:

I received your recent letter seeking to meet and confer with me regarding Mattel's motion
pertaining to Mr. Bryant's hard drives.

MASSACHUSETTS

I am in mediation all day on Wednesday, March 28, 2007, and I am tied up with hearings and
other matters on Thursday, March 29, 2007. I may be available to meet and confer with you
on Friday, March 30, 2007 (only in the morning) or on Monday, April 2, 2007. However,
there is a possibility that I will be in court Friday morning and then I will be out of town on
Friday afternoon. I will monitor my schedule and send you another letter or an email
message once my calendar has firmed up.

MINNESOTA

NEVADA

NEW JERSEY

In the meantime, we clearly disagree with your revisionist history of the parties' agreement
concerning Mr. Bryant's hard drive(s). That said, we are exploring whether we can make a
copy of the hard drive(s) and produce it to you after removing highly private, non-responsive
documents.

NEW YORK

Moreover, Mr. Bryant's hard drive(s) that were recently copied in Missouri contain material
which the Discovery Master has ruled need not be produced until the end of June 2007. The
parties already commenced discussions concerning the modification of the protective order
in this case to address issues pertaining to as of yet unreleased products. After further
examination, it appears that these drives also contain highly private, non-responsive
documents. Accordingly, since the parties need to continue the meet and confer sessions
regarding modification of the protective order, we can take up these related issues when we
next confer.

NORTH CAROLINA

OHIO

PENNSYLVANIA

In the meantime, you should be informed that Bryant already has produced hard copies of all
documents responsive to Discovery Master Infante's January 25, 2007 order that could be
located/accessed on Bryant's hard drives except for documents/images that Discovery Master

TEXAS

WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107 Tel: 310.553.0308 Fax: 310.553.5583 www.littler.com

EXHIBIT 19  PAGE 274

Michael Zeller, Esq.
March 27, 2007
Page 2

Infante recently determined need not be produced until the end of June 2007 (and which will
be the subject of the further protective order in this case).

Sincerely,

Douglas A. Wickham

DAW:cdm

cc:    Diana Torres, Esq.
       Diba Rastegar, Esq.

Firmwide:82251531.1 028307.1010

EXHIBIT  19  PAGE  275

**Exhibit 20**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor. Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

March 26, 2007

**VIA FACSIMILE AND U.S. MAIL**

Douglas A. Wickham, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Re:   Mattel, Inc. v. Bryant

Dear Mr. Wickham:

I am writing pursuant to the Discovery Master Stipulation to request a meet and confer in advance of Mattel's contemplated motion to compel and for sanctions as a result of Bryant's failure to produce his hard drive as ordered by Judge Infante's Order compelling its production.

Although Mattel had agreed to a brief extension of a few days for Bryant to produce the hard drive, that time has now expired and, indeed, you have failed to comply with even the requests that I had made, and that you had agreed to, in exchange for that extension. The hard drive's production is thus now overdue. As I have also informed you, we regret that, in light of Bryant's flat refusals to extend similar courtesies of extensions of time to Mattel, we are unable to accept any further delays in Bryant's production of the hard drive.

Please let me know when you are available to meet and confer within the time required. Alternatively, Bryant can promptly comply with his obligations under the Order and produce the hard drive so that Mattel can proceed with its forensic examination.

Best regards,

*Michael T. Z—*

Michael T. Zeller

EXHIBIT **20** PAGE **276**

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 46-020 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-7585 FAX 760-345-2314
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-813-3000 FAX 858-813-3336

07209/2086528.1

cc:    Keith Jacoby, Esq.
       Diana Torres, Esq.
       Jim Jenal, Esq.

2

EXHIBIT __20__ PAGE __277__

**Exhibit 21**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

April 6, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Douglas A. Wickham, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California  90067

Re:    <u>Mattel, Inc. v. Bryant</u>

Dear Doug:

I am following up on our meet and confers earlier this week regarding Bryant's failure to produce
his hard drives that Judge Infante's Order had compelled him to produce.

During our conversations, you have informed me of the following.  Bryant's counsel has five
images of hard drives that Bryant has used.  Two of the images were created in July 2004 and
have data from the 2002 and 2003 time period.  One of these two images is of a 20 GB
Travelstar drive from a Compaq Presario laptop, and the other is of a 20 GB Quantum Fireball
LCT 15 drive.  Bryant's counsel has EnCase images of the Travelstar and Quantum drives, but
the physical drive from the Compaq Presario laptop only.  You are going to provide me with the
details of the drives from which the other three images were made.  You have informed me thus
far that these three images, which also are in EnCase and which have data of more recent vintage
than the images of the Travelstar and Quantum drives, were made in March 2007.

This has raised the issue, among others, of the status of Bryant's "Desktop" drive that was the
specific subject of Mattel's motion to compel Bryant's production of documents which Judge
Infante granted.  As Bryant's counsel is aware, Bryant purchased the "Desktop" in October 2000.
He testified at deposition that, prior to November 2004, he had given that computer to his niece.
In correspondence and in Court papers, Bryant previously had represented that this hard drive

quinn emanuel urquhart oliver & hedges, llp

**EXHIBIT _21_ PAGE _278_**

NEW YORK | 515 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555

PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414

SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3156

had been retrieved from Bryant's niece, that it has been in Bryant's counsel's possession since at least as early as November 2004, that it had been thoroughly reviewed and that no responsive information was contained on it.

During our recent discussions, however, because your statements that the images of the Travelstar and Quantum drives had information from the 2002 and 2003 time period suggested that these images did not include the Desktop drive (which would have 2000 and 2001 information on it), I specifically raised the whereabouts and status of the Desktop drive with you. In the first instance, after you had checked with your partner Keith Jacoby, you informed me during our call on April 4, 2007 that Bryant's prior representations about the Desktop drive were "wrong" and that the drive, in fact, had neither been obtained from Bryant's niece nor reviewed. You also said in this regard yesterday that you are not entirely sure about the accuracy of the foregoing and would have Keith call me directly to discuss this.

For the reasons explained in my letter to you of March 29, 2007, we consider the apparent absence of the Desktop drive to be a troubling development.  Your statements to me this week during our meet and confers have increased, rather than diminished, the number of questions surrounding this evidence which Bryant represented that he had in hand and has been compelled by Court Order to produce.  I therefore would appreciate it if Keith would follow up with me promptly, either today or by the end of Monday, particularly given that we have been seeking to resolve for some time now the matter of Bryant's failure to produce (among others) the Desktop drive.  If the parties are not able to resolve this issue, we will have no alternative but to seek relief from Judge Infante.  One type of relief that we are contemplating potentially seeking would include, without limitation, an order to show cause requiring Bryant to fully explain the facts and circumstances surrounding the non-production of the Desktop drive and make available the salient witnesses to testify on the subject.

Accordingly, I reiterate my prior requests that Bryant be prepared to discuss the specifics surrounding his failure to produce the Desktop hard drive.  I also would expect, as part of those discussions, to be informed of the particulars of the persons with knowledge of facts pertaining to the hard drive, such as the name and contact information of the niece.

Finally, this will confirm that, as we discussed yesterday, you will be circulating for Mattel's consideration a draft document which outlines a protocol for the handling of the images and drives that Bryant's counsel does have in their possession.

I look forward to hearing from you and Keith on these subjects.

Very truly yours,

Michael T. Zeller

cc:    Keith Jacoby, Esq.
       Diana Torres, Esq.

2                    EXHIBIT 21 PAGE 279

**Exhibit 22**

FILED

2007 APR 11  PM 12: 58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
   (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
   Susan Wines (Bar No. 168643)
   (susanwines@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant.<br><br>_____<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br><br>NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR AN ORDER TO ENFORCE COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE DESKTOP COMPUTER HARD DRIVE<br><br>[Declaration of Michael T. Zeller filed concurrently herewith]<br><br>Hearing Date: TBA<br>Time: TBA<br>Place: TBA<br><br>Discovery Cut-off: October 22, 2007<br>Pre-trial Conference: January 14, 2008<br>Trial Date: February 12, 2008 |

EXHIBIT  22  PAGE  280

4-11

07209/2097326.1

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2           PLEASE TAKE NOTICE that at a telephonic conference before

3  Discovery Master Hon. Edward Infante (Ret.), that will occur at a time to be

4  determined by Judge Infante, plaintiff and cross-defendant Mattel, Inc. ("Mattel") will,

5  and hereby does, move the Court:

6           (1)    for an Order compelling Carter Bryant ("Bryant") to produce for

7  inspection and forensic imaging within five calendar days the hard drive(s) from his

8  Desktop computer that Bryant purchased in October 2000, that Bryant and his counsel

9  had represented that they had in their possession and had reviewed for responsive

10  documents and that Bryant was compelled to produce by Judge Infante's Order dated

11  January 25, 2007 (the "Discovery Order");

12           (2)    for an Order compelling Bryant, in the event of his continued non-

13  production of the Desktop hard drive(s), to provide sworn declarations from each

14  person with knowledge fully detailing the facts and circumstances surrounding the

15  search for and the non-production of the Desktop hard drive(s);

16           (3)    in the alternative, for an Order to Show Cause why Bryant should

17  not be compelled to provide the foregoing; and

18           (4)    for an award of sanctions against Bryant and his counsel in the

19  amount of $2,106.00, which represents a portion of the fees and costs incurred by

20  Mattel in bringing this Motion.

21           This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 34 and

22  37 on the grounds that Carter Bryant has failed to comply with the Discovery Order

23  requiring him to produce his Desktop computer hard drive(s) and has made inconsistent

24  statements about his search for, his inspection of, and the whereabouts of such

25  computer hard drive(s) that he was compelled to produce.

26           This Motion is based on this Notice of Motion and Motion, the

27  accompanying Memorandum of Points and Authorities, the Declaration of Michael T.

28

EXHIBIT _22_ PAGE _281_

1   Zeller filed concurrently herewith, the records and files of this Court, and all other

2   matters of which the Court may take judicial notice.

3

4                          **Statement of Rule 37-1 Compliance**

5

6          The parties met and conferred regarding this motion on April 2, 2007 and

7   April 3, 2007, as well as on other occasions.

8

9

10   DATED:  April 10, 2007              QUINN EMANUEL URQUHART OLIVER &
                                         HEDGES, LLP
11

12                                       By_____
13                                          Michael T. Zeller
                                            Attorneys for Mattel, Inc.
14

15

16

17

18

19

20

21

22

23

24

25

26

27                                       EXHIBIT 22   PAGE 282

28

7209/2097326.1

3

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

FILED

2007 APR 11 PM 12: 58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Susan Wines (Bar No. 168643)
  (susanwines@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                Plaintiff,<br><br>        vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br><br>NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR AN ORDER TO ENFORCE COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE DESKTOP COMPUTER HARD DRIVE<br><br>[Declaration of Michael T. Zeller filed concurrently herewith]<br><br>Hearing Date: TBA<br>Time: TBA<br>Place: TBA<br><br>Discovery Cut-off: October 22, 2007<br>Pre-trial Conference: January 14, 2008<br>Trial Date: February 12, 2008 |

EXHIBIT 22 PAGE 283
4-11

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

COPY

17209/2097326.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a telephonic conference before Discovery Master Hon. Edward Infante (Ret.), that will occur at a time to be determined by Judge Infante, plaintiff and cross-defendant Mattel, Inc. ("Mattel") will, and hereby does, move the Court:

(1)    for an Order compelling Carter Bryant ("Bryant") to produce for inspection and forensic imaging within five calendar days the hard drive(s) from his Desktop computer that Bryant purchased in October 2000, that Bryant and his counsel had represented that they had in their possession and had reviewed for responsive documents and that Bryant was compelled to produce by Judge Infante's Order dated January 25, 2007 (the "Discovery Order");

(2)    for an Order compelling Bryant, in the event of his continued non-production of the Desktop hard drive(s), to provide sworn declarations from each person with knowledge fully detailing the facts and circumstances surrounding the search for and the non-production of the Desktop hard drive(s);

(3)    in the alternative, for an Order to Show Cause why Bryant should not be compelled to provide the foregoing; and

(4)    for an award of sanctions against Bryant and his counsel in the amount of $2,106.00, which represents a portion of the fees and costs incurred by Mattel in bringing this Motion.

This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 34 and 37 on the grounds that Carter Bryant has failed to comply with the Discovery Order requiring him to produce his Desktop computer hard drive(s) and has made inconsistent statements about his search for, his inspection of, and the whereabouts of such computer hard drive(s) that he was compelled to produce.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Michael T.

EXHIBIT 22 PAGE 284

1  Zeller filed concurrently herewith, the records and files of this Court, and all other
2  matters of which the Court may take judicial notice.

3

4  **<u>Statement of Rule 37-1 Compliance</u>**

5

6          The parties met and conferred regarding this motion on April 2, 2007 **and**
7  April 3, 2007, as well as on other occasions.

8

9

10  DATED:  April 10, 2007              QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
11

12                            By_____
13                              Michael T. Zeller
                                Attorneys for Mattel, Inc.
14

15

16

17

18

19

20

21

22

23

24

25

26

27                                        EXHIBIT 22  PAGE 285
28

7209/2097326.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

As the Discovery Master will recall, Carter Bryant testified at deposition that he purchased a desktop computer in October 2000 (the "Desktop"). This was the same month Bryant left Mattel's employment.  According to Bryant, he used that computer until at least 2002 or 2003, when he gave it to his niece.  Given the time period of its use by Bryant, and Bryant's testimony that he had used the computer in connection with his work on Bratz and with MGA, the Desktop's hard drive is crucial evidence.[1] Beginning in 2004, Mattel sought its production, and Bryant refused on the grounds (among others) that it contained no responsive information.

Mattel moved to compel Bryant to produce his hard drives, including the Desktop hard drive specifically, so that they could be forensically examined.  During motion practice, Bryant repeatedly represented that he had retrieved the Desktop from his niece and had thoroughly inspected it for relevant information but found none. Thus, in pleadings filed with the Court, declarations signed under penalty of perjury, and letters to Mattel's counsel, Bryant and his counsel stated in connection with the Desktop:

- "[Bryant] later purchased a computer, which he used for a time, and then gave away to his niece.  That computer has been retrieved and searched for responsive documents, and none have been located."

- "Bryant made the hard drive of the computer he used from 2000 to 2002 available to his counsel, and counsel spent scores of attorney hours searching for documents at Bryant's home and in his studio, and produced responsive documents.  Counsel has not

---

[1]   As a result of Bryant's now conflicting statements as described below, Mattel does not know with any certainty whether the Desktop has one hard drive or more than one hard drive or utilized additional forms of storage. Mattel therefore refers in this motion to the Desktop's hard drive in the singular form for convenience and simplicity, although the usage here should be understood to encompass any and all drives and storage devices associated with the Desktop.

EXHIBIT 22 PAGE 286

07209/2095442.1

found any responsive documents or relevant information on his computer hard drives, however."

- "Bryant's counsel has examined his hard drive extensively for any responsive documents, and it has not found any."

- ". . . Bryant has tirelessly searched for and inspected his computer hard drives for relevant information . . . ."

Indeed, although Bryant had testified at deposition about the existence of two other computers he had bought and used in connection with Bratz prior to his deposition in November 2004, Bryant claimed that the *only* hard drive of these three computers he was able to locate was from the Desktop.

By Order dated January 25, 2007, the Discovery Master granted Mattel's motion to compel and specifically required Bryant to produce his computer hard drives. Although the time for Bryant's compliance with the Order has come and gone, Bryant still has not produced the Desktop hard drive. Mattel gave Bryant extensions of time for compliance, based on Bryant's counsel's initial representations that Bryant was traveling and more time was needed. As those extended deadlines were expiring, however, Bryant's counsel claimed for the first time that they would not be producing the hard drive because it had some unspecified "highly private" materials on it. Subsequently, Bryant's counsel disclosed that they in fact had five forensic images of Bryant hard drives and asserted that, as a further reason for their non-production, some or all of these hard drives also contained trade secret information concerning unreleased Bratz products that were scheduled for release later in 2007 or 2008.[2]

During the meet and confer process, Mattel pointed out that these evolving claims did not make sense with respect to the Desktop hard drive. Given that Bryant's counsel had represented to the Court that they had "extensively" inspected and

[2]  In this motion, Mattel is not seeking relief as to any of Bryant's hard drives other than the hard drive for the Desktop. Mattel is still attempting to resolve issues pertaining to Bryant's recent claims about his other hard drives, and Mattel will (footnote continued)

EXHIBIT 22  PAGE 287

1    reviewed the Desktop, there was no valid reason why these allegedly "highly private"

2    materials had not been mentioned on Mattel's motion to compel.  Also, given Bryant's

3    representations that his counsel had been in possession of the Desktop since at least as

4    early as November 2004, it did not seem plausible that the Desktop drive had

5    information for 2007 and 2008 products on it.

6            In response, Bryant and this counsel then began claiming that they do not

7    have the Desktop hard drive and that their earlier representations to the Court and

8    Mattel about having retrieved it from the niece and inspected it were apparently

9    "wrong."  And, while the Desktop from the critical 2000 time period has seemingly

10   gone missing (and in any event has not been produced), Bryant's counsel now say that

11   they have forensic images of *two* hard drives from the 2002 and 2003 time period --

12   which is inconsistent with their earlier representations that the *only* Bryant hard drive

13   they had found from that time period was the hard drive for the Desktop.  Mattel

14   repeatedly sought to get further information and clarification about the status of the

15   Desktop hard drive and the circumstances surrounding its non-production, but to no

16   avail.

17           Accordingly, Mattel needs the Discovery Master's assistance to get to the

18   bottom of Bryant's failure to produce the Desktop hard drive as ordered.  Bryant should

19   be ordered to immediately produce the Desktop hard drive.  If that hard drive is now

20   alleged to be unavailable, Mattel respectfully requests that the Discovery Master order

21   Bryant to provide a full account under oath detailing all facts and circumstances

22   concerning the non-production of this drive, including an explanation as to how Bryant

23   and his counsel could have "tirelessly" and "extensively" inspected something they now

24   have claimed not to possess.  Bryant's sworn statements also should detail precisely

25   what hard drives he has, what was done to search for relevant computers (and when),

26   _____

27   bring a separate motion on them in the event that the parties cannot reach an
     agreement.

28                              EXHIBIT 22 PAGE 288

1   how and when such computers were inspected, and all persons who have knowledge of

2   those facts.  The extent of Bryant's non-compliance with the Discovery Order cannot be

3   determined without such basic information, and Mattel has been unable to obtain it

4   from Bryant voluntarily.

5                                    **Background**

6           **At Deposition, Bryant Identifies Three Relevant Computers.**  Bryant

7   testified that he had used three different computers prior to his deposition in November

8   2004.  First and foremost was the Desktop computer that Bryant purchased from Circuit

9   City on October 21, 2000--just one day after he resigned from Mattel.[3]  Bryant says he

10  used this computer from 2000 until approximately November 2003 (only five months

11  before this lawsuit was filed), when he gave it to his niece.[4]  The second was a laptop

12  computer that Bryant purchased in November 2001.[5]  The third computer Bryant

13  identified was his parents' computer that Bryant used for a time, including during the

14  time that he purportedly created Bratz.[6]

15          **Bryant and His Counsel Represent That The Desktop Was Retrieved**

16  **From The Niece And Examined But No Responsive Information Is Contained On**

17  **It.**  Bryant and his counsel have repeatedly represented that not only had they located

18  the Desktop, but that they had searched it for responsive documents and came up

19  empty-handed.  For example, on November 1, 2004, Bryant's counsel sent a letter to

20  Mattel's counsel claiming that the computer Bryant had given away to his niece "has

---

21      [3]   Circuit City receipt dated October 21, 2000, attached to the Declaration of
22  Michael T. Zeller, dated April 10, 2007 filed concurrently herewith ("Zeller Dec."),
    Exh. 2; Bryant Deposition at 246:3-5, Zeller Dec., Exh. 3.
23      [4]   Bryant Deposition at 245:8-17; 246:3-5; 248:5-9, Zeller Dec., Exh. 3.
24  Bryant's counsel elsewhere stated that Bryant had used the Desktop "from 2000 to
    2002" and thus confirmed as well that it pertained to a highly pertinent time period.
25  Joint Stipulation Re: Mattel's Motion to Compel Production of Documents, filed on
26  January 6, 2005 (excerpts) ("Joint Stipulation") at 62:8-10, Zeller Dec., Exh. 5.
        [5]   Bryant Deposition at 247:25-248:2, Zeller Dec., Exh. 3.
27
28                                  EXHIBIT _22_ PAGE _289_

J7209/2095442.1

1   been retrieved and searched for responsive documents, and none have been located."[7]

2   Mattel specifically asked Bryant's counsel to preserve the Desktop hard drive.[8]

3            In refusing to produce the Desktop hard drive, Bryant thus asserted not

4   that it was unavailable, but instead that it contained nothing relevant. In January 2005,

5   Mattel filed a motion to compel against Bryant that sought the production of his hard

6   drives, including the hard drive for the Desktop specifically.[9] At that time, in Court

7   pleadings filed in opposition to Mattel's motion, Bryant's counsel represented that

8   Bryant had "tirelessly searched for and inspected his computer hard drives for relevant

9   information" and had made an "extensive and diligent search" for responsive

10   information on them.[10] Bryant's opposition made clear that the hard drive he had

11   purportedly searched was the Desktop hard drive.[11] Bryant's counsel also represented

12   in declarations that they too had examined the Desktop -- indeed, "extensively" so --

13

14

---

15     [6]   Bryant Deposition at 245:25-246:2, Zeller Dec., Exh. 3.

16     [7]   Letter dated November 1, 2004 from Keith Jacoby, counsel for Bryant, to John

17   Quinn and Michael Zeller, counsel for Mattel, at p. 2, Zeller Dec., Exh. 4
("Regarding [Mattel's] requests to inspect Mr. Bryant's home computer, I have made

18   further inquir[i]es on that subject to Mr. Bryant and my colleagues. Mr. Bryant did

19   not own a home computer during his time at Mattel. He later purchased a computer,
which he used for a time, and then gave away to his niece. That computer has been

20   retrieved and searched for responsive documents, and none have been located. Mr.

21   Bryant declines to produce his hard drive for inspection for the reasons articulated in
his response to Mattel's document request.").

22     [8]   Letter dated November 17, 2004 from Kirk Garey, counsel for Mattel, to Mr.

23   Jacoby, Zeller Dec., Exh. 23.

  [9]   Joint Stipulation at 3-4, 58-61, Zeller Dec., Exh. 5.

24     [10]   Joint Stipulation at 62:1-13, Zeller Dec., Exh. 5; [Redacted] Declaration of

25   Keith A. Jacoby in Support of Defendant and Cross-Claimant Carter Bryant's
Portion of Joint Stipulation (excerpted and without exhibits) ("2005 Jacoby Dec.") at

26   ¶¶ 22, 23, attached as Exh. 6 to the Zeller Dec.

27     [11]   2005 Jacoby Dec. ¶ 23 (referencing the "hard drive from Bryant's home
computer, which he gave to his niece in 2002"), Zeller Dec., Exh. 6.

28

EXHIBIT 22 PAGE 290

07209/2095442.1

1  and that they spent "scores of attorney hours" searching for responsive documents, but

2  found nothing responsive.[12]

3       Mattel's original motion to compel was not ruled upon because of the

4  discovery stay.  After the stay was lifted and the Discovery Master was appointed,

5  Mattel renewed its motion to compel Bryant's computer hard drives in early January

6  2007 and again specifically sought production of the Desktop hard drive.[13]  Bryant

7  again represented that he had conducted a "diligent" search for Bryant's hard drives and

8  stated that the *only* computer he was able to find was the Desktop.[14]  Bryant's counsel

9  likewise again stated they had searched the Desktop hard drive, but did not find "any

10  responsive documents or relevant information" on it.[15]

11       The Discovery Master granted Mattel's motion to compel.  Among other

12  things, the Discovery Master ordered that "[p]ursuant to Rule 34, Fed.R.Civ.P., Bryant

13  shall produce the hard drives of his computers for forensic imaging" by no later than

14  February 23, 2007 (the "Discovery Order").[16]

15       **Bryant's Counsel Stalls In Producing Any Drives.**  Shortly before the

16  February 23, 2007 deadline, Bryant's counsel asked Mattel for an extension of time for

17

18     [12]  Joint Stipulation at 62:2-13, 18-20, Zeller Dec., Exh. 5; 2005 Jacoby Dec. at

19  ¶¶ 23, 24, Zeller Dec., Exh. 6.

   [13]  Zeller Dec. ¶ 9; see also Separate Statement of Mattel, Inc. in Support of

20  Motion to Compel Production of Documents by Carter Bryant, filed on January 4,

21  2007 (excerpts) at 57-61, Zeller Dec., Exh. 7; Declaration of Michael T. Zeller in

Support of Mattel, Inc.'s Motion to Compel Production of Documents by Carter

22  Bryant (without exhibits) filed January 4, 2007 at ¶ 27, Zeller Dec., Exh. 8.

23     [14]  Separate Statement of Defendant Carter Bryant in Opposition to Mattel's

Motion to Compel, filed on January 11, 2007 ("Bryant's 2007 Separate Statement")

24  at 39, Zeller Dec., Exh. 9; Declaration of Keith A. Jacoby in Support of Carter

25  Bryant's Opposition to Mattel, Inc.'s Motion to Compel Production of Documents

(excerpted and without exhibits) ("2007 Jacoby Dec.") at ¶ 31, Zeller Dec., Exh. 10.

26     [15]  2007 Jacoby Dec., ¶ 31, Zeller Dec., Exh. 10.

27     [16]  Order of the Discovery Master Hon. Edward Infante (Ret.) dated January 25,

2007 at 17, Zeller Dec., Exh. 11.

28

EXHIBIT 22 PAGE 291

07209/2095442.1

1   compliance with the Discovery Order, claiming that additional time was required

2   because the quantity of responsive documents "may be significant" and because Bryant

3   would be traveling out of state until March 2 or 3, 2007.[17]   Based on those

4   representations, the parties submitted, and the Discovery Master approved, a Stipulation

5   extending Bryant's time to produce his computer hard drives.[18]

6           Two business days after Mattel's counsel agreed to the extension, Bryant's

7   counsel then began asserting a new reason for not producing his hard drives.  On

8   February 27, 2007, Bryant's counsel sent an email claiming that the hard drive

9   contained some unspecified "highly private material" and seeking "some sort of

10  agreement" on that issue.[19]   Mattel's counsel agreed to extend the deadline for

11  production of the hard drive for a few days so the parties could further discuss this so-

12  called "highly private" material, but only so long as Bryant's counsel provided a

13  detailed log by no later than the end of the following week (*i.e.*, by March 23, 2007)

14  regarding the files at issue.[20]  This log was supposed to include, for example, the file

15  format, file size, creation date and any modification date(s), so that Mattel could

16  intelligently discuss Bryant's counsel's claims about the files and consider what options

17  were available to potentially address them.[21]  Bryant's counsel agreed to provide such a

18  log and, in a subsequent letter, acknowledged that Mattel's counsel had "reserv[ed] all

19  of [Mattel's] rights in this regard including its right to insist on conducting an inspection

20  of the actual hard drive(s) or to have a third party do so."[22]  Although Bryant's counsel

21

22  ───────────────
    [17]   Stipulation and Order re: Request to Extend Deadline Within Which Carter
23  Bryant Must Comply with the Discovery master's January 25, 2007 Order Granting
    Mattel's Motion to Compel Production of Documents dated February 23, 2007,
24  Zeller Dec., Exh. 12.
    [18]   Id.
25  [19]   Zeller Dec., Exh. 13.
26  [20]   Zeller Dec., Exhs. 14, 15, 18.
    [21]   Zeller Dec., Exhs. 14, 15, 18.
27  [22]   Zeller Dec., Exhs. 14, 15, 18.

28                                                    EXHIBIT 22 PAGE 292

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

37209/2095442.1

1    had stated that this log of the files containing the "highly private" material was "on its

2    way," they still had not produced it by March 26, 2007.[23]

3        **The Desktop Appears To Go Missing**.  Not having received any hard

4    drives or the promised log of files that Bryant's counsel was ostensibly concerned

5    about, Mattel's counsel requested a meet and confer in advance of a motion to enforce

6    the Court's Discovery Order requiring Bryant to produce his hard drives.[24]  During the

7    meet and confer process, Bryant's counsel made two startling new claims that appeared

8    fundamentally inconsistent with the earlier representations by Bryant and his counsel.

9    First, because as noted Bryant had previously asserted that the *only* hard drive Bryant

10   had from any earlier time period was the Desktop, Mattel reasonably assumed at that

11   point that the "highly private" information referenced by Bryant's counsel's email was

12   contained on the Desktop hard drive.[25]  In further discussions, however, Bryant's

13   counsel stated that they had made forensic images of *two* Bryant hard drives in *July*

14   *2004* -- a time well before their representations that *only* the Desktop had been

15   located.[26]  According to Bryant's counsel during the recent meet and confers, one of

16   these forensic images made in July 2004 was from a Compaq Presario laptop computer

17   with a 20 GB Travelstar hard drive, and the other was from a Quantum Fireball LCT 15

18   drive.[27]  Bryant's counsel also stated in discussions that the data on these two forensic

19

20

21   [23] Zeller Dec., Exh. 16.

    [24] Zeller Dec., Exh. 16.

22   [25] Bryant's 2007 Separate Statement at 39, Zeller Dec., Exh. 9; 2007 Jacoby

23   Dec. at ¶ 31, Zeller Dec., Exh. 10; Zeller Dec., Exhs. 17, 19.

    [26] Zeller Dec., Exh. 21.

24   [27] Zeller Dec., Exh. 21. More specifically, Bryant identified the two images that

25   were made in July 2004 as being of (1) a 20 GB Travelstar hard drive from a

Compaq Presario laptop, and (2) a 20 GB Quantum Fireball LCT 15 hard drive. Id.,

26   p. 1. Also during the meet and confer process, Bryant's counsel represented that

Bryant was still in possession of the physical hard drive from the laptop but no

27   longer had the Quantum hard drive. Id., p. 1.

28   EXHIBIT 22   PAGE 293

1   images were from the 2002 and 2003 time period.[28]  This was the first time Bryant's

2   counsel disclosed that any hard drives apart from the Desktop had been located, let

3   alone that they had been withheld from Mattel since 2004.[29]

4            This led to Bryant's second, and even more troubling, revelation. Bryant's

5   counsel also start asserting as another basis for his refusals to produce any of the hard

6   drives that they contained unidentified information about unreleased Bratz products

7   scheduled for release in 2007 and 2008.[30]  Bryant's prior representations about the

8   Desktop, however, including that his counsel had retrieved it from the niece at least as

9   early as November 2004, appeared inconsistent with the claim that it contained data for

10  2007 and 2008 doll releases.  Moreover, Bryant's statement that the two older hard

11  drive images that were made in July 2004 contained data from 2002 and 2003 appeared

12  to exclude the prospect that one of these images was from the Desktop.  Since Bryant

13  had purchased the Desktop in October 2000 and had used it until at least 2002 and

14  2003, it undoubtedly would have data from 2000 and 2001.

15           In light of these incongruities, Mattel pressed for an explanation about the

16  status of the Desktop hard drive specifically.  On April 4, 2007, Bryant's counsel

17  suggested for the first time that they in fact did not know the whereabouts of the

18  Desktop.[31]  They stated that either the representations Bryant and his counsel had

19  earlier made to the Court and Mattel were "wrong" (and that the drive had never been

20  retrieved from Bryant's niece or reviewed), or that they simply are "not sure" about

21

22           [28]   Zeller Dec., Exh. 21.

23           [29]   Zeller Dec., Exh. 19. Bryant's counsel further disclosed that there were
    additional "hard drive(s)" that had been "recently copied in Missouri," and that
24  "[a]fter further examination, it appears that these drives also contain highly private,
    non-responsive documents." Id.  As noted above, in subsequent conversations,
25  Bryant's counsel stated that there were three images of these additional drives, for a
26  total of at least five hard drive images.  Zeller Dec., Exh. 21.

27           [30]   Zeller Dec., Exh. 19.
28           [31]   Zeller Dec., Exh. 21.

EXHIBIT  22  PAGE  294

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

1    their accuracy.[32]  Both orally and in letters, Mattel's counsel asked for clarification

2    about the status of the Desktop hard drive and requested that Bryant provide the factual

3    particulars regarding its non-production, without success.[33]

4

5                                    **Argument**

6    **I.    BRYANT HAS FAILED TO PRODUCE THE DESKTOP HARD**

7    **DRIVE AS ORDERED, AND THE DISCOVERY MASTER SHOULD**

8    **COMPEL BRYANT TO PRODUCE IT OR EXPLAIN ITS NON-**

9    **PRODUCTION UNDER OATH.**

10            Bryant has been resisting the production of the Desktop hard drive since

11   Mattel first began asking for it over two years ago.  Mattel was forced to file two

12   motions to compel, and at no time in opposing those motions did Bryant ever say that

13   he did not possess it.  To the contrary, for over two years, Bryant and his attorneys have

14   maintained not only that they had the Desktop hard drive in hand, but that they had

15   extensively reviewed the drive and it purportedly contained no responsive information.

16   Then, after the Discovery Master ordered Bryant to produce it, Bryant's counsel

17   initially claimed they needed more time, then that they did not want to produce it

18   because it contained "highly private" material, and finally, that they do not have it.

19            Whatever the truth is or the reason behind it, Bryant has not complied with

20   the Order requiring the production of the Desktop hard drive, which is crucial

21   evidence.[34]  Accordingly, Bryant should be ordered to produce that hard drive within

22

23      [32]   Zeller Dec., Exh. 21.
        [33]   Zeller Dec. ¶ 26.
24      [34]   To the extent Bryant suddenly relocates the Desktop, but argues that he need
25   not comply with the Court's Order compelling its production because it contains
     some unspecified "highly private" information, that argument has been waived.
26   Although he and his counsel claimed to have thoroughly reviewed its contents,
     Bryant did not oppose Mattel's motion to compel the Desktop by arguing that it
27   contained "highly private" information.  Thus, Bryant waived his right to oppose
28   (footnote continued)

EXHIBIT 22 PAGE 295

-10-

07209/2095442.1

five calendar days and, if he fails to do so, be ordered to disclose under oath all the facts and circumstances surrounding that failure.  Despite Mattel's efforts during the meet and confer, Bryant has not provided any cogent explanation that would account for the hard drive's non-production.  To the contrary, Bryant and his counsel have now given facially conflicting accounts, including about what computer hard drives they had retrieved and secured, what they had purportedly reviewed and even the number of computer hard drives they possess.  Under circumstances even less suspicious than these, courts have required the compelled party to provide sworn declarations detailing the nature of their search for documents, all facts and circumstances surrounding the production, and, if such documents are unavailable, to specify when they were destroyed and the reason(s) for their destruction.  See, e.g., A. Farber and Partners, inc. v. Garber, 234 F.R.D. 186, 190 (C.D. Cal. 2006) ("Further, to assure that defendant Garber actually makes a 'reasonable inquiry,' the court will order him to provide plaintiff with declarations or affidavits detailing the nature of his 'reasonable inquiry' to locate responsive documents, and such declarations must address the inquiry he made on a request-by-request basis."); see also General Cigar Co., Inc. v. Cohiba Caribbean's Finest, Inc., 2007 WL 983855 at *7-8 (D. Nev. 2007) (ordering defendants to provide a sworn declaration detailing the nature of their "reasonable inquiry" to locate responsive documents in accordance with Farber); Satchell v. FedEx Express, 2006 WL 2884318 at *6 (N.D. Cal. 2006) (ordering defendant either produce documents or provide a sworn statement regarding the reasons such documents are unavailable and if such documents are claimed to no longer exist, defendant's declaration "must state when it

_____

production on this basis.  See, e.g., Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (finding defendant waived objections to discovery orders and a contempt adjudication based on the People's Republic of China's secrecy laws where it failed to raise argument in response to motion to compel).

EXHIBIT 22 PAGE 296

07209/2095442.1

1   destroyed or ceased to retain these documents, and the policies or reasons for their

2   destruction.").[35]

3          Thus, in the event that Bryant persists in his failure to produce the hard

4   drive for the Desktop as the Discovery Order has compelled him to do, Bryant should

5   be ordered to detail all facts and circumstances surrounding its non-production through

6   sworn declarations from each witnesses with personal knowledge of the facts.   In

7   particular, Bryant should be ordered to disclose:

8       •  a detailed identification of all of the hard drives Bryant has used
    in connection with any Bratz work or work with MGA and the

9   efforts made to locate each such hard drive;

10      •  the specifics regarding each computer hard drive that has been
    located, including its identity, its dates of use, the date on which

11  the computer was located, and the circumstances under which
    each computer has been kept;

12

13      •  all information known or accessible to Bryant or his counsel
    about each computer hard drive that Bryant failed to locate or

14  claims they do not have in their possession, custody and control,
    including the identification of all persons who have been in

15  possession of it, the date(s) of their possession, its last known
    location and the circumstances surrounding its disposition and/or

16  destruction;

17      •  a detailed description of when and how any drives that were
    located were imaged, inspected and searched, including by

18  identifying who was involved and what specific efforts they
    made;

19      •  a complete explanation of Bryant and his counsel's prior
    representations to the Court and Mattel, including with respect to

20  their representation that they had found no hard drive other than
    the one for the Desktop, despite apparently having created

21  forensic images of two drives in July 2004, and their
    representation that they had retrieved from Bryant's niece and

22  had reviewed and inspected the Desktop hard drive, despite
    apparently never having done any of this; and

23

24      •  the identification of all persons (including their name and contact
    information) with knowledge of the facts and a detailed

25  ――――――――――――――――――――――――――――――――――

26  [35]   Requiring such a declaration also would be well within the Discovery Master's
    authority under the Discovery Master Order to "take evidence in connection with

27  discovery disputes."   Stipulation and Order for Appointment of a Discovery Master
    entered December 6, 2006 at 4, Zeller Dec., Exh. 1.

28

EXHIBIT 22   PAGE 297

-12-

07209/2095442.1

1  description of each such person's knowledge about who was in
2  possession of the relevant computers and when and what they did with each hard drive.

3  Without this type of detail, provided in binding, sworn statements, the Court and Mattel

4  will not be able to determine with any confidence the extent of Bryant's non-

5  compliance with the Order and the reasons for his failure to produce a highly critical

6  piece of evidence that Bryant claimed to previously have and has been compelled to

7  turn over but still has not produced.

8

9  ## II.   BRYANT SHOULD BE SANCTIONED

10  Bryant has failed to obey, and continues in his failure to obey, the

11  Discovery Order.  Federal Rule of Civil Procedure 37(b)(2) specifically allows an

12  award of Mattel's expenses and attorney's fees incurred in seeking to enforce the

13  January 27, 2007 Discovery Order.  Fed. R. Civ. P. 37(b)(2) ("In lieu of any of the

14  foregoing orders or in addition thereto, the court shall require the party failing to obey

15  the order or the attorney advising that party or both to pay the reasonable expenses,

16  including attorney's fees, caused by the failure unless the court finds that the failure

17  was substantially justified or that other circumstances make an award of expenses

18  unjust.").  The burden of establishing substantial justification is on the party being

19  sanctioned.  Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).

20  Here, Bryant has no substantial justification for his failure to obey the

21  Discovery Order. In fact, his justification--that he apparently does not have what has

22  been ordered to be produced--can only be true if he and his counsel had earlier

23  misrepresented the results or diligence of their search for Bryant's computer hard

24  drives, including most importantly the hard drive for the Desktop.  Sanctions are

25  particularly appropriate here given Bryant's failure to reasonably and timely cooperate

26  with Mattel's efforts to resolve his failure to comply with the Discovery Order

27  compelling production of the Desktop hard drive and his now two-year-long history of

28  obstructing discovery on this issue, among others.  It is only fair that Bryant be required

-13-  EXHIBIT 22 PAGE 298

1   to reimburse Mattel for being forced to return to the Discovery Master simply to obtain

2   compliance with an existing discovery Order and to otherwise get to the bottom of his

3   failure to produce crucial pieces of evidence Bryant and his counsel previously

4   represented to the Court and Mattel that they had in hand.

5

6                                   **Conclusion**

7           For the foregoing reasons, Mattel respectfully requests that the Discovery

8   Master order Bryant to: (1) produce within five calendar days his Desktop computer

9   hard drive for forensic examination in compliance with the January 25, 2007 Discovery

10   Order; (2) or, in the event that the Desktop hard drive is not produced, provide within

11   five calendar days a full and complete accounting under oath.  Mattel also respectfully

12   requests that the Discovery Master award sanctions in the amount of $2,015, which

13   represents a portion of the fees and costs incurred by Mattel in bringing this Motion.

14

15   DATED:  April 10, 2007         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

16

17                           By _Mima T. Z~_____

18                             Michael T. Zeller

                                 Attorneys for Mattel, Inc.

19

20

21

22

23

24

25

26

27

28

EXHIBIT _22_ PAGE _299_

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

07209/2095442.1

<u>**PROOF OF SERVICE**</u>

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On April 10, 2007, I served true copies of the following document(s) described as:

**NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR AN ORDER TO ENFORCE COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE DESKTOP COMPUTER HARD DRIVE**

on the parties in this action as follows:

| Keith A. Jacoby, Esq.<br>Littler Mendelson<br>2049 Century Park East, 5th Floor<br>Los Angeles, CA  90067-3107<br>Telephone: (310) 553-0308<br>Facsimile: (310) 553-5583 | |
|---|---|

[√]    [PERSONAL] by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on April 10, 2007, at Los Angeles, California.

David Quintana

EXHIBIT 22 PAGE 300

-1-

Case No. SACV 05-00953 JVS (ANx)
PROOF OF SERVICE

1

## PROOF OF SERVICE

2        I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3   Street, 10th Floor, Los Angeles, California 90017-2543.

4        On April 10, 2007, I served true copies of the following document(s) described as
**NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR AN ORDER TO**
5   **ENFORCE COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO**
**PRODUCE DESKTOP COMPUTER HARD DRIVE** on the parties in this action as follows:
6

7        Diana M. Torres, Esq.
         **O'MELVENY & MYERS, LLP**
8        400 S. Hope Street
         Los Angeles, CA 90071

9   **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I
deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with
10  postage thereon fully prepaid.

11       I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.

12
         Executed on April 10, 2007, at Los Angeles, California.
13

14

15       Yalonda J. Dekle

16

17

18

19

20

21

22

23

24

25

26

27                        EXHIBIT 22 PAGE 301

28

07209/2081332.1

**Exhibit 23**



**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

April 23, 2007

Keith A. Jacoby
Direct: 310.772.7284
Direct Fax: 310.553.5583
kjacoby@littler.com

**VIA HAND DELIVERY**

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543

Re:    **Bryant v. Mattel**

Dear Mr. Zeller:

As you know, we recently confirmed that the July 2004 "mirror image" of the 20 GB Quantum Fireball LCT 15 hard drive ("July 2004 Mirror Image") retained by this office is indeed the copy of the hard drive from the desktop computer purchased by Carter Bryant in or about October 2000.  Enclosed with this letter is a copy of the July 2004 Mirror Image.

As recounted in his deposition, Mr. Bryant gave the October 2000 computer to his niece, Brooke Lind Gilbert.  We obtained this computer from Ms. Gilbert on April 19, 2007. In accordance with Discovery Master Infante's ruling, we hereby make this computer and its hard drive immediately available to Mattel's expert for forensic examination in our offices. Please contact and apprise me of the identity of your expert so we can make the appropriate arrangements.

In light of the foregoing, Mattel's motion to compel the production of said hard drive is moot.  We expect that you will immediately contact Discovery Master Infante and withdraw the motion.

All of Mr. Bryant's rights and remedies are hereby reserved, including the right to seek further relief concerning the appropriate manner of inspection and disposition of the Compaq Presario laptop computer hard drive, and all other hard drives in Mr. Bryant's possession, custody or control.

EXHIBIT 23  PAGE 302

Michael T. Zeller
April 23, 2007
Page 2


   If you have any questions concerning the foregoing, please do not hesitate to contact me.

Sincerely,

Keith A. Jacoby

encl.

KAJ:rpe

Firmwide:82358948.1 028307.1010


EXHIBIT 23 PAGE 303

**Exhibit 24**

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).

**PRIORITY SEND**
& ENTERED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES – GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                           Date: July 2, 2007

Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS

========================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

           Jim Holmes                                Theresa Lanza
           Courtroom Deputy Clerk                    Court Reporter

ATTORNEYS PRESENT FOR CARTER               ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                              John B. Quinn
                                           Brett Dylan Proctor
                                           Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:

Dale M. Cendali
Patricia Glaser

PROCEEDINGS:   MINUTE ORDER

ENTERED
CLERK, U.S. DISTRICT COURT

JUL - 5 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION     BY DEPUTY

DOCKETED ON CM

JUL - 5 2007

BY _____ 164

    As set forth more fully herein, the Court hereby makes the following ruling regarding matters heard on July 2, 2007:

(1)   The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2)   The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505);

(3)   The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90                                    Initials of Deputy Clerk _Jh_
CIVIL – GEN                                        Time: 01/15



EXHIBIT 24 PAGE 304
608

67|c2|7

regarding date of production of documents (docket #545); and

(4)     The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)     The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.

(1)     Motion re Trial Structure (docket #462)

        Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases. The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1. Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues. Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings. This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings. A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

        Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL,** as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007. Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)     MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)     MGA's Ex Parte Application regarding date of production of documents (docket #545).

        The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products. The order required that documents be produced no later than the end of May.

        The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

        The Discovery Master's order compels the production of only non-privileged documents. Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced. If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

        MGA acknowledges that it has raised an argument before the Court that was not raised

MINUTES FORM 90                                      Initials of Deputy Clerk __jh_____
CIVIL -- GEN                          2              Time: 01/15

EXHIBIT 24   PAGE 305

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

EXHIBIT 24 PAGE 306

later than two weeks after that date.  Accordingly, the Court **ORDERS** that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above.  The Motion is **DENIED** in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above.  The application is **DENIED** in all other respects.

(4)    MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters ***known or reasonably available*** to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added).  "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted).  Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

Alexander v. F.B.I., 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT 2~~5~~4 PAGE 307

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)     Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.

EXHIBIT 24 PAGE 308

**Exhibit 25**

vidence Eliminator - What evidence is on you( ) drive?                    h( )w.evidence-eliminator.com/product.d2w

## ***** NEWSFLASH ***** POLICE EXPERTS ADMIT EVIDENCE ELIMINATO

 **security** 

**evidence eliminator - the world's #1 PC security utility**

| PRODUCT INFO | BUY NOW! | COMPANY INFO | CUSTOMER COMMENTS | MAILING LIST |
| WHAT'S NEW | DOWNLOADS | JOBS & PRESS NEWS | SUPPORT | DIS-INFO-CENTER |
| KEY FEATURES | REASONS TO BUY | ASSOCIATE PROGRAM | F.A.Q. | FORENSIC LINKS |

**Did you know...** that the **government** and **police** are installing **black boxes** in ISPs to record your Internet surfing and downloads **for evidence?**

> URGENT NEWSFLASH WEDNESDAY 12 DECEMBER 2007 - YOUR INTERNET TRAFFIC IS BEING ROUTED THROUGH THE **AMERICAN ISP 12.150.161.10** AND **LOS ANGELES, CALIFORNIA UNITED STATES** - YOU ARE AT VERY HIGH RISK OF INVESTIGATION!

**Deleting "internet cache and history", will not protect you...** your PC is storing deadly evidence. Even **FORMATTING** the disk won't work.

All those **Web Pages, Pictures, Movies, Videos, Sounds, E-mail and Everything Else** you have ever viewed could easily be recovered - even many years later.



The Times, London, 3rd December 2004

*Defend yourself!* Make your Internet access safer. Get yourself a truly clean and faster "Like New" PC!

▶ **Download Evidence Eliminator™ Now!**

**Latest News**

**CLICK HERE TO ACCESS BANNED NEWSGROUPS!**

**Testimonials**

*Just a few of the many letters of thanks we receive daily from satisfied customers around the world:*

Seeing EE going through its comprehensive clean-up made me breathe so much easier. It is still the most worthwhile protection I have ever purchased for the computer. Your team is to be commended for the excellent product, support and upgrading. You haven't abandoned those of us who bought the product in its early stages and continued to use, enjoy and trust EE. RB, USA

Thank you for making a program that a person of my limited computer knowledge can use and understand... ...makes this something that anyone surfing the net should use. KG, USA

Wow!! That has to be the best online support I have ever had. A real person answered my mail, quickly. Thanks for

EXHIBIT *27* PAGE *168*

1 of 6

EXHIBIT 25  PAGE 309

Evidence Eliminator - What evidence is on your hard drive?                         http://www.evidence-eliminator.com/product.d2w



**Click here** to see more Screenshots! or ▶ **Download Now!**

**PROTECT YOUR JOB, PROPERTY, FAMILY, CAR, FRIENDS AND YOUR REPUTATION - BEFORE IT'S TOO LATE!**

**You are being watched...** how about your **Boss**? Do you surf the internet and send **E-mail** at work? Your work PC will be **full of evidence**. It is becoming common in the workplace for companies to copy and investigate the contents of workers computers out of hours - without your consent or knowledge. This is perfectly legal and it is happening **now!** Your job could be at risk, what would happen to you if you **lost your job**? People like you are losing their jobs right now because of their Internet activities in **America** and the **UK.**

According to an **APBNews** report, 73.5% of all companies **admit** they "*record and review their employees' communications and activities on the job.*"

There is no need for you to play Russian roulette with your job, family, car, property and everything else that depends on it! Act now! We can help, **Evidence Eliminator™** can protect you from the dangers of the Internet! Download today with no risk, guaranteed. Act now! And transform your computer into a safe, clean and faster machine!

▶ **Get Evidence Eliminator and Be Safe!**

**Proven in the US Courts!**

*'Evidence Eliminator ... the data destroyed is "gone forever" and it is impossible to create mirror images of defendants' hard drives ...'*

UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA
CASE NO. CIV S-03-1968 WBS KJM. APRIL 5, 2005

making such a great product. KS, USA

I just downloaded and installed your product today. I love it! My 200 Mhz machine is noticeably faster and now has an additional 100+ meg of hard disk space available. I just ordered Evidence Eliminator this evening. This beats anything I've seen to date. Please keep up the good work!! RR, USA

...the program you have designed is simply excellent. nothing like it can compare. JG, USA

Great product - you need to get the message across more widely! Anyone with teenage sons knows how likely it is that something unwanted is lurking on the h/d... ...Well - most impressive! Somehow the whole product had a certain 'aura of quality' about it and seemed worth buying... Seems I was right - money well spent! SC, UK

Just wanted to say "THANK YOU" for such a GREAT program. EE does an amazing job of finding and removing things I don't really want to leave on the equipment. I Also want to express my appreciation for the rapid response to my registration... ...FAST! I am looking forward to the updated version that is supposed to be released soon. Again, Thank you

EXHIBIT 25 PAGE 310   2 of 6   EXHIBIT 27 PAGE 169

## SEE THE PROOF ON THE POLICE EVIDENCE SCANNER

This is the view of a porn-filled hard drive on EnCase police software, both before, and after, the **Evidence Eliminator**™ treatment.



for an excellent product, quick registration, and ease of mind. RB, USA

It appears to be as useful as a system cleaner as it is a security program... ...I appreciate your response and follow-up. I've never seen any company follow up as well as you guys have. Thanks again! GB, USA

Evidence-Eliminator is the perfect tool for the casual or frequent internet user that makes purchases online. The safe and secure deletion of files that might possibly store financial information on one's hard drive can be wiped clean without fear of it being used or accessed dishonestly. Overall, an OUTSTANDING program and worth every penny. I will spread the word with my colleagues about this fantastic way to make sure their computers are safe on an everyday basis. JG, USA

Even more amazing, is a software company that has such a positive and rapid trouble shooting team (an all too rare occurrence). I had a response within hours of my last e-mail to you. Congratulations on your professionalism and Customer Services. It is really impressive and appreciated. MM, USA

Until I tried this

**⚠ CONSUMER SCAM ALERT** - Fraud artists target privacy consumers

False advertising has duped many consumers into buying worthless imitation software - "eraser / internet washers" that do not work - you might as well throw your money away. If you have recently been the victim of a scam by one of these fly-by-night outfits you are strongly urged to get your money back as quickly as possible, and not to use the software under any circumstances because it could even damage your hard disk! You don't have to take risks, make sure you accept only the authentic, original **Evidence Eliminator**™ and be sure you are both 100% safe and secure!

Do you have an ex-spouse or ex-partner with a grudge against you, have you been "Grassed"? Has anyone ever put a floppy disk in your computer? Is someone after your job? Can you honestly say that you **really know for sure** what may have been accidentally downloaded or purposefully hidden on your PC?

Do your **children or their friends** use your computers? What have they downloaded and tried to delete?

Did you know for example that every click you make on Windows 98 Start Menu is logged and stored permanently on a hidden encrypted database within your own computer?

If you have a business, protect your workplace and computers with **Evidence Eliminator**™. Don't get investigated - **get protected!**

**Evidence Eliminator**™ is proven to defeat the exact same forensic software as used by the US Secret Service, Customs Department and Los Angeles Police Department (LAPD), and the UK Metropolitan Police Scotland Yard.

EXHIBIT 25 PAGE 311   3 of 6   EXHIBIT 27 PAGE 170

Evidence Eliminator - What evidence is on your hard drive?                                    http://www.evidence-eliminator.com/product.d2w

**It is a proven fact...** routine Forensic Analysis equipment such as <u>**EnCase**</u> and <u>**F.R.E.D.**</u> used by Private and Business Investigators, Law-Enforcement and others, can recover evidence from parts of your hard drive that you thought were empty, **parts that you had cleaned.**

**you need...**

**Your hard drive might appear clean...** but still be full of **'sensitive material'** that you did not want to download in the first place and it might very well be a **Serious Criminal Offence** in your country to have that data stored on your computer even if you didn't know it was still there. **You could go to Jail!** Pressing 'Delete' or emptying your 'Recycle Bin' - or even 'Formatting' your disk - simply **will not work**, the **'sensitive material'** will still remain on your hard drive!

**You will be held responsible** for any data which you allow to remain on your computer, even if it was only by accident. Even files and **Internet Searches** you have made which you thought you had never "saved to disk" can be recorded as **permanent evidence** on your hard drive

**Get total protection now...** If you do not use **Evidence Eliminator™** your PC is "a ticking **Time Bomb** waiting to go off!" Only with **Evidence Eliminator™** can you get the protection you deserve, only then can you use your PC to explore the Internet with confidence.

The distinctive style and unsurpassed quality of **Evidence Eliminator™** and its rapid ongoing development and success have firmly established **Evidence Eliminator™** as the **world's premier** computer hard drive cleansing system!

**Evidence Eliminator™** is a powerful and easy-to-use program, no other commercially available program can do the same job. Every day, **Evidence Eliminator™** quickly and professionally deep cleans your computer of 'sensitive material', leaving you with a clean PC, a clean conscience and instant **peace of mind.**

**We are so confident** that you will want **Evidence Eliminator™** protecting you and your interests we can give you this unbeatable **Limited Time Special Offer!** Order and download **Evidence Eliminator™** software now and we will include **free** lifetime Technical Support and **free** extremely valuable lifetime Upgrades! There is no risk, you are protected by our 30 day money-back guarantee. Start to enjoy the benefits of a truly clean and faster "Like New" PC! Download today with no risk, guaranteed. **This incredible Limited Time Special Offer is guaranteed for today only and may be cancelled at any time!**

▶ <u>**Download Now And Protect Yourself!**</u>

unique product I had spent several hours each week manually reducing the size of my registry and trying to eliminate the numerous and bloated entries that had accumulated each time I installed software or just spent time on the internet. GC, USA

It's about time that someone created software that performs multiple functions from one source and is user friendly. I can now delete all of the various items that were installed on my computer with the push of a button and let Evidence Eliminator do all of the work. I was running three different types of software and still did not get half of the results that were achieved the first time I used your product. Thanks, MW, USA

Your courtesy, kindness and prompt responses to my emails is wonderful and all too rare these days. Thanks again, sincerely. NC, USA

This is a great product - it takes care of essential cleanup & important system maintenance with one click. Thanks again. BI, USA

Hi guys.. for starters, I love this program... ...Not only does it give you peace of mind by deleting garbage that could hang around for months, it also keeps my hard drives clean of

EXHIBIT 27 PAGE 171

EXHIBIT 25 PAGE 312          4 of 6

Evidence Eliminator - What evidence is on your hard drive?　　　　http://www.evidence-eliminator.com/product.d2w



**Click here** to see more Screenshots!

**SPEED-UP YOUR PC AND INTERNET BROWSER - MAKE IT SAFER TO USE THE INTERNET!**

**Working deep below your Windows operating system... Evidence Eliminator™** employs the exact same sector analysis technology as available in ultra-high-priced tools available to law-enforcement agencies, for example the **FBI**. After identifying and analyzing the unwanted data hidden in your drives, **Evidence Eliminator™** destroys it with **proven methods of secure disposal** similar to US Department of Defense standards for destruction of classified material.

**Award winning... Evidence Eliminator™** has been featured on TV, Radio shows, many top Magazines and has been decorated with high praise, admiration and awards:

*"I tested the software recently and was astonished at its thoroughness. It did wipe clean a ton of stuff... ...I was truly impressed"* Mark A. Kellner, "On Computers" Columnist, THE WASHINGTON TIMES Click here to read review

*"performs its stated goal admirably...Short of dousing it with gasoline and setting it ablaze, the only way to keep things spotless and shiny clean is with Evidence Eliminator."* Slaughterhouse.com "Pick Of the Day" Click here to read review

*"an ultra-powerful application... Evidence Eliminator keeps your system running fast and on the right side of the law... Evidence Eliminator really is an excellent program for protecting your privacy."* RocketDownload.com "5-Smileys Award" Click here to read review

*"it performs secure file wipes, making it all but impossible to recover data within... Evidence Eliminator is thorough yet very easy to set up and use"* ZDNet PC Magazine "5-Star Editors Pick" and "ZDNet 7th Annual Awards Finalist" Click here to read review

**The fact is...** your computer is spying on you and is filling up with evidence, only **Evidence Eliminator™** can protect and help you. In tests, **Evidence Eliminator™** defeats **EnCase** and other Forensic Analysis equipment as used by investigators, police and government agencies. So enjoy the benefits of our unbeatable **Limited Time Special Offer** and download yours now!

unwanted files. JC, USA

This is to me THE best software program ever introduced to the public!... ... It has been such a pleasure to use. I am telling my family and friends about your wonderful product... ... I was so impressed by the program I purchased mine as soon as I could. Thank you for not only your product, but also for the most actively involved Technical Support anywhere in cyberspace!! My sincere gratitude to you all. DT, USA

I'm truly amazed that you can provide this sort of quality at the price you charge. Best wishes. JC, USA

Thank you for everything this is the kind of program that I will use forever. RB, USA

I have 7 years experience w/computers and have never seen anything even close to EE on the market... ...I would just like the rest of the .Net consumer public know EE is for REAL. JS, USA

It's a pleasure to be dealing with professional people like you with such a brilliant product. AD, UK

Appreciate the great technical support and service... please keep up the good work. DB, USA

In the dubious,

EXHIBIT 25 PAGE 313 5 of 6 EXHIBIT 27 PAGE 172

Evidence Eliminator - What evidence is on your drive?                    http://www.evidence-eliminator.com/product.d2w

▶ **Webmasters: Click Here**

**To protect and to serve the public...** that is our mission! Employers, parents, surfers and Internet professionals from all over the world use, trust and depend upon **Evidence Eliminator™**'s state-of-the-art technology. Even the best Forensic Laboratory Analysis with electron microscopes is no match for **Evidence Eliminator™**'s formidable display of new, innovative, World-Leading data destruction technologies.

**Whatever reasons you have...** for needing **Evidence Eliminator™**, one thing is for sure - downloading **Evidence Eliminator™** will be the most important thing you have ever done. Act now, try it risk free, and transform your computer into a safe, clean and faster machine!

**Easy to use... Evidence Eliminator™** is **the** essential one-click user-friendly technology for the security-conscious surfer. If you use just one program on your PC - make it **Evidence Eliminator™** before it's too late!

▶ **Download Evidence Eliminator™ right now - Click Here!**

▶ **Click Here** for information on downloading and our **Incredible Special Offer.**

treacherous and sometimes ominous world of Internet browsing and all it's legalistic issues, it's reassuring to know that a product like EE is out here to protect the innocent and unwary browser... Bravo..and thanks. VC, USA

EE it is a really wonderful and powerful software. I love it more and more, every day passing by. I have tried different erasers but EE is WOW. DP, USA

---

*Don't miss out! Act now and enjoy the benefits of our unbeatable Limited Time Special Offer!*

 Webmasters & ISPs: We will pay you to link to us. Join our <u>Associate Program</u>
<u>Trademarks, Terms & Copyright</u>

Click here to BUY NOW

**Evidence Eliminator™** recommends **alibis.com** uncensored newsgroups. Access banned newsgroups now, you'll be amazed what you can find - **Click Here**

Click Here!

EXHIBIT _27_ PAGE _173_

EXHIBIT _25_ PAGE _314_

**Exhibit 26**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**Exhibit 27**

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   MATTHEW M. WERDEGAR - #200470
5  mwerdegar@kvn.com
   710 Sansome Street
6  San Francisco, CA  94111-1704
   Telephone: (415) 391-5400
7  Facsimile: (415) 397-7188

8  Attorneys for Plaintiff
   CARTER BRYANT

9

10            UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12                  EASTERN DIVISION

13

14 CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
                                          (consolidated with CV 04-9059 & 05-
15                      Plaintiff,        2727

16      v.                               **DECLARATION OF CARTER
                                          BRYANT IN RESPONSE TO
17 MATTEL, INC. a Delaware                COURT'S REQUEST FOR
   Corporation,                           INFORMATION REGARDING
18                                        DOCUMENT PRESERVATION**
                        Defendant.
19                                        Dept:      Courtroom 1
   CONSOLIDATED WITH MATTEL,              Judge:     Hon. Stephen G. Larson
20 INC., v. BRYANT and MGA
   ENTERTAINMENT, INC. v.                 Date Comp. Filed:  April 13, 2005
21 MATTEL, INC.
                                          Discovery Cut-Off: Jan. 28, 2008
22                                        Pre-Trial Conference: May 5, 2008
                                          Trial Date: May 27, 2008
23

24

25

26

27

28                      EXHIBIT  27  PAGE  343

1    I, CARTER BRYANT, declare and state that:

2    1.    I am an individual residing in Missouri, and a party to this litigation.

3  All of the facts set forth herein are known to me personally, except for those stated

4  on information and belief, and, if called as a witness, I could and would testify

5  competently thereto.

6    2.    I submit this declaration in response to the Court's January 8, 2008

7  Order that I provide "a factual description of [my] preservation efforts, policies,

8  customs, and/or practices with respect to potentially discoverable documents

9  related to the present litigation."

10    3.    Since the outset of this litigation, I have sought to retain everything in

11  my possession that relates to Bratz, my employment by Mattel, and my work as an

12  independent contractor for MGA. I have repeatedly made all of my documents and

13  physical items available to my counsel, and have turned over to counsel everything

14  that is conceivably relevant to this lawsuit. I understand my obligation to preserve

15  all relevant evidence, and have not to my knowledge discarded, destroyed, or

16  disposed of any relevant evidence.

17    4.    Specifically, my counsel and their consultants have on at least five

18  separate occasions traveled to my home and office (which is located at my home)

19  in Springfield, Missouri to examine and collect documents and exhibits.

20    5.    On May 18 and 19th, 2004, attorney Robert Millman of Littler,

21  Mendelson, along others, spent two days collecting documents at my home and

22  office, and transported those documents to California. Those documents included

23  all of my hardcopies of contracts, agreements, correspondence, and the like

24  relating to my employment at Mattel and my work with MGA. All of those

25  materials had been stored at my home prior to that time, and have remained in the

26  possession of my attorneys (initially Littler Mendelson and later Keker & Van

27  Nest) since May 19, 2004.

28    6.    On July 11 and 12, 2005, Dominic Messiha and Lena Sims of Littler

1

DECLARATION OF CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 27 PAGE 344

1   Mendelson again visited my home/office to collect all Bratz-related and Mattel-

2   related artwork and objects, which they transported to California. All of those

3   materials had been stored at my home prior to that time, and have remained in the

4   possession of my attorneys (initially Littler Mendelson and later Keker & Van

5   Nest) since July 12, 2005.

6       7.      On March 3, 4, and 5, 2007, Diba Rastigar of Littler Mendelson

7   visited my home/office to collect drawings, correspondence, and physical objects

8   related to my work on later Bratz dolls and accessories, in order to respond to

9   subsequent discovery requests and orders. All of those materials had been stored

10  at my home prior to that time, and have remained in the possession of my attorneys

11  (initially Littler Mendelson and later Keker & Van Nest) since March 5, 2007.

12      8.      On January 2 and 3, 2008, Audrey Walton-Hadlock of Keker & Van

13  Nest visited my home and office and conducted another search for any responsive

14  objects and documents. That search included a thorough search of my workshop

15  and office for any addition or new physical objects and drawings created since the

16  prior collections, as well as a search of my paper files and computers for any

17  responsive documents, correspondence, and email. All of those materials were

18  shipped to counsel's offices in California on January 4, 2008, and remain in the

19  possession of Keker & Van Nest.

20      9.      Prior to the outset of this lawsuit, I owned two personal computers

21  which I used in connection with my work with MGA. One was an HP Pavilion

22  desktop computer which I acquired on October 21, 2000. I used this computer

23  until sometime in mid-2002, after which it sat unused at my home. In October

24  2003, my niece Brooke was attending college, and her computer died. I gave her

25  the old HP Pavilion computer.

26      10.     In late 2001 or early 2002, I purchased a Compaq Presario 2700

27  laptop computer, which both I and my partner Richard Irmen used.

28      11.     On July 24, 2004, at the direction of my counsel, a technician from

DECLARATION OF CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

409252.01

EXHIBIT 27 PAGE 345

1   CoreFacts visited my home/office for the purposed of taking complete forensic

2   images of my computers.  We borrowed the HP Pavilion back from Brooke

3   Gilbert, took a forensic image of its contents, and then returned it to her.

4   CoreFacts also took a forensic image of the Compaq laptop.  My counsel (initially

5   Littler Mendelson and later Keker & Van Nest) thereafter took possession of the

6   laptop.

7          12.    On March 8, 2007, technicians from AON collected and took forensic

8   images of three computers I had used since the imaging in July, 2004, and

9   provided those images to my counsel (initially Littler Mendelson and later Keker

10  & Van Nest).

11         13.    I do not have any computers, files, materials, or other documents or

12  things, at any location, that have not been provided to counsel for inspection.

13         14.    I am informed and believe that all of my files from the former firm of

14  Pretty & Schroeder, which represented me in the past, were provided to and

15  reviewed by my former counsel Littler & Mendelson.

16         15.    I am informed and believe that all of my files and documents that

17  were in the possession of Littler & Mendelson have been transferred to my current

18  counsel Keker & Van Nest.

19         I declare under penalty of perjury under the laws of the United States that

20  the foregoing is true and correct and that this declaration was executed on

21  January 14, 2008, at Springfield, Missouri.

22

23

24                                    CARTER BRYANT

25

26

27

28

EXHIBIT 27 PAGE 346

**Laura Kinsey**

| | |
|---|---|
| **From:** | Dylan Proctor |
| **Sent:** | Tuesday, January 15, 2008 12:17 PM |
| **To:** | Laura Kinsey |
| **Subject:** | Fw: Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc Declaration (non-motion) |

Pmt

Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3112
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


----- Original Message -----
From: Michael T Zeller
To: MGA / Bryant Team
Sent: Tue Jan 15 10:10:05 2008
Subject: Fw: Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc Declaration (non-motion)


Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as

1

EXHIBIT 27 PAGE 347

such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

----- Original Message -----
From: cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
To: ecfnef@cacd.uscourts.gov <ecfnef@cacd.uscourts.gov>
Sent: Tue Jan 15 09:23:18 2008
Subject: Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc Declaration (non-motion)

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended. Direct all inquiries to ecf-helpdesk@cacd.uscourts.gov.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

Notice of Electronic Filing

The following transaction was entered by Trinidad, John on 1/15/2008 at 9:23 AM PST and filed on 1/15/2008

Case Name:    Carter Bryant v. Mattel Inc
Case Number: 2:04-cv-9049 <https://ecf.cacd.uscourts.gov/cgi-bin/DktRpt.pl?167222>
Filer:    Carter Bryant
Document Number:    1531 <https://ecf.cacd.uscourts.gov/cgi-bin/show_case_doc?1531,167222,,39658710,,,4516>

Docket Text:
DECLARATION of Carter Bryant in Response to Court's Request for Information Regarding Document Preservation filed by Plaintiff Carter Bryant. (Trinidad, John)

2:04-cv-9049 Notice has been electronically mailed to:

Timothy L Alger     timalger@quinnemanuel.com

Christa M Anderson     canderson@kvn.com

Michelle M Campana     michelle.campana@skadden.com

Jon D Corey     joncorey@quinnemanuel.com

Alexander H Cote     acote@obsklaw.com

Leah Chava Gershon     leah@spertuslaw.com

Alan Neil Goldberg     agoldberg@sgattys.com

Emil W Herich     eherich@kmwlaw.com

EXHIBIT 27 PAGE 348

John W Keker   jkeker@kvn.com

Raoul D Kennedy   rkennedy@skadden.com

Alisa Morgenthaler Lever   amorgenthaler@chrisglase.com

Nathan Meyer   nmeyer@kayescholer.com, dclow@kayescholer.com

Cyrus S Naim   cyrusnaim@quinnemanuel.com

Thomas J Nolan   tnolan@skadden.com

Mark E Overland   moverland@obsklaw.com

Michael H Page   mhp@kvn.com

Brett Dylan Proctor   dylanproctor@quinnemanuel.com

John B Quinn   johnquinn@quinnemanuel.com

David C Scheper   dscheper@obsklaw.com, feseroma@obsklaw.com

Kien C Tiet   ktiet@sgattys.com

John Elliot Trinidad   jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock   awaltonhadlock@kvn.com

Matthew M Werdegar   mmw@kvn.com

Michael T Zeller   michaelzeller@quinnemanuel.com

2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :

Kenneth A Plevan
Skadden Arps Slate Meagher & Flom
4 Times Sq
New York, NY 10036-6522


The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:C:\Documents and Settings\jselby\Desktop\Bratz January 15\SFOEC05-
Exchange-01152008-091608.pdf
Electronic document Stamp:
[STAMP cacdStamp_ID=1020290914 [Date=1/15/2008] [FileNumber=5201465-0]
[8df9d5ec559083ea89cdf4579721be282cbe6ed55c75288820db48a4bf9d55cdbfcb
289a618c2bd8686ff3fcb028bfaa435d9ad42696cdf9f553abf592207724]]

3

EXHIBIT 27 PAGE 349

**Exhibit 28**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**Exhibit 29**

From: Matthew Werdegar [mailto:MWerdegar@kvn.com]
Sent: Monday, January 07, 2008 4:46 PM
To: Michael T Zeller
Cc: apark@skadden.com
Subject: FW: Hard Drives

Dear Mike:

I am writing in response to your email of January 4th to Mike Page and Christa Anderson.

As I know you are aware, you and Mike Page conferred at length about this exact issue more than four months ago.  At that time, Mr. Page explained to you that the motion to compel production of Mr. Bryant's hard drives, which presumably forms the basis for your current request, related only to three computers -- the HP desktop purchased in October 2000, the Compaq laptop, and his parents' old computer (which we do not have, and never have had). Consequently, as Mr. Page explained, Mr.
Bryant is not obliged to, and will not agree to, turn over wholesale the contents of his more recently used computers.

None of foregoing has changed in the four months since you last contacted us about this issue.  To the contrary, in his December 31,
2007 Order, Judge Infante denied Mattel's request to inspect Mr.
Larian's computers, holding that Mattel's request was a "fishing expedition", which is not permitted by the Federal Rules of Civil Procedure, and was duplicative of Mattel's many other requests for production served on Mr. Larian and MGA.  See Dec. 31, 2007 Order at 16-17.  Your request to inspect Mr. Bryant's more recently used hard drives is no different.

Regards,

Matthew M. Werdegar
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA  94111-1704
tel: (415) 391-5400
fax: (415) 397-7188
www.kvn.com


----- Original Message -----
From: Michael T Zeller <michaelzeller@quinnemanuel.com>
To: Michael Page; Christa Anderson
Cc: Christopher Tayback <christaylayback@quinnemanuel.com>; Timothy Alger
<timalger@quinnemanuel.com>; Bridget Hauler <bridgethauler@quinnemanuel.com>
Sent: Fri Jan 04 20:27:12 2008
Subject: Hard Drives

EXHIBIT 29 PAGE 358

Dear counsel:

I am writing to follow up on Carter Bryant's hard drives.

As you are aware, Judge Infante ordered Carter Bryant to make his hard drives available for forensic examination. To date, we have received the drives and images for his October 2000 desktop and one laptop.  That history is extensively documented in prior motions and correspondence, so I won't recount it here.

There are still Bryant hard drives and/or images that have not been produced for imaging, however.  I understand that there are at least three other such drives.

1

Please let me know when Bryant's counsel will make these remaining drives available for imaging.  Otherwise, please let me know when you are available to meet and confer in advance of a motion to enforce, to compel and for sanctions.

I look forward to hearing from you.

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT 29 PAGE 359

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1301 West 2nd Street,

3  Suite 206, Los Angeles, California 90026.

4      On January 28, 2008, I served true copies of the following document(s) described as :

5      **1)    DECLARATION OF MELISSA GRANT IN SUPPORT OF  MOTION OF MATTEL, INC. FOR AN ORDER ENFORCING COURT'S JANUARY 25, 2007 ORDER**

6  **COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES AND FOR SANCTIONS**

7
      on the parties in this action as follows:

8
## SEE ATTACHED LIST

9

10

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)

11  being served.

12      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

13
      Executed on January 28, 2008, at Los Angeles, California.

14

15  _____

16  NOW LEGAL -- Dave Quintana

17

18

19

20

21

22

23

24

25

26

27

28

07209/2368323.1

1

**SERVICE LIST**

2  Thomas J. Nolan                                   John W. Keker
   **Skadden, Arps, Slate, Meagher & Flom ,**         Michael H. Page
3  **LLP**                                            Christa M. Anderson
   300 South Grand Ave., Ste. 3400                  **Keker & Van  Nest, LLP**
4  Los Angeles, California 90071                     710 Sansome Street
   TEL: (213) 687-5000                              San Francisco, CA 94111
5  FAX: (213) 687-5600                              TEL: (415) 391-5400
   **tnolan@skadden.com**                            FAX: (415) 397-7188
6                                                    **jkeker@kvn.com**
                                                     **mhp@kvn.com**
7

8  Mark E. Overland, Esq.
   David E. Scheper, Esq.
9  Alexander H. Cote, Esq.
   **Overland Borenstein Scheper & Kim, LLP**
10 300 South Grand Avenue
   Suite 2750
11 Los Angeles, CA 90071-3144
   TEL: (213) 613-4655
12 FAX: (213) 613-4656
   **moverland@obsklaw.com**
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2368323.1                          -2-

<b>PROOF OF SERVICE</b>

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1301 West 2nd Street, Suite 206, Los Angeles, California 90026.

On January 28, 2008, I served true copies of the following document(s) described as :

**1)   DECLARATION OF MELISSA GRANT IN SUPPORT OF  MOTION OF MATTEL, INC. FOR AN ORDER ENFORCING COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES AND FOR SANCTIONS**

on the parties in this action as follows:

<b>SEE ATTACHED LIST</b>

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 28, 2008, at Los Angeles, California.

NOW LEGAL -- Dave Quintana

07209/2368323.1