QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>       Plaintiff,<br><br>    vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>       Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard by Discovery Master Hon. Edward Infante (Ret.) Pursuant to the Court's Order of December 6, 2006]**<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC. AND FOR AWARD OF MONETARY SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date:   TBA<br>Time:  TBA<br>Place: Telephonic<br><br>Discovery Cut-off:   January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:        May 27, 2008 |

07209/2338209.1

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2   PLEASE TAKE NOTICE that, at a telephonic conference before

3   Discovery Master Hon. Edward Infante (Ret.), that will occur on a date and at a time

4   to be set by Judge Infante, Mattel, Inc. ("Mattel") will, and hereby does, move the

5   Court, pursuant to <u>Federal Rules of Civil Procedure</u> 34 and 37, to compel MGA

6   Entertainment, Inc. ("MGA") to produce documents and things responsive to Mattel,

7   Inc.'s Third Set of Requests for Documents and Things, including Request Nos. 1

8   through 88, as well as a complete privilege log identifying any documents

9   responsive to these Requests withheld on privilege grounds.

10   This Motion is made on the grounds that Mattel seeks discoverable

11   information, MGA's objections lack merit and its refusal to produce responsive

12   documents is improper.

13   This Motion is based on this Notice of Motion and Motion, the

14   accompanying Memorandum of Points and Authorities, the Declaration of Scott B.

15   Kidman filed concurrently herewith, the records and files of this Court, and all other

16   matters of which the Court may take judicial notice.

17

18   **<u>Statement of Rule 37-1 Compliance</u>**

19   Pursuant to <u>Local Rule</u> 37-1, the parties met and conferred regarding

20   the disputes at issue in this motion on December 24, 2007, December 31, 2007 and

21   January 7, 2008.

22

23   DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER &
                                         HEDGES, LLP
24

25                                       By
26                                         Scott B. Kidman
                                           Attorneys for Mattel, Inc.
27

28

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................... 1

FACTUAL BACKGROUND ............................................................................. 2

ARGUMENT ...................................................................................................... 5

I.    THE COURT SHOULD COMPEL MGA TO PRODUCE ALL DOCUMENTS RESPONSIVE TO MATTEL'S THIRD SET OF DOCUMENT REQUESTS. .................................................................. 5

    A.    The Documents and Tangible Things Mattel Seeks Are Relevant to the Claims and Defenses in This Lawsuit. ........................... 5

        1.    Documents and Things Related to Other Bratz-Related Lawsuits and Claims by MGA That Other Dolls or Products Infringe Bratz .................................................. 6

        2.    Documents Relating to Any Use or Considered Use of the Term "Jade" ...................................................................... 8

        3.    Documents and Things Related to Sandra Bilotto, the Sculptor of "Prayer Angels" .............................................. 9

        4.    MGA's Communications With and Payments to Paula Garcia.................................................................................. 11

        5.    Documents Relating to the Development of Scooter Samantha.............................................................................. 12

        6.    Documents Related to Scot Reyes and the Development of Space Babes ........................................................................ 12

        7.    Personnel and Vendor Files.............................................. 13

    B.    MGA's Other Objections (Excluding Legitimate Attorney-Client Privilege/Work Product Objections) Should Be Overruled. ................ 15

II.    MGA SHOULD BE SANCTIONED.......................................................... 16

CONCLUSION.................................................................................................. 18

# TABLE OF AUTHORITIES

<u>**Page**</u>

## Cases

<u>Braley v. Campbell,</u>
  832 F.2d 1504 (10th Cir. 1987)................................................................17

<u>Burlington N. & Santa Fe Ry. Corp. v. U.S. Dist. Court,</u>
  408 F.3d 1142 (9th Cir. 2005)................................................................16

<u>Hyde & Drath v. Baker,</u>
  24 F.3d 1162 (9th Cir. 1994)................................................................17

<u>RTC v. Dabney,</u>
  73 F.3d 262 (10th Cir. 1995)................................................................17

<u>Richmark Corp. v. Timber Falling Consultants,</u>
  959 F.2d 1468 (9th Cir. 1992)................................................................10

## Statutes

28 U.S.C. § 1927................................................................17

<u>Fed. R. Civ. P.</u> 26(b)(5)(A)................................................................16

<u>Fed. R. Civ. P.</u> 37(a)(4) ................................................................17

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Without justification, MGA has refused to produce documents responsive to Mattel's Third Set of Requests for Documents and Things Re Claims of Unfair Competition ("Third Requests").

Mattel's Third Requests seek documents and things related to: (1) other Bratz-related lawsuits and claims by MGA that other dolls and products infringe Bratz; (2) Sandra Bilotto (the sculptor of "Prayer Angels"); (3) payments made to Paula Garcia, a key witness in this action, and communications between Ms. Garcia and Isaac Larian regarding Mattel, Carter Bryant and Bratz; (4) the conception and development of Scooter Samantha, which Mattel has alleged is the subject of another trade secret theft by MGA; (5) Scot Reyes, a former Mattel employee, and the conception and development of Space Babes (another alleged trade secret theft); and (6) personnel and vendor files for individuals involved in the development of Bratz and/or previously employed by Mattel.

In its initial responses, MGA refused to produce any documents responsive to the Third Requests. Instead, MGA asserted numerous boilerplate objections, which do not justify its refusal to produce relevant information. MGA would not withdraw any of its objections during the parties' meet and confer. Indeed, MGA created a new objection (not raised in its responses), claiming that certain of the Third Requests are premature because they relate to Phase II issues. This objection is particularly untenable given that Judge Larson and the Discovery Master have rejected MGA's previous requests that discovery in this lawsuit be phased.[1]

---

[1] Notably, MGA has been taking discovery related to Phase II issues throughout the last several months, including depositions this month that were focused on MGA's claims against Mattel (which will be tried in Phase II). This included depositions of Tim Kilpin, a Mattel senior vice president, and Jean Gomez, a Mattel (footnote continued)

1    MGA subsequently served supplemental responses to the Third

2 Requests, but they too are deficient.  Although MGA agreed to produce a limited

3 universe of documents responsive to fourteen of Mattel's eighty-eight requests,

4 MGA continues to refuse to produce any documents responsive to the vast majority

5 of the Requests.  And MGA's unilateral limitations to the remainder of the Requests

6 would improperly allow MGA to withhold entire categories of relevant responsive

7 documents.  The Third Requests are already reasonably tailored to documents and

8 things directly relevant to key issues in this case, including the conception and

9 development of Bratz and "Prayer Angels," MGA's purported rights in Bratz, and

10 MGA's pattern of targeting Mattel designers and employees and inducing them to

11 steal Mattel's trade secrets and divulge them to MGA.

12    Mattel attempted in good faith to resolve these matters without

13 intervention of the Discovery Master, but MGA would not agree to produce

14 documents responsive to Mattel's Third Requests.  Accordingly, MGA should be

15 compelled to produce these documents and things without further delay.

16

17    **Factual Background**

18    **Mattel's Third Set of Document Requests and MGA's Responses**.

19 Mattel served its Third Set of Requests for Documents and Things to MGA

20 Entertainment, Inc. (the "Third Requests") on October 24, 2007.[2]  The Third

21 Requests sought documents and things related to:

22

23

24 marketing director.  These individuals were not even employed by Mattel when

25 Bratz originally was created by Mr. Bryant.  See January 28, 2008 Declaration of

26 Scott B. Kidman filed concurrently herewith ("Kidman Dec."), at ¶ 10.

   [2]   Mattel, Inc.'s Third Set of Requests for Documents and Things to MGA

27 Entertainment, Inc. dated October 24, 2007 ("Third Requests") (Kidman Dec. Ex.

28 1).

- Other Bratz-related lawsuits and claims by MGA that other dolls and products infringe Bratz;[3]

- Sandra Bilotto, the sculptor of "Prayer Angels";[4]

- MGA's payments to Paula Garcia, a key witness in this action, and communications between Ms. Garcia and Isaac Larian regarding Mattel, Carter Bryant and Bratz;[5]

- The conception and development of Scooter Samantha, which Mattel alleges is another of MGA's trade secret thefts;[6]

- Scot Reyes, a former Mattel employee, and the conception and development of Space Babes, which Mattel alleges is another of MGA's trade secret thefts;[7] and

- Personnel and vendor files for individuals involved in the development of Bratz and/or previously employed by Mattel.[8]

On November 26, 2007, MGA served its responses to the Third Requests.[9] MGA asserted seventeen General Objections, most of which MGA repeated in each of its Specific Objections. MGA did not agree to produce any documents responsive to the Third Requests. Among other things, MGA objected to the Third Requests on the grounds that the requests: (1) seek documents and things "not relevant to the claims or defenses in this action"; (2) seek production of documents and things "protected from disclosure under any applicable privilege, doctrine or immunity, including . . . the attorney-client privilege, the work product doctrine"; (3) seek "confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA"; (4)

---

[3] See Mattel's Third Requests (Kidman Dec. Ex. 1), at 10-16 (Request Nos. 1-30).
[4] Id. at 16-18 (Request Nos. 32-41).
[5] Id. at 18, 24 (Request Nos. 42, 76-77).
[6] Id. at 18-20 (Request Nos. 43-55).
[7] Id. at 20-23 (Request Nos. 56-75).
[8] Id. at 24-25 (Request Nos. 78-88).
[9] MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s Third Set of Requests for Production of Documents and Things dated November 26, 2007 ("Responses"), Kidman Dec. Ex. 2.

MATTEL INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA

violate the privacy rights of third parties to their private, confidential, proprietary or trade secret information"; and (5) are "cumulative, duplicative, and unduly burdensome to the extent that [they] seek[] documents previously requested by Mattel or produced by MGA . . . ."[10]

**Mattel's Meet and Confer Discussions With MGA**.  On December 13, 2007, Mattel sent MGA's counsel a letter outlining the deficiencies in MGA's responses to the Third Requests and requesting a meet and confer.[11]  The parties subsequently met and conferred regarding MGA's responses to the Third Requests on December 24, 2007, December 31, 2007 and January 7, 2008.[12]

During the meet and confer, MGA refused to withdraw any of its General or Specific Objections.[13]  In fact, MGA raised a new objection to the Third Requests during the meet and confer, indicating that it believed that certain of Mattel's Third Requests relate to Phase II issues and should therefore be deferred until a later date.  Mattel pointed out that Judge Larson and the Discovery Master have rejected MGA's previous efforts to phase discovery in this lawsuit, but MGA maintained this position regarding "Phase II discovery."[14]

On January 9, 2008, MGA served supplemental responses to the Third Requests.[15]  MGA's supplemental responses were identical to its initial responses except that MGA agreed to produce a limited universe of documents responsive to fourteen of Mattel's eighty-eight requests.  Specifically, MGA agreed to produce

---

[10]  See, e.g., MGA's Responses (Kidman Dec. Ex. 2), at 2-4, 11-12, 61-62.
[11]  See Letter from Scott B. Kidman to Thomas Nolan and Timothy Miller, dated December 13, 2007 (Kidman Dec. Ex. 3).
[12]  See Kidman Dec. ¶ 5.
[13]  See id. at ¶ 5.
[14]  See Kidman Dec. ¶ 9, Letter from Andrew Temkin to Scott Kidman, dated January 9, 2008 (Kidman Dec. Ex. 5), at 5.
[15]  MGA Entertainment, Inc.'s Objections and Supplemental Responses to Mattel, Inc.'s Third Set of Requests for Production of Documents and Things, dated January 9, 2008 ("Supplemental Responses") (Kidman Dec. Ex. 4).

1  certain documents related to the use or potential use of the term "Jade" in connection

2  with any MGA doll or product, but only documents "created prior to January 1,

3  2001."[16]  MGA agreed to produce certain documents related to four Sandra Bilotto

4  requests, but only documents related to "work or services provided . . . on Prayer

5  Angels."[17]  Finally, MGA agreed to produce certain documents from some

6  personnel and vendor files, but only documents related to "work or services

7  provided . . . on Bratz prior to January 1, 2001."[18]  MGA continued to assert all of

8  its General and Specific Objections.

9

10                                    **Argument**

11  **I.    THE COURT SHOULD COMPEL MGA TO PRODUCE ALL**

12  **DOCUMENTS RESPONSIVE TO MATTEL'S THIRD SET OF**

13  **DOCUMENT REQUESTS.**

14  **A.    The Documents and Tangible Things Mattel Seeks Are Relevant to**

15  **the Claims and Defenses in This Lawsuit.**

16          MGA objected to all of the requests in Mattel's Third Requests on the

17  grounds that they seek documents and things "not relevant to the claims or defenses

18  in this action and not reasonably calculated to lead to the discovery of admissible

19  evidence."[19]  A review of the Third Requests shows otherwise.  As set forth below,

20  the categories of documents and things Mattel seeks in the Third Requests are

21  directly relevant to the claims and defenses in this lawsuit.  Accordingly, MGA

22  should be compelled to produce responsive documents and things.

23  _____

24  [16]  See MGA's Supplemental Responses (Kidman Dec. Ex. 4), at 61.
    [17]  See id. at 68, 71, 75, 78-79 (Supplemental Responses to Request Nos. 35, 37,

25  39, 41).
    [18]  See id. at 133, 135, 138, 141, 144, 146, 149, 151, 154 (Supplemental

26  Responses to Request Nos. 78-86).
    [19]  See, e.g., MGA's Responses (Kidman Dec. Ex. 2), at 11, 12, 20, 57, 76, 92,

27  117.

28

1. **Documents and Things Related to Other Bratz-Related Lawsuits and Claims by MGA That Other Dolls or Products Infringe Bratz**

Request Nos. 1 through 30 seek (a) documents from other Bratz-related lawsuits to which MGA is a party (the "Bratz Lawsuits"), and (b) documents and tangible things related to claims and contentions by MGA that other dolls or products infringe Bratz. See Mattel, Inc.'s Separate Statement in Support of Motion to Compel Production of Documents and Things by MGA Entertainment, Inc., dated January 28, 2008 ("Sep. Stmt."), at 1-50. These documents are relevant to key issues in this lawsuit, including the timing of the conception, creation, design and development of Bratz and MGA's purported intellectual property rights in Bratz. MGA's statements and contentions against other litigants or potential litigants regarding these issues are obviously relevant. For example, MGA's statements in other Bratz-related lawsuits constitute judicial admissions, and MGA may be estopped from making contentions in this lawsuit contrary to those admissions.

The requested information will provide valuable information as to how MGA has interpreted its purported rights over Bratz in the past. For example, Request Nos. 26 through 28 seek documents in which MGA has referenced or described its alleged trade dress, copyright and patent rights in Bratz. See Sep. Stmt. at 42-47. Mattel is entitled to discover whether MGA's prior descriptions are inconsistent with positions it has taken in this lawsuit. MGA's refusal to produce any responsive documents is especially unreasonable given that MGA itself previously demanded documents regarding positions Mattel has taken in other legal proceedings as to certain damages issues because "[p]ositions Mattel has taken in previous litigation regarding [these issues] may undercut the positions Mattel is taking in this case and are therefore directly relevant to these damages issue[s]."[20]

---

[20] See MGA's Sixth Set of Requests for the Production of Documents and (footnote continued)

07209/2338209.1

MATTEL INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA

Moreover, documents filed and produced in connection with the Bratz Lawsuits are relevant to this lawsuit.  MGA has admitted that the issue of the origins of Bratz has been previously litigated in lawsuits between MGA and alleged infringers and counterfeiters.[21]  The Discovery Master previously ordered MGA to produce sworn statements and transcripts from other Bratz-related lawsuits.[22] Request Nos. 8 through 24, 29 and 30 simply seek additional relevant documents from the Bratz Lawsuits.  These requests are not overbroad.  They are reasonably limited by Mattel's definition of Bratz Lawsuits (Sep. Stmt. at 50-52), and several of the requests are further limited to documents regarding specific subject matters. See, e.g., id. at 22, 27.[23]  These requests also are not unduly burdensome.  Mattel listed approximately twenty-five specific lawsuits to which MGA is or was a party and that Mattel believes relate to Bratz.[24]  Files from these lawsuits should be easily accessible to MGA.

Request Nos. 1 through 7 and 25 are also reasonably tailored to obtain relevant documents and things.  MGA's claims and contentions that other dolls and

---

Things in Case No. 05-2727, dated November 16, 2007 (Kidman Dec. Ex. 6), at 10-11 (Request Nos. 568, 569); Letter from Robert J. Herrington to Jon D. Corey and B. Dylan Proctor, dated January 3, 2008 (Kidman Dec. Ex. 7), at 6.

[21] See MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Production of Documents and Interrogatory Answers, dated February 20, 2007 (Kidman Dec. Ex. 8), at 25.

[22] See Discovery Master's Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007 ("May 15, 2007 Discovery Master's Order") (Kidman Dec. Ex. 9), at 10.

[23] Request No. 14 (limiting request to pleadings and other documents filed in Bratz Lawsuits that "compare Bratz to any other doll or product"); Request No. 17 (limiting request to expert reports that refer or relate to Bratz).

[24] Although MGA objected that Mattel's definition of "Bratz Lawsuits" is overbroad because all of the lawsuits listed might not relate to Bratz, MGA's counsel was only able to identify three lawsuits that purportedly do not relate to Bratz.  See Kidman Dec. ¶ 6. Mattel agreed to remove these lawsuits from the definition, but MGA still would not agree to produce responsive documents.  See id.

1   products infringe Bratz – and samples of other allegedly infringing products – are

2   relevant to MGA's claims of infringement against Mattel.  Additionally, such

3   information is relevant to rebut defendants' recent contention that the Bratz dolls at

4   issue in this lawsuit are dissimilar to Bryant's Bratz drawings.[25]  Mattel is entitled to

5   discover other dolls and products that MGA has asserted are similar to Bratz and

6   compare them to Bryant's Bratz drawings.

7          Accordingly, MGA should be compelled to produce documents

8   responsive to Request Nos. 1 through 30.

9          2.    **Documents Relating to Any Use or Considered Use of the**

10               **Term "Jade"**

11          Request No. 31 seeks documents related to the use or considered use of

12   the term "Jade" in connection with any MGA doll or product.  See Sep. Stmt. at 54.

13   These documents are relevant to the issue of when MGA allegedly developed and

14   created Bratz since one of the original Bratz dolls was named Jade.  MGA

15   acknowledged the relevance of this issue during the meet and confer, but has

16   impermissibly attempted to limit its production to "documents created prior to

17   January 1, 2001."  See id. at 56-57.  MGA's limitation is not appropriate since it

18   would permit MGA to withhold relevant documents created after January 1, 2001

19   even if the documents specifically referenced the use or considered use of the term

20   "Jade" prior to January 1, 2001.  Mattel is, however, willing to limit Request No. 31

21   to responsive documents that refer or relate to the time period prior to December 31,

22   2001.

23

24

25

26   ────────────

     [25]   See, e.g., MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s

27   Amended Fourth Set of Interrogatories, dated November 30, 2007 (Kidman Dec.
     Ex. 10), at 7, 9-12 (MGA's Supplemental Response to Interrogatory No. 42).

28

1

**3.      Documents and Things Related to Sandra Bilotto, the Sculptor of "Prayer Angels"**

Request Nos. 32 through 41 seek documents and things related to Sandra Bilotto, a former Mattel vendor and the sculptor of MGA's "Prayer Angels" dolls. See Sep. Stmt. at 58-76. MGA has placed Ms. Bilotto and Prayer Angels squarely at issue in this lawsuit. Anna Rhee, one of MGA's vendors, testified that she performed work related to Bratz (described by Bryant as a secret project called "Angel") in the June-October 2000 time frame (when Bryant was still employed by Mattel).[26] MGA now claims that Ms. Rhee's work during that period related to Prayer Angels, and not Bratz (or Angel). Documents regarding the timing and nature of Ms. Bilotto's work for MGA and her communications with Isaac Larian regarding Mattel, Bryant and Bratz will provide valuable information regarding the conception, design and development of Prayer Angels and the timing thereof, and whether any of Ms. Bilotto's work for MGA in that time period related to the secret project called Angel. For example, Request Nos. 35 and 37 seek documents and things regarding Ms. Bilotto's work for MGA prior to January 1, 2001. See Sep. Stmt. at 62, 66. These requests are reasonably tailored to obtain information regarding Ms. Bilotto's work for MGA (including work on Prayer Angels or Angel) during the relevant time frame.

Discovery regarding Ms. Bilotto's work for MGA is also relevant to Mattel's allegations regarding MGA's access to and theft of Mattel's confidential information and trade secrets. Ms. Bilotto performed extensive work for Mattel as a vendor. Documents related to Ms. Bilotto's work for MGA and the timing thereof may provide further evidence of MGA's pattern of recruiting Mattel employees and vendors and inducing them to divulge Mattel's trade secrets. Request Nos. 36, 38

---

[26]   See, e.g., Confidential Transcript of Deposition of Anna Rhee, Volume I (February 3, 2005) (Kidman Dec. Ex. 11), at 107:16-108:10, 112:14-113:2.

MATTEL INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA

1   and 41 are reasonably tailored to obtain documents relevant to these issues,

2   including Ms. Bilotto's communications with Mr. Larian regarding Mattel and

3   Mattel products. See Sep. Stmt. at 65, 68, 73.

4          In its supplemental responses, MGA attempts to limit any production to

5   documents and things related to Prayer Angels only. See, e.g., Sep. Stmt. at 65, 68,

6   72 and 76 (MGA's Supplemental Responses to Request Nos. 35, 37, 39, 41). This

7   limitation is too narrow and would exclude highly relevant documents and things

8   relating to, among other things, Bratz and "Angel." The requests are already

9   sufficiently limited to a specific individual (Ms. Bilotto) and in many instances, to a

10   specific time period (prior to January 1, 2001). Further limitation is not warranted.

11   As described above, Ms. Bilotto's work for MGA related to other projects is relevant

12   to the claims and defenses in this lawsuit.

13          In addition, MGA has refused to produce documents to Request Nos.

14   36, 38 and 41 based on its late-raised objection that those requests "relate to issues

15   that will be addressed in Phase II of the trial in this action."[27] As an initial matter,

16   MGA cannot justify its refusal to produce responsive documents on the basis of its

17   "Phase II discovery" objection since it did not raise such an objection in its

18   responses and therefore waived it. See Richmark Corp. v. Timber Falling

19   Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992). In any event, MGA cannot

20   justify such an objection. Judge Larson and the Discovery Master have expressly

21   rejected MGA's attempts to phase discovery in this action. MGA should be

22   compelled to produce relevant documents and things now, regardless of whether or

23   not MGA believes they relate to Phase II issues.

24

25

26

27

---

[27]   Kidman Dec. Ex. 5 (January 9, 2008 Letter from Andrew Temkin), at 5.

28

4. **MGA's Communications With and Payments to Paula Garcia**

Request Nos. 42, 76 and 77 seek communications between Isaac Larian and Paula Garcia and documents regarding MGA's payments to Ms. Garcia. See Sep. Stmt. at 78-82. These documents are relevant to a central issue in this case – the timing of the conception, creation, and development of Bratz. Ms. Garcia was MGA's Bratz project manager. Prior to that, Ms. Garcia was employed by Mattel. Responsive documents could show that Ms. Garcia was working with MGA or sharing Mattel's confidential information with MGA while she was still employed by Mattel. The Discovery Master previously ordered Mr. Bryant to produce documents regarding payments and bonuses from MGA and several categories of communications with MGA for this very reason.[28] During the meet and confer, Mattel agreed to limit Request No. 42 to communications between Mr. Larian and Ms. Garcia relating to Mattel, any Mattel doll or product, Carter Bryant and Bratz,[29] which more than sufficiently limits the subject matter of the request.

These documents are also relevant because Ms. Garcia is a key witness in this lawsuit. Evidence regarding MGA's payments to Ms. Garcia is relevant to issues of credibility and bias. The Discovery Master previously ordered MGA to provide testimony regarding its payments to Mr. Larian because "payments . . . may also show possible bias and be used for impeachment purposes."[30]

---

[28] Discovery Master's Order Granting Mattel's Motion to Compel Production of Documents, dated January 25, 2007 ("January 25, 2007 Discovery Master's Order") (Kidman Dec. Ex. 12), at 13-16.

[29] Kidman Dec. ¶ 7.

[30] Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated September 25, 2007 (Kidman Dec. Ex. 13), at 11-12.

1           MGA should be compelled to produce documents responsive to

2 Request Nos. 42, 76 and 77.

### 5.      Documents Relating to the Development of Scooter Samantha

5           Request Nos. 43 through 55 seek documents and things related to the

6 conception, design and development of MGA's Scooter Samantha products. See

7 Sep. Stmt. at 84-104. This information is relevant to Mattel's claim in this lawsuit

8 that MGA has engaged in a pattern of stealing Mattel's trade secrets. Mattel

9 specifically alleges that Scooter Samantha is the product of MGA's theft of Mattel's

10 Scooter Shannen.[31] And the Discovery Master previously recognized that "[a]ny

11 proof of trade secret theft is also relevant to Mattel's defenses against MGA's unfair

12 competition claims."[32] The origins and development of Scooter Samantha are

13 therefore at issue in this lawsuit. Requests 43 through 55 are narrowly tailored to

14 lead to the discovery of admissible evidence on that issue. For example, Request

15 No. 43 seeks documents related to "when and under what circumstances Scooter

16 Samantha was first conceived of" (see Sep. Stmt. at 84), and Request Nos. 53 and 54

17 seeks documents sufficient to show the first manufacture and ship dates of Scooter

18 Samantha products. See id. at 99, 101. MGA should be compelled to produce

19 documents and things responsive to Request Nos. 43 through 55.

### 6.      Documents Related to Scot Reyes and the Development of Space Babes

22           Request Nos. 56 through 75 seek documents and things related to the

23 conception, design and development of Space Babes and to Scot Reyes, a former

24 Mattel employee. See Sep. Stmt. at 105-134. This information is relevant for the

---

[31] See Mattel's Supplemental Responses to MGA's First Set of Special Interrogatories, dated December 7, 2007 (Kidman Dec. Ex. 14), at 44 (Mattel's Supplemental Response to Special Interrogatory No. 1).

[32] January 25, 2007 Discovery Master's Order (Kidman Dec. Ex. 12), at 14.

1  same reasons as Scooter Samantha because Mattel believes Space Babes is yet

2  another example of MGA's theft of Mattel's trade secrets and confidential

3  information.  In addition, responsive documents and things are relevant to Mattel's

4  allegations that MGA has repeatedly induced Mattel employees to steal Mattel's

5  confidential information and take it to MGA.  Mattel believes (and alleges) that Mr.

6  Reyes was such a Mattel employee.[33]  These issues go to Mattel's defenses to

7  MGA's unfair competition claim, as well as Mattel's RICO claims.  Mr. Reyes'

8  involvement in the conception of Space Babes and his communications with Mr.

9  Larian regarding Mattel and Mattel products are relevant to these claims.

10  ### 7.    Personnel and Vendor Files

11  Request Nos. 78 through 88 seek personnel and vendor files for

12  individuals who were involved in the development of Bratz and/or previously

13  employed by Mattel.  See Sep. Stmt. at 135-162.  Request Nos. 78 through 86 seek

14  files for Sandra Bilotto, Maureen Mullen, Scot Reyes, Steve Linker, Veronica

15  Marlow, Peter Marlow, Wendy Ragsdale, Billy Ragsdale and Sarah Halpern.  These

16  individuals were involved in the development of Bratz or Prayer Angels, or other

17  alleged trade secret thefts by MGA (e.g., Mr. Reyes).  Mattel has identified almost

18  all of these individuals in discovery as having knowledge regarding the conception,

19  creation and development of Bratz and the timing thereof and/or MGA's access to

20  and/or theft of Mattel's intellectual property and trade secrets.[34]

21  MGA's personnel and vendor files for these individuals will

22  undoubtedly contain documents relevant to the conception, design and development

23  of Bratz and the timing thereof.  The Discovery Master previously ordered MGA to

24

25  [33] Mattel's Supplemental Responses to MGA's First Set of Special Interrogatories
26  (Kidman Dec. Ex. 14), at 92 (indicating that Mr. Reyes has knowledge regarding
    MGA's access to and theft of Mattel trade secrets).

27  [34] See id. at 67-69, 71-73, 79, 92 (Mattel's Supplemental Response to Special
28  Interrogatory 2).

-13-

1   produce personnel files for that very reason.[35]  MGA acknowledged the relevance of

2   this information when it previously agreed to produce personnel and vendor files for

3   other individuals involved in the development of Bratz.[36]

4          In its supplemental responses to Request Nos. 78 through 86, MGA

5   attempts to limit its production from these personnel and vendor files to documents

6   that refer or relate to work on Bratz prior to January 1, 2001 only.  See, e.g., Sep.

7   Stmt. at 135-138.  This limitation is too narrow and would exclude highly relevant

8   documents and things relating to, among other things, Prayer Angels, "Angel" and

9   other alleged trade secret thefts.  The requests are already sufficiently limited to

10  specific named individuals.

11         Moreover, with respect to individuals who worked for Mattel prior to

12  working for MGA (e.g., Request No. 87 and 88), personnel files may provide

13  information relevant to Mattel's allegations that MGA has engaged in a pattern of

14  stealing Mattel's trade secrets and confidential information by targeting and

15  recruiting current and former Mattel employees.  This goes to the unfair competition

16  claims in this action, as well as Mattel's RICO claims.

17         MGA cannot justify its refusal to produce documents responsive to

18  Request Nos. 87 and 88 based on its late-raised objection that they relate to Phase II

19  issues and should be deferred.  Discovery in this lawsuit has not been phased, and

20  Judge Larson and the Discovery Master have ordered that relevant discovery go

21  forward now.  Moreover, MGA should not be permitted to withhold responsive

22  personnel and vendor files based upon privacy or confidentiality issues.  See, e.g.,

23  Sep. Stmt. at 136:13-14.  As recognized by the Discovery Master when granting

24  _____

25  [35]  May 15, 2007 Discovery Master's Order (Kidman Dec. Ex. 9), at 9, 11, n.4
    ("[Isaac Larian's] personnel file may have documents relevant to Bratz, and

26  therefore should be produced.").

27  [36]  See MGA Entertainment Inc.'s Responses to Mattel, Inc.'s First Set of
    Requests for Production of Documents and Tangible Things, dated April 13, 2005

28  (footnote continued)

1  Mattel's motion to compel Mr. Larian's personnel file, the Protective Order in this

2  action is sufficient to alleviate such concerns.[37]  MGA should be compelled to

3  produce responsive personnel and vendor files.

4

5  **B.**   **MGA's Other Objections (Excluding Legitimate Attorney-Client**

6       **Privilege/Work Product Objections) Should Be Overruled.**

7       As discussed above, Mattel's Third Requests seek relevant and

8  discoverable documents and tangible things, and the requests are not overbroad or

9  unduly burdensome.  MGA's other objections also do not provide a basis for its

10  refusal to produce responsive documents.  For example, MGA objected to almost all

11  of the Third Requests on the grounds that the requests implicate the privacy rights of

12  third parties and/or "seek confidential, proprietary or commercially sensitive

13  information, the disclosure of which would be inimical to the business interests of

14  MGA."  See, e.g., Sep. Stmt. at 3, 17, 18, 136.  These objections should be

15  dismissed in light of the Protective Order in this lawsuit, which the Discovery

16  Master has repeatedly deemed sufficient to alleviate the parties' confidentiality

17  concerns.  Indeed, MGA has produced most of its documents in this lawsuit with an

18  "Attorney's Eyes Only" designation pursuant to the Protective Order.

19       MGA also objected to the Third Requests "as cumulative, duplicative,

20  and unduly burdensome to the extent that [they] seek[] documents previously

21  requested by Mattel or produced by MGA . . . ."  See, e.g., Sep. Stmt. at 3, 5, 6, 56.

22  This objection is without merit.  To the extent MGA's objection is based on prior

23  requests propounded on Isaac Larian individually, they are frivolous.  Mr. Larian is

24  not the same as MGA.  The universe of documents within MGA's "possession,

25  custody or control" is not limited to the universe of documents and things within

26

27  (Kidman Dec. Ex. 15), at 71-78.

[37]   May 15, 2007 Discovery Master's Order (Kidman Dec. Ex. 9), at 11, n.4.

28

07209/2338209.1

MATTEL INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA

1 Larian's "possession, custody or control."  The Third Requests are not duplicative of
2 earlier requests propounded on MGA.  The previous requests identified in MGA's
3 responses do not support MGA's claims to the contrary.  Tellingly, MGA would not
4 represent that all responsive documents have already been produced.

5          Finally, although Mattel does not seek to compel the production of
6 documents that are legitimately privileged, several of MGA's privilege objections
7 are invalid on their face and should be overruled.  For example, MGA objected to
8 Request Nos. 1, 2, 37, 45-47, 58 and 59 on the basis of attorney-client privilege and
9 attorney work product, but those requests seek samples or prototypes of dolls and
10 products and other tangible items.  See Sep. Stmt. at 2, 3, 66, 87, 89-90, 108 and
11 110.  Such tangible items are not privileged communications or attorney work
12 product.  MGA also objected to Request Nos. 8 through 18 on the basis of privilege
13 even though those requests seek pleadings, witness lists, discovery responses,
14 subpoenas, transcripts and expert reports filed or disclosed by MGA in the Bratz
15 Lawsuits.  See id. at 13-29.  MGA certainly cannot withhold previously-disclosed
16 information on the basis of privilege.  To the extent MGA has a good faith basis for
17 withholding responsive documents on the basis of privilege, it should be compelled
18 to produce a privilege log identifying and describing the documents in sufficient
19 detail to enable Mattel to assess the applicability of any asserted privilege.  See Fed.
20 R. Civ. P. 26(b)(5)(A); Burlington N. & Santa Fe Ry. Corp. v. U.S. Dist. Court, 408
21 F.3d 1142, 1148 (9th Cir. 2005).

22

23 **II.    MGA SHOULD BE SANCTIONED.**

24          Under the Federal Rules, a party bringing a motion to compel is entitled
25 to the "reasonable expenses incurred in making the motion, including attorney's
26 fees, unless the court finds that the motion was filed without the movant's first
27 making a good faith effort to obtain the disclosure or discovery without court action,
28 or that the opposing party's nondisclosure, response or objection was substantially

1  justified, or that other circumstances make an award of expenses unjust." <u>Fed. R.</u>

2  <u>Civ. P.</u> 37(a)(4).  The burden of establishing substantial justification is on the party

3  being sanctioned.  <u>Hyde & Drath v. Baker</u>, 24 F.3d 1162, 1171 (9th Cir. 1994).

4  Sanctions may also be imposed under 28 U.S.C. § 1927, which provides that "[a]ny

5  attorney . . . who so multiplies the proceedings in any case unreasonably and

6  vexatiously may be required by the court to satisfy personally the excess costs,

7  expenses, and attorneys' fees reasonably incurred because of such conduct."

8  Sanctions under this section are appropriate "for conduct that, viewed objectively,

9  manifests either intentional or reckless disregard of the attorney's duties to the

10 court." <u>RTC v. Dabney</u>, 73 F.3d 262, 265 (10th Cir. 1995), citing <u>Braley v.</u>

11 <u>Campbell</u>, 832 F.2d 1504, 1512 (10th Cir. 1987).

12          Sanctions are appropriate here.  The Third Requests seek documents

13 and things that are directly relevant to the claims and defenses in this lawsuit.

14 MGA's numerous, boilerplate objections – which it refused to withdraw even after

15 the meet and confer – and refusal to produce responsive documents demonstrates

16 MGA's lack of good faith.

17          MGA's objections and responses to Mattel's Third Requests are part of

18 a pattern of unreasonable conduct in discovery, and MGA and its counsel should be

19 sanctioned for at least a portion of the fees Mattel has been forced to incur in

20 connection with this motion.  Mattel requests that MGA be ordered to pay $4,500.00

21 as partial reimbursement for the fees Mattel has incurred on this Motion.

22

23

24

25

26

27

28

1

**<u>Conclusion</u>**

2        For the foregoing reasons, Mattel's motion to compel should be granted

3 in its entirety and monetary sanctions should be awarded against MGA in the

4 amount of $4,500.00.

5

6 DATED:  January 28, 2008       QUINN EMANUEL URQUHART OLIVER &
                                               HEDGES, LLP

7

8                           By_____

9                            Scott B. Kidman
                               Attorneys for Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28