QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>              Plaintiff,<br><br>       vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>              Defendant.<br><br>_____<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard by Discovery Master Hon. Edward Infante (Ret.) Pursuant to the Court's Order of December 6, 2006]**<br><br>MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC. AND FOR AWARD OF MONETARY SANCTIONS<br><br>Date:   TBA<br>Time:   TBA<br>Place:  Telephonic<br><br>Discovery Cut-off:      January 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:               May 27, 2008 |

# **TABLE OF CONTENTS**

**Page**

I. MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS AND THINGS RELATED TO OTHER BRATZ-RELATED LAWSUITS AND CLAIMS BY MGA THAT OTHER DOLLS OR PRODUCTS INFRINGE BRATZ ................................................................. 1

    A.    Requests at Issue (Request Nos. 1 through 30) ...................................... 1

    B.    Definition of "Bratz Lawsuits" ............................................................ 49

    C.    Reasons Why Further Responses to Request Nos. 1 Through 30 Should Be Compelled .................................................................... 51

II. MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RELATING TO ANY USE OR CONSIDERED USE OF THE TERM "JADE" ............................................................................................................... 53

    A.    Requests at Issue (Request No. 31)...................................................... 53

    B.    Reasons Why Further Responses to Request No. 31 Should Be Compelled ............................................................................................ 57

III. MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS AND THINGS RELATED TO SANDRA BILOTTO, THE SCULPTOR OF "PRAYER ANGELS" ......................................................... 57

    A.    Requests at Issue (Request Nos. 32 through 41) ................................. 57

    B.    Reasons Why Further Response to Request Nos. 32 Through 41 Should Be Compelled .................................................................... 75

IV. MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RELATING TO COMMUNICATIONS WITH AND PAYMENTS TO PAULA GARCI .............................................................................................. 77

    A.    Requests at Issue (Request Nos. 42, 76 and 77) ................................. 77

    B.    Reasons Why Further Response to Request Nos. 42, 76 and 77 Should Be Compelled .................................................................... 82

V. MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RELATING TO THE DEVELOPMENT OF SCOOTER SAMANTHA ...... 83

    A.    Requests at Issue (Request Nos. 43 Through 55) ............................... 83

    B.    Reasons Why Further Response to Request Nos. 43 Through 55 Should Be Compelled .................................................................. 103

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VI.   MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RELATED TO SCOT REYES AND THE DEVELOPMENT OF SPACE BABES ............................................................................ 104

      A.   Requests at Issue (Request Nos. 56 Through 75) ............................... 104

      B.   Reasons Why Further Response to Request Nos. 56 Through 75 Should Be Compelled ......................................................................... 133

VII.  MGA SHOULD BE COMPELLED TO PRODUCE PERSONNEL AND VENDOR FILES ................................................................................ 134

      A.   Requests at Issue (Request Nos. 78 Through 88) ............................... 134

      B.   Reasons Why Further Response to Request Nos. 78 Through 88 Should Be Compelled ......................................................................... 161

## I.   MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS AND THINGS RELATED TO OTHER BRATZ-RELATED LAWSUITS AND CLAIMS BY MGA THAT OTHER DOLLS OR PRODUCTS INFRINGE BRATZ

### A.   Requests at Issue (Request Nos. 1 through 30)

REQUEST FOR PRODUCTION NO. 1:

A sample of each doll, product or other matter that, whether in whole or in part, YOU have alleged or contended INFRINGES BRATZ in any THIRD-PARTY LAWSUIT, including without limitation in the BRATZ LAWSUITS.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ, BRATZ LAWSUITS, INFRINGES and THIRD-PARTY LAWSUIT.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how samples of each doll, product or other matter alleged or contended to have INFRINGE[D]

-1-

BRATZ in any THIRD-PARTY LAWSUIT could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Magistrate Judge Infante's August 13, 2007 Order ("Aug. 13 Order") at 9:17-20; see also Magistrate Judge Infante's May 22, 2007 Order ("May 22 Order") at 21:5-7 (requests that require production of documents "merely mentioning] MGA and Bratz but that otherwise have no relevance to the claims and defenses in the suit" are impermissibly overbroad). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  MGA further objects to this request on the grounds that the terms BRATZ, BRATZ LAWSUITS, INFRINGES and THIRD-PARTY LAWSUIT render the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks information that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks tangible items not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

REQUEST FOR PRODUCTION NO. 2:

To the extent not produced in Response to Request No. 1, a sample of each doll, product or other matter that, whether in whole or in part, YOU have alleged or contended, including in any cease and desist letter, INFRINGES BRATZ.

1   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 2:</u>

2            MGA incorporates by reference its General Response and General

3   Objections above, as though fully set forth herein and specifically incorporates

4   General Objection No. 15 (regarding Definitions), including without limitation

5   MGA's objection to the definition of the terms BRATZ and INFRINGES.  MGA

6   further objects to the request to the extent it seeks the production of documents that

7   are protected from disclosure under any applicable privilege, doctrine or immunity,

8   including without limitation the attorney-client privilege, the work product doctrine,

9   the right of privacy, and all other privileges recognized under the constitutional,

10  statutory or decisional law of the United States of America, the State of California

11  or any other applicable jurisdiction.  MGA further objects to this request on the

12  grounds that it is overly broad and unduly burdensome in that it seeks tangible items

13  not relevant to the claims or defenses in this action and not reasonably calculated to

14  lead to the discovery of admissible evidence.  Mattel has not demonstrated how

15  samples of each doll, product or other matter alleged or contended to have

16  INFRINGE[D] BRATZ could be relevant to the claims and defenses in this action.

17  The request is not limited to the subject matter of this action and is thus

18  impermissibly overbroad.  <u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

19  MGA further objects to this request as being overly broad and unduly burdensome

20  on the grounds that it is not limited in time or geographical scope.  MGA further

21  objects to this request on the grounds that the terms BRATZ and INFRINGES

22  render the request vague, ambiguous, overly broad and unduly burdensome.  MGA

23  further objects to the request to the extent that it seeks information that by reason of

24  public filing, public distribution or otherwise are already in Mattel's possession or

25  are readily accessible to Mattel.  MGA further objects to the request to the extent

26  that it seeks tangible items not in MGA's possession, custody or control.  MGA

27  further objects to the request to the extent it seeks confidential, proprietary or

28  commercially sensitive information, the disclosure of which would be inimical to

-3-

1  the business interests of MGA.  Such information may also be subject to protective

2  orders governing other litigations thereby precluding disclosure in response to this

3  request.  MGA further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by MGA in response to Mattel's document requests.

6

7  REQUEST FOR PRODUCTION NO. 3:

8          All photographs, digital scans or other depictions of each and every

9  doll, product or other matter, that, whether in whole or in part, YOU have alleged or

10  contended INFRINGES BRATZ in any THIRD-PARTY LAWSUIT, including

11  without limitation in the BRATZ LAWSUITS.

12

13  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

14          MGA incorporates by reference its General Response and General

15  Objections above, as though fully set forth herein and specifically incorporates

16  General Objection No. 15 (regarding Definitions), including without limitation

17  MGA's objection to the definition of the terms BRATZ, BRATZ LAWSUITS,

18  INFRINGES and THIRD-PARTY LAWSUIT.  MGA further objects to the request

19  to the extent it seeks the production of documents that are protected from disclosure

20  under any applicable privilege, doctrine or immunity, including without limitation

21  the attorney-client privilege, the work product doctrine, the right of privacy, and all

22  other privileges recognized under the constitutional, statutory or decisional law of

23  the United States of America, the State of California or any other applicable

24  jurisdiction.  MGA further objects to this request on the grounds that it is overly

25  broad and unduly burdensome in that it seeks tangible items not relevant to the

26  claims or defenses in this action and not reasonably calculated to lead to the

27  discovery of admissible evidence.  Mattel has not demonstrated how *all*

28  photographs, digital scans or other depictions of each and every doll, product or

-4-

other matter alleged or contended to have INFRINGE[D] BRATZ in any THIRD-PARTY LAWSUIT could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  MGA further objects to this request on the grounds that the terms BRATZ, BRATZ LAWSUITS, INFRINGES and THIRD-PARTY LAWSUIT render the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks information that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks tangible items not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

REQUEST FOR PRODUCTION NO. 4:

       To the extent not produced in Response to Request No. 3, all photographs, digital scans or other depictions of each doll, product or other matter that, whether in whole or in part, YOU have ever alleged or contended, including in any cease and desist letter, INFRINGES BRATZ.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ and INFRINGES. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* photographs, digital scans or other depictions of each doll, product or other matter alleged or contended to have INFRINGE[D] BRATZ could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. MGA further objects to this request on the grounds that the terms BRATZ and INFRINGES render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks tangible items not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure

1  of which would be inimical to the business interests of MGA.  Such information

2  may also be subject to protective orders governing other litigations thereby

3  precluding disclosure in response to this request.  MGA further objects to this

4  request as cumulative, duplicative, and unduly burdensome to the extent that it seeks

5  information previously requested by Mattel or produced by MGA in response to

6  Mattel's document requests.

7

8  REQUEST FOR PRODUCTION NO. 5:

9          DOCUMENTS sufficient to identify each doll, product or other matter

10  sold, offered for sale, manufactured, distributed, promoted or advertised by any

11  PERSON other than MATTEL that YOU have alleged or contended, whether in

12  whole or in part, INFRINGES BRATZ.

13

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

15          MGA incorporates by reference its General Response and General

16  Objections above, as though fully set forth herein and specifically incorporates

17  General Objection No. 15 (regarding Definitions), including without limitation

18  MGA's objection to the definition of the terms BRATZ and INFRINGES.  MGA

19  further objects to the request to the extent it seeks the production of documents that

20  are protected from disclosure under any applicable privilege, doctrine or immunity,

21  including without limitation the attorney-client privilege, the work product doctrine,

22  the right of privacy, and all other privileges recognized under the constitutional,

23  statutory or decisional law of the United States of America, the State of California

24  or any other applicable jurisdiction.  MGA further objects to this request on the

25  grounds that it is overly broad and unduly burdensome in that it seeks documents

26  not relevant to the claims or defenses in this action and not reasonably calculated to

27  lead to the discovery of admissible evidence.  Mattel has not demonstrated how each

28  doll, product or other matter alleged or contended to have INFRINGE[D] BRATZ

-7-

could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  <u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  MGA further objects to this request on the grounds that the terms BRATZ and INFRINGES render the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the term "sufficient to identify" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks tangible items not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS that REFER OR RELATE TO any claim or contention by YOU (other than in this ACTION) that any doll, product or other matter, whether in whole or in part, that has been sold, offered for sale, manufactured, distributed, promoted or advertised by any PERSON INFRINGES BRATZ.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ, INFRINGES and REFER OR RELATE. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO any claim or contention that any doll, product or other matter INFRINGES BRATZ could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. MGA further objects to this request on the grounds that the terms BRATZ, INFRINGES and REFER AND RELATE TO render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially

-9-

1   sensitive information, the disclosure of which would be inimical to the business

2   interests of MGA.  Such information may also be subject to protective orders

3   governing other litigations thereby precluding disclosure in response to this request.

4           MGA further objects to this request as cumulative, duplicative, and

5   unduly burdensome to the extent that it seeks documents previously requested by

6   Mattel or produced by MGA in response to Mattel's document requests, including,

7   but not limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

8   Requests for Documents and Things re Claims of Unfair Competition to MGA

9   Entertainment, Inc., Request No. 90 from Mattel's First Set of Requests for

10  Production of Documents and Tangible Things to MGA, and Request No. 182 from

11  Mattel's First Set of Requests for Documents and Things to Isaac Larian.

12

13  REQUEST FOR PRODUCTION NO. 7:

14          All COMMUNICATIONS, including without limitation cease and

15  desist letters, between YOU and any other PERSON that REFER OR RELATE TO

16  any claim or contention by YOU that any doll or product, whether in whole or in

17  part, sold, offered for sale, manufactured, distributed, promoted or advertised by

18  such PERSON INFRINGES BRATZ.

19

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

21          MGA incorporates by reference its General Response and General

22  Objections above, as though fully set forth herein and specifically incorporates

23  General Objection No. 15 (regarding Definitions), including without limitation

24  MGA's objection to the definition of the terms BRATZ, INFRINGES and REFER

25  OR RELATE TO.  MGA further objects to the request to the extent it seeks the

26  production of documents that are protected from disclosure under any applicable

27  privilege, doctrine or immunity, including without limitation the attorney-client

28  privilege, the work product doctrine, the right of privacy, and all other privileges

-10-

1  recognized under the constitutional, statutory or decisional law of the United States

2  of America, the State of California or any other applicable jurisdiction.  MGA

3  further objects to this request on the grounds that it is overly broad and unduly

4  burdensome in that it seeks documents not relevant to the claims or defenses in this

5  action and not reasonably calculated to lead to the discovery of admissible evidence.

6  Mattel has not demonstrated how *all* COMMUNICATIONS that REFER OR

7  RELATE TO any claim or contention that any doll or product INFRINGES BRATZ

8  could be relevant to the claims and defenses in this action.  The request is not

9  limited to the subject matter of this action and is thus impermissibly overbroad.  See

10  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

11  request as being overly broad and unduly burdensome on the grounds that it is not

12  limited in time or geographical scope.  MGA further objects to this request on the

13  grounds that the terms BRATZ, INFRINGES and REFER OR RELATE TO render

14  the request vague, ambiguous, overly broad and unduly burdensome.  MGA further

15  objects to the request to the extent that it seeks documents not in MGA's possession,

16  custody or control.  MGA further objects to the request to the extent it seeks

17  confidential, proprietary or commercially sensitive information, the disclosure of

18  which would be inimical to the business interests of MGA.  Such information may

19  also be subject to protective orders governing other litigations thereby precluding

20  disclosure in response to this request.

21         MGA further objects to this request as cumulative, duplicative, and

22  unduly burdensome to the extent that it seeks documents previously requested by

23  Mattel or produced by MGA in response to Mattel's document requests, including,

24  but not limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

25  Requests for Documents and Things re Claims of Unfair Competition to MGA

26  Entertainment, Inc., Request No. 90 from Mattel's First Set of Requests for

27  Production of Documents and Tangible Things to MGA, and Request No. 182 from

28  Mattel's First Set of Requests for Documents and Things to Isaac Larian.

-11-

1  REQUEST FOR PRODUCTION NO. 8:

2        All complaints, statements of claim, counterclaims and answers in the

3  BRATZ LAWSUITS, including without limitation all amendments thereto.

4

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

6        MGA incorporates by reference its General Response and General

7  Objections above, as though fully set forth herein and specifically incorporates

8  General Objection No. 15 (regarding Definitions), including without limitation

9  MGA's objection to the definition of the term BRATZ LAWSUITS.  MGA further

10 objects to the request to the extent it seeks the production of documents that are

11 protected from disclosure under any applicable privilege, doctrine or immunity,

12 including without limitation the attorney-client privilege, the work product doctrine,

13 the right of privacy, and all other privileges recognized under the constitutional,

14 statutory or decisional law of the United States of America, the State of California

15 or any other applicable jurisdiction.  MGA further objects to this request on the

16 grounds that it is overly broad and unduly burdensome in that it seeks documents

17 not relevant to the claims or defenses in this action and not reasonably calculated to

18 lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

19 complaints, statements of claim, counterclaims and answers in the BRATZ

20 LAWSUITS could be relevant to the claims and defenses in this action.  The request

21 is not limited to the subject matter of this action and is thus impermissibly

22 overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further

23 objects to this request as being overly broad and unduly burdensome on the grounds

24 that it is not limited in time.  MGA further objects to this request on the grounds that

25 the term BRATZ LAWSUITS renders the request vague, ambiguous, overly broad

26 and unduly burdensome.  MGA further objects to the request to the extent that it

27 seeks documents that by reason of public filing, public distribution or otherwise are

28 already in Mattel's possession or are readily accessible to Mattel.  MGA further

-12-

1  objects to the request to the extent that it seeks documents not in MGA's possession,

2  custody or control.  MGA further objects to the request to the extent it seeks

3  confidential, proprietary or commercially sensitive information, the disclosure of

4  which would be inimical to the business interests of MGA.  Such information may

5  also be subject to protective orders governing other litigations thereby precluding

6  disclosure in response to this request.

7          MGA further objects to this request as cumulative, duplicative, and

8  unduly burdensome to the extent that it seeks documents previously requested by

9  Mattel or produced by MGA in response to Mattel's document requests, including,

10  but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

11  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

12  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

13  Larian.

14

15  REQUEST FOR PRODUCTION NO. 9:

16          All witness lists and other disclosures of witness names or identities in

17  the BRATZ LAWSUITS, including without limitation all amendments thereto.

18

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

20          MGA incorporates by reference its General Response and General

21  Objections above, as though fully set forth herein and specifically incorporates

22  General Objection No. 15 (regarding Definitions), including without limitation

23  MGA's objection to the definition of the term BRATZ LAWSUITS.  MGA further

24  objects to the request to the extent it seeks the production of documents that are

25  protected from disclosure under any applicable privilege, doctrine or immunity,

26  including without limitation the attorney-client privilege, the work product doctrine,

27  the right of privacy, and all other privileges recognized under the constitutional,

28  statutory or decisional law of the United States of America, the State of California

-13-

1   or any other applicable jurisdiction.  MGA further objects to this request on the

2   grounds that it is overly broad and unduly burdensome in that it seeks documents

3   not relevant to the claims or defenses in this action and not reasonably calculated to

4   lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

5   witness lists and other disclosures of witness names or identities in the BRATZ

6   LAWSUITS could be relevant to the claims and defenses in this action.  The request

7   is not limited to the subject matter of this action and is thus impermissibly

8   overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further

9   objects to this request as being overly broad and unduly burdensome on the grounds

10  that it is not limited in time.  MGA further objects to this request on the grounds that

11  the term BRATZ LAWSUITS renders the request vague, ambiguous, overly broad

12  and unduly burdensome.  MGA further objects to the request to the extent that it

13  seeks documents that by reason of public filing, public distribution or otherwise are

14  already in Mattel's possession or are readily accessible to Mattel.  MGA further

15  objects to the request to the extent that it seeks documents not in MGA's possession,

16  custody or control.  MGA further objects to the request to the extent it seeks

17  confidential, proprietary or commercially sensitive information, the disclosure of

18  which would be inimical to the business interests of MGA.  Such information may

19  also be subject to protective orders governing other litigations thereby precluding

20  disclosure in response to this request.

21          MGA further objects to this request as cumulative, duplicative, and

22  unduly burdensome to the extent that it seeks documents previously requested by

23  Mattel or produced by MGA in response to Mattel's document requests, including,

24  but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

25  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

26  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

27  Larian.

28

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

REQUEST FOR PRODUCTION NO. 10:

All interrogatory responses by YOU or made on YOUR behalf in the BRATZ LAWSUITS, including without limitation all amendments thereto.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term BRATZ LAWSUITS. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* interrogatory responses in the BRATZ LAWSUITS could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the term BRATZ LAWSUITS renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it

-15-

1  seeks documents not in MGA's possession, custody or control.  MGA further objects

2  to the request to the extent it seeks confidential, proprietary or commercially

3  sensitive information, the disclosure of which would be inimical to the business

4  interests of MGA.  Such information may also be subject to protective orders

5  governing other litigations thereby precluding disclosure in response to this request.

6  MGA further objects to the request to the extent it violates the privacy rights of third

7  parties to their private, confidential, proprietary or trade secret information.

8          MGA further objects to this request as cumulative, duplicative, and

9  unduly burdensome to the extent that it seeks documents previously requested by

10  Mattel or produced by MGA in response to Mattel's document requests, including,

11  but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

12  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

13  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

14  Larian.

15

16  REQUEST FOR PRODUCTION NO. 11:

17          All transcripts of proceedings, including all trial and hearing

18  transcripts, in the BRATZ LAWSUITS, including without limitation all

19  amendments thereto.

20

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

22          MGA incorporates by reference its General Response and General

23  Objections above, as though fully set forth herein and specifically incorporates

24  General Objection No. 15 (regarding Definitions), including without limitation

25  MGA's objection to the definition of the term BRATZ LAWSUITS.  MGA further

26  objects to the request to the extent it seeks the production of documents that are

27  protected from disclosure under any applicable privilege, doctrine or immunity,

28  including without limitation the attorney-client privilege, the work product doctrine,

-16-

1   the right of privacy, and all other privileges recognized under the constitutional,

2   statutory or decisional law of the United States of America, the State of California

3   or any other applicable jurisdiction.  MGA further objects to this request on the

4   grounds that it is overly broad and unduly burdensome in that it seeks documents

5   not relevant to the claims or defenses in this action and not reasonably calculated to

6   lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

7   transcripts of proceedings in the BRATZ LAWSUITS could be relevant to the

8   claims and defenses in this action.  The request is not limited to the subject matter of

9   this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20;

10  May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad

11  and unduly burdensome on the grounds that it is not limited in time.  MGA further

12  objects to this request on the grounds that the term BRATZ LAWSUITS renders the

13  request vague, ambiguous, overly broad and unduly burdensome.  MGA further

14  objects to the request to the extent that it seeks documents that by reason of public

15  filing, public distribution or otherwise are already in Mattel's possession or are

16  readily accessible to Mattel.  MGA further objects to the request to the extent that it

17  seeks documents not in MGA's possession, custody or control.  MGA further objects

18  to the request to the extent it seeks confidential, proprietary or commercially

19  sensitive information, the disclosure of which would be inimical to the business

20  interests of MGA.  Such information may also be subject to protective orders

21  governing other litigations thereby precluding disclosure in response to this request.

22  MGA further objects to the request to the extent it violates the privacy rights of third

23  parties to their private, confidential, proprietary or trade secret information.

24          MGA further objects to this request as cumulative, duplicative, and

25  unduly burdensome to the extent that it seeks documents previously requested by

26  Mattel or produced by MGA in response to Mattel's document requests, including,

27  but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

28  Production of Documents and Tangible Things to MGA, and Request Nos. 121, and

-17-

123-124 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

REQUEST FOR PRODUCTION NO. 12:

      All transcripts of depositions given by or on behalf of YOU in the BRATZ LAWSUITS, including without limitation all amendments thereto.

RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

      MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* transcripts of depositions given by or on behalf of MGA in the BRATZ LAWSUITS could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the term BRATZ LAWSUITS renders the request vague, ambiguous, overly broad and

-18-

unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA, and Request Nos. 121, and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

REQUEST FOR PRODUCTION NO. 13:

All pleadings and other DOCUMENTS filed, submitted or served by YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ LAWSUITS, BRATZ and

1   REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks

2   the production of documents that are protected from disclosure under any applicable

3   privilege, doctrine or immunity, including without limitation the attorney-client

4   privilege, the work product doctrine, the right of privacy, and all other privileges

5   recognized under the constitutional, statutory or decisional law of the United States

6   of America, the State of California or any other applicable jurisdiction.  MGA

7   further objects to this request on the grounds that it is overly broad and unduly

8   burdensome in that it seeks documents not relevant to the claims or defenses in this

9   action and not reasonably calculated to lead to the discovery of admissible evidence.

10  Mattel has not demonstrated how *all* pleading and other DOCUMENTS filed,

11  submitted or served by MGA in the BRATZ LAWSUITS that REFER OR RELATE

12  TO BRATZ could be relevant to the claims and defenses in this action.  The request

13  is not limited to the subject matter of this action and is thus impermissibly

14  overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further

15  objects to this request as being overly broad and unduly burdensome on the grounds

16  that it is not limited in time.  MGA further objects to this request on the grounds that

17  the terms BRATZ LAWSUITS, BRATZ and REFER OR RELATE TO render the

18  request vague, ambiguous, overly broad and unduly burdensome.  MGA further

19  objects to the request to the extent that it seeks documents that by reason of public

20  filing, public distribution or otherwise are already in Mattel's possession or are

21  readily accessible to Mattel.  MGA further objects to the request to the extent that it

22  seeks documents not in MGA's possession, custody or control.  MGA further objects

23  to the request to the extent it seeks confidential, proprietary or commercially

24  sensitive information, the disclosure of which would be inimical to the business

25  interests of MGA.  Such information may also be subject to protective orders

26  governing other litigations thereby precluding disclosure in response to this request.

27  MGA further objects to the request to the extent it violates the privacy rights of third

28  parties to their private, confidential, proprietary or trade secret information.

-20-

1    MGA further objects to this request as cumulative, duplicative, and

2    unduly burdensome to the extent that it seeks documents previously requested by

3    Mattel or produced by MGA in response to Mattel's document requests, including,

4    but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

5    Production of Documents and Tangible Things to MGA, and Request Nos. 121, and

6    123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

7    Larian.

8

9    REQUEST FOR PRODUCTION NO. 14:

10    All pleadings and other DOCUMENTS filed, submitted or served by

11    YOU in the BRATZ LAWSUITS that compare BRATZ to any other doll or product,

12    whether in whole or in part.

13

14    RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

15    MGA incorporates by reference its General Response and General

16    Objections above, as though fully set forth herein and specifically incorporates

17    General Objection No. 15 (regarding Definitions), including without limitation

18    MGA's objection to the definition of the terms BRATZ and BRATZ LAWSUITS.

19    MGA further objects to the request to the extent it seeks the production of

20    documents that are protected from disclosure under any applicable privilege,

21    doctrine or immunity, including without limitation the attorney-client privilege, the

22    work product doctrine, the right of privacy, and all other privileges recognized under

23    the constitutional, statutory or decisional law of the United States of America, the

24    State of California or any other applicable jurisdiction.  MGA further objects to this

25    request on the grounds that it is overly broad and unduly burdensome in that it seeks

26    documents not relevant to the claims or defenses in this action and not reasonably

27    calculated to lead to the discovery of admissible evidence.  Mattel has not

28    demonstrated how *all* pleadings and other DOCUMENTS filed, submitted or served

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

1   by MGA in the BRATZ LAWSUITS that compare BRATZ to any other doll or

2   product could be relevant to the claims and defenses in this action.  The request is

3   not limited to the subject matter of this action and is thus impermissibly overbroad.

4   <u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

5   request as being overly broad and unduly burdensome on the grounds that it is not

6   limited in time.  MGA further objects to this request on the grounds that the terms

7   BRATZ LAWSUITS and BRATZ render the request vague, ambiguous, overly

8   broad and unduly burdensome.  MGA further objects to the request to the extent that

9   it seeks documents that by reason of public filing, public distribution or otherwise

10  are already in Mattel's possession or are readily accessible to Mattel.  MGA further

11  objects to the request to the extent that it seeks documents not in MGA's possession,

12  custody or control.  MGA further objects to the request to the extent it seeks

13  confidential, proprietary or commercially sensitive information, the disclosure of

14  which would be inimical to the business interests of MGA.  Such information may

15  also be subject to protective orders governing other litigations thereby precluding

16  disclosure in response to this request.  MGA further objects to the request to the

17  extent it violates the privacy rights of third parties to their private, confidential,

18  proprietary or trade secret information.

19          MGA further objects to this request as cumulative, duplicative, and

20  unduly burdensome to the extent that it seeks documents previously requested by

21  Mattel or produced by MGA in response to Mattel's document requests, including,

22  but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

23  Production of Documents and Tangible Things to MGA, and Request Nos. 121, and

24  123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

25  Larian.

26

27

28

1  REQUEST FOR PRODUCTION NO. 15:

2           All pleadings and other DOCUMENTS filed, submitted or served by

3  YOU in the BRATZ LAWSUITS that claim, allege or assert that the appearance or

4  features of any doll or other product, whether in whole or in part, INFRINGES

5  BRATZ.

6

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

8           MGA incorporates by reference its General Response and General

9  Objections above, as though fully set forth herein and specifically incorporates

10  General Objection No. 15 (regarding Definitions), including without limitation

11  MGA's objection to the definition of the terms BRATZ, BRATZ LAWSUITS and

12  INFRINGES.  MGA further objects to the request to the extent it seeks the

13  production of documents that are protected from disclosure under any applicable

14  privilege, doctrine or immunity, including without limitation the attorney-client

15  privilege, the work product doctrine, the right of privacy, and all other privileges

16  recognized under the constitutional, statutory or decisional law of the United States

17  of America, the State of California or any other applicable jurisdiction.  MGA

18  further objects to this request on the grounds that it is overly broad and unduly

19  burdensome in that it seeks documents not relevant to the claims or defenses in this

20  action and not reasonably calculated to lead to the discovery of admissible evidence.

21  Mattel has not demonstrated how *all* pleadings and other DOCUMENTS filed,

22  submitted or served by MGA in the BRATZ LAWSUITS that claim, allege or assert

23  that the appearance or features of any doll or other product INFRINGES BRATZ

24  could be relevant to the claims and defenses in this action.  The request is not

25  limited to the subject matter of this action and is thus impermissibly overbroad.  See

26  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

27  request as being overly broad and unduly burdensome on the grounds that it is not

28  limited in time.  MGA further objects to this request on the grounds that the terms

-23-

BRATZ, BRATZ LAWSUITS and INFRINGES render the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121, and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac Larian, and Request Nos. 45 and 123 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

REQUEST FOR PRODUCTION NO. 16:

All demonstrative exhibits filed, submitted, introduced, displayed or used by YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ, BRATZ LAWSUITS and REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* demonstrative exhibits filed, submitted, introduced, displayed or used by MGA in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms BRATZ, BRATZ LAWSUITS and REFER OR RELATE TO render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the term "demonstrative exhibits" as vague and ambiguous. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks tangible items not in MGA's possession, custody or control.

-25-

1   MGA further objects to the request to the extent it seeks confidential, proprietary or

2   commercially sensitive information, the disclosure of which would be inimical to

3   the business interests of MGA.  Such information may also be subject to protective

4   orders governing other litigations thereby precluding disclosure in response to this

5   request.  MGA further objects to the request to the extent it violates the privacy

6   rights of third parties to their private, confidential, proprietary or trade secret

7   information.

8          MGA further objects to this request as cumulative, duplicative, and

9   unduly burdensome to the extent that it seeks documents previously requested by

10  Mattel or produced by MGA in response to Mattel's document requests, including,

11  but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

12  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

13  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

14  Larian.

15

16  REQUEST FOR PRODUCTION NO. 17:

17          All expert reports and expert disclosures filed, submitted or served by

18  YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

19

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

21          MGA incorporates by reference its General Response and General

22  Objections above, as though fully set forth herein and specifically incorporates

23  General Objection No. 15 (regarding Definitions), including without limitation

24  MGA's objection to the definition of the terms BRATZ, BRATZ LAWSUITS and

25  REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks

26  the production of documents that are protected from disclosure under any applicable

27  privilege, doctrine or immunity, including without limitation the attorney-client

28  privilege, the work product doctrine, the right of privacy, and all other privileges

-26-

recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* expert reports and expert disclosures filed, submitted or served by MGA in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ could be relevant to the claims and defenses in this action.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request on the grounds that the terms BRATZ, BRATZ LAWSUITS and REFER OR RELATE TO render the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

        MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

1  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

2  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

3  Larian.

4

5  REQUEST FOR PRODUCTION NO. 18:

6         All subpoenas served in the BRATZ LAWSUITS that REFER OR

7  RELATE TO BRATZ.

8

9  RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

10        MGA incorporates by reference its General Response and General

11  Objections above, as though fully set forth herein and specifically incorporates

12  General Objection No. 15 (regarding Definitions), including without limitation

13  MGA's objection to the definition of the terms BRATZ, BRATZ LAWSUITS and

14  REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks

15  the production of documents that are protected from disclosure under any applicable

16  privilege, doctrine or immunity, including without limitation the attorney-client

17  privilege, the work product doctrine, the right of privacy, and all other privileges

18  recognized under the constitutional, statutory or decisional law of the United States

19  of America, the State of California or any other applicable jurisdiction.  MGA

20  further objects to this request on the grounds that it is overly broad and unduly

21  burdensome in that it seeks documents not relevant to the claims or defenses in this

22  action and not reasonably calculated to lead to the discovery of admissible evidence.

23  Mattel has not demonstrated how *all* subpoenas served in the BRATZ LAWSUITS

24  that REFER OR RELATE TO BRATZ could be relevant to the claims and defenses

25  in this action.  MGA further objects to this request as being overly broad and unduly

26  burdensome on the grounds that it is not limited in time.  MGA further objects to

27  this request on the grounds that the terms BRATZ, BRATZ LAWSUITS and

28  REFER OR RELATE TO render the request vague, ambiguous, overly broad and

-28-

1   unduly burdensome.  MGA further objects to the request to the extent that it seeks

2   documents that by reason of public filing, public distribution or otherwise are

3   already in Mattel's possession or are readily accessible to Mattel.  MGA further

4   objects to the request to the extent that it seeks documents not in MGA's possession,

5   custody or control.  MGA further objects to the request to the extent it seeks

6   confidential, proprietary or commercially sensitive information, the disclosure of

7   which would be inimical to the business interests of MGA.  Such information may

8   also be subject to protective orders governing other litigations thereby precluding

9   disclosure in response to this request.  MGA further objects to the request to the

10  extent it violates the privacy rights of third parties to their private, confidential,

11  proprietary or trade secret information.

12          MGA further objects to this request as cumulative, duplicative, and

13  unduly burdensome to the extent that it seeks documents previously requested by

14  Mattel or produced by MGA in response to Mattel's document requests, including,

15  but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

16  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

17  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

18  Larian.

19

20  REQUEST FOR PRODUCTION NO. 19:

21          All DOCUMENTS produced pursuant to any subpoena in the BRATZ

22  LAWSUITS that REFER OR RELATE TO BRATZ.

23

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

25          MGA incorporates by reference its General Response and General

26  Objections above, as though fully set forth herein and specifically incorporates

27  General Objection No. 15 (regarding Definitions), including without limitation

28  MGA's objection to the definition of the terms BRATZ, BRATZ LAWSUITS and

REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS produced pursuant to any subpoena in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  <u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms BRATZ, BRATZ LAWSUITS and REFER OR RELATE TO render the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

1   MGA further objects to this request as cumulative, duplicative, and

2   unduly burdensome to the extent that it seeks documents previously requested by

3   Mattel or produced by MGA in response to Mattel's document requests, including,

4   but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

5   Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

6   and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

7   Larian.

8

9   REQUEST FOR PRODUCTION NO. 20:

10   All DOCUMENTS produced or made available for inspection by YOU

11   in the BRATZ LAWSUITS.

12

13   RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

14   MGA incorporates by reference its General Response and General

15   Objections above, as though fully set forth herein and specifically incorporates

16   General Objection No. 15 (regarding Definitions), including without limitation

17   MGA's objection to the definition of the term BRATZ LAWSUITS.  MGA further

18   objects to the request to the extent it seeks the production of documents that are

19   protected from disclosure under any applicable privilege, doctrine or immunity,

20   including without limitation the attorney-client privilege, the work product doctrine,

21   the right of privacy, and all other privileges recognized under the constitutional,

22   statutory or decisional law of the United States of America, the State of California

23   or any other applicable jurisdiction.  MGA further objects to this request on the

24   grounds that it is overly broad and unduly burdensome in that it seeks documents

25   not relevant to the claims or defenses in this action and not reasonably calculated to

26   lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

27   DOCUMENTS produced or made available for inspection by MGA in the BRATZ

28   LAWSUITS could be relevant to the claims and defenses in this action.  The request

is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the term BRATZ LAWSUITS renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents requested pursuant to Request No 21 or previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to: Request Nos. 38 and 41 from Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121, and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS produced or made available for inspection by YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

2            MGA incorporates by reference its General Response and General

3   Objections above, as though fully set forth herein and specifically incorporates

4   General Objection No. 15 (regarding Definitions), including without limitation

5   MGA's objection to the definition of the terms BRATZ, BRATZ LAWSUITS and

6   REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks

7   the production of documents that are protected from disclosure under any applicable

8   privilege, doctrine or immunity, including without limitation the attorney-client

9   privilege, the work product doctrine, the right of privacy, and all other privileges

10  recognized under the constitutional, statutory or decisional law of the United States

11  of America, the State of California or any other applicable jurisdiction.  MGA

12  further objects to this request on the grounds that it is overly broad and unduly

13  burdensome in that it seeks documents not relevant to the claims or defenses in this

14  action and not reasonably calculated to lead to the discovery of admissible evidence.

15  Mattel has not demonstrated how *all* DOCUMENTS produced or made available for

16  inspection by MGA in the BRATZ LAWSUITS that REFER OR RELATE TO

17  BRATZ could be relevant to the claims and defenses in this action. This request

18  "would . . . require production of documents that merely mention . . . Bratz but that

19  otherwise have no relevance to the claims and defenses in the suit" and is thus

20  impermissibly overbroad.  See May 22, 2007 at 21:5-7.  MGA further objects to this

21  request as being overly broad and unduly burdensome on the grounds that it is not

22  limited in time.  MGA further objects to this request on the grounds that the terms

23  BRATZ, BRATZ LAWSUITS and REFER OR RELATE TO render the request

24  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to

25  the request to the extent that it seeks documents that by reason of public filing,

26  public distribution or otherwise are already in Mattel's possession or are readily

27  accessible to Mattel.  MGA further objects to the request to the extent that it seeks

28  documents not in MGA's possession, custody or control.  MGA further objects to

-33-

1   the request to the extent it seeks confidential, proprietary or commercially sensitive

2   information, the disclosure of which would be inimical to the business interests of

3   MGA.  Such information may also be subject to protective orders governing other

4   litigations thereby precluding disclosure in response to this request.  MGA further

5   objects to the request to the extent it violates the privacy rights of third parties to

6   their private, confidential, proprietary or trade secret information.

7           MGA further objects to this request as cumulative, duplicative, and

8   unduly burdensome to the extent that it seeks documents requested pursuant to

9   Request No. 20 or previously requested by Mattel or produced by MGA in response

10  to Mattel's document requests, including, but not limited to:  Request Nos. 38 and 41

11  from Mattel's First Set of Requests for Production of Documents and Tangible

12  Things to MGA, and Request Nos. 118, 121, and 123-124 from Mattel's First Set of

13  Requests for Documents and Things to Isaac Larian.

14

15  REQUEST FOR PRODUCTION NO. 22:

16          All DOCUMENTS produced or made available for inspection by YOU

17  in the BRATZ LAWSUITS that REFER OR RELATE TO MGA, including without

18  limitation the finances or financial condition of MGA.

19

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

21          MGA incorporates by reference its General Response and General

22  Objections above, as though fully set forth herein and specifically incorporates

23  General Objection No. 15 (regarding Definitions), including without limitation

24  MGA's objection to the definition of the terms BRATZ LAWSUITS and REFER

25  OR RELATE TO.  MGA further objects to the request to the extent it seeks the

26  production of documents that are protected from disclosure under any applicable

27  privilege, doctrine or immunity, including without limitation the attorney-client

28  privilege, the work product doctrine, the right of privacy, and all other privileges

-34-

recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS produced or made available for inspection by MGA in the BRATZ LAWSUITS that REFER OR RELATE TO MGA could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms BRATZ, BRATZ LAWSUITS and REFER OR RELATE TO render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents requested pursuant to Request No 20 or previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to: Request Nos. 38 and 41

-35-

1  from Mattel's First Set of Requests for Production of Documents and Tangible

2  Things to MGA, and Request Nos. 118, 121, 123-124, and 125 from Mattel's First

3  Set of Requests for Documents and Things to Isaac Larian, and Request Nos. 157

4  and 158-159 from Mattel, Inc.'s First Set of Requests for Documents and Things re

5  Claims of Unfair Competition to MGA Entertainment, Inc.

6

7  REQUEST FOR PRODUCTION NO. 23:

8         All Court orders, decisions and judgments in the BRATZ LAWSUITS.

9

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

11         MGA incorporates by reference its General Response and General

12  Objections above, as though fully set forth herein and specifically incorporates

13  General Objection No. 15 (regarding Definitions), including without limitation

14  MGA's objection to the definition of the term BRATZ LAWSUITS.  MGA further

15  objects to the request to the extent it seeks the production of documents that are

16  protected from disclosure under any applicable privilege, doctrine or immunity,

17  including without limitation the attorney-client privilege, the work product doctrine,

18  the right of privacy, and all other privileges recognized under the constitutional,

19  statutory or decisional law of the United States of America, the State of California

20  or any other applicable jurisdiction.  MGA further objects to this request on the

21  grounds that it is overly broad and unduly burdensome in that it seeks documents

22  not relevant to the claims or defenses in this action and not reasonably calculated to

23  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

24  Court orders, decisions and judgments in the BRATZ LAWSUITS could be relevant

25  to the claims and defenses in this action.  The request is not limited to the subject

26  matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at

27  9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

28  overly broad and unduly burdensome on the grounds that it is not limited in time.

-36-

MGA further objects to this request on the grounds that the term BRATZ LAWSUITS renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121, and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

REQUEST FOR PRODUCTION NO. 24:

All Court orders, decisions and judgments in any THIRD-PARTY LAWSUIT in which YOU have claimed, alleged or stated, in words or substance, that any doll or product sold, offered for sale, manufactured, distributed, promoted or advertised by any PERSON infringes, dilutes or is confusingly similar to BRATZ.

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

1   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 24:</u>

2           MGA incorporates by reference its General Response and General

3   Objections above, as though fully set forth herein and specifically incorporates

4   General Objection No. 15 (regarding Definitions), including without limitation

5   MGA's objection to the definition of the terms BRATZ and THIRD-PARTY

6   LAWSUITS.  MGA further objects to the request to the extent it seeks the

7   production of documents that are protected from disclosure under any applicable

8   privilege, doctrine or immunity, including without limitation the attorney-client

9   privilege, the work product doctrine, the right of privacy, and all other privileges

10  recognized under the constitutional, statutory or decisional law of the United States

11  of America, the State of California or any other applicable jurisdiction.  MGA

12  further objects to this request on the grounds that it is overly broad and unduly

13  burdensome in that it seeks documents not relevant to the claims or defenses in this

14  action and not reasonably calculated to lead to the discovery of admissible evidence.

15  Mattel has not demonstrated how *all* Court orders, decisions and judgment in any

16  THIRD-PARTY LAWSUIT in which MGA claimed, alleged or stated that any doll

17  or product "infringes, dilutes or is confusingly similar to BRATZ" could be relevant

18  to the claims and defenses in this action.  The request is not limited to the subject

19  matter of this action and is thus impermissibly overbroad.  <u>See</u> Aug. 13 Order at

20  9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

21  overly broad and unduly burdensome on the grounds that it is not limited in time or

22  geographical scope.  MGA further objects to this request on the grounds that the

23  terms BRATZ and THIRD-PARTY LAWSUIT render the request vague,

24  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

25  phrase "infringes, dilutes or is confusingly similar" as vague and ambiguous.  MGA

26  further objects to the request to the extent that it seeks documents that by reason of

27  public filing, public distribution or otherwise are already in Mattel's possession or

28  are readily accessible to Mattel.  MGA further objects to the request to the extent

-38-

1   that it seeks documents not in MGA's possession, custody or control.  MGA further

2   objects to the request to the extent it seeks confidential, proprietary or commercially

3   sensitive information, the disclosure of which would be inimical to the business

4   interests of MGA.  Such information may also be subject to protective orders

5   governing other litigations thereby precluding disclosure in response to this request.

6   MGA further objects to the request to the extent it violates the privacy rights of third

7   parties to their private, confidential, proprietary or trade secret information.

8           MGA further objects to this request as cumulative, duplicative, and

9   unduly burdensome to the extent that it seeks documents previously requested by

10  Mattel or produced by MGA in response to Mattel's document requests, including,

11  but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

12  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

13  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

14  Larian, and Request Nos. 45 and 123 from Mattel, Inc.'s First Set of Requests for

15  Documents and Things re Claims of Unfair Competition to MGA

16  Entertainment, Inc.

17

18  REQUEST FOR PRODUCTION NO. 25:

19          To the extent not produced in response to any other Request for

20  Production, all DOCUMENTS in which YOU have claimed, alleged or stated, in

21  words or substance, that any doll, product or other matter sold, offered for sale,

22  manufactured, distributed, promoted or advertised by any PERSON infringes,

23  dilutes or is confusingly similar to BRATZ.

24

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

26          MGA incorporates by reference its General Response and General

27  Objections above, as though fully set forth herein and specifically incorporates

28  General Objection No. 15 (regarding Definitions), including without limitation

-39-

1   MGA's objection to the definition of the term BRATZ.  MGA further objects to the

2   request to the extent it seeks the production of documents that are protected from

3   disclosure under any applicable privilege, doctrine or immunity, including without

4   limitation the attorney-client privilege, the work product doctrine, the right of

5   privacy, and all other privileges recognized under the constitutional, statutory or

6   decisional law of the United States of America, the State of California or any other

7   applicable jurisdiction.  MGA further objects to this request on the grounds that it is

8   overly broad and unduly burdensome in that it seeks documents not relevant to the

9   claims or defenses in this action and not reasonably calculated to lead to the

10  discovery of admissible evidence.  Mattel has not demonstrated how *all*

11  DOCUMENTS in which MGA claimed that any doll product or other matter

12  "infringes, dilutes or is confusingly similar to BRATZ" could be relevant to the

13  claims and defenses in this action.  The request is not limited to the subject matter of

14  this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20;

15  May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad

16  and unduly burdensome on the grounds that it is not limited in time or geographical

17  scope.  MGA further objects to this request on the grounds that the term BRATZ

18  renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA

19  further objects to the phrase "infringes, dilutes or is confusingly similar" as vague

20  and ambiguous.  MGA further objects to the request to the extent that it seeks

21  documents that by reason of public filing, public distribution or otherwise are

22  already in Mattel's possession or are readily accessible to Mattel.  MGA further

23  objects to the request to the extent that it seeks documents not in MGA's possession,

24  custody or control.  MGA further objects to the request to the extent it seeks

25  confidential, proprietary or commercially sensitive information, the disclosure of

26  which would be inimical to the business interests of MGA.  Such information may

27  also be subject to protective orders-governing other litigations thereby precluding

28  disclosure in response to this request.  MGA further objects to the request to the

-40-

1   extent it violates the privacy rights of third parties to their private, confidential,

2   proprietary or trade secret information.

3        MGA further objects to this request as cumulative, duplicative, and

4   unduly burdensome to the extent that it seeks documents previously requested by

5   Mattel or produced by MGA in response to Mattel's document requests, including,

6   but not limited to:  Request Nos. 5-12, 20, 45-47, and 123 from Mattel, Inc.'s First

7   Set of Requests for Documents and Things re Claims of Unfair Competition to

8   MGA Entertainment, Inc., Request Nos. 90 from Mattel's First Set of Requests for

9   Production of Documents and Tangible Things to MGA, and Request Nos. 182 from

10  Mattel's First Set of Requests for Documents and Things to Isaac Larian.

11

12  REQUEST FOR PRODUCTION NO. 26:

13       To the extent not produced in response to any other Request for

14  Production, all DOCUMENTS, including without limitation pleadings, in which

15  YOU have referenced or described YOUR alleged trade dress rights or potential

16  trade dress in BRATZ.

17

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

19       MGA incorporates by reference its General Response and General

20  Objections above, as though fully set forth herein and specifically incorporates

21  General Objection No. 15 (regarding Definitions), including without limitation

22  MGA's objection to the definition of the terms BRATZ.  MGA further objects to the

23  request to the extent it seeks the production of documents that are protected from

24  disclosure under any applicable privilege, doctrine or immunity, including without

25  limitation the attorney-client privilege, the work product doctrine, the right of

26  privacy, and all other privileges recognized under the constitutional, statutory or

27  decisional law of the United States of America, the State of California or any other

28  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

-41-

overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS referencing MGA's alleged or potential trade dress in BRATZ could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  MGA further objects to this request on the grounds that the term BRATZ renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., Request Nos. 90 from Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA, and Request No. 182 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

1    REQUEST FOR PRODUCTION NO. 27:

2              To the extent not produced in response to any other Request for

3    Production, all DOCUMENTS, including without limitation pleadings, in which

4    YOU have referenced or described YOUR alleged copyright rights or potential

5    copyright rights in BRATZ.

6

7    RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

8              MGA incorporates by reference its General Response and General

9    Objections above, as though fully set forth herein and specifically incorporates

10   General Objection No. 15 (regarding Definitions), including without limitation

11   MGA's objection to the definition of the terms BRATZ.  MGA further objects to the

12   request to the extent it seeks the production of documents that are protected from

13   disclosure under any applicable privilege, doctrine or immunity, including without

14   limitation the attorney-client privilege, the work product doctrine, the right of

15   privacy, and all other privileges recognized under the constitutional, statutory or

16   decisional law of the United States of America, the State of California or any other

17   applicable jurisdiction.  MGA further objects to this request on the grounds that it is

18   overly broad and unduly burdensome in that it seeks documents not relevant to the

19   claims or defenses in this action and not reasonably calculated to lead to the

20   discovery of admissible evidence.  Mattel has not demonstrated how *all*

21   DOCUMENTS referencing MGA's alleged or potential copyright rights in BRATZ

22   could be relevant to the claims and defenses in this action.  The request is not

23   limited to the subject matter of this action and is thus impermissibly overbroad.  See

24   Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

25   request as being overly broad and unduly burdensome on the grounds that it is not

26   limited in time or geographical scope.  MGA further objects to this request on the

27   grounds that the term BRATZ renders the request vague, ambiguous, overly broad

28   and unduly burdensome.  MGA further objects to the request to the extent that it

-43-

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

1   seeks documents that by reason of public filing, public distribution or otherwise are

2   already in Mattel's possession or are readily accessible to Mattel.  MGA further

3   objects to the request to the extent that it seeks documents not in MGA's possession,

4   custody or control.  MGA further objects to the request to the extent it seeks

5   confidential, proprietary or commercially sensitive information, the disclosure of

6   which would be inimical to the business interests of MGA.  Such information may

7   also be subject to protective orders governing other litigations thereby precluding

8   disclosure in response to this request.

9        MGA further objects to this request as cumulative, duplicative, and

10  unduly burdensome to the extent that it seeks documents previously requested by

11  Mattel or produced by MGA in response to Mattel's document requests, including,

12  but not limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

13  Requests for Documents and Things re Claims of Unfair Competition to MGA

14  Entertainment, Inc., Request No. 90 from Mattel's First Set of Requests for

15  Production of Documents and Tangible Things to MGA, and Request No. 182 from

16  Mattel's First Set of Requests for Documents and Things to Isaac Larian.

17

18  REQUEST FOR PRODUCTION NO. 28:

19       To the extent not produced in response to any other Request for

20  Production, all DOCUMENTS, including without limitation pleadings, in which

21  YOU have referenced or described YOUR alleged patent rights or potential patent

22  rights in BRATZ.

23

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

25       MGA incorporates by reference its General Response and General

26  Objections above, as though fully set forth herein and specifically incorporates

27  General Objection No. 15 (regarding Definitions), including without limitation

28  MGA's objection to the definition of the terms BRATZ.  MGA further objects to

-44-

the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS referencing MGA's alleged or potential patent rights in BRATZ could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  MGA further objects to this request on the grounds that the term BRATZ renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA

-45-

1   Entertainment, Inc., Request No. 90 from Mattel's First Set of Requests for

2   Production of Documents and Tangible Things to MGA, and Request No. 182 from

3   Mattel's First Set of Requests for Documents and Things to Isaac Larian.

4

5

6   <u>REQUEST FOR PRODUCTION NO. 29:</u>

7            All DOCUMENTS that REFER OR RELATE TO any agreements

8   settling, resolving, compromising or otherwise disposing of the BRATZ

9   LAWSUITS.

10

11  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 29:</u>

12           MGA incorporates by reference its General Response and General

13  Objections above, as though fully set forth herein and specifically incorporates

14  General Objection No. 15 (regarding Definitions), including without limitation

15  MGA's objection to the definition of the terms BRATZ LAWSUITS and REFER

16  OR RELATE TO.  MGA further objects to the request to the extent it seeks the

17  production of documents that are protected from disclosure under any applicable

18  privilege, doctrine or immunity, including without limitation the attorney-client

19  privilege, the work product doctrine, the right of privacy, and all other privileges

20  recognized under the constitutional, statutory or decisional law of the United States

21  of America, the State of California or any other applicable jurisdiction.  MGA

22  further objects to this request on the grounds that it is overly broad and unduly

23  burdensome in that it seeks documents not relevant to the claims or defenses in this

24  action and not reasonably calculated to lead to the discovery of admissible evidence.

25  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO

26  any agreements settling, resolving, compromising or otherwise disposing of the

27  BRATZ LAWSUITS could be relevant to the claims and defenses in this action.

28  The request is not limited to the subject matter of this action and is thus

-46-

1    impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

2    MGA further objects to this request as being overly broad and unduly burdensome

3    on the grounds that it is not limited in time.  MGA further objects to this request on

4    the grounds that the terms BRATZ and REFER OR RELATE TO render the request

5    vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to

6    the phrase "agreements settling, resolving, compromising or otherwise disposing of"

7    as vague and ambiguous.  MGA further objects to the request to the extent that it

8    seeks documents that by reason of public filing, public distribution or otherwise are

9    already in Mattel's possession or are readily accessible to Mattel.  MGA further

10   objects to the request to the extent that it seeks documents not in MGA's possession,

11   custody or control.  MGA further objects to the request to the extent it seeks

12   confidential, proprietary or commercially sensitive information, the disclosure of

13   which would be inimical to the business interests of MGA.  Such information may

14   also be confidential and subject to protective orders governing other litigations or

15   other non-disclosure or confidentiality agreements thereby precluding disclosure in

16   response to this request.  MGA further objects to the request to the extent it violates

17   the privacy rights of third parties to their private, confidential, proprietary or trade

18   secret information.

19            MGA further objects to this request as cumulative, duplicative, and

20   unduly burdensome to the extent that it seeks documents previously requested by

21   Mattel or produced by MGA in response to Mattel's document requests, including,

22   but not limited to:  Request No. 125 from Mattel's First Set of Requests for

23   Production of Documents and Tangible Things to MGA.

24

25   REQUEST FOR PRODUCTION NO. 30:

26            All DOCUMENTS that REFER OR RELATE TO any agreements

27   settling, resolving, compromising or otherwise disposing of any legal proceedings in

28   which YOU have claimed that any product sold, offered for sale, manufactured,

-47-

1  distributed, promoted or advertised by such PERSON infringes, dilutes or is

2  confusingly similar to BRATZ.

3

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

5         MGA incorporates by reference its General Response and General

6  Objections above, as though fully set forth herein and specifically incorporates

7  General Objection No. 15 (regarding Definitions), including without limitation

8  MGA's objection to the definition of the terms BRATZ and REFER OR RELATE

9  TO.  MGA further objects to the request to the extent it seeks the production of

10  documents that are protected from disclosure under any applicable privilege,

11  doctrine or immunity, including without limitation the attorney-client privilege, the

12  work product doctrine, the right of privacy, and all other privileges recognized under

13  the constitutional, statutory or decisional law of the United States of America, the

14  State of California or any other applicable jurisdiction.  MGA further objects to this

15  request on the grounds that it is overly broad and unduly burdensome in that it seeks

16  documents not relevant to the claims or defenses in this action and not reasonably

17  calculated to lead to the discovery of admissible evidence.  Mattel has not

18  demonstrated how *all* DOCUMENTS that REFER OR RELATE TO any

19  agreements settling, resolving, compromising or otherwise disposing of any legal

20  proceedings in which MGA claimed any product "infringes, dilutes or is confusingly

21  similar" to BRATZ could be relevant to the claims and defenses in this action.  The

22  request is not limited to the subject matter of this action and is thus impermissibly

23  overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further

24  objects to this request as being overly broad and unduly burdensome on the grounds

25  that it is not limited in time or geographic scope.  MGA further objects to this

26  request on the grounds that the terms BRATZ and REFER OR RELATE TO render

27  the request vague, ambiguous, overly broad and unduly burdensome.  MGA further

28  objects to the phrases "agreements settling, resolving, compromising or otherwise

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

disposing of" and "infringes, dilutes or is confusingly similar" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations or other non-disclosure or confidentiality agreements thereby precluding disclosure in response to this request.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 45 and 123 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

### B.    Definition of "Bratz Lawsuits"

"BRATZ LAWSUITS" is defined in Mattel's Third Requests as"any legal proceeding of any kind, including without limitation any suit, lawsuit, action, arbitration or customs proceeding, other than this ACTION that REFERS OR RELATES to BRATZ, including without limitation each of the following legal actions and each of their associated proceedings and appeals:

*MGA Entertainment Inc. v. Wai Man International (H.K.) Limited*

*MGA Entertainment inc. v. Sunny Toys Industrial Company Limited*

*MGA Entertainment Inc. and Elliot Rudell trading as Rudell Design v. Wealth Ocean Industrial Limited*

1          *MGA Entertainment Inc. v. Registrar of Companies & Yokon*
2     *International Limited & Wong Tat*

3          *MGA Entertainment Inc. and MGA Entertainment (H.K.) Limited v.*
4     *Double Grand Corporation Limited*

5          *MGA Entertainment Inc. v. Hunglam Toys Company Limited*

6          *MGA Entertainment Inc. v. Union Top (HK) Company Limited*

7          *MGA Entertainment Inc. v. Uni-Fortune Toys Industrial Limited & Fu*
8     *Wei Toys Company Limited*

9          *MGA Entertainment Inc. v. Linwell Industries Limited*

10          *MGA Entertainment Inc. v. Yokon International Limited; Golden City*
11    *Toys Company Limited; Wong Tat*

12          *MGA Entertainment Inc. v. Fu Li Sheng Craft Toy Company Limited*
13    *and Xie Jun Yu trading as Tracy Industrial (H.K.) Company*

14          *Kin Yat Industrial Company Limited v. MGA Entertainment (H.K.)*
15    *Limited*

16          *ABC International Traders doing business as MGA Entertainment v.*
17    *Toys & Trends (Hong Kong) Limited; Cityworld Limited; Jurg Willi Kesselring*

18          *Golden Bright Manufacturer Limited v. MGA Entertainment (HK)*
19    *Limited*

20          *MGA Entertainment (HK) Limited v. Leaves Industries Limited*

21          *Queentex Company Limited v. MGA Entertainment (HK) Limited*

22          *MGA Entertainment (HK) Limited v. Queentex Company Limited*

23          *ABC International Traders doing business as MGA Entertainment v.*
24    *Qualiman Industrial Company Ltd.*

25          *Golden Bright Manufacturer Limited v. Sunlight Electronic Toys*

26          *Larian v. Larian*

27          *MGA Entertainment v. Ubisoft Entertainment S.A.*

28          *MGA Entertainment v. Fun-4-All*

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

1          *McDonald's Corporation v. MGA Entertainment, Inc. f/k/a ABC*

2 *International Traders*

3          *Karen Dudnikov, Michael Meadors v. MGA Entertainment, Inc.*

4          *Art Attacks Ink, LLC v. MGA Entertainment, Inc.*[1]

5

6 **C.**    **<u>Reasons Why Further Responses to Request Nos. 1 Through 30</u>**

7        **<u>Should Be Compelled</u>**

8

9       Request Nos. 1 through 30 seek (a) documents from other Bratz-related

10 lawsuits to which MGA is a party (the "Bratz Lawsuits"), and (b) documents and

11 tangible things related to claims and contentions by MGA that other dolls or

12 products infringe Bratz.  These documents are relevant to key issues in this lawsuit,

13 including the timing of the conception, creation, design and development of Bratz

14 and MGA's purported intellectual property rights in Bratz.  MGA's statements and

15 contentions against other litigants or potential litigants regarding these issues are

16 obviously relevant.  For example, MGA's statements in other Bratz-related lawsuits

17 constitute judicial admissions, and MGA may be estopped from making contentions

18 in this lawsuit contrary to those admissions.

19       The requested information will provide valuable information as to how

20 MGA has interpreted its purported rights over Bratz in the past.  For example,

21 Request Nos. 26 through 28 seek documents in which MGA has referenced or

22 described its alleged trade dress, copyright and patent rights in Bratz.  Mattel is

23 entitled to discover whether MGA's prior descriptions are inconsistent with

24 positions it has taken in this lawsuit.  MGA's refusal to produce any responsive

25 _____

26    [1]  <u>See</u> Mattel, Inc.'s Third Set of Requests for Documents and Things to MGA

27 Entertainment, Inc. (Kidman Dec. Ex. 1), at 6-7.

28

documents is especially unreasonable given that MGA itself previously demanded documents regarding positions Mattel has taken in other legal proceedings as to certain damages issues because "[p]ositions Mattel has taken in previous litigation regarding [these issues] may undercut the positions Mattel is taking in this case and are therefore directly relevant to these damages issue[s]."[2]

Moreover, documents filed and produced in connection with the Bratz Lawsuits are relevant to this lawsuit.  MGA has admitted that the issue of the origins of Bratz has been previously litigated in lawsuits between MGA and alleged infringers and counterfeiters.[3]  The Discovery Master previously ordered MGA to produce sworn statements and transcripts from other Bratz-related lawsuits.[4] Request Nos. 8 through 24, 29 and 30 simply seek additional relevant documents from the Bratz Lawsuits.  These requests are not overbroad.  They are reasonably limited by Mattel's definition of Bratz Lawsuits, and several of the requests are further limited to documents regarding specific subject matters.  See, e.g., Request No. 14 (limiting request to pleadings and other documents filed in Bratz Lawsuits that "compare Bratz to any other doll or product"); Request No. 17 (limiting request to expert reports that refer or relate to Bratz).  These requests also are not unduly burdensome.  Mattel listed approximately twenty-five specific lawsuits to which

---

[2] See MGA's Sixth Set of Requests for the Production of Documents and Things in Case No. 05-2727, dated November 16, 2007 (Kidman Dec. Ex. 6), at 10-11 (Request Nos. 568, 569); Letter from Robert J. Herrington to Jon D. Corey and B. Dylan Proctor, dated January 3, 2008 (Kidman Dec. Ex. 7), at 6.

[3] See MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Production of Documents and Interrogatory Answers, dated February 20, 2007 (Kidman Dec. Ex. 8), at 25.

[4] Discovery Master's Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007 ("May 15, 2007 Discovery Master's Order") (Kidman Dec. Ex. 9), at 10.

MGA is or was a party and that Mattel believes relate to Bratz.  Files from these lawsuits should be easily accessible to MGA.

Request Nos. 1 through 7 and 25 are also reasonably tailored to obtain relevant documents and things.  MGA's claims and contentions that other dolls and products infringe Bratz – and samples of other allegedly infringing products – are relevant to MGA's claims of infringement against Mattel.  Additionally, such information is relevant to rebut defendants' recent contention that the Bratz dolls at issue in this lawsuit are dissimilar to Bryant's Bratz drawings.[5]  Mattel is entitled to discover other dolls and products that MGA has asserted are similar to Bratz to show that Bryant's Bratz drawings are more similar to Bratz than these other accused items.

## II.   MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RELATING TO ANY USE OR CONSIDERED USE OF THE TERM "JADE"

### A.   Requests at Issue (Request No. 31)

REQUEST FOR PRODUCTION NO. 31:

All DOCUMENTS that REFER OR RELATE to any use or considered, proposed or potential use, of the term "Jade" in connection with any MGA doll, product or other matter, including without limitation all trademark search report for "Jade."

---

[5] See, e.g., MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated November 30, 2007 (Kidman Dec. Ex. 10), at 7, 9-12 (MGA's Supplemental Response to Interrogatory No. 42).

RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO any use or considered, proposed or potential use of the term "Jade" in connection with any MGA doll, product or other matter could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope.  MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the term "Jade" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the

-54-

1   extent it seeks confidential, proprietary or commercially sensitive information, the

2   disclosure of which would be inimical to the business interests of MGA.

3          MGA further objects to this request as cumulative, duplicative, and

4   unduly burdensome to the extent that it seeks documents previously requested by

5   Mattel or produced by MGA in response to Mattel's document requests, including,

6   but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests

7   for Documents and Things re Claims of Unfair Competition to MGA

8   Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for

9   Documents and Things to Isaac Larian.

10

11  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

12         MGA incorporates by reference its General Response and General

13  Objections above, as though fully set forth herein and specifically incorporates

14  General Objection No. 15 (regarding Definitions), including without limitation

15  MGA s objection to the definition of the term REFER OR RELATE TO.  MGA

16  further objects to the request to the extent it seeks the production of documents that

17  are protected from disclosure under any applicable privilege, doctrine or immunity,

18  including without limitation the attorney-client privilege, the work product doctrine,

19  the right of privacy, and all other privileges recognized under the constitutional,

20  statutory or decisional law of the United States of America, the State of California

21  or any other applicable jurisdiction.  MGA further objects to this request on the

22  grounds that it is overly broad and unduly burdensome in that it seeks documents

23  not relevant to the claims or defenses in this action and not reasonably calculated to

24  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

25  DOCUMENTS that REFER OR RELATE TO any use or considered, proposed or

26  potential use of the term "Jade " in connection with any MGA doll, product or other

27  matter could be relevant to the claims and defenses in this action.  The request is not

28  limited to the subject matter of this action and is thus impermissibly overbroad.  See

-55-

Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope.  MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the term "Jade " as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

Subject to and without waiving the foregoing objections, MGA will produce, non-privileged documents in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search that were created prior to January 1, 2001 and refer or relate to the use, or considered, proposed or potential use, of the term "Jade" in connection with any MGA doll, product or other matter.

**B.      Reasons Why Further Responses to Request No. 31 Should Be Compelled**

Request No. 31 seeks documents related to the use or considered use of the term "Jade" in connection with any MGA doll or product.  These documents are relevant to the issue of when MGA allegedly developed and created Bratz since one of the original Bratz dolls was named Jade.  MGA acknowledged the relevance of this issue during the meet and confer, but has impermissibly attempted to limit its production to "documents created prior to January 1, 2001."  MGA's limitation is not appropriate since it would permit MGA to withhold relevant documents created after January 1, 2001 even if the documents specifically referenced the use or considered use of the term "Jade" prior to January 1, 2001.  Mattel is, however, willing to limit Request No. 31 to responsive documents that refer or relate to the time period prior to December 31, 2001.

**III.    MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS AND THINGS RELATED TO SANDRA BILOTTO, THE SCULPTOR OF "PRAYER ANGELS"**

**A.      Requests at Issue (Request Nos. 32 through 41)**

REQUEST FOR PRODUCTION NO. 32:

All DOCUMENTS that REFER OR RELATE to when and the circumstances under which Sandra Bilotto first came to YOUR attention.

RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation

-57-

1   MGA's objection to the definition of the term REFER OR RELATE TO.  MGA

2   further objects to the request to the extent it seeks the production of documents that

3   are protected from disclosure under any applicable privilege, doctrine or immunity,

4   including without limitation the attorney-client privilege, the work product doctrine,

5   the right of privacy, and all other privileges recognized under the constitutional,

6   statutory or decisional law of the United States of America, the State of California

7   or any other applicable jurisdiction.  MGA further objects to this request on the

8   grounds that it is overly broad and unduly burdensome in that it seeks documents

9   not relevant to the claims or defenses in this action and not reasonably calculated to

10  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

11  DOCUMENTS that REFER OR RELATE TO when and the circumstances under

12  which Sandra Bilotto first came to MGA's attention could be relevant to the claims

13  and defenses in this action.  The request is not limited to the subject matter of this

14  action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22

15  Order at 21:5-7.  MGA further objects to this request on the grounds that the term

16  REFER OR RELATE TO renders the request vague, ambiguous, overly broad and

17  unduly burdensome.  MGA further objects to the phrase "came to YOUR attention"

18  as vague and ambiguous.  MGA further objects to the request to the extent it seeks

19  confidential, proprietary or commercially sensitive information, the disclosure of

20  which would be inimical to the business interests of MGA.  MGA further objects to

21  this request as cumulative, duplicative, and unduly burdensome to the extent that it

22  seeks documents previously requested by Mattel or produced by MGA in response

23  to Mattel's document requests.

24

25  REQUEST FOR PRODUCTION NO. 33:

26          All DOCUMENTS that REFER OR RELATE to when and the

27  circumstances under which YOU first hired or engaged for any reason Sandra

28  Bilotto.

1    RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

2              MGA incorporates by reference its General Response and General

3    Objections above, as though fully set forth herein and specifically incorporates

4    General Objection No. 15 (regarding Definitions), including without limitation

5    MGA's objection to the definition of the term REFER OR RELATE TO.  MGA

6    further objects to the request to the extent it seeks the production of documents that

7    are protected from disclosure under any applicable privilege, doctrine or immunity,

8    including without limitation the attorney-client privilege, the work product doctrine,

9    the right of privacy, and all other privileges recognized under the constitutional,

10   statutory or decisional law of the United States of America, the State of California

11   or any other applicable jurisdiction.  MGA further objects to this request on the

12   grounds that it is overly broad and unduly burdensome in that it seeks documents

13   not relevant to the claims or defenses in this action and not reasonably calculated to

14   lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

15   DOCUMENTS that REFER OR RELATE TO when and the circumstances under

16   which MGA first hired or engaged for any reason Sandra Bilotto could be relevant

17   to the claims and defenses in this action.  The request is not limited to the subject

18   matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at

19   9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

20   overly broad and unduly burdensome on the grounds that it is not limited in time or

21   geographic scope.  MGA further objects to this request on the grounds that the term

22   REFER OR RELATE TO renders the request vague, ambiguous, overly broad and

23   unduly burdensome.  MGA further objects to the phrase "hired or engaged for any

24   reason" as vague and ambiguous.  MGA further objects to the request to the extent it

25   seeks confidential, proprietary or commercially sensitive information, the disclosure

26   of which would be inimical to the business interests of MGA.  MGA further objects

27   to this request as cumulative, duplicative, and unduly burdensome to the extent that

28

-59-

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

1  it seeks documents previously requested by Mattel or produced by MGA in response

2  to Mattel's document requests.

3

4  REQUEST FOR PRODUCTION NO. 34:

5          All DOCUMENTS that REFER OR RELATE to the work or services

6  that Sandra Bilotto provided to YOU in connection with her first engagement by

7  YOU, including without limitation all invoices relating thereto.

8

9  RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

10          MGA incorporates by reference its General Response and General

11  Objections above, as though fully set forth herein and specifically incorporates

12  General Objection No. 15 (regarding Definitions), including without limitation

13  MGA's objection to the definition of the term REFER OR RELATE TO.  MGA

14  further objects to the request to the extent it seeks the production of documents that

15  are protected from disclosure under any applicable privilege, doctrine or immunity,

16  including without limitation the attorney-client privilege, the work product doctrine,

17  the right of privacy, and all other privileges recognized under the constitutional,

18  statutory or decisional law of the United States of America, the State of California

19  or any other applicable jurisdiction.  MGA further objects to this request on the

20  grounds that it is overly broad and unduly burdensome in that it seeks documents

21  not relevant to the claims or defenses in this action and not reasonably calculated to

22  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

23  DOCUMENTS that REFER OR RELATE TO the work or services that Sandra

24  Bilotto provided to MGA in connection with her first engagement by MGA could be

25  relevant to the claims and defenses in this action.  The request is not limited to the

26  subject matter of this action and is thus impermissibly overbroad.  See Aug. 13

27  Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as

28  being overly broad and unduly burdensome on the grounds that it is not limited in

-60-

1    time or geographic scope.  MGA further objects to this request on the grounds that

2    the term REFER OR RELATE TO renders the request vague, ambiguous, overly

3    broad and unduly burdensome.  MGA further objects to the phrase "work or services

4    that Sandra Bilotto provided to MGA in connection with her first engagement by

5    MGA" as vague and ambiguous.  MGA further objects to the request to the extent it

6    seeks confidential, proprietary or commercially sensitive information, the disclosure

7    of which would be inimical to the business interests of MGA.

8        MGA further objects to this request as cumulative, duplicative, and

9    unduly burdensome to the extent that it seeks documents previously requested by

10   Mattel or produced by MGA in response to Mattel's document requests, including,

11   but not limited to:  Request No. 60 from Mattel, Inc.'s First Set of Requests for

12   Documents and Things re Claims of Unfair Competition to MGA

13   Entertainment, Inc., and Request No. 201 from Mattel's First Set of Requests for

14   Documents and Things to Isaac Larian.

15

16   <u>REQUEST FOR PRODUCTION NO. 35:</u>

17        All DOCUMENTS that REFER OR RELATE to work or services

18   provided by Sandra Bilotto to YOU prior to January 1, 2001.

19

20   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 35:</u>

21        MGA incorporates by reference its General Response and General

22   Objections above, as though fully set forth herein and specifically incorporates

23   General Objection No. 15 (regarding Definitions), including without limitation

24   MGA's objection to the definition of the term REFER OR RELATE TO.  MGA

25   further objects to the request to the extent it seeks the production of documents that

26   are protected from disclosure under any applicable privilege, doctrine or immunity,

27   including without limitation the attorney-client privilege, the work product doctrine,

28   the right of privacy, and all other privileges recognized under the constitutional,

-61-

1   statutory or decisional law of the United States of America, the State of California

2   or any other applicable jurisdiction.  MGA further objects to this request on the

3   grounds that it is overly broad and unduly burdensome in that it seeks documents

4   not relevant to the claims or defenses in this action and not reasonably calculated to

5   lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

6   DOCUMENTS that REFER OR RELATE TO "work or services provided by

7   Sandra Bilotto" to MGA prior to January 1, 2001 could be relevant to the claims and

8   defenses in this action.  The request is not limited to the subject matter of this action

9   and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order

10  at 21:5-7.  MGA further objects to this request on the grounds that the term REFER

11  OR RELATE TO renders the request vague, ambiguous, overly broad and unduly

12  burdensome.  MGA further objects to the phrase "work or services provided by

13  Sandra Bilotto" as vague and ambiguous.  MGA further objects to the request to the

14  extent it seeks confidential, proprietary or commercially sensitive information, the

15  disclosure of which would be inimical to the business interests of MGA.  MGA

16  further objects to the request to the extent it violates the privacy rights of third

17  parties to their private, confidential, proprietary or trade secret information.

18          MGA further objects to this request as cumulative, duplicative, and

19  unduly burdensome to the extent that it seeks documents previously requested by

20  Mattel or produced by MGA in response to Mattel's document requests, including,

21  but not limited to:  Request No. 60 from Mattel, Inc.'s First Set of Requests for

22  Documents and Things re Claims of Unfair Competition to MGA

23  Entertainment, Inc., and Request No. 201 from Mattel's First Set of Requests for

24  Documents and Things to Isaac Larian.

25

26  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

27          MGA incorporates by reference its General Response and General

28  Objections above, as though fully set forth herein and specifically incorporates

-62-

1  General Objection No. 15 (regarding Definitions), including without limitation

2  MGA's objection to the definition of the term REFER OR RELATE TO.  MGA

3  further objects to the request to the extent it seeks the production of documents that

4  are protected from disclosure under any applicable privilege, doctrine or immunity,

5  including without limitation the attorney-client privilege, the work product doctrine,

6  the right of privacy, and all other privileges recognized under the constitutional,

7  statutory or decisional law of the United States of America, the State of California

8  or any other applicable jurisdiction.  MGA further objects to this request on the

9  grounds that it is overly broad and unduly burdensome in that it seeks documents

10 not relevant to the claims or defenses in this action and not reasonably calculated to

11 lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

12 DOCUMENTS that REFER OR RELATE TO "work or services provided by

13 Sandra Bilotto" to MGA prior to January 1, 2001 could be relevant to the claims and

14 defenses in this action.  The request is not limited to the subject matter of this action

15 and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order

16 at 21:5-7.  MGA further objects to this request on the grounds that the term REFER

17 OR RELATE TO renders the request vague, ambiguous, overly broad and unduly

18 burdensome.  MGA further objects to the phrase "work or services provided by

19 Sandra Bilotto " as vague and ambiguous.  MGA further objects to the request to the

20 extent it seeks confidential, proprietary or commercially sensitive information, the

21 disclosure of which would be inimical to the business interests of MGA.  MGA

22 further objects to the request to the extent it violates the privacy rights of third

23 parties to their private, confidential, proprietary or trade secret information.

24         MGA further objects to this request as cumulative, duplicative, and

25 unduly burdensome to the extent that it seeks documents previously requested by

26 Mattel or produced by MGA in response to Mattel's document requests, including,

27 but not limited to:  Request No. 60 from Mattel, Inc.'s First Set of Requests for

28 Documents and Things re Claims of Unfair Competition to MGA

1  Entertainment, Inc., and Request No. 201 from Mattel's First Set of Requests for

2  Documents and Things to Isaac Larian.

3            Subject to and without waiving the foregoing objections, MGA will

4  produce non-privileged documents in its possession, custody or control, if any, that

5  it is able to locate following a reasonably diligent search that refer or relate to work

6  or services provided by Sandra Bilotto on Prayer Angels to MGA prior to January 1,

7  2001.

8

9  REQUEST FOR PRODUCTION NO. 36:

10           All DOCUMENTS that REFER OR RELATE to work or services

11 provided by Sandra Bilotto to MATTEL prior to January 1, 2001.

12

13 RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

14           MGA incorporates by reference its General Response and General

15 Objections above, as though fully set forth herein and specifically incorporates

16 General Objection No. 15 (regarding Definitions), including without limitation

17 MGA's objection to the definition of the term REFER OR RELATE TO.  MGA

18 further objects to the request to the extent it seeks the production of documents that

19 are protected from disclosure under any applicable privilege, doctrine or immunity,

20 including without limitation the attorney-client privilege, the work product doctrine,

21 the right of privacy, and all other privileges recognized under the constitutional,

22 statutory or decisional law of the United States of America, the State of California

23 or any other applicable jurisdiction.  MGA further objects to this request on the

24 grounds that it is overly broad and unduly burdensome in that it seeks documents

25 not relevant to the claims or defenses in this action and not reasonably calculated to

26 lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

27 DOCUMENTS that REFER OR RELATE TO "work or services provided by

28 Sandra Bilotto to MATTEL" could be relevant to the claims and defenses in this

-64-

action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "work or services provided by Sandra Bilotto to MATTEL" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents known to and within the possession, custody and control of Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

REQUEST FOR PRODUCTION NO. 37:

All tangible items, including without limitation all head sculpts, prototypes and models, provided by Sandra Bilotto to YOU prior to January 1, 2001.

RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions).  MGA further objects to the request to the extent it seeks the production of tangible items that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to

the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* tangible items provided by Sandra Bilotto to MGA prior to January 1, 2001 could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request on the grounds that the phrase "all head sculpts, prototypes and models provided by Sandra Bilotto to MGA" is vague and ambiguous.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks items previously requested by Mattel or produced by MGA in response to Mattel's document requests.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions).  MGA further objects to the request to the extent it seeks the production of tangible items that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* tangible items provided by Sandra Bilotto to MGA prior to January 1, 2001 could be relevant

1  to the claims and defenses in this action.  The request is not limited to the subject
2  matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at
3  9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request on the
4  grounds that the phrase "all head sculpts, prototypes and models provided by Sandra
5  Bilotto to MGA" is vague and ambiguous.  MGA further objects to the request to
6  the extent it seeks confidential, proprietary or commercially sensitive information,
7  the disclosure of which would be inimical to the business interests of MGA.  MGA
8  further objects to this request as cumulative, duplicative, and unduly burdensome to
9  the extent that it seeks items previously requested by Mattel or produced by MGA in
10 response to Mattel's document requests.

11         Subject to and without waiving the foregoing objections, MGA will
12 produce non-privileged tangible items provided by Sandra Bilotto to MGA prior to
13 January 1, 2001, relating to Prayer Angels, including head sculpts, prototypes and
14 models in its possession, custody or control, if any, that it is able to locate following
15 a reasonably diligent search.

16

17 REQUEST FOR PRODUCTION NO. 38:

18         All DOCUMENTS that REFER OR RELATE to YOUR knowledge of
19 the work or services provided by Sandra Bilotto to MATTEL prior to January 1,
20 2001, regardless of when such knowledge was acquired.

21

22 RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

23         MGA incorporates by reference its General Response and General
24 Objections above, as though fully set forth herein and specifically incorporates
25 General Objection No. 15 (regarding Definitions), including without limitation
26 MGA's objection to the definition of the term REFER OR RELATE TO.  MGA
27 further objects to the request to the extent it seeks the production of documents that
28 are protected from disclosure under any applicable privilege, doctrine or immunity,

1   including without limitation the attorney-client privilege, the work product doctrine,

2   the right of privacy, and all other privileges recognized under the constitutional,

3   statutory or decisional law of the United States of America, the State of California

4   or any other applicable jurisdiction.  MGA further objects to this request on the

5   grounds that it is overly broad and unduly burdensome in that it seeks documents

6   not relevant to the claims or defenses in this action and not reasonably calculated to

7   lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

8   DOCUMENTS that REFER OR RELATE TO MGA's "knowledge of the work or

9   services provided by Sandra Bilotto to MATTEL" could be relevant to the claims

10  and defenses in this action.  The request is not limited to the subject matter of this

11  action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22

12  Order at 21:5-7.  MGA further objects to this request on the grounds that the term

13  REFER OR RELATE TO renders the request vague, ambiguous, overly broad and

14  unduly burdensome.  MGA further objects to the phrase "knowledge of the work or

15  services provided by Sandra Bilotto to MATTEL" as vague and ambiguous.  MGA

16  further objects to this request as cumulative, duplicative, and unduly burdensome to

17  the extent that it seeks documents previously requested by Mattel or produced by

18  MGA in response to Mattel's document requests.

19

20  REQUEST FOR PRODUCTION NO. 39:

21          All DOCUMENTS that REFER OR RELATE to payments made by

22  YOU to Sandra Bilotto prior to January 1, 2001.

23

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

25          MGA incorporates by reference its General Response and General

26  Objections above, as though fully set forth herein and specifically incorporates

27  General Objection No. 15 (regarding Definitions), including without limitation

28  MGA's objection to the definition of the term REFER OR RELATE TO.  MGA

-68-

1  further objects to the request to the extent it seeks the production of documents that

2  are protected from disclosure under any applicable privilege, doctrine or immunity,

3  including without limitation the attorney-client privilege, the work product doctrine,

4  the right of privacy, and all other privileges recognized under the constitutional,

5  statutory or decisional law of the United States of America, the State of California

6  or any other applicable jurisdiction.  MGA further objects to this request on the

7  grounds that it is overly broad and unduly burdensome in that it seeks documents

8  not relevant to the claims or defenses in this action and not reasonably calculated to

9  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

10  DOCUMENTS that REFER OR RELATE TO payments made by MGA to Sandra

11  Bilotto prior to January 1, 2001 could be relevant to the claims and defenses in this

12  action.  The request is not limited to the subject matter of this action and is thus

13  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

14  MGA further objects to this request on the grounds that the term REFER OR

15  RELATE TO renders the request vague, ambiguous, overly broad and unduly

16  burdensome.  MGA further objects to the request to the extent it seeks confidential,

17  proprietary or commercially sensitive information, the disclosure of which would be

18  inimical to the business interests of MGA.  Such information may also be subject to

19  protective orders governing other litigations thereby precluding disclosure in

20  response to this request.  MGA further objects to the request to the extent it violates

21  the privacy rights of third parties to their private, confidential, proprietary or trade

22  secret information.

23          MGA further objects to this request as cumulative, duplicative, and

24  unduly burdensome to the extent that it seeks documents previously requested by

25  Mattel or produced by MGA in response to Mattel's document requests, including,

26  but not limited to:  Request No. 60 from Mattel, Inc.'s First Set of Requests for

27  Documents and Things re Claims of Unfair Competition to MGA

28

-69-

1   Entertainment, Inc., and Request No. 201 from Mattel's First Set of Requests for

2   Documents and Things to Isaac Larian.

3

4   <u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39</u>:

5           MGA incorporates by reference its General Response and General

6   Objections above, as though fully set forth herein and specifically incorporates

7   General Objection No. 15 (regarding Definitions), including without limitation

8   MGA's objection to the definition of the term REFER OR RELATE TO.  MGA

9   further objects to the request to the extent it seeks the production of documents that

10  are protected from disclosure under any applicable privilege, doctrine or immunity,

11  including without limitation the attorney-client privilege, the work product doctrine,

12  the right of privacy, and all other privileges recognized under the constitutional,

13  statutory or decisional law of the United States of America, the State of California

14  or any other applicable jurisdiction.  MGA further objects to this request on the

15  grounds that it is overly broad and unduly burdensome in that it seeks documents

16  not relevant to the claims or defenses in this action and not reasonably calculated to

17  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

18  DOCUMENTS that REFER OR RELATE TO payments made by MGA to Sandra

19  Bilotto prior to January 1, 2001 could be relevant to the claims and defenses in this

20  action.  The request is not limited to the subject matter of this action and is thus

21  impermissibly overbroad.  <u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

22  MGA further objects to this request on the grounds that the term REFER OR

23  RELATE TO renders the request vague, ambiguous, overly broad and unduly

24  burdensome.  MGA further objects to the request to the extent it seeks confidential,

25  proprietary or commercially sensitive information, the disclosure of which would be

26  inimical to the business interests of MGA.  Such information may also be subject to

27  protective orders governing other litigations thereby precluding disclosure in

28  response to this request.  MGA further objects to the request to the extent it violates

-70-

1  the privacy rights of third parties to their private, confidential, proprietary or trade

2  secret information.

3         MGA further objects to this request as cumulative, duplicative, and

4  unduly burdensome to the extent that it seeks documents previously requested by

5  Mattel or produced by MGA in response to Mattel's document requests, including,

6  but not limited to:  Request No. 60 from Mattel, Inc.'s First Set of Requests for

7  Documents and Things re Claims of Unfair Competition to MGA

8  Entertainment, Inc., and Request No. 201 from Mattel's First Set of Requests for

9  Documents and Things to Isaac Larian.

10        Subject to and without waiving the foregoing objections, MGA will

11  produce non-privileged documents in its possession, custody or control, if any, that

12  it is able to locate following a reasonably diligent search that refer or relate to

13  payments made to Sandra Bilotto for work on Prayer Angels prior to January 1,

14  2001.

15

16  REQUEST FOR PRODUCTION NO. 40:

17        All DOCUMENTS that REFER OR RELATE to payments made by

18  YOU to Sandra Bilotto after January 1, 2001.

19

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

21        MGA incorporates by reference its General Response and General

22  Objections above, as though fully set forth herein and specifically incorporates

23  General Objection No. 15 (regarding Definitions), including without limitation

24  MGA's objection to the definition of the term REFER OR RELATE TO.  MGA

25  further objects to the request to the extent it seeks the production of documents that

26  are protected from disclosure under any applicable privilege, doctrine or immunity,

27  including without limitation the attorney-client privilege, the work product doctrine,

28  the right of privacy, and all other privileges recognized under the constitutional,

-71-

statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO payments made by MGA to Sandra Bilotto after January 1, 2001 could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to: Request No. 60 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 201 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

REQUEST FOR PRODUCTION NO. 41:

All COMMUNICATIONS between Isaac Larian and Sandra Bilotto, including without limitation all such COMMUNICATIONS that REFER OR RELATE TO MATTEL, any MATTEL doll or product, BRYANT or BRATZ.

-72-

RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

   MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ and REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* COMMUNICATIONS between Isaac Larian and Sandra Bilotto could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms BRATZ and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.  MGA further objects to this request as cumulative,

1  duplicative, and unduly burdensome to the extent that it seeks documents previously

2  requested by Mattel or produced by MGA in response to Mattel's document

3  requests.

4

5  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

6          MGA incorporates by reference its General Response and General

7  Objections above, as though fully set forth herein and specifically incorporates

8  General Objection No. 15 (regarding Definitions), including without limitation

9  MGA s objection to the definition of the terms BRATZ and REFER OR RELATE

10  TO.  MGA further objects to the request to the extent it seeks the production of

11  documents that are protected from disclosure under any applicable privilege,

12  doctrine or immunity, including without limitation the attorney-client privilege, the

13  work product doctrine, the right of privacy, and all other privileges recognized under

14  the constitutional, statutory or decisional law of the United States of America, the

15  State of California or any other applicable jurisdiction.  MGA further objects to this

16  request on the grounds that it is overly broad and unduly burdensome in that it seeks

17  documents not relevant to the claims or defenses in this action and not reasonably

18  calculated to lead to the discovery of admissible evidence.  Mattel has not

19  demonstrated how *all* COMMUNICATIONS between Isaac Larian and Sandra

20  Bilotto could be relevant to the claims and defenses in this action.  The request is

21  not limited to the subject matter of this action and is thus impermissibly overbroad.

22  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

23  request as being overly broad and unduly burdensome on the grounds that it is not

24  limited in time.  MGA further objects to this request on the grounds that the terms

25  BRATZ and REFER OR RELATE TO renders the request vague, ambiguous,

26  overly broad and unduly burdensome.  MGA further objects to the request to the

27  extent that it seeks documents not in MGA's possession, custody or control.  MGA

28  further objects to the request to the extent it seeks confidential, proprietary or

commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel s document requests.

Subject to and without waiving the foregoing objections, MGA will produce non-privileged documents in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search that refer or relate, to communications between Isaac Larian and Sandra Bilotto prior to January 1, 2001 that refer and relate to Prayer Angels.

## B.   Reasons Why Further Response to Request Nos. 32 Through 41 Should Be Compelled

Request Nos. 32 through 41 seek documents and things related to Sandra Bilotto, a former Mattel vendor and the sculptor of MGA's "Prayer Angels" dolls.  MGA has placed Ms. Bilotto and Prayer Angels squarely at issue in this lawsuit.  Anna Rhee, one of MGA's vendors, testified that she performed work related to Bratz (described by Bryant as a secret project called "Angel") in the June-October 2000 time frame (when Bryant was still employed by Mattel).[6]  MGA now claims that Ms. Rhee's work during that period related to Prayer Angels, and not Bratz (or Angel).  Documents regarding the timing and nature of Ms. Bilotto's work

---

[6]  See, e.g., Confidential Transcript of Deposition of Anna Rhee, Volume I (February 3, 2005) (Kidman Dec. Ex. 11), at 107:16-108:10, 112:14-113:2.

for MGA and her communications with Isaac Larian regarding Mattel, Bryant and Bratz will provide valuable information regarding the conception, design and development of Prayer Angels and the timing thereof, and whether any of Ms. Bilotto's work for MGA in that time period related to the secret project called Angel. For example, Request Nos. 35 and 37 seek documents and things regarding Ms. Bilotto's work for MGA prior to January 1, 2001.  These requests are reasonably tailored to obtain information regarding Ms. Bilotto's work for MGA (including work on Prayer Angels or Angel) during the relevant time frame.

Discovery regarding Ms. Bilotto's work for MGA is also relevant to Mattel's allegations regarding MGA's access to and theft of Mattel's confidential information and trade secrets.  Ms. Bilotto performed extensive work for Mattel as a vendor.  Documents related to Ms. Bilotto's work for MGA and the timing thereof may provide further evidence of MGA's pattern of recruiting Mattel employees and vendors and inducing them to divulge Mattel's trade secrets.  Request Nos. 36, 38 and 41 are reasonably tailored to obtain documents relevant to these issues, including Ms. Bilotto's communications with Mr. Larian regarding Mattel and Mattel products.

In its supplemental responses, MGA attempts to limit its production to documents and things related to Prayer Angels only.  This limitation is too narrow and would exclude highly relevant documents and things relating to, among other things, Bratz and "Angel."  The requests are already sufficiently limited to a specific individual (Ms. Bilotto) and in many instances, to a specific time period (prior to January 1, 2001).  Further limitation is not warranted.  As described above, Ms. Bilotto's work for MGA related to other projects is relevant to the claims and defenses in this lawsuit.

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

In addition, MGA has refused to produce documents to Request Nos. 36, 38 and 41 based on its late-raised objection that those requests "relate to issues that will be addressed in Phase II of the trial in this action."[7]  As an initial matter, MGA cannot justify its refusal to produce responsive documents on the basis of its "Phase II discovery" objection since it did not raise such an objection in its responses and therefore waived it.  See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).  In any event, MGA cannot justify such an objection.  Judge Larson and the Discovery Master have expressly rejected MGA's attempts to phase discovery in this action.  MGA should be compelled to produce relevant documents and things now, regardless of whether or not MGA believes they relate to Phase II issues.

## IV.   MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RELATING TO COMMUNICATIONS WITH AND PAYMENTS TO PAULA GARCI

### A.   Requests at Issue (Request Nos. 42, 76 and 77)

REQUEST FOR PRODUCTION NO. 42:

All COMMUNICATIONS between Isaac Larian and Paula Garcia, including without limitation all such COMMUNICATIONS that REFER OR RELATE TO MATTEL, any MATTEL doll or product, BRYANT or BRATZ.

---

[7]  See Letter from Andrew Temkin to Scott Kidman and B. Dylan Proctor, dated January 9, 2008 (Kidman Dec. Ex. 5), at 5.

RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ and REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* COMMUNICATIONS between Isaac Larian and Paula Garcia could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms BRATZ and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.

1    MGA further objects to this request as cumulative, duplicative, and

2  unduly burdensome to the extent that it seeks documents previously requested by

3  Mattel or produced by MGA in response to Mattel's document requests, including,

4  but not limited to:  Request No. 168 from Mattel's First Set of Requests for

5  Documents and Things to Isaac Larian.

6

7  REQUEST FOR PRODUCTION NO. 76:

8    All DOCUMENTS that REFER OR RELATE to payments made by

9  YOU to Paula Garcia prior to January 1, 2002.

10

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 76:

12    MGA incorporates by reference its General Response and General

13  Objections above, as though fully set forth herein and specifically incorporates

14  General Objection No. 15 (regarding Definitions), including without limitation

15  MGA's objection to the definition of the term REFER OR RELATE TO.  MGA

16  further objects to the request to the extent it seeks the production of documents that

17  are protected from disclosure under any applicable privilege, doctrine or immunity,

18  including without limitation the attorney-client privilege, the work product doctrine,

19  the right of privacy, and all other privileges recognized under the constitutional,

20  statutory or decisional law of the United States of America, the State of California

21  or any other applicable jurisdiction.  MGA further objects to this request on the

22  grounds that it is overly broad and unduly burdensome in that it seeks documents

23  not relevant to the claims or defenses in this action and not reasonably calculated to

24  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

25  DOCUMENTS that REFER OR RELATE TO payments made by MGA to Paula

26  Garcia prior to January 1, 2002 could be relevant to the claims and defenses in this

27  action.  The request is not limited to the subject matter of this action and is thus

28  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

-79-

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents requested pursuant to Request No. 77 or previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 59, 60, 137 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request Nos. 200 and 201 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

REQUEST FOR PRODUCTION NO. 77:

All DOCUMENTS that REFER OR RELATE to any payments made by YOU to Paula Garcia, including without limitation any and all bonuses and incentive payments made by YOU to Paula Garcia.

RESPONSE TO REQUEST FOR PRODUCTION NO. 77:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein. and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity,

including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO payments made by MGA to Paula Garcia could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents requested pursuant to Request No. 76 or previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 59, 60, 137 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request Nos. 200 and 201 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**B.** **Reasons Why Further Response to Request Nos. 42, 76 and 77 Should Be Compelled**

Request Nos. 42, 76 and 77 seek communications between Isaac Larian and Paula Garcia and documents regarding MGA's payments to Ms. Garcia.  These documents are relevant to a central issue in this case – the timing of the conception, creation, and development of Bratz.  Ms. Garcia was MGA's Bratz project manager. Prior to that, Ms. Garcia was employed by Mattel.  Responsive documents could show that Ms. Garcia was working with MGA or sharing Mattel's confidential information with MGA while she was still employed by Mattel.  The Discovery Master previously ordered Mr. Bryant to produce documents regarding payments and bonuses from MGA and several categories of communications with MGA for this very reason.[8]  During the meet and confer, Mattel agreed to limit Request No. 42 to communications between Mr. Larian and Ms. Garcia relating to Mattel, any Mattel doll or product, Carter Bryant and Bratz,[9] which more than sufficiently limits the subject matter of the request.

These documents are also relevant because Ms. Garcia is a key witness in this lawsuit.  Evidence regarding MGA's payments to Ms. Garcia is relevant to issues of credibility and bias.  The Discovery Master previously ordered MGA to provide testimony regarding its payments to Mr. Larian because "payments . . . may also show possible bias and be used for impeachment purposes."[10]

---

[8]   Discovery Master's Order Granting Mattel's Motion to Compel Production of Documents, dated January 25, 2007 ("January 25, 2007 Discovery Master's Order") (Kidman Dec. Ex. 12), at 13-16.

[9]   Kidman Dec. ¶ 7.

[10]   Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of
(footnote continued)

MGA should be compelled to produce documents responsive to Request Nos. 42, 76 and 77.

## V.   MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RELATING TO THE DEVELOPMENT OF SCOOTER SAMANTHA

### A.   Requests at Issue (Request Nos. 43 Through 55)

REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS that REFER OR RELATE TO when and under what circumstances SCOOTER SAMANTHA was first conceived of, including without limitation all such DOCUMENTS that identify the PERSON who conceived of SCOOTER SAMANTHA.

RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA

Deposition Under Rule 30(b)(6), dated September 25, 2007 (Kidman Dec. Ex. 13), (footnote continued)

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

further objects to this request on the grounds that it is vague and ambiguous in its use of the phrase "first conceived of."  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO when and under what circumstances SCOOTER SAMANTHA was "first conceived of' could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also Magistrate Judge Infante's April 19, 2007 Order ("April 19 Order") at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including,

_____

at 11-12.

but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

REQUEST FOR PRODUCTION NO. 44:

All DOCUMENTS that REFER OR RELATE TO the conception, creation, design, development, sculpting, tooling, production and manufacture of SCOOTER SAMANTHA.

RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to the phrase "conception, creation, design, development, sculpting, tooling, production and manufacture" as vague and ambiguous.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO "the conception, creation, design, development, sculpting, tooling, production and

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

manufacture of SCOOTER SAMANTHA" could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

REQUEST FOR PRODUCTION NO. 45:

A sample of each doll or other product that, whether in whole or in part, has been sold as or under the name SCOOTER SAMANTHA or as part of the SCOOTER SAMANTHA line.

RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term SCOOTER SAMANTHA.  MGA further objects to the request to the extent it seeks the production of tangible items that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how samples of each doll or other product that has been sold under the name SCOOTER SAMANTHA or as part of the SCOOTER SAMANTHA line could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope.  MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

1  MGA's possession, custody or control.  MGA further objects to the request to the

2  extent it seeks confidential, proprietary or commercially sensitive information, the

3  disclosure of which would be inimical to the business interests of MGA.

4          MGA further objects to this request as cumulative, duplicative, and

5  unduly burdensome to the extent that it seeks documents previously requested by

6  Mattel or produced by MGA in response to Mattel's document requests, including,

7  but not limited to:  Request Nos. 184, 185, 215, and 217 from Mattel's First Set of

8  Requests for Documents and Things to Isaac Larian.

9

10  REQUEST FOR PRODUCTION NO. 46:

11          All prototypes, models, samples and tangible items that REFER OR

12  RELATE TO SCOOTER SAMANTHA.

13

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

15          MGA incorporates by reference its General Response and General

16  Objections above, as though fully set forth herein and specifically incorporates

17  General Objection No. 15 (regarding Definitions), including without limitation

18  MGA's objection to the definition of the terms REFER OR RELATE TO

19  SCOOTER SAMANTHA.  MGA further objects to the request to the extent it seeks

20  the production of tangible items that are protected from disclosure under any

21  applicable privilege, doctrine or immunity, including without limitation the

22  attorney-client privilege, the work product doctrine, the right of privacy, and all

23  other privileges recognized under the constitutional, statutory or decisional law of

24  the United States of America, the State of California or any other applicable

25  jurisdiction.  MGA further objects to this request on the grounds that it is overly

26  broad and unduly burdensome in that it seeks tangible items not relevant to the

27  claims or defenses in this action and not reasonably calculated to lead to the

28  discovery of admissible evidence.  Mattel has not demonstrated how *all* prototypes,

-88-

models, samples and tangible items that REFER OR RELATE TO SCOOTER SAMANTHA line could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope.  MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "prototypes, models, samples and tangible items" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

        MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 184, 185, 215, and 217 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

REQUEST FOR PRODUCTION NO. 47:

        All prototypes, models, samples and tangible items that REFER OR RELATE TO SCOOTER SHANNEN.

RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

        MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates

-89-

1   General Objection No. 15 (regarding Definitions), including without limitation

2   MGA's objection to the definition of the terms REFER OR RELATE TO

3   SCOOTER SHANNEN.  MGA further objects to the request to the extent it seeks

4   the production of tangible items that are protected from disclosure under any

5   applicable privilege, doctrine or immunity, including without limitation the

6   attorney-client privilege, the work product doctrine, the right of privacy, and all

7   other privileges recognized under the constitutional, statutory or decisional law of

8   the United States of America, the State of California or any other applicable

9   jurisdiction.  MGA further objects to this request on the grounds that it is overly

10  broad and unduly burdensome in that it seeks tangible items not relevant to the

11  claims or defenses in this action and not reasonably calculated to lead to the

12  discovery of admissible evidence.  Mattel has not demonstrated how *all* prototypes,

13  models, samples and tangible items that REFER OR RELATE TO SAMANTHA

14  SHANNEN line could be relevant to the claims and defenses in this action.  The

15  request is not limited to the subject matter of this action and is thus impermissibly

16  overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19

17  Order at 5:26-7:5 (discovery request overbroad where complaint does not even

18  reference the product).  MGA further objects to this request as being overly broad

19  and unduly burdensome on the grounds that it is not limited in time or geographic

20  scope.  MGA further objects to this request on the grounds that the terms

21  SCOOTER SHANNEN and REFER OR RELATE TO renders the request vague,

22  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

23  phrase "prototypes, models, samples and tangible items" as vague and ambiguous.

24  MGA further objects to the request to the extent that it seeks documents not in

25  MGA's possession, custody or control.  MGA further objects to the request to the

26  extent it seeks confidential, proprietary or commercially sensitive information, the

27  disclosure of which would be inimical to the business interests of MGA.

28

1    MGA further objects to this request as cumulative, duplicative, and

2  unduly burdensome to the extent that it seeks documents previously requested by

3  Mattel or produced by MGA in response to Mattel's document requests, including,

4  but not limited to:  Request Nos. 184-185, 215, and 217 from Mattel's First Set of

5  Requests for Documents and Things to Isaac Larian.

6

7  REQUEST FOR PRODUCTION NO. 48:

8    All DOCUMENTS that REFER OR RELATE TO SCOOTER

9  SAMANTHA as it was first presented to YOU.

10

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

12    MGA incorporates by reference its General Response and General

13  Objections above, as though fully set forth herein and specifically incorporates

14  General Objection No. 15 (regarding Definitions), including without limitation

15  MGA's objection to the definition of the terms SCOOTER SAMANTHA and

16  REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks

17  the production of documents that are protected from disclosure under any applicable

18  privilege, doctrine or immunity, including without limitation the attorney-client

19  privilege, the work product doctrine, the right of privacy, and all other privileges

20  recognized under the constitutional, statutory or decisional law of the United States

21  of America, the State of California or any other applicable jurisdiction.  MGA

22  further objects to this request on the grounds that it is overly broad and unduly

23  burdensome in that it seeks documents not relevant to the claims or defenses in this

24  action and not reasonably calculated to lead to the discovery of admissible evidence.

25  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO

26  SCOOTER SAMANTHA "as it was first presented to" MGA could be relevant to

27  the claims and defenses in this action.  The request is not limited to the subject

28  matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at

-91-

9:17-20; May 22 Order at 21:5-7; <u>see also</u> April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "as it was first presented" as vague and ambiguous. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

REQUEST FOR PRODUCTION NO. 49:

All DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA prior to January 1, 2002.

RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

1  sensitive information, the disclosure of which would be inimical to the business

2  interests of MGA.

3          MGA further objects to this request as cumulative, duplicative, and

4  unduly burdensome to the extent that it seeks documents previously requested by

5  Mattel or produced by MGA in response to Mattel's document requests, including,

6  but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests

7  for Documents and Things re Claims of Unfair Competition to MGA

8  Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for

9  Documents and Things to Isaac Larian.

10

11 REQUEST FOR PRODUCTION NO. 50:

12         All DOCUMENTS that REFER OR RELATE TO SCOOTER

13 SHANNEN and REFER OR RELATE TO the time period prior to January 1, 2002

14 (regardless of when such DOCUMENT was created, drafted, generated, sent,

15 received or transmitted).

16

17 RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

18         MGA incorporates by reference its General Response and General

19 Objections above, as though fully set forth herein and specifically incorporates

20 General Objection No. 15 (regarding Definitions), including without limitation

21 MGA's objection to the definition of the terms SCOOTER SAMANTHA and

22 REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks

23 the production of documents that are protected from disclosure under any applicable

24 privilege, doctrine or immunity, including without limitation the attorney-client

25 privilege, the work product doctrine, the right of privacy, and all other privileges

26 recognized under the constitutional, statutory or decisional law of the United States

27 of America, the State of California or any other applicable jurisdiction.  MGA

28 further objects to this request on the grounds that it is overly broad and unduly

-94-

burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA and REFER OR RELATE to the time period prior to January 1, 2002 could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  <u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; <u>see also</u> April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents responsive to Request No. 49, and previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

1    REQUEST FOR PRODUCTION NO. 51:

2         All DOCUMENTS that REFER OR RELATE TO Paula Garcia's work

3    in connection with or role in SCOOTER SAMANTHA.

4

5    RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

6         MGA incorporates by reference its General Response and General

7    Objections above, as though fully set forth herein and specifically incorporates

8    General Objection No. 15 (regarding Definitions), including without limitation

9    MGA's objection to the definition of the terms SCOOTER SAMANTHA and

10   REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks

11   the production of documents that are protected from disclosure under any applicable

12   privilege, doctrine or immunity, including without limitation the attorney-client

13   privilege, the work product doctrine, the right of privacy, and all other privileges

14   recognized under the constitutional, statutory or decisional law of the United States

15   of America, the State of California or any other applicable jurisdiction.  MGA

16   further objects to this request on the grounds that it is overly broad and unduly

17   burdensome in that it seeks documents not relevant to the claims or defenses in this

18   action and not reasonably calculated to lead to the discovery of admissible evidence.

19   Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO

20   Paula Garcia's work in connection with or role in SCOOTER SAMANTHA could

21   be relevant to the claims and defenses in this action.  The request is not limited to

22   the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13

23   Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5

24   (discovery request overbroad where complaint does not even reference the product).

25   MGA further objects to this request as being overly broad and unduly burdensome

26   on the grounds that it is not limited in time.  MGA further objects to this request on

27   the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO

28   renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA

-96-

1  further objects to the phrase "work in connection with or role in" as vague and

2  ambiguous.  MGA further objects to the request to the extent that it seeks documents

3  not in MGA's possession, custody or control.  MGA further objects to the request to

4  the extent it seeks confidential, proprietary or commercially sensitive information,

5  the disclosure of which would be inimical to the business interests of MGA.

6          MGA further objects to this request as cumulative, duplicative, and

7  unduly burdensome to the extent that it seeks documents previously requested by

8  Mattel or produced by MGA in response to Mattel's document requests, including,

9  but not limited to:  Request No. 168 from Mattel's First Set of Requests for

10  Documents and Things to Isaac Larian.

11

12  REQUEST FOR PRODUCTION NO. 52:

13          All DOCUMENTS that REFER OR RELATE TO Isaac Larian's work

14  in connection with or role in SCOOTER SAMANTHA.

15

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

17          MGA incorporates by reference its General Response and General

18  Objections above, as though fully set forth herein and specifically incorporates

19  General Objection No. 15 (regarding Definitions), including without limitation

20  MGA's objection to the definition of the terms SCOOTER SAMANTHA and

21  REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks

22  the production of documents that are protected from disclosure under any applicable

23  privilege, doctrine or immunity, including without limitation the attorney-client

24  privilege, the work product doctrine, the right of privacy, and all other privileges

25  recognized under the constitutional, statutory or decisional law of the United States

26  of America, the State of California or any other applicable jurisdiction.  MGA

27  further objects to this request on the grounds that it is overly broad and unduly

28  burdensome in that it seeks documents not relevant to the claims or defenses in this

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO Isaac Larian's work in connection with or role in SCOOTER SAMANTHA could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "work in connection with or role in" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

REQUEST FOR PRODUCTION NO. 53:

DOCUMENTS sufficient to show the first manufacture date of each and every SCOOTER SAMANTHA product.

RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation

1  MGA's objection to the definition of the term SCOOTER SAMANTHA.  MGA

2  further objects to the request to the extent it seeks the production of documents that

3  are protected from disclosure under any applicable privilege, doctrine or immunity,

4  including without limitation the attorney-client privilege, the work product doctrine,

5  the right of privacy, and all other privileges recognized under the constitutional,

6  statutory or decisional law of the United States of America, the State of California

7  or any other applicable jurisdiction.  MGA further objects to the phrase "sufficient

8  to show" as vague and ambiguous.  MGA further objects to this request on the

9  grounds that it is overly broad and unduly burdensome in that it seeks documents

10  not relevant to the claims or defenses in this action and not reasonably calculated to

11  lead to the discovery of admissible evidence.  Mattel has not demonstrated how

12  DOCUMENTS "sufficient to show" the first manufacture date of *each and every*

13  SCOOTER SAMANTHA product could be relevant to the claims and defenses in

14  this action.  The request is not limited to the subject matter of this action and is thus

15  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7;

16  see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint

17  does not even reference the product).  MGA further objects to this request on the

18  grounds that the term SCOOTER SAMANTHA renders the request vague,

19  ambiguous, overly broad and unduly burdensome.  MGA further objects to this

20  request as being overly broad and unduly burdensome on the grounds that it is not

21  limited in geographic scope.  MGA further objects to the request to the extent that it

22  seeks documents that by reason of public filing, public distribution or otherwise are

23  already in Mattel's possession or are readily accessible to Mattel.  MGA further

24  objects to the request to the extent that it seeks documents not in MGA's possession,

25  custody or control.  MGA further objects to the request to the extent it seeks

26  confidential, proprietary or commercially sensitive information, the disclosure of

27  which would be inimical to the business interests of MGA.

28

-99-

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

1    MGA further objects to this request as cumulative, duplicative, and

2   unduly burdensome to the extent that it seeks documents previously requested by

3   Mattel or produced by MGA in response to Mattel's document requests, including,

4   but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests

5   for Documents and Things re Claims of Unfair Competition to MGA

6   Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for

7   Documents and Things to Isaac Larian.

8

9   <u>REQUEST FOR PRODUCTION NO. 54:</u>

10    DOCUMENTS sufficient to show the first ship date of each and every

11   SCOOTER SAMANTHA product.

12

13   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 54:</u>

14    MGA incorporates by reference its General Response and General

15   Objections above, as though fully set forth herein and specifically incorporates

16   General Objection No. 15 (regarding Definitions), including without limitation

17   MGA's objection to the definition of the term SCOOTER SAMANTHA.  MGA

18   further objects to the request to the extent it seeks the production of documents that

19   are protected from disclosure under any applicable privilege, doctrine or immunity,

20   including without limitation the attorney-client privilege, the work product doctrine,

21   the right of privacy, and all other privileges recognized under the constitutional,

22   statutory or decisional law of the United States of America, the State of California

23   or any other applicable jurisdiction.  MGA further objects to the phrase "sufficient

24   to show" as vague and ambiguous.  MGA further objects to this request on the

25   grounds that it is overly broad and unduly burdensome in that it seeks documents

26   not relevant to the claims or defenses in this action and not reasonably calculated to

27   lead to the discovery of admissible evidence.  Mattel has not demonstrated how

28   DOCUMENTS "sufficient to show" the first ship date of *each and every* SCOOTER

1   SAMANTHA product could be relevant to the claims and defenses in this action.

2   The request is not limited to the subject matter of this action and is thus

3   impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7;

4   see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint

5   does not even reference the product).  MGA further objects to this request as being

6   overly broad and unduly burdensome on the grounds that it is not limited in

7   geographic scope.  MGA further objects to this request on the grounds that the term

8   SCOOTER SAMANTHA renders the request vague, ambiguous, overly broad and

9   unduly burdensome.  MGA further objects to the request to the extent that it seeks

10  documents that by reason of public filing, public distribution or otherwise are

11  already in Mattel's possession or are readily accessible to Mattel.  MGA further

12  objects to the request to the extent that it seeks documents not in MGA's possession,

13  custody or control.  MGA further objects to the request to the extent it seeks

14  confidential, proprietary or commercially sensitive information, the disclosure of

15  which would be inimical to the business interests of MGA.  Such information may

16  also be subject to protective orders governing other litigations thereby precluding

17  disclosure in response to this request.  MGA further objects to the request to the

18  extent it violates the privacy rights of third parties to their private, confidential,

19  proprietary or trade secret information.

20          MGA further objects to this request as cumulative, duplicative, and

21  unduly burdensome to the extent that it seeks documents previously requested by

22  Mattel or produced by MGA in response to Mattel's document requests, including,

23  but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests

24  for Documents and Things re Claims of Unfair Competition to MGA

25  Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for

26  Documents and Things to Isaac Larian.

27

28

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

1   REQUEST FOR PRODUCTION NO. 55:

2          DOCUMENTS sufficient to show YOUR revenues from SCOOTER

3   SAMANTHA.

4

5   RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

6          MGA incorporates by reference its General Response and General

7   Objections above, as though fully set forth herein and specifically incorporates

8   General Objection No. 15 (regarding Definitions), including without limitation

9   MGA's objection to the definition of the term SCOOTER SAMANTHA.  MGA

10  further objects to the request to the extent it seeks the production of documents that

11  are protected from disclosure under any applicable privilege, doctrine or immunity,

12  including without limitation the attorney-client privilege, the work product doctrine,

13  the right of privacy, and all other privileges recognized under the constitutional,

14  statutory or decisional law of the United States of America, the State of California

15  or any other applicable jurisdiction.  MGA further objects to the phrase "sufficient

16  to show" as vague and ambiguous.  MGA further objects to this request on the

17  grounds that it is overly broad and unduly burdensome in that it seeks documents

18  not relevant to the claims or defenses in this action and not reasonably calculated to

19  lead to the discovery of admissible evidence.  Mattel has not demonstrated how

20  DOCUMENTS "sufficient to show" MGA's revenues from SCOOTER

21  SAMANTHA could be relevant to the claims and defenses in this action.  The

22  request is not limited to the subject matter of this action and is thus impermissibly

23  overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19

24  Order at 5:26-7:5 (discovery request overbroad where complaint does not even

25  reference the product).  MGA further objects to this request as being overly broad

26  and unduly burdensome on the grounds that it is not limited in time or geographic

27  scope.  MGA further objects to this request on the grounds that the term SCOOTER

28  SAMANTHA renders the request vague, ambiguous, overly broad and unduly

-102-

burdensome.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**B.**     **Reasons Why Further Response to Request Nos. 43 Through 55 Should Be Compelled**

Request Nos. 43 through 55 seek documents and things related to the conception, design and development of MGA's Scooter Samantha products.  This information is relevant to Mattel's claim in this lawsuit that MGA has engaged in a pattern of stealing Mattel's trade secrets.  Mattel specifically alleges that Scooter Samantha is the product of MGA's theft of Mattel's Scooter Shannen.[11]  And the Discovery Master previously recognized that "[a]ny proof of trade secret theft is also relevant to Mattel's defenses against MGA's unfair competition claims."[12]  The origins and development of Scooter Samantha are therefore at issue in this lawsuit. Requests 43 through 55 are narrowly tailored to lead to the discovery of admissible

---

[11]   See Mattel's Supplemental Responses to MGA's First Set of Special Interrogatories, dated December 7, 2007 (Kidman Dec. Ex. 14), at 44 (Mattel's Supplemental Response to Special Interrogatory No. 1).

[12]   January 25, 2007 Discovery Master's (Kidman Dec. Ex. 12), at 14.

evidence on that issue.  For example, Request No. 43 seeks documents related to "when and under what circumstances Scooter Samantha was first conceived of," and Request Nos. 53 and 54 seeks documents sufficient to show the first manufacture and ship dates of Scooter Samantha products.

## VI.   MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RELATED TO SCOT REYES AND THE DEVELOPMENT OF SPACE BABES

### A.   Requests at Issue (Request Nos. 56 Through 75)

REQUEST FOR PRODUCTION NO. 56:

All DOCUMENTS that REFER OR RELATE TO when and under what circumstances SPACE BABES was first conceived of, including without limitation all such DOCUMENTS that identify the PERSON who conceived of SPACE BABES.

RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SPACE BABES and REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA

-104-

further objects to the phrase "first conceived of" as vague and ambiguous.  MGA
further objects to this request on the grounds that it is overly broad and unduly
burdensome in that it seeks documents not relevant to the claims or defenses in this
action and not reasonably calculated to lead to the discovery of admissible evidence.
Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO
when and under what circumstances SPACE BABES was first conceived of could
be relevant to the claims and defenses in this action.  The request is not limited to
the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13
Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5
(discovery request overbroad where complaint does not even reference the product).
MGA further objects to this request as being overly broad and unduly burdensome
on the grounds that it is not limited in time.  MGA further objects to this request on
the grounds that the terms SPACE BABES and REFER OR RELATE TO renders
the request vague, ambiguous, overly broad and unduly burdensome.  MGA further
objects to the request to the extent that it seeks documents that by reason of public
filing, public distribution or otherwise are already in Mattel's possession or are
readily accessible to Mattel.  MGA further objects to the request to the extent that it
seeks documents not in MGA's possession, custody or control.  MGA further objects
to the request to the extent it seeks confidential, proprietary or commercially
sensitive information, the disclosure of which would be inimical to the business
interests of MGA.

　　　　　MGA further objects to this request as cumulative, duplicative, and
unduly burdensome to the extent that it seeks documents previously requested by
Mattel or produced by MGA in response to Mattel's document requests, including,
but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests
for Documents and Things re Claims of Unfair Competition to MGA
Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for
Documents and Things to Isaac Larian.

1  REQUEST FOR PRODUCTION NO. 57:

2           All DOCUMENTS that REFER OR RELATE TO the conception,

3  creation, design, development, sculpting, tooling, production and manufacture of

4  SPACE BABES.

5

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

7           MGA incorporates by reference its General Response and General

8  Objections above, as though fully set forth herein and specifically incorporates

9  General Objection No. 15 (regarding Definitions), including without limitation

10 MGA's objection to the definition of the terms SPACE BABES and REFER OR

11 RELATE TO.  MGA further objects to the request to the extent it seeks the

12 production of documents that are protected from disclosure under any applicable

13 privilege, doctrine or immunity, including without limitation the attorney-client

14 privilege, the work product doctrine, the right of privacy, and all other privileges

15 recognized under the constitutional, statutory or decisional law of the United States

16 of America, the State of California or any other applicable jurisdiction.  MGA

17 further objects to this request on the grounds that it is overly broad and unduly

18 burdensome in that it seeks documents not relevant to the claims or defenses in this

19 action and not reasonably calculated to lead to the discovery of admissible evidence.

20 Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO

21 "the conception, creation, design, development, sculpting, tooling, production and

22 manufacture of SPACE BABES" could be relevant to the claims and defenses in this

23 action.  The request is not limited to the subject matter of this action and is thus

24 impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7;

25 see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint

26 does not even reference the product).  MGA further objects to this request as being

27 overly broad and unduly burdensome on the grounds that it is not limited in time.

28 MGA further objects to this request on the grounds that the terms SPACE BABES

-106-

and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "conception, creation, design, development, sculpting, tooling, production and manufacture" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

REQUEST FOR PRODUCTION NO. 58:

A sample of each doll or other product that, whether in whole or in part, has been sold as or under the name SPACE BABES or as part of the SPACE BABES line.

RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term SPACE BABES.  MGA further

objects to the request to the extent it seeks the production of tangible items that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how samples of each doll or other product that has been sold under the name SPACE BABES or as part of the SPACE BABES line could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope.  MGA further objects to this request on the grounds that the terms SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

　　　　MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including,

1  but not limited to:  Request Nos. 184, 185, 215, and 217 from Mattel's First Set of

2  Requests for Documents and Things to Isaac Larian.

3

4  REQUEST FOR PRODUCTION NO. 59:

5            All prototypes, models, samples and tangible items that REFER OR

6  RELATE TO SPACE BABES.

7

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

9            MGA incorporates by reference its General Response and General

10  Objections above, as though fully set forth herein and specifically incorporates

11  General Objection No. 15 (regarding Definitions), including without limitation

12  MGA's objection to the definition of the terms REFER OR RELATE TO SPACE

13  BABES.  MGA further objects to the request to the extent it seeks the production of

14  tangible items that are protected from disclosure under any applicable privilege,

15  doctrine or immunity, including without limitation the attorney-client privilege, the

16  work product doctrine, the right of privacy, and all other privileges recognized under

17  the constitutional, statutory or decisional law of the United States of America, the

18  State of California or any other applicable jurisdiction.  MGA further objects to this

19  request on the grounds that it is overly broad and unduly burdensome in that it seeks

20  tangible items not relevant to the claims or defenses in this action and not

21  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has

22  not demonstrated how *all* prototypes, models, samples and tangible items that

23  REFER OR RELATE TO SPACE BABES line could be relevant to the claims and

24  defenses in this action.  The request is not limited to the subject matter of this action

25  and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order

26  at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where

27  complaint does not even reference the product).  MGA further objects to this request

28  as being overly broad and unduly burdensome on the grounds that it is not limited in

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

time or geographic scope.  MGA further objects to this request on the grounds that the terms SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "prototypes, models, samples and tangible items" as vague and ambiguous. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 184, 185, 215, and 217 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

REQUEST FOR PRODUCTION NO. 60:

All DOCUMENTS that REFER OR RELATE TO SPACE BABES as it was first presented to YOU.

RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SPACE BABES and REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States

of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO SPACE BABES "as it was first presented to" MGA could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request on the grounds that the terms SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the phrase "as it was first presented" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

REQUEST FOR PRODUCTION NO. 61:

All DOCUMENTS that REFER OR RELATE TO SPACE BABES prior to January 1, 2005.

-111-

RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SPACE BABES and REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO SPACE BABES prior to January 1, 2005 could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request on the grounds that the terms SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

1  sensitive information, the disclosure of which would be inimical to the business
2  interests of MGA.

3     MGA further objects to this request as cumulative, duplicative, and
4  unduly burdensome to the extent that it seeks documents previously requested by
5  Mattel or produced by MGA in response to Mattel's document requests, including,
6  but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests
7  for Documents and Things re Claims of Unfair Competition to MGA
8  Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for
9  Documents and Things to Isaac Larian.

10

11  REQUEST FOR PRODUCTION NO. 62:

12     All DOCUMENTS that REFER OR RELATE TO Paula Garcia's work
13  in connection with or role in SPACE BABES.

14

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

16     MGA incorporates by reference its General Response and General
17  Objections above, as though fully set forth herein and specifically incorporates
18  General Objection No. 15 (regarding Definitions), including without limitation
19  MGA's objection to the definition of the terms SPACE BABES and REFER OR
20  RELATE TO.  MGA further objects to the request to the extent it seeks the
21  production of documents that are protected from disclosure under any applicable
22  privilege, doctrine or immunity, including without limitation the attorney-client
23  privilege, the work product doctrine, the right of privacy, and all other privileges
24  recognized under the constitutional, statutory or decisional law of the United States
25  of America, the State of California or any other applicable jurisdiction.  MGA
26  further objects to this request on the grounds that it is overly broad and unduly
27  burdensome in that it seeks documents not relevant to the claims or defenses in this
28  action and not reasonably calculated to lead to the discovery of admissible evidence.

-113-

1  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO
2  Paula Garcia's work in connection with or role in SPACE BABES could be relevant
3  to the claims and defenses in this action.  The request is not limited to the subject
4  matter of this action and is thus impermissibly overbroad.  <u>See</u> Aug. 13 Order at
5  9:17-20; May 22 Order at 21:5-7; <u>see also</u> April 19 Order at 5:26-7:5 (discovery
6  request overbroad where complaint does not even reference the product).  MGA
7  further objects to this request as being overly broad and unduly burdensome on the
8  grounds that it is not limited in time.  MGA further objects to this request on the
9  grounds that the terms SPACE BABES and REFER OR RELATE TO renders the
10  request vague, ambiguous, overly broad and unduly burdensome.  MGA further
11  objects to the phrase "work in connection with or role in" as vague and ambiguous.
12  MGA further objects to the request to the extent that it seeks documents not in
13  MGA's possession, custody or control.  MGA further objects to the request to the
14  extent it seeks confidential, proprietary or commercially sensitive information, the
15  disclosure of which would be inimical to the business interests of MGA.

16        MGA further objects to this request as cumulative, duplicative, and
17  unduly burdensome to the extent that it seeks documents previously requested by
18  Mattel or produced by MGA in response to Mattel's document requests, including,
19  but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests
20  for Documents and Things re Claims of Unfair Competition to MGA
21  Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for
22  Documents and Things to Isaac Larian.

23

24  <u>REQUEST FOR PRODUCTION NO. 63:</u>

25        All DESIGNS conceived of, made, produced or created, whether in
26  whole or in part, by Scot Reyes in connection with SPACE BABES.

27

28

RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms DESIGNS and SPACE BABES. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DESIGNS conceived of, made, produced or created by Scot Reyes in connection with SPACE BABES could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms DESIGN and SPACE BABES render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the phrase "conceived of, made, produced or created" as vague and ambiguous. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially

-115-

1  sensitive information, the disclosure of which would be inimical to the business

2  interests of MGA.

3           MGA further objects to this request as cumulative, duplicative, and

4  unduly burdensome to the extent that it seeks documents previously requested by

5  Mattel or produced by MGA in response to Mattel's document requests, including,

6  but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests

7  for Documents and Things re Claims of Unfair Competition to MGA

8  Entertainment, Inc.

9

10  REQUEST FOR PRODUCTION NO. 64:

11           All DOCUMENTS that REFER OR RELATE TO DESIGNS

12  conceived of, made, produced or created, whether in whole or in part, by Scot Reyes

13  in connection with SPACE BABES.

14

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

16           MGA incorporates by reference its General Response and General

17  Objections above, as though fully set forth herein and specifically incorporates

18  General Objection No. 15 (regarding Definitions), including without limitation

19  MGA's objection to the definition of the terms DESIGN, SPACE BABES and

20  REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks

21  the production of documents that are protected from disclosure under any applicable

22  privilege, doctrine or immunity, including without limitation the attorney-client

23  privilege, the work product doctrine, the right of privacy, and all other privileges

24  recognized under the constitutional, statutory or decisional law of the United States

25  of America, the State of California or any other applicable jurisdiction.  MGA

26  further objects to this request on the grounds that it is overly broad and unduly

27  burdensome in that it seeks documents not relevant to the claims or defenses in this

28  action and not reasonably calculated to lead to the discovery of admissible evidence.

Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO DESIGNS "conceived of, made, produced or created" by Scot Reyes in connection with SPACE BABES could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms DESIGN, SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "conceived of, made, produced or created" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

REQUEST FOR PRODUCTION NO. 65:

All DOCUMENTS that REFER OR RELATE TO Scot Reyes' work in connection with or role in SPACE BABES.

RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SPACE BABES and REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO Scot Reyes' work in connection with or role in SPACE BABES could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the phrase "work in connection with or role in" as vague and ambiguous. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the

1  extent it seeks confidential, proprietary or commercially sensitive information, the

2  disclosure of which would be inimical to the business interests of MGA.

3         MGA further objects to this request as cumulative, duplicative, and

4  unduly burdensome to the extent that it seeks documents previously requested by

5  Mattel or produced by MGA in response to Mattel's document requests, including,

6  but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests

7  for Documents and Things re Claims of Unfair Competition to MGA

8  Entertainment, Inc.

9

10  REQUEST FOR PRODUCTION NO. 66:

11         All actual or proposed contracts and agreements between YOU and

12  Scot Reyes that REFER OR RELATE TO SPACE BABES, including without

13  limitation all drafts thereof.

14

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

16         MGA incorporates by reference its General Response and General

17  Objections above, as though fully set forth herein and specifically incorporates

18  General Objection No. 15 (regarding Definitions), including without limitation

19  MGA' s objection to the definition of the terms SPACE BABES and REFER OR

20  RELATE TO.  MGA further objects to the request to the extent it seeks the

21  production of documents that are protected from disclosure under any applicable

22  privilege, doctrine or immunity, including without limitation the attorney-client

23  privilege, the work product doctrine, the right of privacy, and all other privileges

24  recognized under the constitutional, statutory or decisional law of the United States

25  of America, the State of California or any other applicable jurisdiction.  MGA

26  further objects to this request on the grounds that it is overly broad and unduly

27  burdensome in that it seeks documents not relevant to the claims or defenses in this

28  action and not reasonably calculated to lead to the discovery of admissible evidence.

-119-

1   Mattel has not demonstrated how *all* actual or proposed contracts and agreements

2   between MGA and Scot Reyes that REFER OR RELATE TO SPACE BABES

3   could be relevant to the claims and defenses in this action.  The request is not

4   limited to the subject matter of this action and is thus impermissibly overbroad.  <u>See</u>

5   Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; <u>see also</u> April 19 Order at 5:26-

6   7:5 (discovery request overbroad where complaint does not even reference the

7   product).  MGA further objects to this request as being overly broad and unduly

8   burdensome on the grounds that it is not limited in time.  MGA further objects to

9   this request on the grounds that the terms SPACE BABES and REFER OR

10  RELATE TO renders the request vague, ambiguous, overly broad and unduly

11  burdensome.  MGA further objects to the request to the extent that it seeks

12  documents not in MGA's possession, custody or control.  MGA further objects to

13  the request to the extent it seeks confidential, proprietary or commercially sensitive

14  information, the disclosure of which would be inimical to the business interests of

15  MGA.  MGA further objects to the request to the extent it seeks information the

16  disclosure of which would implicate the rights of third parties to protect private,

17  confidential, proprietary or trade secret information.  MGA further objects to this

18  request as cumulative, duplicative, and unduly burdensome to the extent that it seeks

19  documents previously requested by Mattel or produced by MGA in response to

20  Mattel's document requests.

21

22  <u>REQUEST FOR PRODUCTION NO. 67:</u>

23          All DOCUMENTS that REFER OR RELATE TO payments by YOU

24  to Scot Reyes for or in connection with SPACE BABES.

25

26  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 67:</u>

27          MGA incorporates by reference its General Response and General

28  Objections above, as though fully set forth herein and specifically incorporates

-120-

General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms REFER OR RELATE TO and SPACE BABES.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO payments made by MGA to Scot Reyes in connection with SPACE BABES could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  <u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; <u>see also</u> April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms REFER OR RELATE TO and SPACE BABES render the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

1    MGA further objects to this request as cumulative, duplicative, and

2  unduly burdensome to the extent that it seeks documents requested pursuant to

3  Request No. 68 or previously requested by Mattel or produced by MGA in response

4  to Mattel's document requests.

5

6  REQUEST FOR PRODUCTION NO. 68:

7    All DOCUMENTS that REFER OR RELATE TO payments by YOU

8  to Scot Reyes.

9

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 68:

11    MGA incorporates by reference its General Response and General

12  Objections above, as though fully set forth herein and specifically incorporates

13  General Objection No. 15 (regarding Definitions), including without limitation

14  MGA's objection to the definition of the term REFER OR RELATE TO.  MGA

15  further objects to the request to the extent it seeks the production of documents that

16  are protected from disclosure under any applicable privilege, doctrine or immunity,

17  including without limitation the attorney-client privilege, the work product doctrine,

18  the right of privacy, and all other privileges recognized under the constitutional,

19  statutory or decisional law of the United States of America, the State of California

20  or any other applicable jurisdiction.  MGA further objects to this request on the

21  grounds that it is overly broad and unduly burdensome in that it seeks documents

22  not relevant to the claims or defenses in this action and not reasonably calculated to

23  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

24  DOCUMENTS that REFER OR RELATE TO payments made by MGA to Scot

25  Reyes could be relevant to the claims and defenses in this action.  The request is not

26  limited to the subject matter of this action and is thus impermissibly overbroad.  See

27  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

28  request as being overly broad and unduly burdensome on the grounds that it is not

-122-

1  limited in time.  MGA further objects to this request on the grounds that the term
2  REFER OR RELATE TO renders the request vague, ambiguous, overly broad and
3  unduly burdensome.  MGA further objects to the request to the extent it seeks
4  confidential, proprietary or commercially sensitive information, the disclosure of
5  which would be inimical to the business interests of MGA.  MGA further objects to
6  the request to the extent it violates the privacy rights of third parties to their private,
7  confidential, proprietary or trade secret information.

8         MGA further objects to this request as cumulative, duplicative, and
9  unduly burdensome to the extent that it seeks documents requested pursuant to
10 Request No. 67 or previously requested by Mattel or produced by MGA in response
11 to Mattel's document requests.

12

13 REQUEST FOR PRODUCTION NO. 69:

14        All DOCUMENTS that REFER OR RELATE TO Isaac Larian's work
15 in connection with or role in SPACE BABES.

16

17 RESPONSE TO REQUEST FOR PRODUCTION NO. 69:

18        MGA incorporates by reference its General Response and General
19 Objections above, as though fully set forth herein and specifically incorporates
20 General Objection No. 15 (regarding Definitions), including without limitation
21 MGA's objection to the definition of the terms SPACE BABES and REFER OR
22 RELATE TO.  MGA further objects to the request to the extent it seeks the
23 production of documents that are protected from disclosure under any applicable
24 privilege, doctrine or immunity, including without limitation the attorney-client
25 privilege, the work product doctrine, the right of privacy, and all other privileges
26 recognized under the constitutional, statutory or decisional law of the United States
27 of America, the State of California or any other applicable jurisdiction.  MGA
28 further objects to this request on the grounds that the terms SPACE BABES and

-123-

REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "work in connection with or role in" as vague and ambiguous.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO Isaac Larian's work in connection with or role in SPACE BABES could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

REQUEST FOR PRODUCTION NO. 70:

DOCUMENTS sufficient to show the first manufacture date of each and every SPACE BABES product.

RESPONSE TO REQUEST FOR PRODUCTION NO. 70:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation

1  MGA's objection to the definition of the term SPACE BABES.  MGA further

2  objects to the request to the extent it seeks the production of documents that are

3  protected from disclosure under any applicable privilege, doctrine or immunity,

4  including without limitation the attorney-client privilege, the work product doctrine,

5  the right of privacy, and all other privileges recognized under the constitutional,

6  statutory or decisional law of the United States of America, the State of California

7  or any other applicable jurisdiction.  MGA further objects to the phrase "sufficient

8  to show" as vague and ambiguous.  MGA further objects to this request on the

9  grounds that it is overly broad and unduly burdensome in that it seeks documents

10 not relevant to the claims or defenses in this action and not reasonably calculated to

11 lead to the discovery of admissible evidence.  Mattel has not demonstrated how

12 DOCUMENTS "sufficient to show" the first manufacture date of *each and every*

13 SPACE BABES product could be relevant to the claims and defenses in this action.

14 The request is not limited to the subject matter of this action and is thus

15 impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7;

16 see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint

17 does not even reference the product).  MGA further objects to this request as being

18 overly broad and unduly burdensome on the grounds that it is not limited in time or

19 geographic scope.  MGA further objects to this request on the grounds that the term

20 SPACE BABES renders the request vague, ambiguous, overly broad and unduly

21 burdensome.  MGA further objects to the request to the extent that it seeks

22 documents that by reason of public filing, public distribution or otherwise are

23 already in Mattel's possession or are readily accessible to Mattel.  MGA further

24 objects to the request to the extent that it seeks documents not in MGA's possession,

25 custody or control.  MGA further objects to the request to the extent it seeks

26 confidential, proprietary or commercially sensitive information, the disclosure of

27 which would be inimical to the business interests of MGA.

28

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

1    MGA further objects to this request as cumulative, duplicative, and

2  unduly burdensome to the extent that it seeks documents previously requested by

3  Mattel or produced by MGA in response to Mattel's document requests, including,

4  but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests

5  for Documents and Things re Claims of Unfair Competition to MGA

6  Entertainment, Inc.

7

8  REQUEST FOR PRODUCTION NO. 71:

9    DOCUMENTS sufficient to show the first ship date of each and every

10  SPACE BABES product.

11

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 71:

13    MGA incorporates by reference its General Response and General

14  Objections above, as though fully set forth herein and specifically incorporates

15  General Objection No. 15 (regarding Definitions), including without limitation

16  MGA's objection to the definition of the term SPACE BABES.  MGA further

17  objects to the request to the extent it seeks the production of documents that are

18  protected from disclosure under any applicable privilege, doctrine or immunity,

19  including without limitation the attorney-client privilege, the work product doctrine,

20  the right of privacy, and all other privileges recognized under the constitutional,

21  statutory or decisional law of the United States of America, the State of California

22  or any other applicable jurisdiction.  MGA further objects to the phrase "sufficient

23  to show" as vague and ambiguous.  MGA further objects to this request on the

24  grounds that it is overly broad and unduly burdensome in that it seeks documents

25  not relevant to the claims or defenses in this action and not reasonably calculated to

26  lead to the discovery of admissible evidence.  Mattel has not demonstrated how

27  DOCUMENTS "sufficient to show" the first ship date of *each and every* SPACE

28  BABES product could be relevant to the claims and defenses in this action.  The

-126-

request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope.  MGA further objects to this request on the grounds that the term SPACE BABES renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

REQUEST FOR PRODUCTION NO. 72:

DOCUMENTS sufficient to show YOUR revenues from SPACE BABES.

RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates

-127-

1    General Objection No. 15 (regarding Definitions), including without limitation

2    MGA's objection to the definition of the term SPACE BABES.  MGA further

3    objects to the request to the extent it seeks the production of documents that are

4    protected from disclosure under any applicable privilege, doctrine or immunity,

5    including without limitation the attorney-client privilege, the work product doctrine,

6    the right of privacy, and all other privileges recognized under the constitutional,

7    statutory or decisional law of the United States of America, the State of California

8    or any other applicable jurisdiction.  MGA further objects to the phrase "sufficient

9    to show" as vague and ambiguous.  MGA further objects to this request on the

10   grounds that it is overly broad and unduly burdensome in that it seeks documents

11   not relevant to the claims or defenses in this action and not reasonably calculated to

12   lead to the discovery of admissible evidence.  Mattel has not demonstrated how

13   DOCUMENTS "sufficient to show" MGA's revenues from SPACE BABES could

14   be relevant to the claims and defenses in this action.  The request is not limited to

15   the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13

16   Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5

17   (discovery request overbroad where complaint does not even reference the product).

18   MGA further objects to this request as being overly broad and unduly burdensome

19   on the grounds that it is not limited in time or geographic scope.  MGA further

20   objects to this request on the grounds that the term SPACE BABES renders the

21   request vague, ambiguous, overly broad and unduly burdensome.  MGA further

22   objects to the request to the extent it seeks confidential, proprietary or commercially

23   sensitive information, the disclosure of which would be inimical to the business

24   interests of MGA.  Such information may also be subject to protective orders

25   governing other litigations thereby precluding disclosure in response to this request.

26          MGA further objects to this request as cumulative, duplicative, and

27   unduly burdensome to the extent that it seeks documents previously requested by

28   Mattel or produced by MGA in response to Mattel's document requests, including,

-128-

1  but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests

2  for Documents and Things re Claims of Unfair Competition to MGA

3  Entertainment, Inc.

4

5  REQUEST FOR PRODUCTION NO. 73:

6          All DOCUMENTS that REFER OR RELATE TO any DESIGN

7  offered, submitted, pitched, assigned or transferred by Scot Reyes to YOU, acquired

8  or purchased by, or assigned to, YOU from Scot Reyes, requested or solicited by

9  YOU from Scot Reyes or made, created, produced or conceived of, whether in

10  whole or in party, by Scot Reyes on YOUR behalf.

11

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

13          MGA incorporates by reference its General Response and General

14  Objections above, as though fully set forth herein and specifically incorporates

15  General Objection No. 15 (regarding Definitions), including without limitation

16  MGA's objection to the definition of the terms DESIGN and REFER OR RELATE

17  TO.  MGA further objects to the request to the extent it seeks the production of

18  documents that are protected from disclosure under any applicable privilege,

19  doctrine or immunity, including without limitation the attorney-client privilege, the

20  work product doctrine, the right of privacy, and all other privileges recognized under

21  the constitutional, statutory or decisional law of the United States of America, the

22  State of California or any other applicable jurisdiction.  MGA further objects to this

23  request on the grounds that the terms DESIGN, and REFER OR RELATE TO

24  renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA

25  further objects to the phrase "offered, submitted, pitched, assigned or transferred by

26  Scot Reyes to MGA, acquired or purchased by or assigned to MGA from Scot

27  Reyes, requested or solicited by MGA from Scot Reyes or made, created, produced

28  or conceived of by Scot Reyes" as vague and ambiguous.  MGA further objects to

this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO *any* DESIGN offered, submitted, pitched, assigned or transferred by Scot Reyes to MGA, acquired or purchased by or assigned to MGA from Scot Reyes, requested or solicited by MGA from Scot Reyes or made, created, produced or conceived of by Scot Reyes on behalf of MGA could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

REQUEST FOR PRODUCTION NO. 74:

All COMMUNICATIONS between YOU and Scot Reyes that REFER OR RELATE TO MATTEL or any MATTEL doll or product.

RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that

are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* COMMUNICATIONS between MGA and Scot Reyes that REFER OR RELATE TO MATTEL or any MATTEL doll or product could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 138 and 140 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 116 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

-131-

REQUEST FOR PRODUCTION NO. 75:

All DOCUMENTS that REFER OR RELATE TO MATTEL documents or information provided, shown or otherwise disclosed to YOU by Scot Reyes.

RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO MATTEL documents or information provided, shown or otherwise disclosed, to MGA by Scot Reyes could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase " provided, shown or otherwise

-132-

1  disclosed" as vague and ambiguous.  MGA further objects to the request to the

2  extent that it seeks documents not in MGA's possession, custody or control.  MGA

3  further objects to the request to the extent it seeks confidential, proprietary or

4  commercially sensitive information, the disclosure of which would be inimical to

5  the business interests of MGA.

6         MGA further objects to this request as cumulative, duplicative, and

7  unduly burdensome to the extent that it seeks documents previously requested by

8  Mattel or produced by MGA in response to Mattel's document requests, including,

9  but not limited to:  Request Nos. 116, 198, and 221 from Mattel's First Set of

10  Requests for Documents and Things to Isaac Larian, and Request Nos. 42, 137, 140,

11  and 160 from Mattel, Inc.'s First Set of Requests for Documents and Things re

12  Claims of Unfair Competition to MGA Entertainment, Inc.

13

14  **B.   <u>Reasons Why Further Response to Request Nos. 56 Through 75</u>**

15  **<u>Should Be Compelled</u>**

16

17         Request Nos. 56 through 75 seek documents and things related to the

18  conception, design and development of Space Babes and to Scot Reyes, a former

19  Mattel employee.  This information is relevant for the same reasons as Scooter

20  Samantha because Mattel believes Space Babes is yet another example of MGA's

21  theft of Mattel's trade secrets and confidential information.  In addition, responsive

22  documents and things are relevant to Mattel's allegations that MGA has repeatedly

23  induced Mattel employees to steal Mattel's confidential information and take it to

24  MGA.  Mattel believes (and alleges) that Mr. Reyes was such a Mattel employee.[13]

25

26  _____

27  [13]   <u>See</u> Mattel's Supplemental Responses to MGA's First Set of Special

28  Interrogatories, dated December 7, 2007 (Kidman Dec. Ex. 14), at 92 (indicating
     (footnote continued)

-133-

These issues go to Mattel's defenses to MGA's unfair competition claim, as well as Mattel's RICO claims.  Mr. Reyes' involvement in the conception of Space Babes and his communications with Mr. Larian regarding Mattel and Mattel products are relevant to these claims.

## VII.   MGA SHOULD BE COMPELLED TO PRODUCE PERSONNEL AND VENDOR FILES

### A.   Requests at Issue (Request Nos. 78 Through 88)

REQUEST FOR PRODUCTION NO. 78:

All personnel and vendor files for Maureen Mullen (formerly Chianese).

RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "personnel and vendor files."  MGA further objects to this request on the grounds that it is overly broad and unduly

that Mr. Reyes has knowledge regarding MGA's access to and theft of Mattel trade (footnote continued)

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how all personnel and vendor files for Maureen Mullen could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to: Request Nos. 69 and 143 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without

_____

secrets).

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

1  limitation the attorney-client privilege, the work product doctrine, the right of

2  privacy, and all other privileges recognized under the constitutional, statutory or

3  decisional law of the United States of America, the State of California or any other

4  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

5  vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

6  further objects to this request on the grounds that it is overly broad and unduly

7  burdensome in that it seeks documents not relevant to the claims or defenses in this

8  action and not reasonably calculated to lead to the discovery of admissible evidence.

9  Mattel has not demonstrated how all personnel and vendor files for Maureen Mullen

10  could be relevant to the claims and defenses in this action, let alone established that

11  the relevancy of these documents outweighs the individual s fundamental right of

12  privacy.  The request is not limited to the subject matter of this action and requires

13  disclosure of private, confidential documents that are not relevant to this action, and

14  is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at

15  21:5-7.  MGA further objects to this request as being overly broad and unduly

16  burdensome on the grounds that it is not limited in time.  MGA further objects to the

17  request to the extent it seeks confidential, proprietary or commercially sensitive

18  information, the disclosure of which would be inimical to the business interests of

19  MGA.  MGA further objects to the request to the extent it violates the privacy rights

20  of third parties to their private, confidential, proprietary or trade secret information.

21       MGA further objects to this request as cumulative, duplicative, and

22  unduly burdensome to the extent that it seeks documents previously requested by

23  Mattel or produced by MGA in response to Mattel s document requests, including,

24  but not limited to:  Request Nos. 69 and 143 from Mattel s First Set of Requests for

25  Documents and Things to Isaac Larian.

26       Subject to and without waiving the foregoing objections, MGA will

27  produce non-privileged documents from Maureen Mullen 's (née Chianese)

28  personnel or vendor file that refer or relate to work or services provided by

-136-

1  Ms. Mullen on Bratz prior to January 1, 2001, if any, in its possession, custody or

2  control that it is able to locate following a reasonably diligent search.

3

4  REQUEST FOR PRODUCTION NO. 79:

5          All personnel and vendor files for Scot Reyes.

6

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

8          MGA incorporates by reference its General Response and General

9  Objections above, as though fully set forth herein.  MGA further objects to the

10  request to the extent it seeks the production of documents that are protected from

11  disclosure under any applicable privilege, doctrine or immunity, including without

12  limitation the attorney-client privilege, the work product doctrine, the right of

13  privacy, and all other privileges recognized under the constitutional, statutory or

14  decisional law of the United States of America, the State of California or any other

15  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

16  vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

17  further objects to this request on the grounds that it is overly broad and unduly

18  burdensome in that it seeks documents not relevant to the claims or defenses in this

19  action and not reasonably calculated to lead to the discovery of admissible evidence.

20  Mattel has not demonstrated how *all* personnel and vendor files for Scot Reyes

21  could be relevant to the claims and defenses in this action, let alone established that

22  the relevancy of these documents outweighs the individual's fundamental right of

23  privacy.  the request is not limited to the subject matter of this action and requires

24  disclosure of private, confidential documents that are not relevant to this action, and

25  is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at

26  21:5-7.  MGA further objects to this request as being overly broad and unduly

27  burdensome on the grounds that it is not limited in time.  MGA further objects to the

28  request to the extent it seeks confidential, proprietary or commercially sensitive

-137-

information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "personnel and vendor files."  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* personnel and vendor files for Scot Reyes could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual s fundamental right of privacy.  The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to the

1  request to the extent it seeks confidential, proprietary or commercially sensitive

2  information, the disclosure of which would be inimical to the business interests of

3  MGA.  MGA further objects to the request to the extent it violates the privacy rights

4  of third parties to their private, confidential, proprietary or trade secret information.

5  MGA further objects to this request as cumulative, duplicative, and

6  unduly burdensome to the extent that it seeks documents previously requested by

7  Mattel or produced by MGA in response to Mattel s document requests.

8  Subject to and without waiving the foregoing objections, MGA will

9  produce non-privileged documents from Scot Reyes' personnel or vendor file that

10  refer or relate to work or services provided by Mr. Reyes on Bratz prior to

11  January 1, 2001, if any, in its possession custody or control that it is able to locate

12  following a reasonably diligent search.

13

14  REQUEST FOR PRODUCTION NO. 80:

15  All personnel and vendor files for Sandra Bilotto.

16

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 80:

18  MGA incorporates by reference its General Response and General

19  Objections above, as though fully set forth herein.  MGA further objects to the

20  request to the extent it seeks the production of documents that are protected from

21  disclosure under any applicable privilege, doctrine or immunity, including without

22  limitation the attorney-client privilege, the work product doctrine, the right of

23  privacy, and all other privileges recognized under the constitutional, statutory or

24  decisional law of the United States of America, the State of California or any other

25  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

26  vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

27  further objects to this request on the grounds that it is overly broad and unduly

28  burdensome in that it seeks documents not relevant to the claims or defenses in this

-139-

action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* personnel and vendor files for Sandra Bilotto could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to: Request No. 60 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 201 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 80:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without

-140-

1  limitation the attorney-client privilege, the work product doctrine, the right of

2  privacy, and all other privileges recognized under the constitutional, statutory or

3  decisional law of the United States of America, the State of California or any other

4  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

5  vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

6  further objects to this request on the grounds that it is overly broad and unduly

7  burdensome in that it seeks documents not relevant to the claims or defenses in this

8  action and not reasonably calculated to lead to the discovery of admissible evidence.

9  Mattel has not demonstrated how *all* personnel and vendor files for Sandra Bilotto

10  could be relevant to the claims and defenses in this action, let alone established that

11  the relevancy of these documents outweighs the individual s fundamental right of

12  privacy.  The request is not limited to the subject matter of this action and requires

13  disclosure of private, confidential documents that are not relevant to this action, and

14  is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at

15  21:5-7.  MGA further objects to this request as being overly broad and unduly

16  burdensome on the grounds that it is not limited in time.  MGA further objects to the

17  request to the extent it seeks confidential, proprietary or commercially sensitive

18  information, the disclosure of which would be inimical to the business interests of

19  MGA.  MGA further objects to the request to the extent it violates the privacy rights

20  of third parties to their private, confidential, proprietary or trade secret information.

21  Such information may also be subject to protective orders governing other

22  litigations thereby precluding disclosure in response to this request.

23          MGA further objects to this request as cumulative, duplicative, and

24  unduly burdensome to the extent that it seeks documents previously requested by

25  Mattel or produced by MGA in response to Mattel s document requests, including,

26  but not limited to:  Request No. 60 from Mattel, Inc.'s First Set of Requests for

27  Documents and Things re Claims of Unfair Competition to MGA

28

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

1   Entertainment, Inc., and Request No. 201 from Mattel s First Set of Requests for

2   Documents and Things to Isaac Larian.

3              Subject to and without waiving the foregoing objections, MGA will

4   produce non-privileged documents from Sandra Bilotto's personnel or vendor file

5   that refer or relate to work or services provided by Ms. Bilotto on Bratz prior to

6   January 1, 2001, if any, in its possession, custody or control that it is able to locate

7   following a reasonably diligent search.

8

9   REQUEST FOR PRODUCTION NO. 81:

10             All personnel and vendor files for Steve Linker.

11

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 81:

13             MGA incorporates by reference its General Response and General

14  Objections above, as though fully set forth herein.  MGA further objects to the

15  request to the extent it seeks the production of documents that are protected from

16  disclosure under any applicable privilege, doctrine or immunity, including without

17  limitation the attorney-client privilege, the work product doctrine, the right of

18  privacy, and all other privileges recognized under the constitutional, statutory or

19  decisional law of the United States of America, the State of California or any other

20  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

21  vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

22  further objects to this request on the grounds that it is overly broad and unduly

23  burdensome in that it seeks documents not relevant to the claims or defenses in this

24  action and not reasonably calculated to lead to the discovery of admissible evidence.

25  Mattel has not demonstrated how *all* personnel and vendor files for Steve Linker

26  could be relevant to the claims and defenses in this action, let alone established that

27  the relevancy of these documents outweighs the individual's fundamental right of

28  privacy.  The request is not limited to the subject matter of this action and requires

disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 73, 74, and 96 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 81:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "personnel and vendor files."  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this

action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* personnel and vendor files for Steve Linker could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy.  The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 73, 74, and 96 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

Subject to and without waiving the foregoing objections, MGA will produce non-privileged documents from Steve Linker's personnel or vendor file that refer or relate to work or services provided by Mr. Linker on Bratz prior to January 1, 2001, if any, in its possession, custody or control that it is able to locate following a reasonably diligent search.

REQUEST FOR PRODUCTION NO. 82:

All personnel and vendor files for Veronica Marlow.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 82:</u>

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "personnel and vendor files."  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* personnel and vendor files for Veronica Marlow could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy.  The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad.  <u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.

1    MGA further objects to this request as cumulative, duplicative, and

2  unduly burdensome to the extent that it seeks documents previously requested by

3  Mattel or produced by MGA in response to Mattel's document requests, including,

4  but not limited to:  Request Nos. 9, 16, 17, 72, and 76 from Mattel's First Set of

5  Requests for Production of Documents and Tangible Things to MGA, and Request

6  Nos. 64, 83, 84, 111, 160, 164, and 171 from Mattel's First Set of Requests for

7  Documents and Things to Isaac Larian.

8

9  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

10    MGA incorporates by reference its General Response and General

11  Objections above, as though fully set forth herein.  MGA further objects to the

12  request to the extent it seeks the production of documents that are protected from

13  disclosure under any applicable privilege, doctrine or immunity, including without

14  limitation the attorney-client privilege, the work product doctrine, the right of

15  privacy, and all other privileges recognized under the constitutional, statutory or

16  decisional law of the United States of America, the State of California or any other

17  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

18  vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

19  further objects to this request on the grounds that it is overly broad and unduly

20  burdensome in that it seeks documents not relevant to the claims or defenses in this

21  action and not reasonably calculated to lead to the discovery of admissible evidence.

22  Mattel has not demonstrated how *all* personnel and vendor files for Veronica

23  Marlow could be relevant to the claims and defenses in this action, let alone

24  established that the relevancy of these documents outweighs the individual's

25  fundamental right of privacy.  The request is not limited to the subject matter of this

26  action and requires disclosure of private, confidential documents that are not

27  relevant to this action, and is thus impermissibly overbroad.  See Aug. 13 Order at

28  9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

-146-

1  overly broad and unduly burdensome on the grounds that it is not limited in time.

2  MGA further objects to the request to the extent it seeks confidential, proprietary or

3  commercially sensitive information, the disclosure of which would be inimical to

4  the business interests of MGA.  MGA further objects to the request to the extent it

5  violates the privacy rights of third parties to their private, confidential, proprietary or

6  trade secret information.  Such information may also be subject to protective orders

7  governing other litigations thereby precluding disclosure in response to this request.

8          MGA further objects to this request as cumulative, duplicative, and

9  unduly burdensome to the extent that it seeks documents previously requested by

10  Mattel or produced by MGA in response to Mattel's document requests, including,

11  but not limited to:  Request Nos. 9, 16, 17, 72, and 76 from Mattel's First Set of

12  Requests for Production of Documents and Tangible Things to MGA, and Request

13  Nos. 64, 83, 84, 111, 160, 164, and 171 from Mattel s First Set of Requests for

14  Documents and Things to Isaac Larian.

15          Subject to and without waiving the foregoing objections, MGA will

16  produce non-privileged documents from Veronica Marlow's personnel or vendor

17  file that refer or relate to work or services provided by Ms. Marlow on Bratz prior to

18  January 1, 2001, if any, in its possession, custody or control that it is able to locate

19  following a reasonably diligent search.

20

21  REQUEST FOR PRODUCTION NO. 83:

22          All personnel and vendor files for Peter Marlow.

23

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 83:

25          MGA incorporates by reference its General Response and General

26  Objections above, as though fully set forth herein.  MGA further objects to the

27  request to the extent it seeks the production of documents that are protected from

28  disclosure under any applicable privilege, doctrine or immunity, including without

-147-

limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "personnel and vendor files."  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* personnel and vendor files for Peter Marlow could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy.  The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 83:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "personnel and vendor files." MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* personnel and vendor files for Peter Marlow could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request. MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

Subject to and without waiving the foregoing objections, MGA will produce non-privileged documents from Peter Marlow's personnel or vendor file that refer or relate to work or services provided by Mr. Marlow on Bratz prior to January 1, 2001, if any, in its possession, custody or control that it is able to locate following a reasonably diligent search.

REQUEST FOR PRODUCTION NO. 84:

All personnel and vendor files for Wendy Ragsdale.

RESPONSE TO REQUEST FOR PRODUCTION NO. 84:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the' United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "personnel and vendor files."  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* personnel and vendor files for Wendy Ragsdale could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy.  The request is not limited to the subject matter of this action and requires

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

1  disclosure of private, confidential documents that are not relevant to this action, and

2  is thus impermissibly overbroad.  <u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at

3  21:5-7.  MGA further objects to this request as being overly broad and unduly

4  burdensome on the grounds that it is not limited in time.  MGA further objects to the

5  request to the extent it seeks confidential, proprietary or commercially sensitive

6  information, the disclosure of which would be inimical to the business interests of

7  MGA.  MGA further objects to the request to the extent it violates the privacy rights

8  of third parties to their private, confidential, proprietary or trade secret information.

9  Such information may also be subject to protective orders governing other

10  litigations thereby precluding disclosure in response to this request.

11        MGA further objects to this request as cumulative, duplicative, and

12  unduly burdensome to the extent that it seeks documents previously requested by

13  Mattel or produced by MGA in response to Mattel's document requests, including,

14  but not limited to:  Request Nos. 71, 110, and 144 from Mattel's First Set of

15  Requests for Documents and Things to Isaac Larian.

16

17  <u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 84</u>:

18        MGA incorporates by reference its General Response and General

19  Objections above, as though fully set forth herein.  MGA further objects to the

20  request to the extent it seeks the production of documents that are protected from

21  disclosure under any applicable privilege, doctrine or immunity, including without

22  limitation the attorney-client privilege, the work product doctrine, the right of

23  privacy, and all other privileges recognized under the constitutional, statutory or

24  decisional law of the United States of America, the State of California or any other

25  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

26  vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

27  further objects to this request on the grounds that it is overly broad and unduly

28  burdensome in that it seeks documents not relevant to the claims or defenses in this

1  action and not reasonably calculated to lead to the discovery of admissible evidence.

2  Mattel has not demonstrated how *all* personnel and vendor files for Wendy Ragsdale

3  could be relevant to the claims and defenses in this action, let alone established that

4  the relevancy of these documents outweighs the individual's fundamental right of

5  privacy.  The request is not limited to the subject matter of this action and requires

6  disclosure of private, confidential documents that are not relevant to this action, and

7  is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at

8  21:5-7.  MGA further objects to this request as being overly broad and unduly

9  burdensome on the grounds that it is not limited in time.  MGA further objects to the

10  request to the extent it seeks confidential, proprietary or commercially sensitive

11  information, the disclosure of which would be inimical to the business interests of

12  MGA.  MGA further objects to the request to the extent it violates the privacy rights

13  of third parties to their private, confidential, proprietary or trade secret information.

14  Such information may also be subject to protective orders governing other

15  litigations thereby precluding disclosure in response to this request.

16       MGA further objects to this request as cumulative, duplicative, and

17  unduly burdensome to the extent that it seeks documents previously requested by

18  Mattel or produced by MGA in response to Mattel's document requests, including,

19  but not limited to:  Request Nos. 71, 110, and 144 from Mattel's First Set of

20  Requests for Documents and Things to Isaac Larian.

21       Subject to and without waiving the foregoing objections, MGA will

22  produce non-privileged documents from Wendy Ragsdale's personnel or vendor file

23  that refer or relate to work or services provided by Ms. Ragsdale on Bratz prior to

24  January 1, 2001, if any, in its possession, custody or control that it is able to locate

25  following a reasonably diligent search.

26

27  REQUEST FOR PRODUCTION NO. 85:

28       All personnel and vendor files for Billy Ragsdale.

-152-

RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "personnel and vendor files."  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* personnel and vendor files for Billy Ragsdale could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy.  The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.

1     MGA further objects to this request as cumulative, duplicative, and

2     unduly burdensome to the extent that it seeks documents previously requested by

3     Mattel or produced by MGA in response to Mattel's document requests, including,

4     but not limited to:  Request Nos. 70, 109, and 145 from Mattel's First Set of

5     Requests for Documents and Things to Isaac Larian.

6

7     SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

8     MGA incorporates by reference its General Response and General

9     Objections above, as though fully set forth herein.  MGA further objects to the

10    request to the extent it seeks the production of documents that are protected from

11    disclosure under any applicable privilege, doctrine or immunity, including without

12    limitation the attorney-client privilege, the work product doctrine, the right of

13    privacy, and all other privileges recognized under the constitutional, statutory or

14    decisional law of the United States of America, the State of California or any other

15    applicable jurisdiction.  MGA further objects to this request on the grounds that it is

16    vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

17    further objects to this request on the grounds that it is overly broad and unduly

18    burdensome in that it seeks documents not relevant to the claims or defenses in this

19    action and not reasonably calculated to lead to the discovery of admissible evidence.

20    Mattel has not demonstrated how *all* personnel and vendor files for Billy Ragsdale

21    could be relevant to the claims and defenses in this action, let alone established that

22    the relevancy of these documents outweighs the individual's fundamental right of

23    privacy.  The request is not limited to the subject matter of this action and requires

24    disclosure of private, confidential documents that are not relevant to this action, and

25    is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at

26    21:5-7.  MGA further objects to this request as being overly broad and unduly

27    burdensome on the grounds that it is not limited in time.  MGA further objects to the

28    request to the extent it seeks confidential, proprietary or commercially sensitive

-154-

1   information, the disclosure of which would be inimical to the business interests of

2   MGA.  MGA further objects to the request to the extent it violates the privacy rights

3   of third parties to their private, confidential, proprietary or trade secret information.

4   Such information may also be subject to protective orders governing other

5   litigations thereby precluding disclosure in response to this request.

6           MGA further objects to this request as cumulative, duplicative, and

7   unduly burdensome to the extent that it seeks documents previously requested by

8   Mattel or produced by MGA in response to Mattel's document requests, including,

9   but not limited to:  Request Nos. 70, 109, and 145 from Mattel's First Set of

10   Requests for Documents and Things to Isaac Larian.

11          Subject to and without waiving the foregoing objections, MGA will

12   produce non-privileged documents from Billy Ragsdale's personnel or vendor file

13   that refer or relate to work or services provided by Mr. Ragsdale on Bratz prior to

14   January 1, 2001, if any, in its possession, custody or control that it is able to locate

15   following a reasonably diligent search.

16

17   REQUEST FOR PRODUCTION NO. 86:

18          All personnel and vendor files for Sarah Halpern.

19

20   RESPONSE TO REQUEST FOR PRODUCTION NO. 86:

21          MGA incorporates by reference its General Response and General

22   Objections above, as though fully set forth herein.  MGA further objects to the

23   request to the extent it seeks the production of documents that are protected from

24   disclosure under any applicable privilege, doctrine or immunity, including without

25   limitation the attorney-client privilege, the work product doctrine, the right of

26   privacy, and all other privileges recognized under the constitutional, statutory or

27   decisional law of the United States of America, the State of California or any other

28   applicable jurisdiction.  MGA further objects to this request on the grounds that it is

-155-

vague and ambiguous in its use of the terms "personnel and vendor files."  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* personnel and vendor files for Sarah Halpern could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy.  The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request No. 60 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 86:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.  MGA further objects to the

-156-

1   request to the extent it seeks the production of documents that are protected from

2   disclosure under any applicable privilege, doctrine or immunity, including without

3   limitation the attorney-client privilege, the work product doctrine, the right of

4   privacy, and all other privileges recognized under the constitutional, statutory or

5   decisional law of the United States of America, the State of California or any other

6   applicable jurisdiction.  MGA further objects to this request on the grounds that it is

7   vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

8   further objects to this request on the grounds that it is overly broad and unduly

9   burdensome in that it seeks documents not relevant to the claims or defenses in this

10  action and not reasonably calculated to lead to the discovery of admissible evidence.

11  Mattel has not demonstrated how *all* personnel and vendor files for Sarah Halpern

12  could be relevant to the claims and defenses in this action, let alone established that

13  the relevancy of these documents outweighs the individual's fundamental right of

14  privacy.  The request is not limited to the subject matter of this action and requires

15  disclosure of private, confidential documents that are not relevant to this action, and

16  is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at

17  21:5-7.  MGA further objects to this request as being overly broad and unduly

18  burdensome on the grounds that it is not limited in time.  MGA further objects to the

19  request to the extent it seeks confidential, proprietary or commercially sensitive

20  information, the disclosure of which would be inimical to the business interests of

21  MGA.  MGA further objects to the request to the extent it violates the privacy rights

22  of third parties to their private, confidential, proprietary or trade secret information.

23  Such information may also be subject to protective orders governing other

24  litigations thereby precluding disclosure in response to this request.

25          MGA further objects to this request as cumulative, duplicative, and

26  unduly burdensome to the extent that it seeks documents previously requested by

27  Mattel or produced by MGA in response to Mattel's document requests, including,

28  but not limited to:  Request No. 60 from Mattel, Inc.'s First Set of Requests for

-157-

1  Documents and Things re Claims of Unfair Competition to MGA

2  Entertainment, Inc.

3            Subject to and without waiving the foregoing objections, MGA will

4  produce non-privileged documents from Sarah Halpern's personnel or vendor file

5  that refer or relate to work or services provided by Ms. Halpern on Bratz prior to

6  January 1, 2001, if any, in its possession, custody or control that it is able to locate

7  following a reasonably diligent search.

8

9  REQUEST FOR PRODUCTION NO. 87:

10            To the extent not produced in response to any other Request for

11 Production, all personnel and vendor files for each person identified in Exhibit 664

12 (bearing Bates numbers MGA 0868630-31).

13

14 RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

15            MGA incorporates by reference its General Response and General

16 Objections above, as though fully set forth herein.  MGA further objects to the

17 request to the extent it seeks the production of documents that are protected from

18 disclosure under any applicable privilege, doctrine or immunity, including without

19 limitation the attorney-client privilege, the work product doctrine, the right of

20 privacy, and all other privileges recognized under the constitutional, statutory or

21 decisional law of the United States of America, the State of California or any other

22 applicable jurisdiction.  MGA further objects to this request on the grounds that it is

23 vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

24 further objects to this request on the grounds that it is overly broad and unduly

25 burdensome in that it seeks documents not relevant to the claims or defenses in this

26 action and not reasonably calculated to lead to the discovery of admissible evidence.

27 Mattel has not demonstrated how *all* personnel and vendor files for each person

28 identified in Exhibit 664 could be relevant to the claims and defenses in this action,

-158-

1   let alone established that the relevancy of these documents outweighs the

2   individual's fundamental right of privacy.  MGA further objects to the request as

3   oppressive, unduly burdensome and harassing given the number of individuals listed

4   in Exhibit 664.  The request is not limited to the subject matter of this action and

5   requires disclosure of private, confidential documents that are not relevant to this

6   action, and is thus impermissibly overbroad.  <u>See</u> Aug. 13 Order at 9:17-20; May 22

7   Order at 21:5-7.  MGA further objects to this request as being overly broad and

8   unduly burdensome on the grounds that it is not limited in time.  MGA further

9   objects to the request to the extent it seeks confidential, proprietary or commercially

10  sensitive information, the disclosure of which would be inimical to the business

11  interests of MGA.  MGA further objects to the request to the extent it violates the

12  privacy rights of third parties to their private, confidential, proprietary or trade secret

13  information.  Such information may also be subject to protective orders governing

14  other litigations thereby precluding disclosure in response to this request.  MGA

15  further objects to this request as cumulative, duplicative, and unduly burdensome to

16  the extent that it seeks documents previously requested by Mattel or produced by

17  MGA in response to Mattel's document requests.

18

19  <u>REQUEST FOR PRODUCTION NO. 88:</u>

20        To the extent not produced in response to any other Request for

21  Production, all personnel and vendor files for each person who has worked as an

22  employee of or vendor for YOU and who also has been at any time an employee of

23  or vendor for MATTEL.

24

25  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 88:</u>

26        MGA incorporates by reference its General Response and General

27  Objections above, as though fully set forth herein.  MGA further objects to the

28  request to the extent it seeks the production of documents that are protected from

-159-

1  disclosure under any applicable privilege, doctrine or immunity, including without

2  limitation the attorney-client privilege, the work product doctrine, the right of

3  privacy, and all other privileges recognized under the constitutional, statutory or

4  decisional law of the United States of America, the State of California or any other

5  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

6  vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

7  further objects to this request on the grounds that it is overly broad and unduly

8  burdensome in that it seeks documents not relevant to the claims or defenses in this

9  action and not reasonably calculated to lead to the discovery of admissible evidence.

10 Mattel has not demonstrated how all personnel and vendor files for each person who

11 has worked as an employee of or vendor for MGA and who also has been at any

12 time an employee of or vendor for MATTEL could be relevant to the claims and

13 defenses in this action, let alone established that the relevancy of these documents

14 outweighs the individual's fundamental right of privacy.  MGA further objects to the

15 request as vague and ambiguous, oppressive, unduly burdensome and harassing

16 given the number of individuals who may worked as an employee or vendor for both

17 MGA and Mattel in their lifetime.  The request is not limited to the subject matter of

18 this action and requires disclosure of private, confidential documents that are not

19 relevant to this action, and is thus impermissibly overbroad.  See Aug. 13 Order at

20 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

21 overly broad and unduly burdensome on the grounds that it is not limited in time.

22 MGA further objects to the request to the extent that it seeks documents not in

23 MGA's possession, custody or control.  MGA further objects to the request to the

24 extent it seeks confidential, proprietary or commercially sensitive information, the

25 disclosure of which would be inimical to the business interests of MGA.  MGA

26 further objects to the request to the extent it violates the privacy rights of third

27 parties to their private, confidential, proprietary or trade secret information. Such

28

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

1   information may also be subject to protective orders governing other litigations

2   thereby precluding disclosure in response to this request.

3          MGA further objects to this request as cumulative, duplicative, and

4   unduly burdensome to the extent that it seeks documents previously requested by

5   Mattel or produced by MGA in response to Mattel's document requests, including,

6   but not limited to:  Request Nos. 79-89 from Mattel's First Set of Requests for

7   Production of Documents and Tangible Things to MGA, and Request No. 60 from

8   Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair

9   Competition to MGA Entertainment, Inc., and Request No. 201 from Mattel's First

10  Set of Requests for Documents and Things to Isaac Larian.

11

12      **B.**     **Reasons Why Further Response to Request Nos. 78 Through 88**

13              **Should Be Compelled**

14

15          Request Nos. 78 through 88 seek personnel and vendor files for

16  individuals who were involved in the development of Bratz and/or previously

17  employed by Mattel.  Request Nos. 78 through 86 seek files for Sandra Bilotto,

18  Maureen Mullen, Scot Reyes, Steve Linker, Veronica Marlow, Peter Marlow,

19  Wendy Ragsdale, Billy Ragsdale and Sarah Halpern.  These individuals were

20  involved in the development of Bratz or Prayer Angels, or other alleged trade secret

21  thefts by MGA (e.g., Mr. Reyes).  Mattel has identified almost all of these

22  individuals in discovery as having knowledge regarding the conception, creation and

23  development of Bratz and the timing thereof and/or MGA's access to and/or theft of

24  Mattel's intellectual property and trade secrets.[14]

25  _____

26      [14]   See Mattel's Supplemental Responses to MGA's First Set of Special

27  Interrogatories, dated December 7, 2007 (Kidman Dec. Ex. 14), at 67-69, 71-73, 79,
    92 (Mattel's Supplemental Response to Special Interrogatory No. 2).

28

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

1   MGA's personnel and vendor files for these individuals will
2   undoubtedly contain documents relevant to the conception, design and development
3   of Bratz and the timing thereof.  The Discovery Master previously ordered MGA to
4   produce personnel files for that very reason.[15]  MGA acknowledged the relevance of
5   this information when it previously agreed to produce personnel and vendor files for
6   other individuals involved in the development of Bratz.[16]

7   In its supplemental responses to Request Nos. 78 through 86, MGA
8   attempts to limit its production from these personnel and vendor files to documents
9   that refer or relate to work on Bratz prior to January 1, 2001 only.  This limitation is
10  too narrow and would exclude highly relevant documents and things relating to,
11  among other things, Prayer Angels, "Angel" and other alleged trade secret thefts
12  The requests are already sufficiently limited to specific named individuals.

13  Moreover, with respect to individuals who worked for Mattel prior to
14  working for MGA (e.g., Request No. 87 and 88), personnel files may provide
15  information relevant to Mattel's allegations that MGA has engaged in a pattern of
16  stealing Mattel's trade secrets and confidential information by targeting and
17  recruiting current and former Mattel employees.  This goes to the unfair competition
18  claims in this action, as well as Mattel's RICO claims.

19  MGA cannot justify its refusal to produce documents responsive to
20  Request Nos. 87 and 88 based on its late-raised objection that they relate to Phase II
21  issues and should be deferred.  Discovery in this lawsuit has not been phased, and
22  Judge Larson and the Discovery Master have ordered that relevant discovery go

23  _____

24  [15]  See May 15, 2007 Discovery Master's Order (Kidman Dec. Ex. 9), at 9, 11,
25  n.4 ("[Isaac Larian's] personnel file may have documents relevant to Bratz, and
    therefore should be produced.").

26  [16]  See MGA Entertainment Inc.'s Responses to Mattel, Inc.'s First Set of
27  Requests for Production of Documents and Tangible Things, dated April 13, 2005
    (Kidman Dec. Ex. 15) at 71-78.

28

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL

1  forward now.  Moreover, MGA should not be permitted to withhold responsive

2  personnel and vendor files based upon privacy or confidentiality issues.  As

3  recognized by the Discovery Master when granting Mattel's motion to compel Mr.

4  Larian's personnel file, the Protective Order in this action is sufficient to alleviate

5  such concerns.[17]  MGA should be compelled to produce responsive personnel and

6  vendor files.

7

8  DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
9

10

11                                    By  \s\
                                          Scott B. Kidman
12                                        Attorneys for Mattel, Inc

13

14

15

16

17

18

19

20

21

22

23

24

25

26  _____

27      [17]  See May 15, 2007 Discovery Master's Order (Kidman Dec. Ex. 9), at 11, n.4.

28

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL