QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard by Discovery Master Hon. Edward Infante (Ret.) Pursuant to the Court's Order of December 6, 2006]**<br><br>[PUBLIC REDACTED] DECLARATION OF SCOTT B. KIDMAN IN SUPPORT OF MATTEL, INC.'S  MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC. AND FOR AWARD OF MONETARY SANCTIONS<br><br>Date:   TBA<br>Time:   TBA<br>Place:  Telephonic<br><br>Discovery Cut-Off: January 28, 2008 |

1    I, Scott B. Kidman, declare as follows:

2    1.    I am a member of the bar of the State of California and a partner

3    at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc.

4    ("Mattel").  I make this declaration of personal, firsthand knowledge and, if called

5    and sworn as a witness, I could and would testify competently thereto.

6    2.    Attached as Exhibit 1 is a true and correct copy of Mattel, Inc.'s

7    Third Set of Requests for Documents and Things to MGA Entertainment, Inc. (the

8    "Third Requests"), dated October 24, 2007.

9    3.    Attached as Exhibit 2 is a true and correct copy of MGA

10   Entertainment, Inc.'s Objections and Responses to Mattel, Inc.'s Third Set of

11   Requests for Production of Documents and Things, dated November 26, 2007.

12   4.    Attached as Exhibit 3 is a true and correct copy of a letter from

13   me to Thomas Nolan and Timothy Miller, counsel for MGA, dated December 13,

14   2007.  In the letter, I outlined deficiencies in MGA's responses to Mattel's Third

15   Requests and requested a meet and confer regarding MGA's responses.

16   5.    I met and conferred regarding MGA's responses with Andrew

17   Temkin, counsel for MGA, on December 24, 2007 and January 7, 2008.  I am

18   informed that my colleague, B. Dylan Proctor, also met and conferred with Mr.

19   Temkin on December 31, 2007.  Mr. Temkin and I discussed the fact that MGA had

20   not agreed to produce any documents in response to Mattel's Third Requests.  We

21   also discussed MGA's General Objections and Specific Objections to the Third

22   Requests.  MGA declined to withdraw any of its objections during the meet and

23   confer process.

24   6.    Mr. Temkin indicated that three of the cases included in Mattel's

25   definition of "Bratz Lawsuits" did not involve Bratz products.  (These cases

26   included the cases involving Kin Yat Industrial Company Limited, Golden Bright

27   Manufacturer Limited and Wealth Ocean Industrial Limited.)  Mattel agreed to

28

1  exclude these three lawsuits from the definition, but MGA still would not agree to

2  produce any documents responsive to requests seeking documents from the Bratz

3  Lawsuits.

4         7.     With respect to Request No. 42 (which seeks "Communications

5  between Isaac Larian and Paula Garcia"), Mattel agreed to limit its request to

6  communications relating to "Mattel, any Mattel doll or product, Bryant or Bratz."

7  MGA refused to respond to the request as narrowed.

8         8.     Mr. Temkin informed me that it is MGA's position that certain of

9  the Third Requests are duplicative because MGA has already produced some

10  responsive documents.  I pointed out that just because MGA may have produced

11  some responsive documents does not prejudice Mattel's right to seek all responsive

12  documents.  Mr. Temkin did not represent that MGA had produced all responsive

13  documents.

14         9.     During the meet and confer process, Mr. Temkin raised an

15  additional objection to certain of the Third Requests, indicating that it is MGA's

16  position that certain Requests relate to Phase II issues and should be deferred to a

17  later date.  I pointed out that Judge Larson and the Discovery Master had declined to

18  phase discovery in this lawsuit, but MGA maintained this position.

19        10.    I understand that MGA has been taking discovery related to

20  Phase II issues throughout the last several months, including depositions this month

21  that were focused on MGA's claims against Mattel (which will be tried in Phase II).

22  This included depositions of Tim Kilpin, a Mattel senior vice president, and Jean

23  Gomez, a Mattel marketing director.  It is my understanding that these individuals

24  were not employed by Mattel when Bratz originally was created by Mr. Bryant.

25        11.    Although Mr. Temkin indicated that MGA would agree to

26  supplement its responses to some requests, MGA subsequently attempted to limit its

27

28

DECLARATION OF SCOTT B. KIDMAN IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL

1   supplemental responses in a manner that was not acceptable to Mattel.  The parties

2   were not able to resolve any of the issues raised in this motion.

3          12.    On January 9, 2008, MGA served supplemental responses to

4   Mattel's Third Requests.  Attached as Exhibit 4 is a true and correct copy of MGA

5   Entertainment, Inc.'s Objections and Supplemental Responses to Mattel, Inc.'s Third

6   Set of Requests for Production of Documents and Things, dated January 9, 2008.

7          13.    Mr. Temkin also sent a letter to me and Mr. Proctor summarizing

8   MGA's positions regarding Mattel's Third Requests and confirming that MGA

9   would not voluntarily produce documents responsive to any of Request Nos. 1

10  through 30, 35 through 38 and 41 through 77.  A true and correct copy of Mr.

11  Temkin's letter, dated January 9, 2008, is attached as Exhibit 5.

12         14.    Attached as Exhibit 6 is a true and correct copy of MGA's Sixth

13  Set of Requests for the Production of Documents and Things in Case No. 05-2727,

14  dated November 16, 2007.

15         15.    Attached as Exhibit 7 is a true and correct copy of a letter from

16  Robert J. Herrington to Mr. Proctor and Jon D. Corey of my firm, dated January 3,

17  2008.

18         16.    Attached as Exhibit 8 is a true and correct copy of MGA

19  Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Production of

20  Documents and Interrogatory Answers, dated February 20, 2007.

21         17.    Attached as Exhibit 9 is a true and correct copy of the Discovery

22  Master's Order Granting Mattel's Motion to Compel Production of Documents and

23  Interrogatory Responses by MGA, dated May 15, 2007.

24         18.    Attached as Exhibit 10 is a true and correct copy of MGA

25  Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Amended Fourth Set

26  of Interrogatories, dated November 30, 2007.

27

28

19.     Attached as Exhibit 11 is a true and correct copy of excerpts of the confidential deposition transcript of Anna Rhee, taken February 3, 2005.

20.     Attached as Exhibit 12 is a true and correct copy of the Discovery Master's Order Granting Mattel's Motion to Compel Production of Documents, dated January 25, 2007.

21.     Attached as Exhibit 13 is a true and correct copy of the Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated September 25, 2007.

22.     Attached as Exhibit 14 is a true and correct copy of excerpts of Mattel's Supplemental Responses to MGA's First Set of Special Interrogatories to Mattel, Inc., dated December 7, 2007.  These responses are marked "Attorney's Eyes Only."

23.     Attached as Exhibit 15 is a true and correct copy of excerpts of MGA Entertainment Inc.'s Responses to Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things, dated April 13, 2005.

24.     Mattel has incurred attorneys' fees and costs in excess of $4,500.00 in bringing this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of January 2008, at Los Angeles, California.


Scott B. Kidman

**EXHIBIT 1**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 090378)
     johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10                UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                      EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14             Plaintiff,                Consolidated with
                                         Case No. CV 04-09059
15        vs.                            Case No. CV 05-02727

16  MATTEL, INC., a Delaware            MATTEL, INC.'S THIRD SET OF
    corporation,                        REQUESTS FOR DOCUMENTS AND
17                                       THINGS TO MGA
             Defendant.                  ENTERTAINMENT, INC.
18

19  AND CONSOLIDATED CASES

20

21

22

23

24

25

26

27                              EXHIBIT __, PAGE 6

28
                                10-24

07209/2261215.1

                                DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1    Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure,</u>

2  Mattel, Inc. hereby requests that MGA Entertainment, Inc. respond to these

3  document requests ("Requests") and make available for inspection and copying

4  originals of the following documents within 30 days of service at the offices of

5  Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

6  floor, Los Angeles, CA 90017.  MGA Entertainment, Inc. shall be obligated to

7  supplement responses to these requests at such times and to the extent required by

8  <u>Rule</u> 26(e) of the <u>Federal Rules of Civil Procedure.</u>

9

10  **I.    DEFINITIONS**

11

12    For purposes of these Requests, the following definitions apply:

13    A.    "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc.

14  and all of its current or former directors, officers, employees, agents, contractors,

15  attorneys, accountants, representatives, subsidiaries, divisions, AFFILIATES,

16  predecessors-in-interest and successors-in-interest, and any other PERSON acting

17  on its behalf, pursuant to its authority or subject to its control.

18    B.    "MATTEL" means Mattel, Inc. and all of its current or former

19  directors, officers, employees, agents, contractors, attorneys, accountants,

20  representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

21  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

22  authority or subject to its control.

23    C.    "AFFILIATES" means any and all corporations, proprietorships,

24  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

25  indirectly, in whole or in part, own or control, are under common ownership or

26  control with, or are owned or controlled by a PERSON, party or entity, including

27  without limitation each parent, subsidiary and joint venture of such PERSON, party

28  or entity.

**EXHIBIT ⊥, PAGE 7**

-2-

1        D.    "PERSON" or "PERSONS" means all natural persons,

2    partnerships, corporations, joint ventures and any kind of business, legal or public

3    entity or organization, as well as its, his or her agents, representatives, employees,

4    officers and directors and any one else acting on its, his or her behalf, pursuant to

5    its, his or her authority or subject to its, his or her control.

6        E.    "BRATZ" means any project, product, doll or DESIGN ever

7    known by that name (whether in whole or in part and regardless of what such

8    project, product or doll is or has been also, previously or subsequently called) and

9    any product, doll or DESIGN or any portion thereof that is now or has ever been

10   known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

11   in part and regardless of what such product, doll or DESIGN or portion thereof is or

12   has been also, previously or subsequently called) or that is now or has ever been

13   sold or marketed as part of the "Bratz" line, and each version or iteration of such

14   product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or

15   DESIGNS or any portion thereof" also includes without limitation any names,

16   fashions, accessories, artwork, packaging or any other works, materials, matters or

17   items included or associated therewith.  Without limiting the generality of the

18   foregoing, the term "BRATZ" does not and shall not require that there be a doll,

19   product or three-dimensional embodiment existing at the time of the event, incident

20   or occurrence that is the subject of, or otherwise relevant or responsive to, the

21   Requests herein.

22       F.    "SCOOTER SAMANTHA" means any project, product, doll or

23   DESIGN ever known by that name (whether in whole or in part and regardless of

24   what such project, product or doll is or has been also, previously or subsequently

25   called) and any product, doll or DESIGN or any portion thereof that is now or has

26   ever been known as, or sold or marketed under, the name or term "Scooter

27   Samantha" (whether in whole or in part and regardless of what such product, doll or

28   DESIGN or portion thereof is or has been also, previously or subsequently called) or

-3-

**EXHIBIT ⊥, PAGE 8**

1  that is now or has ever been sold or marketed as part of the "Scooter Samantha"

2  line, and each version or iteration of such product, doll or DESIGN or any portion

3  thereof.  As used herein, "product, doll or DESIGNS or any portion thereof" also

4  includes without limitation any names, fashions, accessories, artwork, packaging or

5  any other works, materials, matters or items included or associated therewith.

6  Without limiting the generality of the foregoing, the term "SCOOTER

7  SAMANTHA" does not and shall not require that there be a doll, product or three-

8  dimensional embodiment existing at the time of the event, incident or occurrence

9  that is the subject of, or otherwise relevant or responsive to, the Requests herein.

10        G.      "SPACE BABES" means the project, product, doll or DESIGN

11  referenced in MGA 2144569 or that has ever known by that name (whether in whole

12  or in part and regardless of what such project, product or doll is or has been also,

13  previously or subsequently called) and any product, doll or DESIGN or any portion

14  thereof that is now or has ever been known as, or sold or marketed under, the name

15  or term "Space Babes" (whether in whole or in part and regardless of what such

16  product, doll or DESIGN or portion thereof is or has been also, previously or

17  subsequently called) or that is now or has ever been sold or marketed as part of the

18  "Scooter Samantha" line, and each version or iteration of such product, doll or

19  DESIGN or any portion thereof.  As used herein, "product, doll or DESIGNS or any

20  portion thereof" also includes without limitation any names, fashions, accessories,

21  artwork, packaging or any other works, materials, matters or items included or

22  associated therewith.  Without limiting the generality of the foregoing, the term

23  "SPACE BABES" does not and shall not require that there be a doll, product or

24  three-dimensional embodiment existing at the time of the event, incident or

25  occurrence that is the subject of, or otherwise relevant or responsive to, the Requests

26  herein.

27        H.      "SCOOTER SHANNEN" means any project, product, doll or

28  DESIGN ever known by that name (whether in whole or in part and regardless of

209/2261215.1

-4-

**EXHIBIT** _____, **PAGE** _____

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1  what such project, product or doll is or has been also, previously or subsequently

2  called) and any product, doll or DESIGN or any portion thereof that is now or has

3  ever been known as, or sold or marketed under, the name or term "Scooter Shannen"

4  (whether in whole or in part and regardless of what such product, doll or DESIGN

5  or portion thereof is or has been also, previously or subsequently called) or that is

6  now or has ever been sold or marketed as part of the "Scooter Shannen" line, and

7  each version or iteration of such product, doll or DESIGN or any portion thereof.

8  As used herein, "product, doll or DESIGNS or any portion thereof" also includes

9  without limitation any names, fashions, accessories, artwork, packaging or any other

10  works, materials, matters or items included or associated therewith.  Without

11  limiting the generality of the foregoing, the term "SCOOTER SHANNEN" does not

12  and shall not require that there be a doll, product or three-dimensional embodiment

13  existing at the time of the event, incident or occurrence that is the subject of, or

14  otherwise relevant or responsive to, the Requests herein.

15     I.     "DESIGN" or "DESIGNS" means any and all representations,

16  whether two-dimensional or three-dimensional, and whether in tangible, digital,

17  electronic or other form, including but not limited to all works, designs, artwork,

18  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

19  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

20  practice, developments, inventions and/or improvements, as well as all other items,

21  things and DOCUMENTS in which any of the foregoing are or have been

22  expressed, embodied, contained, fixed or reflected in any manner, whether in whole

23  or in part.

24     J.     "DOCUMENT" or "DOCUMENTS" means all "writings" and

25  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

26  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not

27  limited to, all writings and records of every type and description including, but not

28  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

EXHIBIT __, PAGE 10

1   electronic mail ("e-mail"), records of telephone conversations, handwritten and

2   typewritten notes of any kind, statements, reports, minutes, recordings, transcripts

3   and summaries of meetings, voice recordings, pictures, photographs, drawings,

4   computer cards, tapes, discs, printouts and records of all types, studies, instruction

5   manuals, policy manuals and statements, books, pamphlets, invoices, canceled

6   checks and every other device or medium by which or through which information of

7   any type is transmitted, recorded or preserved.  Without any limitation on the

8   foregoing, the term "DOCUMENT" shall include all copies that differ in any respect

9   from the original or other versions of the DOCUMENT, including, but not limited

10  to, all drafts and all copies of such drafts or originals containing initials, comments,

11  notations, insertions, corrections, marginal notes, amendments or any other variation

12  of any kind.

13          K.      "THIRD-PARTY LAWSUIT" or "THIRD-PARTY

14  LAWSUITS" means any legal proceeding of any kind, including without limitation

15  any suit, lawsuit, action, arbitration or customs proceeding, other than this ACTION.

16          L.      "BRATZ LAWSUITS" means any legal proceeding of any kind,

17  including without limitation any suit, lawsuit, action, arbitration or customs

18  proceeding, other than this ACTION that REFERS OR RELATES to BRATZ,

19  including without limitation each of the following legal actions and each of their

20  associated proceedings and appeals:

21          *MGA Entertainment Inc. v. Wai Man International (H.K.) Limited*

22          *MGA Entertainment inc. v. Sunny Toys Industrial Company Limited*

23          *MGA Entertainment Inc. and Elliot Rudell trading as Rudell Design v.*

24  *Wealth Ocean Industrial Limited*

25          *MGA Entertainment Inc. v. Registrar of Companies & Yokon*

26  *International Limited & Wong Tat*

27          *MGA Entertainment Inc. and MGA Entertainment (H.K.) Limited v.*

28  *Double Grand Corporation Limited*

209/2261215.1

EXHIBIT __L__ , PAGE __LL__

-6-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1    *MGA Entertainment Inc. v. Hunglam Toys Company Limited*

2    *MGA Entertainment Inc. v. Union Top (HK) Company Limited*

3    *MGA Entertainment Inc. v. Uni-Fortune Toys Industrial Limited & Fu*

4    *Wei Toys Company Limited*

5    *MGA Entertainment Inc. v. Linwell Industries Limited*

6    *MGA Entertainment Inc. v. Yokon International Limited; Golden City*

7    *Toys Company Limited; Wong Tat*

8    *MGA Entertainment Inc. v. Fu Li Sheng Craft Toy Company Limited*

9    *and Xie Jun Yu trading as Tracy Industrial (H.K.) Company*

10   *Kin Yat Industrial Company Limited v. MGA Entertainment (H.K.)*

11   *Limited*

12   *ABC International Traders doing business as MGA Entertainment v.*

13   *Toys & Trends (Hong Kong) Limited; Cityworld Limited; Jurg Willi Kesselring*

14   *Golden Bright Manufacturer Limited v. MGA Entertainment (HK)*

15   *Limited*

16   *MGA Entertainment (HK) Limited v. Leaves Industries Limited*

17   *Queentex Company Limited v. MGA Entertainment (HK) Limited*

18   *MGA Entertainment (HK) Limited v. Queentex Company Limited*

19   *ABC International Traders doing business as MGA Entertainment v.*

20   *Qualiman Industrial Company Ltd.*

21   *Golden Bright Manufacturer Limited v. Sunlight Electronic Toys*

22   *Larian v. Larian*

23   *MGA Entertainment v. Ubisoft Entertainment S.A.*

24   *MGA Entertainment v. Fun-4-All*

25   *McDonald's Corporation v. MGA Entertainment, Inc. f/k/a ABC*

26   *International Traders*

27   *Karen Dudnikov, Michael Meadors v. MGA Entertainment, Inc.*

28   *Art Attacks Ink, LLC v. MGA Entertainment, Inc.*

**EXHIBIT __1__, PAGE _12_**

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1        M.    "INFRINGE" or "INFRINGES" means infringe, dilute, be

2 substantially or confusingly similar to, or otherwise violate any rights in, whether

3 statutory, common law, contractual or otherwise.

4        N.    "REFER OR RELATE TO" means constituting, embodying,

5 containing, referring to, commenting on, evidencing, regarding, discussing,

6 describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting,

7 contradicting, negating, revoking or otherwise relating to in any manner.

8        O.    "IDENTIFY" or "IDENTITY" means the following:

9        (i)    with reference to an individual or individuals, means to

10 state, fully and separately as to each, such individual's full name, any known

11 business title, current or last known business affiliation, current or last known

12 residential address, current or last known business address, current or last known

13 relationship to MGA Entertainment, Inc., and current or last known telephone

14 number.

15        (ii)    with reference to an entity or entities, means to state, fully

16 and separately as to each, such entity's full name, state (or country) of incorporation

17 or organization, present or last known address, and present or last known telephone

18 number.

19        P.    "Any" as used in these Requests includes the word "all," and the

20 word "all" as used in these Requests includes the word "any."

21        Q.    The singular form of a noun or pronoun includes within its

22 meaning the plural form of the noun or pronoun so used, and vice versa; the use of

23 the masculine form of a pronoun also includes within its meaning the feminine form

24 of the pronoun so used, and vice versa; the use of any tense of any verb includes

25 also within its meaning all other tenses of the verb so used, whenever such

26 construction results in a broader request for information; and "and" includes "or"

27 and vice versa, whenever such construction results in a broader disclosure of

28 documents or information.

EXHIBIT __|__ , PAGE _13_

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

209/2261215.1

## II.   <u>INSTRUCTIONS</u>

  A. YOU are to produce all requested DOCUMENTS in YOUR possession, custody or control.

  B. If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these Requests on the grounds of a privilege or protection that YOU are not prepared to waive, identify each such DOCUMENT and provide the following information:

   1. the date and type of the DOCUMENT, the author(s) and all recipients;

   2. the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;

   3. the title and subject matter of the DOCUMENT;

   4. any additional facts on which YOU base YOUR claim of privilege or protection; and

   5. the identity of the current custodian of the original of the DOCUMENT.

  C. DOCUMENTS shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

  D. The DOCUMENTS should be produced in their complete and unaltered form.  Attachments to DOCUMENTS should not be removed.  The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance.  If emails are produced that have or had attachments, the attachments shall be attached when produced.

  E. DOCUMENTS in electronic form shall be produced in that form.

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

**EXHIBIT \_\_\_\_, PAGE 14**

F.     In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

1.     the date and type of the DOCUMENT, the author(s) and all recipients;

2.     the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;

3.     the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

4.     the PERSONS who were authorized to carry out such destruction or discard;

5.     the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and

6.     whether any copies of the document exist and, if so, the name of the custodian of each copy.

## III.     REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

A sample of each doll, product or other matter that, whether in whole or in part, YOU have alleged or contended INFRINGES BRATZ in any THIRD-PARTY LAWSUIT, including without limitation in the BRATZ LAWSUITS.

REQUEST FOR PRODUCTION NO. 2:

To the extent not produced in Response to Request No. 1, a sample of each doll, product or other matter that, whether in whole or in part, YOU have alleged or contended, including in any cease and desist letter, INFRINGES BRATZ.

EXHIBIT __, PAGE 15

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

REQUEST FOR PRODUCTION NO. 3:

All photographs, digital scans or other depictions of each and every doll, product or other matter that, whether in whole or in part, YOU have alleged or contended INFRINGES BRATZ in any THIRD-PARTY LAWSUIT, including without limitation in the BRATZ LAWSUITS.

REQUEST FOR PRODUCTION NO. 4:

To the extent not produced in Response to Request No. 3, all photographs, digital scans or other depictions of each doll, product or other matter that, whether in whole or in part, YOU have ever alleged or contended, including in any cease and desist letter, INFRINGES BRATZ.

REQUEST FOR PRODUCTION NO. 5:

DOCUMENTS sufficient to identify each doll, product or other matter sold, offered for sale, manufactured, distributed, promoted or advertised by any PERSON other than MATTEL that YOU have alleged or contended, whether in whole or in part, INFRINGES BRATZ.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS that REFER OR RELATE TO any claim or contention by YOU (other than in this ACTION) that any doll, product or other matter, whether in whole or in part, that has been sold, offered for sale, manufactured, distributed, promoted or advertised by any PERSON INFRINGES BRATZ.

REQUEST FOR PRODUCTION NO. 7:

All COMMUNICATIONS, including without limitation cease and desist letters, between YOU and any other PERSON that REFER OR RELATE TO

EXHIBIT __1__ , PAGE __16__

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1  any claim or contention by YOU that any doll or product, whether in whole or in

2  part, sold, offered for sale, manufactured, distributed, promoted or advertised by

3  such PERSON INFRINGES BRATZ.

4

5  REQUEST FOR PRODUCTION NO. 8:

6       All complaints, statements of claim, counterclaims and answers in the

7  BRATZ LAWSUITS, including without limitation all amendments thereto.

8

9  REQUEST FOR PRODUCTION NO. 9:

10       All witness lists and other disclosures of witness names or identities in

11  the BRATZ LAWSUITS, including without limitation all amendments thereto.

12

13  REQUEST FOR PRODUCTION NO. 10:

14       All interrogatory responses by YOU or made on YOUR behalf in the

15  BRATZ LAWSUITS, including without limitation all amendments thereto.

16

17  REQUEST FOR PRODUCTION NO. 11:

18       All transcripts of proceedings, including all trial and hearing

19  transcripts, in the BRATZ LAWSUITS, including without limitation all

20  amendments thereto.

21

22  REQUEST FOR PRODUCTION NO. 12:

23       All transcripts of depositions given by or on behalf of YOU in the

24  BRATZ LAWSUITS, including without limitation all amendments thereto.

25

26  REQUEST FOR PRODUCTION NO. 13:

27       All pleadings and other DOCUMENTS filed, submitted or served by

28  YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

**EXHIBIT \_\_, PAGE \_\_**

-12-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

REQUEST FOR PRODUCTION NO. 14:

All pleadings and other DOCUMENTS filed, submitted or served by YOU in the BRATZ LAWSUITS that compare BRATZ to any other doll or product, whether in whole or in part.

REQUEST FOR PRODUCTION NO. 15:

All pleadings and other DOCUMENTS filed, submitted or served by YOU in the BRATZ LAWSUITS that claim, allege or assert that the appearance or features of any doll or other product, whether in whole or in part, INFRINGES BRATZ.

REQUEST FOR PRODUCTION NO. 16:

All demonstrative exhibits filed, submitted, introduced, displayed or used by YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

REQUEST FOR PRODUCTION NO. 17:

All expert reports and expert disclosures filed, submitted or served by YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

REQUEST FOR PRODUCTION NO. 18:

All subpoenas served in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS produced pursuant to any subpoena in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

EXHIBIT __1__ , PAGE 18

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

209/2261215.1

REQUEST FOR PRODUCTION NO. 20:

All DOCUMENTS produced or made available for inspection by YOU in the BRATZ LAWSUITS.

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS produced or made available for inspection by YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

REQUEST FOR PRODUCTION NO. 22:

All DOCUMENTS produced or made available for inspection by YOU in the BRATZ LAWSUITS that REFER OR RELATE TO MGA, including without limitation the finances or financial condition of MGA.

REQUEST FOR PRODUCTION NO. 23:

All Court orders, decisions and judgments in the BRATZ LAWSUITS.

REQUEST FOR PRODUCTION NO. 24:

All Court orders, decisions and judgments in any THIRD-PARTY LAWSUIT in which YOU have claimed, alleged or stated, in words or substance, that any doll or product sold, offered for sale, manufactured, distributed, promoted or advertised by any PERSON infringes, dilutes or is confusingly similar to BRATZ.

REQUEST FOR PRODUCTION NO. 25:

To the extent not produced in response to any other Request for Production, all DOCUMENTS in which YOU have claimed, alleged or stated, in words or substance, that any doll, product or other matter sold, offered for sale,

EXHIBIT __1__, PAGE __19__

-14-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

209/2261215.1

1  manufactured, distributed, promoted or advertised by any PERSON infringes,

2  dilutes or is confusingly similar to BRATZ.

3

4  REQUEST FOR PRODUCTION NO. 26:

5           To the extent not produced in response to any other Request for

6  Production, all DOCUMENTS, including without limitation pleadings, in which

7  YOU have referenced or described YOUR alleged trade dress rights or potential

8  trade dress in BRATZ.

9

10  REQUEST FOR PRODUCTION NO. 27:

11          To the extent not produced in response to any other Request for

12  Production, all DOCUMENTS, including without limitation pleadings, in which

13  YOU have referenced or described YOUR alleged copyright rights or potential

14  copyright rights in BRATZ.

15

16  REQUEST FOR PRODUCTION NO. 28:

17          To the extent not produced in response to any other Request for

18  Production, all DOCUMENTS, including without limitation pleadings, in which

19  YOU have referenced or described YOUR alleged patent rights or potential patent

20  rights in BRATZ.

21

22  REQUEST FOR PRODUCTION NO. 29:

23          All DOCUMENTS that REFER OR RELATE TO any agreements

24  settling, resolving, compromising or otherwise disposing of the BRATZ

25  LAWSUITS.

26

27

28

**EXHIBIT ___ , PAGE 20**

REQUEST FOR PRODUCTION NO. 30:

All DOCUMENTS that REFER OR RELATE TO any agreements settling, resolving, compromising or otherwise disposing of any legal proceedings in which YOU have claimed that any product sold, offered for sale, manufactured, distributed, promoted or advertised by such PERSON infringes, dilutes or is confusingly similar to BRATZ.

REQUEST FOR PRODUCTION NO. 31:

All DOCUMENTS that REFER OR RELATE to any use or considered, proposed or potential use, of the term "Jade" in connection with any MGA doll, product or other matter, including without limitation all trademark search report for "Jade."

REQUEST FOR PRODUCTION NO. 32:

All DOCUMENTS that REFER OR RELATE to when and the circumstances under which Sandra Bilotto first came to YOUR attention.

REQUEST FOR PRODUCTION NO. 33:

All DOCUMENTS that REFER OR RELATE to when and the circumstances under which YOU first hired or engaged for any reason Sandra Bilotto.

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS that REFER OR RELATE to the work or services that Sandra Bilotto provided to YOU in connection with her first engagement by YOU, including without limitation all invoices relating thereto.

EXHIBIT __1__, PAGE __21__

1  REQUEST FOR PRODUCTION NO. 35:

2          All DOCUMENTS that REFER OR RELATE to work or services

3  provided by Sandra Bilotto to YOU prior to January 1, 2001.

4

5  REQUEST FOR PRODUCTION NO. 36:

6          All DOCUMENTS that REFER OR RELATE to work or services

7  provided by Sandra Bilotto to MATTEL prior to January 1, 2001.

8

9  REQUEST FOR PRODUCTION NO. 37:

10          All tangible items, including without limitation all head sculpts,

11  prototypes and models, provided by Sandra Bilotto to YOU prior to January 1, 2001.

12

13  REQUEST FOR PRODUCTION NO. 38:

14          All DOCUMENTS that REFER OR RELATE to YOUR knowledge of

15  the work or services provided by Sandra Bilotto to MATTEL prior to January 1,

16  2001, regardless of when such knowledge was acquired.

17

18  REQUEST FOR PRODUCTION NO. 39:

19          All DOCUMENTS that REFER OR RELATE to payments made by

20  YOU to Sandra Bilotto prior to January 1, 2001.

21

22  REQUEST FOR PRODUCTION NO. 40:

23          All DOCUMENTS that REFER OR RELATE to payments made by

24  YOU to Sandra Bilotto after January 1, 2001.

25

26

27

28

**EXHIBIT __1__, PAGE _22_**

209/2261215.1

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1   REQUEST FOR PRODUCTION NO. 41:

2          All COMMUNICATIONS between Isaac Larian and Sandra Bilotto,

3   including without limitation all such COMMUNICATIONS that REFER OR

4   RELATE TO MATTEL, any MATTEL doll or product, BRYANT or BRATZ.

5

6   REQUEST FOR PRODUCTION NO. 42:

7          All COMMUNICATIONS between Isaac Larian and Paula Garcia,

8   including without limitation all such COMMUNICATIONS that REFER OR

9   RELATE TO MATTEL, any MATTEL doll or product, BRYANT or BRATZ.

10

11  REQUEST FOR PRODUCTION NO. 43:

12         All DOCUMENTS that REFER OR RELATE TO when and under

13  what circumstances SCOOTER SAMANTHA was first conceived of, including

14  without limitation all such DOCUMENTS that identify the PERSON who conceived

15  of SCOOTER SAMANTHA.

16

17  REQUEST FOR PRODUCTION NO. 44:

18         All DOCUMENTS that REFER OR RELATE TO the conception,

19  creation, design, development, sculpting, tooling, production and manufacture of

20  SCOOTER SAMANTHA.

21

22  REQUEST FOR PRODUCTION NO. 45:

23         A sample of each doll or other product that, whether in whole or in

24  part, has been sold as or under the name SCOOTER SAMANTHA or as part of the

25  SCOOTER SAMANTHA line.

26

27

28                              EXHIBIT \_\_\_ , PAGE 23

1  REQUEST FOR PRODUCTION NO. 46:

2       All prototypes, models, samples and tangible items that REFER OR

3  RELATE TO SCOOTER SAMANTHA.

4

5  REQUEST FOR PRODUCTION NO. 47:

6       All prototypes, models, samples and tangible items that REFER OR

7  RELATE TO SCOOTER SHANNEN.

8

9  REQUEST FOR PRODUCTION NO. 48:

10       All DOCUMENTS that REFER OR RELATE TO SCOOTER

11  SAMANTHA as it was first presented to YOU.

12

13  REQUEST FOR PRODUCTION NO. 49:

14       All DOCUMENTS that REFER OR RELATE TO SCOOTER

15  SAMANTHA prior to January 1, 2002.

16

17  REQUEST FOR PRODUCTION NO. 50:

18       All DOCUMENTS that REFER OR RELATE TO SCOOTER

19  SHANNEN and REFER OR RELATE TO the time period prior to January 1, 2002

20  (regardless of when such DOCUMENT was created, drafted, generated, sent,

21  received or transmitted).

22

23  REQUEST FOR PRODUCTION NO. 51:

24       All DOCUMENTS that REFER OR RELATE TO Paula Garcia's work

25  in connection with or role in SCOOTER SAMANTHA.

26

27

28

**EXHIBIT** ___l___, **PAGE** _24_

REQUEST FOR PRODUCTION NO. 52:

All DOCUMENTS that REFER OR RELATE TO Isaac Larian's work in connection with or role in SCOOTER SAMANTHA.

REQUEST FOR PRODUCTION NO. 53:

DOCUMENTS sufficient to show the first manufacture date of each and every SCOOTER SAMANTHA product.

REQUEST FOR PRODUCTION NO. 54:

DOCUMENTS sufficient to show the first ship date of each and every SCOOTER SAMANTHA product.

REQUEST FOR PRODUCTION NO. 55:

DOCUMENTS sufficient to show YOUR revenues from SCOOTER SAMANTHA.

REQUEST FOR PRODUCTION NO. 56:

All DOCUMENTS that REFER OR RELATE TO when and under what circumstances SPACE BABES was first conceived of, including without limitation all such DOCUMENTS that identify the PERSON who conceived of SPACE BABES.

REQUEST FOR PRODUCTION NO. 57:

All DOCUMENTS that REFER OR RELATE TO the conception, creation, design, development, sculpting, tooling, production and manufacture of SPACE BABES.

EXHIBIT __1__, PAGE 25

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

209/2261215.1

1  REQUEST FOR PRODUCTION NO. 58:

2          A sample of each doll or other product that, whether in whole or in

3  part, has been sold as or under the name SPACE BABES or as part of the SPACE

4  BABES line.

5

6  REQUEST FOR PRODUCTION NO. 59:

7          All prototypes, models, samples and tangible items that REFER OR

8  RELATE TO SPACE BABES.

9

10  REQUEST FOR PRODUCTION NO. 60:

11          All DOCUMENTS that REFER OR RELATE TO SPACE BABES as

12  it was first presented to YOU.

13

14  REQUEST FOR PRODUCTION NO. 61:

15          All DOCUMENTS that REFER OR RELATE TO SPACE BABES

16  prior to January 1, 2005.

17

18  REQUEST FOR PRODUCTION NO. 62:

19          All DOCUMENTS that REFER OR RELATE TO Paula Garcia's work

20  in connection with or role in SPACE BABES.

21

22  REQUEST FOR PRODUCTION NO. 63:

23          All DESIGNS conceived of, made, produced or created, whether in

24  whole or in part, by Scot Reyes in connection with SPACE BABES.

25

26

27

28

EXHIBIT __1__ , PAGE 26

:09/2261215.1

-21-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1  REQUEST FOR PRODUCTION NO. 64:

2            All DOCUMENTS that REFER OR RELATE TO DESIGNS

3  conceived of, made, produced or created, whether in whole or in part, by Scot Reyes

4  in connection with SPACE BABES.

5

6  REQUEST FOR PRODUCTION NO. 65:

7            All DOCUMENTS that REFER OR RELATE TO Scot Reyes' work in

8  connection with or role in SPACE BABES.

9

10  REQUEST FOR PRODUCTION NO. 66:

11            All actual or proposed contracts and agreements between YOU and

12  Scot Reyes that REFER OR RELATE TO SPACE BABES, including without

13  limitation all drafts thereof.

14

15  REQUEST FOR PRODUCTION NO. 67:

16            All DOCUMENTS that REFER OR RELATE TO payments by YOU

17  to Scot Reyes for or in connection with SPACE BABES.

18

19  REQUEST FOR PRODUCTION NO. 68:

20            All DOCUMENTS that REFER OR RELATE TO payments by YOU

21  to Scot Reyes.

22

23  REQUEST FOR PRODUCTION NO. 69:

24            All DOCUMENTS that REFER OR RELATE TO Isaac Larian's work

25  in connection with or role in SPACE BABES.

26

27

28

EXHIBIT __1__ , PAGE __27__

-22-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1  REQUEST FOR PRODUCTION NO. 70:

2             DOCUMENTS sufficient to show the first manufacture date of each

3  and every SPACE BABES product.

4

5  REQUEST FOR PRODUCTION NO. 71:

6             DOCUMENTS sufficient to show the first ship date of each and every

7  SPACE BABES product.

8

9  REQUEST FOR PRODUCTION NO. 72:

10            DOCUMENTS sufficient to show YOUR revenues from SPACE

11  BABES.

12

13  REQUEST FOR PRODUCTION NO. 73:

14            All DOCUMENTS that REFER OR RELATE TO any DESIGN

15  offered, submitted, pitched, assigned or transferred by Scot Reyes to YOU, acquired

16  or purchased by, or assigned to, YOU from Scot Reyes, requested or solicited by

17  YOU from Scot Reyes or made, created, produced or conceived of, whether in

18  whole or in party, by Scot Reyes on YOUR behalf.

19

20  REQUEST FOR PRODUCTION NO. 74:

21            All COMMUNICATIONS between YOU and Scot Reyes that REFER

22  OR RELATE TO MATTEL or any MATTEL doll or product.

23

24  REQUEST FOR PRODUCTION NO. 75:

25            All DOCUMENTS that REFER OR RELATE TO MATTEL

26  documents or information provided, shown or otherwise disclosed to YOU by Scot

27  Reyes.

28

EXHIBIT 1 , PAGE 28

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1  REQUEST FOR PRODUCTION NO. 76:

2        All DOCUMENTS that REFER OR RELATE to payments made by

3  YOU to Paula Garcia prior to January 1, 2002.

4

5  REQUEST FOR PRODUCTION NO. 77:

6        All DOCUMENTS that REFER OR RELATE to any payments made

7  by YOU to Paula Garcia, including without limitation any and all bonuses and

8  incentive payments made by YOU to Paula Garcia.

9

10 REQUEST FOR PRODUCTION NO. 78:

11       All personnel and vendor files for Maureen Mullen (formerly

12 Chianese).

13

14 REQUEST FOR PRODUCTION NO. 79:

15       All personnel and vendor files for Scot Reyes.

16

17 REQUEST FOR PRODUCTION NO. 80:

18       All personnel and vendor files for Sandra Bilotto.

19

20 REQUEST FOR PRODUCTION NO. 81:

21       All personnel and vendor files for Steve Linker.

22

23 REQUEST FOR PRODUCTION NO. 82:

24       All personnel and vendor files for Veronica Marlow.

25

26 REQUEST FOR PRODUCTION NO. 83:

27       All personnel and vendor files for Peter Marlow.

28

EXHIBIT __1__, PAGE 29

1  REQUEST FOR PRODUCTION NO. 84:

2        All personnel and vendor files for Wendy Ragsdale.

3

4  REQUEST FOR PRODUCTION NO. 85:

5        All personnel and vendor files for Billy Ragsdale.

6

7  REQUEST FOR PRODUCTION NO. 86:

8        All personnel and vendor files for Sarah Halpern.

9

10 REQUEST FOR PRODUCTION NO. 87:

11       To the extent not produced in response to any other Request for

12 Production, all personnel and vendor files for each person identified in Exhibit 664

13 (bearing Bates numbers MGA 0868630-31).

14

15 REQUEST FOR PRODUCTION NO. 88:

16       To the extent not produced in response to any other Request for

17 Production, all personnel and vendor files for each person who has worked as an

18 employee of or vendor for YOU and who also has been at any time an employee of

19 or vendor for MATTEL.

20

21 DATED:  October 24, 2007

22                              QUINN EMANUEL URQUHART OLIVER &
                                HEDGES, LLP
23

24                              By _____
25                                 Michael T. Zeller
                                   Attorneys for Mattel, Inc.
26

27

28
                                          EXHIBIT __|__, PAGE 30

209/2261215.1
                              -25-
                              DOCUMENT REQUESTS TO MGA ENTERTAINMENT

**Exhibit 2**

THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: rkennedy@skadden.com

Attorneys for MGA Entertainment, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | **MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |
| MATTEL, INC., a Delaware corporation | |
| Defendant. | |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

PROPOUNDING PARTY:       MATTEL, INC.

RESPONDING PARTY:       MGA ENTERTAINMENT, INC.

SET NUMBER:       THIRD

EXHIBIT 2, PAGE 31

MGA'S RESPONSES TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION       CASE NO. CV 04-9049 SGL (RNBx)

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, MGA

2  Entertainment, Inc. ("MGA") hereby submits these responses and objections (the

3  "Response") to Mattel, Inc.'s ("Mattel's") Third Set of Requests for Production of

4  Documents to MGA (the "Requests").

5                              **GENERAL RESPONSE**

6      The General Response and General and Specific Objections set forth herein

7  apply to all documents that MGA may in the future produce in response to the

8  Requests.  The Response is made without waiving, or intending to waive but, on the

9  contrary, expressly reserving:  (a) the right to object, on the grounds of competency,

10  privilege, relevancy or materiality, or any other proper grounds, to the use of the

11  documents, for any purpose in whole or in part, in any subsequent step or proceeding

12  in this action or any other action; (b) the right to object on any and all grounds, at

13  any time, to other requests for production or other discovery procedures involving or

14  relating to the subject matter of the Requests; and (c) the right at any time to revise,

15  correct, add to, or clarify any of the responses propounded herein.

16      The Response reflects only the present state of MGA's discovery regarding

17  the documents that Mattel seeks.  Except as otherwise stated below, an objection to a

18  specific document request does not imply that documents responsive to the request

19  exist or have ever existed.  In addition, an agreement to produce documents

20  responsive to any specific document request does not imply that documents

21  responsive to the request exist or have existed; rather, it is an agreement to produce

22  non-privileged documents responsive to that particular document request as limited

23  by or interpreted in any applicable General or Specific objections, if any exist.

24  Production of any document is not intended as, and, to the extent permitted by law,

25  shall not be deemed to be, a waiver of any objection set forth herein.  Discovery and

26  other investigation or research concerning this litigation are continuing.  MGA,

27  therefore, reserves the right to amend or supplement this Response at any time in

28  light of future investigation, research or analysis, and also expressly reserves the

---

MGA'S RESPONSES TO MATTEL'S THIRD           CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

EXHIBIT _2_, PAGE _32_

1   right to rely on, at any time, including trial, subsequently discovered information or

2   information omitted from this Response as a result of mistake, error, oversight or

3   inadvertence.  MGA does not hereby admit, adopt or acquiesce in any factual or

4   legal contention, assertion or characterization contained in the Request or any

5   particular request therein, even where MGA has not otherwise objected to a

6   particular request, or has agreed to produce documents responsive to a particular

7   request.

## GENERAL OBJECTIONS

9       MGA incorporates the following General Objections, as well as the General

10  Response, into its Specific Responses and Objections to each and every request for

11  documents contained in the Requests:

12      1.      MGA objects to the date and place of production on the grounds

13  that they impose an undue burden on MGA.  The time set for compliance is unduly

14  burdensome, especially in light of the number of document requests, and the scope

15  and volume of the material being sought.  To the extent MGA later agrees to produce

16  responsive documents, MGA intends to proceed expeditiously to collect the

17  documents for production, if any, and will produce them at a date and time, and in

18  such a manner, as may be mutually agreed by counsel for the parties.

19      2.      MGA objects to the Requests to the extent that they seek

20  documents not relevant to the claims or defenses in this action and are not reasonably

21  calculated to lead to the discovery of admissible evidence.

22      3.      MGA objects to the Requests on the grounds that they are overly

23  broad and unduly burdensome.

24      4.      MGA objects to the Requests insofar as they seek documents that

25  are protected from disclosure under any applicable privilege, doctrine or immunity,

26  including without limitation the attorney-client privilege, the attorney work product

27  doctrine, the right of privacy, and all other privileges recognized under the

28  constitutional, statutory or decisional law of the United States of America or any

2

MGA'S RESPONSES TO MATTEL'S THIRD          CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION             EXHIBIT 2 , PAGE 33

1 | other applicable jurisdiction.  MGA shall not produce such documents in response to
2 | Mattel's Request.  Any production of such protected or privileged materials is
3 | inadvertent and shall not be construed as a waiver of those privileges or protections.

4 |          5.     MGA objects to the Requests insofar as they seek documents that
5 | by reason of public filing, public distribution or otherwise are already in Mattel's
6 | possession or are readily accessible to Mattel from public sources or third parties.

7 |          6.     MGA objects to the Requests insofar as they seek production of
8 | documents (1) not within its possession, custody or control; (2) that MGA cannot
9 | locate after a reasonably diligent search; or (3) that refer to persons, entities, or
10 | events not known to MGA.  Such instructions, definitions, or requests are
11 | objectionable where they subject MGA to unreasonable and undue annoyance,
12 | oppression, burden, and expense; and/or seek to impose upon MGA an obligation to
13 | produce documents from sources equally accessible to Mattel.  To the extent MGA
14 | agrees to produce documents in response to the Requests, MGA will make a
15 | reasonably diligent search for responsive documents within its possession, custody or
16 | control.

17 |          7.     In responding to Mattel's Requests, MGA has not and will not
18 | comply with any instructions or definitions that seek to impose requirements in
19 | addition to those imposed by Federal law.

20 |          8.     MGA objects to each and every request to the extent it purports to
21 | require MGA to search all documents and things within its possession, custody or
22 | control or within the possession, custody or control of any of MGA's current or
23 | former employees, officers, directors, agents, representatives, attorneys, parents,
24 | subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest,
25 | and any other person acting on its behalf, pursuant to its authority or subject to its
26 | control, on the grounds that such request is unreasonable, overbroad, unduly
27 | burdensome and oppressive, violates the right to privacy, and purports to require
28 | MGA to search for documents not within its possession, custody or control.  To the

3

1  extent MGA agrees to produce documents in response to the Requests, MGA will

2  make a reasonably diligent search for responsive documents within its possession,

3  custody or control.

4        9.    MGA objects to each and every request to the extent it seeks "all

5  documents" responsive to a certain category on the grounds that such request is

6  overbroad and unduly burdensome and oppressive.  MGA will not respond to

7  duplicative or cumulative requests and will not re-produce documents it has already

8  produced or produce documents that it has received from Mattel or others in the

9  course of discovery in this matter.

10        10.   MGA objects to the Requests insofar as they seek production of

11  confidential, proprietary, or trade-secret information, the disclosure of which would

12  be inimical to the business interests of MGA.

13        11.   MGA objects to each request to the extent it seeks information

14  relating to the activities or conduct of other entities or non-parties.

15        12.   MGA objects to each request to the extent it seeks information

16  relating to activities or conduct in foreign countries.

17        13.   MGA objects to the definitions and instructions to the extent such

18  definitions and instructions purport to enlarge, expand, or alter in any way the plain

19  meaning and scope of any specific term or specific request on the ground that such

20  enlargement, expansion, or alteration renders such a term or request vague,

21  ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

22        14.   MGA objects to the Instructions to the extent that they purport to

23  deprive MGA of the right to redact information from any documents "for any

24  reason."  MGA retains and reserves the right to redact documents on any appropriate

25  grounds, including in particular for privilege.

26        15.   MGA specifically objects to the following definitions in the

27  Requests:

28      EXHIBIT _2_ , PAGE 35

---

4

(a)     MGA objects to the terms "YOU," "YOUR" and "MGA" (Definitions ¶ A) as vague, ambiguous, overbroad, and unduly burdensome.  The definition includes "MGA Entertainment, Inc., and all of its current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control."  Because of Mattel's incorporating the overbroad definition of "AFFILIATE" (Definitions ¶ C) as including "any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such PERSON, party or entity," it is impossible for MGA to know whether a particular person comes within this definition unless that person or entity at some point in time held himself or herself out as being affiliated with MGA.  Thus, MGA will interpret the terms "YOU," "YOUR" and "MGA" to refer to all persons or entities who held themselves out to MGA as officers, employees, agents, subsidiaries or divisions of MGA.

(b)     MGA objects to the definition of the term "BRATZ" (Definitions ¶ E) as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead and confuse the trier of fact.  The definition includes "any project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term 'Bratz' (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been marketed as part of the 'Bratz' line, and each version

1  or iteration of such product, doll or DESIGN or any portion thereof," and it goes on.
2  By incorporating the definition of "DESIGN," the overly broad definition of
3  "BRATZ" includes two-dimensional and three-dimensional representations,
4  including "works, designs, artwork, sketches, drawings, illustrations, representations,
5  depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,
6  samples, rotocasts, reductions to practice, developments, inventions and/or
7  improvements . . . ." (Definitions ¶ I.)  These convoluted and multi-part definitions
8  combine to render the document requests that refer to the term vague, ambiguous and
9  overly broad, and to include within the term "BRATZ" things that do not fairly
10 represent the Bratz line of dolls, accessories and related products that are the subject
11 of this case.  In responding to the Requests, MGA will interpret the term "BRATZ"
12 to mean the line of dolls introduced by MGA to the market for sale in May or June of
13 2001 and subsequent dolls, accessories and other products known as Bratz or
14 associated by MGA with the Bratz line of dolls.
15          (c)      MGA objects to the definition of the term "SCOOTER
16 SAMANTHA" (Definitions ¶ F) as vague, ambiguous, overly broad and unduly
17 burdensome, and designed to mislead and confuse the trier of fact.  The definition
18 includes "any project, product, doll or DESIGN ever known by [the Scooter
19 Samantha] name (whether in whole or in part and regardless of what such project,
20 product or doll is or has been also, previously or subsequently called) and any
21 product, doll or DESIGN or any portion thereof that is now or has ever been known
22 as, or sold or marketed under, the name or term 'Scooter Samantha' (whether in
23 whole or in part and regardless of what such product, doll or DESIGN or portion
24 thereof is or has been also, previously or subsequently called) or that is now or has
25 ever been marketed as part of the 'Scooter Samantha' line, and each version or
26 iteration of such product, doll or DESIGN or any portion thereof," and it goes on.
27 By incorporating the definition of "DESIGN," the overly broad definition of
28 "SCOOTER SAMANTHA" includes two-dimensional and three-dimensional

MGA'S RESPONSES TO MATTEL'S THIRD          CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION             EXHIBIT _2_, PAGE _37_

1   representations, including "works, designs, artwork, sketches, drawings, illustrations,

2   representations, depictions, blueprints, schematics, diagrams, images, sculptures,

3   prototypes, models, samples, rotocasts, reductions to practice, developments,

4   inventions and/or improvements . . . ." (Definitions ¶ I.)  These convoluted and

5   multi-part definitions combine to render the document requests that refer to the term

6   vague, ambiguous and overly broad, and to include within the term "SCOOTER

7   SAMANTHA" things that do not fairly represent the Scooter Samantha line of dolls,

8   accessories and related products that are the subject of this case.  In responding to the

9   Requests, MGA will interpret the term "SCOOTER SAMANTHA" to mean the line

10  of dolls introduced by MGA to the market for sale in June 2001 and subsequent dolls,

11  accessories and other products known as Scooter Samantha or associated by MGA

12  with the Scooter Samantha line of dolls.

13          (d)    MGA objects to the definition of the term "SPACE

14  BABES" (Definitions ¶ G) as vague, ambiguous, overly broad and unduly

15  burdensome, and designed to mislead and confuse the trier of fact.  The definition

16  includes "any project, product, doll or DESIGN ever known by [the Space Babes]

17  name (whether in whole or in part and regardless of what such project, product or

18  doll is or has been also, previously or subsequently called) and any product, doll or

19  DESIGN or any portion thereof that is now or has ever been known as, or sold or

20  marketed under, the name or term 'Space Babes' (whether in whole or in part and

21  regardless of what such product, doll or DESIGN or portion thereof is or has been

22  also, previously or subsequently called) or that is now or has ever been marketed as

23  part of the 'Scooter Samantha' line, and each version or iteration of such product,

24  doll or DESIGN or any portion thereof," and it goes on.  The definition is also

25  nonsensical as it seeks to define "SPACE BABES" as any product, doll or DESIGN

26  that has ever been marketed as part of the Scooter Samantha line as those are distinct

27  doll lines.  By incorporating the definition of "DESIGN," the overly broad definition

28  of "SPACE BABES" includes two-dimensional and three-dimensional

7

MGA'S RESPONSES TO MATTEL'S THIRD          CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION             EXHIBIT _2_, PAGE 38

1  representations, including "works, designs, artwork, sketches, drawings, illustrations,

2  representations, depictions, blueprints, schematics, diagrams, images, sculptures,

3  prototypes, models, samples, rotocasts, reductions to practice, developments,

4  inventions and/or improvements . . . ." (Definitions ¶ I.)  These convoluted and

5  multi-part definitions combine to render the document requests that refer to the term

6  vague, ambiguous and overly broad.

7          (e)      MGA objects to the definition of the term "SCOOTER

8  SHANNON" (Definitions ¶ H) as vague, ambiguous, overly broad and unduly

9  burdensome, and designed to mislead and confuse the trier of fact.  The definition

10  includes "any project, product, doll or DESIGN ever known by [the Scooter Shannon]

11  name (whether in whole or in part and regardless of what such project, product or

12  doll is or has been also, previously or subsequently called) and any product, doll or

13  DESIGN or any portion thereof that is now or has ever been known as, or sold or

14  marketed under, the name or term 'Scooter Shannon' (whether in whole or in part

15  and regardless of what such product, doll or DESIGN or portion thereof is or has

16  been also, previously or subsequently called) or that is now or has ever been

17  marketed as part of the 'Scooter Shannon' line, and each version or iteration of such

18  product, doll or DESIGN or any portion thereof," and it goes on.  By incorporating

19  the definition of "DESIGN," the overly broad definition of "SCOOTER

20  SHANNON" includes two-dimensional and three-dimensional representations,

21  including "works, designs, artwork, sketches, drawings, illustrations, representations,

22  depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

23  samples, rotocasts, reductions to practice, developments, inventions and/or

24  improvements . . . ." (Definitions ¶ I.)  These convoluted and multi-part definitions

25  combine to render the document requests that refer to the term vague, ambiguous and

26  overly broad, and to include within the term "SCOOTER SHANNON" things that do

27  not fairly represent the Scooter Shannon line of dolls, accessories and related

28  products that are the subject of this case.  In responding to the Requests, MGA will

8

1    interpret the term "SCOOTER SHANNON" to mean the line of dolls introduced by

2    Mattel to the market for sale October 2001 and subsequent dolls, accessories and

3    other products known as Scooter Shannon or associated by MGA with the Scooter

4    Shannon line of dolls.

5            (f)      MGA also objects to the terms "any" (Definitions ¶ P) and

6    "REFER OR RELATE TO" (Definitions ¶ N) on the grounds and to the extent they

7    are overbroad, unduly burdensome, and/or are vague and ambiguous in the context

8    of the Requests as written and as those requests would be plainly understood absent

9    Mattel's definitions.

10           (g)      MGA objects to the term "THIRD PARTY LAWSUITS"

11    as overbroad and unduly burdensome.

12           (h)      MGA objects to the term "BRATZ LAWSUITS" as

13    overbroad, unduly burdensome, vague and ambiguous and designed to mislead and

14    confuse the trier of fact. The definition includes any suit, lawsuit, action, arbitration

15    or customs proceedings, other than the instant action that "REFERS OR RELATES"

16    to "BRATZ." MGA's definition of the terms "BRATZ" and "REFERS OR

17    RELATES" renders the definition of "BRATZ LAWSUITS" unintelligible because

18    MGA cannot know, by way of example, what lawsuits may "constitut[e], embod[y]

19    or evidenc[e]" "BRATZ." In responding to the Requests, MGA will interpret the

20    term "BRATZ LAWSUIT" as only the legal actions listed in the Requests

21    (Definitions ¶ L).

22           (i)      MGA objects to the term "INFRINGE" or "INFRINGES"

23    as overbroad, unduly burdensome, vague and ambiguous and designed to mislead

24    and confuse the trier of fact. The definition includes "dilute, be substantially or

25    confusingly similar to, or otherwise violate any rights in, whether statutory, common

26    law, contractual, or otherwise." The definition strays far from the accepted legal

27    meaning of "infringe" as used in copyright and trademark law by including concepts

28    such as "dilute" or "otherwise violate any rights in, whether statutory, common law,

1  contractual or otherwise."  In responding to the Requests, MGA will not interpret the
2  term "INFRINGE" or "INFRINGES," but will rather respond using words contained
3  within the Mattel definition in their normal accepted legal meaning as used in
4  copyright and trademark law.

5        16.    MGA objects to the Requests to the extent they seek the
6  production of documents in their native format where the burden of such production
7  outweighs the likelihood of discovering information that is relevant to the subject
8  matter of the claims or defenses in this action or calculated to lead to the discovery
9  of admissible evidence.

10       17.    MGA objects to the Requests on the grounds that they are
11  harassing, oppressive and unduly burdensome.  Mattel has already propounded 667
12  requests for documents and things to MGA, MGA Entertainment (HK) Limited and
13  Isaac Larian ("the MGA Parties"), in response to which the MGA Parties have
14  already produced approximately 3.4 million pages.  MGA is, however, willing to
15  meet and confer regarding the additional 88 requests propounded in Mattel's Third
16  Set of Requests for Documents and Things to MGA.

17  **SPECIFIC RESPONSES AND OBJECTIONS**

18       Without waiving or departing from its General Response and General
19  Objections and specifically incorporating its General Response and General
20  Objections into each of the Specific Responses below, MGA makes the following
21  specific responses to the Requests:

22  REQUEST FOR PRODUCTION NO. 1:

23       A sample of each doll, product or other matter that, whether in whole or in
24  part, YOU have alleged or contended INFRINGES BRATZ in any THIRD-PARTY
25  LAWSUIT, including without limitation in the BRATZ LAWSUITS.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

27       MGA incorporates by reference its General Response and General Objections
28  above, as though fully set forth herein and specifically incorporates General

10

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

**EXHIBIT 2, PAGE 41**

1  Objection No. 15 (regarding Definitions), including without limitation MGA's

2  objection to the definition of the terms BRATZ, BRATZ LAWSUITS, INFRINGES

3  and THIRD-PARTY LAWSUIT.  MGA further objects to the request to the extent it

4  seeks the production of documents that are protected from disclosure under any

5  applicable privilege, doctrine or immunity, including without limitation the attorney-

6  client privilege, the work product doctrine, the right of privacy, and all other

7  privileges recognized under the constitutional, statutory or decisional law of the

8  United States of America, the State of California or any other applicable jurisdiction.

9  MGA further objects to this request on the grounds that it is overly broad and unduly

10  burdensome in that it seeks tangible items not relevant to the claims or defenses in

11  this action and not reasonably calculated to lead to the discovery of admissible

12  evidence.  Mattel has not demonstrated how samples of each doll, product or other

13  matter alleged or contended to have INFRINGE[D] BRATZ in any THIRD-PARTY

14  LAWSUIT could be relevant to the claims and defenses in this action.  The request is

15  not limited to the subject matter of this action and is thus impermissibly overbroad.

16  See Magistrate Judge Infante's August 13, 2007 Order ("Aug. 13 Order") at 9:17-20;

17  see also Magistrate Judge Infante's May 22, 2007 Order ("May 22 Order") at 21:5-7

18  (requests that require production of documents "merely mention[ing] MGA and

19  Bratz but that otherwise have no relevance to the claims and defenses in the suit" are

20  impermissibly overbroad).  MGA further objects to this request as being overly

21  broad and unduly burdensome on the grounds that it is not limited in time or

22  geographical scope.  MGA further objects to this request on the grounds that the

23  terms BRATZ, BRATZ LAWSUITS, INFRINGES and THIRD-PARTY LAWSUIT

24  render the request vague, ambiguous, overly broad and unduly burdensome.  MGA

25  further objects to the request to the extent that it seeks information that by reason of

26  public filing, public distribution or otherwise are already in Mattel's possession or

27  are readily accessible to Mattel.  MGA further objects to the request to the extent that

28  it seeks tangible items not in MGA's possession, custody or control.  MGA further

11

1   objects to the request to the extent it seeks confidential, proprietary or commercially

2   sensitive information, the disclosure of which would be inimical to the business

3   interests of MGA.  Such information may also be subject to protective orders

4   governing other litigations thereby precluding disclosure in response to this request.

5   MGA further objects to this request as cumulative, duplicative, and unduly

6   burdensome to the extent that it seeks documents previously requested by Mattel or

7   produced by MGA in response to Mattel's document requests.

8   REQUEST FOR PRODUCTION NO. 2:

9        To the extent not produced in Response to Request No. 1, a sample of each

10  doll, product or other matter that, whether in whole or in part, YOU have alleged or

11  contended, including in any cease and desist letter, INFRINGES BRATZ.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

13       MGA incorporates by reference its General Response and General Objections

14  above, as though fully set forth herein and specifically incorporates General

15  Objection No. 15 (regarding Definitions), including without limitation MGA's

16  objection to the definition of the terms BRATZ and INFRINGES.  MGA further

17  objects to the request to the extent it seeks the production of documents that are

18  protected from disclosure under any applicable privilege, doctrine or immunity,

19  including without limitation the attorney-client privilege, the work product doctrine,

20  the right of privacy, and all other privileges recognized under the constitutional,

21  statutory or decisional law of the United States of America, the State of California or

22  any other applicable jurisdiction.  MGA further objects to this request on the grounds

23  that it is overly broad and unduly burdensome in that it seeks tangible items not

24  relevant to the claims or defenses in this action and not reasonably calculated to lead

25  to the discovery of admissible evidence.  Mattel has not demonstrated how samples

26  of each doll, product or other matter alleged or contended to have INFRINGE[D]

27  BRATZ could be relevant to the claims and defenses in this action.  The request is

28  not limited to the subject matter of this action and is thus impermissibly overbroad.

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

EXHIBIT __7__, PAGE __42__

1  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

2  request as being overly broad and unduly burdensome on the grounds that it is not

3  limited in time or geographical scope.  MGA further objects to this request on the

4  grounds that the terms BRATZ and INFRINGES render the request vague,

5  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

6  request to the extent that it seeks information that by reason of public filing, public

7  distribution or otherwise are already in Mattel's possession or are readily accessible

8  to Mattel. MGA further objects to the request to the extent that it seeks tangible

9  items not in MGA's possession, custody or control.  MGA further objects to the

10  request to the extent it seeks confidential, proprietary or commercially sensitive

11  information, the disclosure of which would be inimical to the business interests of

12  MGA.  Such information may also be subject to protective orders governing other

13  litigations thereby precluding disclosure in response to this request.  MGA further

14  objects to this request as cumulative, duplicative, and unduly burdensome to the

15  extent that it seeks documents previously requested by Mattel or produced by MGA

16  in response to Mattel's document requests.

17  REQUEST FOR PRODUCTION NO. 3:

18       All photographs, digital scans or other depictions of each and every doll,

19  product or other matter, that, whether in whole or in part, YOU have alleged or

20  contended INFRINGES BRATZ in any THIRD-PARTY LAWSUIT, including

21  without limitation in the BRATZ LAWSUITS.

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

23       MGA incorporates by reference its General Response and General Objections

24  above, as though fully set forth herein and specifically incorporates General

25  Objection No. 15 (regarding Definitions), including without limitation MGA's

26  objection to the definition of the terms BRATZ, BRATZ LAWSUITS, INFRINGES

27  and THIRD-PARTY LAWSUIT.  MGA further objects to the request to the extent it

28  seeks the production of documents that are protected from disclosure under any

13

1  applicable privilege, doctrine or immunity, including without limitation the attorney-

2  client privilege, the work product doctrine, the right of privacy, and all other

3  privileges recognized under the constitutional, statutory or decisional law of the

4  United States of America, the State of California or any other applicable jurisdiction.

5  MGA further objects to this request on the grounds that it is overly broad and unduly

6  burdensome in that it seeks tangible items not relevant to the claims or defenses in

7  this action and not reasonably calculated to lead to the discovery of admissible

8  evidence.  Mattel has not demonstrated how *all* photographs, digital scans or other

9  depictions of each and every doll, product or other matter alleged or contended to

10  have INFRINGE[D] BRATZ in any THIRD-PARTY LAWSUIT could be relevant

11  to the claims and defenses in this action.  The request is not limited to the subject

12  matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at

13  9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

14  overly broad and unduly burdensome on the grounds that it is not limited in time or

15  geographical scope.  MGA further objects to this request on the grounds that the

16  terms BRATZ, BRATZ LAWSUITS, INFRINGES and THIRD-PARTY LAWSUIT

17  render the request vague, ambiguous, overly broad and unduly burdensome.  MGA

18  further objects to the request to the extent that it seeks information that by reason of

19  public filing, public distribution or otherwise are already in Mattel's possession or

20  are readily accessible to Mattel. MGA further objects to the request to the extent that

21  it seeks tangible items not in MGA's possession, custody or control.  MGA further

22  objects to the request to the extent it seeks confidential, proprietary or commercially

23  sensitive information, the disclosure of which would be inimical to the business

24  interests of MGA.  Such information may also be subject to protective orders

25  governing other litigations thereby precluding disclosure in response to this request.

26  MGA further objects to this request as cumulative, duplicative, and unduly

27  burdensome to the extent that it seeks documents previously requested by Mattel or

28  produced by MGA in response to Mattel's document requests.

14

1    REQUEST FOR PRODUCTION NO. 4:

2         To the extent not produced in Response to Request No. 3, all photographs,

3    digital scans or other depictions of each doll, product or other matter that, whether in

4    whole or in part, YOU have ever alleged or contended, including in any cease and

5    desist letter, INFRINGES BRATZ.

6    RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

7         MGA incorporates by reference its General Response and General Objections

8    above, as though fully set forth herein and specifically incorporates General

9    Objection No. 15 (regarding Definitions), including without limitation MGA's

10   objection to the definition of the terms BRATZ and INFRINGES.  MGA further

11   objects to the request to the extent it seeks the production of documents that are

12   protected from disclosure under any applicable privilege, doctrine or immunity,

13   including without limitation the attorney-client privilege, the work product doctrine,

14   the right of privacy, and all other privileges recognized under the constitutional,

15   statutory or decisional law of the United States of America, the State of California or

16   any other applicable jurisdiction.  MGA further objects to this request on the grounds

17   that it is overly broad and unduly burdensome in that it seeks tangible items not

18   relevant to the claims or defenses in this action and not reasonably calculated to lead

19   to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

20   photographs, digital scans or other depictions of each doll, product or other matter

21   alleged or contended to have INFRINGE[D] BRATZ could be relevant to the claims

22   and defenses in this action.  The request is not limited to the subject matter of this

23   action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22

24   Order at 21:5-7.  MGA further objects to this request as being overly broad and

25   unduly burdensome on the grounds that it is not limited in time or geographical

26   scope.  MGA further objects to this request on the grounds that the terms BRATZ

27   and INFRINGES render the request vague, ambiguous, overly broad and unduly

28   burdensome.  MGA further objects to the request to the extent that it seeks

15

1  documents that by reason of public filing, public distribution or otherwise are already

2  in Mattel's possession or are readily accessible to Mattel. MGA further objects to the

3  request to the extent that it seeks tangible items not in MGA's possession, custody or

4  control. MGA further objects to the request to the extent it seeks confidential,

5  proprietary or commercially sensitive information, the disclosure of which would be

6  inimical to the business interests of MGA. Such information may also be subject to

7  protective orders governing other litigations thereby precluding disclosure in

8  response to this request. MGA further objects to this request as cumulative,

9  duplicative, and unduly burdensome to the extent that it seeks information previously

10  requested by Mattel or produced by MGA in response to Mattel's document requests.

11  REQUEST FOR PRODUCTION NO. 5:

12       DOCUMENTS sufficient to identify each doll, product or other matter sold,

13  offered for sale, manufactured, distributed, promoted or advertised by any PERSON

14  other than MATTEL that YOU have alleged or contended, whether in whole or in

15  part, INFRINGES BRATZ.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

17       MGA incorporates by reference its General Response and General Objections

18  above, as though fully set forth herein and specifically incorporates General

19  Objection No. 15 (regarding Definitions), including without limitation MGA's

20  objection to the definition of the terms BRATZ and INFRINGES. MGA further

21  objects to the request to the extent it seeks the production of documents that are

22  protected from disclosure under any applicable privilege, doctrine or immunity,

23  including without limitation the attorney-client privilege, the work product doctrine,

24  the right of privacy, and all other privileges recognized under the constitutional,

25  statutory or decisional law of the United States of America, the State of California or

26  any other applicable jurisdiction. MGA further objects to this request on the grounds

27  that it is overly broad and unduly burdensome in that it seeks documents not relevant

28  to the claims or defenses in this action and not reasonably calculated to lead to the

1  discovery of admissible evidence.  Mattel has not demonstrated how each doll,

2  product or other matter alleged or contended to have INFRINGE[D] BRATZ could

3  be relevant to the claims and defenses in this action.  The request is not limited to the

4  subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

5  at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

6  overly broad and unduly burdensome on the grounds that it is not limited in time or

7  geographical scope.  MGA further objects to this request on the grounds that the

8  terms BRATZ and INFRINGES render the request vague, ambiguous, overly broad

9  and unduly burdensome.  MGA further objects to the term "sufficient to identify" as

10  vague and ambiguous.  MGA further objects to the request to the extent that it seeks

11  documents that by reason of public filing, public distribution or otherwise are already

12  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to

13  the request to the extent that it seeks tangible items not in MGA's possession,

14  custody or control.  MGA further objects to the request to the extent it seeks

15  confidential, proprietary or commercially sensitive information, the disclosure of

16  which would be inimical to the business interests of MGA.  Such information may

17  also be subject to protective orders governing other litigations thereby precluding

18  disclosure in response to this request.  MGA further objects to this request as

19  cumulative, duplicative, and unduly burdensome to the extent that it seeks

20  documents previously requested by Mattel or produced by MGA in response to

21  Mattel's document requests.

22  REQUEST FOR PRODUCTION NO. 6:

23      All DOCUMENTS that REFER OR RELATE TO any claim or contention by

24  YOU (other than in this ACTION) that any doll, product or other matter, whether in

25  whole or in part, that has been sold, offered for sale, manufactured, distributed,

26  promoted or advertised by any PERSON INFRINGES BRATZ.

27

28

MGA'S RESPONSES TO MATTEL'S THIRD              CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

EXHIBIT 2 , PAGE 47

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

      MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ, INFRINGES and REFER OR RELATE. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO any claim or contention that any doll, product or other matter INFRINGES BRATZ could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. MGA further objects to this request on the grounds that the terms BRATZ, INFRINGES and REFER AND RELATE TO render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive

1  information, the disclosure of which would be inimical to the business interests of

2  MGA.  Such information may also be subject to protective orders governing other

3  litigations thereby precluding disclosure in response to this request.

4  MGA further objects to this request as cumulative, duplicative, and unduly

5  burdensome to the extent that it seeks documents previously requested by Mattel or

6  produced by MGA in response to Mattel's document requests, including, but not

7  limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

8  Requests for Documents and Things re Claims of Unfair Competition to MGA

9  Entertainment, Inc., Request No. 90 from Mattel's First Set of Requests for

10 Production of Documents and Tangible Things to MGA, and Request No. 182 from

11 Mattel's First Set of Requests for Documents and Things to Isaac Larian.

12 REQUEST FOR PRODUCTION NO. 7:

13 All COMMUNICATIONS, including without limitation cease and desist

14 letters, between YOU and any other PERSON that REFER OR RELATE TO any

15 claim or contention by YOU that any doll or product, whether in whole or in part,

16 sold, offered for sale, manufactured, distributed, promoted or advertised by such

17 PERSON INFRINGES BRATZ.

18 RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

19 MGA incorporates by reference its General Response and General Objections

20 above, as though fully set forth herein and specifically incorporates General

21 Objection No. 15 (regarding Definitions), including without limitation MGA's

22 objection to the definition of the terms BRATZ, INFRINGES and REFER OR

23 RELATE TO.  MGA further objects to the request to the extent it seeks the

24 production of documents that are protected from disclosure under any applicable

25 privilege, doctrine or immunity, including without limitation the attorney-client

26 privilege, the work product doctrine, the right of privacy, and all other privileges

27 recognized under the constitutional, statutory or decisional law of the United States

28 of America, the State of California or any other applicable jurisdiction.  MGA further

MGA'S RESPONSES TO MATTEL'S THIRD          CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

EXHIBIT  7 , PAGE 49

1  objects to this request on the grounds that it is overly broad and unduly burdensome

2  in that it seeks documents not relevant to the claims or defenses in this action and not

3  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

4  demonstrated how *all* COMMUNICATIONS that REFER OR RELATE TO any

5  claim or contention that any doll or product INFRINGES BRATZ could be relevant

6  to the claims and defenses in this action. The request is not limited to the subject

7  matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at

8  9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being

9  overly broad and unduly burdensome on the grounds that it is not limited in time or

10 geographical scope. MGA further objects to this request on the grounds that the

11 terms BRATZ, INFRINGES and REFER OR RELATE TO render the request vague,

12 ambiguous, overly broad and unduly burdensome. MGA further objects to the

13 request to the extent that it seeks documents not in MGA's possession, custody or

14 control. MGA further objects to the request to the extent it seeks confidential,

15 proprietary or commercially sensitive information, the disclosure of which would be

16 inimical to the business interests of MGA. Such information may also be subject to

17 protective orders governing other litigations thereby precluding disclosure in

18 response to this request.

19      MGA further objects to this request as cumulative, duplicative, and unduly

20 burdensome to the extent that it seeks documents previously requested by Mattel or

21 produced by MGA in response to Mattel's document requests, including, but not

22 limited to: Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

23 Requests for Documents and Things re Claims of Unfair Competition to MGA

24 Entertainment, Inc., Request No. 90 from Mattel's First Set of Requests for

25 Production of Documents and Tangible Things to MGA, and Request No. 182 from

26 Mattel's First Set of Requests for Documents and Things to Isaac Larian.

27

28

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

EXHIBIT 2, PAGE 50

1  REQUEST FOR PRODUCTION NO. 8:

2      All complaints, statements of claim, counterclaims and answers in the BRATZ

3  LAWSUITS, including without limitation all amendments thereto.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

5      MGA incorporates by reference its General Response and General Objections

6  above, as though fully set forth herein and specifically incorporates General

7  Objection No. 15 (regarding Definitions), including without limitation MGA's

8  objection to the definition of the term BRATZ LAWSUITS. MGA further objects to

9  the request to the extent it seeks the production of documents that are protected from

10 disclosure under any applicable privilege, doctrine or immunity, including without

11 limitation the attorney-client privilege, the work product doctrine, the right of

12 privacy, and all other privileges recognized under the constitutional, statutory or

13 decisional law of the United States of America, the State of California or any other

14 applicable jurisdiction. MGA further objects to this request on the grounds that it is

15 overly broad and unduly burdensome in that it seeks documents not relevant to the

16 claims or defenses in this action and not reasonably calculated to lead to the

17 discovery of admissible evidence. Mattel has not demonstrated how *all* complaints,

18 statements of claim, counterclaims and answers in the BRATZ LAWSUITS could be

19 relevant to the claims and defenses in this action. The request is not limited to the

20 subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order

21 at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being

22 overly broad and unduly burdensome on the grounds that it is not limited in time.

23 MGA further objects to this request on the grounds that the term BRATZ

24 LAWSUITS renders the request vague, ambiguous, overly broad and unduly

25 burdensome. MGA further objects to the request to the extent that it seeks

26 documents that by reason of public filing, public distribution or otherwise are already

27 in Mattel's possession or are readily accessible to Mattel. MGA further objects to

28 the request to the extent that it seeks documents not in MGA's possession, custody or

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

EXHIBIT _2_, PAGE 51

1  control.  MGA further objects to the request to the extent it seeks confidential,

2  proprietary or commercially sensitive information, the disclosure of which would be

3  inimical to the business interests of MGA.  Such information may also be subject to

4  protective orders governing other litigations thereby precluding disclosure in

5  response to this request.

6       MGA further objects to this request as cumulative, duplicative, and unduly

7  burdensome to the extent that it seeks documents previously requested by Mattel or

8  produced by MGA in response to Mattel's document requests, including, but not

9  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

10  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

11  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

12  Larian.

13  REQUEST FOR PRODUCTION NO. 9:

14       All witness lists and other disclosures of witness names or identities in the

15  BRATZ LAWSUITS, including without limitation all amendments thereto.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

17       MGA incorporates by reference its General Response and General Objections

18  above, as though fully set forth herein and specifically incorporates General

19  Objection No. 15 (regarding Definitions), including without limitation MGA's

20  objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to

21  the request to the extent it seeks the production of documents that are protected from

22  disclosure under any applicable privilege, doctrine or immunity, including without

23  limitation the attorney-client privilege, the work product doctrine, the right of

24  privacy, and all other privileges recognized under the constitutional, statutory or

25  decisional law of the United States of America, the State of California or any other

26  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

27  overly broad and unduly burdensome in that it seeks documents not relevant to the

28  claims or defenses in this action and not reasonably calculated to lead to the

1  discovery of admissible evidence.  Mattel has not demonstrated how *all* witness lists

2  and other disclosures of witness names or identities in the BRATZ LAWSUITS

3  could be relevant to the claims and defenses in this action.  The request is not limited

4  to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13

5  Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as

6  being overly broad and unduly burdensome on the grounds that it is not limited in

7  time.  MGA further objects to this request on the grounds that the term BRATZ

8  LAWSUITS renders the request vague, ambiguous, overly broad and unduly

9  burdensome.  MGA further objects to the request to the extent that it seeks

10 documents that by reason of public filing, public distribution or otherwise are already

11 in Mattel's possession or are readily accessible to Mattel.  MGA further objects to

12 the request to the extent that it seeks documents not in MGA's possession, custody or

13 control.  MGA further objects to the request to the extent it seeks confidential,

14 proprietary or commercially sensitive information, the disclosure of which would be

15 inimical to the business interests of MGA.  Such information may also be subject to

16 protective orders governing other litigations thereby precluding disclosure in

17 response to this request.

18      MGA further objects to this request as cumulative, duplicative, and unduly

19 burdensome to the extent that it seeks documents previously requested by Mattel or

20 produced by MGA in response to Mattel's document requests, including, but not

21 limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

22 Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

23 and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

24 Larian.

25 REQUEST FOR PRODUCTION NO. 10:

26      All interrogatory responses by YOU or made on YOUR behalf in the BRATZ

27 LAWSUITS, including without limitation all amendments thereto.

28

23

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term BRATZ LAWSUITS. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* interrogatory responses in the BRATZ LAWSUITS could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the term BRATZ LAWSUITS renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. Such information may also be subject to protective orders governing other litigations

24

1  thereby precluding disclosure in response to this request.  MGA further objects to the

2  request to the extent it violates the privacy rights of third parties to their private,

3  confidential, proprietary or trade secret information.

4      MGA further objects to this request as cumulative, duplicative, and unduly

5  burdensome to the extent that it seeks documents previously requested by Mattel or

6  produced by MGA in response to Mattel's document requests, including, but not

7  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

8  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

9  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

10  Larian.

11  REQUEST FOR PRODUCTION NO. 11:

12      All transcripts of proceedings, including all trial and hearing transcripts, in the

13  BRATZ LAWSUITS, including without limitation all amendments thereto.

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

15      MGA incorporates by reference its General Response and General Objections

16  above, as though fully set forth herein and specifically incorporates General

17  Objection No. 15 (regarding Definitions), including without limitation MGA's

18  objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to

19  the request to the extent it seeks the production of documents that are protected from

20  disclosure under any applicable privilege, doctrine or immunity, including without

21  limitation the attorney-client privilege, the work product doctrine, the right of

22  privacy, and all other privileges recognized under the constitutional, statutory or

23  decisional law of the United States of America, the State of California or any other

24  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

25  overly broad and unduly burdensome in that it seeks documents not relevant to the

26  claims or defenses in this action and not reasonably calculated to lead to the

27  discovery of admissible evidence.  Mattel has not demonstrated how *all* transcripts of

28  proceedings in the BRATZ LAWSUITS could be relevant to the claims and defenses

1  in this action.  The request is not limited to the subject matter of this action and is

2  thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-

3  7.  MGA further objects to this request as being overly broad and unduly

4  burdensome on the grounds that it is not limited in time.  MGA further objects to this

5  request on the grounds that the term BRATZ LAWSUITS renders the request vague,

6  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

7  request to the extent that it seeks documents that by reason of public filing, public

8  distribution or otherwise are already in Mattel's possession or are readily accessible

9  to Mattel.  MGA further objects to the request to the extent that it seeks documents

10 not in MGA's possession, custody or control.  MGA further objects to the request to

11 the extent it seeks confidential, proprietary or commercially sensitive information,

12 the disclosure of which would be inimical to the business interests of MGA.  Such

13 information may also be subject to protective orders governing other litigations

14 thereby precluding disclosure in response to this request.  MGA further objects to the

15 request to the extent it violates the privacy rights of third parties to their private,

16 confidential, proprietary or trade secret information.

17        MGA further objects to this request as cumulative, duplicative, and unduly

18 burdensome to the extent that it seeks documents previously requested by Mattel or

19 produced by MGA in response to Mattel's document requests, including, but not

20 limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

21 Production of Documents and Tangible Things to MGA, and Request Nos. 121, and

22 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

23 Larian.

24 REQUEST FOR PRODUCTION NO. 12:

25        All transcripts of depositions given by or on behalf of YOU in the BRATZ

26 LAWSUITS, including without limitation all amendments thereto.

27

28

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

EXHIBIT _2_, PAGE 56