**EXHIBIT 3**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

December 13, 2007

<u>VIA E-MAIL AND FACSIMILE</u>

Thomas Nolan, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Los Angeles, California 90071

Timothy Miller, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111

Re:    Mattel v. Bryant, Case No. CV 04-9049 SGL (RNBx)

Dear Counsel:

I write pursuant to paragraph 5 of the Discovery Master Stipulation to request a meeting of counsel regarding the numerous deficiencies in MGA Entertainment, Inc's Objections and Responses to Mattel, Inc.'s Third Set of Requests for Documents and Things, dated November 26, 2007 (the "Response").

As a preliminary matter, MGA has refused to produce a single document in response to any of Mattel's 88 Requests. On its face, MGA's blanket, wholesale withholding of all responsive documents demonstrates a lack of good faith on the part of MGA to satisfy its discovery obligations.

Specific deficiencies in MGA's Response include the following.

I.     <u>Improper General Objections</u>

<u>General Objection No. 4:</u>

MGA's objection that Mattel's Requests seek documents protected by a right of privacy is meritless. The parties have stipulated to, and the Court has entered, a Protective Order in this action. One would be hard pressed to hypothesize a set of facts that would infringe upon MGA's

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2325031.2

EXHIBIT 3 , PAGE 164


Thomas Nolan, Esq.
Timothy Miller, Esq.
December 13, 2007

privacy interests, given that the Discovery Master has ruled that the Protective Order is sufficient to alleviate any privacy concerns over items such as personnel files. *See* Order Dated May 15, 2007 at 11, n.4.

**General Objection Nos. 5 and 6:**

MGA's objections that Mattel's Requests seek documents accessible from public sources or third parties is also meritless. For example, MGA cannot refuse to produce responsive documents within its possession, custody or control and require Mattel to seek such documents from third parties. MGA is party to this lawsuit and Mattel is entitled to discoverable information in MGA's possession, custody or control. MGA does not get to dictate what discovery devices Mattel must use to obtain information that is relevant to this lawsuit.

**General Objection No. 7:**

MGA does not identify which definitions purportedly impose requirements "in addition to those imposed by Federal law." Generic, non-specific objections are improper. Further, this objection cannot relieve MGA of its obligation under Federal Rule of Civil Procedure 26(b) to produce discovery for all non-privileged matters that are relevant to Mattel's claims and defenses.

**General Objection No. 8:**

MGA's apparent attempt to limit its search for documents only within its control is improper. Federal Rule of Civil Procedure 34 expressly requires the production of documents that are in the "possession, custody or control of the party upon whom [a] request[] is served."

**General Objection Nos. 4 and 10:**

To the extent that MGA is withholding documents on the basis of privilege, it must, under Federal Rule of Civil Procedure 26(b)(5), sufficiently describe those documents in a privilege log to permit Mattel to assess the applicability of MGA's privilege claims. We trust that MGA will serve Mattel with a log identifying documents withheld from production based on a claim of privilege.

Further, it is curious that MGA would object to producing documents on the basis of "trade - secret." Your colleague Robert Herrington recently sent a letter to Dylan Proctor stating that "refusal to produce documents based on a purported 'trade secrets' privilege is unwarranted" because the "Protective Order in this action provides for confidentiality." *See* Letter to Dylan Proctor dated December 7, 2007 at 2. Additionally, Judge Larson's recent Order granting Mattel's request for additional discovery requires MGA to disclose "without objection" its own trade secret allegations in this case.


EXHIBIT 3 . PAGE 65

Thomas Nolan, Esq.
Timothy Miller, Esq.
December 13, 2007

**General Objection No. 11:**

MGA's objects to the Requests to the extent they seek information "relating to the activities or
conduct of other entities or non-parties." This blanket limitation is improper. There are any
number of instances were responsive documents that relate the "activities or conduct" of others
will clearly be relevant. For example, the "activities or conduct" of Carter Bryant, Carlos
Gustavo Machado Gomez, Mariana Trueba Almada, Pablo Vargas San Jose and others while
they were employed by Mattel go directly to the heart of the claims and defenses in this lawsuit.
Please be prepared to identify and discuss any requests where MGA has limited its search for or
production of responsive documents based on this general objection.

**General Objection No. 12:**

Nor can MGA refuse to produce responsive documents on the grounds that they relate to
"activities or conduct in foreign countries." MGA simply does not get to impose this kind of
unilateral restriction on the scope of discovery. By way of example, Mattel's claims against
MGA include allegations that it hired individuals in Mexico and Canada who stole Mattel's trade
secrets for MGA's benefit. MGA's arbitrary restriction would exclude relevant, discoverable
information that goes to the heart of such claims.

**General Objection No. 15:**

(a)    MGA's objections to Mattel's definitions of "YOU," "YOUR" and "MGA" are
       unintelligible. In any event, MGA cannot limit the definitions as stated in its response.
       MGA must include within the definitions all persons and entities as defined by Mattel,
       not just "persons or entities who held themselves out to MGA as officers, employees,
       agents, subsidiaries or divisions of MGA."

(b)    MGA's objection to Mattel's definition of "BRATZ" on the grounds that it "include[s] . . .
       things that do not fairly represent the Bratz line of dolls, accessories and related products
       that are the subject of this case" without merit. So too is MGA's attempt to restrict the
       term "BRATZ" to "the line of dolls introduced by MGA to the market for sale in May or
       June of 2001 and subsequent dolls, accessories and other products known as Bratz or
       associated by MGA with the Bratz line of dolls." Among other things, MGA's unilateral
       restriction on the term "BRATZ" would allow it to withhold documents relating to the
       design, conception and creation of what came to known as Bratz, which the Discovery
       Master has already found go the heart of the claims in this lawsuit and compelled both
       MGA and Bryant to produce discovery on.

(c)    MGA's objection to Mattel's definition of "SCOOTER SAMANTHA" and its attempt to
       limit the term to "the line of dolls, accessories and other products known as Scooter
       Samantha or associated by MGA with the Scooter Samantha line of dolls" is likewise
       improper.

EXHIBIT 3 . PAGE 66

Thomas Nolan, Esq.
Timothy Miller, Esq.
December 13, 2007

(d)     MGA's objection to Mattel's definition of "SPACE BABES," including on the grounds that it includes "two-dimensional and three-dimensional representations" and the apparent attempt to restrict this term to a physical doll is improper for the same reasons.

(e)     MGA's objection to Mattel's definition of "SCOOTER SHANNON" and its attempt to restrict this term to the line of dolls introduced by Mattel to the market for sale in October 2001 and subsequent dolls, accessories and other products know as Scooter Shannon or associated by MGA with the Scooter Shannon line of dolls" is improper for the same reasons.

(f)     MGA's objections to Mattel's definition of "Any" and "REFER OR RELATE TO" have no merit.  Please be prepared to discuss how these terms are "overbroad, unduly burdensome, and/or vague and ambiguous in the context of these Requests, particularly given MGA's own use of similar terms in its own discovery requests.

(g)     MGA's objection to Mattel's definition of "THIRD PARTY LAWSUITS" is similarly improper because MGA does not explain why the definition is purportedly overbroad and unduly burdensome.

(h)     MGA's objection to Mattel's definition of "BRATZ LAWSUITS" is improper and MGA cannot limit the definition to only the legal actions listed in the Requests.  MGA must produce documents referring or relating to all legal actions involving Bratz products, as defined by Mattel.  As discussed further below, MGA's past claims and contentions regarding Bratz are relevant to both Mattel's and MGA's claims in this lawsuits.

(i)     MGA's objections to Mattel's definition of "INFRINGE" and "INFRINGES" are disingenuous.  MGA contends that the definitions are vague and ambiguous, but its objections evince an understanding of the terms, based on its attempt to limit the definition in an impermissibly narrow way.  Further, Mattel has no obligation to define terms consistent with MGA's interpretation or understanding of law.  Mattel's definitions are proper and are reasonably calculated to discover admissible evidence.

Please be prepared to identify and discuss at our meet and confer conference any requests where MGA has limited its search for or production of responsive documents based on these or any of MGA's other General Objections.

## II.    **Improper Specific Objections**

The deficiencies in MGA's General Objections also apply to MGA's Specific Objections, to the extent that MGA "specifically" incorporates any of its General Objections into its Specific Objections.  Further, MGA's Specific Objections are also deficient for the following reasons:

EXHIBIT 3 , PAGE 167

Thomas Nolan, Esq.
Timothy Miller, Esq.
December 13, 2007

## Objections Based on Claims of Privilege (Request Nos. 1-16, 18-88):

MGA objects to *every* Request, except No. 17, "to the extent it seeks the production of
documents that are protected from disclosure under any applicable privilege . . . including
without limitation the attorney-client privilege [and] the work product doctrine . . . ."[1]  This
boilerplate objection is clearly inapplicable to many of Mattel's Requests.  For example, Request
Nos. 1 and 2 seek "a sample of each doll, product or other matter" that MGA has alleged
infringes Bratz.  We fail to understand how a sample *product* could be privileged on any basis,
including, but not limited to, the attorney-client privilege and attorney work-product doctrine.
Sample products are not communications with attorneys.

As another example, MGA included the same objection to Request No. 11, which seeks
"transcripts of proceedings . . . in the BRATZ LAWSUITS."  We fail to see how such transcripts
could be privileged.  MGA has no basis to withhold any documents responsive to Request No. 11
based on either the attorney-client privilege or attorney work-product work.  Rather, it appears
that MGA has improperly included this boilerplate objection—as well as other boilerplate
objections discussed below—in response to every Request.

Mattel is not asking for the production of any documents that are legitimately privileged.  If
MGA has a good faith basis for asserting that these protections apply, then all protected
documents should be included in MGA's privilege log.

## Objections Based on Allegedly Cumulative/Duplicate Requests (Request Nos. 6-16, 18-31, 34-35, 39-40, 42-51, 53-65, 67-68, 70-72, 74-78, 80-82, 84-86 and 88)

MGA objects to each of the above Requests "as cumulative, duplicative, and unduly burdensome
to the extent that it seeks documents previously requested by Mattel or produced by MGA in
response to Mattel's document requests" and purports to identify duplicative requests.

MGA's objections are improper.  As a preliminary matter, MGA cannot object to these requests
on the grounds that they are "cumulative and duplicative" pointing to requests to Isaac Larian.
Moreover, these request are not "cumulative or duplicative" of any of the requests MGA points
to nor does it appear that MGA has already produced the documents responsive to these requests.
In any event, a party asserting that a request is redundant must specifically refer to the
documents that it has already produced or describe the relevant search or searches it has already
performed, to establish that a request is unreasonably cumulative or duplicative.  Merely
identifying purportedly duplicative requests does not relieve MGA of its obligation to produce
all relevant non-privileged documents.

---

[1]   We note that MGA has not made any specific objections to Request No. 17.  MGA has
waived any such objections it may have had to this Request.

EXHIBIT 3 , PAGE 168

Thomas Nolan, Esq.
Timothy Miller, Esq.
December 13, 2007

## Objections Based on Allegedly Cumulative/Duplicate Requests (Request Nos. 1-5, 32-33, 36-38, 41, 52, 66, 69, 73, 79, 83 and 87)

MGA also objects to the above Requests as cumulative, but it does not even attempt to identify any purportedly duplicative requests. These boilerplate, generic non-specific objections are improper for the reason stated above.

## Objections Based on Claims of Commercially Sensitive Information (All Requests Except Nos. 36 and 38)

MGA makes a boilerplate objection to *every* Request *except* for Request Nos. 17, 36 and 38 on the grounds that the Requests purportedly seek "confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA."[2] These objections are particularly inexplicable given that MGA has produced the majority of its documents with an "Attorney's Eyes Only" designation under the Protective Order. Further, the Discovery Master has ruled with respect to personnel files and other purportedly sensitive information that the Protective Order is sufficient to alleviate any privacy concerns. *See* Order Dated May 15, 2007 at 11, n.4. MGA's objections are meritless.

## Objections Based on Alleged Privacy Rights of Third Parties (Requests Nos. 10-16, 18-22, 24-25, 29, 35, 39-41, 54, 66-68, 74, 76-88)

Similarly, the Protective Order adequately addresses MGA's purported concerns about the privacy rights of third parties.

## Relevancy Objections to Requests Seeking Documents for Bratz Lawsuits and MGA's Claims and Contentions of Bratz Infringing Products (Request Nos. 1-30)

MGA's contention that these Requests seek documents "not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence" is frivolous.

Request Nos. 1 through 30 are reasonably calculated to lead to discoverable evidence regarding Mattel's claims that MGA stole Bratz and MGA's claims that Mattel copied Bratz. MGA's claims, contentions and assertions against other litigants and potential litigants regarding which dolls and products infringe Bratz, as defined in the Requests, are relevant to and probative of, *at a minimum*, (i) when did MGA allegedly develop and create Bratz; (ii) what actions and steps did MGA allegedly take to develop Bratz; and (iii) how has MGA interpreted "its" ownership and intellectual property rights over Bratz, as established by its past claims and contentions

---

[2]    As noted above, MGA has not made any specific objections to Request No. 17.

EXHIBIT 3 , PAGE 169

Thomas Nolan, Esq.
Timothy Miller, Esq.
December 13, 2007

regarding Bratz.  MGA may be estopped in these lawsuits from making claims and contentions that are contrary to its past claims and contentions, which constitute judicial admissions.

Furthermore, Mattel is entitled to know what other dolls and products MGA has asserted are similar or dissimilar to Bratz.  This is relevant not only to MGA's claims in this suit that various Bratz works at issue are totally dissimilar, or to an MGA counter-argument to Mattel's copyright infringement claims.  It is also relevant because MGA's own claims assert that Mattel products are similar to and infringing upon MGA products.

Accordingly, MGA must produce documents responsive to Mattel's Requests.

**Relevancy Objections to Request Seeking "Jade" Documents (Request No. 31)**

This Request seeks documents that are relevant to the issue of when MGA allegedly developed and created Bratz.  Please be prepared to discuss why MGA contends that these documents are not relevant.

**Relevancy Objections to Requests Seeking Sandra Bilotto Documents (Request Nos. 32-41 and 80)**

As you are aware, Anna Rhee testified during her deposition that Carter Bryant approached her and requested that she work on a "secret" project.  Mr. Bryant asked Ms. Rhee to refer to the "secret" project as "Angels."  Ms. Rhee subsequently learned that the "secret" project on which she had worked was Bratz.

MGA contends that Ms. Rhee worked not on Bratz, but on "Prayer Angels."  Sandra Bilotto was the sculptor of "Prayer Angels," but MGA has only produced a small quantity of documents related to Ms. Bilotto's work on that product line.  Mattel is entitled to discover documents related to Ms. Bilotto's work on the "Prayer Angels" product line to ascertain what facts, if any, support MGA's contention that Ms. Rhee worked not on Bratz, but on "Prayer Angels," at the request of Mr. Bryant.  Request Nos. 32 through 41 are narrowly crafted and reasonably calculated to lead to the discovery of admissible evidence on this issue.

**Relevancy Objection to Requests Seeking Communications Between Paula Garcia and Isaac Larian and Documents Relating to Payments to Paula Garcia (Request Nos. 42 and 76-77)**

Communications between Isaac Larian and Paula Garcia and payments from MGA to Garcia are clearly relevant to the timing of the conception, creation, design and development of Bratz as well as issues of credibility and bias.  Indeed, the Discovery Master has already held that requests seeking similar information regarding Carter Bryant and others are relevant for these same reasons.  *See* Order dated January 25, 2007 at 13-14.


EXHIBIT 3 , PAGE 170

Thomas Nolan, Esq.
Timothy Miller, Esq.
December 13, 2007

### Relevancy Objections to Requests Seeking Documents Relating to Scooter Samantha and Scooter Shannon (Request Nos. 43-55)

Mattel has contended that MGA's "Scooter Samantha" products were the result of MGA's trade secret theft of Mattel's "Scooter Shannon" products. "Scooter Samantha" is thus at issue and Request Nos. 43-55 are narrowly tailored and reasonably calculated to lead to the discovery of admissible evidence on this issue.

MGA's reliance on Judge Infante's Order dated April 19, 2007 is misplaced. The April 19, 2007 Order states that a party cannot "use broad discovery requests, untethered to a claim or defense, to fish for new claims," but that it can propound discovery requests that are "reasonably tailored to [obtain] documents relevant" to a claim or defense. *See* April 19, 2007 Order at 7:1, 7:6-7. As explained above, Request Nos. 43-55 are reasonably calculated to lead to the discovery of admissible evidence on the issue of MGA's trade secret thefts. For these same reasons, MGA's reliance on Judge Infante's Orders dated May 22, 2007 and August 13, 2007 is also without merit. *See* May 22, 2007 Order at 21:5-7 (denying MGA's requests to produce documents that "have no relevance to the claims and defenses in the suit.")

### Relevancy Objections to Requests Seeking Documents Relating to Scott Reyes and Space Babes (Request Nos. 56-75 and 79)

These Requests are relevant to Mattel's claims that MGA has engaged in a pattern of stealing and using Mattel's property and trade secrets. MGA has produced a limited number of documents revealing that Scott Reyes, a former Mattel designer, showed Ms. Garcia drawings of a doll concept called "Space Babes" while MGA was considering hiring Mr. Reyes.

Mattel is entitled to discover what that concept was, whether MGA copied, stole or used it and where it originated from. Similarly, Mattel is entitled to discover whether MGA copied, stole or used any other concepts or properties from Mattel through its employees and former employees. Request Nos. 56-75 and 79 are narrowly crafted and reasonably calculated to lead to the discovery of admissible evidence on these issues.

### Relevancy Objections to Requests Seeking Personnel and Vendor Files (Request Nos. 78, 81-88)

Mattel seeks the personnel and vendor files for individuals who were involved in the development of Bratz and/or Angel. These requests seeks documents that are highly relevant to, among other things, the conception, creation, design and development Bratz and the timing thereof. Indeed, the Discovery Master has previously found MGA personnel and vendor files to be relevant for this very reason. *See* Request No. 88 to Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc. and Order Dated May 15, 2007 at 9-10. Moreover, as the Discovery Master also previously ruled, the Protective Order is sufficient to alleviate any privacy concerns. *See* Order Dated May 15, 2007 at 11, n.4.

EXHIBIT 3, PAGE 71

Thomas Nolan, Esq.
Timothy Miller, Esq.
December 13, 2007

Moreover, many of the individuals performed work for Mattel prior to working for MGA. The Requests are therefore also relevant to Mattel's claims that MGA has engaged in a pattern of stealing and using Mattel's property and trade secrets or may show that MGA copied Mattel, not the other way around, as MGA claims.

* * * * *

Unless we can resolve these issues with MGA's responses, Mattel will seek relief that asks the Discovery Master to compel MGA to provide supplemental responses and produce responsive documents and to impose monetary sanctions.

Please let me know when MGA's counsel is available to meet and confer on these issues within the time required. I look forward to hearing from you.

Very truly yours,

Michael T. Zeller

EXHIBIT 3 , PAGE 72

**EXHIBIT 4**

THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600
E-mail:       tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA  94111-5974
Telephone:   (415) 984-6400
Facsimile:   (415) 984-2698
Email:        rkennedy@skadden.com

Attorneys for MGA Entertainment, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | **MGA ENTERTAINMENT, INC.'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

PROPOUNDING PARTY:      MATTEL, INC.

RESPONDING PARTY:        MGA ENTERTAINMENT, INC.

SET NUMBER:                   THIRD

EXHIBIT 4 . PAGE 173

---

MGA'S SUPPLEMENTAL RESPONSES TO
MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, MGA

2  Entertainment, Inc. ("MGA") hereby submits these responses and objections (the

3  "Supplemental Response") to Mattel, Inc.'s ("Mattel's") Third Set of Requests for

4  Production of Documents to MGA (the "Requests").

5                    **GENERAL RESPONSE**

6    The General Response and General and Specific Objections set forth herein

7  apply to all documents that MGA may in the future produce in response to the

8  Requests.  The Supplemental Response is made without waiving, or intending to

9  waive but, on the contrary, expressly reserving:  (a) the right to object, on the

10  grounds of competency, privilege, relevancy or materiality, or any other proper

11  grounds, to the use of the documents, for any purpose in whole or in part, in any

12  subsequent step or proceeding in this action or any other action; (b) the right to

13  object on any and all grounds, at any time, to other requests for production or other

14  discovery procedures involving or relating to the subject matter of the Requests; and

15  (c) the right at any time to revise, correct, add to, or clarify any of the responses

16  propounded herein.

17    The Supplemental Response reflects only the present state of MGA's

18  discovery regarding the documents that Mattel seeks.  Except as otherwise stated

19  below, an objection to a specific document request does not imply that documents

20  responsive to the request exist or have ever existed.  In addition, an agreement to

21  produce documents responsive to any specific document request does not imply that

22  documents responsive to the request exist or have existed; rather, it is an agreement

23  to produce non-privileged documents responsive to that particular document request

24  as limited by or interpreted in any applicable General or Specific objections, if any

25  exist.  Production of any document is not intended as, and, to the extent permitted by

26  law, shall not be deemed to be, a waiver of any objection set forth herein.  Discovery

27  and other investigation or research concerning this litigation are continuing.  MGA,

28

EXHIBIT 4 . PAGE 74

1

1   therefore, reserves the right to amend or supplement this Supplemental Response at

2   any time in light of future investigation, research or analysis, and also expressly

3   reserves the right to rely on, at any time, including trial, subsequently discovered

4   information or information omitted from this Supplemental Response as a result of

5   mistake, error, oversight or inadvertence.  MGA does not hereby admit, adopt or

6   acquiesce in any factual or legal contention, assertion or characterization contained

7   in the Request or any particular request therein, even where MGA has not otherwise

8   objected to a particular request, or has agreed to produce documents responsive to a

9   particular request.

10                          **GENERAL OBJECTIONS**

11          MGA incorporates the following General Objections, as well as the General

12  Response, into its Specific Supplemental Responses and Objections to each and

13  every request for documents contained in the Requests:

14          1.    MGA objects to the date and place of production on the grounds

15  that they impose an undue burden on MGA.  The time set for compliance is unduly

16  burdensome, especially in light of the number of document requests, and the scope

17  and volume of the material being sought.  To the extent MGA later agrees to produce

18  responsive documents, MGA intends to proceed expeditiously to collect the

19  documents for production, if any, and will produce them at a date and time, and in

20  such a manner, as may be mutually agreed by counsel for the parties.

21          2.    MGA objects to the Requests to the extent that they seek

22  documents not relevant to the claims or defenses in this action and are not reasonably

23  calculated to lead to the discovery of admissible evidence.

24          3.    MGA objects to the Requests on the grounds that they are overly

25  broad and unduly burdensome.

26          4.    MGA objects to the Requests insofar as they seek documents that

27  are protected from disclosure under any applicable privilege, doctrine or immunity,

28

2

EXHIBIT 4 . PAGE 175

1   including without limitation the attorney-client privilege, the attorney work product

2   doctrine, the right of privacy, and all other privileges recognized under the

3   constitutional, statutory or decisional law of the United States of America or any

4   other applicable jurisdiction.  MGA shall not produce such documents in response to

5   Mattel's Request.  Any production of such protected or privileged materials is

6   inadvertent and shall not be construed as a waiver of those privileges or protections.

7            5.     MGA objects to the Requests insofar as they seek documents that

8   by reason of public filing, public distribution or otherwise are already in Mattel's

9   possession or are readily accessible to Mattel from public sources or third parties.

10            6.     MGA objects to the Requests insofar as they seek production of

11   documents (1) not within its possession, custody or control; (2) that MGA cannot

12   locate after a reasonably diligent search; or (3) that refer to persons, entities, or

13   events not known to MGA.  Such instructions, definitions, or requests are

14   objectionable where they subject MGA to unreasonable and undue annoyance,

15   oppression, burden, and expense; and/or seek to impose upon MGA an obligation to

16   produce documents from sources equally accessible to Mattel.  To the extent MGA

17   agrees to produce documents in response to the Requests, MGA will make a

18   reasonably diligent search for responsive documents within its possession, custody or

19   control.

20            7.     In responding to Mattel's Requests, MGA has not and will not

21   comply with any instructions or definitions that seek to impose requirements in

22   addition to those imposed by Federal law.

23            8.     MGA objects to each and every request to the extent it purports to

24   require MGA to search all documents and things within its possession, custody or

25   control or within the possession, custody or control of any of MGA's current or

26   former employees, officers, directors, agents, representatives, attorneys, parents,

27   subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest,

28

EXHIBIT 4 , PAGE 76

3

1  and any other person acting on its behalf, pursuant to its authority or subject to its

2  control, on the grounds that such request is unreasonable, overbroad, unduly

3  burdensome and oppressive, violates the right to privacy, and purports to require

4  MGA to search for documents not within its possession, custody or control.  To the

5  extent MGA agrees to produce documents in response to the Requests, MGA will

6  make a reasonably diligent search for responsive documents within its possession,

7  custody or control.

8         9.  MGA objects to each and every request to the extent it seeks "all

9  documents" responsive to a certain category on the grounds that such request is

10  overbroad and unduly burdensome and oppressive.  MGA will not respond to

11  duplicative or cumulative requests and will not re-produce documents it has already

12  produced or produce documents that it has received from Mattel or others in the

13  course of discovery in this matter.

14        10.  MGA objects to the Requests insofar as they seek production of

15  confidential, proprietary, or trade-secret information, the disclosure of which would

16  be inimical to the business interests of MGA.

17        11.  MGA objects to each request to the extent it seeks information

18  relating to the activities or conduct of other entities or non-parties.

19        12.  MGA objects to each request to the extent it seeks information

20  relating to activities or conduct in foreign countries.

21        13.  MGA objects to the definitions and instructions to the extent such

22  definitions and instructions purport to enlarge, expand, or alter in any way the plain

23  meaning and scope of any specific term or specific request on the ground that such

24  enlargement, expansion, or alteration renders such a term or request vague,

25  ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

26        14.  MGA objects to the Instructions to the extent that they purport to

27  deprive MGA of the right to redact information from any documents "for any

28  EXHIBIT 4, PAGE 77

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

1   reason." MGA retains and reserves the right to redact documents on any appropriate

2   grounds, including in particular for privilege.

3          15.   MGA specifically objects to the following definitions in the

4   Requests:

5          (a)   MGA objects to the terms "YOU," "YOUR" and "MGA"

6   (Definitions ¶ A) as vague, ambiguous, overbroad, and unduly burdensome. The

7   definition includes "MGA Entertainment, Inc., and all of its current or former

8   directors, officers, employees, agents, contractors, attorneys, accountants,

9   representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

10  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

11  authority or subject to its control." Because of Mattel's incorporating the overbroad

12  definition of "AFFILIATE" (Definitions ¶ C) as including "any and all corporations,

13  proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind

14  that, directly or indirectly, in whole or in part, own or control, are under common

15  ownership or control with, or are owned or controlled by a PERSON, party or entity,

16  including without limitation each parent, subsidiary and joint venture of such

17  PERSON, party or entity," it is impossible for MGA to know whether a particular

18  person comes within this definition unless that person or entity at some point in time

19  held himself or herself out as being affiliated with MGA. Thus, MGA will interpret

20  the terms "YOU," "YOUR" and "MGA" to refer to all persons or entities who held

21  themselves out to MGA as officers, employees, agents, subsidiaries or divisions of

22  MGA.

23         (b)   MGA objects to the definition of the term "BRATZ"

24  (Definitions ¶ E) as vague, ambiguous, overly broad and unduly burdensome, and

25  designed to mislead and confuse the trier of fact. The definition includes "any

26  project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

27  or in part and regardless of what such project, product or doll is or has been also,

28

EXHIBIT 4, PAGE 78

1    previously or subsequently called) and any product, doll or DESIGN or any portion

2    thereof that is now or has ever been known as, or sold or marketed under, the name

3    or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

4    or DESIGN or portion thereof is or has been also, previously or subsequently called)

5    or that is now or has ever been marketed as part of the 'Bratz' line, and each version

6    or iteration of such product, doll or DESIGN or any portion thereof," and it goes on.

7    By incorporating the definition of "DESIGN," the overly broad definition of

8    "BRATZ" includes two-dimensional and three-dimensional representations,

9    including "works, designs, artwork, sketches, drawings, illustrations, representations,

10   depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

11   samples, rotocasts, reductions to practice, developments, inventions and/or

12   improvements . . . ." (Definitions ¶ I.)  These convoluted and multi-part definitions

13   combine to render the document requests that refer to the term vague, ambiguous and

14   overly broad, and to include within the term "BRATZ" things that do not fairly

15   represent the Bratz line of dolls, accessories and related products that are the subject

16   of this case.  In responding to the Requests, MGA will interpret the term "BRATZ"

17   to mean the line of dolls introduced by MGA to the market for sale in May or June of

18   2001 and subsequent dolls, accessories and other products known as Bratz or

19   associated by MGA with the Bratz line of dolls.

20              (c)    MGA objects to the definition of the term "SCOOTER

21   SAMANTHA" (Definitions ¶ F) as vague, ambiguous, overly broad and unduly

22   burdensome, and designed to mislead and confuse the trier of fact.  The definition

23   includes "any project, product, doll or DESIGN ever known by [the Scooter

24   Samantha] name (whether in whole or in part and regardless of what such project,

25   product or doll is or has been also, previously or subsequently called) and any

26   product, doll or DESIGN or any portion thereof that is now or has ever been known

27   as, or sold or marketed under, the name or term 'Scooter Samantha' (whether in

28

EXHIBIT 4, PAGE 79

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

1   whole or in part and regardless of what such product, doll or DESIGN or portion

2   thereof is or has been also, previously or subsequently called) or that is now or has

3   ever been marketed as part of the 'Scooter Samantha' line, and each version or

4   iteration of such product, doll or DESIGN or any portion thereof," and it goes on.

5   By incorporating the definition of "DESIGN," the overly broad definition of

6   "SCOOTER SAMANTHA" includes two-dimensional and three-dimensional

7   representations, including "works, designs, artwork, sketches, drawings, illustrations,

8   representations, depictions, blueprints, schematics, diagrams, images, sculptures,

9   prototypes, models, samples, rotocasts, reductions to practice, developments,

10  inventions and/or improvements . . . ." (Definitions ¶ I.) These convoluted and

11  multi-part definitions combine to render the document requests that refer to the term

12  vague, ambiguous and overly broad, and to include within the term "SCOOTER

13  SAMANTHA" things that do not fairly represent the Scooter Samantha line of dolls,

14  accessories and related products that are the subject of this case. In responding to the

15  Requests, MGA will interpret the term "SCOOTER SAMANTHA" to mean the line

16  of dolls introduced by MGA to the market for sale in June 2001 and subsequent dolls,

17  accessories and other products known as Scooter Samantha or associated by MGA

18  with the Scooter Samantha line of dolls.

19          (d)    MGA objects to the definition of the term "SPACE

20  BABES" (Definitions ¶ G) as vague, ambiguous, overly broad and unduly

21  burdensome, and designed to mislead and confuse the trier of fact. The definition

22  includes "any project, product, doll or DESIGN ever known by [the Space Babes]

23  name (whether in whole or in part and regardless of what such project, product or

24  doll is or has been also, previously or subsequently called) and any product, doll or

25  DESIGN or any portion thereof that is now or has ever been known as, or sold or

26  marketed under, the name or term 'Space Babes' (whether in whole or in part and

27  regardless of what such product, doll or DESIGN or portion thereof is or has been

28

7

EXHIBIT 4 , PAGE 180

1    also, previously or subsequently called) or that is now or has ever been marketed as

2    part of the 'Scooter Samantha' line, and each version or iteration of such product,

3    doll or DESIGN or any portion thereof," and it goes on.  The definition is also

4    nonsensical as it seeks to define "SPACE BABES" as any product, doll or DESIGN

5    that has ever been marketed as part of the Scooter Samantha line as those are distinct

6    doll lines.  By incorporating the definition of "DESIGN," the overly broad definition

7    of "SPACE BABES" includes two-dimensional and three-dimensional

8    representations, including "works, designs, artwork, sketches, drawings, illustrations,

9    representations, depictions, blueprints, schematics, diagrams, images, sculptures,

10   prototypes, models, samples, rotocasts, reductions to practice, developments,

11   inventions and/or improvements . . . ."  (Definitions ¶ I.)  These convoluted and

12   multi-part definitions combine to render the document requests that refer to the term

13   vague, ambiguous and overly broad.

14               (e)    MGA objects to the definition of the term "SCOOTER

15   SHANNON" (Definitions ¶ H) as vague, ambiguous, overly broad and unduly

16   burdensome, and designed to mislead and confuse the trier of fact.  The definition

17   includes "any project, product, doll or DESIGN ever known by [the Scooter Shannon]

18   name (whether in whole or in part and regardless of what such project, product or

19   doll is or has been also, previously or subsequently called) and any product, doll or

20   DESIGN or any portion thereof that is now or has ever been known as, or sold or

21   marketed under, the name or term 'Scooter Shannon' (whether in whole or in part

22   and regardless of what such product, doll or DESIGN or portion thereof is or has

23   been also, previously or subsequently called) or that is now or has ever been

24   marketed as part of the 'Scooter Shannon' line, and each version or iteration of such

25   product, doll or DESIGN or any portion thereof," and it goes on.  By incorporating

26   the definition of "DESIGN," the overly broad definition of "SCOOTER

27   SHANNON" includes two-dimensional and three-dimensional representations,

28

EXHIBIT __4__, PAGE 181

8

1  including "works, designs, artwork, sketches, drawings, illustrations, representations,

2  depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

3  samples, rotocasts, reductions to practice, developments, inventions and/or

4  improvements . . . ." (Definitions ¶ I.)  These convoluted and multi-part definitions

5  combine to render the document requests that refer to the term vague, ambiguous and

6  overly broad, and to include within the term "SCOOTER SHANNON" things that do

7  not fairly represent the Scooter Shannon line of dolls, accessories and related

8  products that are the subject of this case.  In responding to the Requests, MGA will

9  interpret the term "SCOOTER SHANNON" to mean the line of dolls introduced by

10  Mattel to the market for sale October 2001 and subsequent dolls, accessories and

11  other products known as Scooter Shannon or associated by MGA with the Scooter

12  Shannon line of dolls.

13         (f)     MGA also objects to the terms "any" (Definitions ¶ P) and

14  "REFER OR RELATE TO" (Definitions ¶ N) on the grounds and to the extent they

15  are overbroad, unduly burdensome, and/or are vague and ambiguous in the context

16  of the Requests as written and as those requests would be plainly understood absent

17  Mattel's definitions.

18         (g)     MGA objects to the term "THIRD PARTY LAWSUITS"

19  as overbroad and unduly burdensome.

20         (h)     MGA objects to the term "BRATZ LAWSUITS" as

21  overbroad, unduly burdensome, vague and ambiguous and designed to mislead and

22  confuse the trier of fact.  The definition includes any suit, lawsuit, action, arbitration

23  or customs proceedings, other than the instant action that "REFERS OR RELATES"

24  to "BRATZ."  MGA's definition of the terms "BRATZ" and "REFERS OR

25  RELATES" renders the definition of "BRATZ LAWSUITS" unintelligible because

26  MGA cannot know, by way of example, what lawsuits may "constitut[e], embod[y]

27  or evidenc[e]" "BRATZ."  In responding to the Requests, MGA will interpret the

28

9

EXHIBIT 4 , PAGE 182

1  term "BRATZ LAWSUIT" as only the legal actions listed in the Requests

2  (Definitions ¶ L).

3              (i)    MGA objects to the term "INFRINGE" or "INFRINGES"

4  as overbroad, unduly burdensome, vague and ambiguous and designed to mislead

5  and confuse the trier of fact. The definition includes "dilute, be substantially or

6  confusingly similar to, or otherwise violate any rights in, whether statutory, common

7  law, contractual, or otherwise." The definition strays far from the accepted legal

8  meaning of "infringe" as used in copyright and trademark law by including concepts

9  such as "dilute" or "otherwise violate any rights in, whether statutory, common law,

10  contractual or otherwise." In responding to the Requests, MGA will not interpret the

11  term "INFRINGE" or "INFRINGES," but will rather respond using words contained

12  within the Mattel definition in their normal accepted legal meaning as used in

13  copyright and trademark law.

14              16.    MGA objects to the Requests to the extent they seek the

15  production of documents in their native format where the burden of such production

16  outweighs the likelihood of discovering information that is relevant to the subject

17  matter of the claims or defenses in this action or calculated to lead to the discovery

18  of admissible evidence.

19              17.    MGA objects to the Requests on the grounds that they are

20  harassing, oppressive and unduly burdensome. Mattel has already propounded 667

21  requests for documents and things to MGA, MGA Entertainment (HK) Limited and

22  Isaac Larian ("the MGA Parties"), in response to which the MGA Parties have

23  already produced approximately 3.4 million pages. MGA is, however, willing to

24  meet and confer regarding the additional 88 requests propounded in Mattel's Third

25  Set of Requests for Documents and Things to MGA.

26

27

28                                              EXHIBIT 4 , PAGE 183

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

## SPECIFIC RESPONSES AND OBJECTIONS

1       Without waiving or departing from its General Response and General

2 Objections and specifically incorporating its General Response and General

3 Objections into each of the Specific Supplemental Responses below, MGA makes

4 the following specific responses to the Requests:

5 REQUEST FOR PRODUCTION NO. 1:

6       A sample of each doll, product or other matter that, whether in whole or in

7 part, YOU have alleged or contended INFRINGES BRATZ in any THIRD-PARTY

8 LAWSUIT, including without limitation in the BRATZ LAWSUITS.

9 RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

10       MGA incorporates by reference its General Response and General Objections

11 above, as though fully set forth herein and specifically incorporates General

12 Objection No. 15 (regarding Definitions), including without limitation MGA's

13 objection to the definition of the terms BRATZ, BRATZ LAWSUITS, INFRINGES

14 and THIRD-PARTY LAWSUIT.  MGA further objects to the request to the extent it

15 seeks the production of documents that are protected from disclosure under any

16 applicable privilege, doctrine or immunity, including without limitation the attorney-

17 client privilege, the work product doctrine, the right of privacy, and all other

18 privileges recognized under the constitutional, statutory or decisional law of the

19 United States of America, the State of California or any other applicable jurisdiction.

20 MGA further objects to this request on the grounds that it is overly broad and unduly

21 burdensome in that it seeks tangible items not relevant to the claims or defenses in

22 this action and not reasonably calculated to lead to the discovery of admissible

23 evidence.  Mattel has not demonstrated how samples of each doll, product or other

24 matter alleged or contended to have INFRINGE[D] BRATZ in any THIRD-PARTY

25 LAWSUIT could be relevant to the claims and defenses in this action.  The request is

26 not limited to the subject matter of this action and is thus impermissibly overbroad.

EXHIBIT 4, PAGE 164

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

1  See Magistrate Judge Infante's August 13, 2007 Order ("Aug. 13 Order") at 9:17-20;

2  see also Magistrate Judge Infante's May 22, 2007 Order ("May 22 Order") at 21:5-7

3  (requests that require production of documents "merely mention[ing] MGA and

4  Bratz but that otherwise have no relevance to the claims and defenses in the suit" are

5  impermissibly overbroad).  MGA further objects to this request as being overly

6  broad and unduly burdensome on the grounds that it is not limited in time or

7  geographical scope.  MGA further objects to this request on the grounds that the

8  terms BRATZ, BRATZ LAWSUITS, INFRINGES and THIRD-PARTY LAWSUIT

9  render the request vague, ambiguous, overly broad and unduly burdensome.  MGA

10  further objects to the request to the extent that it seeks information that by reason of

11  public filing, public distribution or otherwise are already in Mattel's possession or

12  are readily accessible to Mattel.  MGA further objects to the request to the extent that

13  it seeks tangible items not in MGA's possession, custody or control.  MGA further

14  objects to the request to the extent it seeks confidential, proprietary or commercially

15  sensitive information, the disclosure of which would be inimical to the business

16  interests of MGA.  Such information may also be subject to protective orders

17  governing other litigations thereby precluding disclosure in response to this request.

18  MGA further objects to this request as cumulative, duplicative, and unduly

19  burdensome to the extent that it seeks documents previously requested by Mattel or

20  produced by MGA in response to Mattel's document requests.

21  REQUEST FOR PRODUCTION NO. 2:

22       To the extent not produced in Response to Request No. 1, a sample of each

23  doll, product or other matter that, whether in whole or in part, YOU have alleged or

24  contended, including in any cease and desist letter, INFRINGES BRATZ.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

26       MGA incorporates by reference its General Response and General Objections

27  above, as though fully set forth herein and specifically incorporates General

28

EXHIBIT 4 , PAGE 185

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

1   Objection No. 15 (regarding Definitions), including without limitation MGA's
2   objection to the definition of the terms BRATZ and INFRINGES.  MGA further
3   objects to the request to the extent it seeks the production of documents that are
4   protected from disclosure under any applicable privilege, doctrine or immunity,
5   including without limitation the attorney-client privilege, the work product doctrine,
6   the right of privacy, and all other privileges recognized under the constitutional,
7   statutory or decisional law of the United States of America, the State of California or
8   any other applicable jurisdiction.  MGA further objects to this request on the grounds
9   that it is overly broad and unduly burdensome in that it seeks tangible items not
10  relevant to the claims or defenses in this action and not reasonably calculated to lead
11  to the discovery of admissible evidence.  Mattel has not demonstrated how samples
12  of each doll, product or other matter alleged or contended to have INFRINGE[D]
13  BRATZ could be relevant to the claims and defenses in this action.  The request is
14  not limited to the subject matter of this action and is thus impermissibly overbroad.
15  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this
16  request as being overly broad and unduly burdensome on the grounds that it is not
17  limited in time or geographical scope.  MGA further objects to this request on the
18  grounds that the terms BRATZ and INFRINGES render the request vague,
19  ambiguous, overly broad and unduly burdensome.  MGA further objects to the
20  request to the extent that it seeks information that by reason of public filing, public
21  distribution or otherwise are already in Mattel's possession or are readily accessible
22  to Mattel.  MGA further objects to the request to the extent that it seeks tangible
23  items not in MGA's possession, custody or control.  MGA further objects to the
24  request to the extent it seeks confidential, proprietary or commercially sensitive
25  information, the disclosure of which would be inimical to the business interests of
26  MGA.  Such information may also be subject to protective orders governing other
27  litigations thereby precluding disclosure in response to this request.  MGA further
28

EXHIBIT 4, PAGE 186

1 | objects to this request as cumulative, duplicative, and unduly burdensome to the

2 | extent that it seeks documents previously requested by Mattel or produced by MGA

3 | in response to Mattel's document requests.

4 | REQUEST FOR PRODUCTION NO. 3:

5 |      All photographs, digital scans or other depictions of each and every doll,

6 | product or other matter, that, whether in whole or in part, YOU have alleged or

7 | contended INFRINGES BRATZ in any THIRD-PARTY LAWSUIT, including

8 | without limitation in the BRATZ LAWSUITS.

9 | RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

10 |      MGA incorporates by reference its General Response and General Objections

11 | above, as though fully set forth herein and specifically incorporates General

12 | Objection No. 15 (regarding Definitions), including without limitation MGA's

13 | objection to the definition of the terms BRATZ, BRATZ LAWSUITS, INFRINGES

14 | and THIRD-PARTY LAWSUIT. MGA further objects to the request to the extent it

15 | seeks the production of documents that are protected from disclosure under any

16 | applicable privilege, doctrine or immunity, including without limitation the attorney-

17 | client privilege, the work product doctrine, the right of privacy, and all other

18 | privileges recognized under the constitutional, statutory or decisional law of the

19 | United States of America, the State of California or any other applicable jurisdiction.

20 | MGA further objects to this request on the grounds that it is overly broad and unduly

21 | burdensome in that it seeks tangible items not relevant to the claims or defenses in

22 | this action and not reasonably calculated to lead to the discovery of admissible

23 | evidence. Mattel has not demonstrated how all photographs, digital scans or other

24 | depictions of each and every doll, product or other matter alleged or contended to

25 | have INFRINGE[D] BRATZ in any THIRD-PARTY LAWSUIT could be relevant

26 | to the claims and defenses in this action. The request is not limited to the subject

27 | matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at

28 |

14

EXHIBIT 4 , PAGE 187

1  9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

2  overly broad and unduly burdensome on the grounds that it is not limited in time or

3  geographical scope.  MGA further objects to this request on the grounds that the

4  terms BRATZ, BRATZ LAWSUITS, INFRINGES and THIRD-PARTY LAWSUIT

5  render the request vague, ambiguous, overly broad and unduly burdensome.  MGA

6  further objects to the request to the extent that it seeks information that by reason of

7  public filing, public distribution or otherwise are already in Mattel's possession or

8  are readily accessible to Mattel. MGA further objects to the request to the extent that

9  it seeks tangible items not in MGA's possession, custody or control.  MGA further

10 objects to the request to the extent it seeks confidential, proprietary or commercially

11 sensitive information, the disclosure of which would be inimical to the business

12 interests of MGA.  Such information may also be subject to protective orders

13 governing other litigations thereby precluding disclosure in response to this request.

14 MGA further objects to this request as cumulative, duplicative, and unduly

15 burdensome to the extent that it seeks documents previously requested by Mattel or

16 produced by MGA in response to Mattel's document requests.

17 REQUEST FOR PRODUCTION NO. 4:

18      To the extent not produced in Response to Request No. 3, all photographs,

19 digital scans or other depictions of each doll, product or other matter that, whether in

20 whole or in part, YOU have ever alleged or contended, including in any cease and

21 desist letter, INFRINGES BRATZ.

22 RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

23      MGA incorporates by reference its General Response and General Objections

24 above, as though fully set forth herein and specifically incorporates General

25 Objection No. 15 (regarding Definitions), including without limitation MGA's

26 objection to the definition of the terms BRATZ and INFRINGES.  MGA further

27 objects to the request to the extent it seeks the production of documents that are

28

EXHIBIT 4 , PAGE 135

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

1    protected from disclosure under any applicable privilege, doctrine or immunity,

2    including without limitation the attorney-client privilege, the work product doctrine,

3    the right of privacy, and all other privileges recognized under the constitutional,

4    statutory or decisional law of the United States of America, the State of California or

5    any other applicable jurisdiction.  MGA further objects to this request on the grounds

6    that it is overly broad and unduly burdensome in that it seeks tangible items not

7    relevant to the claims or defenses in this action and not reasonably calculated to lead

8    to the discovery of admissible evidence.  Mattel has not demonstrated how all

9    photographs, digital scans or other depictions of each doll, product or other matter

10   alleged or contended to have INFRINGE[D] BRATZ could be relevant to the claims

11   and defenses in this action.  The request is not limited to the subject matter of this

12   action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22

13   Order at 21:5-7.  MGA further objects to this request as being overly broad and

14   unduly burdensome on the grounds that it is not limited in time or geographical

15   scope.  MGA further objects to this request on the grounds that the terms BRATZ

16   and INFRINGES render the request vague, ambiguous, overly broad and unduly

17   burdensome.  MGA further objects to the request to the extent that it seeks

18   documents that by reason of public filing, public distribution or otherwise are already

19   in Mattel's possession or are readily accessible to Mattel. MGA further objects to the

20   request to the extent that it seeks tangible items not in MGA's possession, custody or

21   control.  MGA further objects to the request to the extent it seeks confidential,

22   proprietary or commercially sensitive information, the disclosure of which would be

23   inimical to the business interests of MGA.  Such information may also be subject to

24   protective orders governing other litigations thereby precluding disclosure in

25   response to this request.  MGA further objects to this request as cumulative,

26   duplicative, and unduly burdensome to the extent that it seeks information previously

27   requested by Mattel or produced by MGA in response to Mattel's document requests.

28

EXHIBIT 4, PAGE 189

16

1   REQUEST FOR PRODUCTION NO. 5:

2       DOCUMENTS sufficient to identify each doll, product or other matter sold,

3   offered for sale, manufactured, distributed, promoted or advertised by any PERSON

4   other than MATTEL that YOU have alleged or contended, whether in whole or in

5   part, INFRINGES BRATZ.

6   RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

7       MGA incorporates by reference its General Response and General Objections

8   above, as though fully set forth herein and specifically incorporates General

9   Objection No. 15 (regarding Definitions), including without limitation MGA's

10  objection to the definition of the terms BRATZ and INFRINGES.  MGA further

11  objects to the request to the extent it seeks the production of documents that are

12  protected from disclosure under any applicable privilege, doctrine or immunity,

13  including without limitation the attorney-client privilege, the work product doctrine,

14  the right of privacy, and all other privileges recognized under the constitutional,

15  statutory or decisional law of the United States of America, the State of California or

16  any other applicable jurisdiction.  MGA further objects to this request on the grounds

17  that it is overly broad and unduly burdensome in that it seeks documents not relevant

18  to the claims or defenses in this action and not reasonably calculated to lead to the

19  discovery of admissible evidence.  Mattel has not demonstrated how each doll,

20  product or other matter alleged or contended to have INFRINGE[D] BRATZ could

21  be relevant to the claims and defenses in this action.  The request is not limited to the

22  subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

23  at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

24  overly broad and unduly burdensome on the grounds that it is not limited in time or

25  geographical scope.  MGA further objects to this request on the grounds that the

26  terms BRATZ and INFRINGES render the request vague, ambiguous, overly broad

27  and unduly burdensome.  MGA further objects to the term "sufficient to identify" as

28

17

EXHIBIT 4 , PAGE 19C

1  vague and ambiguous.  MGA further objects to the request to the extent that it seeks

2  documents that by reason of public filing, public distribution or otherwise are already

3  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to

4  the request to the extent that it seeks tangible items not in MGA's possession,

5  custody or control.  MGA further objects to the request to the extent it seeks

6  confidential, proprietary or commercially sensitive information, the disclosure of

7  which would be inimical to the business interests of MGA.  Such information may

8  also be subject to protective orders governing other litigations thereby precluding

9  disclosure in response to this request.  MGA further objects to this request as

10  cumulative, duplicative, and unduly burdensome to the extent that it seeks

11  documents previously requested by Mattel or produced by MGA in response to

12  Mattel's document requests.

13  REQUEST FOR PRODUCTION NO. 6:

14  All DOCUMENTS that REFER OR RELATE TO any claim or contention by

15  YOU (other than in this ACTION) that any doll, product or other matter, whether in

16  whole or in part, that has been sold, offered for sale, manufactured, distributed,

17  promoted or advertised by any PERSON INFRINGES BRATZ.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

19  MGA incorporates by reference its General Response and General Objections

20  above, as though fully set forth herein and specifically incorporates General

21  Objection No. 15 (regarding Definitions), including without limitation MGA's

22  objection to the definition of the terms BRATZ, INFRINGES and REFER OR

23  RELATE.  MGA further objects to the request to the extent it seeks the production of

24  documents that are protected from disclosure under any applicable privilege, doctrine

25  or immunity, including without limitation the attorney-client privilege, the work

26  product doctrine, the right of privacy, and all other privileges recognized under the

27  constitutional, statutory or decisional law of the United States of America, the State

28

EXHIBIT 4 , PAGE 191

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

1  of California or any other applicable jurisdiction.  MGA further objects to this

2  request on the grounds that it is overly broad and unduly burdensome in that it seeks

3  documents not relevant to the claims or defenses in this action and not reasonably

4  calculated to lead to the discovery of admissible evidence.  Mattel has not

5  demonstrated how all DOCUMENTS that REFER OR RELATE TO any claim or

6  contention that any doll, product or other matter INFRINGES BRATZ could be

7  relevant to the claims and defenses in this action.  The request is not limited to the

8  subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

9  at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

10 overly broad and unduly burdensome on the grounds that it is not limited in time or

11 geographical scope.  MGA further objects to this request on the grounds that the

12 terms BRATZ, INFRINGES and REFER AND RELATE TO render the request

13 vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to

14 the request to the extent that it seeks documents that by reason of public filing,

15 public distribution or otherwise are already in Mattel's possession or are readily

16 accessible to Mattel.  MGA further objects to the request to the extent that it seeks

17 documents not in MGA's possession, custody or control.  MGA further objects to the

18 request to the extent it seeks confidential, proprietary or commercially sensitive

19 information, the disclosure of which would be inimical to the business interests of

20 MGA.  Such information may also be subject to protective orders governing other

21 litigations thereby precluding disclosure in response to this request.

22      MGA further objects to this request as cumulative, duplicative, and unduly

23 burdensome to the extent that it seeks documents previously requested by Mattel or

24 produced by MGA in response to Mattel's document requests, including, but not

25 limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

26 Requests for Documents and Things re Claims of Unfair Competition to MGA

27 Entertainment, Inc., Request No. 90 from Mattel's First Set of Requests for

28

19

EXHIBIT 4, PAGE 192

1  Production of Documents and Tangible Things to MGA, and Request No. 182 from

2  Mattel's First Set of Requests for Documents and Things to Isaac Larian.

3  REQUEST FOR PRODUCTION NO. 7:

4        All COMMUNICATIONS, including without limitation cease and desist

5  letters, between YOU and any other PERSON that REFER OR RELATE TO any

6  claim or contention by YOU that any doll or product, whether in whole or in part,

7  sold, offered for sale, manufactured, distributed, promoted or advertised by such

8  PERSON INFRINGES BRATZ.

9  RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

10        MGA incorporates by reference its General Response and General Objections

11  above, as though fully set forth herein and specifically incorporates General

12  Objection No. 15 (regarding Definitions), including without limitation MGA's

13  objection to the definition of the terms BRATZ, INFRINGES and REFER OR

14  RELATE TO.  MGA further objects to the request to the extent it seeks the

15  production of documents that are protected from disclosure under any applicable

16  privilege, doctrine or immunity, including without limitation the attorney-client

17  privilege, the work product doctrine, the right of privacy, and all other privileges

18  recognized under the constitutional, statutory or decisional law of the United States

19  of America, the State of California or any other applicable jurisdiction.  MGA further

20  objects to this request on the grounds that it is overly broad and unduly burdensome

21  in that it seeks documents not relevant to the claims or defenses in this action and not

22  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

23  demonstrated how all COMMUNICATIONS that REFER OR RELATE TO any

24  claim or contention that any doll or product INFRINGES BRATZ could be relevant

25  to the claims and defenses in this action.  The request is not limited to the subject

26  matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at

27  9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

28

EXHIBIT 4 , PAGE 193

20

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

1  overly broad and unduly burdensome on the grounds that it is not limited in time or

2  geographical scope.  MGA further objects to this request on the grounds that the

3  terms BRATZ, INFRINGES and REFER OR RELATE TO render the request vague,

4  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

5  request to the extent that it seeks documents not in MGA's possession, custody or

6  control.  MGA further objects to the request to the extent it seeks confidential,

7  proprietary or commercially sensitive information, the disclosure of which would be

8  inimical to the business interests of MGA.  Such information may also be subject to

9  protective orders governing other litigations thereby precluding disclosure in

10  response to this request.

11       MGA further objects to this request as cumulative, duplicative, and unduly

12  burdensome to the extent that it seeks documents previously requested by Mattel or

13  produced by MGA in response to Mattel's document requests, including, but not

14  limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

15  Requests for Documents and Things re Claims of Unfair Competition to MGA

16  Entertainment, Inc., Request No. 90 from Mattel's First Set of Requests for

17  Production of Documents and Tangible Things to MGA, and Request No. 182 from

18  Mattel's First Set of Requests for Documents and Things to Isaac Larian.

19  REQUEST FOR PRODUCTION NO. 8:

20       All complaints, statements of claim, counterclaims and answers in the BRATZ

21  LAWSUITS, including without limitation all amendments thereto.

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

23       MGA incorporates by reference its General Response and General Objections

24  above, as though fully set forth herein and specifically incorporates General

25  Objection No. 15 (regarding Definitions), including without limitation MGA's

26  objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to

27  the request to the extent it seeks the production of documents that are protected from

28

EXHIBIT 4, PAGE 194

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

1    disclosure under any applicable privilege, doctrine or immunity, including without

2    limitation the attorney-client privilege, the work product doctrine, the right of

3    privacy, and all other privileges recognized under the constitutional, statutory or

4    decisional law of the United States of America, the State of California or any other

5    applicable jurisdiction. MGA further objects to this request on the grounds that it is

6    overly broad and unduly burdensome in that it seeks documents not relevant to the

7    claims or defenses in this action and not reasonably calculated to lead to the

8    discovery of admissible evidence. Mattel has not demonstrated how all complaints,

9    statements of claim, counterclaims and answers in the BRATZ LAWSUITS could be

10    relevant to the claims and defenses in this action. The request is not limited to the

11    subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order

12    at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being

13    overly broad and unduly burdensome on the grounds that it is not limited in time.

14    MGA further objects to this request on the grounds that the term BRATZ

15    LAWSUITS renders the request vague, ambiguous, overly broad and unduly

16    burdensome. MGA further objects to the request to the extent that it seeks

17    documents that by reason of public filing, public distribution or otherwise are already

18    in Mattel's possession or are readily accessible to Mattel. MGA further objects to

19    the request to the extent that it seeks documents not in MGA's possession, custody or

20    control. MGA further objects to the request to the extent it seeks confidential,

21    proprietary or commercially sensitive information, the disclosure of which would be

22    inimical to the business interests of MGA. Such information may also be subject to

23    protective orders governing other litigations thereby precluding disclosure in

24    response to this request.

25        MGA further objects to this request as cumulative, duplicative, and unduly

26    burdensome to the extent that it seeks documents previously requested by Mattel or

27    produced by MGA in response to Mattel's document requests, including, but not

28

EXHIBIT 4 , PAGE 19

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

1  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

2  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

3  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

4  Larian.

5  REQUEST FOR PRODUCTION NO. 9:

6       All witness lists and other disclosures of witness names or identities in the

7  BRATZ LAWSUITS, including without limitation all amendments thereto.

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

9       MGA incorporates by reference its General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General

11  Objection No. 15 (regarding Definitions), including without limitation MGA's

12  objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to

13  the request to the extent it seeks the production of documents that are protected from

14  disclosure under any applicable privilege, doctrine or immunity, including without

15  limitation the attorney-client privilege, the work product doctrine, the right of

16  privacy, and all other privileges recognized under the constitutional, statutory or

17  decisional law of the United States of America, the State of California or any other

18  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

19  overly broad and unduly burdensome in that it seeks documents not relevant to the

20  claims or defenses in this action and not reasonably calculated to lead to the

21  discovery of admissible evidence.  Mattel has not demonstrated how all witness lists

22  and other disclosures of witness names or identities in the BRATZ LAWSUITS

23  could be relevant to the claims and defenses in this action.  The request is not limited

24  to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13

25  Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as

26  being overly broad and unduly burdensome on the grounds that it is not limited in

27  time.  MGA further objects to this request on the grounds that the term BRATZ

28

EXHIBIT 4, PAGE 196

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

1  LAWSUITS renders the request vague, ambiguous, overly broad and unduly

2  burdensome.  MGA further objects to the request to the extent that it seeks

3  documents that by reason of public filing, public distribution or otherwise are already

4  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to

5  the request to the extent that it seeks documents not in MGA's possession, custody or

6  control.  MGA further objects to the request to the extent it seeks confidential,

7  proprietary or commercially sensitive information, the disclosure of which would be

8  inimical to the business interests of MGA.  Such information may also be subject to

9  protective orders governing other litigations thereby precluding disclosure in

10  response to this request.

11     MGA further objects to this request as cumulative, duplicative, and unduly

12  burdensome to the extent that it seeks documents previously requested by Mattel or

13  produced by MGA in response to Mattel's document requests, including, but not

14  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

15  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

16  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

17  Larian.

18  REQUEST FOR PRODUCTION NO. 10:

19     All interrogatory responses by YOU or made on YOUR behalf in the BRATZ

20  LAWSUITS, including without limitation all amendments thereto.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

22     MGA incorporates by reference its General Response and General Objections

23  above, as though fully set forth herein and specifically incorporates General

24  Objection No. 15 (regarding Definitions), including without limitation MGA's

25  objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to

26  the request to the extent it seeks the production of documents that are protected from

27  disclosure under any applicable privilege, doctrine or immunity, including without

28  EXHIBIT **4** , PAGE **197**

24

1   limitation the attorney-client privilege, the work product doctrine, the right of

2   privacy, and all other privileges recognized under the constitutional, statutory or

3   decisional law of the United States of America, the State of California or any other

4   applicable jurisdiction.  MGA further objects to this request on the grounds that it is

5   overly broad and unduly burdensome in that it seeks documents not relevant to the

6   claims or defenses in this action and not reasonably calculated to lead to the

7   discovery of admissible evidence.  Mattel has not demonstrated how all interrogatory

8   responses in the BRATZ LAWSUITS could be relevant to the claims and defenses in

9   this action.  The request is not limited to the subject matter of this action and is thus

10  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

11  MGA further objects to this request as being overly broad and unduly burdensome

12  on the grounds that it is not limited in time.  MGA further objects to this request on

13  the grounds that the term BRATZ LAWSUITS renders the request vague, ambiguous,

14  overly broad and unduly burdensome.  MGA further objects to the request to the

15  extent that it seeks documents that by reason of public filing, public distribution or

16  otherwise are already in Mattel's possession or are readily accessible to Mattel.

17  MGA further objects to the request to the extent that it seeks documents not in

18  MGA's possession, custody or control.  MGA further objects to the request to the

19  extent it seeks confidential, proprietary or commercially sensitive information, the

20  disclosure of which would be inimical to the business interests of MGA.  Such

21  information may also be subject to protective orders governing other litigations

22  thereby precluding disclosure in response to this request.  MGA further objects to the

23  request to the extent it violates the privacy rights of third parties to their private,

24  confidential, proprietary or trade secret information.

25       MGA further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by MGA in response to Mattel's document requests, including, but not

28

25

EXHIBIT 4 , PAGE 198

1   limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

2   Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

3   and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

4   Larian.

5   REQUEST FOR PRODUCTION NO. 11:

6       All transcripts of proceedings, including all trial and hearing transcripts, in the

7   BRATZ LAWSUITS, including without limitation all amendments thereto.

8   RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

9       MGA incorporates by reference its General Response and General Objections

10   above, as though fully set forth herein and specifically incorporates General

11   Objection No. 15 (regarding Definitions), including without limitation MGA's

12   objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to

13   the request to the extent it seeks the production of documents that are protected from

14   disclosure under any applicable privilege, doctrine or immunity, including without

15   limitation the attorney-client privilege, the work product doctrine, the right of

16   privacy, and all other privileges recognized under the constitutional, statutory or

17   decisional law of the United States of America, the State of California or any other

18   applicable jurisdiction.  MGA further objects to this request on the grounds that it is

19   overly broad and unduly burdensome in that it seeks documents not relevant to the

20   claims or defenses in this action and not reasonably calculated to lead to the

21   discovery of admissible evidence.  Mattel has not demonstrated how all transcripts of

22   proceedings in the BRATZ LAWSUITS could be relevant to the claims and defenses

23   in this action.  The request is not limited to the subject matter of this action and is

24   thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-

25   7.  MGA further objects to this request as being overly broad and unduly

26   burdensome on the grounds that it is not limited in time.  MGA further objects to this

27   request on the grounds that the term BRATZ LAWSUITS renders the request vague,

28

1 ambiguous, overly broad and unduly burdensome.  MGA further objects to the

2 request to the extent that it seeks documents that by reason of public filing, public

3 distribution or otherwise are already in Mattel's possession or are readily accessible

4 to Mattel.  MGA further objects to the request to the extent that it seeks documents

5 not in MGA's possession, custody or control.  MGA further objects to the request to

6 the extent it seeks confidential, proprietary or commercially sensitive information,

7 the disclosure of which would be inimical to the business interests of MGA.  Such

8 information may also be subject to protective orders governing other litigations

9 thereby precluding disclosure in response to this request.  MGA further objects to the

10 request to the extent it violates the privacy rights of third parties to their private,

11 confidential, proprietary or trade secret information.

12      MGA further objects to this request as cumulative, duplicative, and unduly

13 burdensome to the extent that it seeks documents previously requested by Mattel or

14 produced by MGA in response to Mattel's document requests, including, but not

15 limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

16 Production of Documents and Tangible Things to MGA, and Request Nos. 121, and

17 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

18 Larian.

19 REQUEST FOR PRODUCTION NO. 12:

20      All transcripts of depositions given by or on behalf of YOU in the BRATZ

21 LAWSUITS, including without limitation all amendments thereto.

22 RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

23      MGA incorporates by reference its General Response and General Objections

24 above, as though fully set forth herein and specifically incorporates General

25 Objection No. 15 (regarding Definitions), including without limitation MGA's

26 objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to

27 the request to the extent it seeks the production of documents that are protected from

28  

27

EXHIBIT 4, PAGE 200

1    disclosure under any applicable privilege, doctrine or immunity, including without

2    limitation the attorney-client privilege, the work product doctrine, the right of

3    privacy, and all other privileges recognized under the constitutional, statutory or

4    decisional law of the United States of America, the State of California or any other

5    applicable jurisdiction. MGA further objects to this request on the grounds that it is

6    overly broad and unduly burdensome in that it seeks documents not relevant to the

7    claims or defenses in this action and not reasonably calculated to lead to the

8    discovery of admissible evidence. Mattel has not demonstrated how all transcripts of

9    depositions given by or on behalf of MGA in the BRATZ LAWSUITS could be

10    relevant to the claims and defenses in this action. The request is not limited to the

11    subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order

12    at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being

13    overly broad and unduly burdensome on the grounds that it is not limited in time.

14    MGA further objects to this request on the grounds that the term BRATZ

15    LAWSUITS renders the request vague, ambiguous, overly broad and unduly

16    burdensome. MGA further objects to the request to the extent that it seeks

17    documents that by reason of public filing, public distribution or otherwise are already

18    in Mattel's possession or are readily accessible to Mattel. MGA further objects to

19    the request to the extent that it seeks documents not in MGA's possession, custody or

20    control. MGA further objects to the request to the extent it seeks confidential,

21    proprietary or commercially sensitive information, the disclosure of which would be

22    inimical to the business interests of MGA. Such information may also be subject to

23    protective orders governing other litigations thereby precluding disclosure in

24    response to this request. MGA further objects to the request to the extent it violates

25    the privacy rights of third parties to their private, confidential, proprietary or trade

26    secret information.

27

28

EXHIBIT 4 , PAGE 201

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

1    MGA further objects to this request as cumulative, duplicative, and unduly

2    burdensome to the extent that it seeks documents previously requested by Mattel or

3    produced by MGA in response to Mattel's document requests, including, but not

4    limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

5    Production of Documents and Tangible Things to MGA, and Request Nos. 121, and

6    123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

7    Larian.

8    REQUEST FOR PRODUCTION NO. 13:

9         All pleadings and other DOCUMENTS filed, submitted or served by YOU in

10    the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

11    RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

12        MGA incorporates by reference its General Response and General Objections

13    above, as though fully set forth herein and specifically incorporates General

14    Objection No. 15 (regarding Definitions), including without limitation MGA's

15    objection to the definition of the terms BRATZ LAWSUITS, BRATZ and REFER

16    OR RELATE TO.  MGA further objects to the request to the extent it seeks the

17    production of documents that are protected from disclosure under any applicable

18    privilege, doctrine or immunity, including without limitation the attorney-client

19    privilege, the work product doctrine, the right of privacy, and all other privileges

20    recognized under the constitutional, statutory or decisional law of the United States

21    of America, the State of California or any other applicable jurisdiction.  MGA further

22    objects to this request on the grounds that it is overly broad and unduly burdensome

23    in that it seeks documents not relevant to the claims or defenses in this action and not

24    reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

25    demonstrated how all pleading and other DOCUMENTS filed, submitted or served

26    by MGA in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ could

27    be relevant to the claims and defenses in this action.  The request is not limited to the

28

EXHIBIT 4 , PAGE 201

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

1  subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

2  at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

3  overly broad and unduly burdensome on the grounds that it is not limited in time.

4  MGA further objects to this request on the grounds that the terms BRATZ

5  LAWSUITS, BRATZ and REFER OR RELATE TO render the request vague,

6  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

7  request to the extent that it seeks documents that by reason of public filing, public

8  distribution or otherwise are already in Mattel's possession or are readily accessible

9  to Mattel.  MGA further objects to the request to the extent that it seeks documents

10  not in MGA's possession, custody or control.  MGA further objects to the request to

11  the extent it seeks confidential, proprietary or commercially sensitive information,

12  the disclosure of which would be inimical to the business interests of MGA.  Such

13  information may also be subject to protective orders governing other litigations

14  thereby precluding disclosure in response to this request.  MGA further objects to the

15  request to the extent it violates the privacy rights of third parties to their private,

16  confidential, proprietary or trade secret information.

17      MGA further objects to this request as cumulative, duplicative, and unduly

18  burdensome to the extent that it seeks documents previously requested by Mattel or

19  produced by MGA in response to Mattel's document requests, including, but not

20  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

21  Production of Documents and Tangible Things to MGA, and Request Nos. 121, and

22  123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

23  Larian.

24  REQUEST FOR PRODUCTION NO. 14:

25      All pleadings and other DOCUMENTS filed, submitted or served by YOU in

26  the BRATZ LAWSUITS that compare BRATZ to any other doll or product, whether

27  in whole or in part.

28

EXHIBIT 4 , PAGE 202

30

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ and BRATZ LAWSUITS. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how all pleadings and other DOCUMENTS filed, submitted or served by MGA in the BRATZ LAWSUITS that compare BRATZ to any other doll or product could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms BRATZ LAWSUITS and BRATZ render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential,

EXHIBIT 4, PAGE 203

1  proprietary or commercially sensitive information, the disclosure of which would be

2  inimical to the business interests of MGA.  Such information may also be subject to

3  protective orders governing other litigations thereby precluding disclosure in

4  response to this request.  MGA further objects to the request to the extent it violates

5  the privacy rights of third parties to their private, confidential, proprietary or trade

6  secret information.

7       MGA further objects to this request as cumulative, duplicative, and unduly

8  burdensome to the extent that it seeks documents previously requested by Mattel or

9  produced by MGA in response to Mattel's document requests, including, but not

10  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

11  Production of Documents and Tangible Things to MGA, and Request Nos. 121, and

12  123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

13  Larian.

14  REQUEST FOR PRODUCTION NO. 15:

15       All pleadings and other DOCUMENTS filed, submitted or served by YOU in

16  the BRATZ LAWSUITS that claim, allege or assert that the appearance or features

17  of any doll or other product, whether in whole or in part, INFRINGES BRATZ.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

19       MGA incorporates by reference its General Response and General Objections

20  above, as though fully set forth herein and specifically incorporates General

21  Objection No. 15 (regarding Definitions), including without limitation MGA's

22  objection to the definition of the terms BRATZ, BRATZ LAWSUITS and

23  INFRINGES.  MGA further objects to the request to the extent it seeks the

24  production of documents that are protected from disclosure under any applicable

25  privilege, doctrine or immunity, including without limitation the attorney-client

26  privilege, the work product doctrine, the right of privacy, and all other privileges

27  recognized under the constitutional, statutory or decisional law of the United States

28

EXHIBIT 4 , PAGE 204

32

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

1  of America, the State of California or any other applicable jurisdiction.  MGA further

2  objects to this request on the grounds that it is overly broad and unduly burdensome

3  in that it seeks documents not relevant to the claims or defenses in this action and not

4  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

5  demonstrated how all pleadings and other DOCUMENTS filed, submitted or served

6  by MGA in the BRATZ LAWSUITS that claim, allege or assert that the appearance

7  or features of any doll or other product INFRINGES BRATZ could be relevant to the

8  claims and defenses in this action.  The request is not limited to the subject matter of

9  this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May

10  22 Order at 21:5-7.  MGA further objects to this request as being overly broad and

11  unduly burdensome on the grounds that it is not limited in time.  MGA further

12  objects to this request on the grounds that the terms BRATZ, BRATZ LAWSUITS

13  and INFRINGES render the request vague, ambiguous, overly broad and unduly

14  burdensome.  MGA further objects to the request to the extent that it seeks

15  documents that by reason of public filing, public distribution or otherwise are already

16  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to

17  the request to the extent that it seeks documents not in MGA's possession, custody or

18  control.  MGA further objects to the request to the extent it seeks confidential,

19  proprietary or commercially sensitive information, the disclosure of which would be

20  inimical to the business interests of MGA.  Such information may also be subject to

21  protective orders governing other litigations thereby precluding disclosure in

22  response to this request.  MGA further objects to the request to the extent it violates

23  the privacy rights of third parties to their private, confidential, proprietary or trade

24  secret information.

25      MGA further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by MGA in response to Mattel's document requests, including, but not

28

EXHIBIT 4 , PAGE 20

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

1 | limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

2 | Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

3 | and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

4 | Larian, and Request Nos. 45 and 123 from Mattel, Inc.'s First Set of Requests for

5 | Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

6 | REQUEST FOR PRODUCTION NO. 16:

7 |      All demonstrative exhibits filed, submitted, introduced, displayed or used by

8 | YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

9 | RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

10 |      MGA incorporates by reference its General Response and General Objections

11 | above, as though fully set forth herein and specifically incorporates General

12 | Objection No. 15 (regarding Definitions), including without limitation MGA's

13 | objection to the definition of the terms BRATZ, BRATZ LAWSUITS and REFER

14 | OR RELATE TO.  MGA further objects to the request to the extent it seeks the

15 | production of documents that are protected from disclosure under any applicable

16 | privilege, doctrine or immunity, including without limitation the attorney-client

17 | privilege, the work product doctrine, the right of privacy, and all other privileges

18 | recognized under the constitutional, statutory or decisional law of the United States

19 | of America, the State of California or any other applicable jurisdiction.  MGA further

20 | objects to this request on the grounds that it is overly broad and unduly burdensome

21 | in that it seeks tangible items not relevant to the claims or defenses in this action and

22 | not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has

23 | not demonstrated how all demonstrative exhibits filed, submitted, introduced,

24 | displayed or used by MGA in the BRATZ LAWSUITS that REFER OR RELATE

25 | TO BRATZ could be relevant to the claims and defenses in this action.  The request

26 | is not limited to the subject matter of this action and is thus impermissibly overbroad.

27 | See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

28 |

EXHIBIT 4 , PAGE 204

1 | request as being overly broad and unduly burdensome on the grounds that it is not
2 | limited in time. MGA further objects to this request on the grounds that the terms
3 | BRATZ, BRATZ LAWSUITS and REFER OR RELATE TO render the request
4 | vague, ambiguous, overly broad and unduly burdensome. MGA further objects to
5 | the term "demonstrative exhibits" as vague and ambiguous. MGA further objects to
6 | the request to the extent that it seeks documents that by reason of public filing,
7 | public distribution or otherwise are already in Mattel's possession or are readily
8 | accessible to Mattel. MGA further objects to the request to the extent that it seeks
9 | tangible items not in MGA's possession, custody or control. MGA further objects to
10 | the request to the extent it seeks confidential, proprietary or commercially sensitive
11 | information, the disclosure of which would be inimical to the business interests of
12 | MGA. Such information may also be subject to protective orders governing other
13 | litigations thereby precluding disclosure in response to this request. MGA further
14 | objects to the request to the extent it violates the privacy rights of third parties to
15 | their private, confidential, proprietary or trade secret information.

16 |      MGA further objects to this request as cumulative, duplicative, and unduly
17 | burdensome to the extent that it seeks documents previously requested by Mattel or
18 | produced by MGA in response to Mattel's document requests, including, but not
19 | limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for
20 | Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,
21 | and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac
22 | Larian.

23 | REQUEST FOR PRODUCTION NO. 17:

24 |      All expert reports and expert disclosures filed, submitted or served by YOU in
25 | the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

26 |
27 |
28 |

EXHIBIT 4, PAGE 80

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

      MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ, BRATZ LAWSUITS and REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how all expert reports and expert disclosures filed, submitted or served by MGA in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ could be relevant to the claims and defenses in this action. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request on the grounds that the terms BRATZ, BRATZ LAWSUITS and REFER OR RELATE TO render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to

EXHIBIT **4**, PAGE **208**

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

1  the extent it seeks confidential, proprietary or commercially sensitive information,

2  the disclosure of which would be inimical to the business interests of MGA. Such

3  information may also be subject to protective orders governing other litigations

4  thereby precluding disclosure in response to this request. MGA further objects to the

5  request to the extent it violates the privacy rights of third parties to their private,

6  confidential, proprietary or trade secret information.

7       MGA further objects to this request as cumulative, duplicative, and unduly

8  burdensome to the extent that it seeks documents previously requested by Mattel or

9  produced by MGA in response to Mattel's document requests, including, but not

10  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

11  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

12  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

13  Larian.

14  REQUEST FOR PRODUCTION NO. 18:

15       All subpoenas served in the BRATZ LAWSUITS that REFER OR RELATE

16  TO BRATZ.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

18       MGA incorporates by reference its General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation MGA's

21  objection to the definition of the terms BRATZ, BRATZ LAWSUITS and REFER

22  OR RELATE TO. MGA further objects to the request to the extent it seeks the

23  production of documents that are protected from disclosure under any applicable

24  privilege, doctrine or immunity, including without limitation the attorney-client

25  privilege, the work product doctrine, the right of privacy, and all other privileges

26  recognized under the constitutional, statutory or decisional law of the United States

27  of America, the State of California or any other applicable jurisdiction. MGA further

28

EXHIBIT 4, PAGE 209

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION