**Exhibit 13**

## CONFORMED COPY

FILED

2007 SEP 26 PH 2: 28

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9                     EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                            JAMS Reference No. 1100049530
12           Plaintiff,

13      v.                                  Consolidated with
                                            Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,   Case No. CV 05-2727

15           Defendant.                     ORDER GRANTING IN PART AND
                                            DENYING IN PART MATTEL'S
16                                          MOTION TO COMPEL MGA TO
                                            PRODUCE WITNESSES PURSUANT
17                                          TO THIRD NOTICE OF DEPOSITION
                                            UNDER RULE 30(b)(6); DENYING
18                                          REQUEST FOR SANCTIONS

19  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
20  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
21

22

23                     I. INTRODUCTION

24      On July 13, 2007, Mattel, Inc. ("Mattel") submitted its "Motion to Compel MGA to

25  Produce Witnesses Pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6) and for

26  Sanctions." Specifically, Mattel seeks an order compelling MGA Entertainment, Inc. ("MGA")

27  to produce witnesses on Topics 1-3, 6-8, 9 and 11-13 of Mattel's Third Rule 30(b)(6) Notice. On

28

EXHIBIT 13 , PAGE 459

1   July 31, 2007, MGA submitted an opposition brief.  On August 6, 2007, Mattel submitted a reply

2   brief.  The matter was heard on September 24, 2007.  Having considered the motion papers and

3   the comments of counsel, Mattel's motion is granted in part and denied in part, and the request for

4   sanctions is denied.

II. BACKGROUND

6        Mattel first served a Rule 30(b)(6) Notice of Deposition of MGA in February of 2005,

7   which specified eight topics for deposition.  Mattel served a Second Notice of Deposition of

8   MGA in February of 2007, which specified forty-six topics for deposition.  On June 5, 2007,

9   Mattel served a Third Notice of Deposition of MGA (the "Third Notice"), which is the subject of

10  the present motion to compel.  The Third Notice specifies sixteen topics for deposition.  On June

11  29, 2007, MGA served objections to the Third Notice, and on July 5, 2007, the parties met and

12  conferred.  The parties were not able to resolve their disputes regarding four subject matters: hard

13  drives and other storage devices (Topics 1-3); prior inconsistent statements to the press (Topics 6-

14  8); "test projects" for MGA (Topic 9); and payments MGA made to Isaac Larian, Farhad Larian

15  and Morad Zarabi (Topic 11-13).  The topics at issue are set forth below.

Hard Drives and Other Storage Devices

17        1.        The IDENTITY, current or last known location, and disposition of

18        each STORAGE DEVICE that each of the following PERSONS has used to

19        create, generate, prepare, draft, send and/or receive any DOCUMENT or

20        DIGITAL INFORMATION that REFERS OR RELATES TO BRATZ and/or

21        ANGEL at any time since January 1, 1999, including without limitation the date

22        of acquisition and the date of disposition of each STORAGE DEVICE:  Isaac

23        Larian, Farhad Larian, Paula Garcia, BRYANT, Kami Gillmour, Veronica

24        Marlow, Mercedeh Ward, Margaret Hatch-Leahy, Jennifer Maurus, Judy Rich,

25        Ninette Pembleton, Kerrie Brode, Victoria O'Connor, Aileen Storer, Charles

26        O'Connor, Helene Bartels, Colleen O'Higgins, Vivian Matt, Maureen Mullen,

27        Rachel Harris, Barbara Malcolm, David Dees, Ben Ton, Dave Malacrida.

28

2.     The IDENTITY, current or last known location, and disposition of each backup, copy or image of the STORAGE DEVICES referenced in Topic 1 of this Notice, including without limitation the date of creation and the date of disposition of each such backup or copy.

3.     YOUR search for and production of DOCUMENTS and DIGITAL INFORMATION from the STORAGE DEVICES referenced in Topic 1 of this Notice.

<u>Prior Inconsistent Statements to the Press</u>

6.     YOUR statements to Christopher Palmeri in connection with the Business Week article entitled "To Really Be A Player, Mattel Needs Hotter Toys," published on or about July 28, 2003, including without limitation in connection with the statement that Isaac Larian "got the idea for Bratz after seeing his own kids run around in navel-bearing tops and hip-huggers."

7.     YOUR statements to Denise I. O'Neal in connection with the Chicago Sun-Times article entitled "Bratz Packers Are What's Cool in Doll World," published on or about March 5, 2004, including without limitation in connection with the statements that MGA's "creative team decided the name should be catchy and not have more than six letters. Keeping with today's trend of making names more 'cool' by changing the spelling, MGA executives decided to replace the 's' with a 'z'"

8.     YOUR statements to Jeff Weiss in connection with the San Fernando Valley Business Journal article entitled "Immigrant's Creative Company Shakes Up Toy Industry," published on or about March 29, 2004, including without limitation in connection with the statement that "[i]t was Jason's idea for Bratz."

<u>"Test Projects" for MGA</u>

9.     The IDENTITY of each PERSON who YOU had perform, or who

1    YOU requested, asked or solicited to perform, any "test project" in advance of or

2    in consideration of employment by YOU since January 1, 1995, including without

3    limitation the IDENTITY of each such PERSON who was a MATTEL employee

4    at the time.

5              Payments MGA Made to Isaac Larian, Farhad Larian and Morad Zarabi

6         11.    Payments of money or any other item of value that YOU have

7    made to, for or on behalf of Isaac Larian or any FAMILY MEMBER of Isaac

8    Larian since January 1, 1999, including without limitation (a) the amounts of such

9    payment and the equivalent dollar value of each of item of value, (b) the dates of

10   such payment, (c) the IDENTITY of each recipient of such payment, (d) the

11   IDENTITY of each bank or financial institution account to which such payment

12   was made and (e) the reasons for each such payment.

13        12.    Payments of money or any other item of value that YOU have

14   made to, for or on behalf of Farhad Larian or any FAMILY MEMBER of Farhad

15   Larian since January 1, 1999, including without limitation (a) the amounts of each

16   such payment and the equivalent dollar value of each of item of value, (b) the

17   timing of each such payment, (c) the IDENTITY of each recipient of each such

18   payment, (d) the IDENTITY of each bank or financial institution account to

19   which such payment was made and (e) the reasons for each such payment.

20        13.    Payments of money or any other item of value that YOU have

21   made to, for or on behalf of Morad Zarabi or any FAMILY MEMBER of Morad

22   Zarabi since January 1, 1999, including without limitation (a) the amounts of each

23   such payment and the equivalent dollar value of each item of value, (b) the timing

24   of each such payment, (c) the IDENTITY of each recipient of such payment,

25   (d) the IDENTITY of each bank or financial institution account to which such

26   payment was made and (e) the reasons for each such payment.

27   Zeller Decl., Ex. 23.

28

1    Mattel seeks an order compelling MGA to produce witnesses to testify on Topics 1-3, 6-8,

2    9 and 11-13, and overruling all of MGA's objections and limitations. Mattel contends that the

3    testimony it seeks is relevant, not unduly burdensome, and not otherwise objectionable as

4    cumulative or duplicative of any other deposition testimony already given in the case.

5    MGA contends that Mattel's Third Notice is invalid because Mattel failed to obtain leave

6    of court to take MGA's deposition after having previously deposed several 30(b)(6) designees.

7    MGA contends that Rule 30(a)(2)(B), Fed.R.Civ.P., requires Mattel to establish good cause for

8    examining MGA any further. MGA further contends that Mattel has not established the requisite

9    good cause, and instead improperly has attempted to shift the burden of proof to MGA to justify

10   its objections to the Third Notice. Lastly, MGA contends that Mattel has had many opportunities

11   to obtain, and in many cases has already obtained, the information it now moves to compel.

12                              III. STANDARDS

13   Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

14   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

15   party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the

16   discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

17   Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., the court shall limit the frequency or extent of

18   use of the discovery methods if the court determines that "(i) the discovery sought is unreasonably

19   cumulative or duplicative, or is obtainable from some other source that is more convenient, less

20   burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

21   discovery in the action to obtain the information sought; or (iii) the burden or expense of the

22   proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

23   amount in controversy, the parties' resources, the importance of the issues at stake in the

24   litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

25   26(b)(2)(C).

26   Pursuant to Rule 30, Fed.R.Civ.P., a party may take the testimony of any person, including

27   a party, by deposition upon oral examination without leave of court, except as provided in Rule

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                    5

EXHIBIT 13, PAGE 463

1   30(a)(2), Fed.R.Civ.P.  In particular, Rule 30(a)(2) specifies that a party must obtain leave of

2   court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2),

3   Fed.R.Civ.P., if "the person to be examined already has been deposed in the case."  Fed.R.Civ.P.

4   30(a)(2)(B).

5                                   IV. DISCUSSION

6          As a threshold matter, the parties dispute whether Rule 30(a)(2)(B), Fed.R.Civ.P., applies

7   to depositions taken pursuant Rule 30(b)(6), Fed.R.Civ.P.  There is caselaw to support each

8   party's position.  See e.g. Ameristar Jet Starter, Inc. v. Signal Composites, Inc., 244 F.3d 189 (1st

9   Cir. 2001) (second Rule 30(b)(6) subpoena issued without leave of court was invalid); In re

10  Sulfuric Acid Antitrust Litig., 2005 WL 1994105 (D. Ill. Aug. 19, 2005) (holding that second

11  Rule 30(b)(6) subpoena issued without leave of court was invalid); Innomed Labs, LLC v. Alza

12  Corp., 211 F.R.D. 237 (S.D. N.Y. 2002) (quashing overbroad 30(b)(6) subpoena issued without

13  leave of court); Quality Aero Tech., Inc. v. Telemetrie Elektronik, 212 F.R.D. 313, 319 (E.D.

14  N.C. 2002) (holding that Rule 30(a)(2)(B) does not apply to Rule 30(b)(6) depositions).  For

15  purposes of the present motion, however, it is unnecessary to resolve this conflict in the law

16  because the debate is purely academic and inconsequential.  As Mattel has requested, Mattel's

17  motion is treated herein as a motion for leave to serve an additional 30(b)(6) notice with

18  additional topics.  In evaluating the appropriateness of the topics, it is Mattel's burden to

19  demonstrate that there is good cause for such discovery (see e.g. Boston Scientific Corp. v. Cordis

20  Corp., 2004 WL 1945643 (N.D.Cal. 2004)), applying the principles stated in Rule 26(b)(2),

21  Fed.R.Civ.P.

22                  Hard Drives and Other Storage Devices (Topics 1-3)

23         Topic 1 seeks information regarding the location and disposition of computer hard drives

24  or other storage devices used by specified MGA employees or contractors that contain or

25  contained documents related to the Bratz or Angel projects.  Topic 2 seeks the identification and

26  last known location of any backup, copy or image of the hard drives or storage devices identified

27  in Topic 1.  Topic 3 seeks information regarding MGA's search for and production of documents

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                        6

EXHIBIT _B_ , PAGE 464

1   and digital information from the hard drives and storage devices referenced in Topic 1.

2       MGA objected to Topics 1-3 as overbroad, unduly burdensome, vague, ambiguous,

3   irrelevant, and not reasonably calculated to lead to admissible evidence.  MGA also objected to

4   Topics 1-3 to the extent that the information sought is obtainable through other more convenient,

5   less burdensome and less expensive means.  Lastly, MGA objected to Topics 1-3 as unreasonably

6   cumulative and duplicative of information already provided by Ken Lockhart, Vice President and

7   Chief Information Officer for MGA.

8       Topics 1-3 unquestionably seek information that is relevant within the meaning of Rule

9   26(b)(1), Fed.R.Civ.P., which specifically authorizes discovery regarding any matter, not

10  privileged, that is relevant to the claim or defense of any party, including "the existence,

11  description, nature, custody, condition, and location of any books, documents or other things."  A

12  portion of the discovery sought, however, is unreasonably cumulative and duplicative of

13  information already provided by Mr. Lockhart.  MGA designated Mr. Lockhart as a 30(b)(6)

14  witness to testify about MGA's retention, destruction and data back-up policies, MGA's digital

15  information systems and application software, employees' electronic messaging systems, and

16  MGA's policies regarding the use of transportable media.  Mr. Lockhart testified about the

17  location and disposition of MGA employees' hard drives and storage devices in general.

18      Mattel contends that Topics 1-3 differ from the topics in the Second Notice and the

19  testimony previously given by Mr. Lockhart in that Mattel now seeks information about the

20  locations and dispositions of hard drives used by 24 named individuals.  Mattel contends that the

21  testimony it seeks will enable it to assess MGA's production, including whether any documents

22  requested or compelled by the Court were destroyed, not collected or otherwise made unavailable

23  to Mattel.  Mattel's Reply at p.7.

24      Although Mattel's stated objective for seeking testimony regarding Topics 1-3 may be

25  legitimate, the burden and expense of a Rule 30(b)(6) deposition is not justified under the

26  circumstances of this case.  Mattel has accused MGA of obstructing discovery, and in particular

27  withholding Bryant's computer.  There is no evidence, however, to suggest that MGA has refused

28

1   or failed to search for and produce responsive documents located on the hard drives of the other

2   individuals named in Topic 1.  It is burdensome and expensive to prepare a witness to testify

3   about the locations and dispositions of hard drives used for 24 different individuals. The likely

4   benefit of undergoing such a burden and expense is doubtful.  Furthermore, there are other less

5   burdensome and less expensive means of assessing whether MGA has complied with its

6   discovery obligations, including for example, document requests and interrogatories.  Therefore,

7   Mattel's motion is denied as to Topics 1-3.

8                  <u>Prior Inconsistent Statements to the Press (Topics 6-8)</u>

9          Topics 6-8 seek testimony regarding three public statements made by Isaac Larian

10  regarding who conceived of Bratz. MGA objected to Topics 6-8 as irrelevant and not reasonably

11  calculated to lead to admissible evidence.  MGA also objected to Topics 6-8 to the extent that the

12  information sought is obtainable through other more convenient, less burdensome and less

13  expensive means.  Further, MGA objected to Topics 6-8 as unreasonably cumulative and

14  duplicative of information already provided by MGA and/or Carter Bryant.  MGA also objected

15  to a deposition on these Topics "to the extent that the statements referenced above were not made

16  by MGA as a corporate actor and thus they are not the appropriate subject of a 30(b)(6)

17  designation." Zeller Decl., Ex. 24.

18         Mattel contends that Topics 6-8 are the proper subject of a Rule 30(b)(6) deposition

19  because each of the statements identified therein was made by MGA's Chief Executive Officer,

20  Isaac Larian. Mattel acknowledges that it already deposed Isaac Larian regarding one of the

21  articles identified in Topics 6-8, but contends that it is not attempting to re-depose him.  Rather,

22  Mattel contends that it is entitled to elicit testimony that will bind the corporation so that it will

23  not be "sandbagged" at trial.  Mattel's Reply at p.6.

24         MGA accuses Mattel of misusing the 30(b)(6) procedure when Mattel knows that Isaac

25  Larian is the person who should be, and already has been, deposed about the statements identified

26  in Topics 6-8.  MGA also contends that Mattel opted to limit its examination of Isaac Larian to

27  one article, and that Mattel's failure to fully question Isaac Larian in no way justifies deposing

28

1    MGA now.  MGA also contends that Mattel could avail itself of other discovery methods, such as

2    interrogatories or requests for admission, to obtain further information about the publications

3    identified in Topics 6-8.

4           Topics 6-8 seek information relevant to the central issue in the case:  who conceived of

5    Bratz.  Mattel's use of the 30(b)(6) procedure is justified in order to obtain testimony that will

6    bind the corporation.  The testimony Mattel now seeks is not unreasonably cumulative or

7    duplicative of testimony it has already sought from Isaac Larian because Mattel previously

8    questioned Isaac Larian about only one of the articles identified in Topics 6-8.  Further, the likely

9    benefit to Mattel of testimony from Isaac Larian (or another corporate designee) regarding Topics

10   6-8 outweighs the burden and expense to MGA, given the importance of the testimony Mattel

11   seeks.  Mattel's motion is granted as to Topics 6-8.

12                        "Test Projects" for MGA (Topic 9)

13          In Topic 9, Mattel seeks the identity of each person MGA had perform or who MGA

14   requested, asked or solicited to perform, any "test project" in advance of or in consideration of

15   employment by MGA since January 1, 1995.  MGA objected to Topic 9 as irrelevant, not

16   reasonably calculated to lead to the discovery of admissible evidence, overbroad, unduly

17   burdensome, and unreasonably cumulative and duplicative.  MGA also objected to Topic 9 as

18   vague and ambiguous, particularly with respect to the term "test project."  MGA also objected to

19   Topic 9 to the extent that the information sought is obtainable through other, more convenient,

20   less burdensome and less expensive means.  MGA also objected to Topic 9 as seeking

21   confidential, proprietary, and commercially sensitive information with no relevance to the

22   litigation.

23          When Carter Bryant was deposed by Mattel, he testified that he "did sort of a tryout kind

24   of a project for" MGA.  Zeller Decl., Ex. 29 at 9:19-20.  He also referred to this "tryout" project

25   as a "test assignment."  Id. at 515-516.  In light of Bryant's testimony, Mattel's stated purpose of

26   Topic 9 is to "obtain information that will refute MGA and Bryant's assertions that Bryant's

27   working for MGA while employed by Mattel was no different than a supposedly standard

28

1  industry practice of having candidates for creative positions make artwork as part of the job
2  interview." Mattel's Motion at p.22.

3        MGA acknowledges that Mattel provided a definition for the phrase "test assignment" in
4  its motion papers. MGA's Opposition at p.10. MGA nevertheless contends that Topic 9 remains
5  objectionable as overbroad, reasoning that it would require MGA to provide information "with
6  regard to how it proceeded with hiring virtually every single employee hired since 1995."
7  MGA's Opposition at p.9. MGA also contends that it would be unduly burdensome to require
8  MGA to have a designee review and potentially memorize information about every single person
9  who has applied for a job at MGA since 1995, particularly when Bryant only began working for
10 MGA in 2000. MGA contends that a contention interrogatory is more appropriate than a 30(b)(6)
11 deposition to obtain the information called for in Topic 9.

12       Topic 9 seeks information relevant to one of MGA and Bryant's defenses, namely their
13 claim that Bryant's work for MGA while employed by Mattel was no different than a standard
14 industry practice of having candidates for creative positions make artwork as part of the job
15 interview. Topic 9, however, is objectionable because it is overbroad and burdensome. In
16 particular, Topic 9 is overbroad in terms of the specified time frame because Bryant did not begin
17 working at MGA until the year 2000. Topic 9 is also objectionable because the information
18 sought is more appropriately obtained through a contention interrogatory, which would be
19 significantly less burdensome and less expensive than a 30(b)(6) deposition. Therefore, Mattel's
20 motion is denied as to Topic 9. In lieu of taking a 30(b)(6) deposition on Topic 9, Mattel is
21 granted leave to serve a contention interrogatory regarding Topic 9 limited to the years 1998
22 through 2004.

23       <u>Payments MGA Made to Isaac Larian, Farhad Larian and Morad Zarabi (Topics 11-13)</u>
24       In Topics 11-13, Mattel seeks information regarding payments made by MGA to Isaac
25 Larian (Topic 11), Farhad Larian (Topic 12), and Morad Zarabi (Topic 13). MGA objected to
26 these Topics as irrelevant, not reasonably calculated to lead to the discovery of admissible
27 evidence, overbroad, unduly burdensome, and unreasonably cumulative and duplicative. MGA
28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

1  also objected to Topics 11-13 to the extent that the information sought is obtainable through

2  other, more convenient, less burdensome and less expensive means.  MGA also objected to

3  Topics 11-13 as seeking confidential, proprietary, and commercially sensitive information with no

4  relevance to the litigation.

5      Mattel explains that Morad Zarabi arbitrated a dispute between Isaac Larian and Farhad

6  Larian that involved the timing of the creation of Bratz.  More specifically, Farhad Larian claimed

7  that Isaac Larian concealed from him MGA's development with Carter Bryant of Bratz dolls and

8  alleged that Bryant began working with MGA during a time Bryant was employed by Mattel.

9  Mattel considers all three individuals involved in the arbitration as witnesses in this litigation, and

10  therefore seeks information that may establish their bias.  Mattel also emphasizes that Isaac

11  Larian is a party to the litigation, and that payments made by MGA to him are relevant to Mattel's

12  claim for punitive damages, and may be used as impeachment evidence.  Lastly, although Mattel

13  acknowledges that it deposed Isaac Larian regarding payments he received from MGA, Mattel

14  contends that it is entitled to testimony from MGA to corroborate or refute his testimony.

15      MGA contends that Topics 11-13 are not relevant to this lawsuit.  In particular, MGA

16  objects to Topics 12 and 13 as seeking "private financial records of persons who are neither

17  parties nor witnesses in this action, and whose only connection is knowing people involved in the

18  lawsuit." MGA's Opposition at p. 13.  With regard to payments to Isaac Larian, MGA contends

19  that Mattel already had the opportunity to ask him about payments during his deposition.  MGA

20  also contends that Mattel is not entitled to conduct discovery regarding Isaac Larian's net worth at

21  this time.  Even if Mattel is entitled to conduct such discovery, MGA contends that payments

22  made to him would not establish his net worth because they represent only one of many sources

23  of income and do not account for his other assets and liabilities.

24      MGA's payments to Isaac Larian and Farhad Larian are relevant to the claims and

25  defenses in the case.  Payments to Isaac Larian and Farhad Larian may also show possible bias

26  and be used for impeachment purposes.  Moreover, MGA's payments to Isaac Larian may be

27  relevant to Mattel's claim for punitive damages.  Payments to Isaac Larian are a component of his

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT  13 , PAGE 469

net worth, even if they represent one source of income. The burden of producing such information does not outweigh its relevance, taking into consideration the circumstances of this case. Furthermore, there is no stay on discovery pertaining to punitive damages.  Accordingly, Mattel's motion is granted as to Topics 11 and 12.

In contrast, MGA's payments to Morad Zarabi are irrelevant.  His only connection to this litigation appears to be with the arbitration proceedings.  Any potential relevance of MGA's payments to Morad Zarabi is outweighed by the burden and the intrusion into his private financial affairs.  Mattel's motion is denied as to Topic 13.

### V. CONCLUSION

For the reasons set forth above, it is hereby ordered as follows:

1.      Mattel's motion to compel is granted as to Topics 6-8, 11 and 12.

2.      Mattel's motion to compel is denied as to Topics 1-3, 9 and 13.  In lieu of taking a deposition on Topic 9, Mattel is hereby granted leave to serve a contention interrogatory regarding Topic 9 that is limited to the years 1998 through 2004.

3. Mattel's request for sanctions is denied.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

Dated: September 25, 2007

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 13, PAGE 470

12

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on September 26, 2007, I served the attached ORDER GRANTING IN PART AND DENYI8NG IN PART MATTEL'S MOTION TO COMPEL MGA TO PRODUCE WITNESSES PURSUANT TO THIRD NOTICE OF DEPOSITION UNDER RULE 30(b)(6); DENYING REQUEST FOR SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on September 26, 2007, at San Francisco, California.

_Sandra Chan_
Sandra Chan

EXHIBIT 13, PAGE 471

**Exhibit 14**

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

**Exhibit  15**

1  DIANA M. TORRES (S.B. #162284)
   PAULA E. AMBROSINI (S.B. #193126)

2  O'MELVENY & MYERS LLP
   400 South Hope Street

3  Los Angeles, CA 90071-2899
   Telephone: (213) 430-6000

4  Facsimile: (213) 430-6407

5  DALE M. CENDALI (admitted *pro hac vice*)
   O'MELVENY & MYERS, LLP

6  Times Square Tower
   7 Times Square

7  New York, New York 10036
   Telephone: (212) 326-2000

8  Facsimile: (212) 326-2061

9  Attorneys for Defendant-in-Intervention
   MGA Entertainment, Inc.

10

11

12                    **UNITED STATES DISTRICT COURT**

13                    **CENTRAL DISTRICT OF CALIFORNIA**

14

15

16  MATTEL, INC.,                    Case No. CV 04-09059 NM (RNBx)

17              Plaintiff,           **MGA ENTERTAINMENT, INC.'S
                                     RESPONSES TO MATTEL, INC.'S**
18       v.                          **FIRST SET OF REQUESTS FOR
                                     PRODUCTION OF DOCUMENTS AND**
19  CARTER BRYANT and MGA            **TANGIBLE THINGS**
    ENTERTAINMENT, INC.,
20
                Defendant and
21              Defendant-in-
                Intervention.
22
23  AND RELATED CROSS-CLAIMS
24
25
26
27
28

LA2:756234.3

EXHIBIT 15, PAGE 491

RECEIVED

APR 14 2005

# **PRELIMINARY STATEMENT**

Defendant MGA Entertainment, Inc. ("MGA") has not yet completed its investigation relating to the facts of this action and has not completed preparation for trial.  MGA makes its response to these document requests ("requests," or individually, "request") based upon the information presently available to it and without prejudice to its right to amend or supplement its responses and to present evidence which may hereafter be discovered or become available.

MGA will respond to each request as it understands and interprets each request.  If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request that differs from that of MGA, MGA reserves the right to supplement its objections and responses.

By making these responses, MGA does not concede that any of the information sought by these requests is relevant or discoverable.  MGA makes these responses and objections without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve:  (a) the right to object on any grounds to the use or introduction into evidence of the documents or information provided in response to these requests; (b) the right to object to the use of the documents or information provided in response to the requests in any subsequent proceeding in, or arbitration of this or any other action; and (c) the right to object on any ground at any time to other requests or further discovery into any of the subject matters addressed in these requests or the responses thereto.

MGA shall not provide any privileged or protected information, including without limitation, information protected by the attorney-client privilege or the attorney work product doctrine, and nothing herein may be construed as a waiver of any applicable privilege or protection.  Any inadvertent production of privileged or protected documents or information shall not be construed as a waiver of any privilege or protection attaching thereto and MGA reserves the right to correct the record with regard

LA2:756234.3

EXHIBIT 15 , PAGE 412

MGA'S  RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

1   to any such information and to supplement or amend these responses, which

2   supplemental or amended response shall become the operative response.

3                              **GENERAL OBJECTIONS**

4                1.      MGA objects to each and every request on the ground that production

5   at the date and time demanded will subject MGA to unwarranted oppression and undue

6   burden and expenses.  The time set for compliance is unduly burdensome, especially in

7   light of the number of document requests, and the scope and volume of the material being

8   sought.  MGA intends to proceed expeditiously to collect the documents for production, if

9   any, and will produce them at a date and time, and in such a manner, as may be mutually

10  agreed by counsel for the parties.

11               2.      MGA objects to each request to the extent that it seeks information

12  protected from discovery by the attorney-client privilege, work-product doctrine, right to

13  privacy, or any other applicable privilege.

14               3.      MGA objects to each request to the extent that it seeks the disclosure

15  of confidential, proprietary or trade-secret information.  Should such documents be

16  otherwise responsive and non-objectionable, MGA will produce such documents subject

17  to the terms and conditions of the protective order governing this case.

18               4.      MGA objects to each request to the extent that it seeks documents in

19  Mattel's own possession, custody or control or that are accessible to Mattel from public

20  sources or from third parties.

21               5.      MGA objects to each request to the extent that it asks for documents

22  that are not relevant to claims or defenses in this case.

23               6.      MGA objects to each and every request to the extent it purports to

24  require MGA to search all documents and things within its possession, custody or control

25  or within the possession, custody or control of any of MGA's current or former

26  employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries,

27  divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other

28  person acting on its behalf, pursuant to its authority or subject to its control, on the

LA2:756234.3

EXHIBIT 15, PAGE 403

2

1    Subject to the foregoing, MGA will produce all relevant and responsive non-

2    objectionable communications in its possession, custody or control, if any, between MGA

3    and Jesse Ramirez, dated prior to January 1, 2001, that it is able to locate following a

4    reasonably diligent search.

5    **REQUEST FOR PRODUCTION NO. 79:**

6    Any personnel or vendor file that YOU have created or maintained concerning

7    BRYANT.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

9    MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein.  MGA also specifically objects to this request on the grounds that it is

11   overbroad and unduly burdensome, and seeks information not relevant to the subject

12   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

13   evidence, including, without limitation, in that it seeks any personnel or vendor file

14   concerning Bryant created or maintained by MGA and is not otherwise limited as to

15   subject matter or time.  MGA also objects to this request on the grounds that it is vague

16   and ambiguous in that MGA cannot determine what is meant by "vendor file."  MGA also

17   objects to this request on the grounds that it seeks information in violation the right of

18   privacy.  MGA also objects to this request to the extent it seeks information the disclosure

19   of which would implicate the rights of third parties to protect private, confidential,

20   proprietary or trade secret information.  MGA also objects to this request on the grounds

21   that it seeks confidential, proprietary or commercially sensitive information, the disclosure

22   of which would be inimical to the business interests of MGA.  MGA also objects to this

23   request to the extent it calls for the disclosure of attorney-client privileged information or

24   information protected from disclosure by the work-product doctrine, joint defense or

25   common interest privilege, or other privilege.

26   Subject to the foregoing, MGA will produce all relevant and responsive non-

27   objectionable documents in its possession, custody or control, if any, that it is able to

28   locate following a reasonably diligent search.

LA2:756234.3

71

EXHIBIT _15_, PAGE 494

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1    **REQUEST FOR PRODUCTION NO. 80:**

2         Any personnel file that YOU have created or maintained concerning Paula

3    Treantafellas.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

5         MGA incorporates by reference the above-stated general objections as if fully set

6    forth herein.  MGA also specifically objects to this request on the grounds that it is

7    overbroad and unduly burdensome, and seeks information not relevant to the subject

8    matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

9    evidence, including, without limitation, in that it seeks any personnel file concerning

10   Paula Treantafellas created or maintained by MGA and is not otherwise limited as to

11   subject matter or time.  MGA also objects to this request on the grounds that it seeks

12   information in violation of the right of privacy.  MGA also objects to this request to the

13   extent it seeks information the disclosure of which would implicate the rights of third

14   parties to protect private, confidential, proprietary or trade secret information.  MGA also

15   objects to this request on the grounds that it seeks confidential, proprietary or

16   commercially sensitive information, the disclosure of which would be inimical to the

17   business interests of MGA.  MGA also objects to this request to the extent it calls for the

18   disclosure of attorney-client privileged information or information protected from

19   disclosure by the work-product doctrine, joint defense or common interest privilege, or

20   other privilege.

21        Subject to the foregoing, MGA will produce all relevant and responsive non-

22   objectionable documents in its possession, custody or control, if any, that it is able to

23   locate following a reasonably diligent search.

24   **REQUEST FOR PRODUCTION NO. 81:**

25        Any personnel file that YOU have created or maintained concerning Mercedeh

26   Ward.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

28        MGA incorporates by reference the above-stated general objections as if fully set

LA2:756234.3

EXHIBIT 15, PAGE 405
72

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   forth herein.  MGA also specifically objects to this request on the grounds that it is

2   overbroad and unduly burdensome, and seeks information not relevant to the subject

3   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

4   evidence, including, without limitation, in that it seeks any personnel file concerning

5   Mercedeh Ward created or maintained by MGA and is not otherwise limited as to subject

6   matter or time.  MGA also objects to this request on the grounds that it seeks information

7   in violation of the right of privacy.  MGA also objects to this request to the extent it seeks

8   information the disclosure of which would implicate the rights of third parties to protect

9   private, confidential, proprietary or trade secret information.  MGA also objects to this

10  request on the grounds that it seeks confidential, proprietary or commercially sensitive

11  information, the disclosure of which would be inimical to the business interests of MGA.

12  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

13  privileged information or information protected from disclosure by the work-product

14  doctrine, joint defense or common interest privilege, or other privilege.

15       Subject to the foregoing, MGA will produce all relevant and responsive non-

16  objectionable documents in its possession, custody or control, if any, that it is able to

17  locate following a reasonably diligent search.

18  **REQUEST FOR PRODUCTION NO. 82:**

19       Any personnel or vendor file that YOU have created or maintained concerning

20  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy).

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

22       MGA incorporates by reference the above-stated general objections as if fully set

23  forth herein.  MGA also specifically objects to this request on the grounds that it is

24  overbroad and unduly burdensome, and seeks information not relevant to the subject

25  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

26  evidence, including, without limitation, in that it seeks any personnel or vendor file

27  concerning Margaret Leahy created or maintained by MGA and is not otherwise limited

28  as to subject matter or time.  MGA also objects to this request on the grounds that it is

LA2:756234.3

73

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 15, PAGE 406

1   confidential, proprietary or trade secret information.  MGA also objects to this request on

2   the grounds that it seeks confidential, proprietary or commercially sensitive information,

3   the disclosure of which would be inimical to the business interests of MGA.  MGA also

4   objects to this request to the extent it calls for the disclosure of attorney-client privileged

5   information or information protected from disclosure by the work-product doctrine, joint

6   defense or common interest privilege, or other privilege.

7          Subject to the foregoing, MGA will produce all relevant and responsive non-

8   objectionable documents in its possession, custody or control, if any, that it is able to

9   locate following a reasonably diligent search.

10   **REQUEST FOR PRODUCTION NO. 84:**

11          Any personnel or vendor file that YOU have created or maintained concerning

12   Anna Rhee.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

14          MGA incorporates by reference the above-stated general objections as if fully set

15   forth herein.  MGA also specifically objects to this request on the grounds that it is

16   overbroad and unduly burdensome, and seeks information not relevant to the subject

17   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

18   evidence, including, without limitation, in that it seeks any personnel or vendor file

19   concerning Anna Rhee created or maintained by MGA and is not otherwise limited as to

20   subject matter or time.  MGA also objects to this request on the grounds that it is vague

21   and ambiguous in that MGA cannot determine what is meant by "vendor file."  MGA also

22   objects to this request on the grounds that it seeks information in violation of the right of

23   privacy.  MGA also objects to this request to the extent it seeks information the disclosure

24   of which would implicate the rights of third parties to protect private, confidential,

25   proprietary or trade secret information.  MGA also objects to this request on the grounds

26   that it seeks confidential, proprietary or commercially sensitive information, the disclosure

27   of which would be inimical to the business interests of MGA.  MGA also objects to this

28   request to the extent it calls for the disclosure of attorney-client privileged information or

LA2:756234.3

75

EXHIBIT 15 , PAGE 497

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   information protected from disclosure by the work-product doctrine, joint defense or

2   common interest privilege, or other privilege.

3          Subject to the foregoing, MGA will produce all relevant and responsive non-

4   objectionable documents in its possession, custody or control, if any, that it is able to

5   locate following a reasonably diligent search.

6   **REQUEST FOR PRODUCTION NO. 85:**

7          Any personnel or vendor file that YOU have created or maintained concerning

8   Jesse Ramirez.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

10          MGA incorporates by reference the above-stated general objections as if fully set

11  forth herein.  MGA also specifically objects to this request on the grounds that it is

12  overbroad and unduly burdensome, and seeks information not relevant to the subject

13  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

14  evidence, including, without limitation, in that it seeks any personnel or vendor file

15  concerning Jesse Ramirez created or maintained by MGA and is not otherwise limited as

16  to subject matter or time.  MGA also objects to this request on the grounds that it is vague

17  and ambiguous in that MGA cannot determine what is meant by "vendor file."  MGA also

18  objects to this request on the grounds that it seeks information in violation of the right of

19  privacy.  MGA also objects to this request to the extent it seeks information the disclosure

20  of which would implicate the rights of third parties to protect private, confidential,

21  proprietary or trade secret information.  MGA also objects to this request on the grounds

22  that it seeks confidential, proprietary or commercially sensitive information, the disclosure

23  of which would be inimical to the business interests of MGA.  MGA also objects to this

24  request to the extent it calls for the disclosure of attorney-client privileged information or

25  information protected from disclosure by the work-product doctrine, joint defense or

26  common interest privilege, or other privilege.

27

28

LA2:756234.3

EXHIBIT 15, PAGE 76 498

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1       Subject to the foregoing, MGA will produce all relevant and responsive non-

2   objectionable documents in its possession, custody or control, if any, that it is able to

3   locate following a reasonably diligent search.

4   **REQUEST FOR PRODUCTION NO. 86:**

5       Any personnel file that YOU have created or maintained concerning Shirin

6   Salemnia.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

8       MGA incorporates by reference the above-stated general objections as if fully set

9   forth herein.  MGA also specifically objects to this request on the grounds that it is

10  overbroad and unduly burdensome, and seeks information not relevant to the subject

11  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

12  evidence, including, without limitation, in that it seeks any personnel file concerning

13  Shirin Salemnia created or maintained by MGA and is not otherwise limited as to subject

14  matter or time.  MGA also objects to this request on the grounds that it seeks information

15  in violation of the right of privacy.  MGA also objects to this request to the extent it seeks

16  information the disclosure of which would implicate the rights of third parties to protect

17  private, confidential, proprietary or trade secret information.  MGA also objects to this

18  request on the grounds that it seeks confidential, proprietary or commercially sensitive

19  information, the disclosure of which would be inimical to the business interests of MGA.

20  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

21  privileged information or information protected from disclosure by the work-product

22  doctrine, joint defense or common interest privilege, or other privilege.

23      Subject to the foregoing, MGA will produce all relevant and responsive non-

24  objectionable documents in its possession, custody or control, if any, that it is able to

25  locate following a reasonably diligent search.

26  **REQUEST FOR PRODUCTION NO. 87:**

27      Any personnel file that YOU have created or maintained concerning Victoria

28  O'Connor.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

2      MGA incorporates by reference the above-stated general objections as if fully set

3   forth herein.  MGA also specifically objects to this request on the grounds that it is

4   overbroad and unduly burdensome, and seeks information not relevant to the subject

5   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

6   evidence, including, without limitation, in that it seeks any personnel file concerning

7   Victoria O'Connor created or maintained by MGA and is not otherwise limited as to

8   subject matter or time.  MGA also objects to this request on the grounds that it seeks

9   information in violation of the right of privacy.  MGA also objects to this request to the

10   extent it seeks information the disclosure of which would implicate the rights of third

11   parties to protect private, confidential, proprietary or trade secret information.  MGA also

12   objects to this request on the grounds that it seeks confidential, proprietary or

13   commercially sensitive information, the disclosure of which would be inimical to the

14   business interests of MGA.  MGA also objects to this request to the extent it calls for the

15   disclosure of attorney-client privileged information or information protected from

16   disclosure by the work-product doctrine, joint defense or common interest privilege, or

17   other privilege.

18      Subject to the foregoing, MGA will produce all relevant and responsive non-

19   objectionable documents in its possession, custody or control, if any, that it is able to

20   locate following a reasonably diligent search.

21   **REQUEST FOR PRODUCTION NO. 88:**

22      Any personnel file that YOU have created or maintained concerning Farhad Larian.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

24      MGA incorporates by reference the above-stated general objections as if fully set

25   forth herein.  MGA also specifically objects to this request on the grounds that it is

26   overbroad and unduly burdensome, and seeks information not relevant to the subject

27   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

28   evidence, including, without limitation, in that it seeks any personnel file concerning

EXHIBIT 15, PAGE 700

78

1   Farhad Larian created or maintained by MGA and is not otherwise limited as to subject

2   matter or time.  MGA also objects to this request on the grounds that it seeks information

3   in violation of the right of privacy.  MGA also objects to this request to the extent it seeks

4   information the disclosure of which would implicate the rights of third parties to protect

5   private, confidential, proprietary or trade secret information.  MGA also objects to this

6   request on the grounds that it seeks confidential, proprietary or commercially sensitive

7   information, the disclosure of which would be inimical to the business interests of MGA.

8   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

9   privileged information or information protected from disclosure by the work-product

10  doctrine, joint defense or common interest privilege, or other privilege.

11          Subject to the foregoing, MGA will not produce documents in response to this

12  request.

13  **REQUEST FOR PRODUCTION NO. 89:**

14          All telephone records for MGA Entertainment Inc. for the time period from

15  January 1, 1998 through January 1, 2001.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

17          MGA incorporates by reference the above-stated general objections as if fully set

18  forth herein.  MGA also specifically objects to this request on the grounds that it is

19  overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

20  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

21  admissible evidence, including, without limitation, in that it seeks all telephone records

22  for MGA entertainment, without limitation as to who placed the call or who was called,

23  thereby potentially revealing to Mattel every customer, vendor, distributor or anyone else

24  MGA called in the referenced time period, and the length and frequency of those calls.

25  MGA also objects to this request on the grounds that it is overbroad in that it asks for

26  phone records beginning in January, 1998.  MGA also objects to this request on the

27  grounds that Mattel's pursuit of MGA's phone records is now the subject of a subpoena

28  that Mattel directed to Verizon, and a currently-pending motion in Texas for a protective

LA2:756234.3                                79              MGA'S RESPONSE TO 1ST SET OF
                                                           REQUEST FOR PRODUCTION OF
EXHIBIT _b_ , PAGE _501_                                    DOCUMENTS

1   forth herein.  MGA also specifically objects to this request on the grounds that it is

2   overbroad and unduly burdensome in that it calls for all tangible items that support, refute

3   or otherwise refer or relate to any facts underlying MGA's affirmative defenses.  MGA

4   also objects to this request on the grounds that it calls for legal conclusions.  MGA also

5   objects to this request to the extent it calls for the disclosure of attorney-client privileged

6   information or information protected from disclosure by the work-product doctrine, joint

7   defense or common interest privilege, or other privilege.

8          Subject to the foregoing, MGA will produce all relevant and responsive non-

9   objectionable documents in its possession, custody or control, if any, that support its

10  affirmative defenses, that it is able to locate following a reasonably diligent search.

11

12

13              AS TO OBJECTIONS ONLY:

14  Dated: April 13, 2005

15

16              DIANA M. TORRES
            PAULA E. AMBROSINI

17              O'MELVENY & MYERS LLP

18

19  By: Paula Ambrosini

20      Paula E. Ambrosini

21  Attorneys for Defendant-in-Intervention
    MGA Entertainment, Inc.

22

23

24

25

26

27

28

LA2:756234.3

EXHIBIT 15 , PAGE 502

88

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1

## **PROOF OF SERVICE**

2

I, Jennifer R. Szoke, declare:

3

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On April 13, 2005, I served the within document:

4

5

## **MGA ENTERTAINMENT, INC.'S RESPONSES TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS**

6

7

☒   by transmitting via facsimile machine the document(s) listed above to the fax number(s) set forth below on this date. The outgoing facsimile machine telephone number in this office is (213) 430-6407.

8

9

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

10

11

12

13

14

Keith Jacoby (by mail only)
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Tel: (310) 553-0308
Fax: (310) 553-5583

15

16

17

18

19

Michael T. Zeller (by fax and mail)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel: (213) 443-3000
Fax: (213) 443-3100

20

21

22

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

23

24

Executed on April 13, 2005, at Los Angeles, California.

25

26

_____
                                    Jennifer R. Szoke

27

LA2:758376.1

28

EXHIBIT 15, PAGE 503