1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone:   (213) 443-3000
6   Facsimile:   (213) 443-3100

7   Attorneys for Mattel, Inc.

8

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                      EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13       Plaintiff, | Consolidated with |
| | Case No. CV 04-09059 |
| 14       vs. | Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware | **DISCOVERY MATTER** |
|     corporation, | |
| 16 | **[To Be Heard By Discovery Master Hon.** |
|        Defendant. | **Edward Infante (Ret.) Pursuant To The** |
| 17 | **Court's Order Of December 6, 2006]** |
| 18  AND CONSOLIDATED ACTIONS | MATTEL, INC.'S NOTICE OF MOTION |
| 19 | AND MOTION TO COMPEL |
| | PRODUCTION OF FEE AGREEMENTS |
| 20 | AND PRIVILEGE LOGS FROM LEAHY, |
| | CLOONAN, HALPERN AND MARLOW, |
| | AND FOR SANCTIONS; AND |
| 21 | |
| 22 | MEMORANDUM OF POINTS AND |
| | AUTHORITIES |
| 23 | [Declaration of Jennifer E. Lewis filed |
| 24 | concurrently herewith] |
| 25 | Hearing Date:  TBA |
| | Time:  TBA |
| | Place:  TBA |
| 26 | |
| 27 | Phase I: |
| | Discovery Cut-off:  January 28, 2008 |
| 28 | Pre-trial Conference:  May 5, 2008 |
| | Trial Date:  May 27, 2008 |

07209/2369092.1

MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND PRIVILEGE LOGS

TO THIRD PARTIES MARGARET HATCH-LEAHY, VERONICA MARLOW, ELISE CLOONAN, SARAH HALPERN AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, at a hearing to be held before Discovery Master Hon. Edward Infante (Ret.) that will occur on a date and at a time to be determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court:

(1)     to compel Margaret Hatch-Leahy ("Leahy"), Veronica Marlow ("Marlow"), Elise Cloonan ("Cloonan") and Sarah Halpern ("Halpern") to produce documents relating to their fee agreements with MGA;

(2)     to compel Leahy, Marlow, Cloonan and Halpern to produce all documents withheld on privilege grounds for failure to assert the privilege or, in the alternative, to produce privilege logs of documents withheld on the basis of privilege; and

(3)     for an award of sanctions against Leahy, Marlow, Cloonan and Halpern in the amount of $3,500, which represents a portion of the costs incurred by Mattel in bringing this Motion.

This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 45 and 37 on the grounds that (1) Mattel is entitled to documents relating to these witnesses' fee agreements with MGA and (2) the witnesses refuse to specifically assert any claimed privilege.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jennifer E. Lewis filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

Pursuant to the Stipulation and Order Appointing a Discovery Master in this action, Marlow, Leahy, Cloonan and Halpern have five Court days to respond to this motion.

1

## <u>Statement of Rule 37-1 Compliance</u>

2

3       The parties met and conferred regarding this motion on June 22, 2007,

4  and numerous times thereafter.

5

6  DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
7

8                                    By
                                       Timothy L. Alger
9                                      Attorneys for Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND PRIVILEGE LOGS

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. i

Preliminary Statement ................................................ 1

Background.................................................................. 1

I.   LEAHY, CLOONAN, HALPERN AND MARLOW SHOULD BE COMPELLED TO PRODUCE PRIVILEGE LOGS....................... 5

II.  LEAHY, CLOONAN, HALPERN AND MARLOW SHOULD BE COMPELLED TO PRODUCE FEE AGREEMENTS AND RELATED DOCUMENTS ........................................................... 6

     A.   The Existence of Fee Agreements Is Relevant to Show Bias................. 7

     B.   The Witnesses' Fee Agreements are not Privileged................... 8

          1.   Federal Privilege Law Applies In This Case............................... 8

          2.   Marlow, Halpern, Cloonan and Leahy's Fee Agreements are not Privileged........................................ 10

III. LEAHY, MARLOW, CLOONAN AND HALPERN SHOULD BE SANCTIONED ........................................................ 11

Conclusion.......................................................... 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

07209/2369092.1

MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND PRIVILEGE LOGS

1

# <u>TABLE OF AUTHORITIES</u>

2

3                                                                                    **<u>Page</u>**

4

5                                             <u>Cases</u>

6   A. Farber and Partners, Inc. v. Garber,
    234 F.R.D. 186 (C.D. Cal. 2006) ............................................................. 11

7   Agster v. Maricopa County,
    422 F.3d 836 (9th Cir. 2005)..................................................................... 9

8
    Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.,
9   408 F.3d 1142 (9th Cir. 2005)................................................................... 6

10  Cable & Computer Technology, Inc. v. Lockheed Sanders, Inc.,
    175 F.R.D. 646 (C.D. Cal. 1997) .............................................................. 8

11
    Clarke v. American Commerce Natl. Bank,
12  974 F.2d 127 (9th Cir. 1992)................................................................... 10

13  In re Coan, No. C 06-80350,
    2007 WL. 128010 (N.D. Cal. Jan. 12, 2007) ......................................... 11

14
    Corvello v. New England Gas Co., Inc.,
15  243 F.R.D. 28 (D. R.I. 2007).................................................................. 5, 6

16  Folb v. Motion Picture Indus. Pension & Health Plans,
    16 F. Supp. 2d 1164 (C.D. Cal. 1998), aff'd, 216 F.3d 1082 (9th Cir. 2000) ........ 9

17
    In re Grand Jury Subpoenas,
18  803 F.2d 493 (9th Cir. 1986)................................................................... 10

19  Hogan v. Robinson,
    2006 WL. 1049979 (E.D. Cal. 2006) ........................................................ 9

20
    In re Imperial Corp. Of America,
21  174 F.R.D. 475 (S.D. Cal. 1997) .............................................................. 6

22  Marquis v. Chrysler Corp.,
    577 F.2d 624 (9th Cir. 1978)................................................................... 11

23
    Martinez v. City of Fresno,
24  2006 WL. 3762050 (E.D. Cal. 2006) ........................................................ 5

25  Religious Tech. Ctr. v. Wollersheim,
    971 F.2d 364 (9th Cir. 1992).................................................................... 9

26
    U.S. v. Landon,
27  2006 WL. 3377894 (N.D. Cal. 2006)....................................................... 10

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

U.S. v. Zolin,
    491 U.S. 554 (1989) ................................................................................ 9

United States v. Abel,
    469 U.S. 45 (1984) ................................................................................. 8

United States v. Blackman,
    72 F.3d 1418 (9th Cir. 1995) ................................................................ 10

## **Statutes**

Fed. R. Civ. P. 37(a)(4) ............................................................................. 11

Fed. R. Civ. P. 45 ......................................................................................... 1

Fed. R. Civ. P. 45(d)(2)(A) ........................................................................ 5

Fed. R. Evid. 501 ........................................................................................ 9

## **Miscellaneous**

23 Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice And Procedure:
    Evidence § 5434 at 862 (1980) ............................................................. 9

Wright & Miller, Federal Practice & Procedure:
    Federal Rules of Evidence § 6095 ........................................................ 8

-iii-

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Margaret Hatch-Leahy, Veronica Marlow, Elise Cloonan and Sarah Halpern are all important third party witnesses who have knowledge of the origins of Bratz and who are represented by Larry McFarland, MGA's counsel. Mattel has been requesting that these witnesses produce their fee and/or indemnity agreements with MGA since early June 2007. Nevertheless, and despite the fact that Mattel has told them numerous times that the Court has already found such documents to be relevant to bias and credibility, Leahy, Marlow, Cloonan and Halpern continue to refuse to produce any fee agreements or related communications to Mattel or even to confirm whether or not such fee agreements exist.

Moreover, these witnesses have all refused to produce privilege logs of documents they are withholding, either on a document by document basis or otherwise. Third parties are required to produce privilege logs under the Federal Rules. Starting in June 2007, Mattel requested privilege logs from these individuals on numerous occasions, but they continue to refuse to provide them.

Mattel respectfully requests that the Discovery Master order Leahy, Marlow, Cloonan and Halpern to produce all documents relating to fee and/or indemnity agreements with MGA. Mattel also requests that the Court order them to produce any documents they are withholding on privilege grounds or, in the alternative, privilege logs of any documents they are withholding.

### Background

Leahy, Marlow, Cloonan and Halpern are each critical percipient witnesses with knowledge about the origins of Bratz, as MGA recognizes in its Rule

26(a) disclosures.[1]  Mattel first served subpoenas to produce documents on Leahy, Marlow and Halpern on March 14 and March 15, 2005, and on Cloonan on May 12, 2005.[2]

<u>The Witnesses' Refusal to Produce Fee Agreements</u>.  Mattel's subpoenas request the production of all documents referring or relating to any agreements or contracts relating to Bratz between the subpoenaed individuals and any other individual or entity as well as all documents relating to this litigation.[3] Clearly fee agreements and related documents should be produced under one or both of these requests.  Though almost three years have passed since Mattel first requested these documents, and the witnesses do not deny that responsive documents exist, none of them has produced a single document relating to fee arrangements between themselves and MGA.

Since June 2007, Mattel has repeatedly tried to obtain information as to fee agreements from Leahy, Marlow, Cloonan and Halpern.  On June 25, 2007, Mattel requested confirmation from Larry McFarland, an MGA lawyer who represents these witnesses, regarding whether or not they had entered into fee agreements, written or otherwise, with MGA.[4]  In a June 28, 2007 letter to Mattel, Mr. McFarland replied that it was his intention to review the orders of the Discovery Master and relevant case law regarding third party retainer agreements before

---

[1]   MGA's Amended and Supplemental Rule 26(a) Disclosures, dated May 16, 2005, at 2-3, attached as Exhibit 1, to the Declaration of Jennifer E. Lewis ("Lewis Dec.") filed concurrently.

[2]   Mattel's Subpoenas on Leahy, Marlow, Cloonan and Halpern, Lewis Dec., Exhs. 2-5.

[3]   <u>Id.</u>

[4]   Letter from Susan Wines to Larry McFarland, dated June 25, 2007, Lewis Dec., Exh. 6.  Mattel also pointed out in this letter that Judge Infante had already found fee agreements relevant to bias and credibility.

1 replying.[5]  However, he did not reply.  Mattel followed up, including by letter on

2 November 15, 2007, again requesting confirmation regarding whether any of the

3 witnesses had fee agreements with MGA and requesting production of such fee

4 agreements, if they existed.[6]  By letter dated November 21, 2007, the witnesses

5 confirmed their position that Mattel's request for their fee agreements with MGA

6 sought privileged information and, therefore, would not be produced.[7]  Mattel

7 reminded the witnesses that the Discovery Master has already found fee agreements

8 to be relevant to bias and credibility and not privileged, and attached Orders to this

9 effect.[8]  But the witnesses stated that the Discovery Master's Orders did not apply to

10 them as third parties and that they still considered fee agreements privileged

11 information.[9]  Mattel made several additional attempts to obtain this information

12 without motion practice, but the witnesses have not provided it.[10]

13          <u>The Witnesses' Refusal to Provide Privilege Logs</u>.  Mattel first

14 requested privilege logs from the witnesses on June 1, 2007.[11]  This request was

15 ignored in a response letter sent to Mattel on June 22, 2007.[12]  Mattel sent a follow-

16

17     [5]  Letter from McFarland to Wines, dated June 28, 2007, Lewis Dec., Exh. 7.

18     [6]  Letter from Dylan Proctor to McFarland dated November 15, 2007, Lewis
   Dec., Exh. 8.

19     [7]  Letter from McFarland to Proctor dated November 21, 2007, Lewis Dec., Exh.

20  9.

21     [8]  Letter from Proctor to McFarland dated November 28, 2007, Lewis Dec., Exh.
   10.

22     [9]  Letter from McFarland to Proctor dated December 3, 2007, Lewis Dec., Exh.

23  11.

24     [10]  <u>See</u> Letter from Proctor to McFarland dated December 6, 2007, Lewis Dec.,
   Exh. 12; Letter from McFarland to Proctor dated December 18, 2007, Lewis Dec.,

25  Exh. 13; Letter from Proctor to McFarland dated January 10, 2008, Lewis Dec.,
   Exh. 14; Letter from Proctor to McFarland dated January 11, 2008, Lewis Dec.,

26  Exh. 15.

27     [11]  Letter from Wines to McFarland dated June 1, 2007, Lewis Dec., Exh. 16.

28     [12]  Letter from McFarland to Wines dated June 22, 2007, Lewis Dec., Exh. 17.

up letter on November 15, 2007, noting that Mattel had still not received privilege logs for any of the witnesses.[13]  In a letter dated December 3, 2007, Mr. McFarland stated that he had "never before" been required to produce a privilege log as extensive as the one Mattel was requesting.[14]  However, he did not agree to produce any type of privilege logs at all.[15]  On December 6, 2007, Mattel sent a letter to the witnesses reminding them that third parties are required to produce privilege logs under the Federal Rules and requesting that the overdue privilege logs be produced as soon as possible.[16]  The witnesses obliquely responded that they would only consider Mattel's request after Mattel told them whether Mattel had produced a "similar" privilege log.[17]

In order to minimize any claimed burden and as an attempted compromise, Mattel offered on several occasions to accept narrowed privilege logs that do not log, on a document-by-document basis, communications that (1) are exclusively between Marlow, Cloonan, Leahy or Halpern, on the one hand, and McFarland or other attorneys at his firm, on the other hand, (2) were sent on or after January 1, 2006, (3) were not copied or addressed to other parties or third parties and (4) do not relate to fee or indemnification matters.[18]  In a meeting of counsel on

---

[13]  Letter from Proctor to McFarland dated November 15, 2007, Lewis Dec., Exh. 8.

[14]  Letter from McFarland to Proctor dated December 3, 2007, Lewis Dec., Exh. 11.

[15]  Id.

[16]  Letter from Proctor to McFarland dated December 6, 2007, Lewis Dec., Exh. 12.

[17]  Letter from McFarland to Proctor dated December 18, 2007, Lewis Dec., Exh. 13.

[18]  Letter from Proctor to McFarland dated December 6, 2007, Lewis Dec., Exh. 12; Letter from Proctor to McFarland dated January 10, 2008, Lewis Dec., Exh. 14.

1    January 11, 2008, the witnesses rejected Mattel's proposal.[19]  Mattel once again

2    requested that these witnesses produce a privilege log on January 23, 2008,[20] and

3    once again the witnesses refused to produce any privilege logs.[21]

4                             **Argument**

5   I.    **LEAHY, CLOONAN, HALPERN AND MARLOW SHOULD BE**

6          **COMPELLED TO PRODUCE PRIVILEGE LOGS**

7            Leahy, Cloonan, Halpern and Marlow have not produced privilege logs

8    for any of their withheld documents, including documents they are withholding

9    relating to key time periods in the case.  Third parties are required to produce

10   privilege logs under the Federal Rules.  <u>See</u> <u>Federal Rule of Civil Procedure</u>

11   45(d)(2)(A) ("When information subject to a subpoena is withheld on a claim that it

12   is privileged . . ., the claim shall be made expressly and shall be supported by a

13   description of the nature of the documents, communications, or things not produced

14   that is sufficient to enable the demanding party to contest the claim").  The

15   "universally accepted means" of claiming that requested documents are privileged is

16   the production of a document-by-document privilege log.  <u>See</u> <u>Corvello v. New</u>

17   <u>England Gas Co., Inc.</u>, 243 F.R.D. 28, 33 (D. R.I. 2007) (discussing requirement in

18   the context of Rule 45); <u>Martinez v. City of Fresno</u>, 2006 WL 3762050, at *6 (E.D.

19   Cal. 2006) (over-generalized descriptions that fail to adequately identify specific

20   documents are insufficient in a privilege log).  Marlow, Cloonan, Halpern and

21   Leahy's failure to produce privilege logs is clearly improper under the Federal

22   Rules.  Indeed, the Discovery Master has already ruled as much as to other third

23

24      [19]   Letter from Proctor to McFarland dated January 11, 2008, Lewis Dec., Exh.

25   15.

         [20]   Letter from Proctor to McFarland dated January 23, 2008, Lewis Dec., Exh.

26   18.

         [21]   Letter from McFarland to Proctor dated January 27, 2008, Lewis Dec., Exh.

27   19.

28

1  parties, even when they claimed that a privilege log was unduly burdensome

2  because of the large volume of documents involved -- a claim that these witnesses

3  have never made.[22]

4        The witnesses' willful refusal to specifically assert any claim of

5  privilege as to documents they are withholding, despite Mattel's repeated requests

6  and attempts to confer on the issue, constitutes a waiver of any such privilege as to

7  the documents at issue.  Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court

8  for Dist. of Mont., 408 F.3d 1142, 1148-50 (9th Cir. 2005) (affirming district's

9  court's holding that party waived privilege objections by failing to provide privilege

10  log within thirty days of serving its responses); In re Imperial Corp. Of America,

11  174 F.R.D. 475, 477 (S.D. Cal. 1997) (waiver rule for failure to provide privilege

12  log applies to subpoenas to third parties, such as law firms that represent party).  At

13  a minimum, the Discovery Master should compel Leahy, Marlow, Cloonan and

14  Halpern to produce document-by-document privilege logs that identify all claims of

15  privilege.  Gail v. New England Gas Co., Inc., 243 F.R.D. 28, 33 (D. R.I. 2007)

16  ("universally accepted" means of claiming that requested documents are privileged

17  is the production of a privilege log; discussing requirement for Rule 45 and

18  requiring a document-by-document log).

19  **II.   LEAHY, CLOONAN, HALPERN AND MARLOW SHOULD BE**

20  **COMPELLED TO PRODUCE FEE AGREEMENTS AND RELATED**

21  **DOCUMENTS**

22        Mattel's subpoenas include document requests that require the

23  production of fee and/or indemnity agreements between the witnesses and MGA.[23]

24

25  [22]  Order Re Mattel's Motions to Compel Farhad Larian, Kaye Scholer and Stern

26  & Goldberg to Produce Documents, dated January 25, 2008, Lewis Dec., Exh. 20

27  (requiring Farhad Larian and Kaye Scholer to produce document-by-document privilege logs).

28

1  The Court has already compelled both Bryant and Larian to produce documents in

2  response to comparable requests.[24]  Nevertheless, the witnesses have not provided

3  responsive documents.  They should be ordered to do so.

4          **A.**     **<u>The Existence of Fee Agreements Is Relevant to Show Bias</u>**

5          Whether or not Leahy, Marlow, Cloonan and Halpern have fee

6  agreements with MGA is relevant to their credibility and bias as percipient

7  witnesses in this action.  These witnesses possess critical information about the early

8  development of Bratz.

9          Leahy was a Mattel employee until approximately September 5, 2000.[25]

10  While Bryant was still employed by Mattel, (and while Leahy apparently was as

11  well) Bryant solicited Leahy to sculpt the Bratz dolls and introduced her to MGA.[26]

12  Indeed, according to Leahy, <u>she</u> -- and not Bryant -- was the creator of the

13  "appearance" of Bratz.[27]  Marlow was originally employed at Mattel, where she got

14  to know Bryant, and then began to do work for MGA around April 2000.[28]  Paula

15  Garcia, MGA Bratz project manager, has testified that it was Veronica Marlow who

16  first brought Bryant to the attention of MGA and arranged a meeting between him

17  and MGA, and that she was present at the first meeting between Bryant and MGA

---

19  [23]  Mattel's Subpoenas on Leahy, Marlow, Cloonan and Halpern, Lewis Dec., Exhs. 2-5.

20  [24]  Order Granting Mattel's Motion to Compel Production of Documents, dated

21  January 25, 2007, Lewis Dec., Exh. 21; Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian; Denying

22  Request for Sanctions, dated December 31, 2007, Lewis Dec., Exh. 22.

23  [25]  Margaret Leahy's MGA Application For Employment, dated February 14, 2005, Lewis Dec., Exh. 23, at 16:17-19.

24  [26]  Deposition Tr. of Carter Bryant, Vol. I, dated November 4, 2004 at 68:22-

25  71:13, Lewis Dec., Exh. 24.

    [27]  Deposition Tr. of Margaret Leahy, dated December 12, 2007, at 275:2-10,

26  Lewis Dec., Exh. 25.

    [28]  Deposition Tr. of Paula Garcia, Vol. I, dated May 24, 2007, at 237:8-13,

27  Lewis Dec., Exh. 26.

28

and helped Bryant make his Bratz pitch to MGA.[29]  Halpern worked on graphics and trims for the first Bratz dolls.[30]  Cloonan was also Bryant's roommate in 1999-2000.[31]  While both she and Bryant were Mattel employees, Ms. Cloonan also prepared portions of the written Bratz pitch materials that Bryant presented to MGA.[32]

The existence or non-existence of fee agreements between MGA and these witnesses will shed light on possible bias on the part of these crucial witnesses.  Information is relevant and discoverable if it relates to "the credibility of any witness."  Cable & Computer Technology, Inc. v. Lockheed Sanders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997).  Evidence of bias is also relevant and discoverable.  United States v. Abel, 469 U.S. 45, 50-51 (1984); see also Wright & Miller, Federal Practice & Procedure: Federal Rules of Evidence § 6095 (bias is a "particularly favored basis for attacking credibility.").  Mattel is entitled to the production of these witnesses' fee agreements with MGA, if any, because the existence of such agreements may be used to show bias.

**B.    The Witnesses' Fee Agreements are not Privileged**

**1.    Federal Privilege Law Applies In This Case**

Federal privilege law applies in this case.  "Where there are federal question claims and pendent state law claims present, the federal law of privilege applies."  Agster v. Maricopa County, 422 F.3d 836, 839 (9th Cir. 2005); see

---

[29]   Id. at 186:19-187:16; 242:19-243:17; 264:21-266:20; 270:22-271:1, Lewis Dec., Exh. 26.
[30]   MGA's Third Supplemental Responses to Mattel's Second Set of Interrogatories, at 4:27-5:2, dated August 21, 2007, Lewis Dec., Exh. 27.
[31]   Deposition Tr. of Anna Rhee, dated February 3, 2005, at 50:10-51:2, 78:24-79:12, 81:16-19, Lewis Dec., Exh. 28; Deposition Tr. of Richard Irmen, dated September 28, 2007, at 9:17-12:8, Lewis Dec., Exh. 29.
[32]   Deposition Tr. of Carter Bryant, Vol. II, dated November 5, 2004, at 289:22-292:25, Lewis Dec., Exh. 24.

MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND PRIVILEGE LOGS

1   <u>Religious Tech. Ctr. v. Wollersheim</u>, 971 F.2d 364, 367 n.10 (9th Cir. 1992)

2   (refusing to apply California litigation privilege in copyright action with pendent

3   state law claims); <u>Folb v. Motion Picture Indus. Pension & Health Plans</u>,

4   16 F. Supp. 2d 1164, 1169-70 (C.D. Cal. 1998) (stating that federal common law of

5   privileges governs both federal and pendent state law claims in federal question

6   cases), <u>aff'd</u>, 216 F.3d 1082 (9th Cir. 2000); <u>U.S. v. Zolin</u>, 491 U.S. 554, 562 (1989)

7   ("Questions of privilege that arise in the course of the adjudication of federal rights

8   are 'governed by the principles of the common law as they may be interpreted by the

9   courts of the United States in the light of reason and experience.'"); <u>see also</u> <u>Fed. R.</u>

10  <u>Evid.</u> 501.

11         Here, Mattel has brought federal copyright infringement and RICO

12  claims against both Bryant and MGA.  In addition, MGA has brought federal claims

13  against Mattel.  The information Mattel seeks regarding bias on the part of Marlow,

14  Halpern, Leahy and Cloonan is relevant to the entire litigation, including the federal

15  claims.  Therefore, federal privilege law applies.  <u>See</u> 23 Charles A. Wright &

16  Kenneth W. Graham, Jr., <u>Federal Practice And Procedure: Evidence</u> § 5434 at 862

17  (1980) ("courts should always follow the federal rule when the same evidence is

18  relevant to both a state and federal claim.").  Indeed, even if the information were

19  not relevant to any federal claims (which it is), federal privilege law would still

20  apply.  "[F]ederal law of privilege is paramount in federal question cases 'even if the

21  witness-testimony is relevant to a pendent state law count which may be controlled

22  by a contrary state law privilege.'"  <u>Folb</u>, 16 F. Supp. 2d at 1169; <u>see</u> <u>Hogan v.</u>

23  <u>Robinson</u>, 2006 WL 1049979, at *2 (E.D. Cal. 2006) ("In federal question cases

24  where pendent state claims are raised the federal common law of privileges should

25  govern all claims of privilege raised in the litigation.").

26

27

28

1
2

**2.** **Marlow, Halpern, Cloonan and Leahy's Fee Agreements are not Privileged**

3      Fee agreements are not privileged under Ninth Circuit law. <u>See</u> <u>United
4 States v. Blackman</u>, 72 F.3d 1418, 1424 (9th Cir. 1995) ("[a]s a general rule, client
5 identity and the nature of the fee arrangement between attorney and client are not
6 protected from disclosure by the attorney-client privilege"); <u>Clarke v. American
7 Commerce Natl. Bank</u>, 974 F.2d 127, 129 (9th Cir. 1992) ("Our decisions have
8 recognized that the identity of the client, the amount of the fee, the identification of
9 payment by case file name, and the general purpose of the work performed are
10 usually not protected from disclosure by the attorney-client privilege."); <u>In re Grand
11 Jury Subpoenas</u>, 803 F.2d 493, 499 (9th Cir. 1986) (reversing order quashing a
12 subpoena and requiring attorneys to identify third parties paying their fees); <u>U.S. v.
13 Landon</u>, 2006 WL 3377894, at *2 (N.D. Cal. 2006) ("The attorney-client privilege
14 does not protect communications such as fee arrangements that do not convey the
15 substance of confidential professional communications."). Under these authorities,
16 agreements relating to the payment of legal fees in this case clearly are not
17 privileged.

18      Furthermore, this Court has repeatedly found fee and indemnity
19 agreements to be relevant to bias and credibility, and non-privileged. <u>See</u> Order
20 Granting Mattel's Motion to Compel Documents, dated January 25, 2007, at 11-12;
21 Order Granting Mattel's Motion to Compel Production of Documents and
22 Interrogatory Responses by MGA, dated May 15, 2007, at 10; Order Granting in
23 Part and Denying in Part Mattel's Motion to Enforce the Court's Order of January
24 25, 2007, to Compel Production of Documents by Carter Bryant and for Sanctions,
25 dated June 19, 2007, at 2-4; Order Re Motions Heard on June 11, 2007, dated June
26 27, 2007, at 33-34. Cloonan, Marlow, Leahy and Halpern should be compelled to
27 produce their fee and/or indemnity agreements with MGA and all related
28 communications.

1  **III.   LEAHY, MARLOW, CLOONAN AND HALPERN SHOULD BE**
2  **SANCTIONED**

3         Under the <u>Federal Rules</u>, a party bringing a motion to compel is entitled
4  to the "reasonable expenses incurred in making the motion, including attorney's fees,
5  unless the court finds that the motion was filed without the movant's first making a
6  good faith effort to obtain the disclosure or discovery without court action, or that
7  the opposing party's nondisclosure, response or objection was substantially justified,
8  or that other circumstances make an award of expenses unjust." <u>Fed. R. Civ. P.</u>
9  <u>37</u>(a)(4). <u>Federal Rule</u> 37(a)(4) was designed "to discourage unnecessary
10 involvement of the court in discovery." <u>Marquis v. Chrysler Corp.</u>, 577 F.2d 624,
11 641 (9th Cir. 1978).

12        As a result of unreasonable conduct by Leahy, Marlow, Halpern and
13 Cloonan, court intervention is now required where none should be necessary.
14 Mattel has repeatedly provided these witnesses with Orders from this Court holding
15 that fee agreements are not privileged and are relevant to bias and credibility, but
16 they still refused to produce their fee agreements.  They also failed to produce
17 privilege logs, which are clearly required under the <u>Federal Rules</u>.  Mattel is
18 therefore entitled to at least a portion of its attorneys' fees in connection with this
19 motion. <u>See</u> <u>In re Coan</u>, No. C 06-80350, 2007 WL 128010, at *6 (N.D. Cal. Jan.
20 12, 2007) (granting motion to compel compliance with subpoenas under Rule 45
21 and awarding sanctions); <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186,
22 194 (C.D. Cal. 2006) (awarding attorneys' fees for failure to produce requested
23 documents).  Mattel therefore requests that Leahy, Marlow, Halpern and Cloonan
24 and their counsel be ordered to pay $3500 as partial reimbursement for the fees
25 Mattel has incurred on this Motion.[33]

26

27 _____

   [33]   <u>See</u> Lewis Dec., ¶ 31.
28

1

## **Conclusion**

2

3        For the foregoing reasons, Mattel's motion should be granted in its

4    entirety.

5

6    DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
7

8                                      By
9                                         Timothy L. Alger
                                          Attorneys for Mattel, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2369092.1