# EXHIBIT 1

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 2

# EXHIBIT 3

# EXHIBIT 4

# EXHIBIT 5

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 6

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF LOS ANGELES

MATTEL, INC., a Delaware Corporation

## SUBPOENA IN A CIVIL CASE

v.

CARTER BRYANT, an Individual; and DOES 1 through 10, inclusive

Case Number:[1] CV 04-9059 NM (RNBx)

TO: Margaret Hatch-Leahy      (626) 791-2137
    1824 Braeburn Road
    Altadena, CA  91001

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP. 865 So. Figueroa Street, 10th Fl., Los Angeles, CA 90017 (213) 443-3000 | March 25, 2005 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Shane McKenzie* Attorney for Plaintiff, Mattel, Inc. | March 14, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
SHANE H. McKENZIE, ESQ., Quinn Emanuel Urquhart Oliver & Hedges, LLP. 865 So. Figueroa Street, 10th Floor, Los Angeles, CA  90017   (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT 6 PAGE 224

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
|  |  |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT __6__ PAGE __225__

## ATTACHMENT A

## Documents And Tangible Things To Be Produced

I.     **DEFINITIONS.**

        1.     "YOU" or "YOUR" means Margaret Hatch-Leahy, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

        2.     "CARTER BRYANT" means Carter Bryant and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

        3.     "BRATZ" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Bratz" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and all DESIGNS and versions of such doll or any portion thereof.

        4.     "ANGEL" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Angel" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Angel" line, and all DESIGNS and versions of such doll or any portion thereof.

        5.     "PRAYER ANGELS" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Prayer Angels" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Prayer Angels" line, and all DESIGNS and versions of such doll or any portion thereof.

        6.     "MATTEL" means Mattel, Inc., any subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

EXHIBIT ___ PAGE 226

7.    "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

8.    "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

9.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

10.    "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

11.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

12.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

ATTACHMENT A

EXHIBIT __U__ PAGE __227__

II.   **INSTRUCTIONS.**

      A.   YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

      B.   If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

          1.   The privilege or protection that you claim precludes disclosure;

          2.   The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

          3.   The date, author(s), addressee(s); and

          4.   Any additional facts on which YOU would base YOUR claim of privilege or protection.

      C.   YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

      D.   YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

      E.   Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

III.   **DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED.**

      1.   All DOCUMENTS REFERRING OR RELATING TO BRATZ any time prior to January 1, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted), including without limitation any work or services performed by YOU or any other PERSON on BRATZ prior to January 1, 2001.

      2.   All DOCUMENTS REFERRING OR RELATING TO ANGEL, including without limitation any work or services performed by YOU or any other PERSON on ANGEL.

ATTACHMENT A

EXHIBIT ___   PAGE ___ 228

3. All DOCUMENTS REFERRING OR RELATING TO PRAYER ANGELS, including without limitation any work or services performed by YOU or any other PERSON on PRAYER ANGELS.

4. All DOCUMENTS REFERRING OR RELATING TO any agreements or contracts REFERRING OR RELATING TO BRATZ, ANGEL and/or PRAYER ANGELS between YOU and any PERSON.

5. All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT any time prior to January 1, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted).

6. All DOCUMENTS REFERRING OR RELATING TO Anna Rhee any time prior to January 1, 2001 (regardless of when such document was created, written, received or transmitted).

7. All DOCUMENTS, including without limitation phone records, REFERRING OR RELATING TO COMMUNICATIONS between Anna Rhee, on the one hand, and YOU, MGA and/or CARTER BRYANT prior to January 1, 2001.

8. All DOCUMENTS REFERRING OR RELATING TO this litigation.

9. All DOCUMENTS REFERRING OR RELATING TO any work or services that YOU performed for or on behalf of any competitor of MATTEL, including without limitation MGA, during the term of YOUR MATTEL employment.

10. All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between YOU and MGA during the term of YOUR MATTEL employment.

11. All doll heads, sculpts, prototypes, models, samples, molds and tangible items that were created, prepared or made, whether in whole or in part, prior to January 1, 2001 that REFER OR RELATE TO BRATZ.

ATTACHMENT A

EXHIBIT __6__ PAGE _229_

12.   All doll heads, sculpts, prototypes, models, samples, molds and tangible items that REFER OR RELATE TO ANGEL and/or PRAYER ANGELS.

ATTACHMENT A

EXHIBIT __6__ PAGE 230

### PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On **March 16, 2005,** I served the foregoing document described as **Subpoena in a Civil Case for Production of Documents on Margaret Hatch-Leahy** on all interested parties in this action.

| | |
|---|---|
| **Robert F. Millman, Esq.** | **Paula E. Ambrosini, Esq.** |
| **Douglas A. Wickham, Esq.** | O'Melveny & Meyers, LLP |
| **Littler Mendelson, P.C.** | 400 S. Hope Street |
| 2049 Century Park East, 5th Floor | Los Angeles, CA 90071 |
| Los Angeles, California 90067-3107 | |
| Phone: 310-553-0308 | Phone:  213-430-6000 |
| **Fax: 310-553-5583** | **Fax:  213-430-6407** |

[  ]   By placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as follows:

[  ]   **BY MAIL:**   I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]   **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

[ X ]   **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the addressee.

Executed on March 16, 2005, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Rebecca A. Ramos

EXHIBIT __4__ PAGE _231_



**FILING / SERVICE OF PROCESS INSTRUCTIONS**

NOW LEGAL SERVICE

L.A. (213) 482-1567 • FAX (213) 482-1572
O.C. (714) 835-6570 • FAX (714) 835-6670
www.nowlegalservices.com

**INVOICE NO.**
**183846**

249912

PLEASE CHECK TYPE OF SERVICE REQUESTED

☐ COURT SERVICE          ☑ SERVICE OF PROCESS

PLEASE NOTE ANY SPECIFIC OR TIMELY FILING/SERVICE REQUIREMENTS

| CHARGE TO: | DATE | REFERENCE NUMBER |
|---|---|---|
| QUINN EMANUEL URQUHART<br>865 SOUTH FIGUEROA STREET # 1000<br>LOS ANGELES CA 90017 (213) 624-7707 | 3/14/05 | 7209 |

**METHOD OF SERVICE REQUESTED**

| | |
|---|---|
| ☐ RUSH | RETURN BY |
| ☐ SPECIAL PICK UP | ☐ SPECIAL |
| ☑ SAME DAY | ☐ SAME DAY |
| ☐ NEXT DAY | ☐ NEXT DAY |
| ☐ RETAINER | ☐ CALL FROM COURT |

COMPLETE BY: _____

| REQUESTED BY ATTY / SECRETARY / NUMBER | CASE NUMBER |
|---|---|
| Rebecca Ramos x3050 | CV 04-9059 NM (RNB) |

DOCUMENT TO BE FILED/SERVED:

PLAINTIFF
Mattel, Inc.

VS

DEFENDANT
Carter Bryant

Subpoena in a Civil Case for Production of Docs

☑ FILE ☐ CONFORM ☐ ISSUE ☐ CERTIFY

☐ COURT RESEARCH ☑ FORM REQUEST ☐ COPY REQUEST ☐ OTHER ☐ RECORD

Fees Advanced
Amount 40ºº
Check 186605

SPECIAL INSTRUCTIONS / DESCRIPTION OF PERSON (IF KNOWN)

Please advance fees, if any

Amount _____
Check _____

Amount _____
Check _____

Provided by Client
Amount _____
Check _____

PERSONS/ENTITIES TO BE SERVED AND KNOWN ADDRESS
(One Entity Per Invoice)   PLEASE INDICATE NAME EXACTLY AS IT SHOULD APPEAR ON PROOF OF SERVICE

NAME: Margaret Hatch-Leahy          NAME:

ADDRESS: 1824 Braeburn Road     ADDRESS:
Altadena, CA 91001

PHONE: (626) 791-2137          PHONE:

☑ HOME ☐ BUSINESS          ☐ HOME ☐ BUSINESS

SERVICE: ☐ PERSONAL ☐ POST ☐ DELIVER ☐ SUBSTITUTION OK

| HEIGHT | WEIGHT | HAIR | EYES | AGE | RACE | SEX | ADDITIONAL |
|---|---|---|---|---|---|---|---|

| DATE SERVED | TIME SERVED | PROCESS SERVER | PERSON SERVED | TITLE |
|---|---|---|---|---|
| 3-14 | 8:05P | Will | Personally | |

RETURN COPY

EXHIBIT 6 PAGE 232

## TERMS AND CONDITIONS

All references made to 'you' and 'your' on this invoice shall mean the Sender and its employees and agents. All references made to 'us' and 'our' shall mean Now Legal Service, its employees and agents (NLS). You agree to all terms of this invoice whenever you give us your package to deliver. These terms of agreement shall not be altered or modified by anyone or any authority. A federal tax is required by Internal Revenue Code Section 4271 on any air transportation used by this service and is included in basic charges when applicable. **All disputes are deemed arising in Now Legal Service (NLS) will be submitted to final and binding arbitration and not to any other forum for resolution.**

## LIABILITY FOR LOSS OR DAMAGE

If your package is lost or damaged, our liability will be limited to $50.00 or your actual damages, whichever is less. NLS will not be liable for loss, damage or delay related to factors we could not foresee or control, including but not limited to acts of God, weather conditions, natural disasters, mechanical delays, acts of war, strikes or civil disruption, acts of public enemies or acts of omissions of public authorities with actual or apparent authority (e.g. customers or quarantine officials). **NLS will not be liable under any circumstances for any incidental consequential or special damages, even if we were made aware that such damages might be incurred.**

In the event that service of process or any filing is determined to be improper, for any reason occasioned by the acts or omissions of NLS, the Sender is entitled to a refund of charges. **No refund will be made for failure to serve or file because of an incorrect address, inadequate or ambiguous instructions, improper or incomplete documents supplied, or the availability of the party at the time of service.**

NLS has the right to open and inspect any package given to us for delivery. We reserve the right to refuse to accept your package if the transportation of your goods is prohibited by law or by any rules agreed to on this invoice. **Responsibility for paying all charges reverts to the Sender, even if arrangements are made for payment of delivery charges by the recipient or other party.**

Use of this form constitutes authorization of service and full responsibility for payment and all legal fees required to collect payment.

EXHIBIT __6__ PAGE __233__

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | March 14, 2005 8:05 p.m. | 1824 Braeburn Road Altadena, CA 91001 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| MARGARET HATCH-LEAHY (Witness Fee Paid $40.00) | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| William Guevara | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  March 15, 2005
_____
DATE

SIGNATURE OF SERVER

1301 West 2nd Street, #206
Los Angeles, CA 90026
(213) 482-1567
ADDRESS OF SERVER

Reg. L.A. County #4298

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT  6  PAGE  234

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF LOS ANGELES

MATTEL, INC., a Delaware Corporation

**SUBPOENA IN A CIVIL CASE**

v.

CARTER BRYANT, an Individual; and DOES
1 through 10, inclusive

Case Number:[1]  CV 04-9059 NM  (RNBx)

TO:  Margaret Hatch-Leahy        (626) 791-2137
     1824 Braeburn Road
     Altadena, CA  91001

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP. | March 25, 2005 |
| 865 So. Figueroa Street, 10th Fl., Los Angeles, CA 90017 | 9:30 a.m. |
| (213) 443-3000 | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Shane McKenzie_  Attorney for Plaintiff, Mattel, Inc. | March 14, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
SHANE H. McKENZIE, ESQ., Quinn Emanuel Urquhart Oliver & Hedges, LLP.
865 So. Figueroa Street, 10th Floor, Los Angeles, CA  90017   (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT __V__ PAGE __235__

## ATTACHMENT A

### Documents And Tangible Things To Be Produced

I.  **DEFINITIONS.**

      1.    "YOU" or "YOUR" means Margaret Hatch-Leahy, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      2.    "CARTER BRYANT" means Carter Bryant and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

      3.    "BRATZ" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Bratz" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and all DESIGNS and versions of such doll or any portion thereof.

      4.    "ANGEL" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Angel" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Angel" line, and all DESIGNS and versions of such doll or any portion thereof.

      5.    "PRAYER ANGELS" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Prayer Angels" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Prayer Angels" line, and all DESIGNS and versions of such doll or any portion thereof.

      6.    "MATTEL" means Mattel, Inc., any subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

EXHIBIT __ PAGE 236

7.    "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

8.    "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

9.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

10.    "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

11.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

12.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

ATTACHMENT A

EXHIBIT __4__ PAGE _237_

II.    <u>INSTRUCTIONS.</u>

      A.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

      B.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

      1.    The privilege or protection that you claim precludes disclosure;

      2.    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

      3.    The date, author(s), addressee(s); and

      4.    Any additional facts on which YOU would base YOUR claim of privilege or protection.

      C.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

      D.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

      E.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

III.   <u>DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED.</u>

    1.    All DOCUMENTS REFERRING OR RELATING TO BRATZ any time prior to January 1, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted), including without limitation any work or services performed by YOU or any other PERSON on BRATZ prior to January 1, 2001.

    2.    All DOCUMENTS REFERRING OR RELATING TO ANGEL, including without limitation any work or services performed by YOU or any other PERSON on ANGEL.

ATTACHMENT A

EXHIBIT __4__ PAGE __23B__

3.  All DOCUMENTS REFERRING OR RELATING TO PRAYER ANGELS, including without limitation any work or services performed by YOU or any other PERSON on PRAYER ANGELS.

4.  All DOCUMENTS REFERRING OR RELATING TO any agreements or contracts REFERRING OR RELATING TO BRATZ, ANGEL and/or PRAYER ANGELS between YOU and any PERSON.

5.  All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT any time prior to January 1, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted).

6.  All DOCUMENTS REFERRING OR RELATING TO Anna Rhee any time prior to January 1, 2001 (regardless of when such document was created, written, received or transmitted).

7.  All DOCUMENTS, including without limitation phone records, REFERRING OR RELATING TO COMMUNICATIONS between Anna Rhee, on the one hand, and YOU, MGA and/or CARTER BRYANT prior to January 1, 2001.

8.  All DOCUMENTS REFERRING OR RELATING TO this litigation.

9.  All DOCUMENTS REFERRING OR RELATING TO any work or services that YOU performed for or on behalf of any competitor of MATTEL, including without limitation MGA, during the term of YOUR MATTEL employment.

10. All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between YOU and MGA during the term of YOUR MATTEL employment.

11. All doll heads, sculpts, prototypes, models, samples, molds and tangible items that were created, prepared or made, whether in whole or in part, prior to January 1, 2001 that REFER OR RELATE TO BRATZ.

ATTACHMENT A

EXHIBIT __6__ PAGE __239__

12.    All doll heads, sculpts, prototypes, models, samples, molds and tangible items that REFER OR RELATE TO ANGEL and/or PRAYER ANGELS.

ATTACHMENT A

EXHIBIT __6__ PAGE 240

# EXHIBIT 7

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 8

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

June 1, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Larry McFarland, Esq.
Keats, McFarland & Wilson, LLP
9720 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90212

Re:     <u>Mattel, Inc. v. Bryant</u>

Dear Mr. McFarland:

I write to address certain outstanding issues regarding Margaret Hatch-Leahy's responses to Mattel's Subpoena, served on March 14, 2005, Veronica Marlow's responses to Mattel's Subpoena, served on March 25, 2005, Elise Cloonan's responses to Mattel's Subpoena, served on May 13, 2005, and Sarah Halpern's responses to Mattel's Subpoena, served on March 14, 2005.

**A.     <u>Margaret Hatch-Leahy and Veronica Marlow</u>**

I write pursuant to <u>Local Rule</u> 37-1 to request a meet and confer regarding Margaret Hatch-Leahy's responses to Mattel's Subpoena, served on March 14, 2005 and Veronica Marlow's responses to Mattel's Subpoena, served on March 25, 2005. Mattel anticipates discussing the following issues at that conference.

**I.     <u>Unjustified Redaction of Documents</u>**

Of the limited documents that Ms. Hatch-Leahy has produced to Mattel, many are so heavily redacted that they are not useful and indeed are often unintelligible. Much of the redacted

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2085672.2

EXHIBIT ___ PAGE ___

information seems to be highly relevant information relating to Carter Bryant and Bratz. For example, information pertaining to Carter Bryant and Bratz dolls has been heavily redacted from Ms. Hatch-Leahy's planner. Such information is clearly discoverable. We perceive no reasonable basis for the redaction of this pertinent information. That is especially so because there is a protective order in effect in this case, and every document produced by Ms. Hatch-Leahy has been stamped "Attorneys' Eyes Only."

Ms. Marlow's document production is also improperly redacted. For example, documents SABW-M 00429, 431, 436 and 437 appear to have certain information redacted from the fax headers. There is no conceivable basis for how such information would be privileged and, no privilege log has been produced to us. Even more troubling however, is that there is no indication that information has been redacted in the first place – just blank spaces where information should normally appear. Please provide these documents in unredacted form and confirm either that there are no other redactions in Ms. Marlow's production or that any other redactions have been properly logged (and provide a copy of the log to us).

## II.    Unjustified Objections to Production

In Ms. Marlow's and Ms. Hatch-Leahy's amended objections and responses dated May 12, 2005, each insists that she "will not withhold any non-privileged documents on the basis of [her general] objections." It remains unclear, however, whether documents have been withheld on the basis of claims of privilege or privacy. The responses to Request No. 8 indicates that documents apparently have been withheld on such a basis.

If no documents have been withheld, we request confirmation of this fact. However if any documents have been withheld based on privilege or privacy claims, Ms. Hatch-Leahy's and Ms. Marlow's boilerplate objections are insufficient in that they provide no description of the documents, communications or things not disclosed that would enable Mattel to assess such claims. *See Burlington N. & Santa Fe Ry. Corp. v. U.S. Dist. Court for Dist. of Montana*, 408 F.3d 1142, 1148 (9th Cir. 2005). Accordingly, please provide a privilege log detailing any and all responsive documents which have been withheld.

## III.    Missing Documents

Although Ms. Marlow produced an IRS Form 1099 from MGA for the year 2000 showing approximately $38,000 in income, we only received copies of three check stubs totaling about $2,800 for that year. Please confirm that Ms. Marlow does not possess any other evidence of payment for the year 2000 from MGA and has no other income in any other year from MGA.

I appreciate your consideration and am hopeful we will be able to resolve these issues without having to burden the Court with a motion.

EXHIBIT _B_ PAGE _254_

**B.     Elise Cloonan**

Mattel previously served a subpoena on your client, Elise Cloonan, on May 13, 2005.  Mattel's subpoena called for the production of documents on May 27, 2006.  As you know, before the return date, the District Court stayed all proceedings in this action.  Now that the stay of discovery has been lifted, we again request that Ms. Cloonan search for and produce all documents that are responsive to Mattel's subpoena.  A duplicate copy of the subpoena is enclosed.  We hope to obtain the documents as soon as possible, and in any event by no later than June 18, 2007, but we are of course happy to work with you to find a convenient date for the production and to assist in any way we can.

In addition, we want to schedule a time for Ms. Cloonan's deposition.  Please let me know of her available dates in the first two weeks of July 2007.

**C.     Sarah Halpern**

As you may recall, you met and conferred with Shane McKenzie, from my office, regarding the production of Ms. Halpern's hard drive from the relevant time period and the forensic examination thereof, among other issues.  On May 13, 2005, Ms. McKenzie sent you a letter confirming your conversations and proposing specific terms for the forensic examination.  I write to re-convey our proposal regarding the forensic examination of Ms. Halpern's hard drive and to once again request the production of that drive.

I have attached copies of the May 13, 2005 letter sent by my office to you, as well as the March 14, 2005 subpoena served on Ms. Halpern.  That letter sets forth our forensic examination proposal.

Aside from the hard drive examination issue, we wish to address several other issues as well.  First, our May 13, 2005 letter requested confirmation that (1) Ms. Halpern's 2001 federal tax return is the only tax return filed by Ms. Halpern that reflects a payment by MGA relating to Bratz, and (2) Ms. Halpern conducted another search for responsive documents pursuant to your agreement with Ms. McKenzie.  Please confirm whether these statements are correct or not.

Second, Ms. Halpern's responses to Request Nos. 1, 5, 6, 7, and 11 indicate that Ms. Halpern was willing to produce responsive documents.  However, Ms. Halpern also made a number of objections to those Requests.  Please confirm that, notwithstanding her objections, Ms. Halpern has produced all responsive documents where she has indicated that she "is willing to produce responsive documents pursuant to the Protective Order."  If responsive documents have been withheld based on a claim of privilege or for some other reason, please describe the withheld documents with sufficient particularity to enable Mattel to assess the basis for withholding the documents.

Third, Ms. Halpern's response to Request No. 2 appears to indicate that she is aware of, but does not possess, responsive documents.  Compare Response to Request No. 2 ("no responsive

EXHIBIT __8__ PAGE 255

documents are in the possession, custody or control of Halpern") <u>with</u> Response to Request No. 3 (Ms. Halpern "is not aware of any documents responsive to this request"). Assuming we correctly interpret the response to Request No. 2, please indicate what documents Ms. Halpern believes are responsive to that Request and where she believes those documents may be located.

Please let me know at your earliest convenience, and in any event no later than June 8, 2007, whether our forensic examination proposal and the other terms set forth in this letter regarding Ms. Halpern's production are acceptable. Out of an abundance of caution, please also consider this letter a request for an in person conference of counsel regarding Sarah Halpern's responses to Mattel's Subpoena, served on March 14, 2005 pursuant to <u>Local Rule</u> 37-1.

I appreciate your consideration and look forward to hearing from you at your earliest convenience.

Very truly yours,

Susan L. Wines

Attachments

EXHIBIT 8 PAGE 256

**CLOONAN SUBPOENA**

EXHIBIT  8  PAGE  257

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

Central DISTRICT OF California

MATTEL, INC., a Delaware Corporation

v.

CARTER BRYANT, an Individual; and DOES
1 through 10, inclusive

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV 04-9059 NM (RNBx)

TO:  Elise Cloonan
     1219 W. 160th Street
     Gardena, CA  90247

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment "A"

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP. | May 27, 2005 |
| 865 So. Figueroa Street, 10th Floor | 10:00 a.m. |
| Los Angeles, CA  90017          (213) 443-3000 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Shane McKenzie* Attorney for Plaintiff, Mattel, Inc. | May 12, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
SHANE H. McKENZIE, ESQ., Quinn Emanuel Urquhart Oliver & Hedges, LLP.
865 So. Figueroa Street, 10th Floor, Los Angeles, CA  90017   (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT **B** PAGE **258**

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena; or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT  8   PAGE 259

## ATTACHMENT A

### Documents And Tangible Things To Be Produced

### I.   DEFINITIONS.

1.   "YOU" or "YOUR" means Elise Cloonan, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

2.   "CARTER BRYANT" means Carter Bryant and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.   "BRATZ" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Bratz" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and all DESIGNS and versions of such doll or any portion thereof.

4.   "ANGEL" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Angel" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Angel" line, and all DESIGNS and versions of such doll or any portion thereof.

5.   "PRAYER ANGELS" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Prayer Angels" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Prayer Angels" line, and all DESIGNS and versions of such doll or any portion thereof.

6.   "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any

ATTACHMENT A

EXHIBIT  8  PAGE 260

other PERSON acting on its behalf, pursuant to its authority or subject to its control.

       7.    "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

       8.    "TOON TEENS" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as the name "Toon Teens" (whether in whole or in part and regardless of what such doll is or has been also called), and all DESIGNS and versions of such doll or any portion thereof.

       9.    "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

       10.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

       11.    "DOCUMENT" means any "writing" or "recording" as defined in <u>Federal Rule of Evidence</u> 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

       12.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note,

2

ATTACHMENT A

EXHIBIT B PAGE 261

memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

13. "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

## II. INSTRUCTIONS.

A. YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

B. If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

1. The privilege or protection that you claim precludes disclosure;

2. The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

3. The date, author(s), addressee(s); and

4. Any additional facts on which YOU would base YOUR claim of privilege or protection.

C. YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

D. YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

E. Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

B PAGE 262

III. **DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED.**

1.  All DOCUMENTS REFERRING OR RELATING TO BRATZ any time prior to December 31, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted), including without limitation any work or services performed by YOU or any other PERSON on BRATZ prior to December 31, 2001.

2.  All DOCUMENTS REFERRING OR RELATING TO ANGEL, including without limitation any work or services performed by YOU or any other PERSON on ANGEL.

3.  All DOCUMENTS REFERRING OR RELATING TO PRAYER ANGELS, including without limitation any work or services performed by YOU or any other PERSON on PRAYER ANGELS.

4.  All DOCUMENTS REFERRING OR RELATING TO any agreements or contracts between YOU and MGA, including without limitation all COMMUNICATIONS relating thereto.

5.  All DOCUMENTS REFERRING OR RELATING TO any agreements or contracts REFERRING OR RELATING TO BRATZ, ANGEL and/or PRAYER ANGELS between YOU and any PERSON, including without limitation all COMMUNICATIONS relating thereto.

6.  All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT.

7.  All DOCUMENTS, including without limitation phone records, REFERRING OR RELATING TO COMMUNICATIONS between CARTER BRYANT, on the one hand, and YOU and/or MGA on the other hand.

8.  All DOCUMENTS REFERRING OR RELATING TO Anna Rhee.

ATTACHMENT A

EXHIBIT _**8**_ PAGE _**263**_

9.   All DOCUMENTS, including without limitation phone records, REFERRING OR RELATING TO COMMUNICATIONS between Anna Rhee, on the one hand, and YOU, MGA and/or CARTER BRYANT, on the other hand.

10.   All DOCUMENTS REFERRING OR RELATING TO this litigation.

11.   All DOCUMENTS REFERRING OR RELATING TO any work or services that YOU performed with, for or on behalf of any competitor of MATTEL, including without limitation MGA, during the term of YOUR MATTEL employment.

12.   All DOCUMENTS REFERRING OR RELATING TO MGA, including without limitation all DOCUMENTS REFERRING OR RELATING TO any money or payment made by MGA to YOU.

13.   All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between YOU and MGA prior to June 11, 2002.

14.   All DOCUMENTS, including without limitation phone records, REFERRING OR RELATING TO any COMMUNICATIONS between YOU and MGA after April 27, 2004.

15.   All DOCUMENTS REFERRING OR RELATING TO TOON TEENS.

16.   All doll heads, sculpts, prototypes, models, samples, molds and tangible items that were created, prepared or made, whether in whole or in part, prior to December 31, 2001 REFERRING OR RELATING TO BRATZ.

17.   All doll heads, sculpts, prototypes, models, samples, molds and tangible items REFERRING OR RELATING TO ANGEL and/or PRAYER ANGELS.

ATTACHMENT A

EXHIBIT __B__ PAGE __264__

**MAY 13 LETTER**

EXHIBIT ___B___ PAGE _265_

May 13, 2005

<u>BY FACSIMILE</u>
<u>AND U.S. MAIL</u>

Larry McFarland, Esq.
Keats, McFarland & Wilson, LLP
9720 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA  90212

<u>Re:</u>     <u>Mattel v. Bryant</u>

Dear Mr. McFarland:

Thank you for meeting with me on Friday, April 29, 2005.  I am writing to address some outstanding issues regarding the subpoena to Ms. Halpern.

During the meet and confer, you agreed to produce Ms. Halpern's hard drive from the relevant period, subject to a stipulated agreement regarding the procedure for a forensic examination. Further to our phone discussion on the subject on May 9, 2005, the specific proposal is as follows: We will pay for the forensic examination.  The examiners will take possession of Ms. Halpern's hard drive, subject to the confidentiality provisions in the protective order.  The examiners will make a forensic "image" of the hard drive, to determine whether the hard drive has been "wiped clean."  If the computer has not been "wiped clean," then the parties can discuss the terms of the key word search, which will be used to generate a report of the files remaining on the hard drive.

We will share the report with counsel for Halpern, MGA and Bryant and discuss privilege, privacy and other disclosure issues at that time.  All parties will reserve their rights as to whether

EXHIBIT   8   PAGE   266

any documents recovered from the hard drive are actually produced. Please let me know whether this proposal is acceptable to Ms. Halpern at your earliest convenience.

In addition, you have produced Ms. Halpern's 2001 1099 federal tax form. You stated that this is Ms. Halpern's only tax return that reflects payment from MGA relating to Bratz. If this is incorrect, please let me know as soon as possible.

Please also confirm that Ms. Halpern conducted another search for documents after our meet and confer on April 29, as you agreed she would, in an attempt to locate any records which she may have overlooked in her prior search. You agreed that this search would include a search for all documents relating to payment from MGA, including without limitation check stub receipts. We would also like confirmation that she has looked for any phone records she may have for the relevant time period, 1998-2001.

I look forward to hearing from you.


Very truly yours,



Shane Heather McKenzie

07209/#652479v1 <QuinnEmanuel> -letter to McFarland re Agreement to Produce

2

EXHIBIT  8  PAGE 267

**HALPERN SUBPOENA**

EXH. __8 PAGE 268

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

_CENTRAL_   DISTRICT OF _LOS ANGELES_

MATTEL, INC., a Delaware Corporation

## SUBPOENA IN A CIVIL CASE

v.

CARTER BRYANT, an Individual; and DOES
1 through 10, inclusive

Case Number: CV 04-9059 NM (RNBx)

TO:  Sarah Halpern          (818) 547-1550
     1418 Hillcrest Avenue
     Glendale, CA  91202

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP. | March 25, 2005 |
| 865 So. Figueroa Street, 10th Fl., Los Angeles, CA 90017 | 9:30 a.m. |
| (213) 443-3000 | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Shane McKenzie_ | |
| Attorney for Plaintiff, Mattel, Inc. | March 14, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
SHANE H. McKENZIE, ESQ., Quinn Emanuel Urquhart Oliver & Hedges, LLP.
865 So. Figueroa Street, 10th Floor, Los Angeles, CA  90017   (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

¹ If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT  8  PAGE  269

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT A

## Documents And Tangible Things To Be Produced

## I. DEFINITIONS.

1.     "YOU" or "YOUR" means Sarah Halpern, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

2.     "CARTER BRYANT" means Carter Bryant and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.     "BRATZ" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Bratz" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and all DESIGNS and versions of such doll or any portion thereof.

4.     "ANGEL" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Angel" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Angel" line, and all DESIGNS and versions of such doll or any portion thereof.

5.     "PRAYER ANGELS" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Prayer Angels" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Prayer Angels" line, and all DESIGNS and versions of such doll or any portion thereof.

6.     "MATTEL" means Mattel, Inc., any subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

EXHIBIT **8** PAGE **271**

7.    "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

8.    "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

9.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

10.    "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

11.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

12.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

ATTACHMENT A

EXHIBIT  8  PAGE  212

## II.    INSTRUCTIONS.

A.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

B.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

1.    The privilege or protection that you claim precludes disclosure;

2.    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

3.    The date, author(s), addressee(s); and

4.    Any additional facts on which YOU would base YOUR claim of privilege or protection.

C.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

D.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

E.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

## III.    DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED.

1.    All DOCUMENTS REFERRING OR RELATING TO BRATZ any time prior to January 1, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted), including without limitation any work or services performed by YOU or any other PERSON on BRATZ prior to January 1, 2001.

2.    All DOCUMENTS REFERRING OR RELATING TO ANGEL, including without limitation any work or services performed by YOU or any other PERSON on ANGEL.

07209/634525.1                                              3

EXHIBIT **B** PAGE **273**

3.   All DOCUMENTS REFERRING OR RELATING TO PRAYER ANGELS, including without limitation any work or services performed by YOU or any other PERSON on PRAYER ANGELS.

4.   All DOCUMENTS REFERRING OR RELATING TO any agreements or contracts REFERRING OR RELATING TO BRATZ, ANGEL and/or PRAYER ANGELS between YOU and any PERSON.

5.   All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT any time prior to January 1, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted).

6.   All DOCUMENTS REFERRING OR RELATING TO Anna Rhee any time prior to January 1, 2001 (regardless of when such document was created, written, received or transmitted).

7.   All DOCUMENTS, including without limitation phone records, REFERRING OR RELATING TO COMMUNICATIONS between Anna Rhee, on the one hand, and YOU, MGA and/or CARTER BRYANT prior to January 1, 2001.

8.   All DOCUMENTS REFERRING OR RELATING TO this litigation.

9.   All DOCUMENTS REFERRING OR RELATING TO any work or services that YOU performed for or on behalf of any competitor of MATTEL, including without limitation MGA, during the term of YOUR MATTEL employment.

10.   All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between YOU and MGA during the term of YOUR MATTEL employment.

11.   All doll heads, sculpts, prototypes, models, samples, molds and tangible items that were created, prepared or made, whether in whole or in part, prior to January 1, 2001 that REFER OR RELATE TO BRATZ.

COURT  8  PAGE  274

12.    All doll heads, sculpts, prototypes, models, samples, molds and tangible items that REFER OR RELATE TO ANGEL and/or PRAYER ANGELS.

ATTACHMENT A

EXHIBIT 8 PAGE 275

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE: June 1, 2007          NUMBER OF PAGES, INCLUDING COVER:

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq. | | (310) 860-0363 |

FROM: Susan Wines

RE: Mattel / Cloonan, Halpern, Hatch-Leahy, Marlow

MESSAGE:



| CLIENT # 7209 | ROUTE/RETURN TO: Jeneffer Lewis | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT __8__ PAGE 276

# Confirmation Report — Memory Send

```
Page      : 001
Date & Time: 06-01-2007   06:02pm
Line 1    : 2134433100
Line 2    :
Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 081 |
| Date | : | 06-01  05:54pm |
| To | : | ☎3414#07209#13108600363 |
| Number of pages | : | 024 |
| Start time | : | 06-01  05:54pm |
| End time | : | 06-01  06:02pm |
| Pages sent | : | 024 |
| Status | : | OK |

| Job number | : 081 | *** SEND SUCCESSFUL *** |
|---|---|---|

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE: June 1, 2007

NUMBER OF PAGES, INCLUDING COVER:

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq. | | (310) 960-0363 |

FROM: Susan Wines

RE: Mattel / Cloonan, Halpern, Hatch-Leahy, Marlow

MESSAGE:

| CLIENT #: 7209 | ROUTE/RETURN TO: | ☑ CONFIRM FAX ☑ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: WM | CONFIRMED? ☐ NO ☐ YES | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT __8__ PAGE __277__

# EXHIBIT 9

Received:   6/22/07   8:42PM;                    3108600363 -> QUINN EMANUEL;   Page 2

JUN 22 2007 18:31    KEATS MCFARLAND WILSO   31086003    ] 2945#10306#00033 P.02/04

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

TEL (310) 248-3830
FAX (310) 860-0363

www.kmwlaw.com

WRITER'S DIRECT DIAL

(310) 777-3730

WRITER'S EMAIL

lmcfarland@kmwlaw.com

June 22, 2007

**VIA FACSIMILE**

Susan Wines, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

   Re:  <u>Mattel v. Bryant</u>

Dear Susan:

  I am writing to confirm our meet and confer regarding your letter dated June 1, 2007. For ease, I will follow the structure of your letter.

  A.I. Ms. Leahy is attempting to locate her day planner and is willing to have an attorney from your office come to our office and review the original unredacted day planner. After the review, if you believe that certain portions of the day planner should not have been redacted, we will meet and confer with respect to those portions.

    With respect to Ms. Marlow's documents which you contend have had information redacted from the fax header, my understanding is that this is not the case. In any event, we are willing to have an attorney from your offices review the original documents in our offices.

  II. With respect to Ms. Marlow's and Ms. Leahy's amended objections, no documents have been withheld from production on the grounds of privilege or privacy.

  III. As I mentioned, Ms. Marlow is in Brazil on vacation, but I have learned that she is returning late next week. However, I can confirm that Ms. Marlow does have income from MGA for years other than 2000. Documents relevant to this issue may be produced by Wells Fargo, but as I mentioned, I have not yet received any documents from them. In addition, when Ms. Marlow returns, I will meet with her regarding documents relating to her work for MGA.

EXHIBIT  9  PAGE  278

MATCOR022735

Received:   6/22/07   6:42PM;        3108600363 -> QUINN EMANUEL;   Page 3
JUN 22 2007 18:31     FATS MCFARLAND WILSO  310860003C     \ 2945#10306#00033 P.03/04

Susan Wines, Esq.
June 22, 2007
Page 2

B.   As we discussed, please let me know if Ms. Cloonan's prior counsel served a written response to the subpoena. If not, we will do so. With respect to physical documents, I have confirmed with Ms. Cloonan that she does not have any responsive documents. With respect to the computer, please see the discussion below with respect to Ms. Halpern.

C.   With respect to Ms. Halpern's documents, all responsive documents have been produced. I have a call into her to confirm again that the 2001 federal tax return is the only tax return filed by Ms. Halpern that reflects a payment by MGA relating to Bratz.

With respect to the inspection of her computer, as we discussed it is our position that Ms. Halpern has serious privacy concerns that would be unnecessarily invaded by your proposal of providing the hard drive (or copies thereof) to your firm and allowing Mattel to have unlimited access to all of the information that may be contained on this drive (I say "may" because Ms. Halpern believes that this computer was wiped clean, but a computer expert may be able to recover certain files). However, I am reviewing the authorities set forth in your June 21, letter and I hope to be able to respond to you regarding the law during our telephone conference on Wednesday, June 27, at 10:00 a.m.

With respect to Ms. Halpern's objections, she is not withholding the production of responsive documents.

With respect to your inquiry regarding Ms. Halpern's responses to Request No. 2 and Request No. 3, I am confused. In the written responses we have, Ms. Halpern's responses are identical as follows:

| REQUEST FOR PRODUCTION NO. 2: | REQUEST FOR PRODUCTION NO. 3: |
|---|---|
| All DOCUMENTS REFERRING OR RELATING TO ANGEL, including without limitation any work or services performed by YOU or any other PERSON on ANGEL. | All DOCUMENTS REFERRING OR RELATING TO PRAYER ANGELS, including without limitation any work or services performed by YOU or any other PERSON on PRAYER ANGELS. |
| RESPONSE TO REQUEST NO. 2: | RESPONSE TO REQUEST NO. 3: |
| Halpern refers to and incorporates herein all of the General Objections set forth above. Halpern objects to this request to the extent that it calls for the production of documents that are protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege or any other similar privilege or protection. Halpern also objects to the extent that this request | Halpern refers to and incorporates herein all of the General Objections set forth above. Halpern objects to this request to the extent that it calls for the production of documents that are protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege or any other similar privilege or protection. Halpern also objects to the extent that this request |

EXHIBIT   4   PAGE 277

MATCOR022736

Received:    6/22/07    6:42PM;                3108600363 -> QUINN EMANUEL;    Page 4
JUN 22 2007 18:31    KEATS MCFARLAND WILSO    31096003F   2945#10306#00033 P.04/04

Susan Wines, Esq.
June 22, 2007
Page 3

| RESPONSE TO REQUEST NO. 2: | RESPONSE TO REQUEST NO. 3: |
|---|---|
| calls for documents containing Confidential Information, particularly in the absence of a protective order. Halpern objects to this request as vague and ambiguous, particularly as it relates to the words "work or services." Halpern further objects to this request as unduly burdensome. Halpern objects on the grounds that Mattel has not demonstrated a need for production at this time that outweighs the burden imposed on Halpern, a nonparty, particularly to the extent that Mattel may not have exhausted its other possible sources of such documents. Halpern objects to this request on the grounds that it seeks documents that are not relevant to any claim or defense in this litigation, nor likely to lead to the discovery of admissible evidence. Halpern further objects that Mattel does not give Halpern a reasonable time for compliance with this Request. Subject to and without waiving any of the foregoing general and specific objections, Halpern responds as follows: Halpern has conducted a diligent search and a reasonable inquiry in an effort to comply with this request and no responsive documents are in the possession, custody or control of Halpern. | calls for documents containing Confidential Information, particularly in the absence of a protective order. Halpern objects to this request as vague and ambiguous, particularly as it relates to the words "work or services." Halpern further objects to this request as unduly burdensome. Halpern objects on the grounds that Mattel has not demonstrated a need for production at this time that outweighs the burden imposed on Halpern, a nonparty, particularly to the extent that Mattel may not have exhausted its other possible sources of such documents. Halpern objects to this request on the grounds that it seeks documents that are not relevant to any claim or defense in this litigation, nor likely to lead to the discovery of admissible evidence. Halpern further objects that Mattel does not give Halpern a reasonable time for compliance with this Request. Subject to and without waiving any of the foregoing general and specific objections, Halpern responds as follows: Halpern has conducted a diligent search and a reasonable inquiry in an effort to comply with this request and no responsive documents are in the possession, custody or control of Halpern. |

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/ jlt

EXHIBIT 4 PAGE 280

MATCOR022737

Received:  6/22/07  6:42PM;  3108600363 -> QUINN EMANUEL;  Page 1

JUN 22 2007 18:30  EATS MCFARLAND WILSO  31086003F  2945#10306#00033 P.01/04

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA  90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

---

## FACSIMILE TRANSMITTAL SHEET

---

| To: | Susan Wines, Esq. | From: | Larry W. McFarland, Esq. |
|---|---|---|---|
| Company: | Quinn Emanuel Urquhart Oliver & Hedges, LLP | Date: | 6/22/2007 |
| Fax No.: | 213-443-3100 | Pages: | 4 |
| Phone No.: | 213-443-3000 | Ref No.: | 10306.33 |
| Re: | Mattel v. Bryant | | |

---

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

---

NOTES/COMMENTS:

Please see attached.

**PRIVACY NOTICE**

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee of agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

EXHIBIT  9  PAGE  281

MATCOR022734

# EXHIBIT 10

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

June 25, 2007

**VIA FACSIMILE AND U.S. MAIL**

Larry McFarland, Esq.
Keats, McFarland & Wilson, LLP
9720 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90212

Re:     Mattel, Inc. v. Bryant

Dear Mr. McFarland:

I respond to your June 22, 2007 letter regarding our recent meet and confers concerning the depositions and subpoenas to Ms. Hatch-Leahy, Ms. Marlow, Ms. Cloonan and Ms. Halpern.

**A.     Margaret Hatch-Leahy and Veronica Marlow**

**I.     Unjustified Redaction of Documents**

Regarding Ms. Hatch-Leahy's day planner and Ms. Marlow's redacted faxes, I will have an attorney from my office come to your office at 10:00 a.m. on Friday, June 29, 2007 to review the unredacted day planner and faxes.

**II.     Ms. Marlow's Wells Fargo Account**

On our phone call of June 21, 2007, you stated that you would confirm with Ms. Marlow that her Wells Fargo account was the only checking account she used for MGA.  Please let us know whether or not this statement is accurate once you've had a chance to speak with her upon her

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT __10__ PAGE __282__   MATCOR022563

return from Brazil.

**B.     Elise Cloonan**

We can confirm that Ms. Cloonan's prior counsel did not serve a written response or objections to the May 13, 2005 subpoena and therefore, Ms. Cloonan would be deemed to have waived her objections.  At this point however, we are optimistic that we will be able to work through any issues over the subpoena and Ms. Cloonan's deposition and so would not have to file a motion with the court.

We understand from our phone conversations that you will be providing us with a doctor's note indicating that Ms. Cloonan is not able to sit for deposition until early September.  Please also let us know what day during the first week of September Ms. Cloonan is available.

**C.     Sarah Halpern**

You stated that our inquiry regarding Ms. Halpern's responses to Request No. 2 and Request No. 3 confused you because Ms. Halpern's responses to these requests are identical.  However, Ms. Halpern's responses to Request No. 2 and Request No. 3 are not identical.  A copy of her responses are attached for your review.  Her response to Request No. 2 appears to indicate that she is aware of, but does not possess, responsive documents.  Compare Response to Request No. 2 ("no responsive documents are in the possession, custody or control of Halpern") with Response to Request No. 3 (Ms. Halpern "is not aware of any documents responsive to this request").  In fact, this unique choice of words is only used in her Response to Request No. 2.  Her Responses to Requests Nos. 3, 4, 8, 9, 10 and 12, the only other requests where Ms. Halpern claims not to have any responsive documents, all state that Ms. Halpern "is not aware of any documents responsive to this request."  Please confirm whether Ms. Halpern is aware of or possesses any responsive documents in response to Request No. 2.

**D.     Computers**

Please confirm that all four of your clients have conducted a diligent and thorough search for all computers, including laptops, that they may have used during the relevant time frame.  If any computers besides the two already identified as belonging to Ms. Cloonan and Ms. Halpern exist, we request that those be produced for inspection and imaging.

**E.     Fee Agreements**

Please also confirm for all four of your clients whether they have fee agreements, written or otherwise, with MGA.  Judge Infante has already found such fee agreements to be relevant to bias and credibility.  If such fee agreements exist, please produce them.

EXHIBIT  10   PAGE 283

MATCOR022564

1  LARRY W. MCFARLAND (State Bar No. 129668)
   DAVID K. CAPLAN (State Bar No. 181174)
2  ELLIE SCHWIMMER (State Bar No. 221522)
   KEATS MCFARLAND & WILSON LLP
3  9720 Wilshire Boulevard
   Penthouse Suite
4  Beverly Hills, California 90212
   Tel: (310) 248-3830
5  Fax: (310) 860-0363

6  Attorneys for Non-Party
   SARAH HALPERN

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11

12  MATTEL, INC., a Delaware          Case No.: CV 04-9059 NM (RNBx)
    Corporation,
13                                    **SARAH HALPERN'S AMENDED**
                Plaintiff,            **RESPONSES AND OBJECTIONS TO**
14                                    **MATTEL'S SUBPOENA FOR**
        v.                            **PRODUCTION OF DOCUMENTS**
15
    CARTER BRYANT, an individual, and  Honorable Nora M. Manella
16  DOES 1-10, inclusive,
17
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __10__ PAGE __284__

MATCOR022565

1    Sarah Halpern ("Halpern") hereby submits her Amended Responses and Objections

2    to the Requests for Production ("Requests") made by Mattel, Inc. ("Mattel") in its third-

3    party subpoena on Halpern (the "Halpern Subpoena").

4    **PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

5    Halpern is not a party to the above-entitled action. Halpern is not permitted to

6    conduct discovery in this action and has not completed an investigation of the facts

7    related to this action. Consequently, the following responses are given without

8    prejudice to Halpern's right to amend or supplement her objections and responses

9    herein, if necessary, at a later date. Except for those facts expressly admitted herein,

10   no admissions of any nature whatsoever are implied or should be inferred.

11   Furthermore, Halpern's responses are not to be construed as admissions that any of the

12   requested documents exist or that any contentions or assumptions in the Requests,

13   whether implicit or explicit, are correct.

14   Halpern makes these responses and objections with waiving, or intending to

15   waive, her motion to quash the subpoena to which these responses are addressed.

16   **GENERAL OBJECTIONS**

17   1.    The following General Objections apply to each of the Requests and are

18   incorporated by reference in each of the specified responses set forth below, as though

19   fully set forth therein. The failure to mention one of the following objections in any of

20   the specific responses to the Requests set forth below shall not be deemed a waiver or

21   limitation of any such objection.

22   2.    Halpern objects to each Request to the extent that it violates her United

23   States and California constitutional, statutory and common law rights of privacy in her

24   financial and confidential information.

25   3.    Halpern objects to Mattel's "Definitions" and "Instructions" to the extent

26   that they seek to impose obligations on Halpern beyond those required by the Federal

27   Rules of Civil Procedure or the Local Rules of this Court.

28

-2-

EXHIBIT 10 PAGE 285

MATCOR022566

1    4.   Halpern objects to each Request to the extent that it seeks the production

2   of documents beyond those required to be produced by the Federal Rules of Civil

3   Procedure or the Local Rules of this Court.

4    5.   Halpern objects to each Request to the extent that it seeks documents

5   protected by the attorney-client privilege, attorney work product doctrine, joint

6   defense privilege, common interest privilege or any other applicable privilege or

7   doctrine. To the extent that any document falling within the scope of any applicable

8   privilege or doctrine is inadvertently disclosed in responding to any Request, such

9   disclosure does not constitute a waiver or limitation of the applicable privilege. Any

10  discovery resulting in such disclosure should be returned to Halpern upon demand and

11  without any waiver of any kind.

12   6.   Halpern objects to each Request to the extent that it seeks the production

13  of documents containing information of a confidential, competitively sensitive,

14  proprietary, or trade secret nature pertaining to Halpern or to any third parties to

15  whom she may have a confidentiality obligation (collectively, "Confidential

16  Information"). All documents produced by Halpern will be produced subject to the

17  Stipulated Protective Order entered in the captioned case on January 4, 2005 (the

18  "Protective Order").

19   7.   Halpern objects to each and every document request that utilizes the

20  defined terms YOU or YOUR as being vague, ambiguous, overly broad and unduly

21  burdensome, particularly given Halpern's status as a non-party. The breadth of

22  Mattel's Requests is underscored by Mattel's attempt to include in the definition of

23  the terms YOU and YOUR "any other PERSON acting on YOUR behalf, pursuant to

24  YOUR authority or subject to YOUR control." Halpern will respond as though YOU

25  and YOUR refer to Halpern and to Halpern only.

26   8.   Halpern objects to each and every document request that utilizes the

27  defined term BRYANT as encompassing "any other PERSON acting on his behalf,

28

-3-

EXHIBIT 10 PAGE 286

MATCOR022567

1  pursuant to his authority or subject to his control." Given that this phrase is vague,

2  ambiguous, overly broad and unduly burdensome, Halpern will respond as though

3  BRYANT refers to Bryant and to Bryant only.

4       9.   Halpern objects to each and every Request that utilizes the defined term

5  REFER OR RELATE TO on the grounds that such phrase is vague, ambiguous,

6  overly broad, unduly burdensome and may be read to encompass information not

7  relevant to any claim or defense in this action nor reasonably calculated to lead to the

8  discovery of admissible evidence.

9       10.  Halpern objects to each and every Request that utilizes the defined term

10  DESIGNS as being vague, ambiguous, overly broad, unduly burdensome, not relevant

11  to any claim or defense in this action nor reasonably calculated to lead to the

12  discovery of admissible evidence, and requiring the production of Confidential

13  Information.

14       11.  Halpern objects to each and every document request that utilizes the

15  defined terms DOCUMENT, WRITINGS or RECORDINGS as being vague,

16  ambiguous and overly burdensome, including, without limitation, Mattel's attempt to

17  require production of "drafts." Halpern also objects to any Request that utilizes these

18  terms to the extent such Request seeks documents protected by the attorney client

19  privilege, the joint defense privilege, the common interest privilege, the attorney work

20  product doctrine or any other similar privilege or protection. Halpern further objects to

21  each and every document request that utilizes the defined terms DOCUMENT,

22  WRITINGS or RECORDINGS to the extent that it seeks documents beyond those

23  required to be produced by the Federal Rules of Civil Procedure or the Local Rules of

24  this Court.

25       12.  Halpern objects to each and every document request that utilizes the

26  defined terms COMMUNICATION or COMMUNICATIONS to the extent that it

27  refers to "any disclosure, transfer or exchange of information between two or more

28

-4-

EXHIBIT 10 PAGE 287
MATCOR022568

1   PERSONS" as vague and indefinite. Halpern also objects to any Request that utilizes

2   these terms to the extent such Request seeks documents protected by the attorney

3   client privilege, the joint defense privilege, the common interest privilege, the attorney

4   work product doctrine or any other similar privilege or protection.

5       13.   Halpern objects to each and every document request that utilizes the

6   defined terms PERSON or PERSONS as being vague, ambiguous, overly broad and

7   unduly burdensome, particularly as to the phrase "any one else acting on its, his or her

8   behalf, pursuant to its, his or her authority or subject to its, his or her control."

9   Halpern will respond as though PERSON and PERSONS refer to the specified

10  individual(s) only.

11      14.   Halpern objects to each and every Request that seeks documents from

12  Halpern that also may be in the possession of a party to this litigation.

13  **SPECIFIC OBJECTIONS AND RESPONSES**

14  <u>REQUEST FOR PRODUCTION NO. 1:</u>

15      All DOCUMENTS REFERRING OR RELATING TO BRATZ any time prior

16  to January 1, 2001 (regardless of when such DOCUMENT was created, written,

17  received or transmitted), including without limitation any work or services performed

18  by YOU or any other PERSON on BRATZ prior to January 1, 2001.

19  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1:</u>

20      Halpern refers to and incorporates herein all of the General Objections set forth

21  above.  Halpern objects to this request to the extent that it calls for the production of

22  documents that are protected by the attorney-client privilege, attorney work product

23  doctrine, joint defense privilege, common interest privilege or any other similar privilege

24  or protection. Halpern also objects to the extent that this request calls for documents

25  containing Confidential Information, particularly in the absence of a protective order.

26  Halpern objects to this request as vague and ambiguous, particularly as it relates to the

27  words "work or services" and "prior to January 1, 2001." Halpern further objects to this

28  request as unduly burdensome. Halpern objects on the grounds that Mattel has not

-5-

EXHIBIT ___10 PAGE 288

MATCOR022569

1  demonstrated a need for production at this time that outweighs the burden imposed on

2  Halpern, a nonparty. Halpern objects to this request on the grounds that it seeks documents

3  that are not relevant to any claim or defense in this litigation, nor likely to lead to the

4  discovery of admissible evidence. Halpern further responds that, subject to and without

5  waiving any objections, Halpern is willing to produce responsive documents pursuant to

6  the Protective Order.

7  REQUEST FOR PRODUCTION NO. 2:

8      All DOCUMENTS REFERRING OR RELATING TO ANGEL, including

9  without limitation any work or services performed by YOU or any other PERSON on

10  ANGEL.

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

12      Halpern refers to and incorporates herein all of the General Objections set forth

13  above.  Halpern objects to this request to the extent that it calls for the production of

14  documents that are protected by the attorney-client privilege, attorney work product

15  doctrine, joint defense privilege, common interest privilege or any other similar privilege

16  or protection. Halpern also objects to the extent that this request calls for documents

17  containing Confidential Information, particularly in the absence of a protective order.

18  Halpern objects to this request as vague and ambiguous, particularly as it relates to the

19  words "work or services." Halpern further objects to this request as unduly burdensome.

20  Halpern objects on the grounds that Mattel has not demonstrated a need for production at

21  this time that outweighs the burden imposed on Halpern, a nonparty. Halpern objects to

22  this request on the grounds that it seeks documents that are not relevant to any claim or

23  defense in this litigation, nor likely to lead to the discovery of admissible evidence.

24  Subject to and without waiving any of the foregoing general and specific objections,

25  Halpern responds as follows:  Halpern has conducted a diligent search and a reasonable

26  inquiry in an effort to comply with this request and no responsive documents are in

27  the possession, custody or control of Halpern.

28  REQUEST FOR PRODUCTION NO. 3:

-6-

EXHIBIT __10__ PAGE __289__
MATCOR022570

1   All DOCUMENTS REFERRING OR RELATING TO PRAYER ANGELS,

2   including without limitation any work or services performed by YOU or any other

3   PERSON on PRAYER ANGELS.

4   RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

5      Halpern refers to and incorporates herein all of the General Objections set forth

6   above.  Halpern objects to this request to the extent that it calls for the production of

7   documents that are protected by the attorney-client privilege, attorney work product

8   doctrine, joint defense privilege, common interest privilege or any other similar privilege

9   or protection. Halpern also objects to the extent that this request calls for documents

10  containing Confidential Information, particularly in the absence of a protective order.

11  Halpern objects to this request as vague and ambiguous, particularly as it relates to the

12  words "work or services." Halpern further objects to this request as unduly burdensome.

13  Halpern objects on the grounds that Mattel has not demonstrated a need for production at

14  this time that outweighs the burden imposed on Halpern, a nonparty. Halpern objects to

15  this request on the grounds that it seeks documents that are not relevant to any claim or

16  defense in this litigation, nor likely to lead to the discovery of admissible evidence.

17  Subject to and without waiving any of the foregoing general and specific objections,

18  Halpern responds as follows:  Halpern has conducted a diligent search and a reasonable

19  inquiry in an effort to comply with this request and is not aware of any documents

20  responsive to this request.

21  REQUEST FOR PRODUCTION NO. 4:

22      All DOCUMENTS REFERRING OR RELATING TO any agreements or

23  contracts REFERRING OR RELATING TO BRATZ, ANGEL and/or PRAYER

24  ANGELS between YOU and any PERSON.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

26      Halpern refers to and incorporates herein all of the General Objections set forth

27  above.  Halpern objects to this request as compound.  Halpern objects to this request to

28  the extent that it calls for the production of documents that are protected by the attorney-

     client privilege, attorney work product doctrine, joint defense privilege, common interest

-7-

EXHIBIT 10 PAGE 290
MATCOR022571

1   privilege or any other similar privilege or protection. Halpern also objects to the extent that

2   this request calls for documents containing Confidential Information, particularly in the

3   absence of a protective order.  Halpern further objects to this request as unduly

4   burdensome. Halpern objects on the grounds that Mattel has not demonstrated a need for

5   production at this time that outweighs the burden imposed on Halpern, a nonparty. Halpern

6   objects to this request on the grounds that it seeks documents that are not relevant to any

7   claim or defense in this litigation, nor likely to lead to the discovery of admissible

8   evidence. With respect to BRATZ, Halpern further responds that, subject to and without

9   waiving any objections, Halpern is willing to produce responsive documents pursuant to

10  the Protective Order. With respect to ANGEL and PRAYER ANGELS, subject to and

11  without waiving any of the foregoing general and specific objections, Halpern responds as

12  follows:  Halpern has conducted a diligent search and a reasonable inquiry in an effort

13  to comply with this request and is not aware of any documents responsive to this

14  request.

15  REQUEST FOR PRODUCTION NO. 5:

16      All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT

17  any time prior to January 1, 2001 (regardless of when such DOCUMENT was created,

18  written received or transmitted).

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

20      Halpern refers to and incorporates herein all of the General Objections set forth

21  above.  Halpern objects to this request to the extent that it calls for the production of

22  documents that are protected by the attorney-client privilege, attorney work product

23  doctrine, joint defense privilege, common interest privilege or any other similar privilege

24  or protection. Halpern also objects to the extent that this request calls for documents

25  containing Confidential Information, particularly in the absence of a protective order.

26  Halpern objects to this request as vague and ambiguous, particularly as it relates to the

27  words "prior to January 1, 2001." Halpern further objects to this request as unduly

28  burdensome. Halpern objects on the grounds that Mattel has not demonstrated a need for

-8-

EXHIBIT 10 PAGE 291

MATCOR022572

1  production at this time that outweighs the burden imposed on Halpern, a nonparty. Halpern

2  objects to this request on the grounds that it seeks documents that are not relevant to any

3  claim or defense in this litigation, nor likely to lead to the discovery of admissible

4  evidence. Halpern further responds that, subject to and without waiving any objections,

5  Halpern is willing to produce responsive documents pursuant to Protective Order.

6  REQUEST FOR PRODUCTION NO. 6:

7      All DOCUMENTS REFERRING OR RELATING TO Anna Rhee any time

8  prior to January 1, 2001 (regardless of when such DOCUMENT was created, written,

9  received or transmitted).

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

11      Halpern refers to and incorporates herein all of the General Objections set forth

12  above.  Halpern objects to this request to the extent that it calls for the production of

13  documents that are protected by the attorney-client privilege, attorney work product

14  doctrine, joint defense privilege, common interest privilege or any other similar privilege

15  or protection. Halpern also objects to the extent that this request calls for documents

16  containing Confidential Information, particularly in the absence of a protective order.

17  Halpern objects to this request as vague and ambiguous, particularly as it relates to the

    words "prior to January 1, 2001." Halpern further objects to this request as unduly

18  burdensome. Halpern objects on the grounds that Mattel has not demonstrated a need for

19  production at this time that outweighs the burden imposed on Halpern, a nonparty. Halpern

20  objects to this request on the grounds that it seeks documents that are not relevant to any

21  claim or defense in this litigation, nor likely to lead to the discovery of admissible

22  evidence. Halpern further responds that, subject to and without waiving any objections,

23  Halpern is willing to produce responsive documents pursuant to the Protective Order.

24  REQUEST FOR PRODUCTION NO. 7:

25      All DOCUMENTS, including without limitation phone records, REFERRING

26  OR RELATING TO COMMUNICATIONS between Anna Rhee, on the one hand,

27  and YOU, Halpern and/or CARTER BRYANT prior to January 1, 2001.

28

-9-

EXHIBIT __10__ PAGE __292__
MATCOR022573

1

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

3      Halpern refers to and incorporates herein all of the General Objections set forth

4  above.  Halpern objects to this request as compound.  Halpern objects to this request to

5  the extent that it calls for the production of documents that are protected by the attorney-

6  client privilege, attorney work product doctrine, joint defense privilege, common interest

7  privilege or any other similar privilege or protection. Halpern also objects to the extent that

8  this request calls for documents containing Confidential Information, particularly in the

9  absence of a protective order. Halpern objects to this request as vague and ambiguous,

10  particularly as it relates to the words "prior to January 1, 2001." Halpern further objects

11  to this request as unduly burdensome, including, without limitation, because it purports to

12  require the production of documents that are duplicative of documents requested of Bryant,

13  a party to this action. Halpern objects on the grounds that Mattel has not demonstrated a

14  need for production at this time that outweighs the burden imposed on Halpern, a nonparty.

15  Halpern objects to this request on the grounds that it seeks documents that are not relevant

16  to any claim or defense in this litigation, nor likely to lead to the discovery of admissible

17  evidence. Halpern further responds that, subject to and without waiving any objections,

18  Halpern is willing to produce responsive documents pursuant to the Protective Order.

18  **REQUEST FOR PRODUCTION NO. 8:**

19      All DOCUMENT REFERRING OR RELATING TO this litigation.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

21      Halpern refers to and incorporates herein all of the General Objections set forth

22  above.  Halpern objects to this request to the extent that it calls for the production of

23  documents that are or may be protected by the attorney-client privilege, attorney work

24  product doctrine, joint defense privilege, common interest privilege or any other similar

25  privilege or protection. Halpern also objects to the extent that this request calls for

26  documents containing Confidential Information, particularly in the absence of a protective

27  order. Halpern objects to this request as vague and ambiguous, particularly as it relates to

28  the word "litigation." Halpern further objects to this request as unduly burdensome,

-10-

EXHIBIT 10   PAGE 243   MATCOR022574

1  including, without limitation, because it purports to require the production of documents

2  that are duplicative of documents requested of Bryant, a party to this action. Halpern

3  objects on the grounds that Mattel has not demonstrated a need for production at this time

4  that outweighs the burden imposed on Halpern, a nonparty. Halpern objects to this request

5  on the grounds that it seeks documents that are not relevant to any claim or defense in this

6  litigation, nor likely to lead to the discovery of admissible evidence. Subject to and

7  without waiving any of the foregoing general and specific objections, Halpern responds as

8  follows:  Halpern has conducted a diligent search and a reasonable inquiry in an effort

9  to comply with this request and, with the exception of the Subpoena served by Mattel

10  on Halpern, is not aware of any documents responsive to this request.

REQUEST FOR PRODUCTION NO. 9:

11

12        All DOCUMENTS REFERRING OR RELATING TO any work or services

13  that YOU performed for or on behalf of any competitor of MATTEL, including

14  without limitation MGA, during the term of YOUR MATTEL employment.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

15

16        Halpern refers to and incorporates herein all of the General Objections set forth

17  above.  Halpern objects to this request to the extent that it calls for the production of

18  documents that are protected by the attorney-client privilege, attorney work product

19  doctrine, joint defense privilege, common interest privilege or any other similar privilege

20  or protection. Halpern also objects to the extent that this request calls for documents

21  containing Confidential Information, particularly in the absence of a protective order.

22  Halpern objects to this request as vague and ambiguous, particularly as it relates to the

23  word "employment."  Halpern objects to this request as vague and ambiguous,

24  particularly as it relates to the words "work or services" and "competitor." Halpern

25  further objects to this request as unduly burdensome. Halpern objects on the grounds that

26  Mattel has not demonstrated a need for production at this time that outweighs the burden

27  imposed on Halpern, a nonparty. Halpern objects to this request on the grounds that it

28  seeks documents that are not relevant to any claim or defense in this litigation, nor likely

to lead to the discovery of admissible evidence. Subject to and without waiving any of the

-11-

EXHIBIT __10__ PAGE __294__ MATCOR022575

1  foregoing general and specific objections, Halpern responds as follows:  Halpern has
2  conducted a diligent search and a reasonable inquiry in an effort to comply with this
3  request and is not aware of any documents responsive to this Request.
4  REQUEST FOR PRODUCTION NO. 10:
5       All DOCUMENTS REFERRING OR RELATING TO any
6  COMMUNICATIONS between YOU and MGA during the term of YOUR MATTEL
7  employment.
8  RESPONSE TO REQUEST FOR PRODUCTION NO. 10:
9       Halpern refers to and incorporates herein all of the General Objections set forth
10  above.  Halpern objects to this request to the extent that it calls for the production of
11  documents that are protected by the attorney-client privilege, attorney work product
12  doctrine, joint defense privilege, common interest privilege or any other similar privilege
13  or protection. Halpern also objects to the extent that this request calls for documents
14  containing Confidential Information, particularly in the absence of a protective order.
15  Halpern objects to this request as vague and ambiguous, particularly as it relates to the
16  word "employment."  Halpern objects to this request as vague and ambiguous.  Halpern
17  further objects to this request as unduly burdensome. Halpern objects on the grounds that
18  Mattel has not demonstrated a need for production at this time that outweighs the burden
19  imposed on Halpern, a nonparty. Halpern objects to this request on the grounds that it
20  seeks documents that are not relevant to any claim or defense in this litigation, nor likely
21  to lead to the discovery of admissible evidence. Subject to and without waiving any of the
22  foregoing general and specific objections, Halpern responds as follows:  Halpern has
23  conducted a diligent search and a reasonable inquiry in an effort to comply with this
24  request and is not aware of any documents responsive to this Request.
25  REQUEST FOR PRODUCTION NO. 11:
26       All doll heads, sculpts, prototypes, models, samples, molds and tangible items
27  that were created, prepared or made, whether in whole or in part, prior to January 1,
28  2001 that REFER OR RELATE TO BRATZ.
    RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

-12-

1  Halpern refers to and incorporates herein all of the General Objections set forth

2  above.  Halpern objects to this request to the extent that it calls for the production of

3  documents that are protected by the attorney-client privilege, attorney work product

4  doctrine, joint defense privilege, common interest privilege or any other similar privilege

5  or protection. Halpern also objects to the extent that this request calls for documents

6  containing Confidential Information, particularly in the absence of a protective order.

7  Halpern objects to this request as vague and ambiguous, particularly as it relates to the

8  words "created, prepared or made" and "prior to January 1, 2001." Halpern further

9  objects to this request as unduly burdensome, including, without limitation, because it

10 purports to require the production of documents that are duplicative of documents

11 requested of Bryant, a party to this action. Halpern objects on the grounds that Mattel has

12 not demonstrated a need for production at this time that outweighs the burden imposed on

13 Halpern, a nonparty. Halpern objects to this request on the grounds that it seeks documents

14 that are not relevant to any claim or defense in this litigation, nor likely to lead to the

15 discovery of admissible evidence. Halpern further responds that, subject to and without

16 waiving any objections, Halpern is willing to produce responsive documents pursuant to

17 the Protective Order.

18 REQUEST FOR PRODUCTION NO. 12:

19     All doll heads, sculpts, prototypes, models, samples, molds and tangible items

20 that were created, prepared or made, whether in whole or in part, prior to January 1,

21 2001 that REFER OR RELATE TO ANGEL and/or PRAYER ANGELS.

22 RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

23     Halpern refers to and incorporates herein all of the General Objections set forth

24 above.  Halpern objects to this request as compound.  Halpern objects to this request to

25 the extent that it calls for the production of documents that are protected by the attorney-

26 client privilege, attorney work product doctrine, joint defense privilege, common interest

27 privilege or any other similar privilege or protection. Halpern also objects to the extent that

28 this request calls for documents containing Confidential Information, particularly in the

   absence of a protective order. Halpern objects to this request as vague and ambiguous,

-13-

EXHIBIT  10  PAGE  296  MATCOR022577

1   particularly as it relates to the words "created, prepared or made" and "prior to January

2   1, 2001." Halpern further objects to this request as unduly burdensome. Halpern objects

3   on the grounds that Mattel has not demonstrated a need for production at this time that

4   outweighs the burden imposed on Halpern, a nonparty. Halpern objects to this request on

5   the grounds that it seeks documents that are not relevant to any claim or defense in this

6   litigation, nor likely to lead to the discovery of admissible evidence. Subject to and

7   without waiving any of the foregoing general and specific objections, Halpern responds as

8   follows:  Halpern has conducted a diligent search and a reasonable inquiry in an effort

9   to comply with this request and is not aware of any documents responsive to this

10  request.

11  Dated:  May 6, 2005                    KEATS MCFARLAND & WILSON LLP

12

13

14

15                                          _____

16                                          Ellie Schwimmer
                                            Attorneys for Non-Party Sarah Halpern

17

18

19

20

21

22

23

24

25

26

27

28

-14-

EXHIBIT __10__ PAGE __297__
MATCOR022578

Confirmation Report - Memory Send

Page       : 001
Date & Time: 06-25-2007   05:37pm
Line 1     : 2134433100
Line 2     :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 662 |
| Date | : | 06-25  05:28pm |
| To | : | 2896470720913108800363# |
| Number of pages | : | 017 |
| Start time | : | 06-25  05:28pm |
| End time | : | 06-25  05:37pm |
| Pages sent | : | 017 |
| Status | : | OK |

Job number   : 662          *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:   June 25, 2007                    NUMBER OF PAGES, INCLUDING COVER: 18

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq. Keats, McFarland & Wilson, LLP | 310-248-3830 | 310-860-0363 |

FROM:   Susan Wines

RE:   Mattel, Inc. v. Bryant

MESSAGE:

07209/2152611.1

CLIENT #   07209     ROUTE/RETURN TO:  Via Albert     ☐ CONFIRM FAX ☒ INCLUDE CONF. REPORT

OPERATOR:   O'Con      CONFIRMED?   ☐ No   ☐ YES:

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 16  PAGE 298    MATCOR022579

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   June 25, 2007

**NUMBER OF PAGES, INCLUDING COVER: 18**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq.<br>Keats, McFarland & Wilson, LLP | 310-248-3830 | 310-860-0363 |

**FROM:**   Susan Wines

**RE:**   Mattel, Inc. v. Bryant

**MESSAGE:**



| 07209/2152611.1 | | | |
|---|---|---|---|
| CLIENT # 07209 | ROUTE/<br>RETURN TO: Mia Albert | | ☐ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
| OPERATOR: OLAN | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT  10  PAGE 299

MATCOR022561

06/26/2007 09:49 FAX 12134433100          QEUOH-LAO-2                              ☑001

```
                        ***********************
                    ***    TX REPORT    ***
                        ***********************

          TRANSMISSION OK

          TX/RX NO                    2711
          RECIPIENT ADDRESS           76039#7209#13108600363
          DESTINATION ID
          ST. TIME                    06/26 09:44
          TIME USE                    05'17
          PAGES SENT                  17
          RESULT                      OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**     June 25, 2007                   **NUMBER OF PAGES, INCLUDING COVER: 18**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq.<br>Keats, McFarland & Wilson, LLP | 310-248-3830 | 310-860-0363 |

**FROM:**    Susan Wines

**RE:**      Mattel, Inc. v. Bryant

**MESSAGE:**



EXHIBIT __ID__ PAGE __300__   MATCOR022562

# EXHIBIT 11

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

June 28, 2007

TEL (310) 248-3830
FAX (310) 860-0363

WRITER'S DIRECT DIAL

(310) 777-3730

WRITER'S EMAIL

lmcfarland@kmwlaw.com

**VIA FACSIMILE**

Susan Wines, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

    Re:   Mattel v. Bryant

Dear Ms. Wines:

    I am writing in response to your letter dated June 25, 2007, and to follow up on our meet and confer which we held yesterday morning at 10:00 a.m. I will address the points in the order set forth in your June 25 letter.

A.    Margaret Hatch-Leahy and Veronica Marlow

I.    Unjustified Redaction of Documents

    With respect to the review of Ms. Leahy's day planner and Ms. Marlow's faxes, I have requested these documents. I will let you know as soon as I have them.

II.    Ms. Marlow's Wells Fargo Account

    I will confirm the information with Ms. Marlow when I meet with her. As you know, she has been in Brazil.

B.    Elise Cloonan

    As set forth in my letter dated June 26, 2007, we do not agree that there has been any waiver of Ms. Cloonan's objections, and with that letter we provided you with Ms. Cloonan's written responses. I have also asked Ms. Cloonan to provide us with a doctor's note.

C.    Sarah Halpern

    There are no differences intended by the language in the responses to Request No. 2 and Request No. 3. For clarity, we hereby modify the response to Request No. 3 to read as follows: "no responsive documents are in the possession, custody or control of Halpern."

EXHIBIT __11__ PAGE __301__

Susan Wines, Esq.
June 28, 2007
Page 2


D.      Computers

        I will ask all four of our clients about computers, including laptops, that they may have used during the relevant time frame.

        With respect to the authorities set forth in your June 21, 2007, letter alleging that Mattel is "entitled to inspect and image" the personal computers belonging to Elise Cloonan and Sarah Halpern, the cases that you cite fail to support your position.

        For instance, while we, of course, agree that the term "documents" includes documents stored in electronic form, the significance of Playboy Enterprises, Inc. v. Welles, 60 F.Supp.2d 1050 (S.D. Cal. 1999) is that this case establishes a strict protocol to be followed when discoverable information is sought from an opposing party's computer hard drives.  The Playboy court set forth a protocol which would allow the party requesting discovery to recover discoverable information while at the same time protecting the privacy and privilege concerns of the responding party.  The protocol called for an independent third-party expert, agreed upon by both parties or appointed by the court, to conduct the inspection and create a "mirror image" copy of the defendant's computer hard drive.  Following the inspection, the "mirror image" copy would be given to the defendant's counsel, who would then print and review any recovered documents and produce to the plaintiff those communications that are responsive and relevant.  Finally, the court noted that the defendant's counsel would be the sole custodian of the "mirror image" copies throughout the litigation.

        Your letter also cites Simon Property Group L.P. v. mySimon, Inc., 194 F.R.D. 639 (S.D. Ind. 2000) as support for the proposition that deleted records are discoverable and that courts routinely permit inspection of home computers.  As in Playboy, Simon Property also involved a plaintiff seeking access to defendant's computers for the purpose of attempting to recover discoverable information, including deleted files.  The court ordered a protocol requiring the inspection and "mirror image" copying to be conducted by a third-party expert.  In doing so, the court referred to Playboy's protocol as offering the best approach, and fashioned a protocol which was nearly identical to the one in Playboy.  The court stated that plaintiff and defendant should attempt to agree on an expert to inspect and create a "mirror image" of the hard drives, and if they failed to do so, the court would appoint one.  The expert would then make the "mirror image" copy, and provide the copy to defendant's counsel.  However, the copying would be limited to "the types of files reasonably likely to contain material potentially relevant" to the case.[1]  Thereafter, defendant's counsel would review the records for privilege and responsiveness to plaintiff's discovery requests, and supplement defendant's responses to discovery requests, as appropriate.[2]  Finally, the court ordered that the expert would sign the protective order and retain

---

[1]   Id. at 641; citing Adobe Systems, Inc. v. South Sun Products, Inc., 187 F.R.D. 636, 642-43 (S.D. Cal. 1999) (noting that Microsoft Office 97 occupies more than 200 megabytes on hard drive of a personal computer).
[2]   Id. at 641-42.

EXHIBIT   11   PAGE 302

Susan Wines, Esq.
June 28, 2007
Page 3

until the end of the litigation the "mirror image" copies of the hard drives, without "disclos[ing] the contents of any files or documents to plaintiff or its counsel or other persons."[3]

The third case that you cite, Superior Consultant Co. v. Bailey, 2000 WL 1279161 (E.D. Mich. 2000), further supports the protocol applied in Playboy and Simon Property. Finally, Kucala Enterprises, Ltd. v. Auto Wax Co., Inc., 2003 WL21230605 (N.D. Ill. 2003) is not applicable to our case. That case concerned the plaintiff's acts of spoliation and destruction of evidence, which is not present with Ms. Cloonan or Ms. Halpern.

Of further significance is the fact that each of the four cases cited in your letter concerns discovery as between *parties* to an action. However, both of our clients are non-party *witnesses* in this case. Since courts already protect the privacy and privilege interests of parties in these inspection cases, there will likely be a much greater level of protection for non-parties. Thus, in order to inspect our clients' computer hard drives, the Court may force Mattel to meet a much higher burden than when dealing with a party.

Once again, the central dispute at issue is not, as your letter maintains, whether Mattel has a right to discover information contained in our clients' computer hard drives. In fact, we agree that such information is discoverable and, if relevant and non-privileged, should be produced. However, our clients' computers contain substantial non-relevant and confidential information that would infringe their rights of privacy if produced. Therefore, based on the foregoing authorities, we propose to use the protocol set forth in Playboy as follows:

- Your firm and ours mutually agree on an independent third-party, who is an expert in the field of computer forensics, to conduct the necessary inspection and "mirror image" copying of our clients' computer hard drives. The inspection shall include searches for relevant deleted documents and metadata. If no expert can be jointly agreed upon, the Court shall select an expert. Regardless of the method of selection, the chosen expert shall sign the protective order to maintain confidentiality of the documents copied. To the extent that the computer expert has direct or indirect access to information protected by the attorney-client privilege, such "disclosure" shall not result in a waiver of the attorney-client privilege. Mattel shall pay all costs for this computer expert;

- Once the expert has been chosen, the expert shall make the "mirror image" copies of Ms. Cloonan's and Ms. Halpern's computer hard drives and shall search for relevant deleted documents and metadata. Only us and Ms. Cloonan and/or Ms. Halpern may be present when the computer is inspected and the mirror images made. Thereafter, the expert shall deliver the "mirror

---

[3]   Id. at 642.

EXHIBIT __11__ PAGE 303

Received:   6/28/07   5:18PM;              3108600363 -> QUINN EMANUEL;   Page 6
JUN 28 2007 17:06 FR   ATS MCFARLAND WILSO  3108600363      2945H10595H00002 P.05/05

Susan Wines, Esq.
June 28, 2007
Page 4

image" copies to us, as counsel for Ms. Cloonan and Ms. Halpern, for our review;

- We will print and review any recovered documents and produce to you all non-privileged documents that are responsive to the subpoenas served on Ms. Cloonan and/or Ms. Halpern, as the case may be. We will set forth all documents that are withheld on a claim of privilege in a privilege log. Depending on the volume of data recovered from the computers, the parties may need to meet and confer regarding relevant search terms so as to make the task of searching the hard drives manageable; and

- We shall be the sole custodian of the "mirror image" copies throughout the litigation.

This protocol will allow Mattel to recover the relevant documents, if any, while maintaining our clients' rights of privacy and confidentiality.

E.   Fee Agreements

I will review the order from Judge Infante and relevant case law regarding third party retainer agreements and get back to you.

F.   Deposition Dates

I will ask our four clients about possible deposition dates.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/jlt

EXHIBIT  11  PAGE 304

Received:   6/28/07  5:17P'':        3108600363 -> QUINN EMANUEL;  Page 1
JUN 28 2007 17:05 FR   TS MCFARLAND WILSO 3108600363   2945H10595#00002 P.01/05

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW
### 9720 WILSHIRE BOULEVARD
### PENTHOUSE SUITE
### BEVERLY HILLS, CALIFORNIA 90212
### TELEPHONE (310) 248-3830
### FAX (310) 860-0363

---

## FACSIMILE TRANSMITTAL SHEET

| | | | |
|---|---|---|---|
| To: | Susan Wines, Esq. | From: | Larry W. McFarland, Esq. |
| Company: | Quinn Emanuel Urquhart Oliver & Hedges, LLP | Date: | 6/28/2007 |
| Fax No.: | 213-443-3100 | Pages: | 5 |
| Phone No.: | 213-443-3000 | Ref No.: | 10306.33 |
| Re: | Mattel v. Bryant | | |

☐ URGENT  ☐ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY  ☐ PLEASE RECYCLE

---

NOTES/COMMENTS:

Please see attached.

**PRIVACY NOTICE**

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee of agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

EXHIBIT 11 PAGE 305

# EXHIBIT 12

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 13

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 14

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 15

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 16

1              UNITED STATES DISTRICT COURT                WORKING COPY

2

3

4      MATTEL, INC.,                    ) Case No.
                                        ) CV 04-9059 NM (RNBx)
5            Plaintiff,                 )
                                        )
6            v.                         )
                                        )
7      CARTER BRYANT, an individual;    )
       and DOES 1 through 10,           )
8      inclusive,                       )
                                        )
9            Defendants.                )
                                        )

10

11

12

13                    MEET AND CONFER

14              MONDAY, MAY 2, 2005

15                    2:02 P.M.

16

17     REPORTED BY:

18              DENISE A. ROSS

19              CSR NO. 10687

20

21

22

23

24

25

EXHIBIT 16 PAGE 379

1   are from the commencement?

2        MR. TAYLOR:  I'm not certain that they all

3   are at this moment.  There might -- to the extent that

4   there are others, we will log them and produce that.

5        MS. McKENZIE:  Okay.  Thank you.

6        MR. TAYLOR:  Where were we?  On the ninth?

7        MS. McKENZIE:  Yes.

8        MR. TAYLOR:  We're not aware of any

9   documents, and our client has searched for them, as we

10   stated in our earlier response.  The same for the tenth

11   request, and that is we have no documents.  On the

12   eleventh and twelfth requests, we -- we will produce

13   them to the extent we have them under the protective

14   order.

15        MS. McKENZIE:  Okay.

16        MR. TAYLOR:  I think that's Marlow.  Do you

17   have any questions?

18        MS. McKENZIE:  No.  Those responses sound

19   fine.  I mean, mostly, it seems to me, the objections

20   were based on relevance.  And it sounds like you're sort

21   of waiving that to an extent you're admitting these are

22   relevant and you will be producing --

23        MS. AMBROSINI:  No.  There's no admission of

24   relevancy or waiver of objections for purposes of trial

25   or anything like that, I'm sure.

6

EXHIBIT 16 PAGE 386

1     MR. TAYLOR: Right.

2     MS. AMBROSINI: We're --

3     MS. McKENZIE: You're agreeing to produce

4 those.

5     MR. TAYLOR: We're agreeing to produce them.

6 We're coming into this as a third party. We understand

7 that there's complicated disputes between your two

8 parties as to confidentiality and other types of

9 privilege so that we wanted to be able to have MGA here

10 so we can hear both sides of that to decide how we're

11 going to produce. And we agreed to produce under the

12 protective order.

13     MS. McKENZIE: Do you want to do the same

14 thing with respect to Leahy?

15     MR. TAYLOR: Sure.

16     The first Leahy request, we will produce

17 those documents that we do have subject to the

18 protective order. On the second request, "All documents

19 referring or relating to 'Angel,' including without

20 limitation to any work or services performed by you or

21 any other person on 'Angel'" -- I note that that request

22 is not date limited as are the others. We are willing

23 to produce any responsive documents under the second

24 request up to -- that is, those documents prior to

25 January 1, 2001.

7

EXHIBIT 16 PAGE 381

1          MS. McKE...E:  Okay.

2          MR. TAYLOR:  And we will object on relevance

3   to the remainder.

4          MS. McKENZIE:  Okay.

5          MR. TAYLOR:  To the extent that there are

6   any, we will produce them.  The same goes for document

7   request No. 3.  The request as worded isn't date

8   limited.  We will produce according -- under the

9   protective order, according to the same date limit as

10  the other request, January 1, 2001.

11         On the fourth request, Shane, we will -- we

12  will produce any responsive documents that we have

13  pursuant to the -- or under the protective order.  The

14  same as to requests 5 and 6.

15         MS. McKENZIE:  Okay.

16         MR. TAYLOR:  We -- we're aware of no

17  responsive documents to request No. 7.

18         MS. McKENZIE:  And that would include any

19  phone records she might have?

20         MR. TAYLOR:  That's right.

21         MS. McKENZIE:  So she doesn't have any?

22         MR. TAYLOR:  She has conducted a diligent

23  search and a reasonable inquiry and an effort to comply,

24  and no responsive documents are in her possession,

25  custody or control.

8

EXHIBIT 16 PAGE 382

1           MS. McKENZIE:  Okay.

2           MR. TAYLOR:  Request No. 8, she has none that

3   are not privileged.  And to the extent that she has any

4   that are privileged but prior to the inception of the

5   litigation, we'll provide a log.

6           MS. McKENZIE:  Okay.  Thank you.

7           MR. TAYLOR:  No. 9, she has no responsive

8   documents.  No. 10, she has no responsive documents.

9   And she will produce under the protective order those

10  responsive documents that she has, if any, to request

11  Nos. 11 and 12.

12          MS. McKENZIE:  Okay.  Now, do you want to

13  talk about the procedure for the production?

14          MR. TAYLOR:  Sure.  Of course we have — a

15  part of this production includes 3D molds and casts and

16  original documents that we don't want to let out of our

17  possession.  You're welcome to inspect them at a

18  convenient time at our offices —

19          MS. McKENZIE:  Okay.

20          MR. TAYLOR:  —with your own copy service to

21  copy any documents you'd like and to inspect and

22  photograph any of the 3D exhibits.

23          MS. McKENZIE:  Okay.  Videogaph as well?

24          MR. TAYLOR:  That should be fine.

25          MS. McKENZIE:  I know we've done that in the

                                                        9

EXHIBIT __16__ PAGE __383__

1    I, DENISE    ROSS, a Certified Shorthand

2  Reporter for the State of California, do hereby certify:

3    That said proceedings were taken before me at

4  the time and place therein set forth and were taken down

5  by me in shorthand and thereafter reduced to typewriting

6  via computer-aided transcription under my direction;

7    I further certify that I am neither counsel

8  for, nor related to, any party to said action, nor in

9  anywise interested in the outcome thereof.

10    IN WITNESS WHEREOF, I have hereunto

11  subscribed my name this    day of _____

12  2005.

13

14

15

16        Denise A. Ross
           CSR No. 10687

17

18

19

20

21

22

23

24

25

12

EXHIBIT 16 PAGE 384

**EXHIBIT 17**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

November 7, 2007

VIA FACSIMILE AND U.S. MAIL

Larry McFarland, Esq.
Keats, McFarland & Wilson, LLP
9720 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90212

Re:    Mattel v. Bryant, et al.

Dear Larry:

I write regarding Ms. Leahy's day planner, which has been produced to us in redacted form.

Upon our review of the pages made available to us by you, we have concluded that we require copies of and access to Ms. Leahy's complete, unredacted planner, not just the redacted pages we currently possess. This information is necessary for a number of reasons.

First, we need the entire journal because it is not readily intelligible without having the other information that has, thus far, been redacted by you. As to many entries, the particular page produced has had surrounding date information redacted (or it lacked it in the first place) so that it is only possible to discern the dates on which the entries were made by looking at other pages of the entire journal in sequence. We are entitled to the entire journal so we can cogently question Ms. Leahy about the planner at her deposition and present it intelligibly to the Court and the jury.

Second, we need the original unredacted journal because it has become regrettably evident that Ms. Leahy and her counsel improperly redacted information Mattel was, and remains, entitled to.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2287731.2

EXHIBIT __17__ PAGE 385

When the journal was first produced, Ms. Leahy asserted that only supposedly irrelevant matters were redacted. However, it has now become apparent from the review of the original of the unredacted planner conducted by one of our attorneys, Jennifer Lewis, that highly material and directly responsive information was redacted. For example, an entry from June 2000 referring to "Angel" was not originally produced even though all documents regarding Ms. Leahy's work on Angel were clearly requested in our initial subpoena to Ms. Leahy. Entries relating to Carter Bryant from 2000 were also redacted even though our initial subpoena to Ms. Leahy called for all documents referring or relating to Carter Bryant prior to January 1, 2001 and even though Judge Infante has repeatedly ruled such information is relevant and discoverable. There are many other such examples of clearly relevant information that was redacted. And, while all of this is troubling enough, the impropriety of the redactions is rendered even more so given that Ms. Leahy never disputed that we were entitled to, and never disclosed to us that she was withholding, such obviously pertinent information.

Third, we need copies of and access to the entirety of the original day planner so that we can determine whether expert analysis is warranted. As you know, and as Judge Infante has ruled, the <u>Federal Rules of Civil Procedure</u> entitle Mattel access to original documents for this and other purposes.[1]

Please let us know promptly whether Ms. Leahy's entire planner will be produced without redactions and whether the original of it be will be made available for examination as requested. If not, we plan to move to compel. As you know, we have already met and conferred about the planner repeatedly.

I look forward to hearing from you.

Very truly yours,

B. Dylan Proctor

---

[1] To the extent Ms. Leahy has purported privacy concerns regarding the information contained in the day planner, the "Confidential - Attorney's Eyes Only" designation provided under the Protective Order -- which Ms. Leahy has availed herself of already -- fully protects any such claimed concerns.

EXHIBIT 17  PAGE 386

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE: 11/7/07                    NUMBER OF PAGES, INCLUDING COVER:

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland / Keats, McFarland | | (310) 860-0363 |

FROM: Jennifer Lewis, Esq.

RE: Mattel v. Bryant

MESSAGE:

```
FAXED
NOV 0 7 2007
```

CLIENT# 7029    ROUTE/RETURN TO: Linda Cano    ☑ CONFIRM FAX
                                                 ☐ INCLUDE CONF. REPORT

OPERATOR: Jeffrey    CONFIRMED? ☐ NO ☐ YES: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 17 PAGE 387

Confirmation Report - Memory Send

```
                              Page       : 001
                              Date & Time: 11-07-2007   14:32
                              Line 1    : 2134433100
                              Line 2    :
                              Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 292 |
| Date | : | 11-07  14:31 |
| To | : | ☎76681☎7209☎13108600363 |
| Number of pages | : | 003 |
| Start time | : | 11-07  14:31 |
| End time | : | 11-07  14:32 |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 292          *** SEND SUCCESSFUL ***

---

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
### FACSIMILE TRANSMISSION

DATE: 11/7/07                                    NUMBER OF PAGES, INCLUDING COVER:

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland / Keats, McFarland | | (310) 860-0363 |

FROM: Jennifer Lewis, Esq.

RE: Mattel v. Bryant

MESSAGE:

---

CLIENT # 7029   ROUTN/RETURN TO: Linda Cano   ☑ CONFIRM FAX   ☐ INCLUDE CONF. REPORT

OPERATOR:   CONFIRMED? ☐ NO ☐ YES:

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT  17  PAGE 388

# EXHIBIT 18

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

November 9, 2007

**VIA FACSIMILE AND U.S. MAIL**

Larry McFarland, Esq.
Keats, McFarland & Wilson, LLP
9720 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90212

Re:   Mattel v. Bryant, et al.

Dear Larry:

I write in response to your letter of November 8, 2007 regarding Ms. Leahy's day planner. Thank you for agreeing to make Ms. Leahy's day planner available for further inspection and review, which is required for the reasons laid out in my letter of November 7, 2007.  We plan to send an attorney from our office and a photographer to review the original day planner on November 15, 2007 at 9:00 a.m.  Please let me know if this timing does not work for you for some reason.

Very truly yours,

B. Dylan Proctor

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2289579.1

EXHIBIT 18 PAGE 389

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**     November 9, 2007          **NUMBER OF PAGES, INCLUDING COVER:**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq. Keats, McFarland & Wilson, LLP | 310-248-3830 | 310-860-0363 |

**FROM:**     B. Dylan Proctor

**RE:**     Mattel, Inc. v. Bryant

**MESSAGE:**

---

07209/2152611.1

| | | ROUTE/ | | ☒ CONFIRM FAX |
|---|---|---|---|---|
| CLIENT # | 07209 | RETURN TO: | Tiffany Garcia | ☒ INCLUDE CONF. REPORT |

OPERATOR: _____     CONFIRMED?    ☐ NO  ☐ YES: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT 18 PAGE 390

```
┌─────────────────────────────────────────────────────────────────────────────┐
│                         Send Confirmation Report                              │
└─────────────────────────────────────────────────────────────────────────────┘
```

Line 1: QUINNEMANUEL                    ID: 2136240643
Line 2: JetFax M920e                    ID: 2136240643              9 Nov'07 10:11AM  Page  1

| Job | Start time | Usage | Phone Number/Email | Type | Pages | Mode | Status |
|-----|-----------|-------|--------------------|------|-------|------|--------|
| 986 | 11/ 9 10:11AM | 0'39" | 073#7209#13108600363# | Send............ | 2/ 2 | EC144 | Completed.......................... |

Total:  0'39"     Pages sent: 2     Pages printed: 0

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

LOS ANGELES OFFICE

FACSIMILE TRANSMISSION

DATE:    November 9, 2007                     NUMBER OF PAGES, INCLUDING COVER:

| NAME/COMPANY | PHONE NO. | FAX NO. |
|--------------|-----------|---------|
| Larry McFarland, Esq. Keats, McFarland & Wilson, LLP | 310-248-3830 | 310-860-0363 |

FROM:    B. Dylan Proctor

RE:      Mattel, Inc. v. Bryant

MESSAGE:

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address listed above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 000000 AS SOON AS POSSIBLE.

EXHIBIT  1B  PAGE  391

# EXHIBIT 19

# KEATS McFARLAND & WILSON LLP

**RECEIVED**

### ATTORNEYS AT LAW

NOV 1 5 2007

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

November 14, 2007

VIA FACSIMILE, E-MAIL and U.S. MAIL

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:     Mattel v. Bryant

Dear Dylan:

I am writing in response to your letters with respect to Mattel's contemplated motions regarding Ms. Leahy's planner and the deposition dates that I have provided you.

Please let me know Mattel's position with respect to who you believe should hear this dispute if we are unable to resolve our differences.

I look forward to your prompt response.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/ccd

cc:     Thomas J. Nolan
        Michael Page

EXHIBIT __19__ PAGE __392__

# EXHIBIT 20

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

November 15, 2007

**VIA FACSIMILE AND U.S. MAIL**

Larry McFarland, Esq.
Keats, McFarland & Wilson, LLP
9720 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90212

Re:     Bryant v. Mattel, Inc.

Dear Larry:

I write regarding additional outstanding discovery issues relating to your clients, Ms. Hatch-Leahy, Ms. Marlow, Ms. Cloonan and Ms. Halpern.

First, in July of this year, you suggested that each of these individuals may have additional documents to produce in response to Mattel's subpoenas to them. Since that time, according to our records, we have received the following productions of documents from them:

- Ms. Leahy: 29 pages (KMW-L 00077.01 - KMW-L 00105.01) produced on August 14, 2007 and 352 pages (KMW-L 00077.02 - KMW-L 00428) produced on October 26, 2007. We also received 2 sets of printouts from Ms. Leahy's hard drives on October 29, 2007, consisting of 42 pages (ML1FR000001 - ML1FR000042) and 182 pages (ML2FR00043 - ML2FR00224), respectively. This is in addition to the 76 pages (SABW-L 00001 - SABW-L 00076) produced on May 17, 2005.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2294931.1

EXHIBIT _20_, PAGE _393_

- Ms. Marlow: 2,374 pages (KMW-M 00667 - KMW-M 03040) produced on August 29, 2007, 1,640 pages (KMW-M 03041 - KMW-M 04680) produced on September 24, 2007 and 2,014 pages (KMW-M 04681 - KMW-M 06694) produced on October 11, 2007. This is in addition to the 662 pages (SABW-M 00001 - SABW-M 00662) produced on May 17, 2005 and the 4 pages (SABW-M 00663 - SABW-M 00666) produced on August 16, 2006.

- Ms. Cloonan: Hard copy printouts of 27 pages (ACFR000364 - ACFR000390) from her hard drive received on October 29, 2007. To our knowledge, other than these documents on her computer, Ms. Cloonan has never produced any documents in response to Mattel's subpoena.

- Ms. Halpern: Hard copy printouts of 140 pages (SHFR000225 - SHFR000364) from her hard drive received on October 29, 2007. This is in addition to the 131 pages (SH 0001 - SH 0131) produced on May 6, 2005.

Please confirm that your clients' productions of responsive documents are now complete. As you know, none of your clients has ever produced a privilege log of documents withheld on privilege grounds, and we understand based on prior communications that your clients have not withheld responsive documents based on any of their objections. Accordingly, please also confirm that all documents which are responsive to Mattel's subpoenas to your clients and which are in your clients' possession, custody or control have now been produced. As you have suggested in the past, we hope to resolve any outstanding issues regarding your clients' document productions in short order, before your clients are deposed, to the extent it is possible to do so.

Second, upon review of the documents your clients have recently produced, it is apparent that your clients are continuing to improperly redact their documents. In fact, all of the recent productions contain numerous redactions.[1] Nor have your clients remedied the improper redactions they have made in prior document productions.[2] Even more troubling, it appears that some documents have been redacted and produced without any indication that they were redacted. For example, the redacted documents from Ms. Halpern's production of May 6, 2005

---

[1] See, e.g., the documents stamped KMW-L 00088.02, KMW-L 00117, KMW-L 00169, KMW-L 00224, KMW-L 00265, KMW-L 00293 and KMW-L 00333, from Ms. Leahy's October 26, 2007 production; the documents stamped KMW-M 03048, KMW-M 03128, KMW-M 03131, KMW-M 03175-76, KMW-M 03469-72, KMW-M 03532-33, KMW-M 03891, KMW-M 04383-84 and KMW-M 04576-80, from Ms. Marlow's September 24, 2007 production; and the documents stamped KMW-M 04683, KMW-M 04727, KMW-M 04862, KMW-M 04985, KMW-M 05114, KMW-M 05171 and KMW-M 05709, from Ms. Marlow's October 11, 2007 production.

[2] See, e.g., the documents stamped SH 0097, SH 0108, SH 0119 and SH 0120, from Ms. Halpern's May 6, 2005 production; and the documents stamped SABW-L 00001, SABW-L 00009 and SABW-L 00011, from Ms. Leahy's May 17, 2005 production.

EXHIBIT **20**, PAGE 344

lack redaction stamps -- there are merely blank areas in the documents. Documents KMW-L 00388 and KMW-L 00426 from Ms. Leahy's October 26, 2007 production and document SABW-L 00050 are also examples of documents that appear to be redacted but which do not bear redaction stamps.

We are entitled to unredacted copies of all documents that have been produced by your clients. The redactions to your clients' documents do not appear to be made on the basis of privilege, and as noted we have never received a privilege log for any of your clients. Redactions on any other basis with respect to these documents are improper. In fact, in Orders dated January 25, 2007 and May 15, 2007 Judge Infante expressly held that Bryant's and MGA's redactions on grounds other than privilege are improper given the Protective Order in place in this case, which fully addresses any perceived confidentiality concerns.

Last, I do not believe we have received responses to two additional matters Ms. Wines previously discussed with you. First, in the past we have requested (including in a letter dated June 25, 2007 and an email dated June 27, 2007) that you confirm for all four of your clients whether they have fee agreements, written or otherwise, with MGA. As you know from the Orders we have directed to your attention, Judge Infante has found such fee agreements to be relevant to bias and credibility and non-privileged. You confirmed in a letter dated June 28, 2007 that you would review Judge Infante's Orders and relevant case law and then get back to us. To our knowledge, we have not received any further response. Accordingly, please confirm whether your clients have such agreements with MGA as soon as possible and, if they do, please promptly produce these agreements and all documents relating to the agreements.

Second, in the past you stated (including by letter dated June 28, 2007) that you would confirm with Ms. Marlow that her Wells Fargo account was the only checking account she used for MGA. Again, to our knowledge we have not received any further response in this regard. As you know, we are now aware of a Bank of America account used by Ms. Marlow as well. Please let us know if the Bank of America and Wells Fargo accounts are the only checking accounts Ms. Marlow used in connection with her work for MGA. If Ms. Marlow used other accounts in connection with her work with MGA, please provide us with the name of the bank(s) and the account numbers.

I look forward to hearing from you at your earliest convenience, and remain hopeful we will be able to resolve these issues without motion practice. Out of an abundance of caution, please consider this to be a request for a meet and confer on a contemplated motion to compel and for sanctions pursuant to Section 5 of the Order for the Appointment of a Discovery Master.

Very truly yours,

B. Dylan Proctor

07209/2294931.1                                      3

EXHIBIT 20 , PAGE 395

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**    November 15, 2007          **NUMBER OF PAGES, INCLUDING COVER: 4**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq.<br>Keats, McFarland & Wilson, LLP | 310-248-3830 | 310-860-0363 |

**FROM:**    B. Dylan Proctor, Esq.

**RE:**    Mattel, Inc. v. Bryant

**MESSAGE:**



NOV 1 6 2007

| 07209/2152611.1 | | | | ☒ CONFIRM FAX |
|---|---|---|---|---|
| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | Tiffany Garcia/3rd Floor | ☒ INCLUDE CONF. REPORT |
| OPERATOR: | | | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**



EXHIBIT **20**, PAGE **396**

```
Confirmation Report - Memory Send

                                          Page      : 001
                                          Date & Time: 11-15-2007   12:33
                                          Line 1    : 2134433100
                                          Line 2    :
                                          Machine ID : QUINN EMANUEL

Job number          :   419

Date                :   11-15  12:31

To                  :   ☎9414807209☎13108600363

Number of pages     :   004

Start time          :   11-15  12:31

End time            :   11-15  12:33

Pages sent          :   004

Status              :   OK

Job number    : 419           *** SEND SUCCESSFUL ***
```

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:   November 15, 2007                    NUMBER OF PAGES, INCLUDING COVER: 4

| | NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| | Larry McFarland, Esq. Keats, McFarland & Wilson, LLP | 310-248-3830 | 310-860-0363 |

FROM:    B. Dylan Proctor, Esq.

RE:      Mattel, Inc. v. Bryant

MESSAGE:

| 01305312341[.]1 | | | | | |
|---|---|---|---|---|---|
| CLIENT # | 07209 | ROUTE/RETURN TO: | Tiffany Garcia/3rd Floor | ☑ CONFIRM FAX ☑ INCLUDE CONF. REPORT | |
| OPERATOR: | curlin | CONFIRMED? | ☐ NO  ☐ YES: | | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT _20_, PAGE _397_

# EXHIBIT 21

Received: 11/21/07  1:32PM   ~ QUINN EMANUEL;  Page 2
NOV 21 2007 13:36 FR KEATS MCFARLAND WILSO  3108600363 TO 2945#10595#00001 P.02/04

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

TEL (310) 248-3830
FAX (310) 860-0363

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

www.kmwlaw.com

November 21, 2007

<u>VIA FACSIMILE, VIA HAND DELIVERY</u>

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

    Re:   <u>Mattel v. Bryant</u>

Dear Dylan:

    I am writing in response to your letter dated November 15, 2007.

    With respect to the document control numbers listed on the first two pages of your letter, I can confirm that this is a complete list of all the documents produced to date by Ms. Leahy, Ms. Marlow, Ms. Cloonan and Ms. Halpern that were assigned document control numbers.[1][2] The reason that I am making this distinction is that, as you know, Ms. Leahy and Ms. Marlow have produced sculpts and other three-dimensional objects that your firm has photographed and/or videotaped. In order to avoid any confusion, I propose that we make photocopies of each of these produced sculpts and three-dimensional objects and assign each photocopy a bates number. Please let me know if you agree with this proposal. Also, with respect to the photographs taken and the videotapes made by your firm of these sculpts and three-dimensional objects, I previously asked Ms. Wines for copies of these photographs and videotapes. She refused to provide me with copies and told me that it was your firm's position that the photographs and videotapes are work product and that your firm does not intend to use them at any of the depositions or at trial. Please confirm that Ms. Wines' statement is correct and that you will not be using any of these photographs or videotapes at the depositions of any of my clients or at trial.

    With respect to your question involving whether the production of documents is complete, I can confirm that Ms. Halpern has produced all responsive documents in her possession, custody and control. With respect to Ms. Marlow, we are delivering to you with this

---

[1] For documents KMW-M 00667 through KMW-M 03040, your notation of the production date as August 29, 2007 does not reflect that an attorney from your office inspected the documents on August 24, 2007.
[2] For documents ACFR000364 through ACFR000390 and SHFR000225 through SHFR000364, your notation of the receipt date as October 29, 2007 does not reflect my letter dated October 26, 2007 to Mr. Zeller and Data Chasers, releasing the documents.

EXHIBIT **21**, PAGE **398**

Received:   11/21/07  13:37   > OUTON EMANUEL:   Page 3

NOV 21 2007 13:37 FR KEATS MCFARLAND WILSO  3108600363 TO 2945#10595#00001 P.03/04

B. Dylan Procter, Esq.
November 21, 2007
Page 2

letter document control numbers KMW-M 006695 through KMW-M 007643. In addition, we received some three-dimensional objects from Ms. Marlow for your review. Please let me know when someone from your office is available to inspect them. Regarding Ms. Leahy, she has located some additional three-dimensional objects which are available for your review. Please let me know when someone from your office is available to review these items. With respect to Ms. Cloonan, we noticed that your computer expert did not pick up a computer disk with Ms. Cloonan's computer. I suggest that we provide this disk to Data Chasers pursuant to the terms of our agreement as set forth in the letter from Ms. Wines dated September 13, 2007. In addition, in order to speed things up, we will agree to review anything found by Data Chasers within five court days of receipt from Data Chasers rather than the ten court days set forth in Ms. Wine's letter. Please let me know if this is acceptable. With the production of these last remaining items, I believe that the production from Ms. Marlow, Ms. Leahy, Ms. Halpern and Ms. Cloonan is complete.

Regarding the withholding of documents based on privilege grounds, it is our position that the fee agreements between our clients and their attorneys, as well as all correspondence between our clients and their attorneys, are privileged.

Regarding your statements with respect to redactions, your assertion that our clients have improperly redacted documents is incorrect. In addition, you continue to cite the previously redacted pages from Ms. Leahy's day planner, even though, as you know, additional pages from that day planner were produced pursuant to our agreement with Ms. Wines. (See my letter to you dated November 14, 2007.) I am not aware of any order from Judge Infante that precludes third parties from redacting irrelevant information. If there are any such orders, please provide copies to me. In addition, as I have previously stated, it is our position that any discovery disputes with our third party clients will be heard by Magistrate Judge Block. However, in an effort to try to avoid unnecessary motion practice, we are re-reviewing all of the documents that were redacted, and if there are any errors, we will provide corrected documents to you.

With respect to your request regarding whether Ms. Leahy, Ms. Marlow, Ms. Halpern or Ms. Cloonan have fee agreements with MGA, written or otherwise, without admitting that any such documents exist, it is our position that the request seeks the production of privileged information. Under the attorney-client privilege, confidential communications made by a client to an attorney to obtain legal services are protected from disclosure. California statutory authority provides that "[a] written fee contract shall be deemed to be a confidential communication within the meaning of [Cal. Bus. & Prof. Code § 6068(e)] and of [Cal. Evid. Code § 952]." Section 6068(e)(1) affirms that "[i]t is the duty of an attorney to ... maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." Therefore, the requested fee agreements are confidential communications protected under the attorney-client privilege. If you have any authority to the contrary, please let me know. Finally, in response to your assertions in the November 15, 2007 letter, I am not aware of Judge Infante ruling on this issue with respect to any third party. If I am mistaken, please inform me of any such ruling.

EXHIBIT __21__, PAGE 399

Received:       11/21/07   13:36PM   -> QUINN EMANUEL;   Page 4
          NOV 21 2007 13:37 FR   ITS MCFARLAND WILSO  3108620363  TO  29454105954001 P.04/04

B. Dylan Procter, Esq.
November 21, 2007
Page 3

    Regarding bank accounts used by Ms. Marlow in connection with her work with MGA, as I stated in my letters to Ms. Wines dated July 23, 2007 and September 21, 2007, we have not received any documents from Wells Fargo in response to your subpoena. In addition, we have not yet received any documents from Bank of America. As soon as we receive these documents, we will comply with the review procedure as set forth in the letter from Ms. Wines dated September 13, 2007, and the letter from you dated November 2, 2007. Finally, with respect to your question whether Ms. Marlow has used any additional bank accounts in connection with her work for MGA, I will provide you this information on the condition that you agree to comply with the protocol set forth in the letter from Ms. Wines dated September 13, 2007, and the letter from you dated November 2, 2007. Please let me know if you agree to this protocol.

               Very truly yours,

               Larry W. McFarland
               Keats McFarland & Wilson LLP

LWM/ct

cc:  Thomas J. Nolan
     Michael Page

Enclosures (KMW-M 006695 through KMW-M 007643)

EXHIBIT __21__, PAGE __400__

Received: 11/21/07  1:32PM:   -> QUINN EMANUEL:  Page 1
NOV 21 2007 13:36 FR   ITS MCFARLAND WILSO  3108600363   2945#10595#00001 P.01/04

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW
9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA  90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

# FACSIMILE TRANSMITTAL SHEET

| | | | |
|---|---|---|---|
| **To:** | Dylan Proctor, Esq. | **From:** | Larry W. McFarland, Esq. |
| **Company:** | Quinn Emanuel Urquhart Oliver & Hedges, LLP | **Date:** | 11/21/2007 |
| **Fax No.:** | 213-443-3100 | **Pages:** | 4 |
| **Phone No.:** | 213-443-3000 | **Ref No.:** | 10595.1 |
| **Re:** | Mattel v. Bryant | | |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached correspondence.

### PRIVACY NOTICE
THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee of agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

EXHIBIT __21__, PAGE __401__

# EXHIBIT 22

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

November 28, 2007

**VIA FACSIMILE AND U.S. MAIL**

Larry McFarland, Esq.
Keats, McFarland & Wilson, LLP
9720 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90212

Re:   Mattel, Inc. v. Bryant

Dear Larry:

I write in response to your letter of November 21, 2007.

First, your proposal to make photocopies of the three dimensional objects your clients have made available for inspection and to produce those photocopies with Bates numbers is acceptable. Please provide these photocopies once they have been made.  You are correct in your assertion that the photographs and videotapes we have taken of these objects are protected work product in our view.  However, you are incorrect in asserting that Mattel has agreed not to use these photographs or videotapes at trial.  Mattel did not agree to that in the past, and is not willing to so agree now.  We are not presently in a position, or required, to disclose our trial exhibits.  Nor do we understand why your clients, all third parties, would have any legitimate interest in delimiting Mattel's trial exhibit list.

Second, regarding the three-dimensional objects you received from Ms. Marlow and Ms. Leahy, we will send someone from our office to review them this Friday, November 30 at 9:30 a.m. Please let us know if this date and time does not work for you for any reason, and we will re-schedule.

**quinn emanuel urquhart oliver & hedges, llp**

07209/2302513.1

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT **22** , PAGE **402**

Third, regarding Ms. Cloonan's computer disk or drive, we would ask that you please provide the drive to Data Chasers as you suggest. We will agree to follow the protocol outlined in our September 13, 2007 letter, with the understanding set forth in your letter that you will review anything found by Data Chasers within 5 court days of receipt and provide the same to us. We expect you will proceed with appropriate expedition to ensure that Ms. Cloonan's documents are produced to Mattel sufficiently in advance of her deposition to enable Mattel to examine her on them as needed.

Fourth, as we stated in our letters of June 25, 2007 and November 15, 2007, Judge Infante has already found fee agreements to be relevant to bias and credibility, and non-privileged. See Order Granting Mattel's Motion to Compel Documents, dated January 25, 2007, at 11-12; Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 10; Order Granting in Part and Denying in Part Mattel's Motion to Enforce the Court's Order of January 25, 2007, to Compel Production of Documents by Carter Bryant and for Sanctions, dated June 19, 2007, at 2-4. Copies of these orders are attached for your reference. As the Court has held, the Business and Professions Code's privilege provisions do not apply in this federal question case, which is governed by federal privilege law. Nevertheless, we understand from your letter that your clients have withheld fee agreements without listing them on any privilege log. We hereby ask once again that they be produced. Please let us know if you are willing to do so. If not, we will plan to address the issue to the Court.

Fifth, and again as we stated in our letter of November 15, 2007, we believe we are entitled to unredacted copies of all documents that have been produced by your clients. You do not assert that the redactions to your clients' documents were made on the basis of privilege, and redactions on any other basis are improper. In fact, in Orders dated January 25, 2007 and May 15, 2007, Judge Infante expressly held that redactions on grounds other than privilege are improper given the protective order in place in this case, which fully addresses any perceived confidentiality or privacy concerns. See Order Granting Mattel's Motion to Compel Documents, dated January 25, 2007, at 14; Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 11, n. 4. Copies of these orders are attached for your reference. We hereby request again that you produce your clients' documents in unredacted form. Please let us know if you are willing to do so. If not, we will plan to address the issue to the Court. Please understand, however, that if Mattel is not able to examine your clients on redacted or other withheld information because you have withheld it at the time of their depositions, Mattel reserves its right to question your clients on such information in the future at a renewed deposition, once Mattel obtains access to the withheld information.

Last, please provide the information regarding additional bank accounts used by Ms. Marlow in connection with her work at MGA. We will agree to abide by the protocol outlined in the September 13, 2007 and November 2, 2007 letters regarding documents that are obtained from additional accounts.

EXHIBIT **22** , PAGE **403**

In our letter of November 15, 2007, we requested a meet and confer on a contemplated motion to compel and for sanctions.  If you wish to discuss these matters, please let me know when you are available to meet and confer this week.  I look forward to hearing from you.

Very truly yours,

B. Dylan Proctor

Enclosures

3

EXHIBIT **22**, PAGE **404**

CONFORMED COPY                    FILED

Hon. Edward A. Infante (Ret.)                    2007 JAN 26  PM 12: 25
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA 94111
415-774-2611
415-982-5287 (fax)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. C 04-09049 SGL (RNBx) |
| | JAMS Reference No. 1100049530 |
| Plaintiff, | |
| | Consolidated with |
| v. | Case No. CV 04-09059 |
| | Case No. CV 05-2727 |
| MATTEL, INC., a Delaware corporation, | |
| | **ORDER GRANTING MATTEL'S** |
| Defendant. | **MOTION TO COMPEL PRODUCTION** |
| | **OF DOCUMENTS** |

CONSOLIDATED WITH
MATTEL, INC. v. BRYANT and
MGA ENTERTAINMENT, INC. v. MATTEL,
INC.

## I. INTRODUCTION

On January 3, 2007, Mattel, Inc. ("Mattel") submitted its Motion to Compel Production of

Documents to the undersigned Discovery Master for disposition.[1]  On January 11, 2007, Carter

Bryant ("Bryant") submitted his opposition brief, and on January 18, 2007, Mattel submitted a

reply brief.  The matter was heard via telephonic conference call on January 24, 2007.  Having

---

[1] Pursuant to a stipulation and order filed December 6, 2006, the undersigned was designated Discovery Master in
accordance with Rule 53 of the Federal Rules of Civil Procedure.

1-26

EXHIBIT **22**, PAGE 405

considered the motion papers and comments of counsel at the hearing, Mattel's Motion to Compel Production of Documents is GRANTED.

## II. BACKGROUND

At the heart of this lawsuit is a dispute over the rights to the "Bratz" dolls. This highly lucrative line of dolls was first conceived by Bryant, a former Mattel employee, and made commercially available by MGA Entertainment, Inc. ("MGA") in the summer of 2001. Sales of Bratz dolls now rival Mattel's Barbie doll.

A. Mattel's Original Complaint

On April 27, 2004, Mattel, the world's largest manufacturer and marketer of toys, filed suit against its former employee Bryant in state court asserting claims for breach of contract, breach of fiduciary duty, breach of duty of loyalty, unjust enrichment, and conversion. Mattel employed Bryant as a product designer from September 1995 through April 1998, and from January 1999 through October 2000. Upon starting his second term, Bryant signed an Employee Confidential Information and Inventions Agreement which required him not to engage in any employment or business other than for Mattel, or invest or assist in any manner any business competitive with the business or future business plans of Mattel. Bryant also assigned to Mattel all rights, title, and interest in the "inventions" he conceived of, or reduced to practice, during his employment.

In addition, Bryant completed Mattel's Conflict of Interest Questionnaire, certifying that he had not worked for any of Mattel's competitors in the prior twelve months and had not engaged in any business dealings creating a conflict of interest. Bryant agreed to notify Mattel of any future events raising a conflict of interest.

Mattel alleges that during his employment, Bryant secretly aided, assisted and worked for a Mattel competitor (later identified as MGA). Bryant entered into an agreement with MGA to

EXHIBIT 22, PAGE 406

provide product design services on a "top priority" basis.[2]  The agreement further provided that Bryant would receive royalties and other consideration for sales of products on which he provided aid or assistance; that all work and services furnished by Bryant to MGA under the agreement would be considered "works for hire"; and that all intellectual property rights to preexisting work by Bryant purportedly would be assigned to MGA.  Mattel further alleges that Bryant converted, misappropriated and misused Mattel property and resources while he was employed at Mattel.  In the complaint, Mattel claims ownership of all inventions and works created by Bryant during his Mattel employment and seeks to recover all benefits obtained as a result of his alleged breach of duties.

In May of 2004, Bryant removed the state court action to the U.S. District Court, asserting subject matter jurisdiction under both 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1332 (diversity jurisdiction).  Mattel filed a motion to remand and submitted a copy of Bryant's agreement with Mattel's competitor, namely MGA.  The agreement was dated September 18, 2000 – a time when Bryant was still employed by Mattel — and required Bryant to provide MGA with design services for the Bratz dolls.  In return, MGA agreed to compensate Bryant at a monthly rate for a period of time and to pay Bryant a 3% royalty on sales of Bratz dolls.  In August of 2004, the district court remanded the action.

B. Bryant's Cross-complaint

In September of 2004, after the case was returned to state court, Bryant filed a cross-complaint against Mattel to challenge the legality of Mattel's Employee Confidential Information and Inventions Agreement.  Bryant's cross-complaint included claims for unfair competition, rescission, declaratory relief, and fraud.

//

---

[2]  Bryant has already produced his agreement with MGA.  Therefore, the existence of the agreement does not appear to be in dispute.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT **22** , PAGE **407**

### C. Bryant's Second Notice of Removal (CV 04-9059)

In November of 2004, Bryant filed a second notice of removal, once again invoking federal question and diversity jurisdiction.  Bryant asserted that Mattel's complaint presented a federal question because events occurring since the first removal and remand demonstrated that Mattel's conversion claim involved the rights to the Bratz dolls, and therefore was preempted by the Copyright Act.  Bryant also contended that there was diversity jurisdiction because he and Mattel were citizens of different states and the amount in controversy exceeded the $75,000 jurisdictional limit because the rights to the Bratz dolls were at stake.  After the second notice of removal, MGA intervened as a defendant pursuant to a stipulation and order.

### D. Bryant's Declaratory Relief Action Against Mattel (CV 04-9049)

On the same day that Bryant filed his second notice of removal, he also filed a complaint in federal court seeking a declaratory judgment that the Bratz dolls do not infringe Mattel's copyrights in a project known as "Toon Teens."

### E. MGA's Complaint Against Mattel (CV 05-2727)

In April of 2005, MGA filed suit against Mattel alleging essentially unfair competition claims.  MGA alleged that Mattel engaged in "serial copycatting" of Bratz dolls, Bratz "pets" and other Bratz products, Bratz television commercials, and Bratz packaging.

### F. Mattel's Second Motion to Remand its Complaint against Bryant

Mattel filed another motion to remand its suit against Bryant.  In March of 2005, the district court issued an order denying the motion to remand and certifying the order for interlocutory review.  Mattel filed an appeal, and the district court stayed discovery in May of 2005.  Discovery did not resume until May 2006, when the Ninth Circuit affirmed the district court ruling.  After the stay was lifted the district court consolidated all three actions for all purposes.  There is no scheduling order currently in place.

EXHIBIT **22** , PAGE **408**

**G.  Court Dismisses Bryant's Cross-claims and Declaratory Relief Action**

In July of 2006, the district court dismissed Bryant's cross-claims pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief may be granted.  The district court also dismissed Bryant's declaratory relief action, finding there existed no reasonable apprehension of an imminent copyright infringement claim against him by Mattel based upon Mattel's Toon Teen intellectual property.

**H.  Mattel's Counterclaims against MGA**

Mattel sought leave to file an amended complaint in case no. CV 05-9059 to add five defendants and nine new legal claims alleging a wide range of commercial disputes.  For example, Mattel's proposed amended complaint contains RICO claims, a trade secret misappropriation claim, and aiding and abetting claims predicated on allegations that MGA cherry-picked certain high ranking Mattel executives or designers and then enticed them to steal Mattel's trade and proprietary secrets and deliver them to MGA before beginning work with MGA.  Mattel also sought leave to add a copyright infringement claim.  Mattel has recently filed copyright registrations with the U.S. Copyright Office claiming ownership in various Bratz doll designs created by Bryant.

On January 11, 2007, the district court granted Mattel leave to file its proposed amendments, but only insofar as they are pled in the form of an amended answer and counterclaim in the case MGA filed against Mattel, CV 05-2727.  The next day, Mattel filed its amendments as ordered in case no. CV 05-2727.

**I.  Mattel's Requests for Production of Documents**

Mattel served the requests for production of documents at issue in this motion on June 14, 2004.  Bryant served objections and responses on July 16, 2004.  The parties met and conferred, but ultimately Mattel moved to compel production in January of 2005.  That motion, however,

EXHIBIT **22**, PAGE **409**

1   was not heard before the district court stayed all discovery pending resolution of Mattel's appeal

2   to the Ninth Circuit on subject matter jurisdiction issues.

3        After the stay of discovery was lifted, the parties met and conferred on June 20, 2006, at

4

5   the courthouse, and were able to achieve apparent agreement on the bulk of the present motion to

6   compel.  The parties informed the court that they would submit a stipulation and order.  See

7   Minutes dated June 20, 2006, Zeller Dec. Ex. 6 ("With respect to Mattel's Motion to Compel

8   Production of Documents, counsel will be submitting a stipulation and order which will be

9   dispositive of all the issues in dispute.").

10        Over the next several months, the parties exchanged draft stipulations and orders to

11

12   memorialize the parties' meet and confer session, but were unable to reach final agreement

13   because Bryant insisted upon including the following sentence in the stipulation:  "The stipulation

14   resolves all issues raised in Mattel's motion to compel, which is hereby withdrawn."  Bryant's

15   Opposition at 1:18-20.  By including this sentence, Bryant intended to prevent further law and

16

17   motion regarding the requests at issue in Mattel's original motion to compel.  Id. at 1:21-23.

18   From Mattel's perspective, however, the proposed sentence amounted to a demand that Mattel

19   waive its right to all further discovery in connection with its requests.  Mattel proposed the

20   following provision as an alternative:

21

22        Except as, and only as set forth in the terms of Paragraph One above, nothing in
        this Stipulation shall preclude or limit Mattel from seeking further discovery on

23        any matter, including as to matter on which the parties could not reach complete
        agreement, or preclude or limit any right of Bryant to object or resist to such

24        discovery.

25   Bryant's Opposition at 7:5-11.  Apparently Mattel's alternative language was

26

27   unacceptable to Bryant.  At the direction of the Discovery Master, the parties met and

28   conferred again in late December 2006, but to no avail.

29        Despite the parties' inability to reach final agreement, Bryant produced approximately

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT **22**, PAGE 410

1,600 pages of documents to date. Mattel contends, however, that the production is inadequate and consistent with a pattern of stonewalling.[3]  Accordingly, Mattel filed the instant motion to compel responsive documents, which includes a request for sanctions in the amount of $7,805.

J.   Mattel's Motion to Compel Production of Documents

Mattel's motion has three parts.  First, Mattel seeks an order compelling Bryant to produce the following categories of requested documents:  (a) documents relating to Bratz designs created by Bryant while employed by Mattel; (b) doll prototypes created by Bryant while working for Mattel; (c) documents that refer to the conception, creating or development of Bratz; (d) Mattel-related documents that Bryant disclosed to MGA; (e) communications between Bryant and MGA that relate to Mattel or Mattel employees; and (f) documents showing what dolls Bryant was exposed to while working at Mattel.  Mattel's Motion at 6.  Mattel asserts that these categories of documents are relevant to establish Bryant's liability and would reveal works rightfully owned by Mattel.

Second, as to other categories of documents which Bryant has agreed to produce, Mattel contends that Bryant has imposed unjustified limitations.  According to Mattel, Bryant will not produce any responsive documents that were created after the suit was filed; Bryant will not produce any communications with MGA "created" after the end of his Mattel employment; Bryant is limiting production of Bratz-related documents to designs that, in Bryant's view, "resulted in" the first line of Bratz dolls released in June 2001; Bryant has not produced known contracts between him and MGA and refuses to produce non-privileged communications relating to those contracts; and Bryant has withheld all but one category of financial documents relating to

---

[3]   According to Mattel, Bryant evaded a deposition until Mattel obtained a court order compelling him to appear.  Similarly, MGA allegedly refused to permit its CEO, Isaac Larian, from being deposed.  Mattel again obtained a court order compelling the deposition and sanctions.  To date, only Bryant and Larian have been deposed.

EXHIBIT __22__, PAGE __411__

his earnings from his work for MGA. Mattel's Motion at 7. Mattel seeks full production of responsive documents without any of the limitations described above.

Third, Mattel contends that the documents Bryant has produced are inadequate for a number of reasons: the financial documents are so heavily redacted they are useless; faxed documents are missing fax header information, including the sending and receiving parties[4]; e-mails and other electronic documents that are known to exist have not been produced; Bryant refuses to inspect, and refuses to permit Mattel to inspect, the hard drive of a computer he used during the relevant period; and Bryant's privilege log is facially incomplete and lists only four documents.

### K. Bryant's Opposition to Mattel's Motion to Compel

Bryant opposes Mattel's motion to compel. He views the motion as nothing more than Mattel's unwillingness to allow closure on any discovery matter after a lengthy meet and confer process which began back in 2004. Bryant emphasizes that the document requests at issue were first propounded at a time when Mattel was attempting to remand the case, making the claim that it did not know whether $75,000 was in controversy and insisting that it was asserting solely state law claims. Bryant explains that given Mattel's view of the case in 2004, he took the position that discovery should be limited to what occurred in his last days at Mattel and shortly thereafter. See Bryant's Opposition at 4-5 ("Bryant's activities and earnings in connection with Bratz in later years could have no conceivable relevance to the case because if those activities and earnings were at stake, the case was worth millions, not pennies."). Accordingly, in the summer and fall of 2004, he produced the following categories of documents: documents evidencing the artwork used to create the "First Generation" of Bratz dolls -- the first dolls sold to the public in the summer of 2001; hundreds of pieces of artwork he was permitted to retain from his employment

---

[4] There is evidence that MGA's CEO instructed an employee to obliterate the fax header on a fax Bryant sent to MGA from Mattel's Design Center. MGA denies the accusation.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                          8

EXHIBIT **22**, PAGE **412**

at Mattel; MGA statements revealing his earnings connected with the sale of the First Generation Bratz dolls and his 2000 contract with MGA; personal phone records and bank records; and hundreds of three dimensional doll parts and toy accessories that came into his possession over the years, including a prototype of the First Generation "Jade" doll.

Bryant generally agrees with Mattel's description of the meet and confer session held at the courthouse on June 20, 2006 and the parties' exchange of draft stipulations. According to Bryant, all the requests addressed in Mattel's original motion to compel and the instant motion led to agreement on the following points: (a) Bryant would produce all agreements for work he performed with or on behalf of MGA prior to June 30, 2001 (the approximate date the First Generation Bratz dolls were released to the public); (b) Bryant would waive the attorney-client privilege with respect to communications with the attorney who assisted him in negotiating his contract with MGA, so long as that waiver would be limited and in no way waive the privilege with respect to litigation counsel; (c) Bryant would produce any documents relating to any payments he received from MGA while employed at Mattel, irrespective of the date of creation; (d) Bryant agreed to make a diligent search for all computers referenced in his deposition and search them for responsive documents; (e) Bryant agreed to produce all documents and tangible things obtained from Mattel during the course of his employment at Mattel; (f) Bryant agreed to conduct a search and produce any patent, trademark or copyright applications, registrations and other non-privileged documents in his possession in connection with his work with MGA prior to June 2001; (g) Bryant agreed to identify documents responsive to particular requests if Mattel could demonstrate that the requests asked for such identification of documents; (h) Bryant agreed to sign a verification that none of the information redacted from his phone records related to Bratz or his work for MGA prior to June 30, 2001; (i) Bryant agreed to supplement his privilege log; and (j) the parties agreed that the stipulation modified Bryant's prior response to the discovery

EXHIBIT 22, PAGE 413

requests and that the stipulation controlled to the extent they were inconsistent. Bryant's Opposition at 5:22-6:21.

Bryant emphasizes that the parties have engaged in an extensive meet and confer process and asks the Discovery Master to order the disposition of this motion in a manner consistent with the parties' draft stipulation. If the draft stipulation is not adopted, Bryant fears the parties will have no incentive to compromise in the future. Bryant's Opposition at 1:24-2:3. Bryant also asks the Discovery Master to order Mattel not to revisit any of the requests that were the subject of Mattel's original motion to compel or the instant motion to compel. Id. at 2:11-13 and 10:9-10.

Furthermore, Bryant asserts that Mattel's requests are overbroad in numerous respects. In particular, Bryant asserts that Mattel is not entitled to all communications with MGA relating to Mattel employees. Bryant also asserts that Mattel is not entitled to unredacted personal phone records and financial information because these records are protected by privacy rights. Lastly, Bryant asserts that Mattel is not entitled to all Bratz related documents created after the lawsuit was filed.

## III. DISCUSSION

### A. The Parties Did Not Reach a Stipulation to Resolve the Instant Motion

The parties' extensive submissions make it clear that the parties did not resolve the issues raised in the instant motion. The parties met and conferred extensively and in good faith, reaching compromises on virtually all categories of documents in dispute. Despite their efforts, however, the parties were ultimately unable to execute a binding stipulation because they were unable to agree on any provision to govern Mattel's future right to pursue additional discovery from Bryant. It is clear that the parties deemed it necessary to include such a provision in the draft stipulation in order to protect their respective positions. Because the parties did not execute a binding stipulation, there is no legal basis to enforce the terms contained in the draft stipulation.

EXHIBIT **22**, PAGE **414**

Therefore, Mattel's right to the discovery it seeks in the instant motion to compel is governed by the familiar guidelines set forth in Rule 26 of the Federal Rules of Civil Procedure.

Furthermore, because the parties met and conferred in good faith and because they had a legitimate dispute over language governing Mattel's future right to pursue additional discovery from Bryant, the Discovery Master denies Mattel's request for sanctions.

**B.  Rule 26 of the Federal Rules of Civil Procedure**

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1).  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

**C.  Mattel's Requests for Production**

**Request Nos. 2, 13, 48:  Documents Relating to Bryant's Agreements with MGA**

Mattel seeks documents relating to Bryant's agreements with MGA, including doll-related agreements. Bryant is withholding responsive documents, including (a) documents relating to his Bratz agreements with MGA other than final signed agreements, including communications exchanged by the parties and drafts of the agreements, (b) documents relating to doll-related

EXHIBIT **22** , PAGE **415**

agreements discussed or negotiated by Bryant and third parties while he was employed by Mattel other than signed agreements that were "reached" while Bryant was employed by Mattel, and (c) documents relating to Bryant's fee agreements with MGA or other indemnity agreements relating to this action.

The Discovery Master finds that the withheld documents are relevant to Mattel's claims. Among other things, the withheld documents could establish the timing, nature and scope of Bryant's work for MGA (or others), ongoing acts of copyright infringement, and damages. In addition, the withheld documents could be used for impeachment purposes. Further, documents relating to fee or indemnity agreements between MGA and Bryant are relevant to demonstrate bias and lack of credibility. Bryant has failed to establish that the requested discovery is barred by Rule 26(b)(2), Fed.R.Civ.P. Accordingly, Bryant is ordered to produce all non-privileged documents responsive to Request Nos. 2, 13, and 48.

Request Nos. 11, 12, 19, 37, 40, 41, 42, 43, 53, 54, 55: Documents Relating to Bratz's Development and Other Projects that Bryant Worked on for MGA

Mattel seeks documents relating to the Bratz project and any other projects Bryant worked on for MGA. Bryant produced documents relating only to the First Generation Bratz dolls. Bryant is prepared to produce additional documents relating to work he performed for MGA prior to June 30, 2001, acknowledging that those documents are relevant to Mattel's claim that Bryant breached his employee agreement by allegedly performing services for Mattel and MGA at the same time. Bryant objects to the requests to the extent they seek any additional documents on relevancy and overbreadth grounds.

The Discovery Master finds that Mattel's requests seek relevant information and are not overbroad. The lawsuit is much broader than the First Generation Bratz dolls issued in June 30, 2001. For example, Mattel alleges that it is entitled all works created by Bryant during his Mattel

EXHIBIT **22**, PAGE **416**

employment, regardless of whether they resulted in a Bratz doll released in June of 2001. Mattel also alleges that Bryant has breached his ongoing contractual duties not to use any of Mattel's confidential and proprietary information, not just information relating to the Bratz dolls released in June of 2001. Mattel also alleges that Bryant has infringed Mattel's alleged copyrights in Bratz works – works that are allegedly owned by Mattel because they were created while Bryant was employed by Mattel – through his ongoing conduct of reproducing and creating derivative works. Accordingly, Bryant is ordered to produce all non-privileged documents responsive to Request Nos. 11, 12, 19, 37, 40, 41, 42, 43, 53, 54, and 55.

Request Nos. 29, 30, 31, 32, 33, 34, 35, 36, 45, 46: Documents Relating to Bryant's Payments from MGA

Mattel seeks documents relating to Bryant's payments from MGA. Bryant acknowledges that Mattel is entitled to know how much money Bryant has earned from MGA, and represents that he has produced, in redacted form, all royalty statements he has received related to the First Generation Bratz dolls and his 2000 contract with MGA. Bryant asserts that his redactions are justified as a means to avoid disclosing the breakdown of MGA's revenue by particular product, which information Bryant believes constitutes MGA's trade secret information. Bryant also objects to producing tax returns, asserting that Mattel cannot show a "compelling need" for the returns. Bryant's Opposition at 29:21-27.

The Discovery Master finds that documents relating to MGA's payments to Bryant, including royalty statements and other payment information, are relevant to several Mattel claims. First, Mattel's claims against Bryant include breach of contract, breach of fiduciary duty, breach of duty of loyalty, unjust enrichment, and conversion. Mattel seeks to recover all benefits Bryant received as a result of his alleged violations of duties to Mattel. Payments to Bryant from MGA and others might be traceable to work Bryant performed while employed by Mattel, regardless of

EXHIBIT __22__, PAGE __417__

when the payments were actually made.  Such payments might also lead to evidence to support Mattel's allegation that Bryant converted, misappropriated, or misused Mattel information.

Second, the payments are relevant to Mattel's recently added claim for copyright infringement.  Mattel alleges that Bryant, MGA, and others have infringed Mattel's rights in the Bratz drawings and works by copying and preparing derivative works from those works.  Under the Copyright Act, a plaintiff is entitled to recover profits from infringement as well as actual damages.  17 U.S.C. §504(b).  The works that potentially infringe Mattel's copyrights, therefore, include all Bratz doll products that MGA released to the market.  For this reason, and for reasons already discussed in the previous subsection, Bryant's limited production of documents relating to only the First Generation of Bratz dolls is inadequate.

Third, payments to Bryant are relevant to Mattel's recently added claims for trade secret misappropriation.  Payments could show when and what trade secret information Bryant and other defendants allegedly misappropriated from Mattel.  Any proof of trade secret theft is also relevant to Mattel's defense against MGA's unfair competition claims.

Lastly, the breakdown of gross royalty payments may be required to prove actual causation of damages.

The protective order filed on January 4, 2005, is sufficient to address any confidentiality concerns raised by Bryant.  Among other things, the protective order provides protection for confidential trade secret information.  It has two tiers of protection, allowing a party to designate documents as either "Confidential" or "Confidential – Attorney's Eyes Only."  The protective order also requires the parties to use information produced in discovery only for purposes of this litigation and not for any other purpose.

Accordingly, Bryant is ordered to produce, without redactions, all non-privileged documents responsive to Request Nos. 29, 30, 31, 32, 33, 34, 35, 36, 45, and 46.  Bryant,

EXHIBIT **22**, PAGE **418**

1  however, is not required to produce tax returns, provided that he otherwise fully complies with

2  these requests as ordered.

3  <u>Request Nos. 20, 23, 27, 28: Communications Between Bryant and MGA</u>

4       Mattel seeks production of Bratz-related communications and communications with

5

6  MGA. More specifically, Mattel seeks production of four categories of documents Bryant has

7  refused to produce: (1) communications between Bryant and MGA or third parties that explicitly

8  relate to designs Bryant created while employed by Mattel; (2) communications between Bryant

9  and MGA that relate to Mattel employees; (3) communications between Bryant and MGA relating

10  to Bryant's Mattel employment or work Bryant performed for Mattel, except those

11

12  communications "created" prior to the close of Bryant's Mattel employment; and (4)

13  communications between Bryant and MGA that post-date Bryant's Mattel employment. Bryant

14  contends that the discovery requests for communications between Bryant and MGA are

15  overbroad. Bryant asserts that there are many former Mattel employees and friends of his who

16

17  have privacy rights that would be impinged upon if he were to disclose his communications.

18  Bryant also asserts that he has his own confidentiality interest regarding any information that he

19  shared with MGA. In particular, he objects to Mattel's discovery requests to the extent they

20  would require him to reveal the identity of current Mattel employees seeking employment with

21

22  MGA or Bryant.

23       The Discovery Master finds that Mattel's requests for all communications between Bryant

24  and MGA unquestionably seek information relevant to Mattel's claims: they will reveal what

25  Mattel information Bryant shared with MGA, if any, and when. The protective order is sufficient

26  to address Bryant's confidentiality concerns. It allows parties to designate as "Confidential"

27

28  private information about current or former employees, contractors or vendors (including

29  employee, contractor and personnel records). Therefore, Bryant is ordered to produce all non-

EXHIBIT **22**, PAGE **419**

privileged documents responsive to Request Nos. 20, 23, 27, and 28.  However, Bryant may continue to redact his telephone records, and shall provide a signed verification that none of the telephone calls that were redacted relate or refer in any way to MGA, Bratz, or any other project that Bryant worked on, with, for, or on behalf of MGA.  Telephone calls that do not relate or refer in any way to MGA or Bratz are irrelevant.

### Request Nos. 49, 51:  Mattel-Related Documents

Mattel seeks production of Mattel-related documents, and Bryant agrees to produce them. Accordingly, Bryant is ordered to produce all documents responsive to Request Nos. 49 and 51.

### Request No. 9:  Documents re Registrations and Applications for Registrations

Lastly, in Request No. 9 Mattel seeks production of documents registrations and registrations and applications for registration.  Bryant deems the motion moot with respect to Request No. 9 because he agrees to produce any patent, copyright and trademark applications, registrations or other non-privileged documents in his possession, custody or control that constitute or relate to such applications and registrations obtained or applied in connection with (1) work on Bratz prior to January 1, 2001; (2) work related to the release of the First Generation Bratz dolls; and (3) work related to any work Bryant performed with, for or on behalf of MGA during the term of Bryant's employment with Mattel.

As discussed previously, the Discovery Master finds that the First Generation Bratz limitation is improper.  Therefore, Bryant is ordered to produce all non-privileged documents responsive to Request No. 9.

### IV. CONCLUSION

For the reasons set forth above, the Discovery Master orders as follows:

1.  Mattel's motion to compel production of documents responsive to its First Set of Requests for Production, Request Nos. 2, 9, 11, 12, 13, 19, 20, 23, 27, 28, 29, 30, 31, 32, 33, 34,

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

16

35, 36, 37, 40, 41, 42. 43. 45, 46, 48, 49, 51, 53, 54, and 55, is GRANTED.  However, Bryant need not produce his tax returns, on the condition that he complies fully with Request Nos. 29, 30, 31, 32, 33, 34, 35, 36, 45, and 46.

2. Bryant shall produce all redacted documents in un-redacted form, except for redactions that are justified by the attorney-client privilege or work product doctrine or his telephone records pursuant to the terms of this Order.

3. Bryant shall serve a complete privilege log in conformity with Rule 26(b)(5), Fed.R.Civ.P.

4. Pursuant to Rule 34, Fed.R.Civ.P., Bryant shall produce the hard drives of his computers for forensic imaging.

5. Bryant shall complete his production by producing missing attachments, fax cover pages and all other missing responsive documents.

6. Mattel's request for an award of sanctions in the amount of $7,805 is DENIED.

7. Bryant shall comply with this Order no later than February 23, 2007. Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

IT IS SO ORDERED.

Dated: January 25, 2007

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

EXHIBIT **22**, PAGE **421**

CONFORMED COPY
LODGED                                    FILED

2007 MAY 16  PM 1: 59   2007 MAY 16  PM 2: 00

CLERK U.S. DISTRICT COURT  CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.   CENTRAL DIST. OF CALIF.
RIVERSIDE                 RIVERSIDE
BY                        BY

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:   (415) 774-2611
4   Facsimile:   (415) 982-5287

5

6

7                        UNITED STATES DISTRICT COURT

8                        CENTRAL DISTRICT OF CALIFORNIA

9                             EASTERN DIVISION

10

11  CARTER BRYANT, an individual,        CASE NO. C 04-09049 SGL (RNBx)
                                         JAMS Reference No. 1100049530
12          Plaintiff,

13     v.                                Consolidated with
                                         Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation, Case No. CV 05-2727

15          Defendant.                   ORDER GRANTING MATTEL'S
                                         MOTION TO COMPEL PRODUCTION
16                                       OF DOCUMENTS AND
                                         INTERROGATORY RESPONSES BY
17  CONSOLIDATED WITH                    MGA
    MATTEL, INC. v. BRYANT and
18  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
19

20                              I. INTRODUCTION

21      On February 2, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production

22  of Documents and Interrogatory Answers by MGA Entertainment, Inc. ("MGA"). On February

23  20, 2007, MGA submitted its opposition brief, and on February 26, 2007, Mattel submitted a

24  reply brief. The matter was heard on March 5, 2007. Thereafter the motion was taken under

25  submission pending the parties' submission of a proposed protective order, which was received

26

27

28
    Bryant v. Mattel, Inc.,                                                        1
    CV-04-09049 SGL (RNBx)

EXHIBIT **22**, PAGE **422**

1   on April 23, 2007. Having considered the motion papers and comments of counsel at the hearing,

2   Mattel's motion to compel is granted.

3                       **II. BACKGROUND**

4      A. <u>Requests for Documents</u>

5      In June of 2004, two months after Mattel filed suit against Bryant, and before MGA

6   became a party to the action, Mattel served MGA with an eight-page subpoena for twenty-one

7   categories of documents, to be produced in ten days. MGA filed a motion to quash, which the

8   court granted because of the short amount of time provided for compliance with the subpoena.

9   The parties met and conferred in July of 2004, and reached an agreement to limit the scope of

10   some of Mattel's requests. In particular, the parties agreed to limit production to the "first

11   generation" Bratz dolls. On August 12, 2004, MGA produced documents.

12      In 2005, the parties stipulated to supplementing their document productions on May 16,

13   2005. Mattel agreed to continue limiting its discovery requests to "first generation" Bratz dolls.

14      In September of 2006, MGA made a supplemental production of documents. On February

15   5, 2007, MGA produced about 2,300 pages of documents to replace earlier produced documents

16   with legibility problems. On February 20, 2007, MGA produced an additional 224 pages of

17   documents to replace earlier produced documents with legibility problems.

18      Mattel now moves to compel MGA to produce documents responsive to its requests. As a

19   preliminary matter, Mattel contends that MGA's production is deficient because it contains

20   redactions and cut-off text. Further, Mattel contends that MGA's production is incomplete with

21   respect to essentially five categories of documents. First, Mattel contends that MGA is

22   withholding documents relating to the origins of Bratz and Bryant's work for MGA. Mattel

23   believes that MGA's production is incomplete based upon its review of documents that have been

24   produced by third party Steven Linker. According to Mattel, Linker's documents from October

25   of 2000 show that Bratz was much farther along before Bryant left Mattel than MGA or Bryant

26   previously represented. Mattel also contends that MGA's responses to the document requests

27

28

EXHIBIT **22**, PAGE **423**

1  contain inappropriate limitations, such as MGA's statement that it will produce "relevant and

2  responsive non-objectionable documents" or only that it will produce documents "sufficient" to

3  show when certain dates relating to Bratz occurred.  Mattel contends that these "carve outs

4  purport to allow MGA to cherry-pick what it will and will not produce to Mattel."  Mattel's

5  Separate Statement at 17:11-13.  Mattel also contends that the carve-outs fail to provide notice of

6  what is or is not being withheld.  Mattel also contends that MGA's objections based upon its

7  confidentiality concerns or the privacy rights of third parties are unwarranted in light of the

8  protective order in place.  In addition, Mattel contends that MGA's objection to producing

9  documents relating to activities or conduct in foreign countries is wholly improper because those

10  documents may contain information relevant to Mattel's claims.

11       Second, Mattel seeks documents relating to the origins of Bratz, regardless of whether

12  such documents relate to the "first generation" Bratz dolls.  Mattel argues that whether the work

13  ultimately resulted in Bratz dolls that were released at a particular time does not matter for

14  discovery purposes.  Mattel contends that the works created by Bryant during his Mattel

15  employment are highly relevant because Mattel owns them, regardless of whether they resulted in

16  a Bratz doll released at a particular time.[1]

17       Mattel next contends that MGA is improperly withholding documents about designs

18  Bryant created on Bratz dolls that were released after June 2001, even though such designs may

19  be derivative of work he did when employed by Mattel.  Mattel contends that it is entitled to

20  explore whether such works and the profits from Bratz dolls other than the "first generation"

21  Bratz dolls were derived from works owned by Mattel both for purposes of establishing liability

22  and damages.  Furthermore, Mattel asserts that the "first generation" limitation on discovery is

23  improper in light of Bryant's continuing duty not to use Mattel's confidential and proprietary

24  information as well as MGA's unfair competition claims.

25

26      [1] Mattel also reiterates many of the arguments it made previously in connection with its earlier filed motion
to compel Bryant to produce documents.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                            3

EXHIBIT **22**, PAGE **424**

1    Mattel also asserts that MGA is improperly withholding documents relating to products,

2 services and matters other than those relating to "dolls." According to Mattel, it has evidence that

3 Bryant conceived of marketing and advertising ideas for the Bratz line while he was employed by

4 Mattel. Mattel contends that any such ideas or contributions may belong to it pursuant to the

5 Inventions Agreement.

6    Third, Mattel seeks documents relating to all of MGA's payments to Bryant, and not just

7 payments for the "first generation" Bratz dolls. Mattel asserts that such information is relevant

8 because (1) Mattel seeks all benefits Bryant received as a result of violating his duties to Mattel;

9 (2) under the Copyright Act, Mattel is entitled to all profits from infringement as well as actual

10 damages; and (3) payments may show when and what trade secret information Bryant and other

11 defendants allegedly misappropriated from Mattel.

12    Fourth, Mattel seeks documents relating to MGA's agreements with Bryant. Mattel

13 contends that all agreements between Bryant and MGA are relevant, not just the original

14 September 18, 2000 agreement. In particular, Mattel contends that it is entitled to discover all

15 documents relating to MGA and Bryant's alleged joint defense agreement because such

16 information would be relevant to demonstrate bias and lack of credibility.

17    Fifth, Mattel seeks production of all declarations, affidavits and other sworn written

18 statements from other cases that refer or relate to Bratz or Angel. Mattel contends that such

19 information may reveal relevant information about the date of creation of Bryant's Bratz

20 drawings.

21    In response, MGA denies withholding responsive documents and asserts that it has

22 produced volumes of documents responsive to Mattel's requests. In particular, MGA represents

23 that it has produced all responsive and relevant documents that it was able to locate in response to

24 request nos. 6, 7, 9, 26, 27, 32, 33, 34, 35, 36, 55, 69, and 70. Further, MGA asserts that even

25 before the motion was filed, it had agreed to address the vast majority of the issues raised in this

26 motion. In particular, MGA represents that it is diligently working to produce documents related

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                    6

EXHIBIT **22**, PAGE **425**

1   to Bratz other than "first generation" Bratz in response to request nos. 1, 2, 8, 10, 11, 43, 45, 46,

2   49, 50, 51, 53, 57, 59, 61, 63, 64, 66, 96, 97, 98, 99 and 100. MGA represents that it informed

3   Mattel that it would produce documents pertaining to subsequent generations of Bratz dolls that

4   have been released on the market. In addition, MGA represents that it has agreed to produce

5   documents relevant to Bratz or Prayer Angels that it received from Union Bank. More

6   specifically, MGA represents that it agreed to review and produce documents provided to it by

7   Union Bank for the years 1999 – 2001 concerning payments that it could identify as being for

8   Bratz or Prayer Angels. MGA also represents that it has agreed to produce royalty statements.

9   Therefore, MGA views the motion as unnecessary.

10          MGA next contends that Mattel's motion should be denied for the following additional

11   reasons. First, MGA contends that Mattel is not entitled to MGA's product design documents for

12   unreleased products. MGA asserts that its product design documents for its unreleased toy

13   concepts are among its most highly valuable trade secrets. Furthermore, MGA contends that

14   designs and drawings for products currently under development, over six years after Bryant first

15   created his original Bratz drawings, have no relevance to any of Mattel's claims. In the event that

16   documents relating to unreleased products are ordered produced, MGA requests a protective order

17   under Rule 26(c), Fed.R.Civ.P., that limits the dissemination of its documents more drastically

18   than the current protective order provides. In the alternative, MGA requests that any order

19   compelling production of documents relating to unreleased products should essentially be stayed

20   until after MGA's products are publicly released.

21          Second, MGA contends that Mattel is not entitled to information concerning Bryant's

22   attorneys' fees because the information is privileged. Furthermore, MGA contends that the

23   information is not relevant to demonstrate bias because "there is no dispute that Bryant's interests

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT **22**, PAGE **426**

1  in this case are aligned with those of MGA, and that Bryant is 'biased' in that sense." MGA's

2  Opposition at 24:9-12.[2]

3      Third, MGA asserts that Mattel is not entitled to review all non-public witness statements

4  and litigation documents concerning Bratz for a variety of reasons, including because Mattel has

5  refused to produce similar types of documents.  More significantly, MGA contends that Mattel's

6  requests for non-public witness statements are "a blatant attempt to avoid the discovery

7  limitations imposed by both the Federal Rules of Civil Procedure and those additional limitations

8  imposed by this Court." MGA's Opposition at 25:6-7.  MGA explains its position as follows.

9  MGA is involved in litigation against a number of counterfeiters and infringers in Asia.  In 2003,

10 Mattel allegedly began feeding documents concerning "Toon Teens" to those defendants in an

11 attempt to prove that Bryant created Bratz while working at Mattel, even though Mattel

12 abandoned its claims based upon "Toon Teens" in this court.  Thereafter, those defendants took

13 the position that MGA did not own, and therefore could not enforce, the rights to Bratz.  MGA

14 was thus forced to litigate the issue of ownership.  MGA contends that "[i]n effect, by prompting

15 foreign counterfeiters to espouse a theory that Mattel now admits has no merit, Mattel has created

16 a situation in which MGA has been forced to give testimony and provide evidence related to

17 issues in this case that Mattel now seeks to obtain wholesale." MGA's Opposition at 25:5-24.

18     Fourth, MGA contends that Mattel is not entitled to documents concerning a family

19 dispute between MGA's chief executive officer and his brother because such documents are in no

20 way relevant to this lawsuit.  MGA explains that the brothers were involved in an arbitration

21 proceeding relating to MGA's CEO's purchase of his brother's interest in MGA.  Moreover,

22 MGA contends that the brothers were bound by a protective order prohibiting the use of any

23 documents or testimony for any purpose other than the arbitration.

24

25 _____

26    [2] Nevertheless, MGA represents that it has produced the only non-privileged document responsive to the request.

27

28 Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)                                          6

EXHIBIT **22**, PAGE 427

1    Fifth, MGA contends that Mattel is not entitled to its chief executive officer's personnel
2    files because they contain confidential information and are not relevant to the lawsuit. Sixth,
3    MGA contends that Mattel is not entitled to obtain documents from MGA that belong to, and are
4    in the possession, custody and control of, its indirect foreign subsidiary, MGA HK Ltd. Lastly,
5    MGA objects to producing documents relating to any testing performed to determine the date that
6    Bratz documents were created. MGA contends that such discovery is premature and should not
7    proceed until experts are designated.

8        B. <u>Interrogatories</u>

9    On April 28, 2005, Mattel served its Second Set of Interrogatories. On May 20, 2005,
10   however, the district court stayed the action. On May 17, 2006, the district court lifted the stay.
11   On May 30, 2006, MGA responded to the interrogatories.

12   Mattel contends that MGA's responses to the interrogatories were untimely. Further,
13   Mattel contends that the interrogatory responses to numbers five through eleven are deficient
14   because they lack substantive information and consist almost entirely of objections. MGA
15   responds that the motion is moot because it is prepared to provide supplemental responses to its
16   interrogatories. MGA does not otherwise assert any additional grounds for opposing Mattel's
17   motion to compel responses to interrogatories.

18   <u>III. DISCUSSION</u>

19       A. <u>Rule 26 of the Federal Rules of Civil Procedure</u>

20   Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain
21   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any
22   party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the
23   discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u>
24   Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is
25   unreasonably cumulative or duplicative, or is obtainable from some other source that is more
26   convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample
27
28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                                    7

EXHIBIT __22__, PAGE __428__

1  opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

2  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

3  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

4  the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

5  26(b)(2).

6      B.  Document Requests

7         1.  Requests re Origins of Bratz and Bryant's Work for MGA (Nos. 6, 26, 27, 32, 33,

8           34, 35, 51, 53, 55, 64, 69, 96, 97, 98, 99, 100

9      The requests above seek discoverable information regarding the origins of Bratz and

10  Bryant's work for MGA.  MGA represents that it has produced all responsive documents in

11  response to request nos. 6, 26, 27, 32, 33, 34, 35, 55, and  69 (MGA's Opposition at 13:4-5), and is

12  "diligently working to produce documents in response to" request nos. 51, 53, 64, 96, 97, 98, 99,

13  and 100, including documents related to Bratz other than "first generation" (MGA's Opposition at

14  14:1-4 and note 39).  MGA does, however, object to producing design documents for unreleased

15  products and documents from MGA Hong Kong.

16      As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted

17  its production to "relevant and responsive non-objectionable documents" or documents

18  "sufficient" to show when events relating to Bratz occurred.  These restrictions suggest that MGA

19  might be excluding documents that are responsive to the request based upon its unilateral

20  determination of what is "relevant" or "sufficient."  Mattel shall provide the responses to

21  document requests ordered herein without these restrictions.

22                Design Documents for Unreleased Products

23      MGA's design documents for unreleased products are relevant to Mattel's claims and

24  defenses and must be produced.  See Order Modifying Protective Order.  On April 23, 2007, the

25  parties submitted a stipulation to modify the existing protective order to limit the disclosure of

26  design documents for unreleased products that constitute trade secret information.  See Stipulation

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT __22__, PAGE __429__

1   to Modify Protective Order; And Proposed Order Thereon ("stipulation").  The parties' stipulation

2   has been approved and entered as an order of the court.  MGA is ordered to produce design

3   documents for unreleased products that are responsive to Mattel's document requests in

4   accordance with the terms of the stipulation and order.

5                                    Documents from MGA Hong Kong

6           Documents relating to activities or conduct in foreign countries are relevant and

7   discoverable because Mattel has evidence indicating that MGA Hong Kong was involved with

8   Bratz.  Nevertheless, MGA objects to producing documents from Hong Kong unless Mattel

9   provides reciprocal discovery from its subsidiaries.

10          Whether MGA is entitled to discovery from Mattel's subsidiaries has not been briefed in

11  the context of this motion, and therefore is not addressed herein.  MGA is ordered to produce

12  documents from MGA Hong Kong.

13          Mattel's motion is granted with respect to request nos. 6, 26, 27, 32, 33, 34, 35, 51, 53, 55,

14  64, 69, 96, 97, 98, 99, 100.

15          2. Additional Requests re Origins of Bratz (Nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57, 59,

16              61, 63, 66, 67, 70, 88, 90, 91

17          Mattel contends that MGA is improperly limiting its document production to the "first

18  generation" Bratz dolls.  MGA represents, however, that it has agreed to produce subsequent

19  generations of Bratz products (MGA's Opposition at 9:20-25, 13:6-14:1), except design

20  documents for yet unreleased products.

21          As stated previously, design documents for yet unreleased products are relevant and

22  discoverable.  See Order Modifying Protective Order.  Accordingly, MGA is ordered to produce

23  all non-privileged documents that are responsive to request nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57,

24  59, 61, 63, 66, 67, 70, 88, 90, and 91.

25          //

26          //

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                                       9

### 3. MGA's Payments to Bryant (Nos. 43, 45)

MGA represents that it has already agreed to produce documents related to Bratz, without limiting its production to "first generation" Bratz. MGA's motion at 13:7-14:3. Nevertheless, Mattel is entitled to an order compelling production of such documents by a date certain. Mattel's motion is granted with respect to request nos. 43 and 45.

### 4. MGA's Agreements with Bryant (Nos. 1, 2, 49, 50)

MGA represents that it has already agreed to produce non-privileged documents responsive to request nos. 1, 2, 49, and 50, even though it believes that such documents are not relevant (MGA's motion at 13:7-14:3). These requests seek documents relating to fee or indemnity agreements between MGA and Bryant .

Fee or indemnity agreements are relevant to demonstrate bias and lack of credibility. Accordingly, Mattel's motion is granted with respect to request nos. 1, 2, 49, and 50. Any responsive documents withheld on the basis of a privilege must be properly identified in a privilege log.

### 5. Declarations, Affidavits & Other Sworn Written Statements (Nos. 37, 38, 39, 40, 41.

In request nos. 37, 38, 39, 40, and 41, Mattel seeks production of declarations, affidavits, and other sworn written statements from cases that refer or relate to Bratz or Angel. Mattel anticipates that these documents could provide evidence relating to the conception date for Bratz.

Request nos. 37, 38, 39, 40, and 41 seek relevant information regarding the conception date for Bratz. MGA admits in its opposition brief that this issue was litigated in its suits against alleged counterfeiters and infringers.[3] The issue also appears to have been raised in the arbitration proceedings between MGA's chief executive officer, Isaac Larian, and his brother Farhad Larian. In those proceedings, Farhad Larian alleged that Isaac Larian concealed from him

---

[3] Although MGA questions the propriety of Mattel providing assistance to the alleged counterfeiters and infringers in raising ownership of Bratz as a defense against MGA's claims, MGA has not cited to any legal authority that prohibits Mattel's conduct.

EXHIBIT **22**, PAGE **431**

1  that MGA was developing Bratz by early 2000. Nevertheless, MGA objects to producing

2  documents from the Larians' arbitration on the grounds that the arbitration was governed by a

3  protective order that prohibits the use of any documents or testimony for any purpose other than

4  the arbitration. MGA, however, has not provided any evidence of the protective order.

5  Accordingly, Mattel's motion to compel is granted as to request nos. 37, 38, 39, 40 and 41.[4]

6        6. <u>Documents Regarding Date-Testing (Request No. 92)</u>

7       Mattel's request no. 92 seeks documents that refer or relate to "any testing of or sampling

8  from any documents that refer or relate to Bratz or Bryant, including without limitation any such

9  testing or sampling in connection with ink, paper or chemical analysis to date any such documents

10  and including without limitation all results and reports relating thereto." MGA contends that the

11  request is premature, and should proceed in the course of expert discovery.

12       The request calls for relevant discovery and there is no basis for delaying production of

13  responsive documents, other than expert reports. The timing of expert reports is governed by

14  Rule 26(a)(2)(C), Fed.R.Civ.P. Accordingly, Mattel's motion is granted as to request no. 92.

15       C. <u>Interrogatories</u>

16       Mattel contends that MGA's responses to interrogatories were untimely, and therefore

17  MGA has waived its objections to the interrogatories. Pursuant to Rule 33(b)(3), Fed.R.Civ.P.,

18  responses to interrogatories are due thirty days after service. In this case, Mattel served its

19  interrogatories on April 28, 2005, and responses were initially due May 31, 2005. The district

20  court, however, issued a stay on May 20, 2005, twenty-two days after the interrogatories were

21  served. The district court lifted the stay on May 17, 2006.

22

23

24

25

26      [4] In its discussion of the arbitration proceedings, MGA raises an objection to producing Isaac Larian's personnel file based upon privacy grounds. The personnel file may have documents relevant to Bratz, and therefore

27  should be produced. The protective order is sufficient to alleviate Mr. Isaac Larian's privacy concerns.

28

EXHIBIT **22**, PAGE **432**

1    Neither party has cited to any caselaw governing the calculation of the 30-day period

2    when there is an intervening stay in discovery.  In the absence of any caselaw, MGA's responses

3    will be treated as timely in order to preserve any valid objections MGA may have asserted.

4    Interrogatory No. 5 seeks the identity of each and every person who was involved in the

5    conception, origin, creation, design, development, sculpting, engineering, reduction to practice,

6    tooling or painting of, or who otherwise produced or contributed to any embodiment of Bratz

7    before December 31, 2001, including a description of each person's role and the start and end

8    dates of each person's involvement.  In response, MGA asserted numerous objections, but did

9    provide the names of five individuals.

10   The interrogatory clearly seeks information relevant to the claims at issue.  MGA's

11   objections are without merit.  The interrogatory is not vague, ambiguous, compound or overbroad.

12   Nor has MGA carried its burden of establishing that the interrogatory is unduly burdensome, calls

13   for confidential, proprietary or commercially sensitive information, or seeks information

14   protected by the attorney-client privilege.  Furthermore, MGA's response is incomplete insofar as

15   it fails to provide the description of each person's role and the start and end dates of each person's

16   involvement.  Accordingly, MGA is ordered to provide a complete response to Interrogatory No.

17   5 and identify documents in compliance with Rule 33(d), Fed.R.Civ.P.

18   Interrogatory No. 6 seeks the same information as Interrogatory No. 5 with respect to any

19   embodiment of Angel.  MGA is ordered to provide a complete response to Interrogatory No. 6 for

20   the reasons previously discussed in connection with Interrogatory No. 5.

21   Interrogatory No. 7 asks MGA to identify each and every embodiment of Bratz prior to

22   December 31, 2001.  In response, MGA asserted numerous objections and did not provide any

23   substantive information.

24   MGA's objections are without merit.  The interrogatory clearly seeks information relevant

25   to establishing when Bryant first conceived Bratz.  The interrogatory is not vague, ambiguous,

26   compound or overbroad.  Nor has MGA carried its burden of establishing that the interrogatory is

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                              12

EXHIBIT 22, PAGE 433

1   unduly burdensome, calls for confidential, proprietary or commercially sensitive information, or

2   seeks information protected by the attorney-client privilege.  Accordingly, MG is ordered to

3   provide a complete response to Interrogatory No. 7.

4          Interrogatory No. 8 asks MGA to identify each and every embodiment of Angel.  MGA is

5   ordered to provide a complete response to Interrogatory No. 8 for the reasons previously

6   discussed in connection with Interrogatory No. 7.

7          Interrogatory No. 9 requires MGA to identify each and every sworn statement that refers

8   or relates to the conception, origin, creation, design, development, sculpting, engineering, tooling

9   or painting of Bratz.  In response, MGA asserted numerous objections and did not provide any

10  substantive information.

11         The interrogatory seeks information relevant to establishing when Bryant first conceived

12  Bratz.  Furthermore, MGA's boiler-plate objections are unsubstantiated.  Accordingly, MGA is

13  ordered to provide a complete response to Interrogatory No. 9.

14         Interrogatory No. 10 requires MGA to identify each and every instance in which Bratz

15  was shown, displayed, or exhibited prior to June 1, 2001, including by stating the date(s) on

16  which each such instance occurred, the location of each show or exhibit, and the identity of

17  persons with knowledge of the shows or exhibits.  In response, MGA asserted numerous

18  objections and provided the following information:  Hong Kong Toy Fair in Hong Kong in or

19  about January 2001 and New York Toy Fair, New York, in or about February 2001.

20         Once again, MGA's boiler-plate objections are unsubstantiated.  The information is

21  potentially relevant to establish when Bryant conceived Bratz.  Further, the response is

22  incomplete insofar as it fails to identify any persons with knowledge.  Therefore, MGA is ordered

23  to provide a complete response to Interrogatory No. 10.

24         Interrogatory No. 11 requires MGA to state the "number for each and every telephone,

25  including without limitation each office, home and cell phone number, in the name of, for the

26  benefit of or for the account of Isaac Larian and any other telephone that Isaac Larian used from

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                          13

EXHIBIT **22**, PAGE **434**

1    January 1, 1998 through the present, and IDENTIFY each and every carrier (including without

2    limitation any long-distance carrier) for each such number.  In response, MGA asserted numerous

3    boiler-plate objections.

4            Once again, MGA has failed to substantiate any of its objections with supporting

5    declarations or legal authorities.  Accordingly, all objections are overruled and MGA is ordered to

6    provide a full response to Interrogatory No. 11.

7                                    IV. CONCLUSION

8            For the reasons set forth above, Mattel's motion to compel production of documents is

9    granted.  MGA shall produce all non-privileged documents that are responsive to the requests

10   identified in this Order.  Further, MGA shall produce all documents in un-redacted form, except

11   for redactions that are justified by the attorney-client privilege or work product doctrine.  Mattel's

12   motion to compel interrogatory answers is also granted.  MGA shall produce documents and

13   provide responses to interrogatories consistent with this Order, and produce a privilege log in

14   compliance with Rule 26(b)(5), Fed.R.Civ.P., no later than May 31, 2007.  Mattel's request for

15   sanctions is denied.

16           Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

17   Master, Mattel shall file this Order with the Clerk of Court forthwith.

18

19

20

21   Dated: May 15, 2007

22                                          HON. EDWARD A. INFANTE (Ret.)
                                            Discovery Master
23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                          14

EXHIBIT 22, PAGE 485

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 15,

2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL

PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES BY MGA in

the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rlmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that
the above is true and correct.

Executed on May 15, 2007, at San Francisco, California.

Anthony Sales

EXHIBIT **22**, PAGE **486**

CONFORMED COPY

2007 JUN 20  PM 1:12
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF
RIVERSIDE
BY ____

FILED

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7              UNITED STATES DISTRICT COURT

8             CENTRAL DISTRICT OF CALIFORNIA

9                    EASTERN DIVISION

10

11  CARTER BRYANT, an individual,        CASE NO. C 04-09049 SGL (RNBx)
                                          JAMS Reference No.1100049530
12           Plaintiff,

13       v.                               Consolidated with
                                          Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation, Case No. CV 05-2727

15           Defendant.                   ORDER GRANTING IN PART AND
                                          DENYING IN PART MATTEL'S
16                                        MOTION TO ENFORCE THE
                                          COURT'S ORDER OF JANUARY 25,
17                                        2007, TO COMPEL PRODUCTION OF
                                          DOCUMENTS BY CARTER BRYANT
18                                        AND FOR SANCTIONS

19  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
20  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
21

22

23

24                    I. INTRODUCTION

25      On May 15, 2007, Mattel, Inc. ("Mattel") submitted its "Motion to Enforce the Court's

26  Order of January 25, 2007, to Compel Production of Documents by Carter Bryant and for

27

28

Bryant v. Mattel, Inc.,                                                    1
CV-04-09049 SGL (RNBx)

1   Sanctions." On May 18, 2007, Carter Bryant ("Bryant") submitted his opposition brief, and on

2   May 23, 2007, Mattel submitted a reply brief. Mattel essentially seeks an order compelling

3   Bryant to produce copies of a document identified on Bryant's privilege log that has been

4   withheld on the basis of the attorney-client privilege.[1]  Having considered all the papers submitted

5   by the parties, Mattel's motion to produce the two documents withheld under a claim of privilege

6   is granted and the request for sanctions is denied.

## II. BACKGROUND

7   In early January of 2007, Mattel filed a motion to compel Bryant to produce, among other

8   things, his fee agreement with MGA in response to Request Nos. 2, 13, and 48. Bryant argued

9   that such agreements are irrelevant and privileged. The Discovery Master held that the

10  documents relating to fee or indemnity agreements between MGA and Bryant are relevant to

11  demonstrate bias and lack of credibility. Accordingly, the Discovery Master ordered Bryant to

12  produce, among other things, all non-privileged documents responsive to Request Nos. 2, 13, and

13  48, and to produce a privilege log in compliance with Rule 26(b)(5), Fed.R.Civ.P.  See Discovery

14  Master's Order Granting Mattel's Motion to Compel Production of Documents, dated January 25,

15  2007 (the "January 25, 2007 Order").

16  On March 16, 2007, Bryant served a privilege log that listed as items Nos. 9 and 10 copies

17  of a fee agreement between MGA and the law firm of Littler Mendelson, P.C. ("Littler").  Littler

18  is counsel of record for Bryant in this action. Notably, however, the privilege log indicates that

19  the author of the fee agreement is "Robert F. Millman, Esq. (attorney with Littler Mendelson,

20  P.C., counsel for MGA Entertainment, Inc., and acting in his capacity as counsel for MGA

21  Entertainment, Inc.)."  Proctor Decl., Ex. 5. The recipient is identified as "Daphne Gronich, Esq.

22

23  ───────────────────

24  [1] The parties were able to resolve a portion of the motion during the briefing process. In addition to the fee
    agreements, Mattel originally sought production of a communication between MGA's patent counsel to Mr. Bryant
    regarding a patent for interchangeable doll footgear and feet. A day before the opposition brief was due, Bryant

25  offered to produce the communication if Mattel agreed that doing so would not constitute a waiver of privilege as to
    any other document or testimony. Mattel accepted Bryant's offer. See Bryant's Opposition at 1 and Mattel's Reply

26  at 1. Mattel continues to assert, however, that Bryant's conduct warrants sanctions because Bryant should have
    offered to produce the communication during the meet and confer process.

27

28

EXHIBIT **22**, PAGE 43B

1   (general counsel for MGA Entertainment, Inc.)." Id. Privilege Log Entry Nos. 9 and 10 are both

2   described as an "addendum to retainer agreement between Littler Mendelson, P.C. and MGA

3   Entertainment, Inc." Id. The only difference in the description is that Privilege Log Entry No. 9

4   is "executed," whereas No. 10 is a "draft." Id. In his opposition brief, Bryant represents that

5   items No. 9 and No. 10 are "the same document, save that one copy has two signatures and the

6   other only one." Id. Bryant is not a party to the fee agreement. MGA, however, has apparently

7   asserted the attorney-client privilege as to item Nos. 9 and 10 and Bryant is withholding the

8   document pursuant to their joint defense agreement. Bryant's Opposition at 3.

9        Mattel contends that the fee agreement identified as items No. 9 and 10 should be

10   produced pursuant to the January 25, 2007 Order. Mattel contends that although Bryant was not a

11   party to that agreement, the agreement between MGA and Littler is nevertheless an agreement for

12   MGA to pay Bryant's legal fees and is relevant to show Bryant's bias and lack of credibility.

13   Mattel further contends that the agreement between MGA and Littler is not privileged under

14   Ninth Circuit law. See e.g. United States v. Blackman, 72 F.3d 1418, 1424 (9th Cir. 1995) ("[a]s a

15   general rule, client identity and the nature of the fee arrangement between attorney and client are

16   not protected from disclosure by the attorney-client privilege."); Clarke v. American Commerce

17   Natl. Bank, 974 F.2d 127, 129 (9th Cir. 1992) ("Our decisions have recognized that the identity of

18   the client, the amount of the fee, the identification of payment by case file name, and the general

19   purpose of the work performed are usually not protected from disclosure by the attorney-client

20   privilege.").

21        Bryant contends that the documents at issue are in his possession solely because they were

22   provided to his counsel under a joint defense agreement. He contends that this joint defense

23   agreement prevents him from waiving the attorney-client privilege asserted by MGA. He further

24   asserts that if Mattel wants to challenge the privilege asserted, Mattel should seek the document

25   directly from MGA.

### III. DISCUSSION

26        For reasons already set forth in the January 25, 2007 Order, the documents at issue are

27   relevant to the claims and defenses in the case. Pursuant to the terms of the January 25, 2007

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                     3

EXHIBIT **22**, PAGE **439**

1   Order, Bryant was required to either produce the documents or identify them on a privilege log.

2   As the party withholding the documents, Bryant was required to substantiate the claim of

3   privilege under Federal Rule of Civil Procedure 26(b)(5). He has failed to do so. Bryant has not

4   made any attempt to submit affidavits or other admissible evidence to establish that, for instance,

5   the withheld documents contain confidential attorney-client communications made for the

6   purpose of giving legal advice. Nor has he made any challenge to the caselaw cited by Mattel

7   holding that, in general, fee agreements are not privileged under Ninth Circuit law. That Bryant

8   and MGA are parties to a joint defense agreement does not excuse Bryant from substantiating the

9   underlying claim of attorney-client privilege. See Griffin v. Davis, 161 F.R.D. 687, 691 (C.D.

10  Cal. 1995).

11          Moreover, MGA, which participated in the meet and confer on this motion and was served

12  with the motion[2], has not made any attempt to substantiate its claim of the attorney-client

13  privilege other than the unsupported assertions in Bryant's privilege log. Therefore, the claim of

14  privilege is overruled as to privilege log items Nos. 9 and 10 and the documents are ordered

    produced.

15                          IV. CONCLUSION

16          For the reasons set forth above, Bryant is ordered to produce privilege log items Nos. 9

17  and 10 forthwith. Mattel's motion for sanctions is denied.

18          Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

19  Master, Bryant shall file this Order with the Clerk of Court forthwith.

20

21  Dated:  June 19, 2007

22                                  /s/Edward A. Infante

23                                  _____
                                    HON. EDWARD A. INFANTE (Ret.)
24                                  Discovery Master

25

26  _____
        [2] See Mattel's Reply at 1.
27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT 22 , PAGE 440

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on June 19, 2007,

I served the attached ORDER GRANTING IN PART AND DENYING IN PART

MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF JANUARY 25, 2007,

TO COMPEL PRODUCTION OF DOCUMENTS BY CARTER BRYANT AND FOR

SANCTIONS in the within action by e-mail addressed as follows:

| Name | Firm | Email |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that

the above is true and correct.

Executed on June 19, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT **22**, PAGE **441**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**    November 28, 2007              **NUMBER OF PAGES, INCLUDING COVER:** 42

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland<br>Keats, McFarland & Wilson | 310-248-3830 | 310-860-0363 |

**FROM:**    Jennifer E. Lewis

**RE:**    Mattel, Inc. v. Bryant

**MESSAGE:**

FAXED
NOV 2 8 2007

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Linda Cano | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | CONFIRMED? ☐ NO ☐ YES: | | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT **22**, PAGE **442**

11/28/2007 13:11 FAX 12134433100          QEUGH-LXG                                    ☒001

```
            *********************
            ***   TX REPORT   ***
            *********************

    TRANSMISSION OK

    TX/RX NO            2873
    RECIPIENT ADDRESS   78881#7209#13108600363
    DESTINATION ID
    ST. TIME            11/28 13:01
    TIME USE            08'35
    PAGES SENT          42
    RESULT              OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   November 28, 2007

**NUMBER OF PAGES, INCLUDING COVER:** 42

| **NAME/COMPANY** | **PHONE NO.** | **FAX NO.** |
|---|---|---|
| Larry McFarland<br>Keats, McFarland & Wilson | 310-248-3830 | 310-860-0363 |

**FROM:**   Jennifer E. Lewis

**RE:**   Mattel, Inc. v. Bryant

**MESSAGE:**

EXHIBIT __22__, PAGE __443__

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**    November 28, 2007              **NUMBER OF PAGES, INCLUDING COVER:**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry Russ<br>Russ, August & Kabut | (310) 826-7474 | (310) 826-6991 |

**FROM:**    Jennifer E. Lewis
(213) 443-3635
jenniferlewis@quinnemanuel.com

**RE:**    Mattel, Inc. v. Bryant

**MESSAGE:**

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Linda Cano | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?  ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT **22**, PAGE **444**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**    November 28, 2007            **NUMBER OF PAGES, INCLUDING COVER:**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Lucy Arant<br>Mitchell, Silverberg, and Knapp | (310) 312-3100 | (310) 312-3253 |

**FROM:**    Jennifer E. Lewis
(213) 443-3635
jenniferlewis@quinnemanuel.com

**RE:**    Mattel, Inc. v. Bryant

**MESSAGE:**

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Linda Cano | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT **22**, PAGE **445**