# EXHIBIT 23

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL     DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,
(SEE ATTACHED)

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation.

Case Number:[1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO: Margaret Leahy, c/o Keats McFarland & Wilson LLP
     9720 Wilshire Blvd., Penthouse Ste.
     Beverly Hills, CA 90212

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. **Testimony will be recorded stenographically and by videographer.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 | December 12, 2007 9:00 a.m. |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 | December 12, 2007 9:00 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | November 28, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
B. Dylan Proctor, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 (213) 443-3112

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

11/28

EXHIBIT **23**, PAGE **446**

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 11/28/2007 | 9720 Wilshire Boulevard, Penthouse Beverly Hills, CA 90210 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| JANICE TOAYES, Secretary, on behalf of MARGARET LEAHY | Personal -- Witness Fee Paid $49.02 (Served 11-28-07 at 5:00 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Rayn Jerez | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____11/29/2007_____
                              DATE

SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los
ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT **23**, PAGE 447

## ATTACHMENT A

### Documents To Be Produced

I.    **DEFINITIONS.**

      A.    "YOU" or "YOUR" means Margaret Hatch-Leahy, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      B.    "ORIGINAL" or "ORIGINALS" means a genuine and original, un-redacted document.

      C.    "PLANNER(S)" means YOUR planner(s) and calendar(s) for any and all of the calendar years 1999, 2000 and/or 2001, including but not limited to the portions of YOUR PLANNER produced as KMW-L 00077.01 - KMW-L 00105.01 and all portions of YOUR PLANNER which were redacted from the version of YOUR PLANNER produced as KMW-L 00077.01 - KMW-L 00105.01.

II.   **INSTRUCTIONS.**

      A.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

      B.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

          1.    The privilege or protection that you claim precludes disclosure;

          2.    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

          3.    The date, author(s), addressee(s); and

          4.    Any additional facts on which YOU would base YOUR claim of privilege or protection.

      C.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

      D.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

      E.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

ATTACHMENT A

EXHIBIT **23**, PAGE **448**

## III.   DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED.

A.   The ORIGINAL of YOUR PLANNER(S).

B.   The ORIGINALS of the documents produced by YOU in this action or associated with the documents produced by YOU in this action with the following Bates numbers:

1.   SABW-L 000050
2.   KMW-L 00078.02
3.   KMW-L 00079.02
4.   KMW-L 00083.02
5.   KMW-L 00085.02
6.   KMW-L 00087.02
7.   KMW-L 00088.02
8.   KMW-L 00089.02
9.   KMW-L 00091.02
10.   KMW-L 00094.02
11.   KMW-L 00096.02
12.   KMW-L 00101.02
13.   KMW-L 00109
14.   KMW-L 00117
15.   KMW-L 00129
16.   KMW-L 00145
17.   KMW-L 00147
18.   KMW-L 00152
19.   KMW-L 00159
20.   KMW-L 00160
21.   KMW-L 00166
22.   KMW-L 00167
23.   KMW-L 00169
24.   KMW-L 00174
25.   KMW-L 00175
26.   KMW-L 00182
27.   KMW-L 00183
28.   KMW-L 00184
29.   KMW-L 00185
30.   KMW-L 00186
31.   KMW-L 00187
32.   KMW-L 00202
33.   KMW-L 00204
34.   KMW-L 00209

ATTACHMENT A

EXHIBIT __23__, PAGE __449__

35.     KMW-L 00221
36.     KMW-L 00224
37.     KMW-L 00225
38.     KMW-L 00256
39.     KMW-L 00261
40.     KMW-L 00265
41.     KMW-L 00293
42.     KMW-L 00301
43.     KMW-L 00308
44.     KMW-L 00326
45.     KMW-L 00333
46.     KMW-L 00340
47.     KMW-L 00388
48.     KMW-L 00426

ATTACHMENT A

EXHIBIT **23**, PAGE **450**

# EXHIBIT 24

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Mattel, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                       EASTERN DIVISION

13   CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14              Plaintiff,                Consolidated with
                                          Case No. CV 04-09059
15        vs.                             Case No. CV 05-02727

16   MATTEL, INC., a Delaware             NOTICE OF SUBPOENA ISSUED TO
     corporation,                         MARGARET LEAHY
17
                Defendant.                Date:    December 12, 2007
18                                        Time:   9:00 a.m.
                                          Place.:  Quinn Emanuel Urquhart Oliver
19   AND CONSOLIDATED CASES                        & Hedges
                                                   865 S. Figueroa St., 10th Floor
20                                                 Los Angeles, CA 90017

21                                        Discovery Cut-Off: January 28, 2008
                                          Pre-Trial Conference: May 5, 2008
22                                        Trial Date: May 27, 2008

23

24

25

26

27

28

07209/2209697.1

NOTICE OF SUBPOENA ISSUED TO MARGARET LEAHY

EXHIBIT __24__, PAGE __451__

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the <u>Federal</u>

3  <u>Rules of Civil Procedure</u>, Mattel, Inc., has issued the subpoena attached as Exhibit 1

4  to the following witness:

5    Margaret Leahy, c/o Keats McFarland & Wilson LLP, 9720 Wilshire

6  Blvd., Penthouse Ste., Beverly Hills, CA 90212.

7    PLEASE TAKE FURTHER NOTICE that Mattel, Inc. will take the

8  deposition of Margaret Leahy on December 12, 2007 beginning at 9:00 a.m., at the

9  offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., Los

10  Angeles, CA 90017.

11    PLEASE TAKE FURTHER NOTICE that the deposition will take

12  place upon oral examination before a duly authorized notary public or other officer

13  authorized to administer oaths at depositions, and will continue from day to day,

14  Sundays, Saturdays and legal holidays excepted, until completed.

15    PLEASE TAKE FURTHER NOTICE that, pursuant to <u>Fed. R. Civ. P.</u>

16  30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

17  Livenote or other technology for real-time transcription of the testimony.

18

19  DATED:  November 28, 2007      QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
20

21                                 By
22                                      B. Dylan Proctor
                                        Attorneys for Mattel, Inc.
23

24

25

26

27

28

07209/2209697.1

-2-
NOTICE OF SUBPOENA ISSUED TO MARGARET LEAHY

EXHIBIT 24, PAGE 452

AO88 (Rev. 12/06) Subpoena in a Civil Ct.

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL  DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,
(SEE ATTACHED)

**SUBPOENA IN A CIVIL CASE**

v.

MATTEL, INC., a Delaware corporation.

Case Number:[1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO: Margaret Leahy, c/o Keats McFarland & Wilson LLP
9720 Wilshire Blvd., Penthouse Ste.
Beverly Hills, CA 90212

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  Testimony will be recorded stenographically and by videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | December 12, 2007 |
| 865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 | 9:00 a.m. |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | December 12, 2007 |
| 865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 | 9:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | November 28, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
B. Dylan Proctor, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 (213) 443-3112

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT 24, PAGE 454

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE                                                    SIGNATURE OF SERVER

                                                        ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT **24** , PAGE ___458

## ATTACHMENT A

### Documents To Be Produced

I.    **DEFINITIONS.**

      A.    "YOU" or "YOUR" means Margaret Hatch-Leahy, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      B.    "ORIGINAL" or "ORIGINALS" means a genuine and original, un-redacted document.

      C.    "PLANNER(S)" means YOUR planner(s) and calendar(s) for any and all of the calendar years 1999, 2000 and/or 2001, including but not limited to the portions of YOUR PLANNER produced as KMW-L 00077.01 - KMW-L 00105.01 and all portions of YOUR PLANNER which were redacted from the version of YOUR PLANNER produced as KMW-L 00077.01 - KMW-L 00105.01.

II.   **INSTRUCTIONS.**

      A.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

      B.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

      1.    The privilege or protection that you claim precludes disclosure;

      2.    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

      3.    The date, author(s), addressee(s); and

      4.    Any additional facts on which YOU would base YOUR claim of privilege or protection.

      C.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

      D.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

      E.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

ATTACHMENT A

EXHIBIT **24**, PAGE **466**

III.   <u>DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED.</u>

    A.    The ORIGINAL of YOUR PLANNER(S).

    B.    The ORIGINALS of the documents produced by YOU in this action or associated with the documents produced by YOU in this action with the following Bates numbers:

1.    SABW-L 000050
2.    KMW-L 00078.02
3.    KMW-L 00079.02
4.    KMW-L 00083.02
5.    KMW-L 00085.02
6.    KMW-L 00087.02
7.    KMW-L 00088.02
8.    KMW-L 00089.02
9.    KMW-L 00091.02
10.    KMW-L 00094.02
11.    KMW-L 00096.02
12.    KMW-L 00101.02
13.    KMW-L 00109
14.    KMW-L 00117
15.    KMW-L 00129
16.    KMW-L 00145
17.    KMW-L 00147
18.    KMW-L 00152
19.    KMW-L 00159
20.    KMW-L 00160
21.    KMW-L 00166
22.    KMW-L 00167
23.    KMW-L 00169
24.    KMW-L 00174
25.    KMW-L 00175
26.    KMW-L 00182
27.    KMW-L 00183
28.    KMW-L 00184
29.    KMW-L 00185
30.    KMW-L 00186
31.    KMW-L 00187
32.    KMW-L 00202
33.    KMW-L 00204
34.    KMW-L 00209

ATTACHMENT A

EXHIBIT **24**, PAGE **457**

35.   KMW-L 00221
36.   KMW-L 00224
37.   KMW-L 00225
38.   KMW-L 00256
39.   KMW-L 00261
40.   KMW-L 00265
41.   KMW-L 00293
42.   KMW-L 00301
43.   KMW-L 00308
44.   KMW-L 00326
45.   KMW-L 00333
46.   KMW-L 00340
47.   KMW-L 00388
48.   KMW-L 00426

ATTACHMENT A

EXHIBIT __24__, PAGE __458__

1

## PROOF OF SERVICE

2     I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3     Street, 10th Floor, Los Angeles, California 90017-2543.

4         On November 28, 2007, I served true copies of the following document(s) described as
**NOTICE OF SUBPOENA OF MARGARET LEAHY** on the parties in this action as follows:

5

6     John W. Keker, Esq.
      Michael H. Page, Esq.
      Christina M. Anderson, Esq.
7     **Keker & Van Nest, LLP**
      710 Sansome Street
8     San Francisco, CA 94111

9     **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I
deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with
10    postage thereon fully prepaid.

11    **BY FEDEX:**  I deposited such document(s) in a box or other facility regularly maintained by
FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive
12    documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or
provided for, addressed to the person(s) being served.

13        I declare that I am employed in the office of a member of the bar of this Court at whose
14    direction the service was made.

15    Executed on November 28, 2007, at Los Angeles, California.

16

17

18    Andrea Hoeven

19

20

21

22

23

24

25

26

27

28

07209/2217871.1

EXHIBIT **24** , PAGE **459**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On November 28, 2007, I served true copies of the following document(s) described as **NOTICE OF SUBPOENA OF MARGARET LEAHY** on the parties in this action as follows:

Thomas J. Nolan
**Skadden, Arps, Slate, Meageher & Flom LLP**
300 South Grand Ave., Ste. 3400
Los Angeles, CA 90071

Mark E. Overland
David C. Scheper
Alexander H. Cote
**Overland Borenstein Scheper & Kim LLP**
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 28, 2007, at Los Angeles, California.

NOW LEGAL -- Dave Quintana

07209/2217862.1

EXHIBIT **24**, PAGE **460**

# EXHIBIT 25

**RECEIVED**

DEC 0 5 2007

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212
www.kmwlaw.com

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

December 3, 2007

VIA FACSIMILE AND U.S. MAIL

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

    Re:    Mattel v. Bryant

Dear Dylan:

    I am writing in response to your letter dated November 28, 2007.

    First, we will make photocopies of the three-dimensional objects that have been produced to you and will assign each photo a Bates number. With respect to my question regarding the photographs and video taken by your firm of the sculpts and three-dimensional objects that we have produced, you ignored my question with respect to whether you intend to use these videotapes or photographs at the depositions of any of my clients. I would appreciate the courtesy of an answer.

    Second, this letter serves to confirm that an associate from your office, along with two assistants, visited our offices today to photograph and videotape the remaining three-dimensional items produced by Ms. Marlow and Ms. Leahy. We expect that they will return tomorrow to complete their review of the items.

    Third, with respect to the computer disk belonging to Ms. Cloonan, we spoke with Mr. Albee on Friday. Mr. Albee emailed me the search results on Friday and we will review and respond within the five-day time frame as agreed.

    Fourth, you state that "Judge Infante has already found fee agreements to be relevant to bias and credibility, and non-privileged."[1] Our review of the orders attached to your letter reveals that these orders apply to Mr. Bryant and MGA, who are, of course, both parties to this litigation. We are not aware of any orders entered by Judge Infante with respect to the production of retainer agreements by third parties. Moreover, your reliance on Judge Infante's orders is undercut by the

---

[1] As we have repeatedly stated, it is our position that all discovery disputes with respect to our witnesses must be heard by Magistrate Judge Block.

EXHIBIT **25**, PAGE **441**

B. Dylan Procter, Esq.
December 3, 2007
Page 2

positions taken by your firm. It is my understanding that after Judge Infante's order dated January 25, 2007, your firm objected to the production of third-party retainer letters as privileged and that you have stood by these objections and not produced these agreements. In the Objections of Mattel, Inc. and Timothy James Lider to MGA Entertainment Inc.'s Subpoena for Production of Documents, dated March 29, 2007, you stated as follows:

Request NO. 9:

All DOCUMENTS constituting, mentioning, referring or relating to any agreement or contract between YOU and MATTEL, including MATTEL's inside and outside counsel.

RESPONSE TO REQUEST NO. 9:

Mattel and Lider object to Request No. 9 on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject, regardless of whether such documents relate to products or matters at issue in this case. Mattel and Lider further object to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel and Lider further object to this Request on the grounds that is seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel and Lider further object to this Request on the grounds that it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and the non-designated expert consultant privilege.

Without waiving, and subject to, the foregoing objections and/or privileges, Lider responds as follows: Lider will produce responsive documents in his possession, custody or control, if any, relating to the chain of custody of electronic data relating to MGA's and the other counter-defendants' thefts of Mattel's trade secrets, to the extent not protected by the attorney-client privilege, the work product doctrine and/or the non-designated expert consultant privilege.

If you have produced the retainer letter for Mr. Lider or any other third-party, please provide me with a copy of that document.

Further, it is my understanding that as recently as September 4, 2007, which is well after the dates of all of the orders from Judge Infante that you rely on in your letter, Mattel has continued to take the position that retainer letters are privileged. I am at a loss to understand how you can contend that "Judge Infante has already found fee agreements to be relevant to bias and credibility, and non-privileged," while at the same time objecting as follows:

EXHIBIT **25**, PAGE **462**

B. Dylan Procter, Esq.
December 3, 2007
Page 3

Request 530:

All DOCUMENTS, including but not limited to agreements, draft agreements and correspondence, REFERRING OR RELATING TO the payment or offer of payment of attorneys fees by MATTEL to any PERSON in connection this ACTION.

Response:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, joint defense privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

Request 531:

DOCUMENTS sufficient to show YOUR fee arrangement with YOUR counsel Quinn Emanuel Urquhart Oliver & Hedges LLP for services in connection with this ACTION, including, but not limited to, a copy of the fee agreement or retainer agreement between YOU and Quinn Emanuel Urquhart Oliver & Hedges LLP.

Response:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

EXHIBIT __25__, PAGE __463__

B. Dylan Procter, Esq.
December 3, 2007
Page 4

You also state in your letter that, "[a]s the Court has held, the Business and Professions
Code's privilege provisions do not apply in this federal question case, which is governed by
federal privilege law." I do not see this holding in the orders attached to your letter. If I have
missed it, I would appreciate it if you would direct me to this holding. Finally, with respect to
your statements regarding a privilege log, as I stated in my letter dated November 21, 2007, it is
our position that the fee agreements between our clients and their attorneys, as well as all
correspondence between our clients and their attorneys, are privileged. In all of my years of
practice, I have never provided a privilege log listing all of the correspondence between me and
my clients where my clients are not parties to the litigation. If you believe that I am required to
do this, please direct me to the relevant authority. In addition, please confirm whether your firm
has produced such a privilege log identifying all communications to and from Mattel.

Fifth, we continue to disagree with your contention that you are "entitled to unredacted
copies of all documents that have been produced by your clients." In support of your argument
you again cite to orders by Judge Infante that address specific discovery disputes between the
parties to this action. Not only are all discovery disputes by their nature fact specific, in the case
of disputes with a third party witness, nonparty status may be considered in evaluating the burden
of complying with a production subpoena under Rule 45. *See Richards of Rockford, Inc. v. Pac.
Gas & Elec. Co.*, 71 F.R.D. 388, 390 (N.D. Cal. 1976) (status of nonparty considered in deciding
motion to compel testimony and production of documents); *see also Katz v. Batavia Marine &
Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) ("the fact of nonparty status may be
considered by the court in weighing the burdens"). Therefore, the orders that you rely on are not
controlling as to my clients. In addition, I do not appreciate your threat that if we do not do what
you want, you will burden our third-party witnesses with an additional day of deposition. As you
know, I have long taken the position that I will not allow the depositions of these witnesses to go
beyond one day of seven hours. With respect to the redactions, the matters that we redacted from
the documents were not relevant to this litigation and I am unaware of any requirement that we
produce irrelevant information. For example, certain email chains contained both relevant and
irrelevant information, and we properly redacted the irrelevant information. However, in an
effort to avoid burdening the Court with unnecessary motion practice, we will produce to you
unredacted copies of all of the documents that we have produced other than Ms. Leahy's planner.
Our position with respect to Ms. Leahy's planner is set forth in my letter dated November 14,
2007 and remains unchanged.

Lastly, with respect to the bank records of Ms. Marlow, on Thursday, November 29, 2007,
at approximately 5:00 p.m. you notified me for the first time that your firm was in possession of
all of Ms. Marlow's bank records from Wells Fargo. As you know, this is a violation of the
agreement reached with your partner Susan Wines. That agreement required that all bank
records be produced to me for my review and I would produce all of the documents that related
to agreed upon persons and entities. That agreement was reached after I notified Ms. Wines that I
intended to file an ex parte application to quash a similar subpoena served on Mattel Federal
Credit Union with respect to the bank records for Ms. Cloonan and Ms. Marlow. As you know,
Ms. Wines confirmed our agreement in a letter dated June 14, 2007. In addition, in letters dated

EXHIBIT __25__, PAGE __464__

B. Dylan Procter, Esq.
December 3, 2007
Page 5

July 23, 2007, September 21, 2007, and November 21, 2007, I notified your firm that I had not yet received the bank records from Wells Fargo. When you told me on Thursday that you were in possession of all of Ms. Marlow's bank records from Wells Fargo, I asked you to agree to return all copies and originals of the Wells Fargo bank records, to confirm that your firm had not reviewed or made any use of these documents and to provide me with the date that your firm received these documents. You told me that you would consider my request. On Friday, I received a copy of the Wells Fargo documents with a cover letter from you that stated as follows:

> Further to our conversation of today, enclosed herewith you will find the Wells Fargo documents relating to your client, Veronica Marlow, as produced by Mattel to the other parties in this action. As I explained, Wells Fargo sent these documents directly to us without any prompting by us, notwithstanding our prior understanding that the documents would be produced to you, and in the normal course of handling they were produced to all parties on October 2, 2007.

Although you did not answer my question with respect to when your firm received these documents, I note that the Wells Fargo declaration provided with the documents is dated August 27, 2007, which is well after both the date of the agreement entered into by Ms. Wines and my letter dated July 23, 2007, informing you that I had not yet received the banking records. Without waiver of our position that your firm has violated Ms. Marlow's privacy rights and has breached the agreement entered into with Ms. Wines, I reiterate my request that you return all copies and originals of the Wells Fargo bank records, confirm that your firm has not reviewed or made any use of these documents, and provide me with the date that your firm received these documents.

With respect to your request regarding additional bank accounts used by Ms. Marlow in connection with her work with MGA, in light of your firm's violation of our agreement and, as I mentioned to you on Thursday, I believe that Ms. Marlow needs additional protection in order to proceed. What I suggested during our telephone conversation is that you identify the place of production as our offices in all of the subpoenas served on these additional financial institutions. If you agree to this condition, I will provide you with the additional information.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

cc:  Thomas J. Nolan
     Michael Page

EXHIBIT **25**, PAGE **465**

# EXHIBIT 26

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 27

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

June 7, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Larry McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California  90212

Re:    <u>Mattel, Inc. v. Bryant et al.</u>

Dear Mr. McFarland:

I respond to your letter of last night seeking to extend the period provided for under Judge Infante's order to meet and confer regarding Mattel's document subpoenas to Margaret Hatch-Leahy, Veronica Marlow, Sarah Halpern and Elise Cloonan.  You propose extending the date to meet and confer from June 8, 2007 until Friday, June 15, 2007.  Such an extension is acceptable to us, so long as we may meet and confer on the morning of June 15, 2007.  Please let me know whether 10:00 a.m. on June 15, 2007 is an acceptable time for you.

I also write to follow-up on the request in my June 1, 2007 letter for a deposition date for Ms. Cloonan during the first two weeks in July.  In addition, we would also like to schedule depositions for Ms. Marlow and Ms. Hatch-Leahy.  Please also let me know what their availability is during the month of July.

Very truly yours,

Susan Wines

SLW
07209/2137328.1

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2137328.1

EXHIBIT __27__, PAGE __506__



# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   June 7, 2007                    **NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq. Keats McFarlan & Wilson LLP | 310-248-3830 | 310-860-0363 |

**FROM:**   Susan Wines

**RE:**   Mattel v. Bryant et al.

**MESSAGE:**

Please see attached



| CLIENT # | 7209 | ROUTE/ RETURN TO: | Yalonda J. Dekle | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT _27_, PAGE _507_

# Confirmation Report - Memory Send

Page        : 001
Date & Time: 06-07-2007   08:32am
Line 1      : 2134433100
Line 2      :
Machine ID  : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 214 |
| Date | : | 06-07  08:31am |
| To | : | ☎9647#07209#13106600363# |
| Number of pages | : | 002 |
| Start time | : | 06-07  08:31am |
| End time | : | 06-07  08:32am |
| Pages sent | : | 002 |
| Status | : | OK |

Job number    : 214         *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**  June 7, 2007              **NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq.
Keats McFarlan & Wilson LLP | 310-248-3830 | 310-860-0363 |

**FROM:**  Susan Wines

**RE:**  Mattel v. Bryant et al.

**MESSAGE:**
Please see attached

| 07209/2155440.1 | ROUTE/ | | ☑ CONFIRM FAX |
|---|---|---|---|
| CLIENT # | 7209 | RETURN TO: Yolanda J. Dekle | ☑ INCLUDE CONF. REPORT |
| OPERATOR: | | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT __27__, PAGE __508__

# EXHIBIT 28

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 29

Received:   9/28/07  5:4f   ; ->Quinn,Emanuel,Urquhart,Oliv  &H; #4; Page 2

SEP 28 2007 17:49 FR KEATS MCFARLAND WILSO  3108600363  TO 2945#10507#00001 P.02/02

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

TEL (310) 248-3830
FAX (310) 860-0363

WRITER'S DIRECT DIAL

(310) 777-3750

WRITER'S EMAIL

lmcfarland@kmwlaw.com

September 28, 2007

**VIA FACSIMILE**

Susan Wines, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

     Re:    Mattel v. Bryant

Dear Susan:

    I am writing to follow up on our conversation regarding deposition dates.  I have spoken with my clients to confirm the following dates:

**Sarah Halpern:**    Monday, October 29, 2007 at 10:00 a.m.

**Margaret Leahy:**    Tuesday, October 30, 2007 at 10:00 a.m.

**Elise Cloonan:**    Wednesday, November 14, 2007 at 10:00 a.m.

**Veronica Marlow:**

    In calling to re-confirm the October 24, date, Ms. Marlow informed me that she has learned that her daughter is moving out of the state during that week and needs her and her husband's assistance.  Therefore she needs to move the deposition date.  Both Ms. Marlow and I are available on Tuesday, November 6, 2007 at 10:00 a.m.

    With respect to the stipulation that you suggested this morning, please send me what you propose and I will consider it.

    Also, as I stated during our phone call this morning, I have not cleared these dates with counsel for MGA or Mr. Bryant.

    I appreciate your continued cooperation in moving those depositions forward.

    Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

EXHIBIT _29_, PAGE _501_

LWM/jlt

Received:   9/28/07  5:49   ->Quinn,Emanuel,Urquhart,Oliver &H; #4; Page 1
SEP 28 2007 17:48 FR KEATS MCFARLAND WILSO  3108600363  J 2945#10507#00001 P.01/02

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA  90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

---

## FACSIMILE TRANSMITTAL SHEET

| To: | Susan Wines, Esq. | From: | Larry W. McFarland, Esq. |
|---|---|---|---|
| Company: | Quinn Emanuel Urquhart Oliver & Hedges, LLP | Date: | 9/28/2007 |
| Fax No.: | 213-443-3100 | Pages: | 2 |
| Phone No.: | 213-443-3000 | Ref No.: | 10595.3 |
| Re: | Mattel v. Bryant | | |

---

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

### NOTES/COMMENTS:

Please see attachment.

**PRIVACY NOTICE**

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

EXHIBIT 29, PAGE 582

# EXHIBIT 30

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

October 1, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Larry McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212

Re:   <u>Mattel, Inc. v. Bryant et al.</u>

Dear Larry:

I hope you have been well. I am writing to follow up on Susan Wines' meet and confers and other discussions with you regarding the depositions of your clients Veronica Marlow, Elise Cloonan, Sarah Halpern and Margaret Hatch-Leahy.

As Susan has mentioned, we believe that a stipulation setting the dates for your clients' depositions is necessary and appropriate to avoid motion practice with respect to those depositions at this juncture. Among other reasons, discovery cut-off is approaching, we have been asking for dates for some time and, perhaps most importantly, your clients are asking in some instances that we wait another five to six weeks to take their depositions. We are happy to accommodate all of your clients' proposed dates that were set forth in your letter, so long as we can avoid the risk of any last-minute cancellations and further delay in obtaining their depositions through an appropriate stipulation. To that end, I have attached a draft stipulation for your consideration and comments.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT 36, PAGE 583

Thank you in advance, and I look forward to hearing from you.

Very truly yours,

Mike Zeller v.j

Michael T. Zeller

07209/2239565.1

2

EXHIBIT **30**, PAGE **58**

1 | [COUNSEL LISTED ON THE FOLLOWING PAGE]

2

3

4

5

6

7

8

9

10

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>Hon. Edward Infante (Ret.)<br><br>Discovery Master<br><br>**STIPULATION RE: DEPOSITIONS OF VERONICA MARLOW, ELISE CLOONAN, SARAH HALPERN AND MARGARET HATCH-LEAHY; AND**<br><br>**[PROPOSED] ORDER THEREON**<br><br>Discovery cutoff: January 14, 2008<br>Pre-Trial Conference: April 7, 2008<br>Trial Date: April 29, 2008 |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT **30**, PAGE **585**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemnauel.com)
    865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8  KEATS MCFARLAND & WILSON LLP
      Larry McFarland (Bar No.129668)
9      (lmcfaland@kmlaw.com)
    9720 Wilshire Boulevard, Penthouse Suite
10 Beverly Hills, California 90212
    Telephone: (310) 248-3830
11 Fax:        (310) 860-0363

12 Attorneys for Veronica Marlow, Elise Cloonan, Sarah Halpern
13 and Margaret Hatch-Leahy

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __30__, PAGE __586__

1       WHEREAS, Mattel has served subpoenas on Veronica Marlow, Elise

2   Cloonan, Sarah Halpern and Margaret Hatch-Leahy, pursuant to <u>Fed. R. Civ. P.</u> 45;

3       WHEREAS, Mattel has been actively seeking deposition dates for each

4   of the foregoing since at least as early as June 2007;

5       WHEREAS, not having received proposed deposition dates, Mattel

6   sent counsel for Veronica Marlow, Elise Cloonan, Sarah Halpern and Margaret

7   Hatch-Leahy a meet and confer letter on September 19, 2007, and the parties

8   subsequently met and conferred on September 27, 2007 in connection with a

9   contemplated motion to compel by Mattel; and

10      WHEREAS, the deposition dates now proposed by counsel for

11  Veronica Marlow, Elise Cloonan, Sarah Halpern and Margaret Hatch-Leahy include

12  dates that Mattel would not otherwise accept unless Mattel had sufficient and

13  binding promises that there would be no further delays in the production of the

14  foregoing witnesses for deposition.

15      NOW, THEREFORE, to avoid the necessity for motion practice by

16  Mattel compelling their depositions, Mattel, Veronica Marlow, Elise Cloonan, Sarah

17  Halpern and Margaret Hatch-Leahy, by and through their respective counsel of

18  record, hereby stipulate and agree as follows, subject to the approval of the

19  Discovery Master:

20      1.    Veronica Marlow will appear for deposition on November 6,

21  2007, commencing at 10:00 a.m., at the offices of Quinn Emanuel, at 865 South

22  Figueroa Street, 10th Floor, Los Angeles, California 90017.

23      2.    Elise Cloonan will appear for deposition on November 14, 2007,

24  commencing at 10:00 a.m., at the offices of Quinn Emanuel, at 865 South Figueroa

25  Street, 10th Floor, Los Angeles, California 90017.

26      3.    Sarah Halpern will appear for deposition on October 29, 2007,

27  commencing at 10:00 a.m., at the offices of Quinn Emanuel, at 865 South Figueroa

28  Street, 10th Floor, Los Angeles, California 90017.

1        4.    Margaret Hatch-Leahy will appear for deposition on October 30,

2    2007, commencing at 10:00 a.m., at the offices of Quinn Emanuel, at 865 South

3    Figueroa Street, 10th Floor, Los Angeles, California 90017.

4

5              **SO STIPULATED.**

6    Dated: October ___, 2007

7                                   _____

8                               LARRY MCFARLAND

                       KEATS MCFARLAND & WILSON

9                                  LLP

                  Attorneys for VERONICA MARLOW,

10                      ELISE CLOONAN, SARAH

11                    HALPERN AND MARGARET

12   Dated: October ___, 2007            HATCH-LEAHY

13                                  _____

14                            MICHAEL T. ZELLER

                QUINN EMANUEL URQUHART

15                      OLIVER & HEDGES, LLP

16                      Attorneys for MATTEL, INC.

17           **IT IS SO ORDERED.**

18

19

20   DATED: _____, 2007   By_____

                            Hon. Edward Infante (Retired)

21                               Discovery Master

22

23

24

25

26

27

28

07209/2239554.1

                               -4-               EXHIBIT **30** PAGE **580**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   October 1, 2007

**NUMBER OF PAGES, INCLUDING COVER:**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland | 310-860-0363 | |

**FROM:**   Sandy Caruthers/Alex Stolyar

**RE:**

**MESSAGE:**



| CLIENT # | 7209 | ROUTE/ RETURN TO: | | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT _____ 30 , PAGE _____ 589

# EXHIBIT 31

1

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3              EASTERN DIVISION

4                 - - -

5     HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                 - - -                **CERTIFIED COPY**

7   CARTER BRYANT, ET. AL.,        )

8              PLAINTIFFS,          )

9        VS.                       )   NO. ED CV 04-09049
                                    )   (LEAD LOW NUMBER)
10  MATTEL, INC., ET. AL.,          )

11             DEFENDANTS.          )   STATUS CONFERENCE
                                    )
12  AND CONSOLIDATED ACTIONS,       )
    _____)

13

14

15       REPORTER'S TRANSCRIPT OF PROCEEDINGS

16          RIVERSIDE, CALIFORNIA

17         MONDAY, OCTOBER 15, 2007

18             10:11 A.M.

19

20

21

22

23          THERESA A. LANZA, RPR, CSR
         FEDERAL OFFICIAL COURT REPORTER
24         3470 12TH STREET, RM. 134
           RIVERSIDE, CALIFORNIA  92501
25             (951) 274-0844
           CSR11457@SBCGLOBAL.NET

EXHIBIT **31**, PAGE **510**

2

```
 1   APPEARANCES:

 2   ON BEHALF OF CARTER BRYANT:

 3                           KEKER & VAN NEST
                             BY:  MATTHEW M. WERDEGAR
 4                           710 SANSOME STREET
                             SAN FRANCISCO, CALIFORNIA  94111-1704
 5                           (415) 391-5400

 6
     ON BEHALF OF MATTEL:
 7
                             QUINN EMANUEL
 8                           BY:  JON COREY
                             BY:  B. DYLAN PROCTOR
 9                           BY:  MICHAEL ZELLER
                             865 S. FIGUEROA STREET,
10                           10TH FLOOR
                             LOS ANGELES, CALIFORNIA  90017
11                           (213) 624-7707

12
     ON BEHALF OF MGA ENTERTAINMENT (OUTGOING):
13
                             O'MELVENY & MYERS LLP
14                           BY:  SCOTT H. DUNHAM
                             BY:  MARC F. FEINSTEIN
15                           400 SOUTH HOPE STREET
                             LOS ANGELES, CALIFORNIA 90071-2899
16                           (213) 430-6000

17                           CHRISTENSEN, GLASER, FINK,
                              JACOBS, WEIL & SHAPIRO, LLP
18                           BY:  AMMAN KHAN
                             10250 CONSTELLATION BOULEVARD
19                           LOS ANGELES, CALIFORNIA  90067
                             (310) 553-3000
20
21   ON BEHALF OF MGA ENTERTAINMENT (INCOMING):

22                           SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                             BY:  THOMAS J. NOLAN
23                           BY:  CARL ALAN ROTH
                             300 SOUTH GRAND AVENUE
24                           LOS ANGELES, CALIFORNIA  90071-3144
                             213-687-5000
25   / / /
```

EXHIBIT **31**, PAGE **59**

OCTOBER 15, 2007                    BRYANT V. MATTEL, ETC...

3

1   APPEARANCES (CONT'D):

2

3   ON BEHALF OF GUSTAVO MACHADO:

4                          OVERLAND BORENSTEIN SCHEPER & KIM
                           BY:  ALEXANDER H. COTE
5                          300 SOUTH GRAND AVENUE
                           SUITE 2750
6                          LOS ANGELES, CALIFORNIA  90071
                           213-613-4660
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT **31**, PAGE **592**

OCTOBER 15, 2007                          BRYANT V. MATTEL, ETC...

11

1    DEADLINES THAT ARE DUE OVER THE NEXT TWO WEEKS, IS THAT THEY,

2    TO USE A TERM, WOULD BE SUSPENDED OR RELIEVED FOR THE TIME

3    BEING; THAT THERE WOULD BE NO 'GOTCHAS' DURING THIS PERIOD OF

4    TIME.

5            THEY'VE ASKED US TO SIGN A STIPULATION TODAY, WHICH I    10:22

6    WILL, WHICH EXTENDS THE TIME FROM WHICH THEY CAN APPEAL ONE OF

7    THE DISCOVERY RULINGS FROM JUDGE INFANTE.  I'M PERFECTLY

8    WILLING TO DO THAT.

9            ANOTHER CONCESSION THAT WE MADE -- IT'S NOT A BIG

10   CONCESSION; IT'S REALLY A PROFESSIONAL COURTESY -- AND THAT IS    10:22

11   THAT WITH RESPECT TO THE SCHEDULING OF DATES IN THIS CASE, FOR

12   INSTANCE, THE DISCOVERY CUTOFF DATE -- AND I CAN'T IMAGINE HOW

13   WE WOULD BE ABLE TO DO THIS -- RATHER THAN TAKE ADVANTAGE OF

14   THE LATE ENTRY AND THE BREATHING PERIOD OF TWO WEEKS, I AGREE

15   THAT, SUBJECT TO THE COURT'S APPROVAL, THAT WE WOULD GIVE    10:22

16   RELIEF ON THE BACK END OF THE DISCOVERY CUTOFF SO THAT NOBODY

17   GOT JAMMED AT THE LAST MINUTE.

18           THAT MAY ALSO APPLY, AND MORE LIKELY WILL APPLY, ALSO

19   TO THE EXPERT DISCOVERY CUTOFF, YOU KNOW, THE IDENTIFICATION OF

20   EXPERTS.  THIS IS AN EXPERT-HEAVY CASE, AS I'M GETTING TO    10:23

21   UNDERSTAND THIS MORE; SO WE MAY BE, ON THAT NEXT STATUS

22   CONFERENCE, GIVING YOU AN ACTUAL REPORT AS TO WHEN WE THINK WE

23   CAN HIT THESE MARKS.

24           YOUR HONOR, I'VE NOT HAD THE PLEASURE TO APPEAR

25   BEFORE YOU, BUT I KNOW THAT LAWYERS FROM SKADDEN ARPS HAVE.  I    10:23

EXHIBIT **31**, PAGE **593**

12

1 CAN ASSURE YOU THAT WE WILL DO EVERYTHING POSSIBLE TO MOVE THIS

2 CASE AS EFFICIENTLY AS POSSIBLE.  WE ARE MINDFUL, HOWEVER, THAT

3 WE DO NOT WANT TO -- AND MGA CERTAINLY DID NOT ENTERTAIN THE

4 SUBSTITUTION OF COUNSEL FOR ANY PURPOSE OF DELAY OR TO CAUSE

5 PREJUDICE TO ANYBODY, ESPECIALLY THE COURT'S CALENDAR.  I KNOW          10:23

6 THAT YOU AND YOUR COURT STAFF HAVE WORKED A LOT OF HOURS ON

7 THIS CASE.  WE'LL BE MINDFUL OF THAT.  WE'LL WORK AS QUICKLY AS

8 WE CAN.  WE'LL WORK AS SMART AS WE CAN.

9          IT WILL TAKE THE COOPERATION AND PROFESSIONALISM OF

10 QUINN EMANUEL, BUT BASED ON OUR CONVERSATION LAST NIGHT, I WAS          10:24

11 QUITE PLEASED, AT LEAST WITH THE INITIAL CONFERENCE CALL THAT

12 WE HAD.  BUT THE PROOF WILL BE IN THE PUDDING.  WE'RE COMMITTED

13 TO THE CASE, AND WE'LL TRY TO GET THIS THING READY ON TIME,

14 YOUR HONOR.

15          THE COURT:  VERY GOOD, COUNSEL.                                10:24

16          I'LL CERTAINLY GIVE EVERYONE A CHANCE TO SPEAK TO

17 THIS ISSUE.  BUT FOR YOUR PART, YOU'RE SEEKING A TWO-WEEK

18 TEMPORARY STAY, BASICALLY, JUST TO GET THROUGH THIS

19 TECHNOLOGICAL TRANSITION PERIOD, TO KIND OF GET YOUR FEET WET,

20 AND THEN COME BACK HERE AND THEN BE ABLE TO SEEK A MORE          10:24

21 LONG-TERM REFORMATION, PERHAPS, IN THE SCHEDULING OF THE CASE?

22          MR. NOLAN:  I THINK THAT'S FAIR, WITH MAYBE ONE EDIT;

23 AND THAT IS THAT I THINK WHATEVER SELECTIVE RELIEF WE WILL BE

24 ASKING FOR WILL BE SELECTIVE AND THAT WE WILL CONTINUE TO

25 PRIORITIZE DURING THIS TWO-WEEK PERIOD OF TIME SO THAT WE'RE          10:25

13

1    NOT LOOKING AT LONG EXTENSIONS OR LONG CONTINUANCES.  THAT'S

2    THE GOAL, YOUR HONOR.

3        I'VE BEEN CHARGED WITH BEING NAIVE IN MY CAREER

4    SOMETIMES, BUT THAT'S MY BEST GUESS.

5        I WILL SAY, YOUR HONOR, THAT TWO WEEKS FROM TODAY IS        10:25

6    THE 29TH, AND I WOULD JUST TELL THE COURT THAT I'VE CLEARED MY

7    CALENDAR OF ALMOST ALL OTHER MATTERS TO MAKE ROOM FOR THIS

8    CASE.

9        THERE HAS BEEN A MATTER THAT'S BEEN SET BEFORE

10   JUDGE TASHIMA SITTING AS A SPECIAL MASTER, UNUSUAL PROCEEDINGS   10:25

11   FROM THE NINTH CIRCUIT, INVOLVING SANCTIONS AGAINST CERTAIN

12   LAWYERS IN LOS ANGELES.  I REPRESENT ONE OF THE LAWYERS.  THAT

13   PROCEEDING STARTS NEXT MONDAY.  IT'S ESTIMATED TO GO FIVE DAYS,

14   BUT JUDGE TASHIMA HAS INDICATED THAT HE WANTS TO KEEP US

15   COMMITTED FOR MONDAY THE 29TH AND THE 30TH.        10:25

16       I'M ABSOLUTELY CLEAR ON THE 31ST, SO I COULD SAY I'M

17   REALLY POSITIVE I COULD BE HERE ON THE 31ST.  I'D MAKE WHATEVER

18   EFFORT I COULD TO MAKE IT ON THE 29TH, YOUR HONOR.  I KNOW THAT

19   YOU TYPICALLY DO NOT HAVE STATUS CONFERENCES DURING THE COURSE

20   OF THE WEEK.        10:26

21       CANDIDLY, MR. ROTH FROM MY FIRM COULD BE HERE ON THE

22   29TH, BUT IT MIGHT BE HELPFUL TO HAVE ME THERE SO THAT I CAN

23   TAKE RESPONSIBILITY FOR WHATEVER WE COMMIT TO.  BUT MR. ROTH IS

24   CAPABLE OF DOING THAT, YOUR HONOR.  WHATEVER IS CONVENIENT FOR

25   THE COURT.        10:26

EXHIBIT **31**, PAGE **515**

27

```
1                          CERTIFICATE

2

3   I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
4   THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
    ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
5   CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.

6

7   _____              _____
                                                   DATE
8   THERESA A. LANZA, CSR, RPR
    FEDERAL OFFICIAL COURT REPORTER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT **31**, PAGE **596**

OCTOBER 15, 2007                        BRYANT V. MATTEL, ETC...

# EXHIBIT 32

Received:   10/18/07   2:58PM;   :Quinn,Emanuel,Urquhart,Oliver,&H; #593; Page 2
OCT 16 2007 14:53 FR   ITS MCFARLAND WILSO   3106600365   29454105278000801 P.02/02

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

TEL (310) 248-3830
FAX (310) 860-0363

WRITER'S DIRECT DIAL

(310) 777-3750

WRITER'S EMAIL

lmcfarland@kmwlaw.com

October 16, 2007

**VIA FACSIMILE**

Michael Zeller
Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:    Mattel v. Bryant

Dear Michael:

This letter is to confirm that based on the stay entered with respect to the above action, the depositions of Sarah Halpern and Margaret Leahy, scheduled for October 29th and October 30th respectively, will not go forward on those dates.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/ccd
cc:    Thomas J. Nolan
        Michael H. Page

EXHIBIT **32**, PAGE **597**

Received: 10/16/07  8:08PM; Quinn,Emanuel,Urquhart,Oliver.&H; #583; Page 1

OCT 16 2007 14:53 FR  ATS MCFARLAND WILSO  3100600363    2345#10507#00001 P.01/02

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA  90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

# FACSIMILE TRANSMITTAL SHEET

| To: | Michael Zeller, Esq. Dylan Proctor | From: | Larry W. McFarland, Esq. |
|---|---|---|---|
| Company: | Quinn Emanuel Urquhart Oliver & Hedges, LLP | Date: | 10/16/2007 |
| Fax No.: | 213-443-3100 | Pages: | 2 |
| Phone No.: | 213-443-3000 | Ref No : | 10595.1 |
| Re: | Mattel v. Bryant | | |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached correspondence.

**PRIVACY NOTICE**

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee of agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

EXHIBIT **32**, PAGE **598**

# EXHIBIT 33

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

October 16, 2007

**VIA FACSIMILE AND U.S. MAIL**

Larry McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212

Re:    Mattel, Inc. v. Bryant et al.

Dear Larry:

I am writing about two matters.

First, thank you for your letter of earlier today regarding Ms. Leahy and Ms. Halpern. Please provide us with alternative dates for their depositions in the early to mid-November time frame.

Second, I have been informed that last week you sent an e-mail to my former partner, Susan Wines, regarding the delivery of documents from your clients' hard drives. As you know, Susan is no longer with our firm. Please send any future communications to my attention or the attention of my partner Dylan Proctor, not to Susan. It also appears there was some misunderstanding. The expert understood that you had agreed that the documents could be provided to you in electronic format. However, in light of your e-mail request to Susan, we have confirmed with the expert that he will provide the documents to you in paper format in the manner specified by the protocol. You can expect to receive them shortly, but please let me know if you do not.

EXHIBIT **33**, PAGE **591**

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

I look forward to hearing from you.

Very truly yours,

Michael Zeller  o.s,

Michael T. Zeller

07209/2239865.1

2

EXHIBIT **33**, PAGE **600**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**                                                    **NUMBER OF PAGES, INCLUDING COVER:**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland | | 310-360-0363 |

**FROM:** Michael Zeller

**RE:** Mattel, Inc. v. Bryant

**MESSAGE:**

```
FAXED
OCT 1 6 2007
```

| CLIENT # | 7209 | ROUTE/RETURN TO: Alex Stolyar | ☐ CONFIRM FAX  ☐ INCLUDE CONF. REPORT |
|---|---|---|---|
| OPERATOR: | | CONFIRMED?  ☐ No  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.   EXHIBIT **33**, PAGE **601**

10/16/2007 17:43 FAX  12134433170     QEUOH-LAO-2                                      ☑001

```
                    ***********************
                    ***   TX REPORT   ***
                    ***********************

    TRANSMISSION OK

    TX/RX NO              3886
    RECIPIENT ADDRESS     76681#7209#13108600363
    DESTINATION ID
    ST. TIME              10/16 17:42
    TIME USE              00'50
    PAGES SENT            3
    RESULT               OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:

NUMBER OF PAGES, INCLUDING COVER:

NAME/COMPANY        Larry McFarland

PHONE NO.        FAX NO.    310-860-0363

FROM: Michael Zeller

RE: Mattel, Inc. v. Bryant

MESSAGE:

EXHIBIT __33__, PAGE __602__

# EXHIBIT 34

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

October 24, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Larry McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212

Re:   <u>Mattel, Inc. adv. MGA Entertainment, et al.</u>

Dear Larry:

I am writing to follow up on my letter of October 16, 2007, which requested dates in the early to mid-November time frame for the depositions of Ms. Leahy and Ms. Halpern. Although your office sent me a letter stating that you were out of the office and would be responding, it does not appear that I have received a response. Your attention to this matter would be appreciated, and I look forward to hearing from you.

Very truly yours,

*[signature]*

Michael T. Zeller

07209/2239565.1

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT **34** , PAGE 603

# EXHIBIT 35

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

November 2, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Larry McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212

Re:    <u>Bryant v. Mattel, Inc.</u>

Dear Larry:

I write in response to your letters dated October 25, 2007 and October 31, 2007 to Michael
Zeller, of my office, which addressed Mattel's subpoena to Bank of America regarding records
relating to Veronica Marlow.  In those letters, you proposed that the parties adopt the discovery
protocol previously used with respect to the Wells Fargo records of Ms. Marlow.  To avoid
motion practice and burdening the Court, we are willing at this stage to employ that protocol
again regarding the Bank of America records at issue here.

Specifically, Mattel is amenable to the handling Bank of America's production of documents in
response to the subpoena regarding Ms. Marlow in the following way:

1.      As counsel for Ms. Marlow, you will receive the production of all documents Bank of
America produces in response to the subpoena.

2.      Attached as Exhibit A is a list of individuals and/or entities and/or names Mattel has
reason to believe are related to MGA, Carter Bryant, Bratz, or other matters relevant to this
litigation.

3.      You will review the documents and records produced by Bank of America and produce to
Mattel any and all documents and records constituting, or referring or relating to, any payments
or transactions that relate to MGA, Isaac Larian, Carter Bryant and/or any of the individuals

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2284031.1

EXHIBIT **35**, PAGE **604**

and/or entities and/or names on the list attached as Exhibit A, or that otherwise relate to the Bratz project in any manner.  Ms. Marlow will then certify that all such documents and records have been produced, and that none of the documents or records withheld from production relates to the individuals, entities, projects or names on Exhibit A.

4.      In the event Mattel adds other individuals and/or entities at a later time that it has reason to believe are related to this litigation, it will provide those names to you.  The parties will then meet and confer regarding the production of any additional documents at that time.

5.      You will also produce to Mattel any and all documents produced by Bank of America showing:  (1) the identities of individuals with access to or control over any Bank of America account for which records are being produced, including, for example, all signature cards and depository agreements; and (2) the type of account at issue, whether it be a single, joint or multiple party account.

The purpose of this agreement is to resolve potential motion practice over the subpoena to Bank of America.  It is without prejudice to Mattel's rights to seek or compel the production of documents of any kind from your clients, MGA, Bryant or any other person or entity, including without limitation, the production of financial documents from any source.

Based on your letters of October 25, 2007 and October 31, 2007 and our firms' prior correspondence, we assume this proposal is satisfactory to you and your client.  Please confirm that is correct.  If you and your client agrees to this proposal, please sign below and return your signature to me at your earliest convenience.


Very truly yours,

*Dylan Proctor o.s,*

B. Dylan Proctor



AGREED:



Signed: _____
        Larry McFarland, Esq.
        Attorneys for Veronica Marlow


Dated: _____

EXHIBIT **36**, PAGE **605**

## ATTACHMENT A

MGA Entertainment, Inc.
ABC International Traders, Inc.
MGA Entertainment (HK) Limited
Bandai
Hasbro
Tomy

Carter Bryant and/or family members
Richard Irmen and/or family members
Isaac Larian and/or family members
Farhad Larian and/or family members
Morad Zarabi and/or family members

Ana Elise Cloonan
Paula (Treantafalles) Garcia
Sarah Halpern
Rachel Harris
Rebecca (Becky) Harris
Margaret Hatch-Leahy
Daniel Leahy
Kerri Legg Brode
Barbara Malcolm
Victoria O'Connor
Maureen Mullen Chianese
Amy Myers
Anna Rhee
Mercedeh Ward

Bratz
Prayer Angels or Angel

3

EXHIBIT **55** , PAGE bbb

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**      November 2, 2007          **NUMBER OF PAGES, INCLUDING COVER: 4**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland<br>Keats McFarland & Wilson LLP | | 310-860-0363 |

**FROM:**      B. Dylan Proctor

**RE:**      Bryant v. Mattel, Inc.

**MESSAGE:**

*FAXED*
NOV 0 2 2007

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Wanda Taylor | ☐ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | *Jeffrey Clark* | | CONFIRMED?   ☐ NO   ☐ YES: _____ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT **35**, PAGE **607**

```
********************
***   TX REPORT   ***
********************

TRANSMISSION OK

TX/RX NO                    4073
RECIPIENT ADDRESS          78881#7209#13108600363
DESTINATION ID
ST. TIME                   11/02 15:13
TIME USE                   01'00
PAGES SENT                 4
RESULT                     OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:** November 2, 2007                **NUMBER OF PAGES, INCLUDING COVER:** 4

**NAME/COMPANY**                 **PHONE NO.**          **FAX NO.**

Larry McFarland
Keats McFarland & Wilson LLP                          310-860-0363

**FROM:**     B. Dylan Proctor

**RE:**       Bryant v. Mattel, Inc.

**MESSAGE:**

EXHIBIT **35**, PAGE **608**

# EXHIBIT 36

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

November 12, 2007

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

<u>VIA FACSIMILE, E-MAIL and U.S. MAIL</u>

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

    Re:    <u>Mattel v. Bryant</u>

Dear Dylan:

    I am writing in response to your letter dated November 2, 2007, with respect to dates for the depositions of Ms. Leahy, Ms. Cloonan and Ms. Marlow. I have spoken to our clients and they and I are available on the following dates:

| | | |
|---|---|---|
| Margaret Leahy: | Wednesday, December 12, 2007 | 09:00 a.m. |
| Elise Cloonan: | Friday, December 14, 2007 | 10:00 a.m. |
| Veronica Marlow: | Wednesday, January 9, 2008 | 10:00 a.m. |

    I am aware that these dates are later than what you were looking for, but rescheduling these depositions during the holiday season was difficult. As you know, these depositions were previously set and the dates had to be vacated due to no fault of these witnesses.

    Please note that I have not confirmed availability of counsel for MGA or Mr. Bryant for these dates.

        Very truly yours,

        Larry W. McFarland
        Keats McFarland & Wilson LLP

LWM/jlt

cc:    Thomas J. Nolan
       Michael Page

EXHIBIT **36**, PAGE **609**

# EXHIBIT 37

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

November 15, 2007

**VIA FACSIMILE AND U.S. MAIL**

Larry McFarland, Esq.
Keats, McFarland & Wilson, LLP
9720 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90212

Re:   Bryant v. Mattel, Inc.

Dear Larry:

I write regarding additional outstanding discovery issues relating to your clients, Ms. Hatch-Leahy, Ms. Marlow, Ms. Cloonan and Ms. Halpern.

First, in July of this year, you suggested that each of these individuals may have additional documents to produce in response to Mattel's subpoenas to them. Since that time, according to our records, we have received the following productions of documents from them:

- Ms. Leahy:  29 pages (KMW-L 00077.01 - KMW-L 00105.01) produced on August 14, 2007 and 352 pages (KMW-L 00077.02 - KMW-L 00428) produced on October 26, 2007.  We also received 2 sets of printouts from Ms. Leahy's hard drives on October 29, 2007, consisting of 42 pages (ML1FR000001 - ML1FR000042) and 182 pages (ML2FR00043 - ML2FR00224), respectively. This is in addition to the 76 pages (SABW-L 00001 - SABW-L 00076) produced on May 17, 2005.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2294931.1

EXHIBIT **37**, PAGE **616**

- <u>Ms. Marlow</u>:  2,374 pages (KMW-M 00667 - KMW-M 03040) produced on August 29, 2007, 1,640 pages (KMW-M 03041 - KMW-M 04680) produced on September 24, 2007 and 2,014 pages (KMW-M 04681 - KMW-M 06694) produced on October 11, 2007.  This is in addition to the 662 pages (SABW-M 00001 - SABW-M 00662) produced on May 17, 2005 and the 4 pages (SABW-M 00663 - SABW-M 00666) produced on August 16, 2006.

- <u>Ms. Cloonan</u>:  Hard copy printouts of 27 pages (ACFR000364 - ACFR000390) from her hard drive received on October 29, 2007.  To our knowledge, other than these documents on her computer, Ms. Cloonan has never produced any documents in response to Mattel's subpoena.

- <u>Ms. Halpern</u>:  Hard copy printouts of 140 pages (SHFR000225 - SHFR000364) from her hard drive received on October 29, 2007.  This is in addition to the 131 pages (SH 0001 - SH 0131) produced on May 6, 2005.

Please confirm that your clients' productions of responsive documents are now complete.  As you know, none of your clients has ever produced a privilege log of documents withheld on privilege grounds, and we understand based on prior communications that your clients have not withheld responsive documents based on any of their objections.  Accordingly, please also confirm that all documents which are responsive to Mattel's subpoenas to your clients and which are in your clients' possession, custody or control have now been produced.  As you have suggested in the past, we hope to resolve any outstanding issues regarding your clients' document productions in short order, before your clients are deposed, to the extent it is possible to do so.

Second, upon review of the documents your clients have recently produced, it is apparent that your clients are continuing to improperly redact their documents.  In fact, all of the recent productions contain numerous redactions.[1]  Nor have your clients remedied the improper redactions they have made in prior document productions.[2]  Even more troubling, it appears that some documents have been redacted and produced without any indication that they were redacted.  For example, the redacted documents from Ms. Halpern's production of May 6, 2005

---

[1]  See, e.g., the documents stamped KMW-L 00088.02, KMW-L 00117, KMW-L 00169, KMW-L 00224, KMW-L 00265, KMW-L 00293 and KMW-L 00333, from Ms. Leahy's October 26, 2007 production; the documents stamped KMW-M 03048, KMW-M 03128, KMW-M 03131, KMW-M 03175-76, KMW-M 03469-72, KMW-M 03532-33, KMW-M 03891, KMW-M 04383-84 and KMW-M 04576-80, from Ms. Marlow's September 24, 2007 production; and the documents stamped KMW-M 04683, KMW-M 04727, KMW-M 04862, KMW-M 04985, KMW-M 05114, KMW-M 05171 and KMW-M 05709, from Ms. Marlow's October 11, 2007 production.

[2]  See, e.g., the documents stamped SH 0097, SH 0108, SH 0119 and SH 0120, from Ms. Halpern's May 6, 2005 production; and the documents stamped SABW-L 00001, SABW-L 00009 and SABW-L 00011, from Ms. Leahy's May 17, 2005 production.

EXHIBIT **37**, PAGE **611**

lack redaction stamps -- there are merely blank areas in the documents. Documents KMW-L 00388 and KMW-L 00426 from Ms. Leahy's October 26, 2007 production and document SABW-L 00050 are also examples of documents that appear to be redacted but which do not bear redaction stamps.

We are entitled to unredacted copies of all documents that have been produced by your clients. The redactions to your clients' documents do not appear to be made on the basis of privilege, and as noted we have never received a privilege log for any of your clients. Redactions on any other basis with respect to these documents are improper. In fact, in Orders dated January 25, 2007 and May 15, 2007 Judge Infante expressly held that Bryant's and MGA's redactions on grounds other than privilege are improper given the Protective Order in place in this case, which fully addresses any perceived confidentiality concerns.

Last, I do not believe we have received responses to two additional matters Ms. Wines previously discussed with you. First, in the past we have requested (including in a letter dated June 25, 2007 and an email dated June 27, 2007) that you confirm for all four of your clients whether they have fee agreements, written or otherwise, with MGA. As you know from the Orders we have directed to your attention, Judge Infante has found such fee agreements to be relevant to bias and credibility and non-privileged. You confirmed in a letter dated June 28, 2007 that you would review Judge Infante's Orders and relevant case law and then get back to us. To our knowledge, we have not received any further response. Accordingly, please confirm whether your clients have such agreements with MGA as soon as possible and, if they do, please promptly produce these agreements and all documents relating to the agreements.

Second, in the past you stated (including by letter dated June 28, 2007) that you would confirm with Ms. Marlow that her Wells Fargo account was the only checking account she used for MGA. Again, to our knowledge we have not received any further response in this regard. As you know, we are now aware of a Bank of America account used by Ms. Marlow as well. Please let us know if the Bank of America and Wells Fargo accounts are the only checking accounts Ms. Marlow used in connection with her work for MGA. If Ms. Marlow used other accounts in connection with her work with MGA, please provide us with the name of the bank(s) and the account numbers.

I look forward to hearing from you at your earliest convenience, and remain hopeful we will be able to resolve these issues without motion practice. Out of an abundance of caution, please consider this to be a request for a meet and confer on a contemplated motion to compel and for sanctions pursuant to Section 5 of the Order for the Appointment of a Discovery Master.

Very truly yours,

B. Dylan Proctor

EXHIBIT __37__, PAGE __412__

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**    November 15, 2007

**NUMBER OF PAGES, INCLUDING COVER: 4**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq.<br>Keats, McFarland & Wilson, LLP | 310-248-3830 | 310-860-0363 |

**FROM:**    B. Dylan Proctor, Esq.

**RE:**    Mattel, Inc. v. Bryant

**MESSAGE:**



NOV 1 5 2007

07209/2152611.1

| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | Tiffany Garcia/3rd Floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | *cusa* | | CONFIRMED?  ☐ No  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT **37**, PAGE **613**

# Confirmation Report — Memory Send

Page      : 001
Date & Time: 11-15-2007    12:33
Line 1    : 2134433100
Line 2    . :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 419 |
| Date | : | 11-15  12:31 |
| To | : ☎9414#07209#13108600363 |
| Number of pages | : | 004 |
| Start time | : | 11-15  12:31 |
| End time | : | 11-15  12:33 |
| Pages sent | : | 004 |
| Status | : | OK |

Job number    : 419          \*\*\* SEND SUCCESSFUL \*\*\*

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**     November 15, 2007          **NUMBER OF PAGES, INCLUDING COVER: 4**

| | NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| | Larry McFarland, Esq.<br>Keats, McFarland & Wilson, LLP | 310-248-3830 | 310-860-0363 |

**FROM:**    B. Dylan Proctor, Esq.

**RE:**      Mattel, Inc. v. Bryant

**MESSAGE:**

07209/2182211.1

| CLIENT #: | 07209 | ROUTE/<br>RETURN TO: | Tiffany Garcia/3rd Floor | ☎ CONFIRM FAX: |
|---|---|---|---|---|
| OPERATOR: | | cvr | CONFIRM/07 ☐ NO · ☐ YES: | ☒ INCLUDE CONF. REPORT |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT **37**, PAGE **414**

# EXHIBIT 38

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

- - -

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

- - -

**CERTIFIED COPY**

CARTER BRYANT, ET. AL.,          )
                                 )
                 PLAINTIFFS,     )
                                 )
         VS.                     )   NO. ED CV 04-09049
                                 )   (LEAD LOW NUMBER)
MATTEL, INC., ET. AL.,           )
                                 )
                 DEFENDANTS.     )   HEARING ON
                                 )   EX PARTE APPLICATION
AND CONSOLIDATED ACTIONS,        )
                                 )

REPORTER'S TRANSCRIPT OF PROCEEDINGS

RIVERSIDE, CALIFORNIA

TUESDAY, NOVEMBER 20, 2007

10:11 A.M.

THERESA A. LANZA, RPR, CSR
FEDERAL OFFICIAL COURT REPORTER
3470 12TH STREET, RM. 134
RIVERSIDE, CALIFORNIA  92501
951-274-0844
CSR11457@SBCGLOBAL.NET

2

1    APPEARANCES:

2    ON BEHALF OF CARTER BRYANT:

3                         KEKER & VAN NEST
                          BY:  JOHN W. KEKER
4                         BY:  CHRISTA ANDERSON
                          710 SANSOME STREET
5                         SAN FRANCISCO, CALIFORNIA  94111-1704
                          415-391-5400
6

7    ON BEHALF OF MATTEL:

8                         QUINN EMANUEL
                          BY:  JOHN S. QUINN
9                         BY:  MICHAEL T. ZELLER
                          865 S. FIGUEROA STREET,
10                        10TH FLOOR
                          LOS ANGELES, CALIFORNIA  90017
11                        213-624-7707

12

13   ON BEHALF OF MGA ENTERTAINMENT:

14                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                          BY:  THOMAS J. NOLAN
15                        BY:  CARL ALLAN ROTH
                          300 SOUTH GRAND AVENUE
16                        LOS ANGELES, CALIFORNIA  90071-3144
                          213-687-5000

17

18   ON BEHALF OF GUSTAVO MACHADO:

19                        OVERLAND BORENSTEIN SCHEPER & KIM
                          BY:  DAVID C. SCHEPER
20                        300 SOUTH GRAND AVENUE
                          SUITE 2750
21                        LOS ANGELES, CALIFORNIA  90071
                          213-613-4660

22

23   ON BEHALF OF DEFENDANTS LEAHY, MARLOW, AND CLOONAN:

24                        KEATS MCFARLAND & WILSON LLP
                          BY:  LARRY W. MCFARLAND
25                        9720 WILSHIRE BOULEVARD
                          BEVERLY HILLS, CA 90212
                          310-777-3750

NOVEMBER 20, 2007

EX PARTE APPLICATION
EXHIBIT **38**, PAGE **616**

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

I N D E X

PAGE

HEARING ........................................    5

NOVEMBER 20, 2007

EX PARTE APPLICATION

EXHIBIT **38** , PAGE 617

1   MS. MARLOW BUT WITH OTHERS; SO WE ATE UP A LOT OF TIME ON THAT.

2        SO WE WENT THROUGH THIS PROCESS; AND AT THE END OF

3   THE DAY, WE GAVE DATES AND, YES, THEY WERE CONTINUED BECAUSE OF

4   THE STAY.  SO I THINK WE HAVE A BIT OF A FALSE ALARM HERE ABOUT

5   MS. MARLOW, WHO THEY HAVE KNOWN ABOUT SINCE 2004 AND NOW WE        10:25

6   HAVE ALL THIS DRAMA SURROUNDING MS. MARLOW.

7        IF THEY REALLY THOUGHT THEY NEEDED HER RIGHT OFF THE

8   BAT, THEY SHOULD HAVE TAKEN HER BACK IN 2004 OR 2005; THAT WAS

9   THEIR CHOICE; THEY DIDN'T DO THAT.

10       THE OTHER THING, JUST FROM A PRACTICAL STANDPOINT,           10:26

11  ABOUT CALENDARING, I HAVE COMMITMENTS ON THE 18TH WITH OTHER

12  CLIENTS.  I MEAN, IT'S IMPORTANT THAT I BE INVOLVED IN THIS,

13  AND I DO HAVE OTHER CLIENT COMMITMENTS WITH YAHOO ON THAT

14  DAY -- I LEAVE THE 19TH FOR MY PARENTS' 50TH WEDDING

15  ANNIVERSARY; I'LL BE BACK AROUND THE 26TH.  MS. MARLOW THEN HAS   10:26

16  HER FAMILY; SHE HAS A LARGE FAMILY; SHE HAS FIVE CHILDREN, A

17  GRANDCHILD; SHE'S MADE HERSELF AVAILABLE BEFORE.  SHE HAS

18  FAMILY IN TOWN THAT WEEK AND THE WEEK AFTER CHRISTMAS, AND THEN

19  WE PUT HER UP ON THE 9TH, WHICH IS THE WEDNESDAY AFTER HER

20  FAMILY LEAVES.                                                    10:26

21       I UNDERSTAND THEY WANT IT; WE HAVEN'T DISAGREED THAT

22  THEY WANT HER DEPOSITION.  WE'VE WORKED WITH THEM TO MOVE THIS

23  PROCESS FORWARD.  BUT THEY ARE NOT WITHOUT BLAME AND THEY ARE

24  NOT WITHOUT HAVING MADE DECISIONS THAT HAVE PUT THEM IN THIS

25  POSITION.                                                         10:27

NOVEMBER 20, 2007                          EX PARTE APPLICATION

EXHIBIT 38, PAGE 618

15

```
 1          THE COURT:  WITH RESPECT TO THE OTHER TWO,
 2   MS. CLOONAN AND MS. LEAHY --
 3          MR. MCFARLAND:  YES.
 4          THE COURT:  -- THE DECEMBER 12TH AND DECEMBER 14TH
 5   DATES, CAN YOU REPRESENT TO THE COURT THAT THOSE DEPOSITIONS      10:27
 6   WILL GO FORWARD ON THOSE DATES, BARRING, OF COURSE, SOME
 7   CONTINGENCY THAT NONE OF US AS HUMANS CAN PREDICT?
 8          MR. MCFARLAND:  YES, YOUR HONOR.
 9          THE COURT:  ALL RIGHT.
10          I'LL GIVE MR. QUINN OR MR. ZELLER AN OPPORTUNITY TO       10:27
11   RESPOND TO THE FALSE ALARM, AS IT'S BEING CALLED HERE.
12          MR. QUINN:  WELL, AS THE COURT KNOWS FROM THE PAPERS,
13   WE HAVE ATTEMPTED TO DEPOSE MS. MARLOW SINCE JUNE; THE COURT
14   HAS THE CORRESPONDENCE ON THAT.  THE POSITION OF MS. MARLOW'S
15   COUNSEL WAS THAT ALL DOCUMENT ISSUES HAD TO BE RESOLVED BEFORE   10:27
16   SHE WOULD APPEAR, ALTHOUGH VARIOUS DATES WERE OFFERED OR
17   PROMISED OR GIVEN AT DIFFERENT TIMES.
18          IF YOU THINK ABOUT IT, IF YOU TAKE THE POSITION THAT
19   MY WITNESS IS NOT GOING TO APPEAR UNTIL ALL DOCUMENT ISSUES ARE
20   RESOLVED, THAT CREATES, IF ONE IS INCLINED TO DO IT, A TERRIFIC  10:28
21   WEAPON IN TERMS OF THE POSITIONS ONE TAKES WITH RESPECT TO
22   DOCUMENTS IN ORDER TO PUT OFF THE DEPOSITION, IF ONE THING MUST
23   GO BEFORE THE OTHER.
24          JUST FOR EXAMPLE, WE FINALLY GOT MS. LEAHY'S PLANNER,
25   HER CALENDAR, WHICH WAS, AS COUNSEL REPRESENTS, REDACTED IN THE  10:28
```

NOVEMBER 20, 2007

EX PARTE APPLICATION

EXHIBIT __38__, PAGE __619__

16

1   ENTIRE MONTH OF JUNE 2000, A KEY MONTH; THAT WAS ENTIRELY

2   REDACTED.  WE OBJECTED TO THAT.  HE SAID 'WELL, COME OVER AND

3   TAKE A LOOK AT IT AND SEE IF THERE'S ANYTHING THERE UNDER THOSE

4   REDACTIONS THAT'S SIGNIFICANT.'  WE DID; WE FOUND SOME

5   SIGNIFICANT THINGS; WE SAID 'WE NEED TO SEE THE ORIGINAL          10:28

6   DOCUMENT WITHOUT THE REDACTIONS.'  THEY SAID 'OKAY, WE'LL

7   PRODUCE IT TO YOU.'  THEN, THEY PRODUCE IT TO US WITH THE

8   REDACTIONS STILL IN PLACE.

9           I MEAN, THIS IS THE PROCESS THAT WE HAVE GONE

10  THROUGH.  I REALLY DON'T THINK ANYBODY CAN SERIOUSLY CONTEND     10:28

11  THAT WE HAVE NOT DILIGENTLY TRIED TO TAKE THIS WOMAN'S

12  DEPOSITION.  SHE'S A KEY PLAYER; WE WOULD HAVE NO REASON FOR

13  PUTTING IT OFF.  I MEAN, WE'RE HERE ON AN EX-PARTE APPLICATION

14  BECAUSE IT'S IMPORTANT; WE WANT TO GET IT DONE; WE EXPECT THERE

15  MAY BE SOME FOLLOW UP.                                          10:29

16          I SUBMIT, IF SHE CANNOT APPEAR THE WEEK OF THE 17TH

17  OR THE WEEK OF THE 24TH, THEN SHE SHOULD APPEAR THIS WEEK.

18          I MEAN, THIS IS A DEPOSITION THAT, IF THE DATES

19  HADN'T BEEN PULLED, BUT FOR THIS STAY, IT WOULD HAVE BEEN

20  TAKEN.  WE HAVE NO GUARANTEE THE DATES WOULDN'T HAVE BEEN        10:29

21  PULLED, AS THEY HAVE BEEN PULLED IN THE PAST.  BUT THIS IS ONE

22  THAT, IF THE DATES HAD STAYED IN PLACE, WOULD HAVE BEEN TAKEN

23  BY NOW.

24          WE'RE GOING TO BE PREJUDICED IF WE HAVE TO WAIT TO A

25  DATE THAT'S WITHIN TWO WEEKS PLUS A COUPLE OF DAYS OF THE        10:29

EX PARTE APPLICATION

EXHIBIT **38** , PAGE **620**

1         **THE COURT:**  VERY WELL.

2         MR. MCFARLAND, WHY DON'T YOU GO AHEAD AND MAKE THAT

3  PHONE CALL NOW.

4         **THE COURT:**  MR. SCHEPER?

5         **MR. SCHEPER:**  I WAS JUST THINKING WHETHER I'M EQUALLY      10:46

6  UNGIFTED IN ALL MATTERS OF LITIGATION PROCEEDINGS, BUT BEYOND

7  THAT OBSERVATION, I HAVE NOTHING TO ADD.

8         **THE COURT:**  ANYBODY ELSE?

9         VERY WELL.

10        I'M GOING TO ASK COUNSEL JUST TO WAIT AROUND; LET'S      10:46

11  MAKE SURE WE CAN GET THIS DEPOSITION SCHEDULED, AND THEN WE'LL

12  BE DONE.

13        I WISH EVERYONE A HAPPY THANKSGIVING.

14        **THE CLERK:**  COURT STANDS IN RECESS.

15        (WHEREUPON A BRIEF RECESS WAS HELD.)

16        (WHEREUPON PROCEEDINGS WERE CONCLUDED.)

17

18                CERTIFICATE

19

20  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF

21  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN

22  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
THE UNITED STATES.

23

24  _Theresa A. Lanza_       12-3-07

25  THERESA A. LANZA, CSR, RPR     DATE
FEDERAL OFFICIAL COURT REPORTER

# EXHIBIT 39

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

WRITER'S DIRECT DIAL

(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

www.kmwlaw.com

December 11, 2007

<u>VIA MESSENGER</u>

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

   Re: <u>Mattel v. Bryant</u>

Dear Dylan:

  I am enclosing documents having Bates numbers KMW-L 000429 through KMW-L 000603 and KMW-M 007873 through KMW-M 008025, which include photos of the three-dimensional objects that have been produced to you.

       Very truly yours,

       Larry W. McFarland
       Keats McFarland & Wilson LLP

LWM/ccd

cc: Thomas J. Nolan
   Michael Page

Enclosures

EXHIBIT __39__, PAGE __622__

**Laura Kinsey**

| | |
|---|---|
| **From:** | Dylan Proctor |
| **Sent:** | Tuesday, December 11, 2007 4:29 PM |
| **To:** | Michael T Zeller; Jon Corey; Jennifer Lewis; Tamar Buchakjian; Laura Kinsey |
| **Subject:** | FW: Bryant v. Mattel |
| **Attachments:** | Letter to D. Proctor 12-11-07 (document production).pdf |

B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Janice L.Trayes [mailto:Jtrayes@kmwlaw.com]
**Sent:** Tuesday, December 11, 2007 4:28 PM
**To:** Dylan Proctor
**Cc:** Larry W. McFarland; Christian C. Dowell
**Subject:** RE: Bryant v. Mattel

Mr. Proctor, please find attached a letter dated today from Larry McFarland to your attention. The letter with attachments was sent to your attention today via messenger. Should you have any difficulty opening the attachment, please do not hesitate to contact me.
Regards,
Janice Trayes
Assistant to Larry W. McFarland

Janice Trayes / Keats McFarland & Wilson LLP / 9720 Wilshire Blvd. PH Suite / Beverly Hills, CA 90212 / Ph: (310) 777-3747 / Fax: (310) 860-0363 / e-mail: jtrayes@kmwlaw.com

EXHIBIT **39**, PAGE **423**

# EXHIBIT 40

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 41

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

December 18, 2007

<u>**VIA FACSIMILE AND U.S. MAIL**</u>

Larry McFarland, Esq.
Keats, McFarland & Wilson, LLP
9720 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90212

Re:    <u>Mattel v. Bryant, et al.</u>

Dear Larry:

I am writing to request a meet and confer pursuant to paragraph 5 of the Discovery Master Order and <u>Local Rule</u> 37-1 in connection with the Margaret Leahy and Elise Cloonan depositions.

At the outset, Ms. Leahy's deposition was not completed, and she should be produced for at least another day of testimony, without obstruction or interference. Among other things, counsel for the witness and for defendants made numerous, improper speaking objections and suggestive objections throughout the deposition that both interfered with it and wasted time that counsel for the witness and for defendants then purported to count against the seven hours of her testimony.

Furthermore, Ms. Leahy is a critical witness in this case. She has knowledge of several matters directly at issue in this case, including the sculpting and development of Bratz, Bryant's work with MGA while employed by Mattel, the nature and timing of others' work on Bratz and the Prayer Angels project that MGA itself has put at issue. There still remain early Bratz sculptures about which we were not afforded an opportunity to question Ms. Leahy because of the witness' and defendants' refusal to produce her for more than seven hours. There also are several plainly relevant topics -- including payments she has received from MGA, her work on Prayer Angels

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2326921.2

EXHIBIT **41**, PAGE **638**

and her work on the numerous "subsequent generation" Bratz dolls that form the basis for MGA's claims – about which Mattel has not been able to question her at all because of the refusal to afford sufficient time for deposition. Ms. Leahy also failed and refused, until the afternoon of her deposition, to produce her complete calendar that covered the 2000 time period. In doing so, Ms. Leahy interfered with Mattel's ability to ask her about several entries that she previously redacted and that are directly relevant to this case. In short, there is ample good cause for more deposition time with Ms. Leahy.

Furthermore, both Ms. Leahy and Ms. Cloonan were improperly instructed and refused to answer questions. Throughout both depositions, you instructed the witnesses not to disclose facts that were allegedly learned from counsel. However, Judge Infante has already ruled that the privilege does not protect such matters and that such instructions are not appropriate. You also repeatedly instructed both witnesses not to disclose information and communications on the basis of an alleged marital privilege. Under Judge Infante's same reasoning with respect to attorney-client privilege, however, marital privilege cannot justify the refusal to disclose relevant, non-privileged facts.

Equally importantly, there is no marital privilege in this federal civil litigation. As you know, the information sought from these witnesses goes to federal claims made by Mattel and MGA in this case. The Ninth Circuit has made clear that "where there are federal question claims and pendent state law claims present, the federal law of privilege applies." Agster v. Maricopa County, 422 F.3d 836, 839-840 (9th Cir. 2005). Under federal law, the majority view is that the marital privilege applies only in criminal actions. See, e.g., United States v. Premises Known as 281 Syosset Woodbury Road, 862 F. Supp. 847, 851-52 (E.D.N.Y. 1994) (upholding magistrate decision that marital privilege "is only available in criminal proceedings and that although there are constitutional protections offered claimants in civil forfeiture actions, those protections do not compel the conclusion that this marital privilege should be available in this civil forfeiture action").

In any event, in the case of Ms. Cloonan, counsel instructed her on premarital communications as well, which is improper even where (unlike here) the marital privilege does apply. E.g., United States v. Marashi, 913 F.2d 724, 729-730 (9th Cir. 1990) (holding that the marital privilege extends only to (1) words or acts intended as communication from one spouse to another (2) *made during a valid marriage* that (3) are confidential); see also United States v. Van Drunen, 501 F.2d 1393, 1397 (9th Cir. 1974) ("we conclude that since defendant's wife's testimony concerned matters prior to the marriage, the privilege against the testimony of a spouse is inapplicable").

Should we not be able to resolve these issues through the meet and confer process, Mattel contemplates bringing motions to overrule the improper instructions and to compel Ms. Leahy and Ms. Cloonan to appear for additional deposition time.

EXHIBIT **41**, PAGE **631**

I look forward to hearing from you.

Very truly yours,

B. Dylan Proctor

EXHIBIT **41**, PAGE **640**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**     December 18, 2007

**NUMBER OF PAGES, INCLUDING COVER: 4**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland<br>Keats, McFarland & Wilson | 310-248-3830 | 310-860-0363 |

**FROM:**     B. Dylan Proctor, Esq.

**RE:**     Mattel, Inc. v. Bryant

**MESSAGE:**

07209/2315439.2

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Tiffany Garcia | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT __41__, PAGE __641__

---

### Send Confirmation Report

Name: JetFax M910                    ID: 1111                    18 Dec 07 10:22PM Page   1

| Job | Start time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|-----|-----------|-------|---------------------|------|-------|------|--------|
| 341 | 12/18 10:21PM | 1'15" | 13108600363............... | Send............ | 4/ 4 | EC144 | Completed............... |

Total:    1'15"        Pages sent: 4        Pages printed: 0

---

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

LOS ANGELES OFFICE
### FACSIMILE TRANSMISSION

DATE:   December 18, 2007                    NUMBER OF PAGES, INCLUDING COVER: 4

| NAME/COMPANY | | PHONE NO. | FAX NO. |
|---|---|---|---|
| Larry McFarland | | 310-248-3830 | 310-860-0363 |
| Keats, McFarland & Wilson | | | |

FROM:   B. Dylan Proctor, Esq.

RE:   Mattel, Inc. v. Bryant

MESSAGE:

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT  41 , PAGE  642

# EXHIBIT 42

RECEIVED

JAN 0 7 2005

1  DIANA M. TORRES (S.B. #162284)
   PAULA E. AMBROSINI (S.B. # 193126)
2  ALICIA C. MEYER (S.B. #230189)
   O'MELVENY & MYERS, LLP
3  400 South Hope Street
   Los Angeles, California 90071-2899
4  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
5
   Attorneys for Defendant-in-Intervention,
6  MGA Entertainment, Inc.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware          Case No.  CV 04-9059 NM (RNBx)
12  Corporation,
                                      **MGA'S RULE 26(a) DISCLOSURES**
13                     Plaintiff,

14       v.

15  CARTER BRYANT, an individual,
    and MGA ENTERTAINMENT,
16  INC., a California Corporation

17                     Defendant and
                       Defendant-in-
18                     Intervention.

19  _____

20  AND RELATED COUNTER-
    CLAIMS
21

22

23

24

25

26

27

28

MGA'S INITIAL DISCLOSURES
PURSUANT TO RULE 26 (CV 04-9059 NM)

EXHIBIT __42__, PAGE __643__

1    Defendant-in-Intervention, MGA Entertainment, Inc. ("MGA"), hereby

2    submits the following initial disclosures to plaintiff, Mattel, Inc. ("Mattel"),

3    pursuant to Rule 26 (a) of the Federal Rules of Civil Procedure.  MGA reserves the

4    right to identify additional documents and witnesses hereafter, and otherwise to

5    provide supplemental disclosures as appropriate or necessary.

6

7    **Witnesses**

8    MGA is presently uncertain of the true nature and scope of Mattel's claims

9    and, thus, is unable to fully identify the witnesses with knowledge relevant to

10   MGA's defenses in this case.  Subject to the foregoing, MGA identifies the

11   following potential witnesses:

12   1.    Carter Bryant.  Carter Bryant may be contacted through his

13   counsel, Douglas Wickham and Keith Jacoby of Littler Mendelson, P.C., 2049

14   Century Park East, 5th Floor, Los Angeles, California  90067, telephone 310-553-

15   0308.  Carter Bryant possesses information relevant to the conception, creation,

16   design and development of "BRATZ;" the nature and scope of his employment at

17   Mattel; the nature and scope of his work for and with MGA; and information

18   relevant to his own defenses in this matter.

19   2.    Janet Bryant.  Ms. Bryant may be contacted through Carter

20   Bryant's counsel, Douglas Wickham and Keith Jacoby of Littler Mendelson, P.C.,

21   2049 Century Park East, 5th Floor, Los Angeles, California  90067, telephone 310-

22   553-0308.  Ms. Bryant possesses information concerning, among other things, Mr.

23   Bryant's general skills and talents as a designer and his conception, creation, design

24   and development of various matters when he was not employed by Mattel.

25   3.    Tom Bryant.  Tom Bryant may be contacted through Carter

26   Bryant's counsel, Douglas Wickham and Keith Jacoby of Littler Mendelson, P.C.,

27   2049 Century Park East, 5th Floor, Los Angeles, California  90067, telephone 310-

28   553-0308.  Tom Bryant possesses information concerning, among other things, Mr.

-1-

EXHIBIT **42**, PAGE **644**

1    Bryant's general skills and talents as a designer and his conception, creation, design

2    and development of various matters when he was not employed by Mattel.

3         4.    Elise Cloonan. Ms. Cloonan may be contacted through her

4    counsel, Michael B. Margolis of Margolis & Morin, LLP, 444 South Flower Street,

5    Sixth Floor, Los Angeles, California 90071, telephone 213-683-0300. Ms.

6    Cloonan possesses information relevant to the conception, creation, design and

7    development of "BRATZ."

8         5.    Margaret Leahy. Ms. Leahy may be contacted through her

9    counsel, Stephen C. Contopulos, Sidley Austin Brown & Wood LLP, 555 West

10   Fifth Street, Los Angeles, California 90013, telephone 213-896-6000. Ms. Leahy

11   possesses information relevant to the conception, creation, design and development

12   of "BRATZ."

13        6.    Veronica Marlow. Ms. Marlow may be contacted through her

14   counsel, Stephen C. Contopulos, Sidley Austin Brown & Wood LLP, 555 West

15   Fifth Street, Los Angeles, California 90013, telephone 213-896-6000. Ms. Marlow

16   possesses information relevant to the conception, creation, design and development

17   of "BRATZ."

18        7.    Victoria O'Connor. MGA believes that Mattel has Ms.

19   O'Connor's contact information. Ms. O'Connor possesses information relevant to

20   the conception, creation, design and development of "BRATZ."

21        8.    Ramona Prince. Ms. Prince may be contacted through her

22   counsel, Daniel Warren, Sutherland, Asbill & Brennan, LLP, 999 Peachtree Street,

23   N.E., Atlanta, Georgia 30309, telephone 404-853-8028. Ms. Prince possesses

24   information relevant to Mr. Bryant's conception of "BRATZ."

25        9.    Anna Rhee. Ms. Rhee may be contacted through her counsel,

26   Laurence Berman, Berman, Mausner & Resser, A Law Corporation, 11601

27   Wilshire Boulevard, Suite 600, Los Angeles, California 90025, telephone 213-473-

28   3333. Ms. Rhee possesses information relevant to the conception, creation, design

-2-

MGA'S INITIAL DISCLOSURES
PURSUANT TO RULE 26 (CV 04-9059 NM)

EXHIBIT **42**, PAGE 645

1   and development of "BRATZ."

2       10.   Paula Garcia.  Ms. Garcia may be contacted through MGA's

3   counsel of record.  Ms. Garcia possesses information relevant to the conception,

4   creation, design and development of "BRATZ."

5       11.   Mercedeh Ward.  Ms. Ward may be contacted through her

6   counsel, Derrick Coleman, Coleman Law Group, 501 Colorado Avenue, Suite 204,

7   Santa Monica, California  90401, telephone 310-576-7312.  Ms. Ward possesses

8   information relevant to the conception, creation, design and development of

9   "BRATZ."

10       12.   Various present or former employees and contractors of MGA

11   are potential witnesses.  Such individuals may be contacted through MGA's

12   counsel of record.  MGA is currently unable to identify the specific witnesses and

13   information such witnesses may possess.

14       13.   Various present or former employees and contractors of Mattel

15   are potential witnesses.  The identities, whereabouts and relevant knowledge of

16   such potential witnesses are best known by Mattel.  These witnesses are currently

17   believed to include, without limitation, Cassidy Park, Lilly Martinez, Matthew

18   Bousquette and Ivy Ross.

19

20   **Documents**

21       MGA is presently uncertain of the true nature and scope of Mattel's

22   claims and, thus, is unable to fully identify the documents that may support all of its

23   defenses in this action.  Subject to the foregoing, and subject to, as applicable, the

24   designations of confidentiality which have or may be made pursuant to the terms

25   and provisions of the Stipulated Protective Order governing the disclosure of

26   confidential material in this case, MGA identifies the following documents:

27       1.   The Employee Confidential Information and Inventions

28   Agreement attached to Mattel's complaint.

-3-

EXHIBIT __42__, PAGE _V4V_

1          2.      The Conflict of Interest Questionnaire attached to Mattel's

2   complaint.

3          3.      Some or all of the documents previously produced by MGA to

4   Mattel pursuant to subpoena bearing the Bates serial numbers MGA 000001-676.

5          4.      Some or all of the documents previously produced by Carter

6   Bryant to Mattel bearing the Bates serial numbers BRYANT 00001-01588.

7          5.      Carter Bryant's personnel, payroll and other files and records,

8   including telephone records of Mattel, which are in Mattel's possession and the

9   nature and relevance of which is best known by Mattel.

10         6.      Documents relating to the negotiation of MGA's contract with

11  Carter Bryant dated as of September 18, 2000.

12         7.      Documents relating to the design and development of the first

13  generation of "Bratz."

14         8.      Documents relating to or consisting of various drawings,

15  sketches and finished product that Carter Bryant conceived of, created, designed or

16  developed, or in whose conception, creation, design and development he assisted,

17  before and after he was employed by Mattel.

18

19  **Damages**

20         The required disclosure regarding damages is presently inapplicable.

21

22

23

24

25

26

27

28

-4-

EXHIBIT **42**, PAGE **647**

1   **Insurance**

2        The required disclosure regarding insurance is presently inapplicable.

3

4

5   Dated:  January 6, 2005                  DIANA M. TORRES
                                      PAULA E. AMBROSINI

6                                         ALICIA C. MEYER
                                      O'MELVENY & MYERS, LLP

7

8                              By: _____

9                                   Paula E. Ambrosini
                                Attorneys for Defendant-in-

10                                  Intervention, MGA Entertainment,
                                Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

                        **MGA'S INITIAL DISCLOSURES
PURSUANT TO RULE 26 (CV 04-9059 NM)**

EXHIBIT **42**, PAGE **648**

## PROOF OF SERVICE

I, Suzanne I. Jimenez, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071. On January 6, 2005, I served the within documents:

### MGA'S RULE 26(a) DISCLOSURES

☒  by transmitting via facsimile machine the document(s) listed above to the fax number(s) set forth below on this date. The outgoing facsimile machine telephone number in this office is (213) 430-6407. The facsimile machines used in this office create a transmission report for each outgoing facsimile transmitted. A copy of the transmission report(s) for the service of this document, properly issued by the facsimile machine(s) that transmitted this document and showing that such transmission was (transmissions were) completed without error, is attached hereto.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

*(By Facsimile and U.S. Mail)*
Douglas A. Wickham
Keith Jacoby
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Tel: (310) 553-0308
Fax: (310) 553-5583

*(By Facsimile and U.S. Mail)*
Michael T. Zeller
Quinn Emanuel Urquhart
  Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017-2543
Tel: (213) 443-3000
Fax: (213) 443-3100

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 6, 2005, at Los Angeles, California.

*Suzanne I. Jimenez*
Suzanne I. Jimenez

LA2:746615.1

-6-

PROOF OF SERVICE

EXHIBIT **42**, PAGE **649**

*************** -COMM. JOURNAL- *************** DATE JAN-06-2005 ***** TIME 14:22 ********

MODE = MEMORY TRANSMISSION          START-JAN-06 14:20    END-JAN-06 14:22

FILE NO.=532

| STN NO. | COMM. | ABBR NO. | STATION NAME/TEL NO. | PAGES | DURATION |
|---------|-------|----------|----------------------|-------|----------|
| 001 | OK | # | 94433100 | 008/008 | 00:02:13 |

*********************************** -     - ***** -          - *********

O

O'MELVENY & MYERS LLP

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407

## FAX TRANSMITTAL

DATE:
January 6, 2005

TOTAL NUMBER OF PAGES:
8

TO:
Michael T. Zeller, Esq.
*Quinn Emanuel Urquhart Oliver
& Hedges, LLP*

FAX NUMBER:
(213) 443-3100

TELEPHONE NUMBER:
(213) 443-3000

Douglas A. Wickham, Esq.
Keith Jacoby, Esq.
*Littler Mendelson, A Professional
Corporation*

(310) 552-3229

(310) 552-2766

FROM:
Paula E. Ambrosini

RETURN FAX NUMBER:
(213) 430-6407

TELEPHONE NUMBER:
(213) 430-7466

## MESSAGE

IF YOU DID NOT RECEIVE ALL PAGES, PLEASE CALL OUR FAX DEPARTMENT AT (213) 430-6407

| FILE NO.: | 527,436-004 | RETURN ORIGINAL TO: | Suzanne L Jimenez |
|-----------|-------------|---------------------|-------------------|
| USER NO.: | 09901 | EXTENSION: | 7241 |
| RESPONSIBLE ATTY NAME: | Paula E. Ambrosini | LOCATION: | 11x04 |
| SPECIAL INSTRUCTIONS: | | | |

This document is intended for the exclusive use of the addressee. It may contain privileged, confidential or non-disclosable information. If you are not the addressee, or someone responsible for delivering this document to the addressee, you may not read, copy, or distribute it. If you have received this document by mistake, please call us promptly and securely dispose of it. Thank you.

EXHIBIT **42**, PAGE 650

xxxxxxxxxxxxx -COMM. J   AL- xxxxxxxxxxxxxx DATE JAN-06-2005   xxx TIME 14:32 xxxxxxx

MODE = MEMORY TRANSMISSION          START=JAN-06 14:30   END=JAN-06 14:32

FILE NO.=533

| STN NO. | COMM. | ABBR NO. | STATION NAME/TEL NO. | PAGES | DURATION |
|---------|-------|----------|---------------------|-------|----------|
| 001 | OK | # | 913105523229 | 008/008 | 00:02:19 |

O

# O'MELVENY & MYERS LLP

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407

## FAX TRANSMITTAL

**DATE:**
January 6, 2005

**TOTAL NUMBER OF PAGES:**
8

**TO:**

| | FAX NUMBER: | TELEPHONE NUMBER: |
|---|---|---|
| Michael T. Zeller, Esq.<br>*Quinn Emanuel Urquhart Oliver & Hedges, LLP* | (213) 443-3100 | (213) 443-3000 |
| Douglas A. Wickham, Esq.<br>Keith Jacoby, Esq.<br>*Littler Mendelson, A Professional Corporation* | (310) 552-3229 | (310) 552-2766 |

**FROM:**
Paula E. Ambrosini

**RETURN FAX NUMBER:**
(213) 430-6407

**TELEPHONE NUMBER:**
(213) 430-7466

## MESSAGE

IF YOU DID NOT RECEIVE ALL PAGES, PLEASE CALL OUR FAX DEPARTMENT AT (213) 430-6407

| FILE NO.: | 527,436-004 | RETURN ORIGINAL TO: | Suzanne L Jimenez |
|---|---|---|---|
| USER NO.: | 09901 | EXTENSION: | 7241 |
| RESPONSIBLE ATTY NAME: | Paula E. Ambrosini | LOCATION: | 11x04 |
| SPECIAL INSTRUCTIONS: | | | |

This document is intended for the exclusive use of the addressee. It may contain privileged, confidential, or non-disclosable information. If you are not the addressee, or someone responsible for delivering this document to the addressee, you may not read, copy, or distribute it. If you have received this document by mistake, please call us promptly and securely dispose of it. Thank you.

EXHIBIT **42**, PAGE **651**

# EXHIBIT 43

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 44

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 45

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7                       UNITED STATES DISTRICT COURT

8                       CENTRAL DISTRICT OF CALIFORNIA

9                            EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
12              Plaintiff,

13      v.                                 Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15              Defendant.                 ORDER GRANTING IN PART
                                           BRYANT'S MOTION TO OVERRULE
16                                         INSTRUCTIONS NOT TO ANSWER
                                           DURING THE DEPOSITION OF ALAN
17                                         KAYE, TO COMPEL KAYE TO
                                           ANSWER THOSE QUESTION, AND
18                                         FOR SANCTIONS

19  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
20  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
21

22          Having considered Carter Bryant's Motion to Overrule Instructions Not to Answer During

23  the Deposition of Alan Kaye, to Compel Kaye to Answer Those Questions, and for Sanctions (the

24  "Motion"), and all other papers filed in opposition to or in connection therewith, and finding good

25  cause therefore,

26          IT IS HEREBY ORDERED that:

27

28  Bryant v. Mattel, Inc.,                                                        1
    CV-04-09049 SGL (RNBx)

EXHIBIT **45**, PAGE 704

1      1.    Each of the instructions not to answer or to limit a deposition question marked as

2  "Overruled" in Exhibit "A" to this Order is hereby overruled. Alan Kaye is ordered to answer

3  those questions and reasonable follow up questions at a further deposition.

4      2.    Although Mattel's counsel is entitled to make evidentiary objections consistent

5  with Rule 32, Fed.R.Civ.P., there were numerous instances in which Mattel's counsel failed to

6  comply with the requirements of Rule 30(d)(1), Fed.R.Civ.P., by failing to state an objection

7  concisely and in a non-argumentative and non-suggestive manner, or by instructing the deponent

8  not to answer based upon an objection other than privilege.

9      3.    Mattel's counsel impeded, delayed, and frustrated the fair examination of Mr.

10  Kaye. Therefore, Mattel is ordered to re-produce Mr. Kaye for his deposition for an additional

11  four (4) hours so that Bryant's counsel can resume questioning Mr. Kaye on all areas that

12  Bryant's counsel previously attempted to cover in his prior deposition. During the deposition,

13  Mattel's counsel shall strictly comply with Rule 30(d)(1), Fed.R.Civ.P.

14      4.    Because some, but not all, of counsel's objection and violations of Rule 30(d)(1)

15  were without substantial justification, Bryant's request for sanction is granted in part in the

16  amount of $2,000 pursuant to Rule 30(d)(3), Fed.R.Civ.P. These sanctions shall be paid within

17  fourteen (14) days of the date of this Order by check to be personally delivered to counsel for

18  Bryant.

19      5.    The parties shall meet and confer to schedule the resumption of Mr. Kaye's

20  deposition, which shall occur at a mutually convenient date and time no later than thirty (30) days

21  of the date of this Order.

22      6.    Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a

23  Discovery Master, Bryant shall file this Order with the Clerk of Court forthwith.

24  Dated: ___May 4_____, 2007

25                          /s/Edward A. Infante

26                          HON. Edward Infant (Ret.)
                             Discovery Master

27

28


EXHIBIT **45**, PAGE 705

# EXHIBIT "A"

## INSTRUCTIONS NOT TO ANSWER

## BASED ON ATTORNEY-CLIENT PRIVILEGE

| | PAGE/LINE | ASSERTED BASIS FOR BLANKET INSTRUCTION OR LIMITING INSTRUCTION | RULING |
|---|---|---|---|
| 1. | 24:25-25:11 | Attorney-Client Privilege | Sustained |
| 2. | 26:16-27:8 | Attorney-Client Privilege | Overruled |
| 3. | 30:6-31:14 | Attorney-Client Privilege | Sustained |
| 4. | 32:19-33:18 | Attorney-Client Privilege | Sustained |
| 5. | 35:25-36:10 | Attorney-Client Privilege | There is no question pending. |
| 6. | 41:14-24 | Attorney-Client Privilege | Overruled |
| 7. | 43:2-19 | Attorney-Client Privilege | Withdrawn from Bryant's motion. |
| 8. | 170:20-171:8 | Attorney-Client Privilege | Overruled |
| 9. | 218:2-10 | Attorney-Client Privilege | The witness answered the question later in the deposition. |
| 10. | 103:25-106:23 | Attorney-Client Privilege | Sustained |
| 11. | 366:5-366:13 | Attorney-Client Privilege | Overruled |
| 12. | 48:17-49:6 | Attorney-Client Privilege and Work Product | Overruled |
| 13. | 49:8-53:16 | Attorney-Client Privilege | Overruled |
| 14. | 45:16-47:8 | Attorney-Client Privilege | Overruled |
| 15. | 80:3-21 | Attorney-Client Privilege | Overruled |
| 16. | 96:18-25 | Attorney-Client Privilege | Overruled |
| 17. | 98:5-19 | Attorney-Client Privilege | Overruled |
| 18. | 106:2-23 | Attorney-Client Privilege | This excerpt is a duplicate of excerpt number 10. |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT __45__, PAGE __706__

| | | | |
|---|---|---|---|
| 19. | 116:11-19 | Attorney-Client Privilege | Sustained |
| 20. | 114:25-115:6 | Attorney-Client Privilege | Overruled |
| 21. | 298:11-300:6 | Attorney-Client Privilege | Overruled |
| 22. | 128:4-129:4 | Attorney-Client Privilege and Work Product | Overruled |
| 23. | 139:2-16 | Attorney-Client Privilege and Work Product | Overruled |
| 24. | 240:9-243:22 | Attorney-Client Privilege | Overruled |
| 25. | 279:23-280:10 | Attorney-Client Privilege | The witness gave an adequate response to the question later in the deposition. |
| 26. | 307:24-310:25 | Attorney-Client Privilege and Work Product | Overruled |
| 27. | 328:1-12 | Attorney-Client Privilege | Overruled |
| 28. | 135:25-137:3 | Attorney-Client Privilege | Overruled |
| 29. | 197:9-198:5 | Attorney-Client Privilege | Overruled |
| 30. | 267:16-268:4 | Attorney-Client Privilege | Withdrawn from Bryant's motion. |
| 31. | 156:1-158:20 | Attorney-Client Privilege | Withdrawn from Bryant's motion. |
| 32. | 328:16-329:9 | Attorney-Client Privilege | Overruled |

Bryant v. Mattel, Inc.,
CV-04-09049 SOL (RNBx)

4

EXHIBIT __45__, PAGE __707__

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 24, 2007, I served the attached ORDER GRANTING IN PART BRYANT'S MOTION TO OVERRULE INSTRUCTIONS NOT TO ANSWER DURING THE DEPOSITION OF ALAN KAYE, TO COMPEL KAYE TO ANSWER THOSE QUESTIONS, AND FOR SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 4, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT **45**, PAGE _708_

# EXHIBIT 46

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 47



**CONFORMED COPY**

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                              EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
12              Plaintiff,

13       v.                                Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15              Defendant.                 **ORDER GRANTING MATTEL'S
                                           MOTION FOR AN EXTENSION OF
16                                         TIME TO DEPOSE PAULA GARCIA
                                           IN HER INDIVIDUAL CAPACITY
17                                         AND AS A 30(b)(6) DESIGNEE;
                                           DENYING REQUEST FOR
18  CONSOLIDATED WITH                      SANCTIONS**
    MATTEL, INC. v. BRYANT and
19  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
20

21

22                            I. INTRODUCTION

23       On June 15, 2007, Mattel, Inc. ("Mattel") submitted its "Motion To Enforce The Court's

24  Order To Compel, And For Sanctions."  Specifically, Mattel moves (1) to enforce the Discovery

25  Master's May 16, 2007 Order Granting Mattel's Motion to Compel MGA to Produce Witnesses

26  for Deposition Pursuant to Rule 30(b)(6) by compelling MGA Entertainment, Inc. ("MGA") to

27  produce Paula Garcia for further deposition testimony, or in the alternative, by granting leave for

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                                    EXHIBIT **47**, PAGE 754

1   additional time to depose Ms. Garcia on the topics set forth in Mattel's Rule 30(b)(6) notices[1];

2   (2) to compel Ms. Garcia to answer the questions MGA's counsel instructed her not to answer

3   during her deposition; and (3) for sanctions against MGA in the amount of $5,315. MGA

4   submitted an opposition on June 25, 2007; and Mattel submitted a reply on June 29, 2007. The

5   motion was heard on August 13. Having considered the motion papers and the comments of

6   counsel, Mattel's motion for additional time to depose Ms. Garcia is granted, and the request for

7   sanctions is denied.

## II. BACKGROUND

9   In February of 2005 Mattel served a notice of deposition of MGA pursuant to Rule

10   30(b)(6), Fed.R.Civ.P. (the "First Notice"). The parties met and conferred, and by May of 2005

11   MGA named Ms. Garcia as one of the witnesses who would testify on six of the eight topics in

12   the First Notice. Ms. Garcia has been MGA's product manager for Bratz since the product's

13   inception at MGA, and is, in Mattel's view, one of the most important witnesses in its case.

14   The action was stayed from mid-May of 2005 to mid-May of 2006. Thereafter, Mattel

15   renewed its attempts to schedule a 30(b)(6) deposition. In a telephonic conference with the

16   Discovery Master, MGA represented that it would provide Mattel with dates for the deposition.

17   In January of 2007, Mattel was able to depose one of MGA's designees on the First Notice, but

18   not Ms. Garcia due to her unavailability. For the next couple of months, Mattel continued its

19   efforts to schedule Ms. Garcia's deposition without success.

20   In the interim, in February of 2007, Mattel served its Second Notice of Deposition of

21   MGA pursuant to Rule 30(b)(6), Fed.R.Civ.P. (the "Second Notice"). The parties met and

22   conferred, and MGA identified designees for some but not all of the forty-six topics in the

23   Second Notice.

24   After a couple of months had passed without any witnesses being produced for deposition

25   pursuant to the First and Second Notices, Mattel brought a motion to compel. On May 16, 2007,

26

27   [1] Mattel does not specify in its motion papers how much additional time it seeks.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)



EXHIBIT **47**, PAGE 155

1    the Discovery Master granted Mattel's motion to compel and ordered MGA to, *inter alia*, (1)

2    produce Ms. Garcia for deposition on or before June 15, 2007, in her individual capacity and as a

3    designee on Topics 1-3 and 6-8 of Mattel's First Notice; and (2) make its designees available for

4    deposition for all Topics except Nos. 25 and 26 in Mattel's Second Notice on or before June 30,

5    2007 (the "Order").[2]  This is the Order that is the subject of Mattel's motion.

6          After the Court's Order, MGA confirmed Ms. Garcia's designation on the following

7    Topics in Mattel's Second Notice:  Topic Nos. 1-8, 9 (to the extent not covered by previously

8    designated testimony), 10, 12, 13 (with respect to manufacturers only), 16 (to the extent not

9    covered by designated portions of Isaac Larian's and Carter Bryant's depositions), 17, 29, 30, 35,

10   and 36.  MGA offered to produce Ms. Garcia for her deposition on May 24 and 25, 2007, or else

11   not until the end of June.  Mattel accepted the May 24 and 25 dates.  The parties agreed that the

12   this deposition would cover Bryant-related issues, and that they would make separate

13   arrangements to depose Ms. Garcia on the unfair competition, trade secrets and RICO issues in

14   the MGA v. Mattel and Mattel v. MGA suits.  Zeller Decl., Ex. 10; see also MGA's Opposition

15   at p.6, n. 19.

16          Two days before Ms. Garcia's deposition, MGA produced approximately 7,600 pages of

17   documents.  MGA's counsel, Diana Torres, advised Mattel that MGA was willing to defer her

18   deposition in light of the document production.  Ms. Torres also informed Mattel that by

19   proceeding with the deposition as scheduled, Mattel was "choosing to do so at the risk that later

20   discovery (including the [7,600 pages of documents] may be relevant to her deposition and will

21   not be entitled to call her back for that reason."[3]  Zeller Decl., Ex. 10.  Mattel's counsel

22

23          [2]  During the hearing, the undersigned stated that he did not think the seven-hour limitation on depositions
24   applied to Rule 30(b)(6) depositions, but also commented that it did not make sense to be focusing on such
     "theoretical" issue, as Ms. Garcia had not yet been deposed.  Zeller Decl., Ex. 8.  Mattel's assertion that the
25   Discovery Master "ruled" on this issue is erroneous.

26          [3]  As stated previously, the parties have an agreement, however, that MGA will make Ms. Garcia available
     for a separate deposition on the unfair competition, trade secrets and RICO issues in the MGA v. Mattel and Mattel
27   v. MGA cases.  Zeller Decl., Ex. 10; see also MGA's Opposition at p.6, n. 19.

28

EXHIBIT **47**, PAGE 756

1  responded by accusing MGA of delaying its document production for tactical reasons. Mattel's

2  counsel also advised MGA that it was proceeding with Ms. Garcia's deposition as scheduled,

3  and furthermore, that it did not believe it was "waiving" its rights to obtain further discovery

4  regarding the 7,600 pages of documents.

5       Mattel began the deposition of Ms. Garcia in her individual and corporate capacity on

6  Thursday, May 24, 2007. The next day, MGA's counsel offered to delay the deposition from

7  Friday, May 25, 2007, to Tuesday, May 29, 2007, in light of the recent document production.

8  Mattel's counsel rejected the offer because Mattel did not want to delay Ms. Garcia's deposition

9  any further and because Mattel was prepared to question Ms. Garcia about other documents

10  already produced in the case.

11      Mattel deposed Ms. Garcia for a total of 14 hours and 18 minutes. Mattel asked MGA to

12  produce Ms. Garcia for at least one more day of deposition, however, MGA refused unless

13  Mattel agreed not to "revisit" topics that had already been covered. Mattel's Motion at p.3.

14  MGA also indicated that even if it were to produce Ms. Garcia for further questioning, it would

15  probably not agree to produce her for an additional full day.

16      Mattel seeks additional time to depose Ms. Garcia. Mattel contends that 14 hours and 18

17  minutes was not enough time to cover the 24 topics on which Ms. Garcia was designated, much

18  less to cover Ms. Garcia's personal knowledge of facts central to Mattel's claims against Bryant.

19  According to Mattel, the Discovery Master has ruled that the 7-hour rule does not apply to Rule

20  30(b)(6) depositions, and that MGA's refusal to produce Ms. Garcia for further questioning

21  violates the Order.

22      Even if the 7-hour rule applies, Mattel contends that there is good cause to extend the

23  deposition of Ms. Garcia for a number of reasons. First, Mattel contends that the deposition

24  progressed slowly because Ms. Garcia regularly asked for questions to be repeated or rephrased

25  and often took long pauses before answering. Mattel also contends that there were lengthy

26  breaks, after which Ms. Garcia returned with clarifications of her prior testimony that required

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT **47**, PAGE 757

1   further questioning. Mattel also contends that Ms. Garcia was not prepared to answer questions

2   regarding personnel involved in the early phases of the Bratz project.

3        Second, Mattel contends that MGA's counsel improperly instructed Ms. Garcia not to

4   answer questions regarding facts she ostensibly learned from counsel. Third, Mattel contends

5   that MGA's counsel improperly instructed Ms. Garcia not to answer questions about MGA

6   Mexico. Mattel admits that the parties had an agreement to limit the scope of Ms. Garcia's

7   deposition to Bryant-related issues; however, Mattel believes that this agreement did not bar

8   questions about MGA Mexico's contacts with the United States in light of MGA's then-pending

9   motion to dismiss MGA Mexico for lack of personal jurisdiction.[4]

10       Fourth, Mattel contends that it should be permitted to resume the deposition of Ms.

11  Garcia because just two days prior to the deposition, MGA produced approximately 7,600 pages

12  of documents, the bulk of which have Ms. Garcia's name on them and relate to the 2000 and

13  2001 time period. Mattel contends that MGA had no legitimate basis for withholding the

14  documents. Mattel also contends that the production was incomplete insofar as it did not include

15  documents that the Discovery Master ordered MGA to produce. Lastly, Mattel contends that it

16  should be given more time to depose Ms. Garcia because MGA has demanded more deposition

17  time for witnesses on topics that are far less central to this litigation.

18       MGA opposes the motion on numerous grounds. As a preliminary matter, MGA accuses

19  Mattel of using 30(b)(6) depositions as a means to circumvent the district court's order limiting

20  the number of depositions to be taken by each side. At present, the parties are limited to 24

21  depositions per side for the entire consolidated action, including both individual and 30(b)(6)

22  depositions. In MGA's view, Mattel is using 30(b)(6) depositions with excessive numbers of

23  topics to avoid noticing witnesses to testify in their individual capacity. MGA further contends

24  that Rule 30(b)(6) depositions are indeed limited to one seven-hour day, and furthermore, that

25

26

27       [4] The district court has since denied MGA's motion to dismiss MGA Mexico.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT **47**, PAGE 758

1   the district court must have intended the limit to apply when he restricted each side to 24

2   depositions.

3           Next MGA contends that Ms. Garcia was deposed on time and in compliance with the

4   Order. According to MGA, Ms. Garcia testified at length about the early development of Bratz,

5   the persons involved in that development process, as well as the other topics for which she had

6   been designated. MGA acknowledges that Ms. Garcia could not recall the names of some of the

7   individuals involved in Bratz; however, MGA believes Mattel could have remedied the situation

8   by simply showing Ms. Garcia documents to refresh her recollection rather than treating the

9   deposition as a memory test.

10          MGA denies engaging in any delay tactics or other forms of obstruction during the

11  deposition. According to MGA, Ms. Garcia requested to have questions rephrased when she did

12  not understand the question. MGA also contends that pauses are appropriate to allow counsel to

13  interject any necessary objections. Furthermore, MGA contends that it properly instructed Ms.

14  Garcia not to answer only when necessary to preserve the attorney-client privilege. MGA also

15  defends its instructions not to answer questions about MGA Mexico because those questions

16  exceeded the agreed upon scope of the deposition. The parties agreed that Ms. Garcia would be

17  made available for one deposition regarding Bryant-related matters and a separate deposition

18  regarding Mattel's counterclaims. MGA considers questions regarding MGA Mexico as

19  irrelevant to Bryant-related matters, and relevant only to Mattel's counterclaims.

20          In MGA's view, Mattel, not MGA is to blame for not completing Ms. Garcia's

21  deposition. MGA asserts that Mattel wasted time by questioning Ms. Garcia on topics not

22  relevant to the litigation, including her addresses for the past year, whether she had any

23  roommates during that time and who they were, and her cell phone bills.

24          MGA also contends that Mattel caused the document production delay by insisting that

25  MGA produce all color documents in a different electronic format than previously requested.

26  Furthermore, MGA contends that it made multiple offers to postpone the deposition to allow

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                              6

EXHIBIT **47**, PAGE 759

1    Mattel additional time to review the document production.   MGA contends that Mattel chose to

2    move forward with the deposition, and therefore Mattel "has no basis for asserting that MGA's

3    document production was an attempt to prevent Mattel from deposing Ms. Garcia on the topics

4    for which she was designated nor that it had any impact on Mattel's ability to do so."  MGA's

5    Opposition, p.6.

6          Lastly, MGA contends Mattel filed the instant motion without meeting and conferring in

7    good faith.  MGA points out that during the meet and confer process, it agreed to produce Ms.

8    Garcia for additional time without the need to resort to motion practice.  More specifically, MGA

9    is prepared to make Ms. Garcia available for an additional four hours, provided that any further

10   questioning "does not revisit already questioned areas of inquiry."  MGA's Opposition at p.3.

11                              III. STANDARDS

12         Rule 30(d) of the Federal Rules of Civil Procedure provides the following with respect to

13   the schedule and duration of depositions:

14         (1) Any objection during a deposition must be stated concisely and in a non-
     argumentative and non-suggestive manner.  A person may instruct a deponent
15   not to answer only when necessary to preserve a privilege, to enforce a limitation
     directed by the court, or to present a motion under Rule (d)(4).
16

17         (2) Unless otherwise authorized by the court or stipulated by the parties, a
     deposition is limited to one day of seven hours.  The court must allow additional
18   time consistent with Rule 26(b)(2) if needed for a fair examination of the
     deponent or if the deponent or another person, or other circumstance, impedes or
19   delays the examination.

20         (3) If the court finds that any impediment, delay, or other conduct has
     frustrated the fair examination of the deponent, it may impose upon the persons
21   responsible an appropriate sanction, including the reasonable costs and attorney's
     fees incurred by any parties as a result thereof.

22

23   The Advisory Committee Notes for Rule 30(d)(2) provide the following guidelines for

24   compliance:

25         Paragraph (2) imposes a presumptive durational limitation of one day of seven
     hours for any deposition.  The Committee has been informed that the overlong
26   depositions can result in undue costs and delays in some circumstances.  This
     limitation contemplates that there will be reasonable breaks during the day for
27   lunch and other reasons, and that the only time to be counted is the time occupied

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                          7

EXHIBIT **47**, PAGE 760

by the actual deposition. For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition. The presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.

Parties considering extending the time for deposition – and courts asked to order an extension – might consider a variety of factors. For example, if the witness needs an interpreter, that may prolong the examination. If the examination would cover events occurring over a long period of time, that may justify allowing additional time. . . .

It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court. The limitation is phrased in terms of a single day on the assumption that ordinarily a single day would be preferable to a deposition extending over multiple days; if alternative arrangements would better suit the parties, they may agree to them. It is also assumed that there will be reasonable breaks during the day. Preoccupation with timing is to be avoided.

The rule directs the court to allow additional time where consistent with Rule 26(b)(2) if needed for a fair examination of the deponent. In addition, if the deponent or another person impedes or delays the examination, the court must authorize extra time. The amendment makes clear that additional time should also be allowed where the examination is impeded by an "other circumstance," which might include a power outage, a health emergency, or other event.

*     *     *

Paragraph (3) includes sanctions provisions formerly included in paragraph (2). It authorizes the court to impose an appropriate sanction on any person responsible for an impediment that frustrated the fair examination of the deponent. This could include the deponent, any party, or any other person involved in the deposition. If the impediment or delay results from an "other circumstance" under paragraph (2), ordinarily no sanction would be appropriate.

See Advisory Committee Notes on the 2000 Amendments to Fed.R.Civ.P. 30(d).

## IV. DISCUSSION

### A. There Is Good Cause For An Extension Of Time To Depose Ms. Garcia

As a preliminary matter, MGA is in compliance with the Order insofar as it has produced Ms. Garcia for deposition in her individual and corporate capacity by the June 30th deadline.[5] Therefore, Mattel's motion, although styled as motion to compel compliance with

---

[5] Mattel, however, has filed a separate motion to compel compliance with other portions of the Order.

EXHIBIT **47**, PAGE **761**

1  the Order, is treated herein as motion for additional time to complete the deposition of Ms.

2  Garcia pursuant to Rule 30(d)(2), Fed.R.Civ.P.

3      Applying the standards above, Mattel has demonstrated the requisite good cause to

4  warrant an extension of the "presumptive" 7-hour time limit for depositions. Ms. Garcia is,

5  without question, one of the most important witnesses in this case. She has been the product

6  manager for Bratz since the product's inception at MGA. Therefore, she has considerable

7  knowledge regarding the timing and origins of Bratz, Bryant's involvement with MGA, and the

8  development of Bratz. Ms. Garcia was the first person at MGA with whom Bryant spoke. Ms.

9  Garcia was present when Bryant first presented the idea of Bratz to Mr. Larian. Ms. Garcia also

10  met with Bryant and Margaret Leahy to discuss doll sculpting at a time when Bryant was still

11  employed at Mattel. In addition, another witness, Steve Linker, testified that Ms. Garcia

12  contacted him in September of 2000 to create packaging for Bratz and gave him art boards and

13  illustrations in October of 2000. Ms. Garcia was also involved in naming the Bratz characters.

14      Furthermore, MGA has designated Ms. Garcia on numerous topics. MGA designated

15  Ms. Garcia to testify regarding Topics 1-3 and 6-8 of the First Notice, which are set forth below.

16      Topic 1:  The identity of each person involved in the MGA Projects, and the
17  nature and time period(s) of each such person's involvement therein.

18      Topic 2:  The conception, design and development of the MGA Projects,
    including without limitation the chronology thereof.

19      Topic 3:  The identity of, and the design, development and first sale of, any
20  products resulting from the MGA Projects.

21      Topic 6:  The identity of documents and tangible items that relate to the MGA
    Projects.

22      Topic 7:  The identity, source and current location of each head that was
23  provided by, for, on behalf of MGA or any of its representatives to Anna Rhee
    for painting prior to October 21, 2000.

24      Topic 8:  The identity of each person involved in the conception, design,
25  development, production, sculpting, rotocasting, molding, modeling or
    prototyping of each head that was provided by, for or on behalf of MGA or any
26  //   of its representatives to Anna Rhee for painting prior to October 21, 2000.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                     9

EXHIBIT **47**, PAGE 762

1   Zeller Decl., Ex. 1.  MGA also designated Ms. Garcia to testify regarding the following

2   topics in the Second Notice:

3      Topic 1:  The origin, conception, creation, design, sculpting, development,
    engineering, rotocasting, modeling and prototyping of BRATZ and BRATZ

4   DESIGNS CREATED prior to June 30, 2001 (regardless of when or whether
    such was released in any form to the public), including without limitation the

5   timing thereof; the IDENTITY of each PERSON with knowledge thereof, the
    IDENTITY of each PERSON involved therein, and the nature, extent and time

6   period(s) of each such PERSON's involvement.

7      Topic 2:  The circumstances under which BRATZ or any BRATZ DESIGN first
    came to YOUR attention, including without limitation the timing, method and

8   manner thereof and the IDENTITY of each PERSON with knowledge thereof.

9      Topic 3:  The identity of each doll, product, work or item produced, developed,
    manufactured, licensed, sold or offered for sale by or for YOU or on YOUR

10  behalf that was BASED ON any BRATZ DESIGN which BRYANT CREATED.

11     Topic 4:  To the extent not covered by Topic 3, each EMBODIMENT of any
    doll, doll accessory or toy that BRYANT CREATED prior to June 30, 2001.

12

13     Topic 5:  The work, activities and/or services that BRYANT performed for or
    with YOU or on YOUR behalf prior to June 30, 2001.

14     Topic 6:  The origin, conception and creation of DESIGNS that BRYANT
    CREATED prior to June 30, 2001 and in which YOU claim to have, or have ever

15  claimed to have, any right, title or interest (whether in whole or in part).

16     Topic 7:  The identity of, and the design, development, sculpting, development,
    engineering, rotocasting, modeling, prototyping and first sale of, any doll,

17  product, work or item that has been produced, developed, manufactured,
    licensed, sold or offered for sale by, for or on behalf of YOU and that was

18  BASED ON any DESIGN referenced in Topic 6.

19     Topic 8:  Each EMBODIMENT of BRATZ that was CREATED prior to June
    30, 2001 or that was at any time BASED ON any BRATZ DESIGN which was

20  CREATED prior to June 30, 2001.

21     Topic 9:  The DRAWINGS, including without limitation the authorship,
    creation, dissemination and use thereof and the source, meaning, authenticity and

22  timing of any dates thereof.

23     Topic 10:  The IDENTITY of each vendor or third party who performed or
    contributed, or who was considered, solicited, requested, proposed or

24  contemplated by YOU or BRYANT to perform or contribute, any activities,
    work or services in connection with BRATZ or BRATZ DESIGNS prior to June

25  30, 2001, YOUR COMMUNICATIONS therewith, and the nature, extent and
    timing of such activities, work or services.

26

27     Topic 12:  The actual, proposed, requested or contemplated manufacture,
    fabrication or tooling (including the production of molds) of BRATZ, including

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT **47**, PAGE 763

without limitation the timing thereof and the IDENTITY of each manufacturer and potential manufacturer used, proposed or considered.

Topic 13: COMMUNICATIONS prior to June 30, 2001 between YOU and any manufacturer, distributor, wholesaler, retailer, or any contemplated, proposed or potential manufacturer, distributor, wholesaler or retailer, that REFER OR RELATE TO BRATZ or any BRATZ DESIGN.

Topic 16: COMMUNICATIONS BETWEEN YOU AND BRYANT prior to January 1, 2001, including without limitation the content, means and timing of such COMMUNICATIONS, the IDENTITY of the PERSONS who were parties thereto and the DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

Topic 17: COMMUNICATIONS that BRYANT made for YOU or on YOUR behalf with any PERSON other than YOU that REFER OR RELATE TO BRATZ prior to June 30, 2001.

Topic 29: COMMUNICATIONS made by, for or on behalf of YOU, whether directly or indirectly, with Anna Rhee, including without limitation since February 2005(but not including any such COMMUNICATIONS with her legal counsel).

Topic 30: COMMUNICATIONS between YOU and Veronica Marlow, Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), Sarah Halpern, Steve Linker, Liz Hogan and/or Jesse Ramirez that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee, including without limitation all DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

Topic 35: COMMUNICATIONS between YOU and Universal Commerce Corp., Ltd, prior to June 30, 2001.

Topic 36: The source, meaning and authenticity of SL00013-14, including without limitation the timing of its creation and the handwriting thereon.

Zeller Decl., Ex. 3. The specific topics identified above for which Ms. Garcia has been designated are relevant and proper. It is unrealistic to require Mattel to cover the number and breadth of topics for which Ms. Garcia has been designated to testify in a matter of fourteen hours.

In addition, just two days prior to the scheduled deposition, MGA produced approximately 7,600 pages of documents. Mattel has reviewed these documents and determined that Ms. Garcia's name appears on the bulk of the documents. Mattel also determined that a significant portion of the documents pertain to a key period (2000 or the first

EXHIBIT **47**, PAGE 764

1    half of 2001) and that some deal with the early development of Bratz while Carter Bryant was

2    still with Mattel. Regardless of where the fault lies for the belated document production, Mattel

3    is entitled to a fair examination of the deponent regarding these 7,600 pages of documents.[6]

4          Mattel is also entitled to additional time to depose Ms. Garcia because MGA improperly

5    instructed her not to answer questions regarding MGA Mexico. See Zeller Decl., Ex. 9 at

6    439:10-442:6 and 445:14-18. Although the parties had an agreement to limit the scope of Ms.

7    Garcia's deposition to Bryant-related issues, that agreement was never presented to the court for

8    approval and therefore does not have the force and effect of a court order. In the absence of a

9    court order, an instruction not to answer is improper unless necessary to preserve a privilege.

10   See Fed.R.Civ.P. 30(d)(1).

11         In summary, the four factors above provide ample good cause to justify additional time

12   to depose Ms. Garcia.

13   B. Instructions Not To Answer Deposition Questions

14         Mattel next contends that counsel improperly asserted the attorney-client privilege as to

15   certain deposition questions. In opposition, MGA contends that counsel properly instructed Ms.

16   Garcia not to answer to avoid revealing the substance of protected attorney-client

17   communications.

18         The attorney-client privilege protects an attorney's communication of legal advice to his

19   client, as well as the client's communication of information to the attorney "to enable him to give

20   sound and informed advice." Upjohn Co. v. United States, 449 U.S. 383, 390 (1981). The

21   protection extends only to communications; however, it does not extend to the facts underlying

22   privileged communications. Id. at 395-96. The Ninth Circuit has described the elements of the

23   attorney-client privilege as follows: "(1) When legal advice of any kind is sought (2) from a

24

25
        [6] Furthermore, during the hearing, Mattel indicated that MGA produced more than 100,000 documents
26   after Ms. Garcia's deposition. This production of documents provides additional justification for resuming Ms.
     Garcia's deposition.
27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                              12

EXHIBIT __47__, PAGE __765__

1  professional legal adviser in his or her capacity as such, (3) the communications relating to that

2  purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently

3  protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be

4  waived." United States v. Martin, 278 F.3d 988, 999 (9th Cir.2002).  The party asserting the

5  privilege has the burden of establishing that the privilege applies.  In re Grand Jury Investigation,

6  974 F.2d 1068, 1070 (9th Cir. 1992).

7       In the first excerpt at issue, counsel, Ms. Torres, interjected an objection and instruction

8  not to answer:

9       Q:  How is it that you learned Carter Bryant was employed by Mattel as of the
        time that he had this meeting with you and others that you reference as occurring
10       on September 1, 2000?

11      Ms. Torres:  I object and instruct the witness not to answer if her answer involves
        communications with counsel.
12

13      The Witness:  Then I can't answer the question.

14  Garcia Depo. at 273:6-14, Zeller Decl., Ex. 9.  This objection is sustained because a response

15  would have necessarily revealed the substance of a protected attorney-client communication.

16      In the next excerpt at issue, Mattel posed another question regarding Mr. Bryant's

17  employment with Mattel:

18      Q:  What facts are you aware of from any source as to whether or not Mr. Bryant
        was still working for Mattel as of September 1, 2000?
19

20      Ms. Torres:  I am going to caution the witness not to disclose attorney-client
        communications.  If you can answer that otherwise, go ahead.

21      The Witness:  Then I can't

22      (Instruction not to answer.)

23      Mr. Page:  I pose an objection as to form.

24      The Witness:  I can't answer the question.

25      Mr. Zeller:  Because of the instruction?

26      The Witness:  Yes.

27  //

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                    13

EXHIBIT **47**, PAGE 766

1   Garcia Depo. at 273:20-275:2, Zeller Decl., Ex. 9. The objection is sustained because of the

2   way the question is phrased. If the question had been posed differently, without reference to the

3   source of information and called for disclosure of facts only, the objection would have been

4   improper.

5         In the following excerpt, Ms. Garcia was asked how she learned of the arbitration

6   between Isaac and Fred Larian:

7         Q: At some point, did you come to learn that there was an arbitration or
          litigation between Isaac Larian and Fred Larian?
8
          A: Yes.
9
          Q: How did you learn that?
10
          (Ms. Torres): Objection, I'm going to instruct the witness not to answer if she
11        learned from counsel.

12        The Witness: I believe it was – I believe it was through his – Isaac's assistant.

13        Mr. Zeller: Was it – I'm blanking on her name. Was it still Dede Brown? Was
          it still Dede Brown at that time?
14
          A: I don't think so, but I'm not sure.
15
    Garcia Depo. at 349:7-21; Zeller Decl., Ex. 9. Ms. Garcia answered the question posed to her
16
    and therefore the objection is moot.
17
          In the next section, Ms. Garcia also gave a response to the question posed:
18
          Q: So is it fair to say that you don't have any knowledge or information as to
19        when it is that Mr. Bryant first created Bratz in any form?

20        Ms. Torres: Objection, vague, calls for a legal conclusion.

21        The Witness: Outside of privileged and confidential?

22        Ms. Torres: I will instruct you not to answer to the extent you have knowledge
          that comes solely from counsel.
23
          The Witness: No.
24
25  Garcia Depo. at 291:12-22, Zeller Decl., Ex. 9. Because Ms. Garcia gave a response, the

26  objection is moot.

27

28

1    In the following excerpts, Mattel sought to question Ms. Garcia about what caused her to

2    change her testimony after returning from a break in the deposition:

3    A: I don't mean to interrupt. I want to state something before we got started.
     With some more thought during our break, I just wanted to state for the record
4    that I am very sure that Margaret Leahy received the armature engineering
     drawings that I mentioned in my earlier testimony. I originally mentioned I
5    wasn't sure, but I'm very sure she received that sketch.

6    Q: What's your basis for now being very sure of that?

7    A: Taking a few minutes with fresh air and thinking through my memory more
     clearly. My memory is more sharp and more clear.
8
     Q: Between the time that you gave your prior answers about that particular
9    drawing and now, you obviously had discussions with MGA's counsel, is that
     correct?
10
11   A: Yes.

12   Q: Did you discuss with them that particular drawing?

13   Ms. Torres: I instruct the witness not to answer on the grounds of attorney-client
     privilege.
14
     (Instruction not to answer.)
15
     The Witness: I can't answer that question.
16
     (By Mr. Zeller)
17   Q: Did you look at the armature drawing that you're referring to?

18   A: During the break?

19   Q: Yes.

20   A: No.

21   Q: It's fair to say what you learned about that drawing was told to you by MGA's
     lawyers during the break?
22
     Ms. Torres: Objection, misstates the witness' testimony and calls for attorney-
23   client privilege communications. If you can answer without revealing attorney-
     client privileged communications, go ahead.
24
     The Witness: I can't answer the question.
25
     (By Mr. Zeller)
26   Q: Based upon the instruction that your counsel is giving you?

27   A: Yes.

28

EXHIBIT **47** , PAGE 768

1   Garcia Depo. at 617:16-619:2. The objections are overruled. The questions did not require Ms.

2   Garcia to reveal the content of an attorney-client communication. Rather, the questions posed

3   called for disclosure of underlying facts to which Mattel is entitled.

### IV. CONCLUSION

5   For the reasons set forth above, additional time to depose Paula Garcia in her individual

6   capacity and as a Rule 30(b)(6) designee is necessary for a fair examination pursuant to Rule

7   30(d)(2) and Rule 26(b)(2), Fed.R.Civ.P. MGA shall make Ms. Garcia available for deposition

8   for an additional fourteen hours.[7] Upon resumption of her deposition, Ms. Garcia shall provide

9   answers to the two questions where counsel's objections have been overruled. The deposition

10  shall be held at a mutually agreeable date and time, and shall be completed no later than

11  September 28, 2007. The motion for sanctions is denied.

12  Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

13  Master, Mattel shall file this Order with the Clerk of Court forthwith.

15  Dated: August 14, 2007

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

---

[7] During oral argument, MGA implied it may de-designate Ms. Garcia as to some topics. Without determining whether such a practice is proper or improper, if MGA does de-designate Ms. Garcia as to some topics, it will have no bearing on the finding that fourteen hours are necessary for a full and fair examination of Ms. Garcia in her individual and corporate capacities.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

16

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 14, 2007, I served the attached ORDER GRANTING MATTEL'S MOTION FOR AN EXTENSION OF TIME TO DEPOSE PAULA GARCIA IN HER INDIVIDUAL CAPACITY AS A 30(b)(6) DESIGNEE; DENYING REQUEST FOR MONETARY SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 14, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT __47__, PAGE __170__

# EXHIBIT 48

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 49

RECEIVED

SEP 2 1 2007
BRL 2:02PM

1   PATRICIA GLASER (S.B. #55668)
    CHRISTENSEN, GLASER, FINK,
2   JACOBS, WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
3   Los Angeles, CA 90067
    Telephone: (310) 553-3000
4   Facsimile: (310) 557-9815

5   DALE M. CENDALI (admitted *pro hac vice*)
    O'MELVENY & MYERS LLP
6   400 South Hope Street
    Los Angeles, CA 90071-2899
7   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407

8

9   Attorneys for MGA Entertainment, Inc.,
    MGA Entertainment (HK) Limited, MGAE
10  de Mexico S.R.L. de C.V., and Isaac Larian

11

12                  UNITED STATES DISTRICT COURT

                    CENTRAL DISTRICT OF CALIFORNIA
13
                        EASTERN DISTRICT
14  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                         (consolidated with CV 04-9059 & 05-2727)
15                Plaintiff,

16       v.                              MGA ENTERTAINMENT, INC.'S
                                         SUPPLEMENTAL DISCLOSURES
    MATTEL, INC., a Delaware             AND MGA ENTERTAINMENT (HK)
17  Corporation,                         LIMITED, MGAE DE MEXICO
                                         S.R.L. DE C.V., AND LARIAN'S
                    Defendant.
18                                       INITIAL DISCLOSURES UNDER
                                         RULE 26(a)(1)
19
20  CONSOLIDATED WITH               Judge: Hon. Stephen G. Larson
    MATTEL, INC. v. BRYANT and
21  MGA ENTERTAINMENT, INC. v.       Discovery Cut-Off:      March 3, 2008
    MATTEL, INC.
22

23

24

25

26

27

28

1    MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Limited

2    ("MGA Hong Kong"), MGAE de Mexico S.R.L. de C.V. ("MGA Mexico"), and

3    Isaac Larian ("Larian") (collectively the "MGA Parties") hereby submit the

4    following initial disclosures to Mattel, Inc. ("Mattel"), pursuant to Rule 26(a) of the

5    Federal Rules of Civil Procedure.  The MGA Parties make these initial disclosures

6    based upon information reasonably available to them and reserve the right to

7    identify additional documents and witnesses hereafter, and otherwise to provide

8    supplemental disclosures as appropriate or necessary.  To the extent prior initial

9    disclosures have been made by one or more of the MGA Parties, the instant

10   disclosures serve to incorporate and supplement any such prior disclosures.

11   **Witnesses**

12        The MGA Parties' initial disclosure of the identities of potential witnesses is

13   based solely upon such information discovered thus far, as well as the MGA

14   Parties' present analysis of the case, and shall not, in any way, be deemed to be a

15   representation that additional witnesses do not exist.  Accordingly, this disclosure is

16   subject to the MGA Parties' identification of additional individuals with knowledge

17   of facts supporting any of the material allegations, claims or  in the Consolidated

18   Action.  By indicating the general subject matter or information these individuals

19   may possess, the MGA Parties are in no way limiting their right to call any

20   individual listed herein to testify concerning other subjects.

21        Subject to the foregoing, individuals who will likely have discoverable

22   information relevant to the disputed facts alleged in the pleadings and the subject

23   matter of the information are as follows:

24        1.       Arnold Artavia.  MGA believes that Mr. Artavia is a current

25   Mattel employee.  Mr. Artavia was deposed on September 21, 2006 and possesses

26   the information set forth in his deposition testimony.

27        2.       Erika Ashbrook.  MGA believes that Ms. Ashbrook is a current

28   Mattel employee.  Ms. Ashbrook may possess information relevant to Mattel's

- 1 -

1   efforts to obtain undisclosed product information from MGA and to Mattel's

2   manipulation of MGA's retail displays.

3          3.       Schuyler Bacon.  Ms. Bacon is responsible for MGA's

4   recruiting activities.  Ms. Bacon may possess knowledge of facts in support of

5   MGA's defenses to Mattel's RICO and trade secret counterclaims.  Ms. Bacon may

6   be contacted through MGA's counsel of record.

7          4.       Manmohan Bhuller.  Mr. Bhuller is a former Mattel employee

8   and may possess knowledge of facts in support of MGA's claims of unfair

9   competition.

10         5.       Kevin Bloomfield.  Mr. Bloomfield is a Games Manager at

11  MGA.  Mr. Bloomfield may possess knowledge of the creation and design of

12  MGA's Alien Racers product line.  Mr. Bloomfield may be contacted through

13  MGA's counsel of record.

14         6.       Matthew Bousquette.  MGA believes that Mr. Bousquette is a

15  former President of Mattel Brands.  Mr. Bousquette may possess knowledge of

16  Mattel's serial copying of MGA's distinctive trade dress, trademarks, product

17  packaging, themes, ideas, and advertising; Mattel's dilution of MGA's famous

18  marks; Mattel's interference with MGA's advertising efforts; Mattel's threats to

19  and intimidation of retailers, suppliers, licensees, distributors, manufacturers, and

20  former employees and freelancers; Mattel's improper influence of standard-setting

21  and industry organization; Mattel's manipulation of MGA's retail displays and

22  other aspects of Mattel's unclean hands.

23         7.       Ron Brawer.  Mr. Brawer is MGA's President of Global Sales

24  and Planning.  Mr. Brawer may possess information relevant to some aspect or

25  aspects of MGA's sales and marketing of its products (including, without

26  limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky Fashion Makeover Head,"

27  "4-Ever Best Friends," "Mommy's Little Patient," and "Alien Racers").  Mr.

28  Brawer also has knowledge of facts in support of MGA's defenses to Mattel's

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT __49__, PAGE __781__

1   RICO and trade secret counterclaims, Mattel's unfair competition and Mattel's

2   unclean hands. Mr. Brawer may be contacted through MGA's counsel of record.

3         8.     Janine Brisbois. Ms. Brisbois is an employee of MGA Canada.

4   Ms. Brisbois has knowledge of facts in support of MGA's defenses to Mattel's

5   RICO and trade secret counterclaims. Ms. Brisbois may be contacted through

6   MGA's counsel of record.

7         9.     Kerri Brode. Ms. Brode was deposed on January 19, 2007 and

8   August 15, 2007 and possesses the information set forth in her deposition

9   testimony. Ms. Brode may be contacted through MGA's counsel of record.

10       10.    Charnayne Brooks. Ms. Brooks is an employee of MGA. Ms.

11   Brooks was deposed on March 2, 2007 and possesses the information set forth in

12   her deposition testimony. Ms. Brooks may be contacted through MGA's counsel of

13   record.

14       11.    Carter Bryant. Carter Bryant possesses information relevant to

15   the creation of the original "Bratz" drawings, and, to some extent, of the creation

16   and design by MGA of the first generation of "Bratz" dolls and timing thereof; the

17   nature and scope of his employment at Mattel; the nature and scope of his work for

18   and with MGA; and information relevant to his own defenses in this matter, as well

19   as knowledge of facts in support of MGA's defenses to Mattel's counterclaims.

20   Mr. Bryant may be contacted through his counsel of record.

21       12.    Janet Bryant. Ms. Bryant may be contacted through Carter

22   Bryant's counsel of record. Ms. Bryant possesses information concerning, among

23   other things, Mr. Bryant's general skills and talents as a designer and his

24   conception, creation, design and development of various matters when he was not

25   employed by Mattel.

26       13.    Tom Bryant. Tom Bryant may be contacted through Carter

27   Bryant's counsel of record. Tom Bryant possesses information concerning, among

28   other things, Mr. Bryant's general skills and talents as a designer and his

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT **49** , PAGE **782**

1   conception, creation, design and development of various matters when he was not

2   employed by Mattel.

3         14.    Yuval Caspi. Mr. Caspi is MGA's Vice President, Boys Toys.

4   Mr. Caspi may possess knowledge of the creation and design of MGA's Alien

5   Racers product line, logo and advertising, Mattel's copying of same, and Mattel's

6   efforts to tamper with MGA retail displays. Mr. Caspi may be contacted through

7   MGA's counsel of record.

8         15.    Jorge Castilla. Mr. Castilla is an employee of MGA. Mr.

9   Castilla may possess knowledge of facts in support of MGA's defenses to Mattel's

10  RICO and trade secret counterclaims. Mr. Castilla may be contacted through

11  MGA's counsel of record.

12        16.    Elise Cloonan. Ms. Cloonan is a former Mattel employee and

13  may possess information relevant to the timing of the conception and creation of the

14  original "Bratz" artwork by Carter Bryant prior to MGA's acquisition of rights

15  therein. Ms. Cloonan may be contacted through her counsel, Larry McFarland.

16        17.    Dan Cooney. Mr. Cooney is MGA's Vice President of Sales,

17  National Accounts. Mr. Cooney may possess information about consumer

18  confusion between Mattel products. Mr. Cooney may be contacted through MGA's

19  counsel of record.

20        18.    Jamie Cygielman. MGA believes that Ms. Cygielman is a

21  former Mattel employee. Ms. Cygielman may possess information relevant to

22  Mattel's unfair competition and unclean hands.

23        19.    Richard De Anda. MGA believes that Mr. De Anda currently is

24  Mattel's V.P. of Worldwide Security and may possess information relevant to

25  Mattel's investigations of MGA, Bryant, Larian and "Bratz."

26        20.    Thomas Debrowski. MGA believes that Mr. Debrowski is a

27  current Mattel employee. Mr. Debrowski may possess information relevant to

28  Mattel's unfair competition and unclean hands.

- 4 -

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT **49**, PAGE **783**

21.     Sandrine de Raspide.  Ms. de Raspide is the former Licensing Manager at MGA.  Ms. de Raspide has knowledge of facts in support of MGA's unfair competition claims, including without limitation, threats to and intimidation of licensees.  Ms. de Raspide may be contacted through MGA's counsel of record.

22.     Leon Djiguerian.  Mr. Djiguerian is a Product Manager at MGA. Mr. Djiguerian may possess information relevant to some aspect or aspects the design and packaging of MGA products, including "Bratz."  Mr. Djiguerian may be contacted through MGA's counsel of record.

23.     Ann Driskill.  MGA believes that Ms. Driskill currently is a Mattel employee.  Ms. Driskill was deposed on December 15, 2004 and July 12, 2007 and possesses the information set forth in her deposition testimony.

24.     Robert Eckert.  MGA believes that Mr. Eckert currently is the CEO of Mattel.  Mr. Eckert may possess knowledge of Mattel's serial copying of MGA's distinctive trade dress, trademarks, product packaging, themes, ideas, and advertising; Mattel's dilution of MGA's famous marks; Mattel's interference with MGA's advertising efforts; Mattel's threats to and intimidation of retailers, suppliers, licensees, distributors, manufacturers, and former employees and freelancers; Mattel's improper influence of standard-setting and industry organization; and/or Mattel's manipulation of MGA's retail displays.

25.     Margo Eldridge.  Ms. Eldridge is a freelancer who formerly worked for MGA producing commercials for "Bratz."  MGA believes that Ms. Eldridge currently works as a freelancer for Mattel.  MGA believes that Ms. Eldridge may possess knowledge relevant to some aspect or aspects of Mattel's serial copying of MGA's advertising; Mattel's efforts to interfere with the production of MGA's commercials; Mattel's efforts to improperly influence CARU and Nickelodeon; and Mattel's efforts to disseminate false information to retailers. Ms. Eldridge may also possess information relevant to Mattel's threats to and intimidation of former employees and/or freelancers.

EXHIBIT __49__, PAGE __184__ - 5 -

1     26.     Kevin Farr.  MGA believes that Mr. Farr is Mattel's Chief

2  Financial Officer.  Mr. Farr may possess information relevant to damages.

3     27.     Adrienne Fontanella.  MGA believes that Ms. Fontanella is the

4  former President of Girls at Mattel.  Ms. Fontanella may possess knowledge of

5  Mattel's serial copying of MGA's distinctive trade dress, trademarks, product

6  packaging, themes, ideas, and advertising; Mattel's dilution of MGA's famous

7  marks; Mattel's interference with MGA's advertising efforts; Mattel's threats to

8  and intimidation of retailers, suppliers, licensees, distributors, manufacturers, and

9  former employees and freelancers; Mattel's improper influence of standard-setting

10  and industry organization; and/or Mattel's manipulation of MGA's retail displays.

11     28.     Lissa Freed.  MGA believes that Ms. Freed currently is a Mattel

12  employee.  Ms. Freed was deposed on May 3, 2007 and possesses the information

13  set forth in her deposition testimony.

14     29.     Neil Friedman.  MGA believes that Mr. Friedman is President of

15  Mattel Brands.  Ms. Friedman may possess knowledge of Mattel's serial copying

16  of MGA's distinctive trade dress, trademarks, product packaging, themes, ideas,

17  and advertising; Mattel's dilution of MGA's famous marks; Mattel's interference

18  with MGA's advertising efforts; Mattel's threats to and intimidation of retailers,

19  suppliers, licensees, distributors, manufacturers, and former employees and

20  freelancers; Mattel's improper influence of standard-setting and industry

21  organizations; and/or Mattel's manipulation of MGA's retail displays.

22     30.     Jeanne Galvano.  Ms. Galvano possesses information relevant

23  to, among other things, the timing of the creation of the original "Bratz" drawings

24  by Carter Bryant and Mr. Bryant's general skills and talents as an artist.

25     31.     Paula Garcia.  Ms. Garcia is MGA's Vice President of Product

26  Design and Development and has been involved in the design and development of

27  MGA's "Bratz" dolls.  Ms. Garcia was deposed in May, 2007, and possesses the

28  information set forth in her deposition testimony.  Ms. Garcia may be contacted

EXHIBIT __49__, PAGE __185__

-6-

1   through MGA's counsel of record.

2       32.    Marcy George. Ms. George is MGA's Domestic Director of

3   Licensing. Ms. George has knowledge of MGA's licensing of "Bratz" in the

4   United States. Ms. George may be contacted through MGA's counsel of record.

5       33.    Diane Goveia Gordon. Ms. Gordon is an employee of MGA

6   Canada. Ms. Gordon may possess knowledge of facts in support of MGA's

7   defenses to Mattel's RICO and trade secret counterclaims. Ms. Gordon may be

8   contacted through MGA's counsel of record.

9       34.    Sarah Halpern. Ms. Halpern is a freelance vendor who worked

10   for MGA on the fashions for certain "Bratz" products, including MGA's first

11   generation of "Bratz" dolls. Ms. Halpern may possess information relevant to some

12   aspect or aspects of the creation and design by MGA of the first generation of

13   "Bratz" dolls, in particular with respect to some aspect or aspects of the fashion

14   designs. Ms Halpern may be contacted through her attorney, Larry McFarland,

15   Esq.

16       35.    Rebecca Harris. Ms. Harris is a current MGA employee. She

17   was deposed in August 2007 and possesses the information set forth in her

18   deposition testimony. Ms. Harris may be contacted through MGA's counsel of

19   record.

20       36.    Connie Hibbert. MGA believes that Ms. Hibbert is a current

21   Mattel employee. Ms. Hibbert may possess information relevant to Mattel's

22   manipulation of MGA's retail displays.

23       37.    Martin Hitch. Mr. Hitch formerly worked as MGA's V.P. of

24   International Sales. Mr. Hitch may possess knowledge of sales of "Bratz"

25   including first generation "Bratz."

26       38.    Rob Hudnut. MGA believes that Mr. Hudnut is a current Mattel

27   employee. Mr. Hudnut was deposed on July 13, 2007 and August 20, 2008 and

28   possesses the information set forth in his deposition testimony.

MGA'S SUPP. DISCLOSURES AND MGA HK, MGA MEXICO, AND LARIAN'S INITIAL DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT __49__, PAGE __786__

1       39.     Jim Huntley.  Mr. Huntley is a former MGA employee.  He may

2  possess knowledge about MGA's marketing of its "Bratz" line of products after the

3  start of his employment at MGA.

4       40.     Richard Irmen.  Mr. Irmen is a personal acquaintance of Mr.

5  Bryant and possesses information relevant to, among other things, the timing of the

6  creation of the original "Bratz" drawings by Carter Bryant.

7       41.     Julia Jensen.  MGA believes that Ms. Jensen is a current Mattel

8  employee.  Ms. Jensen was deposed on June 8, 2007 and possesses the information

9  set forth in her deposition testimony.

10      42.     Fred Kawashima.  MGA believes that Mr. Kawashima is a

11  current Mattel employee.  Mr. Kawashima was deposed on January 17, 2007 and

12  June 19, 2007 and possesses the information set forth in his deposition testimony.

13      43.     Alan Kaye.  MGA believes that Mr. Kaye is Mattel's Senior

14  Vice President of Human Resources.  Mr. Kaye was deposed on December 10,

15  2004 and June 21, 2007 and possesses the information set forth in his deposition

16  testimony.

17      44.     Ellen Komatsu.  Ms. Komatsu is a Senior Designer at MGA.

18  Ms. Komatsu may possess information relevant to some aspect or aspects of the

19  design of MGA's "Bratz" dolls.  Ms. Komatsu may be contacted through MGA's

20  counsel of record.

21      45.     Susana Kuemmerle.  Ms. Kuemmerle is an employee of MGA

22  Mexico.  Ms. Kuemmerle has knowledge of facts in support of MGA's defenses to

23  Mattel's RICO and trade secret counterclaims.  Ms. Kuemmerle may be contacted

24  through MGA's counsel of record.

25      46.     Michael Kukar.  Mr. Kukar is an employee of MGA.  Mr. Kukar

26  may possess information relevant to the creation of "Bratz" character art.  Mr.

27  Kukar may be contacted through MGA's counsel of record.

28      47.     Timothy Kilpin.  MGA believes that Mr. Kilpin currently is

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT **49** , PAGE **787**

1    Senior VP Marketing and Design at Mattel. Mr. Kilpin may possess knowledge of

2    the announcement of Mattel's suit against Mr. Bryant, Mattel's serial copying of

3    MGA's distinctive trade dress, trademarks, product packaging, themes, ideas, and

4    advertising; Mattel's dilution of MGA's famous marks; and consumer confusion

5    between Mattel products and MGA products.

6         48.    Isaac Larian. Mr. Larian is MGA's President and Chief

7    Executive officer. Mr. Larian may possess information relevant to material

8    allegations in the Consolidated Action, including MGA's acquisition of rights to the

9    original "Bratz" drawings by Carter Bryant, some aspect or aspects of the creation,

10   design and development of the "Bratz" dolls, Mattel's serial copying of MGA's

11   products (including, without limitation, "Bratz" dolls, "Bratz Petz," the "Bratz

12   Funky Fashion Makeover Head," "4-Ever Best Friends," "Mommy's Little

13   Patient," and "Alien Racers"); Mattel's serial copying of MGA's distinctive trade

14   dress, trademarks, product packaging, themes, ideas, and advertising; Mattel's

15   dilution of MGA's famous marks; Mattel's interference with MGA's advertising

16   efforts; Mattel's threats to and intimidation of retailers, suppliers, licensees,

17   distributors, manufacturers, and former employees and freelancers; Mattel's

18   improper influence of standard-setting and industry organization; Mattel's

19   manipulation of MGA's retail displays; damages suffered by MGA as a result of

20   Mattel's conduct; and facts in support of MGA's defenses to Mattel's

21   counterclaims. Mr. Larian may be contacted through his counsel of record.

22        49.    Margaret (Hatch) Leahy: Ms. Leahy is a former freelancer and

23   employee of MGA. She possesses information relevant to some aspect or aspects

24   of the sculpting of the first generation of "Bratz" dolls, and samples, prototypes and

25   prior iterations thereof. Ms. Leahy also may possess information relevant to some

26   aspect or aspects of the sculpting of the "4-Ever Best Friends" dolls, the "Bratz

27   Winter Wonderland" and "Bratz Formal Funk" themes, "Prayer Angels," and the

28   "Mommy's Little Patient" doll. Ms. Leahy may be contacted through her counsel

- 9 -

EXHIBIT **49**, PAGE **788**

1    Larry McFarland, Esq.

2        50.     Edmond Lee. Mr. Lee is the Managing Director of MGA

3    Entertainment (HK) Limited. Mr. Lee may possess knowledge of some aspect or

4    aspects of the development and manufacture of the "contested" MGA Products

5    (including, without limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky

6    Fashion Makeover Head," "4-Ever Best Friends," "Mommy's Little Patient," and

7    "Alien Racers") and "Prayer Angels;" Mattel's serial copying of MGA's products;

8    Mattel's threats to and intimidation of retailers, suppliers, licensees, distributors,

9    manufacturers, and former employees and freelancers; and knowledge of facts in

10   support of MGA's defenses to Mattel's counterclaims. Mr. Lee may be contacted

11   through MGA's counsel of record.

12       51.     Stephen Lee. Mr. Lee is the former managing director of MGA

13   HK. Mr. Lee may possess information relevant to some aspect or aspects of

14   MGA's creation, design and development of MGA's "Bratz" dolls, including the

15   first generation of those dolls.

16       52.     Steve Linker. Mr. Linker is a former Mattel employee and

17   freelancer. He was deposed on September 13, 2006 and possesses the information

18   set forth in his deposition testimony.

19       53.     Diana Luna. Ms. Luna is MGA's Director of International

20   Licensing. Ms. Luna has knowledge of MGA's licensing of "Bratz"

21   internationally. Ms. Luna may be contacted through MGA's counsel of record.

22       54.     Kris Lynch. Ms. Lynch is a former Mattel employee and may

23   possess knowledge of Mattel's "Diva Starz" project and other non-Barbie products.

24       55.     Carlos Gustavo Machado Gomez. Mr. Machado is an employee

25   of MGA. Mr. Machado may possess knowledge of facts in support of MGA's

26   defenses to Mattel's RICO and trade secret counterclaims. Mr. Machado may be

27   contacted through his counsel of record.

28       56.     Dave Malacrida. Mr. Malacrida is MGA's V.P. of Public

- 10 -

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT __49__, PAGE __789__

1    Relations. Mr. Malacrida was deposed in August, 2007, and possesses the
2    information set forth in his deposition testimony. Mr. Malacrida may be contacted
3    through MGA's counsel of record.

4          57.    Julia Marine. MGA believes that Ms. Marine is a current Mattel
5    employee. Ms. Marine was deposed on September 21, 2006, November 8, 2006
6    and June 27, 2007 and possesses the information set forth in her deposition
7    testimony.

8          58.    Veronica Marlowe. Ms. Marlowe formerly was a freelance
9    designer for MGA. Ms. Marlowe may possess information relevant to some aspect
10   or aspects of the creation and design of MGA's "Bratz" dolls; and Mattel's threats
11   to and intimidation of former employees and/or freelancers. Ms. Marlowe may be
12   contacted through her counsel Larry McFarland, Esq.

13         59.    Liliana Martinez. MGA believes that Ms. Martinez currently is
14   a Mattel employee. Ms. Martinez was deposed on May 20, 2005 and possesses the
15   information set forth in her deposition as well as information concerning Mattel's
16   creation, design and development of its "My Scene" line of fashion dolls.

17         60.    Mary Carmen Mendez. MGA believes that Ms. Mendez is a
18   former Mattel employee. Ms. Mendez may possess knowledge about Mattel's
19   unfair competitive practices.

20         61.    Jill Nordquist. MGA believes that Ms. Nordquist currently is a
21   Marketing Director at Mattel. Ms. Nordquist was deposed on July 31, 2007 and
22   possesses the information set forth in her deposition testimony.

23         62.    Victoria O'Connor. Ms. O'Connor formerly worked as MGA's
24   V.P. of Licensing. Ms. O'Connor possesses information relevant to some aspect or
25   aspects of the timing of MGA's acquisition of rights in the original "Bratz"
26   drawings by Bryant and the design and licensing by MGA of the first generation of
27   "Bratz" dolls. Ms. O'Connor also possesses information relevant to MGA's
28   negotiations with Bryant and his attorney for the acquisition of the rights in the

- 11 -

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT **49**, PAGE **790**

1   original "Bratz" drawings. Ms. O'Connor may also possesses information relevant
2   to some aspect of aspects of MGA's licensing of the "Bratz" concept; Mattel's
3   serial copying of MGA's distinctive trade dress, trademarks, product packaging,
4   themes, ideas, and advertising; and Mattel's threats to and intimidation of licensees.

5          63.     Colleen O'Higgins. Ms O'Higgins formerly worked as a
6   Product Manager at MGA. Ms. O'Higgins may possesses information relevant to
7   the timing or creation of "Bratz" and some aspect or aspects of the marketing of
8   "Bratz."

9          64.     Kislap Ongchango. MGA believes that Mr. Ongchango
10  currently is a Mattel employee. Mr. Ongchango was deposed on April 24, 2007
11  and possesses the information set forth in his deposition testimony.

12         65.     Rod Palmer. MGA believes that Mr. Palmer currently is a
13  Mattel employee. Mr. Palmer was deposed on June 26, 2007 and possesses the
14  information set forth in his deposition testimony.

15         66.     Ann Parducci. MGA believes that Ms. Parducci is a former
16  Mattel employee. Ms. Parducci may possess information relevant to Mattel's
17  practices regarding Mattel's creation, design and development of fashion dolls,
18  Mattel's reaction to "Bratz," Bryant's work at Mattel and Mattel's knowledge of
19  Bryant's involvement in the design of the first generation of MGA's "Bratz" dolls.

20         67.     Cassidy Park. MGA believes that Ms. Park is a current or
21  former Mattel employee. Ms. Park was deposed on March 2, 2005 and possesses
22  the information set forth in her deposition testimony.

23         68.     Tom Park. Mr. Park is a former MGA employee. Mr. Park may
24  possess knowledge of facts in support of MGA's defenses to Mattel's RICO and
25  trade secret counterclaims.

26         69.     Rene Pasko. MGA believes that Ms. Pasko currently is a Mattel
27  employee. Ms. Pasko was deposed on June 13, 2007 and possesses the information
28  set forth in her deposition testimony.

- 12 -

EXHIBIT **49**, PAGE **191**

70.     Tina Patel.  Ms. Patel was a Brand Manager for "Bratz" while employed by MGA and later became a Mattel employee but, to MGA's knowledge, is no longer a Mattel employee.  Ms. Patel may possess information relevant to Mattel's investigation of MGA and its executives, employees and freelancers, and other aspects of Mattel's unfair competition and unclean hands.

71.     Ninette Pembleton.  Ms. Pembleton is MGA's V.P. of Operations.  Ms. Pembleton may possess knowledge of some aspect or aspects of the creation and design of MGA products, including "Mommy's Little Patient" and "Alien Racers"; Mattel's serial copying of MGA's products (including, without limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky Fashion Makeover Head," "4-Ever Best Friends," "Mommy's Little Patient," and "Alien Racers"); and Mattel's serial copying of MGA's distinctive trade dress, trademarks, product packaging, themes, ideas, and advertising.  Ms. Pembleton may be contacted through MGA's counsel of record.

72.     Joni Pratt.  MGA believes that Ms. Pratt currently is a Mattel employee.  Ms. Pratt was deposed on June 1, 2007 and possesses the information set forth in her deposition testimony.

73.     Ramona Prince.  Ms. Prince is a notary public and was deposed in 2004.  She possesses information relevant to some aspect or aspects of the timing of Mr. Bryant's creation of the original "Bratz" drawings.  Ms. Prince may be contacted through her counsel of record.

74.     Jesse Ramirez.  Mr. Ramirez is the owner of South Bay Molds and may possess information relevant to the timing of MGA's design of the first generation of "Bratz" dolls, specifically with respect to the creation of molds therefor.

75.     David Rosenbaum.  Mr. Rosenbaum is MGA's former counsel. He possesses information relevant to the negotiation of the MGA-Bryant contract.

76.     Ivy Ross.  MGA believes that Ms. Ross is a former Mattel

- 13 -

EXHIBIT **49** , PAGE **792**

1  employee.  Ms. Ross may possess information relevant to Mattel's employment

2  policies and practices, practices regarding Mattel's creation, design and

3  development of fashion dolls, Bryant's work at Mattel, Mattel's investigation of

4  MGA and its executives, employees and freelancers and other aspects of Mattel's

5  unclean hands.

6        77.     Shirin Salemnia.  Ms. Salemnia is a Research Manager for

7  MGA.  Ms. Salemnia may possess information relevant to the packaging, themes,

8  ideas, advertising and market research related to MGA's products (including,

9  without limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky Fashion Makeover

10  Head," "4-Ever Best Friends," "Mommy's Little Patient," and "Alien Racers").

11  Ms. Salemnia may be contacted through MGA's counsel of record.

12        78.     Chuck Scothon.  MGA believes that Mr. Scothon currently is a

13  General Manager and Senior VP of Girls at Mattel Brands.  Mr. Scothon may

14  possess knowledge of Mattel's serial copying of MGA's distinctive trade dress,

15  trademarks, product packaging, themes, ideas, and advertising; Mattel's dilution of

16  MGA's famous marks; Mattel's interference with MGA's advertising efforts;

17  Mattel's threats to and intimidation of retailers, suppliers, licensees, distributors,

18  manufacturers, and former employees and freelancers; Mattel's improper influence

19  of standard-setting and industry organization; and Mattel's manipulation of MGA's

20  retail displays.

21        79.     Shelly Shibata.  Ms. Shibata is MGA's Senior Director of New

22  Dolls and Toys.  Ms. Shibata may possess information relevant to licensing of and

23  style guides for MGA's "Bratz" dolls.  Ms. Shibata may be contacted through

24  MGA's counsel of record.

25        80.     Aileen Storer.  Ms. Storer currently is Creative Director of Bratz

26  & Dolls for MGA.  Ms. Storer may possess information relevant to some aspect or

27  aspects of the creation and design of packaging, logos and branding of MGA

28  products, including  without limitation the first generation of "Bratz" dolls..  Ms.

EXHIBIT **49**, PAGE **793**

- 14 -

1   Storer may be contacted through MGA's counsel of record.

2   81.   Steven Tarmichael.  Mr. Tarmichael is a freelance hair rooter

3   and worked as such for MGA in connection with some of MGA's "Bratz" dolls.

4   Mr. Tarmichael may possess information relevant to some aspect or aspects of the

5   design of "Bratz" dolls, including without limitation the first generation of "Bratz"

6   dolls.

7   82.   Mariana Trueba.  Ms. Trueba is an employee of MGA Mexico.

8   Ms. Trueba may possess knowledge of facts in support of MGA's defenses to

9   Mattel's RICO and trade secret counterclaims.  Ms. Trueba may be contacted

10  through MGA's counsel of record.

11  83.   Pablo Vargas.  Mr. Vargas is an employee of MGA Mexico.

12  Mr. Vargas may possess knowledge of facts in support of MGA's defenses to

13  Mattel's RICO and trade secret counterclaims.  Mr. Vargas may be contacted

14  through MGA's counsel of record.

15  84.   Ann Wang.  Ms. Wang may possess information relevant to the

16  negotiation of the MGA-Bryant contract.

17  85.   Mercedah Ward.  MGA believes that Ms. Ward is a former

18  Mattel employee.  Ms. Ward also is a former MGA employee.  Ms. Ward possesses

19  information relevant to aspects of the creation, design and development of the first

20  generation of MGA's "Bratz" dolls, Mattel's serial copying of MGA's products

21  (including, without limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky

22  Fashion Makeover Head," "4-Ever Best Friends," "Mommy's Little Patient," and

23  "Alien Racers"); Mattel's serial copying of MGA's distinctive trade dress,

24  trademarks, product packaging, themes, ideas, and advertising; and Mattel's

25  dilution of MGA's famous marks.

26  86.   Sandy Yonemoto.  MGA believes that Ms. Yonemoto is the

27  Manager of Human Resources Communications at Mattel.  Ms. Yonemoto was

28  deposed on May 30, 2007.  She possesses the information set forth in her deposition

EXHIBIT **49**, PAGE **794**   - 15 -   MGA'S SUPP. DISCLOSURES AND MGA HK, MGA MEXICO, AND LARIAN'S INITIAL DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1    transcript.

2    　　　87.　　Various present or former employees and contractors of MGA

3    are potential witnesses, including, but not limited to, those listed on MGA's Fourth

4    Supplemental Response to Interrogatory No. 1 of Mattel's First Set of

5    Interrogatories Re: Claims of Unfair Competition. Such current employees of

6    MGA may be contacted through MGA's counsel of record. MGA is currently

7    unable to identify the specific witnesses and information such witnesses may

8    possess.

9    　　　88.　　Various present or former employees and contractors of Mattel

10   as well as its various present or former suppliers, licensees, distributors and

11   merchandisers are potential witnesses. The identities, whereabouts and relevant

12   knowledge of such potential witnesses are best known by Mattel.

13   　　MGA reserves the right to further supplement its disclosures to identify

14   additional witnesses as they, or their relevance, become apparent or as otherwise

15   necessary or appropriate.

16   **Documents**

17   　　The MGA Parties' document identification to date is based solely upon such

18   information and documents that have been discovered thus far, as well as the MGA

19   Parties' present analysis of the case, and shall not in any way be deemed to be a

20   representation that additional documents do not exist. Accordingly, the MGA

21   Parties reserve the right to amend this disclosure pursuant to Rule 26(e) if

22   additional documents are identified. Furthermore, the MGA Parties reserve the

23   right to supplement or modify the disclosure based on information or documents

24   subsequently identified as pertinent to disputed facts. To the extent that one or

25   more of the MGA Parties already has identified documents pursuant to Rule 26(a),

26   the documents identified herein serve to supplement such prior disclosures.

27   　　Subject to the foregoing, and subject to, as applicable, the designations of

28   confidentiality which have or may be made pursuant to the terms and provisions of

EXHIBIT **49**, PAGE **795**

- 16 -

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1  the Stipulated Protective Order governing the disclosure of confidential material in

2  this case, the MGA Parties identify the following documents:

3         1.    Documents showing how long each of MGA's contested

4  "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products

5  have been sold to the public.

6         2.    Documents showing where each of MGA's contested "Bratz,"

7  "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products are

8  available and/or have been sold to the public.

9         3.    Advertisements for MGA's contested "Bratz," "Mommy's

10  Little," "4-Ever Best Friends," and "Alien Racers" products.

11         4.    Promotional materials, in-store displays, and point of purchase

12  displays for MGA's contested "Bratz," "Mommy's Little," "4-Ever Best Friends,"

13  and "Alien Racers" products.

14         5.    Documents showing the nature, scope and extent of MGA's

15  advertising program nationwide for MGA's contested "Bratz," "Mommy's Little,"

16  "4-Ever Best Friends," and "Alien Racers" products, including without limitation

17  advertising expenditures.

18         6.    Marketing documents and sales data for MGA's contested

19  "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products.

20         7.    Samples of MGA products and packaging that Mattel has

21  infringed.

22         8.    Copies of the commercials that Mattel has infringed.

23         9.    Documents showing Mattel's infringing products, packaging,

24  commercials and themes.

25         10.    Press regarding MGA's contested "Bratz," "Mommy's Little,"

26  "4-Ever Best Friends," and "Alien Racers" products.

27         11.    Market research concerning MGA's contested "Bratz,"

28  "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products.

12. Documents showing actual confusion between MGA's products and Mattel's products.

13. Documents showing that Mattel was aware of MGA's contested "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products, themes and/or advertising and knowingly imitated or copied them.

14. Documents showing the creation, design and development of MGA's first generation of "Bratz" dolls.

15. Documents showing the creation and design of the Contested Products, including "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products.

16. Documents showing the hiring and employment practices and policies of Mattel, including but not limited to contracts employees are asked to sign.

17. Documents demonstrating Carter Bryant's inspiration for his drawings he brought to MGA.

18. Examples of Carter Bryant's non-Bratz artwork.

19. Documents showing the sales and market share of Barbie dolls over the last 10 years.

20. Documents reflecting or evidencing Mattel's interference with MGA's advertising efforts; Mattel's threats to and intimidation of retailers, suppliers, licensees, distributors, manufacturers, and former employees and freelancers; Mattel's improper influence of standard-setting and industry organization; Mattel's manipulation of MGA's retail displays; Mattel's knowledge of Bryant's involvement with Bratz and its investigation of MGA and its executives, employees and freelance vendors; other aspects of Mattel's unclean hands; and the damages suffered by MGA as a result of Mattel's conduct.

21. MGA's admonitions to personnel hired from competitors, including Mattel.

MGA'S SUPP. DISCLOSURES AND MGA HK, MGA MEXICO, AND LARIAN'S INITIAL DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT __49__, PAGE __792__

22.   MGA's pre-hire communications with Ron Brawer.

23.   MGA's pre-hire communications with Gustavo Machado, Pablo Vargas and Mariana Trueba.

24.   MGA's pre-hire communications with Janine Brisbois.

25.   MGA's pre-hire communications with Jorge Castilla.

26.   Documents showing publicly available sales and marketing data for Mattel and other toy companies.

27.   Documents showing MGA's efforts to expand sales and marketing in Mexico.

28.   Other documents not yet in MGA's possession, custody or control but believed to be in possession of or under the custody or control of Mattel, as described in MGA's various requests for production of documents and things and/or third party subpoenas.

**Damages**

MGA seeks damages arising out of Mattel's acts of false designation of origin or affiliation, dilution, and unfair competition and unfair business practices. MGA seeks disgorgement of all profits derived by Mattel for its acts of false designation of origin or affiliation, dilution, and unfair competition and unfair business practices. MGA seeks costs, expenses, and reasonable attorneys' fees in prosecuting this action. MGA seeks punitive and/or exemplary damages as a result of Mattel's willful and malicious conduct to the extent allowable by law.

MGA is unable to calculate the amount of damages at this time because discovery has not yet been completed and such calculation may require the services of an expert witness.

**Insurance**

The required disclosure regarding insurance is presently inapplicable.

- 19 -

MGA'S SUPP. DISCLOSURES AND MGA HK, MGA MEXICO, AND LARIAN'S INITIAL DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT **49**, PAGE **798**

1

Dated:      September 2, 2007          O'MELVENY & MYERS LLP

2

3                                       By

4                                       Attorneys for MGA Entertainment, Inc.,
                                        MGA Entertainment (HK) Limited,
5                                       MGAE de Mexico S.R.L. de C.V., and
                                        Isaac Larian
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT **49**, PAGE **199**              - 20 -

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
LOS ANGELES

## PROOF OF SERVICE

I, Marie G. Lewis, am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 400 South Hope Street, Los Angeles, California 90071-2899. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service.

On September 21, 2007, I had the following document served by special messenger:

**MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL DISCLOSURES AND MGA ENTERTAINMENT (HK) LIMITED, MGAE DE MEXICO S.R.L. DE C.V., AND LARIAN'S INITIAL DISCLOSURES UNDER RULE 26(a)(1)**

upon counsel named below:

Michael T. Zeller, Esq.
Timothy Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 19th Floor
Los Angeles, CA 90017
    michaelzeller@quinnemanuel.com
    talger@quinnemanuel.com
*(Attorneys for Mattel)*

A courtesy copy was sent via electronic mail.

On September 21, 2007, I served said document by putting true and correct copies thereof in sealed envelopes, with postage fully prepaid, and placing the envelopes for collection and mailing today with the United States

EXHIBIT **49**, PAGE **300**

PROOF OF SERVICE
CASE NO. CV 04-9049 SGL (RNBX)

1  Postal Service in accordance with the firm's ordinary business practices, as
2  addressed below:
3
4  James W. Spertus, Esq.                    Michael H. Page, Esq.
   Law Offices of James W. Spertus           Keker & Van Nest LLP
5  12100 Wilshire Boulevard, Suite 620       710 Sansome Street
6  Los Angeles, CA 90025                     San Francisco, CA 94111
7  (Attorneys for Carlos Gustavo            (Attorneys for Carter Bryant)
   Machado Gomez)
8
9  Patricia Glaser, Esq.
   Christensen, Glaser, Fink, Jacobs,
10 Weil & Shapiro, LLP
11 10250 Constellation Blvd., 19th Floor
   Los Angeles, CA 90067
12
13 (Attorneys for MGA)
14
15      I declare under penalty of perjury that the foregoing is true and
16 correct.  Executed at Los Angeles, California, this 21st day of September,
17 2007.
18
19
20                                                    Marie G. Lewis
21
22
23
24
25
26
27
28

EXHIBIT **49**  PAGE **801**       - 2 -

PROOF OF SERVICE
CASE NO. CV 04-9049 SGL (RNBX)

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT 50

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**