1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2 |   johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3 |   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4 |   (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5 |   (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

| | |
|---|---|
| 12 CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13 Plaintiff, | Consolidated with |
| 14 vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 15 MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| 16 Defendant. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To** |
| 17 | **The Court's Order Of December 6, 2006]** |
| 18 AND CONSOLIDATED ACTIONS | MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL |
| 19 | PRODUCTION OF DOCUMENTS BY ANNE WANG; AND |
| 20 | MEMORANDUM OF POINTS AND |
| 21 | AUTHORITIES |
| 22 | [Declaration of B. Dylan Proctor filed concurrently herewith] |
| 23 | |
| 24 | Hearing Date:     TBD<br>Time:             TBD<br>Place:            TBD |
| 25 | |
| 26 | Phase 1<br>Discovery Cut-off:      January 28, 2008 |
| 27 | Pre-trial Conference:   May 5, 2008<br>Trial Date:             May 27, 2008 |
| 28 | |

1 | TO THIRD-PARTY ANNE WANG, AND ALL PARTIES AND THEIR
2 | ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE that at a conference before Discovery Master
4 | Hon. Edward Infante (Ret.) that will occur on a date and at a time to be determined
5 | by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the
6 | Court to compel third party Anne Wang to (1) produce documents included on her
7 | privilege log (Nos. 2-4 and 8-10) that are not privileged, and (2) produce
8 | discoverable documents she is improperly withholding in response to Mattel's
9 | subpoena dated October 26, 2007.

10      This Motion is made pursuant to Federal Rules of Civil Procedure 37
11 | and 45 on the grounds that Mattel's subpoena seeks discoverable information and
12 | Wang has failed and refused to produce responsive, non-privileged documents in
13 | response thereto.

14      This Motion is based on this Notice of Motion and Motion, the
15 | accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan
16 | Proctor filed concurrently herewith, the records and files of this Court, and all other
17 | matters of which the Court may take judicial notice.

18      Pursuant to the Stipulation for Appointment of a Discovery Master
19 | dated December 6, 2006, third-party Anne Wang will have 5 court days from the
20 | date of service of this motion to submit any written opposition or response.

1    ## Statement of Rule 37-1 Compliance

2           The parties met and conferred regarding this motion on December 18,

3    2007.

4

5    DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
6

7                                       By
                                          _____
8                                          Timothy L. Alger
                                           Attorneys for Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **TABLE OF CONTENTS**

2
3                                                                                          **Page**

4  Preliminary Statement ........................................................................................ 1

5  Background.......................................................................................................... 2

6  Argument ............................................................................................................ 4

7  I.   THE COURT SHOULD COMPEL THE PRODUCTION OF
        DOCUMENTS LISTED ON MS. WANG'S PRIVILEGE LOG .................... 4
8
        A.   The Draft Agreements Are Not Protected By The Work Product
9            Doctrine........................................................................................... 4

10      B.   The Draft Agreements On Ms. Wang's Privilege Log Are Not
             Protected By The Attorney-Client Privilege.......................................... 5
11
             1.   The Draft Agreements Sent from MGA to Bryant Are Not
12                Privileged.................................................................... 6

13           2.   The Attachment Sent from Ms. Wang to Bryant Is Not
                  Privileged.................................................................... 7
14
        C.   Ms. Wang's Handwritten Comments On These Draft Agreements
15           Are Not Privileged ................................................................... 7

16  II.  THE COURT SHOULD COMPEL THE PRODUCTION OF
        DOCUMENTS RESPONSIVE TO REQUEST NUMBER FOUR IN
17      MATTEL'S SUBPOENA TO ANNE WANG.................................................. 8

18  Conclusion ...................................................................................................... 10
19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

**Page**

3

## Cases

4

American Natl. Bank and Trust Co. of Chicago v. AXA Client Solutions,
5       2002 WL 1058776 (N.D. Ill. 2002).................................................................... 8

6   Cable & Computer Technology, Inc. v. Lockheed Sanders, Inc.,
        175 F.R.D. 646 (C.D. Cal. 1997) ........................................................................ 9
7
    Matter of Fischel,
8       557 F.2d 209 (9th Cir. 1977)................................................................................ 4

9   In re Gabapentin Patent Litigation,
        214 F.R.D. 178 (D.N.J. 2003).............................................................................. 7
10
    Softview Computer Prods. Corp. v. Haworth, Inc.,
11      2000 WL 351411 (S.D.N.Y. 2000) ...................................................................... 6

12  U.S. v. Martin,
        278 F.3d 988 (9th Cir. 2002)................................................................................ 5
13
    United States v. Abel,
14      469 U.S. 45 (1984)................................................................................................ 9

15  United States v. Munoz,
        233 F.3d 1117 (9th Cir. 2000).............................................................................. 7
16
    United States v. Torf,
17      357 F.3d 900 (9th Cir. 2004)................................................................................ 4

18  Unocal Corp. v. U.S.,
        2005 WL 3736952 (N.D.Cal. 2005) .................................................................... 6
19
    Upjohn Co. v. U.S.,
20      449 U.S. 383, 101 S. Ct. 677 (1981) ................................................................... 7

21

## Statutes

22

Fed. R. Civ. P. 26(b)(3) ................................................................................................ 4

23

24

## Other Authorities

25 8 Wright, Miller, and Marcus,
        Federal Practice and Procedure Civil 2d § 2024 .................................................. 4
26
    Wright & Miller,
27      Federal Practice & Procedure: Federal Rules of Evidence § 6095 ........................ 9

28

-ii-

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Anne Wang is an important witness in this case who Judge Larson granted Mattel leave to depose. Ms. Wang was counsel for Carter Bryant in September and October 2000 and advised him regarding his Bratz agreement with MGA. Mattel subpoenaed Ms. Wang's documents relating to this action in October 2007. So far, however, Ms. Wang has produced only seven pages of heavily redacted documents in response to this subpoena.

She also produced a privilege log which lists 13 entries. A number of these appear to be non-privileged. Five are draft agreements, the "sender" of which was MGA and the "recipient" of which was Carter Bryant. Ms. Wang contends these draft agreements contain handwritten comments she made, but her conclusion -- that she need not produce them even in redacted form -- is simply wrong. The draft agreements were exchanged between MGA and Bryant, who at the time were adverse parties in contract negotiations. The entirety of these documents cannot possibly be protected by the attorney-client privilege.

Moreover, Ms. Wang has not shown that any of her handwritten comments are protected either. Ms. Wang claims that these notes are covered by the work product doctrine. They are not. Ms. Wang has never suggested these draft agreements were prepared in anticipation of litigation, and the descriptions on her privilege log provide no basis for this assertion. Nor do they support any proper attorney-client privilege claim.

Ms. Wang has also imposed other improper limitations on Mattel's subpoena, on both privilege grounds and non-privilege grounds. Most notably, Ms. Wang refuses to produce documents in response to request number four in Mattel's subpoena, which requests communications between Ms. Wang and MGA or Isaac Larian prior to the end of 2002. If Ms. Wang -- Carter Bryant's lawyer -- had

1 | a relationship with MGA that is not yet known to Mattel, that would be highly
2 | relevant, bearing on, among other things, MGA's affirmative defense that it acted in
3 | good faith when it purported to acquire rights to Bratz from Bryant, partly in
4 | reliance on Wang's representations. Ms. Wang is improperly withholding such
5 | information and potentially other relevant documents.

6 |      The Court should compel Ms. Wang to produce the non-privileged
7 | documents listed on her privilege log and all other non-privileged documents
8 | responsive to Mattel's subpoena immediately.

9 |

10 | **Background**

11 |      Mattel's Subpoena to Ms. Wang. On October 26, 2007, Mattel served
12 | a subpoena for the production of documents on Ms. Wang.[1] The subpoena noticed
13 | November 14, 2007 as the date of production.[2] Upon request, Mattel agreed to give
14 | Ms. Wang until November 27, 2007 to serve written objections and until
15 | December 4, 2007 to produce documents.[3]

16 |      Ms. Wang's Response to Mattel's Subpoena. Ms. Wang served her
17 | response to Mattel's subpoena on November 27, 2007.[4] In her response, Ms. Wang
18 | stated, with respect to request number four, that she would only search for and
19 | produce documents that reflected communications between herself and MGA or
20 | Larian *relating to Carter Bryant or Bratz*, while Mattel's request asked for all such

21 |
22 |
23 |

24 | [1] Mattel, Inc.'s Subpoena to Anne Wang, dated October 26, 2007, attached as
Exh. 1 to the Declaration of B. Dylan Proctor filed concurrently ("Proctor Dec.").
25 | [2] Id.
26 | [3] Letter from Linda Burrow to Michael Zeller, dated November 14, 2007,
Proctor Dec., Exh. 2.
27 | [4] Third-Party Witness Anne Wang's Response to Subpoena, dated
28 | November 27, 2007, Proctor Dec., Exh. 3.

-2-

1   communications prior to December 31, 2002 regardless of subject matter.[5]

2   Ms. Wang then served her privilege log and seven pages of heavily redacted

3   documents on December 4, 2007.[6]  Ms. Wang 's privilege log lists 13 entries.[7]  Five

4   of these reference draft agreements, the sender of which was MGA and the recipient

5   of which was Carter Bryant.[8]  Her privilege log also lists a draft agreement and an

6   unspecified attachment sent from herself to Carter Bryant.[9]

7        The Meet and Confer On This Motion.  Counsel for Ms. Wang and

8   Mattel met and conferred regarding this motion on December 18, 2007.[10]

9   Ms. Wang's counsel refused to produce the draft agreements listed on her privilege

10  log even in redacted form, although they were sent by MGA to Bryant.[11]  She also

11  refused to provide any explanation as to the claim of privilege regarding the

12  unspecified "attachment" referenced in the third entry on her privilege log.[12]

13  Ms. Wang also refused to search for communications between herself and MGA or

14  Larian that do not refer or relate to Bryant.[13]  Since that meet and confer, Judge

15  Larson has granted Mattel leave to depose Ms. Wang.[14]  Mattel has subpoenaed

16  Ms. Wang to appear at deposition on January 28, 2008.[15]

17

18  ───────────────

19  [5]   Third-Party Witness Anne Wang's Response to Subpoena, dated
    November 27, 2007, at 5:14-18, Proctor Dec., Exh. 3.

20  [6]   Letter from Burrow to Proctor, dated December 4, 2007, Proctor Dec., Exh. 4.
    [7]   Privilege Log of Anne Wang, Proctor Dec., Exh. 5.

21  [8]   Id., Entries 2, 4 and 8-10, Proctor Dec., Exh. 5.

22  [9]   Id., Entry 3, Proctor Dec., Exh. 5.
    [10]  Proctor Dec., ¶ 7.

23  [11]  Privilege Log of Anne Wang, Proctor Dec., Exh. 5.

24  [12]  Letter from Proctor to Burrow, dated December 19, 2007, Proctor Dec.,
    Exh. 6.

25  [13]  Proctor Dec., ¶ 7.

26  [14]  Order Granting In Part and Denying In Part Mattel's Motion for Leave to
    Take Additional Discovery, dated January 7, 2008, at 2-3, Proctor Dec., Exh. 7.

27  [15]  Mattel's Subpoena to Anne Wang for Deposition, dated January 14, 2008,

28  Proctor Dec., Exh. 8.

1

<u>Argument</u>

2   I.   **THE COURT SHOULD COMPEL THE PRODUCTION OF**

3        **DOCUMENTS LISTED ON MS. WANG'S PRIVILEGE LOG**

4                Ms. Wang has listed six drafts of the MGA/Bryant agreement regarding

5   Bratz on her privilege log, two of which are dated during September 2000 and the

6   rest of which are undated.  These are crucial documents whose relevance is

7   undisputed.  They will show how the negotiations between MGA and Bryant

8   regarding the purported sale of Bratz to MGA developed in September and early

9   October 2000, while Bryant was employed by Mattel.  Because they are not

10  privileged, they should be ordered produced.

11       A.   **The Draft Agreements Are Not Protected By The Work Product**

12            **Doctrine**

13               There is no basis for Ms. Wang's claim that these draft agreements are

14  subject to the work product doctrine.  The work product doctrine protects

15  "documents and tangible things that are prepared <u>in anticipation of litigation</u> or for

16  trial by or for another party or its representative."  <u>Fed. R. Civ. P.</u> 26(b)(3)

17  (emphasis added).  This requirement - that only documents prepared in anticipation

18  of litigation can be protected work product - is unequivocal, as controlling Ninth

19  Circuit authority makes clear.  <u>Matter of Fischel</u>, 557 F.2d 209, 212 (9th Cir. 1977)

20  (attorney's summaries of client's financial transactions with third parties were not

21  protected work product because such summaries were not prepared in anticipation

22  of litigation); <u>see also</u> <u>United States v. Torf</u>, 357 F.3d 900, 908 (9th Cir. 2004)

23  ("anticipation of litigation" has been defined in the Ninth Circuit as preparation of a

24  document "'because of the prospect of litigation'"); 8 Wright, Miller, and Marcus,

25  <u>Federal Practice and Procedure</u> Civil 2d § 2024 (citing <u>Fed. R. Civ. P.</u> 26(b)(3)) (to

26  qualify as work product, the materials must be "prepared in anticipation of litigation

27  or for trial").

28

-4-

1    The descriptions provided on Ms. Wang's privilege log provide no
2  information that would suggest these draft agreements were prepared in anticipation
3  of litigation, nor could Ms. Wang substantiate this claim of privilege during pre-
4  filing discussions.[16]  The draft agreements cannot be withheld as work product.

5    **B.    The Draft Agreements On Ms. Wang's Privilege Log Are Not**
6       **Protected By The Attorney-Client Privilege**

7    As the Discovery Master has previously articulated the applicable legal
8  standard,

9       "[t]he essential elements of the attorney-client privilege are:  '(1) when
10      legal advice of any kind is sought (2) from a professional legal adviser
11      in his or her capacity as such, (3) the communications relating to that
12      purpose, (4) made in confidence (5) by the client, (6) are, at the client's
13      instance, permanently protected (7) from disclosure by the client or by
14      the legal adviser (8) unless the protection be waived.'  U.S. v. Martin,
15      278 F.3d 988, 999 (9th Cir. 2002). . . . 'Because the attorney-client
16      privilege has the effect of withholding relevant information from the
17      factfinder, it is applied only when necessary to achieve its limited
18      purpose of encouraging full and frank disclosure by the client to his or
19      her attorney.'"[17]

20    The documents withheld by Ms. Wang do not meet this standard.

21
22
23
24
---
25  [16]  Letter from Proctor to Burrow, dated December 19, 2007, Proctor Dec.,
    Exh. 6; Letter from Burrow to Proctor, dated December 26, 2007, Proctor Dec.,
26  Exh. 11.
27  [17]  Order Granting Mattel's Motion to Compel MGA to Produce Documents
    Bearing Bates Nos. MGA 0800793-0800794 and MGA 0829296-0829305, dated
28  December 17, 2007, at 7, Proctor Dec., Exh. 9.

1
2

**1.     The Draft Agreements Sent from MGA to Bryant Are Not Privileged**

3   Ms. Wang's privilege log lists five draft agreements, which, according
4   to the log and as confirmed by Wang during the meet and confer, were sent by
5   MGA to Carter Bryant before their agreement was executed.[18] These agreements
6   were not exchanged between Ms. Wang and Bryant.[19] Ms. Wang's failure to
7   produce these draft agreements is improper.

8   Ms. Wang contends these draft agreements have her notes on them and
9   are, therefore, subject to the attorney-client privilege.  However, the draft
10  agreements must first be considered separately from any comments, as privileged
11  comments, if any, may be redacted when the non-privileged draft agreements are
12  produced.  As the privilege log Ms. Wang provided to Mattel makes clear, these
13  draft agreements were sent by MGA to Bryant, who had no attorney-client
14  relationship.[20] The sending of these draft agreements from MGA to Carter Bryant,
15  who were adverse parties engaged in contract negotiations at the time, renders them
16  non-privileged.  See, e.g., Unocal Corp. v. U.S., 2005 WL 3736952, at *3 (N.D.Cal.
17  2005) (documents shared with a third party are not protected by the attorney-client
18  privilege); Softview Computer Prods. Corp. v. Haworth, Inc., 2000 WL 351411,
19  at *15 (S.D.N.Y. 2000) ("Drafts of documents prepared by an attorney for
20  transmission to third parties are protected by the attorney-client privilege only where
21  the draft document contains confidential information communicated by the client to
22  the attorney *that is maintained in confidence*.") (emphasis added).  The draft
23  agreements at issue here were not maintained in confidence -- one of the essential
24
25
26

---

[18] Privilege Log of Anne Wang, Proctor Dec., Exh. 5; Proctor Dec., ¶ 8.
[19] Proctor Dec., ¶ 8.
[20] Privilege Log of Anne Wang, Proctor Dec., Exh. 5.

07209/2330745.5

-6-

1  elements of the attorney-client privilege -- and, therefore, are not privileged.  At a
2  minimum, Ms. Wang should be compelled to produce these draft agreements.[21]

### 2.   The Attachment Sent from Ms. Wang to Bryant Is Not Privileged

5  The attachment sent from Ms. Wang to Carter Bryant also may not be
6  privileged.  During the pre-filing conference, Mattel sought information regarding
7  what the attachment listed in entry three refers to.  Wang has provided no
8  information regarding the attachment, and still has not told Mattel what her basis for
9  the claim of privilege as to the attachment even is.[22]  Of course, the mere fact that a
10  document is sent from a lawyer to a client does not render it privileged.  See, e.g.,
11  Upjohn Co. v. U.S., 449 U.S. 383, 101 S. Ct. 677 (1981).

12  It is well-settled that the party asserting the attorney-client privilege
13  bears the burden of establishing that the privilege applies.  United States v. Munoz,
14  233 F.3d 1117, 1128 (9th Cir. 2000) (burden is on the party asserting the attorney-
15  client privilege to establish all of its elements).  Wang has not met that burden.

### C.   Ms. Wang's Handwritten Comments On These Draft Agreements Are Not Privileged

18  Ms. Wang's handwritten comments on these draft agreements also do
19  not appear to be privileged.  "[A]ttorneys' notes and personal musings do not
20  constitute 'communications,' are not privileged, and must be produced."  In re
21  Gabapentin Patent Litigation, 214 F.R.D. 178, 187 (D.N.J. 2003).  Ms. Wang has

---

23  [21]   Indeed, MGA and other third parties have acknowledged this point.  David
24  Rosenbaum, an attorney who worked for MGA at the same time Ms. Wang worked
25  for Carter Bryant, has already produced, through MGA, a draft agreement
   exchanged between himself and Ms. Wang with his notes redacted.  See DR 00073-
26  84, Proctor Dec., Exh. 10.
27  [22]   Letter from Proctor to Burrow, dated December 19, 2007, Proctor Dec.,
   Exh. 6; Letter from Burrow to Proctor, dated December 26, 2007, Proctor Dec.,
28  Exh. 11.

1  not provided any basis for her claim that her handwritten comments are privileged.

2  For example, she never suggested during the meet and confer that the draft

3  agreements were actually transmitted to Wang's client, Bryant.[23]  Thus, the notes

4  appear to merely reflect Ms. Wang's comments to herself regarding changes made to

5  the contract by MGA's counsel.  Such notes are not privileged.  See American Natl.

6  Bank and Trust Co. of Chicago v. AXA Client Solutions, 2002 WL 1058776, at *2

7  (N.D. Ill. 2002) (rejecting assertion of attorney-client privilege because handwritten

8  notes at issue were never communicated by counsel to client and disclosure would

9  not reveal any confidential communication that was made for the purpose of

10  obtaining legal advice).

11  **II.    THE COURT SHOULD COMPEL THE PRODUCTION OF**

12  **DOCUMENTS RESPONSIVE TO REQUEST NUMBER FOUR IN**

13  **MATTEL'S SUBPOENA TO ANNE WANG**

14          Ms. Wang should also be ordered to produce any non-privileged

15  documents responsive to Mattel's subpoena which she is withholding.  During the

16  meet and confer process, Wang represented that she is not withholding non-

17  privileged documents responsive to any of the requests in Mattel's subpoena, except

18  number four.[24]  Request No. 4 in Mattel's subpoena requests "All

19  COMMUNICATIONS between YOU and MGA or LARIAN prior to December 31,

20  2002."[25]  Ms. Wang's response to this request stated that she would search for and

21  produce "non-privileged documents dated on or before December 31, 2007 that

22  constitute or reflect communications between herself and MGA or Larian *relating to*

23

24

25

26

27

28

[23]  Proctor Dec. ¶ 8.

[24]  Proctor Dec. ¶ 7.

[25]  Subpoena to Anne Wang, dated October 26, 2007, Proctor Dec., Exh. 1.

1   *Carter Bryant or Bratz*," and during the meet and confer Wang confirmed she would
2   not produce any other communications with MGA.[26]   This limitation is improper.

3          MGA claims it acted in good faith when it acquired rights to Bratz from
4   Bryant, and did not suspect that Mattel might have any rights to Bratz, including
5   based on representations made by Wang.[27]   Thus, MGA has suggested that it relied
6   in good faith on representations made by Wang, ostensibly opposing counsel in
7   arms-length negotiations.[28]   If Wang has some undisclosed relationship with MGA,
8   which would be revealed by documents responsive to this request, that would
9   undermine MGA's defense.

10          Communications between Wang and MGA or Larian also go to Wang's
11   credibility and bias as a percipient witness in this action.  Such communications
12   should shed light on the scope of Wang's relationship with MGA.  Information is
13   relevant and discoverable if it relates to "the credibility of any witness." Cable &
14   Computer Technology, Inc. v. Lockheed Sanders, Inc., 175 F.R.D. 646, 650 (C.D.
15   Cal. 1997).  Evidence of bias is also relevant and discoverable.  United States v.
16   Abel, 469 U.S. 45, 50-51 (1984); see also Wright & Miller, Federal Practice &
17   Procedure: Federal Rules of Evidence § 6095 (bias is a "particularly favored basis
18   for attacking credibility.").

19          Communications between Ms. Wang and MGA prior to December 31,
20   2002 on any subject are discoverable.  Ms. Wang should be compelled to produce
21   promptly all responsive, non-privileged documents that are responsive to Mattel's
22   subpoena.

23

24   [26]   Third-Party Witness Anne Wang's Response to Subpoena, dated
     November 27, 2007, at 5:14-18, Proctor Dec., Exh. 3; Proctor Dec., ¶ 7.
25   [27]   Deposition of Isaac Larian ("Larian Depo.), dated July 18, 2006, at 76:13-
26   79:8, Proctor Dec., Exh. 12; Deposition of David Rosenbaum ("Rosenbaum
     Depo."), dated January 25, 2008, at 72:12-73:7; 75:1-77:15, Proctor Dec., Exh. 13.
27   [28]   Larian Depo., at 89:8-92:4, Proctor Dec., Exh. 12; Rosenbaum Depo., at
28   75:1-77:15, Proctor Dec., Exh. 13.

1

2                                **Conclusion**

3              For the foregoing reasons, Mattel's motion to compel should be granted

4    in its entirety.

5

6    DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
7

8                                       By
9                                          Timothy L. Alger
                                           Attorneys for Mattel, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          -10-