# EXHIBIT 1

1　DIANA M. TORRES (S.B. #162284)
　　PAULA E. AMBROSINI (S.B. # 193126)
2　ALICIA C. MEYER (S.B. #230189)
　　O'MELVENY & MYERS, LLP
3　400 South Hope Street
　　Los Angeles, California 90071-2899
4　Telephone: (213) 430-6000
　　Facsimile: (213) 430-6407
5
　　Attorneys for Defendant-in-Intervention,
6　MGA Entertainment, Inc.

7

8　　　　　　　**UNITED STATES DISTRICT COURT**

9　　　　　　　**CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11　MATTEL, INC., a Delaware Corporation,<br>12<br>13　　　　　　　Plaintiff,<br>14　　　v.<br>15　CARTER BRYANT, an individual, and MGA ENTERTAINMENT, INC., a California Corporation<br>16<br>17　　　　　　　Defendant and Defendant-in-Intervention.<br>18<br>19 | Case No.  CV 04-9059 NM (RNBx)<br><br>**MGA'S AMENDED AND SUPPLEMENTAL RULE 26(a) DISCLOSURES** |
| 20　AND RELATED COUNTER-CLAIMS<br>21 | |

22

23

24

25

26

27

28

　　　　　　　　　　　**MGA'S AMENDED AND SUPP.**
　　　　　　　　　　　**DISCLOSURES PURSUANT TO RULE 26**
　　　　　　　　　　　**(CV 04-9059 NM)**

EXHIBIT ___1___

PAGE ___4___

1    Defendant-in-Intervention, MGA Entertainment, Inc. ("MGA"), hereby
2    submits the following supplemental disclosures to plaintiff, Mattel, Inc. ("Mattel"),
3    pursuant to Rule 26 (a) of the Federal Rules of Civil Procedure, in addition to and
4    in supplement of the initial disclosures that MGA made and served on January 6,
5    2005.  MGA reserves the right to identify additional documents and witnesses
6    hereafter, and otherwise to provide further supplemental disclosures as appropriate
7    or necessary.

8

9    **Witness Disclosures**

10    MGA is presently uncertain of the true nature and scope of Mattel's claims
11    and, thus, is unable to fully identify the witnesses with knowledge relevant to
12    MGA's defenses in this case.  Subject to the foregoing, MGA identifies the
13    following potential witnesses:

14    1.    Carter Bryant.  Carter Bryant may be contacted through his
15    counsel, Douglas Wickham and Keith Jacoby of Littler Mendelson, P.C., 2049
16    Century Park East, 5th Floor, Los Angeles, California  90067, telephone 310-553-
17    0308.  Carter Bryant possesses information relevant to the conception, creation,
18    design and development of the original "Bratz" drawings and, to some extent, of
19    the creation, design and development by MGA of the first generation of "Bratz"
20    dolls and timing thereof; the nature and scope of his employment at Mattel; the
21    nature and scope of his work for and with MGA; and information relevant to his
22    own defenses in this matter.

23    2.    Janet Bryant.  Ms. Bryant may be contacted through Carter
24    Bryant's counsel, Douglas Wickham and Keith Jacoby of Littler Mendelson, P.C.,
25    2049 Century Park East, 5th Floor, Los Angeles, California  90067, telephone 310-
26    553-0308.  Ms. Bryant possesses information concerning, among other things, Mr.
27    Bryant's general skills and talents as a designer and his conception, creation, design
28    and development of various matters when he was not employed by Mattel.

-1-

MGA'S AMENDED AND SUPP.
DISCLOSURES PURSUANT TO RULE 26
(CV 04-9059 NM)

EXHIBIT _____1_____

PAGE _____5_____

3.     Tom Bryant.  Tom Bryant may be contacted through Carter Bryant's counsel, Douglas Wickham and Keith Jacoby of Littler Mendelson, P.C., 2049 Century Park East, 5th Floor, Los Angeles, California  90067, telephone 310-553-0308.  Tom Bryant possesses information concerning, among other things, Mr. Bryant's general skills and talents as a designer and his conception, creation, design and development of various matters when he was not employed by Mattel.

4.     Elise Cloonan.  Ms. Cloonan may be contacted through her counsel, Michael B. Margolis of Margolis & Morin, LLP, 444 South Flower Street, Sixth Floor, Los Angeles, California  90071, telephone 213-683-0300.  Ms. Cloonan possesses information relevant to the timing of the conception, creation, design and development of the original "Bratz" drawings by Carter Bryant prior to MGA's acquisition of rights therein.

5.     Margaret Leahy.  Ms. Leahy may be contacted through her counsel, Stephen C. Contopulos, Sidley Austin Brown & Wood LLP, 555 West Fifth Street, Los Angeles, California  90013, telephone 213-896-6000.  Ms. Leahy possesses information relevant to some aspect or aspects of the creation, design and development, in particular the sculpting, of the first generation of "Bratz" dolls, and the samples and prototypes thereof.

6.     Veronica Marlow.  Ms. Marlow may be contacted through her counsel, Stephen C. Contopulos, Sidley Austin Brown & Wood LLP, 555 West Fifth Street, Los Angeles, California  90013, telephone 213-896-6000.  Ms. Marlow possesses information relevant to some aspect or aspects of the timing of MGA's acquisition of rights in the original "Bratz" drawings by Carter Bryant and the design and development of the first generation of "Bratz" dolls.

7.     Victoria O'Connor.  MGA believes that Mattel has Ms. O'Connor's contact information.  Ms. O'Connor possesses information relevant to some aspect or aspects of the timing of MGA's acquisition of rights in the original "Bratz" drawings by Carter Bryant and the design and development by MGA of the

-2-

EXHIBIT _____ 1

PAGE _____ 6

first generation of "Bratz" dolls. Ms. O'Connor also possesses information relevant to MGA's negotiations with Bryant and his attorney for the acquisition of the rights in the original "Bratz" drawings.

8. Ramona Prince. Ms. Prince may be contacted through her counsel of record. Ms. Prince possesses information relevant to some aspect or aspects of the timing of Mr. Bryant's creation of the original "Bratz" drawings.

9. Paula Garcia. Ms. Garcia may be contacted through MGA's counsel of record. Ms. Garcia possesses information relevant to some aspect or aspects of the creation, design and development by MGA of the first generation of "Bratz" dolls.

10. Mercedeh Ward. Ms. Ward may be contacted through MGA's counsel of record. Ms. Ward possesses information relevant to some aspect or aspects of the creation, design and development by MGA of the first generation of "Bratz" dolls.

11. Sarah Halpern. Ms. Halpern may possess information relevant to some aspect or aspects of the creation, design and development by MGA of the first generation of "Bratz" dolls, in particular with respect to some aspect or aspects of the fashion design and development. Ms Halpern may be contacted through her attorney, Larry McFarland, Keats, McFarland & Wilson, LLP, 9720 Wilshire Boulevard, Penthouse Suite, Beverly Hills, California 90212. Telephone: 310-248-3830.

12. Becky Harris. Ms. Harris may possess information relevant to some aspect or aspects of the timing of the creation, design and development of the first generation of "Bratz" dolls. Ms. Harris may be contacted through MGA's counsel of record.

13. Isaac Larian. Mr. Larian is MGA's President and Chief Executive Officer. Mr. Larian may possess information relevant to the timing of MGA's acquisition of rights to the original "Bratz" drawings by Carter Bryant and

-3-

EXHIBIT ____1____

PAGE ____7____

1  some aspect or aspects of the creation, design and development of the first

2  generation of "Bratz" dolls.  Mr. Larian may be contacted through MGA's counsel

3  of record.

4       14.    Stephen Lee.  Mr. Lee is an employee of MGA Entertainment

5  (HK) Ltd.  Mr. Lee may possess information relevant to some aspect or aspects of

6  MGA's creation, design and development of the first generation of "Bratz" dolls.

7  Mr. Lee can be contacted through MGA's counsel of record.

8       15.    Jesse Ramirez.  Mr. Ramirez may possess information relevant

9  to the timing of MGA's development of the first generation of "Bratz" dolls,

10  specifically with respect to the sculpting thereof.

11       16.    Ann Wang.  Ms. Wang may possess information relevant to the

12  negotiation of the MGA-Bryant contract.

13       17.    David Rosenbaum.  Mr. Rosenbaum may possess information

14  relevant to the negotiation of the MGA-Bryant contract.

15       18.    Various present or former employees and contractors of MGA

16  and MGA Entertainment (HK) Ltd. are potential witnesses.  Such individuals may

17  be contacted through MGA's counsel of record.  MGA is currently unable to

18  identify the specific witnesses and information such witnesses may possess.

19       19.    Various present or former employees and contractors of Mattel

20  are potential witnesses.  The identities, whereabouts and relevant knowledge of

21  such potential witnesses are best known by Mattel.  These witnesses are currently

22  believed to include, without limitation, Ann Driskill, Allan Kaye, Cassidy Park,

23  Liliana Martinez, Matthew Bousquette, Ivy Ross and Tim Kilpin.  Certain

24  information possessed by Ms. Driskill, Mr. Kay and Ms. Park is set forth in the

25  transcripts of their depositions previously taken in this case.

26       MGA reserves the right to further supplement its disclosures to identify

27  additional witnesses as they, or their relevance, become apparent or as otherwise

28  necessary or appropriate.

-4-

1

2   MGA is presently uncertain of the true nature and scope of Mattel's

3   claims and, thus, is unable to fully identify the documents that may support all of its

4   defenses in this action. Subject to the foregoing, and subject to, as applicable, the

5   designations of confidentiality which have or may be made pursuant to the terms

6   and provisions of the Stipulated Protective Order governing the disclosure of

7   confidential material in this case, MGA identifies the following documents:

8       1.   The Employee Confidential Information and Inventions

9   Agreement attached to Mattel's complaint.

10      2.   The Conflict of Interest Questionnaire attached to Mattel's

11  complaint.

12      3.   Some or all of the documents produced by MGA bearing the

13  Bates serial numbers MGA 000001-007340, including documents showing the

14  creation, design and development of the first generation of "Bratz" dolls and the

15  timing thereof.

16      4.   Some or all of the documents previously produced by Carter

17  Bryant to Mattel bearing the Bates serial numbers BRYANT 00001-01588.

18      5.   Carter Bryant's personnel, payroll and other files and records,

19  including telephone records of Mattel, which are in Mattel's possession and the

20  nature and relevance of which is best known by Mattel.

21      6.   Documents relating to the negotiation of MGA's contract with

22  Carter Bryant dated as of September 18, 2000.

23      7.   Documents relating to the design and development of the first

24  generation of "Bratz" dolls.

25      8.   Documents relating to or consisting of various drawings,

26  sketches and finished product that Carter Bryant conceived of, created, designed or

27  developed, or in whose conception, creation, design and development he assisted,

28  before and after he was employed by Mattel.

-5-

MGA'S AMENDED AND SUPP.
DISCLOSURES PURSUANT TO RULE 26
(CV 04-0059 NM)

EXHIBIT _____

PAGE _____ 9

1         9.    Some or all of the documents or things produced for inspection

2    and/or copying by Margaret Leahy.

3         10.    Some or all of the documents or things produced for inspection

4    and/or copying by Veronica Marlow.

5         11.    Some or all of the documents or things produced for inspection

6    and/or copying by Sarah Halpern.

7         12.    Some or all of the documents or things produced for inspection

8    and/or copying by Ramona Prince.

9

10         MGA remains uncertain of the true nature and scope of Mattel's claims

11    and, thus, is still unable to fully identify the documents that may support all of its

12    defenses in this action.  Subject to the foregoing, MGA has produced all non-

13    privileged documents in its possession, custody or control that it has identified, to

14    date, as falling within the categories listed above and subject to the initial disclosure

15    requirements of Federal Rule of Civil Procedure 26(a).  MGA will continue to

16    produce any additional documents subject to the Rule 26(a) disclosure requirement

17    in a timely fashion as they, or their relevance, are identified, or as otherwise

18    necessary or appropriate.

19

20

21    Dated:  May 16, 2005          DIANA M. TORRES

                            PAULA E. AMBROSINI

22                                ALICIA C. MEYER

                            O'MELVENY & MYERS, LLP

23

24                                By: _____

25                                  Paula E. Ambrosini

                            Attorneys for Defendant-in-

26                                Intervention, MGA Entertainment, Inc.

27

28

MGA'S AMENDED AND SUPP.
DISCLOSURES PURSUANT TO RULE 26
(CV 04-9059 NM)

EXHIBIT _____

PAGE _____ 10

1

**PROOF OF SERVICE**

2

I, Suzanne I. Jimenez, declare:

3

I am a resident of the State of California and over the age of eighteen years, and
not a party to the within action; my business address is 400 South Hope Street, Los Angeles,
California 90071-2899. On May 16, 2005, I served the within document:

4

5

**MGA's AMENDED AND SUPPLEMENTAL RULE DISCLOSURES**

6

7      ☒      by placing the document(s) listed above in a sealed envelope with postage thereon fully
prepaid, in the United States mail at Los Angeles addressed as set forth below. I am
readily familiar with the firm's practice of collecting and processing correspondence for
mailing. Under that practice it would be deposited with the U.S. Postal Service on that
same day with postage thereon fully prepaid in the ordinary course of business. I am
aware that on motion of the party served, service is presumed invalid if the postal
cancellation date or postage meter date is more than one day after date of deposit for
mailing in affidavit.

8

9

10

11     ☒      by putting a true and correct copy thereof, together with an unsigned copy of this
declaration, in a sealed envelope designated by the carrier, with delivery fees paid or
provided for, for delivery the same business day to the person(s) listed above. I am readily
familiar with this firm's practice for collection and processing of overnight courier
correspondence. In the ordinary course of business, such correspondence collected from
me would be processed on the same day, with fees thereon fully prepaid.

12

13

14

15     Michael T. Zeller      **(VIA HAND-DELIVERY ONLY)**
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

16

17

18     Keith Jacoby      **(VIA U.S. MAIL)**
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107

19

20

21     I declare under penalty of perjury under the laws of the United States that the
above is true and correct.

22

23     Executed on May 16, 2005, at Los Angeles, California.

24

25                          _Suzanne I. Jimenez_
                              Suzanne I. Jimenez

26

27

28

EXHIBIT _____1_____

PAGE _____11_____

# EXHIBIT 2

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL  DISTRICT OF LOS ANGELES

MATTEL, INC., a Delaware Corporation

## SUBPOENA IN A CIVIL CASE

v.

CARTER BRYANT, an Individual; and DOES 1 through 10, inclusive

Case Number:[1]  CV 04-9059 NM (RNBx)

TO:  Margaret Hatch-Leahy      (626) 791-2137
     1824 Braeburn Road
     Altadena, CA  91001

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP. 865 So. Figueroa Street, 10th Fl., Los Angeles, CA 90017 (213) 443-3000 | March 25, 2005 9:30 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Shane McKenzie* Attorney for Plaintiff, Mattel, Inc. | March 14, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
SHANE H. McKENZIE, ESQ., Quinn Emanuel Urquhart Oliver & Hedges, LLP.
865 So. Figueroa Street, 10th Floor, Los Angeles, CA  90017   (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT ___2___

PAGE ___12___

AO-88

· AO 88 (Rev. 11/94) Subpoena in a Civil Case

| PROOF OF SERVICE | |
|---|---|
| DATE ...March 14, 2005 8:05 p.m. | PLACE 1824 Braeburn Road Altadena, CA 91001 |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| MARGARET HATCH-LEAHY (Witness Fee Paid $40.00) | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| William Guevara | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   March 15, 2005
<br>DATE

SIGNATURE OF SERVER   1301 West 2nd Street, #206
Los Angeles, CA 90026
(213) 482-1567
ADDRESS OF SERVER   Reg. L.A. County #4298

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT ____2____

PAGE ____13____

ATTACHMENT A

Documents And Tangible Things To Be Produced

I.    DEFINITIONS.

1.    "YOU" or "YOUR" means Margaret Hatch-Leahy, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

2.    "CARTER BRYANT" means Carter Bryant and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.    "BRATZ" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Bratz" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and all DESIGNS and versions of such doll or any portion thereof.

4.    "ANGEL" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Angel" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Angel" line, and all DESIGNS and versions of such doll or any portion thereof.

5.    "PRAYER ANGELS" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Prayer Angels" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Prayer Angels" line, and all DESIGNS and versions of such doll or any portion thereof.

6.    "MATTEL" means Mattel, Inc., any subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

EXHIBIT _____ 2 _____ ATTACHMENT A

PAGE _____ 14 _____

7.     "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

8.     "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

9.     "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

10.     "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

11.     "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

12.     "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

ATTACHMENT A

EXHIBIT _____ 2 _____

PAGE _____ 15 _____

## II.  INSTRUCTIONS.

       A.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

       B.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

          1.    The privilege or protection that you claim precludes disclosure;

          2.    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

          3.    The date, author(s), addressee(s); and

          4.    Any additional facts on which YOU would base YOUR claim of privilege or protection.

       C.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

       D.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

       E.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

## III.  DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED.

    1.    All DOCUMENTS REFERRING OR RELATING TO BRATZ any time prior to January 1, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted), including without limitation any work or services performed by YOU or any other PERSON on BRATZ prior to January 1, 2001.

    2.    All DOCUMENTS REFERRING OR RELATING TO ANGEL, including without limitation any work or services performed by YOU or any other PERSON on ANGEL.

ATTACHMENT A

EXHIBIT ___2___

PAGE ___16___

3.    All DOCUMENTS REFERRING OR RELATING TO PRAYER ANGELS, including without limitation any work or services performed by YOU or any other PERSON on PRAYER ANGELS.

4.    All DOCUMENTS REFERRING OR RELATING TO any agreements or contracts REFERRING OR RELATING TO BRATZ, ANGEL and/or PRAYER ANGELS between YOU and any PERSON.

5.    All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT any time prior to January 1, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted).

6.    All DOCUMENTS REFERRING OR RELATING TO Anna Rhee any time prior to January 1, 2001 (regardless of when such document was created, written, received or transmitted).

7.    All DOCUMENTS, including without limitation phone records, REFERRING OR RELATING TO COMMUNICATIONS between Anna Rhee, on the one hand, and YOU, MGA and/or CARTER BRYANT prior to January 1, 2001.

8.    All DOCUMENTS REFERRING OR RELATING TO this litigation.

9.    All DOCUMENTS REFERRING OR RELATING TO any work or services that YOU performed for or on behalf of any competitor of MATTEL, including without limitation MGA, during the term of YOUR MATTEL employment.

10.   All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between YOU and MGA during the term of YOUR MATTEL employment.

11.   All doll heads, sculpts, prototypes, models, samples, molds and tangible items that were created, prepared or made, whether in whole or in part, prior to January 1, 2001 that REFER OR RELATE TO BRATZ.

ATTACHMENT A

EXHIBIT _____ λ

PAGE _____ 17

12. All doll heads, sculpts, prototypes, models, samples, molds and tangible items that REFER OR RELATE TO ANGEL and/or PRAYER ANGELS.

EXHIBIT _____  ATTACHMENT A
         ᐱ
PAGE _____  \ ᕗ

1

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

2
STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

3

4
    I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

5

6
    On **March 16, 2005**, I served the foregoing document described as **Subpoena in a Civil Case for Production of Documents on Margaret Hatch-Leahy** on all interested parties in this action.

7
Robert F. Millman, Esq.
Douglas A. Wickham, Esq.

8
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor

9
Los Angeles, California 90067-3107
Phone: 310-553-0308

10
**Fax: 310-553-5583**

Paula E. Ambrosini, Esq.
O'Melveny & Meyers, LLP
400 S. Hope Street
Los Angeles, CA 90071

Phone: 213-430-6000
**Fax:  213-430-6407**

11

12
[   ]   By placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as follows:

13
[   ]   **BY MAIL:**   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar"

14
with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon

15
fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or

16
postage meter date is more than one day after date of deposit for mailing in affidavit.

17
[ ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

18
[ ]   **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by <u>Federal Express</u>.

19

20
[X]   **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the addressee.

21
Executed on March 16, 2005, at Los Angeles, California.

22
[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23
[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at

24
whose direction the service was made.

25

26
<u>Rebecca A. Ramos</u>

27

28

EXHIBIT _____2_____

PAGE _____19_____

# EXHIBIT 3

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

<u>CENTRAL</u>   DISTRICT OF <u>LOS ANGELES</u>

MATTEL, INC., a Delaware Corporation

## SUBPOENA IN A CIVIL CASE

v.

CARTER BRYANT, an Individual; and DOES
1 through 10, inclusive

Case Number:[1]  CV 04-9059 NM (RNBx)

TO:  Veronica Marlow      (818) 360-9150
     12250 Woodley
     Granada Hills, CA  91344

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP.<br>865 So. Figueroa Street, 10th Fl., Los Angeles, CA 90017<br>(213) 443-3000 | March 25, 2005<br>9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff, Mattel, Inc. | March 14, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
SHANE H. McKENZIE, ESQ., Quinn Emanuel Urquhart Oliver & Hedges, LLP.
865 So. Figueroa Street, 10th Floor, Los Angeles, CA  90017    (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT ___3___

PAGE ___20___

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | March 15, 2005 12:35 p.m. | 12250 Woodley Granada Hills, CA 91344 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| VERONICA MARLOW (Witness Fee Paid $40.00) | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| William Guevara | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on March 16, 2005
DATE

SIGNATURE OF SERVER 1301 West 2nd Street, #206
Los Angeles, CA 90026
(213) 482-1567
ADDRESS OF SERVER Reg. L.A. County #4298

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT 3

PAGE 91

# ATTACHMENT A

## Documents And Tangible Things To Be Produced

I.   DEFINITIONS.

      1.     "YOU" or "YOUR" means Veronica Marlow, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      2.     "CARTER BRYANT" means Carter Bryant and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

      3.     "BRATZ" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Bratz" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and all DESIGNS and versions of such doll or any portion thereof.

      4.     "ANGEL" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Angel" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Angel" line, and all DESIGNS and versions of such doll or any portion thereof.

      5.     "PRAYER ANGELS" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Prayer Angels" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Prayer Angels" line, and all DESIGNS and versions of such doll or any portion thereof.

      6.     "MATTEL" means Mattel, Inc., any subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

ATTACHMENT A

EXHIBIT ___3___

PAGE ___22___

7.     "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

8.     "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

9.     "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

10.     "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

11.     "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

12.     "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

ATTACHMENT A

EXHIBIT _____3_____

PAGE _____23_____

II.   INSTRUCTIONS.

     A.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

     B.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

     1.    The privilege or protection that you claim precludes disclosure;

     2.    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

     3.    The date, author(s), addressee(s); and

     4.    Any additional facts on which YOU would base YOUR claim of privilege or protection.

     C.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

     D.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

     E.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

III.   DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED.

    1.    All DOCUMENTS REFERRING OR RELATING TO BRATZ any time prior to January 1, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted), including without limitation any work or services performed by YOU or any other PERSON on BRATZ prior to January 1, 2001.

    2.    All DOCUMENTS REFERRING OR RELATING TO ANGEL, including without limitation any work or services performed by YOU or any other PERSON on ANGEL.

ATTACHMENT A

EXHIBIT ____3____

PAGE ____94____

3.  All DOCUMENTS REFERRING OR RELATING TO PRAYER ANGELS, including without limitation any work or services performed by YOU or any other PERSON on PRAYER ANGELS.

4.  All DOCUMENTS REFERRING OR RELATING TO any agreements or contracts REFERRING OR RELATING TO BRATZ, ANGEL and/or PRAYER ANGELS between YOU and any PERSON.

5.  All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT any time prior to January 1, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted).

6.  All DOCUMENTS REFERRING OR RELATING TO Anna Rhee any time prior to January 1, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted).

7.  All DOCUMENTS, including without limitation phone records, REFERRING OR RELATING TO COMMUNICATIONS between Anna Rhee, on the one hand, and YOU, MGA and/or CARTER BRYANT prior to January 1, 2001.

8.  All DOCUMENTS REFERRING OR RELATING TO this litigation.

9.  All DOCUMENTS REFERRING OR RELATING TO any work or services that YOU performed for or on behalf of any competitor of MATTEL, including without limitation MGA, during the term of YOUR MATTEL employment.

10. All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between YOU and MGA during the term of YOUR MATTEL employment.

11. All doll heads, sculpts, prototypes, models, samples, molds and tangible items that were created, prepared or made, whether in whole or in part, prior to January 1, 2001 that REFER OR RELATE TO BRATZ.

ATTACHMENT A

EXHIBIT ___3___

PAGE ___25___

12. All doll heads, sculpts, prototypes, models, samples, molds and tangible items that REFER OR RELATE TO ANGEL and/or PRAYER ANGELS.

ATTACHMENT A

EXHIBIT _____

PAGE _____ 26

**PROOF OF SERVICE**

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On **March 16, 2005**, I served the foregoing document described as **Subpoena in a Civil Case for Production of Documents on Veronica Marlow** on all interested parties in this action.

Robert F. Millman, Esq.
Douglas A. Wickham, Esq.
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
Fax: 310-553-5583

Paula E. Ambrosini, Esq.
O'Melveny & Meyers, LLP
400 S. Hope Street
Los Angeles, CA 90071

Phone:  213-430-6000
Fax:  213-430-6407

[  ]    By placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as follows:

[  ]    **BY MAIL:**    I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid. As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]    **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

[ X ]    **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the addressee.

Executed on March 16, 2005, at Los Angeles, California.

[ ]    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Rebecca A. Ramos

EXHIBIT _____ 3 _____

PAGE _____ 27 _____

# EXHIBIT 4

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

_____ CENTRAL _____ DISTRICT OF __LOS ANGELES__

MATTEL, INC., a Delaware Corporation

### SUBPOENA IN A CIVIL CASE

v.

CARTER BRYANT, an Individual; and DOES
1 through 10, inclusive

Case Number: [1]  CV 04-9059 NM (RNBx)

TO:  Sarah Halpern          (818) 547-1550
     1418 Hillcrest Avenue
     Glendale, CA  91202

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
  testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
  the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
  place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP. | March 25, 2005 |
| 865 So. Figueroa Street, 10th Fl., Los Angeles, CA 90017 | 9:30 a.m. |
| (213) 443-3000 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Attorney for Plaintiff, Mattel, Inc._ | March 14, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
SHANE H. McKENZIE, ESQ., Quinn Emanuel Urquhart Oliver & Hedges, LLP.
865 So. Figueroa Street, 10th Floor, Los Angeles, CA  90017   (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT _____4_____

PAGE _____28_____

AO-88

AO 88 (Rev. 11794) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | March 14, 2005<br>8:30 p.m. | 1418 Hillcrest Avenue<br>Glendale, CA 91202 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SARAH HALPERN<br>(Witness Fee Paid $40.00) | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| William Guevara | Process Server |

---

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___March 15, 2005___
<br>DATE

SIGNATURE OF SERVER   1301 West 2nd Street, #206
Los Angeles, CA 90026
(213) 482-1567
ADDRESS OF SERVER   Reg. L.A. County #4298

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

---

EXHIBIT ____4____

PAGE ____29____

## ATTACHMENT A

### Documents And Tangible Things To Be Produced

I.      DEFINITIONS.

1.      "YOU" or "YOUR" means Sarah Halpern, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

2.      "CARTER BRYANT" means Carter Bryant and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.      "BRATZ" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Bratz" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and all DESIGNS and versions of such doll or any portion thereof.

4.      "ANGEL" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Angel" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Angel" line, and all DESIGNS and versions of such doll or any portion thereof.

5.      "PRAYER ANGELS" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Prayer Angels" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Prayer Angels" line, and all DESIGNS and versions of such doll or any portion thereof.

6.      "MATTEL" means Mattel, Inc., any subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

ATTACHMENT A

EXHIBIT _____ 4

PAGE _____ 30

7.     "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

8.     "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

9.     "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

10.    "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

11.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

12.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

ATTACHMENT A
EXHIBIT ____4____

PAGE ____31____

II.   INSTRUCTIONS.

      A.   YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

      B.   If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

      1.   The privilege or protection that you claim precludes disclosure;

      2.   The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

      3.   The date, author(s), addressee(s); and

      4.   Any additional facts on which YOU would base YOUR claim of privilege or protection.

      C.   YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

      D.   YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

      E.   Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

III.   DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED.

    1.   All DOCUMENTS REFERRING OR RELATING TO BRATZ any time prior to January 1, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted), including without limitation any work or services performed by YOU or any other PERSON on BRATZ prior to January 1, 2001.

    2.   All DOCUMENTS REFERRING OR RELATING TO ANGEL, including without limitation any work or services performed by YOU or any other PERSON on ANGEL.

---

ATTACHMENT A

EXHIBIT ____4____

PAGE ____3 2____

3. All DOCUMENTS REFERRING OR RELATING TO PRAYER ANGELS, including without limitation any work or services performed by YOU or any other PERSON on PRAYER ANGELS.

4. All DOCUMENTS REFERRING OR RELATING TO any agreements or contracts REFERRING OR RELATING TO BRATZ, ANGEL and/or PRAYER ANGELS between YOU and any PERSON.

5. All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT any time prior to January 1, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted).

6. All DOCUMENTS REFERRING OR RELATING TO Anna Rhee any time prior to January 1, 2001 (regardless of when such document was created, written, received or transmitted).

7. All DOCUMENTS, including without limitation phone records, REFERRING OR RELATING TO COMMUNICATIONS between Anna Rhee, on the one hand, and YOU, MGA and/or CARTER BRYANT prior to January 1, 2001.

8. All DOCUMENTS REFERRING OR RELATING TO this litigation.

9. All DOCUMENTS REFERRING OR RELATING TO any work or services that YOU performed for or on behalf of any competitor of MATTEL, including without limitation MGA, during the term of YOUR MATTEL employment.

10. All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between YOU and MGA during the term of YOUR MATTEL employment.

11. All doll heads, sculpts, prototypes, models, samples, molds and tangible items that were created, prepared or made, whether in whole or in part, prior to January 1, 2001 that REFER OR RELATE TO BRATZ.

ATTACHMENT A

EXHIBIT _____ 4 _____

PAGE _____ 33 _____

12. All doll heads, sculpts, prototypes, models, samples, molds and tangible items that REFER OR RELATE TO ANGEL and/or PRAYER ANGELS.

ATTACHMENT A

EXHIBIT ___4___

PAGE ___34___

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On **March 16, 2005**, I served the foregoing document described as **Subpoena in a Civil Case for Production of Documents on Sarah Halpern** on all interested parties in this action.

| | |
|---|---|
| Robert F. Millman, Esq. | Paula E. Ambrosini, Esq. |
| Douglas A. Wickham, Esq. | O'Melveny & Meyers, LLP |
| Littler Mendelson, P.C. | 400 S. Hope Street |
| 2049 Century Park East, 5th Floor | Los Angeles, CA 90071 |
| Los Angeles, California 90067-3107 | |
| Phone: 310-553-0308 | Phone: 213-430-6000 |
| Fax: 310-553-5583 | Fax: 213-430-6407 |

[ ]     By placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]     **BY MAIL:**    I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]     **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]     **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

[ X ]     **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the addressee.

Executed on March 16, 2005, at Los Angeles, California.

[ ]     (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]     (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Rebecca A. Ramos

EXHIBIT _____4_____

PAGE _____35_____

# EXHIBIT 5

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

_____ Central _____ DISTRICT OF California _____

MATTEL, INC., a Delaware Corporation

### SUBPOENA IN A CIVIL CASE

v.

CARTER BRYANT, an Individual; and DOES
1 through 10, inclusive

Case Number:[1]  CV 04-9059 NM (RNBx)

TO:  Elise Cloonan
     1219 W. 160th Street
     Gardena, CA  90247

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
See Attachment "A"

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP.<br>865 So. Figueroa Street, 10th Floor<br>Los Angeles, CA  90017          (213) 443-3000 | May 27, 2005<br>10:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Shane McKenzie*<br>Attorney for Plaintiff, Mattel, Inc. | May 12, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
SHANE H. McKENZIE, ESQ., Quinn Emanuel Urquhart Oliver & Hedges, LLP.
865 So. Figueroa Street, 10th Floor, Los Angeles, CA  90017   (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT ___5___

PAGE ___36___

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

### (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing, or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

### (d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT ____5____

PAGE ____37____

# ATTACHMENT A

## Documents And Tangible Things To Be Produced

I.    **DEFINITIONS.**

1.    "YOU" or "YOUR" means Elise Cloonan, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

2.    "CARTER BRYANT" means Carter Bryant and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.    "BRATZ" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Bratz" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and all DESIGNS and versions of such doll or any portion thereof.

4.    "ANGEL" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Angel" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Angel" line, and all DESIGNS and versions of such doll or any portion thereof.

5.    "PRAYER ANGELS" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Prayer Angels" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Prayer Angels" line, and all DESIGNS and versions of such doll or any portion thereof.

6.    "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any

07209/642603.1                                1

ATTACHMENT A

EXHIBIT _____ 5 _____

PAGE _____ 38 _____

other PERSON acting on its behalf, pursuant to its authority or subject to its control.

      7.    "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

      8.    "TOON TEENS" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as the name "Toon Teens" (whether in whole or in part and regardless of what such doll is or has been also called), and all DESIGNS and versions of such doll or any portion thereof.

      9.    "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

      10.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

      11.    "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

      12.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note,

ATTACHMENT A

EXHIBIT _____ 5 _____

PAGE _____ 39 _____

memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

13.   "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

## II.   INSTRUCTIONS.

A.   YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

B.   If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

1.   The privilege or protection that you claim precludes disclosure;

2.   The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

3.   The date, author(s), addressee(s); and

4.   Any additional facts on which YOU would base YOUR claim of privilege or protection.

C.   YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

D.   YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

E.   Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

ATTACHMENT A

EXHIBIT _____ 5 _____

PAGE _____ 40 _____

III.   DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED.

1.     All DOCUMENTS REFERRING OR RELATING TO BRATZ any
       time prior to December 31, 2001 (regardless of when such
       DOCUMENT was created, written, received or transmitted),
       including without limitation any work or services performed by YOU
       or any other PERSON on BRATZ prior to December 31, 2001.

2.     All DOCUMENTS REFERRING OR RELATING TO ANGEL,
       including without limitation any work or services performed by YOU
       or any other PERSON on ANGEL.

3.     All DOCUMENTS REFERRING OR RELATING TO PRAYER
       ANGELS, including without limitation any work or services
       performed by YOU or any other PERSON on PRAYER ANGELS.

4.     All DOCUMENTS REFERRING OR RELATING TO any
       agreements or contracts between YOU and MGA, including without
       limitation all COMMUNICATIONS relating thereto.

5.     All DOCUMENTS REFERRING OR RELATING TO any
       agreements or contracts REFERRING OR RELATING TO BRATZ,
       ANGEL and/or PRAYER ANGELS between YOU and any
       PERSON, including without limitation all COMMUNICATIONS
       relating thereto.

6.     All DOCUMENTS REFERRING OR RELATING TO CARTER
       BRYANT.

7.     All DOCUMENTS, including without limitation phone records,
       REFERRING OR RELATING TO COMMUNICATIONS between
       CARTER BRYANT, on the one hand, and YOU and/or MGA on the
       other hand.

8.     All DOCUMENTS REFERRING OR RELATING TO Anna Rhee.

ATTACHMENT A

EXHIBIT _____5_____

PAGE _____41_____

9.   All DOCUMENTS, including without limitation phone records, REFERRING OR RELATING TO COMMUNICATIONS between Anna Rhee, on the one hand, and YOU, MGA and/or CARTER BRYANT, on the other hand.

10.   All DOCUMENTS REFERRING OR RELATING TO this litigation.

11.   All DOCUMENTS REFERRING OR RELATING TO any work or services that YOU performed with, for or on behalf of any competitor of MATTEL, including without limitation MGA, during the term of YOUR MATTEL employment.

12.   All DOCUMENTS REFERRING OR RELATING TO MGA, including without limitation all DOCUMENTS REFERRING OR RELATING TO any money or payment made by MGA to YOU.

13.   All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between YOU and MGA prior to June 11, 2002.

14.   All DOCUMENTS, including without limitation phone records, REFERRING OR RELATING TO any COMMUNICATIONS between YOU and MGA after April 27, 2004.

15.   All DOCUMENTS REFERRING OR RELATING TO TOON TEENS.

16.   All doll heads, sculpts, prototypes, models, samples, molds and tangible items that were created, prepared or made, whether in whole or in part, prior to December 31, 2001 REFERRING OR RELATING TO BRATZ.

17.   All doll heads, sculpts, prototypes, models, samples, molds and tangible items REFERRING OR RELATING TO ANGEL and/or PRAYER ANGELS.

ATTACHMENT A

EXHIBIT ___5___

PAGE ___42___

# EXHIBIT 6

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

June 25, 2007

**VIA FACSIMILE AND U.S. MAIL**

Larry McFarland, Esq.
Keats, McFarland & Wilson, LLP
9720 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90212

Re:    Mattel, Inc. v. Bryant

Dear Mr. McFarland:

I respond to your June 22, 2007 letter regarding our recent meet and confers concerning the depositions and subpoenas to Ms. Hatch-Leahy, Ms. Marlow, Ms. Cloonan and Ms. Halpern.

**A.    Margaret Hatch-Leahy and Veronica Marlow**

**I.    Unjustified Redaction of Documents**

Regarding Ms. Hatch-Leahy's day planner and Ms. Marlow's redacted faxes, I will have an attorney from my office come to your office at 10:00 a.m. on Friday, June 29, 2007 to review the unredacted day planner and faxes.

**II.    Ms. Marlow's Wells Fargo Account**

On our phone call of June 21, 2007, you stated that you would confirm with Ms. Marlow that her Wells Fargo account was the only checking account she used for MGA.  Please let us know whether or not this statement is accurate once you've had a chance to speak with her upon her

EXHIBIT _____ 6

PAGE _____ 43

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2152588.1

return from Brazil.

**B.**   **Elise Cloonan**

We can confirm that Ms. Cloonan's prior counsel did not serve a written response or objections to the May 13, 2005 subpoena and therefore, Ms. Cloonan would be deemed to have waived her objections. At this point however, we are optimistic that we will be able to work through any issues over the subpoena and Ms. Cloonan's deposition and so would not have to file a motion with the court.

We understand from our phone conversations that you will be providing us with a doctor's note indicating that Ms. Cloonan is not able to sit for deposition until early September. Please also let us know what day during the first week of September Ms. Cloonan is available.

**C.**   **Sarah Halpern**

You stated that our inquiry regarding Ms. Halpern's responses to Request No. 2 and Request No. 3 confused you because Ms. Halpern's responses to these requests are identical. However, Ms. Halpern's responses to Request No. 2 and Request No. 3 are not identical. A copy of her responses are attached for your review. Her response to Request No. 2 appears to indicate that she is aware of, but does not possess, responsive documents. Compare Response to Request No. 2 ("no responsive documents are in the possession, custody or control of Halpern") with Response to Request No. 3 (Ms. Halpern "is not aware of any documents responsive to this request"). In fact, this unique choice of words is only used in her Response to Request No. 2. Her Responses to Requests Nos. 3, 4, 8, 9, 10 and 12, the only other requests where Ms. Halpern claims not to have any responsive documents, all state that Ms. Halpern "is not aware of any documents responsive to this request." Please confirm whether Ms. Halpern is aware of or possesses any responsive documents in response to Request No. 2.

**D.**   **Computers**

Please confirm that all four of your clients have conducted a diligent and thorough search for all computers, including laptops, that they may have used during the relevant time frame. If any computers besides the two already identified as belonging to Ms. Cloonan and Ms. Halpern exist, we request that those be produced for inspection and imaging.

**E.**   **Fee Agreements**

Please also confirm for all four of your clients whether they have fee agreements, written or otherwise, with MGA. Judge Infante has already found such fee agreements to be relevant to bias and credibility. If such fee agreements exist, please produce them.

EXHIBIT _____ 6

PAGE _____ 44

1   LARRY W. MCFARLAND (State Bar No. 129668)
    DAVID K. CAPLAN (State Bar No. 181174)
2   ELLIE SCHWIMMER (State Bar No. 221522)
    KEATS MCFARLAND & WILSON LLP
3   9720 Wilshire Boulevard
    Penthouse Suite
4   Beverly Hills, California 90212
    Tel: (310) 248-3830
5   Fax: (310) 860-0363

6   Attorneys for Non-Party
    SARAH HALPERN
7

8                   UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                       WESTERN DIVISION

11

12  MATTEL, INC., a Delaware            Case No.:  CV 04-9059 NM (RNBx)
    Corporation,
                                        **SARAH HALPERN'S AMENDED**
13               Plaintiff,             **RESPONSES AND OBJECTIONS TO**
                                        **MATTEL'S SUBPOENA FOR**
14          v.                          **PRODUCTION OF DOCUMENTS**

15  CARTER BRYANT, an individual, and   Honorable Nora M. Manella
    DOES 1-10, inclusive,
16

17               Defendants.

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _____6_____

PAGE _____45_____

Sarah Halpern ("Halpern") hereby submits her Amended Responses and Objections to the Requests for Production ("Requests") made by Mattel, Inc. ("Mattel") in its third-party subpoena on Halpern (the "Halpern Subpoena").

## PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

Halpern is not a party to the above-entitled action. Halpern is not permitted to conduct discovery in this action and has not completed an investigation of the facts related to this action. Consequently, the following responses are given without prejudice to Halpern's right to amend or supplement her objections and responses herein, if necessary, at a later date. Except for those facts expressly admitted herein, no admissions of any nature whatsoever are implied or should be inferred. Furthermore, Halpern's responses are not to be construed as admissions that any of the requested documents exist or that any contentions or assumptions in the Requests, whether implicit or explicit, are correct.

Halpern makes these responses and objections with waiving, or intending to waive, her motion to quash the subpoena to which these responses are addressed.

## GENERAL OBJECTIONS

1.    The following General Objections apply to each of the Requests and are incorporated by reference in each of the specified responses set forth below, as though fully set forth therein. The failure to mention one of the following objections in any of the specific responses to the Requests set forth below shall not be deemed a waiver or limitation of any such objection.

2.    Halpern objects to each Request to the extent that it violates her United States and California constitutional, statutory and common law rights of privacy in her financial and confidential information.

3.    Halpern objects to Mattel's "Definitions" and "Instructions" to the extent that they seek to impose obligations on Halpern beyond those required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

-2-

EXHIBIT _____ 6

PAGE _____ 46

4.      Halpern objects to each Request to the extent that it seeks the production of documents beyond those required to be produced by the Federal Rules of Civil Procedure or the Local Rules of this Court.

5.      Halpern objects to each Request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege or any other applicable privilege or doctrine. To the extent that any document falling within the scope of any applicable privilege or doctrine is inadvertently disclosed in responding to any Request, such disclosure does not constitute a waiver or limitation of the applicable privilege. Any discovery resulting in such disclosure should be returned to Halpern upon demand and without any waiver of any kind.

6.      Halpern objects to each Request to the extent that it seeks the production of documents containing information of a confidential, competitively sensitive, proprietary, or trade secret nature pertaining to Halpern or to any third parties to whom she may have a confidentiality obligation (collectively, "Confidential Information"). All documents produced by Halpern will be produced subject to the Stipulated Protective Order entered in the captioned case on January 4, 2005 (the "Protective Order").

7.      Halpern objects to each and every document request that utilizes the defined terms YOU or YOUR as being vague, ambiguous, overly broad and unduly burdensome, particularly given Halpern's status as a non-party. The breadth of Mattel's Requests is underscored by Mattel's attempt to include in the definition of the terms YOU and YOUR "any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control." Halpern will respond as though YOU and YOUR refer to Halpern and to Halpern only.

8.      Halpern objects to each and every document request that utilizes the defined term BRYANT as encompassing "any other PERSON acting on his behalf,

-3-

EXHIBIT _____ 6

PAGE _____ 47

1   pursuant to his authority or subject to his control." Given that this phrase is vague,

2   ambiguous, overly broad and unduly burdensome, Halpern will respond as though

3   BRYANT refers to Bryant and to Bryant only.

4        9.   Halpern objects to each and every Request that utilizes the defined term

5   REFER OR RELATE TO on the grounds that such phrase is vague, ambiguous,

6   overly broad, unduly burdensome and may be read to encompass information not

7   relevant to any claim or defense in this action nor reasonably calculated to lead to the

8   discovery of admissible evidence.

9        10.   Halpern objects to each and every Request that utilizes the defined term

10   DESIGNS as being vague, ambiguous, overly broad, unduly burdensome, not relevant

11   to any claim or defense in this action nor reasonably calculated to lead to the

12   discovery of admissible evidence, and requiring the production of Confidential

13   Information.

14        11.   Halpern objects to each and every document request that utilizes the

15   defined terms DOCUMENT, WRITINGS or RECORDINGS as being vague,

16   ambiguous and overly burdensome, including, without limitation, Mattel's attempt to

17   require production of "drafts." Halpern also objects to any Request that utilizes these

18   terms to the extent such Request seeks documents protected by the attorney client

19   privilege, the joint defense privilege, the common interest privilege, the attorney work

20   product doctrine or any other similar privilege or protection. Halpern further objects to

21   each and every document request that utilizes the defined terms DOCUMENT,

22   WRITINGS or RECORDINGS to the extent that it seeks documents beyond those

23   required to be produced by the Federal Rules of Civil Procedure or the Local Rules of

24   this Court.

25        12.   Halpern objects to each and every document request that utilizes the

26   defined terms COMMUNICATION or COMMUNICATIONS to the extent that it

27   refers to "any disclosure, transfer or exchange of information between two or more

28

-4-

EXHIBIT _____6_____

PAGE _____48_____

1  PERSONS" as vague and indefinite. Halpern also objects to any Request that utilizes

2  these terms to the extent such Request seeks documents protected by the attorney

3  client privilege, the joint defense privilege, the common interest privilege, the attorney

4  work product doctrine or any other similar privilege or protection.

5       13.   Halpern objects to each and every document request that utilizes the

6  defined terms PERSON or PERSONS as being vague, ambiguous, overly broad and

7  unduly burdensome, particularly as to the phrase "any one else acting on its, his or her

8  behalf, pursuant to its, his or her authority or subject to its, his or her control."

9  Halpern will respond as though PERSON and PERSONS refer to the specified

10  individual(s) only.

11       14.   Halpern objects to each and every Request that seeks documents from

12  Halpern that also may be in the possession of a party to this litigation.

13  **SPECIFIC OBJECTIONS AND RESPONSES**

14  <u>REQUEST FOR PRODUCTION NO. 1</u>:

15       All DOCUMENTS REFERRING OR RELATING TO BRATZ any time prior

16  to January 1, 2001 (regardless of when such DOCUMENT was created, written,

17  received or transmitted), including without limitation any work or services performed

18  by YOU or any other PERSON on BRATZ prior to January 1, 2001.

19  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1</u>:

20       Halpern refers to and incorporates herein all of the General Objections set forth

21  above.  Halpern objects to this request to the extent that it calls for the production of

22  documents that are protected by the attorney-client privilege, attorney work product

23  doctrine, joint defense privilege, common interest privilege or any other similar privilege

24  or protection. Halpern also objects to the extent that this request calls for documents

25  containing Confidential Information, particularly in the absence of a protective order.

26  Halpern objects to this request as vague and ambiguous, particularly as it relates to the

27  words "work or services" and "prior to January 1, 2001." Halpern further objects to this

28  request as unduly burdensome. Halpern objects on the grounds that Mattel has not

-5-

EXHIBIT      6

PAGE      49

1  demonstrated a need for production at this time that outweighs the burden imposed on
2  Halpern, a nonparty. Halpern objects to this request on the grounds that it seeks documents
3  that are not relevant to any claim or defense in this litigation, nor likely to lead to the
4  discovery of admissible evidence. Halpern further responds that, subject to and without
5  waiving any objections, Halpern is willing to produce responsive documents pursuant to
6  the Protective Order.

7  REQUEST FOR PRODUCTION NO. 2:

8      All DOCUMENTS REFERRING OR RELATING TO ANGEL, including
9  without limitation any work or services performed by YOU or any other PERSON on
10 ANGEL.

11 RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

12     Halpern refers to and incorporates herein all of the General Objections set forth
13 above. Halpern objects to this request to the extent that it calls for the production of
14 documents that are protected by the attorney-client privilege, attorney work product
15 doctrine, joint defense privilege, common interest privilege or any other similar privilege
16 or protection. Halpern also objects to the extent that this request calls for documents
17 containing Confidential Information, particularly in the absence of a protective order.
18 Halpern objects to this request as vague and ambiguous, particularly as it relates to the
19 words "work or services." Halpern further objects to this request as unduly burdensome.
20 Halpern objects on the grounds that Mattel has not demonstrated a need for production at
21 this time that outweighs the burden imposed on Halpern, a nonparty. Halpern objects to
22 this request on the grounds that it seeks documents that are not relevant to any claim or
23 defense in this litigation, nor likely to lead to the discovery of admissible evidence.
24 Subject to and without waiving any of the foregoing general and specific objections,
25 Halpern responds as follows: Halpern has conducted a diligent search and a reasonable
26 inquiry in an effort to comply with this request and no responsive documents are in
27 the possession, custody or control of Halpern.

REQUEST FOR PRODUCTION NO. 3:

28

-6-

EXHIBIT 6
PAGE 50

1       All DOCUMENTS REFERRING OR RELATING TO PRAYER ANGELS,

2  including without limitation any work or services performed by YOU or any other

3  PERSON on PRAYER ANGELS.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

5      Halpern refers to and incorporates herein all of the General Objections set forth

6  above.  Halpern objects to this request to the extent that it calls for the production of

7  documents that are protected by the attorney-client privilege, attorney work product

8  doctrine, joint defense privilege, common interest privilege or any other similar privilege

9  or protection. Halpern also objects to the extent that this request calls for documents

10  containing Confidential Information, particularly in the absence of a protective order.

11  Halpern objects to this request as vague and ambiguous, particularly as it relates to the

12  words "work or services." Halpern further objects to this request as unduly burdensome.

13  Halpern objects on the grounds that Mattel has not demonstrated a need for production at

14  this time that outweighs the burden imposed on Halpern, a nonparty. Halpern objects to

15  this request on the grounds that it seeks documents that are not relevant to any claim or

16  defense in this litigation, nor likely to lead to the discovery of admissible evidence.

17  Subject to and without waiving any of the foregoing general and specific objections,

18  Halpern responds as follows:  Halpern has conducted a diligent search and a reasonable

19  inquiry in an effort to comply with this request and is not aware of any documents

    responsive to this request.

20  REQUEST FOR PRODUCTION NO. 4:

21      All DOCUMENTS REFERRING OR RELATING TO any agreements or

22  contracts REFERRING OR RELATING TO BRATZ, ANGEL and/or PRAYER

23  ANGELS between YOU and any PERSON.

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

25      Halpern refers to and incorporates herein all of the General Objections set forth

26  above.  Halpern objects to this request as compound.  Halpern objects to this request to

27  the extent that it calls for the production of documents that are protected by the attorney-

28  client privilege, attorney work product doctrine, joint defense privilege, common interest

-7-

EXHIBIT _____ 6

PAGE _____ 51

1  privilege or any other similar privilege or protection. Halpern also objects to the extent that

2  this request calls for documents containing Confidential Information, particularly in the

3  absence of a protective order. Halpern further objects to this request as unduly

4  burdensome. Halpern objects on the grounds that Mattel has not demonstrated a need for

5  production at this time that outweighs the burden imposed on Halpern, a nonparty. Halpern

6  objects to this request on the grounds that it seeks documents that are not relevant to any

7  claim or defense in this litigation, nor likely to lead to the discovery of admissible

8  evidence. With respect to BRATZ, Halpern further responds that, subject to and without

9  waiving any objections, Halpern is willing to produce responsive documents pursuant to

10  the Protective Order. With respect to ANGEL and PRAYER ANGELS, subject to and

11  without waiving any of the foregoing general and specific objections, Halpern responds as

12  follows:  Halpern has conducted a diligent search and a reasonable inquiry in an effort

13  to comply with this request and is not aware of any documents responsive to this

14  request.

15  REQUEST FOR PRODUCTION NO. 5:

16      All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT

17  any time prior to January 1, 2001 (regardless of when such DOCUMENT was created,

18  written received or transmitted).

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

20      Halpern refers to and incorporates herein all of the General Objections set forth

21  above.  Halpern objects to this request to the extent that it calls for the production of

22  documents that are protected by the attorney-client privilege, attorney work product

23  doctrine, joint defense privilege, common interest privilege or any other similar privilege

24  or protection. Halpern also objects to the extent that this request calls for documents

25  containing Confidential Information, particularly in the absence of a protective order.

26  Halpern objects to this request as vague and ambiguous, particularly as it relates to the

27  words "prior to January 1, 2001." Halpern further objects to this request as unduly

28  burdensome. Halpern objects on the grounds that Mattel has not demonstrated a need for

-8-

EXHIBIT _____ 6

PAGE _____ 52

1  production at this time that outweighs the burden imposed on Halpern, a nonparty. Halpern
2  objects to this request on the grounds that it seeks documents that are not relevant to any
3  claim or defense in this litigation, nor likely to lead to the discovery of admissible
4  evidence. Halpern further responds that, subject to and without waiving any objections,
5  Halpern is willing to produce responsive documents pursuant to Protective Order.
6  REQUEST FOR PRODUCTION NO. 6:

7    All DOCUMENTS REFERRING OR RELATING TO Anna Rhee any time
8  prior to January 1, 2001 (regardless of when such DOCUMENT was created, written,
9  received or transmitted).

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

11   Halpern refers to and incorporates herein all of the General Objections set forth
12  above. Halpern objects to this request to the extent that it calls for the production of
13  documents that are protected by the attorney-client privilege, attorney work product
14  doctrine, joint defense privilege, common interest privilege or any other similar privilege
15  or protection. Halpern also objects to the extent that this request calls for documents
16  containing Confidential Information, particularly in the absence of a protective order.
17  Halpern objects to this request as vague and ambiguous, particularly as it relates to the
18  words "prior to January 1, 2001." Halpern further objects to this request as unduly
19  burdensome. Halpern objects on the grounds that Mattel has not demonstrated a need for
20  production at this time that outweighs the burden imposed on Halpern, a nonparty. Halpern
21  objects to this request on the grounds that it seeks documents that are not relevant to any
22  claim or defense in this litigation, nor likely to lead to the discovery of admissible
23  evidence. Halpern further responds that, subject to and without waiving any objections,
24  Halpern is willing to produce responsive documents pursuant to the Protective Order.
25  REQUEST FOR PRODUCTION NO. 7:

26   All DOCUMENTS, including without limitation phone records, REFERRING
27  OR RELATING TO COMMUNICATIONS between Anna Rhee, on the one hand,
28  and YOU, Halpern and/or CARTER BRYANT prior to January 1, 2001.

-9-

EXHIBIT _____ 6
PAGE _____ 53

1

2  RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

3       Halpern refers to and incorporates herein all of the General Objections set forth

4  above. Halpern objects to this request as compound. Halpern objects to this request to

5  the extent that it calls for the production of documents that are protected by the attorney-

6  client privilege, attorney work product doctrine, joint defense privilege, common interest

7  privilege or any other similar privilege or protection. Halpern also objects to the extent that

8  this request calls for documents containing Confidential Information, particularly in the

9  absence of a protective order. Halpern objects to this request as vague and ambiguous,

10  particularly as it relates to the words "prior to January 1, 2001." Halpern further objects

11  to this request as unduly burdensome, including, without limitation, because it purports to

12  require the production of documents that are duplicative of documents requested of Bryant,

13  a party to this action. Halpern objects on the grounds that Mattel has not demonstrated a

14  need for production at this time that outweighs the burden imposed on Halpern, a nonparty.

15  Halpern objects to this request on the grounds that it seeks documents that are not relevant

16  to any claim or defense in this litigation, nor likely to lead to the discovery of admissible

17  evidence. Halpern further responds that, subject to and without waiving any objections,

18  Halpern is willing to produce responsive documents pursuant to the Protective Order.

REQUEST FOR PRODUCTION NO. 8:

19       All DOCUMENT REFERRING OR RELATING TO this litigation.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

21       Halpern refers to and incorporates herein all of the General Objections set forth

22  above. Halpern objects to this request to the extent that it calls for the production of

23  documents that are or may be protected by the attorney-client privilege, attorney work

24  product doctrine, joint defense privilege, common interest privilege or any other similar

25  privilege or protection. Halpern also objects to the extent that this request calls for

26  documents containing Confidential Information, particularly in the absence of a protective

27  order. Halpern objects to this request as vague and ambiguous, particularly as it relates to

28  the word "litigation." Halpern further objects to this request as unduly burdensome,

-10-

EXHIBIT _____6_____

PAGE _____54_____

1  including, without limitation, because it purports to require the production of documents
2  that are duplicative of documents requested of Bryant, a party to this action. Halpern
3  objects on the grounds that Mattel has not demonstrated a need for production at this time
4  that outweighs the burden imposed on Halpern, a nonparty. Halpern objects to this request
5  on the grounds that it seeks documents that are not relevant to any claim or defense in this
6  litigation, nor likely to lead to the discovery of admissible evidence. Subject to and
7  without waiving any of the foregoing general and specific objections, Halpern responds as
8  follows:  Halpern has conducted a diligent search and a reasonable inquiry in an effort
9  to comply with this request and, with the exception of the Subpoena served by Mattel
10  on Halpern, is not aware of any documents responsive to this request.

REQUEST FOR PRODUCTION NO. 9:

11
12       All DOCUMENTS REFERRING OR RELATING TO any work or services
13  that YOU performed for or on behalf of any competitor of MATTEL, including
14  without limitation MGA, during the term of YOUR MATTEL employment.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

15
16       Halpern refers to and incorporates herein all of the General Objections set forth
17  above.  Halpern objects to this request to the extent that it calls for the production of
18  documents that are protected by the attorney-client privilege, attorney work product
19  doctrine, joint defense privilege, common interest privilege or any other similar privilege
20  or protection. Halpern also objects to the extent that this request calls for documents
21  containing Confidential Information, particularly in the absence of a protective order.
22  Halpern objects to this request as vague and ambiguous, particularly as it relates to the
23  word "employment."  Halpern objects to this request as vague and ambiguous,
24  particularly as it relates to the words "work or services" and "competitor." Halpern
25  further objects to this request as unduly burdensome. Halpern objects on the grounds that
26  Mattel has not demonstrated a need for production at this time that outweighs the burden
27  imposed on Halpern, a nonparty. Halpern objects to this request on the grounds that it
28  seeks documents that are not relevant to any claim or defense in this litigation, nor likely
   to lead to the discovery of admissible evidence. Subject to and without waiving any of the

-11-

EXHIBIT _____ 6

PAGE _____ 55

1  foregoing general and specific objections, Halpern responds as follows:  Halpern has

2  conducted a diligent search and a reasonable inquiry in an effort to comply with this

3  request and is not aware of any documents responsive to this Request.

4  REQUEST FOR PRODUCTION NO. 10:

5       All DOCUMENTS REFERRING OR RELATING TO any

6  COMMUNICATIONS between YOU and MGA during the term of YOUR MATTEL

7  employment.

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

9       Halpern refers to and incorporates herein all of the General Objections set forth

10  above.  Halpern objects to this request to the extent that it calls for the production of

11  documents that are protected by the attorney-client privilege, attorney work product

12  doctrine, joint defense privilege, common interest privilege or any other similar privilege

13  or protection. Halpern also objects to the extent that this request calls for documents

14  containing Confidential Information, particularly in the absence of a protective order.

15  Halpern objects to this request as vague and ambiguous, particularly as it relates to the

16  word "employment."  Halpern objects to this request as vague and ambiguous.  Halpern

17  further objects to this request as unduly burdensome. Halpern objects on the grounds that

18  Mattel has not demonstrated a need for production at this time that outweighs the burden

19  imposed on Halpern, a nonparty. Halpern objects to this request on the grounds that it

20  seeks documents that are not relevant to any claim or defense in this litigation, nor likely

21  to lead to the discovery of admissible evidence. Subject to and without waiving any of the

22  foregoing general and specific objections, Halpern responds as follows:  Halpern has

23  conducted a diligent search and a reasonable inquiry in an effort to comply with this

24  request and is not aware of any documents responsive to this Request.

24  REQUEST FOR PRODUCTION NO. 11:

25       All doll heads, sculpts, prototypes, models, samples, molds and tangible items

26  that were created, prepared or made, whether in whole or in part, prior to January 1,

27  2001 that REFER OR RELATE TO BRATZ.

28  RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

-12-

EXHIBIT ___6___

PAGE ___56___

1   Halpern refers to and incorporates herein all of the General Objections set forth
2   above. Halpern objects to this request to the extent that it calls for the production of
3   documents that are protected by the attorney-client privilege, attorney work product
4   doctrine, joint defense privilege, common interest privilege or any other similar privilege
5   or protection. Halpern also objects to the extent that this request calls for documents
6   containing Confidential Information, particularly in the absence of a protective order.
7   Halpern objects to this request as vague and ambiguous, particularly as it relates to the
8   words "created, prepared or made" and "prior to January 1, 2001." Halpern further
9   objects to this request as unduly burdensome, including, without limitation, because it
10  purports to require the production of documents that are duplicative of documents
11  requested of Bryant, a party to this action. Halpern objects on the grounds that Mattel has
    not demonstrated a need for production at this time that outweighs the burden imposed on
12  Halpern, a nonparty. Halpern objects to this request on the grounds that it seeks documents
13  that are not relevant to any claim or defense in this litigation, nor likely to lead to the
14  discovery of admissible evidence. Halpern further responds that, subject to and without
15  waiving any objections, Halpern is willing to produce responsive documents pursuant to
16  the Protective Order.
17  REQUEST FOR PRODUCTION NO. 12:
18      All doll heads, sculpts, prototypes, models, samples, molds and tangible items
19  that were created, prepared or made, whether in whole or in part, prior to January 1,
20  2001 that REFER OR RELATE TO ANGEL and/or PRAYER ANGELS.
21  RESPONSE TO REQUEST FOR PRODUCTION NO. 12:
22      Halpern refers to and incorporates herein all of the General Objections set forth
23  above. Halpern objects to this request as compound. Halpern objects to this request to
24  the extent that it calls for the production of documents that are protected by the attorney-
25  client privilege, attorney work product doctrine, joint defense privilege, common interest
26  privilege or any other similar privilege or protection. Halpern also objects to the extent that
27  this request calls for documents containing Confidential Information, particularly in the
28  absence of a protective order. Halpern objects to this request as vague and ambiguous,

-13-

EXHIBIT _____ 6

PAGE _____ 57

particularly as it relates to the words "created, prepared or made" and "prior to January 1, 2001." Halpern further objects to this request as unduly burdensome. Halpern objects on the grounds that Mattel has not demonstrated a need for production at this time that outweighs the burden imposed on Halpern, a nonparty. Halpern objects to this request on the grounds that it seeks documents that are not relevant to any claim or defense in this litigation, nor likely to lead to the discovery of admissible evidence. Subject to and without waiving any of the foregoing general and specific objections, Halpern responds as follows:  Halpern has conducted a diligent search and a reasonable inquiry in an effort to comply with this request and is not aware of any documents responsive to this request.

Dated:  May 6, 2005

KEATS MCFARLAND & WILSON LLP

_____

Ellie Schwimmer
Attorneys for Non-Party Sarah Halpern

-14-

EXHIBIT _____ 6

PAGE _____ 58

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   June 25, 2007               **NUMBER OF PAGES, INCLUDING COVER: 18**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq.<br>Keats, McFarland & Wilson, LLP | 310-248-3830 | 310-860-0363 |

**FROM:**   Susan Wines

**RE:**   Mattel, Inc. v. Bryant

**MESSAGE:**



07209/2152611.1

| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | Mia Albert | ☐ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | O'LAN | | CONFIRMED?   ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

EXHIBIT   6

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.   PAGE   59

06/26/2007 10:21 FAX 1213443?1?9          QEUOH-LAO-2                          ☑001

```
                    ***********************
               ***    TX REPORT    ***
                    ***********************

       TRANSMISSION OK

       TX/RX NO                2712
       RECIPIENT ADDRESS       9414#07209#13108600363
       DESTINATION ID
       ST. TIME                06/26 10:15
       TIME USE                05'12
       PAGES SENT                 18
       RESULT                  OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   June 25, 2007

**NUMBER OF PAGES, INCLUDING COVER: 18**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq.<br>Keats, McFarland & Wilson, LLP | 310-248-3830 | 310-860-0363 |

**FROM:**   Susan Wines

**RE:**   Mattel, Inc. v. Bryant

**MESSAGE:**

EXHIBIT _____ 6

PAGE _____ 60

FAXED   JUN 2 5 2007