QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order of December 6, 2006]**<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL A COMPLETE RESPONSE TO MATTEL'S SUPPLEMENTAL INTERROGATORY RE TEST PROJECTS<br><br>Date:  TBA<br>Time:  TBA<br>Place:  TBA<br><br>Phase I<br>Discovery cutoff:  January 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, at a conference before Discovery Master Hon. Edward Infante (Ret.), that will occur at a time and place to be set by Judge Infante, Mattel, Inc. will, and hereby does, move the Court: (1) to compel MGA to provide a complete response to Mattel, Inc.'s Supplemental Interrogatory Pursuant to Order Dated September 25, 2007; and (2) for sanctions against MGA.

This Motion is made on the grounds that MGA has failed and refused to provide any substantive answer to Mattel's Supplemental Interrogatory, even though the Court expressly ruled the information sought is relevant and granted Mattel leave to serve it.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Tamar Buchakjian filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

**Statement of Rule 37-1 Compliance**

The parties met and conferred on January 10, 2008, and times thereafter, regarding MGA's failure to provide complete responses to Mattel's Supplemental Interrogatory as required by the September 25, 2007 Order.

DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                                  By /s/ Timothy L. Alger
                                     Timothy L. Alger
                                     Attorneys for Mattel, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

In a September 25, 2007 Order, the Court granted Mattel leave to serve an interrogatory in lieu of compelling testimony on Topic No. 9 of Mattel's Third Notice of Deposition Pursuant to Rule 30(b)(6). The order was unequivocal: the Court held the information sought by Topic No. 9 to be relevant, and that Mattel is entitled to discovery on that topic, but it ruled that the information sought by Topic No. 9 "is more appropriately obtained through a contention interrogatory," which it granted Mattel leave to serve. Mattel served the interrogatory contemplated by the Order on MGA on October 19, 2007. Mattel's Supplemental Interrogatory (like Topic No. 9) seeks information regarding "test projects" for MGA, which the Court has held is relevant to Bryant's and MGA's defenses in this action.

Directly flouting the Order, MGA improperly refuses to provide a substantive answer to the supplemental interrogatory served by Mattel. Instead, MGA has reinterpreted the Court's Order and unilaterally redrafted Mattel's interrogatory. MGA is thus depriving Mattel of information that the Discovery Master ruled Mattel is entitled to long ago. MGA is also in deliberate violation of the September 25, 2007 Order's plain language.

MGA's stated justifications for refusing to comply with the Discovery Master's Order all lack merit. The Court already has ruled that whether MGA has requested, asked or solicited any person to perform a test project is relevant to "MGA and Bryant's defenses, namely their claim that Bryant's work for MGA while employed by Mattel was no different than a standard industry practice of having candidates for creative positions make artwork as part of the job interview." Thus, MGA's stated basis for not responding -- that MGA now purportedly no longer contends that it required *Bryant* to perform a test project -- is simply irrelevant.

That is because *Bryant* still asserts the purported "test project" defense, as the Court has found.

The Discovery Master should enforce its Order holding that Topic No. 9 seeks relevant information and compel MGA to provide a complete response to Mattel's Supplemental Interrogatory as written by Mattel, rather than as re-written by MGA. The Discovery Master should also sanction MGA for its willful failure to comply with the Court's Order.

## Statement of Facts

On September 25, 2007, the Discovery Master granted in part Mattel's motion to compel MGA to produce witnesses pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6).[1] With respect to Topic No. 9 in Mattel's Third Notice, "[i]n lieu of taking a 30(b)(6) deposition," the Discovery Master granted Mattel "leave to serve a contention interrogatory regarding Topic 9," after MGA argued responding to an interrogatory would be easier.[2] Topic No. 9 of Mattel's Third Notice sought a witness to testify on: "The IDENTITY of each PERSON who YOU had perform, or who YOU requested, asked or solicited to perform, any "test project" in advance of or in consideration of employment by YOU since January 1, 1995, including without limitation the IDENTITY of each such PERSON who was a MATTEL employee at the time."[3]

Mattel's Supplemental Interrogatory also seeks that same information asking MGA to: "IDENTIFY, fully and completely, each and every TEST

---

[1] Order Granting In Part And Denying In Part Mattel's Motion to Compel MGA To Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated September 25, 2007 ("September 25, 2007 Order"), Buchakjian Dec. Exh. 1.

[2] Id. at 10; Transcript of Hearing, dated September 24, 2007, Buchakjian Dec. Exh. 11 at 24:24-27:3.

[3] Third Notice of Deposition of MGA Entertainment, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated June 5, 2007, Buchakjian Dec. Exh. 2, at 9.

PROJECT that YOU caused, had, requested, asked or solicited any PERSON to perform during the time period January 1, 1998 through December 31, 2004, inclusive, and IDENTIFY all PERSONS with knowledge thereof and all DOCUMENTS that REFER OR RELATE TO such TEST PROJECT."[4]

Carter Bryant and MGA, not Mattel, have long been using "test project" to defend Bryant's working for MGA while he was still a Mattel employee. Bryant himself introduced the concept at his deposition:

> Q  (By Mr. Quinn)  At any time prior to the last day of your employment at Mattel did you have any discussion with MGA about any projects you might work on with them other than Bratz?
>
> A  I did sort of a *tryout kind of a project for them*. It was an angel project. It was actually not my project. It was Veronica's project, and I did some face designs for them, just some drawings, and I don't know if they used any of them or not, but it was my -- excuse me, *my understanding that this was kind of a test* to see how well I would do, you know, with working with the team, working with direction.[5]

Bryant later referred to the same "test project" concept when discussing his employment with Mattel:

---

[4]  Mattel, Inc.'s Supplemental Interrogatory Pursuant to Order Dated September 25, 2007, dated October 17, 2007, Buchakjian Dec. Exh. 3.

[5]  Deposition of Carter Bryant ("Bryant Depo."), Buchakjian Dec., Exh. 4 at 178:3-18 (emphasis added). Bryant also used the similar term "trial project" to refer to the same concept--doing test work prior to being considered for formal employment--in his Complaint for Declaratory Relief filed against Mattel on November 2, 2004. Buchakjian Dec., Exh. 5 at 5, ¶ 25.

1  Q  How were things left at the conclusion of the second
2     meeting?  Was it -- did you have a job offer at that
3     point?  Did they say they would get back to you or
4     something else?
5  A  I think again they wanted me to come and meet with another
6     lady.  They wanted me to go do the *test assignment* and
7     then they wanted me to come back for an interview with
8     another woman.
9  Q  Tell me about the test assignment.  What was that?
10 A  They *wanted me to do a project* in which I would come up
11    with sort of a -- I forget what the project was called but
12    they wanted me to come up with some sort of superhero kind
13    of a look . . . .[6]

   Bryant's deposition questioning also reflects his pursuit of a "test
project" defense. For example:

Q.  Do you have any information about Mr. Bryant allegedly working
on a *test project* separate and apart from the work that he was doing for
Mattel during the time of his employment from Mattel?
MR. ZELLER:  The question is vague.
THE WITNESS:  When you say "do you have any information," can
you clarify what you mean by that?
BY MS. ANDERSON:
Q.  Do you know of any facts that relate to that?  Let me restate it so
it's clear.  Do you have any knowledge about Mr. Bryant allegedly

---

[6] Id. at 515:19-516:7 (emphasis added).

working on a *test project* separate and apart from the work that he did

for Mattel during the time of his employment with Mattel?

MR. ZELLER:  The question is still vague.

THE WITNESS:  Other than what -- the fact that the complaint was

brought up, that's all the knowledge that I have.[7]

Based on the foregoing, the Discovery Master held that the information sought by Topic No. 9 "seeks information relevant to one of MGA and Bryant's defenses, namely that Bryant's work for MGA while employed by Mattel was consistent with an alleged industry practice of having candidates for creative positions make artwork as part of the job interview."[8]  Except for narrowing the time period of Topic No. 9 to the years 1998 through 2004, the Court did not change the scope of the information sought and therefore overruled all of MGA's limitations and objections in granting Mattel leave to serve an interrogatory on the subject.

Pursuant to the Court's Order, on October 17, 2007, Mattel served a Supplemental Interrogatory in lieu of Topic No. 9.[9]  However, instead of responding to Mattel's interrogatory as served, MGA rewrote Mattel's interrogatory to unilaterally narrow the information requested.[10]  Thus, MGA modified Mattel's Supplemental Interrogatory by "asking first whether MGA contends that MGA caused, had requested, asked or solicited Bryant to perform a TEST PROJECT and, if MGA so contends, to "IDENTIFY, fully and completely, each and every TEST PROJECT  that YOU caused, had, requested, asked or solicited any PERSON to

---

[7] Deposition of Sandy Yonemoto ("Yonemoto Depo.", Buchakjian Dec., Exh. 28 at 76:2-19 (emphasis added).
[8] September 25, 2007 Order, Buchakjian Dec. Exh. 1 at 10.
[9] Buchakjian Dec. Exh. 3.
[10] MGA Entertainment Inc.'s Objections and Responses to Mattel, Inc.'s Supplemental Set of Interrogatories, dated November 19, 2007, Buchakjian Dec. Exh. 7.

perform during the time period January 1, 1998 through December 31, 2004, inclusive, and IDENTIFY all PERSONS with knowledge thereof and all DOCUMENTS that REFER OR RELATE TO such TEST PROJECT."

On January 10, 2007 Mattel requested that MGA provide a complete response to its Supplemental Interrogatory.[11] MGA indicated that he would not agree to provide a complete response to Mattel's interrogatory as written.[12]

## Argument

### I. THE COURT SHOULD ENFORCE ITS SEPTEMBER 25, 2007 ORDER AND REQUIRE MGA TO SERVE A COMPLETE RESPONSE TO MATTEL'S SUPPLEMENTAL INTERROGATORY

#### A. The September 25, 2007 Order Held That Mattel's Supplemental Interrogatory Seeks Relevant Information

The Discovery Master's September 25, 2007 Order held that the information sought by Topic No. 9, "test projects" for MGA, is relevant to Bryant and MGA's defenses in this action. Instead of a witness, the Court ruled that the information sought by Topic No. 9 "is more appropriately obtained through a contention interrogatory," which Mattel served on MGA.[13]

MGA has now answered an interrogatory Mattel did not serve. According to MGA, it need simply deny that it solicited Bryant to perform a "test project" to satisfy its obligations. However, the Court has already recognized that this topic seeks information that is relevant to a defense not only of MGA, but also

---

[11] Letter from Dylan Proctor to Tim Miller, dated January 10, 2007, Buchakjian Dec. Exh. 8.

[12] Letter from Tim Miller to Dylan Proctor, dated January 17, 2007, Buchakjian Dec. Exh. 9; Email from Dylan Proctor to Tim Miller, dated January 18, 2007, Buchakjian Dec. Exh. 10 & ¶ 11 (saying that Tim Miller did not respond to our letter).

[13] Buchakjian Dec. Exh. 1 at 10.

*of Bryant* -- based on his deposition testimony that he performed a "tryout" or "test" project for MGA, and was not actually working for MGA when he worked for Mattel. Whether *MGA* now contends that Bryant performed a test project or not, Mattel is entitled to a complete answer to rebut Bryant's defense.

The purpose for the Mattel's interrogatory is to obtain information that will refute assertions that Bryant's working for MGA while employed by Mattel was no different than a supposedly standard industry practice of having candidates for creative positions make artwork as part of the job interview. The Topic is thus plainly relevant, as the Court expressly held. It seeks information to rebut arguments by *Bryant*, whether MGA still so contends or not, that this purported practice was common even at MGA. Whether or not "MGA does not contend that it caused, had, requested asked or solicited *Bryant* to perform a TEST PROJECT," the likely fact that it has not caused, requested, asked or solicited *others* is relevant to rebut Bryant's defense.

### B. MGA's Objections Lack Merit and Should Be Overruled

MGA's objections to Mattel's interrogatory lack merit. First, MGA objects on a variety of boilerplate grounds. These boilerplate objections all lack merit. MGA objects to the Interrogatory to the extent that it "seeks information that is not subject to the disclosure under any applicable privilege, doctrine or immunity, including without limitation the . . . the right of privacy." Federal law does not recognize a right to privacy that entitles a party to withhold relevant information. See Humphreys v. Regents of Univ. of Cal., 2006 WL 335275, *1 (N.D. Cal. 2006) (under Federal Rule of Evidence 501, "federal law determines the evidentiary privileges that apply," and "there is no federal analog to the California privacy rights that [defendant] seeks to invoke"). "[C]ourts have frequently found that a party's need for information may outweigh whatever privacy rights, if any, another party may have." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 284 (C.D. Cal. 1998); see Reyes v. Red Gold, Inc. 2006 WL 2729412, at *3 (S.D. Tex. 2006).

MGA next objects to the Interrogatory "as oppressive and harassing in that it seeks information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence." However, as the Court explicitly held, the information sought by Mattel is clearly relevant. See Order at 10 ("Topic 9 seeks information relevant to one of MGA and Bryant's defenses.").

MGA's objection that this Interrogatory "appears to be directed at other parties to the litigation and not to MGA" is also wrong. Mattel is not aware of any basis for this objection, nor has MGA identified any. The interrogatory, on its face, is directed to MGA.

MGA next objects that the interrogatory is "compound because it contains discrete subparts that require separate, distinct and multiple responses." That objection also lacks merit, as even MGA concedes that if it contended that it requested Bryant to perform a test project, it can and will answer this question.[14]

Finally, MGA contends that Mattel's interrogatory does not comply with the Discovery Master's Order because it purportedly is not a *contention* interrogatory. This is an attempt to distract and to justify evasion. The Court permitted Mattel to serve a contention interrogatory based on a finding it has already made -- that defendants are in fact contending Bryant performed a "test project" for MGA. MGA can withdraw that contention if it wants. But Bryant's testimony cannot be withdrawn. Matter is entitled to discovery from MGA for the purpose of responding to Bryant's contention.

The Court should overrule MGA's objections and compel a complete response to Mattel's Supplemental Interrogatory.

---

[14] Buchakjian Dec. Exh. 7 at 9.

## II. THE COURT SHOULD IMPOSE SANCTIONS

MGA has wilfully failed to comply with the Court's September 25, 2007 Order. Its wilful non-compliance should not be tolerated. Sanctions are justified.

The Discovery Master has broad authority to sanction MGA for its disobedience of the Order. Under Federal Rule of Civil Procedure 37(b)(2), the Court "may make such orders in regard to the failure [to comply with the Court's Order] as are just." See also United States v. Westinghouse Electric Corp., 648 F.2d 642, 651 (9th Cir. 1981) ("The choice of discovery sanctions is left to the discretion of the district court."); accord Grimes v. City and County of San Francisco, 951 F.2d 236, 240-241 (9th Cir. 1991) (courts "may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even.").

Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions under this section are appropriate "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995).

The Discovery Master specifically held that the information sought by Mattel's supplemental interrogatory is relevant to defenses in this action. Notwithstanding that Order, MGA has unilaterally re-written Mattel's interrogatory and refuses to provide an answer. MGA's actions are in bad faith.

Mattel therefore requests that MGA be ordered to pay $3,500 as partial reimbursement for the fees and costs that Mattel has incurred in bringing this motion.[15]

### Conclusion

For the foregoing reasons, the Discovery Master should enforce the September 25, 2007 Order and (1) require MGA to provide a complete response to Mattel's Supplemental Interrogatory, and (2) impose sanctions on MGA in the amount of $3,500.

DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Timothy L. Alger
    Timothy L. Alger
    Attorneys for Mattel, Inc.

---

[15] See Buchakjian Dec., ¶ 13.

07209/2368948.3

-12-
MATTEL'S MOTION TO COMPEL COMPLETE RESPONSE TO SUPPLEMENTAL INTERROGATORY