THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA  90071-3144
Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600
E-mail:     tnolan@skadden.com

RAOUL D. KENNEDY (Bar No.  40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, California  94111-5974
Telephone:   (415) 984-6400
Facsimile:   (415) 984-2698
Email:        rkennedy@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA
ENTERTAINMENT (HK) LIMITED, and MGAE de MEXICO S.R.L. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]**<br><br>**MGA DEFENDANTS' NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA TO BANK OF AMERICA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT**<br><br>**[Declarations of Timothy A. Miller and Nelson Richards and Separate Statement filed under separate cover]**<br><br>Date:   TBD<br>Time:   TBD<br>Place:   TBD |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on _____, 2008, at ____, or as soon thereafter as the matter may be heard, before the Honorable Edward Infante (Ret.), Discovery Master, located at Two Embarcadero Center, Suite 1500, San Francisco, CA 94111, counter-defendants MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, the "MGA Defendants") will and hereby do move, pursuant to Federal Rule of Civil Procedure 26(b)(2) and 45(c)(3), for an order quashing a subpoena issued by Mattel, Inc. to non-party Bank of America, or, in the alternative, a protective order limiting the scope of the subpoena.

This motion is made on the grounds that Mattel's subpoena is overly broad and seeks information that is irrelevant to this litigation or is unreasonably duplicative or cumulative of documents and information that, to the extent relevant, has already been sought and obtained or is being obtained by Mattel through other discovery.  In addition, Mattel violated Federal Rule of Civil Procedure 45 by failing to serve the MGA Defendants with prior notice of the subpoena.

This motion is based on this Notice of Motion and Motion to Quash Subpoena to Bank of America or, in the Alternative, for Protective Order, the attached Memorandum of Points and Authorities in support thereof, the supporting Declarations of Timothy A. Miller and Nelson Richards filed herewith, the pleadings and records on file in this action, and any further evidence and argument as may be presented to the Discovery Master on this motion.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Statement of Local Rule 7-3 Compliance**

The MGA Defendants attempted to meet and confer with Mattel on January 28, 2008, regarding the subject of this motion but was unable to communicate directly with Mattel to resolve the matter.  Due to the urgency of the matter which was caused by Mattel's belated service of notice of the subpoena, the MGA Defendants could not delay filing this motion.

DATED:  January 29, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP


By: _____/s/_____
          Raoul D. Kennedy

Attorneys for Counter-Defendants
MGA ENTERTAINMENT, INC.,
ISAAC LARIAN, MGA ENTERTAINMENT
(HK) LIMITED, and MGAE de MEXICO
S.R.L. de C.V.

MGA DEFENDANTS' MOTION TO QUASH SUBPOENA TO BANK OF AMERICA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PRELIMINARY STATEMENT

Counter-defendants MGA Entertainment, Inc. ("MGA"), Isaac Larian, MGA Entertainment (HK) Limited ("MGA HK"), and MGAE de Mexico S.R.L. de C.V. ("MGA Mexico") (collectively, the "MGA Defendants") bring this motion to quash a document subpoena issued by Mattel to Bank of America.

Currently pending before the Discovery Master is the MGA Defendants' Motion to Quash Subpoenas or, in the Alternative, for Protective Order, which seeks to quash or substantially limit overly broad subpoenas that Mattel issued to various financial institutions and other non-parties, including MGA's bank Wells Fargo and Mr. Larian's tax accountant Moss Adams.  (Docket Item ("D.I.") No. 1318.)  The document requests in these subpoenas seek expansive categories of financial information regarding MGA, Mr. Larian, all of Mr. Larian's relatives, and other non-parties and essentially request every scrap of paper and byte of data that the subpoenaed entities have relating to MGA or Mr. Larian.

Despite the MGA Defendants' Motion to Quash, Mattel has continued to serve the same improper requests on other non-parties.  In particular, on January 17, 2008, Mattel served a subpoena on Bank of America literally requesting every document that Bank of America has relating to Mr. Larian and all of his relatives from 1999 through the present.  For the reasons set forth in the MGA Defendants' prior Motion to Quash, which is incorporated herein by reference, the Discovery Master should quash or, at a minimum, substantially limit the scope of Mattel's subpoena to Bank of America because it seeks overly broad categories of documents that are irrelevant to this case or are unreasonably duplicative or cumulative of documents and information that Mattel has obtained through other discovery.  (*Id.* at 13-21.)

Additionally, the Discovery Master should quash the subpoena to Bank of America because Mattel failed to give prior notice of its subpoena as required by Federal Rule of Civil Procedure 45(b)(1).  *See* Fed.R.Civ.P. 45(b)(1) ("***Prior notice***

-1-

1    of any commanded production of documents and things or inspection of premises

2    before trial ***shall be served on each party*** in the manner prescribed by Rule 5(b).")

3    (emphasis added).  Mattel did not serve notice of the subpoena on the MGA

4    Defendants until the evening of January 24, 2008—seven days after serving the

5    subpoena on Bank of America and only one court day before the date specified in the

6    subpoena for compliance.  There is simply no excuse for Mattel's clear violation of

7    Rule 45.  Indeed, Mattel's belated notice has given the MGA Defendants very little

8    time to take the appropriate steps to prevent Mattel's improper receipt of documents

9    from Bank of America.

10          Accordingly, the MGA Defendants respectfully request that the Discovery

11   Master grant their motion to quash Mattel's subpoena issued to Bank of America or,

12   at a minimum, issue a protective order substantially limiting the subpoena's scope.

13   **II.    STATEMENT OF FACTS**

14          On January 17, 2008, Mattel's counsel served a subpoena dated January 15,

15   2008, on Bank of America, demanding the production of certain documents.

16   (Declaration of Timothy A. Miller ("Miller Decl."), Ex 1.)  The date specified in the

17   subpoena for compliance was January 28, 2008, which was also the discovery cut-off

18   date.  (*Id.*)  The subpoena contains the following four requests:

19          1.      All DOCUMENTS REFERRING OR RELATING TO ISAAC
             LARIAN from January 1, 1999 to the present, inclusive.
20
             2.      All DOCUMENTS REFERRING OR RELATING TO any
21           ACCOUNTS maintained by YOU that are in the name of, for the
             benefit of or concern ISAAC LARIAN, including but not limited to
22           statements, monthly statements, annual statements, daily transaction
             history reports, monthly transaction history reports, deposit reports,
23           deposit slips, canceled checks, signature cards and
             COMMUNICATIONS REFERRING OR RELATING TO such
24           ACCOUNTS, created between January 1, 1999 and the present,
             inclusive.
25
             3.      DOCUMENTS sufficient to show the account number of all
26           ACCOUNTS maintained by YOU in the name of, for the benefit of or
             concerning ISAAC LARIAN between January 1, 1999 and the present,
27           inclusive.

28

-2-

1    4.    All DOCUMENTS showing or relating to any ACCOUNTS held
2    by ISAAC LARIAN or any ACCOUNTS on which ISAAC LARIAN has signatory authority at any other financial institution.

3    (Miller Decl., Ex. 1 at 3.)  The subpoena defines "ISAAC LARIAN" to include Mr.

4    Larian and "all of his … relatives (whether by blood or marriage)."[1]  (*Id.* at 1.)

5    The foregoing requests are nearly identical to requests contained in subpoenas

6    propounded by Mattel on Mr. Larian's tax accountant Moss Adams and MGA's bank

7    Wells Fargo.  Those subpoenas are the subject of the MGA Defendants' previously

8    filed Motion to Quash, which is currently pending before the Discovery Master.  (D.I.

9    No. 1318.)  For example, Request Nos. 1 through 4 of the Bank of America

10   subpoena are identical to Request Nos. 1, 3, 4 and 5 of the Wells Fargo subpoena,

11   respectively, except that the Wells Fargo subpoena seeks such documents with

12   respect to MGA.  (D.I. 1319, Ex. 11 at 3.)  Similarly, Request No. 1 to Bank of

13   America is essentially the same as Request No. 2 to Moss Adams, which demands

14   "[a]ll DOCUMENTS RELATING TO ISAAC LARIAN … from the period

15   beginning January 1, 1999 to the present" and defines "ISAAC LARIAN" to include

16   "all of his … relatives (whether by blood or marriage)."  (D.I. No. 1319, Ex. 12 at 1

17   & 6.)

18   Although Mattel served the subpoena on Bank of America on January 17,

19   2008, Mattel waited until the evening of January 24, 2008—one court day before the

20   January 28 compliance date—to serve notice of the subpoena on the MGA

21   Defendants and other parties to the litigation.  (Miller Decl., Exs. 2-4.)  After

22   receiving the subpoena, the MGA Defendants promptly served objections on Mattel

23   and Bank of America on January 27, 2008.  (Miller Decl., Exs. 5 & 6.)

24

25

26   [1]  In violation of Mr. Larian's privacy rights, Mattel listed Mr. Larian's social security number on the subpoena (*id.* at 1), but took no steps to protect such
27   information from being publicly disclosed.  Accordingly, the MGA Defendants have redacted Mr. Larian's social security number from the copy of the subpoena
28   submitted with this motion.

MGA DEFENDANTS' MOTION TO QUASH SUBPOENA TO BANK OF AMERICA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT

1   The MGA Defendants also attempted to contact Bank of America, but were

2   unable to identify, let alone communicate with, the Bank of America representative

3   responsible for handling the subpoena until the afternoon of January 28.

4   (Declaration of Nelson Richards ("Richards Decl."), ¶ 2.)  The MGA Defendants

5   informed the Bank of America representative, Jennifer Long, that the MGA

6   Defendants objected to Mattel's subpoena and were requesting that Bank of America

7   wait to respond until the parties had addressed the MGA Defendants' objections.

8   (*Id.*)  Ms. Long informed the MGA Defendants' counsel there was no attorney

9   responsible for reviewing the subpoena with whom counsel could speak and that,

10  because a federal subpoena was at issue, Bank of America would not stop production

11  of the documents based solely on a party's request or objection..  (*Id.*)  Ms. Long

12  stated, however, that Bank of America may stop a production of documents in

13  response to a subpoena if a motion to quash the subpoena were filed and Bank of

14  America were notified of such filing.  (Richards Decl. ¶ 2; Miller Decl. ¶ 8.)

15  Counsel for the MGA Defendants notified counsel for Mattel that it intended

16  to file this motion to quash, or in the alternative for a protective order, in order to

17  protect its rights, but that it is still willing to meet and confer during its pendency.

18  (Miller Decl., Ex. 7.)  Mattel's counsel has yet to respond to this offer.

19  **III.   THE DISCOVERY MASTER SHOULD QUASH MATTEL'S**

20  **SUBPOENA TO BANK OF AMERICA**

21  **A.   Mattel's Requests to Bank of America Are the Same as the**
    **Abusively Drawn Requests that Are the Subject of the MGA**

22  **Defendants' Pending Motion to Quash and Should Be Quashed for**

23  **the Reasons Set Forth in that Motion.**

24  Mattel's subpoena to Bank of America suffers from the same fatal defects as

25  Mattel's subpoenas to MGA's bank Wells Fargo and Mr. Larian's tax accountant

26  Moss Adams.  As detailed in the MGA Defendants' pending Motion to Quash, the

27  Wells Fargo and Moss Adams subpoenas must be quashed because they are overly

28  broad and seek documents that are irrelevant or are unreasonably duplicative or

-4-

1  cumulative of other discovery already obtained by Mattel.  (D.I. No. 1318 at 13-21.)

2  The MGA Defendants incorporate by reference herein the arguments set forth in

3  their pending Motion to Quash, which apply with equal force to Mattel's subpoena to

4  Bank of America.

5      As with its requests to Wells Fargo and Moss Adams, Mattel has made no

6  attempt to tailor its document requests to Bank of America to any specific set of

7  relevant, non-duplicative, non-cumulative information.  Rather, once again, Mattel

8  has deliberately drafted its requests to be as expansive as possible.  Mattel's

9  subpoena to Bank of America *literally* demands everything—"All DOCUMENTS

10 REFERRING OR RELATING TO ISAAC LARIAN from January 1, 1999 to the

11 present, inclusive."  (Miller Decl., Ex. 1 at Request No. 1.)  Indeed, to make sure

12 there is no doubt how broad Mattel intends its subpoena to be, Mattel has specifically

13 demanded nine years' worth of Mr. Larian's "statements, monthly statements, annual

14 statements, daily transaction history reports, monthly transaction history reports,

15 deposit reports, deposit slips, canceled checks, [and] signature cards."  (*Id.* at

16 Request No. 2.)

17     As shown in the MGA Defendants' pending Motion to Quash, such requests

18 are abusively drawn and harassing.  (D.I. No. 1318 at 13-19.)  This is particularly

19 true in view of Mr. Larian's recent production of nearly 50,000 pages of documents,

20 which included, among other things, documents showing his net worth; his gross

21 income, wages, dividend income, interest income, and other income; his banks and

22 bank accounts; and various other financial documents.  (Miller Decl., ¶ 10.)  Given

23 financial documents that Mattel has received regarding MGA and Mr. Larian,

24 Mattel's requests to their financial institutions for every financial record available is

25 excessive and improper.

26     In addition to seeking overly broad discovery of financial information

27 regarding Mr. Larian, Mattel's subpoena to Bank of America effectively seeks all

28 such information regarding all of Mr. Larian's relatives.  Specifically, Mattel has

-5-

1  broadly defined "ISAAC LARIAN" to include Mr. Larian and "all of his … relatives

2  (whether by blood or marriage)."  (Miller Decl., Ex. 1 at 1.)  Thus, Mattel has

3  demanded that Bank of America produce every document from 1999 to the present

4  that it possesses relating to Mr. Larian, his wife, his children, and every other family

5  member, in-law or other relative that Mr. Larian has.

6          Mattel sought the same overly broad categories of financial documents

7  relating to Mr. Larian's relatives from Moss Adams and other non-parties.  As

8  detailed in the MGA Defendants' pending Motion to Quash, such requests are

9  improper and intended only to harass Mr. Larian and his family.  (D.I. No. 1318 at

10 19-21.)  Indeed, the Discovery Master recently rejected a motion to compel by

11 Mattel with respect to similar requests for financial information from Mr. Larian's

12 brother, Farhad Larian, finding that "there is little need for the breadth of financial

13 information sought by Mattel" and that "the scope of these three requests unduly

14 intrude into Farhad Larian's private affairs."  (D.I. No. 1699 at 12.)  The Discovery

15 Master's concerns about the requests to Farhad Larian, who was a former MGA

16 shareholder and executive, apply with greater force here since Mattel's requests to

17 Bank of America seek financial documents for all of Mr. Larian's relatives,

18 regardless of their connection to MGA or the allegations in this action.

19         Because Mattel's requests to Bank of America are overly broad and abusively

20 drawn, Mattel's subpoena must be quashed.

21         **B.     Mattel's Subpoena Should Be Quashed Because Mattel Delayed
22                 Giving Notice of the Subpoena to the MGA Defendants Until a
                   Week After Issuing the Subpoena and Only One Court Day Before
23                 Compliance Was Commanded.**

24         Rule 45 is clear that parties are entitled to prior notice of subpoenas.  Fed. R.

25 Civ. P. 45(b)(1) ("***Prior notice*** of any commanded production of documents and

26 things or inspection of premises before trial ***shall be served on each party*** in the

27 manner prescribed by Rule 5(b).") (emphasis added).  When a party propounding a

28 subpoena fails to comply with Rule 45's prior notice requirement, the proper remedy

-6-

1  is to quash the subpoena.  *See Firefighters' Inst. for Racial Equality v. St. Louis*, 220

2  F.3d 898, 902 (8th Cir. 2000) (finding proper district court's decision to quash

3  subpoena where plaintiff failed to comply with Rule 45's prior notice requirement);

4  *Williams v. Weems Comty. Mental Health Ctr.*, 2006 U.S. Dist. LEXIS 21845, *5-6

5  (S.D. Miss. April 6, 2006) (quashing subpoena because, *inter alia*, plaintiff did not

6  comply with prior notice requirement); *Florida Media, Inc. v. World Publ'ns, LLC*,

7  236 F.R.D. 693, 695 (M.D. Fla. 2006) ("Plaintiff was obligated to give prior notice

8  to Defendant by serving opposing counsel with the subpoenas.  He failed to do so,

9  and his subpoenas are void and unenforceable.").

10      Mattel's failure to serve the MGA Defendants with notice of the Bank of

11  America subpoena until one court day before the date specified by Mattel for

12  compliance is exactly the sort of abuse that Rule 45's prior notice requirement is

13  meant to avoid.  *See* Advisory Committee Notes to the 1991 Amendment to Fed. R.

14  Civ. P. 45(b) ("The purpose of such notice is to afford other parties an opportunity to

15  object to the production.").  *See also* Cal. Code Civ. P. § 1985.3 (requiring

16  subpoenaing party to give notice of subpoena for personal records at least five days

17  before service of subpoena on custodian of records and at least ten days before date

18  specified for compliance).

19      Had Mattel properly served notice on the MGA Defendants before issuing the

20  subpoena on January 17, 2008, the MGA Defendants clearly would have had more

21  time in which to take appropriate steps to protect against the production of

22  documents in response to Mattel's improper requests.  By delaying a week to serve

23  notice, Mattel left the MGA Defendants very little time in which to act.  Indeed, it is

24  unclear whether the filing of this motion will be in time to prevent the production of

25  any documents by Bank of America.  Moreover, to the extent Mattel is able to obtain

26  any documents from Bank of America before this motion is heard, it is only because

27  Mattel violated its obligation under Rule 45 to give prior notice.

28

1    Accordingly, Mattel's subpoena should be quashed and, to the extent Bank of

2  America has produced any documents before the ruling on this motion, Mattel

3  should be ordered to destroy all copies of such documents immediately and be

4  precluded from relying on them in any way.

5  **IV.    CONCLUSION**

6    For the foregoing reasons, the MGA Defendants respectfully request that the

7  Discovery Master quash Mattel's subpoena to Bank of America, or, at a minimum,

8  issue a protective order substantially narrowing the scope of the subpoena and

9  requiring Mattel to specifically identify the relevant and non-duplicative information

10 that it seeks from Bank of America.

11

12 DATED:  January 29, 2008

13                                   SKADDEN, ARPS, SLATE, MEAGHER &
                                     FLOM, LLP

14

15                                   By:  _____/s/_____

16                                        Raoul D. Kennedy

17                                   Attorneys for Counter-Defendants
                                     MGA ENTERTAINMENT, INC.,
18                                   ISAAC LARIAN, MGA ENTERTAINMENT
                                     (HK) LIMITED, and MGAE de MEXICO
19                                   S.R.L. de C.V.

20

21

22

23

24

25

26

27

28

-8-