# EXHIBIT 1

✎ AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL _____ DISTRICT OF CALIFORNIA _____

CARTER BRYANT, an Individual

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware Corporation

Case Number:[1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO: Bank of America
16944 San Fernando Mission Blvd.
Granada Hills, CA 91344

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | **DATE AND TIME** |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa Street, 10th Floor Los Angeles, CA 90017 | January 28, 2008 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 15, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Melissa Grant, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 (213)443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

**EXHIBIT 1, PAGE 3**

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/17/2008 | 16944 San Fernando Mission Boulevard Granada Hills, CA 91344 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Nazaranir Tehrani, Custodian of Records, Bank of America | Personal --Witness Fee Paid $40.00 (Served 1-17-08 at 3:35 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Kenneth Wright | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____1/18/2008_____
DATE

_Kenneth Wright_
SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los
ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT__1__, PAGE_4

## ATTACHMENT A

### Documents To Be Produced

1.    DEFINITIONS.

i.    "YOU" or "YOUR" means Bank of America, and all of YOUR parents, subsidiaries, affiliates or affiliated entities, past or present employees, agents, representatives, consultants, independent contractors, any predecessors or successors in interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

ii.    "ISAAC LARIAN" means the individual named Isaac Larian, Social Security No. REDACTED date of birth 03/28/1954, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, relatives (whether by blood or marriage), and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

iii.    "ACCOUNT" or "ACCOUNTS" means any account of any type, including but not limited to any checking account, savings account, deposit account, credit card account, line of credit account, charge account, and any other account of any other type.

iv.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

v.    "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

EXHIBIT ___1___, PAGE 5

vi.     "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

vii.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

viii.   Wherever used herein, the singular shall include the plural and the plural shall include the singular.

2.      INSTRUCTIONS.

a.      YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.      If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)     The privilege or protection that you claim precludes disclosure;

(2)     The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)     The date, author(s), addressee(s); and

(4)     Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.      YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

d.      YOU are required to identify the source of all DOCUMENTS

produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

       e.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.    <u>DOCUMENTS TO BE PRODUCED.</u>

    (1)    All DOCUMENTS REFERRING OR RELATING TO ISAAC LARIAN from January 1, 1999 to the present, inclusive.

    (2)    All DOCUMENTS REFERRING OR RELATING TO any ACCOUNTS maintained by YOU that are in the name of, for the benefit of or concern ISAAC LARIAN, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

    (3)    DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of or concerning ISAAC LARIAN between January 1, 1999 and the present, inclusive.

    (4)    All DOCUMENTS showing or relating to any ACCOUNTS held by ISAAC LARIAN or any ACCOUNTS on which ISAAC LARIAN has signatory authority at any other financial institution.

# EXHIBIT 2

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant,<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-09049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-9059 and CV 05-2727<br><br>NOTICE OF SUBPOENA ISSUED TO BANK OF AMERICA<br><br>**Phase 1:**<br>Discovery Cut-off:   January 28, 2008<br>Pre-trial Conference:  April 21, 2008<br>Trial Date:      May 27, 2008 |

NOTICE OF SUBPOENA ISSUED TO BANK OF AMERICA.

EXHIBIT 2 , PAGE 8

1       PLEASE TAKE NOTICE that, pursuant to Rule 45 of the <u>Federal Rules of</u>

2  <u>Civil Procedure</u>, Mattel, Inc., has issued a subpoena attached as Exhibit 1,

3  requesting the production of specified documents to the following:

4      1)     Bank of America, 16944 San Fernando Mission Blvd., Granada Hills,

5  CA 91344.

6

7  DATED: January 22, 2008        QUINN EMANUEL URQUHART OLIVER &
                              HEDGES, LLP

8

9                      By

10                        Melissa Grant
                        Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

EXHIBIT 2, PAGE 9

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
CENTRAL      DISTRICT OF CALIFORNIA

CARTER BRYANT, an Individual

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware Corporation

Case Number: [1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO: Bank of America
16944 San Fernando Mission Blvd.
Granada Hills, CA 91344

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to

testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in

the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the

place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 28, 2008 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 15, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Melissa Grant, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 (213)443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT  2 , PAGE 10

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 1/17/2008 | 16944 San Fernando Mission Boulevard Granada Hills, CA 91344 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Nazaranir Tehrani, Custodian of Records, Bank of America | | Personal –Witness Fee Paid $40.00 (Served 1-17-08 at 3:35 p.m.) |
| SERVED BY (PRINT NAME) | | TITLE |
| Kenneth Wright | | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____1/18/2008_____
                            DATE

*Kenneth Wright*
SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los
ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT__2__, PAGE__11__**

## ATTACHMENT A

### Documents To Be Produced

1.    DEFINITIONS.

      i.    "YOU" or "YOUR" means Bank of America, and all of YOUR parents, subsidiaries, affiliates or affiliated entities, past or present employees, agents, representatives, consultants, independent contractors, any predecessors or successors in interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      ii.    "ISAAC LARIAN" means the individual named Isaac Larian, Social Security No. REDACTED date of birth 03/28/1954, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, relatives (whether by blood or marriage), and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

      iii.    "ACCOUNT" or "ACCOUNTS" means any account of any type, including but not limited to any checking account, savings account, deposit account, credit card account, line of credit account, charge account, and any other account of any other type.

      iv.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

      v.    "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

**EXHIBIT** 2 , **PAGE** 12

vi.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

vii.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

viii.    Wherever used herein, the singular shall include the plural and the plural shall include the singular.

2.    INSTRUCTIONS.

a.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)    The privilege or protection that you claim precludes disclosure;

(2)    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)    The date, author(s), addressee(s); and

(4)    Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

d.    YOU are required to identify the source of all DOCUMENTS

07209/2324961.1

EXHIBIT 2 , PAGE 13

produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

e.     Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

## 3.     DOCUMENTS TO BE PRODUCED.

(1)     All DOCUMENTS REFERRING OR RELATING TO ISAAC LARIAN from January 1, 1999 to the present, inclusive.

(2)     All DOCUMENTS REFERRING OR RELATING TO any ACCOUNTS maintained by YOU that are in the name of, for the benefit of or concern ISAAC LARIAN, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

(3)     DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of or concerning ISAAC LARIAN between January 1, 1999 and the present, inclusive.

(4)     All DOCUMENTS showing or relating to any ACCOUNTS held by ISAAC LARIAN or any ACCOUNTS on which ISAAC LARIAN has signatory authority at any other financial institution.

EXHIBIT__2__, PAGE 14

# EXHIBIT 3

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Plaintiff and Cross-
Defendant Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| vs. | **PROOF OF SERVICE** |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

PROOF OF SERVICE

EXHIBIT 3 , PAGE 15

1 **PROOF OF SERVICE**

2      I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1301 West 2nd Street,
3 Suite 206, Los Angeles, California 90026.

4      On January 24, 2008, I served true copies of the following document(s) described :

5      **1)**      **NOTICE OF SUBPOENA ISSUED TO A. MICH BHATIA, CPA**

6      **2)**      **NOTICE OF SUBPOENA ISSUED TO CAPITAL BANK & TRUST**

7      **3)**      **NOTICE OF SUBPOENA ISSUED TO BANK OF AMERICA**

8      on the parties in this action as follows:

9 **SEE ATTACHED LIST**

10

11 **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.
12

13      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

14      Executed on January 24, 2008, at Los Angeles, California.

15

16 NOW LEGAL -- Dave Quintana

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT** 3 , **PAGE** 16

1

## SERVICE LIST

2  Thomas J. Nolan                                    John W. Keker
   **Skadden, Arps, Slate, Meagher & Flom ,**         Michael H. Page
3  **LLP**                                            Christa M. Anderson
   300 South Grand Ave., Ste. 3400                    **Keker & Van Nest, LLP**
4  Los Angeles, California 90071                      710 Sansome Street
5  TEL: (213) 687-5000                                San Francisco, CA 94111
   FAX: (213) 687-5600                                TEL: (415) 391-5400
6  **tnolan@skadden.com**                             FAX: (415) 397-7188
   **miller@skadden.com**                             **jkeker@kvn.com**
7                                                     **mhp@kvn.com**

8  Mark E. Overland, Esq.
   David E. Scheper, Esq.
9  Alexander H. Cote, Esq.
   **Overland Borenstein Scheper & Kim, LLP**
10 300 South Grand Avenue
   Suite 2750
11 Los Angeles, CA 90071-3144
12 TEL: (213) 613-4655
   FAX: (213) 613-4656
13 **moverland@obsklaw.com**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 3 , PAGE 17

-2-

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 |     I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa |
| 3 | Street, 10th Floor, Los Angeles, California 90017-2543. |
| 4 |     On January 24, 2008, I served true copies of the following document(s) described as: |
| 5 | **1)**    **NOTICE OF SUBPOENA ISSUED TO A. MICH BHATIA, CPA** |
| 6 | **2)**    **NOTICE OF SUBPOENA ISSUED TO CAPITAL BANK & TRUST** |
| 7 | **3)**    **NOTICE OF SUBPOENA ISSUED TO BANK OF AMERICA** |
| 8 | on the parties in this action as follows: |
| 9 | **SEE ATTACHED LIST** |
| 10 | . |
| 11 | **BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from |
| 12 | lucilleclavel@quinnemanuel.com on January 24, 2008, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The |
| 13 | document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error. |
| 14 |     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. |
| 15 | |
| 16 |     Executed on January 24, 2008, at Los Angeles, California. |
| 17 | *Lucille Clavel* |
| 18 | LUCILLE CLAVEL |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**EXHIBIT** 3 **, PAGE** 18

1

**SERVICE LIST**

2 | Thomas J. Nolan                                John W. Keker
  | **Skadden, Arps, Slate, Meagher & Flom ,**      Michael H. Page
3 | **LLP**                                         Christa M. Anderson
  | 300 South Grand Ave., Ste. 3400                **Keker & Van Nest, LLP**
4 | Los Angeles, California 90071                  710 Sansome Street
  | TEL: (213).687-5000                            San Francisco, CA 94111
5 | FAX: (213) 687-5600                            TEL: (415) 391-5400
  | **tnolan@skadden.com**                         FAX: (415) 397-7188
6 | **miller@skadden.com**                         **jkeker@kvn.com**
7 |                                                **mhp@kvn.com**

8 | Mark E. Overland, Esq.
  | David E. Scheper, Esq.
9 | Alexander H. Cote, Esq.
  | **Overland Borenstein Scheper & Kim, LLP**
10 | 300 South Grand Avenue
   | Suite 2750
11 | Los Angeles, CA 90071-3144
   | TEL: (213) 613-4655
12 | FAX: (213) 613-4656
   | **moverland@obsklaw.com**
13 |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**EXHIBIT** 3 **, PAGE** 19

28

07209/2364436.1                                  -2-

# EXHIBIT 4

**From:**      Lucille Clavel [lucilleclavel@quinnemanuel.com]
**To:**        Nolan, Thomas J (LAC); miller@skadden.com; jkeker@kvn.com;
               mhp@kvn.com; moverland@obsklaw.com
**Subject:**   FW: PDF scan
**Date:**      1/24/2008 5:55:40 PM
**CC:**        Melissa Grant
**BCC:**

**Message:**
See attached documents.

**Attachments:**
          POS.pdf
          Notice of Subpoena - Bhatia.pdf
          Notice of Subpoena - BofA.pdf
          Notice of Subpoena - CB&T.pdf

1

EXHIBIT___4___, PAGE___20___

# EXHIBIT 5

1  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  Four Embarcadero Center, Suite 3800
   San Francisco, CA 94111
3  Telephone: (415) 984-6400
   Facsimile: (415) 984-2698
4
   AMY S. PARK (Bar No. 208204)
5  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   525 University Avenue
6  Palo Alto, California 94025-1902
   Telephone: (650) 470-4511
7  Facsimile: (888) 329-6334
   E-mail: apark@skadden.com
8
   Attorneys for Counter-Defendants,
9  MGA ENTERTAINMENT, INC.,
   ISAAC LARIAN, MGA ENTERTAINMENT
10 (HK) LIMITED, AND MGAE de MEXICO
   S.R.L. de C.V.
11
                    UNITED STATES DISTRICT COURT
12
                   CENTRAL DISTRICT OF CALIFORNIA
13
                          EASTERN DIVISION
14  CARTER BRYANT, an individual        )  CASE NO. CV 04-9049 SGL (RNBx)
                                        )
15                 Plaintiff,           )  Consolidated with Case No. 04-9059
                                        )  and Case No. 05-2727
16        v.                            )
                                        )  AMENDED OBJECTIONS OF
17  MATTEL, INC., a Delaware            )  MGA ENTERTAINMENT,
    corporation                         )  INC., ISAAC LARIAN, MGA
18                                      )  ENTERTAINMENT (HK)
                   Defendant.           )  LIMITED, AND MGAE DE
19                                      )  MEXICO S.R.L. DE C.V. TO
                                        )  MATTEL INC.'S SUBPOENA
20                                      )  TO BANK OF AMERICA
                                        )
21                                      )
                                        )
22                                      )  Honorable Stephen G. Larson
                                        )  Courtroom 1
23                                      )
                                        )
24                                      )
    Consolidated with MATTEL, INC. v.   )
25  BRYANT and MGA                      )
    ENTERTAINMENT, INC. v.              )
26  MATTEL, INC.                        )
                                        )
27
28
       AMENDED OBJECTIONS OF THE MGA ENTITIES TO MATTEL'S SUBPOENA FOR
             PRODUCTION OF DOCUMENTS TO BANK OF AMERICA

                      EXHIBIT __5__, PAGE __21__

1         MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)

2  Limited, and MGAE de Mexico S.R.L. de C.V. (the "MGA Entities") hereby

3  respond to Plaintiff Mattel's ("Plaintiff") Subpoena for Production of Documents

4  (the "Requests" or the "Subpoena"), served on Bank of America, as follows:

5                      **GENERAL OBJECTIONS**

         1.    The MGA Entities object to the Subpoena and each and every

6

7  Request on the grounds that the Subpoena fails to allow reasonable time for

8  compliance. *See* Fed. R. Civ. P. 45(c)(3)(A)(i). Although the Subpoena states that it

9  was issued on January 15, 2008, Plaintiff did not serve Bank of America until

10  January 17, allowing only six court days for compliance. Likewise, Plaintiff did not

11  provide the MGA Entities with notice of the Subpoena until the evening of January

12  24, thus providing them an unacceptable and unreasonable amount of time for

13  response in violation of Rule 45.

14         2.    The MGA Entities object to the Subpoena and each and every

15  Request on the ground that the Subpoena fails to comply with Rule 45's prior notice

16  requirement, rendering the Subpoena a nullity. Fed. R. Civ. P. 45(b)(1) ("Prior

17  notice of any commanded production of documents and things or inspection of

18  premises before trial *shall* be served on each party in the manner prescribed by Rule

19  5(b).") (emphasis added).

20         3.    The MGA Entities object to the Subpoena and each and every

21  Request to the extent that they seek documents that are protected from disclosure by

22  any applicable privilege, doctrine or right, including without limitation the attorney-

23  client privilege, the work product doctrine, the right of privacy, which is protected by

24  virtue of the Ninth Amendment to the United States Constitution, Article 1, Section 1

25  of the California Constitution, and all other rights and privileges recognized under

26  the constitutional, statutory or decisional law of the United States, the State of

27  California, and all relevant jurisdictions. Nothing done in relation to the Subpoena is

28  intended to or shall operate as a waiver by the MGA Entities, intentionally or

1  otherwise, of the attorney-client privilege, work product doctrine protection, or any

2  other applicable privilege, doctrine or immunity protecting the communications,

3  transactions or records of the MGA Entities or any other person from disclosure.

4      4.    The MGA Entities object to the Subpoena and each and every

5  Request to the extent that they seek documents that are protected from disclosure by

6  the accountant-client privilege.

7      5.    The MGA Entities object to the Subpoena and each and every

8  Request to the extent that they seek documents that are protected from disclosure by

9  applicable federal and state tax return privileges. *See, e.g., Premium Service Corp. v.*

10  *Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Southern California*

11  *Housing Rights Center. v. Krug*, 2006 U.S. Dist. LEXIS 65330, **9-10 (C.D. Cal.

12  2006); *Aliotti v. Senora*, 217 F.R.D. 496, 498 (N.D. Cal. 2003); *San Francisco Bay*

13  *Area Rapid Transit District v. Spencer*, 2006 U.S. Dist. LEXIS 81681, **3-4 (N.D.

14  Cal. 2006); *see also Webb v. Standard Oil Co.*, 49 Cal. 2d. 509, 513-514 (1957); *Sav-*

15  *On Drugs, Inc. v. Sup. Ct.*, 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut*, 103 Cal.

16  App. 3d 557, 562 (1982).

17      6.    The MGA Entities object to the Subpoena and each and every

18  Request to the extent that they seek the production of documents that contain trade

19  secrets, confidential, commercially sensitive and/or other proprietary or competitive

20  information that is subject to Bank of America's, the MGA Entities', or any other

21  person's constitutional, statutory or common law right of privacy or protection.  The

22  MGA Entities object to the production of any such documents to the extent they exist.

23      7.    The MGA Entities object to the Subpoena and each and every

24  Request to the extent that they seek documents that are not relevant to the claims and

25  defenses in this action or are not reasonably calculated to lead to the discovery of

26  admissible evidence.  The MGA Entities' response to any Request that seeks

27  documents beyond that scope shall not be deemed an admission or acknowledgment

28

2

AMENDED OBJECTIONS OF THE MGA ENTITIES TO MATTEL'S SUBPOENA FOR
PRODUCTION OF DOCUMENTS TO BANK OF AMERICA

1 | that such Request calls for information relevant to this action and is without
2 | prejudice to the MGA Entities' right to contend at any other time that the requested
3 | documents are irrelevant, immaterial or otherwise objectionable.

4 |        8.    The MGA Entities object to the Subpoena and each and every
5 | Request insofar as they seek the production of documents that, by reason of public
6 | filing, other public availability, or otherwise, are already in Plaintiff's possession,
7 | custody or control.

8 |        9.    The MGA Entities object to the Subpoena and each and every
9 | Request (including the Definitions) to the extent that they are overbroad, otherwise
10 | unlimited as to time, oppressive, vague, ambiguous, harassing, annoying, redundant,
11 | duplicative, overlapping, repetitive or cumulative, and/or otherwise unduly
12 | burdensome, thereby rendering the Subpoena unenforceable. *See, e.g.,* Fed. R. Civ.
13 | P. 45(c)(l) ("A party or an attorney responsible for the issuance and service of a
14 | subpoena shall take reasonable steps to avoid imposing undue burden or expense on
15 | a person subject to that subpoena."); *High Tech Medical Instrumentation v. New*
16 | *Image Indus.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long
17 | held that nonparties subject to discovery requests deserve extra protection from the
18 | courts.").

19 |       10.    The MGA Entities object to the Subpoena and each and every
20 | Request insofar as they seek the production of documents that are more easily
21 | obtained from other entities, including the parties to this action.

22 |       11.    The MGA Entities object to the Subpoena and each and every
23 | Request to the extent they seek production of documents that have already been
24 | produced to Plaintiff, whether in these proceedings or any others.

25 |       12.    The MGA Entities object to the Definitions on the grounds that
26 | they are vague, unclear or overbroad and, when applied to the Requests, purport to

27 |

28 |

3

AMENDED OBJECTIONS OF THE MGA ENTITIES TO MATTEL'S SUBPOENA FOR
PRODUCTION OF DOCUMENTS TO BANK OF AMERICA

EXHIBIT  5  , PAGE  24

1   impose obligations not authorized by Rule 45 of the Federal Rules of Civil Procedure.
2   By way of example only, the MGA Entities object to the following definitions:

3           (a)    The MGA Entities object to the definition of the term
4   "YOU" and "YOUR" as vague, ambiguous, overbroad, and unduly burdensome.
5   The definition includes "Bank of America, and all YOUR parents, subsidiaries,
6   divisions, affiliates or affiliated entities, past or present employees, agents,
7   representatives, independent contractors, any predecessors or successors in interest,
8   and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or
9   subject to YOUR control." In many instances, it is impossible for the MGA Entities,
10  much less Bank of America, to know whether a particular person or entity comes
11  within this definition unless that person or entity at some point in time held himself
12  or herself out as such. The MGA Entities additionally object to these terms because
13  they call for legal conclusions.

14          (b)    The MGA Entities object to the definition of the term
15  "ISAAC LARIAN," as vague, ambiguous, overbroad, and unduly burdensome. The
16  definition purports to include: "all of his current or former employees, agents,
17  representatives, attorneys, accountants, vendors, consultants, independent contractors,
18  predecessors-in-interest and successors-in-interest, relative (whether by blood or
19  marriage), and any other PERSON acting on his behalf, pursuant to his authority or
20  subject to his control." In many instances, it is impossible for the MGA Entities,
21  much less Bank of America, to know whether a particular person or entity comes
22  within this definition unless that person or entity at some point in time held himself
23  or herself out as such. The MGA Entities additionally object to these terms because
24  they call for legal conclusions.

25          (c)    The MGA Entities object to the definitions of the term
26  "ACCOUNT" and "ACCOUNTS" as vague, ambiguous, overbroad, and unduly
27  burdensome.

28

4

13.     The MGA Entities object to the Requests and, in particular, the Instructions, to the extent that they purport to impose any requirements not imposed by the Federal Rules of Civil Procedure. By way of example only, the MGA Entities object to Instruction d., which purports to require Bank of America to "identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained." Federal Rule of Civil Procedure 45(d)(l) requires only that "[a] person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand."

14.     The MGA Entities object to the Subpoena and each and every Request to the extent they seek production of documents generated after service of the Subpoena.

15.     Except as otherwise stated below, an objection to a specific document Request does not imply that documents responsive to that category exist or that the MGA Entities accept the purported factual predicate for any Request.

16.     Without waiving any of the foregoing General Objections, each of which is expressly incorporated into each individual response as if fully stated therein, the MGA Entities object to each and every specific Request for documents, subject to the following additional express reservations of rights:

(a)     The right to object on any and all grounds, at any time, to these or any other requests for production and inspection of documents or other discovery procedures involving or relating to the subject matter of the Requests, including by way of a motion to quash or modify the subpoena or a motion for a protective order; and

(b)     The right at any time to revise, correct, supplement or clarify any of the objections propounded herein.

5

EXHIBIT___5___, PAGE_26_

1 **SPECIFIC OBJECTIONS AND RESPONSES**

2 REQUEST NO. 1:

3 All DOCUMENTS REFERRING OR RELATING TO ISAAC LARIAN from
4 January 1, 1999 to the present, inclusive.

5 RESPONSE TO REQUEST NO. 1:

6 The MGA Entities incorporate by reference their General Objections as
7 though fully set forth herein. The MGA Entities further object to the extent that this
8 request seeks information that is protected from disclosure under the attorney-client
9 privilege, the work product doctrine and/or the joint interest privilege. The MGA
10 Entities further object to this request to the extent it seeks documents protected by
11 the accountant-client privilege. The MGA Entities further object to the request to the
12 extent that it seeks documents protected from disclosure by applicable federal and
13 state tax return privileges. The MGA Entities further object to this request to the
14 extent that it seeks documents that contain trade secrets, confidential, commercially
15 sensitive and/or other proprietary or competitive information that is subject to the
16 MGA Entities' or any other person's constitutional, statutory or common law right of
17 privacy or protection. The MGA Entities further object that this request calls for the
18 production of documents that are not relevant to a claim or defense in the pending
19 litigation or reasonably calculated to lead to the discovery of admissible evidence.
20 The MGA Entities further object to this request as being overly broad, burdensome
21 and harassing to a non-party to the extent that it seeks to force Bank of America to
22 produce documents or information available from parties to the litigation. The MGA
23 Entities further object to this request on the grounds that it is overbroad as to subject
24 matter and time; in particular, the MGA Entities object to the definition of "ISAAC
25 LARIAN" on the grounds that it is overbroad, vague and ambiguous.

26

27

28

AMENDED OBJECTIONS OF THE MGA ENTITIES TO MATTEL'S SUBPOENA FOR
PRODUCTION OF DOCUMENTS TO BANK OF AMERICA

**EXHIBIT** 5 **, PAGE** 27

1 | REQUEST NO. 2:

2 |      All DOCUMENTS REFERRING OR RELATING TO any ACCOUNTS

3 | maintained by YOU that are in the name of, for the benefit of or concern ISAAC

4 | LARIAN, including but not limited to statements, monthly statements, daily

5 | transaction history reports, monthly transaction history reports, deposit reports,

6 | deposit slips, canceled checks, signature cards, and COMMUNICATIONS

7 | REFERRING OR RELATING TO such ACCOUNTS, created between January 1,

8 | 1999 and the present, inclusive.

9 | RESPONSE TO REQUEST NO. 2:

10 |      The MGA Entities incorporate by reference their General Objections as

11 | though fully set forth herein. The MGA Entities further object to the extent that this

12 | request seeks information that is protected from disclosure under the attorney-client

13 | privilege, the work product doctrine and/or the joint interest privilege. The MGA

14 | Entities further object to this request to the extent it seeks documents protected by

15 | the accountant-client privilege. The MGA Entities further object to the request to the

16 | extent that it seeks documents protected from disclosure by applicable federal and

17 | state tax return privileges. The MGA Entities further object to this request to the

18 | extent that it seeks documents that contain trade secrets, confidential, commercially

19 | sensitive and/or other proprietary or competitive information that is subject to the

20 | MGA Entities' or any other person's constitutional, statutory or common law right of

21 | privacy or protection. The MGA Entities further object that this request calls for the

22 | production of documents that are not relevant to a claim or defense in the pending

23 | litigation or reasonably calculated to lead to the discovery of admissible evidence.

24 | The MGA Entities further object to this request as being overly broad, burdensome

25 | and harassing to a non-party to the extent that it seeks to force Bank of America to

26 | produce documents or information available from parties to the litigation. The MGA

27 | Entities further object to this request on the grounds that it is overbroad as to subject

28 |

7

**1** matter and time; in particular, the MGA Entities object to the definitions of "YOU,"
**2** "ACCOUNTS," and "ISAAC LARIAN" on the grounds that they are overbroad,
**3** vague and ambiguous. The MGA Entities further object on the grounds that this
**4** request is vague, ambiguous and overbroad, particularly as to the meaning of "for the
**5** benefit of" and "concern."

**6** REQUEST NO. 3:

**7** DOCUMENTS sufficient to show the account number of all ACCOUNTS
**8** maintained by YOU in the name of, for the benefit of or concerning ISAAC
**9** LARIAN between January 1, 1999 and the present, inclusive.

**10** RESPONSE TO REQUEST NO. 3:

**11** The MGA Entities incorporate by reference their General Objections as
**12** though fully set forth herein. The MGA Entities further object to the extent that this
**13** request seeks information that is protected from disclosure under the attorney-client
**14** privilege, the work product doctrine and/or the joint interest privilege. The MGA
**15** Entities further object to this request to the extent it seeks documents protected by
**16** the accountant-client privilege. The MGA Entities further object to the request to the
**17** extent that it seeks documents protected from disclosure by applicable federal and
**18** state tax return privileges. The MGA Entities further object to this request to the
**19** extent that it seeks documents that contain trade secrets, confidential, commercially
**20** sensitive and/or other proprietary or competitive information that is subject to the
**21** MGA Entities' or any other person's constitutional, statutory or common law right of
**22** privacy or protection. The MGA Entities further object that this request calls for the
**23** production of documents that are not relevant to a claim or defense in the pending
**24** litigation or reasonably calculated to lead to the discovery of admissible evidence.
**25** The MGA Entities further object to this request as being overly broad, burdensome
**26** and harassing to a non-party to the extent that it seeks to force Bank of America to
**27** produce documents or information available from parties to the litigation. The MGA

**28**

8

EXHIBIT___5___, PAGE__29__

1 Entities further object to this request on the grounds that it is overbroad as to subject
2 matter and time; in particular, the MGA Entities object to the definitions of "YOU,"
3 "ACCOUNTS," and "ISAAC LARIAN" on the grounds that they are overbroad,
4 vague and ambiguous. The MGA Entities further object on the grounds that this
5 request is vague, ambiguous and overbroad, particularly as to the meaning of "for the
6 benefit of" and "concerning."

7 REQUEST NO. 4:

8      All DOCUMENTS showing or relating to any ACCOUNTS held by ISAAC
9 LARIAN or any ACCOUNTS on which ISAAC LARIAN has signatory authority at
10 any other financial institution.

11 RESPONSE TO REQUEST NO. 4:

12      The MGA Entities incorporate by reference their General Objections as
13 though fully set forth herein. The MGA Entities further object to the extent that this
14 request seeks information that is protected from disclosure under the attorney-client
15 privilege, the work product doctrine and/or the joint interest privilege. The MGA
16 Entities further object to this request to the extent it seeks documents protected by
17 the accountant-client privilege. The MGA Entities further object to the request to the
18 extent that it seeks documents protected from disclosure by applicable federal and
19 state tax return privileges. The MGA Entities further object to this request to the
20 extent that it seeks documents that contain trade secrets, confidential, commercially
21 sensitive and/or other proprietary or competitive information that is subject to the
22 MGA Entities' or any other person's constitutional, statutory or common law right of
23 privacy or protection. The MGA Entities further object that this request calls for the
24 production of documents that are not relevant to a claim or defense in the pending
25 litigation or reasonably calculated to lead to the discovery of admissible evidence.
26 The MGA Entities further object to this request as being overly broad, burdensome
27 and harassing to a non-party to the extent that it seeks to force Bank of America to

28

EXHIBIT __5__, PAGE __30__

1 | produce documents or information available from parties to the litigation. The MGA
2 | Entities further object to this request on the grounds that it is overbroad as to subject
3 | matter and time; in particular, the MGA Entities object to the definitions of
4 | "ACCOUNTS," and "ISAAC LARIAN" on the grounds that they are overbroad,
5 | vague and ambiguous. The MGA Entities further object on the grounds that this
6 | request is vague, ambiguous and overbroad, particularly as to the meaning of
7 | "financial institution."

8
9
10
11 | DATED: January 27, 2008

SKADDEN, ARPS, SLATE, MEAGHER &
12 | FLOM, LLP

13
By: _Amy S. Park_
14 | Amy S. Park
Attorneys for Counter-Defendants, MGA
15 | ENTERTAINMENT, INC., ISAAC LARIAN,
MGA ENTERTAINMENT (HK) LIMITED,
16 | AND MGAE de MEXICO S.R.L. de C.V.

17
18
19
20
21
22
23
24
25
26
27
28

10

EXHIBIT 5 , PAGE 31

# EXHIBIT 6

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE
PALO ALTO, CALIFORNIA 94301

TELEPHONE NO.: (650) 470-4500
FACSIMILE NO.: (650) 470-4570

DIRECT FACSIMILE NO: (888) 329-2521
EMAIL: nrichard@skadden.com

### FACSIMILE TRANSMITTAL SHEET

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

| | | | |
|---|---|---|---|
| NAME: | Bank of America Subpoena Processing Department | | |
| CITY: | San Francisco | DATE: | January 25, 2008 |
| TELEPHONE NO.: | (213) 240-6636 | | |
| FACSIMILE NO.: | (415) 796-5924 | | |
| FROM: | Nelson Richards | FLR/RM: | Suite 1100/12-306 |
| | | DIRECT DIAL: | (650) 470-4578 |

TOTAL NUMBER OF PAGES INCLUDING COVER(S):            13

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

MESSAGE: Urgent message regarding file reference number L011808000480, Mattel Inc.'s subpoena to Bank of America in the matter of *Carter Bryant v. Mattel Inc.* (and consolidated cases) Case No. CV 04-9049 SGL (RNBx).

EXHIBIT 6 , PAGE 32

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER

SAN FRANCISCO, CALIFORNIA 94111-4144

TEL: (415) 984-6400
FAX: (415) 984-2698
www.skadden.com

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(650) 470-4578
DIRECT FAX
(888) 329-2521
EMAIL ADDRESS
NRICHARD@SKADDEN.COM

January 27, 2008

Bank of America Subpoena Processing
Department
16944 San Fernando Mission Blvd.
Granada Hills, CA 91344

> RE:  Subpoena to Bank of America in the Matter of *Carter
> Bryant v. Mattel, Inc.* (and consolidated cases) Case
> No. CV 04-9049 SGL (RNBx),
>
> Bank of America Internal File Reference Number
> L011808000480

To Whom It May Concern:

I write on behalf of MGA Entertainment, Inc. ("MGA") concerning the above referenced subpoena for production of documents, which I understand was served on Bank of America on January 17, 2008. Please be aware that MGA has objected to this subpoena and has notified Mattel of its objections. I enclose with this letter a copy of MGA's objections. In light of these objections, MGA believes that any production of documents before MGA and Mattel resolve their dispute with respect to this subpoena would be inappropriate. Please confirm that you have received this correspondence and that Bank of America will not be producing documents at this time.

Very truly yours,

Nelson Richards

Enclosure

EXHIBIT __6__, PAGE __33__

1 │ RAOUL D. KENNEDY (Bar No. 40892)
  │ SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 │ Four Embarcadero Center, Suite 3800
  │ San Francisco, CA 94111
3 │ Telephone: (415) 984-6400
  │ Facsimile:  (415) 984-2698
4 │
  │ AMY S. PARK (Bar No. 208204)
5 │ SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
  │ 525 University Avenue
6 │ Palo Alto, California 94025-1902
  │ Telephone: (650) 470-4511
7 │ Facsimile:  (888) 329-6334
  │ E-mail:     apark@skadden.com
8 │
  │ Attorneys for Counter-Defendants,
9 │ MGA ENTERTAINMENT, INC.,
  │ ISAAC LARIAN, MGA ENTERTAINMENT
10│ (HK) LIMITED, AND MGAE de MEXICO
  │ S.R.L. de C.V.
11│
  │                    UNITED STATES DISTRICT COURT
12│
  │                    CENTRAL DISTRICT OF CALIFORNIA
13│
  │                          EASTERN DIVISION
14│ CARTER BRYANT, an individual          )  CASE NO. CV 04-9049 SGL (RNBx)
  │                                       )
15│                         Plaintiff,    )  Consolidated with Case No. 04-9059
  │                                       )  and Case No. 05-2727
16│         v.                            )
  │                                       )  AMENDED OBJECTIONS OF
17│ MATTEL, INC., a Delaware              )  MGA ENTERTAINMENT,
  │ corporation                           )  INC., ISAAC LARIAN, MGA
18│                                       )  ENTERTAINMENT (HK)
  │                         Defendant.    )  LIMITED, AND MGAE DE
19│                                       )  MEXICO S.R.L. DE C.V. TO
  │                                       )  MATTEL INC.'S SUBPOENA
20│                                       )  TO BANK OF AMERICA
  │                                       )
21│                                       )
  │                                       )
22│                                       )  Honorable Stephen G. Larson
  │                                       )  Courtroom 1
23│                                       )
  │                                       )
24│ _____      )
  │ Consolidated with MATTEL, INC. v.     )
25│ BRYANT and MGA                        )
  │ ENTERTAINMENT, INC. v.                )
26│ MATTEL, INC.                          )
  │                                       )
27│ _____      )
  │
28│
  │        AMENDED OBJECTIONS OF THE MGA ENTITIES TO MATTEL'S SUBPOENA FOR
  │                PRODUCTION OF DOCUMENTS TO BANK OF AMERICA

1  MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)
2  Limited, and MGAE de Mexico S.R.L. de C.V. (the "MGA Entities") hereby
3  respond to Plaintiff Mattel's ("Plaintiff") Subpoena for Production of Documents
4  (the "Requests" or the "Subpoena"), served on Bank of America, as follows:

### GENERAL OBJECTIONS

5
6      1.    The MGA Entities object to the Subpoena and each and every
7  Request on the grounds that the Subpoena fails to allow reasonable time for
8  compliance. *See* Fed. R. Civ. P. 45(c)(3)(A)(i). Although the Subpoena states that it
9  was issued on January 15, 2008, Plaintiff did not serve Bank of America until
10  January 17, allowing only six court days for compliance. Likewise, Plaintiff did not
11  provide the MGA Entities with notice of the Subpoena until the evening of January
12  24, thus providing them an unacceptable and unreasonable amount of time for
13  response in violation of Rule 45.

14      2.    The MGA Entities object to the Subpoena and each and every
15  Request on the ground that the Subpoena fails to comply with Rule 45's prior notice
16  requirement, rendering the Subpoena a nullity. Fed. R. Civ. P. 45(b)(1) ("Prior
17  notice of any commanded production of documents and things or inspection of
18  premises before trial *shall* be served on each party in the manner prescribed by Rule
19  5(b).") (emphasis added).

20      3.    The MGA Entities object to the Subpoena and each and every
21  Request to the extent that they seek documents that are protected from disclosure by
22  any applicable privilege, doctrine or right, including without limitation the attorney-
23  client privilege, the work product doctrine, the right of privacy, which is protected by
24  virtue of the Ninth Amendment to the United States Constitution, Article 1, Section 1
25  of the California Constitution, and all other rights and privileges recognized under
26  the constitutional, statutory or decisional law of the United States, the State of
27  California, and all relevant jurisdictions. Nothing done in relation to the Subpoena is
28  intended to or shall operate as a waiver by the MGA Entities, intentionally or

1

AMENDED OBJECTIONS OF THE MGA ENTITIES TO MATTEL'S SUBPOENA FOR
PRODUCTION OF DOCUMENTS TO BANK OF AMERICA

EXHIBIT __6__, PAGE 35

1  otherwise, of the attorney-client privilege, work product doctrine protection, or any

2  other applicable privilege, doctrine or immunity protecting the communications,

3  transactions or records of the MGA Entities or any other person from disclosure.

4      4.    The MGA Entities object to the Subpoena and each and every

5  Request to the extent that they seek documents that are protected from disclosure by

6  the accountant-client privilege.

7      5.    The MGA Entities object to the Subpoena and each and every

8  Request to the extent that they seek documents that are protected from disclosure by

9  applicable federal and state tax return privileges. *See, e.g., Premium Service Corp. v.*

10 *Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Southern California*

11 *Housing Rights Center. v. Krug*, 2006 U.S. Dist. LEXIS 65330, **9-10 (C.D. Cal.

12 2006); *Aliotti v. Senora*, 217 F.R.D. 496, 498 (N.D. Cal. 2003); *San Francisco Bay*

13 *Area Rapid Transit District v. Spencer*, 2006 U.S. Dist.  LEXIS 81681, **3-4 (N.D.

14 Cal. 2006); *see also Webb v. Standard Oil Co.*, 49 Cal. 2d. 509, 513-514 (1957); *Sav-*

15 *On Drugs, Inc. v. Sup. Ct.*, 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut*, 103 Cal.

16 App. 3d 557, 562 (1982).

17     6.    The MGA Entities object to the Subpoena and each and every

18 Request to the extent that they seek the production of documents that contain trade

19 secrets, confidential, commercially sensitive and/or other proprietary or competitive

20 information that is subject to Bank of America's, the MGA Entities', or any other

21 person's constitutional, statutory or common law right of privacy or protection.  The

22 MGA Entities object to the production of any such documents to the extent they exist.

23     7.    The MGA Entities object to the Subpoena and each and every

24 Request to the extent that they seek documents that are not relevant to the claims and

25 defenses in this action or are not reasonably calculated to lead to the discovery of

26 admissible evidence.  The MGA Entities' response to any Request that seeks

27 documents beyond that scope shall not be deemed an admission or acknowledgment

28

2

AMENDED OBJECTIONS OF THE MGA ENTITIES TO MATTEL'S SUBPOENA FOR
PRODUCTION OF DOCUMENTS TO BANK OF AMERICA

EXHIBIT____6___, PAGE 36

1 that such Request calls for information relevant to this action and is without
2 prejudice to the MGA Entities' right to contend at any other time that the requested
3 documents are irrelevant, immaterial or otherwise objectionable.

4         8.     The MGA Entities object to the Subpoena and each and every
5 Request insofar as they seek the production of documents that, by reason of public
6 filing, other public availability, or otherwise, are already in Plaintiff's possession,
7 custody or control.

8         9.     The MGA Entities object to the Subpoena and each and every
9 Request (including the Definitions) to the extent that they are overbroad, otherwise
10 unlimited as to time, oppressive, vague, ambiguous, harassing, annoying, redundant,
11 duplicative, overlapping, repetitive or cumulative, and/or otherwise unduly
12 burdensome, thereby rendering the Subpoena unenforceable. *See, e.g.,* Fed. R. Civ.
13 P. 45(c)(l) ("A party or an attorney responsible for the issuance and service of a
14 subpoena shall take reasonable steps to avoid imposing undue burden or expense on
15 a person subject to that subpoena."); *High Tech Medical Instrumentation v. New*
16 *Image Indus.,* 161 F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long
17 held that nonparties subject to discovery requests deserve extra protection from the
18 courts.").

19        10.     The MGA Entities object to the Subpoena and each and every
20 Request insofar as they seek the production of documents that are more easily
21 obtained from other entities, including the parties to this action.

22        11.     The MGA Entities object to the Subpoena and each and every
23 Request to the extent they seek production of documents that have already been
24 produced to Plaintiff, whether in these proceedings or any others.

25        12.     The MGA Entities object to the Definitions on the grounds that
26 they are vague, unclear or overbroad and, when applied to the Requests, purport to
27
28                                    3

EXHIBIT 6 , PAGE 37

1 impose obligations not authorized by Rule 45 of the Federal Rules of Civil Procedure.

2 By way of example only, the MGA Entities object to the following definitions:

3          (a)   The MGA Entities object to the definition of the term

4 "YOU" and "YOUR" as vague, ambiguous, overbroad, and unduly burdensome.

5 The definition includes "Bank of America, and all YOUR parents, subsidiaries,

6 divisions, affiliates or affiliated entities, past or present employees, agents,

7 representatives, independent contractors, any predecessors or successors in interest,

8 and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or

9 subject to YOUR control." In many instances, it is impossible for the MGA Entities,

10 much less Bank of America, to know whether a particular person or entity comes

11 within this definition unless that person or entity at some point in time held himself

12 or herself out as such. The MGA Entities additionally object to these terms because

13 they call for legal conclusions.

14          (b)   The MGA Entities object to the definition of the term

15 "ISAAC LARIAN," as vague, ambiguous, overbroad, and unduly burdensome. The

16 definition purports to include: "all of his current or former employees, agents,

17 representatives, attorneys, accountants, vendors, consultants, independent contractors,

18 predecessors-in-interest and successors-in-interest, relative (whether by blood or

19 marriage), and any other PERSON acting on his behalf, pursuant to his authority or

20 subject to his control." In many instances, it is impossible for the MGA Entities,

21 much less Bank of America, to know whether a particular person or entity comes

22 within this definition unless that person or entity at some point in time held himself

23 or herself out as such. The MGA Entities additionally object to these terms because

24 they call for legal conclusions.

25          (c)   The MGA Entities object to the definitions of the term

26 "ACCOUNT" and "ACCOUNTS" as vague, ambiguous, overbroad, and unduly

27 burdensome.

28

4

AMENDED OBJECTIONS OF THE MGA ENTITIES TO MATTEL'S SUBPOENA FOR
PRODUCTION OF DOCUMENTS TO BANK OF AMERICA

EXHIBIT _6_, PAGE _38_

1     13.   The MGA Entities object to the Requests and, in particular, the

2  Instructions, to the extent that they purport to impose any requirements not imposed

3  by the Federal Rules of Civil Procedure.  By way of example only, the MGA Entities

4  object to Instruction d., which purports to require Bank of America to "identify the

5  source of all DOCUMENTS produced, and the person for whom, or department,

6  division or office for which, such DOCUMENTS are maintained."  Federal Rule of

7  Civil Procedure 45(d)(l) requires only that "[a] person responding to a subpoena to

8  produce documents shall produce them as they are kept in the usual course of

9  business or shall organize and label them to correspond with the categories in the

10  demand."

11     14.   The MGA Entities object to the Subpoena and each and every

12  Request to the extent they seek production of documents generated after service of

13  the Subpoena.

14     15.   Except as otherwise stated below, an objection to a specific

15  document Request does not imply that documents responsive to that category exist or

16  that the MGA Entities accept the purported factual predicate for any Request.

17     16.   Without waiving any of the foregoing General Objections, each

18  of which is expressly incorporated into each individual response as if fully stated

19  therein, the MGA Entities object to each and every specific Request for documents,

20  subject to the following additional express reservations of rights:

21     (a)   The right to object on any and all grounds, at any time, to

22  these or any other requests for production and inspection of documents or other

23  discovery procedures involving or relating to the subject matter of the Requests,

24  including by way of a motion to quash or modify the subpoena or a motion for a

25  protective order; and

26     (b)   The right at any time to revise, correct, supplement or

27  clarify any of the objections propounded herein.

28

5

EXHIBIT ___6___, PAGE 39

1 | ## SPECIFIC OBJECTIONS AND RESPONSES

2 | REQUEST NO. 1:

3 |     All DOCUMENTS REFERRING OR RELATING TO ISAAC LARIAN from
4 | January 1, 1999 to the present, inclusive.

5 | RESPONSE TO REQUEST NO. 1:

6 |     The MGA Entities incorporate by reference their General Objections as
7 | though fully set forth herein. The MGA Entities further object to the extent that this
8 | request seeks information that is protected from disclosure under the attorney-client
9 | privilege, the work product doctrine and/or the joint interest privilege. The MGA
10 | Entities further object to this request to the extent it seeks documents protected by
11 | the accountant-client privilege. The MGA Entities further object to the request to the
12 | extent that it seeks documents protected from disclosure by applicable federal and
13 | state tax return privileges. The MGA Entities further object to this request to the
14 | extent that it seeks documents that contain trade secrets, confidential, commercially
15 | sensitive and/or other proprietary or competitive information that is subject to the
16 | MGA Entities' or any other person's constitutional, statutory or common law right of
17 | privacy or protection. The MGA Entities further object that this request calls for the
18 | production of documents that are not relevant to a claim or defense in the pending
19 | litigation or reasonably calculated to lead to the discovery of admissible evidence.
20 | The MGA Entities further object to this request as being overly broad, burdensome
21 | and harassing to a non-party to the extent that it seeks to force Bank of America to
22 | produce documents or information available from parties to the litigation. The MGA
23 | Entities further object to this request on the grounds that it is overbroad as to subject
24 | matter and time; in particular, the MGA Entities object to the definition of "ISAAC
25 | LARIAN" on the grounds that it is overbroad, vague and ambiguous.

26
27
28

6

EXHIBIT __6__, PAGE __40__

1  REQUEST NO. 2:

2      All DOCUMENTS REFERRING OR RELATING TO any ACCOUNTS
3  maintained by YOU that are in the name of, for the benefit of or concern ISAAC
4  LARIAN, including but not limited to statements, monthly statements, daily
5  transaction history reports, monthly transaction history reports, deposit reports,
6  deposit slips, canceled checks, signature cards, and COMMUNICATIONS
7  REFERRING OR RELATING TO such ACCOUNTS, created between January 1,
8  1999 and the present, inclusive.

9  RESPONSE TO REQUEST NO. 2:

10      The MGA Entities incorporate by reference their General Objections as
11  though fully set forth herein. The MGA Entities further object to the extent that this
12  request seeks information that is protected from disclosure under the attorney-client
13  privilege, the work product doctrine and/or the joint interest privilege. The MGA
14  Entities further object to this request to the extent it seeks documents protected by
15  the accountant-client privilege. The MGA Entities further object to the request to the
16  extent that it seeks documents protected from disclosure by applicable federal and
17  state tax return privileges. The MGA Entities further object to this request to the
18  extent that it seeks documents that contain trade secrets, confidential, commercially
19  sensitive and/or other proprietary or competitive information that is subject to the
20  MGA Entities' or any other person's constitutional, statutory or common law right of
21  privacy or protection. The MGA Entities further object that this request calls for the
22  production of documents that are not relevant to a claim or defense in the pending
23  litigation or reasonably calculated to lead to the discovery of admissible evidence.
24  The MGA Entities further object to this request as being overly broad, burdensome
25  and harassing to a non-party to the extent that it seeks to force Bank of America to
26  produce documents or information available from parties to the litigation. The MGA
27  Entities further object to this request on the grounds that it is overbroad as to subject

28

7

EXHIBIT  6  , PAGE  4 1

1  matter and time; in particular, the MGA Entities object to the definitions of "YOU,"
2  "ACCOUNTS," and "ISAAC LARIAN" on the grounds that they are overbroad,
3  vague and ambiguous. The MGA Entities further object on the grounds that this
4  request is vague, ambiguous and overbroad, particularly as to the meaning of "for the
5  benefit of" and "concern."

6  REQUEST NO. 3:

7      DOCUMENTS sufficient to show the account number of all ACCOUNTS
8  maintained by YOU in the name of, for the benefit of or concerning ISAAC
9  LARIAN between January 1, 1999 and the present, inclusive.

10  RESPONSE TO REQUEST NO. 3:

11      The MGA Entities incorporate by reference their General Objections as
12  though fully set forth herein. The MGA Entities further object to the extent that this
13  request seeks information that is protected from disclosure under the attorney-client
14  privilege, the work product doctrine and/or the joint interest privilege. The MGA
15  Entities further object to this request to the extent it seeks documents protected by
16  the accountant-client privilege. The MGA Entities further object to the request to the
17  extent that it seeks documents protected from disclosure by applicable federal and
18  state tax return privileges. The MGA Entities further object to this request to the
19  extent that it seeks documents that contain trade secrets, confidential, commercially
20  sensitive and/or other proprietary or competitive information that is subject to the
21  MGA Entities' or any other person's constitutional, statutory or common law right of
22  privacy or protection. The MGA Entities further object that this request calls for the
23  production of documents that are not relevant to a claim or defense in the pending
24  litigation or reasonably calculated to lead to the discovery of admissible evidence.
25  The MGA Entities further object to this request as being overly broad, burdensome
26  and harassing to a non-party to the extent that it seeks to force Bank of America to
27  produce documents or information available from parties to the litigation. The MGA
28

8

EXHIBIT __6__, PAGE __42__

1 Entities further object to this request on the grounds that it is overbroad as to subject
2 matter and time; in particular, the MGA Entities object to the definitions of "YOU,"
3 "ACCOUNTS," and "ISAAC LARIAN" on the grounds that they are overbroad,
4 vague and ambiguous. The MGA Entities further object on the grounds that this
5 request is vague, ambiguous and overbroad, particularly as to the meaning of "for the
6 benefit of" and "concerning."

7 REQUEST NO. 4:

8     All DOCUMENTS showing or relating to any ACCOUNTS held by ISAAC
9 LARIAN or any ACCOUNTS on which ISAAC LARIAN has signatory authority at
10 any other financial institution.

11 RESPONSE TO REQUEST NO. 4:

12     The MGA Entities incorporate by reference their General Objections as
13 though fully set forth herein. The MGA Entities further object to the extent that this
14 request seeks information that is protected from disclosure under the attorney-client
15 privilege, the work product doctrine and/or the joint interest privilege. The MGA
16 Entities further object to this request to the extent it seeks documents protected by
17 the accountant-client privilege. The MGA Entities further object to the request to the
18 extent that it seeks documents protected from disclosure by applicable federal and
19 state tax return privileges. The MGA Entities further object to this request to the
20 extent that it seeks documents that contain trade secrets, confidential, commercially
21 sensitive and/or other proprietary or competitive information that is subject to the
22 MGA Entities' or any other person's constitutional, statutory or common law right of
23 privacy or protection. The MGA Entities further object that this request calls for the
24 production of documents that are not relevant to a claim or defense in the pending
25 litigation or reasonably calculated to lead to the discovery of admissible evidence.
26 The MGA Entities further object to this request as being overly broad, burdensome
27 and harassing to a non-party to the extent that it seeks to force Bank of America to
28

9

EXHIBIT __6__, PAGE __43__

1   produce documents or information available from parties to the litigation. The MGA

2   Entities further object to this request on the grounds that it is overbroad as to subject

3   matter and time; in particular, the MGA Entities object to the definitions of

4   "ACCOUNTS," and "ISAAC LARIAN" on the grounds that they are overbroad,

5   vague and ambiguous.  The MGA Entities further object on the grounds that this

6   request is vague, ambiguous and overbroad, particularly as to the meaning of

7   "financial institution."

8

9

10

11   DATED:  January 27, 2008

12                                              SKADDEN, ARPS, SLATE, MEAGHER &
                                               FLOM, LLP

13

14                                              By: _Amy S. Park_____
                                                    Amy S. Park
15                                              Attorneys for Counter-Defendants, MGA
                                               ENTERTAINMENT, INC., ISAAC LARIAN,
16                                              MGA ENTERTAINMENT (HK) LIMITED,
                                               AND MGAE de MEXICO S.R.L. de C.V.

17

18

19

20

21

22

23

24

25

26

27

28
                                            10
                    AMENDED OBJECTIONS OF THE MGA ENTITIES TO MATTEL'S SUBPOENA FOR
                          PRODUCTION OF DOCUMENTS TO BANK OF AMERICA

EXHIBIT 6 , PAGE 44

# Confirmation Report — Memory Send

Time     : 01-27-08   07:54pm
Tel line : 6504704570
Name     : SKADDEN ARPS

Job number        :   638
Date              :   01-27   07:52pm
To                :   914157965924
Document pages    :
Start time        :   01-27   07:52pm
End time          :   01-27   07:54pm
Pages sent        :   13
Status            :   OK

Job number   : 638          *** SEND SUCCESSFUL ***

---

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE
PALO ALTO, CALIFORNIA 94301

TELEPHONE No.: (650) 470-4500
FACSIMILE No.: (650) 470-4570

DIRECT FACSIMILE No: (650) 329-2521
EMAIL: nrichard@skadden.com

## FACSIMILE TRANSMITTAL SHEET

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

| | |
|---|---|
| NAME: | Bank of America Subpoena Processing Department |
| CITY: | San Francisco |
| TELEPHONE No.: | (213) 240-6636 |
| FACSIMILE No.: | (415) 796-5924 |
| FROM: | Nelson Richards |

| | |
|---|---|
| DATE: | January 25, 2008 |
| FLR/RM: | Suite 1100/12-306 |
| DIRECT DIAL: | (650) 470-4578 |

TOTAL NUMBER OF PAGES INCLUDING COVER(S):   13

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LEGAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

MESSAGE:  Urgent message regarding file reference number L011808000480. Mattel Inc.'s subpoena to Bank of America in the matter of *Carter Bryant v. Mattel Inc.* (and consolidated cases) Case No. CV 04-9049 SGL (RNBx).

EXHIBIT 6 , PAGE 95

# Confirmation Report — Memory Send

Time      : 01-27-08   07:55pm
Tel.line  : 6504704570
Name      : SKADDEN ARPS

| | | |
|---|---|---|
| Job number | : | 637 |
| Date | : | 01-27  07:47pm |
| To | : | 14157965924 |
| Document pages | : | 13 |
| Start time | : | 01-27  07:47pm |
| End time | : | 01-27  07:55pm |
| Pages sent | : | 00 |
| Status | : | 50 |

Job number    : 637          *** SEND FAILED ***

---

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE
PALO ALTO, CALIFORNIA 94301

TELEPHONE NO.: (650) 470-4500   FACSIMILE NO.: (650) 470-4570
DIRECT FACSIMILE NO: (888) 329-2521
EMAIL: nrichard@skadden.com

### FACSIMILE TRANSMITTAL SHEET

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

| | |
|---|---|
| NAME: | Bank of America Subpoena Processing Department |
| CITY: | San Francisco |
| TELEPHONE NO.: | (213) 240-6636 |
| FACSIMILE NO.: | (415) 796-5924 |
| FROM: | Nelson Richards |
| DATE: | January 25, 2008 |
| FLR/RM: | Suite 1100/12-306 |
| DIRECT DIAL: | (650) 470-4578 |

TOTAL NUMBER OF PAGES INCLUDING COVER(S):  13

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

MESSAGE: Urgent message regarding file reference number L011808000480, Mattel Inc.'s subpoena to Bank of America in the matter of *Carter Bryant v. Mattel Inc.* (and consolidated cases) Case No. CV 04-9049 SGL (RNBx).

EXHIBIT ___  PAGE ___

# EXHIBIT 7

| **From:** | Miller, Timothy A (SFC) |
| **Sent:** | Monday, January 28, 2008 8:01 PM |
| **To:** | 'Dylan Proctor' |
| **Cc:** | Melissa Grant; Park, Amy S (PAL); Kennedy, Raoul D (SFC); Nolan, Thomas J (LAC) |
| **Subject:** | Mattel v. Bryant: Subpoena Duces Tecum to Bank of America |
| **Attachments:** | Amended Objections to Mattel's Subpoena to Bank of America.pdf; Notice of Subpoena Issued to BoA.pdf |

Dylan:

I am writing regarding the attached subpoena duces tecum issued by Mattel to Bank of America and the Amended Objections thereto, which we served over the weekend. We will be filing a motion to quash the subpoena before Judge Infante as soon as we can, probably tomorrow. Ordinarily, we would seek to meet and confer with you about our objections prior to filing such a motion, but we are unable to do so for two reasons: (i) according to the subpoena, Mattel served the subpoena on BofA on January 17, 2008, with a return date of January 28, 2008, but did not serve my clients with notice of the subpoena until the evening of January 24, 2008; and (ii) we have been in contact with BofA's subpoena processing department, and they say that they will process the subpoena and produce documents unless we file a motion to quash. Under these circumstances, we have no choice but to file the motion to quash as soon as possible. We remain willing to meet and confer regarding the issues raised in our written objections.

We hereby request that you agree, by reply to this email, that BofA is relieved of the obligation to respond to Mattel's subpoena until such time as we are able to file a motion to quash.

Thank you for your attention to this.

Regards,

Tim

**Timothy A. Miller**
**Skadden, Arps, Slate, Meagher & Flom LLP**
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Direct Dial: 415-984-2647
Fax: 415-984-2698
tmiller@skadden.com

**EXHIBIT** $\underline{7}$, **PAGE** $\underline{47}$