THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, California 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: rkennedy@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, and MGAE de MEXICO S.R.L. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]**<br><br>**MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENA TO BANK OF AMERICA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**<br><br>Date: TBD<br>Time: TBD<br>Place: TBD |

Case 2:04-cv-09049-DOC-RNB   Document 1762-5   Filed 01/29/08   Page 2 of 9   Page ID
#:26569

## TABLE OF CONTENTS

**PAGE**

I.  The Discovery Master Should Quash or Enter a Protective Order With Respect To Mattel's Requests That Are the Same as the Abusively Drawn Requests that Are the Subject of the MGA Defendants' Pending Motion to Quash (Requests 1-4 To Bank of America) ..................................................................1

    A.  Mattel's Requests And MGA's Responses ...........................................1

    B.  MGA's Statement of Position, Mattel's Argument in Response, and MGA's Reply ...................................................................................5

        1.  MGA's Statement of Position Regarding Requests 1-4 to Bank of America ................................................................................5

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENA TO
BANK OF AMERICA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

I. **THE DISCOVERY MASTER SHOULD QUASH OR ENTER A PROTECTIVE ORDER WITH RESPECT TO MATTEL'S REQUESTS THAT ARE THE SAME AS THE ABUSIVELY DRAWN REQUESTS THAT ARE THE SUBJECT OF THE MGA DEFENDANTS' PENDING MOTION TO QUASH (REQUESTS 1-4 TO BANK OF AMERICA)**

   A.   **Mattel's Requests And MGA's Responses**

**BANK OF AMERICA REQUEST NO. 1:**

All DOCUMENTS REFERRING OR RELATING TO ISAAC LARIAN from January 1, 1999 to the present, inclusive.

**RESPONSE TO BANK OF AMERICA REQUEST NO. 1:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege. The MGA Entities further object to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to a claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Bank of America to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definition of "ISAAC

-1-

LARIAN" on the grounds that it is overbroad, vague and ambiguous.

**BANK OF AMERICA REQUEST NO. 2:**

All DOCUMENTS REFERRING OR RELATING TO any ACCOUNTS maintained by YOU that are in the name of, for the benefit of or concern ISAAC LARIAN, including but not limited to statements, monthly statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

**RESPONSE TO BANK OF AMERICA REQUEST NO. 2:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege.  The MGA Entities further object to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges.  The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Entities further object that this request calls for the production of documents that are not relevant to a claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Bank of America to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject

matter and time; in particular, the MGA Entities object to the definitions of "YOU," "ACCOUNTS," and "ISAAC LARIAN" on the grounds that they are overbroad, vague and ambiguous. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "for the benefit of" and "concern."

**BANK OF AMERICA REQUEST NO. 3:**

DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of or concerning ISAAC LARIAN between January 1, 1999 and the present, inclusive.

**RESPONSE TO BANK OF AMERICA REQUEST NO. 3:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege. The MGA Entities further object to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to a claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Bank of America to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject

-3-
MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENA TO
BANK OF AMERICA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

matter and time; in particular, the MGA Entities object to the definitions of "YOU," "ACCOUNTS," and "ISAAC LARIAN" on the grounds that they are overbroad, vague and ambiguous. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "for the benefit of" and "concerning."

**BANK OF AMERICA REQUEST NO. 4:**

All DOCUMENTS showing or relating to any ACCOUNTS held by ISAAC LARIAN or any ACCOUNTS on which ISAAC LARIAN has signatory authority at any other financial institution.

**RESPONSE TO BANK OF AMERICA REQUEST NO. 4:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege. The MGA Entities further object to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to a claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Bank of America to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject

-4-

matter and time; in particular, the MGA Entities object to the definitions of "ACCOUNTS," and "ISAAC LARIAN" on the grounds that they are overbroad, vague and ambiguous.  The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "financial institution."

### B. MGA's Statement of Position, Mattel's Argument in Response, and MGA's Reply

#### 1. MGA's Statement of Position Regarding Requests 1-4 to Bank of America

Mattel's subpoena to Bank of America suffers from the same fatal defects as Mattel's subpoenas to MGA's bank Wells Fargo and Mr. Larian's tax accountant Moss Adams.  As detailed in the MGA Defendants' pending Motion to Quash, the Wells Fargo and Moss Adams subpoenas must be quashed because they are overly broad and seek documents that are irrelevant or are unreasonably duplicative or cumulative of other discovery already obtained by Mattel.  (D.I. No. 1318 at 13-21.) The MGA Defendants incorporate by reference herein the arguments set forth in their pending Motion to Quash, which apply with equal force to Mattel's subpoena to Bank of America.

As with its requests to Wells Fargo and Moss Adams, Mattel has made no attempt to tailor its document requests to Bank of America to any specific set of relevant, non-duplicative, non-cumulative information.  Rather, once again, Mattel has deliberately drafted its requests to be as expansive as possible.  Mattel's subpoena to Bank of America *literally* demands everything—"All DOCUMENTS REFERRING OR RELATING TO ISAAC LARIAN from January 1, 1999 to the present, inclusive." (Miller Decl., Ex. 1 at Request No. 1.)  Indeed, to make sure there is no doubt how broad Mattel intends its subpoena to be, Mattel has specifically demanded nine years' worth of Mr. Larian's "statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, [and] signature cards." (*Id.* at

Request No. 2.)

As shown in the MGA Defendants' pending Motion to Quash, such requests are abusively drawn and harassing. (D.I. No. 1318 at 13-19.) This is particularly true in view of Mr. Larian's recent production of approximately 13,000 pages of documents showing his net worth, his income from multiple sources, as well as information regarding his banks and bank accounts. (Miller Decl., ¶ 10.) Given the many thousands of pages of financial documents that Mattel has received regarding MGA and Mr. Larian, Mattel's requests to their financial institutions for every financial record available is excessive and improper.

In addition to seeking overly broad discovery of financial information regarding Mr. Larian, Mattel's subpoena to Bank of America effectively seeks all such information regarding all of Mr. Larian's relatives. Specifically, Mattel has broadly defined "ISAAC LARIAN" to include Mr. Larian and "all of his … relatives (whether by blood or marriage)." (Miller Decl., Ex. 1 at 1.) Thus, Mattel has demanded that Bank of America produce every document from 1999 to the present that it possesses relating to Mr. Larian, his wife, his children, and every other family member, in-law or other relative that Mr. Larian has.

Mattel sought the same overly broad categories of financial documents relating to Mr. Larian's relatives from Moss Adams and other non-parties. As detailed in the MGA Defendants' pending Motion to Quash, such requests are improper and intended only to harass Mr. Larian and his family. (D.I. No. 1318 at 19-21.) Indeed, the Discovery Master recently rejected a motion to compel by Mattel with respect to similar requests for financial information from Mr. Larian's brother, Farhad Larian, finding that "there is little need for the breadth of financial information sought by Mattel" and that "the scope of these three requests unduly intrude into Farhad Larian's private affairs." (D.I. No. 1699 at 12.) The Discovery Master's concerns about the requests to Farhad Larian, who was a former MGA shareholder and executive, apply with greater force here since Mattel's requests to

Bank of America seek financial documents for all of Mr. Larian's relatives, regardless of their connection to MGA or the allegations in this action.

Because Mattel's requests to Bank of America are overly broad and abusively drawn, Mattel's subpoena must be quashed.

DATED:  January 29, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By:  /s/
Raoul D. Kennedy

Attorneys for Counter-Defendants
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, and MGAE de MEXICO S.R.L. de C.V.