QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order of December 6, 2006]**<br><br>[PUBLIC REDACTED] MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF MGA ENTERTAINMENT (HK) LIMITED AND FOR SANCTIONS; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>[Separate Statement and Declaration of Bridget A. Hauler filed concurrently herewith]<br><br>Hearing Date:  TBA<br>Time:              TBA<br>Place:             TBA<br><br>**Phase 1:**<br>Discovery Cut-Off:    January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:              May 27, 2008 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a hearing before Discovery Master Hon. Edward Infante (Ret.) that will occur at a date and time and location to be determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court for an order compelling MGA Entertainment (HK) Limited to appear for deposition, overruling instructions not to answer, and imposing sanctions.

This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 30 and 37 on the grounds that MGA Entertainment (HK) Limited has crucial knowledge relating to a variety of Mattel's claims and counterclaims, including the creation, origin, design, manufacture and development of Bratz, when information regarding the product's existence was made public, and information related to Isaac Larian's false statements to the press and retailers.  MGA Entertainment (HK) Limited ("MGA Hong Kong") originally designated Edmond Lee on all 61 topics in Mattel's notice, eventually producing him for two days of deposition.  Under the best of circumstances, however, Mattel could not have examined Mr. Lee on all 61 topics in two days.  In this case, Mr. Lee also required a translator and was unprepared to testify on a variety of topics, and MGA's counsel further impeded this examination, including through improper instructions not to answer.  Nonetheless, MGA Hong Kong refuses to produce Mr. Lee for further examination.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Separate Statement in support thereof and the Declaration of Bridget A. Hauler filed concurrently herewith, the records and files of this matter, and all other matters of which the Discovery Master may take judicial notice.

MATTEL, INC.'S MOTION TO COMPEL

## Statement of Rule 37-1 Compliance

The parties met and conferred regarding this motion on November 26, 2007 and multiple times thereafter.

DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/Timothy L. Alger
   Timothy L. Alger
   Attorneys for Mattel, Inc.

1

## <u>TABLE OF CONTENTS</u>

2

<u>Page</u>

3

4

PRELIMINARY STATEMENT ................................................................ 1

STATEMENT OF FACTS ...................................................................... 2

ARGUMENT ....................................................................................... 9

I.     THE COURT SHOULD COMPEL MGA HONG KONG TO
PRODUCE A DESIGNEE FOR ADDITIONAL TESTIMONY .................. 9

     A.     MGA Hong Kong Has Unique Knowledge Regarding The Early
Development Of Bratz .................................................................... 9

     B.     The Court Has Already Found The Topics To Seek Properly
Discoverable Information In Its Orders Of May 16, 2007, August
14, 2007 and January 8, 2008 ....................................................... 10

         1.     Topics Analogous To Those In Mattel's First Notice Of
MGA ............................................................................... 11

         2.     Topics Analogous To Those In Mattel's Second Notice Of
MGA ............................................................................... 13

     C.     Mattel Needs Additional Time To Fairly Examine MGA Hong
Kong's Designee ........................................................................... 14

         1.     Time Constraints Limited Mattel's Ability To Fully
Depose Mr. Lee On Certain Topics And Prohibited Mattel
From Deposing Mr. Lee On Other Topics At All ................... 15

         2.     Mr. Lee Was Unprepared To Testify On Topics On Which
He Was Designated ............................................................ 16

         3.     MGA Hong Kong's Failure To Produce Documents
Impeded Mattel's Ability To Examine Mr. Lee On Key
Topics ............................................................................... 21

         4.     Asking Mattel To Foreclose Testimony On Certain Topics
Is Unworkable ................................................................... 22

         5.     Mattel Will Be Severely Prejudiced If Mattel Does Not
Obtain Additional Testimony On The Noticed Topics .......... 23

     D.     The Court Should Overrule MGA Hong Kong's Counsel's
Improper Instructions Not To Answer And Speaking Objections ....... 24

II.     MGA HONG KONG SHOULD BE SANCTIONED .................................. 28

CONCLUSION ..................................................................................... 29

1

# <u>TABLE OF AUTHORITIES</u>

2
<u>Page</u>

3
## <u>Cases</u>

4
*Braley v. Campbell*,
  832 F.2d 1504 (10th Cir. 1987) ............................................................. 29

5

*Clarke v. American Commerce Nat'l. Bank*,
  974 F.2d 127 (9th Cir. 1992) ................................................................. 27
6

7
*Condit v. Dunne*,
  225 F.R.D. 100 (S.D.N.Y. 2004) ........................................................... 15

8
*Humphreys v. Regents of University of California*,
  2006 WL. 1140907 (N.D. Cal. 2006) ..................................................... 28
9

10
*Hyde & Drath v. Baker*,
  24 F.3d 1162 (9th Cir. 1994) ................................................................. 28

11

12
*RTC v. Dabney*,
  73 F.3d 262 (10th Cir. 1995) ................................................................. 29

13
*U.S. v. Friedman*,
  445 F.2d 1076 (9th Cir. 1971) ............................................................... 27

14

15
*U.S. v. Munoz*,
  233 F.3d 1117 (9th Cir. 2000) ............................................................... 27

16
## <u>Statutes</u>

17
<u>Cal. Evid. Code</u> § 952 ............................................................................. 27

18
<u>Fed. R. Civ. P.</u> 30(b)(6) ...................................................................... 2, 3

19
<u>Fed. R. Civ. P.</u> 30(d) ............................................................................. 15

20
<u>Fed. R. Civ. P.</u> 30(d)(2) ........................................................................ 15

21
<u>Fed. R. Civ. P.</u> 37(a)(4) ........................................................................ 28

22

23

24

25

26

27

28

07209/2371209.1

-ii-

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel seeks additional time to depose MGA Entertainment (HK) Limited ("MGA Hong Kong") and for an order overruling improper instructions not to answer. MGA Hong Kong has engaged in Defendants' usual obstructionist tactics to evade providing full and complete testimony in response to Mattel's notice of deposition of MGA Hong Kong, served more than six months ago. Thus, Mattel must yet again seek an order from the Discovery Master compelling a defendant to provide discovery to which Mattel is plainly entitled. The discovery in question is so obviously appropriate that MGA Hong Kong has never disputed that Mattel is entitled to a witness on each of the 61 topics in Mattel's Notice. Nonetheless, MGA Hong Kong has evaded providing such discovery by first delaying months before offering any designee or deposition dates and then providing only one designee, Edmund Lee, on all 61 topics. He appeared for just two days of deposition on October 4 and 5, 2007. It would have been impossible to cover all of these important topics in two days under the best of circumstances. But here, Mr. Lee, a non-native English speaker, required a translator, thus the pace of Mr. Lee's deposition was such that those two days produced what was at most one day of actual testimony. This time constraint prohibited Mattel from covering many of the topics at all and prohibited Mattel from fully covering many others.

In addition, Mr. Lee's deposition contained other irregularities that warrant granting Mattel additional deposition time. First, Mr. Lee was not adequately prepared to testify on many of the topics on which he was designated, admitting that the sum total of his investigation of many topics was to speak to counsel and read some documents shown to him by counsel. On some topics, Mr. Lee admitted he had not even done that. Second, MGA produced more than 3,300 documents relevant to one of the topics late in the afternoon on the second day of his testimony -- despite the fact that the documents in question were responsive to a

1  production request to which MGA had been ordered to produce documents well

2  before his deposition.  Thus, Mattel had absolutely no opportunity to review and

3  question Mr. Lee regarding these documents.

4          Third, MGA Hong Kong's counsel also improperly instructed Mr. Lee

5  not to answer questions on the basis of privilege where Mr. Lee could not recall a

6  lawyer even being present and when such conversations did not appear on MGA

7  Hong Kong's or MGA's respective privilege logs.

8          MGA Hong Kong's obstructionist tactics have denied Mattel critical

9  discovery regarding, among other topics, the origins and early development of

10  Bratz, MGA Hong Kong's document retention and production, MGA Hong Kong's

11  corporate structure and its contacts with key individuals in the Bryant case.  The

12  information Mattel seeks is uniquely within the purview of MGA Hong Kong,

13  particularly information relating to Bratz development.  Key witnesses -- including

14  Isaac Larian and Paula Garcia, the project manager of Bratz -- have testified that

15  MGA Hong Kong has more information about early Bratz manufacturing and

16  milestones than MGA does because MGA Hong Kong was responsible for

17  supervising and coordinating with manufacturers and other vendors on Bratz.

18          Mattel, therefore, respectfully requests that the Court compel MGA

19  Hong Kong to produce a designee for three more days of testimony on the topics in

20  Mattel's Notice of MGA Hong Kong, overrule instructions not to answer, and

21  impose sanctions because MGA Hong Kong's actions were not substantially

22  justified.

23

24                              **Statement of Facts**

25          <u>Mattel Notices the Deposition of MGA Hong Kong</u>.  Mattel served a

26  notice of deposition of MGA Hong Kong pursuant to <u>Rule</u> 30(b)(6) (the "Notice")

27

28

on June 4, 2007.[1]  The Notice contained 61 topics going to the origins and early development of Bratz, MGA Hong Kong's document retention and production, MGA Hong Kong's corporate structure, net worth and its contacts with key individuals in the Bryant case.  Many of the topics are identical to topics in Mattel's Notice of Deposition of MGA Entertainment, Inc. ("MGA") Pursuant to <u>Rule</u> 30(b)(6) (the "First Notice of MGA")[2] and Mattel's Second Notice of Deposition of MGA Pursuant to <u>Rule</u> 30(b)(6) (the "Second Notice of MGA")[3]—topics the Court has previously ruled to be proper and to which the Court has ordered MGA no less than four times to produce witnesses.[4]  The 61 topics are set out verbatim in the accompanying Separate Statement.

<u>MGA Hong Kong Fails to Provide Designees and Dates For Months</u>. MGA Hong Kong never argued or objected that Mattel was not entitled to a designee on the topics.  As of June 26, 2007, MGA Hong Kong, nevertheless, had not provided any designees or dates.  Mattel requested that the parties meet and

---

[1]   <u>See</u> Mattel, Inc.'s Notice of Deposition of MGA Entertainment (HK) Limited, Inc. Pursuant to <u>Rule</u> 30(b)(6), dated June 4, 2007, and attached as Exhibit 1 to the Declaration of Bridget A. Hauler ("Hauler Dec."), dated January 28, 2007 and filed concurrently herewith.

[2]   <u>See</u> Mattel, Inc.'s Notice of Deposition of MGA Pursuant to Rule 30(b)(6) ("First Notice of MGA"), dated February 16, 2005, Hauler Dec., Exh. 43.

[3]   <u>See</u> Mattel, Inc.'s Second Notice of Deposition of MGA Pursuant to Rule 30(b)(6) ("Second Notice of MGA"), dated February 1, 2007, Hauler Dec., Exh. 2.

[4]   <u>See</u> Court's Order Granting Mattel's Motion to Compel 30(b)(6) Witnesses ("May 16 Order"), dated May 16, 2007, Hauler Dec., Exh. 3; <u>see also</u> Court's Order Granting in Part Mattel's Motion to Enforce the Court's May 16, 2007 Order and for Sanctions ("August 14 Order to Enforce"), dated August 14, 2007, Hauler Dec., Exh. 4; Court's Order Granting Mattel's Motion for Additional Time to Depose Paula Garcia ("August 14 Order for Additional Time"), dated August 14, 2007, Hauler Dec., Exh. 5; Court's Order Granting in Part and Denying in Part Mattel's Motion to Enforce Court's Discovery Orders and to Compel; To Overrule Purportedly Improper Instructions; and For Sanctions ("January 8 Order"), dated January 8, 2008, Hauler Dec., Exh. 6.

MATTEL, INC.'S MOTION TO COMPEL

1    confer.[5]  On July 5, 2007, MGA Hong Kong represented that it anticipated that

2    MGA Hong Kong would designate and produce a witness in response to each of the

3    topics in the Notice and promised to provide dates and designees the following

4    week.[6]  MGA Hong Kong failed to do so.[7]  In fact, MGA Hong Kong delayed

5    providing designees or dates for the Notice until September, when it finally

6    confirmed orally that Mr. Lee would be the designee on all 61 topics in the Notice

7    and offered to begin his deposition on October 4, 2007, which Mattel accepted.[8]

8            Mr. Lee Is Not Prepared to Testify on Numerous Topics, and Time

9    Constraints and Counsel's Improper Instructions Prevent Mattel From Examining

10   Him On a Number of Other Topics .  Mr. Lee appeared for deposition on October 4

11   and 5, 2007, but was not prepared to testify on a number of the topics on which he

12   was designated.  For example, Mr. Lee could not testify regarding MGA Hong

13   Kong's knowledge and access to non-public Mattel DIVA STARZ information and

14   designs,[9] MGA Hong Kong's payments to key individuals including Carter

15   Bryant,[10] and the whereabouts of items relating to Bratz that were received by MGA

16   Hong Kong in 2000 and 2001.[11]  MGA Hong Kong's counsel, with whom Mr. Lee

17   prepared for his deposition, did not even know that MGA Hong Kong's prior sworn

18

19       [5]   See Zeller letter to Torres, dated June 26, 2007, Hauler Dec., Exh. 7.
         [6]   See Zeller letter to Jenal and Charron, dated July 6, 2007, at 2, Hauler Dec.,
20   Exh. 8.
         [7]   See Zeller letter to Jenal and Charron, dated July 19, 2007, at 2, Hauler Dec.,
21   Exh. 9; see also Zeller letter to Jenal and Charron, dated July 25, 2007, Hauler Dec.,
22   Exh. 10.
         [8]   See Corey letter to Charron, dated August 29, 2007, at 2, Hauler Dec., Exh.
23   11; see also Zeller letter to Charron, dated September 7, 2007, Hauler Dec., Exh. 12.
         [9]   See Deposition Transcript of Edmond Lee, Vol. 2 ("Lee Tr. Vol 2"), dated
24   October 5, 2007, at 466:11-23; 468:5-469:1, Hauler Dec., Exh. 17.
25       [10]  Id. at 469:2-20, 471:3-477:21 & 519:8-521:10.
26       [11]  Deposition Transcript of Edmond Lee, Vol. 1 ("Lee Tr. Vol. 1"), dated
     October 4, 2007, at 101:4-102:4, 114:4-25, 170:3-12 & 179:9-173:14, Hauler Dec.,
27   Exh. 18.

28

statements were a topic on which Mr. Lee was designated, thus Mr. Lee obviously was not prepared to testify on this topic.[12]

MGA Hong Kong's production of key electronic images in illegible form also foreclosed Mr. Lee from testifying fully on a number of topics, including those topics regarding the early development of Bratz.  For example, MGA Hong Kong produced on August 14, 2007 a photograph of a clay embodiment of Bratz from October 6, 2000 -- a photograph that MGA had not produced previously and that showed what Bratz looked like before Bryant left Mattel -- but the image was so distorted that Mr. Lee could not confirm basic aspects of its appearance such as whether the sculpture included a head.[13]  Subsequent to Mr. Lee's deposition, Mattel requested that MGA Hong Kong reproduce these illegible images in legible form, so as not to compromise Mattel's ability to depose other key individuals.[14]  MGA Hong Kong was able to process this request in less than 24 hours, raising serious questions as to why these key images were distorted in MGA Hong Kong's original production.[15]

Time constraints also prevented Mattel from fully examining Mr. Lee. Under the best of circumstances, Mattel could not have examined fully one witness on all 61 topics in two days.  In contrast, MGA has produced more than nine designees for 17 days of testimony on a subset of analogous topics from Mattel's First and Second Notices of MGA, and Mattel still has not completed its examination on some of these topics.[16]  In this case, Mr. Lee required the assistance of a translator, thus the pace of the examination was even slower than usual.

---

[12]   See Lee Tr. Vol. 2 at 398:24-400:7, Hauler Dec., Exh. 17.
[13]   See Lee Tr. Vol. 1 at 206:15-210:3, Hauler Dec., Exh. 18.
[14]   See Zeller letter to Torres, dated October 8, 2007, Hauler Dec., Exh. 19.
[15]   See, e.g., MGA HK 0002353-4, produced on August 14, 2007, versus MGA HK 0011155-6, produced on October 8, 2007, Hauler Dec., Exhs. 20 & 21.
[16]   See Hauler Dec., ¶ 24.

Among the topics on which Mattel was unable to examine Mr. Lee at all were topics concerning the authorship, creation, dissemination, use, meaning and authenticity of key early Bratz drawings; early efforts and communications relating to the licensing of Bratz; and communications between MGA Hong Kong and key third party witnesses.[17]  Mattel also did not have the opportunity to examine Mr. Lee fully on a large number of other topics, including those going to the origins and early development of Bratz.[18]

In addition, counsel for MGA Hong Kong impeded Mr. Lee's examination by improperly instructing Mr. Lee not to answer questions that did not invade the attorney-client privilege.[19]  MGA Hong Kong's counsel instructed Mr. Lee not to answer questions regarding communications between Mr. Lee, the director of MGA Hong Kong, and Mr. Larian, the CEO of MGA.  The facts discussed in those communications would show whether Mr. Larian knowingly misrepresented facts to Walmart (a customer of both Mattel and MGA) and whether MGA knowingly misrepresented facts about itself and Mattel in a press release, as alleged in Mattel's claims.[20]  Mr. Lee did not know if a lawyer was involved in his communication with Mr. Larian, and there is no mention of any such communication on MGA or MGA Hong Kong's privilege logs.[21]  Nonetheless, MGA Hong Kong's counsel instructed Mr. Lee not to answer on privilege grounds.

<u>MGA Produces More Than 3,300 Pages of Documents During the Course of Mr. Lee's Deposition – documents the Court Ordered MGA to Produce</u>

---

[17]  <u>See</u> Notice at Topic Nos. 9, 19 & 32, Hauler Dec., Exh. 1.
[18]  <u>See, e.g.,</u> Notice at Topic Nos. 1-8, Hauler Dec., Exh. 1.
[19]  <u>See</u> Lee Tr. Vol. 2 at 428:17-432:24, Hauler Dec., Exh. 17.
[20]  <u>Id.</u>; see also Exhs. 942-944, marked at the deposition of Edmond Lee on October 5, 2007, Hauler Dec., Exhs. 22-24.
[21]  <u>See</u> Lee Tr. Vol. 2 at 428:17-432:24, Hauler Dec., Exh. 17; <u>see also</u> Hauler Dec., ¶ 28.

Months Earlier.  MGA refused to produce documents from MGA Hong Kong until after ordered by the Court to do so.[22]  Even then, MGA appealed the Discovery Master's decision, and ultimately obtained an extension on the date by which it was obligated to produce documents – a two-month extension for documents in the possession of MGA in the United States to July 31, 2007 and a two-and-a-half month extension for documents in the possession of MGA Hong Kong to August 14, 2007.[23]  Nonetheless, during the course of Mr. Lee's October deposition, MGA Hong Kong produced un-Bates numbered pages responsive to document requests to which MGA was compelled to produce documents months earlier and that related to topics on which Mr. Lee was designated.[24]  Of even greater concern, on the afternoon of the second day of Mr. Lee's deposition, MGA produced 3,300 pages of documents to Mattel.[25]  These documents were clearly responsive to document requests to which MGA was compelled to produce documents months earlier,[26] to which MGA had previously represented that it had provided all responsive documents[27] and which related to Topic No. 37 on which Mr. Lee was designated.[28]

   <u>MGA Hong Kong Refuses To Provide Mr. Lee for Additional Time</u>.

Shortly after Mr. Lee's deposition, the court imposed two stays in this case, totaling four weeks, to allow the MGA parties to transition to new counsel.  On November

---

[22] <u>See</u> Court's Order Granting Mattel's Motion to Compel Documents and Interrogatory Answers ("May 15 Order"), dated May 15, 2007, Hauler Dec., Exh. 13.

[23] <u>See</u> Court's Order Granting in Part and Denying in Part MGA's Motion re the Discovery Master's May 15, 2007 Order, dated July 2, 2007, at 4, Hauler Dec., Exh. 14.

[24] <u>See</u> Hauler Dec., ¶ 16; <u>see also</u> May 15 Order, Hauler Dec., Exh. 13; Notice at Topic Nos. 40 & 61, Hauler Dec., Exh. 1.

[25] <u>See</u> Nguyen letter to Zeller, dated October 5, 2007, Hauler Dec., Exh. 15

[26] <u>See</u> May 15 Order, Hauler Dec., Exh. 13.

[27] <u>See</u> Nguyen letter to Zeller dated May 17, 2007, Hauler Dec., Exh. 16.

[28] <u>See</u> Notice at Topic No. 37.

15, 2007, Mattel requested that MGA Hong Kong's new counsel meet and confer regarding the continuation of the deposition of Mr. Lee and the improper instructions given.[29]  However, new counsel represented that they could not meet within the time mandated by the Order Appointing the Discovery Master because, among other things, they had not yet reviewed Mr. Lee's deposition transcript.[30]  As a professional courtesy, Mattel agreed to meet and confer ten days after sending its initial request.[31]  At that meet and confer, MGA designated Lisa Tonnu to testify regarding Topic Nos. 25, 26, 30 and 33, and represented that MGA Hong Kong would confirm whether or not it would produce Mr. Lee for two more days of testimony on the remaining 57 topics of the Notice.[32]

The parties were unable to reach agreement with respect to the sufficiency of Mr. Lee's preparation and the appropriateness of MGA Hong Kong's counsel's instructions not to answer.[33]  However, MGA Hong Kong represented that MGA and/or MGA Hong Kong would supplement their privilege logs to reflect a series of purportedly privileged communications from December 2006 and that these were the subject of counsel's instructions not to answer.[34]  At the parties' second meet and confer, MGA Hong Kong represented that it needed more information before it could determine if it would agree to produce Mr. Lee for two additional days of testimony.[35]  Mattel provided further explanation; however, MGA Hong Kong refused to produce Mr. Lee for more time, offering only to provide Ms.

---

[29] See Zeller letter to Nolan, dated November 15, 2007, Hauler Dec., Exh. 28.
[30] See Miller letter to Zeller, dated November 20, 2007, Hauler Dec., Exh. 29.
[31] See Proctor letter to Miller, dated November 28, 2007, Hauler Dec., Exh. 30.
[32] Id.
[33] Id.
[34] Id.
[35] See Proctor letter to Miller, dated December 20, 2007, Hauler Dec., Exh. 31.

1  Tonnu on Topic Nos. 25, 26 and 30 and Mr. Khare on Topic No. 61.[36]  To date,

2  neither MGA Hong Kong nor MGA have updated their privilege logs to reflect the

3  allegedly privileged communications.[37]

4

5  <u>**Argument**</u>

6  **I.**  **<u>THE COURT SHOULD COMPEL MGA HONG KONG TO PRODUCE</u>**

7  **<u>A DESIGNEE FOR ADDITIONAL TESTIMONY</u>**

8  **A.**  **<u>MGA Hong Kong Has Unique Knowledge Regarding The Early</u>**

9  **<u>Development Of Bratz</u>**

10  MGA Hong Kong's testimony regarding the development of Bratz is

11  critical, because MGA Hong Kong has exclusive access to certain facts about the

12  early development of Bratz and development processes in Hong Kong.  In

13  particular, key individuals involved in Bratz development in the United States,

14  including Isaac Larian and Paula Garcia, have testified that their own knowledge of

15  Bratz manufacturing is limited because MGA Hong Kong is the entity responsible

16  for this function.[38]  Others have testified that MGA Hong Kong has unique

17  responsibilities in areas such as inventory and maintaining its information

18  technology infrastructure.[39]

19

20

21  [36]  <u>Id.</u>; <u>see also</u> Miller letter to Proctor, dated December 26, 2007, Hauler Dec., Exh. 32; Proctor letter to Miller, dated December 28, 2007, Hauler Dec., Exh. 33.

22  [37]  <u>See</u> Hauler Dec., ¶ 28.

23  [38]  <u>See</u> Deposition Transcript of Paula Garcia, Vol. 3 ("Garcia Tr. Vol. 3"), dated October 9, 2007, at 736:13-22, 910:21-912:6, 475:5-476:6, 620:24-621:17, Hauler

24  Dec., Exh. 34; <u>see also</u> Deposition Transcript of Isaac Larian ("Larian Tr."), dated July 18, 2006, at 131:21-132:2, 151:8-19, Hauler Dec., Exh. 37.

25  [39]  <u>See </u>Deposition Transcript of Rebecca Harris ("Harris Tr."), dated July 20,

26  2007, at 12:22-13:18, 87:15-88:7, 116:15-118:11, 121:18-123:4, Hauler Dec., Exh.

27  35; <u>see also</u> Deposition Transcript of Kenneth Lockhart, Vol. 1 ("Lockhart Tr. Vol. 1"), dated June 14, 2007, at 24:9-25:22, Hauler Dec., Exh. 36.

28

-9-

In addition, MGA sent many of the early Bratz design documents and tangible items to MGA Hong Kong; thus, Mattel is prejudiced by Mr. Lee's failure to investigate the whereabouts of key tangible items from 2000 and 2001.  For instance, the doll head that Anna Rhee painted for MGA in June of 2000 that she contends was a Bratz head and that MGA contends was for Prayer Angels appears to have been sent to MGA Hong Kong.[40]  In addition, Ms. Garcia sent a binder of materials and competitor product to MGA Hong Kong in September 2000, and Mercedeh Ward sent a Bratz sculpt and competitor product to MGA Hong Kong in October 2000.[41]  Ms. Garcia has testified that she cannot remember exactly what was in the binder and what competitive product she sent to MGA Hong Kong.[42]  Meanwhile, Mr. Lee himself first appeared to question the genuineness of Ms. Ward's email produced by MGA[43] and then later acknowledged that all of his information regarding the sculpt was based solely ███████████████████████████████████████████████████████[44]

**B.**     **The Court Has Already Found The Topics To Seek Properly Discoverable Information In Its Orders Of May 16, 2007, August 14, 2007 and January 8, 2008**

The Discovery Master has compelled testimony on topics analogous to those in the Notice in four separate Court Orders: the Court's Order Granting Mattel's Motion to Compel 30(b)(6) Witnesses, dated May 16, 2007; the Court's

---

[40]   See Deposition Transcript of Paula Garcia, Vol. 2 ("Garcia Tr. Vol. 2"), dated May 25, 2007, at 506:17-511:14, Hauler Dec., Exh. 38; see also e-mail correspondence Bates-numbered MGA 0007502, Hauler Dec., Exh. 39.

[41]   See e-mail correspondence Bates-numbered MGA 000422 and e-mail correspondence and attachments Bates-numbered MGA 0046691-3, Hauler Dec., Exhs. 40 & 41.

[42]   See Garcia Tr. Vol. 3 at 879:17-883:18, Hauler Dec., Exh. 34.

[43]   Lee Tr. Vol. 1 at 187:2-190:2, Hauler Dec., Exh. 18.

[44]   Lee Tr. Vol. 1 at 195:11-196:23, Hauler Dec., Exh. 18.

Order Granting in Part Mattel's Motion to Enforce the Court's May 16, 2007 Order and for Sanctions, dated August 14, 2007; the Court's Order Granting Mattel's Motion for Additional Time to Depose Paula Garcia, dated August 14, 2007; and the Court's Order Granting in Part and Denying in Part Mattel's Motion to Enforce Court's Discovery Orders and to Compel; To Overrule Purportedly Improper Instructions; and For Sanctions, dated January 8, 2008.[45]

## 1.    Topics Analogous To Those In Mattel's First Notice Of MGA

The Court's original May 16 Order compelled MGA to produce designees on Topics Nos. 1-3 and 6-8 of Mattel's First Notice of MGA.[46]  These topics are largely analogous to Topic Nos. 50-52, 55 and 57-58 of the Notice of MGA Hong Kong.[47]  Each of the topics pertains to issues that MGA and Bryant have raised about the chronology of Bratz's creation and development and the testimony of face painter Anna Rhee.

In February 2005, Bryant took the deposition of a face painter, Anna Rhee, who MGA and Bryant concede worked on the first Bratz dolls.  Ms. Rhee testified that several months before Mr. Bryant left Mattel, Mr. Bryant told her he had a "secret" project on which he wanted her to work.[48]  According to her testimony, in June 2000, Mr. Bryant introduced Ms. Rhee to MGA[49] and had her paint the faces of three-dimensional "Bratz" doll heads.[50]  She submitted an invoice

---

[45]   See Court Orders, Hauler Dec., Exhs. 3-6.
[46]   See May 16 Order, Hauler Dec., Exh. 3.
[47]   See Notice, Hauler Dec., Exh. 1; see also Notice of MGA, Hauler Dec., Exh. 43; Separate Statement, dated January 28, 2008 and filed concurrently herewith, at Topic Nos. 50-58.
[48]   Deposition Transcript of Anna Rhee ("Rhee Tr.), dated February 3, 2005, at 107:16-108:3, Hauler Dec., Exh.
[49]   Id. at 107:4-6.
[50]   Id. at 113:24-114:15 and 202-204.

MATTEL, INC.'S MOTION TO COMPEL

to MGA dated June 12, 2000 for that work.[51]  Ms. Rhee testified that when she first began working on this "secret" project, she did not know the project by the name "Bratz," but that Mr. Bryant initially instead had called it "Angel,"[52] which is what she wrote on her invoice to MGA as well as on other invoices for her work on Bratz in September 2000.[53]  Thus, as she stated at deposition: ███████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████

████████[54]  Ms. Rhee testified that the heads she began painting in June 2000 were of the dolls that she later learned were called "Bratz."[55]

          Ms. Rhee's testimony is material for at least two reasons.  First, it goes to Mr. Bryant's and MGA's liability in this case.  Per her testimony, Ms. Rhee performed work on a three-dimensional Bratz head during a time period when Mr. Bryant was employed by Mattel.  Indeed, June 2000 was more than four months before he left Mattel on October 20, 2000.  If, as Ms. Rhee has testified, Mr. Bryant was working on Bratz dolls during his Mattel employment, such evidence tends to show that Mattel is the owner of such works because, pursuant to its agreements with Mr. Bryant, Mattel owns all such creative works that Mr. Bryant made while a Mattel employee.  Second, the testimony impeaches aspects of the account that Mr. Bryant and MGA have given about when Bratz was designed and developed.  As just one example of this, Mr. Bryant claimed at deposition that he had no contact

---

[51] Id. at 107:4-108:6.
[52] Id. at 109:20-25.
[53] Id. at 109:5-25, 138:9-22 and Exh. 201.
[54] Id. at 142:16-143:10.
[55] Id. at 108:8-10, 127:8-14, 132:25-133:2.

1   with MGA prior to August 2000 and that he had never even heard of MGA prior to

2   July 2000.[56]

3           Mr. Bryant and MGA maintain that Ms. Rhee was actually working on

4   MGA's Prayer Angel project in June of 2000.  Ms. Rhee, Mr. Bryant and MGA all

5   deny having the heads for which Ms. Rhee submitted an invoice in June 2000.

6   MGA Hong Kong was involved in the development of the Prayer Angels project at

7   least as early as the summer of 2000 and, if MGA's version of events are to be

8   believed, would have knowledge of (and tangible items relating to) Anna Rhee's

9   work.[57]  At Mr. Lee's previous deposition, Mattel did not have the opportunity to

10  examine Mr. Lee at all on the Prayer Angels project or Ms. Rhee's work on the

11  "Angel" project.  Mattel should have the opportunity to fully examine MGA Hong

12  Kong on these topics, Topic Nos. 50-58.

<div align="center">

**2.    Topics Analogous To Those In Mattel's Second Notice Of
MGA**

</div>

15          The Court's original May 16 Order compelled MGA to produce

16  designees on Topics Nos. 1-46 of Mattel's Second Notice of MGA.[58]  These topics

17  are identical to Topic Nos. 1-9 and 14-49 of the Notice of MGA Hong Kong and

18  analogous to Topic Nos. 10-13 of the Notice of MGA Hong Kong.[59]  These topics

19  relate to the origins, creation, design and development of Bratz; to Bryant's work

20  with MGA Hong Kong during the relevant time period; to relevant contracts and

21  MGA Hong Kong's knowledge of Bryant's breaches; to third parties who worked

---

[56]  Deposition of Carter Bryant, Vol. 1 ("Bryant Tr. Vol. 1"), dated November 4, 2004, at 8:15-10:12, Hauler Dec., Exh. 45.

[57]  Garcia Tr. Vol. 2 at 506:17-511:14, Hauler Dec., Exh. 38; see also Hauler Dec., Exh. 39.

[58]  See May 16 Order, Hauler Dec., Exh. 3.

[59]  See Notice, Hauler Dec., Exh. 1; see also Second Notice of MGA, Hauler Dec., Exh. 2; Separate Statement at Topic Nos. 1-49.

on Bratz; payments made to Bryant; topics relating to spoliation of evidence; and topics related to MGA Hong Kong's corporate structure.

MGA's designees on these topics illustrate how insufficient two days of testimony is to cover the wide-ranging topics in Mattel's Notice of MGA Hong Kong.  For instance, the Discovery Master ordered Paula Garcia, MGA's designee on approximately 24 topics in the First and Second Notices of MGA, to appear for four full days of deposition testimony.[60]  In addition, Bryan Armstrong, one of two MGA designees on Topic No. 33 of the Second Notice, which is analogous to Topic No. 36 of the Notice of MGA Hong Kong that relates to Bratz intellectual property, has appeared for two full days of deposition.[61]  Mr. Khare, the other designee on Topic No. 33, appeared for one full day of testimony on that topic plus two more days of testimony on that topic as well as other topics in the Second Notice and Mattel's Third Notice of Deposition of MGA.[62]

Mattel is entitled to discovery from MGA Hong Kong on Topics 1-49.  Indeed, MGA Hong Kong has never contested any of the 61 topics.  As detailed above, MGA Hong Kong has unique knowledge of facts not otherwise available from MGA, per the testimony of witnesses such as Isaac Larian, Paula Garcia, Rebecca Harris and Kenneth Lockhart.

## C.   Mattel Needs Additional Time To Fairly Examine MGA Hong Kong's Designee

Parties are usually expected to work together to determine a fair time limit for depositions: "It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need to resort to the

---

[60]   See May 16 Order, Hauler Dec., Exh. 3, see also August 14 Order For Additional Time, Hauler Dec., Exh. 5.

[61]   See Hauler Dec., ¶ 24; see also Second Notice of MGA at Topic No. 33, Hauler Dec., Exh. 2; see also Notice at Topic No. 36, Hauler Dec., Exh. 1.

[62]   Hauler Dec., ¶ 24.

court . . . Preoccupation with timing is to be avoided." Condit v. Dunne, 225 F.R.D. 100, 112 (S.D.N.Y. 2004) (citing the 2000 Advisory Committee notes to Fed. R. Civ. P. 30(d)).  Here, Mattel needs additional deposition time in order to conduct a fair examination of MGA Hong Kong's 30(b)(6) designee for a number of reasons: (1) MGA Hong Kong's counsel improperly instructed Mr. Lee not to answer questions regarding false statements Isaac Larian made to the press about a factory used by MGA and about Mattel; (2) MGA Hong Kong and MGA failed to produce responsive documents until during and even after Mr. Lee's deposition; (3) Mr. Lee was unprepared to testify on many topics; and (4) the large number of topics and the use of an interpreter rendered the completion of Mr. Lee's deposition on 61 topics in only two days impossible.

Unfortunately, as described above, MGA Hong Kong has not been willing to make reasonable accommodations for Mr. Lee's continued deposition. Accordingly, the Court should grant Mattel leave for three additional days of examination.  See Fed. R. Civ. P. 30(d)(2) (the Court "must allow additional time . . . if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination.").

**1.** **Time Constraints Limited Mattel's Ability To Fully Depose Mr. Lee On Certain Topics And Prohibited Mattel From Deposing Mr. Lee On Other Topics At All**

As detailed above, Mr. Lee only appeared for two days of testimony[63] and required the assistance of a translator; thus, Mattel could not reasonably have examined him on 61 topics even if no other irregularities had occurred at Mr. Lee's

---

[63]  At the end of the first day of deposition, MGA Hong Kong's counsel tried to renege on counsels' prior agreement even with respect to providing Mr. Lee for two days of deposition.  See Lee Tr. Vol. 1 at 265:9-271:4.  However, the parties ultimately continued the deposition for another day.

deposition.  Mattel is plainly entitled to additional time to obtain complete testimony on these topics.

### 2.   Mr. Lee Was Unprepared To Testify On Topics On Which He Was Designated

Even on topics on which Mattel had the opportunity to question Mr. Lee, he was not prepared to testify.  As detailed above, Mr. Lee had not performed even basic investigation regarding a number of topics on which he was designated.  These topics include:

**Topic No. 10:**  The email produced by MGA in this ACTION as MGA 000422, including without limitation the IDENTITY, current and last known location, disposition and use of the DOCUMENTS and tangible items that are referenced in such email.

**Excerpt of Relevant Testimony:**

[64]

**Topic No. 12:**  The showing of BRATZ at Hong Kong Toy Fair in January 2001, including without limitation the IDENTITY and whereabouts of DOCUMENTS (including photographs and videotapes) and tangible items that REFER OR RELATE TO such toy fair.

**Excerpt of Relevant Testimony:**

---

[64]   See Lee. Tr. Vol. 1 at 170:3-12, Hauler Dec., Exh. 18; see also id. at 171:9-173:14.

1  ████████████████

2  ██████████████████████

3  █████████████████████

4  ███████████████████████████████

5  █████████[65]

6

7  **Topic No. 25:**  YOUR knowledge of, and access to, non-public

8  MATTEL DIVA STARZ project information and DESIGNS prior to June 30, 2001.

9  **Excerpt of Relevant Testimony:**

10  ████████████████████████████████████

11  ███████████████████████████████████

12  ████████████████████████████████████

13  ███████████████████████

14  ███████████

15  ████████████████████████████

16  ██████████████████████████████████████

17  ████████████████████████████████████

18  █████████████████[66]

19

20  **Topic No. 26:**  The payment of money or anything of value by or for

21  YOU or on YOUR behalf that has been made to, for or on behalf of BRYANT (a)

22  for work, services or activities performed by BRYANT prior to January 1, 2001

23  (regardless of when such payment was actually made), (b) for DESIGNS

24  CREATED by BRYANT prior to January 1, 2001 (regardless of when such

25  payment was actually made) or (c) in connection with BRATZ or any BRATZ

26  ──────────────────

27  [65]  Id. at 109:9-20; see also id. at 110:6-13, 114:4-25, 116:3-16.
    [66]  Lee Tr. Vol. 2 at 466:11-23, Hauler Dec., Exh. 17; see also id. at 468:5-469:1

28

DESIGN at any time, including without limitation the timing, manner and amount(s) thereof and the reasons therefore.

**Excerpt of Relevant Testimony:**

[redacted][67]

**Topic No. 30:** The payment of money or anything of value that YOU have made or offered to make to, for or on behalf of Elise Cloonan, or that has been requested, sought or received by, for or on behalf of Elise Cloonan, and the timing, manner, amount(s) and reasons therefor.

**Excerpt of Relevant Testimony:**

[redacted]

---

[67] Id. at 469:6-20.



**Topic No. 37:**  Other than those previously filed and served in this ACTION or in which Mattel, Inc.'s counsel in this ACTION was in attendance, the testimony, transcripts, declarations, affidavits and other sworn written statements of any other type by or from YOU or made on YOUR behalf that REFER OR RELATE TO BRATZ THAT REFER OR RELATE TO the time period prior to June 30, 2001 (regardless of when such testimony or sworn statement was taken, given, signed, made or filed).

**Excerpt of Relevant Testimony:**

---

[68]   <u>Id.</u> at 471:8-19.

[redacted][69]

**Topic No. 61:** YOUR relationship with Stephen Lee since April 1, 2004, including without limitation any agreements or contracts between YOU and/or MGA Entertainment, Inc., on the one hand, and Stephen Lee, on the other hand.

**Excerpt of Relevant Testimony:**

[redacted]

---

[69] Id. at 402:2-403:18.

1

2 [70]

3

4          In fact, it appears that Mr. Lee's only investigation for the vast majority

of the topics on which he was designated was talking to counsel and reviewing some

documents provided by counsel.[71]  Mattel is entitled to a designee that is fully

prepared to testify on the topics on which he is designated.

###          3.          MGA Hong Kong's Failure To Produce Documents Impeded Mattel's Ability To Examine Mr. Lee On Key Topics

          Mr. Lee could not testify fully on a number of other key topics because

of MGA Hong Kong's failure to produce legible documents or all of its documents

prior to Mr. Lee's deposition.  As detailed above, during the course of Mr. Lee's

October deposition, MGA Hong Kong produced un-Bates numbered pages

responsive to document requests to which MGA was compelled to produce

documents months earlier and that related to topics on which Mr. Lee was

designated.[72]  These included charts for MGA Hong Kong and employment

agreements between MGA Hong Kong and its former director.[73]  Of even greater

concern, on the afternoon of the second day of Mr. Lee's deposition, MGA

produced 3,300 pages of documents to Mattel.[74]  These documents -- prior sworn

statements, many of which were from actions in Hong Kong -- were clearly

responsive to document requests to which MGA was compelled to produce

-----

[70]     Id. at 519:8-521:10.
[71]     See, e.g., Lee Tr. Vol. at 196:8-23.
[72]     See Hauler Dec., ¶ 16; see also May 15 Order, Hauler Dec., Exh. 13; Notice at Topic Nos. 40 & 61, Hauler Dec., Exh. 1.
[73]     See Exhs. 929, 930 and 931, marked at Mr. Lee's deposition, Hauler Dec., Exh. 26; see also Notice at Topic Nos. 40 & 61; May 15 Order at 9:6-14, 10:15-11:14, Hauler Dec., Exh. 13.
[74]     See Nguyen letter to Zeller, dated October 5, 2007, Hauler Dec., Exh. 15

1   documents months earlier,[75] to which MGA had previously represented that it had

2   provided all responsive documents[76] and which related to a topic on which Mr. Lee

3   was designated.[77]

4          Mattel was further hindered in its examination of Mr. Lee by MGA

5   Hong Kong's production of illegible documents.  As detailed above, MGA Hong

6   Kong's production of key electronic images in illegible form foreclosed Mr. Lee

7   from testifying fully on a number of topics, including those topics regarding the

8   early development of Bratz.  For example, Mr. Lee was unable to testify about an

9   October 2000 three-dimensional Bratz because the image quality was so poor that

10  Mr. Lee could not tell if the object had a head, much less resembled the Bratz dolls

11  released to market in June of 2001.[78]  MGA subsequently produced a legible version

12  of this image as well as others after Mr. Lee's deposition, and Mattel should have the

13  opportunity to examine Mr. Lee on these legible documents.

14          **4.     Asking Mattel To Foreclose Testimony On Certain Topics Is**

15          **Unworkable**

16          During the meet and confer process, MGA Hong Kong requested that

17  Mattel identify topics on which Mattel has fully examined Mr. Lee; however, Mattel

18  cannot eliminate any topics from examination because (1) Mattel's ability to

19  examine Mr. Lee on every topic was necessarily limited by the artificial two-day

20  time constraint under which Mattel was operating at his deposition, and (2) Mr. Lee

21  may provide additional testimony at his continued deposition that necessitates

22  asking reasonable follow-up questions that may fall into topics that Mattel

23  previously believed "closed."  Mattel does not intend to re-ask Mr. Lee questions he

24

25          [75]  See May 15 Order, Hauler Dec., Exh. 13.
26          [76]  See Nguyen letter to Zeller dated May 17, 2007, Hauler Dec., Exh. 16.
27          [77]  See Notice at Topic No. 37.
            [78]  See Lee Tr. Vol. 1 at 206:15-210:3, Hauler Dec., Exh. 18.
28

1   has already answered.  But there is no authority under the <u>Rules</u>, and MGA Hong

2   Kong has cited none, that permits MGA to deem a topic "closed" so as to allow it

3   the unilateral authority to restrict Mattel's discovery.

4          In addition, defining the parameters of a "closed" topic with sufficient

5   clarity would be impossible.  For example, MGA has designated Mr. Lee to testify

6   on Topic No. 1 in Mattel's Notice: the origin, conception, creation, design,

7   sculpting, development, engineering, rotocasting, modeling and prototyping of Bratz

8   and Bratz designs created prior to June 30, 2001.  Even though Mattel has asked Mr.

9   Lee some questions falling within this topic, it will certainly have more questions to

10  ask, particularly because MGA Hong Kong failed to produce legible versions of key

11  documents relating to this topic.  Moreover, as the origins of Bratz and Bratz

12  designs speak to the very heart of the case, it is impossible to determine whether and

13  when the topic is "closed."

14          **5.   <u>Mattel Will Be Severely Prejudiced If Mattel Does Not</u>**

15              **<u>Obtain Additional Testimony On The Noticed Topics</u>**

16          Mattel cannot obtain testimony on the topics in question from any other

17  source.  MGA and MGA Hong Kong purport not to know the present location of the

18  three MGA Hong Kong employees who have the most intimate knowledge of MGA

19  Hong Kong's early work on Bratz, thus Mattel cannot individually notice these

20  individuals.[79]  In addition, deponents from MGA have testified that MGA Hong

21  Kong has unique knowledge of certain work performed on Bratz and that MGA

22  Hong Kong was the recipient of key tangible items from the early development of

23

24

25

26   [79]  MGA's Third Supplemental Response to Interrogatory No. 1 of Mattel's First

27  Set of Interrogatories re Unfair Competition, dated June 22, 2007, at 13, 19-20,
    Hauler Dec., Exh. 27.

28

1   Bratz.[80]  Thus, MGA Hong Kong is the only available source for testimony on the

2   topics.

3       **D.      The Court Should Overrule MGA Hong Kong's Counsel's**

4               **Improper Instructions Not To Answer And Speaking Objections**

5           MGA Hong Kong's counsel improperly instructed Mr. Lee not to

6   answer questions that did not invade the attorney-client privilege, where Mr. Lee's

7   answers would have revealed if Mr. Larian made false representations to a key

8   retailer of both MGA and Mattel.  Counsel for MGA Hong Kong improperly

9   instructed as follows:



15          Even after Mr. Lee testified that he could not recall if an attorney was

16  involved in any way, counsel continued to instruct Mr. Lee not to answer questions

17  about the facts communicated in a conversation between Mr. Lee and Mr. Larian:

80   See Sect. I.A.

81   Lee Tr. Vol. 2 at 428:21-429:2, Hauler Dec., Exh. 17.



MATTEL, INC.'S MOTION TO COMPEL



07209/2371209.1

MATTEL, INC.'S MOTION TO COMPEL

1   ██████████████████████████[82]

2        The attorney-client privilege protects from discovery only those

3   "confidential communications" between a client and his attorney.  <u>Clarke v.</u>

4   <u>American Commerce Nat'l. Bank</u>, 974 F.2d 127, 129 (9th Cir. 1992); <u>U.S. v.</u>

5   <u>Friedman</u>, 445 F.2d 1076, 1085 (9th Cir. 1971); <u>see also</u> <u>Cal. Evid. Code</u> § 952

6   ("confidential communication" is "information transmitted between a client and his

7   or her lawyer in the course of that relationship and in confidence by a means which,

8   so far as the client is aware, discloses the information to no third persons other than

9   those who are present to further the interest of the client").  The party asserting the

10  privilege has the burden of establishing that the privilege exists.  <u>U.S. v. Munoz</u>, 233

11  F.3d 1117, 1128 (9th Cir. 2000).

12       In the present instance, Mr. Lee could not recall a lawyer even being

13  present during his discussions with Mr. Larian, much less provide any testimony

14  that could establish privilege.  In addition, no such communications have been

15  disclosed on either MGA's or MGA Hong Kong's privilege log.[83]  MGA Hong

16  Kong represented that it would supplement one or both of the parties' privilege logs

17  during the course of the parties' meet and confers on this motion.  Nonetheless,

18  MGA Hong Kong has not done so.

19       In any event, MGA Hong Kong cannot shield the facts known by Mr.

20  Lee.  This situation is analogous to previous instructions the Discovery Master has

21  overruled in that "[t]he questions do not require the witness to divulge the substance

22  of any privileged communications.  Instead, the questions call for factual

23  information to which Mattel is entitled."[84]  Mattel is entitled to explore Mr. Lee's

24  _____

25     [82]  <u>See</u> Lee Tr. Vol. 2 at 429:16-432:24, Hauler Dec., Exh. 17.

26     [83]  <u>See</u> Hauler Dec., ¶ 28.

27     [84]  January 8 Order at 27:25-27, Hauler Dec., Exh. 6; <u>see also</u> August 14 Order
For Additional Time at 18:12-14:4, Hauler Dec., Exh. 5.

28

knowledge as to whether Mr. Larian was aware or had been told by Mr. Lee as of December 21, 2006 that the Hua Tai 4K Factory produced Bratz products for MGA and that the factory did **not** produce any Mattel products.

The instructions not only hindered Mattel's examination, but should be overruled.

## II.   <u>MGA HONG KONG SHOULD BE SANCTIONED</u>

There are at least three separate bases justifying sanctions on MGA Hong Kong here.  First, <u>Rule</u> 37(a)(4) of the <u>Federal Rules of Civil Procedure</u> states that a party forced to bring a motion to compel is entitled to the "reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust." <u>Fed. R. Civ. P.</u> 37(a)(4).  The burden of establishing substantial justification is on the party being sanctioned.  <u>Hyde & Drath v. Baker</u>, 24 F.3d 1162, 1171 (9th Cir. 1994).  Second, pursuant to <u>Rule</u> 30(d)(3) if the court finds that impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including reasonable costs and attorney's fees incurred by any party as a result.  Humphreys v. Regents of University of California, 2006 WL 1140907, at *2 (N.D. Cal. 2006).  Finally, 28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions under this section are appropriate "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court."  <u>RTC v. Dabney</u>, 73 F.3d 262, 265 (10th Cir. 1995), citing <u>Braley v. Campbell</u>, 832 F.2d 1504, 1512 (10th Cir. 1987).

1    MGA Hong Kong's refusal to allow sufficient time for full and
2    complete testimony is unreasonable on its face, because of the large number of
3    topics on which Mr. Lee is designated and because a translator was required.  The
4    fact that Mr. Lee was also unprepared to testify on a number of topics compounds
5    the unreasonableness of MGA Hong Kong's position.  Furthermore, MGA Hong
6    Kong's counsel obstructed the deposition with his unjustified instructions not to
7    answer.  Finally, MGA Hong Kong's position is unreasonable in light of the fact
8    that it produced 3,300 pages of documents responsive to topics on which Mr. Lee
9    was designated and which MGA was obligated by Court Order to have produced
10   well before Mr. Lee's deposition.  Sanctions are also appropriate here because MGA
11   Hong Kong's behavior with respect to Mr. Lee's deposition is consistent with a
12   larger pattern of obstructionism and delay in which the MGA Defendants and their
13   counsel have engaged.  Mattel respectfully requests that the Discovery Master order
14   MGA to reimburse Mattel for a portion of the fees it incurred in having to bring this
15   motion, in the amount of $4,010.00.[85]

## **Conclusion**

17   For the foregoing reasons, Mattel respectfully requests that the Court
18   grant its motion to compel three days of additional testimony, overrule instructions
19   not to answer and impose sanctions.

21   DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER &
22                                     HEDGES, LLP

23                                     By /s/Timothy L. Alger
24                                        Timothy L. Alger
                                          Attorneys for Mattel, Inc.

27   [85]  Hauler Dec. ¶ 49.