# EXHIBIT 7

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

June 26, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Diana M. Torres
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, CA 90071

Re:     **Mattel adv. MGA/Bryant**

Dear Diana:

I am writing to request a meet and confer pursuant to the Discovery Master Stipulation.

Mattel served deposition notices for MGA Hong Kong, Kerri Brode, Cecilia Kwok, Dave Malacrida, Sarah Chui, Ron Brawer and Gustavo Machado and a Third Notice of Deposition of MGA. Although your office responded as a blanket matter that the witnesses were not available on noticed dates, we have yet to receive any proposed dates for these witnesses. Nor has MGA or MGA Hong Kong identified its designees in response to these <u>Rule</u> 30(b)(6) notices.

Please provide us with proposed dates and, for the corporate deponents, the identification of the designees. Otherwise, please let us know when MGA and MGA Hong Kong are prepared to meet and confer. In the event that MGA and MGA Hong Kong do not provide dates and, where applicable, designees, Mattel contemplates bringing a motion to compel and for sanctions.

I look forward to hearing from you.

Very truly yours,

Michael T. Zeller

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT 7 PAGE 110          MATCOR022523

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   June 26, 2007        **NUMBER OF PAGES, INCLUDING COVER:**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Diana M. Torres<br>O'Melveny & Myers, LLP | (213) 430-6000 | (213) 430-6407 |

**FROM:**   Michael T. Zeller

**RE:**   Mattel, Inc. adv. MGA Entertainment

**MESSAGE:**



| 07209/1898419.1 | | ROUTE/<br>RETURN TO: | Mia Albert/3d Floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| CLIENT # | 07209 | | | |
| OPERATOR: | | | CONFIRMED?  ☐ No  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT __1__ PAGE _111_        MATCOR022521

Confirmation Report — Memory Send

```
                                    Page      : 001
                                    Date & Time: 06-26-2007   05:35pm
                                    Line 1    : 2134433100
                                    Line 2    :
                                    Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 702 |
| Date | : | 06-26  05:33pm |
| To | : | ☎076642#07209#12134306000 |
| Number of pages | : | 002 |
| Start time | : | 06-26  05:33pm |
| End time | : | 06-26  05:35pm |
| Pages sent | : | 002 |
| Status | : | OK |
| Job number | : 702 | *** SEND SUCCESSFUL *** |

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SAN DIEGO
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 813-3110
Facsimile: (858) 813-3110

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

LOS ANGELES OFFICE
FACSIMILE TRANSMISSION

DATE:  June 26, 2007

NUMBER OF PAGES, INCLUDING COVER:

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Diana M. Torres<br>O'Melveny & Myers, LLP | (213) 430-6000 | (213) 430-6407 |

FROM:  Michael T. Zeller

RE:  Mattel, Inc. adv. MGA Entertainment

MESSAGE:

| 07209/1206410.1 | | | |
|---|---|---|---|
| CLIENT #. | 07209 | ROUTE/<br>RETURN TO: Mia Albert/22 Floor | ☑ CONFIRM FAX<br>☑ INCLUDE CONF. REPORT |
| OPERATOR: | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 7 PAGE 112          MATCOR022522

# EXHIBIT 8

**quinn emanuel trial lawyers | los angeles**

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3180

WRITER'S INTERNET ADDRESS
michaelzeller@quinnemanuel.com

July 6, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Jim Jenal, Esq.                              William J. Charron
O'Melveny & Myers LLP                        O'Melveny & Myers LLP
400 South Hope Street                        1999 Avenue of the Stars
Los Angeles, CA 90071                        7th Floor
                                             Los Angeles, CA 90067

Re:   <u>Mattel v. Bryant</u>

Dear Counsel:

I write to summarize aspects of the meet and confer we had yesterday afternoon regarding MGA's improper objections and failures to provide designees in response to Mattel's Third Notice of Deposition of MGA Pursuant to <u>Rule</u> 30(b)(6) ("Third Notice"), MGA Entertainment (HK) Limited's ("MGA Hong Kong") failure to provide designees in response to Mattel's Notice of Deposition of MGA Entertainment (HK) Limited Pursuant to <u>Rule</u> 30(b)(6) ("MGA HK Notice"), and scheduling the depositions of designees and individually noticed witnesses. (I will address by separate letter the parties' meet and confer regarding MGA's failure to answer requests for admission.)

**The Third Notice**

MGA stated that it will not provide any designee to testify with respect to Topic Nos. 1-3, 6-8, 9, 11, 12 and 13 of the Third Notice. Mr. Jenal stated that MGA's position with respect to Topic Nos. 1-3 is that Mattel was somehow obligated to examine Ken Lockhart, MGA's designee on

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT 3 PAGE 113

other topics (but not on Topic Nos. 1-3 of the Third Notice) in an earlier deposition notice, regarding these three topics. As I stated yesterday, this position is improper, and Mattel will move on these three topics. Mr. Jenal also stated that MGA's position with respect to Topic Nos. 6-8 is that Mattel can obtain this information only from a personal deposition of Isaac Larian, even though the topics ask for information about payments made by MGA. That contention is similarly improper and has been previously rejected in substance by both Judge Larson and Judge Infante. Mattel will move on these topics as well.

Mr. Jenal further stated that MGA is standing on its objections to Topic Nos. 9, 11, 12 and 13. Regarding Topic No. 9, defendants first used the term "test project" -- and continue to use it -- and defendants have asserted that employment practices from 1995 forward are relevant in this action. Nonetheless, MGA contends that Mattel's use of the term "test project" is vague and ambiguous in Topic No. 9 and that the timeframe is too broad, regardless of the meaning of the term. These objections are without merit. MGA's objection that Topic Nos. 11-13 are irrelevant is similarly without merit. The Discovery Master has already rejected MGA's argument that the arbitration between Isaac Larian and Farhad Larian is irrelevant. Morad Zarabi was the arbitrator in that action, and payments of money to both Farhad Larian and Isaac Larian are relevant to bias and impeachment. Mattel will move on these topics as well.

Mr. Jenal designated Skylar Bacon as MGA's designee on Topic Nos. 4, 5, 10 and 14 and Charlene Brooks as MGA's designee on Topic Nos. 15 and 16. Mr. Jenal stated that he would provide Mattel with proposed dates for these witnesses next week.

**Deposition of MGA Hong Kong**

Mr. Charron represented that he is coordinating with MGA Hong Kong regarding designees and dates in response to Mattel's notice of deposition of MGA Hong Kong. Mr. Charron further stated that he did not anticipate that MGA Hong Kong would refuse to designate and produce a witness in response to any of the topics in the Notice and that he would have more information regarding designees next week. He and I agreed that we would talk further today or next week regarding the logistics of the depositions, including any translation needs and the most convenient location(s) for these depositions.

**Individually Noticed Depositions**

Mr. Jenal and Mr. Charron represented that neither MGA nor MGA Hong Kong were objecting to and would not be moving for a protective order to bar the individual depositions of Carlos Gustavo Machado Gomez, Ron Brawer, Dave Malacrida, Kerri Brode or Sarah Chui. Mr. Jenal and Mr. Charron further represented that they were actively working to obtain dates of availability for Mr. Brawer, Mr. Malacrida, Ms. Brode and Ms. Chui and that they will have proposed dates for their depositions next week. As for Mr. Machado, Mr. Jenal indicated that Mr. Machado's counsel would be responsible for coordinating on a date for his deposition.

EXHIBIT 8 PAGE 114

I look forward to hearing from you both regarding the depositions above.

Very truly yours,

*Michael T. Z——*

Michael T. Zeller

cc:   Michael Page, Esq.
      Christopher Nguyen, Esq.

3

EXHIBIT  8  PAGE  115

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**     July 6, 2007                    **NUMBER OF PAGES, INCLUDING COVER: 4**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| James Jenal, Esq.<br>O'Melveny & Myers | (213) 430-6584 | (213) 430-6407 |
| Michael Page, Esq.<br>Keker & Van Nest | (415) 391-5400 | (415) 397-7188 |
| William Charron, Esq.<br>O'Melveny & Myers | (310) 246-8462 | (310) 246-6779 |

**FROM:**     Michael Zeller, Esq.

**RE:**     *Bryant v. Mattel*

**MESSAGE:**



07209/2162707.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Mia Albert/3rd Floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT B PAGE 116

Job number    : 911              *** SEND SUCCESSFUL ***

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK                         LOS ANGELES                        SAN FRANCISCO
51 Madison Avenue, 22nd Floor    865 South Figueroa Street, 10th Floor   50 California Street, 22nd Floor
New York, NY 10010               Los Angeles, CA 90017              San Francisco, CA 94111
(212) 849-7000                   (213) 443-3000                     (415) 875-6600
Facsimile: (212) 849-7100        Facsimile: (213) 443-3100          Facsimile: (415) 875-6700

                                                                    SILICON VALLEY
                                                                    555 Twin Dolphin Drive, Suite 560
                                                                    Redwood Shores, CA 94065
                                                                    (650) 801-5000
                                                                    Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:    July 6, 2007                        NUMBER OF PAGES, INCLUDING COVER: 4

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| James Jenal, Esq.<br>O'Melveny & Myers | (213) 430-6584 | (213) 430-6407 |
| Michael Page, Esq.<br>Keker & Van Nest | (415) 391-5400 | (415) 397-7188 |
| William Charron, Esq.<br>O'Melveny & Myers | (310) 246-8462 | (310) 246-6779 |

FROM:      Michael Zeller, Esq.

RE:        *Bryant v. Mattel*

MESSAGE:

| 07202/2103727.1 | | | | ☒ CONFIRM FAX |
|---|---|---|---|---|
| | | ROUTE/<br>RETURN TO: | Ms. Alber/3rd Floor | ☒ INCLUDE CONF. REPORT |
| CLIENT #  7202 | | | | |
| OPERATOR: _Wha_ | | CONFIRMED? | ☐ NO   ☐ YES | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 8 PAGE 117

# Group Send Report

Page       : 001
Date & Time: 07-06-2007   06:05pm
Line 1     : 2134433100
Line 2     :
Machine ID : QUINN EMANUEL

Job number        :  911

Date              :  07-06  06:01pm

Number of pages   :  004

Start time        :  07-06  06:01pm

End time          :  07-06  06:05pm

Successful nbrs.

    Fax numbers

       ☎9414#007209#12134306487
       ☎9414#007209#14153977188
       ☎9414#007209#13102466779#

Unsuccessful nbrs.                                          Pages sent

EXHIBIT 8 PAGE 118

# EXHIBIT 9

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

July 19, 2007

VIA FACSIMILE AND U.S. MAIL

James P. Jenal, Esq.                      William J. Charron
O'Melveny & Myers LLP                     O'Melveny & Myers LLP
400 South Hope Street                     1999 Avenue of the Stars
Los Angeles, CA 90071                     7th Floor
                                          Los Angeles, CA 90067

Re:    Mattel, Inc. v. MGA Entertainment, Inc.

Dear Counsel:

I am writing in connection with the scheduling of certain depositions, including further to my
letter of July 6, 2007 and in response to Jim Jenal's letter of July 13, 2007 and our subsequent
emails.

First, Mattel confirms that it will take the depositions of Dave Malacrida on August 14, 2007,
Kerri Brode on August 15, 2007 and Skylar Bacon on August 22, 2007.

Second, we have not received from MGA any proposed dates for Char Brooks, MGA's designee
on Topics 15 and 16 of Mattel's Third Notice. Nor have we received proposed dates for Ron
Brawer's deposition. Indeed, with respect to Mr. Brawer, even though we have been requesting
dates for his deposition for some time and even though MGA promised at the July 5 meet and
confer to provide proposed dates for Mr. Brawer by July 13, Jim's letter of July 13 does not
address Mr. Brawer's deposition at all. Please provide proposed dates for Ms. Brooks and Mr.
Brawer promptly or we will file a motion to compel.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT 9 PAGE 119

Finally, we also had discussed at the July 5 meet and confer MGA Hong Kong's failure to
designate or produce witnesses in response to Mattel's Rule 30(b)(6) Notice to MGA Hong Kong
and its failure to provide dates for the deposition of Sarah Chui.  When we met and conferred,
MGA's counsel promised proposed dates for Ms. Chui by July 13, but we have heard nothing
further on that score.  In addition, MGA's counsel stated at the July 5 meet and confer that I
would receive more information regarding MGA Hong Kong's designees by July 13, including
any translation needs.  However, I have not heard from MGA's counsel on those matters since
the July 5 meet and confer either.  Please let me know promptly when I can expect the promised
response.

I look forward to hearing from you.


Very truly yours,

Michael T. Zeller

07209/2172541.1

EXHIBIT 9 PAGE 120

# EXHIBIT 10

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

July 25, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

James P. Jenal, Esq.                          William J. Charron
O'Melveny & Myers LLP                         O'Melveny & Myers LLP
400 South Hope Street                         1999 Avenue of the Stars
Los Angeles, CA 90071                         7th Floor
                                              Los Angeles, CA 90067

Re:     <u>Mattel, Inc. v. MGA Entertainment, Inc.</u>

Dear Counsel:

I am writing further to the parties' July 5 meet and confer, my letter of July 6, 2007 and my letter of July 19, 2007.

My letter of July 19, 2007 addressed, among other things, four areas in which MGA had failed to make good on its promises at the July 5, 2007 meet and confer. Since that time, we have heard from you only about one of those topics, namely, the scheduling of Ron Brawer's deposition.

Thus, to date, we have not received from MGA any proposed dates for Char Brooks, MGA's designee on Topics 15 and 16 of Mattel's Third Notice, even though we were promised at the meet and confer such proposed dates by July 13, 2007 and despite my follow-up letters. Also, to date, MGA Hong Kong has failed to designate or produce witnesses in response to Mattel's <u>Rule</u> 30(b)(6) Notice to it, again despite MGA Hong Kong's promises at the July 5 meet and confer and despite my follow-up letters. Finally, we still have not received proposed deposition dates for Sarah Chui, even though they too were promised at the July 5 meet and confer.

Given MGA and MGA Hong Kong's non-responsiveness, delays and failures to abide by their promises at the meet and confer (and their failures to provide the requested discovery even

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT 10 PAGE 121

before then), I can only assume at this point that Mattel will need to file a motion to obtain
compliance.  If I am incorrect, then please let me know promptly.

Very truly yours,

Michael T. Zeller

07209/2176468.1

07209/2176468.1                                                   2

EXHIBIT 10 PAGE 122

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP.

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   July 25, 2007                    **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| **Jim Jenal, Esq.**<br>O'Melveny & Myers LLP | 213.430.6584 | 213.430.6407 |
| **William J. Charron, Esq.**<br>O'Melveny & Myers LLP | 310.553.6700 | 310.246.6779 |

**FROM:**   Michael T. Zeller

**RE:**   *Mattel, Inc. v. MGA Entertainment, Inc.*

**MESSAGE:**



FAXED
JUL 25 2007

---

07209/2176497.1

CLIENT # **7209**    ROUTE/<br>RETURN TO:   Tiffany Garcia/5th Floor    ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT

OPERATOR:    CONFIRMED?   ☐ NO  ☐ YES: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

10   123

07/25/2007 16:40 FAX 121344333?°    QEUOH-LAO-2                                    ☑001

```
                         ********************************
                         ***   MULTI TX/RX REPORT   ***
                         ********************************

TX/RX NO              2938
PGS.                  3
TX/RX INCOMPLETE      ------

TRANSACTION OK
                      (1)   9414#007209#12134306407
                      (2)   9414#007209#13102466779

ERROR INFORMATION           ------
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   July 25, 2007                          **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *Jim Jenal, Esq.*<br>    O'Melveny & Myers LLP | 213.430.6584 | 213.430.6407 |
| *William J. Charron, Esq.*<br>    O'Melveny & Myers LLP | 310.553.6700 | 310.246.6779 |

**FROM:**   Michael T. Zeller

**RE:**   *Mattel, Inc. v. MGA Entertainment, Inc.*

**MESSAGE:**

EXHIBIT 10  PAGE 124

# EXHIBIT 11

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3180

WRITER'S INTERNET ADDRESS
michaelzeller@quinnemanuel.com

September 7, 2007

**VIA FACSIMILE AND U.S. MAIL**

William J. Charron, Esq.
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:     Mattel, Inc. v. Bryant

Dear Bill:

As you know, it took weeks before defendants would provide concrete deposition dates in response to our Notices -- served some three months ago -- for MGA Entertainment (HK) Limited Pursuant to Rule 30(b)(6) and Sarah Chui.

As reflected in my prior emails and correspondence, you recently stated to me that (1) Ms. Chui will appear for deposition at our offices in Los Angeles on September 28, 2007; (2) MGA Hong Kong's designee for all Topics in Rule 30(b)(6) is Edmond Lee; and (3) MGA Hong Kong's designee will appear for deposition at our offices in Los Angeles starting on October 4, 2007.

I have since set you emails attempting to obtain your written confirmation for a number of days now. (Hard copies of examples of these emails are attached.) I have nevertheless received no response or written confirmation from you. If MGA does not provide written confirmation regarding these depositions by the close of business today, Mattel will proceed with its motion.

I look forward to hearing from you.

Very truly yours,

Michael T. Zeller

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT 11 PAGE 125

**Michael T Zeller**

| | |
|---|---|
| **From:** | Michael T Zeller |
| **Sent:** | Friday, September 07, 2007 10:42 AM |
| **To:** | 'WCharron@OMM.com' |
| **Cc:** | Jon Corey; Dylan Proctor; Torres, Diana |
| **Subject:** | RE: MGA Hong Kong 30(b)(6) |

Bill, it is inexplicable that, despite my repeated requests for days now, you have not confirmed in writing the dates and places for the depositions of either Sarah Chui or HGA Hong Kong's designee, Mr. Lee.  If I don't receive it by the end of today we will file a motion.

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  michaelzeller@quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

-----Original Message-----
From: Michael T Zeller
Sent: Wednesday, September 05, 2007 10:07 PM
To: 'WCharron@OMM.com'
Cc: Jon Corey; Dylan Proctor
Subject: Re: MGA Hong Kong 30(b)(6)

Bill, I would appreciate confirmation to avoid a motion.

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT 11  PAGE 126

----- Original Message -----
From: Michael T Zeller
To: Charron, William <WCharron@OMM.com>
Cc: Jon Corey; Dylan Proctor
Sent: Wed Sep 05 12:12:44 2007
Subject: MGA Hong Kong 30(b)(6)

Bill, this will confirm our conversation this morning that HGA Hong Kong will produce its Rule 30(b)(6) designee on October 4, 2007 at our offices in Los Angeles. You informed me that the designee, Mr. Edmond Lee, is designated for all Topics set forth in the Notice. I would appreciate your confirmation of the foregoing by return email. Thanks in advance.

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: michaelzeller@quinnemanuel.com <mailto:michaelzeller@quinnemanuel.com>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT 11 PAGE 125

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| | | |
|---|---|---|
| **NEW YORK**<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>(212) 849-7000<br>Facsimile: (212) 849-7100 | **LOS ANGELES**<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>Facsimile: (213) 443-3100 | **SAN FRANCISCO**<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br>Facsimile: (415) 875-6700 |
| **SAN DIEGO**<br>4445 Eastgate Mall, Suite 200<br>San Diego, CA 92121<br>(858) 812-3107<br>Facsimile: (858) 812-3336 | | **SILICON VALLEY**<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065<br>(650) 801-5000<br>Facsimile: (650) 801-5100 |

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   September 7, 2007          **NUMBER OF PAGES, INCLUDING COVER: 4**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *William J. Charron, Esq.*<br>O'Melveny & Myers LLP | 310.553.6700 | 310.246.6779 |

**FROM:**   Michael T. Zeller

**RE:**   *Mattel, Inc. v. MGA Entertainment, Inc.*

**MESSAGE:**



FAXED
SEP 0 7 2007

07209/2214554.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Tiffany Garcia/5th Floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT 11 PAGE 128

09/07/2007 11:56 FAX  12134433100        QEUOH-LAO-2                          ☒001

```
                    ***********************
                    ***   TX REPORT   ***
                    ***********************

    TRANSMISSION OK

    TX/RX NO               3402
    RECIPIENT ADDRESS      76661#7209#13102466779
    DESTINATION ID
    ST. TIME               09/07 11:55
    TIME USE               01'19
    PAGES SENT                4
    RESULT                 OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**   September 7, 2007                **NUMBER OF PAGES, INCLUDING COVER: 4**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *William J. Charron, Esq.* O'Melveny & Myers LLP | 310.553.6700 | 310.246.6779 |

**FROM:**   Michael T. Zeller

**RE:**   *Mattel, Inc. v. MGA Entertainment, Inc.*

**MESSAGE:**

EXHIBIT 11 PAGE 189

# EXHIBIT 12



**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

August 29, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

William Charron, Esq.
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

Re:     <u>Mattel, Inc. v. Bryant</u>

Dear Bill:

I write to confirm the agreements reached at our meeting of counsel earlier today. Those that you reached with Mr. Kidman will be confirmed in a separate letter.

First, you agreed to deliver to me today a privilege log of the document preservation documents that Mr. Lockhart relied upon to refresh his recollection and you agreed to do so today. We agreed that, until we receive either a minute order or a transcript from the August 27, 2007 hearing, we will not know definitively whether Judge Larson ordered the production of such documents. I do not recall him doing so, but recall that Ms. Glaser took the position on MGA's behalf that such documents were not privileged. Even though MGA's position through the date of the hearing has been that such documents are privileged, Ms. Glaser told the Court, in response to questioning, that she did not know whether that had been MGA's prior position. You were unable to clarify MGA's position on this score.

Second, you agreed to produce the following categories of documents by September 7, 2007: (a) the financial documents that Ms. Tonnu would rely upon to provide testimony with respect to topic nos. 25 and 26, and (b) the Mattel documents that Ms. Tonnu testified were located in the offices of MGA de Mexico and that are in the possession of your law firm.

Third, you agreed to review the deposition testimony of Ms. Tonnu to determine whether, with respect to the testimony that she provided, or rather as to which various privilege objections were

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT 12 PAGE 130

William Charron, Esq.
August 29, 2007

asserted, regarding the ink and paper testing topic, MGA would be instructing Ms. Tonnu not to answer questions on the same grounds. You said that you had not had a chance to review Ms. Tonnu's transcript. You told me on August 17, 2007, however, that you would do so. If MGA will not permit that questioning, however, then we have a dispute about the scope of the privilege which Judge Infante should resolve. Please let me know MGA's position by Friday, August 30, 2007.

Fourth, with respect to the de-designation of documents that MGA has improperly identified as subject to the third-tier of protection under the Order modifying the Protective Order, you had previously represented that MGA would identify the documents and provide properly designated and correct load documents by August 27, 2007. Now, MGA has asked to have until September 21, 2007 to do so. Given your prior representation, an extension of almost 4 additional weeks is not a reasonable request. I informed you that MGA is not in compliance with the provision of the Order that required MGA to de-designate documents promptly. You stated that the proposed order contained no deadline to de-designate. It in fact contains a 14-day deadline. The Order required MGA to de-designate documents that do not qualify for third-tier protection within 14 days (either shipped or disclosed to a third-party without a confidentiality agreement). *See* May 15, 2007 Modification to the Protective Order, something Mattel pointed out to MGA in prior correspondence and at least one prior meeting of counsel. Mattel expects MGA to promptly bring itself into compliance with the Order. You said that you would determine whether MGA could provide the de-designation information and corrected documents to Mattel on a rolling basis. I look forward to receiving that information and the corrected documents, but please be aware that it is our position that MGA is defying the Order.

Fifth, with respect to the scheduling of MGA Hong Kong depositions, you represented that the witnesses would appear in Los Angeles for their depositions. You further represented that, by Friday, August 31, 2007, you would provide dates for the depositions of MGA Hong Kong's Rule 30(b)(6) witness(es) and Sarah Chui. You further informed me that you would know by then whether MGA would be in a position to facilitate the deposition of Mr. Stephen Lee. As Mike Zeller informed you, he is generally available during the week of September 17 (and prior times) for these depositions. As we also reminded you, Mattel has been asking for dates for these depositions for many weeks now. Should we not get these issues resolved by Friday, as we also informed you, Mattel will have no alternative but to proceed with a motion.

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon D. Corey

EXHIBIT 12 PAGE 131

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   August 29, 2007

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| William J. Charron, Esq.<br>O'Melveny & Myers LLP | (310) 246-8462 | (310) 246-6779 |

**FROM:**   Jon D. Corey

**RE:**   Mattel v. Bryant

**MESSAGE:**



FAXED
AUG 2 9 2007

| 07209/2207097.1 | | | | |
|---|---|---|---|---|
| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Johanna Lopez-10 | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
| OPERATOR: | | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT 12 PAGE 132

```
        *********************
        ***  TX REPORT  ***
        *********************

    TRANSMISSION OK

    TX/RX NO.            1995
    RECIPIENT ADDRESS    76691#07209#13102468779
    DESTINATION ID
    ST. TIME             08/29 16:28
    TIME USE             00'54
    PAGES SENT           3
    RESULT               OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**  August 29, 2007          **NUMBER OF PAGES, INCLUDING COVER:** 3

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| William J. Charron, Esq.<br>O'Melveny & Myers LLP | (310) 246-8462 | (310) 246-6779 |

**FROM:**  Jon D. Corey

**RE:**  Mattel v. Bryant

**MESSAGE:**

EXHIBIT 12 PAGE 133

# EXHIBIT 13

CONFORMED COPY
LODGED                                   FILED

2007 MAY 16  PH 1:59   2007 MAY 16  PM 2:00

CLERK U.S. DISTRICT COURT   CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.   CENTRAL DIST. OF CALIF.
RIVERSIDE                 RIVERSIDE
BY _____    BY _____

1  | Hon. Edward A. Infante (Ret.)
   | JAMS
2  | Two Embarcadero Center
   | Suite 1500
3  | San Francisco, California  94111
   | Telephone:   (415) 774-2611
4  | Facsimile:    (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                         EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                            JAMS Reference No. 1100049530
12              Plaintiff,

13         v.                               Consolidated with
                                            Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,   Case No. CV 05-2727

15              Defendant.                  **ORDER GRANTING MATTEL'S
                                            MOTION TO COMPEL PRODUCTION
16                                          OF DOCUMENTS AND
                                            INTERROGATORY RESPONSES BY
17  CONSOLIDATED WITH                       MGA**
    MATTEL, INC. v. BRYANT and
18  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
19

20

21                       I.  INTRODUCTION

22         On February 2, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production

23  of Documents and Interrogatory Answers by MGA Entertainment, Inc. ("MGA").  On February

24  20, 2007, MGA submitted its opposition brief, and on February 26, 2007, Mattel submitted a

25  reply brief.  The matter was heard on March 5, 2007.  Thereafter the motion was taken under

26  submission pending the parties' submission of a proposed protective order, which was received

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                               1

EXHIBIT 13  PAGE 134

1  on April 23, 2007. Having considered the motion papers and comments of counsel at the hearing,

2  Mattel's motion to compel is granted.

3  ## II. BACKGROUND

4  A. Requests for Documents

5  In June of 2004, two months after Mattel filed suit against Bryant, and before MGA

6  became a party to the action, Mattel served MGA with an eight-page subpoena for twenty-one

7  categories of documents, to be produced in ten days. MGA filed a motion to quash, which the

8  court granted because of the short amount of time provided for compliance with the subpoena.

9  The parties met and conferred in July of 2004, and reached an agreement to limit the scope of

10  some of Mattel's requests. In particular, the parties agreed to limit production to the "first

11  generation" Bratz dolls. On August 12, 2004, MGA produced documents.

12  In 2005, the parties stipulated to supplementing their document productions on May 16,

13  2005. Mattel agreed to continue limiting its discovery requests to "first generation" Bratz dolls.

14  In September of 2006, MGA made a supplemental production of documents. On February

15  5, 2007, MGA produced about 2,300 pages of documents to replace earlier produced documents

16  with legibility problems. On February 20, 2007, MGA produced an additional 224 pages of

17  documents to replace earlier produced documents with legibility problems.

18  Mattel now moves to compel MGA to produce documents responsive to its requests. As a

19  preliminary matter, Mattel contends that MGA's production is deficient because it contains

20  redactions and cut-off text. Further, Mattel contends that MGA's production is incomplete with

21  respect to essentially five categories of documents. First, Mattel contends that MGA is

22  withholding documents relating to the origins of Bratz and Bryant's work for MGA. Mattel

23  believes that MGA's production is incomplete based upon its review of documents that have been

24  produced by third party Steven Linker. According to Mattel, Linker's documents from October

25  of 2000 show that Bratz was much farther along before Bryant left Mattel than MGA or Bryant

26  previously represented. Mattel also contends that MGA's responses to the document requests

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT 13 PAGE 135

1   contain inappropriate limitations, such as MGA's statement that it will produce "relevant and

2   responsive non-objectionable documents" or only that it will produce documents "sufficient" to

3   show when certain dates relating to Bratz occurred.  Mattel contends that these "carve outs

4   purport to allow MGA to cherry-pick what it will and will not produce to Mattel."  Mattel's

5   Separate Statement at 17:11-13.  Mattel also contends that the carve-outs fail to provide notice of

6   what is or is not being withheld.  Mattel also contends that MGA's objections based upon its

7   confidentiality concerns or the privacy rights of third parties are unwarranted in light of the

8   protective order in place.  In addition, Mattel contends that MGA's objection to producing

9   documents relating to activities or conduct in foreign countries is wholly improper because those

10   documents may contain information relevant to Mattel's claims.

11        Second, Mattel seeks documents relating to the origins of Bratz, regardless of whether

12   such documents relate to the "first generation" Bratz dolls.  Mattel argues that whether the work

13   ultimately resulted in Bratz dolls that were released at a particular time does not matter for

14   discovery purposes.  Mattel contends that the works created by Bryant during his Mattel

15   employment are highly relevant because Mattel owns them, regardless of whether they resulted in

16   a Bratz doll released at a particular time.[1]

17        Mattel next contends that MGA is improperly withholding documents about designs

18   Bryant created on Bratz dolls that were released after June 2001, even though such designs may

19   be derivative of work he did when employed by Mattel.  Mattel contends that it is entitled to

20   explore whether such works and the profits from Bratz dolls other than the "first generation"

21   Bratz dolls were derived from works owned by Mattel both for purposes of establishing liability

22   and damages.  Furthermore, Mattel asserts that the "first generation" limitation on discovery is

23   improper in light of Bryant's continuing duty not to use Mattel's confidential and proprietary

24   information as well as MGA's unfair competition claims.

25   _____

26   [1] Mattel also reiterates many of the arguments it made previously in connection with its earlier filed motion
to compel Bryant to produce documents.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                                                                                    3

EXHIBIT 13  PAGE 136

1    Mattel also asserts that MGA is improperly withholding documents relating to products,
2    services and matters other than those relating to "dolls." According to Mattel, it has evidence that
3    Bryant conceived of marketing and advertising ideas for the Bratz line while he was employed by
4    Mattel. Mattel contends that any such ideas or contributions may belong to it pursuant to the
5    Inventions Agreement.
6        Third, Mattel seeks documents relating to all of MGA's payments to Bryant, and not just
7    payments for the "first generation" Bratz dolls. Mattel asserts that such information is relevant
8    because (1) Mattel seeks all benefits Bryant received as a result of violating his duties to Mattel;
9    (2) under the Copyright Act, Mattel is entitled to all profits from infringement as well as actual
10   damages; and (3) payments may show when and what trade secret information Bryant and other
11   defendants allegedly misappropriated from Mattel.
12       Fourth, Mattel seeks documents relating to MGA's agreements with Bryant. Mattel
13   contends that all agreements between Bryant and MGA are relevant, not just the original
14   September 18, 2000 agreement. In particular, Mattel contends that it is entitled to discover all
15   documents relating to MGA and Bryant's alleged joint defense agreement because such
16   information would be relevant to demonstrate bias and lack of credibility.
17       Fifth, Mattel seeks production of all declarations, affidavits and other sworn written
18   statements from other cases that refer or relate to Bratz or Angel. Mattel contends that such
19   information may reveal relevant information about the date of creation of Bryant's Bratz
20   drawings.
21       In response, MGA denies withholding responsive documents and asserts that it has
22   produced volumes of documents responsive to Mattel's requests. In particular, MGA represents
23   that it has produced all responsive and relevant documents that it was able to locate in response to
24   request nos. 6, 7, 9, 26, 27, 32, 33, 34, 35, 36, 55, 69, and 70. Further, MGA asserts that even
25   before the motion was filed, it had agreed to address the vast majority of the issues raised in this
26   motion. In particular, MGA represents that it is diligently working to produce documents related
27
28

EXHIBIT 13 PAGE 137

1   to Bratz other than "first generation" Bratz in response to request nos. 1, 2, 8, 10, 11, 43, 45, 46,

2   49, 50, 51, 53, 57, 59, 61, 63, 64, 66, 96, 97, 98, 99 and 100.  MGA represents that it informed

3   Mattel that it would produce documents pertaining to subsequent generations of Bratz dolls that

4   have been released on the market.  In addition, MGA represents that it has agreed to produce

5   documents relevant to Bratz or Prayer Angels that it received from Union Bank.  More

6   specifically, MGA represents that it agreed to review and produce documents provided to it by

7   Union Bank for the years 1999 – 2001 concerning payments that it could identify as being for

8   Bratz or Prayer Angels.  MGA also represents that it has agreed to produce royalty statements.

9   Therefore, MGA views the motion as unnecessary.

10      MGA next contends that Mattel's motion should be denied for the following additional

11   reasons.  First, MGA contends that Mattel is not entitled to MGA's product design documents for

12   unreleased products.  MGA asserts that its product design documents for its unreleased toy

13   concepts are among its most highly valuable trade secrets.  Furthermore, MGA contends that

14   designs and drawings for products currently under development, over six years after Bryant first

15   created his original Bratz drawings, have no relevance to any of Mattel's claims.  In the event that

16   documents relating to unreleased products are ordered produced, MGA requests a protective order

17   under Rule 26(c), Fed.R.Civ.P., that limits the dissemination of its documents more drastically

18   than the current protective order provides.  In the alternative, MGA requests that any order

19   compelling production of documents relating to unreleased products should essentially be stayed

20   until after MGA's products are publicly released.

21      Second, MGA contends that Mattel is not entitled to information concerning Bryant's

22   attorneys' fees because the information is privileged.  Furthermore, MGA contends that the

23   information is not relevant to demonstrate bias because "there is no dispute that Bryant's interests

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT 13 PAGE 138

1   in this case are aligned with those of MGA, and that Bryant is 'biased' in that sense." MGA's

2   Opposition at 24:9-12.[2]

3          Third, MGA asserts that Mattel is not entitled to review all non-public witness statements

4   and litigation documents concerning Bratz for a variety of reasons, including because Mattel has

5   refused to produce similar types of documents.  More significantly, MGA contends that Mattel's

6   requests for non-public witness statements are "a blatant attempt to avoid the discovery

7   limitations imposed by both the Federal Rules of Civil Procedure and those additional limitations

8   imposed by this Court." MGA's Opposition at 25:6-7.  MGA explains its position as follows.

9   MGA is involved in litigation against a number of counterfeiters and infringers in Asia.  In 2003,

10  Mattel allegedly began feeding documents concerning "Toon Teens" to those defendants in an

11  attempt to prove that Bryant created Bratz while working at Mattel, even though Mattel

12  abandoned its claims based upon "Toon Teens" in this court.  Thereafter, those defendants took

13  the position that MGA did not own, and therefore could not enforce, the rights to Bratz.  MGA

14  was thus forced to litigate the issue of ownership.  MGA contends that "[i]n effect, by prompting

15  foreign counterfeiters to espouse a theory that Mattel now admits has no merit, Mattel has created

16  a situation in which MGA has been forced to give testimony and provide evidence related to

17  issues in this case that Mattel now seeks to obtain wholesale." MGA's Opposition at 25:5-24.

18         Fourth, MGA contends that Mattel is not entitled to documents concerning a family

19  dispute between MGA's chief executive officer and his brother because such documents are in no

20  way relevant to this lawsuit.  MGA explains that the brothers were involved in an arbitration

21  proceeding relating to MGA's CEO's purchase of his brother's interest in MGA.  Moreover,

22  MGA contends that the brothers were bound by a protective order prohibiting the use of any

23  documents or testimony for any purpose other than the arbitration.

24

25  _____

26      [2]  Nevertheless, MGA represents that it has produced the only non-privileged document responsive to the
    request.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                        6

EXHIBIT 13  PAGE 139

1    Fifth, MGA contends that Mattel is not entitled to its chief executive officer's personnel

2    files because they contain confidential information and are not relevant to the lawsuit.  Sixth,

3    MGA contends that Mattel is not entitled to obtain documents from MGA that belong to, and are

4    in the possession, custody and control of, its indirect foreign subsidiary, MGA HK Ltd.  Lastly,

5    MGA objects to producing documents relating to any testing performed to determine the date that

6    Bratz documents were created.  MGA contends that such discovery is premature and should not

7    proceed until experts are designated.

8       B. Interrogatories

9    On April 28, 2005, Mattel served its Second Set of Interrogatories.  On May 20, 2005,

10   however, the district court stayed the action.  On May 17, 2006, the district court lifted the stay.

11   On May 30, 2006, MGA responded to the interrogatories.

12      Mattel contends that MGA's responses to the interrogatories were untimely.  Further,

13   Mattel contends that the interrogatory responses to numbers five through eleven are deficient

14   because they lack substantive information and consist almost entirely of objections.  MGA

15   responds that the motion is moot because it is prepared to provide supplemental responses to its

16   interrogatories.  MGA does not otherwise assert any additional grounds for opposing Mattel's

17   motion to compel responses to interrogatories.

18                    III. DISCUSSION

19      A. Rule 26 of the Federal Rules of Civil Procedure

20      Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

21   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

22   party." Fed.R.Civ.P. 26(b)(1).  "Relevant information need not be admissible at trial if the

23   discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

24   Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is

25   unreasonably cumulative or duplicative, or is obtainable from some other source that is more

26   convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

27

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                          7

EXHIBIT 13 PAGE 140

1    opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

2    expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

3    the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

4    the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

5    26(b)(2).

6        B. <u>Document Requests</u>

7          1. <u>Requests re Origins of Bratz and Bryant's Work for MGA (Nos. 6, 26, 27, 32, 33,</u>

8          <u>34, 35, 51, 53, 55, 64, 69, 96, 97, 98, 99, 100</u>

9        The requests above seek discoverable information regarding the origins of Bratz and

10    Bryant's work for MGA. MGA represents that it has produced all responsive documents in

11    response to request nos. 6, 26, 27, 32, 33, 34, 35, 55, and 69 (MGA's Opposition at 13:4-5), and is

12    "diligently working to produce documents in response to" request nos. 51, 53, 64, 96, 97, 98, 99,

13    and 100, including documents related to Bratz other than "first generation" (MGA's Opposition at

14    14:1-4 and note 39). MGA does, however, object to producing design documents for unreleased

15    products and documents from MGA Hong Kong.

16        As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted

17    its production to "relevant and responsive non-objectionable documents" or documents

18    "sufficient" to show when events relating to Bratz occurred. These restrictions suggest that MGA

19    might be excluding documents that are responsive to the request based upon its unilateral

20    determination of what is "relevant" or "sufficient." Mattel shall provide the responses to

21    document requests ordered herein without these restrictions.

22              <u>Design Documents for Unreleased Products</u>

23        MGA's design documents for unreleased products are relevant to Mattel's claims and

24    defenses and must be produced. <u>See</u> Order Modifying Protective Order. On April 23, 2007, the

25    parties submitted a stipulation to modify the existing protective order to limit the disclosure of

26    design documents for unreleased products that constitute trade secret information. <u>See</u> Stipulation

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT 13 PAGE 141

1    to Modify Protective Order; And Proposed Order Thereon ("stipulation").  The parties' stipulation

2    has been approved and entered as an order of the court.  MGA is ordered to produce design

3    documents for unreleased products that are responsive to Mattel's document requests in

4    accordance with the terms of the stipulation and order.

5                       <u>Documents from MGA Hong Kong</u>

6        Documents relating to activities or conduct in foreign countries are relevant and

7    discoverable because Mattel has evidence indicating that MGA Hong Kong was involved with

8    Bratz.  Nevertheless, MGA objects to producing documents from Hong Kong unless Mattel

9    provides reciprocal discovery from its subsidiaries.

10       Whether MGA is entitled to discovery from Mattel's subsidiaries has not been briefed in

11    the context of this motion, and therefore is not addressed herein.  MGA is ordered to produce

12    documents from MGA Hong Kong.

13       Mattel's motion is granted with respect to request nos. 6, 26, 27, 32, 33, 34, 35, 51, 53, 55,

14    64, 69, 96, 97, 98, 99, 100.

15        2. <u>Additional Requests re Origins of Bratz (Nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57, 59,</u>

16         <u>61, 63, 66, 67, 70, 88, 90, 91</u>

17       Mattel contends that MGA is improperly limiting its document production to the "first

18    generation" Bratz dolls.  MGA represents, however, that it has agreed to produce subsequent

19    generations of Bratz products (MGA's Opposition at 9:20-25, 13:6-14:1), except design

20    documents for yet unreleased products.

21       As stated previously, design documents for yet unreleased products are relevant and

22    discoverable.  <u>See</u> Order Modifying Protective Order.  Accordingly, MGA is ordered to produce

23    all non-privileged documents that are responsive to request nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57,

24    59, 61, 63, 66, 67, 70, 88, 90, and 91.

25      //

26      //

27

28

EXHIBIT 13 PAGE 142

        3. <u>MGA's Payments to Bryant (Nos.43, 45)</u>

        MGA represents that it has already agreed to produce documents related to Bratz, without limiting its production to "first generation" Bratz.  MGA's motion at 13:7-14:3.  Nevertheless, Mattel is entitled to an order compelling production of such documents by a date certain.  Mattel's motion is granted with respect to request nos. 43 and 45.

        4. <u>MGA's Agreements with Bryant (Nos. 1, 2, 49, 50)</u>

        MGA represents that it has already agreed to produce non-privileged documents responsive to request nos. 1, 2, 49, and 50, even though it believes that such documents are not relevant (MGA's motion at 13:7-14:3).  These requests seek documents relating to fee or indemnity agreements between MGA and Bryant .

        Fee or indemnity agreements are relevant to demonstrate bias and lack of credibility. Accordingly, Mattel's motion is granted with respect to request nos. 1, 2, 49, and 50.  Any responsive documents withheld on the basis of a privilege must be properly identified in a privilege log.

        5. <u>Declarations, Affidavits & Other Sworn Written Statements (Nos. 37, 38, 39, 40, 41.</u>

        In request nos. 37, 38, 390, 40, and 41, Mattel seeks production of declarations, affidavits, and other sworn written statements from cases that refer or relate to Bratz or Angel.  Mattel anticipates that these documents could provide evidence relating to the conception date for Bratz.

        Request nos. 37, 38, 39, 40, and 41 seek relevant information regarding the conception date for Bratz.  MGA admits in its opposition brief that this issue was litigated in its suits against alleged counterfeiters and infringers.[3]  The issue also appears to have been raised in the arbitration proceedings between MGA's chief executive officer, Isaac Larian, and his brother Farhad Larian.  In those proceedings, Farhad Larian alleged that Isaac Larian concealed from him

---

    [3]  Although MGA questions the propriety of Mattel providing assistance to the alleged counterfeiters and infringers in raising ownership of Bratz as a defense against MGA's claims, MGA has not cited to any legal authority that prohibits Mattel's conduct.

EXHIBIT 13  PAGE 143

1 | that MGA was developing Bratz by early 2000. Nevertheless, MGA objects to producing
2 | documents from the Larians' arbitration on the grounds that the arbitration was governed by a
3 | protective order that prohibits the use of any documents or testimony for any purpose other than
4 | the arbitration. MGA, however, has not provided any evidence of the protective order.
5 | Accordingly, Mattel's motion to compel is granted as to request nos. 37, 38, 39, 40 and 41.[4]
6 |       6. Documents Regarding Date-Testing (Request No. 92)
7 |     Mattel's request no. 92 seeks documents that refer or relate to "any testing of or sampling
8 | from any documents that refer or relate to Bratz or Bryant, including without limitation any such
9 | testing or sampling in connection with ink, paper or chemical analysis to date any such documents
10 | and including without limitation all results and reports relating thereto." MGA contends that the
11 | request is premature, and should proceed in the course of expert discovery.
12 |     The request calls for relevant discovery and there is no basis for delaying production of
13 | responsive documents, other than expert reports. The timing of expert reports is governed by
14 | Rule 26(a)(2)(C), Fed.R.Civ.P. Accordingly, Mattel's motion is granted as to request no. 92.
15 |     C. Interrogatories
16 |     Mattel contends that MGA's responses to interrogatories were untimely, and therefore
17 | MGA has waived its objections to the interrogatories. Pursuant to Rule 33(b)(3), Fed.R.Civ.P.,
18 | responses to interrogatories are due thirty days after service. In this case, Mattel served its
19 | interrogatories on April 28, 2005, and responses were initially due May 31, 2005. The district
20 | court, however, issued a stay on May 20, 2005, twenty-two days after the interrogatories were
21 | served. The district court lifted the stay on May 17, 2006.

[4] In its discussion of the arbitration proceedings, MGA raises an objection to producing Isaac Larian's personnel file based upon privacy grounds. The personnel file may have documents relevant to Bratz, and therefore should be produced. The protective order is sufficient to alleviate Mr. Isaac Larian's privacy concerns.

EXHIBIT 12 PAGE 144

1    Neither party has cited to any caselaw governing the calculation of the 30-day period

2  when there is an intervening stay in discovery. In the absence of any caselaw, MGA's responses

3  will be treated as timely in order to preserve any valid objections MGA may have asserted.

4    Interrogatory No. 5 seeks the identity of each and every person who was involved in the

5  conception, origin, creation, design, development, sculpting, engineering, reduction to practice,

6  tooling or painting of, or who otherwise produced or contributed to any embodiment of Bratz

7  before December 31, 2001, including a description of each person's role and the start and end

8  dates of each person's involvement. In response, MGA asserted numerous objections, but did

9  provide the names of five individuals.

10    The interrogatory clearly seeks information relevant to the claims at issue. MGA's

11  objections are without merit. The interrogatory is not vague, ambiguous, compound or overbroad.

12  Nor has MGA carried its burden of establishing that the interrogatory is unduly burdensome, calls

13  for confidential, proprietary or commercially sensitive information, or seeks information

14  protected by the attorney-client privilege. Furthermore, MGA's response is incomplete insofar as

15  it fails to provide the description of each person's role and the start and end dates of each person's

16  involvement. Accordingly, MGA is ordered to provide a complete response to Interrogatory No.

17  5 and identify documents in compliance with Rule 33(d), Fed.R.Civ.P.

18    Interrogatory No. 6 seeks the same information as Interrogatory No. 5 with respect to any

19  embodiment of Angel. MGA is ordered to provide a complete response to Interrogatory No. 6 for

20  the reasons previously discussed in connection with Interrogatory No. 5.

21    Interrogatory No. 7 asks MGA to identify each and every embodiment of Bratz prior to

22  December 31, 2001. In response, MGA asserted numerous objections and did not provide any

23  substantive information.

24    MGA's objections are without merit. The interrogatory clearly seeks information relevant

25  to establishing when Bryant first conceived Bratz. The interrogatory is not vague, ambiguous,

26  compound or overbroad. Nor has MGA carried its burden of establishing that the interrogatory is

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

12

EXHIBIT 13 PAGE 145

1   unduly burdensome, calls for confidential, proprietary or commercially sensitive information, or

2   seeks information protected by the attorney-client privilege.  Accordingly, MG is ordered to

3   provide a complete response to Interrogatory No. 7.

4       Interrogatory No.8 asks MGA to identify each and every embodiment of Angel.  MGA is

5   ordered to provide a complete response to Interrogatory No. 8 for the reasons previously

6   discussed in connection with Interrogatory No. 7.

7       Interrogatory No. 9 requires MGA to identify each and every sworn statement that refers

8   or relates to the conception, origin, creation, design, development, sculpting, engineering, tooling

9   or painting of Bratz.  In response, MGA asserted numerous objections and did not provide any

10  substantive information.

11      The interrogatory seeks information relevant to establishing when Bryant first conceived

12  Bratz.  Furthermore, MGA's boiler-plate objections are unsubstantiated.  Accordingly, MGA is

13  ordered to provide a complete response to Interrogatory No. 9.

14      Interrogatory No. 10 requires MGA to identify each and every instance in which Bratz

15  was shown, displayed, or exhibited prior to June 1, 2001, including by stating the date(s) on

16  which each such instance occurred, the location of each show or exhibit, and the identity of

17  persons with knowledge of the shows or exhibits.  In response, MGA asserted numerous

18  objections and provided the following information:  Hong Kong Toy Fair in Hong Kong in or

19  about January 2001 and New York Toy Fair, New York, in or about February 2001.

20      Once again, MGA's boiler-plate objections are unsubstantiated.  The information is

21  potentially relevant to establish when Bryant conceived Bratz.  Further, the response is

22  incomplete insofar as it fails to identify any persons with knowledge.  Therefore, MGA is ordered

23  to provide a complete response to Interrogatory No. 10.

24      Interrogatory No. 11 requires MGA to state the "number for each and every telephone,

25  including without limitation each office, home and cell phone number, in the name of, for the

26  benefit of or for the account of Isaac Larian and any other telephone that Isaac Larian used from

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

13

EXHIBIT 13 PAGE 146

1  January 1, 1998 through the present, and IDENTIFY each and every carrier (including without

2  limitation any long-distance carrier) for each such number.  In response, MGA asserted numerous

3  boiler-plate objections.

4        Once again, MGA has failed to substantiate any of its objections with supporting

5  declarations or legal authorities.  Accordingly, all objections are overruled and MGA is ordered to

6  provide a full response to Interrogatory No. 11.

7                              IV. CONCLUSION

8        For the reasons set forth above, Mattel's motion to compel production of documents is

9  granted.  MGA shall produce all non-privileged documents that are responsive to the requests

10  identified in this Order.  Further, MGA shall produce all documents in un-redacted form, except

11  for redactions that are justified by the attorney-client privilege or work product doctrine.  Mattel's

12  motion to compel interrogatory answers is also granted.  MGA shall produce documents and

13  provide responses to interrogatories consistent with this Order, and produce a privilege log in

14  compliance with Rule 26(b)(5), Fed.R.Civ.P., no later than May 31, 2007.  Mattel's request for

15  sanctions is denied.

16        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

17  Master, Mattel shall file this Order with the Clerk of Court forthwith.

18

19

20

21  Dated: May 15, 2007

22                              HON. EDWARD A. INFANTE (Ret.)
                                      Discovery Master

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                14

EXHIBIT 13 PAGE 147

### PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 15,

2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL

PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES BY MGA in

the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that
the above is true and correct.

Executed on May 15, 2007, at San Francisco, California.

Anthony Sales

EXHIBIT 13 PAGE 148

# EXHIBIT 14

**THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(D).**

**PRIORITY SEND**
**& ENTERED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES – GENERAL</u>

Case No.  CV 04-09049 SGL(RNBx)                          Date: July 2, 2007

Title:    CARTER BRYANT -v- MATTEL, INC.
          AND CONSOLIDATED ACTIONS

========================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

          Jim Holmes                              Theresa Lanza
          Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                         John B. Quinn
                                      Brett Dylan Proctor
                                      Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:

Dale M. Cendali

Patricia Glaser

ENTERED
CLERK, U.S. DISTRICT COURT

JUL - 5 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION     BY DEPUTY



DOCKETED ON CM

JUL - 5 2007

BY _____ 164

PROCEEDINGS:   MINUTE ORDER

     As set forth more fully herein, the Court hereby makes the following ruling regarding matters heard on July 2, 2007:

(1)   The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2)   The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505);

(3)   The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90                                        Initials of Deputy Clerk ___
CIVIL – GEN                           1                Time: 01/15

EXHIBIT 14 PAGE 140

regarding date of production of documents (docket #545); and

(4)    The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)    The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.


(1)    Motion re Trial Structure (docket #462)

Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases.  The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1.  Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues.  Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings.  This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings.  A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL**, as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007.  Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)    MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)    MGA's Ex Parte Application regarding date of production of documents (docket #545).

The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products.  The order required that documents be produced no later than the end of May.

The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

The Discovery Master's order compels the production of only non-privileged documents. Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced.  If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

MGA acknowledges that it has raised an argument before the Court that was not raised

EXHIBIT 14 PAGE 150

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

later than two weeks after that date. Accordingly, the Court **ORDERS** that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above. The Motion is **DENIED** in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above. The application is **DENIED** in all other respects.

(4)    MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters *known or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added). "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted). Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

Alexander v. F.B.I., 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT 14 PAGE 152

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)    Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.

EXHIBIT 14 PAGE 153

# EXHIBIT 15

O

## O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 400 South Hope Street | NEW YORK |
| BRUSSELS | Los Angeles, California 90071-2899 | SAN FRANCISCO |
| CENTURY CITY | | SHANGHAI |
| HONG KONG | TELEPHONE (213) 430-6000 | SILICON VALLEY |
| LONDON | FACSIMILE (213) 430-6407 | TOKYO |
| NEWPORT BEACH | www.omm.com | WASHINGTON, D.C. |

*RECEIVED*
*OCT 0 5 2007*

OUR FILE NUMBER
0527436-004

October, 5, 2007

WRITER'S DIRECT DIAL
(213) 430-6389

**VIA HAND DELIVERY**

WRITER'S E-MAIL ADDRESS
cnguyen@omm.com

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re: *Bryant v. Mattel, Inc and Consolidated Actions.*
*Case No. CV 04-09049 SGL (RNBx)*

Dear Mr. Zeller:

A disc containing Group IV TIFF digital files of documents marked with Bates Nos. MGA 0883033 to MGA 0886347 is enclosed. As per Mattel's request and pursuant to the agreement between MGA and Mattel, the disc also includes an Opticon load file.

Pursuant to the January 4, 2005 Protective Order, certain documents have been marked as Confidential - Attorney's Eyes Only. Please do not hesitate to contact me if you have any questions.

Sincerely,

Chris D. Nguyen
for O'MELVENY & MYERS LLP

Enclosure

cc:   Michael Page, Esq. (letter only via facsimile)
       James Spertus, Esq. (letter only via facsimile)

LA2:843875.1

EXHIBIT 15 PAGE 154



EXHIBIT 15 PAGE 155

# EXHIBIT 16

**R**ECEIVED

SEP 1 7 2007

**O'MELVENY & MYERS LLP**

| | 400 South Hope Street | |
|---|---|---|
| BEIJING | Los Angeles, California 90071-2899 | NEW YORK |
| BRUSSELS | | SAN FRANCISCO |
| CENTURY CITY | TELEPHONE (213) 430-6000 | SHANGHAI |
| HONG KONG | FACSIMILE (213) 430-6407 | SILICON VALLEY |
| LONDON | www.omm.com | TOKYO |
| NEWPORT BEACH | | WASHINGTON, D.C. |

OUR FILE NUMBER
057436-004

September 17, 2007

WRITER'S DIRECT DIAL
(213) 430-6389

**VIA HAND DELIVERY**

WRITER'S E-MAIL ADDRESS
cnguyen@omm.com

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

> Re:  ***Bryant v. Mattel, Inc and Consolidated Actions.***
> ***Case No. CV 04-09049 SGL (RNBx)***

Dear Mr. Zeller:

Pursuant to your discussions with Bill Charron, I am enclosing one disc containing Group IV TIFF digital files of documents marked with Bates Nos. MGA 0869995 to 0875237.  These documents contain sworn statements by MGA regarding Bratz and are not redacted.

As per Mattel's request and pursuant to the agreement between MGA and Mattel, the disc also includes Opticon load files.  Pursuant to the January 4, 2005 Protective Order, certain documents have been marked as Confidential - Attorney's Eyes Only.  Please do not hesitate to contact me if you have any questions.

Sincerely,

Chris D. Nguyen
for O'MELVENY & MYERS LLP

Enclosure

cc:   Michael Page, Esq. (letter only via facsimile)
       James Spertus, Esq. (letter only via facsimile)

LA2;842082.1

EXHIBIT 16  PAGE 156



EXHIBIT 16 PAGE 157

## Service of Process Form Results

Print **Three** Copies and Attach to Filings

**Attn:**

**Date:** 9/17/07

**Attorney:** C. Nguyen

**Court:** USDC Central CA

**Secretary:** *Kelley*

**Case Title:** Bryant v. Mattel, Inc.

**Client/Matter:** 0867179-00006

**Case Number:** CV 04-09049 SGL (RNBx)

**Client Name:** MGA

**Documents:** Letter and enclosure

**Subject:** Michael T. Zeller, Esq. No proof requested.

**HT:**

**WT:**

**Hair:**

**Eyes:**

**Age:**

**Marks:**

**Hearing Date:**

**Time:**

**Dept/Div:**

**Serve:**

**Home Address:**

**Business Address:** Quinn Emanuel, et al. 865 S. Figueroa St., 10th Floor Los Angeles CA 90017

**Home Phone:**

**Business Phone:** (213) 443-3100

**Hours Worked:** 9-5

EXHIBIT 110 PAGE 158

**Do Today: ON**

**Special Instructions:** Straight away (BEFORE ~~2PM~~ ★ 1PM ★), please hand-deliver to Quinn Emanuel. No proof of service is requested.
Please call Chris Nguyen once delivery has been effected (or if there are any problems with delivery) to apprise him of the status.
If the courier experiences ANY problems with delivery, please call C. Nguyen (213 430 6389) immediately (before leaving Quinn
Emanuel) as he may be able to assist in resolving the difficulty. Thanks! :)k.

**Billable: ON**

**NonBillable:**

**State Reason:**

**Report:**

**Return to Court Services**

EXHIBIT 16  PAGE 159

# Nationwide Legal, Inc.

**COURT • PROCESS • MESSENGER**

| DATE | CONTROL # |
|---|---|
| 9/17/07 | 19770   021522 |

www.nationwideasap.com

legal@nationwideasap.com

| | | |
|---|---|---|
| 316 W. 2nd Street, Suite 705 | Los Angeles, CA 90012 | (213) 625-9100  (213) 625-9111 |
| 611 Civic Center Drive W., Suite 204 | Santa Ana, CA 92701 | (714) 558-2400  (714) 558-2401 |
| 3637 Ninth Street | Riverside, CA 92501 | (951) 275-0071  (951) 275-0074 |
| 1255 Post Street, Suite 500 | San Francisco, CA 94109 | (415) 351-0400  (415) 351-0407 |
| 121 Broadway, Suite 331 | San Diego, CA 92101 | (619) 232-7500  (619) 232-7600 |

Firm: O'MELVENY & MYERS
400 S. HOPE STREET      SUITE 1002
LOS ANGELES    CA   90071
213 430-6129      ACCT# 101

Telephone:

Attorney: CHRIS NGUYEN
Secretary:
Email:
Ref./Billing #: 527436-004

## SERVICE TYPES

| | | | SAME DAY | NEXT DAY |
|---|---|---|---|---|
| 24 | | | ☐ | ☐ |

## MESSENGER SERVICES

From:
Address: OMM
City:                          Zip:
Sender:

To: QUINN EMANUEL
Address: 865 S. FIGUEROA ST
City: LA                       Zip: 90017
Attention: 10th FLOOR

## COURT SERVICES

Case Number:

Case Name:

Court Address:

☐ Court Filing
☐ Research/Copy
☐ Courtesy Copy
☐ Recording

CHECK IF ADVANCE
Fees Attached  $_____
Advanced Fees $_____
Check Number _____

## SERVICE OF PROCESS

Company/Person Being Served:

Address:

City:                          Zip:

☐ Office Service
☐ Business
☐ Substituted Service
☐ Residence

Service Deadline

CHECK IF ADVANCE
Fees Attached  $_____
Advanced Fees $_____
Check Number _____

## TYPE OF DOCUMENTS:
CV 04-09049 SGL

BRYANT - V - MATTEL

## SPECIAL INSTRUCTIONS:

Received By:                Date:        Time:

WHITE-ORIGINAL / YELLOW-BILLING / PINK-TRACKING / GOLD-CLIENT ACCOUNTING FILE

EXHIBIT 16 PAGE 160

# EXHIBIT 17

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

.

# EXHIBIT 18

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 19

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

October 8, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Diana M. Torres, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA  90071

Re:    <u>Mattel, Inc. v. MGA Entertainment, Inc.</u>

Dear Diana:

I write pursuant to section 5 of the Discovery Master Stipulation in connection with MGA and MGA Hong Kong's production of certain documents in incomplete or illegible form.

First, defendants recently produced a document bearing Bates numbers MGA HK 0002353-54, which is an October 16, 2000 email with an attached image of a Bratz clay body and a three-dimensional head.  As produced, the image is illegible.  Likewise, defendants recently produced other documents with Bratz images that were provided to us only as poor quality, black-and-white copies that are indecipherable as well.  Examples include the emails and their attachments bearing Bates numbers MGA HK 0004115-16, MGA HK 0004250-51, MGA HK 0004413-23 and MGA HK 0001125-37.

Given that MGA and MGA Hong Kong have repeatedly touted that they have retained all of their emails, defendants should have these images in their native .jpg format.  Please so produce them or at least in a form that is legible.

Second, defendants recently produced various Bratz scheduling documents, including MGA HK 0002383-88.  These documents were produced, however, in a manner that provides entries which show up only as "#####."  As Mr. Lee generally confirmed, and as is generally the case with

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2207339.1

EXHIBIT 19 PAGE 264

such entries in spreadsheets, the "#####" entries appear to indicate that there was information in those cells but that were not printed off in hard copy form as produced by MGA. We expect MGA to produce these and all other schedules with such entries in the manner that reveals the omitted information.

Not only is Mattel plainly entitled to complete, legible copies of these documents, but MGA's conduct here is in violation of Court Order. MGA was compelled to produce these documents, including pursuant to the May 15, 2007 Order. MGA's production of documents in illegible form denies Mattel the very information that Judge Infante ruled Mattel was entitled to. Furthermore, as you know, one basis for the Mattel motion to compel against MGA which Judge Infante granted was MGA's practice of producing its documents in such a poor quality, illegible manner that they were rendered all but useless. MGA regrettably appears to be following that same, improper practice still. Unless MGA produces these documents in complete and legible form, Mattel contemplates making a motion to compel, to enforce the Court's Order of May 15, 2007 and for sanctions.

Please also be advised that MGA's deficient production in these respects interferes with Mattel's ability to question Paula Garcia at her upcoming deposition on them. Should MGA fail to provide these documents in complete and legible form before her deposition so that she can be examined on them, then Mattel also contemplates moving to compel MGA to produce her or another designees to appear to testify about them.

I look forward to hearing from you.

Very truly yours,

Michael T. Zeller

cc:   Michael Page, Esq.
      Amman Khan, Esq.

07209/2207339.1

07209/2207339.1                                                2

EXHIBIT 19 PAGE 265

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SAN DIEGO
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   October 8, 2007            **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *Diana M. Torres, Esq.*<br>O'Melveny & Myers LLP | 213.430.6556 | 213.430.6407 |
| *Michael H. Page, Esq.*<br>Keker & Van Nest | 415.391.5400 | 415.397.7188 |
| *Amman Khan, Esq.*<br>Christensen, Glaser, Fink, Jacobs, Weil & Shapiro | 310.556.7865 | 310.556.2920 |

**FROM:**   Michael T. Zeller

**RE:**   *Mattel, Inc. v. MGA Entertainment, Inc.*

**MESSAGE:**

FAXED
OCT 0 8 2007

| 07209/2248160.1 | | | | ☒ CONFIRM FAX |
|---|---|---|---|---|
| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Tiffany Garcia/5th Floor | ☒ INCLUDE CONF. REPORT |
| OPERATOR: | | | CONFIRMED?   ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 19 PAGE 2600

Job number    : 757          *** SEND SUCCESSFUL **

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10019
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:      October 8, 2007               NUMBER OF PAGES, INCLUDING COVER: 3

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *Diana M. Torres, Esq.* O'Melveny & Myers LLP | 213.430.6556 | 213.430.6407 |
| *Michael H. Page, Esq.* Keker & Van Nest | 415.391.5400 | 415.397.7188 |
| *Amman Khan, Esq.* Christensen, Glaser, Fink, Jacobs, Weil & Shapiro | 310.556.7865 | 310.556.2920 |

FROM:      Michael T. Zeller

RE:        *Mattel, Inc. v. MGA Entertainment, Inc.*

MESSAGE:

| | | | | | |
|---|---|---|---|---|---|
| 07204/2234140.1 | | ROUTE/ RETURN TO: | Tiffany Garcia/5th Floor | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT | |
| CLIENT # | 7205 | | | | |
| OPERATOR: | | | CONFIRMED?   ☐ NO   ☐ YES | | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

**EXHIBIT _19_ PAGE 267**

# Group Send Report

```
Page       : 001
Date & Time: 10-08-2007   01:48pm
Line 1     : 2134433100
Line 2     :
Machine ID : QUINN EMANUEL
```

Job number          :   757

Date                :   10-08  01:45pm

Number of pages     :   063

Start time          :   10-08  01:45pm

End time            :   10-08  01:48pm

Successful nbrs.

   Fax numbers

                    ☎2*12134306407
                    ☎2*14153977188
                    ☎2*13105562920

Unsuccessful nbrs.                                    Pages sent

EXHIBIT 19 PAGE 268

# EXHIBIT 20

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 21

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 22

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 23

The Sweatshop Behind the Bratz

# Made in China:
# The Sweatshop behind the Bratz

**A Joint Report prepared in collaboration with**
**China Labor Watch**

**December 21, 2006**

 

*Hua Tai 4K Factory Where Bratz Dolls Are Being Made*



EXHIBIT 23 PAGE 214

1



WATCH AN NLC ORIGINAL MOVIE!

BRATZ YASMIN AND CLOE DISCUSS THEIR LIFE AT THE FACTORY

943-2

EXHIBIT 23 PAGE 277

2

Hua Tai 4K Factory
Longgang District
Buji Township, Nan Ling Village
Shenzhen City
Guangdong Province, China

## The Dirty Little Secret behind the flashy, best-selling Bratz dolls:

Bratz dolls are all the rage, ranking as the most sought-after toy this holiday season, surpassing even Barbie, which has dropped to third place. Bratz dolls now make up 40 percent of the fashion doll market, and will bring in $3 billion in sales this year. Many parents are already concerned about the big doe-eyed, scantily-clad, high-heeled and half-emaciated Bratz dolls, some of which look like little hookers with supersized lips, being marketed to their very young children.

But there is another dirty little secret behind the Bratz dolls. They are made in a sweatshop in China, where women are routinely forced to work seven days and 94 ½ hours a week, for wages of just 51 ½ cents an hour, $4.13 a day.

As bad as conditions are now, they are about to get worse. The factory wants to fire all the workers and then bring them back as temporary workers with contracts of just one to eight months, which would strip them of any legal rights they might have. As it is, the workers are denied sick days as well as work injury and health insurance.

In January 2007, out of desperation, the Bratz doll makers will go out on a wildcat strike.

There is another dirty little secret behind the Bratz dolls—a secret that MGA, Wal-Mart and Toys R Us do not want us to know: It's that the workers in China are paid just 17 cents for each doll they assemble, and that the total cost to produce the doll is $3.01. When the Bratz dolls enter the U.S., the companies mark the price up 428 percent—another $12.88—and retail the dolls for at least $15.89. It's a good deal for the companies and a very bad deal for the young workers in China, and—for more than one reason—for parents and children across the United States and Europe.





943-3

EXHIBIT 23 PAGE 278

3

## If Bratz could speak, they would sing the Sweatshop Blues

- Routine 13 ½ to 15 1/2 –hour shifts, seven days a week.
- Workers at the factory 94 ½ hours a week.
- Paid just 51 ½ cents an hour and $4.13 a day.
- Workers denied work injury and health insurance, in direct violation of China's law.
- Taking a sick day results in loss of three days' wages.
- Workers failing to meet their production goals must remain working—unpaid—until the target is met.
- Workers are not allowed paid days off to get married.
- Ten workers share a small dorm room, sleeping on metal bunk beds. There is no shower or TV.
- If a worker breaks a doll, she is docked five hours' wages.
- Before the gullible Wal-Mart auditors arrive, the workers are provided a Cheat Sheet with a list of the "correct" answers, which they must memorize.
- Now the factory wants to fire every worker and then bring them back as temporary workers with contracts limited to just one to eight months—which will strip them of any legal rights they have. The workers are planning to strike in January 2007.
- The workers are paid just **17 cents** for each Bratz doll they assemble.
- The total cost of production for a Bratz doll made in China is **$3.01**. When the doll enters the U.S., the companies mark up the cost by another 428 percent, adding $12.88, for a retail price of $15.89.



*This picture of Jade Mermaidz Bratz Babyz was sent to us by workers at the factory*

EXHIBIT 23 PAGE 279

943-4

4

# The Sweatshop Behind the Bratz

There are approximately 4,000 workers, 80 percent of them women, making Bratz dolls and other toys at the Hua Tai 4K Factory, mostly for the California-based MGA Entertainment Inc. company.

Hua Tai 4K is one of the seven toy factories in Guangdong Province, collectively employing over 30,000 workers, which are part of the large Hong Kong based Hua Cheng Group.

## Forced Overtime:
## During the busy season, workers are routinely at the factory 94 ½ hours a week, working 13 ½-hour shifts, seven days a week.

The busy season at the Hua Tai factory lasts seven months, from April through October. The typical shift during this period is 13 ½ to 15 ½ hours a day, from 7:30 a.m. to 9:00 or 11:00 p.m., most often seven days a week.

### Typical Peak Season Shift

| | |
|---|---|
| 7:30 a.m. – 11:30 a.m. | (Work / 4 hours) |
| 11:30 a.m. – 12:30 p.m. | (Lunch / 1 hour) |
| 12:30 p.m. – 4:30 p.m. | (Work / 4 hours) |
| 4:30 p.m. – 6:00 p.m. | (Supper / 1 ½ hours) |
| 6:00 p.m. – 9:00 or 11:00 p.m. | (Overtime / 3-5 hours) |

The legal workweek in China is eight hours a day, five days a week, for a regular 40-hour week. Legally, overtime is limited to three hours a day and cannot exceed 36 hours in a month. All overtime must be voluntary.

EXHIBIT 23 PAGE 280

943-5

5

The legal workweek in China is eight hours a day, five days a week, for a regular 40-hour week. Legally, overtime is limited to three hours a day and cannot exceed 35 hours in a month. All overtime must be voluntary.

The Hua Tai factory is clearly violating the law. First of all, overtime is mandatory, and during the rush season it is common to be required to work seven days a week. Secondly, the hours workers must work far exceed China's legal limits. Even if the workers are let out at 9:00 p.m. (after working a 13 1/2-hour shift) rather than at 11:00 p.m., **they are still at the factory 94 ½ hours a week,** while actually working 77 hours. The workers receive approximately an hour off for lunch and another hour and a half off for supper. This means that the workers are required to work **37 hours of overtime a week, which exceeds China's legal limit by 445 percent.**

Even during the slow season, November through March, it is still typical for the workers to be required to work two to three hours of overtime a day, though they usually get Saturday and Sunday off. In the slow season, the workers can be at the factory over 65 hours a week while actually working 55 hours, which still exceeds China's legal overtime limit by approximately seven hours each week.

**Below Subsistence-level Wages:**
**The base wage is 51 ½ cents per hour and $4.13 a day, which is below subsistence level, making the workers dependent upon excessive overtime to survive.**

The base wage at the Hua Tai toy factory is 700 rmb per month, or $89.39. Of course, if a worker is sick and misses time, his or her wages will drop below minimum.



*We bought Passion for Fashion Cloe at Toys R Us for $15.89*

EXHIBIT 23 PAGE 281

943-6

6

**Base Wage**
**(400 rmb per month)**

51 ½ cents an hour
$4.13 a day (8 hours)
$20.63 a week (5 days, 40 hours)
$89.39 a month
$1,072.73 a year

(Note: Current exchange rate is 7.8305 rmb to $1.00 U.S.)

Overtime work appears to be paid correctly, with a 50 percent premium for weekday overtime and double or triple pay for overtime required on the weekends and statutory holidays.

However, when assembly line workers fail to reach their assigned daily production goal, they are kept working, without pay, until the target is reached. The factory's engineering department arbitrarily—without any input from the workers—determines the exact time that will be allowed to complete each toy.



*Hua Tai 4K Factory where Bratz dolls are being made.*

The workers report that during the first few days after a new toy is introduced, it is almost impossible to finish the work on time. After 20 days or so, when the workers can more or less regularly complete their goal, it is common for the engineering department to again suddenly increase the production target. This is happening right now in the factory. The workers refer to the factory as the "Invincible Man"—since there appears to be no end in sight as to how fast management will expect workers to toil to reach the ever-increasing production goals.

To cover up the illegal, excessive overtime, the workers are paid twice each month. On the seventh of each month, the workers are paid for the previous month's regular hours and overtime worked within the legal limit. The money goes straight into the workers' bank accounts. On the 25th of the month, the workers are paid separately for the excessive and illegal overtime hours they were required to work the previous month.

943-7

EXHIBIT 23 PAGE 282

7

**Workers Paid 17 Cents for Each Bratz Doll**

At the factory, there are 50 workers on an assembly line, and the current production target is to complete 150 Bratz dolls per hour. In effect this means that each worker must complete three dolls per hour, or one every 20 minutes. Given the 51 ½ cent-an-hour wages, we can determine that the workers are paid just 17 cents for each Bratz doll they assemble. This comes to about 1 percent of the dolls' retail price which—even at the low end—is around $16.00.

**Bratz Dolls Marked Up 428 Percent**

Shipping records based on U.S. Customs documents show "Bratz P4F Cloe" doll being shipped from China to Wal-Mart with a landed Customs value of $3.01. This represents the entire cost of production for the Bratz Cloe doll—materials, accessories, direct and indirect labor, shipping costs and profit to the factory in China. The NLC recently purchased a Bratz Cloe doll at a Toys R Us store in Connecticut. It was marked down to $15.89. This means that the MGA Toy Company and retailers like Wal-Mart and Toys R Us are marking up the price of the doll by 428 percent ($12.88). (See customs information)



*We bought Yasmin at Wal-Mart for $32.08*

EXHIBIT 23 PAGE 283

943-8

8

## Abuses and Harsh Conditions at the Hua Tai Factory

- The factory does not pay workers' health insurance, work injury insurance or retirement pension, which is a blatant violation of China's labor law, Article 72.
- Workers are not paid for sick days. In fact, a worker who misses a day will be punished with the loss of three days' wages.
- Couples getting married are not paid for the days of work they miss.
- If a worker breaks a product, they are fined 20 rmb, about five hours wages.
- **Dormitory:** Ten workers share each small dorm room, sleeping on double-level metal bunk beds. There are just two fans in the room and no shower or television. The workers are charged about 30 rmb ($3.83) per month for the dorm.

(Given the below-subsistence wages, married couples who try to live "off campus" face very difficult conditions. To save money, two couples will rent a two-room apartment, one couple sleeping in the bedroom and the other couple in the front room. Even so, the rent is 700 rmb a month ($89.39) including utilities like water and electricity. It is typical that families cannot afford a sofa. Couples must also budget their food expenses very carefully in order to get through the month.)

- **Cafeteria food:** The factory cafeteria is run by people connected to Nanjing Village and the workers describe the food as horrible. (They say, "It sucks" and is too little.) Workers are allowed one small meat dish and one vegetable dish, with no second helpings allowed. The workers can afford to spend just four to eight rmb a day on food, which is just 51 cents to $1.02 a day—or, 17 to 34 cents a meal.

EXHIBIT 93 PAGE 284

943-9
9



## In January 2007, the Workers will Strike

To cut labor costs, Hua Tai management is moving to create a factory workforce made up entirely of temporary workers. All new contracts will be limited to just one month to a maximum of eight months. Management is doing this to circumvent a new government law passed in Shenzhen which, as of January 2007, will mandate that companies must pay a bonus equivalent to one month's wage to workers who have worked one or more years at the factory. (It is likely that in future years companies will be required to pay their workers one month's bonus for each year of employment.)

There was already a strike in June 2006, when workers who had more than ten years employment at the Hua Tai factory walked out demanding that the management pay their health insurance and pension as is required by law. The workers wanted to march to the local labor bureau to present their just demands, but were blocked and prevented from doing so by the Nanling Village public security forces.

(What it means to be without the legal insurance for work injuries can be tragically seen in the case of a worker named Zhou Chumei, who we believe is a young woman. In the first half of 2006, a fire suddenly broke out near where Zhou Chumei was working and she was badly burned on over 90 percent of her body. Zhou Chumei demanded sufficient compensation for her very severe injuries, which the factory refused. Instead, the factory is paying her $255 a month. But even this could be cut off at any time.)

Now management is demanding that every worker quit and wait out one month before returning as a "new" worker, who will be given a temporary contract limited to less than eight months. Already some workers are being kept on month-to-month contracts.

There is an "official union" at the factory, but according to the workers, the union chairman is only interested in protecting the interests of the company. Few workers deal with the "union," as there is no point in doing so, since the "union" has never helped.

If management carries out its plan, there will be no hope that the longtime workers will ever receive their legal health insurance, work injury coverage, pension or legal bonus. The Bratz toy workers will have no choice but to strike.

943-10

EXHIBIT 23 PAGE 285    10



## Another Farce:  Wal-Mart Monitors Pay an Announced Visit.  The Workers are instructed to lie.

On December 8, 2006, Wal-Mart auditors paid an announced visit to the Hua Tai 4K Toy factory.  Management took certain preparatory steps. Workers with more than 10 years employment were given the day off with pay, since they could not be trusted to lie to Wal-Mart's monitors. Not only was management refusing to pay for their legal health insurance and pension, they now want to turn the longstanding workers into temps with no rights.

The rest of the workers received a Cheat Sheet and were coached and threatened to memorize the correct answers.  (See the attached full document in Chinese and in translation below.)

Here is a sample of the questions and answers included:

Q: Does management pay attention to problems that are raised?
A: Yes.  For example, it it's too hot, the factory provides cold tea for the workers.

Q: How are your hours organized?
A: I work five days a week, eight hours a day.

Q: How many overtime hours do you work?
A: In the busy season, I don't work more than four hours.  In the slow season, it is not more than two hours.

Q: If you are working and feel really tired or sick, what do you do?  Can you refuse to work overtime?
A: You can ask for time off.  You don't have to work overtime.

Q: Do you work every day, including Saturdays and Sundays?
A: No.  For every six days we work in a row, we get one day off.

Q: Have you ever discovered that your salary was wrong?  If you have, did you correct it?/How did you deal with it?
A: Usually, no.  If there is, [I] can find a bookkeeper to fix it."



943-11

EXHIBIT 23 PAGE 280   11

Q: If, in the course of working, you break or lose company product/equipment, do you have to compensate the company based on the value of the goods?
A: *No. [We] don't have to compensate.*

Q: What is the best part about working here?
A: *The benefits, the environment, etc.*

Q: What kinds of [extra] benefits do you get?  Are there rules about who does and doesn't get these benefits?
A: *They provide an entertainment room and an exercise field.  If it's hot, they'll give us cool tea.  There aren't any rules.*

Q: Do you think the rules and the system of keeping records is fair and just?  If not, why?
A: *It's very fair.*

Q: Have you received or seen anyone receive unfair treatment?  (Like fines, getting yelled at, or hit?)  How did it happen?  Why was it unfair?
A: *No.*

Q: Is there anything else you would like to say?
A: *No.*

## Workers cannot afford any entertainment:

Workers report that on an average day they just basically work. When they do have a little free time, they like to walk around and chat with their friends. Clearly the workers do not have the time or disposable income to spend on entertainment. Even going to a karaoke club, which is the least expensive form of entertainment for poor workers, is out of reach of these factory workers. Only occasionally will some of the younger workers splurge on going to a movie. Married workers, lacking money, report almost never going out.



**Cheatsheet Given To Workers To Train Them To Fool Monitors**



943-13

EXHIBIT 23 PAGE 288    13



943-14

EXHIBIT 23 PAGE 289 [14]

## Translation

A: Regular Worker Discussion Questions:

    1.   How long have you worked here?

Answer: Answer according to the amount of time between now and the date of entry stated on your factory ID card.

    2.   How did you find this factory?

Answer: Answer according to reality (You found it through a job advertisement).

    3.   Where are you from? How did you get here?

Answer: Answer according to reality.

    4.   How often do you get to go home and see your family?

Answer: Once a year (Answer according to reality).

    5.   How old were you when you started working here?

Answer: Answer according to reality.

    6.   When were you born?

Answer: Answer according to reality (answer according to the birthday posted on your [government-issued] ID).

    7.   Are there children (16 yrs. or younger) helping their parents or working here?

Answer: No.

    8.   When you started working here did you have to pay a management, services or introduction fee? If so, did you give them money? How much money (in RMB)?

Answer: No.

    9.   When you started working here did you sign a contract? What did the contract say? Did you keep a copy?

Answer: [I] signed a labor contract when I started working here. The contract included: the time limit of the contract, probationary period, work duties, work hours, work pay and treatment, and [I] kept a copy.

EXHIBIT 23 PAGE 290

943-15

15

10. What kind of training did you get when you started working here?

Answer: [My] training included: factory rules and regulations, work hours, fire safety, chemical safety, how to use safety equipment, etc.

11. How did you come to understand the rules of the factory?

Answer: By reading the "Work Manual," trainings and reading the rules posted [on walls].

12. If you have any questions about this, who will you talk to? Would you feel natural bringing questions up with management?

Answer: [I would bring it up] to a worker representative, department supervisor or the relevant person at the human resources department. [I] would not.

13. Are there worker representatives who can discuss problems or new ideas with management? How are the representatives chosen?

Answer: Yes. Worker representative are elected by the workers.

14. Does management pay attention to problems that are raised? Give an example.

Answer: Yes. For example, if it's too hot the factory provides cold tea for the workers.

15. Does the factory have a policy about using prison labor? As for disciplinary measures, how do you come to understand it?

Answer: Yes. [I understand it through] the "Work Manual" [and] the codes of conduct are posted and publicized in a handbook.

16. Have you ever had a physical exam? Pregnancy test? If there has been, why? How many times? What did they check?

Answer: Yes. When you start working here they take you to the hospital for a checkup and they issue a health certificate. For certain special departments (spraying, printing, chemical work, raw materials dept., etc.) have to get special yearly health checks, including breathing ability and strength tests.

17. How are your hours organized?

Answer: [I] work five days a week, eight hours a day. For specifics, answer according to your department shift.

18. During the day shift do you get a break? When is the break and for how long? Are the breaks the same every day?

Answer: Yes. We get 30 minutes for lunch. For specifics, answer according to your department shift. Every day's break is usually the same.

19. When is the work busiest?

Answer: During the busy season (usually June–September).

20. How many overtime hours do you work? Last week? Last month?

943-16

EXHIBIT 23 PAGE 300    16

Answer: In the busy season, I don't work more than 4 hours. During the slow season it's not more than 2 hours. If it's not more [than this], then answer according to reality. Last week and last month [I]don't remember.

21.   How much do you earn for overtime? Is it different from your regular hourly wage?

Answer: Overtime wages are 1.5 times more than regular wages. Weekend overtime is twice as much. Statutory holidays is 3 times.

22.   If you're working and you feel really tired or sick, what do you do? Can you refuse to work overtime?

Answer: You can ask for time off. You don't have to work overtime.

23.   Do you work every day, including Saturdays and Sundays?

Answer: No. For every six days we work in a row we get one day off.

24.   When's the last time you asked for a whole day off? In the last two months how many days have you requested off?

Answer: Answer according to reality. [I] haven't asked for sick days. In the last two months [I] don't remember.

25.   How does management keep track of your hours? Overtime hours? Who records the hours? You or the managers?

Answer: You can go to the bookkeeping office to check on the hours. The hours are recorded using an electronic card punching system.

26.   Your salary is based on how much you work?

Answer: Yes.

27.   Can you keep track of how many pieces you make?

Answer: No.

28.   Do you take work home? What kind of work?

Answer: No, I do it in the factory.

29.   How much you earn, roughly, every month?

Answer: Answer according to the pay stub you received.

30.   Is your pay based on pieces, hours or monthly? How often do you get paid?

Answer: I get paid by the hour. I get paid once a month.

31.   When you get paid, do you get a pay stub?

Answer: [I] get a pay stub.

32.   Are there any deductions from your salary? If there are, can you give me an example of what the deductions are?

Answer: Answer according to your pay stub. Usually there aren't any other deductions.

33.   Have you ever discovered that your salary was wrong? If you have, did you correct it? How did you deal with it?

Answer: Usually, no. If there is, [I] can find a bookkeeper to fix it.

34.   Has management ever withheld anything from your paycheck? How much? Why? When were you able to get it back?

943-17

EXHIBIT 23 PAGE 301   17

Answer: This doesn't happen.

35. If, in the course of working, you break or lose company product/equipment, do you have to compensate the company based on the base value of the good?

Answer: [We] don't have to compensate. [You] have to explain.

36. Are the workshop doors locked while you're at work? If so, how do you escape during an emergency?

Answer: The doors aren't locked. If there is an emergency we can go out the fire escape and use the evacuation plan/map.

37. Have you ever had a work injury? How did it happen? Where did you get help? Will you have to pay the medical bills?

Answer: [I] haven't been injured. If you have, answer according to reality.

38. Does the factory provide you with health or safety equipment? Like gloves and face masks?

Answer: Yes

39. Do you know why you need to use this stuff?

Answer: To protect [my] personal health.

40. Does everyone know why you use this stuff and the correct way to use it?

Answer: Yes, [because] when you start working at the factory you go through training.

41. Do you have to spend money for your safety equipment?

Answer: No. The company provides it for free.

42. Do you know how to use a fire extinguisher?

Answer: Yes [because] when you start working at the factory they train you.

43. Can you explain where the evacuation map is in the workshop and how to use it?

Answer: It is in the main entrance. You use the evacuation plan by reading the instructions and following the arrows

44. Are you living in a dormitory provided by the factory?

Answer: Yes.

45. Are you allowed to cook or smoke in the dorm?

Answer: No.

46. Is the dorm locked at night?

Answer: Yes.

47. When was the last time you had a fire drill? At the dorm? Have you ever attended a fire drill at night?

Answer: Answer according to reality. The dorms has also had fire drills, but not at night.

48. What's the most common work injury at the factory?

943-18

EXHIBIT 23 PAGE 302

18

Answer: Fingers, etc.

49.  When you get off work, can you leave the factory? Do you have to come back at a certain time?

Answer: Yes. There's no need [to come back at a certain time].

50.  What's the best part about working here?

Answer: The benefits. The environment. Etc.

51.  What kinds of [extra] benefits do you get? Are there rules about who does and doesn't get these benefits?

Answer: They provide an entertainment room and exercise field. If it's hot they'll give us cool tea. There aren't rules.

52.  Do you think the rules and the system of keeping records is fair and just? If not, why?

Answer: It's very fair.

53.  Have you ever received or seen anyone receive unfair treatment? (like fines, getting yelled at or hit)? How did it happen? Why was it unfair?

Answer: No.

54.  Is there anything else you'd like to say?

Answer: No.

943-19

19

EXHIBIT 23 PAGE 303

## Checklist For Inspection Documents

*Notice that the list is also in English. Why would Chinese factory managers need a list in English unless the list was given to them by English-speaking companies or monitors?*



**Shipping Data based on U.S. Customs Documents:**

**FROM:**                              **TO:**
MGA Entertainment (HK) Ltd.   Wal-Mart Stores, Inc.
9/F, Tower 6, The Gateway       601 N. Walton Blvd.
Harbour City, 9 Canton Rd.       Bentonville, Arkansas
TST KLN HK                            72716, USA

**CC:** ☐
UPS Supply Chain Solutions
1515 West 190th St., Suite 300
Gardena, CA 90248

| | |
|---|---|
| Estimated Value: | $10.866.00 |
| Exporting From: | CHINA Los Angeles, Port 2704 |
| Importing To: | 08/11/2006 |
| Date of Arrival: | Bratz Diamondz Katia Exclusive |
| Description: | |
| Quantity: | 824 CTN (4 PCS per CTN) |

**FROM:**                              **TO:** ☐
Maersk Logistics (China) Shenzhen   Wal-Mart Stores, Inc.
O/B                                        601 N. Walton Blvd.
MGA Entertainment (HK) Ltd.    Bentonville, Arkansas 72716,
9/F, Tower 6, The Gateway        USA
Harbour City, 9 Canton Rd. TST
KLN HK

**CC:** ☐
UPS Supply Chain Solutions
1457 Miller Store Rd., Suite 101
Virginia Beach, Virginia 23455

| | |
|---|---|
| Estimated Value: | $1,594.00 |
| Exporting From: | CHINA Norfolk, Port 1401 |
| Importing To: | 08/14/2006 |
| Date of Arrival: | Bratz P4F Jade |
| Description: | 87 CTN |
| Quantity: | |

943-21

EXHIBIT 23 PAGE 305

**FROM:**
Maersk Logistics (China) Shenzhen
O/B
MGA Entertainment (HK) Ltd.
9/F, Tower 6, The Gateway
Harbour City, 9 Canton Rd. TST
KLN HK

**TO:**
Wal-Mart Stores, Inc.
601 N. Walton Blvd.
Bentonville, Arkansas 72716,
USA

**CC:** ☐
UPS Supply Chain Solutions
1515 West 190th St., Suite 300
Gardena, CA 90248

| | |
|---|---|
| Estimated Value: | $4,404.00 |
| Exporting From: | CHINA |
| Importing To: | Los Angeles, Port 2704 |
| Date of Arrival: | 08/04/2006 |
| Description: | Bratz P4F Cloe |
| Quantity: | 366 CTN (4 PCS per CTN) |

## Company contact information:

**Wal-Mart Stores, Inc.**
Lee Scott, CEO
702 SW 8th Street
Bentonville, Arkansas 72716
Phone: 479-273-4000

Email Wal-Mart

**Toys R Us, Inc.**
Gerald L. Storch, Chairman and CEO
One Geoffrey Way
Wayne, New Jersey 07470-2030
Phone: 973-617-3500

Email Toys R Us

**MGA Entertainment**
Isaac Larian, CEO
16380 Roscoe Blvd., Suite 200
Van Nuys, CA 91406
Phone: 818-894-2525

Email MGA

943-22

EXHIBIT 22 PAGE 306

# EXHIBIT 24

# CHINA: Group reports harsh working conditions at Bratz factory

Associated Press
December 22nd, 2006

The pouty Bratz dolls so popular as Christmas presents are made at a factory in southern China where workers are obliged to toil up to 94 hours a week, among other violations, a labor rights group said in a report released Friday.

The report by U.S.-based China Labor Watch and the National Labor Committee details allegations of harsh working conditions, especially during peak delivery months, and of violations of workers' rights to injury and health insurance.

The edgy, urban-styled rival to Barbie is made by a subcontractor in the southern export hub of Shenzhen, as is typical of many products sold in the U.S. and elsewhere.

Workers are paid the equivalent of 17 cents for each doll. The dolls retail for $16 a piece or more, the report said.

Los Angeles-based MGA Entertainment Inc., which launched Bratz in 2001, said Friday it is "not familiar with the company named in this report.

"MGA uses first rate factories in the Orient to make its goods," the company said in a statement. "The same factories make products for the world's biggest toy manufacturers including Mattel and Hasbro."

Wal-Mart Stores Inc., the world's largest retailer and a major distributor of the Bratz dolls, said it was investigating the situation.

"Wal-Mart has a credible ethical standards program and we are committed to sourcing merchandise for our stores that has been produced in an ethical manner," said Wal-Mart spokeswoman Amy Wyatt.

The allegations in the report describe practices found at many Chinese factories producing name-brand products for export. They include required overtime exceeding the legal maximum of 36 hours a month, forcing workers to stay on the job to meet stringent production quotas and the denial of paid sick leave and other benefits.

The report shows copies of what it says are "cheat sheets" distributed to workers before auditors from Wal-Mart or other customers arrive to ensure the factory passes inspections intended to ensure the supplier meets labor standards.

It said workers at the factory intended to go on strike soon to protest plans by factory managers to put all employees on temporary contracts, denying them of legal protection required for long-term employees.

More than 120 million Bratz dolls have been sold since the toy debuted in 2001.

This site contains copyrighted material the use of which has not always been specifically authorized by the copyright owner. We are making such material available in our efforts to advance understanding of environmental, political, human rights, economic, democracy, scientific, and social justice issues, etc. We believe this constitutes a 'fair use' of any such copyrighted material as provided for in section 107 of the US Copyright Law. In accordance with Title 17 U.S.C Section 107, the material on this site is distributed without profit to those who have expressed a prior interest in receiving the included information for research and educational purposes. For more information go to: http://www.law.cornell.edu/uscode/17/107.shtml. If you wish to use copyrighted material from this site for purposes of your own that go beyond 'fair use', you must obtain permission from the copyright owner.



EXHIBIT 24 PAGE 307

# EXHIBIT 25

**Exhibit 25 intentionally skipped.**

Exhibit 25 Page 308

# EXHIBIT 26

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

.

# EXHIBIT 27

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 28

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3180**

WRITER'S INTERNET ADDRESS
michaelzeller@quinnemanuel.com

November 15, 2007

<u>VIA FACSIMILE AND E-MAIL</u>

Thomas Nolan, Esq.
Skadden Arps, Slate, Meagher and Flom LLP
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071

Re:     <u>**Mattel v. Bryant**</u>

Dear Tom:

I write pursuant to section 5 of the Discovery Master Stipulation to request that MGA Entertainment (HK) Limited ("MGA Hong Kong") meet and confer regarding counsel's improper instructions not to answer and coaching during the deposition of Edmond Lee. In addition, I write to schedule additional time to depose Mr. Lee, MGA Hong Kong's sole designee on all 61 topics in Mattel's notice of deposition of MGA Hong Kong pursuant to <u>Rule</u> 30(b)(6), or in the alternative, to meet and confer regarding MGA's failure to provide Mr. Lee to complete his deposition.

First, MGA's counsel improperly instructed Mr. Lee not to answer questions that did not invade the attorney-client privilege.  <u>See</u> Deposition Transcript of Edmond Lee, Vol. 2, dated October 5, 2007, at 428:17-432:23.  As the Discovery Master has previously ruled, Mattel's questions regarding such facts known by Mr. Lee did not seek privileged communications.  <u>See</u> Court's Order Granting Mattel's Motion for an Extension of Time to Depose Paula Garcia, dated August 14, 2007, at 18:12-14:4.  Indeed, MGA's counsel instructed the witness not to answer even though the witness knew of no lawyer even being involved in his communications with Mr. Larian.  Further belying any basis for the instructions, MGA HK has produced no privilege log in this action, and MGA's privilege log does not mention any communications from the relevant time period to which Mr. Larian and Mr. Lee were parties.  The facts which MGA sought to

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2188947.2

EXHIBIT 28 PAGE 363

protect under a specious claim of privilege also are relevant and discoverable, including because they show that Isaac Larian knowingly misinformed the public and a retailer about MGA's labor abuses in China -- even to the point of falsely claiming Mattel was spreading disinformation -- and knowingly misrepresented that Mattel and MGA use the same factories to produce their goods. Not only is this information pertinent on its face to the allegations in Mattel's counterclaims, but Judge Infante specifically ordered discovery on this subject because it is relevant and discoverable. See Court's Order Granting Mattel's Motion to Compel MGA to Answer Requests for Admission, dated August 20, 2007, at 8.

Mattel also did not have a full and fair opportunity to examine Mr. Lee on all 61 topics in Mattel's Notice in several respects. First, under the best of circumstances, Mattel could not have fully examined one witness on all 61 topics in two days. In this case, Mr. Lee required the assistance of a translator, thus the pace of the examination was even slower than usual. As just a few examples, Mattel did not have the opportunity to examine Mr. Lee at all on topics concerning the authorship, creation, dissemination, use, meaning and authenticity of key early Bratz drawings; early efforts and communications relating to the licensing of Bratz; and communications between MGA HK and key third party witnesses. See Topic Nos. 9, 19 and 32. In addition, Mattel did not have the opportunity to fully examine Mr. Lee on a large swath of topics including key topics going to the origins and early development of Bratz. See, e.g., Topic Nos. 1-8. MGA's counsel compounded this by improperly coaching the witness and impeding Mattel's ability to depose Mr. Lee by making suggestive objections and speeches. See, e.g., Lee Depo. Tr. at 95:8-21, 146:1-148:25. This behavior was improper and warrants sanctions.

MGA and MGA Hong Kong further impeded Mattel's ability to fully and fairly examine Mr. Lee by belatedly producing key documents. For example, MGA Hong Kong produced un-Bates-numbered pages marked as Exhibits 929, 930 and 931 at Mr. Lee's deposition. These pages—organizational charts for MGA HK and employment agreements between MGA HK and its former director—were responsive to topics on which Mr. Lee was designated. See Mattel's Notice of Deposition of MGA Entertainment (HK) Limited (the "Notice") at Topic Nos. 40 & 61. MGA also produced more than 3,000 pages of prior sworn statements by MGA and MGA HK, including statements made in proceedings before the Hong Kong High Court, on the second day of Mr. Lee's deposition. Mr. Lee was MGA's designee to testify regarding prior sworn statements, thus, receiving these prior sworn statements on the last day of his deposition—and not even at the deposition—obviously impeded Mattel's ability to examine Mr. Lee fully on this topic.[1] See Notice at Topic No. 37. As a further example, because MGA HK produced electronic images in illegible form, Mr. Lee was unable to testify fully regarding any topic concerning the early development of Bratz. Specifically, MGA HK produced a photograph of a clay embodiment of Bratz from October 6, 2000—weeks before Bryant left Mattel—but the photo quality was so bad that Mr. Lee was unable to confirm whether or not the clay included a

---

[1] This lapse is not surprising as MGA HK's counsel, with whom Mr. Lee prepared for his deposition, did not know that MGA HK's prior sworn statements were the subject of a topic on which Mr. Lee was designated. See Lee Depo. Tr. at 398:24-400:7.

EXHIBIT 28 PAGE 364

head, much less make out finer details of the clay.[2] Lee Depo. Tr. at 206:15-210:3. Issues such as this exacerbated the delay already necessitated by working with the translator and having to repeat a large number of questions.

Finally, Mr. Lee was not prepared to testify on many of the topics on which he was designated. See Notice at Topic Nos. 10, 12, 25, 26, 30, 61. For example, Mr. Lee failed to investigate MGA HK's knowledge and access to non-public Mattel DIVA STARZ information and designs. See Lee Depo. Tr. at 466:11-23, 468:5-469:1. Mr. Lee also could not confirm whether or not MGA HK had ever paid money or anything of value to Mr. Bryant or third party witnesses Elise Cloonan and Veronica Marlow. Id. at 469:2-20, 471:3-477:21. Mr. Lee further could not confirm whether or not MGA HK has paid the former director of MGA HK any money or anything of value since he left MGA HK. Id. at 519:8-521:10. As another example, he performed no investigation to determine the whereabouts of items relating to Bratz that were received by MGA HK in 2000 and 2001 or the source of Bratz documents and tangible items displayed at the Hong Kong Toy Fair in January 2001. Id. at 101:4-102:4, 114:4-25, 170:3-12 & 171:9-173:14. Mattel is unquestionably entitled to this information and, indeed, Judge Infante previously ruled on Mattel motions against MGA that it is relevant and discoverable.

Please let me know when MGA HK's counsel is available to meet and confer within the time required. Should the parties not be able to resolve this matter amicably, Mattel contemplates bringing a motion to compel MGA HK to produce a suitable witness to complete its testimony in response to the Notice, to overrule the instructions given and to impose sanctions.

I look forward to hearing from you.

Very truly yours,

Michael T. Zeller

Michael T. Zeller

---

[2]   When Mattel requested a better copy of this photograph after Mr. Lee's deposition, MGA HK was able to produce a better quality image within 24 hours, thus Mattel is troubled by MGA HK's initial failure to produce non-distorted images.

EXHIBIT 28 PAGE 365

```
*********************
***   TI REPORT   ***
*********************

TRANSMISSION OK

TI/RX NO                4201
RECIPIENT ADDRESS       78681#7209#6875600
DESTINATION ID
ST. TIME                11/15 11:57
TIME USE                02'30
PAGES SENT              4
RESULT                  OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0062, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**    November 15, 2007                      **NUMBER OF PAGES, INCLUDING COVER: 4**

| **NAME/COMPANY** | **PHONE NO.** | **FAX NO.** |
|---|---|---|
| Thomas Nolan, Esq.<br>Skadden Arps, Slate, Meagher and Flom LLP | (213) 687-5000 | (213) 687-5600 |

**FROM:**    Bridget Hauler

**RE:**    Mattel v. Bryant

**MESSAGE:**

EXHIBIT 28 PAGE 366

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   November 15, 2007          **NUMBER OF PAGES, INCLUDING COVER: 4**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Thomas Nolan, Esq.<br>Skadden Arps, Slate, Meagher and Flom LLP | (213) 687-5000 | (213) 687-5600 |

**FROM:**   Bridget Hauler

**RE:**   Mattel v. Bryant

**MESSAGE:**



FAXED
NOV 15 2007

| 07209/2295764.1 | | | | |
|---|---|---|---|---|
| **CLIENT #** | 7209 | **ROUTE/ RETURN TO:** | Andi Hoeven, 3rd Floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
| **OPERATOR:** | | | **CONFIRMED?** ☐ No ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 88 PAGE 367

# EXHIBIT 29

Received: 11/20/07 8:55"";    -> QUINN EMANUEL;   Page 2

11-20-2007  20:49   From-SKADDEN ARPS SLATE MEAGHER         14159842698        T-842  P.002/003  F-011

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER ·

SAN FRANCISCO, CALIFORNIA 94111-4144

TEL: (415) 984-6400

FAX: (415) 984-2698

http://www.skadden.com

DIRECT DIAL
415-984-2847
EMAIL ADDRESS
TMILLER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
PALO ALTO
RESTON
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

November 20, 2007

Via Facsimile and E-Mail

Michael T. Zeller, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE:    Mattel v. Bryant, et al.

Dear Mike:

I write in response to your letter to Tom Nolan dated November 15, 2007, requesting that MGA Entertainment (HK) Limited ("MGA Hong Kong") meet and confer regarding the deposition of Edmond Lee as MGA Hong Kong's designee under Rule 30(b)(6) of the Federal Rules of Civil Procedure.

We have not yet had the opportunity to review Mr. Lee's deposition transcript and, therefore, we are not yet in a position to meet and confer regarding the points raised in your letter of November 15, in part due to the many other matters on which we have been conferring over the past several days and the hundreds of discovery requests that Mattel has propounded on MGA, MGA HK, MGA Mexico and Isaac Larian over the past few weeks.

EXHIBIT 29 PAGE 368

Michael T. Zeller, Esq.
November 20, 2007
Page 2


      We will review Mr. Lee's deposition transcript and your letter and will be in a position to meet and confer with you on Tuesday, November 27, 2007 (after the Thanksgiving holiday). In the meantime, we look forward to our continued conference of counsel scheduled for teleconference tomorrow at 10:00 a.m. on the many other topics that we discussed at our day-long in-person conference of counsel at your offices last Friday, November 16, 2007.


        Very truly yours,

        Timothy A. Miller

EXHIBIT 29 PAGE 369

Received: 11/20/07  8:54PM;  -> QUINN EMANUEL;  Page 1

11-20-2007  20:48  From-SKADDEN ARPS SLATE MEAGHER  14159842698  T-942  P.001/003  F-011

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### FOUR EMBARCADERO CENTER
### SAN FRANCISCO, CALIFORNIA 94111-4144

TELEPHONE No.: (415) 984-6400
FACSIMILE No.: (415) 984-2698

DIRECT FACSIMILE No: 888-329-1838
EMAIL: tmiller@skadden.com

## FACSIMILE TRANSMITTAL SHEET

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

| | | | |
|---|---|---|---|
| NAME: | Michael T. Zeller, Esq. | | |
| FIRM: | Quinn Emanuel | | |
| CITY: | Los Angeles | DATE: | November 20, 2007 |
| TELEPHONE NO.: | 213-443-3000 | | |
| FACSIMILE NO.: | 213-443-3100 | | |
| FROM: | Timothy A. Miller | FLR/RM: | |
| REFERENCE NO.: | 112040/1 | DIRECT DIAL: | 415-984-2647 |

TOTAL NUMBER OF PAGES INCLUDING COVER(S):     3

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

MESSAGE:

EXHIBIT 29 PAGE 370

# EXHIBIT 30

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

November 28, 2007

**VIA FACSIMILE AND E-MAIL**

Timothy Miller, Esq.
Skadden Arps, Slate, Meagher and Flom LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111

Re:     **Mattel v. Bryant**

Dear Tim:

I write to summarize our meet and confer of Monday regarding the deposition of Edmond Lee.

First, you stated that MGA and/or MGA Hong Kong will supplement their privilege logs to reflect a series of purportedly privileged communications from December 2006 and that these communications were the subject of counsel's instructions not to answer. We disagree that all of counsel's instructions would be cured by the identification of these allegedly privileged communications, particularly as to questions that did not relate to any such communications.

Second, you designated Lisa Tonnu to testify regarding Topic Nos. 25, 26, 30, 33 (with respect only to payments to Veronica Marlow) and 61 of Mattel's Notice of MGA Entertainment (HK) Limited pursuant to Rule 30(b)(6) (the "Notice"), on which Mr. Lee had not been adequately prepared. You also stated that you would confirm by the close of business today, November 28, whether or not MGA Hong Kong would produce Mr. Lee for additional time on other topics in the Notice. As I noted yesterday, Mattel estimates that we need approximately two more days to complete Mr. Lee's deposition, given the breadth and number of the topics on which he was designated. As things stand, Mattel has not been afforded sufficient time or opportunity to question MGA Hong Kong at all on a number of topics in the Notice.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT _30_ PAGE _371_

Finally, the parties were unable to reach agreement with respect to the other issues raised in my colleague Michael Zeller's letter of November 15, including regarding the sufficiency of Mr. Lee's investigation and testimony on a number of topics.

I look forward to hearing from you regarding whether you will produce Mr. Lee for additional time.  As I explained, we will be happy to travel to Hong Kong to continue this deposition if that is most convenient for MGA Hong Kong.

Very truly yours,

B. Dylan Proctor

2

EXHIBIT 30 PAGE 372

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+61 3 5561-1711
Facsimile: +61 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**    November 28, 2007

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy Miller<br>Skadden Arps, Slate, Meagher and Flom LLP | 415-984-6400 | 415-984-2698 |

**FROM:**    B. Dylan Proctor

**RE:**    Mattel v. Bryant

**MESSAGE:**

FAXED
NOV 2 8 2007

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Andrea Hoeven, 3 | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT 30 PAGE 373

11/28/2007 14:38 FAX 12134433100        QEUOH-LAO-2                          ☒001

```
                        **********************
                        ***   TX REPORT   ***
                        **********************

          TRANSMISSION OK

          TX/RX NO            4327
          RECIPIENT ADDRESS   76681#7209#14159842698
          DESTINATION ID
          ST. TIME            11/28 14:37
          TIME USE            01'04
          PAGES SENT          3
          RESULT             OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:** November 28, 2007          **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy Miller<br>Skadden Arps, Slate, Meagher and Flom LLP | 415-984-6400 | 415-984-2698 |

**FROM:** B. Dylan Proctor

**RE:** Mattel v. Bryant

**MESSAGE:**

EXHIBIT 30 PAGE 374

# EXHIBIT 31

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

December 20, 2007

**VIA FACSIMILE AND E-MAIL**

Timothy Miller, Esq.
Skadden Arps, Slate, Meagher and Flom LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111

Re:    **Mattel v. Bryant**

Dear Tim:

I write to follow-up regarding the deposition of Edmond Lee, MGA Entertainment (HK) Limited's designee on all 61 topics in Mattel, Inc.'s deposition of MGA Entertainment (HK) Limited ("MGA Hong Kong") pursuant to Rule 30(b)(6). At the parties' meet and confer on November 28 regarding the deficiencies with Mr. Lee's testimony, you represented that MGA Hong Kong would consider producing Mr. Lee for up to two more days of additional testimony if Mattel provided further detail regarding the topics on which Mattel needed to examine Mr. Lee further.

Although Michael Zeller's letter to you dated November 15, 2007 laid out in some detail the deficiencies with Mr. Lee's testimony, we agreed to provide further information to you in an effort to avoid motion practice. Below I layout the topics on which Mattel was unable to fully examine Mr. Lee because Mr. Lee was either unprepared or because of time constraints. I have identified topics on which we were unable to finish as well as topics on which we were unable to ask any questions. You also requested that I identify topics on which Mattel was finished examining Mr. Lee; however, we are not willing to do so for two reasons: (1) the depth of Mattel's examination on any given topic was constrained by the severe time constraints under which Mattel was operating when examining Mr. Lee, and thus we may choose to examine Mr.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2188947.2

EXHIBIT 31 PAGE 375

Lee more fully even on topics we covered relatively more thoroughly than other topics if we have more time; and (2) Mr. Lee may provide new information at his continued deposition that may necessitate asking follow-up questions on seemingly "finished" topics.

**Topics on which Mattel was unable to fully examine Mr. Lee:**

**Topic No. 1:** The origin, conception, creation, design, sculpting, development, engineering, rotocasting, modeling and prototyping of BRATZ and BRATZ DESIGNS CREATED prior to June 30, 2001 (regardless of when or whether such was released in any form to the public), including without limitation the timing thereof, the IDENTITY of each PERSON with knowledge thereof, the IDENTITY of each PERSON involved therein, and the nature, extent and time period(s) of each such PERSON's involvement.

**Topic No. 2:** The circumstances under which BRATZ or any BRATZ DESIGN first came to YOUR attention, including without limitation the timing, method and manner thereof and the IDENTITY of each PERSON with knowledge thereof.

**Topic No. 3:** The identity of each doll, product, work or item produced, developed, manufactured, licensed, sold or offered for sale by or for YOU or on YOUR behalf that was BASED ON any BRATZ DESIGN which BRYANT CREATED.

**Topic No. 4:** To the extent not covered by Topic 3, each EMBODIMENT of any doll, doll accessory or toy that BRYANT CREATED prior to June 30, 2001.

**Topic No. 5:** The work, activities and/or services that BRYANT performed for or with YOU or on YOUR behalf prior to June 30, 2001.

**Topic No. 6:** The origin, conception and creation of DESIGNS that BRYANT CREATED prior to June 30, 2001 and in which YOU claim to have, or have ever claimed to have, any right, title or interest (whether in whole or in part).

**Topic No. 7:** The identity of, and the design, development, sculpting, development, engineering, rotocasting, modeling, prototyping and first sale of, any doll, product, work or item that has been produced, developed, manufactured, licensed, sold or offered for sale by, for or on behalf of YOU and that was BASED ON any DESIGN referenced in Topic 6.

**Topic No. 8:** Each EMBODIMENT of BRATZ that was CREATED prior to June 30, 2001 or that was at any time BASED ON any BRATZ DESIGN which was CREATED prior to June 30, 2001.

**Topic No. 10:** The email produced by MGA in this ACTION as MGA MGA000422, including without limitation the IDENTITY, current and last known location, disposition and use of the DOCUMENTS and tangible items that are referenced in such email.

**Topic No. 11:** The email and attachment produced by MGA in this ACTION as MGA000007-MGA000009, including without limitation the IDENTITY, current and last known location, disposition and use of each sculpt referenced in and depicted by such email and attachment.

EXHIBIT 31 PAGE 376

**Topic No. 12:** The showing of BRATZ at Hong Kong Toy Fair in January 2001, including without limitation the IDENTITY and whereabouts of DOCUMENTS (including photographs and videotapes) and tangible items that REFER OR RELATE TO such toy fair.

**Topic No. 15:** The exhibition, or proposed, offered, contemplated or requested exhibition, of BRATZ or any BRATZ DESIGN to any third party prior to June 30, 2001, including without limitation each instance in which BRATZ or any BRATZ DESIGN was marketed, offered for sale, pitched, shown or disclosed to, or otherwise discussed with or communicated to, any retailer, wholesaler or distributor and the DOCUMENTS that REFER OR RELATE thereto.

**Topic No. 16:** The actual, proposed, requested or contemplated manufacture, fabrication or tooling (including the production of molds) of BRATZ, including without limitation the timing thereof and the IDENTITY of each manufacturer and potential manufacturer used, proposed or considered.

**Topic No. 17:** COMMUNICATIONS prior to June 30, 2001 between YOU and any manufacturer, distributor, wholesaler, retailer, or any contemplated, proposed or potential manufacturer, distributor, wholesaler or retailer, that REFER OR RELATE TO BRATZ or any BRATZ DESIGN.

**Topic No. 18:** When and where BRATZ was first manufactured, shipped, distributed and sold, and the IDENTITIES and roles of PERSONS involved therein.

**Topic No. 20:** COMMUNICATIONS between YOU and BRYANT prior to January 1, 2001, including without limitation the content, means and timing of such COMMUNICATIONS, the IDENTITY of the PERSONS who were parties thereto and the DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

**Topic No. 21:** COMMUNICATIONS that BRYANT made for YOU or on YOUR behalf with any PERSON other than YOU that REFER OR RELATE TO BRATZ prior to June 30, 2001.

**Topic No. 23:** Each agreement or contract between YOU and any PERSON other than BRYANT that REFERS OR RELATES TO BRATZ or BRATZ DESIGNS that REFERS OR RELATES TO the time period prior to December 31, 2001 (regardless of when such agreement or contract was negotiated or executed), including without limitation the timing thereof, the negotiations, drafts and COMMUNICATIONS that REFER OR RELATE thereto, and any actual or proposed amendments thereto.

**Topic No. 25:** YOUR knowledge of, and access to, non-public MATTEL DIVA STARZ project information and DESIGNS prior to June 30, 2001.

**Topic No. 26:** The payment of money or anything of value by or for YOU or on YOUR behalf that has been made to, for or on behalf of BRYANT (a) for work, services or activities performed by BRYANT prior to January 1, 2001 (regardless of when such payment was actually made), (b) for DESIGNS CREATED by BRYANT prior to January 1, 2001 (regardless of when such payment was actually made) or (c) in connection with BRATZ or any BRATZ DESIGN at any time, including without limitation the timing, manner and amount(s) thereof and the reasons therefor.

EXHIBIT _31_ PAGE _377_

**Topic No. 29:** Your net worth.

**Topic No. 30:** The payment of money or anything of value that YOU have made or offered to make to, for or on behalf of Elise Cloonan, or that has been requested, sought or received by, for or on behalf of Elise Cloonan, and the timing, manner, amount(s) and reasons therefor.

**Topic No. 31:** COMMUNICATIONS between YOU and Elise Cloonan that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee, including without limitation the IDENTITY of DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

**Topic No. 33:** COMMUNICATIONS between YOU and Veronica Marlow, Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), Sarah Halpern, Steve Linker, Liz Hogan and/or Jesse Ramirez that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee, including without limitation all DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

**Topic No. 34:** The IDENTITY of each PERSON who, at any time since January 1, 1998, has performed any work or services for, by or on behalf of YOU while such PERSON was employed by MATTEL, the nature and timing of each such PERSON's work or services and the amount(s) paid by YOU to each such PERSON.

**Topic No. 37:** Other than those previously filed and served in this ACTION or in which Mattel, Inc.'s counsel in this ACTION was in attendance, the testimony, transcripts, declarations, affidavits and other sworn written statements of any other type by or from YOU or made on YOUR behalf that REFER OR RELATE TO BRATZ THAT REFER OR RELATE TO the time period prior to June 30, 2001 (regardless of when such testimony or sworn statement was taken, given, signed, made or filed).

**Topic No. 38:** COMMUNICATIONS between YOU and Universal Commerce Corp., Ltd. prior to June 30, 2001.

**Topic No. 40:** YOUR corporate structure since January 1, 1999, including without limitation YOUR relationship with MGA Entertainment, Inc., and the IDENTITY of YOUR officers, directors, shareholders and employees since January 1, 1999.

**Topic No. 59:** To the extent not covered by any other Topic, the roles, involvement and activities of Stephen Lee, Cecelia Kwok, Franki Tsang, Victor Lee, Victor Raymond Fung, CY Ho, Eric Yip, Jimmy Cheng and Samuel Wong in connection with BRATZ and/or ANGEL prior to December 31, 2001, including without limitation the timing of such roles, involvement and activities.

**Topic No. 60:** To the extent not covered by any other Topic, the IDENTITY, current and last known location, and disposition of DOCUMENTS that REFER OR RELATE TO BRATZ and/or ANGEL that were, prior to December 31, 2001, created, generated, sent and/or received by YOU, including without limitation by Stephen Lee, Cecelia Kwok, Franki Tsang, Victor Lee, Eric Yip, Victor Raymond Fung, CY Ho, Jimmy Cheng and/or Samuel Wong.

EXHIBIT 31 PAGE 378

**Topic No. 61:** YOUR relationship with Stephen Lee since April 1, 2004, including without limitation any agreements or contracts between YOU and/or MGA Entertainment, Inc., on the one hand, and Stephen Lee, on the other hand.

On a number of the above topics, Mattel was unable to examine Mr. Lee fully because MGA Hong Kong and MGA produced distorted images that Mr. Lee claimed rendered them unrecognizable, produced certain un-Bates-numbered pages during the course of the deposition and produced 3,000 pages of sworn statements late in the second day of the deposition. For instance, Mr. Lee could not identify a clay Bratz sculpt from early October 2000 because, as produced by MGA Hong Kong, the photograph of the clay was distorted. MGA Hong Kong has since provided a clear image at Mattel's request. Mattel should have the opportunity to examine Mr. Lee on three-dimensional prototypes and models, including on the newly produced image of the Bratz three-dimensional prototype that pre-dates Mr. Bryant's last day of employment at Mattel.

With regards to other topics, Mr. Lee failed to perform proper investigation. For instance, he failed to investigate whether MGA Hong Kong still has Bratz items sent by MGA in Los Angeles to MGA Hong Kong in September 2000. He also failed to investigate whether MGA Hong Kong has the Bratz prototypes and artwork shown at Hong Kong Toy Fair in January 2001. Further, Mr. Lee failed to investigate MGA Hong Kong's knowledge and access to non-public Mattel DIVA STARZ information and designs. He could not confirm whether or not MGA Hong Kong had ever paid money or anything of value to certain key individuals, including Mr. Bryant or third-party witnesses such as Veronica Marlow. Mr. Lee also provided a raw number representing MGA Hong Kong's present net worth, but could not provide any detail as to how that number was calculated.

Finally, Mattel did not have sufficient time to examine Mr. Lee on a number of topics because of time constraints. This included, in particular, the topics relating to the manufacturing of the Bratz dolls.

### Topics on which Mattel was not able to examine Mr. Lee at all:

**Topic No. 9:** The DRAWINGS, including without limitation the authorship, creation, dissemination and use thereof and the source, meaning, authenticity and timing of any dates thereon.

**Topic No. 19:** The licensing, including without limitation the proposed or requested licensing, of BRATZ or any BRATZ DESIGN prior to December 31, 2001, including without limitation the timing thereof, the IDENTITY of each such licensee or proposed or requested licensee and the product(s) or proposed product(s) involved.

**Topic No. 22:** YOUR agreements and contracts with BRYANT, including without limitation the timing thereof, the negotiations, drafts and COMMUNICATIONS that REFER OR RELATE thereto, and any actual or proposed amendments thereto.

**Topic No. 24:** YOUR knowledge, prior to April 29, 2004, of BRYANT's contracts and agreements with, and his obligations to, MATTEL.

EXHIBIT 31 PAGE 379

**Topic No. 27:**  Any indemnification and fee arrangement that YOU and/or BRYANT has sought, proposed, requested or obtained in connection with this ACTION.

**Topic No. 28:**  YOUR revenues and profits from BRATZ, including without limitation YOUR gross and net profits, and YOUR costs associated therewith.

**Topic No. 32:**  COMMUNICATIONS made by, for or on behalf of YOU, whether directly or indirectly, with Anna Rhee, including without limitation since February 2005 (but not including any such COMMUNICATIONS with her legal counsel).

**Topic No. 35:**  COMMUNICATIONS between YOU and BRYANT that REFER OR RELATE TO MATTEL or REFER OR RELATE TO any DOCUMENT that was prepared, authored or created by MATTEL that BRYANT has ever provided to, shown, described to, communicated to or disclosed in any manner to YOU.

**Topic No. 36:**  The applications for registration and the registrations for copyright, patent, trademark or any other right that REFER OR RELATE TO BRATZ or BRATZ DESIGNS sought, made or obtained by, for or on behalf of YOU or BRYANT, including without limitation COMMUNICATIONS pertaining thereto.

**Topic No. 39:**  The source, meaning and authenticity of SL00013-14, including without limitation the timing of its creation and the handwriting thereon.

**Topic No. 44:**  The testing of or sampling from DOCUMENTS that REFER OR RELATE TO BRATZ or BRYANT, including without limitation such testing or sampling in connection with any ink, paper or chemical analysis performed or attempted to be performed to date, any DOCUMENTS that REFER OR RELATE thereto and all results and reports relating thereto.

**Topic No. 50:**  The identity of each PERSON involved in ANGEL, and the nature and time period(s) of each such PERSON's involvement therein.

**Topic No. 51:**  The conception, design, development, production, sculpting, rotocasting, molding, modeling or prototyping of ANGEL, including without limitation the chronology thereof.

**Topic No. 52:**  The identity of, and the design, development and first sale of, any products resulting from ANGEL.

**Topic No. 53:**  The source, meaning and authenticity of the ANGEL DOCUMENTS, including of the handwritten notations thereon.

**Topic No. 54:**  The identity of any computer or computer system by or from which the ANGEL DOCUMENTS were created or generated or in which they have been maintained, and the identity of the computer programming or software used in connection therewith.

**Topic No. 55:**  The identity of DOCUMENTS and tangible items that REFER OR RELATE TO ANGEL.

EXHIBIT 3  PAGE 380

**Topic No. 56:** YOUR COMMUNICATIONS that REFER OR RELATE TO ANGEL, including without limitation with MGA Entertainment, Inc., prior to December 31, 2001.

**Topic No. 57:** The identity, source and current location of each head that was provided by, for or on behalf of YOU to Anna Rhee for painting prior to October 21, 2000.

**Topic No. 58:** The identity of each PERSON involved in the conception, design, development, production, sculpting, rotocasting, molding, modeling or prototyping of each head that was provided by, for or on behalf of YOU to Anna Rhee for painting prior to October 21, 2000.

At the parties' meet and confer on November 26, you designated Lisa Tonnu to testify regarding Topic Nos. 25, 26, 30, 33 (with respect only to payments to Veronica Marlow) and 61 of Mattel's notice. Please let me know whether MGA Hong Kong agrees to produce Mr. Lee for two additional days of deposition testimony on the remaining topics and/or intends to designate anyone else in response to any of the topics above.

Since Mattel has now been seeking the opportunity to complete MGA Hong Kong's deposition for quite some time, please let us know its position promptly and, in any event, no later than next Wednesday. Otherwise, we will proceed with our motion to compel.

Very truly yours,

B. Dylan Proctor

07209/2188947.2                    7

EXHIBIT 31 PAGE 381

# EXHIBIT 32

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER

SUITE 3800

SAN FRANCISCO, CALIFORNIA 94111-4144

TEL: (415) 984-6400

FAX: (415) 984-2698

www.skadden.com

DIRECT DIAL
415-984-2647
EMAIL ADDRESS
TMILLER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 26, 2007

Via Facsimile and E-Mail

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart
  Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE:     Mattel v. Bryant, et al.

Dear Dylan:

I write in response to your letter to me dated December 20, 2007, following up on our November 28, 2007, meet and confer regarding the deposition of Edmond Lee as the designee under Rule 30(b)(6) of the Federal Rules of Civil Procedure of MGA Entertainment (HK) Limited ("MGA HK").

First, I must correct one misstatement in your letter. You said that I "represented that MGA Hong Kong would consider producing Mr. Lee for up to two more days of additional testimony if Mattel provided further detail regarding the topics on which Mattel needed to examine Mr. Lee further." (Your 12/20 Ltr. at 1.) That is not accurate. I told you that, based on my reading of the transcript and Michael Zeller's November 15, 2007, letter to Tom Nolan, we did not see a proper basis to compel an additional two days of deposition from Mr. Lee, particularly given the fact that Mr. Lee traveled to the United States from Hong Kong for the deposition and, at your insistence and over the objections of prior counsel, Mr. Lee testified for more than 13 hours and twenty minutes over two full days, nearly double the limit of seven hours per 30(b)(6) deponent imposed by Rule 30(d)(2) of the Federal Rules of Civil Procedure. I told you that MGA HK would not categorically reject Mattel's demand for two additional days of deposition with Mr. Lee, but that Mattel would need to demonstrate a need for the additional testimony and to explain why that testimony was not obtained in the two prior days of deposition. Your December 20 letter fails to do so, but instead simply lists dozens of topics on which Mattel intends to examine Mr. Lee in any continued deposition, and makes

EXHIBIT 32 PAGE 382

B. Dylan Proctor, Esq.
December 26, 2007
Page 2

arguments about his alleged lack of preparation with respect to topics on which MGA HK has already agreed to provide supplemental testimony.

During our November 28 meet and confer regarding Mr. Lee's deposition, you were unable to identify for me a single topic on which Mattel had completed its examination of MGA HK over the course of two full days of testimony. In your December 20, 2007, letter, you say that you are "not willing to do so," and take the position that all 61 topics will remain open should we produce Mr. Lee for further examination. (Your 12/20 ltr. at 1-2.) You go on to identify 31 topics on which you obtained partial testimony, and an additional 20 topics on which you claim you obtained no testimony at all. That means that you completed at most 10 of the 61 topics propounded to MGA HK in two full days of testimony.

I am disappointed by your unwillingness to identify a single topic on which Mattel has completed its testimony of MGA HK. We are left with the inescapable conclusion that you are not negotiating with us in good faith, but instead are using the Rule 30(b)(6) deposition device as means to burden, harass and impose undue expense upon MGA HK. As I told you during our November 26 conference, MGA HK is willing to consider a reasonable amount of additional time for the deposition of MGA HK through Mr. Lee. But we cannot agree to the open-ended extension suggested by your letter. Please inform us exactly how much additional time Mattel requires to complete its examination of MGA HK, *i.e.*, the amount of time within which you would agree to complete all topics of examination of MGA HK and agree not to seek additional time from the Court.

As for the other points in your letter regarding the adequacy of Mr. Lee's 30(b)(6) deposition testimony, we either disagree or have already addressed any such claimed inadequacy through the designation of additional witnesses to testify on behalf of MGA HK on Topics 25, 26 and, 30 (through Lisa Tonnu) and Topic 61 (through Sam Khare). For example, you complain that Mr. Lee was not prepared to testify as to whether MGA HK had knowledge of or access to non-public Diva Starz information. (Your 12/20 ltr. at 5.) But this is the subject of Topic 25. You also complain that Mr. Lee was not prepared to testify as to whether MGA HK had paid money to Veronica Marlow. (Your 12/20 ltr. at 5.) You claim in your letter that I agreed to produce a witness to testify regarding such payments in response to Topic 33. But Topic 33 does not include any such payments, but instead is expressly limited to "communications" with Ms. Marlow. Nevertheless, as I told you in our November 26 conference, Ms. Tonnu will testify as to any payments made by MGA or MGA HK to Ms. Marlow since January 1, 1999, in response to Topic 15 of the Third Notice of Deposition to MGA.

You and Mr. Zeller claim in your letters that Mr. Lee was not adequately prepared to testify regarding the Hong Kong Toy Fair in January 2001 (Topics 10 and 12). As Mr. Lee testified, of the several MGA HK employees who were primarily involved in that toy fair, only Mr. Lee and Sarah Chui remain

EXHIBIT 32 PAGE 383

B. Dylan Proctor, Esq.
December 26, 2007
Page 3

employed at MGA HK. *See* Deposition Transcript of Edmond Lee, Vol. 1, dated October 4, 2007, at 102-105. Mr. Lee testified on this topic at his deposition, and Ms. Chui testified on these matters at her September 28, 2007, deposition. *See* Deposition Transcript of Sarah Chui, dated September 28, 2007, at 61:16-21, 82:13-18. Mattel therefore has the information that is reasonably available to MGA HK on those topics.

In his letter dated November 15, Mr. Zeller raised a number of points. In your November 28 letter following up on our November 26 meet and confer, you said that "the parties were unable to reach agreement with respect to the other issues raised" in Mr. Zeller's November 15 letter. During our teleconference on November 26, I told you that we disagreed with various of Mr. Zeller's other assertions, including Mr. Zeller's claims of improper coaching and belated production of documents, but you indicated that it would not be productive to debate these points. We set forth our position with respect to those remaining points here.

Mr. Zeller claimed in his November 15 letter that MGA HK's prior counsel engaged in improper coaching during the deposition. (11/15 ltr. at 2.) We continue to disagree with Mr. Zeller's contentions. With respect to the claim of improper coaching, Mr. Zeller cited two passages from the record. At page 95, lines 8-21, Mattel's counsel asked Mr. Lee a question about his preparation for one of the topics on which he was designated. MGA HK's prior counsel interjected and showed Mr. Lee a document that he had reviewed in connection with his preparation. This is not improper coaching. Prior counsel did not tell the witness what to say about the document or how to testify on the topic. A deposition under Rule 30(b)(6) is not and should not be a memory test. Given the breadth of topics included in Mattel's expansive Notice of Deposition to MGA HK, prior counsel's assistance to the witness was entirely proper. Mr. Zeller also cited to pages 146 through 148, a passage in which Mattel's counsel persisted in a vague and ambiguous use of the term "reports" even after the witness expressed confusion over the term. Prior counsel objected to the continued use of the term in order to protect the record. Lee Depo. Tr. at 146:19-148:2. Once Mattel's counsel clarified his use of the term "record," the witness testified in response to the questions. *Id.* at 148. Prior counsel was entitled to protect the record from Mattel's attempts to elicit inaccurate and ambiguous testimony. This did not constitute improper coaching.

Finally, Mr. Zeller claimed in his November 15 letter (a claim that is echoed in your December 20 letter) that Mattel "belatedly" produced documents that "were responsive to topics on which Mr. Lee was designated." (11/15 Zeller ltr. at 2.) The identification of a topic for examination in a deposition notice directed to a corporate entity under Rule 30(b)(6) of the Federal Rules of Civil Procedure does not give rise to an obligation to produce documents. Therefore, we do not know what Mr. Zeller meant when he said the documents were "responsive to topics" in Mattel's

EXHIBIT 22 PAGE 384

B. Dylan Proctor, Esq.
December 26, 2007
Page 4


notice.  You have not identified any obligation that MGA HK was under to produce the documents to which you refer at an earlier time.  MGA HK's production of those documents to facilitate Mr. Lee's testimony is hardly a basis to recall Mr. Lee from Hong Kong to provide additional testimony.


       In sum, we hope to avoid motion practice regarding Mattel's demand for additional time with Mr. Lee.  But at this point, after two full days of testimony, Mattel has taken the position that all 61 topics remain open, suggesting a seemingly endless demand for 30(b)(6) testimony.  We need to know from Mattel exactly how much time it will need to conclude MGA HK's 30(b)(6) deposition once and for all. We look forward to your response.


      Very truly yours,


      Timothy A. Miller

EXHIBIT 22 PAGE 385

# EXHIBIT 33

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

December 28, 2007

VIA FACSIMILE AND E-MAIL

Timothy Miller, Esq.
Skadden Arps, Slate, Meagher and Flom LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111

Re:    **Mattel v. Bryant**

Dear Tim:

I write in response to your letter of December 26, 2007 which was in response to my letter of December 20, 2007 regarding the deposition of Edmond Lee, MGA Entertainment (HK) Limited's designee on all 61 topics in Mattel, Inc.'s deposition of MGA Entertainment (HK) Limited ("MGA Hong Kong") pursuant to Rule 30(b)(6).

In your letter you state confusion as to the amount of additional time Mattel seeks to depose Mr. Lee. However, I stated at the parties' meetings of counsel on November 26 and 28 and in my letter of November 28 that Mattel estimates that we need approximately two more days to depose Mr. Lee. I again referenced this two-day estimate in my letter of December 20 and you reference it in your letter of December 26. Thus, it is unclear to me why you profess confusion on this issue.

Two more days in light of the large number of topics on which Mr. Lee is noticed is more than reasonable. The Discovery Master has previously ordered Paula Garcia, a Rule 30(b)(6) designee on only 24 topics to appear for four full days of deposition. MGA has produced Bryan Armstrong and Sam Khare for a total of three days of deposition on only two topics and has agreed to provide Mr. Khare for additional deposition testimony. Mattel is entitled to at least as

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT 33 PAGE 386

much time with MGA Hong Kong's designee on 61 topics; nonetheless, Mattel offered two days as a compromise to avoid motion practice.

Your letter also insists that Mattel provide the amount of time within which Mattel would agree to complete all topics of examination of MGA Hong Kong and waive any right to seek additional time from the Court. Mattel cannot agree to the latter. First, as you acknowledge in your letter, the parties were unable to come to agreement on a number of issues raised in my colleague Mike Zeller's initial letter of November 15. Thus, these issues must be decided by Judge Infante. In addition, Mattel may still need to ask the Court for additional time after Mr. Lee's continued deposition if Mr. Lee is still not prepared to testify on any topics or MGA Hong Kong's counsel engages in further improper instructions or obstruction at Mr. Lee's re-convened deposition.

Contrary to your assertion, Mattel has more than met its burden to try to avoid unnecessary motion practice. Mattel's initial meet and confer request laid out the insufficiencies of Mr. Lee's testimony in detail with cites to the record. Mattel gave counsel for MGA Hong Kong additional time to familiarize themselves with the record at counsel's request, even though Mattel was entitled to meet and confer within the time frame laid out by the Order Appointing the Discovery Master. Mattel then met and conferred *twice* in a further attempt to avoid motion practice. Finally, in reliance on MGA Hong Kong's representation that it would consider providing Mr. Lee for up to two days of additional testimony, Mattel provided MGA Hong Kong with a detailed letter laying out topic by topic those topics on which Mattel had not completed its examination and those on which Mattel had not even begun its examination.

At this late date, it now appears that MGA Hong Kong only requested the additional clarification regarding topics to delay Mattel further from filing its motion. Thus, Mattel will be proceeding with the entirety of its motion unless MGA Hong Kong immediately confirms that it will be producing Mr. Lee for two days as proposed.

Very truly yours,

B. Dylan Proctor

EXHIBIT 33 PAGE 387

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   December 28, 2007          **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy A. Miller, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | 415-984-6400 | 415.984.2698 |

**FROM:**      B. Dylan Proctor, Esq.

**RE:**      *Mattel, Inc. v. Bryant*

**MESSAGE:**



FAXED
DEC 2 8 2007

| 07209/2337346.1 | | ROUTE/ | | ☒ CONFIRM FAX |
|---|---|---|---|---|
| CLIENT # | 7209 | RETURN TO: | Tiffany Garcia/3rd Floor | ☒ INCLUDE CONF. REPORT |
| OPERATOR: | *Willu* | | CONFIRMED?   ☐ NO  ☐ YES: |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT 33 PAGE 388

12/28/2007 12:54 FAX  12134433100        QEUOH-LAO-2                                      ☒001

```
                           ***********************
                           ***   TX REPORT   ***
                           ***********************

        TRANSMISSION OK

        TX/RX NO           4677
        RECIPIENT ADDRESS  9414#07209#14159842698
        DESTINATION ID
        ST. TIME           12/28 12:52
        TIME USE           01'24
        PAGES SENT         3
        RESULT             OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22
San Francisco, CA
(415) 875-0600
Facsimile: (415) 875-

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLE**
555 Twin Dolphin Drive,
Redwood Shores, CA
(650) 801-5000
Facsimile: (650) 801-

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

DATE:      December 28, 2007

NUMBER OF PAGES, INCLUDING COVER: 3

NAME/COMPANY
Timothy A. Miller, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP

PHONE NO.
415-984-6400

FAX NO.
415.984.2698

FROM:     B. Dylan Proctor, Esq.

RE:       *Mattel, Inc. v. Bryant*

MESSAGE:

EXHIBIT 33 PAGE 389

# EXHIBIT 34

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 35

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 36

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 37

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 38

.

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 39

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 40

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 41

.

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 42

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT 43**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
      Jon D. Corey (Bar No. 185066)
3    Shane H. McKenzie (Bar No. 228978)
    865 South Figueroa Street, 10th Floor
4  Los Angeles, California  90017-2543
    Tel.: (213) 443-3000
5  Fax:  (213) 443-3100

6  Attorneys for Plaintiff and Counter-Defendant
    Mattel, Inc.
7

8                      UNITED STATES DISTRICT COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware            )   Case No. CV 04-09059 NM (RNBx)
      corporation,                      )
12                                       )
                  Plaintiff,            )   NOTICE OF DEPOSITION OF
13                                       )   MGA ENTERTAINMENT INC.
            v.                          )   PURSUANT TO FEDERAL RULE
14                                       )   OF CIVIL PROCEDURE 30(B)(6)
    CARTER BRYANT, an individual, and   )
15  DOES 1 through 10, inclusive,       )   Date:        March 1, 2005
                                         )   Time:        9:30 a.m.
16                Defendants.            )   Location:    865 S. Figueroa Street
                                         )                10th Floor
17  ─────────────────────────────────── )                Los Angeles, CA 90017
    CARTER BRYANT, on behalf of         )
18  himself, all present and former     )
    employees of Mattel, Inc., and the  )
19  general public,                      )
                                         )
20                Cross-Complainant,     )
                                         )
21          v.                          )
                                         )
22  MATTEL, INC., a Delaware            )
      corporation,                      )
23                                       )
                  Cross-Defendant.       )
24                                       )

25

26

27

28

07209/637198.1

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2             PLEASE TAKE NOTICE that on March 1, 2005, beginning at 9:30

3    a.m., plaintiff and counter-defendant Mattel, Inc. ("Mattel") will take the

4    deposition upon oral examination of defendant MGA Entertainment Inc. the

5    offices of Quinn Emanuel Urquhart Oliver & Hedges LLP, 865 S. Figueroa Street,

6    10th Floor, Los Angeles, CA 90017. Pursuant to <u>Fed. R. Civ. P.</u> 30(b)(6), MGA

7    Entertainment Inc. shall designate one or more officers, directors, managing agents

8    or other persons who consent to testify on its behalf concerning each of the topics

9    set forth in Exhibit A hereto.

10             PLEASE TAKE FURTHER NOTICE that the deposition will take

11    place before a duly authorized notary public or other officer authorized to

12    administer oaths at depositions, and will continue from day to day, Sundays,

13    Saturdays and legal holidays excepted, until completed.

14             PLEASE TAKE FURTHER NOTICE that, pursuant to <u>Fed. R. Civ.</u>

15    <u>P.</u> 30(b)(2), the deposition will be videotaped.

16

17    DATED: February 16, 2005     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

18

19

20                  By _____

21                    Michael T. Zeller
                     Attorneys for Plaintiff and Counter-Defendant

22                      Mattel, Inc.

23

24

25

26

27

28

-2-

NOTICE OF DEPOSITION OF MGA

EXHIBIT 43 PAGE 488

**EXHIBIT A**

**Definitions**

1.      "YOU" or "YOUR" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.      The "MGA PROJECTS" refers to those projects, sometimes called "Angel Faces" and/or "Prayer Angels," that are the subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734.

3.      The "SUBJECT DOCUMENTS" means each of the following: MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-26, MGA000724-28 and MGA000734.

4.      "REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

5.      "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,

07209/637198.1

-3-

1  discs, printouts and records of all types, studies, instruction manuals, policy manuals
2  and statements, books, pamphlets, invoices, canceled checks and every other device
3  or medium by which or through which information of any type is transmitted,
4  recorded or preserved. Without any limitation on the foregoing, the term
5  "DOCUMENT" shall include all copies that differ in any respect from the original or
6  other versions of the DOCUMENT, including, but not limited to, all drafts and all
7  copies of such drafts or originals containing initials, comments, notations, insertions,
8  corrections, marginal notes, amendments or any other variation of any kind.

9        6.    "PERSON" or "PERSONS" means all natural persons,
10  partnerships, corporations, joint ventures and any kind of business, legal or public
11  entity or organization, as well as its, his or her agents, representatives, employees,
12  officers and directors and any one else acting on its, his or her behalf, pursuant to its,
13  his or her authority or subject to its, his or her control.

14        7.    The singular form of a noun or pronoun includes within its
15  meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of
16  the masculine form of a pronoun also includes within its meaning the feminine form
17  of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also
18  within its meaning all other tenses of the verb so used, whenever such construction
19  results in a broader request for information; and "and" includes "or" and *vice versa*,
20  whenever such construction results in a broader disclosure of documents or
21  information.

22
23                  **Topics for Testimony**
24
25        1.    The identity of each PERSON involved in the MGA PROJECTS,
26  and the nature and time period(s) of each such PERSON's involvement therein.
27        2.    The conception, design and development of the MGA PROJECTS,
28  including without limitation the chronology thereof.

07209/637198.1

-4-

NOTICE OF DEPOSITION OF MGA

EXHIBIT 43 PAGE 490

1         3.     The identity of, and the design, development and first sale of, any
2 products resulting from the MGA PROJECTS.

3         4.     The source, meaning and authenticity of the SUBJECT
4 DOCUMENTS, including of YOUR handwritten notations thereon.

5         5.     The identity of any computer or computer system by or from
6 which the SUBJECT DOCUMENTS were created or generated or in which they have
7 been maintained, and the identity of the computer programming or software used in
8 connection therewith.

9         6.     The identity of DOCUMENTS and tangible items that REFER OR
10 RELATE TO the MGA PROJECTS.

11         7.     The identity, source and current location of each head that was
12 provided by, for or on behalf of YOU to Anna Rhee for painting prior to October 21,
13 2000.

14         8.     The identity of each PERSON involved in the conception, design,
15 development, production, sculpting, rotocasting, molding, modeling or prototyping
16 of each head that was provided by, for or on behalf of YOU to Anna Rhee for
17 painting prior to October 21, 2000.

18
19
20
21
22
23
24
25
26
27
28

NOTICE OF DEPOSITION OF MGA

EXHIBIT 43 PAGE 491

**PROOF OF SERVICE**

1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA )**
**COUNTY OF LOS ANGELES )**

    I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

    On February 16, 2005, I served the foregoing document described as **NOTICE OF DEPOSITION OF MGA ENTERTAINMENT INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)** on all interested parties in this action.

**Diana M. Torres**
**O'Melveny & Myers LLP**
400 South Hope Street
Los Angeles, California 90071-2899
TEL: 213-430-6000
**FAX: 213-430-6403**

[ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

[X]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[X]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on February 16, 2005, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Maria Albert
Print Name            Signature

EXHIBIT 43 PAGE 492

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On February 16, 2005, I served the foregoing document described as **NOTICE OF DEPOSITION OF MGA ENTERTAINMENT INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)** on all interested parties in this action.

**Robert F. Millman, Esq.**
**Douglas A. Wickham, Esq.**
**Keith A. Jacoby, Esq.**
**Littler Mendelson**
**A Professional Corporation**
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
**Fax: 310-553-5583**

[ ]   By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

[X ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on February 16, 2005, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Maria Albert
Print Name                                          Signature

EXHIBIT 43 PAGE 493

# EXHIBIT 44

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 45

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**