ORIGINAL

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                EASTERN DIVISION

11  CARTER BRYANT, an individual,         CASE NO. CV 04-9049 SGL (RNBx)

12           Plaintiff,                   Consolidated with
                                          Case No. CV 04-09059
13      vs.                               Case No. CV 05-02727

14  MATTEL, INC., a Delaware              **DISCOVERY MATTER**
    corporation,
15                                        **[To Be Heard By Discovery Master
           Defendant.                     Hon. Edward Infante (Ret.)]**
16  _____
                                          [PUBLIC REDACTED]
17  AND CONSOLIDATED ACTIONS              DECLARATION OF TAMARA JIH IN
                                          SUPPORT OF MATTEL, INC.'S
18                                        MOTION TO COMPEL
                                          PRODUCTION OF IMPROPERLY
19                                        WITHHELD MGA DOCUMENT
                                          SHOWING MGA'S AND BRYANT'S
20                                        MISREPRESENTATIONS TO THE
                                          PATENT OFFICE IN CONNECTION
21                                        WITH BRATZ AND TO COMPEL
                                          30(B)(6) TESTIMONY

22                                        Hearing Date:   January 3, 2008
                                          Time:           9:00 a.m.
23                                        Place:          Telephonic

24                                        Phase I:
                                          Discovery Cut-off: January 28, 2008
25                                        Pre-trial Conference: May 5, 2008
                                          Trial Date:  May 27, 2008

26

27

28

07209/2330753.1

                                          JIH DECLARATION ISO MOTION TO COMPEL

FILED
CLERK, U.S. DISTRICT COURT

JAN 29 2008

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

## DECLARATION OF TAMARA JIH

I, Tamara Jih, declare as follows:

1.      I am a member of the bar of the State of California and an associate of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel").  Unless otherwise noted, I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      Attached hereto as Exhibit 1 is a true and correct copy of Mattel's Fifth Set of Requests for Documents and Things to MGA, dated November 27, 2007.

3.      Attached hereto as Exhibit 2 is a true and correct copy of MGA's Objections and Responses to Mattel's Fifth Set of Requests for Documents and Things to MGA, dated December 27, 2007.

4.      Attached hereto as Exhibit 3 is a true and correct copy of the Public Redacted Version of Mattel's Second Amended Answer in Case No. 05-2727 And Counterclaims, dated July 12, 2007.

5.      Attached hereto as Exhibit 4 is a true and correct copy of relevant excerpts from the Art Attacks Ink, LLC v. MGA Entertainment, Inc. trial transcript, dated May 1, 2007, as produced by MGA as MGA 0868866 - MGA 0869098.

6.      Attached hereto as Exhibit 5 is a true and correct copy of an email Timothy Alger, counsel for Mattel, sent to Robert Herrington and Timothy Miller, counsel for MGA, dated January 28, 2008.

7209/2330753.1

1

7.      Attached hereto as Exhibit 6 is a true and correct copy of Mr. Miller's email to Mr. Alger, dated January 28, 2008.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 28, 2008, at Los Angeles, California.


Tamara Jih

JIH DECLARATION ISO MOTION TO COMPEL

)7209/2330753.1



1 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2   John B. Quinn (Bar No. 090378)
    johnquinn@quinnemanuel.com
3   Michael T. Zeller (Bar No. 196417)
    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
    Timothy L. Alger (Bar No. 160303)
5   (timalger@quinnemanuel.com)
6 865 South Figueroa Street, 10th Floor
  Los Angeles, California 90017-2543
7 Telephone:  (213) 443-3000
  Facsimile:   (213) 443-3100

8 Attorneys for Mattel, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                       EASTERN DIVISION

13 CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14            Plaintiff,                Consolidated with
                                        Case No. CV 04-09059
15      vs.                             Case No. CV 05-02727

16 MATTEL, INC., a Delaware             MATTEL, INC.'S FIFTH SET OF
   corporation,                         REQUESTS FOR DOCUMENTS AND
17                                       THINGS TO MGA
            Defendant.                  ENTERTAINMENT, INC.
18

19 AND CONSOLIDATED CASES

20

21

22

23

24

25

26

27

28

07209/2302419.1

11-27

MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS

EXHIBIT ___3___

PAGE _____

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure,

2  Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to

3  these document requests ("Requests") and make available for inspection and

4  copying originals of the following documents within 30 days of service at the

5  offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

6  Street, 10th floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement

7  responses to these requests at such times and to the extent required by Rule 26(e) of

8  the Federal Rules of Civil Procedure.

9

10 **I.     DEFINITIONS**

11         A.     "YOU," "YOUR" and "MGA" means MGA Entertainment, Inc.

12  and all current or former subsidiaries, divisions, AFFILIATES, predecessors-in-

13  interest and successors-in-interest.  Without limiting the foregoing, MGA

14  Entertainment, Inc. includes ABC International Traders and ABC International

15  Traders, Inc.

16         B.     "LARIAN" means Isaac Larian, any FAMILY MEMBER of

17  Isaac Larian, and any trust of which Isaac Larian is a trustee or of which any

18  FAMILY MEMBER of Isaac Larian is a beneficiary including, without limitation,

19  the Isaac and Angela Larian Trust and the Isaac Larian Annuity Trust.

20         B.     "DOCUMENT" or "DOCUMENTS" means all "writings" and

21  "recordings" as those terms are defined in Rule 1001 of the Federal Rules of

22  Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all

23  writings, including but not limited to handwriting, typewriting, printing, image,

24  photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

25  to) electronic mail (including instant messages and text messages) or facsimile,

26  video and audio recordings, and every other means of recording upon any tangible

27  thing, any form of communication or representation, and any record thereby created,

28  regardless of the manner in which the record has been stored, and all non-identical

07209/2302419.1

MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS

EXHIBIT ___

PAGE ___ 4

1  copies of such DOCUMENTS, in the possession, custody, or control of YOU,

2  YOUR counsel, or any other PERSON acting on YOUR behalf.

3      C.    "AFFILIATES" means any and all corporations, proprietorships,

4  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

5  indirectly, in whole or in part, own or control, are under common ownership or

6  control with, or are owned or controlled by a PERSON, party or entity, including

7  without limitation each parent, subsidiary and joint venture of such PERSON, party

8  or entity.

9      D.    "IDENTIFY" or "IDENTITY" means the following:

10     (a)    With reference to an individual, means such individual's name,

11  current or last known business title, current or last known business affiliation,

12  current or last known relationship to YOU, current or last known residential and

13  business address, and current or last known telephone number.

14     (b)    With reference to an account with a bank or financial institution,

15  means the name and address of the bank or financial institution, the account

16  number(s) for or otherwise associated with such account and the name of each

17  holder, including without limitation each beneficial holder, of each such account.

18     E.    "FAMILY MEMBER" means any PERSON who at any time is,

19  was or has been a parent, spouse, child or sibling of another PERSON.

20     F.    "RELATING," "RELATING TO," "REFERRING OR

21  RELATING TO," or "REFER OR RELATE TO" means any and all of the following

22  terms and their synonyms:  refer to, discuss, constitute, evidence, pertain to,

23  mention, support, contradict, negate, bear on, touch on, contain, embody, reflect,

24  identify, state, deal with, concern, comment on, summarize, respond to, relate to, or

25  describe.

26     G.    "PERSON," in the plural as well as the singular, means any

27  natural person, association, partnership, corporation, joint venture, government

28

07209/2302419.1

-3-

EXHIBIT ____

PAGE ____

5

1   entity, organization, trust, institution, proprietorship, or any other entity recognized
2   as having an existence under the laws in the United States or any other nation.

3       H.    The singular form of a noun or pronoun includes within its
4   meaning the plural form of the noun or pronoun so used, and vice versa; the use of
5   the masculine form of a pronoun also includes within its meaning the feminine form
6   of the pronoun so used, and vice versa; the use of any tense of any verb includes
7   also within its meaning all other tenses of the verb so used, whenever such
8   construction results in a broader request for information; and "and" includes "or"
9   and vice versa, whenever such construction results in a broader disclosure of
10  documents or information.

11

12  **II.    INSTRUCTIONS**

13      A.    YOU are to produce all requested DOCUMENTS in YOUR
14  possession, custody or control.

15      B.    If YOU contend that YOU are not required to produce certain
16  DOCUMENTS called for by these Requests on the grounds of a privilege or
17  protection that YOU are not prepared to waive, identify each such DOCUMENT
18  and provide the following information:

19      1.    the date and type of the DOCUMENT, the author(s) and all
20            recipients;
21      2.    the privilege or protection that YOU claim permits YOU to
22            withhold the DOCUMENT;
23      3.    the title and subject matter of the DOCUMENT;
24      4.    any additional facts on which YOU base YOUR claim of
25            privilege or protection; and
26      5.    the identity of the current custodian of the original of the
27            DOCUMENT.

28

07209/2302419.1

-4-

MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS

EXHIBIT ____

PAGE ____

C.     DOCUMENTS shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

D.     The DOCUMENTS should be produced in their complete and unaltered form.  Attachments to DOCUMENTS should not be removed.  The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance.  If emails are produced that had attachments, the attachments shall be attached when produced.

E.     DOCUMENTS in electronic form shall be produced in that form.

F.     In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

1.     the date and type of the DOCUMENT, the author(s) and all recipients;

2.     the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;

3.     the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

4.     the PERSONS who were authorized to carry out such destruction or discard;

5.     the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and

6.     whether any copies of the document exist and, if so, the name of the custodian of each copy.

EXHIBIT ___

PAGE ___

## III. REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

YOUR Articles of Incorporation and any amendments thereto.

REQUEST FOR PRODUCTION NO. 2:

YOUR By-Laws and any amendments thereto.

REQUEST FOR PRODUCTION NO. 3:

YOUR Notice of Incorporation as it appeared when first published and any amendments thereto.

REQUEST FOR PRODUCTION NO. 4:

YOUR quarterly and annual profits and loss statements (both audited and unaudited) from the date of YOUR incorporation to 1999.

REQUEST FOR PRODUCTION NO. 5:

YOUR quarterly and annual financial statements (both audited and unaudited) from the date of YOUR incorporation to 1999.

REQUEST FOR PRODUCTION NO. 6:

YOUR general ledger from the date of YOUR incorporation to 1999.

REQUEST FOR PRODUCTION NO. 7:

YOUR federal and state tax returns for each year from the date of YOUR incorporation to the present.

07209/2302419.1

MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS

EXHIBIT ___

PAGE ___ 8

REQUEST FOR PRODUCTION NO. 8:

DOCUMENTS sufficient to evidence any and all meetings of shareholders of MGA, including the date, time and location of the meeting and the IDENTITY of each PERSON in attendance.

REQUEST FOR PRODUCTION NO. 9:

The minutes of all meetings of shareholders of MGA.

REQUEST FOR PRODUCTION NO. 10:

DOCUMENTS sufficient to evidence any and all meetings of the board of directors of MGA, including the date, time and location of the meeting and the IDENTITY of each PERSON in attendance.

REQUEST FOR PRODUCTION NO. 11:

The minutes of all meetings of the board of directors of MGA.

REQUEST FOR PRODUCTION NO. 12:

DOCUMENTS sufficient to show any and all salary, benefits or any other compensation paid to LARIAN or any business affiliated with LARIAN, including to whom the payments were made, the amounts paid and the dates of payment.

REQUEST FOR PRODUCTION NO. 13:

DOCUMENTS sufficient to show any and all payments or transfers of anything of value to LARIAN or any business affiliated with LARIAN, including to whom the payments or transfers were made, the amounts of the payments or the value of the item transferred and the dates of the payments or transfers.

EXHIBIT /

PAGE 9

1  REQUEST FOR PRODUCTION NO. 14:

2       Statements for accounts maintained by YOU at any bank or other

3  financial institution sufficient to show any and all payments to LARIAN or any

4  business affiliated with LARIAN.

5

6  REQUEST FOR PRODUCTION NO. 15:

7       DOCUMENTS sufficient to show any and all payments of dividends to

8  LARIAN or any business affiliated with LARIAN, including to whom the dividends

9  were paid, the amounts paid and the dates of payment.

10

11  REQUEST FOR PRODUCTION NO. 16:

12       DOCUMENTS sufficient to show any and all distributions to LARIAN

13  or any business affiliated with LARIAN, including to whom the distributions were

14  made, the amounts of the distributions and the dates the distributions were made.

15

16  REQUEST FOR PRODUCTION NO. 17:

17       DOCUMENTS sufficient to show any and all advances of funds to

18  LARIAN or any business affiliated with LARIAN for services to be performed at a

19  later date, including the amount of the advance, the date of the advance, the services

20  to be performed, whether the services were performed and, if so, when they were

21  performed.

22

23  REQUEST FOR PRODUCTION NO. 18:

24       DOCUMENTS sufficient to show any and all gifts to LARIAN or any

25  business affiliated with LARIAN, including to whom the gift was made, when the

26  gift was made, the nature, amount and value of the gift and the reasons for making

27  the gift.

28

07209/2302419.1

-8-

EXHIBIT _____

PAGE ___/0___

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS sufficient to show any and all loans from MGA to LARIAN or any business affiliated with LARIAN, including the date of the loan, the amount of the loan, the interest rate, if any, whether the loan has been repaid or forgiven in whole or in part and, if so, when and by whom.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to show any and all loans from LARIAN or any business affiliated with LARIAN to MGA, including the date of the loan, the amount of the loan, the interest rate, if any, whether the loan has been repaid or forgiven in whole or in part and, if so, when and by whom.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to show any and all obligations of LARIAN or any business affiliated with LARIAN guaranteed or cosigned by MGA, including the IDENTITY of the PERSON whose obligation was guaranteed or cosigned, the identity of the creditor or lender, the nature and amount of the obligation, the date the obligation was guaranteed or cosigned, whether the obligation has been satisfied and, if so, when and by whom.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show any and all obligations of MGA guaranteed or cosigned by LARIAN or any business affiliated with LARIAN, including the IDENTITY of the PERSON who guaranteed or cosigned the obligation, the identity of the creditor or lender, the nature and amount of the obligation, the date the obligation was guaranteed or cosigned, whether the obligation has been satisfied and, if so, when and by whom.

07209/2302419.1

-9-

EXHIBIT ___

PAGE ___

1   REQUEST FOR PRODUCTION NO. 23:

2          DOCUMENTS sufficient to IDENTIFY each and every PERSON who

3   has owned stock in MGA at any time including, without limitation, DOCUMENTS

4   sufficient to show whether such PERSON is a FAMILY MEMBER of Isaac Larian.

5

6   REQUEST FOR PRODUCTION NO. 24:

7          For each PERSON who has owned stock in MGA, DOCUMENTS

8   sufficient to show the number of shares of stock owned by such PERSON, the

9   percentage of shares owned as measured against the total outstanding shares, the

10   dates upon which the PERSON acquired the shares, the consideration paid or

11   promised for the shares and the dates on which such consideration was paid or

12   promised.

13

14   REQUEST FOR PRODUCTION NO. 25:

15          DOCUMENTS sufficient to show the total outstanding shares of MGA

16   stock at any time from the incorporation of MGA to the present.

17

18   REQUEST FOR PRODUCTION NO. 26:

19          All DOCUMENTS that REFER OR RELATE TO the issuance of

20   MGA stock certificates any time since the incorporation of MGA to the present,

21   including without limitation to whom they were issued and the dates of issuance.

22

23   REQUEST FOR PRODUCTION NO. 27:

24          All DOCUMENTS, including without limitation all

25   COMMUNICATIONS, that REFER OR RELATE TO the purchase, sale, transfer,

26   alienation, pledge, hypothecation or alienation of MGA stock or any ownership

27   interest in MGA.

28

07209/2302419.1

-10-

MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS

EXHIBIT ___

PAGE ___ 12

1  REQUEST FOR PRODUCTION NO. 28:

2        All DOCUMENTS, including without limitation all

3  COMMUNICATIONS, that REFER OR RELATE TO any instance in which any

4  shareholder, stockholder or other owner of any interest in MGA lost, misplaced or

5  was unable to locate original MGA stock certificates or in which any shareholder,

6  stockholder or other owner of any interest in MGA requested that any PERSON

7  attest to or assert such loss, misplacement or inability to locate, including without

8  limitation the emails between Isaac Larian and Jahangir Makabi requesting that

9  Makabi sign an affidavit that he lost his original stock certificates despite Makabi's

10  protestation that he never had any such certificates.

11

12  REQUEST FOR PRODUCTION NO. 29:

13        All DOCUMENTS that REFER OR RELATE TO how MGA was

14  capitalized upon its incorporation including, without limitation, the IDENTITY of

15  each PERSON who purchased or subscribed to stock in MGA, the number of shares

16  purchased or subscribed by each such PERSON, the amount paid or promised for

17  the shares purchased or subscribed by each such PERSON and the dates such

18  amounts were paid or promised.

19

20  REQUEST FOR PRODUCTION NO. 30:

21        DOCUMENTS sufficient to show how MGA has been capitalized from

22  the date of its incorporation to the present.

23

24  REQUEST FOR PRODUCTION NO. 31:

25        DOCUMENTS sufficient to show any and all payments of dividends to

26  any shareholder of MGA, including to whom the dividends were paid, the amounts

27  paid and the dates of payment.

28

EXHIBIT _____

PAGE _____  13

REQUEST FOR PRODUCTION NO. 32:

DOCUMENTS sufficient to show any and all distributions to any shareholders of MGA, including to whom the distributions were made, the amounts of the distributions and the dates the distributions were made.

REQUEST FOR PRODUCTION NO. 33:

DOCUMENTS sufficient to IDENTIFY each PERSON who has served as an officer or director of MGA including, without limitation, the offices or positions held by each such PERSON and the dates such offices or positions were held.

REQUEST FOR PRODUCTION NO. 34:

DOCUMENTS sufficient to show any and all salary, benefits or any other compensation paid to any officer, director or shareholder of MGA, including to whom the payments were made, the amounts paid and the dates of payment.

REQUEST FOR PRODUCTION NO. 35:

DOCUMENTS sufficient to show any and all payments or transfers of anything of value to any officer, director or shareholder of MGA, including to whom the payments or transfers were made, the amounts of the payments or the value of the item transferred and the dates of the payments or transfers.

REQUEST FOR PRODUCTION NO. 36:

DOCUMENTS sufficient to show any and all salary, benefits or any other compensation paid to any officer, director or shareholder of MGA, including to whom the payments were made, the amounts paid and the dates of payment.

07209/2302419.1

EXHIBIT ___
PAGE __14__

REQUEST FOR PRODUCTION NO. 37:

DOCUMENTS sufficient to show any and all payments or transfers of anything of value to any officer, director or shareholder of MGA, including to whom the payments or transfers were made, the amounts of the payments or the value of the item transferred and the dates of the payments or transfers.

REQUEST FOR PRODUCTION NO. 38:

DOCUMENTS sufficient to show any and all salary, benefits or any other compensation paid to any FAMILY MEMBER of any officer, director or shareholder of MGA, including to whom the payments were made, the amounts paid and the dates of payment.

REQUEST FOR PRODUCTION NO. 39:

DOCUMENTS sufficient to show any and all payments or transfers of anything of value to any FAMILY MEMBER of any officer, director or shareholder of MGA, including to whom the payments or transfers were made, the amounts of the payments or the value of the item transferred and the dates of the payments or transfers.

REQUEST FOR PRODUCTION NO. 40:

Statements for accounts maintained by YOU at any bank or other financial institution sufficient to show any and all payments to any officer, director or shareholder of MGA.

REQUEST FOR PRODUCTION NO. 41:

Statements for accounts maintained by YOU at any bank or other financial institution sufficient to show any and all payments to any FAMILY MEMBER of any officer, director or shareholder of MGA.

07209/2302419.1

-13-

EXHIBIT ___

PAGE ___ 15

REQUEST FOR PRODUCTION NO. 42:

DOCUMENTS sufficient to show any and all advances of funds to any officer, director or shareholder of MGA for services to be performed at a later date, including the amount of the advance, the date of the advance, the services to be performed, whether they were performed and when they were performed.

REQUEST FOR PRODUCTION NO. 43:

DOCUMENTS sufficient to show any and all gifts to any officer, director or shareholder of MGA, including to whom the gift was made, when the gift was made, the nature, amount and value of the gift and the reason for making the gift.

REQUEST FOR PRODUCTION NO. 44:

DOCUMENTS sufficient to show any and all gifts to any FAMILY MEMBER of any officer, director or shareholder of MGA, including to whom the gift was made, when the gift was made, the nature, amount and value of the gift and the reason for making the gift.

REQUEST FOR PRODUCTION NO. 45:

DOCUMENTS sufficient to show any and all obligations of any officer, director or shareholder of MGA guaranteed or cosigned by MGA, including the IDENTITY of the PERSON whose obligation was guaranteed or cosigned, the identity of the creditor or lender, the nature and amount of the obligation, the date the obligation was guaranteed or cosigned, whether the obligation has been satisfied and, if so, by whom.

07209/2302419.1

EXHIBIT ___/___

PAGE ___/6___

1  REQUEST FOR PRODUCTION NO. 46:

2        DOCUMENTS sufficient to show any and all obligations of MGA

3  guaranteed or cosigned by any officer, director, shareholder or employee of MGA,

4  including the IDENTITY of the PERSON who guaranteed or cosigned the

5  obligation, the identity of the creditor or lender, the nature and amount of the

6  obligation, the date the obligation was guaranteed or cosigned, whether the

7  obligation has been satisfied and, if so, by whom.

8

9  REQUEST FOR PRODUCTION NO. 47:

10        For each account maintained in the name of MGA at any bank or other

11  financial institution, a copy of each and every monthly statement from the date of

12  YOUR incorporation to the present, and DOCUMENTS sufficient to IDENTIFY

13  each PERSON authorized to sign checks on or access the account.

14

15  DATED:  November 27, 2007

16                        QUINN EMANUEL URQUHART OLIVER &
                          HEDGES, LLP
17

18                        By
19                          Scott B. Kidman
                            Attorneys for Mattel, Inc.
20

21

22

23

24

25

26

27

28

07209/2302419.1

MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS

EXHIBIT ___

PAGE ___ 17

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On November 27, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.** on the parties in this action as follows:

Thomas Nolan, Esq.
**SKADDEN ARPS SLATE MEAGHER
& FLOM, LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 27, 2007, at Los Angeles, California.

NOW LEGAL -- Dave Quintana

07209/2305585.1                    -1-

1

## PROOF OF SERVICE

2    I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3    Street, 10th Floor, Los Angeles, California 90017-2543.

4    On November 27, 2007, I served true copies of the following document(s) described as
**MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**
5    **MGA ENTERTAINMENT, INC.** on the parties in this action as follows:

6        Mark E. Overland, Esq.                    Michael H. Page, Esq.
         David C. Scheper, Esq.                   **KEKER & VAN NEST, LLP**
7        Alexander H. Cote                         710 Sansome Street
         **OVERLAND BORENSTEIN**                  San Francisco, CA 94111
8        **SCHEPER & KIM LLP**
         300 South Grand Avenue, Suite 2750
9        Los Angeles, CA 90071-3144

10   **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I
deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with
11   postage thereon fully prepaid.

12       I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.
13

14       Executed on November 27, 2007, at Los Angeles, California.

15

16       _____
         Charlene Ho
17

18

19

20

21

22

23

24

25

26

27

28

07209/2305581.1

EXHIBIT _____

PAGE _____ 19

**RECEIVED**

DEC 27 2007

1 THOMAS J. NOLAN (Bar No. 66992)
  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 300 South Grand Avenue
  Los Angeles, California 90071-3144
3 Telephone: (213) 687-5000
  Facsimile: (213) 687-5600
4 E-mail: tnolan@skadden.com

5 RAOUL D. KENNEDY (Bar No. 40892)
  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 Four Embarcadero Center, Suite 3800
  San Francisco, CA 94111
7 Telephone: (415) 984-6400
  Facsimile: (415) 984-2698

8

9 Attorneys for MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA
  ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

13 CARTER BRYANT, an individual       )  CASE NO. CV 04-9049 SGL (RNBx)
                                       )
14              Plaintiff,             )  Consolidated with Case No. 04-9059
                                       )  and Case No. 05-2727
15      v.                             )
                                       )  **MGA ENTERTAINMENT,**
16 MATTEL, INC., a Delaware           )  **INC.'S OBJECTIONS AND**
   corporation                         )  **RESPONSES TO MATTEL**
17                                     )  **INC.'S FIFTH SET OF**
                Defendant.             )  **REQUESTS FOR**
18                                     )  **DOCUMENTS AND THINGS**
                                       )  **TO MGA ENTERTAINMENT,**
19                                     )  **INC.**
                                       )
20                                     )  Honorable Stephen G. Larson
                                       )  Courtroom 1
21                                     )
22                                     )
   Consolidated with MATTEL, INC. v.   )
23 BRYANT and MGA                      )
   ENTERTAINMENT, INC. v.              )
24 MATTEL, INC.                        )
                                       )
25                                     )

26 PROPOUNDING PARTY:      MATTEL, INC.

27 RESPONDING PARTY:       MGA ENTERTAINMENT, INC.

28 SET NUMBER:             FIFTH          12/27

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

EXHIBIT 2

PAGE 20

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, MGA

2  Entertainment, Inc. ("MGA") hereby submits these responses and objections (the

3  "Response") to Mattel, Inc.'s ("Mattel's") Fifth Set of Requests for Production of

4  Documents to MGA (the "Requests").

5                            **GENERAL RESPONSE**

6    The General Response and General and Specific Objections set forth herein

7  apply to all documents that MGA may in the future produce in response to the

8  Requests. The Response is made without waiving, or intending to waive but, on the

9  contrary, expressly reserving: (a) the right to object, on the grounds of competency,

10  privilege, relevancy or materiality, or any other proper grounds, to the use of the

11  documents, for any purpose in whole or in part, in any subsequent step or proceeding

12  in this action or any other action; (b) the right to object on any and all grounds, at

13  any time, to other requests for production or other discovery procedures involving or

14  relating to the subject matter of the Requests; and (c) the right at any time to revise,

15  correct, add to, or clarify any of the responses propounded herein.

16    The Response reflects only the present state of MGA's discovery regarding the

17  documents that Mattel seeks. Except as otherwise stated below, an objection to a

18  specific document request does not imply that documents responsive to the request

19  exist or have ever existed. In addition, an agreement to produce documents

20  responsive to any specific document request does not imply that documents

21  responsive to the request exist or have existed; rather, it is an agreement to produce

22  non-privileged documents responsive to that particular document request as limited

23  by or interpreted in any applicable General or Specific objections, if any exist.

24  Production of any document is not intended as, and, to the extent permitted by law,

25  shall not be deemed to be, a waiver of any objection set forth herein. Discovery and

26  other investigation or research concerning this litigation are continuing. MGA,

27  therefore, reserves the right to amend or supplement this Response at any time in

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

1

EXHIBIT 2

PAGE 21

1  light of future investigation, research or analysis, and also expressly reserves the

2  right to rely on, at any time, including trial, subsequently discovered information or

3  information omitted from this Response as a result of mistake, error, oversight or

4  inadvertence.  MGA does not hereby admit, adopt or acquiesce in any factual or

5  legal contention, assertion or characterization contained in the Request or any

6  particular request therein, even where MGA has not otherwise objected to a

7  particular request, or has agreed to produce documents responsive to a particular

8  request.

9      MGA invites Mattel to meet and confer regarding these Reponses, the scope

10  of the Requests, and arriving at protocol for production of documents in this

11  litigation.

12                              **GENERAL OBJECTIONS**

13      MGA incorporates the following General Objections, as well as the General

14  Response, into its Specific Responses and Objections to each and every request for

15  documents contained in the Requests:

16          1.      MGA objects to the date and place of production on the grounds

17  that they impose an undue burden on MGA.  The time set for compliance is unduly

18  burdensome, especially in light of the number of document requests, and the scope

19  and volume of the material being sought.  To the extent MGA later agrees to produce

20  responsive documents, MGA intends to proceed expeditiously to collect the

21  documents for production, if any, and will produce them at a date and time, and in

22  such a manner, as may be mutually agreed to by counsel for the parties.

23          2.      MGA objects to the Requests to the extent that they seek

24  documents not relevant to the claims or defenses in this action and are not reasonably

25  calculated to lead to the discovery of admissible evidence.

26          3.      MGA objects to the Requests on the grounds that they are overly

27  broad and unduly burdensome.

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

2

EXHIBIT 2

PAGE 22

1       4.     MGA objects to the Requests insofar as they seek documents that

2 are protected from disclosure under any applicable privilege, doctrine or immunity,

3 including without limitation the attorney-client privilege, the attorney work product

4 doctrine, the right of privacy, and all other privileges recognized under the

5 constitutional, statutory or decisional law of the United States of America or any

6 other applicable jurisdiction. MGA shall not produce such documents in response to

7 Mattel's Request. Any production of such protected or privileged materials is

8 inadvertent and shall not be construed as a waiver of those privileges or protections.

9       5.     MGA objects to the Requests insofar as they seek documents that

10 by reason of public filing, public distribution or otherwise are already in Mattel's

11 possession or are readily accessible to Mattel from public sources or third parties.

12       6.     MGA objects to the Requests insofar as they seek production of

13 documents (1) not within its possession, custody or control; (2) that MGA cannot

14 locate after a reasonably diligent search; or (3) that refer to persons, entities, or

15 events not known to MGA. Such instructions, definitions, or requests are

16 objectionable where they subject MGA to unreasonable and undue annoyance,

17 oppression, burden, and expense; and/or seek to impose upon MGA an obligation to

18 produce documents from sources equally accessible to Mattel. To the extent MGA

19 agrees to produce documents in response to the Requests, MGA will make a

20 reasonably diligent search for responsive documents within its possession, custody or

21 control.

22       7.     In responding to Mattel's Requests, MGA has not and will not

23 comply with any instructions or definitions that seek to impose requirements in

24 addition to those imposed by Federal law.

25       8.     MGA objects to each and every request to the extent it purports to

26 require MGA to search all documents and things within its possession, custody or

27 control or within the possession, custody or control of any of MGA's current or

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

3

EXHIBIT 2

PAGE 23

1  former employees, officers, directors, agents, representatives, attorneys, parents,

2  subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest,

3  and any other person acting on its behalf, pursuant to its authority or subject to its

4  control, on the grounds that such request is unreasonable, overbroad, unduly

5  burdensome and oppressive, violates the right to privacy, and purports to require

6  MGA to search for documents not within its possession, custody or control.  To the

7  extent MGA agrees to produce documents in response to the Requests, MGA will

8  make a reasonably diligent search for responsive documents within its possession,

9  custody or control and located at MGA's Van Nuys, California offices.

10          9.      MGA objects to each and every request to the extent it seeks "all

11  documents" responsive to a certain category on the grounds that such request is

12  overbroad and unduly burdensome and oppressive.  MGA will not respond to

13  duplicative or cumulative requests and will not re-produce documents it has already

14  produced or produce documents that it has received from Mattel or others in the

15  course of discovery in this matter.

16          10.     MGA objects to the Requests insofar as they seek production of

17  confidential, proprietary, or trade-secret information, the disclosure of which would

18  be inimical to the business interests of MGA.

19          11.     MGA objects to each request to the extent it seeks information

20  relating to the activities or conduct of other entities or non-parties.

21          12.     MGA objects to each request to the extent it seeks information

22  relating to activities or conduct in foreign countries.

23          13.     MGA objects to the Definitions and Instructions to the extent

24  such Definitions and Instructions purport to enlarge, expand, or alter in any way the

25  plain meaning and scope of any specific term or specific request on the ground that

26  such enlargement, expansion, or alteration renders such a term or request vague,

27  ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

4

EXHIBIT _2_

PAGE _24_

14.     MGA objects to the Instructions to the extent that they purport to deprive MGA of the right to redact information from any documents "for any reason." MGA retains and reserves the right to redact documents on any appropriate grounds, including in particular for privilege.

15.     MGA specifically objects to the following definitions in the Requests:

(a)     MGA objects to the terms "YOU," "YOUR" and "MGA" (Definitions ¶ A) as vague, ambiguous, overbroad, and unduly burdensome. The definition includes "MGA Entertainment, Inc., and all current or former subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest." Because of Mattel's incorporating the overbroad definition of "AFFILIATE" (Definitions ¶ C) as including "any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such PERSON, party or entity," it is impossible for MGA to know whether a particular person comes within this definition unless that person or entity at some point in time held himself or herself out as being affiliated with MGA. Thus, "YOU," "YOUR," and "MGA" will be interpreted to mean all persons or entities who hold themselves out to MGA as officers, employees, agents, subsidiaries or divisions of MGA.

(b)     MGA objects to the definition of the term "LARIAN" (Definitions ¶ B, first instance) as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead and confuse the trier of fact. The definition includes "Isaac Larian, any FAMILY MEMBER of Isaac Larian, and any trust of which Isaac Larian is a trustee or of which any FAMILY MEMBER of Isaac Larian is a beneficiary . . . ." By incorporating the definition of "FAMILY MEMBER" the

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

5

EXHIBIT 2   PAGE 25

1  overly broad definition of "LARIAN" includes "any PERSON who at any time is,

2  was or has been a parent, spouse, child or sibling of another PERSON" (Definitions

3  ¶ E.) This definition of "FAMILY MEMBER," which is itself overbroad, also

4  includes the definition of "PERSON," which includes both singular and plural

5  versions of "any natural person, association, partnership, corporation, joint venture,

6  government entity, organization, trust, institution, proprietorship, or *any other entity*

7  *recognized as having an existence under the laws in the United States or any other*

8  *nation*." (Definitions ¶ G (emphasis added).)   The definitions of both "FAMILY

9  MEMBER" and "PERSON" are objectionable by themselves, as explained below.

10  Moreover, these convoluted and multi-part definitions combine to render the

11  document requests that refer to the term "LARIAN" vague, ambiguous and overly

12  broad, and include within the term "LARIAN" things that are not related to Isaac

13  Larian or his family.  In responding to the Requests, MGA will interpret the term

14  "LARIAN" to mean Isaac Larian.

15            (c)     MGA objects to the term "FAMILY MEMBER,"

16  (Definitions ¶ E) as vague, ambiguous, overly broad and unduly burdensome, and

17  designed to mislead and confuse the trier of fact.  The definition includes "any

18  PERSON who at any time is, was or has been a parent, spouse, child or sibling of

19  another PERSON."  This definition is obviously overly broad on its face because it

20  includes every man, woman, and child ever to walk the Earth.  This definition is

21  further objectionable because it is a convoluted and multi-part definition that renders

22  the document requests that refer to "FAMILY MEMBER" vague, ambiguous and

23  overly broad, and includes within the term "FAMILY MEMBER" things that cannot

24  be family members, such as government entities, *any* entities recognized by this

25  country or *any* other nation, and others incorporated by way of the term "PERSON."

26  (See Definitions ¶ G.)

27

28

EXHIBIT  2

1            (d)    MGA also objects to the terms "RELATING,"

2   "RELATING TO," "REFERRING OR RELATING TO," and "REFER OR RELATE

3   TO" (Definitions ¶ F) on the grounds and to the extent they are overbroad, unduly

4   burdensome, and/or are vague and ambiguous in the context of the Requests as

5   written and as those requests would be plainly understood absent Mattel's definitions.

6           16.    MGA objects to the Requests to the extent they seek the

7   production of documents in their native format where the burden of such production

8   outweighs the likelihood of discovering information that is relevant to the subject

9   matter of the claims or defenses in this action or calculated to lead to the discovery

10   of admissible evidence.

11           17.    MGA objects to the Requests on the grounds that they are

12   harassing, oppressive and unduly burdensome.  Before these Requests, Mattel has

13   already propounded 1010 requests for documents and things to MGA, MGA

14   Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

15   ("the MGA Parties"), in response to which the MGA Parties have already produced

16   approximately 3.4 million pages of responsive documents.  MGA is, however,

17   willing to meet and confer regarding the additional 88 requests propounded in

18   Mattel's Fifth Set of Requests for Documents and Things to MGA.

19   **SPECIFIC RESPONSES AND OBJECTIONS**

20       Without waiving or departing from its General Response and General

21   Objections and specifically incorporating its General Response and General

22   Objections into each of the Specific Responses and Objections below, MGA makes

23   the following specific responses and objections to the Requests:

24   REQUEST FOR PRODUCTION NO. 1:

25       YOUR Articles of Incorporation and any amendments thereto.

26

27

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

7

EXHIBIT 2

PAGE 27

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

2       MGA incorporates by reference its General Response and General Objections

3  above, as though fully set forth herein and specifically incorporates General

4  Objection No. 15 (regarding Definitions), including without limitation MGA's

5  objection to the definition of the terms YOUR, and its incorporated terms

6  AFFILIATES and PERSON.  MGA further objects to the request to the extent it

7  seeks the production of documents that are protected from disclosure under any

8  applicable privilege, doctrine or immunity, including without limitation the attorney-

9  client privilege, the work product doctrine, the right of privacy, and all other

10  privileges recognized under the constitutional, statutory or decisional law of the

11  United States of America, the State of California or any other applicable jurisdiction.

12  MGA further objects to this request on the grounds that it is overly broad and unduly

13  burdensome in that it seeks documents not relevant to the claims or defenses in this

14  action and not reasonably calculated to lead to the discovery of admissible evidence.

15  Mattel has not demonstrated how *all* YOUR Articles of Incorporation and *any*

16  amendments thereto could be relevant to the claims and defenses in this action.  The

17  request is not limited to the subject matter of this action and is thus impermissibly

18  overbroad.  See Magistrate Judge Infante's August 13, 2007 Order ("Aug. 13 Order")

19  at 9:17-20; see also Magistrate Judge Infante's May 22, 2007 Order ("May 22 Order")

20  at 21:5-7 (requests that require production of documents "merely mention[ing] MGA

21  and Bratz but that otherwise have no relevance to the claims and defenses in the suit"

22  are impermissibly overbroad).  MGA further objects to this request as being overly

23  broad and unduly burdensome on the grounds that it is not limited in time or

24  geographical scope.  MGA further objects to this request on the grounds that the

25  phrase "any amendments" renders the request vague, ambiguous, overly broad and

26  unduly burdensome.  MGA further objects to the request to the extent that it seeks

27  documents that by reason of public filing, public distribution or otherwise are already

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
8

EXHIBIT ___2___

PAGE ___28___

1  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the

2  request to the extent that it seeks documents not in MGA's possession, custody or

3  control.  MGA further objects to the request to the extent it seeks confidential,

4  proprietary or commercially sensitive information, the disclosure of which would be

5  inimical to the business interests of MGA.  MGA further objects to the request to the

6  extent it violates the privacy rights of third parties to their private, confidential,

7  proprietary or trade secret information.

8      MGA further objects to this request as cumulative, duplicative, and unduly

9  burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

11  including, but not limited to: Request No. 41 from Mattel, Inc.'s First Set of Requests

12  for Production of Documents and Tangible Things to MGA Entertainment Inc.,

13  Request No. 41 from Mattel, Inc.'s Second Set of Requests for Documents and

14  Things to MGA Entertainment, Inc., Request No. 107 from Mattel, Inc.'s Fourth Set

15  of Requests for Documents and Things to MGA Entertainment, Inc., and Request No.

16  76 from Mattel's First Set of Requests for Documents and Things to MGAE de

17  Mexico, S.R.L. de C.V.

18  REQUEST FOR PRODUCTION NO. 2:

19      YOUR By-Laws and any amendments thereto.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

21      MGA incorporates by reference its General Response and General Objections

22  above, as though fully set forth herein and specifically incorporates General

23  Objection No. 15 (regarding Definitions), including without limitation MGA's

24  objection to the definition of the terms YOUR, and its incorporated terms

25  AFFILIATES and PERSON.  MGA further objects to the request to the extent it

26  seeks the production of documents that are protected from disclosure under any

27  applicable privilege, doctrine or immunity, including without limitation the attorney-

28

EXHIBIT  2
PAGE  29

1  client privilege, the work product doctrine, the right of privacy, and all other

2  privileges recognized under the constitutional, statutory or decisional law of the

3  United States of America, the State of California or any other applicable jurisdiction.

4  MGA further objects to this request on the grounds that it is overly broad and unduly

5  burdensome in that it seeks documents not relevant to the claims or defenses in this

6  action and not reasonably calculated to lead to the discovery of admissible evidence.

7  Mattel has not demonstrated how *all* YOUR By-Laws and any amendments thereto

8  could be relevant to the claims and defenses in this action. The request is not limited

9  to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13

10  Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as

11  being overly broad and unduly burdensome on the grounds that it is not limited in

12  time or geographical scope. MGA further objects to this request on the grounds that

13  the phrase "any amendments" renders the request vague, ambiguous, overly broad

14  and unduly burdensome. MGA further objects to the request to the extent that it

15  seeks documents that by reason of public filing, public distribution or otherwise are

16  already in Mattel's possession or are readily accessible to Mattel. MGA further

17  objects to the request to the extent that it seeks documents not in MGA's possession,

18  custody or control. MGA further objects to the request to the extent it seeks

19  confidential, proprietary or commercially sensitive information, the disclosure of

20  which would be inimical to the business interests of MGA. MGA further objects to

21  the request to the extent it violates the privacy rights of third parties to their private,

22  confidential, proprietary or trade secret information.

23      MGA further objects to this request as cumulative, duplicative, and unduly

24  burdensome to the extent that it seeks documents previously requested by Mattel or

25  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

26  including, but not limited to: Request No. 41 from Mattel, Inc.'s First Set of Requests

27  for Production of Documents and Tangible Things to MGA Entertainment Inc.,

28

EXHIBIT 2

PAGE 30

1  Request No. 41 from Mattel, Inc.'s Second Set of Requests for Documents and

2  Things to MGA Entertainment, Inc., Request No. 107 from Mattel, Inc.'s Fourth Set

3  of Requests for Documents and Things to MGA Entertainment, Inc., and Request No.

4  76 from Mattel's First Set of Requests for Documents and Things to MGAE de

5  Mexico, S.R.L. de C.V.

6  REQUEST FOR PRODUCTION NO. 3:

7      YOUR Notice of Incorporation as it appeared when first published and any

8  amendments thereto.

9  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

10      MGA incorporates by reference its General Response and General Objections

11  above, as though fully set forth herein and specifically incorporates General

12  Objection No. 15 (regarding Definitions), including without limitation MGA's

13  objection to the definition of the terms YOUR, and its incorporated terms

14  AFFILIATES and PERSON.  MGA further objects to the request to the extent it

15  seeks the production of documents that are protected from disclosure under any

16  applicable privilege, doctrine or immunity, including without limitation the attorney-

17  client privilege, the work product doctrine, the right of privacy, and all other

18  privileges recognized under the constitutional, statutory or decisional law of the

19  United States of America, the State of California or any other applicable jurisdiction.

20  MGA further objects to this request on the grounds that it is overly broad and unduly

21  burdensome in that it seeks documents not relevant to the claims or defenses in this

22  action and not reasonably calculated to lead to the discovery of admissible evidence.

23  Mattel has not demonstrated how *all* YOUR Notices of Incorporation as they

24  appeared when first published and *any* amendments thereto could be relevant to the

25  claims and defenses in this action.  The request is not limited to the subject matter of

26  this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May

27  22 Order at 21:5-7.  MGA further objects to this request as being overly broad and

28

EXHIBIT 2

PAGE 31

1  unduly burdensome on the grounds that it is not limited in time or geographical

2  scope.  MGA further objects to this request on the grounds that the phrase "any

3  amendments" renders the request vague, ambiguous, overly broad and unduly

4  burdensome.  MGA further objects to the request to the extent that it seeks

5  documents that by reason of public filing, public distribution or otherwise are already

6  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the

7  request to the extent that it seeks documents not in MGA's possession, custody or

8  control.  MGA further objects to the request to the extent it seeks confidential,

9  proprietary or commercially sensitive information, the disclosure of which would be

10  inimical to the business interests of MGA.  MGA further objects to the request to the

11  extent it violates the privacy rights of third parties to their private, confidential,

12  proprietary or trade secret information.

13       MGA further objects to this request as cumulative, duplicative, and unduly

14  burdensome to the extent that it seeks documents previously requested by Mattel or

15  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

16  including, but not limited to: Request No. 41 from Mattel, Inc.'s First Set of Requests

17  for Production of Documents and Tangible Things to MGA Entertainment Inc.,

18  Request No. 41 from Mattel, Inc.'s Second Set of Requests for Documents and

19  Things to MGA Entertainment, Inc., Request No. 107 from Mattel, Inc.'s Fourth Set

20  of Requests for Documents and Things to MGA Entertainment, Inc., and Request No.

21  76 from Mattel's First Set of Requests for Documents and Things to MGAE de

22  Mexico, S.R.L. de C.V.

23  REQUEST FOR PRODUCTION NO. 4:

24       YOUR quarterly and annual profits and loss statements (both audited and

25  unaudited) from the date of YOUR incorporation to 1999.

26

27

28

EXHIBIT 2

PAGE 32

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

12

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms YOUR, and its incorporated terms AFFILIATES and PERSON.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* YOUR quarterly and annual profits and loss statements (both audited and unaudited) from the date of YOUR incorporation to 1999 could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in geographical scope.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to

EXHIBIT 2
PAGE 33

1 the request to the extent it violates the privacy rights of third parties to their private,

2 confidential, proprietary or trade secret information.

3      MGA further objects to this request as cumulative, duplicative, and unduly

4 burdensome to the extent that it seeks documents previously requested by Mattel or

5 produced by MGA (or any of its affiliates) in response to Mattel's document requests,

6 including, but not limited to:  Request Nos. 41-45 from Mattel, Inc.'s First Set of

7 Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

8 Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to

9 MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of

10 Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,

11 Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;

12 Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and

13 Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.

14 41 from Mattel, Inc.'s First Set of Requests for Production of Documents and

15 Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s

16 Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;

17 Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and

18 Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of

19 Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

20 REQUEST FOR PRODUCTION NO. 5:

21      YOUR quarterly and annual financial statements (both audited and unaudited)

22 from the date of YOUR incorporation to 1999.

23 RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

24      MGA incorporates by reference its General Response and General Objections

25 above, as though fully set forth herein and specifically incorporates General

26 Objection No. 15 (regarding Definitions), including without limitation MGA's

27 objection to the definition of the terms YOUR, and its incorporated terms

28

EXHIBIT 2

PAGE 34

1  AFFILIATES and PERSON.  MGA further objects to the request to the extent it
2  seeks the production of documents that are protected from disclosure under any
3  applicable privilege, doctrine or immunity, including without limitation the attorney-
4  client privilege, the work product doctrine, the right of privacy, and all other
5  privileges recognized under the constitutional, statutory or decisional law of the
6  United States of America, the State of California or any other applicable jurisdiction.
7  MGA further objects to this request on the grounds that it is overly broad and unduly
8  burdensome in that it seeks documents not relevant to the claims or defenses in this
9  action and not reasonably calculated to lead to the discovery of admissible evidence.
10  Mattel has not demonstrated how *all* YOUR quarterly and annual financial
11  statements (both audited and unaudited) from the date of YOUR incorporation to
12  1999 could be relevant to the claims and defenses in this action.  The request is not
13  limited to the subject matter of this action and is thus impermissibly overbroad.  See
14  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this
15  request as being overly broad and unduly burdensome on the grounds that it is not
16  limited in geographical scope.  MGA further objects to the request to the extent that
17  it seeks documents that by reason of public filing, public distribution or otherwise
18  are already in Mattel's possession or are readily accessible to Mattel.  MGA further
19  objects to the request to the extent that it seeks documents not in MGA's possession,
20  custody or control.  MGA further objects to the request to the extent it seeks
21  confidential, proprietary or commercially sensitive information, the disclosure of
22  which would be inimical to the business interests of MGA.  MGA further objects to
23  the request to the extent it violates the privacy rights of third parties to their private,
24  confidential, proprietary or trade secret information.
25      MGA further objects to this request as cumulative, duplicative, and unduly
26  burdensome to the extent that it seeks documents previously requested by Mattel or
27  produced by MGA (or any of its affiliates) in response to Mattel's document requests,
28

EXHIBIT  2

PAGE  35

1  including, but not limited to:  Request Nos. 41-45 from Mattel, Inc.'s First Set of

2  Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

3  Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to

4  MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of

5  Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,

6  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;

7  Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and

8  Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.

9  41 from Mattel, Inc.'s First Set of Requests for Production of Documents and

10  Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s

11  Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;

12  Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and

13  Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of

14  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

15  REQUEST FOR PRODUCTION NO. 6:

16       YOUR general ledger from the date of YOUR incorporation to 1999.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

18       MGA incorporates by reference its General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation MGA's

21  objection to the definition of the terms YOUR, and its incorporated terms

22  AFFILIATES and PERSON.  MGA further objects to the request to the extent it

23  seeks the production of documents that are protected from disclosure under any

24  applicable privilege, doctrine or immunity, including without limitation the attorney-

25  client privilege, the work product doctrine, the right of privacy, and all other

26  privileges recognized under the constitutional, statutory or decisional law of the

27  United States of America, the State of California or any other applicable jurisdiction.

28

EXHIBIT 2

PAGE 36

1  MGA further objects to this request on the grounds that it is overly broad and unduly

2  burdensome in that it seeks documents not relevant to the claims or defenses in this

3  action and not reasonably calculated to lead to the discovery of admissible evidence.

4  Mattel has not demonstrated how *all* YOUR general ledger from the date of YOUR

5  incorporation to 1999 could be relevant to the claims and defenses in this action.

6  The request is not limited to the subject matter of this action and is thus

7  impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

8  MGA further objects to this request as being overly broad and unduly burdensome

9  on the grounds that it is not limited in geographical scope.  MGA further objects to

10  the request to the extent that it seeks documents that by reason of public filing,

11  public distribution or otherwise are already in Mattel's possession or are readily

12  accessible to Mattel.  MGA further objects to the request to the extent that it seeks

13  documents not in MGA's possession, custody or control.  MGA further objects to the

14  request to the extent it seeks confidential, proprietary or commercially sensitive

15  information, the disclosure of which would be inimical to the business interests of

16  MGA.  MGA further objects to the request to the extent it violates the privacy rights

17  of third parties to their private, confidential, proprietary or trade secret information.

18      MGA further objects to this request as cumulative, duplicative, and unduly

19  burdensome to the extent that it seeks documents previously requested by Mattel or

20  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

21  including, but not limited to:  Request Nos. 41-45 from Mattel, Inc.'s First Set of

22  Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

23  Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to

24  MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of

25  Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,

26  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;

27  Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and

28

EXHIBIT 2

PAGE 37

1 Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.

2 41 from Mattel, Inc.'s First Set of Requests for Production of Documents and

3 Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s

4 Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;

5 Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and

6 Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of

7 Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

8 REQUEST FOR PRODUCTION NO. 7:

9      YOUR federal and state tax returns for each year from the date of YOUR

10 incorporation to the present.

11 RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

12      MGA incorporates by reference its General Response and General Objections

13 above, as though fully set forth herein and specifically incorporates General

14 Objection No. 15 (regarding Definitions), including without limitation MGA's

15 objection to the definition of the terms YOUR, and its incorporated terms

16 AFFILIATES and PERSON. MGA further objects to the request to the extent it

17 seeks the production of documents that are protected from disclosure under any

18 applicable privilege, doctrine or immunity, including without limitation the attorney-

19 client privilege, the work product doctrine, the right of privacy, and all other

20 privileges recognized under the constitutional, statutory or decisional law of the

21 United States of America, the State of California or any other applicable jurisdiction.

22 MGA further objects to the request on the grounds that it seeks documents protected

23 from disclosure by applicable federal and state tax return privileges. See Premium

24 Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975);

25 Southern California Housing Rights Center. v. Krug, et al., 2006 U.S. Dist. LEXIS

26 65330 (C.D. Cal. 2006); Aliotti v. Senora, 217 FRD 496 (N.D. Cal. 2003); San

27 Francisco Bay Area Rapid Transit District v. Spencer, 2006 U.S. LEXIS 81681 (N.D.

28

EXHIBIT 2

PAGE 38

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

18

1   Cal. 2006).  See also Webb v. Standard Oil Co., 49 Cal. 2d. 509, 513-514 (1957);

2   Sav-On Drugs, Inc. v. Superior Ct., 15 Cal. 3d 1, 6-8 (1975); Sammut v. Sammut,

3   103 Cal. App. 3d 557, 562 (1982); Order, at 14:29-15:2.  MGA further objects to this

4   request on the grounds that it is overly broad and unduly burdensome in that it seeks

5   documents not relevant to the claims or defenses in this action and not reasonably

6   calculated to lead to the discovery of admissible evidence.  Mattel has not

7   demonstrated how *all* YOUR federal and state tax returns for each year from the date

8   of YOUR incorporation to the present could be relevant to the claims and defenses in

9   this action.  Moreover, Mattel has not shown and cannot show any compelling need

10  for the production of tax returns.  The request is not limited to the subject matter of

11  this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May

12  22 Order at 21:5-7.  MGA further objects to this request as being overly broad and

13  unduly burdensome on the grounds that it is not limited in geographical scope.

14  MGA further objects to the request to the extent that it seeks documents that by

15  reason of public filing, public distribution or otherwise are already in Mattel's

16  possession or are readily accessible to Mattel.  MGA further objects to the request to

17  the extent that it seeks documents not in MGA's possession, custody or control.

18  MGA further objects to the request to the extent it seeks confidential, proprietary or

19  commercially sensitive information, the disclosure of which would be inimical to the

20  business interests of MGA.  MGA further objects to the request to the extent it

21  violates the privacy rights of third parties to their private, confidential, proprietary or

22  trade secret information.

23       MGA further objects to this request as cumulative, duplicative, and unduly

24  burdensome to the extent that it seeks documents previously requested by Mattel or

25  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

26  including, but not limited to:  Request Nos. 41-45 from Mattel, Inc.'s First Set of

27  Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

28

EXHIBIT  2

PAGE  39