REQUEST FOR PRODUCTION NO. 33:

DOCUMENTS sufficient to IDENTIFY each PERSON who has served as an officer or director of MGA including, without limitation, the offices or positions held by each such PERSON and the dates such offices or positions were held.

RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms PERSON and MGA and its incorporated term AFFILIATES. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* PERSON who has served as an officer or director of MGA could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. MGA further objects to the phrase "sufficient to IDENTIFY . . . including . . ." as vague and ambiguous. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

60

EXHIBIT 2

PAGE 80

1 | in Mattel's possession or are readily accessible to Mattel. MGA further objects to the
2 | request to the extent that it seeks documents not in MGA's possession, custody or
3 | control. MGA further objects to the request to the extent it seeks confidential,
4 | proprietary or commercially sensitive information, the disclosure of which would be
5 | inimical to the business interests of MGA. MGA further objects to the request to the
6 | extent it violates the privacy rights of third parties to their private, confidential,
7 | proprietary or trade secret information.

8 |     MGA further objects to this request as cumulative, duplicative, and unduly
9 | burdensome to the extent that it seeks documents previously requested by Mattel or
10 | produced by MGA (or any of its affiliates) in response to Mattel's document requests.

11 | REQUEST FOR PRODUCTION NO. 34:

12 |     DOCUMENTS sufficient to show any and all salary, benefits or any other
13 | compensation paid to any officer, director or shareholder of MGA, including to
14 | whom the payments were made, the amounts paid and the dates of payment.

15 | RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

16 |     MGA incorporates by reference its General Response and General Objections
17 | above, as though fully set forth herein and specifically incorporates General
18 | Objection No. 15 (regarding Definitions), including without limitation MGA's
19 | objection to the definition of the terms MGA and its incorporated terms
20 | AFFILIATES and PERSON. MGA further objects to the request to the extent it
21 | seeks the production of documents that are protected from disclosure under any
22 | applicable privilege, doctrine or immunity, including without limitation the attorney-
23 | client privilege, the work product doctrine, the right of privacy, and all other
24 | privileges recognized under the constitutional, statutory or decisional law of the
25 | United States of America, the State of California or any other applicable jurisdiction.
26 | MGA further objects to this request on the grounds that it is overly broad and unduly
27 | burdensome in that it seeks documents not relevant to the claims or defenses in this
28 |

EXHIBIT 2

PAGE 81

1   action and not reasonably calculated to lead to the discovery of admissible evidence.

2   Mattel has not demonstrated how DOCUMENTS sufficient to show *any and all*

3   salary, benefits or *any* other compensation paid to *any* officer, director or shareholder

4   of MGA could be relevant to the claims and defenses in this action.  The request is

5   not limited to the subject matter of this action and is thus impermissibly overbroad.

6   See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

7   request as being overly broad and unduly burdensome on the grounds that it is not

8   limited in time or geographical scope.  MGA further objects to the phrase "sufficient

9   to show any and all . . . including . . ." as vague and ambiguous.  MGA further

10  objects to the request to the extent that it seeks documents that by reason of public

11  filing, public distribution or otherwise are already in Mattel's possession or are

12  readily accessible to Mattel.  MGA further objects to the request to the extent that it

13  seeks documents not in MGA's possession, custody or control.  MGA further objects

14  to the request to the extent it seeks confidential, proprietary or commercially

15  sensitive information, the disclosure of which would be inimical to the business

16  interests of MGA.  Such information may also be subject to protective orders

17  governing other litigations thereby precluding disclosure in response to this request.

18  MGA further objects to the request to the extent it violates the privacy rights of third

19  parties to their private, confidential, proprietary or trade secret information.

20      MGA further objects to this request as cumulative, duplicative, and unduly

21  burdensome to the extent that it seeks documents previously requested by Mattel or

22  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

23  REQUEST FOR PRODUCTION NO. 35:

24      DOCUMENTS sufficient to show any and all payments or transfers of

25  anything of value to any officer, director or shareholder of MGA, including to whom

26  the payments or transfers were made, the amounts of the payments or the value of

27  the item transferred and the dates of the payments or transfers.

28

EXHIBIT 2
PAGE 62

RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

1       MGA incorporates by reference its General Response and General Objections
2  above, as though fully set forth herein and specifically incorporates General
3  Objection No. 15 (regarding Definitions), including without limitation MGA's
4  objection to the definition of the terms MGA and its incorporated terms
5  AFFILIATES and PERSON. MGA further objects to the request to the extent it
6  seeks the production of documents that are protected from disclosure under any
7  applicable privilege, doctrine or immunity, including without limitation the attorney-
8  client privilege, the work product doctrine, the right of privacy, and all other
9  privileges recognized under the constitutional, statutory or decisional law of the
10  United States of America, the State of California or any other applicable jurisdiction.
11  MGA further objects to this request on the grounds that it is overly broad and unduly
12  burdensome in that it seeks documents not relevant to the claims or defenses in this
13  action and not reasonably calculated to lead to the discovery of admissible evidence.
14  Mattel has not demonstrated how DOCUMENTS sufficient to show *any and all*
15  payments or transfers of *anything* of value to any officer, director or shareholder of
16  MGA could be relevant to the claims and defenses in this action. The request is not
17  limited to the subject matter of this action and is thus impermissibly overbroad. See
18  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this
19  request as being overly broad and unduly burdensome on the grounds that it is not
20  limited in time or geographical scope. MGA further objects to the phrase "sufficient
21  to show any and all . . . including . . ." as vague and ambiguous. MGA further
22  objects to the request to the extent that it seeks documents that by reason of public
23  filing, public distribution or otherwise are already in Mattel's possession or are
24  readily accessible to Mattel. MGA further objects to the request to the extent that it
25  seeks documents not in MGA's possession, custody or control. MGA further objects
26  to the request to the extent it seeks confidential, proprietary or commercially

EXHIBIT ___2___

PAGE ___83___

1  sensitive information, the disclosure of which would be inimical to the business
2  interests of MGA.  Such information may also be subject to protective orders
3  governing other litigations thereby precluding disclosure in response to this request.
4  MGA further objects to the request to the extent it violates the privacy rights of third
5  parties to their private, confidential, proprietary or trade secret information.
6       MGA further objects to this request as cumulative, duplicative, and unduly
7  burdensome to the extent that it seeks documents previously requested by Mattel or
8  produced by MGA (or any of its affiliates) in response to Mattel's document requests.
9  REQUEST FOR PRODUCTION NO. 36:
10      DOCUMENTS sufficient to show any and all salary, benefits or any other
11  compensation paid to any officer, director or shareholder of MGA, including to
12  whom the payments were made, the amounts paid and the dates of payment.
13  RESPONSE TO REQUEST FOR PRODUCTION NO. 36:
14      MGA incorporates by reference its General Response and General Objections
15  above, as though fully set forth herein and specifically incorporates General
16  Objection No. 15 (regarding Definitions), including without limitation MGA's
17  objection to the definition of the terms MGA and its incorporated terms
18  AFFILIATES and PERSON.  MGA further objects to the request to the extent it
19  seeks the production of documents that are protected from disclosure under any
20  applicable privilege, doctrine or immunity, including without limitation the attorney-
21  client privilege, the work product doctrine, the right of privacy, and all other
22  privileges recognized under the constitutional, statutory or decisional law of the
23  United States of America, the State of California or any other applicable jurisdiction.
24  MGA further objects to this request on the grounds that it is overly broad and unduly
25  burdensome in that it seeks documents not relevant to the claims or defenses in this
26  action and not reasonably calculated to lead to the discovery of admissible evidence.
27  Mattel has not demonstrated how DOCUMENTS sufficient to show *any and all*
28

EXHIBIT 2

PAGE 84

1  salary, benefits or *any* other compensation paid to *any* officer, director or shareholder

2  of MGA could be relevant to the claims and defenses in this action. The request is

3  not limited to the subject matter of this action and is thus impermissibly overbroad.

4  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this

5  request as being overly broad and unduly burdensome on the grounds that it is not

6  limited in time or geographical scope. MGA further objects to the phrase "sufficient

7  to show any and all . . . including . . ." as vague and ambiguous. MGA further

8  objects to the request to the extent that it seeks documents that by reason of public

9  filing, public distribution or otherwise are already in Mattel's possession or are

10 readily accessible to Mattel. MGA further objects to the request to the extent that it

11 seeks documents not in MGA's possession, custody or control. Such information

12 may also be subject to protective orders governing other litigations thereby

13 precluding disclosure in response to this request. MGA further objects to the request

14 to the extent it seeks confidential, proprietary or commercially sensitive information,

15 the disclosure of which would be inimical to the business interests of MGA. MGA

16 further objects to the request to the extent it violates the privacy rights of third parties

17 to their private, confidential, proprietary or trade secret information.

18      MGA further objects to this request as cumulative, duplicative, and unduly

19 burdensome to the extent that it seeks documents previously requested by Mattel or

20 produced by MGA (or any of its affiliates) in response to Mattel's document requests.

21 REQUEST FOR PRODUCTION NO. 37:

22      DOCUMENTS sufficient to show any and all payments or transfers of

23 anything of value to any officer, director or shareholder of MGA, including to whom

24 the payments or transfers were made, the amounts of the payments or the value of

25 the item transferred and the dates of the payments or transfers.

26

27

28

EXHIBIT 2

PAGE 85

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

2        MGA incorporates by reference its General Response and General Objections

3  above, as though fully set forth herein and specifically incorporates General

4  Objection No. 15 (regarding Definitions), including without limitation MGA's

5  objection to the definition of the terms MGA and its incorporated terms

6  AFFILIATES and PERSON.  MGA further objects to the request to the extent it

7  seeks the production of documents that are protected from disclosure under any

8  applicable privilege, doctrine or immunity, including without limitation the attorney-

9  client privilege, the work product doctrine, the right of privacy, and all other

10  privileges recognized under the constitutional, statutory or decisional law of the

11  United States of America, the State of California or any other applicable jurisdiction.

12  MGA further objects to this request on the grounds that it is overly broad and unduly

13  burdensome in that it seeks documents not relevant to the claims or defenses in this

14  action and not reasonably calculated to lead to the discovery of admissible evidence.

15  Mattel has not demonstrated how DOCUMENTS sufficient to show *any and all*

16  payments or transfers of *anything* of value to *any* officer, director or shareholder of

17  MGA could be relevant to the claims and defenses in this action.  The request is not

18  limited to the subject matter of this action and is thus impermissibly overbroad.  See

19  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

20  request as being overly broad and unduly burdensome on the grounds that it is not

21  limited in time or geographical scope.  MGA further objects to the phrase "sufficient

22  to show any and all . . . including . . ." as vague and ambiguous.  MGA further

23  objects to the request to the extent that it seeks documents that by reason of public

24  filing, public distribution or otherwise are already in Mattel's possession or are

25  readily accessible to Mattel.  MGA further objects to the request to the extent that it

26  seeks documents not in MGA's possession, custody or control.  Such information

27  may also be subject to protective orders governing other litigations thereby

28

EXHIBIT 2

PAGE 86

1  precluding disclosure in response to this request. MGA further objects to the request

2  to the extent it seeks confidential, proprietary or commercially sensitive information,

3  the disclosure of which would be inimical to the business interests of MGA. MGA

4  further objects to the request to the extent it violates the privacy rights of third parties

5  to their private, confidential, proprietary or trade secret information.

6      MGA further objects to this request as cumulative, duplicative, and unduly

7  burdensome to the extent that it seeks documents previously requested by Mattel or

8  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

9  REQUEST FOR PRODUCTION NO. 38:

10     DOCUMENTS sufficient to show any and all salary, benefits or any other

11 compensation paid to any FAMILY MEMBER of any officer, director or

12 shareholder of MGA, including to whom the payments were made, the amounts paid

13 and the dates of payment.

14 RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

15     MGA incorporates by reference its General Response and General Objections

16 above, as though fully set forth herein and specifically incorporates General

17 Objection No. 15 (regarding Definitions), including without limitation MGA's

18 objection to the definition of the terms FAMILY MEMBER and MGA and its

19 incorporated terms AFFILIATES and PERSON. MGA further objects to the request

20 to the extent it seeks the production of documents that are protected from disclosure

21 under any applicable privilege, doctrine or immunity, including without limitation

22 the attorney-client privilege, the work product doctrine, the right of privacy, and all

23 other privileges recognized under the constitutional, statutory or decisional law of

24 the United States of America, the State of California or any other applicable

25 jurisdiction. MGA further objects to this request on the grounds that it is overly

26 broad and unduly burdensome in that it seeks documents not relevant to the claims or

27 defenses in this action and not reasonably calculated to lead to the discovery of

28

EXHIBIT 2

PAGE 87

admissible evidence. Mattel has not demonstrated how DOCUMENTS sufficient to show *any and all* salary, benefits or *any* other compensation paid to *any* FAMILY MEMBER of *any* officer, director or shareholder of MGA could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. MGA further objects to the phrase "sufficient to show any and all . . . including . . ." as vague and ambiguous. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA (or any of its affiliates) in response to Mattel's document requests.

REQUEST FOR PRODUCTION NO. 39:

DOCUMENTS sufficient to show any and all payments or transfers of anything of value to any FAMILY MEMBER of any officer, director or shareholder of MGA, including to whom the payments or transfers were made, the amounts of

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

68

EXHIBIT 2

PAGE 88

1 | the payments or the value of the item transferred and the dates of the payments or

2 | transfers.

3 | RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

4 |  MGA incorporates by reference its General Response and General Objections

5 | above, as though fully set forth herein and specifically incorporates General

6 | Objection No. 15 (regarding Definitions), including without limitation MGA's

7 | objection to the definition of the terms FAMILY MEMBER and MGA and its

8 | incorporated terms AFFILIATES and PERSON. MGA further objects to the request

9 | to the extent it seeks the production of documents that are protected from disclosure

10 | under any applicable privilege, doctrine or immunity, including without limitation

11 | the attorney-client privilege, the work product doctrine, the right of privacy, and all

12 | other privileges recognized under the constitutional, statutory or decisional law of

13 | the United States of America, the State of California or any other applicable

14 | jurisdiction. MGA further objects to this request on the grounds that it is overly

15 | broad and unduly burdensome in that it seeks documents not relevant to the claims or

16 | defenses in this action and not reasonably calculated to lead to the discovery of

17 | admissible evidence. Mattel has not demonstrated how DOCUMENTS sufficient to

18 | show *any and all* payments or transfers of *anything* of value to *any* FAMILY

19 | MEMBER of *any* officer, director or shareholder of MGA could be relevant to the

20 | claims and defenses in this action. The request is not limited to the subject matter of

21 | this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May

22 | 22 Order at 21:5-7. MGA further objects to this request as being overly broad and

23 | unduly burdensome on the grounds that it is not limited in time or geographical

24 | scope. MGA further objects to the phrase "sufficient to show any and all . . .

25 | including . . ." as vague and ambiguous. MGA further objects to the request to the

26 | extent that it seeks documents that by reason of public filing, public distribution or

27 | otherwise are already in Mattel's possession or are readily accessible to Mattel.

28 |

EXHIBIT 2

PAGE 89

1  MGA further objects to the request to the extent that it seeks documents not in
2  MGA's possession, custody or control.  MGA further objects to the request to the
3  extent it seeks confidential, proprietary or commercially sensitive information, the
4  disclosure of which would be inimical to the business interests of MGA.  Such
5  information may also be subject to protective orders governing other litigations
6  thereby precluding disclosure in response to this request.  MGA further objects to the
7  request to the extent it violates the privacy rights of third parties to their private,
8  confidential, proprietary or trade secret information.
9        MGA further objects to this request as cumulative, duplicative, and unduly
10  burdensome to the extent that it seeks documents previously requested by Mattel or
11  produced by MGA (or any of its affiliates) in response to Mattel's document requests.
12  REQUEST FOR PRODUCTION NO. 40:
13        Statements for accounts maintained by YOU at any bank or other financial
14  institution sufficient to show any and all payments to any officer, director or
15  shareholder of MGA.
16  RESPONSE TO REQUEST FOR PRODUCTION NO. 40:
17        MGA incorporates by reference its General Response and General Objections
18  above, as though fully set forth herein and specifically incorporates General
19  Objection No. 15 (regarding Definitions), including without limitation MGA's
20  objection to the definition of the terms YOU and MGA and their incorporated terms
21  AFFILIATES and PERSON.  MGA further objects to the request to the extent it
22  seeks the production of documents that are protected from disclosure under any
23  applicable privilege, doctrine or immunity, including without limitation the attorney-
24  client privilege, the work product doctrine, the right of privacy, and all other
25  privileges recognized under the constitutional, statutory or decisional law of the
26  United States of America, the State of California or any other applicable jurisdiction.
27  MGA further objects to this request on the grounds that it is overly broad and unduly
28

EXHIBIT  2

PAGE  90

1  burdensome in that it seeks documents not relevant to the claims or defenses in this

2  action and not reasonably calculated to lead to the discovery of admissible evidence.

3  Mattel has not demonstrated how *all* statements for accounts maintained by YOU at

4  *any* bank or other financial institution sufficient to show *any and all* payments to *any*

5  officer, director or shareholder of MGA could be relevant to the claims and defenses

6  in this action.  The request is not limited to the subject matter of this action and is

7  thus impermissibly overbroad. <u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at 21:5-

8  7.  MGA further objects to this request as being overly broad and unduly

9  burdensome on the grounds that it is not limited in time or geographical scope.

10 MGA further objects to the phrase "sufficient to show any and all" as vague and

11 ambiguous.  MGA further objects to the request to the extent that it seeks documents

12 that by reason of public filing, public distribution or otherwise are already in Mattel's

13 possession or are readily accessible to Mattel.  MGA further objects to the request to

14 the extent that it seeks documents not in MGA's possession, custody or control.

15 MGA further objects to the request to the extent it seeks confidential, proprietary or

16 commercially sensitive information, the disclosure of which would be inimical to the

17 business interests of MGA.  Such information may also be subject to protective

18 orders governing other litigations thereby precluding disclosure in response to this

19 request.  MGA further objects to the request to the extent it violates the privacy

20 rights of third parties to their private, confidential, proprietary or trade secret

21 information.

22      MGA further objects to this request as cumulative, duplicative, and unduly

23 burdensome to the extent that it seeks documents previously requested by Mattel or

24 produced by MGA (or any of its affiliates) in response to Mattel's document requests.

25

26

27

28

EXHIBIT 2

PAGE

REQUEST FOR PRODUCTION NO. 41:

Statements for accounts maintained by YOU at any bank or other financial institution sufficient to show any and all payments to any FAMILY MEMBER of any officer, director or shareholder of MGA.

RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms YOU and MGA and their incorporated terms AFFILIATES and PERSON. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* statements for accounts maintained by YOU at *any* bank or other financial institution sufficient to show *any and all* payments to *any* FAMILY MEMBER of *any* officer, director or shareholder of MGA could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. MGA further objects to the phrase "sufficient to show any and all" as vague and ambiguous. MGA further objects to the request to the extent that it

1  seeks documents that by reason of public filing, public distribution or otherwise are

2  already in Mattel's possession or are readily accessible to Mattel. MGA further

3  objects to the request to the extent that it seeks documents not in MGA's possession,

4  custody or control. MGA further objects to the request to the extent it seeks

5  confidential, proprietary or commercially sensitive information, the disclosure of

6  which would be inimical to the business interests of MGA. MGA further objects to

7  the request to the extent it violates the privacy rights of third parties to their private,

8  confidential, proprietary or trade secret information.

9       MGA further objects to this request as cumulative, duplicative, and unduly

10  burdensome to the extent that it seeks documents previously requested by Mattel or

11  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

12  REQUEST FOR PRODUCTION NO. 42:

13       DOCUMENTS sufficient to show any and all advances of funds to any officer,

14  director or shareholder of MGA for services to be performed at a later date, including

15  the amount of the advance, the date of the advance, the services to be performed,

16  whether they were performed and when they were performed.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

18       MGA incorporates by reference its General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation MGA's

21  objection to the definition of the term MGA and its incorporated terms AFFILIATES

22  and PERSON. MGA further objects to the request to the extent it seeks the

23  production of documents that are protected from disclosure under any applicable

24  privilege, doctrine or immunity, including without limitation the attorney-client

25  privilege, the work product doctrine, the right of privacy, and all other privileges

26  recognized under the constitutional, statutory or decisional law of the United States

27  of America, the State of California or any other applicable jurisdiction. MGA further

28

EXHIBIT  2

PAGE

1  objects to this request on the grounds that it is overly broad and unduly burdensome

2  in that it seeks documents not relevant to the claims or defenses in this action and not

3  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

4  demonstrated how DOCUMENTS sufficient to show *any and all* advances of funds

5  to *any* officer, director or shareholder of MGA for services to be performed at a later

6  date could be relevant to the claims and defenses in this action. The request is not

7  limited to the subject matter of this action and is thus impermissibly overbroad. <u>See</u>

8  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this

9  request as being overly broad and unduly burdensome on the grounds that it is not

10  limited in time or geographical scope. MGA further objects to the phrase "sufficient

11  to show any and all . . . including . . ." as vague and ambiguous. MGA further

12  objects to the request to the extent that it seeks documents that by reason of public

13  filing, public distribution or otherwise are already in Mattel's possession or are

14  readily accessible to Mattel. MGA further objects to the request to the extent that it

15  seeks documents not in MGA's possession, custody or control. MGA further objects

16  to the request to the extent it seeks confidential, proprietary or commercially

17  sensitive information, the disclosure of which would be inimical to the business

18  interests of MGA. Such information may also be subject to protective orders

19  governing other litigations thereby precluding disclosure in response to this request.

20  MGA further objects to the request to the extent it violates the privacy rights of third

21  parties to their private, confidential, proprietary or trade secret information.

22      MGA further objects to this request as cumulative, duplicative, and unduly

23  burdensome to the extent that it seeks documents previously requested by Mattel or

24  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

25

26

27

28

EXHIBIT   2

PAGE   94

1 REQUEST FOR PRODUCTION NO. 43:

2      DOCUMENTS sufficient to show any and all gifts to any officer, director or

3 shareholder of MGA, including to whom the gift was made, when the gift was made,

·4 the nature, amount and value of the gift and the reason for making the gift.

5 RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

6      MGA incorporates by reference its General Response and General Objections

7 above, as though fully set forth herein and specifically incorporates General

8 Objection No. 15 (regarding Definitions), including without limitation MGA's

9 objection to the definition of the term MGA and its incorporated terms AFFILIATES

10 and PERSON.  MGA further objects to the request to the extent it seeks the

11 production of documents that are protected from disclosure under any applicable

12 privilege, doctrine or immunity, including without limitation the attorney-client

13 privilege, the work product doctrine, the right of privacy, and all other privileges

14 recognized under the constitutional, statutory or decisional law of the United States

15 of America, the State of California or any other applicable jurisdiction.  MGA further

16 objects to this request on the grounds that it is overly broad and unduly burdensome

17 in that it seeks documents not relevant to the claims or defenses in this action and not

18 reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

19 demonstrated how DOCUMENTS sufficient to show *any and all* gifts to *any* officer,

20 director or shareholder of MGA could be relevant to the claims and defenses in this

21 action.  The request is not limited to the subject matter of this action and is thus

22 impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

23 MGA further objects to this request as being overly broad and unduly burdensome

24 on the grounds that it is not limited in time or geographical scope.  MGA further

25 objects to the phrase "sufficient to show any and all . . . including . . ." as vague and

26 ambiguous.  MGA further objects to the request to the extent that it seeks documents

27 that by reason of public filing, public distribution or otherwise are already in Mattel's

28

EXHIBIT 2

PAGE 95

1  possession or are readily accessible to Mattel.  MGA further objects to the request to
2  the extent that it seeks documents not in MGA's possession, custody or control.
3  MGA further objects to the request to the extent it seeks confidential, proprietary or
4  commercially sensitive information, the disclosure of which would be inimical to the
5  business interests of MGA.  Such information may also be subject to protective
6  orders governing other litigations thereby precluding disclosure in response to this
7  request.  MGA further objects to the request to the extent it violates the privacy
8  rights of third parties to their private, confidential, proprietary or trade secret
9  information.

10      MGA further objects to this request as cumulative, duplicative, and unduly
11  burdensome to the extent that it seeks documents previously requested by Mattel or
12  produced by MGA (or any of its affiliates) in response to Mattel's document requests.
13  REQUEST FOR PRODUCTION NO. 44:

14      DOCUMENTS sufficient to show any and all gifts to any FAMILY
15  MEMBER of any officer, director or shareholder of MGA, including to whom the
16  gift was made, when the gift was made, the nature, amount and value of the gift and
17  the reason for making the gift.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

19      MGA incorporates by reference its General Response and General Objections
20  above, as though fully set forth herein and specifically incorporates General
21  Objection No. 15 (regarding Definitions), including without limitation MGA's
22  objection to the definition of the terms FAMILY MEMBER and MGA and its
23  incorporated terms AFFILIATES and PERSON.  MGA further objects to the request
24  to the extent it seeks the production of documents that are protected from disclosure
25  under any applicable privilege, doctrine or immunity, including without limitation
26  the attorney-client privilege, the work product doctrine, the right of privacy, and all
27  other privileges recognized under the constitutional, statutory or decisional law of

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
76

EXHIBIT 2
PAGE 96

1  the United States of America, the State of California or any other applicable

2  jurisdiction. MGA further objects to this request on the grounds that it is overly

3  broad and unduly burdensome in that it seeks documents not relevant to the claims or

4  defenses in this action and not reasonably calculated to lead to the discovery of

5  admissible evidence. Mattel has not demonstrated how DOCUMENTS sufficient to

6  show *any and all* gifts to *any* FAMILY MEMBER of *any* officer, director or

7  shareholder of MGA could be relevant to the claims and defenses in this action. The

8  request is not limited to the subject matter of this action and is thus impermissibly

9  overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further

10  objects to this request as being overly broad and unduly burdensome on the grounds

11  that it is not limited in time or geographical scope. MGA further objects to the

12  phrase "sufficient to show any and all . . . including . . ." as vague and ambiguous.

13  MGA further objects to the request to the extent that it seeks documents that by

14  reason of public filing, public distribution or otherwise are already in Mattel's

15  possession or are readily accessible to Mattel. MGA further objects to the request to

16  the extent that it seeks documents not in MGA's possession, custody or control.

17  MGA further objects to the request to the extent it seeks confidential, proprietary or

18  commercially sensitive information, the disclosure of which would be inimical to the

19  business interests of MGA. MGA further objects to the request to the extent it

20  violates the privacy rights of third parties to their private, confidential, proprietary or

21  trade secret information.

22       MGA further objects to this request as cumulative, duplicative, and unduly

23  burdensome to the extent that it seeks documents previously requested by Mattel or

24  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

25  REQUEST FOR PRODUCTION NO. 45:

26       DOCUMENTS sufficient to show any and all obligations of any officer,

27  director or shareholder of MGA guaranteed or cosigned by MGA, including the

28

EXHIBIT 2

PAGE 97

1   IDENTITY of the PERSON whose obligation was guaranteed or cosigned, the

2   identity of the creditor or lender, the nature and amount of the obligation, the date the

3   obligation was guaranteed or cosigned, whether the obligation has been satisfied and,

4   if so, by whom.

5   RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

6          MGA incorporates by reference its General Response and General Objections

7   above, as though fully set forth herein and specifically incorporates General

8   Objection No. 15 (regarding Definitions), including without limitation MGA's

9   objection to the definition of the terms PERSON and MGA and its incorporated term

10  AFFILIATES. MGA further objects to the request to the extent it seeks the

11  production of documents that are protected from disclosure under any applicable

12  privilege, doctrine or immunity, including without limitation the attorney-client

13  privilege, the work product doctrine, the right of privacy, and all other privileges

14  recognized under the constitutional, statutory or decisional law of the United States

15  of America, the State of California or any other applicable jurisdiction. MGA further

16  objects to this request on the grounds that it is overly broad and unduly burdensome

17  in that it seeks documents not relevant to the claims or defenses in this action and not

18  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

19  demonstrated how documents showing DOCUMENTS sufficient to show *any and*

20  *all* obligations of *any* officer, director or shareholder of MGA guaranteed or

21  cosigned by MGA could be relevant to the claims and defenses in this action. The

22  request is not limited to the subject matter of this action and is thus impermissibly

23  overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further

24  objects to this request as being overly broad and unduly burdensome on the grounds

25  that it is not limited in time or geographical scope. MGA further objects to the

26  phrase "sufficient to show any and all . . . including . . ." as vague and ambiguous.

27  MGA further objects to the request to the extent that it seeks documents that by

28

EXHIBIT  2

PAGE  78

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

78

1  reason of public filing, public distribution or otherwise are already in Mattel's

2  possession or are readily accessible to Mattel. MGA further objects to the request to

3  the extent that it seeks documents not in MGA's possession, custody or control.

4  MGA further objects to the request to the extent it seeks confidential, proprietary or

5  commercially sensitive information, the disclosure of which would be inimical to the

6  business interests of MGA. Such information may also be subject to protective

7  orders governing other litigations thereby precluding disclosure in response to this

8  request. MGA further objects to the request to the extent it violates the privacy

9  rights of third parties to their private, confidential, proprietary or trade secret

10  information.

11       MGA further objects to this request as cumulative, duplicative, and unduly

12  burdensome to the extent that it seeks documents previously requested by Mattel or

13  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

14  REQUEST FOR PRODUCTION NO. 46:

15       DOCUMENTS sufficient to show any and all obligations of MGA guaranteed

16  or cosigned by any officer, director, shareholder or employee of MGA, including the

17  IDENTITY of the PERSON who guaranteed or cosigned the obligation, the identity

18  of the creditor or lender, the nature and amount of the obligation, the date the

19  obligation was guaranteed or cosigned, whether the obligation has been satisfied and,

20  if so, by whom.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

22       MGA incorporates by reference its General Response and General Objections

23  above, as though fully set forth herein and specifically incorporates General

24  Objection No. 15 (regarding Definitions), including without limitation MGA's

25  objection to the definition of the terms PERSON and MGA and its incorporated term

26  AFFILIATES. MGA further objects to the request to the extent it seeks the

27  production of documents that are protected from disclosure under any applicable

28

EXHIBIT  2

PAGE  99

1 | privilege, doctrine or immunity, including without limitation the attorney-client
2 | privilege, the work product doctrine, the right of privacy, and all other privileges
3 | recognized under the constitutional, statutory or decisional law of the United States
4 | of America, the State of California or any other applicable jurisdiction.  MGA further
5 | objects to this request on the grounds that it is overly broad and unduly burdensome
6 | in that it seeks documents not relevant to the claims or defenses in this action and not
7 | reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not
8 | demonstrated how DOCUMENTS sufficient to show *any and all* obligations of
9 | MGA guaranteed or cosigned by *any* officer, director, shareholder or employee of
10 | MGA could be relevant to the claims and defenses in this action.  The request is not
11 | limited to the subject matter of this action and is thus impermissibly overbroad.  See
12 | Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this
13 | request as being overly broad and unduly burdensome on the grounds that it is not
14 | limited in time or geographical scope.  MGA further objects to the phrase "sufficient
15 | to show any and all . . . including . . ." as vague and ambiguous.  MGA further
16 | objects to the request to the extent that it seeks documents that by reason of public
17 | filing, public distribution or otherwise are already in Mattel's possession or are
18 | readily accessible to Mattel.  MGA further objects to the request to the extent that it
19 | seeks documents not in MGA's possession, custody or control.  MGA further objects
20 | to the request to the extent it seeks confidential, proprietary or commercially
21 | sensitive information, the disclosure of which would be inimical to the business
22 | interests of MGA.  Such information may also be subject to protective orders
23 | governing other litigations thereby precluding disclosure in response to this request.
24 | MGA further objects to the request to the extent it violates the privacy rights of third
25 | parties to their private, confidential, proprietary or trade secret information.
26 |
27 |
28 |

EXHIBIT 2

PAGE 100

1   MGA further objects to this request as cumulative, duplicative, and unduly

2   burdensome to the extent that it seeks documents previously requested by Mattel or

3   produced by MGA (or any of its affiliates) in response to Mattel's document requests.

4   REQUEST FOR PRODUCTION NO. 47:

5       For each account maintained in the name of MGA at any bank or other

6   financial institution, a copy of each and every monthly statement from the date of

7   YOUR incorporation to the present, and DOCUMENTS sufficient to IDENTIFY

8   each PERSON authorized to sign checks on or access the account.

9   RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

10       MGA incorporates by reference its General Response and General Objections

11   above, as though fully set forth herein and specifically incorporates General

12   Objection No. 15 (regarding Definitions), including without limitation MGA's

13   objection to the definition of the terms PERSON and YOUR and its incorporated

14   term AFFILIATES.  MGA further objects to the request to the extent it seeks the

15   production of documents that are protected from disclosure under any applicable

16   privilege, doctrine or immunity, including without limitation the attorney-client

17   privilege, the work product doctrine, the right of privacy, and all other privileges

18   recognized under the constitutional, statutory or decisional law of the United States

19   of America, the State of California or any other applicable jurisdiction.  MGA further

20   objects to this request on the grounds that it is overly broad and unduly burdensome

21   in that it seeks documents not relevant to the claims or defenses in this action and not

22   reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

23   demonstrated how, for *each* account maintained in the name of MGA at *any* bank or

24   other financial institution, a copy of *each and every* monthly statement from the date

25   of YOUR incorporation to the present, and DOCUMENTS sufficient to IDENTIFY

26   *each* PERSON authorized to sign checks on or access the account could be relevant

27   to the claims and defenses in this action.  The request is not limited to the subject

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
81

EXHIBIT _____

PAGE ___ 101

1  matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at

2  9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being

3  overly broad and unduly burdensome on the grounds that it is not limited in

4  geographical scope. MGA further objects to the phrase "sufficient to IDENTIFY" as

5  vague and ambiguous. MGA further objects to the request to the extent that it seeks

6  documents that by reason of public filing, public distribution or otherwise are already

7  in Mattel's possession or are readily accessible to Mattel. MGA further objects to the

8  request to the extent that it seeks documents not in MGA's possession, custody or

9  control. MGA further objects to the request to the extent it seeks confidential,

10  proprietary or commercially sensitive information, the disclosure of which would be

11  inimical to the business interests of MGA. Such information may also be subject to

12  protective orders governing other litigations thereby precluding disclosure in

13  response to this request. MGA further objects to the request to the extent it violates

14  the privacy rights of third parties to their private, confidential, proprietary or trade

15  secret information.

16     MGA further objects to this request as cumulative, duplicative, and unduly

17  burdensome to the extent that it seeks documents previously requested by Mattel or

18  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

19

20  DATED: December 24, 2007          SKADDEN, ARPS, SLATE, MEAGHER &
21                                    FLOM, LLP

22

23                                    By: _Thomas Noland_
24                                        THOMAS J. NOLAN

25                                    Attorneys for Counter-Defendants,
                                      MGA ENTERTAINMENT, INC.,
26                                    ISAAC LARIAN, MGA ENTERTAINMENT
                                      (HK) LIMITED, AND MGAE de MEXICO
27                                    S.R.L. de C.V.

28

EXHIBIT  2

PAGE  102

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On **December 27, 2007**, I served the foregoing document described as:

**MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.**

on the interested parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

[X]   (BY PERSONAL SERVICE)   [ ]   By personally delivering copies to the person served. (FEDERAL) (as Noted)

[X]   I caused such documents to be hand delivered to the office of the addressee. (FEDERAL) (as Noted)

[X]   (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. (As Noted.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on December 27, 2007 at Los Angeles, California.

Becky S. Isomoto
PRINT NAME                              SIGNATURE

EXHIBIT ___2___

PAGE ___103___

1

1

2  John B. Quinn, Esq.
   Michael T. Zeller, Esq.
3  Jon D. Corey, Esq.
   Timothy L. Alger, Esq.
4  Quinn Emanuel Urquhart Oliver &
   Hedges, LLP
5  865 South Figueroa Street, 10ᵗʰ Floor
   Los Angeles, CA 90017-2543
6  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
7

8  *Attorneys for Mattel, Inc.*
   *(Personal Service)*

9  Mark E. Overland
   Alexander H. Cote
10 David C. Scheper
   Overland Borenstein Scheper & Kim
11 300 South Grand Avenue, Suite 2750
   Los Angeles, CA  90071
12 Telephone:  (213) 613-4655
   Facsimile:  (213) 613-4656
13

14 *Attorneys for Carlos Gustavo Machado*
   *Gomez*
15 *(FEDERAL EXPRESS)*

16

17

18

19

20

21

22

23

24

25

26

27

28

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
Telephone: (415)391-5400
Facsimile:  (415)397-7188

*Attorneys for Carter Bryant*
*(FEDERAL EXPRESS)*

2

EXHIBIT 2
PAGE 104

CONFORMED COPY

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   Duane R. Lyons (Bar No. 125091)
5  (duanelyons@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11  CARTER BRYANT, an individual,       CASE NO. CV 04-9049 SGL (RNBx)

12         Plaintiff,                    Consolidated With Case No. 04-9059 and
                                         Case No. 05-2727
13         v.
                                         MATTEL, INC.'S SECOND AMENDED
14                                       ANSWER IN CASE NO. 05-2727 AND
    MATTEL, INC., a Delaware             COUNTERCLAIMS FOR:
15  corporation,
                                         1.  COPYRIGHT INFRINGEMENT;
16         Defendant.                    2.  VIOLATION OF THE
                                             RACKETEER INFLUENCED AND
17                                           CORRUPT ORGANIZATIONS
                                             ACT;
18  MGA ENTERTAINMENT, INC. a            3.  CONSPIRACY TO VIOLATE THE
    California corporation,                  RACKETEER INFLUENCED AND
19                                           CORRUPT ORGANIZATIONS
                                             ACT;
20         Plaintiff,                    4.  MISAPPROPRIATION OF TRADE
                                             SECRETS;
21         v.                            5.  BREACH OF CONTRACT;
                                         6.  INTENTIONAL INTERFERENCE
22  MATTEL, INC., a Delaware                 WITH CONTRACT;
    corporation, and DOES 1-10,          7.  BREACH OF FIDUCIARY DUTY;
23                                       8.  AIDING AND ABETTING
           Defendants.                       BREACH OF FIDUCIARY DUTY;
24                                       9.  BREACH OF DUTY OF
                                             LOYALTY;
25

26                                       PUBLIC REDACTED VERSION

27                                       Volume I

28

2154363.2

                                         SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT 3

PAGE 105



| | |
|---|---|
| 1 | MATTEL, INC., a Delaware corporation, |
| 2 | |
| 3 | Counter-claimant, |
| 4 | v. |
| 5 | MGA ENTERTAINMENT, INC., a California corporation; ISAAC LARIAN, an individual; CARTER |
| 6 | BRYANT, an individual; MGA ENTERTAINMENT (HK) LIMITED, |
| 7 | a Hong Kong Special Administrative Region business entity; MGAE DE |
| 8 | MÉXICO, S.R.L. DE C.V., a Mexico business entity; CARLOS |
| 9 | GUSTAVO MACHADO GOMEZ, an individual; and DOES 4 through 10, |
| 10 | |
| 11 | Counter-defendants. |
| 12 | AND CONSOLIDATED CASES |

10. AIDING AND ABETTING
BREACH OF DUTY OF
LOYALTY;
11. CONVERSION;
12. UNFAIR COMPETITION; AND
13. DECLARATORY RELIEF

DEMAND FOR JURY TRIAL

2154363.2

-2-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT 3
PAGE 106

## SECOND AMENDED ANSWER

Pursuant to the Court's Orders of January 12, 2007 and June 27, 2007, Defendant Mattel, Inc. ("Mattel") answers the Complaint of MGA Entertainment, Inc. ("Complaint") as follows:

### Preliminary Statement

The Complaint in this case contravenes Rule 8(a) of the Federal Rules of Civil Procedure in multiple respects. For example, in many places, the Complaint improperly mixes factual averments with argumentative rhetoric. The Complaint also includes a selective recitation of alleged historical facts and "rumor," much of which is both irrelevant and inflammatory in tone and content. In addition, many of the allegations of the Complaint are overly broad, vague or conclusory and include terms which are undefined and which are susceptible to different meanings. Accordingly, by way of a general response, all allegations are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications or speculations which are contained in the averment or in the Complaint as a whole. These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Second Amended Answer.

Mattel further submits that the use of the headings throughout the Complaint is improper, and therefore no response to them is required. In the event that a response is required, Mattel denies those allegations.

The Complaint also contains many purported photographs of various items, and it uses one or more headings purporting to describe, either individually or in groups, these various photographs. The images of these photographs contained in the Complaint are all relatively small and some are of less than optimal quality, making it difficult to evaluate the adequacy of the photographs or their fairness and accuracy in depicting what they purport to represent. The Complaint also does not describe the circumstances or time frame in which these photographs were taken,

2154363.2

EXHIBIT __3__
PAGE __107__

1   and in many cases does not identify, or does not sufficiently or properly identify, the

2   item depicted in the photographs.  All of these factors, as well as the use of these

3   photographs and headings out of context, or with an insufficient context, impair the

4   ability of Mattel to fully respond to these photographs and headings, or to any

5   purported allegations involving, or relying upon, the use of such photographs and

6   accompanying headings.  By way of a general response, Mattel therefore does not

7   admit the authenticity of any photograph, or the accuracy or adequacy of any

8   heading, nor does it admit any allegation or inference that is based on, or purports to

9   be based on, any photograph or accompanying heading in the Complaint.  Mattel

10  reserves the right to challenge the authenticity of any photograph and the accuracy

11  or adequacy of any heading (either as included in the Complaint or in the context of

12  additional material not included).  Further, with reference to all photographs and

13  accompanying headings, or any averments based on the Complaint's use of such

14  photographs and headings, which might be offered into evidence, Mattel specifically

15  reserves its right to object to any use of such photographs, headings, and averments,

16  or the Complaint as a whole or in part, in evidence for any purpose whatsoever.

17          To the extent that Mattel has endeavored to answer any particular

18  allegation containing any such photographs and headings, any admission concerning

19  the item purported to be depicted in such photograph, or described in such headings,

20  shall not constitute an admission that the photograph is authentic, adequate, or

21  admissible, nor that any heading is accurate, adequate, or admissible.  All such items

22  purportedly depicted in such photographs, and described in such headings, "speak

23  for themselves".  Accordingly, to the extent that any such referenced materials are

24  deemed allegations against Mattel, they are denied.

25                              Responses

26          1.    Answering paragraph 1 of the Complaint, Mattel admits that

27  plaintiff MGA Entertainment, Inc. ("plaintiff" or "MGA") is a California

28  corporation with a principal place of business in Van Nuys, California.

EXHIBIT ___3___

PAGE ___108___

2154363.2

1    2.      Answering paragraph 2 of the Complaint, Mattel admits that

2    Mattel is a Delaware corporation with a principal place of business in El Segundo,

3    California.

4    3.      Answering paragraph 3 of the Complaint, Mattel denies that

5    there has been wrongful conduct on its part and states that it is without knowledge

6    or information sufficient to form a belief as to the truth or falsity of the remaining

7    allegations set forth therein and, on that basis, denies them.

8    4.      Answering paragraph 4 of the Complaint, Mattel admits that

9    plaintiff purports to assert claims under the Lanham Act, 15 U.S.C. §§ 1125(a) and

10   (c), California Business and Professions Code §§ 17200 *et seq.*, California Business

11   and Professions Code § 14330 and California common law, denies that plaintiff is

12   entitled to any relief thereunder and denies the truth of the remaining allegations set

13   forth in paragraph 4.

14   5.      Answering paragraph 5 of the Complaint, Mattel admits that it is

15   subject to personal jurisdiction in this District and denies the truth of the remaining

16   allegations set forth in paragraph 5.

17   6.      Answering paragraph 6 of the Complaint, Mattel admits that

18   venue is proper in this District and denies the truth of the remaining allegations set

19   forth in paragraph 6.

20   7.      Answering paragraph 7 of the Complaint, Mattel admits that

21   MGA has filed the instant lawsuit and denies the truth of the remaining allegations

22   set forth in paragraph 7.

23   8.      Answering paragraph 8 of the Complaint, Mattel states that it is

24   without knowledge or information sufficient to form a belief as to the truth or falsity

25   of the allegations regarding MGA's history set forth therein and, on that basis,

26   denies them, states that MGA has made conflicting representations, including in

27   sworn statements, that are at odds with the allegations of the Complaint and denies

28   the truth of the remaining allegations set forth in paragraph 8.

2154363.2

-5-

SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT 3   PAGE 109

1         9.     Answering paragraph 9 of the Complaint, Mattel admits that

2 MGA filed this action, states that Mattel's web site and corporate governance

3 policies speak for themselves and denies the truth of the remaining allegations set

4 forth in paragraph 9.

5         10.    Answering paragraph 10 of the Complaint, Mattel admits that it

6 is the world's most successful toy company, states that the first doll in its BARBIE

7 line was publicly introduced in 1959 and that BARBIE-branded dolls have been the

8 world's best-selling toys, states that Mattel's sales and stock price speak for

9 themselves, and denies the truth of the remaining allegations set forth in paragraph

10 10.

11       11.    Answering paragraph 11 of the Complaint, Mattel admits that

12 Adrienne Fontanella is the former president for girls' toys at Mattel, states that it is

13 without knowledge or information sufficient to form a belief as to the truth or falsity

14 of the allegations regarding an alleged statement by Ms. Fontanella, and denies the

15 truth of the remaining allegations set forth in paragraph 11.

16       12.    Answering paragraph 12 of the Complaint, Mattel is without

17 knowledge or information sufficient to form a belief as to the truth or falsity of the

18 allegations regarding alleged statements by unidentified "analysts," states that

19 Mattel's sales and stock price speak for themselves, and denies the truth of the

20 remaining allegations set forth in paragraph 12.

21       13.    Answering paragraph 13 of the Complaint, Mattel admits that Jill

22 Barad became President and Chief Executive Officer of Mattel in January 1997, that

23 Mattel acquired Tyco Industries, Inc. ("Tyco") in March 1997, that Mattel acquired

24 Pleasant Company in 1998, Mattel acquired the Learning Company in May 1999,

25 that Mattel acquired Purple Moon in 1999, that the MATCHBOX brand was owned

26 by Tyco, that the AMERICAN GIRL line of dolls was made by Pleasant Company

27 at the time of that entity's acquisition, and denies the truth of the remaining

28 allegations set forth in paragraph 13.

EXHIBIT 3

PAGE 110

14.    Answering paragraph 14 of the Complaint, Mattel states that its public announcements speak for themselves, and denies the truth of the remaining allegations set forth therein.

15.    Answering paragraph 15 of the Complaint, Mattel states that its stock price and its public announcements speak for themselves, and denies the truth of the remaining allegations set forth therein.

16.    Answering paragraph 16 of the Complaint, Mattel states that its stock price speaks for itself, states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the alleged views of unnamed "analysts" and "[i]nvestors," and denies the truth of the remaining allegations set forth therein.

17.    Answering paragraph 17 of the Complaint, Mattel admits that Ms. Barad resigned in February 2000.

18.    Answering paragraph 18 of the Complaint, Mattel admits that Robert Eckert became Chairman and Chief Executive Officer of Mattel in May 2000 and that Mr. Eckert previously was employed at Kraft Foods, Inc. for 23 years, is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the views of unnamed "[i]nvestors" and others, and denies the truth of the remaining allegations set forth in paragraph 18.

19.    Answering paragraph 19 of the Complaint, Mattel admits that the *Wall Street Journal* published an article on August 10, 2000 the content of which speaks for itself, and denies the truth of the remaining allegations set forth therein.

20.    Answering paragraph 20 of the Complaint, Mattel admits that it disposed of the Learning Company in October 2000, states that its sales and revenues speak for themselves, states that the remainder of the allegations contained therein are characterizations, not factual assertions, and therefore no response is necessary under Fed. R. Civ. P. 8(b) and, to the extent any further response is required, denies the truth of any remaining allegations set forth in paragraph 20.

2154363.2

SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT __3__

PAGE __111__

1    21.   Answering paragraph 21 of the Complaint, Mattel admits that

2 products in plaintiff's "Bratz" line compete with products in Mattel's BARBIE and

3 other product lines and states that the remainder of the allegation contained

4 therein—consisting of a sentence fragment—is unintelligible and on that basis

5 denies the truth of any such remaining allegation set forth therein.

6    22.   Answering paragraph 22 of the Complaint, Mattel admits that

7 products in plaintiff's "Bratz" line compete with Mattel products, states that the

8 remainder of the allegations contained therein are characterizations, not factual

9 assertions, and that therefore no response is necessary under <u>Fed. R. Civ. P.</u> 8(b)

10 and, to the extent any further response is required, denies the truth of any remaining

11 allegations set forth therein.

12    23.   Answering paragraph 23 of the Complaint, Mattel states that

13 MGA has made conflicting statements, including in sworn statements, that are

14 inconsistent with the allegations set forth in paragraph 23 of the Complaint and

15 states that it is therefore without knowledge or information sufficient to form a

16 belief as to the truth or falsity of the allegations set forth therein and, on that basis,

17 denies them.

18    24.   Answering paragraph 24 of the Complaint, Mattel states that the

19 "look" of the referenced dolls speak for themselves and denies the truth of the

20 remaining allegations set forth therein.  By way of further answer, Mattel states that

21 the photographs and their accompanying caption on page 7 of the Complaint are

22 false and misleading to the extent they are intended to suggest that MGA has

23 produced or used a consistent packaging shape or look or that it has protectible

24 rights in the matters depicted in the photographs.

25    25.   Answering paragraph 25 of the Complaint, Mattel admits that

26 Bratz dolls are between approximately 9.5 to 10 inches in height, states that the

27 appearances of the dolls speak for themselves, denies that "Bratz" dolls are or "were

28 intentionally shorter" than dolls in Mattel's BARBIE line, denies that the "Bratz"

EXHIBIT __3__

PAGE __117__

SECOND AMENDED ANSWER AND COUNTERCLAIMS

1  dolls "looked like no other" and denies the truth of the remaining allegations set

2  forth in paragraph 25.

3      26.    Answering paragraph 26 of the Complaint, Mattel states that the

4  use of the term "classic" is unintelligible, since Mattel has designed and sold

5  different dolls using different heads and with different fashions and themes over the

6  years, and denies the truth of any remaining allegations. By way of further answer,

7  Mattel states that the image encaptioned "Mattel's 'Barbie'" on page 8 of the

8  Complaint is misleading in that it depicts one of the doll heads that have been used

9  as part of the BARBIE line for many years, and therefore ignores that Mattel has

10  long designed and sold an array of different BARBIE line dolls that use different

11  doll heads, including doll heads which depict different ethnicities, and that are

12  dressed in different clothing and fashion styles.

13      27.    Answering paragraph 27 of the Complaint, Mattel admits that

14  MGA has used the line "The Girls With a Passion for Fashion" in some contexts,

15  denies that MGA originated or otherwise has rights to that phrase, admits that one

16  audience for products in the "Bratz" line has been "tweens" and denies the truth of

17  the remaining allegations set forth in paragraph 27.

18      28.    Answering paragraph 28 of the Complaint, Mattel admits that

19  certain "Bratz" dolls have won certain awards, the terms of which speak for

20  themselves, states that it is without knowledge or information sufficient to form a

21  belief as to the truth or falsity of the allegations regarding the "awards" MGA claims

22  and, on that basis, denies them, denies that plaintiff has protectible rights and denies

23  the truth of any remaining allegations set forth in paragraph 28.

24      29.    Answering paragraph 29 of the Complaint, Mattel admits that

25  dolls in the "Bratz" line compete with dolls in Mattel product lines, denies that

26  Mattel has or has ever had a "stranglehold" on any market, states that the market

27  allegations contained in paragraph 29 are vague and ambiguous, including without

28  limitation in that the allegations fail to specify what products among the parties'

2154363.2

-9-

SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT ___3___

PAGE ___113___

1  respective lines are being referred to and what time period is being referred to, and

2  denies the truth of any remaining allegations set forth in paragraph 29.

3          30.    Answering paragraph 30 of the Complaint, Mattel admits that

4  MGA has been a licensee of Mattel, states that the market allegations are vague and

5  ambiguous, including without limitation in that the allegations fail to specify what

6  products are being referred to and what time periods or points in time are being

7  referred to, and states that the remainder of the allegations contained therein are

8  characterizations, not factual assertions, and therefore no response is necessary

9  under Fed. R. Civ. P. 8(b) and, to the extent any further response is required, denies

10  the truth of any remaining allegations set forth in paragraph 30.

11          31.    Answering paragraph 31 of the Complaint, Mattel states that the

12  allegations contained therein are characterizations, not factual assertions, and

13  therefore no response is necessary under Fed. R. Civ. P. 8(b) and, to the extent any

14  further response is required, denies the truth of the allegations set forth in paragraph

15  31.

16          32.    Answering paragraph 32 of the Complaint, Mattel denies the

17  truth of the allegations set forth therein.

18          33.    Answering paragraph 33 of the Complaint, Mattel denies the

19  truth of the allegations set forth therein.

20          34.    Answering paragraph 34 of the Complaint, Mattel states that it

21  has released various MY SCENE dolls, including MY SCENE dolls named

22  "Madison", "Chelsea" and "Barbie," states that the appearance of the Bratz and MY

23  SCENE dolls speak for themselves, denies that Mattel designed its MY SCENE

24  dolls to "evoke" or resemble the alleged "look" of "Bratz" dolls, denies that plaintiff

25  has protectible rights, states that MGA has made conflicting representations that are

26  at odds with the allegations of the Complaint and that it is therefore without

27  knowledge or information sufficient to form a belief as to the truth or falsity of the

28  allegations regarding the "launch" of Bratz dolls set forth therein and, on that basis,

2154363.2

-10-

EXHIBIT ___3___

PAGE ___14___

1  denies them, and denies the truth of the remaining allegations set forth therein. By

2  way of further answer, Mattel states that the photographs and their accompanying

3  captions on page 10 of the Complaint are misleading and false to the extent they are

4  intended to suggest that a particular Mattel doll has been changed over time as

5  purportedly depicted. Among other things, Mattel has long designed and sold an

6  array of different BARBIE line dolls using different doll heads, and the photographs

7  encaptioned "Mattel's Traditional 'Barbie'" is one of the doll heads that has been

8  used, and continues to be used, as part of the BARBIE line. In addition, the

9  photographs encaptioned MY SCENE doll "circa 2002" is, in fact, a Mattel doll

10  character called BARBIE that continues to be sold and/or marketed with that head,

11  and the photographs encaptioned MY SCENE doll "circa 2004" depict a MY

12  SCENE doll character separate and apart from the one depicted in the "circa 2002"

13  image (and is not a revised character as plaintiff apparently attempts to imply).

14          35.    Answering paragraph 35 of the Complaint, Mattel admits that

15  Mattel released a product line called FLAVAS, states that the appearance of the

16  FLAVAS dolls speaks for themselves, states that it is without knowledge or

17  information sufficient to form a belief as to the truth or falsity of the allegations

18  regarding the "rumor" relied upon by plaintiff and the undefined "media"

19  purportedly quoting Isaac Larian and, on that basis, denies them, denies that Mattel

20  has abandoned the FLAVAS line, and denies the truth of the remaining allegations

21  set forth in paragraph 35.

22          36.    Answering paragraph 36 of the Complaint, Mattel denies the

23  truth of the allegations set forth therein.

24          37.    Answering paragraph 37 of the Complaint, Mattel denies the

25  truth of the allegations set forth therein. By way of further answer, Mattel states that

26  the unnumbered photographs and their accompanying captions on pages 11 through

27  16 of the Complaint -- which apparently were included to purportedly support the

28  allegation that MY SCENE dolls "became 'Bratz,'" which allegation Mattel

21543632

-11-

SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT   3

PAGE   115

1  specifically denies -- are false and misleading.  Among other things, the heads

2  depicted are among an array of different doll heads that Mattel has used, and

3  continues to use, over the course of many years.  Moreover, the images purport to

4  compare different Mattel doll lines to show alleged changes in appearance even

5  though, in fact, each of the heads are currently sold and/or marketed to the public.

6  The "Blonde" series of photographs encaptioned "original" and "recent" MY

7  SCENE is further and specifically misleading in that it purports to compare two

8  differently named and outfitted dolls in the MY SCENE doll line, both of which

9  continue to be sold and/or marketed.

10      38.    Answering paragraph 38 of the Complaint, Mattel states that the

11  phrase "the 'BRATZ' eye" is unintelligible, denies that MGA has rights therein,

12  denies that MGA was the originator of or the first to use the eye shape or makeup

13  depicted as purportedly constituting "the 'BRATZ' eye," denies that Mattel has

14  copied the "the 'BRATZ' eye" and denies the truth of the remaining allegations

15  contained in paragraph 38.  By way of further answer, Mattel states that the

16  unnumbered photographs and accompanying caption on page 13 of the Complaint

17  are false and misleading.  Among other things, the purported "Original Mattel 'My

18  Scene' Eye" is one of the eye and makeup designs that Mattel has used over the

19  course of many years, and Mattel continues to sell and/or market dolls using the eye

20  and makeup design depicted therein.

21      39.    Answering paragraph 39 of the Complaint, Mattel states that the

22  phrase "the 'BRATZ' eye" is unintelligible, denies that MGA has rights therein,

23  denies that MGA was the originator of or the first to use the eye shape or makeup

24  purportedly described as constituting "the 'BRATZ' eye," denies that Mattel has

25  copied the "the 'BRATZ' eye," states that the relevant dolls speak for themselves and

26  denies the truth of the remaining allegations contained in paragraph 39.  By way of

27  further answer, Mattel states that the unnumbered photographs and accompanying

28  captions on page 14 of the Complaint are false and misleading.  Among other things,

2154363.2

-12-

SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT  3

PAGE  116

1 | the purported "New Mattel 'My Scene' Eye" is one of the eye and makeup designs
2 | that Mattel has used over the course of many years, and Mattel continues to sell
3 | and/or market dolls using the eye and makeup design depicted on page 14 of the
4 | Complaint.

5 |       40.    Answering paragraph 40 of the Complaint, Mattel denies the
6 | truth of the allegations therein. By way of further answer, Mattel states that the
7 | unnumbered photographs and their accompanying captions on pages 15 to 16 are
8 | false and misleading. Among other things, the heads depicted are among an array of
9 | different doll heads that Mattel has used, and continues to use, over the course of
10 | many years. Moreover, the photographs purport to compare different Mattel doll
11 | lines to show alleged changes in appearance even though, in fact, each of the heads
12 | are currently sold and/or marketed to the public. The "Blonde" series of
13 | photographs encaptioned "original" and "recent" MY SCENE is further and
14 | specifically misleading in that it purports to compare two differently named and
15 | outfitted dolls in the MY SCENE doll line, both of which continue to be sold and/or
16 | marketed.

17 |       41.    Answering paragraph 41 of the Complaint, Mattel denies the
18 | truth of the allegations set forth therein.

19 |       42.    Answering paragraph 42 of the Complaint, Mattel admits that the
20 | photographs purport to depict two packages that were, among others, part of the MY
21 | SCENE line, state that the packages speak for themselves and denies the truth of any
22 | remaining allegations set forth therein.

23 |       43.    Answering paragraph 43 of the Complaint, Mattel admits that the
24 | photograph purports to depict one of the packages that were, among others, part of
25 | the MY SCENE line, states that the parties' packages speak for themselves, states
26 | that MGA has failed to establish that it originated, or has protectible rights in, an
27 | "open and transparent style" for packaging and denies the truth of the remaining
28 | allegations set forth therein.

!154363.2

EXHIBIT ___3___

PAGE ___117___

1    44.    Answering paragraph 44 of the Complaint, Mattel admits that
2  one photograph purports to depict one of the packages that were, among others, part
3  of the MY SCENE line, admits that the other photograph purports to depict one of
4  the packages that were, among others, used as part of the Bratz line, states that the
5  parties' packages speak for themselves, denies that MGA originated, or has
6  protectible rights in, "the 'BRATZ' packaging" or in the packaging depicted in the
7  Complaint and denies the truth of any remaining allegations set forth therein.

8    45.    Answering paragraph 45 of the Complaint, Mattel admits that
9  one photograph purports to depict one of the packages that were, among others, part
10  of the MY SCENE line, admits that the other photograph purports to depict one of
11  the packages that were, among others, used as part of the Bratz line, states that the
12  parties' packages speak for themselves, denies that MGA originated, or has
13  protectible rights in, the packaging depicted in the Complaint and denies the truth of
14  any remaining allegations set forth therein.

15    46.    Answering paragraph 46 of the Complaint, Mattel states that it
16  has utilized a wide variety of packaging styles and shapes over the years, states that
17  the relevant packaging speaks for itself, states that MGA lacks protectible rights in
18  "non-rectangular shaped box" packaging or in the other elements MGA claims in
19  paragraph 46, and denies the truth of the remaining allegations set forth therein.

20    47.    Answering paragraph 47 of the Complaint, Mattel denies that
21  any alleged "theme" is "MGA's theme," denies that MGA originated or has rights to
22  any theme and denies the truth of the remaining allegations set forth therein.

23    48.    Answering paragraph 48 of the Complaint, Mattel admits that it
24  released a doll called "Chillin Out!", states that it has released such themed dolls
25  over the course of many years, admits MGA released a "Wintertime Wonderland"
26  themed doll, denies that MGA originated or has rights to such theme, states that the
27  relevant products speak for themselves and denies the truth of the remaining
28  allegations set forth therein.

2154363.2

-14-

SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT  3

PAGE  116

1        49.     Answering paragraph 49 of the Complaint, Mattel admits that it

2  released a doll called "Night on the Town", states that it has released such themed

3  dolls over the course of many years, admits MGA released a "Formal Funk" themed

4  doll, denies that MGA originated or has rights to such theme, states that the relevant

5  products speak for themselves and denies the truth of the remaining allegations set

6  forth therein.

7        50.     Answering paragraph 50 of the Complaint, Mattel admits that it

8  released a doll called "Jammin' in Jamaica" and a playset called "Guava Gulch Tiki

9  Lounge", states that it has released such themed dolls and products over the course

10  of many years, admits that MGA released a "Sun-Kissed Summer" themed doll and

11  playset, denies that MGA originated or has rights to such theme, states that the

12  relevant products speak for themselves and denies the truth of the remaining

13  allegations set forth therein.

14        51.     Answering paragraph 51 of the Complaint, Mattel admits that it

15  has aired television commercials for its MY SCENE line, states that such

16  commercials speak for themselves, denies the truth of the remaining allegations set

17  forth therein and specifically denies that MGA was the originator of or has rights to

18  commercials "combining live action with animated sequences" set to "pop music

19  and lyrics".

20        52.     Answering paragraph 52 of the Complaint, Mattel denies the

21  truth of the allegations set forth therein.

22        53.     Answering paragraph 53 of the Complaint, Mattel admits that it

23  released a MY SCENE "Sound Lounge", admits that MGA released a product called

24  "Runway Disco", states that the relevant products speak for themselves, denies that

25  it "imitated MGA's trapezoidal box," denies that MGA has rights thereto, and

26  denies the truth of the remaining allegations set forth therein.

27        54.     Answering paragraph 54 of the Complaint, Mattel denies the

28  truth of the allegations set forth therein.

2154365.2

EXHIBIT ___3___

PAGE ___119___

-15-