1    KEKER & VAN NEST, LLP
     JOHN W. KEKER - #49092
2    jkeker@kvn.com
     MICHAEL H. PAGE - #154913
3    mpage@kvn.com
     CHRISTA M. ANDERSON - #184325
4    canderson@kvn.com
     MATTHEW M. WERDEGAR - #200470
5    mwerdegar@kvn.com
     710 Sansome Street
6    San Francisco, CA  94111-1704
     Telephone:  (415) 391-5400
7    Facsimile:  (415) 397-7188

8    Attorneys for Plaintiff
     CARTER BRYANT
9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                        EASTERN DIVISION

13

14
     CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
15                                         (consolidated with CV 04-9059 & 05-
                    Plaintiff,             2727
16
           v.                              **DISCOVERY MOTION**
17
     MATTEL, INC. a Delaware               [To be heard by Discovery Master Hon.
18   Corporation,                          Edward Infante (Ret.)]

19                  Defendant.
                                           **SUPPLEMENTAL
20                                         MEMORANDUM OF POINTS AND
     CONSOLIDATED WITH MATTEL,             AUTHORITIES IN SUPPORT OF
21   INC., v. BRYANT and MGA               CARTER BRYANT'S MOTION TO
     ENTERTAINMENT, INC. v.                QUASH MATTEL INC.'S
22   MATTEL, INC.                          SUBPOENA ISSUED TO PEOPLES
                                           BANK OF THE OZARKS OR IN
23                                         THE ALTERNATIVE, FOR
                                           PROTECTIVE ORDER**
24
                                           Date:        TBA
25                                         Time:        TBA
                                           Place:       TBA
26
                                           Discovery Cut-Off:  Jan. 28, 2008
27                                         Pre-Trial Conference:  May 5, 2008
                                           Trial Date:  May 27, 2008
28

─────────────────────────────────────────────────────
SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CARTER
BRYANT'S MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER
CASE NO. CV 04-09049 SGL (RNBx)

## I.   INTRODUCTION

At the time Bryant noticed and filed his Motion to Quash, it was unclear when exactly Mattel served its subpoena on Peoples Bank of the Ozarks ("Peoples Bank"). In a subsequently filed motion and exhibits, Mattel disclosed facts that not only provide the date of service, but also highlight Mattel's flagrant violation of the Federal Rule of Civil Procedure. 45(b)(1) notice requirements and the resulting prejudice to Bryant. Supp. Trinidad Decl., Exs. A, B (Motion and Electronic Notice of Motion). In addition, the MGA Defendant's Motion to Quash Subpoena to Bank of America (filed on January 29), stating that a Mattel subpoena to Bank of America was served one week prior to notification, demonstrates Mattel's repeated violation of the Federal Rules, and provides additional support for Bryant's motion. Bryant files this supplemental statement and the Supplemental Declaration of John Trinidad In Support of Bryant's Motion to Quash to provide the Court with this new information.

## II.   BACKGROUND

Mattel's motion (captioned "Notice of Motion and Motion for Leave to Obtain Discovery After the Phase 1 Discovery Cut-Off in Response to Subpoenas Served on Doll Bag, Inc., Veronica Marlow, Inc., Marlow Techno-Logic, Inc., Peoples Bank of the Ozarks and Washington Mutual Bank and Memorandum of Points and Authorities in Support Thereof") and the exhibits submitted in support of that motion provide a previously unavailable history of the Peoples Bank subpoena. Specifically, the copy of the Peoples bank subpoena included with the Melissa Grant's Declaration shows that counsel for Mattel signed and dated the subpoena on January 15, 2008. *Id.*, Ex. C ¶ 6 (Grant Declaration), Ex. D (Exhibit 8 to Grant Declaration). The proof of service section of the subpoena further shows that the subpoena was served on January 18, 2008 – *one full week before Mattel provided Bryant or any other party in the litigation with notice of the*

0

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CARTER BRYANT'S MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER
CASE NO. CV 04-09049 SGL (RNBx)

410326.02

1 | *subpoena.*[1]  *Id.,* Ex. D at 102.  The proof of service also shows that Mattel issued

2 | the subpoena despite, only days earlier, entering into an agreement under which

3 | Bryant agreed to produce a laundry list of financial information in lieu of Mattel

4 | pursuing a substantially similar subpoena issued to Foothill Business Services,

5 | Bryant's accountants.  *See* Mot. to Quash at 2-4.

6 | It now appears that Mattel, *before* providing notice of the subpoena, was

7 | engaged in substantive communications with Peoples Bank and was fully aware

8 | that Peoples Bank was collecting and planning to produce documents responsive to

9 | the subpoenas requests.  Supp. Trinidad Decl., Ex. C ¶9.  Mattel admits to

10 | receiving a telephone call from Peoples Bank on Friday, January 25.  *Id.*  During

11 | that call, the Bank stated that they "had already collected most of the responsive

12 | documents."  *Id.*  At around 1:24 PST, Mattel received an email from Peoples

13 | Bank seeking a 14-day extension to comply with the subpoena.  *Id.*, Ex. E at 117-18

14 | (Exhibit 11 to Grant Declaration).  Mattel finally served Bryant and the other

15 | parties to the litigation with notice of the subpoena that same Friday afternoon.

16 | *See id.*, Decl., Ex. F (Proof of Service of Notice of Subpoena).

17 | On the morning of Monday, January 28, notwithstanding its request for an

18 | extension, it appears that Peoples Bank was ready to produce Bryant's confidential

19 | financial records without Bryant ever having had an opportunity to object to the

20 | subpoena and confer with Mattel and his bank regarding any production of

21 | documents.  *Id.*, Ex. G.  Counsel for Mattel exchanged emails with Peoples Bank

22 | on Monday morning in an attempt to coordinate the same day production of

23 | previously collected documents.  *Id.*  Peoples Bank was prepared to comply with

24 | Mattel's request.  Only after Bryant communicated his objections and stated his

25 |

---

[1] In its motion, Mattel asserted that the subpoena *duces tecum* was served on Peoples Bank on January 21, 2008, which is the date that the server signed his declaration.  *Id.*, Ex. A at 5. However, this statement is inconsistent with the proof of service included with the subpoena itself, which states services was effected on January 18, 2008.  But even if Mattel's motion is accurate,, by their own admission, Mattel failed to provide notice to the parties prior to the service of the subpoena, as required by the Federal Rules.

1

intention to move to quash the subpoena, Peoples Bank informed Mattel that they would not be producing any documents "until we get a court order or the parties come to an agreement."[2]  *Id.* Exs G, H.  Thus, only by immediately making his objections known to Peoples Bank on the morning of January 28 did Mr. Bryant temporarily halt Mattel's overbroad and procedurally deficient third party discovery and preserve his right to challenge propriety of this discovery.[3]

## III.   ARGUMENT

**A.   Mattel's actions are prejudicial to Bryant, and the Peoples Bank subpoena should be quashed due to Mattel's flagrant violation of the Fed. R. Civ. P. 45(b)(1) notice requirements.**

Mattel's conduct with respect to the Peoples Bank subpoena is precisely the type of covert discovery and sandbagging that the notice requirement of Rule 45 is meant to prevent.  By serving notice of the Peoples Bank subpoena on January 25 - - *one business day before* the subpoenas date of compliance and one day before the last day of discovery --  Mattel prejudiced Bryant's ability to confer with counsel and to move to quash in a timely manner.  *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec,* 476 F.Supp.2d 913, 928-29 (N.D. Ill. 2007) (Court considers period of delay in providing notice in determining prejudice).  Through their recently filed motion, Mattel has admitted that multiple days passed between the service of the subpoena, and notice of the subpoena, thus conceding a Rule 45(b)(1) violation.  Supp. Trinidad Decl., Ex. A at 5.  And as discussed above, this violation almost resulted in Peoples Bank producing vast quantities of financial information about Mr. Bryant, and non-party Carter Bryant Enterprises, without

---

[2] In its motion, Mattel represents to the Court that the Bank had "agreed to comply with the subpoena[]."  *Id.*, Ex. A at 2.  Mattel fails to mention the January 28, 2008 e-mail from Peoples Bank informing Mattel that, in light of Bryant's Motion to Quash, they would not be producing documents.

[3] On the morning of January 28, Counsel for Bryant sent a letter via fax to Melissa Grant, counsel for Mattel, notifying Mattel of Bryant's intention to move to quash the subpoena.  Supp. Trinidad Decl., Ex. I (Jan. 28, 2008 Letter from Trinidad to Grant).  It is unclear whether Ms. Grant's January 28 email to Peoples Bank, attempting to arrange for pick-up of the documents that same day, was sent before or after Mattel received Bryant's fax.  *See id.*, Ex. G.

1   Mr. Bryant ever knowing, much less having a reasonable opportunity to object and

2   confer with Peoples Bank and Mattel.  Had Mr. Bryant's counsel not worked over

3   the weekend and contacted Peoples Bank first thing Monday morning, Peoples

4   Bank would have produced documents to Mattel.

5          Mattel's actions in connection with the Peoples Bank subpoena is

6   reminiscent of other improper attempts by Mattel to gain access to personal,

7   financial information, and provides additional support for a determination of

8   prejudice.  *See generally Zinter Handling, Inc. v. General Elec. Co.*, 2006, WL

9   3359317, *2 (N.D.N.Y. 2006) (finding that prejudice determination includes any

10  pattern of noncompliance with rules of procedure in addition to the period of delay

11  in providing notice).   Mattel failed to provide Bryant with any notice of the

12  December 11 subpoena to Foothill Business Services, an entity that provides

13  Bryant with accounting services.  Mot. to Quash at 2-4.  Mattel also failed to

14  provide proper notice of its amended subpoena to Foothills Business Services.  Just

15  last week, this Court rejected Mattel's attempt to obtain the personal financial

16  information of Farhad Larian, finding that there was no justification for "the

17  intrusive and harassing nature of the requests" and that such requests were

18  cumulative of discovery already provided, Supp. Trinidad Decl., Ex. J (Jan 25,

19  2008 Order).  And on January 29, MGA Entertainment, Inc. and other counter-

20  defendants brought a document subpoena issued by Mattel to Bank of America,

21  claiming that not only was the request for financial information overbroad, but that

22  Mattel had delayed a full week to provide the parties with notice of the Bank

23  subpoena, and had only served notice one court day before the specified date for

24  compliance.  *Id.*, Ex. K at 6-8.  Mattel's repeated violation of the rules of

25  procedure provides strong support for a finding of prejudice, and ample grounds

26  for quashing the Peoples Bank subpoena.

27

28

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CARTER
BRYANT'S MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER
CASE NO. CV 04-09049 SGL (RNBx)

410326.02

## IV.   CONCLUSION

For the above stated reasons, and for the reasons set forth in his Motion to Quash, Bryant respectfully requests that this court QUASH Mattel's subpoena issued to Peoples Bank.

Dated:  January 30, 2008                    KEKER & VAN NEST, LLP


By: _____

John Trinidad
Attorneys for Plaintiff
CARTER BRYANT

4

410326.02

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On January 30, 2008, I served the following document(s):

**1. SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CARTER BRYANT'S MOTION TO QUASH MATTEL INC.'S SUBPOENA ISSUED TO PEOPLES BANK OF THE OZARKS OR IN THE ALTERNATIVE, FOR PROTECTIVE ORDER; and**

**2. SUPPLEMENTAL DECLARATION OF JOHN TRINIDAD IN SUPPORT OF CARTER BRYANT'S MOTION TO QUASH MATTEL INC.'S SUBPOENA ISSUED TO PEOPLES BANK OF THE OZARKS OR IN THE ALTERNATIVE FOR PROTECTIVE ORDER**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery;

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

396176.01

1

Hon. Edward A. Infante
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Tel:    415/774-2649
Fax:   415/982-5287
Email:        schan@jamsadr.com

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543
Tel:   213/443-3000
Fax:   213/443-3100
Email:
        johnquinn@quinnemanuel.com
Email:
        michaelzeller@quinnemanuel.com

2

3

4

5

6

7

8

9

Thomas J. Nolan
Skadden Arps Slate Meagher & Flom
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel:   213/687-5000
Fax:   213/687-5600
Email: tnolan@skadden.com

Alexander H. Cote
Overland Borenstein Scheper & Kim LLP
300 S. Grand Avenue, Suite 2750
Los Angeles, California 90071
Tel:   213/613-4660
Fax:   213/613-4656
Email :    acote@obsklaw.com

10

11

12

13

14

15

16

17

18

        Executed on January 30, 2008, at San Francisco, California.
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

19

20

21

                                    Julie Selby
                                    Julie A. Selby

22

23

24

25

26

27

28