QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**Hon. Stephen G. Larson**<br><br>SUPPLEMENT TO MATTEL, INC.'S *EX PARTE* APPLICATION TO COMPEL THE APPEARANCE FOR DEPOSITION OF ANA CABRERA, BEATRIZ MORALES, AND MARIA SALAZAR, REGARDING THE DEPOSITION OF MEL WOODS; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:    February 4, 2008<br>Time:   10:00 a.m.<br>Place:   Courtroom 1<br><br>**Phase 1**<br>Discovery Cut-off:        January 28, 2008<br>Pre-trial Conference:     April 21, 2008<br>Trial Date:                   May 27, 2008 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Mattel, Inc. ("Mattel") will, and hereby does, respectfully supplement its *Ex Parte* Application To Compel The Appearance For Deposition Of Ana Cabrera, Beatriz Morales, And Maria Salazar, pursuant to Local Rule 7-19 and Fed. R. Civ. P. 30, to seek leave to depose Mel Woods, to the extent such leave is required, in addition to the three witnesses discussed in Mattel's original *ex parte*.

This Application is made on the grounds that Mr. Woods was and is willing to appear for deposition pursuant to subpoena, but MGA has improperly obstructed Mattel from deposing him.  According to testimony by Veronica Marlow, an MGA vendor who was heavily involved with Bratz, first provided on December 28, 2007, Mr. Woods has information relevant to MGA's knowledge of work on Bratz by Mattel employees Cabrera, Morales and Salazar while they were still employed by Mattel, among other topics.  This Application is further made on the grounds that Mattel promptly sought to follow-up on this new information -- which was contemplated by the Court in ensuring the deposition of Veronica Marlow was taken in December -- as soon as it was discovered.  See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995) (*ex parte* is warranted upon a showing of prejudice).

Pursuant to Local Rule 7-19, on January 28, 2008, Mattel's counsel gave notice of this Application and the relief being sought to counsel for all other parties and the witnesses, including counsel for Gustavo Machado, Alexander Cote of Overland Borenstein Sheper & Kim, LLP (telephone: 213-613-4660; address: 300 S. Grand Avenue, Los Angeles, CA 90071), counsel for MGA Entertainment, Inc., MGAE de Mexico, S.A. de C.R.L., MGA Entertainment (HK) Limited, Isaac Larian (collectively "MGA"), and Maria Salazar, Paul Eckles of Skadden, Arps, Slate, Meagher & Flom LLP (telephone: 212-735-2578; address: 4 Times Square, New York, NY 10036), counsel for Carter Bryant ("Bryant"), Michael H. Page

(telephone: 415-391-5400; address: 710 Sansome Street, San Francisco, CA 94111-1704), counsel for Ana Cabrera and Beatriz Morales, Maria Diaz of Allred, Maroko & Goldberg (telephone: 323-653-6530; address: 6300 Wilshire Boulevard, Suite 1500, Los Angeles, California 90048), and counsel for Mel Woods, Pierce O'Donnell of O'Donnell & Associates PC (telephone: 213-347-0290, address: 550 South Hope Street, Suite 1000, Los Angeles, CA 90071).  Mattel did not receive a response from any counsel.

This Application is based on the *Ex Parte* Application filed Monday, January 28, 2008 and its accompanying Memorandum of Points and Authorities, the Declaration of Cyrus Naim (and its exhibits) filed on January 28, 2008, the Supplemental Declaration of Cyrus Naim filed concurrently herewith, the Declaration of John B. Quinn filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

## **Statement of Rule 37-1 Compliance**

The parties met and conferred regarding these depositions on January 23, 2008 and times thereafter.

DATED:  January 30, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ B. Dylan Proctor
B. Dylan Proctor
Attorneys for Plaintiff
Mattel, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

In its January 28 *Ex Parte*, Mattel explained why it needs, and should be permitted, to depose Ana Cabrera, Beatriz Morales, and Maria Salazar.  Each of these three witnesses worked on Bratz while employed by Mattel, and while subject to agreements under which Mattel owns all intellectual property rights to any works they created while employed by Mattel.  That these Mattel employees worked on Bratz was not disclosed in this case until the December 28, 2007 deposition of Veronica Marlow.

By this Supplement, Mattel respectfully seeks leave to depose Mel Woods in addition to these three witnesses.  Mr. Woods has crucial information regarding the extent to which MGA had knowledge of the work done by Cabrera, Morales, and Salazar.  Ms. Marlow, an MGA vendor who was heavily involved with Bratz and the person who allegedly introduced Bryant to MGA, claimed in her deposition that she had conversations with Mr. Woods, a former MGA executive, regarding the subject.  Of course, MGA's knowledge of the work done by these Mattel employees on Bratz is highly relevant to a number of claims and defenses in the case.

Nevertheless, MGA has obstructed Mr. Woods' deposition by filing a motion to quash his deposition subpoena -- the same motion in which MGA also seeks to quash the subpoenas to Ana Cabrera, Beatriz Morales, and Maria Salazar -- and unilaterally canceling the deposition.

Mattel respectfully requests that the Court grant leave to Mattel to depose Mr. Woods, in addition to Ms. Cabrera, Ms. Morales, and Ms. Salazar, to the extent such leave is required.

**Statement of Facts**

As set forth more fully in Mattel's January 28 *Ex Parte*, Veronica Marlow testified at deposition that Ana Cabrera, Beatrice Morales, and Maria Salazar secretly worked on Bratz, and were paid for their work, while employed by Mattel.[1]  This was a stunning revelation.  Prior to this, Mattel had no reason to believe that any Mattel employees other than Bryant had worked on Bratz while employed by Mattel.  Indeed, Defendants had given false, blanket denials under oath in response to specific discovery questions seeking identification of Mattel employees who worked on Bratz or for MGA.[2]  Thus, for example, Carter Bryant denied being aware of any other Mattel employee working for MGA while he or she was employed by Mattel.[3]  MGA's Rule 30(b)(6) designee on this topic, Lisa Tonnu, identified no one as having performed work or services for MGA while also employed by Mattel at any time since 1998.[4]  MGA's interrogatory responses entirely failed to name either Ms. Cabrera or Ms. Morales as ever having worked on Bratz and claimed that Ms. Salazar, who subsequently became an MGA employee, did not work on Bratz until more than two years after she left Mattel.[5]

In giving her testimony regarding these three witnesses, Ms. Marlow also claimed that she had a conversation with a senior MGA executive, Mel Woods,

---

[1]   Marlow Depo. Tr. at 306:14-308:1, 363:15-365:17, attached as Exhibit 1 to the Declaration of Cyrus S. Naim dated January 28, 2008 ("Naim Dec.").

[2]   See e.g., Bryant Depo. Tr. at 286:25-287:5, attached to the Supplemental Declaration of Cyrus S. Naim, filed concurrently herewith ("Supp. Naim Dec."), at Exhibit 5; Tonnu Depo. Tr. at 301:2-17, Supp. Naim Dec., Exh. 6; MGA's Supplemental Responses to Mattel's Revised Third Set of Interrogatories, dated November 30, 2007, at 64-70, Supp. Naim Dec., Exh. 7.

[3]   Bryant Depo. Tr. at 286:25-287:5, Supp. Naim Dec., Exh. 5.

[4]   Tonnu Depo. Tr. at 301:2-17, Supp. Naim Dec., Exh. 6.

[5]   MGA's Supplemental Responses to Mattel's Revised Third Set of Interrogatories at 64-70, Supp. Naim Dec., Exh. 7.

on this subject.[6]  Woods' testimony is important to further establish knowledge, at the highest levels within MGA, of the use of Mattel employees.  Such knowledge is relevant to, among other things, MGA's good faith "defense."[7]  Its knowledge is also highly relevant to Mattel's RICO claims, as it would establish yet more instances of MGA's commercial bribery, which is a pleaded predicate act.[8]

Mattel served a deposition subpoena on Mr. Woods through his counsel on January 15, 2008.[9]  On January 23, 2008, MGA filed a Motion to Quash several deposition subpoenas, including those for Cabrera, Morales, Salazar, and Mr. Woods.[10]  The next day, MGA purported to unilaterally cancel these depositions.[11]  Mr. Woods has not joined in MGA's Motion to Quash.  He has also stated that he will appear pursuant to subpoena on a date agreeable to all once the dispute over his deposition between Mattel and MGA is resolved.[12]

---

[6]   Marlow Depo. Tr. at 108:8-111:23, Naim Dec., Exh. 1.

[7]   See Amended Answer And Affirmative Defenses Of MGA Entertainment Inc., MGA Entertainment (HK) Limited And MGAE de Mexico S.R.L. de C.V. To Mattel, Inc.'s Second Amended Answer And Counterclaims (Excerpts),  Supp. Naim Dec., at Exh. 1.

[8]   See Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 And Counterclaims (Excerpts; Public Redacted Version), dated July 12, 2007, at ¶ 93(d), Supp. Naim Dec., Exh. 2.

[9]   Supp. Naim Dec., Exh. 3.

[10]   See MGA Defendants' Notice Of Motion And Motion To Quash Deposition Subpoenas And Memorandum In Support, dated January 23, 2008.

[11]   Letter from Paul M. Eckles to Jon D. Corey dated January 24, 2008, Naim Dec., Exh. 9.

[12]   Declaration of John B. Quinn, filed concurrently herewith, at ¶ 2.

1

**Argument**

2

3    I.    **MGA'S POSITIONS ARE UNSUPPORTED BY, AND CONTRARY TO,**

4          **THE COURT'S ORDERS**

5                As Mattel explained in its January 28 *Ex Parte*, MGA's Motion to

6    Quash is based on a miscounting of depositions, and a misreading of the Court's

7    January 7, 2008 Order.  Mattel is entitled to take 24 depositions pursuant to the

8    February 2007 Scheduling Order, apart from the additional depositions for which it

9    has obtained leave from the Court.[13]  Mattel has taken (at most) 18 depositions to

10   date, apart from those additional depositions.[14]  Accordingly, Mattel is entitled to

11   conduct six further depositions, including the four at issue here.

12               As with Cabrera, Morales, and Salazar, Mattel did not discover the

13   importance of Mr. Woods' testimony until Marlow's December 28, 2007 deposition,

14   after it had already filed its Motion For Leave To Take Additional Discovery.

15   Similarly, just as with those witnesses, Mattel specifically noted to the Court at the

16   January 7, 2008 hearing that it had just learned the importance of Mel Woods:

17                   Mr. Quinn:  Let me say that just, for example, the

18               week before last, we took -- and this is something that

19               happened since this motion was filed -- we took the

20               deposition of a person named Veronica Marlow, who is

21               their vendor for fashion design for Bratz, and learned in

22               the course of that deposition that three Mattel employees

23               other than Carter Bryant have been working on Bratz for

24               years.  That was the testimony.

25                   This was news to us.

26   _____

27   [13]  Scheduling Order dated February 22, 2007, Supp. Naim Dec., Exh. 4.
     [14]  Naim Dec., ¶¶ 16-17.
28

1            Moreover, she testified that she had a conversation

2        with an MGA executive about this, where she refused to

3        answer pointed questions about whether there was

4        somebody else at Mattel working on this.

5            I submit, your honor, that is blockbuster testimony,

6        in our view.  We thought this was just Carter Bryant; so

7        there's three employees, two of which are former

8        employees now and this executive, Mel Woods -- his

9        name isn't even in this list that we've submitted -- that I

10       think we need to take their depositions.

11          . . .

12           The Court:  this is helpful in terms of the Court

13       fashioning an order for this motion.[15]

14           The reasoning of Mattel's *Ex Parte* applies to Mel Woods as well.

15   MGA's objections to Mr. Woods' deposition should be rejected, and Mattel should

16   be granted leave to depose Mel Woods to the extent needed.

17          /

18          /

19          /

20          /

21          /

22          /

23          /

24          /

25          /

26   _____

27   [15]  Hearing Transcript dated January 7, 2008, at 29:17-30:18, Naim Dec.,

28   Exh. 14.

-5-

1

## Conclusion

2        For the foregoing reasons, Mattel respectfully requests that the Court

3   grant Mattel leave to depose Mel Woods in addition to Ana Cabrera, Maria Salazar,

4   and Beatriz Morales.

5

6   DATED:  January 30, 2008          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP

7

8                                     By /s/ B. Dylan Proctor
                                         B. Dylan Proctor
9                                        Attorneys for Plaintiff
                                         Mattel, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28