**EXHIBIT 1**

1   DALE M. CENDALI (admitted pro hac vice)
2   DIANA M. TORRES (S.B. #162284)
    MARC F. FEINSTEIN (S.B. #158901)
3   O'MELVENY & MYERS LLP
    400 South Hope Street
4   Los Angeles, California 90071-2899
    Telephone: (213) 430-6000
5   Facsimile: (213) 430-6407
    Email: dtorres@omm.com

6   PATRICIA GLASER (S.B. # 55668)
7   CHRISTENSEN, GLASER, FINK,
    JACOBS, WEIL & SHAPIRO LLP
8   10250 Constellation Boulevard, 19th Floor
    Los Angeles, California 90067
9   Telephone:  (310) 553-3000
    Facsimile:   (310) 556-2920
    Email: pglaser@chrisglase.com

10

11  Attorneys for Counter-defendants MGA
    Entertainment, Inc., Isaac Larian, MGA
12  Entertainment (HK) Limited, and MGAE de
    Mexico S.R.L. de C.V.

13

14

15                UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17                     EASTERN DIVISION

18  CARTER BRYANT, an individual,        Case No. CV 05-2727 SGL (RNBx)
                                         (Consolidated with CV 04-09049 and
19            Plaintiff,                  CV 04-9059)

20       v.                              **AMENDED ANSWER AND
                                         AFFIRMATIVE DEFENSES OF
21  MATTEL, INC., a Delaware Corporation, MGA ENTERTAINMENT INC.,
                                         MGA ENTERTAINMENT (HK)
22            Defendant                  LIMITED, AND MGAE DE
                                         MEXICO S.R.L. DE C.V. TO
23                                       MATTEL, INC.'S SECOND
                                         AMENDED ANSWER AND
24                                       COUNTERCLAIMS**

25

26  CONSOLIDATED WITH                    Judge:     Hon. Stephen G. Larson
                                         Courtroom: 1
27  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v.
28  MATTEL, INC.

EXHIBIT ___1___

PAGE___3___

1  aspect of a Mattel copyrighted work, such use would be *de minimus* and non-
2  infringing.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Joint Authorship)

5  MGA Defendants deny that Mattel owns any copyright interest in the alleged
6  works, but even if it did, any liability would be eliminated or greatly diminished by
7  the doctrine of joint authorship.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Competition Privilege/Justification)

10  Mattel's counterclaims are barred in whole or in part on the grounds that the
11  acts of the MGA Defendants were lawful competition or justified.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Good Faith)

14  Mattel's counterclaims are barred in whole or in part because the MGA
15  Defendants acted in good faith.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Lack of Authority)

18  Mattel's counterclaims are barred in whole or in part on the grounds that to
19  the extent any person committed an unlawful or tortious act, the person lacked
20  authority to commit such act on behalf of the MGA Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Lack of Standing)

23  Mattel's counterclaims are barred in whole or in part by its lack of standing.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Joinder in Defenses of Co-Defendants)

26  MGA Defendants hereby adopt and incorporate by reference any and all
27  other affirmative defenses that have been or will be asserted by any other defendant
28  (including Bryant) in this litigation to the extent that defendants may share in such

EXHIBIT 1

PAGE 4

1  affirmative defenses.

2  ## TWENTY-SECOND AFFIRMATIVE DEFENSE

3  ### (Undiscovered Defenses)

4  MGA Defendants have insufficient knowledge or information upon which to

5  form a belief as to whether additional defenses are available. MGA Defendants

6  reserve the right to assert any further or additional defenses upon receiving more

7  complete information regarding the matters alleged in the Counterclaims, through

8  discovery or otherwise.

9

10  WHEREFORE, MGA Entertainment, Inc., MGA Entertainment (HK)

11  Limited, and MGAE de Mexico S.R.L. de C.V., pray for relief as follows:

12  a.  that the Counterclaims be dismissed with prejudice;

13  b.  that judgment be entered in favor of counter-defendants and against

14  counterclaimant;

15  c.  that counter-defendants recover their costs and attorneys' fees; and

16  d.  that the Court award such other and further relief as is just and proper.

17

18  Dated: September 19, 2007          O'MELVENY & MYERS LLP

19

20

21                                    Marc F. Feinstein
                                      Attorneys for Counter-defendants
22                                    MGA Entertainment, Inc., Isaac Larian,
                                      MGA Entertainment (HK) Limited, and
                                      MGAE de Mexico S.R.L. de C.V.
23

24

25

26

27

28

LA2:841935.2                        - 26 -

EXHIBIT  1

## PROOF OF SERVICE

I, Karen A. Nakatsu, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On September 19, 2007, I served the within document(s):

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS**

☒  by causing to be personally served the document(s) listed above to the person(s) listed below.

John B. Quinn, Esq.
Michael T. Zeller, Esq.
B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street,
10th Floor
Los Angeles, CA 90017

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Patricia Glaser, Esq.
Christensen, Glaser, Fink, Jacobs,
Weil & Shapiro, LLP
10250 Constellation Blvd.,
19th Floor
Los Angeles, CA 90067

Michael H. Page, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

James W. Spertus, Esq.
Law Offices of James W. Spertus
12100 Wilshire Blvd., Suite 620
Los Angeles, CA 90025

LA2:817525.2

EXHIBIT  1

PAGE  6

1        I declare under penalty of perjury under the laws of the United States that the above is true and correct.

2

3        Executed on September 19, 2007, at Los Angeles, California.

4

5                               Karen A. Nakatsu

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT   1

PAGE   2

# Nationwide Legal Inc.

## COURT • PROCESS • MESSENGER

DATE: 9/19/07

CONTROL #: 20223 021496

www.nationwideasap.com

legal@nationwideasap.com

| | | | |
|---|---|---|---|
| 316 W. 2nd Street, Suite 705 | Los Angeles, CA 90012 | (213) 625-9100 | (213) 625-9111 |
| 611 Civic Center Drive W., Suite 204 | Santa Ana, CA 92701 | (714) 558-2400 | (714) 558-2401 |
| 3637 Ninth Street | Riverside, CA 92501 | (951) 275-0071 | (951) 275-0074 |
| 1255 Post Street, Suite 500 | San Francisco, CA 94109 | (415) 351-0400 | (415) 351-0407 |
| 121 Broadway, Suite 331 | San Diego, CA 92101 | (619) 232-7500 | (619) 232-7600 |

Firm: O'MELVENY & MYERS
400 S. HOPE STREET     SUITE 1002
LOS ANGELES     CA. 90071

213 430-6129     ACCT# 101

Telephone:

Attorney: J. GLAD

Secretary:

Email:

Ref./Billing #: 527436-008

## SERVICE TYPES

| SPECIAL ☒ | RUSH ☒ | HOT ☒ | STANDARD / REG ☒ | COURT-RUN | SAME DAY ☐ | NEXT DAY ☐ |

## MESSENGER SERVICES

From:

Address:

City:                    Zip:

Sender:

To:

Address:

City:                    Zip:

Attention:

## COURT SERVICES

Case Number:

Case Name:

Court Address:

☐ Court Filing

☐ Research/Copy

☐ Courtesy Copy

☐ Recording

☑ Office Service

**DO NOT ADVANCE**

Fees Attached   $_____

Advanced Fees $_____

Check Number _____

## SERVICE OF PROCESS

Company/Person Being Served:

QUINN EMANUEL

Address: 865 S. FIGUEROA ST.

City: LA          Zip: 90017

☐ Business

☐ Substituted Service

☐ Residence

Service Deadline

**DO NOT ADVANCE**

Fees Attached   $_____

Advanced Fees $_____

Check Number _____

TYPE OF DOCUMENTS:

CV 05-2727 SGL

BRYANT-V-MATTEL

EXHIBIT    1

PAGE    8

SPECIAL INSTRUCTIONS:

DROP SERVE   SIGN POS

Received By:                    Date:         Time:

**EXHIBIT 2**

CONFORMED COPY

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Duane R. Lyons (Bar No. 125091)
5     (duanelyons@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7   Facsimile: (213) 443-3100

8   Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11  CARTER BRYANT, an individual,      CASE NO. CV 04-9049 SGL (RNBx)

12         Plaintiff,                   Consolidated With Case No. 04-9059 and
                                        Case No. 05-2727
13       v.
                                        MATTEL, INC.'S SECOND AMENDED
14                                      ANSWER IN CASE NO. 05-2727 AND
                                        COUNTERCLAIMS FOR:
15  MATTEL, INC., a Delaware
    corporation,                        1.  COPYRIGHT INFRINGEMENT;
16                                      2.  VIOLATION OF THE
           Defendant.                       RACKETEER INFLUENCED AND
17                                          CORRUPT ORGANIZATIONS
                                            ACT;
18  MGA ENTERTAINMENT, INC. a          3.  CONSPIRACY TO VIOLATE THE
    California corporation,                 RACKETEER INFLUENCED AND
19                                          CORRUPT ORGANIZATIONS
           Plaintiff,                       ACT;
20                                      4.  MISAPPROPRIATION OF TRADE
                                            SECRETS;
21       v.                             5.  BREACH OF CONTRACT;
                                        6.  INTENTIONAL INTERFERENCE
22  MATTEL, INC., a Delaware                WITH CONTRACT;
    corporation, and DOES 1-10,         7.  BREACH OF FIDUCIARY DUTY;
23                                      8.  AIDING AND ABETTING
           Defendants.                      BREACH OF FIDUCIARY DUTY;
24                                      9.  BREACH OF DUTY OF
                                            LOYALTY;
25

26                                      PUBLIC REDACTED VERSION

27                                      Volume I

28

EXHIBIT ___2___

PAGE ___9___

54363.2

C7.12.c7

SECOND AMENDED ANSWER AND COUNTERCLAIMS

1   means of tortious, fraudulent and criminal conduct, did and do unlawfully, willfully

2   and knowingly conduct and participate, directly and indirectly, in the conduct of

3   the MGA Criminal Enterprise's affairs and, in the case of MGA, MGA

4   Entertainment (HK) Limited, Larian, Bryant, and certain of the Doe Counter-

5   defendants, the Bratz Criminal Enterprise's affairs, through a pattern of

6   racketeering activity.  Their actions include multiple, related acts in violation of:

7   18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1512

8   (tampering with a witness victim, or informant), 18 U.S.C. § 1952 (interstate and

9   foreign travel to aid racketeering), and 18 U.S.C. § 2319(a) and 17 U.S.C. §

10  506(a)(1)(A) (criminal copyright infringement).

11          91.   MGA, MGA Entertainment (HK) Limited, MGA de Mexico,

12  Larian, Bryant, Machado, Does 4 through 10, and Brawer, Trueba, Vargas,

13  Brisbois, and the Other Former Employees, and each of them, shared the common

14  purpose of enabling MGA to obtain confidential, proprietary and otherwise

15  valuable Mattel property through improper means in order to assist MGA in

16  illegally competing with Mattel domestically and throughout the world.

17          92.   The MGA Criminal Enterprise and Bratz Criminal Enterprise as

18  described herein are and have been at all relevant times continuing enterprises

19  because, among other reasons, each is designed to and did unlawfully acquire the

20  confidential business information and property of Mattel and incorporated this

21  information and property into MGA's ongoing business, marketing strategies and

22  business methods, practices and processes.  The conduct of each enterprise

23  continues through the date of this Second Amended Answer and Counterclaims and

24  is ongoing by virtue of MGA's continuing use of Mattel's information and property,

25  all to the detriment of Mattel.

26          93.   The pattern of racketeering activity, as defined by 18 U.S.C.

27  §§ 1961(1) and (5), presents both a history of criminal conduct and a distinct threat

28  of continuing criminal activity.  This activity consists of multiple acts of

EXHIBIT ___2___

63.2

SECOND AMENDED ANSWER AND COUNTERCLAIMS

1   racketeering by each member of the MGA Criminal Enterprise and Bratz Criminal

2   Enterprise, is interrelated, not isolated and is perpetrated for the same or similar

3   purposes by the same persons.  This activity extends over a substantial period of

4   time, up to and beyond the date of this Second Amended Answer and

5   Counterclaims.  These activities occurred after the effective date of 18 U.S.C.

6   §§ 1961 *et seq.,* and the last such act occurred within 10 years after the commission

7   of a prior act of racketeering activity.  These racketeering activities included

8   repeated acts of:

9         (a)   Mail Fraud:  Counter-defendants MGA, MGA Entertainment

10                  (HK) Limited, MGA de Mexico, Larian, Bryant, Machado and

11                  Does 4 through 10, aided and abetted by each other and some or

12                  all of the remaining members of the MGA Criminal Enterprise,

13                  having devised a scheme or artifice to defraud Mattel of its

14                  confidential trade secret information and property by conversion,

15                  false representations, concealment and breaches of fiduciary duty,

16                  did for the purpose of furthering and executing such a scheme or

17                  artifice to defraud, deposited or caused to be deposited matters or

18                  things to be sent or delivered by the Postal Service, or any private

19                  or commercial interstate carrier, or took or received matters or

20                  things therefrom, or knowingly caused matters or things to be

21                  delivered by mail or such carrier according to the direction

22                  thereon, or at the place at which it is directed to be delivered by

23                  the person to whom it is addressed, in violation of 18 U.S.C.

24                  § 1341 and 18 U.S.C. § 2, as alleged with greater particularity in

25                  the foregoing paragraphs and as evidenced by, among other

26                  things, the true and correct copies of communications and other

27                  evidence included in Exhibit C;   EXHIBIT ___2___

28                                              PAGE ___4___

-57-

(b) <u>Wire Fraud</u>: Counter-defendants MGA, MGA Entertainment (HK) Limited, MGA de Mexico, Larian, Bryant, Machado and Does 4 through 10, aided and abetted by each other and some or all of the remaining members of the MGA Criminal Enterprise, having devised a scheme or artifice to defraud Mattel of its confidential and trade secret information and property by conversion, false representations, concealment and breaches of fiduciary duty, did for the purpose of furthering and executing such a scheme or artifice to defraud, transmit and cause to be transmitted by means of wire communications in interstate or foreign commerce, writing, signs, signals, pictures or sound, in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2, as alleged with greater particularity in the foregoing paragraphs and as evidenced by, among other things, the true and correct copies of communications and other evidence included in Exhibit C;

(c) <u>Tampering With a Witness, Victim or Informant</u>: Counter-defendants MGA, MGA Entertainment (HK) Limited, MGA de Mexico, Larian, Bryant, Machado and Does 4 through 10, aided and abetted by each other and some or all of the remaining members of the MGA Criminal Enterprise, did corruptly alter, destroy, mutilate, or conceal more than one record, document, or other object, or attempted to do so, with the intent to impair the object's integrity or availability for use in an official proceeding, including this action, including without limitation by:

    i.    altering Bryant's contract with MGA relating to Bratz to conceal evidence that Bryant faxed the contract from the BARBIE COLLECTIBLES department of Mattel, using a fax

EXHIBIT ____2____

PAGE ____12____

SECOND AMENDED ANSWER AND COUNTERCLAIMS

1363.2

1    machine owned by Mattel and while Bryant was employed by

2    Mattel;

3           ii.    altering numerous original Bratz drawings created

4    by Bryant by adding false and misleading date notations of

5    "8/1998" and "© 8/1998" to the drawings even though the

6    drawings were not created in August 1998; and

7           iii.    destroying electronic and other evidence, including

8    by destroying evidence previously contained on Carter Bryant's

9    and Isaac Larian's computer hard drives.

10           Such actions are in violation of 18 U.S.C. § 1512 and 18

11    U.S.C. § 2, as alleged with greater particularity in the foregoing

12    paragraphs;

13    (d)    <u>Interstate and Foreign Travel in Aid of Racketeering Enterprises</u>:

14    Counter-defendants MGA, MGA Entertainment (HK) Limited,

15    MGA de Mexico, Larian, Bryant, Machado and Does 4 through

16    10, aided and abetted by each other and some or all of the

17    remaining members of the MGA Criminal Enterprise, traveled in

18    interstate and foreign commerce, or used the mail or any facility

19    in interstate or foreign commerce, with the intent to promote,

20    manage, establish, carry on and facilitate the promotion,

21    management, establishment and carrying on of unlawful activity,

22    *i.e.* bribery, in violation of the laws of the State of California,

23    *Cal. Penal Code* § 641.3, all in violation of 18 U.S.C. § 1952 and

24    18 U.S.C. § 2, as alleged with greater particularity in the

25    foregoing paragraphs;

26    (e)    <u>Criminal Copyright Infringement</u>: Counter-defendants MGA,

27    MGA Entertainment (HK) Limited, MGA de Mexico, Larian,

28    Bryant, Machado and Does 4 through 10, aided and abetted by

EXHIBIT 2

13

2154363.2

SECOND AMENDED ANSWER AND COUNTERCLAIMS

1   each other and some or all of the remaining members of the MGA

2   Criminal Enterprise, willfully infringed Mattel's copyrights,

3   including with respect to documents containing Mattel trade

4   secret and confidential information, for purposes of commercial

5   advantage and private financial gain, all in violation of 18 U.S.C.

6   § 2319(a) and 17 U.S.C. § 506(a)(1)(A), as alleged with greater

7   particularity in the foregoing paragraphs.

8   94.   The persons alleged herein to have violated 18 U.S.C. § 1962(c)

9   are separate from, though employed by or associated with, MGA, the MGA Group,

10   the Bryant Group, the Mexican Group and the Canadian Group.

11   95.   MGA had a role in the racketeering activity that was distinct

12   from the undertaking of those acting on its behalf. MGA also attempted to benefit,

13   and did benefit, from the activity of its employees and agents alleged herein, and

14   thus was not a passive victim of racketeering activity, but an active perpetrator.

15   96.   Mattel has been injured in its business or property as a direct

16   and proximate result of the Counter-defendants' and the other enterprise members'

17   violations of 18 U.S.C. § 1962(c), including injury by reason of the predicate acts

18   constituting the pattern of racketeering activity.

19   97.   As a result of the violations of 18 U.S.C. § 1962(c), by MGA,

20   MGA Entertainment (HK) Limited, MGA de Mexico, Larian, Bryant, Machado,

21   Does 4 through 10, Brawer, Trueba, Vargas, Brisbois and the Other Former

22   Employees, Mattel has suffered substantial damages, in an amount to be proved at

23   trial. Pursuant to 18 U.S.C. § 1964(c), Mattel is entitled to recover treble its

24   general and special compensatory damages, plus interest, costs and attorneys, fees,

25   incurred by reason of Counter-defendants' violations of 18 U.S.C. § 1962(c).

26

27   EXHIBIT ___2___

28   PAGE ___14___

2154363.2

1        15.   That Mattel have such other and further relief as the Court may

2   deem just and proper.

3

4   DATED:  July 12, 2007                QUINN EMANUEL URQUHART OLIVER &
                                         HEDGES, LLP
5

6                                  By _____
                                       John B. Quinn
7                                      Attorneys for Defendant and Counter-
                                       claimant Mattel, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                            EXHIBIT ___2____

27                                            PAGE ___16___

28

2154363.2

1

## DEMAND FOR JURY TRIAL

2

3    Mattel, Inc. respectfully requests a jury trial on all issues triable

4    thereby.

5

6    DATED:  July 12, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

7

8                                   By _____
                                        John B. Quinn
9                                       Attorneys for Defendant and Counter-
                                        claimant Mattel, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                              EXHIBIT ___2___

27

28                                              PAGE ___16___

**EXHIBIT 3**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 15, 2008

**FACSIMILE AND U.S. MAIL**

Pierce O'Donnell
550 South Hope Street
Suite 1000
Los Angeles, C.A. 90071-2627

Re:    Bryant v. Mattel, Inc.

Mr. O'Donnell

I write on behalf of Mr. Quinn to confirm your agreement to accept service of a subpoena on behalf of Mr. Woods (enclosed). If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon Corey

Enclosures

EXHIBIT ___3___

PAGE ___17___

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

_____CENTRAL_____ DISTRICT OF __CALIFORNIA__

CARTER BRYANT, an individual,

V.

MATTEL, INC., a Delaware corporation,

## SUBPOENA IN A CIVIL CASE

Case Number:¹ CV 04-9049 SGL (RNBx)

consolidated with cases CV 04-9059 and CV 05-2727

TO:  Mel Woods c/o Pierce O'Donnell
     550 South Hope Street, Suite 1000
     Los Angeles, C.A. 90071-2627

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  Testimony will be recorded stenographically and by videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP | January 25, 2008 |
| 865 S. Figueroa St, 10th Fl, Los Angeles, CA 90017 | 1:30 p.m. |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

EXHIBIT _____5_____

PAGE _____18_____

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney For Plaintiff, Mattel Inc. | January 15, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jon D. Corey, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA  90017-2543 (213) 443-3000

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| | |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists

**EXHIBIT 4**

RightFAX          2/22/2007 3:16:27 PAGE 002/003    Fax Server

  

**SEND**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
3470 Twelfth Street, Riverside, CA - Eastern Division
CIVIL MINUTES – GENERAL

Case No.   CV 04-09059 SGL(RNBx)                    Date:  February 12, 2007
Title:     MATTEL, INC. -v- CARTER BRYANT, DOES 1-10, INCLUSIVE
           **Consolidated Action**
           CV 05-02727 SGL(RNBx)    MGA ENTERTAINMENT v. MATTEL, INC.,
===============================================================================
PRESIDING:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                              Theresa Lanza
Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

John B. Quinn and Michael Zeller for    Diana M. Torres for MGA
Mattel                                  Keith A. Jacoby for Carter Bryant

PROCEEDINGS:     SCHEDULING CONFERENCE PURSUANT TO FRCP 16(b)

    The Court convened a scheduling conference pursuant to FRCP 16(b).  Court and counsel discussed case management and thereafter the court set the following schedule:  See attachment "Schedule of Trial and Pretrial Dates."

    Counsel stipulated pursuant to Local Rule 16-14, to settlement procedure #3, to a retired judicial officer or other private or non-profit dispute resolution body for mediation type settlement proceedings. The Court approves the request and refers this case to an outside Mediator to act as the Settlement Officer.  Counsel are directed to contact such outside Mediator to schedule a settlement conference as soon as the parties believe such a conference would be fruitful. The cut-off to complete the mandatory settlement procedures under Local Rule 16-14, is December 3, 2007, in Case No. CV 04-09059-SGL (RNBx) Mattel, Inc. v. Carter Bryant, and the cut-off to complete the mandatory settlement procedures under Local rule 16-14, is April 21, 2008, in Case No. CV 05-02727 SGL (RNBx) MGA Entertainment v. Mattel, Inc.

    The Court further ordered that in both Case No. CV 04-09049-SGL (RNBx), Mattel, Inc. v. Carter Bryant, and Case No. CV 05-02727 SGL (RNBx), MGA Entertainment v. Mattel, Inc.:

    1.    Non-Expert Depositions are limited to a total of 24 for each side for both cases.
    2.    Expert Depositions are limited to a total of 20 for each side for both cases.
    3.    Interrogatories are limited to 50 for each side for both cases.

    IT IS SO ORDERED.

MINUTES FORM 90                                    Initials of Deputy Clerk: jh
CIVIL – GEN               Page 1        FEB 2 2 2007      00/30

EXHIBIT _____

PAGE _____ 20

  

## SCHEDULE OF TRIAL AND PRETRIAL DATES

CASE NAME:     MGA ENTERTAINMENT, INC. V. MATTEL, INC., et al.,

CASE NO:       CV 05-2727-SGL (RNBx)

| Matter | Time | Court Order |
|---|---|---|
| Jury Trial Date | 9:30 am | 07/01/08 |
| Estimated Length of Trial | | |
| [Hearing on Motions in Limine;<br>Hearing on Disputed Jury Instructions | 10:00 am | 06/23/08 |
| Final Pretrial Conference, LR 16-7<br>Motions in Limine to be filed | 11:00 am | 06/02/08 |
| Lodge Pretrial Conference Order, LR 16-6 to 16-6.2;<br>File Contentions of Fact and Law, LR16-2.8;<br>Exhibit & Witness Lists, LR 16-4 to 16-5;<br>File Status Report regarding Settlement;<br>File Rule 26(e)(1) Supplementation<br>File Agreed Upon Set of Jury Instructions and Verdict Forms LR 49-1 to 49-2, 51-1<br>to 51-5.1;<br>File Joint Statement regarding Disputed Instructions, Verdicts, etc. | | 05/19/08 |
| Last date to conduct Settlement Conference | | 04/21/08 |
| Last date for hearing motions, LR 7.2, et seq. | 10:00<br>am | 04/07/08 |
| Discovery cut-off | | 03/03/08 |
| Last date to Amend Pleadings or Add Parties | | Closed |

## ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

LR 16-14.4 Settlement Selection:     ☐ 1. CT/USMJ          ☑ 3. Outside ADR
to be discussed

                                      ☐ 2. Attorney Settlement Panel      ☐

DOE Dismissal:          Complaint Filed: 04/13/05          SET DATE
                        Dismissal Date:                    to be discussed

S:\SGL\CIVIL ORDERS\MGA 05-2727 MO 2-12-07.wpd

EXHIBIT ____4____

PAGE ____4____

**From:**   Name:   United States District Court
                    312 North Spring Street
                    Los Angeles, CA 90012
           Voice Phone:   (213) 894-5474


**To:**    Name:   Michael Zeller
           Company:

                    865 S Figueroa St, 10th Floor,
           City/State:   Los Angeles, CA 90017-2543
           Fax Number:   213-443-3100



### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

## Automated Document Delivery Service
*Notice pursuant to Rule 77(d) FRCiv.P*
*The attached copy is hereby served upon you pursuant to Federal Rule of Civil Procedure 77(d).*

**Fax Notes:**

Case 2:05-CV-02727 : MGA ENTERTAINMENT INC V. MATTEL INC ET AL

Pursuant to General Order 06-07, Section F, the following documents shall be submitted in the traditional manner: Pen Registers, Search Warrants, Seizure Warrants, Wire Taps, Bond Related Documents, Under Seal and In-Camera Documents, and All Charging Documents (Complaints, Informations, Indictments, and Superseding Charging Documents). All other documents filed in cases unassigned to a judge shall be filed electronically with a copy e-mailed to the criminal intake mailbox for the appropriate division. The proper e-mail address for each division is as follows:

Western Division:  CrimIntakeCourtDocs-LA@cacd.uscourts.gov
Southern Division:  CrimIntakeCourtDocs-SA@cacd.uscourts.gov
Eastern Division:  CrimIntakeCourtDocs-RS@cacd.uscourts.gov

For additional information and assistance, please refer to the CM/ECF page on the Court website at www.cacd.uscourts.gov.

**Switch to e-mail delivery and get these documents sooner!**
**To switch, complete and submit**
**Optical Scanning Enrollment / Update form G-76.**
**Call 213-894-5474 for help and free technical support.**

If you received this document in error because the attorney with whom this document is directed is no longer the attorney on the case, a Notice of Change of Attorney Information, form G-6, must be filed. If there are other cases which you've received documents for which you are no longer the attorney, separate notices must be filed for each case. Failure to do so will result in the continued sending of documents to you. Form G-6 is available on the court's website at www.cacd.uscourts.gov or at the Clerk's Office.

Date and time of transmission:        Thursday, February 22, 2007 3:14:36 PM
Number of pages including this cover sheet:   03

EXHIBIT ___4___

PAGE ___22___

**EXHIBIT 5**

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT 6**

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT 7**

1 | THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, CA 90071-3144
3 | Telephone: (213) 687-5000
Facsimile: (213) 687-5600
4 | E-mail: tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
7 | Telephone: (415) 984-6400
Facsimile: (415) 984-2698
8 | E-mail: rkennedy@skadden.com

9 | Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 | (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 | **EASTERN DIVISION**

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | |
| MATTEL, INC., a Delaware corporation | **MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S REVISED THIRD SET OF INTERROGATORIES** |
| Defendant. | Honorable Stephen G. Larson Courtroom 1 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Discovery Cut-Off: March 3, 2008 |

**PROPOUNDING PARTY:**   MATTEL, INC. ("MATTEL")

**RESPONDING PARTY:**   MGA ENTERTAINMENT, INC. ("MGA")

**SET NUMBER:**   REVISED THIRD

EXHIBIT ___2___

PAGE ___42___

11-30

1  PERSONS who possess such copies or image);

2          (f)     the date(s) on which such copies or images were made;

3          (g)     the manufacturer name, brand, model name, model number, and

4  serial number of the STORAGE DEVICE;

5          (h)     the technical specifications and capacities of such STORAGE

6  DEVICE.

7          In addition, Mattel's definition of YOU could be read to require MGA to

8  provide the foregoing information about STORAGE DEVICES belonging to each of

9  the responding parties.

10          MGA also objects to this interrogatory to the extent it seeks information

11  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

12  including without limitation the attorney-client privilege, the work product doctrine,

13  the right of privacy, and all other privileges recognized under the constitutional,

14  statutory or decisional law of the United States of America, the State of California or

15  any other applicable jurisdiction.  MGA further objects to the interrogatory on the

16  ground that it is premature because the invention, creation, conception, or reduction

17  to practice of Bratz (and related issues) will be the subject of expert testimony at

18  trial.  MGA objects to this interrogatory to the extent it seeks to limit the expert

19  testimony that MGA may seek to introduce at trial.  MGA will identify its experts

20  and make related disclosures in accordance with the Court's orders and applicable

21  rules.  MGA further objects to the extent that this interrogatory seeks information

22  that is outside of MGA's knowledge and is not in MGA's possession, custody or

23  control.

24          Subject to and without waiving the foregoing objections, MGA

25  responds as follows:

26          With respect to North America prior to January 1, 2002, MGA

27  maintained several Snap servers in Los Angeles containing mostly graphic art files.

28  The servers are no longer in service but are currently archived at MGA's Southern

1  California facility.  MGA Art Department personnel also used Macintosh desktops
2  and laptops that linked to the snap servers which may have contained files referring
3  to Bratz.  Files created with accounting and other back office software applications
4  were saved on sequel servers located in Los Angeles via an application called "Great
5  Plains."  MGA personnel's emails were located on an exchange server, also housed
6  in Los Angeles.  MGA employees save all company related work files on a file
7  server called the "U Drive," which is also used by MGA Entertainment (HK) Ltd.
8  ("MGA Hong Kong") employees.  This Drive is still in production and has been
9  upgraded to a Netapp Storage System.
10         With respect to MGA's offices in Hong Kong prior to January 1, 2002,
11 MGA Hong Kong Art Department personnel utilized Macintosh desktops that linked
12 to a few file servers housed in Hong Kong to store graphic files.  MGA Hong Kong
13 personnel connected to the "Great Plains" sequel server located in Southern
14 California.  MGA Hong Kong maintained its own exchange server in Hong Kong for
15 emails to and from MGA Hong Kong employees.
16 **INTERROGATORY NO. 41:**
17         IDENTIFY all PERSONS who at any time have been employed by or
18 under contract with MATTEL who are now or have been employed by or under
19 contract with YOU since January 1, 1999, and, for each such PERSON, state his or
20 her name, date of hire or effective date of contract, the date on which YOU first had
21 contact with such PERSON regarding potential employment or contracting, the
22 date(s) on which such PERSON was interviewed for possible employment or
23 contracting, each title (if any) such PERSON has held while employed by or under
24 contract with YOU, and the date of termination (if applicable).  EXHIBIT _____ 7
25 **RESPONSE TO INTERROGATORY NO. 41:**
26         MGA incorporates by reference its General Response and General  PAGE _____ 44
27 Objections above, as though fully set forth herein and specifically incorporates
28 General Objection No. 7 (regarding Definitions), including but not limited to its

1  objections to the definitions of the term IDENTIFY and further objects to this
2  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and
3  ambiguous both generally and specifically with respect to the terms YOU.  MGA
4  also objects to this interrogatory to the extent it seeks information that is not subject
5  to disclosure under any applicable privilege, doctrine or immunity, including without
6  limitation the attorney-client privilege, the work product doctrine, the right of
7  privacy, and all other privileges recognized under the constitutional, statutory or
8  decisional law of the United States of America, the State of California or any other
9  applicable jurisdiction.

10  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 41:**

11          MGA incorporates by reference its General Response and General
12  Objections above, as though fully set forth herein and specifically incorporates
13  General Objection No. 7 (regarding Definitions), including but not limited to its
14  objections to the definitions of the term IDENTIFY and further objects to this
15  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and
16  ambiguous both generally and specifically with respect to the terms YOU.  MGA
17  also objects to this interrogatory to the extent it seeks information that is not subject
18  to disclosure under any applicable privilege, doctrine or immunity, including without
19  limitation the attorney-client privilege, the work product doctrine, the right of
20  privacy, and all other privileges recognized under the constitutional, statutory or
21  decisional law of the United States of America, the State of California or any other
22  applicable jurisdiction.

23          Subject to and without waiving the foregoing objections, MGA
24  responds as follows:  the following is a list of all former Mattel employees who have
25  been employed by MGA, MGA Hong Kong or MGAE de MEXICO S.R.L. de C.V.
26  since January 1, 1999:

27

28

EXHIBIT _____ γ

PAGE _____ 45

64

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Abundis, Ricardo | Dir. of Inventory/Customer Finance | 12/01/04-Present |
| Bate, Ian | Quality Assurance Mgr. | 7/31/06-Present |
| Black, Nanette | SVP, HR | 2/12/07 -Present |
| Bloodworth III, John E. | Prod. Mgr., Games | 08/21/06-Present |
| Bloomfield, Kevin | Sr. Designer | 11/25/02-Present |
| Brawer, Ron | President, Sales, Marketing & Strategic Planning | 10/05/04-Present |
| Brisbois, Janine (CANADA) | VP Nat'l Accts. | 10/04/05-Present |
| Castilla, Jorge | Mgr. Sales Planning | 04/03/06-Present |
| Chang, Suzy | Sr. Development Designer | 08/28/06-Present |
| Cheng, Steve | Sr. Designer | 04/08/02-Present |
| Cody Jr, Gerry | Sr. Designer – Boys Toys | 11/20/06-Present |
| Contreras, Nick | VP Customer Marketing | 11/29/04-Present |
| Cooney Jr., Daniel | VP National Account Mgr. | 05/15/06-Present |
| De La Cruz, Maria | Fashion Design Mgr., Style Guides | 2/12/07 -Present |
| Dixon, Karen | Sr. Producer | 2/19/07 -Present |
| Domingo, Luisito H | Sr. Prelim Dolls Designer | 07/07/03-Present |
| Dominguez, Greg Paul | Prod. Designer | 04/01/02-Present |
| Feldman, Joe | Design Engineer | 12/08/04-Present |
| Forrest, Craig | Prod. Mgr., Games | 5/15/06-Present |
| Garcia, Mia | Dev. Designer | 2/23/05-Present |
| Garcia, Paula | VP Girls Toy Prod. Dev. | 04/17/00-Present |

EXHIBIT 9

PAGE 46

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Gonzalez, Eduardo | Sr. Dir. of Quality Assurance;<br><br>Quality Assurance Mgr. | 10/16/06-Present;<br><br>1/3/05-8/18/05 |
| Hall, Tracy | Sr. Dir. of Prod. Dev., CE/YE | 08/07/06 - Present |
| Hansen, Melody | Face Painter | 03/13/06-Present |
| Hansen, Todd | Packaging Engineer | 5/2/05-Present |
| Hatch, Jill | Sr. Dir., National Sales | 09/18/06 - Present |
| Hinh, Michael | Mgr. Category Adv. | 6/28/05-Present |
| Hsu, Janet | SVP Non Toys Prod. Dev. & Licensing | 3/9/05-Present |
| Kao, Alice | Cust. Marketing Mgr. - Hong Kong Office | 2/21/05-Present |
| Kaufman, Ken | Advertising Exec. | 01/03/05-Present |
| Keller, Pamela E | VP Supply Chain & Operations | 09/25/06 - Present |
| Keossian, Alejandro Gabriel | Gr. Designer | 08/11/03-Present |
| Kim (Lee), Joyce | Sr. Playset Designer | 2/23/05-Present |
| Kim, Young Ran | Sample Maker Specialist | 01/15/04-Present |
| Kirst, Kristen | Hair Designer | 03/31/03-Present |
| Komatsu, Ellen | Sr. Prelim Dolls Designer | 08/25/03-Present |
| Larson, Jill | Sales Associate | 12/20/06-Present |
| Law, Adrian (Chi Shing) | Dev. Design Mgr. | 05/01/06-Present |
| Lumabao, Bo | Prod. Mgr. | 2/14/05-Present |
| Marks, Dorothy | Sample Maker Specialist | 07/26/05-Present |
| Martin, Raymond John | Prod. Mgr. of Consumer Electronics | 02/23/04-Present |
| Min, Aye Aye | Hair Designer | 04/17/06-Present |

EXHIBIT 7

47

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Nakamura, Yumi | Mgr. of Style Guides | 1/22/07-Present |
| Natareno, Marvin | Jr. Project Analyst | 01/03/07-Present |
| Nigoghossian, Christine | Sr. Doll Designer | 04/25/05-Present |
| Ochoa, Laura | Trade Marketing Mgr. | 09/01/04-Present |
| Palijo, Amelia Ivy Arafiles | Sr. Sculptress | 02/23/04-Present |
| Pestonji, Danny | Dir. Prod. Dev. Preschool | 06/01/04-Present |
| Phelan, Denise | Sample Maker Specialist | 01/18/05-Present |
| Phoosopha, Poottipong | Face Painter | 12/08/03-Present |
| Pickard, Michael | Sr. Project Packaging Engineer | 03/22/04-Present |
| Rae, Ronald | SVP, National Account Sales | 03/12/07-Present |
| Ratleff, Leland | Sr. HR Dir. | 12/04/06-Present |
| Ronquillo, Desiree Elisabeth | Sr. Dev. Designer | 05/03/04-Present |
| Ruiz, Micaela | Sample Maker Specialist | 2/13/06-Present |
| Sasic-Koetsier, Natasha | Illustrator | 06/01/04-Present |
| Salazar, Maria Elena | Sample Maker Supervisor | 03/31/03-Present |
| Salemnia, Shirin | Research Mgr. | 02/17/03-Present |
| Scott, Harvey | Sample Maker Specialist | 08/01/05-Present |
| Smith, Steffen J. | Dir. of Package Dev. | 10/13/03-Present |
| Su, Jier | Dir. of Prod. Planning | 8/16/05-Present |
| Soai, Dennis | Dolls Dev. Design Mgr. | 03/04/02-Present |
| Thompson, Marla | Sample Sourcing & Procurement Mgr. | 04/04/05-Present |
| Tran, Chau Ngoc | Sample Maker Specialist | 05/10/04-Present |
| Trueba, Mariana | Marketing Mgr. | 04/26/04-Present |

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

EXHIBIT 7

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Umana, Esteban | Quality Engineer | 03/19/07-Present |
| Upshaw, Gail | Sample Maker Specialist | 5/23/05-Present |
| Vargas, Pablo | Dir. Sales | 04/26/04-Present |
| Wang, Chang-Chin | Assoc. Face Designer | 05/03/04-Present |
| Ward, Lance | Structural Engineer | 08/02/04-Present |
| Whittaker, Dawn | Sr. Prod. Designer | 12/06/04-Present |
| Wong, Jenny | Sr. Gr. Designer | 09/09/02-Present |

| CURRENT MGA INDEPENDENT CONTRACTORS/FREELANCERS/TEMPS | MGA POSITION | DATES |
|---|---|---|
| Augborne, Troy | Structural Engineer (Temp) | 2/26/07 – 3/2/07, 4/16/07 – Present |
| Bryant, Carter | Prod. Designer/Independent Contractor | |
| Zetino, Reyna | Samplemaker, Temp Assignment | 04/13/07 – Present |

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Aryapour, Daryoush | Creative Ser. Dir. | 10/25/99-04/14/00 |
| Aguilar, Lourdes | Brand Mgr. | 9/01/04-6/11/06 |
| Blaser, Janet | Dev. Designer | 06/14/04-09/10/04 |
| Bower Violette, Mari Joanne | Prod. Mgr. | 10/13/03-03/10/06 |
| Brown, Lilia | Gr. Designer | 03/31/03-05/05/05 |
| Burlando, Gabriella | Prod. Mgr. | 03/5/02-06/27/06 |
| Chonavel, Fabienne | Marketing Mgr. | 04/10/02-08/23/02 |
| Dailey, Christine | VP Prod. Dev. | 05/07/01-11/22/02 |
| Feicht, Steve | Artist/Jr. Designer Freelancer | 07/18/02-Unknown |

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

EXHIBIT

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Gillmour, Kami | VP Marketing | 05/24/99-07/14/00 |
| Hardouin, Christopher | Project Mgr. | 06/04/01-07/23/04 |
| Hitch, Martin | VP Int'l Sales | 01/04/01-06/04/02 |
| Ho, Jeff | Sr. Prod. Artist Freelancer | Unknown-10/04 |
| Huntley, James | Independent Contractor – Miuchiz; <br><br> VP Marketing | 08/17/06 – Unknown; <br><br> 5/23/05-08/16/06 |
| Kagan, Randi | Marketing Dir. | 09/23/02-07/22/03 |
| Koch, Andreas | Prod. Mgr. | 10/18/99-01/11/01 |
| Leahy, Margaret | Sr. Sculptor | Temp To Perm. Eff. 4/4/05 - 03/06/07 |
| Mayer, Lyn Carol | Fabric Artist | 07/21/03-05/05/05 |
| McBride, Susan | Prod. Dir., Games | 06/03/02-01/25/07 |
| Mils, Frank | Mgr. of Quality Assurance | 03/20/06-07/07/06 |
| Nguyen, Xuanlan T | Pattern Maker | 05/19/03-01/03/05 |
| O'Brien, Gary Thomas | Field Sales Dir. | 05/10/04-07/22/04 |
| Otero, Jose | Web Designer | 08/11/03-2/1/06 |
| Owen, Dan | Sr. Playset Mgr. | 08/23/04-12/13/05 |
| Parasole, Nicolletta | Gr. Designer | 01/05/04-6/27/05 |
| Parkinson, Ana Mancia | Dev. Designer | 05/10/04-01/03/07 |
| Rambeau, Roger | VP Operations | 05/13/96-04/03/98 |
| Ramirez, Andrea | Key Account Mgr. | 04/05/05-12/12/06 |
| Reed, Wendy | Soft Goods Spec. | 11/06/00-01/12/01 |

EXHIBIT 7

PAGE 50

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Reyes, Scot Anthony | Sm. Doll Designer | 05/23/04-3/11/05 |
| Rhee, Anna | Doll Face Design Freelancer | 1/4/07 - 2/13/07 |
| Ross, Lon | Marketing Dir. | 11/13/00-08/03/01 |
| Schwartz, Dena | Sr. Prod. Mgr. | 05/21/01-04/08/02 |
| Shaver, Brandi | Gr. Designer | 05/03/04-06/30/06 |
| Stinnett, Holly | Sr. Brand Mgr. | 07/21/03-1/12/05 |
| Tawil, Lisa | Licensing Coord. | 04/08/02-07/18/03 |
| Terry, Gord | Dir. of Sales | 10/01/01-06/06/02 |
| Ward, Mercedeh | Sr. Prod. Designer | 10/00-1/01; 3/7/05-8/5/05 |
| Whitaker, Joseph | Consultant | 11/05/96-03/97 |
| Williams, Patrick | SVP Sales | 01/07/01-05/29/01 |
| Wong, Tong | Dev. Designer | 03/10/03-05/16/03 |
| Wright, Cherrise | Soft Goods Mgr. | 05/03/04-8/24/05 |
| Zbojniewicz, Dave | Dir. Bus. Planning/Independent Contractor | 04/04-09/04 |

DATED:  November 30, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____

Thomas J. Nolan
Attorneys for Counter-Defendants, MGA
ENTERTAINMENT, INC., ISAAC LARIAN,
MGA ENTERTAINMENT (HK) LIMITED,
AND MGAE de MEXICO S.R.L. de C.V.

EXHIBIT __7__

PAGE __61__

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)