THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, California 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: rkennedy@skadden.com

Attorneys for MGA Entertainment, Inc.,
MGA Entertainment (HK) Limited,
MGAE de Mexico S.R.L. de C.V., and Isaac Larian

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]**<br><br>**MGA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL'S MOTION TO (1) ENFORCE THE COURT'S AUGUST 13, 2007 ORDER AND TO COMPEL; AND (2) FOR MONETARY SANCTIONS**<br><br>[Declaration of Andrew C. Temkin filed concurrently herewith]<br><br>Date: February 11, 2008<br>Time: 8:30 am<br>Place: Telephonic |

MGA Entertainment, Inc. ("MGA"), Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. ("MGA de Mexico") submit this memorandum in opposition to Mattel's Motion to Enforce the Court's August 13, 2007 Order and to Compel; and (2) For Award of Monetary Sanctions.

## I. PRELIMINARY STATEMENT

Mattel's motion to compel is moot.  Mattel's motion seeks an order compelling MGA to allow Mattel to inspect and make a "forensically sound" copy of a CD containing documents that were seized from the offices of MGA de Mexico and produced by MGA several months ago pursuant to the Discovery Master's August 13, 2007 order.  On January 24, 2008, MGA made the requested CD available for Mattel's inspection and provided Mattel with a "forensically sound" copy of the CD.   In light of that production, there is simply nothing for the Discovery Master to compel.

Mattel's request for sanctions should also be denied.  Contrary to Mattel's assertions, MGA did not violate the Discovery Master's August 13 order, refuse to meet and confer regarding Mattel's request to inspect and receive a "forensically sound" copy of the CD, or refuse to produce the CD or a copy.  MGA produced the documents contained on the CD several months ago, as ordered.  When Mattel later requested to inspect the CD and obtain a "forensically sound" copy of it – which had not been ordered – MGA met and conferred with Mattel to understand what Mattel meant by "forensically sound."   Four court days after Mattel clarified its request, MGA complied with Mattel's request.

In light of the foregoing, Mattel's motion to compel and its request for sanctions should be denied.

## II. STATEMENT OF FACTS

### A. MGA Produced Copies of the Documents Contained on the CD, As Ordered by the Discovery Master.

On August 13, 2007, after MGA agreed to do so, the Discovery Master ordered MGA to produce copies of all documents that were seized by Mexican authorities

1

MGA'S OPP. TO MATTEL'S MOT. TO ENFORCE AUGUST 13, 2007 ORDER AND FOR SANCTIONS

from MGA's offices in Mexico City, Mexico. (Corey Decl., Ex. 6 at 12:9-12.) On September 7, 2007, MGA produced copies of those documents in electronic format as "TIFF" images accompanied by Concordance load files, which was the agreed-upon method of document production between the parties. (Declaration of Andrew C. Temkin ("Temkin Decl.") ¶ 1, Ex. A. Contrary to Mattel's assertion, the August 13 order did not require MGA to produce a "forensically sound" copy of the CD or otherwise produce the documents on the CD in their "native format."

### B. MGA Did Not Refuse Mattel's Request to Produce the CD Containing The Previously Produced Documents.

On November 2, 2007, Mattel sent MGA a letter requesting that MGA permit Mattel to inspect the CD containing the previously produced documents and produce a "forensically sound" image of the CD. (Corey Decl. Ex. 7.) Mattel's request came during a discovery stay imposed by the Court in mid-October (and later extended though mid-November) following the substitution in of MGA's new (and current) counsel. (Temkin Decl. ¶ 2. Ex. B.) The Court made clear that the parties were relieved of any obligation to produce discovery during the stay. (*Id.*) On November 16, upon the conclusion of the stay, the parties held an omnibus meet-and-confer session to address their then-outstanding discovery issues. Although Mattel raised numerous issues, Mattel did not mention the CD containing the previously produced documents. (Temkin Decl. ¶ 3.)

On January 8, 2008, Mattel sent a letter to MGA seeking a "forensically sound" copy of the CD. (Corey Decl. Ex. 8.) MGA responded, asking Mattel to explain what it meant by a "forensically sound" copy. (Temkin Decl. ¶ 4 Ex. C.) On January 17, Mattel clarified its request and requested that MGA "promptly apprise us" of when Mattel may inspect the CD. (Corey Decl. Ex. 10.) Two-court days later, Mattel abruptly terminated the meet-and-confer process by filing this motion. ***At no time*** did MGA represent to Mattel that it would not comply with Mattel's requests. (Temkin Decl. ¶ 5.)

On January 24, four court days after receiving Mattel's clarification of "forensically sound," MGA advised Mattel that Mattel was welcome to inspect the CD containing the previously produced documents at the offices of MGA's counsel, and provided Mattel with a "forensically sound" copy of the CD. (Temkin Decl. ¶ 6, Ex. D.) To date, Mattel has not inspected the CD. (Temkin Decl. ¶ 9.)

On January 24, 27 and 30, MGA requested that Mattel withdraw its motion in light of MGA's production. (Temkin Decl. ¶ 6 & 7, Exs. D, E & F.) Mattel stated that it would consider the request and get back to MGA. (Temkin Decl. ¶ 8, Ex. G.) Mattel did not get back to MGA. (Temkin Decl. ¶ 9.)

## III.   ARGUMENT

### A.   Mattel's Motion to Compel Is Moot.

Mattel's motion to compel is moot. MGA has made available for Mattel's inspection the CD containing the documents that MGA produced several months ago pursuant to the Discovery Master's order. MGA has also produced a "forensically sound" copy of the CD. Thus, Mattel has already received the material it seeks to compel. Its motion to compel should therefore be denied.

### B.   Mattel's Request For Sanctions Should Be Denied.

The Discovery Master should also deny Mattel's request for sanctions made pursuant to Federal Rule of Civil Procedure 37(a)(5) and 28 U.S.C. § 1927. Rule 37 provides that a court must not impose sanctions if such an award would be unjust under the circumstances. *See* Fed. R. Civ. P. 37(a)(5)(i-iii). Section 1927 provides that a court should not impose sanctions absent a showing of "'bad faith, improper motive, or reckless disregard of the duty owed to the court.'" *Thomas v. Baca*, Case No. CV 04-08448 DDP (SHx), 2005 U.S. Dist. Lexis 4780, at *7 (C.D. Cal. Feb. 3, 2005)(citation omitted). Sanctions are not warranted and would be unjust here.

First, MGA produced the documents that are on the CD, as ordered by the Discovery Master. When Mattel requested to meet and confer regarding its additional request to inspect the CD and for a "forensically sound" copy of it, MGA

met and conferred in good faith. *See Koninklijke Phillips Elecs. N.V. v. KXD Tech., Inc.*, Case Nos. 2:05-CV-01532-RLH-GWF, 2:06-CV-00101-RLH-GWF, 2007 U.S. Dist. Lexis 13956, at *28 (D. Nev. Feb. 21, 2007) (holding that a movant fails to act in good faith if it cuts short the meet-and-confer process after the non-moving party shows a reasonable willingness to comply with the request and denying sanctions because the movant ended the meet and confer process prematurely when the non-moving party "sought to obtain clarification of the discovery request" and showed a willingness to comply with the request). As part of that meet and confer process, MGA demonstrated its willingness to comply with Mattel's request in its letter requesting that Mattel clarify what it meant by "forensically sound." Indeed, MGA wrote: "In order to respond to your request, please clarify what you mean by a 'forensically sound' copy." (Corey Decl. Ex. 9.)

      Four court days after receiving the requested clarification, MGA produced the requested material. MGA was substantially justified in taking those days given that MGA had to rely on a third-party vendor to produce the "forensically sound" copy. (Temkin Decl. ¶ 10.) Moreover, Mattel has not been (and does not claim to have been) prejudiced by the timing of MGA's production of the CD. Mattel has had the documents for several months – all of which concern Phase 2 issues and are unrelated to the issues in Phase 1, on which the Court has directed the parties to focus their attention.

## IV. CONCLUSION

For the foregoing reasons, the Discovery Master should deny Mattel's motion to compel and for sanctions in its entirety.

DATED: January 31, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: ____/s/____
Raoul D. Kennedy

Attorneys for Counter-Defendants MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, and MGAE de MEXICO S.R.L. de C.V.