# EXHIBIT 6

THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail:  tnolan@skadden.com

KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
E-mail:  kplevan@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**MGA'S SECOND SET OF INTERROGATORIES TO MATTEL, INC.**<br><br>Honorable Stephen G. Larson<br>Courtroom 1 |

EXHIBIT <u>12</u> PAGE <u>61</u>

12-4

1

Consolidated with MATTEL, INC. v.
2  BRYANT and MGA
   ENTERTAINMENT, INC. v.
3  MATTEL, INC.

)
)
)
)
)

4

5  **PROPOUNDING PARTY:**    **MGA ENTERTAINMENT, INC.**

6  **RESPONDING PARTY:**      **MATTEL, INC.**

7  **SET NUMBER:**            **SECOND**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 6 PAGE 102

MGA'S SECOND SET OF INTERROGATORIES TO MATTEL, INC.                NO. CV 04-9049 SGL (RNBx)

MGA Entertainment Inc. ("MGA"), hereby requests that Plaintiff, Mattel Inc. ("Mattel") respond to the following Second Set of Interrogatories separately, fully, and under oath, pursuant to Rule 33 of the Federal Rules of Civil Procedure, within (30) days of service, in accordance with the definitions and instructions set forth herein.

**DEFINITIONS**

1.     "AFFILIATES" means any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such person, party or entity.

2.     "ALLEGED COPYRIGHTED WORKS" means the copyrighted works alleged in paragraph 83 of MATTEL'S Second Amended Answer in Case No. 05-2727 and Counterclaim in THIS ACTION.

3.     "ALLEGED TRADE SECRETS" means the trade secret material alleged in paragraphs 107 thru 111 of MATTEL'S Second Amended Answer in Case No. 05-2727 and Counterclaim in THIS ACTION.

4.     "BARBIE" means and refers to each image, character, logo, doll, toy, styling head, plush toy, play set, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by YOU, or others under licensed by YOU, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "Barbie."

5.     "BRYANT" means Carter Bryant individually and does not include his agents, representatives, attorneys, experts or any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

6.     "BRATZ" means and refers to each image, character, logo, doll, fashion doll, plush toy, styling head, toy, accessory, product, packaging, theme, or other

2     EXHIBIT _lo_ PAGE _63_

1 | thing or matter that is or has ever been manufactured, marketed or sold by MGA, or
2 | others under license, as part of a line of goods or merchandise commonly known as,
3 | or sold and marketed under the "Bratz" trademark or trade dress.

4 |       7.    "COLLECT," "COLLECTED" or "COLLECTION" with reference to
5 | DOCUMENTS means to collect, review, produce, request, seek, look for, search for,
6 | analyze or in any other way collect or review or attempt to collect or review such
7 | DOCUMENTS in connection with YOUR search for, review of and/or production of
8 | DOCUMENTS in this ACTION."

9 |       8.    The term "CONFLICT OF INTEREST QUESTIONNAIRE" refers to
10 | Mattel's form of employment agreement concerning, _inter alia_, relations, if any,
11 | between Mattel's employees, suppliers, and/or competition, whether known by the
12 | title "Conflict of Interest Questionnaire" or any other title, including without
13 | limitation the form of Conflict of Interest Questionnaire entitled "Conflict of Interest
14 | Questionnaire" executed by Carter Bryant on or about January 4, 1999.

15 |       9.    "CONTESTED MATTEL PRODUCTS" means:

16 |       (a) each female fashion doll and its packaging that is or has ever been
17 | manufactured, marketed or sold by MATTEL, or others under license by MATTEL,
18 | as part of a line of goods or merchandise commonly known as, or sold and marketed
19 | under the "My Scene" trademark or trade dress;

20 |       (b) each image, character, logo, fashion doll, doll, toy, accessory, product,
21 | packaging or other thing or matter that is or has ever been manufactured, marketed or
22 | sold by MATTEL, or others under license by MATTEL, as part of a line of goods or
23 | merchandise commonly known as, or sold and marketed under the "My Scene"
24 | "Chillin' Out!" trademark or trade dress, the "My Scene" "Night on the Town"
25 | trademark or trade dress, the "My Scene" "My Bling Bling" trademark or trade
26 | dress, and/or the "My Scene" "Jammin' in Jamaica" trademark or trade dress;

27 |       (c) each plush toy and its packaging that is or has ever been manufactured,
28 | marketed or sold by MATTEL, or others under license by MATTEL, as part of a line

EXHIBIT _6_ PAGE _64_

1  of goods or merchandise commonly known as, or sold and marketed under the "My

2  Scene" trademark or trade dress;

3          (d)  each styling head that is or has ever been manufactured, marketed or sold

4  by MATTEL, or others under license by MATTEL, as part of a line of goods or

5  merchandise commonly known as, or sold and marketed under the "My Scene"

6  trademark or trade dress;

7          (e) the "My Scene Sound Lounge" play set and packaging;

8          (f) each image, character, logo, doll, toy, accessory, product, packaging or any

9  other thing that is or has ever been manufactured, marketed or sold by MATTEL, or

10  others under license by MATTEL, as part of a line of goods or merchandise

11  commonly known as, or sold and marketed under the name "Little Mommy";

12          (g) each image, character, logo, doll, toy, accessory, product, packaging or any

13  other thing that is or has ever been manufactured, marketed or sold by YOU, or

14  others under licensed by YOU, as part of a line of goods or merchandise commonly

15  known as, or sold and marketed under the name "Wee 3 Friends"; and

16          (h) each image, character, logo, toy, accessory, product, packaging or any

17  other thing that is or has ever been manufactured, marketed or sold by MATTEL, or

18  others under license by MATTEL, as part of a line of goods or merchandise

19  commonly known as, or sold and marketed under the name "AcceleRacerS."

20          10.    "COUNTERCLAIMS" means Mattel, Inc.'s Second Amended Answer

21  and Counterclaims for: 1. Copyright Infringement; 2. Violation of the Racketeer

22  Influenced and Corrupt Organizations Act; 3. Conspiracy to Violate the Racketeer

23  Influenced and Corrupt Organizations Act; 4. Misappropriation of Trade Secrets; 5.

24  Breach of Contract; 6. Intentional Interference with Contract; 7. Breach of Fiduciary

25  Duty; 8. Aiding and Abetting Breach of Fiduciary Duty; 9. Breach of Duty of

26  Loyalty; 10. Aiding and Abetting Breach of Duty of Loyalty; 11. Conversion; 12.

27  Unfair Competition; and 13. Declaratory Relief filed July 12, 2007, in MGA v.

28  Mattel, Inc., CV 05-02727, including any amendment or supplement thereto.

4

EXHIBIT _C_ PAGE _65_

11.   "DESCRIBE THE SALES AND PROFITS" means to state fully and separately for each MATTEL PRODUCT by year (a) the number of units of each such MATTEL PRODUCT sold by YOU or YOUR licensees, (b) the gross and net revenue received by YOU from such sales of each such MATTEL PRODUCT, (c) all costs YOU have incurred in connection with each such MATTEL PRODUCT, including but not limited to YOUR cost of goods sold, and (d) YOUR gross and net profits from each such MATTEL PRODUCT.

12.   "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blue prints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, development, inventions, or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, which in whole or in part.

13.   "DIGITAL INFORMATION" means any information created or stored digitally, including but not limited to electronically, magnetically, or optically.

14.   "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 34, and shall be construed in the broadest sense to mean any and all DIGITAL INFORMATION, STORAGE DEVICE, writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office

5

EXHIBIT _U_ PAGE _U_O_

1  COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs,
2  indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills,
3  bills of lading, bids, time cards, receipts, purchase orders, telephone records,
4  telegrams, telexes, literature, invoices, contracts, purchase orders, estimates,
5  recordings, transcriptions of recordings, records, books, pamphlets, periodicals,
6  publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings,
7  television commercials, story boards, website or other spot advertisements, movies,
8  movie trailers, prototypes, products, diaries, calendars, charts, drawings, sketches,
9  messages, photographs and data contained in or accessible through any electronic
10 data processing system, including, but not limited to, computer databases, data sheets,
11 data processing cards, computer files and tapes, computer disks, CD-ROMs,
12 computer metadata, microfilm, microfiche, electronic mail, website and web pages
13 and transcriptions thereof and all other memorializations of any conversations,
14 meetings and conference, by telephone or otherwise.  The term DOCUMENT also
15 means every copy of a DOCUMENT, where such copy is not an identical duplicate
16 of the original, whether because of deletions, underlinings, showing of blind copies,
17 initialing, signatures, receipt stamps, comments, notations, differences in stationery
18 or any other difference or modification of any kind.

19      15.    The term "EMPLOYEE INVENTIONS AGREEMENT" refers to
20 Mattel's form of employment agreement concerning, inter alia, (i) ownership of
21 inventions, and (ii)(a) trade secrets and/or (iii) conflicts, whether known by the title
22 "Employee Confidential Information and Inventions Agreement" or any other title,
23 including without limitation the form of Employee Inventions Agreement entitled
24 "Employee Confidential Information and Inventions Agreement" executed by Carter
25 Bryant on or about January 4, 1999.

26      16.    "IDENTIFY," "IDENTITY," or "IDENTIFYING" mean the following:
27          •    With reference to an *individual*, means to state fully and
28 separately for each, such individual's full name, any known business title, current or

EXHIBIT __6__ PAGE __67__

1   last known business affiliation, current or last known residential address, current or

2   last known business address, current or last known relationship with MATTEL, and

3   current or last known phone number(s).

4   • With reference to an *entity*, means to state, fully and separately

5   for each, such entity's full name, state (or country) of incorporation or organization,

6   present or last known address, and present or last known telephone number(s).

7   • With reference to any *DOCUMENT*, means to describe each

8   DOCUMENT by Bates number. If the DOCUMENT does not have a Bates number,

9   IDENTIFY means to provide a complete description of the DOCUMENT such that it

10  may be the subject of a request for production of documents, including by stating the

11  date, identity of the author, addresses(s), recipient(s), signatories, parties, or other

12  PERSONS identified in the DOCUMENT, its present location or custodian and a

13  description of its contents.

14  • With reference to any MATTEL or MGA product, means to state

15  fully and separately for each, the full name of the product; the number of the product;

16  the SKU of the product; any other applicable designation of the product; the period

17  of time in which the product has been sold; and IDENTIFY each PERSON who has

18  licensed such product.

19  17.  "MATTEL," "YOU," or "YOUR" means the party Mattel, Inc. and any

20  of its past or present officers, directors, employees, parents, subsidiaries, divisions,

21  affiliates, predecessors-in-interest, and joint venture partners.

22  18.  "MATTEL EMPLOYEE" means any of MATTEL's current or former

23  employees.

24  19.  "MATTEL'S INITIAL DISCLOSURES" means Mattel, Inc.'s

25  Consolidated (1) Initial Disclosures Relating to MGA's Unfair Competition Claims,

26  and (2) Second Supplemental Initial Disclosures Relating to Mattel's Claims Against

27  Bryant and MGA, dated January 5, 2007 and any supplemental or amendment

28  thereto.

EXHIBIT 6 PAGE 68

20.   "MATTEL PRODUCTS," includes all products sold or offered by sale by MATTEL under or using the name "Barbie," including without limitation, all CONTESTED MATTEL PRODUCTS, all MY SCENE DOLLS, and any doll sold or offered for sale under the name "Diva Starz."

21.   "MY SCENE" means and refers to each image, character, logo, doll, fashion doll, toy, styling head, plush toy, play set, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by YOU, or others under licensed by YOU, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "My Scene."

22.   "MY SCENE DOLL" means any fashion doll that is or has ever been distributed, marketed, sold or offered for sale under the name "My Scene" or as part of the "My Scene" line, including separate themes.

23.   "PERSON" or "PERSONS" means all natural persons, partnerships, joint ventures and any kind of business, legal or public entity or organization, as well as its, its or her agents, representatives, employees, officers and directors and any one else acting on its, its or her behalf, pursuant to its, its or her authority or subject or its, its or her control.

24.   "REFERRING OR RELATING TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

25.   "STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION" means to (i) describe in detail the complete factual for the identified contention; (ii) IDENTIFY all DOCUMENTS that REFER OR RELATE TO that contention; and (iii) IDENTIFY all witnesses who may have information that REFERS OR RELATES TO the contention.

26.   "STORAGE DEVICE" means any computer hard drive, memory, USB device, tape, storage array or any other device or medium that allows a user, whether

8

EXHIBIT _U_ PAGE _109_

1  permanently, temporarily or otherwise, to create, generate, transmit, copy, retain,

2  store, or maintain DIGITAL INFORMATION.

3      27.    "SOURCE OF INFORMATION" means any PERSON or medium

4  containing DOCUMENTS, DIGITAL INFORMATION, or other information,

5  whether in paper, electronic or other form, including, but not limited to any

6  STORAGE DEVICE, file, file cabinet, or any other source of information or

7  DOCUMENTS.

8      28.    "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-9059

9  SGL (RNBx), filed on April 27, 2004 and all cases consolidated or coordinated

10  therewith.

11      29.    The singular form of a noun or pronoun includes within its meaning the

12  plural form of the noun or pronoun so used, and vice versa; the use of the masculine

13  form of a pronoun also includes within its meaning the feminine form of the pronoun

14  so used, and vice versa; the use of any tense of any verb includes also within its

15  meaning all other tenses of the verb so used, whenever such construction results in a

16  broader request for information; and "and" includes "or" and vice versa, whenever

17  such construction results in a broader disclosure of documents or information.

18

19              **INSTRUCTIONS**

20      1.    Mattel is instructed to serve written responses to these Interrogatories on

21  MGA's counsel at Skadden, Arps, Slate, Meagher & Flom, LLP, 300 South Grand

22  Avenue, Los Angeles, California 90071.

23      2.    Pursuant to Federal Rule of Civil Procedure 33, Mattel shall provide its

24  answers under oath within 30 days of service.

25      3.    If, in responding to these Interrogatories, Mattel asserts an ambiguity in

26  either a particular Interrogatory or an Instruction of Definition applicable thereto,

27  Mattel shall identify in the response to such Interrogatory the language it contends is

28  ambiguous and state the interpretation used in responding.

9

EXHIBIT _6_ PAGE _70_

4.     These Interrogatories impose a continuing obligation subsequent to your initial production to the full extent provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

5.     If, in responding to these Interrogatories, any information is not being provided based on an objection or otherwise, IDENTIFY the information not be provided and explain the complete basis supporting YOUR refusal and/or failure to provide that information.

6.     Unless otherwise noted, these Interrogatories seek information from January 1, 1995, to the present.

10

EXHIBIT _6_ PAGE _71_

## INTERROGATORIES

INTERROGATORY NO. 12:

IDENTIFY each version of the EMPLOYEE INVENTIONS AGREEMENT adopted and/or used by or on behalf of MATTEL, including, without limitation, (a) the IDENTITY of all persons who participated in or were consulted concerning the creation, drafting, adoption, and/or use of the EMPLOYEE INVENTIONS AGREEMENT; (b) the date(s) and/or range(s) of dates MATTEL'S used each version of the EMPLOYEE INVENTIONS AGREEMENT; and (c) the reason(s) for the changes between each version.

INTERROGATORY NO. 13:

Describe in detail each instance in which any provision of an EMPLOYEE INVENTIONS AGREEMENT was breached or alleged to be breached by an employee, independent contractor, or any other person with whom MATTEL had entered into an EMPLOYEE INVENTIONS AGREEMENT, including without limitation: (a) a complete description of the conduct comprising said breach; and (b) a complete description of all steps taken by MATTEL in response to said breach or alleged breach (*including, for example, conducting an investigation or arranging that an investigation be conducted on MATTEL'S behalf; issuing a warning, whether written or oral; issuing any other notification, whether written or oral; initiating civil litigation, including the name, case number and court of any such litigation; initiating any other legal proceeding, including but not limited to criminal proceedings, including the name, case number and court of any such proceeding; making an exception, whether written, oral, express, or implied; making a determination that no breach occurred, whether or not such determination was documented; or no action*).

EXHIBIT _10_ PAGE _72_

INTERROGATORY NO. 14:

IDENTIFY each version of the CONFLICT OF INTEREST QUESTIONNAIRE adopted and/or used by or on behalf of MATTEL, including, without limitation, (a) the identity of all persons who participated in or were consulted concerning the creation, drafting, adoption, and/or use of the CONFLICT OF INTEREST QUESTIONNAIRE; (b) the date(s) and/or range(s) of dates MATTEL'S used each version of the CONFLICT OF INTEREST QUESTIONNAIRE; and (c) the reason(s) for the changes between each version.

INTERROGATORY NO. 15:

Describe in detail each instance in which any provision of a CONFLICT OF INTEREST QUESTIONNAIRE was breached or alleged to be breached by an employee, independent contractor, or any other person with whom MATTEL had entered into a CONFLICT OF INTEREST QUESTIONNAIRE, including without limitation: (a) a description of the conduct comprising said breach; and (b) a description of all steps taken by MATTEL in response to said breach or alleged breach (*including, for example, conducting an investigation or arranging that an investigation be conducted on MATTEL'S behalf; issuing a warning, whether written or oral; issuing any other notification, whether written or oral; initiating civil litigation, including the name, case number and court of any such litigation; initiating any other legal proceeding, including but not limited to criminal proceedings, including the name, case number and court of any such proceeding; making an exception, whether written, oral, express, or implied; making a determination that no breach occurred, whether or not such determination was documented; or no action*).

EXHIBIT _U_ PAGE _73_

1    INTERROGATORY NO. 16:

2         STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION

3    that MATTEL has a viable affirmative claim for relief against MGA even if the

4    evidence establishes both of the following: (i) in August and/or September, 1998,

5    Carter Bryant conceived of the line of fashion dolls that he named Bratz, <u>and</u> (ii) the

6    design for the BRATZ dolls sold by MGA in 2001 was reduced to practice after

7    October 20, 2000.

8

9    INTERROGATORY NO. 17:

10        STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION

11   that MATTEL employees in the Design Center who personally knew Carter Bryant

12   did not know and/or believe, immediately following the launch of MGA's Bratz

13   dolls in 2001, that Carter Bryant was the creator of the concept for the BRATZ line

14   of dolls.

15

16   INTERROGATORY NO. 18:

17        STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION

18   that any of the fashions and/or accessories for the BRATZ line of dolls sold by MGA

19   violate or infringe any of MATTEL'S intellectual property and/or proprietary rights.

20

21   INTERROGATORY NO. 19:

22        IDENTIFY with specificity each element of each ALLEGED

23   COPYRIGHTED WORK that MATTEL contends is an original element protectable

24   under the United States Copyright Laws.

25

26

27

28

EXHIBIT _6_ PAGE 7 4

INTERROGATORY NO. 20:

IDENTIFY with specificity each ALLEGED TRADE SECRET, including the IDENTITY of each DOCUMENT that embodies or REFERS OR RELATES to each ALLEGED TRADE SECRET.

INTERROGATORY NO. 21:

IDENTIFY each PERSON who has had access to each ALLEGED TRADE SECRET, including (a) the ALLEGED TRADE SECRET each PERSON had access to; and (b) the date or dates each PERSON had this access.

INTERROGATORY NO. 22:

STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that MGA misappropriated any ALLEGED TRADE SECRET.

INTERROGATORY NO. 23:

STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that the ALLEGED TRADE SECRETS are protectable.

INTERROGATORY NO. 24:

DESCRIBE THE SALES AND PROFITS for each MATTEL PRODUCT that has been sold or offered for sale by YOU or YOUR licensees. (The time period applicable to this interrogatory is from January 1, 1990 to the present).

INTERROGATORY NO. 25:

IDENTIFY, fully and separately, each and every PERSON who was involved in the development or marketing of the CONTESTED MATTEL PRODUCTS by stating each PERSON'S name, role, and start/end date. (As used in this Interrogatory, the phrase "development or marketing" means the entire process of

14

EXHIBIT __U__ PAGE __15__

1  creating and selling a new product or design, including without limitation, the

2  marketing, advertising, promotion, licensing, offering for sale, conception, origin,

3  creation, design, development, sculpting, engineering, reduction to practice, tooling

4  or painting of a product or embodiment of a product).

5

6  INTERROGATORY NO. 26:

7       Describe in detail all instances in which a PERSON expressed confusion as to

8  source or sponsorship between any MATTEL products, packaging or advertising

9  (including, but not limited to, the CONTESTED MATTEL PRODUCTS) and any

10 MGA products, packaging or advertising (including, but not limited to, "BRATZ"),

11 by: (i) stating the facts and circumstances of each instance; (ii) IDENTIFYING all

12 DOCUMENTS that REFER OR RELATE TO each instance; and (iii)

13 IDENTIFYING all witnesses who may have information that REFER OR RELATE

14 TO each instance.

15

16 INTERROGATORY NO. 27:

17      For each PERSON listed in MATTEL'S INITIAL DISCLOSURES,

18 IDENTIFY each PERSON and describe in detail each PERSON's alleged

19 knowledge of the subjects or information identified in MATTEL'S INITIAL

20 DISCLOSURES.

21

22 INTERROGATORY NO. 28:

23      Describe in detail the complete factual basis for YOUR COUNTERCLAIMS,

24 including, without limitation all facts, DOCUMENTS, and witnesses that REFER

25 OR RELATE TO YOUR COUNTERCLAIMS.

26

27

28

EXHIBIT _6_ PAGE _76_

**INTERROGATORY NO. 29:**

Describe in detail any estimate or calculation of damage, loss, injury, or unjust enrichment, by reason of any act or omission alleged in YOUR COUNTERCLAIMS, that YOU have made or that has been made on YOUR behalf or at YOUR request, including all facts, DOCUMENTS or witnesses RELATING TO each estimate or calculation.

**INTERROGATORY 30:**

IDENTIFY each and every SOURCE OF INFORMATION from which YOU have COLLECTED DOCUMENTS that REFER OR RELATE TO BRATZ.

**INTERROGATORY 31:**

STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that any BRATZ doll is substantially similar to, a copy or a derivative of BRATZ DESIGNS created by Carter Bryant on or before October 19, 2000.

DATED:  December 4, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
Robert J. Herrington
Attorneys for Counter-Defendants, MGA
ENTERTAINMENT, INC., ISAAC LARIAN,
MGA ENTERTAINMENT (HK) LIMITED,
AND MGAE de MEXICO S.R.L. de C.V.

16

EXHIBIT *C* PAGE 77

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On December 4, 2007, I served the foregoing document described as:

### MGA'S SECOND SET OF INTERROGATORIES TO MATTEL, INC.

on the interested parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

☒   (BY PERSONAL SERVICE)   ☐   By personally delivering copies to the person served. (FEDERAL)

☒   I caused such document to be hand delivered to the office of the addressee. (FEDERAL) [As Noted.]

☒   **(BY MAIL)** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. [As Noted.]

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on December 4, 2007 at Los Angeles, California.

Allison G. Velkes
PRINT NAME                          SIGNATURE

1

EXHIBIT 6 PAGE 78

## SERVICE LIST

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543
(213)  443-3000
(213)  443-3100 (Fax)

Attorneys for Mattel, Inc.
[Personal Service]

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA  94111
(415)  391-5400
(415)  397-7188 (Fax)

Attorneys for Carter Bryant
[Mail]

Mark E. Overland, Esq.
Alexander H. Cote, Esq.
David C. Scheper, Esq.
Overland Borenstein Scheper & Kim
300 South Grand Avenue, Suite 2750
Los Angeles, CA  90071
(213)  613-4655
(213)  613-4656 (Fax)

Attorneys for Carlos Gustavo Machado
Gomez
[Mail]

EXHIBIT _6_ PAGE _79_

# EXHIBIT 7

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff and Cross-
   Defendant
9  MATTEL, Inc.

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14              Plaintiff,               Consolidated with:
                                         Case No. CV 04-09059
15        vs.                            Case No. CV 05-02727

16  MATTEL, INC., a Delaware             MATTEL, INC.'S OBJECTIONS AND
    corporation,                         RESPONSES TO MGA
17                                       ENTERTAINMENT, INC.'S SECOND
              Defendant.                 SET OF INTERROGATORIES
18
                                         Hon. Stephen G. Larson
19  CONSOLIDATED WITH

20  MATTEL, INC. v. BRYANT, and

21  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.,
22
              Cross-Defendant.
23

24

25  PROPOUNDING PARTY:  MGA ENTERTAINMENT, INC.

26  RESPONDING PARTY:   MATTEL, INC.

27  SET NO.:            TWO (2)

28  NOS.:               12 - 31

EXHIBIT 7 PAGE 80

1-3

07975/2338502.1

1          **Preliminary Statement**

2          Mattel, Inc. ("Mattel") has not yet completed its investigation of the

3     facts relating to this action, has not yet reviewed all documents relating to this

4     action, has not yet interviewed all witnesses in this action, and has not completed

5     discovery from defendants Carter Bryant ("Bryant") or MGA Entertainment, Inc.

6     ("MGA") or any third parties with regard to this action.  Consequently, Mattel

7     reserves the right to amend and/or supplement these responses if and when

8     additional facts or documents are discovered.  Additionally, because Mattel's

9     responses are based on facts and documents that Mattel has identified to date, they

10    do not preclude Mattel from later relying on facts or documents discovered or

11    generated pursuant to subsequent investigation or discovery.  Mattel's response to

12    any of Defendant's Second Set of Interrogatories (the "Interrogatories") is not to be

13    construed as a waiver of any of its objections or its right to object to any other

14    discovery request.

15

16         **General Objections**

17         Mattel generally objects to each of the Interrogatories on each and

18    every one of the following grounds, which are incorporated into and made a part of

19    Mattel's response to each and every individual Interrogatory:

20         1.     Mattel objects to the Interrogatories on the grounds that they

21    seek to impose obligations upon Mattel beyond those imposed by the <u>Federal Rules</u>

22    <u>of Civil Procedure</u>.

23         2.     Mattel objects to the Interrogatories on the grounds that they call

24    for the disclosure of information subject to the attorney-client privilege, the attorney

25    work-product doctrine, or any other applicable privilege, including the privilege

26    against disclosure of the identities and work product of consulting experts.  Such

27    information and documents will not be produced.

28

07975/2338502.1

-2-

EXHIBIT 7 PAGE 81

1      3.      Mattel objects to the Interrogatories on the grounds that they call

2   for production or disclosure of confidential, proprietary and/or private information.

3   Such information and documents will not be disclosed or produced except pursuant

4   to and in reliance upon the operative protective order.

5      4.      Mattel objects to the Interrogatories on the grounds that they

6   seek the disclosure of information or documents that are in the possession, custody

7   and control of independent parties over whom Mattel has no control, and seek the

8   disclosure of information or documents that are in the possession, custody and

9   control of defendant MGA or are publicly available and hence equally available to

10  all parties to this litigation.

11     5.      Mattel objects to the Interrogatories on the grounds that they call

12  for information that is neither relevant to the claims or defenses in the pending

13  action nor reasonably calculated to lead to the discovery of admissible evidence.

14     6.      Mattel objects to the Interrogatories on the grounds that they are

15  unduly burdensome and oppressive.

16     7.      Mattel further objects to the Interrogatories on the grounds that

17  they purport to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local</u>

18  <u>Rules</u>.  Such disclosures will be made in accordance with the requirements of, and at

19  the times specified by, the Court's Orders and the <u>Rules</u>.

20     8.      Mattel objects to the Interrogatories on the grounds that they

21  seek the disclosure of information or documents in violation of the terms of

22  agreements or protective orders entered into with third parties, or in violation of the

23  privacy, contractual, or other rights of third parties.

24     9.      Mattel objects to the Interrogatories on the grounds that the

25  definitions of "Mattel," "Bratz," "Contested Mattel Products" and "MY SCENE" are

26  overbroad, vague and ambiguous and unduly burdensome.

27     10.     Mattel objects to the Interrogatories on the grounds that the

28  defendants have exceeded the limit on the number of interrogatories they may

-3-

**EXHIBIT 7 PAGE 82**

1 | properly serve on Mattel without leave of the Court, which defendants have neither
2 | sought nor obtained.

3

4 | ### Specific and General Responses

5 | Each of the following objections and responses to the Interrogatories is
6 | expressly made subject to the above Preliminary Statement and General Objections,
7 | all of which are incorporated in each of the following objections and responses to
8 | specific Interrogatories.

9

10

11 | ### RESPONSES TO INTERROGATORIES

12 | **INTERROGATORY NO. 12:**

13 | IDENTIFY each version of the EMPLOYEE INVENTIONS
14 | AGREEMENT adopted and/or used by or on behalf of MATTEL, including,
15 | without limitation, (a) the IDENTITY of all persons who participated in or were
16 | consulted concerning the creation, drafting, adoption, and/or use of the EMPLOYEE
17 | INVENTIONS AGREEMENT; (b) the date(s) and/or range(s) of dates MATTEL'S
18 | used each version of the EMPLOYEE INVENTIONS AGREEMENT; and (c) the
19 | reason(s) for the changes between each version.

20

21 | **RESPONSE TO INTERROGATORY NO. 12:**

22 | In addition to the general objections stated above, Mattel specifically
23 | objects to this Interrogatory on the grounds that defendants' Second Set of
24 | Interrogatories purports to require Mattel to answer interrogatories that are in excess
25 | of the number of interrogatories allowed defendants, including pursuant to the
26 | Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because
27 | defendants have neither sought nor obtained leave of the Court to serve such excess
28 | number of interrogatories, they are improper.  Mattel further objects to this

-4-   **EXHIBIT 7 PAGE 83**

1  Interrogatory on the grounds that it seeks information that is not relevant nor likely

2  to lead to the discovery of admissible evidence.  Mattel further objects to this

3  Interrogatory as unreasonably burdensome, overbroad and compound, including

4  without limitation in that it seeks information about provisions of agreements that

5  have no bearing on this action and regardless of whether any such agreements are at

6  issue in this case.  Mattel further objects to this Interrogatory on the grounds that it

7  calls for the disclosure of information subject to the attorney-client privilege, the

8  attorney work-product doctrine and other applicable privileges.  Mattel further

9  objects to this Interrogatory as vague and ambiguous, including without limitation in

10  its use of the terms "participated in" and "use" in this context.  Mattel further objects

11  to this Interrogatory on the grounds that it calls for the disclosure of confidential

12  and/or proprietary information, which Mattel will disclose only subject to and in

13  reliance upon the operative protective order.

14

15  **INTERROGATORY NO. 13:**

16          Describe in detail each instance in which any provision of an

17  EMPLOYEE INVENTIONS AGREEMENT was breached or alleged to be

18  breached by an employee, independent contractor, or any other person with whom

19  MATTEL had entered into an EMPLOYEE INVENTIONS AGREEMENT,

20  including without limitation:  (a) a complete description of the conduct comprising

21  said breach; and (b) a complete description of all steps taken by MATTEL in

22  response to said breach or alleged breach *(including, for example, conducting an*

23  *investigation or arranging that an investigation be conducted on MATTEL'S behalf,*

24  *issuing a warning, whether written or oral; issuing any other notification, whether*

25  *written or oral; initiating civil litigation, including the name, case number and court*

26  *of any such litigation; initiating any other legal proceeding, including but not*

27  *limited to criminal proceedings, including the name, case number and court of any*

28  *such proceeding; making an exception, whether written, oral, express, or implied;*

1 | *making a determination that no breach occurred, whether or not such determination*
2 | *was documented; or no action).*
3 |
4 | **RESPONSE TO INTERROGATORY NO. 13:**
5 | In addition to the general objections stated above, Mattel specifically
6 | objects to this Interrogatory on the grounds that defendants' Second Set of
7 | Interrogatories purports to require Mattel to answer interrogatories that are in excess
8 | of the number of interrogatories allowed defendants, including pursuant to the
9 | Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because
10 | defendants have neither sought nor obtained leave of the Court to serve such excess
11 | number of interrogatories, they are improper.  Mattel further objects to this
12 | Interrogatory on the grounds that it seeks information that is not relevant nor likely
13 | to lead to the discovery of admissible evidence.  Mattel further objects to this
14 | Interrogatory as unreasonably burdensome, overbroad and compound, including
15 | without limitation in that it seeks information about agreements and provisions of
16 | agreements that are not at issue in this case and about employees, independent
17 | contractors and other persons who have no bearing on this action.  Mattel further
18 | objects to this Interrogatory on the grounds that it calls for the disclosure of
19 | information subject to the attorney-client privilege, the attorney work-product
20 | doctrine and other applicable privileges.  Mattel further objects to this Interrogatory
21 | on the grounds that it calls for the disclosure of confidential and/or proprietary
22 | information, which Mattel will disclose only subject to and in reliance upon the
23 | operative protective order.
24 |
25 | **INTERROGATORY NO. 14:**
26 | IDENTIFY each version of the CONFLICT OF INTEREST
27 | QUESTIONNAIRE adopted and/or used by or on behalf of MATTEL, including,
28 | without limitation, (a) the identity of all persons who participated in or were

EXHIBIT 7 PAGE 85

**INTERROGATORY NO. 15:**

Describe in detail each instance in which any provision of a CONFLICT OF INTEREST QUESTIONNAIRE was breached or alleged to be breached by an employee, independent contractor, or any other person with whom MATTEL had entered into a CONFLICT OF INTEREST QUESTIONNAIRE, including without limitation: (a) a description of the conduct comprising said breach; and (b) a description of all steps taken by MATTEL in response to said breach or alleged breach *(including, for example, conducting an investigation or arranging that an investigation be conducted on MATTEL'S behalf, issuing a warning, whether written or oral; issuing any other notification, whether written or oral; initiating civil litigation, including the name, case number and court of any such litigation; initiating any other legal proceeding, including but not limited to criminal proceedings, including the name, case number and court of any such proceeding; making an exception, whether written, oral, express, or implied; making a determination that no breach occurred, whether or not such determination was documented; or no action).*

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that defendants' Second Set of Interrogatories purports to require Mattel to answer interrogatories that are in excess of the number of interrogatories allowed defendants, including pursuant to the Discovery Master's guidelines set forth in his Order of September 5, 2007. Because defendants have neither sought nor obtained leave of the Court to serve such excess number of interrogatories, they are improper. Mattel further objects to this Interrogatory on the grounds that it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence. Mattel further objects to this Interrogatory as unreasonably burdensome, overbroad and compound, including

-8-

EXHIBIT 7 PAGE 87

1   without limitation in that it seeks information about conflict of interest

2   questionnaires and provisions of such questionnaires that are not at issue in this case

3   and about employees, independent contractors and other persons who have no

4   bearing on this action. Mattel further objects to this Interrogatory on the grounds

5   that it calls for the disclosure of information subject to the attorney-client privilege,

6   the attorney work-product doctrine and other applicable privileges. Mattel further

7   objects to this Interrogatory on the grounds that it calls for the disclosure of

8   confidential and/or proprietary information, which Mattel will disclose only subject

9   to and in reliance upon the operative protective order.

10

11   **INTERROGATORY NO. 16:**

12          STATE THE COMPLETE FACTUAL BASIS FOR YOUR

13   CONTENTION that MATTEL has a viable affirmative claim for relief against

14   MGA even if the evidence establishes both of the following: (i) in August and/or

15   September, 1998, Carter Bryant conceived of the line of fashion dolls that he named

16   Bratz, and (ii) the design for the BRATZ dolls sold by MGA in 2001 was reduced to

17   practice after October 20, 2000.

18

19   **RESPONSE TO INTERROGATORY NO. 16:**

20          In addition to the general objections stated above, Mattel specifically

21   objects to this Interrogatory on the grounds that defendants' Second Set of

22   Interrogatories purports to require Mattel to answer interrogatories that are in excess

23   of the number of interrogatories allowed defendants, including pursuant to the

24   Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

25   defendants have neither sought nor obtained leave of the Court to serve such excess

26   number of interrogatories, they are improper. Mattel further objects to this

27   interrogatory in that it asks Mattel to make assumptions that are contrary to the

28   evidence, including without limitation to facts admitted to by defendants and/or their

**EXHIBIT 2 PAGE 88**

1  witnesses, and are contrary to the logical inferences stemming from defendants'

2  conduct, including their concealment and spoliation of evidence. Mattel further

3  objects to this Interrogatory as unreasonably burdensome and overbroad in that it

4  purports to require Mattel to summarize all facts on this subject, including without

5  limitation, facts that are known to or in the possession, custody and control of

6  defendants MGA and Bryant and that such defendants have concealed despite Court

7  Orders to provide them, and despite defendants' refusals to answer interrogatories

8  with the same or comparable language. Mattel further objects to this Interrogatory

9  as compound. Mattel further objects to this Interrogatory on the grounds that it calls

10  for the disclosure of information subject to the attorney-client privilege, the attorney

11  work-product doctrine and other applicable privileges. Mattel further objects to this

12  Interrogatory on the grounds that it calls for the disclosure of confidential and/or

13  proprietary information, which Mattel will disclose only subject to and in reliance

14  upon the operative protective order.

15

16  **INTERROGATORY NO. 17:**

17           STATE THE COMPLETE FACTUAL BASIS FOR YOUR

18  CONTENTION that MATTEL employees in the Design Center who personally

19  knew Carter Bryant did not know and/or believe, immediately following the launch

20  of MGA's Bratz dolls in 2001, that Carter Bryant was the creator of the concept for

21  the BRATZ line of dolls.

22

23  **RESPONSE TO INTERROGATORY NO. 17:**

24           In addition to the general objections stated above, Mattel specifically

25  objects to this Interrogatory on the grounds that defendants' Second Set of

26  Interrogatories purports to require Mattel to answer interrogatories that are in excess

27  of the number of interrogatories allowed defendants, including pursuant to the

28  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

1  defendants have neither sought nor obtained leave of the Court to serve such excess

2  number of interrogatories, they are improper.  Mattel further objects to this

3  interrogatory in that it misstates Mattel's contentions.  Mattel further objects to this

4  interrogatory on the ground that it seeks information that is not relevant nor

5  reasonably calculated to lead to the discovery of admissible evidence, including

6  without limitation in that knowledge or notice of such matters are irrelevant to

7  defendants' purported statute of limitations and laches defenses.  Mattel further

8  objects to this Interrogatory as unreasonably burdensome and overbroad in that it

9  purports to require Mattel to summarize all facts on this subject, despite defendants'

10  own refusals to answer interrogatories with the same or comparable language.

11  Mattel further objects to this Interrogatory as compound.  Mattel further objects to

12  this Interrogatory on the grounds that it calls for the disclosure of information

13  subject to the attorney-client privilege, the attorney work-product doctrine and other

14  applicable privileges.  Mattel further objects to this Interrogatory on the grounds that

15  it calls for the disclosure of confidential and/or proprietary information, which

16  Mattel will disclose only subject to and in reliance upon the operative protective

17  order.

18

19  **INTERROGATORY NO. 18:**

20          STATE THE COMPLETE FACTUAL BASIS FOR YOUR

21  CONTENTION that any of the fashions and/or accessories for the BRATZ line of

22  dolls sold by MGA violate or infringe any of MATTEL'S intellectual property

23  and/or proprietary rights.

24

25  **RESPONSE TO INTERROGATORY NO. 18:**

26          In addition to the general objections stated above, Mattel specifically

27  objects to this Interrogatory on the grounds that defendants' Second Set of

28  Interrogatories purports to require Mattel to answer interrogatories that are in excess

1  of the number of interrogatories allowed defendants, including pursuant to the

2  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

3  defendants have neither sought nor obtained leave of the Court to serve such excess

4  number of interrogatories, they are improper.  Mattel further objects to this

5  interrogatory on the ground that it seeks information that is not relevant nor

6  reasonably calculated to lead to the discovery of admissible evidence, including in

7  that it purports to require Mattel to identify matters that are the subject of claims not

8  asserted in this action and/or are asserted in other actions.  Mattel further objects to

9  this Interrogatory on the grounds that it is unreasonably burdensome and overbroad,

10  including in that it purports to require Mattel to summarize all facts on this subject,

11  despite defendants' own refusals to answer interrogatories with the same or

12  comparable language.  Mattel further objects to this Interrogatory as compound.

13  Mattel further objects to this Interrogatory on the grounds that it calls for the

14  disclosure of information subject to the attorney-client privilege, the attorney work-

15  product doctrine and other applicable privileges.  Mattel further objects to this

16  Interrogatory on the grounds that it calls for the disclosure of confidential and/or

17  proprietary information, which Mattel will disclose only subject to and in reliance

18  upon the operative protective order.

19

20  **INTERROGATORY NO. 19:**

21          IDENTIFY with specificity each element of each ALLEGED

22  COPYRIGHTED WORK that MATTEL contends is an original element protectable

23  under the United States Copyright Laws.

24

25  **RESPONSE TO INTERROGATORY NO. 19:**

26          In addition to the general objections stated above, Mattel specifically

27  objects to this Interrogatory on the grounds that defendants' Second Set of

28  Interrogatories purports to require Mattel to answer interrogatories that are in excess

EXHIBIT 7 PAGE 91

1  of the number of interrogatories allowed defendants, including pursuant to the

2  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

3  defendants have neither sought nor obtained leave of the Court to serve such excess

4  number of interrogatories, they are improper. Mattel further objects to this

5  interrogatory on the ground that it seeks information that is not relevant nor

6  reasonably calculated to lead to the discovery of admissible evidence. Mattel

7  further objects to this Interrogatory on the grounds that it is unreasonably

8  burdensome and overbroad, including in that it purports to require Mattel to identify

9  "each element" of numerous works, despite defendants' own refusals to answer

10  interrogatories with the same or comparable language. Mattel further objects to this

11  Interrogatory as compound. Mattel further objects to this Interrogatory on the

12  grounds that it calls for the disclosure of information subject to the attorney-client

13  privilege, the attorney work-product doctrine and other applicable privileges. Mattel

14  further objects to this Interrogatory on the grounds that it calls for the disclosure of

15  confidential and/or proprietary information, which Mattel will disclose only subject

16  to and in reliance upon the operative protective order.

17

18  **INTERROGATORY NO. 20:**

19          IDENTIFY with specificity each ALLEGED TRADE SECRET,

20  including the IDENTITY of each DOCUMENT that embodies or REFERS OR

21  RELATES to each ALLEGED TRADE SECRET.

22

23  **RESPONSE TO INTERROGATORY NO. 20:**

24          In addition to the general objections stated above, Mattel specifically

25  objects to this Interrogatory on the grounds that defendants' Second Set of

26  Interrogatories purports to require Mattel to answer interrogatories that are in excess

27  of the number of interrogatories allowed defendants, including pursuant to the

28  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

1  defendants have neither sought nor obtained leave of the Court to serve such excess

2  number of interrogatories, they are improper.  Mattel further objects to this

3  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

4  duplicative of other discovery requests propounded in this action.  Mattel further

5  objects to this Interrogatory on the grounds that it calls for the disclosure of

6  information subject to the attorney-client privilege, the attorney work-product

7  doctrine and other applicable privileges.  Mattel further objects to this Interrogatory

8  on the grounds that it calls for the disclosure of confidential and/or proprietary

9  information, which Mattel will disclose only subject to and in reliance upon the

10  operative protective order.

11

12  **INTERROGATORY NO. 21:**

13          IDENTIFY each PERSON who has had access to each ALLEGED

14  TRADE SECRET, including (a) the ALLEGED TRADE SECRET each PERSON

15  had access to; and (b) the date or dates each PERSON had this access.

16

17  **RESPONSE TO INTERROGATORY NO. 21:**

18          In addition to the general objections stated above, Mattel specifically

19  objects to this Interrogatory on the grounds that defendants' Second Set of

20  Interrogatories purports to require Mattel to answer interrogatories that are in excess

21  of the number of interrogatories allowed defendants, including pursuant to the

22  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

23  defendants have neither sought nor obtained leave of the Court to serve such excess

24  number of interrogatories, they are improper.  Mattel further objects to this

25  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

26  duplicative of other discovery requests propounded in this action.  Mattel further

27  objects to this interrogatory as vague and ambiguous, including as to time.  Mattel

28  further objects to this Interrogatory on the grounds that it calls for the disclosure of

1  information subject to the attorney-client privilege, the attorney work-product

2  doctrine and other applicable privileges. Mattel further objects to this Interrogatory

3  on the grounds that it calls for the disclosure of confidential and/or proprietary

4  information, which Mattel will disclose only subject to and in reliance upon the

5  operative protective order.

6

7  **INTERROGATORY NO. 22:**

8  STATE THE COMPLETE FACTUAL BASIS FOR YOUR

9  CONTENTION that MGA misappropriated any ALLEGED TRADE SECRET.

10

11  **RESPONSE TO INTERROGATORY NO. 22:**

12  In addition to the general objections stated above, Mattel specifically

13  objects to this Interrogatory on the grounds that defendants' Second Set of

14  Interrogatories purports to require Mattel to answer interrogatories that are in excess

15  of the number of interrogatories allowed defendants, including pursuant to the

16  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

17  defendants have neither sought nor obtained leave of the Court to serve such excess

18  number of interrogatories, they are improper. Mattel further objects to this

19  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

20  duplicative of other discovery requests propounded in this action, including that it

21  purports to require Mattel to identify facts that are known to or in the possession,

22  custody and control of defendants but that defendants have failed and refused to

23  discuss and including in that it purports to require Mattel to summarize all facts on

24  this subject, despite defendants' own refusals to answer interrogatories with the

25  same or comparable language. Mattel further objects to this Interrogatory on the

26  grounds that it calls for the disclosure of information subject to the attorney-client

27  privilege, the attorney work-product doctrine and other applicable privileges. Mattel

28  further objects to this Interrogatory on the grounds that it calls for the disclosure of

EXHIBIT 7 PAGE 94

1 confidential and/or proprietary information, which Mattel will disclose only subject

2 to and in reliance upon the operative protective order.

3

4 **INTERROGATORY NO. 23:**

5       STATE THE COMPLETE FACTUAL BASIS FOR YOUR

6 CONTENTION that the ALLEGED TRADE SECRETS are protectable.

7

8 **RESPONSE TO INTERROGATORY NO. 23:**

9       In addition to the general objections stated above, Mattel specifically

10 objects to this Interrogatory on the grounds that defendants' Second Set of

11 Interrogatories purports to require Mattel to answer interrogatories that are in excess

12 of the number of interrogatories allowed defendants, including pursuant to the

13 Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

14 defendants have neither sought nor obtained leave of the Court to serve such excess

15 number of interrogatories, they are improper.  Mattel further objects to this

16 Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

17 duplicative of other discovery requests propounded in this action, including in that it

18 purports to require Mattel to summarize all facts on this subject, despite defendants'

19 own refusals to answer interrogatories with the same or comparable language.

20 Mattel further objects to this Interrogatory on the grounds that it calls for the

21 disclosure of information subject to the attorney-client privilege, the attorney work-

22 product doctrine and other applicable privileges.  Mattel further objects to this

23 Interrogatory on the grounds that it calls for the disclosure of confidential and/or

24 proprietary information, which Mattel will disclose only subject to and in reliance

25 upon the operative protective order.

26

27

28

**EXHIBIT 7 PAGE 95**

**INTERROGATORY NO. 24:**

DESCRIBE THE SALES AND PROFITS for each MATTEL PRODUCT that has been sold or offered for sale by YOU or YOUR licensees. (The time period applicable to this interrogatory is from January 1, 1990 to the present).

**RESPONSE TO INTERROGATORY NO. 24:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that defendants' Second Set of Interrogatories purports to require Mattel to answer interrogatories that are in excess of the number of interrogatories allowed defendants, including pursuant to the Discovery Master's guidelines set forth in his Order of September 5, 2007. Because defendants have neither sought nor obtained leave of the Court to serve such excess number of interrogatories, they are improper. Mattel further objects to this interrogatory on the ground that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Interrogatory on the grounds that it is unreasonably burdensome and overbroad, including in that it seeks information about Mattel sales and products not at issue in this case. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order.

**INTERROGATORY NO. 25:**

IDENTIFY, fully and separately, each and every PERSON who was involved in the development or marketing of the CONTESTED MATTEL PRODUCTS by stating each PERSON'S name, role, and start/end date. (As used in this Interrogatory, the phrase "development or marketing" means the entire process of creating and selling a new product or design, including without limitation, the

-17-   EXHIBIT __7_ PAGE _94_

1  marketing, advertising, promotion, licensing, offering for sale, conception, origin,

2  creation, design, development, sculpting, engineering, reduction to practice, tooling

3  or painting of a product or embodiment of a product).

4

5  **RESPONSE TO INTERROGATORY NO. 25:**

6          In addition to the general objections stated above, Mattel specifically

7  objects to this Interrogatory on the grounds that defendants' Second Set of

8  Interrogatories purports to require Mattel to answer interrogatories that are in excess

9  of the number of interrogatories allowed defendants, including pursuant to the

10  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

11  defendants have neither sought nor obtained leave of the Court to serve such excess

12  number of interrogatories, they are improper. Mattel further objects to this

13  Interrogatory on the grounds that it is unreasonably burdensome and overbroad,

14  including in that it seeks information about Mattel sales and products not at issue in

15  this case. Mattel further objects to this Interrogatory on the grounds that it calls for

16  the disclosure of confidential and/or proprietary information, which Mattel will

17  disclose only subject to and in reliance upon the operative protective order.

18

19  **INTERROGATORY NO. 26:**

20          Describe in detail all instances in which a PERSON expressed

21  confusion as to source or sponsorship between any MATTEL products, packaging

22  or advertising (including, but not limited to, the CONTESTED MATTEL

23  PRODUCTS) and any MGA products, packaging or advertising (including, but not

24  limited to, "BRATZ"), by: (i) stating the facts and circumstances of each instance;

25  (ii) IDENTIFYING all DOCUMENTS that REFER OR RELATE TO each instance;

26  and (iii) IDENTIFYING all witnesses who may have information that REFER OR

27  RELATE TO each instance.

28

-18-

EXHIBIT 7 PAGE 97

1  **RESPONSE TO INTERROGATORY NO. 26:**

2           In addition to the general objections stated above, Mattel specifically

3  objects to this Interrogatory on the grounds that defendants' Second Set of

4  Interrogatories purports to require Mattel to answer interrogatories that are in excess

5  of the number of interrogatories allowed defendants, including pursuant to the

6  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

7  defendants have neither sought nor obtained leave of the Court to serve such excess

8  number of interrogatories, they are improper.  Mattel further objects to this

9  Interrogatory on the grounds that it seeks information that is not relevant nor likely

10  to lead to the discovery of admissible evidence and is unreasonably burdensome and

11  overbroad, including in that it seeks information about products, packaging and

12  other matters not at issue in this case.  Mattel further objects to this Interrogatory on

13  the grounds that it calls for the disclosure of confidential and/or proprietary

14  information, which Mattel will disclose only subject to and in reliance upon the

15  operative protective order.

16

17  **INTERROGATORY NO. 27:**

18           For each PERSON listed in MATTEL'S INITIAL DISCLOSURES,

19  IDENTIFY each PERSON and describe in detail each PERSON's alleged

20  knowledge of the subjects or information identified in MATTEL'S INITIAL

21  DISCLOSURES.

22

23  **RESPONSE TO INTERROGATORY NO. 27:**

24           In addition to the general objections stated above, Mattel specifically

25  objects to this Interrogatory on the grounds that defendants' Second Set of

26  Interrogatories purports to require Mattel to answer interrogatories that are in excess

27  of the number of interrogatories allowed defendants, including pursuant to the

28  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

-19-      EXHIBIT __7__ PAGE __98__

1  defendants have neither sought nor obtained leave of the Court to serve such excess

2  number of interrogatories, they are improper.  Mattel further objects to this

3  Interrogatory on the grounds that it seeks information that is unreasonably

4  burdensome and overbroad.  Mattel further objects to this Interrogatory on the

5  grounds that it calls for the disclosure of confidential and/or proprietary information,

6  which Mattel will disclose only subject to and in reliance upon the operative

7  protective order.

8

9  **INTERROGATORY NO. 28:**

10         Describe in detail the complete factual basis for YOUR

11  COUNTERCLAIMS, including, without limitation all facts, DOCUMENTS, and

12  witnesses that REFER OR RELATE TO YOUR COUNTERCLAIMS.

13

14  **RESPONSE TO INTERROGATORY NO. 28:**

15         In addition to the general objections stated above, Mattel specifically

16  objects to this Interrogatory on the grounds that defendants' Second Set of

17  Interrogatories purports to require Mattel to answer interrogatories that are in excess

18  of the number of interrogatories allowed defendants, including pursuant to the

19  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

20  defendants have neither sought nor obtained leave of the Court to serve such excess

21  number of interrogatories, they are improper.  Mattel further objects to this

22  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

23  compound, including in that it purports to require Mattel to summarize all facts on

24  these multiple subject, despite defendants' own refusals to answer interrogatories

25  with the same or comparable language.  Mattel further objects to this Interrogatory

26  on the grounds that it calls for the disclosure of information subject to the attorney-

27  client privilege, the attorney work-product doctrine and other applicable privileges.

28  Mattel further objects to this Interrogatory on the grounds that it calls for the

**EXHIBIT 7 PAGE 99**

1  disclosure of confidential and/or proprietary information, which Mattel will disclose
2  only subject to and in reliance upon the operative protective order.

3

4  **INTERROGATORY NO. 29:**

5       Describe in detail any estimate or calculation of damage, loss, injury, or
6  unjust enrichment, by reason of any act or omission alleged in YOUR
7  COUNTERCLAIMS, that YOU have made or that has been made on YOUR behalf
8  or at YOUR request, including all facts, DOCUMENTS or witnesses RELATING
9  TO each estimate or calculation.

10

11  **RESPONSE TO INTERROGATORY NO. 29:**

12       In addition to the general objections stated above, Mattel specifically
13  objects to this Interrogatory on the grounds that defendants' Second Set of
14  Interrogatories purports to require Mattel to answer interrogatories that are in excess
15  of the number of interrogatories allowed defendants, including pursuant to the
16  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because
17  defendants have neither sought nor obtained leave of the Court to serve such excess
18  number of interrogatories, they are improper.  Mattel further objects to this
19  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and
20  compound, including in that it purports to require Mattel to summarize all facts on
21  these multiple subject, despite defendants' own refusals to answer interrogatories
22  with the same or comparable language.  Mattel further objects to this Interrogatory
23  on the grounds that it calls for the disclosure of information subject to the attorney-
24  client privilege, the attorney work-product doctrine and other applicable privileges.
25  Mattel further objects to this Interrogatory on the grounds that it purports to require
26  Mattel to disclose the identity of consulting experts.  The identity of any such
27  experts will not be disclosed.  Mattel further objects to this Interrogatory on the
28  grounds that it calls for the disclosure of confidential and/or proprietary information,

-21-   **EXHIBIT 7 PAGE 100**

1 | which Mattel will disclose only subject to and in reliance upon the operative
2 | protective order. Mattel further objects to this Interrogatory on the grounds that it
3 | purports to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local</u>
4 | <u>Rules</u>. Such disclosures will be made in accordance with the requirements of, and at
5 | the times specified by, the Court's Orders and the <u>Rules</u>.
6 |
7 | **INTERROGATORY NO. 30:**
8 |     IDENTIFY each and every SOURCE OF INFORMATION from which
9 | YOU have COLLECTED DOCUMENTS that REFER OR RELATE TO BRATZ.
10 |
11 | **RESPONSE TO INTERROGATORY NO. 30:**
12 |     In addition to the general objections stated above, Mattel specifically
13 | objects to this Interrogatory on the grounds that defendants' Second Set of
14 | Interrogatories purports to require Mattel to answer interrogatories that are in excess
15 | of the number of interrogatories allowed defendants, including pursuant to the
16 | Discovery Master's guidelines set forth in his Order of September 5, 2007. Because
17 | defendants have neither sought nor obtained leave of the Court to serve such excess
18 | number of interrogatories, they are improper. Mattel further objects to this
19 | Interrogatory on the grounds that it is unreasonably burdensome, overbroad and
20 | compound, including in that it purports to require Mattel to summarize all facts on
21 | these multiple subject, despite defendants' own refusals to answer interrogatories
22 | with the same or comparable language. Mattel further objects to this Interrogatory
23 | on the grounds that it calls for the disclosure of information subject to the attorney-
24 | client privilege, the attorney work-product doctrine and other applicable privileges.
25 | Mattel further objects to this Interrogatory on the grounds that it purports to require
26 | Mattel to disclose the identity of consulting experts. The identity of any such
27 | experts will not be disclosed. Mattel further objects to this Interrogatory on the
28 | grounds that it calls for the disclosure of confidential and/or proprietary information,

1  which Mattel will disclose only subject to and in reliance upon the operative

2  protective order.

3

4  **INTERROGATORY NO. 31:**

5      STATE THE COMPLETE FACTUAL BASIS FOR YOUR

6  CONTENTION that any BRATZ doll is substantially similar to, a copy or a

7  derivative of BRATZ DESIGNS created by Carter Bryant on or before October 19,

8  2000.

9

10  **RESPONSE TO INTERROGATORY NO. 31:**

11      In addition to the general objections stated above, Mattel specifically

12  objects to this Interrogatory on the grounds that defendants' Second Set of

13  Interrogatories purports to require Mattel to answer interrogatories that are in excess

14  of the number of interrogatories allowed defendants, including pursuant to the

15  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

16  defendants have neither sought nor obtained leave of the Court to serve such excess

17  number of interrogatories, they are improper.  Mattel further objects to this

18  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

19  compound, including in that it purports to require Mattel to summarize all facts on

20  these multiple subject, despite defendants' own refusals to answer interrogatories

21  with the same or comparable language.  Mattel further objects to this Interrogatory

22  on the grounds that its description of Mattel's positions in this suit is erroneous and

23  incomplete.  Mattel further objects to this Interrogatory on the grounds that it calls

24  for the disclosure of information subject to the attorney-client privilege, the attorney

25  work-product doctrine and other applicable privileges.  Mattel further objects to this

26  Interrogatory on the grounds that it purports to require Mattel to disclose the identity

27  of consulting experts.  The identity of any such experts will not be disclosed.  Mattel

28  further objects to this Interrogatory on the grounds that it calls for the disclosure of

EXHIBIT 7 PAGE 102

1    confidential and/or proprietary information, which Mattel will disclose only subject

2    to and in reliance upon the operative protective order.

3

4    DATED:  January 3, 2008            QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
5

6                                       By _Michael Zeller (by Heidi Froslen)_
7                                         Michael T. Zeller
                                          Attorneys for Mattel, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07975/2338502.1                                    -24-

EXHIBIT _7_ PAGE _103_

**SEND**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA - Eastern Division
### CIVIL MINUTES - GENERAL

Case No.   CV 04-09059 SGL(RNBx)                          Date:   February 12, 2007
Title:     MATTEL, INC. -v- CARTER BRYANT, DOES 1-10, INCLUSIVE
           **Consolidated Action**
           CV 05-02727 SGL(RNBx)    MGA ENTERTAINMENT v. MATTEL, INC.,

===============================================================================
PRESIDING:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                                  Theresa Lanza
Courtroom Deputy Clerk                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:

John B. Quinn and Michael Zeller for        Diana M. Torres for MGA
Mattel                                      Keith A. Jacoby for Carter Bryant

PROCEEDINGS:     SCHEDULING CONFERENCE PURSUANT TO FRCP 16(b)

        The Court convened a scheduling conference pursuant to FRCP 16(b).   Court and counsel discussed case management and thereafter the court set the following schedule:  See attachment "Schedule of Trial and Pretrial Dates."

        Counsel stipulated pursuant to Local Rule 16-14, to settlement procedure #3, to a retired judicial officer or other private or non-profit dispute resolution body for mediation type settlement proceedings. The Court approves the request and refers this case to an outside Mediator to act as the Settlement Officer.  Counsel are directed to contact such outside Mediator to schedule a settlement conference as soon as the parties believe such a conference would be fruitful. The cut-off to complete the mandatory settlement procedures under Local Rule 16-14, is December 3, 2007, in Case No. CV 04-09059-SGL (RNBx) Mattel, Inc. v. Carter Bryant, and the cut-off to complete the mandatory settlement procedures under Local rule 16-14, is April 21, 2008, in Case No. CV 05-02727 SGL (RNBx) MGA Entertainment v. Mattel, Inc.

        The Court further ordered that in both Case No. CV 04-09049-SGL (RNBx), Mattel, Inc. v. Carter Bryant, and Case No. CV 05-02727 SGL (RNBx), MGA Entertainment v. Mattel, Inc.:

        1.     Non-Expert Depositions are limited to a total of 24 for each side for both cases.
        2.     Expert Depositions are limited to a total of 20 for each side for both cases.
        3.     Interrogatories are limited to 50 for each side for both cases.


        IT IS SO ORDERED.

EXHIBIT 7 PAGE 104

MINUTES FORM 90                                      Initials of Deputy Clerk: jh
CIVIL – GEN          Page 1       FEB 2 2 20         00/30

2-12-07

## SCHEDULE OF TRIAL AND PRETRIAL DATES

CASE NAME:    CARTER BRYANT -v- MATTEL, INC., CASE NO: CV 04-09059-SGL(RNBx)

(Consolidated Case No: CV 05-2727-SGL(RNBx), MGA Entertainment, Inc. v. Mattel, Inc., et al.)

| Matter | Time | Court Order |
|---|---|---|
| Jury Trial Date | 9:30 am | 02/12/08 |
| Estimated Length of Trial | | |
| [Hearing on Motions in Limine; Hearing on Disputed Jury Instructions | 10:00 am | 02/04/08 |
| Final Pretrial Conference, LR 16-7 Motions in Limine to be filed | 11:00 am | 01/14/08 |
| Lodge Pretrial Conference Order, LR 16-6 to 16-6.2; File Contentions of Fact and Law, LR16-2.8; Exhibit & Witness Lists, LR 16-4 to 16-5; File Status Report regarding Settlement; File Rule 26(e)(1) Supplementation File Agreed Upon Set of Jury Instructions and Verdict Forms LR 49-1 to 49-2, 51-1 to 51-5.1; File Joint Statement regarding Disputed Instructions, Verdicts, etc. | | 12/31/07 |
| Last date to conduct Settlement Conference | | 12/03/07 |
| Last date for hearing motions, LR 7.2, et seq. | 10:00 am | 11/19/07 |
| Discovery cut-off | | 10/22/07 |
| Last date to Amend Pleadings or Add Parties | | Closed |

### ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

LR 16-14.4 Settlement Selection: to be discussed

☐ 1. CT/USMJ

☑ 3. Outside ADR

☐ 2. Attorney Settlement Panel

☐

DOE Dismissal:

Complaint Filed: 04/13/05

Dismissal Date:

SET DATE

to be discussed

EXHIBIT 7 PAGE 105

# EXHIBIT 8

RECEIVED

CALENDARED

FEB 2 3 2007

**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA - Eastern Division
CIVIL MINUTES - GENERAL

Case No.   CV 04-09059 SGL(RNBx)                          Date:  February 12, 2007
Title:     MATTEL, INC. -v- CARTER BRYANT, DOES 1-10, INCLUSIVE
           **Consolidated Action**
           CV 05-02727 SGL(RNBx)   MGA ENTERTAINMENT v. MATTEL, INC.,

PRESIDING:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                                      Theresa Lanza
Courtroom Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:

John B. Quinn and Michael Zeller for        Diana M. Torres for MGA
Mattel                                       Keith A. Jacoby for Carter Bryant

PROCEEDINGS:     SCHEDULING CONFERENCE PURSUANT TO FRCP 16(b)

        The Court convened a scheduling conference pursuant to FRCP 16(b).  Court and counsel
discussed case management and thereafter the court set the following schedule:  See attachment
"Schedule of Trial and Pretrial Dates."

        Counsel stipulated pursuant to Local Rule 16-14, to settlement procedure #3, to a retired judicial
officer or other private or non-profit dispute resolution body for mediation type settlement proceedings.
The Court approves the request and refers this case to an outside Mediator to act as the Settlement
Officer.  Counsel are directed to contact such outside Mediator to schedule a settlement conference as
soon as the parties believe such a conference would be fruitful. The cut-off to complete the mandatory
settlement procedures under Local Rule 16-14, is December 3, 2007, in Case CV 04-09059-SGL
(RNBx) Mattel, Inc. v. Carter Bryant, and the cut-off to complete the mandatory settlement procedures
under Local rule 16-14, is April 21, 2008, in Case No. CV 05-02727 SGL (RNBx) MGA Entertainment v.
Mattel, Inc.

        The Court further ordered that in both Case No. CV 04-09049-SGL (RNBx), Mattel, Inc. v. Carter
Bryant, and Case No. CV 05-02727 SGL (RNBx), MGA Entertainment v. Mattel, Inc.:

        1.      Non-Expert Depositions are limited to a total of 24 for each side for both cases.
        2.      Expert Depositions are limited to a total of 20 for each side for both cases.
        3.      Interrogatories are limited to 50 for each side for both cases.

        IT IS SO ORDERED.

MINUTES FORM 90                                          Initials of Deputy Clerk: jh
CIVIL – GEN                   Page 1                     00/30

EXHIBIT 8 PAGE 106

# EXHIBIT 9

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
    Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 13  Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 14  vs. | MATTEL, INC.'S FIFTH SET OF INTERROGATORIES |
| 15  MATTEL, INC., a Delaware corporation, | |
| 16  Defendant. | Discovery Cut-off: January 14, 2008 Pre-trial Conference: April 7, 2008 |
| 17 | Trial Date: April 29, 2008 |
| 18  AND CONSOLIDATED ACTIONS | Discovery Cutoff: March 3, 2008 Final Pretrial Conf.: June 2, 2008 |
| 19 | Trial Date: July 1, 2008 |

20

21

22  PROPOUNDING PARTY:        Mattel, Inc.

23  RESPONDING PARTIES:       MGA Entertainment, Inc., Isaac Larian, Carter

24                            Bryant, MGA Entertainment (HK) Limited, MGAE

25                            de Mexico S.R.L. de C.V., and Carlos Gustavo

26                            Machado Gomez

27  SET NO.:                  FIVE

28

07209/2259967.1

*10-19*

MATTEL'S FIFTH SET OF INTERROGATORIES

EXHIBIT 9 PAGE 108

Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc. ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos Gustavo Machado Gomez (collectively, "the Responding Parties") individually answer the following Interrogatories separately and fully, in writing and under oath, within 30 days after service hereof. The Responding Parties shall be obligated to supplement their responses to the Interrogatories at such times and to the extent required by the <u>Federal Rules of Civil Procedure</u>.

## Definitions

1.  "YOU" and "YOUR" mean each of the Responding Parties.

2.  "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, experts, divisions, AFFILIATES (including without limitation defendants MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V.), predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without limiting the foregoing, "MGA" includes the entities known as ABC International Traders or ABC International Traders, Inc. For purposes of the these Interrogatories, "MGA" does not include BRYANT.

3.  "MATTEL" means Mattel, Inc., its current employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

4.  "O'MELVENY" means the law firm of O'Melveny & Myers, LLP, and any of its current or former attorneys, partners, associates, employees, agents, representatives, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

07209/2259967.1

-2-

EXHIBIT 9 PAGE 109

5.   "CHRISTENSEN" means the law firm of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP and any of its current or former attorneys, partners, associates, employees, agents, representatives, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

6.   "BRYANT" means Carter Bryant individually, and his current or former employees, agents, representatives, attorneys, accountants, experts, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

7.   "LARIAN" means Isaac Larian individually, and his current or former employees, agents, representatives, attorneys, accountants, experts, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

8.   "MACHADO" means Carlos Gustavo Machado Gomez, and his current or former employees, agents, representatives, attorneys, accountants, experts, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

9.   "AFFILIATES" means any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

10.   "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

-3-

EXHIBIT  9  PAGE  110

11.    "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.  Without limiting the generality of the foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Interrogatories.

12.    "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

13.    "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to,

1  contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail
2  ("e-mail"), records of telephone conversations, handwritten and typewritten notes of
3  any kind, statements, reports, minutes, recordings, transcripts and summaries of
4  meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,
5  discs, printouts and records of all types, studies, instruction manuals, policy manuals
6  and statements, books, pamphlets, invoices, canceled checks and every other device or
7  medium by which or through which information of any type is transmitted, recorded or
8  preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall
9  include all copies that differ in any respect from the original or other versions of the
10 DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or
11 originals containing initials, comments, notations, insertions, corrections, marginal
12 notes, amendments or any other variation of any kind.

13      14.   "COMMUNICATION" or "COMMUNICATIONS" means and
14 includes any disclosure, transfer or exchange of information between two or more
15 PERSONS, whether orally or in writing, including without limitation, any conversation
16 or discussion by means of meeting, letter, telephone, note, memorandum, telegraph,
17 telex, telecopier, electronic mail, or any other electronic or other medium, including
18 without limitation in written, audio or video form.

19      15.   "REFER OR RELATE TO" a given subject matter means relate to,
20 refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify,
21 state, deal with, comment on, respond to, describe, analyze, support, refute, contradict,
22 or in any way pertain to that subject matter, either directly or indirectly.

23      16.   "DIGITAL INFORMATION" means any information created or
24 stored digitally, including but not limited to electronically, magnetically or optically.

25      17.   "STORAGE DEVICE" means any computer hard drive,
26 memory, USB device, tape, storage array or any other device or medium that allows
27 a user, whether permanently, temporarily or otherwise, to create, generate, transmit,
28 copy, retain, store or maintain DIGITAL INFORMATION.

07209/2259967.1

-5-

MATTEL'S FIFTH SET OF INTERROGATORIES

EXHIBIT _9_ PAGE _112_

1    18.    "SOURCE OF INFORMATION" means any medium containing

2  DOCUMENTS or other information, whether in paper, electronic or other form,

3  including but not limited to any STORAGE DEVICE, file, file cabinet or other any

4  other source of information or DOCUMENTS.

5    19.    "COLLECT," "COLLECTED" or "COLLECTION," with reference

6  to DOCUMENTS, means to collect, review, produce, request, seek, look for, search for,

7  analyze or in any other way collect or review or attempt to collect or review such

8  DOCUMENTS in connection with YOUR search for, review of and/or production of

9  DOCUMENTS in this ACTION.

10    20.    "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-

11  9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated

12  therewith.

13    21.    "IDENTIFY" or "IDENTITY" means the following:

14        (a)    with reference to an individual or individuals, means to state,

15  fully and separately as to each, such individual's full name, any known business title,

16  current or last known business affiliation, current or last known residential address,

17  current or last known business address, current or last known relationship to MGA, and

18  current or last known telephone number.

19        (b)    with reference to an entity or entities, means to state, fully and

20  separately as to each, such entity's full name, state (or country) of incorporation or

21  organization, present or last known address, and present or last known telephone

22  number.

23        (c)    with reference to a SOURCE OF INFORMATION, means

24  to describe and state, fully and separately as to each, the SOURCE OF

25  INFORMATION so as to distinctly identify each such SOURCE OF INFORMATION

26  and differentiate each such SOURCE OF INFORMATION from all other SOURCES

27  OF INFORMATION, including without limitation by stating its nature (e.g., USB

28  drive, computer hard drive, file cabinet, etc.), and any unique identifier information

MATTEL'S FIFTH SET OF INTERROGATORIES

EXHIBIT  9  PAGE 113

1   (such as hard drive serial number); the physical location(s), including full address

2   information and full identifying computer network drive information if applicable, of

3   each such SOURCE OF INFORMATION (as of the time of YOUR COLLECTION of

4   DOCUMENTS from the SOURCE OF INFORMATION, regardless of whether such

5   DOCUMENTS were thereafter moved elsewhere for the purpose of YOUR review); the

6   IDENTITY of each natural person or individual who is, was or has been associated

7   with each such SOURCE OF INFORMATION; the date(s) on which YOU

8   COLLECTED DOCUMENTS from each such SOURCE OF INFORMATION in

9   connection with this ACTION; whether, at the time of YOUR COLLECTION of

10  DOCUMENTS from such SOURCE OF INFORMATION, each such SOURCE OF

11  INFORMATION contained or included DOCUMENTS that REFER OR RELATE TO

12  BRATZ and the time period prior to February 28, 2001; and the IDENTITY of any

13  DOCUMENTS, by Bates number, that YOU have produced from each such SOURCE

14  OF INFORMATION to Mattel in this ACTION that REFER OR RELATE TO BRATZ

15  and that also REFER OR RELATE TO the time period prior to February 28, 2001

16  (regardless of when such DOCUMENT was, in whole or part, created, drafted,

17  generated, sent, received or transmitted).

18          (d)     with reference to any other DOCUMENT or DOCUMENTS,

19  means to describe each DOCUMENT by Bates number.  In the event that a

20  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each

21  such DOCUMENT, to provide a complete description of it such that it may be the

22  subject of a request for the production of documents, including by stating the date,

23  identity of the author, addressee(s), signatories, parties, or other PERSONS identified

24  therein, its present location or custodian and a description of its contents.

25          22.     "Any" as used in these interrogatories includes the word "all," and

26  the word "all" as used in these interrogatories includes the word "any."

27          23.     The singular form of a noun or pronoun includes within its meaning

28  the plural form of the noun or pronoun so used, and vice versa; the use of the masculine

EXHIBIT 9 PAGE 114

1  form of a pronoun also includes within its meaning the feminine form of the pronoun so

2  used, and vice versa; the use of any tense of any verb includes also within its meaning

3  all other tenses of the verb so used, whenever such construction results in a broader

4  request for information; and "and" includes "or" and vice versa, whenever such

5  construction results in a broader disclosure of documents or information.

6

7                                                **Instructions**

8

9           A.     When     an    interrogatory    requests    disclosure    of    a

10  COMMUNICATION or other information as to which YOU claim any privilege or

11  protection as a ground for nondisclosure, identify each PERSON who participated in or

12  had knowledge of the COMMUNICATION or other information and provide the

13  following:

14                (i)    the privilege or protection that YOU claim precludes disclosure;

15                (ii)   the subject matter of the COMMUNICATION or information

16                       (without revealing the content as to which the privilege is claimed);

17                       and

18                (iii)  any additional facts or grounds on which YOU base YOUR claim

19                       of privilege or protection.

20           B.     When an interrogatory requests that YOU provide information,

21  YOU are required to supply all information known by or available to YOU or

22  YOUR employees, officers, directors, agents, representatives, attorneys and experts.

23  If YOU cannot completely answer the interrogatory after making diligent efforts to

24  do so, please so state.  Then describe in detail all efforts made to answer the

25  interrogatory; identify every PERSON involved in such efforts; and state the

26  additional information YOU need, if any, to respond completely to the interrogatory.

27

28

07209/2259967.1

-8-

MATTEL'S FIFTH SET OF INTERROGATORIES

EXHIBIT _9_ PAGE _115_

## Interrogatories

**INTERROGATORY NO. 46:**

Without disclosing the content of communications which are protected by the attorney-client privilege, state fully and in detail all facts which REFER OR RELATE TO any dispute relating to THIS ACTION between, on the one hand, MGA, LARIAN, BRYANT and/or MACHADO and, on the other hand, O'MELVENY and/or CHRISTENSEN, including but not limited to any and all disputes which were or have been asserted as a basis for, or which underlie, contributed to or were a factor in, the withdrawal, termination and/or substitution of O'MELVENY and/or CHRISTENSEN as counsel of record in this ACTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**INTERROGATORY NO. 47:**

IDENTIFY each and every SOURCE OF INFORMATION from which YOU have COLLECTED DOCUMENTS in THIS ACTION that REFER OR RELATE TO BRATZ and that also REFER OR RELATE TO the time period prior to February 28, 2001 (regardless of when such DOCUMENT was, in whole or part, created, drafted, generated, sent, received or transmitted).

DATED: October 19, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
B. Dylan Proctor
Attorneys for Plaintiff
Mattel, Inc.

07209/2259967.1

-9-

MATTEL'S FIFTH SET OF INTERROGATORIES

EXHIBIT 9 PAGE 116

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On October 19, 2007, I served true copies of the following document(s) described as

1.     **MATTEL, INC.'S FIFTH SET OF INTERROGATORIES**

on the parties in this action as follows:

Thomas Nolan, Esq.                      Mark E. Overland, Esq.
**SKADDEN ARPS SLATE MEAGHER**          David C. Scheper, Esq.
**& FLOM, LLP**                         Alexander H. Cote
300 South Grand Avenue, Suite 3400      **OVERLAND BORENSTEIN**
Los Angeles, CA 90071                   **SCHEPER & KIM LLP**
                                        300 South Grand Avenue, Suite 2750
                                        Los Angeles, CA 90071-3144

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 19, 2007, at Los Angeles, California.

NOW LEGAL – Dave Quintana

07209/2261472.1                                    -1-

**EXHIBIT 9 PAGE 117**

1

## PROOF OF SERVICE

2   I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa
3   Street, 10th Floor, Los Angeles, California 90017-2543.

4   On October 19, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIFTH SET OF INTERROGATORIES** on the parties in this action as follows:

5

6   Michael H. Page, Esq.
    **KEKER & VAN NEST, LLP**
    710 Sansome Street
7   San Francisco, CA 94111

8

9

10  **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

11

12  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

13  Executed on October 19, 2007, at Los Angeles, California.

14

15

16  Charlene Ho

17

18

19

20

21

22

23

24

25

26

27

28

07209/2261482.1

EXHIBIT 9 PAGE 118

# EXHIBIT 10

1 | THOMAS J. NOLAN (Bar No. 066992)
   | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
   | Los Angeles, California 90071-3144
3 | Telephone:  (213) 687-5000
   | Facsimile:  (213) 687-5600
4 | E-mail:     tnolan@skadden.com

5 | KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
   | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | 4 Times Square
   | New York, NY 10036
7 | Telephone:  (212) 735-3000
   | Facsimile:  (212) 735-2000
8 | E-mail:     kplevan@skadden.com

9 | Attorneys for Counter-Defendants,
   | MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 | (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | |
| MATTEL, INC., a Delaware corporation | **MGA ENTERTAINMENT INC.'S OBJECTIONS AND RESPONSES TO MATTEL INC.'S FIFTH SET OF INTERROGATORIES** |
| Defendant. | |
| | Honorable Stephen G. Larson Courtroom 1 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Discovery Cut-Off: March 3, 2008 |

PROPOUNDING PARTY:    **MATTEL, INC.**

RESPONDING PARTY:    **MGA ENTERTAINMENT, INC.**

SET NUMBER:    **FIFTH**

11-19

EXHIBIT 10 PAGE 119

## PRELIMINARY STATEMENT

1
2       The General Response set forth herein applies to all responses that
3  MGA is providing in response to these interrogatories or may in the future provide in
4  response to any discovery request in this action. The Response is made without
5  waiving, or intending to waive but, on the contrary, expressly reserving: (a) the right
6  to object, on the grounds of competency, privilege, relevancy or materiality, or any
7  other proper grounds, to the use of the Response, for any purpose in whole or in part,
8  in any subsequent step or proceeding in this action or any other action; (b) the right
9  to object on any and all grounds, at any time, to other interrogatories or other
10 discovery procedures; and (c) the right at any time to revise, correct, add to, or
11 clarify any of the responses propounded herein.
12      The Response reflects only the present state of MGA's discovery
13 regarding the information that Mattel seeks. Discovery and other investigation or
14 research concerning this litigation are continuing. It is anticipated that further
15 discovery, independent investigation, and legal research and analysis will supply
16 additional facts and meaning to the known facts, as well as establish entirely new
17 factual conclusions, all of which may lead MGA to discover other information
18 responsive to these interrogatories. MGA therefore reserves the right to amend or
19 supplement this Response at any time in light of future investigation, research or
20 analysis, and also expressly reserves the right to rely on, at any time, including trial,
21 subsequently discovered information omitted from this Response as a result of
22 mistake, error, oversight or inadvertence. MGA does not hereby admit, adopt or
23 acquiesce in any factual or legal contention, assertion or characterization contained
24 in the Interrogatories or any particular request therein, even where MGA has not
25 otherwise objected to a particular interrogatory, or has agreed to provide information
26 responsive to a particular interrogatory.
27      No incidental or implied admissions are intended by this Response.
28 These responses should not be taken as an admission that MGA accepts or admits the

1

EXHIBIT __10__ PAGE __120__

existence of any facts set forth or assumed by any instruction, definition or interrogatory.

## GENERAL OBJECTIONS

MGA responds to these interrogatories subject to the following general objections and limitations, each of which is incorporated into each and every response as though fully set forth therein:

1. MGA objects to these interrogatories to the extent they seek information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.

2. MGA objects to these interrogatories to the extent they seek information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence.

3. MGA objects to these interrogatories to the extent they seek information which by reason of public filing or otherwise is already in Mattel's possession or is readily accessible to Mattel.

4. MGA objects to these interrogatories to the extent they seek the disclosure of information (1) not currently within its possession, custody or control; (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to persons, entities, or events not known to MGA. Such instructions, definitions, or requests are objectionable where they seek to require more of MGA than any obligation imposed by the Federal Rules of Civil Procedure; subject MGA to unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to impose upon MGA an obligation to investigate or discover information or materials from sources equally accessible to Mattel.

2

EXHIBIT 10 PAGE 121

5.    MGA objects to these interrogatories to the extent they are overbroad and unduly burdensome.

6.    MGA objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific interrogatories on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

7.    MGA objects to the following definitions in these interrogatories:

(a)    MGA objects to the definition of the term "BRATZ" (Definitions ¶ 11) as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead and confuse the trier of fact.  The definition includes "any project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term 'Bratz' (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been marketed as part of the 'Bratz' line, and each version or iteration of such product, doll or DESIGN or any portion thereof," and it goes on. By incorporating the definition of "DESIGN," the overly broad definition of BRATZ includes two-dimensional and three-dimensional representations, including "works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements . . . ." (Definitions ¶ 12.) These convoluted and multi-part definitions combine to render the interrogatories vague, ambiguous and overly broad, and to include within the term BRATZ things that do not fairly represent the Bratz line of dolls, accessories and related products that are the subject of this case.  In responding

3

EXHIBIT 10 PAGE 122

1  to these interrogatories, MGA will interpret the term "BRATZ" to mean the line of

2  dolls introduced by MGA to the market for sale in May or June 2001 and subsequent

3  dolls, accessories and other products known as Bratz or associated by MGA with the

4  Bratz line of dolls;

5        (b)  MGA objects to the definition of the terms "IDENTIFY" or

6  "IDENTITY" as overbroad, unduly burdensome, vague and ambiguous, and

7  oppressive.  Mattel's definition of these terms inherently call for answers to multiple

8  discrete questions or subparts to questions.  For example, as those terms are used

9  with reference to a "SOURCE OF INFORMATION" (Definitions ¶ 21(c)), the use of

10  those terms request at least seven different and distinct facts:  (a) the nature of the

11  "SOURCE OF INFORMATION"; (b) any "unique identifier information" for each

12  "SOURCE OF INFORMATION"; (c) the "SOURCE OF INFORMATION's"

13  physical location(s), including full address information and computer network drive

14  information; (d) the "IDENTITY" of each natural person or individual who is, was or

15  has been associated with each such "SOURCE OF INFORMATION"; (e) the date(s)

16  on which documents were collected from each "SOURCE OF INFORMATION"; (f)

17  whether each "SOURCE OF INFORMATION" contained documents that "REFER

18  OR RELATE TO" "BRATZ" during the time period prior to February 28, 2001; and

19  (g) the "IDENTITY of any DOCUMENTS".  Therefore, any interrogatory that

20  includes or incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily

21  compound, and should be posed as separate interrogatories.  MGA will interpret the

22  term "IDENTIFY" when used in these interrogatories with reference to a "SOURCE

23  OF INFORMATION" as requesting MGA to identify the "SOURCE OF

24  INFORMATION" searched for the referenced documents with reasonable

25  particularity so as to distinguish it from other sources of information searched for

26  those documents;

27        (c)  MGA also objects to the terms "any" (Definitions ¶ 22) and

28  "REFER OR RELATE TO" (Definitions ¶ 15) on the grounds and to the extent they

4

EXHIBIT 10 PAGE 123

1 are overbroad, unduly burdensome, and/or are vague and ambiguous in the context
2 of the interrogatories as written and as those interrogatories would be plainly
3 understood absent Mattel's definitions.

4         8.     MGA objects to these interrogatories to the extent they may
5 unfairly seek to restrict the facts on which MGA may rely at trial.  Discovery has not
6 been completed and MGA is not yet necessarily in possession of all the facts and
7 documents upon which MGA intends to rely.  All of the responses submitted
8 herewith are tendered to Mattel with the reservation that the responses are submitted
9 without limiting the evidence on which MGA may rely to support the contentions
10 and defenses that MGA may assert at the trial of this action and to rebut or impeach
11 the contentions, assertions and evidence that Mattel may present.  MGA reserves the
12 right to supplement or amend these responses at a future date.

13         9.     MGA objects to each interrogatory to the extent it seeks
14 information that will be the subject of expert witness testimony and that is therefore
15 premature.

16        10.    MGA objects to each interrogatory to the extent it calls for a legal
17 conclusion.

18        11.    MGA objects to each interrogatory to the extent it seeks the
19 disclosure of confidential, proprietary, or trade-secret information.

20        12.    MGA reserves the right to object on any ground at any time to
21 such other supplemental discovery requests as Mattel may propound involving or
22 relating to the same subject matter of these interrogatories.

23        13.    In responding to these interrogatories, MGA has not complied
24 and will not comply with any instructions or definitions that seek to impose
25 requirements in addition to those imposed by the Federal Rules of Civil Procedure,
26 the local rules of this Court, any orders entered by the Court in this action, or other
27 applicable law.

28

5

EXHIBIT 10 PAGE 124

14.     Consistent with Rule 33(d) of the Federal Rules of Civil Procedure, MGA objects to providing responses to interrogatories that can be derived from documents that have been or will be produced (when requested in compliance with Rule 26) and where the burden to derive such information is substantially the same for Mattel as it is for MGA.

15.     MGA objects to the definitions, instructions, and interrogatories to the extent they seek information that was prepared in anticipation of litigation, constitutes attorney work product, discloses mental impressions, conclusions, opinions or legal theories of any attorney for or otherwise representative of MGA, contains privileged attorney-client communications, or is otherwise protected from disclosure by any privileges, laws or rules.  MGA shall not produce such information in response to Mattel's interrogatories.  Any disclosure of such protected or privileged information is inadvertent and shall not be construed as a waiver of those privileges or protections.  MGA reserves the right to correct the record with regard to any such inadvertent disclosure, as provided for in the Protective Order governing this case.

16.     MGA objects to each of Mattel's interrogatories because Mattel has propounded more than 50 interrogatories, including discrete subparts.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

17.     The responses below shall not be construed as an admission as to the relevance or admissibility of any statement or characterization contained in any interrogatory.  MGA reserves all objections, including without limitation, objections as to competency, relevance, materiality, privilege, authenticity, or admissibility.

18.     To the extent MGA responds to an interrogatory, it does so without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve, its contention that anything Mr. Bryant did on weekends, evenings, vacation and any other time outside ordinary business hours was not done

6

EXHIBIT 10 PAGE 125

1   while he was working for Mattel.  MGA's response may not be taken as an admission

2   that the information it provides in its response in any way reflects or evidences work

3   performed by Mr. Bryant while he was working for Mattel or that MGA adopts or

4   agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's

5   interrogatory.

6   **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

7          Without waiving or departing from its General Response and General

8   Objections, and specifically incorporating them in its response to each interrogatory

9   below, MGA makes the following additional objections and responses to specific

10  interrogatories:

11  **INTERROGATORY NO. 46:**

12         Without disclosing the content of communications which are protected

13  by the attorney-client privilege, state fully and in detail all facts which REFER OR

14  RELATE TO any dispute relating to THIS ACTION between, on the one hand,

15  MGA, LARIAN, BRYANT and/or MACHADO and, on the other hand,

16  O'MELVENY and/or CHRISTENSEN, including but not limited to any and all

17  disputes which were or have been asserted as a basis for, or which underlie,

18  contributed to or were a factor in, the withdrawal, termination and/or substitution of

19  O'MELVENY and/or CHRISTENSEN as counsel of record in this ACTION, and

20  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

21  REFER OR RELATE TO such facts.

22  **RESPONSE TO INTERROGATORY NO. 46:**

23         MGA incorporates by reference its General Response and General

24  Objections above, as though fully set forth herein and specifically incorporates

25  General Objection No. 7 (regarding Definitions), including but not limited to its

26  objections to the definitions of the terms "IDENTIFY" and "REFER OR RELATE

27  TO".  MGA also objects to this interrogatory to the extent it seeks information that is

28  not subject to disclosure under any applicable privilege, doctrine or immunity,

7

EXHIBIT  10  PAGE 240

General Objection No. 7 (regarding Definitions), including without limitation its objection to the definition of the term "IDENTIFY" insofar as it is used to refer to a "SOURCE OF INFORMATION" and "REFER OR RELATE TO." MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to the interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome insofar as it could be read to require MGA to search the hundreds of thousands of pages of documents it has produced in this action to "IDENTIFY" each document that "REFERS OR RELATES TO" "BRATZ" and also "REFERS OR RELATES TO" the period prior to February 28, 2001. The Federal Rules of Civil Procedure do not require MGA to conduct such a search.

MGA objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses. Specifically, Mattel's definitions of the terms "IDENTIFY" and "SOURCE OF INFORMATION" require MGA to provide separate, distinct, and multiple responses. For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory purports to require MGA to provide a multitude of discrete facts for each SOURCE OF INFORMATION, including: (a) the nature of the SOURCE OF INFORMATION; (b) any "unique identifier information" for each SOURCE OF INFORMATION; (c) the SOURCE OF INFORMATION's physical location(s), including full address information and computer network drive information; (d) the "IDENTITY" of each natural person or individual who is, was or has been associated with each such SOURCE OF INFORMATION; (e) the date(s) on which documents were collected from each SOURCE OF INFORMATION; (f) whether each

9

EXHIBIT 10 PAGE 128

1  SOURCE OF INFORMATION contained documents that "REFER OR RELATE

2  TO" "BRATZ" during the time period prior to February 28, 2001; and (g) the

3  IDENTITY of any DOCUMENTS.  This interrogatory is further compounded by

4  Mattel's definition of "IDENTITY," which purports to require MGA to provide the

5  following information for each of the "natural persons" requested to be identified as

6  part of Mattel's definition of "IDENTIFY," above:  (1) the individual's name; (2) any

7  known business title; (3) the current or last known business affiliation; (4) the current

8  or last known residential address; (5) the current or last known business address; (6)

9  the current or last known relationship to MGA; and (7) the current or last known

10  telephone number.  Additionally, through Mattel's definition of "YOU," this

11  interrogatory asks for all of the foregoing information about "SOURCES OF

12  INFORMATION" relating to, and searched by, each of the multiple separate

13  responding parties in this litigation.  MGA further objects to the extent this

14  interrogatory seeks information that is beyond MGA's personal knowledge and is not

15  in MGA's possession, custody, or control.

16       MGA objects to this interrogatory because Mattel has propounded more

17  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

18  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

19  SGL and CV 05-02727.]"

20

21

22

23

24

25

26

27

28

EXHIBIT __10__ PAGE __129__

1    Subject to and without waiving the foregoing objections, MGA

2  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

3  interrogatory.

4    AS TO OBJECTIONS ONLY:

5  DATED:  November 19, 2007

6

7    SKADDEN, ARPS, SLATE, MEAGHER &
     FLOM LLP

8    By: _____

9    Thomas J. Nolan
     Attorneys for Counter-Defendants, MGA
10   ENTERTAINMENT, INC., ISAAC LARIAN,
     MGA ENTERTAINMENT (HK) LIMITED,
11   AND MGAE de MEXICO S.R.L. de C.V.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

EXHIBIT 10 PAGE 130

# EXHIBIT 11

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 12

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**