# EXHIBIT 13

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2 | johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
    Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6 | Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
7 | Facsimile:  (213) 443-3100

8 | Attorneys for Plaintiff Mattel, Inc.

9 |

10 |                    UNITED STATES DISTRICT COURT

11 |                   CENTRAL DISTRICT OF CALIFORNIA

12 |                          EASTERN DIVISION

13 | CARTER BRYANT, an              CASE NO. CV 04-9049 SGL (RNBx)
     individual,
14 |                               Consolidated with Case Nos. CV 04-09059
              Plaintiff,          and CV 05-02727
15 |
          vs.                     DISCOVERY MATTER
16 |
     MATTEL, INC., a Delaware     [To Be Heard By Discovery Master Hon.
17 | corporation,                  Edward Infante (Ret.) Pursuant To The
                                  Court's Order of December 6, 2006]
18 |          Defendant.
                                  [PROPOSED] ORDER REGARDING
19 | _____  MATTEL, INC.'S MOTION TO COMPEL
                                  PRODUCTION OF METADATA
20 | AND CONSOLIDATED
     ACTIONS
21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

07209/2345470.29/2341...
2.1

1-9

EXHIBIT 13 PAGE 195

[PROPOSED] ORDER

1     [Proposed] Order

2          The Court having received the motion of Mattel, Inc. ("Mattel") to compel the

3     production of metadata for specified emails by MGA Entertainment, Inc. ("MGA"),

4     which was filed and served on November 21, 2007 (the "Motion"), and having

5     considered the Motion and all papers in support and opposition thereto, the Court

6     hereby ORDERS:

7          1.    The Motion is GRANTED IN PART.  MGA shall produce to Mattel,

8     on or before January 10, 2008, the approximately 80 native format emails requested

9     by Mattel in its Motion and identified by MGA at argument on January 3, 2008 as

10    the emails MGA's vendors have been able to locate in native electronic format to

11    date.  The emails shall be produced in their native electronic format sufficient to

12    show from where the email was sent and to where the email traveled.

13         2.    Mattel's Motion as to the remaining emails is DENIED WITHOUT

14    PREJUDICE because Mattel need not prove that each and every email

15    communication crossed commerce lines.

16         3.    The Court finds that monetary sanctions against MGA are appropriate

17    and that some shifting of the costs of this production is also appropriate.  However,

18    in lieu of awarding monetary sanctions against MGA, the Court ORDERS that there

19    shall be no cost shifting associated with this Motion and/or the production that is

20    ordered herein.

21         IT IS SO ORDERED.

22

23

24    DATED: January 9, 2008          By

25                                         Hon. Edward A. Infante (Ret.)
                                          Special Discovery Master

26

27

28

07209/2345470.207209/23
45470.2345470.107209/23
45470.17209/2341732.1

-1-

EXHIBIT 13 PAGE 190

[PROPOSED] ORDER

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 9, 2008, I served the attached: (1) ORDER REGARDING MATTEL, INC.'S MOTION TO ENFORCE COURT'S AUGUST 20, 2007 ORDER REQUIRING CARTER BRYANT TO ANSWER REQUESTS FOR ADMISSION; and (2) ORDER REGARDING MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF METADATA in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on January 9, 2008, at San Francisco, California.

Sandra Chan

EXHIBIT 13 PAGE 197

# Miscellaneous Filings (Other Documents)

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc

(RNBx), AO279, DISCOVERY, RELATED-G

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Proctor, Brett on 1/10/2008 at 11:35 AM PST and filed on 1/10/2008

| | |
|---|---|
| **Case Name:** | Carter Bryant v. Mattel Inc |
| **Case Number:** | 2:04-cv-9049 |
| **Filer:** | Mattel Inc |
| **Document Number:** | 1506 |

**Docket Text:**
Order Regarding Mattel, Inc.'s Motion to Compel Production of Metadata filed by Defendant Mattel Inc re: MOTION to Compel Metadata MOTION to Produce Metadata[1138] (Proctor, Brett)

**2:04-cv-9049 Notice has been electronically mailed to:**

Timothy L Alger    timalger@quinnemanuel.com

Christa M Anderson    canderson@kvn.com

Michelle M Campana    michelle.campana@skadden.com

Jon D Corey    joncorey@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Alan Neil Goldberg    agoldberg@sgattys.com

Emil W Herich    eherich@kmwlaw.com

John W Keker    jkeker@kvn.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Nathan Meyer    nmeyer@kayescholer.com, dclow@kayescholer.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

EXHIBIT 13 PAGE 198

Thomas J Nolan    tnolan@skadden.com

Mark E Overland    moverland@obsklaw.com

Michael H Page    mhp@kvn.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

John B Quinn    johnquinn@quinnemanuel.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

Kien C Tiet    ktiet@sgattys.com

John Elliot Trinidad    jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mmw@kvn.com

Michael T Zeller    michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Kenneth A Plevan
Skadden Arps Slate Meagher & Flom
4 Times Sq
New York, NY 10036-6522

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\laurakinsey\Desktop\Order re Metadata.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=1/10/2008] [FileNumber=5179148-0]
[5bf3b923060ecd5eeed87063cb36cb16d30354a53076d14842f4747dc93f1d6c8203
2ea82378bae7fd2fef0e47ca1a6b1cd94e302415cd74ef2207ed3f7e52c1]]

EXHIBIT 13 PAGE 199

# EXHIBIT 14

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, an
individual,

        Plaintiff,

    vs.                No. CV 04-9049 SGL
                        (RNBx)

MATTEL, INC., a Delaware
corporation,

        Defendants.

CERTIFIED
COPY

Consolidated with MATTEL, INC. v.
BRYANT and MGA ENTERTAINMENT, INC.
v. MATTEL, INC.

HEARING BEFORE THE HONORABLE EDWARD A. INFANTE

San Francisco, California

Thursday, January 3, 2008

Reported by:
DANA M. FREED
CSR No. 10602

JOB No. 79867

EXHIBIT 14 PAGE 200

1                  UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
2                      EASTERN DIVISION

3  CARTER BRYANT, an
   individual,
4
            Plaintiff,
5
        vs.                          No. CV 04-9049 SGL
6                                        (RNBx)
   MATTEL, INC., a Delaware
7  corporation,

8           Defendants.

9

10  _____

   Consolidated with MATTEL, INC. v.
11 BRYANT and MGA ENTERTAINMENT, INC.
   v. MATTEL, INC.
12  _____

13

14           Hearing before the Honorable EDWARD A. INFANTE,

15 at JAMS, Two Embarcadero Center, Suite 1500, San Francisco,

16 California, beginning at 1:30 p.m. and ending at 4:05 p.m.

17 on Thursday, January 3, 2008, before DANA M. FREED,

18 Certified Shorthand Reporter No. 10602.

19

20

21

22

23

24

25

EXHIBIT 14 PAGE 20
SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

```
1    APPEARANCES:

2

3    For the Plaintiff CARTER BRYANT, an individual:

4         KEKER & VAN NEST LLP
          BY:   MATTHEW M. WERDEGAR
5               JOHN TRINIDAD
          Attorneys at Law
6         710 Sansome Street
          San Francisco, California 94111-1704
7         415.391.5400

8    For the Defendant MATTEL, INC., a Delaware
     corporation:
9
          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
10        BY:   JON COREY
                TIMOTHY L. ALGER
11              B. DYLAN PROCTOR
          Attorneys at Law
12        865 Figueroa Street, 10th Floor
          Los Angeles, California 90017
13        213.443.3000

14   For the Defendants MGA Entertainment, Inc., MGA
     Entertainment (HK) Limited, and Isaac Larian:
15
          SKADDEN ARPS SLATE MEAGHER & FLOM LLP
16        BY:   RAOUL D. KENNEDY
                AMY S. PARK
17        Attorneys at Law
          Four Embarcadero Center, 38th Floor
18        San Francisco, California 94111-5974
          415.984.6400
19
     Also Present:
20
          MAUREEN McCUAIG
21

22

23

24

25
```

EXHIBIT 14 PAGE 202

1        San Francisco, California, Thursday, January 3, 2008

2                        1:30 p.m. - 4:05 p.m.

3

4            JUDGE INFANTE:   This is a hearing on various

5   motions to compel discovery.   I'd like counsel to

6   enter their appearances, please, first from Mattel.

7            MR. COREY:   Jon Corey on behalf of Mattel.

8            MR. ALGER:   Timothy Alger on behalf of

9   Mattel.

10           MR. PROCTOR:   B. Dylan Proctor for Mattel.

11           MR. TRINIDAD:   John Trinidad for Carter Bryant.

12           MR. WERDEGAR:   Mathew Werdegar for Carter Bryant.

13           MS. PARK:   Amy Park for MGM Industries and

14   Isaac Larian.

15           MR. KENNEDY:   Raoul Kennedy also for the MGA

16   entities and Mr. Larian.

17           JUDGE INFANTE:   There are several motions

18   that have been filed since our last hearing date.

19   There was one motion that was not heard at our last

20   hearing date, which was MGA's motion with respect to

21   30(b)(6) bandying of witnesses.   I indicated I was not

22   prepared to hear that motion, because the day before

23   the hearing there was a letter indicating the parties

24   were still attempting to meet and confer regarding

25   that motion.   I would like to begin by finding out

EXHIBIT 14 PAGE 203                                              4

1    whether that motion still needs resolution.

2              MR. KENNEDY:  It does, Your Honor.

3              JUDGE INFANTE:  I'm prepared to hear it and

4    decide it today.

5              With respect to other motions, I believe that

6    was the only motion from that hearing date that is

7    undecided.  I do recall that one motion you were

8    directed to rebrief --

9              MR. COREY:  That's correct, Your Honor - --

10             JUDGE INFANTE:  -- which I have received.

11             I don't believe there are any other open

12    motions from that hearing date.  Am I correct on that?

13             MR. COREY:  I believe that's correct,

14    Your Honor.

15             JUDGE INFANTE:  So that motion, MGA, you have

16    a right to bring it, to argue it, if you wish, today

17    or you can submit it on the papers.  I'm prepared to

18    rule on it.

19             With respect to all the other motions, there

20    have been many motions filed since, or that were in

21    the process of being filed at the time of our last

22    hearing.  And I have a list of them.  I'd like to give

23    you a hearing on all the motions on which the briefing

24    is completed.  And I would give you the opportunity to

25    argue them in whatever order you wish to.  MGA has

EXHIBIT 14 PAGE 204

1    a number of motions and so does Mattel.

2            I do have a list that Ms. Chan prepared.  If

3    we wanted to go chronologically in that list, we could

4    do that.  For example, on her list we have Motion No.

5    12, Mattel's Motion to Compel Production of Metadata.

6    We could begin with that one, if you would like.

7            MR. COREY:  That's fine with Mattel,

8    Your Honor.

9            JUDGE INFANTE:  You are free to argue these

10   motions or submit them, as you wish.  It's your

11   opportunity to be heard.

12           MR. PROCTOR:  Thank you, Your Honor.  Dylan

13   Proctor for Mattel again.

14           This motion presents what we think are very

15   straightforward issues.  Mattel has requested the

16   metadata for 163 e-mails, all of which are alleged

17   RICO predicate acts of wire fraud and are a part of

18   Mattel's pleading, these e-mails are attached to

19   Mattel's counterclaims in this case.

20           The metadata that Mattel is seeking, has been

21   seeking from MGA for a long time now, is information

22   or should have information that's not reflected on the

23   face of the documents.  And that could in and of

24   itself prove an element to Mattel's claim's effect on

25   interstate commerce.

EXHIBIT 14 PAGE 205

1          And for that reason, after we provided this

2    explanation, MGA repeatedly promised to provide this

3    information, to provide the metadata.  But it never

4    came.  And instead, we kept getting strung along with

5    promises which were not satisfied.  And so

6    three months after we requested a meet and confer and

7    requested metadata, and after MGA had effectively gone

8    full circle and was taking the position that they had

9    taken months earlier, which was they need to

10   investigate what's involved in gathering the metadata,

11   we filed a motion.

12          And then in its opposition for the first

13   time, MGA said, Mattel's not entitled to the

14   information.  That was the first time I ever heard

15   anyone from MGA say that.  And that assertion is

16   simply inconsistent with the conduct of the parties

17   and all the other facts surrounding the situation.

18   The parties have an agreement about metadata.  MGA has

19   requested metadata from Mattel and Mattel has provided

20   it.  And the case they cite, the Kentucky Speedway

21   case, which MGA heavily relies on, in fact says

22   metadata can be relevant and produceable when

23   specifically requested by Bates number, which is what

24   Mattel did.  And that's MGA's authority saying that.

25   And so I think that information is clearly critical.

EXHIBIT 14 PAGE 206

**HEARING**                                    **01/03/08**

1    There is no other way of adequately getting it and MGA

2    doesn't deny that it possesses it, so I believe MGA

3    should be ordered to produce all of the e-mails in

4    native format with full e-mail header information.

5             JUDGE INFANTE:  There were about 163 e-mails

6    that you had specified; is that correct?

7             MR. PROCTOR:  Correct.

8             JUDGE INFANTE:  The relevance that you stated

9    in your papers is that the information pertaining to

10   where the e-mail was sent from, how it traveled, who

11   the recipients were, where they were located is

12   relevant to your interstate or foreign commerce burden

13   of proof under your RICO claim; is that correct?

14            MR. PROCTOR:  Correct.

15            JUDGE INFANTE:  Any other relevance?

16            MR. PROCTOR:  No.  The relevance of the

17   metadata, the asserted relevance is strictly

18   establishing the elements of effect on interstate

19   commerce.

20            JUDGE INFANTE:  That's right as to these

21   particular e-mails.

22            MR. PROCTOR:  Correct.

23            JUDGE INFANTE:  So my question to you is

24   this, yes, you have that burden of proof which you

25   didn't have at the pleading stage, why do you need all

8

EXHIBIT 14 PAGE 207

1    163?  Won't 30 or 40 or 50 do to prove interstate

2    commerce?

3              MR. PROCTOR:  Well, MGA has challenged, MGA

4    has challenged at the motion to dismiss phase the

5    culpability to prove a pattern of racketeering

6    activity.  We believe the law is clear that a pattern

7    exists if there are only two or more predicate acts.

8    But MGA challenged, as to a number of these e-mails

9    specifically, whether these e-mails could in fact

10   constitute predicate acts for other reasons.

11   For example, because some post-date the close of

12   Carter Bryant's employment.  And so we have -- we have

13   alleged about, you know, 200, roughly, predicate acts.

14   We're entitled, I believe, to try to obtain proof as

15   to all of these predicate acts.  MGA is undoubtedly on

16   summary judgment --

17             JUDGE INFANTE:  But on the question of

18   interstate commerce, doesn't seem to me you need to

19   prove each and every communication crossed commerce

20   lines.

21             MR. PROCTOR:  I would agree that we do not

22   bear the burden of proving all of them crossed

23   commerce lines, for the simple reason that I don't

24   think we have to prove 200 predicate acts.

25             JUDGE INFANTE:  That's right.

EXHIBIT 14 PAGE 208

1        MR. PROCTOR:  But we have alleged 200

2   predicate acts.  And I believe we're entitled to

3   discovery to attempt to prove that, because MGA is

4   undoubtedly going to attack all of those.

5        JUDGE INFANTE:  Burden is an issue here.  Are

6   you taking the position that you must have all?

7        MR. PROCTOR:  I'm taking the position that

8   I believe that we are entitled to all, since it is

9   critical information that goes directly to the --

10       JUDGE INFANTE:  You're never entitled to all

11  under the Federal Rules of Civil Procedure, because

12  that would read out of the rules, Rules 26(b)(2).

13       MR. PROCTOR:  I do understand that.  However,

14  this is not -- this is not, I would submit, a

15  situation where we are seeking all metadata for an

16  overbroad set of categories.  For example, each of the

17  cases cited by MGA involve a request for metadata for

18  all documents produced in the case.  Here MGA has

19  produced 3.4 million documents or approximately.

20  We're not seeking metadata for those documents, we're

21  seeking metadata for 163 alleged predicate acts.

22       JUDGE INFANTE:  Only for the purpose of

23  proving interstate commerce or foreign commerce.

24       MR. PROCTOR:  Correct.  However, I believe

25  MGA's position will be that that has to be proven for

EXHIBIT  14 PAGE 209

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

1    each and every predicate act.  That is the position

2    which they have taken previously.

3            JUDGE INFANTE:  That's not correct.

4            Okay.  Anything further?

5            MR. PROCTOR:  No, Your Honor.

6            JUDGE INFANTE:  Okay.  You may proceed.

7            MR. KENNEDY:  Thank you, Your Honor.  And let

8    me not try to reconstruct what's happened at all of

9    the meet and confers.  I don't think we need to get

10   into that.  I'd like to offer a very pragmatic

11   suggestion or proposal.

12           We asserted the particularized need because

13   of this demand for all 163.  The 163 fall into

14   three buckets, Your Honor.  One consists of about

15   20 documents that our vendor EED was able to retrieve

16   fairly readily.  And as we explained in the papers, we

17   offered those up before.

18           I would offer those up again now.  We've been

19   through them and there may be, and I'm sure there are,

20   people who are smarter about this than I am.  But of

21   those 20, there's only one that has anything that

22   would help show interstate commerce.  The metadata

23   there shows that it was once on a Japanese server.

24           On the other hand, the e-mail itself says,

25   I'm transmitting a document from a guy in Tokyo.  So

EXHIBIT 14 PAGE 210

**HEARING**                                                                 01/03/08

1    it wasn't really too revolutionary.  But we would be

2    willing to offer those up.

3            In addition, we've gone -- there's a second

4    bucket, I would call them the Stroh's, like the beer,

5    for another vendor.  And we've paid $12,000 and

6    they've retrieved 60 other metadatas or metadatum,

7    whenever the plural is.  And we would also be willing

8    to offer those up, and we can argue about whether we

9    ought to get half our cost back for having done that

10   or not.

11           We have not been through those completely to

12   know how beneficial they are going to be.  But in any

13   event, there are approximately 80, about half of them

14   that are available could be turned over, as I

15   understand it, by Monday or Tuesday of next week.

16           As to the third bucket, at least at this

17   point, we have not been able to come up with any

18   readily available, quickly affordable, even in the

19   sense of $12,000 for 60 of them, method of doing it.

20   And I would propose that the Court defer any ruling on

21   the other 100 until Mattel has had a chance to go

22   through the 80 and come back and show just what kind

23   of a cost benefit analysis is coming out and how much

24   more they're going to need with regard to this issue.

25           JUDGE INFANTE:  Well, there's also a motion

12

EXHIBIT 14 PAGE 211

```
 1    for costs of this motion, namely monetary sanctions,
 2    in which they point out that MGA's prior counsel
 3    agreed to produce this information on multiple
 4    occasions and never produced it.
 5              MR. KENNEDY:  I'm not in a position to refute
 6    their side of that story.  As a mitigating factor,
 7    at least since we've been in the case, we've said
 8    we've got the 20 that we've retrieved.  Why don't you
 9    go take a look at those before you go file a motion to
10    compel?
11              And as so often happens in this case, they
12    decide to punt on second down and go ahead and file a
13    motion without even looking at the 20.  But beyond
14    that, I'm prepared to submit, Your Honor.
15              JUDGE INFANTE:  Thank you.
16              Mr. Proctor.
17              MR. PROCTOR:  Thank you, Judge.  As to that
18    last point, we couldn't look at the 20, because they
19    never came.  To this day, they still haven't come.
20    All the e-mails, which MGA has said in fact are
21    readily available and they could just send over to us,
22    have never been delivered.
23              The only other point I would add is, under
24    Rule 26B2B, there are new provisions, limitations on
25    electronically stored information.
```

EXHIBIT 14 PAGE 212

13

**HEARING**                                                                01/03/08

```
 1              JUDGE INFANTE:  That's really what I was
 2    referring to.  This multifactor test which the Court
 3    should balance, and that's why I challenged your
 4    absolute statement.
 5              MR. PROCTOR:  And I appreciate that, Judge.
 6              The rule in my view makes clear that even if
 7    MGA establishes undue burden -- and I'm not sure they
 8    have, I don't believe they have -- but even if MGA
 9    does establish undue burden, Mattel only need show
10    good cause, good cause for the production of the
11    discovery.  And in this case what I would suggest is
12    when it comes time for summary judgment or it comes
13    time for post-trial motions, or whatever the case may
14    be, MGA is clearly going to attack Mattel's burden of
15    proof in any way it can.  And it has previously
16    attempted to assert that.  I believe well more than
17    half of these e-mails are simply irrelevant, because
18    they post-date Carter Bryant's employment.
19              I don't know which are the 80 e-mails which
20    I'm now hearing we can have.  I don't know what the
21    time frame is of these e-mails.  But given these are
22    all claimed, they're all alleged predicate acts, I do
23    believe that we should be granted an order compelling
24    metadata as to all of them.
25              JUDGE INFANTE:  Okay.  Thank you very much.
```

EXHIBIT 14 PAGE 213

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

14

```
 1          I have considered the motion.  The
 2   opposition, the reply, and your comments here this
 3   morning.  I've applied the -- the rules, specifically
 4   Rule 26, as well as Rule 26B and the balancing
 5   required under that rule, as well as Rule 34.
 6          And after balancing all considerations,
 7   I grant your motion in part.  MGA shall produce 80 of
 8   the specified e-mails that have been requested, that's
 9   8-0, in their native electronic format sufficient to
10   show from where the e-mail was sent and to where the
11   e-mail was sent.
12          The order shall be complied with by
13   January 10th.  The Court has discretion to shift some
14   of the costs to the discovering party.  I've
15   considered that.  Many decisions the courts shift cost
16   at least partially or in whole.
17          I have decided, in lieu of awarding monetary
18   sanctions in your favor, I am leaving the costs to the
19   producing party and not shifting any costs,
20   whatsoever.
21          The motion is denied as to the full 163
22   specified e-mails without prejudice.  And those
23   80 e-mails are e-mails selected by the responding
24   party.  You've identified 20 and 60, that totals 80.
25          Any questions regarding the ruling?
```

EXHIBIT 14 PAGE 814

**HEARING**                                                                                    **01/03/08**

1    All right.  Mr. Proctor, prepare the order.

2              MR. KENNEDY:  Your Honor, just one point.

3    The 20 and the 80 are approximations.  I think one may

4    be 22, one may be 76.

5              JUDGE INFANTE:  That's fine.

6              MR. KENNEDY:  It is approximately.  But we

7    will produce all them.  And if there happen to be more

8    than 80, they will get more than 80.  But it's in that

9    range.

10             JUDGE INFANTE:  Very good.

11             As you can see, I'm not going to give you the

12   luxury of a written lengthy opinion on each discovery

13   dispute, because your discovery cutoff date is looming

14   and there are many, many motions to be resolved.  So

15   I'm going to try to resolve them correctly and fairly

16   but without a lot of writing.

17             Prepare the order, Mr. Proctor.

18             MR. PROCTOR:  I will.

19             JUDGE INFANTE:  The next motion is Mattel's

20   motion to enforce the Court's August 20th, 2007 Order

21   Requiring Carter Bryant to Answer Requests For

22   Admissions.  This motion was filed November 27th.  The

23   opposition was received December 4th.  The reply was

24   received December 7th.

25             You may argue your motion.

EXHIBIT 14 PAGE 215

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

1          I, the undersigned, a Certified Shorthand

2  Reporter of the State of California, do hereby certify:

3          That the foregoing proceedings were taken

4  before me at the time and place herein set forth; that

5  any witnesses in the foregoing proceedings, prior to

6  testifying, were duly sworn; that a record of the

7  proceedings was made by me using machine shorthand

8  which was thereafter transcribed under my direction;

9  that the foregoing transcript is a true record of the

10  testimony given.

11          Further, that if the foregoing pertains to

12  the original transcript of a deposition in a Federal

13  Case, before completion of the proceedings, review of

14  the transcript [  ] was [  ] was not requested.

15          I further certify I am neither financially

16  interested in the action nor a relative or employee

17  of any attorney or party to this action.

18          IN WITNESS WHEREOF, I have this date

19  subscribed my name.

20

21  Dated:   JAN - 4 2008

22

23                                                       DANA M. FREED

24                                                       CSR No. 10602

25

EXHIBIT 14 PAGE 246

# EXHIBIT 15

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Hon. Edward Infante (Ret.) Pursuant To Order Of December 6, 2006]**<br><br>DECLARATION OF CHRISTOPHER TAYBACK IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES (NOS. 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 47, 48, 49 AND 50) BY THE MGA PARTIES<br><br>Date:     TBD<br>Time:     TBD<br>Place:    TBD<br><br>**Phase 1**<br>Discovery Cut-Off:   January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:             May 27, 2008 |

EXHIBIT 15 PAGE 217

7209/2342985.1

1-7

DECLARATION OF CHRISTOPHER TAYBACK

## DECLARATION OF CHRISTOPHER TAYBACK

I, Christopher Tayback, declare as follows:

1.      I am a member of the bar of the State of California, admitted to practice in the Central District of California and elsewhere, and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). Except where otherwise indicated, I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      MGA represents to the Court in its opposition that Mattel "still has not produced documents from its Zeus computer system, but instead has delayed any meaningful meet and confer on a search of that system."  I submit this declaration to set the record straight.

3.      First, Mattel has indeed produced documents from Zeus, and has so advised MGA.  In at least one phone conversation with MGA's counsel, Robert Herrington, I personally explained that Mattel had reviewed places where it believed there might be responsive evidence, including Zeus.  I further explained to Mr. Herrington that where Mattel has located responsive and non-privileged documents from Zeus, it has produced them.  I have advised MGA of Mattel's Zeus searches in writing on at least one occasion.  Attached as Exhibit 1 is a true and correct copy of an email I sent Robert Herrington on January 4, 2008.

4.      Mattel also has not "delayed" meeting and conferring about further Zeus searches in any manner.  Immediately after this Court ordered the parties to meet and confer regarding parameters to further search the Zeus system, on September 12, 2007, I diligently pursued the meet and confer but MGA refused.  On September 14, I called MGA's counsel, Jennifer Glad, to schedule a specific date and time to meet and confer on the Zeus issues.  Ms. Glad confirmed that she was the person responsible for discussing the Zeus issues on behalf of MGA and said that she would call back on Monday; she did not.

EXHIBIT 15 PAGE 218

DECLARATION OF CHRISTOPHER TAYBACK

1          5.      Three days later, on September 17, 2007, I sent Ms. Glad an

2   email and left her a voicemail seeking to confirm a date and time to meet and confer

3   on the Zeus issues.  Attached hereto as Exhibit 2 is a true and correct copy of an

4   email I sent to Ms. Glad on September 17, 2007.  No one on behalf of MGA ever

5   responded.

6          6.      Two months later, at a meet and confer between Mattel's counsel

7   and MGA's new counsel on November 21, 2007, I am informed and believe that the

8   parties discussed possible search parameters for Zeus at length, including the

9   unfeasibility of conducting keyword searches for some files because many Zeus

10  files are non-text, graphical files.  My partner Michael Zeller offered this

11  explanation.  Thereafter, for over two weeks, MGA's counsel did nothing to follow

12  up with Mattel's counsel regarding Zeus.

13         7.      Then, on Friday December 7, MGA's counsel sent a letter asking

14  to schedule a meet and confer regarding Zeus.  Attached as Exhibit 3 is a true and

15  correct copy of a letter my partner, Timothy Alger, received from Robert

16  Herrington, counsel for MGA, dated December 7, 2007.

17         8.      Mattel promptly responded and agreed to be available on

18  December 14, 2007, the earliest of the dates proposed, and the parties did in fact

19  discuss Zeus search issues on Friday, December 14, 2007.  In that conversation, for

20  the first time, MGA proposed that Mattel explore the feasibility of a listing of the

21  directories within Zeus for a limited date range.

22         9.      Mattel's counsel committed to explore and resolve that question

23  within a week, and did so.  Attached as Exhibit 4 is a true and correct copy of an

24  email I sent to Robert Herrington on December 15, 2007.

25        10.     Exactly one week later, Mattel confirmed that such a directory

26  listing was feasible for the date range described by MGA, and offered to provide a

27  directory listing.  Attached as Exhibit 5 is a true and correct copy of an email I sent

28  to Robert Herrington on December 21, 2007.  Thereafter, the parties negotiated the

EXHIBIT 15 PAGE 219

-2-

DECLARATION OF CHRISTOPHER TAYBACK

1 | scope and agreed upon timing for the production of such a voluminous listing of

2 | directories, and agreed that such a listing would be produced in early January 2008.

3 |       I declare under penalty of perjury under the laws of the United States of

4 | America that the foregoing is true and correct.

5 |       Executed on January 7, 2008 at Los Angeles, California.

6 |

7 |

8 |       Christopher Tayback

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 | EXHIBIT 15 PAGE 220

7209/2342985.1

-3-

DECLARATION OF CHRISTOPHER TAYBACK

EXHIBIT 15 PAGE 221

**EXHIBIT 1**

| | |
|---|---|
| **From:** | Christopher Tayback |
| **Sent:** | Friday, January 04, 2008 9:20 AM |
| **To:** | 'Herrington, Robert J' |
| **Cc:** | Timothy Alger; 'Eckles, Paul M (NYC)'; Christopher Tayback |
| **Subject:** | RE: Follow-up to today's telephone call |

Robert--

You seem to have changed what started out as a meet and confer on several issues to a series of interrogatories by email.

I believe I have answered several times now, on the telephone and by email, the "simple" question you claim to be asking. As I said to you by email on December 26: ". . . Mattel has searched the various electronic media in its possession which were likely to have responsive documents. That includes searches of some data retrieved from back-up tapes and some data retrieved from Zeus. What we have not done is incur the substantial time and expense associated with searching locations where we have no reason to believe responsive documents are located. If you have reason to believe some specific relevant document (or documents) is in Mattel's possession, please let us know. If you have information as to where such a document is located within the various data compilations maintained by Mattel, please say so and we will focus our efforts there."

You have not done so. Instead, you are asking whether Mattel has "searched" virtually every data compilation in existence for potentially responsive documents. As I have said to you, Mattel has not searched every document, or every data compilation, in the off-chance of finding something relevant. As you know, we are talking about lots of different systems, tapes, devices, storage mechanisms, etc., that span over a decade of data. You clearly want a short "sound bite" describing what Mattel did or did not do to search for documents. In fact, the way you described it to me on the telephone was that you were looking for some "categorical exclusion" of what, if anything, Mattel did not search. As I told you then, and reiterate now, the scope of what Mattel has done to search for documents involves a huge amount and a wide variety of data, and is not susceptible to a "categorical" statement or a sound bite. Mattel has properly looked where it has reason to believe it will find non-privileged, relevant documents, but not in places where it has no reasonable belief that it will find such documents. So, when you ask whether Mattel has searched the "backup tapes identified in Mr. Moore's [September 10, 2007] affidavit," you are expressly referring to his testimony that stated that Mattel preserved "in excess of 4,000 backup tapes containing hundreds of terabytes of data." (Paragraph 27). I told you myself, several times, that Mattel has not, and will not, restore every backup tape. However, I told you, if there was some specific document, or custodian, or location where some specific relevant document would likely be located, we could discuss how to obtain such a document (and at whose cost).

Indeed, I was not the first person to advise MGA of this fact. It has been discussed between counsel several times in the life of this case, and Mattel's counsel told the Court precisely this. And, we have offered to MGA on several occasions (in writing, on the record and orally) the Zeus backup tapes if MGA would prefer to search them itself.

In any event, you are asking now sweeping questions about whether Mattel searched any of dozens of different data sources, including over 4,000 backup tapes. Those are questions properly asked as interrogatories (or depositions) in my opinion. In fact both parties have asked similar questions in

1/7/2008    EXHIBIT **I** PAGE **4**

discovery.

Mattel propounded an interrogatory (No. 47) asking MGA to identify the sources of information from which it collected documents. MGA objected and refused to respond (MGA's Response to Mattel's Interrogatory No. 47). That is the subject of a pending motion to compel. Why should Mattel answer "simple" questions--which you ask about dozens of different custodians and topics in sweeping, cursory fashion--when MGA refused to answer a similar interrogatory. I have to say, I think I showed more direct responsiveness in our few telephone conversations than it appears MGA has shown throughout the discovery process in this case. When you did ask me a discrete, answerable question--such as whether we had searched Lily Martinez's hard drive--I obtained the answer for you and gave it to you (the answer was "yes", though I don't think you liked that answer).

MGA has itself asked virtually the same question in the form of an interrogatory (No. 31)--signed by you, and propounded on December 4. I further cannot understand why you are asking me--in the guise of a "meet and confer"--to answer something that you know you just asked in the form of a discovery request.

You also say that you have received "conflicting" messages from Mattel. That is incorrect. As the support for your conclusion, you cite to your characterizations of conversations you had with me and Tim Alger--yet you will recall that as soon as you tried to summarize our conversation in an email, I promptly corrected you. Disingenuously, when you cite to your understanding of what I said, you refer only to your understanding of our oral conversations, and not the several emails that I have sent you explicitly stating our position. What I have said is consistent with what I wrote, not in conflict with it. I sincerely hope that we do not have to resort to communicating only in writing going forward.

You further compare your request to "similar" ones made by our firm to yours regarding whether it intended to stand on certain objections. I am perplexed by that comparison. To which "objections" to which RFP or Interrogatory are you referring? To my knowledge, you have not identified any.

Lastly, you mention the offer of a "source log"--which MGA offered to exchange in lieu of answering Mattel's Interrogatory No. 47. That offer was rejected because, among other things, the source log proposed by MGA would only identify the source of documents actually produced, not the places where searches were conducted (or not conducted) for documents not produced. As such, the source log would not be a satisfactory substitute for a response to Interrogatory No. 47. That is undoubtedly why MGA has refused to answer Mattel's Interrogatory -- because it calls for specific information about where MGA has searched and not searched for key early Bratz documents, which MGA does not want to disclose. Based on what you are seeking from me in your email, the source log proposed to be exchanged by MGA would not appear to provide MGA what it is looking for either to the extent any source searched did not ultimately result in the production of a responsive document. And, I note also that Mattel did not reject MGA's proposal to exchange a source log. In fact, Mattel asked MGA if that was a freestanding proposal MGA was making. MGA said it was not. The only "proposal" Mattel rejected was MGA's demand that Mattel waive its right to the information sought in Interrogatory 47 -- which MGA refuses to provide even in discovery and yet you now effectively demand we provide via email.

Regards,

Christopher Tayback

EXHIBIT 15 PAGE 223     EXHIBIT 1     PAGE 5

1/7/2008

Case 2:04-cv-09049-SGL-RNB    Document 1803-7    Filed 02/01/08    Page 33 of 60    Page ID
#:27608
Re: Follow-up to today's telephone call
Page 3 of 9

**From:** Herrington, Robert J [mailto:Robert.Herrington@skadden.com]
**Sent:** Thursday, December 27, 2007 8:12 PM
**To:** Christopher Tayback
**Cc:** Timothy Alger; Eckles, Paul M (NYC)
**Subject:** RE: Follow-up to today's telephone call

Chris:

We are finding it very hard to understand why Mattel is refusing to provide a
straightforward response to what is a very simple question - *has Mattel searched the
archived email files and email backup tapes identified in Mr. Moore's affidavit (paragraphs
8, 10, 11, 12, 13, 22, 23, 27, 28) for documents responsive to MGA and Bryant's document
requests and the categories of documents Mattel was ordered to produce by Judge Infante?*

As explained in my prior correspondence and during our telephone conversations, we are
very concerned that Mattel has not been searching email because Mattel has
produced about 2000 emails in this case (as compared to almost 20,000 emails produced by
MGA) and because Mattel previously objected to searching or producing email. In
connection with Judge Infante's May 22, 2007 Order compelling Mattel to produce
documents, Mattel objected to searching and producing email based on a burden objection.
Judge Infante overruled this and other objections and ordered Mattel to produce certain
categories of documents.  Mattel moved for reconsideration and asked for an extension of
time.  On July 19, 2007, Judge Infante denied the motion for reconsideration and ordered
Mattel to produce all responsive documents called for in his Order by August 6, 2007.  On
September 12, 2007, Judge Infante granted another motion to compel filed by MGA, again
overruling Mattel's objections and ordering Mattel to produce all responsive documents by
September 28, 2007.

After the Court entered these Orders, Mattel produced some 1164 emails (broken down
as follows: May 30, 2007: 67 emails produced; June 15, 2007: 292 emails produced; July
6, 2007: 6 emails produced; July 20, 2007: 98 emails produced; August 6, 2007: 45
emails produced; October 29, 2007:  656 emails produced).  We have reviewed these
documents and a majority have handwriting or other markings, indicating that they were
stored and produced from hardcopy files, rather than from electronically stored data
sources.  This further supports our view that Mattel has not been searching archived email
and email backup tapes for responsive documents.

We also are concerned because we are receiving conflicting messages from Mattel on this
issue.  During our meet and confer conference on December 14, 2007, Mr. Alger indicated
that Mattel had not been searching archived or backed up email because of costs concerns
and that these issues already had been addressed in prior briefing, including references to it
costing more than $900,000 to search backed up email.  Mr. Alger, however, declined to
provide any further information until I put a further request in writing.  I did so on

EXHIBIT 15 PAGE 224          EXHIBIT  1  PAGE  6

December 17, 2007, and we met and conferred on December 26, 2007. During our call at
9:00am on December 26, I understood both you and Mr. Alger to say that archived and
backed up email had not been searched because of cost concerns. When we spoke again
later that afternoon, I understood you to be saying basically the same thing. But Mattel now
appears to be retreating from that position. After multiple meetings and discussions, we still
don't have a clear answer as to whether Mattel has been searching archived and backed up
email. Mattel's refusal to answer the simple question of whether it has been searching email
heightens our concern that Mattel is standing on its prior objections and has not been
searching or producing email in response to our document requests and the Court's Orders.

Our inquiry regarding whether Mattel has been searching and producing email is no
different from inquiries your firm has made of us regarding whether our client is standing on
certain objections. I participated in a conference call with your partner, Scott Kidman, on
Monday December 24, 2007 during which Mr. Kidman repeatedly asked whether MGA was
standing on certain objections and we agreed to provide him with responses. Our current
inquiry regarding Mattel email is no different. Mattel previously objected to searching for
and producing email because of cost concerns. We are entitled to know whether Mattel is
standing on that objection or not.

Finally, you reference the outstanding dispute regarding the interrogatory Mattel served on
MGA regarding its search for documents. As noted in your papers, MGA agreed to provide
a source log for documents it has produced in this case, provided that Mattel provides a
similar log. As I understand it, Mattel refused this offer and filed a motion to compel. Are
you suggesting that Mattel has reconsidered its position and wishes to exchange source logs
as previously offered?

Thank you,
--rob


THIS E-MAIL MESSAGE IS CONFIDENTIAL AND INTENDED FOR THE PERSON(S) NAMED ABOVE ONLY. ALL
OTHER USE, COPYING, OR DISTRIBUTION IS STRICTLY PROHIBITED.

**Robert J. Herrington**
**Skadden, Arps, Slate, Meagher & Flom LLP**
300 South Grand Ave. | Suite 3400 | Los Angeles, CA | 90071
☏ Direct: (213) 687-5368 | 🖷 Fax: (213) 621-5368 | 🖂 Email: rherring@skadden.com

**Joanne Otero, Assistant to Robert Herrington**
☏ Direct: (213) 687-5252 | 🖂 Email: jootero@skadden.com

-----------------------------------------------------------------------------
**From:** Christopher Tayback [mailto:christayback@quinnemuel.com]
**Sent:** Wednesday, December 26, 2007 9:27 PM
**To:** Herrington, Robert J (LAC)
**Cc:** Timothy Alger
**Subject:** Re: Follow-up to today's telephone call

EXHIBIT _15_ PAGE _225_        EXHIBIT __1__        PAGE __7__

Case 2:04-cv-09049-DOC-RNB  Document 1803-7  Filed 02/01/08  Page 35 of 60  Page ID
#:27610
Re: Follow-up to today's telephone call - Document 1                                 Page 5 of 9

Robert--

You clearly have concluded that whatever Mattel did to search for documents it was insufficient based on the fact that what
was produced was not what MGA expected to receive.  I can't respond to MGA's expectations (or yours) regarding the type
or quantity of documents that you expected to receive.

I do ask, however, that you at least identify for me precisely which Mattel witnesses you believe have responsive documents
that were not produced and which electronic data base you believe contains responsive documents that were not searched.  To
say that you believe some of the dozens of witnesses identified by Mattel in its initial disclosures and "interrogatory"
responses is hardly helpful.  As I said, if you want me to respond to any particular concern, I will try--but you have to state it
with particularity.  Indeed, you asked whether we searched Lily Martinez's computer, and I confirmed for you that we had.

I also note here that Tim Alger told you earlier that the next couple document productions will include emails.  Of course, I
cannot assure you that what we produce will meet MGA's expectations as to quantity of type of documents.

Having said that, you did not answer my question back to you:  is MGA prepared to disclose to Mattel the manner and
method by which it has searched for documents, including responding to the interrogatories previously propounded and
which I referenced in my last email?


----- Original Message -----
From: Herrington, Robert J <Robert.Herrington@skadden.com>
To: Christopher Tayback
Cc: Timothy Alger
Sent: Wed Dec 26 18:31:43 2007
Subject: RE: Follow-up to today's telephone call

Chris:

We have reason to believe that the email Mattel preserved for several witnesses described as likely to have information
regarding MGA, Bratz, and Carter Bryant, as set forth in Mr. Moore's affidavit, contain responsive information.  Each of
these witnesses has been listed in Mattel's initial disclosures and interrogatory responses as someone with relevant
knowledge. It stands to reason that these individuals' emails would contain documents responsive to the topics identified in
MGA and Bryant's document requests and the Court's Orders. We also believe the email files Mattel began to preserve in
2004 and 2005 in a more wholesale fashion are likely to have relevant information, as described in Mr. Moore's affidavit.
As I explained, we have reason to believe that these email files have not been searched based on the very small number of
emails produced by Mattel (less than 2000 at this point) and the objections previously raised by Mattel regarding searching
email files.  I also understood that Mattel had not searched these email records based on my prior conversation with you and
Mr. Alger.  Please confirm one way or the other whether these email files were searched for responsive information.

Thank you,
--rob

THIS E-MAIL MESSAGE IS CONFIDENTIAL AND INTENDED FOR THE PERSON(S) NAMED ABOVE ONLY.  ALL
OTHER USE, COPYING, OR DISTRIBUTION IS STRICTLY PROHIBITED.

Robert J. Herrington
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Ave. | Suite 3400 | Los Angeles, CA | 90071
' Direct: (213) 687-5368 | 7 Fax: (213) 621-5368 | , Email: rherring@skadden.com

Joanne Otero, Assistant to Robert Herrington
' Direct: (213) 687-5252 | , Email: jootero@skadden.com <mailto:jootero@skadden.com>

From: Christopher Tayback [mailto:christayback@quinnemanuel.com]

Sent: Wednesday, December 26, 2007 6:07 PM
To: Herrington, Robert J (LAC)
Cc: Timothy Alger
Subject: Re: Follow-up to today's telephone call


Robert--

That's incorrect. I said that Mattel has searched the various electronic media in its possession which were likely to have responsive documents. That includes searches of some data retrieved from back-up tapes and some data retrieved from Zeus. What we have not done is incur the substantial time and expense associated with searching locations where we have no reason to believe responsive documents are located. If you have reason to believe some specific relevant document (or documents) is in Mattel's possession, please let us know. If you have information as to where such a document is located within the various data compilations maintained by Mattel, please say so and we will focus our efforts there. When we spoke, you did not identify any specific relevant document or location that you believed contained a relevant document.

As I said before, we have previously sought from MGA specific information about whether it had searched specific boxes for particular documents. MGA refused to say whether it would or would not (or did or did not) search those specifically requested boxes, but said only that they searched boxes where they thought responsive documents would be located. MGA also has objected and refused to provide a proper answer to our interrogatory asking which databases it searched for responsive documents regarding the early timeframe for Bratz. Why is MGA entitled to a response from Mattel about how it has searched for responsive documentsd that MGA has been unwilling to provide to Mattel?

I am available tomorrow if you wish to discuss this further.

Chris Tayback

----- Original Message -----
From: Herrington, Robert J <Robert.Herrington@skadden.com>
To: Christopher Tayback
Cc: Timothy Alger
Sent: Wed Dec 26 17:24:13 2007
Subject: RE: Follow-up to today's telephone call

Chris:

I want to reconfirm my understanding based on our second conversation this afternoon. As I understand it, Mattel has been searching the sources of electronic information identified in Mr. Moore's affidavit to the extent Mattel believes they might contain responsive documents. The only exception is that Mattel has not been searching archived email / email backup tapes because of concerns regarding cost and whether the archives or backup tapes contain responsive information. Please let me know if that is not correct.

Our view is that archived email and backup tapes are sources that are reasonably likely to contain responsive documents and should be (should have been) searched. We also believe the burden/cost issue was addressed and overruled in connection with Judge Infante's May and September 2007 Orders. I will call you tomorrow morning to discuss.

Thank you,
--rob

THIS E-MAIL MESSAGE IS CONFIDENTIAL AND INTENDED FOR THE PERSON(S) NAMED ABOVE ONLY. ALL OTHER USE, COPYING, OR DISTRIBUTION IS STRICTLY PROHIBITED.

Robert J. Herrington
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Ave. | Suite 3400 | Los Angeles, CA | 90071
' Direct: (213) 687-5368 | 7 Fax: (213) 621-5368 | , Email: rherring@skadden.com

Joanne Otero, Assistant to Robert Herrington
' Direct: (213) 687-5252 | , Email: jootero@skadden.com <mailto:jootero@skadden.com>

EXHIBIT 15 PAGE 227                    EXHIBIT 1   PAGE 9

From: Christopher Tayback [mailto:christayback@quinnemanuel.com]
Sent: Wednesday, December 26, 2007 2:36 PM
To: Herrington, Robert J (LAC)
Cc: Timothy Alger
Subject: RE: Follow-up to today's telephone call

I don't think you understood me. Call me when you have 5 minutes. 213-443-3170.

From: Herrington, Robert J [mailto:Robert.Herrington@skadden.com]
Sent: Wednesday, December 26, 2007 2:30 PM
To: Christopher Tayback
Cc: Timothy Alger
Subject: RE: Follow-up to today's telephone call

My letter sought confirmation that Mattel had searched all of the electronic sources identified in Mr. Moore's affidavit (dated 9/10/07) for responsive documents. From our conversation earlier today, I had understand that the answer was "yes" - except for email backup tapes. My email below was referring to the computers identified in Mr. Moore's affidavit, paragraphs 14, 17, and 23.

Thank you,
--rob

THIS E-MAIL MESSAGE IS CONFIDENTIAL AND INTENDED FOR THE PERSON(S) NAMED ABOVE ONLY. ALL OTHER USE, COPYING, OR DISTRIBUTION IS STRICTLY PROHIBITED.

Robert J. Herrington
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Ave. | Suite 3400 | Los Angeles, CA | 90071
' Direct: (213) 687-5368 | 7 Fax: (213) 621-5368 | , Email: rherring@skadden.com

Joanne Otero, Assistant to Robert Herrington
' Direct: (213) 687-5252 | , Email: jootero@skadden.com <mailto:jootero@skadden.com>

From: Christopher Tayback [mailto:christayback@quinnemanuel.com]
Sent: Wednesday, December 26, 2007 2:18 PM
To: Herrington, Robert J (LAC)
Cc: Timothy Alger
Subject: RE: Follow-up to today's telephone call

Robert--

What "other computers" are you referring to below? Are you referring to the three people listed in paragraph 9 of Michael Moore's declaration?

Chris

EXHIBIT 15 PAGE 228        EXHIBIT 1    PAGE 10

From: Herrington, Robert J [mailto:Robert.Herrington@skadden.com]
Sent: Wednesday, December 26, 2007 11:39 AM
To: Christopher Tayback
Cc: Timothy Alger
Subject: RE: Follow-up to today's telephone call


Thank you Chris.

One point of clarification: Based on our conversation this morning, my understanding is that Mattel has searched all the other sources of electronically stored information identified in Mr. Moore's affidavit for responsive documents, aside from email backup tapes (and Zeus, which we are discussing separately). Is that correct? For example, has Lily Martinez's imaged hard drive been searched? What about the other computers identified in Mr. Moore's affidavit? I just want to make sure my understanding is correct on this point.

Thanks,
--rob

THIS E-MAIL MESSAGE IS CONFIDENTIAL AND INTENDED FOR THE PERSON(S) NAMED ABOVE ONLY. ALL OTHER USE, COPYING, OR DISTRIBUTION IS STRICTLY PROHIBITED.


Robert J. Herrington
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Ave. | Suite 3400 | Los Angeles, CA | 90071
' Direct: (213) 687-5368 | 7 Fax: (213) 621-5368 | , Email: rherring@skadden.com

Joanne Otero, Assistant to Robert Herrington
' Direct: (213) 687-5252 | , Email: jootero@skadden.com <mailto:jootero@skadden.com>


---------------------------------------

From: Christopher Tayback [mailto:christaybback@quinnemanuel.com]
Sent: Wednesday, December 26, 2007 10:44 AM
To: Herrington, Robert J (LAC)
Cc: Timothy Alger
Subject: Follow-up to today's telephone call


Robert--

One of the two issues I said I would follow up on after the call today is whether there are any Fontanella documents that are non-privileged and responsive to the third-party subpoena MGA served on her. The answer is no. Neither she nor Patel have any documents responsive to the third-party subpoenas.

Chris

-------------------------------------------------------------
To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

*********************************************
This e-mail and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any e-mail, and any printout thereof.

EXHIBIT 15 PAGE 224

EXHIBIT 1 PAGE 11

1/7/2008

Re: Follow-up to today's telephone

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
************************************************

EXHIBIT _IS_ PAGE _230_            EXHIBIT _1_    PAGE _12_

**EXHIBIT 2**

EXHIBIT 15 PAGE 231

**From:**    Christopher Tayback
**Sent:**    Monday, September 17, 2007 12:53 PM
**To:**      'Jglad@omm.com'
**Cc:**      Timothy Alger
**Subject:** Mattel v Carter Bryant and Consolidated Actions

Jennifer--

I did not hear back from you regarding a time today for meeting and conferring regarding the issues raised in your letter to Tim Alger of September 10.  I assume that you were unable to work around the conflict you had this morning.  As I mentioned, I am in court this afternoon, probably for the balance of the day.  Will you have time tomorrow or (better for me) Wednesday?

Chris Tayback

EXHIBIT 15 PAGE 232     EXHIBIT  2  PAGE 13

EXHIBIT 15 PAGE EXHIBIT 3
233

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### 300 SOUTH GRAND AVENUE

### LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

DIRECT DIAL
(213) 687-5368
DIRECT FAX
(213) 621-5368
EMAIL ADDRESS
HHICHING@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 7, 2007

## VIA FACSIMILE & U.S. MAIL

Timothy L. Alger, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:   *Mattel v. Bryant*

Dear Mr. Alger:

We are writing to follow-up on the previous meet and confer efforts regarding Mattel's electronic document production, including production from its Zeus server. We also are writing regarding the outstanding document requests served on each side and would like to schedule a meet and confer session to discuss each side's production.

As you are aware, Mattel has been ordered to produce responsive documents from the Zeus server. In addition, Mattel's counsel has represented to the Court that it will make the Zeus server available for our inspection and review. At the November 21, 2007 meet and confer session, we asked Jon Corey of your office to provide an index of the several thousand backup tapes for the Zeus server so we could better understand the size and content of that server. Mr. Corey has not responded to our request. We renew our request and ask that these indices be sent to us as soon as possible.

In addition to the issues regarding the Zeus server, MGA has served additional document discovery on Mattel, including MGA's Sixth and Seventh Set of Requests for Production. MGA also recently served its responses to Mattel's Third and Fourth Set of Requests for Production and will be serving responses to other outstanding document requests in the next few weeks. Although MGA invited Mattel to meet and confer on this discovery over a week ago, we have yet to hear from you.

In light of the outstanding document discovery facing MGA and Mattel and the pending close of Phase I discovery, now appears to be the appropriate time for the parties to confer regarding search protocols for the electronically stored information in this case. To this end, we suggest that the parties confer as soon as

EXHIBIT 15 PAGE 234          EXHIBIT ___3___ PAGE 14

Timothy L. Alger, Esq.
December 7, 2007
Page 2


possible to agree upon appropriate search terms and protocols for the pending discovery requests that relate to the issues to be tried in Phase I.

      We can be available anytime on December 14 or 18. Please let us know what times work for you.

            Sincerely,

            Robert J. Herrington

RJH:nl


**EXHIBIT 15 PAGE 235**

485080.01-Los Angeles Server 1A - MSW

**EXHIBIT 3   PAGE 15**

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE NO.: (213) 687-5000
FACSIMILE NO.: (213) 687-5600

EMAIL: rherring@skadden.com

## FACSIMILE TRANSMITTAL SHEET

FROM: Robert J. Herrington

DATE: December 7, 2007

DIRECT DIAL: (213) 687-5368

FLOOR/OFFICE NO.:

DIRECT FACSIMILE: (213) 621-5368

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1.   NAME: Timothy L. Alger, Esq.          FIRM: Quinn Emanuel Urquhart, etc.

     CITY: Los Angeles                      TELEPHONE NO.: (213) 443-3000

     FACSIMILE NO.: (213) 443-3100

MESSAGE:

EXHIBIT 15 PAGE 236          EXHIBIT 3 PAGE 16

Confirmation Report - Memory Send

```
                                  Time    : 12-07-2007  04:51pm
                                  Tel line : +2136877808
                                  Name    :
```

| | | |
|---|---|---|
| Job number | : | 679 |
| Date | : | 12-07  04:50pm |
| To | : | 94433100 |
| Document pages | : | 003 |
| Start time | : | 12-07  04:50pm |
| End time | : | 12-07  04:51pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number   : 679            *** SEND SUCCESSFUL ***

---

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE No.: (213) 687-5000
FACSIMILE No.: (213) 687-5600

Email: rherring@skadden.com

FACSIMILE TRANSMITTAL SHEET

From: **Robert J. Herrington**                                    Date: **December 7, 2007**
Direct Dial: **(213) 687-5368**                                   Floor/Office No.: _____
Direct Facsimile: **(213) 621-5368**

This facsimile is intended only for use of the addressed names herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this facsimile, you are hereby notified that any dissemination, distribution or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the address above via the legal postal service. We will reimburse any costs you incur in notifying us and returning the facsimile to us.

If this transmission is unclear or incomplete, please contact the Facsimile Department at (213) 687-5443.
When transmitting to our machines, please include your cover sheet and number all pages consecutively.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

| | | | |
|---|---|---|---|
| 1. | Name: **Timothy L. Alger, Esq.** | From: | **Quinn Emanuel Urquhart, etc.** |
| | City: **Los Angeles** | Telephone No.: | **(213) 443-3000** |
| | Facsimile No.: **(213) 443-3100** | | |

Message:

---

EXHIBIT 15 PAGE 237

EXHIBIT __3__ PAGE __17__

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### 300 SOUTH GRAND AVENUE
### LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE NO.: (213) 687-5000
FACSIMILE NO.: (213) 687-5600

EMAIL: RHERRING @skadden.com

---

## FACSIMILE TRANSMITTAL SHEET

FROM: Robert J. Herrington                     DATE: December 10, 2007

DIRECT DIAL: (213) 687-5368                     FLOOR/OFFICE NO.: 36

DIRECT FACSIMILE: (213) 621-5368

---

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

---

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

---

TOTAL NUMBER OF PAGES INCLUDING COVER(S):   10

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1.   NAME: Mr. B. Dylan Proctor, Esq.          FIRM: Quinn Emanuel Urquhart, etc.
     CITY: Los Angeles                          TELEPHONE NO.: (213) 443-3000
     FACSIMILE NO.: (213) 443-3100

2.   NAME: Mr. Jon D. Corey, Esq.              FIRM: Quinn Emanuel Urquhart, etc.
     CITY: Los Angeles                          TELEPHONE NO.: (213) 443-3000
     FACSIMILE NO.: (213) 443-3100

MESSAGE: Please see attached letter.

EXHIBIT 15 PAGE 238

EXHIBIT   3   PAGE   18

# Confirmation Report — Memory Send

|  |  |
|---|---|
| Time | : 12-10-2007  04:39pm |
| Tel line | : +2136877808 |
| Name | : |

| | | |
|---|---|---|
| Job number | : | 684 |
| Date | : | 12-10  04:37pm |
| To | : | 94433100 |
| Document pages | : | 010 |
| Start time | : | 12-10  04:37pm |
| End time | : | 12-10  04:39pm |
| Pages sent | : | 010 |
| Status | : | OK |
| Job number | : 684 | *** SEND SUCCESSFUL  *** |

---

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE No.: (213) 687-5000
FACSIMILE No.: (213) 687-5600

EMAIL: rherring@skadden.com

### FACSIMILE TRANSMITTAL SHEET

FROM: **Robert J. Herrington**

DIRECT DIAL: **(213) 687-5368**

DIRECT FACSIMILE: **(213) 621-5368**

DATE: **December 10, 2007**

FLOOR/OFFICE No.: **36**

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LEGAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):    10

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1. NAME: **Mr. B. Dylan Proctor, Esq.**   FIRM: **Quinn Emanuel Urquhart, etc.**
   CITY: **Los Angeles**   TELEPHONE No.: **(213) 443-3000**
   FACSIMILE No.: **(213) 443-3100**

2. NAME: **Mr. Jon D. Corey, Esq.**   FIRM: **Quinn Emanuel Urquhart, etc.**
   CITY: **Los Angeles**   TELEPHONE No.: **(213) 443-3000**
   FACSIMILE No.: **(213) 443-3100**

MESSAGE: Please see attached letter.

463746.01-Los Angeles Server 1A - MSW

EXHIBIT 15 PAGE 239

EXHIBIT ___3___ PAGE __19__

EXHIBIT 15  PAGE 290

EXHIBIT 4

| | |
|---|---|
| **From:** | Herrington, Robert [RHERRING@skadden.com] |
| **Sent:** | Saturday, December 15, 2007 8:13 AM |
| **To:** | Christopher Tayback |
| **Cc:** | Timothy Alger |
| **Subject:** | Re: |

Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

----- Original Message -----
From: Christopher Tayback <christayback@quinnemanuel.com>
To: Herrington, Robert
Cc: Timothy Alger <timalger@quinnemanuel.com>
Sent: Sat Dec 15 11:11:28 2007
Subject: Re:

Tuesday probably does work for me, but I need to check my calendar and confirm the time with you later this weekend.

I will look into those other issues next week as well.

Regards,

Chris

----- Original Message -----
From: Herrington, Robert <RHERRING@skadden.com>
To: Christopher Tayback
Cc: Timothy Alger
Sent: Sat Dec 15 07:49:19 2007
Subject: Re:

Thank you Chris. I would appreciate conducting a short status call on Tuesday if you don't mind. Would you be available at about noon?

On the other issue - thank you.

We do have those documents. That said, we (a) thought there would be more, (b) had asked Mr Alban about the status of the privilege log, (c) were seeking confirmation that all responsive docs were being produced, and (d) were seeking confirmation that no docs were being withheld based on the objections.

We do need confirmation on these issues.
Thanks again.
--rob

EXHIBIT 15 PAGE 241

EXHIBIT 4 PAGE 20

1/4/2008

*****************************************
This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*****************************************

----- Original Message -----
From: Christopher Tayback <christayback@quinnemanuel.com>
To: Herrington, Robert
Cc: Timothy Alger <timalger@quinnemanuel.com>
Sent: Sat Dec 15 10:39:13 2007
Subject:

Rob--

It was a pleasure finally speaking with you yesterday. I am glad I now know who is handling these issues for your side of the case.

I wanted to confirm that you asked me to investigate the feasibility of producing to you a print out of the "directory" or list of file and sub-file names from Zeus for a certain period of time (you suggested 1998-2001) in order to provide you a means that you believe will assist you to identify files that you believe might be relevant. You indicated that you thought this approach, if workable, would be better for you than a "keyword" search since some files on Zeus are non-textual, image files. I said I would look into your proposal and get back to you next week.

You also asked about the status of a document production about which you had been communicating with Juan Pablo Alban of our office. I did look into that very shortly after our conversation, and I believe the documents to which you were referring were produced last Monday as part of the Bates range M 0257828 - 839.

I will be in touch next week.

Best regards,

Christopher Tayback


-----------------------------------------------------------------------
To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

*****************************************
This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*****************************************

EXHIBIT 15 PAGE 242

EXHIBIT 4 PAGE 21

1/4/2008

```
----------------------------------------------------------------------------
****************************************************
This email and any attachments thereto, is intended only for use by the addressee(s)

Further information about the firm, a list of the Partners and their professional qu
****************************************************
============================================================================
```

EXHIBIT 15 PAGE 243            EXHIBIT __4__ PAGE __22__

EXHIBIT 15 PAGE 244

EXHIBIT 5

| | |
|---|---|
| **From:** | Herrington, Robert J [Robert.Herrington@skadden.com] |
| **Sent:** | Friday, December 21, 2007 8:54 AM |
| **To:** | Christopher Tayback |
| **Subject:** | RE: Mattel v. MGA--Zeus |

Chris:

We will review your response below closely, but I note a at least a few inaccuracies right away.

First, as my emails to you earlier this week confirmed, the 1998-2001 range was just an example, not a proposal. The listing would need to be for the full range of relevant dates, as required by the Court's Order.

Second, the proposal regarding printing the file and directory structures for Zeus was made by Tim Miller at the November 21, 2007, so you are incorrect in stating that this was proposed for the first time last Friday. At that time, Mr. Zeller rejected the proposal as unworkable. I take it from your email that Mr. Zeller's statements to us during that meeting were incorrect.

Third, as you note, the purpose of this meet and confer is to discuss the appropriate searching of Zeus as Mattel is required to do by Court Order. The time for Mattel to comply with the Order has passed and we need to work diligently to complete this discovery.

I will be in touch.

--rob

THIS E-MAIL MESSAGE IS CONFIDENTIAL AND INTENDED FOR THE PERSON(S) NAMED ABOVE ONLY. ALL OTHER USE, COPYING, OR DISTRIBUTION IS STRICTLY PROHIBITED.

**Robert J. Herrington**
**Skadden, Arps, Slate, Meagher & Flom LLP**
300 South Grand Ave. | Suite 3400 | Los Angeles, CA | 90071
☎ Direct: (213) 687-5368 | 🖷 Fax: (213) 621-5368 | ✉ Email: rherring@skadden.com

**Joanne Otero, Assistant to Robert Herrington**
☎ Direct: (213) 687-5252 | ✉ Email: jootero@skadden.com

---

**From:** Christopher Tayback [mailto:christayback@quinnemanuel.com]
**Sent:** Friday, December 21, 2007 8:21 AM
**To:** Herrington, Robert J (LAC)
**Cc:** Timothy Alger; Michael T Zeller
**Subject:** Mattel v. MGA--Zeus

Robert:

EXHIBIT 15 PAGE 245

EXHIBIT ___5___ PAGE ___23___

As I said when we spoke last Friday, I would get back to you this week regarding Zeus.

At the outset, you have sent several letters and emails over the past days in an apparent attempt to create an inaccurate record that MGA has moved expeditiously, and Mattel has not, on this issue. Quite the opposite is the case. Even apart from the fact that Mattel has repeatedly offered defendants its Zeus tapes since 2005, and as you know from our prior conversation, I have personally been attempting to address these issues with defense counsel since September, but nevertheless did not receive any communication since September 17, when your predecessor, Jennifer Glad, never called me back to schedule a time to speak.  Further, Mike Zeller made proposals to address the Zeus tapes at the parties' meet and confer on November 21, 2007. Even though Tim Miller said he would consult with MGA's experts and get back to us, we heard nothing further from MGA on the topic for over two weeks. Once we did hear back, I called you promptly and accepted the first available date you offered to discuss it--December 14. Given the fact that my first conversation with you was only a week ago, and my response is precisely within the timeframe I told you, I do not understand the repeated sense of urgency your recent communications attempt to portray.

Turning to the issue at hand, MGA proposed for the first time last Friday that Mattel produce a listing of the directories and sub-directories on Zeus for a certain period of time (you suggested 1998-2001). I have looked into the matter and believe that we should be able to produce a listing of the directories and sub-directories from January 1, 1998 through December 31, 2001 (reflecting all files and sub-files that were created or modified within that date range) from the Zeus back-up tapes.

Before doing that, however, we ask that you confirm that this is the final method by which MGA would attempt to identify potentially relevant documents that you might thereafter request with particularity.  As you know (and as described generally above), we have discussed with MGA's counsel on several occasions for many months the various options for further searching the Zeus backup tapes, including, for example, by the use of additional "keyword searches" (with the inherent limitations such searches have because of the voluminous number of graphical files on the Zeus tapes) or by providing MGA with tapes from the approximately 5,000 Zeus back-up tapes which Mattel has in storage to search for itself (subject to a discussion of any appropriate cost shifting requirements). Indeed, most recently, Mike Zeller had discussed those two options with MGA's counsel during the meet and confer on November 21.

You have now proposed that we produce to MGA the directories and sub-directories for a specified period of time presumably because that is, in your judgment, the best method for MGA to identify specifically relevant documents. We do not want to go through the considerable time, effort and expense of generating such a listing for production to MGA for MGA only then to insist on a different course, such as seeking the production of tapes, since MGA could itself generate a file listing from the tapes themselves and thus would render Mattel's creation of the listing for MGA a wasted, duplicative effort.

If this is acceptable to you, we can proceed to generate such a listing for production and can determine a schedule by which to provide you with this listing. I look forward to hearing from you.

Regards,

Christopher Tayback

-------------------------------------------------------------------------------
To ensure compliance with Treasury Department regulations, we advise you that, unles

***************************************************
This email and any attachments thereto, is intended only for use by the addressee(s)

Further information about the firm, a list of the Partners and their professional qu
***************************************************

EXHIBIT 15 PAGE 246

EXHIBIT   5   PAGE  24

==================================================================================

EXHIBIT __15__ PAGE __247__

EXHIBIT __ 5 _ PAGE __25__

1/4/2008

# EXHIBIT 16

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 17

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**