QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 90378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Hon. Edward Infante (Ret.) Pursuant To Order Of December 6, 2006]**<br><br>[PUBLIC REDACTED] DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO MGA'S MOTION TO COMPEL DISCOVERY AS TO ISSUES WHICH MATTEL HAS PURPORTEDLY WAIVED THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES BY CLAIM ASSERTION<br><br>Hearing Date: February 11, 2008<br>Time: 8:30 a.m.<br>Place: Telephonic<br><br>**Phase 1**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

I, Michael T. Zeller, declare as follows:

1. I am a member of the Bars of the States of California, New York and Illinois, am admitted to practice before this Court and am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and cross-defendant Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. Attached as Exhibit 1 is a true and correct copy of the relevant portions of MGA's First Set of Requests for the Production of Documents and Things on Mattel, dated January 31, 2005.

3. I have been involved in the preparation of Mattel's responses to Interrogatory Nos. 5 and 9-11, which are addressed by MGA in the motion at bar. Mattel has not withheld any information in response to these interrogatories on privileged grounds. Attached as Exhibit 2 is a true and correct copy of the relevant portions of Mattel's Supplemental Responses to MGA's First Set of Interrogatories, dated December 7, 2007.

4. I have been involved in the preparation of Mattel's response to Request for Admission No. 241, which is addressed by MGA in the motion at bar. Mattel's denial of Request for Admission No. 241 was not limited on privileged grounds. Attached as Exhibit 3 is a true and correct copy of the relevant portions of Mattel's Amended and Supplemental Responses to MGA's Second Set of Requests for Admission, dated December 3, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of January, 2008, at Los Angeles, California.

_____
Michael T. Zeller

**EXHIBIT 1**

JAN 31 2005

1  DIANA M. TORRES (S.B. #162284)
   PAULA E. AMBROSINI (S.B. # 193126)
2  ALICIA C. MEYER (S.B. #230189)
   O'MELVENY & MYERS, LLP
3  400 South Hope Street
   Los Angeles, California 90071-2899
4  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
5
6  Attorneys for Defendant-in-Intervention,
   MGA Entertainment, Inc.
7
8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation, | Case No. CV04-9059 NM (RNBx) |
| Plaintiff, | **MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS** |
| v. | |
| CARTER BRYANT, an individual, and MGA ENTERTAINMENT, INC., a California Corporation | Date Filed: April 27, 2004 |
| | Discovery cut-off: None |
| Defendant and Defendant-in-Intervention. | |

PROPOUNDING PARTY:    MGA ENTERTAINMENT, INC.

RESPONDING PARTY:     MATTEL, INC.

SET NO.               ONE

EXHIBIT 1 PAGE 2

**REQUEST NO. 185.:**

All DOCUMENTS constituting, mentioning, referring to, or relating to YOUR discovery of, and any efforts made by YOU to discover, the source, author, designer, creator, and owner of any good sold marketed, or distributed by MGA, or any image, slogan, logo, brand, trademark, trade dress, service mark or other matter, which YOU believe is the same as or similar to any idea, concept, creation, design or other work or property owned by YOU, including that date of any such discovery and discovery efforts.

**REQUEST NO. 186.:**

All DOCUMENTS evidencing, mentioning, referring to, or relating to BRYANT's involvement with, work on, or connection to the conception, design, creation or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 187.:**

All DOCUMENTS evidencing, mentioning, referring to, or relating to BRYANT's involvement with, contract with, and work with or for MGA.

**REQUEST NO. 188.:**

All DOCUMENTS mentioning, referring to, or relating to YOUR decision to sue BRYANT including, without limitation, COMMUNICATIONS mentioning, discussing, describing, referring to, or relating to the reasons and factors that influenced the decision, the timing of the decision, and the date and manner in which YOU made the decision.

**REQUEST NO. 189.:**

All DOCUMENTS mentioning, referring to, or relating to any consideration given by MATTEL to acquiring MGA.

EXHIBIT 1 PAGE 3

**REQUEST NO. 190.:**

All DOCUMENTS mentioning, referring to, or relating to any decision not to sue BRYANT including, without limitation, COMMUNICATIONS mentioning, discussing, describing, referring to, or relating to the reasons and factors that influenced the decision, the timing of the decision, and the date and manner in which YOU made the decision.

**REQUEST NO. 191.:**

All DOCUMENTS evidencing, mentioning, referring to, or relating to the date and manner in which YOU first learned of BRYANT's involvement with, work on, and connection to the conception, design, creation or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 192.:**

All DOCUMENTS evidencing, mentioning, referring to, or relating to the date and manner in which YOU first learned of BRYANT's involvement with, contract with, and work with or for MGA.

**REQUEST NO. 193.:**

All DOCUMENTS evidencing, supporting, documenting or relating to the reasons why YOU did not file a lawsuit against BRYANT sooner than the date of YOUR original complaint including, without limitation, DOCUMENTS evidencing or reflecting YOUR efforts to investigate BRYANT's involvement with, contract with, and work with or for MGA.

**REQUEST NO. 194.:**

All DOCUMENTS evidencing, supporting, documenting or relating to the reasons why YOU did not file a lawsuit against BRYANT sooner than the date of YOUR original complaint including, without limitation, DOCUMENTS evidencing or

reflecting YOUR efforts to investigate the nature and scope of BRYANT's involvement with, work on, or connection to the conception, design, creation or development of BRATZ.

**REQUEST NO. 195.:**

All DOCUMENTS evidencing, supporting, documenting or relating to the reasons why YOU did not file a lawsuit against BRYANT sooner than the date of YOUR original complaint including, without limitation, all non-privileged DOCUMENTS evidencing or reflecting YOUR efforts to investigate the nature and scope of BRYANT's involvement with, work on, or connection to the conception, design, creation or development of BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 196.:**

All DOCUMENTS mentioning, referring to, or relating to this lawsuit including, without limitation, COMMUNICATIONS with third parties and the press about this lawsuit or that mention, refer to, or relate to this lawsuit.

**REQUEST NO. 197.:**

All COMMUNICATIONS between YOU and MGA.

**REQUEST NO. 198.:**

All COMMUNICATIONS between YOU and Isaac Larian.

**REQUEST NO. 199.:**

All COMMUNICATIONS between YOU and BRYANT.

**REQUEST NO. 200.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to BRYANT.

EXHIBIT 1 PAGE 5

**REQUEST NO. 329.:**

All DOCUMENTS constituting, identifying, evidencing, describing, showing or depicting the "used and diverted Mattel ... resources" mentioned in paragraph 36 of the COMPLAINT.

**REQUEST NO. 330.:**

All DOCUMENTS identifying, evidencing or describing the "used and diverted ... opportunities" mentioned in paragraph 36 of the COMPLAINT.

**REQUEST NO. 331.:**

All DOCUMENTS estimating, calculating, determining or evidencing the amount by which "Defendants have been unjustly enriched" as alleged in paragraph 36 of the COMPLAINT.

**REQUEST NO. 332.:**

All DOCUMENTS constituting, identifying, evidencing, describing, showing, depicting, discussing, mentioning, referring and relating to the "ideas, concepts, rights designs, proprietary information, and other intellectual property and intangible property created by Bryant" alleged to be the "property of Mattel" in paragraph 41 of the COMPLAINT.

Dated: January 31, 2004

DIANA M. TORRES
PAULA E. AMBROSINI
ALICIA C. MEYER
O'MELVENY & MYERS LLP

*/s/ Paula E. A.*

Paula E. Ambrosini,
Attorneys for MGA Entertainment, Inc.

EXHIBIT 1 PAGE 6

# PROOF OF SERVICE

I, Suzanne I. Jimenez, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On January 31, 2005, I served the within document:

**MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ by putting a true and correct copy thereof, together with an unsigned copy of this declaration, in a sealed envelope designated by the carrier, with delivery fees paid or provided for, for delivery the same business day to the person(s) listed above. I am readily familiar with this firm's practice for collection and processing of overnight courier correspondence. In the ordinary course of business, such correspondence collected from me would be processed on the same day, with fees thereon fully prepaid.

Michael T. Zeller  **VIA HAND-DELIVERY**
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel: (213) 443-3000
Fax: (213) 443-3100

Keith Jacoby  **VIA REGULAR MAIL**
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Tel: (310) 553-0308
Fax: (310) 553-5583

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on January 31, 2005, at Los Angeles, California.

*/s/ Suzanne I. Jimenez*
Suzanne I. Jimenez

EXHIBIT 1 PAGE 7

**EXHIBIT 2**

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT 3**

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff
Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>            Defendant,<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-09049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-9059 and CV 05-2727<br><br>Hon. Stephen G. Larson<br><br>MATTEL, INC.'S AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION |

PROPOUNDING PARTY: MGA ENTERTAINMENT, INC.

RESPONDING PARTY: MATTEL, INC.

SET NO.: TWO (2)

merchandise commonly known as, or sold and marketed under the 'Bratz' trademark or trade dress." This, necessarily, includes matters that presumably were created after 2001 and therefore renders the Request incomprehensible.

Subject to and without waiving the foregoing objections, Mattel responds: Mattel denies that when it first saw a Bratz doll it knew or had any reason to know that Bryant had created or conceived any aspect of Bratz during the time that he was employed by Mattel and that MGA, Bryant and others were therefore infringing Mattel's rights in such Bratz works at the time.

REQUEST FOR ADMISSION NO. 241:

Admit that when MATTEL saw a BRATZ doll in 2001, it investigated whether the doll infringed one or more MATTEL copyrights.

RESPONSE TO REQUEST FOR ADMISSION NO. 241:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for information that is not relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Mattel further objects to this Request as compound and conjunctive. Mattel further objects to this Request as vague and ambiguous. In particular, the term "Mattel," as defined by MGA, includes past employees like Bryant. Mattel further objects to this Request on the grounds that it is undefined, oppressive, overbroad and unduly burdensome in that it seeks an admission for each "image, character, logo, doll, toy, accessory, product, packaging, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the 'Bratz' trademark

1  or trade dress." This, necessarily, includes matters that presumably were created
2  after 2001 and therefore renders the Request incomprehensible.
3          Subject to and without waiving the foregoing objections, Mattel
4  responds: Mattel denies that in 2001 it investigated whether, or knew or had any
5  reason to know that, Bryant had created or conceived any aspect of Bratz during the
6  time that he was employed by Mattel and that MGA, Bryant and others were
7  therefore infringing Mattel's rights in such Bratz works at the time.
8
9  REQUEST FOR ADMISSION NO. 247:
10         Admit that when MATTEL saw a BRATZ doll in 2001, it attempted to
11 identify the owner of the work.
12
13 RESPONSE TO REQUEST FOR ADMISSION NO. 247:
14         In addition to the foregoing general objections, which are incorporated
15 herein by reference, Mattel objects to this Request on the grounds that it is
16 compound, and vague and ambiguous to the point where it is unintelligible,
17 rendering Mattel unable to frame a response. Specifically, MGA defines "Mattel"
18 so broadly that the definition encompasses any past or present employee, including
19 Bryant. Mattel further objects to this Request on the grounds that it calls for
20 information that is not relevant to this action, nor reasonably calculated to lead to
21 the discovery of admissible evidence. Mattel further objects to this Request on the
22 grounds that it calls for the disclosure of information subject to the attorney-client
23 privilege, the work product doctrine and other applicable privileges. Mattel further
24 objects to this Request as compound and conjunctive. Mattel further objects to this
25 Request on the grounds that it is undefined, oppressive, overbroad and unduly
26 burdensome in that it seeks an admission for each "image, character, logo, doll, toy,
27 accessory, product, packaging, or other thing or matter that is or has ever been
28 manufactured, marketed or sold by MGA, or others under license, as part of a line of

1  (including without limitation the name "Bratz") while he was a Mattel employee and
2  not in 1998 as he testified.
3
4  DATED: December 3, 2007　　　　QUINN EMANUEL URQUHART OLIVER &
　　　　　　　　　　　　　　　　　　　　HEDGES, LLP
5
6　　　　　　　　　　　　　　　　　　By /s/ B. Dylan Proctor TB
7　　　　　　　　　　　　　　　　　　　　B. Dylan Proctor
　　　　　　　　　　　　　　　　　　　　Attorneys for Mattel, Inc.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

07209/2238755.6

-157-
MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

EXHIBIT 3 PAGE 24

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On December 4, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION** on the parties in this action as follows:

| | |
|---|---|
| Thomas J. Nolan, Esq.<br>**Skadden, Arps, Slate, Meagher & Flom LLP**<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071 | Mark E. Overland, Esq.<br>David C. Scheper, Esq.<br>Alexander H. Cote, Esq.<br>**Overland Borenstein Scheper & Kim, LLP**<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071 |
| John W. Keker, Esq.<br>Michael H. Page, Esq.<br>Christina M. Anderson, Esq.<br>**Keker & Van Nest, LLP**<br>710 Sansome Street<br>San Francisco, CA 94111 | |

[√]   **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

Executed on December 4, 2007, at Los Angeles, California.

Tamar Buchakjian

07209/2312830.1

EXHIBIT 3 PAGE 25