QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

FILED
CLERK, U.S. DISTRICT COURT

JAN 3 1 2008

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION          BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                Plaintiff,<br><br>          vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order of December 6, 2006]<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED; AND MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:  Feb. 8, 2008<br>Time:  9:30 a.m.<br>Place: TBA<br><br>**Phase I**<br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Mattel, Inc. will, and hereby does, move the Court, pursuant to Federal Rules of Civil Procedure 26 and 37, for an order compelling MGA Entertainment, Inc. and Isaac Larian to immediately (1) produce all documents they have improperly withheld under a claim of privilege, either in their entirety or in redacted form, and (2) provide amended privilege logs for any documents or portions of documents they continue to withhold on a claim of privilege to enable Mattel to assess their privilege claims and, if necessary, engage in follow-up motion practice to obtain compliance. This Motion shall be heard by the Honorable Edward Infante, Discovery Master, on February 8, 2007, at 9:30 a.m., or at another date and time set by Judge Infante.

This Motion is made pursuant to Federal Rules of Civil Procedure 26 and 37 on the grounds that MGA and Isaac Larian are withholding non-privileged information that is relevant to Mattel's claims because MGA and Isaac Larian have, as a consistent practice, improperly withheld documents in their entirety whenever they allegedly contain some privileged information.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan Proctor filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

### Statement of Rule 37-1 Compliance

The parties met and conferred on December 17, 2007, and times thereafter, regarding the issues set forth in this motion.

DATED: January 21, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By B. Dylan Proctor /ZDK
B. Dylan Proctor
Attorneys for Plaintiff
Mattel, Inc.

07209/2353488.4

1

Case No. CV 04-9049 SGL (RNBx)
MATTEL'S MOTION TO COMPEL PRODUCTION OF PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

For months, MGA took the position that it could withhold *entire* documents because *portions* contained privileged communications. Recognizing the indefensibility of that position, MGA's new counsel has agreed to "produce in redacted form any documents which we determine are capable of being redacted without revealing privileged information" and also to prepare revised privilege logs.[1] But MGA's newfound respect for this bedrock discovery obligation has turned out to be illusory. Once MGA finally agreed to correct its deficient logs in late December, Mattel made the reasonable request that, given the approaching January 28, 2008 cut-off date for Phase I discovery, MGA should make its belated production of the redacted documents and revised privilege logs promptly. MGA declined to so agree and has been unwilling to make any commitment as to when the revised privilege logs will be provided. MGA also declined to enter into a stipulation to permit Mattel to undertake necessary follow-up discovery, and to allow Mattel to assess MGA's privilege claims, after properly revised logs are received and the redacted documents are produced.[2]

Thus, MGA seeks to benefit from its delay by making production either so close to or even after the January 28 cut-off that Mattel could be denied any

---

[1] Dec. 24, 2007 letter from Jose Allen to B.D. Proctor, attached at Exhibit 4 to the concurrently filed Declaration of B. Dylan Proctor ("Proctor Decl.").

[2] Mattel proposed to address the problem of MGA's delays and the looming discovery cut-off by asking MGA to stipulate that any necessary follow-up relating to the revised privilege logs and redacted documents could occur after the cut-off date. But MGA, continuing its pattern of obduracy, refused on the grounds that "it is important to bring the [discovery] process to a close and focus attention on the trial of the case." Jan. 7, 2008 letter from J. Allen to B.D. Proctor, at 1 (Proctor Decl., Ex. 7). Of course, if that were MGA's concern, it would have produced these documents -- which the Discovery Master has already compelled in prior Orders -- in properly redacted form and provided its corrected privilege logs long ago.

07209/2353488.4

-1-
MATTEL'S MOTION TO COMPEL PRODUCTION OF PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED

meaningful opportunity for relief. Mattel, in other words, would be left with only MGA's word -- left with the blind hope that when MGA eventually produces its withheld documents in redacted form it will do so properly, withholding only information that truly is privileged. That is untenable. Accordingly, Mattel is left with no option other than to file the instant motion to compel MGA to produce the documents and redacted documents and amended privilege logs that, as MGA now concedes, it should have produced long ago.

### Statement of Facts

Mattel will not burden the Discovery Master with a lengthy description of MGA's unjustified delay in producing privilege logs. This Court is already familiar with that saga, having found that "the privilege logs submitted by MGA are untimely" and expressed "disappoint[ment] [] in the way discovery has been produced" by MGA.[3]

Unfortunately, the supplemental privilege logs that MGA finally produced in August and September 2007 had numerous deficiencies.[4] Most significantly, MGA's prior counsel had taken the position that documents which contained *any* privileged material could be withheld in their entirety rather than produced in redacted form.[5] The parties engaged in a lengthy meet-and-confer process aimed at resolving the various inadequacies in MGA's logs.[6] Although MGA initially opposed any substantial revision to the logs, it eventually conceded that its

---

[3] Tr. of Dec. 14, 2007 Hearing, at 27:24-25, 28:11-12 (Proctor Decl., Ex. 13).
[4] See MGA's Supplemental Privilege Log, dated August 14, 2007 ("August Log") (Proctor Decl., Ex. 14); MGA's Supplemental Privilege Log, dated September 5, 2007 ("September Log") (Proctor Decl., Ex. 15).
[5] Proctor Decl. ¶ 2.
[6] See Dec. 7, 2007 letter from B.D. Proctor to T. Miller & M. Mumford (Proctor Decl., Ex. 1); Dec. 7, 2007 letter from R. Herrington to B.D. Proctor (Proctor Decl., Ex. 2); Dec. 21, 2007 letter from B.D. Proctor to J. Allen & R. Herrington (Proctor Decl., Ex. 3).

prior approach regarding the logs was problematic and agreed to (1) "conduct a review of all the documents listed on those logs" and (2) produce those documents which include non-privileged information, either in their entirety or in redacted form.[7] Additionally, MGA agreed to update the logs, where necessary, with more detailed descriptions to provide a sufficient basis for the claim of privilege.[8] As MGA acknowledged, the current descriptions are generally conclusory.[9]

On January 2, 2008, MGA indicated that these long overdue steps would take approximately three weeks to complete.[10] Given the fast-approaching January 28, 2008 cut-off date for Phase I discovery, Mattel proposed that the parties enter into a stipulation that would allow any necessary follow-up regarding the revised logs, including motion practice if necessary, to occur after the close of phase I discovery (whether the entries or documents related to Phase I or II of this litigation).[11]

However, on January 7, 2008 MGA rejected Mattel's proposed stipulation, stating that "it is important to bring the process to a close and focus attention on the trial of the case."[12] Thus, MGA proposed that Mattel should simply accept whatever MGA decides to give Mattel when MGA finally corrects its logs and produces documents in redacted form, whether it does so properly or not. Additionally, retreating from its initial estimate, MGA claimed that rectifying the deficiencies in its logs would "take considerably more time" than the three weeks it had previously suggested.[13] To this date, MGA has not stated when it will fulfill its obligations to provide revised supplemental logs and produce documents, either in

---

[7] See Dec. 24, 2007 letter from J. Allen to B.D. Proctor (Proctor Decl., Ex. 4).
[8] See id.
[9] Proctor Decl. ¶ 4.
[10] See Jan. 2, 2008 letter from B.D. Proctor to J. Allen (Proctor Decl., Ex. 6).
[11] See Dec. 27, 2007 letter from B.D. Proctor to J. Allen & R. Herrington (Proctor Decl., Ex. 5).
[12] Jan. 7, 2008 letter from J. Allen to B.D. Proctor, at 1 (Proctor Decl., Ex. 7).
[13] See id.

full or in redacted form, that were improperly withheld as privileged. Nor, to this date, has MGA produced *any* of the improperly withheld documents in redacted form (or in their entirety), notwithstanding its commitment to provide the documents and amendments to its logs on a rolling basis to enable Mattel to assess its claims of privilege.[14] MGA is attempting to prejudice Mattel's ability to obtain non-privileged information contained in the many, many thousands of documents it has withheld in their entirety on privilege grounds.

Moreover, MGA's new counsel's initial representations to Mattel about their claimed practice of producing documents in redacted form have turned out to be incorrect. When Mattel first broached this issue with MGA's new counsel, they explained that, unlike MGA's prior counsel, they recognized the obligation to produce non-privileged portions of documents and have done so in the productions and logs they have provided.[15] However, a review of the only substantial log produced by new counsel to date -- a log produced on November 15, 2007, which purports to relate to MGA's October 17 and 19, 2007 productions -- shows that MGA's new counsel has substantially continued prior counsel's improper practice.[16] In fact, MGA confirmed for the first time on January 18, 2007, that it has withheld the *entirety* of each and every document listed in the 3,427 entries on that log.[17] Only after Mattel explained that it had never received any other log relating to documents produced in redacted form from these productions, and that Mattel intended to move to compel, did MGA belatedly send a letter, on January 18, 2007, stating it was producing a "redactions

---

[14] *See* Proctor Decl. ¶ 5.
[15] *See* Dec. 24, 2007 letter from J. Allen to B.D. Proctor (Proctor Decl., Ex. 4).
[16] *See* Privilege Log for MGA's October 17 and October 19, 2007 Document Productions ("October Log"), dated November 15, 2007 (Proctor Decl., Ex. 16).
[17] *See* Proctor Decl. ¶ 9.

07209/2353488.4

-4-
MATTEL'S MOTION TO COMPEL PRODUCTION OF PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED

log" relating to the October 17 and 19 productions.[18] Mattel has not yet received that log.[19] Further, Mr. Larian's recently produced log appears prepared on the same basis -- all the entries appear to have been withheld in their entirety.[20]

### Argument

The rule that documents privileged in part must be produced in redacted form (rather than withheld entirely) is so well-settled that it barely requires citation. *See, e.g., Linder v. National Security Agency*, 94 F.3d 693, 698 (D.C. Cir. 1996) ("redaction may often be a proper and feasible technique in cases involving privileged documents"); *Jesco Constr. Corp. v. Nationsbank Corp.*, No. 98-1657, 2000 WL 739297, at *3 (E.D. La. June 7, 2000) (ordering any privileged portions "should be blacked-out, however no pages are to be withheld in their entirety"); *Leach v. Quality Health Servs.*, 162 F.R.D. 499, 502 (E.D. Pa. 1995) ("the Law Firm should produce its actual billing records, but should redact any privileged information appearing therein"); *Reich v. Local 1, American Postal Workers Union, AFL-CIO*, No. 93 C 5167, 1994 WL 33971, *3 (N.D. Ill. Feb. 4, 1994) ("to the extent that documents can be redacted to omit potentially compromising information, the Secretary is directed to produce these documents"); *G-69 v. Degnan*, 130 F.R.D. 326, 328 (D.N.J. 1990) (discussing court's order that "redacted copies of [allegedly privileged] documents shall be furnished to plaintiffs' counsel to the extent that such redactions of privileged information are feasible").

---

[18] *See* Jan. 18 letter from A. Park to B.D. Proctor (Proctor Decl., Ex. 9); *see also* Proctor Decl. ¶ 13.
[19] *See* Proctor Decl. ¶ 9.
[20] *See* Larian Privilege Log, dated January 15, 2008, Proctor Decl., Ex. 17. Mattel is also concerned that it has not yet received all of the privilege logs the Court has compelled MGA to produce. Mattel is continuing the meet and confer process in an effort to resolve this matter without burdening the Court with further motion practice. *See* Jan. 19, 2008 letter from B.D. Proctor to A. Park (Proctor Decl., Ex. 10).

MGA nonetheless initially took the remarkable position that documents containing both privileged and non-privileged matter may be withheld in their entirety. Although MGA's new counsel recently conceded that MGA's position was not defensible, it has refused to provide a date certain for MGA's belated production of these documents (and revised privilege logs) or to stipulate that any follow-up discovery concerning these documents can be conducted. It would be unfair to allow MGA's delay in fulfilling its plain discovery obligations to prejudice Mattel, especially given the lack of merit to MGA's prior position, its poor track record on discovery matters generally and its past improper conduct with respect to the logs specifically.[21]

Further, although it has nominally abandoned it, MGA's new counsel appears nonetheless to be standing by former counsel's concededly improper position that MGA can withhold the entirety of documents. In the one substantial new log MGA's new counsel has produced, MGA has withheld 3,427 documents in their entirety, a great many of which are communications between non-lawyers.[22] Moreover, MGA's new counsel recently confirmed that MGA intends to withhold the entirety of numerous documents which clearly must contain some non-privileged information.

---

[21] *See, e.g.*, Dec. 14, 2007 Hearing, at 28:11-12 (Proctor Decl., Ex. 13) ("I am not satisfied, and indeed I'm disappointed, in the way discovery has been produced").

[22] *See, e.g.*, October Log No. 267, at 19 (email between Isaac Larian and his assistant) (Proctor Decl., Ex. 16); *see also* October Log Nos. 3, 8, 39, 71, 104, 134, 135, 175, 261, 539, 546, 824, 1036, 1046, 1047, 1068, 1123, 1124, 1406, 1462, 1463, 1466, 1467, 1481, 1506, 1514, 1780, 1781, 1782, 1784, 1941, 1942, 2063, 2073, 2074, 2090, 2101, 2117, 2256, 2259, 2260, 2262, 2263, 2267, 2269, 2271, 2274, 2672, 2677, 2694, 2724, 2728, 2732, 2761, 2765, 2772, 2775, 2786, 2787, 2802, 2807, 2814, 2815, 2830, 2833, 2845, 2848, 2849, 2851, 2852, 2853, 3213, 3299, 3332, 2226, 2227, 2240, 3360, 3367, 3368 (Proctor Decl., Ex. 16).

For example, MGA recently confirmed, after discussion, that it will not produce the document associated with August log entry 1058 even in redacted form.[23] Entry 1058 is listed as an email "conveying legal advice received from counsel regarding trademark use and registration for Prayer Angels," sent by Kerri Legg to Paula Treantafelles and Isaac Larian -- none of whom is an attorney -- on August 18, 2000.[24] While an email that is not sent to or from counsel certainly can contain some privileged information, it is unlikely that the entirety of such a non-lawyer communication will be privileged. While on the one hand promising to produce documents in redacted form as it recognizes it must, MGA steadfastly refuses to do so as to this non-lawyer communication, and many others.[25]

To take another example, MGA has confirmed, after discussion, that it will not produce the document associated with entry number 2857 on its September log even in redacted form.[26] The log describes this document as an email sent by Lucy Arant, MGA's trademark prosecution lawyer at the time, to Kerri Legg, an MGA employee, on August 17, 2000, "containing attorney-client communications made for the purpose of rendering legal advice regarding potential US trademark registration."[27] While this is at least an attorney-client communication, and may contain some privileged communications, MGA improperly refuses to even disclose what "potential US trademark" the communications relate to. Identifying the subject

---

[23] See Proctor Decl. ¶ 10.
[24] See August Log No. 1058, at 197 (Proctor Decl., Ex. 14).
[25] See Proctor Decl. ¶ 10. August Log Nos. 914, 916, and 931 represent some of the other communications between non-lawyer MGA employees which, upon reflection, MGA continues to refuse to produce even in redacted form. See id.; August Log Nos. 914, 916, and 93, at 174, 176 (Proctor Decl., Ex. 14.) (Two of these entries reflect that they were sent to "Dennis Medici, Esq." However, Mr. Medici is and was not an attorney, as MGA has acknowledged. Proctor Decl. ¶ 10.)
[26] Proctor Decl. ¶ 10.
[27] See September Log No. 2857, at 374 (Proctor Decl., Ex. 15).

07209/2353488.4

-7-
MATTEL'S MOTION TO COMPEL PRODUCTION OF PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED

matter of the communication -- the mark at issue -- is obviously not privileged. Given that MGA denies ever having even heard of Carter Bryant or Bratz before September 1, 2000,[28] the name of the mark at issue in this communication could be highly relevant, as it could further evidence that MGA was working on Bratz in August 2000. MGA is improperly concealing this information. (The same is true of numerous other entries in MGA's logs as well. For example, entry 434 in MGA's August log lists a "letter message for purposes of rendering legal advice regarding trademark filing in US" that was sent by Alan Rose, one of MGA's intellectual property prosecution lawyers, to Isaac Larian on August 28, *1998*. MGA was willing to confirm the accuracy of that date, but will not disclose what mark was discussed.[29])

        The Discovery Master should order MGA to immediately produce all non-privileged information in the documents it has withheld, along with amended logs with adequate, non-conclusory descriptions. Doing so will ensure that Mattel will have an opportunity to review these important materials, assess MGA's ongoing privilege claims and, if necessary, seek judicial intervention to obtain compliance if MGA still does not produce all non-privileged information in its withheld documents as required. Absent relief, Mattel will be unfairly prejudiced by MGA's ongoing gamesmanship regarding its privilege logs.

---

[28] *See* Isaac Larian Depo. Tr. 66:5-67:14 (Proctor Decl., Ex. 11); Paula Garcia Depo Tr. 186:2-21 (Proctor Decl., Ex. 12).

[29] *See* Proctor Decl. ¶ 10; August Log. No. 434, at 83 (Proctor Decl., Ex. 14).

07209/2353488.4

-8-
MATTEL'S MOTION TO COMPEL PRODUCTION OF PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court order MGA and Larian to immediately (1) produce all documents they have improperly withheld under a claim of privilege, either in their entirety or in redacted form, and (2) provide amended privilege logs for any documents or portions of documents they continue to withhold on a claim of privilege to enable Mattel to assess their privilege claims and, if necessary, engage in follow-up motion practice to obtain compliance.

DATED: January 21, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By B. Dylan Proctor / ZDK
B. Dylan Proctor
Attorneys for Plaintiff
Mattel, Inc.