QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated With Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]<br><br>[PUBLICLY REDACTED] DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL MGA TO PRODUCE COMMUNICATIONS REGARDING THIS ACTION<br><br>Date: T.B.D.<br>Time: T.B.D.<br>Place: T.B.D.<br><br>**Phase 1:**<br>Discovery Cutoff: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |
|---|---|

# DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1. I am a member of the bar of the State of California and a member of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. On March 14, 2005, Mattel propounded its First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment Inc. (the "Requests"). Request for Production No. 48, included within the Requests, seeks "[a]ll non-privileged COMMUNICATIONS between YOU and any PERSON that REFER or RELATE TO this action." Attached as Exhibit 1 is a true and correct copy of the Requests, dated March 14, 2005.

3. Attached as Exhibit 2 is a true and correct copy of MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things, dated April 13, 2005. MGA objected and refused to produce any documents in response to Mattel's Request No. 48, *inter alia*, on the grounds that the Request sought documents that were not relevant and that the Request was overbroad, unduly burdensome and oppressive.

4. On January 10, 2008, I wrote to Timothy Miller, Esq., counsel for MGA, to request a conference of counsel on Request No. 48, in part to determine whether MGA continued to withhold any documents responsive to that Request. Attached as Exhibit 3 is a true and correct copy of the letter I sent to Mr. Miller, dated January 10, 2008.

5. On January 18, 2008, I met and conferred by telephone with Amy Park, counsel for MGA, regarding this matter. During the parties' telephonic conference, MGA objected that the Request purportedly is overbroad and unduly burdensome, but did not voice any other objections to the Request or dispute the relevance of

1  responsive communications. The parties also discussed the scope of the Request,
2  including whether Mattel was seeking only communications between MGA and
3  third parties or also internal communications between MGA employees. Attached
4  as Exhibit 4 is a true and correct copy of a letter I sent to Ms. Park on January 18,
5  2008, after our telephonic conference. Attached as Exhibit 5 is a true and correct
6  copy of a letter that Ms. Park sent to me.

7      6.    I then met and conferred again with Ms. Park repeatedly, on January 22
8  and 29 and February 1 and 4, 2008. During these conferences, MGA confirmed that
9  some responsive documents had already been produced, but only insofar as they are
10 responsive to other requests. In particular, Ms. Park contended that MGA had
11 produced documents in response to the following requests: (a) Request Nos. 31, 49
12 and 50 in the First Set of Requests; (b) Request Nos. 7, 8, 11, 12 and 44 in Mattel's
13 First Set of Requests for Documents and Things Re Claims of Unfair Competition to
14 MGA (the "First Set of Unfair Competition RFPs"); and (c) Request Nos. 116, 153
15 and 216 in Mattel's First Set of Requests for Production and Things to Isaac Larian
16 (the "First Set of RFPs to Larian"). Attached as Exhibit 6 is a true and correct copy
17 of the First Set of Unfair Competition RFPs. Attached as Exhibit 7 is a true and
18 correct copy of the First Set of RFPs to Larian. While some of these requests may
19 encompass some of the communications at issue in this motion, most of the
20 communications would appear not to be captured by these requests. Ms. Park did
21 not suggest otherwise during our calls -- at no point was it suggested that all or even
22 most of the communications at issue now have actually been searched for or
23 produced.

24     7.    During our conferences, I explained to Ms. Park that Mattel seeks both
25 communications between MGA and third parties and also internal communications
26 between MGA employees. However, in the interest of resolving the parties' dispute
27 informally, I offered to limit the scope of Request No. 48 to communications that
28

refer or relate to this action that (i) involve at least one MGA employee who holds or held a position of manager or higher; (ii) involve MGA's agents and/or attorneys acting on MGA's behalf; or (iii) involve a former Mattel employee who communicated about this action while employed by MGA, regardless of title.

8. After considering Mattel's offer, MGA agreed to search for and produce the first category of documents, but demanded that Mattel pay. MGA estimated the cost would be somewhere between $20,000 and $45,000. (According to MGA, approximately 150 employees hold the title of "manager" or "supervisor" or higher.) However, without explanation MGA steadfastly refused to produce the second category of documents -- non-privileged communications relating to this action involving its agents and attorneys acting on MGA's behalf. MGA has not yet taken a firm position regarding the third category of communications involving former Mattel employees.

9. Attached as Exhibit 8 is a true and correct copy of the publicly-redacted version of Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and Counterclaims, dated July 12, 2007.

10. Attached as Exhibit 9 is a true and correct copy of Mattel's Supplemental Responses to MGA's First Set of Interrogatories to Mattel, Inc., dated December 7, 2007.

11. Attached as Exhibit 10 is a true and correct copy of MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Revised Third Set of Interrogatories, dated November 30, 2007.

12. Attached as Exhibit 11 is a true and correct copy of the Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by MGA; Denying Request for Monetary Sanctions, dated August 13, 2007.

1  13. Attached as Exhibit 12 is a true and correct copy of a roster of MGA
2  employees, produced by MGA to Mattel during discovery in this action.
3  14. Attached as Exhibit 13 is a true and correct copy of Mattel's and
4  MGA's Stipulation Extending Mattel, Inc.'s Time to File Motion to Compel
5  Regarding Request for Production No. 48; and [Proposed] Order, dated January 28,
6  2008.
7  I declare under penalty of perjury under the laws of the United States of
8  America that the foregoing is true and correct.
9  Executed on February 4, 2008, at Los Angeles, California.

B. Dylan Proctor