# Exhibit 1

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
     Shane H. McKenzie (Bar No. 228978)
3  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
4  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
5
   Attorneys for Plaintiff and Counter-Defendant
6  Mattel, Inc.

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11

12  MATTEL, INC., a Delaware corporation,    )  Case No. CV 04-09059 NM (RNBx)
                                             )
13                 Plaintiff,                )
                                             )  MATTEL, INC.'S FIRST SET OF
14         v.                                )  REQUESTS FOR PRODUCTION
                                             )  OF DOCUMENTS AND
15  CARTER BRYANT, an individual             )  TANGIBLE THINGS TO MGA
                                             )  ENTERTAINMENT INC.
16                 Defendant.                )
                                             )
17  _____     )
                                             )
18  CARTER BRYANT, on behalf of himself,     )
    all present and former employees of      )
19  Mattel, Inc., and the general public,     )
                                             )
20                 Counterclaimant,          )
                                             )
21         v.                                )
                                             )
22  MATTEL, INC., a Delaware corporation,    )
                                             )
23                 Counter-defendant.        )
                                             )
24

25

26

27

28

EXHIBIT ___1___, PAGE ___5___

3/14

07209/642197.1

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff

2    and Counter-Defendant Mattel, Inc. hereby requests that MGA Entertainment Inc.

3    make available for inspection and copying the following documents and things

4    within thirty days of the service of these Requests, at the offices of Quinn Emanuel

5    Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor, Los

6    Angeles, California 90036.

7        These Requests shall be deemed to be continuing, and MGA

8    Entertainment Inc. shall be obligated to supplement its responses to these requests

9    at such times and to the extent required by Rule 26(e) of the Federal Rules of Civil

10   Procedure.

11

12                           DEFINITIONS

13

14       For purposes of this Request for Production of Documents:

15       A.    "YOU" or "YOUR" means MGA Entertainment Inc. and any of

16   its current or former employees, officers, directors, agents, representatives,

17   attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and

18   successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

19   authority or subject to its control.

20       B.    "MATTEL" means Mattel, Inc. and any of its current or former

21   employees, officers, directors, agents, representatives, attorneys, subsidiaries,

22   divisions, affiliates, predecessors-in-interest and successors-in-interest, and any

23   other PERSON acting on its behalf, pursuant to its authority or subject to its

24   control.

25       C.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

26   "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

27   Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not

28   limited to, all writings and records of every type and description including, but not

EXHIBIT __1__, PAGE _6_

FIRST REQUEST FOR PRODUCTION TO MGA

1 | limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,
2 | electronic mail ("e-mail"), records of telephone conversations, handwritten and
3 | typewritten notes of any kind, statements, reports, minutes, recordings, transcripts
4 | and summaries of meetings, voice recordings, pictures, photographs, drawings,
5 | computer cards, tapes, discs, printouts and records of all types, studies, instruction
6 | manuals, policy manuals and statements, books, pamphlets, invoices, canceled
7 | checks and every other device or medium by which or through which information
8 | of any type is transmitted, recorded or preserved.  Without any limitation on the
9 | foregoing, the term "DOCUMENT" shall include all copies that differ in any
10 | respect from the original or other versions of the DOCUMENT, including, but not
11 | limited to, all drafts and all copies of such drafts or originals containing initials,
12 | comments, notations, insertions, corrections, marginal notes, amendments or any
13 | other variation of any kind.

14 |       D.    "REFER OR RELATE TO" means constituting, embodying,
15 | containing, referring to, commenting on, evidencing, regarding, discussing,
16 | describing, mentioning, reflecting, expressing, pertaining to, concerning,
17 | supporting, contradicting, negating, revoking or otherwise relating to in any
18 | manner.

19 |       E.    "PERSON" or "PERSONS" means all natural persons,
20 | partnerships, corporations, joint ventures and any kind of business, legal or public
21 | entity or organization, as well as its, its or her agents, representatives, employees,
22 | officers and directors and any one else acting on its, its or her behalf, pursuant to
23 | its, its or her authority or subject to its, its or her control.

24 |       F.    "BRYANT" means Carter Bryant, any of his current or former
25 | agents, representatives, attorneys, employees, partners, joint venturers,
26 | predecessors-in-interest and successors-in-interest, and any other PERSON acting
27 | on his behalf, pursuant to his authority or subject to his control.

28 |

EXHIBIT ___1___, PAGE __7__

07209/642197.1

-3-

G.   "BRATZ" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also, previously or subsequently called) and any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such doll is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and all prototypes, models, samples and versions of such doll or any portion thereof.

H.   "ANGEL" means any project that is the subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734, and any doll (sometimes purportedly called "Angel," "Angel Faces" and/or "Prayer Angels") or any portion thereof that is the subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734, including all prototypes, models, samples and versions of such doll(s) or any portion thereof.  Without limiting the generality of the foregoing, "ANGEL" means any project or any doll or any portion thereof that is the subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734, regardless of what any such project or doll has in fact been called, and regardless of what any such project or doll is or has been also, previously or subsequently called.

I.   "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

EXHIBIT __1__, PAGE __8__

FIRST REQUEST FOR PRODUCTION TO MGA

J.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

K.    The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and *vice versa*, whenever such construction results in a broader disclosure of documents or information.

## INSTRUCTIONS

A.    Unless otherwise specified, these requests call for DOCUMENTS prepared on or after January 1, 1995 through the present. Documents shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such document is taken shall be copied and appended to such document and the person for whom or department, division, or office for which the document or the file folder is maintained shall be identified.

B.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

C.    In the event that any document called for by these requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that

EXHIBIT __1__, PAGE __9__

-5-

FIRST REQUEST FOR PRODUCTION TO MGA

1  document is to be identified by stating (i) any addressor and addressee; (ii) any

2  indicated or blind copy; (iii) the document's date, subject matter, number of pages,

3  and attachments or appendices; (iv) all persons to whom the document was

4  distributed, shown, or explained; (v) its present custodian; and (vi) the nature of

5  the privilege or immunity asserted.

6          D.    In the event that any document called for by these requests has

7  been destroyed or discarded, that document is to be identified by stating: (i) any

8  addressor and addressee; (ii) any indicated or blind copies; (iii) the document's

9  date, subject matter, number of pages, and attachments or appendices; (iv) all

10  persons to whom the document was distributed, shown, or explained; (v) the date

11  of destruction or discard, manner of destruction or discard, and reason for

12  destruction or discard; (vi) the persons who were authorized to carry out such

13  destruction or discard; and (vii) whether any copies of the document presently

14  exist and, if so, the name of the custodian of each copy.

15

16  **REQUESTS FOR PRODUCTION**

17

18  **REQUEST FOR PRODUCTION NO. 1:**

19          All DOCUMENTS that REFER OR RELATE TO any agreement or

20  contract between YOU and BRYANT, including without limitation all drafts

21  thereof and all actual or proposed amendments, modifications and revisions

22  thereto.

23

24  **REQUEST FOR PRODUCTION NO. 2:**

25          All DOCUMENTS that REFER OR RELATE TO the performance of

26  any agreement or contract between YOU and BRYANT.

27

28

EXHIBIT __I__, PAGE __10__

-6-

FIRST REQUEST FOR PRODUCTION TO MGA

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS that REFER OR RELATE TO the agreement dated as of September 18, 2000 between YOU and BRYANT, including without limitation all drafts thereof and any actual or proposed modifications, amendments or revisions thereto.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS that REFER OR RELATE TO the Modification and Clarification of the Agreement dated as of September 18, 2000 between YOU and BRYANT, including without limitation all drafts thereof and any actual or proposed modifications, amendments or revisions thereto.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS that REFER OR RELATE TO the agreement dated April 2001 between YOU and BRYANT, including without limitation all drafts thereof and any actual or proposed modifications, amendments or revisions thereto.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS prepared, created, received or transmitted (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE TO BRYANT.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that REFER OR RELATE TO any work, activities or services, including without limitation any freelance work or consulting services, that BRYANT performed for or with YOU or on YOUR

EXHIBIT ___I___, PAGE _11_

FIRST REQUEST FOR PRODUCTION TO MGA

1  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was

2  prepared, created, received or transmitted, whether in whole or in part).

3

4  REQUEST FOR PRODUCTION NO. 8:

5        All DOCUMENTS that REFER OR RELATE TO any work,

6  activities or services, including without limitation any freelance work or

7  consulting services, that Anna Rhee performed for or with YOU or on YOUR

8  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was

9  prepared, created, received or transmitted, whether in whole or in part).

10

11  REQUEST FOR PRODUCTION NO. 9:

12        All DOCUMENTS that REFER OR RELATE TO any work,

13  activities or services, including without limitation any freelance work or

14  consulting services, that Veronica Marlow performed for or with YOU or on

15  YOUR behalf prior to January 1, 2001 (regardless of when any such DOCUMENT

16  was prepared, created, received or transmitted, whether in whole or in part).

17

18  REQUEST FOR PRODUCTION NO. 10:

19        All DOCUMENTS that REFER OR RELATE TO any work,

20  activities or services, including without limitation any freelance work or

21  consulting services, that Sarah Halpern performed for or with YOU or on YOUR

22  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was

23  prepared, created, received or transmitted, whether in whole or in part).

24

25  REQUEST FOR PRODUCTION NO. 11:

26        All DOCUMENTS that REFER OR RELATE TO any work,

27  activities or services, including without limitation any freelance work or

28  consulting services, that Jesse Ramirez performed for or with YOU or on YOUR

EXHIBIT __1__, PAGE __12__

FIRST REQUEST FOR PRODUCTION TO MGA

1  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was
2  prepared, created, received or transmitted, whether in whole or in part).

3

4  REQUEST FOR PRODUCTION NO. 12:

5          All DOCUMENTS that REFER OR RELATE TO any work,
6  activities or services, including without limitation any freelance work or
7  consulting services, that Margaret Hatch (also known as Margaret Leahy and/or
8  Margaret Hatch-Leahy) performed for or with YOU or on YOUR behalf prior to
9  January 1, 2001 (regardless of when any such DOCUMENT was prepared,
10  created, received or transmitted, whether in whole or in part).

11

12  REQUEST FOR PRODUCTION NO. 13:

13          All DOCUMENTS that REFER OR RELATE TO any work,
14  activities or services, including without limitation any freelance work or
15  consulting services, that Elise Cloonan performed for or with YOU or on YOUR
16  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was
17  prepared, created, received or transmitted, whether in whole or in part).

18

19  REQUEST FOR PRODUCTION NO. 14:

20          All agreements and contracts between YOU and Anna Rhee,
21  including without limitation all drafts thereof and amendments, modifications and
22  revisions thereto.

23

24  REQUEST FOR PRODUCTION NO. 15:

25          All DOCUMENTS that REFER OR RELATE TO any agreement or
26  contract between YOU and Anna Rhee, including without limitation all
27  COMMUNICATIONS that REFER OR RELATE thereto.

28

EXHIBIT __1__, PAGE __13__

FIRST REQUEST FOR PRODUCTION TO MGA

1  REQUEST FOR PRODUCTION NO. 16:

2          All agreements and contracts between YOU and Veronica Marlow,

3  including without limitation all drafts thereof and amendments, modifications and

4  revisions thereto.

5

6  REQUEST FOR PRODUCTION NO. 17:

7          All DOCUMENTS that REFER OR RELATE TO any agreement or

8  contract between YOU and Veronica Marlow, including without limitation all

9  COMMUNICATIONS that REFER OR RELATE thereto.

10

11  REQUEST FOR PRODUCTION NO. 18:

12          All agreements and contracts between YOU and Margaret Hatch (also

13  known as Margaret Leahy and/or Margaret Hatch-Leahy), including without

14  limitation all drafts thereof and amendments, modifications and revisions thereto.

15

16  REQUEST FOR PRODUCTION NO. 19:

17          All DOCUMENTS that REFER OR RELATE TO any agreement or

18  contract between YOU and Margaret Hatch (also known as Margaret Leahy and/or

19  Margaret Hatch-Leahy), including without limitation all COMMUNICATIONS

20  that REFER OR RELATE thereto.

21

22  REQUEST FOR PRODUCTION NO. 20:

23          All agreements and contracts between YOU and Sarah Halpern,

24  including without limitation all drafts thereof and amendments, modifications and

25  revisions thereto.

26

27

28

EXHIBIT ___1___, PAGE 14

FIRST REQUEST FOR PRODUCTION TO MGA

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Sarah Halpern, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

REQUEST FOR PRODUCTION NO. 22:

All agreements and contracts between YOU and Jesse Ramirez, including without limitation all drafts thereof and amendments, modifications and revisions thereto.

REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Jesse Ramirez, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

REQUEST FOR PRODUCTION NO. 24:

All agreements and contracts between YOU and Elise Cloonan, including without limitation all drafts thereof and amendments, modifications and revisions thereto.

REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Elise Cloonan, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

EXHIBIT __1__, PAGE __15__

1  REQUEST FOR PRODUCTION NO. 26:

2          All DOCUMENTS that REFER OR RELATE TO DESIGNS that

3  BRYANT produced, prepared, created, authored, conceived of or reduced to

4  practice, whether alone or jointly with others, prior to January 1, 2001.

5

6  REQUEST FOR PRODUCTION NO. 27:

7          All DOCUMENTS that REFER OR RELATE TO DESIGNS

8  produced, prepared, created, authored, conceived of or reduced to practice prior to

9  January 1, 2001 by BRYANT, whether alone or jointly with others, in which YOU

10 have purported at any time to purchase, acquire or own any right, title or interest

11 (whether in whole or in part).

12

13 REQUEST FOR PRODUCTION NO. 28:

14         All DOCUMENTS that REFER OR RELATE TO DESIGNS

15 produced, prepared, created, authored, conceived of or reduced to practice prior to

16 January 1, 2001 by Margaret Hatch (also known as Margaret Leahy and/or

17 Margaret Hatch-Leahy), whether alone or jointly with others, in which YOU have

18 purported at any time to purchase, acquire or own any right, title or interest

19 (whether in whole or in part).

20

21 REQUEST FOR PRODUCTION NO. 29:

22         All DOCUMENTS, including without limitation all

23 COMMUNICATIONS between YOU and any PERSON, that REFER OR

24 RELATE TO any agreement or contract between BRYANT and Mattel, Inc.

25

26 REQUEST FOR PRODUCTION NO. 30:

27         All DOCUMENTS, including without limitation all

28 COMMUNICATIONS between YOU and any PERSON, that REFER OR

EXHIBIT __1__, PAGE _16_

FIRST REQUEST FOR PRODUCTION TO MGA

1  RELATE TO any agreement or contract between Margaret Hatch (also known as

2  Margaret Leahy and/or Margaret Hatch-Leahy) and Mattel, Inc.

3

4  REQUEST FOR PRODUCTION NO. 31:

5          All COMMUNICATIONS between YOU and BRYANT that REFER

6  OR RELATE TO Mattel, Inc. or any officer, director, employee or representative

7  of Mattel, Inc.

8

9  REQUEST FOR PRODUCTION NO. 32:

10          All DOCUMENTS prepared, written, transmitted or received

11  (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE

12  TO BRATZ.

13

14  REQUEST FOR PRODUCTION NO. 33:

15          All DOCUMENTS that REFER OR RELATE TO BRATZ that

16  REFER OR RELATE TO any time prior to January 1, 2001 (regardless of when

17  such document was prepared, written, transmitted or received, whether in whole or

18  in part).

19

20  REQUEST FOR PRODUCTION NO. 34:

21          All DOCUMENTS prepared, written, transmitted or received

22  (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE

23  TO ANGEL.

24

25  REQUEST FOR PRODUCTION NO. 35:

26          All DOCUMENTS that REFER OR RELATE TO ANGEL that

27  REFER OR RELATE TO any time prior to January 1, 2001 (regardless of when

28

EXHIBIT __1__, PAGE __17__

FIRST REQUEST FOR PRODUCTION TO MGA

1  such document was prepared, written, transmitted or received, whether in whole or

2  in part).

3

4  REQUEST FOR PRODUCTION NO. 36:

5       All DOCUMENTS that REFER OR RELATE TO the origin(s),

6  conception or creation of BRATZ, including without limitation all DOCUMENTS

7  that REFER OR RELATE TO the timing of, and the method and manner in which,

8  BRATZ first came to YOUR attention.

9

10  REQUEST FOR PRODUCTION NO. 37:

11       All declarations, affidavits and other sworn written statements of any

12  other type or form by YOU that REFER OR RELATE TO BRATZ (other than

13  those previously filed and served in this action).

14

15  REQUEST FOR PRODUCTION NO. 38:

16       All transcripts and video and/or audio recordings of statements made

17  by YOU under oath, including without limitation all deposition transcripts, trial

18  transcripts and arbitration transcripts, that REFER OR RELATE TO BRATZ

19  (other than those taken in this action when Mattel, Inc.'s counsel was in

20  attendance).

21

22  REQUEST FOR PRODUCTION NO. 39:

23       All declarations, affidavits and other sworn written statements of any

24  other type or form by any PERSON that REFER OR RELATE TO ANGEL (other

25  than those previously filed and served in this action).

26

27

28

EXHIBIT ___1___, PAGE _18_

FIRST REQUEST FOR PRODUCTION TO MGA

REQUEST FOR PRODUCTION NO. 40:

All transcripts and video and/or audio recordings of statements made by any PERSON under oath, including without limitation all deposition transcripts, trial transcripts and arbitration transcripts, that REFER OR RELATE TO ANGEL (other than those taken in this action when Mattel, Inc.'s counsel was in attendance).

REQUEST FOR PRODUCTION NO. 41:

All DOCUMENTS that REFER OR RELATE TO BRATZ and/or ANGEL filed, submitted or served in the suit and/or arbitration proceedings brought by Farhad Larian against Isaac Larian, including without limitation all declarations, affidavits and sworn testimony given by any PERSON in such suit or arbitration proceedings.

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS that REFER OR RELATE TO any payment made to or on behalf of BRYANT prior to October 21, 2000 or for work or services performed by BRYANT prior to October 21, 2000 regardless of when such payment was actually made.

REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS that REFER OR RELATE TO any payment made to or on behalf of BRYANT for DESIGNS that BRYANT assigned or transferred to YOU prior to October 21, 2000, regardless of when such payment was actually made.

EXHIBIT ___1___, PAGE __19__

07209/642197.1

-15-

FIRST REQUEST FOR PRODUCTION TO MGA

1   REQUEST FOR PRODUCTION NO. 44:

2          All DOCUMENTS that REFER OR RELATE TO invoices submitted

3   by BRYANT to YOU prior to January 31, 2001.

4

5   REQUEST FOR PRODUCTION NO. 45:

6          All of YOUR royalty statements to or for BRYANT.

7

8   REQUEST FOR PRODUCTION NO. 46:

9          All DOCUMENTS that REFER OR RELATE TO BRYANT'S

10  participation in the conception, creation, design, development, sculpting, tooling,

11  production or manufacture of BRATZ.

12

13  REQUEST FOR PRODUCTION NO. 47:

14         All DOCUMENTS that REFER OR RELATE TO BRYANT'S

15  participation in the conception, creation, design, development, sculpting, tooling,

16  production or manufacture of ANGEL.

17

18  REQUEST FOR PRODUCTION NO. 48:

19         All non-privileged COMMUNICATIONS between YOU and any

20  PERSON that REFER OR RELATE TO this action.

21

22  REQUEST FOR PRODUCTION NO. 49:

23         All DOCUMENTS that REFER OR RELATE TO any

24  indemnification that BRYANT has sought, proposed, requested or obtained in

25  connection with this action.

26

27

28

EXHIBIT \_\_\_1\_\_\_, PAGE \_20\_

FIRST REQUEST FOR PRODUCTION TO MGA

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS that REFER OR RELATE TO any indemnification that YOU have sought, proposed, requested or obtained in connection with this action.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS that REFER OR RELATE TO each and every sculpt of BRATZ (including without limitation any model, prototype or sample thereof) prior to June 1, 2001.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS that REFER OR RELATE TO each and every sculpt of ANGEL (including without limitation any model, prototype or sample thereof).

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS that REFER OR RELATE TO the procurement, fabrication, preparation and production of each and every mold for BRATZ (including without limitation for any model, prototype or sample thereof) prior June 1, 2001, including without limitation all orders, purchase orders and invoices relating thereto.

**REQUEST FOR PRODUCTION NO. 54:**

DOCUMENTS sufficient to show when any mold for ANGEL (including without limitation for any model, prototype or sample thereof) was first ordered, procured, fabricated, prepared and produced.

EXHIBIT ___ 1 ___, PAGE 21 ___

07209/642197.1

FIRST REQUEST FOR PRODUCTION TO MGA

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS that REFER OR RELATE TO the exhibition, or proposed, offered or requested exhibition, of BRATZ (including without limitation any model, prototype or sample thereof) to any third party prior to June 1, 2001.

**REQUEST FOR PRODUCTION NO. 56:**

DOCUMENTS sufficient to show when ANGEL (including without limitation any model, prototype or sample thereof) was first exhibited to any third party.

**REQUEST FOR PRODUCTION NO. 57:**

DOCUMENTS sufficient to show when and where BRATZ (including without limitation any model, prototype or sample thereof) was first marketed to any wholesaler, distributor and/or retailer.

**REQUEST FOR PRODUCTION NO. 58:**

DOCUMENTS sufficient to show when and where ANGEL (including without limitation any model, prototype or sample thereof) was first marketed to any wholesaler, distributor and/or retailer.

**REQUEST FOR PRODUCTION NO. 59:**

DOCUMENTS sufficient to show when and where BRATZ (including without limitation any model, prototype or sample thereof) was first offered for sale to any wholesaler, distributor and/or retailer.

EXHIBIT __1__, PAGE 22

-18-

FIRST REQUEST FOR PRODUCTION TO MGA

1   **REQUEST FOR PRODUCTION NO. 60:**

2           DOCUMENTS sufficient to show when and where ANGEL

3   (including without limitation any model, prototype or sample thereof) was first

4   offered for sale by YOU to any wholesaler, distributor and/or retailer.

5

6   **REQUEST FOR PRODUCTION NO. 61:**

7           DOCUMENTS sufficient to show when and where BRATZ was first

8   shipped, distributed and sold.

9

10  **REQUEST FOR PRODUCTION NO. 62:**

11          DOCUMENTS sufficient to show when and where ANGEL was first

12  shipped, distributed and sold.

13

14  **REQUEST FOR PRODUCTION NO. 63:**

15          All DOCUMENTS that REFER OR RELATE TO the licensing,

16  including without limitation the proposed or requested licensing, of BRATZ prior

17  to December 31, 2001.

18

19  **REQUEST FOR PRODUCTION NO. 64:**

20          All COMMUNICATIONS between YOU and any manufacturer, or

21  any contemplated, proposed or potential manufacturer, that REFER OR RELATE

22  TO BRATZ prior to June 1, 2001.

23

24  **REQUEST FOR PRODUCTION NO. 65:**

25          DOCUMENTS sufficient to identify when YOU first contacted any

26  manufacturer, or any contemplated, proposed or potential manufacturer, for the

27  manufacture of ANGEL.

28                                      EXHIBIT __1__, PAGE _23_

                                        FIRST REQUEST FOR PRODUCTION TO MGA

1  **REQUEST FOR PRODUCTION NO. 66:**

2         All COMMUNICATIONS between YOU and any PERSON that

3  REFER OR RELATE TO the distribution or proposed or potential distribution of

4  BRATZ prior to June 1, 2001.

5

6  **REQUEST FOR PRODUCTION NO. 67:**

7         All COMMUNICATIONS between YOU and Universal Commerce

8  Corp., Ltd. prior to June 1, 2001.

9

10  **REQUEST FOR PRODUCTION NO. 68:**

11         All DOCUMENTS that REFER OR RELATE TO Mattel, Inc., or that

12  were prepared, authored or created by Mattel, Inc. or any officer, director,

13  employee or representative of Mattel, Inc., that BRYANT has ever provided to,

14  shown, described to, communicated to or disclosed in any manner to YOU.

15

16  **REQUEST FOR PRODUCTION NO. 69:**

17         All COMMUNICATIONS between YOU and BRYANT prior to

18  January 1, 2001, including without limitation all diaries, notes, calendars, logs,

19  phone records and letters, that reflect, record or memorialize or otherwise REFER

20  OR RELATE TO any such COMMUNICATIONS.

21

22  **REQUEST FOR PRODUCTION NO. 70:**

23         All COMMUNICATIONS between YOU and Elise Cloonan that

24  REFER OR RELATE TO BRYANT, Mattel, Inc., BRATZ and/or Anna Rhee,

25  including without limitation all diaries, notes, calendars, logs, phone records and

26  letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO

27  any such COMMUNICATIONS.

28

EXHIBIT __1__, PAGE __24__

FIRST REQUEST FOR PRODUCTION TO MGA

1  REQUEST FOR PRODUCTION NO. 71:

2        All COMMUNICATIONS between YOU and Elise Cloonan prior to

3  June 11, 2002, including without limitation all diaries, notes, calendars, logs,

4  phone records and letters, that reflect, record or memorialize or otherwise REFER

5  OR RELATE TO any such COMMUNICATIONS.

6

7  REQUEST FOR PRODUCTION NO. 72:

8        All COMMUNICATIONS between YOU and Veronica Marlow prior

9  to January 1, 2001, including without limitation all diaries, notes, calendars, logs,

10 phone records and letters, that reflect, record or memorialize or otherwise REFER

11 OR RELATE TO any such COMMUNICATIONS.

12

13 REQUEST FOR PRODUCTION NO. 73:

14       All COMMUNICATIONS between YOU and Mercedeh Ward prior

15 to November 6, 2000, including without limitation all diaries, notes, calendars,

16 logs, phone records and letters, that reflect, record or memorialize or otherwise

17 REFER OR RELATE TO any such COMMUNICATIONS.

18

19 REQUEST FOR PRODUCTION NO. 74:

20       All COMMUNICATIONS between YOU and Margaret Hatch (also

21 known as Margaret Leahy and/or Margaret Hatch-Leahy) prior to January 1, 2001,

22 including without limitation all diaries, notes, calendars, logs, phone records and

23 letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO

24 any such COMMUNICATIONS.

25

26 REQUEST FOR PRODUCTION NO. 75:

27       All COMMUNICATIONS between YOU and Anna Rhee prior to

28 January 1, 2001, including without limitation all diaries, notes, calendars, logs,

EXHIBIT __1__, PAGE __25__

07209/642197.1

FIRST REQUEST FOR PRODUCTION TO MGA

1 | phone records and letters, that reflect, record or memorialize or otherwise REFER

2 | OR RELATE TO any such COMMUNICATIONS.

3 |

4 | REQUEST FOR PRODUCTION NO. 76:

5 | All COMMUNICATIONS between Veronica Marlow and Anna Rhee

6 | prior to January 1, 2001, including without limitation all diaries, notes, calendars,

7 | logs, phone records and letters, that reflect, record or memorialize or otherwise

8 | REFER OR RELATE TO any such COMMUNICATIONS.

9 |

10 | REQUEST FOR PRODUCTION NO. 77:

11 | All COMMUNICATIONS between YOU and Sarah Halpern prior to

12 | January 1, 2001, including without limitation all diaries, notes, calendars, logs,

13 | phone records and letters, that reflect, record or memorialize or otherwise REFER

14 | OR RELATE TO any such COMMUNICATIONS.

15 |

16 | REQUEST FOR PRODUCTION NO. 78:

17 | All COMMUNICATIONS between YOU and Jesse Ramirez prior to

18 | January 1, 2001, including without limitation all diaries, notes, calendars, logs,

19 | phone records and letters, that reflect, record or memorialize or otherwise REFER

20 | OR RELATE TO any such COMMUNICATIONS.

21 |

22 | REQUEST FOR PRODUCTION NO. 79:

23 | Any personnel or vendor file that YOU have created or maintained

24 | concerning BRYANT.

25 |

26 | REQUEST FOR PRODUCTION NO. 80:

27 | Any personnel file that YOU have created or maintained concerning

28 | Paula Treantafellas.

EXHIBIT __1__, PAGE _26_

07209/642197.1

-22-

FIRST REQUEST FOR PRODUCTION TO MGA

1 | **REQUEST FOR PRODUCTION NO. 81:**

2 |        Any personnel file that YOU have created or maintained concerning

3 | Mercedeh Ward.

4 |

5 | **REQUEST FOR PRODUCTION NO. 82:**

6 |        Any personnel or vendor file that YOU have created or maintained

7 | concerning Margaret Hatch (also known as Margaret Leahy and/or Margaret

8 | Hatch-Leahy).

9 |

10 | **REQUEST FOR PRODUCTION NO. 83:**

11 |        Any personnel or vendor file that YOU have created or maintained

12 | concerning Veronica Marlow.

13 |

14 | **REQUEST FOR PRODUCTION NO. 84:**

15 |        Any personnel or vendor file that YOU have created or maintained

16 | concerning Anna Rhee.

17 |

18 | **REQUEST FOR PRODUCTION NO. 85:**

19 |        Any personnel or vendor file that YOU have created or maintained

20 | concerning Jessie Ramirez.

21 |

22 | **REQUEST FOR PRODUCTION NO. 86:**

23 |        Any personnel file that YOU have created or maintained concerning

24 | Shirin Salemnia.

25 |

26 | **REQUEST FOR PRODUCTION NO. 87:**

27 |        Any personnel file that YOU have created or maintained concerning

28 | Victoria O'Connor.

EXHIBIT __1__ , PAGE __27__

FIRST REQUEST FOR PRODUCTION TO MGA

1  REQUEST FOR PRODUCTION NO. 88:

2       Any personnel file that YOU have created or maintained concerning

3  Farhad Larian.

4

5  REQUEST FOR PRODUCTION NO. 89:

6       All telephone records for MGA Entertainment Inc. for the time period

7  from January 1, 1998 through January 1, 2001.

8

9  REQUEST FOR PRODUCTION NO. 90:

10       All DOCUMENTS that REFER OR RELATE TO any copyright,

11  patent or any other application or registration for BRATZ DESIGNS, including

12  without limitation all COMMUNICATIONS pertaining thereto.

13

14  REQUEST FOR PRODUCTION NO. 91:

15       All DOCUMENTS that REFER OR RELATE TO any copyright,

16  patent or any other application or registration for ANGEL DESIGNS, including

17  without limitation all COMMUNICATIONS pertaining thereto.

18

19  REQUEST FOR PRODUCTION NO. 92:

20       All DOCUMENTS that REFER OR RELATE TO any testing of or

21  sampling from any DOCUMENTS that REFER OR RELATE TO BRATZ or

22  BRYANT, including without limitation any such testing or sampling in connection

23  with any ink, paper or chemical analysis to date any such DOCUMENTS and

24  including without limitation all results and reports relating thereto.

25

26

27

28

EXHIBIT ___1___, PAGE _28_

FIRST REQUEST FOR PRODUCTION TO MGA

1  REQUEST FOR PRODUCTION NO. 93:

2          An electronic copy of each DOCUMENT that YOU have produced in

3  this action, or that is responsive to these Requests, that is or was created, prepared,

4  generated, maintained or transmitted in digital form.

5

6  REQUEST FOR PRODUCTION NO. 94:

7          The metadata for each DOCUMENT that YOU have produced in this

8  action, or that is responsive to these Requests, that is or was created, prepared,

9  generated, maintained or transmitted in digital form.

10

11  REQUEST FOR PRODUCTION NO. 95:

12          All DOCUMENTS that support, refute or otherwise REFER OR

13  RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

14

15  REQUEST FOR PRODUCTION NO. 96:

16          All doll heads, sculpts, prototypes, models, samples and tangible

17  items that were created, prepared or made, whether in whole or in part, prior to

18  January 1, 2001 that REFER OR RELATE TO BRATZ.

19

20  REQUEST FOR PRODUCTION NO. 97:

21          All doll heads, sculpts, prototypes, models, samples and tangible

22  items that were created, prepared or made, whether in whole or in part, prior to

23  January 1, 2001 that REFER OR RELATE TO ANGEL.

24

25  REQUEST FOR PRODUCTION NO. 98:

26          All doll heads, sculpts, prototypes, models, samples and tangible

27  items that Anna Rhee painted, whether in whole or in part, for or with YOU or on

28  YOUR behalf or for or on behalf of BRYANT prior to January 1, 2001.

EXHIBIT ___1___, PAGE 29

FIRST REQUEST FOR PRODUCTION TO MGA

REQUEST FOR PRODUCTION NO. 99:

All doll heads, sculpts, prototypes, models, samples and tangible items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that BRYANT produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to January 1, 2001.

REQUEST FOR PRODUCTION NO. 100:

All doll heads, sculpts, prototypes, models, samples and tangible items that support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

DATED: March 14, 2005 QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By _Shane McKenzie_____
 Shane Heather McKenzie
 Attorneys for Plaintiff/Counter-defendant
 Mattel, Inc.

EXHIBIT ___1___, PAGE __30__

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
                    } SS
COUNTY OF LOS ANGELES )

      I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

      On March 14, 2005, I served the foregoing document described as **Mattel, Inc.'s First Set of Requests For Production of Documents And Tangible Things to MGA Entertainment Inc.** on all interested parties in this action.

**Robert F. Millman, Esq.**
**Douglas A. Wickham, Esq.**
**Littler Mendelson**
**A Professional Corporation**
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
**FAX: 310-553-5583**

[  ]   By placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as follows:

[ X ]   **BY MAIL:**   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

Executed on March 14, 2005, at Los Angeles, California.

[  ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ X ]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Rebecca A. Ramos
Print Name

Signature

EXHIBIT 1 , PAGE 31

**PROOF OF SERVICE**

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA          )
                             ) SS
COUNTY OF LOS ANGELES        )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On March 14, 2005, I served the foregoing document described as **Mattel, Inc.'s First Set of Requests For Production of Documents And Tangible Things to MGA Entertainment Inc.** on all interested parties in this action.

Paula E. Ambrosini, Esq.
O'Melveny & Meyers
400 So. Hope Street
Los Angeles, CA 90071
(213) 430-6407

[  ]  By placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as follows:

[  ]  **BY MAIL:**   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]  **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ X ]  **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the addressee.

Executed on March 14, 2005, at Los Angeles, California.

[  ]  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ X ]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Rebecca A. Ramos
Print Name

Signature

EXHIBIT ___1___, PAGE _32_