# Exhibit 2

DIANA M. TORRES (S.B. #162284)
PAULA E. AMBROSINI (S.B. #193126)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

DALE M. CENDALI (admitted *pro hac vice*)
O'MELVENY & MYERS, LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Attorneys for Defendant-in-Intervention
MGA Entertainment, Inc.

**RECEIVED**

APR 1 4 2005

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., <br><br> Plaintiff, <br><br> v. <br><br> CARTER BRYANT and MGA ENTERTAINMENT, INC., <br><br> Defendant and Defendant-in-Intervention. | Case No. CV 04-09059 NM (RNBx) <br><br> **MGA ENTERTAINMENT, INC.'S RESPONSES TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS** |
| AND RELATED CROSS-CLAIMS | |

EXHIBIT _2_ PAGE _33_

LA2:756234.3

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

4-13

## PRELIMINARY STATEMENT

Defendant MGA Entertainment, Inc. ("MGA") has not yet completed its investigation relating to the facts of this action and has not completed preparation for trial. MGA makes its response to these document requests ("requests," or individually, "request") based upon the information presently available to it and without prejudice to its right to amend or supplement its responses and to present evidence which may hereafter be discovered or become available.

MGA will respond to each request as it understands and interprets each request. If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request that differs from that of MGA, MGA reserves the right to supplement its objections and responses.

By making these responses, MGA does not concede that any of the information sought by these requests is relevant or discoverable. MGA makes these responses and objections without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve: (a) the right to object on any grounds to the use or introduction into evidence of the documents or information provided in response to these requests; (b) the right to object to the use of the documents or information provided in response to the requests in any subsequent proceeding in, or the arbitration of this or any other action; and (c) the right to object on any ground at any time to other requests or further discovery into any of the subject matters addressed in these requests or the responses thereto.

MGA shall not provide any privileged or protected information, including without limitation, information protected by the attorney-client privilege or the attorney work product doctrine, and nothing herein may be construed as a waiver of any applicable privilege or protection. Any inadvertent production of privileged or protected documents or information shall not be construed as a waiver of any privilege or protection attaching thereto and MGA reserves the right to correct the record with regard

LA2:756234.3

1

MGA'S RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

EXHIBIT 2 PAGE 34

1  to any such information and to supplement or amend these responses, which

2  supplemental or amended response shall become the operative response.

3  ## GENERAL OBJECTIONS

4      1.    MGA objects to each and every request on the ground that production

5  at the date and time demanded will subject MGA to unwarranted oppression and undue

6  burden and expenses.  The time set for compliance is unduly burdensome, especially in

7  light of the number of document requests, and the scope and volume of the material being

8  sought.  MGA intends to proceed expeditiously to collect the documents for production, if

9  any, and will produce them at a date and time, and in such a manner, as may be mutually

10  agreed by counsel for the parties.

11      2.    MGA objects to each request to the extent that it seeks information

12  protected from discovery by the attorney-client privilege, work-product doctrine, right to

13  privacy, or any other applicable privilege.

14      3.    MGA objects to each request to the extent that it seeks the disclosure

15  of confidential, proprietary or trade-secret information.  Should such documents be

16  otherwise responsive and non-objectionable, MGA will produce such documents subject

17  to the terms and conditions of the protective order governing this case.

18      4.    MGA objects to each request to the extent that it seeks documents in

19  Mattel's own possession, custody or control or that are accessible to Mattel from public

20  sources or from third parties.

21      5.    MGA objects to each request to the extent that it asks for documents

22  that are not relevant to claims or defenses in this case.

23      6.    MGA objects to each and every request to the extent it purports to

24  require MGA to search all documents and things within its possession, custody or control

25  or within the possession, custody or control of any of MGA's current or former

26  employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries,

27  divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other

28  person acting on its behalf, pursuant to its authority or subject to its control, on the

LA2:756234.3

2

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 35

1   grounds that such request is unreasonable, overbroad, unduly burdensome and oppressive,

2   violates the right of privacy, and purports to require MGA to search for documents not

3   within its possession, custody or control.  MGA will make a reasonably diligent search for

4   responsive documents within its possession, custody or control.

5           7.      MGA objects to each and every request to the extent its seeks "all

6   documents" responsive to a certain category on the grounds that such request is overbroad

7   and unduly burdensome and oppressive.  MGA will produce otherwise unobjectionable

8   documents sufficient to provide Mattel with the information sought, following a

9   reasonably diligent search.  On grounds of oppression and undue burden, MGA will not

10  respond to duplicative or cumulative requests and will not re-produce documents it has

11  already produced or produce documents that it has received from Mattel or others in the

12  course of discovery in this matter.

13          8.      MGA objects to each request to the extent it seeks documents not

14  within MGA's possession, custody, or control.

15          9.      MGA objects to each request to the extent it seeks information

16  relating to activities or conduct in foreign countries.  In each instance in which MGA has

17  agreed to produce documents, such production is hereby expressly limited to documents

18  relating to domestic activities or conduct only.

19          10.     MGA objects to the defined terms "You," "Your," "Mattel," and

20  "Bryant" on the grounds that these terms, as defined, are overbroad, are vague and

21  ambiguous, and call for legal conclusions.

22          11.     MGA objects to the defined terms "Bratz" and "Angel" on the

23  grounds that these terms, as defined, are overbroad, are vague and ambiguous, and call for

24  legal conclusions.

25

26

27

28

                                        3

EXHIBIT _2_ PAGE _36_

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and BRYANT, including without limitation all drafts thereof and all actual or proposed amendments, modifications and revisions thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents that refer or relate to any agreement or contract between MGA and Bryant. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce all relevant and responsive non-objectionable documents in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that REFER OR RELATE TO the performance of any agreement or contract between YOU and BRYANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

2          MGA incorporates by reference the above-stated general objections as if fully set

3  forth herein.  MGA also specifically objects to this request to the extent that it seeks

4  information not relevant to the subject matter of this lawsuit or reasonably calculated to

5  lead to the discovery of admissible evidence.  MGA also objects to this request on the

6  grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents

7  that refer or relate to the performance of any agreement or contract between MGA and

8  Bryant.  MGA also objects to this request on the grounds that it seeks confidential,

9  proprietary or commercially sensitive information, the disclosure of which would be

10  inimical to the business interests of MGA.  MGA also objects to this request to the extent

11  it calls for the disclosure of attorney-client privileged information or information

12  protected from disclosure by the work-product doctrine, joint defense or common interest

13  privilege, or other privilege.  MGA also objects to this request to the extent it seeks

14  information the disclosure of which would implicate the rights of third parties to protect

15  private, confidential, proprietary or trade secret information.  MGA also objects to this

16  request to the extent that it seeks documents not in MGA's possession, custody or control.

17          Subject to the foregoing, MGA will produce documents evidencing Bryant's work

18  on First Generation Bratz and the Angel project, that it is able to locate following a

19  reasonably diligent search.

20  **REQUEST FOR PRODUCTION NO. 3:**

21          All DOCUMENTS that REFER OR RELATE TO the agreement dated as of

22  September 18, 2000 between YOU and BRYANT, including without limitation all drafts

23  thereof and any actual or proposed modifications, amendments or revisions thereto.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

25          MGA incorporates by reference the above-stated general objections as if fully set

26  forth herein.  MGA also objects to this request to the extent that it seeks information not

27  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

28  discovery of admissible evidence.  MGA also objects to this request on the grounds that it

LA2:756234.3

5

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 38

1   seeks confidential, proprietary or commercially sensitive information, the disclosure of

2   which would be inimical to the business interests of MGA.  MGA also objects to this

3   request to the extent it calls for the disclosure of attorney-client privileged information or

4   information protected from disclosure by the work-product doctrine, joint defense or

5   common interest privilege, or other privilege.  MGA also objects to this request to the

6   extent it seeks information the disclosure of which would implicate the rights of third

7   parties to protect private, confidential, proprietary or trade secret information.  MGA also

8   objects to this request to the extent that it seeks documents not in MGA's possession,

9   custody or control.

10          Subject to the foregoing, MGA will produce all relevant and responsive non-

11   objectionable documents in its possession, custody or control, if any, that it is able to

12   locate following a reasonably diligent search.

13   **REQUEST FOR PRODUCTION NO. 4:**

14          All DOCUMENTS that REFER OR RELATE TO the Modification and

15   Clarification of the Agreement dated as of September 18, 2000 between YOU and

16   BRYANT, including without limitation all drafts thereof and any actual or proposed

17   modifications, amendments or revisions thereto.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

19          MGA incorporates by reference the above-stated general objections as if fully set

20   forth herein.  MGA also objects to this request to the extent that it seeks information not

21   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

22   discovery of admissible evidence.  MGA also objects to this request on the grounds that it

23   seeks confidential, proprietary or commercially sensitive information, the disclosure of

24   which would be inimical to the business interests of MGA.  MGA also objects to this

25   request to the extent it calls for the disclosure of attorney-client privileged information or

26   information protected from disclosure by the work-product doctrine, joint defense or

27   common interest privilege, or other privilege.  MGA also objects to this request to the

28   extent it seeks information the disclosure of which would implicate the rights of third

LA2:756234.3                          6                MGA'S RESPONSE TO 1ST SET OF
                                                       REQUEST FOR PRODUCTION OF
                                                       DOCUMENTS

EXHIBIT 2 PAGE 39

1   parties to protect private, confidential, proprietary or trade secret information. MGA also

2   objects to this request to the extent that it seeks documents not in MGA's possession,

3   custody or control.

4        Subject to the foregoing, MGA will produce all relevant and responsive non-

5   objectionable documents in its possession, custody or control, if any, that it is able to

6   locate following a reasonably diligent search.

7   **REQUEST FOR PRODUCTION NO. 5:**

8        All DOCUMENTS that REFER OR RELATE TO the agreement dated April 2001

9   between YOU and BRYANT, including without limitation all drafts thereof and any

10  actual or proposed modifications, amendments or revisions thereto.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

12       MGA incorporates by reference the above-stated general objections as if fully set

13  forth herein. MGA also objects to this request to the extent that it seeks information not

14  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

15  discovery of admissible evidence. MGA also objects to this request on the grounds that it

16  seeks confidential, proprietary or commercially sensitive information, the disclosure of

17  which would be inimical to the business interests of MGA. MGA also objects to this

18  request to the extent it calls for the disclosure of attorney-client privileged information or

19  information protected from disclosure by the work-product doctrine, joint defense or

20  common interest privilege, or other privilege. MGA also objects to this request to the

21  extent it seeks information the disclosure of which would implicate the rights of third

22  parties to protect private, confidential, proprietary or trade secret information. MGA also

23  objects to this request to the extent that it seeks documents not in MGA's possession,

24  custody or control.

25       Subject to the foregoing, MGA will produce all relevant and responsive non-

26  objectionable documents in its possession, custody or control, if any, that it is able to

27  locate following a reasonably diligent search.

28

EXHIBIT 2 PAGE 40

1  **REQUEST FOR PRODUCTION NO. 6:**

2      All DOCUMENTS prepared, created, received or transmitted (whether in whole or

3  in part) prior to January 1, 2001 that REFER OR RELATE TO BRYANT.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

5      MGA incorporates by reference the above-stated general objections as if fully set

6  forth herein.  MGA also objects to this request to the extent that it seeks information not

7  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

8  discovery of admissible evidence.  MGA also objects to this request on the grounds that it

9  seeks confidential, proprietary or commercially sensitive information, the disclosure of

10  which would be inimical to the business interests of MGA.  MGA also objects to this

11  request to the extent it calls for the disclosure of attorney-client privileged information or

12  information protected from disclosure by the work-product doctrine, joint defense or

13  common interest privilege, or other privilege.  MGA also objects to this request to the

14  extent it seeks information the disclosure of which would implicate the rights of third

15  parties to protect private, confidential, proprietary or trade secret information.  MGA also

16  objects to this request to the extent that it seeks documents not in MGA's possession,

17  custody or control.

18      Subject to the foregoing, MGA will produce all relevant and responsive non-

19  objectionable documents in its possession, custody or control, if any, that it is able to

20  locate following a reasonably diligent search.

21  **REQUEST FOR PRODUCTION NO. 7:**

22      All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

23  including without limitation any freelance work or consulting services that BRYANT

24  performed for or with YOU or on YOUR behalf prior January 1, 2001 (regardless of when

25  any such DOCUMENT was prepared, created, received or transmitted, whether in whole

26  or in part).

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

28      MGA incorporates by reference the above-stated general objections as if fully set

LA2:756234.3

8

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 41

1   forth herein.  MGA also specifically objects to this request to the extent that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably calculated to

3   lead to the discovery of admissible evidence.  MGA also objects to this request on the

4   ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

5   that refer or relate to any work, activities or services that Bryant performed for or with

6   MGA or on its behalf.  MGA also objects to this request on the grounds that it seeks

7   confidential, proprietary or commercially sensitive information, the disclosure of which

8   would be inimical to the business interests of MGA.  MGA also objects to this request to

9   the extent it calls for the disclosure of attorney-client privileged information or

10  information protected from disclosure by the work-product doctrine, joint defense or

11  common interest privilege, or other privilege.  MGA also objects to this request to the

12  extent it seeks information the disclosure of which would implicate the rights of third

13  parties to protect private, confidential, proprietary or trade secret information.  MGA also

14  objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

15  determine what is meant by "activities" and "with YOU."  MGA will interpret "activities"

16  to mean "work or services," and "with" to mean "on behalf of."  MGA also objects to this

17  request to the extent that it seeks documents not in MGA's possession, custody or control.

18       Subject to the foregoing, MGA will produce all relevant and responsive non-

19  objectionable documents in its possession, custody or control, if any, evidencing Bryant's

20  work on First Generation Bratz and the Angel project, that it is able to locate following a

21  reasonably diligent search.

22  **REQUEST FOR PRODUCTION NO. 8:**

23       All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

24  including without limitation any freelance work or consulting services that Anna Rhee

25  performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of

26  when any such DOCUMENT was prepared, created, received or transmitted, whether in

27  whole or in part).

28

LA2:756234.3                        9                MGA'S  RESPONSE TO 1ST SET OF
                                                     REQUEST FOR PRODUCTION OF
                                                     DOCUMENTS

EXHIBIT 2 PAGE 42

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

1

2          MGA incorporates by reference the above-stated general objections as if fully set

3   forth herein.  MGA also specifically objects to this request to the extent that it seeks

4   information not relevant to the subject matter of this lawsuit or reasonably calculated to

5   lead to the discovery of admissible evidence.  MGA also objects to this request on the

6   ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

7   that refer or relate to any work, activities or services that Anna Rhee performed for or

8   with MGA or on its behalf.  MGA also objects to this request to the extent it seeks

9   information the disclosure of which would implicate the rights of third parties to protect

10  private, confidential, proprietary or trade secret information.  MGA also objects to this

11  request on the grounds that it seeks confidential, proprietary or commercially sensitive

12  information, the disclosure of which would be inimical to the business interests of MGA.

13  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

14  privileged information or information protected from disclosure by the work-product

15  doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

16  to this request on the grounds that it is vague and ambiguous in that MGA cannot

17  determine what is meant by "activities" and "with YOU."  MGA will interpret "activities"

18  to mean "work or services," and "with" to mean "on behalf of."  MGA also objects to this

19  request to the extent that it seeks documents not in MGA's possession, custody or control.

20         Subject to the foregoing, MGA will produce all relevant and responsive non-

21  objectionable documents in its possession, custody or control, if any, evidencing Anna

22  Rhee's work First Generation Bratz and the Angel project, that it is able to locate

23  following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 9:**

24

25         All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

26  including without limitation any freelance work or consulting services, that Veronica

27  Marlow performed for or with YOU or on YOUR behalf prior to January 1, 2001

28  (regardless of when any such DOCUMENT was prepared, created, received or

LA2:756234.3

10

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _2_ PAGE _43_

1    transmitted, whether in whole or in part).

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

3          MGA incorporates by reference the above-stated general objections as if fully set

4    forth herein.  MGA also specifically objects to this request to the extent that it seeks

5    information not relevant to the subject matter of this lawsuit or reasonably calculated to

6    lead to the discovery of admissible evidence.  MGA also objects to this request on the

7    ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

8    that refer or relate to any work, activities or services that Veronica Marlow performed for

9    or with MGA or on its behalf.  MGA also objects to this request to the extent it seeks

10   information the disclosure of which would implicate the rights of third parties to protect

11   private, confidential, proprietary or trade secret information.  MGA also objects to this

12   request on the grounds that it seeks confidential, proprietary or commercially sensitive

13   information, the disclosure of which would be inimical to the business interests of MGA.

14   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

15   privileged information or information protected from disclosure by the work-product

16   doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

17   to this request on the grounds that it is vague and ambiguous in that MGA cannot

18   determine what is meant by "activities" and "with YOU."  MGA will interpret "activities"

19   to mean "work or services," and "with" to mean "on behalf of."  MGA also objects to this

20   request to the extent that it seeks documents not in MGA's possession, custody or control.

21         Subject to the foregoing, MGA will produce all relevant and responsive non-

22   objectionable documents in its possession, custody or control, if any, evidencing Veronica

23   Marlow's work First Generation Bratz, that it is able to locate following a reasonably

24   diligent search.

25   **REQUEST FOR PRODUCTION NO. 10:**

26         All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

27   including without limitation any freelance work or consulting services, that Sarah Halpern

28   performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of

LA2:756234.3                          11            MGA'S  RESPONSE TO 1ST SET OF
                                                    REQUEST FOR PRODUCTION OF
                                                    DOCUMENTS

EXHIBIT _2_ PAGE 44

1  when any such DOCUMENT was prepared, created, received or transmitted, whether in

2  whole or in part).

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

4      MGA incorporates by reference the above-stated general objections as if fully set

5  forth herein. MGA also specifically objects to this request to the extent that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably calculated to

7  lead to the discovery of admissible evidence. MGA also objects to this request on the

8  ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

9  that refer or relate to any work, activities or services that Sarah Halpern performed for or

10  with MGA or on MGA's behalf. MGA also objects to this request to the extent it seeks

11  information the disclosure of which would implicate the rights of third parties to protect

12  private, confidential, proprietary or trade secret information. MGA also objects to this

13  request on the grounds that it seeks confidential, proprietary or commercially sensitive

14  information, the disclosure of which would be inimical to the business interests of MGA.

15  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

16  privileged information or information protected from disclosure by the work-product

17  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

18  to this request on the grounds that it is vague and ambiguous in that MGA cannot

19  determine what is meant by "activities" and "with." MGA will interpret "activities" to

20  mean "work or services," and "with" to mean "on behalf of." MGA also objects to this

21  request to the extent that it seeks documents not in MGA's possession, custody or control.

22      Subject to the foregoing, MGA will produce all relevant and responsive non-

23  objectionable documents in its possession, custody or control, if any, evidencing Sarah

24  Halpern's work on First Generation Bratz, that it is able to locate following a reasonably

25  diligent search.

26  **REQUEST FOR PRODUCTION NO. 11:**

27      All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

28  including without limitation any freelance work or consulting services, that Jesse Ramirez

LA2:756234.3                          12                MGA'S RESPONSE TO 1ST SET OF
                                                       REQUEST FOR PRODUCTION OF
                                                       DOCUMENTS

EXHIBIT 2 PAGE 45

1  performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of

2  when any such DOCUMENT was prepared, created, received or transmitted, whether in

3  whole or in part).

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

5  　　　　MGA incorporates by reference the above-stated general objections as if fully set

6  forth herein. MGA also specifically objects to this request to the extent that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably calculated to

8  lead to the discovery of admissible evidence. MGA also objects to this request on the

9  ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

10  that refer or relate to any work, activities or services that Jesse Ramirez performed for or

11  with MGA or on MGA's behalf. MGA also objects to this request to the extent it seeks

12  information the disclosure of which would implicate the rights of third parties to protect

13  private, confidential, proprietary or trade secret information. MGA also objects to this

14  request on the grounds that it seeks confidential, proprietary or commercially sensitive

15  information, the disclosure of which would be inimical to the business interests of MGA.

16  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

17  privileged information or information protected from disclosure by the work-product

18  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

19  to this request on the grounds that it is vague and ambiguous in that MGA cannot

20  determine what is meant by "activities" and "with." MGA will interpret "activities" to

21  mean "work or services," and "with" to mean "on behalf of." MGA also objects to this

22  request to the extent that it seeks documents not in MGA's possession, custody or control.

23  　　　　Subject to the foregoing, MGA will produce all relevant and responsive non-

24  objectionable documents in its possession, custody or control, if any, evidencing Jesse

25  Ramirez's work on First Generation Bratz dolls, that it is able to locate following a

26  reasonably diligent search.

27  **REQUEST FOR PRODUCTION NO. 12:**

28  　　　　All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

EXHIBIT 2 PAGE 46

1   including without limitation any freelance work or consulting services, that Margaret

2   Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) performed for or

3   with YOU or on YOUR behalf prior to January 1, 2001 (regardless of when any such

4   DOCUMENT was prepared, created, received or transmitted, whether in whole or in part).

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

6          MGA incorporates by reference the above-stated general objections as if fully set

7   forth herein.  MGA also specifically objects to this request to the extent that it seeks

8   information not relevant to the subject matter of this lawsuit or reasonably calculated to

9   lead to the discovery of admissible evidence.  MGA also objects to this request on the

10  ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

11  that refer or relate to any work, activities or services that Margaret Leahy performed for or

12  with MGA or on MGA's behalf.  MGA also objects to this request to the extent it seeks

13  information the disclosure of which would implicate the rights of third parties to protect

14  private, confidential, proprietary or trade secret information.  MGA also objects to this

15  request on the grounds that it seeks confidential, proprietary or commercially sensitive

16  information, the disclosure of which would be inimical to the business interests of MGA.

17  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

18  privileged information or information protected from disclosure by the work-product

19  doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

20  to this request on the grounds that it is vague and ambiguous in that MGA cannot

21  determine what is meant by "activities" and "with."  MGA will interpret "activities" to

22  mean "work or services," and "with" to mean "on behalf of."  MGA also objects to this

23  request to the extent that it seeks documents not in MGA's possession, custody or control.

24         Subject to the foregoing, MGA will produce all relevant and responsive non-

25  objectionable documents in its possession, custody or control, if any, evidencing Margaret

26  Leahy's work on First Generation Bratz, that it is able to locate following a reasonably

27  diligent search.

28

LA2:756234.3

14

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 47

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that REFER OR RELATE TO any work, activities or services, including without limitation any freelance work or consulting services, that Elise Cloonan performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was prepared, created, received or transmitted, whether in whole or in part).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents that refer or relate to any work, activities or services that Elise Cloonan performed for or with MGA or on MGA's behalf. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. MGA also objects to this request on the grounds that it is vague and ambiguous in that MGA cannot determine what is meant by "activities" and "with." MGA will interpret "activities" to mean "work or services," and "with" to mean "on behalf of." MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce all relevant and responsive non-objectionable documents in its possession, custody or control, if any, evidencing Elise Cloonan's work on First Generation Bratz, that it is able to locate following a reasonably

1  diligent search.

2  **REQUEST FOR PRODUCTION NO. 14:**

3      All agreements and contracts between YOU and Anna Rhee, including without

4  limitation all drafts thereof and amendments, modifications and revisions thereto.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

6      MGA incorporates by reference the above-stated general objections as if fully set

7  forth herein.  MGA specifically objects to this request on the grounds that it seeks

8  information not relevant to the subject matter of this lawsuit or reasonably calculated to

9  lead to the discovery of admissible evidence. MGA also objects to this request on the

10  grounds that it seeks information in violation of the right of privacy.  MGA also objects to

11  this request on the grounds that it seeks confidential, proprietary or commercially

12  sensitive information, the disclosure of which would be inimical to the business interests

13  of MGA.  MGA also objects to this request to the extent it calls for the disclosure of

14  attorney-client privileged information or information protected from disclosure by the

15  work-product doctrine, joint defense or common interest privilege, or other privilege.

16  MGA also objects to this request to the extent that it seeks documents not in MGA's

17  possession, custody or control.

18      Subject to the foregoing, MGA will produce nonprivileged agreements and

19  contracts in its possession, custody or control, if any, between MGA and Anna Rhee

20  relating to work performed prior to January 1, 2001, that it is able to locate following a

21  reasonably diligent search.

22  **REQUEST FOR PRODUCTION NO. 15:**

23      All DOCUMENTS that REFER OR RELATE TO any agreement or contract

24  between YOU and Anna Rhee, including without limitation all COMMUNICATIONS

25  that REFER OR RELATE thereto.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

27      MGA incorporates by reference the above-stated general objections as if fully set

28  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

16

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 49

1    information not relevant to the subject matter of this lawsuit or reasonably calculated to

2    lead to the discovery of admissible evidence. MGA also objects to this request on the

3    grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

4    MGA also objects to this request on the grounds that it seeks information in violation of

5    the right of privacy. MGA also objects to this request on the grounds that it seeks

6    confidential, proprietary or commercially sensitive information, the disclosure of which

7    would be inimical to the business interests of MGA. MGA also objects to this request to

8    the extent it calls for the disclosure of attorney-client privileged information or

9    information protected from disclosure by the work-product doctrine, joint defense or

10   common interest privilege, or other privilege. MGA also objects to this request to the

11   extent that it seeks documents not in MGA's possession, custody or control.

12        Subject to the foregoing, MGA will produce nonprivileged documents and

13   communications in its possession, custody or control, relating to any agreements and

14   contracts between MGA and Anna Rhee for work performed prior to January 1, 2001, if

15   any, that it is able to locate following a reasonably diligent search.

16   **REQUEST FOR PRODUCTION NO. 16:**

17        All agreements and contracts between YOU and Veronica Marlow, including

18   without limitation all drafts thereof and amendments, modifications and revisions thereto.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

20        MGA incorporates by reference the above-stated general objections as if fully set

21   forth herein. MGA specifically objects to this request on the grounds that it seeks

22   information not relevant to the subject matter of this lawsuit or reasonably calculated to

23   lead to the discovery of admissible evidence. MGA also objects to this request on the

24   grounds that it seeks information in violation of the right of privacy. MGA also objects to

25   this request on the grounds that it seeks confidential, proprietary or commercially

26   sensitive information, the disclosure of which would be inimical to the business interests

27   of MGA. MGA also objects to this request to the extent it calls for the disclosure of

28   attorney-client privileged information or information protected from disclosure by the

LA2:756234.3                            17                 MGA'S RESPONSE TO 1ST SET OF
                                                          REQUEST FOR PRODUCTION OF
                                                          DOCUMENTS

EXHIBIT 2 PAGE 50

1  work-product doctrine, joint defense or common interest privilege, or other privilege.

2  MGA also objects to this request to the extent that it seeks documents not in MGA's

3  possession, custody or control.

4      Subject to the foregoing, MGA will produce nonprivileged agreements and

5  contracts in its possession, custody or control, between MGA and Veronica Marlow

6  relating to work performed prior to January 1, 2001, if any, that it is able to locate

7  following a reasonably diligent search.

8  **REQUEST FOR PRODUCTION NO. 17:**

9      All DOCUMENTS that REFER OR RELATE TO any agreement or contract

10  between YOU and Veronica Marlow, including without limitation all

11  COMMUNICATIONS that REFER OR RELATE thereto.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

13      MGA incorporates by reference the above-stated general objections as if fully set

14  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably calculated to

16  lead to the discovery of admissible evidence.  MGA also objects to this request on the

17  grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

18  MGA also objects to this request on the grounds that it seeks information in violation of

19  the right of privacy.  MGA also objects to this request on the grounds that it seeks

20  confidential, proprietary or commercially sensitive information, the disclosure of which

21  would be inimical to the business interests of MGA.  MGA also objects to this request to

22  the extent it calls for the disclosure of attorney-client privileged information or

23  information protected from disclosure by the work-product doctrine, joint defense or

24  common interest privilege, or other privilege.  MGA also objects to this request to the

25  extent that it seeks documents not in MGA's possession, custody or control.

26      Subject to the foregoing, MGA will produce nonprivileged documents and

27  communications in its possession, custody or control, relating to any agreements and

28  contracts between MGA and Veronica Marlow for work performed prior to January 1,

LA2:756234.3

18

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 51

1   2001, if any, that it is able to locate following a reasonably diligent search.

2   **REQUEST FOR PRODUCTION NO. 18:**

3          All agreements and contracts between YOU and Margaret Hatch (also known as

4   Margaret Leahy and/or Margaret Hatch-Leahy), including without limitation all drafts

5   thereof and amendments, modifications and revisions thereto.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

7          MGA incorporates by reference the above-stated general objections as if fully set

8   forth herein.  MGA specifically objects to this request on the grounds that it seeks

9   information not relevant to the subject matter of this lawsuit or reasonably calculated to

10  lead to the discovery of admissible evidence. MGA also objects to this request on the

11  grounds that it seeks information in violation of the right of privacy.  MGA also objects to

12  this request on the grounds that it seeks confidential, proprietary or commercially

13  sensitive information, the disclosure of which would be inimical to the business interests

14  of MGA.  MGA also objects to this request to the extent it calls for the disclosure of

15  attorney-client privileged information or information protected from disclosure by the

16  work-product doctrine, joint defense or common interest privilege, or other privilege.

17  MGA also objects to this request to the extent that it seeks documents not in MGA's

18  possession, custody or control.

19         Subject to the foregoing, MGA will produce nonprivileged agreements and

20  contracts in its possession, custody or control, between MGA and Margaret Leahy relating

21  to work performed prior to January 1, 2001, if any, that it is able to locate following a

22  reasonably diligent search.

23  **REQUEST FOR PRODUCTION NO. 19:**

24         All DOCUMENTS that REFER OR RELATE TO any agreement or contract

25  between YOU and Margaret Hatch (also known as Margaret Leahy and/or Margaret

26  Hatch-Leahy), including without limitation all COMMUNICATIONS that REFER OR

27  RELATE thereto.

28

LA2:756234.3

19

EXHIBIT 2 PAGE 52

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

2      MGA incorporates by reference the above-stated general objections as if fully set

3  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

4  information not relevant to the subject matter of this lawsuit or reasonably calculated to

5  lead to the discovery of admissible evidence.  MGA also objects to this request on the

6  grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

7  MGA also objects to this request on the grounds that it seeks information in violation of

8  the right of privacy.  MGA also objects to this request on the grounds that it seeks

9  confidential, proprietary or commercially sensitive information, the disclosure of which

10  would be inimical to the business interests of MGA.  MGA also objects to this request to

11  the extent it calls for the disclosure of attorney-client privileged information or

12  information protected from disclosure by the work-product doctrine, joint defense or

13  common interest privilege, or other privilege.  MGA also objects to this request to the

14  extent that it seeks documents not in MGA's possession, custody or control.

15      Subject to the foregoing, MGA will produce nonprivileged documents and

16  communications in its possession, custody or control, relating to any agreements and

17  contracts between MGA and Margaret Leahy for work performed prior to January 1,

18  2001, if any, that it is able to locate following a reasonably diligent search.

19  **REQUEST FOR PRODUCTION NO. 20:**

20      All agreements and contracts between YOU and Sarah Halpern, including without

21  limitation all drafts thereof and amendments, modifications and revisions thereto.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

23      MGA incorporates by reference the above-stated general objections as if fully set

24  forth herein.  MGA specifically objects to this request on the grounds that it seeks

25  information not relevant to the subject matter of this lawsuit or reasonably calculated to

26  lead to the discovery of admissible evidence. MGA also objects to this request on the

27  grounds that it seeks information in violation of the right of privacy.  MGA also objects to

28  this request on the grounds that it seeks confidential, proprietary or commercially

EXHIBIT 2 PAGE 53

1 | sensitive information, the disclosure of which would be inimical to the business interests

2 | of MGA. MGA also objects to this request to the extent it calls for the disclosure of

3 | attorney-client privileged information or information protected from disclosure by the

4 | work-product doctrine, joint defense or common interest privilege, or other privilege.

5 | MGA also objects to this request to the extent that it seeks documents not in MGA's

6 | possession, custody or control.

7 | Subject to the foregoing, MGA will produce nonprivileged agreements and

8 | contracts in its possession, custody or control, between MGA and Sarah Halpern relating

9 | to work performed prior to January 1, 2001, if any, that it is able to locate following a

10 | reasonably diligent search.

11 | **REQUEST FOR PRODUCTION NO. 21:**

12 | All DOCUMENTS that REFER OR RELATE TO any agreement or contract

13 | between YOU and Sarah Halpern, including without limitation all COMMUNICATIONS

14 | that REFER OR RELATE thereto.

15 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16 | MGA incorporates by reference the above-stated general objections as if fully set

17 | forth herein. MGA also specifically objects to this request on the grounds that it seeks

18 | information not relevant to the subject matter of this lawsuit or reasonably calculated to

19 | lead to the discovery of admissible evidence. MGA also objects to this request on the

20 | grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

21 | MGA also objects to this request on the grounds that it seeks information in violation of

22 | the right of privacy. MGA also objects to this request on the grounds that it seeks

23 | confidential, proprietary or commercially sensitive information, the disclosure of which

24 | would be inimical to the business interests of MGA. MGA also objects to this request to

25 | the extent it calls for the disclosure of attorney-client privileged information or

26 | information protected from disclosure by the work-product doctrine, joint defense or

27 | common interest privilege, or other privilege. MGA also objects to this request to the

28 | extent that it seeks documents not in MGA's possession, custody or control.

LA2:756234.3

21

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 54

1   Subject to the foregoing, MGA will produce nonprivileged documents and

2   communications in its possession, custody or control, relating to any agreements and

3   contracts between MGA and Sarah Halpern for work performed prior to January 1, 2001,

4   if any, that it is able to locate following a reasonably diligent search.

5   **REQUEST FOR PRODUCTION NO. 22:**

6   All agreements and contracts between YOU and Jesse Ramirez, including without

7   limitation all drafts thereof and amendments, modifications and revisions thereto.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

9   MGA incorporates by reference the above-stated general objections as if fully set

10  forth herein. MGA specifically objects to this request on the grounds that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably calculated to

12  lead to the discovery of admissible evidence. MGA also objects to this request on the

13  grounds that it seeks information in violation of the right of privacy. MGA also objects to

14  this request on the grounds that it seeks confidential, proprietary or commercially

15  sensitive information, the disclosure of which would be inimical to the business interests

16  of MGA. MGA also objects to this request to the extent it calls for the disclosure of

17  attorney-client privileged information or information protected from disclosure by the

18  work-product doctrine, joint defense or common interest privilege, or other privilege.

19  MGA also objects to this request to the extent that it seeks documents not in MGA's

20  possession, custody or control.

21  Subject to the foregoing, MGA will produce nonprivileged agreements and

22  contracts in its possession, custody or control, between MGA and Jesse Ramirez relating

23  to work performed prior to January 1, 2001, if any, that it is able to locate following a

24  reasonably diligent search.

25  **REQUEST FOR PRODUCTION NO. 23:**

26  All DOCUMENTS that REFER OR RELATE TO any agreement or contract

27  between YOU and Jesse Ramirez, including without limitation all COMMUNICATIONS

28  that REFER OR RELATE thereto.

LA2:756234.3

22

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 55

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

2      MGA incorporates by reference the above-stated general objections as if fully set

3  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

4  information not relevant to the subject matter of this lawsuit or reasonably calculated to

5  lead to the discovery of admissible evidence.  MGA also objects to this request on the

6  grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

7  MGA also objects to this request on the grounds that it seeks information in violation of

8  the right of privacy.  MGA also objects to this request on the grounds that it seeks

9  confidential, proprietary or commercially sensitive information, the disclosure of which

10 would be inimical to the business interests of MGA.  MGA also objects to this request to

11 the extent it calls for the disclosure of attorney-client privileged information or

12 information protected from disclosure by the work-product doctrine, joint defense or

13 common interest privilege, or other privilege.  MGA also objects to this request to the

14 extent that it seeks documents not in MGA's possession, custody or control.

15      Subject to the foregoing, MGA will produce nonprivileged documents and

16 communications in its possession, custody or control, relating to any agreements and

17 contracts between MGA and Jesse Ramirez for work performed prior to January 1, 2001,

18 if any, that it is able to locate following a reasonably diligent search.

19 **REQUEST FOR PRODUCTION NO. 24:**

20      All agreements and contracts between YOU and Elise Cloonan, including without

21 limitation all drafts thereof and amendments, modifications and revisions thereto.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

23      MGA incorporates by reference the above-stated general objections as if fully set

24 forth herein.  MGA specifically objects to this request on the grounds that it seeks

25 information not relevant to the subject matter of this lawsuit or reasonably calculated to

26 lead to the discovery of admissible evidence. MGA also objects to this request on the

27 grounds that it seeks information in violation of the right of privacy.  MGA also objects to

28 this request on the grounds that it seeks confidential, proprietary or commercially

LA2:756234.3                          23                    MGA'S RESPONSE TO 1ST SET OF
                                                           REQUEST FOR PRODUCTION OF
                                                           DOCUMENTS

EXHIBIT 2 PAGE 56

1  sensitive information, the disclosure of which would be inimical to the business interests

2  of MGA.  MGA also objects to this request to the extent it calls for the disclosure of

3  attorney-client privileged information or information protected from disclosure by the

4  work-product doctrine, joint defense or common interest privilege, or other privilege.

5  MGA also objects to this request to the extent that it seeks documents not in MGA's

6  possession, custody or control.

7        Subject to the foregoing, MGA will produce nonprivileged agreements and

8  contracts in its possession, custody or control, between MGA and Elise Cloonan relating

9  to work performed prior to January 1, 2001, if any, that it is able to locate following a

10  reasonably diligent search.

11  **REQUEST FOR PRODUCTION NO. 25:**

12        All DOCUMENTS that REFER OR RELATE TO any agreement or contract

13  between YOU and Elise Cloonan, including without limitation all COMMUNICATIONS

14  that REFER OR RELATE thereto.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

16        MGA incorporates by reference the above-stated general objections as if fully set

17  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably calculated to

19  lead to the discovery of admissible evidence.  MGA also objects to this request on the

20  grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

21  MGA also objects to this request on the grounds that it seeks information in violation of

22  the right of privacy.  MGA also objects to this request on the grounds that it seeks

23  confidential, proprietary or commercially sensitive information, the disclosure of which

24  would be inimical to the business interests of MGA.  MGA also objects to this request to

25  the extent it calls for the disclosure of attorney-client privileged information or

26  information protected from disclosure by the work-product doctrine, joint defense or

27  common interest privilege, or other privilege.  MGA also objects to this request to the

28  extent that it seeks documents not in MGA's possession, custody or control.

LA2:756234.3                                      24                    MGA'S  RESPONSE TO 1ST SET OF
                                                                         REQUEST FOR PRODUCTION OF
                                                                         DOCUMENTS

EXHIBIT 2 PAGE 51

1         Subject to the foregoing, MGA will produce nonprivileged documents and

2    communications in its possession, custody or control, relating to any agreements and

3    contracts between MGA and Elise Cloonan for work performed prior to January 1, 2001,

4    if any, that it is able to locate following a reasonably diligent search.

5    **REQUEST FOR PRODUCTION NO. 26:**

6         All DOCUMENTS that REFER OR RELATE TO DESIGNS that BRYANT

7    produced, prepared, created, authored, conceived of or reduced to practice, whether alone

8    or jointly with others, prior to January 1, 2001.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

10        MGA incorporates by reference the above-stated general objections as if fully set

11   forth herein.  MGA also specifically objects to this request to the extent it seeks

12   information not relevant or reasonably calculated to lead to the discovery of admissible

13   evidence and is, thus, overbroad, unduly burdensome and oppressive including, without

14   limitation, in seeking documents relating to DESIGNS not in issue in this action, and in

15   that it reaches back into time indefinitely and, thus, for example, calls for documents

16   referring or relating to DESIGNS Bryant might have conceived of in his childhood and

17   that have nothing whatsoever to do with this action.  MGA also objects to this request to

18   the extent it seeks information the disclosure of which would implicate the rights of third

19   parties to protect private, confidential, proprietary or trade secret information.  MGA also

20   objects to this request on the grounds that it seeks confidential, proprietary or

21   commercially sensitive information, the disclosure of which would be inimical to the

22   business interests of MGA.  MGA also objects to this request to the extent it calls for the

23   disclosure of attorney-client privileged information or information protected from

24   disclosure by the work-product doctrine, joint defense or common interest privilege, or

25   other privilege.  MGA also objects to this request to the extent that it seeks documents not

26   in MGA's possession, custody or control.

27

28

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1    Subject to the foregoing, MGA will produce all relevant and responsive non-

2    objectionable documents in its possession, custody or control, if any, that it is able to

3    locate following a reasonably diligent search.

4    **REQUEST FOR PRODUCTION NO. 27:**

5    All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, prepared,

6    created, authored, conceived of or reduced to practice prior to January 1, 2001 by

7    BRYANT, whether alone or jointly with others, in which YOU have purported at any time

8    to purchase, acquire or own any right, title or interest (whether in whole or in part).

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

10   MGA incorporates by reference the above-stated general objections as if fully set

11   forth herein. MGA also specifically objects to this request to the extent it seeks

12   information not relevant or reasonably calculated to lead to the discovery of admissible

13   evidence and is, thus, overbroad, including, without limitation, seeking documents

14   relating to any DESIGNS created, authored, conceived of or reduced to practice prior to

15   January 1, 2001 by BRYANT, and is therefore not limited to those DESIGNS that may be

16   at issue in this litigation. MGA also objects to this request to the extent it seeks

17   information the disclosure of which would implicate the rights of third parties to protect

18   private, confidential, proprietary or trade secret information. MGA also objects to this

19   request on the grounds that it seeks confidential, proprietary or commercially sensitive

20   information, the disclosure of which would be inimical to the business interests of MGA.

21   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

22   privileged information or information protected from disclosure by the work-product

23   doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

24   to this request to the extent that it seeks documents not in MGA's possession, custody or

25   control.

26   Subject to the foregoing, MGA will produce all relevant and responsive non-

27   objectionable documents in its possession, custody or control, if any, that it is able to

28   locate following a reasonably diligent search.

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 59 

1   **REQUEST FOR PRODUCTION NO. 28:**

2       All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, prepared,

3   created, authored, conceived of or reduced to practice prior to January 1, 2001 by

4   Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), whether

5   alone or jointly with others, in which YOU have purported at any time to purchase,

6   acquire or own any right, title or interest (whether in whole or in part).

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

8       MGA incorporates by reference the above-stated general objections as if fully set

9   forth herein.  MGA also specifically objects to this request to the extent it seeks

10   information not relevant or reasonably calculated to lead to the discovery of admissible

11   evidence and is, thus, overbroad, including, without limitation, seeking documents

12   relating to any DESIGNS created, authored, conceived of or reduced to practice prior to

13   January 1, 2001 by Margaret Leahy, and is therefore not limited to those DESIGNS that

14   may be at issue in this litigation.  MGA also objects to this request to the extent it seeks

15   information the disclosure of which would implicate the rights of third parties to protect

16   private, confidential, proprietary or trade secret information.  MGA also objects to this

17   request on the grounds that it seeks confidential, proprietary or commercially sensitive

18   information, the disclosure of which would be inimical to the business interests of MGA.

19   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

20   privileged information or information protected from disclosure by the work-product

21   doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

22   to this request to the extent that it seeks documents not in MGA's possession, custody or

23   control.

24       Subject to the foregoing, MGA will produce all relevant and responsive non-

25   objectionable documents in its possession, custody or control, if any, that it is able to

26   locate following a reasonably diligent search.

27   **REQUEST FOR PRODUCTION NO. 29:**

28       All DOCUMENTS, including without limitation all COMMUNICATIONS

EXHIBIT 2 PAGE 60

1  between YOU and any PERSON, that REFER OR RELATE TO any agreement or

2  contract between BRYANT and Mattel, Inc.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

4      MGA incorporates by reference the above-stated general objections as if fully set

5  forth herein.  MGA also specifically objects to this request to the extent it seeks

6  information the disclosure of which would implicate the rights of third parties to protect

7  private, confidential, proprietary or trade secret information.  MGA also objects to this

8  request to the extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense or

10  common interest privilege, or other privilege.  MGA also objects to this request to the

11  extent that it seeks documents not in MGA's possession, custody or control.

12      Subject to the foregoing, MGA will produce all relevant and responsive non-

13  objectionable documents in its possession, custody or control, if any, that it is able to

14  locate following a reasonably diligent search.

15  **REQUEST FOR PRODUCTION NO. 30:**

16      All DOCUMENTS, including without limitation all COMMUNICATIONS

17  between YOU and any PERSON, that REFER OR RELATE TO any agreement or

18  contract between Margaret Hatch (also known as Margaret Leahy and/or Margaret

19  Hatch-Leahy) and Mattel, Inc.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

21      MGA incorporates by reference the above-stated general objections as if fully set

22  forth herein.  MGA also specifically objects to this request to the extent it seeks

23  information the disclosure of which would implicate the rights of third parties to protect

24  private, confidential, proprietary or trade secret information.  MGA also objects to this

25  request to the extent it calls for the disclosure of attorney-client privileged information or

26  information protected from disclosure by the work-product doctrine, joint defense or

27  common interest privilege, or other privilege.  MGA also objects to this request to the

28  extent that it seeks documents not in MGA's possession, custody or control.

LA2:756234.3

28

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 61

1    Subject to the foregoing, MGA will produce all relevant and responsive non-

2    objectionable documents in its possession, custody or control, if any, that it is able to

3    locate following a reasonably diligent search.

4    **REQUEST FOR PRODUCTION NO. 31:**

5    All COMMUNICATIONS between YOU and BRYANT that REFER OR

6    RELATE TO Mattel, Inc. or any officer, director, employee or representative of Mattel,

7    Inc.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

9    MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

11   information not relevant to the subject matter of this lawsuit or reasonably calculated to

12   lead to the discovery of admissible evidence.  MGA also objects to this request on the

13   grounds that it is unlimited in time and subject matter and is, thus, overbroad, unduly

14   burdensome and oppressive, including, without limitation, in calling for communications

15   exchanged between any person at MGA and Bryant on any subject matter relating or

16   referring in any way to Mattel.  MGA also objects to this request on the grounds that it is

17   overbroad, without limitation, in potentially extending to communications that any of

18   MGA's employees, agents or representatives may have exchanged with Bryant that refer

19   or relate to Mattel or any of its officers, directors, employees, or representatives,

20   regardless of whether any such person was employed by Mattel at the time of the

21   communication, and which communication may be unrelated in any way to the subject

22   matter of this lawsuit, MGA, MGA's business or may, indeed, have occurred when none

23   of the parties to the communications worked for or on behalf of MGA.  MGA also objects

24   to this request to the extent it seeks information the disclosure of which would implicate

25   the rights of third parties to protect private, confidential, proprietary or trade secret

26   information.  MGA also objects to this request on the grounds that it seeks confidential,

27   proprietary or commercially sensitive information, the disclosure of which would be

28   inimical to the business interests of MGA.  MGA also objects to this request to the extent

LA2:756234.3

29

EXHIBIT 2 PAGE 62

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   it calls for the disclosure of attorney-client privileged information or information

2   protected from disclosure by the work-product doctrine, the joint defense or common

3   interest privilege, or other privilege.

4       Subject to the foregoing, MGA will produce all relevant responsive non-

5   objectionable documents, if any, in its possession, custody or control, that it is able to

6   locate following a reasonably diligent search.

7   **REQUEST FOR PRODUCTION NO. 32:**

8       All DOCUMENTS prepared, written, transmitted or received (whether in whole or

9   in part) prior to January 1, 2001 that REFER OR RELATE TO BRATZ.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

11      MGA incorporates by reference the above-stated general objections as if fully set

12  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

13  confidential, proprietary, or commercially sensitive information, the disclosure of which

14  would be inimical to the business interests of MGA.  MGA also objects to this request to

15  the extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work product doctrine, joint defense or

17  common interest privilege, or other privilege.

18      Subject to the foregoing, MGA will produce all relevant and responsive non-

19  objectionable documents in its possession, custody or control, if any, that it is able to

20  locate following a reasonably diligent search.

21  **REQUEST FOR PRODUCTION NO. 33:**

22      All DOCUMENTS that REFER OR RELATE TO BRATZ that REFER OR

23  RELATE TO any time prior to January 1, 2001 (regardless of when such document was

24  prepared, written, transmitted or received, whether in whole or in part).

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

26      MGA incorporates by reference the above-stated general objections as if fully set

27  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

28  confidential, proprietary, or commercially sensitive information, the disclosure of which

EXHIBIT 2 PAGE 63

1  would be inimical to the business interests of MGA.  MGA also specifically objects to this

2  request on the grounds that it seeks information not relevant to the subject matter of this

3  lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  MGA

4  further objects to this request in the grounds that it is vague, ambiguous and unintelligible,

5  particularly in its use of the phrase "that refer or relate to Bratz that refer or relate to any

6  time . . ."  MGA also objects to this request to the extent it calls for the disclosure of

7  attorney-client privileged information or information protected from disclosure by the

8  work product doctrine, joint defense or common interest privilege, or other privilege.

9          Subject to the foregoing, to the extent MGA is able to understand this request,

10  MGA will produce all relevant and responsive non-objectionable documents in its

11  possession, custody or control, if any, that it is able to locate following a reasonably

12  diligent search.

13  **REQUEST FOR PRODUCTION NO. 34:**

14          All DOCUMENTS prepared, written, transmitted or received (whether in whole or

15  in part) prior to January 1, 2001 that REFER OR RELATE TO ANGEL.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

17          MGA incorporates by reference the above-stated general objections as if fully set

18  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

19  information not relevant to the subject matter of this lawsuit or reasonably calculated to

20  lead to the discovery of admissible evidence and is, thus, overbroad including, without

21  limitation, in that it seeks documents referring or relating to MGA products not at issue in

22  this lawsuit.  MGA also objects to this request on the grounds that it seeks confidential,

23  proprietary, or commercially sensitive information, the disclosure of which would be

24  inimical to the business interests of MGA.  MGA also objects to this request to the extent

25  it calls for the disclosure of attorney-client privileged information or information

26  protected from disclosure by the work product doctrine, joint defense or common interest

27  privilege, or other privilege.

28

1      Subject to the foregoing, MGA will produce all documents in its possession,

2    custody or control, if any, that refer or relate to the Angel project that were prepared,

3    written, transmitted or received prior to January 1, 2001, that it is able to locate following

4    a reasonably diligent search.

5    **REQUEST FOR PRODUCTION NO. 35:**

6      All DOCUMENTS that REFER OR RELATE TO ANGEL that REFER OR

7    RELATE TO any time prior to January 1, 2001 (regardless of when such document was

8    prepared, written, transmitted or received, whether in whole or in part).

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

10      MGA incorporates by reference the above-stated general objections as if fully set

11    forth herein.  MGA also specifically objects to this request on the grounds that it seeks

12    information not relevant to the subject matter of this lawsuit or reasonably calculated to

13    lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

14    and oppressive, including, without limitation, in that it seeks documents referring or

15    relating to MGA products not at issue in this lawsuit.  MGA also objects to this request on

16    the grounds that it seeks confidential, proprietary, or commercially sensitive information,

17    the disclosure of which would be inimical to the business interests of MGA.  MGA further

18    objects to this request in the grounds that it is vague, ambiguous and unintelligible,

19    particularly in its use of the phrase "that refer or relate to Angel that refer or relate to any

20    time . . ."  MGA also objects to this request to the extent it calls for the disclosure of

21    attorney-client privileged information or information protected from disclosure by the

22    work product doctrine, joint defense or common interest privilege, or other privilege.

23      Subject to the foregoing, to the extent MGA is able to understand this request,

24    MGA will produce all documents in its possession, custody or control, if any, that refer or

25    relate to the Angel project prior to January 1, 2001, that it is able to locate following a

26    reasonably diligent search.

27    **REQUEST FOR PRODUCTION NO. 36:**

28      All DOCUMENTS that REFER OR RELATE TO the origin(s), conception or

LA2:756234.3             32                MGA'S RESPONSE TO 1ST SET OF
                                                  REQUEST FOR PRODUCTION OF
                                                        DOCUMENTS



EXHIBIT 2 PAGE 15

1   creation of BRATZ, including without limitation all DOCUMENTS that REFER OR

2   RELATE TO the timing of, and the method and manner in which, BRATZ first came to

3   YOUR attention.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

5        MGA incorporates by reference the above-stated general objections as if fully set

6   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

7   confidential, proprietary, or commercially sensitive information, the disclosure of which

8   would be inimical to the business interests of MGA.  MGA also objects to this request on

9   the grounds that it seeks information not relevant to the subject matter of this lawsuit or

10   reasonably calculated to lead to the discovery of admissible evidence and is, thus,

11   overbroad, unduly burdensome and oppressive, including, without limitation, to the extent

12   it seeks documents referring or relating to Bratz beyond the first four characters and first

13   generation of dolls.  MGA also objects to this request to the extent it seeks documents not

14   within MGA's possession, custody or control.  MGA also objects to this request to the

15   extent it calls for the disclosure of attorney-client privileged information or information

16   protected from disclosure by the work product doctrine, joint defense or common interest

17   privilege, or other privilege.

18        Subject to the foregoing, MGA will produce all relevant and responsive non-

19   objectionable documents in its possession, custody, or control, if any, that refer or relate to

20   the origin(s), conception or creation of First Generation Bratz, that it is able to locate

21   following a reasonably diligent search.

22   **REQUEST FOR PRODUCTION NO. 37:**

23        All declarations, affidavits and other sworn written statements of any other type or

24   form by YOU that REFER OR RELATE TO BRATZ (other than those previously filed

25   and served in this action).

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

27        MGA incorporates by reference the above-stated general objections as if fully set

28   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

LA2:756234.3

33

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 66

1  information not relevant to the subject matter of this lawsuit or reasonably calculated to

2  lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

3  and oppressive including, without limitation, in calling for all declarations, affidavits and

4  other sworn written statements that refer or relate to Bratz but not otherwise limited as to

5  subject matter, and not limited in any way as to time.  MGA also objects to this request on

6  the grounds that it seeks information that is already known to Mattel and/or is a matter of

7  public record and/or is equally available to Mattel, and is, therefore, unduly burdensome

8  and oppressive.  MGA also objects to this request on the grounds that it seeks

9  confidential, proprietary or commercially sensitive information, the disclosure of which

10  would be inimical to the business interests of MGA.  MGA also objects to this request to

11  the extent that it may seek documents the disclosure of which is or may  be governed by

12  court orders.  MGA also objects to this request to the extent it seeks information the

13  disclosure of which would implicate the rights of third parties to protect private,

14  confidential, proprietary or trade secret information.  MGA also objects to this request to

15  the extent it may seek documents the disclosure of which is or may be protected by

16  contract or agreement.  MGA also objects to this request to the extent it calls for the

17  disclosure of attorney-client privileged information or information protected from

18  disclosure by the work-product doctrine, the joint defense or common interest privilege, or

19  other privilege.

20        Subject to the foregoing, MGA will not produce documents in response to this

21  request.

22  **REQUEST FOR PRODUCTION NO. 38:**

23        All transcripts and video and/or audio recordings of statements made by YOU

24  under oath, including without limitation all deposition transcripts, trial transcripts and

25  arbitration transcripts, that REFER OR RELATE TO BRATZ (other than those taken in

26  this action when Mattel, Inc.'s counsel was in attendance).

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

28        MGA incorporates by reference the above-stated general objections as if fully set

LA2:756234.3

34

EXHIBIT 2 PAGE 67

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably calculated to

3   lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

4   and oppressive including, without limitation, in calling for all transcripts and video and/or

5   audio recordings of statements made by MGA under oath, including without limitation all

6   deposition transcripts, trial transcripts and arbitration transcripts refer or relate to Bratz

7   but not otherwise limited as to subject matter, and not limited in any way as to time.

8   MGA also objects to this request on the grounds that it seeks information that is already

9   known to Mattel and/or is a matter of public record and/or is equally available to Mattel,

10   and is, therefore, unduly burdensome and oppressive.  MGA also objects to this request on

11   the grounds that it seeks confidential, proprietary or commercially sensitive information,

12   the disclosure of which would be inimical to the business interests of MGA.  MGA also

13   objects to this request to the extent that it may seek documents the disclosure of which is

14   or may be governed by court orders.  MGA also objects to this request to the extent it

15   seeks information the disclosure of which would implicate the rights of third parties to

16   protect private, confidential, proprietary or trade secret information.  MGA also objects to

17   this request to the extent it may seek documents the disclosure of which is or may be

18   protected by contract or agreement.  MGA also objects to this request to the extent it calls

19   for the disclosure of attorney-client privileged information or information protected from

20   disclosure by the work-product doctrine, the joint defense or common interest privilege, or

21   other privilege.

22        Subject to the foregoing, MGA will not produce documents in response to this

23   request.

24   **REQUEST FOR PRODUCTION NO. 39:**

25        All declarations, affidavits and other sworn written statements of any other type or

26   form by any PERSON that REFER OR RELATE TO ANGEL (other than those

27   previously filed and served in this action).

28

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

      MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence in that it seeks information relating to MGA products not at issue in this litigation. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive including, without limitation, in calling for all declarations, affidavits and other sworn written statements that refer or relate to Angel, and is not otherwise limited as to subject matter, and not limited in any way as to time. MGA also objects to this request on the grounds that it seeks information that is already known to Mattel and/or is a matter of public record and/or is equally available to Mattel, and is, therefore, unduly burdensome and oppressive. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent that it may seek documents the disclosure of which is or may be governed by court orders. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also objects to this request to the extent it may seek documents the disclosure of which is or may be protected by contract or agreement. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, the joint defense or common interest privilege, or other privilege.

      Subject to the foregoing, MGA will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 40:**

      All transcripts and video and/or audio recordings of statements made by any PERSON under oath, including without limitation all deposition transcripts, trial

LA2:756234.3

36

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _2_ PAGE _69_

1   transcripts and arbitration transcripts, that REFER OR RELATE TO ANGEL (other than

2   those taken in this action when Mattel, Inc.'s counsel was in attendance).

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

4         MGA incorporates by reference the above-stated general objections as if fully set

5   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably calculated to

7   lead to the discovery of admissible evidence in that it seeks information relating to MGA

8   products not at issue in this litigation.  MGA also objects to this request on the grounds

9   that it is overbroad, unduly burdensome and oppressive including, without limitation, in

10   calling for all transcripts and video and/or audio recordings of statements made by any

11   person under oath, including without limitation all deposition transcripts, trial transcripts

12   and arbitration transcripts refer or relate to Angel but not otherwise limited as to subject

13   matter, and not limited in any way as to time.  MGA also objects to this request to the

14   extent that it seeks documents not in MGA's possession, custody or control.  MGA also

15   objects to this request on the grounds that it seeks information that is already known to

16   Mattel and/or is a matter of public record and/or is equally available to Mattel, and is,

17   therefore, unduly burdensome and oppressive.  MGA also objects to this request on the

18   grounds that it seeks confidential, proprietary or commercially sensitive information, the

19   disclosure of which would be inimical to the business interests of MGA.  MGA also

20   objects to this request to the extent that it may seek documents the disclosure of which is

21   or may  be governed by  court orders.   MGA also objects to this request to the extent it

22   seeks information the disclosure of which would implicate the rights of third parties to

23   protect private, confidential, proprietary or trade secret information.  MGA also objects to

24   this request to the extent it may seek documents the disclosure of which is or may be

25   protected by contract or agreement.  MGA also objects to this request to the extent it calls

26   for the disclosure of attorney-client privileged information or information protected from

27   disclosure by the work-product doctrine, the joint defense or common interest privilege, or

28   other privilege.

LA2:756234.3

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 70

1    Subject to the foregoing, MGA will not produce documents in response to this

2    request.

3    **REQUEST FOR PRODUCTION NO. 41:**

4    All DOCUMENTS that REFER OR RELATE TO BRATZ and/or ANGEL filed,

5    submitted and served in the suit and/or arbitration proceedings brought by Farhad Larian

6    against Isaac Larian, including without limitation all declarations, affidavits and sworn

7    testimony given by any PERSON in such suit or arbitration proceedings.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

9    MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

11   information not relevant to the subject matter of this lawsuit or reasonably calculated to

12   lead to the discovery of admissible evidence including, without limitation, in that is seeks

13   documents filed in litigation and/or arbitration proceedings that have nothing to do with

14   the subject matter of this litigation.  MGA further objects to this request on that ground

15   that it is overbroad, unduly burdensome and oppressive including, without limitation, in

16   calling for all documents that refer or relate to Bratz and/or Angel submitted and served in

17   the suit and/or arbitration proceedings brought by Farhad Larian against Isaac Larian.

18   MGA also objects to this request on the grounds that it seeks information not relevant to

19   the subject matter of this lawsuit or reasonably calculated to lead to the discovery of

20   admissible evidence in that it seeks information about an MGA product not at issue in this

21   litigation.  MGA also objects to this request on the grounds that it seeks information that

22   is already known to Mattel and/or is a matter of public record and/or is equally available

23   to Mattel, and is thus unduly burdensome and oppressive.  MGA also objects to this

24   request to the extent that it seeks documents not in MGA's possession, custody or control.

25   MGA also objects to this request on the grounds that it seeks confidential, proprietary or

26   commercially sensitive information, the disclosure of which would be inimical to the

27   business interests of MGA.  MGA also objects to this request to the extent that it may seek

28   documents the disclosure of which is or may  be governed by  court orders.  MGA also

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 71

1 | objects to this request to the extent it seeks information the disclosure of which would

2 | implicate the rights of third parties to protect private, confidential, proprietary or trade

3 | secret information. MGA also objects to this request to the extent it may seek documents

4 | the disclosure of which is or may be protected by contract or agreement. MGA also

5 | objects to this request to the extent it calls for the disclosure of attorney-client privileged

6 | information or information protected from disclosure by the work-product doctrine, the

7 | joint defense or common interest privilege, or other privilege.

8 |      Subject to the foregoing, MGA will not produce documents in response to this

9 | request.

10 | **REQUEST FOR PRODUCTION NO. 42:**

11 |      All DOCUMENTS that REFER OR RELATE TO any payment made to or on

12 | behalf of BRYANT prior to October 21, 2000 or for work or services performed by

13 | BRYANT prior to October 21, 2000 regardless of when such payment was actually made.

14 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

15 |      MGA incorporates by reference the above-stated general objections as if fully set

16 | forth herein. MGA also specifically objects to this request to the extent that it seeks

17 | information not relevant to the subject matter of this lawsuit or reasonably calculated to

18 | lead to the discovery of admissible evidence, and is therefore overbroad, including,

19 | without limitation, in that it asks for documents that refer or relate to "any payment made .

20 | . . *on behalf of* Bryant" without regard to what such payment might relate to. MGA also

21 | objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

22 | determine what is meant by "payments made . . . on behalf of" Bryant. MGA also objects

23 | to this request to the extent it seeks information the disclosure of which would implicate

24 | the rights of third parties to protect private, confidential, proprietary or trade secret

25 | information. MGA also objects to this request on the grounds that it seeks confidential,

26 | proprietary or commercially sensitive information, the disclosure of which would be

27 | inimical to the business interests of MGA. MGA also objects to this request to the extent

28 | it calls for the disclosure of attorney-client privileged information or information

LA2:756234.3                  39              MGA'S RESPONSE TO 1ST SET OF
                                                   REQUEST FOR PRODUCTION OF
                                                   DOCUMENTS

EXHIBIT 2 PAGE 72

1   protected from disclosure by the work-product doctrine, joint defense or common interest

2   privilege, or other privilege.

3         Subject to the foregoing, MGA will produce documents in its possession, custody

4   or control, if any, that refer or relate to payments made by MGA to Bryant for work

5   performed for MGA or at MGA's request prior to October 21, 2000, that it is able to

6   locate following a reasonably diligent search.

7   **REQUEST FOR PRODUCTION NO. 43:**

8         All DOCUMENTS that REFER OR RELATE TO any payment made to or on

9   behalf of BRYANT for DESIGNS that BRYANT assigned or transferred to YOU prior

10   October 21, 2000, regardless of when such payment was actually made.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

12         MGA incorporates by reference the above-stated general objections as if fully set

13   forth herein.  MGA also specifically objects to this request to the extent it seeks

14   information not relevant or reasonably calculated to lead to the discovery of admissible

15   evidence and is, thus, overbroad, unduly burdensome and oppressive including, without

16   limitation, in seeking documents relating to DESIGNS not in issue in this action.  MGA

17   also objects to this request on the grounds that it is vague and ambiguous in that MGA

18   cannot determine what is meant by "payments made . . . on behalf of" Bryant.  MGA also

19   objects to this request to the extent it seeks information the disclosure of which would

20   implicate the rights of third parties to protect private, confidential, proprietary or trade

21   secret information.  MGA also objects to this request on the grounds that it seeks

22   confidential, proprietary or commercially sensitive information, the disclosure of which

23   would be inimical to the business interests of MGA.  MGA also objects to this request to

24   the extent it calls for the disclosure of attorney-client privileged information or

25   information protected from disclosure by the work-product doctrine, joint defense or

26   common interest privilege, or other privilege.

27         Subject to the foregoing, MGA will produce documents in its possession, custody

28   or control, if any, that refer or relate to payments made by MGA to Bryant for work

LA2:756234.3

40

EXHIBIT _2_ PAGE _73_

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1  performed for MGA or at MGA's request prior to October 21, 2000, that it is able to

2  locate following a reasonably diligent search.

3  **REQUEST FOR PRODUCTION NO. 44:**

4      All DOCUMENTS that REFER OR RELATE TO invoices submitted by

5  BRYANT to YOU prior to January 31, 2001.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

7      MGA incorporates by reference the above-stated general objections as if fully set

8  forth herein.  MGA also objects to this request to the extent that it seeks information not

9  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

10  discovery of admissible evidence.  MGA also objects to this request on the grounds that it

11  seeks confidential, proprietary or commercially sensitive information, the disclosure of

12  which would be inimical to the business interests of MGA.  MGA also objects to this

13  request to the extent it calls for the disclosure of attorney-client privileged information or

14  information protected from disclosure by the work-product doctrine, joint defense or

15  common interest privilege, or other privilege.  MGA also objects to this request to the

16  extent it seeks information the disclosure of which would implicate the rights of third

17  parties to protect private, confidential, proprietary or trade secret information.

18      Subject to the foregoing, MGA will produce all relevant and responsive non-

19  objectionable documents in its possession, custody or control, if any, that it is able to

20  locate following a reasonably diligent search.

21  **REQUEST FOR PRODUCTION NO. 45:**

22      All of YOUR royalty statements to or for BRYANT.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

24      MGA incorporates by reference the above-stated general objections as if fully set

25  forth herein.  MGA also objects to this request to the extent that it seeks information not

26  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

27  discovery of admissible evidence, and is thus overbroad, including without limitation, in

28  that is it not limited as to time of the royalty statements or the product or services to which

EXHIBIT 2 PAGE 74

41

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1  those royalty statements relate.  MGA also objects to this request on the grounds that it is

2  vague and ambiguous, particularly in that MGA cannot determine what is meant by

3  "royalty statements . . . for BRYANT."  MGA also objects to this request on the grounds

4  that it seeks confidential, proprietary or commercially sensitive information, the disclosure

5  of which would be inimical to the business interests of MGA.  MGA also objects to this

6  request to the extent it calls for the disclosure of attorney-client privileged information or

7  information protected from disclosure by the work-product doctrine, joint defense or

8  common interest privilege, or other privilege.  MGA also objects to this request to the

9  extent it seeks information the disclosure of which would implicate the rights of third

10  parties to protect private, confidential, proprietary or trade secret information.

11      Subject to the foregoing, MGA will produce documents sufficient to show all

12  royalties MGA paid to Bryant derived from sales of First Generation Bratz dolls.

13  **REQUEST FOR PRODUCTION NO. 46:**

14      All DOCUMENTS that REFER OR RELATE TO BRYANT'S participation in the

15  conception, creation, design, development, sculpting, tooling, production or manufacture

16  of BRATZ.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

18      MGA incorporates by reference the above-stated general objections as if fully set

19  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

20  confidential, proprietary, or commercially sensitive information, the disclosure of which

21  would be inimical to the business interests of MGA.  MGA also objects to this request on

22  the grounds that it seeks information not relevant to the subject matter of this lawsuit or

23  reasonably calculated to lead to the discovery of admissible evidence and is, thus,

24  overbroad, unduly burdensome and oppressive, including, without limitation, to the extent

25  it seeks documents referring or relating to Bratz beyond the first four characters and first

26  generation of dolls.  MGA also objects to this request to the extent it seeks documents not

27  within MGA's possession, custody or control.  MGA also objects to this request to the

28  extent it calls for the disclosure of attorney-client privileged information or information

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 75

1  protected from disclosure by the work product doctrine, joint defense or common interest

2  privilege, or other privilege.

3       Subject to the foregoing, MGA will produce all documents in its possession,

4  custody or control, if any, that refer or relate to Bryant's participation in the conception,

5  creation, design, development, sculpting, tooling, production or manufacture of the first

6  generation of Bratz dolls, that it is able to locate following a reasonably diligent search.

7  **REQUEST FOR PRODUCTION NO. 47:**

8       All DOCUMENTS that REFER OR RELATE TO BRYANT'S participation in the

9  conception, creation, design, development, sculpting, tooling, production or manufacture

10  of ANGEL.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

12       MGA incorporates by reference the above-stated general objections as if fully set

13  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

14  information not relevant to the subject matter of this lawsuit or reasonably calculated to

15  lead to the discovery of admissible evidence including, without limitation, in that is seeks

16  information related to an MGA product not at issue in this lawsuit.  MGA also objects to

17  this request on the grounds that it seeks confidential, proprietary or commercially

18  sensitive information, the disclosure of which would be inimical to the business interests

19  of MGA.  MGA also objects to this request to the extent it calls for the disclosure of

20  attorney-client privileged information or information protected from disclosure by the

21  work-product doctrine, joint defense or common interest privilege, or other privilege.

22       Subject to the foregoing, MGA will produce all relevant and responsive non-

23  objectionable documents in its possession, custody or control, if any, that it is able to

24  locate following a reasonably diligent search.

25  **REQUEST FOR PRODUCTION NO. 48:**

26       All non-privileged COMMUNICATIONS between YOU and any PERSON that

27  REFER OR RELATE TO this action.

28

LA2:756234.3

43

EXHIBIT 2 PAGE 76

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

2 |         MGA incorporates by reference the above-stated general objections as if fully set

3 | forth herein. MGA also specifically objects to this request on the grounds that it seeks

4 | information not relevant to the subject matter of this lawsuit or reasonably calculated to

5 | lead to the discovery of admissible evidence, including, without limitation, in that it would

6 | extend to any communication between anyone at MGA and any other person referring or

7 | relating in any way to a wide variety of matter that could potentially be construed as

8 | "relating" to this litigation, without regard to whether such communications are at all

9 | relevant to any claim or defense at issue herein. MGA also objects to this request on the

10 | grounds that it is overbroad, unduly burdensome and oppressive in that it purports to

11 | require MGA diligently to identify every communication that any of its hundreds of

12 | employees may have had with any other person referring or relating to this action. MGA

13 | also objects to this request on the grounds that it is overbroad, unduly burdensome and

14 | oppressive in that it is not in any way limited as to the persons involved in the

15 | communications or as to time. MGA also objects to this request on the grounds that it

16 | seeks information in violation of the right of privacy. MGA also objects to this request on

17 | the grounds that it seeks confidential, proprietary or commercially sensitive information,

18 | the disclosure of which would be inimical to the business interests of MGA. MGA also

19 | objects to this request to the extent it calls for the disclosure of attorney-client privileged

20 | information or information protected from disclosure by the work-product doctrine, joint

21 | defense or common interest privilege, or other privilege.

22 |         Subject to the foregoing, MGA will not produce documents in response to this

23 | request.

24 | **REQUEST FOR PRODUCTION NO. 49:**

25 |         All DOCUMENTS that REFER OR RELATE TO any indemnification that

26 | BRYANT has sought, proposed, requested or obtained in connection with this action.

27 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

28 |         MGA incorporates by reference the above-stated general objections as if fully set

EXHIBIT 2 PAGE 77

1   forth herein. MGA also specifically objects to this request on the grounds that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably calculated to

3   lead to the discovery of admissible evidence. MGA also objects to this request on the

4   grounds that it seeks information in violation of the right of privacy. MGA also objects to

5   this request on the grounds that it seeks confidential, proprietary or commercially

6   sensitive information, the disclosure of which would be inimical to the business interests

7   of MGA. MGA also objects to this request to the extent it calls for the disclosure of

8   attorney-client privileged information or information protected from disclosure by the

9   work-product doctrine, joint defense or common interest privilege, or other privilege.

10          Subject to the foregoing, MGA will not produce documents in response to this

11   request.

12   **REQUEST FOR PRODUCTION NO. 50:**

13          All DOCUMENTS that REFER OR RELATE TO any indemnification that YOU

14   have sought, proposed, requested or obtained in connection with this action.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

16          MGA incorporates by reference the above-stated general objections as if fully set

17   forth herein. MGA also specifically objects to this request on the grounds that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably calculated to

19   lead to the discovery of admissible evidence. MGA also objects to this request on the

20   grounds that it seeks information in violation of the right of privacy. MGA also objects to

21   this request on the grounds that it seeks confidential, proprietary or commercially

22   sensitive information, the disclosure of which would be inimical to the business interests

23   of MGA. MGA also objects to this request to the extent it calls for the disclosure of

24   attorney-client privileged information or information protected from disclosure by the

25   work-product doctrine, joint defense or common interest privilege, or other privilege.

26          Subject to the foregoing, MGA will not produce documents in response to this

27   request.

28

1  **REQUEST FOR PRODUCTION NO. 51:**

2       All DOCUMENTS that REFER OR RELATE TO each and every sculpt of

3  BRATZ (including without limitation any model, prototype or sample thereof) prior to

4  June 1, 2001.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

6       MGA incorporates by reference the above-stated general objections as if fully set

7  forth herein.  MGA specifically objects to this request to the extent it seeks information

8  the disclosure of which would implicate the rights of third parties to protect private,

9  confidential, proprietary or trade secret information.  MGA also objects to this request on

10  the grounds that it seeks confidential, proprietary or commercially sensitive information,

11  the disclosure of which would be inimical to the business interests of MGA.  MGA also

12  objects to this request to the extent it calls for the disclosure of attorney-client privileged

13  information or information protected from disclosure by the work-product doctrine, joint

14  defense or common interest privilege, or other privilege.

15       Subject to the foregoing, MGA will produce all relevant and responsive non-

16  objectionable documents in its possession, custody or control, if any, that it is able to

17  locate following a reasonably diligent search.

18  **REQUEST FOR PRODUCTION NO. 52:**

19       All DOCUMENTS that REFER OR RELATE TO each and every sculpt of

20  ANGEL (including without limitation any model, prototype or sample thereof).

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

22       MGA incorporates by reference the above-stated general objections as if fully set

23  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably calculated to

25  lead to the discovery of admissible evidence including, without limitation, in that it seeks

26  information related to an MGA product not at issue in this lawsuit.  MGA also objects to

27  this request on the grounds that it is overbroad in that is it not limited as to time.  MGA

28  also objects to this request to the extent it seeks information the disclosure of which would

LA2:756234.3

46

EXHIBIT 2 PAGE 79

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   implicate the rights of third parties to protect private, confidential, proprietary or trade

2   secret information.  MGA also objects to this request on the grounds that it seeks

3   confidential, proprietary or commercially sensitive information, the disclosure of which

4   would be inimical to the business interests of MGA.  MGA also objects to this request to

5   the extent it calls for the disclosure of attorney-client privileged information or

6   information protected from disclosure by the work-product doctrine, joint defense or

7   common interest privilege, or other privilege.

8        Subject to the foregoing, MGA will produce all documents in its possession,

9   custody or control, if any, that refer or relate to sculpts of Angel created prior to January

10  1, 2001, that it is able to locate following a reasonably diligent search.

11  **REQUEST FOR PRODUCTION NO. 53:**

12       All DOCUMENTS that REFER OR RELATE TO the procurement, fabrication,

13  preparation and production of each and every mold for BRATZ (including without

14  limitation any model, prototype or sample thereof) prior to June 1, 2001, including

15  without limitation all orders, purchase orders and invoices relating thereto.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

17       MGA incorporates by reference the above-stated general objections as if fully set

18  forth herein.  MGA specifically objects to this request to the extent it seeks information

19  the disclosure of which would implicate the rights of third parties to protect private,

20  confidential, proprietary or trade secret information.  MGA also objects to this request on

21  the grounds that it seeks confidential, proprietary or commercially sensitive information,

22  the disclosure of which would be inimical to the business interests of MGA.  MGA also

23  objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

24  determine what is meant by "mold . . . (including without limitation any model, prototype

25  or sample thereof)".  MGA also objects to this request to the extent it calls for the

26  disclosure of attorney-client privileged information or information protected from

27  disclosure by the work-product doctrine, joint defense or common interest privilege, or

28  other privilege.

LA2:756234.3

47

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 80

1       Subject to the foregoing, MGA will produce all relevant and responsive non-

2   objectionable documents in its possession, custody or control, if any, that it is able to

3   locate following a reasonably diligent search.

4   **REQUEST FOR PRODUCTION NO. 54:**

5       DOCUMENTS sufficient to show when any mold for ANGEL (including without

6   limitation for any model, prototype or sample thereof) was first ordered, procured,

7   fabricated, prepared and produced.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

9       MGA incorporates by reference the above-stated general objections as if fully set

10  forth herein. MGA also specifically objects to this request on the grounds that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably calculated to

12  lead to the discovery of admissible evidence including, without limitation, in that is seeks

13  information related to an MGA product not at issue in this lawsuit. MGA also objects to

14  this request on the grounds that it is overbroad in that is it not limited as to time. MGA

15  also objects to this request to the extent it seeks information the disclosure of which would

16  implicate the rights of third parties to protect private, confidential, proprietary or trade

17  secret information. MGA also objects to this request on the grounds that it seeks

18  confidential, proprietary or commercially sensitive information, the disclosure of which

19  would be inimical to the business interests of MGA. MGA also objects to this request on

20  the grounds that it is vague and ambiguous in that MGA cannot determine what is meant

21  by "mold . . . (including without limitation any model, prototype or sample thereof)".

22  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

23  privileged information or information protected from disclosure by the work-product

24  doctrine, joint defense or common interest privilege, or other privilege.

25      Subject to the foregoing, MGA will produce documents, if any, showing when any

26  mold for Angel was first ordered, procured, fabricated, prepared and produced.

27  **REQUEST FOR PRODUCTION NO. 55:**

28      All DOCUMENTS that REFER OR RELATE TO the exhibition or proposed,

LA2:756234.3

48

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 81

1    offered or requested exhibition, of BRATZ (including without limitation any model,

2    prototype or sample thereof) to any third party prior to June 1, 2001.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

4        MGA incorporates by reference the above-stated general objections as if fully set

5    forth herein.  MGA also specifically objects to this request on the grounds that it seeks

6    information not relevant to the subject matter of this lawsuit or reasonably calculated to

7    lead to the discovery of admissible evidence, including, without limitation, in that it

8    potentially extends to every communication having to do with, for example, any Toy Fair

9    to which MGA brought, or considered bringing, Bratz during the stated time frame, and is,

10   thus, also overbroad, unduly burdensome and oppressive.  MGA also objects to this

11   request on the grounds that it is vague and ambiguous in that MGA cannot determine what

12   is meant by "exhibition."  MGA also objects to this request to the extent it seeks

13   information the disclosure of which would implicate the rights of third parties to protect

14   private, confidential, proprietary or trade secret information.  MGA also objects to this

15   request on the grounds that it seeks confidential, proprietary or commercially sensitive

16   information, the disclosure of which would be inimical to the business interests of MGA.

17   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

18   privileged information or information protected from disclosure by the work-product

19   doctrine, joint defense or common interest privilege, or other privilege.

20       Subject to the foregoing, MGA will produce documents sufficient to identify each

21   exhibition of Bratz to any third party prior to January 1, 2001.

22   **REQUEST FOR PRODUCTION NO. 56:**

23       DOCUMENTS sufficient to show when any mold for ANGEL (including without

24   limitation any model, prototype or sample thereof) was first exhibited to any third party.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

26       MGA incorporates by reference the above-stated general objections as if fully set

27   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably calculated to

LA2:756234.3                                    49                    MGA'S RESPONSE TO 1ST SET OF
                                                                     REQUEST FOR PRODUCTION OF
                                                                     DOCUMENTS

EXHIBIT 2 PAGE 82

1  lead to the discovery of admissible evidence including, without limitation, in that is seeks

2  information related to an MGA product not at issue in this lawsuit.  MGA also objects to

3  this request on the grounds that it is vague and ambiguous in that MGA cannot determine

4  what is meant by "mold . . . (including without limitation any model, prototype or sample

5  thereof)".  MGA also objects to this request to the extent it seeks information the

6  disclosure of which would implicate the rights of third parties to protect private,

7  confidential, proprietary or trade secret information.  MGA also objects to this request on

8  the grounds that it seeks confidential, proprietary or commercially sensitive information,

9  the disclosure of which would be inimical to the business interests of MGA.  MGA also

10 objects to this request to the extent it calls for the disclosure of attorney-client privileged

11 information or information protected from disclosure by the work-product doctrine, joint

12 defense or common interest privilege, or other privilege.

13      Subject to the foregoing, MGA will produce documents, if any, in its possession,

14 custody or control, that identify when the Angel product was first exhibited to any party

15 not affiliated with MGA (whether in final or prototype form).

16 **REQUEST FOR PRODUCTION NO. 57:**

17      DOCUMENTS sufficient to show when and where BRATZ (including without

18 limitation any model, prototype or sample thereof) was first marketed to any wholesaler,

19 distributor and/or retailer.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

21      MGA incorporates by reference the above-stated general objections as if fully set

22 forth herein.  MGA also specifically objects to this request on the grounds that it seeks

23 information not relevant to the subject matter of this lawsuit or reasonably calculated to

24 lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

25 and oppressive, including, without limitation, to the extent it seeks documents referring or

26 relating to Bratz beyond the first four characters and first generation of dolls.  MGA also

27 objects to this request to the extent it seeks information the disclosure of which would

28 implicate the rights of third parties to protect private, confidential, proprietary or trade

LA2:756234.3                    50                      MGA'S RESPONSE TO 1ST SET OF
                                                       REQUEST FOR PRODUCTION OF
                                                       DOCUMENTS

EXHIBIT 2 PAGE 83

1  secret information.  MGA also objects to this request on the grounds that it seeks

2  confidential, proprietary or commercially sensitive information, the disclosure of which

3  would be inimical to the business interests of MGA.  MGA also objects to this request to

4  the extent it calls for the disclosure of attorney-client privileged information or

5  information protected from disclosure by the work-product doctrine, joint defense or

6  common interest privilege, or other privilege.

7      Subject to the foregoing, MGA will produce documents in its possession, custody

8  or control, if any, that show when and where the first generation of Bratz dolls was first

9  marketed to any wholesaler, distributor and/or retailer, that it is able to locate following a

10  reasonably diligent search.

11  **REQUEST FOR PRODUCTION NO. 58:**

12      DOCUMENTS sufficient to show when and where ANGEL (including without

13  limitation any model, prototype or sample thereof) was first marketed to any wholesaler,

14  distributor and/or retailer.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

16      MGA incorporates by reference the above-stated general objections as if fully set

17  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably calculated to

19  lead to the discovery of admissible evidence including, without limitation, in that is seeks

20  information related to an MGA product not at issue in this lawsuit.  MGA also objects to

21  this request to the extent it seeks information the disclosure of which would implicate the

22  rights of third parties to protect private, confidential, proprietary or trade secret

23  information.  MGA also objects to this request on the grounds that it seeks confidential,

24  proprietary or commercially sensitive information, the disclosure of which would be

25  inimical to the business interests of MGA.  MGA also objects to this request to the extent

26  it calls for the disclosure of attorney-client privileged information or information

27  protected from disclosure by the work-product doctrine, joint defense or common interest

28  privilege, or other privilege.

LA2:756234.3

51

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 84

1        Subject to the foregoing, MGA will produce documents in its possession, custody

2    or control, if any, that show when and where Angel was first marketed to any wholesaler,

3    distributor and/or retailer, that it is able to locate following a reasonably diligent search.

4    **REQUEST FOR PRODUCTION NO. 59:**

5        DOCUMENTS sufficient to show when and where BRATZ (including without

6    limitation any model, prototype or sample thereof) was first offered for sale to any

7    wholesaler, distributor and/or retailer.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

9        MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein. MGA also objects to this request on the grounds that it seeks information not

11   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

12   discovery of admissible evidence and is, thus, overbroad, unduly burdensome and

13   oppressive, including, without limitation, to the extent it seeks documents referring or

14   relating to Bratz beyond the first four characters and first generation of dolls. MGA also

15   objects to this request to the extent it seeks information the disclosure of which would

16   implicate the rights of third parties to protect private, confidential, proprietary or trade

17   secret information. MGA also objects to this request on the grounds that it seeks

18   confidential, proprietary or commercially sensitive information, the disclosure of which

19   would be inimical to the business interests of MGA. MGA also objects to this request to

20   the extent it calls for the disclosure of attorney-client privileged information or

21   information protected from disclosure by the work-product doctrine, joint defense or

22   common interest privilege, or other privilege.

23       Subject to the foregoing, MGA will produce documents in its possession, custody

24   or control, if any, that show when and where the first generation of Bratz dolls was first

25   offered for sale to any wholesaler, distributor and/or retailer, that it is able to locate

26   following a reasonably diligent search.

27   **REQUEST FOR PRODUCTION NO. 60:**

28       DOCUMENTS sufficient to show when and where ANGEL (including without

LA2:756234.3

52

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS


EXHIBIT 2 PAGE 85

1  limitation any model, prototype or sample thereof) was first offered for sale by YOU to

2  any wholesaler, distributor and/or retailer.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

4  MGA incorporates by reference the above-stated general objections as if fully set

5  forth herein. MGA also specifically objects to this request on the grounds that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably calculated to

7  lead to the discovery of admissible evidence including, without limitation, in that is seeks

8  information related to an MGA product not at issue in this lawsuit. MGA also objects to

9  this request to the extent it seeks information the disclosure of which would implicate the

10  rights of third parties to protect private, confidential, proprietary or trade secret

11  information. MGA also objects to this request on the grounds that it seeks confidential,

12  proprietary or commercially sensitive information, the disclosure of which would be

13  inimical to the business interests of MGA. MGA also objects to this request to the extent

14  it calls for the disclosure of attorney-client privileged information or information

15  protected from disclosure by the work-product doctrine, joint defense or common interest

16  privilege, or other privilege.

17  Subject to the foregoing, MGA will produce documents in its possession, custody

18  or control, if any, that show when and where Angel was first offered for same to any

19  wholesaler, distributor and/or retailer, that it is able to locate following a reasonably

20  diligent search.

21  **REQUEST FOR PRODUCTION NO. 61:**

22  DOCUMENTS sufficient to show when and where BRATZ was first shipped,

23  distributed and sold.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

25  MGA incorporates by reference the above-stated general objections as if fully set

26  forth herein. MGA also specifically objects to this request on the grounds that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably calculated to

28  lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

LA2:756234.3                                    53                      MGA'S RESPONSE TO 1ST SET OF
                                                                       REQUEST FOR PRODUCTION OF
                                                                       DOCUMENTS

EXHIBIT 2 PAGE 86

1  and oppressive, including, without limitation, to the extent it seeks documents referring or

2  relating to Bratz beyond the first four characters and first generation of dolls.  MGA also

3  objects to this request to the extent it seeks information the disclosure of which would

4  implicate the rights of third parties to protect private, confidential, proprietary or trade

5  secret information.  MGA also objects to this request on the grounds that it seeks

6  confidential, proprietary or commercially sensitive information, the disclosure of which

7  would be inimical to the business interests of MGA.  MGA also objects to this request to

8  the extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense or

10  common interest privilege, or other privilege.

11       Subject to the foregoing, MGA will produce documents in its possession, custody

12  or control, if any, that show when the first generation of Bratz dolls was first shipped,

13  distributed and sold, that it is able to locate following a reasonably diligent search.

14  **REQUEST FOR PRODUCTION NO. 62:**

15       DOCUMENTS sufficient to show when and where ANGEL was first shipped,

16  distributed and sold.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

18       MGA incorporates by reference the above-stated general objections as if fully set

19  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably calculated to

21  lead to the discovery of admissible evidence including, without limitation, in that is seeks

22  information related to an MGA product not at issue in this lawsuit.  MGA also objects to

23  this request to the extent it seeks information the disclosure of which would implicate the

24  rights of third parties to protect private, confidential, proprietary or trade secret

25  information.  MGA also objects to this request on the grounds that it seeks confidential,

26  proprietary or commercially sensitive information, the disclosure of which would be

27  inimical to the business interests of MGA.  MGA also objects to this request to the extent

28  it calls for the disclosure of attorney-client privileged information or information

EXHIBIT _2_ PAGE _87_

1   protected from disclosure by the work-product doctrine, joint defense or common interest
2   privilege, or other privilege.
3        Subject to the foregoing, MGA will produce documents in its possession, custody
4   or control, if any, that show when and where Angel was first shipped, distributed and sold,
5   that it is able to locate following a reasonably diligent search.
6   **REQUEST FOR PRODUCTION NO. 63:**
7        ALL DOCUMENTS that REFER OR RELATE TO licensing, including without
8   limitation the proposed or requested licensing, of BRATZ prior to December 31, 2001.
9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**
10        MGA incorporates by reference the above-stated general objections as if fully set
11   forth herein.  MGA also specifically objects to this request on the grounds that it seeks
12   information not relevant to the subject matter of this lawsuit or reasonably calculated to
13   lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome
14   and oppressive, including, without limitation, to the extent it seeks all documents referring
15   or relating to any kind of licensing related to Bratz, including for example, licensing
16   relating to Bratz beyond the first four characters and first generation of dolls, and/or types
17   of licensing not at issue in this litigation such as trademark licensing.  MGA also objects
18   to this request on the grounds that it seeks information in violation of the right of privacy.
19   MGA also objects to this request to the extent it seeks information the disclosure of which
20   would implicate the rights of third parties to protect private, confidential, proprietary or
21   trade secret information.  MGA also objects to this request on the grounds that it seeks
22   confidential, proprietary or commercially sensitive information, the disclosure of which
23   would be inimical to the business interests of MGA.  MGA also objects to this request to
24   the extent it calls for the disclosure of attorney-client privileged information or
25   information protected from disclosure by the work-product doctrine, joint defense or
26   common interest privilege, or other privilege.  MGA also objects to this request to the
27   extent it seeks documents not within MGA's possession, custody or control.
28        Subject to the foregoing, MGA will produce documents in its possession, custody

LA2:756234.3                 55          MGA'S RESPONSE TO 1ST SET OF
                                         REQUEST FOR PRODUCTION OF
                                         DOCUMENTS

EXHIBIT 2 PAGE 88

1    or control, if any, referring or relating to MGA's licensing of the first generation of Bratz

2    character art and to MGA's license, if any, to other intellectual property rights to the first

3    generation of Bratz prior to December 31, 2001, that it is able to locate following a

4    reasonably diligent search.

5    **REQUEST FOR PRODUCTION NO. 64:**

6           All COMMUNICATIONS between YOU and any manufacturer, or any

7    contemplated, proposed or potential manufacturer, that REFER OR RELATE TO BRATZ

8    prior to June 1, 2001.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

10          MGA incorporates by reference the above-stated general objections as if fully set

11   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

12   information not relevant to the subject matter of this lawsuit or reasonably calculated to

13   lead to the discovery of admissible evidence.  MGA also objects to this request to the

14   extent it seeks information the disclosure of which would implicate the rights of third

15   parties to protect private, confidential, proprietary or trade secret information.  MGA also

16   objects to this request on the grounds that it seeks confidential, proprietary or

17   commercially sensitive information, the disclosure of which would be inimical to the

18   business interests of MGA.  MGA also objects to this request to the extent it calls for the

19   disclosure of attorney-client privileged information or information protected from

20   disclosure by the work-product doctrine, joint defense or common interest privilege, or

21   other privilege.

22          Subject to the foregoing, MGA will produce all relevant and responsive non-

23   objectionable documents in its possession, custody or control, if any, that it is able to

24   locate following a reasonably diligent search.

25   **REQUEST FOR PRODUCTION NO. 65:**

26          DOCUMENTS sufficient to identify when YOU first contacted any manufacturer,

27   or any contemplated, proposed or potential manufacturer, for the manufacture of ANGEL.

28

LA2:756234.3                          56                MGA'S RESPONSE TO 1ST SET OF
                                                        REQUEST FOR PRODUCTION OF
                                                        DOCUMENTS

EXHIBIT 2 PAGE 89

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

2        MGA incorporates by reference the above-stated general objections as if fully set

3   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

4   information not relevant to the subject matter of this lawsuit or reasonably calculated to

5   lead to the discovery of admissible evidence including, without limitation, in that it seeks

6   information related to an MGA product not at issue in this lawsuit, and in that the

7   manufacturer of Angel has nothing whatsoever to do with Bryant, Mattel, or this lawsuit.

8   MGA also objects to this request to the extent it seeks information the disclosure of which

9   would implicate the rights of third parties to protect private, confidential, proprietary or

10  trade secret information.  MGA also objects to this request on the grounds that it seeks

11  confidential, proprietary or commercially sensitive information, the disclosure of which

12  would be inimical to the business interests of MGA.  MGA also objects to this request to

13  the extent it calls for the disclosure of attorney-client privileged information or

14  information protected from disclosure by the work-product doctrine, joint defense or

15  common interest privilege, or other privilege.

16       Subject to the foregoing, MGA will not produce documents in response to this

17  request.

18  **REQUEST FOR PRODUCTION NO. 66:**

19       All COMMUNICATIONS between YOU and any PERSON that REFER OR

20  RELATE TO the distribution or proposed or potential distribution of BRATZ prior to

21  June 1, 2001.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

23       MGA incorporates by reference the above-stated general objections as if fully set

24  forth herein.  MGA also objects to this request on the grounds that it seeks information not

25  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

26  discovery of admissible evidence and is, thus, overbroad, unduly burdensome and

27  oppressive, including, without limitation, to the extent it seeks documents referring or

28  relating to Bratz beyond the first four characters and first generation of dolls.  MGA also

LA2:756234.3

57

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _2_ PAGE _90_

1   objects to this request to the extent it seeks information the disclosure of which would

2   implicate the rights of third parties to protect private, confidential, proprietary or trade

3   secret information. MGA also objects to this request on the grounds that it seeks

4   confidential, proprietary or commercially sensitive information, the disclosure of which

5   would be inimical to the business interests of MGA. MGA also objects to this request to

6   the extent it calls for the disclosure of attorney-client privileged information or

7   information protected from disclosure by the work-product doctrine, joint defense or

8   common interest privilege, or other privilege.

9          Subject to the foregoing, MGA will produce documents in its possession, custody

10   or control, if any, that show when and where first generation Bratz dolls were first

11   marketed to any wholesaler, distributor and/or retailer.

12   **REQUEST FOR PRODUCTION NO. 67:**

13          All COMMUNICATIONS between YOU and Universal Commerce Corp., Ltd.

14   prior to June 1, 2001.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

16          MGA incorporates by reference the above-stated general objections as if fully set

17   forth herein. MGA also specifically objects to this request on the grounds that it is

18   overbroad and unduly burdensome, including, without limitation, in that it seeks all

19   communications between MGA and Universal Commerce Corp., without regard to subject

20   matter, and extends back in time indefinitely. MGA also objects to this request to the

21   extent it seeks information the disclosure of which would implicate the rights of third

22   parties to protect private, confidential, proprietary or trade secret information. MGA also

23   objects to this request on the grounds that it seeks confidential, proprietary or

24   commercially sensitive information, the disclosure of which would be inimical to the

25   business interests of MGA. MGA also objects to this request to the extent it calls for the

26   disclosure of attorney-client privileged information or information protected from

27   disclosure by the work-product doctrine, joint defense or common interest privilege, or

28   other privilege. MGA also objects to the extent this request seeks documents not in

1   MGA's possession, custody or control.

2          Subject to the foregoing, MGA will produce communications in its possession,

3   custody or control, if any, between MGA and Universal Commerce Corp., Ltd, relating to

4   the design, development or manufacture of the first generation of Bratz dolls, that it is

5   able to locate following a reasonably diligent search.

6   **REQUEST FOR PRODUCTION NO. 68:**

7          All DOCUMENTS that REFER OR RELATE TO Mattel, Inc., or that were

8   prepared, authored or created by Mattel, Inc. or any officer, director, employee or

9   representative of Mattel, Inc., that BRYANT has ever provided to, shown, described to,

10  communicated to or disclosed in any manner to YOU.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

12         MGA incorporates by reference the above-stated general objections as if fully set

13  forth herein.  MGA also specifically objects to this request on the grounds that it is

14  overbroad and unduly burdensome, and seeks information not relevant to the subject

15  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

16  evidence, including, without limitation, in that it seeks all documents that refer or relate to

17  Mattel and is not otherwise limited as to subject matter or time.  MGA also objects to this

18  request on the grounds that it is overbroad, without limitation, in potentially extending to

19  any document that refers or relates to Mattel that Bryant showed to anybody who now

20  works for MGA, even if Bryant showed the document to such person before one or either

21  of them began work for MGA, and, indeed, while Bryant and such person both worked for

22  Mattel, and without regard to whether such person has or had anything to do with the

23  subject matter of this lawsuit.  MGA also objects to this request to the extent it seeks

24  information the disclosure of which would implicate the rights of third parties to protect

25  private, confidential, proprietary or trade secret information.  MGA also objects to this

26  request on the grounds that it seeks information in violation of the right of privacy.  MGA

27  also objects to this request on the grounds that it seeks confidential, proprietary or

28  commercially sensitive information, the disclosure of which would be inimical to the

LA2:756234.3                            59              MGA'S  RESPONSE TO 1ST SET OF
                                                        REQUEST FOR PRODUCTION OF
                                                        DOCUMENTS

EXHIBIT 2 PAGE 92

1  business interests of MGA.  MGA also objects to this request to the extent it calls for the

2  disclosure of attorney-client privileged information or information protected from

3  disclosure by the work-product doctrine, joint defense or common interest privilege, or

4  other privilege.  MGA also objects to the extent this request seeks documents not in

5  MGA's possession, custody or control.

6          Subject to the foregoing, MGA will produce all relevant and responsive non-

7  objectionable documents in its possession, custody or control, if any, that it is able to

8  locate following a reasonably diligent search.

9  **REQUEST FOR PRODUCTION NO. 69:**

10          All COMMUNICATIONS between YOU and BRYANT prior to January 1, 2001,

11  including without limitation all diaries, notes, calendars, logs, phone records and letters,

12  that reflect, record or memorialize or otherwise REFER OR RELATE TO any such

13  COMMUNICATIONS.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

15          MGA incorporates by reference the above-stated general objections as if fully set

16  forth herein.  MGA also specifically objects to this request on the grounds that it is

17  overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

18  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

19  admissible evidence, including, without limitation, in that it seeks all communications

20  between MGA and Bryant and is not otherwise limited as to subject matter.  MGA also

21  objects to this request on the grounds that it is overbroad, unduly burdensome and

22  oppressive, without limitation, in potentially extending to communications that Bryant

23  may have had with any of MGA's hundreds of employees, agents or representatives, and

24  regardless of whether any such communication is related in any way to the subject matter

25  of this lawsuit, MGA, or MGA's business.  MGA also objects to this request on the

26  grounds that it seeks information in violation of the right of privacy.  MGA also objects to

27  this request to the extent it seeks information the disclosure of which would implicate the

28  rights of third parties to protect private, confidential, proprietary or trade secret

1    information.  MGA also objects to this request on the grounds that it seeks confidential,

2    proprietary or commercially sensitive information, the disclosure of which would be

3    inimical to the business interests of MGA.  MGA also objects to this request to the extent

4    it calls for the disclosure of attorney-client privileged information or information

5    protected from disclosure by the work-product doctrine, joint defense or common interest

6    privilege, or other privilege.  MGA also objects to the extent this request seeks documents

7    not in MGA's possession, custody or control.

8         Subject to the foregoing, MGA will produce all relevant and responsive non-

9    objectionable documents in its possession, custody or control, if any, that it is able to

10    locate following a reasonably diligent search.

11    **REQUEST FOR PRODUCTION NO. 70:**

12         All COMMUNICATIONS between YOU and Elise Cloonan that REFER OR

13    RELATE TO BRYANT, Mattel, Inc., BRATZ and/or Anna Rhee, including without

14    limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record

15    or memorialize or otherwise REFER OR RELATE TO any such COMMUNICATIONS.

16    **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

17         MGA incorporates by reference the above-stated general objections as if fully set

18    forth herein.  MGA also specifically objects to this request on the grounds that it is

19    overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

20    subject matter of this lawsuit or reasonably calculated to lead to the discovery of

21    admissible evidence, including, without limitation, in that it seeks communications that

22    any of MGA's hundreds of employees, agents or representatives may have exchanged at

23    any time with Elise Cloonan that refer or relate to Bryant, Mattel (or any of its officers,

24    directors, employees, or representatives – regardless of whether such person was

25    employed by Mattel at the time of the communication), Bratz, or Anna Rhee, regardless of

26    whether any such communication is related in any way to the subject matter of this

27    lawsuit.  MGA also objects to this request as overbroad in that it is unlimited as to time.

28    MGA also objects to this request on the grounds that it seeks information in violation of

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 94

1   the right of privacy. MGA also objects to this request to the extent it seeks information

2   the disclosure of which would implicate the rights of third parties to protect private,

3   confidential, proprietary or trade secret information. MGA also objects to this request on

4   the grounds that it seeks confidential, proprietary or commercially sensitive information,

5   the disclosure of which would be inimical to the business interests of MGA. MGA also

6   objects to this request to the extent it calls for the disclosure of attorney-client privileged

7   information or information protected from disclosure by the work-product doctrine, joint

8   defense or common interest privilege, or other privilege. MGA also objects to the extent

9   this request seeks documents not in MGA's possession, custody or control.

10       Subject to the foregoing, MGA will produce all relevant and responsive non-

11  objectionable communications in its possession, custody or control, if any, between MGA

12  and Elise Cloonan, dated prior to June 11, 2002, that it is able to locate following a

13  reasonably diligent search.

14  **REQUEST FOR PRODUCTION NO. 71:**

15       All COMMUNICATIONS between YOU and Elise Cloonan prior to June 11,

16  2002, including without limitation all diaries, notes, calendars, logs, phone records and

17  letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

18  such COMMUNICATIONS.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

20       MGA incorporates by reference the above-stated general objections as if fully set

21  forth herein. MGA also specifically objects to this request on the grounds that it is

22  overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

23  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

24  admissible evidence, including, without limitation, in that it seeks all communications

25  between MGA and Elise Cloonan and is not otherwise limited as to subject matter. MGA

26  also objects to this request on the grounds that it is overbroad, unduly burdensome and

27  oppressive, without limitation, in potentially extending to communications that Elise

28  Cloonan may have had with any of MGA's hundreds of employees, agents or

EXHIBIT 2 PAGE 95

1   representatives, and regardless of whether any such communication is related in any way

2   to the subject matter of this lawsuit, MGA, or MGA's business.  MGA also objects to this

3   request on the grounds that it seeks information in violation of the right of privacy.  MGA

4   also objects to this request to the extent it seeks information the disclosure of which would

5   implicate the rights of third parties to protect private, confidential, proprietary or trade

6   secret information.  MGA also objects to this request on the grounds that it seeks

7   confidential, proprietary or commercially sensitive information, the disclosure of which

8   would be inimical to the business interests of MGA.  MGA also objects to this request to

9   the extent it calls for the disclosure of attorney-client privileged information or

10  information protected from disclosure by the work-product doctrine, joint defense or

11  common interest privilege, or other privilege.  MGA also objects to the extent this request

12  seeks documents not in MGA's possession, custody or control.

13         Subject to the foregoing, MGA will produce all relevant and responsive non-

14  objectionable communications in its possession, custody or control, if any, between MGA

15  and Elise Cloonan, dated prior to June 11, 2002, that it is able to locate following a

16  reasonably diligent search.

17  **REQUEST FOR PRODUCTION NO. 72:**

18         All COMMUNICATIONS between YOU and Veronica Marlow prior to January 1,

19  2001, including without limitation all diaries, notes, calendars, logs, phone records and

20  letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

21  such COMMUNICATIONS.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

23         MGA incorporates by reference the above-stated general objections as if fully set

24  forth herein.  MGA also specifically objects to this request on the grounds that it is

25  overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

26  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

27  admissible evidence, including, without limitation, in that it seeks all communications

28  between MGA and Veronica Marlow and is not otherwise limited as to subject matter.

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 96

1   MGA also objects to this request on the grounds that it is overbroad, unduly burdensome

2   and oppressive, without limitation, in potentially extending to communications that

3   Veronica Marlow may have had with any of MGA's hundreds of employees, agents or

4   representatives, and regardless of whether any such communication is related in any way

5   to the subject matter of this lawsuit, MGA, or MGA's business.  MGA also objects to this

6   request on the grounds that it seeks information in violation of the right of privacy.  MGA

7   also objects to this request to the extent it seeks information the disclosure of which would

8   implicate the rights of third parties to protect private, confidential, proprietary or trade

9   secret information.  MGA also objects to this request on the grounds that it seeks

10  confidential, proprietary or commercially sensitive information, the disclosure of which

11  would be inimical to the business interests of MGA.  MGA also objects to this request to

12  the extent it calls for the disclosure of attorney-client privileged information or

13  information protected from disclosure by the work-product doctrine, joint defense or

14  common interest privilege, or other privilege.  MGA also objects to the extent this request

15  seeks documents not in MGA's possession, custody or control.

16      Subject to the foregoing, MGA will produce all relevant and responsive non-

17  objectionable communications in its possession, custody or control, if any, between MGA

18  and Veronica Marlow, dated prior to January 1, 2001, that it is able to locate following a

19  reasonably diligent search.

20  **REQUEST FOR PRODUCTION NO. 73:**

21      All COMMUNICATIONS between YOU and Mercedeh Ward prior to November

22  6, 2000, including without limitation all diaries, notes, calendars, logs, phone records and

23  letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

24  such COMMUNICATIONS.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

26      MGA incorporates by reference the above-stated general objections as if fully set

27  forth herein.  MGA also specifically objects to this request on the grounds that it is

28  overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 97

1    subject matter of this lawsuit or reasonably calculated to lead to the discovery of

2    admissible evidence, including, without limitation, in that it seeks all communications

3    between MGA and Mercedeh Ward and is not otherwise limited as to subject matter.

4    MGA also objects to this request on the grounds that it is overbroad, unduly burdensome

5    and oppressive, without limitation, in potentially extending to communications that

6    Mercedeh Ward may have had with any of MGA's hundreds of employees, agents or

7    representatives, and regardless of whether any such communication is related in any way

8    to the subject matter of this lawsuit, MGA, or MGA's business.  MGA also objects to this

9    request on the grounds that it seeks information in violation of the right of privacy.  MGA

10    also objects to this request to the extent it seeks information the disclosure of which would

11    implicate the rights of third parties to protect private, confidential, proprietary or trade

12    secret information.  MGA also objects to this request on the grounds that it seeks

13    confidential, proprietary or commercially sensitive information, the disclosure of which

14    would be inimical to the business interests of MGA.  MGA also objects to this request to

15    the extent it calls for the disclosure of attorney-client privileged information or

16    information protected from disclosure by the work-product doctrine, joint defense or

17    common interest privilege, or other privilege.  MGA also objects to the extent this request

18    seeks documents not in MGA's possession, custody or control.

19         Subject to the foregoing, MGA will produce all relevant and responsive non-

20    objectionable communications in its possession, custody or control, if any, between MGA

21    and Mercedeh Ward, dated prior to November 6, 2000, that it is able to locate following a

22    reasonably diligent search. .

23    **REQUEST FOR PRODUCTION NO. 74:**

24         All COMMUNICATIONS between YOU and Margaret Hatch (also known as

25    Margaret Leahy and/or Margaret Hatch-Leahy) prior to January 1, 2001, including

26    without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect,

27    record or memorialize or otherwise REFER OR RELATE TO any such

28    COMMUNICATIONS.

EXHIBIT 2 PAGE 98

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

2       MGA incorporates by reference the above-stated general objections as if fully set

3 | forth herein.  MGA also specifically objects to this request on the grounds that it is

4 | overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

5 | subject matter of this lawsuit or reasonably calculated to lead to the discovery of

6 | admissible evidence, including, without limitation, in that it seeks all communications

7 | between MGA and Margaret Leahy and is not otherwise limited as to subject matter.

8 | MGA also objects to this request on the grounds that it is overbroad, unduly burdensome

9 | and oppressive, without limitation, in potentially extending to communications that

10 | Margaret Leahy may have had with any of MGA's hundreds of employees, agents or

11 | representatives, and regardless of whether any such communication is related in any way

12 | to the subject matter of this lawsuit, MGA, or MGA's business.  MGA also objects to this

13 | request on the grounds that it seeks information in violation of the right of privacy.  MGA

14 | also objects to this request to the extent it seeks information the disclosure of which would

15 | implicate the rights of third parties to protect private, confidential, proprietary or trade

16 | secret information.  MGA also objects to this request on the grounds that it seeks

17 | confidential, proprietary or commercially sensitive information, the disclosure of which

18 | would be inimical to the business interests of MGA.  MGA also objects to this request to

19 | the extent it calls for the disclosure of attorney-client privileged information or

20 | information protected from disclosure by the work-product doctrine, joint defense or

21 | common interest privilege, or other privilege.  MGA also objects to the extent this request

22 | seeks documents not in MGA's possession, custody or control.

23       Subject to the foregoing, MGA will produce all relevant and responsive non-

24 | objectionable communications in its possession, custody or control, if any, between MGA

25 | and Margaret Leahy, dated prior to January 1, 2001, that it is able to locate following a

26 | reasonably diligent search.

27 | **REQUEST FOR PRODUCTION NO. 75:**

28       All COMMUNICATIONS between YOU and Anna Rhee prior to January 1, 2001,

LA2:756234.3

66

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 99

1    including without limitation all diaries, notes, calendars, logs, phone records and letters,

2    that reflect, record or memorialize or otherwise REFER OR RELATE TO any such

3    COMMUNICATIONS.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

5        MGA incorporates by reference the above-stated general objections as if fully set

6    forth herein. MGA also specifically objects to this request on the grounds that it is

7    overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

8    subject matter of this lawsuit or reasonably calculated to lead to the discovery of

9    admissible evidence, including, without limitation, in that it seeks all communications

10    between MGA and Anna Rhee and is not otherwise limited as to subject matter. MGA

11    also objects to this request on the grounds that it is overbroad, unduly burdensome and

12    oppressive, without limitation, in potentially extending to communications that Anna

13    Rhee may have had with any of MGA's hundreds of employees, agents or representatives,

14    and regardless of whether any such communication is related in any way to the subject

15    matter of this lawsuit, MGA, or MGA's business. MGA also objects to this request on the

16    grounds that it seeks information in violation the right of privacy. MGA also objects to

17    this request to the extent it seeks information the disclosure of which would implicate the

18    rights of third parties to protect private, confidential, proprietary or trade secret

19    information. MGA also objects to this request on the grounds that it seeks confidential,

20    proprietary or commercially sensitive information, the disclosure of which would be

21    inimical to the business interests of MGA. MGA also objects to this request to the extent

22    it calls for the disclosure of attorney-client privileged information or information

23    protected from disclosure by the work-product doctrine, joint defense or common interest

24    privilege, or other privilege. MGA also objects to the extent this request seeks documents

25    not in MGA's possession, custody or control.

26        Subject to the foregoing, MGA will produce all relevant and responsive non-

27    objectionable communications in its possession, custody or control, if any, between MGA

28    and Anna Rhee, dated prior to January 1, 2001, that it is able to locate following a

EXHIBIT 2 PAGE 100

1  reasonably diligent search.

2  **REQUEST FOR PRODUCTION NO. 76:**

3       All COMMUNICATIONS between Veronica Marlow and Anna Rhee prior to

4  January 1, 2001, including without limitation all diaries, notes, calendars, logs, phone

5  records and letters, that reflect, record or memorialize or otherwise REFER OR RELATE

6  TO any such COMMUNICATIONS.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

8       MGA incorporates by reference the above-stated general objections as if fully set

9  forth herein.  MGA also specifically objects to this request on the grounds that it is

10  overbroad and unduly burdensome, and seeks information not relevant to the subject

11  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

12  evidence, including, without limitation, in that it seeks all communications between

13  Veronica Marlow and Anna Rhee and is not otherwise limited as to subject matter.  MGA

14  also objects to this request on the grounds that it seeks information in violation of the right

15  of privacy.  MGA also objects to this request to the extent it seeks information the

16  disclosure of which would implicate the rights of third parties to protect private,

17  confidential, proprietary or trade secret information.  MGA also objects to this request on

18  the grounds that it seeks confidential, proprietary or commercially sensitive information,

19  the disclosure of which would be inimical to the business interests of MGA.  MGA also

20  objects to this request to the extent it calls for the disclosure of attorney-client privileged

21  information or information protected from disclosure by the work-product doctrine, joint

22  defense or common interest privilege, or other privilege.  MGA also objects to the extent

23  this request seeks documents not in MGA's possession, custody or control.

24       Subject to the foregoing, MGA will produce all relevant and responsive non-

25  objectionable documents in its possession, custody or control, if any, that it is able to

26  locate following a reasonably diligent search.

27  **REQUEST FOR PRODUCTION NO. 77:**

28       All COMMUNICATIONS between YOU and Sarah Halpern prior to January 1,

LA2:756234.3

68

EXHIBIT 2 PAGE 101

1    2001, including without limitation all diaries, notes, calendars, logs, phone records and

2    letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

3    such COMMUNICATIONS.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

5        MGA incorporates by reference the above-stated general objections as if fully set

6    forth herein. MGA also specifically objects to this request on the grounds that it is

7    overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

8    subject matter of this lawsuit or reasonably calculated to lead to the discovery of

9    admissible evidence, including, without limitation, in that it seeks all communications

10   between MGA and Sarah Halpern and is not otherwise limited as to subject matter. MGA

11   also objects to this request on the grounds that it is overbroad, unduly burdensome and

12   oppressive, without limitation, in potentially extending to communications that Sarah

13   Halpern may have had with any of MGA's hundreds of employees, agents or

14   representatives, and regardless of whether any such communication is related in any way

15   to the subject matter of this lawsuit, MGA, or MGA's business. MGA also objects to this

16   request on the grounds that it seeks information in violation of the right of privacy. MGA

17   also objects to this request to the extent it seeks information the disclosure of which would

18   implicate the rights of third parties to protect private, confidential, proprietary or trade

19   secret information. MGA also objects to this request on the grounds that it seeks

20   confidential, proprietary or commercially sensitive information, the disclosure of which

21   would be inimical to the business interests of MGA. MGA also objects to this request to

22   the extent it calls for the disclosure of attorney-client privileged information or

23   information protected from disclosure by the work-product doctrine, joint defense or

24   common interest privilege, or other privilege. MGA also objects to the extent this request

25   seeks documents not in MGA's possession, custody or control.

26       Subject to the foregoing, MGA will produce all relevant and responsive non-

27   objectionable communications in its possession, custody or control, if any, between MGA

28   and Sarah Halpern, dated prior to January 1, 2001, that it is able to locate following a

LA2:756234.3                                    69                MGA'S RESPONSE TO 1ST SET OF
                                                                 REQUEST FOR PRODUCTION OF
                                                                          DOCUMENTS

EXHIBIT 2 PAGE 102

1    reasonably diligent search.

2    **REQUEST FOR PRODUCTION NO. 78:**

3       All COMMUNICATIONS between YOU and Jesse Ramirez prior to January 1,

4    2001, including without limitation all diaries, notes, calendars, logs, phone records and

5    letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

6    such COMMUNICATIONS.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

8       MGA incorporates by reference the above-stated general objections as if fully set

9    forth herein. MGA also specifically objects to this request on the grounds that it is

10    overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

11    subject matter of this lawsuit or reasonably calculated to lead to the discovery of

12    admissible evidence, including, without limitation, in that it seeks all communications

13    between MGA and Jesse Ramirez and is not otherwise limited as to subject matter. MGA

14    also objects to this request on the grounds that it is overbroad, unduly burdensome and

15    oppressive, without limitation, in potentially extending to communications that Jesse

16    Ramirez may have had with any of MGA's hundreds of employees, agents or

17    representatives, and regardless of whether any such communication is related in any way

18    to the subject matter of this lawsuit, MGA, or MGA's business. MGA also objects to this

19    request on the grounds that it seeks information in violation of the right of privacy. MGA

20    also objects to this request to the extent it seeks information the disclosure of which would

21    implicate the rights of third parties to protect private, confidential, proprietary or trade

22    secret information. MGA also objects to this request on the grounds that it seeks

23    confidential, proprietary or commercially sensitive information, the disclosure of which

24    would be inimical to the business interests of MGA. MGA also objects to this request to

25    the extent it calls for the disclosure of attorney-client privileged information or

26    information protected from disclosure by the work-product doctrine, joint defense or

27    common interest privilege, or other privilege. MGA also objects to the extent this request

28    seeks documents not in MGA's possession, custody or control.

EXHIBIT 2 PAGE 103

1    Subject to the foregoing, MGA will produce all relevant and responsive non-

2    objectionable communications in its possession, custody or control, if any, between MGA

3    and Jesse Ramirez, dated prior to January 1, 2001, that it is able to locate following a

4    reasonably diligent search.

5    **REQUEST FOR PRODUCTION NO. 79:**

6    Any personnel or vendor file that YOU have created or maintained concerning

7    BRYANT.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

9    MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein. MGA also specifically objects to this request on the grounds that it is

11   overbroad and unduly burdensome, and seeks information not relevant to the subject

12   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

13   evidence, including, without limitation, in that it seeks any personnel or vendor file

14   concerning Bryant created or maintained by MGA and is not otherwise limited as to

15   subject matter or time. MGA also objects to this request on the grounds that it is vague

16   and ambiguous in that MGA cannot determine what is meant by "vendor file." MGA also

17   objects to this request on the grounds that it seeks information in violation the right of

18   privacy. MGA also objects to this request to the extent it seeks information the disclosure

19   of which would implicate the rights of third parties to protect private, confidential,

20   proprietary or trade secret information. MGA also objects to this request on the grounds

21   that it seeks confidential, proprietary or commercially sensitive information, the disclosure

22   of which would be inimical to the business interests of MGA. MGA also objects to this

23   request to the extent it calls for the disclosure of attorney-client privileged information or

24   information protected from disclosure by the work-product doctrine, joint defense or

25   common interest privilege, or other privilege.

26   Subject to the foregoing, MGA will produce all relevant and responsive non-

27   objectionable documents in its possession, custody or control, if any, that it is able to

28   locate following a reasonably diligent search.

LA2:756234.3

EXHIBIT 2 PAGE 104

71

**REQUEST FOR PRODUCTION NO. 80:**

Any personnel file that YOU have created or maintained concerning Paula Treantafellas.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request on the grounds that it is overbroad and unduly burdensome, and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, in that it seeks any personnel file concerning Paula Treantafellas created or maintained by MGA and is not otherwise limited as to subject matter or time. MGA also objects to this request on the grounds that it seeks information in violation of the right of privacy. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, MGA will produce all relevant and responsive non-objectionable documents in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 81:**

Any personnel file that YOU have created or maintained concerning Mercedeh Ward.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

MGA incorporates by reference the above-stated general objections as if fully set

72

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 105

1   forth herein.  MGA also specifically objects to this request on the grounds that it is

2   overbroad and unduly burdensome, and seeks information not relevant to the subject

3   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

4   evidence, including, without limitation, in that it seeks any personnel file concerning

5   Mercedeh Ward created or maintained by MGA and is not otherwise limited as to subject

6   matter or time.  MGA also objects to this request on the grounds that it seeks information

7   in violation of the right of privacy.  MGA also objects to this request to the extent it seeks

8   information the disclosure of which would implicate the rights of third parties to protect

9   private, confidential, proprietary or trade secret information.  MGA also objects to this

10  request on the grounds that it seeks confidential, proprietary or commercially sensitive

11  information, the disclosure of which would be inimical to the business interests of MGA.

12  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

13  privileged information or information protected from disclosure by the work-product

14  doctrine, joint defense or common interest privilege, or other privilege.

15      Subject to the foregoing, MGA will produce all relevant and responsive non-

16  objectionable documents in its possession, custody or control, if any, that it is able to

17  locate following a reasonably diligent search.

18  **REQUEST FOR PRODUCTION NO. 82:**

19      Any personnel or vendor file that YOU have created or maintained concerning

20  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy).

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

22      MGA incorporates by reference the above-stated general objections as if fully set

23  forth herein.  MGA also specifically objects to this request on the grounds that it is

24  overbroad and unduly burdensome, and seeks information not relevant to the subject

25  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

26  evidence, including, without limitation, in that it seeks any personnel or vendor file

27  concerning Margaret Leahy created or maintained by MGA and is not otherwise limited

28  as to subject matter or time.  MGA also objects to this request on the grounds that it is

EXHIBIT 2 PAGE 106

1  confidential, proprietary or trade secret information.  MGA also objects to this request on

2  the grounds that it seeks confidential, proprietary or commercially sensitive information,

3  the disclosure of which would be inimical to the business interests of MGA.  MGA also

4  objects to this request to the extent it calls for the disclosure of attorney-client privileged

5  information or information protected from disclosure by the work-product doctrine, joint

6  defense or common interest privilege, or other privilege.

7        Subject to the foregoing, MGA will produce all relevant and responsive non-

8  objectionable documents in its possession, custody or control, if any, that it is able to

9  locate following a reasonably diligent search.

10 **REQUEST FOR PRODUCTION NO. 84:**

11       Any personnel or vendor file that YOU have created or maintained concerning

12 Anna Rhee.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

14       MGA incorporates by reference the above-stated general objections as if fully set

15 forth herein.  MGA also specifically objects to this request on the grounds that it is

16 overbroad and unduly burdensome, and seeks information not relevant to the subject

17 matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

18 evidence, including, without limitation, in that it seeks any personnel or vendor file

19 concerning Anna Rhee created or maintained by MGA and is not otherwise limited as to

20 subject matter or time.  MGA also objects to this request on the grounds that it is vague

21 and ambiguous in that MGA cannot determine what is meant by "vendor file."  MGA also

22 objects to this request on the grounds that it seeks information in violation of the right of

23 privacy.  MGA also objects to this request to the extent it seeks information the disclosure

24 of which would implicate the rights of third parties to protect private, confidential,

25 proprietary or trade secret information.  MGA also objects to this request on the grounds

26 that it seeks confidential, proprietary or commercially sensitive information, the disclosure

27 of which would be inimical to the business interests of MGA.  MGA also objects to this

28 request to the extent it calls for the disclosure of attorney-client privileged information or

LA2:756234.3                    75                    MGA'S RESPONSE TO 1ST SET OF
                                                      REQUEST FOR PRODUCTION OF
                                                      DOCUMENTS

EXHIBIT 2 PAGE 107

1   information protected from disclosure by the work-product doctrine, joint defense or

2   common interest privilege, or other privilege.

3        Subject to the foregoing, MGA will produce all relevant and responsive non-

4   objectionable documents in its possession, custody or control, if any, that it is able to

5   locate following a reasonably diligent search.

6   **REQUEST FOR PRODUCTION NO. 85:**

7        Any personnel or vendor file that YOU have created or maintained concerning

8   Jesse Ramirez.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

10        MGA incorporates by reference the above-stated general objections as if fully set

11   forth herein.  MGA also specifically objects to this request on the grounds that it is

12   overbroad and unduly burdensome, and seeks information not relevant to the subject

13   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

14   evidence, including, without limitation, in that it seeks any personnel or vendor file

15   concerning Jesse Ramirez created or maintained by MGA and is not otherwise limited as

16   to subject matter or time.  MGA also objects to this request on the grounds that it is vague

17   and ambiguous in that MGA cannot determine what is meant by "vendor file."  MGA also

18   objects to this request on the grounds that it seeks information in violation of the right of

19   privacy.  MGA also objects to this request to the extent it seeks information the disclosure

20   of which would implicate the rights of third parties to protect private, confidential,

21   proprietary or trade secret information.  MGA also objects to this request on the grounds

22   that it seeks confidential, proprietary or commercially sensitive information, the disclosure

23   of which would be inimical to the business interests of MGA.  MGA also objects to this

24   request to the extent it calls for the disclosure of attorney-client privileged information or

25   information protected from disclosure by the work-product doctrine, joint defense or

26   common interest privilege, or other privilege.

27

28

1       Subject to the foregoing, MGA will produce all relevant and responsive non-

2   objectionable documents in its possession, custody or control, if any, that it is able to

3   locate following a reasonably diligent search.

4   **REQUEST FOR PRODUCTION NO. 86:**

5       Any personnel file that YOU have created or maintained concerning Shirin

6   Salemnia.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

8       MGA incorporates by reference the above-stated general objections as if fully set

9   forth herein.  MGA also specifically objects to this request on the grounds that it is

10  overbroad and unduly burdensome, and seeks information not relevant to the subject

11  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

12  evidence, including, without limitation, in that it seeks any personnel file concerning

13  Shirin Salemnia created or maintained by MGA and is not otherwise limited as to subject

14  matter or time.  MGA also objects to this request on the grounds that it seeks information

15  in violation of the right of privacy.  MGA also objects to this request to the extent it seeks

16  information the disclosure of which would implicate the rights of third parties to protect

17  private, confidential, proprietary or trade secret information.  MGA also objects to this

18  request on the grounds that it seeks confidential, proprietary or commercially sensitive

19  information, the disclosure of which would be inimical to the business interests of MGA.

20  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

21  privileged information or information protected from disclosure by the work-product

22  doctrine, joint defense or common interest privilege, or other privilege.

23      Subject to the foregoing, MGA will produce all relevant and responsive non-

24  objectionable documents in its possession, custody or control, if any, that it is able to

25  locate following a reasonably diligent search.

26  **REQUEST FOR PRODUCTION NO. 87:**

27      Any personnel file that YOU have created or maintained concerning Victoria

28  O'Connor.

LA2:756234.3

EXHIBIT _2_ PAGE _109_

77

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

1.  

2.     MGA incorporates by reference the above-stated general objections as if fully set

3. forth herein.  MGA also specifically objects to this request on the grounds that it is

4. overbroad and unduly burdensome, and seeks information not relevant to the subject

5. matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

6. evidence, including, without limitation, in that it seeks any personnel file concerning

7. Victoria O'Connor created or maintained by MGA and is not otherwise limited as to

8. subject matter or time.  MGA also objects to this request on the grounds that it seeks

9. information in violation of the right of privacy.  MGA also objects to this request to the

10. extent it seeks information the disclosure of which would implicate the rights of third

11. parties to protect private, confidential, proprietary or trade secret information.  MGA also

12. objects to this request on the grounds that it seeks confidential, proprietary or

13. commercially sensitive information, the disclosure of which would be inimical to the

14. business interests of MGA.  MGA also objects to this request to the extent it calls for the

15. disclosure of attorney-client privileged information or information protected from

16. disclosure by the work-product doctrine, joint defense or common interest privilege, or

17. other privilege.

18.     Subject to the foregoing, MGA will produce all relevant and responsive non-

19. objectionable documents in its possession, custody or control, if any, that it is able to

20. locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 88:**

22.     Any personnel file that YOU have created or maintained concerning Farhad Larian.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

24.     MGA incorporates by reference the above-stated general objections as if fully set

25. forth herein.  MGA also specifically objects to this request on the grounds that it is

26. overbroad and unduly burdensome, and seeks information not relevant to the subject

27. matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

28. evidence, including, without limitation, in that it seeks any personnel file concerning

78

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 110

1   Farhad Larian created or maintained by MGA and is not otherwise limited as to subject

2   matter or time.  MGA also objects to this request on the grounds that it seeks information

3   in violation of the right of privacy.  MGA also objects to this request to the extent it seeks

4   information the disclosure of which would implicate the rights of third parties to protect

5   private, confidential, proprietary or trade secret information.  MGA also objects to this

6   request on the grounds that it seeks confidential, proprietary or commercially sensitive

7   information, the disclosure of which would be inimical to the business interests of MGA.

8   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

9   privileged information or information protected from disclosure by the work-product

10  doctrine, joint defense or common interest privilege, or other privilege.

11          Subject to the foregoing, MGA will not produce documents in response to this

12  request.

13  **REQUEST FOR PRODUCTION NO. 89:**

14          All telephone records for MGA Entertainment Inc. for the time period from

15  January 1, 1998 through January 1, 2001.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

17          MGA incorporates by reference the above-stated general objections as if fully set

18  forth herein.  MGA also specifically objects to this request on the grounds that it is

19  overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

20  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

21  admissible evidence, including, without limitation, in that it seeks all telephone records

22  for MGA entertainment, without limitation as to who placed the call or who was called,

23  thereby potentially revealing to Mattel every customer, vendor, distributor or anyone else

24  MGA called in the referenced time period, and the length and frequency of those calls.

25  MGA also objects to this request on the grounds that it is overbroad in that it asks for

26  phone records beginning in January, 1998.  MGA also objects to this request on the

27  grounds that Mattel's pursuit of MGA's phone records is now the subject of a subpoena

28  that Mattel directed to Verizon, and a currently-pending motion in Texas for a protective

EXHIBIT 2 PAGE 111

1    order. Requiring MGA to respond to this request before the motion regarding Mattel's

2    subpoena to Verizon is settled would be premature, unduly burdensome and oppressive.

3    MGA also objects to this request on the grounds that it seeks information in violation of

4    the right of privacy. MGA also objects to this request on the grounds that it seeks

5    confidential, proprietary or commercially sensitive information, the disclosure of which

6    would be inimical to the business interests of MGA.

7          Subject to the foregoing, MGA will not produce documents in response to this

8    request.

9    **REQUEST FOR PRODUCTION NO. 90:**

10          All DOCUMENTS that REFER OR RELATE TO any copyright, patent or any

11    other application or registration for BRATZ DESIGNS, including without limitation all

12    COMMUNICATIONS pertaining thereto.

13    **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

14          MGA incorporates by reference the above-stated general objections as if fully set

15    forth herein. MGA also specifically objects to this request on the grounds that it seeks

16    information not relevant to the subject matter of this lawsuit or reasonably calculated to

17    lead to the discovery of admissible evidence and is, thus, overbroad, including, without

18    limitation, in that it seeks all documents relating to any copyright, patent, trademark, or

19    other application for registration of BRATZ DESIGNS not at issue in this litigation,

20    which may include dozens—potentially hundreds—of products. MGA also objects to this

21    request on the grounds that it seeks information not relevant to the subject matter of this

22    lawsuit or reasonably calculated to lead to the discovery of admissible evidence and is,

23    thus, overbroad, unduly burdensome and oppressive, including, without limitation, to the

24    extent it seeks documents referring or relating to Bratz beyond the first four characters and

25    first generation of dolls. MGA also objects to this request on the grounds that it seeks

26    confidential, proprietary or commercially sensitive information, the disclosure of which

27    would be inimical to the business interests of MGA. MGA also objects to this request to

28    the extent it calls for the disclosure of attorney-client privileged information or

1   information protected from disclosure by the work-product doctrine, joint defense or

2   common interest privilege, or other privilege.  MGA also objects to this request on the

3   grounds that it seeks information that is already known to Mattel and/or is a matter of

4   public record.

5        Subject to the foregoing, MGA will produce all relevant and responsive non-

6   objectionable documents in its possession, custody or control, if any, referring or relating

7   to copyrights of the first generation of Bratz character art and dolls, that it is able to locate

8   following a reasonably diligent search.

9   **REQUEST FOR PRODUCTION NO. 91:**

10        All DOCUMENTS that REFER OR RELATE TO any copyright, patent or any

11   other application or registration for ANGEL DESIGNS, including without limitation all

12   COMMUNICATIONS pertaining thereto.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

14        MGA incorporates by reference the above-stated general objections as if fully set

15   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

16   information not relevant to the subject matter of this lawsuit or reasonably calculated to

17   lead to the discovery of admissible evidence including, without limitation, in that is seeks

18   information related to an MGA product not at issue in this lawsuit, and that registrations

19   for ANGEL DESIGNS have nothing whatsoever to do with Bryant, Mattel, or this

20   lawsuit.  MGA also objects to this request on the grounds that it seeks information not

21   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

22   discovery of admissible evidence and is, thus, overbroad, including, without limitation, in

23   that it seeks all documents relating to any copyright, patent, or other application for

24   registration of ANGEL DESIGNS.  MGA also objects to this request to the extent it seeks

25   information the disclosure of which would implicate the rights of third parties to protect

26   private, confidential, proprietary or trade secret information.  MGA also objects to this

27   request on the grounds that it seeks confidential, proprietary or commercially sensitive

28   information, the disclosure of which would be inimical to the business interests of MGA.

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 113

1   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

2   privileged information or information protected from disclosure by the work-product

3   doctrine, joint defense or common interest privilege, or other privilege.

4        Subject to the foregoing, MGA will not produce documents in response to this

5   request.

6   **REQUEST FOR PRODUCTION NO. 92:**

7        All DOCUMENTS that REFER OR RELATE TO any testing of or sampling from

8   any DOCUMENTS that REFER OR RELATE TO BRATZ or BRYANT, including

9   without limitation any such testing or sampling in connection with any ink, paper or

10   chemical analysis to date any such DOCUMENTS and including without limitation all

11   results and reports relating thereto.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

13        MGA incorporates by reference the above-stated general objections as if fully set

14   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

15   information not relevant to the subject matter of this lawsuit or reasonably calculated to

16   lead to the discovery of admissible evidence.  MGA also objects to this request to the

17   extent that it seeks documents not within MGA's possession, custody or control.  MGA

18   also objects to this request on the grounds that it seeks confidential, proprietary or

19   commercially sensitive information, the disclosure of which would be inimical to the

20   business interests of MGA.  MGA also objects to this request to the extent it calls for the

21   disclosure of attorney-client privileged information or information protected from

22   disclosure by the work-product doctrine, joint defense or common interest privilege, or

23   other privilege.

24        Subject to the foregoing, MGA will not produce documents in response to this

25   request.

26   **REQUEST FOR PRODUCTION NO. 93:**

27        An electronic copy of each DOCUMENT that YOU have produced in this action,

28   or that is responsive to these Requests, that is or was created, prepared, generated,

LA2:756234.3        82        MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 114

1   maintained or transmitted in digital form.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

3       MGA incorporates by reference the above-stated general objections as if fully set

4   forth herein.  MGA also specifically objects to this request on the grounds that is it unduly

5   burdensome and oppressive, particularly as to the expense associated with producing to

6   Mattel in electronic form documents that MGA has already produced, or will produce in

7   response to these requests, in another form.

8       Subject to the foregoing, MGA will not produce documents in response to this

9   request.

10  **REQUEST FOR PRODUCTION NO. 94:**

11      The metadata for each DOCUMENT that YOU have produced in this action, or

12  that is responsive to these Requests, that is or was created, prepared, generated,

13  maintained or transmitted in digital form.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

15      MGA incorporates by reference the above-stated general objections as if fully set

16  forth herein.  MGA also specifically objects to this request on the grounds that is it unduly

17  burdensome and oppressive, particularly as to the expense associated with producing

18  metadata to Mattel for each digital document that MGA has already produced, or will

19  produce in response to these requests, if any.  MGA also objects to this request to the

20  extent it calls for the disclosure of attorney-client privileged information or information

21  protected from disclosure by the work-product doctrine, joint defense or common interest

22  privilege, or other privilege.

23      Subject to the foregoing, MGA will not produce documents in response to this

24  request.

25  **REQUEST FOR PRODUCTION NO. 95:**

26      All DOCUMENTS that support, refute or otherwise REFER OR RELATE TO any

27  facts underlying YOUR Affirmative Defenses in this action.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

 MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request on the grounds that it is overbroad and unduly burdensome in that it calls for all documents that support, refute or otherwise refer or relate to any facts underlying MGA's affirmative defenses. MGA also objects to this request on the grounds that it calls for legal conclusions. MGA also objects to this request on the grounds that it seeks information in Mattel's possession and/or in the public record, and/or equally available to Mattel. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

 Subject to the foregoing, MGA will produce all relevant and responsive non-objectionable documents in its possession, custody or control, if any, that support its affirmative defenses, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 96:**

 All doll heads, sculpts, prototypes, models, samples and tangible items that were created, prepared or made, whether in whole or in part, prior to January 1, 2001 that REFER OR RELATE TO BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

 MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA specifically objects to this request to the extent that it seeks tangible items not within MGA's possession, custody or control. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also specifically objects to this request on the grounds that it seeks confidential, proprietary, or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information

LA2:756234.3

84

MGA'S RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

EXHIBIT 2 PAGE 116

1  protected from disclosure by the work product doctrine, joint defense or common interest

2  privilege, or other privilege.

3      Subject to the foregoing, MGA will produce all relevant and responsive non-

4  objectionable tangible items in its possession, custody or control, if any, that it is able to

5  locate following a reasonably diligent search.

6  **REQUEST FOR PRODUCTION NO. 97:**

7      All doll heads, sculpts, prototypes, models, samples and tangible items that were

8  created, prepared or made, whether in whole or in part, prior to January 1, 2001 that

9  REFER OR RELATE TO ANGEL.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

11      MGA incorporates by reference the above-stated general objections as if fully set

12  forth herein.  MGA specifically objects to this request on the grounds that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably calculated to

14  lead to the discovery of admissible evidence and is, thus, overbroad including, without

15  limitation, in that it seeks tangible items referring or relating to MGA products not at issue

16  in this lawsuit.  MGA also objects to this request on the grounds that it seeks tangible

17  items not within MGA's possession, custody or control.  MGA also objects to this request

18  to the extent it seeks information the disclosure of which would implicate the rights of

19  third parties to protect private, confidential, proprietary or trade secret information.  MGA

20  also specifically objects to this request on the grounds that it seeks confidential,

21  proprietary, or commercially sensitive information, the disclosure of which would be

22  inimical to the business interests of MGA.  MGA also objects to this request to the extent

23  it calls for the disclosure of attorney-client privileged information or information

24  protected from disclosure by the work product doctrine, joint defense or common interest

25  privilege, or other privilege.

26      Subject to the foregoing, MGA will produce all relevant and responsive non-

27  objectionable tangible items in its possession, custody or control, if any, that it is able to

28  locate following a reasonably diligent search.

LA2:756234.3

85

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 117

1   **REQUEST FOR PRODUCTION NO. 98:**

2       All doll heads, sculpts, prototypes, models, samples and tangible items that Anna

3   Rhee painted, whether in whole or in part, for or with YOU or on YOUR behalf or for or

4   on behalf of BRYANT prior to January 1, 2001.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

6       MGA incorporates by reference the above-stated general objections as if fully set

7   forth herein.  MGA specifically objects to this request on the grounds that it seeks

8   information not relevant to the subject matter of this lawsuit or reasonably calculated to

9   lead to the discovery of admissible evidence and is, thus, overbroad including, without

10  limitation, to the extent that is seeks tangible items relating to products not at issue in this

11  lawsuit.  MGA also objects to this request on the grounds that it seeks tangible items not

12  within MGA's possession, custody or control.  MGA also objects to this request to the

13  extent it seeks information the disclosure of which would implicate the rights of third

14  parties to protect private, confidential, proprietary or trade secret information.  MGA also

15  specifically objects to this request on the grounds that it seeks confidential, proprietary, or

16  commercially sensitive information, the disclosure of which would be inimical to the

17  business interests of MGA.  MGA also objects to this request to the extent it calls for the

18  disclosure of attorney-client privileged information or information protected from

19  disclosure by the work product doctrine, joint defense or common interest privilege, or

20  other privilege.

21      Subject to the foregoing, MGA will produce all relevant and responsive non-

22  objectionable tangible items in its possession, custody or control, if any, that it is able to

23  locate following a reasonably diligent search.

24  **REQUEST FOR PRODUCTION NO. 99:**

25      All doll heads, sculpts, prototypes, models, samples and tangible items that REFER

26  OR RELATE TO DESIGNS for dolls, doll accessories or toys that BRYANT produced,

27  created, authored, conceived of or reduced to practice, whether alone or jointly with

28  others, prior to January 1, 2001.

LA2:756234.3                              86                MGA'S RESPONSE TO 1ST SET OF
                                                           REQUEST FOR PRODUCTION OF
                                                           DOCUMENTS

EXHIBIT 2 PAGE 118

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

2           MGA incorporates by reference the above-stated general objections as if fully set

3    forth herein.  MGA specifically objects to this request on the grounds that it seeks

4    information not relevant to the subject matter of this lawsuit or reasonably calculated to

5    lead to the discovery of admissible evidence and is, thus, overbroad including, without

6    limitation, in that it seeks tangible items relating to DESIGNS for dolls, doll accessories

7    or toys that are not at issue in this lawsuit, and in that it reaches back into time indefinitely

8    and, thus, for example, calls for documents referring or relating to DESIGNS Bryant

9    might have conceived of in his childhood and that have nothing whatsoever to do with this

10   action.  MGA also objects to this request on the grounds that it seeks tangible items not

11   within MGA's possession, custody or control.  MGA also objects to this request to the

12   extent it seeks information the disclosure of which would implicate the rights of third

13   parties to protect private, confidential, proprietary or trade secret information.  MGA also

14   specifically objects to this request on the grounds that it seeks confidential, proprietary, or

15   commercially sensitive information, the disclosure of which would be inimical to the

16   business interests of MGA.  MGA also objects to this request to the extent it calls for the

17   disclosure of attorney-client privileged information or information protected from

18   disclosure by the work product doctrine, joint defense or common interest privilege, or

19   other privilege.

20          Subject to the foregoing, MGA will produce all relevant and responsive non-

21   objectionable tangible items in its possession, custody or control, if any, that it is able to

22   locate following a reasonably diligent search.

23   **REQUEST FOR PRODUCTION NO. 100:**

24          All doll heads, sculpts, prototypes, models, samples and tangible items that

25   support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR

26   Affirmative Defenses in this action.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

28          MGA incorporates by reference the above-stated general objections as if fully set

LA2:756234.3

87

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 119

1  forth herein.  MGA also specifically objects to this request on the grounds that it is

2  overbroad and unduly burdensome in that it calls for all tangible items that support, refute

3  or otherwise refer or relate to any facts underlying MGA's affirmative defenses.  MGA

4  also objects to this request on the grounds that it calls for legal conclusions.  MGA also

5  objects to this request to the extent it calls for the disclosure of attorney-client privileged

6  information or information protected from disclosure by the work-product doctrine, joint

7  defense or common interest privilege, or other privilege.

8         Subject to the foregoing, MGA will produce all relevant and responsive non-

9  objectionable documents in its possession, custody or control, if any, that support its

10  affirmative defenses, that it is able to locate following a reasonably diligent search.

11

12

13         AS TO OBJECTIONS ONLY:

14  Dated: April 13, 2005

15

16                         DIANA M. TORRES
                           PAULA E. AMBROSINI

17                         O'MELVENY & MYERS LLP

18

19                         By: _Paula Ambrosini_

20                              Paula E. Ambrosini

21                         Attorneys for Defendant-in-Intervention
                           MGA Entertainment, Inc.

22

23

24

25

26

27

28

LA2:756234.3                        88            MGA'S  RESPONSE TO 1ST SET OF
                                                  REQUEST FOR PRODUCTION OF
                                                  DOCUMENTS

EXHIBIT 2 PAGE 120

## PROOF OF SERVICE

I, Jennifer R. Szoke, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On April 13, 2005, I served the within document:

## MGA ENTERTAINMENT, INC.'S RESPONSES TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS

☒    by transmitting via facsimile machine the document(s) listed above to the fax number(s) set forth below on this date. The outgoing facsimile machine telephone number in this office is (213) 430-6407.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Keith Jacoby (by mail only)
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Tel: (310) 553-0308
Fax: (310) 553-5583

Michael T. Zeller (by fax and mail)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel: (213) 443-3000
Fax: (213) 443-3100

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on April 13, 2005, at Los Angeles, California.

Jennifer R. Szoke

LA2:758376.1

EXHIBIT 2 PAGE 121