# Exhibit 3

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

January 10, 2008

<u>VIA FACSIMILE AND U.S. MAIL</u>

Timothy Miller, Esq.
Skadden Arps, Slate, Meagher and Flom LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111

Re:     <u>**Mattel v. Bryant**</u>

Dear Tim:

I write pursuant to Paragraph 5 of the Order for the Appointment of a Discovery Master to request a meet and confer regarding the responses of MGA Entertainment, Inc. to Mattel's First Set of Request for Production dated March 14, 2005.

Based on the language of MGA's responses, MGA appears to be withholding non-privileged, discoverable documents responsive to Request for Production Nos. 28-31, 44, 47, 48, 65, 68, 71-87, 89 and 95. As you know, Mattel moved to compel responses to some requests in the 2005 Requests earlier this year, and MGA was ordered to provide responsive documents in the Court's May 15, 2007 Order. However, Mattel did not move on any of the requests at issue here.

Regarding Request Nos. 48, 65 and 89, MGA's responses appear to indicate that it will not produce any responsive documents. Regarding the balance of the requests listed above, MGA's responses are improperly limited. MGA's responses indicate that MGA is producing "all relevant and responsive non-objectionable" documents, as opposed to all responsive documents. These restrictions are improper.

EXHIBIT 3 PAGE 122

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-1100 FAX 858-812-1110

Mattel has no desire to obtain duplicates of documents MGA has already produced, and indeed Mattel believes that most or all documents responsive to the requests listed above should already have been produced pursuant to the Court's Orders regarding other requests. However, Mattel is entitled to obtain all responsive documents regarding the request listed above. Accordingly, please be prepared to explain whether MGA is withholding responsive documents and, if so, on what basis it is doing so. If the parties cannot informally resolve their differences, Mattel contemplates filing a motion to compel production of all documents responsive to these requests.

I look forward to hearing from you regarding your availability for a meet and confer within the next five days.

Very truly yours,

B. Dylan Proctor
07209/2349482.1

# Exhibit 4

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

January 18, 2008

**VIA FACSIMILE AND U.S. MAIL**

Amy S. Park, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301

Re:   Mattel, Inc. v. Bryant

Dear Amy:

I write further to our meet and confer of earlier today regarding MGA's responses to Mattel's First Set of Requests for Production dated March 14, 2005.

MGA represented that it is not withholding any non-privileged documents responsive to Request for Production Nos. 28-31, 44, 47, 68, 71-87, and 95, and that any privileged documents have been listed on a privilege log.

Regarding Request No. 65, MGA explained that all responsive documents should have already been produced in response to other requests. However, MGA stated that it was conducting a search to confirm that all responsive documents have been produced.

As to request No. 89, MGA asserted that this request is overbroad. Request No. 89 seeks all telephone records for MGA for the time period from January 1, 1998 through January 1, 2001. MGA contended that in light of Judge Infante's Order regarding a similar request that Mattel propounded to Isaac Larian, the scope of Request No. 89 should be limited to telephone records that relate to Bratz or Angel. See Order Regarding Mattel's Motion to Compel Production of Documents by Isaac Larian, dated December 31, 2007, at 12. MGA also represented that Larian would today be producing all documents relating to MGA's telephone communications between January 1, 1998 through January 1, 2001 regarding Angel and Bratz, pursuant to this Order.

**quinn emanuel urquhart oliver & hedges, llp**

EXHIBIT 4 PAGE 124

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3100 FAX 858-812-3336

07209/2350867.1

MGA also asserted that Request No. 48 is overbroad. Request No. 48 seeks non-privileged communications between MGA and any person that refer or relate to this action. Mattel explained that the request is not overbroad because it is limited to communications that refer or relate to this action. MGA requested that Mattel clarify if Request No. 48 includes communications between MGA and other internal MGA employees, or if it only includes communications between MGA and third parties. We agreed to further discuss this matter on Tuesday, January 22, 2007. I look forward to speaking with you then.

Very truly yours,

*Dylan Proctor/sc*

B. Dylan Proctor

# Exhibit 5

JAN 23 2008

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301

TEL: (650) 470-4500
FAX: (650) 470-4570
www.skadden.com

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
650.470.4511
DIRECT FAX
888.329.6334
EMAIL ADDRESS
APARK@SKADDEN.COM

January 18, 2008

**By Email and U.S. Mail**

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

RE: *Carter Bryant v. Mattel, Inc.* (and consolidated cases)
Case No. CV 04-9049 SGL (RNBx) (consolidated with
Cases Nos. CV 04-09059 and CV 05-02727)

Dear Dylan:

     I am writing with respect to our meet-and-confer this afternoon regarding MGA's responses and objections to Mattel's First Set of Requests for Production to MGA.

     You asked whether MGA is withholding documents responsive to Request Nos. 28-31, 44, 47, 68, 71-87 and 95 based on its objections to those requests. I reminded you that my firm was not in the case at the time the responses were served or the production was made. I told you, however, that I have been assured by prior counsel that responsive documents were not withheld based on MGA's objections (other than objections based on attorney-client privilege or the work product doctrine).

     Regarding MGA's response to Request No. 65 ("DOCUMENTS sufficient to identify when YOU first contacted any manufacturer, or any contemplated, proposed or potential manufacturer, for the first manufacture of ANGEL"), I told you that I understand from prior counsel that MGA previously declined to produce documents because Prayer Angels was not at issue at the time, but that MGA had nonetheless produced non-privileged responsive documents because the documents are subsumed within other requests. I stated that MGA was conducting a renewed search to confirm that all responsive documents had been produced and that MGA would produce additional non-privileged, responsive documents, if any, that it locates following a reasonably diligent search.

EXHIBIT 5 PAGE 126

B. Dylan Proctor, Esq.
January 18, 2008
Page 2

    Regarding MGA's response to Request No. 89 ("All telephone records for MGA Entertainment Inc. for the time period from January 1, 1998 through January 1, 2001"), I told you that the request is overbroad. I explained that in his order dated December 31, 2007, at page 12, Judge Infante rejected Mattel's motion to compel the production of documents in response to a nearly identical request that was served on Isaac Larian (specifically Request No. 178), finding that the request was overbroad and sought a host of irrelevant information, and that Mattel had made no attempt to tailor the request to claims or defenses in this action. I explained that in that same order, Judge Infante granted Mattel's motion to compel documents from that same time period that related only to Bratz or Angel (Request No. 170) and that, to the extent, Mr. Larian has those documents in his possession, custody or control, he is producing them. Therefore, Mattel is already getting those records. You stated that you would consider my position and we agreed to discuss the matter further on January 22 at 7 p.m.

    Regarding MGA's response to Request No. 48 ("All non-privileged communications between YOU and any PERSON that REFER or RELATE to this action"), I told you that the request is overbroad and is also vague and ambiguous in that it is unclear whether Mattel is seeking all communications between MGA and third parties as well as all communications between and among anyone within MGA. You agreed that the scope of the request is open to interpretation and agreed to clarify Mattel's request at our continued discussion on January 22. I suggested that you review Mattel's responses to any similar request to see how Mattel had responded and I agreed to do the same. In the meantime, I told you that MGA has produced documents responsive to this request because those documents are subsumed within other requests for which documents were already produced.

    I look forward to speaking with you on January 22.

                Sincerely,

                Amy S. Park

EXHIBIT 5 PAGE 127