# Exhibit 11

CONFORMED COPY



1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:   (415) 774-2611
4   Facsimile:   (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                              EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No.1100049530
12              Plaintiff,

13        v.                               Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15              Defendant.                 ORDER GRANTING IN PART AND
                                           DENYING IN PART MATTEL'S
16                                         MOTION TO COMPEL PRODUCTION
                                           OF DOCUMENTS BY MGA;
17                                         DENYING REQUEST FOR
                                           MONETARY SANCTIONS
    CONSOLIDATED WITH
18  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
19  INC.

20

21                          I. INTRODUCTION

22        On June 26, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production of

23  Documents by MGA Entertainment, Inc. ("MGA") and for Award of Monetary Sanctions.  Mattel

24  seeks an order compelling MGA "to produce documents responsive to Mattel's First Set of

25  Requests for Documents and Things Re Unfair Competition Claims, including, without limitation,

26  Request Nos. 1, 3-10, 12-13, 16-18, 19-20, 26-27, 29-30, 32-40, 42-43, 45, 48-52, 54-56, 58-60,

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                    1

EXHIBIT  11  , PAGE  511

1  65-119, 137-140, 157-161, 164 and 166," and for sanctions in the amount of $4,500, which

2  represents a portion of the costs incurred by Mattel in bringing this motion.  Mattel's Motion at

3  p.1.  On July 3, 2007, MGA submitted its opposition brief, and on July 9, 2007, Mattel submitted

4  a reply brief.  The matter was heard via telephonic conference on August 13, 2007.  Having

5  considered the motion papers and comments of counsel at the hearing, Mattel's motion to compel

6  is granted in part and denied in part, and the request for sanctions is denied.

7  <u>II. BACKGROUND</u>

8  This consolidated action includes MGA's claims for unfair competition against Mattel.

9  Among other things, MGA alleges that Mattel has engaged in "serial copycatting" of MGA

10  products, packaging and advertising, including Bratz dolls and other Bratz products, Bratz

11  packaging and Bratz television commercials.  MGA also alleges that Mattel engaged in improper

12  conduct in dealing with retailers, licensees, employees and industry organizations.

13  After MGA filed its claims against Mattel, Mattel sought and was granted leave to file

14  several counterclaims against MGA, including claims for copyright infringement, violation of

15  RICO, conspiracy to violate RICO, misappropriation of trade secrets and unfair competition.

16  Among other things, Mattel alleges that MGA has induced Mattel employees to steal Mattel's

17  trade secrets, confidential information and other property and take it with them to their new

18  employment with MGA.  Mattel also alleges that Bryant conceived, created and developed Bratz

19  designs while he was employed by Mattel as a designer, that he concealed his Bratz work from

20  Mattel, and that he sold Bratz to MGA while he was a Mattel employee.  Mattel alleges that it is

21  the rightful owner of the Bratz designs and that MGA is engaging in copyright infringement of

22  the Bratz designs.

23  On December 18, 2006, Mattel propounded its First Set of Requests for Production of

24  Documents and Things re Claims for Unfair Competition to MGA (the "Requests for

25  Production").  The Requests for Production consist of 166 requests seeking information that

26

27

28

1   Mattel contends is relevant primarily to MGA's claims for unfair competition and Mattel's

2   defenses thereto.

3        In the meantime, MGA served its initial disclosures related to its unfair competition

4   claims. Mattel immediately filed a motion to compel MGA to provide complete initial

5   disclosures in compliance with Rule 26, Fed.R.Civ.P. Although the initial disclosures were

6   wholly inadequate, the Discovery Master denied the motion to compel, reasoning that it would be

7   more efficient and orderly for the parties to proceed with Mattel's pending Requests for

8   Production.

9        MGA served its responses to Mattel's Requests for Production on January 17, 2007.

10  MGA objected and refused to produce documents responsive to approximately two-thirds of

11  Mattel's requests. As to the remaining requests, MGA agreed to produce "relevant and non-

12  objectionable documents," subject to its General and Specific Objections.

13       Thereafter the parties met and conferred in person and exchanged a few letters. On

14  February 9, 2007, counsel for MGA advised Mattel by letter that MGA, subject to its General and

15  Specific objections, agreed to produce all "relevant and non-objectionable documents" responsive

16  to Request Nos. 1-4, 11, 13-15, 18, 21-26, 28-29, 31-36, 44-51, 53, 61-64, 118, 120-137, 141-156,

17  162-163, 165 and 166. Kidman Decl., Ex. 14. As to Request Nos. 9, 10 and 12, MGA also

18  agreed to produce "documents sufficient to show the timing of, and relevant facts regarding"

19  certain specified products. Id. Counsel for MGA sent another letter on February 16, 2007,

20  advising Mattel that MGA would produce documents responsive to Request Nos. 29 and 30.

21  Bradley Decl., Ex. 1. On May 21, 2007, MGA advised Mattel by letter that it agreed, in essence,

22  to withdraw its restriction to "relevant and non-objectionable documents" in its responses to the

23  Requests For Production. Bradley Decl., Ex. 3. On May 31, 2007, MGA served supplemental

24  responses to Mattel's Requests for Production, which no longer included the phrase "relevant and

25  non-objectionable." Kidman Decl., Exs. 11 and 16.

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT  11 , PAGE  513

1    In its opening brief, Mattel contends that MGA has improperly refused to produce
2    documents relating to: the creation, origin, timing and ownership of the contested MGA products
3    and packaging, including the contested Bratz products and packaging (Request Nos. 5, 6-8, 16,
4    17, 19, 20, 38, 39, 48); MGA's alleged theft of Mattel's trade secrets and confidential information
5    by, among other things, targeting and recruiting current and former Mattel employees (Request
6    Nos. 42, 59, 60, 65-117, 138-140, 160, 161 and 164); damages (Request Nos. 27, 30 and 157-
7    159); facts MGA contends support its unfair competition claims (Request Nos. 45, 119 and 166).
8    Mattel contends that MGA has no legitimate basis for refusing to produce these categories of
9    documents because they are directly relevant to the claims and defenses in the case. Mattel also
10   contends that MGA has improperly restricted the scope of its document production in response to
11   Request Nos. 1, 3, 4, 13, 18, 29, 49, 52 and 137.
12   MGA contends that Mattel's motion should be denied in its entirety for three reasons.
13   First, Mattel is seeking documents MGA already agreed to produce as a result of the meet and
14   confer process. Second, Mattel is seeking documents that may be precluded by other motions
15   pending before the district court. Third, Mattel is seeking documents that constitute an
16   unreasonable and overbroad fishing expedition.
17   As to the first point, MGA contends that it has already agreed to produce documents
18   responsive to Request Nos. 9, 10, 12, 26, 29, 30, 32-36, 45, 48-51, 118, 137, and 166. Moreover,
19   MGA represents that it has produced more than 110,000 pages of documents, including
20   documents relating to the origin, infringement, design and tooling of Bratz and has also provided
21   Mattel with access to Bratz molds and sculpts. MGA also represents that it is continuing to
22   search for and produce documents responsive to Mattel's requests on a rolling basis.
23   MGA also asserts that it "has revisited certain of Mattel's requests, and so as to avoid
24   further burdening the Court, MGA agrees to produce non-privileged documents in its possession,
25   custody or control, subject to its previously stated General and Specific Objections, that are
26
27
28

1   responsive to the following sixteen requests:  5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and

2   157-159."  MGA's Opposition at p. 3.

3        MGA also represents that it is prepared to produce documents responsive to Mattel's

4   Request Nos. 65-117 and 119 (which seek documents concerning MGA-Mexico and its

5   employees, and other topics relevant to Mattel's counterclaims) now that Judge Larson issued an

6   order denying MGA's motion to dismiss Mattel's trade secret claims.[1]  MGA's Opposition at pp.

7   2 and 6.

8        As to the second point, MGA contends that Mattel's motion to compel is premature with

9   respect to Request Nos. 1, 3, 4, 13 and 18.  MGA explains that these requests seek, among other

10  things, information pertaining to undisclosed and/or unreleased MGA products.  The Discovery

11  Master issued an order compelling MGA to produce such documents in response to other Mattel

12  discovery requests.  MGA appealed the Discovery Master's ruling, which was heard by Judge

13  Larson on July 2, 2007.  MGA contends that it should not be required to produce documents

14  responsive to Request Nos. 1, 3, 4, 13 and 18 until Judge Larson issues a ruling.

15       For the remaining requests, however, MGA stands by its objections.  More specifically,

16  MGA contends that Request Nos. 42, 54, 58-60, 138-140, 160, 161 and 164 are grossly overbroad

17  and unduly burdensome.

18       In its reply brief, Mattel contends that MGA's belated offers to produce responsive

19  documents do not obviate the need for an order compelling production for several reasons.  First,

20  Mattel contends that in many instances, MGA's purported agreements to produce responsive

21  documents are subject to major qualifications.  For example, in response to Request Nos. 9, 10

22  and 12, MGA's meet and confer letter indicates that MGA has limited its production of

23  documents to only "documents sufficient to show the timing of, and relevant facts regarding"

24  certain products.  Kidman Decl., Ex. 14.  Second, Mattel points out that, in some instances, the

25

26  _____

27  [1]  Judge Larson issued the order on June 27, 2007, a day after Mattel submitted its opening brief.

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT  11 , PAGE  515

1   representations in MGA's meet and confer letters conflict with MGA's subsequent May 31, 2007

2   supplemental responses. For example, even though MGA stated earlier in its two meet and confer

3   letters that it would produce documents responsive to Request Nos. 9, 10, 12, 26, 30, 32-36, 45,

4   48, 50, 51, 118 and 166, MGA's May 31, 2007 supplemental responses indicate that MGA

5   objects and refuses to produce documents responsive to these requests. Third, Mattel contends

6   that MGA has acknowledged its responsibility to produce documents responsive to Request Nos.

7   65-117 and 119 in view of Judge Larson's June 27, 2007 order denying MGA's motion to dismiss

8   Mattel's counterclaims, and yet, MGA has failed to do so. Fourth, Mattel points out that MGA's

9   opposition brief is internally inconsistent with respect to Request Nos. 55 and 56, stating both that

10  MGA agrees to produce documents responsive to the requests, and that MGA objects to the

11  requests as overbroad and burdensome. See MGA's Opposition at pp. 3 and 8.

12      Mattel also contends that Request Nos. 1, 3, 4, 13 and 18 are no longer premature because

13  on July 5, 2007, two days after MGA submitted its opposition brief, Judge Larson issued an order

14  upholding the Discovery Master's ruling with respect to undisclosed and/or unreleased MGA

15  products. Accordingly, Mattel requests an order compelling production of documents all

16  documents responsive to Request Nos. 1, 3, 4, 13 and 18 without any limitations, and overruling

17  any objections thereto.

18      With respect to the remaining requests to which MGA continues to object, Mattel reasserts

19  that the requests seek documents relevant to Mattel's trade secret counterclaims. Mattel also

20  contends that MGA has failed to establish that complying with the requests would impose an

21  undue burden.

22                                    III. DISCUSSION

23      Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

24  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

25  party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not

26  permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

27

28

1   2004) ("District courts need not condone the use of discovery to engage in 'fishing

2   expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

3   (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

4   (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

5   the phrase "subject matter involved in the pending action," were intended to prevent discovery

6   that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

7   litigate the issues presented by the pleadings but to develop new claims or defenses.).

8          Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or

9   extent of use of the discovery methods if the court determines that "(i) the discovery sought is

10  unreasonably cumulative or duplicative, or is obtainable from some other source that is more

11  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

12  opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

13  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

14  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

15  the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

16  26(b)(2).

17  **Request Nos. 1, 3, 4, 13 and 18**

18         Request No. 1 seeks "[a] sample of each of the CONTESTED MGA PRODUCTS,

19  together with each such product's packaging, instructions, promotional materials and other

20  associated packaging materials." Request No. 3 seeks "[a] complete copy of each advertisement

21  or promotional statement prepared, produced, printed, broadcast, made available to anyone in any

22  manner via the Internet, or otherwise used or disseminated in any way in connection with the

23  CONTESTED MGA PRODUCTS." Request No. 4 seeks "[a] complete copy of each

24  COMMUNICATION, advertisement, promotional statement that provides a basis for any claim

25  by [MGA] against MATTEL." Request No. 13 seeks "[a]ll DOCUMENTS RELATING TO any

26  revision of any CONTESTED MGA PRODUCTS, including but not limited to any proposed

27

28

1   alternatives, modifications or changes (whether or not implemented) to such CONTESTED MGA

2   PRODUCTS." Request No. 18 seeks "[a]ll DOCUMENTS RELATING TO the marketing,

3   advertising, promotion, licensing, offering for sale or sale of the CONTESTED MGA

4   PRODUCTS, including but not limited to all marketing studies, marketing plans, sales plans,

5   sales forecasts, strategies, surveys and analyses and including but not limited to all catalogs,

6   advertisements, brochures, displays and Internet publications."

7        During the meet and confer process, MGA agreed to produce documents responsive to

8   Request Nos. 1, 3, 4, 13 and 18. Kidman Decl., Ex. 14. In its subsequent supplemental

9   responses, however, MGA responded that it would produce responsive documents "visible to the

10  consuming public at the point of purchase," "made available to the public," or "presented to the

11  consuming public." MGA's Supp. Response, Kidman Decl., Ex. 8 and 16.

12       Mattel contends that the requested documents and items are relevant to MGA's claim of

13  "serial copying," whether or not they are seen by the consuming public. Mattel also contends that

14  the documents it seeks are relevant to any claim by MGA of "post sale confusion." Furthermore,

15  Mattel argues that MGA's restrictions on discovery are unreasonable in light of MGA's own

16  claimed trade dress, which MGA alleges extends to the entirety of MGA's marketing techniques

17  and product appearance. Mattel also contends that Request No. 13 seeks documents that are

18  directly relevant to MGA's claim that Mattel systematically modified its products to increase their

19  similarity to MGA's products over time.

20       In its opposition brief, MGA does not attempt to refute any of Mattel's relevancy

21  arguments above, relying instead on its argument that these requests are premature until Judge

22  Larson issues a ruling. Judge Larson, however, issued an order on July 5, 2007. Accordingly, the

23  requests are no longer premature. The subject requests are relevant and not unduly burdensome.

24  MGA is ordered to produce all non-privileged documents that are responsive to Request Nos. 1,

25  3, 4, 13 and 18.

26  //

27

28

1    <u>Request Nos. 5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159</u>

2        In its opposition brief, MGA agrees to produce documents responsive to Request Nos. "5-

3    8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159." MGA's Opposition at p. 3. Later in its

4    opposition brief, however, MGA contends that Request Nos. 55 and 56 are overbroad and

5    burdensome. See MGA's Opposition at pp. 3 and 8. Request No. 55 seeks production of "[a]ll

6    periodicals, whether they be magazines, newspapers, newsletters, or any other type of periodical,

7    that mention the CONTESTED MGA PRODUCTS that have been published since January 1,

8    1999." Request No. 56 seeks "[a]ll television or radio broadcasts or cablecasts that mention the

9    CONTESTED MGA PRODUCTS that have been disseminated since January 1, 1999." MGA

10   contends that these requests encompass, among other things, every single advertisement MGA

11   ever ran in connection with BRATZ or any of the other products at issue.

12        Mattel contends that Request Nos. 55 and 56 are designed to obtain documents that may

13   contain admissions relevant to various issues in the case, including admissions regarding the

14   origin and timing of the products at issue; the performance of the contested products or MGA as a

15   whole, which may undercut MGA's claims for damages; and statements that might reveal that

16   MGA had access to confidential Mattel information.

17        Although Request Nos. 55 and 56 encompass potentially relevant documents, they are

18   overbroad. They require MGA to produce every single advertisement MGA ever ran in

19   connection with all of the products at issue. The requests are not limited in any respect to the

20   subjects of interest to Mattel, i.e., the origin and timing of the products at issue. Furthermore,

21   Mattel has utilized other document requests and depositions to obtain the type of evidence it now

22   seeks.

23        Accordingly, Mattel's motion is granted as to Request Nos. 5-8, 16-17, 19-20, 27, 37-40,

24   43, 52, and 157-159 to ensure a deadline for production, and denied as to Request Nos. 55 and 56

25   pursuant to Rule 26(b)(2), Fed.R.Civ.P.

26   //

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

EXHIBIT ___11___, PAGE __519__

1  __Request Nos. 9, 10, 12__

2       Request Nos. 9, 10 and 12 call for "[a]ll DOCUMENTS RELATING TO the invention,

3  creation, origin, conception, authorship, design, development, production, engineering,

4  manufacture, distribution, sale and ownership of products and packaging" "that YOU contend

5  provide a basis for any claim against MATTEL, whether or not such claim is in the

6  COMPLAINT" (No. 9); "that YOU contend MATTEL copied or infringed" (No. 10); and related

7  "COMMUNICATIONS" (No. 12). During the meet and confer process, MGA agreed to produce

8  "documents sufficient to show the timing of, and relevant facts" regarding the following products

9  on the following topics:

10       • "First generation 'Bratz'" line, including packaging – invention, creation, origin,

11       conception, authorship, design, development, sale and ownership;

12       • "Bratz" "Wintertime Wonderland" line, including packaging – invention, creation,

13       origin, conception, authorship, and first sale;

14       • "Bratz" "Sportz" Cloe, including packaging – invention, creation, origin, conception,

15       authorship and first sale;

16       • "Bratz" "Sun-Kissed Summer" line, including packaging and playset – invention,

17       creation, origin, conception, authorship, and first sale;

18       • "Bratz" "Formal Funk" line – invention, creation, origin, conception, authorship, and first

19       sale;

20       • "Bratz" "Runway Disco," including packaging – invention, creation, origin, conception,

21       authorship, and first sale;

22       • "Bratz" "Funky Fashion Makeover Head," including packaging – invention, creation,

23       origin, conception, authorship, and first sale;

24       • "Bratz" "Petz," including packaging – invention, creation, origin, conception,

25       authorship, and first sale;

26

27

28

EXHIBIT __11__, PAGE __520__

1  • "4-Ever Best Friends," including packaging – invention, creation, origin, conception,

2  authorship, and first sale;

3  • "Mommy's Little Patient" – invention, creation, origin, conception, authorship, and first

4  sale;

5  • "AlienRacers," including logo – invention, creation, origin, conception, authorship, and

6  first sale; and

7  • "Bratz" "Diamondz" line – invention, creation, origin, conception, authorship, and first

8  sale.

9  Kidman Decl., Ex. 14.  In response to Request No. 9, MGA also agreed to produce documents

10  containing development, production and sales information for the product(s) affected by the hair

11  shortage allegedly caused by Mattel and "sufficient to show the timing of and relevant facts

12  regarding the shortage and its effect on MGA." Id.  Thereafter, MGA asserted objections to these

13  requests in its May 31, 2007 supplemental responses.  In opposition to Mattel's motion, however,

14  MGA restated that it would produce documents responsive to these requests consistent with its

15  prior meet and confer letter.  MGA's Opposition at p. 5.

16          Mattel contends that MGA's agreement to produce documents is insufficient because

17  MGA has limited its production to documents "sufficient to show."  MGA's opposition brief fails

18  to address Mattel's argument.  Instead, MGA merely asserts that it agreed to produce documents

19  responsive to Request Nos. 9, 10 and 12 during the meet and confer process, and therefore

20  Mattel's motion should be denied as moot.

21          Request Nos. 9, 10 and 12 clearly seek relevant information, and MGA has failed to

22  justify why its production should be limited to documents "sufficient to show."  Therefore,

23  Mattel's motion is granted as to Request Nos. 9, 10 and 12.

24  Request Nos. 26, 29, 30, 32, 36, 45, 48-51, 118, 137 and 166

25          In its two meet and confer letters MGA agreed to produce, subject to its General and

26  Specific Objections, documents responsive to Request Nos. 26, 29, 30, 32-36, 45, 48-51, 118, 137

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                                                                                    11

EXHIBIT   11 , PAGE 521

1   and 166. Kidman Decl., Ex. 14. Mattel points out, however, that MGA's May 31, 2007
2   supplemental responses are inconsistent insofar as the responses indicate that MGA continues to
3   object to some of the requests or otherwise agrees to produce only a limited portion of documents
4   responsive to other requests. Mattel's Reply Brief at p. 7. Nevertheless, in its opposition brief,
5   MGA reaffirms its earlier agreement to produce all responsive documents, and states that it
6   considers Mattel's motion to be moot. See MGA's Opposition at pp. 5-6. Mattel's motion is
7   granted as to this category of requests.

8   **Request Nos. 65-117 and 119**

9       In its opposition brief, MGA agrees to produce documents responsive to Mattel's Request
10  Nos. 65-117 and 119 now that Judge Larson issued an order denying MGA's motion to dismiss
11  Mattel's trade secret claims. MGA's Opposition at pp. 2 and 6. Mattel's motion is granted as to
12  these requests.

13  **Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164**

14      MGA contends that Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164 are overbroad
15  and unduly burdensome. Mattel insists that they are not. More specifically, Mattel contends that
16  the requests seek documents regarding MGA's alleged theft of Mattel's trade secrets, and in
17  particular, the theft of trade secrets through targeting and hiring current and former Mattel
18  employees.

19      Request No. 42 seeks "[a]ll COMMUNICATIONS between [MGA] and any individual
20  while the individual was employed by MATTEL." Although the request may encompass relevant
21  documents, it is overbroad insofar as it requires production of all communications, regardless of
22  subject matter. Furthermore, the request is objectionable to the extent it seeks documents that are
23  equally available to Mattel. Therefore, Mattel's motion is denied as to Request No. 42 pursuant
24  to Rule 26(b)(2), Fed.R.Civ.P.

25      Request No. 54 seeks "[a]ll DOCUMENTS RELATING TO any COMMUNICATION by
26  [MGA] with any news organization regarding the CONTESTED MGA PRODUCTS or the

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

12

EXHIBIT ___11___, PAGE __522__

1   CONTESTED MATTEL PRODUCTS." Once again, the request encompasses potentially

2   relevant documents, however it is overbroad, seeking all documents relating to any

3   communications by MGA with any news organization. Furthermore, the request seeks documents

4   that are of relatively minimal relevance to the claims and defenses in the case. Therefore,

5   Mattel's motion is denied as to Request No. 54 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

6          Request Nos. 58 seeks "[a]ll DOCUMENTS RELATING TO publicity by [MGA] or

7   about the CONTESTED MGA PRODUCTS since January 1, 1999, including but not limited to

8   advertising, media releases, and public relations material." This request is also overbroad in that

9   it seeks all documents relating to publicity by MGA about its products at issue in the litigation.

10  Mattel's motion is therefore denied as to Request No. 58 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

11         Request No. 59, asks for "[a]ll DOCUMENTS RELATING TO any effort by [MGA] to

12  recruit employees or contractors since January 1, 1999, including but not limited to advertising,

13  media releases, brochures, articles, catalogs, handbooks, and public relations material." The

14  request is overbroad insofar as it requires production of all documents relating to MGA's

15  recruiting, including for instance, recruiting from competitors other than Mattel. Mattel's motion

16  is therefore denied as to Request No. 59 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

17         Request No. 60 seeks "[a]ll DOCUMENTS RELATING TO the hiring, engagement, or

18  retention by [MGA] of any former or current MATTEL employee or contractor since January 1,

19  1999, including but not limited to all employment agreements and agreements RELATING TO

20  confidentiality or the invention, authorship, or ownership of any concept or product." Request

21  No. 138 seeks "[a]ll COMMUNICATIONS between [MGA] and any PERSON RELATING TO

22  the departure from MATTEL of any current or former MATTEL employee or contractor."

23  Request No. 139 seeks "[a]ll COMMUNICATIONS between [MGA] and any PERSON

24  RELATING TO the obligations to MATTEL, including the duty of confidentiality, of any current

25  or former MATTEL employee or contractor. Request No. 140 seeks "[a]ll

26  COMMUNICATIONS between [MGA] and any current or former MATTEL employee or

27

28

1    contractor RELATING TO the ownership of any idea, concept, design, or product. Unlike the

2    previous requests, Request Nos. 60, 138, 139 and 140 are reasonably tailored to seek documents

3    central to Mattel's allegation that MGA stole its trade secrets through targeting and hiring current

4    and former Mattel employees. MGA has not carried its burden of establishing that it would be

5    unduly burdensome to comply with these requests. Accordingly, Mattel's motion is granted as to

6    Request Nos. 60, 138, 139 and 140.

7            Request No. 160 seeks "[a]ll DOCUMENTS received from MATTEL (whether directly

8    or indirectly) by [MGA] at any time since January 1, 1999." Request No. 161 seeks "[a]ll

9    DOCUMENTS that [MGA has] reason to believe were created by or originated from MATTEL,

10   other than MATTEL products that [MGA] purchased at retail." Request No. 164 seeks "[a]ll

11   DOCUMENTS RELATING TO any COMMUNICATIONS with, or inquiry or investigation by,

12   any government entity RELATING TO the CONTESTED MGA PRODUCTS or the

13   CONTESTED MATTEL PRODUCTS." These three requests are also reasonably tailored to seek

14   documents that could support Mattel's allegations of trade secret theft. MGA has failed to

15   establish that it would be unduly burdensome to comply with these requests. Mattel's motion is

16   granted as to Request Nos. 160, 161 and 164.

17                                   IV. CONCLUSION

18           For the reasons set forth above, Mattel's motion is granted as to Request Nos. 1, 3-10, 12,

19   13, 16-20, 26, 27, 29, 30, 32-40, 43, 45, 48-52, 60, 65-117, 118, 119, 137-140, 157-161, 164 and

20   166, and denied as to Request Nos. 42, 54-56, 58, 59. MGA shall produce, without limitation, all

21   non-privileged responsive documents in accordance with this Order no later than August 30,

22   2007. Mattel's request for sanctions is denied.

23           Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

24   Master, Mattel shall file this Order with the Clerk of Court forthwith.

25   Dated: August 13, 2007

26                                   HON. EDWARD A. INFANTE (Ret.)
                                     Discovery Master
27

28

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 13, 2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA; DENYING REQUEST FOR MONETARY SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 13, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT __11__ , PAGE 525