QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br><br>MATTEL, INC.'S REPLY IN SUPPORT OF ITS MOTION TO (1) ENFORCE THE COURT'S AUGUST 13, 2007 ORDER AND TO COMPEL; AND (2) FOR AWARD OF MONETARY SANCTIONS<br><br>[Supplemental Declaration of Jon D. Corey filed concurrently herewith]<br><br>Hearing Date: February 11, 2008<br>Time: 9:30 a.m.<br>Place: Telephonic<br><br>**Phase 1**<br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

7209/2378788.1

MATTEL, INC.'S REPLY I.S.O. ITS MOTION TO COMPEL

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Contrary to MGA's assertion, Mattel's Motion is not moot. Although MGA purportedly produced the CD that Mattel requested, MGA remains in violation of the Discovery Master's August 13, 2007 Order. Specifically, despite Mattel's requests, MGA has not: (1) confirmed whether it has produced, or even identified, all media containing Mattel-authored or originated documents, or, in the alternative, explained why it has not done so; (2) explained why the CD it produced contains previously unproduced Mattel-authored or originated documents (in violation of the August 13, 2007 Order), despite MGA's assertion that it "produced the documents contained on the CD several months ago, as ordered;" or (3) confirmed whether MGA produced all other Mattel-authored or originated documents. Without this information, Mattel is unable to determine whether MGA finally brought itself into compliance with the August 13, 2007 Order. Mattel hereby seeks an order again compelling production of all documents, in any medium, including documents in electronic format, responsive to Request No. 65.

### Argument

**I. MATTEL'S MOTION IS NOT MOOT**

MGA remains in violation of the Order, despite its assertion to the contrary.[1] Mattel has not "already received the material it seeks to compel."[2]

First, Mattel seeks an order again compelling the production of documents that were seized by Mexico law enforcement authorities from the offices of MGA de Mexico. The Discovery Master specifically compelled MGA to produce, *without limitation*, all non-privileged documents in response to Request

---

[1] Opposition, at 1:13-14.
[2] Opposition, at 3:15-16.

1  No. 65 (which MGA represented to the Court that it would produce), no later than
2  August 30, 2007.³ MGA failed to do so.
3  After Mattel filed its Motion (and five months after the Discovery
4  Master's deadline and three months after Mattel first requested the CD), MGA
5  produced what it represents to be a forensically sound copy of the CD containing
6  Mattel-authored documents that were seized by Mexico law enforcement authorities
7  from the offices of MGA de Mexico. The CD, however, contains responsive
8  documents that Mattel has not located in MGA's production and that MGA has not
9  confirmed were previously produced.
10 MGA had represented to the Discovery Master that it "produced the
11 documents contained on the CD several months ago, as ordered."⁴ Mattel reviewed
12 the CD and identified several responsive documents that MGA has been unable to
13 confirm that MGA produced. Mattel has requested an explanation for these
14 omissions, but MGA has yet to provide one. Nor has MGA confirmed that other
15 than these documents, it produced all other responsive documents.⁵ Accordingly,
16 Mattel requests an order again compelling MGA to produce all documents in
17 response to Request No. 65.
18 Second, Mattel seeks an order compelling MGA to produce all
19 electronic media containing Mattel-authored or originated documents seized by the

---

³ Request For Production No. 65 seeks the following information: Copies of all DOCUMENTS that were seized by Mexican authorities from MGA's office in Mexico City, Mexico. See Mattel, Inc.'s First Set of Requests for Production of Documents and Things Re Claims for Unfair Competition, dated December 18, 2006 ("Requests"), Declaration of Jon Corey, dated January 22, 2008 ("Corey Dec."), Exh. 4.
⁴ Opposition, at 1:16-17.
⁵ Letter from Jon Corey to Andrew Temkin, dated February 4, 2008, attached to the Supplemental Declaration of Jon D. Corey, dated February 5, 2008 ("Supp. Corey Dec."), Exh. 3.

Mexican authorities -- information that is also responsive to Request No. 65.[6] By producing the documents in electronic format, Mattel is able to determine the time and date of the theft of the documents, the manner in which the documents were taken from Mattel, from where the documents were taken and, possibly, by whom. Importantly, MGA does not dispute this point. Despite Mattel's requests, however, MGA failed to confirm that it has produced all such electronic media and brought itself into compliance with the Order.[7] Accordingly, because these discovery issues raised in Mattel's Motion remain unresolved, the Motion is not moot.

---

[6] MGA's argument that "[c]ontrary to Mattel's assertion, the August 13 order did not require MGA to produce a 'forensically' sounds copy of the CD or otherwise produce the documents on the CD in their 'native format'" is incorrect and misses the point. Opposition, 2:5-7. First, the Order requires that MGA produce documents in response to Mattel's Request for Production No. 65. Order, 12:9-12, Corey Dec., Exh. 6. The request defines "DOCUMENTS" to mean "all 'writings' and 'recordings' as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of communication or representation, and any record thereby created, regardless of the manner in which the record has been stored, and all non-identical copies of such DOCUMENTS, in the possession, custody, or control of YOU, YOUR counsel, or any other PERSON acting on YOUR behalf." See Mattel, Inc.'s First Set of Requests for Production of Documents and Things Re Claims for Unfair Competition, dated December 18, 2006, Corey Dec., Exh. 4 (emphasis added). Accordingly, compliance with the Order requires that the CD be produced. Second, the parties have an agreement that all documents are to be produced in their native format.

[7] Upon receipt of the CD, Mattel requested that MGA confirm that the CD it produced is a true and correct copy of the only responsive media in MGA's, or its counsel's, possession, custody or control. Mattel also requested that, if MGA had not produced all such media, MGA confirm which media or documents MGA is withholding and why. Mattel requested that MGA promptly provide this information so that Mattel may determine whether it could withdraw its Motion.
(footnote continued)

## Conclusion

For the foregoing reasons, and for the reasons stated in Mattel's Motion, Mattel requests that its Motion be granted in its entirety.

DATED: February 5, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Jon D. Corey
Jon D. Corey
Attorneys for Mattel, Inc.

---

See Letter from Jon Corey to Andrew Temkin, dated January 31, 2008, attached to the Supp. Corey Dec., Exh. 2. MGA failed to respond.