THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, 38th Floor
San Francisco, California 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
E-mail: rkennedy@skadden.com

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE De Mexico, S.R.L. De C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]<br><br>REPLY MEMORANDUM IN SUPPORT OF MGA'S MOTION TO COMPEL DISCOVERY AS TO ISSUES AS TO WHICH MATTEL HAS WAIVED THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES BY CLAIMS ASSERTION<br><br>Hearing Date: February 11, 2008<br>Time: 8:30 a.m.<br>Place: Telephonic<br><br>**Phase 1:**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

# TABLE OF CONTENTS

| | PAGE |
|---|---|
| TABLE OF AUTHORITIES | ii |
| MEMORANDUM OF POINTS AND AUTHORITIES | 1 |
| I. INTRODUCTION | 1 |
| II. LEGAL ANALYSIS | 1 |
|     A. Mattel Has Taken A Position In This Case That Makes It Unfair To Protect Its Privileged Communications Concerning That Position | 1 |
|     B. Mattel's Demand For An April 2002 Cut-Off Date Incorrectly Assumes that the Court Has Ruled that Mattel's Claims Relate Back to April 2004 | 2 |
|     C. Mattel's Demand For An April 2002 Cut-Off Date Also Ignores That The Laches Doctrine Is In Issue | 4 |
|     D. Mattel's Demand For An April 2002 Cut-Off Date Also Ignores That The Statute Of Limitations Involves What A Party Should Have Known | 4 |
|     E. Mattel's Demand For An April 2002 Cut-Off Date Also Ignores Mattel's Own Representations to the Court | 5 |
|     F. Mattel Is Not Entitled To Respond To MGA's Discovery Requests On The "Honor System" | 5 |
|     G. None Of The Discovery Master's Prior Orders Have Addressed The Question Of Whether "Fairness" Warrants An Implied Waiver | 8 |
| III. CONCLUSION | 9 |

## TABLE OF AUTHORITIES

PAGE(S)

**CASES**

Bittaker v. Woodford,
   331 F.3d 715 (9th Cir. 2003) .................................................................. 1, 3, 6

Conkling v. Turner,
   883 F.2d 431 (5th Cir. 1989) ......................................................................... 2

Fox v. Ethicon Endo-Surgery, Inc.,
   35 Cal. 4th 797 (2005) ................................................................................... 3

Hearn v. Rhay,
   68 F.R.D. 574 (E.D. Wash. 1975) .............................................................. 2, 6

Rambus, Inc. v. Samsung Electronics Co.,
   Nos. C-05-02298, C-05-00334,
   2007 WL 3444376 (N.D. Cal. Nov. 13, 2007) .............................................. 2

Roley v. New World Pictures, Ltd.,
   19 F.3d 479 (9th Cir. 1994) ........................................................................... 3

Smith v. Massachusetts,
   543 U.S. 462 (2005) ...................................................................................... 7

**RULES**

Local Rule 37-2.1 ................................................................................................ 3

**OTHER AUTHORITIES**

Epstein, The Attorney-Client and the Work-Product Doctrine 544 (5th ed. 2007) ..... 2

MGA'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY AS TO ISSUES WHICH MATTEL HAS WAIVED THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES BY CLAIMS ASSERTION

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

MGA's position regarding implied waiver and Mattel's two different positions (depending upon whether Mattel is seeking or opposing an implied waiver finding) are exhaustively discussed in the moving and opposition papers that have already been filed in connection with this Motion and Mattel's Motion for Order Finding Waiver And To Compel Production Of Documents Withheld As Privileged ("Mattel's Waiver Motion"), both of which are set for hearing on February 11.

Accordingly, in the interests of brevity, MGA incorporates its opposition to Mattel's Waiver Motion and will endeavor to restrict this Reply to the specific points raised in Mattel's Opposition.

## II. LEGAL ANALYSIS

### A. Mattel Has Taken A Position In This Case That Makes It Unfair To Protect Its Privileged Communications Concerning That Position

Mattel argues first that it "has not affirmatively put privileged communications at issue." Mattel's Opposition Memorandum ("Opp'n Mem.") at 3:6-8:2. According to Mattel, a party acts "affirmatively" only when "a party *relies on privileged communications* or work product in support of its claims or defenses" or "when the *only* evidence available to assess a party's claim or defense consists of attorney-client communications or work product." Id. at 4:7-12 (emphasis in original).

Mattel does not cite any case which so holds. Rather, Mattel combines snippets from two cases to create this "limitation." Mattel's attempted wizardry totally ignores the fact that the implied waiver doctrine is based on "fairness," not upon the parsing of words such as "affirmatively," "injected," or "raised." As explained in Bittaker v. Woodford, 331 F.3d 715, 719 (9th Cir. 2003), "'*[t]he privilege may be found to have been waived by implication when a party takes a position in litigation that makes it unfair to protect that party's attorney-client communications. . . .*'" (emphasis added.) Mattel also ignores that it has already

been determined that "alleging a basis for avoiding a statute of limitations constitutes an affirmative act under the Hearn test." Rambus, Inc. v. Samsung Electronics Co., Nos. C-05-02298, C-05-00334, 2007 WL 3444376, at *3 (N.D. Cal. Nov. 13, 2007).[1] As one leading commentator has observed, "each time a plaintiff brings a suit, he tacitly puts into issue the question of whether the statute of limitations [has] run." Epstein, The Attorney-Client and the Work-Product Doctrine 544 (5th ed. 2007). See also Conkling v. Turner, 883 F.2d 431, 434-35 (5th Cir. 1989) (privilege waived where plaintiff alleged that the statute of limitations was tolled because he did not learn that the defendants' statement was false until 18 years after the fact).

Mattel has taken the position in this case that it did not suspect, or have reason to suspect, the alleged misconduct for which it now seeks relief before November 2003. Mattel admits that it possesses, but has refused to produce on privileged grounds, information bearing on that position. "Fairness" dictates that the implied waiver doctrine be invoked so that MGA can fully litigate Mattel's position.

### B. Mattel's Demand For An April 2002 Cut-Off Date Incorrectly Assumes that the Court Has Ruled that Mattel's Claims Relate Back to April 2004

Mattel argues that "Judge Larson has ruled that Mattel's claims relate back to its initial complaint in April 2004." Opp'n Mem at 15. Because the shortest limitations period is two years, Mattel further argues that only information "prior to April 2002" is relevant to MGA's statute of limitations defenses. The most basic problem with Mattel's argument is that Judge Larson has made no such ruling. Based on Mattel's representation that it was not aware of facts putting it on notice of its claims until November 24, 2003 – a representation that discovery has proved to be false – Judge Larson rejected MGA's argument that Mattel's proposed claims would

---

[1] Mattel's only response to Rambus continues to be to claims that Judge Whyte does not understand the second-prong of Hearn. Opp'n Mem. at 6:1-16.

be futile. Assuming without deciding that November 24, 2003 was the relevant date, Judge Larson noted that Mattel's claims would be timely if they related back to either April 2004 (when Mattel filed its original claim in *Mattel, Inc. v. Bryant*, No. 04-9059) or May 2005 (when Mattel filed its original answer in *MGA Entertainment, Inc. v. Mattel, Inc. et al.*, No. CV 05-2727).[2]

In deciding only that Mattel should be granted leave to amend its answer, under the liberal standard of Rule 15(a), Judge Larson did not posit as to which date should control, much less make a final ruling. Notably, however, Judge Larson ultimately granted Mattel leave to amend its answer in *MGA Entertainment, Inc. v. Mattel, Inc. et al.*, No. CV 05-2727, filed in April 2005, and not its complaint in *Mattel, Inc. v. Bryant*, No. CV 04-9059, filed in April 2004. The Court reasoned that the "amendments do not add substance to the claims contained in the original [04-9059 Carter Bryant] complaint," but rather "bear more congruity to the allegations leveled against [Mattel] in MGA's Lanham Act case," admonishing the parties not to "ignore the distinctions that [ ] exist between [consolidated cases]."[3] In denying amendment of the April 2004 Complaint, Judge Larson concluded that "[t]he proposed amendments would radically alter the litigation in [the April 2004 action] to include far ranging disputes involving multiple parties and concerning events not connected with [the rather narrow and straightforward] BRATZ ownership issue."[4] Consequently, not only has there been no determination that Mattel's claims relate back to April 2004, to the extent that the relations-back principle applies to any of Mattel's claims, the relevant date would not be any earlier than May 13, 2005, when Mattel filed its initial answer.

---

[2] "The same would appear to be true – that the amendments would be timely – if the amendments related back to Mattel's answer (filed on May 13, 2005) to MGA's complaint in the 05-2727 case." Order Regarding Mattel's Motion for Leave to Amend, dated Jan. 11, 2007, at 13-15 (Notice of Lodging, Proctor Dec., Exh. 8).

[3] Id. (1/11/2007 Order at 19-20.)

[4] Id. (1/11/2007 Order at 18.)

### C. Mattel's Demand For An April 2002 Cut-Off Date Also Ignores That The Laches Doctrine Is In Issue

Mattel argues that the shortest *statute of limitations* for any of its claims is two years. Therefore, according to Mattel, any implied waiver should be limited to what Mattel knew before April 2002, or two years before it filed its initial complaint in April 2004. Opp'n Mem. at 15:19-16:8.

This totally ignores that Mattel is asserting tolling as to both the statute of limitations and *laches*. To fully and properly litigate those defenses, everything that Mattel knew about its potential claims before it allegedly first learned of them in November 2003 is relevant and properly discoverable.

### D. Mattel's Demand For An April 2002 Cut-Off Date Also Ignores That The Statute Of Limitations Involves What A Party Should Have Known

Mattel's demand for an April 2002 cut-off date also ignores that the statute of limitations starts to run when a party "has, or should have, inquiry notice of the cause of action." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (2005); Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994). Mattel's claim that it did not know something before April 2002, does not mean that Mattel should not have been on inquiry notice before that date or that what it knew after that date would shed further light on the falsity of the assertion that Mattel "had no reason to suspect" anything prior to November 2003. Accordingly, discovery of *all* of Mattel's privileged communications, at any time before November 2003, concerning potential claims against MGA or Bryant is reasonably calculated to lead to the discovery of admissible evidence as to when Mattel should first have been on inquiry notice and is, therefore, properly discoverable.

### E. Mattel's Demand For An April 2002 Cut-Off Date Also Ignores Mattel's Own Representations to the Court

Mattel's demand for an April 2002 cut-off date also ignores the fact that it has made affirmative representations to the Court about how and when it learned of its claims in order to defeat MGA's motion for terminating sanctions for failing to preserve evidence prior to November 2003. There, Mattel affirmatively represented to the Court that it had no knowledge of potential claims against MGA, and was not investigating the claims asserted in this action, before obtaining a copy of Bryant's employment contract in November 2003, and that *as a result* it had no duty to preserve evidence prior to that date. Consequently, Mattel's suggestion that its privileged communications between April 2002 and November 2003 are entirely irrelevant is specious. If such communications exist, Mattel should not be allowed to use the attorney-client privilege to conceal a fraud upon the Court. Even if such communications were not relevant to MGA's statute of limitations and laches defenses – which MGA disputes – Mattel affirmatively put them at issue once it represented to the Court that it did not learn of its potential claims until November 2003 in order to defeat MGA's spoliation motion.

### F. Mattel Is Not Entitled To Respond To MGA's Discovery Requests On The "Honor System"

Mattel spends nearly five pages (1) arguing that MGA has failed to identify specific documents or questions "for which it believes Mattel has waived the privilege" and (2) providing assurances that MGA will be able to obtain everything it really needs to oppose Mattel's tolling claims from non-privileged sources. Opp'n Mem. at 16:9-21:2.

An implied waiver requires a finding that "fairness" dictates that the privilege be waived so the opposing party can contest the issue that the party claiming the privilege has raised or injected in the case. Bittaker, 331 F.3d at 719. Under Local Rule 37-2.1, a party that seeks to have the court apply the waiver doctrine is required

to identify the specific discovery requests as to which it seeks privileged, as well as unprivileged, information. That is precisely what MGA has done in its Notice of Motion for the present Motion. To impose any greater requirement would stand the implied waiver doctrine on its head. Only the party asserting the privilege knows what it had withheld on privilege grounds.

That is particularly so where, as here, Mattel also challenged the relevancy of MGA's inquiries concerning Mattel's pre-November 2003 knowledge, so there is no way of knowing whether Mattel had even listed withheld documents on its privilege logs. As the Court may recall, Mattel took the position that all of its pre-November 2003 knowledge was irrelevant. That assertion necessitated MGA and Carter Bryant's Joint Motion to Overrule Mattel's Relevance Objection and Compel Discovery Relevant to Statue of Limitations and Laches Defenses. This Court granted that motion on January 3 and, on January 9, sought a formal Order overruling Mattel's objections as to a number of Rule 30(b)(6) deposition categories. Declaration of Marcus R. Mumford in Support of MGA's Motion to Compel Discovery As to Issues As to Which Mattel Has Waived the Attorney-Client and Work Product Privileges by Claims Assertion ("Mumford Decl."), Ex. 13. Since the January 3 ruling, MGA has made multiple requests to meet-and-confer with Mattel concerning the impact of that ruling but Mattel has simply ignored those requests. Mumford Decl. ¶ 28, Exs. 25, 26. Accordingly, MGA still does not know whether the privilege logs that Mattel has produced to date do or do not cover matters that have now been deemed relevant under the Court's January 3 ruling and January 9 Order.

Mattel argues next that it has not withheld any responsive information on privilege grounds with respect to a number of the specific discovery requests identified by MGA. Opp'n Mem. at 17:4-5. Mattel fails to explain why, then, it objected to those requests on attorney-client and work product privilege grounds. And Mattel's opposition is conspicuously silent as to the August 2003 "NHB"

documents that it is seeking to claw back on both attorney client and work product grounds.[5] The very fact that Mattel is asserting work product protection on those documents means that Mattel was contemplating litigation at least as early as August 2003. In fact, by that time, Mattel had for yet-to-be explained reasons, decided to refer to MGA by the code name "NHB."[6] It recently informed MGA that its legal department has been referring to MGA by codename "NHB" since as early as 2002.[7] While using the next letter of the alphabet is hardly a code that would baffle a cryptographer, it is certainly one that could, and may well have, frustrated "key word" discovery searches in the present case.

As mentioned above, Mattel offers repeated assurances that MGA "will obtain more than sufficient information regarding Mattel's relevant knowledge" from non-privileged information. Opp'n Mem. at 17:18-18:2. Therefore, according to Mattel, "[t]he privileged documents MGA seeks are not 'vital' to its defenses." Id. at 20:17. Obviously, one party to a lawsuit does not get to determine how much information its opponent "needs." If that were the rule, MGA would have decided that Mattel had all it "needed" several millions of pages of document production ago.

As explained in MGA's Opening Memorandum, there are multiple indicia in this case that Mattel harbored suspicions about Bryant and MGA as far back as 2001 and that those suspicions were sufficiently strong that Mattel put the matter in the hands of its attorneys. Mattel has, however, invoked privilege claims concerning what Mattel and its lawyers discussed concerning these potential claim- or even case-dispositive issues. Access to those privileged discussions is particularly "vital" where, as here, corporate entities rely heavily on their attorneys to determine who to

---

[5] MGA's Opening Memorandum ("MGA's Open. Mem.") at 3:12-28.
[6] Id.; see also Mumford Decl., Ex. 28.
[7] Supplemental Declaration of Marcus R. Mumford In Further Support of MGA's Motion To Compel Discovery As To Issues Which Mattel Has Waived The Attorney Client And Work Product Privileges By Claims Assertion, Ex. A (2/4/2008 Ltr. from Marcus Mumford to Timothy Alger).

sue, when to sue, and for what to sue. MGA's Open. Mem. at 14:7-15:6 (and authorities cited therein).

### G. None Of The Discovery Master's Prior Orders Have Addressed The Question Of Whether "Fairness" Warrants An Implied Waiver

Mattel argues correctly, but incongruously, that the Discovery Master has previously found that some of the *documents* at issue in the present Motion are privileged. Opp'n Mem. at 21:3-23:28.[8] If Mattel's documents were not privileged to begin with, MGA would not be seeking an implied waiver of the privilege! Accordingly, any prior finding of privilege serves only to confirm that there are, in fact, documents out there that Mattel considers relevant to its tolling claims that have not been produced on privilege grounds, confirming the need for an implied waiver.

Mattel's "its already been decided" claim starts with MGA and Bryant's joint motion of April 10, 2007 To (1) Compel Production Of Certain Documents Withheld Under Claim Of Privilege, (2) Attest To The Completeness Of Its February 2007 Production Of March 2002 Investigation Documents, And (3) De-Designate Attorneys' Eyes Only Document. Declaration of B. Dylan Proctor in Support of Mattel, Inc.'s Opposition to MGA's Motion to Compel Regarding Mattel's Privilege Waiver By Claim Assertion ("Proctor Decl."), Ex. 1. Opp'n Mem. at 21:10-22:2. As a review of that Motion readily discloses, it had nothing to do with "implied waiver." For example, Hearn v. Rhay, 68 F.R.D. 574 (E.D. Wash. 1975) and Bittaker are not even cited.

Mattel next refers to the Discovery Master's May 15 Order that granted the April 10 Motion in part and denied it in part. Opp'n Mem. at 22:3-11; Proctor Decl., Ex. 2. That Order never even uses the words "implied waiver." Proctor Decl., Ex. 2.

---

[8] Mattel makes no claim that such rulings have been made as to *all* of the *documents* sought in MGA's Notice of Motion. For example, there has clearly been no such finding as to the NHB coded documents for which Mattel first made a claw back demand on January 17. In addition, MGA's Notice of Motion seeks all information responsive to the specified discovery requests, not just *documents*.

That Order directs that 14 documents be submitted for an *in camera* review. On July 10, 2007, the Discovery Master issued an order finding, on the basis of that *in camera* review, that none of the 14 documents were protected by the work product rule and that 12 of the 14 were protected by the attorney-client privilege. The July 10 Order says nothing about "implied waiver." There are, therefore, at least 12 documents out there that Mattel considers relevant and which have been withheld on privilege grounds, confirming that an implied waiver finding is needed.

Finally, both the May 15 and July 10 Orders were issued before December 2007, when Mattel filed its Supplemental Responses to MGA's First Set of Interrogatories in which Mattel, for the first time, admitted that "there was rumor and innuendo" prior to July 2003 "that Bryant may be working with MGA on Bratz." Mumford Decl., Ex. 4, at 113:16-17. Thus, there are additional facts which have recently come to light reinforcing MGA's need for, and entitlement to, Mattel's pre-November 2003 information. See Smith v. Massachusetts, 543 U.S. 462, 475 (2005) ("[a] District court has the *inherent power* to reconsider and modify its interlocutory orders prior to the entry of judgment. . . ." (emphasis added; internal quotes omitted).

Without further belaboring the point, the Discovery Master has not previously decided, or even been asked to decide, whether Mattel's tolling defenses warrant an implied waiver finding and, if so, the scope of that waiver.

## III. CONCLUSION

Mattel and MGA have each raised an issue in this case which in "fairness," the other cannot properly contest without a limited privilege waiver: Mattel's claim that it did not first suspect claims it is now pursuing until November of 2003 and MGA's assertion that it contracted with Carter Bryant in 2000 believing in "good faith" that he owned the original Bratz drawings.

The baselessness of Mattel's attempt to hang a "One-Way Street" sign on the implied waiver doctrine is perhaps best exemplified by juxtaposing what Mattel is saying in support of its own Waiver Motion with what it is throwing up in opposition

1 | to the present Motion. MGA will spare the Court a discourse on Rule 11 and ask
2 | simply that the Court grant the limited waiver relief specified in MGA's Notice of
3 | Motion.

DATED: February 5, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
RAOUL D. KENNEDY

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE De Mexico, S.R.L. De C.V., and Isaac Larian