THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, 38th Floor
San Francisco, California 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
E-mail: rkennedy@skadden.com

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]**<br><br>**SUPPLEMENTAL DECLARATION OF MARCUS R. MUMFORD IN FURTHER SUPPORT OF MGA'S MOTION TO COMPEL DISCOVERY AS TO ISSUES WHICH MATTEL HAS WAIVED THE ATTORNEY CLIENT AND WORK PRODUCT PRIVILEGES BY CLAIMS ASSERTION**<br><br>Hearing Date: February 11, 2008<br>Time: 8:30 a.m.<br>Place: Telephonic |

I, Marcus R. Mumford, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of California and am an associate at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel of record for MGA Entertainment, Inc. ("MGA"), Isaac Larian ("Mr. Larian" or "Larian"), MGA Entertainment (HK) Limited ("MGA HK"), and MGAE de Mexico S.R.L. de C.V. ("MGA Mexico") (collectively, the "MGA Defendants") in the above-captioned matter. I submit this Supplemental Declaration in Further Support of MGA's Motion to Compel Discovery As To Issues Which Mattel Has Waived the Attorney Client and Work Product Privileges By Claims Assertion. Unless otherwise stated, I have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

2. I sent a letter to Timothy Alger of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP, counsel of record for Mattel, Inc. ("Mattel"), on or about February 4, 2008. A true and correct copy of that letter is attached hereto as **Exhibit A**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 5th day of February, 2008, in Los Angeles, California.

_____
Marcus R. Mumford

SUPP. DECLARATION OF MUMFORD IN SUPPORT OF MOTION TO COMPEL DISCOVERY AS TO ISSUES WHICH MATTEL HAS WAIVED THE ATTY CLIENT PRIVILEGE AND WORK PRODUCE PRIVILEGES BY CLAIMS ASSERTION
1

505024.01-Los Angeles Server 2A - MSW

# EXHIBIT A

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

———

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(213) 687-5514
DIRECT FAX
(213) 621-5514
EMAIL ADDRESS
MMUMFORD@SKADDEN.COM

February 4, 2008

**VIA FACSIMILE**

Timothy L. Alger, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

RE:   *Mattel, Inc. v. Bryant*

Dear Timothy:

This letter summarizes our meet and confer last Thursday concerning the "NHB" issues raised in our recent motion to compel: 1) documents M0199767-68 and M0199769-70, which you recently clawed back based on an assertion of attorney-client privilege and work product and 2) the production of all "NHB" documents.

As I stated, Mattel bears the burden of establishing the existence of the attorney-client privilege or work product immunity with respects to these documents. *See Clarke v. American Commerce Nat'l. Bank*, 974 F.2d 127, 129 (9th Cir. 1992); *Green v. Baca*, 226 F.R.D. 624, 652 (C.D. Cal. 2005).

### Documents M0199767-68 and M0199769-70

You explained that document M0199767-68, the Mercedeh Ward summary, was prepared by a paralegal in the Mattel legal department, who works under the supervision of Michal Moore, Mattel's in-house counsel. You indicated that the document was created on August 22, 2003, last modified on September 4, 2003, contained information from outside counsel and Mattel employees, and that it was "prepared in anticipation of litigation."

With respects to document M0199769-70, which was titled "NHB – To Do," you stated that Michael Moore prepared the document on August 10, 2003 – the date on the document – and that it reflected his "thought processes," and information

Timothy L. Alger, Esq.
February 4, 2008
Page 2

obtained from Mattel employees and outside counsel. You were not sure whether this document had been updated since its creation.

With respect to these documents, you informed me that Mattel would be placing them on its privilege log but would not be producing them in redacted form since, according to you, there is nothing to produce after the privileged information is redacted. When I asked how work product is applicable in light of Mattel's assertions in its counterclaims and in opposition to MGA and Bryant's joint motion for terminating sanctions, you stated that the documents were prepared in anticipation of the Tune Teens litigation. When I asked what about the documents reflects communications for the purpose of obtaining legal advice, you refused to parse the documents line by line.

As I stated, in light of our meet and confer, it would be inappropriate to withdraw MGA's and Bryant's joint motion to compel. Mattel confirmed that the documents were prepared prior to November 24, 2003. It is therefore improperly asserting work product notwithstanding its counterclaims filed in July 2007 stating that it "had no reason to suspect that Bryant had worked with MGA, or assisted MGA, while he still [sic] employed by Mattel," prior to that date, and notwithstanding its opposition to the motion for terminating sanctions taking a similar position. We no longer have the documents, but we do not recall anything about them that would suggest they were prepared in anticipation of another litigation. Indeed, they appeared to have been prepared in anticipation of this litigation: they referred to MGA by codename, summarized certain alleged facts concerning the creation of Bratz, and there was no mention of any limits with respect to the breadth of its investigation. Moreover, according to the testimony of Richard De Anda, we understand that Mattel had concluded as of late 2002 or early 2003, well before the dates of these documents, that Bratz did not violate a Tune Teens copyright. (*See* De Anda Tr. at 223:14-17.)

### The "NHB" Documents

You confirmed that "NHB" is a codename for MGA, used by Mattel since 2002 or 2003. You stated that it was used primarily in Mattel's legal department but acknowledged there could have been "reflexive use" of the codename beyond that department.

You stated that Mattel has not purposely withheld any documents responsive to MGA's document requests for MGA-related material based on a distinction between "NHB" and MGA. But you could not answer whether "NHB" documents may have been inadvertently deemed non-responsive in Mattel's document production on account of Mattel's use of the codename.

You indicated that you did not see anything further to the matter because Mattel has previously informed MGA that it is not placing any documents on the

Timothy L. Alger, Esq.
February 4, 2008
Page 3

privilege log that post-date November 2003. I indicated that I was not aware of any such agreement. If you have any further information concerning it, please advise. And your position did not address the status of "NHB" documents that pre-date November 2003. You stated that Mattel's privilege log would not necessarily indicate if an entry referred to a "NHB" document.

With respect to the production of these "NHB" documents, we reaffirm our position that any "NHB" document is relevant and responsive to MGA's requests for MGA-related documents in Mattel's possession. And, in light of the issues raised above, we request an *in camera* inspection of all "NHB" documents.

- To the extent Mattel asserts attorney-client with respect to "NHB" documents, it should be required to establish the document reflects communications between Mattel and its counsel for purposes of obtaining legal advice.

- To the extent Mattel asserts work product with respect to an "NHB" document and the document pre-dates November 2003, we request an explanation concerning what litigation it was prepared in anticipation of and how that position can be reconciled (a) with paragraphs 35-36 of its counterclaims filed July 2007 and (b) with its opposition to the joint motion for terminating sanctions stating that "Mattel first learned of a probable claim in late 2003, at the earliest … when it obtained a copy of the MGA/Bryant agreement. Before that, no claims were probable, and the investigated claims were never brought."

- To the extent "NHB" documents are not on the privilege log, Mattel has waived privilege and should be compelled to produce them.

Please let me know if I can be of any further assistance in this matter.

Sincerely,

Marcus R. Mumford

cc: Michael H. Page, Esq.
    Mark E. Overland, Esq.