# EXHIBIT 1

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).

**PRIORITY SEND**
**& ENTERED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES – GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                    Date:  July 2, 2007

Title:   CARTER BRYANT -v- MATTEL, INC.
         AND CONSOLIDATED ACTIONS

===============================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                          Theresa Lanza
Courtroom Deputy Clerk              Court Reporter

ATTORNEYS PRESENT FOR CARTER        ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                       John B. Quinn
                                    Brett Dylan Proctor
                                    Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:

Dale M. Cendall
Patricia Glaser

PROCEEDINGS:   MINUTE ORDER

    As set forth more fully herein, the Court hereby makes the following ruling regarding matters
heard on July 2, 2007:

(1)   The Court GRANTS Mattel's Motion re Trial Structure (docket #462);

(2)   The Court GRANTS IN PART AND DENIES IN PART MGA's Motion re Discovery Master's
      May 15, 2007, Order (docket #505);

(3)   The Court GRANTS IN PART AND DENIES IN PART MGA's Ex Parte Application

MINUTES FORM 90                          1              Initials of Deputy Clerk  Jh
CIVIL – GEN                                             Time: 01/15

EXHIBIT ____1____  PAGE ___3___

regarding date of production of documents (docket #545); and

(4)     The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)     The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.

(1)     Motion re Trial Structure (docket #462)

        Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases. The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1. Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues. Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings. This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings. A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

        Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL**, as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007. Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)     MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)     MGA's Ex Parte Application regarding date of production of documents (docket #545).

        The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products. The order required that documents be produced no later than the end of May.

        The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

        The Discovery Master's order compels the production of only non-privileged documents. Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced. If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

        MGA acknowledges that it has raised an argument before the Court that was not raised

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

MINUTES FORM 90
CIVIL -- GEN

3

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT ____1____ PAGE __5__

later than two weeks after that date. Accordingly, the Court **ORDERS** that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above. The Motion is **DENIED** in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above. The application is **DENIED** in all other respects.

(4)   MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters *known or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added). "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted). Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

Alexander v. F.B.I., 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

EXHIBIT _____1_____ PAGE _6_

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)    Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.

EXHIBIT ___1___ PAGE _7_

# EXHIBIT 2

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 090378)
      johnquinn@quinnemanuel.com
3     Michael T. Zeller (Bar No. 196417)
      (michaelzeller@quinnemanuel.com)
4     Jon D. Corey (Bar No. 185066)
      (joncorey@quinnemanuel.com)
5     Timothy L. Alger (Bar No. 160303)
      (timalger@quinnemanuel.com)
6   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
7   Telephone:  (213) 443-3000
    Facsimile:  (213) 443-3100

8   Attorneys for Plaintiff
    Mattel, Inc.
9

10            UNITED STATES DISTRICT COURT
11            CENTRAL DISTRICT OF CALIFORNIA
12                  EASTERN DIVISION

13  CARTER BRYANT, an individual,      CASE NO. CV 04-9049 SGL (RNBx)
14                                     Consolidated with
            Plaintiff,                 Case No. CV 04-09059
15                                     Case No. CV 05-02727
         vs.
16                                     Honorable Stephen G. Larson
    MATTEL, INC., a Delaware
17  corporation,                       MATTEL'S MEMORANDUM
                                       REGARDING TRIAL STRUCTURE
18          Defendant.
                                       Date:  TBA
19                                     Time:  TBA
    AND CONSOLIDATED ACTIONS           Place: TBA
20

21                                     Phase 1
                                       Discovery Cut-Off:   October 22, 2007
22                                     Pre-Trial Conference: January 14, 2008
                                       Trial Date:          February 12, 2008
23
                                       Phase 2
24                                     Discovery Cut-Off:   March 3, 2008
                                       Pre-Trial Conference: June 2, 2008
25                                     Trial Date:          July 1, 2008

26
                                       EXHIBIT __2__ PAGE __8__
27
28
                                       C6/20/07

07209/2147647.5

                    MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

CONFORMED COPY

1    At the June 11, 2007, hearing, the Court was clear that it was not

2 inclined to change its existing order regarding the phasing of the trial. This would

3 leave the original Mattel v. Carter Bryant complaint as Phase One and MGA's unfair

4 competition claims, along with Mattel's amended claims, in Phase Two. Mattel has

5 previously apprised the Court of the reasons it believes this structure is not optimal,

6 including the following:

7

8    •    The Court has stated its intention to resolve "Bratz ownership" issues in

9         Phase One; however, Bratz ownership was not as squarely addressed in

10        the original complaint as it is in the claims now structured as

11        counterclaims (which were drafted with the benefit of discovery).

12        Indeed, while encompassed by the original complaint's allegations,

13        "Bratz" is nowhere explicitly named in the original complaint.

14   •    The present structure would have almost entirely overlapping claims

15        arising out of Bryant's conduct while employed by Mattel in both

16        phases of the trial: a claim for breach for fiduciary duty against Bryant

17        in both phases, a claim for breach of contract against Bryant in both

18        phases, etc. In addition, all the associated aiding and abetting claims

19        (e.g., aiding and abetting breach of fiduciary duty, etc.) would be in

20        Phase Two. This will require adducing the same evidence and

21        producing the same witnesses twice. Defendants agree with Mattel that

22        this would be inefficient.

23   •    MGA intervened in the action on the original complaint and

24        accordingly presumably expects to be permitted to fully participate in

25        opening statements, examination of witnesses and closing arguments in

26        Phase One, even though none of the claims against it will be explicitly

27        tried in Phase One. In other words, Mattel will be required to contend

28        with MGA in Phase One, but will not be able to assert pending claims

EXHIBIT   2   PAGE   9   -1-   MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

1    it has against MGA arising from the very same Bryant/MGA conduct

2    that is the subject of Phase One.

3    If the Court is inclined to reconsider, Mattel respectfully submits that

4    the most satisfactory way to divide the claims is between (1) claims arising out of

5    Bryant's activities while employed by Mattel (in Phase One) and (2) all other claims

6    (in Phase Two). This is what Mattel had proposed in its motion, heard June 11,

7    2007, ruling on which was deferred because of the proposal that MGA and Bryant

8    put forward at the hearing.

9    If the Court is not disposed to the proposal set forth in Mattel's motion,

10   Mattel offers the following two alternatives. One is a modification of defendants'

11   proposal submitted to the Court on June 11. The other -- Mattel respectfully

12   submits -- is the minimum modification necessary to the existing order to

13   accomplish the Court's stated objective of resolving "Bratz ownership" issues in

14   Phase One.

15

16   Modification of Defendants' Proposal

17   Defendants' proposal is the same as what Mattel had proposed in its

18   motion, with two differences. Defendants' proposal, like Mattel's, recognizes that

19   Mattel's amended claims arising out of Bryant's activities while employed by Mattel

20   overlap substantially with--or indeed are merely restatements of--Mattel's claims in

21   the original complaint. Like Mattel, defendants propose that all these claims be

22   tried together in Phase One.[1]

23   The two differences between Mattel's proposal and defendants' is that

24   defendants propose to try the copyright infringement claims and damages issues in

25   Phase One. This represents a reversal in position on defendants' part. Defendants

26   had previously argued that it was not practical to try all copyright infringement

27   [1] Defendants' proposal is set forth in the Powerpoint slide they presented at the

28   June 11 hearing.

EXHIBIT ___2___ PAGE ___10___

07209/2347647.5

1  claims in Phase One because doing so would require individually assessing

2  infringement issues with respect to over 200 products.  As MGA stated in its last

3  brief on the subject:

>    Mattel's Phase Two copyright infringement claims against
>    MGA, MGA Hong Kong, Isaac Larian and Bryant
>    (Counterclaim 1) relate to *hundreds* of products that MGA
>    created and released between 2001 and 2007, long *after*
>    Bryant left Mattel. Trial of those claims will require a jury
>    to analyze each product to determine whether it is even a
>    derivative work of Bryant's original drawings.  Those
>    issues are entirely separate and distinct from the narrow
>    issue of whether Bryant or Mattel own [sic] Bryant's
>    original drawings.[2]

14  Mattel agrees that deferring resolution of copyright issues may avoid this

15  burdensome assessment of 200 products.  If the issue of ownership of Bratz works

16  created by Bryant while he was employed at Mattel is resolved against Mattel, then

17  it will likely never be necessary to get into the copyright infringement issues.

18      Defendants had likewise previously urged that damages issues should

19  not be tried in Phase One.  This is because, as MGA argued, "[t]here are countless

20  'Bratz' products, as well as dozens of different themes used to market the 'Bratz'

21  dolls, each of which would need to be individually analyzed in order to calculate the

22  profits attributable to each and to apportion damages appropriately."[3]  Mattel

23  submits that defendants' stated concern is legitimate, and applies both to Mattel's

24  copyright infringement claim and the state law claims that are already in Phase One.

25  That is because Mattel's claim for breach of fiduciary duty, for example, permits

26

27  [2]  See MGA's Opposition to Mattel's Motion to Try All Claims Related to Bratz Ownership in Phase One at 3:12-19 (italics in original).

28  [3]  Id. at 8:8-11 (addressing copyright claim).

EXHIBIT __2__ PAGE __11__

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

1  disgorgement of profits as a remedy. See, e.g., Harris Trust and Sav. Bank v.

2  Salomon Smith Barney, Inc., 530 U.S. 238, 250-251 (2000) (when legal title to

3  property passes to another through breach of fiduciary duty, the victim may seek a

4  disgorgement of any profits derived therefrom); Parke v. First Reliance Standard

5  Life Ins. Co., 368 F.3d 999, 1008 (8th Cir. 2004) ("a defendant who owes a

6  fiduciary duty to a plaintiff may be forced to disgorge any profits made by breaching

7  that duty"). A state law disgorgement of profits analysis may substantially overlap

8  in proof with copyright infringement damages. For both, proof of damages will

9  likely involve individual assessment of numerous derivative works. Ownership can

10 be addressed and resolved without wading into this minutia.

11        Accordingly, Mattel proposes that defendants' current proposal be

12 adopted by the Court with the modification that copyright infringement and

13 damages issues be bifurcated within Phase One, consistent with defendants' original

14 position. In other words, Phase One would address all claims arising out of Bryant's

15 conduct while he was employed by Mattel, but copyright infringement and damages

16 issues would be bifurcated and reached only if there were findings against

17 defendants in the first part of the Phase One trial. Phase Two would address claims

18 arising from the acts of unfair competition asserted by MGA against Mattel and

19 trade secret theft asserted by Mattel against MGA, occurring after, and unrelated to,

20 Bryant's employment with Mattel.

21

22 Minimum Modification

23        In the alternative, Mattel respectfully submits that to resolve "Bratz

24 ownership" issues in Phase One the Court should, at a minimum, make two

25 modifications. First, it should import into Phase One Mattel's declaratory relief

26 claim relating to Bratz ownership. In the original complaint, there is no explicit

27 reference to Bratz and ownership of Bratz. Although the facts alleged in the original

28 complaint encompass those relating to Bratz ownership, that issue is specifically

EXHIBIT  2  PAGE  12  4

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

07209211476475

1 | addressed only in the amended claims.  Mattel has a declaratory relief claim

2 | squarely addressing ownership of Bratz.  That claim presently appears as a

3 | counterclaim in Phase Two.  It belongs in Phase One, insofar as it relates to

4 | ownership of the Bratz works created by Bryant while employed by Mattel.

5 |       Second, damages should be moved to Phase Two.  If Mattel introduces

6 | evidence in Phase One of defendants' profits and obtains a damage award on its state

7 | law claims against Bryant, defendants may argue that the first jury's award of

8 | disgorgement precludes Mattel from seeking any separate award for copyright

9 | infringement damages in Phase Two under some claim splitting theory because both

10 | sets of claims permit awards of defendants' ill-gotten profits and gains.  The parties

11 | agree that state law and copyright damages issues substantially overlap.  All

12 | damages issues should be dealt with in one proceeding.  If any of these damages

13 | issues are to be tried in Phase Two, all should be tried in Phase Two.

14 |       At the June 11, 2007 hearing, Bryant argued that his right to trial by

15 | jury precludes the Court from trying liability and damages to separate juries.  That is

16 | simply incorrect.  See Arthur Young & Co. v. U. S. Dist. Court, 549 F.2d 686, 692-

17 | 693 (9th Cir. 1977) (holding that liability and damages may be tried to separate

18 | juries); Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc., 2001 WL 501354,

19 | at *3 (C.D. Cal. 2001) (holding that the plaintiff "is not entitled to a unitary jury,"

20 | and that "even if a second jury were to be empaneled, [plaintiff's] Seventh

21 | Amendment rights would not be implicated"); Butler v. Home Depot, Inc., 1996 WL

22 | 421436, at *6 (N.D. Cal. 1996) (rejecting defendant's argument "that bifurcation of

23 | liability and damages would violate its Seventh Amendment right to a fair trial,

24 | because different juries would be deciding essentially the same issues," and holding

25 | that "[a]s evidenced by the numerous cases across the country that have addressed

26 | this issue, the Seventh Amendment does not mandate that all phases of the litigation

27 | be heard by the same jury"); see also 9 Fed. Practice & Procedure § 2391 ("Is there a

28 |

EXHIBIT __2__  PAGE __13__

07209201476475

-5-

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

1   violation of the constitutional provision if issues are submitted independently to

2   separate juries?  The answer rather clearly must be in the negative.").

3          The Seventh Amendment does not preclude the Court from trying

4   liability and damages issues to separate juries.[4]

5

6   DATED:  June 20, 2007          QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
7

8                                  By  John Quinn  D.S.
9                                     John B. Quinn
                                      Attorneys for Plaintiff
10                                    Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   [4]   Charts of Mattel's proposals, listing the claims that would be tried in each

28   Phase, are included in the Appendix that follows.

EXHIBIT  2  PAGE  14

-6-

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

07209/2147647.5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Appendix

## CURRENT STRUCTURE

| Phase 1 Trial | Phase 2 Trial |
|---|---|
| • Breach of Contract against Bryant (MC 1)[§] | • Copyright Infringement (AC 1) |
| • Breach of Fiduciary Duty against Bryant (MC 2) | • RICO (AC 2) |
| • Breach of Duty of Loyalty against Bryant (MC 3) | • Conspiracy to Violate RICO (AC 3) |
| • Unjust Enrichment against Bryant (MC 4) | • Misappropriation of Trade Secrets (AC 4) |
| • Conversion against Bryant (MC 5) | • Breach of Contract (AC 5) |
| | • Intentional Interference with Contract (AC 6) |
| | • Breach of Fiduciary Duty (AC 7) |
| | • Aiding and Abetting Breach of Fiduciary Duty (AC 8) |
| | • Breach of Duty of Loyalty (AC 9) |
| | • Aiding and Abetting Breach of Duty of Loyalty (AC 10) |
| | • Conversion (AC 11) |
| | • Unfair Competition (AC 12) |
| | • Declaratory Relief (AC 13) |
| | • False Designation of Origin (UC 1) |
| | • Unfair Competition (UC 2) |
| | • Dilution (UC 3) |
| | • Unjust Enrichment (UC 4) |

[§] MC = Mattel's Claims in *Mattel v. Bryant*
AC = Mattel's Counterclaims in *MGA v. Mattel*
UC = MGA's Claims in *MGA v. Mattel*

EXHIBIT __2__ PAGE __15__

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

07209/2147647.5

## MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL

| Phase 1(a) Trial | Phase 1(b) Trial | Phase 2 Trial |
|---|---|---|
| • Breach of Contract against Bryant (MC 1, AC 5) (liability only) | • Copyright Infringement (AC 1) | • False Designation of Origin (UC 1) |
| • Breach of Fiduciary Duty against Bryant (MC 2, AC 7) (liability only) | • Damages (re: all Phase 1 claims) | • Unfair Competition (UC 2) |
| • Breach of Duty of Loyalty against Bryant (MC 3, AC 9) (liability only) | | • Dilution (UC 3) |
| • Unjust Enrichment against Bryant (MC 4) (liability only) | | • Unjust Enrichment (UC 4) |
| • Conversion against Bryant (MC 5; AC 11) (liability only) | | • RICO (AC 2) |
| • Conversion against MGA and Larian (re: Bratz; AC 11) (liability only) | | • Conspiracy to Violate Rico (AC 3) |
| • Intentional Interference with Contract (re: Bryant; AC 6) (liability only) | | • Misappropriation of Trade Secrets (AC 4) |
| • Aiding and Abetting Breach of Fiduciary Duty (re: Bryant; AC 8) (liability only) | | • Intentional Interference with Contract (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 6) |
| • Aiding and Abetting Breach of Duty of Loyalty (re: Bryant; AC 10) (liability only) | | • Breach of Fiduciary Duty (re: Machado; AC 7) |
| | | • Aiding and Abetting Breach of Fiduciary Duty (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 8) |
| | | • Breach of Duty of Loyalty (re: Machado; AC 9) |
| | | • Aiding and Abetting Breach of |

EXHIBIT  2  PAGE  16

07209/2471647.5

| Phase 1(a) Trial | Phase 1(b) Trial | Phase 2 Trial |
|---|---|---|
| • Unfair Competition (re: bribery of Bryant; AC 12) (liability only)) <br><br> • Declaratory Relief (re: ownership of original Bratz works allegedly created by Bryant while employed by Mattel; AC 13) | | Duty of Loyalty (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 10) <br><br> • Conversion (non-Bratz; AC 11) <br><br> • Unfair Competition (except bribery of Bryant) (AC 12) <br><br> • Damages (re: all Phase Two claims) |

EXHIBIT __2__ PAGE __17__

-9-

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

## MATTEL'S SUGGESTED MINIMUM MODIFICATION

| Phase 1 Trial | Phase 2 Trial |
|---|---|
| • Breach of Contract against Bryant (MC 1) (liability only) | • Copyright Infringement (AC 1) |
| • Breach of Fiduciary Duty against Bryant (MC 2) (liability only) | • RICO (AC 2) |
| | • Conspiracy to Violate RICO (AC 3) |
| • Breach of Duty of Loyalty against Bryant (MC 3) (liability only) | • Misappropriation of Trade Secrets (AC 4) |
| | • Breach of Contract (AC 5) |
| • Unjust Enrichment against Bryant (MC 4) (liability only) | • Intentional Interference with Contract (AC 6) |
| • Conversion against Bryant (MC 5) (liability only) | • Breach of Fiduciary Duty (AC 7) |
| • Declaratory Relief (re: ownership of original Bratz works allegedly created by Bryant while employed by Mattel; AC 13) | • Aiding and Abetting Breach of Fiduciary Duty (AC 8) |
| | • Breach of Duty of Loyalty (AC 9) |
| | • Aiding and Abetting Breach of Duty of Loyalty (AC 10) |
| | • Conversion (AC 11) |
| | • Unfair Competition (AC 12) |
| | • Declaratory Relief (except ownership of original Bratz works allegedly created by Bryant while employed by Mattel; AC 13) |
| | • False Designation of Origin (UC 1) |
| | • Unfair Competition (UC 2) |
| | • Dilution (UC 3) |
| | • Unjust Enrichment (UC 4) |
| | • Damages (re: Phase One and Phase Two claims) |

EXHIBIT __2__ PAGE __18__

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

07209/2147647.5

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On June 20, 2007, I served true copies of the following document(s) described as **MATTEL'S MEMORANDUM REGARDING TRIAL STRUCTURE** on the parties in this action as follows:

Diana M. Torres
O'Melveny & Myers, LLP
400 S Hope Street
Los Angeles, CA 90071
Personal Service

Patricia Glaser, Esq.
Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA  90067
Personal Service

John W. Keker, Esq.
Michael H. Page, Esq.
Christa M. Anderson, Esq.
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
FedEx

**BY FEDEX:**  I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 20, 2007, at Los Angeles, California.

Wanda Taylor

Dave Quintana, Now Messenger

EXHIBIT ___2___ PAGE __19__

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES – GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                          Date: February 4, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS
=======================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

|  |  |
|---|---|
| Jim Holmes | Theresa Lanza |
| Courtroom Deputy Clerk | Court Reporter |

**ATTORNEYS PRESENT FOR CARTER BRYANT:**

Michael Page

**ATTORNEYS PRESENT FOR MGA:**

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

**ATTORNEYS PRESENT FOR THIRD-PARTY WITNESSES**

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo

Alexander H. Cote

**ATTORNEYS PRESENT FOR MATTEL:**

John Quinn
Jon D. Corey

**ATTORNEY PRESENT FOR CARLOS GUSTAVO MACHADO GOMEZ:**

MINUTES FORM 90                                          Initials of Deputy Clerk __jh__
CIVIL – GEN                          1                   Time: 1/45

EXHIBIT __3__ PAGE __20__

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods

1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.

1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing

1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow

1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items

1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel

ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

EX PARTE APPLICATIONS REGARDING DEPOSITIONS
(DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE

These applications are DENIED IN PART, subject to the following rulings:

(1)   The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)   The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

MINUTES FORM 90
CIVIL – GEN

2

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT ___3___ PAGE __21__

McFarland, who represents certain third-party witnesses. Mattel submits that Mr. McFarland has been deliberately evading service of a notice of deposition on him and his clients – serious allegations when made by an officer of the Court against another officer of the Court. Accordingly, Mr. McFarland is **ORDERED TO SHOW CAUSE** why he and his clients should not be ordered to appear for deposition. A written response to this OSC must be filed no later than February 11, 2008. Other parties may file written replies no later than February 19, 2008. The Court will hear the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-referenced Court.

(3)   Phase 1 depositions that have been scheduled past the discovery deadline for the convenience of the witnesses or pursuant to the stipulation of the parties and/or witnesses may proceed as scheduled.

(4)   All discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)   As previously ordered and reaffirmed by this Court, all discovery matters shall be presented in the first instance to the Discovery Master. The fact that the Discovery Master's ruling might impact upon the Court's scheduling order does not relieve the parties of following this procedure. For instance, motions to compel, motions to quash, or motions challenging service as to existing discovery requests shall be brought before the Discovery Master. So, too, must objections based on burdensomeness, relevancy, or privilege. In general, and on the matters touched upon herein, the Court expresses no opinion as to these issues, and instead leaves those issues to the Discovery Master to decide in the first instance.

(6)   To the extent that certain challenged depositions are within the scope of the Court's January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and Phase 2), said deposition may proceed subject to the challenges set forth in the previous paragraph. To the extent that the depositions are related to Phase 2, they are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)   The parties' arguments require the Court to resolve an internal inconsistency in the Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08 Order as follows:

> Delete: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO

EXHIBIT _____3_____ PAGE __22__

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)    The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)    At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

### MACHADO GOMEZ'S EX PARTE APPLICATION RE JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

### MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

### MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

EXHIBIT ___3___ PAGE __23__

arrangements for inspection in both Hong Kong and the PRC.   Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports.  Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART.  The Court sets the motion for hearing on February 11, 2008.  Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008.  The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

**IT IS SO ORDERED.**

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT ___3___ PAGE _24_

## NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)   **Case Title**  Carter Bryant v. Mattel, Inc.

**Title of Document**   Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgnt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| ✓ | US Marshal Service - Los Angeles (USMLA) |
| ✓ | US Marshal Service - Riverside (USMED) |
| ✓ | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

**✓   *ADD NEW NOTICE PARTY***
***(If sending by fax, mailing address must also be provided)***

Name: Ambassador Pierre-Richard Prosper

Firm:

Address *(include suite or floor)*: P.O. Box 581103

Salt Lake City, UT  84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

* For CIVIL cases only

***JUDGE / MAGISTRATE JUDGE (list below):***

Initials of Deputy Clerk jh

EXHIBIT   3   PAGE   25

# NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)   **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Stthnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
|---|---|
| | Name: Hon. Edward A. Infante (Ret.) |
| | Firm: |
| | Address (include suite or floor): Two Embarcadero Center, Suite 1500, San Francisco, CA 94111 |
| | *E-mail: |
| | *Fax No.: |

\* For CIVIL cases only

| **JUDGE / MAGISTRATE JUDGE (list below):** |
|---|
| |
| |
| |
| |

Initials of Deputy Clerk  jh

EXHIBIT    3    PAGE    26

# EXHIBIT 4

**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   CV 04-09049 SGL(RNBx) | Date: October 31, 2007 |
| Title:   CARTER BRYANT -v- MATTEL, INC. AND CONSOLIDATED ACTIONS | |

==============================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                                                    Theresa Lanza
Courtroom Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Christa Martine Anderson                           John Quinn
Matthew M. Werdegar                               Jon D. Corey
                                                                Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:          ATTORNEY PRESENT FOR CARLOS
                                                          GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan                                       Alexander H. Cote
Carl A. Roth

PROCEEDINGS:   **ORDER REGARDING STATUS CONFERENCE**

The Court held a status conference to consider the current schedule set for Phase 1 of the consolidated cases as well as the issue of the selection of a settlement officer for both Phase 1 and Phase 2 of the consolidated cases.

For reasons discussed on the record, the Court enters a two-week STAY in these actions, beginning November 1, 2007, and continuing through November 14, 2007. During that time, the parties shall serve no discovery requests (including subpoenas) on parties or third parties. The obligation to respond to any outstanding discovery requests is likewise suspended for that time frame. No depositions shall be conducted during this time. The matters to be heard before Judge Infante, the discovery master herein, are to be rescheduled to a date determined by Judge Infante,

MINUTES FORM 90                                          Initials of Deputy Clerk __jh_____
CIVIL – GEN                            1                  Time: 00/20

EXHIBIT ___4___ PAGE ___27___

provided, however, that such date is no earlier than November 26, 2007, and that no opposition or reply papers may be required to be filed during the pendency of the stay.

The Court CONTINUES the November 19, 2007, hearing on the Motion For Leave to Serve A Supplemental Interrogatory to December 3, 2007, at 10:00 a.m.

The current schedule regarding Phase 1 of the trial in these consolidated actions is modified as follows:

| | |
|---|---|
| Fact discovery cutoff: | 01/28/08 |
| Initial Expert Reports: | 02/11/08 |
| Rebuttal Expert Reports: | 03/17/08 |
| Last date for settlement conference: | VACATED (see below for Court's directive regarding mandatory settlement procedures) |
| Expert discovery cutoff: | 03/31/08 |
| Dispositive Motions hearing cutoff: | 03/31/08 @ 10:00 a.m. |
| Pretrial conference order and associated trial documents including proposed jury instructions: | 04/21/08 |
| Filing of Motions in Limine: | 05/05/08 |
| Pretrial conference: | 05/05/08 @ 11:00 a.m. |
| Hearing on Motions in Limine and Jury Instructions: | 05/19/08 @ 11:00 a.m. |
| Trial: | 05/27/08 @ 9:00 a.m. |

The schedule for Phase 2, previously set by the Court by Order filed February 22, 2007, in the case captioned MGA Entertainment, Inc. v. Mattel, Inc., et al., CV 05-02727, is VACATED. The Court will consider the scheduling of Phase 2 at a later date. However, the Court DENIES MGA's request to delay or otherwise bifurcate discovery regarding Phase 2 issues.

At the status conference, the parties acknowledged on the record their mutual agreement to the selection of Ambassador Pierre-Richard Prosper as the settlement officer for these

MINUTES FORM 90
CIVIL – GEN                                    2

Initials of Deputy Clerk __jh_____
Time: 00/20

EXHIBIT ___4___ PAGE _28_

consolidated cases, and the Court hereby APPOINTS him in that capacity.  Counsel are directed to contact Ambassador Prosper to schedule a settlement conference on or before December 1, 2007. The settlement conference is to be directed towards resolution of both phases of this litigation. Counsel are ORDERED to carefully and diligently follow Ambassador Prosper's directions concerning preparation for and conduct at any settlement conferences.  The parties will be jointly responsible for paying the Ambassador's reasonable and customary rate for services rendered.  A failure to comply with this order, or a failure to provide reasonable compensation to the Settlement Officer upon completion of the mediation, may result in the imposition of appropriate sanctions. Ambassador Prosper is directed to provide a status report to the Court following the conclusion of the settlement efforts.

IT IS SO ORDERED.

c:     Judge Infante
       Ambassador Prosper

EXHIBIT ___4___ PAGE __29__

## NOTICE PARTY SERVICE LIST

Case No.  CV 04-09049 SGL(RNBx)    Case Title  Carter Bryant v. Mattel, Inc.

Title of Document  Minute Order Issued October 31, 2007

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

✓  **ADD NEW NOTICE PARTY**
(if sending by fax, mailing address must also be provided)

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (include suite or floor): P.O. Box 581103

Salt Lake City, UT  84158

*E-mail: prprosper@gmail.com

*Fax No.:

* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

Initials of Deputy Clerk  jh

EXHIBIT  4   PAGE  30

# EXHIBIT 5

**[EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

# EXHIBIT 6

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, CA  90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:  tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, California  94111-5974
7  Telephone:  (415) 984-6400
   Facsimile:  (415) 984-2698
8  Email:  rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA
10 ENTERTAINMENT (HK) LIMITED, and MGAE de MEXICO S.R.L. de C.V.

11

12                    UNITED STATES DISTRICT COURT

13                    CENTRAL DISTRICT OF CALIFORNIA

14 CARTER BRYANT, an individual           CASE NO. CV 04-9049 SGL (RNBx)

15                 Plaintiff,             Consolidated with Case No. 04-9059
                                          and Case No. 05-2727
16        v.
                                          **DISCOVERY MATTER**
17 MATTEL, INC., a Delaware
   corporation                            **Discovery Master Hon. Edward A.**
18                                         **Infante (Ret.)**
                   Defendant.
19                                         [~~PROPOSED~~] ORDER REGARDING
                                           MGA AND CARTER BRYANT'S
20                                         JOINT MOTION TO COMPEL THE
                                           DEPOSITION TESTIMONY OF
21                                         ROBERT ECKERT

22                                         Date:    January 3, 2008
                                           Time:    1:30 p.m.
23                                         Place:   JAMS

24 Consolidated with MATTEL, INC. v.       **Phase I:**
   BRYANT and MGA                          Discovery Cut-Off:   January 28, 2008
25 ENTERTAINMENT, INC. v.                  Pre-Trial Conference: May 5, 2008
   MATTEL, INC.                            Trial Date:          May 27, 2008
26

27

28

                              [PROPOSED] ORDER

EXHIBIT __6__  PAGE __34__

MGA and Carter Bryant's Joint Motion to Compel the Deposition Testimony of Robert Eckert came on for hearing before me on January 3, 2008.  The matter having been fully briefed and argued, and good cause appearing, IT IS HEREBY ORDERED THAT:

1.  Mattel shall produce Mr. Eckert for deposition for 3-1/2 hours by January 28, 2008.

2.  The deposition is not limited as to subject matter.  Anything that is relevant to the subject matter of the litigation is an appropriate subject of inquiry.

3.  This ruling is without prejudice to MGA's and/or Bryant's right to seek additional time for deposition with Mr. Eckert upon a showing of good cause.

IT IS SO ORDERED.

DATED: 1-9 , 2008

_(Hon. Edward A. Infante (Ret.)_
Discovery Master

1
[PROPOSED] ORDER

EXHIBIT __6__ PAGE __35__

# EXHIBIT 7

**[EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

# EXHIBIT 8

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
5   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6   Facsimile: (213) 443-3100

7   Attorneys for Mattel, Inc.

8                     UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                          EASTERN DIVISION

11  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

12              Plaintiff,               Consolidated with
                                         Case No. CV 04-09059
13        vs.                            Case No. CV 05-02727

14  MATTEL, INC., a Delaware             DISCOVERY MATTER
    corporation,
15                                       [To Be Heard By Discovery Master
                Defendant.               Hon. Edward Infante (Ret.) Pursuant To
16                                       The Court's Order Of December 6, 2006]

17  AND CONSOLIDATED ACTIONS             REPLY IN SUPPORT OF MATTEL,
                                         INC.'S MOTION TO COMPEL
18                                       PRODUCTION OF DOCUMENTS BY
                                         ISAAC LARIAN AND FOR AWARD OF
19                                       MONETARY SANCTIONS

20                                       Hearing Date:    TBD
                                         Time:            TBD
21                                       Place:           TBD

22                                       Phase 1
                                         Discovery Cut-off:    January 28, 2008
23                                       Pre-trial Conference: May 5, 2008
                                         Trial Date:           May 27, 2008

24

25

26

27

28

07209/2337591.1

                                12-28

                    MATTEL, INC.'S REPLY ISO MOTION TO COMPEL LARIAN

EXHIBIT ___8___ PAGE __41__

## Preliminary Statement

Contrary to his suggestions, to date Isaac Larian has not produced a single page of documents in this case. His Opposition does not dispute that he promised to produce documents by October 24, 2007, but then reneged—he now states the documents he chooses to produce will be produced "in due course." Nor does Larian dispute that Mattel is substantively entitled to the documents at issue here.

Instead of addressing these facts, the Opposition goes to great lengths to obscure them. It states that the parties have a disagreement presently before the Discovery Master regarding the extent of Larian's duty to produce documents, and it was on this purported basis that he did not produce documents by October 24, 2007. But in making this claim, Larian ignores that this issue was one he first preserved in December, well after the deadline for production had passed. Larian also urges that compliance with his earlier promises would require multiple productions, as if he did not realize this when he first made his promises, as if rolling productions were not the standard in this case, and as if he were entitled to withhold all of his documents—including obviously discoverable ones—because he quarrels over producing some. Even more unpersuasively, he states that his prior promises to produce were never binding at all and then, in the next breath, chastises Mattel for not further meeting and conferring to obtain more promises Larian had no intention of keeping.

All of these contradictory arguments are irrelevant. Larian does not dispute the relevance of the documents sought by the Requests at issue here. To the contrary, in his binding, written supplemental responses *he agreed* to produce them, although with improper limitations that should be rejected (and which further underscore the necessity of this motion). Even Larian has recognized, and still does not deny, that these documents are plainly discoverable. Mattel's motion should be

EXHIBIT __8__ PAGE __42__

1 | granted, and Larian should be given a prompt date by which to comply in order to
2 | put an end to his delays and games.

## Argument

**I.  LARIAN'S REPLY DOES NOT DISPUTE THE PROPRIETY OF THE DISCOVERY REQUESTS AT ISSUE HERE**

There is no dispute that Mattel is entitled to the documents at issue in this motion.  The requests all seek discoverable information that clearly goes to Mattel's claims and defenses in this lawsuit, including information that the Court has already found to be relevant and discoverable in previous Orders.  Indeed, Larian's written supplemental responses stated he _would produce_ all responsive documents in response to the Requests that are the subject of this motion, albeit with standard, boilerplate language that he would be doing so "subject to" his myriad objections.[1] Larian's Opposition does not contest this point.

Larian also does not dispute that he has _not_ produced documents responsive to these Requests.  The closest he comes to addressing this fact is his assertion that _MGA_ made a production of 40,000 pages on October 12, 2007, which purportedly contained many of the same documents Larian would have produced.  As a preliminary matter, this is erroneous.  Mattel has no record of receiving any production from MGA _or_ Larian on that date, nor of receiving a production of approximately 40,000 pages on any date nearby.[2] It is also irrelevant.  _MGA's_ purported production of documents does not excuse Larian's non-production of documents he promised he would produce.  In fact, as Larian's counsel's declaration in support of his Opposition itself makes clear, there are documents created and

---

[1]  Marsh Dec., Exh. H.
[2]  Declaration of Stephen Hauss, filed concurrently, at ¶ 3.

EXHIBIT ___8___ PAGE ___43___

1    maintained by Isaac Larian that were not taken from MGA's offices, and which have
2    not yet been produced.[3]  It is these documents, among others, that Mattel seeks, and
3    which are at issue here.  It is these documents that should have been gathered and
4    reviewed long ago.  Yet, according to Larian, Mattel and the Court should simply
5    accept his representations that now, months after his promised documents were due,
6    his lawyers "are currently reviewing all collected documents as well as additionally
7    identified documents for potential responsiveness and production in due course,"
8    and that "[o]nce this production occurs, it is believed that Mr. Larian's production
9    with respect to the undisputed document requests will be complete."  (Opposition at
10   7-8.)  Mr. Larian should not be permitted to continue to string Mattel along.  His
11   overdue documents should be ordered produced by a date certain in the near term.
12
13   **II.    LARIAN'S OTHER ARGUMENTS ARE UNAVAILING**
14             Rather than addressing the relevant facts, Larian raises a series of
15   irrelevant and groundless arguments.  As discussed below, none of them warrants
16   denial of Mattel's Motion.
17         A.    **Larian's Arguments Regarding Production of Documents From**
18                **His "Personal Files" Do Not Avoid the Necessity of a Court Order**
19             Larian principally argues that he should not be compelled to produce
20   documents pursuant to these Requests because an issue with this production is
21   currently briefed before the Discovery Master.  That is irrelevant here.
22             As a preliminary matter, Larian cannot claim that the reason he did not
23   produce documents by October 24th was because of any issue raised before the
24   Discovery Master.  The issue he points to—Larian's intention to only produce
25   documents in his so-called, and self-defined, "personal files"—was first argued by
26
27   _____
28   [3]   Marsh Dec., ¶ 25.

EXHIBIT __8__ PAGE __44__

1  Larian in an Opposition filed on December 5, 2007, long after the October 24, 2007

2  had passed.

3  More importantly, however, Mattel has never argued that Larian should

4  produce all documents that are in the possession of MGA as part of his own

5  production. Indeed, Mattel has no more desire to receive another 3 million pages of

6  irrelevant documents than Larian does to produce them. That is not the issue.

7  Instead, the issue is whether Larian should be allowed to produce only documents

8  from his "personal files." The two points are quite different and, as discussed in the

9  motion under submission, such a limitation cannot stand.

10  Indeed, permitting such a limitation would create a situation where

11  responsive and highly relevant documents might never be produced through a shell

12  game, with MGA, on the one hand, deeming the document to belong to Larian, and

13  Larian, on the other hand, deeming the document not to be part of his "personal

14  files." The potential for abuse is significant, particularly with defendants such as

15  these who have refused, time and again, to produce discovery without Court Orders

16  compelling them to do so in unequivocal terms (and which, even after being

17  compelled, frequently still refuse to comply). The declaration submitted in support

18  of Larian's Opposition supports Mattel's concern on this distinction. It notes that

19  counsel has gathered documents created and maintained by Isaac Larian that were

20  not taken from MGA's offices, and which have not yet been produced.[4] Yet, it is not

21  clear whether such documents would be considered by Larian to be part of his

22  "personal files" in the first place. Moreover, and as Mattel has discussed elsewhere,

23  for some categories of documents the mere fact of possession by Isaac Larian is

24  significant.[5]

25

26  _____

27  [4]  Marsh Dec., ¶ 25.
   [5]  Elsewhere in his brief, Larian himself argues that he cannot be bound by

28  MGA's actions in this case, as they are separate parties. (Opposition at 7 n.4.) This,
   (footnote continued)

EXHIBIT ___8___ PAGE __45__

1         To prevent undue burden on either party, Mattel does not want

2 duplicate copies of documents already produced by MGA, unless they are also in

3 Isaac Larian's "personal files." However, such a limitation should not be used to

4 prevent production of documents that have not been, but should be, produced. Thus,

5 at the very least, Larian should be ordered to produce (1) all responsive, non-

6 privileged documents in his "personal files," and (2) all other responsive documents

7 which have not been produced to Mattel by MGA. The Court should not give

8 Defendants license to withhold key documents in their entirety, which is what

9 Larian effectively seeks here.

10         In any case, whatever the Discovery Master rules on this issue in the

11 motion under submission, such a ruling can be made concurrently or before ruling

12 on this motion. Mattel should not be required to bring another motion raising

13 exactly the arguments raised here in order to compel the long delayed production of

14 promised documents—documents which Larian promised to produce by October 24,

15 2007, but still never has.

16     **B.**    **Larian's Claim That He Is Not Bound By His Agreements Is**

17         **Frivolous**

18         Perhaps most groundless of Larian's arguments is that he should not be

19 compelled to produce documents because he is not bound by his counsel's written

20 promises to produce the documents by October 24th. Whether he was bound by

21 those promises or not is irrelevant. Mattel is not moving to compel production of

22 Larian's documents by the agreed upon date of October 24th. That deadline came

23 and went long ago; Larian already has broken his word on that. Nor is Mattel

24 moving to enforce Larian's counsel's email.

25

26 _____

27 of course, only serves to highlight the error and inconsistency in Larian's argument

28 that MGA's production of documents (itself deficient) exonerates his obligations.

-5-

EXHIBIT __8__ PAGE __46__

1    Rather, Mattel is asking the Court to compel production precisely

2  because Mattel cannot rely on Larian's written promises to produce.  That point

3  could not be made more clear than by the fact that Larian now attempts to slough off

4  his promises.  He states that, if Mattel believed Larian's counsel actually meant what

5  they said, Mattel should have created a stipulation to that effect.  Apparently,

6  Larian's counsel does not believe that a meet and confer can reach an amicable

7  conclusion without the parties signing a stipulation saying so and presenting it to the

8  Court.  The Court should reject Larian's suggestion that Mattel should be punished

9  for accepting his counsel's word that he would produce documents.

10    While Larian's willingness to disregard his promises is certainly

11  telling—and itself shows why an Order compelling his prompt production of

12  documents is needed—his argument is legally unavailing.  Larian does not dispute

13  that the information Mattel seeks is relevant and discoverable.  Nor could he.

14  Precisely because it is all discoverable, Larian's counsel promised in writing to

15  provide these documents.  And, precisely because it is all discoverable, Larian's

16  supplemental responses confirmed he would produce all responsive documents

17  albeit "subject to" his objections, which should now be overruled.  In light of these

18  supplemental responses, Larian cannot now refuse on a wholesale basis to produce

19  his documents.  E.g., Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468,

20  1473 (9th Cir. 1992) (finding party had waived objections it failed to raise in written

21  discovery responses).

22  C.   **Mattel More Than Adequately Met and Conferred Before Filing**

23     **This Motion**

24    Finally, Larian claims that Mattel did not adequately meet and confer

25  before filing this motion, and takes it to task for filing it the same day it received a

26  non-response from Larian.  Yet the meet and confer on these issues was concluded

27  long ago, when Mattel reached an agreement with Larian that he would produce

28  responsive documents by October 24th.  Larian broke that promise.  When Mattel

EXHIBIT __8__ PAGE __47__

1  asked yet again, as a courtesy, if he had some new date by which he intended to
2  comply, his new counsel refused to provide one. His counsel's assertion that he is
3  not bound by any agreements reached during a meet and confer bely Larian's claim
4  that Mattel should have met and conferred still further. Larian had no intention of
5  providing a date by which he would comply, and still has not done so even now.
6  Mattel's only option was to file the instant motion.

7

8  **III.   LARIAN SHOULD BE SANCTIONED**

9        Sanctions are called for here. Larian's refusal to produce the
10  documents at issue here was completely unjustified in the first place. Only after
11  Mattel had prepared and was about to file a motion to compel did Larian promise to
12  produce responsive documents to stave off a motion.  Now, Larian's counsel has
13  renounced that promise as non-binding, making clear that Larian never intended to
14  produce the documents and only intended to delay.  In the meantime, several
15  additional months have gone by and Mattel still sits without a single page of
16  responsive documents from Larian.

17        Larian and his counsel should be sanctioned for the fees Mattel has
18  been forced to incur in connection with this motion. Mattel therefore requests that
19  Larian and his counsel be ordered to pay $4,500 as partial reimbursement for such
20  fees.

21

22

23

24

25

26

27

28

EXHIBIT ___8___ PAGE __48__

<u>**Conclusion**</u>

For the foregoing reasons, Mattel's motion to compel should be granted in its entirety and monetary sanctions should be awarded against Larian in the amount of $4,500.

DATED:  December 28, 2007      QUINN EMANUEL URQUHART OLIVER &
                               HEDGES, LLP


                               By  /s/ B. Dylan Proctor
                                   B. Dylan Proctor
                                   Attorneys for Mattel, Inc.

EXHIBIT ___8___ PAGE __49__

# EXHIBIT 9

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                     EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13           Plaintiff, | Consolidated with |
| 14     vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| 16           Defendant. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
| 17 | |
| 18  AND CONSOLIDATED ACTIONS | MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL |
| 19 | PRODUCTION OF DOCUMENTS BY ISAAC LARIAN AND FOR AWARD OF |
| 20 | MONETARY SANCTIONS; |
| 21 | AND MEMORANDUM OF POINTS AND AUTHORITIES |
| 22 | |
| 23 | [Declaration of Scott B. Kidman filed concurrently herewith] |
| 24 | Hearing Date:        TBD |
| 25 | Time:                TBD<br>Place:               TBD |
| 26 | **Phase 1** |
| 27 | Discovery Cut-off:    January 28, 2008<br>Pre-trial Conference:  April 21, 2008 |
| 28 | Trial Date:           May 27, 2008 |

EXHIBIT _9_ PAGE _50_

07209/2327244.1

12-17

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that at a telephonic conference before

3   Discovery Master Hon. Edward Infante (Ret.) that will occur on a date and at a time

4   to be determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby

5   does, move the Court:

6          (1)    to compel Isaac Larian to produce documents responsive to

7   Mattel, Inc.'s First Set of Requests for Documents and Things including, without

8   limitation, Request Nos. 3-12, 16-31, 34, 36-40, 42-60, 77-78, 102-112, 116-122,

9   126-138, 147-177, 179, 182-189, 193, 200-206, 210-212, 214-220, 226, 229-268,

10  270, 271 and 276 and a privilege log identifying all documents withheld based on

11  any claimed privilege; and

12         (2)    for an award of sanctions against Larian in the amount of $4,500,

13  which represents a portion of the costs incurred by Mattel in bringing this Motion.

14         This Motion is made pursuant to Federal Rules of Civil Procedure 34

15  and 37 on the grounds that Mattel's Requests seek discoverable information, that

16  Larian agreed to produce documents responsive to the above requests by no later

17  than October 24, 2007, and that Larian has improperly failed to produce the

18  documents as promised or even provide a date by which he will do so.

19         This Motion is based on this Notice of Motion and Motion, the

20  accompanying Memorandum of Points and Authorities, the Declaration of Scott B.

21  Kidman filed concurrently herewith, the records and files of this Court, and all other

22  matters of which the Court may take judicial notice.

23

24

25

26

27

28  EXHIBIT 9 PAGE 51

07209/2327244.1

-2-

1

### Statement of Rule 37-1 Compliance

2     The parties met and conferred regarding this motion on September 11,

3  2007 and multiple times thereafter.  Despite Larian's prior promises to produce the

4  documents at issue, he has failed to do so.

5

6  DATED:  December 17, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

7

8                                     By /s/ Scott B. Kidman
9                                        Scott B. Kidman
                                         Attorneys for Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 9 PAGE 52**

07209/2327244 1

# TABLE OF CONTENTS

**Page**

Preliminary Statement ......................................................................................... 1

Background ........................................................................................................... 2

Argument .............................................................................................................. 4

I.    THE COURT SHOULD ORDER LARIAN TO PRODUCE THE DOCUMENTS HE AGREED TO PRODUCE TWO MONTHS AGO .......... 4

II.    LARIAN SHOULD BE SANCTIONED ......................................................... 8

Conclusion ............................................................................................................ 9

EXHIBIT 9 PAGE 53

07209/2327244.1

# TABLE OF AUTHORITIES

**Page**

## Cases

Braley v. Campbell,
  832 F.2d 1504 (10th Cir. 1987).................................................................8

Hyde & Drath v. Baker,
  24 F.3d 1162 (9th Cir. 1994).................................................................7

RTC v. Dabney,
  73 F.3d 262 (10th Cir. 1995).................................................................8

## Statutes

28 U.S.C. § 1927.................................................................7

Fed. R. Civ. P. 37(a)(4).................................................................7

EXHIBIT 9 PAGE 54

07209/2327244.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Isaac Larian is a named defendant in this action, the CEO and majority owner of MGA and a central figure in the conduct that forms the parties' claims and defenses.  Nonetheless, more than five months after being served with a request for production and after a lengthy meet and confer process, Larian had not produced a single document and refused to produce key categories of documents, including documents that the Discovery Master had already found were relevant and discoverable in prior Orders compelling other defendants to produce documents.  In addition, when Larian did not flat out refuse to provide documents in response to a request, he stated only that he would produce "relevant" documents -- a response that the Discovery Master previously found to be wholly improper in a motion to compel MGA to produce documents because it permitted MGA to withhold entire categories of documents it unilaterally deemed to be not "relevant" without giving Mattel the slightest hint as to what those documents might be.

Only after Mattel had prepared and was about to file an omnibus motion to compel did Larian agree to withdraw his limitation to "relevant" documents and agree to produce any documents at all.  Recognizing that he had no legitimate basis to continue to withhold documents, Larian agreed to produce documents in response to the majority of the requests by no later than October 24, 2007.  Nevertheless, almost two months after the documents were to have been produced, Larian has yet to produce a single responsive document or even provide a date by which he will do so.

The discovery cut-off for Phase 1 is approaching.  The MGA parties' strategy of obstruction and delay is interfering with Mattel's ability to complete the discovery it needs within the deadlines set by the Court.  The Court should order

EXHIBIT 9 PAGE 55

-1-

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

1  Larian to produce all responsive, non-privileged documents immediately, along with

2  a log identifying all documents withheld based on a claim of privilege.

3

4  **Background**

5  Mattel's Requests for Production of Documents. On June 13, 2007,

6  Mattel propounded its First Set of Requests for Production of Documents and

7  Things To Isaac Larian.[1]  The Requests seek discoverable information that goes to

8  Mattel's claims and defenses in this lawsuit, including information that the Court has

9  already found to be relevant and discoverable in Orders compelling MGA and/or

10  Bryant to produce documents regarding the same topics and, in many instances, in

11  response to the same requests.

12  Larian's Response to Mattel's Request for Production. Larian failed to

13  respond to the Requests within the time prescribed by Rule 34 of the Federal Rules

14  of Civil Procedure.[2]  When Larian finally did respond, he flat out objected and

15  wholly refused to produce a single document in response to nearly half the requests,[3]

16  including requests that the Discovery Master had already ordered Bryant and/or

17  MGA to respond to.

18  As to the remaining requests, Larian stated that he would produce only

19  **"personal"** documents that are **"relevant"** and **"within the permissible scope of**

20  **discovery,"** a meaningless response that purported to permit Larian to withhold

21

22  _____

23  [1]  Mattel, Inc.'s First Set of Requests for Production of Documents and Things to Isaac Larian dated June 13, 2007 ("Requests"), attached to the Declaration of

24  Scott B. Kidman dated December 17, 2007 ("Kidman Dec.") as Exh. 1.
  [2]  Kidman Dec., Exh. 2.

25  [3]  See Isaac Larian's Responses to Mattel, Inc.'s First Set of Requests for

26  Documents and Things dated August 6, 2007 ("Responses"), Request Nos. 1, 2, 46-57, 69, 79-81, 93, 104-112, 114-115, 121, 123-146, 174-175, 178-181, 190-213,

27  216, 219-228, 231-237, 240-246, 248-250, 253-254, 258-260, 262-269 and 272-276,

28  Kidman Dec., Exh. 3.

-2-
MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

EXHIBIT 9 PAGE 51

1    entire categories of responsive documents he unilaterally deemed to be not

2    "relevant" without providing Mattel any notice of what those documents might be.[4]

3    Months before Larian provided his responses, the Discovery Master specifically had

4    found MGA's virtually identical limitation to "relevant" documents to be improper:

5            As a threshold matter, MGA's responses are inadequate to

6            the extent MGA has restricted its production to "relevant

7            and responsive non-objectionable documents" or

8            documents "sufficient" to show when events relating to

9            Bratz occurred.  These restrictions suggest that MGA

10           might be excluding documents that are responsive to the

11           request based upon its unilateral determination of what is

12           "relevant" or "sufficient."  [MGA] shall provide the

13           responses to document requests ordered herein without

14           these restrictions.[5]

15   That ruling nevertheless did not deter Larian from incorporating this same improper

16   limitation to "relevant" documents in more than half of his responses.

17           <u>Larian's Promise to Produce Responsive Documents and Subsequent</u>

18   <u>Failure To Do So</u>.  Despite Mattel's repeated attempts to resolve these issues during

19   the meet and confer process, Larian refused to commit to produce a single

20   responsive document or provide supplemental responses, let alone provide a date by

21   which documents would be produced.[6]  Only after Mattel's counsel informed

22   Larian's counsel that it would proceed with a motion to compel, and only after

23

24   _____

25   [4]   <u>Id.</u>, Request Nos. 3-13, 15-45, 58-68, 70-78, 82-92, 94-103, 113, 116-120,
     122, 147-173, 176-177, 182-189, 214-215, 217-218, 229-230, 238-239, 247, 251-
26   252, 255-257, 261 and 270-271, Kidman Dec., Exh. 3.

27   [5]   Order Granting Mattel's Motion to Compel Production of Documents and
     Interrogatory Responses By MGA dated May 15, 2007, Kidman Dec., Exh. 12.
28   [6]   Kidman Dec., ¶¶ 5-6 and Exh. 4.

EXHIBIT 9   PAGE 57

1    Mattel's counsel had prepared and was about to file the motion, did Larian agree to
2    produce documents in response to any of the requests.[7]  To avoid Mattel's motion to
3    compel on certain of the Requests, Larian agreed to supplement his responses
4    (including by withdrawing the improper "relevant" and "personal" documents
5    limitations) and to produce by October 24, 2007 documents responsive to Request
6    Nos. 3-12, 16-31, 34, 36-40, 42-60, 77-78, 102-112, 116-122, 126-138, 147-177,
7    179, 182-189, 193, 200-206, 210-212, 214-220, 226, 229-268, 270, 271 and 276.[8]
8        Larian served supplemental responses agreeing to produce documents
9    responsive to each of the above-referenced requests.[9]  He failed, however, to
10   produce a single responsive document on October 24, 2007 as promised or any time
11   thereafter.  Nor has he given any indication when, if ever, he intends to do so.[10]
12
13               **Argument**
14
15   I.   **THE COURT SHOULD ORDER LARIAN TO PRODUCE THE**
16        **DOCUMENTS HE AGREED TO PRODUCE TWO MONTHS AGO**
17        There is no dispute that Mattel is entitled to the documents at issue.
18   The requests seek discoverable information that clearly goes to Mattel's claims and
19   defenses in this lawsuit, including information that the Court has already found to be
20   relevant and discoverable in Orders compelling MGA and/or Bryant to produce

---

22   [7]  Kidman Dec., ¶¶ 7-8.
23   [8]  Kidman Dec., ¶ 7 and Exh. 6.  As to the remaining requests where Larian
     continued to refuse to produce responsive documents or to impose improper
24   limitations, Mattel filed a motion to compel on October 11, 2007.  The Court heard
     Mattel's motion on December 14, 2007 and the parties are awaiting the Court's
25   Order.  Kidman Dec., ¶ 10.
26   [9]  Isaac Larian's Supplemental Responses to Mattel, Inc.'s First Second Set of
     Requests for Documents and Things dated September 25, 2007, Kidman Dec., Exh.
27   15.
     [10]  Kidman Dec., ¶ 18.
28

EXHIBIT 9 PAGE 58

documents regarding the same topics and, in many instances, in response to the same requests. Indeed, in his supplemental responses, Larian *agreed* to produce these documents. The categories of requested documents include the following:

- The conception, creation, design and origin of Bratz.[11]

- Payments to Bryant including royalty statements and other payment information.[12]

- Contracts or other agreements between Larian or MGA and Bryant.[13]

- Communications with Bryant regarding Mattel or Mattel employees.[14]

- Declarations, affidavits and other sworn testimony regarding Bratz and/or Angel.[15]

---

[11] <u>See</u> Request Nos. 3-4, 8-12, 18-19, 24-31, 34, 36-40, 56-60, 102-103, 155, 157-158, 210-211, Kidman Dec., Exh. 1; Order dated January 15, 2007 at 12-13, Kidman Dec., Exh. 10; Order dated May 15, 2007 at 8-9, Kidman Dec., Exh. 12.

[12] <u>See</u> Request Nos. 5-7 and 22, Kidman Dec., Exh. 1; Order dated January 25, 2007 at 13-14, Kidman Dec., Exh. 10 (finding that "documents relating to MGA's payments to Bryant, including royalty statements and other payment information, are relevant to several of Mattel's claims.").

[13] <u>See</u> Request Nos. 23 and 42-45, Kidman Dec., Exh. 1; Order dated January 25, 2007 at 11-12, Kidman Dec., Exh. 10 (compelling Bryant to produce agreements with MGA).

[14] <u>See</u> Request Nos. 116 and 156, Kidman Dec., Exh. 1; Order dated January 25, 2007 at 15-16, Kidman Dec., Exh. 10 (finding that communications between MGA and Bryant regarding Mattel and Mattel employees "unquestionably seek relevant information" because "they will reveal what Mattel information Bryant shared with MGA, if any, and when.").

[15] <u>See</u> Request Nos. 117-120, Kidman Dec., Exh. 1; Order dated May 15, 2007 at 10-11, Kidman Dec., Exh. 12 (ordering production of declarations, affidavits and other sworn statements that refer or relate to Bratz or Angel).

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

EXHIBIT 9 PAGE 59

1

2
- • Indemnification Bryant and others have sought, requested or obtained in connection with this litigation.[16]

3

4
- • Personnel files for Bryant and others involved in the development of Bratz.[17]

5

6
- • The testing and sampling of documents relating to Bratz or Bryant.[18]

7

8
- • Financial documents relating to Mattel's claims for damages in this lawsuit.[19]

9        After months of delay and lengthy meet and confers, Larian promised

10   to produce documents responsive to each of the request at issue by no later than

11   October 24, 2007.[20]  Now, after two more months of delay, Larian has failed to

12   produce any of the documents as promised or even provide a date by which he will

13   do so.

14        This is not the first time the MGA parties have promised to produce

15   documents in order to avoid a motion to compel and/or Court Order only to then

16   later go back on their promise.  For example, when Mattel was forced back in

17   _____

18   [16]  See Request Nos. 147-154, Kidman Dec., Exh. 1; Order dated January 25,

19   2007 at 12, Kidman Dec., Exh. 10 (ordering production of indemnity agreements between MGA and Bryant because they "relevant to demonstrate bias and lack of

20   credibility."); Order dated May 15, 2007 at 10, Kidman Dec., Exh. 12 (same).

21   [17]  See Request Nos. 167-173 and 176-177, Kidman Dec., Exh. 1; Order dated
May 15, 2007 at 9-10 regarding Request No. 88, Kidman Dec., Exh. 12 (ordering

22   production of personnel and vendor files for Farhad Larian).

23   [18]  See Request No. 218, Kidman Dec., Exh. 1; Order dated May 15, 2007 at 11,
Kidman Dec., Exh. 12 (ordering production of documents that refer or relate to

24   "testing or sampling from any documents that refer or relate to Bratz or Bryant.").

25   [19]  See Request Nos. 229-230, 238-239, 247, 251-252, 255-257, 261 and 270,
Kidman Dec., Exh. 1.  These requests are identical to Request Nos. 3-4, 12-13, 21,

26   25-26, 29-31, 35 and 46 of Mattel's Second Set of Requests for Production of

27   Documents and Things to MGA (Kidman Dec., Exh. 13) which the Court ordered
MGA to produce at the hearing on December 14, 2007.

28   [20]  Kidman Dec., ¶ 7, Exh. 6.

**EXHIBIT 4 PAGE 60**

1  February to compel MGA to produce obviously discoverable documents about the

2  origins of Bratz, MGA argued that it "has already cured many of the alleged

3  'deficiencies' in its production and will have resolved any remaining deficiencies

4  before this matter is heard" and, therefore, that "the majority of Mattel's motion to

5  compel is unnecessary and should be denied on that basis alone."[21]  Even by the

6  time of the hearing, and then even by the time of the Discovery Master's Order in

7  May, however, MGA had still not produced the documents at issue, and instead

8  went on to appeal the Order compelling production and ask the Discovery Master

9  for more time for compliance.[22]  When that was denied, MGA moved *ex parte*

10  before Judge Larson objecting to the Order requiring production and seeking

11  additional time.[23]  Even today, ten months after MGA's promises of production and

12  despite Court Order, MGA still has not made a complete production.[24]

13         The discovery cut-off dates in this matter are fast approaching.  Larian's

14  failure to produce documents as promised has already prejudiced Mattel's ability to

15  obtain the discovery it needs within the deadlines set by the Court.  Mattel is entitled

16  to an order compelling Larian to produce all documents responsive to these requests

17  without further delay.

18

19

20  [21]  MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel
Production of Documents and Interrogatory Answers, dated February 20, 2007,
21  p. 10, Kidman Dec., Exh. 16.
22  [22]  MGA Entertainment Inc.'s Notice of Motion Objecting to Portions of the
Discovery Master's May 15, 2007 Order Granting Mattel's Motion to Compel
23  Production of Documents and Interrogatory Reponses By MGA, dated May 30,
24  2007, Kidman Dec., Exh. 17.
    [23]  MGA's Emergency Ex Parte Application for Review of Special Master
25  Infante's Order Denying MGA's Motion For Stay or Extension, dated June 22, 2007,
26  Kidman Dec., Exh. 14.
    [24]  E.g., Mattel, Inc.'s Notice of Motion and Motion to Enforce the Court's Order
27  of May 15, 2007, to Compel MGA to Produce Compelled Documents in Un-
28  Redacted Form, and for Sanctions, dated September 10, 2007.

EXHIBIT 9 PAGE 101

## II.   LARIAN SHOULD BE SANCTIONED

Under the Federal Rules, a party bringing a motion to compel is entitled to the "reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4).  The burden of establishing substantial justification is on the party being sanctioned.  Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994). Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions under this section are appropriate "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995), citing Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987).

Sanctions are called for here.  Larian's refusal to produce the documents at issue here was completely unjustified in the first place, as the Court has already found most all of the information to be relevant and discoverable in Orders compelling MGA and/or Bryant to produce documents regarding the same topics and, in many instances, in response to the same requests.  Only after Mattel had prepared and was about to file a motion to compel did Larian agree to produce responsive documents.  Larian has now gone back on that promise and failed to produce a single responsive document, forcing Mattel to prepare, and this time file, yet another motion to compel.  In the meantime, several additional months have gone by and Mattel still sits without a single responsive document from Larian.

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

EXHIBIT 9 PAGE 62

1    Larian's conduct is part of a pattern of unreasonable and vexatious

2  conduct by Larian and the MGA parties to interfere with Mattel's ability to obtain

3  the discovery to which it is clearly entitled within the deadlines set by the Court.

4  Larian and the MGA parties have no incentive to cease these tactic of delay and

5  obstruction if, at the end of the day, they are simply ordered to produce that which

6  should have, and indeed promised to, produce months before.  Larian and his

7  counsel should be sanctioned for the fees Mattel has been forced to incur in

8  connection with this motion.  Mattel therefore requests that Larian and his counsel

9  be ordered to pay $4,500 as partial reimbursement for the fees Mattel has incurred

10  on this Motion.

11

12                          **Conclusion**

13    For the foregoing reasons, Mattel's motion to compel should be granted

14  in its entirety and monetary sanctions should be awarded against Larian in the

15  amount of $4,500.

16

17  DATED:  December 17, 2007      QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
18

19                                 By /s/ Scott B. Kidman
20                                    Scott B. Kidman
                                      Attorneys for Mattel, Inc.
21

22

23

24

25

26

27

28

07209/2327244.1

EXHIBIT 1  PAGE 63

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On December 17, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY ISAAC LARIAN AND FOR AWARD OF MONETARY SANCTIONS; AND MEMORANDUM OF POINTS AND AUTHORITIES** on the parties in this action as follows:

> Thomas J. Nolan
> **Skadden, Arps, Slate, Meagher & Flom LLP**
> 300 South Grand Ave., Ste. 3400
> Los Angeles, California 90071
> *Attorneys for MGA ENTERTAINMENT, INC.*

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 17, 2007, at Los Angeles, California.

NOW LEGAL — Dave Quintana

07209/2169461.1

EXHIBIT 9 PAGE 64

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On December 17, 2007, I served true copies of the following document(s) described as MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY ISAAC LARIAN AND FOR AWARD OF MONETARY SANCTIONS; AND MEMORANDUM OF POINTS AND AUTHORITIES on the parties in this action as follows:

John W. Keker
Michael H. Page
Christa M. Anderson
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, CA 94111
*Attorneys for CARTER BRYANT*

Mark E. Overland, Esq.
David E. Scheper, Esq.
Alexander H. Cote, Esq.
**Overland Borenstein Scheper & Kim, LLP**
300 South Grand Avenue
Suite 2750
Los Angeles, CA 90071-3144
*Attorneys for Carlos Gustavo Machado*

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 17, 2007, at Los Angeles, California.

Yalonda J. Dekle

07209/2081332.1

EXHIBIT 9 PAGE 65

# EXHIBIT 10

**[EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

# EXHIBIT 11

RECEIVED

NOV 1 3 2007

1   THOMAS J. NOLAN (Bar No. 066992)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2   300 South Grand Avenue
    Los Angeles, California 90071-3144
3   Telephone:   (213) 687-5000
    Facsimile:   (213) 687-5600
4   E-mail:      tnolan@skadden.com

5   KENNETH A. PLEVAN
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6   4 Times Square
    New York, NY 10036
7   Telephone:   (212) 735-3000
    Facsimile:   (212) 735-2000
8   E-mail:      kplevan@skadden.com
    (application for admission *pro hac vice* pending)
9
    Attorneys for Counter-Defendants,
10  MGA ENTERTAINMENT, INC.,
    ISAAC LARIAN, MGA ENTERTAINMENT (HK)
11  LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15  CARTER BRYANT, an individual        )   CASE NO. CV 04-9049 SGL (RNBx)
                                        )
16            Plaintiff,                )   Consolidated with Case No. 04-9059
                                        )   and Case No. 05-2727
17       v.                             )
                                        )   ISAAC LARIAN'S AMENDED
18  MATTEL, INC., a Delaware            )   ANSWER AND AFFIRMATIVE
    corporation                         )   DEFENSES TO MATTEL, INC.'S
19                                      )   SECOND AMENDED ANSWER
            Defendant.                  )   AND COUNTERCLAIMS
20                                      )
                                        )   Honorable Stephen G. Larson
21                                      )   Courtroom 1
    _____ )
22  Consolidated with MATTEL, INC. v.   )
    BRYANT and MGA                      )
23  ENTERTAINMENT, INC. v.              )
    MATTEL, INC.                        )
24                                      )

25

26

27

28                          *11-8*
    _____
    ISAAC LARIAN'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S SECOND AMENDED
                        ANSWER AND COUNTERCLAIMS

EXHIBIT __11__ PAGE __82__

Counter-defendant Isaac Larian hereby answers, for himself alone, the Second Amended Counterclaim of Counter-claimant Mattel Inc., as follows:

As a preliminary matter, Mattel's use of headings throughout its counterclaims is improper, and therefore no response to Mattel's headings is required.  If any response is required, Larian denies all allegations contained in Mattel's headings.

## RESPONSES

1.    Larian denies the allegations set forth in paragraph 1.

2.    Larian denies the allegations set forth in paragraph 2.

3.    Larian admits that MGA decided to expand into Mexico in or about 2004, and denies the remaining allegations set forth in paragraph 3.

4.    Larian denies the allegations set forth in paragraph 4.

5.    Larian denies the allegations set forth in paragraph 5.

6.    Larian admits that the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, denies that 17 U.S.C. §§ 101 and 18 U.S.C. § 1964(c) apply to the extraterritorial conduct alleged in the Counterclaims, and denies that Mattel is entitled to any relief on its Counterclaims.

7.    Larian admits that venue is proper in this District for Mattel's claims based on conduct alleged to have occurred within this District and denies that venue is proper in this District for acts alleged to have occurred in Mexico, Canada, Hong Kong, or other places outside of this District.

8.    Larian admits the allegations set forth in paragraph 8.

9.    Larian admits the allegations set forth in the first and second sentences of paragraph 9, and denies the remaining allegations set forth in paragraph 9.

10.    Larian admits the allegations set forth in paragraph 10.

11.    Larian admits the allegations set forth in the first sentence of paragraph 11, and denies the remaining allegations set forth in paragraph 11.

1

EXHIBIT __11__ PAGE __83__

168.   Larian denies the allegations set forth in paragraph 168.

169.   Paragraph 169 is a statement of Mattel's legal position, to which no response is necessary.  To the extent a response is required, Larian denies the allegations set forth in the paragraph 169.

170.   Paragraph 170 is a statement of Mattel's legal position, to which no response is necessary.  To the extent a response is required, Larian denies the allegations set forth in the paragraph 170.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of Larian or any Counter-Defendant, and without admitting that Mattel suffered any loss, damage, or injury, Larian alleges the following affirmative defenses to the Counterclaims.  By designating the following as affirmative defenses, Larian does not in any way waive or limit any defenses which are or may be raised by his denials, allegations, and averments set forth herein.  Larian also does not, by alleging any affirmative defense, admit that Mattel does not have the burden of proof for any or all facts underlying any of those defenses.  These defenses are pled in the alternative, and are raised to preserve the rights of Larian to assert such defenses, and are without prejudice to his ability to raise other and further defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Mattel's counterclaims fail to state a claim against Larian upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands/*in Pari Delicto*)

Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands and wrongful acts.  This affirmative defense is based, in part, on Mattel's efforts to undermine MGA's business and to "kill" Bratz at any cost which include,

16

1  but are not limited to, Mattel's efforts to infringe and dilute MGA's trade dress, copy

2  MGA's products, packaging, themes, and advertising (including for Mattel products

3  My Scene, Diva Starz, Wee 3 Friends, Acceleracers, Polly Pocket, and Little

4  Mommy products, to name a few), and engage in other acts of unfair competition

5  against MGA as alleged in MGA's complaint against Mattel; Mattel's efforts to

6  create negative publicity or press about MGA, MGA products, Bryant, Larian, or

7  MGA employees; Mattel's efforts to fund or commission market research or studies

8  that portray Bratz or MGA products negatively; Mattel's efforts to interfere with

9  MGA's acquisition of or investment in Zapf Creation AG; Mattel's efforts to include

10  negative references to MGA or Bratz on Mattel's "We Believe in Girls" website;

11  Mattel's efforts or intent to interfere with business dealings or contractual relations

12  between MGA and Smoby Group; Mattel's influencing Nickelodeon to reject MGA

13  advertisements or to limit time slots for advertisements; assisting parties in lawsuits

14  against MGA; Mattel's monitoring, "spying on" or gaining knowledge of MGA's

15  trade secrets, non-public information, non-public activities, unreleased products, and

16  product development; gaining access, or attempts to gain access, to MGA

17  showrooms, Plan-o-Grams, merchandising displays, Toy Fair displays on false

18  pretenses; Mattel's wrongfully obtaining MGA's costs and sales information through

19  Mattel-employed category managers at retailers; Mattel's inducing non-party

20  customers to breach confidentiality agreements with MGA and divulge non-public

21  information about MGA's unreleased products; Mattel's covertly investigating MGA,

22  its officers and employees, and their family members; Mattel's contacting persons

23  under false pretense in order to interrogate them about Bratz and this litigation;

24  Mattel's coercing its employees to accept restrictive covenants (right before a

25  massive layoff) and non-compete clauses and other efforts to prevent prospective

26  MGA employees from accepting offers of employment; Mattel's delay in suing

27  Carter Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated

28

ISAAC LARIAN'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S SECOND AMENDED
ANSWER AND COUNTERCLAIMS

**EXHIBIT   11   PAGE   85**

1  Mattel case; Mattel's falsely inflating its Barbie sales figures in an effort to mislead
2  the public and retailers; and Mattel's taking all measures to conceal its bad acts,
3  including the willful non-retention and destruction of documents.  Additionally,
4  Mattel believed from the time that Carter Bryant left Mattel's employ that he was
5  going to perform work for a Mattel competitor.  Mattel began investigating Bryant
6  and MGA, including Bryant's role in the creation and development of Bratz, at least
7  as early as March 2002.  Nonetheless, Mattel waited years to bring suit, all the while
8  allowing MGA to spend years developing its business and invest tens of millions of
9  dollars developing the Bratz products and building the Bratz brand.  These averments
10  are made on information and belief except where Larian has knowledge thereof.

11  ### THIRD AFFIRMATIVE DEFENSE

12  ### (Laches)

13      Mattel's counterclaims are barred by the equitable doctrine of laches because,
14  among other things, Mattel believed from the time that Carter Bryant left Mattel's
15  employ that he was going to perform work for a Mattel competitor.  Mattel began
16  investigating Bryant and MGA, including Bryant's role in the creation and
17  development of Bratz, at least as early as March 2002 and thereafter continued its
18  investigation into Bryant's role in the creation and development of Bratz, as well as
19  his work with MGA, in August 2002 after Mattel's CEO, Robert Eckert, received an
20  "anonymous letter" that claimed that Bryant stole the idea for Bratz from Mattel and
21  sold it to MGA.  Nonetheless, Mattel waited years to bring suit, all the while
22  allowing MGA to spend years developing its business and invest tens of millions of
23  dollars developing the Bratz products and building the Bratz brand.

24
25
26
27
28

ISAAC LARIAN'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S SECOND AMENDED
ANSWER AND COUNTERCLAIMS

EXHIBIT  11  PAGE  86

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Joinder in Defenses of Co-Defendants)

Larian hereby adopts and incorporates by reference any and all other affirmative defenses that have been or will be asserted by any other defendant (including Bryant) in this litigation to the extent that defendants may share in such affirmative defenses.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Undiscovered Defenses)

Larian has insufficient knowledge or information upon which to form a belief as to whether additional defenses are available. Larian reserves the right to assert any further or additional defenses upon receiving more complete information regarding the matters alleged in the Counterclaims, through discovery or otherwise.

WHEREFORE, Larian prays for relief as follows:

a.  that the Counterclaims be dismissed with prejudice;

b.  that judgment be entered in favor of Larian and against counterclaimant;

c.  that Larian recover his costs and attorneys' fees; and

d.  that the Court award such other and further relief as is just and proper.

DATED: November 8, 2007

> SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
>
> By: _____
>      Thomas J. Nolan
> Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

ISAAC LARIAN'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT  11   PAGE  87

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On **November 8, 2007**, I served the foregoing documents described as:

**ISAAC LARIAN'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS**

on the interested parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

☒    **(BY MAIL)** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices.

☒    **(VIA FACSIMILE)** By transmitting the document listed above to the fax numbers on the attached service list.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on November 8, 2007 at Los Angeles, California.

Nandi Berglund
PRINT NAME                                          SIGNATURE

1

EXHIBIT  11   PAGE  88

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
(213) 443-3100 (Fax)

*Attorneys for Mattel, Inc.*

OVERLAND BORENSTEIN
SCHEPER & KIM
MARK E. OVERLAND
ALEXANDER H. COTE
DAVID C. SCHEPER
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071
(213) 613-4655
(213) 613-4656 (Fax)
*Attorneys for Carlos Gustavo Machado
Gomez*

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415)391-5400
(415) 397-7188 (Fax)

*Attorneys for Carter Bryant*

2

EXHIBIT ll PAGE 89