# EXHIBIT A

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California  94111
Telephone:     (415) 774-2611
Facsimile:      (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY ISAAC LARIAN; DENYING REQUEST FOR SANCTIONS** |
| CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

## I. INTRODUCTION

On October 11, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Compel Production of Documents by Isaac Larian and for Award of Monetary Sanctions."  Specifically, Mattel seeks an order compelling Isaac Larian ("Larian") to produce documents responsive to Mattel's First Set of Requests for Documents and Things, including, without limitation, Request Nos. 1, 2, 13,

1

1   15, 32, 33, 35, 41, 61-76, 79-101, 113-115, 123-125, 139-146, 178, 180, 181, 190-192, 194-199,

2   207-209, 213, 221-225, 227-228, 269, 272 and 273 and a privilege log identifying all documents

3   withheld based on any claimed privilege.  Mattel also seeks an award of sanctions against Larian

4   in the amount of $4,500, which represents a portion of the costs incurred by Mattel in bringing

5   this motion.  Larian submitted an opposition on December 5, 2007.[1]  Mattel submitted a reply on

6   December 10, 2007.  The matter was heard on December 14, 2007.  Having considered the

7   motion papers and comments of counsel at the hearing, Mattel's motion to compel is granted in

8   part and denied in part, and the request for sanctions is denied.

## II. BACKGROUND

9           On June 13, 2007, Mattel propounded its First Set of Requests for Production of

10  Documents and Things to Larian, the CEO and majority owner of MGA.  On August 6, 2007,

11  Larian filed his initial responses and objections.  The parties met and conferred, and on September

12  25, 2007, Larian served supplemental responses and objections.

13          Mattel filed the instant motion on October 11, 2007 seeking further responses to 87 of the

14  276 Requests.  The parties met and conferred further, and Larian ultimately agreed to provide

15  further responses to 55 of the disputed 87 Requests.  Specifically, Larian agreed to supplement his

16  responses and to produce documents responsive to Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-

17  76, 82-101, 139-146, 213, 221 and 223, "to include documents, if any, in his personal files that

18  have not previously been produced."  MGA's Opposition at pp. 1-2.

19          The remaining 32 Requests at issue can be grouped into ten categories:  (1) personal

20  financial data; (2) communications with Mattel employees; (3) statements to the media; (4)

21  telephone records; (5) storage devices; (6) Carter Bryant's ("Bryant") storage devices; (7) market

22  research concerning products not at issue; (8) Bryant's attorney and niece; (9) the Larian brother's

23  arbitration; and (10) MGA Hong Kong and MGA Mexico.

24  //

25  _____

26      [1] Mattel filed an Objection to Larian's Opposition and Response to Mattel's Separate Statement, asserting that the submissions should
    not be considered because they are untimely and because the Response to Mattel's Separate Statement fails to set forth a complete and verbatim

27  statement of Mattel's position.  The Objection is overruled because Mattel has not been prejudiced and because of the court's preference to resolve
    Mattel's motion on the merits.

28

## II. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006) (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000) (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for the phrase "subject matter involved in the pending action," were intended to prevent discovery that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly litigate the issues presented by the pleadings but to develop new claims or defenses.).

Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or extent of use of the discovery methods if the court determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

The 55 Requests Resolved During Meet and Confer Session

During the meet and confer session held after the instant motion was filed, Larian agreed to produce documents responsive to 55 requests. In his Opposition brief, Larian states that the 55 requests are no longer in dispute.

Nevertheless, a court order compelling production is warranted for two reasons. First, Larian has not yet produced documents responsive to the 55 requests or provided a date by which

1    he will do so.  Second, Larian's agreement to produce responsive documents is apparently limited

2    to documents from his so-called "personal files."  See Opposition at 2:2-3.

3          Mattel's counsel "never agreed that Larian could limit his response to the above requests

4    to documents in his 'personal files' and Larian's counsel did not state that Larian would limit his

5    response to documents in Larian's 'personal files.'"  Supp. Decl. of Scott B. Kidman.

6    Furthermore, the limitation to "personal files" suggested by Larian is contrary to Rule 34,

7    Fed.R.Civ.P, which imposes a duty to produce responsive documents within the responding

8    parties' "possession, custody or control."  The limitation is also unworkable because, as Mattel

9    points out, it "would create a situation by which responsive and highly relevant documents might

10   never be produced because MGA, on the one hand, deems [a] document to belong to Larian, and

11   Larian, on the other hand, deems [a] document not to be part of his 'personal files.'"  Reply at p.6.

12   <u>Market Research for Products Not at Issue:  Request Nos. 79-81</u>

13         In Request No. 79, Mattel seeks all documents relating to any focus groups relating to

14   Bratz and/or Angel, including without limitation all videotapes, summaries, notes and reports.  In

15   his supplemental response, Larian agrees to produce the following documents, subject to his

16   general objections:

17         Larian will produce all documents within his possession, custody, or control that
           relate to focus groups for "MGA contested products" and "Mattel contested
18         products," as those terms are defined in Mattel's First Requests for Production
           regarding Claims of Unfair Competition, if any, and that have not already been
19         produced, that he discovers in the course of his reasonable search and diligent
           inquiry, and to which no privilege or other protection applies, including without
20         limitation, the attorney-client privilege or attorney's work product doctrine.

21   Mattel's Consolidated Separate Statement at pp. 20-21.

22         In Request No. 80, Mattel seeks all documents relating to any services or work performed

23   by L.A. Focus between January 1, 1999 and December 31, 2001, including without limitation, all

24   videotapes, summaries, notes and reports associated therewith.  In his supplemental response,

25   Larian agrees to produce documents relating or referring to Bratz or Angel that are responsive to

26   the request and to which no privilege or other protection applies.

27

28

1    In Request No. 81, Mattel seeks all documents relating to Alaska Momma.  In his

2    supplemental response, Larian agrees to produce all documents relating or referring to Bratz,

3    Angel or Bryant that are responsive to the request and to which no privilege or other protection

4    applies.

5        Mattel contends that the requests are as narrowly tailored as possible to capture relevant

6    information.  More specifically, Mattel contends that Request No. 79 seeks documents that bear

7    directly on the timing of the development of Bratz, as well as MGA's unfair competition claims

8    and Mattel's defense thereto.  Mattel contends that the requested documents may demonstrate that

9    MGA is guilty of copying Mattel's Barbie and My Scene products.

10       Larian contends that Request Nos. 79-81 are overbroad and unduly burdensome.   As an

11   example, Larian points to Request No. 80, which requests all documents relating to any services

12   or work performed by L.A. Focus, regardless of whether that work has any relation to the claims

13   and defenses in the action or any of the products at issue.  Larian similarly contends that Request

14   Nos. 79 and 81 are unbounded by subject matter or time, and are untethered to any claim or

     defense in this case.

15       Mattel's motion to compel Larian to produce all documents responsive to Request No. 79

16   is granted.  The request is reasonably limited in subject matter to Bratz and Angel.  The requested

17   documents are relevant to several issues in the case, including the origin, conception and creation

18   of Bratz.  The requested documents are also relevant to the unfair competition claims.  Larian's

19   supplemental response to Request No. 79 is unduly restrictive.  Among other things, the

20   definitions of "contested MGA products" encompass only those products that provide a basis for

21   any claim by MGA against Mattel, and not claims by Mattel against MGA.

22       Mattel's motion to compel Larian to produce all documents responsive to Request Nos.

23   80-81 is denied.  These requests, as drafted, are clearly overbroad because they have no

24   reasonable limitations on subject matter or time.  In particular, the requests are directed to L.A.

25   Focus and Alaska Momma without regard to whether the services or work the companies

26   provided has any relation to any product at issue.

27       Larian's supplemental responses to Request Nos. 80 and 81 are reasonably limited to

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                                                      5

1    documents related to the products at issue: Bratz and Angel. In Mattel's view, Larian's

2    supplemental response is too narrow and "may result in the exclusion of highly relevant

3    documents because the project, concept or design that is the subject of the focus group is deemed

4    not to relate to something then known as Bratz or Angel." However, Larian acknowledges that

5    these types of hypothetical documents would still fall within the narrower scope of production

6    proposed in his supplemental response.

7        Mattel also contends that it is entitled to all of the requested documents called for by

8    Request No. 80 because they are relevant to credibility and bias, particularly if the documents

9    show that work relating to Bratz or Angel deviate from standard procedures that MGA and L.A.

10    Focus used. It is, however, not apparent how deviations from standard procedures would impact

11    credibility or bias.

12        As to Request No. 81, Mattel contends that the documents showing the relationship

13    between Larian or MGA and Alaska Momma are relevant, even if they do not themselves

14    specifically relate to Bratz, Angel or Bryant. Mattel contends that communications from Larian

15    or MGA asking Alaska Momma to look for fashion doll opportunities around the time Bryant

16    claims to have pitched Bratz to Alaska Momma would be highly relevant in impeaching MGA's

17    and Bryant's stories about how and when they came to be introduced. Mattel also contends that

18    documents showing other dealings between Larian or MGA and Alaska Momma are relevant to

19    the issues of bias and credibility. Mattel's supposition about the types of documents that might

20    exist does not justify the type of far-reaching request it has propounded. Request No. 81 is also

21    not limited by either subject matter or time.

22        Accordingly, Larian shall produce documents responsive to Request Nos. 80 and 81 in

23    accordance with his supplemental responses.

24    <u>Bryant's Attorney and Niece: Request Nos. 113-115</u>

25        In Request No. 113, Mattel seeks all communications between Larian or MGA and Anne

26    Wang, a lawyer who represented Bryant in his contract negotiations with MGA. In Request No.

27    114, Mattel seeks all documents, including without limitation all communications, between

1  Larian or MGA and Anne Wang.  In Request No. 115, Mattel seeks documents relating to Brooke

2  Gilbert, Bryant's niece.  In his supplemental responses, Larian agrees to produce documents

3  relating to Bratz, Angel or Bryant that are responsive to the requests and to which no privilege or

4  other protection applies.  Thus, the only issue is whether Larian should be required to produce

5  responsive documents that do not relate to Bratz, Angel or Bryant.

6      Mattel contends that Request Nos. 113-114 seek documents that are relevant to the origin

7  and conception of Bratz and the timing thereof.  Mattel also contends that the documents may

8  disclose relevant information regarding Mattel's claims for breach of contract and inducing

9  breach of contract, including information regarding Bryant's or MGA's knowledge of Bryant's

   contractual obligations with Mattel.  Mattel also contends that Larian has failed to carry his

10  burden of demonstrating that the requests are overly burdensome.

11     Mattel further contends that Larian's supplemental responses to Request Nos. 113 and 114

12  are inadequate because the limitations on scope may eliminate otherwise relevant documents that

13  do not specifically refer to Bratz, Angel or Bryant.  For example, Mattel contends that

14  communications with or about Bryant's lawyer that do not specifically relate to Bratz, Angel or

15  Bryant may be relevant to the issues of credibility and bias.

16     Mattel contends that Request No. 115 seeks documents that are relevant to determine

17  whether evidence on Bryant's computer was destroyed by the "Evidence Eliminator" software

18  that had been installed and run on the hard drive.  Bryant claims to have given his computer to his

19  niece.  Mattel also contends that the requested documents are relevant to the issues of credibility

20  and bias.  Further, Mattel contends that Larian's supplemental response to Request No. 115 is

21  inadequate, because evidence of any communication between Larian and his niece, regardless of

22  subject matter, is significant.

23     Larian contends that Request Nos. 113-115 are overbroad and unduly burdensome

24  because they lack any subject matter or time constraints.  Further, Larian contends that the

25  requests constitute an improper fishing expedition and necessarily sweep in documents that are

26  not relevant to any claim or defense.

27  //

28

1   Mattel's motion to compel documents responsive to Request Nos. 113-115 is denied.  The
2   requests are overbroad because they are not focused on relevant subject matter and are untethered
3   to any claim or defense.  Although Mattel asserts that responsive documents unrelated to Bratz,
4   Angel or Bryant might be relevant to the issues of credibility and bias, that speculative possibility
5   is too remote to justify the breadth of Mattel's requests.

6       Larian's supplemental responses are sufficient to provide Mattel with relevant and
7   responsive documents.  Larian shall produce documents responsive to Request Nos. 113-115 in
8   accordance with his supplemental responses.

9   The Larian Brothers' "Arbitrations and Suits":  Request Nos. 123-125

10      In Request No. 123, Mattel seeks all documents relating to any and all arbitrations and
11  suits between Larian and his brother, Farhad Larian.  In Request No. 124, Mattel seeks all
12  documents filed, submitted or served in the suit and/or arbitration proceedings brought by Farhad
13  Larian against Larian, including without limitation all declarations, affidavits, transcripts, video
14  and/or audio recordings and sworn testimony given by any person in such suit or arbitration
15  proceedings.  In Request No. 125, Mattel seeks all documents relating to any and all settlements,
16  resolutions, or compromises of any suit and/or arbitration proceedings between Larian and Farhad
17  Larian.  In his supplemental responses, Larian agrees to produce all documents referring or
18  relating to Bratz that are responsive to the requests and to which no privilege or other protection
19  applies.

20      Mattel contends that the court has already ruled that the arbitration proceedings between
21  Larian and his brother are relevant because they involve, among other matters, the conception and
22  creation date for Bratz.  Mattel contends that Larian's supplemental responses improperly limit
23  the requests to the exclusion of potentially relevant documents.  For example, Mattel contends
24  that documents that relate to the business, activities and plans of MGA in early 2000 are relevant
25  to the timing of the development of Bratz, whether or not they specifically refer to Bratz.
26  Mattel also contends that the requested documents are relevant to the value of the Bratz brand and
27  the net worths of Larian and MGA, as well as Mattel's claims for damages, including, for

28

1  example, profits from the sale and licensing of Bratz and other information that would impeach

2  Larian's testimony that he has not made any profits from Bratz.  Further, Mattel contends that the

3  requested documents may lead to evidence of the assessments or valuations of the net worth or

4  value of MGA or Larian, regardless of any reference to Bratz specifically.  Mattel also contends

5  that settlement documents may contain information that bears on the merit of Farhad Larian's

6  claims and the value of Bratz.  Mattel also claims that the requested documents are relevant to

7  motive, intent, bias and credibility.

8      Larian contends the instant requests are overbroad and unduly burdensome.  Further,

9  Larian contends that the relationship of the requested documents to any of the claims or defenses

10 in the present action is questionable, and the existence of such documents is conjectural.

11 Moreover, Larian contends that many of the categories of documents of interest to Mattel are

12 already the subject of other requests.  Larian also contends that Request Nos. 123-125 impose an

13 undue burden because of the protective orders in place that strictly limit the use of any documents

14 from an arbitration and suit between Larian and his brother.  Larian represents that he is currently

15 working with Mattel and his brother in an attempt to achieve suitable modifications to the orders

   that are agreeable to all parties.

16     Mattel's motion to compel documents responsive to Request Nos. 123-125 as drafted is

17 denied.  The requests are clearly overbroad in calling for all documents from the arbitrations and

18 suits between Larian and his brother, without any subject matter limitations.  Furthermore, these

19 requests are unduly burdensome to the extent they require production of documents that do not

20 refer or relate to Bratz.  Such documents have marginal relevance, at best, to the claims and

21 defenses in the case.

22     Larian's supplemental responses to Request Nos. 123 -125 are sufficient.  Larian's

23 agreement to produce documents that refer or relate to Bratz is a reasonable compromise that will

24 enable Mattel to obtain documents relevant to the claims and defenses in the case, including many

25 of the categories of documents of interest to Mattel.  For example, under Larian's proposed

26 limitation, documents that relate to the business, activities and plans of MGA in 2000 that also

27 refer or relate to Bratz must be produced.  Documents relating to the value of the Bratz brand are

28

also within the scope of Larian's proposed limitation and would have to be produced. Documents relating to the net worth of Larian or MGA that refer or relate to Bratz would also have to be produced. Further, Larian's proposed limitation does not necessarily foreclose discovery regarding the appraisal of MGA prepared by Mr. Dutcher. In particular, documents relating to MGA's liabilities, debt, intangible assets, inventory, loans, growth rate projection, and revenue projections must be produced if such documents refer or relate to Bratz. Accordingly, Larian shall produce documents responsive to Request Nos. 123-125 in accordance with his supplemental responses.

Telephone Records: Request Nos. 178-181

In Request No. 178, Mattel seeks all documents relating to, including without limitation phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period from January 1, 1998 through January 1, 2001. Larian objects to this request.

In Request No. 179, Mattel seeks all documents relating to, including without limitation phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period from January 1, 1998 through January 1, 2001 relating to Bratz and/or Angel. In his supplemental responses, Larian agrees to produce documents responsive to Request No. 179. In response to this motion, however, Larian contends that he should be permitted to produce documents responsive to Request No. 179 in redacted form as discussed more fully below.

In Request No. 180, Mattel seeks all documents relating to, including without limitation phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period from April 1, 2004 through June 1, 2004. Larian objects to this request.

In Request No. 181, Mattel seeks all documents relating to, including without limitation phone records for, telephone calls relating to Bryant by or to Larian or anyone on Larian's behalf at any time. In his supplemental response, Larian agrees to produce all documents pertaining to communications made prior to January 1, 2001 that are responsive to the request and to which no privilege or other protection applies.

//

1       Mattel contends that Request No. 178 seeks documents relevant to show Larian's

2   communications with Bryant and other Mattel employees while such employees may still have

3   been employed by Mattel and before Larian claims to have known about Bratz. Similarly, Mattel

4   contends that Request No. 180 seeks documents relevant to Mattel's allegation that MGA, and

5   Larian in particular, were recruiting employees of Mattel's Mexican subsidiary and enticing them

6   to steal Mattel trade secrets.

7       Further, Mattel contends that the requested documents regarding telephone records are

8   relevant to (a) Mattel's claims regarding ownership of Bratz to the extent they show

9   communications with Carter Bryant; (b) Mattel's claims for theft of trade secrets to the extent

10  they show communications with current and former Mattel employees, including Machado,

11  Vargas, Trueba, Brawer, and Brisbois; (c) Mattel's claims regarding allegedly false statements

12  Larian made to retailers; (d) MGA's counterclaims; and (e) Mattel's defenses. With respect to

13  burden, Mattel contends that it would be more burdensome to attempt to produce the requested

14  records in redacted form, and further, that the protective order in place is sufficient to protect

    Larian's privacy concerns.

15      Larian contends that the requests regarding telephone records are overbroad, completely

16  unbounded as to subject matter, and necessarily sweep in private information that is completely

17  irrelevant to any of the claims or defenses in the case. Larian also points out that the court

18  previously considered similar requests served on Bryant and allowed production of redacted

19  copies of telephone records as long as Bryant provided a signed verification that none of his

20  redactions related to Bratz, MGA or any other project he worked on for MGA. Specifically,

21  Bryant was permitted to produce redacted phone records as long as he provided a "signed

22  verification that none of the telephone records that were redacted relate or refer in any way to

23  MGA, Bratz, or any other project that Bryant worked on, with, for or on behalf of MGA."

24  Kennedy Decl., Ex. 1 (January 25, 2007 Order Granting Mattel's Motion to Compel Production

25  of Documents by Bryant). Larian contends that he should be permitted to redact responsive

26  documents consistent with the court's prior order. During the meet and confer, Larian offered to

27  provide redacted records and a signed verification that none of the redacted information was

28

1   relevant to the case, but Mattel did not respond to the offer.

2       Mattel's motion to compel documents responsive to Request Nos. 178 (all documents

3   relating to phone records by or to Larian for January 1, 1998 – January 1, 2001) is denied. The

4   request is overbroad because it lacks any subject matter limitation, and thus necessarily sweeps in

5   private information that is completely irrelevant to the case. Larian should not be subjected to

6   such an intrusion into his private and business affairs when Mattel has made no attempt to tailor

7   the request to the communications, claims, and defenses identified above.

8       In contrast to Request No. 178, Request No. 179 is reasonably tailored to phone records

9   for a particular time frame (January 1, 1998 to January 1, 2001), and to particular subject matters

10  (Bratz and/or Angel). Accordingly, Larian shall abide by his agreement to comply with Request

11  No. 179, as stated in his supplemental response. Larian's proposal to produce responsive

12  documents in redacted form is appropriate to address his privacy concerns. More specifically,

13  Larian may produce documents responsive to Request No. 179 in redacted form as long as Larian

14  provides a signed verification that none of the redacted material refers or relates in any way to

15  MGA, Bratz, or any other proposed or actual project worked on, with, for or on behalf of MGA,

    or that are otherwise relevant to the case.

16      Mattel's motion to compel documents responsive to Request No. 180 (documents relating

17  to telephone calls by or to Larian from April 1, 2004 – June 1, 2004) is granted. Request No. 180

18  is reasonably tailored to a two month period during which MGA and Larian allegedly recruited

19  employees out of Mattel's Mexican subsidiary and enticed them to steal Mattel trade secrets. See

20  Mattel's Second Amended Answer and Counterclaims, ¶¶37-54. Larian may produce documents

21  responsive to Request No. 180 in redacted form as specified above with respect to Request No.

22  179.

23      Request No. 181 (documents relating to telephone calls relating to Bryant by or to Larian)

24  is overbroad as written because it has no time limits. In his supplemental response, Larian agrees

25  to produce communications prior to January 1, 2001 that are responsive to the request. Larian's

26  proposed limitation is a reasonable compromise that will provide Mattel with relevant documents

27  without imposing an undue burden. Accordingly, Larian shall produce documents responsive to

28

1    Request No. 181 consistent with his supplemental response, and may produce such documents in

2    redacted form as specified above with respect to Request No. 179.

3

4    Statements to the Media:  Request Nos. 190-192, 194-197 and 199

5          In Request Nos. 190-192, 194-197 and 199, Mattel seeks communications between Larian

6    and members of the press or financial institutions relating to Bratz, Bryant, Mattel or this action.

7    Mattel contends that the requests are sufficiently narrowly tailored to seek information that goes

8    to the issues in the lawsuit.  More specifically, Mattel contends that the request are relevant to

9    Mattel's allegation that MGA and Larian repeatedly issued false and misleading press releases

10   regarding Bratz's sales, Bratz's market share, Bratz's position relative to Mattel's Barbie

11   products, sales of Mattel's Barbie products, and the market share of Mattel's Barbie products.

12   Further, Mattel contends that statements to lenders or investors relating to Bratz or Bryant may

13   also contain admissions regarding the origin and conception of Bratz and statements relevant to

     damages.

14         Larian contends that the requests are overbroad and unduly burdensome, particularly

15   because several of the requests seek publicly available information.  Further, Larian points out

16   that the court has already considered and rejected as overbroad a nearly identical request served

17   on MGA that called for all documents relating to any communications by MGA with any news

18   organization regarding the contested MGA products or the contested Mattel products.  Larian

19   contends that the same reasoning applies to the instant requests.

20         Mattel's motion to compel documents responsive to Request Nos. 190-192, 194-197 and

21   199 is denied.  Although several of the requests encompass potentially relevant documents, the

22   requests are overbroad and encompass documents that have little to no relevance to the claims and

23   defenses in the case.  Not one of the requests is limited to relevant subject matters, such as Bratz's

24   sales, Bratz's market share, Bratz's position relative to Mattel's Barbie products, sales of Mattel's

25   Barbie products, the market share of Mattel's Barbie products, the origin and conception of Bratz,

26   or damages.

27   //

28

1    Furthermore, many of these overbroad requests seek publicly available information that is

2    readily accessible to Mattel for which Larian should not be burdened.  To the extent the requested

3    documents and information are not publicly available, such documents and information are

4    marginally, if at all, relevant because they are not likely to have caused Mattel compensable harm.

5    In either case, the burden and expense of searching for and producing responsive documents are

6    unjustified.

7

8    Communications With Mattel Employees:  Request No. 198

9        In Request No. 198, Mattel seeks all communications between Larian and any individual

     while the individual was employed by Mattel.  Mattel contends that this request is directly

10   relevant to Mattel's claims of trade secret theft, and that the relevancy outweighs any purported

11   burden of production.

12       Larian contends that the request is overbroad and unduly burdensome because it is

13   unrestricted as to time and subject matter.  Larian also points out that the court has previously

14   found a similar request overbroad.  Larian further contends that employees in the toy industry are

15   likely to maintain contacts with other toy manufacturers, and that a large corporation such as

16   Mattel is likely to have a high number of employees communicating with MGA or its officers,

17   which makes the request more unduly burdensome and unreasonable than it appears on its face.

18       Unlike other requests regarding communications, Request No. 198 is reasonably tailored

19   to the specific and numerous allegations in the case regarding alleged trade secret theft.  Although

20   the request is not limited by subject matter, it is limited in other respects to seek relevant

21   documents without imposing an undue burden.  The request is limited to communications

22   between Larian (and not MGA or persons acting on his behalf) and individuals employed at

23   Mattel.  The request is also limited to only those communications that took place while the

24   individuals were employed at Mattel.

25       Nevertheless, an additional temporal limit is appropriate to tailor the request to Mattel's

26   allegations of trade secret theft.  The alleged trade secret theft began with Bryant's conduct in

27   1999 and continued to 2005.  Accordingly, Larian shall produce documents responsive to Request

28

1    No. 198 that are limited to the time frame 1999 to 2005.

2

3    Personal Financial Data:  Request Nos. 207-209 and 269

4         In Request No. 207, Mattel seeks documents sufficient to identify each of Larian's banks

5    or financial institutions and other banking relationships since January 1, 1999.  In Request No.

6    208, Mattel seeks documents sufficient to establish Larian's gross income and sources for such

7    income for each year from 1999 to the present.  In Request No. 209, Mattel seeks Larian's federal

8    and state tax returns for each year from 1999 to the present.  In Request No. 269, Mattel seeks

9    documents sufficient to show or calculate Larian's net worth on a yearly basis for each year from

10   1999 to the present.

11        Mattel contends that Request No. 207 seeks information reasonably calculated to lead to

12   information showing the timing of payments to Bryant and others, which in turn is relevant to the

13   timing of the development of Bratz and issues of credibility.  Mattel contends that Request Nos.

14   208-209 and 269 seek non-privileged information that is directly relevant to Larian's financial

15   condition, which in turn is relevant to damages.  Further, Mattel contends that it is entitled to

16   information regarding the sources of Larian's income to determine whether they are attributable

     to the alleged misconduct and thus subject to disgorgement.

17        Larian contends that the requested personal financial information is not relevant to the

18   claims or defenses at issue.  More specifically, Larian contends that neither the names of his

19   banks nor his gross income have any bearing upon either compensatory or punitive damages or

20   Mattel's claim for disgorgement of profits.  Larian further contends that there is no support for

21   Mattel's supposition that Larian has siphoned off MGA assets for his own personal benefit.

22        Larian also contends that all three of the requests overlap substantially with requests

23   Mattel previously propounded upon MGA, and that Mattel has failed to justify the duplication or

24   burden posed by these requests to him.  Further, Larian contends that the court has previously

25   found that Mattel was not entitled to obtain tax returns from Bryant, and that Mattel has offered

26   no reason why the same result should not apply here.

27        Mattel's motion to compel responses to Request Nos. 207-208 and 269 is granted.  The

28

requests are reasonably calculated to lead to the discovery of admissible evidence relevant to several issues in the case. For example, the requested information is likely to lead to information regarding payments from Larian to Bryant, which is relevant to, among other things, the timing of the creation of Bratz. The requested information is also likely to show Larian's income and net worth, which are relevant to damages. Further, Larian has failed to establish that the requests are unduly burdensome. Although Mattel has sought and obtained broad discovery of financial information from MGA, Mattel is also entitled to seek financial information directly from Larian.

Mattel's motion is denied as to Request No. 209, provided that Larian complies with Request Nos. 207, 208 and 269. In light of the discovery of financial information ordered herein and other requests propounded to MGA, Mattel has not shown a compelling need for Larian's tax returns.

Storage Devices:  Request Nos. 222 and 224

In Request Nos. 222 and 224, Mattel seeks digital storage devices and documents relating to digital storage devices used by Larian to create, prepare, generate, copy, transmit, receive, delete or modify digital information relating to Bratz, Angel, or Bryant. Mattel contends that a request for documents under Rule 34, Fed.R.Civ.P., operates as a request for documents stored in electronic form. Mattel also contends that Rule 34 permits a party to obtain and test computer hard drives and other storage devices.

Larian contends that the requests are overbroad, unduly burdensome, duplicative, and ignore his privilege and privacy interests. Larian also objects to an inspection of his actual hard drives or other storage devices based upon the Committee Note to Rule 34, Fed.R.Civ.P., which states that the amendment of Rule 34 relating to "electronically stored information is not meant to create a routine right of direct access to a party's electronic information system." See Fed.R.Civ.P. 34(a)(1), 2006 Adv. Comm. Notes. Larian contends that there is no justification for an inspection of his electronic devices because there is no allegation that he improperly deleted documents.

Mattel's motion to compel documents responsive to Request Nos. 222 and 224 is denied.

1   With respect to Request No. 222, Larian correctly notes that Rule 34 was not intended to

2   authorize the routine production of a party's electronic devices. Mattel attempts to justify

3   Request No. 222 by pointing to various instances of alleged destruction of evidence. See Mattel's

4   Consolidated Separate Statement at pp. 203-204 (purported destruction of Larian's computer

5   laptops; "wiping" information from the hard drives of Larian's computer laptops every six

6   months; redacting  "Barbie Collectibles" from a faxed version of Bryant's Bratz agreement; and

7   destructive testing of Bryant's original Bratz drawings).  However, Mattel fails to explain how

8   these alleged instances of evidence destruction justify Request No. 222, other than to assert that it

9   has a right to inspect Larian's storage devices to ensure that relevant information has not been

10   deleted or permanently destroyed.  Mattel's stated purpose suggests instead that Mattel is

11   launching a fishing expedition in pursuit of new claims, which is not permitted by the Federal

12   Rules of Civil Procedure. See e.g. Rivera v. NIBCO, Inc., supra.  Furthermore, Mattel's stated

13   purpose for inspecting Larian's storage devices does not justify the breadth of Request No. 222.

14   Among other things, Request No. 222 encompasses every storage device that Larian has used to

15   copy digital information relating to Bratz.  Mattel does not need every CD and DVD containing

     copies of Bratz-related video and audio content, but that is what the request seeks.

16        Request No. 222 is also duplicative because it requests information that is sought in

17   numerous other requests served on Larian as well as MGA.  Mattel has served hundreds of

18   requests for documents and communications relating to Bratz, Angel, and Bryant.  To comply

19   with the requests, Larian was required to search for documents in both hard-copy and electronic

20   form.  Under the circumstances, it is unnecessary for Larian to also produce the requested storage

21   devices.

22        Documents responsive to Request No. 224 are minimally relevant (if at all) to the claims

23   and defenses in the case, and therefore do not justify the burden of production on Larian.

24

25   Bryant's Storage Devices:  Request Nos. 225, 227 and 228

26        In Request Nos. 225, 227 and 228, Mattel seeks digital storage devices and documents

27   relating to digital storage devices used by Bryant to create, prepare, generate, copy, transmit,

28

1    receive, delete or modify digital information relating to Bratz, Angel, or MGA.

2           Larian contends that the requests are improperly directed to him because he does not have

3    personal possession of Bryant's hard drive or storage devices, or other information about those

4    devices.  Mattel's Consolidated Separate Statement at p. 206.  Larian also contends that the

5    requests are overbroad and unduly burdensome for the reasons discussed above in connection

6    with Request Nos. 222 and 224.

7           Mattel's motion to compel documents responsive to Request Nos. 225, 227 and 228 is

8    denied for the reasons already discussed in connection with Request Nos. 222 and 224.

9
10   MGA Hong Kong and MGA Mexico:  Request Nos. 272 and 273

11          In Request Nos. 272 and 273, Mattel seeks documents relating to the ownership of MGA

12   Entertainment HK Ltd. ("MGA Hong Kong") and MGAE de Mexico S.r.l. de C.V. ("MGA

13   Mexico"), both of which are named defendants.  In his supplemental responses, Larian agrees to

     produce documents sufficient to show the ownership of these entities.

14          Mattel contends that the requests seek information relevant to refute MGA Mexico's

15   personal jurisdiction defense, and which bear on whether the acts of Larian and others are

16   attributable to the entities.  Mattel also contends that Larian's (or MGA's ) ownership interest in

17   these companies is relevant to net worth.  Mattel contends that Larian's supplemental response is

18   inadequate because it would allow Larian to withhold contradictory information and conceal the

19   true ownership of the business entities.  Furthermore, Mattel contends that it is entitled to know

20   the ownership of these entities at times when different allegedly wrongful acts took place and to

21   determine if the ownership structure changed as a means of concealing assets or concealing the

22   payments of commercial bribes.

23          Larian contends that these requests should not be made to him, but to the entities

24   themselves or to MGA.  Further, Larian contends that the requests are duplicative of a request

25   Mattel served on MGA Mexico, another request served on MGA Hong Kong, and another request

26   served on MGA.  Moreover, Larian contends that the requests are overbroad and unduly

27   burdensome, and that at most, he should only have to produce a list of owners.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

18

Mattel contends that Larian cannot avoid his duty to respond to these requests simply by saying that the information is obtainable from another source. Further, Mattel contends that Larian has failed to establish that the requests are unduly burdensome.

Mattel's motion to compel documents responsive to Request Nos. 272-273 is denied pursuant to Rule 26(b)(2), Fed.R.Civ.P., because the requested information is clearly obtainable from another source that is more convenient, less burdensome, or less expensive, namely MGA Mexico and MGA Hong Kong. The requests are also overbroad and unduly burdensome.

## IV. CONCLUSION

For the reasons set forth above, it is hereby ordered as follows:

1. At meet and confer sessions held after the filing of this motion, Larian agreed to produce documents in response to Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-76, 82-101, 139-146, 213, 221 and 223. Accordingly, Larian shall produce, without limitation, all non-privileged documents that are responsive to these Requests.

2. With respect to the remaining requests that are at issue in this motion, Larian shall:

    A. produce, without limitation, all non-privileged documents that are responsive to Request Nos. 79, 180, 198 (for the time period 1999-2005), 207, 208 and 269; and

    B. produce, in accordance with his supplemental responses, non-privileged documents that are responsive to Request Nos. 80, 81, 113-115, 123-125, 179, 181 and 209.

    C. Larian may produce documents responsive to Request Nos. 179, 180 and 181 in redacted form as provided herein.

    D. Mattel's motion is denied as to Request No. 178, 190-192, 194-197, 199, 209, 222, 224, 225, 227, 228, 272 and 273.

3. Larian shall produce all non-privileged documents that are required by this Order that are in his possession, custody or control and that have not already been produced no later than January 11, 2008.

4. Larian shall produce a privilege log no later than January 15, 2008.

1      5.      Mattel's request for sanctions is denied.

2      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

3  Master, Mattel shall file this Order with the Clerk of Court forthwith.

4

5  Dated: December 31, 2007

                                          HON. EDWARD A. INFANTE (Ret.)
6                                          Discovery Master

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

Jan-04-05   06:37pm   From-QUINN EMANUEL                     T-631   P.023/120   F-128

COPY

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     Michael T. Zeller (Bar No. 196417)
      Jon D. Corey (Bar No. 185066)
3   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
4   Tel.: (213) 443-3000
    Fax: (213) 443-3100
5
6   Attorneys for Plaintiff and Counter-Defendant
    Mattel, Inc.

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11

12   MATTEL, INC., a Delaware corporation,   Case No. CV 04-09059 NM (RNBx)

13                  Plaintiff,              **DISCOVERY MATTER**

14        v.                                PLAINTIFF MATTEL, INC.'S
                                            NOTICE OF MOTION AND
15   CARTER BRYANT, an individual,          MOTION TO COMPEL
                                            PRODUCTION OF DOCUMENTS
16                  Defendant.
                                            [Local Rule 37]
17   _____

18   CARTER BRYANT, on behalf of            Hearing Date:   January 25, 2005
     himself, all present and former employees   Time:       9:30 a.m.
19   of Mattel, Inc., and the general public,   Courtroom:    540

20                  Counterclaimant,        Hon. Robert N. Block

21        v.

22   MATTEL, INC., a Delaware corporation,

23                  Counter-defendant.

24

25

26

27

28

07272/627823.2

                                            MATTEL'S MOTION TO COMPEL

NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

       PLEASE TAKE NOTICE that on January 25, 2005, at 9:30 a.m., or as soon thereafter as counsel may be heard in the courtroom of United States Magistrate Judge Robert N. Block, located at 255 East Temple St., Los Angeles, California, plaintiff Mattel, Inc. ("Mattel") will, and hereby does move, pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37 for an Order compelling defendant Carter Bryant ("Bryant") to produce documents and responsive to Mattel's First Set of Requests for the Production of Documents and Things.

       This Motion is based upon this Notice of Motion and Motion; Mattel's portions of the Joint Stipulation filed concurrently herewith; the Declaration of Michael T. Zeller, dated January 4, 2005 and filed concurrently herewith; all pleadings and papers on file in this action; such other matters as may be presented to the Court at the hearing; and all other matters of which this Court may take judicial notice.

DATED:  January 4, 2005

                             QUINN EMANUEL URQUHART
                             OLIVER & HEDGES, LLP

                            By
                              Tania M. Krebs
                              Attorneys for Plaintiff
                              Mattel, Inc.

1

**PROOF OF SERVICE**
1013A(3) CCP Revised 5/1/88

2  STATE OF CALIFORNIA )
   COUNTY OF LOS ANGELES )

3       I am employed in the county of Los Angeles State of California. I am over the age of 18
   and not a party to the within action; my business address is: 1301 West Second Street, Suite 206,
4  Los Angeles, California 90026.

5       On January 4, 2005, I served the foregoing document described as **PLAINTIFF**
   **MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION**
6  **OF DOCUMENTS** on all interested parties in this action.

7

8  | Robert F. Millman, Esq. | Diana M. Torres, Esq. |
   | Douglas A. Wickham, Esq. | O'Melveney & Meyers |
9  | Keith A. Jacoby, Esq. | 400 S. Hope Street |
   | Littler Mendelson | Los Angeles, CA 90071 |
   | A Professional Corporation | Phone: 213-430-6000 |
10 | 2049 Century Park East, 5th Floor | Fax: 213-430-6407 |
   | Los Angeles, California 90067-3107 | |
11 | Phone: 310-553-0308 | |
   | Fax: 310-553-5583 | |

12

13 [ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed
        as follows:
14
   [ ]   **BY MAIL**
15
   [ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed
16        with postage thereon fully prepaid.

17 [ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing
        correspondence for mailing. Under that practice it would be deposited with U.S. postal
18        service on that same day with postage thereon fully prepaid at Los Angeles, California in the
        ordinary course of business. I am aware that on motion of the party served, service is
19        presumed invalid if postal cancellation date or postage meter date is more than one day after
        date of deposit for mailing in affidavit.

20 [ ]   **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent
        by <u>Federal Express</u>.
21
   [X]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)
22        set forth above on this date.

23 [ X ] **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

24 Executed on **January 4, 2005**, at Los Angeles, California.

25 [ ]   (State) I declare under penalty of perjury under the laws of the State of California that the
        above is true and correct.
26
   [X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at
27        whose direction the service was made.

28 _____              _____
   Print Name                               Signature

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     Michael T. Zeller (Bar No. 196417)
      Jon D. Corey (Bar No. 185066)
3   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
4   Tel.: (213) 443-3000
    Fax: (213) 443-3100
5
    Attorneys for Plaintiff and Counter-Defendant
6   Mattel, Inc.

7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11

12   MATTEL, INC., a Delaware corporation,    Case No. CV 04-09059 NM (RNBx)

13              Plaintiff,                     **DISCOVERY MATTER**

14        v.                                   PLAINTIFF MATTEL, INC.'S
                                               NOTICE OF MOTION AND
15   CARTER BRYANT, an individual,            MOTION TO COMPEL
                                               PRODUCTION OF DOCUMENTS
16              Defendant.
                                               [Local Rule 37]
17

18   CARTER BRYANT, on behalf of              Hearing Date:   January 25, 2005
     himself, all present and former employees Time:          9:30 a.m.
19   of Mattel, Inc., and the general public,  Courtroom:      540

20              Counterclaimant,               Hon. Robert N. Block

21        v.

22   MATTEL, INC., a Delaware corporation,

23              Counter-defendant.

24

25

26

27

28

07272/627823.2

                                      MATTEL'S MOTION TO COMPEL

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 25, 2005, at 9:30 a.m., or as soon thereafter as counsel may be heard in the courtroom of United States Magistrate Judge Robert N. Block, located at 255 East Temple St., Los Angeles, California, plaintiff Mattel, Inc. ("Mattel") will, and hereby does move, pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37 for an Order compelling defendant Carter Bryant ("Bryant") to produce documents and responsive to Mattel's First Set of Requests for the Production of Documents and Things.

This Motion is based upon this Notice of Motion and Motion; Mattel's portions of the Joint Stipulation filed concurrently herewith; the Declaration of Michael T. Zeller, dated January 4, 2005 and filed concurrently herewith; all pleadings and papers on file in this action; such other matters as may be presented to the Court at the hearing; and all other matters of which this Court may take judicial notice.

DATED: January 4, 2005

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By
Tania M. Krebs
Attorneys for Plaintiff
Mattel, Inc.

**PROOF OF SERVICE**

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On **January 4, 2005**, I served the foregoing document described as **PLAINTIFF MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS** on all interested parties in this action.

| | |
|---|---|
| Robert F. Millman, Esq.<br>Douglas A. Wickham, Esq.<br>Keith A. Jacoby, Esq.<br>Littler Mendelson<br>A Professional Corporation<br>2049 Century Park East, 5th Floor<br>Los Angeles, California 90067-3107<br>Phone: 310-553-0308<br>Fax: 310-553-5583 | Diana M. Torres, Esq.<br>O'Melveny & Meyers<br>400 S. Hope Street<br>Los Angeles, CA 90071<br>Phone: 213-430-6000<br>Fax: 213-430-6407 |

[ ]     By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]     **BY MAIL**

[ ]     I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]     **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

[X]     **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ X ]     **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on **January 4, 2005**, at Los Angeles, California.

[ ]     (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]     (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Print Name

_____
Signature

EXHIBIT C

1    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       John B. Quinn (Bar No. 90378)
2      Michael T. Zeller (Bar No. 196417)
     865 South Figueroa Street, 10th Floor
3    Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
4    Facsimile: (213) 443-3100

5    Attorneys for Plaintiff
     Mattel, Inc.

6

7                       UNITED STATES DISTRICT COURT

8                      CENTRAL DISTRICT OF CALIFORNIA

9                             WESTERN DIVISION

10

11   MATTEL, INC., a Delaware              )   Case No. CV 04-3431 NM (RNBx)
                                           )
12   corporation,                          )
                                           )   PLAINTIFF MATTEL, INC.'S
13               Plaintiff,                )   FIRST SET OF REQUESTS FOR
                                           )   THE PRODUCTION OF
14        v.                               )   DOCUMENTS AND TANGIBLE
                                           )   THINGS TO DEFENDANT
15   CARTER BRYANT, an individual; and     )   CARTER BRYANT
     DOES 1 through 10, inclusive,         )
16                                         )
                 Defendants.               )
17

18

19

20

21

22

23

24

25

26

27

28

02284/588892.2

                                              MATTEL'S DOCUMENT REQUESTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff Mattel, Inc. ("Mattel") hereby requests that defendant Carter Bryant produce the following documents and tangible things within thirty days hereof at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, located at 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543. Defendant shall be obligated to supplement responses to these requests at such times and to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

## Definitions

1.     "YOU" or "YOUR" means defendant Carter Bryant and any of his current or former agents, representatives, attorneys, employees, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

2.     "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

3.     "BRATZ" means any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Bratz" (regardless of what such doll is or has been also or previously called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and all prototypes, models, samples and versions of such doll or any portion thereof.

4.     "REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

5.     "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

6.     "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved.   Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

7.     "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note,

memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

8.   "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

9.   The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and *vice versa*, whenever such construction results in a broader disclosure of documents or information.

## Instructions

A.   Unless otherwise specified, these requests call for DOCUMENTS prepared on or after January 1, 1995 through the present.  Documents shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such document is taken shall be copied and appended to such document and the person for whom or department, division, or office for which the document or the file folder is maintained shall be identified.

B.   In the event that any document called for by these requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that document is to be identified by stating (i) any addressor and addressee; (ii) any indicated or blind copy; (iii) the document's date, subject matter, number of pages,

and attachments or appendices; (iv) all persons to whom the document was distributed, shown, or explained; (v) its present custodian; and (vi) the nature of the privilege or immunity asserted.

C.   In the event that any document called for by these requests has been destroyed or discarded, that document is to be identified by stating: (i) any addressor and addressee; (ii) any indicated or blind copies; (iii) the document's date, subject matter, number of pages, and attachments or appendices; (iv) all persons to whom the document was distributed, shown, or explained; (v) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (vi) the persons who were authorized to carry out such destruction or discard; and (vii) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

<u>Requests for Production</u>

<u>REQUEST FOR PRODUCTION NO. 1</u>:

All DOCUMENTS that REFER OR RELATE TO any work or services pertaining to dolls, doll accessories or toys that YOU performed for or on behalf of any PERSON other than Mattel, Inc. during the time period(s) that YOU were employed by Mattel, Inc.

<u>REQUEST FOR PRODUCTION NO. 2</u>:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and any PERSON pertaining in any manner to any doll, doll accessory or toy that was proposed, offered, discussed, negotiated or executed during the time period(s) that YOU were employed by Mattel, Inc., including without limitation all drafts thereof and all COMMUNICATIONS that REFER OR RELATE TO such agreement or contract.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, for or on behalf of any PERSON other than Mattel, Inc. during the time period(s) that YOU were employed by Mattel, Inc.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that REFER OR RELATE TO DESIGNS for any doll, doll accessory or toy that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to October 21, 2000.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Mattel, Inc.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that REFER OR RELATE TO any work or services YOU performed for or on behalf of Mattel, Inc. during the time period(s) that YOU were employed by Mattel, Inc.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, for or on behalf of Mattel, Inc. during the time period(s) that YOU were employed by Mattel, Inc.

MATTEL'S DOCUMENT REQUESTS

02284/588892.2

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS sufficient to identify each and every PERSON for whom or on whose behalf YOU have performed any work or services, including without limitation any freelance work or consulting services, since January 1, 1995.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that REFER OR RELATE TO any copyright, patent or any other application or registration for DESIGNS that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, since January 1, 1995, including without limitation all COMMUNICATIONS pertaining thereto.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS that REFER OR RELATE TO work or services, including without limitation any freelance work or consulting services, that YOU performed for or on behalf of MGA during that time period(s) that YOU were employed by Mattel, Inc.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that REFER OR RELATE TO work or services, including without limitation any freelance work or consulting services, that YOU performed for or on behalf of MGA prior to October 21, 2000.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that REFER OR RELATE TO work or services, including without limitation any freelance work or consulting services, that YOU performed for or on behalf of MGA after October 20, 2000.

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and MGA, including without limitation all drafts thereof and all COMMUNICATIONS that REFER OR RELATE TO such agreement or contract.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU, whether alone or jointly with others, produced, created, authored, conceived of or reduced to practice during the time period(s) of YOUR employment by Mattel, Inc. and that YOU have purported to license, offer for license, sell, offer for sale, convey, assign or transfer any right, title or interest in (whether in whole or in part) to any PERSON other than Mattel, Inc., including without limitation to MGA.

REQUEST FOR PRODUCTION NO. 15:

All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, created, authored, conceived of or reduced to practice prior to October 21, 2000 by YOU, whether alone or jointly with others, that YOU have purported to license, offer for license, sell, offer for sale, convey, assign or transfer any right, title or interest in (whether in whole or in part) to any PERSON other than Mattel, Inc., including without limitation to MGA.

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, created, authored, conceived of or reduced to practice after October 20, 2000 by YOU, whether alone or jointly with others, that YOU have purported to license, offer for license, sell, offer for sale, convey, assign or transfer any right, title or interest in (whether in whole or in part) to MGA.

02284/588892.2

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU created, authored, produced, conceived of or reduced to practice during the time period(s) of YOUR employment by Mattel, Inc. as purported "works-made-for-hire" (whether in whole or in part) for or on behalf of MGA.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU created, authored, produced, conceived of or reduced to practice prior to October 21, 2000 as purported "works-made-for-hire" (whether in whole or in part) for or on behalf of MGA.

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU created, authored, produced, conceived of or reduced to practice after October 20, 2000 as purported "works-made-for-hire" (whether in whole or in part) for or on behalf of MGA.

REQUEST FOR PRODUCTION NO. 20:

All COMMUNICATIONS between YOU and MGA that REFER OR RELATE TO Mattel, Inc. or any officer, director, employee or representative of Mattel, Inc.

REQUEST FOR PRODUCTION NO. 21:

All COMMUNICATIONS between YOU and any PERSON, including without limitation MGA, that REFER OR RELATE TO any of YOUR agreements or contracts with Mattel, Inc.

-9-                    MATTEL'S DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 22:**

All COMMUNICATIONS between YOU and MGA that REFER OR RELATE TO any work or services that YOU performed for or on behalf of Mattel, Inc. or YOUR employment by Mattel, Inc.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS between YOU and any officer, director, employee or representative of Mattel, Inc. that REFER OR RELATE TO MGA or BRATZ.

**REQUEST FOR PRODUCTION NO. 24:**

All COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE TO BRATZ, including without limitation to any DESIGNS for BRATZ, prior to October 21, 2000.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS between YOU and MGA prior to October 21, 2000, including without limitation all COMMUNICATIONS between YOU and MGA concerning YOUR performing work or services for or on behalf of MGA.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS between YOU and MGA after October 20, 2000.

**REQUEST FOR PRODUCTION NO. 27:**

All COMMUNICATIONS between YOU and any PERSON, including without limitation MGA, that REFER OR RELATE TO any DESIGNS that YOU

produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 28:

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by any PERSON other than Mattel, Inc., including without limitation by MGA, for work, activities or services that YOU performed during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 29:

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by any PERSON other than Mattel, Inc., including without limitation by MGA, for DESIGNS that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 30:

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for services or work that YOU performed for or on behalf of MGA during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 31:

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for services or work that YOU performed for or on behalf of MGA prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 32:

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for services or work that YOU performed for or on behalf of MGA after October 20, 2000.

REQUEST FOR PRODUCTION NO. 33:

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for any DESIGNS, or for any right, title or interest in any DESIGNS, that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for any DESIGNS, or for any right, title or interest in any DESIGNS, that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, after October 20, 2000.

REQUEST FOR PRODUCTION NO. 35:

All of YOUR royalty statements from MGA.

REQUEST FOR PRODUCTION NO. 36:

All DOCUMENTS that REFER OR RELATE TO BRATZ, including without limitation all DOCUMENTS that REFER OR RELATE TO the conception, creation, design, development, engineering or sculpting of BRATZ.

REQUEST FOR PRODUCTION NO. 37:

All DOCUMENTS that REFER OR RELATE TO work, activities or services that YOU performed concerning BRATZ during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 38:

All DOCUMENTS that REFER OR RELATE TO work, activities or services that YOU performed concerning BRATZ prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 39:

All DOCUMENTS that REFER OR RELATE TO work, activities or services that YOU performed concerning BRATZ after October 20, 2000.

REQUEST FOR PRODUCTION NO. 40:

All DOCUMENTS that REFER OR RELATE TO YOUR participation in the conception, creation, design, development, sculpting, tooling, production or manufacture of BRATZ.

REQUEST FOR PRODUCTION NO. 41:

All DOCUMENTS that REFER OR RELATE TO DESIGNS for BRATZ.

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS that REFER OR RELATE TO DESIGNS for BRATZ that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS that REFER OR RELATE TO any right, title or interest that YOU claim, or ever have claimed, to have or own in BRATZ or any DESIGN for BRATZ.

REQUEST FOR PRODUCTION NO. 44:

All DOCUMENTS that REFER OR RELATE TO any amount that YOU have been paid for the license, sale, conveyance, assignment or transfer of any right, title or interest that YOU claim, or ever have claimed, to have or own in BRATZ or any DESIGN for BRATZ.

REQUEST FOR PRODUCTION NO. 45:

All DOCUMENTS that REFER OR RELATE TO any amount that YOU have been paid by any PERSON other Mattel, Inc. for the license, sale, conveyance, assignment or transfer of any right, title or interest in any DESIGN, including without limitation for any DESIGN for BRATZ, that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 46:

All DOCUMENTS that REFER OR RELATE TO any work, activities or services that YOU performed in connection with dolls, doll accessories or toys between April 30, 1998 and January 4, 1999.

REQUEST FOR PRODUCTION NO. 47:

All DOCUMENTS that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced, created, authored, conceived of or

1  reduced to practice, whether alone or jointly with others, between April 30, 1998 and
2  January 4, 1999.

3

4  REQUEST FOR PRODUCTION NO. 48:
5          All DOCUMENTS that REFER OR RELATE TO this action, including
6  without limitation all DOCUMENTS that REFER OR RELATE TO any
7  indemnification that YOU have sought, proposed, requested or obtained in
8  connection with the claims asserted in this action.

9

10  REQUEST FOR PRODUCTION NO. 49:
11          All DOCUMENTS that YOU obtained during the course of YOUR
12  employment by Mattel, Inc. that REFER OR RELATE TO dolls, doll accessories or
13  toys.

14

15  REQUEST FOR PRODUCTION NO. 50:
16          All DOCUMENTS that REFER OR RELATE TO Mattel, Inc., or that
17  were prepared, authored or created by Mattel, Inc. or any officer, director, employee
18  or representative of Mattel, Inc., that YOU have ever provided to, shown, described
19  to, communicated to or disclosed in any manner to MGA.

20

21  REQUEST FOR PRODUCTION NO. 51:
22          All prototypes, models and samples that REFER OR RELATE TO
23  DESIGNS that YOU produced, created, authored, conceived of or reduced to
24  practice, whether alone or jointly with others, during the time period(s) that YOU
25  were employed by Mattel, Inc.

26

27

28

02284/588892.2

REQUEST FOR PRODUCTION NO. 52:

All prototypes, models, samples and tangible items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 53:

All prototypes, models, samples and tangible items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, after October 20, 2000.

REQUEST FOR PRODUCTION NO. 54:

All prototypes, models, samples and tangible items that REFER OR RELATE TO BRATZ.

REQUEST FOR PRODUCTION NO. 55:

All DOCUMENTS and all prototypes, models, samples and tangible items that support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

DATED:  June 14, 2004

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By  *Michael T. Zeller*
Michael T. Zeller
Attorneys for Plaintiff
Mattel, Inc.

MATTEL'S DOCUMENT REQUESTS

02284/588892.2

1

### PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

2  STATE OF CALIFORNIA )
   COUNTY OF LOS ANGELES )

3

4      I am employed in the county of Los Angeles  State of California.  I am over the age of 18
   and not a party to the within action; my business address is: 1055 W. 7th Street, Suite 250, Los
   Angeles, CA 90017.

5

6      On June 14, 2004, I served the foregoing document(s) described as **PLAINTIFF
   MATTEL, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF
   DOCUMENTS AND TANGIBLE THINGS TO DEFENDANT CARTER BRYANT** on all

7  interested parties in this action.

8                    **Robert F. Millman, Esq.**
                    **Doughlas A. Wickham, Esq.**
9                       **Littler Mendelson**
                    **A Professional Corporation**
10                  **2049 Century Park East, 5th Floor**
                 **Los Angeles, California 90067-3107**

11
   [ ]  By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed
12       as follows:

13  [ ]  **BY MAIL**

14  [ ]  I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed
         with postage thereon fully prepaid.

15
   [ ]  As follows:  I am "readily familiar" with the firm's practice of collection and processing
16       correspondence for mailing.  Under that practice it would be deposited with U.S. postal
         service on that same day with postage thereon fully prepaid at Los Angeles, California in the
17       ordinary course of business.  I am aware that on motion of the party served, service is
         presumed invalid if postal cancellation date or postage meter date is more than one day after
18       date of deposit for mailing in affidavit.

19  [ ]  **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent
         by Federal Express.

20
   [ ]  **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)
21       set forth below on this date.

22  [X]  **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

23  Executed on June 14, 2004, at Los Angeles, California.

24  [ ]  (State) I declare under penalty of perjury under the laws of the State of California that the
         above is true and correct.

25
   [X]  (Federal) I declare that I am employed in the office of a member of the bar of this court at
26       whose direction the service was made.

27  _____              _____
   Print Name                            Signature
28