# EXHIBIT M

KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>       v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>                    Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>DISCOVERY MATTER<br><br>[To be heard by Discovery Master Hon. Edward Infante (Ret.)]<br><br>**OPPOSITION TO MATTEL INC.'S MOTION FOR ADDITIONAL TIME AND/OR TO REOPEN THE DEPOSITION OF CARTER BRYANT FOR ALL PURPOSES AND TO OVERRULE ADDITIONAL INSTRUCTIONS NOT TO ANSWER AT THE DEPOSITION**<br><br>Date:      TBA<br>Time:      TBA<br>Place:     Telephonic<br><br>Discovery Cut-Off:  Jan. 14, 2008<br>Pre-Trial Conference:  Apr. 7, 2008<br>Trial Date:  Apr. 29, 2008 |

OPPOSITION TO MATTEL INC.'S MOTION FOR ADDITIONAL TIME AND/OR TO REOPEN THE
DEPOSITION OF CARTER BRYANT FOR ALL PURPOSES AND TO OVERRULE ADDITIONAL
INSTRUCTIONS NOT TO ANSWER AT THE DEPOSITION
CASE NO. CV 04-09049 SGL (RNBx)

401155.01

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   BACKGROUND .................................................................................................. 2

    A.   Mattel insists on deposing Carter Bryant prior to the conclusion of written discovery, and deposes him for three days in November 2004. ................................................................. 2

    B.   Three years later, Mattel moves to reopen Mr. Bryant's deposition testimony based on improper privilege instructions from counsel. ......................................................... 4

    C.   The Discovery Master grants Mattel 2 hours of additional deposition testimony, and limits the scope of the examination. ................................................................................. 4

    D.   Months later, Mattel states that it is considering moving – again – to reopen Mr. Bryant's Deposition. ................................. 5

    E.   Now Mattel demands that the Court again review and overrule instructions made during Bryant's deposition, and asks for three additional days of deposition testimony. ....................... 6

III.  ARGUMENT ....................................................................................................... 6

    A.   Mattel has failed to show need or good reason for reopening Mr. Bryant's deposition. ...................................................... 6

    B.   Production of documents and other discovery since November 2004 do not support Mattel's second motion to reopen Mr. Bryant's deposition. .......................................... 8

        1.   Mattel had access to virtually all the "new documents" prior to filing its February Motion ......................... 8

        2.   The production of the MGA/Bryant fee agreement does not justify reopening Mr. Bryant's deposition. .................. 9

        3.   Mattel already deposed Mr. Bryant about the "Bratz drawings" depicted in the documents that Mattel now claims support an additional 21 hours of deposition testimony ......................................................................... 10

        4.   Mattel is affirmatively misleading the Court regarding "Carter Bryant's" computer. ......................................... 11

    C.   Claims filed since Mr. Bryant's first deposition provide no basis for the reopening of Bryant's deposition. ......................... 13

    D.   Mattel's attempt to overrule additional instructions should be denied. ..................................................................... 14

i

**OPPOSITION TO MATTEL INC.'S MOTION FOR ADDITIONAL TIME AND/OR TO REOPEN THE DEPOSITION OF CARTER BRYANT FOR ALL PURPOSES AND TO OVERRULE ADDITIONAL INSTRUCTIONS NOT TO ANSWER AT THE DEPOSITION**
CASE NO. CV 04-09049 SGL (RNBx)

401155.01

1.   Mattel's new objections are largely duplicative of similar objections propounded in Mattel's February 2007 Motion to Overrule Instructions. ........................................ 14

2.   Mattel's attempt to revive objections to counsel's conduct during the deposition should be denied. ..................... 17

IV.   CONCLUSION ......................................................... 18

ii

401155.01

# TABLE OF AUTHORITIES

## FEDERAL CASES

Dixon v. CertainTeed Corp.
164 F.R.D. 685 (D. Kan. 1996) ..................................................6

Keithley v. Homestore.com, Inc.
2006 WL 1646119 (N.D. Cal. 2006) ..........................................13

Communications Center, Inc. v. Hewitt
2005 WL 3277983 (E.D. Cal. 2005)...........................................12

Fresenius Medical Care Holdings, Inc. v. Roxanne Laboratories, Inc.
2007 WL 764302 (S.D.Ohio, Mar. 9, 2007).................................7

Kucala Enterprises, Ltd. v. Automobile Wax Company, Inc.
2003 WL 22433095 (N.D. Ill. 2003) ..........................................12

Lowery v. Noble Drilling Corp.
1997 WL 675328 (E.D.La. October 29, 1997)..............................7

## MISCELLANEOUS

Cal. Bus. & Prof. C. § 6149 .......................................................9

Moore's Fed. Practice 3d § 30.05[1][c] ......................................8

iii

OPPOSITION TO MATTEL INC.'S MOTION FOR ADDITIONAL TIME AND/OR TO REOPEN THE
DEPOSITION OF CARTER BRYANT FOR ALL PURPOSES AND TO OVERRULE ADDITIONAL
INSTRUCTIONS NOT TO ANSWER AT THE DEPOSITION
CASE NO. CV 04-09049 SGL (RNBx)

401155.01

# I.   INTRODUCTION

It is not often that a litigant asks the Court to reconsider a motion that it has already brought *and won.*  But that is precisely what Mattel asks here.

In 2004, Mattel made the tactical decision to depose Carter Bryant at the outset of the case, when the parties had barely begun document discovery.  That is a tactical choice every litigant faces, as regards every witness:  take his deposition early, before he knows the evidence and testimony from other sources, or take it towards the end of discovery, when the record is fuller but the witness is better prepared?  Mattel chose to take Mr. Bryant "right out of the box," and deposed Mr. Bryant for three full days.

Nearly three years later, Mattel sought—and received—a small second bite of the apple.  In February of this year, it moved to compel a further deposition of Mr. Bryant based on a number of instructions not to answer based on privilege grounds ("Mattel's February Motion").  This Court, on March 7, granted that motion, overruling some of counsel's instructions and ordering Mr. Bryant to sit for an additional two hours to answer those specific questions.  But instead of scheduling that deposition, Mattel has now renewed the same motion.  Having gotten two hours of nose under the tent, Mattel wants to reargue the same motion in order to push through an incredible *twenty-one hours* worth of camel.

If Mattel had a problem with the Court's March 7 ruling on its original motion to reopen, its recourse was to file objections with Judge Larson.  It chose not to, and the order on that motion is now final.

Instead, Mattel attempts to dress up and revive the February Motion in the hyperbolic clothing of "recently produced" or "improperly withheld" documents.  Those claims, however, do not survive scrutiny for myriad reasons.  *First,* virtually all of the documents cited by Mattel in this motion had been produced long before it filed its February Motion.  *Second,* most of the documents cited by Mattel came

1

1  not from Mr. Bryant but from other parties or non-parties. Mattel's tactical choice

2  to depose Mr. Bryant before completing discovery from others cannot be laid at

3  Mr. Bryant's feet. If Mattel wanted to assert those documents as a basis to reopen,

4  it could and should have done so the first time around. *Third,* much of Mattel's

5  motion rests on what can only be described as a deliberate attempt to mislead the

6  Court concerning the history and contents of a computer Mr. Bryant owned from

7  2000 through 2003, and had given away long before this lawsuit was filed. As set

8  forth below, Mattel's allegations in this regard are nothing short of deliberate

9  misrepresentations to this Court. *Finally,* Mattel's attempt to overrule 12

10  additional instructions, after moving to overrule 67 instructions just 6 months ago,

11  disregards and second guesses the Court's March 7 order.

12        Mattel made its tactical choice to depose Mr. Bryant "right out of the box."

13  That choice has its upside and its downside. Mattel is not entitled to have it both

14  ways by deposing Mr. Bryant for three days at the start of discovery, and three

15  more at the end. Mr. Bryant respectfully requests that this Court DENY Mattel's

16  Motion for Additional Time and / or to Reopen the Deposition of Carter Bryant

17  ("Mattel's Second Motion").

18

19  ## II.    BACKGROUND

20  **A.    Mattel insists on deposing Carter Bryant prior to the conclusion of written discovery, and deposes him for three days in November 2004.**

21

22        In late April 2004, Mattel filed its complaint in this case, claiming breach of

23  contract, breach of fiduciary duty, breach of the duty of loyalty, unjust enrichment

24  and conversion. Shortly thereafter, Mattel served its first request for production of

25  documents on Bryant,[1] and three days later, Mattel served notice for his

26  deposition.[2]

27  ---

28  [1] Zeller Dec. ISO Mattel's Motion Exh. 1.

[2] Proctor Dec. ISO Mattel's Motion Exh. 13.

OPPOSITION TO MATTEL INC.'S MOTION FOR ADDITIONAL TIME AND/OR TO REOPEN THE
DEPOSITION OF CARTER BRYANT FOR ALL PURPOSES AND TO OVERRULE ADDITIONAL
INSTRUCTIONS NOT TO ANSWER AT THE DEPOSITION
CASE NO. CV 04-09049 SGL (RNBx)

401155.01

1    Prior to the deposition, Mr. Bryant argued that Mattel had refused to produce

2  documents supporting its claims against him, and that such production must

3  precede that deposition.[3]  Mr. Bryant also expressed his concern that "Mattel was

4  seeking to depose [Mr. Bryant] now and then use the excuse of additional

5  documents as a reason to compel him to come back."[4]  As a potential solution,

6  Bryant proposed "phased discovery" which would allow document production to

7  be fully exchanged before depositions would take place.[5]  Mattel refused.[6]  In

8  addition, Bryant moved for a protective order, requesting that Mattel produce

9  certain documents before the deposition.[7]  This motion was granted.[8]

10    At Mattel's insistence, and pursuant to a court order it demanded, Mr.

11  Bryant's deposition commenced on November 4.  The first day of deposition

12  testimony started at 9:10am and ended at 5:00pm.  The following day, November

13  5, Mattel deposed Mr. Bryant again, starting at 9:10am and ending at 4:57pm.  A

14  third day of deposition testimony took place on November 8, and went from

15  10:27am to 5:09pm.[9]  Over the course of those three days of deposition, Mattel

16  conducted approximately 17 hours of examination, excluding breaks.[10]

17

18

19

20  [3] See Declaration of Christa M. Anderson in Support of Opposition to Mattel's Motion ("Anderson Dec.") Exh 1, at 2.

21  [4] Anderson Dec. Exh 1, at 11.  This concern was reiterated in Bryant's September 3, 2004 Motion for Protective Order:  "Mattel's objective in seeking to depose Bryant at this early stage

22  of document discovery is clear:  it wants to ignore the 'one deposition rule' by taking his deposition at once, and then, after more document discovery, take it again." Anderson Exh 2, at

23  1.

     [5] Anderson Dec. Exh 2, at 12, 17.

24  [6] See Anderson Dec. Exh 3, at 16.

25  [7] Anderson Dec. Exh 2 at 12, 17.

26  [8] Anderson Dec. Exh. 4.

27  [9] Anderson Dec. ¶ 16.

     [10] Anderson Dec. ¶ 16.

28

OPPOSITION TO MATTEL INC.'S MOTION FOR ADDITIONAL TIME AND/OR TO REOPEN THE
DEPOSITION OF CARTER BRYANT FOR ALL PURPOSES AND TO OVERRULE ADDITIONAL
INSTRUCTIONS NOT TO ANSWER AT THE DEPOSITION
CASE NO. CV 04-09049 SGL (RNBx)

401155.01

**B.     Three years later, Mattel moves to reopen Mr. Bryant's deposition testimony based on improper privilege instructions from counsel.**

On February 1, 2007, Mattel filed a Motion to Overrule Instructions Not to Answer During the Deposition of Carter Bryant ("Mattel's February Motion"). Mattel's motion listed 67 separate examples of instructions they found inappropriate.  This included many instructions Mattel claimed were "improper privilege instructions" made after counsel had posed questions asking for "Bryant's own understanding."[11]  For example, Mattel objected to the following instruction:[12]

> Q (By Mr. Quinn) It says that, you know, inventions that I create will be owned by the company. Do you have any understanding what those words mean?
>
> MR. WICKHAM:  Counsel, I would – if you – attorney-client privilege.  To the extent your understanding of this phrase, this paragraph, or this document is based on advice of counsel, instruct you not to respond.
>
> MS. CENDALI:  I also object on the grounds of vagueness and time frame.
>
> A  I'm not going to respond.

**C.     The Discovery Master grants Mattel 2 hours of additional deposition testimony, and limits the scope of the examination.**

The Discovery Master granted Mattel's motion in part, and overruled 47 of counsel's objections.[13]  Having reviewed Mattel's motion and reply briefs, and after hearing oral argument, the Court concluded that Mr. Bryant should reappear for a limited amount of time to answer a specific set of questions and "reasonable follow up questions."  Mattel was granted an additional 2 hours of deposition testimony from Bryant.[14]

---

[11] Anderson Dec. Exh 5.

[12] Anderson Dec. Exh 6, Objection 34 (citing Bryant Depo. 641:20-642:5).

[13] Proctor Dec. Exh. 15.

[14] Id.

4

OPPOSITION TO MATTEL INC.'S MOTION FOR ADDITIONAL TIME AND/OR TO REOPEN THE DEPOSITION OF CARTER BRYANT FOR ALL PURPOSES AND TO OVERRULE ADDITIONAL INSTRUCTIONS NOT TO ANSWER AT THE DEPOSITION
CASE NO. CV 04-09049 SGL (RNBx)

401155.01

**D.** **Months later, Mattel states that it is considering moving – again – to reopen Mr. Bryant's Deposition.**

By letter of May 11, Mattel expressed its intention to file a new motion to overrule additional instructions during Mr. Bryant's deposition, and to reopen that deposition for all purposes. Mattel made only one argument why such a motion was warranted: because the Discovery Master's May 4, 2007 order reopened the depositions of Alan Kaye and Ann Driskill "for all purposes," Mr. Bryant's deposition should also be reopened without limitations.[15]

On May 15, Bryant responded, stating that he had reviewed the instructions that Mattel believed warranted additional time above and beyond the 2 hours granted by the Discovery Master.[16] Bryant rejected Mattel's demands, pointing out that those instructions were proper, and that Mattel had tried to create the impression of improper instructions by truncating the citations.

Then, Mattel was silent on the issue for over a month. Finally, on June 19, counsel for Mattel called counsel for Mr. Bryant offering a new argument: that Carter Bryant's deposition should be further extended because of "numerous" late-produced documents.[17] Mattel's counsel, however, did not identify any such documents, and Mr. Bryant's counsel accordingly wrote asking that he do so.[18]

Another month passed and, finally, on July 17, Mattel forwarded a set of documents they contended justify the unlimited reopening of Mr. Bryant's deposition.[19] Those documents, however, establish nothing of the sort. They were, with a single exception, *all* documents that were produced not by Mr. Bryant, but

---

[15] Proctor Dec. Exh. 29.

[16] Proctor Dec. Exh. 31.

[17] See Anderson Dec. Exh. 8.

[18] Id.

[19] Proctor Dec. Exh. 30.

OPPOSITION TO MATTEL INC.'S MOTION FOR ADDITIONAL TIME AND/OR TO REOPEN THE DEPOSITION OF CARTER BRYANT FOR ALL PURPOSES AND TO OVERRULE ADDITIONAL INSTRUCTIONS NOT TO ANSWER AT THE DEPOSITION
CASE NO. CV 04-09049 SGL (RNBx)

401155.01

1   by MGA and had been produced *prior* to Mattel's February Motion.[20]

2

3   **E.   Now Mattel demands that the Court again review and overrule instructions made during Bryant's deposition, and asks for three additional days of deposition testimony.**

4

5   On August 1, 2007, Mattel filed the instant motion, arguing yet again that

6   Mr. Bryant's counsel relied on improper privilege instructions.[21]  In an attempt to

7   distinguish this motion from their February Motion, Mattel now makes additional

8   arguments – arguments that were at their disposal long before February.

9   According to Mattel's new theory, the production of additional documents since

10  the November 2004 deposition, and the additional claims filed by MGA in April

11  2005 warrant *21 hours* of additional testimony.  Moreover, Mattel requests that the

12  deposition "be reopened for all purposes."

13  Mattel's extraordinary demands amount to nothing more than a desire to

14  have a "do over."  Worse yet, Mattel second guesses the Discovery Master's

15  March 7 Order reopening Bryant's deposition for a *limited time* and for *limited*

16  *topics*.  While Mattel's persistence in filing the same motion twice is notable, it

17  should not be rewarded.

18

19                                    **III.   ARGUMENT**

20  **A.   Mattel has failed to show need or good reason for reopening Mr. Bryant's deposition.**

21

22  "Courts generally disfavor second depositions, and absent a showing of need

23  or good reason, a court generally will not require a deponent to appear for a second

24  deposition."[22]  New developments may – but do not automatically – provide

25  ─────────────────────
    [20] Proctor Exh. 30.

26  [21] "[T]here are an additional 12 instructions which Mattel's prior motion did not address that should be overruled because the questions did not call for the disclosure of privileged

27  communications." Mot. at 20.

    [22] Moore's Fed. Practice 3d § 30.05[1][c], citing Dixon v. CertainTeed Corp., 164 F.R.D. 685,

28                                              6

1   grounds for reopening a deposition.[23]  Courts "may deny leave to conduct a second

2   deposition of the witness *even if* relevant documents are produced subsequent to

3   the deposition if the party taking the deposition . . . chose to conduct the deposition

4   prior to the completion of document discovery."[24]

5       Mattel made a strategic choice to depose Carter Bryant at the outset of

6   litigation, well before the close of document discovery.  Furthermore, Mattel

7   rejected a plan that would have allowed for phased discovery, instead opting to

8   depose Mr. Bryant for three days in November 2004.[25]  Now Mattel argues that the

9   production of documents and additional claims filed since Mr. Bryant's deposition

10  provide sufficient need and reason for this instant motion.  Nonsense.

11      Almost all the documents Mattel claims warrant reopening the deposition

12  were produced in 2005 and 2006, MGA's claims were filed in 2005, and Mattel's

13  Amended Counterclaims filed in January of this year.  Presumably, if Mattel

14  believed it had "need or good reason" for reopening Bryant's deposition based on

15  these documents and claims, it would have raised these issues in their February

16  Motion.  They did not.  Instead, Mattel has brought this duplicative motion,

17  wasting both Mr. Bryant's time and the Court's resources.

18      Mattel was previously warned that its decision to depose witnesses early on

19  would have consequences.  In 2005, Mattel moved to compel the deposition of

20  Isaac Larian.  Defendant MGA argued that, by taking Mr. Larian's deposition so

21  early, he would be subject to multiple and repeated depositions.  The Court noted

22

23  690 (D. Kan. 1996) (granting second deposition for limited purpose because defendant failed to
    conduct reasonable investigation to uncover relevant documents prior to deposition).

24  [23] See generally Lowery v. Noble Drilling Corp., 1997 WL 675328 at *1 (E.D.La. October 29,
    1997) (denying defendant's motion to redepose witness in part because defendant could have

25  "schedule[d] the deposition after it had inspected all responsive documents.").

26  [24] Fresenius Medical Care Holdings, Inc. v. Roxanne Laboratories, Inc., 2007 WL 764302 at *2
    (S.D.Ohio, Mar. 9, 2007) (emphasis added).

27  [25] Anderson Dec. Exh 2-3.

28                                              7

1  that the Federal Rules limit depositions to seven hours unless otherwise authorized

2  and dismissed MGA's arguments.[26]  However, Judge Block stated that he would

3  take into account "the fact that Mattel persisted in going forward with Mr. Larian's

4  deposition at the outset of discovery" should Mattel later seek to redepose Mr.

5  Larian "on the basis of additional information developed in subsequent

6  discovery."[27]  Similarly, this Court should take note of Mattel's insistence on

7  deposing Mr. Bryant at the outset of the case, and deny its claim that new

8  documents or claims now warrant reopening that deposition.

9        Moreover, Mattel's request for an additional **21 additional hours** to depose

10  Bryant **"for all purposes"** flies in the face of reason.  "When a second deposition

11  is permitted, the courts frequently limit the scope of the second deposition to

12  specific matters not covered in the first deposition."  Moore's Fed. Practice 3d §

13  30.05[1][c].  Mattel's exaggerated requests, therefore, should be denied.

14

15  **B.    Production of documents and other discovery since November 2004 do not support Mattel's second motion to reopen Mr. Bryant's deposition.**

16        **1.    Mattel had access to virtually all the "new documents" prior to filing its February Motion.**

17

18        The "new documents" cited by Mattel are not so new:  almost all were

19  produced long before Mattel's February Motion.  Some were produced as far back

20  as 2005.[28]  In addition, Mattel admits that all the third party documents they cite

21  were produced in 2005 and 2006.[29]  If Mattel thought the production of those

22  documents justified reopening Mr. Bryant's deposition, they could have - and

23  should have - included them in their February Motion.  Mr. Bryant can not be

24

25  [26] Anderson Dec. Exh. 7.

26  [27] Anderson Dec. Exh. 7 (emphasis added).

27  [28] Zeller Dec. ¶3-4 and Exh. 2-3.

28  [29] Mot. at 18.

8

1   expected to defend against the same motion, over and over, every time Mattel's

2   counsel thinks of another exhibit or argument they should have raised the last time.

3        Furthermore, Mattel cites to numerous documents produced by MGA or

4   other parties to justify reopening Mr. Bryant's deposition.  It was Mattel's tactical

5   choice to depose Mr. Bryant before it had completed its discovery from MGA.

6   Regardless whether Mattel or MGA is responsible for the timing of this discovery,

7   Mr. Bryant clearly is not.  Mattel cannot justify dragging Mr. Bryant into three

8   additional days of deposition because it chose to depose him before it had obtained

9   documents from another party.

10       **2.    The production of the MGA/Bryant fee agreement does not justify**
11            **reopening Mr. Bryant's deposition.**

12       Nor does the June 2007 production of Mr. Bryant's fee agreement support

13   Mattel's demand to depose him for 21 more hours.[30]  There are two separate

14   reasons why that document cannot support Mattel's demands.  *First*, that document

15   was not produced at the time of Mr. Bryant's deposition because at that time it was

16   privileged:  as only state law claims were asserted against Mr. Bryant, state law

17   controlled, and fee agreements are privileged under California law.[31]

18       *Second*, Mattel cannot justify further expanding Mr. Bryant's deposition

19   based on discovery of his fee agreement because Mr. Bryant's deposition has

20   *already* been reopened for that purpose.  One of the instructions not to answer that

21   this Court overruled in its previous motion was whether MGA was paying Mr.

22   Bryant's fees.[32]  At Mr. Bryant's renewed 2 hour deposition, Mattel will ask that

23

24   [30] See Mot. at 15.

25   [31] Cal. Bus. & Prof. C. § 6149 (stating that written fee contract is deemed "confidential
     communication" for purpose of attorney-client privilege).

26   [32]

27       Q (By Mr. Quinn) Is MGA paying your attorneys' fees –
         MR. WICKHAM: Objection.

28                                           9

1  question, Mr. Bryant will say "yes," Mattel will ask whatever follow-up questions

2  it can devise, and the matter will be closed.  The production of Mr. Bryant's fee

3  agreement does not change that state of affairs one whit, and can hardly be grounds

4  for an additional 21 hours of deposition testimony.

5

6    **3.    Mattel already deposed Mr. Bryant about the "Bratz drawings" depicted in the documents that Mattel now claims support an additional 21 hours of deposition testimony.**

7

8         Mattel also claims that it needs an additional 21 hours to depose Mr. Bryant

9  about two "Bratz drawings" which were produced in March 2007.[33]  Mattel fails to

10  mention that it received, and presumably reviewed, at least ten drawings depicting

11  the exact same "Bratz drawings" prior to Mr. Bryant's deposition.[34]  Mattel also

12  fails to mention the extensive questioning it conducted of these identical "Bratz

13  drawings" during Mr. Bryant's deposition.[35]  For example, Mr. Bryant testified that

14  one of the drawings "show[s] the original face design concepts" and that they were

15  created in 1998.[36]  He also testified that the other drawing was "a copy of one of

16  the poses that [he] created in '98."[37]  Mattel went on to question Mr. Bryant about

17  the handwritten notes found on those drawings,[38] and whether this drawing was

18

19         Q (By Mr. Quinn) – in this case?

20         MR. WICKHAM:  Objection, attorney-client privilege, joint defense privilege.  Instruct the witness not to respond.

21  Anderson Dec. Exh 7, at 61.  See also Zeller Dec. Exh 15 at 4.

[33] Mot. at 16; Proctor Dec. Exh. 8.

22
[34] Compare Proctor Dec. Exh. 7 at 33 to Anderson Dec. Exh 10.  Compare Proctor Dec. Exh 7 at

23  34 to Anderson Dec. Exh 11.

[35] See, e.g., Anderson Dec. Exh. 13 (Bryant Depo. 332:8-18; 337:10-20, 341:18-346:14, 357:12-

24  16, 361:15-364:6).

[36] Referring to Bryant 00192, included in Anderson Dec. Exh. 11.  See also Anderson Dec. Exh.

25  13 (Bryant Depo. at 332:8-18).

26  [37] Anderson Dec. Exh. 13 (Bryant Depo. at 341:19-20).

[38] Including notes about "jointed hips," "sculpted fingernails," "removable ankles," and "basic

27  shoe sculpt."

28

401155.01

1    given to a sculptor, his purpose in giving the drawing to a sculptor, whether the

2    actual Bratz doll had some of the features detailed in the drawing.[39]

3        Even though the documents cited by Mattel are dated September 19, 1999,

4    unlike the previously produced "Bratz drawings," Mattel is well aware that copies

5    and tracings of the drawings were made on dates that fell within Mr. Bryant's

6    second term of employment with Mattel.  How do they know this?  *Mattel asked*

7    *Mr. Bryant about this during his deposition.*[40]  Any additional questions Mattel

8    might ask Mr. Bryant about these recently produced documents would be

9    duplicative of questions posed during his first three days of deposition.  Because of

10   the unnecessarily cumulative nature of this line of questioning, the production of

11   these documents provides no support for the reopening of the Mr. Bryant's

12   deposition.

13

14       **4.    Mattel is affirmatively misleading the Court regarding "Carter Bryant's" computer.**

15       To hear Mattel tell it, Carter Bryant has wrongfully withheld electronic

16   documents in his possession, and deliberately spoliated evidence, by withholding

17   and erasing the contents of "his computer."[41]  This is a flat falsehood, and Mattel

18   knows it.[42]

19       Mattel informs the Court that the July 1994 image of the computer contains

20   a copy of "Evidence Eliminator," and then regales the Court with tales of the

21

22

23   [39] Anderson Dec. Exh. 13 (Bryant Depo. at 341:18 – 346:14).

24   [40] Mr. Bryant testified during his deposition that in 1999, he traced and colored his original 1998 drawings. Anderson Dec. Exh. 12 (Bryant Depo. at 151:12-153:5).

25   [41] See Mot. at 1-2, 15-16.

26   [42] Mattel has full forensic images of this computer, has received all relevant documents from this computer, has inspected the actual computer, and in July of this year, took the deposition of Mr.

27   Bryant's niece, Brooke Gilbert, who has owned the computer since the Fall of 2003.  None of this information, however, finds its way into Mattel's motion.

28

**OPPOSITION TO MATTEL INC.'S MOTION FOR ADDITIONAL TIME AND/OR TO REOPEN THE DEPOSITION OF CARTER BRYANT FOR ALL PURPOSES AND TO OVERRULE ADDITIONAL INSTRUCTIONS NOT TO ANSWER AT THE DEPOSITION**
**CASE NO. CV 04-09049 SGL (RNBx)**

401155.01

1  nefarious purposes of that software and citations to spoliation law.[43]  What is the

2  Court to take from this?  Mattel suggests that this means that Mr. Bryant has

3  engaged in a deliberate effort at mass spoliation.  But Mattel knows full well this is

4  not the case, and deliberately withheld this information from the Court.  Instead of

5  producing evidence of the *contents* of the July 2004 computer image, Mattel hides

6  it, using only counsel's declaration which states that the computer contained

7  "Evidence Eliminator" but which omits the relevant dates.[44]  Why does this make a

8  difference?  Because the same Mattel consultant who found that program on the

9  July 2004 image undoubtedly saw the program's "install.txt" file showing that the

10  software was installed **in July 2002**, *almost two years before this lawsuit was filed*.

11  A copy of the "install log" showing those dates is submitted herewith as Exhibit 9

12  to Christa M. Anderson's Declaration.[45]  By withholding that information, Mattel

13  has created the deliberately false implication that Bryant has engaged in spoliation.

14      Moreover, the contents of the desktop computer are irrelevant to this motion

15  for two additional reasons.  First, Mattel does not suggest that there are any

16  relevant documents in that image that were not produced to it prior to Mr. Bryant's

17  deposition.  As Bryant's counsel has previously advised the Court, the contents of

18  that computer were reviewed for responsive documents and imaged in July 2004.[46]

19  And, second, to the extent anything contained in the forensic image of the

20  computer is relevant, Mattel cannot rely on those contents as a basis to reopen Mr.

21  Bryant's deposition, as Mattel did not even seek production of those images until

---

22  [43] See Mot. at 15-16.

23  [44] Zeller Dec. ¶ 17.

24  [45] In both cases that Mattel cites regarding Evidence Eliminator, the program was installed or
25  purchased *after* the issuance of a court order requiring the party to provide their hard drives for
   inspection.  Communications Center, Inc. v. Hewitt, 2005 WL 3277983, *1 (E.D. Cal. 2005);
26  Kucala Enterprises, Ltd. v. Auto Wax Company, Inc., 2003 WL 22433095, *2 (N.D. Ill. 2003).
   Omitting this essential detail leaves the incorrect impression that simply having the program on
   the hard drive is adequate grounds to infer spoliation.

27  [46] See Zeller Dec. Exh. 11 at ¶ 23; Exh. 14.

28

OPPOSITION TO MATTEL INC.'S MOTION FOR ADDITIONAL TIME AND/OR TO REOPEN THE
DEPOSITION OF CARTER BRYANT FOR ALL PURPOSES AND TO OVERRULE ADDITIONAL
INSTRUCTIONS NOT TO ANSWER AT THE DEPOSITION
401155.01                    CASE NO. CV 04-09049 SGL (RNBx)

1    *after* the November 2004 deposition.  Once again, that is nothing more than the

2    tradeoff inherent in Mattel's deliberate tactical choice to depose Mr. Bryant early

3    in the case.

4

5    **C.    Claims filed since Mr. Bryant's first deposition provide no basis for the reopening of Bryant's deposition.**

6

7        Recent amendments to Mattel's claims and MGA's complaints do not justify

8    deposing Mr. Bryant for another three days.  Mattel's argument proves way too

9    much.  This case has been pending for well over three years, and dozens of

10   depositions have been taken.  If the amendment of claims justifies reopening one

11   deposition, it justifies reopening all of them.

12       Mattel has provided scant legal support for the proposition that witnesses

13   must be deposed further "on new claims filed after their initial depositions."

14   Mattel cites <u>Keithley v. Homestore.com, Inc.</u> for this proposition, but fails to

15   mention that in this case, the "initial" deposition in question occurred *in another*

16   *matter in front of a different court*.[47]  The witness in that case argued that he should

17   not have to be deposed in this matter because he was already deposed in a

18   Pennsylvania case.  Had Mattel bothered to read the court's decision, instead of

19   selectively selecting citations, it would easily have discovered that the court had

20   distinguished the case from situations where, "unlike here, a party seeks to take a

21   second deposition in the same case."[48]

22       In addition, Mattel has had ample opportunity through other discovery in

23   this action to obtain relevant information to any additional claims.  To date, Mattel

24   has served Mr. Bryant with over 1200 Requests for Admission.  A few weeks ago,

25   Mattel served its Sixth Set of Requests for Admission which included 782 requests.

26

27   [47] 2006 WL 1646119, at *1 (N.D. Cal. 2006).

28   [48] <u>Id</u>.

13

1  Bryant fails to see how, after three days worth of deposition testimony and after

2  posing an absurd number of Requests for Admission, Mattel can claim that an

3  additional 21 hours of deposition testimony is warranted.

4      New facts, new documents, new law, and new claims always arise during the

5  course of every litigation.  That is the essence of discovery.  The job of counsel is

6  to choose which discovery to take early, and which to defer until later.  Mattel

7  chose to depose Mr. Bryant early, and that early discovery was undoubtedly of

8  great benefit in shaping later depositions, document requests, and strategy.

9  Inevitably, later discovery will always reveal additional questions one would like

10  to have asked the first deponent.  But the Federal Rules don't allow seriatim

11  depositions.  Mattel made its choice.  It cannot have it both ways.

**D.      Mattel's attempt to overrule additional instructions should be denied.**

14      Six months after filing their February Motion, Mattel again asks this Court

15  to overrule instructions made during Mr. Bryant's deposition.  But Mattel fails to

16  give any good reason why, after ruling on over 67 objections in Mattel's February

17  Motion, this Court should entertain 12 additional objections.  Mattel had its day to

18  object to any and all instructions it felt were improper, and should not get a second

19  bite at the apple.

> **1.      Mattel's new objections are largely duplicative of similar objections propounded in Mattel's February 2007 Motion to Overrule Instructions.**

23      Mattel's new set of objections are largely duplicative of its previous

24  complaints lodged in February.  Contrary to Mattel's assertion, the February

25  motion includes *multiple* objections to instructions not to disclose Mr. Bryant's

26  understanding of subjects or facts learned through communication with counsel.[49]

---

[49] See Anderson Dec. Exh 6 (Objection Nos. 33-35).

14

1   For example, in February, Mattel objected to the following instruction:

2       Q (By Mr. Quinn) It says that, you know, inventions that
        I create will be owned by the company. Do you have any
3       understanding what those words mean?

4       MR. WICKHAM:  Counsel, I would -- if you – attorney-
        client privilege.  To the extent your understanding of this
5       phrase, this paragraph, or this document is based on
        advice of counsel, instruct you not to respond.

6       MS. CENDALI:  I also object on the grounds of
        vagueness and time frame.

7       A  I'm not going to respond.[50]

8   Any argument that Mattel showed some restraint and avoided objecting to such

9   instructions because of an understanding between the parties[51] is pure fiction.

10      Mattel wants to retry its February Motion, and has brought additional

11  objections to instructions similar to those sustained by the Discovery Master.  For

12  example, Mattel objects to the following instruction:

13      Q       At any time prior to the last date of your
        employment at Mattel did Mr. Larian ever tell you that
14      anything ought to be kept confidential or not shared with
        other people?

15      MR. WICKHAM:  I'll object to the extent that it seeks
16      information that is the subject of attorney-client
        privilege, attorney work product. To the extent that Mr.
17      Larian is imparting to you information that relates to
        legal advice that he obtained, you obtained, or you and he
18      jointly had, you should not share that information with
        counsel.  Other than legal advise, you can and should
19      respond.

20      A       Can you please restate the question?

        Q       (By Mr. Quinn)  Sure.  At any time prior to the
21      time you signed your October 4 agreement did Mr.
        Larian ever indicate to you in any fashion that anything
22      else should be kept confidential relating to your
        communications with MGA or this Bratz project?

23      Mr. WICKHAM:  Same objections and same
        instructions.
24
        A       I don't recall him saying anything like that.[52]
25

26  _____

    [50] Anderson Dec. Exh 6 (Objection No. 34).
27  [51] Mot. at 11.

    [52] Mattel's New Objection No. 1.
28

                                    15

1    In its February Motion, Mattel objected to a similar line of questioning regarding

2    the same topic matter, *and lost.*[53]    The Court concluded counsel had repeated the

3    question, and "Bryant gave a complete response" in another part of the

4    deposition.[54]    Consequently, this matter is closed.

5        In addition to revisiting instructions that the Court sustained, Mattel also

6    repeats similar objections to instructions that the Court considered and overruled.

7    Back in February, Mattel objected to the following instruction not to answer

8

9    _____

[53] Anderson Dec., Exh. 6 (Objection No. 10):

10        Q    Now, I had -- before we took the break I had -- I'm asking -
         - I had asked you questions about whether Mr. Larian had asked
11       you or suggested to you that you ought to keep some things
         confidential.  Do you remember those questions?
12
         A    Yes.
13
         Q    And your counsel had made some remarks about exclude
14       privileged information, that sort of thing.  Do you recall that?  Do
         you recall your counsel making some instructions?
15
         A    Yes.
16
         Q    In answering my questions on that subject, that is to say the
         subject of Mr. Larian's instructions to you about confidentiality,
17       were you withholding any information based on what your counsel
         instructed you?
18
             MS. CENDALI:  Objection to the form.
19
             MR. WICKHAM:  Objection to form, but I also
         believe that you've grossly mischaracterized the record. I don't
20       believe that -- when you're asking him about discussions that he
         had with Mr. Larian before he signed the October 4 agreement that
21       I made any instructions with regard to any of those questions on
         his discussions with Mr. Larian on that subject.  I made objections
22       on other bases but I didn't make instructions on privileged grounds.

23           MR. QUINN:  Well, I thought you did but I could
         be mistaken.  Just for clarity, then, maybe I should go back and
         make sure that we've covered this.

24   [54] Proctor Dec. Exh. 15 (March 7 Order).  See also Bryant Depo. at 101:19-24:

25       Q (By Mr. Quinn) Is it true that in the meeting with Mr. Larian he never said anything on
         the subject of keeping anything in confidence or not sharing anything with other people?
26       Is that true?

27       MR. WICKHAM:  Objection, asked and answered.

28       A:  I don't recall him saying anything to that effect.

                                16

1    questions regarding an agreement between Mr. Bryant and Mattel.[55]  Now Mattel

2    wants to overturn the instruction about the same topic matter in the immediately

3    preceding passage.[56]  The Court has already reopened the deposition to address

4    Mattel's concern, so there is no need for Mattel to move again on the same subject

5    matter.

6           Finally, Mattel also has revived its objections to the instructions included in

7    Mr. Bryant's Deposition Transcript 478: 1-21, an objection that it had asserted in

8    its February 2007 motion, but subsequently withdrew.[57]  Mattel should not be

9    rewarded with another 21 hours of deposition testimony for simply recycling

10   objections it previously discarded.

11
          **2.     Mattel's attempt to revive objections to counsel's conduct during**
12        **the deposition should be denied.**

13
          In February, Mattel claimed that counsel used improper "speaking
14
     objections to coach the deponent."[58]  Now, Mattel argues that they should be
15
     allowed to "further question Bryant on all topics."[59]  The Discovery Master
16
     considered these arguments and concluded that while Mattel was entitled to
17
     additional time to depose Mr. Bryant, the time would be limited to 2 hours, and the
18
     scope of questioning would be limited to previously asked questions and
19
     reasonable follow-up questions.  Mattel now second guesses the Discovery
20
     Master's order, rehashes the same arguments it made back in February, and asks
21
     for 21 more hours and no subject matter limitations.  Enough.  Mattel has wasted
22

23   ---
     [55] "It says that, you know, inventions that I create will be owned by the company.  Do you have
24   any understanding what those words mean?"  Mattel's Separate Statement, Objection No. 34
     (citing Bryant Depo. at 641:20 – 642:5).
25   [56] Mattel's Sep. Statement, Objection 11 (citing Bryant Depo. at 642:6-17).

26   [57] Compare New Objection 7 to Mattel's Objection 27 (Anderson Exh. 6).

     [58] Anderson Dec. Exh. 5, at 26.
27   [59] Mot. at 23.

28                                                    17

the Court's resources and Mr. Bryant's time by rehashing objections that were brought or should have been brought back in February.

## IV.    CONCLUSION

For the above mentioned reasons, Bryant respectfully requests that the Discovery Master DENY Mattel's Motion for Additional Time and / or to Reopen the Deposition of Carter Bryant and to Overrule Additional Instructions.

Respectfully submitted,

Dated:   August 15, 2007                              KEKER & VAN NEST, LLP

By: _____
    CHRISTA M. ANDERSON
    Attorneys for Plaintiff
    CARTER BRYANT

OPPOSITION TO MATTEL INC.'S MOTION FOR ADDITIONAL TIME AND/OR TO REOPEN THE DEPOSITION OF CARTER BRYANT FOR ALL PURPOSES AND TO OVERRULE ADDITIONAL INSTRUCTIONS NOT TO ANSWER AT THE DEPOSITION
CASE NO. CV 04-09049 SGL (RNBx)

401155.01

# EXHIBIT N

```
                              Pavillion_EE_INSTALL.LOG
***  Installation Started 07/24/2002 11:26  ***
Title: Evidence Eliminator Installation
Source: C:\WINDOWS\TEMPORARY INTERNET FILES\CONTENT.IE5\Y2O6USH1\INSTEELM[1].EXE |
07-24-2002 | 11:21:48 | 4759131
Made Dir: C:\Program Files\Evidence Eliminator
File Copy: C:\Program Files\Evidence Eliminator\UNWISE.EXE | 11-05-2001 | 09:30:50 |
| 165376 | 6ef8d7f9
RegDB Key: Software\Microsoft\Windows\CurrentVersion\Uninstall\Evidence Eliminator
RegDB Val: Evidence Eliminator
RegDB Name: DisplayName
RegDB Root: 2
RegDB Key: Software\Microsoft\Windows\CurrentVersion\Uninstall\Evidence Eliminator
RegDB Val: C:\PROGRA~1\EVIDEN~1\UNWISE.EXE C:\PROGRA~1\EVIDEN~1\INSTALL.LOG
RegDB Name: UninstallString
RegDB Root: 2
Made Dir: C:\Program Files\Evidence Eliminator\Help
File Copy: C:\Program Files\Evidence Eliminator\Help\ee.chm | 03-30-2002 | 12:32:50
| | 198850 | f2c028b3
Made Dir: C:\Program Files\Evidence Eliminator\Data
Made Dir: C:\Program Files\Evidence Eliminator\Data\Plug-Ins
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\AbsoluteFTP.eep |
10-18-2001 | 02:00:00 | | 556 | d089f2d1
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\ACDSEE Photo Viewer
v3.eep | 10-18-2001 | 02:00:00 | | 1209 | 1703934
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Adaptec Easy CD
Creator v4.eep | 10-18-2001 | 02:00:00 | | 564 | b1b3fbb8
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Adobe Acrobat Reader
v3.0.eep | 10-18-2001 | 02:00:00 | | 1415 | 780013a9
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Adobe Acrobat Reader
v3.1.eep | 10-18-2001 | 02:00:00 | | 1375 | 423cd92f
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Adobe Acrobat Reader
v4.0.eep | 10-18-2001 | 02:00:00 | | 1375 | d47d2170
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Adobe Photoshop v5.0
LE.eep | 10-18-2001 | 02:00:00 | | 1577 | 8743ed89
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Adobe Photoshop
v5.5.eep | 10-18-2001 | 02:00:00 | | 1794 | a2e85ece
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Adobe Photoshop
v5.eep | 10-18-2001 | 02:00:00 | | 1618 | 1144c0f3
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Adobe Photoshop
v6.0.eep | 10-18-2001 | 02:00:00 | | 672 | ce9988b3
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\ASPack.eep |
10-18-2001 | 02:00:00 | | 1396 | ad8d6abd
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Cabinet Manager.eep |
10-18-2001 | 02:00:00 | | 654 | 3a8b5701
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Copernic 2000 Pro.eep
| 10-18-2001 | 02:00:00 | | 549 | b1d7cba5
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Copernic 2000.eep |
10-18-2001 | 02:00:00 | | 541 | 9d3dfbd6
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Cute FTP v3.0.eep |
10-18-2001 | 02:00:00 | | 727 | 88b0bb17
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Cute FTP v4.0.eep |
10-18-2001 | 02:00:00 | | 727 | b3c30e48
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Delphi v3.eep |
10-18-2001 | 02:00:00 | | 702 | 7d1b5624
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Delphi v4.eep |
10-18-2001 | 02:00:00 | | 750 | ea68fc2f
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Delphi v5.eep |
10-18-2001 | 02:00:00 | | 750 | d80e9220
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\DiskKeeper v5.eep |
10-18-2001 | 02:00:00 | | 530 | 806a3af
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Download
Accelerator.eep | 10-18-2001 | 02:00:00 | | 717 | 90a7a234
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Eudora Mail.eep |
```

```
                          Pavillion_EE_INSTALL.LOG
10-18-2001 | 02:00:00 | | 845 | 3d582e7
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\FTP Explorer.eep |
10-18-2001 | 02:00:00 | | 549 | 9094870a
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\GetRight
ExplorerBar.eep | 10-18-2001 | 02:00:00 | | 573 | deeec53b
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\GetRight v4.eep |
10-18-2001 | 02:00:00 | | 809 | a3424395
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\GoZilla.eep |
10-18-2001 | 02:00:00 | | 648 | 53ad62d0
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Helios TextPad v3.eep
| 10-18-2001 | 02:00:00 | | 6148 | ca926466
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Helios TextPad v4.eep
| 10-18-2001 | 02:00:00 | | 6148 | 454a9abc
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\HelpWriter.eep |
10-18-2001 | 02:00:00 | | 1254 | 8fd870b1
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Icon Extractor.eep |
10-18-2001 | 02:00:00 | | 581 | cad45904
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\ICQ 2000a.eep |
10-18-2001 | 02:00:00 | | 1337 | e9848dcc
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\InstallShield
Express.eep | 10-18-2001 | 02:00:00 | | 631 | cc26ea3e
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\JASC Paintshop Pro
v5.eep | 10-18-2001 | 02:00:00 | | 2102 | aeb80a8a
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\JASC Paintshop Pro
v6.eep | 10-18-2001 | 02:00:00 | | 2342 | e40cf210
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\JASC Paintshop Pro
v7.eep | 10-18-2001 | 02:00:00 | | 2342 | 37bd39b3
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Jet PhotoShell
v1.2.eep | 10-18-2001 | 02:00:00 | | 745 | 1b6a935b
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Macromedia Flash
v4.0.eep | 10-18-2001 | 02:00:00 | | 694 | 7a09559e
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\MasterSplitter
v2.1.eep | 10-18-2001 | 02:00:00 | | 559 | db31e946
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\McAfee Virus Scan
v4.eep | 10-18-2001 | 02:00:00 | | 945 | 285f446
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Microangelo 98.eep |
10-18-2001 | 02:00:00 | | 625 | 728f41c9
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Micrografx Picture
Publisher v7.eep | 10-18-2001 | 02:00:00 | | 1421 | 9d2ba24b
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Micrografx Picture
Publisher v8.eep | 10-18-2001 | 02:00:00 | | 1421 | 784b328a
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Microsoft FrontPage
Express.eep | 10-18-2001 | 02:00:00 | | 870 | aeaf5d03
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Microsoft
FrontPage.eep | 10-18-2001 | 02:00:00 | | 1877 | fa8e4591
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Microsoft Help
Workshop.eep | 10-18-2001 | 02:00:00 | | 568 | fc308dd6
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Microsoft HTML
Help.eep | 10-18-2001 | 02:00:00 | | 600 | fbb088f9
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Microsoft Office.eep
| 10-18-2001 | 02:00:00 | | 7207 | 3fcad3b
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Microsoft Publisher
2000.eep | 10-18-2001 | 02:00:00 | | 545 | ce032536
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Microsoft Send-To
Extensions.eep | 10-18-2001 | 02:00:00 | | 589 | 120ca4be
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Microsoft Windows
Paint.eep | 10-18-2001 | 02:00:00 | | 910 | 12766da9
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Microsoft Windows
WordPad.eep | 10-18-2001 | 02:00:00 | | 920 | a8e019c4
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Napster Music
Community.eep | 10-18-2001 | 02:00:00 | | 861 | c95eb43d
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\NEATO Labels.eep |
10-18-2001 | 02:00:00 | | 828 | c541d363
                                  Page 2
```

Pavillion_EE_INSTALL.LOG

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\NeoPlanet v5.eep | 10-18-2001 | 02:00:00 | | 773 | 8aabff9c

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Norton AntiVirus 2000 (v6).eep | 10-18-2001 | 02:00:00 | | 637 | 6d9db54a

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Norton File Manager.eep | 10-18-2001 | 02:00:00 | | 766 | ee63552c

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Norton Utilities 2000.eep | 10-18-2001 | 02:00:00 | | 768 | 9daef22e

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\NoteTab Pro.eep | 10-18-2001 | 02:00:00 | | 7134 | 2d846b79

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Opera Browser v4.02 Final.eep | 10-18-2001 | 02:00:00 | | 799 | b17d288d

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Opera Browser.eep | 10-18-2001 | 02:00:00 | | 785 | fcc09503

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\PackageForTheWeb.eep | 10-18-2001 | 02:00:00 | | 1282 | e9de5ee

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Personal Ancestral File.eep | 10-18-2001 | 02:00:00 | | 582 | 1408fd3

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Real Audio Player v6 v7 v8.eep | 10-18-2001 | 02:00:00 | | 1726 | dc749abf

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Real Download v4.eep | 10-18-2001 | 02:00:00 | | 801 | 796fba60

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\SureThing CD Labeler.eep | 10-18-2001 | 02:00:00 | | 538 | 78aa1e29

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Telnet.eep | 10-23-2001 | 12:10:38 | | 725 | c4e506b6

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Ulead Gif Animator v4.0.eep | 10-18-2001 | 02:00:00 | | 577 | 93c95809

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Ulead Photo Explorer v4.2.eep | 10-18-2001 | 02:00:00 | | 1581 | 7e72f139

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Ulead Photo Viewer v4.0.eep | 10-18-2001 | 02:00:00 | | 575 | b9aabd49

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Ulead PhotoImpact v5.eep | 10-18-2001 | 02:00:00 | | 571 | f39b61a3

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Ulead PhotoImpact Viewer v4.eep | 10-18-2001 | 02:00:00 | | 579 | b9e4775f

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\UltraEdit v4.eep | 10-18-2001 | 02:00:00 | | 839 | d25feb94

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\UltraEdit v7.eep | 10-18-2001 | 02:00:00 | | 1320 | e865fe0

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Web Ferret v3.eep | 10-18-2001 | 02:00:00 | | 577 | 9a68a9ac

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\WinOnCD.eep | 10-18-2001 | 02:00:00 | | 819 | f39fb59b

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\WinRar v2.6.eep | 10-18-2001 | 02:00:00 | | 590 | 33eb7d60

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\WinRar v2.70.eep | 10-18-2001 | 02:00:00 | | 617 | d089e6

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\WinZip v7.eep | 10-18-2001 | 02:00:00 | | 790 | beb34a14

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\WinZip v8.eep | 10-18-2001 | 02:00:00 | | 790 | b5c56d8a

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Wise Installer.eep | 10-18-2001 | 02:00:00 | | 908 | 8e5ce240

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Yahoo Player.eep | 10-18-2001 | 02:00:00 | | 736 | fdf427b3

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\ZipMagic 2000.eep | 10-18-2001 | 02:00:00 | | 1423 | fe97edf0

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Zone Alarm.eep | 10-18-2001 | 02:00:00 | | 521 | 82515918

File Copy: C:\Program Files\Evidence Eliminator\License.txt | 03-27-2002 | 10:38:54 | | 16001 | 34dfa054

File Copy: C:\Program Files\Evidence Eliminator\ReadMe.txt | 03-30-2002 | 19:17:46 |

Pavillion_EE_INSTALL.LOG

| 7442 | 4044642b
File Copy: C:\Program Files\Evidence Eliminator\Ee.exe | 05-31-2002 | 09:14:12 |
5.0.0.57 | 881740 | 7f3f0496
File Copy: C:\WINDOWS\SYSTEM\MSGHOO32.OCX | 05-03-1996 | 22:05:12 | 2.0.0.0 | 28672
| dd7627f0
File Overwrite: C:\WINDOWS\SYSTEM\TABCTL32.OCX | 10-15-2001 | 21:36:46 | 6.0.90.43 |
209608 | 30c3c8c7
File Copy: C:\WINDOWS\SYSTEM\Fablock6.ocx | 05-29-1999 | 20:33:36 | 1.1.0.0 | 114696
| de32382b
File Overwrite: C:\WINDOWS\SYSTEM\RICHTX32.OCX | 05-22-2000 | 00:00:00 | 6.0.88.4 |
203976 | 64253b13
File Copy: C:\WINDOWS\SYSTEM\MSINET.ocx | 05-22-2000 | 00:00:00 | 6.0.88.62 | 115920
| 75ca0e26
File Copy: C:\WINDOWS\SYSTEM\SGFILESYS.DLL | 07-15-1999 | 12:11:30 | 1.0.24.0 |
122880 | 96bff668
File Overwrite: C:\WINDOWS\SYSTEM\RICHED32.DLL | 08-23-2001 | 12:00:00 | 5.1.2600.0
| 3584 | 30613b77
Version: Following file not copied.
File Overwrite: C:\WINDOWS\SYSTEM\RICHED20.DLL | 06-08-2000 | 17:00:00 |
5.30.23.1203 | 421888 | 7d2890c6
File Copy: C:\WINDOWS\SYSTEM\Eeshellx.dll | 11-12-1999 | 08:37:48 | 1.0.0.0 | 61440
| 5dfeda2a
File Copy: C:\WINDOWS\SYSTEM\eetransx.exe | 03-19-2002 | 16:34:38 | 1.0.0.0 | 32768
| 5b4ba26c
File Overwrite: C:\WINDOWS\SYSTEM\SHFOLDER.DLL | 08-17-2001 | 01:00:00 | 6.0.2600.0
| 22528 | cf437423
File Copy: C:\WINDOWS\SYSTEM\psapi.dll | 06-12-2001 | 02:20:24 | 5.0.2134.1 | 28944
| 9e1098c8
File Copy: C:\WINDOWS\SYSTEM\EEGenFn1.dll | 05-21-2002 | 14:36:28 | 1.0.0.1 | 68608
| f5d27c33
Shell Link: C:\WINDOWS\Start Menu\Programs\CompuServe 2000\Evidence Eliminator.lnk
Link Info: C:\Program Files\Evidence Eliminator\Ee.exe | | | 0 | 1 | 0 |
Shell Link: C:\WINDOWS\Start Menu\Programs\CompuServe 2000\Evidence Eliminator
Help.lnk
Link Info: C:\Program Files\Evidence Eliminator\Help\ee.chm | | | 0 | 1 | 0 |
Shell Link: C:\WINDOWS\Start Menu\Programs\CompuServe 2000\Evidence Eliminator
License Agreement.lnk
Link Info: C:\Program Files\Evidence Eliminator\License.txt | | | 0 | 1 | 0 |
Shell Link: C:\WINDOWS\Start Menu\Programs\CompuServe 2000\Evidence Eliminator Read
Me.lnk
Link Info: C:\Program Files\Evidence Eliminator\ReadMe.txt | | | 0 | 1 | 0 |
Shell Link: C:\WINDOWS\Desktop\Evidence Eliminator.lnk
Link Info: C:\Program Files\Evidence Eliminator\Ee.exe | | | 0 | 1 | 0 |
RegDB Key: Software\Evidence Eliminator
RegDB Val: C:\PROGRA~1\EVIDEN~1
RegDB Name: App.Path
RegDB Root: 1
RegDB Key: *\shellex\ContextMenuHandlers\Evidence Eliminator
RegDB Val: Default
RegDB Key: Folder\shellex\ContextMenuHandlers\Evidence Eliminator
RegDB Val: Default
RegDB Key: SOFTWARE\Microsoft\Windows\CurrentVersion\Shell Extensions\Approved
RegDB Val: Evidence Eliminator Shell Extension
RegDB Name: Default
RegDB Root: 2
RegDB Key: CLSID\{645FF040-5081-101B-9F08-00AA002F954E}\Shell\Evidence Eliminator
Safe Recycle\Command
RegDB Val: C:\WINDOWS\SYSTEM\eetransx /recycle
File Copy: C:\WINDOWS\PIF\EEPIF.pif | 10-18-2001 | 02:00:00 | | 967 | 41e7ee42
File Copy: C:\WINDOWS\COMMAND\eedosdel.com | 03-09-2001 | 22:39:08 | | 646 |
8aebd46d
File Copy: C:\WINDOWS\COMMAND\esdosdel.com | 12-18-1999 | 09:19:28 | | 642 |
b5e71767

Page 4

```
                       Pavillion_EE_INSTALL.LOG
File Copy: C:\WINDOWS\COMMAND\power.com | 10-18-2001 | 02:00:00 | | 216 | 3db0acb7
RegDB Key: CLSID\{20D04FE0-3AEA-1069-A2D8-08002B30309D}\shell\Evidence Eliminator
Safe Restart\Command
RegDB Val: C:\WINDOWS\SYSTEM\eetransx /restart
RegDB Key: CLSID\{20D04FE0-3AEA-1069-A2D8-08002B30309D}\shell\Evidence Eliminator
Safe Shutdown\Command
RegDB Val: C:\WINDOWS\SYSTEM\eetransx /shutdown
RegDB Key: CLSID\{20D04FE0-3AEA-1069-A2D8-08002B30309D}\shell\Evidence Eliminator
Quick Mode\Command
RegDB Val: C:\WINDOWS\SYSTEM\eetransx /quick
Self-Register: C:\WINDOWS\SYSTEM\OLEAUT32.DLL
Self-Register: C:\WINDOWS\SYSTEM\OLEPRO32.DLL
Self-Register: C:\WINDOWS\SYSTEM\STDOLE2.TLB
Self-Register: C:\WINDOWS\SYSTEM\MSVBVM60.DLL
Self-Register: C:\WINDOWS\SYSTEM\ComCat.dll
Self-Register: C:\WINDOWS\SYSTEM\Mfc42.dll
Self-Register: C:\WINDOWS\SYSTEM\MSCOMCTL.OCX
Self-Register: C:\WINDOWS\SYSTEM\COMDLG32.OCX
Self-Register: C:\WINDOWS\SYSTEM\MSGHOO32.OCX
Self-Register: C:\WINDOWS\SYSTEM\TABCTL32.OCX
Self-Register: C:\WINDOWS\SYSTEM\Fablock6.ocx
Self-Register: C:\WINDOWS\SYSTEM\RICHTX32.OCX
Self-Register: C:\WINDOWS\SYSTEM\MSINET.ocx
Self-Register: C:\WINDOWS\SYSTEM\SGFILESYS.DLL
Self-Register: C:\WINDOWS\SYSTEM\Eeshellx.dll
Could not Self-Register: C:\WINDOWS\SYSTEM\SHFOLDER.DLL
Could not Self-Register: C:\WINDOWS\SYSTEM\psapi.dll
Delete in-use files: On
INI New: Created INI
INI File: C:\Program Files\Evidence Eliminator\UNWISE.INI
INI Sect: Settings
INI Item: Start Red
INI Val: 255
INI File: C:\Program Files\Evidence Eliminator\UNWISE.INI
INI Sect: Settings
INI Item: Start Green
INI Val: 255
INI File: C:\Program Files\Evidence Eliminator\UNWISE.INI
INI Sect: Settings
INI Item: End Green
INI Val: 128
INI File: C:\Program Files\Evidence Eliminator\UNWISE.INI
INI Sect: Settings
INI Item: End Blue
INI Val: 255
INI File: C:\Program Files\Evidence Eliminator\UNWISE.INI
INI Sect: Settings
INI Item: No Background
INI Val: 0
File Tree: C:\PROGRA~1\EVIDEN~1\help\
File Tree: C:\PROGRA~1\EVIDEN~1\Data\Plug-Ins\
File Tree: C:\PROGRA~1\EVIDEN~1\Data\
File Tree: C:\PROGRA~1\EVIDEN~1\
RegDB Tree: *\shellex\ContextMenuHandlers\Evidence Eliminator
RegDB Root: 0
RegDB Tree: Folder\shellex\ContextMenuHandlers\Evidence Eliminator
RegDB Root: 0
RegDB Tree: Software\Evidence Eliminator
RegDB Root: 1
RegDB Tree: CLSID\{20D04FE0-3AEA-1069-A2D8-08002B30309D}\shell\Evidence Eliminator
Quick Mode
RegDB Root: 0
RegDB Tree: CLSID\{20D04FE0-3AEA-1069-A2D8-08002B30309D}\shell\Evidence Eliminator
```

```
                        Pavillion_EE_INSTALL.LOG
Safe Restart
RegDB Root: 0
RegDB Tree: CLSID\{20D04FE0-3AEA-1069-A2D8-08002B30309D}\shell\Evidence Eliminator
Safe Shutdown
RegDB Root: 0
RegDB Tree: CLSID\{645FF040-5081-101B-9F08-00AA002F954E}\Shell\Evidence Eliminator
Safe Recycle
RegDB Root: 0
File Tree: C:\WINDOWS\Command\eedoscom.*
File Tree: C:\WINDOWS\Command\eedosdel.*
File Tree: C:\WINDOWS\Command\esdosdel.*
File Tree: C:\WINDOWS\Command\eemain.*
File Tree: C:\WINDOWS\Command\eectrl.*
File Tree: C:\WINDOWS\Command\eescript.*
File Tree: C:\WINDOWS\Pif\eepif.*
RegDB Key: Software\Microsoft\Windows\CurrentVersion\Uninstall\Evidence Eliminator
RegDB Val: http://www.evidence-eliminator.com/support.shtml
RegDB Name: HelpLink
RegDB Root: 2
RegDB Key: Software\Microsoft\Windows\CurrentVersion\Uninstall\Evidence Eliminator
RegDB Val: Robin Hood Software Ltd.
RegDB Name: Publisher
RegDB Root: 2
RegDB Key: Software\Microsoft\Windows\CurrentVersion\Uninstall\Evidence Eliminator
RegDB Val: http://www.evidence-eliminator.com/support.shtml
RegDB Name: URLInfoAbout
RegDB Root: 2
```

```
                         Presario_EE_INSTALL.LOG
***  Installation Started 09/10/2002 10:29  ***
Title: Evidence Eliminator Installation
Source: C:\Documents and Settings\Carter\Local Settings\Temporary Internet
Files\Content.IE5\MTCREH25\insteelm2[1].exe | 09-10-2002 | 10:29:52 | 4758269
Made Dir: C:\Program Files\Evidence Eliminator
File Copy: C:\Program Files\Evidence Eliminator\UNWISE.EXE | 11-05-2001 | 09:30:50 |
| 165376 | 6ef8d7f9
RegDB Key: Software\Microsoft\Windows\CurrentVersion\Uninstall\Evidence Eliminator
RegDB Val: Evidence Eliminator
RegDB Name: DisplayName
RegDB Root: 2
RegDB Key: Software\Microsoft\Windows\CurrentVersion\Uninstall\Evidence Eliminator
RegDB Val: C:\PROGRA~1\EVIDEN~1\UNWISE.EXE C:\PROGRA~1\EVIDEN~1\INSTALL.LOG
RegDB Name: UninstallString
RegDB Root: 2
Made Dir: C:\Program Files\Evidence Eliminator\Help
File Copy: C:\Program Files\Evidence Eliminator\Help\ee.chm | 03-30-2002 | 12:32:50
| | 198850 | f2c028b3
Made Dir: C:\Program Files\Evidence Eliminator\Data
Made Dir: C:\Program Files\Evidence Eliminator\Data\Plug-Ins
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\AbsoluteFTP.eep |
10-18-2001 | 02:00:00 | | 556 | d089f2d1
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\ACDSEE Photo Viewer
v3.eep | 10-18-2001 | 02:00:00 | | 1209 | 1703934
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Adaptec Easy CD
Creator v4.eep | 10-18-2001 | 02:00:00 | | 564 | b1b3fbb8
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Adobe Acrobat Reader
v3.0.eep | 10-18-2001 | 02:00:00 | | 1415 | 780013a9
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Adobe Acrobat Reader
v3.1.eep | 10-18-2001 | 02:00:00 | | 1375 | 423cd92f
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Adobe Acrobat Reader
v4.0.eep | 10-18-2001 | 02:00:00 | | 1375 | d47d2170
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Adobe Photoshop v5.0
LE.eep | 10-18-2001 | 02:00:00 | | 1577 | 8743ed89
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Adobe Photoshop
v5.5.eep | 10-18-2001 | 02:00:00 | | 1794 | a2e85ece
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Adobe Photoshop
v5.eep | 10-18-2001 | 02:00:00 | | 1618 | 1144c0f3
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Adobe Photoshop
v6.0.eep | 10-18-2001 | 02:00:00 | | 672 | ce9988b3
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\ASPack.eep |
10-18-2001 | 02:00:00 | | 1396 | ad8d6abd
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Cabinet Manager.eep |
10-18-2001 | 02:00:00 | | 654 | 3a8b5701
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Copernic 2000 Pro.eep
| 10-18-2001 | 02:00:00 | | 549 | b1d7cba5
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Copernic 2000.eep |
10-18-2001 | 02:00:00 | | 541 | 9d3dfbd6
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Cute FTP v3.0.eep |
10-18-2001 | 02:00:00 | | 727 | 88b0bb17
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Cute FTP v4.0.eep |
10-18-2001 | 02:00:00 | | 727 | b3c30e48
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Delphi v3.eep |
10-18-2001 | 02:00:00 | | 702 | 7d1b5624
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Delphi v4.eep |
10-18-2001 | 02:00:00 | | 750 | ea68fc2f
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Delphi v5.eep |
10-18-2001 | 02:00:00 | | 750 | d80e9220
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\DiskKeeper v5.eep |
10-18-2001 | 02:00:00 | | 530 | 806a3af
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Download
Accelerator.eep | 10-18-2001 | 02:00:00 | | 717 | 90a7a234
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Eudora Mail.eep |
                                  Page 1
```

Presario_EE_INSTALL.LOG
10-18-2001 | 02:00:00 | | 845 | 3d582e7
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\FTP Explorer.eep |
10-18-2001 | 02:00:00 | | 549 | 9094870a
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\GetRight
ExplorerBar.eep | 10-18-2001 | 02:00:00 | | 573 | deeec53b
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\GetRight v4.eep |
10-18-2001 | 02:00:00 | | 809 | a3424395
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\GoZilla.eep |
10-18-2001 | 02:00:00 | | 648 | 53ad62d0
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Helios TextPad v3.eep
| 10-18-2001 | 02:00:00 | | 6148 | ca926466
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Helios TextPad v4.eep
| 10-18-2001 | 02:00:00 | | 6148 | 454a9abc
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\HelpWriter.eep |
10-18-2001 | 02:00:00 | | 1254 | 8fd870b1
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Icon Extractor.eep |
10-18-2001 | 02:00:00 | | 581 | cad45904
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\ICQ 2000a.eep |
10-18-2001 | 02:00:00 | | 1337 | e9848dcc
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\InstallShield
Express.eep | 10-18-2001 | 02:00:00 | | 631 | cc26ea3e
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\JASC Paintshop Pro
v5.eep | 10-18-2001 | 02:00:00 | | 2102 | aeb80a8a
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\JASC Paintshop Pro
v6.eep | 10-18-2001 | 02:00:00 | | 2342 | e40cf210
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\JASC Paintshop Pro
v7.eep | 10-18-2001 | 02:00:00 | | 2342 | 37bd39b3
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Jet PhotoShell
v1.2.eep | 10-18-2001 | 02:00:00 | | 745 | 1b6a935b
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Macromedia Flash
v4.0.eep | 10-18-2001 | 02:00:00 | | 694 | 7a09559e
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\MasterSplitter
v2.1.eep | 10-18-2001 | 02:00:00 | | 559 | db31e946
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\McAfee Virus Scan
v4.eep | 10-18-2001 | 02:00:00 | | 945 | 285f446
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Microangelo 98.eep |
10-18-2001 | 02:00:00 | | 625 | 728f41c9
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Micrografx Picture
Publisher v7.eep | 10-18-2001 | 02:00:00 | | 1421 | 9d2ba24b
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Micrografx Picture
Publisher v8.eep | 10-18-2001 | 02:00:00 | | 1421 | 784b328a
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Microsoft FrontPage
Express.eep | 10-18-2001 | 02:00:00 | | 870 | aeaf5d03
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Microsoft
FrontPage.eep | 10-18-2001 | 02:00:00 | | 1877 | fa8e4591
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Microsoft Help
Workshop.eep | 10-18-2001 | 02:00:00 | | 568 | fc308dd6
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Microsoft HTML
Help.eep | 10-18-2001 | 02:00:00 | | 600 | fbb088f9
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Microsoft Office.eep
| 10-18-2001 | 02:00:00 | | 7207 | 3fcad3b
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Microsoft Publisher
2000.eep | 10-18-2001 | 02:00:00 | | 545 | ce032536
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Microsoft Send-To
Extensions.eep | 10-18-2001 | 02:00:00 | | 589 | 120ca4be
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Microsoft Windows
Paint.eep | 10-18-2001 | 02:00:00 | | 910 | 1766da9
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Microsoft Windows
WordPad.eep | 10-18-2001 | 02:00:00 | | 920 | a8e019c4
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Napster Music
Community.eep | 10-18-2001 | 02:00:00 | | 861 | c95eb43d
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\NEATO Labels.eep |
10-18-2001 | 02:00:00 | | 828 | c541d363
Page 2

Presario_EE_INSTALL.LOG

File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\NeoPlanet v5.eep |
10-18-2001 | 02:00:00 | | 773 | 8aabff9c
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Norton AntiVirus 2000
(v6).eep | 10-18-2001 | 02:00:00 | | 637 | 6d9db54a
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Norton File
Manager.eep | 10-18-2001 | 02:00:00 | | 766 | ee63552c
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Norton Utilities
2000.eep | 10-18-2001 | 02:00:00 | | 768 | 9daef22e
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\NoteTab Pro.eep |
10-18-2001 | 02:00:00 | | 7134 | 2d846b79
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Opera Browser v4.02
Final.eep | 10-18-2001 | 02:00:00 | | 799 | b17d288d
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Opera Browser.eep |
10-18-2001 | 02:00:00 | | 785 | fcc09503
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\PackageForTheWeb.eep
| 10-18-2001 | 02:00:00 | | 1282 | e9de5ee
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Personal Ancestral
File.eep | 10-18-2001 | 02:00:00 | | 582 | 1408fd3
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Real Audio Player v6
v7 v8.eep | 10-18-2001 | 02:00:00 | | 1726 | dc749abf
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Real Download v4.eep
| 10-18-2001 | 02:00:00 | | 801 | 796fba60
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\SureThing CD
Labeler.eep | 10-18-2001 | 02:00:00 | | 538 | 78aa1e29
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Telnet.eep |
10-23-2001 | 12:10:38 | | 725 | c4e506b6
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Ulead Gif Animator
v4.0.eep | 10-18-2001 | 02:00:00 | | 577 | 93c95809
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Ulead Photo Explorer
v4.2.eep | 10-18-2001 | 02:00:00 | | 1581 | 7e72f139
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Ulead Photo Viewer
v4.0.eep | 10-18-2001 | 02:00:00 | | 575 | b9aabd49
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Ulead PhotoImpact
v5.eep | 10-18-2001 | 02:00:00 | | 571 | f39b61a3
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Ulead PhotoImpact
Viewer v4.eep | 10-18-2001 | 02:00:00 | | 579 | b9e4775f
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\UltraEdit v4.eep |
10-18-2001 | 02:00:00 | | 839 | d25feb94
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\UltraEdit v7.eep |
10-18-2001 | 02:00:00 | | 1320 | e865fe0
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Web Ferret v3.eep |
10-18-2001 | 02:00:00 | | 577 | 9a68a9ac
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\WinOnCD.eep |
10-18-2001 | 02:00:00 | | 819 | f39fb59b
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\WinRar v2.6.eep |
10-18-2001 | 02:00:00 | | 590 | 33eb7d60
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\WinRar v2.70.eep |
10-18-2001 | 02:00:00 | | 617 | d089e6
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\WinZip v7.eep |
10-18-2001 | 02:00:00 | | 790 | beb34a14
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\WinZip v8.eep |
10-18-2001 | 02:00:00 | | 790 | b5c56d8a
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Wise Installer.eep |
10-18-2001 | 02:00:00 | | 908 | 8e5ce240
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Yahoo Player.eep |
10-18-2001 | 02:00:00 | | 736 | fdf427b3
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\ZipMagic 2000.eep |
10-18-2001 | 02:00:00 | | 1423 | fe97edf0
File Copy: C:\Program Files\Evidence Eliminator\Data\Plug-Ins\\Zone Alarm.eep |
10-18-2001 | 02:00:00 | | 521 | 82515918
File Copy: C:\Program Files\Evidence Eliminator\License.txt | 03-27-2002 | 10:38:54
| | 16001 | 34dfa054
File Copy: C:\Program Files\Evidence Eliminator\ReadMe.txt | 03-30-2002 | 19:17:46 |
Page 3

Presario_EE_INSTALL.LOG

| 7442 | 4044642b
File Copy: C:\Program Files\Evidence Eliminator\Ee.exe | 08-23-2002 | 13:37:00 |
5.0.0.57 | 881760 | ce27b37a
File Copy: C:\WINDOWS\SYSTEM32\MSGHOO32.OCX | 05-03-1996 | 22:05:12 | 2.0.0.0 |
28672 | dd7627f0
File Copy: C:\WINDOWS\SYSTEM32\TabCtl32.ocx | 10-15-2001 | 21:36:46 | 6.0.90.43 |
209608 | 30c3c8c7
File Copy: C:\WINDOWS\SYSTEM32\Fablock6.ocx | 05-29-1999 | 20:33:36 | 1.1.0.0 |
114696 | de32382b
File Copy: C:\WINDOWS\SYSTEM32\RichTx32.ocx | 05-22-2000 | 00:00:00 | 6.0.88.4 |
203976 | 64253b13
File Copy: C:\WINDOWS\SYSTEM32\MSINET.ocx | 05-22-2000 | 00:00:00 | 6.0.88.62 |
115920 | 75ca0e26
File Copy: C:\WINDOWS\SYSTEM32\SGFILESYS.DLL | 07-15-1999 | 12:11:30 | 1.0.24.0 |
122880 | 96bff668
File Overwrite: C:\WINDOWS\SYSTEM32\RICHED32.DLL | | | | 3584 | 30613b77
File Overwrite: C:\WINDOWS\SYSTEM32\RICHED20.DLL | | | | 421888 | 7d2890c6
File Copy: C:\WINDOWS\SYSTEM32\Eeshellx.dll | 11-12-1999 | 08:37:48 | 1.0.0.0 |
61440 | 5dfeda2a
File Copy: C:\WINDOWS\SYSTEM32\eetransx.exe | 03-19-2002 | 16:34:38 | 1.0.0.0 |
32768 | 5b4ba26c
File Overwrite: C:\WINDOWS\SYSTEM32\SHFOLDER.DLL | | | | 22528 | cf437423
File Overwrite: C:\WINDOWS\SYSTEM32\PSAPI.DLL | | | | 28944 | 9e1098c8
File Copy: C:\WINDOWS\SYSTEM32\EEGenFn1.dll | 05-21-2002 | 14:36:28 | 1.0.0.1 |
68608 | f5d27c33
Shell Link: C:\Documents and Settings\Carter\Start Menu\Programs\Evidence
Eliminator\Evidence Eliminator.lnk
Link Info: C:\Program Files\Evidence Eliminator\Ee.exe | | | 0 | 1 | 0 |
Shell Link: C:\Documents and Settings\Carter\Start Menu\Programs\Evidence
Eliminator\Evidence Eliminator Help.lnk
Link Info: C:\Program Files\Evidence Eliminator\Help\ee.chm | | | 0 | 1 | 0 |
Shell Link: C:\Documents and Settings\Carter\Start Menu\Programs\Evidence
Eliminator\Evidence Eliminator License Agreement.lnk
Link Info: C:\Program Files\Evidence Eliminator\License.txt | | | 0 | 1 | 0 |
Shell Link: C:\Documents and Settings\Carter\Start Menu\Programs\Evidence
Eliminator\Evidence Eliminator Read Me.lnk
Link Info: C:\Program Files\Evidence Eliminator\ReadMe.txt | | | 0 | 1 | 0 |
Shell Link: C:\Documents and Settings\Carter\Desktop\Evidence Eliminator.lnk
Link Info: C:\Program Files\Evidence Eliminator\Ee.exe | | | 0 | 1 | 0 |
RegDB Key: Software\Evidence Eliminator
RegDB Val: C:\PROGRA~1\EVIDEN~1
RegDB Name: App.Path
RegDB Root: 1
RegDB Key: *\shellex\ContextMenuHandlers\Evidence Eliminator
RegDB Val: Default
RegDB Key: Folder\shellex\ContextMenuHandlers\Evidence Eliminator
RegDB Val: Default
RegDB Key: SOFTWARE\Microsoft\Windows\CurrentVersion\Shell Extensions\Approved
RegDB Val: Evidence Eliminator Shell Extension
RegDB Name: Default
RegDB Root: 2
RegDB Key: CLSID\{645FF040-5081-101B-9F08-00AA002F954E}\Shell\Evidence Eliminator
Safe Recycle\Command
RegDB Val: C:\WINDOWS\System32\eetransx /recycle
RegDB Key: CLSID\{20D04FE0-3AEA-1069-A2D8-08002B30309D}\shell\Evidence Eliminator
Safe Restart\Command
RegDB Val: C:\WINDOWS\System32\eetransx /restart
RegDB Key: CLSID\{20D04FE0-3AEA-1069-A2D8-08002B30309D}\shell\Evidence Eliminator
Safe Shutdown\Command
RegDB Val: C:\WINDOWS\System32\eetransx /shutdown
RegDB Key: CLSID\{20D04FE0-3AEA-1069-A2D8-08002B30309D}\shell\Evidence Eliminator
Quick Mode\Command
RegDB Val: C:\WINDOWS\System32\eetransx /quick

```
                           Presario_EE_INSTALL.LOG
Self-Register: C:\WINDOWS\SYSTEM32\OLEAUT32.DLL
Self-Register: C:\WINDOWS\SYSTEM32\OLEPRO32.DLL
Self-Register: C:\WINDOWS\SYSTEM32\STDOLE2.TLB
Self-Register: C:\WINDOWS\SYSTEM32\MSVBVM60.DLL
Self-Register: C:\WINDOWS\SYSTEM32\COMCAT.DLL
Self-Register: C:\WINDOWS\SYSTEM32\MFC42.DLL
Self-Register: C:\WINDOWS\SYSTEM32\MSCOMCTL.OCX
Self-Register: C:\WINDOWS\SYSTEM32\COMDLG32.OCX
Self-Register: C:\WINDOWS\SYSTEM32\MSGHOO32.OCX
Self-Register: C:\WINDOWS\SYSTEM32\TabCtl32.ocx
Self-Register: C:\WINDOWS\SYSTEM32\Fablock6.ocx
Self-Register: C:\WINDOWS\SYSTEM32\RichTx32.ocx
Self-Register: C:\WINDOWS\SYSTEM32\MSINET.OCX
Self-Register: C:\WINDOWS\SYSTEM32\SGFILESYS.DLL
Self-Register: C:\WINDOWS\SYSTEM32\Eeshellx.dll
Could not Self-Register: C:\WINDOWS\SYSTEM32\SHFOLDER.DLL
Could not Self-Register: C:\WINDOWS\SYSTEM32\PSAPI.DLL
Delete in-use files: On
INI New: Created INI
INI File: C:\Program Files\Evidence Eliminator\UNWISE.INI
INI Sect: Settings
INI Item: Start Red
INI Val: 255
INI File: C:\Program Files\Evidence Eliminator\UNWISE.INI
INI Sect: Settings
INI Item: Start Green
INI Val: 255
INI File: C:\Program Files\Evidence Eliminator\UNWISE.INI
INI Sect: Settings
INI Item: End Green
INI Val: 128
INI File: C:\Program Files\Evidence Eliminator\UNWISE.INI
INI Sect: Settings
INI Item: End Blue
INI Val: 255
INI File: C:\Program Files\Evidence Eliminator\UNWISE.INI
INI Sect: Settings
INI Item: No Background
INI Val: 0
File Tree: C:\PROGRA~1\EVIDEN~1\help\
File Tree: C:\PROGRA~1\EVIDEN~1\Data\Plug-Ins\
File Tree: C:\PROGRA~1\EVIDEN~1\Data\
File Tree: C:\PROGRA~1\EVIDEN~1\
RegDB Tree: *\shellex\ContextMenuHandlers\Evidence Eliminator
RegDB Root: 0
RegDB Tree: Folder\shellex\ContextMenuHandlers\Evidence Eliminator
RegDB Root: 0
RegDB Tree: Software\Evidence Eliminator
RegDB Root: 1
RegDB Tree: CLSID\{20D04FE0-3AEA-1069-A2D8-08002B30309D}\shell\Evidence Eliminator
Quick Mode
RegDB Root: 0
RegDB Tree: CLSID\{20D04FE0-3AEA-1069-A2D8-08002B30309D}\shell\Evidence Eliminator
Safe Restart
RegDB Root: 0
RegDB Tree: CLSID\{20D04FE0-3AEA-1069-A2D8-08002B30309D}\shell\Evidence Eliminator
Safe Shutdown
RegDB Root: 0
RegDB Tree: CLSID\{645FF040-5081-101B-9F08-00AA002F954E}\Shell\Evidence Eliminator
Safe Recycle
RegDB Root: 0
File Tree: C:\WINDOWS\Command\eedoscom.*
File Tree: C:\WINDOWS\Command\eedosdel.*
                           Page 5
```

```
                        Presario_EE_INSTALL.LOG
File Tree: C:\WINDOWS\Command\esdosdel.*
File Tree: C:\WINDOWS\Command\eemain.*
File Tree: C:\WINDOWS\Command\eectrl.*
File Tree: C:\WINDOWS\Command\eescript.*
File Tree: C:\WINDOWS\Pif\eepif.*
RegDB Key: Software\Microsoft\Windows\CurrentVersion\Uninstall\Evidence Eliminator
RegDB Val: http://www.evidence-eliminator.com/support.shtml
RegDB Name: HelpLink
RegDB Root: 2
RegDB Key: Software\Microsoft\Windows\CurrentVersion\Uninstall\Evidence Eliminator
RegDB Val: Robin Hood Software Ltd.
RegDB Name: Publisher
RegDB Root: 2
RegDB Key: Software\Microsoft\Windows\CurrentVersion\Uninstall\Evidence Eliminator
RegDB Val: http://www.evidence-eliminator.com/support.shtml
RegDB Name: URLInfoAbout
RegDB Root: 2
User Rights: Admin
```

EXHIBIT O

- boyz new accessories
- Cameron-HTart
- Dylan-striperibbon-final
- easter doll accessories
- EasterPM
- My Music
- My Pictures
- roundbandbracelets
- slumber party faces
- SPlanet torsos and set
- The Learning Company
- Valentine hose
- Valentine's doll accessory
- asiangrl2.pdf
- beach-fabricart.pdf
- cats3.pdf
- Chick-silverfoilarts.pdf
- childdeath.pdf
- cloe_wing_repeat.pdf
- ducksrepeat.pdf
- Easter-chickHT-final.pdf
- finalhawaiianprint.pdf
- fleurspray.pdf
- flower_background.pdf
- frogrepeat.pdf
- hawaiianprint-corectsize.pdf
- Jade-boltHT-final.pdf
- Jade-stripes-final.pdf
- Jade-stripes-finalenlarge30%.pdf
- Jade-thunderHT-final2.pdf
- monkeyrepeat.pdf
- StruttinCloe-flowerdie.pdf
- StruttinJade-fabart-final.pdf
- StruttinJade-fabarts.pdf
- StruttinYas-fabarts-final.pdf
- StruttinYasmin-fabricarts.pdf
- StruttinYas-Sashafabricarts.pdf
- Treedecal-final.pdf
- Everyday Rainbow.gif
- A Beautiful Girl, 'Une Belle Fille', 8 inch, circa '94.jpg
- beachfabriccopy.jpg
- boyz new acc. 2.jpg
- boyz new shoe 1.jpg
- boyz new shoe 2.jpg
- boyz new shoe 3.jpg
- boyz new shoe 4.jpg
- BRATZ_LOGO4.jpg
- chick shirt.jpg
- Cloe shoe 1.jpg
- Cloe shoe 2.jpg
- colored SP-arctic-purseOpen.jpg

- colored SP-mermaid-purse-open.jpg
- Easter shoe 1.jpg
- Easter shoe 2.jpg
- fashion pack beach shoe.jpg
- fashion pack date shoe.jpg
- fashion pack shopping shoe.jpg
- flockslippers.jpg
- Jade shoe 1.jpg
- Jade shoe 2.jpg
- Meygan shoe 1.jpg
- meygan shoe 2.jpg
- Mother of Pearls.jpg
- Mvc-368f.jpg
- Sasha shoe 1.jpg
- Sasha shoe 2.jpg
- SP Fall 2003 concepts 1.jpg
- SP Fall 2003 concepts 2.jpg
- SP-mermaid--purse-.jpg
- Strut-Meygan.jpg
- sugar planet headbands.jpg
- Sugar Planet silk flower.jpg
- SUGARARCTIC CHARACTER DOLL.jpg
- SUGARARCTIC PURSE DOLL.jpg
- SUGARMERMAIDCHARACTER.jpg
- SUGARMERMAIDPURSEDOLL.jpg
- SUGARTROPIC CHARACTER.jpg
- SUGARTROPIC PURSE DOLL.jpg
- TheStorm.jpg
- Valentine shoe 1.jpg
- Valentine shoe 2.jpg
- Yasmin shoe 1.jpg
- Yasmin shoe 2.jpg
- Fall03PrelimLineUp1c.xls
- 15Distressedcopy2.tif
- farm.tif
- CarterBryant-VeronicaMarlow-SugarPlanet.doc
- com.doc
- Easter-contentlist.doc
- fasa.doc
- newproduct-WinterBreakBratz.doc
- revised sugar planet.doc
- slumber-facedecorinstruction.doc
- Top100Namesfor2001.doc
- My Money.mny
- beachfabric.psd
- cd.txt
- custom.dic
- tdp.txt
- Untitled.txt
- 3D lil bratz stuff.zip
- BALLJOINTS-17A.zip

- BeachPartyJake.zip
- boyz accessories.zip
- boyz new accessories.zip
- bratz furniture.zip
- Cameron-HTart.zip
- Carrycase-sketch1.zip
- CloeFG1.zip
- Dylan-striperibbon-final.zip
- easter doll accessories.zip
- EasterPM.zip
- fall colors.zip
- Hawaii2.zip
- Jade-catHT-final.zip
- meygan-DP.zip
- pets.zip
- roundbandbracelets.zip
- slumber party 3d accessories.zip
- slumber party faces.zip
- SPlanet torsos and set.zip
- SPpurse.zip
- spring shoe styles.zip
- Sugargirl.zip
- Valentine hose.zip
- Valentine's doll accessory.zip
- buget.wks
- schedule.wks
- vanessacc.wks
- winterbuget.wks
- clrpant100.wps
- discriptivepap.wps
- dr.wps
- eng101pap1.wps
- household task list.wps
- ids.wps
- idsd.wps
- phone list.wps
- reaction4.wps
- researchpapant.wps
- researchpapeng101.wps
- Struttin' RNG changes.wps

# EXHIBIT P



# EXHIBIT Q

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7                       UNITED STATES DISTRICT COURT

8                      CENTRAL DISTRICT OF CALIFORNIA

9                             EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
12              Plaintiff,

13       v.                                Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15              Defendant.                 **ORDER MODIFYING PROTECTIVE
                                           ORDER**
16
    CONSOLIDATED WITH
17  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
18  INC.

19

20                              I. INTRODUCTION

21        Presently pending for decision is MGA Entertainment, Inc.'s ("MGA") and Carter

22  Bryant's ("Bryant") "Motion for Clarification Of The Discovery Master's January 25, 2007 Order

23  Or For Protective Order Pursuant to Rule 26(c)."  At issue is whether the January 25, 2007 Order

24

25

26

27

28                                                                                         1

1   ("Order") requires Bryant to produce drawings and designs in his possession that he created in

2   2006 or later[1] for products currently under development and not yet released to the public.

3   MGA and Bryant filed their motion on February 23, 2007; Mattel submitted an opposition brief

4   on March 2, 2007; and MGA and Bryant submitted a reply brief on March 7, 2007.  The matter

5   was heard via telephonic conference on March 19, 2007, and taken under submission pending the

6   parties' submission of a stipulated protective order, which was received on April 23, 2007.

7          Having considered the motion papers and comments of counsel at the hearing, and for the

8   reasons set forth below, the motion for clarification of the Order is denied.  There is good cause,

9   however, to modify the current protective order to further limit the disclosure of drawings and

10   designs for MGA products currently under development and not yet released to the public.

11                                II. BACKGROUND

12          The Order that is the subject of this motion granted Mattel's motion to compel Bryant to

13   produce documents responsive to numerous document requests relating to the development of

14   Bratz and other projects that Bryant worked on for MGA.  In ruling on Mattel's motion, the

15   Discovery Master rejected Bryant's relevancy and overbreadth objections to producing

16   documents relating to work that Bryant performed for MGA after the release of the First

17   Generation Bratz dolls on June 30, 2001.

18          Neither party specifically addressed whether Mattel was entitled to drawings and designs

19   for MGA products on which Bryant worked and that are currently under development and not yet

20   released to the public.  Mattel has taken the position that the Order requires production of such

21   documents.

22          During the meet and confer process, MGA and Bryant requested that Mattel "agree to a

23   limitation on the disclosure of product drawings and designs for products in development until

24   after that product has been made available for public sale."  Torres Decl., Ex. A.  Mattel rejected

25

26   _____

27   [1]   MGA and Bryant's Reply Brief at 4:28-5:28, n. 4.

28

1    the proposal, asserting that the proposal "would allow Bryant and/or MGA to unilaterally deem

2    something to be 'in development' and thus not produce it, including for designs Bryant previously

3    created and to which Mattel may have rights." Torres Decl., Ex. A.  The parties had further

4    discussions regarding the disclosure of drawings and designs for products in development but

5    were unable to reach an agreement.

6            MGA and Bryant now request "a clarification that the Order does not require the

7    production of drawings or designs for products that have not yet been released."  MGA and

8    Bryant's Motion at 2:13-15.  In the alternative, MGA and Bryant move for a protective order

9    pursuant to Rule 26(c), Fed.R.Civ.P., providing that drawings or designs for products that have

10   not yet been released (1) need not be produced, or (2) shall be produced only after the products

11   have been released to the public, or (3) shall be produced under other very restrictive conditions

12   to protect their confidentiality.  MGA and Bryant contend that "[e]ven if some of the 'Bratz'

13   drawings that Bryant created for MGA after June 30, 2001, may be relevant to claims at issue in

14   this action, drawings for unreleased products are not."  MGA and Bryant's Motion at 4:28-5:2.

15   Further, they contend that such drawings are highly valuable trade secret documents whose

16   disclosure could severely jeopardize MGA's business.

17           Mattel opposes the motion on numerous grounds.  First, it contends that the motion for

18   clarification is, in effect, an improper motion for reconsideration that does not satisfy the

19   standards for reconsideration, and is another attempt to withhold highly probative evidence that

20   bears directly on Mattel's claims and defenses.  Mattel contends that the Order clearly requires

21   Bryant to produce his drawings, and that MGA and Bryant are now precluded from withholding

22   documents relating to unreleased products because they failed to raise the issue earlier.  Second,

23   Mattel asserts that drawings and designs for unreleased products are relevant to its claims for

24   breach of contract, breach of fiduciary duty, breach of the duty of loyalty, copyright infringement,

25   and misappropriation of trade secrets.  Third, Mattel contends that the protective order currently

26   in place, which addresses trade secret information in particular, is adequate to protect MGA and

27

28

1   Bryant's interests.  Fourth, Mattel contends that the additional protections MGA and Bryant seek

2   under Rule 26(c), Fed.R.Civ.P., would hamstring its ability to investigate and prosecute its claims

3   and defend against MGA's claims.

4   III. DISCUSSION

5   A. The Order Requires Production of Drawings and Designs for Products Not Yet Released

6     The Order clearly requires Bryant to produce all documents in his possession, custody or

7   control relating to Bratz and other products that Bryant has worked on with or for MGA.  Among

8   other things, the Order requires Bryant to produce documents responsive to Mattel's Request Nos.

9   12, 19, 40, 41, and 54.  Request No. 12 seeks production of all documents that refer or relate to

10  work or services that Bryant performed for or on behalf of MGA after October 20, 2000.  See

11  Zeller Decl., Ex. 4.  Request No. 19 seeks production of all documents that refer or relate to

12  designs that Bryant created, authored, produced, conceived of or reduced to practice after October

13  20, 2000 as purported "works-made-for-hire," whether in whole or in part for or on behalf of

14  MGA.  Id.  Request No. 40 seeks production of documents that refer or relate to Bryant's

15  participation in the conception, creation, design, development, sculpting, tooling, production or

16  manufacture of Bratz.  Id.  Request No. 41 seeks production of all documents that refer or relate

17  to designs for Bratz.  Id.  Request No. 54 seeks production of all prototypes, models, samples and

18  tangible items that refer or relate to Bratz.  Id.  Each of these requests covers drawings and

19  designs for Bratz products, regardless of when the drawings and designs were created or whether

20  the products to which they relate have been released.

21    Nowhere does the Order exempt, or even arguably exempt, from production responsive

22  documents relating to products that have not been released.  To the contrary, the Order rejects

23  Bryant's objections based upon relevancy and overbreadth.  In particular, the Order rejects

24  Bryant's "First Generation Bratz" limitation, which sought to limit discovery to only those

25  documents relating to the first dolls sold to the public in the summer of 2001.  Thus, under the

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

1    Order, Bryant is required to produce drawings and designs in his possession for products currently

2    under development and not yet released to the public.

3         Because the terms of the Order are clear, MGA's and Bryant's request for clarification of

4    the Order is denied.

5    B.   There is Good Cause to Modify the Protective Order as to Drawings and Designs for Products

6    Not Yet Released

7         In the event that designs and drawings for unreleased products under development are

8    found relevant and within the scope of the Order, MGA and Bryant move in the alternative for a

9    protective order pursuant to Rule 26(c), Fed.R.Civ.P., that would provide additional protections

10   not available under the protective order currently in place.  More specifically, MGA and Bryant

11   seek either (1) an order that the designs and drawings for MGA's unreleased products not be

12   revealed at all; (2) an order delaying production of designs and drawings for MGA's unreleased

13   products until the products are released; (3) an order requiring the designs and drawings to be

14   placed in an escrow for an expert to review and prohibiting the expert from removing or copying

15   the documents; or (4) an order providing that the drawings and designs for unreleased products be

16   produced for inspection by only an independent expert at the offices of MGA's counsel, with no

17   copying, photographing or sketching permitted.  Because there is already a protective order in

18   place, MGA and Bryant's motion is construed as one for modification of the existing protective

19   order.[2]

                              1. Rule 26 Standards

20

21        Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

22   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

23

24   _____

25        [2] Mattel's contention that the present motion is an improper motion for reconsideration is without merit. To
     the extent MGA and Bryant seek protection under Rule 26(c), Fed.R.Civ.P., their motion raises issues that were not
     within the scope of Mattel's motion to compel production of documents from Bryant.  Furthermore, paragraph 19 of
26   the protective order currently in place provides that a party may, at any time, apply to the Court for a modification of
     its terms.

27

28

1  party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the

2  discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

3  Even when discovery is permissible under Rule 26(b)(1), however, discovery may be limited

4  pursuant to Rule 26(c), Fed.R.Civ.P., which provides for the issuance of a protective order upon

5  motion by a party that has conferred in good faith in an effort to resolve the dispute without court

6  action, and for good cause shown.  Rule 26(c) provides for "any order which justice requires to

7  protect a party or person from annoyance, embarrassment, oppression or undue burden or

8  expense," including, among other things, "(1) that the disclosure or discovery not be had; (2) that

9  the discovery may be had only on specified terms and conditions, including a designation of the

10  time or place . . . (5) that the discovery be conducted with no one present except persons

11  designated by the court" and "(7) that a trade secret or other confidential research, development,

12  or commercial information not be revealed or revealed only in a designated way."  In general, in

13  determining whether a protective order should issue for trade secrets, the Ninth Circuit requires

14  that a court balance the risk to the disclosing party of inadvertent disclosure of trade secrets to

15  competitors against the risk to the moving party that protection of the trade secret would impair

16  the prosecution of its claims.  Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th

17  Cir. 1992) (upholding protective order granting access to source code and other trade secret

18  materials to only an independent consultant).

19                    2. The Documents At Issue Are Relevant

20         In support of its motion for a protective order, MGA and Bryant contend that drawings

21  and designs for products not yet released to the public are not relevant to any of Mattel's claims.

22  As an initial matter, MGA and Bryant contend that Mattel cannot possibly have suffered a

23  cognizable injury relating to MGA's products that have not yet been released, and that Mattel has

24  never taken the position that such products are relevant.  MGA and Bryant next contend that the

25  drawings and designs for unreleased products are not relevant to Mattel's counterclaim for

26  copyright infringement because that claim is premised on an allegation that Bryant created the

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

1   original Bratz drawings while still employed at Mattel. MGA and Bryant similarly contend that

2   drawings and designs for products not yet released to the public are not relevant to Mattel's

3   original claim that Bryant breached his confidentiality obligations while still employed by Mattel.

4   Because Mattel's claims are based upon events occurring while Bryant was still employed by

5   Mattel, MGA and Bryant believe that drawings and designs for products currently under

6   development -- over six years after the termination of Bryant's employment at Mattel -- have no

7   relevance. MGA and Bryant further contend that the drawings and designs for products currently

8   under development are not relevant to Mattel's counterclaim for trade secret misappropriation.

9   MGA and Bryant reason that the trade secret claim is based on the alleged theft of business

10  information, not drawings and designs for products.

11          Consistent with the analysis previously set forth in the Order, the Discovery Master finds

12  that drawings and designs for unreleased products are relevant to Mattel's claims against Bryant.

13  Mattel claims that it owns works created by Bryant during his Mattel employment, regardless of

14  whether the works resulted in a Bratz doll released at a particular time. Further, Mattel's

15  complaint alleges that Bryant breached his confidentiality obligations while employed by Mattel.

16  As Mattel points out, Bryant has a continuing obligation not to use Mattel's confidential and

17  proprietary information.

18          Drawings and designs for unreleased products are also relevant to Mattel's copyright

19  infringement claim. It is true, as MGA and Bryant point out, that Mattel claims it owns

20  copyrights in Bratz works created by Bryant while still employed by Mattel. Mattel, however,

21  also asserts that Bryant has infringed Mattel's alleged copyrights in Bratz works through his

22  ongoing conduct of reproducing and creating derivative works.

23          Drawings and designs for unreleased products are also relevant to Mattel's counterclaim

24  for trade secret misappropriation. Among other things, Mattel alleges that MGA stole its future

25  line lists that detail the Barbie products that Mattel anticipated producing in 2004. Drawings of

26  unreleased MGA products that resemble unreleased products on Mattel's line lists may support

27

28

1   Mattel's allegation of trade secret misappropriation, even if the line list might potentially be

2   outdated.  Further, proof of trade secret theft is also relevant to Mattel's defense against MGA's

3   unfair competition claims.[3]

4   <u>3. The Drawings and Designs Are Entitled to Heightened Protection</u>

5        MGA and Bryant contend that drawings and designs for unreleased products fall squarely

6   within the category of trade secret information and should not be revealed at all, or in the

7   alternative, should not be revealed prior to release of the products.  They contend that there is

8   good cause for heightened protection for drawings and designs for unreleased products because

9   any relevance of such drawings and designs is marginal at best, and the potential damage to MGA

10  of any disclosure is substantial.  According to MGA and Bryant, there are thirteen lawyers at

11  Mattel's retained law firm who have recently been named in or on briefs submitted by Mattel.  In

12  addition, MGA and Bryant estimate that there are numerous other staff members and outside

13  vendors – such as copy services, couriers, court reporters, experts and their respective staffs—

14  who also handle documents in this case on a regular basis.  MGA and Bryant contend that the

15  current protective order allows disclosure to each of these groups of people, even for documents

16  restricted as "Confidential – Attorneys' Eyes Only."  Moreover, MGA and Bryant contend that

17  Mattel has a practice of summarizing or paraphrasing contents of confidential documents or

18  testimony in briefs and other papers filed with the Court.  MGA and Bryant suspect that Mattel

19  may follow this practice with respect to drawings and designs of unreleased products, and thereby

20  release MGA's trade secret information to the public.

21       Mattel opposes any modification of the existing protective order, asserting that the parties

22  contemplated exchanging trade secret information, including "non-public information relating to

23

24      [3]  MGA and Bryant's contention that discovery of drawings and designs for unreleased products is barred

25  unless and until Mattel complies with California Code of Civil Procedure section 2019.210 is without merit.
    Drawings and designs for unreleased products are relevant to claims other than the trade secret misappropriation

26  claim, such as Mattel's claim for copyright infringement.  Furthermore, the case relied upon by MGA and Bryant,
    <u>Advanced Modular Sputtering, Inc. v. Superior Court</u>, 132 Cal.App.4th 826 (2nd Dist. 2005), is distinguishable from
    the present case in that not all of Mattel's claims are "factually dependent" on the trade secret claim.

27

28

1   product development and design,"[4] and agreed to certain safeguards for trade secret information.

2   Mattel contends that there is little to no risk of unwarranted disclosure of MGA's trade secrets

3   because Mattel's in-house counsel and employees are not permitted to inspect or know the

4   contents of documents designated as "Confidential--Attorneys' Eyes Only." Mattel also denies

5   disclosing MGA's confidential information in briefs filed with the court.

6        Mattel's argument that MGA is limited to the terms of the current protective order is

7   without merit. The current protective order was negotiated by the parties at the inception of the

8   case, well before all of the claims and defenses were established. At that time, the parties did not

9   fully understand or foresee what documents and trade secrets would be relevant and discoverable

10  under Rule 26, Fed.R.Civ.P. Moreover, paragraph 19 of the protective order provides that a party

11  may, at any time, apply to the court for a modification of its terms.

12       On balance, there is good cause for heightened protection for drawings and designs for

13  unreleased products. MGA and Mattel are direct competitors. MGA has submitted the

14  declaration of Paula Garcia to support its claim of trade secrets. Ms. Garcia is the Vice President

15  of Product Design and Development and is responsible for the design and development of Bratz

16  products. She states that "[w]ithout question, a toy manufacturer's unreleased toy concepts . . .

17  are among its most highly valuable trade secrets." Garcia Decl. at ¶4. She states that "[a]lthough

18  such drawings and designs are valuable even after the product's public release, their value is

19  enormous prior to their public release because it is the new ideas and designs that are most likely

20  to generate new sales." Id. She further states that MGA protects its product designs and drawings

21  by using confidentiality agreements, computer passwords, and security guards. She also states

22  that vendors, manufacturers, suppliers and other third parties who may see a product design late in

23  the development process are required to sign strict confidentiality agreements. Ms. Garcia states

24  that "MGA's drawings for some of its yet-unreleased 'Bratz' products are even more closely

25

26       _____

          [4] Protective Order at 2-3.

27

28

1  protected." Id. at ¶6.  More specifically, she declares that when MGA begins to develop a new

2  Bratz line, only a very limited number of people know about it.  Further, Ms. Garcia asserts, "[i]n

3  fact, with respect to some 'Bratz' products, Carter Bryant and I are the only people who know

4  what the concept is and who see the early product drawings.  Even after I approve and we have

5  finalized the concept, only a small number of people on the 'Bratz' development team have

6  exposure to the drawings." Id.  Thus, drawings and designs for MGA products not yet released to

7  the public are unquestionably valuable trade secret information.

8        Although the protective order currently in place provides for two tiers of protection, MGA

9  points out that even under the higher "Confidential – Attorneys' Eyes Only" tier, MGA's

10  drawings and designs for unreleased products could be disclosed to at least thirteen of Mattel's

11  lawyers, as well as staff members, and also outside vendors such as copy services, court reporters,

12  experts and their staff.  Given the number of people involved in the case, MGA is justifiably

13  concerned about the possibility of inadvertent disclosures of trade secrets that could lead to

14  substantial economic injury.

15        In comparison to the potential risk of harm to MGA, Mattel's need for drawings and

16  designs for unreleased products is relatively small.  Mattel's claims and defenses are centered

17  upon Bryant's conduct during his employment at Mattel, which ended in October of 2000, and

18  events leading up to the release of the First Generation of Bratz dolls in the summer of 2001.

19  Although the lawsuit is much broader than the First Generation of Bratz dolls, events occurring

20  after the summer of 2001 become less relevant as more time passes.  Approximately six years

21  have passed since the launch of the First Generation Bratz dolls.  Furthermore, for purposes of

22  determining damages, drawings and designs for released products are far more relevant than

23  drawings and designs for yet unreleased products.  Indeed, as MGA and Bryant point out, it is

24  unlikely that Mattel could have suffered any cognizable injury from MGA products that have not

25  yet been released.

26

27

28

1    In summary, the potential for inadvertent disclosure under the terms of the existing

2  protective order outweighs Mattel's need for drawings and designs for unreleased products.

3  Accordingly, MGA and Bryant are entitled to additional protective measures to prevent

4  inadvertent disclosure of drawings and designs for unreleased products.

5                    4. Delaying Production of Drawings and Designs Until

6             Products Are Released Would Impair Mattel's Ability To Prosecute Its Claims

7    MGA and Bryant seek a protective order delaying production of drawings and designs for

8  products under development until the products are actually released.  MGA and Bryant anticipate

9  releasing products in the fall of 2007 and the spring of 2008.  MGA and Bryant's Reply at 4:26-

10  28.  MGA and Bryant contend that production of drawings and designs for products under

11  development prior to their release date would impose an unwarranted burden for two reasons.

12  First, MGA and Bryant assert that Mattel's requests are broad.  Second, they contend that

13  requiring production of drawings and designs would be disruptive to the product development

14  process.  They explain that the creative process is fluid, constant, and extremely rapid.  They

15  explain that for some Bratz products, Bryant may create and develop scores of drawings that are

16  modified and improved throughout the development cycle.  Further, MGA often goes back to, or

17  builds on, prior drawings.  MGA and Bryant contend that "to be forced to turn over these

18  drawings throughout the development process before the product line is finalized, particularly as

19  MGA is operating under such short development cycles, would not only substantially compromise

20  the strict confidentiality measures that MGA has in place but would be extremely disruptive to its

21  ability to do business and therefore significantly impact its ability to compete."  MGA and

22  Bryant's Motion at 11:16-22.

23    MGA and Bryant's proposal to delay production until products are released is unworkable.

24  Although MGA anticipates releasing products in the fall of 2007 and the spring of 2008, there is

25  no guarantee that MGA will meet those release dates.  If there are delays in the release dates,

26  Mattel might not have sufficient time to review the drawings and designs and conduct follow up

27

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

11

1   discovery under the current schedule.  Trial on Mattel's original claims is scheduled for February

2   of 2008, and trial on MGA's claims and Mattel's counterclaims is scheduled for July of 2008.

3   In light of the trial schedule, any delay beyond June 29, 2007 would unduly prejudice Mattel's

4   ability to prepare for trial.

5                                 5. Additional Procedures

6            At the hearing, the parties represented that they would submit a stipulation and proposed

7   order with additional terms governing the production of drawings and designs for MGA's

8   products that are under development.  On April 23, 2007, the parties submitted a stipulation and

9   proposed order.  The parties stipulated to define "Subject Documents" as "documents (defined to

10  include both tangible items and electronic data) created after January 1, 2006 that pertain to

11  products which are currently unreleased and scheduled for public release in 2007 or 2008 and

12  that constitute highly sensitive trade secrets of the producing Party." Stipulation and Proposed

13  Order at ¶1.  The main terms of the stipulation are as follows:

14           1. That "Subject Documents" may be withheld from production to the other parties until

15  June 29, 2007.  Id. at ¶2.

16           2. That "Subject Documents" may be designated as "Highly Confidential – Restricted

17  Attorneys' Eyes Only," and that documents so designated "shall not be disclosed in any way to,

18  nor their contents summarized or discussed in substance with, any person other than:  (i) up to

19  three attorneys at the receiving Party's outside law firm; (ii) such independent, outside expert(s)

20  for the receiving Party who outside counsel deems necessary to show such documents for

21  purposes of providing expert opinion or expert testimony; (iii) one assistant or paralegal for each

22  Party . . . (iv) the Court, including the Discovery Master and other personnel identified in

23  paragraphs 6(g) and 7 of the Protective Order; (v) the authors, senders, addressees and

24  designated copy recipients of any document designated 'Highly Confidential – Restricted

25  Attorneys' Eyes Only'; and (vi) such other persons as may be consented to in writing or on the

26

27

28

1  record by the Party designating such documents 'Highly Confidential – Restricted Attorneys'

2  Eyes Only.'" Id. at ¶3(b).

3      3. That "[d]ocuments designated as 'Highly Confidential – Restricted Attorneys' Eyes

4  Only' shall not be copied except to create one archival file copy, one working copy for the

5  designated attorneys and/or any designated expert, or for use as exhibits at deposition or trial or

6  in filings with the Court, including the Discovery Master." Id. at ¶3(d).

7      4. That "[e]ach receiving Party's original copy set and all copies of Subject Documents,

8  including any copies for use as exhibits or in motion practice, shall be maintained in a secure,

9  locked file at all times when not physically being used by the receiving party's counsel or

10  expert." Id. at ¶3(e); and

11      5. That the producing Party "shall re-designate or de-designate Subject Documents

12  relating to a product within fourteen (14) days of the following events, whichever occurs earlier:

13  (a) the production is first shipped, or (b) the product is first disclosed to a third party without an

14  express confidentiality agreement." Id. at ¶4

15      Good cause appearing, the stipulation is hereby approved and shall be entered as a

16  separate order of the court.

17                        V. CONCLUSION

18      For the reasons set forth above, MGA and Bryant's motion for clarification of the Order is

19  denied.  MGA and Bryant's alternative motion for a protective order pursuant to Rule 26(c),

20  Fed.R.Civ.P., is granted.  The parties shall abide by the terms of the stipulation and order to

21  modify the protective order.

22      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

23  Master, MGA shall file this Order with the Clerk of Court forthwith.

24  Dated: May 15, 2007

25                    HON. EDWARD A. INFANTE (Ret.)

                         Discovery Master

26

27

28

# EXHIBIT R

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

JOHN E. TRINIDAD
JTRINIDAD@KVN.COM

June 28, 2007

**VIA FEDERAL EXPRESS**

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543

Re:     Carter Bryant v. Mattel, Case No. C 04-09049 SGL

Dear Mr. Zeller:

Enclosed please find a box containing documents labeled with following Bates Numbers:

- BRYANT 13880 - BRYANT 14327;
- BRYANT 13448 - BRYANT 13516;
- BRYANT 16967 – BRYANT 17029;
- BRYANT 17593 – BRYANT 17597;
- BRYANT 17605 - BRYANT 17613;
- BRYANT 17616 - BRYANT 17618;
- BRYANT 17627 – BRYANT 17650;
- BRYANT 17652 - BRYANT 17700;
- BRYANT 17703;
- BRYANT 17707 - BRYANT 17733;
- BRYANT 17737 - BRYANT 17742;
- BRYANT 17762;
- BRYANT 17780 – BRYANT 17789;
- and BRYANT 17790 - BRYANT 19225.

These documents are designated as "HIGHLY CONFIDENTIAL - RESTRICTED ATTORNEYS' EYES ONLY" pursuant to the Protective Order governing this case and Judge Infante's May 15, 2007 Order.

Michael T. Zeller
June 28, 2007
Page 2


Please feel free to contact me if you have any questions.

Regards,

John E. Trinidad


JET/jas
Enclosures

cc: Jim Jenal

398122.01