QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]**<br><br>MATTEL, INC.'S SEPARATE STATEMENT NO. 2 IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED, ISAAC LARIAN, AND CARTER BRYANT TO RESPOND TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA ENTERTAINMENT, INC.; CARTER BRYANT; MGA ENTERTAINMENT (HK)LIMITED; AND ISAAC LARIAN<br><br>Date: TBD<br>Time: TBD<br>Place: TBD<br><br>**Phase 1**<br>Discovery Cut-Off: January 14, 2008<br>Pre-Trial Conference: April 7, 2008<br>Trial Date: April 29, 2008 |

1  Mattel respectfully submits the following separate statement in support
2  of its Motion to Compel MGA Entertainment, Inc., MGA Entertainment (HK) Ltd.,
3  Isaac Larian and Carter Bryant to Answer Requests for Admission.  The following
4  separate statement addresses the responses of Carter Bryant.  Mattel is concurrently
5  filing a different separate statement addressing the responses of MGA
6  Entertainment, Inc., MGA Entertainment (HK) Ltd. and Isaac Larian.

7

8  **I.      REQUESTS WHERE BRYANT FAILS TO PROVIDE A RESPONSIVE**
9         **ANSWER (NOS. 17-18, 48-49 AND 54-55)**
10 **REQUEST FOR ADMISSION NO. 17:**
11  Admit that BRYANT'S BRATZ IDEAS are valuable property.
12 **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**
13  Bryant incorporates by reference the above-stated general objections as
14  if fully set forth herein.  Bryant objects to the term "BRYANT'S BRATZ IDEAS"
15  and its definition on the grounds that they are vague and ambiguous.  in responding
16  to this request, Bryant interprets the term "BRYANT'S BRATZ IDEAS" to mean
17  Bryant's idea for a line of fashion dolls that he called "Bratz." Bryant also objects to
18  the terms "valuable property" and "valuable" as vague and ambiguous, and as
19  calling for Bryant's opinion rather than an admission of fact.  Bryant also objects to
20  the term "property" as vague and ambiguous and (because of that lack of definition)
21  interprets it (for purposes of this response only) to encompass any idea or thing
22  without regard to legal definitions of property.
23  Subject to and without waiving the foregoing general and specific
24  objections, Bryant responds to this request as follows: Bryant admits that some of
25  the drawings depicting characters that Bryant called Bratz and made prior to
26  October 4, 2000 did not always entirely lack any form of value, and on that basis
27  admits the request.
28

1   **REQUEST FOR ADMISSION NO. 18:**

2        Admit that BRYANT'S BRATZ IDEAS are not valuable property.

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

4        Bryant incorporates by reference the above-stated general objections as

5 if fully set forth herein.  Bryant objects to the term "BRYANT'S BRATZ IDEAS"

6 and its definition on the grounds that they are vague and ambiguous.  In responding

7 to this request, Bryant interprets the term "BRYANT'S BRATZ IDEAS" to mean

8 Bryant's idea for a line of fashion dolls that he called "Gratz." Bryant also objects to

9 the terms "valuable property" and "valuable" as vague and ambiguous, and as

10 calling for Bryant's opinion rather than an admission of fact.  Bryant also objects to

11 the term "property" as vague and ambiguous and (because of that lack of definition)

12 interprets it (for purposes of this response only) to encompass any idea or thing

13 without regard to legal definitions of property.

14        Subject to and without waiving the foregoing general and specific

15 objections, Bryant responds to this request as follows: Bryant states that some of the

16 drawings depicting characters that Bryant called Bratz and made prior to October 4,

17 2000 did not always entirely lack any form of value, and on that basis denies the

18 request.

19   **REQUEST FOR ADMISSION NO. 48:**

20        Admit that the so-called "First Generation" BRATZ DOLLS marketed

21 by MGA and sold to the public in or about June 2001 were BASED ON one or more

22 of BRYANT'S BRATZ IDEAS.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

24        Bryant incorporates by reference the above-stated general objections as

25 if fully set forth herein.  Bryant objects to the terms "BRATZ DOLLS," MGA,"

26 "BASED ON" and "BRYANT'S BRATZ IDEAS" and their definitions as vague,

27 ambiguous, and compound.  In responding to this request, Bryant interprets the term

28 "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the market for

1 | sale and today known as "Bratz".  Bryant also objects to the term "First Generation"
2 | as vague and ambiguous.  Bryant further objects to the term "BASED ON" and its
3 | definition as vague and calling for a legal conclusion.  For purposes of this request,
4 | Bryant interprets the term "BASED ON" to mean "copies of, derivative of, or
5 | substantially similar to."

6 |       Subject to and without waiving the foregoing general and specific
7 | objections, Bryant responds to this request as follows: Bryant denies that the "First
8 | Generation" line of dolls introduced by MGA to the market for sale in May or June
9 | of 2001 and known as "Bratz" were copies of, derivative of, or substantially similar
10 | to drawings and/or tangible items that Bryant presented to MGA prior to entering
11 | into the "ASSIGNMENT AGREEMENT" with MGA, and on that basis denies the
12 | request.

13 | **REQUEST FOR ADMISSION NO. 49:**

14 |       Admit that the so-called "First Generation" BRATZ DOLLS marketed
15 | by MGA and sold to the public in or about June 2001 were not BASED ON any of
16 | BRYANT'S BRATZ IDEAS.

17 | **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

18 |       Bryant incorporates by reference the above-stated general objections as
19 | if fully set forth herein.  Bryant objects to the terms "BRATZ DOLLS," MGA,"
20 | "BASED ON" and "BRYANT'S BRATZ IDEAS" and their definitions as vague,
21 | ambiguous, and compound.  In responding to this request, Bryant interprets the term
22 | "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the market for
23 | sale and today known as "Bratz".  Bryant also objects to the term "First Generation"
24 | as vague and ambiguous.  Bryant further objects to the term "BASED ON" and its
25 | definition as vague and calling for a legal conclusion.  For purposes of this request,
26 | Bryant interprets the term "BASED ON" to mean "copies of, derivative of, or
27 | substantially similar to."

28 |

1    Subject to and without waiving the foregoing general and specific

2 objections, Bryant responds to this request as follows: Bryant denies that the "First

3 Generation" line of dolls introduced by MGA to the market for sale in May or June

4 of 2001 and known as "Bratz" were copies of, derivative of, or substantially similar

5 to drawings and/or tangible items that Bryant presented to MGA prior to entering

6 into the "ASSIGNMENT AGREEMENT" with MGA, and on that basis admits the

7 request.

8 **REQUEST FOR ADMISSION NO. 54:**

9    Admit that one or more "Subsequent Generation" BRATZ DOLLS

10 marketed by MGA and sold to the public after June 2001, which differ in some

11 manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

12 and sold to the public in or about June 2001, were BASED ON one or more of

13 BRYANT'S BRATZ IDEAS.

14 **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

15    Bryant incorporates by reference the above-stated general objections as

16 if fully set forth herein.  Bryant objects to the terms "BRATZ DOLLS," MGA,"

17 "BASED ON" and "BRYANT'S BRATZ IDEAS" and their definitions as vague,

18 ambiguous, and compound.  In responding to this request, Bryant interprets the term

19 "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the market for

20 sale and today known as "Bratz".  Bryant also objects to the terms "First

21 Generation" and "Subsequent Generation" as vague and ambiguous.  Bryant further

22 objects to the term "BASED ON" and its definition as vague and calling for a legal

23 conclusion.  For purposes of this request, Bryant interprets the term "BASED ON"

24 to mean "copies of, derivative of, or substantially similar to."

25    Subject to and without waiving the foregoing general and specific

26 objections, Bryant responds to this request as follows: Bryant denies that the

27 "Subsequent Generation" line of dolls introduced by MGA to the market for sale

28 after May or June of 2001 and known as "Bratz" were copies of, derivative of, or

MATTEL'S SEPARATE STATEMENT REGARDING BRYANT

1  substantially similar to drawings and/or tangible items that Bryant presented to

2  MGA prior to entering into the "ASSIGNMENT AGREEMENT" with MGA, and

3  on that basis denies the request.

4  **REQUEST FOR ADMISSION NO. 55:**

5         Admit that the all of the "Subsequent Generation" BRATZ DOLLS

6  marketed by MGA and sold to the public after June 2001, which differ in some

7  manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

8  and sold to the public in or about June 2001, were not BASED ON any of

9  BRYANT'S BRATZ IDEAS.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

11         Bryant incorporates by reference the above-stated general objections as

12  if fully set forth herein.  Bryant objects to the terms "BRATZ DOLLS," MGA,"

13  "BASED ON" and "BRYANT'S BRATZ IDEAS" and their definitions as vague,

14  ambiguous, and compound.  In responding to this request, Bryant interprets the term

15  "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the market for

16  sale and today known as "Bratz".  Bryant also objects to the terms "First

17  Generation" and "Subsequent Generation" as vague and ambiguous.  Bryant further

18  objects to the term "BASED ON" and its definition as vague and calling for a legal

19  conclusion.  For purposes of this request, Bryant interprets the term "BASED ON"

20  to mean "copies of, derivative of, or substantially similar to."

21         Subject to and without waiving the foregoing general and specific

22  objections, Bryant responds to this request as follows: Bryant denies that the

23  "Subsequent Generation" line of dolls introduced by MGA to the market for sale

24  after May or June of 2001 and known as "Bratz" were copies of, derivative of, or

25  substantially similar to drawings and/or tangible items that Bryant presented to

26  MGA prior to entering into the "ASSIGNMENT AGREEMENT" with MGA, and

27  on that basis admits the request.

28

-5-

**Reasons to Compel Further Responses**

Bryant's answers to these Requests are entirely non-responsive. Each of these Requests seeks admissions regarding "BRYANT'S BRATZ IDEAS." The Requests define "BRYANT'S BRATZ IDEAS" as "***concepts, ideas, or other intangible items or matter***."[1] Despite the fact that the substance of the Requests are clearly designed to obtain admissions regarding "intangible items," Bryant limits his responses to his Bratz-related "drawings" and/or "tangible items." That limitation is directly contrary to the substance of the Requests.

Bryant also asserts a number of boilerplate objections to these Requests. Bryant provides no explanation or support for the objections. They are therefore improper and should be overruled. Bryant should be compelled to admit or deny these Requests, as written.

## II.   REQUESTS WHERE BRYANT REFUSES TO ANSWER AND DENIES KNOWLEDGE (NOS. 15-16 AND 19-20)

**REQUEST FOR ADMISSION NO. 15:**

Admit that BRYANT'S BRATZ DESIGNS were valuable property at the time of the ASSIGNMENT AGREEMENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant objects to the term "BRYANT'S BRATZ DESIGNS" and its definition on the grounds that they are vague and ambiguous. In responding to this request, Bryant interprets the term "BRYANT'S BRATZ

---

[1]   See Mattel, Inc.'s First Set of Requests for Admission to MGA Entertainment, Inc., Carter Bryant, MGA Entertainment (HK) Limited, and Isaac Larian, dated December 27, 2007, at p. 4 (emphasis added), attached as Exhibit 1 to the concurrently filed Declaration of B. Dylan Proctor.

DESIGNS" to mean drawings depicting characters that Bryant called Bratz and made prior to October 4, 2000, the date on which Bryant signed his agreement with MGA.  Bryant also objects to the terms "valuable property" and "valuable" as vague and ambiguous, and as calling for Bryant's opinion rather than an admission of fact. Bryant also objects to the term "property" as vague and ambiguous and (because of that lack of definition) interprets it (for purposes of this response only) to encompass any idea or thing without regard to legal definitions of property.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: after reasonable inquiry, Bryant has insufficient information or knowledge to enable him to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 16:**

Admit that BRYANT'S BRATZ DESIGNS were not valuable property at the time of the ASSIGNMENT AGREEMENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Bryant incorporates by reference the above-stated general objections as if fully set forth, herein.  Bryant objects to the term "BRYANT'S BRATZ DESIGNS" and its definition on the grounds that they are vague and ambiguous.  In responding to this request, Bryant interprets the term "BRYANT'S BRATZ DESIGNS" to mean drawings depicting characters that Bryant called Bratz and made prior to October 4, 2000, the date on which Bryant signed his agreement with MGA.  Bryant also objects to the terms "valuable property" and "valuable" as vague and ambiguous, and as calling for Bryant's opinion rather than an admission of fact. Bryant also objects to the term "property" as vague and ambiguous and (because of that lack of definition) interprets it (for purposes of this response only) to encompass any idea or thing without regard to legal definitions of property.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows:  After reasonable inquiry,

1  Bryant has insufficient information or knowledge to enable him to admit or deny

2  this Request.

3  **REQUEST FOR ADMISSION NO. 19:**

4          Admit that BRYANT'S BRATZ IDEAS were valuable property at the

5  time of the ASSIGNMENT AGREEMENT.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

7          Bryant incorporates by reference the above-stated general objections as

8  if fully set forth herein.  Bryant objects to the term "BRYANT'S BRATZ IDEAS"

9  and its definition on the grounds that they are vague and ambiguous.  In responding

10  to this request, Bryant interprets the term "BRYANT'S BRATZ IDEAS" to mean

11  Bryant's idea for a line of fashion dolls that he called "Bratz." Bryant also objects to

12  the terms "valuable property" and "valuable" as vague and ambiguous, and as

13  calling for Bryant's opinion rather than an admission of fact.  Bryant also objects to

14  the term "property" as vague and ambiguous and (because of that lack of definition)

15  interprets it (for purposes of this response only) to encompass any idea or thing

16  without regard to legal definitions of property.

17          Subject to and without waiving the foregoing general and specific

18  objections, Bryant responds to this request as follows: after reasonable inquiry,

19  Bryant has insufficient information or knowledge to enable him to admit or deny

20  this Request.

21  **REQUEST FOR ADMISSION NO. 20;**

22          Admit that BRYANT'S BRATZ IDEAS were not valuable property at

23  the time of the ASSIGNMENT AGREEMENT.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

25          Bryant incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Bryant objects to the term "BRYANT'S BRATZ IDEAS"

27  and its definition on the grounds that they are vague and ambiguous.  In responding

28  to this request, Bryant interprets the term "BRYANT'S BRATZ IDEAS" to mean

1   Bryant's idea for a line of fashion dolls that he called "Bratz." Bryant also objects to
2   the terms "valuable property" and "valuable" as vague and ambiguous, and as
3   calling for Bryant's opinion rather than an admission of fact.  Bryant also objects to
4   the term "property" as vague and ambiguous and (because of that lack of definition)
5   interprets it (for purposes of this response only) to encompass any idea or thing
6   without regard to legal definitions of property.

7          Subject to and without waiving the foregoing general and specific
8   objections, Bryant responds to this request as follows: After reasonable inquiry,
9   Bryant has insufficient information or knowledge to enable him to admit or deny
10  this Request.

11          **Reasons to Compel Further Responses**

12          Rather than admit or deny Request Nos. 15-16 and 19-20, Bryant
13  claims to have insufficient knowledge to provide a substantive response to the
14  Requests.  Contrary to Bryant's claim, he necessarily has sufficient knowledge to
15  admit or deny the Requests and should be compelled to do so.

16          The requests ask Bryant whether "Bryant's Bratz Designs" or "Bryant's
17  Bratz Ideas" were valuable property at the time he entered into his agreement with
18  MGA.  There is no dispute Bryant was a party to that agreement and that he created
19  and conceived the Bratz designs and ideas in question.  Thus, Bryant possesses
20  sufficient knowledge to respond to Requests regarding whether his designs and
21  ideas had value at the time he entered into his agreement with MGA.  Bryant's
22  response to the contrary is not credible.

23          Bryant also asserts a number of boilerplate objections to these
24  Requests.  Bryant provides no explanation or support for the objections.  They are
25  therefore improper and should be overruled.

26          Bryant should be compelled to admit or deny these Requests.

27

28

III.   **REQUESTS REGARDING BRYANT'S ASSIGNMENT AGREEMENT WITH MGA (NOS. 5-8 AND 21-28)**

**REQUEST FOR ADMISSION NO. 5:**

Admit that BRYANT's assignment of rights to BRATZ to MGA in the ASSIGNMENT AGREEMENT gave MGA property rights.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant objects to this request on the grounds that the document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself. Bryant further objects that the Request calls for a legal conclusion. Bryant objects to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the terms are vague and ambiguous. In responding to this request, Bryant interprets the term "BRATZ" to mean the line of dolls introduced by MGA to the market for sale and known today as "Bratz" and subsequent dolls, accessories, and other products known as "Bratz" or associated by MGA with the Bratz line of dolls. Bryant further objects that the term "property rights" is not defined in Mattel's Requests for Admission, and therefore is vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows:

Bryant admits that Paragraph 3(a) of the "ASSIGNMENT AGREEMENT" contains the following language: "All results and proceeds of the services 1 provided by Bryant hereunder and any Contractor, including without limitation, any inventions, and any documentation related thereto, and any other material, whether written or oral (collectively, the "Bryant Work Product") shall be considered 'work made for hire' and shall be owned exclusively, throughout the world, and in perpetuity by MGA (including all copyrights and patents therein and thereto, and all renewals and extensions thereof)."

1    Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

2  AGREEMENT" contains the following language: "with respect only to any

3  inventions and any documentation related thereto, and any other material, whether

4  written or oral, created by or for Bryant relating to the MGA Products prior to the

5  commencement of the term of this Agreement, for good and valuable consideration,

6  the receipt and sufficiency of which is hereby acknowledged by Bryant, Bryant

7  hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA in

8  perpetuity all of Bryant's right, title and interest, in an [sic] to the such material,

9  including, without limiting the generality of the foregoing, all rights under copyright

10  and patent (and all renewals and extensions thereof) including the right to produce

11  and authorize the production of any and all derivative works, and all proprietary

12  rights of any kind therein, now known or hereafter created throughout the world."

13  **REQUEST FOR ADMISSION NO. 6:**

14    Admit that BRYANT's assignment of rights to BRATZ to MGA in the

15  ASSIGNMENT AGREEMENT did not give MGA property rights.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

17    Bryant incorporates by reference the above-stated general objections as

18  if fully set forth herein.  Bryant objects to this request on the grounds that the

19  document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself

20  Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

21  to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the terms.

22  are vague and ambiguous.  In responding to this request, Bryant interprets the term

23  "B.RATZ" to mean the line of dolls introduced by MGA to the market for sale and

24  known today as "Bratz" and subsequent dolls, accessories, and other products

25  known as "Bratz" or associated by MGA with the Bratz line of dolls.  Bryant further

26  objects that the term "property rights" is not defined in Mattel's Requests for

27  Admission, and therefore is vague and ambiguous.

28

1    Subject to and without waiving the foregoing general and specific

2    objections, Bryant responds to this request as follows:

3    Bryant admits that Paragraph 3(a) of the "ASSIGNMENT

4    AGREEMENT" contains the following language: "All results and proceeds of the

5    services provided by Bryant hereunder and any Contractor, including without

6    limitation, any inventions, and any documentation related thereto, and any other

7    material, whether written or oral (collectively, the "Bryant Work Product") shall be

8    considered 'work made for hire' and shall be owned exclusively, throughout the

9    world, and in perpetuity by MGA (including all copyrights and patents therein and

10   thereto, and all renewals and extensions thereof)."

11   Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

12   AGREEMENT" contains the following language: "with respect only to any

13   inventions and any documentation related thereto, and any other material, whether

14   written or oral, created by or for Bryant relating to the MGA Products prior to the

15   commencement of the term of this Agreement, for good and valuable consideration,

16   the receipt and sufficiency of which is hereby acknowledged by Bryant, Bryant

17   hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA in

18   perpetuity all of Bryant's right, title and interest, in an [sic] to the such material,

19   including, without limiting the generality of the foregoing, all rights under copyright

20   and patent (and all renewals and extensions thereof) including the right to produce

21   and authorize the production of any and all derivative works, and all proprietary

22   rights of any kind therein, now known or hereafter created throughout the world."

23   **REQUEST FOR ADMISSION NO. 7:**

24   Admit that BRYANT's assignment of rights to BRATZ to MGA in the

25   ASSIGNMENT AGREEMENT gave MGA valuable property rights.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

27   Bryant incorporates by reference the above-stated general objections as

28   if fully set forth herein.  Bryant objects to this request on the grounds that the

1   document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

2   Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

3   to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the terms

4   are vague and ambiguous.  In responding to this request, Bryant interprets the term

5   "BRATZ" to mean the line of dolls introduced by MGA to the market for sale and

6   known today as "Bratz" and subsequent dolls, accessories, and other products

7   known as "Bratz" or associated by MGA with the Bratz line of dolls.  Bryant further

8   objects that the term "property rights" is not defined in Mattel's Requests for

9   Admission, and therefore is vague and ambiguous.  Bryant also objects to the terms

10   "valuable property rights" and "valuable", as those terms are not defined in Mattel's

11   Requests for Admission and are therefore vague and ambiguous, and call for

12   Bryant's opinion rather than an admission of fact.

13          Subject to and without waiving the foregoing general and specific

14   objections, Bryant responds to this request as follows:

15          Bryant admits that paragraph 3(a) of the "ASSIGNMENT

16   AGREEMENT" contains the following language: "All results and proceeds of the

17   services provided by Bryant hereunder and any Contractor, including without

18   limitation, any inventions, and any documentation related thereto, and any other

19   material, whether written or oral (collectively, the "Bryant Work Product") shall be

20   considered 'work made for hire' and shall be owned exclusively, throughout the

21   world, and in perpetuity by MGA (including all copyrights and patents therein and

22   thereto, and all renewals and extensions thereof)."

23          Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

24   AGREEMENT" contains the following language: "with respect only to any

25   inventions and any documentation related thereto, and any other material, whether

26   written or oral, created by or for Bryant relating to the MGA Products prior to the

27   commencement of the term of this Agreement, for good and valuable consideration,

28   the receipt and sufficiency of which is hereby acknowledged by Bryant, Bryant

1   hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA in

2   perpetuity all of Bryant's right, title and interest, in an [sic] to the such material,

3   including, without limiting the generality of the foregoing, all rights under copyright

4   and patent (and all renewals and extensions thereof) including the right to produce

5   and authorize the production of any and all derivative works, and all proprietary

6   rights of any kind therein, now known or hereafter created throughout the world."

7   **REQUEST FOR ADMISSION NO. 8:**

8           Admit that BRYANT's assignment of rights to BRATZ to MGA in the

9   ASSIGNMENT AGREEMENT did not give MGA valuable property rights.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

11          Bryant incorporates by reference the above-stated general objections as

12  if fully set forth herein.  Bryant objects to this request on the grounds that the

13  document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

14  Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

15  to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the terms

16  are vague and ambiguous.  In responding to this request, Bryant interprets the term

17  "BRATZ" to mean the line of dolls introduced by MGA to the market for sale and

18  known today as "Bratz" and subsequent dolls, accessories, and other products

19  known as "Bratz" or associated by MGA with the Bratz line of dolls.  Bryant further

20  objects that the term "property rights is not defined in Mattel's Requests for

21  Admission, and therefore is vague and ambiguous.  Bryant also objects to the terms

22  "valuable property rights" and "valuable", as those terms are not defined in Mattel's

23  Requests for Admission and are therefore vague and ambiguous, and call for

24  Bryant's opinion rather than an admission of fact.

25          Subject to and without waiving the foregoing general and specific

26  objections, Bryant responds to this request as follows:

27          Bryant admits that Paragraph 3(a) of the "ASSIGNMENT

28  AGREEMENT" contains the following language: "All results and proceeds of the

1  services provided by Bryant hereunder and any Contractor, including without

2  limitation, any inventions, and any documentation related thereto, and any other

3  material, whether written or oral (collectively, the "Bryant Work Product") shall be

4  considered 'work made for hire' and shall be owned exclusively, throughout the

5  world, and in perpetuity by MGA.  (including all copyrights and patents therein and

6  thereto, and all renewals and extensions thereof)."

7          Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

8  AGREEMENT" contains the following language: "with respect only to any

9  inventions and any documentation related thereto, and any other material, whether

10  written or oral, created by or for Bryant relating to the MGA Products prior to the

11  commencement of the term of this Agreement, for good and valuable consideration,

12  the receipt and sufficiency of which is hereby acknowledged by Bryant, Bryant

13  hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA in

14  perpetuity all of Bryant's right, title and interest, in an [sic] to the such material,

15  including, without limiting the generality of the foregoing, all rights under copyright

16  and patent (and all renewals and extensions thereof) including the right to produce

17  and authorize the production of any and all derivative works, and all proprietary

18  rights of any kind therein, now known or hereafter created throughout the world."

19  **REQUEST FOR ADMISSION NO. 21:**

20          Admit that rights to BRYANT'S BRATZ DESIGNS were assigned to

21  MGA in the ASSIGNMENT AGREEMENT.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

23          Bryant incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Bryant objects to this request on the grounds that the

25          document referred to as the "ASSIGNMENT AGREEMENT" speaks

26  for itself.  Bryant further objects that the Request calls for a legal conclusion.

27  Bryant objects to the definition of "BRYANT'S BRATZ DESIGN" and "MGA" on

28  the grounds that, as defined, the terms are vague and ambiguous.  In responding to

07209/2380213.1

MATTEL'S SEPARATE STATEMENT REGARDING BRYANT

1    this request, Bryant interprets the term "BRYANT'S BRATZ DESIGNS" to mean

2    drawings depicting characters that Bryant called Bratz and made prior to October 4,

3    2000, the date on which Bryant signed his agreement with MGA.  Bryant further

4    objects that the term "rights" is not defined in Mattel's Requests for Admission, and

5    therefore is vague and ambiguous.

6            Subject to and without waiving the foregoing general and specific

7    objections, Bryant responds to this request as follows: Bryant admits that Paragraph

8    3(b) of the "ASSIGNMENT AGREEMENT" contains the following language: "with

9    respect only to any inventions and any documentation related thereto, and any other

10   material, whether written or oral, created by or for Bryant relating to the MGA

11   Products prior to the commencement of the term of this Agreement, for good and

12   valuable consideration, the receipt and sufficiency of which is hereby acknowledged

13   by Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and

14   assigns to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the

15   such material, including, without limiting the generality of the foregoing, all rights

16   under copyright and patent (and all renewals and extensions thereof) including the

17   right to produce and authorize the production of any and all derivative works, and

18   all proprietary rights of any kind therein, now known or hereafter created throughout

19   the world."

20   **REQUEST FOR ADMISSION NO. 22:**

21            Admit that rights to BRYANT'S BRATZ DESIGNS were not assigned

22   to MGA in the ASSIGNMENT AGREEMENT.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

24            Bryant incorporates by reference the above-stated general objections as

25   if fully set forth herein.  Bryant objects to this request on the grounds that the

26   document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

27   Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

28   to the definition of "BRYANT'S BRATZ DESIGN" and "MGA" on the grounds

1  that, as defined, the terms are vague and ambiguous.  In responding to this request,

2  Bryant interprets the term "BRYANT'S BRATZ DESIGNS" to mean drawings

3  depicting characters that Bryant called Bratz and made prior to October 4, 2000, the

4  date on which Bryant signed his agreement with MGA.  Bryant further objects that

5  the term "rights" is not defined in Mattel's Requests for Admission, and therefore is

6  vague and ambiguous.

7           Subject to and without waiving the foregoing general and specific

8  objections, Bryant responds to this request as follows: Bryant admits that Paragraph

9  3(b) of the "ASSIGNMENT AGREEMENT" contains the following language: "with

10  respect only to any inventions and any documentation related thereto, and any other

11  material, whether written or oral, created by or for Bryant relating to the MGA

12  Products prior to the commencement of the term of this Agreement, for good and

13  valuable consideration, the receipt and sufficiency of which is hereby acknowledged

14  by Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and

15  assigns to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the

16  such material, including, without limiting the generality of the foregoing, all rights

17  under copyright and patent (and all renewals and extensions thereof) including the

18  right to produce and authorize the production of any and all derivative works, and

19  all proprietary rights of any kind therein, now known or hereafter created throughout

20  the world."

21  **REQUEST FOR ADMISSION NO. 23:**

22           Admit that rights to BRYANT'S BRATZ IDEAS were assigned to

23  MGA in the ASSIGNMENT AGREEMENT.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

25           Bryant incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Bryant objects to this request on the grounds that the

27  document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

28  Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

1  to the definition of "BRYANT'S BRATZ IDEAS" and "MGA" on the grounds that,

2  as defined, the terms are vague and ambiguous.  In responding to this request,

3  Bryant interprets the term "BRYANT'S BRATZ IDEAS" to mean Bryant's idea for

4  a line of fashion dolls that he called'Bratz." Bryant further objects that the term

5  "rights" is not defined in Mattel's Requests for Admission, and therefore is vague

6  and ambiguous.

7          Subject to and without waiving the foregoing general and specific

8  objections, Bryant responds to this request as follows: Bryant admits that Paragraph

9  3(b) of the "ASSIGNMENT AGREEMENT" contains the following language: "with

10  respect only to any inventions and any documentation related thereto, and any other

11  material, whether written or oral, created by or for Bryant relating to the MGA

12  Products prior to the commencement of the term of this Agreement, for good and

13  valuable consideration, the receipt and sufficiency of which is hereby acknowledged

14  by Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and

15  assigns to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the

16  such material, including, without limiting the generality of the foregoing, all rights

17  under copyright and patent (and all renewals and extensions thereof) including the

18  right to produce and authorize the production of any and all derivative works, and

19  all proprietary rights of any kind therein, now known or hereafter created throughout

20  the world."

21  **REQUEST FOR ADMISSION NO. 24:**

22          Admit that rights to BRYANT'S BRATZ IDEAS were not assigned to

23  MGA in the ASSIGNMENT AGREEMENT.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

25          Bryant incorporates by reference the above stated general objections as

26  if fully set forth herein.  Bryant objects to this request on the grounds that the

27  document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

28  Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

1  to the definition of "BRYANT'S BRATZ IDEAS" and "MGA" on the grounds that,

2  as defined, the terms are vague and ambiguous.  In responding to this request,

3  Bryant interprets the term "BRYANT'S BRATZ IDEAS" to mean Bryant's idea for

4  a line of fashion dolls that he called "Bratz." Bryant further objects that the term

5  "rights" is not defined in Mattel's Requests for Admission, and therefore is vague

6  and ambiguous.

7          Subject to and without waiving the foregoing general and specific

8  objections, Bryant responds to this request as follows: Bryant admits that Paragraph

9  3(b) of the "ASSIGNMENT AGREEMENT" contains the following language: "with

10  respect only to any inventions and any documentation related thereto, and any other

11  material, whether written or oral, created by or for Bryant relating to the MGA

12  Products prior to the commencement of the term of this Agreement, for good and

13  valuable consideration, the receipt and sufficiency of which is hereby acknowledged

14  by Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and

15  assigns to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the

16  such material, including, without limiting the generality of the foregoing, all rights

17  under copyright and patent (and all renewals and extensions thereof) including the

18  right to produce and authorize the production of any and all derivative works, and

19  all proprietary rights of any kind therein, now known or hereafter created throughout

20  the world."

21  **REQUEST FOR ADMISSION NO. 25:**

22          Admit that BRYANT assigned all rights to BRATZ to MGA in the

23  ASSIGNMENT AGREEMENT.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

25          Bryant incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Bryant objects to this request on the grounds that the

27  document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

28  Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

1  to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the terms

2  are vague and ambiguous.  Bryant also specifically objects to this request on the

3  grounds that the defined term "BRATZ" incorporates many different categories of

4  things-projects, products, dolls, and designs, or any portion thereof, whether or not

5  ever sold or marketed-which Bryant cannot reasonably consider together, making

6  the request compound.  Bryant also objects to the definition of the term "BRATZ"

7  as vague and ambiguous.  In responding to this request, Bryant interprets the term

8  "BRATZ" to mean the line of dolls introduced by MGA to the market for sale and

9  known today as "Bratz" and subsequent dolls, accessories, and other products

10  known as "Bratz" or associated by MGA with the Bratz line of dolls.  Bryant further

11  objects that the term "rights" is not defined in Mattel's Requests for Admission, and

12  therefore is vague and ambiguous.

13         Subject to and without waiving the foregoing general and specific

14  objections, Bryant responds to this request as follows:

15         Bryant admits that Paragraph 3(a) of the "ASSIGNMENT

16  AGREEMENT" contains the following language: "All results and proceeds of the

17  services provided by Bryant hereunder and any Contractor, including without

18  limitation, any inventions, and any documentation related thereto, and any other

19  material, whether written or oral (collectively, the "Bryant Work Product") shall be

20  considered 'work made for hire' and shall be owned exclusively, throughout the

21  world, and in perpetuity by MGA (including all copyrights and patents therein and

22  thereto, and all renewals and extensions thereof}.

23         Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

24  AGREEMENT" contains the following language: "with respect only to any

25  inventions and any documentation related thereto, and any other material, whether

26  written'or oral, created by or for Bryant relating to the MGA Products prior to the

27  commencement of the term of this Agreement, for good and valuable consideration,

28  the receipt and sufficiency of which is hereby acknowledged by Bryant, Bryant

1 hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA. in

2 perpetuity all of Bryant's right, title and interest, in an [sic] to the such material,

3 including, without limiting the generality of the foregoing, all rights under copyright

4 and patent (and all renewals and extensions thereof) including the right to produce

5 and authorize the production of any and all derivative works, and all proprietary

6 rights of any kind therein, now known or hereafter created throughout the world."

7 **REQUEST FOR ADMISSION NO. 26:**

8         Admit that BRYANT did not assign all rights to BRATZ to MGA in

9 the ASSIGNMENT AGREEMENT.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

11         Bryant incorporates by reference the above-stated general objections as

12 if fully set forth herein.  Bryant objects to this request on the grounds that the

13 document referred to as the "ASSIGNMENT AGREEMENT' speaks for itself.

14 Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

15 to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the terms

16 are vague and ambiguous.  Bryant also specifically objects to this request on the

17 grounds that the defined term "BRATZ" incorporates many different categories of

18 things-projects, products, dolls, and designs, or any portion thereof, whether or not

19 ever sold or marketed which Bryant cannot reasonably consider together, making

20 the request compound.  Bryant also objects to the definition of the term "BRATZ"

21 as vague and ambiguous.  In responding to this request, Bryant interprets the term

22 "BRATZ" to mean the line of dolls introduced by MGA to the market for sale and

23 known today as "Bratz" and subsequent dolls, accessories, and other products

24 known as "Gratz" or associated by MGA with the Bratz line of dolls.  Bryant further

25 objects that the term "rights" is not defined in Mattel's Requests for Admission, and

26 therefore is vague and ambiguous.  Subject to and without waiving the foregoing

27 general and specific objections, Bryant responds to this request as follows:

28

1    Bryant admits that Paragraph 3(a) of the "ASSIGNMENT

2    AGREEMENT" contains the following language: "All results and proceeds of the

3    services provided by Bryant hereunder and any Contractor, including without

4    limitation, any inventions, and any documentation related thereto, and any other

5    material, whether written or oral (collectively, the "Bryant Work Product") shall be

6    considered 'work made for hire' and shall be owned exclusively, throughout the

7    world, and in perpetuity by MGA (including all copyrights and patents therein and

8    thereto, and all renewals and extensions thereof).

9    Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

10    AGREEMENT" contains the following language: "with respect only to any

11    inventions and any documentation related thereto, and any other material, whether

12    written or oral, created by or for Bryant relating to the MGA Products prior to the

13    commencement of the term of this Agreement, for good and valuable consideration,

14    the receipt and sufficiency of which is hereby acknowledged by Bryant, Bryant

15    hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA in

16    perpetuity a]] of Bryant's right, title and interest, in an [sic] to the such material,

17    including, without limiting the generality of the foregoing, all rights under copyright

18    and patent (and all renewals and extensions thereof) including the right to produce

19    and authorize the production of any and all derivative works,' and all proprietary

20    rights of any kind therein, now known or hereafter created throughout the world."

21    **REQUEST FOR ADMISSION NO. 27:**

22    Admit that BRYANT assigned at least some rights to BRATZ to MGA

23    in the ASSIGNMENT AGREEMENT.

24    **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

25    Bryant incorporates by reference the above-stated general objections as

26    if fully set forth herein.  Bryant objects to this request on the grounds that the

27    document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

28    Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

1  to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the terms

2  are vague and ambiguous.  Bryant also specifically objects to this request on the

3  grounds that the defined term "BRATZ" incorporates many different categories of

4  things projects, products, dolls, and designs, or any portion thereof, whether or not

5  ever sold or marketed-which Bryant cannot reasonably consider together, making

6  the request compound.  Bryant also objects to the definition of the term "BRATZ"

7  as vague and ambiguous.  In responding to this request, Bryant interprets the term

8  "BRATZ" to mean the line of dolls introduced by MGA to the market for sale and

9  known today as "Bratz" and subsequent dolls, accessories, and other products

10  known as "Bratz" or associated by MGA with the Bratz line of dolls.  Bryant further

11  objects that the term "rights" is not defined in Mattel's Requests for Admission, and

12  therefore is vague and ambiguous.  Subject to and without waiving the foregoing

13  general and specific objections, Bryant responds to this request as follows:

14         Bryant admits that Paragraph 3(a) of the "ASSIGNMENT

15  AGREEMENT" contains the following language: "All results and proceeds of the

16  services provided by Bryant hereunder and any Contractor, including without

17  limitation, any inventions, and any documentation related thereto, and any other

18  material, whether written or oral (collectively, the "Bryant Work Product") shall be

19  considered 'work made for hire' and shall be owned exclusively, throughout the

20  world, and in perpetuity by MGA (including all copyrights and patents therein and

21  thereto, and all renewals and extensions thereof).

22         Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

23  AGREEMENT" contains the following language: "with respect only to any

24  inventions and any documentation related thereto, and any other material, whether

25  written or oral, created by or for Bryant relating to the MGA Products prior to the

26  commencement of the term of this Agreement, for good and valuable consideration,

27  the receipt and sufficiency of which is hereby acknowledged by Bryant, Bryant

28  hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA in

07209/2380213.1

-23-

1  perpetuity all of Bryant's right, title and interest, in an [sic] to the such material,

2  including, without limiting the generality of the foregoing, all rights under copyright

3  and patent (and all renewals and extensions thereof) including the right to produce

4  and authorize the production of any and all derivative works, and all proprietary

5  rights of any kind therein, now known or hereafter created throughout the world."

6  **REQUEST FOR ADMISSION NO. 28:**

7       Admit that BRYANT did not assign any rights to BRATZ to MGA in

8  the ASSIGNMENT AGREEMENT.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

10       Bryant incorporates by reference the above-stated general objections as

11  if fully set forth herein.  Bryant objects to this request on the grounds that the

12  document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

13  Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

14  to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the terms

15  are vague and ambiguous.  Bryant also specifically objects to this request on the

16  grounds that the defined term "BRATZ" incorporates many different categories of

17  things-projects, products, dolls, and designs, or any portion thereof, whether or not

18  ever sold or marketed-which Bryant cannot reasonably consider together, making

19  the request compound.  Bryant also objects to the definition of the term "BRATZ"

20  as vague and ambiguous.  In responding to this request, Bryant interprets the term

21  "BRATZ" to mean the line of dolls introduced by MGA to the market for sale and

22  known today as "Bratz" and subsequent dolls, accessories, and other products

23  known as "Bratz" or associated by MGA with the Bratz line of dolls.  Bryant further

24  objects that the term "rights" is not defined in Mattel's Requests for Admission, and

25  therefore is vague and ambiguous.

26       Subject to and without waiving the foregoing general and specific

27  objections, Bryant responds to this request as follows:

28

07209/2380213.1

-24-

1    Bryant admits that Paragraph 3(a) of the "ASSIGNMENT
2  AGREEMENT" contains the following language: "All results and proceeds of the
3  services provided by Bryant hereunder and any Contractor, including without
4  limitation, any inventions, and any documentation related thereto, and any other
5  material, whether written or oral (collectively, the "Bryant Work Product") shall be
6  considered 'work made for hire' and shall be owned exclusively, throughout the
7  world, and in perpetuity by MGA (including all copyrights and patents therein and
8  thereto, and all renewals and extensions thereof).

9    Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT
10  AGREEMENT" contains the following language: "with respect only to any
11  inventions and any documentation related thereto, and any other material, whether
12  written or oral, created by or for Bryant relating to the MGA Products prior to the
13  commencement of the term of this Agreement, for good and valuable consideration,
14  the receipt and sufficiency of which is hereby acknowledged by Bryant, Bryant
15  hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA in
16  perpetuity all of Bryant's right, title and interest, in an [sic] to the such material,
17  including, without limiting the generality of the foregoing, all rights under copyright
18  and patent (and all renewals and extensions thereof) including the right to produce
19  and authorize the production of any and all derivative works, and all proprietary
20  rights of any kind therein, now known or hereafter created throughout the world."

21  **Reasons to Compel Further Responses**

22    Bryant fails to provide substantive responsive answers to Request Nos.
23  5-8 and 21-28, which seek admissions regarding the rights Bryant assigned to MGA.
24  Request Nos. 5-8 seek information concerning whether Bryant's assignment of
25  rights of Bratz to MGA in his agreement gave MGA property rights.  Request Nos.
26  21-28 seek admissions regarding whether rights to Bryant's Bratz designs and Bratz
27  ideas were assigned to MGA in the agreement.

28

1      Rather than admit or deny these Requests, Bryant objects that the

2   Requests call for legal conclusions, and then merely quotes sections of the

3   agreement. <u>Rule</u> 36 provides, and case law is clear, that requests for admission may

4   properly require the application of law to fact so long as the request does not seek

5   admissions on purely abstract questions of law. <u>Fed. R. Civ. P.</u> 36(a)(1)(A) ("A

6   party may serve on any other party a written request to admit . . . the truth of any

7   matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of

8   law to fact, or opinions about either . . ."); <u>see also</u> <u>Ransom v. U.S.</u>, 8 Cl. Ct. 646,

9   648 (Cl. Ct. 1985) (requests for admission "are not objectionable even if they

10  require opinions or conclusions of law, as long as the legal conclusions relate to the

11  facts of the case."); <u>Treister v. PNC Bank</u>, 2007 WL 521935, at *2 (S.D. Fla. 2007)

12  (rejecting such objections as "without merit").  Indeed, the Discovery Master has

13  repeatedly so held.  <u>See</u> Order Granting Mattel's Motion to Compel Carter Bryant to

14  Answer Requests for Admission or to Order Requests Admitted dated August 20,

15  2007 at 4; Order Granting Mattel's Motion to Compel MGA to Answer Requests for

16  Admission, dated August 20, 2007, at 6; attached as Exhibits 8 and 9 to the

17  concurrently filed Declaration of B. Dylan Proctor.

18      Here, the Requests are clearly proper under <u>Rule</u> 36.  Bryant's bare

19  recitation of the terms of the agreement is non-responsive.

20      In addition, Bryant asserts a number of boilerplate objections to these

21  requests.  However, Bryant provides no explanation or support for the objections.

22  They are therefore improper and should be overruled.

23      Bryant should be compelled to admit or deny these Requests.

24  DATED: February 7, 2008          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
25

26                              By _____
27                                 B. Dylan Proctor
                                   Attorneys for Plaintiff Mattel, Inc.
28

07209/2380213.1