QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 90378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) Consolidated with Case Nos. CV 04-09059 & CV 05-2727 |
| Plaintiff, | **DISCOVERY MATTER** |
| vs. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]** |
| MATTEL, INC., a Delaware corporation, | [PUBLIC REDACTED] DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED, ISAAC LARIAN, AND CARTER BRYANT TO RESPOND TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA ENTERTAINMENT, INC.; CARTER BRYANT; MGA ENTERTAINMENT (HK)LIMITED; AND ISAAC LARIAN |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |
| | Date:   TBA Time:   TBA Place:   Telephonic |
| | **Phase 1** Discovery Cut-Off:   January 28, 2008 Pre-Trial Conference: May 5, 2008 Trial Date:   May 27, 2008 |

07209/2380596.1

## DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1.      I am a member of the bar of the State of California and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel")  I make this declaration in support of Mattel's Motion To Compel MGA Entertainment, Inc., MGA Entertainment (HK) Limited, Isaac Larian, and Carter Bryant to Respond to Mattel, Inc.'s First Set of Requests For Admission Propounded To MGA Entertainment, Inc.; Carter Bryant; MGA Entertainment (HK)Limited; and Isaac Larian.  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      Attached as Exhibit 1 is a true and correct copy of Mattel, Inc.'s First Set of Requests for Admission to MGA Entertainment, Inc.; Carter Bryant; MGA Entertainment (HK) Limited; and Isaac Larian, dated December 27, 2007.

3.      Attached as Exhibit 2 is a true and correct copy of MGA Entertainment, Inc.'s Objections and Responses to Mattel's "First" Set of Requests for Admission to MGA Entertainment, Inc.; Carter Bryant; MGA Entertainment (HK) Limited; and Isaac Larian, dated February 4, 2008.

4.      Attached as Exhibit 3 is a true and correct copy of MGA Entertainment (HK) Ltd.'s Objections and Responses to Mattel's "First" Set of Requests for Admission to MGA Entertainment, Inc.; Carter Bryant; MGA Entertainment (HK) Limited and Isaac Larian, dated February 4, 2008.

5.      Attached as Exhibit 4 is a true and correct copy of Isaac Larian's Objections and Responses to Mattel's "First" Set of Requests for Admission to MGA Entertainment, Inc.; Carter Bryant; MGA Entertainment (HK) Limited and Isaac Larian, dated February 4, 2008.

1    6.    Attached as Exhibit 5 is a true and correct copy of Carter Bryant's

2  Objections and Responses to Mattel, Inc.'s First Set of Requests for Admission,

3  dated February 4, 2008.

4    7.    Attached as Exhibit 6 is a true and correct copy of the Stipulation

5  Regarding Time to Respond and Object to Requests for Admission, dated January

6  25, 2008.

7    8.    Attached as Exhibit 7 is a true and correct copy of the Order Re

8  Stipulation Regarding Extension of Time to Respond and Object to Requests for

9  Admission, dated January 31, 2008.

10    9.    Attached as Exhibit 8 is a true and correct copy of the Order Granting

11  Mattel's Motion to Compel Carter Bryant to Answer Requests for Admission or to

12  Order Requests Admitted, dated August 20, 2007.

13    10.    Attached as Exhibit 9 is a true and correct copy of the Order Granting

14  Mattel's Motion to Compel MGA to Answer Requests for Admission, dated August

15  20, 2007.

16    11.    Attached as Exhibit 10 is a true and correct copy of the Assignment

17  Agreement referenced in the Requests for Admission.

18                    **Mattel's Meet and Confer Efforts**

19    12.    Attached as Exhibit 11 is a true and correct copy of my letter to

20  Timothy A. Miller, dated February 6, 2008.

21    13.    Attached as Exhibit 12 is a true and correct copy of Mr. Miller's

22  response letter to me, dated February 6, 2008.

23    14.    Attached as Exhibit 13 is a true and correct copy of my subsequent

24  letter to Mr. Miller, dated February 6, 2008.

25    15.    Attached as Exhibit 14 is a true and correct copy of Mr. Miller's e-mail

26  message to me, dated February 6, 2008.

27    16.    Attached as Exhibit 15 is a true and correct copy of my response letter

28  to Mr. Miller, dated February 6, 2008.

                                                    DECLARATION OF B. DYLAN PROCTOR

1       17.   Attached as Exhibit 16 is a true and correct copy of my letter to John

2   Trinidad, dated February 6, 2008. Mr. Trinidad has not responded to my letter.

3       I declare under penalty of perjury under the laws of the United States of

4   America that the foregoing is true and correct.

5       Executed on February 7, 2008, at Los Angeles, California.

6

7                               B. Dylan Proctor

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF B. DYLAN PROCTOR

.

**EXHIBIT 1**



1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
6   Facsimile:   (213) 443-3100

7   Attorneys for Mattel, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                         EASTERN DIVISION

12

13  CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)

14              Plaintiff,                 Consolidated with Case Nos. CV 04-
                                           9059 and CV 05-2727
15       v.

16  MATTEL, INC., a Delaware
    Corporation,                           MATTEL, INC.'S FIRST SET OF
17                                         REQUESTS FOR ADMISSION
                Defendant,                 PROPOUNDED TO MGA
18                                         ENTERTAINMENT, INC.; CARTER
                                           BRYANT; MGA ENTERTAINMENT
19                                         (HK) LIMITED; AND ISAAC
                                           LARIAN
20
    AND CONSOLIDATED ACTIONS.
21

22

23

24  PROPOUNDING PARTY:  MATTEL, INC.

25  RESPONDING PARTY:   MGA Entertainment, Inc.; Carter Bryant; MGA
                        Entertainment (HK) Limited; and Isaac Larian
26
    SET NO.:            First
27

28                                             EXHIBIT __1__ PAGE __4__

                                 12-27
07209/2336517.1
    MATTEL'S FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA, BRYANT, MGA HONG
                                                                   KONG AND LARIAN

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 36, MGA Entertainment,

2  Inc.; Carter Bryant; MGA Entertainment (HK) Limited; and Isaac Larian

3  ("DEFENDANTS") are hereby requested to respond to the following Requests for

4  Admission (the "Requests") within thirty days hereof.  The DEFENDANTS shall be

5  obligated to supplement their responses to the Requests at such times and to the

6  extent required by the <u>Federal Rules of Civil Procedure</u>.

7

8                              **<u>Definitions</u>**

9

10          1.     "YOU" means each of the DEFENDANTS individually, as

11  defined below in paragraphs 2-7, and collectively, where the plural YOU would

12  result in a broader meaning of a Request.

13          2.     "MGA" means MGA Entertainment, Inc., any of its current or

14  former employees, officers, directors, agents, representatives, experts, divisions,

15  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

16  PERSON acting on its behalf, pursuant to its authority or subject to its control.

17  Without limiting the foregoing, "MGA" includes the entities known as ABC

18  International Traders or ABC International Traders, Inc.  For purposes of the

19  Requests, "MGA" does not include BRYANT.

20          3.     "BRYANT" means Carter Bryant individually.

21          4.     "MGA HK" means MGA Entertainment (HK) Limited, any of its

22  current or former employees, officers, directors, agents, representatives, experts,

23  divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any

24  other PERSON acting on its behalf, pursuant to its authority or subject to its control.

25  For purposes of the Requests, "MGA HK" does not include BRYANT.

26          5.     "LARIAN" means Isaac Larian individually.

27

28                                              EXHIBIT __1__ PAGE __5__

07209/2336517.1

-1-

6.     "DEFENDANT" means MGA, BRYANT, MGA HONG KONG, or LARIAN, individually.  "DEFENDANTS" means MGA, BRYANT, MGA HONG KONG, and LARIAN, collectively.

7.     "AFFILIATES" means any and all corporations, proprietorships, d/b/as, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

8.     "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

9.     "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

10.     "BASED ON" means substantially similar to, based on, a copy of or a derivative of.

11.     "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and

1  any product, doll or DESIGN or any portion thereof that is now or has ever been

2  known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

3  in part and regardless of what such product, doll or DESIGN or portion thereof is or

4  has been also, previously or subsequently called) or that is now or has ever been

5  sold or marketed as part of the "Bratz" line, and each version or iteration of such

6  product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or

7  DESIGN or any portion thereof" also includes without limitation any names,

8  fashions, accessories, artwork, packaging or any other works, materials, matters or

9  items included or associated therewith.  Without limiting the generality of the

10  foregoing, and contrary to MGA's recent assertions in connection with other Mattel

11  discovery requests, the term "BRATZ" does not and shall not require that there be a

12  doll existing at the time of the event, incident or occurrence that is the subject of, or

13  otherwise relevant or responsive to, the Requests.

14      12.    "BRATZ WORK" or "BRATZ WORKS" means any

15  representation of BRATZ, whether in whole or in part, whether two-dimensional or

16  three-dimensional, and whether in tangible, digital, electronic or other form,

17  including but not limited to any DESIGN that REFERS OR RELATES TO BRATZ,

18  and including but not limited to all works, designs, artwork, sketches, drawings,

19  illustrations, representations, depictions, blueprints, schematics, diagrams, images,

20  photographs, sculptures, prototypes, models, samples, reductions to practice,

21  developments, inventions and/or improvements, as well as all other items, things

22  and DOCUMENTS in which any of the foregoing are or have been expressed,

23  embodied, contained, fixed or reflected in any manner, whether in whole or in part.

24      13.    "BRATZ DOLLS" means any and all dolls that are or ever have

25  been sold, marketed or produced that REFER OR RELATE to BRATZ.

26      14.    "ASSIGNMENT AGREEMENT" means the agreement between

27  BRYANT and MGA, dated as of September 18, 2000, a copy of which was Bates-

28  numbered BRYANT 00794 -- BRYANT 00799 and produced in THIS ACTION.

07209/2336517.1

-3-

EXHIBIT  1  PAGE  7

15.   "BRYANT'S BRATZ DESIGNS" means any and all DESIGNS CREATED by BRYANT before BRYANT and MGA entered into the ASSIGNMENT AGREEMENT which REFER OR RELATE TO BRATZ and/or the project, doll and/or brand that first was released to market with the name "Bratz" by MGA in or about June 2001.

16.   "BRYANT'S BRATZ IDEAS" means all concepts, ideas, or other intangible items or matter CREATED by BRYANT before BRYANT and MGA entered into the ASSIGNMENT AGREEMENT which REFER OR RELATE TO BRATZ and/or the project, doll and/or brand that first was released to market with the name "Bratz" by MGA in or about June 2001.

17.   "BRYANT'S PITCH MATERIALS" means any DESIGNS, tangible items, drawings and/or written materials REFERRING OR RELATING TO BRATZ and/or the project, doll and/or brand that first was released to market with the name "Bratz" by MGA in or about June 2001 which were presented by BRYANT to MGA before BRYANT and MGA entered into the ASSIGNMENT AGREEMENT.

18.   "MATTEL" means plaintiff and counter-defendant Mattel, Inc., its current employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

19.   "CREATED" means created, produced, prepared, authored, improved, developed, altered, conceived of or reduced to practice, whether in whole or in part, and whether alone or jointly with others.

20.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 SGL (RNBx), filed on April 27, 2004, and the cases consolidated therewith.

EXHIBIT _1_ PAGE _8_

21. "THE COURT" means and refers to the United States District Court of the Central District of California and the Discovery Master appointed in THIS ACTION by the Stipulation for Appointment of a Discovery Master dated December 6, 2006, and any of their clerks, employees, agents, representatives, and any other PERSON acting on their behalf, pursuant to their authority or subject to their control, including without limitation Magistrate Judge Robert N. Block, Judge Stephen G. Larson, and Judge Edward A. Infante (Ret.).

22. "RELATING TO" or "REFER OR RELATE TO" a given subject matter means relate to, refer to, constitute, contain, embody, reflect, identify, state, deal with, comment on, respond to, describe, analyze, support, refute, contradict, or in any way pertain to that subject matter, either directly or indirectly.

23. "COMMUNICATION," in the plural as well as the singular, means any transmittal and/or receipt of information, whether such was oral or written, and whether such was by chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, electronic mail (including instant messages and text messages), voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and video and audio transmissions.

24. "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, cancelled

MATTEL'S FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA, BRYANT, MGA HONG KONG AND LARIAN

EXHIBIT _1_ PAGE _9_

1  checks and every other device or medium by which or through which information of

2  any type is transmitted, recorded or preserved.  Without any limitation on the

3  foregoing, the term "DOCUMENT" shall include all copies that differ in any respect

4  from the original or other versions of the DOCUMENT, including, but not limited

5  to, all drafts and all copies of such drafts or originals containing initials, comments,

6  notations, insertions, corrections, marginal notes, amendments or any other variation

7  of any kind.

8        25.   The singular form of a noun or pronoun includes within its

9  meaning the plural form of the noun or pronoun so used, and vice versa; the use of

10  the masculine form of a pronoun also includes within its meaning the feminine form

11  of the pronoun so used, and vice versa; the use of any tense of any verb includes

12  also within its meaning all other tenses of the verb so used, whenever such

13  construction results in a broader request for information; and "and" includes "or"

14  and vice versa, whenever such construction results in a broader disclosure of

15  documents or information.

16

17                    **Requests for Admission**

18

19  REQUEST FOR ADMISSION NO. 1:

20        Admit that BRATZ competes with one or more products marketed and

21  sold by MATTEL.

22

23  REQUEST FOR ADMISSION NO. 2:

24        Admit that BRATZ does not compete with any products marketed and sold

25  by MATTEL.

26

27

28

EXHIBIT __1__ PAGE __10__

07209/2336517.1

-6-

**REQUEST FOR ADMISSION NO. 3:**

Admit that BRATZ DOLLS compete with one or more products marketed and sold by MATTEL.

**REQUEST FOR ADMISSION NO. 4:**

Admit that BRATZ DOLLS do not compete with any products marketed and sold by MATTEL.

**REQUEST FOR ADMISSION NO. 5:**

Admit that BRYANT's assignment of rights to BRATZ to MGA in the ASSIGNMENT AGREEMENT gave MGA property rights.

**REQUEST FOR ADMISSION NO. 6:**

Admit that BRYANT's assignment of rights to BRATZ to MGA in the ASSIGNMENT AGREEMENT did not give MGA property rights.

**REQUEST FOR ADMISSION NO. 7:**

Admit that BRYANT's assignment of rights to BRATZ to MGA in the ASSIGNMENT AGREEMENT gave MGA valuable property rights.

**REQUEST FOR ADMISSION NO. 8:**

Admit that BRYANT's assignment of rights to BRATZ to MGA in the ASSIGNMENT AGREEMENT did not give MGA valuable property rights.

**REQUEST FOR ADMISSION NO. 9:**

Admit that BRATZ is valuable property.

EXHIBIT ___1___ PAGE ___11___

MATTEL'S FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA, BRYANT, MGA HONG KONG AND LARIAN

07209/2336517.1

1  REQUEST FOR ADMISSION NO. 10:

2        Admit that BRATZ is not valuable property.

3

4  REQUEST FOR ADMISSION NO. 11:

5        Admit that BRATZ DOLLS are valuable property.

6

7  REQUEST FOR ADMISSION NO. 12:

8        Admit that BRATZ DOLLS are not valuable property.

9

10  REQUEST FOR ADMISSION NO. 13:

11        Admit that BRYANT'S BRATZ DESIGNS are valuable property.

12

13  REQUEST FOR ADMISSION NO. 14:

14        Admit that BRYANT'S BRATZ DESIGNS are not valuable property.

15

16  REQUEST FOR ADMISSION NO. 15:

17        Admit that BRYANT'S BRATZ DESIGNS were valuable property at the

18  time of the ASSIGNMENT AGREEMENT.

19

20  REQUEST FOR ADMISSION NO. 16:

21        Admit that BRYANT'S BRATZ DESIGNS were not valuable property at

22  the time of the ASSIGNMENT AGREEMENT.

23

24  REQUEST FOR ADMISSION NO. 17:

25        Admit that BRYANT'S BRATZ IDEAS are valuable property.

26

27  REQUEST FOR ADMISSION NO. 18:

28        Admit that BRYANT'S BRATZ IDEAS are not valuable property.

**REQUEST FOR ADMISSION NO. 19:**

Admit that BRYANT'S BRATZ IDEAS were valuable property at the time of the ASSIGNMENT AGREEMENT.

**REQUEST FOR ADMISSION NO. 20:**

Admit that BRYANT'S BRATZ IDEAS were not valuable property at the time of the ASSIGNMENT AGREEMENT.

**REQUEST FOR ADMISSION NO. 21:**

Admit that rights to BRYANT'S BRATZ DESIGNS were assigned to MGA in the ASSIGNMENT AGREEMENT.

**REQUEST FOR ADMISSION NO. 22:**

Admit that rights to BRYANT'S BRATZ DESIGNS were not assigned to MGA in the ASSIGNMENT AGREEMENT.

**REQUEST FOR ADMISSION NO. 23:**

Admit that rights to BRYANT'S BRATZ IDEAS were assigned to MGA in the ASSIGNMENT AGREEMENT.

**REQUEST FOR ADMISSION NO. 24:**

Admit that rights to BRYANT'S BRATZ IDEAS were not assigned to MGA in the ASSIGNMENT AGREEMENT.

**REQUEST FOR ADMISSION NO. 25:**

Admit that BRYANT assigned all rights to BRATZ to MGA in the ASSIGNMENT AGREEMENT.

MATTEL'S FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA, BRYANT, MGA HONG KONG AND LARIAN

EXHIBIT 1 PAGE 13

REQUEST FOR ADMISSION NO. 26:

Admit that BRYANT did not assign all rights to BRATZ to MGA in the ASSIGNMENT AGREEMENT.

REQUEST FOR ADMISSION NO. 27:

Admit that BRYANT assigned at least some rights to BRATZ to MGA in the ASSIGNMENT AGREEMENT.

REQUEST FOR ADMISSION NO. 28:

Admit that BRYANT did not assign any rights to BRATZ to MGA in the ASSIGNMENT AGREEMENT.

REQUEST FOR ADMISSION NO. 29:

Admit that David Rosenbaum acted as an authorized agent of MGA in the year 2000 insofar as he performed services RELATING TO the ASSIGNMENT AGREEMENT.

REQUEST FOR ADMISSION NO. 30:

Admit that David Rosenbaum did not act as an authorized agent of MGA in the year 2000 insofar as he performed services RELATING TO the ASSIGNMENT AGREEMENT.

REQUEST FOR ADMISSION NO. 31:

Admit that David Rosenbaum acted as an authorized agent of MGA in the year 2000 insofar as he performed services RELATING TO BRYANT.

EXHIBIT _1_ PAGE _14_

MATTEL'S FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA, BRYANT, MGA HONG KONG AND LARIAN

1  REQUEST FOR ADMISSION NO. 32:

2       Admit that David Rosenbaum did not act as an authorized agent of MGA

3  in the year 2000 insofar as he performed services RELATING TO BRYANT.

4

5  REQUEST FOR ADMISSION NO. 33:

6       Admit that David Rosenbaum acted as an authorized agent of MGA in the

7  year 2000 insofar as he performed services RELATING TO BRATZ.

8

9  REQUEST FOR ADMISSION NO. 34:

10      Admit that David Rosenbaum did not act as an authorized agent of MGA

11  in the year 2000 insofar as he performed services RELATING TO BRATZ.

12

13  REQUEST FOR ADMISSION NO. 35:

14      Admit that David Rosenbaum did not act as an authorized agent of MGA

15  in the year 2000 in any capacity.

16

17  REQUEST FOR ADMISSION NO. 36:

18      Admit that MGA did not conduct any focus group testing RELATING TO

19  BRATZ prior to March 2001.

20

21  REQUEST FOR ADMISSION NO. 37:

22      Admit that MGA did conduct focus group testing RELATING TO BRATZ

23  prior to March 2001.

24

25  REQUEST FOR ADMISSION NO. 38:

26      Admit that MGA did not conduct any focus group testing RELATING TO

27  BRATZ in the year 2000.

28

EXHIBIT _1_ PAGE _15_

07209/2336517.1

MATTEL'S FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA, BRYANT, MGA HONG KONG AND LARIAN

1  REQUEST FOR ADMISSION NO. 39:

2          Admit that MGA did conduct focus group testing RELATING TO BRATZ

3  in the year 2000.

4

5  REQUEST FOR ADMISSION NO. 40:

6          Admit that YOU have not produced any DOCUMENTS RELATING TO

7  focus group testing RELATING TO BRATZ which occurred prior to March 2001.

8

9  REQUEST FOR ADMISSION NO. 41:

10          Admit that YOU have produced one or more DOCUMENTS RELATING

11  TO focus group testing RELATING TO BRATZ which occurred prior to March 2001.

12

13  REQUEST FOR ADMISSION NO. 42:

14          Admit that YOU have not produced any DOCUMENTS RELATING TO

15  focus group testing RELATING TO BRATZ which occurred in the year 2000.

16

17  REQUEST FOR ADMISSION NO. 43:

18          Admit that YOU have produced one or more DOCUMENTS RELATING

19  TO focus group testing RELATING TO BRATZ which occurred in the year 2000.

20

21  REQUEST FOR ADMISSION NO. 44:

22          Admit that the so-called "First Generation" BRATZ DOLLS marketed by

23  MGA and sold to the public in or about June 2001 were BASED ON one or more of the

24  BRATZ PITCH MATERIALS.

25

26

27

28

EXHIBIT _1_ PAGE _16_

-12-

1  REQUEST FOR ADMISSION NO. 45:

2          Admit that the so-called "First Generation" BRATZ DOLLS marketed by

3  MGA and sold to the public in or about June 2001 were not BASED ON any of the

4  BRATZ PITCH MATERIALS.

5

6  REQUEST FOR ADMISSION NO. 46:

7          Admit that the so-called "First Generation" BRATZ DOLLS marketed by

8  MGA and sold to the public in or about June 2001 were BASED ON one or more of

9  BRYANT'S BRATZ DESIGNS.

10

11  REQUEST FOR ADMISSION NO. 47:

12          Admit that the so-called "First Generation" BRATZ DOLLS marketed by

13  MGA and sold to the public in or about June 2001 were not BASED ON any of

14  BRYANT'S BRATZ DESIGNS.

15

16  REQUEST FOR ADMISSION NO. 48:

17          Admit that the so-called "First Generation" BRATZ DOLLS marketed by

18  MGA and sold to the public in or about June 2001 were BASED ON one or more of

19  BRYANT'S BRATZ IDEAS.

20

21  REQUEST FOR ADMISSION NO. 49:

22          Admit that the so-called "First Generation" BRATZ DOLLS marketed by

23  MGA and sold to the public in or about June 2001 were not BASED ON any of

24  BRYANT'S BRATZ IDEAS.

25

26  REQUEST FOR ADMISSION NO. 50:

27          Admit that the one or more "Subsequent Generation" BRATZ DOLLS

28  marketed by MGA and sold to the public after June 2001, which differ in some manner

-13-

EXHIBIT _1_  PAGE _17_

1  from the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to

2  the public in or about June 2001, were BASED ON one or more of the BRATZ PITCH

3  MATERIALS.

4

5  REQUEST FOR ADMISSION NO. 51:

6      Admit that all of the "Subsequent Generation" BRATZ DOLLS marketed

7  by MGA and sold to the public after June 2001, which differ in some manner from the

8  so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the public

9  in or about June 2001, were not BASED ON any of the BRATZ PITCH MATERIALS.

10

11  REQUEST FOR ADMISSION NO. 52:

12      Admit that one or more "Subsequent Generation" BRATZ DOLLS

13  marketed by MGA and sold to the public after June 2001, which differ in some manner

14  from the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to

15  the public in or about June 2001, were BASED ON one or more of BRYANT'S

16  BRATZ DESIGNS.

17

18  REQUEST FOR ADMISSION NO. 53:

19      Admit that the all of the "Subsequent Generation" BRATZ DOLLS

20  marketed by MGA and sold to the public after June 2001, which differ in some manner

21  from the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to

22  the public in or about June 2001, were not BASED ON any of BRYANT'S BRATZ

23  DESIGNS.

24

25  REQUEST FOR ADMISSION NO. 54:

26      Admit that the one or more "Subsequent Generation" BRATZ DOLLS

27  marketed by MGA and sold to the public after June 2001, which differ in some manner

28  from the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to

07209/2336517.1

MATTEL'S FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA, BRYANT, MGA HONG KONG AND LARIAN

EXHIBIT __ PAGE 18

1 the public in or about June 2001, were BASED ON one or more of BRYANT'S

2 BRATZ IDEAS.

3

4 REQUEST FOR ADMISSION NO. 55:

5       Admit that the all of the "Subsequent Generation" BRATZ DOLLS

6 marketed by MGA and sold to the public after June 2001, which differ in some manner

7 from the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to

8 the public in or about June 2001, were not BASED ON any of BRYANT'S BRATZ

9 IDEAS.

10

11 REQUEST FOR ADMISSION NO. 56:

12       Admit that the so-called "First Generation" BRATZ DOLLS marketed by

13 MGA and sold to the public in or about June 2001 were not BASED ON any DESIGNS

14 CREATED BY BRYANT prior to October 21, 2000.

15

16 REQUEST FOR ADMISSION NO. 57:

17       Admit that the so-called "First Generation" BRATZ DOLLS marketed by

18 MGA and sold to the public in or about June 2001 were BASED ON one or more

19 DESIGNS CREATED BY BRYANT prior to October 21, 2000.

20

21 REQUEST FOR ADMISSION NO. 58:

22       Admit that all of the "Subsequent Generation" BRATZ DOLLS marketed

23 by MGA and sold to the public after June 2001, which differ in some manner from the

24 so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the public

25 in or about June 2001, were not BASED ON any DESIGNS CREATED BY BRYANT

26 prior to October 21, 2000.

27

28

EXHIBIT __/__ PAGE _19_

07209/2336517.1

MATTEL'S FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA, BRYANT, MGA HONG KONG AND LARIAN

1  REQUEST FOR ADMISSION NO. 59:

2          Admit that one or more of the "Subsequent Generation" BRATZ DOLLS

3  marketed by MGA and sold to the public after June 2001, which differ in some manner

4  from the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to

5  the public in or about June 2001, were BASED ON one or more DESIGNS CREATED

6  BY BRYANT prior to October 21, 2000.

7

8  REQUEST FOR ADMISSION NO. 60:

9          Admit that MGA's Copyright Registration No. VA 1-090-287, and any

10  corrections thereto, do not list any derivative works on which the copyrighted material

11  which is subject to that Registration is based other than the materials subject to

12  Copyright Registration No. VA 1-218-487.

13

14  REQUEST FOR ADMISSION NO. 61:

15          Admit that the copyrighted material which is subject to Copyright

16  Registration No. VA 1-090-287 is not BASED ON any DESIGNS CREATED BY

17  BRYANT prior to October 21, 2000.

18

19  REQUEST FOR ADMISSION NO. 62:

20          Admit that the copyrighted material which is subject to Copyright

21  Registration No. VA 1-090-287 is not BASED ON any DESIGNS CREATED BY

22  BRYANT prior to October 21, 2000, other than the materials subject to Copyright

23  Registration No. VA 1-218-487.

24

25  REQUEST FOR ADMISSION NO. 63:

26          Admit that MGA's Copyright Registration No. VA 1-090-288, and any

27  corrections thereto, do not list any derivative works on which the copyrighted material

28

07209/2336517.1

MATTEL'S FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA, BRYANT, MGA HONG KONG AND LARIAN

EXHIBIT __1__ PAGE __20__

1  which is subject to that Registration is based other than the materials subject to
2  Copyright Registration No. VA 1-218-488.

3

4  **REQUEST FOR ADMISSION NO. 64:**

5        Admit that the copyrighted material which is subject to Copyright
6  Registration No. VA 1-090-288 is not BASED ON any DESIGNS CREATED BY
7  BRYANT prior to October 21, 2000.

8

9  **REQUEST FOR ADMISSION NO. 65:**

10        Admit that the copyrighted material which is subject to Copyright
11  Registration No. VA 1-090-288 is not BASED ON any DESIGNS CREATED BY
12  BRYANT prior to October 21, 2000, other than the materials subject to Copyright
13  Registration No. VA 1-218-488.

14

15  **REQUEST FOR ADMISSION NO. 66:**

16        Admit that MGA's Copyright Registration No. VA 1-090-289, and any
17  corrections thereto, do not list any derivative works on which the copyrighted material
18  which is subject to that Registration is based other than the materials subject to
19  Copyright Registration No. VA 1-218-490.

20

21  **REQUEST FOR ADMISSION NO. 67:**

22        Admit that the copyrighted material which is subject to Copyright
23  Registration No. VA 1-090-289 is not BASED ON any DESIGNS CREATED BY
24  BRYANT prior to October 21, 2000.

25

26  **REQUEST FOR ADMISSION NO. 68:**

27        Admit that the copyrighted material which is subject to Copyright
28  Registration No. VA 1-090-289 is not BASED ON any DESIGNS CREATED BY

1  BRYANT prior to October 21, 2000, other than the materials subject to Copyright

2  Registration No. VA 1-218-490.

3

4  REQUEST FOR ADMISSION NO. 69:

5       Admit that MGA's Copyright Registration No. VA 1-090-290, and any

6  corrections thereto, do not list any derivative works on which the copyrighted material

7  which is subject to that Registration is based other than the materials subject to

8  Copyright Registration No. VA 1-218-491.

9

10  REQUEST FOR ADMISSION NO. 70:

11       Admit that the copyrighted material which is subject to Copyright

12  Registration No. VA 1-090-290 is not BASED ON any DESIGNS CREATED BY

13  BRYANT prior to October 21, 2000.

14

15  REQUEST FOR ADMISSION NO. 71:

16       Admit that the copyrighted material which is subject to Copyright

17  Registration No. VA 1-090-290 is not BASED ON any DESIGNS CREATED BY

18  BRYANT prior to October 21, 2000, other than the materials subject to Copyright

19  Registration No. VA 1-218-491.

20

21

22  DATED: December 27, 2007         QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
23

24       By *Michael T. Zeller* MAH

25       Michael T. Zeller
         Attorneys for Mattel, Inc.
26

27

28       EXHIBIT 1 PAGE 22

-18-

07209/2336517.1

quinn emanuel

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On December 27, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA ENTERTAINMENT, INC.; CARTER BRYANT; MGA ENTERTAINMENT (HK) LIMITED; AND ISAAC LARIAN** on the parties in this action as follows:

Thomas J. Nolan
**Skadden, Arps, Slate, Meagher & Flom LLP**
300 South Grand Ave., Ste. 3400
Los Angeles, CA 90071

Mark E. Overland
David C. Scheper
Alexander H. Cote
**Overland Borenstein Scheper & Kim LLP**
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 27, 2007, at Los Angeles, California.

_____
NOW LEGAL – Dave Quintana

07209/2217862.1

EXHIBIT ___ PAGE 2-3

**EXHIBIT 2**

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT 3**

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT 4**

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT 5**

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   MATTHEW M. WERDEGAR - #200470
5  mwerdegar@kvn.com
   JOHN E. TRINIDAD - #250468
6  jtrinidad@kvn.com
   AUDREY WALTON-HADLOCK- #250574
7  710 Sansome Street
   San Francisco, CA  94111-1704
8  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
9
   Attorneys for Plaintiff
10 CARTER BRYANT

11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14                  EASTERN DIVISION

15

16 CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                        (consolidated with CV 04-9059 & 05-
17                      Plaintiff,      2727

18      v.                              **CARTER BRYANT'S**
                                        **OBJECTIONS AND RESPONSES**
19 MATTEL, INC. a Delaware              **TO MATTEL, INC.'S FIRST SET**
   Corporation,                         **OF REQUESTS FOR ADMISSION**
20                                      **DATED DECEMBER 27, 2007**
                        Defendant.
21

22 CONSOLIDATED WITH MATTEL,
   INC., v. BRYANT and MGA
23 ENTERTAINMENT, INC. v.
   MATTEL, INC.
24

25

26

27

28
                          2-4-08

EXHIBIT 5 PAGE 258

| | | |
|---|---|---|
| 1 | **PROPOUNDING PARTY:** | **MATTEL, INC.** |
| 2 | **RESPONDING PARTY:** | **CARTER BRYANT** |
| 3 | **SET NUMBER:** | **"First"** |

### PRELIMINARY STATEMENT

Carter Bryant ("Defendant" or "Bryant") hereby objects and responds to Mattel, Inc.'s ("Plaintiff" or "Mattel") First Set of Requests for Admission Propounded to MGA Entertainment, Inc., Carter Bryant, MGA Entertainment (HK) Limited and Isaac Larian dated December 27, 2007 ("the Requests") as follows.

Bryant's responses and objections are made solely for the purpose of this action.

Bryant points out that discovery is still pending, that he has not concluded his investigation of the facts relating to this case, has not completed his own discovery in this case, and has not completed preparation for trial. In particular, Mattel has been ordered to provide certain discovery, but has yet to comply with all such orders. In light of the foregoing, the following Responses are given without prejudice to Bryant's right to stand on his objections, to continue his investigation and discovery, to rely on subsequently discovered facts, and to utilize subsequently discovered or subsequently identified evidence or documents.

The following Responses reflect the current status of Bryant's knowledge and belief respecting the matters about which inquiry is made. Discovery will continue as long as permitted by order of the Court, statute, or stipulation of the parties, and investigation by Bryant, his attorneys and agents will continue up to and throughout the trial of this action. Bryant specifically reserves the right to introduce at the time of trial any evidence from any source, including documents and testimony from any witnesses, which may hereafter be discovered.

If any information has been unintentionally omitted from these Responses,

EXHIBIT _5_ PAGE _259_

1   Bryant hereby reserves the right to amend these Responses to include the omitted

2   information. Bryant also reserves the right to change, amend or supplement any or

3   all of the matters contained in these responses as additional facts are ascertained,

4   analyses are made, and research is completed. These introductory paragraphs

5   apply to each and every Response herein and shall be incorporated as though fully

6   set forth in each and every Response.

7        Bryant's response to any of the Requests does not constitute an admission by

8   Bryant that he agrees with Plaintiff's characterizations or definitions contained

9   therein, that the information sought is relevant to a claim or defense, or that the

10  information sought is likely to lead to admissible evidence. Except for explicit

11  facts admitted herein, no admission of any nature whatsoever is to be implied by or

12  inferred from any response anywhere stated in this document. By responding to

13  these Requests, Bryant does not concede the relevancy, materiality, or

14  admissibility of any information sought by the requests or any responses thereto.

15       All of Bryant's responses are based upon information and documentation

16  that is currently available and specifically known to Bryant. The responses are

17  made in a good-faith effort to provide information now known to Bryant which is

18  responsive, but Bryant specifically reserves the right both to supplement any of the

19  responses set forth below and to utilize at trial any further information or

20  documents.

21                          **GENERAL OBJECTIONS**

22       The following general objections apply to the entirety of Mattel's "First" Set

23  of Requests for Admission to multiple defendants, including Carter Bryant. The

24  assertion of the same, similar, or additional objections to the individual requests

25  does not waive any of Bryant's general objections as set forth below.

26       1.     To the extent that the Requests ask Bryant to provide information

27  concerning the legal bases of his defenses of this matter, Bryant objects on the

28  grounds that the Requests impermissibly call for mental impressions, conclusions,

2

EXHIBIT _5_ PAGE _260_

1   opinions and/or legal theories of Bryant's attorneys.

2          2.     Bryant also objects to the extent that the Requests call for the

3   disclosure of information protected by the attorney-client privilege, the work-

4   product doctrine, the joint defense or common interest privilege, or any other

5   applicable privilege or immunity.

6          3.     Bryant also objects to the extent that the Requests call for any legal

7   conclusions.

8          4.     Bryant further objects to the extent that the Requests seek information

9   comprising confidential information, protected from disclosure by California

10  and/or federal law.

11         5.     Bryant objects to the Requests to the extent that the Requests attempt

12  to unfairly restrict the facts on which Bryant may rely at trial.  Discovery has not

13  been completed and Bryant is not yet necessarily in possession of all the facts and

14  documents upon which Bryant intends to rely.  All of the responses submitted

15  herewith are tendered to Mattel with the reservation that discovery is ongoing and

16  thus the responses are submitted without limiting the evidence on which Bryant

17  may rely to support the contentions that Bryant may assert at the trial of this action.

18  Further, Bryant reserves the right to supplement or amend these responses in the

19  future if it deems that to be appropriate.

20         6.     Bryant objects to the Requests to the extent that the Requests seek

21  information that is not reasonably within Bryant's knowledge or within his

22  possession, custody, or control.

23         7.     Bryant objects to the Requests to the extent that the Requests seek

24  information that is neither relevant to the claims or defenses asserted in this

25  litigation nor reasonably calculated to lead to the discovery of admissible evidence.

26         8.     Bryant objects to the Requests to the extent they seek information that

27  is, by reason of public filing or otherwise, already in Mattel's possession or is

28  readily accessible to Mattel.

3

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __5__ PAGE __261__

9.     Bryant objects to the Requests to the extent they seek confidential information, trade secrets or other proprietary information.

10.     Bryant objects to the Request to the extent they seek information that will be the subject of expert witness testimony and that is therefore premature. Bryant further objects to these Requests to the extent that they seeks to circumvent the expert disclosure provisions of the Federal and Local Rules.  Bryant will disclose his experts' opinions at a time and in a manner consistent with the Court's scheduling orders and the Federal Rules of Civil Procedure.

11.     Bryant objects to the defined terms "YOU", "MGA", "MGA HK", "MGA MEXICO", "PERSON" or "PERSONS", "AFFILIATES", "DEFENDANT" or "DEFENDANTS", and "MATTEL" on the grounds that these terms, as defined, are compound, overbroad, vague and ambiguous, subject to multiple interpretations and call for a legal conclusion.

12.     Bryant objets to the term "YOU" as vague and ambiguous, as well as over broad and unduly burdensome, as the defnitoin purports to include all defendants collectively.  In responding to the requests, MGA will interpret the term "YOU" to refer to Bryant.

13.     Bryant objects to the defined terms "DESIGN" or "DESIGNS", "BRATZ", "BRATZ DOLLS", "BRYANT'S BRATZ DESIGNS", "BRYANT'S BRATZ IDEAS", "BRYANT'S PITCH MATERIALS", "BRATZ WORK" or "BRATZ WORKS" on the grounds that these terms, as defined, are compound, overbroad, vague, ambiguous and misleading, subject to multiple interpretations, and call for a legal conclusion.

14.     Bryant objects to the defined terms "RELATING TO" and "REFER OR RELATE" as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

15. Bryant objects to the defined terms "BASED ON" and "CREATED" as vague and ambiguous, subject to multiple interpretations, and because these terms

4

EXHIBIT _5_ PAGE _262_

1   and Mattel's definitions for these terms call for a legal conclusion.

2       16.   Bryant objects to the defined terms "COMMUNICATION" and

3   "DOCUMENT" or "DOCUMENTS" as vague and ambiguous, and overbroad,

4   unduly burdensome, and not reasonably calculated to lead to the discovery of

5   admissible evidence to the extent that Mattel intends these terms to impose

6   obligations upon Bryant beyond those contemplated or permitted by the Federal

7   Rules of Civil Procedure and the Federal Rules of Evidence, including in particular

8   Rules 26, 34, and 36 of the Federal Rules of Civil Procedure, and Rule 1001 of the

9   Federal Rules of Evidence.

10

11                  **OBJECTIONS AND RESPONSES**

12  **REQUEST FOR ADMISSION NO. 1:**

13      Admit that BRATZ competes with one or more products marketed and sold

14  by MATTEL.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

16      Bryant incorporates by reference the above-stated general objections as if

17  fully set forth herein.  Bryant also specifically objects to this request on the

18  grounds that the defined term "BRATZ" incorporates many different categories of

19  things—projects, products, dolls, and designs, or any portion thereof, whether or

20  not ever sold or marketed—which Bryant cannot reasonably consider together,

21  making the request compound.  Bryant also objects to the term "BRATZ" and its

22  definition as vague and ambiguous.  In responding to this request, Bryant interprets

23  the term "BRATZ" to mean the line of dolls introduced by MGA to the market for

24  sale and known today as "Bratz" and subsequent dolls, accessories, and other

25  products known as "Bratz" or associated by MGA with the Bratz line of dolls.

26  Bryant also specifically objects to this request on the ground that the term

27  "MATTEL" as defined is overbroad and vague and ambiguous.

28      Subject to and without waiving the foregoing general and specific

EXHIBIT _5_ PAGE _263_

1   objections, Bryant responds to this request as follows:  as defined by Mattel, the

2   term "BRATZ" may include many things that do not compete with any Mattel

3   products, including Bryant's early drawings.  Bryant, however, admits that one or

4   more dolls introduced by MGA to the market for sale and known today as "Bratz,"

5   as well as one or more accessories or other products sold under the Bratz brand or

6   associated by MGA with the Bratz line of dolls, compete with one or more

7   products marketed and sold by Mattel and, on that basis, Bryant admits the request.

8

9   **REQUEST FOR ADMISSION NO. 2:**

10       Admit that BRATZ does not compete with any products marketed and sold

11   by MATTEL.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

13       Bryant incorporates by reference the above-stated general objections as if

14   fully set forth herein.  Bryant also specifically objects to this request on the

15   grounds that the defined term "BRATZ" incorporates many different categories of

16   things—projects, products, dolls, and designs, or any portion thereof, whether or

17   not ever sold or marketed—which Bryant cannot reasonably consider together,

18   making the request compound.   Bryant also objects to the term "BRATZ" and its

19   definition as vague and ambiguous.  In responding to this request, Bryant interprets

20   the term "BRATZ" to mean the line of dolls introduced by MGA to the market for

21   sale and known today as "Bratz" and subsequent dolls, accessories, and other

22   products known as "Bratz" or associated by MGA with the Bratz line of dolls.

23   Bryant also specifically objects to this request on the ground that the term

24   "MATTEL" as defined is overbroad and vague and ambiguous.

25       Subject to and without waiving the foregoing general and specific

26   objections, Bryant responds to this request as follows:  as defined by Mattel, the

27   term "BRATZ" includes many things that do not compete with any Mattel

28   products, including Bryant's early drawings.  Bryant, however, admits that one or

6

EXHIBIT  5  PAGE  264

1   more dolls introduced by MGA to the market for sale and known as "Bratz," as

2   well as one or more accessories or other products sold under the Bratz brand or

3   associated by MGA with the Bratz line of dolls, compete with one or more

4   products marketed and sold by Mattel and, on that basis, Bryant denies the request.

5

6   **REQUEST FOR ADMISSION NO. 3:**

7       Admit that BRATZ DOLLS compete with one or more products marketed

8   and sold by MATTEL.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

10      Bryant incorporates by reference the above-stated general objections as if

11  fully set forth herein.  Bryant also objects to the definition of the term "BRATZ

12  DOLLS" as vague and ambiguous.  In responding to this request, Bryant interprets

13  the term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

14  market for sale and today known as "Bratz".  Bryant also specifically objects to

15  this request on the ground that the term "MATTEL" as defined is overbroad and

16  vague and ambiguous.

17      Subject to and without waiving the foregoing general and specific

18  objections, Bryant responds to this request as follows:  Bryant admits that one or

19  more dolls introduced by MGA to the market for sale and today known as "Bratz"

20  compete with one or more products marketed and sold by Mattel, and on that basis,

21  Bryant admits the request.

22

23  **REQUEST FOR ADMISSION NO. 4:**

24      Admit that BRATZ DOLLS do not compete with any products marketed and

25  sold by MATTEL.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

27      Bryant incorporates by reference the above-stated general objections as if

28  fully set forth herein.  Bryant also objects to the definition of the term "BRATZ

7

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _5_ PAGE _265_

1  DOLLS" as vague and ambiguous. In responding to this request, Bryant interprets

2  the term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

3  market for sale and today known as "Bratz". Bryant also specifically objects to

4  this request on the ground that the term "MATTEL" as defined is overbroad and

5  vague and ambiguous.

6      Subject to and without waiving the foregoing general and specific

7  objections, Bryant responds to this request as follows: Bryant admits that one or

8  more dolls introduced by MGA to the market for sale and known today as "Bratz"

9  compete with one or more products marketed and sold by Mattel, and on that basis,

10 Bryant denies the request.

11

12 **REQUEST FOR ADMISSION NO. 5:**

13     Admit that BRYANT's assignment of rights to BRATZ to MGA in the

14 ASSIGNMENT AGREEMENT gave MGA property rights.

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

16     Bryant incorporates by reference the above-stated general objections as if

17 fully set forth herein. Bryant objects to this request on the grounds that the

18 document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

19 Bryant further objects that the Request calls for a legal conclusion. Bryant objects

20 to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the

21 terms are vague and ambiguous. In responding to this request, Bryant interprets

22 the term "BRATZ" to mean the line of dolls introduced by MGA to the market for

23 sale and known today as "Bratz" and subsequent dolls, accessories, and other

24 products known as "Bratz" or associated by MGA with the Bratz line of dolls.

25 Bryant further objects that the term "property rights" is not defined in Mattel's

26 Requests for Admission, and therefore is vague and ambiguous.

27     Subject to and without waiving the foregoing general and specific

28 objections, Bryant responds to this request as follows:

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT  5  PAGE  266

1  Bryant admits that Paragraph 3(a) of the "ASSIGNMENT AGREEMENT"

2  contains the following language: "All results and proceeds of the services

3  provided by Bryant hereunder and any Contractor, including without limitation,

4  any inventions, and any documentation related thereto, and any other material,

5  whether written or oral (collectively, the "Bryant Work Product") shall be

6  considered 'work made for hire' and shall be owned exclusively, throughout the

7  world, and in perpetuity by MGA (including all copyrights and patents therein and

8  thereto, and all renewals and extensions thereof)."

9      Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

10  AGREEMENT" contains the following language: "with respect only to any

11  inventions and any documentation related thereto, and any other material, whether

12  written or oral, created by or for Bryant relating to the MGA Products prior to the

13  commencement of the term of this Agreement, for good and valuable

14  consideration, the receipt and sufficiency of which is hereby acknowledged by

15  Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns

16  to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the such

17  material, including, without limiting the generality of the foregoing, all rights

18  under copyright and patent (and all renewals and extensions thereof) including the

19  right to produce and authorize the production of any and all derivative works, and

20  all proprietary rights of any kind therein, now known or hereafter created

21  throughout the world."

22

23  **REQUEST FOR ADMISSION NO. 6:**

24      Admit that BRYANT's assignment of rights to BRATZ to MGA in the

25  ASSIGNMENT AGREEMENT did not give MGA property rights.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

27      Bryant incorporates by reference the above-stated general objections as if

28  fully set forth herein. Bryant objects to this request on the grounds that the

9

EXHIBIT ___5___ PAGE __267__

1  document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

2  Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

3  to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the

4  terms are vague and ambiguous.  In responding to this request, Bryant interprets

5  the term "BRATZ" to mean the line of dolls introduced by MGA to the market for

6  sale and known today as "Bratz" and subsequent dolls, accessories, and other

7  products known as "Bratz" or associated by MGA with the Bratz line of dolls.

8  Bryant further objects that the term "property rights" is not defined in Mattel's

9  Requests for Admission, and therefore is vague and ambiguous.

10       Subject to and without waiving the foregoing general and specific

11  objections, Bryant responds to this request as follows:

12       Bryant admits that Paragraph 3(a) of the "ASSIGNMENT AGREEMENT"

13  contains the following language:  "All results and proceeds of the services

14  provided by Bryant hereunder and any Contractor, including without limitation,

15  any inventions, and any documentation related thereto, and any other material,

16  whether written or oral (collectively, the "Bryant Work Product") shall be

17  considered 'work made for hire' and shall be owned exclusively, throughout the

18  world, and in perpetuity by MGA (including all copyrights and patents therein and

19  thereto, and all renewals and extensions thereof)."

20       Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

21  AGREEMENT" contains the following language:  "with respect only to any

22  inventions and any documentation related thereto, and any other material, whether

23  written or oral, created by or for Bryant relating to the MGA Products prior to the

24  commencement of the term of this Agreement, for good and valuable

25  consideration, the receipt and sufficiency of which is hereby acknowledged by

26  Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns

27  to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the such

28  material, including, without limiting the generality of the foregoing, all rights

10

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 268

1  under copyright and patent (and all renewals and extensions thereof) including the

2  right to produce and authorize the production of any and all derivative works, and

3  all proprietary rights of any kind therein, now known or hereafter created

4  throughout the world."

5

6  **REQUEST FOR ADMISSION NO. 7:**

7      Admit that BRYANT's assignment of rights to BRATZ to MGA in the

8  ASSIGNMENT AGREEMENT gave MGA valuable property rights.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

10      Bryant incorporates by reference the above-stated general objections as if

11  fully set forth herein.  Bryant objects to this request on the grounds that the

12  document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

13  Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

14  to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the

15  terms are vague and ambiguous.  In responding to this request, Bryant interprets

16  the term "BRATZ" to mean the line of dolls introduced by MGA to the market for

17  sale and known today as "Bratz" and subsequent dolls, accessories, and other

18  products known as "Bratz" or associated by MGA with the Bratz line of dolls.

19  Bryant further objects that the term "property rights" is not defined in Mattel's

20  Requests for Admission, and therefore is vague and ambiguous.  Bryant also

21  objects to the terms "valuable property rights" and "valuable", as those terms are

22  not defined in Mattel's Requests for Admission and are therefore vague and

23  ambiguous, and call for Bryant's opinion rather than an admission of fact.

24      Subject to and without waiving the foregoing general and specific

25  objections, Bryant responds to this request as follows:

26      Bryant admits that Paragraph 3(a) of the "ASSIGNMENT AGREEMENT"

27  contains the following language:  "All results and proceeds of the services

28  provided by Bryant hereunder and any Contractor, including without limitation,

11
CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __5__ PAGE _269_

1  any inventions, and any documentation related thereto, and any other material,

2  whether written or oral (collectively, the "Bryant Work Product") shall be

3  considered 'work made for hire' and shall be owned exclusively, throughout the

4  world, and in perpetuity by MGA (including all copyrights and patents therein and

5  thereto, and all renewals and extensions thereof)."

6      Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

7  AGREEMENT" contains the following language: "with respect only to any

8  inventions and any documentation related thereto, and any other material, whether

9  written or oral, created by or for Bryant relating to the MGA Products prior to the

10  commencement of the term of this Agreement, for good and valuable

11  consideration, the receipt and sufficiency of which is hereby acknowledged by

12  Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns

13  to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the such

14  material, including, without limiting the generality of the foregoing, all rights

15  under copyright and patent (and all renewals and extensions thereof) including the

16  right to produce and authorize the production of any and all derivative works, and

17  all proprietary rights of any kind therein, now known or hereafter created

18  throughout the world."

19  **REQUEST FOR ADMISSION NO. 8:**

20      Admit that BRYANT's assignment of rights to BRATZ to MGA in the

21  ASSIGNMENT AGREEMENT did not give MGA valuable property rights.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

23      Bryant incorporates by reference the above-stated general objections as if

24  fully set forth herein. Bryant objects to this request on the grounds that the

25  document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

26  Bryant further objects that the Request calls for a legal conclusion. Bryant objects

27  to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the

28  terms are vague and ambiguous. In responding to this request, Bryant interprets

12

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __5__ PAGE 270

1    the term "BRATZ" to mean the line of dolls introduced by MGA to the market for

2    sale and known today as "Bratz" and subsequent dolls, accessories, and other

3    products known as "Bratz" or associated by MGA with the Bratz line of dolls.

4    Bryant further objects that the term "property rights" is not defined in Mattel's

5    Requests for Admission, and therefore is vague and ambiguous.  Bryant also

6    objects to the terms "valuable property rights" and "valuable", as those terms are

7    not defined in Mattel's Requests for Admission and are therefore vague and

8    ambiguous, and call for Bryant's opinion rather than an admission of fact.

9          Subject to and without waiving the foregoing general and specific

10   objections, Bryant responds to this request as follows:

11         Bryant admits that Paragraph 3(a) of the "ASSIGNMENT AGREEMENT"

12   contains the following language:  "All results and proceeds of the services

13   provided by Bryant hereunder and any Contractor, including without limitation,

14   any inventions, and any documentation related thereto, and any other material,

15   whether written or oral (collectively, the "Bryant Work Product") shall be

16   considered 'work made for hire' and shall be owned exclusively, throughout the

17   world, and in perpetuity by MGA (including all copyrights and patents therein and

18   thereto, and all renewals and extensions thereof)."

19         Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

20   AGREEMENT" contains the following language:  "with respect only to any

21   inventions and any documentation related thereto, and any other material, whether

22   written or oral, created by or for Bryant relating to the MGA Products prior to the

23   commencement of the term of this Agreement, for good and valuable

24   consideration, the receipt and sufficiency of which is hereby acknowledged by

25   Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns

26   to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the such

27   material, including, without limiting the generality of the foregoing, all rights

28   under copyright and patent (and all renewals and extensions thereof) including the

EXHIBIT __5__ PAGE _271_

1   right to produce and authorize the production of any and all derivative works, and

2   all proprietary rights of any kind therein, now known or hereafter created

3   throughout the world."

4   **REQUEST FOR ADMISSION NO. 9:**

5       Admit that BRATZ is valuable property.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

7       Bryant incorporates by reference the above-stated general objections as if

8   fully set forth herein.   Bryant specifically objects to this request on the grounds

9   that the defined term "BRATZ" incorporates many different categories of things—

10  projects, products, dolls, and designs, or any portion thereof, whether or not ever

11  sold or marketed—which Bryant cannot reasonably consider together, making the

12  request compound.   Bryant also objects to the term "BRATZ" and its definition on

13  the grounds that they are vague and ambiguous.   In responding to this request,

14  Bryant interprets the term "BRATZ" to mean the line of dolls introduced by MGA

15  to the market for sale and known today as "Bratz" and subsequent dolls,

16  accessories, and other products known as "Bratz" or associated by MGA with the

17  Bratz line of dolls.   Bryant also objects to the terms "valuable property" and

18  "valuable", as those terms are not defined in Mattel's Requests for Admission and

19  are therefore vague and ambiguous, and call for Bryant's opinion rather than an

20  admission of fact.   Bryant also objects to the term "property" as vague and

21  ambiguous and (because of that lack of definition) interprets it (for purposes of this

22  response only) to encompass any idea or thing without regard to legal definitions

23  of property.

24      Subject to and without waiving the foregoing general and specific

25  objections, Bryant responds to this request as follows:   Bryant admits that the line

26  of dolls known today as "Bratz" and the associated accessories and other products

27  sold under the Bratz brand, or associated by MGA with the Bratz line of dolls,

28  have value and, on that basis, admits the request.

EXHIBIT _5_ PAGE 272

1

2  **REQUEST FOR ADMISSION NO. 10:**

3       Admit that BRATZ is not valuable property.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

5       Bryant incorporates by reference the above-stated general objections as if

6  fully set forth herein.   Bryant specifically objects to this request on the grounds

7  that the defined term "BRATZ" incorporates many different categories of things—

8  projects, products, dolls, and designs, or any portion thereof, whether or not ever

9  sold or marketed—which Bryant cannot reasonably consider together, making the

10  request compound.   Bryant also objects to the term "BRATZ" and its definition on

11  the grounds that they are vague and ambiguous.  In responding to this request,

12  Bryant interprets the term "BRATZ" to mean the line of dolls introduced by MGA

13  to the market for sale and known today as "Bratz" and subsequent dolls,

14  accessories, and other products known as "Bratz" or associated by MGA with the

15  Bratz line of dolls.  Bryant also objects to the terms "valuable property" and

16  "valuable", as those terms are not defined in Mattel's Requests for Admission and

17  are therefore vague and ambiguous, and call for Bryant's opinion rather than an

18  admission of fact.  Bryant also objects to the term "property" as vague and

19  ambiguous and (because of that lack of definition) interprets it (for purposes of this

20  response only) to encompass any idea or thing without regard to legal definitions

21  of property.

22       Subject to and without waiving the foregoing general and specific

23  objections, Bryant responds to this request as follows:  Because the line of dolls

24  known today as "Bratz" and the associated accessories and other products sold

25  under the Bratz brand, or associated by MGA with the Bratz line of dolls, have

26  value, Bryant denies the request.

27

28

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _5_ PAGE _273_

**REQUEST FOR ADMISSION NO. 11:**

Admit that BRATZ DOLLS are valuable property.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant objects to the term of "BRATZ DOLLS" and its definition on the grounds that they are vague and ambiguous. In responding to this request, Bryant interprets the term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the market for sale and today known as "Bratz". Bryant also objects to the terms "valuable property" and "valuable", as those terms are not defined in Mattel's Requests for Admission and are therefore vague and ambiguous, and call for Bryant's opinion rather than an admission of fact. Bryant also objects to the term "property" as vague and ambiguous and (because of that lack of definition) interprets it (for purposes of this response only) to encompass any idea or thing without regard to legal definitions of property.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: Bryant admits that the line of dolls introduced by MGA to the market for sale and today known as "Bratz" has value and, on that basis, admits the request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that BRATZ DOLLS are not valuable property.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant objects to the term of "BRATZ DOLLS" and its definition on the grounds that they are vague and ambiguous. In responding to this request, Bryant interprets the term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the market for sale and today known as "Bratz". Bryant also objects to the terms "valuable property" and "valuable", as those terms are not

16

EXHIBIT __5__ PAGE 274

1  defined in Mattel's Requests for Admission and are therefore vague and

2  ambiguous, and call for Bryant's opinion rather than an admission of fact.   Bryant

3  also objects to the term "property" as vague and ambiguous and (because of that

4  lack of definition) interprets it (for purposes of this response only) to encompass

5  any idea or thing without regard to legal definitions of property.

6       Subject to and without waiving the foregoing general and specific

7  objections, Bryant responds to this request as follows:  Bryant states that the line of

8  dolls introduced by MGA to the market for sale and today known as "Bratz" has

9  value, and, on that basis, denies the request.

10

11 **REQUEST FOR ADMISSION NO. 13:**

12      Admit that BRYANT's BRATZ DESIGNS are valuable property.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

14      Bryant incorporates by reference the above-stated general objections as if

15 fully set forth herein.  Bryant objects to the term "BRYANT'S BRATZ

16 DESIGNS" and its definition on the grounds that they are vague and ambiguous.

17 In responding to this request, Bryant interprets the term "BRYANT'S BRATZ

18 DESIGNS" to mean drawings depicting characters that Bryant called Bratz and

19 made prior to October 4, 2000, the date on which Bryant signed his agreement with

20 MGA.  Bryant also objects to the terms "valuable property" and "valuable" as

21 vague and ambiguous, and as calling for Bryant's opinion rather than an admission

22 of fact.  Bryant also objects to the term "property" as vague and ambiguous and

23 (because of that lack of definition) interprets it (for purposes of this response only)

24 to encompass any idea or thing without regard to legal definitions of property.

25      Subject to and without waiving the foregoing general and specific

26 objections, Bryant responds to this request as follows:  Bryant admits that some of

27 the drawings depicting characters that Bryant called Bratz and made prior to

28 October 4, 2000 did not always entirely lack any form of value, and on that basis

17

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __5__ PAGE 275

1   admits the request.

2

3   **REQUEST FOR ADMISSION NO. 14:**

4       Admit that BRYANT'S BRATZ DESIGNS are not valuable property.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

6       Bryant incorporates by reference the above-stated general objections as if

7   fully set forth herein.  Bryant objects to the term "BRYANT'S BRATZ

8   DESIGNS" and its definition on the grounds that they are vague and ambiguous. In

9   responding to this request, Bryant interprets the term "BRYANT'S BRATZ

10   DESIGNS" to mean drawings depicting characters that Bryant called Bratz and

11   made prior to October 4, 2000, the date on which Bryant signed his agreement with

12   MGA. Bryant also objects to the terms "valuable property" and "valuable" as

13   vague and ambiguous, and as calling for Bryant's opinion rather than an admission

14   of fact.  Bryant also objects to the term "property" as vague and ambiguous and

15   (because of that lack of definition) interprets it (for purposes of this response only)

16   to encompass any idea or thing without regard to legal definitions of property.

17       Subject to and without waiving the foregoing general and specific

18   objections, Bryant responds to this request as follows:  Bryant admits that some of

19   the drawings depicting characters that Bryant called Bratz and made prior to

20   October 4, 2000 did not always entirely lack any form of value, and on that basis

21   denies the request.

22

23   **REQUEST FOR ADMISSION NO. 15:**

24       Admit that BRYANT'S BRATZ DESIGNS were valuable property at the

25   time of the ASSIGNMENT AGREEMENT.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

27       Bryant incorporates by reference the above-stated general objections as if

28   fully set forth herein.  Bryant objects to the term "BRYANT'S BRATZ

18

EXHIBIT _5_ PAGE _276_

1   DESIGNS" and its definition on the grounds that they are vague and ambiguous.

2   In responding to this request, Bryant interprets the term "BRYANT'S BRATZ

3   DESIGNS" to mean drawings depicting characters that Bryant called Bratz and

4   made prior to October 4, 2000, the date on which Bryant signed his agreement with

5   MGA. Bryant also objects to the terms "valuable property" and "valuable" as

6   vague and ambiguous, and as calling for Bryant's opinion rather than an admission

7   of fact.  Bryant also objects to the term "property" as vague and ambiguous and

8   (because of that lack of definition) interprets it (for purposes of this response only)

9   to encompass any idea or thing without regard to legal definitions of property.

10          Subject to and without waiving the foregoing general and specific

11  objections, Bryant responds to this request as follows:  after reasonable inquiry,

12  Bryant has insufficient information or knowledge to enable him to admit or deny

13  this Request.

14  **REQUEST FOR ADMISSION NO. 16:**

15          Admit that BRYANT'S BRATZ DESIGNS were not valuable property at

16  the time of the ASSIGNMENT AGREEMENT.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

18          Bryant incorporates by reference the above-stated general objections as if

19  fully set forth herein.  Bryant objects to the term "BRYANT'S BRATZ

20  DESIGNS" and its definition on the grounds that they are vague and ambiguous. In

21  responding to this request, Bryant interprets the term "BRYANT'S BRATZ

22  DESIGNS" to mean drawings depicting characters that Bryant called Bratz and

23  made prior to October 4, 2000, the date on which Bryant signed his agreement with

24  MGA. Bryant also objects to the terms "valuable property" and "valuable" as

25  vague and ambiguous, and as calling for Bryant's opinion rather than an admission

26  of fact.  Bryant also objects to the term "property" as vague and ambiguous and

27  (because of that lack of definition) interprets it (for purposes of this response only)

28  to encompass any idea or thing without regard to legal definitions of property.

19

EXHIBIT _5_ PAGE _277_

1    Subject to and without waiving the foregoing general and specific

2    objections, Bryant responds to this request as follows:  After reasonable inquiry,

3    Bryant has insufficient information or knowledge to enable him to admit or deny

4    this Request.

5

6    **REQUEST FOR ADMISSION NO. 17:**

7    Admit that BRYANT'S BRATZ IDEAS are valuable property.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

9    Bryant incorporates by reference the above-stated general objections as if

10   fully set forth herein.  Bryant objects to the term "BRYANT'S BRATZ IDEAS"

11   and its definition on the grounds that they are vague and ambiguous. In responding

12   to this request, Bryant interprets the term "BRYANT'S BRATZ IDEAS" to mean

13   Bryant's idea for a line of fashion dolls that he called "Bratz." Bryant also objects

14   to the terms "valuable property" and "valuable" as vague and ambiguous, and as

15   calling for Bryant's opinion rather than an admission of fact.  Bryant also objects

16   to the term "property" as vague and ambiguous and (because of that lack of

17   definition) interprets it (for purposes of this response only) to encompass any idea

18   or thing without regard to legal definitions of property.

19   Subject to and without waiving the foregoing general and specific

20   objections, Bryant responds to this request as follows:  Bryant admits that some of

21   the drawings depicting characters that Bryant called Bratz and made prior to

22   October 4, 2000 did not always entirely lack any form of value, and on that basis

23   admits the request.

24   **REQUEST FOR ADMISSION NO. 18:**

25   Admit that BRYANT'S BRATZ IDEAS are not valuable property.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

27   Bryant incorporates by reference the above-stated general objections as if

28   fully set forth herein.  Bryant objects to the term "BRYANT'S BRATZ IDEAS"

EXHIBIT 5 PAGE 278

1   and its definition on the grounds that they are vague and ambiguous.  In responding

2   to this request, Bryant interprets the term "BRYANT'S BRATZ IDEAS" to mean

3   Bryant's idea for a line of fashion dolls that he called "Bratz."  Bryant also objects

4   to the terms "valuable property" and "valuable" as vague and ambiguous, and as

5   calling for Bryant's opinion rather than an admission of fact.  Bryant also objects

6   to the term "property" as vague and ambiguous and (because of that lack of

7   definition) interprets it (for purposes of this response only) to encompass any idea

8   or thing without regard to legal definitions of property.

9        Subject to and without waiving the foregoing general and specific

10  objections, Bryant responds to this request as follows:  Bryant states that some of

11  the drawings depicting characters that Bryant called Bratz and made prior to

12  October 4, 2000 did not always entirely lack any form of value, and on that basis

13  denies the request.

14  **REQUEST FOR ADMISSION NO. 19:**

15       Admit that BRYANT'S BRATZ IDEAS were valuable property at the time

16  of the ASSIGNMENT AGREEMENT.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

18       Bryant incorporates by reference the above-stated general objections as if

19  fully set forth herein.  Bryant objects to the term "BRYANT'S BRATZ IDEAS"

20  and its definition on the grounds that they are vague and ambiguous.  In responding

21  to this request, Bryant interprets the term "BRYANT'S BRATZ IDEAS" to mean

22  Bryant's idea for a line of fashion dolls that he called "Bratz."  Bryant also objects

23  to the terms "valuable property" and "valuable" as vague and ambiguous, and as

24  calling for Bryant's opinion rather than an admission of fact.  Bryant also objects

25  to the term "property" as vague and ambiguous and (because of that lack of

26  definition) interprets it (for purposes of this response only) to encompass any idea

27  or thing without regard to legal definitions of property.

28       Subject to and without waiving the foregoing general and specific

21

EXHIBIT _5_ PAGE _279_

1   objections, Bryant responds to this request as follows: after reasonable inquiry,

2   Bryant has insufficient information or knowledge to enable him to admit or deny

3   this Request.

4   **REQUEST FOR ADMISSION NO. 20:**

5      Admit that BRYANT'S BRATZ IDEAS were not valuable property at the

6   time of the ASSIGNMENT AGREEMENT.

7   **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

8      Bryant incorporates by reference the above-stated general objections as if

9   fully set forth herein.  Bryant objects to the term "BRYANT'S BRATZ IDEAS"

10  and its definition on the grounds that they are vague and ambiguous. In responding

11  to this request, Bryant interprets the term "BRYANT'S BRATZ IDEAS" to mean

12  Bryant's idea for a line of fashion dolls that he called "Bratz."  Bryant also objects

13  to the terms "valuable property" and "valuable" as vague and ambiguous, and as

14  calling for Bryant's opinion rather than an admission of fact.  Bryant also objects

15  to the term "property" as vague and ambiguous and (because of that lack of

16  definition) interprets it (for purposes of this response only) to encompass any idea

17  or thing without regard to legal definitions of property.

18     Subject to and without waiving the foregoing general and specific

19  objections, Bryant responds to this request as follows:  After reasonable inquiry,

20  Bryant has insufficient information or knowledge to enable him to admit or deny

21  this Request.

22

23  **REQUEST FOR ADMISSION NO. 21:**

24     Admit that rights to BRYANT'S BRATZ DESIGNS were assigned to MGA

25  in the ASSIGNMENT AGREEMENT.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

27     Bryant incorporates by reference the above-stated general objections as if

28  fully set forth herein.  Bryant objects to this request on the grounds that the

22

EXHIBIT 5 PAGE 280

1    document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

2    Bryant further objects that the Request calls for a legal conclusion. Bryant objects

3    to the definition of "BRYANT'S BRATZ DESIGN" and "MGA" on the grounds

4    that, as defined, the terms are vague and ambiguous. In responding to this request,

5    Bryant interprets the term "BRYANT'S BRATZ DESIGNS" to mean drawings

6    depicting characters that Bryant called Bratz and made prior to October 4, 2000,

7    the date on which Bryant signed his agreement with MGA. Bryant further objects

8    that the term "rights" is not defined in Mattel's Requests for Admission, and

9    therefore is vague and ambiguous.

10        Subject to and without waiving the foregoing general and specific

11   objections, Bryant responds to this request as follows: Bryant admits that

12   Paragraph 3(b) of the "ASSIGNMENT AGREEMENT" contains the following

13   language: "with respect only to any inventions and any documentation related

14   thereto, and any other material, whether written or oral, created by or for Bryant

15   relating to the MGA Products prior to the commencement of the term of this

16   Agreement, for good and valuable consideration, the receipt and sufficiency of

17   which is hereby acknowledged by Bryant, Bryant hereby irrevocably grants,

18   conveys, transfers, sets over and assigns to MGA in perpetuity all of Bryant's

19   right, title and interest, in an [sic] to the such material, including, without limiting

20   the generality of the foregoing, all rights under copyright and patent (and all

21   renewals and extensions thereof) including the right to produce and authorize the

22   production of any and all derivative works, and all proprietary rights of any kind

23   therein, now known or hereafter created throughout the world."

24   **REQUEST FOR ADMISSION NO. 22:**

25        Admit that rights to BRYANT'S BRATZ DESIGNS were not assigned to

26   MGA in the ASSIGNMENT AGREEMENT.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

28        Bryant incorporates by reference the above-stated general objections as if

23
CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 281

1    fully set forth herein.  Bryant objects to this request on the grounds that the

2    document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

3    Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

4    to the definition of "BRYANT'S BRATZ DESIGN" and "MGA" on the grounds

5    that, as defined, the terms are vague and ambiguous.  In responding to this request,

6    Bryant interprets the term "BRYANT'S BRATZ DESIGNS" to mean drawings

7    depicting characters that Bryant called Bratz and made prior to October 4, 2000,

8    the date on which Bryant signed his agreement with MGA.  Bryant further objects

9    that the term "rights" is not defined in Mattel's Requests for Admission, and

10    therefore is vague and ambiguous.

11        Subject to and without waiving the foregoing general and specific

12    objections, Bryant responds to this request as follows:  Bryant admits that

13    Paragraph 3(b) of the "ASSIGNMENT AGREEMENT" contains the following

14    language:  "with respect only to any inventions and any documentation related

15    thereto, and any other material, whether written or oral, created by or for Bryant

16    relating to the MGA Products prior to the commencement of the term of this

17    Agreement, for good and valuable consideration, the receipt and sufficiency of

18    which is hereby acknowledged by Bryant, Bryant hereby irrevocably grants,

19    conveys, transfers, sets over and assigns to MGA in perpetuity all of Bryant's

20    right, title and interest, in an [sic] to the such material, including, without limiting

21    the generality of the foregoing, all rights under copyright and patent (and all

22    renewals and extensions thereof) including the right to produce and authorize the

23    production of any and all derivative works, and all proprietary rights of any kind

24    therein, now known or hereafter created throughout the world."

25    **REQUEST FOR ADMISSION NO. 23:**

26        Admit that rights to BRYANT'S BRATZ IDEAS were assigned to MGA in

27    the ASSIGNMENT AGREEMENT.

28

24

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 282

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant objects to this request on the grounds that the document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself. Bryant further objects that the Request calls for a legal conclusion. Bryant objects to the definition of "BRYANT'S BRATZ IDEAS" and "MGA" on the grounds that, as defined, the terms are vague and ambiguous. In responding to this request, Bryant interprets the term "BRYANT'S BRATZ IDEAS" to mean Bryant's idea for a line of fashion dolls that he called "Bratz." Bryant further objects that the term "rights" is not defined in Mattel's Requests for Admission, and therefore is vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: Bryant admits that Paragraph 3(b) of the "ASSIGNMENT AGREEMENT" contains the following language: "with respect only to any inventions and any documentation related thereto, and any other material, whether written or oral, created by or for Bryant relating to the MGA Products prior to the commencement of the term of this Agreement, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the such material, including, without limiting the generality of the foregoing, all rights under copyright and patent (and all renewals and extensions thereof) including the right to produce and authorize the production of any and all derivative works, and all proprietary rights of any kind therein, now known or hereafter created throughout the world."

**REQUEST FOR ADMISSION NO. 24:**

Admit that rights to BRYANT'S BRATZ IDEAS were not assigned to MGA in the ASSIGNMENT AGREEMENT.

25

EXHIBIT 5 PAGE 283

## RESPONSE TO REQUEST FOR ADMISSION NO. 24:

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant objects to this request on the grounds that the document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself. Bryant further objects that the Request calls for a legal conclusion. Bryant objects to the definition of "BRYANT'S BRATZ IDEAS" and "MGA" on the grounds that, as defined, the terms are vague and ambiguous. In responding to this request, Bryant interprets the term "BRYANT'S BRATZ IDEAS" to mean Bryant's idea for a line of fashion dolls that he called "Bratz." Bryant further objects that the term "rights" is not defined in Mattel's Requests for Admission, and therefore is vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: Bryant admits that Paragraph 3(b) of the "ASSIGNMENT AGREEMENT" contains the following language: "with respect only to any inventions and any documentation related thereto, and any other material, whether written or oral, created by or for Bryant relating to the MGA Products prior to the commencement of the term of this Agreement, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the such material, including, without limiting the generality of the foregoing, all rights under copyright and patent (and all renewals and extensions thereof) including the right to produce and authorize the production of any and all derivative works, and all proprietary rights of any kind therein, now known or hereafter created throughout the world."

## REQUEST FOR ADMISSION NO. 25:

Admit that BRYANT assigned all rights to BRATZ to MGA in the

26

EXHIBIT 5 PAGE 284

1   ASSIGNMENT AGREEMENT.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

3          Bryant incorporates by reference the above-stated general objections as if

4   fully set forth herein.  Bryant objects to this request on the grounds that the

5   document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

6   Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

7   to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the

8   terms are vague and ambiguous.  Bryant also specifically objects to this request on

9   the grounds that the defined term "BRATZ" incorporates many different categories

10  of things—projects, products, dolls, and designs, or any portion thereof, whether or

11  not ever sold or marketed—which Bryant cannot reasonably consider together,

12  making the request compound.   Bryant also objects to the definition of the term

13  "BRATZ" as vague and ambiguous.  In responding to this request, Bryant

14  interprets the term "BRATZ" to mean the line of dolls introduced by MGA to the

15  market for sale and known today as "Bratz" and subsequent dolls, accessories, and

16  other products known as "Bratz" or associated by MGA with the Bratz line of

17  dolls.   Bryant further objects that the term "rights" is not defined in Mattel's

18  Requests for Admission, and therefore is vague and ambiguous.

19          Subject to and without waiving the foregoing general and specific

20  objections, Bryant responds to this request as follows:

21          Bryant admits that Paragraph 3(a) of the "ASSIGNMENT AGREEMENT"

22  contains the following language:  "All results and proceeds of the services

23  provided by Bryant hereunder and any Contractor, including without limitation,

24  any inventions, and any documentation related thereto, and any other material,

25  whether written or oral (collectively, the "Bryant Work Product") shall be

26  considered 'work made for hire' and shall be owned exclusively, throughout the

27  world, and in perpetuity by MGA (including all copyrights and patents therein and

28  thereto, and all renewals and extensions thereof).

EXHIBIT __5__ PAGE __285__

1    Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

2 AGREEMENT" contains the following language: "with respect only to any

3 inventions and any documentation related thereto, and any other material, whether

4 written or oral, created by or for Bryant relating to the MGA Products prior to the

5 commencement of the term of this Agreement, for good and valuable

6 consideration, the receipt and sufficiency of which is hereby acknowledged by

7 Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns

8 to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the such

9 material, including, without limiting the generality of the foregoing, all rights

10 under copyright and patent (and all renewals and extensions thereof) including the

11 right to produce and authorize the production of any and all derivative works, and

12 all proprietary rights of any kind therein, now known or hereafter created

13 throughout the world."

14

15 **REQUEST FOR ADMISSION NO. 26:**

16    Admit that BRYANT did not assign all rights to BRATZ to MGA in the

17 ASSIGNMENT AGREEMENT.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

19    Bryant incorporates by reference the above-stated general objections as if

20 fully set forth herein. Bryant objects to this request on the grounds that the

21 document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

22 Bryant further objects that the Request calls for a legal conclusion. Bryant objects

23 to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the

24 terms are vague and ambiguous. Bryant also specifically objects to this request on

25 the grounds that the defined term "BRATZ" incorporates many different categories

26 of things—projects, products, dolls, and designs, or any portion thereof, whether or

27 not ever sold or marketed—which Bryant cannot reasonably consider together,

28 making the request compound. Bryant also objects to the definition of the term

EXHIBIT _5_ PAGE _286_

1   "BRATZ" as vague and ambiguous. In responding to this request, Bryant

2   interprets the term "BRATZ" to mean the line of dolls introduced by MGA to the

3   market for sale and known today as "Bratz" and subsequent dolls, accessories, and

4   other products known as "Bratz" or associated by MGA with the Bratz line of

5   dolls.   Bryant further objects that the term "rights" is not defined in Mattel's

6   Requests for Admission, and therefore is vague and ambiguous. Subject to and

7   without waiving the foregoing general and specific objections, Bryant responds to

8   this request as follows:

9         Bryant admits that Paragraph 3(a) of the "ASSIGNMENT AGREEMENT"

10   contains the following language:  "All results and proceeds of the services

11   provided by Bryant hereunder and any Contractor, including without limitation,

12   any inventions, and any documentation related thereto, and any other material,

13   whether written or oral (collectively, the "Bryant Work Product") shall be

14   considered 'work made for hire' and shall be owned exclusively, throughout the

15   world, and in perpetuity by MGA (including all copyrights and patents therein and

16   thereto, and all renewals and extensions thereof).

17         Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

18   AGREEMENT" contains the following language:  "with respect only to any

19   inventions and any documentation related thereto, and any other material, whether

20   written or oral, created by or for Bryant relating to the MGA Products prior to the

21   commencement of the term of this Agreement, for good and valuable

22   consideration, the receipt and sufficiency of which is hereby acknowledged by

23   Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns

24   to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the such

25   material, including, without limiting the generality of the foregoing, all rights

26   under copyright and patent (and all renewals and extensions thereof) including the

27   right to produce and authorize the production of any and all derivative works, and

28   all proprietary rights of any kind therein, now known or hereafter created

29

EXHIBIT _5_ PAGE _287_

1  throughout the world."

2  **REQUEST FOR ADMISSION NO. 27:**

3      Admit that BRYANT assigned at least some rights to BRATZ to MGA in

4  the ASSIGNMENT AGREEMENT.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

6      Bryant incorporates by reference the above-stated general objections as if

7  fully set forth herein.  Bryant objects to this request on the grounds that the

8  document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

9  Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

10  to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the

11  terms are vague and ambiguous.  Bryant also specifically objects to this request on

12  the grounds that the defined term "BRATZ" incorporates many different categories

13  of things—projects, products, dolls, and designs, or any portion thereof, whether or

14  not ever sold or marketed—which Bryant cannot reasonably consider together,

15  making the request compound.   Bryant also objects to the definition of the term

16  "BRATZ" as vague and ambiguous.  In responding to this request, Bryant

17  interprets the term "BRATZ" to mean the line of dolls introduced by MGA to the

18  market for sale and known today as "Bratz" and subsequent dolls, accessories, and

19  other products known as "Bratz" or associated by MGA with the Bratz line of

20  dolls.   Bryant further objects that the term "rights" is not defined in Mattel's

21  Requests for Admission, and therefore is vague and ambiguous.  Subject to and

22  without waiving the foregoing general and specific objections, Bryant responds to

23  this request as follows:

24      Bryant admits that Paragraph 3(a) of the "ASSIGNMENT AGREEMENT"

25  contains the following language:  "All results and proceeds of the services

26  provided by Bryant hereunder and any Contractor, including without limitation,

27  any inventions, and any documentation related thereto, and any other material,

28  whether written or oral (collectively, the "Bryant Work Product") shall be

30

EXHIBIT _5_ PAGE _288_

1  considered 'work made for hire' and shall be owned exclusively, throughout the

2  world, and in perpetuity by MGA (including all copyrights and patents therein and

3  thereto, and all renewals and extensions thereof).

4      Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

5  AGREEMENT" contains the following language: "with respect only to any

6  inventions and any documentation related thereto, and any other material, whether

7  written or oral, created by or for Bryant relating to the MGA Products prior to the

8  commencement of the term of this Agreement, for good and valuable

9  consideration, the receipt and sufficiency of which is hereby acknowledged by

10  Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns

11  to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the such

12  material, including, without limiting the generality of the foregoing, all rights

13  under copyright and patent (and all renewals and extensions thereof) including the

14  right to produce and authorize the production of any and all derivative works, and

15  all proprietary rights of any kind therein, now known or hereafter created

16  throughout the world."

17  **REQUEST FOR ADMISSION NO. 28:**

18      Admit that BRYANT did not assign any rights to BRATZ to MGA in the

19  ASSIGNMENT AGREEMENT.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

21      Bryant incorporates by reference the above-stated general objections as if

22  fully set forth herein.  Bryant objects to this request on the grounds that the

23  document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

24  Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

25  to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the

26  terms are vague and ambiguous.  Bryant also specifically objects to this request on

27  the grounds that the defined term "BRATZ" incorporates many different categories

28  of things—projects, products, dolls, and designs, or any portion thereof, whether or

EXHIBIT 5 PAGE 289

1  not ever sold or marketed—which Bryant cannot reasonably consider together,

2  making the request compound.   Bryant also objects to the definition of the term

3  "BRATZ" as vague and ambiguous.  In responding to this request, Bryant

4  interprets the term "BRATZ" to mean the line of dolls introduced by MGA to the

5  market for sale and known today as "Bratz" and subsequent dolls, accessories, and

6  other products known as "Bratz" or associated by MGA with the Bratz line of

7  dolls.   Bryant further objects that the term "rights" is not defined in Mattel's

8  Requests for Admission, and therefore is vague and ambiguous.

9       Subject to and without waiving the foregoing general and specific

10 objections, Bryant responds to this request as follows:

11      Bryant admits that Paragraph 3(a) of the "ASSIGNMENT AGREEMENT"

12 contains the following language:  "All results and proceeds of the services

13 provided by Bryant hereunder and any Contractor, including without limitation,

14 any inventions, and any documentation related thereto, and any other material,

15 whether written or oral (collectively, the "Bryant Work Product") shall be

16 considered 'work made for hire' and shall be owned exclusively, throughout the

17 world, and in perpetuity by MGA (including all copyrights and patents therein and

18 thereto, and all renewals and extensions thereof).

19      Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

20 AGREEMENT" contains the following language:  "with respect only to any

21 inventions and any documentation related thereto, and any other material, whether

22 written or oral, created by or for Bryant relating to the MGA Products prior to the

23 commencement of the term of this Agreement, for good and valuable

24 consideration, the receipt and sufficiency of which is hereby acknowledged by

25 Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns

26 to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the such

27 material, including, without limiting the generality of the foregoing, all rights

28 under copyright and patent (and all renewals and extensions thereof) including the

EXHIBIT __5__ PAGE 290

1  right to produce and authorize the production of any and all derivative works, and

2  all proprietary rights of any kind therein, now known or hereafter created

3  throughout the world."

4

5  **REQUEST FOR ADMISSION NO. 29:**

6      Admit that David Rosenbaum acted as an authorized agent of MGA in the

7  year 2000 insofar as he performed services RELATING TO the ASSIGNMENT

8  AGREEMENT.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

10      Bryant incorporates by reference the above-stated general objections as if

11  fully set forth herein.  Bryant also specifically objects to this request on the

12  grounds that the term "authorized agent" is unclear and confusing and as calling

13  for a legal conclusion.  Bryant also specifically objects to this request on the

14  ground that it is more properly directed toward MGA, because it addresses matters

15  exclusively within MGA's control and outside of Bryant's knowledge, and that it is

16  therefore burdensome and oppressive as directed to Bryant.  Bryant also objects to

17  the definition of the terms "MGA" and "RELATING TO" on the grounds that they

18  are overbroad, vague and ambiguous.

19      Subject to and without waiving the foregoing general and specific

20  objections, Bryant responds to this request as follows: after reasonable inquiry,

21  Bryant has insufficient information or knowledge to enable him to admit or deny

22  this Request.

23  **REQUEST FOR ADMISSION NO. 30:**

24      Admit that David Rosenbaum did not act as an authorized agent of MGA in

25  the year 2000 insofar as he performed services RELATING TO the

26  ASSIGNMENT AGREEMENT.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

28      Bryant incorporates by reference the above-stated general objections as if

33
CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 291

1   fully set forth herein.  Bryant also specifically objects to this request on the

2   grounds that the term "authorized agent" is unclear and confusing and as calling

3   for a legal conclusion.   Bryant also specifically objects to this request on the

4   ground that it is more properly directed toward MGA, because it addresses matters

5   exclusively within MGA's control and outside of Bryant's knowledge, and that it is

6   therefore burdensome and oppressive as directed to Bryant.  Bryant also objects to

7   the definition of the terms "MGA" and "RELATING TO" on the grounds that they

8   are overbroad, vague and ambiguous.

9        Subject to and without waiving the foregoing general and specific

10  objections, Bryant responds to this request as follows: after reasonable inquiry,

11  Bryant has insufficient information or knowledge to enable him to admit or deny

12  this Request.

13  **REQUEST FOR ADMISSION NO. 31:**

14       Admit that David Rosenbaum acted as an authorized agent of MGA in the

15  year 2000 insofar as he performed services RELATING TO BRYANT.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

17       Bryant incorporates by reference the above-stated general objections as if

18  fully set forth herein.  Bryant also specifically objects to this request on the

19  grounds that the term "authorized agent" is unclear and confusing and as calling

20  for a legal conclusion.  Bryant also specifically objects to this request on the

21  ground that it is more properly directed toward MGA, because it addresses matters

22  exclusively within MGA's control and outside of Bryant's knowledge, and that it is

23  therefore burdensome and oppressive as directed to Bryant.  Bryant also objects to

24  the definition of the terms "MGA", "RELATING TO", and "RELATING TO

25  BRYANT" on the grounds that they are overbroad, vague and ambiguous.

26       Subject to and without waiving the foregoing general and specific

27  objections, Bryant responds to this request as follows: after reasonable inquiry,

28  Bryant has insufficient information or knowledge to enable him to admit or deny

EXHIBIT _5_ PAGE _292_

1  this Request.

2  **REQUEST FOR ADMISSION NO. 32:**

3      Admit that David Rosenbaum did not act as an authorized agent of MGA in

4  the year 2000 insofar as he performed services RELATING TO BRYANT.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

6      Bryant incorporates by reference the above-stated general objections as if

7  fully set forth herein.  Bryant also specifically objects to this request on the

8  grounds that the term "authorized agent" is unclear and confusing and as calling

9  for a legal conclusion.  Bryant also specifically objects to this request on the

10  ground that it is more properly directed toward MGA, because it addresses matters

11  exclusively within MGA's control and outside of Bryant's knowledge, and that it is

12  therefore burdensome and oppressive as directed to Bryant.  Bryant also objects to

13  the definition of the terms "MGA", "RELATING TO", and "RELATING TO

14  BRYANT" on the grounds that they are overbroad, vague and ambiguous.

15      Subject to and without waiving the foregoing general and specific

16  objections, Bryant responds to this request as follows: after reasonable inquiry,

17  Bryant has insufficient information or knowledge to enable him to admit or deny

18  this Request.

19  **REQUEST FOR ADMISSION NO. 33:**

20      Admit that David Rosenbaum acted as an authorized agent of MGA in the

21  year 2000 insofar as he performed services RELATING TO BRATZ.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

23      Bryant incorporates by reference the above-stated general objections as if

24  fully set forth herein.  Bryant also specifically objects to this request on the

25  grounds that the term "authorized agent" is unclear and confusing and as calling

26  for a legal conclusion.  Bryant also specifically objects to this request on the

27  ground that it is more properly directed toward MGA, because it addresses matters

28  exclusively within MGA's control and outside of Bryant's knowledge, and that it is

35

EXHIBIT 5 PAGE 293

1   therefore burdensome and oppressive as directed to Bryant. Bryant also objects to

2   the definition of the terms "MGA", "BRATZ", and "RELATING TO" on the

3   grounds that they are overbroad, vague and ambiguous. Bryant also specifically

4   objects to this request on the grounds that the defined term "BRATZ" incorporates

5   many different categories of things—projects, products, dolls, and designs, or any

6   portion thereof, whether or not ever sold or marketed—which Bryant cannot

7   reasonably consider together, making the request compound. Bryant also objects

8   to the definition of the term "BRATZ" as vague and ambiguous. In responding to

9   this request, Bryant interprets the term "BRATZ" to mean the line of dolls

10  introduced by MGA to the market for sale and known today as "Bratz" and

11  subsequent dolls, accessories, and other products known as "Bratz" or associated

12  by MGA with the Bratz line of dolls.

13        Subject to and without waiving the foregoing general and specific

14  objections, Bryant responds to this request as follows: after reasonable inquiry,

15  Bryant has insufficient information or knowledge to enable him to admit or deny

16  this Request.

17  **REQUEST FOR ADMISSION NO. 34:**

18        Admit that David Rosenbaum did not act as an authorized agent of MGA in

19  the year 2000 insofar as he performed services RELATING TO BRATZ.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

21        Bryant incorporates by reference the above-stated general objections as if

22  fully set forth herein. Bryant also specifically objects to this request on the

23  grounds that the term "authorized agent" is unclear and confusing and as calling

24  for a legal conclusion. Bryant also specifically objects to this request on the

25  ground that it is more properly directed toward MGA, because it addresses matters

26  exclusively within MGA's control and outside of Bryant's knowledge, and that it is

27  therefore burdensome and oppressive as directed to Bryant. Bryant also objects to

28  the definition of the terms "MGA", "BRATZ", and "RELATING TO" on the

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _5_ PAGE _244_

1   grounds that they are overbroad, vague and ambiguous.  Bryant also specifically

2   objects to this request on the grounds that the defined term "BRATZ" incorporates

3   many different categories of things—projects, products, dolls, and designs, or any

4   portion thereof, whether or not ever sold or marketed—which Bryant cannot

5   reasonably consider together, making the request compound.   Bryant also objects

6   to the definition of the term "BRATZ" as vague and ambiguous.  In responding to

7   this request, Bryant interprets the term "BRATZ" to mean the line of dolls

8   introduced by MGA to the market for sale and known today as "Bratz" and

9   subsequent dolls, accessories, and other products known as "Bratz" or associated

10   by MGA with the Bratz line of dolls.

11       Subject to and without waiving the foregoing general and specific

12   objections, Bryant responds to this request as follows: after reasonable inquiry,

13   Bryant has insufficient information or knowledge to enable him to admit or deny

14   this Request.

15   **REQUEST FOR ADMISSION NO. 35:**

16       Admit that David Rosenbaum did not act as an authorized agent of MGA in

17   the year 2000 in any capacity.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

19       Bryant incorporates by reference the above-stated general objections as if

20   fully set forth herein.  Bryant also specifically objects to this request on the

21   grounds that the term "authorized agent" is unclear and confusing and as calling

22   for a legal conclusion.  Bryant also specifically objects to this request on the

23   ground that it is more properly directed toward MGA, because it addresses matters

24   exclusively within MGA's control and outside of Bryant's knowledge, and that it is

25   therefore burdensome and oppressive as directed to Bryant.

26       Subject to and without waiving the foregoing general and specific

27   objections, Bryant responds to this request as follows: after reasonable inquiry,

28   Bryant has insufficient information or knowledge to enable him to admit or deny

EXHIBIT  S  PAGE 295

1  this Request.

2  **REQUEST FOR ADMISSION NO. 36:**

3      Admit that MGA did not conduct any focus group testing RELATING TO

4  BRATZ prior to March 2001.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

6      Bryant incorporates by reference the above-stated general objections as if

7  fully set forth herein. Bryant objects to the terms "MGA", "RELATING TO" and

8  "BRATZ" and their definitions as vague and ambiguous.  Bryant also specifically

9  objects to this request on the grounds that the defined term "BRATZ" incorporates

10  many different categories of things—projects, products, dolls, and designs, or any

11  portion thereof, whether or not ever sold or marketed—which Bryant cannot

12  reasonably consider together, making the request compound.   Bryant also objects

13  to the definition of the term "BRATZ" as vague and ambiguous.  In responding to

14  this request, Bryant interprets the term "BRATZ" to mean the line of dolls

15  introduced by MGA to the market for sale and known today as "Bratz" and

16  subsequent dolls, accessories, and other products known as "Bratz" or associated

17  by MGA with the Bratz line of dolls.  Bryant also objects to this request as vague

18  and ambiguous because the term "focus group testing" is not defined.  Bryant also

19  specifically objects to this request on the ground that it is more properly directed

20  toward MGA, because it addresses matters within MGA's control, and that it is

21  therefore burdensome and oppressive as directed to Bryant.

22      Subject to and without waiving the foregoing general and specific

23  objections, Bryant responds to this request as follows:  After reasonable inquiry,

24  Bryant has insufficient information or knowledge to enable him to admit or deny

25  this Request.

26

27  **REQUEST FOR ADMISSION NO. 37:**

28      Admit that MGA did conduct focus group testing RELATING TO BRATZ

EXHIBIT *5* PAGE *294*

1   prior to March 2001.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

3       Bryant incorporates by reference the above-stated general objections as if

4   fully set forth herein. Bryant objects to the terms "MGA", "RELATING TO" and

5   "BRATZ" and their definitions as vague and ambiguous. Bryant also specifically

6   objects to this request on the grounds that the defined term "BRATZ" incorporates

7   many different categories of things—projects, products, dolls, and designs, or any

8   portion thereof, whether or not ever sold or marketed—which Bryant cannot

9   reasonably consider together, making the request compound. Bryant also objects

10  to the definition of the term "BRATZ" as vague and ambiguous. In responding to

11  this request, Bryant interprets the term "BRATZ" to mean the line of dolls

12  introduced by MGA to the market for sale and known today as "Bratz" and

13  subsequent dolls, accessories, and other products known as "Bratz" or associated

14  by MGA with the Bratz line of dolls. Bryant also objects to this request as vague

15  and ambiguous because the term "focus group testing" is not defined. Bryant also

16  specifically objects to this request on the ground that it is more properly directed

17  toward MGA, because it addresses matters within MGA's control, and that it is

18  therefore burdensome and oppressive as directed to Bryant.

19      Subject to and without waiving the foregoing general and specific

20  objections, Bryant responds to this request as follows: After reasonable inquiry,

21  Bryant has insufficient information or knowledge to enable him to admit or deny

22  this Request.

23  **REQUEST FOR ADMISSION NO. 38:**

24      Admit that MGA did not conduct any focus group testing RELATING TO

25  BRATZ in the year 2000.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

27      Bryant incorporates by reference the above-stated general objections as if

28  fully set forth herein. Bryant objects to the terms "MGA", "RELATING TO" and

EXHIBIT __5__ PAGE __247__

1   "BRATZ" and their definitions as vague and ambiguous. Bryant also specifically

2   objects to this request on the grounds that the defined term "BRATZ" incorporates

3   many different categories of things—projects, products, dolls, and designs, or any

4   portion thereof, whether or not ever sold or marketed—which Bryant cannot

5   reasonably consider together, making the request compound. Bryant also objects

6   to the definition of the term "BRATZ" as vague and ambiguous. In responding to

7   this request, Bryant interprets the term "BRATZ" to mean the line of dolls

8   introduced by MGA to the market for sale and known today as "Bratz" and

9   subsequent dolls, accessories, and other products known as "Bratz" or associated

10  by MGA with the Bratz line of dolls. Bryant also objects to this request as vague

11  and ambiguous because the term "focus group testing" is not defined. Bryant also

12  specifically objects to this request on the ground that it is more properly directed

13  toward MGA, because it addresses matters within MGA's control, and that it is

14  therefore burdensome and oppressive as directed to Bryant.

15       Subject to and without waiving the foregoing general and specific

16  objections, Bryant responds to this request as follows: After reasonable inquiry,

17  Bryant has insufficient information or knowledge to enable him to admit or deny

18  this Request.

19  **REQUEST FOR ADMISSION NO. 39:**

20       Admit that MGA did conduct focus group testing RELATING TO BRATZ

21  in the year 2000.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

23       Bryant incorporates by reference the above-stated general objections as if

24  fully set forth herein. Bryant objects to the terms "MGA", "RELATING TO" and

25  "BRATZ" and their definitions as vague and ambiguous. Bryant also specifically

26  objects to this request on the grounds that the defined term "BRATZ" incorporates

27  many different categories of things—projects, products, dolls, and designs, or any

28  portion thereof, whether or not ever sold or marketed—which Bryant cannot

EXHIBIT __5__ PAGE __291__

1    reasonably consider together, making the request compound.   Bryant also objects

2    to the definition of the term "BRATZ" as vague and ambiguous.  In responding to

3    this request, Bryant interprets the term "BRATZ" to mean the line of dolls

4    introduced by MGA to the market for sale and known today as "Bratz" and

5    subsequent dolls, accessories, and other products known as "Bratz" or associated

6    by MGA with the Bratz line of dolls.  Bryant also objects to this request as vague

7    and ambiguous because the term "focus group testing" is not defined.  Bryant also

8    specifically objects to this request on the ground that it is more properly directed

9    toward MGA, because it addresses matters within MGA's control, and that it is

10   therefore burdensome and oppressive as directed to Bryant.

11          Subject to and without waiving the foregoing general and specific

12   objections, Bryant responds to this request as follows:  After reasonable inquiry,

13   Bryant has insufficient information or knowledge to enable him to admit or deny

14   this Request.

15   **REQUEST FOR ADMISSION NO. 40:**

16          Admit that YOU have not produced any DOCUMENTS RELATING TO

17   focus group testing RELATING TO BRATZ which occurred prior to March 2001.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

19          Bryant incorporates by reference the above-stated general objections as if

20   fully set forth herein. Bryant objects to the terms "MGA", "RELATING TO" and

21   "BRATZ" and their definitions as vague and ambiguous.  Bryant also specifically

22   objects to this request on the grounds that the defined term "BRATZ" incorporates

23   many different categories of things—projects, products, dolls, and designs, or any

24   portion thereof, whether or not ever sold or marketed—which Bryant cannot

25   reasonably consider together, making the request compound.   Bryant also objects

26   to the definition of the term "BRATZ" as vague and ambiguous.  In responding to

27   this request, Bryant interprets the term "BRATZ" to mean the line of dolls

28   introduced by MGA to the market for sale and known today as "Bratz" and

41

EXHIBIT _5_ PAGE _299_

1  subsequent dolls, accessories, and other products known as "Bratz" or associated

2  by MGA with the Bratz line of dolls.  Bryant also objects to this request as vague

3  and ambiguous because the term "focus group testing" is not defined.  Bryant also

4  specifically objects to this request on the ground that it is more properly directed

5  toward MGA, because it addresses matters within MGA's control, and that it is

6  therefore burdensome and oppressive as directed to Bryant.

7        Subject to and without waiving the foregoing general and specific

8  objections, Bryant responds to this request as follows:  Bryant admits that he has

9  conducted a search of documents he has produced in this case in an attempt to

10 locate documents that relate to focus group testing that occurred prior to March

11 2001 and admits that he is currently unable to locate any such document.

12 **REQUEST FOR ADMISSION NO. 41:**

13        Admit that YOU have produced one or more DOCUMENTS RELATING

14 TO focus group testing RELATING TO BRATZ which occurred prior to March

15 2001.

16 **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

17        Bryant incorporates by reference the above-stated general objections as if

18 fully set forth herein. Bryant objects to the terms "MGA", "RELATING TO" and

19 "BRATZ" and their definitions as vague and ambiguous.  Bryant also specifically

20 objects to this request on the grounds that the defined term "BRATZ" incorporates

21 many different categories of things—projects, products, dolls, and designs, or any

22 portion thereof, whether or not ever sold or marketed—which Bryant cannot

23 reasonably consider together, making the request compound.   Bryant also objects

24 to the definition of the term "BRATZ" as vague and ambiguous.  In responding to

25 this request, Bryant interprets the term "BRATZ" to mean the line of dolls

26 introduced by MGA to the market for sale and known today as "Bratz" and

27 subsequent dolls, accessories, and other products known as "Bratz" or associated

28 by MGA with the Bratz line of dolls.  Bryant also objects to this request as vague

42

EXHIBIT _5_ PAGE _302_

1  and ambiguous because the term "focus group testing" is not defined.  Bryant also

2  specifically objects to this request on the ground that it is more properly directed

3  toward MGA, because it addresses matters within MGA's control, and that it is

4  therefore burdensome and oppressive as directed to Bryant.

5          Subject to and without waiving the foregoing general and specific

6  objections, Bryant responds to this request as follows:  Bryant states that he has

7  conducted a search of documents he has produced in this case in an attempt to

8  locate documents that relate to focus group testing that occurred prior to March

9  2001, is currently unable to locate any such document, and on that basis denies the

10  request.

11  **REQUEST FOR ADMISSION NO. 42:**

12          Admit that YOU have not produced any DOCUMENTS RELATING TO

13  focus group testing RELATING TO BRATZ which occurred in the year 2000.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

15          Bryant incorporates by reference the above-stated general objections as if

16  fully set forth herein. Bryant objects to the terms "MGA", "RELATING TO" and

17  "BRATZ" and their definitions as vague and ambiguous.  Bryant also specifically

18  objects to this request on the grounds that the defined term "BRATZ" incorporates

19  many different categories of things—projects, products, dolls, and designs, or any

20  portion thereof, whether or not ever sold or marketed—which Bryant cannot

21  reasonably consider together, making the request compound.   Bryant also objects

22  to the definition of the term "BRATZ" as vague and ambiguous.  In responding to

23  this request, Bryant interprets the term "BRATZ" to mean the line of dolls

24  introduced by MGA to the market for sale and known today as "Bratz" and

25  subsequent dolls, accessories, and other products known as "Bratz" or associated

26  by MGA with the Bratz line of dolls.  Bryant also objects to this request as vague

27  and ambiguous because the term "focus group testing" is not defined.  Bryant also

28  specifically objects to this request on the ground that it is more properly directed

EXHIBIT __5__ PAGE __301__

1  toward MGA, because it addresses matters within MGA's control, and that it is
2  therefore burdensome and oppressive as directed to Bryant.
3      Subject to and without waiving the foregoing general and specific
4  objections, Bryant responds to this request as follows:  Bryant admits that he has
5  conducted a search of documents he has produced in this case in an attempt to
6  locate documents that relate to focus group testing that occurred in the year 2000
7  and admits that he is currently unable to locate any such document.
8  **REQUEST FOR ADMISSION NO. 43:**
9      Admit that YOU have produced one or more DOCUMENTS RELATING
10 TO focus group testing RELATING TO BRATZ which occurred in the year 2000.
11 **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**
12     Bryant incorporates by reference the above-stated general objections as if
13 fully set forth herein. Bryant objects to the terms "MGA", "RELATING TO" and
14 "BRATZ" and their definitions as vague and ambiguous.  Bryant also specifically
15 objects to this request on the grounds that the defined term "BRATZ" incorporates
16 many different categories of things—projects, products, dolls, and designs, or any
17 portion thereof, whether or not ever sold or marketed—which Bryant cannot
18 reasonably consider together, making the request compound.  Bryant also objects
19 to the definition of the term "BRATZ" as vague and ambiguous.  In responding to
20 this request, Bryant interprets the term "BRATZ" to mean the line of dolls
21 introduced by MGA to the market for sale and known today as "Bratz" and
22 subsequent dolls, accessories, and other products known as "Bratz" or associated
23 by MGA with the Bratz line of dolls.  Bryant also objects to this request as vague
24 and ambiguous because the term "focus group testing" is not defined.  Bryant also
25 specifically objects to this request on the ground that it is more properly directed
26 toward MGA, because it addresses matters within MGA's control, and that it is
27 therefore burdensome and oppressive as directed to Bryant.
28     Subject to and without waiving the foregoing general and specific

EXHIBIT __5__ PAGE 302

1  objections, Bryant responds to this request as follows: Bryant states that he has

2  conducted a search of documents he has produced in this case in an attempt to

3  locate documents that relate to focus group testing that occurred in the year 2000,

4  is currently unable to locate any such document, and on that basis denies the

5  request.

6  **REQUEST FOR ADMISSION NO. 44:**

7      Admit that the so-called "First Generation" BRATZ DOLLS marketed by

8  MGA and sold to the public in or about June 2001 were BASED ON one or more

9  of the BRATZ PITCH MATERIALS.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

11     Bryant incorporates by reference the above-stated general objections as if

12 fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

13 "BASED ON" and "BRATZ PITCH MATERIALS" and their definitions as vague,

14 ambiguous, and compound.  In responding to this request, Bryant interprets the

15 term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

16 market for sale and today known as "Bratz".  Bryant also objects to the term "First

17 Generation" as vague and ambiguous.  Bryant further objects to the term "BASED

18 ON" and its definition as vague and calling for a legal conclusion.   For purposes

19 of this request, Bryant interprets the term "BASED ON" to mean "copies of,

20 derivative of, or substantially similar to."

21     Subject to and without waiving the foregoing general and specific

22 objections, Bryant responds to this request as follows:  Bryant denies that the "First

23 Generation" line of dolls introduced by MGA to the market for sale in May or June

24 of 2001 and known as "Bratz" were copies of, derivative of, or substantially

25 similar to drawings and/or tangible items that Bryant presented to MGA prior to

26 entering into the "ASSIGNMENT AGREEMENT" with MGA, and on that basis

27 denies the request.

28

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 303

1  **REQUEST FOR ADMISSION NO. 45:**

2      Admit that the so-called "First Generation" BRATZ DOLLS marketed by

3  MGA and sold to the public in or about June 2001 were not BASED ON any of the

4  BRATZ PITCH MATERIALS.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

6      Bryant incorporates by reference the above-stated general objections as if

7  fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

8  "BASED ON" and "BRATZ PITCH MATERIALS" and their definitions as vague,

9  ambiguous, and compound. In responding to this request, Bryant interprets the

10 term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

11 market for sale and today known as "Bratz". Bryant also objects to the term "First

12 Generation" as vague and ambiguous. Bryant further objects to the term "BASED

13 ON" and its definition as vague and calling for a legal conclusion. For purposes

14 of this request, Bryant interprets the term "BASED ON" to mean "copies of,

15 derivative of, or substantially similar to."

16     Subject to and without waiving the foregoing general and specific

17 objections, Bryant responds to this request as follows: Bryant denies that the "First

18 Generation" line of dolls introduced by MGA to the market for sale in May or June

19 of 2001 and known as "Bratz" were copies of, derivative of, or substantially

20 similar to drawings and/or tangible items that Bryant presented to MGA prior to

21 entering into the "ASSIGNMENT AGREEMENT" with MGA, and on that basis

22 admits the request.

23 **REQUEST FOR ADMISSION NO. 46:**

24     Admit that the so-called "First Generation" BRATZ DOLLS marketed by

25 MGA and sold to the public in or about June 2001 were BASED ON one or more

26 of BRYANT'S BRATZ DESIGNS.

27 **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

28     Bryant incorporates by reference the above-stated general objections as if

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 304

1   fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

2   "BASED ON" and "BRYANT'S BRATZ DESIGNS" and their definitions as

3   vague, ambiguous, and compound.  In responding to this request, Bryant interprets

4   the term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

5   market for sale and today known as "Bratz".  Bryant also objects to the term "First

6   Generation" as vague and ambiguous.  Bryant further objects to the term "BASED

7   ON" and its definition as vague and calling for a legal conclusion.   For purposes

8   of this request, Bryant interprets the term "BASED ON" to mean "copies of,

9   derivative of, or substantially similar to."

10       Subject to and without waiving the foregoing general and specific

11   objections, Bryant responds to this request as follows:  Bryant denies that the "First

12   Generation" line of dolls introduced by MGA to the market for sale in May or June

13   of 2001 and known as "Bratz" were copies of, derivative of, or substantially

14   similar to drawings and/or tangible items that Bryant presented to MGA prior to

15   entering into the "ASSIGNMENT AGREEMENT" with MGA, and on that basis

16   denies the request.

17

18   **REQUEST FOR ADMISSION NO. 47:**

19       Admit that the so-called "First Generation" BRATZ DOLLS marketed by

20   MGA and sold to the public in or about June 2001 were not BASED ON any of

21   BRYANT'S BRATZ DESIGNS.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

23       Bryant incorporates by reference the above-stated general objections as if

24   fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

25   "BASED ON" and "BRYANT'S BRATZ DESIGNS" and their definitions as

26   vague, ambiguous, and compound.  In responding to this request, Bryant interprets

27   the term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

28   market for sale and today known as "Bratz".  Bryant also objects to the term "First

EXHIBIT 5 PAGE 303

1  Generation" as vague and ambiguous.  Bryant further objects to the term "BASED
2  ON" and its definition as vague and calling for a legal conclusion.   For purposes
3  of this request, Bryant interprets the term "BASED ON" to mean "copies of,
4  derivative of, or substantially similar to."
5       Subject to and without waiving the foregoing general and specific
6  objections, Bryant responds to this request as follows:  Bryant denies that the "First
7  Generation" line of dolls introduced by MGA to the market for sale in May or June
8  of 2001 and known as "Bratz" were copies of, derivative of, or substantially
9  similar to drawings and/or tangible items that Bryant presented to MGA prior to
10  entering into the "ASSIGNMENT AGREEMENT" with MGA, and on that basis
11  admits the request.

12  **REQUEST FOR ADMISSION NO. 48:**

13       Admit that the so-called "First Generation" BRATZ DOLLS marketed by
14  MGA and sold to the public in or about June 2001 were BASED ON one or more
15  of BRYANT'S BRATZ IDEAS.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

17       Bryant incorporates by reference the above-stated general objections as if
18  fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"
19  "BASED ON" and "BRYANT'S BRATZ IDEAS" and their definitions as vague,
20  ambiguous, and compound.  In responding to this request, Bryant interprets the
21  term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the
22  market for sale and today known as "Bratz".  Bryant also objects to the term "First
23  Generation" as vague and ambiguous. Bryant further objects to the term "BASED
24  ON" and its definition as vague and calling for a legal conclusion.   For purposes
25  of this request, Bryant interprets the term "BASED ON" to mean "copies of,
26  derivative of, or substantially similar to."
27       Subject to and without waiving the foregoing general and specific
28  objections, Bryant responds to this request as follows:  Bryant denies that the "First

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _5_ PAGE 306

Generation" line of dolls introduced by MGA to the market for sale in May or June of 2001 and known as "Bratz" were copies of, derivative of, or substantially similar to drawings and/or tangible items that Bryant presented to MGA prior to entering into the "ASSIGNMENT AGREEMENT" with MGA, and on that basis denies the request..

**REQUEST FOR ADMISSION NO. 49:**

Admit that the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the public in or about June 2001 were not BASED ON any of BRYANT'S BRATZ IDEAS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA," "BASED ON" and "BRYANT'S BRATZ IDEAS" and their definitions as vague, ambiguous, and compound. In responding to this request, Bryant interprets the term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the market for sale and today known as "Bratz". Bryant also objects to the term "First Generation" as vague and ambiguous. Bryant further objects to the term "BASED ON" and its definition as vague and calling for a legal conclusion. For purposes of this request, Bryant interprets the term "BASED ON" to mean "copies of, derivative of, or substantially similar to."

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: Bryant denies that the "First Generation" line of dolls introduced by MGA to the market for sale in May or June of 2001 and known as "Bratz" were copies of, derivative of, or substantially similar to drawings and/or tangible items that Bryant presented to MGA prior to entering into the "ASSIGNMENT AGREEMENT" with MGA, and on that basis admits the request.

EXHIBIT 5 PAGE 307

## REQUEST FOR ADMISSION NO. 50:

Admit that one or more "Subsequent Generation" BRATZ DOLLS marketed by MGA and sold to the public after June 2001, which differ in some manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the public in or about June 2001, were BASED ON one or more of the BRATZ PITCH MATERIALS.

## RESPONSE TO REQUEST FOR ADMISSION NO. 50:

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA," "BASED ON" and "BRATZ PITCH MATERIALS" and their definitions as vague, ambiguous, and compound. In responding to this request, Bryant interprets the term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the market for sale and today known as "Bratz". Bryant also objects to the terms "First Generation" and "Subsequent Generation" as vague and ambiguous. Bryant further objects to the term "BASED ON" and its definition as vague and calling for a legal conclusion. For purposes of this request, Bryant interprets the term "BASED ON" to mean "copies of, derivative of, or substantially similar to."

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: Bryant denies that the "Subsequent Generation" line of dolls introduced by MGA to the market for sale after May or June of 2001 and known as "Bratz" were copies of, derivative of, or substantially similar to drawings and/or tangible items that Bryant presented to MGA prior to entering into the "ASSIGNMENT AGREEMENT" with MGA, and on that basis denies the request.

## REQUEST FOR ADMISSION NO. 51:

Admit that all of the "Subsequent Generation" BRATZ DOLLS marketed by MGA and sold to the public after June 2001, which differ in some manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the

50

EXHIBIT __5__ PAGE 308

1 | public in or about June 2001, were not BASED ON any of the BRATZ PITCH

2 | MATERIALS.

3 | **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

4 | Bryant incorporates by reference the above-stated general objections as if

5 | fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

6 | "BASED ON" and "BRATZ PITCH MATERIALS" and their definitions as vague,

7 | ambiguous, and compound.  In responding to this request, Bryant interprets the

8 | term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

9 | market for sale and today known as "Bratz".  Bryant also objects to the terms

10 | "First Generation" and "Subsequent Generation" as vague and ambiguous.  Bryant

11 | further objects to the term "BASED ON" and its definition as vague and calling for

12 | a legal conclusion.   For purposes of this request, Bryant interprets the term

13 | "BASED ON" to mean "copies of, derivative of, or substantially similar to."

14 | Subject to and without waiving the foregoing general and specific

15 | objections, Bryant responds to this request as follows:  Bryant denies that the

16 | "Subsequent Generation" line of dolls introduced by MGA to the market for sale

17 | after May or June of 2001 and known as "Bratz" were copies of, derivative of, or

18 | substantially similar to drawings and/or tangible items that Bryant presented to

19 | MGA prior to entering into the "ASSIGNMENT AGREEMENT" with MGA, and

20 | on that basis admits the request.

21 | **REQUEST FOR ADMISSION NO. 52:**

22 | Admit that one or more "Subsequent Generation" BRATZ DOLLS marketed

23 | by MGA and sold to the public after June 2001, which differ in some manner from

24 | the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to

25 | the public in or about June 2001, were BASED ON one or more of BRYANT'S

26 | BRATZ DESIGNS.

27 | **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

28 | Bryant incorporates by reference the above-stated general objections as if

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 309

1   fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

2   "BASED ON" and "BRYANT BRATZ DESIGNS " and their definitions as vague,

3   ambiguous, and compound.  In responding to this request, Bryant interprets the

4   term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

5   market for sale and today known as "Bratz".  Bryant also objects to the terms

6   "First Generation" and "Subsequent Generation" as vague and ambiguous.  Bryant

7   further objects to the term "BASED ON" and its definition as vague and calling for

8   a legal conclusion.   For purposes of this request, Bryant interprets the term

9   "BASED ON" to mean "copies of, derivative of, or substantially similar to."

10          Subject to and without waiving the foregoing general and specific

11   objections, Bryant responds to this request as follows:  Bryant denies that the

12   "Subsequent Generation" line of dolls introduced by MGA to the market for sale

13   after May or June of 2001 and known as "Bratz" were copies of, derivative of, or

14   substantially similar to drawings and/or tangible items that Bryant presented to

15   MGA prior to entering into the "ASSIGNMENT AGREEMENT" with MGA, and

16   on that basis denies the request.

17   **REQUEST FOR ADMISSION NO. 53:**

18          Admit that the all of the "Subsequent Generation" BRATZ DOLLS

19   marketed by MGA and sold to the public after June 2001, which differ in some

20   manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

21   and sold to the public in or about June 2001, were not BASED ON any of

22   BRYANT'S BRATZ DESIGNS.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

24          Bryant incorporates by reference the above-stated general objections as if

25   fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

26   "BASED ON" and "BRYANT'S BRATZ DESIGNS" and their definitions as

27   vague, ambiguous, and compound.  In responding to this request, Bryant interprets

28   the term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

52

EXHIBIT 5 PAGE 310

1  market for sale and today known as "Bratz". Bryant also objects to the terms

2  "First Generation" and "Subsequent Generation" as vague and ambiguous. Bryant

3  further objects to the term "BASED ON" and its definition as vague and calling for

4  a legal conclusion.   For purposes of this request, Bryant interprets the term

5  "BASED ON" to mean "copies of, derivative of, or substantially similar to."

6        Subject to and without waiving the foregoing general and specific

7  objections, Bryant responds to this request as follows:  Bryant denies that the

8  "Subsequent Generation" line of dolls introduced by MGA to the market for sale

9  after May or June of 2001 and known as "Bratz" were copies of, derivative of, or

10  substantially similar to drawings and/or tangible items that Bryant presented to

11  MGA prior to entering into the "ASSIGNMENT AGREEMENT" with MGA, and

12  on that basis admits the request.

13  **REQUEST FOR ADMISSION NO. 54:**

14        Admit that one or more "Subsequent Generation" BRATZ DOLLS marketed

15  by MGA and sold to the public after June 2001, which differ in some manner from

16  the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to

17  the public in or about June 2001, were BASED ON one or more of BRYANT'S

18  BRATZ IDEAS.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

20        Bryant incorporates by reference the above-stated general objections as if

21  fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

22  "BASED ON" and "BRYANT'S BRATZ IDEAS" and their definitions as vague,

23  ambiguous, and compound.  In responding to this request, Bryant interprets the

24  term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

25  market for sale and today known as "Bratz". Bryant also objects to the terms

26  "First Generation" and "Subsequent Generation" as vague and ambiguous. Bryant

27  further objects to the term "BASED ON" and its definition as vague and calling for

28  a legal conclusion.   For purposes of this request, Bryant interprets the term

EXHIBIT ___5__ PAGE 3/1

1   "BASED ON" to mean "copies of, derivative of, or substantially similar to."

2       Subject to and without waiving the foregoing general and specific

3   objections, Bryant responds to this request as follows:  Bryant denies that the

4   "Subsequent Generation" line of dolls introduced by MGA to the market for sale

5   after May or June of 2001 and known as "Bratz" were copies of, derivative of, or

6   substantially similar to drawings and/or tangible items that Bryant presented to

7   MGA prior to entering into the "ASSIGNMENT AGREEMENT" with MGA, and

8   on that basis denies the request.

9   **REQUEST FOR ADMISSION NO. 55:**

10      Admit that the all of the "Subsequent Generation" BRATZ DOLLS

11  marketed by MGA and sold to the public after June 2001, which differ in some

12  manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

13  and sold to the public in or about June 2001, were not BASED ON any of

14  BRYANT'S BRATZ IDEAS.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

16      Bryant incorporates by reference the above-stated general objections as if

17  fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

18  "BASED ON" and "BRYANT'S BRATZ IDEAS" and their definitions as vague,

19  ambiguous, and compound.  In responding to this request, Bryant interprets the

20  term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

21  market for sale and today known as "Bratz".  Bryant also objects to the terms

22  "First Generation" and "Subsequent Generation" as vague and ambiguous.  Bryant

23  further objects to the term "BASED ON" and its definition as vague and calling for

24  a legal conclusion.   For purposes of this request, Bryant interprets the term

25  "BASED ON" to mean "copies of, derivative of, or substantially similar to."

26      Subject to and without waiving the foregoing general and specific

27  objections, Bryant responds to this request as follows:  Bryant denies that the

28  "Subsequent Generation" line of dolls introduced by MGA to the market for sale

EXHIBIT 5 PAGE 312

1  after May or June of 2001 and known as "Bratz" were copies of, derivative of, or

2  substantially similar to drawings and/or tangible items that Bryant presented to

3  MGA prior to entering into the "ASSIGNMENT AGREEMENT" with MGA, and

4  on that basis admits the request.

5  **REQUEST FOR ADMISSION NO. 56:**

6      Admit that the so-called "First Generation" BRATZ DOLLS marketed by

7  MGA and sold to the public in or about June 2001 were not BASED ON any

8  DESIGNS CREATED BY BRYANT prior to October 21, 2000.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

10     Bryant incorporates by reference the above-stated general objections as if

11  fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

12  "BASED ON", "DESIGNS", "CREATED", and "DESIGNS CREATED BY

13  BRYANT" and their definitions as vague, ambiguous, and compound.  In

14  responding to this request, Bryant interprets the term "BRATZ DOLLS" to mean

15  the line of dolls introduced by MGA to the market for sale and today known as

16  "Bratz".  Bryant also objects to the term "First Generation" as vague and

17  ambiguous.  Bryant further objects to the term "BASED ON" and its definition as

18  vague and calling for a legal conclusion.   For purposes of this request, Bryant

19  interprets the term "BASED ON" to mean "copies of, derivative of, or

20  substantially similar to."  Bryant also objects to the term "CREATED" and

21  "DESIGNS CREATED BY BRYANT" and their definitions as vague and

22  ambiguous, overbroad, calling for a legal conclusion and calling for speculation.

23     Subject to and without waiving the foregoing general and specific

24  objections, Bryant responds to this request as follows:  Bryant denies that the "First

25  Generation" line of dolls introduced by MGA to the market for sale in May or June

26  of 2001 and known as "Bratz" were copies of, derivative of, or substantially

27  similar to drawings and/or tangible items that Bryant made prior to October 21,

28  2000, and on that basis admits the request..

EXHIBIT 5 PAGE 313

**REQUEST FOR ADMISSION NO. 57:**

Admit that the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the public in or about June 2001 were BASED ON one or more DESIGNED CREATED BY BRYANT prior to October 21, 2000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA," "BASED ON", "DESIGNS", "CREATED", and "DESIGNS CREATED BY BRYANT" and their definitions as vague, ambiguous, and compound. In responding to this request, Bryant interprets the term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the market for sale and today known as "Bratz". Bryant also objects to the term "First Generation" as vague and ambiguous. Bryant further objects to the term "BASED ON" and its definition as vague and calling for a legal conclusion. For purposes of this request, Bryant interprets the term "BASED ON" to mean "copies of, derivative of, or substantially similar to." Bryant also objects to the term "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as vague and ambiguous, overbroad, calling for a legal conclusion and calling for speculation.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: Bryant denies that the "First Generation" line of dolls introduced by MGA to the market for sale in May or June of 2001 and known as "Bratz" were copies of, derivative of, or substantially similar to drawings and/or tangible items that Bryant made prior to October 21, 2000, and on that basis denies the request.

**REQUEST FOR ADMISSION NO. 58:**

Admit that all of the "Subsequent Generation" BRATZ DOLLS marketed by MGA and sold to the public after June 2001, which differ in some manner from the

56

EXHIBIT _5_ PAGE 314

so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the public in or about June 2001, were not BASED ON any DESIGNS CREATED BY BRYANT prior to October 21, 2000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA," "BASED ON", "DESIGNS", "CREATED", and "DESIGNS CREATED BY BRYANT" and their definitions as vague, ambiguous, and compound. In responding to this request, Bryant interprets the term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the market for sale and today known as "Bratz". Bryant also objects to the terms "First Generation" and "Subsequent Generation" as vague and ambiguous. Bryant further objects to the term "BASED ON" and its definition as vague and calling for a legal conclusion. For purposes of this request, Bryant interprets the term "BASED ON" to mean "copies of, derivative of, or substantially similar to." Bryant also objects to the term "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as vague and ambiguous, overbroad, calling for a legal conclusion and calling for speculation.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: Bryant denies that the "Subsequent Generation" line of dolls introduced by MGA to the market for sale after May or June of 2001 and known as "Bratz" were copies of, derivative of, or substantially similar to drawings and/or tangible items that Bryant made prior to October 21, 2000, and on that basis admits the request.

**REQUEST FOR ADMISSION NO. 59:**

Admit that one or more of the "Subsequent Generation" BRATZ DOLLS marketed by MGA and sold to the public after June 2001, which differ in some manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

57

EXHIBIT 5 PAGE 315

1  and sold to the public in or about June 2001, were BASED ON one or more

2  DESIGNS CREATED BY BRYANT prior to October 21, 2000.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

4        Bryant incorporates by reference the above-stated general objections as if

5  fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

6  "BASED ON", "DESIGNS", "CREATED", and "DESIGNS CREATED BY

7  BRYANT" and their definitions as vague, ambiguous, and compound.  In

8  responding to this request, Bryant interprets the term "BRATZ DOLLS" to mean

9  the line of dolls introduced by MGA to the market for sale and today known as

10  "Bratz".  Bryant also objects to the terms "First Generation" and "Subsequent

11  Generation" as vague and ambiguous.  Bryant further objects to the term "BASED

12  ON" and its definition as vague and calling for a legal conclusion.   For purposes

13  of this request, Bryant interprets the term "BASED ON" to mean "copies of,

14  derivative of, or substantially similar to."  Bryant also objects to the term

15  "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as

16  vague and ambiguous, overbroad, calling for a legal conclusion and calling for

17  speculation.

18        Subject to and without waiving the foregoing general and specific

19  objections, Bryant responds to this request as follows:  Bryant denies that the

20  "Subsequent Generation" line of dolls introduced by MGA to the market for sale

21  after May or June of 2001 and known as "Bratz" were copies of, derivative of, or

22  substantially similar to drawings and/or tangible items that Bryant made prior to

23  October 21, 2000, and on that basis denies the request.

24  **REQUEST FOR ADMISSION NO. 60:**

25        Admit that MGA's Copyright Registration No. VA 1-090-287, and any

26  corrections thereto, do not list any derivative works on which the copyrighted

27  material which is subject to that Registration is based other than the materials

28  subject to Copyright Registration No. VA 1-218-487.

EXHIBIT 5 PAGE 316

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

2       Bryant incorporates by reference the above-stated general objections as if

3   fully set forth herein. Bryant objects to the request on the grounds that the

4   Copyright Registration referenced in this request speaks for itself. Bryant further

5   objects that the terms "corrections" and "based" are vague, ambiguous, and

6   overbroad. Bryant also object to the Request as unintelligible. Bryant also objects

7   to the question as being harassing as posed to Bryant, as it is more properly

8   directed towards MGA.

9       Subject to and without waiving the foregoing general and specific

10  objections, Bryant responds to this request as follows: After reasonable inquiry,

11  Bryant has insufficient information or knowledge to enable him to admit or deny

12  this Request. Bryant notes, however, that MGA has provided a response to this

13  same request, and that Bryant has no information at this time to refute MGA's

14  response.

15  **REQUEST FOR ADMISSION NO. 61:**

16      Admit that the copyrighted material which is subject to Copyright

17  Registration No. VA-090-287 is not BASED ON any DESIGNS CREATED BY

18  BRYANT prior to October 21, 2000.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

20      Bryant incorporates by reference the above-stated general objections as if

21  fully set forth herein. Bryant objects to the terms "BASED ON", "DESIGNS

22  CREATED BY BRYANT", "DESIGNS", and "CREATED" and their definitions

23  as vague, ambiguous, and compound. Bryant further objects to the term "BASED

24  ON" and its definition as vague and calling for a legal conclusion. For purposes

25  of this request, Bryant interprets the term "BASED ON" to mean "copies of,

26  derivative of, or substantially similar to." Bryant also objects to the term

27  "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as

28  vague and ambiguous, overbroad, calling for a legal conclusion and calling for

EXHIBIT 5 PAGE 317

1  speculation.  Bryant also objects to the question as being harassing as posed to

2  Bryant, as it is more properly directed towards MGA.

3       Subject to and without waiving the foregoing general and specific

4  objections, Bryant responds to this request as follows:  After reasonable inquiry,

5  Bryant has insufficient information or knowledge to enable him to admit or deny

6  this Request.  Bryant notes, however, that MGA has provided a response to this

7  same request, and that Bryant has no information at this time to refute MGA's

8  response.

9  **REQUEST FOR ADMISSION NO. 62:**

10       Admit that the copyrighted material which is subject to Copyright

11  Registration No. VA 1-090-287 is not BASED ON any DESIGNS CREATED BY

12  BRYANT prior to October 21, 2000, other than the materials subject to Copyright

13  Registration No. VA 1-218-487.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

15       Bryant incorporates by reference the above-stated general objections as if

16  fully set forth herein.  Bryant objects to the terms "BASED ON", "DESIGNS

17  CREATED BY BRYANT", "DESIGNS", and "CREATED" and their definitions

18  as vague, ambiguous, and compound.   Bryant further objects to the term "BASED

19  ON" and its definition as vague and calling for a legal conclusion.   For purposes

20  of this request, Bryant interprets the term "BASED ON" to mean "copies of,

21  derivative of, or substantially similar to."  Bryant also objects to the term

22  "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as

23  vague and ambiguous, overbroad, calling for a legal conclusion and calling for

24  speculation.  Bryant also objects to the question as being harassing as posed to

25  Bryant, as it is more properly directed towards MGA.

26       Subject to and without waiving the foregoing general and specific

27  objections, Bryant responds to this request as follows:  After reasonable inquiry,

28  Bryant has insufficient information or knowledge to enable him to admit or deny

EXHIBIT ___5___ PAGE 318

1  this Request. Bryant notes, however, that MGA has provided a response to this
2  same request, and that Bryant has no information at this time to refute MGA's
3  response.

4  **REQUEST FOR ADMISSION NO. 63:**

5      Admit that MGA's Copyright Registration No. VA 1-090-288, and any
6  corrections thereto, do not list any derivative works on which the copyrighted
7  material which is subject to that Registration is based other than the materials
8  subject to Copyright Registration No. VA 1-218-488.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

10     Bryant incorporates by reference the above-stated general objections as if
11 fully set forth herein. Bryant objects to the request on the grounds that the
12 Copyright Registration referenced in this request speaks for itself. Bryant further
13 objects that the terms "corrections" and "based" are vague, ambiguous, and
14 overbroad. Bryant also object to the Request as unintelligible. Bryant also objects
15 to the question as being harassing as posed to Bryant, as it is more properly
16 directed towards MGA.

17     Subject to and without waiving the foregoing general and specific
18 objections, Bryant responds to this request as follows: After reasonable inquiry,
19 Bryant has insufficient information or knowledge to enable him to admit or deny
20 this Request. Bryant notes, however, that MGA has provided a response to this
21 same request, and that Bryant has no information at this time to refute MGA's
22 response.

23 **REQUEST FOR ADMISSION NO. 64:**

24     Admit that the copyrighted material which is subject to Copyright
25 Registration No. VA 1-090-288 is not BASED ON any DESIGNS CREATED BY
26 BRYANT prior to October 21, 2000.

27 **RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

28     Bryant incorporates by reference the above-stated general objections as if

61

EXHIBIT 5 PAGE 319

1  fully set forth herein.  Bryant objects to the terms "BASED ON", "DESIGNS

2  CREATED BY BRYANT", "DESIGNS", and "CREATED" and their definitions

3  as vague, ambiguous, and compound.   Bryant further objects to the term "BASED

4  ON" and its definition as vague and calling for a legal conclusion.   For purposes

5  of this request, Bryant interprets the term "BASED ON" to mean "copies of,

6  derivative of, or substantially similar to."  Bryant also objects to the term

7  "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as

8  vague and ambiguous, overbroad, calling for a legal conclusion and calling for

9  speculation.  Bryant also objects to the question as being harassing as posed to

10  Bryant, as it is more properly directed towards MGA.

11      Subject to and without waiving the foregoing general and specific

12  objections, Bryant responds to this request as follows:  After reasonable inquiry,

13  Bryant has insufficient information or knowledge to enable him to admit or deny

14  this Request.  Bryant notes, however, that MGA has provided a response to this

15  same request, and that Bryant has no information at this time to refute MGA's

16  response.

17

18  **REQUEST FOR ADMISSION NO. 65:**

19      Admit that the copyrighted material which is subject to Copyright

20  Registration No. VA 1-090-288 is not BASED ON any DESIGNS CREATED BY

21  BRYANT prior to October 21, 2000, other than the materials subject to Copyright

22  Registration No. VA 1-218-488.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

24      Bryant incorporates by reference the above-stated general objections as if

25  fully set forth herein.  Bryant objects to the terms "BASED ON", "DESIGNS

26  CREATED BY BRYANT", "DESIGNS", and "CREATED" and their definitions

27  as vague, ambiguous, and compound.   Bryant further objects to the term "BASED

28  ON" and its definition as vague and calling for a legal conclusion.   For purposes

EXHIBIT 5 PAGE 320

1  of this request, Bryant interprets the term "BASED ON" to mean "copies of,

2  derivative of, or substantially similar to."  Bryant also objects to the term

3  "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as

4  vague and ambiguous, overbroad, calling for a legal conclusion and calling for

5  speculation.  Bryant also objects to the question as being harassing as posed to

6  Bryant, as it is more properly directed towards MGA.

7          Subject to and without waiving the foregoing general and specific

8  objections, Bryant responds to this request as follows:  After reasonable inquiry,

9  Bryant has insufficient information or knowledge to enable him to admit or deny

10  this Request.  Bryant notes, however, that MGA has provided a response to this

11  same request, and that Bryant has no information at this time to refute MGA's

12  response.

13

14  **REQUEST FOR ADMISSION NO. 66:**

15          Admit that MGA's Copyright Registration No. VA 1-090-289, and any

16  corrections thereto, do not list any derivative works on which the copyrighted

17  material which is subject to that Registration is based other than the materials

18  subject to Copyright Registration No. VA 1-218-490.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

20          Bryant incorporates by reference the above-stated general objections as if

21  fully set forth herein.  Bryant objects to the request on the grounds that the

22  Copyright Registration referenced in this request speaks for itself.  Bryant further

23  objects that the terms "corrections" and "based" are vague, ambiguous, and

24  overbroad.  Bryant also object to the Request as unintelligible.  Bryant also objects

25  to the question as being harassing as posed to Bryant, as it is more properly

26  directed towards MGA.

27          Subject to and without waiving the foregoing general and specific

28  objections, Bryant responds to this request as follows:  After reasonable inquiry,

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 321

1   Bryant has insufficient information or knowledge to enable him to admit or deny

2   this Request.  Bryant notes, however, that MGA has provided a response to this

3   same request, and that Bryant has no information at this time to refute MGA's

4   response.

5   **REQUEST FOR ADMISSION NO. 67:**

6       Admit that the copyrighted material which is subject to Copyright

7   Registration No. VA 1-090-289 is not BASED ON any DESIGNS CREATED BY

8   BRYANT prior to October 21, 2000.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

10      Bryant incorporates by reference the above-stated general objections as if

11  fully set forth herein.  Bryant objects to the terms "BASED ON", "DESIGNS

12  CREATED BY BRYANT", "DESIGNS", and "CREATED" and their definitions

13  as vague, ambiguous, and compound.   Bryant further objects to the term "BASED

14  ON" and its definition as vague and calling for a legal conclusion.   For purposes

15  of this request, Bryant interprets the term "BASED ON" to mean "copies of,

16  derivative of, or substantially similar to."  Bryant also objects to the term

17  "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as

18  vague and ambiguous, overbroad, calling for a legal conclusion and calling for

19  speculation.  Bryant also objects to the question as being harassing as posed to

20  Bryant, as it is more properly directed towards MGA.

21      Subject to and without waiving the foregoing general and specific

22  objections, Bryant responds to this request as follows:  After reasonable inquiry,

23  Bryant has insufficient information or knowledge to enable him to admit or deny

24  this Request.  Bryant notes, however, that MGA has provided a response to this

25  same request, and that Bryant has no information at this time to refute MGA's

26  response.

27

28

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _5_ PAGE 322

**REQUEST FOR ADMISSION NO. 68:**

Admit that the copyrighted material which is subject to Copyright Registration No. VA 1-090-289 is not BASED ON any DESIGNS CREATED BY BRYANT prior to October 21, 2000, other than the materials subject to Copyright Registration No. VA 1-218-490.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant objects to the terms "BASED ON", "DESIGNS CREATED BY BRYANT", "DESIGNS", and "CREATED" and their definitions as vague, ambiguous, and compound. Bryant further objects to the term "BASED ON" and its definition as vague and calling for a legal conclusion. For purposes of this request, Bryant interprets the term "BASED ON" to mean "copies of, derivative of, or substantially similar to." Bryant also objects to the term "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as vague and ambiguous, overbroad, calling for a legal conclusion and calling for speculation. Bryant also objects to the question as being harassing as posed to Bryant, as it is more properly directed towards MGA.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: After reasonable inquiry, Bryant has insufficient information or knowledge to enable him to admit or deny this Request. Bryant notes, however, that MGA has provided a response to this same request, and that Bryant has no information at this time to refute MGA's response.

**REQUEST FOR ADMISSION NO. 69:**

Admit that MGA's Copyright Registration No. VA 1-090-290, and any corrections thereto, do not list any derivative works on which the copyrighted material which is subject to that Registration is based other than the materials

65

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 323

1  subject to Copyright Registration No. VA 1-218-491.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

3  Bryant incorporates by reference the above-stated general objections as if

4  fully set forth herein. Bryant objects to the request on the grounds that the

5  Copyright Registration referenced in this request speaks for itself.  Bryant further

6  objects that the terms "corrections" and "based" are vague, ambiguous, and

7  overbroad. Bryant also object to the Request as unintelligible.  Bryant also objects

8  to the question as being harassing as posed to Bryant, as it is more properly

9  directed towards MGA.

10  Subject to and without waiving the foregoing general and specific

11  objections, Bryant responds to this request as follows:  After reasonable inquiry,

12  Bryant has insufficient information or knowledge to enable him to admit or deny

13  this Request.  Bryant notes, however, that MGA has provided a response to this

14  same request, and that Bryant has no information at this time to refute MGA's

15  response.

16  **REQUEST FOR ADMISSION NO. 70:**

17  Admit that the copyrighted material which is subject to Copyright

18  Registration No. VA 1-090-290 is not BASED ON any DESIGNS CREATED BY

19  BRYANT prior to October 21, 2000.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

21  Bryant incorporates by reference the above-stated general objections as if

22  fully set forth herein. Bryant objects to the terms "BASED ON", "DESIGNS

23  CREATED BY BRYANT", "DESIGNS", and "CREATED" and their definitions

24  as vague, ambiguous, and compound.   Bryant further objects to the term "BASED

25  ON" and its definition as vague and calling for a legal conclusion.   For purposes

26  of this request, Bryant interprets the term "BASED ON" to mean "copies of,

27  derivative of, or substantially similar to." Bryant also objects to the term

28  "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as

1  vague and ambiguous, overbroad, calling for a legal conclusion and calling for

2  speculation. Bryant also objects to the question as being harassing as posed to

3  Bryant, as it is more properly directed towards MGA.

4       Subject to and without waiving the foregoing general and specific

5  objections, Bryant responds to this request as follows: After reasonable inquiry,

6  Bryant has insufficient information or knowledge to enable him to admit or deny

7  this Request. Bryant notes, however, that MGA has provided a response to this

8  same request, and that Bryant has no information at this time to refute MGA's

9  response.

10

11  **REQUEST FOR ADMISSION NO. 71:**

12       Admit that the copyrighted material which is subject to Copyright

13  Registration No. VA 1-090-290 is not BASED ON any DESIGNS CREATED BY

14  BRYANT prior to October 21, 2000, other than the materials subject to Copyright

15  Registration No. VA 1-218-491.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

17       Bryant incorporates by reference the above-stated general objections as if

18  fully set forth herein. Bryant objects to the terms "BASED ON", "DESIGNS

19  CREATED BY BRYANT", "DESIGNS", and "CREATED" and their definitions

20  as vague, ambiguous, and compound. Bryant further objects to the term "BASED

21  ON" and its definition as vague and calling for a legal conclusion. For purposes

22  of this request, Bryant interprets the term "BASED ON" to mean "copies of,

23  derivative of, or substantially similar to." Bryant also objects to the term

24  "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as

25  vague and ambiguous, overbroad, calling for a legal conclusion and calling for

26  speculation. Bryant also objects to the question as being harassing as posed to

27  Bryant, as it is more properly directed towards MGA.

28       Subject to and without waiving the foregoing general and specific

EXHIBIT 5 PAGE 325

1   objections, Bryant responds to this request as follows:  After reasonable inquiry,

2   Bryant has insufficient information or knowledge to enable him to admit or deny

3   this Request.  Bryant notes, however, that MGA has provided a response to this

4   same request, and that Bryant has no information at this time to refute MGA's

5   response.

6

7   Dated: February 4, 2008                    KEKER & VAN NEST, LLP

8

9

10                                            By: _____

11                                                 JOHN TRINIDAD
                                                  Attorneys for Plaintiff
                                                  CARTER BRYANT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 326

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On February 4, 2008, I served the following document(s):

**CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007**

by regular **UNITED STATES MAIL** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

| | |
|---|---|
| John B. Quinn | Thomas J. Nolan |
| Michael T. Zeller | Skadden Arps Slate Meagher & Flom |
| Quinn Emanuel Urquhart Oliver & | 300 South Grand Avenue, Suite 3400 |
| Hedges, LLP | Los Angeles, CA 90071-3144 |
| 865 South Figueroa Street, 10th Floor | Tel:  213/687-5000 |
| Los Angeles, CA 90017-2543 | Fax:  213/687-5600 |
| Tel:  213/443-3000 | Email:  tnolan@skadden.com |
| Fax:  213/443-3100 | |
| Email:  johnquinn@quinnemanuel.com | |
| Email:  michaelzeller@quinnemanuel.com | |

Alexander H. Cote
Overland Borenstein Scheper & Kim LLP
300 S. Grand Avenue, Suite 2750
Los Angeles, California 90071
Tel:  213/613-4660
Fax:  213/613-4656
Email :    acote@obsklaw.com

410578.01

1    Executed on February 4, 2008, at San Francisco, California.

2        I declare under penalty of perjury under the laws of the State of California

3    that the above is true and correct.

4                                                    *Julie Selby*

     JULIE A. SELBY

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

.

**EXHIBIT 6**

| | |
|---|---|
| 1 | THOMAS J. NOLAN (Bar No. 66992) |
| | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 2 | 300 South Grand Avenue |
| | Los Angeles, California  90071-3144 |
| 3 | Telephone:  (213) 687-5000 |
| | Facsimile:  (213) 687-5600 |
| 4 | E-mail:     tnolan@skadden.com |
| 5 | RAOUL D. KENNEDY (Bar No. 40892) |
| | TIMOTHY A. MILLER (Bar No. 154744) |
| 6 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | Four Embarcadero Center, 38th Floor |
| 7 | San Francisco, California  94111-5974 |
| | Telephone:  (415) 984-6400 |
| 8 | Facsimile:  (415) 984-2698 |
| | E-mail:     rkennedy@skadden.com |
| 9 | |
| 10 | Attorneys for Cross-Defendants |
| | MGA Entertainment, Inc., MGA Entertainment (HK) Limited, |
| 11 | MGAE De Mexico, S.R.L. De C.V., and ISAAC LARIAN |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| 15 | CARTER BRYANT, an individual | ) CASE NO. CV 04-9049 SGL (RNBx) |
| 16 | Plaintiff, | ) |
| | | ) Consolidated with Case No. 04-9059 |
| 17 | v. | ) and Case No. 05-2727 |
| 18 | MATTEL, INC., a Delaware | ) **STIPULATION REGARDING** |
| | corporation | ) **EXTENSION OF TIME TO** |
| 19 | | ) **RESPOND AND OBJECT TO** |
| | | ) **REQUESTS FOR ADMISSION** |
| 20 | Defendant. | ) |
| | | ) **[[Proposed] Order filed concurrently** |
| 21 | _____ | ) **herewith]** |
| | Consolidated with MATTEL, INC. v. | ) |
| 22 | BRYANT and MGA | ) |
| | ENTERTAINMENT, INC. v. | ) **Phase 1:** |
| 23 | MATTEL, INC. | ) Discovery Cut-Off:   January 28, 2008 |
| | | ) Pre-Trial Conference: May 5, 2008 |
| | _____ | ) Trial Date:           May 27, 2008 |

| | |
|---|---|
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

STIPULATION RE EXTENSION OF TIME TO RESPOND TO REQUESTS FOR ADMISSION

EXHIBIT  6  PAGE 329

1    WHEREAS, Mattel, Inc. ("Mattel") served the following sets of

2    Requests for Admission ("RFAs"): (i) Mattel's Second Set of Requests for

3    Admission Propounded to All Defendants ("Second Set to All Defendants"); (ii)

4    Mattel's Third Set of Requests for Admission Propounded to All Defendants ("Third

5    Set to All Defendants"); (iii) Mattel's Fourth Set of Requests for Admission

6    Propounded to All Defendants ("Fourth Set to All Defendants"); and (iv) Mattel's

7    First Set of Requests for Admission Propounded to MGA Entertainment, Inc., Carter

8    Bryant, MGA Entertainment (HK) Limited, and Isaac Larian; and

9    WHEREAS, the responses of Isaac Larian, MGA Entertainment, Inc.

10   ("MGA"), MGA Entertainment (HK) Limited ("MGA HK") and MGAE de Mexico

11   S.R.L. de C.V. ("MGA Mexico") to the above-referenced RFAs are currently due as

12   follows:  (i) responses to Second Set to All Defendants are currently due January 25,

13   2008; (ii)  responses to Third Set to All Defendants are currently due January 25,

14   2008; (iii) responses to Fourth Set to All Defendants  are currently due January 28,

15   2008); and (iv) responses to Mattel's First Set of Requests for Admission

16   Propounded to MGA Entertainment, Inc., Carter Bryant, MGA Entertainment (HK)

17   Limited, and Isaac Larian are currently due January 28, 2008; and

18   WHEREAS, the Phase I fact discovery cut-off is January 28, 2008; and

19   WHEREAS, a death in the family of Isaac Larian has prevented Mr.

20   Larian from participating in the preparation of responses to the above-referenced

21   RFAs; and

22   WHEREAS, Mattel has agreed to extend to and including February 4,

23   2008, the time for Isaac Larian, MGA, MGA HK and MGA Mexico to serve their

24   responses and objections to the First Set to All Defendants, the Second Set to All

25   Defendants, the Third Set to All Defendants and Mattel's First Set of Requests for

26   Admission Propounded to MGA Entertainment, Inc., Carter Bryant, MGA

27   Entertainment (HK) Limited, and Isaac Larian, to permit time for Mr. Larian to

28   participate in the preparation of responses to those requests; and

-1-

STIPULATION RE EXTENSION OF TIME TO RESPOND TO REQUESTS FOR ADMISSION

EXHIBIT _6_ PAGE 330

Case 2:04-cv-09049-DOC-RNB   Document 1983-4   Filed 02/07/08   Page 107 of 161   Page ID
#:29160
Case 2:04-cv-09049-SGL-RNB   Document 1651   Filed 01/25/2008   Page 3 of 4

1    WHEREAS, Larian, MGA, MGA HK and MGA Mexico agree that this
2    extension of time should not prejudice Mattel's ability to make a motion directed to
3    the sufficiency of those parties' responses to these discovery requests, should the
4    need arise and, thus, have agreed to extend any deadline for Mattel to make a motion
5    directed to the sufficiency of those responses by 10 days.
6    THEREFORE, the undersigned parties, through their undersigned
7    counsel, stipulate and agree as follows:
8        1.    The time for Larian, MGA, MGA HK and MGA Mexico to serve
9    their responses and objections to the following Requests for Admission is extended
10   to and including February 4, 2008:
11           (a)    Mattel's Second Set of Requests for Admission Propounded
12   to All Defendants;
13           (b)    Mattel's Third Set of Requests for Admission Propounded
14   to All Defendants;
15           (c)    Mattel's Fourth Set of Requests for Admission Propounded
16   to All Defendants; and
17           (d)    Mattel's First Set of Requests for Admission Propounded to
18   MGA Entertainment, Inc., Carter Bryant, MGA Entertainment (HK) Limited, and
19   Isaac Larian.
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28

-2-
STIPULATION RE EXTENSION OF TIME TO RESPOND TO REQUESTS FOR ADMISSION

EXHIBIT 6 PAGE 331

1          2.     Any limitation on the time for Mattel to file a motion directed to

2   the sufficiency of Larian's, MGA's, MGA HK's or MGA Mexico's responses to the

3   Requests for Admission identified in paragraph 1 will be extended by 10 days.

4

5          IT IS SO STIPULATED.

6

7

8   DATED:  January 25, 2008              SKADDEN, ARPS, SLATE, MEAGHER &
                                          FLOM, LLP

9
                                          By: _____/s/ Raoul D. Kennedy_____
10                                                  RAOUL D. KENNEDY

11                                        Attorneys for Cross-Defendants
                                          MGA Entertainment, Inc., MGA
12                                        Entertainment (HK) Limited,
                                          MGAE De Mexico, S.R.L. De C.V.,
13                                        and ISAAC LARIAN

14

15  DATED:  January 25, 2008              QUINN EMANUEL URQUHART OLIVER &
                                          HEDGES, LLP
16

17
                                          By: _____
18                                                CHRISTOPHER TAYBACK

19                                        Attorneys for Defendant Mattel, Inc.

20

21

22

23

24

25

26

27

28

-3-
STIPULATION RE EXTENSION OF TIME TO RESPOND TO REQUESTS FOR ADMISSION

EXHIBIT 6 PAGE 332

**EXHIBIT 7**

1 | KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
2 | MICHAEL H. PAGE - #154913
mpage@kvn.com
3 | CHRISTA M. ANDERSON - #184325
canderson@kvn.com
4 | MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
5 | JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
6 | AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
7 | 710 Sansome Street
San Francisco, CA  94111-1704
8 | Telephone: (415) 391-5400
Facsimile: (415) 397-7188
9
Attorneys for Plaintiff
10 | CARTER BRYANT

11

12

13 | UNITED STATES DISTRICT COURT

14 | CENTRAL DISTRICT OF CALIFORNIA

15 | EASTERN DIVISION

16 | CARTER BRYANT, an individual,

17 | Plaintiff,

18 | v.

19 | MATTEL, INC. a Delaware
Corporation,

20

21 | Defendant.

22 | CONSOLIDATED WITH MATTEL,
INC., v. BRYANT and MGA
23 | ENTERTAINMENT, INC. v.
MATTEL, INC.
24

25

26

27

28

Case No. CV 04-09049 SGL (RNBx)
(consolidated with CV 04-9059 & 05-2727

**ORDER RE STIPULATION REGARDING EXTENSION OF TIME TO RESPOND AND OBJECT TO REQUESTS FOR ADMISSION**

See Stip No. 1651

Dept:      Courtroom 1
Judge:     Hon. Stephen G. Larson

Date Comp. Filed:  April 13, 2005

Discovery Cut-Off: Jan. 28, 2008
Pre-Trial Conference:  May 5, 2008
Trial Date: May 27, 2008

1

EXHIBIT 7 PAGE 333

**ORDER**

1
2      Based on the stipulation of Mattel, Inc. ("Mattel") and Carter Bryant

3 ("Bryant") Regarding Extension of Time to Respond and Object to Requests For

4 Admission,

5      IT IS HEREBY ORDERED THAT:

6     1.    The Court approves the parties' stipulation that Bryant may respond

7 and object to certain Requests For Admission after the January 28, 2008, Phase 1

8 discovery cutoff. Accordingly, the time for Bryant to serve his responses and

9 objections to the following Requests for Admission is extended to and including

10 February 4, 2008:

11      (a)    Mattel's Second Set of Requests for Admission Propounded to

12 All Defendants;

13      (b)    Mattel's Third Set of Requests for Admission Propounded to

14 All Defendants;

15      (c)    Mattel's Fourth Set of Requests for Admission Propounded to

16 All Defendants; and

17      (d)    Mattel's First Set of Requests for Admission Propounded to

18 MGA Entertainment, Inc., Carter Bryant, MGA Entertainment (HK) Limited, and

19 Isaac Larian.

20     2.    Any limitation on the time for Mattel to file a motion directed to the

21 sufficiency of Bryant's responses to the Requests for Admission identified in

22 paragraph 1 will be extended by 10 calendar days.

23      IT IS SO ORDERED.

25 DATED: January 31, 2008

26 HON. STEPHEN J. LARSON
UNITED STATES DISTRICT JUDGE

.

**EXHIBIT 8**

CONFORMED COPY

FILED

BY:
U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
EASTERN DIVISION
2007 AUG 21  PM 2:00

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9                         EASTERN DIVISION

10

11  CARTER BRYANT, an individual,        CASE NO. C 04-09049 SGL (RNBx)
                                         JAMS Reference No.1100049530
12              Plaintiff,

13         v.                            Consolidated with
                                         Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation, Case No. CV 05-2727

15              Defendant.               ORDER GRANTING MATTEL'S
                                         MOTION TO COMPEL CARTER
16                                       BRYANT TO ANSWER REQUESTS
                                         FOR ADMISSION OR TO ORDER
17                                       REQUESTS ADMITTED; DENYING
                                         REQUEST FOR MONETARY
18                                       SANCTIONS

19  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
20  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
21

22

23                       I. INTRODUCTION

24      On June 26, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Compel Carter Bryant

25  To Answer Requests For Admission Or To Order Requests Admitted And For Monetary

26  Sanctions."  More specifically, Mattel seeks an order compelling Carter Bryant ("Bryant") to

27  answer Request Nos. 33, 34, 100, 106, 112, 118, 126, 127, 129, 131, 133, 135, 137, 139, 141 and

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                            1

EXHIBIT  6 PAGE 335

1    143 in Mattel's Third Set of Requests for Admission or an order that such Requests are deemed

2    admitted.  Mattel also seeks $3,500 in sanctions.  On July 3, 2007, Bryant submitted an opposition

3    brief, and on July 9, 2007, Mattel submitted a reply brief.  The matter was heard on August 13,

4    2007.  Having considered the motion papers and the comments of counsel at the hearing, Mattel's

5    motion to compel Bryant to answer requests for admission is granted and the request for sanctions

6    is denied.

7                                         II. BACKGROUND

8           In February of 2007, Mattel served its Third Set of Requests for Admission to Bryant (the

9    "Requests").  Among other things, the Requests seek information regarding:  (a) the timing of

10   meetings between Bryant and MGA regarding Bratz, work performed by Bryant on Bratz, designs

11   created by Bryant for Bratz and payments made to Bryant by MGA for Bratz; (b) the contract

12   between MGA and Bryant whereby Bryant purported to assign all of his rights, title and interest

13   in Bratz to MGA; and (c) whether specific Bratz works subject to copyright registrations are

14   derivative of other specific Bratz works.

15          In March of 2007, Bryant served his responses.  In response to some of the requests asking

16   Bryant to admit that certain works were derivative of other Bratz works[1], Bryant asserted

17   numerous objections, including that they "call[ed] for the disclosure of information subject to the

18   attorney-client privilege, the work product doctrine and other applicable privileges" and "call[ed]

19   for a legal conclusion."  See Bryant's Responses to Request Nos. 100, 106, 112, 118, 126, 127,

20   129, 131, 133, 135, 137, 139, 141 and 143, Kidman Decl., Ex. 2.  Bryant also responded that "the

21   information known or readily obtainable" by Bryant was "insufficient" to enable him to admit or

22   deny the requests.

23          Bryant also objected and refused to answer two requests for admission regarding the

24   validity and enforceability of his contract with MGA on the grounds that the requests called for a

25   "legal conclusion" and "the disclosure of information subject to the attorney-client privilege, the

26   ―――――――――――――――――――――――――――――――――――――――――――

27   [1]  Hereinafter, these requests are collectively referred to as the "requests for admission regarding derivative works."

28

1  work product doctrine, and other applicable privileges." <u>See</u> Bryant's Responses to Request Nos.

2  33 and 34, Kidman Decl., Ex. 2.

3      After meeting and conferring, Bryant agreed to provide supplemental responses to the

4  requests for admission regarding derivative works. Bryant, however, persisted in his objection to

5  the two requests regarding his contract with MGA on "legal conclusion" and privilege grounds.

6      Bryant served supplemental and amended responses on May 29, June 11, and June 29,

7  2007. With respect to the requests for admission regarding derivative works, Bryant's responses

8  consisted of objections on the grounds that the requests called for a legal conclusion and "for the

9  disclosure of information subject to the attorney-client privilege, the work product doctrine, and

10 other applicable privileges." <u>See</u> Bryant's Responses to Request Nos. 100, 106, 112, 118, 126,

11 127, 129, 131, 133, 135, 137, 139, 141 and 143, Kidman Decl., Ex. 6.

12     Mattel contends that MGA's objections and refusal to answer have no merit. More

13 specifically, Mattel contends that Rule 36, Fed.R.Civ.P., provides that requests for admission may

14 relate to the application of law to fact and the ultimate issues in the case. Mattel contends that

15 only requests to admit pure conclusions of law unrelated to the facts of the case are objectionable,

16 and that none of its requests for admission even remotely ask for pure questions of law. Further,

17 Mattel contends that Bryant's objection that the requests call for privileged information and work

18 product is without merit. Mattel argues that a party cannot avoid answering requests for

19 admission that involve the application of law to fact by claiming that it needs to confer with

20 counsel in order to do so. Mattel contends that to hold otherwise would effectively gut the

21 provision of Rule 36 authorizing such requests.

22     Bryant contends that Mattel's requests for admission improperly call for ultimate legal

23 conclusions, relying primarily upon <u>Playboy Enterprises, Inc. v. Welles</u>, 60 F.Supp.2d 1050, 1057

24 (S.D. Cal. 1999). Bryant also contends that the requests for admission are improper because they

25 seek information covered by the attorney-client privilege or joint defense privilege or the work

26 product doctrine. Bryant asserts that any legal opinion he may have of whether a work is

27 derivative of another inevitably will seek the legal opinions of, and communications from, his

28 counsel.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT 8 PAGE 337

### III. DISCUSSION

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission and provides, in pertinent part, that "[a] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request." Fed.R.Civ.P. 36(a).  Further, "[a] party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it." Id.

The Advisory Committee Notes to the 1970 Amendment to Rule 36 provide the following additional guidance:

> As revised, the subdivision provides that a request may be made to admit any matters within the scope of Rule 26(b) that relate to statements or opinions of fact or of the application of law to fact.  It thereby eliminates the requirement that the matters be "of fact."  This change resolves conflicts in the court decisions as to whether a request to admit matters of "opinion" and matters involving "mixed law and fact" is proper under the rule. . . .
>
> *   *   *
>
> Not only is it difficult as a practical matter to separate "fact" from "opinion," see 4 *Moore's Federal Practice* ¶36.04 (2d ed. 1966); cf. 2A Barron & Holtzoff, *Federal Practice and Procedure* 317 (Wright ed. 1961), but an admission on a matter of opinion may facilitate proof or narrow the issues or both. An admission of a matter involving the application of law to fact may, in a given case, even more clearly narrow the issues.  For example, an admission that an employee acted in the scope of his employment may remove a major issue from the trial.  In *McSparran v Hanigan,* [225 F. Supp. 628 (E.D. Pa. 1963)], plaintiff admitted that "the premises on which said accident occurred, were occupied or under the control" of one of the defendants, 225 F.Supp. at 636.  This admission, involving law as well as fact, removed one of the issues from the lawsuit and thereby reduced the proof required at trial.  The amended provision does not authorize requests for admissions of law unrelated to the facts of the case.

1970 Advisory Committee Notes to Rule 36, Fed.R.Civ.P.

<u>Nos. 100, 106, 112, 118, 126-127, 129, 131, 133, 135, 137, 139, 141, 143 re Derivative Works</u>

Mattel's requests for admission regarding derivative works all follow the same format. For example, Request for Admission No. 100 asks Bryant to "[a]dmit that the work registered as

EXHIBIT  8  PAGE  338

1    V A 1-090-287 is a derivative of the work registered as V A 1-218-487. Kidman Decl., Ex. 1, p.

2    21.

3          Rule 36 plainly states that requests for admission may "relate to statements or opinions of

4    fact or the application of law to fact." Mattel's requests for admission regarding derivative works

5    fall within this permissible category. Courts have required parties to answer requests for

6    admission similar to Mattel's requests. For example, in McSparran, supra, the plaintiff admitted

7    that "the premises on which said accident occurred, were occupied or under the control" of one of

8    the defendants. In Marchand v. Mercy Med. Ctr., 22 F.3d 933, 937 (9th Cir. 1994), the Ninth

9    Circuit found that a request to admit that defendant's care and treatment of plaintiff failed to

10   comply with the "applicable standards of care" was permissible. In First Options of Chicago, Inc.

11   v. Wallenstein, 1996 WL 729816 (E.D. Pa. 1996), the court ordered defendants to answer

12   requests to admit that they "owed a fiduciary duty" to certain creditors to preserve corporate

13   assets. Id. at *3. In Treister v. PNC Bank, 2007 WL 521935 (S.D. Fla. 2007), the court found

14   that a request for defendant to admit that it was not required to provide plaintiffs with copies of

15   cancelled checks drawn on their accounts "clearly calls for an application of law to fact." Id. at
     *2.

16         The cases relied upon by Bryant do not dictate a contrary result. Bryant cites to Playboy

17   Enterprises, Inc. v. Welles, 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999), where the court held that a

18   defendant could properly object and refuse to answer a request to (1) admit that she was a public

19   figure as defined in a Supreme Court case, and (2) admit that a specific contract provision

20   required her to obtain permission from Playboy Enterprises before using the designation

21   "Playmate of the Year." The holding, however, is debatable. One of the claims in the suit was

22   for defamation, which has different elements depending upon whether the party asserting

23   defamation is a public or non-public figure. Furthermore, whether a party is a public figure or

24   non-public figure could be reasonably characterized as a mixed question of fact and law. The

25   second request for an admission could also be reasonably characterized as a mixed question of

26   fact and law. "A party's *understanding* of the *meaning* or intent of a document is a statement of

27   fact. Thus, where the meaning of a document is at issue in the case, an RFA may seek the

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT _8_ PAGE _339_

1   admission or denial of the responding party's understanding of the *meaning or intent* of the

2   contract." See 11 Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ.Pro. Before

3   Trial, 11:2010 (The Rutter Group 2006) (emphasis in the original), citing Booth Oil Site Admin.

4   Group v. Safety-Kleen Corp., 194 F.R.D. 76, 80 (W.D. NY 2000).  In any event, the Playboy

5   decision is not binding precedent.

6         Bryant also cites to Google, Inc. v. Am. Blind & Wallpaper Factory, Inc., No. C03-4340,

7   2006 WL 3290402, at *2 (N.D. Cal. 2006).  In Google, the court concluded that a request

8   compelling defendant to admit that "under certain described circumstances no 'use' of American

9   Blind's trademarks would occur within the meaning of Lanham Act" was an impermissible

10   request for a conclusion of law, and therefore, defendant need not admit or deny, but could simply

11   respond with objections.  It is unclear, however, what the "certain described circumstances" might

12   have been in Google.  If the "certain described circumstances" to which the court referred were

13   purely hypothetical, then the Google decision is consistent with the admonition in the 1970

14   Advisory Committee Notes that Rule 36 "does not authorize requests for admission of law

     unrelated to the facts of the case."

15         Another case relied upon by Bryant, Disability Rights Council of Greater Washington v.

16   Washington Metropolitan Area Transit Authority, 234 F.R.D. 1, 3, (D. D.C. 2006), involved

17   purely legal conclusions, and therefore is distinguishable.  The last case relied upon by Bryant,

18   Photon, Inc. v. Harris Intertype, Inc., 28 F.R.D. 327, 328 (D. Mass. 1961), was issued well before

19   the 1970 amendments to Rule 36, and therefore is unreliable.

20         In sum, Mattel's requests for admission regarding derivative works are consistent with the

21   plain language of Rule 36 and several cases holding that requests for admission calling for

22   application of law to facts are permissible.  See e.g., Marchand, supra; First Options of Chicago,

23   Inc., supra; and Treister, supra.  Therefore, Bryant's "legal conclusion" objection is overruled.

24         Bryant's privilege and work product objections are also without merit.  The fact that

25   Bryant may need to consult with counsel to respond to the requests does not make the response

26   privileged.  To hold otherwise would effectively gut the provision of Rule 36 authorizing requests

27   that call for the application of law to fact.  See also Convergent Business Systems, Inc. v.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT  8 PAGE 340

1    Diamond Reporting, Inc., 1989 WL 92038, at *1 (E.D.N.Y. 1988) ("Seeking the facts and

2    documents which support a particular allegation in a complaint violates neither the attorney-client

3    or work product privileges.").

4         Mattel's motion is granted as to the requests for admission regarding derivative works.

5    Nos. 33 and 34 re Contract Between Bryant and MGA

6         Request No. 33 asks Bryant to "[a]dmit that YOU do not contest that the contract between

7    MGA and YOU attached as Exhibits 30 is valid." Request No. 34 similarly asks Bryant to

8    "[a]dmit that YOU do not contest that the contract between MGA and YOU attached as Exhibit

9    30 is enforceable."

10        These two requests for admission do not call for pure legal conclusions. Rather they are

11   akin to contention interrogatories that are routinely asked and answered. Therefore, Bryant's

12   objections to the requests are overruled and Bryant is ordered to admit or deny Request Nos. 33

     and 34 consistent with Rule 36(a), Fed.R.Civ.P.

13                                    IV. CONCLUSION

14        For the reasons set forth above, Mattel's motion to compel Bryant to answer requests for

15   admission is granted. Bryant shall admit or deny the requests in accordance with Rule 36(a),

16   Fed.R.Civ.P., no later than August 30, 2007. The request for sanctions is denied.

17        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

18   Master, Mattel shall file this Order with the Clerk of Court forthwith.

19

20   Dated: August 20 , 2007                    Edward Infante

21                                         HON. EDWARD A. INFANTE (Ret.)
                                               Discovery Master
22

23

24

25

26

27

28
     Bryant v. Mattel, Inc.,                                          7
     CV-04-09049 SGL (RNBx)

EXHIBIT __8__ PAGE 341

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 20, 2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL CARTER BRYANT TO ANSWER REQUESTS FOR ADMISSION OR TO ORDER REQUESTS ADMITTED; DENYING REQUEST FOR MONETARY SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 20, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT _8_ PAGE _342_

**EXHIBIT 9**



CONFORMED COPY

FILED

2007 AUG 21 PM 2:00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
EASTERN DIVISION

BY: _____

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:  (415) 774-2611
4  Facsimile:  (415) 982-5287

5

6

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9                    EASTERN DIVISION

10

11  CARTER BRYANT, an individual,      CASE NO. C 04-09049 SGL (RNBx)
                                       JAMS Reference No. 1100049530
12              Plaintiff,

13          v.                         Consolidated with
                                       Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,   Case No. CV 05-2727

15              Defendant.             ORDER GRANTING MATTEL'S
                                       MOTION TO COMPEL MGA TO
16                                     ANSWER REQUESTS FOR
                                       ADMISSION
17  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
18  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
19

20

21

22

23                    I. INTRODUCTION

24      On May 25, 2007, Mattel filed a "Motion To Compel MGA To Answer Requests For

25  Admission And To Compel Amended Answers Or Order Requests Admitted And For Monetary

26  Sanctions." On June 5, 2007, MGA filed an opposition, and on June 12, 2007, Mattel filed a

27  reply. Thereafter the motion was deferred pending the resolution of MGA's motion to dismiss

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                            1

EXHIBIT ___9___ PAGE 343

1   and completion of the meet and confer process. See Order Deferring Mattel's Motion to Compel
2   MGA to Answer Requests for Admission. On June 27, 2007, Judge Larson entered an order
3   denying MGA's motion to dismiss Mattel's trade secret claims, and on August 9, 2007, Mattel
4   submitted an updated Statement of Rule 37-1 Compliance. Also on August 9, 2007, the parties
5   submitted a joint statement indicating that they were able to resolve substantially all of the issues
6   raised in Mattel's motion. As a result of the parties' meet and confer efforts, only the following
7   requests for admission remain in dispute: Nos. 186-190, 192, 193, 199, 200, 206, 207, 213, 214,
8   222-224, 226, 228, 230, 232, 234, 236, 238 and 240 of Mattel's Third Set of Requests for
9   Admission. Mattel also continues to seek monetary sanctions with respect to the requests for
    admission identified above.
10
11          For the reasons set forth below, Mattel's motion to compel is granted and the motion for
    sanctions is denied.
12
                                           II. BACKGROUND
13
14          On February 28, 2007, Mattel propounded its Third Set of Requests for Admission
    to MGA (the "Requests for Admission"). Among other things, the requests for admission ask
15
    MGA to admit that certain copyrighted works are derivative of other Bratz works and that certain
16  copyrighted works are "substantially similar" to other Bratz works (Nos. 192, 193, 199, 200, 206,
17  207, 213, 214, 222-224, 226, 228, 230, 232, 234, 236, 238, and 240).[1] Other requests ask MGA
18  to admit certain facts pertaining to statements MGA made to the press about MGA's and Mattel's
19  labor practices (Nos. 186-190). The National Labor Committee issued a report titled "Made in
20  China: The Sweatshop Behind the Bratz" documenting "sweatshop" conditions and labor abuses
21  at the Hua Tai 4K factory in China where Bratz dolls are manufactured. According to Mattel,
22  MGA stated in a press release that "it is not familiar with the company named in the report," that
23  "MGA uses first rate factories in the orient to make its goods," and that "[t]he same factories
24  make products for the world's biggest toy manufacturers including Mattel." Associated Press

25  _____

26      [1]  Hereinafter, these requests are collectively referred to as the "requests for admission regarding copyright
    registrations."
27

28

EXHIBIT 9 PAGE 344

1    article dated December 22, 2006, Kidman Decl., Ex. 21. Mattel's requests for admission ask

2    MGA to admit that the Hua Tai 4k factory is one of the factories used by MGA to manufacture

3    Bratz dolls (No. 186), that MGA made the above-reference statements to the media (Nos. 187-

4    188), that as of the date of those statements, the Hua Tai 4K factory did not manufacture products

5    for Mattel (No. 189), and that MGA knew the Hua Tai 4K factory did not manufacture products

6    for Mattel (No. 190).

7         On March 30, 2007, MGA served its Responses objecting to the requests for admission

8    regarding copyright registrations on the grounds that they called for "a legal conclusion" and "the

9    disclosure of attorney-client privileged information or information protected from disclosure by

10   the work-product doctrine, joint defense or common interests privilege or other privilege."

11   Kidman Decl., Ex. 11. As for the remainder of the requests for admission at issue (Nos. 186-

12   190), MGA objected that the requests were "vague and ambiguous" and sought information that

13   was not relevant to any claim or defense in the suit. The instant motion ensued.

14        With respect to the requests for admission regarding copyright registrations, Mattel

15   contends that Rule 36, Fed.R.Civ.P., authorizes requests that call for a legal conclusion so long as

16   the legal conclusion relates to the facts of the case. Mattel contends that it has sued MGA for

17   copyright infringement, and therefore the requests for admission regarding copyright registrations

18   clearly relate to the facts of the case. Further, Mattel contends that MGA's privilege and work

19   product objections are without merit. Mattel argues that a party cannot avoid answering requests

20   for admission that involve the application of law to fact by claiming that it needs to confer with

21   counsel in order to do so. Mattel contends that to hold otherwise would effectively gut the

22   provision of Rule 36 authorizing such requests.

23        As to the remaining requests for admission, Mattel contends that they seek admissions that

24   are clearly relevant to its claim that MGA has engaged in unfair competition by, among other

25   things, "repeatedly issu[ing] false and misleading press releases" about Mattel. Mattel's

26   Counterclaim, ¶¶81 and 165, Kidman Decl., Ex. 7. Mattel also contends that the requests for

27   admission seek information relevant to Mattel's defenses to MGA's unfair competition claims

28   and causation of alleged damages on those claims. For example, Mattel contends that the requests

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT 9 PAGE 315

1  for admission could show that any decline in sales, lost profits or loss of goodwill and reputation

2  MGA seeks to attribute to Mattel's conduct was caused or contributed to the public's negative

3  reaction to MGA's alleged "sweatshop" labor practices.

4        In opposition, MGA stands by its objections that the requests for admission regarding

5  copyright registrations are improper because they call for a legal conclusion and require the

6  disclosure of information protected by the attorney-client privilege and work product doctrine.

7  MGA reasons that any knowledge it could have regarding whether copyright works are

8  "derivative" or "substantially similar" to other works must necessarily come from the opinions of

9  its counsel.

10        MGA contends that the remaining requests regarding its comments to the press are

11  irrelevant to any claim or defense. MGA points out that Mattel's counterclaims do not mention

12  any comments regarding the Hua Tai 4K factory or MGA's or Mattel's labor practices. Rather,

13  Mattel's counterclaims are based upon alleged comments by Isaac Larian regarding Mattel's

14  MyScene My Bling Bling dolls with real gems. Furthermore, MGA contends that the Request

15  Nos. 186-190 cannot support any defense against MGA's unfair competition claims because those

16  claims were filed well before the alleged press statements were made.

                                **III. DISCUSSION**

17        Rule 36 of the Federal Rules of Civil Procedure governs requests for admission and

18  provides, in pertinent part, that "[a] party may serve upon any other party a written request for the

19  admission, for purposes of the pending action only, of the truth of any matters within the scope of

20  Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the

21  application of law to fact, including the genuineness of any documents described in the request."

22  Fed.R.Civ.P. 36(a). Further, "[a] party who considers that a matter of which an admission has

23  been requested presents a genuine issue for trial may not, on that ground alone, object to the

24  request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons

25  why the party cannot admit or deny it." Id.

26        "Rule 36 serves two vital purposes, both of which are designed to reduce trial time.

27  Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)
                                                                       4

EXHIBIT 9 PAGE 346

1   from the case, and secondly, to narrow the issues by eliminating those that can be."  The Advisory

2   Committee Notes to the 1970 Amendment to Rule 36; see also Asea, Inc. v. Southern Pac.

3   Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981) ("The purpose of Rule 36(a) is to expedite trial

4   by establishing certain material facts as true and thus narrowing the range of issues for trial.").

5          The Advisory Committee Notes to the 1970 Amendment to Rule 36 provide the following

6   additional guidance:

7                  As revised, the subdivision provides that a request may be made to admit
           any matters within the scope of Rule 26(b) that relate to statements or opinions of
8          fact or of the application of law to fact.  It thereby eliminates the requirement that
           the matters be "of fact."  This change resolves conflicts in the court decisions as
9          to whether a request to admit matters of "opinion" and matters involving "mixed
           law and fact" is proper under the rule. . . .

10                                          *   *   *

11                 Not only is it difficult as a practical matter to separate "fact" from
           "opinion," see 4 Moore's Federal Practice ¶36.04 (2d ed. 1966); cf. 2A Barron &
12         Holtzoff, Federal Practice and Procedure 317 (Wright ed. 1961), but an
           admission on a matter of opinion may facilitate proof or narrow the issues or both.
13         An admission of a matter involving the application of law to fact may, in a given
           case, even more clearly narrow the issues.  For example, an admission that an
14         employee acted in the scope of his employment may remove a major issue from
           the trial.  In McSparran v Hanigan, [225 F. Supp. 628 (E.D. Pa. 1963)], plaintiff
15         admitted that "the premises on which said accident occurred, were occupied or
           under the control" of one of the defendants, 225 F.Supp. at 636.  This admission,
16         involving law as well as fact, removed one of the issues from the lawsuit and
           thereby reduced the proof required at trial.  The amended provision does not
17         authorize requests for admissions of law unrelated to the facts of the case.

18  1970 Advisory Committee Notes to Rule 36, Fed.R.Civ.P.

19         Requests For Admission re Copyright Registrations (Nos. 192, 193, 199,

20         200, 206, 207, 213, 214, 222-224, 226, 228, 230, 232, 234, 236, 238, and 240)

21         Mattel's requests for admission regarding copyright registrations are written in essentially

22  the same format.  For example, Request No. 192 asks MGA to "[a]dmit that the work registered

23  as VA 1-090-287 is a derivative of the work registered as VA 1-218-487."  Kidman Decl., Ex. 11.

24  Request No. 193 asks MGA to "[a]dmit that the work registered as VA 1-090-287 is substantially

25  similar to the work registered as VA 1-218-487."  Id.

26         Rule 36 plainly states that requests for admission may "relate to statements or opinions of

27  fact or the application of law to fact."  Mattel's requests for admission fall within this permissible

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                          5

EXHIBIT 9 PAGE 347

1  category.  Courts have required parties to answer requests for admission similar to Mattel's

2  requests.  For example, in <u>McSparran</u>, <u>supra</u>, the plaintiff admitted that "the premises on which

3  said accident occurred, were occupied or under the control" of one of the defendants.  In

4  <u>Marchand v. Mercy Med. Ctr.</u>, 22 F.3d 933, 937 (9th Cir. 1994), the Ninth Circuit found that a

5  request to admit that defendant's care and treatment of plaintiff failed to comply with the

6  "applicable standards of care" was permissible.  In <u>First Options of Chicago, Inc. v. Wallenstein</u>,

7  1996 WL 729816 (E.D. Pa. 1996), the court ordered defendants to answer requests to admit that

8  they "owed a fiduciary duty" to certain creditors to preserve corporate assets. <u>Id</u>. at *3.  In

9  <u>Treister v. PNC Bank</u>, 2007 WL 521935 (S.D. Fla. 2007), the court found that a request for

10  defendant to admit that it was not required to provide plaintiffs with copies of cancelled checks

11  drawn on their accounts "clearly calls for an application of law to fact." <u>Id</u>. at *2.

12      Despite the stated purpose of the 1970 amendments to Rule 36  to "resolve conflicts in the

13  court decisions as to whether a request to admit matters of 'opinion' and matters involving 'mixed

14  law and fact' is proper under the rule, there apparently continues to exist a split of authority.

15  MGA cites to several cases for the proposition that a request for admission calling for legal

16  conclusion is improper.  See e.g., <u>Playboy Enterprises, Inc. v. Welles</u>, 60 F.Supp.2d 1050 (S.D.

17  Cal. 1999) (defendant allowed to object to requests asking her to admit she was a public figure

18  and admit that a contract provision required her to obtain permission from plaintiff before using

19  "Playmate of the Year" because the requests asked for a conclusion of law); <u>Tulip Computers</u>

20  <u>Int'l. B.V. v. Dell Computer Corp.</u>, 210 F.R.D. 100, 108 (D. Del. 2002) ("Moreover, requests that

21  seek legal conclusions are not allowed under Rule 36."); <u>Border Collie Rescue, Inc. v. Ryan</u>, 418

22  F.Supp.2d 1330, n. 12 (M.D. Fla. 2006) (requests asking defendant to admit that he defamed

23  plaintiffs and "knowingly and maliciously published false statements of fact" concerning

24  plaintiffs deemed improper); <u>Tuvalu v. Woodford</u>, 2006 WL 3201096, at *7 (E.D. Cal. 2006)

25  ("[R]equests for admission should not be used . . . to demand that the other party admit the truth

26  of a legal conclusion, even if the conclusion is attached to operative facts. . ." ) (*quotations*

27  *omitted*); and <u>Fuentes v. Knowles</u>, 2007 WL 1946619, at *2 (E.D. Cal. 2007) (requests asking

28  defendant to admit that prisoners should be provided access to medical care, that defendant should

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT 9 PAGE 348

1   not delay access to care, and that defendant was aware of his responsibilities under certain

2   caselaw and statute were held improper as seeking "interpretations of law which is outside the

3   scope of defendant's knowledge" and legal conclusions). None of these cases are binding

4   authority, however. Furthermore, without knowing all of the factual circumstances that led to the

5   decisions in each of the cases cited above, it appears that most of them are inconsistent with the

6   plain language of Rule 36 and the guidelines set forth in the Advisory Committee Notes. See e.g.,

7   Playboy Enterprises, Inc., supra; Tulip, supra, Border Collie Rescue, Inc., supra. Rule 36

8   expressly allows requests for admission relating to "the application of law to fact." Fed.R.Civ.P.

9   36(a). Furthermore, the Advisory Committee Notes provide two examples of such requests: an

10  admission that an employee acted in the scope of his employment; and an admission that the

11  premises on which an accident occurred were occupied or under the control of a defendant. The

12  Advisory Committee Notes make it clear that these types of requests calling for legal conclusions

13  are permissible, and in doing so, distinguish the requests that call for admissions of law unrelated

14  to the facts of the case, which are not authorized.

15       Mattel's requests for admission regarding copyright registrations do not ask for pure

16  conclusions of law unrelated to the facts of the case, and MGA does not contend otherwise. Each

17  of Mattel's requests relates to the copyrighted works allegedly owned by MGA. Furthermore,

18  these requests are clearly designed to help narrow the issues for trial, which is a major purpose of

19  Rule 36. See 1970 Advisory Committee Notes to Rule 36, Fed.R.Civ.P. Therefore, MGA's

20  "legal conclusion" objection is overruled.

21       MGA's privilege and work product objections are also without merit. The fact that MGA

22  may need to consult with counsel to respond to the requests does not make the response

23  privileged. To hold otherwise would effectively gut the provision of Rule 36 authorizing requests

24  that call for the application of law to fact. See also Convergent Business Systems, Inc. v.

25  Diamond Reporting, Inc., 1989 WL 92038, at *1 (E.D.N.Y. 1988) ("Seeking the facts and

26  documents which support a particular allegation in a complaint violates neither the attorney-client

27  or work product privileges.").

28

EXHIBIT 9 PAGE 349

1    Mattel's motion is granted as to the requests for admission regarding copyright
2  registrations.

3

4    Requests for Admission re MGA's Alleged Statements To The Press (Nos. 186-190)

5    The requests for admission regarding MGA's alleged statements to the press seek relevant
6  information within the scope of Rule 26(b)(1), Fed.R.Civ.P. In its counterclaims, Mattel alleges
7  that MGA made false statements about Mattel's MyScene My Bling Bling products. Mattel
   further alleges that "[s]uch conduct is not an isolated incident. MGA and Larian, in an effort to
8  gain an unfair advantage, repeatedly issued false and misleading press releases." Mattel's
9  Counterclaims, ¶81, Kidman Decl. Ex. 7. Request Nos. 186-190 are directly relevant to MGA
10 and Larian's allegedly ongoing conduct. These requests for admission are also relevant to support
11 Mattel's defense against MGA's unfair competition claim. Mattel intends to show that the public
12 report regarding MGA's alleged "sweatshop" labor practices may have caused or contributed to
13 the decline in sales, profits, and dilution of goodwill and reputation allegedly caused by Mattel's
14 anticompetitive conduct.

15    Therefore, MGA's objection based upon relevancy is overruled and MGA is ordered to
16 admit or deny Request Nos. 186-190 consistent with Rule 36(a), Fed.R.Civ.P.

17                              IV. CONCLUSION

18    For the reasons set forth above, Mattel's motion to compel is granted. MGA shall provide
19 responses to the requests for admission no later than August 30, 2007. Mattel's motion for
20 sanctions is denied.

21    Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery
22 Master, Mattel shall file this Order with the Clerk of Court forthwith.

23

24 Dated:  August 20, 2007

25

26                              HON. EDWARD A. INFANTE (Ret.)
                                Discovery Master
27

28

Bryant v. Mattel, Inc.,                                                          8
CV-04-09049 SGL (RNBx)

EXHIBIT ___9___ PAGE 350

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 20, 2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL MGA TO ANSWER REQUESTS FOR ADMISSION in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 20, 2007, at San Francisco, California.

_Sandra Chan_

Sandra Chan

EXHIBIT 9 PAGE 351

**EXHIBIT 10**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT 11**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   February 6, 2008                    **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy A. Miller, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | 415-984-6400 | 415-984-2698 |

**FROM:**   B. Dylan Proctor, Esq.

**RE:**   *Mattel, Inc. v. Bryant*

**MESSAGE:**

FEB 0 6 2008

07209/2337346.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Suzanne Johnson - 10 | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | PRISCILLA | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT _11_ PAGE 358

```
*********************
***  TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO            3001
RECIPIENT ADDRESS   76706#7209#14159842698
DESTINATION ID
ST. TIME            02/06 15:10
TIME USE            00'56
PAGES SENT          3
RESULT              OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 8th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**    February 6, 2008

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy A. Miller, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | 415-984-6400 | 415-984-2698 |

**FROM:**    B. Dylan Proctor, Esq.

**RE:**    *Mattel, Inc. v. Bryant*

**MESSAGE:**

EXHIBIT __11__ PAGE 359

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

February 6, 2008

<u>**VIA FACSIMILE AND U.S. MAIL**</u>

Timothy Miller, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111

Re:   <u>Mattel v. Bryant</u>

Dear Counsel:

I am writing to request an immediate meet and confer regarding the responses of MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian (collectively the "MGA Defendants") to Mattel's First Set of Requests for Admission to MGA Entertainment, Inc., Carter Bryant, MGA Entertainment (HK) Limited, and Isaac Larian ("Requests"). All three sets of responses fail to properly respond to Mattel's Requests and should be supplemented.

For example, the MGA Defendants have failed to provide responsive answers to Request Nos. 29-35, which ask whether David Rosenbaum was an authorized agent of MGA regarding various matters. Additionally, Request Nos. 31-32 ask whether David Rosenbaum acted as an authorized agent of MGA in the year 2000 insofar as he performed services relating to Bryant, and Request Nos. 33-34 ask whether Rosenbaum was an authorized agent insofar as he performed services relating to Bratz. However, regardless of which services Mattel's Requests specify, the MGA Defendants provide the same answer: that MGA retained David Rosenbaum in 2000 to perform legal services for MGA in connection with the "Assignment Agreement." This answer is clearly not responsive.

EXHIBIT _LL_ PAGE 360

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2379779.1

The MGA Defendants have also failed to provide responsive answers to Requests regarding MGA's Copyright registrations (Request Nos. 60, 63, 66, and 69).  For example, Request No. 60 seeks an admission that MGA's Copyright Registration No. VA 1-090-287 does not list any derivative works on which the copyrighted material which is subject to that Registration is based on other than the materials subject to Copyright Registration No. VA 1-218-487.  Rather than admit or deny this Request, the MGA Defendants provide a non-responsive narrative regarding whether the material that is the subject of the Copyright Registration is <u>actually</u> derivative of the materials subject to Copyright Registration No. VA 1-218-487 and in what manner.  This is improper.

The remainder of the MGA Defendants' responses, including, but not limited to responses to Request Nos. 5-8, 15-16, 19-28, 44-47, 52-55, and 58-59 are similarly non-responsive and should be supplemented.

Please let me know when the MGA Defendants are available for an immediate meet and confer.  If we cannot resolve this matter, Mattel contemplates bringing a motion to compel complete, proper responses.  I look forward to hearing from you.

Very truly yours,

B. Dylan Proctor

07209/2379779.1

**EXHIBIT 12**

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER
SAN FRANCISCO, CALIFORNIA 94111-4144

TELEPHONE No.: (415) 984-6400
FACSIMILE No.: (415) 984-2698

DIRECT FACSIMILE No: 415-984-2698
EMAIL: tmiller@skadden.com

## FACSIMILE TRANSMITTAL SHEET

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

| | | | |
|---|---|---|---|
| NAME: | B. Dylan Proctor, Esq. | | |
| FIRM: | Quinn Emanuel | | |
| CITY: | Los Angeles | DATE: | February 6, 2008 |
| TELEPHONE No.: | 213-443-3000 | | |
| FACSIMILE No.: | 213-443-3100 | | |
| FROM: | Timothy A. Miller | FLR/RM: | 37 |
| | | DIRECT DIAL: | 415-984-2647 |

TOTAL NUMBER OF PAGES INCLUDING COVER(S):                2

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL
INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR
COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY
TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS
YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

MESSAGE: *Mattel v. Bryant, et al.*: Please see February 6, 2008, letter from Timothy A. Miller.

201849-San Francisco Server 1A - MSW

EXHIBIT 12 PAGE 362

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### FOUR EMBARCADERO CENTER
### SAN FRANCISCO, CALIFORNIA 94111-4144

TEL: (415) 984-6400
FAX: (415) 984-2698
http://www.skadden.com

DIRECT DIAL
415-984-2647
DIAL ADDRESS
TMILLER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
PALO ALTO
RESTON
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

February 6, 2008

Via E-Mail and Facsimile

Dylan Proctor, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE:   Mattel v. Bryant, et al.

Dear Dylan:

I received your letter dated February 6, 2008, requesting an
"immediate" conference of counsel regarding the Objections and Responses to
Mattel's "First" Set of Requests for Admission to MGA Entertainment, Inc., Carter
Bryant, MGA Entertainment (HK) Ltd. and Isaac Larian.

Your letter claims that each set of RFA responses is deficient and
goes on to raise a series of issues with respect to certain RFA responses. The
Discovery Master Stipulation does not permit demands for an "immediate" meet and
confer. The Discovery Master Stipulation requires only that the parties meet and
confer within five court days of receipt of a proper meet and confer letter. As you
well know, we are not available for an immediate meet and confer because, as you
know, we are in the midst of briefing multiple motions filed by Mattel at the very
end of the Phase 1 discovery period and preparing for the February 11 hearing before
Judge Infante. We could be prepared to meet and confer any time on Monday
afternoon, which is three court days after the receipt of your letter.

Very truly yours,

Timothy A. Miller

203860-San Francisco Server 1A - MSW

EXHIBIT 12 PAGE 363

**EXHIBIT 13**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**    February 6, 2008

**NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy A. Miller, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | 415-984-6400 | 415-984-2698 |

**FROM:**    B. Dylan Proctor, Esq.

**RE:**    *Mattel, Inc. v. Bryant*

**MESSAGE:**

FEB 0 6 2008

EXHIBIT 13 PAGE 364

| | | ROUTE/ | | ☒ CONFIRM FAX |
|---|---|---|---|---|
| CLIENT # | 7209 | RETURN TO: | **Suzanne Johnson - 10** | ☒ INCLUDE CONF. REPORT |
| OPERATOR: | | | CONFIRMED?   ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

```
                    *********************
                    ***   TX REPORT   ***
                    *********************

   TRANSMISSION OK

   TX/RX NO              0062
   RECIPIENT ADDRESS     76706#7209#14159842698
   DESTINATION ID
   ST. TIME              02/06 18:11
   TIME USE              01'01
   PAGES SENT            2
   RESULT                OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**    February 6, 2008                   **NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy A. Miller, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | 415-984-6400 | 415-984-2698 |

**FROM:**    B. Dylan Proctor, Esq.

**RE:**    *Mattel, Inc. v. Bryant*

**MESSAGE:**

EXHIBIT  13  PAGE  365

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

February 6, 2008

**VIA FACSIMILE AND U.S. MAIL**

Timothy A. Miller, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center Suite 3800
San Francisco, California 94111

Re:   Mattel v. Bryant

Dear Counsel:

I write in response to your letter of this afternoon.  As you know, the parties agreed that Mattel has three days to resolve issues arising from the MGA Defendants' deficient responses to Mattel's Requests for Admission, and/or to move to compel proper responses.  Because the MGA Defendants refuse to meet and confer regarding their responses, Mattel will move to compel to preserve its rights.  Mattel acknowledges the Defendants' refusal and will inform the Court of the same.

Very truly yours,

B. Dylan Proctor

07209/2380512.1

EXHIBIT _13_ PAGE _366_

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2380512.1

**EXHIBIT 14**

---

**From:** Miller, Timothy A [mailto:Timothy.Miller@skadden.com]
**Sent:** Wednesday, February 06, 2008 7:10 PM
**To:** Dylan Proctor
**Cc:** Kennedy, Raoul D (SFC); Nolan, Thomas J (LAC); Eckles, Paul M (NYC); Mumford, Marcus R (LAC)
**Subject:** Mattel v. Bryant

Dylan:

You write letters very quickly. I received the attached letter from you in what seemed like only moments after I pushed the send button on my email to you.

I am not aware of the agreement to which you refer. I am aware of the attached stipulation, signed by Chris Tayback of your firm, regarding the extention of time to respond to several sets of RFAs. Is this the agreement that you are referring to?

Tim

**Timothy A. Miller**
**Skadden, Arps, Slate, Meagher & Flom LLP**
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Direct Dial: 415-984-2647

EXHIBIT _14_ PAGE _367_

2/7/2008

Fax: 415-984-2698
tmiller@skadden.com

---------------------------------------------------------------------------
*************************************************** To ensure compliance with Treasury
Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice
contained in this message was not intended or written to be used, and cannot be used, for the purpose of
(i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law
provisions or (ii) promoting, marketing or recommending to another party any tax-related matters
addressed herein. ***************************************************
*************************************************** This email and any attachments
thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged
and/or confidential information. If you are not the intended recipient of this email, you are hereby
notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly
prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and
permanently delete the original copy and any copy of any email, and any printout thereof. Further
information about the firm, a list of the Partners and their professional qualifications will be provided
upon request. ***************************************************
---------------------------------------------------------------------------

EXHIBIT _14_ PAGE 368

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**RECEIVED**
FROM FAX DEPARTMENT

FEB 0 6 2008

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

**DATE:**  February 6, 2008

**NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy A. Miller, Esq. | 415-984-6400 | 415-984-2698 |
| Skadden, Arps, Slate, Meagher & Flom LLP | | |



EXHIBIT 14 PAGE 369

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

February 6, 2008

**VIA FACSIMILE AND U.S. MAIL**

Timothy A. Miller, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center Suite 3800
San Francisco, California 94111

Re:     Mattel v. Bryant

Dear Counsel:

I write in response to your letter of this afternoon.  As you know, the parties agreed that Mattel
has three days to resolve issues arising from the MGA Defendants' deficient responses to
Mattel's Requests for Admission, and/or to move to compel proper responses.  Because the MGA
Defendants refuse to meet and confer regarding their responses, Mattel will move to compel to
preserve its rights.  Mattel acknowledges the Defendants' refusal and will inform the Court of the
same.

Very truly yours,

B. Dylan Proctor

07209/2380512.1

EXHIBIT _14_ PAGE _370_

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2380512.1

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone: (213) 687-5000
   Facsimile: (213) 687-5600
4  E-mail:    tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   TIMOTHY A. MILLER (Bar No. 154744)
6  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   Four Embarcadero Center, 38th Floor
7  San Francisco, California 94111-5974
   Telephone: (415) 984-6400
8  Facsimile: (415) 984-2698
   E-mail:    rkennedy@skadden.com
9

10 Attorneys for Cross-Defendants
   MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
11 MGAE De Mexico, S.R.L. De C.V., and ISAAC LARIAN

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14                          EASTERN DIVISION

15 CARTER BRYANT, an individual        )  CASE NO. CV 04-9049 SGL (RNBx)
                                       )
16               Plaintiff,            )  Consolidated with Case No. 04-9059
                                       )  and Case No. 05-2727
17        v.                           )
                                       )  STIPULATION REGARDING
18 MATTEL, INC., a Delaware            )  EXTENSION OF TIME TO
   corporation                         )  RESPOND AND OBJECT TO
19                                     )  REQUESTS FOR ADMISSION
                 Defendant.            )
20                                     )  [[Proposed] Order filed concurrently
                                       )  herewith]
21 Consolidated with MATTEL, INC. v.   )
   BRYANT and MGA                      )
22 ENTERTAINMENT, INC. v.              )  Phase 1:
   MATTEL, INC.                        )  Discovery Cut-Off:    January 28, 2008
23                                     )  Pre-Trial Conference: May 5, 2008
                                       )  Trial Date:           May 27, 2008
24
25
26
27
28

       STIPULATION RE EXTENSION OF TIME TO RESPOND TO REQUESTS FOR ADMISSION

EXHIBIT 14 PAGE 371

1         WHEREAS, Mattel, Inc. ("Mattel") served the following sets of

2 Requests for Admission ("RFAs"): (i) Mattel's Second Set of Requests for

3 Admission Propounded to All Defendants ("Second Set to All Defendants"); (ii)

4 Mattel's Third Set of Requests for Admission Propounded to All Defendants ("Third

5 Set to All Defendants"); (iii) Mattel's Fourth Set of Requests for Admission

6 Propounded to All Defendants ("Fourth Set to All Defendants"); and (iv) Mattel's

7 First Set of Requests for Admission Propounded to MGA Entertainment, Inc., Carter

8 Bryant, MGA Entertainment (HK) Limited, and Isaac Larian; and

9         WHEREAS, the responses of Isaac Larian, MGA Entertainment, Inc.

10 ("MGA"), MGA Entertainment (HK) Limited ("MGA HK") and MGAE de Mexico

11 S.R.L. de C.V. ("MGA Mexico") to the above-referenced RFAs are currently due as

12 follows: (i) responses to Second Set to All Defendants are currently due January 25,

13 2008; (ii) responses to Third Set to All Defendants are currently due January 25,

14 2008; (iii) responses to Fourth Set to All Defendants are currently due January 28,

15 2008); and (iv) responses to Mattel's First Set of Requests for Admission

16 Propounded to MGA Entertainment, Inc., Carter Bryant, MGA Entertainment (HK)

17 Limited, and Isaac Larian are currently due January 28, 2008; and

18         WHEREAS, the Phase I fact discovery cut-off is January 28, 2008; and

19         WHEREAS, a death in the family of Isaac Larian has prevented Mr.

20 Larian from participating in the preparation of responses to the above-referenced

21 RFAs; and

22         WHEREAS, Mattel has agreed to extend to and including February 4,

23 2008, the time for Isaac Larian, MGA, MGA HK and MGA Mexico to serve their

24 responses and objections to the First Set to All Defendants, the Second Set to All

25 Defendants, the Third Set to All Defendants and Mattel's First Set of Requests for

26 Admission Propounded to MGA Entertainment, Inc., Carter Bryant, MGA

27 Entertainment (HK) Limited, and Isaac Larian, to permit time for Mr. Larian to

28 participate in the preparation of responses to those requests; and

-1-

STIPULATION RE EXTENSION OF TIME TO RESPOND TO REQUESTS FOR ADMISSION

EXHIBIT 14 PAGE 372

Case 2:04-cv-09049-DOC-RNB   Document 1983-4   Filed 02/07/08   Page 152 of 161   Page ID
#:29205
Case 2:04-cv-09049-SGL-RNB   Document 1651   Filed 01/25/2008   Page 3 of 4

1    WHEREAS, Larian, MGA, MGA HK and MGA Mexico agree that this

2  extension of time should not prejudice Mattel's ability to make a motion directed to

3  the sufficiency of those parties' responses to these discovery requests, should the

4  need arise and, thus, have agreed to extend any deadline for Mattel to make a motion

5  directed to the sufficiency of those responses by 10 days.

6    THEREFORE, the undersigned parties, through their undersigned

7  counsel, stipulate and agree as follows:

8    1.    The time for Larian, MGA, MGA HK and MGA Mexico to serve

9  their responses and objections to the following Requests for Admission is extended

10  to and including February 4, 2008:

11        (a)    Mattel's Second Set of Requests for Admission Propounded

12  to All Defendants;

13        (b)    Mattel's Third Set of Requests for Admission Propounded

14  to All Defendants;

15        (c)    Mattel's Fourth Set of Requests for Admission Propounded

16  to All Defendants; and

17        (d)    Mattel's First Set of Requests for Admission Propounded to

18  MGA Entertainment, Inc., Carter Bryant, MGA Entertainment (HK) Limited, and

19  Isaac Larian.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

-2-
STIPULATION RE EXTENSION OF TIME TO RESPOND TO REQUESTS FOR ADMISSION

EXHIBIT 14 PAGE 373

1          2.      Any limitation on the time for Mattel to file a motion directed to

2    the sufficiency of Larian's, MGA's, MGA HK's or MGA Mexico's responses to the

3    Requests for Admission identified in paragraph 1 will be extended by 10 days.

4

5                    IT IS SO STIPULATED.

6

7
     DATED: January 25, 2008            SKADDEN, ARPS, SLATE, MEAGHER &
8                                       FLOM, LLP

9
                                        By:  _____/s/ Raoul D. Kennedy_____
10                                            RAOUL D. KENNEDY

11                                      Attorneys for Cross-Defendants
                                        MGA Entertainment, Inc., MGA
12                                      Entertainment (HK) Limited,
                                        MGAE De Mexico, S.R.L. De C.V.,
13                                      and ISAAC LARIAN

14

15
     DATED: January 25, 2008            QUINN EMANUEL URQUHART OLIVER &
16                                      HEDGES, LLP

17
                                        By: _Christopher Tayback / with permission
18                                           _____by THM_____
                                             CHRISTOPHER TAYBACK
19
                                        Attorneys for Defendant Mattel, Inc.
20

21

22

23

24

25

26

27

28

                                       -3-

EXHIBIT _14_ PAGE _374_

**EXHIBIT 15**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**    February 6, 2008                    **NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy A. Miller, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | 415-984-6400 | 415-984-2698 |

**FROM:**    B. Dylan Proctor, Esq.

**RE:**    *Mattel, Inc. v. Bryant*

**MESSAGE:**



EXHIBIT _15_ PAGE 375

07209/2380541.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Suzanne Johnson – 10 | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED? | ☐ NO  ☐ YES: |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

Confirmation Report - Memory Send

```
                              Page       : 001
                              Date & Time: 02-06-2008   19:32
                              Line 1     : 2134433100
                              Line 2     :
                              Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 623 |
| Date | : | 02-06  19:31 |
| To | : | ☎00098#07209#14159842698 |
| Number of pages | : | 002 |
| Start time | : | 02-06  19:31 |
| End time | : | 02-06  19:32 |
| Pages sent | : | 002 |
| Status | : | OK |

Job number   : 623        *** SEND SUCCESSFUL ***

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 9th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
Facsimile: +81 3 5561-1711

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:    February 6, 2008                    NUMBER OF PAGES, INCLUDING COVER: 2

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy A. Miller, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | 415-984-6400 | 415-984-2698 |

FROM:    B. Dylan Proctor, Esq.

RE:      *Mattel, Inc. v. Bryant*

MESSAGE:

| 07209/2380541.1 | | | | |
|---|---|---|---|---|
| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Suzanne Johnson - 10 | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
| OPERATOR: | | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT *15* PAGE 376

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

February 6, 2008

**VIA FACSIMILE AND U.S. MAIL**

Timothy A. Miller, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center Suite 3800
San Francisco, California 94111

Re:     Mattel v. Bryant

Dear Counsel:

In response to your e-mail of earlier this evening, the stipulation attached to your e-mail is the stipulation to which I refer.

Very truly yours,

B. Dylan Proctor

07209/2380512.1

EXHIBIT _15_ PAGE _377_

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2380512.1

**EXHIBIT 16**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:** February 6, 2008

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| John Trinidad, Esq.<br>Keker & Van Nest LLP | (415) 397-5400 | (415) 397-7188 |

**FROM:** B. Dylan Proctor

**RE:** *Mattel, Inc. v. Bryant*

FEB 0 6 2008

**MESSAGE:**

| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | Suzanne Johnson - 10 | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|

**OPERATOR:** *Priscilla*    **CONFIRMED?** ☐ No ☐ YES: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT _16_ PAGE _378_

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

February 6, 2008

<u>VIA FACSIMILE AND U.S. MAIL</u>

John Trinidad, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

Re:    <u>Mattel v. Bryant</u>

Dear Counsel:

I am writing to request an immediate meet and confer regarding the responses of Carter Bryant ("Bryant") to Mattel's First Set of Requests for Admission to MGA Entertainment, Inc., Carter Bryant, MGA Entertainment (HK) Limited, and Isaac Larian ("Requests"). Bryant's responses fail to properly respond to Mattel's Requests and should be supplemented.

For example, Bryant fails to provide substantive responses to Request Nos. 5-8, which seek information concerning whether Bryant's assignment of rights of Bratz to MGA in the Assignment Agreement gave MGA property rights. Rather than admit or deny the Requests, Bryant simply quotes sections of the Agreement. This is improper.

Additionally, Bryant also states that he has insufficient information to admit or deny several Requests for which he clearly has sufficient knowledge. For example, Request Nos. 15 and 16 ask whether Bryant's Bratz Designs were valuable property at the time of the Assignment Agreement. Bryant entered into the Assignment Agreement, and he created the designs. He clearly has knowledge as to whether those designs had value at the time he entered into the agreement. Bryant also claims he does not have sufficient information to admit or deny Request

EXHIBIT _16_ PAGE _379_

**quinn emanuel urquhart oliver & hedges, llp**

07209/2380432.1

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

Nos. 19 and 20, which ask whether Bryant's Bratz Ideas were valuable property at the time of the Assignment Agreement.  Again, Bryant clearly has knowledge of the value of his ideas at the time he entered into the Assignment Agreement.

Bryant's responses to Request Nos. 17-18, 21-28, 48-49, and 54-55 are similarly deficient and should be supplemented.

Please let me know when Bryant is available for an immediate meet and confer.  If we cannot resolve this matter, Mattel contemplates bringing a motion to compel complete, proper responses.  I look forward to hearing from you.

Very truly yours,

B. Dylan Proctor

07209/2380432.1

EXHIBIT _16_ PAGE _380_