1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:    tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, CA  94111-5974
7  Telephone:  (415) 984-6400
   Facsimile:  (415) 984-2698
8  Email:     rkennedy@skadden.com

9  Attorneys for MGA Entertainment, Inc.,
   MGA Entertainment (HK) Limited,
10 MGAE de Mexico S.R.L. de C.V.,
   and Isaac Larian

11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA
13                     EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]<br><br>**DECLARATION OF SAMIR KHARE IN SUPPORT OF MGA ENTERTAINMENT, INC.'S MEMORANDA OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL, INC.'S MOTIONS TO COMPEL (1) DOCUMENTS PROTECTED BY THE COMMON INTEREST PRIVILEGE AND (2) DOCUMENTS CONTAINING TRADEMARK AND OTHER "FACTUAL" DATA**<br><br>Hearing Date:  TBD<br>Time:          TBD<br>Place:         TBD |

## DECLARATION OF SAMIR KHARE

I, Samir Khare, hereby declare as follows:

1.  I make this declaration in support of MGA Entertainment, Inc.'s Memorandum of Points and Authorities in Opposition to Mattel, Inc.'s Motion Compelling Production of Third Party Communications Improperly Withheld Under a Claim of "Common Interest" Privilege ("Common Interest Motion") and Memorandum of Points and Authorities in Opposition to the Motion of Mattel, Inc. for Order Compelling Production of Withheld MGA: (1) Trademark Search Results; (2) Date of First Use Information and (3) Factual Data Communicated for the Purpose of Filing Trademark or Other Intellectual Property Applications ("Trademark Results Motion"). All of the facts set forth herein are known to me personally, and if called as a witness, I could and would testify competently thereto.

2.  I am an attorney licensed to practice law in the State of California and am currently employed as an in-house intellectual property attorney at MGA Entertainment, Inc. ("MGA"), a party to this litigation. From my work as an in-house intellectual property attorney and my review of MGA's historical documents and files, I have personal knowledge of the working relationship between Bandai and MGA during as well as personal knowledge of the processes and procedures employed by MGA to ensure the continued confidential nature of its future intellectual property.

3.  I have reviewed some of the documents cited by Mattel in the text of their Common Interest Motion and Trademark Results Motion.

4.  Since 2000, MGA engaged Bandai to initially distribute Bratz products in Europe, including Spain and France. Although Bandai's primary function was as a distributor for MGA, Bandai also assisted MGA in issues related to intellectual property as necessary. In furtherance of its distribution obligations, and with the ratification of MGA, Bandai obtained trademark registrations in Europe on

1

DECLARATION OF SAMIR KHARE IN SUPPORT OF MGA ENTERTAINMENT, INC'S MEMORANDA OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL'S MOTIONS TO COMPEL

MGA's behalf. Bandai, as a part of these efforts, provided counsel with information proprietary to MGA.

5. In many cases, MGA and Bandai communicated jointly with local counsel in various countries to provide the parties with legal advice regarding MGA's intellectual property rights. One such local counsel in France was Francois Deschamps, an attorney employed by TMark Conseils. Mr. Deschamps assisted MGA in obtaining trademark registrations in France as well as assisting MGA in detecting counterfeit products in that country. MGA hired attorneys like Mr. Deschamps to assist it wherever it was seeking local counsel for purposes of obtaining trademark registrations or protecting its mark throughout the world.

6. Bandai also assisted MGA in protecting its intellectual property rights by identifying potential infringers of MGA's marks, assisting with the application for new marks on advice of counsel and other related tasks that surfaced on an as-needed basis. MGA had similar relationships with other distributors (such as Acclaim Games) who would perform similar functions in other areas of the world for MGA.

7. MGA paid the fees to local counsel in various countries, but would use Bandai to communicate with those counsel to assist in the procurement and enforcement of MGA's intellectual property rights wherever necessary. MGA expected the privileged communications it shared with Bandai to remain confidential and Bandai agreed that they would keep any such material confidential.

8. The documents I reviewed in connection with the Common Interest Motion fall into the category of documents discussed in paragraphs 4-7 above and MGA fully expected those communications to remain confidential in that regard.

9. I am familiar with MGA's current and past confidentiality policies applicable to the drafting and preparing of patent applications, trademark

2

DECLARATION OF SAMIR KHARE IN SUPPORT OF MGA ENTERTAINMENT, INC'S MEMORANDA OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL'S MOTIONS TO COMPEL

applications, copyright applications and related documentation. It has been and continues to be MGA's practice that draft applications prepared by MGA or its outside counsel and the information contained therein, are intended and expected to be kept confidential. The information in these draft applications contains information that is highly proprietary and sensitive and MGA uses all measures to keep this information from being released to its competitors before it is filed publicly. Thus, all factual information or proposed names provided to counsel are intended to remain confidential. MGA also expects information that is provided in draft applications that contain information on a trademark's date of first use or similar information to be kept confidential until MGA makes the decision to use the information in a publicly-filed document.

10. It has been and continues to be MGA's practice that the names it contemplates for use in the trademark, patent and copyright settings are regarded as highly confidential because MGA does not want such preliminary information to be disclosed to its competitors. This is especially true in the field of toys and games where catchy names and phrases are quickly snapped-up by manufacturers seeking to gain a competitive edge in the business.

11. When MGA employees or in-house attorneys consult with counsel, MGA expects those employees and counsel to keep draft information and proposed intellectual property searches confidential up until the point MGA makes the decision to use the particular mark in the public sphere. Most often MGA has not decided to use the draft marks communicated to counsel at the time the attorney performs a trademark or other intellectual property search.

12. When MGA employs counsel to assist with intellectual property matters as described herein, MGA is generally seeking legal advice regarding the nature of the applications, application requirements, trademark viability and validity, whether such marks were abandoned or may be registered, whether the marks sought

are similar or not to another mark and to evaluate MGA's ability to obtain the sought-after mark. Thus, MGA is seeking legal advice and its counsel is not acting as a mere conduit for information between the various intellectual property agencies and MGA. Instead, MGA's intellectual property counsel provide legal advice regarding a variety of intellectual property issues that MGA expects to remain confidential until the point the information is used in a public filing.

13. The documents I reviewed in connection with the Trademark Results Motion fall into the category of documents discussed in paragraphs 8-10 above and MGA fully expected those communications to remain confidential in that regard.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of February, 2008, in Van Nuys, California.

_____
Samir Khare