1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:    tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, CA 94111-5974
7  Telephone:  (415) 984-6400
   Facsimile:   (415) 984-2698
8  Email:      rkennedy@skadden.com

9  Attorneys for MGA Entertainment, Inc.,
   MGA Entertainment (HK) Limited,
10 MGAE de Mexico S.R.L. de C.V.,
   and Isaac Larian

11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA
13                    EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]<br><br>**MGA ENTERTAINMENT, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL, INC.'S MOTION COMPELLING PRODUCTION OF THIRD PARTY COMMUNICATIONS IMPROPERLY WITHHELD UNDER A CLAIM OF "COMMON INTEREST" PRIVILEGE**<br><br>Hearing Date: TBD<br>Time:        TBD<br>Place:       TBD |

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

    I.    PRELIMINARY STATEMENT ............................................................ 1

    II.    STATEMENT OF FACTS .................................................................... 2

        A.    The Parties' Meet and Confer Efforts ........................................... 2

        B.    MGA's Relationship With Bandai .................................................. 3

    III.    ARGUMENT ......................................................................................... 4

        A.    The Common Interest Exception to the Rule of Waiver Protects MGA's Disclosures to Various Third Parties ................ 4

        B.    MGA's Business Relationship With Bandai Does Not Foreclose Application of the Common Interest Privilege .......... 6

        C.    Mattel's Assertion That MGA Waived the "Common-Interest Privilege" By Not Asserting the Claim on Its Privilege Logs Is Without Merit .................................................. 8

    IV.    CONCLUSION .................................................................................... 10

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

Avago Technologies General IP Pte. Ltd. v. Elan Microelectronics Corp.,
  2007 WL 841785 (N.D. Cal. Mar. 20, 2007) .................................................... 6

Baden Sports, Inc. v. Kabushiki Kaisha Molten,
  2007 WL 1185680 (W.D. Wash. Apr. 20, 2007) ............................................. 5

Bank Brussels Lambert v. Credit Lyonnaise (Suisse) S.A.,
  160 F.R.D. 437 (S.D.N.Y. 1995) ...................................................................... 6

Banks v. Office of Senate Sergeant-at-Arms, 233 F.R.D. 1 (D.D.C. 2005) ................. 9

Bowne of New York City, Inc. v. AmBase Corp.,
  150 F.R.D. 465 (S.D.N.Y. 1993) ...................................................................... 9

Burlington N. R.R. Co. v. U.S. Dist. Court for Dist. of Mont.,
  408 F.3d 1142 (9th Cir. 2005) ......................................................................... 10

Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Int'l, Inc.,
  130 F.R.D. 28 (S.D.N.Y. 1990) ........................................................................ 9

Dexia Credit Local v. Rogan,
  231 F.R.D. 287 (N.D. Ill. 2005) .................................................................... 5, 6

F.D.I.C. v. Ogden Corp.,
  202 F.3d 454 (1st Cir. 2000) ............................................................................ 6

Ferko v. National Association for Stock Car Auto Racing,
  219 F.R.D. 396 (E.D. Tex. 2003) ..................................................................... 7

Gen. Elec. Co. v. Johnson,
  2007 WL 433095 (D.D.C. Feb. 5, 2007) ......................................................... 9

Gulf Islands Leasing, Inc. v. Bombardier Capital, Inc.,
  215 F.R.D. 466 (S.D.N.Y. 2003) ...................................................................... 6

In re Honeywell Intern., Inc. Sec. Litig.,
  230 F.R.D. 293 (S.D.N.Y. 2003) ...................................................................... 9

In re Imperial Corporation of America,
  179 F.R.D. 286 (S.D. Cal. 1998) ...................................................................... 8

In re JP Morgan Chase & Co. Securities Litigation,
  2007 WL 2363311 (N.D. Ill. Aug. 13, 2007) .................................................. 5

In re Rivastigmine Patent Litig.,
  No. 05 MD1661 (HB/JCF), 2005 WL 2319005, ............................................. 9

In re Total Containment, Inc.,
  2007 WL 1775364 (Bankr. E.D. Pa. June 18, 2007) ...................................... 5

Intex Recreation Corp. v. Team Worldwide Corp.,
 471 F. Supp. 2d 11 (D.D.C. 2007) .................................................................. 6

Johnson Matthey, Inc. v. Research Corp.,
 2002 WL 1728566 (S.D.N.Y. 2002) .............................................................. 6

Katz v. AT&T Corp.,
 191 F.R.D. 433 (E.D. Pa. 2000) ..................................................................... 7

Lexington Ins. Co. v. Swanson,
 240 F.R.D. 662 (W.D. Wash. 2007) ............................................................... 9

Libbey Glass, Inc. v. Oneida, Ltd.,
 No. 3:98 CV7439, 1999 U.S. Dist. LEXIS 4558,
 (N.D. Ohio Mar. 16, 1999) ............................................................................ 8

MCI Constr., LLC v. Hazen & Sawyer, P.C.,
 213 F.R.D. 268 (M.D.N.C. 2003) .................................................................. 9

MPT, Inc. v. Marathon Labels, Inc.,
 2006 U.S. Dist. LEXIS 4998 (N.D. Ohio 2006) ................................... 5, 6, 7

Nidec Corp. v. Victor Co. of Japan,
 No. C 05-0686 SBA (EMC), 2007 WL 1994171,
 (N.D. Cal. Jul. 5, 2007) ......................................................................... 1, 4, 8

North Carolina Elec. Membership Corp. v. Carolina Power & Light Co.,
 110 F.R.D. 511 (M.D.N.C. 1986) .................................................................. 6

U.S. v. Bergonzi,
 216 F.R.D. 487 (N.D. Cal. 2003) ................................................................... 6

U.S. v. Doe,
 429 F.3d 450 (3d Cir. 2005) ........................................................................... 5

United States v. Evans,
 113 F.3d 1457 (7th Cir. 1997) ....................................................................... 7

United States v. Weissman,
 195 F.3d 96, 100 (2d Cir. 1999) .................................................................... 7

Weil Ceramics & Glass, Inc. v. Work,
 110 F.R.D. 500 (E.D.N.Y. 1986) ................................................................... 5

# MEMORANDUM OF POINTS AND AUTHORITIES

Counter-defendant MGA Entertainment, Inc. ("MGA") respectfully submits this opposition to Mattel, Inc.'s Motion Compelling Production of Third Party Communications Improperly Withheld Under a Claim of "Common Interest" Privilege, filed on January 23, 2008.

## I.  PRELIMINARY STATEMENT

In the third installment of Mattel's trilogy of motions attacking MGA's privilege logs,[1] Mattel argues that MGA should be required to produce communications with third parties that have been withheld on the basis of the common interest privilege. Mattel argues that by disclosing otherwise privileged communications to third parties, MGA has waived any claim of privilege.

Mattel's motions should be denied. As Mattel concedes, the privileged status of communications that have been disclosed to third parties is not waived where the parties share a common legal interest. Nidec Corp. v. Victor Co. of Japan, No. C 05-0686 SBA (EMC), 2007 WL 1994171, at *2 (N.D. Cal. July 5, 2007). MGA shares a common legal interest with the two outside entities Mattel takes issue with in their Motion: Bandai and Acclaim Games ("Acclaim"). Both of these companies have assisted MGA with trademark matters and enforcement of MGA's intellectual property rights in other countries. (Declaration of Samir Khare ("Khare Decl.") ¶ 6.) Bandai and Acclaim have received confidential communications from MGA's counsel in the course of assisting MGA on such matters with the

---

[1] Mattel has filed two other motions attacking the same privilege logs but on different grounds. On January 22, 2008, Mattel filed its Motion to Compel Production of Previously Withheld Documents Only Portions of Which Are Allegedly Privileged. On January 23, 2008, Mattel filed a separate Motion For Order Compelling Production of Withheld MGA: 1) Trademark Search Results, 2) Date of First Use Information, and 3) Factual Data Communicated for the Purpose of Filing Trademark or Other Intellectual Property Applications. All of Mattel's motions are directed at the privilege logs produced by MGA on August 15, September 5, and November 15, 2007 and January 15 and January 23, 2008. On February 5, 2008, Mattel also filed two motions directed at privilege logs MGA produced on January 25, January 28 and January 30, 2008. MGA will respond to these "supplemental" motions separately.

understanding that such communications would be maintained as confidential. (Khare Decl. ¶¶ 6-7.) The assistance rendered by Bandai and other companies extends beyond a mere commercial relationship with MGA. Therefore, MGA's disclosure of such communications to these companies did not effect a waiver of the attorney-client privilege or attorney work product protection.

Furthermore, MGA validly claimed the privilege with regard to all such communications by asserting an attorney-client privilege or attorney work product protection in its privilege logs. There was no requirement for MGA to separately assert "common interest" privilege because that privilege simply operates as an exception to the doctrine of waiver of any underlying privileges such as attorney-client or work product. During the meet and confer process MGA explained that it was relying on the common interest exception as the basis for its attorney-client and attorney work product privilege claims. Therefore, Mattel was fully informed before it filed its motion of the basis for MGA's privilege claims with respect to communication with third parties. Accordingly, Mattel's assertion that MGA failed to validly invoke the common interest exception should be rejected.

## II. **STATEMENT OF FACTS**

### A. **The Parties' Meet and Confer Efforts**[2]

On December 7, 2007, Mattel initiated a meet and confer conference with MGA to discuss MGA's August 15 and September 5, 2007 privilege logs. (Declaration of Dylan Proctor in Support of Mattel's Motion to Compel Production of Previously Withheld Documents Only Portions of Which Are Allegedly Privileged ("Proctor Decl.") ¶ 11, Ex. 1.) On December 17, 2007 the parties began

---

[2] The facts pertaining to the parties' meet and confer efforts with regard to MGA's privilege logs are outlined in MGA's Memorandum of Points and Authorities in Opposition to Mattel's Motion to Compel Production of Previously Withheld Documents Only Portions of Which Are Allegedly Privileged, which has been filed herewith. MGA incorporates that statement here. Accordingly, MGA will set forth in brief the facts pertaining to the parties' meet and confer efforts concerning the common interest privilege.

-2-

MGA'S MEMO OF POINTS AND AUTHORITIES IN OPP. TO MATTEL, INC.'S MOTION COMPEL DOCUMENTS DISCLOSED TO THIRD PARTIES

1  the first of several meet and confer conferences on those logs. (Proctor Decl. ¶¶ 3,
2  13; Declaration of José R. Allen in Support of MGA's Memoranda of Points and
3  Authorities in Opposition to Mattel's Motions to Compel (1) Previously Withheld
4  Documents; (2) Documents Protected by the Common Interest Privilege and
5  (3) Documents Containing Trademark and Other "Factual" Data ("Allen Decl.") ¶ 3.)
6  During the course of one of the meet and confer conferences Mattel asserted that
7  several entries on MGA's August and September logs appeared to involve
8  communications that had been disclosed to third parties such as Bandai and that in
9  Mattel's view any privilege that may have attached to any such communications had
10 been waived. (Allen Decl. ¶ 21, Ex. 17.) Mattel had not previously raised this issue
11 in its initial meet and confer letter. (Proctor Decl. ¶ 11, Ex. 1.)
12         On January 9, 2008, MGA informed Mattel that it disagreed with
13 Mattel's assertion that MGA had waived any privilege with respect to
14 communications with Bandai or other outside entities. (Allen Decl. ¶ 14, Ex. 11.)
15 MGA explained that because it shared a common legal interest with Bandai, the
16 common interest exception to the waiver doctrine protected any privileged
17 communications that MGA had shared with Bandai with regard to matters of
18 common interest. (See id.)
19     **B.    MGA's Relationship With Bandai**
20         Bandai served as a distributor for MGA products in Europe beginning in
21 2000. (Khare Decl. ¶ 4.) In addition to its role as MGA's European distributor,
22 MGA relied on Bandai to assist MGA on a variety of intellectual property matters
23 including acting on MGA's behalf to obtain trademarks and other intellectual
24 property rights in Europe. (Id.) In order to perform these duties Bandai would
25 communicate with MGA's counsel with regard to trademark and intellectual property
26 matters and Bandai agreed that such communications would be kept confidential. (Id.
27 ¶ 7.)
28

MGA also used Bandai from time-to-time to assist MGA in protecting its intellectual property rights by identifying potential infringers of MGA's marks and assisting MGA's efforts to pursue claims against infringers. (Id. ¶¶ 6-7.) In performing these functions Bandai agreed to maintain the confidentiality of communications with MGA and its counsel with regard to such matters. (Id.)

## III. ARGUMENT

### A. The Common Interest Exception to the Rule of Waiver Protects MGA's Disclosures to Various Third Parties

The common interest privilege is not a privilege in and of itself but instead is an exception to the doctrine of waiver. Nidec Corp. v. Victor Co. of Japan, No. C 05-0686 SBA (EMC), 2007 WL 1994171 at *2 (N.D. Cal. Jul. 5, 2007). Thus, for the exception to apply, there must first be a privileged communication (or assertion of work product). See id. Mattel does not argue that the documents it complains of are not privileged. In fact, Mattel concedes that there may be privileged information in the documents at issue. (Motion at 4:27-5:3.)[3]

With privilege established, the common interest exception will apply if a communication is disclosed to a third party with whom the party asserting the privilege has a common legal interest and the communication is in furtherance of that interest. See id. If the exception is applicable, the privilege is not waived by the disclosure. See id. Contrary to Mattel's assertions, "[t]he protection of the privilege under the community of interest rationale, however, is not limited to joint litigation preparation efforts. It is applicable *whenever parties with common interests join[] forces for the purpose of obtaining more effective legal assistance.*" Id. at *3 (emphasis added). Thus, the interest does not need to be related solely to litigation.

---

[3] Mattel requests that the Court conduct an *in camera* review of the complained-of documents. (Motion at 9:16-20.) Given that the issue here is whether disclosure of such documents to a third party effected a waiver of them privilege, it does not appear that an *in camera* review of the documents at issue would inform the analysis. In any event, MGA is prepared to submit the documents for *in camera* review if the Discovery Master deems it necessary.

-4-

.

See MPT, Inc. v. Marathon Labels, Inc., No. 1:04 CV 2357, 2006 U.S. Dist. LEXIS 4998, at *20 (N.D. Ohio Feb. 9, 2006) ("entities can have a common legal interest even if it is unlikely that they will ever be parties to the same litigation") (citation omitted).

The communications listed on MGA's privilege logs that reference Bandai all pertain to matters in which Bandai was assisting MGA on trademark and other intellectual property matters. Bandai's communication with MGA and its counsel were in furtherance of MGA's efforts to obtain trademarks and to protect its intellectual property rights. Therefore, confidential communications related to such matters are privileged and were not waived because they were disclosed to Bandai.

The cases cited by Mattel support application of the common interest exception here. For example, in Dexia Credit Local v. Rogan, 231 F.R.D. 287 (N.D. Ill. 2005), the court found that the common interest privilege applied to communications between parties who jointly relied on the advice of the same counsel for the same legal interest. Id. at 295. Here, Bandai and MGA jointly relied on the advice of local counsel in Europe pertaining to MGA's intellectual property rights. (Khare Decl. ¶¶ 4-5.) Likewise, in Baden Sports, Inc. v. Kabushiki Kaisha Molten, No. CV06-0210 MJP, 2007 WL 1185680, at *1 (W.D. Wash. Apr. 20, 2007), the court stated the general rule that the "common interest extension of the privilege is available *irrespective of litigation, begun or contemplated.*"[4]

---

[4] Other cases cited by Mattel also support MGA's position. See United States v. Doe, 429 F.3d 450, 453 (3d Cir. 2005) (appellate court did not reach issue decided by district court that common interest privilege applied because the two parties shared a common legal interest in legal advice provided by the same attorney); In re JP Morgan Chase & Co. Sec. Litig., 2007 WL 2363311, at *4-5 (N.D. Ill. Aug. 13, 2007) (holding that although pre-merger communications were not protected by the common interest privilege because the parties stood on opposite sides of a business transaction, any privilege applicable to *post-merger* documents for which the two companies shared a common legal interest was not waived by disclosure to the other party); In re Total Containment, Inc., No. 04-13144 BIF, 2007 WL 1775364, at *8 (Bankr. E.D. Pa. June 18, 2007) (finding that the common interest exception applied to documents disclosed to third parties who also shared a joint-defense privilege); Weil Ceramics & Glass, Inc. v. Work, 110 F.R.D. 500, 502-03 (E.D.N.Y. 1986) (finding a sufficient community of interest for applying the common interest privilege); MPT, Inc. v. Marathon Labels, Inc., 2006 U.S. Dist. LEXIS 4998, at * 22-

**B.  MGA's Business Relationship With Bandai Does Not Foreclose Application of the Common Interest Privilege**

Mattel argues that because MGA and Bandai have a commercial relationship, this forecloses MGA from invoking the common interest privilege. (Motion at 8-13.) However, the existence of a commercial relationship in addition to other relationships does not destroy the privilege. "The fact that there may be an overlap of a commercial and a legal interest for a third party does not negate the effect of the legal interest in establishing a community of interest" for purposes of the common interest privilege. Bank Brussels Lambert v. Credit Lyonnaise (Suisse) S.A., 160 F.R.D. 437, 447 (S.D.N.Y. 1995) (citations omitted); Dexia, 231 F.R.D. at 294 (the fact that two parties may have certain business reasons for relying on legal advice "does not undermine that they had the identical interest in the legal advice itself."). Furthermore, "[j]ust because [the parties' shared legal interest] would also

---

23 (same); Intex Recreation Corp. v. Team Worldwide Corp., 471 F. Supp. 2d 11, 16-17 (D.D.C. 2007) (parties had a coordinated legal strategy after taking same legal action against third party and common interest privilege applied thereafter).

Still, other cases cited by Mattel are clearly off-point. For example, in FDIC v. Ogden Corp., 202 F.3d 454, 461-63 (1st Cir. 2000), the issue at bar related to whether the joint client exception to the attorney client privilege applied. The court found that the parties *did* have a common interest in the issues for which an attorney's advice was sought, but because such an interest existed, the joint client exception applied. See id. at 464. See also Gulf Islands Leasing, Inc. v. Bombardier Capital, Inc., 215 F.R.D. 466, 472-73 (S.D.N.Y. 2003) (parties utilized different attorneys and held different interests of a commercial as opposed to a legal nature, and court did not reach issue of whether common interest privilege applied because moving party did not meet burden of proving documents were privileged in first instance); Avago Techs. Gen. IP Pte. Ltd. v. Elan Microelectronics Corp., No. C04-05385 RMW (HRL), 2007 WL 841785, at *3 (N.D. Cal. Mar. 20, 2007) (same); North Carolina Elec. Membership Corp. v. Carolina Power & Light Co., 110 F.R.D. 511, 518 (M.D.N.C. 1986) (no showing of privilege in the first instance and other documents concerned legal disputes between the parties claiming the common interest); Johnson Matthey, Inc. v. Research Corp., No. 01CIV-8115 MBM FM, 2002 WL 1728566, at *7 (S.D.N.Y. July 24, 2002) (common interest privilege cannot be used as a shield against disclosure to former joint defense partner); United States v. Bergonzi, 216 F.R.D. 487, 496 (N.D. Cal. 2003) (company does not have a common interest with government agency who is investigating company claiming privilege).

-6-

create a financial benefit for the parties [does] not destroy the character of their common legal interests." MPT, Inc., 2006 U.S. Dist. LEXIS 4998, at *22.[5]

Mr. Khare's declaration makes clear that MGA's relationship with Bandai extended well beyond a mere business relationship (Khare Decl. ¶¶ 4-7.) The relationship included collaboration between the parties on MGA's efforts to secure trademarks in Europe, protection of MGA's intellectual property, and the selection of legal counsel to represent MGA in connection with such matters. That MGA also had a business relationship with Bandai and that Bandai benefited financially from assisting MGA with other matters is of no moment. The common interest privilege does not require the parties to have only a single, non-commercial relationship.

Mattel cites a footnote in Katz v. AT&T Corp., 191 F.R.D. 433, 438 n.4 (E.D. Pa. 2000) for the proposition that "[t]he relationship between a licensor and its licensee or distributor is an ordinary business relationship." (Motion at 6:10-11.) First, Bandai was a distributor for MGA (Khare Decl. ¶ 4.) Second, although a common interest does not "automatically arise" from such a relationship, it is not precluded. As the court went on to state in Katz, whether such a identity of interest

---

[5] Mattel cites Ferko v. National Association for Stock Car Auto Racing, 219 F.R.D. 396, 402 (E.D. Tex. 2003) for the proposition that courts have "shown significant restraint in expanding the boundaries of the common interest doctrine." (Motion at 12:21-22.) But the court in Ferko took this position because (1) the Fifth Circuit has limited the application of the common interest doctrine to certain types of cases not applicable here and (2) that the information sought to be protected was disclosed to an adversarial party with whom there was no common interest. See id. at 402-03. Mattel also cites United States v. Weissman, 195 F.3d 96, 100 (2d Cir. 1999) that the common interest doctrine should be "cautiously extended." (Motion at 12:24-25). But in Weissman, the court refused to extend the joint defense privilege to protect disclosures made between parties without a joint defense agreement or strategy and never reached the question of whether the privilege was waived. See id. at 99-100. Here, MGA and Bandai have a joint strategy and common interest in seeing that MGA's intellectual property rights are protected in Europe. Further, in United States v. Evans, 113 F.3d 1457, 1468 (7th Cir. 1997) as cited by Mattel, the court declined to extend the common interest privilege to a "novel application" of the rule in a criminal case that was "far too attenuated" to support assertion of the common interest privilege. This case is clearly off-point.

-7-

exists for purpose of the common interest doctrine "is a case specific determination to be made under the facts of the case." Id.

Mattel also relies on Libbey Glass, Inc. v. Oneida, Ltd., No. 3:98 CV7439, 1999 U.S. Dist. LEXIS 4558, at *19 (N.D. Ohio Mar. 16, 1999) for the proposition that the common interest privilege does not apply here. In Libbey, the court held that the common interest privilege did not apply because the parties (1) took no steps to protect the privileged information and (2) the parties were merely working on a business negotiation in furtherance of a joint commercial venture. See id. at *20. Here, MGA and Bandai were working toward obtaining protection for MGA's intellectual property in Europe. The privileged information was not disclosed outside of this group. (Khare Decl. ¶ 7.)[6]

### C. Mattel's Assertion That MGA Waived the "Common-Interest Privilege" By Not Asserting the Claim on Its Privilege Logs Is Without Merit

Mattel acknowledges that MGA invoked the attorney-client privilege and the work product doctrine on its privilege logs in connection with the questioned third-party communications. Mattel argues, however, that because MGA did not specifically mention the "common interest privilege" in its logs, MGA has waived its right to assert the privilege.

This argument is pure sophistry. As discussed above, strictly speaking, the common interest privilege is "not [a] privilege[ ] in and of [itself]. Rather, [it] constitute[s] exceptions to the rule on waiver where the communications are disclosed to third parties." Nidec Corp., 2007 WL 1994171, at *2 (S.D.N.Y. Sept. 22, 2005); see also In re Rivastigmine Patent Litig., No. 05 MD1661 (HB/JCF), 2005

---

[6] Mattel also cites In re Imperial Corporation of America, 179 F.R.D. 286, 290 (S.D. Cal. 1998) for the proposition that the waiver doctrine "aims to prevent a party from disclosing privileged information where advantageous but also hiding behind the privilege to avoid disclosure in other contexts." (Motion at 12:11-14.) Here, MGA has not engaged in any selective disclosure of its confidential communications with Bandai, and Mattel offers no evidence to show that the communications in question have ever been disclosed to anyone. Therefore, In re Imperial has no application here.

1  WL 2319005, at *2 ("The common interest doctrine neither creates an independent
2  privilege nor provides a separate basis for establishing the existence of an attorney-
3  client relationship. Rather, it is an exception to the general rule that the privilege is
4  waived when confidential information is communicated to a third party."). Thus,
5  there is no "common interest privilege" that can be "waived" because the "common
6  interest privilege" is itself merely an exception to the rules of waiver.

7         Accordingly, when Mattel questioned MGA's attorney-client privilege
8  and attorney work product claims in connection with third-party communications,
9  MGA appropriately responded that there had been no waiver of these privileges
10 because of the common interest exception to the doctrine of waiver. Stated another
11 way, MGA was not required to explain in its privilege log the underlying rationale
12 for its privilege claims, and Mattel cites no case that supports the proposition that
13 MGA is required to explain the basis for its privilege claims in its privilege logs.[7]

14        Furthermore, during the meet and confer process MGA plainly
15 identified the basis for its privilege claims with regard to third-party communications.
16 Therefore, Mattel was fully apprised of the basis for MGA's claims. This is exactly

---

[7] The cases cited by Mattel are clearly off-point, and each was decided on the particular facts involved in the case. Most of the cases cited involved a party attempting to add an additional privilege designation in a supplemental privilege log. See In re Honeywell Intern., Inc. Sec. Litig., 230 F.R.D. 293, 298-99 (S.D.N.Y. 2003) (party was foreclosed from adding attorney work product designation in supplemental privilege log prepared after opposing party filed motion to compel); Gen. Elec. Co. v. Johnson, 2007 WL 433095. at *4-5 (D.D.C. Feb. 5, 2007) (party foreclosed from adding deliberative process privilege after court rejected other grounds for withholding document); John B. v. Goetz, No. 3:98-0168, 2007 WL 4014015, at *3 (M.D. Tenn. Nov. 15, 2007) (party foreclosed from belated attempt to assert state statutory privileges that were not on privilege log); Lexington Ins. Co. v. Swanson, 240 F.R.D. 662, 668 (W.D. Wash. 2007) (party foreclosed from later asserting work product protection where not asserted on privilege log); Banks v. Office of Senate Sergeant-at-Arms, 233 F.R.D. 1, 9 (D.D.C. 2005) (defendant's failure to assert attorney-client privilege on privilege log and only after close of discovery resulted in waiver); Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 489-90 (S.D.N.Y. 1993) (disallowing belated assertion of work product protection not claimed on privilege log); Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Int'l, Inc., 130 F.R.D. 28, 32 (S.D.N.Y. 1990) (failure to assert work product resulted in waiver); MCI Constr., LLC v. Hazen & Sawyer, P.C., 213 F.R.D. 268, 272-73 (M.D.N.C. 2003) (disallowing untimely assertion of work product protection not on privilege log).

1  what is supposed to occur during the meet and confer process. Because MGA
2  properly asserted applicable privileges on its privilege logs, it has not waived any
3  such privileges.
4          Finally, as the Discovery Master previously noted, courts will not
5  lightly find that applicable privileges have been waived but must consider all the
6  surrounding facts and circumstances. (Tr. of Dec. 14, 2007 Hearing at 28:9-14.) See
7  Burlington N. R.R. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142 (9th Cir.
8  2005); In re Honeywell, 230 F.R.D. at 299. Here, MGA properly asserted its
9  privilege claims in its logs and identified the basis for its claims during the meet and
10 confer process. Moreover, inasmuch as MGA already has agreed to revise the
11 August and September 2007 privilege logs, the common interest designation can be
12 added if deemed necessary. Therefore, considering all the facts and circumstances,
13 there is no grounds for finding that any waiver occurred.

## IV. CONCLUSION

MGA's disclosure of privileged communications to third parties with which it shares a common legal interest does not effect a waiver of the attorney-client privilege or work product doctrine. Accordingly, Mattel's motion to compel production of such documents should be denied.

DATED: February 7, 2008

Respectfully submitted,
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

_____
Raoul D. Kennedy
Attorneys for Counter-Defendants, MGA
ENTERTAINMENT, INC., ISAAC LARIAN,
MGA ENTERTAINMENT (HK) LTD., and
MGAE de MEXICO S.R.L. de C.V.