THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, California 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: rkennedy@skadden.com

Attorneys for MGA Entertainment, Inc.,
MGA Entertainment (HK) Limited,
MGAE de Mexico S.R.L. de C.V., and Isaac Larian

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]<br><br>**MGA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 15, 2007, TO COMPEL MGA TO PRODUCE COMPELLED CALENDARS; AND FOR SANCTIONS**<br><br>[Declaration of Andrew C. Temkin filed concurrently herewith]<br><br>Date: TBD<br>Time: TBD<br>Place: TBD |

# TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT .................................................................. 1

II. STATEMENT OF FACTS .......................................................................... 2

    A. MGA Produced All Responsive Calendar Entries Months Ago in Conformity with the Discovery Master's Order. ................................ 2

    B. MGA Informed Mattel That The Remaining Calendars Mattel Seeks Are Not Responsive. ................................................................. 2

    C. MGA Produced The Additional Calendars Mattel Seeks, Despite Their Non-Responsiveness. ................................................................ 4

III. ARGUMENT ................................................................................................ 5

    A. Mattel's Motion to Compel Is Moot. ................................................. 5

    B. Mattel's Request For Sanctions Should Be Denied. ......................... 5

IV. CONCLUSION ............................................................................................ 7

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Kalima v. Regents of the Univ. of Cal.*,
Case No. C 06-1503 SI, 2007 U.S. Dist. LEXIS 40887
(N.D. Cal. May 21, 2007) .................................................................................. 6

*Thomas v. Baca*, Case No. CV 04-08448 DDP (SHx),
2005 U.S. Dist. Lexis 4780 (C.D. Cal. Feb. 3, 2005) ....................................... 5

**STATUTES**

Fed. R. Civ. P. 37(a)(5)(i-iii) ................................................................................ 5

1  MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. submit this memorandum in opposition to Mattel's Motion to Enforce the Court's Order of May 15, 2007, to Compel MGA to Produce Compelled Calendars, and for Sanctions.

## I.   PRELIMINARY STATEMENT

Mattel's motion to compel is moot and its request for sanctions is baseless. Mattel's motion seeks an order compelling MGA to produce certain pre-2001 calendars and day planners relating to Bratz and Bryant that Mattel contends the Discovery Master ordered to be produced in May 2007, but which MGA has allegedly wrongfully withheld. Mattel also seeks an award of sanctions for MGA's alleged willful defiance of the Discovery Master's May 2007 order.

Contrary to Mattel's assertions, MGA has not violated the Discovery Master's order or withheld responsive calendars or planners. Several months ago, pursuant to the Discovery Master's order, MGA produced the calendar items and planner pages responsive to Mattel's requests that MGA was able to locate following a reasonably diligent search. Pursuant to the parties' subsequent meet-and-confer discussions, MGA initiated a renewed search for responsive materials. MGA located additional calendars and planners for the pre-2001 time frame, but they were largely blank, contained illegible entries or otherwise did not appear to refer or relate to Bratz or Bryant. Mattel nonetheless insisted that the documents should be produced. To avoid unnecessary motion practice, MGA agreed to consider producing the documents and offered to stipulate to an extension of time for Mattel to move to compel to allow the parties time to resolve the issue. Mattel chose to file this motion instead. Days later, MGA produced the additional documents.

MGA complied with the Discovery Master's order at the time. MGA has since also produced additional calendars and day planners, despite their apparent non-responsiveness. Thus, there is nothing for the Discovery Master to compel. In light of the foregoing, Mattel's motion to compel and its request for sanctions should be denied.

## II. STATEMENT OF FACTS

### A. MGA Produced All Responsive Calendar Entries Months Ago in Conformity with the Discovery Master's Order.

On May 15, 2007, the Discovery Master ordered MGA to produce documents responsive to Request Nos. 32 and 69 of Mattel's First Set of Requests for Documents and Tangible Things to MGA. (Proctor Decl. Ex. 8 at 72.) The requests seek "ALL DOCUMENTS prepared, written, transmitted or received (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE TO BRATZ" and "ALL COMMUNICATIONS between YOU and BRYANT prior to January 1, 2001, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record, memorialize or otherwise REFER OR RELATE TO any such COMMUNICATIONS." (Proctor Decl. Ex. 6 at 32-33.) Following the District Court's ruling on MGA's appeal of other portions of the May 15 order, MGA produced the non-privileged documents responsive to Requests Nos. 32 & 69 that it had located following a reasonably diligent search. (Declaration of Samir Khare ("Khare Decl.") ¶ 2.) MGA's production included, among other things, copies of Isaac Larian's 2000 Microsoft Outlook monthly calendars for the months of September, November and December 2000, as well as several days from his 2000 Franklin Day Planner. MGA also produced the responsive pages from the Franklin Day Planners of other employees that it was able to locate following a reasonably diligent search, including pages from the planners of Dave Malacrida and Rachel Harris. (*Id.*)

### B. MGA Informed Mattel That The Remaining Calendars Mattel Seeks Are Not Responsive.

On December 19, 2007, Mattel sent MGA a letter demanding that MGA produce the day planners for a number of additional individuals that Mattel contends worked on Bratz and/or communicated with Carter Bryant prior to January 1, 2001. (Proctor Decl. Ex. 1: 6-7.) Mattel also demanded that MGA produce every month of Isaac Larian's 2000 Outlook calendar. (*Id.*)

1 | On January 4, 2008, the parties met and conferred regarding Mattel's demands. (Declaration of Andrew Temkin ("Temkin Decl.") ¶ 1.) During the meet and confer, MGA stated that it had searched for the Franklin Day Planners for the individuals identified in Mattel's December 19 letter. (*Id.* ¶ 1, Ex. A.) MGA explained that it had located only a partial planner for Julie Chomo (since she had only been hired in the Fall 2000) and that it was attempting to determine whether a planner existed for Rebecca Harris, but needed to clarify because of possible confusion with another employee named Rachel Harris. (*Id.* ¶ 1.) MGA further explained that several of the remaining individuals did not receive or use a planner during this time period, and that a number of the individuals in Mattel's letter were not even employees of MGA in 2000 or at any other time. (*Id.* ¶ 1, Ex. A.) MGA subsequently confirmed that despite a reasonably diligent search, it was unable to locate a Franklin Day Planner for Rebecca Harris or any of the remaining employees identified by Mattel. (*Id.*)

On January 10, MGA confirmed that it was continuing to investigate whether there were electronic calendars for the individuals identified by Mattel who were actually employed by MGA in 2000. (*Id.*) At the same time, with respect to Isaac Larian's calendars, MGA proposed that Mr. Larian would provide a signed verification stating that Mr. Larian was not knowingly withholding any responsive material from his calendars. (*Id.*) Mattel did not respond to that offer. (*Id.* ¶ 2.)

On January 23, 2008, MGA again wrote to Mattel explaining that a review of Ms. Chomo's partial planner for the year 2000 did not result in the discovery of any responsive documents. (*Id.* ¶ 3, B.) MGA also informed Mattel that it had located certain electronic Outlook calendars and would produce all non-privileged calendars, if any, that are responsive to Requests 32 and 69. (*Id.*)

On January 24, Mattel left a voice mail message for MGA's counsel stating that Mattel would like to "clarify a few points" with respect to MGA's January 23 letter. (*Id.* ¶ 4.) Over the next few days, the parties traded voice mails and emails, and on Sunday, January 27, 2008, they met and conferred by phone. (*Id.* ¶¶ 5 & 6,

Ex. C.) MGA stated that that Ms. Chomo's partial day planner did not contain responsive material and that the other calendars are largely, or in some cases completely, blank, that some entries are illegible and that there did not appear to be responsive materials among those calendars. (*Id.*) Mattel stated that unless MGA agreed to produce the calendars Mattel would file a motion to compel. (*Id.*)

On January 28, 2008, during a break from a deposition, the parties met and conferred again. (*Id.* ¶ 7.) MGA explained that although the additional calendars it had located did not appear to contain responsive material, MGA was nonetheless willing to consider producing the calendars to avoid unnecessary motion practice. (*Id.* ¶¶ 7 & 8, Ex. D.) MGA explained, however, that due to the ongoing deposition, it could not agree to production at that time and therefore proposed entering into a stipulation extending the deadline for Mattel to file a motion to compel if the parties were unable to resolve their differences. (*Id.*) Mattel said that it would get back to MGA regarding its proposal. (*Id.* ¶ 7) Rather than respond, Mattel filed its motion to compel. (*Id.* ¶ 9)

### C. MGA Produced The Additional Calendars Mattel Seeks, Despite Their Non-Responsiveness.

On February 6, MGA produced the additional calendars and day planners that it had located. (*Id.* ¶ 10, Ex. E.) These include: (i) copies of Isaac Larian's monthly Outlook calendars from October 1999 through December 2000 (including the previously produced months of September, November and December); (ii) Mr. Larian's complete year 2000 Franklin Planner (including the responsive entries that were already produced); (iii) partial 2000 Franklin Planners for Julie Chomo and Rachel Harris (which are partial because these employees were not hired until the fall of 2000); and (iv) 2000 Outlook calendars for Paula Garcia, Edmond Lee, Kerri Brode, Julie Chomo, and Leon Djigurian (which are largely blank). (*Id.*) In light of MGA's production of the requested material, MGA requested that Mattel withdraw its motion. (*Id.*) Mattel did not respond. (*Id.* ¶ 11.)

## III.  ARGUMENT

### A.  Mattel's Motion to Compel Is Moot.

Mattel's motion to compel is moot. Months ago, MGA produced the calendar and planner entries that are responsive to Requests 32 and 69, as ordered. In addition, although they are largely blank, contain illegible entries or otherwise appear non-responsive to Requests 32 and 69, MGA has also produced the additional pre-2001 calendars (hard copy and electronic) and Franklin Day Planners that it was able to locate following a renewed, reasonably diligent search, including the remaining portions of Isaac Larian's 2000 calendar and planner (as well as those portions of Mr. Larian's 1999 calendar that it could locate),[1] the 2000 Outlook calendars for Kari Brode, Julie Chomo, Leon Djiguerian, Edmond Lee and Paula Garcia, and the partial 2000 Franklin Day Planners for Rachel Harris and Julie Chomo. In short, MGA has produced the calendars that Mattel seeks to compel. Accordingly, Mattel's motion to compel should be denied.

### B.  Mattel's Request For Sanctions Should Be Denied.

The Discovery Master should also deny Mattel's request for sanctions made pursuant to Federal Rule of Civil Procedure 37(a)(5) and 28 U.S.C. § 1927. Rule 37 provides that a court must not impose sanctions if such an award would be unjust under the circumstances. *See* Fed. R. Civ. P. 37(a)(5)(i-iii). Section 1927 provides that a court should not impose sanctions absent a showing of "'bad faith, improper motive, or reckless disregard of the duty owed to the court.'" *Thomas v. Baca*, Case No. CV 04-08448 DDP (SHx), 2005 U.S. Dist. Lexis 4780, at *7 (C.D. Cal. Feb. 3, 2005) (citation omitted). Sanctions are not warranted and would be unjust here.

---

[1] These Outlook calendars were collected from paper files at MGA. Accordingly the formatting of the print out appears to "cut off" a portion of the text. MGA searched for the electronic versions of these calendars, but they could not be found. (Khare Decl., ¶ 4.)

1    Contrary to Mattel's assertions, MGA did not willfully or vexatiously defy the
2 Discovery Master's May 15, 2007 order. MGA produced the responsive portions of
3 the calendars and day planners months ago, as ordered.
4    The manner of MGA's production (namely, producing the responsive portions
5 from a calendar) has been approved by courts in this judicial district. *See, e.g.,*
6 *Kalima v. Regents of the Univ. of Cal.*, Case No. C 06-1503 SI, 2007 U.S. Dist.
7 LEXIS 40887, at *3 (N.D. Cal. May 21, 2007) (requiring defendant to produce only
8 those calendar entries that refer or relate to plaintiff). Moreover, MGA's prior
9 production is consistent with a reasonable interpretation of Mattel's requests and the
10 Discovery Master's order. Notably, Mattel did not seek, nor was MGA ordered to
11 produce "*all* calendars prior to January 1, 2001." To the contrary, as noted above,
12 Request Nos. 32 & 69 seek only pre-2001 documents that refer or relate to Bratz and
13 communications between MGA and Bryant prior to January 1, 2001, including
14 calendars that reflect, refer or relate to those communications. (Proctor Decl., Ex. 6:
15 32-33.) Consistent with the Requests, the Discovery Master's order and case law,
16 MGA produced those responsive calendar items that it was able to locate following a
17 reasonably diligent search – namely, responsive items from Mr. Larian's Franklin
18 Planner, David Malacrida's Franklin Planner, Rachel Harris' Franklin Planner, and
19 the monthly pages of Mr. Larian's Outlook calendar.
20    Since then, MGA has also produced the additional pre-2001 calendars and
21 planners sought by Mattel that it could locate following a reasonably diligent search,
22 regardless of their non-responsiveness. In short, MGA complied with the Discovery
23 Master's order and more. Sanctions are unwarranted.
24
25 / / /
26 / / /
27 / / /
28 / / /

## IV. CONCLUSION

For the foregoing reasons, the Discovery Master should deny Mattel's motion to compel and for sanctions in its entirety.

DATED: February 7, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: *Raoul Kennedy* (signature)
Raoul D. Kennedy

Attorneys for Counter-Defendants
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, and MGAE de MEXICO S.R.L. de C.V.