THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail:    tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, 38th Floor
San Francisco, California 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
E-mail:    rkennedy@skadden.com

Attorneys for MGA Entertainment, Inc.,
MGA Entertainment (HK) Limited,
MGAE De Mexico, S.R.L. De C.V., and ISAAC LARIAN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]<br><br>**MGA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA IN RESPONSE TO MATTEL'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA**<br><br>[Declaration of Philip W. Marsh filed concurrently herewith]<br><br>Date: TBD<br>Time: TBD<br>Place: TBD |

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ...................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I. PRELIMINARY STATEMENT ..................................................................... 1

II. STATEMENT OF FACTS ............................................................................. 3

    A. MGA Responded to Mattel's Fifth Set of Document Requests in a Timely Manner with Specific Objections Tailored to the Shortcomings of Each Request ......................................................... 3

    B. In Violation of the Discovery Master Order, the Federal Discovery Rules and the Local Rules, Mattel Filed the Present Motion on the Last Day of Discovery Without Initiating a Timely Meet and Confer. ................................................................................. 4

III. ARGUMENT ................................................................................................... 5

    A. The Discovery Master Should Deny Mattel's Motion Because Mattel Failed to Comply with the Discovery Master Order, the Federal Rules of Civil Procedure and the Local Rules. ....................... 5

    B. The Discovery Master Should Deny Mattel's Motion Because Mattel Has Failed to Show It Is Entitled to the Requested Discovery and Mattel's Requests are Overly Broad and Seek Irrelevant and Cumulative Matter. .................................................... 7

        1. Mattel's Generalized, Blanket Assertions Do Not Justify an Order to Compel. .................................................................... 7

        2. MGA's Objections are Correct—Mattel's Requests Are Overbroad and Unduly Burdensome and Seek Documents that Are Irrelevant or Are Duplicative or Cumulative of Other Discovery. ................................................................. 10

            (a) Mattel's Requests Seek Documents that Are Not Relevant to the Claims and Defenses in the Case. ........ 10

            (b) Mattel's Requests are Overbroad and Unduly Burdensome. ............................................................... 11

            (c) Mattel's Requests are Duplicative or Cumulative. ......... 12

    C. Mattel Should Be Sanctioned for Bringing Its Frivolous Motion. ...... 14

IV. CONCLUSION .............................................................................................. 14

-i-

MGA'S OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA IN RESPONSE TO MATTEL'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Glass v. Beer,*
2007 U.S. Dist. LEXIS 25920 (E.D. Cal. 2007) .................................................. 6

*Harnden v. Key,*
2006 U.S. Dist. LEXIS 94388 (E.D. Cal. 2006) .................................................. 7

*Hoelvel v. First Select Corp.,*
214 F.R.D. 634 (D. Colo. 2003) .......................................................................... 6

*In re Intuit Privacy Litig.,*
138 F. Supp. 2d 1272 (C.D. Cal. 2001) ............................................................... 8

*In re Sulfuric Acid Antitrust Litig.,*
231 F.R.D. 331 (N.D. Ill. 2005) .......................................................................... 7

*Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.,*
339 F.3d 180 (3d Cir. 2003) ................................................................................ 6

*Oakes v. Halvorsen Marine Ltd.,*
179 F.R.D. 281 (C.D. Cal. 1998) ........................................................................ 7

*Pacific Coast Fed'n of Fishermen's Ass'n v. U.S. Bureau of Reclamation,*
138 F. Supp. 2d 1228 (N.D. Cal. 2001) ............................................................... 8

*Pulsecard, Inc. v. Discover Card Servs., Inc.,*
168 F.R.D. 295 (D. Kan. 1996) ........................................................................... 6

*Robinson v. Potter,*
453 F.3d 990 (8th Cir. 2006) ............................................................................... 5

*Rose v. Beverly Health & Rehab. Servs., Inc.,*
2006 U.S. Dist. LEXIS 91740 (E.D. Cal. 2006) .................................................. 8

*Saca v. J.P. Molyneux Studio Ltd.,*
2008 U.S. Dist. LEXIS 3857 (E.D. Cal. 2008). ................................................. 12

*Soto v. City of Concord,*
162 F.R.D. 603 (N.D. Cal. 1995) ......................................................................... 6

**STATUTES**

Fed. R. Civ. P. 37(a)(1) ................................................................................. 5

Fed.R.Civ.P. 26(b)(2)(C ................................................................................ 7

Fed.R.Civ.P. 37(a)(5)(B) .............................................................................. 14

**RULES**

L.R. 37-1 ........................................................................................................ 5

Local Rule 7-3 ............................................................................................... 5

-iii-

MGA'S OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA IN RESPONSE TO MATTEL'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA

# MEMORANDUM OF POINTS AND AUTHORITIES

Counter-defendants MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V., and Isaac Larian (collectively, the "MGA Defendants") file this memorandum in opposition to Mattel's Motion to Compel Production of Documents by MGA in Response to Mattel's Fifth Set of Requests for Documents and Things to MGA ("Motion to Compel").

## I. PRELIMINARY STATEMENT

Of the fourteen discovery motions filed by Mattel on the last day of Phase 1 discovery, the present Motion to Compel is one of the most frivolous. Mattel had MGA's objections and responses to Mattel's Fifth Set of Requests for Documents and Things ("the Requests") since December 27, 2007. Nevertheless, Mattel waited more than a month until the afternoon of the last day of Phase 1 discovery—a day on which twelve depositions were being conducted—to send MGA a three-sentence email demanding to meet and confer immediately regarding MGA's responses to the Requests. Just a few hours later, Mattel filed its Motion to Compel.

Mattel's eleventh-hour filing blatantly violates the Stipulation and Order for Appointment of a Discovery Master ("Discovery Master Order"), which expressly requires at least a five-day meet and confer period before any discovery motion is filed. Mattel did not allow MGA even a single day to consider Mattel's request to meet and confer, much less the five days mandated in the Discovery Master Order. Nor did Mattel's cursory email come anywhere close to level of specificity required under the Discovery Master Order.[1] Notably, although Mattel states in its "Statement of Rule 37-1 Compliance" that it "attempted" to meet and confer with MGA, Mattel cannot certify that it conferred *in good faith*, as required by both Federal Rule of Civil Procedure 37 and Local Rule 37-1. In view of Mattel's clear

---

[1] Declaration of Philip W. Marsh ("Marsh Decl."), Ex. C at ¶ 5 (requiring a party to "identify each dispute, state the relief sought, and identify the authority supporting the requested relief in a meet and confer letter").

1  violation of the Court's rules and orders in bringing the present motion, Mattel's
2  Motion to Compel should be denied.
3        The Discovery Master should also deny the Motion to Compel because, as set
4  forth in MGA's objections and responses and further explained below, Mattel's
5  document requests are, among other things, overly broad and seek documents that
6  are irrelevant or are duplicative or cumulative of other discovery. Mattel fails to
7  show otherwise.
8        Rather than separately address the merits of each Request and MGA's
9  objections thereto, Mattel makes sweeping, generic assertions that MGA's objections
10 are all "boilerplate" and Mattel's requests all seek "highly relevant" information.
11 Such generalized arguments fail to address the specific objections that MGA has
12 asserted against the vast majority of Mattel's requests and are insufficient to
13 demonstrate that Mattel is entitled to the requested discovery.
14       Moreover, Mattel's assertions are wrong. Mattel's broad assertions that the
15 requested documents are relevant to issues of damages, joint and several liability,
16 and enforcement of a potential judgment are unfounded and based on nothing more
17 than conjecture and gross misinterpretations of the evidence. In addition, far from
18 being mere "boilerplate," MGA's objections to the Requests provide a detailed
19 description of why each of Mattel's document requests is improper.[2] That MGA
20 asserted the same types of objections to most or all of the Requests does not mean
21 that MGA's objections are "boilerplate;" rather it indicates that Mattel made little to
22 no effort to properly tailor the vast majority of its document requests.
23       In fact, Mattel appears to have made every effort to draft its documents
24 requests to be as broad as possible, sweeping in matter that is either plainly irrelevant
25 or is duplicative or cumulative of discovery already sought and obtained by Mattel.
26 For example, many of Mattel's requests seek financial or corporate governance

---

[2] Marsh Decl., Ex. A.

documents for the period *before* 1999 even though such documents would not be relevant to damages, joint and several liability, or enforcement of any judgment.[3] Tellingly, Mattel does not argue anywhere in its Motion to Compel that pre-1999 documents are relevant or discoverable.

Accordingly, the Discovery Master should deny Mattel's Motion to Compel in its entirety. In addition, because Mattel has flouted the Court's rules and orders, as well as the Federal Rules of Civil Procedure, in bringing its motion, and because Mattel's motion is also frivolous for, among other things, failing to specifically address each of the Requests and MGA's objections, Mattel should be sanctioned $3,500, which represents a portion of the expenses that MGA has incurred in opposing the present motion.

## II. STATEMENT OF FACTS

### A. MGA Responded to Mattel's Fifth Set of Document Requests in a Timely Manner with Specific Objections Tailored to the Shortcomings of Each Request.

During the course of this nearly four-year-old litigation, MGA has worked diligently to meet its discovery obligations, producing more than 4.2 million pages of documents in response to more than 2,700 individual requests for production propounded by Mattel on the MGA Defendants.[4] On November 27, 2007, Mattel served its Fifth Set of Requests for Documents and Things to MGA.[5] These Requests comprise 47 broad requests for various financial and corporate governance documents. On December 27, 2007, MGA served timely objections and responses to the Requests.[6] In its objections and responses, MGA objected to each of the Requests with specific objections tailored to the shortcomings of each request.

---

[3] *See, e.g.*, Declaration of Tamara Jih, dated January 28, 2008 ("Jih Decl."), Ex. 1 at Request Nos. 1-7.
[4] Marsh Decl. ¶ 1.
[5] Jih Decl., Ex. 1.
[6] Marsh Decl., Ex. A.

### B. In Violation of the Discovery Master Order, the Federal Discovery Rules and the Local Rules, Mattel Filed the Present Motion on the Last Day of Discovery Without Initiating a Timely Meet and Confer.

Despite knowing that the Phase 1 discovery cut-off date—January 28, 2008—was fast approaching, Mattel delayed and did nothing in response to MGA's objections and responses to the Requests for more than a month. Then, literally in the eleventh hour, on the afternoon of January 28, 2008, Mattel sent a three-sentence email to MGA's counsel demanding that MGA immediately meet and confer regarding MGA's objections to the Requests.[7] As Mattel well knew, most of MGA's attorneys (including the attorney responsible for MGA's responses to the Requests) were occupied with the twelve depositions occurring that day—most of which were noticed by Mattel.[8] In addition to the improper timing of Mattel's meet and confer demand, Mattel's brief email made no attempt to comply with the Discovery Master Order, the Federal Rules of Civil Procedure or the Local Rules, and, indeed, provided no notice of the specific issues that Mattel sought to address.[9]

MGA's counsel responded that it could not meet and confer in light of the timing of Mattel's demand and notified Mattel of its clear violation of the Discovery Master Order.[10]

Despite its failure to comply with the Discovery Master Order and the governing rules, and despite MGA's warnings regarding those deficiencies, Mattel proceeded to file its Motion to Compel *within just a few hours of its improper and untimely meet and confer demand.*[11]

---

[7] *Id.*, Ex. B.
[8] *Id.* ¶ 5
[9] *Id.*, Ex. B.
[10] *Id.*
[11] Rather than giving MGA the required five days to meet and confer, Mattel filed its motion within about five hours of its request to meet and confer. *Compare id.*, Exs. B and D *with id.*, Ex. C at 4:13-15; *see also id.* ¶¶ 4, 6, 7.

-4-

## III. ARGUMENT

### A. The Discovery Master Should Deny Mattel's Motion Because Mattel Failed to Comply with the Discovery Master Order, the Federal Rules of Civil Procedure and the Local Rules.

Mattel failed to meet and confer in good faith with MGA, as it was required to do. The Discovery Master Order in this case prohibits a party from filing a discovery motion until at least five court days after that party has requested to meet and confer in good faith regarding the subject of the motion.[12] Rule 37 of the Federal Rules of Civil Procedure also requires that when a party moves to compel disclosure or discovery from another party, "[t]he motion *must* include a certification that the movant has in good faith conferred or attempted to confer" with the other party. Fed. R. Civ. P. 37(a)(2)(A) (emphasis added). Likewise, Local Rule 37-1 requires that "[p]rior to filing *any* motion relating to discovery . . . counsel for the parties *shall confer in a good faith effort* to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." L.R. 37-1 (emphasis added). *See also* L.R. 7-3.

There is no question that Mattel violated the Discovery Master Order, the Federal Rules of Civil Procedure and the Local Rules. Mattel was served MGA's objections on December 27, 2007, and therefore had ample time in which to initiate a timely meet and confer with MGA regarding the Requests. Mattel did not do so. Indeed, instead of initiating a meet and confer at least five *days* before the discovery cut-off, as required by the Discovery Master Order, Mattel waited until five-and-a-half *hours* before close of business on the discovery cut-off date to demand an immediate meet and confer. The timing of Mattel's demand is particularly egregious because that same day, most of the parties' attorneys (including the MGA attorney responsible for preparing the objections to the Requests) were conducting and defending twelve depositions, the overwhelming majority of which had been noticed

---

[12] Marsh Decl., Ex. C at ¶ 5.

by Mattel.[13] Tellingly, Mattel offers no explanation for why it did not initiate a meet and confer earlier.

Mattel's so-called "attempt" to meet and confer falls far short of the good faith efforts required of Mattel. In similar situations, federal courts have held that a motion to compel should be denied because the party did not make an effort to resolve the issue informally before asking for the court's assistance. *See, e.g., Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (affirming a district court's refusal to compel production where no attempt was made to resolve the issue informally before filing a motion to compel) (citing *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir. 2003)). Indeed, in a strikingly similar situation, a district court found that the movant had not satisfied a local rule that required parties to meet and confer prior to filing motions where the movant had sent the other party a single email that demanded compliance and did not suggest any negotiation or compromise. *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003) (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996)).

Here, Mattel's meet and confer "attempt" consisted entirely of a single email sent a few hours before filing its motion to compel, in which Mattel demanded compliance with the Requests without any suggestion of negotiation or compromise.[14] Mattel's conduct is particularly egregious because it had MGA's objections and responses to the Requests for more than a month, but chose not to respond until the last possible moment.

The Discovery Master should deny Mattel's precipitously filed Motion to Compel based on Mattel's clear violation of the Discovery Master Order, the Federal Rules of Civil Procedure and the Local Rules.

---

[13] *Id.* ¶ 5.
[14] Marsh Decl., Ex. B.

### B. The Discovery Master Should Deny Mattel's Motion Because Mattel Has Failed to Show It Is Entitled to the Requested Discovery and Mattel's Requests are Overly Broad and Seek Irrelevant and Cumulative Matter.

In addition to Mattel's violation of the Discovery Master Order and governing rules, Mattel's Motion to Compel suffers from serious substantive deficiencies, which also mandate denial of Mattel's motion. Mattel is required to identify *for each disputed response* why the information sought is relevant and why defendant's substantial and specific objections are not justified. *See Glass v. R. Beer*, 01:04-cv-05466-OWW-SMS PC, 2007 U.S. Dist. LEXIS 25920, at *20-28 (E.D. Cal. Mar. 22, 2007) ; *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) ("The party seeking to compel discovery bears the burden of showing that his request satisfies the relevance requirement of Rule 26.)." Mattel also must show "actual and substantial" prejudice from the denial of discovery. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 339 (N.D. Ill. 2005); *Harnden v. Key*, CV F02-6529 REC LJOP, 2006 U.S. Dist. LEXIS 94388, at *5-6 (E.D. Cal. Dec. 15, 2006) (moving party on a motion to compel bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery). In addition, a court must limit the frequency and extent of discovery requests if it finds that the requests are unreasonably duplicative or cumulative of other discovery, that the requesting party has had ample opportunity to obtain the information through discovery, or that the requests are unduly burdensome. *See* Fed.R.Civ.P. 26(b)(2)(C).

As demonstrated below, Mattel has failed to show that it is entitled to the requested discovery or that the Requests are properly tailored.

### 1. Mattel's Generalized, Blanket Assertions Do Not Justify an Order to Compel.

Mattel's Motion to Compel fails to address properly the substance of the Requests or MGA's objections thereto. Instead, Mattel makes generalized, blanket assertions that all of MGA's objections are "boilerplate" and all of Mattel's requests

-7-

1 seek "highly relevant" information. Indeed, of the 47 Requests, Mattel's motion
2 addresses only a handful of them. (Mot. at 3-5, footnotes 7-9, 15.)

3       Mattel's generic assertions are insufficient to satisfy Mattel's burden of
4 showing why the requested documents are relevant, that Mattel will suffer actual and
5 substantial prejudice without them, and why MGA's objections are not justified.
6 Although Mattel argues that, as a general matter, financial and corporate governance
7 documents are relevant to issues of damages, joint and several liability and
8 enforcement of judgments, Mattel fails to link any of its generalized relevance
9 arguments to the specific Requests at issue here. For example, Mattel offers no
10 explanation as to how copies of MGA's early corporate governance documents[15] or
11 all shareholder and board of directors meeting minutes since MGA's inception[16] are
12 relevant to determining whether Mr. Larian and MGA would be held jointly and
13 severally liable in this case.

14       Mattel's generalized arguments about MGA's objections similarly fail because,
15 for the most part, Mattel has not addressed MGA's objections in the context of the
16 actual requests. Viewing an objection based on overbreadth, undue burden or some
17 other ground in isolation—divorced from the particular request that the objection is
18 directed to—is a fruitless exercise because it does not help answer the critical
19 issue—whether a *particular* objection to a *particular* discovery request is proper.

20       Even when Mattel appears to address an objection in the context of a particular
21 request, Mattel does so only in passing, without considering the actual language of
22 the request. For example, Mattel baldly asserts that "it can hardly be the case that it
23 would be 'overly broad and unduly burdensome' for MGA to produce its Articles of
24 Incorporation, its By-Laws, and other corporate governance documents."[17] The
25 "other corporate governance documents" that Mattel refers to include numerous

---

[15]  See, e.g., Jih Decl., Ex. 1 at 6 (Request Nos. 1-3).
[16]  See, e.g., Jih Decl., Ex. 1 at 7 (Request Nos. 9 & 11.)
[17]  Mot. at 3 (citing Request Nos. 1-11).

financial documents from before 1999, all of MGA's tax returns since its incorporation, and the minutes from every shareholder and board of directors meeting that ever took place.[18] Contrary to Mattel's assertion, it certainly *is* the case that it would be unduly burdensome and inappropriate for MGA to produce all of these largely irrelevant documents. The same is true for MGA's Articles of Incorporation and By-Laws. Those documents may relate generally to MGA, but they otherwise have no relevance to any claim or defense in this action. *See* Discovery Master's May 22, 2007 Order at 21:5-7 (finding that requests seeking documents "merely mention[ing] MGA and Bratz but that otherwise have no relevance to the claims and defenses in the suit" are impermissibly overbroad).

In short, Mattel has failed to meet its burden of showing that the broad discovery it seeks is relevant, that Mattel will suffer actual and substantial prejudice if it is denied that discovery, and that MGA's objections are not justified. Having failed in its moving papers to make any specific argument or factual showing regarding MGA's responses and objections to the Requests, it would also be improper for Mattel to attempt to do so for the first time in its reply.[19] Accordingly, the Discovery Master should deny Mattel's Motion to Compel.

---

[18] Jih Decl., Ex. 1 at 6-7 (Request Nos. 4-11).

[19] *See In re Intuit Privacy Litig.*, 138 F. Supp. 2d 1272, 1275 n.3 (C.D. Cal. 2001) ("[T]his court does not consider arguments raised anew for the first time in a reply brief as to do so would unfairly deny the non-moving party an opportunity to respond"). "It is well established in this circuit that courts typically do not consider arguments raised for the first time in a reply brief, as doing so may unfairly deprive [the other party] of its opportunity to make a meaningful response." *Rose v. Beverly Health & Rehab. Servs., Inc.*, CV F06-0067 AWI DLB, 2006 U.S. Dist. LEXIS 91740, at *22 (E.D. Cal. Dec. 7, 2006) (citing *Pacific Coast Fed'n of Fishermen's Ass'n v. U.S. Bureau of Reclamation*, 138 F. Supp. 2d 1228, 1248 n.17 (N.D. Cal. 2001). *See also Sophanthavong v. Palmateer*, 365 F.3d 726, 737 (9th Cir. 2004) (declining to reach argument that appellant failed to raise in the opening brief and raised for the first time in the reply brief).

### 2. MGA's Objections are Correct—Mattel's Requests Are Overbroad and Unduly Burdensome and Seek Documents that Are Irrelevant or Are Duplicative or Cumulative of Other Discovery.

Recognizing its failure to meet its burden of showing relevance, prejudice and the purported impropriety of MGA's objections, Mattel attempts to shift the burden to MGA. Mattel asserts that MGA, as the party objecting to discovery, has the burden of "clarifying, explaining, and supporting" its objections and the burden of showing the that the discovery should not be allowed.[20] Mattel is wrong. As shown above, it is Mattel that bears – but has failed to meet – the burden of demonstrating its entitlement to the requested discovery.

Even if MGA bore the burden that Mattel suggests (which it does not), MGA has met that burden. MGA provided specific objections tailored to each of Mattel's Requests,[21] which Mattel has failed to properly and fully address, much less rebut. Moreover, as set forth in MGA's objections and more fully explained below, Mattel is not entitled to the discovery it seeks because the Requests seek irrelevant information, are overly broad and unduly burdensome, and seek documents that are duplicative or cumulative of other discovery.[22]

### (a) Mattel's Requests Seek Documents that Are Not Relevant to the Claims and Defenses in the Case.

Mattel asserts that the financial and corporate governance documents it has requested are relevant to issues of damages, joint and several liability, and enforcement of a potential judgment.[23] But many of the documents requested have no bearing on these issues. Numerous requests seek corporate governance and financial

---

[20] Mot. at 3.
[21] See Marsh Decl., Ex. A.
[22] MGA has identified additional flaws with each of Mattel's Requests that can be found in MGA's objections and responses. See Marsh Decl., Ex. A.
[23] Mot. at 4-6.

...
...
...

documents from before 1999.[24] Mattel has provided no explanation as to how such documents are relevant to the issues identified in the Motion to Compel. Indeed, the documents are wholly *irrelevant* to any claim or defense in this action because no claim or defense encompasses any alleged acts by MGA before 1999. In addition, the Discovery Master has previously found that requests before 1999 are overreaching. By accepting 1999 as a lower limit, Mattel has tacitly admitted that 1999 is the proper cut-off for documents it seeks.[25]

Mattel also asserts that it is entitled to all of the requested financial documents because "there is reason to believe" that Mr. Larian "has begun to siphon away MGA's assets."[26] Significantly, the only explanation that Mattel offers for its absurd speculation is that Mr. Larian's compensation from 1997 to 2000—*i.e.*, *before* MGA released Bratz—stayed about the same, but that his compensation increased between 2001 and 2007—*i.e.*, *after* MGA's successful release of Bratz. The only logical and reasonable interpretation of the evidence of Mr. Larian's increased compensation is that, as is often case with businesses, Mr. Larian's compensation increased as the company's revenue base increased. Without more, Mattel's unsupported speculation does not justify its sweeping and intrusive demands.

### (b) Mattel's Requests are Overbroad and Unduly Burdensome.

Most of Mattel's document requests are also overly broad and unduly burdensome. In addition to being overly broad because they seek irrelevant matter (discussed above) and because they seek duplicative or cumulative matter (discussed

---

[24] *See, e.g.*, Request Nos. 4-7, Jih Decl., Ex. 1 at 6:13-26.

[25] *See, e.g.*, Discovery Master's December 31, 2007 Order at 14:8-15:1 regarding Request No. 198. Mattel has subsequently challenged the higher end of the 1999-2005 time limit placed on the request but did not challenge the lower 1999 limit in its recent Motion for Reconsideration of the Discovery Master's December 31, 2007 Order filed on January 16, 2008.

[26] Mot. at 5.

below), many of the Requests are overly broad because Mattel has defined terms expansively. For instance, Request No. 1 seeks "YOUR Articles of Incorporation and any amendments thereto." Mattel, however, broadly defined "YOUR" to include "all current or former subsidiaries, divisions, AFFILIATES [defined as "all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such PERSON, party or entity"], predecessors-in-interest and successors-in-interest."[27] Thus, as expressly defined by Mattel, Request No. 1 seeks not only MGA's "Articles of Incorporation and any amendments thereto," but also all such documents for a laundry list of other entities. Requiring MGA to produce all of these documents, many of which would be undeniably irrelevant, is unnecessary and unduly burdensome.

It is apparent that Mattel made little to no effort to draft its requests to target only relevant categories of documents. Indeed, given how expansively Mattel defined its terms, Mattel appears to have purposefully drafted its document requests to be as broad as possible. Because Mattel's requests are overly broad and not properly tailored to seek only relevant, non-duplicative and non-cumulative information, Mattel's Motion to Compel should be denied. *See Saca v. J.P. Molyneux Studio Ltd.*, 2008 U.S. Dist. LEXIS 3857, at *8-9 (E.D. Cal. 2008) (requiring party to narrow its document request so that it is "more narrowly tailored to the time period and the subject matter at issue . . .").

        **(c)   Mattel's Requests are Duplicative or Cumulative.**

As set forth in MGA's objections to the Requests, the overwhelming majority of Mattel's document requests seek materials that are duplicative or cumulative of

---

[27] Jih Decl., Ex. 1 at 2.

other discovery. For example, many of the Requests demand financial documents relating to Mr. Larian. Mattel, however, already propounded hundreds of document requests on Mr. Larian seeking the same or similar information.[28] Moreover, MGA has produced tens of thousands of pages of financial documents and Mr. Larian recently produced more than 50,000 pages of documents, including documents showing Mr. Larian's net worth, gross income and its sources, and pertinent banking information.[29]

Mattel's Requests also seek certain quarterly and annual financial statements, as well as general ledgers (Request Nos. 4-6). However, MGA already produced audited and unaudited quarterly and annual profit and loss statements, audited and unaudited quarterly and annual statements, annual reports, general ledgers, and various other MGA financial reports, in response to other document requests.[30]

Mattel's requests for documents relating to corporate governance also are duplicative or cumulative of discovery already obtained by Mattel. In fact, Mattel effectively concedes as much by citing in its Motion corporate governance evidence relating to Mr. Larian's position in the company.[31]

That Mattel's requests are duplicative or cumulative of other discovery is hardly surprising given that Mattel served more than 2,700 document requests in this case. Indeed, although Mattel complains about MGA's other objections in its Motion to Compel, Mattel does not contest MGA's objections that the Requests are duplicative and cumulative of other discovery. Given that MGA and Mr Larian have already made a very substantial production of documents in this case, including

---

[28] Marsh Decl., Ex. A at 26-45 (objecting to Request Nos. 12-22 because, *inter alia*, the requests were duplicative or cumulative of prior requests, including Request Nos. 229-265 of Mattel's First Set of Requests for Production to Mr. Larian); Ex. E (attaching Mattel's First Set of Requests for Production to Isaac Larian).
[29] Marsh Decl. ¶ 1.
[30] *Id.*
[31] Mot. at 4-5.

many documents responsive to the Requests at issue here, requiring MGA to produce additional documents responsive to the Requests would be unreasonably duplicative and cumulative.

### C. Mattel Should Be Sanctioned for Bringing This Motion.

As shown above, Mattel's Motion to Compel is unnecessary and frivolous. Moreover, Mattel flagrantly violated the Discovery Master Order, as well as the Federal Rules and Local Rules, by failing to make the required good faith effort to meet and confer before filing this Motion. MGA should not have to bear the burden of opposing Mattel's meritless motion. Accordingly, for at least these reasons, the Discovery Master should not only deny Mattel's motion, but should also order Mattel to pay MGA $3,500 in sanctions for bringing this improper motion. *See* Fed.R.Civ.P. 37(a)(5)(B) (providing that if a motion is denied, the moving party or its attorney may be ordered to pay the party opposing the motion). Such amount represents a portion of the expenses that MGA incurred in preparing this opposition.[32]

## IV. CONCLUSION

For the foregoing reasons, the Discovery Master should deny Mattel's Motion to Compel and award sanctions to MGA in the amount of $3,500.

DATED: February 7, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
RAOUL D. KENNEDY

Attorneys for Counter-Defendants
MGA Entertainment, Inc.,
MGA Entertainment (HK) Limited,
MGAE De Mexico, S.R.L. De C.V.,
and ISAAC LARIAN

---

[32] Marsh Decl. ¶ 7.