# EXHIBIT A

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:    tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, Suite 3800
   San Francisco, CA  94111
7  Telephone:  (415) 984-6400
   Facsimile:  (415) 984-2698
8
   Attorneys for MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA
9  ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                   EASTERN DIVISION

| | | |
|---|---|---|
| 13 | CARTER BRYANT, an individual | ) | CASE NO. CV 04-9049 SGL (RNBx) |
| 14 | Plaintiff, | ) | Consolidated with Case No. 04-9059 |
| 15 | v. | ) | and Case No. 05-2727 |
| 16 | MATTEL, INC., a Delaware corporation | ) | **MGA ENTERTAINMENT, INC.'S OBJECTIONS AND** |
| 17 | Defendant. | ) | **RESPONSES TO MATTEL INC.'S FIFTH SET OF** |
| 18 | | ) | **REQUESTS FOR DOCUMENTS AND THINGS** |
| 19 | | ) | **TO MGA ENTERTAINMENT, INC.** |
| 20 | | ) | Honorable Stephen G. Larson |
| 21 | | ) | Courtroom 1 |
| 22 | Consolidated with MATTEL, INC. v. | ) | |
| 23 | BRYANT and MGA ENTERTAINMENT, INC. v. | ) | |
| 24 | MATTEL, INC. | ) | |
| 25 | | ) | |

26  PROPOUNDING PARTY:       MATTEL, INC.

27  RESPONDING PARTY:        MGA ENTERTAINMENT, INC.

28  SET NUMBER:              FIFTH

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

Exhibit A, Page 4

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, MGA

2  Entertainment, Inc. ("MGA") hereby submits these responses and objections (the

3  "Response") to Mattel, Inc.'s ("Mattel's") Fifth Set of Requests for Production of

4  Documents to MGA (the "Requests").

5                                          **GENERAL RESPONSE**

6         The General Response and General and Specific Objections set forth herein

7  apply to all documents that MGA may in the future produce in response to the

8  Requests.  The Response is made without waiving, or intending to waive but, on the

9  contrary, expressly reserving:  (a) the right to object, on the grounds of competency,

10  privilege, relevancy or materiality, or any other proper grounds, to the use of the

11  documents, for any purpose in whole or in part, in any subsequent step or proceeding

12  in this action or any other action; (b) the right to object on any and all grounds, at

13  any time, to other requests for production or other discovery procedures involving or

14  relating to the subject matter of the Requests; and (c) the right at any time to revise,

15  correct, add to, or clarify any of the responses propounded herein.

16         The Response reflects only the present state of MGA's discovery regarding the

17  documents that Mattel seeks.  Except as otherwise stated below, an objection to a

18  specific document request does not imply that documents responsive to the request

19  exist or have ever existed.  In addition, an agreement to produce documents

20  responsive to any specific document request does not imply that documents

21  responsive to the request exist or have existed; rather, it is an agreement to produce

22  non-privileged documents responsive to that particular document request as limited

23  by or interpreted in any applicable General or Specific objections, if any exist.

24  Production of any document is not intended as, and, to the extent permitted by law,

25  shall not be deemed to be, a waiver of any objection set forth herein.  Discovery and

26  other investigation or research concerning this litigation are continuing.  MGA,

27  therefore, reserves the right to amend or supplement this Response at any time in

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

1

Exhibit A, Page 5

1  light of future investigation, research or analysis, and also expressly reserves the

2  right to rely on, at any time, including trial, subsequently discovered information or

3  information omitted from this Response as a result of mistake, error, oversight or

4  inadvertence.  MGA does not hereby admit, adopt or acquiesce in any factual or

5  legal contention, assertion or characterization contained in the Request or any

6  particular request therein, even where MGA has not otherwise objected to a

7  particular request, or has agreed to produce documents responsive to a particular

8  request.

9      MGA invites Mattel to meet and confer regarding these Reponses, the scope

10  of the Requests, and arriving at protocol for production of documents in this

11  litigation.

12                    **GENERAL OBJECTIONS**

13      MGA incorporates the following General Objections, as well as the General

14  Response, into its Specific Responses and Objections to each and every request for

15  documents contained in the Requests:

16          1.    MGA objects to the date and place of production on the grounds

17  that they impose an undue burden on MGA.  The time set for compliance is unduly

18  burdensome, especially in light of the number of document requests, and the scope

19  and volume of the material being sought.  To the extent MGA later agrees to produce

20  responsive documents, MGA intends to proceed expeditiously to collect the

21  documents for production, if any, and will produce them at a date and time, and in

22  such a manner, as may be mutually agreed to by counsel for the parties.

23          2.    MGA objects to the Requests to the extent that they seek

24  documents not relevant to the claims or defenses in this action and are not reasonably

25  calculated to lead to the discovery of admissible evidence.

26          3.    MGA objects to the Requests on the grounds that they are overly

27  broad and unduly burdensome.

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

2

Exhibit A, Page 6

1    4.    MGA objects to the Requests insofar as they seek documents that
2   are protected from disclosure under any applicable privilege, doctrine or immunity,
3   including without limitation the attorney-client privilege, the attorney work product
4   doctrine, the right of privacy, and all other privileges recognized under the
5   constitutional, statutory or decisional law of the United States of America or any
6   other applicable jurisdiction.  MGA shall not produce such documents in response to
7   Mattel's Request.  Any production of such protected or privileged materials is
8   inadvertent and shall not be construed as a waiver of those privileges or protections.
9    5.    MGA objects to the Requests insofar as they seek documents that
10  by reason of public filing, public distribution or otherwise are already in Mattel's
11  possession or are readily accessible to Mattel from public sources or third parties.
12   6.    MGA objects to the Requests insofar as they seek production of
13  documents (1) not within its possession, custody or control; (2) that MGA cannot
14  locate after a reasonably diligent search; or (3) that refer to persons, entities, or
15  events not known to MGA.  Such instructions, definitions, or requests are
16  objectionable where they subject MGA to unreasonable and undue annoyance,
17  oppression, burden, and expense; and/or seek to impose upon MGA an obligation to
18  produce documents from sources equally accessible to Mattel.  To the extent MGA
19  agrees to produce documents in response to the Requests, MGA will make a
20  reasonably diligent search for responsive documents within its possession, custody
21  control.
22   7.    In responding to Mattel's Requests, MGA has not and will not
23  comply with any instructions or definitions that seek to impose requirements in
24  addition to those imposed by Federal law.
25   8.    MGA objects to each and every request to the extent it purports to
26  require MGA to search all documents and things within its possession, custody or
27  control or within the possession, custody or control of any of MGA's current or
28

1  former employees, officers, directors, agents, representatives, attorneys, parents,

2  subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest,

3  and any other person acting on its behalf, pursuant to its authority or subject to its

4  control, on the grounds that such request is unreasonable, overbroad, unduly

5  burdensome and oppressive, violates the right to privacy, and purports to require

6  MGA to search for documents not within its possession, custody or control.  To the

7  extent MGA agrees to produce documents in response to the Requests, MGA will

8  make a reasonably diligent search for responsive documents within its possession,

9  custody or control and located at MGA's Van Nuys, California offices.

10       9.    MGA objects to each and every request to the extent it seeks "all

11 documents" responsive to a certain category on the grounds that such request is

12 overbroad and unduly burdensome and oppressive.  MGA will not respond to

13 duplicative or cumulative requests and will not re-produce documents it has already

14 produced or produce documents that it has received from Mattel or others in the

15 course of discovery in this matter.

16       10.   MGA objects to the Requests insofar as they seek production of

17 confidential, proprietary, or trade-secret information, the disclosure of which would

18 be inimical to the business interests of MGA.

19       11.   MGA objects to each request to the extent it seeks information

20 relating to the activities or conduct of other entities or non-parties.

21       12.   MGA objects to each request to the extent it seeks information

22 relating to activities or conduct in foreign countries.

23       13.   MGA objects to the Definitions and Instructions to the extent

24 such Definitions and Instructions purport to enlarge, expand, or alter in any way the

25 plain meaning and scope of any specific term or specific request on the ground that

26 such enlargement, expansion, or alteration renders such a term or request vague,

27 ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

28

14.     MGA objects to the Instructions to the extent that they purport to deprive MGA of the right to redact information from any documents "for any reason."  MGA retains and reserves the right to redact documents on any appropriate grounds, including in particular for privilege.

15.     MGA specifically objects to the following definitions in the Requests:

(a)     MGA objects to the terms "YOU," "YOUR" and "MGA" (Definitions ¶ A) as vague, ambiguous, overbroad, and unduly burdensome.  The definition includes "MGA Entertainment, Inc., and all current or former subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest."  Because of Mattel's incorporating the overbroad definition of "AFFILIATE" (Definitions ¶ C) as including "any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such PERSON, party or entity," it is impossible for MGA to know whether a particular person comes within this definition unless that person or entity at some point in time held himself or herself out as being affiliated with MGA.  Thus, "YOU," "YOUR," and "MGA" will be interpreted to mean all persons or entities who hold themselves out to MGA as officers, employees, agents, subsidiaries or divisions of MGA.

(b)     MGA objects to the definition of the term "LARIAN" (Definitions ¶ B, first instance) as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead and confuse the trier of fact.  The definition includes "Isaac Larian, any FAMILY MEMBER of Isaac Larian, and any trust of which Isaac Larian is a trustee or of which any FAMILY MEMBER of Isaac Larian is a beneficiary . . . ."  By incorporating the definition of "FAMILY MEMBER" the

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

5

Exhibit A, Page 9

1 overly broad definition of "LARIAN" includes "any PERSON who at any time is,
2 was or has been a parent, spouse, child or sibling of another PERSON" (Definitions
3 ¶ E.) This definition of "FAMILY MEMBER," which is itself overbroad, also
4 includes the definition of "PERSON," which includes both singular and plural
5 versions of "any natural person, association, partnership, corporation, joint venture,
6 government entity, organization, trust, institution, proprietorship, or *any other entity*
7 *recognized as having an existence under the laws in the United States or any other*
8 *nation*." (Definitions ¶ G (emphasis added).)   The definitions of both "FAMILY
9 MEMBER" and "PERSON" are objectionable by themselves, as explained below.
10 Moreover, these convoluted and multi-part definitions combine to render the
11 document requests that refer to the term "LARIAN" vague, ambiguous and overly
12 broad, and include within the term "LARIAN" things that are not related to Isaac
13 Larian or his family.  In responding to the Requests, MGA will interpret the term
14 "LARIAN" to mean Isaac Larian.
15            (c)    MGA objects to the term "FAMILY MEMBER,"
16 (Definitions ¶ E) as vague, ambiguous, overly broad and unduly burdensome, and
17 designed to mislead and confuse the trier of fact.  The definition includes "any
18 PERSON who at any time is, was or has been a parent, spouse, child or sibling of
19 another PERSON."  This definition is obviously overly broad on its face because it
20 includes every man, woman, and child ever to walk the Earth.  This definition is
21 further objectionable because it is a convoluted and multi-part definition that renders
22 the document requests that refer to "FAMILY MEMBER" vague, ambiguous and
23 overly broad, and includes within the term "FAMILY MEMBER" things that cannot
24 be family members, such as government entities, *any* entities recognized by this
25 country or *any* other nation, and others incorporated by way of the term "PERSON."
26 (See Definitions ¶ G.)
27
28

1         (d)    MGA also objects to the terms "RELATING,"

2 "RELATING TO," "REFERRING OR RELATING TO," and "REFER OR RELATE

3 TO" (Definitions ¶ F) on the grounds and to the extent they are overbroad, unduly

4 burdensome, and/or are vague and ambiguous in the context of the Requests as

5 written and as those requests would be plainly understood absent Mattel's definitions.

6       16.    MGA objects to the Requests to the extent they seek the

7 production of documents in their native format where the burden of such production

8 outweighs the likelihood of discovering information that is relevant to the subject

9 matter of the claims or defenses in this action or calculated to lead to the discovery

10 of admissible evidence.

11       17.    MGA objects to the Requests on the grounds that they are

12 harassing, oppressive and unduly burdensome.  Before these Requests, Mattel has

13 already propounded 1010 requests for documents and things to MGA, MGA

14 Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

15 ("the MGA Parties"), in response to which the MGA Parties have already produced

16 approximately 3.4 million pages of responsive documents.  MGA is, however,

17 willing to meet and confer regarding the additional 88 requests propounded in

18 Mattel's Fifth Set of Requests for Documents and Things to MGA.

19 **SPECIFIC RESPONSES AND OBJECTIONS**

20    Without waiving or departing from its General Response and General

21 Objections and specifically incorporating its General Response and General

22 Objections into each of the Specific Responses and Objections below, MGA makes

23 the following specific responses and objections to the Requests:

24 REQUEST FOR PRODUCTION NO. 1:

25    YOUR Articles of Incorporation and any amendments thereto.

26

27

28

1 | RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

2      MGA incorporates by reference its General Response and General Objections

3 above, as though fully set forth herein and specifically incorporates General

4 Objection No. 15 (regarding Definitions), including without limitation MGA's

5 objection to the definition of the terms YOUR, and its incorporated terms

6 AFFILIATES and PERSON. MGA further objects to the request to the extent it

7 seeks the production of documents that are protected from disclosure under any

8 applicable privilege, doctrine or immunity, including without limitation the attorney-

9 client privilege, the work product doctrine, the right of privacy, and all other

10 privileges recognized under the constitutional, statutory or decisional law of the

11 United States of America, the State of California or any other applicable jurisdiction.

12 MGA further objects to this request on the grounds that it is overly broad and unduly

13 burdensome in that it seeks documents not relevant to the claims or defenses in this

14 action and not reasonably calculated to lead to the discovery of admissible evidence.

15 Mattel has not demonstrated how *all* YOUR Articles of Incorporation and *any*

16 amendments thereto could be relevant to the claims and defenses in this action. The

17 request is not limited to the subject matter of this action and is thus impermissibly

18 overbroad. See Magistrate Judge Infante's August 13, 2007 Order ("Aug. 13 Order")

19 at 9:17-20; see also Magistrate Judge Infante's May 22, 2007 Order ("May 22 Order")

20 at 21:5-7 (requests that require production of documents "merely mention[ing] MGA

21 and Bratz but that otherwise have no relevance to the claims and defenses in the suit"

22 are impermissibly overbroad). MGA further objects to this request as being overly

23 broad and unduly burdensome on the grounds that it is not limited in time or

24 geographical scope. MGA further objects to this request on the grounds that the

25 phrase "any amendments" renders the request vague, ambiguous, overly broad and

26 unduly burdensome. MGA further objects to the request to the extent that it seeks

27 documents that by reason of public filing, public distribution or otherwise are already

28

1  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the

2  request to the extent that it seeks documents not in MGA's possession, custody or

3  control.  MGA further objects to the request to the extent it seeks confidential,

4  proprietary or commercially sensitive information, the disclosure of which would be

5  inimical to the business interests of MGA.  MGA further objects to the request to the

6  extent it violates the privacy rights of third parties to their private, confidential,

7  proprietary or trade secret information.

8          MGA further objects to this request as cumulative, duplicative, and unduly

9  burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

11  including, but not limited to: Request No. 41 from Mattel, Inc.'s First Set of Requests

12  for Production of Documents and Tangible Things to MGA Entertainment Inc.,

13  Request No. 41 from Mattel, Inc.'s Second Set of Requests for Documents and

14  Things to MGA Entertainment, Inc., Request No. 107 from Mattel, Inc.'s Fourth Set

15  of Requests for Documents and Things to MGA Entertainment, Inc., and Request No.

16  76 from Mattel's First Set of Requests for Documents and Things to MGAE de

17  Mexico, S.R.L. de C.V.

18  REQUEST FOR PRODUCTION NO. 2:

19          YOUR By-Laws and any amendments thereto.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

21          MGA incorporates by reference its General Response and General Objections

22  above, as though fully set forth herein and specifically incorporates General

23  Objection No. 15 (regarding Definitions), including without limitation MGA's

24  objection to the definition of the terms YOUR, and its incorporated terms

25  AFFILIATES and PERSON.  MGA further objects to the request to the extent it

26  seeks the production of documents that are protected from disclosure under any

27  applicable privilege, doctrine or immunity, including without limitation the attorney-

28

1 | client privilege, the work product doctrine, the right of privacy, and all other
2 | privileges recognized under the constitutional, statutory or decisional law of the
3 | United States of America, the State of California or any other applicable jurisdiction.
4 | MGA further objects to this request on the grounds that it is overly broad and unduly
5 | burdensome in that it seeks documents not relevant to the claims or defenses in this
6 | action and not reasonably calculated to lead to the discovery of admissible evidence.
7 | Mattel has not demonstrated how *all* YOUR By-Laws and any amendments thereto
8 | could be relevant to the claims and defenses in this action.  The request is not limited
9 | to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13
10 | Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as
11 | being overly broad and unduly burdensome on the grounds that it is not limited in
12 | time or geographical scope.  MGA further objects to this request on the grounds that
13 | the phrase "any amendments" renders the request vague, ambiguous, overly broad
14 | and unduly burdensome.  MGA further objects to the request to the extent that it
15 | seeks documents that by reason of public filing, public distribution or otherwise are
16 | already in Mattel's possession or are readily accessible to Mattel.  MGA further
17 | objects to the request to the extent that it seeks documents not in MGA's possession,
18 | custody or control.  MGA further objects to the request to the extent it seeks
19 | confidential, proprietary or commercially sensitive information, the disclosure of
20 | which would be inimical to the business interests of MGA.  MGA further objects to
21 | the request to the extent it violates the privacy rights of third parties to their private,
22 | confidential, proprietary or trade secret information.
23 |      MGA further objects to this request as cumulative, duplicative, and unduly
24 | burdensome to the extent that it seeks documents previously requested by Mattel or
25 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,
26 | including, but not limited to: Request No. 41 from Mattel, Inc.'s First Set of Requests
27 | for Production of Documents and Tangible Things to MGA Entertainment Inc.,
28 |

1  Request No. 41 from Mattel, Inc.'s Second Set of Requests for Documents and

2  Things to MGA Entertainment, Inc., Request No. 107 from Mattel, Inc.'s Fourth Set

3  of Requests for Documents and Things to MGA Entertainment, Inc., and Request No.

4  76 from Mattel's First Set of Requests for Documents and Things to MGAE de

5  Mexico, S.R.L. de C.V.

6  REQUEST FOR PRODUCTION NO. 3:

7        YOUR Notice of Incorporation as it appeared when first published and any

8  amendments thereto.

9  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

10       MGA incorporates by reference its General Response and General Objections

11  above, as though fully set forth herein and specifically incorporates General

12  Objection No. 15 (regarding Definitions), including without limitation MGA's

13  objection to the definition of the terms YOUR, and its incorporated terms

14  AFFILIATES and PERSON.  MGA further objects to the request to the extent it

15  seeks the production of documents that are protected from disclosure under any

16  applicable privilege, doctrine or immunity, including without limitation the attorney-

17  client privilege, the work product doctrine, the right of privacy, and all other

18  privileges recognized under the constitutional, statutory or decisional law of the

19  United States of America, the State of California or any other applicable jurisdiction.

20  MGA further objects to this request on the grounds that it is overly broad and unduly

21  burdensome in that it seeks documents not relevant to the claims or defenses in this

22  action and not reasonably calculated to lead to the discovery of admissible evidence.

23  Mattel has not demonstrated how *all* YOUR Notices of Incorporation as they

24  appeared when first published and *any* amendments thereto could be relevant to the

25  claims and defenses in this action.  The request is not limited to the subject matter of

26  this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May

27  22 Order at 21:5-7.  MGA further objects to this request as being overly broad and

28

1 | unduly burdensome on the grounds that it is not limited in time or geographical

2 | scope. MGA further objects to this request on the grounds that the phrase "any

3 | amendments" renders the request vague, ambiguous, overly broad and unduly

4 | burdensome. MGA further objects to the request to the extent that it seeks

5 | documents that by reason of public filing, public distribution or otherwise are already

6 | in Mattel's possession or are readily accessible to Mattel. MGA further objects to the

7 | request to the extent that it seeks documents not in MGA's possession, custody or

8 | control. MGA further objects to the request to the extent it seeks confidential,

9 | proprietary or commercially sensitive information, the disclosure of which would be

10 | inimical to the business interests of MGA. MGA further objects to the request to the

11 | extent it violates the privacy rights of third parties to their private, confidential,

12 | proprietary or trade secret information.

13 | MGA further objects to this request as cumulative, duplicative, and unduly

14 | burdensome to the extent that it seeks documents previously requested by Mattel or

15 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,

16 | including, but not limited to: Request No. 41 from Mattel, Inc.'s First Set of Requests

17 | for Production of Documents and Tangible Things to MGA Entertainment Inc.,

18 | Request No. 41 from Mattel, Inc.'s Second Set of Requests for Documents and

19 | Things to MGA Entertainment, Inc., Request No. 107 from Mattel, Inc.'s Fourth Set

20 | of Requests for Documents and Things to MGA Entertainment, Inc., and Request No.

21 | 76 from Mattel's First Set of Requests for Documents and Things to MGAE de

22 | Mexico, S.R.L. de C.V.

23 | REQUEST FOR PRODUCTION NO. 4:

24 | YOUR quarterly and annual profits and loss statements (both audited and

25 | unaudited) from the date of YOUR incorporation to 1999.

26

27

28

1 | RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

2 |      MGA incorporates by reference its General Response and General Objections

3 | above, as though fully set forth herein and specifically incorporates General

4 | Objection No. 15 (regarding Definitions), including without limitation MGA's

5 | objection to the definition of the terms YOUR, and its incorporated terms

6 | AFFILIATES and PERSON. MGA further objects to the request to the extent it

7 | seeks the production of documents that are protected from disclosure under any

8 | applicable privilege, doctrine or immunity, including without limitation the attorney-

9 | client privilege, the work product doctrine, the right of privacy, and all other

10 | privileges recognized under the constitutional, statutory or decisional law of the

11 | United States of America, the State of California or any other applicable jurisdiction.

12 | MGA further objects to this request on the grounds that it is overly broad and unduly

13 | burdensome in that it seeks documents not relevant to the claims or defenses in this

14 | action and not reasonably calculated to lead to the discovery of admissible evidence.

15 | Mattel has not demonstrated how *all* YOUR quarterly and annual profits and loss

16 | statements (both audited and unaudited) from the date of YOUR incorporation to

17 | 1999 could be relevant to the claims and defenses in this action. The request is not

18 | limited to the subject matter of this action and is thus impermissibly overbroad. <u>See</u>

19 | Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this

20 | request as being overly broad and unduly burdensome on the grounds that it is not

21 | limited in geographical scope. MGA further objects to the request to the extent that

22 | it seeks documents that by reason of public filing, public distribution or otherwise

23 | are already in Mattel's possession or are readily accessible to Mattel. MGA further

24 | objects to the request to the extent that it seeks documents not in MGA's possession,

25 | custody or control. MGA further objects to the request to the extent it seeks

26 | confidential, proprietary or commercially sensitive information, the disclosure of

27 | which would be inimical to the business interests of MGA. MGA further objects to

28 |

1  the request to the extent it violates the privacy rights of third parties to their private,

2  confidential, proprietary or trade secret information.

3       MGA further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

6  including, but not limited to:  Request Nos. 41-45 from Mattel, Inc.'s First Set of

7  Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

8  Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to

9  MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of

10  Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,

11  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;

12  Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and

13  Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.

14  41 from Mattel, Inc.'s First Set of Requests for Production of Documents and

15  Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s

16  Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;

17  Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and

18  Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of

19  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

20  REQUEST FOR PRODUCTION NO. 5:

21       YOUR quarterly and annual financial statements (both audited and unaudited)

22  from the date of YOUR incorporation to 1999.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

24       MGA incorporates by reference its General Response and General Objections

25  above, as though fully set forth herein and specifically incorporates General

26  Objection No. 15 (regarding Definitions), including without limitation MGA's

27  objection to the definition of the terms YOUR, and its incorporated terms

28

1   AFFILIATES and PERSON.  MGA further objects to the request to the extent it

2   seeks the production of documents that are protected from disclosure under any

3   applicable privilege, doctrine or immunity, including without limitation the attorney-

4   client privilege, the work product doctrine, the right of privacy, and all other

5   privileges recognized under the constitutional, statutory or decisional law of the

6   United States of America, the State of California or any other applicable jurisdiction.

7   MGA further objects to this request on the grounds that it is overly broad and unduly

8   burdensome in that it seeks documents not relevant to the claims or defenses in this

9   action and not reasonably calculated to lead to the discovery of admissible evidence.

10  Mattel has not demonstrated how *all* YOUR quarterly and annual financial

11  statements (both audited and unaudited) from the date of YOUR incorporation to

12  1999 could be relevant to the claims and defenses in this action.  The request is not

13  limited to the subject matter of this action and is thus impermissibly overbroad.  See

14  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

15  request as being overly broad and unduly burdensome on the grounds that it is not

16  limited in geographical scope.  MGA further objects to the request to the extent that

17  it seeks documents that by reason of public filing, public distribution or otherwise

18  are already in Mattel's possession or are readily accessible to Mattel.  MGA further

19  objects to the request to the extent that it seeks documents not in MGA's possession,

20  custody or control.  MGA further objects to the request to the extent it seeks

21  confidential, proprietary or commercially sensitive information, the disclosure of

22  which would be inimical to the business interests of MGA.  MGA further objects to

23  the request to the extent it violates the privacy rights of third parties to their private,

24  confidential, proprietary or trade secret information.

25        MGA further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

28

1  including, but not limited to:  Request Nos. 41-45 from Mattel, Inc.'s First Set of

2  Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

3  Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to

4  MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of

5  Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,

6  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;

7  Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and

8  Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.

9  41 from Mattel, Inc.'s First Set of Requests for Production of Documents and

10  Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s

11  Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;

12  Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and

13  Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of

14  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

15  REQUEST FOR PRODUCTION NO. 6:

16      YOUR general ledger from the date of YOUR incorporation to 1999.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

18      MGA incorporates by reference its General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation MGA's

21  objection to the definition of the terms YOUR, and its incorporated terms

22  AFFILIATES and PERSON.  MGA further objects to the request to the extent it

23  seeks the production of documents that are protected from disclosure under any

24  applicable privilege, doctrine or immunity, including without limitation the attorney-

25  client privilege, the work product doctrine, the right of privacy, and all other

26  privileges recognized under the constitutional, statutory or decisional law of the

27  United States of America, the State of California or any other applicable jurisdiction.

28

1  MGA further objects to this request on the grounds that it is overly broad and unduly

2  burdensome in that it seeks documents not relevant to the claims or defenses in this

3  action and not reasonably calculated to lead to the discovery of admissible evidence.

4  Mattel has not demonstrated how *all* YOUR general ledger from the date of YOUR

5  incorporation to 1999 could be relevant to the claims and defenses in this action.

6  The request is not limited to the subject matter of this action and is thus

7  impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

8  MGA further objects to this request as being overly broad and unduly burdensome

9  on the grounds that it is not limited in geographical scope. MGA further objects to

10  the request to the extent that it seeks documents that by reason of public filing,

11  public distribution or otherwise are already in Mattel's possession or are readily

12  accessible to Mattel. MGA further objects to the request to the extent that it seeks

13  documents not in MGA's possession, custody or control. MGA further objects to the

14  request to the extent it seeks confidential, proprietary or commercially sensitive

15  information, the disclosure of which would be inimical to the business interests of

16  MGA. MGA further objects to the request to the extent it violates the privacy rights

17  of third parties to their private, confidential, proprietary or trade secret information.

18  MGA further objects to this request as cumulative, duplicative, and unduly

19  burdensome to the extent that it seeks documents previously requested by Mattel or

20  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

21  including, but not limited to: Request Nos. 41-45 from Mattel, Inc.'s First Set of

22  Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

23  Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to

24  MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of

25  Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,

26  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;

27  Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and

28

1  Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.

2  41 from Mattel, Inc.'s First Set of Requests for Production of Documents and

3  Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s

4  Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;

5  Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and

6  Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of

7  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

8  REQUEST FOR PRODUCTION NO. 7:

9       YOUR federal and state tax returns for each year from the date of YOUR

10  incorporation to the present.

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

12       MGA incorporates by reference its General Response and General Objections

13  above, as though fully set forth herein and specifically incorporates General

14  Objection No. 15 (regarding Definitions), including without limitation MGA's

15  objection to the definition of the terms YOUR, and its incorporated terms

16  AFFILIATES and PERSON. MGA further objects to the request to the extent it

17  seeks the production of documents that are protected from disclosure under any

18  applicable privilege, doctrine or immunity, including without limitation the attorney-

19  client privilege, the work product doctrine, the right of privacy, and all other

20  privileges recognized under the constitutional, statutory or decisional law of the

21  United States of America, the State of California or any other applicable jurisdiction.

22  MGA further objects to the request on the grounds that it seeks documents protected

23  from disclosure by applicable federal and state tax return privileges. See Premium

24  Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975);

25  Southern California Housing Rights Center. v. Krug, et al., 2006 U.S. Dist. LEXIS

26  65330 (C.D. Cal. 2006); Aliotti v. Senora, 217 FRD 496 (N.D. Cal. 2003); San

27  Francisco Bay Area Rapid Transit District v. Spencer, 2006 U.S. LEXIS 81681 (N.D.

28

1  Cal. 2006).  See also Webb v. Standard Oil Co., 49 Cal. 2d. 509, 513-514 (1957);

2  Sav-On Drugs, Inc. v. Superior Ct., 15 Cal. 3d 1, 6-8 (1975); Sammut v. Sammut,

3  103 Cal. App. 3d 557, 562 (1982); Order, at 14:29-15:2.  MGA further objects to this

4  request on the grounds that it is overly broad and unduly burdensome in that it seeks

5  documents not relevant to the claims or defenses in this action and not reasonably

6  calculated to lead to the discovery of admissible evidence.  Mattel has not

7  demonstrated how *all* YOUR federal and state tax returns for each year from the date

8  of YOUR incorporation to the present could be relevant to the claims and defenses in

9  this action.  Moreover, Mattel has not shown and cannot show any compelling need

10 for the production of tax returns.  The request is not limited to the subject matter of

11 this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May

12 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and

13 unduly burdensome on the grounds that it is not limited in geographical scope.

14 MGA further objects to the request to the extent that it seeks documents that by

15 reason of public filing, public distribution or otherwise are already in Mattel's

16 possession or are readily accessible to Mattel.  MGA further objects to the request to

17 the extent that it seeks documents not in MGA's possession, custody or control.

18 MGA further objects to the request to the extent it seeks confidential, proprietary or

19 commercially sensitive information, the disclosure of which would be inimical to the

20 business interests of MGA.  MGA further objects to the request to the extent it

21 violates the privacy rights of third parties to their private, confidential, proprietary or

22 trade secret information.

23     MGA further objects to this request as cumulative, duplicative, and unduly

24 burdensome to the extent that it seeks documents previously requested by Mattel or

25 produced by MGA (or any of its affiliates) in response to Mattel's document requests,

26 including, but not limited to:  Request Nos. 41-45 from Mattel, Inc.'s First Set of

27 Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

28

1  Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to

2  MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of

3  Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,

4  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;

5  Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and

6  Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.

7  41 from Mattel, Inc.'s First Set of Requests for Production of Documents and

8  Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s

9  Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;

10  Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and

11  Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of

12  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

13  REQUEST FOR PRODUCTION NO. 8:

14       DOCUMENTS sufficient to evidence any and all meetings of shareholders of

15  MGA, including the date, time and location of the meeting and the IDENTITY of

16  each PERSON in attendance.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

18       MGA incorporates by reference its General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation MGA's

21  objection to the definition of the terms MGA and its incorporated term AFFILIATES,

22  and PERSON.  MGA further objects to the request to the extent it seeks the

23  production of documents that are protected from disclosure under any applicable

24  privilege, doctrine or immunity, including without limitation the attorney-client

25  privilege, the work product doctrine, the right of privacy, and all other privileges

26  recognized under the constitutional, statutory or decisional law of the United States

27  of America, the State of California or any other applicable jurisdiction.  MGA further

28

1  objects to this request on the grounds that it is overly broad and unduly burdensome

2  in that it seeks documents not relevant to the claims or defenses in this action and not

3  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

4  demonstrated how DOCUMENTS sufficient to evidence *any and all* meetings of

5  shareholders of MGA, including the date, time and location of the meeting and the

6  IDENTITY of *each* PERSON in attendance could be relevant to the claims and

7  defenses in this action. The request is not limited to the subject matter of this action

8  and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order

9  at 21:5-7. MGA further objects to this request as being overly broad and unduly

10 burdensome on the grounds that it is not limited in time or geographical scope.

11 MGA further objects to the phrases "sufficient to evidence" as vague and ambiguous.

12 MGA further objects to the request to the extent that it seeks documents that by

13 reason of public filing, public distribution or otherwise are already in Mattel's

14 possession or are readily accessible to Mattel. MGA further objects to the request to

15 the extent that it seeks documents not in MGA's possession, custody or control.

16 MGA further objects to the request to the extent it seeks confidential, proprietary or

17 commercially sensitive information, the disclosure of which would be inimical to the

18 business interests of MGA. MGA further objects to the request to the extent it

19 violates the privacy rights of third parties to their private, confidential, proprietary or

20 trade secret information.

21      MGA further objects to this request as cumulative, duplicative, and unduly

22 burdensome to the extent that it seeks documents previously requested by Mattel or

23 produced by MGA (or any of its affiliates) in response to Mattel's document requests,

24 including, but not limited to: Request No. 107 from Mattel, Inc.'s Fourth Set of

25 Requests for Documents and Things to MGA Entertainment, Inc.

26 REQUEST FOR PRODUCTION NO. 9:

27      The minutes of all meetings of shareholders of MGA.

28



```
Job : 44
Date: 2/8/2008
Time: 1:45:05 AM
```

# EXHIBIT A

1   THOMAS J. NOLAN (Bar No. 66992)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2   300 South Grand Avenue
    Los Angeles, California 90071-3144
3   Telephone:   (213) 687-5000
    Facsimile:   (213) 687-5600
4   E-mail:   tnolan@skadden.com

5   RAOUL D. KENNEDY (Bar No. 40892)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6   Four Embarcadero Center, Suite 3800
    San Francisco, CA  94111
7   Telephone:  (415) 984-6400
    Facsimile:  (415) 984-2698

8

    Attorneys for MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA
9   ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

10            **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12            **EASTERN DIVISION**

| | | |
|---|---|---|
| 13 | CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| 14 | Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| 15 | v. | |
| 16 | MATTEL, INC., a Delaware corporation | **MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL INC.'S FIFTH SET OF** |
| 17 | Defendant. | **REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.** |
| 18 | | |
| 19 | | |
| 20 | | Honorable Stephen G. Larson Courtroom 1 |
| 21 | | |
| 22 | Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |
| 23 | | |
| 24 | | |
| 25 | | |

26   PROPOUNDING PARTY:     MATTEL, INC.

27   RESPONDING PARTY:     MGA ENTERTAINMENT, INC.

28   SET NUMBER:           FIFTH

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

Exhibit A, Page 4

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, MGA

2  Entertainment, Inc. ("MGA") hereby submits these responses and objections (the

3  "Response") to Mattel, Inc.'s ("Mattel's") Fifth Set of Requests for Production of

4  Documents to MGA (the "Requests").

5                                **GENERAL RESPONSE**

6    The General Response and General and Specific Objections set forth herein

7  apply to all documents that MGA may in the future produce in response to the

8  Requests.  The Response is made without waiving, or intending to waive but, on the

9  contrary, expressly reserving:  (a) the right to object, on the grounds of competency,

10  privilege, relevancy or materiality, or any other proper grounds, to the use of the

11  documents, for any purpose in whole or in part, in any subsequent step or proceeding

12  in this action or any other action; (b) the right to object on any and all grounds, at

13  any time, to other requests for production or other discovery procedures involving or

14  relating to the subject matter of the Requests; and (c) the right at any time to revise,

15  correct, add to, or clarify any of the responses propounded herein.

16    The Response reflects only the present state of MGA's discovery regarding the

17  documents that Mattel seeks.  Except as otherwise stated below, an objection to a

18  specific document request does not imply that documents responsive to the request

19  exist or have ever existed.  In addition, an agreement to produce documents

20  responsive to any specific document request does not imply that documents

21  responsive to the request exist or have existed; rather, it is an agreement to produce

22  non-privileged documents responsive to that particular document request as limited

23  by or interpreted in any applicable General or Specific objections, if any exist.

24  Production of any document is not intended as, and, to the extent permitted by law,

25  shall not be deemed to be, a waiver of any objection set forth herein.  Discovery and

26  other investigation or research concerning this litigation are continuing.  MGA,

27  therefore, reserves the right to amend or supplement this Response at any time in

28

1   light of future investigation, research or analysis, and also expressly reserves the

2   right to rely on, at any time, including trial, subsequently discovered information or

3   information omitted from this Response as a result of mistake, error, oversight or

4   inadvertence.  MGA does not hereby admit, adopt or acquiesce in any factual or

5   legal contention, assertion or characterization contained in the Request or any

6   particular request therein, even where MGA has not otherwise objected to a

7   particular request, or has agreed to produce documents responsive to a particular

8   request.

9        MGA invites Mattel to meet and confer regarding these Reponses, the scope

10  of the Requests, and arriving at protocol for production of documents in this

11  litigation.

12                      **GENERAL OBJECTIONS**

13       MGA incorporates the following General Objections, as well as the General

14  Response, into its Specific Responses and Objections to each and every request for

15  documents contained in the Requests:

16        1.    MGA objects to the date and place of production on the grounds

17  that they impose an undue burden on MGA.  The time set for compliance is unduly

18  burdensome, especially in light of the number of document requests, and the scope

19  and volume of the material being sought.  To the extent MGA later agrees to produce

20  responsive documents, MGA intends to proceed expeditiously to collect the

21  documents for production, if any, and will produce them at a date and time, and in

22  such a manner, as may be mutually agreed to by counsel for the parties.

23        2.    MGA objects to the Requests to the extent that they seek

24  documents not relevant to the claims or defenses in this action and are not reasonably

25  calculated to lead to the discovery of admissible evidence.

26        3.    MGA objects to the Requests on the grounds that they are overly

27  broad and unduly burdensome.

28

1    4.    MGA objects to the Requests insofar as they seek documents that

2 are protected from disclosure under any applicable privilege, doctrine or immunity,

3 including without limitation the attorney-client privilege, the attorney work product

4 doctrine, the right of privacy, and all other privileges recognized under the

5 constitutional, statutory or decisional law of the United States of America or any

6 other applicable jurisdiction.  MGA shall not produce such documents in response to

7 Mattel's Request.  Any production of such protected or privileged materials is

8 inadvertent and shall not be construed as a waiver of those privileges or protections.

9    5.    MGA objects to the Requests insofar as they seek documents that

10 by reason of public filing, public distribution or otherwise are already in Mattel's

11 possession or are readily accessible to Mattel from public sources or third parties.

12    6.    MGA objects to the Requests insofar as they seek production of

13 documents (1) not within its possession, custody or control; (2) that MGA cannot

14 locate after a reasonably diligent search; or (3) that refer to persons, entities, or

15 events not known to MGA.  Such instructions, definitions, or requests are

16 objectionable where they subject MGA to unreasonable and undue annoyance,

17 oppression, burden, and expense; and/or seek to impose upon MGA an obligation to

18 produce documents from sources equally accessible to Mattel.  To the extent MGA

19 agrees to produce documents in response to the Requests, MGA will make a

20 reasonably diligent search for responsive documents within its possession, custody or

21 control.

22    7.    In responding to Mattel's Requests, MGA has not and will not

23 comply with any instructions or definitions that seek to impose requirements in

24 addition to those imposed by Federal law.

25    8.    MGA objects to each and every request to the extent it purports to

26 require MGA to search all documents and things within its possession, custody or

27 control or within the possession, custody or control of any of MGA's current or

28

1  former employees, officers, directors, agents, representatives, attorneys, parents,
2  subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest,
3  and any other person acting on its behalf, pursuant to its authority or subject to its
4  control, on the grounds that such request is unreasonable, overbroad, unduly
5  burdensome and oppressive, violates the right to privacy, and purports to require
6  MGA to search for documents not within its possession, custody or control.  To the
7  extent MGA agrees to produce documents in response to the Requests, MGA will
8  make a reasonably diligent search for responsive documents within its possession,
9  custody or control and located at MGA's Van Nuys, California offices.

10  9.  MGA objects to each and every request to the extent it seeks "all
11  documents" responsive to a certain category on the grounds that such request is
12  overbroad and unduly burdensome and oppressive.  MGA will not respond to
13  duplicative or cumulative requests and will not re-produce documents it has already
14  produced or produce documents that it has received from Mattel or others in the
15  course of discovery in this matter.

16  10.  MGA objects to the Requests insofar as they seek production of
17  confidential, proprietary, or trade-secret information, the disclosure of which would
18  be inimical to the business interests of MGA.

19  11.  MGA objects to each request to the extent it seeks information
20  relating to the activities or conduct of other entities or non-parties.

21  12.  MGA objects to each request to the extent it seeks information
22  relating to activities or conduct in foreign countries.

23  13.  MGA objects to the Definitions and Instructions to the extent
24  such Definitions and Instructions purport to enlarge, expand, or alter in any way the
25  plain meaning and scope of any specific term or specific request on the ground that
26  such enlargement, expansion, or alteration renders such a term or request vague,
27  ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

28

14.   MGA objects to the Instructions to the extent that they purport to deprive MGA of the right to redact information from any documents "for any reason." MGA retains and reserves the right to redact documents on any appropriate grounds, including in particular for privilege.

15.   MGA specifically objects to the following definitions in the Requests:

(a)   MGA objects to the terms "YOU," "YOUR" and "MGA" (Definitions ¶ A) as vague, ambiguous, overbroad, and unduly burdensome. The definition includes "MGA Entertainment, Inc., and all current or former subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest." Because of Mattel's incorporating the overbroad definition of "AFFILIATE" (Definitions ¶ C) as including "any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such PERSON, party or entity," it is impossible for MGA to know whether a particular person comes within this definition unless that person or entity at some point in time held himself or herself out as being affiliated with MGA. Thus, "YOU," "YOUR," and "MGA" will be interpreted to mean all persons or entities who hold themselves out to MGA as officers, employees, agents, subsidiaries or divisions of MGA.

(b)   MGA objects to the definition of the term "LARIAN" (Definitions ¶ B, first instance) as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead and confuse the trier of fact. The definition includes "Isaac Larian, any FAMILY MEMBER of Isaac Larian, and any trust of which Isaac Larian is a trustee or of which any FAMILY MEMBER of Isaac Larian is a beneficiary . . . ." By incorporating the definition of "FAMILY MEMBER" the

1  overly broad definition of "LARIAN" includes "any PERSON who at any time is,

2  was or has been a parent, spouse, child or sibling of another PERSON" (Definitions

3  ¶ E.) This definition of "FAMILY MEMBER," which is itself overbroad, also

4  includes the definition of "PERSON," which includes both singular and plural

5  versions of "any natural person, association, partnership, corporation, joint venture,

6  government entity, organization, trust, institution, proprietorship, or *any other entity*

7  *recognized as having an existence under the laws in the United States or any other*

8  *nation.*" (Definitions ¶ G (emphasis added).) The definitions of both "FAMILY

9  MEMBER" and "PERSON" are objectionable by themselves, as explained below.

10  Moreover, these convoluted and multi-part definitions combine to render the

11  document requests that refer to the term "LARIAN" vague, ambiguous and overly

12  broad, and include within the term "LARIAN" things that are not related to Isaac

13  Larian or his family. In responding to the Requests, MGA will interpret the term

14  "LARIAN" to mean Isaac Larian.

15          (c)  MGA objects to the term "FAMILY MEMBER,"

16  (Definitions ¶ E) as vague, ambiguous, overly broad and unduly burdensome, and

17  designed to mislead and confuse the trier of fact. The definition includes "any

18  PERSON who at any time is, was or has been a parent, spouse, child or sibling of

19  another PERSON." This definition is obviously overly broad on its face because it

20  includes every man, woman, and child ever to walk the Earth. This definition is

21  further objectionable because it is a convoluted and multi-part definition that renders

22  the document requests that refer to "FAMILY MEMBER" vague, ambiguous and

23  overly broad, and includes within the term "FAMILY MEMBER" things that cannot

24  be family members, such as government entities, *any* entities recognized by this

25  country or *any* other nation, and others incorporated by way of the term "PERSON."

26  (See Definitions ¶ G.)

27

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
6
Exhibit A, Page 10

1            (d)    MGA also objects to the terms "RELATING,"

2    "RELATING TO," "REFERRING OR RELATING TO," and "REFER OR RELATE

3    TO" (Definitions ¶ F) on the grounds and to the extent they are overbroad, unduly

4    burdensome, and/or are vague and ambiguous in the context of the Requests as

5    written and as those requests would be plainly understood absent Mattel's definitions.

6            16.    MGA objects to the Requests to the extent they seek the

7    production of documents in their native format where the burden of such production

8    outweighs the likelihood of discovering information that is relevant to the subject

9    matter of the claims or defenses in this action or calculated to lead to the discovery

10   of admissible evidence.

11           17.    MGA objects to the Requests on the grounds that they are

12   harassing, oppressive and unduly burdensome.  Before these Requests, Mattel has

13   already propounded 1010 requests for documents and things to MGA, MGA

14   Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

15   ("the MGA Parties"), in response to which the MGA Parties have already produced

16   approximately 3.4 million pages of responsive documents.  MGA is, however,

17   willing to meet and confer regarding the additional 88 requests propounded in

18   Mattel's Fifth Set of Requests for Documents and Things to MGA.

19   **SPECIFIC RESPONSES AND OBJECTIONS**

20       Without waiving or departing from its General Response and General

21   Objections and specifically incorporating its General Response and General

22   Objections into each of the Specific Responses and Objections below, MGA makes

23   the following specific responses and objections to the Requests:

24   REQUEST FOR PRODUCTION NO. 1:

25       YOUR Articles of Incorporation and any amendments thereto.

26

27

28

---

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
7

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

2      MGA incorporates by reference its General Response and General Objections

3  above, as though fully set forth herein and specifically incorporates General

4  Objection No. 15 (regarding Definitions), including without limitation MGA's

5  objection to the definition of the terms YOUR, and its incorporated terms

6  AFFILIATES and PERSON.  MGA further objects to the request to the extent it

7  seeks the production of documents that are protected from disclosure under any

8  applicable privilege, doctrine or immunity, including without limitation the attorney-

9  client privilege, the work product doctrine, the right of privacy, and all other

10  privileges recognized under the constitutional, statutory or decisional law of the

11  United States of America, the State of California or any other applicable jurisdiction.

12  MGA further objects to this request on the grounds that it is overly broad and unduly

13  burdensome in that it seeks documents not relevant to the claims or defenses in this

14  action and not reasonably calculated to lead to the discovery of admissible evidence.

15  Mattel has not demonstrated how *all* YOUR Articles of Incorporation and *any*

16  amendments thereto could be relevant to the claims and defenses in this action.  The

17  request is not limited to the subject matter of this action and is thus impermissibly

18  overbroad.  See Magistrate Judge Infante's August 13, 2007 Order ("Aug. 13 Order")

19  at 9:17-20; see also Magistrate Judge Infante's May 22, 2007 Order ("May 22 Order")

20  at 21:5-7 (requests that require production of documents "merely mention[ing] MGA

21  and Bratz but that otherwise have no relevance to the claims and defenses in the suit"

22  are impermissibly overbroad).  MGA further objects to this request as being overly

23  broad and unduly burdensome on the grounds that it is not limited in time or

24  geographical scope.  MGA further objects to this request on the grounds that the

25  phrase "any amendments" renders the request vague, ambiguous, overly broad and

26  unduly burdensome.  MGA further objects to the request to the extent that it seeks

27  documents that by reason of public filing, public distribution or otherwise are already

28

1  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the

2  request to the extent that it seeks documents not in MGA's possession, custody or

3  control.  MGA further objects to the request to the extent it seeks confidential,

4  proprietary or commercially sensitive information, the disclosure of which would be

5  inimical to the business interests of MGA.  MGA further objects to the request to the

6  extent it violates the privacy rights of third parties to their private, confidential,

7  proprietary or trade secret information.

8         MGA further objects to this request as cumulative, duplicative, and unduly

9  burdensome to the extent that it seeks documents previously requested by Mattel or

10 produced by MGA (or any of its affiliates) in response to Mattel's document requests,

11 including, but not limited to: Request No. 41 from Mattel, Inc.'s First Set of Requests

12 for Production of Documents and Tangible Things to MGA Entertainment Inc.,

13 Request No. 41 from Mattel, Inc.'s Second Set of Requests for Documents and

14 Things to MGA Entertainment, Inc., Request No. 107 from Mattel, Inc.'s Fourth Set

15 of Requests for Documents and Things to MGA Entertainment, Inc., and Request No.

16 76 from Mattel's First Set of Requests for Documents and Things to MGAE de

17 Mexico, S.R.L. de C.V.

18 REQUEST FOR PRODUCTION NO. 2:

19        YOUR By-Laws and any amendments thereto.

20 RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

21        MGA incorporates by reference its General Response and General Objections

22 above, as though fully set forth herein and specifically incorporates General

23 Objection No. 15 (regarding Definitions), including without limitation MGA's

24 objection to the definition of the terms YOUR, and its incorporated terms

25 AFFILIATES and PERSON.  MGA further objects to the request to the extent it

26 seeks the production of documents that are protected from disclosure under any

27 applicable privilege, doctrine or immunity, including without limitation the attorney-

28

1  client privilege, the work product doctrine, the right of privacy, and all other

2  privileges recognized under the constitutional, statutory or decisional law of the

3  United States of America, the State of California or any other applicable jurisdiction.

4  MGA further objects to this request on the grounds that it is overly broad and unduly

5  burdensome in that it seeks documents not relevant to the claims or defenses in this

6  action and not reasonably calculated to lead to the discovery of admissible evidence.

7  Mattel has not demonstrated how *all* YOUR By-Laws and any amendments thereto

8  could be relevant to the claims and defenses in this action.  The request is not limited

9  to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13

10  Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as

11  being overly broad and unduly burdensome on the grounds that it is not limited in

12  time or geographical scope.  MGA further objects to this request on the grounds that

13  the phrase "any amendments" renders the request vague, ambiguous, overly broad

14  and unduly burdensome.  MGA further objects to the request to the extent that it

15  seeks documents that by reason of public filing, public distribution or otherwise are

16  already in Mattel's possession or are readily accessible to Mattel.  MGA further

17  objects to the request to the extent that it seeks documents not in MGA's possession,

18  custody or control.  MGA further objects to the request to the extent it seeks

19  confidential, proprietary or commercially sensitive information, the disclosure of

20  which would be inimical to the business interests of MGA.  MGA further objects to

21  the request to the extent it violates the privacy rights of third parties to their private,

22  confidential, proprietary or trade secret information.

23       MGA further objects to this request as cumulative, duplicative, and unduly

24  burdensome to the extent that it seeks documents previously requested by Mattel or

25  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

26  including, but not limited to: Request No. 41 from Mattel, Inc.'s First Set of Requests

27  for Production of Documents and Tangible Things to MGA Entertainment Inc.,

28

1    Request No. 41 from Mattel, Inc.'s Second Set of Requests for Documents and

2    Things to MGA Entertainment, Inc., Request No. 107 from Mattel, Inc.'s Fourth Set

3    of Requests for Documents and Things to MGA Entertainment, Inc., and Request No.

4    76 from Mattel's First Set of Requests for Documents and Things to MGAE de

5    Mexico, S.R.L. de C.V.

6    REQUEST FOR PRODUCTION NO. 3:

7           YOUR Notice of Incorporation as it appeared when first published and any

8    amendments thereto.

9    RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

10          MGA incorporates by reference its General Response and General Objections

11   above, as though fully set forth herein and specifically incorporates General

12   Objection No. 15 (regarding Definitions), including without limitation MGA's

13   objection to the definition of the terms YOUR, and its incorporated terms

14   AFFILIATES and PERSON.  MGA further objects to the request to the extent it

15   seeks the production of documents that are protected from disclosure under any

16   applicable privilege, doctrine or immunity, including without limitation the attorney-

17   client privilege, the work product doctrine, the right of privacy, and all other

18   privileges recognized under the constitutional, statutory or decisional law of the

19   United States of America, the State of California or any other applicable jurisdiction.

20   MGA further objects to this request on the grounds that it is overly broad and unduly

21   burdensome in that it seeks documents not relevant to the claims or defenses in this

22   action and not reasonably calculated to lead to the discovery of admissible evidence.

23   Mattel has not demonstrated how *all* YOUR Notices of Incorporation as they

24   appeared when first published and *any* amendments thereto could be relevant to the

25   claims and defenses in this action.  The request is not limited to the subject matter of

26   this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May

27   22 Order at 21:5-7.  MGA further objects to this request as being overly broad and

28

1  unduly burdensome on the grounds that it is not limited in time or geographical

2  scope.  MGA further objects to this request on the grounds that the phrase "any

3  amendments" renders the request vague, ambiguous, overly broad and unduly

4  burdensome.  MGA further objects to the request to the extent that it seeks

5  documents that by reason of public filing, public distribution or otherwise are already

6  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the

7  request to the extent that it seeks documents not in MGA's possession, custody or

8  control.  MGA further objects to the request to the extent it seeks confidential,

9  proprietary or commercially sensitive information, the disclosure of which would be

10  inimical to the business interests of MGA.  MGA further objects to the request to the

11  extent it violates the privacy rights of third parties to their private, confidential,

12  proprietary or trade secret information.

13        MGA further objects to this request as cumulative, duplicative, and unduly

14  burdensome to the extent that it seeks documents previously requested by Mattel or

15  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

16  including, but not limited to: Request No. 41 from Mattel, Inc.'s First Set of Requests

17  for Production of Documents and Tangible Things to MGA Entertainment Inc.,

18  Request No. 41 from Mattel, Inc.'s Second Set of Requests for Documents and

19  Things to MGA Entertainment, Inc., Request No. 107 from Mattel, Inc.'s Fourth Set

20  of Requests for Documents and Things to MGA Entertainment, Inc., and Request No.

21  76 from Mattel's First Set of Requests for Documents and Things to MGAE de

22  Mexico, S.R.L. de C.V.

23  REQUEST FOR PRODUCTION NO. 4:

24        YOUR quarterly and annual profits and loss statements (both audited and

25  unaudited) from the date of YOUR incorporation to 1999.

26

27

28

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

2       MGA incorporates by reference its General Response and General Objections

3  above, as though fully set forth herein and specifically incorporates General

4  Objection No. 15 (regarding Definitions), including without limitation MGA's

5  objection to the definition of the terms YOUR, and its incorporated terms

6  AFFILIATES and PERSON.  MGA further objects to the request to the extent it

7  seeks the production of documents that are protected from disclosure under any

8  applicable privilege, doctrine or immunity, including without limitation the attorney-

9  client privilege, the work product doctrine, the right of privacy, and all other

10  privileges recognized under the constitutional, statutory or decisional law of the

11  United States of America, the State of California or any other applicable jurisdiction.

12  MGA further objects to this request on the grounds that it is overly broad and unduly

13  burdensome in that it seeks documents not relevant to the claims or defenses in this

14  action and not reasonably calculated to lead to the discovery of admissible evidence.

15  Mattel has not demonstrated how *all* YOUR quarterly and annual profits and loss

16  statements (both audited and unaudited) from the date of YOUR incorporation to

17  1999 could be relevant to the claims and defenses in this action.  The request is not

18  limited to the subject matter of this action and is thus impermissibly overbroad.  See

19  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

20  request as being overly broad and unduly burdensome on the grounds that it is not

21  limited in geographical scope.  MGA further objects to the request to the extent that

22  it seeks documents that by reason of public filing, public distribution or otherwise

23  are already in Mattel's possession or are readily accessible to Mattel.  MGA further

24  objects to the request to the extent that it seeks documents not in MGA's possession,

25  custody or control.  MGA further objects to the request to the extent it seeks

26  confidential, proprietary or commercially sensitive information, the disclosure of

27  which would be inimical to the business interests of MGA.  MGA further objects to

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
13

Exhibit A, Page 17

1  the request to the extent it violates the privacy rights of third parties to their private,

2  confidential, proprietary or trade secret information.

3       MGA further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

6  including, but not limited to:  Request Nos. 41-45 from Mattel, Inc.'s First Set of

7  Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

8  Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to

9  MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of

10  Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,

11  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;

12  Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and

13  Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.

14  41 from Mattel, Inc.'s First Set of Requests for Production of Documents and

15  Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s

16  Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;

17  Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and

18  Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of

19  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

20  REQUEST FOR PRODUCTION NO. 5:

21       YOUR quarterly and annual financial statements (both audited and unaudited)

22  from the date of YOUR incorporation to 1999.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

24       MGA incorporates by reference its General Response and General Objections

25  above, as though fully set forth herein and specifically incorporates General

26  Objection No. 15 (regarding Definitions), including without limitation MGA's

27  objection to the definition of the terms YOUR, and its incorporated terms

28

---

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
14

1  AFFILIATES and PERSON.  MGA further objects to the request to the extent it
2  seeks the production of documents that are protected from disclosure under any
3  applicable privilege, doctrine or immunity, including without limitation the attorney-
4  client privilege, the work product doctrine, the right of privacy, and all other
5  privileges recognized under the constitutional, statutory or decisional law of the
6  United States of America, the State of California or any other applicable jurisdiction.
7  MGA further objects to this request on the grounds that it is overly broad and unduly
8  burdensome in that it seeks documents not relevant to the claims or defenses in this
9  action and not reasonably calculated to lead to the discovery of admissible evidence.
10 Mattel has not demonstrated how *all* YOUR quarterly and annual financial
11 statements (both audited and unaudited) from the date of YOUR incorporation to
12 1999 could be relevant to the claims and defenses in this action.  The request is not
13 limited to the subject matter of this action and is thus impermissibly overbroad.  See
14 Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this
15 request as being overly broad and unduly burdensome on the grounds that it is not
16 limited in geographical scope.  MGA further objects to the request to the extent that
17 it seeks documents that by reason of public filing, public distribution or otherwise
18 are already in Mattel's possession or are readily accessible to Mattel.  MGA further
19 objects to the request to the extent that it seeks documents not in MGA's possession,
20 custody or control.  MGA further objects to the request to the extent it seeks
21 confidential, proprietary or commercially sensitive information, the disclosure of
22 which would be inimical to the business interests of MGA.  MGA further objects to
23 the request to the extent it violates the privacy rights of third parties to their private,
24 confidential, proprietary or trade secret information.
25      MGA further objects to this request as cumulative, duplicative, and unduly
26 burdensome to the extent that it seeks documents previously requested by Mattel or
27 produced by MGA (or any of its affiliates) in response to Mattel's document requests,
28

1  including, but not limited to:  Request Nos. 41-45 from Mattel, Inc.'s First Set of

2  Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

3  Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to

4  MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of

5  Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,

6  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;

7  Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and

8  Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.

9  41 from Mattel, Inc.'s First Set of Requests for Production of Documents and

10  Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s

11  Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;

12  Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and

13  Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of

14  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

15  REQUEST FOR PRODUCTION NO. 6:

16      YOUR general ledger from the date of YOUR incorporation to 1999.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

18      MGA incorporates by reference its General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation MGA's

21  objection to the definition of the terms YOUR, and its incorporated terms

22  AFFILIATES and PERSON.  MGA further objects to the request to the extent it

23  seeks the production of documents that are protected from disclosure under any

24  applicable privilege, doctrine or immunity, including without limitation the attorney-

25  client privilege, the work product doctrine, the right of privacy, and all other

26  privileges recognized under the constitutional, statutory or decisional law of the

27  United States of America, the State of California or any other applicable jurisdiction.

28

1   MGA further objects to this request on the grounds that it is overly broad and unduly

2   burdensome in that it seeks documents not relevant to the claims or defenses in this

3   action and not reasonably calculated to lead to the discovery of admissible evidence.

4   Mattel has not demonstrated how *all* YOUR general ledger from the date of YOUR

5   incorporation to 1999 could be relevant to the claims and defenses in this action.

6   The request is not limited to the subject matter of this action and is thus

7   impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

8   MGA further objects to this request as being overly broad and unduly burdensome

9   on the grounds that it is not limited in geographical scope.  MGA further objects to

10  the request to the extent that it seeks documents that by reason of public filing,

11  public distribution or otherwise are already in Mattel's possession or are readily

12  accessible to Mattel.  MGA further objects to the request to the extent that it seeks

13  documents not in MGA's possession, custody or control.  MGA further objects to the

14  request to the extent it seeks confidential, proprietary or commercially sensitive

15  information, the disclosure of which would be inimical to the business interests of

16  MGA.  MGA further objects to the request to the extent it violates the privacy rights

17  of third parties to their private, confidential, proprietary or trade secret information.

18      MGA further objects to this request as cumulative, duplicative, and unduly

19  burdensome to the extent that it seeks documents previously requested by Mattel or

20  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

21  including, but not limited to:  Request Nos. 41-45 from Mattel, Inc.'s First Set of

22  Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

23  Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to

24  MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of

25  Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,

26  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;

27  Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and

28

1   Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.

2   41 from Mattel, Inc.'s First Set of Requests for Production of Documents and

3   Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s

4   Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;

5   Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and

6   Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of

7   Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

8   REQUEST FOR PRODUCTION NO. 7:

9          YOUR federal and state tax returns for each year from the date of YOUR

10   incorporation to the present.

11   RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

12          MGA incorporates by reference its General Response and General Objections

13   above, as though fully set forth herein and specifically incorporates General

14   Objection No. 15 (regarding Definitions), including without limitation MGA's

15   objection to the definition of the terms YOUR, and its incorporated terms

16   AFFILIATES and PERSON.  MGA further objects to the request to the extent it

17   seeks the production of documents that are protected from disclosure under any

18   applicable privilege, doctrine or immunity, including without limitation the attorney-

19   client privilege, the work product doctrine, the right of privacy, and all other

20   privileges recognized under the constitutional, statutory or decisional law of the

21   United States of America, the State of California or any other applicable jurisdiction.

22   MGA further objects to the request on the grounds that it seeks documents protected

23   from disclosure by applicable federal and state tax return privileges.  See Premium

24   Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975);

25   Southern California Housing Rights Center. v. Krug, et al., 2006 U.S. Dist. LEXIS

26   65330 (C.D. Cal. 2006); Aliotti v. Senora, 217 FRD 496 (N.D. Cal. 2003); San

27   Francisco Bay Area Rapid Transit District v. Spencer, 2006 U.S. LEXIS 81681 (N.D.

28

1  Cal. 2006).  See also Webb v. Standard Oil Co., 49 Cal. 2d. 509, 513-514 (1957);

2  Sav-On Drugs, Inc. v. Superior Ct., 15 Cal. 3d 1, 6-8 (1975); Sammut v. Sammut,

3  103 Cal. App. 3d 557, 562 (1982); Order, at 14:29-15:2.  MGA further objects to this

4  request on the grounds that it is overly broad and unduly burdensome in that it seeks

5  documents not relevant to the claims or defenses in this action and not reasonably

6  calculated to lead to the discovery of admissible evidence.  Mattel has not

7  demonstrated how *all* YOUR federal and state tax returns for each year from the date

8  of YOUR incorporation to the present could be relevant to the claims and defenses in

9  this action.  Moreover, Mattel has not shown and cannot show any compelling need

10 for the production of tax returns.  The request is not limited to the subject matter of

11 this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May

12 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and

13 unduly burdensome on the grounds that it is not limited in geographical scope.

14 MGA further objects to the request to the extent that it seeks documents that by

15 reason of public filing, public distribution or otherwise are already in Mattel's

16 possession or are readily accessible to Mattel.  MGA further objects to the request to

17 the extent that it seeks documents not in MGA's possession, custody or control.

18 MGA further objects to the request to the extent it seeks confidential, proprietary or

19 commercially sensitive information, the disclosure of which would be inimical to the

20 business interests of MGA.  MGA further objects to the request to the extent it

21 violates the privacy rights of third parties to their private, confidential, proprietary or

22 trade secret information.

23      MGA further objects to this request as cumulative, duplicative, and unduly

24 burdensome to the extent that it seeks documents previously requested by Mattel or

25 produced by MGA (or any of its affiliates) in response to Mattel's document requests,

26 including, but not limited to:  Request Nos. 41-45 from Mattel, Inc.'s First Set of

27 Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

28

1  Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to

2  MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of

3  Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,

4  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;

5  Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and

6  Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.

7  41 from Mattel, Inc.'s First Set of Requests for Production of Documents and

8  Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s

9  Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;

10  Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and

11  Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of

12  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

13  REQUEST FOR PRODUCTION NO. 8:

14          DOCUMENTS sufficient to evidence any and all meetings of shareholders of

15  MGA, including the date, time and location of the meeting and the IDENTITY of

16  each PERSON in attendance.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

18          MGA incorporates by reference its General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation MGA's

21  objection to the definition of the terms MGA and its incorporated term AFFILIATES,

22  and PERSON.  MGA further objects to the request to the extent it seeks the

23  production of documents that are protected from disclosure under any applicable

24  privilege, doctrine or immunity, including without limitation the attorney-client

25  privilege, the work product doctrine, the right of privacy, and all other privileges

26  recognized under the constitutional, statutory or decisional law of the United States

27  of America, the State of California or any other applicable jurisdiction.  MGA further

28

1  objects to this request on the grounds that it is overly broad and unduly burdensome
2  in that it seeks documents not relevant to the claims or defenses in this action and not
3  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not
4  demonstrated how DOCUMENTS sufficient to evidence *any and all* meetings of
5  shareholders of MGA, including the date, time and location of the meeting and the
6  IDENTITY of *each* PERSON in attendance could be relevant to the claims and
7  defenses in this action. The request is not limited to the subject matter of this action
8  and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order
9  at 21:5-7. MGA further objects to this request as being overly broad and unduly
10  burdensome on the grounds that it is not limited in time or geographical scope.
11  MGA further objects to the phrases "sufficient to evidence" as vague and ambiguous.
12  MGA further objects to the request to the extent that it seeks documents that by
13  reason of public filing, public distribution or otherwise are already in Mattel's
14  possession or are readily accessible to Mattel. MGA further objects to the request to
15  the extent that it seeks documents not in MGA's possession, custody or control.
16  MGA further objects to the request to the extent it seeks confidential, proprietary or
17  commercially sensitive information, the disclosure of which would be inimical to the
18  business interests of MGA. MGA further objects to the request to the extent it
19  violates the privacy rights of third parties to their private, confidential, proprietary or
20  trade secret information.
21      MGA further objects to this request as cumulative, duplicative, and unduly
22  burdensome to the extent that it seeks documents previously requested by Mattel or
23  produced by MGA (or any of its affiliates) in response to Mattel's document requests,
24  including, but not limited to: Request No. 107 from Mattel, Inc.'s Fourth Set of
25  Requests for Documents and Things to MGA Entertainment, Inc.
26  REQUEST FOR PRODUCTION NO. 9:
27      The minutes of all meetings of shareholders of MGA.
28

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

2       MGA incorporates by reference its General Response and General Objections

3  above, as though fully set forth herein and specifically incorporates General

4  Objection No. 15 (regarding Definitions), including without limitation MGA's

5  objection to the definition of the terms MGA and its incorporated term AFFILIATES,

6  and PERSON. MGA further objects to the request to the extent it seeks the

7  production of documents that are protected from disclosure under any applicable

8  privilege, doctrine or immunity, including without limitation the attorney-client

9  privilege, the work product doctrine, the right of privacy, and all other privileges

10  recognized under the constitutional, statutory or decisional law of the United States

11  of America, the State of California or any other applicable jurisdiction. MGA further

12  objects to this request on the grounds that it is overly broad and unduly burdensome

13  in that it seeks documents not relevant to the claims or defenses in this action and not

14  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

15  demonstrated how the minutes of *all* meetings of shareholders of MGA could be

16  relevant to the claims and defenses in this action. The request is not limited to the

17  subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order

18  at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being

19  overly broad and unduly burdensome on the grounds that it is not limited in time or

20  geographical scope. MGA further objects to the request to the extent that it seeks

21  documents that by reason of public filing, public distribution or otherwise are already

22  in Mattel's possession or are readily accessible to Mattel. MGA further objects to the

23  request to the extent that it seeks documents not in MGA's possession, custody or

24  control. MGA further objects to the request to the extent it seeks confidential,

25  proprietary or commercially sensitive information, the disclosure of which would be

26  inimical to the business interests of MGA. MGA further objects to the request to the

27

28

1  extent it violates the privacy rights of third parties to their private, confidential,

2  proprietary or trade secret information.

3       MGA further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

6  including, but not limited to:  Request No. 107 from Mattel, Inc.'s Fourth Set of

7  Requests for Documents and Things to MGA Entertainment, Inc.

8  <u>REQUEST FOR PRODUCTION NO. 10:</u>

9       DOCUMENTS sufficient to evidence any and all meetings of the board of

10  directors of MGA, including the date, time and location of the meeting and the

11  IDENTITY of each PERSON in attendance.

12  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 10:</u>

13       MGA incorporates by reference its General Response and General Objections

14  above, as though fully set forth herein and specifically incorporates General

15  Objection No. 15 (regarding Definitions), including without limitation MGA's

16  objection to the definition of the terms MGA and its incorporated term AFFILIATES,

17  and PERSON.  MGA further objects to the request to the extent it seeks the

18  production of documents that are protected from disclosure under any applicable

19  privilege, doctrine or immunity, including without limitation the attorney-client

20  privilege, the work product doctrine, the right of privacy, and all other privileges

21  recognized under the constitutional, statutory or decisional law of the United States

22  of America, the State of California or any other applicable jurisdiction.  MGA further

23  objects to this request on the grounds that it is overly broad and unduly burdensome

24  in that it seeks documents not relevant to the claims or defenses in this action and not

25  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

26  demonstrated how DOCUMENTS sufficient to evidence *any and all* meetings of the

27  board of directors of MGA, including the date, time and location of the meeting and

28

1  the IDENTITY of *each* PERSON in attendance could be relevant to the claims and

2  defenses in this action. The request is not limited to the subject matter of this action

3  and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order

4  at 21:5-7. MGA further objects to this request as being overly broad and unduly

5  burdensome on the grounds that it is not limited in time or geographical scope.

6  MGA further objects to the phrase "sufficient to evidence" as vague and ambiguous.

7  MGA further objects to the request to the extent that it seeks documents that by

8  reason of public filing, public distribution or otherwise are already in Mattel's

9  possession or are readily accessible to Mattel. MGA further objects to the request to

10  the extent that it seeks documents not in MGA's possession, custody or control.

11  MGA further objects to the request to the extent it seeks confidential, proprietary or

12  commercially sensitive information, the disclosure of which would be inimical to the

13  business interests of MGA. MGA further objects to the request to the extent it

14  violates the privacy rights of third parties to their private, confidential, proprietary or

15  trade secret information.

16      MGA further objects to this request as cumulative, duplicative, and unduly

17  burdensome to the extent that it seeks documents previously requested by Mattel or

18  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

19  including, but not limited to: Request No. 107 from Mattel, Inc.'s Fourth Set of

20  Requests for Documents and Things to MGA Entertainment, Inc.

21  REQUEST FOR PRODUCTION NO. 11:

22      The minutes of all meetings of the board of directors of MGA.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

24      MGA incorporates by reference its General Response and General Objections

25  above, as though fully set forth herein and specifically incorporates General

26  Objection No. 15 (regarding Definitions), including without limitation MGA's

27  objection to the definition of the terms MGA and its incorporated terms

28

1  AFFILIATES and PERSON.  MGA further objects to the request to the extent it

2  seeks the production of documents that are protected from disclosure under any

3  applicable privilege, doctrine or immunity, including without limitation the attorney-

4  client privilege, the work product doctrine, the right of privacy, and all other

5  privileges recognized under the constitutional, statutory or decisional law of the

6  United States of America, the State of California or any other applicable jurisdiction.

7  MGA further objects to this request on the grounds that it is overly broad and unduly

8  burdensome in that it seeks documents not relevant to the claims or defenses in this

9  action and not reasonably calculated to lead to the discovery of admissible evidence.

10  Mattel has not demonstrated how the minutes of *all* meetings of the board of

11  directors of MGA could be relevant to the claims and defenses in this action.  The

12  request is not limited to the subject matter of this action and is thus impermissibly

13  overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further

14  objects to this request as being overly broad and unduly burdensome on the grounds

15  that it is not limited in time or geographical scope.  MGA further objects to the

16  request to the extent that it seeks documents that by reason of public filing, public

17  distribution or otherwise are already in Mattel's possession or are readily accessible

18  to Mattel.  MGA further objects to the request to the extent that it seeks documents

19  not in MGA's possession, custody or control.  MGA further objects to the request to

20  the extent it seeks confidential, proprietary or commercially sensitive information,

21  the disclosure of which would be inimical to the business interests of MGA.  Such

22  information may also be subject to protective orders governing other litigations

23  thereby precluding disclosure in response to this request.  MGA further objects to the

24  request to the extent it violates the privacy rights of third parties to their private,

25  confidential, proprietary or trade secret information.

26      MGA further objects to this request as cumulative, duplicative, and unduly

27  burdensome to the extent that it seeks documents previously requested by Mattel or

28

1  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

2  including, but not limited to:  Request No. 107 from Mattel, Inc.'s Fourth Set of

3  Requests for Documents and Things to MGA Entertainment, Inc.

4  REQUEST FOR PRODUCTION NO. 12:

5       DOCUMENTS sufficient to show any and all salary, benefits or any other

6  compensation paid to LARIAN or any business affiliated with LARIAN, including

7  to whom the payments were made, the amounts paid and the dates of payment.

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

9       MGA incorporates by reference its General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General

11  Objection No. 15 (regarding Definitions), including without limitation MGA's

12  objection to the definition of the terms LARIAN and its incorporated terms FAMILY

13  MEMBER and PERSON.  MGA further objects to the request to the extent it seeks

14  the production of documents that are protected from disclosure under any applicable

15  privilege, doctrine or immunity, including without limitation the attorney-client

16  privilege, the work product doctrine, the right of privacy, and all other privileges

17  recognized under the constitutional, statutory or decisional law of the United States

18  of America, the State of California or any other applicable jurisdiction.  MGA further

19  objects to this request on the grounds that it is overly broad and unduly burdensome

20  in that it seeks documents not relevant to the claims or defenses in this action and not

21  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

22  demonstrated how DOCUMENTS sufficient to show *any and all* salary, benefits or

23  *any* other compensation paid to LARIAN or *any* business affiliated with LARIAN

24  could be relevant to the claims and defenses in this action.  The request is not limited

25  to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13

26  Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as

27  being overly broad and unduly burdensome on the grounds that it is not limited in

28

1  time or geographical scope.  MGA further objects to this request on the grounds that

2  the terms "any other compensation" and "business affiliated with LARIAN" render

3  the request vague, ambiguous, overly broad and unduly burdensome.  MGA further

4  objects to the phrase "sufficient to show any and all" as vague and ambiguous.  MGA

5  further objects to the request to the extent that it seeks documents that by reason of

6  public filing, public distribution or otherwise are already in Mattel's possession or

7  are readily accessible to Mattel.  MGA further objects to the request to the extent that

8  it seeks documents not in MGA's possession, custody or control.  MGA further

9  objects to the request to the extent it seeks confidential, proprietary or commercially

10  sensitive information, the disclosure of which would be inimical to the business

11  interests of MGA.  Such information may also be subject to protective orders

12  governing other litigations thereby precluding disclosure in response to this request.

13  MGA further objects to the request to the extent it violates the privacy rights of third

14  parties to their private, confidential, proprietary or trade secret information.

15      MGA further objects to this request as cumulative, duplicative, and unduly

16  burdensome to the extent that it seeks documents previously requested by Mattel or

17  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

18  including, but not limited to:  Request Nos. 229-265 from the Mattel, Inc.'s First Set

19  of Requests for Documents and Things to Isaac Larian.

20  REQUEST FOR PRODUCTION NO. 13:

21      DOCUMENTS sufficient to show any and all payments or transfers of

22  anything of value to LARIAN or any business affiliated with LARIAN, including to

23  whom the payments or transfers were made, the amounts of the payments or the

24  value of the item transferred and the dates of the payments or transfers.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

26      MGA incorporates by reference its General Response and General Objections

27  above, as though fully set forth herein and specifically incorporates General

28

1  Objection No. 15 (regarding Definitions), including without limitation MGA's

2  objection to the definition of the terms LARIAN and its incorporated terms FAMILY

3  MEMBER and PERSON.  MGA further objects to the request to the extent it seeks

4  the production of documents that are protected from disclosure under any applicable

5  privilege, doctrine or immunity, including without limitation the attorney-client

6  privilege, the work product doctrine, the right of privacy, and all other privileges

7  recognized under the constitutional, statutory or decisional law of the United States

8  of America, the State of California or any other applicable jurisdiction.  MGA further

9  objects to this request on the grounds that it is overly broad and unduly burdensome

10  in that it seeks documents not relevant to the claims or defenses in this action and not

11  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

12  demonstrated how DOCUMENTS sufficient to show *any and all* payments or

13  transfers of *anything* of value to LARIAN or *any* business affiliated with LARIAN

14  could be relevant to the claims and defenses in this action.  The request is not limited

15  to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13

16  Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as

17  being overly broad and unduly burdensome on the grounds that it is not limited in

18  time or geographical scope.  MGA further objects to this request on the grounds that

19  the terms "anything of value" and "business affiliated with LARIAN" render the

20  request vague, ambiguous, overly broad and unduly burdensome.  MGA further

21  objects to the phrase "sufficient to show any and all" as vague and ambiguous.  MGA

22  further objects to the request to the extent that it seeks documents that by reason of

23  public filing, public distribution or otherwise are already in Mattel's possession or

24  are readily accessible to Mattel.  MGA further objects to the request to the extent that

25  it seeks documents not in MGA's possession, custody or control.  MGA further

26  objects to the request to the extent it seeks confidential, proprietary or commercially

27  sensitive information, the disclosure of which would be inimical to the business

28

1  interests of MGA.  Such information may also be subject to protective orders
2  governing other litigations thereby precluding disclosure in response to this request.
3  MGA further objects to the request to the extent it violates the privacy rights of third
4  parties to their private, confidential, proprietary or trade secret information.

5      MGA further objects to this request as cumulative, duplicative, and unduly
6  burdensome to the extent that it seeks documents previously requested by Mattel or
7  produced by MGA (or any of its affiliates) in response to Mattel's document requests,
8  including, but not limited to:  Request Nos. 229-265 from the Mattel, Inc.'s First Set
9  of Requests for Documents and Things to Isaac Larian.

10  REQUEST FOR PRODUCTION NO. 14:

11      Statements for accounts maintained by YOU at any bank or other financial
12  institution sufficient to show any and all payments to LARIAN or any business
13  affiliated with LARIAN.

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

15      MGA incorporates by reference its General Response and General Objections
16  above, as though fully set forth herein and specifically incorporates General
17  Objection No. 15 (regarding Definitions), including without limitation MGA's
18  objection to the definition of the terms YOU and its incorporated terms
19  AFFILIATES and PERSON.  MGA further objects to the request to the extent it
20  seeks the production of documents that are protected from disclosure under any
21  applicable privilege, doctrine or immunity, including without limitation the attorney-
22  client privilege, the work product doctrine, the right of privacy, and all other
23  privileges recognized under the constitutional, statutory or decisional law of the
24  United States of America, the State of California or any other applicable jurisdiction.
25  MGA further objects to this request on the grounds that it is overly broad and unduly
26  burdensome in that it seeks documents not relevant to the claims or defenses in this
27  action and not reasonably calculated to lead to the discovery of admissible evidence.
28

1 | Mattel has not demonstrated how *all* statements for accounts maintained by YOU at
2 | *any* bank or other financial institution sufficient to show *any and all* payments to
3 | LARIAN or *any* business affiliated with LARIAN could be relevant to the claims
4 | and defenses in this action.  The request is not limited to the subject matter of this
5 | action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22
6 | Order at 21:5-7.  MGA further objects to this request as being overly broad and
7 | unduly burdensome on the grounds that it is not limited in time or geographical
8 | scope.  MGA further objects to this request on the grounds that the terms "other
9 | financial institution" and "business affiliated with LARIAN" render the request
10 | vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to
11 | the phrase "sufficient to show any and all" as vague and ambiguous.  MGA further
12 | objects to the request to the extent that it seeks documents that by reason of public
13 | filing, public distribution or otherwise are already in Mattel's possession or are
14 | readily accessible to Mattel.  MGA further objects to the request to the extent that it
15 | seeks documents not in MGA's possession, custody or control.  MGA further objects
16 | to the request to the extent it seeks confidential, proprietary or commercially
17 | sensitive information, the disclosure of which would be inimical to the business
18 | interests of MGA.  Such information may also be subject to protective orders
19 | governing other litigations thereby precluding disclosure in response to this request.
20 | MGA further objects to the request to the extent it violates the privacy rights of third
21 | parties to their private, confidential, proprietary or trade secret information.
22 |     MGA further objects to this request as cumulative, duplicative, and unduly
23 | burdensome to the extent that it seeks documents previously requested by Mattel or
24 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,
25 | including, but not limited to:  Request Nos. 229-265 from the Mattel, Inc.'s First Set
26 | of Requests for Documents and Things to Isaac Larian.
27 |
28 |

1  REQUEST FOR PRODUCTION NO. 15:

2   DOCUMENTS sufficient to show any and all payments of dividends to

3  LARIAN or any business affiliated with LARIAN, including to whom the dividends

4  were paid, the amounts paid and the dates of payment.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

6   MGA incorporates by reference its General Response and General Objections

7  above, as though fully set forth herein and specifically incorporates General

8  Objection No. 15 (regarding Definitions), including without limitation MGA's

9  objection to the definition of the terms LARIAN and its incorporated terms FAMILY

10  MEMBER and PERSON.  MGA further objects to the request to the extent it seeks

11  the production of documents that are protected from disclosure under any applicable

12  privilege, doctrine or immunity, including without limitation the attorney-client

13  privilege, the work product doctrine, the right of privacy, and all other privileges

14  recognized under the constitutional, statutory or decisional law of the United States

15  of America, the State of California or any other applicable jurisdiction.  MGA further

16  objects to this request on the grounds that it is overly broad and unduly burdensome

17  in that it seeks documents not relevant to the claims or defenses in this action and not

18  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

19  demonstrated how DOCUMENTS sufficient to show *any and all* payments of

20  dividends to LARIAN or *any* business affiliated with LARIAN could be relevant to

21  the claims and defenses in this action.  The request is not limited to the subject

22  matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at

23  9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

24  overly broad and unduly burdensome on the grounds that it is not limited in time or

25  geographical scope.  MGA further objects to this request on the grounds that the

26  terms "business affiliated with LARIAN" render the request vague, ambiguous,

27  overly broad and unduly burdensome.  MGA further objects to the phrase "sufficient

28

1  to show any and all" as vague and ambiguous.  MGA further objects to the request to

2  the extent that it seeks documents that by reason of public filing, public distribution

3  or otherwise are already in Mattel's possession or are readily accessible to Mattel.

4  MGA further objects to the request to the extent that it seeks documents not in

5  MGA's possession, custody or control.  MGA further objects to the request to the

6  extent it seeks confidential, proprietary or commercially sensitive information, the

7  disclosure of which would be inimical to the business interests of MGA.  Such

8  information may also be subject to protective orders governing other litigations

9  thereby precluding disclosure in response to this request.  MGA further objects to the

10  request to the extent it violates the privacy rights of third parties to their private,

11  confidential, proprietary or trade secret information.

12       MGA further objects to this request as cumulative, duplicative, and unduly

13  burdensome to the extent that it seeks documents previously requested by Mattel or

14  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

15  including, but not limited to:  Request Nos. 229-265 from the Mattel, Inc.'s First Set

16  of Requests for Documents and Things to Isaac Larian.

17  REQUEST FOR PRODUCTION NO. 16:

18       DOCUMENTS sufficient to show any and all distributions to LARIAN or any

19  business affiliated with LARIAN, including to whom the distributions were made,

20  the amounts of the distributions and the dates the distributions were made.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

22       MGA incorporates by reference its General Response and General Objections

23  above, as though fully set forth herein and specifically incorporates General

24  Objection No. 15 (regarding Definitions), including without limitation MGA's

25  objection to the definition of the terms LARIAN and its incorporated terms FAMILY

26  MEMBER and PERSON.  MGA further objects to the request to the extent it seeks

27  the production of documents that are protected from disclosure under any applicable

28

1 privilege, doctrine or immunity, including without limitation the attorney-client

2 privilege, the work product doctrine, the right of privacy, and all other privileges

3 recognized under the constitutional, statutory or decisional law of the United States

4 of America, the State of California or any other applicable jurisdiction.  MGA further

5 objects to this request on the grounds that it is overly broad and unduly burdensome

6 in that it seeks documents not relevant to the claims or defenses in this action and not

7 reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

8 demonstrated how DOCUMENTS sufficient to show *any and all* distributions to

9 LARIAN or *any* business affiliated with LARIAN could be relevant to the claims

10 and defenses in this action.  The request is not limited to the subject matter of this

11 action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22

12 Order at 21:5-7.  MGA further objects to this request as being overly broad and

13 unduly burdensome on the grounds that it is not limited in time or geographical

14 scope.  MGA further objects to this request on the grounds that the terms "business

15 affiliated with LARIAN" render the request vague, ambiguous, overly broad and

16 unduly burdensome.  MGA further objects to the phrase "sufficient to show any and

17 all" as vague and ambiguous.  MGA further objects to the request to the extent that it

18 seeks documents that by reason of public filing, public distribution or otherwise are

19 already in Mattel's possession or are readily accessible to Mattel.  MGA further

20 objects to the request to the extent that it seeks documents not in MGA's possession,

21 custody or control.  MGA further objects to the request to the extent it seeks

22 confidential, proprietary or commercially sensitive information, the disclosure of

23 which would be inimical to the business interests of MGA.  Such information may

24 also be subject to protective orders governing other litigations thereby precluding

25 disclosure in response to this request.  MGA further objects to the request to the

26 extent it violates the privacy rights of third parties to their private, confidential,

27 proprietary or trade secret information.

28

1  MGA further objects to this request as cumulative, duplicative, and unduly

2  burdensome to the extent that it seeks documents previously requested by Mattel or

3  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

4  including, but not limited to: Request Nos. 229-265 from the Mattel, Inc.'s First Set

5  of Requests for Documents and Things to Isaac Larian.

6  REQUEST FOR PRODUCTION NO. 17:

7  DOCUMENTS sufficient to show any and all advances of funds to LARIAN

8  or any business affiliated with LARIAN for services to be performed at a later date,

9  including the amount of the advance, the date of the advance, the services to be

10  performed, whether the services were performed and, if so, when they were

11  performed.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

13  MGA incorporates by reference its General Response and General Objections

14  above, as though fully set forth herein and specifically incorporates General

15  Objection No. 15 (regarding Definitions), including without limitation MGA's

16  objection to the definition of the terms LARIAN and its incorporated terms FAMILY

17  MEMBER and PERSON. MGA further objects to the request to the extent it seeks

18  the production of documents that are protected from disclosure under any applicable

19  privilege, doctrine or immunity, including without limitation the attorney-client

20  privilege, the work product doctrine, the right of privacy, and all other privileges

21  recognized under the constitutional, statutory or decisional law of the United States

22  of America, the State of California or any other applicable jurisdiction. MGA further

23  objects to this request on the grounds that it is overly broad and unduly burdensome

24  in that it seeks documents not relevant to the claims or defenses in this action and not

25  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

26  demonstrated how *any and all* advances of funds to LARIAN or *any* affiliated

27  business for services to be performed at a later date could be relevant to the claims

28

1    and defenses in this action.  The request is not limited to the subject matter of this

2    action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22

3    Order at 21:5-7.  MGA further objects to this request as being overly broad and

4    unduly burdensome on the grounds that it is not limited in time or geographical

5    scope.  MGA further objects to this request on the grounds that the terms "business

6    affiliated with LARIAN" render the request vague, ambiguous, overly broad and

7    unduly burdensome.  MGA further objects to the phrases "sufficient to show any and

8    all" and "advances of funds" as vague and ambiguous.  MGA further objects to the

9    request to the extent that it seeks documents that by reason of public filing, public

10   distribution or otherwise are already in Mattel's possession or are readily accessible

11   to Mattel.  MGA further objects to the request to the extent that it seeks documents

12   not in MGA's possession, custody or control.  MGA further objects to the request to

13   the extent it seeks confidential, proprietary or commercially sensitive information,

14   the disclosure of which would be inimical to the business interests of MGA.  Such

15   information may also be subject to protective orders governing other litigations

16   thereby precluding disclosure in response to this request.  MGA further objects to the

17   request to the extent it violates the privacy rights of third parties to their private,

18   confidential, proprietary or trade secret information.

19        MGA further objects to this request as cumulative, duplicative, and unduly

20   burdensome to the extent that it seeks documents previously requested by Mattel or

21   produced by MGA (or any of its affiliates) in response to Mattel's document requests,

22   including, but not limited to:  Request Nos. 229-265 from the Mattel, Inc.'s First Set

23   of Requests for Documents and Things to Isaac Larian.

24   REQUEST FOR PRODUCTION NO. 18:

25        DOCUMENTS sufficient to show any and all gifts to LARIAN or any

26   business affiliated with LARIAN, including to whom the gift was made, when the

27

28

1 | gift was made, the nature, amount and value of the gift and the reasons for making
2 | the gift.
3 | RESPONSE TO REQUEST FOR PRODUCTION NO. 18:
4 |      MGA incorporates by reference its General Response and General Objections
5 | above, as though fully set forth herein and specifically incorporates General
6 | Objection No. 15 (regarding Definitions), including without limitation MGA's
7 | objection to the definition of the terms LARIAN and its incorporated terms FAMILY
8 | MEMBER and PERSON.  MGA further objects to the request to the extent it seeks
9 | the production of documents that are protected from disclosure under any applicable
10 | privilege, doctrine or immunity, including without limitation the attorney-client
11 | privilege, the work product doctrine, the right of privacy, and all other privileges
12 | recognized under the constitutional, statutory or decisional law of the United States
13 | of America, the State of California or any other applicable jurisdiction.  MGA further
14 | objects to this request on the grounds that it is overly broad and unduly burdensome
15 | in that it seeks documents not relevant to the claims or defenses in this action and not
16 | reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not
17 | demonstrated how DOCUMENTS sufficient to show *any and all* gifts to LARIAN or
18 | *any* business affiliated with LARIAN could be relevant to the claims and defenses in
19 | this action.  The request is not limited to the subject matter of this action and is thus
20 | impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.
21 | MGA further objects to this request as being overly broad and unduly burdensome
22 | on the grounds that it is not limited in time or geographical scope.  MGA further
23 | objects to this request on the grounds that the terms "business affiliated with
24 | LARIAN" render the request vague, ambiguous, overly broad and unduly
25 | burdensome.  MGA further objects to the phrases "sufficient to show any and all"
26 | and "reasons for making the gift" as vague and ambiguous.  MGA further objects to
27 | the request to the extent that it seeks documents that by reason of public filing,
28 |

1  public distribution or otherwise are already in Mattel's possession or are readily

2  accessible to Mattel.  MGA further objects to the request to the extent that it seeks

3  documents not in MGA's possession, custody or control.  MGA further objects to the

4  request to the extent it seeks confidential, proprietary or commercially sensitive

5  information, the disclosure of which would be inimical to the business interests of

6  MGA.  Such information may also be subject to protective orders governing other

7  litigations thereby precluding disclosure in response to this request.  MGA further

8  objects to the request to the extent it violates the privacy rights of third parties to

9  their private, confidential, proprietary or trade secret information.

10      MGA further objects to this request as cumulative, duplicative, and unduly

11  burdensome to the extent that it seeks documents previously requested by Mattel or

12  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

13  including, but not limited to:  Request Nos. 229-265 from the Mattel, Inc.'s First Set

14  of Requests for Documents and Things to Isaac Larian.

15  REQUEST FOR PRODUCTION NO. 19:

16      DOCUMENTS sufficient to show any and all loans from MGA to LARIAN or

17  any business affiliated with LARIAN, including the date of the loan, the amount of

18  the loan, the interest rate, if any, whether the loan has been repaid or forgiven in

19  whole or in part and, if so, when and by whom.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

21      MGA incorporates by reference its General Response and General Objections

22  above, as though fully set forth herein and specifically incorporates General

23  Objection No. 15 (regarding Definitions), including without limitation MGA's

24  objection to the definition of the terms LARIAN and its incorporated terms FAMILY

25  MEMBER and PERSON.  MGA further objects to the request to the extent it seeks

26  the production of documents that are protected from disclosure under any applicable

27  privilege, doctrine or immunity, including without limitation the attorney-client

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
37

Exhibit A, Page 41

1  privilege, the work product doctrine, the right of privacy, and all other privileges

2  recognized under the constitutional, statutory or decisional law of the United States

3  of America, the State of California or any other applicable jurisdiction. MGA further

4  objects to this request on the grounds that it is overly broad and unduly burdensome

5  in that it seeks documents not relevant to the claims or defenses in this action and not

6  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

7  demonstrated how DOCUMENTS sufficient to show *any and all* loans from MGA to

8  LARIAN or *any* business affiliated with LARIAN could be relevant to the claims

9  and defenses in this action. The request is not limited to the subject matter of this

10  action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22

11  Order at 21:5-7. MGA further objects to this request as being overly broad and

12  unduly burdensome on the grounds that it is not limited in time or geographical

13  scope. MGA further objects to this request on the grounds that the terms "business

14  affiliated with LARIAN" and "forgiven" render the request vague, ambiguous,

15  overly broad and unduly burdensome. MGA further objects to the phrase "sufficient

16  to show any and all" as vague and ambiguous. MGA further objects to the request to

17  the extent that it seeks documents that by reason of public filing, public distribution

18  or otherwise are already in Mattel's possession or are readily accessible to Mattel.

19  MGA further objects to the request to the extent that it seeks documents not in

20  MGA's possession, custody or control. MGA further objects to the request to the

21  extent it seeks confidential, proprietary or commercially sensitive information, the

22  disclosure of which would be inimical to the business interests of MGA. Such

23  information may also be subject to protective orders governing other litigations

24  thereby precluding disclosure in response to this request.

25         MGA further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

28

1 | including, but not limited to:  Request Nos. 229-265 from the Mattel, Inc.'s First Set
2 | of Requests for Documents and Things to Isaac Larian.
3 | REQUEST FOR PRODUCTION NO. 20:
4 |       DOCUMENTS sufficient to show any and all loans from LARIAN or any
5 | business affiliated with LARIAN to MGA, including the date of the loan, the amount
6 | of the loan, the interest rate, if any, whether the loan has been repaid or forgiven in
7 | whole or in part and, if so, when and by whom.
8 | RESPONSE TO REQUEST FOR PRODUCTION NO. 20:
9 |       MGA incorporates by reference its General Response and General Objections
10 | above, as though fully set forth herein and specifically incorporates General
11 | Objection No. 15 (regarding Definitions), including without limitation MGA's
12 | objection to the definition of the terms LARIAN and its incorporated terms FAMILY
13 | MEMBER and PERSON.  MGA further objects to the request to the extent it seeks
14 | the production of documents that are protected from disclosure under any applicable
15 | privilege, doctrine or immunity, including without limitation the attorney-client
16 | privilege, the work product doctrine, the right of privacy, and all other privileges
17 | recognized under the constitutional, statutory or decisional law of the United States
18 | of America, the State of California or any other applicable jurisdiction.  MGA further
19 | objects to this request on the grounds that it is overly broad and unduly burdensome
20 | in that it seeks documents not relevant to the claims or defenses in this action and not
21 | reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not
22 | demonstrated how DOCUMENTS sufficient to show *any and all* loans from
23 | LARIAN or *any* business affiliated with LARIAN to MGA could be relevant to the
24 | claims and defenses in this action.  The request is not limited to the subject matter of
25 | this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May
26 | 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and
27 | unduly burdensome on the grounds that it is not limited in time or geographical
28 |

1  scope.  MGA further objects to this request on the grounds that the terms "business

2  affiliated with LARIAN" render the request vague, ambiguous, overly broad and

3  unduly burdensome.  MGA further objects to the phrase "sufficient to show any and

4  all" as vague and ambiguous.  MGA further objects to the request to the extent that it

5  seeks documents that by reason of public filing, public distribution or otherwise are

6  already in Mattel's possession or are readily accessible to Mattel.  MGA further

7  objects to the request to the extent that it seeks documents not in MGA's possession,

8  custody or control.  MGA further objects to the request to the extent it seeks

9  confidential, proprietary or commercially sensitive information, the disclosure of

10  which would be inimical to the business interests of MGA.  Such information may

11  also be subject to protective orders governing other litigations thereby precluding

12  disclosure in response to this request.

13      MGA further objects to this request as cumulative, duplicative, and unduly

14  burdensome to the extent that it seeks documents previously requested by Mattel or

15  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

16  including, but not limited to:  Request Nos. 229-265 from the Mattel, Inc.'s First Set

17  of Requests for Documents and Things to Isaac Larian.

18  REQUEST FOR PRODUCTION NO. 21:

19      DOCUMENTS sufficient to show any and all obligations of LARIAN or any

20  business affiliated with LARIAN guaranteed or cosigned by MGA, including the

21  IDENTITY of the PERSON whose obligation was guaranteed or cosigned, the

22  identity of the creditor or lender, the nature and amount of the obligation, the date the

23  obligation was guaranteed or cosigned, whether the obligation has been satisfied and,

24  if so, when and by whom.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

26      MGA incorporates by reference its General Response and General Objections

27  above, as though fully set forth herein and specifically incorporates General

28

1  Objection No. 15 (regarding Definitions), including without limitation MGA's
2  objection to the definition of the terms LARIAN and its incorporated terms FAMILY
3  MEMBER and PERSON.  MGA further objects to the request to the extent it seeks
4  the production of documents that are protected from disclosure under any applicable
5  privilege, doctrine or immunity, including without limitation the attorney-client
6  privilege, the work product doctrine, the right of privacy, and all other privileges
7  recognized under the constitutional, statutory or decisional law of the United States
8  of America, the State of California or any other applicable jurisdiction.  MGA further
9  objects to this request on the grounds that it is overly broad and unduly burdensome
10  in that it seeks documents not relevant to the claims or defenses in this action and not
11  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not
12  demonstrated how DOCUMENTS sufficient to show *any and all* obligations of
13  LARIAN or *any* business affiliated with LARIAN guaranteed or cosigned by MGA
14  could be relevant to the claims and defenses in this action.  The request is not limited
15  to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13
16  Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as
17  being overly broad and unduly burdensome on the grounds that it is not limited in
18  time or geographical scope.  MGA further objects to this request on the grounds that
19  the terms "business affiliated with LARIAN" render the request vague, ambiguous,
20  overly broad and unduly burdensome.  MGA further objects to the phrase "sufficient
21  to show any and all" as vague and ambiguous.  MGA further objects to the request to
22  the extent that it seeks documents that by reason of public filing, public distribution
23  or otherwise are already in Mattel's possession or are readily accessible to Mattel.
24  MGA further objects to the request to the extent that it seeks documents not in
25  MGA's possession, custody or control.  MGA further objects to the request to the
26  extent it seeks confidential, proprietary or commercially sensitive information, the
27  disclosure of which would be inimical to the business interests of MGA.  Such
28

1   information may also be subject to protective orders governing other litigations

2   thereby precluding disclosure in response to this request.  MGA further objects to the

3   request to the extent it violates the privacy rights of third parties to their private,

4   confidential, proprietary or trade secret information.

5        MGA further objects to this request as cumulative, duplicative, and unduly

6   burdensome to the extent that it seeks documents previously requested by Mattel or

7   produced by MGA (or any of its affiliates) in response to Mattel's document requests,

8   including, but not limited to:  Request Nos. 229-265 from the Mattel, Inc.'s First Set

9   of Requests for Documents and Things to Isaac Larian.

10  REQUEST FOR PRODUCTION NO. 22:

11       DOCUMENTS sufficient to show any and all obligations of MGA guaranteed

12  or cosigned by LARIAN or any business affiliated with LARIAN, including the

13  IDENTITY of the PERSON who guaranteed or cosigned the obligation, the identity

14  of the creditor or lender, the nature and amount of the obligation, the date the

15  obligation was guaranteed or cosigned, whether the obligation has been satisfied and,

16  if so, when and by whom.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

18       MGA incorporates by reference its General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation MGA's

21  objection to the definition of the terms LARIAN and its incorporated terms FAMILY

22  MEMBER and PERSON.  MGA further objects to the request to the extent it seeks

23  the production of documents that are protected from disclosure under any applicable

24  privilege, doctrine or immunity, including without limitation the attorney-client

25  privilege, the work product doctrine, the right of privacy, and all other privileges

26  recognized under the constitutional, statutory or decisional law of the United States

27  of America, the State of California or any other applicable jurisdiction.  MGA further

28

1  objects to this request on the grounds that it is overly broad and unduly burdensome

2  in that it seeks documents not relevant to the claims or defenses in this action and not

3  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

4  demonstrated how DOCUMENTS sufficient to show *any and all* obligations of

5  MGA guaranteed or cosigned by LARIAN or *any* business affiliated with LARIAN

6  could be relevant to the claims and defenses in this action.  The request is not limited

7  to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13

8  Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as

9  being overly broad and unduly burdensome on the grounds that it is not limited in

10  time or geographical scope.  MGA further objects to this request on the grounds that

11  the terms "business affiliated with LARIAN" render the request vague, ambiguous,

12  overly broad and unduly burdensome.  MGA further objects to the phrase "sufficient

13  to show any and all" as vague and ambiguous.  MGA further objects to the request to

14  the extent that it seeks documents that by reason of public filing, public distribution

15  or otherwise are already in Mattel's possession or are readily accessible to Mattel.

16  MGA further objects to the request to the extent that it seeks documents not in

17  MGA's possession, custody or control.  MGA further objects to the request to the

18  extent it seeks confidential, proprietary or commercially sensitive information, the

19  disclosure of which would be inimical to the business interests of MGA.  Such

20  information may also be subject to protective orders governing other litigations

21  thereby precluding disclosure in response to this request.  MGA further objects to the

22  request to the extent it violates the privacy rights of third parties to their private,

23  confidential, proprietary or trade secret information.

24       MGA further objects to this request as cumulative, duplicative, and unduly

25  burdensome to the extent that it seeks documents previously requested by Mattel or

26  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

27

28

1  including, but not limited to:  Request Nos. 229-265 from the Mattel, Inc.'s First Set
2  of Requests for Documents and Things to Isaac Larian.
3  <u>REQUEST FOR PRODUCTION NO. 23</u>:
4       DOCUMENTS sufficient to IDENTIFY each and every PERSON who has
5  owned stock in MGA at any time including, without limitation, DOCUMENTS
6  sufficient to show whether such PERSON is a FAMILY MEMBER of Isaac Larian.
7  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 23</u>:
8       MGA incorporates by reference its General Response and General Objections
9  above, as though fully set forth herein and specifically incorporates General
10  Objection No. 15 (regarding Definitions), including without limitation MGA's
11  objection to the definition of the terms PERSON, FAMILY MEMBER, and MGA
12  and its incorporated term AFFILIATES.  MGA further objects to the request to the
13  extent it seeks the production of documents that are protected from disclosure under
14  any applicable privilege, doctrine or immunity, including without limitation the
15  attorney-client privilege, the work product doctrine, the right of privacy, and all other
16  privileges recognized under the constitutional, statutory or decisional law of the
17  United States of America, the State of California or any other applicable jurisdiction.
18  MGA further objects to this request on the grounds that it is overly broad and unduly
19  burdensome in that it seeks documents not relevant to the claims or defenses in this
20  action and not reasonably calculated to lead to the discovery of admissible evidence.
21  Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each and*
22  *every* PERSON who has owned stock in MGA at *any* time could be relevant to the
23  claims and defenses in this action.  The request is not limited to the subject matter of
24  this action and is thus impermissibly overbroad.  <u>See</u> Aug. 13 Order at 9:17-20; May
25  22 Order at 21:5-7.  MGA further objects to this request as being overly broad and
26  unduly burdensome on the grounds that it is not limited in time or geographical
27  scope.  MGA further objects to the phrases "sufficient to identify each and every . . .
28

1  including" and "sufficient to show whether such PERSON is a FAMILY MEMBER

2  of Isaac Larian" as vague and ambiguous.  MGA further objects to the request to the

3  extent that it seeks documents that by reason of public filing, public distribution or

4  otherwise are already in Mattel's possession or are readily accessible to Mattel.

5  MGA further objects to the request to the extent that it seeks documents not in

6  MGA's possession, custody or control.  MGA further objects to the request to the

7  extent it seeks confidential, proprietary or commercially sensitive information, the

8  disclosure of which would be inimical to the business interests of MGA.  Such

9  information may also be subject to protective orders governing other litigations

10 thereby precluding disclosure in response to this request.  MGA further objects to the

11 request to the extent it violates the privacy rights of third parties to their private,

12 confidential, proprietary or trade secret information.

13       MGA further objects to this request as cumulative, duplicative, and unduly

14 burdensome to the extent that it seeks documents previously requested by Mattel or

15 produced by MGA (or any of its affiliates) in response to Mattel's document requests,

16 including, but not limited to:  Request No. 107 from Mattel, Inc.'s Fourth Set of

17 Requests for Documents and Things to MGA Entertainment, Inc.

18 REQUEST FOR PRODUCTION NO. 24:

19       For each PERSON who has owned stock in MGA, DOCUMENTS sufficient

20 to show the number of shares of stock owned by such PERSON, the percentage of

21 shares owned as measured against the total outstanding shares, the dates upon which

22 the PERSON acquired the shares, the consideration paid or promised for the shares

23 and the dates on which such consideration was paid or promised.

24 RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

25       MGA incorporates by reference its General Response and General Objections

26 above, as though fully set forth herein and specifically incorporates General

27 Objection No. 15 (regarding Definitions), including without limitation MGA's

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
45

Exhibit A, Page 49

1  objection to the definition of the terms PERSON and MGA, and its incorporated

2  term AFFILIATES.  MGA further objects to the request to the extent it seeks the

3  production of documents that are protected from disclosure under any applicable

4  privilege, doctrine or immunity, including without limitation the attorney-client

5  privilege, the work product doctrine, the right of privacy, and all other privileges

6  recognized under the constitutional, statutory or decisional law of the United States

7  of America, the State of California or any other applicable jurisdiction.  MGA further

8  objects to this request on the grounds that it is overly broad and unduly burdensome

9  in that it seeks documents not relevant to the claims or defenses in this action and not

10  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

11  demonstrated how, for *each* PERSON who has owned stock in MGA,

12  DOCUMENTS sufficient to show the number of shares, the percentage of shares, the

13  dates acquired, the consideration paid or promised, and the dates on which such

14  consideration was paid or promised could be relevant to the claims and defenses in

15  this action.  The request is not limited to the subject matter of this action and is thus

16  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

17  MGA further objects to this request as being overly broad and unduly burdensome

18  on the grounds that it is not limited in time or geographical scope.  MGA further

19  objects to the phrase "sufficient to show" as vague and ambiguous.  MGA further

20  objects to the request to the extent that it seeks documents that by reason of public

21  filing, public distribution or otherwise are already in Mattel's possession or are

22  readily accessible to Mattel.  MGA further objects to the request to the extent that it

23  seeks documents not in MGA's possession, custody or control.  MGA further objects

24  to the request to the extent it seeks confidential, proprietary or commercially

25  sensitive information, the disclosure of which would be inimical to the business

26  interests of MGA.  Such information may also be subject to protective orders

27  governing other litigations thereby precluding disclosure in response to this request.

28

1 | MGA further objects to the request to the extent it violates the privacy rights of third
2 | parties to their private, confidential, proprietary or trade secret information.
3 |       MGA further objects to this request as cumulative, duplicative, and unduly
4 | burdensome to the extent that it seeks documents previously requested by Mattel or
5 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,
6 | including, but not limited to:  Request No. 107 from Mattel, Inc.'s Fourth Set of
7 | Requests for Documents and Things to MGA Entertainment, Inc.
8 | REQUEST FOR PRODUCTION NO. 25:
9 |       DOCUMENTS sufficient to show the total outstanding shares of MGA stock
10 | at any time from the incorporation of MGA to the present.
11 | RESPONSE TO REQUEST FOR PRODUCTION NO. 25:
12 |       MGA incorporates by reference its General Response and General Objections
13 | above, as though fully set forth herein and specifically incorporates General
14 | Objection No. 15 (regarding Definitions), including without limitation MGA's
15 | objection to the definition of the terms MGA and its incorporated terms
16 | AFFILIATES and PERSON.  MGA further objects to the request to the extent it
17 | seeks the production of documents that are protected from disclosure under any
18 | applicable privilege, doctrine or immunity, including without limitation the attorney-
19 | client privilege, the work product doctrine, the right of privacy, and all other
20 | privileges recognized under the constitutional, statutory or decisional law of the
21 | United States of America, the State of California or any other applicable jurisdiction.
22 | MGA further objects to this request on the grounds that it is overly broad and unduly
23 | burdensome in that it seeks documents not relevant to the claims or defenses in this
24 | action and not reasonably calculated to lead to the discovery of admissible evidence.
25 | Mattel has not demonstrated how DOCUMENTS sufficient to show the total
26 | outstanding shares of MGA stock *at any time* from the incorporation of MGA to the
27 | present could be relevant to the claims and defenses in this action.  The request is not
28 |

1  limited to the subject matter of this action and is thus impermissibly overbroad.  <u>See</u>

2  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

3  request as being overly broad and unduly burdensome on the grounds that it is not

4  limited in time or geographical scope.  MGA further objects to the phrase "sufficient

5  to show" as vague and ambiguous.  MGA further objects to the request to the extent

6  that it seeks documents that by reason of public filing, public distribution or

7  otherwise are already in Mattel's possession or are readily accessible to Mattel.

8  MGA further objects to the request to the extent that it seeks documents not in

9  MGA's possession, custody or control.  MGA further objects to the request to the

10  extent it seeks confidential, proprietary or commercially sensitive information, the

11  disclosure of which would be inimical to the business interests of MGA.  Such

12  information may also be subject to protective orders governing other litigations

13  thereby precluding disclosure in response to this request.  MGA further objects to the

14  request to the extent it violates the privacy rights of third parties to their private,

15  confidential, proprietary or trade secret information.

16       MGA further objects to this request as cumulative, duplicative, and unduly

17  burdensome to the extent that it seeks documents previously requested by Mattel or

18  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

19  including, but not limited to:  Request No. 107 from Mattel, Inc.'s Fourth Set of

20  Requests for Documents and Things to MGA Entertainment, Inc.

21  <u>REQUEST FOR PRODUCTION NO. 26</u>:

22       All DOCUMENTS that REFER OR RELATE TO the issuance of MGA stock

23  certificates any time since the incorporation of MGA to the present, including

24  without limitation to whom they were issued and the dates of issuance.

25  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 26</u>:

26       MGA incorporates by reference its General Response and General Objections

27  above, as though fully set forth herein and specifically incorporates General

28

1  Objection No. 15 (regarding Definitions), including without limitation MGA's
2  objection to the definition of the terms MGA and its incorporated terms
3  AFFILIATES and PERSON.  MGA further objects to the request to the extent it
4  seeks the production of documents that are protected from disclosure under any
5  applicable privilege, doctrine or immunity, including without limitation the attorney-
6  client privilege, the work product doctrine, the right of privacy, and all other
7  privileges recognized under the constitutional, statutory or decisional law of the
8  United States of America, the State of California or any other applicable jurisdiction.
9  MGA further objects to this request on the grounds that it is overly broad and unduly
10 burdensome in that it seeks documents not relevant to the claims or defenses in this
11 action and not reasonably calculated to lead to the discovery of admissible evidence.
12 Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO
13 the issuance of MGA stock certificates *any time* since the incorporation of MGA to
14 the present could be relevant to the claims and defenses in this action.  The request is
15 not limited to the subject matter of this action and is thus impermissibly overbroad.
16 See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this
17 request as being overly broad and unduly burdensome on the grounds that it is not
18 limited in time or geographical scope.  MGA further objects to the request to the
19 extent that it seeks documents that by reason of public filing, public distribution or
20 otherwise are already in Mattel's possession or are readily accessible to Mattel.
21 MGA further objects to the request to the extent that it seeks documents not in
22 MGA's possession, custody or control.  MGA further objects to the request to the
23 extent it seeks confidential, proprietary or commercially sensitive information, the
24 disclosure of which would be inimical to the business interests of MGA.  Such
25 information may also be subject to protective orders governing other litigations
26 thereby precluding disclosure in response to this request.  MGA further objects to the
27
28

1  request to the extent it violates the privacy rights of third parties to their private,

2  confidential, proprietary or trade secret information.

3      MGA further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

6  including, but not limited to:  Request No. 107 from Mattel, Inc.'s Fourth Set of

7  Requests for Documents and Things to MGA Entertainment, Inc.

8  REQUEST FOR PRODUCTION NO. 27:

9      All DOCUMENTS, including without limitation all COMMUNICATIONS,

10  that REFER OR RELATE TO the purchase, sale, transfer, alienation, pledge,

11  hypothecation or alienation of MGA stock or any ownership interest in MGA.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

13      MGA incorporates by reference its General Response and General Objections

14  above, as though fully set forth herein and specifically incorporates General

15  Objection No. 15 (regarding Definitions), including without limitation MGA's

16  objection to the definition of the terms MGA and its incorporated terms

17  AFFILIATES and PERSON.  MGA further objects to the request to the extent it

18  seeks the production of documents that are protected from disclosure under any

19  applicable privilege, doctrine or immunity, including without limitation the attorney-

20  client privilege, the work product doctrine, the right of privacy, and all other

21  privileges recognized under the constitutional, statutory or decisional law of the

22  United States of America, the State of California or any other applicable jurisdiction.

23  MGA further objects to this request on the grounds that it is overly broad and unduly

24  burdensome in that it seeks documents not relevant to the claims or defenses in this

25  action and not reasonably calculated to lead to the discovery of admissible evidence.

26  Mattel has not demonstrated how *all* DOCUMENTS, including without limitation *all*

27  COMMUNICATIONS, that REFER OR RELATE TO the purchase, sale, transfer,

28

1 | alienation, pledge, hypothecation or alienation of MGA stock or any ownership
2 | interest in MGA could be relevant to the claims and defenses in this action.  The
3 | request is not limited to the subject matter of this action and is thus impermissibly
4 | overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further
5 | objects to this request as being overly broad and unduly burdensome on the grounds
6 | that it is not limited in time or geographical scope.  MGA further objects to the
7 | phrase "REFER or RELATE TO the . . . alienation . . . or alienation of MGA stock"
8 | as vague and ambiguous.  MGA further objects to the request to the extent that it
9 | seeks documents that by reason of public filing, public distribution or otherwise are
10 | already in Mattel's possession or are readily accessible to Mattel.  MGA further
11 | objects to the request to the extent that it seeks documents not in MGA's possession,
12 | custody or control.  MGA further objects to the request to the extent it seeks
13 | confidential, proprietary or commercially sensitive information, the disclosure of
14 | which would be inimical to the business interests of MGA.  Such information may
15 | also be subject to protective orders governing other litigations thereby precluding
16 | disclosure in response to this request.  MGA further objects to the request to the
17 | extent it violates the privacy rights of third parties to their private, confidential,
18 | proprietary or trade secret information.
19 |     MGA further objects to this request as cumulative, duplicative, and unduly
20 | burdensome to the extent that it seeks documents previously requested by Mattel or
21 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,
22 | including, but not limited to:  Request No. 107 from Mattel, Inc.'s Fourth Set of
23 | Requests for Documents and Things to MGA Entertainment, Inc.
24 | REQUEST FOR PRODUCTION NO. 28:
25 |     All DOCUMENTS, including without limitation all COMMUNICATIONS,
26 | that REFER OR RELATE TO any instance in which any shareholder, stockholder or
27 | other owner of any interest in MGA lost, misplaced or was unable to locate original
28 |

1  MGA stock certificates or in which any shareholder, stockholder or other owner of

2  any interest in MGA requested that any PERSON attest to or assert such loss,

3  misplacement or inability to locate, including without limitation the emails between

4  Isaac Larian and Jahangir Makabi requesting that Makabi sign an affidavit that he

5  lost his original stock certificates despite Makabi's protestation that he never had any

6  such certificates.

7  RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

8          MGA incorporates by reference its General Response and General Objections

9  above, as though fully set forth herein and specifically incorporates General

10 Objection No. 15 (regarding Definitions), including without limitation MGA's

11 objection to the definition of the terms PERSON and MGA and its incorporated term

12 AFFILIATES.  MGA further objects to the request to the extent it seeks the

13 production of documents that are protected from disclosure under any applicable

14 privilege, doctrine or immunity, including without limitation the attorney-client

15 privilege, the work product doctrine, the right of privacy, and all other privileges

16 recognized under the constitutional, statutory or decisional law of the United States

17 of America, the State of California or any other applicable jurisdiction.  MGA further

18 objects to this request on the grounds that it is overly broad and unduly burdensome

19 in that it seeks documents not relevant to the claims or defenses in this action and not

20 reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

21 demonstrated how *all* DOCUMENTS, including without limitation *all*

22 COMMUNICATIONS, that REFER OR RELATE TO any instance in which *any*

23 shareholder, stockholder or other owner of *any* interest in MGA lost, misplaced or

24 was unable to locate original MGA stock certificates or in which any shareholder,

25 stockholder or other owner of *any* interest in MGA requested that any PERSON

26 attest to or assert such loss, misplacement or inability to locate could be relevant to

27 the claims and defenses in this action.  The request is not limited to the subject

28

1  matter of this action and is thus impermissibly overbroad. <u>See</u> Aug. 13 Order at

2  9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being

3  overly broad and unduly burdensome on the grounds that it is not limited in time or

4  geographical scope. MGA further objects to the phrase "attest to or assert such loss"

5  as vague and ambiguous. MGA further objects to the request to the extent that it

6  seeks documents that by reason of public filing, public distribution or otherwise are

7  already in Mattel's possession or are readily accessible to Mattel. MGA further

8  objects to the request to the extent that it seeks documents not in MGA's possession,

9  custody or control. MGA further objects to the request to the extent it seeks

10 confidential, proprietary or commercially sensitive information, the disclosure of

11 which would be inimical to the business interests of MGA. Such information may

12 also be subject to protective orders governing other litigations thereby precluding

13 disclosure in response to this request. MGA further objects to the request to the

14 extent it violates the privacy rights of third parties to their private, confidential,

15 proprietary or trade secret information.

16      MGA further objects to this request as cumulative, duplicative, and unduly

17 burdensome to the extent that it seeks documents previously requested by Mattel or

18 produced by MGA (or any of its affiliates) in response to Mattel's document requests,

19 including, but not limited to: Request No. 107 from Mattel, Inc.'s Fourth Set of

20 Requests for Documents and Things to MGA Entertainment, Inc.

21 <u>REQUEST FOR PRODUCTION NO. 29</u>:

22      All DOCUMENTS that REFER OR RELATE TO how MGA was capitalized

23 upon its incorporation including, without limitation, the IDENTITY of each

24 PERSON who purchased or subscribed to stock in MGA, the number of shares

25 purchased or subscribed by each such PERSON, the amount paid or promised for the

26 shares purchased or subscribed by each such PERSON and the dates such amounts

27 were paid or promised.

28

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

2      MGA incorporates by reference its General Response and General Objections

3  above, as though fully set forth herein and specifically incorporates General

4  Objection No. 15 (regarding Definitions), including without limitation MGA's

5  objection to the definition of the terms PERSON and MGA and its incorporated term

6  AFFILIATES.  MGA further objects to the request to the extent it seeks the

7  production of documents that are protected from disclosure under any applicable

8  privilege, doctrine or immunity, including without limitation the attorney-client

9  privilege, the work product doctrine, the right of privacy, and all other privileges

10  recognized under the constitutional, statutory or decisional law of the United States

11  of America, the State of California or any other applicable jurisdiction.  MGA further

12  objects to this request on the grounds that it is overly broad and unduly burdensome

13  in that it seeks documents not relevant to the claims or defenses in this action and not

14  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

15  demonstrated how *all* DOCUMENTS that REFER OR RELATE TO how MGA was

16  capitalized upon its incorporation including, without limitation, the IDENTITY of

17  *each* PERSON who purchased or subscribed to stock in MGA, the number of shares

18  purchased or subscribed by *each* such PERSON, the amount paid or promised for the

19  shares purchased or subscribed by *each* such PERSON and the dates such amounts

20  were paid or promised could be relevant to the claims and defenses in this action.

21  The request is not limited to the subject matter of this action and is thus

22  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

23  MGA further objects to this request as being overly broad and unduly burdensome

24  on the grounds that it is not limited in time or geographical scope.  MGA further

25  objects to the request to the extent that it seeks documents that by reason of public

26  filing, public distribution or otherwise are already in Mattel's possession or are

27  readily accessible to Mattel.  MGA further objects to the request to the extent that it

28

1  seeks documents not in MGA's possession, custody or control.  MGA further objects

2  to the request to the extent it seeks confidential, proprietary or commercially

3  sensitive information, the disclosure of which would be inimical to the business

4  interests of MGA.  Such information may also be subject to protective orders

5  governing other litigations thereby precluding disclosure in response to this request.

6  MGA further objects to the request to the extent it violates the privacy rights of third

7  parties to their private, confidential, proprietary or trade secret information.

8          MGA further objects to this request as cumulative, duplicative, and unduly

9  burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

11  including, but not limited to:  Request No. 107 from Mattel, Inc.'s Fourth Set of

12  Requests for Documents and Things to MGA Entertainment, Inc.

13  REQUEST FOR PRODUCTION NO. 30:

14          DOCUMENTS sufficient to show how MGA has been capitalized from the

15  date of its incorporation to the present.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

17          MGA incorporates by reference its General Response and General Objections

18  above, as though fully set forth herein and specifically incorporates General

19  Objection No. 15 (regarding Definitions), including without limitation MGA's

20  objection to the definition of the terms MGA and its incorporated terms

21  AFFILIATES and PERSON.  MGA further objects to the request to the extent it

22  seeks the production of documents that are protected from disclosure under any

23  applicable privilege, doctrine or immunity, including without limitation the attorney-

24  client privilege, the work product doctrine, the right of privacy, and all other

25  privileges recognized under the constitutional, statutory or decisional law of the

26  United States of America, the State of California or any other applicable jurisdiction.

27  MGA further objects to this request on the grounds that it is overly broad and unduly

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
55

1  burdensome in that it seeks documents not relevant to the claims or defenses in this

2  action and not reasonably calculated to lead to the discovery of admissible evidence.

3  Mattel has not demonstrated how DOCUMENTS sufficient to show how MGA has

4  been capitalized from the date of its incorporation to the present could be relevant to

5  the claims and defenses in this action.  The request is not limited to the subject

6  matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at

7  9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

8  overly broad and unduly burdensome on the grounds that it is not limited in

9  geographical scope.  MGA further objects to the request to the extent that it seeks

10 documents that by reason of public filing, public distribution or otherwise are already

11 in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the

12 request to the extent that it seeks documents not in MGA's possession, custody or

13 control.  MGA further objects to the request to the extent it seeks confidential,

14 proprietary or commercially sensitive information, the disclosure of which would be

15 inimical to the business interests of MGA.  Such information may also be subject to

16 protective orders governing other litigations thereby precluding disclosure in

17 response to this request.  MGA further objects to the request to the extent it violates

18 the privacy rights of third parties to their private, confidential, proprietary or trade

19 secret information.

20        MGA further objects to this request as cumulative, duplicative, and unduly

21 burdensome to the extent that it seeks documents previously requested by Mattel or

22 produced by MGA (or any of its affiliates) in response to Mattel's document requests,

23 including, but not limited to:  Request No. 107 from Mattel, Inc.'s Fourth Set of

24 Requests for Documents and Things to MGA Entertainment, Inc.

25

26

27

28

1  REQUEST FOR PRODUCTION NO. 31:

2      DOCUMENTS sufficient to show any and all payments of dividends to any

3  shareholder of MGA, including to whom the dividends were paid, the amounts paid

4  and the dates of payment.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

6      MGA incorporates by reference its General Response and General Objections

7  above, as though fully set forth herein and specifically incorporates General

8  Objection No. 15 (regarding Definitions), including without limitation MGA's

9  objection to the definition of the terms MGA and its incorporated terms

10  AFFILIATES and PERSON.  MGA further objects to the request to the extent it

11  seeks the production of documents that are protected from disclosure under any

12  applicable privilege, doctrine or immunity, including without limitation the attorney-

13  client privilege, the work product doctrine, the right of privacy, and all other

14  privileges recognized under the constitutional, statutory or decisional law of the

15  United States of America, the State of California or any other applicable jurisdiction.

16  MGA further objects to this request on the grounds that it is overly broad and unduly

17  burdensome in that it seeks documents not relevant to the claims or defenses in this

18  action and not reasonably calculated to lead to the discovery of admissible evidence.

19  Mattel has not demonstrated how DOCUMENTS sufficient to show *any and all*

20  payments of dividends to *any* shareholder of MGA could be relevant to the claims

21  and defenses in this action.  The request is not limited to the subject matter of this

22  action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22

23  Order at 21:5-7.  MGA further objects to this request as being overly broad and

24  unduly burdensome on the grounds that it is not limited in time or geographical

25  scope.  MGA further objects to the phrase "sufficient to show any and all

26  payments . . . including . . . ." as vague and ambiguous.  MGA further objects to the

27  request to the extent that it seeks documents that by reason of public filing, public

28

1 distribution or otherwise are already in Mattel's possession or are readily accessible

2 to Mattel.  MGA further objects to the request to the extent that it seeks documents

3 not in MGA's possession, custody or control.  MGA further objects to the request to

4 the extent it seeks confidential, proprietary or commercially sensitive information,

5 the disclosure of which would be inimical to the business interests of MGA.  Such

6 information may also be subject to protective orders governing other litigations

7 thereby precluding disclosure in response to this request.  MGA further objects to the

8 request to the extent it violates the privacy rights of third parties to their private,

9 confidential, proprietary or trade secret information.

10       MGA further objects to this request as cumulative, duplicative, and unduly

11 burdensome to the extent that it seeks documents previously requested by Mattel or

12 produced by MGA (or any of its affiliates) in response to Mattel's document requests.

13 REQUEST FOR PRODUCTION NO. 32:

14       DOCUMENTS sufficient to show any and all distributions to any shareholders

15 of MGA, including to whom the distributions were made, the amounts of the

16 distributions and the dates the distributions were made.

17 RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

18       MGA incorporates by reference its General Response and General Objections

19 above, as though fully set forth herein and specifically incorporates General

20 Objection No. 15 (regarding Definitions), including without limitation MGA's

21 objection to the definition of the terms MGA and its incorporated terms

22 AFFILIATES and PERSON.  MGA further objects to the request to the extent it

23 seeks the production of documents that are protected from disclosure under any

24 applicable privilege, doctrine or immunity, including without limitation the attorney-

25 client privilege, the work product doctrine, the right of privacy, and all other

26 privileges recognized under the constitutional, statutory or decisional law of the

27 United States of America, the State of California or any other applicable jurisdiction.

28

1  MGA further objects to this request on the grounds that it is overly broad and unduly

2  burdensome in that it seeks documents not relevant to the claims or defenses in this

3  action and not reasonably calculated to lead to the discovery of admissible evidence.

4  Mattel has not demonstrated how DOCUMENTS sufficient to show *any and all*

5  distributions to *any* shareholders of MGA could be relevant to the claims and

6  defenses in this action.  The request is not limited to the subject matter of this action

7  and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order

8  at 21:5-7.  MGA further objects to this request as being overly broad and unduly

9  burdensome on the grounds that it is not limited in time or geographical scope.

10  MGA further objects to the phrases "sufficient to show any and all distributions . . .

11  including . . . ." as vague and ambiguous.  MGA further objects to the request to the

12  extent that it seeks documents that by reason of public filing, public distribution or

13  otherwise are already in Mattel's possession or are readily accessible to Mattel.

14  MGA further objects to the request to the extent that it seeks documents not in

15  MGA's possession, custody or control.  MGA further objects to the request to the

16  extent it seeks confidential, proprietary or commercially sensitive information, the

17  disclosure of which would be inimical to the business interests of MGA.  Such

18  information may also be subject to protective orders governing other litigations

19  thereby precluding disclosure in response to this request.  MGA further objects to the

20  request to the extent it violates the privacy rights of third parties to their private,

21  confidential, proprietary or trade secret information.

22      MGA further objects to this request as cumulative, duplicative, and unduly

23  burdensome to the extent that it seeks documents previously requested by Mattel or

24  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

25

26

27

28

1  REQUEST FOR PRODUCTION NO. 33:

2       DOCUMENTS sufficient to IDENTIFY each PERSON who has served as an

3  officer or director of MGA including, without limitation, the offices or positions held

4  by each such PERSON and the dates such offices or positions were held.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

6       MGA incorporates by reference its General Response and General Objections

7  above, as though fully set forth herein and specifically incorporates General

8  Objection No. 15 (regarding Definitions), including without limitation MGA's

9  objection to the definition of the terms PERSON and MGA and its incorporated term

10  AFFILIATES.  MGA further objects to the request to the extent it seeks the

11  production of documents that are protected from disclosure under any applicable

12  privilege, doctrine or immunity, including without limitation the attorney-client

13  privilege, the work product doctrine, the right of privacy, and all other privileges

14  recognized under the constitutional, statutory or decisional law of the United States

15  of America, the State of California or any other applicable jurisdiction.  MGA further

16  objects to this request on the grounds that it is overly broad and unduly burdensome

17  in that it seeks documents not relevant to the claims or defenses in this action and not

18  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

19  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* PERSON who has

20  served as an officer or director of MGA could be relevant to the claims and defenses

21  in this action.  The request is not limited to the subject matter of this action and is

22  thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-

23  7.  MGA further objects to this request as being overly broad and unduly

24  burdensome on the grounds that it is not limited in time or geographical scope.

25  MGA further objects to the phrase "sufficient to IDENTIFY . . . including . . ." as

26  vague and ambiguous.  MGA further objects to the request to the extent that it seeks

27  documents that by reason of public filing, public distribution or otherwise are already

28

1  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the

2  request to the extent that it seeks documents not in MGA's possession, custody or

3  control.  MGA further objects to the request to the extent it seeks confidential,

4  proprietary or commercially sensitive information, the disclosure of which would be

5  inimical to the business interests of MGA.  MGA further objects to the request to the

6  extent it violates the privacy rights of third parties to their private, confidential,

7  proprietary or trade secret information.

8      MGA further objects to this request as cumulative, duplicative, and unduly

9  burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

11  REQUEST FOR PRODUCTION NO. 34:

12      DOCUMENTS sufficient to show any and all salary, benefits or any other

13  compensation paid to any officer, director or shareholder of MGA, including to

14  whom the payments were made, the amounts paid and the dates of payment.

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

16      MGA incorporates by reference its General Response and General Objections

17  above, as though fully set forth herein and specifically incorporates General

18  Objection No. 15 (regarding Definitions), including without limitation MGA's

19  objection to the definition of the terms MGA and its incorporated terms

20  AFFILIATES and PERSON.  MGA further objects to the request to the extent it

21  seeks the production of documents that are protected from disclosure under any

22  applicable privilege, doctrine or immunity, including without limitation the attorney-

23  client privilege, the work product doctrine, the right of privacy, and all other

24  privileges recognized under the constitutional, statutory or decisional law of the

25  United States of America, the State of California or any other applicable jurisdiction.

26  MGA further objects to this request on the grounds that it is overly broad and unduly

27  burdensome in that it seeks documents not relevant to the claims or defenses in this

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
61

Exhibit A, Page 65

1  action and not reasonably calculated to lead to the discovery of admissible evidence.

2  Mattel has not demonstrated how DOCUMENTS sufficient to show *any and all*

3  salary, benefits or *any* other compensation paid to *any* officer, director or shareholder

4  of MGA could be relevant to the claims and defenses in this action.  The request is

5  not limited to the subject matter of this action and is thus impermissibly overbroad.

6  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

7  request as being overly broad and unduly burdensome on the grounds that it is not

8  limited in time or geographical scope.  MGA further objects to the phrase "sufficient

9  to show any and all . . . including . . ." as vague and ambiguous.  MGA further

10  objects to the request to the extent that it seeks documents that by reason of public

11  filing, public distribution or otherwise are already in Mattel's possession or are

12  readily accessible to Mattel.  MGA further objects to the request to the extent that it

13  seeks documents not in MGA's possession, custody or control.  MGA further objects

14  to the request to the extent it seeks confidential, proprietary or commercially

15  sensitive information, the disclosure of which would be inimical to the business

16  interests of MGA.  Such information may also be subject to protective orders

17  governing other litigations thereby precluding disclosure in response to this request.

18  MGA further objects to the request to the extent it violates the privacy rights of third

19  parties to their private, confidential, proprietary or trade secret information.

20      MGA further objects to this request as cumulative, duplicative, and unduly

21  burdensome to the extent that it seeks documents previously requested by Mattel or

22  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

23  REQUEST FOR PRODUCTION NO. 35:

24      DOCUMENTS sufficient to show any and all payments or transfers of

25  anything of value to any officer, director or shareholder of MGA, including to whom

26  the payments or transfers were made, the amounts of the payments or the value of

27  the item transferred and the dates of the payments or transfers.

28

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

2        MGA incorporates by reference its General Response and General Objections

3  above, as though fully set forth herein and specifically incorporates General

4  Objection No. 15 (regarding Definitions), including without limitation MGA's

5  objection to the definition of the terms MGA and its incorporated terms

6  AFFILIATES and PERSON. MGA further objects to the request to the extent it

7  seeks the production of documents that are protected from disclosure under any

8  applicable privilege, doctrine or immunity, including without limitation the attorney-

9  client privilege, the work product doctrine, the right of privacy, and all other

10  privileges recognized under the constitutional, statutory or decisional law of the

11  United States of America, the State of California or any other applicable jurisdiction.

12  MGA further objects to this request on the grounds that it is overly broad and unduly

13  burdensome in that it seeks documents not relevant to the claims or defenses in this

14  action and not reasonably calculated to lead to the discovery of admissible evidence.

15  Mattel has not demonstrated how DOCUMENTS sufficient to show *any and all*

16  payments or transfers of *anything* of value to any officer, director or shareholder of

17  MGA could be relevant to the claims and defenses in this action. The request is not

18  limited to the subject matter of this action and is thus impermissibly overbroad. See

19  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this

20  request as being overly broad and unduly burdensome on the grounds that it is not

21  limited in time or geographical scope. MGA further objects to the phrase "sufficient

22  to show any and all . . . including . . ." as vague and ambiguous. MGA further

23  objects to the request to the extent that it seeks documents that by reason of public

24  filing, public distribution or otherwise are already in Mattel's possession or are

25  readily accessible to Mattel. MGA further objects to the request to the extent that it

26  seeks documents not in MGA's possession, custody or control. MGA further objects

27  to the request to the extent it seeks confidential, proprietary or commercially

28

1 | sensitive information, the disclosure of which would be inimical to the business
2 | interests of MGA.  Such information may also be subject to protective orders
3 | governing other litigations thereby precluding disclosure in response to this request.
4 | MGA further objects to the request to the extent it violates the privacy rights of third
5 | parties to their private, confidential, proprietary or trade secret information.
6 | MGA further objects to this request as cumulative, duplicative, and unduly
7 | burdensome to the extent that it seeks documents previously requested by Mattel or
8 | produced by MGA (or any of its affiliates) in response to Mattel's document requests.
9 | REQUEST FOR PRODUCTION NO. 36:
10 | DOCUMENTS sufficient to show any and all salary, benefits or any other
11 | compensation paid to any officer, director or shareholder of MGA, including to
12 | whom the payments were made, the amounts paid and the dates of payment.
13 | RESPONSE TO REQUEST FOR PRODUCTION NO. 36:
14 | MGA incorporates by reference its General Response and General Objections
15 | above, as though fully set forth herein and specifically incorporates General
16 | Objection No. 15 (regarding Definitions), including without limitation MGA's
17 | objection to the definition of the terms MGA and its incorporated terms
18 | AFFILIATES and PERSON.  MGA further objects to the request to the extent it
19 | seeks the production of documents that are protected from disclosure under any
20 | applicable privilege, doctrine or immunity, including without limitation the attorney-
21 | client privilege, the work product doctrine, the right of privacy, and all other
22 | privileges recognized under the constitutional, statutory or decisional law of the
23 | United States of America, the State of California or any other applicable jurisdiction.
24 | MGA further objects to this request on the grounds that it is overly broad and unduly
25 | burdensome in that it seeks documents not relevant to the claims or defenses in this
26 | action and not reasonably calculated to lead to the discovery of admissible evidence.
27 | Mattel has not demonstrated how DOCUMENTS sufficient to show *any and all*
28 |

1  salary, benefits or *any* other compensation paid to *any* officer, director or shareholder
2  of MGA could be relevant to the claims and defenses in this action.  The request is
3  not limited to the subject matter of this action and is thus impermissibly overbroad.
4  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this
5  request as being overly broad and unduly burdensome on the grounds that it is not
6  limited in time or geographical scope.  MGA further objects to the phrase "sufficient
7  to show any and all . . . including . . ." as vague and ambiguous.  MGA further
8  objects to the request to the extent that it seeks documents that by reason of public
9  filing, public distribution or otherwise are already in Mattel's possession or are
10  readily accessible to Mattel.  MGA further objects to the request to the extent that it
11  seeks documents not in MGA's possession, custody or control.  Such information
12  may also be subject to protective orders governing other litigations thereby
13  precluding disclosure in response to this request.  MGA further objects to the request
14  to the extent it seeks confidential, proprietary or commercially sensitive information,
15  the disclosure of which would be inimical to the business interests of MGA.  MGA
16  further objects to the request to the extent it violates the privacy rights of third parties
17  to their private, confidential, proprietary or trade secret information.
18      MGA further objects to this request as cumulative, duplicative, and unduly
19  burdensome to the extent that it seeks documents previously requested by Mattel or
20  produced by MGA (or any of its affiliates) in response to Mattel's document requests.
21  REQUEST FOR PRODUCTION NO. 37:
22      DOCUMENTS sufficient to show any and all payments or transfers of
23  anything of value to any officer, director or shareholder of MGA, including to whom
24  the payments or transfers were made, the amounts of the payments or the value of
25  the item transferred and the dates of the payments or transfers.
26
27
28

1 | RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

2 |      MGA incorporates by reference its General Response and General Objections

3 | above, as though fully set forth herein and specifically incorporates General

4 | Objection No. 15 (regarding Definitions), including without limitation MGA's

5 | objection to the definition of the terms MGA and its incorporated terms

6 | AFFILIATES and PERSON.  MGA further objects to the request to the extent it

7 | seeks the production of documents that are protected from disclosure under any

8 | applicable privilege, doctrine or immunity, including without limitation the attorney-

9 | client privilege, the work product doctrine, the right of privacy, and all other

10 | privileges recognized under the constitutional, statutory or decisional law of the

11 | United States of America, the State of California or any other applicable jurisdiction.

12 | MGA further objects to this request on the grounds that it is overly broad and unduly

13 | burdensome in that it seeks documents not relevant to the claims or defenses in this

14 | action and not reasonably calculated to lead to the discovery of admissible evidence.

15 | Mattel has not demonstrated how DOCUMENTS sufficient to show *any and all*

16 | payments or transfers of *anything* of value to *any* officer, director or shareholder of

17 | MGA could be relevant to the claims and defenses in this action.  The request is not

18 | limited to the subject matter of this action and is thus impermissibly overbroad.  <u>See</u>

19 | Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

20 | request as being overly broad and unduly burdensome on the grounds that it is not

21 | limited in time or geographical scope.  MGA further objects to the phrase "sufficient

22 | to show any and all . . . including . . ." as vague and ambiguous.  MGA further

23 | objects to the request to the extent that it seeks documents that by reason of public

24 | filing, public distribution or otherwise are already in Mattel's possession or are

25 | readily accessible to Mattel.  MGA further objects to the request to the extent that it

26 | seeks documents not in MGA's possession, custody or control.  Such information

27 | may also be subject to protective orders governing other litigations thereby

28 |

1  precluding disclosure in response to this request.  MGA further objects to the request

2  to the extent it seeks confidential, proprietary or commercially sensitive information,

3  the disclosure of which would be inimical to the business interests of MGA.  MGA

4  further objects to the request to the extent it violates the privacy rights of third parties

5  to their private, confidential, proprietary or trade secret information.

6      MGA further objects to this request as cumulative, duplicative, and unduly

7  burdensome to the extent that it seeks documents previously requested by Mattel or

8  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

9  REQUEST FOR PRODUCTION NO. 38:

10      DOCUMENTS sufficient to show any and all salary, benefits or any other

11  compensation paid to any FAMILY MEMBER of any officer, director or

12  shareholder of MGA, including to whom the payments were made, the amounts paid

13  and the dates of payment.

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

15      MGA incorporates by reference its General Response and General Objections

16  above, as though fully set forth herein and specifically incorporates General

17  Objection No. 15 (regarding Definitions), including without limitation MGA's

18  objection to the definition of the terms FAMILY MEMBER and MGA and its

19  incorporated terms AFFILIATES and PERSON.  MGA further objects to the request

20  to the extent it seeks the production of documents that are protected from disclosure

21  under any applicable privilege, doctrine or immunity, including without limitation

22  the attorney-client privilege, the work product doctrine, the right of privacy, and all

23  other privileges recognized under the constitutional, statutory or decisional law of

24  the United States of America, the State of California or any other applicable

25  jurisdiction.  MGA further objects to this request on the grounds that it is overly

26  broad and unduly burdensome in that it seeks documents not relevant to the claims or

27  defenses in this action and not reasonably calculated to lead to the discovery of

28

1  admissible evidence.  Mattel has not demonstrated how DOCUMENTS sufficient to

2  show *any and all* salary, benefits or *any* other compensation paid to *any* FAMILY

3  MEMBER of *any* officer, director or shareholder of MGA could be relevant to the

4  claims and defenses in this action.  The request is not limited to the subject matter of

5  this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May

6  22 Order at 21:5-7.  MGA further objects to this request as being overly broad and

7  unduly burdensome on the grounds that it is not limited in time or geographical

8  scope.  MGA further objects to the phrase "sufficient to show any and all . . .

9  including . . ." as vague and ambiguous.  MGA further objects to the request to the

10  extent that it seeks documents that by reason of public filing, public distribution or

11  otherwise are already in Mattel's possession or are readily accessible to Mattel.

12  MGA further objects to the request to the extent that it seeks documents not in

13  MGA's possession, custody or control.  MGA further objects to the request to the

14  extent it seeks confidential, proprietary or commercially sensitive information, the

15  disclosure of which would be inimical to the business interests of MGA.  Such

16  information may also be subject to protective orders governing other litigations

17  thereby precluding disclosure in response to this request.  MGA further objects to the

18  request to the extent it violates the privacy rights of third parties to their private,

19  confidential, proprietary or trade secret information.

20      MGA further objects to this request as cumulative, duplicative, and unduly

21  burdensome to the extent that it seeks documents previously requested by Mattel or

22  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

23  REQUEST FOR PRODUCTION NO. 39:

24      DOCUMENTS sufficient to show any and all payments or transfers of

25  anything of value to any FAMILY MEMBER of any officer, director or shareholder

26  of MGA, including to whom the payments or transfers were made, the amounts of

27

28

1  the payments or the value of the item transferred and the dates of the payments or

2  transfers.

3  RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

4        MGA incorporates by reference its General Response and General Objections

5  above, as though fully set forth herein and specifically incorporates General

6  Objection No. 15 (regarding Definitions), including without limitation MGA's

7  objection to the definition of the terms FAMILY MEMBER and MGA and its

8  incorporated terms AFFILIATES and PERSON.  MGA further objects to the request

9  to the extent it seeks the production of documents that are protected from disclosure

10 under any applicable privilege, doctrine or immunity, including without limitation

11 the attorney-client privilege, the work product doctrine, the right of privacy, and all

12 other privileges recognized under the constitutional, statutory or decisional law of

13 the United States of America, the State of California or any other applicable

14 jurisdiction.  MGA further objects to this request on the grounds that it is overly

15 broad and unduly burdensome in that it seeks documents not relevant to the claims or

16 defenses in this action and not reasonably calculated to lead to the discovery of

17 admissible evidence.  Mattel has not demonstrated how DOCUMENTS sufficient to

18 show *any and all* payments or transfers of *anything* of value to *any* FAMILY

19 MEMBER of *any* officer, director or shareholder of MGA could be relevant to the

20 claims and defenses in this action.  The request is not limited to the subject matter of

21 this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May

22 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and

23 unduly burdensome on the grounds that it is not limited in time or geographical

24 scope.  MGA further objects to the phrase "sufficient to show any and all . . .

25 including . . ." as vague and ambiguous.  MGA further objects to the request to the

26 extent that it seeks documents that by reason of public filing, public distribution or

27 otherwise are already in Mattel's possession or are readily accessible to Mattel.

28

1  MGA further objects to the request to the extent that it seeks documents not in
2  MGA's possession, custody or control.  MGA further objects to the request to the
3  extent it seeks confidential, proprietary or commercially sensitive information, the
4  disclosure of which would be inimical to the business interests of MGA.  Such
5  information may also be subject to protective orders governing other litigations
6  thereby precluding disclosure in response to this request.  MGA further objects to the
7  request to the extent it violates the privacy rights of third parties to their private,
8  confidential, proprietary or trade secret information.
9       MGA further objects to this request as cumulative, duplicative, and unduly
10  burdensome to the extent that it seeks documents previously requested by Mattel or
11  produced by MGA (or any of its affiliates) in response to Mattel's document requests.
12  REQUEST FOR PRODUCTION NO. 40:
13       Statements for accounts maintained by YOU at any bank or other financial
14  institution sufficient to show any and all payments to any officer, director or
15  shareholder of MGA.
16  RESPONSE TO REQUEST FOR PRODUCTION NO. 40:
17       MGA incorporates by reference its General Response and General Objections
18  above, as though fully set forth herein and specifically incorporates General
19  Objection No. 15 (regarding Definitions), including without limitation MGA's
20  objection to the definition of the terms YOU and MGA and their incorporated terms
21  AFFILIATES and PERSON.  MGA further objects to the request to the extent it
22  seeks the production of documents that are protected from disclosure under any
23  applicable privilege, doctrine or immunity, including without limitation the attorney-
24  client privilege, the work product doctrine, the right of privacy, and all other
25  privileges recognized under the constitutional, statutory or decisional law of the
26  United States of America, the State of California or any other applicable jurisdiction.
27  MGA further objects to this request on the grounds that it is overly broad and unduly
28

1   burdensome in that it seeks documents not relevant to the claims or defenses in this

2   action and not reasonably calculated to lead to the discovery of admissible evidence.

3   Mattel has not demonstrated how *all* statements for accounts maintained by YOU at

4   *any* bank or other financial institution sufficient to show *any and all* payments to *any*

5   officer, director or shareholder of MGA could be relevant to the claims and defenses

6   in this action.  The request is not limited to the subject matter of this action and is

7   thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-

8   7.  MGA further objects to this request as being overly broad and unduly

9   burdensome on the grounds that it is not limited in time or geographical scope.

10  MGA further objects to the phrase "sufficient to show any and all" as vague and

11  ambiguous.  MGA further objects to the request to the extent that it seeks documents

12  that by reason of public filing, public distribution or otherwise are already in Mattel's

13  possession or are readily accessible to Mattel.  MGA further objects to the request to

14  the extent that it seeks documents not in MGA's possession, custody or control.

15  MGA further objects to the request to the extent it seeks confidential, proprietary or

16  commercially sensitive information, the disclosure of which would be inimical to the

17  business interests of MGA.  Such information may also be subject to protective

18  orders governing other litigations thereby precluding disclosure in response to this

19  request.  MGA further objects to the request to the extent it violates the privacy

20  rights of third parties to their private, confidential, proprietary or trade secret

21  information.

22      MGA further objects to this request as cumulative, duplicative, and unduly

23  burdensome to the extent that it seeks documents previously requested by Mattel or

24  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

25

26

27

28

1  REQUEST FOR PRODUCTION NO. 41:

2      Statements for accounts maintained by YOU at any bank or other financial

3  institution sufficient to show any and all payments to any FAMILY MEMBER of

4  any officer, director or shareholder of MGA.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

6      MGA incorporates by reference its General Response and General Objections

7  above, as though fully set forth herein and specifically incorporates General

8  Objection No. 15 (regarding Definitions), including without limitation MGA's

9  objection to the definition of the terms YOU and MGA and their incorporated terms

10  AFFILIATES and PERSON.  MGA further objects to the request to the extent it

11  seeks the production of documents that are protected from disclosure under any

12  applicable privilege, doctrine or immunity, including without limitation the attorney-

13  client privilege, the work product doctrine, the right of privacy, and all other

14  privileges recognized under the constitutional, statutory or decisional law of the

15  United States of America, the State of California or any other applicable jurisdiction.

16  MGA further objects to this request on the grounds that it is overly broad and unduly

17  burdensome in that it seeks documents not relevant to the claims or defenses in this

18  action and not reasonably calculated to lead to the discovery of admissible evidence.

19  Mattel has not demonstrated how *all* statements for accounts maintained by YOU at

20  *any* bank or other financial institution sufficient to show *any and all* payments to *any*

21  FAMILY MEMBER of *any* officer, director or shareholder of MGA could be

22  relevant to the claims and defenses in this action.  The request is not limited to the

23  subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

24  at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

25  overly broad and unduly burdensome on the grounds that it is not limited in time or

26  geographical scope.  MGA further objects to the phrase "sufficient to show any and

27  all" as vague and ambiguous.  MGA further objects to the request to the extent that it

28

1  seeks documents that by reason of public filing, public distribution or otherwise are

2  already in Mattel's possession or are readily accessible to Mattel.  MGA further

3  objects to the request to the extent that it seeks documents not in MGA's possession,

4  custody or control.  MGA further objects to the request to the extent it seeks

5  confidential, proprietary or commercially sensitive information, the disclosure of

6  which would be inimical to the business interests of MGA.  MGA further objects to

7  the request to the extent it violates the privacy rights of third parties to their private,

8  confidential, proprietary or trade secret information.

9       MGA further objects to this request as cumulative, duplicative, and unduly

10  burdensome to the extent that it seeks documents previously requested by Mattel or

11  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

12  REQUEST FOR PRODUCTION NO. 42:

13       DOCUMENTS sufficient to show any and all advances of funds to any officer,

14  director or shareholder of MGA for services to be performed at a later date, including

15  the amount of the advance, the date of the advance, the services to be performed,

16  whether they were performed and when they were performed.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

18       MGA incorporates by reference its General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation MGA's

21  objection to the definition of the term MGA and its incorporated terms AFFILIATES

22  and PERSON.  MGA further objects to the request to the extent it seeks the

23  production of documents that are protected from disclosure under any applicable

24  privilege, doctrine or immunity, including without limitation the attorney-client

25  privilege, the work product doctrine, the right of privacy, and all other privileges

26  recognized under the constitutional, statutory or decisional law of the United States

27  of America, the State of California or any other applicable jurisdiction.  MGA further

28

1  objects to this request on the grounds that it is overly broad and unduly burdensome

2  in that it seeks documents not relevant to the claims or defenses in this action and not

3  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

4  demonstrated how DOCUMENTS sufficient to show *any and all* advances of funds

5  to *any* officer, director or shareholder of MGA for services to be performed at a later

6  date could be relevant to the claims and defenses in this action.  The request is not

7  limited to the subject matter of this action and is thus impermissibly overbroad.  See

8  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

9  request as being overly broad and unduly burdensome on the grounds that it is not

10  limited in time or geographical scope.  MGA further objects to the phrase "sufficient

11  to show any and all . . . including . . ." as vague and ambiguous.  MGA further

12  objects to the request to the extent that it seeks documents that by reason of public

13  filing, public distribution or otherwise are already in Mattel's possession or are

14  readily accessible to Mattel.  MGA further objects to the request to the extent that it

15  seeks documents not in MGA's possession, custody or control.  MGA further objects

16  to the request to the extent it seeks confidential, proprietary or commercially

17  sensitive information, the disclosure of which would be inimical to the business

18  interests of MGA.  Such information may also be subject to protective orders

19  governing other litigations thereby precluding disclosure in response to this request.

20  MGA further objects to the request to the extent it violates the privacy rights of third

21  parties to their private, confidential, proprietary or trade secret information.

22       MGA further objects to this request as cumulative, duplicative, and unduly

23  burdensome to the extent that it seeks documents previously requested by Mattel or

24  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

25

26

27

28

1  REQUEST FOR PRODUCTION NO. 43:

2      DOCUMENTS sufficient to show any and all gifts to any officer, director or

3  shareholder of MGA, including to whom the gift was made, when the gift was made,

4  the nature, amount and value of the gift and the reason for making the gift.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

6      MGA incorporates by reference its General Response and General Objections

7  above, as though fully set forth herein and specifically incorporates General

8  Objection No. 15 (regarding Definitions), including without limitation MGA's

9  objection to the definition of the term MGA and its incorporated terms AFFILIATES

10  and PERSON.  MGA further objects to the request to the extent it seeks the

11  production of documents that are protected from disclosure under any applicable

12  privilege, doctrine or immunity, including without limitation the attorney-client

13  privilege, the work product doctrine, the right of privacy, and all other privileges

14  recognized under the constitutional, statutory or decisional law of the United States

15  of America, the State of California or any other applicable jurisdiction.  MGA further

16  objects to this request on the grounds that it is overly broad and unduly burdensome

17  in that it seeks documents not relevant to the claims or defenses in this action and not

18  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

19  demonstrated how DOCUMENTS sufficient to show *any and all* gifts to *any* officer,

20  director or shareholder of MGA could be relevant to the claims and defenses in this

21  action.  The request is not limited to the subject matter of this action and is thus

22  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

23  MGA further objects to this request as being overly broad and unduly burdensome

24  on the grounds that it is not limited in time or geographical scope.  MGA further

25  objects to the phrase "sufficient to show any and all . . . including . . ." as vague and

26  ambiguous.  MGA further objects to the request to the extent that it seeks documents

27  that by reason of public filing, public distribution or otherwise are already in Mattel's

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
75

Exhibit A, Page 79

1  possession or are readily accessible to Mattel.  MGA further objects to the request to

2  the extent that it seeks documents not in MGA's possession, custody or control.

3  MGA further objects to the request to the extent it seeks confidential, proprietary or

4  commercially sensitive information, the disclosure of which would be inimical to the

5  business interests of MGA.  Such information may also be subject to protective

6  orders governing other litigations thereby precluding disclosure in response to this

7  request.  MGA further objects to the request to the extent it violates the privacy

8  rights of third parties to their private, confidential, proprietary or trade secret

9  information.

10      MGA further objects to this request as cumulative, duplicative, and unduly

11  burdensome to the extent that it seeks documents previously requested by Mattel or

12  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

13  REQUEST FOR PRODUCTION NO. 44:

14      DOCUMENTS sufficient to show any and all gifts to any FAMILY

15  MEMBER of any officer, director or shareholder of MGA, including to whom the

16  gift was made, when the gift was made, the nature, amount and value of the gift and

17  the reason for making the gift.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

19      MGA incorporates by reference its General Response and General Objections

20  above, as though fully set forth herein and specifically incorporates General

21  Objection No. 15 (regarding Definitions), including without limitation MGA's

22  objection to the definition of the terms FAMILY MEMBER and  MGA and its

23  incorporated terms AFFILIATES and PERSON.  MGA further objects to the request

24  to the extent it seeks the production of documents that are protected from disclosure

25  under any applicable privilege, doctrine or immunity, including without limitation

26  the attorney-client privilege, the work product doctrine, the right of privacy, and all

27  other privileges recognized under the constitutional, statutory or decisional law of

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
76
Exhibit A, Page 80

1  the United States of America, the State of California or any other applicable

2  jurisdiction.  MGA further objects to this request on the grounds that it is overly

3  broad and unduly burdensome in that it seeks documents not relevant to the claims or

4  defenses in this action and not reasonably calculated to lead to the discovery of

5  admissible evidence.  Mattel has not demonstrated how DOCUMENTS sufficient to

6  show *any and all* gifts to *any* FAMILY MEMBER of *any* officer, director or

7  shareholder of MGA could be relevant to the claims and defenses in this action.  The

8  request is not limited to the subject matter of this action and is thus impermissibly

9  overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further

10 objects to this request as being overly broad and unduly burdensome on the grounds

11 that it is not limited in time or geographical scope.  MGA further objects to the

12 phrase "sufficient to show any and all . . . including . . ." as vague and ambiguous.

13 MGA further objects to the request to the extent that it seeks documents that by

14 reason of public filing, public distribution or otherwise are already in Mattel's

15 possession or are readily accessible to Mattel.  MGA further objects to the request to

16 the extent that it seeks documents not in MGA's possession, custody or control.

17 MGA further objects to the request to the extent it seeks confidential, proprietary or

18 commercially sensitive information, the disclosure of which would be inimical to the

19 business interests of MGA.  MGA further objects to the request to the extent it

20 violates the privacy rights of third parties to their private, confidential, proprietary or

21 trade secret information.

22      MGA further objects to this request as cumulative, duplicative, and unduly

23 burdensome to the extent that it seeks documents previously requested by Mattel or

24 produced by MGA (or any of its affiliates) in response to Mattel's document requests.

25 REQUEST FOR PRODUCTION NO. 45:

26      DOCUMENTS sufficient to show any and all obligations of any officer,

27 director or shareholder of MGA guaranteed or cosigned by MGA, including the

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

77

Exhibit A, Page 81

1   IDENTITY of the PERSON whose obligation was guaranteed or cosigned, the

2   identity of the creditor or lender, the nature and amount of the obligation, the date the

3   obligation was guaranteed or cosigned, whether the obligation has been satisfied and,

4   if so, by whom.

5   RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

6        MGA incorporates by reference its General Response and General Objections

7   above, as though fully set forth herein and specifically incorporates General

8   Objection No. 15 (regarding Definitions), including without limitation MGA's

9   objection to the definition of the terms PERSON and MGA and its incorporated term

10  AFFILIATES. MGA further objects to the request to the extent it seeks the

11  production of documents that are protected from disclosure under any applicable

12  privilege, doctrine or immunity, including without limitation the attorney-client

13  privilege, the work product doctrine, the right of privacy, and all other privileges

14  recognized under the constitutional, statutory or decisional law of the United States

15  of America, the State of California or any other applicable jurisdiction. MGA further

16  objects to this request on the grounds that it is overly broad and unduly burdensome

17  in that it seeks documents not relevant to the claims or defenses in this action and not

18  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

19  demonstrated how documents showing DOCUMENTS sufficient to show *any and*

20  *all* obligations of *any* officer, director or shareholder of MGA guaranteed or

21  cosigned by MGA could be relevant to the claims and defenses in this action. The

22  request is not limited to the subject matter of this action and is thus impermissibly

23  overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further

24  objects to this request as being overly broad and unduly burdensome on the grounds

25  that it is not limited in time or geographical scope. MGA further objects to the

26  phrase "sufficient to show any and all . . . including . . ." as vague and ambiguous.

27  MGA further objects to the request to the extent that it seeks documents that by

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

78

Exhibit A, Page 82

1 reason of public filing, public distribution or otherwise are already in Mattel's

2 possession or are readily accessible to Mattel. MGA further objects to the request to

3 the extent that it seeks documents not in MGA's possession, custody or control.

4 MGA further objects to the request to the extent it seeks confidential, proprietary or

5 commercially sensitive information, the disclosure of which would be inimical to the

6 business interests of MGA. Such information may also be subject to protective

7 orders governing other litigations thereby precluding disclosure in response to this

8 request. MGA further objects to the request to the extent it violates the privacy

9 rights of third parties to their private, confidential, proprietary or trade secret

10 information.

11       MGA further objects to this request as cumulative, duplicative, and unduly

12 burdensome to the extent that it seeks documents previously requested by Mattel or

13 produced by MGA (or any of its affiliates) in response to Mattel's document requests.

14 REQUEST FOR PRODUCTION NO. 46:

15       DOCUMENTS sufficient to show any and all obligations of MGA guaranteed

16 or cosigned by any officer, director, shareholder or employee of MGA, including the

17 IDENTITY of the PERSON who guaranteed or cosigned the obligation, the identity

18 of the creditor or lender, the nature and amount of the obligation, the date the

19 obligation was guaranteed or cosigned, whether the obligation has been satisfied and,

20 if so, by whom.

21 RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

22       MGA incorporates by reference its General Response and General Objections

23 above, as though fully set forth herein and specifically incorporates General

24 Objection No. 15 (regarding Definitions), including without limitation MGA's

25 objection to the definition of the terms PERSON and MGA and its incorporated term

26 AFFILIATES. MGA further objects to the request to the extent it seeks the

27 production of documents that are protected from disclosure under any applicable

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
79

Exhibit A, Page 83

1 privilege, doctrine or immunity, including without limitation the attorney-client
2 privilege, the work product doctrine, the right of privacy, and all other privileges
3 recognized under the constitutional, statutory or decisional law of the United States
4 of America, the State of California or any other applicable jurisdiction.  MGA further
5 objects to this request on the grounds that it is overly broad and unduly burdensome
6 in that it seeks documents not relevant to the claims or defenses in this action and not
7 reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not
8 demonstrated how DOCUMENTS sufficient to show *any and all* obligations of
9 MGA guaranteed or cosigned by *any* officer, director, shareholder or employee of
10 MGA could be relevant to the claims and defenses in this action.  The request is not
11 limited to the subject matter of this action and is thus impermissibly overbroad.  See
12 Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this
13 request as being overly broad and unduly burdensome on the grounds that it is not
14 limited in time or geographical scope.  MGA further objects to the phrase "sufficient
15 to show any and all . . . including . . ." as vague and ambiguous.  MGA further
16 objects to the request to the extent that it seeks documents that by reason of public
17 filing, public distribution or otherwise are already in Mattel's possession or are
18 readily accessible to Mattel.  MGA further objects to the request to the extent that it
19 seeks documents not in MGA's possession, custody or control.  MGA further objects
20 to the request to the extent it seeks confidential, proprietary or commercially
21 sensitive information, the disclosure of which would be inimical to the business
22 interests of MGA.  Such information may also be subject to protective orders
23 governing other litigations thereby precluding disclosure in response to this request.
24 MGA further objects to the request to the extent it violates the privacy rights of third
25 parties to their private, confidential, proprietary or trade secret information.
26
27
28

1    MGA further objects to this request as cumulative, duplicative, and unduly

2    burdensome to the extent that it seeks documents previously requested by Mattel or

3    produced by MGA (or any of its affiliates) in response to Mattel's document requests.

4    REQUEST FOR PRODUCTION NO. 47:

5    For each account maintained in the name of MGA at any bank or other

6    financial institution, a copy of each and every monthly statement from the date of

7    YOUR incorporation to the present, and DOCUMENTS sufficient to IDENTIFY

8    each PERSON authorized to sign checks on or access the account.

9    RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

10   MGA incorporates by reference its General Response and General Objections

11   above, as though fully set forth herein and specifically incorporates General

12   Objection No. 15 (regarding Definitions), including without limitation MGA's

13   objection to the definition of the terms PERSON and YOUR and its incorporated

14   term AFFILIATES.  MGA further objects to the request to the extent it seeks the

15   production of documents that are protected from disclosure under any applicable

16   privilege, doctrine or immunity, including without limitation the attorney-client

17   privilege, the work product doctrine, the right of privacy, and all other privileges

18   recognized under the constitutional, statutory or decisional law of the United States

19   of America, the State of California or any other applicable jurisdiction.  MGA further

20   objects to this request on the grounds that it is overly broad and unduly burdensome

21   in that it seeks documents not relevant to the claims or defenses in this action and not

22   reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

23   demonstrated how, for *each* account maintained in the name of MGA at *any* bank or

24   other financial institution, a copy of *each and every* monthly statement from the date

25   of YOUR incorporation to the present, and DOCUMENTS sufficient to IDENTIFY

26   *each* PERSON authorized to sign checks on or access the account could be relevant

27   to the claims and defenses in this action.  The request is not limited to the subject

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
81

Exhibit A, Page 85

1  matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at

2  9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being

3  overly broad and unduly burdensome on the grounds that it is not limited in

4  geographical scope. MGA further objects to the phrase "sufficient to IDENTIFY" as

5  vague and ambiguous. MGA further objects to the request to the extent that it seeks

6  documents that by reason of public filing, public distribution or otherwise are already

7  in Mattel's possession or are readily accessible to Mattel. MGA further objects to the

8  request to the extent that it seeks documents not in MGA's possession, custody or

9  control. MGA further objects to the request to the extent it seeks confidential,

10  proprietary or commercially sensitive information, the disclosure of which would be

11  inimical to the business interests of MGA. Such information may also be subject to

12  protective orders governing other litigations thereby precluding disclosure in

13  response to this request. MGA further objects to the request to the extent it violates

14  the privacy rights of third parties to their private, confidential, proprietary or trade

15  secret information.

16        MGA further objects to this request as cumulative, duplicative, and unduly

17  burdensome to the extent that it seeks documents previously requested by Mattel or

18  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

19

20  DATED:  December 27, 2007          SKADDEN, ARPS, SLATE, MEAGHER &
                                       FLOM, LLP
21

22

23                              By: _Thomas Nolan_
                                    THOMAS J. NOLAN
24
                                    Attorneys for Counter-Defendants,
25                                  MGA ENTERTAINMENT, INC.,
                                    ISAAC LARIAN, MGA ENTERTAINMENT
26                                  (HK) LIMITED, AND MGAE de MEXICO
                                    S.R.L. de C.V.
27

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
82

Exhibit A, Page 86

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On **December 27, 2007,** I served the foregoing document described as:

**MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.**

on the interested parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

[X]    (BY PERSONAL SERVICE)  ☐    By personally delivering copies to the person served. (FEDERAL) (as Noted)

                                          [X]    I caused such documents to be hand delivered to the office of the addressee. (FEDERAL) (as Noted)

[X]    (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. (As Noted.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on December 27, 2007 at Los Angeles, California.

Becky S. Isomoto
PRINT NAME                              SIGNATURE

1

1

2  John B. Quinn, Esq.
   Michael T. Zeller, Esq.
3  Jon D. Corey, Esq.
   Timothy L. Alger, Esq.
4  Quinn Emanuel Urquhart Oliver &
   Hedges, LLP
5  865 South Figueroa Street, 10th Floor
   Los Angeles, CA 90017-2543
6  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
7
   *Attorneys for Mattel, Inc.*
8  *(Personal Service)*

9  Mark E. Overland
   Alexander H. Cote
10 David C. Scheper
   Overland Borenstein Scheper & Kim
11 300 South Grand Avenue, Suite 2750
   Los Angeles, CA  90071
12 Telephone: (213) 613-4655
   Facsimile: (213) 613-4656
13
   *Attorneys for Carlos Gustavo Machado*
14 *Gomez*
   *(FEDERAL EXPRESS)*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
Telephone: (415)391-5400
Facsimile: (415) 397-7188

*Attorneys for Carter Bryant*
*(FEDERAL EXPRESS)*

2