# EXHIBIT B

**From:**      Miller, Timothy A
**To:**        'Timothy Alger'; Herrington, Robert J (LAC)
**Subject:**   RE: MGA's Responses to Mattel's Fifth Set of Requests for Production
**Date:**      1/28/2008 2:23:53 PM
**CC:**
**BCC:**

**Message:**
Tim:

According to our files, MGA served its Objections and Responses to Mattel's Fifth Set of Requests for Production and Things more than one month ago, on December 27, 2008.  To my knowledge, this is Mattel's first request to meet and confer regarding those objections and responses.  Your request violates Paragraph 5 of the Discovery Master Stipulation, which requires you to "identify each dispute, state the relief sought, and identify the authority supporting the requested relief in a meet and confer letter."  Your brief e-mail does not address any of the specific objections made in MGA's 82-page response.  In addition, under Paragraph 5, MGA is entitled to consider any specific issues raised by Mattel and to meet and confer within 5 court days of receipt of the letter required by Paragraph 5.  In violation of that mandated timeline, your request for an immediate meet and confer comes literally at the 11th hour, after Noon on the last day of Phase 1 discovery when, as you know, many depositions are in progress.  The attorney who supervised the preparation of MGA's responses is tied up in one of those depositions.  It simply is not possible to meet and confer regarding those responses today, even if you had complied with the requirement to specify your dispute in a meet and confer letter.

Regards,

Tim

**Timothy A. Miller**
**Skadden, Arps, Slate, Meagher & Flom LLP**
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Direct Dial:  415-984-2647
Fax: 415-984-2698
tmiller@skadden.com

---

**From:** Timothy Alger [mailto:timalger@quinnemanuel.com]
**Sent:** Monday, January 28, 2008 12:24 PM
**To:** Herrington, Robert J (LAC); Miller, Timothy A (SFC)
**Subject:** MGA's Responses to Mattel's Fifth Set of Requests for Production

Rob and Tim:

I would like to meet and confer with you today regarding MGA's responses to Mattel's Fifth Set of Requests for Production.  The wholesale, boilerplate objections made by MGA lack merit and should be withdrawn, and MGA should produce all documents requested.

1

Let me know when you can discuss today.


Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3223
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  timalger@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Exhibit B, Page 90

# EXHIBIT C

12-08-2006   02:58pm   From-QUINN EMANUEL          2136240643          T-707   P.003/010   F-346



1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemnauel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100
7  Attorneys for Mattel, Inc.
8  [Additional counsel listed on following page]
9

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12  CARTER BRYANT, an individual,      ) Case No. CV 04-09049 SGL (RNBx)
                                        )
13              Plaintiff,              ) Consolidated with
                                          Case No. CV 04-09059
14      v.                                Case No. CV 05-02727
                                        )
15  MATTEL, INC., a Delaware           ) STIPULATION FOR APPOINTMENT
    corporation,                         OF A DISCOVERY MASTER; AND
16                                      )
                Defendant.              ) [PROPOSED] ORDER
17                                      )
18                                        Discovery Cutoff Date: Not Set
                                          Trial Date: Not Set
19

20

21

22

23

24

25

26

27

28

1  LITTLER MENDELSON
     Robert F. Millman (Bar No. 062152)
2    Douglas A. Wickham (Bar No. 127268)
     Keith A. Jacoby (Bar No. 150233)
3  2049 Century Park East, 5th Floor
   Los Angeles, California 90067-3107
4  Telephone: (310) 553-0308
   Facsimile: (310) 553-5583
5
   Attorneys for Carter Bryant
6
   O'MELVENY & MYERS LLP
7    Diana M. Torres (Bar No. 162284)
   400 S. Hope Street
8  Los Angeles, California 90017
   Telephone: (213) 430-6000
9  Facsimile: (213) 430-6407

10 O'MELVENY & MYERS LLP
     Dale Cendali
11 Times Square Tower
   7 Times Square
12 New York, NY 10036

13 CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
     Patricia Glaser (Bar No. 55668)
14 10250 Constellation Boulevard - 19th Floor
   Los Angeles, CA 90067
15 Telephone: (310) 553-3000
   Facsimile: (310) 556-2920
16
   Attorneys for MGA Entertainment, Inc.
17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

- 2 -

1    WHEREAS, the parties are in agreement that a discovery master should be

2   appointed in this matter to resolve any discovery disputes and to minimize the

3   burden on the Court; and

4    WHEREAS, the parties have agreed upon a nominee, Hon. Edward A. Infante

5   (Ret.), and he has agreed to serve as a discovery master in this matter;

6    NOW, THEREFORE, to facilitate the fair and efficient completion of pre-

7   trial discovery, the parties Mattel, Inc. and Carter Bryant and MGA Entertainment,

8   Inc., by and through their respective counsel of record, hereby stipulate and agree as

9   follows:

10    1.    The Discovery Master shall be appointed to assure and provide cost-

11   effective discovery and to minimize the burden of discovery disputes upon the

12   Court.  Any and all discovery motions and other discovery disputes in the above

13   captioned action shall be decided by a master ("Discovery Master") pursuant to

14   Federal Rule of Civil Procedure 53.  Any motions currently pending before

15   Magistrate Judge Block shall be transferred to the Discovery Master.  The moving

16   party shall provide to the Discovery Master all papers associated with each pending

17   motion.

18    2.    The Discovery Master shall be Hon. Edward A. Infante (Ret.).  His

19   business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA

20   94111.

21    3.    Judge Infante shall serve as the Discovery Master until all issues herein

22   have been finally disposed of or determined, or until he shall withdraw in

23   accordance with applicable law.  If at any time he becomes unable to serve as the

24   Discovery Master, the parties shall confer to present an alternative agreed-upon

25   designee to the Court.  In the event that the parties cannot agree to an alternate

26   designee, then the Court shall appoint a Discovery Master.

27    4.    The Discovery Master shall have the authority to set the date, time, and

28   place for all hearings determined by the Discovery Master to be necessary; to

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1  preside over hearings (whether telephonic or in-person); to take evidence in

2  connection with discovery disputes; to issue orders resolving discovery motions

3  submitted to the Discovery Master; to conduct telephonic conferences to resolve

4  discovery disputes arising during depositions; to issue orders awarding non-

5  contempt sanctions, including, without limitation, the award of attorney's fees, as

6  provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and

7  recommendations, as appropriate.

8       5.    All discovery disputes shall be resolved by motion (except those arising

9  during a deposition which the Discovery Master determines can be resolved by

10 telephonic conference during the deposition).  The moving party shall first identify

11 each dispute, state the relief sought, and identify the authority supporting the

12 requested relief in a meet and confer letter that shall be served on all parties by

13 facsimile or electronic mail.  The parties shall have five court days from the date of

14 service of that letter to conduct an in-person conference to attempt to resolve the

15 dispute.  If the dispute has not been resolved within five court days after such

16 service, the moving party may seek relief from the Discovery Master by formal

17 motion or letter brief, at the moving party's option.  The opposing party shall have

18 five court days from the date of service of the motion or letter brief to submit a

19 formal opposition or response.  Any reply brief or letter brief shall be served within

20 three court days from the date of service of a formal opposition or response.  The

21 hearing on the motion shall take place within five court days of the service of any

22 reply brief or letter unless (a) the parties agree to another hearing date or agree that

23 no hearing is necessary; (b) the Discovery Master determines that no hearing is

24 necessary; or (c) the Discovery Master is not available, in which case the hearing

25 shall take place on the Discovery Master's first available date.  The foregoing shall

26 not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from

27 seeking the Discovery Master's immediate resolution of a dispute or resolution of a

28 dispute upon shortened time upon a showing of good cause why a party would be

1  prejudiced absent prompt resolution.  Service of any document by fax or electronic

2  mail prior to 6:00 p.m. shall constitute service on that day.

3       6.    The Discovery Master's orders resolving discovery disputes, reports, or

4  recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a

5  Magistrate Judge of the United States District Court.  The Discovery Master shall

6  file each order, report, or recommendation pursuant to Rule 53(e) or (f) and serve

7  the parties within five court days of his/her decision on a matter.

8       7.    A court reporter shall transcribe any hearing or other proceeding before

9  the Discovery Master.

10       8.    The cost of any proceeding before the Discovery Master, including the

11  fees of the Discovery Master, the fees of court reporters who transcribe hearings or

12  other proceedings before the Discovery Master, and the fees of any other person

13  necessary to the efficient administration of the proceeding before the Discovery

14  Master, shall be paid one-half by Mattel, Inc., and one-half by MGA Entertainment,

15  Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure,

16  the Discovery Master Orders otherwise.  By agreeing to share costs among the

17  parties, no party waives its right to seek recovery or reimbursement for such costs

18  from any other party.

19       9.    The Discovery Master shall be compensated according to his regular

20  hourly rate of $750.

21       10.    Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery

22  Master shall proceed with all reasonable diligence.

23       11.    Based on an affidavit filed by Hon. Edward A. Infante pursuant to

24  28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not

25  aware that he has a relationship to the parties, to counsel, to the action, or to the

26  Court that would require disqualification of a judge under 28 U.S.C. § 455, and

27  based thereon the parties expressly waive any ground for disqualification disclosed

28  therein of Hon. Edward A. Infante to serve as master in these proceedings.

12.    The Discovery Master shall not have ex parte communications with ~~the Court~~, a party or counsel.

13.    The Discovery Master shall preserve and maintain all documents and materials submitted by the parties as well as all orders, reports, and recommendations issued by the Discovery Master. These documents, materials, orders, reports and recommendations shall be the record of the Discovery Master's activities, and shall be maintained in chronological order until the Discovery Master is informed by the parties that all issues herein have been finally disposed of and determined.

14.    The Discovery Master is hereby authorized to receive and consider information and documents designated "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS EYES ONLY" pursuant to the January 4, 2005 Stipulated Protective Order. The Discovery Master agrees to be bound by the January 4, 2005 Order.

15.    All third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order.

Dated: November 22, 2006                 O'MELVENY & MYERS LLP

                                         By: _____
                                            Diana Torres
                                            Attorneys for MGA Entertainment, Inc.


Dated: November 29, 2006                 LITTLER MENDELSON

                                         By: _____
                                            Douglas A. Wickham
                                            Attorneys for Carter Bryant

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

-6-

1   Dated: November __, 2006   *December 4,*

                                             QUINN EMANUEL URQUHART
2                                           OLIVER & HEDGES, LLP

3                                By: _____
4                                   Jon D. Corey
                                  Attorneys for Mattel, Inc.
5

6                                    **ORDER**

7        The foregoing Stipulation for Appointment of a Discovery Master is SO

8   ORDERED. *as modified.*

9

10   Dated: __12-6-06.__                  _____

11                                 Hon. Stephen G. Larson
                               United States District Court Judge

12

13

14                        **CONSENT OF DISCOVERY MASTER**

15        If appointed by the Court, I, the undersigned, consent to serve as Discovery

16   Master in the above referenced proceeding consistent with this Order.

17   Dated: __12-5-06__                 _____

18                               Hon. Edward A. Infante (Ret.)

19

20

21

22

23

24

25

26

27

28

                                        STIPULATION FOR APPOINTMENT OF A DISCOVERY
                                        MASTER AND [PROPOSED] ORDER

Exhibit C, Page 97

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 5, 2006, I served the foregoing document described as **STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND [PROPOSED ORDER** on all interested parties in this action.

| | |
|---|---|
| Keith A. Jacoby, Esq. | Diana M. Torres, Esq. |
| Douglas Wickham, Esq. | O'Melveney & Meyers |
| Littler Mendelson | 400 S. Hope Street |
| A Professional Corporation | Los Angeles, CA 90071 |
| 2049 Century Park East, 5th Floor | Phone: 213-430-6000 |
| Los Angeles, California 90067-3107 | Fax: 213-430-6407 |
| Phone: 310-553-0308 | |
| Fax: 310-553-5583 | |

[ ]    By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[X]    **BY MAIL**

[ ]    I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]    **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on December 5, 2006, at Los Angeles, California.

[ ]    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Cheri Hatch
Print Name                                          Signature

# EXHIBIT D

| From: | Tamara Jih [tamarajih@quinnemanuel.com] |
|---|---|
| To: | 'SChan@JAMSADR.com'; Nolan, Thomas J (LAC); 'jkeker@kvn.com'; Michael T Zeller; Jon Corey; Dylan Proctor; Timothy Alger; Bridget Hauler; Tamar Buchakjian; 'moverland@obsklaw.com' |
| Subject: | Mattel's Motion to Compel Production of Documents by MGA in Response to Mattel's 5th Set of Requests for Production |
| Date: | 1/28/2008 5:54:54 PM |
| CC: | Zachary Krug |
| BCC: | |

**Message:**

Dear Ms. Chan,

Attached, please find pdfs of Mattel, Inc.'s Motion to Compel Production of Documents by MGA in Response to Mattel's 5th Set of Requests for Production, and the Declaration of Tamara Jih in Support Thereof.

I will send the exhibits to the Declaration and Proof of Service via separate email.

Hard copies are being sent via Federal Express to Judge Infante, and opposing counsel is being separately served.


Tamara Jih
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3061
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail:  tamarajih@quinnemanuel.com
Web:  www.quinnemanuel.com


The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


**Attachments:**
  Jih Dec.pdf
  motion.pdf

1

# EXHIBIT E

**COPY**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2   John B. Quinn (Bar No. 90378)
    (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
    Timothy L. Alger (Bar No. 160303)
5   (timalger@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
  Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13              Plaintiff, | Consolidated with |
| 14        v. | Case No. CV 04-09059 Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO ISAAC LARIAN |
| 16              Defendant. | |
| 17 | |
| 18  AND CONSOLIDATED CASES. | |

19
20
21
22
23
24
25
26
27
28

07209/2142932.1

RECEIVED
5:45pm       MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel,
2  Inc. hereby requests that defendant Isaac Larian ("Larian") respond to these
3  document requests ("Requests") and make available for inspection and copying
4  originals of the following documents within 30 days of service at the offices of
5  Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th
6  floor, Los Angeles, CA 90017.  Larian shall be obligated to supplement the
7  responses to these Requests at such times and to the extent required by Rule 26(e) of
8  the Federal Rules of Civil Procedure.
9
10  **I.    DEFINITIONS**
11
12    For purposes of these Requests, the following definitions apply:
13    A.    "YOU," "YOUR" and "LARIAN" mean Isaac Larian and any
14  individual or entity acting directly or indirectly by, through, under or on behalf of
15  Isaac Larian, including but not limited to current or former directors, officers,
16  agents, attorneys, employees, partners, joint venturers, contractors, accountants, or
17  representatives of Isaac Larian or any entity under the control or direction of Isaac
18  Larian (including but not limited to MGA), and any corporation, partnership,
19  association, trust, predecessor-in-interest and successor-in-interest, and any other
20  PERSON acting on behalf of Isaac Larian or pursuant to his authority or subject to
21  his control.
22    B.    "MGA" means MGA Entertainment, Inc. and all current or
23  former directors, officers, employees, agents, contractors, attorneys, accountants,
24  representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and
25  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its
26  authority or subject to its control.
27    C.    "MATTEL" means Mattel, Inc. and all current or former
28  directors, officers, employees, agents, contractors, attorneys, accountants,

7209/2142932.1

1 │ representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

2 │ successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

3 │ authority or subject to its control.

4 │      D.    "BRYANT" means Carter Bryant, any of his current or former

5 │ agents, representatives, attorneys, employees, partners, joint venturers,

6 │ predecessors-in-interest and successors-in-interest, and any other PERSON acting

7 │ on his behalf, pursuant to his authority or subject to his control. For purposes of

8 │ these Requests, "MGA" and "LARIAN" do not include "BRYANT."

9 │      E.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

10 │ "recordings" as those terms are defined in Rule 1001 of the Federal Rules of

11 │ Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all

12 │ writings, including but not limited to handwriting, typewriting, printing, image,

13 │ photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

14 │ to) electronic mail (including instant messages and text messages) or facsimile,

15 │ video and audio recordings, and every other means of recording upon any tangible

16 │ thing, any form of communication or representation, and any record thereby created,

17 │ regardless of the manner in which the record has been stored, and all non-identical

18 │ copies of such DOCUMENTS, in the possession, custody, or control of YOU,

19 │ YOUR counsel, or any other PERSON acting on YOUR behalf.

20 │      F.    "COMMUNICATION," in the plural as well as the singular,

21 │ means any transmittal and/or receipt of information, whether such was oral or

22 │ written, and whether such was by chance, prearranged, formal or informal, and

23 │ specifically includes, but is not limited to, conversations in person, telephone

24 │ conversations, electronic mail (including instant messages and text messages),

25 │ voicemail, letters, memoranda, statements, media releases, magazine and newspaper

26 │ articles, and video and audio transmissions.

27 │      G.    "DESIGN" or "DESIGNS" means any and all representations,

28 │ whether two-dimensional or three-dimensional, and whether in tangible, digital,

1  electronic or other form, including but not limited to all works, designs, artwork,
2  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
3  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
4  practice, developments, concepts, ideas, inventions and/or improvements, as well as
5  all other items, things and DOCUMENTS in which any of the foregoing are or have
6  been expressed, embodied, contained, fixed or reflected in any manner, whether in
7  whole or in part.

8      H.    "BRATZ" means any project, product, doll or DESIGN or any
9  portion thereof ever known by that name, that is now or has ever been known as, or
10  sold or marketed under, the name or term "Bratz" or that is now or has ever been
11  sold or marketed as part of the "Bratz" line, including without limitation all
12  prototypes, models, samples and versions thereof. As used herein, "products, dolls
13  or DESIGNS or any portion thereof" also includes without limitation any names,
14  fashions, accessories, artwork, packaging or any other works, materials, matters or
15  items included or associated therewith. Without limiting the generality of the
16  foregoing, "BRATZ" includes any such project, product, doll or DESIGN,
17  regardless of what any such project, product, doll or DESIGN has in fact been
18  called, and regardless of what any such project, product, doll or DESIGN is or has
19  been also, previously or subsequently called. Also without limiting the generality of
20  the foregoing, and contrary to MGA's recent assertions in connection with other
21  Mattel discovery requests, the term "BRATZ" does not require that there be a doll
22  existing at the time of the event, incident or occurrence that is the subject of, or
23  otherwise relevant or responsive to, the Requests herein.

24      I.    "ANGEL" refers to those projects, products, dolls or DESIGNS
25  or any portion thereof, sometimes called "Angel Faces" and/or "Prayer Angels," that
26  MGA has claimed are the subject of MGA000706-08, MGA000710-12,
27  MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734, including
28  without limitation all prototypes, models, samples and versions thereof. As used

7209/2142932.1

-4-

1 herein, "products, dolls or DESIGNS or any portion thereof" also includes without
2 limitation any names, fashions, accessories, artwork, packaging or any other works,
3 materials, matters or items included or associated therewith. Without limiting the
4 generality of the foregoing, "ANGEL" includes any such project, product, doll or
5 DESIGN, regardless of what any such project, product, doll or DESIGN has in fact
6 been called, and regardless of what any such project, product, doll or DESIGN is or
7 has been also, previously or subsequently called. Also without limiting the
8 generality of the foregoing, and contrary to MGA's recent assertions in connection
9 with other Mattel discovery requests, the term "ANGEL" does not require that there
10 be a doll existing at the time of the event, incident or occurrence that is the subject
11 of, or otherwise relevant or responsive to, the Requests herein.

12       J.    "AFFILIATES" means any and all corporations, proprietorships,
13 d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or
14 indirectly, in whole or in part, own or control, are under common ownership or
15 control with, or are owned or controlled by a PERSON, party or entity, including
16 without limitation each parent, subsidiary and joint venture of such PERSON, party
17 or entity.

18       K.    "IDENTIFY" or "IDENTITY" means the following:

19       (a)    With reference to an individual, means such individual's
20 name, current or last known business title, current or last known business affiliation,
21 current or last known relationship to YOU, current or last known residential and
22 business address, and current or last known telephone number.

23       (b)    With reference to an entity or governmental organization,
24 means such entity's or organization's name, present or last-known address, and
25 present or last-known telephone number and the IDENTITY of each individual who
26 has served or participated as a contact for or on behalf of such entity or organization.

27       (c)    With reference to an account with a bank or financial
28 institution, means the name and address of the bank or financial institution, the

7209/2142932.1

-5-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

Exhibit E, Page 104

1 account number(s) for or otherwise associated with such account and the name of
2 each holder, including without limitation each beneficial holder, of each such
3 account.

4     (d)    With reference to a STORAGE DEVICE, means the
5 manufacturer name, brand, model name and number, serial number and all other
6 manufacturer identifiers, and the technical specifications and capacities of such
7 STORAGE DEVICE.

8     L.    "ACTION" means this action now consolidated under Case No.
9 04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v. Bryant, first
10 filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA
11 Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses
12 therein.

13     M.    "DIGITAL INFORMATION" means any information created or
14 stored digitally, including but not limited to electronically, magnetically or optically.

15     N.    "STORAGE DEVICE" means any computer hard drive,
16 memory, USB device, tape, storage array or any other device or medium that allows
17 a user, whether permanently, temporarily or otherwise, to create, generate, prepare,
18 transmit, copy, retain, store or maintain DIGITAL INFORMATION.

19     O.    "FAMILY MEMBER" means any PERSON who at any time is,
20 was or has been a parent, spouse, or child of another PERSON.

21     P.    "RELATING," "RELATING TO," "REFERRING OR
22 RELATING TO," or "REFER OR RELATE TO" means any and all of the following
23 terms and their synonyms: refer to, discuss, constitute, evidence, pertain to,
24 mention, support, contradict, negate, bear on, touch on, contain, embody, reflect,
25 identify, state, deal with, concern, comment on, summarize, respond to, relate to, or
26 describe.

27     Q.    "PERSON," in the plural as well as the singular, means any
28 natural person, association, partnership, corporation, joint venture, government

-6-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

Exhibit E, Page 105

1 | entity, organization, trust, institution, proprietorship, or any other entity recognized
2 | as having an existence under the laws in the United States or any other nation.

3          R.     "BRATZ PRODUCT" means any product, whether two-
4 | dimensional or three-dimensional, and whether in tangible, digital, electronic or
5 | other form: (i) that is or has ever been distributed, marketed or sold under the name
6 | "Bratz" or as part of the "Bratz" line; (ii) that depicts, incorporates, embodies,
7 | consists of or REFERS OR RELATES TO BRATZ; and/or (iii) that is or has ever
8 | been distributed, marketed or sold in any packaging that includes the name "Bratz"
9 | or depicts, incorporates, embodies, consists of or REFERS OR RELATES TO
10 | BRATZ.

11          S.     "BRATZ DOLL" means any doll that is or has ever been
12 | distributed, marketed, sold or offered for sale under the name "Bratz" or as part of
13 | the "Bratz" line.

14          T.     "BRATZ MOVIE" means any motion picture or film that
15 | depicts, incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ
16 | or any BRATZ DESIGN.

17          U.     "BRATZ TELEVISION SHOW" means any production
18 | exhibited on television that depicts, incorporates, embodies, consists of or REFERS
19 | OR RELATES TO BRATZ or any BRATZ DESIGN.

20          V.     "DIVA STARZ" means any project, product, doll or DESIGN or
21 | any portion thereof ever known by that name, that is now or has ever been known
22 | as, or sold or marketed under, the name or term "DIVA STARZ" or that is now or
23 | has ever been sold or marketed as part of the "DIVA STARZ" line, including
24 | without limitation "Chat Girls," "Brats," and "Chat Brats," and including without
25 | limitation all prototypes, models, samples and versions thereof. As used herein,
26 | "products, dolls or DESIGNS or any portion thereof" also includes without
27 | limitation any names, fashions, accessories, artwork, packaging or any other works,
28 | materials, matters or items included or associated therewith. Without limiting the

1   generality of the foregoing, "DIVA STARZ" includes any such project, product, doll
2   or DESIGN, regardless of what any such project, product, doll or DESIGN has in
3   fact been called, and regardless of what any such project, product, doll or DESIGN
4   is or has been also, previously or subsequently called. Also without limiting the
5   generality of the foregoing, and contrary to MGA's recent assertions in connection
6   with other Mattel discovery requests, the term "DIVA STARZ" does not require that
7   there be a doll existing at the time of the event, incident or occurrence that is the
8   subject of, or otherwise relevant or responsive to, the Requests herein.

9        W.        The singular form of a noun or pronoun includes within its
10  meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of
11  the masculine form of a pronoun also includes within its meaning the feminine form
12  of the pronoun so used, and *vice versa*; the use of any tense of any verb includes
13  also within its meaning all other tenses of the verb so used, whenever such
14  construction results in a broader request for information; and "and" includes "or"
15  and *vice versa*, whenever such construction results in a broader disclosure of
16  documents or information

17

18  **II.    INSTRUCTIONS**

19

20       A.        YOU are to produce all requested DOCUMENTS in YOUR
21  possession, custody or control.

22       B.        If YOU contend that YOU are not required to produce certain
23  DOCUMENTS called for by these Requests on the grounds of a privilege or
24  protection that YOU are not prepared to waive, identify each such DOCUMENT
25  and provide the following information:

26           1.        the date and type of the DOCUMENT, the author(s) and
27                    all recipients;

28

7209/2142932.1

-8-

1    2.      the privilege or protection that YOU claim permits YOU

2            to withhold the DOCUMENT;

3    3.      the title and subject matter of the DOCUMENT;

4    4.      any additional facts on which YOU base YOUR claim of

5            privilege or protection; and

6    5.      the identity of the current custodian of the original of the

7            DOCUMENT.

8    C.      DOCUMENTS shall be produced in their original file folders, or

9    in lieu thereof, any writing on the file folder from which each such DOCUMENT is

10   taken shall be copied and appended to such DOCUMENT and the PERSON for

11   whom or department, division or office for which the DOCUMENT or the file

12   folder is maintained shall be identified.

13   D.      The DOCUMENTS should be produced in their complete and

14   unaltered form. Attachments to DOCUMENTS should not be removed. The

15   DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

16   any reason, including alleged nonrelevance. If emails are produced that had

17   attachments, the attachments shall be attached when produced.

18   E.      DOCUMENTS in electronic form shall be produced in that form.

19   F.      In the event that any DOCUMENT called for by these requests

20   has been destroyed or discarded, that DOCUMENT is to be identified by stating:

21   1.      the date and type of the DOCUMENT, the author(s) and

22           all recipients;

23   2.      the DOCUMENT's date, subject matter, number of pages,

24           and attachments or appendices;

25   3.      the date of destruction or discard, manner of destruction

26           or discard, and reason for destruction or discard;

27   4.      the PERSONS who were authorized to carry out such

28           destruction or discard;

07209/2142932.1

-9-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1    5.    the PERSONS who have knowledge of the content,
2          origins, distribution and destruction of the DOCUMENT;
3          and
4    6.    whether any copies of the document exist and, if so, the
5          name of the custodian of each copy.
6

7  **III.    REQUESTS FOR DOCUMENTS AND THINGS**

8

9  REQUEST FOR PRODUCTION NO. 1:

10       All DOCUMENTS prepared, drafted, written, transmitted or received
11  (whether in whole or in part) prior to December 31, 2001 RELATING TO BRATZ.

12

13  REQUEST FOR PRODUCTION NO. 2:

14       All DOCUMENTS RELATING TO BRATZ and RELATING TO any
15  time prior to December 31, 2001 (regardless of when such DOCUMENT was
16  prepared, written, transmitted or received, whether in whole or in part).

17

18  REQUEST FOR PRODUCTION NO. 3:

19       All DOCUMENTS RELATING TO the origin(s), conception and
20  creation of BRATZ, including without limitation all DOCUMENTS RELATING
21  TO the timing and the method and manner in which BRATZ first came to YOUR or
22  MGA's attention.

23

24  REQUEST FOR PRODUCTION NO. 4:

25       All DOCUMENTS RELATING TO the modeling, prototyping,
26  rotocasting, sculpting or DESIGN of BRATZ at any time prior to June 30, 2001,
27  including without limitation all DOCUMENTS RELATING to the creation,
28  preparation or modification of any three-dimensional representation of BRATZ.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS RELATING TO any payment or transfer of anything of value made to or on behalf of BRYANT for any DESIGN that BRYANT assigned or transferred to YOU or MGA prior to October 21, 2000, regardless of when such payment was actually made.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS that RELATING TO invoices submitted by BRYANT to YOU or MGA prior to January 31, 2001.

REQUEST FOR PRODUCTION NO. 7:

All royalty statements to or for BRYANT.

REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS RELATING TO BRYANT's participation in the conception, creation, DESIGN, development, sculpting, tooling, production or manufacture of BRATZ.

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU or MGA and BRYANT and RELATING TO the period prior to December 31, 2001 (regardless of when such document was prepared, written, transmitted or received, whether in whole or in part), including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise RELATING TO any such COMMUNICATIONS.

-11-

1 | REQUEST FOR PRODUCTION NO. 10:.

2 | All DOCUMENTS RELATING TO COMMUNICATIONS between
3 | YOU or MGA and BRYANT prior to December 31, 2001, including without
4 | limitation all diaries, notes, calendars, logs, phone records and letters, that reflect,
5 | record or memorialize or otherwise RELATING TO any such
6 | COMMUNICATIONS.

7

8 | REQUEST FOR PRODUCTION NO. 11:

9 | All COMMUNICATIONS between YOU or MGA and BRYANT prior
10 | to December 31, 2001.

11

12 | REQUEST FOR PRODUCTION NO. 12:

13 | All DOCUMENTS RELATING TO COMMUNICATIONS between
14 | YOU or MGA and BRYANT prior to December 31, 2001 (regardless of when such
15 | DOCUMENT was prepared, written, transmitted or received, whether in whole or in
16 | part), including without limitation all diaries, notes, calendars, logs, phone records
17 | and letters, that reflect, record or memorialize or otherwise RELATING TO any
18 | such COMMUNICATIONS.

19

20 | REQUEST FOR PRODUCTION NO. 13:

21 | All COMMUNICATIONS RELATING TO BRATZ between YOU or
22 | MGA and any PERSON prior to December 31, 2001.

23

24 | REQUEST FOR PRODUCTION NO. 14:

25 | All DOCUMENTS RELATING TO COMMUNICATIONS between
26 | YOU or MGA and any PERSON and RELATING TO the period prior to December
27 | 31, 2001 (regardless of when such DOCUMENT was prepared, written, transmitted
28 | or received, whether in whole or in part), including without limitation all diaries,

209/2142932.1

-12-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1   notes, calendars, logs, phone records and letters, that reflect, **record or memorialize**
2   or otherwise RELATING TO any such COMMUNICATIONS.
3
4   <u>REQUEST FOR PRODUCTION NO. 15</u>:
5                   All COMMUNICATIONS RELATING TO **BRATZ** between YOU or
6   MGA and BRYANT.
7
8   <u>REQUEST FOR PRODUCTION NO. 16</u>:
9                   All DOCUMENTS RELATING TO BRYANT's employment by
10   MATTEL.
11
12   <u>REQUEST FOR PRODUCTION NO. 17</u>:
13                   All DOCUMENTS RELATING TO YOUR or MGA's knowledge of
14   BRYANT's employment by MATTEL.
15
16   <u>REQUEST FOR PRODUCTION NO. 18</u>:
17                   All DOCUMENTS RELATING TO DESIGNS that BRYANT
18   produced, prepared, created, authored, conceived of or reduced to practice, whether
19   alone or jointly with others, prior to December 31, 2001.
20
21   <u>REQUEST FOR PRODUCTION NO. 19</u>:
22                   All DOCUMENTS RELATING TO DESIGNS produced, prepared,
23   created, authored, conceived of or reduced to practice prior to December 31, 2001
24   by BRYANT, whether alone or jointly with others, in which YOU or MGA have
25   purported at any time to purchase, acquire or own any right, title or interest (whether
26   in whole or in part).
27
28

J7209/2142932.1

-13-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1 | REQUEST FOR PRODUCTION NO. 20:

2 |      All DOCUMENTS, including without limitation all

3 | COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4 | any agreement or contract between BRYANT and MATTEL.

5 |

6 | REQUEST FOR PRODUCTION NO. 21:

7 |      All DOCUMENTS, including without limitation all

8 | COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

9 | YOUR or MGA's knowledge of any agreement or contract between BRYANT and

10 | MATTEL.

11 |

12 | REQUEST FOR PRODUCTION NO. 22:

13 |      All DOCUMENTS RELATING TO any payment or transfer of

14 | anything of value made to or on behalf of BRYANT prior to October 21, 2000 or for

15 | work or services performed by BRYANT prior to October 21, 2000 regardless of

16 | when such payment was actually made.

17 |

18 | REQUEST FOR PRODUCTION NO. 23:

19 |      All DOCUMENTS RELATING TO any agreement or contract

20 | between YOU or MGA, on the one hand, and BRYANT, on the other hand,

21 | including without limitation all drafts thereof, all actual or proposed amendments,

22 | modifications and revisions thereto and all COMMUNICATIONS RELATING

23 | thereto.

24 |

25 | REQUEST FOR PRODUCTION NO. 24:

26 |      All doll heads, sculpts, prototypes, models, samples and tangible items

27 | that were created, prepared or made, whether in whole or in part, prior to December

28 | 31, 2001 RELATING TO BRATZ.

7209/2142932.1

-14-

1 | REQUEST FOR PRODUCTION NO. 25:

2 |       All doll heads, sculpts, prototypes, models, samples and tangible items

3 | that were created, prepared or made, whether in whole or in part, prior to December

4 | 31, 2001 RELATING TO ANGEL.

5 |

6 | REQUEST FOR PRODUCTION NO. 26:

7 |       All DOCUMENTS RELATING TO each and every sculpt of BRATZ

8 | (including without limitation any model, prototype or sample thereof) prior to June

9 | 1, 2001.

10 |

11 | REQUEST FOR PRODUCTION NO. 27:

12 |       All DOCUMENTS RELATING TO each and every sculpt of ANGEL

13 | (including without limitation any model, prototype or sample thereof).

14 |

15 | REQUEST FOR PRODUCTION NO. 28:

16 |       All DOCUMENTS RELATING TO the procurement, fabrication,

17 | preparation and production of each and every mold for BRATZ (including without

18 | limitation for any model, prototype or sample thereof) prior June 30, 2001,

19 | including without limitation all orders, purchase orders and invoices relating thereto.

20 |

21 | REQUEST FOR PRODUCTION NO. 29:

22 |       DOCUMENTS sufficient to show when any mold for ANGEL

23 | (including without limitation for any model, prototype or sample thereof) was first

24 | ordered, requested, procured, fabricated, prepared and produced.

25 |

26 | REQUEST FOR PRODUCTION NO. 30:

27 |       All DOCUMENTS RELATING TO any showing, presentation or

28 | exhibition, or any proposed, offered or requested showing, presentation or

17209/2142932.1

-15-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1   exhibition, of BRATZ (including without limitation any model, prototype or sample
2   thereof) prior to June 30, 2001.

3

4   REQUEST FOR PRODUCTION NO. 31:

5           DOCUMENTS sufficient to show when ANGEL (including without
6   limitation any model, prototype or sample thereof) was first exhibited, shown or
7   presented to any third party.

8

9   REQUEST FOR PRODUCTION NO. 32:

10          All COMMUNICATIONS between YOU or MGA and any wholesaler,
11  distributor, and/or retailer RELATING TO BRATZ prior to December 31, 2001.

12

13  REQUEST FOR PRODUCTION NO. 33:

14          All COMMUNICATIONS between YOU or MGA and any wholesaler,
15  distributor, and/or retailer RELATING TO ANGEL.

16

17  REQUEST FOR PRODUCTION NO. 34:

18          All DOCUMENTS RELATING TO when and where BRATZ
19  (including without limitation any model, prototype or sample thereof) was first
20  marketed to any wholesaler, distributor and/or retailer.

21

22  REQUEST FOR PRODUCTION NO. 35:

23          All DOCUMENTS RELATING TO when and where ANGEL
24  (including without limitation any model, prototype or sample thereof) was first
25  marketed to any wholesaler, distributor and/or retailer.

26

27

28

1    REQUEST FOR PRODUCTION NO. 36:

2          DOCUMENTS sufficient to show when and where BRATZ was first

3    shipped, distributed and sold.

4

5    REQUEST FOR PRODUCTION NO. 37:

6          DOCUMENTS sufficient to show when and where ANGEL was first

7    shipped, distributed and sold.

8

9    REQUEST FOR PRODUCTION NO. 38:

10          All DOCUMENTS RELATING TO the licensing, including without

11   limitation the proposed, offered or requested licensing, of BRATZ prior to

12   December 31, 2001.

13

14   REQUEST FOR PRODUCTION NO. 39:

15          All COMMUNICATIONS between YOU or MGA and any

16   manufacturer, or any contemplated, proposed or potential manufacturer,

17   RELATING TO BRATZ prior to December 31, 2001.

18

19   REQUEST FOR PRODUCTION NO. 40:

20          DOCUMENTS sufficient to identify when YOU or MGA first

21   contacted any manufacturer, or any contemplated, proposed or potential

22   manufacturer, for the production or manufacture of ANGEL.

23

24   REQUEST FOR PRODUCTION NO. 41:

25          All COMMUNICATIONS between YOU or MGA and any PERSON

26   that REFER OR RELATE TO the distribution or proposed or potential distribution

27   of BRATZ prior to December 31, 2001.

28

07209/2142932.1

-17-

Exhibit E, Page 116

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS RELATING TO the performance of any agreement or contract between YOU or MGA, on the one hand, and BRYANT, on the other hand.

REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS RELATING TO the agreement dated as of September 18, 2000 between MGA and BRYANT, including without limitation all drafts thereof, any actual or proposed modifications, amendments or revisions thereto and all COMMUNICATIONS RELATING thereto.

REQUEST FOR PRODUCTION NO. 44:

All DOCUMENTS RELATING TO the Modification and Clarification of the Agreement dated as of September 18, 2000 between MGA and BRYANT, including without limitation all drafts thereof, any actual or proposed modifications, amendments or revisions thereto and all COMMUNICATIONS RELATING thereto.

REQUEST FOR PRODUCTION NO. 45:

All DOCUMENTS RELATING TO the agreement dated April 2001 between MGA and BRYANT, including without limitation all drafts thereof, any actual or proposed modifications, amendments or revisions thereto and all COMMUNICATIONS RELATING thereto.

REQUEST FOR PRODUCTION NO. 46:

All DOCUMENTS that RELATING TO any agreement or contract that REFERS AND RELATES TO BRATZ between Isaac Larian and any PERSON (including without limitation MGA), including without limitation all drafts thereof,

1 all actual or proposed amendments, modifications and revisions thereto and all
2 COMMUNICATIONS RELATING thereto.

3

4 REQUEST FOR PRODUCTION NO. 47:

5          All DOCUMENTS RELATING TO the performance of any agreement
6 or contract that REFERS AND RELATES TO BRATZ between Isaac Larian and
7 any PERSON (including without limitation MGA).

8

9 REQUEST FOR PRODUCTION NO. 48:

10          All DOCUMENTS that REFER OR RELATE TO any agreement or
11 contract that REFERS AND RELATES TO BRYANT between Isaac Larian and
12 any PERSON (including without limitation MGA), including without limitation all
13 drafts thereof, all actual or proposed amendments, modifications and revisions
14 thereto and all COMMUNICATIONS RELATING thereto.

15

16 REQUEST FOR PRODUCTION NO. 49:

17          All DOCUMENTS RELATING TO the performance of any agreement
18 or contract that REFERS AND RELATES TO BRYANT between Isaac Larian and
19 any PERSON (including without limitation MGA).

20

21 REQUEST FOR PRODUCTION NO. 50:

22          All DOCUMENTS that REFER OR RELATE TO any agreement or
23 contract that REFERS AND RELATES TO BRATZ between any FAMILY
24 MEMBER of Isaac Larian and any PERSON (including without limitation MGA
25 and/or Isaac Larian), including without limitation all drafts thereof, all actual or
26 proposed amendments, modifications and revisions thereto and all
27 COMMUNICATIONS RELATING thereto.

28

07209/2142932.1

-19-

1 REQUEST FOR PRODUCTION NO. 51:

2            All DOCUMENTS RELATING TO the performance of any agreement
3 or contract that REFERS AND RELATES TO BRATZ between any FAMILY
4 MEMBER of Isaac Larian and any PERSON (including without limitation MGA
5 and/or Isaac Larian).

6

7 REQUEST FOR PRODUCTION NO. 52:

8            All DOCUMENTS RELATING TO any agreement or contract that
9 REFERS AND RELATES TO BRYANT between any FAMILY MEMBER of
10 Isaac Larian and any PERSON (including without limitation MGA and/or Isaac
11 Larian), including without limitation all drafts thereof, all actual or proposed
12 amendments, modifications and revisions thereto and all COMMUNICATIONS
13 RELATING thereto.

14

15 REQUEST FOR PRODUCTION NO. 53:

16            All DOCUMENTS RELATING TO the performance of any agreement
17 or contract that REFERS AND RELATES TO BRYANT between any FAMILY
18 MEMBER of Isaac Larian and any PERSON (including without limitation MGA
19 and/or Isaac Larian).

20

21 REQUEST FOR PRODUCTION NO. 54:

22            All DOCUMENTS RELATING TO royalties or payments RELATING
23 TO BRATZ that have been made by any PERSON (including without limitation
24 MGA) to, for or on behalf of Isaac Larian.

25

26

27

28

-20-

1  REQUEST FOR PRODUCTION NO. 55:

2          All DOCUMENTS RELATING TO royalties or payments RELATING
3  TO BRATZ that have been made by any PERSON (without limitation MGA) to, for
4  or on behalf of any FAMILY MEMBER of Isaac Larian.

5

6  REQUEST FOR PRODUCTION NO. 56:

7          All DOCUMENTS RELATING TO DIVA STARZ and RELATING
8  TO any time prior to December 31, 2001 (regardless of when such document was
9  prepared, written, transmitted or received, whether in whole or in part).

10

11  REQUEST FOR PRODUCTION NO. 57:

12          All DOCUMENTS RELATING TO YOUR or MGA's knowledge of
13  DIVA STARZ and RELATING TO any time prior to December 31, 2001
14  (regardless of when such document was prepared, written, transmitted or received,
15  whether in whole or in part).

16

17  REQUEST FOR PRODUCTION NO. 58:

18          All DOCUMENTS RELATING TO MATTEL's consideration or
19  proposed use of "Brats," "Chat Brats" or any variation thereon and RELATING TO
20  any time prior to December 31, 2001 (regardless of when such document was
21  prepared, written, transmitted or received, whether in whole or in part).

22

23  REQUEST FOR PRODUCTION NO. 59:

24          All DOCUMENTS RELATING TO "Toon Teens."

25

26  REQUEST FOR PRODUCTION NO. 60:

27          All DOCUMENTS RELATING TO YOUR or MGA's knowledge of
28  "Toon Teens."

1

2

3  REQUEST FOR PRODUCTION NO. 61:

4      All DOCUMENTS, including without limitation

5  COMMUNICATIONS, prepared, drafted, created, received or transmitted (whether

6  in whole or in part) prior to December 31, 2001 RELATING TO BRYANT.

7

8  REQUEST FOR PRODUCTION NO. 62:

9      All DOCUMENTS RELATING TO any actual, potential, proposed,

10  considered or contemplated work, activities or services, including without limitation

11  any freelance work or consulting services, by BRYANT for, with or on behalf of

12  YOU or MGA prior to December 31, 2001 (regardless of when any such

13  DOCUMENT was prepared, created, received or transmitted, whether in whole or in

14  part).

15

16  REQUEST FOR PRODUCTION NO. 63:

17      All DOCUMENTS RELATING TO any actual, potential, proposed,

18  considered or contemplated work, activities or services, including without limitation

19  any freelance work or consulting services, by Anna Rhee for, with or on behalf of

20  YOU or MGA prior to December 31, 2001 (regardless of when any such

21  DOCUMENT was prepared, created, received or transmitted, whether in whole or in

22  part).

23

24  REQUEST FOR PRODUCTION NO. 64:

25      All DOCUMENTS RELATING TO any actual, potential, proposed,

26  considered or contemplated work, activities or services, including without limitation

27  any freelance work or consulting services, by Veronica Marlow for, with or on

28  behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such

1  DOCUMENT was prepared, created, received or transmitted, whether in whole or in
2  part).

3

4  <u>REQUEST FOR PRODUCTION NO. 65</u>:

5  All DOCUMENTS RELATING TO any actual, potential, proposed,
6  considered or contemplated work, activities or services, including without limitation
7  any freelance work or consulting services, by Sarah Halpern for, with or on behalf
8  of YOU or MGA prior to December 31, 2001 (regardless of when any such
9  DOCUMENT was prepared, created, received or transmitted, whether in whole or in
10  part).

11

12  <u>REQUEST FOR PRODUCTION NO. 66</u>:

13  All DOCUMENTS RELATING TO any actual, potential, proposed,
14  considered or contemplated work, activities or services, including without limitation
15  any freelance work or consulting services, by Jesse Ramirez for, with or on behalf of
16  YOU or MGA prior to December 31, 2001 (regardless of when any such
17  DOCUMENT was prepared, created, received or transmitted, whether in whole or in
18  part).

19

20  <u>REQUEST FOR PRODUCTION NO. 67</u>:

21  All DOCUMENTS RELATING TO any actual, potential, proposed,
22  considered or contemplated work, activities or services, including without limitation
23  any freelance work or consulting services, by Margaret Hatch (also known as
24  Margaret Leahy and/or Margaret Hatch-Leahy) for, with or on behalf of YOU or
25  MGA prior to December 31, 2001 (regardless of when any such DOCUMENT was
26  prepared, created, received or transmitted, whether in whole or in part).

27

28

1  REQUEST FOR PRODUCTION NO. 68:

2      All DOCUMENTS RELATING TO any actual, potential, proposed,
3  considered or contemplated work, activities or services, including without limitation
4  any freelance work or consulting services, by Elise Cloonan for, with or on behalf of
5  YOU or MGA.

6

7  REQUEST FOR PRODUCTION NO. 69:

8      All DOCUMENTS RELATING TO any actual, potential, proposed,
9  considered or contemplated work, activities or services, including without limitation
10  any freelance work or consulting services, by Maureen Mullen for, with or on behalf
11  of YOU or MGA.

12

13  REQUEST FOR PRODUCTION NO. 70:

14      All DOCUMENTS RELATING TO any actual, potential, proposed,
15  considered or contemplated work, activities or services, including without limitation
16  any freelance work or consulting services, by Billy Ragsdale for, with or on behalf
17  of YOU or MGA.

18

19  REQUEST FOR PRODUCTION NO. 71:

20      All DOCUMENTS RELATING TO any actual, potential, proposed,
21  considered or contemplated work, activities or services, including without limitation
22  any freelance work or consulting services, by Wendy Ragsdale for, with or on
23  behalf of YOU or MGA.

24

25  REQUEST FOR PRODUCTION NO. 72:

26      All DOCUMENTS RELATING TO any actual, potential, proposed,
27  considered or contemplated work, activities or services, including without limitation

28

07209/2142932.1

-24-

1  any freelance work or consulting services, by David Dees for, with or on behalf of
2  YOU or MGA.

3

4  REQUEST FOR PRODUCTION NO. 73:

5        All DOCUMENTS RELATING TO any actual, potential, proposed,
6  considered or contemplated work, activities or services, including without limitation
7  any freelance work or consulting services, by Steve Linker for, with or on behalf of
8  YOU or MGA.

9

10  REQUEST FOR PRODUCTION NO. 74:

11        All DOCUMENTS RELATING TO Steve Linker and RELATING TO
12  any time prior to December 31, 2001 (regardless of when such document was
13  prepared, written, transmitted or received, whether in whole or in part).

14

15  REQUEST FOR PRODUCTION NO. 75:

16        All DOCUMENTS RELATING TO any actual, potential, proposed,
17  considered or contemplated work, activities or services, including without limitation
18  any freelance work or consulting services, by Liz Hogan for, with or on behalf of
19  YOU or MGA.

20

21  REQUEST FOR PRODUCTION NO. 76:

22        All DOCUMENTS RELATING TO any actual, potential, proposed,
23  considered or contemplated work, activities or services, including without limitation
24  any freelance work or consulting services, by Amy Meyers for, with or on behalf of
25  YOU or MGA.

26

27

28

J7209/2142932.1

-25-

Exhibit E, Page 124

1 REQUEST FOR PRODUCTION NO. 77:

2          To the extent not covered by other Requests, all DOCUMENTS
3 RELATING TO any actual, potential, proposed, considered or contemplated work,
4 activities or services, including without limitation any freelance work or consulting
5 services, by any PERSON RELATING TO BRATZ prior to December 31, 2001.

6

7 REQUEST FOR PRODUCTION NO. 78:

8          To the extent not covered by other Requests, all DOCUMENTS
9 RELATING TO any actual, potential, proposed, considered or contemplated work,
10 activities or services, including without limitation any freelance work or consulting
11 services, by any PERSON RELATING TO ANGEL prior to December 31, 2001.

12

13 REQUEST FOR PRODUCTION NO. 79:

14          All DOCUMENTS RELATING TO any focus groups RELATING TO
15 BRATZ and/or ANGEL, including without limitation all videotapes, summaries,
16 notes and reports associated therewith.

17

18 REQUEST FOR PRODUCTION NO. 80:

19          All DOCUMENTS RELATING TO any services or work performed by
20 L.A. Focus between January 1, 1999 and December 31, 2001, including without
21 limitation all videotapes, summaries, notes and reports associated therewith.

22

23 REQUEST FOR PRODUCTION NO. 81:

24          All DOCUMENTS RELATING TO Alaska Momma.

25

26 REQUEST FOR PRODUCTION NO. 82:

27          All DOCUMENTS RELATING TO any actual, potential, proposed,
28 considered or contemplated agreement or contract between YOU or MGA and Anna

209/2142932.1

-26-

Exhibit E, Page 125

1  Rhee, including without limitation all drafts thereof and amendments, modifications
2  and revisions thereto, and all COMMUNICATIONS relating thereto.

3

4  REQUEST FOR PRODUCTION NO. 83:

5  All DOCUMENTS RELATING TO any payments of money or the
6  transfer of anything of value to Anna Rhee or her FAMILY MEMBERS.

7

8  REQUEST FOR PRODUCTION NO. 84:

9  All DOCUMENTS RELATING TO any actual, potential, proposed,
10  considered or contemplated agreement or contract between YOU or MGA and
11  Veronica Marlow or her FAMILY MEMBERS, including without limitation all
12  drafts thereof and amendments, modifications and revisions thereto, and all
13  COMMUNICATIONS relating thereto.

14

15  REQUEST FOR PRODUCTION NO. 85:

16  All DOCUMENTS RELATING TO any payments of money or the
17  transfer of anything of value to Veronica Marlow or her FAMILY MEMBERS.

18

19  REQUEST FOR PRODUCTION NO. 86:

20  All DOCUMENTS RELATING TO any actual, potential, proposed,
21  considered or contemplated agreement or contract between YOU or MGA and
22  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or
23  her FAMILY MEMBERS, including without limitation all drafts thereof and
24  amendments, modifications and revisions thereto, and all COMMUNICATIONS
25  relating thereto.

26

27

28

07209/2142932.1

-27-

1 REQUEST FOR PRODUCTION NO. 87:

2        All DOCUMENTS RELATING TO any payments of money or the

3 transfer of anything of value to Margaret Hatch (also known as Margaret Leahy

4 and/or Margaret Hatch-Leahy) or her FAMILY MEMBERS.

5

6 REQUEST FOR PRODUCTION NO. 88:

7        All DOCUMENTS RELATING TO any actual, potential, proposed,

8 considered or contemplated agreement or contract between YOU or MGA and Sarah

9 Halpern or her FAMILY MEMBERS, including without limitation all drafts thereof

10 and amendments, modifications and revisions thereto, and all

11 COMMUNICATIONS relating thereto.

12

13 REQUEST FOR PRODUCTION NO. 89:

14        All DOCUMENTS RELATING TO any payments of money or the

15 transfer of anything of value to Sarah Halpern or her FAMILY MEMBERS.

16

17 REQUEST FOR PRODUCTION NO. 90:

18        All DOCUMENTS RELATING TO any actual, potential, proposed,

19 considered or contemplated agreement or contract between YOU or MGA and Jesse

20 Ramirez or his FAMILY MEMBERS, including without limitation all drafts thereof

21 and amendments, modifications and revisions thereto, and all

22 COMMUNICATIONS relating thereto.

23

24 REQUEST FOR PRODUCTION NO. 91:

25        All DOCUMENTS RELATING TO any actual, potential, proposed,

26 considered or contemplated agreement or contract between YOU or MGA and Elise

27 Cloonan or her FAMILY MEMBERS, including without limitation all drafts thereof

28

-28-

1  and amendments, modifications and revisions thereto, and all

2  COMMUNICATIONS relating thereto.

3

4  REQUEST FOR PRODUCTION NO. 92:

5       All DOCUMENTS RELATING TO any payments of money or the

6  transfer of anything of value to Elise Cloonan or her FAMILY MEMBERS.

7

8  REQUEST FOR PRODUCTION NO. 93:

9       All DOCUMENTS RELATING TO any actual, potential, proposed,

10  considered or contemplated agreement or contract between YOU or MGA and

11  Stephen Lee or his FAMILY MEMBERS at any time after January 1, 2003,

12  including without limitation all drafts thereof and amendments, modifications and

13  revisions thereto, and all COMMUNICATIONS relating thereto.

14

15  REQUEST FOR PRODUCTION NO. 94:

16       All DOCUMENTS RELATING TO any actual, potential, proposed,

17  considered or contemplated agreement or contract between YOU or MGA and

18  David Dees or his FAMILY MEMBERS, including without limitation all drafts

19  thereof and amendments, modifications and revisions thereto, and all

20  COMMUNICATIONS relating thereto.

21

22  REQUEST FOR PRODUCTION NO. 95:

23       All DOCUMENTS RELATING TO any payments of money or the

24  transfer of anything of value to David Dees or her FAMILY MEMBERS.

25

26  REQUEST FOR PRODUCTION NO. 96:

27       All DOCUMENTS RELATING TO any actual, potential, proposed,

28  considered or contemplated agreement or contract between YOU or MGA and Steve

-29-

1 │ Linker, including without limitation all drafts thereof and amendments,

2 │ modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

3 │

4 │ REQUEST FOR PRODUCTION NO. 97:

5 │       All DOCUMENTS RELATING TO any actual, potential, proposed,

6 │ considered or contemplated agreement or contract between YOU or MGA and Liz

7 │ Hogan, including without limitation all drafts thereof and amendments,

8 │ modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

9 │

10 │ REQUEST FOR PRODUCTION NO. 98:

11 │       All DOCUMENTS RELATING TO DESIGNS produced, prepared,

12 │ created, authored, conceived of or reduced to practice prior to December 31, 2001

13 │ by Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy),

14 │ whether alone or jointly with others, in which YOU or MGA have purported at any

15 │ time to purchase, acquire or own any right, title or interest (whether in whole or in

16 │ part).

17 │

18 │ REQUEST FOR PRODUCTION NO. 99:

19 │       All DOCUMENTS RELATING TO DESIGNS produced, prepared,

20 │ created, authored, conceived of or reduced to practice prior to December 31, 2001

21 │ by Anna Rhee, whether alone or jointly with others, in which YOU or MGA have

22 │ purported at any time to purchase, acquire or own any right, title or interest (whether

23 │ in whole or in part).

24 │

25 │ REQUEST FOR PRODUCTION NO. 100:

26 │       All DOCUMENTS RELATING TO DESIGNS produced, prepared,

27 │ created, authored, conceived of or reduced to practice prior to January 1, 2001 by

28 │ Veronica Marlow, whether alone or jointly with others, in which YOU or MGA

-30-

1 have purported at any time to purchase, acquire or own any right, title or interest

2 (whether in whole or in part).

3

4 REQUEST FOR PRODUCTION NO. 101:

5 All DOCUMENTS RELATING TO DESIGNS produced, prepared,

6 created, authored, conceived of or reduced to practice by Elise Cloonan, whether

7 alone or jointly with others, in which YOU or MGA have purported at any time to

8 purchase, acquire or own any right, title or interest (whether in whole or in part).

9

10 REQUEST FOR PRODUCTION NO. 102:

11 All DOCUMENTS prepared, written, transmitted or received (whether

12 in whole or in part) prior to January 1, 2001 RELATING TO ANGEL.

13

14 REQUEST FOR PRODUCTION NO. 103:

15 All DOCUMENTS RELATING TO ANGEL RELATING TO any time

16 prior to January 1, 2001 (regardless of when such document was prepared, written,

17 transmitted or received, whether in whole or in part).

18

19 REQUEST FOR PRODUCTION NO. 104:

20 All DOCUMENTS, including without limitation all

21 COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

22 any agreement or contract between Margaret Hatch (also known as Margaret Leahy

23 and/or Margaret Hatch-Leahy) and MATTEL.

24

25 REQUEST FOR PRODUCTION NO. 105:

26 All DOCUMENTS, including without limitation all

27 COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

28 any agreement or contract between Kami Gillmour and MATTEL.

1  REQUEST FOR PRODUCTION NO. 106:

2        All DOCUMENTS, including without limitation all

3  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4  any agreement or contract between Paula Garcia and MATTEL.

5

6  REQUEST FOR PRODUCTION NO. 107:

7        All DOCUMENTS, including without limitation all

8  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

9  any agreement or contract between Mercedeh Ward and MATTEL.

10

11  REQUEST FOR PRODUCTION NO. 108:

12        All DOCUMENTS, including without limitation all

13  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

14  any agreement or contract between Jessie Ramirez and MATTEL.

15

16  REQUEST FOR PRODUCTION NO. 109:

17        All DOCUMENTS, including without limitation all

18  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

19  any agreement or contract between Billy Ragsdale and MATTEL.

20

21

22  REQUEST FOR PRODUCTION NO. 110:

23        All DOCUMENTS, including without limitation all

24  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

25  any agreement or contract between Wendy Ragsdale and MATTEL.

26

27

28

-32-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1 || REQUEST FOR PRODUCTION NO. 111:

2 |         All DOCUMENTS, including without limitation all

3 | COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4 | any agreement or contract between Veronica Marlow and MATTEL.

5

6 || REQUEST FOR PRODUCTION NO. 112:

7 |         To the extent not covered by other Requests, all DOCUMENTS,

8 | including without limitation all COMMUNICATIONS between YOU or MGA and

9 | any PERSON, RELATING TO any agreement or contract between MATTEL, on

10 | the one hand, and any former employee of MATTEL who has been hired,

11 | considered, solicited or interviewed for any position or potential position or

12 | employment by YOU or MGA.

13

14 || REQUEST FOR PRODUCTION NO. 113:

15 |         All COMMUNICATIONS between YOU or MGA and Anne Wang.

16

17 || REQUEST FOR PRODUCTION NO. 114:

18 |         All DOCUMENTS, including without limitation all

19 | COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

20 | Anne Wang.

21

22 || REQUEST FOR PRODUCTION NO. 115:

23 |         All DOCUMENTS, including without limitation all

24 | COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

25 | Brooke Gilbert.

26

27

28

-33-

1   REQUEST FOR PRODUCTION NO. 116:

2          All COMMUNICATIONS between YOU or MGA and BRYANT

3   RELATING TO MATTEL or any officer, director, employee or representative of

4   MATTEL.

5

6   REQUEST FOR PRODUCTION NO. 117:

7          All declarations, affidavits and other sworn written statements of any

8   other type or form by any PERSON RELATING TO BRATZ (other than those

9   previously filed and served in this ACTION), including all such declarations,

10   affidavits and other sworn written statements of any other type or form by or on

11   behalf of YOU.

12

13   REQUEST FOR PRODUCTION NO. 118:

14          All transcripts and video and/or audio recordings of statements made

15   by any PERSON under oath, including without limitation all deposition transcripts,

16   trial transcripts and arbitration transcripts, RELATING TO BRATZ (other than

17   those taken in this ACTION when MATTEL's counsel was in attendance),

18   including all such transcripts and video and/or audio recordings of statements by or

19   on behalf of YOU.

20

21   REQUEST FOR PRODUCTION NO. 119:

22          All declarations, affidavits and other sworn written statements of any

23   other type or form by any PERSON RELATING TO ANGEL (other than those

24   previously filed and served in this ACTION), including all such declarations,

25   affidavits and other sworn written statements of any other type or form by or on

26   behalf of YOU.

27

28

1  REQUEST FOR PRODUCTION NO. 120:

2           All transcripts and video and/or audio recordings of statements made
3  by any PERSON under oath, including without limitation all deposition transcripts,
4  trial transcripts and arbitration transcripts, that RELATING TO ANGEL (other than
5  those taken in this ACTION when Mattel's counsel was in attendance), including all
6  such declarations, affidavits and other sworn written statements of any other type or
7  form by or on behalf of YOU.

8

9  REQUEST FOR PRODUCTION NO. 121:

10          All DOCUMENTS RELATING TO the litigation encaptioned *The*
11  *Ships Carpenter, Inc. v. MGA Entertainment*, filed in Los Angeles Superior Court
12  on or about October 11, 2001, Case Nos. 01S03739 and 01S03740.

13

14  REQUEST FOR PRODUCTION NO. 122:

15          All DOCUMENTS seen, viewed or reviewed by YOU at any time in
16  preparation for the deposition of YOU that was taken in this ACTION on July 18,
17  2006.

18

19  REQUEST FOR PRODUCTION NO. 123:

20          All DOCUMENTS RELATING TO any and all arbitrations and suits
21  between YOU and Farhad Larian.

22

23  REQUEST FOR PRODUCTION NO. 124:

24          All DOCUMENTS filed, submitted or served in the suit and/or
25  arbitration proceedings brought by Farhad Larian against YOU, including without
26  limitation all declarations, affidavits, transcripts, video and/or audio recordings and
27  sworn testimony given by any PERSON in such suit or arbitration proceedings.

28

1  REQUEST FOR PRODUCTION NO. 125:

2       All DOCUMENTS RELATING TO any and all settlements resolutions

3  or compromises of any suit and/or arbitration proceedings between YOU and Farhad

4  Larian.

5

6  REQUEST FOR PRODUCTION NO. 126:

7       All contracts or agreements between YOU or MGA and Farhad Larian.

8

9  REQUEST FOR PRODUCTION NO. 127:

10      All COMMUNICATIONS RELATING TO BRATZ between YOU or

11  MGA and Farhad Larian.

12

13  REQUEST FOR PRODUCTION NO. 128:

14      All DOCUMENTS RELATING TO COMMUNICATIONS between

15  YOU or MGA and Farhad Larian that REFER OR RELATE TO BRATZ, including

16  without limitation all diaries, notes, calendars, logs, phone records and letters, that

17  reflect, record or memorialize or otherwise RELATING TO any such

18  COMMUNICATIONS.

19

20  REQUEST FOR PRODUCTION NO. 129:

21      All COMMUNICATIONS RELATING TO BRYANT between YOU

22  or MGA and Farhad Larian.

23

24  REQUEST FOR PRODUCTION NO. 130:

25      All DOCUMENTS RELATING TO COMMUNICATIONS between

26  YOU or MGA and Farhad Larian that REFER OR RELATE TO BRYANT,

27  including without limitation all diaries, notes, calendars, logs, phone records and

28

07209/2142932.1

-36-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

Exhibit E, Page 135

1 | letters, that reflect, record or memorialize or otherwise RELATING TO any such
2 | COMMUNICATIONS.

3

4 | REQUEST FOR PRODUCTION NO. 131:

5 | All DOCUMENTS RELATING TO any and all payments or transfer of
6 | anything of value that YOU or MGA have made, have offered or proposed to make
7 | or have promised or agreed to make, to or for the benefit of Farhad Larian or his
8 | FAMILY MEMBERS at any time since January 1, 2001.

9

10 | REQUEST FOR PRODUCTION NO. 132:

11 | All contracts or agreements between YOU or MGA and Morad Zarabi.

12

13 | REQUEST FOR PRODUCTION NO. 133:

14 | All COMMUNICATIONS RELATING TO BRATZ between YOU or
15 | MGA and Morad Zarabi.

16

17 | REQUEST FOR PRODUCTION NO. 134:

18 | All DOCUMENTS RELATING TO COMMUNICATIONS between
19 | YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRATZ, including
20 | without limitation all diaries, notes, calendars, logs, phone records and letters, that
21 | reflect, record or memorialize or otherwise RELATING TO any such
22 | COMMUNICATIONS.

23

24 | REQUEST FOR PRODUCTION NO. 135:

25 | All COMMUNICATIONS RELATING TO BRYANT between YOU
26 | or MGA and Morad Zarabi.

27

28

07209/2142932.1

-37-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1 REQUEST FOR PRODUCTION NO. 136:

2 All DOCUMENTS RELATING TO COMMUNICATIONS between

3 YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRYANT,

4 including without limitation all diaries, notes, calendars, logs, phone records and

5 letters, that reflect, record or memorialize or otherwise RELATING TO any such

6 COMMUNICATIONS.

7

8 REQUEST FOR PRODUCTION NO. 137:

9 All DOCUMENTS RELATING TO any and all payments or transfer of

10 anything of value that YOU or MGA have made, have offered or proposed to make

11 or have promised or agreed to make, to or for the benefit of Morad Zarabi or his

12 FAMILY MEMBERS at any time since January 1, 2001.

13

14 REQUEST FOR PRODUCTION NO. 138:

15 All DOCUMENTS RELATING TO any and all payments or transfers

16 of anything of value that YOU or MGA have made, have offered or proposed to

17 make or have promised or agreed to make, to or for the benefit of BRYANT or his

18 FAMILY MEMBERS.

19

20 REQUEST FOR PRODUCTION NO. 139:

21 All DOCUMENTS RELATING TO any and all payments or transfers

22 of anything of value that YOU or MGA have made, have offered or proposed to

23 make or have promised or agreed to make, to or for the benefit of Elise Cloonan or

24 her FAMILY MEMBERS.

25

26 REQUEST FOR PRODUCTION NO. 140:

27 All DOCUMENTS RELATING TO any and all payments or transfers

28 of anything of value that YOU or MGA have made, have offered or proposed to

1 | make or have promised or agreed to make, to or for the benefit of Margaret Hatch
2 | (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or her FAMILY
3 | MEMBERS.

4 |

5 | REQUEST FOR PRODUCTION NO. 141:

6 | All DOCUMENTS RELATING TO any and all payments or transfers
7 | of anything of value that YOU or MGA have made, have offered or proposed to
8 | make or have promised or agreed to make, to or for the benefit of Amy Meyers or
9 | her FAMILY MEMBERS.

10 |

11 | REQUEST FOR PRODUCTION NO. 142:

12 | All DOCUMENTS RELATING TO any and all payments or transfers
13 | of anything of value that YOU or MGA have made, have offered or proposed to
14 | make or have promised or agreed to make, to or for the benefit of Sarah Halpern or
15 | her FAMILY MEMBERS at any time since January 1, 1999.

16 |

17 | REQUEST FOR PRODUCTION NO. 143:

18 | All DOCUMENTS RELATING TO any and all payments or transfers
19 | of anything of value that YOU or MGA have made, have offered or proposed to
20 | make or have promised or agreed to make, to or for the benefit of Maureen Mullen
21 | or her FAMILY MEMBERS at any time since January 1, 1999.

22 |

23 | REQUEST FOR PRODUCTION NO. 144:

24 | All DOCUMENTS RELATING TO any and all payments or transfers
25 | of anything of value that YOU or MGA have made, have offered or proposed to
26 | make or have promised or agreed to make, to or for the benefit of Wendy Ragsdale
27 | or her FAMILY MEMBERS.

28 |

1 REQUEST FOR PRODUCTION NO. 145:

2          All DOCUMENTS RELATING TO any and all payments or transfers
3 of anything of value that YOU or MGA have made, have offered or proposed to
4 make or have promised or agreed to make, to or for the benefit of Billy Ragsdale or
5 his FAMILY MEMBERS.

6

7 REQUEST FOR PRODUCTION NO. 146:

8          All DOCUMENTS RELATING TO any and all payments or transfers
9 of anything of value that YOU or MGA have made, have offered or proposed to
10 make or have promised or agreed to make, to or for the benefit of Anna Rhee or her
11 FAMILY MEMBERS at any time since January 1, 1999.

12

13 REQUEST FOR PRODUCTION NO. 147:

14          All DOCUMENTS RELATING TO any indemnification that
15 BRYANT has sought, proposed, requested or obtained in connection with this
16 ACTION.

17

18 REQUEST FOR PRODUCTION NO. 148:

19          All DOCUMENTS RELATING TO any indemnification that Elise
20 Cloonan has sought, proposed, requested or obtained in connection with this
21 ACTION.

22

23 REQUEST FOR PRODUCTION NO. 149:

24          All DOCUMENTS RELATING TO any indemnification that Margaret
25 Hatch-Leahy has sought, proposed, requested or obtained in connection with this
26 ACTION.

27

28

-40-

1 REQUEST FOR PRODUCTION NO. 150:

2           All DOCUMENTS RELATING TO any indemnification that Veronica

3 Marlow has sought, proposed, requested or obtained in connection with this

4 ACTION.

5

6 REQUEST FOR PRODUCTION NO. 151:

7           All DOCUMENTS RELATING TO any indemnification that Sarah

8 Halpern has sought, proposed, requested or obtained in connection with this

9 ACTION.

10

11 REQUEST FOR PRODUCTION NO. 152:

12           All DOCUMENTS RELATING TO any indemnification that Paula

13 Garcia (also known as Paula Treantafellas) has sought, proposed, requested or

14 obtained in connection with this ACTION.

15

16 REQUEST FOR PRODUCTION NO. 153:

17           To the extent not covered by other Requests, all DOCUMENTS

18 RELATING TO any indemnification that any PERSON has sought, proposed,

19 requested or obtained in connection with this ACTION.

20

21 REQUEST FOR PRODUCTION NO. 154:

22           All DOCUMENTS RELATING TO any indemnification that YOU or

23 MGA have sought, proposed, requested or obtained in connection with this

24 ACTION.

25

26 REQUEST FOR PRODUCTION NO. 155:

27           All COMMUNICATIONS between YOU or MGA and Universal

28 Commerce Corp., Ltd. prior to June 1, 2001.

1 | REQUEST FOR PRODUCTION NO. 156:

2 All DOCUMENTS that REFER OR RELATE TO MATTEL, or that
3 were prepared, authored or created by MATTEL, that BRYANT has ever provided
4 to, shown, described to, communicated to or disclosed in any manner to YOU or
5 MGA.

6

7 | REQUEST FOR PRODUCTION NO. 157:

8 All COMMUNICATIONS between YOU or MGA and BRYANT prior
9 to January 1, 2001, including without limitation all diaries, notes, calendars, logs,
10 phone records and letters, that reflect, record or memorialize or otherwise
11 RELATING TO any such COMMUNICATIONS.

12

13 | REQUEST FOR PRODUCTION NO. 158:

14 All COMMUNICATIONS between YOU or MGA and Elise Cloonan
15 that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee,
16 including without limitation all diaries, notes, calendars, logs, phone records and
17 letters, that reflect, record or memorialize or otherwise RELATING TO any such
18 COMMUNICATIONS.

19

20 | REQUEST FOR PRODUCTION NO. 159:

21 All COMMUNICATIONS between YOU or MGA and Elise Cloonan
22 prior to June 11, 2002, including without limitation all diaries, notes, calendars,
23 logs, phone records and letters, that reflect, record or memorialize or otherwise
24 RELATING TO any such COMMUNICATIONS.

25

26 | REQUEST FOR PRODUCTION NO. 160:

27 All COMMUNICATIONS between YOU or MGA and Veronica
28 Marlow prior to January 1, 2001, including without limitation all diaries, notes,

1  calendars, logs, phone records and letters, that reflect, record or memorialize or
2  otherwise RELATING TO any such COMMUNICATIONS.

3

4  REQUEST FOR PRODUCTION NO. 161:

5          All COMMUNICATIONS between YOU or MGA and Mercedeh
6  Ward prior to November 6, 2000, including without limitation all diaries, notes,
7  calendars, logs, phone records and letters, that reflect, record or memorialize or
8  otherwise RELATING TO any such COMMUNICATIONS.

9

10  REQUEST FOR PRODUCTION NO. 162:

11          All COMMUNICATIONS between YOU or MGA and Margaret Hatch
12  (also known as Margaret Leahy and/or Margaret Hatch-Leahy) prior to January 1,
13  2001, including without limitation all diaries, notes, calendars, logs, phone records
14  and letters, that reflect, record or memorialize or otherwise RELATING TO any
15  such COMMUNICATIONS.

16

17  REQUEST FOR PRODUCTION NO. 163:

18          All COMMUNICATIONS between YOU or MGA and Anna Rhee
19  prior to January 1, 2001, including without limitation all diaries, notes, calendars,
20  logs, phone records and letters, that reflect, record or memorialize or otherwise
21  RELATING TO any such COMMUNICATIONS.

22

23  REQUEST FOR PRODUCTION NO. 164:

24          All COMMUNICATIONS between Veronica Marlow and Anna Rhee
25  prior to January 1, 2001, including without limitation all diaries, notes, calendars,
26  logs, phone records and letters, that reflect, record or memorialize or otherwise
27  RELATING TO any such COMMUNICATIONS.

28

07209/2142932.1

-43-

1 | REQUEST FOR PRODUCTION NO. 165:

2 |        All COMMUNICATIONS between YOU or MGA and Sarah Halpern
3 | prior to January 1, 2001, including without limitation all diaries, notes, calendars,
4 | logs, phone records and letters, that reflect, record or memorialize or otherwise
5 | RELATING TO any such COMMUNICATIONS.

6

7 | REQUEST FOR PRODUCTION NO. 166:

8 |        All COMMUNICATIONS between YOU or MGA and Jesse Ramirez
9 | prior to January 1, 2001, including without limitation all diaries, notes, calendars,
10 | logs, phone records and letters, that reflect, record or memorialize or otherwise
11 | RELATING TO any such COMMUNICATIONS.

12

13 | REQUEST FOR PRODUCTION NO. 167:

14 |        Any personnel or vendor file that YOU created, control, or maintain
15 | concerning BRYANT.

16

17 | REQUEST FOR PRODUCTION NO. 168:

18 |        Any personnel file that YOU created, control, or maintain concerning
19 | Paula Garcia (also known as Paula Treantafellas).

20

21 | REQUEST FOR PRODUCTION NO. 169:

22 |        Any personnel file that YOU created, control, or maintain concerning
23 | Mercedeh Ward.

24

25 | REQUEST FOR PRODUCTION NO. 170:

26 |        Any personnel or vendor file that YOU created, control, or maintain
27 | concerning Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-
28 | Leahy).

-44-

1  REQUEST FOR PRODUCTION NO. 171:

2         Any personnel or vendor file that YOU created, control, or maintain

3  concerning Veronica Marlow.

4

5  REQUEST FOR PRODUCTION NO. 172:

6         Any personnel or vendor file that YOU created, control, or maintain

7  concerning Anna Rhee.

8

9  REQUEST FOR PRODUCTION NO. 173:

10         Any personnel or vendor file that YOU created, control, or maintain

11  concerning Jessie Ramirez.

12

13  REQUEST FOR PRODUCTION NO. 174:

14         Any personnel file that YOU created, control, or maintain concerning

15  Shirin Salemnia.

16

17  REQUEST FOR PRODUCTION NO. 175:

18         DOCUMENTS sufficient to show the relationship, whether by blood or

19  marriage, between Isaac Larian or any FAMILY MEMBER of Isaac Larian, on the

20  one hand, and Shirin Salemnia.

21

22  REQUEST FOR PRODUCTION NO. 176:

23         Any personnel file that YOU created, control, or maintain concerning

24  Victoria O'Connor.

25

26  REQUEST FOR PRODUCTION NO. 177:

27         Any personnel file that YOU created, control, or maintain concerning

28  Farhad Larian.

1 | REQUEST FOR PRODUCTION NO. 178:

2 | All DOCUMENTS RELATING TO, including without limitation
3 | phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the
4 | time period from January 1, 1998 through January 1, 2001.

5 |

6 | REQUEST FOR PRODUCTION NO. 179:

7 | All DOCUMENTS RELATING TO, including without limitation
8 | phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the
9 | time period from January 1, 1998 through January 1, 2001 RELATING TO BRATZ
10 | and/or ANGEL.

11 |

12 | REQUEST FOR PRODUCTION NO. 180:

13 | All DOCUMENTS RELATING TO, including without limitation
14 | phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the
15 | time period from April 1, 2004 through June 1, 2004.

16 |

17 | REQUEST FOR PRODUCTION NO. 181:

18 | All DOCUMENTS RELATING TO, including without limitation
19 | phone records for, telephone calls RELATING TO BRYANT by or to YOU or
20 | anyone on YOUR behalf at any time.

21 |

22 | REQUEST FOR PRODUCTION NO. 182:

23 | All DOCUMENTS that RELATING TO any actual, proposed,
24 | contemplated, considered or potential copyright, patent or any other application or
25 | registration for BRATZ or any BRATZ DESIGN, including without limitation all
26 | COMMUNICATIONS pertaining thereto.

27 |

28 |

J7209/2142932.1

-46-

1  REQUEST FOR PRODUCTION NO. 183:

2  All DOCUMENTS RELATING TO any actual, proposed,

3  contemplated, considered or potential copyright, patent or any other application or

4  registration for ANGEL or any ANGEL DESIGN, including without limitation all

5  COMMUNICATIONS pertaining thereto.

6

7  REQUEST FOR PRODUCTION NO. 184:

8  All doll heads, sculpts, prototypes, models, samples and tangible items

9  that Anna Rhee painted, whether in whole or in part, for YOU, MGA or BRYANT,

10  or on behalf of YOU, MGA or BRYANT, prior to January 1, 2001.

11

12  REQUEST FOR PRODUCTION NO. 185:

13  All doll heads, sculpts, prototypes, models, samples and tangible items

14  that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that

15  BRYANT produced, created, authored, conceived of or reduced to practice, whether

16  alone or jointly with others, prior to January 1, 2001.

17

18  REQUEST FOR PRODUCTION NO. 186:

19  All DOCUMENTS RELATING TO the exhibition or showing of

20  BRATZ at the Hong Kong Toy Fair in January 2001.

21

22  REQUEST FOR PRODUCTION NO. 187:

23  All DOCUMENTS RELATING TO the exhibition or showing of

24  BRATZ at the Tokyo Toy Fair in or about February 2001.

25

26  REQUEST FOR PRODUCTION NO. 188:

27  All DOCUMENTS RELATING TO the exhibition of BRATZ at the

28  New York Toy Fair in or about February 2001.

-47-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1

2 REQUEST FOR PRODUCTION NO. 189:

3 　　　　To the extent not covered by other Requests, all DOCUMENTS
4 RELATING TO the exhibition of BRATZ at any toy fair at any time prior to
5 December 31, 2001.

6

7 REQUEST FOR PRODUCTION NO. 190:

8 　　　　All COMMUNICATIONS between YOU and any stock analyst,
9 investment analyst, investment bank, institutional lender, or venture capital fund
10 RELATING TO BRYANT, this ACTION OR MATTEL since January 1, 1999.

11

12 REQUEST FOR PRODUCTION NO. 191:

13 　　　　All COMMUNICATIONS between YOU and any member of the press
14 RELATING TO BRATZ, including without limitation RELATING TO the origins,
15 conception, creation, DESIGN or development thereof.

16

17 REQUEST FOR PRODUCTION NO. 192:

18 　　　　All COMMUNICATIONS between YOU and any member of the press
19 RELATING TO BRYANT since January 1, 1999.

20

21 REQUEST FOR PRODUCTION NO. 193:

22 　　　　All COMMUNICATIONS between YOU and any member of the press
23 RELATING TO this ACTION.

24

25 REQUEST FOR PRODUCTION NO. 194:

26 　　　　All COMMUNICATIONS between YOU and any member of the press
27 RELATING TO MATTEL since January 1, 1999.

28

-48-

1  REQUEST FOR PRODUCTION NO. 195:

2       All DOCUMENTS RELATING TO any statements made by YOU to

3  any stock analyst, investment analyst, investment bank, institutional lender, or

4  venture capital fund RELATING TO BRYANT since January 1, 1999.

5

6  REQUEST FOR PRODUCTION NO. 196:

7       All DOCUMENTS RELATING TO any statements made by YOU to

8  any stock analyst, investment analyst, investment bank, institutional lender, or

9  venture capital fund RELATING TO this ACTION.

10

11  REQUEST FOR PRODUCTION NO. 197:

12       All DOCUMENTS RELATING TO any statements made by YOU to

13  any stock analyst, investment analyst, investment bank, institutional lender, or

14  venture capital fund RELATING TO MATTEL since January 1, 1999.

15

16

17  REQUEST FOR PRODUCTION NO. 198:

18       All COMMUNICATIONS between YOU and any individual while the

19  individual was employed by MATTEL.

20

21  REQUEST FOR PRODUCTION NO. 199:

22       All DOCUMENTS RELATING TO publicity by YOU or MGA

23  RELATING TO BRATZ, ANGEL and/or BRYANT since January 1, 1999,

24  including but not limited to advertising, media releases, and public relations

25  material.

26

27

28

07209/2142932.1

-49-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1 REQUEST FOR PRODUCTION NO. 200:

2         All DOCUMENTS RELATING TO any effort by YOU or MGA to
3 recruit employees or contractors who have been or are employed by or who have
4 worked for MATTEL since January 1, 1999, including but not limited to
5 advertising, media releases, brochures, articles, catalogs, handbooks, and public
6 relations material.

7

8 REQUEST FOR PRODUCTION NO. 201:

9         All DOCUMENTS RELATING TO the hiring, engagement, or
10 retention by YOU or MGA of any current or former MATTEL employee or
11 contractor since January 1, 1999, including but not limited to all employment
12 agreements and agreements RELATING TO confidentiality or the invention,
13 authorship, or ownership of any concept or product.

14

15 REQUEST FOR PRODUCTION NO. 202:

16         All DOCUMENTS, since January 1, 1999, RELATING TO YOUR
17 receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,
18 deletion or use of any DOCUMENTS or DIGITAL INFORMATION, including but
19 not limited to any compilation of information, that was prepared, made, created,
20 generated, assembled or compiled by or for MATTEL and that was not publicly
21 available at the time of YOUR receipt of such DOCUMENT or DIGITAL
22 INFORMATION.

23

24 REQUEST FOR PRODUCTION NO. 203:

25         All DOCUMENTS, since January 1, 1999, RELATING TO YOUR
26 knowledge of any MATTEL product prior to the time that such product had been
27 announced or disclosed by MATTEL to retailers or the public.

28

07209/2142932.1

-50-

1 REQUEST FOR PRODUCTION NO. 204:

2 All DOCUMENTS, since January 1, 1999, RELATING TO YOUR
3 knowledge of any DESIGN created by, on behalf of, or at the behest of MATTEL,
4 or created by any PERSON employed by or under contract with MATTEL at the
5 time of the DESIGN's creation, that was not manufactured for sale or placed into the
6 retail market.

7

8 REQUEST FOR PRODUCTION NO. 205:

9 All DOCUMENTS, since January 1, 1999, RELATING TO YOUR
10 receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,
11 deletion or use of any MATTEL line list or other DOCUMENT prepared by
12 MATTEL identifying MATTEL products in the planning, design or development
13 phase.

14

15 REQUEST FOR PRODUCTION NO. 206:

16 All DOCUMENTS, since January 1, 1999, RELATING TO MGA's
17 receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,
18 deletion or use of any MATTEL line list or other DOCUMENT prepared by
19 MATTEL identifying MATTEL products in the planning, design or development
20 phase.

21

22 REQUEST FOR PRODUCTION NO. 207:

23 DOCUMENTS sufficient to IDENTIFY each account with any bank or
24 financial institution that YOU have or have had, or that YOU have or have had any
25 legal or beneficial interest in, since January 1, 1999.

26

27

28

07209/2142932.1

-51-

1  REQUEST FOR PRODUCTION NO. 208:

2          Documents sufficient to establish YOUR gross income, and the sources

3  of that gross income, for the years 1999 through the present, inclusive.

4

5  REQUEST FOR PRODUCTION NO. 209:

6          YOUR federal and state tax returns for each of the years 1999 through

7  the present, inclusive.

8

9  REQUEST FOR PRODUCTION NO. 210:

10          DOCUMENTS sufficient to IDENTIFY each telephone subscription

11  service account that YOU have or have had, or that YOU use or have used, since

12  January 1, 1999.

13

14  REQUEST FOR PRODUCTION NO. 211:

15          All MATTEL DOCUMENTS that BRYANT or any other PERSON

16  has shown, given, provided, summarized or otherwise communicated to YOU or

17  MGA (whether directly or indirectly) at any time since January 1, 1999.

18

19  REQUEST FOR PRODUCTION NO. 212:

20          All DOCUMENTS that YOU knew or were informed that, or ever had

21  any reason to believe, had been or were created by or originated from MATTEL,

22  other than MATTEL products that YOU or MGA purchased at retail.

23

24  REQUEST FOR PRODUCTION NO. 213:

25          All COMMUNICATIONS between YOU and any PERSON

26  RELATING TO the retention or destruction of DOCUMENTS or DIGITAL

27  INFORMATION between January 1, 1999 and the present.

28

1  REQUEST FOR PRODUCTION NO. 214:

2          All DOCUMENTS RELATING TO any facts underlying any of

3  YOUR defenses in this ACTION.

4

5  REQUEST FOR PRODUCTION NO. 215:

6          All doll heads, sculpts, prototypes, models, samples and tangible items

7  RELATING TO any facts underlying any of YOUR defenses in this ACTION.

8

9  REQUEST FOR PRODUCTION NO. 216:

10          All DOCUMENTS RELATING TO any facts underlying the claims for

11 relief in MATTEL's Complaint (including without limitation its Counterclaims)

12 against YOU or any other PERSON in this ACTION.

13

14 REQUEST FOR PRODUCTION NO. 217:

15          All doll heads, sculpts, prototypes, models, samples and tangible items

16 RELATING TO any facts underlying the claims for relief in MATTEL's Complaint

17 (including without limitation its Counterclaims) against YOU or any other PERSON

18 in this ACTION.

19

20 REQUEST FOR PRODUCTION NO. 218:

21          All DOCUMENTS RELATING TO any testing of or sampling from

22 any DOCUMENTS RELATING TO BRATZ or BRYANT, including without

23 limitation any such testing or sampling in connection with any ink, paper or

24 chemical analysis to date any such DOCUMENTS and including without limitation

25 all results and reports relating thereto.

26

27

28

07209/2142932.1

1  REQUEST FOR PRODUCTION NO. 219:

2      All DOCUMENTS RELATING TO YOUR knowledge of any testing

3  of or sampling from any DOCUMENTS RELATING TO BRATZ or BRYANT.

4

5  REQUEST FOR PRODUCTION NO. 220:

6      All DOCUMENTS RELATING TO Erich Speckin.

7

8  REQUEST FOR PRODUCTION NO. 221:

9      All DOCUMENTS RELATING TO YOUR payment of, or offer,

10  promise or agreement to pay, fees or costs in connection with the representation of

11  or provision of legal advice or legal services to any PERSON who is not, as of June

12  8, 2007, an MGA employee, including without limitation all contracts and

13  agreements RELATING thereto, the amounts YOU have so paid or agreed to pay to

14  such PERSON and the dates on which such payments were made.

15

16  REQUEST FOR PRODUCTION NO. 222:

17      Each STORAGE DEVICE that YOU have used to create, prepare,

18  generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION

19  RELATING TO BRATZ, ANGEL or BRYANT.

20

21  REQUEST FOR PRODUCTION NO. 223:

22      DOCUMENTS sufficient to IDENTIFY each STORAGE DEVICE that

23  YOU have used to create, prepare, generate, copy, transmit, receive, delete or

24  modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL or

25  BRYANT.

26

27

28

1  REQUEST FOR PRODUCTION NO. 224:

2          All DOCUMENTS RELATING TO the purchase, acquisition,
3  installation, transfer, shipment, destruction or disposition of each STORAGE
4  DEVICE that YOU have used to create, prepare, generate, copy, transmit, receive,
5  delete or modify any DIGITAL INFORMATION RELATING TO BRATZ,
6  ANGEL or BRYANT.

7

8  REQUEST FOR PRODUCTION NO. 225:

9          Each STORAGE DEVICE that BRYANT has used to create, prepare,
10  generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION
11  RELATING TO BRATZ, ANGEL or MGA.

12

13  REQUEST FOR PRODUCTION NO. 226:

14          DOCUMENTS sufficient to IDENTIFY each STORAGE DEVICE that
15  BRYANT has used to create, prepare, generate, copy, transmit, receive, delete or
16  modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL, YOU
17  or MGA.

18

19  REQUEST FOR PRODUCTION NO. 227:

20          All DOCUMENTS RELATING TO the purchase, acquisition,
21  installation, transfer, shipment, destruction or disposition of each STORAGE
22  DEVICE that BRYANT has used to create, prepare, generate, copy, transmit,
23  receive, delete or modify any DIGITAL INFORMATION RELATING TO BRATZ,
24  ANGEL, YOU or MGA.

25

26  REQUEST FOR PRODUCTION NO. 228:

27          All DOCUMENTS RELATING TO the purchase, acquisition,
28  installation, transfer, shipment, destruction or disposition of each STORAGE

1  DEVICE that BRYANT has used to create, prepare, generate, copy, transmit,

2  receive, delete or modify any DIGITAL INFORMATION.

3

4  REQUEST FOR PRODUCTION NO. 229:

5          DOCUMENTS sufficient to identify by product name, product number

6  and SKU each BRATZ PRODUCT including without limitation each BRATZ

7  DOLL, sold by MGA or its licensees.

8

9  REQUEST FOR PRODUCTION NO. 230:

10         DOCUMENTS sufficient to show the number of units of each BRATZ

11  DOLL sold by MGA or its licensees.

12

13  REQUEST FOR PRODUCTION NO. 231:

14         DOCUMENTS sufficient to show the revenue received by YOU from

15  the sale of each BRATZ DOLL sold by MGA or its licensees.

16

17  REQUEST FOR PRODUCTION NO. 232:

18         DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost

19  and other costs for each BRATZ DOLL sold by MGA or its licensees.

20

21  REQUEST FOR PRODUCTION NO. 233:

22         All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

23  YOUR profits from the sale of each BRATZ DOLL sold by MGA or its licensees.

24

25  REQUEST FOR PRODUCTION NO. 234:

26         For each customer to whom YOU or YOUR licensees have ever sold

27  any BRATZ DOLL, DOCUMENTS sufficient to show the number of units of each

28  such BRATZ DOLL sold by MGA or its licensees to that customer.

1  REQUEST FOR PRODUCTION NO. 235:

2          For each customer to whom YOU or YOUR licensees have ever sold

3  any BRATZ DOLL, documents sufficient to show the revenue received by YOU

4  from each such BRATZ DOLL sold by MGA or its licensees to that customer.

5

6  REQUEST FOR PRODUCTION NO. 236:

7          For each customer to whom YOU or YOUR licensees have ever sold

8  any BRATZ DOLL, documents sufficient to show YOUR profits from each such

9  BRATZ DOLL sold by MGA or its licensees to that customer.

10

11  REQUEST FOR PRODUCTION NO. 237:

12          DOCUMENTS sufficient to show customer returns to YOU of BRATZ

13  DOLLS sold or distributed by MGA or its licensees.

14

15  REQUEST FOR PRODUCTION NO. 238:

16          DOCUMENTS sufficient to show customer rebates or credits given by

17  MGA or its licensees to customers in connection with BRATZ DOLLS.

18

19  REQUEST FOR PRODUCTION NO. 239:

20          DOCUMENTS sufficient to show, by product number or SKU, the

21  number of units of each BRATZ DOLL sold by MGA or its licensees.

22

23  REQUEST FOR PRODUCTION NO. 240:

24          DOCUMENTS sufficient to show, by product number or SKU, the

25  revenue received by YOU from the sale of each BRATZ DOLL sold by MGA or its

26  licensees.

27

28

07209/2142932.1

-57-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 241:

2      DOCUMENTS sufficient to show, by product number or SKU, YOUR
3  cost of goods sold, unit cost and other costs for each BRATZ DOLL sold by MGA
4  or its licensees.

5

6  REQUEST FOR PRODUCTION NO. 242:

7      All DOCUMENTS that evidence, reflect or REFER OR RELATE TO
8  YOUR profits, by product number or SKU, from the sale of each BRATZ DOLL
9  sold by MGA or its licensees.

10

11  REQUEST FOR PRODUCTION NO. 243:

12      For each customer to whom YOU or YOUR licensees have ever sold
13  any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,
14  the number of units of each such BRATZ DOLL sold by MGA or its licensees to
15  that customer.

16

17  REQUEST FOR PRODUCTION NO. 244:

18      For each customer to whom YOU or YOUR licensees have ever sold
19  any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,
20  the revenue received by YOU from each such BRATZ DOLL sold by MGA or its
21  licensees to that customer.

22

23  REQUEST FOR PRODUCTION NO. 245:

24      For each customer to whom YOU or YOUR licensees have ever sold
25  any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,
26  YOUR profits from each such BRATZ DOLL sold by MGA or its licensees to that
27  customer.

28

REQUEST FOR PRODUCTION NO. 246:

DOCUMENTS sufficient to show the revenue and profits derived by YOU from the sale by MGA or its licensees of BRATZ DOLLS including, without limitation, DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs, gross margins, royalties paid and received, gross profits and nets profits.

REQUEST FOR PRODUCTION NO. 247:

DOCUMENTS sufficient to show the number of units of each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 248:

DOCUMENTS sufficient to show the revenue received by YOU from the sale of each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 249:

DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost and other costs for each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 250:

All DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR profits from the sale of each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 251:

DOCUMENTS sufficient to IDENTIFY all customers to whom MGA or its licensees have ever sold any BRATZ PRODUCT.

1  REQUEST FOR PRODUCTION NO. 252:

2          For each customer to whom MGA or its licensees have ever sold any

3  BRATZ PRODUCT, DOCUMENTS sufficient to show the number of units of each

4  such BRATZ PRODUCT sold by MGA or its licensees to that customer.

5

6  REQUEST FOR PRODUCTION NO. 253:

7          For each customer to whom MGA or its licensees have ever sold any

8  BRATZ PRODUCT, documents sufficient to show the revenue received by YOU

9  from each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

10

11  REQUEST FOR PRODUCTION NO. 254:

12          For each customer to whom MGA or its licensees have ever sold any

13  BRATZ PRODUCT, documents sufficient to show YOUR profits from each such

14  BRATZ PRODUCT sold by MGA or its licensees to that customer.

15

16  REQUEST FOR PRODUCTION NO. 255:

17          DOCUMENTS sufficient to show customer returns to MGA of

18  BRATZ PRODUCTS sold or distributed by MGA or its licensees.

19

20  REQUEST FOR PRODUCTION NO. 256:

21          DOCUMENTS sufficient to show customer rebates and credits given

22  by MGA or its licensees to customers in connection with BRATZ PRODUCTS.

23

24  REQUEST FOR PRODUCTION NO. 257:

25          DOCUMENTS sufficient to show, by product number or SKU, the

26  number of units of each BRATZ PRODUCT sold by MGA or its licensees.

27

28

REQUEST FOR PRODUCTION NO. 258:

DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from the sale of each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 259:

DOCUMENTS sufficient to show, by product number or SKU, YOUR cost of goods sold, unit cost and other costs for each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 260:

All DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR or MGA's profits, by product number or SKU, from the sale of each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 261:

For each customer to whom MGA or its licensees have ever sold any BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the number of units of each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

REQUEST FOR PRODUCTION NO. 262:

For each customer to whom MGA or its licensees have ever sold any BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

1  REQUEST FOR PRODUCTION NO. 263:

2          DOCUMENTS sufficient to show the revenue and profits derived by

3  YOU or MGA from the sale by YOU, MGA or its licensees of BRATZ

4  PRODUCTS including, without limitation, DOCUMENTS sufficient to show sales

5  revenue, costs of goods sold, variable costs, gross margins, royalties paid and

6  received, gross profits and nets profits.

7

8  REQUEST FOR PRODUCTION NO. 264:

9          DOCUMENTS sufficient to show the revenue and profits derived by

10  YOU or MGA from BRATZ MOVIES including, without limitation,

11  DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs,

12  gross margins, royalties paid and received, gross profits and net profits.

13

14  REQUEST FOR PRODUCTION NO. 265:

15          DOCUMENTS sufficient to show the revenue and profits derived by

16  YOU or MGA from BRATZ TELEVISION SHOWS including, without limitation,

17  DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs,

18  gross margins, royalties paid and received, gross profits and net profits.

19

20  REQUEST FOR PRODUCTION NO. 266:

21          All quarterly and annual profit and loss statements for BRATZ.

22

23  REQUEST FOR PRODUCTION NO. 267:

24          All sales, profit and cash flow projections or forecasts for BRATZ

25  DOLLS, BRATZ PRODUCTS, BRATZ MOVIES and BRATZ TELEVISION

26  SHOWS.

27

28

7209/2142932.1

-62-

Exhibit E, Page 161

1  REQUEST FOR PRODUCTION NO. 268:

2          All DOCUMENTS that REFER OR RELATE TO the value of the

3  BRATZ brand.

4

5  REQUEST FOR PRODUCTION NO. 269:

6          DOCUMENTS sufficient to show or calculate YOUR net worth on a

7  yearly basis for each year from 1999 to the present.

8

9  REQUEST FOR PRODUCTION NO. 270:

10          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

11  the BRATZ DOLL's share of the fashion doll market including, without limitation,

12  the extent to which Bratz has been or is gaining or losing market share in the fashion

13  doll market.

14

15  REQUEST FOR PRODUCTION NO. 271:

16          DOCUMENTS sufficient to show each of YOUR position(s), titles and

17  functions with and relationship to MGA, including without limitation with or to

18  MGA Entertainment HK Limited and MGAE de Mexico, S.r.l. de C.V.

19

20  REQUEST FOR PRODUCTION NO. 272:

21          All DOCUMENTS RELATING TO the ownership of MGA

22  Entertainment HK Limited.

23

24

25

26

27

28

1 REQUEST FOR PRODUCTION NO. 273:

2 All DOCUMENTS RELATING TO the ownership of MGAE de
3 Mexico, S.r.l. de C.V.

4

5 REQUEST FOR PRODUCTION NO. 274:

6 An electronic copy of each DOCUMENT that YOU have produced in
7 this action, or that is responsive to these Requests, that is or was created, prepared,
8 generated, maintained or transmitted in digital form.

9

10 REQUEST FOR PRODUCTION NO. 275:

11 The metadata for each DOCUMENT that YOU have produced in this
12 action, or that is responsive to these Requests, that is or was created, prepared,
13 generated, maintained or transmitted in digital form.

14

15 REQUEST FOR PRODUCTION NO. 276:

16 To the extent not produced in response to any other Request for
17 Production, all DOCUMENTS and tangible things upon which YOU intend to rely
18 in this ACTION.

19

20 DATED: June 13, 2007          QUINN EMANUEL URQUHART OLIVER &
                                 HEDGES, LLP
21

22

23                              By _Michael T. Zeller_/
                                 Michael T. Zeller
24                               Attorneys for Mattel, Inc.

25

26

27

28

109/2142932.1

-64-

Exhibit E, Page 163

1 | **PROOF OF SERVICE**

2      I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa
3 | Street, 10th Floor, Los Angeles, California 90017-2543.

4      On June 13, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**
5 | **ISAAC LARIAN** on the parties in this action as follows:

6

7      John W. Keker, Esq.
     Michael H. Page, Esq.
8      Christa M. Anderson, Esq.
     KEKER & VAN NEST, LLP
9      710 Sansome Street
     San Francisco, California 94111

10

11

12 | **BY MAIL:** I am "readily familiar" with the practices of Quinn Emanuel Urquhart Oliver & Hedges for collecting and processing correspondence for mailing with the United States Postal
13 | Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. I enclosed the foregoing in sealed envelope(s)
14 | addressed as shown above, and such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary
15 | business practices.

16      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.
17

     Executed on June 13, 2007, at Los Angeles, California.
18

19

20                 Elaine Chavarria

21

22

23

24

25

26

27

28

09819/2143538.1

Exhibit E, Page 164

1    **PROOF OF SERVICE**

2        I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3    Street, 10th Floor, Los Angeles, California 90017-2543.

4        On June 13, 2007, I served true copies of the following document(s) described as **MATTEL, INC'.S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**

5    **ISAAC LARIAN** on the parties in this action as follows:

6

7        Diana M. Torres, Esq.
         O'Melveny & Myers, LLP

8        400 South Hope Street
         Los Angeles, California 90071

9

10   **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)

11   being served.

12       I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

13

         Executed on June 13, 2007, at Los Angeles, California.

14

15

16                     DAVE QUINTANA

17

18

19

20

21

22

23

24

25

26

27

28