QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-9059 & CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Hon. Edward Infante (Ret.) Pursuant To Order Of December 6, 2006]**<br><br>MATTEL, INC.'S OPPOSITION TO MGA'S AND CARTER BRYANT'S JOINT MOTION TO COMPEL PRODUCTION OF PURPORTEDLY IMPROPERLY WITHHELD MATTEL DOCUMENTS<br><br>[Declarations of Timothy L. Alger and Michael Moore filed concurrently]<br><br>Date: T.B.D.<br>Time: T.B.D.<br>Place: T.B.D.<br><br>**Phase 1**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07975/2381811.1

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND FACTS........................................................................................... 1

    A.    Mattel Has Not Withheld Any Documents Because They Include "NHB" ............................................................................................................ 3

    B.    Mattel's Inadvertent Production of Bates Nos. M 0199767-68 and M 0199769-70............................................................................................. 3

    C.    MGA Failed to Meet and Confer Prior to Filing This Motion ................ 4

ARGUMENT............................................................................................................... 4

I.    DOCUMENTS M 0199767-68 AND M 0199769-70 ARE PROTECTED BY ATTORNEY-CLIENT PRIVILEGE ................................ 4

II.    MATTEL IS NOT WITHHOLDING FROM PRODUCTION ANY NON-PRIVILEGED "NHB" DOCUMENTS................................................... 7

CONCLUSION........................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

**Cases**

Dabney v. Lodge, Inc.,
    82 F.R.D. 464 (1979) .................................................................................. 6

First Chicago Int'l v. United Exch. Co.,
    125 F.R.D. 55 (S.D.N.Y. 1989) .................................................................. 7

Grace Cmty. Church v. Lenox Twp.,
    No. 06-13526, 2007 WL 2534179 (E.D. Mich. Aug. 31, 2007) ................. 8

In re M & L Bus. Mach. Co., Inc.,
    161 B.R. 689 (D. Colo. 1993) ..................................................................... 7

McCook Metals, L.L.C. v. Alcoa, Inc.,
    192 F.R.D. 242 (N.D. Ill. 2000) .................................................................. 6

Natta v. Zletz,
    418 F.2d 633 (7th Cir. 1969) ...................................................................... 6

United States v. Kovel,
    296 F.2d 918 (2d Cir. 1961) ....................................................................... 6

United States v. Martin,
    278 F.3d 988 (9th Cir. 2002) ...................................................................... 5

Upjohn Co. v. United States,
    449 U.S. 383 (1981) .................................................................................... 7

**Rules**

Local Rule 37-1 ................................................................................................ 1

**Preliminary Statement**

The two documents at issue on this motion (Bates Nos. M 0199767-68 and M 0199769-70) are quintessential attorney-client privileged communications.

One of the documents that MGA seeks to compel, Bates Nos. M 0199767-68, was prepared by a paralegal acting under the supervision of an in-house Mattel attorney, Michael Moore. Mr. Moore himself prepared the second document, Bates Nos. M 0199769-70. Mr. Moore transmitted both documents to outside counsel for Mattel, for the purpose of obtaining legal advice. Mattel's counsel did not reveal the two documents or their contents to anyone, except through the inadvertent production of the documents in discovery in this case.[1]

Both documents are protected by attorney-client privilege. The documents record and constitute confidential communications among counsel and their agents. Defendants' motion as to these documents should be denied.

Defendants' demand that Mattel search for and produce all "NHB" documents also should be rejected. Mattel has not withheld from production any non-privileged documents because they contain "NHB."

The motion should be denied in its entirety.

**Background Facts**

A. **The Documents At Issue**

While acting solely as Mattel's legal advisor, not in a business capacity, Mattel in-house counsel Michael Moore instructed Adelle Jones, a paralegal within Mattel's Law Department, to prepare the document stamped Bates No. M 0199767 -

---

[1] The inadvertent production of the two documents does not operate as a waiver of Mattel's privilege claims. Immediately upon discovering the inadvertent production, Mattel asked the parties, pursuant to the Stipulated Protective Order, to return and destroy all copies of the documents in their possession.

1  M 0199768 in 2003.[2] The document records information gathered by Ms. Jones at
2  Mr. Moore's request and outside counsel's request.[3] The document was transmitted
3  by Mr. Moore to outside legal counsel for purposes of obtaining legal advice.[4]

4     Mr. Moore himself created the document stamped Bates No.
5  M 0199769 - M 0199770.[5] It reflects his communications with and directions from
6  outside counsel regarding tasks to be performed.[6] The document also reflects
7  notations referring to communications with Jill Thomas, Mattel's Assistant General
8  Counsel, and outside counsel.[7] Mr. Moore also transmitted the document to outside
9  legal counsel for purposes of obtaining legal advice.[8]

10    Neither document Bates No. M 0199767 - M 0199768 nor Bates No.
11 M 0199769 - M 0199770 were created for any business reason, and they were not
12 disclosed to anyone outside the Mattel legal department or outside counsel.[9] The
13 only disclosure to a third party was the inadvertent production of the two documents
14 through discovery in this litigation, as discussed further below.[10] Mattel has not
15 intentionally waived, or intended to waive, at any time, the attorney-client privilege
16 with respect to documents Bates stamped M 0199767 - M 0199768 nor Bates No. M
17 0199769 - M 0199770.[11]

---

[2] Id. ¶ 4.
[3] Id.
[4] Id.
[5] Id. ¶ 5.
[6] Id.
[7] Id.
[8] Id.
[9] Id. ¶ 6.
[10] Id.
[11] Id.

B. **Mattel's Inadvertent Production of Bates Nos. M 0199767-68 and M 0199769-70**

Quinn Emanuel employs a team of attorneys to review documents in this case.[12] To date, these attorneys have reviewed many hundreds of thousands of documents and Mattel has produced in discovery nearly 900,000 pages of documents thus far.[13] Among those documents were Bates Nos. M 0199767 – M 0199768 and M 0199769 - M 0199770, which were among a very large quantity of electronic documents found on a Mattel database. They were produced unintentionally and without knowledge that privileged documents were being produced.[14]

On January 17, 2008, Mattel's counsel learned that documents stamped Bates Nos. M 0199767 - M 0199768 and M 0199769 - M 0199770 were produced inadvertently to the parties during discovery.[15] Pursuant to Section 13 of the Stipulated Protective Order, Mattel immediately wrote to the parties to request that they destroy all electronic versions of the documents, return all paper copies of the documents and certify compliance with Mattel's requests.[16]

C. **Mattel Has Not Withheld Any Documents Because They Include "NHB"**

Defendants attempt to make much of the use of "NHB" in the two documents and speculate that Mattel has not searched for or withheld documents

---

[12] Alger Dec. ¶ 3.
[13] Id.
[14] Id.
[15] Id. ¶ 4.
[16] Letter from Timothy Alger to Michael Page, Thomas Nolan & Mark Overland, dated Jan. 17, 2008, Alger Dec., Exh. 1.

because they use "NHB" instead of "MGA."[17] However, Mattel has not withheld from production any non-privileged document on the basis that it uses "NHB," and it has informed defendants' counsel of this.[18]

### D. MGA Failed to Meet and Confer Prior to Filing This Motion

MGA wrote to Mattel after business hours on Friday, January 18, 2008, to request a conference of counsel pursuant to the Stipulated Protective Order, which provides that a conference shall occur within five court days of a party's request.[19]

During the entire week of January 21, 2008, Mattel's counsel was preparing for and taking numerous depositions before the Phase I discovery cut-off on January 28, 2008.[20] Accordingly, Mattel proposed to MGA that the parties meet-and-confer on January 28, 2008, which was within the five-day window.[21] Rather than make any effort to confer that day, MGA filed this motion.[22]

### Argument

### I. DOCUMENTS M 0199767-68 AND M 0199769-70 ARE PROTECTED BY ATTORNEY-CLIENT PRIVILEGE

The Ninth Circuit defines the attorney-client privilege to include the following elements: "(1) When legal advice of any kind is sought (2) from a

---

[17] Documents Bates stamped M 0199767-68 and M 0199769-70 use the initials "NHB." It is a designation used by Mattel's in-house and outside counsel, either among themselves or in communication with their client. Moore Dec. ¶ 7.
[18] Declaration of Timothy L. Alger dated February 7, 2008 ("Alger Dec.") ¶¶ 2, 9.
[19] Letter from Marcus Mumford to Timothy Alger, dated Jan. 18, 2008, Alger Dec., Exh. 3.
[20] Alger Dec. ¶ 6.
[21] Letter from Timothy Alger to Marcus Mumford, dated Jan. 25, 2008, Alger Dec., Exh. 4.

professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be waived." United States v. Martin, 278 F.3d 988, 999 (9th Cir. 2002).

The two documents at issue in this motion are protected by the attorney-client privilege because all of the above elements are satisfied:

**Mattel Sought Legal Advice:** As stated in Mr. Moore's declaration, while acting solely as the company's legal advisor, Mr. Moore instructed a paralegal within Mattel's Law Department to prepare the document Bates stamped M 0199767-68. Mr. Moore transmitted the document to outside legal counsel for purposes of obtaining legal advice.

**From a Professional Legal Adviser:** At all times, Mr. Moore acted on behalf of Mattel solely in his legal capacity, and he consulted with outside legal counsel. Further, while Mr. Moore was acting as legal counsel to Mattel, when he communicated with outside legal counsel, he acted as an agent for Mattel. See Natta v. Zletz, 418 F.2d 633, 637 (7th Cir. 1969) (explaining communications between internal and external legal counsel "are essentially between the corporation and its outside attorneys"); McCook Metals, L.L.C. v. Alcoa, Inc., 192 F.R.D. 242, 255 (N.D. Ill. 2000) ("To the extent that the communications are between outside counsel and in-house counsel, these are considered communications between attorney and client, with the in-house counsel acting as agent for the corporate client.").

**Communications Were for the Purpose of Receiving Legal Advice:** The communications between Mr. Moore and outside counsel were for the purpose of providing professional legal advice to Mattel. The two documents at issue were

---

[22] Alger Dec. ¶ 7.

prepared either by Mr. Moore or a paralegal working under his supervision. They reflect and constitute communications between Mattel in-house counsel and outside counsel. See United States v. Kovel, 296 F.2d 918, 921 (2d Cir. 1961) (documents prepared by a paralegal acting as an agent of an attorney are protected by the attorney-client privilege); Dabney v. Lodge, Inc., 82 F.R.D. 464, 465 (1979) (communications with paralegal subordinates are protected by attorney-client privilege); First Chicago Int'l v. United Exch. Co., 125 F.R.D. 55, 57-8 (S.D.N.Y. 1989) (privilege applies to documents created at behest of external and internal legal counsel to "assess [the corporation's] legal options"); In re M & L Bus. Mach. Co., Inc., 161 B.R. 689, 693 (D. Colo. 1993) (privilege applies to memoranda prepared by bank's employees at request of bank's internal counsel to assess bank's potential liability).

**Communications Were Made in Confidence by the Client:** The documents were confidential and have not been disclosed to any third party, except for the inadvertent production in this case. Mattel immediately requested the return and destruction of the documents from the parties pursuant to the Protective Order upon learning that they had been produced inadvertently during discovery.

Defendants' assertion that document M 0199767-68 is discoverable because it contains a "summary of underlying facts" (Mot. at 8) is nonsensical. The documents were communications among counsel and reflect and constitute attorney communications. Such communications are fundamentally privileged. Upjohn Co. v. United States, 449 U.S. 383, 390 (1981) (attorney-client privilege protects "the giving of information to the lawyer to enable him to give sound and informed advice"); see also Order of January 9, 2008 (Discovery Master finding that communication of drawing between attorney and illustrator-agent protected by attorney-client privilege).

**Mattel Continues to Assert the Attorney-Client Privilege and Has Not Waived It:** Upon discovering that the documents had been produced

-6-
MATTEL'S OPPOSITION TO MGA'S MOTION TO COMPEL

1  inadvertently in discovery, Mattel immediately asked the parties to return and
2  destroy all copies in their possession pursuant to the Protective Order. Mattel has
3  not waived the privilege through the inadvertent production of the two documents in
4  discovery. See Grace Cmty. Church v. Lenox Twp., 2007 WL. 2534179, at *3, *5
5  (E.D. Mich. Aug. 31, 2007) (upholding privilege for inadvertently produced
6  document that was not marked "attorney-client privilege").[23]

## II. MATTEL IS NOT WITHHOLDING FROM PRODUCTION ANY NON-PRIVILEGED "NHB" DOCUMENTS

There is no basis for defendants' unfocused demand for an order compelling a search for "NHB" documents. Indeed, the Discovery Master previously has rejected as improper the kind of sweeping demand made here that is unmoored from any particular discovery requests. Further, Mattel is not withholding from production any non-privileged documents that contain "NHB."[24] Mattel has informed defendants of this.[25] Mattel agrees with defendants that an otherwise responsive document would not become non-responsive simply because it refers to "NHB." Illustrating this is a document that defendants used as an exhibit at the deposition of Robert Eckert, Bates No. M 0257834.[26]

Also meritless is defendants' assertion that they are entitled to all documents that might make reference to "NHB." The Discovery Master has already repeatedly rejected this contention. See, e.g., Order of May 22, 2007, at 17-19 (rejecting MGA's demand that Mattel produce documents "that merely mention

---

[23] The Stipulated Protective Order in this case makes clear that inadvertent production does not operate as a waiver. See Stipulated Protective Order, ¶ 13 (mandating the return of documents on demand, while reserving the other parties' right to challenge a claim of privilege after the return of the documents).
[24] Alger Dec. ¶ 2.
[25] Id. ¶ 9.
[26] Id. ¶ 2.

MGA, Larian, Bratz or other MGA products, regardless of whether or not they have anything to do with the claims and defenses in the case"). Mattel is not obligated to produce or log all documents that refer to MGA, whether or not the document uses "NHB."

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Discovery Master deny MGA's motion to compel in its entirety.

DATED: February 7, 2008

Respecfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Timothy L. Alger
Attorneys for Mattel, Inc.