THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California  90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
E-mail:      tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, 38th Floor
San Francisco, California  94111-5974
Telephone:  (415) 984-6400
Facsimile:   (415) 984-2698
E-mail:      rkennedy@skadden.com

Attorneys for Cross-Defendants
MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE De Mexico, S.R.L. De C.V., and ISAAC LARIAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>       Plaintiff,<br><br>  v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>       Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION OF MATTEL, INC. TO COMPEL PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED BY MGA, ISAAC LARIAN AND THIRD PARTY DAVID ROSENBAUM**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>**Phase 1:**<br>Discovery Cut-Off:  January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:  May 27, 2008 |

## MEMORANDUM OF POINTS AND AUTHORITIES

Mattel, Inc. ("Mattel") seeks production of documents that Mattel contends pertain to "MGA's contract with Bratz" and which have been withheld on privilege grounds. Mot. 1:3-5. Mattel asserts that the documents are not privileged because they involve communications with third parties. Mattel also incorporated its then-pending motion for an order finding an implied waiver of the privilege based on MGA's[1] and Isaac Larian's assertions of "good faith" affirmative defenses. Id. 7:12-9:17.

On the evening of February 5, Mattel abruptly withdrew its implied waiver motion. Accordingly, the present motion is now based solely on Mattel's claim that none of the documents enjoyed attorney-client or work product privilege to begin with. This abrupt and belated development has undermined MGA's and Mr. Larian's ability to offer a principled response.

MGA and Mr. Larian believe there are two groupings of documents that are clearly privileged.

One category consists of documents that bear entry numbers Nos. 14-16, 19-25, and 64-67 on the Rosenbaum Privilege Log. These are all e-mails that were prepared in September of 2000 when MGA was negotiating with Carter Bryant and his lawyer. Some of these documents were produced in redacted form. Others were withheld in their entirety. The documents, and portions of documents, that were not produced, all involve the seeking or rendering of legal advice by MGA. The withheld documents and redacted portions were not disclosed to third parties.

The other category consists of entries 1-8, 26-60, and 68 on the Rosenbaum Privilege Log. Those documents were all generated in 2001 *after* contract negotiations between MGA and Mr. Bryant were complete. Some of these documents were produced in redacted form. Others were withheld in their entirety.

---

[1] MGA Entertainment Inc., MGA Entertainment (HK) Limited, and MGAE De Mexico S.R.L. De C.V. will be referred to collectively herein as "MGA."

-1-

1  The portions that were not produced involve the solicitation, or provision, of legal advice concerning MGA's rights and obligations with respect to either Carter Bryant or Mattel.[2]  None of the withheld material was disclosed to third parties.

MGA and Mr. Larian are now in the process of reexamining the balance of the documents, in light of Mattel's withdrawal of its implied waiver motion, to determine whether there are documents they would be willing to produce voluntarily on an attorneys' eyes only basis provided production was not treated as a waiver of any privilege as to any other documents or matters.[3]  Preliminarily, they believe that entries nos. 9-13, 17-18 and 61-63 on David Rosenbaum's Privilege Log could be produced on that basis.  They are also evaluating whether the same could be done for the balance of the documents.

MGA and Mr. Larian will be filing a supplemental memorandum further addressing this point.  Meanwhile, if the Court so desires, they will make complete copies of any or all of the withheld, or redacted, documents available for *in camera* inspection by the Court.

DATED: February 7, 2008         SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP


By:  _____/s/ Raoul D. Kennedy_____
         RAOUL D. KENNEDY

Attorneys for Cross-Defendants
MGA Entertainment, Inc., MGA
Entertainment (HK) Limited,
MGAE De Mexico, S.R.L. De C.V.,
and ISAAC LARIAN

---

[2] In some of these (e.g., entry number 1), Mr. Larian is relating material to Patty Glaser at the Christensen, Glaser law firm that may appear to be a recitation of fact but is actually his partially inaccurate reiteration of what Mr. Larian was told by Mr. Rosenbaum, another of his lawyers.  MGA can provide further explanation if the Court so desires.

[3] In addition to producing the documents, MGA would also amend its privilege logs to delete those documents.