QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Hon. Stephen G. Larson<br><br>MATTEL, INC.'S REPLY IN SUPPORT OF ITS OBJECTION TO THE DISCOVERY MASTER'S JANUARY 11, 2008 ORDER<br><br>Date:  February 11, 2008<br>Time:  10:00 AM<br>Place:  Courtroom 1<br><br>**Phase 1**<br>Hearing Date:         Feb. 11, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date:           May 27, 2008 |

Each of the four grounds Mattel identified in its Objection -- the Order's conflicts with the Protective Order, Magistrate Judge Block's prior Order, and Federal Rules 26 and 30 -- constitute legal errors reviewable by this Court. These legal issues are reviewed <u>de novo</u>, not for "abuse of discretion," as MGA/Bryant claims. <u>See</u> 28 U.S.C. § 636(b)(1); <u>Grimes v. City and County of San Francisco</u>, 951 F.2d 236, 241 (9th Cir. 1991). As set forth below, MGA/Bryant's Opposition ("Opp.") concedes that three of Mattel's objections have merit, and the fourth is consistent with both the law and positions taken by MGA/Bryant in a recent filing.

A.  **Having Put Mattel to the Burden of Filing Objections, MGA/Bryant Now Concedes that Mattel's First Three Grounds for Objecting Are Meritorious.**

In its 14-page opposition, MGA/Bryant does not get around to addressing Mattel's four grounds for objecting until page 8.[1] And when it does, after calling them "frivolous," it concedes that three of them are well taken.

Although it forced Mattel to file this Objection by rejecting Mattel's proposed clarifying changes to the Order, MGA now concedes each of the following:

• <u>The Order does not require Mattel's witnesses to parrot back discovery material, including material governed by the Protective Order.</u> -- Having rejected Mattel's proposed language that would make clear the Order did not purport to require Mattel to violate the Protective Order, MGA/Bryant now belatedly agrees

---

[1] MGA/Bryant devotes most of its Opposition to arguing that Mattel's Objection was impermissibly "delayed" or "pretext for delay." Opp. at 8. Mattel will not waste time addressing accusations of "delay" in connection with an Objection that MGA/Bryant concedes is both largely meritorious and timely. <u>See</u> Opp. at 8 (citing ten-day objection provision of Fed. R. Civ. Proc. 72(a)).

with Mattel on this point.  See Opp. at 11 ("Mattel suggests that MGA and Bryant have demanded that it prepare witnesses to testify based on information [ob]tained in discovery subject to the "Attorneys' Eyes Only provision of the Stipulated Protective Order.  This is not the case.").  MGA/Bryant mis-cites United States v. Taylor, 166 F.R.D. 356, 363 (M.D.N.C. 1996), as support for the proposition that Mattel should be required to educate witnesses on the results of all non-"Attorneys' Eyes Only" discovery.  To the contrary, that case only required that defendant's Rule 30(b)(6) witnesses review certain discovery materials identified by plaintiff to formulate its corporation position, id. at 365, and further made clear that "[s]ome inquiries are better answered through contention interrogatories," a method MGA/Bryant has already employed extensively in these cases.  Id. at 362 n.7.

There is no support for any suggestion that Mattel is required to undertake the pointless exercise of educating its witnesses on information obtained solely from MGA/Bryant and others in discovery.  This is information MGA/Bryant are already aware of because they produced it.  As MGA/Bryant itself argued in a filing last month, it would be legal error to require Rule 30(b)(6) witnesses to recite the content of the other side's document productions and other matters more suited for contention interrogatories; indeed their argument is even more broad than that. See MGA/Bryant January 2008 Motion for Protective Order, Declaration of Tamar Buchakjian ("Buchakjian Decl.") Ex. B, at 15 ("Rule 30(b)(6) depositions should not be used in the place of contention interrogatories to obtain the factual support of a party's claims and defenses."); see also McCormick-Morgan, Inc. v. Teledyne Industries, Inc., 134 F.R.D. 275, 288 (N.D. Cal. 1991) (parties to complex litigation must pursue the bases for the other's contentions through "appropriately framed and timed contention interrogatories" and not through 30(b)(6) depositions).

The Court should modify the Order to make clear that Mattel does not have to educate its witnesses on information obtained solely through discovery from

MGA/Bryant and others -- clearly including "Attorneys' Eyes Only" material and other discovery materials.

- <u>The Order does not purport to overturn Magistrate Judge Block's Order resulting from the March 15, 2005 meet and confer session.</u> -- MGA/Bryant also concedes that they are bound by their prior agreements, so-ordered by Magistrate Judge Block.  Opp. at 12 ("[T]hese Rule 30(b)(6) topics should be understood in light of the parties' March 15, 2005 meet and confer session, at which Bryant clarified that he sought only testimony regarding the factual underpinnings of Mattel's claims.").[2] The Court should modify the Order to make clear that it incorporates Magistrate Judge Block's May 4, 2005 Order, including its limitation that Mattel is required to provide testimony only as to facts, not legal contentions.

- <u>The Order does not compel discovery outside the scope of the parties' claims and defenses.</u> -- Again, having rejected Mattel's proposed language that would make clear the Order did not purport to require Mattel to educate witnesses as to information "not relevant to any claim or defense," MGA/Bryant now concedes this is the case.  <u>See</u> Opp. at 12-13 ("The scope of all discovery is subject to Rule 26 of the Federal Rules of Civil Procedure, and Judge Infante's order does not purport to depart from that standard.").  The Court should modify the Order to make clear that Mattel does not have to educate its witnesses on matters not relevant to any claim or defense.

---

[2]  MGA/Bryant makes the half-hearted argument that Mattel has "forfeited" the right to the prior limitations because it did not appeal a January 30, 2007 Order involving some of the topics at issue here.  <u>See</u> Opp. at 10 & n.32.  MGA/Bryant neglects to inform the Court that the January 2007 Order itself, which MGA/Bryant failed to submit, makes clear those topics are to be "as limited by Mattel's May 16, 2005 letter."  Buchakjian Decl. Ex. A.

### B. MGA's Own Recent Filings Confirm the Merit of Mattel's Fourth Objection.

MGA/Bryant argues vigorously with respect to Mattel's fourth objection -- knowing that it would be impossible for Mattel to educate a single witness to testify to all the information called for by several of its broad Rule 30(b)(6) topics.[3] Significantly, MGA/Bryant does not cite a single case in which any court sought to modify Federal Rule 30's provision that a party may designate more than one Rule 30(b)(6) witness. To the contrary, the primary case MGA/Bryant cites regarding the scope of Rule 30(b)(6) duties, Alexander v. FBI, 186 F.R.D. 148 (D.D.C. 1999), see Opp. at 9, makes clear that "the designating party is under the duty to designate more than one deponent if it would be necessary to do so in order to respond to the relevant areas of inquiry." Id. at 151 (emphasis added) (citing Fed. R. Civ. P. 30(b)(6)). It was legal error for the Order to purport to override the provisions of Federal Rule 30.

Further, the Order's attempt to rewrite Rule 30 is extremely prejudicial to Mattel. The problems with depriving Mattel of its Rule 30 right to designate more than one witness per topic are identified in MGA/Bryant's own January 2008 Motion for a Protective Order seeking to avoid Mattel's Rule 30(b)(6) discovery. See Buchakjian Decl. Ex. B. There, MGA/Bryant argued that "Rule 30(b)(6) witnesses are human beings, not computers" and cited cases as support for the proposition that "'no one human being can be expected to set forth, especially orally at a deposition, a fully reliable and sufficiently complex account of all the bases for

---

[3] Even with the requested modifications carving out discovery material, legal contentions, and irrelevant information, some topics -- for example, Topic 11 ("All facts and circumstances showing the conception, origination, creation, development and/or reduction to practice of 'DIVA STARZ.'")-- are simply not capable of coverage by a single witness.

1  the contentions made and positions taken.'" Id. at 3, 22 (quoting McCormick-
2  Morgan, Inc. v. Teledyne Indus., Inc., 134 F.R.D. 275, 286 (N.D. Cal. 1991)). The
3  limitations on human memory identified by MGA/Bryant apply just as much to
4  Mattel's witnesses as those of MGA/Bryant. No single person can fairly be
5  expected to testify to all facts on such breathtakingly broad topics as

> All acts, omissions, circumstances and/or evidence showing, or
> tending to show, that any and all products of MGA, including
> but not limited to, any and all products sold under the trade
> name "Bratz," originated from, were derived from, are based
> upon, copies, incorporates, or is substantially or confusingly
> similar to any design or work product owned at any time by
> Mattel or created by Bryant during the time Bryant was
> working for Mattel.

Bryant Rule 30(b)(6) Notice, Topic 13. That topic could be read to virtually encompass all the evidence in Phase 1(a) of this case.[4] This is why Rule 30 unequivocally affords parties a right to designate more than one witness for complex topics.

MGA/Bryant's absurdist position that allowing Mattel its rights under Rule 30 would result in Mattel "designat[ing] each and every one of its officers, directors, and employees on each of the deposition topics at issue here," Opp. at 9, should not influence the Court. Assuming the topics are limited and construed in the manner consistent with the parties' so-ordered stipulation, Mattel would expect that it will produce no more than 3 or 4 additional witnesses total to testify in response to these topics.

---

[4] Ironically, MGA/Bryant's filing also takes the position that topics using "included but not limited to" language are "defective on their face," see Buchakjian Decl. Ex. B at 15. MGA/Bryant's Topics 8, 13, and 24, at issue on this Objection, are all "defective" under this standard.

## II. CONCLUSION

The Court should modify the Discovery Master's January 11, 2008 Order to make clear that

(i) as MGA/Bryant concedes, Opp. at 11-12, the Order does not require testimony as to material produced in discovery by MGA/Bryant or third parties, including, but not limited to, material designated "CONFIDENTIAL-ATTORNEYS EYES ONLY" under the Court's Protective Order;

(ii) as MGA/Bryant concedes, Opp. at 12, the Order incorporates Magistrate Judge Block's May 4, 2005 Order, including its limitation that Mattel is required to provide testimony only as to facts, not legal contentions;

(iii) as MGA/Bryant concedes, Opp. at 13, the Order does not require testimony not relevant to any claim or defense; and

(iv) Mattel has the right to educate and produce one or more witnesses per topic, as set forth in Federal Rule 30(b)(6).

DATED: February 8, 2008      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By___/s/ Jon D. Corey_____
Jon D. Corey
Attorneys for Mattel, Inc.