1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:  (213) 443-3100

8   Attorneys for Mattel, Inc. and Richard De Anda

9

10                 UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                        EASTERN DIVISION

| | |
|---|---|
| 13  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 14          Plaintiff, | Consolidated with |
| 15          vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 16  MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| 17          Defendant. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order of December 6, 2006]** |
| 18 | |
| 19  AND CONSOLIDATED ACTIONS | OPPOSITION TO MGA'S MOTION TO OVERRULE MATTEL'S AND RICHARD DE ANDA'S OBJECTIONS TO SUBPOENA AND TO COMPEL DISCOVERY |
| 20 | |
| 21 | |
| 22 | |
| 23 | [Declarations of Jon. D. Corey and Richard De Anda filed concurrently] |
| 24 | |
| 25 | Date:   TBA<br>Time:   TBA<br>Place:  TBA |
| 26 | |
| 27 | **Phase I**<br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |
| 28 | |

07209/2376581.1

MATTEL'S OPPOSITION TO MGA'S MOTION TO OVERRULE OBJECTIONS TO DE ANDA SUBPOENA

**Preliminary Statement**

MGA's Motion to Compel seeks wide-ranging discovery related to Mr. De Anda and his investigative and security services company, Richard N. De Anda Associates. That discovery should be denied for three reasons. First, MGA once again has failed to comply with the <u>Local Rules</u> and this Court's prior orders regarding the scope of permissible discovery. Second, the requests seek documents that are entirely irrelevant to the claims and defenses at issue in this litigation. Indeed, many of MGA's requests seek documents that have nothing to do with the subject matter of this suit, which do not even exist, and arise from events that never happened. Third, MGA's overbroad requests would require Mr. De Anda to breach his professional obligations under California law and impermissibly impinge on the statutory privacy rights of his firm's clients, in violation of the constitutional guarantees of both the State of California and the United States.

**Argument**

## I. THE COURT SHOULD DENY MGA'S MOTION BASED ON ITS FAILURE TO COMPLY WITH LOCAL RULE 37 AND THIS COURT'S PRIOR ORDERS

MGA impermissibly makes blanket arguments to compel production of discovery to which it is not entitled. MGA's motion seeks an order overruling Mattel's and De Anda's objections and compelling the production of documents which MGA claims are relevant to MGA's "statute-of-limitations and laches defenses" and the proper "interpretation of the employee agreements and policies at issues in this case." (Mot. at 1.) But rather than respond directly to the specific objections raised by Mattel and De Anda in their January 14, 2008 Objections and

1  Responses,[1] MGA instead ignores them by summarily characterizing them as
2  "blanket objection[s]."  (Mot. at 1.).  The Discovery Master has rejected this type of
3  imprecise argument for overbroad relief time and again.[2]  Mattel's objections to
4  MGA's various discovery requests are often similar because MGA's requests all
5  present common deficiencies.  Most of the requests seek disclosure of privileged
6  information and are unbounded by any reasonable limitation at to time or subject
7  matter,—for example, seeking all communications relating to MGA or Larian.[3]  This
8  Court has repeatedly instructed MGA that just because a document may reference
9  MGA or Larian does not make it relevant.[4]  In fact, numerous MGA discovery
10 requests which require the production of documents that "merely mention MGA,
11 Larian, Bratz, or other MGA, products regardless of whether or not they have
12 anything to do with the claims and defenses in this case" have been found "grossly
13 overbroad."

14         Compounding its failure to particularize its motion, MGA has also failed to
15 comply with the Local Rules, which require that motions compelling further

16

17 _____

18 [1]  See Mattel, Inc.'s and Richard De Anda's Objections and Responses to MGA
    Entertainment, Inc.'s Subpoena to Richard De Anda, dated January 14, 2008
19 ("Mattel's Objections"), attached as Exhibit 3 to the Declaration of Marcus R.
    Mumford in Support of MGA's Motion to Overrule Mattel's and Richard De Anda's
20 Objections to Subpoena and to Compel Discovery ("Mumford Decl.").

21 [2]  See, e.g., Transcript of January 3, 2008 Hearing, at 42:17-43:1, attached as
22 Exhibit 1 to the concurrently filed Declaration of Jon D. Corey ("Corey Decl.")
    (indicating that the Court would not compel discovery on a blanket basis and denying
23 request to supplement all responses).

24 [3]  See, e.g., Request for Production No. 1, Mumford Decl., Exh. 3 (requesting
25 "All communications and/or documents referring or relating to MGA, Isaac Larian or
    any member of his family, and/or Carter Bryant.").

26 [4]  Order Granting in Part and Denying in Part MGA's Motion to Compel
27 Documents Responsive to First Set of Requests for Production of Documents Dated
28 November 22, 2006 ("May 22, 2007 Order"), at 18, Corey Decl., Exh. 2.

1  responses to general discovery requests be supported by a document setting forth
2  either the specific requests or specific question, and any specific objections, so that
3  the Discovery Master will have both precision and context for such rulings. Central
4  District Local Rule 37-2.1; see, e.g., Ballard v. U.S., 2007 WL 4794101, at *2 (C.D.
5  Cal. Aug. 8, 2007). MGA has failed to do so, and MGA's motion should be denied
6  for this reason alone.[5]

7  **II.   MGA'S REQUEST FOR PRODUCTION NOS. 1, 2, 3, & 4 SHOULD BE**
8      **DENIED AS THEY SEEK DOCUMENTS WHICH DO NOT EXIST**
9      **RELATING TO EVENTS THAT NEVER HAPPENED**

10      MGA's Requests for Production Nos. 1, 2, 3, and 4 seek various documents
11  related to any investigations of MGA, Larian or Bryant, personally undertaken by Mr.
12  De Anda, or his firm, independent of those undertaken as Vice President of Global
13  Security at Mattel. MGA's argues that "whether and when De Anda or his private
14  investigation firm conducted an investigation of MGA, Larian or Bryant, and what
15  was discovered" is directly relevant to the claims and defenses at issue in this
16  litigation. (Mot. at 4-5.)

17      The Discovery Master need not consider this argument, because no such
18  documents exist, as MGA is already aware. The objections make clear that Mr. De
19  Anda "possesses no responsive documents in his personal files."[6] Neither Mr. De
20  Anda, nor his firm, ever undertook any investigation of MGA, Isaac Larian or Carter

21  _____

22  [5] Further, MGA's suggestion that Mattel refused to meet and confer is incorrect,
23  as Mattel did not have an adequate opportunity to respond to MGA's request for an
    "expedited" meet and confer. See Corey Decl. ¶ 2.

24  [6] Mattel's Objections to Requests No. 1, 3, 4, Mumford Decl., Exh. 3. As set
25  forth in Mattel's objections, Mattel has already produced "[n]on-privileged,
26  responsive documents" relating to such investigations from Mattel's Global Security
    files. See id. As the Court is familiar, these files have been the subject of a number of
27  MGA's discovery motions. If MGA seeks those documents by this subpoena, then it
28  should be denied as duplicative. Fed. R. Civ. P. 26(b)(2)(c).

07209/2376581.1

1  Bryant.[7]  Indeed, MGA's motion concedes as much, noting that "[De Anda] had no

2  knowledge of any investigation he had conducted or approved in his own time of

3  MGA, Isaac Larian or Carter Bryant" and offering not one shred of evidence

4  suggesting that any such investigations ever occurred.[8]  (Mot. at 1.)  Based on this

5  concession, MGA had no good faith basis to move to compel De Anda to produce

6  documents it had no reason to believe exist.  MGA's motion is thus not only

7  misplaced and groundless—it is abusive.  To the extent that MGA's requests are

8  intended (as they say they are) to determine "whether and when" Mr. De Anda or his

9  firm conducted such investigations, then MGA already has its answers: respectively,

10  "no," and "never."[9]

11  **III.    MGA'S REQUEST FOR PRODUCTION NO. 11 RELATING TO DE**

12  **ANDA'S EMPLOYMENT RELATIONSHIP WITH MATTEL SHOULD**

13  **BE DENIED**

14        MGA seeks documents regarding Mr. De Anda's outside work in the

15  misguided surmise that it is relevant to Mattel's policies and, presumably, in the

16  hopes that it might serve to mitigate the wrongfulness of Carter Bryant's extra-

17  contractual misdeeds and MGA's complicity in them.  Thus, MGA argues that the

18  documents sought are "relevant to the interpretation of the same or similar Mattel

19

20    [7]   See Declaration of Richard M. De Anda ("De Anda Decl.") ¶ 4.

21    [8]   Nor is it likely that any documents relating to the Mattel investigations might
      have inadvertently found their way into De Anda's personal files or those of his firm,
22    as Mr. De Anda's testimony made clear that such files were kept segregated, with
      Mattel files in at Mattel, and De Anda's files at his home.  See De And Depo. Tr.
23    100:6-13; 304:17-306:19, Corey Decl., Exh. 4.  Of course, as Mr. De Anda has
      confirmed that his personal files, less than six inches of documents, contain no such
24    documents.  See De Anda Decl. ¶ 5.  MGA's speculation is just that.
25
      [9]   MGA's suggestion that the Discovery Master has already overruled objections
26    on this issue is not only wrong, but is nothing more than a red herring.  The January 3
      hearing focused on the relevancy of certain evidence to MGA's claims and defenses,
27    but means little when no such evidence exists.
28

07209/2376581.1

1  employee agreements that are at issue in this litigation." (Mot. at 5.)  The premise of

2  MGA's relevancy argument is that Mr. De Anda "disregarded purported [Mattel]

3  policy of obtaining written authorization to engage in secondary employment," and

4  that by so "disregarding" Mattel's policy, his employment agreement is allegedly

5  relevant.  (Mot. at 2.)  The premise, however, is false, as Mr. De Anda has written

6  authorization to consult and provide expert witness services.[10]

7          MGA has not shown, nor can it, that Mr. De Anda's and Carter Bryant's

8  employee agreements are similar.  Unlike Bryant, and consistent with Mattel policy,

9  Mr. De Anda had express written authorization from Mattel to engage in non-

10  competitive investigative activities outside of his responsibilities to Mattel.  Alan

11  Kaye, a Mattel Senior Vice-President responsible for Human Resources, noted on Mr.

12  De Anda's engagement letter that he remained eligible to serve as a security

13  consultant or expert witness, so long as it did not conflict with Mattel's business.[11]

14  By contrast, Mr. Bryant's agreement expressly prohibited him from engaging in

15  conflicting outside business activities without Mattel's prior written consent, which he

16  did not obtain:

17       "My employment with the Company requires my undivided attention
18       and efforts. . . . I shall not, without the Company's express written
19       consent, engage in any employment or business other than for the
     company, or invest in or assist (in any manner) any business competitive
20       with the business or future business plans of the Company."[12]

21

22

23  [10]  At his deposition, Mr. De Anda could not recall whether he had received
written authorization, or just verbal authorization to consult.  See De Anda Tr.
24  140:13-18, Mumford Decl., Exh. 1; De Anda Decl. ¶2.  He, unlike Bryant, testified
25  that he disclosed his activities before joining.  See id.
[11]  See De Anda Decl. ¶ 2; October 21, 1997 Letter of Engagement, De Anda
26  Decl., Exh. B.

27  [12]  See Employee Confidential Information and Inventions Agreement, dated
28  January 4, 1999, Corey Decl., Exh. 3.

1  The two employee's circumstances—as well as the nature of their employment
2  relationships with Mattel—are so markedly different, that neither offers any insight
3  into the other.  Accordingly, the basic premise behind MGA's request, that De Anda
4  breached Mattel policy by having secondary employment, fails.

5          Moreover, to the extent that Mr. De Anda's employment relationship had any
6  marginal relevance, MGA's request remains objectionable given its gross overbreadth
7  and vagueness in requiring all documents or communications "relating to De Anda's
8  employment with Mattel."[13]  As such, the objections to MGA's Request for
9  Production No. 11 should be upheld, and MGA should be precluded from seeking
10  this discovery.

11  **IV.    MGA'S REQUESTS FOR PRODUCTION SEEK NON-RELEVANT**
12  **MATERIALS PROTECTED BY THE ATTORNEY-CLIENT AND**
13  **WORK PRODUCT PRIVILEGES WHICH NEED NOT BE LOGGED**

14          Many of MGA's requests would also call for the production of materials that
15  are shielded from disclosure under the attorney-client and work product privileges.
16  For example, Request No. 5 (which inquires into the investigative services provided
17  by Mr. De Anda) and Request No. 10 (which inquires into Mr. De Anda's work as a
18  consultant and expert) would undoubtedly raise significant privilege concerns, given
19  that Mr. De Anda's client's frequently include law firms or otherwise relate to legal
20  issues.[14]  MGA argues that this assertion of privilege is improper because it is
21  unaccompanied by a privilege log. (Mot. at 6).  This argument is unpersuasive
22  because while it is true that *relevant* privileged must be logged, Mr. De Anda does
23  not personally have any relevant materials relating to the claims and defenses at issue
24
25

26  [13]   MGA's Request for Production No. 11, Mumford Decl., Exh. 3.
27  [14]   See, e.g., De Anda Depo Tr. 98:18-100:2, Corey Decl., Exh. 4; De Anda Decl.
28  ¶ 6.

1    in this litigation.[15] His personal files or those of his firm—which relate to his

2    authorized consulting and investigative services or his appearance as an expert—are

3    irrelevant.[16] If the Discovery Master determines that they are relevant (and they are

4    not) then they will be logged. But it has never been any parties' practice to log

5    irrelevant materials, nor should it be condoned. See, e.g. Southern Scrap Material

6    Co. v. Fleming, 2003 WL 22415995, *6 (E.D. La. Oct. 21, 2003) (denying motion to

7    compel and finding that irrelevant materials need not be placed on privilege log); In

8    re Circle K Corp., 1996 WL 529399, *8 (Bankr. S.D.N.Y. May 30, 1996) (noting that

9    a party should not be required to "undertake the burdensome and entirely unnecessary

10   task of preparing a privilege log with respect to many documents that are totally

11   irrelevant to the issues in the lawsuit").

12   **V.    MGA'S REQUESTS FOR PRODUCTION NOS. 5, 6, 7, 8, 9 & 10**

13         **REGARDING MR. DE ANDA'S AND HIS FIRM'S INVESTIGATIONS**

14         **SHOULD BE DENIED**

15       MGA's Requests for Production Nos. 5, 6, 7, 8, 9, 10 seek wide-ranging,

16   abusive discovery regarding Mr. De Anda personally and his firm, Richard N. De

17   Anda Associates. These requests are facially defective. They seek every document

18   that Mr. De Anda has related to his consulting or investigation. They are neither

19   reasonably limited in time nor directed to specific claims or defenses. As such, they

20   are overly broad and the motion must be denied as to these requests.

21       Mr. De Anda is also a licensed private investigator.[17] He operates an

22   investigative and security services company, and is its sole employee.[18] Through his

23

---

24    [15]   See Mattel's Objections to Request Nos. 1, 3, 4, Mumford Decl., Exh. 3

25   (stating that De Anda does not possess any responsive documents).

26    [16]   See May 22, 2007 Order, at 18, Corey Decl., Exh. 2 (noting that in order for a

27   request to be relevant, the requests must be specifically linked to the claims and defenses at issue).

28    [17]   See De Anda Tr. 27:13-15, Corey Decl., Exh. 4; De Anda Decl. ¶ 2.

1 activities as an investigator, he is frequently in possession of private, proprietary,

2 confidential or otherwise sensitive client information.[19]  These investigations include

3 matters which are, at times, deeply personal, including for example, an investigation

4 related to the sexual assault of a minor.[20]

5      California's <u>Private Investigator Act</u> mandates that an investigator "shall not

6 divulge to any other person, except as he or she may be required by law so to do, any

7 information acquired by him or her except at the direction of the employer or client

8 for whom the information was obtained." <u>Cal. Bus. & Prof. Code</u> § 7539(a); <u>see also</u>

9 8 Rutter, <u>Cal. Practice Guide</u> § 315.15 ("Private investigators are prohibited by law

10 from divulging information developed during the course of an investigation for a

11 client.").

12      Yet, that is exactly what MGA's broadly framed requests would require.  For

13 example, Request No. 5 seeks all extant information regarding any and all of the

14 services provided by Mr. De Anda's business:

15     ALL COMMUNICATIONS and/or DOCUMENTS REFERRING OR
RELATING TO the nature of the services or products provided by
16     YOU, and the names of any other owners, partners, proprietors,
17     members, officers, directors, representatives, employees or consultants,
including any past or present officers, directors, agents employees,
18     representatives, consultants, attorneys, parents, subsidiaries, divisions,
19     affiliates, predecessors-in-interest, entities and persons acting in joint
venture or partnership relationships with YOU, and any others acting on
20     YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

21

22 Because there is no meaningful distinction between disclosing documents "related" to

23 the "nature of the services provided," this request seeks disclosure of the services

24 actually provided by Mr. De Anda.  Full compliance with the request, which is

25 _____

26   [18]  <u>See</u> De Anda Decl. ¶ 6.

27   [19]  <u>See</u> De Anda Decl. ¶ 6.

28   [20]  <u>See</u> De Anda Decl. ¶ 6.

-8-

1  neither limited by time nor subject matter, would require the disclosure nearly every
2  communication or document related to *any and all* of Mr. De Anda's private
3  investigations, as well as every participant involved. The other related requests—
4  seeking such information as Mr. De Anda's time records,[21] financial information,[22]
5  including payments from clients, and his client agreements[23]—would undoubtedly
6  require Mr. De Anda to divulge the private confidential matters of his clients.[24]
7         Disclosure of such matters would violate not only Mr. De Anda's professional
8  obligations under California law, but also implicate his clients' firmly rooted
9  "inalienable right to privacy" provided by both the Californian and United States
10  Constitutions.[25] MGA ignores these important principles, arguing instead such
11  concerns are "without merit" and that harm caused by disclosure would be mitigated
12  by the Protective Order entered into by the parties. (Mot. at 7.) But ultimately,
13  whether disclosure of private confidential information is warranted, depends on a
14  balancing of the privacy interests against the importance of the discovery and the

15

16  [21]  See Request for Production Nos. 6 & 7, Mumford Decl., Exh. 4.

17  [22]  See Request for Production No. 8. Disclosure of these records would implicate
18  not only Mr. De Anda's clients' confidential information, but also his own privacy
    interests. Given that Mr. De Anda is not a party to this action, and the utter lack of
19  relevance of his financial records, disclosure is not warranted. See Valley Bank of
20  Nev. v. Sup. Ct., 15 Cal. 3d 652, 658 (1975).

21  [23]  See Request for Production Nos. 9 & 10.

22  [24]  MGA's overbroad requests would surely result in a breach of client
    confidences because it would likely disclose information obtained during the course
23  of an investigation. See Flynn v. Superior Court, 57 Cal. App. 4th 990, 995-996
24  (1997) (holding that identity of client not protected but information obtained during
    investigation is protected).
25  [25]  Calif. Const. Art. 1 § 1; see also Griswold v. State of Conn., 381 U.S. 479, 484
26  (1965). During his deposition, Mr. De Anda stated exactly this principle, noting that
    he could not disclose certain information because of his clients' privacy interests. See
27  De Anda Tr. at 107:6-23, Corey Decl., Exh. 4. At the time, at least, MGA's counsel
28  appeared to recognize this limitation. See id.

1   public interest in disclosure. <u>See</u> <u>Garstang v. Superior Court</u>, 39 Cal. App. 4th 526,
2   532 (Cal. Ct. App. 1995) (denying discovery request because the right of privacy may
3   be "abridged only when there is a compelling and opposing state interest"). Given the
4   utter lack of relevance of Mr. De Anda's unrelated investigations to this proceeding,
5   coupled with the substantial privacy interests implicated, the balance weighs heavily
6   against disclosure.[26] Finally, contrary to MGA's argument, the existence of a
7   protective order does not absolve Mr. De Anda of his statutory obligations to preserve
8   the confidences of third parties.

9                           **Conclusion**

10          For the foregoing reasons Mattel respectfully requests that the Court uphold

11   Mattel's objections and deny MGA's motion to compel discovery.

12

13   DATED:  February 7, 2008          QUINN EMANUEL URQUHART OLIVER &
14                                     HEDGES, LLP
15
                                       By  Jon D. Corey  /2DK
16                                          Jon D. Corey
17                                          Attorneys for Mattel, Inc.

18

19

20

21

22

23

24

25   _____
26   [26]   Moreover, MGA's argument is belied by its own recent assertions of "privacy"
     to shield disclosure of relevant communications.  <u>See, e.g.,</u> MGA's January 25, 2008
27   Privilege Log Entry No. 2147 and 2148, at 241-42, Corey Decl., Exh. 5 (stating
28   documents "to be redacted for privacy").