QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order of December 6, 2006]**<br><br>SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO MGA'S MOTION TO OVERRULE MATTEL'S AND RICHARD DE ANDA'S OBJECTIONS TO SUBPOENA AND TO COMPEL DISCOVERY<br><br>Date:   TBA<br>Time:   TBA<br>Place:   TBA<br><br>**Phase I**<br>Discovery Cut-off:  January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2378573.1

## SEPARATE STATEMENT

Mattel, Inc. ("Mattel") respectfully submits this Separate Statement in Opposition to MGA's Motion to Overrule Mattel's and Richard De Anda's Objections to Subpoena and to Compel Discovery.  For the Discovery Master's convenience Mattel sets forth verbatim for each of discovery requests at issue, Mattel's and Richard De Anda's Objections, MGA's reasons why such discovery should be compelled, and Mattel's and Richard De Anda's further response in opposition.

## MGA'S REQUEST FOR PRODUCTION NOS. 1, 2, 3, & 4

MGA'S REQUEST FOR PRODUCTION NO. 1:

All COMMUNICATIONS and/or DOCUMENTS REFERRING OR RELATING TO MGA, Isaac Larian or any member of his family, and/or Carter Bryant.

MATTEL'S AND RICHARD DE ANDA'S OBJECTIONS TO REQUEST FOR PRODUCTION NO. 1:

In addition to the general objections stated above and incorporated herein by reference, Mattel and Mr. De Anda object to Request No. 1 on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents relating to these individuals and entities, regardless of whether such documents relate to matters at issue in this case, and seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel and Mr. De Anda further object to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel and Mr. De Anda further object to this Request on the grounds that it is vague and ambiguous.  Mattel and Mr. De Anda further object to this Request on the grounds that it seeks confidential, proprietary and trade secret

1    information, including such information that has no bearing on the claims or defenses
2    in this case.

3         Non-privileged, responsive documents located after a reasonable search and
4    diligent inquiry relating to the claims and defenses in this action and consistent with
5    the Court's prior rulings have been produced from Mattel's Global Security
6    Department.  Richard De Anda possesses no responsive documents in his personal
7    files.

8

9    <u>MGA'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 1:</u>
10        None provided.

11

12   <u>MATTEL'S AND RICHARD DE ANDA'S FURTHER OBJECTIONS AND</u>
13   <u>RESPONSES IN OPPOSITION TO REQUESTS NO. 1:</u>
14        See below.

15

16   <u>MGA'S REQUEST FOR PRODUCTION No. 2:</u>

17        All COMMUNICATIONS and/or DOCUMENTS REFERRING OR
18   RELATING TO YOUR hiring or retention, including but not limited to by MATTEL,
19   in relation to MGA, Isaac Larian or any member of his family, and/or Carter Bryant.

20

21   <u>MATTEL'S AND RICHARD DE ANDA'S OBJECTIONS TO REQUEST FOR</u>
22   <u>PRODUCTION NO. 2:</u>

23        In addition to the general objections stated above and incorporated herein by
24   reference, Mattel and Mr. De Anda object to Request No. 2 on the grounds that it is
25   overbroad and unduly burdensome, including in that it seeks all documents on this
26   subject, regardless of whether such documents relate to matters at issue in this case,
27   and seeks documents that are not relevant to this action or likely to lead to the
28   discovery of admissible evidence.  Mattel and Mr. De Anda further object to this

-2-

Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel and Mr. De Anda further object to this Request on the grounds that it is vague, ambiguous and incomprehensible such that they cannot frame a response to this Request. Mattel and Mr. De Anda further object to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.

MGA'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 2:

None provided.

MATTEL'S AND RICHARD DE ANDA'S FURTHER OBJECTIONS AND RESPONSES IN OPPOSITION TO REQUESTS NO. 2:

See below.

MGA'S REQUEST FOR DOCUMENTS No. 3:

All COMMUNICATIONS and/or DOCUMENTS REFERRING OR RELATING TO reports or results of any surveillance or investigation of MGA, Isaac Larian or any member of his family, and/or Carter Bryant.

MATTEL'S AND RICHARD DE ANDA'S OBJECTIONS TO REQUEST FOR PRODUCTION NO. 3:

In addition to the general objections stated above and incorporated herein by reference, Mattel and Mr. De Anda object to Request No. 3 on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject, regardless of whether such documents relate to matters at issue in this case, and seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel and Mr. De Anda further object to this

1  Request on the grounds that it calls for the disclosure of information subject to the

2  attorney-client privilege, the attorney work-product doctrine and other applicable

3  privileges.  Mattel and Mr. De Anda further object to this Request on the grounds that

4  it is vague and ambiguous.  Mattel and Mr. De Anda further object to this Request on

5  the grounds that it seeks confidential, proprietary and trade secret information that

6  has no bearing on the claims or defenses in this case.

7          Non-privileged, responsive documents located after a reasonable search and

8  diligent inquiry relating to the claims and defenses in this action and consistent with

9  the Court's prior rulings have been produced from Mattel's Global Security

10  Department.  Richard De Anda possesses no responsive documents in his personal

11  files.

12  <u>MGA'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 3:</u>

13          None provided.

14

15  <u>MATTEL'S AND RICHARD DE ANDA'S FURTHER OBJECTIONS AND</u>

16  <u>RESPONSES IN OPPOSITION TO REQUESTS NO. 3:</u>

17          See below.

18

19  <u>MGA'S REQUEST FOR PRODUCTIONS NO. 4:</u>

20          All COMMUNICATIONS and/or DOCUMENTS in the form of video, digital,

21  or audio recordings REFERRING OR RELATING TO any surveillance or

22  investigation of MGA, Isaac Larian or any member of his family, and/or Carter

23  Bryant.

24

25  <u>MATTEL'S AND RICHARD DE ANDA'S OBJECTIONS TO REQUEST FOR</u>

26  <u>PRODUCTION NO. 4:</u>

27          In addition to the general objections stated above and incorporated herein by

28  reference, Mattel and Mr. De Anda object to Request No. 4 on the grounds that it

1   seeks documents that are not relevant to this action or likely to lead to the discovery

2   of admissible evidence.  Mattel and Mr. De Anda further object to this Request on the

3   grounds that it is vague and ambiguous.

4       Mattel's Global Security Department possesses no responsive documents.

5   Richard De Anda possesses no responsive documents in his personal files.

6

7   MGA'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 4:

8       None provided.

9

10  MATTEL'S AND RICHARD DE ANDA'S FURTHER OBJECTIONS AND

11  RESPONSES IN OPPOSITION TO REQUESTS NO. 1, 2, 3, and 4:

12      MGA's Request for Production Nos. 1, 2, 3, and 4, should be denied because

13  they seeks discovery that does not exist.  Neither Mr. De Anda, nor his firm, ever

14  undertook any investigation of MGA, Isaac Larian or Carter Bryant.  De Anda Decl.

15  ¶ 4.  Mattel's and De Anda's objections clearly state that Mr. De Anda "possesses no

16  responsive documents in his personal files."  Further, as set forth in the objections,

17  Mattel has already produced "[n]on-privileged, responsive documents" relating to

18  such investigations from Mattel's Global Security Files.  If MGA seeks those

19  documents by these requests, then they should be denied as duplicative.  Fed. R. Civ.

20  P. 26(b)(2)(c).

21

22      **MGA'S REQUEST FOR PRODUCTION NOS. 5, 6, 7, 8, 9, & 10**

23

24  MGA'S REQUEST FOR PRODUCTION NO. 5:

25      All COMMUNICATIONS and/or DOCUMENTS REFERRING OR

26  RELATING TO the nature of the services or products provided by YOU, and the

27  names of any other owners, partners, proprietors, members, officers, directors,

28  representatives, employees or consultants, including any past or present officers,

directors, agents, employees, representatives, consultants, attorneys, parents,

subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting

in joint venture or partnership relationships with YOU, and any others acting on

YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

MATTEL'S AND RICHARD DE ANDA'S OBJECTIONS TO REQUEST FOR PRODUCTION NO. 5:

In addition to the general objections stated above and incorporated herein by reference, Mattel and Mr. De Anda object to Request No. 5 on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject, regardless of whether such documents relate to matters at issue in this case, and seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel and Mr. De Anda further object to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel and Mr. De Anda further object to this Request on the grounds that it is vague, ambiguous and incomprehensible such that Mattel and Mr. De Anda cannot frame a response.  Mattel and Mr. De Anda further object to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel and Mr. De Anda further object to this Request on the ground that it seeks private and confidential information that cannot be produced by Richard N. De Anda & Associates, Inc. without violating duties to third parties.

MGA'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 5:

None provided.

MATTEL'S AND RICHARD DE ANDA'S FURTHER OBJECTIONS AND RESPONSES IN OPPOSITION TO REQUESTS NO. 5:

See below.

MGA'S REQUEST FOR PRODUCTION NO. 6:

All COMMUNICATIONS and/or DOCUMENTS REFERRING OR RELATING TO the time spent, including but not limited to any time records, by DE ANDA on matters related to DE ANDA & ASSOCIATES from November 1997 to the present.

MATTEL'S AND RICHARD DE ANDA'S OBJECTIONS TO REQUEST FOR PRODUCTION NO. 6:

In addition to the general objections stated above and incorporated herein by reference, Mattel and Mr. De Anda object to Request No. 6 on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject, regardless of whether such documents relate to matters at issue in this case, and seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel and Mr. De Anda further object to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel and Mr. De Anda further object to this Request on the grounds that it is vague, ambiguous and incomprehensible such that Mattel and Mr. De Anda cannot frame a response.  Mattel and Mr. De Anda further object to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.

Mattel and Mr. De Anda further object to this Request on the ground that it seeks private and confidential information that cannot be produced by Richard N. De Anda & Associates, Inc. without violating duties to third parties.

MGA'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 6:

　　None provided.

MATTEL'S AND RICHARD DE ANDA'S FURTHER OBJECTIONS AND RESPONSES IN OPPOSITION TO REQUESTS NO. 6:

　　See below.

MGA'S REQUEST FOR PRODUCTION NO. 7:

　　All COMMUNICATIONS and/or DOCUMENTS REFERRING OR RELATING TO the time spent, including but not limited to any time records, by any other person or persons employed by DE ANDA & ASSOCIATES from November 1997 to the present.

MATTEL'S AND RICHARD DE ANDA'S OBJECTIONS TO REQUEST FOR PRODUCTION NO. 7:

　　In addition to the general objections stated above and incorporated herein by reference, Mattel and Mr. De Anda object to Request No. 7 on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject, regardless of whether such documents relate to matters at issue in this case, and seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel and Mr. De Anda further object to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel and Mr. De Anda further object to this Request on the grounds that

1   it is vague, ambiguous and incomprehensible such that Mattel and Mr. De Anda

2   cannot frame a response.  Mattel and Mr. De Anda further object to this Request on

3   the grounds that it seeks confidential, proprietary and trade secret information,

4   including such information that has no bearing on the claims or defenses in this case.

5   Mattel and Mr. De Anda further object to this Request on the ground that it seeks

6   private and confidential information that cannot be produced by Richard N.  De Anda

7   & Associates, Inc. without violating duties to third parties.

8

9   <u>MGA'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 7:</u>

10       None provided.

11

12   <u>MATTEL'S AND RICHARD DE ANDA'S FURTHER OBJECTIONS AND</u>

13   <u>RESPONSES IN OPPOSITION TO REQUESTS NO. 7:</u>

14       See below.

15

16   <u>MGA'S REQUEST FOR PRODUCTION NO. 8:</u>

17       All COMMUNICATIONS and/or DOCUMENTS REFERRING OR

18   RELATING TO revenue, expenses and income of DE ANDA & ASSOCIATES from

19   1997 to the present, including but not limited to invoices, bank statements and tax

20   returns.

21

22   <u>MATTEL'S AND RICHARD DE ANDA'S OBJECTIONS TO REQUEST FOR</u>

23   <u>PRODUCTION NO. 8:</u>

24       In addition to the general objections stated above and incorporated herein by

25   reference, Mattel and Mr. De Anda object to Request No. 8 on the grounds that it is

26   overbroad and unduly burdensome, including in that it seeks all documents on this

27   subject, regardless of whether such documents relate to matters at issue in this case,

28   and seeks documents that are not relevant to this action or likely to lead to the

discovery of admissible evidence.  Mattel and Mr. De Anda further object to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel and Mr. De Anda further object to this Request on the grounds that it is vague, ambiguous and incomprehensible such that Mattel and Mr. De Anda cannot frame a response.  Mattel and Mr. De Anda further object to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel and Mr. De Anda further object to this Request on the ground that it seeks private and confidential information of both Mr. De Anda and of De Anda & Associates, whose financial information is not at issue in this case.

MGA'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 7:
     None provided.

MATTEL'S AND RICHARD DE ANDA'S FURTHER OBJECTIONS AND RESPONSES IN OPPOSITION TO REQUESTS NO. 7:
     See below.

MGA'S REQUEST FOR PRODUCTION NO. 9:
     All COMMUNICATIONS and/or DOCUMENTS REFERRING OR RELATING TO any consulting or expert reports, including but not limited to the reports and curriculum vitae, provided by YOU from 1997 to the present.

MATTEL'S AND RICHARD DE ANDA'S OBJECTIONS TO REQUEST FOR PRODUCTION NO. 9:
     In addition to the general objections stated above and incorporated herein by reference, Mattel and Mr. De Anda object to Request No. 9 on the grounds that it

seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel and Mr. De Anda further object to this Request on the grounds that it is vague and ambiguous.  Mattel and Mr. De Anda further object on the grounds that it seeks information protected from disclosure by the consulting expert privileges, the attorney-client privilege, the work product doctrine, the rape shield laws and other laws protecting the identities of victims (including minors) from disclosure and protective orders entered by other Courts.  Mattel and Mr. De Anda further object on the grounds that the Request seeks information protected by privacy laws.

Mr. De Anda will produce his most recent curriculum vitae.

MGA'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 9:

None provided.

MATTEL'S AND RICHARD DE ANDA'S FURTHER OBJECTIONS AND RESPONSES IN OPPOSITION TO REQUESTS NO. 9:

See below.

MGA'S REQUEST FOR PRODUCTION NO. 10:

All COMMUNICATIONS and/or DOCUMENTS REFERRING OR RELATING TO hiring or retention agreements entered into between YOU and YOUR customers and clients.

MATTEL'S AND RICHARD DE ANDA'S OBJECTIONS TO REQUEST FOR PRODUCTION NO. 10:

In addition to the general objections stated above and incorporated herein by reference, Mattel and Mr. De Anda object to Request No. 10 on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this

subject, regardless of whether such documents relate to matters at issue in this case, and seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel and Mr. De Anda further object to this Request on the grounds that it is vague and ambiguous. Mattel and Mr. De Anda further object to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel and Mr. De Anda further object on the grounds that it seeks information protected from disclosure by the consulting expert privileges, the attorney-client privilege, the work product doctrine, the rape shield laws and other laws protecting the identities of victims (including minors) from disclosure and protective orders entered by other Courts. Mattel and Mr. De Anda further object on the grounds that the Request seeks information protected by privacy laws. Mattel and Mr. De Anda further object to this Request on the ground that it seeks private and confidential information that cannot be produced by Richard N. De Anda & Associates, Inc. without violating duties to third parties.

MGA'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 10:

    None provided.

MATTEL'S AND RICHARD DE ANDA'S FURTHER OBJECTIONS AND RESPONSES IN OPPOSITION TO REQUESTS NO. 10:

    These requests are facially defective. They seek every document that Mr. De Anda has related to his consulting or investigation. They are neither reasonably limited in time nor directed to specific claims or defenses. As such, they are overly broad and the motion must be denied as to this request.

    These request should be denied because it seeks disclosure of private, confidential information that is protected from disclosure under both California and Federal law. As a licensed private investigator, Mr. De Anda is frequently in

possession of private, proprietary, confidential or otherwise sensitive client information which cannot be disclosed.  California's Private Investigator Act mandates that an investigator "shall not divulge to any other person, except as he or she may be required by law so to do, any information acquired by him or her except at the direction of the employer or client for whom the information was obtained." Cal. Bus. & Prof. Code § 7539(a); see also 8 Rutter, Cal. Practice Guide § 315.15 ("Private investigators are prohibited by law from divulging information developed during the course of an investigation for a client.").  Additionally, such information is frequently protected by the attorney-client and work product privileges.

Disclosure of such matters would violate not only Mr. De Anda's professional obligations under California law, but also implicate his clients' firmly rooted "inalienable right to privacy" provided by both the Californian and United States Constitutions.  See Calif. Const. Art. 1 § 1; see also Griswold v. State of Conn., 381 U.S. 479, 484 (1965).  Given the utter lack of relevance of Mr. De Anda's unrelated investigations to this proceeding, coupled with the substantial privacy interests implicated, the balance weighs heavily against disclosure.  See Garstang v. Superior Court, 39 Cal. App. 4th 526, 532 (Cal. Ct. App. 1995) (denying discovery request because the right of privacy may be "abridged only when there is a compelling and opposing state interest").

## MGA'S REQUEST FOR PRODUCTION NO. 11

MGA'S REQUEST FOR PRODUCTION NO. 11:

All COMMUNICATIONS and/or DOCUMENTS REFERRING OR RELATING TO MATTEL, including but not limited to COMMUNICATIONS and/or DOCUMENTS REFERRING OR RELATING TO DE ANDA'S employment with MATTEL, including but not limited to any agreements DE ANDA signed or was asked to sign with MATTEL.

MATTEL'S AND RICHARD DE ANDA'S OBJECTIONS TO REQUEST FOR PRODUCTION NO. 11:

In addition to the general objections stated above and incorporated herein by reference, Mattel and Mr. De Anda object to Request No. 11 on the grounds and seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel and Mr. De Anda further object to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel and Mr. De Anda further object to this Request on the grounds that it is vague and ambiguous.  Mattel and Mr. De Anda further object to this Request on the ground that it seeks private and confidential information.

Subject to and without limiting the foregoing general and specific objections, Mr. De Anda will produce documents sufficient to show Mattel's knowledge and approval of Richard De Anda's secondary employment.

MGA'S ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 11:

None provided.

MATTEL'S AND RICHARD DE ANDA'S FURTHER OBJECTIONS AND RESPONSES IN OPPOSITION TO REQUESTS NO. 11:

MGA's request should be denied because the basic logic behind the relevancy of the request is fatally flawed.  MGA has not shown, nor can it, that Mr. De Anda's and Carter Bryant's employee agreements are similar.  Unlike Bryant, and consistent with Mattel policy, Mr. De Anda had express written authorization from Mattel to engage in non-competitive investigative activities outside of his responsibilities to Mattel.   The two employee's circumstances—as well as the nature of their employment relationships with Mattel—are so markedly different, that neither offers

1   any insight into the other.  Accordingly, the basic premise behind MGA's request, that

2   De Anda breached Mattel policy by having secondary employment, fails.

3        Moreover, to the extent that Mr. De Anda's employment relationship had any

4   marginal relevance, MGA's request remains objectionable given its gross overbreadth

5   and vagueness in requiring all documents or communications "relating to De Anda's

6   employment with Mattel."  As such, the objections to MGA's Request for Production

7   No. 11 should be upheld, and MGA should be precluded from seeking this discovery.

8

9        **<u>Conclusion</u>**

10       For the foregoing reasons, Mattel and Richard De Anda respectfully request

11  that the Court deny MGA's motion to overrule their objections and to compel

12  discovery.

13

14  DATED:  February 7, 2008       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

15

16          By /s/ Jon D. Corey

17          Jon D. Corey
            Attorneys for Mattel, Inc. and Richard De

18          Anda

19

20

21

22

23

24

25

26

27

28