**Exhibit C**

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2      (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7   Facsimile: (213) 443-3100

8   Attorneys for Mattel, Inc.

9                   UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

12

13  CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

14              Plaintiff,               Consolidated with Case Nos. CV 04-
                                         9059 and CV 05-2727
15       v.
                                         NOTICE OF SUBPOENA ISSUED TO
16  MATTEL, INC., a Delaware             BANK OF AMERICA
    Corporation,
17                                       **Phase 1:**
              Defendant,                 Discovery Cut-off:    January 28, 2008
18                                       Pre-trial Conference: April 21, 2008
                                         Trial Date:           May 27, 2008
19

20  AND CONSOLIDATED CASES

21

22

23

24

25

26

27                                       EXHIBIT __C__ PAGE 128

28

07209/2352678.1                    1-22
                          NOTICE OF SUBPOENA ISSUED TO BANK OF AMERICA.

1   PLEASE TAKE NOTICE that, pursuant to Rule 45 of the <u>Federal Rules of</u>

2 <u>Civil Procedure</u>, Mattel, Inc., has issued a subpoena attached as Exhibit 1,

3 requesting the production of specified documents to the following:

4   1) Bank of America, 16944 San Fernando Mission Blvd., Granada Hills,

5 CA 91344.

6

7 DATED: January 22, 2008   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

8

9           By

10          Melissa Grant

           Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27          EXHIBIT ___C___ PAGE 129

28

07209/2352678.1

-2-

Issued by the

# UNITED STATES DISTRICT COURT

_____ CENTRAL _____ DISTRICT OF __CALIFORNIA__

CARTER BRYANT, an Individual

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware Corporation

Case Number: ' CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO: Bank of America
16944 San Fernando Mission Blvd.
Granada Hills, CA 91344

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 28, 2008 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 15, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Melissa Grant, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

EXHIBIT __C__ PAGE 130

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/17/2008 | 16944 San Fernando Mission Boulevard Granada Hills, CA 91344 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Nazaranir Tehrani, Custodian of Records, Bank of America | Personal --Witness Fee Paid $40.00 (Served 1-17-08 at 3:35 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Kenneth Wright | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     1/18/2008
                    DATE

*Kenneth Wright*

SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los

ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty, #5426

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises— or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information; or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT **C** PAGE **131**

## ATTACHMENT A

## Documents To Be Produced

1.   **DEFINITIONS.**

      i.   "YOU" or "YOUR" means Bank of America, and all of YOUR parents, subsidiaries, affiliates or affiliated entities, past or present employees, agents, representatives, consultants, independent contractors, any predecessors or successors in interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      ii.   "ISAAC LARIAN" means the individual named Isaac Larian, Social Security No. 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, date of birth 03/28/1954, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, relatives (whether by blood or marriage), and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

      iii.   "ACCOUNT" or "ACCOUNTS" means any account of any type, including but not limited to any checking account, savings account, deposit account, credit card account, line of credit account, charge account, and any other account of any other type.

      iv.   "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

      v.   "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

EXHIBIT __C__ PAGE 132

vi.   "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

vii.   "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

viii.   Wherever used herein, the singular shall include the plural and the plural shall include the singular.

2.   <u>INSTRUCTIONS.</u>

a.   YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.   If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)   The privilege or protection that you claim precludes disclosure;

(2)   The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)   The date, author(s), addressee(s); and

(4)   Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.   YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

d.   YOU are required to identify the source of all DOCUMENTS

EXHIBIT __C__ PAGE 133

produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

e.   Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.   DOCUMENTS TO BE PRODUCED.

(1)   All DOCUMENTS REFERRING OR RELATING TO ISAAC LARIAN from January 1, 1999 to the present, inclusive.

(2)   All DOCUMENTS REFERRING OR RELATING TO any ACCOUNTS maintained by YOU that are in the name of, for the benefit of or concern ISAAC LARIAN, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

(3)   DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of or concerning ISAAC LARIAN between January 1, 1999 and the present, inclusive.

(4)   All DOCUMENTS showing or relating to any ACCOUNTS held by ISAAC LARIAN or any ACCOUNTS on which ISAAC LARIAN has signatory authority at any other financial institution.

EXHIBIT __C__ PAGE 134

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Cross-
Defendant Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| vs. | PROOF OF SERVICE |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

EXHIBIT ___C___ PAGE _135_

PROOF OF SERVICE .

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1301 West 2nd Street, Suite 206, Los Angeles, California 90026.

3

4      On January 24, 2008, I served true copies of the following document(s) described :

5      **1)      NOTICE OF SUBPOENA ISSUED TO A. MICH BHATIA, CPA**

6      **2)      NOTICE OF SUBPOENA ISSUED TO CAPITAL BANK & TRUST**

7      **3)      NOTICE OF SUBPOENA ISSUED TO BANK OF AMERICA**

8      on the parties in this action as follows:

9                          **SEE ATTACHED LIST**

10

11    **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

12     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

13

14     Executed on January 24, 2008, at Los Angeles, California.

15

16                                     _____

17                                     NOW LEGAL -- Dave Quintana

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __C__ PAGE 136

1

## SERVICE LIST

2  Thomas J. Nolan                                    John W. Keker
   **Skadden, Arps, Slate, Meagher & Flom ,**        Michael H. Page
3  **LLP**                                            Christa M. Anderson
   300 South Grand Ave., Ste. 3400                    **Keker & Van Nest, LLP**
4  Los Angeles, California 90071                      710 Sansome Street
5  TEL: (213) 687-5000                                San Francisco, CA 94111
   FAX: (213) 687-5600                                TEL: (415) 391-5400
6  tnolan@skadden.com                                 FAX: (415) 397-7188
   miller@skadden.com                                 jkeker@kvn.com
7                                                     mhp@kvn.com

8  Mark E. Overland, Esq.
   David E. Scheper, Esq.
9  Alexander H. Cote, Esq.
   **Overland Borenstein Scheper & Kim, LLP**
10 300 South Grand Avenue
   Suite 2750
11 Los Angeles, CA 90071-3144
12 TEL: (213) 613-4655
   FAX: (213) 613-4656
13 moverland@obsklaw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __C__ PAGE _137_

-2-

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On January 24, 2008, I served true copies of the following document(s) described as:

1)   **NOTICE OF SUBPOENA ISSUED TO A. MICH BHATIA, CPA**

2)   **NOTICE OF SUBPOENA ISSUED TO CAPITAL BANK & TRUST**

3)   **NOTICE OF SUBPOENA ISSUED TO BANK OF AMERICA**

on the parties in this action as follows:

### SEE ATTACHED LIST

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from lucilleclavel@quinnemanuel.com on January 24, 2008, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 24, 2008, at Los Angeles, California.

*Lucille Clavel*
LUCILLE CLAVEL

07209/2364436.1

EXHIBIT __C__ PAGE 138

1

SERVICE LIST

2    Thomas J. Nolan                          John W. Keker
     **Skadden, Arps, Slate, Meagher & Flom ,**   Michael H. Page
3    **LLP**                                    Christa M. Anderson
     300 South Grand Ave., Ste. 3400          **Keker & Van Nest, LLP**
4    Los Angeles, California 90071            710 Sansome Street
     TEL: (213) 687-5000                      San Francisco, CA 94111
5    FAX: (213) 687-5600                       TEL: (415) 391-5400
     tnolan@skadden.com                        FAX: (415) 397-7188
6    miller@skadden.com                        jkeker@kvn.com
                                               mhp@kvn.com
7

8    Mark E. Overland, Esq.
     David E. Scheper, Esq.
9    Alexander H. Cote, Esq.
     **Overland Borenstein Scheper & Kim, LLP**
10   300 South Grand Avenue
     Suite 2750
11   Los Angeles, CA 90071-3144
     TEL: (213) 613-4655
12   FAX: (213) 613-4656
     moverland@obsklaw.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___C___ PAGE _139_

**Exhibit  D**

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>THIRD NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)<br><br>Discovery Cut-Off: October 22, 2007<br>Pre-Trial Conference: January 14, 2008<br>Trial Date: February 12, 2008 |

06|05|c7

THIRD NOTICE OF DEPOSITION OF MGA
EXHIBIT _D_ PAGE _140_

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 26, 2007 beginning on 9:30 a.m. Mattel, Inc. ("Mattel") will take the deposition upon oral examination of defendant MGA Entertainment, Inc. at the offices of Quinn Emanuel Urquhart Oliver & Hedges LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017. Pursuant to Fed. R. Civ. P. 30(b)(6), MGA Entertainment, Inc. shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning each of the topics set forth in Exhibit A hereto.

PLEASE TAKE FURTHER NOTICE that the deposition will take place before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Sundays, Saturdays and legal holidays excepted, until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(2), the deposition will be videotaped. Mattel also reserves the right to use Livenote or other technology for real-time transcription of the testimony.

DATED: June 5, 2007            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                               By _____
                                  Michael T. Zeller
                                  Attorneys for Mattel, Inc.

EXHIBIT __D__ PAGE 141

07209/2048031.

-1-

THIRD NOTICE OF DEPOSITION OF MGA

## EXHIBIT A

1.      "YOU," "YOUR" or "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.      "BRYANT" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint venturers, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.      "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. As used herein, "product, doll or DESIGNS or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Topics of Examination herein.

EXHIBIT  D   PAGE 142

07209/2048031.

-2-

THIRD NOTICE OF DEPOSITION OF MGA

4.    "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

5.    "ANGEL" refers to those projects, products, dolls or DESIGNS, sometimes called "Angel Faces" and/or "Prayer Angels," that MGA has claimed are the subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734.  Without limiting the generality of the foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "ANGEL" does not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Topics of Examination herein.

6.    "IDENTIFY" or "IDENTITY" means the following:

(a)    With reference to an individual, means such individual's name, current or last known business title, current or last known business affiliation, current or last known relationship to YOU, current or last known residential and business address, and current or last known telephone number.

(b)    With reference to an entity or governmental organization, means such entity's or organization's name, present or last-known address, and present or last-known telephone number and the IDENTITY of each individual who has served or participated as a contact for or on behalf of such entity or organization.

(c)    With reference to an account with a bank or financial institution, means the name and address of the bank or financial institution, the account

-3-

EXHIBIT _D_ PAGE 143

THIRD NOTICE OF DEPOSITION OF MGA

number(s) for or otherwise associated with such account and the name of each holder, including without limitation each beneficial holder, of each such account.

(d)   With reference to a STORAGE DEVICE, means the manufacturer name, brand, model name and number, serial number and all other manufacturer identifiers, and the technical specifications and capacities of such STORAGE DEVICE.

7.   "ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly *Mattel v. Bryant, Inc.*, first filed in Los Angeles County Superior Court; *Bryant v. Mattel, Inc.*; and *MGA Entertainment, Inc. v. Mattel, Inc.*; and all counterclaims, cross-claims and defenses therein.

8.   "DIGITAL INFORMATION" means any information created or stored digitally, including but not limited to electronically, magnetically or optically.

9.   "STORAGE DEVICE" means any computer hard drive, memory, USB device, tape, storage array or any other device or medium that allows a user, whether permanently, temporarily or otherwise, to create, generate, transmit, copy, retain, store or maintain DIGITAL INFORMATION.

10.   "EMPLOYEE AGREEMENT" or "EMPLOYEE AGREEMENTS" means any agreement or contract between YOU and any of YOUR employees that purports to assign to, convey to or vest in YOU in any manner, whether in whole or in part, and whether expressly or by implication or in effect, any right, title or interest in any such employee's inventions, works, work product, ideas, concepts, discoveries, improvements, processes, developments, DESIGNS, know-how, data and/or formulae.

11.   "FAMILY MEMBER" means any PERSON who at any time is, was or has been a parent, spouse, or child of another PERSON.

12.   "REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing,

07209/2048031.

-4-

EXHIBIT __D__ PAGE __144__

THIRD NOTICE OF DEPOSITION OF MGA

mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

13.     "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

14.     "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

15.     The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also within its meaning

07209/2048031.

-5-

EXHIBIT _D_ PAGE _145_

THIRD NOTICE OF DEPOSITION OF MGA

all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and *vice versa*, whenever such construction results in a broader disclosure of documents or information.

### Topics of Examination

1.     The IDENTITY, current or last known location, and disposition of each STORAGE DEVICE that each of the following PERSONS has used to create, generate, prepare, draft, send and/or receive any DOCUMENT or DIGITAL INFORMATION that REFERS OR RELATES TO BRATZ and/or ANGEL at any time since January 1, 1999, including without limitation the date of acquisition and the date of disposition of each such STORAGE DEVICE:

Isaac Larian

Farhad Larian

Paula Garcia

BRYANT

Kami Gillmour

Veronica Marlow

Mercedeh Ward

Margaret Hatch-Leahy

Jennifer Maurus

Judy Rich

Ninette Pembleton

Kerri Brode

Victoria O'Connor

Aileen Storer

Charles O'Connor

Helene Bartels

Colleen O'Higgins

EXHIBIT _D_ PAGE _146_

07209/2048031.

-6-

1    Vivian Matt

2    Maureen Mullen

3    Rachel Harris

4    Barbara Malcolm

5    David Dees

6    Ben Ton

7    Dave Malacrida

8    2.    The IDENTITY, current or last known location, and disposition of

9  each backup, copy or image of the STORAGE DEVICES referenced in Topic 1 of this

10  Notice, including without limitation the date of creation and the date of disposition of

11  each such backup or copy.

12    3.    YOUR search for and production of DOCUMENTS and DIGITAL

13  INFORMATION from the STORAGE DEVICES referenced in Topic 1 of this Notice.

14    4.    Each of YOUR EMPLOYEE AGREEMENTS since January 1,

15  1995, including without limitation the meaning, validity and enforcement of such

16  EMPLOYEE AGREEMENTS.

17    5.    Any requirement or practice by YOU, at any time since January 1,

18  1995, that YOUR employees sign or execute EMPLOYEE AGREEMENTS.

19    6.    YOUR statements to Christopher Palmeri in connection with the

20  *Business Week* article entitled "To Really Be A Player, Mattel Needs Hotter Toys,"

21  published on or about July 28, 2003, including without limitation in connection with the

22  statement that Isaac Larian "got the idea for Bratz after seeing his own kids run around

23  in navel-bearing tops and hip-huggers."

24    7.    YOUR statements to Denise I. O'Neal in connection with the

25  *Chicago Sun-Times* article entitled "Bratz Packers Are What's Cool in Doll World,"

26  published on or about March 5, 2004, including without limitation in connection with

27  the statements that MGA's "creative team decided the name should be catchy and not

28

EXHIBIT D   PAGE 147

07209/2048031.

-7-

THIRD NOTICE OF DEPOSITION OF MGA

1   have more than six letters.  Keeping with today's trend of making names more 'cool' by

2   changing the spelling, MGA executives decided to replace the 's' with a 'z.'"

3        8.     YOUR statements to Jeff Weiss in connection with the *San*

4   *Fernando Valley Business Journal* article entitled "Immigrant's Creative Company

5   Shakes Up Toy Industry," published on or about March 29, 2004, including without

6   limitation in connection with the statement that "[i]t was Jason's idea for Bratz."

7        9.     The IDENTITY of each PERSON who YOU had perform, or who

8   YOU requested, asked or solicited to perform, any "test project" in advance of or in

9   consideration of employment by YOU since January 1, 1995, including without

10  limitation the IDENTITY of each such PERSON who was a MATTEL employee at the

11  time.

12      10.    YOUR relationship with Stephen Lee since April 1, 2004, including

13  without limitation any agreements or contracts between YOU and Stephen Lee.

14      11.    Payments of money or any other item of value that YOU have made

15  to, for or on behalf of Isaac Larian or any FAMILY MEMBER of Isaac Larian since

16  January 1, 1999, including without limitation (a) the amounts of such payment and the

17  equivalent dollar value of each of item of value, (b) the dates of such payment, (c) the

18  IDENTITY of each recipient of such payment, (d) the IDENTITY of each bank or

19  financial institution account to which such payment was made and (e) the reasons for

20  each such payment.

21      12.    Payments of money or any other item of value that YOU have made

22  to, for or on behalf of Farhad Larian or any FAMILY MEMBER of Farhad Larian since

23  January 1, 1999, including without limitation (a) the amounts of each such payment and

24  the equivalent dollar value of each of item of value, (b) the timing of each such

25  payment, (c) the IDENTITY of each recipient of each such payment, (d) the

26  IDENTITY of each bank or financial institution account to which such payment was

27  made and (e) the reasons for each such payment.

28

EXHIBIT **D** PAGE **148**

1    13.   Payments of money or any other item of value that YOU have made

2  to, for or on behalf of Morad Zarabi or any FAMILY MEMBER of Morad Zarabi since

3  January 1, 1999, including without limitation (a) the amounts of each such payment and

4  the equivalent dollar value of each of item of value, (b) the timing of each such

5  payment, (c) the IDENTITY of each recipient of each such payment, (d) the

6  IDENTITY of each bank or financial institution account to which such payment was

7  made and (e) the reasons for each such payment.

8    14.   The nature, extent and timing of work and services that Veronica

9  Marlow, Amy Myers, Sarah Halpern, Maureen Mullen and David Dees provided to, or

10  were requested, solicited or proposed by, YOU at any time from January 1, 1999

11  through December 31, 2001, inclusive.

12    15.   Payments of money or any other item of value that YOU have made

13  to Veronica Marlow, Amy Myers, Sarah Halpern, Maureen Mullen and David Dees

14  since January 1, 1999, including without limitation (a) the amounts of each such

15  payment and the equivalent dollar value of each of item of value, (b) the timing of each

16  such payment, (c) the IDENTITY of each recipient of each such payment, (d) the

17  IDENTITY of each bank or financial institution account to which such payment was

18  made and (e) the reasons for each such payment.

19    16.   The IDENTITY of each PERSON who is not, as of June 5, 2007, an

20  MGA employee and for whom or on behalf of whom YOU are paying, have paid or

21  have offered, promised or agreed to pay fees or costs in connection with this ACTION,

22  any contracts, agreements or other DOCUMENTS between YOU and such PERSON

23  pertaining thereto, the amounts YOU have so paid or agreed to pay to such PERSON

24  and the dates on which such payments were made.

25

26

27

28

EXHIBIT __D__ PAGE 149

THIRD NOTICE OF DEPOSITION OF MGA

**Exhibit E**

# THIS DOCUMENT HAS BEEN MARKED <u>CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER</u> AND IS THEREFORE SUBMITTED HEREWITH SEPARATELY UNDER SEAL.

**Exhibit F**

Bank of America
Legal Processing Site
CA9-705-05-19
P. O. Box 3609
Los Angeles, CA 90051

January 28, 2008

QUINN EMANUEL URQUHARD OLIVER & HEDGES,LLP
MELISSA GRANT
865 S. FIQUEROA ST,10TH FLOOR
LOS ANGELES, CA 90017

RE: Reference #: L011808000480
Case: CARTER BRYANT V. MATTEL, INC.
Name: SHIRIN MAKABI, ISAAC LARIAN, ISAAC LARIAN QUALIFIED ANNUITY TRUST,
ANGELA LARIAN

Please be advised that we are in receipt of the above-referenced Subpoena dated January 18, 2008.

The Los Angeles Site will produce some of the documents for your subpoena. Accordingly we
have forwarded the subpoena to the BAI OPERATION Site for production of the documents.

You may contact them at Phone #704-317-0413 for further status of your request.

Should you need to forward any additional correspondence to us regarding this matter, please
direct it to the address noted above. When contacting the Bank regarding this Subpoena please
use the Reference #  L011808000480.

Francisco A. Valerio
AVP; Operations Team Manager
Subpoena Processing
213-240-6636
ELL7

EXHIBIT _F_ PAGE 168

05-17-1486B 7-2000

**Exhibit  G**

| From: | Miller, Timothy A (SFC) |
|---|---|
| Sent: | Monday, January 28, 2008 8:01 PM |
| To: | 'Dylan Proctor' |
| Cc: | Melissa Grant; Park, Amy S (PAL); Kennedy, Raoul D (SFC); Nolan, Thomas J (LAC) |
| Subject: | Mattel v. Bryant: Subpoena Duces Tecum to Bank of America |
| Attachments: | Amended Objections to Mattel's Subpoena to Bank of America.pdf; Notice of Subpoena Issued to BoA.pdf |

Dylan:

I am writing regarding the attached subpoena duces tecum issued by Mattel to Bank of America and the Amended Objections thereto, which we served over the weekend. We will be filing a motion to quash the subpoena before Judge Infante as soon as we can, probably tomorrow. Ordinarily, we would seek to meet and confer with you about our objections prior to filing such a motion, but we are unable to do so for two reasons: (i) according to the subpoena, Mattel served the subpoena on BofA on January 17, 2008, with a return date of January 28, 2008, but did not serve my clients with notice of the subpoena until the evening of January 24, 2008; and (ii) we have been in contact with BofA's subpoena processing department, and they say that they will process the subpoena and produce documents unless we file a motion to quash. Under these circumstances, we have no choice but to file the motion to quash as soon as possible. We remain willing to meet and confer regarding the issues raised in our written objections.

We hereby request that you agree, by reply to this email, that BofA is relieved of the obligation to respond to Mattel's subpoena until such time as we are able to file a motion to quash.

Thank you for your attention to this.

Regards,

Tim

**Timothy A. Miller**
**Skadden, Arps, Slate, Meagher & Flom LLP**
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Direct Dial: 415-984-2647
Fax: 415-984-2698
tmiller@skadden.com

G   PAGE 169

**Exhibit  H**

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California  94111
Telephone:    (415) 774-2611
Facsimile:    (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>       Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY ISAAC LARIAN; DENYING REQUEST FOR SANCTIONS** |
| CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

## I. INTRODUCTION

On October 11, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Compel Production of Documents by Isaac Larian and for Award of Monetary Sanctions."  Specifically, Mattel seeks an order compelling Isaac Larian ("Larian") to produce documents responsive to Mattel's First Set of Requests for Documents and Things, including, without limitation, Request Nos. 1, 2, 13,

1

EXHIBIT H  PAGE 170

15, 32, 33, 35, 41, 61-76, 79-101, 113-115, 123-125, 139-146, 178, 180, 181, 190-192, 194-199, 207-209, 213, 221-225, 227-228, 269, 272 and 273 and a privilege log identifying all documents withheld based on any claimed privilege.  Mattel also seeks an award of sanctions against Larian in the amount of $4,500, which represents a portion of the costs incurred by Mattel in bringing this motion.  Larian submitted an opposition on December 5, 2007.[1]  Mattel submitted a reply on December 10, 2007.  The matter was heard on December 14, 2007.  Having considered the motion papers and comments of counsel at the hearing, Mattel's motion to compel is granted in part and denied in part, and the request for sanctions is denied.

## II. BACKGROUND

On June 13, 2007, Mattel propounded its First Set of Requests for Production of Documents and Things to Larian, the CEO and majority owner of MGA.  On August 6, 2007, Larian filed his initial responses and objections.  The parties met and conferred, and on September 25, 2007, Larian served supplemental responses and objections.

Mattel filed the instant motion on October 11, 2007 seeking further responses to 87 of the 276 Requests.  The parties met and conferred further, and Larian ultimately agreed to provide further responses to 55 of the disputed 87 Requests.  Specifically, Larian agreed to supplement his responses and to produce documents responsive to Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-76, 82-101, 139-146, 213, 221 and 223, "to include documents, if any, in his personal files that have not previously been produced."  MGA's Opposition at pp. 1-2.

The remaining 32 Requests at issue can be grouped into ten categories:  (1) personal financial data; (2) communications with Mattel employees; (3) statements to the media; (4) telephone records; (5) storage devices; (6) Carter Bryant's ("Bryant") storage devices; (7) market research concerning products not at issue; (8) Bryant's attorney and niece; (9) the Larian brother's arbitration; and (10) MGA Hong Kong and MGA Mexico.

//

---

[1] Mattel filed an Objection to Larian's Opposition and Response to Mattel's Separate Statement, asserting that the submissions should not be considered because they are untimely and because the Response to Mattel's Separate Statement fails to set forth a complete and verbatim statement of Mattel's position.  The Objection is overruled because Mattel has not been prejudiced and because of the court's preference to resolve Mattel's motion on the merits.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT __H__ PAGE _171_

## II. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1).  Fishing expeditions to discover new claims, however, are not permitted.  See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006) (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000) (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for the phrase "subject matter involved in the pending action," were intended to prevent discovery that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly litigate the issues presented by the pleadings but to develop new claims or defenses.).

Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or extent of use of the discovery methods if the court determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

The 55 Requests Resolved During Meet and Confer Session

During the meet and confer session held after the instant motion was filed, Larian agreed to produce documents responsive to 55 requests.  In his Opposition brief, Larian states that the 55 requests are no longer in dispute.

Nevertheless, a court order compelling production is warranted for two reasons.  First, Larian has not yet produced documents responsive to the 55 requests or provided a date by which

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT __H__  PAGE __172__

1   he will do so.  Second, Larian's agreement to produce responsive documents is apparently limited

2   to documents from his so-called "personal files."  See Opposition at 2:2-3.

3        Mattel's counsel "never agreed that Larian could limit his response to the above requests

4   to documents in his 'personal files' and Larian's counsel did not state that Larian would limit his

5   response to documents in Larian's 'personal files.'"  Supp. Decl. of Scott B. Kidman.

6   Furthermore, the limitation to "personal files" suggested by Larian is contrary to Rule 34,

7   Fed.R.Civ.P, which imposes a duty to produce responsive documents within the responding

8   parties' "possession, custody or control."  The limitation is also unworkable because, as Mattel

9   points out, it "would create a situation by which responsive and highly relevant documents might

10  never be produced because MGA, on the one hand, deems [a] document to belong to Larian, and

11  Larian, on the other hand, deems [a] document not to be part of his 'personal files.'"  Reply at p.6.

12  <u>Market Research for Products Not at Issue:  Request Nos. 79-81</u>

13       In Request No. 79, Mattel seeks all documents relating to any focus groups relating to

14  Bratz and/or Angel, including without limitation all videotapes, summaries, notes and reports.  In

15  his supplemental response, Larian agrees to produce the following documents, subject to his

16  general objections:

17       Larian will produce all documents within his possession, custody, or control that
         relate to focus groups for "MGA contested products" and "Mattel contested
18       products," as those terms are defined in Mattel's First Requests for Production
         regarding Claims of Unfair Competition, if any, and that have not already been
19       produced, that he discovers in the course of his reasonable search and diligent
         inquiry, and to which no privilege or other protection applies, including without
20       limitation, the attorney-client privilege or attorney's work product doctrine.

21

22  Mattel's Consolidated Separate Statement at pp. 20-21.

23       In Request No. 80, Mattel seeks all documents relating to any services or work performed

24  by L.A. Focus between January 1, 1999 and December 31, 2001, including without limitation, all

25  videotapes, summaries, notes and reports associated therewith.  In his supplemental response,

26  Larian agrees to produce documents relating or referring to Bratz or Angel that are responsive to

27  the request and to which no privilege or other protection applies.

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                                                                                         4

EXHIBIT __H__ PAGE 173

1       In Request No. 81, Mattel seeks all documents relating to Alaska Momma. In his

2 supplemental response, Larian agrees to produce all documents relating or referring to Bratz,

3 Angel or Bryant that are responsive to the request and to which no privilege or other protection

4 applies.

5       Mattel contends that the requests are as narrowly tailored as possible to capture relevant

6 information. More specifically, Mattel contends that Request No. 79 seeks documents that bear

7 directly on the timing of the development of Bratz, as well as MGA's unfair competition claims

8 and Mattel's defense thereto. Mattel contends that the requested documents may demonstrate that

9 MGA is guilty of copying Mattel's Barbie and My Scene products.

10       Larian contends that Request Nos. 79-81 are overbroad and unduly burdensome. As an

11 example, Larian points to Request No. 80, which requests all documents relating to any services

12 or work performed by L.A. Focus, regardless of whether that work has any relation to the claims

13 and defenses in the action or any of the products at issue. Larian similarly contends that Request

14 Nos. 79 and 81 are unbounded by subject matter or time, and are untethered to any claim or

defense in this case.

15       Mattel's motion to compel Larian to produce all documents responsive to Request No. 79

16 is granted. The request is reasonably limited in subject matter to Bratz and Angel. The requested

17 documents are relevant to several issues in the case, including the origin, conception and creation

18 of Bratz. The requested documents are also relevant to the unfair competition claims. Larian's

19 supplemental response to Request No. 79 is unduly restrictive. Among other things, the

20 definitions of "contested MGA products" encompass only those products that provide a basis for

21 any claim by MGA against Mattel, and not claims by Mattel against MGA.

22       Mattel's motion to compel Larian to produce all documents responsive to Request Nos.

23 80-81 is denied. These requests, as drafted, are clearly overbroad because they have no

24 reasonable limitations on subject matter or time. In particular, the requests are directed to L.A.

25 Focus and Alaska Momma without regard to whether the services or work the companies

26 provided has any relation to any product at issue.

27       Larian's supplemental responses to Request Nos. 80 and 81 are reasonably limited to

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT __H__ PAGE 174

1    documents related to the products at issue: Bratz and Angel. In Mattel's view, Larian's

2    supplemental response is too narrow and "may result in the exclusion of highly relevant

3    documents because the project, concept or design that is the subject of the focus group is deemed

4    not to relate to something then known as Bratz or Angel." However, Larian acknowledges that

5    these types of hypothetical documents would still fall within the narrower scope of production

6    proposed in his supplemental response.

7       Mattel also contends that it is entitled to all of the requested documents called for by

8    Request No. 80 because they are relevant to credibility and bias, particularly if the documents

9    show that work relating to Bratz or Angel deviate from standard procedures that MGA and L.A.

10    Focus used. It is, however, not apparent how deviations from standard procedures would impact

11    credibility or bias.

12       As to Request No. 81, Mattel contends that the documents showing the relationship

13    between Larian or MGA and Alaska Momma are relevant, even if they do not themselves

14    specifically relate to Bratz, Angel or Bryant. Mattel contends that communications from Larian

15    or MGA asking Alaska Momma to look for fashion doll opportunities around the time Bryant

16    claims to have pitched Bratz to Alaska Momma would be highly relevant in impeaching MGA's

17    and Bryant's stories about how and when they came to be introduced. Mattel also contends that

18    documents showing other dealings between Larian or MGA and Alaska Momma are relevant to

19    the issues of bias and credibility. Mattel's supposition about the types of documents that might

20    exist does not justify the type of far-reaching request it has propounded. Request No. 81 is also

21    not limited by either subject matter or time.

22       Accordingly, Larian shall produce documents responsive to Request Nos. 80 and 81 in

23    accordance with his supplemental responses.

24    <u>Bryant's Attorney and Niece: Request Nos. 113-115</u>

25       In Request No. 113, Mattel seeks all communications between Larian or MGA and Anne

26    Wang, a lawyer who represented Bryant in his contract negotiations with MGA. In Request No.

27    114, Mattel seeks all documents, including without limitation all communications, between

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT H    PAGE 175

1   Larian or MGA and Anne Wang.  In Request No. 115, Mattel seeks documents relating to Brooke

2   Gilbert, Bryant's niece.  In his supplemental responses, Larian agrees to produce documents

3   relating to Bratz, Angel or Bryant that are responsive to the requests and to which no privilege or

4   other protection applies.  Thus, the only issue is whether Larian should be required to produce

5   responsive documents that do not relate to Bratz, Angel or Bryant.

6        Mattel contends that Request Nos. 113-114 seek documents that are relevant to the origin

7   and conception of Bratz and the timing thereof.  Mattel also contends that the documents may

8   disclose relevant information regarding Mattel's claims for breach of contract and inducing

9   breach of contract, including information regarding Bryant's or MGA's knowledge of Bryant's

10  contractual obligations with Mattel.  Mattel also contends that Larian has failed to carry his

11  burden of demonstrating that the requests are overly burdensome.

12       Mattel further contends that Larian's supplemental responses to Request Nos. 113 and 114

13  are inadequate because the limitations on scope may eliminate otherwise relevant documents that

14  do not specifically refer to Bratz, Angel or Bryant.  For example, Mattel contends that

15  communications with or about Bryant's lawyer that do not specifically relate to Bratz, Angel or

    Bryant may be relevant to the issues of credibility and bias.

16       Mattel contends that Request No. 115 seeks documents that are relevant to determine

17  whether evidence on Bryant's computer was destroyed by the "Evidence Eliminator" software

18  that had been installed and run on the hard drive.  Bryant claims to have given his computer to his

19  niece.  Mattel also contends that the requested documents are relevant to the issues of credibility

20  and bias.  Further, Mattel contends that Larian's supplemental response to Request No. 115 is

21  inadequate, because evidence of any communication between Larian and his niece, regardless of

22  subject matter, is significant.

23       Larian contends that Request Nos. 113-115 are overbroad and unduly burdensome

24  because they lack any subject matter or time constraints.  Further, Larian contends that the

25  requests constitute an improper fishing expedition and necessarily sweep in documents that are

26  not relevant to any claim or defense.

27  //

28

EXHIBIT __H__ PAGE __176__

1    Mattel's motion to compel documents responsive to Request Nos. 113-115 is denied. The
2    requests are overbroad because they are not focused on relevant subject matter and are untethered
3    to any claim or defense. Although Mattel asserts that responsive documents unrelated to Bratz,
4    Angel or Bryant might be relevant to the issues of credibility and bias, that speculative possibility
5    is too remote to justify the breadth of Mattel's requests.
6    Larian's supplemental responses are sufficient to provide Mattel with relevant and
7    responsive documents. Larian shall produce documents responsive to Request Nos. 113-115 in
8    accordance with his supplemental responses.

9    The Larian Brothers' "Arbitrations and Suits": Request Nos. 123-125
10   In Request No. 123, Mattel seeks all documents relating to any and all arbitrations and
11   suits between Larian and his brother, Farhad Larian. In Request No. 124, Mattel seeks all
12   documents filed, submitted or served in the suit and/or arbitration proceedings brought by Farhad
13   Larian against Larian, including without limitation all declarations, affidavits, transcripts, video
14   and/or audio recordings and sworn testimony given by any person in such suit or arbitration
15   proceedings. In Request No. 125, Mattel seeks all documents relating to any and all settlements,
16   resolutions, or compromises of any suit and/or arbitration proceedings between Larian and Farhad
17   Larian. In his supplemental responses, Larian agrees to produce all documents referring or
18   relating to Bratz that are responsive to the requests and to which no privilege or other protection
19   applies.
20   Mattel contends that the court has already ruled that the arbitration proceedings between
21   Larian and his brother are relevant because they involve, among other matters, the conception and
22   creation date for Bratz. Mattel contends that Larian's supplemental responses improperly limit
23   the requests to the exclusion of potentially relevant documents. For example, Mattel contends
24   that documents that relate to the business, activities and plans of MGA in early 2000 are relevant
25   to the timing of the development of Bratz, whether or not they specifically refer to Bratz. Mattel
26   also contends that the requested documents are relevant to the value of the Bratz brand and
27   the net worths of Larian and MGA, as well as Mattel's claims for damages, including, for

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT __H__ PAGE __177__

example, profits from the sale and licensing of Bratz and other information that would impeach Larian's testimony that he has not made any profits from Bratz.  Further, Mattel contends that the requested documents may lead to evidence of the assessments or valuations of the net worth or value of MGA or Larian, regardless of any reference to Bratz specifically.  Mattel also contends that settlement documents may contain information that bears on the merit of Farhad Larian's claims and the value of Bratz.  Mattel also claims that the requested documents are relevant to motive, intent, bias and credibility.

Larian contends the instant requests are overbroad and unduly burdensome.  Further, Larian contends that the relationship of the requested documents to any of the claims or defenses in the present action is questionable, and the existence of such documents is conjectural.  Moreover, Larian contends that many of the categories of documents of interest to Mattel are already the subject of other requests.  Larian also contends that Request Nos. 123-125 impose an undue burden because of the protective orders in place that strictly limit the use of any documents from an arbitration and suit between Larian and his brother.  Larian represents that he is currently working with Mattel and his brother in an attempt to achieve suitable modifications to the orders that are agreeable to all parties.

Mattel's motion to compel documents responsive to Request Nos. 123-125 as drafted is denied.  The requests are clearly overbroad in calling for all documents from the arbitrations and suits between Larian and his brother, without any subject matter limitations.  Furthermore, these requests are unduly burdensome to the extent they require production of documents that do not refer or relate to Bratz.  Such documents have marginal relevance, at best, to the claims and defenses in the case.

Larian's supplemental responses to Request Nos. 123 -125 are sufficient.  Larian's agreement to produce documents that refer or relate to Bratz is a reasonable compromise that will enable Mattel to obtain documents relevant to the claims and defenses in the case, including many of the categories of documents of interest to Mattel.  For example, under Larian's proposed limitation, documents that relate to the business, activities and plans of MGA in 2000 that also refer or relate to Bratz must be produced.  Documents relating to the value of the Bratz brand are

EXHIBIT __H__ PAGE __178__

1   also within the scope of Larian's proposed limitation and would have to be produced. Documents

2   relating to the net worth of Larian or MGA that refer or relate to Bratz would also have to be

3   produced. Further, Larian's proposed limitation does not necessarily foreclose discovery

4   regarding the appraisal of MGA prepared by Mr. Dutcher. In particular, documents relating to

5   MGA's liabilities, debt, intangible assets, inventory, loans, growth rate projection, and revenue

6   projections must be produced if such documents refer or relate to Bratz. Accordingly, Larian

7   shall produce documents responsive to Request Nos. 123-125 in accordance with his

8   supplemental responses.

9

10   Telephone Records:  Request Nos. 178-181

11          In Request No. 178, Mattel seeks all documents relating to, including without limitation

12   phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period

13   from January 1, 1998 through January 1, 2001. Larian objects to this request.

14          In Request No. 179, Mattel seeks all documents relating to, including without limitation

15   phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period

16   from January 1, 1998 through January 1, 2001 relating to Bratz and/or Angel. In his supplemental

17   responses, Larian agrees to produce documents responsive to Request No. 179. In response to

18   this motion, however, Larian contends that he should be permitted to produce documents

19   responsive to Request No. 179 in redacted form as discussed more fully below.

20          In Request No. 180, Mattel seeks all documents relating to, including without limitation

21   phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period

22   from April 1, 2004 through June 1, 2004. Larian objects to this request.

23          In Request No. 181, Mattel seeks all documents relating to, including without limitation

24   phone records for, telephone calls relating to Bryant by or to Larian or anyone on Larian's behalf

25   at any time. In his supplemental response, Larian agrees to produce all documents pertaining to

26   communications made prior to January 1, 2001 that are responsive to the request and to which no

27   privilege or other protection applies.

28   //

Bryant v. Mattel, Inc.,                                                                    10
CV-04-09049 SGL (RNBx)

EXHIBIT __H__ PAGE __179__

1        Mattel contends that Request No. 178 seeks documents relevant to show Larian's

2  communications with Bryant and other Mattel employees while such employees may still have

3  been employed by Mattel and before Larian claims to have known about Bratz. Similarly, Mattel

4  contends that Request No. 180 seeks documents relevant to Mattel's allegation that MGA, and

5  Larian in particular, were recruiting employees of Mattel's Mexican subsidiary and enticing them

6  to steal Mattel trade secrets.

7        Further, Mattel contends that the requested documents regarding telephone records are

8  relevant to (a) Mattel's claims regarding ownership of Bratz to the extent they show

9  communications with Carter Bryant; (b) Mattel's claims for theft of trade secrets to the extent

10  they show communications with current and former Mattel employees, including Machado,

11  Vargas, Trueba, Brawer, and Brisbois; (c) Mattel's claims regarding allegedly false statements

12  Larian made to retailers; (d) MGA's counterclaims; and (e) Mattel's defenses. With respect to

13  burden, Mattel contends that it would be more burdensome to attempt to produce the requested

14  records in redacted form, and further, that the protective order in place is sufficient to protect

15  Larian's privacy concerns.

16        Larian contends that the requests regarding telephone records are overbroad, completely

17  unbounded as to subject matter, and necessarily sweep in private information that is completely

18  irrelevant to any of the claims or defenses in the case. Larian also points out that the court

19  previously considered similar requests served on Bryant and allowed production of redacted

20  copies of telephone records as long as Bryant provided a signed verification that none of his

21  redactions related to Bratz, MGA or any other project he worked on for MGA. Specifically,

22  Bryant was permitted to produce redacted phone records as long as he provided a "signed

23  verification that none of the telephone records that were redacted relate or refer in any way to

24  MGA, Bratz, or any other project that Bryant worked on, with, for or on behalf of MGA."

25  Kennedy Decl., Ex. 1 (January 25, 2007 Order Granting Mattel's Motion to Compel Production

26  of Documents by Bryant). Larian contends that he should be permitted to redact responsive

27  documents consistent with the court's prior order. During the meet and confer, Larian offered to

28  provide redacted records and a signed verification that none of the redacted information was

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

11

EXHIBIT  **H**  PAGE  180

1   relevant to the case, but Mattel did not respond to the offer.

2       Mattel's motion to compel documents responsive to Request Nos. 178 (all documents

3   relating to phone records by or to Larian for January 1, 1998 – January 1, 2001) is denied.  The

4   request is overbroad because it lacks any subject matter limitation, and thus necessarily sweeps in

5   private information that is completely irrelevant to the case.  Larian should not be subjected to

6   such an intrusion into his private and business affairs when Mattel has made no attempt to tailor

7   the request to the communications, claims, and defenses identified above.

8       In contrast to Request No. 178, Request No. 179 is reasonably tailored to phone records

9   for a particular time frame (January 1, 1998 to January 1, 2001), and to particular subject matters

10  (Bratz and/or Angel).  Accordingly, Larian shall abide by his agreement to comply with Request

11  No. 179, as stated in his supplemental response.  Larian's proposal to produce responsive

12  documents in redacted form is appropriate to address his privacy concerns.  More specifically,

13  Larian may produce documents responsive to Request No. 179 in redacted form as long as Larian

14  provides a signed verification that none of the redacted material refers or relates in any way to

15  MGA, Bratz, or any other proposed or actual project worked on, with, for or on behalf of MGA,

16  or that are otherwise relevant to the case.

17      Mattel's motion to compel documents responsive to Request No. 180 (documents relating

18  to telephone calls by or to Larian from April 1, 2004 – June 1, 2004) is granted.  Request No. 180

19  is reasonably tailored to a two month period during which MGA and Larian allegedly recruited

20  employees out of Mattel's Mexican subsidiary and enticed them to steal Mattel trade secrets.  <u>See</u>

21  Mattel's Second Amended Answer and Counterclaims, ¶¶37-54.  Larian may produce documents

22  responsive to Request No. 180 in redacted form as specified above with respect to Request No.

23  179.

24      Request No. 181 (documents relating to telephone calls relating to Bryant by or to Larian)

25  is overbroad as written because it has no time limits.  In his supplemental response, Larian agrees

26  to produce communications prior to January 1, 2001 that are responsive to the request.  Larian's

27  proposed limitation is a reasonable compromise that will provide Mattel with relevant documents

28  without imposing an undue burden.  Accordingly, Larian shall produce documents responsive to

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

12

EXHIBIT __H__ PAGE __181__

1   Request No. 181 consistent with his supplemental response, and may produce such documents in

2   redacted form as specified above with respect to Request No. 179.

3

4   Statements to the Media:  Request Nos. 190-192, 194-197 and 199

5          In Request Nos. 190-192, 194-197 and 199, Mattel seeks communications between Larian

6   and members of the press or financial institutions relating to Bratz, Bryant, Mattel or this action.

7   Mattel contends that the requests are sufficiently narrowly tailored to seek information that goes

8   to the issues in the lawsuit.  More specifically, Mattel contends that the request are relevant to

9   Mattel's allegation that MGA and Larian repeatedly issued false and misleading press releases

10  regarding Bratz's sales, Bratz's market share, Bratz's position relative to Mattel's Barbie

11  products, sales of Mattel's Barbie products, and the market share of Mattel's Barbie products.

12  Further, Mattel contends that statements to lenders or investors relating to Bratz or Bryant may

13  also contain admissions regarding the origin and conception of Bratz and statements relevant to

14  damages.

15         Larian contends that the requests are overbroad and unduly burdensome, particularly

16  because several of the requests seek publicly available information.  Further, Larian points out

17  that the court has already considered and rejected as overbroad a nearly identical request served

18  on MGA that called for all documents relating to any communications by MGA with any news

19  organization regarding the contested MGA products or the contested Mattel products.  Larian

20  contends that the same reasoning applies to the instant requests.

21         Mattel's motion to compel documents responsive to Request Nos. 190-192, 194-197 and

22  199 is denied.  Although several of the requests encompass potentially relevant documents, the

23  requests are overbroad and encompass documents that have little to no relevance to the claims and

24  defenses in the case.  Not one of the requests is limited to relevant subject matters, such as Bratz's

25  sales, Bratz's market share, Bratz's position relative to Mattel's Barbie products, sales of Mattel's

26  Barbie products, the market share of Mattel's Barbie products, the origin and conception of Bratz,

27  or damages.

28  //

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

13

EXHIBIT __H__ PAGE 182

1    Furthermore, many of these overbroad requests seek publicly available information that is

2    readily accessible to Mattel for which Larian should not be burdened.  To the extent the requested

3    documents and information are not publicly available, such documents and information are

4    marginally, if at all, relevant because they are not likely to have caused Mattel compensable harm.

5    In either case, the burden and expense of searching for and producing responsive documents are

6    unjustified.

7

8    Communications With Mattel Employees:  Request No. 198

9    In Request No. 198, Mattel seeks all communications between Larian and any individual

10   while the individual was employed by Mattel.  Mattel contends that this request is directly

11   relevant to Mattel's claims of trade secret theft, and that the relevancy outweighs any purported

     burden of production.

12   Larian contends that the request is overbroad and unduly burdensome because it is

13   unrestricted as to time and subject matter.  Larian also points out that the court has previously

14   found a similar request overbroad.  Larian further contends that employees in the toy industry are

15   likely to maintain contacts with other toy manufacturers, and that a large corporation such as

16   Mattel is likely to have a high number of employees communicating with MGA or its officers,

17   which makes the request more unduly burdensome and unreasonable than it appears on its face.

18   Unlike other requests regarding communications, Request No. 198 is reasonably tailored

19   to the specific and numerous allegations in the case regarding alleged trade secret theft.  Although

20   the request is not limited by subject matter, it is limited in other respects to seek relevant

21   documents without imposing an undue burden.  The request is limited to communications

22   between Larian (and not MGA or persons acting on his behalf) and individuals employed at

23   Mattel.  The request is also limited to only those communications that took place while the

24   individuals were employed at Mattel.

25   Nevertheless, an additional temporal limit is appropriate to tailor the request to Mattel's

26   allegations of trade secret theft.  The alleged trade secret theft began with Bryant's conduct in

27   1999 and continued to 2005.  Accordingly, Larian shall produce documents responsive to Request

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

14

EXHIBIT __H__ PAGE 183

1    No. 198 that are limited to the time frame 1999 to 2005.

2

3    Personal Financial Data: Request Nos. 207-209 and 269

4          In Request No. 207, Mattel seeks documents sufficient to identify each of Larian's banks

5    or financial institutions and other banking relationships since January 1, 1999.  In Request No.

6    208, Mattel seeks documents sufficient to establish Larian's gross income and sources for such

7    income for each year from 1999 to the present.  In Request No. 209, Mattel seeks Larian's federal

8    and state tax returns for each year from 1999 to the present.  In Request No. 269, Mattel seeks

9    documents sufficient to show or calculate Larian's net worth on a yearly basis for each year from

10   1999 to the present.

11         Mattel contends that Request No. 207 seeks information reasonably calculated to lead to

12   information showing the timing of payments to Bryant and others, which in turn is relevant to the

13   timing of the development of Bratz and issues of credibility.  Mattel contends that Request Nos.

14   208-209 and 269 seek non-privileged information that is directly relevant to Larian's financial

15   condition, which in turn is relevant to damages.  Further, Mattel contends that it is entitled to

16   information regarding the sources of Larian's income to determine whether they are attributable

17   to the alleged misconduct and thus subject to disgorgement.

18         Larian contends that the requested personal financial information is not relevant to the

19   claims or defenses at issue.  More specifically, Larian contends that neither the names of his

20   banks nor his gross income have any bearing upon either compensatory or punitive damages or

21   Mattel's claim for disgorgement of profits.  Larian further contends that there is no support for

22   Mattel's supposition that Larian has siphoned off MGA assets for his own personal benefit.

23         Larian also contends that all three of the requests overlap substantially with requests

24   Mattel previously propounded upon MGA, and that Mattel has failed to justify the duplication or

25   burden posed by these requests to him.  Further, Larian contends that the court has previously

26   found that Mattel was not entitled to obtain tax returns from Bryant, and that Mattel has offered

27   no reason why the same result should not apply here.

28         Mattel's motion to compel responses to Request Nos. 207-208 and 269 is granted.  The

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                           15

EXHIBIT __H__ PAGE _184_

1   requests are reasonably calculated to lead to the discovery of admissible evidence relevant to

2   several issues in the case.  For example, the requested information is likely to lead to information

3   regarding payments from Larian to Bryant, which is relevant to, among other things, the timing of

4   the creation of Bratz.  The requested information is also likely to show Larian's income and net

5   worth, which are relevant to damages.  Further, Larian has failed to establish that the requests are

6   unduly burdensome.  Although Mattel has sought and obtained broad discovery of financial

7   information from MGA, Mattel is also entitled to seek financial information directly from Larian.

8          Mattel's motion is denied as to Request No. 209, provided that Larian complies with

9   Request Nos. 207, 208 and 269.  In light of the discovery of financial information ordered herein

10  and other requests propounded to MGA, Mattel has not shown a compelling need for Larian's tax

11  returns.

12  <u>Storage Devices:  Request Nos. 222 and 224</u>

13         In Request Nos. 222 and 224, Mattel seeks digital storage devices and documents relating

14  to digital storage devices used by Larian to create, prepare, generate, copy, transmit, receive,

15  delete or modify digital information relating to Bratz, Angel, or Bryant.  Mattel contends that a

16  request for documents under Rule 34, Fed.R.Civ.P., operates as a request for documents stored in

17  electronic form.  Mattel also contends that Rule 34 permits a party to obtain and test computer

18  hard drives and other storage devices.

19         Larian contends that the requests are overbroad, unduly burdensome, duplicative, and

20  ignore his privilege and privacy interests.  Larian also objects to an inspection of his actual hard

21  drives or other storage devices based upon the Committee Note to Rule 34, Fed.R.Civ.P., which

22  states that the amendment of Rule 34 relating to "electronically stored information is not meant to

23  create a routine right of direct access to a party's electronic information system."  <u>See</u>

24  Fed.R.Civ.P. 34(a)(1), 2006 Adv. Comm. Notes.  Larian contends that there is no justification for

25  an inspection of his electronic devices because there is no allegation that he improperly deleted

26  documents.

27         Mattel's motion to compel documents responsive to Request Nos. 222 and 224 is denied.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                16

EXHIBIT H   PAGE 185

With respect to Request No. 222, Larian correctly notes that Rule 34 was not intended to authorize the routine production of a party's electronic devices.  Mattel attempts to justify Request No. 222 by pointing to various instances of alleged destruction of evidence.  See Mattel's Consolidated Separate Statement at pp. 203-204 (purported destruction of Larian's computer laptops; "wiping" information from the hard drives of Larian's computer laptops every six months; redacting "Barbie Collectibles" from a faxed version of Bryant's Bratz agreement; and destructive testing of Bryant's original Bratz drawings).  However, Mattel fails to explain how these alleged instances of evidence destruction justify Request No. 222, other than to assert that it has a right to inspect Larian's storage devices to ensure that relevant information has not been deleted or permanently destroyed.  Mattel's stated purpose suggests instead that Mattel is launching a fishing expedition in pursuit of new claims, which is not permitted by the Federal Rules of Civil Procedure.  See e.g. Rivera v. NIBCO, Inc., supra.  Furthermore, Mattel's stated purpose for inspecting Larian's storage devices does not justify the breadth of Request No. 222.  Among other things, Request No. 222 encompasses every storage device that Larian has used to copy digital information relating to Bratz.  Mattel does not need every CD and DVD containing copies of Bratz-related video and audio content, but that is what the request seeks.

Request No. 222 is also duplicative because it requests information that is sought in numerous other requests served on Larian as well as MGA.  Mattel has served hundreds of requests for documents and communications relating to Bratz, Angel, and Bryant.  To comply with the requests, Larian was required to search for documents in both hard-copy and electronic form.  Under the circumstances, it is unnecessary for Larian to also produce the requested storage devices.

Documents responsive to Request No. 224 are minimally relevant (if at all) to the claims and defenses in the case, and therefore do not justify the burden of production on Larian.

Bryant's Storage Devices:  Request Nos. 225, 227 and 228

In Request Nos. 225, 227 and 228, Mattel seeks digital storage devices and documents relating to digital storage devices used by Bryant to create, prepare, generate, copy, transmit,

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

17

EXHIBIT  H   PAGE 186

1  receive, delete or modify digital information relating to Bratz, Angel, or MGA.

2      Larian contends that the requests are improperly directed to him because he does not have

3  personal possession of Bryant's hard drive or storage devices, or other information about those

4  devices. Mattel's Consolidated Separate Statement at p. 206. Larian also contends that the

5  requests are overbroad and unduly burdensome for the reasons discussed above in connection

6  with Request Nos. 222 and 224.

7      Mattel's motion to compel documents responsive to Request Nos. 225, 227 and 228 is

8  denied for the reasons already discussed in connection with Request Nos. 222 and 224.

9

10 MGA Hong Kong and MGA Mexico:  Request Nos. 272 and 273

11     In Request Nos. 272 and 273, Mattel seeks documents relating to the ownership of MGA

12 Entertainment HK Ltd. ("MGA Hong Kong") and MGAE de Mexico S.r.l. de C.V. ("MGA

13 Mexico"), both of which are named defendants. In his supplemental responses, Larian agrees to

14 produce documents sufficient to show the ownership of these entities.

15     Mattel contends that the requests seek information relevant to refute MGA Mexico's

16 personal jurisdiction defense, and which bear on whether the acts of Larian and others are

17 attributable to the entities. Mattel also contends that Larian's (or MGA's ) ownership interest in

18 these companies is relevant to net worth. Mattel contends that Larian's supplemental response is

19 inadequate because it would allow Larian to withhold contradictory information and conceal the

20 true ownership of the business entities. Furthermore, Mattel contends that it is entitled to know

21 the ownership of these entities at times when different allegedly wrongful acts took place and to

22 determine if the ownership structure changed as a means of concealing assets or concealing the

23 payments of commercial bribes.

24     Larian contends that these requests should not be made to him, but to the entities

25 themselves or to MGA. Further, Larian contends that the requests are duplicative of a request

26 Mattel served on MGA Mexico, another request served on MGA Hong Kong, and another request

27 served on MGA. Moreover, Larian contends that the requests are overbroad and unduly

28 burdensome, and that at most, he should only have to produce a list of owners.

EXHIBIT __H__ PAGE __187__

1    Mattel contends that Larian cannot avoid his duty to respond to these requests simply by

2    saying that the information is obtainable from another source.  Further, Mattel contends that

3    Larian has failed to establish that the requests are unduly burdensome.

4    Mattel's motion to compel documents responsive to Request Nos. 272-273 is denied

5    pursuant to Rule 26(b)(2), Fed.R.Civ.P., because the requested information is clearly obtainable

6    from another source that is more convenient, less burdensome, or less expensive, namely MGA

7    Mexico and MGA Hong Kong.  The requests are also overbroad and unduly burdensome.

8    ## IV. CONCLUSION

9    For the reasons set forth above, it is hereby ordered as follows:

10    1.    At meet and confer sessions held after the filing of this motion, Larian agreed to

11    produce documents in response to Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-76, 82-101, 139-

12    146, 213, 221 and 223.  Accordingly, Larian shall produce, without limitation, all non-privileged

documents that are responsive to these Requests.

13    2.    With respect to the remaining requests that are at issue in this motion, Larian shall:

14    A.    produce, without limitation, all non-privileged documents that are

15    responsive to Request Nos.  79, 180, 198 (for the time period 1999-2005), 207, 208 and

16    269; and

17    B.    produce, in accordance with his supplemental responses, non-privileged

18    documents that are responsive to Request Nos. 80, 81, 113-115, 123-125, 179, 181 and

19    209.

20    C.    Larian may produce documents responsive to Request Nos. 179, 180 and

21    181 in redacted form as provided herein.

22    D.    Mattel's motion is denied as to Request No. 178, 190-192, 194-197, 199,

23    209, 222, 224, 225, 227, 228, 272 and 273.

24    3.    Larian shall produce all non-privileged documents that are required by this Order

25    that are in his possession, custody or control and that have not already been produced no later

26    than January 11, 2008.

27    4.    Larian shall produce a privilege log no later than January 15, 2008.

28    

EXHIBIT __H__ PAGE 188

1      5.      Mattel's request for sanctions is denied.

2          Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

3  Master, Mattel shall file this Order with the Clerk of Court forthwith.

4

5  Dated: December 31, 2007

6                                          HON. EDWARD A. INFANTE (Ret.)
                                                Discovery Master

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Bryant v. Mattel, Inc.,                                                20
     CV-04-09049 SGL (RNBx)

EXHIBIT __H__ PAGE __189__

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 2, 2008, I served

the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO

COMPEL PRODUCTION OF DOCUMENTS BY ISAAC LARIAN; DENYING REQUEST FOR

SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above

is true and correct.

Executed on January 2, 2008, at San Francisco, California.

_Sandra Chan_
Sandra Chan

EXHIBIT __H__ PAGE __190__

**Exhibit I**

# THIS DOCUMENT HAS BEEN MARKED <u>CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER</u> AND IS THEREFORE SUBMITTED HEREWITH SEPARATELY UNDER SEAL.

**Exhibit J**

**RECEIVED**

JAN 2 5 2008

1  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  Four Embarcadero Center, Suite 3800
   San Francisco, CA 94111
3  Telephone:  (415) 984-6400
   Facsimile:   (415) 984-2698
4
5  AMY S. PARK (Bar No. 208204)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   525 University Avenue
6  Palo Alto, California 94025-1902
   Telephone:  (650) 470-4511
7  Facsimile:   (888) 329-6334
   E-mail:   apark@skadden.com
8
   Attorneys for Counter-Defendants,
9  MGA ENTERTAINMENT, INC.,
   ISAAC LARIAN, MGA ENTERTAINMENT
10 (HK) LIMITED, AND MGAE de MEXICO
   S.R.L. de C.V.
11

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

                **EASTERN DIVISION**

14 CARTER BRYANT, an individual        )   CASE NO. CV 04-9049 SGL (RNBx)
                                       )
15              Plaintiff,             )   Consolidated with Case No. 04-9059
                                       )   and Case No. 05-2727
16    v.                               )
                                       )   **OBJECTIONS OF MGA**
17 MATTEL, INC., a Delaware            )   **ENTERTAINMENT, INC.,**
   corporation                         )   **ISAAC LARIAN, MGA**
18                                     )   **ENTERTAINMENT (HK)**
                Defendant.             )   **LIMITED, AND MGAE DE**
19                                     )   **MEXICO S.R.L. DE C.V. TO**
                                       )   **MATTEL INC.'S SUBPOENA**
20                                     )   **TO BANK OF AMERICA**
                                       )
21                                     )
                                       )
22                                     )   Honorable Stephen G. Larson
                                       )   Courtroom 1
23                                     )
                                       )
24 ─────────────────────────────       )
   Consolidated with MATTEL, INC. v.   )
25 BRYANT and MGA                       )
   ENTERTAINMENT, INC. v.               )
26 MATTEL, INC.                         )
                                       )
27

28 ─────────────────────────────────────────────────────────
        OBJECTIONS OF THE MGA ENTITIES TO MATTEL'S SUBPOENA FOR
           PRODUCTION OF DOCUMENTS TO BANK OF AMERICA

                        1-25

                EXHIBIT _J_ PAGE 191

MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (the "MGA Entities") hereby respond to Plaintiff Mattel's ("Plaintiff") Subpoena for Production of Documents (the "Requests" or the "Subpoena"), served on Bank of America, as follows:

## GENERAL OBJECTIONS

1.     The MGA Entities object to the Subpoena and each and every Request on the grounds that the Subpoena fails to allow reasonable time for compliance.  *See* Fed. R. Civ. P. 45(c)(3)(A)(i).  Although the Subpoena states that it was issued on January 15, 2008, Plaintiff did not serve Bank of America until January 17, allowing less than three court days for compliance.  Likewise, Plaintiff did not provide the MGA Entities with notice of the Subpoena until the evening of January 24, thus providing them an unacceptable and unreasonable amount of time for response.

2.     The MGA Entities object to the Subpoena and each and every Request on the ground that the Subpoena fails to comply with Rule 45's prior notice requirement, rendering the Subpoena a nullity.  Fed. R. Civ. P. 45(b)(1) ("Prior notice of any commanded production of documents and things or inspection of premises before trial *shall* be served on each party in the manner prescribed by Rule 5(b).") (emphasis added).

3.     The MGA Entities object to the Subpoena and each and every Request to the extent that they seek documents that are protected from disclosure by any applicable privilege, doctrine or right, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, which is protected by virtue of the Ninth Amendment to the United States Constitution, Article 1, Section 1 of the California Constitution, and all other rights and privileges recognized under the constitutional, statutory or decisional law of the United States, the State of California, and all relevant jurisdictions.  Nothing done in relation to the Subpoena is intended to or shall operate as a waiver by the MGA Entities, intentionally or

1

OBJECTIONS OF THE MGA ENTITIES TO MATTEL'S SUBPOENA FOR
PRODUCTION OF DOCUMENTS TO BANK OF AMERICA

1 otherwise, of the attorney-client privilege, work product doctrine protection, or any
2 other applicable privilege, doctrine or immunity protecting the communications,
3 transactions or records of the MGA Entities or any other person from disclosure.

4         4.     The MGA Entities object to the Subpoena and each and every
5 Request to the extent that they seek documents that are protected from disclosure by
6 the accountant-client privilege.

7         5.     The MGA Entities object to the Subpoena and each and every
8 Request to the extent that they seek documents that are protected from disclosure by
9 applicable federal and state tax return privileges. *See, e.g., Premium Service Corp. v.*
10 *Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Southern California*
11 *Housing Rights Center. v. Krug*, 2006 U.S. Dist. LEXIS 65330, **9-10 (C.D. Cal.
12 2006); *Aliotti v. Senora*, 217 F.R.D. 496, 498 (N.D. Cal. 2003); *San Francisco Bay*
13 *Area Rapid Transit District v. Spencer*, 2006 U.S. Dist.  LEXIS 81681, **3-4 (N.D.
14 Cal. 2006); *see also Webb v. Standard Oil Co.*, 49 Cal. 2d. 509, 513-514 (1957); *Sav-*
15 *On Drugs, Inc. v. Sup. Ct.*, 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut*, 103 Cal.
16 App. 3d 557, 562 (1982).

17         6.     The MGA Entities object to the Subpoena and each and every
18 Request to the extent that they seek the production of documents that contain trade
19 secrets, confidential, commercially sensitive and/or other proprietary or competitive
20 information that is subject to Bank of America's, the MGA Entities', or any other
21 person's constitutional, statutory or common law right of privacy or protection.  The
22 MGA Entities object to the production of any such documents to the extent they exist.

23         7.     The MGA Entities object to the Subpoena and each and every
24 Request to the extent that they seek documents that are not relevant to the claims and
25 defenses in this action or are not reasonably calculated to lead to the discovery of
26 admissible evidence.  The MGA Entities' response to any Request that seeks
27 documents beyond that scope shall not be deemed an admission or acknowledgment
28

2

OBJECTIONS OF THE MGA ENTITIES TO MATTEL'S SUBPOENA FOR
PRODUCTION OF DOCUMENTS TO BANK OF AMERICA

EXHIBIT __1__ PAGE 193

1 | that such Request calls for information relevant to this action and is without

2 | prejudice to the MGA Entities' right to contend at any other time that the requested

3 | documents are irrelevant, immaterial or otherwise objectionable.

4 |         8.    The MGA Entities object to the Subpoena and each and every

5 | Request insofar as they seek the production of documents that, by reason of public

6 | filing, other public availability, or otherwise, are already in Plaintiff's possession,

7 | custody or control.

8 |         9.    The MGA Entities object to the Subpoena and each and every

9 | Request (including the Definitions) to the extent that they are overbroad, otherwise

10 | unlimited as to time, oppressive, vague, ambiguous, harassing, annoying, redundant,

11 | duplicative, overlapping, repetitive or cumulative, and/or otherwise unduly

12 | burdensome, thereby rendering the Subpoena unenforceable. *See, e.g.,* Fed. R. Civ.

13 | P. 45(c)(l) ("A party or an attorney responsible for the issuance and service of a

14 | subpoena shall take reasonable steps to avoid imposing undue burden or expense on

15 | a person subject to that subpoena."); *High Tech Medical Instrumentation v. New*

16 | *Image Indus.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long

17 | held that nonparties subject to discovery requests deserve extra protection from the

18 | courts.").

19 |        10.    The MGA Entities object to the Subpoena and each and every

20 | Request insofar as they seek the production of documents that are more easily

21 | obtained from other entities, including the parties to this action.

22 |        11.    The MGA Entities object to the Subpoena and each and every

23 | Request to the extent they seek production of documents that have already been

24 | produced to Plaintiff, whether in these proceedings or any others.

25 |        12.    The MGA Entities object to the Definitions on the grounds that

26 | they are vague, unclear or overbroad and, when applied to the Requests, purport to

27 |

28 |

3

OBJECTIONS OF THE MGA ENTITIES TO MATTEL'S SUBPOENA FOR<br>PRODUCTION OF DOCUMENTS TO BANK OF AMERICA

EXHIBIT ___J___ PAGE 194

1  impose obligations not authorized by Rule 45 of the Federal Rules of Civil Procedure.

2  By way of example only, the MGA Entities object to the following definitions:

3            (a)    The MGA Entities object to the definition of the term

4  "YOU" and "YOUR" as vague, ambiguous, overbroad, and unduly burdensome.

5  The definition includes "Bank of America, and all YOUR parents, subsidiaries,

6  divisions, affiliates or affiliated entities, past or present employees, agents,

7  representatives, independent contractors, any predecessors or successors in interest,

8  and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or

9  subject to YOUR control."  In many instances, it is impossible for the MGA Entities,

10  much less Bank of America, to know whether a particular person or entity comes

11  within this definition unless that person or entity at some point in time held himself

12  or herself out as such.  The MGA Entities additionally object to these terms because

13  they call for legal conclusions.

14            (b)    The MGA Entities object to the definition of the term

15  "ISAAC LARIAN," as vague, ambiguous, overbroad, and unduly burdensome.  The

16  definition purports to include:  "all of his current or former employees, agents,

17  representatives, attorneys, accountants, vendors, consultants, independent contractors,

18  predecessors-in-interest and successors-in-interest, relative (whether by blood or

19  marriage), and any other PERSON acting on his behalf, pursuant to his authority or

20  subject to his control."  In many instances, it is impossible for the MGA Entities,

21  much less Bank of America, to know whether a particular person or entity comes

22  within this definition unless that person or entity at some point in time held himself

23  or herself out as such.  The MGA Entities additionally object to these terms because

24  they call for legal conclusions.

25            (c)    The MGA Entities object to the definitions of the term

26  "ACCOUNT" and "ACCOUNTS" as vague, ambiguous, overbroad, and unduly

27  burdensome.  The definition includes "any account of any type, including but not

28

4

EXHIBIT __J__ PAGE __195__

1   limited to any checking account, savings account, deposit account, credit card

2   account, line of credit account, charge account, and any other account of any type."

3   In many instances, it is impossible for the MGA Entities, much less Bank of America,

4   to know what falls within this definition unless that person or entity at some point in

5   time held himself or herself out as such.  The MGA Entities additionally object to

6   these terms because they call for legal conclusions.

7          13.   The MGA Entities object to the Requests and, in particular, the

8   Instructions, to the extent that they purport to impose any requirements not imposed

9   by the Federal Rules of Civil Procedure.  By way of example only, the MGA Entities

10   object to Instruction d., which purports to require Bank of America to "identify the

11   source of all DOCUMENTS produced, and the person for whom, or department,

12   division or office for which, such DOCUMENTS are maintained."  Federal Rule of

13   Civil Procedure 45(d)(l) requires only that "[a] person responding to a subpoena to

14   produce documents shall produce them as they are kept in the usual course of

15   business or shall organize and label them to correspond with the categories in the

16   demand."

17          14.   The MGA Entities object to the Subpoena and each and every

18   Request to the extent they seek production of documents generated after service of

19   the Subpoena.

20          15.   Except as otherwise stated below, an objection to a specific

21   document Request does not imply that documents responsive to that category exist or

22   that the MGA Entities accept the purported factual predicate for any Request.

23          16.   Without waiving any of the foregoing General Objections, each

24   of which is expressly incorporated into each individual response as if fully stated

25   therein, the MGA Entities object to each and every specific Request for documents,

26   subject to the following additional express reservations of rights:

27

28                                             5

OBJECTIONS OF THE MGA ENTITIES TO MATTEL'S SUBPOENA FOR
PRODUCTION OF DOCUMENTS TO BANK OF AMERICA

EXHIBIT __J__  PAGE 196

1          (a)     The right to object on any and all grounds, at any time, to

2  these or any other requests for production and inspection of documents or other

3  discovery procedures involving or relating to the subject matter of the Requests,

4  including by way of a motion to quash or modify the subpoena or a motion for a

5  protective order; and

6          (b)     The right at any time to revise, correct, supplement or

7  clarify any of the responses and objections propounded herein.

8          **SPECIFIC OBJECTIONS AND RESPONSES**

9  <u>REQUEST NO. 1:</u>

10     All DOCUMENTS REFERRING OR RELATING TO ISAAC LARIAN from

11  January 1, 1999 to the present, inclusive.

12  <u>RESPONSE TO REQUEST NO. 1:</u>

13     The MGA Entities incorporate by reference their General Objections as

14  though fully set forth herein.  The MGA Entities further object to the extent that this

15  request seeks information that is protected from disclosure under the attorney-client

16  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

17  Entities further object to this request to the extent it seeks documents protected by

18  the accountant-client privilege.  The MGA Entities further object to the request to the

19  extent that it seeks documents protected from disclosure by applicable federal and

20  state tax return privileges.  The MGA Entities further object to this request to the

21  extent that it seeks documents that contain trade secrets, confidential, commercially

22  sensitive and/or other proprietary or competitive information that is subject to the

23  MGA Entities' or any other person's constitutional, statutory or common law right of

24  privacy or protection.  The MGA Entities further object that this request calls for the

25  production of documents that are not relevant to a claim or defense in the pending

26  litigation or reasonably calculated to lead to the discovery of admissible evidence.

27  The MGA Entities further object to this request as being overly broad, burdensome

28

EXHIBIT ___J___ PAGE __197__

1    and harassing to a non-party to the extent that it seeks to force Bank of America to

2    produce documents or information available from parties to the litigation. The MGA

3    Entities further object to this request on the grounds that it is overbroad as to subject

4    matter and time; in particular, the MGA Entities object to the definition of "ISAAC

5    LARIAN" on the grounds that it is overbroad, vague and ambiguous.

6    REQUEST NO. 2:

7         All DOCUMENTS REFERRING OR RELATING TO any ACCOUNTS

8    maintained by YOU that are in the name of, for the benefit of or concern ISAAC

9    LARIAN, including but not limited to statements, monthly statements, daily

10   transaction history reports, monthly transaction history reports, deposit reports,

11   deposit slips, canceled checks, signature cards, and COMMUNICATIONS

12   REFERRING OR RELATING TO such ACCOUNTS, created between January 1,

13   1999 and the present, inclusive.

14   RESPONSE TO REQUEST NO. 2:

15        The MGA Entities incorporate by reference their General Objections as

16   though fully set forth herein.  The MGA Entities further object to the extent that this

17   request seeks information that is protected from disclosure under the attorney-client

18   privilege, the work product doctrine and/or the joint interest privilege.  The MGA

19   Entities further object to this request to the extent it seeks documents protected by

20   the accountant-client privilege.  The MGA Entities further object to the request to the

21   extent that it seeks documents protected from disclosure by applicable federal and

22   state tax return privileges.  The MGA Entities further object to this request to the

23   extent that it seeks documents that contain trade secrets, confidential, commercially

24   sensitive and/or other proprietary or competitive information that is subject to the

25   MGA Entities' or any other person's constitutional, statutory or common law right of

26   privacy or protection.  The MGA Entities further object that this request calls for the

27   production of documents that are not relevant to a claim or defense in the pending

28

7

OBJECTIONS OF THE MGA ENTITIES TO MATTEL'S SUBPOENA FOR<br>PRODUCTION OF DOCUMENTS TO BANK OF AMERICA

EXHIBIT __J__ PAGE __198__

1 litigation or reasonably calculated to lead to the discovery of admissible evidence.

2 The MGA Entities further object to this request as being overly broad, burdensome

3 and harassing to a non-party to the extent that it seeks to force Bank of America to

4 produce documents or information available from parties to the litigation. The MGA

5 Entities further object to this request on the grounds that it is overbroad as to subject

6 matter and time; in particular, the MGA Entities object to the definitions of "YOU,"

7 "ACCOUNTS," and "ISAAC LARIAN" on the grounds that they are overbroad,

8 vague and ambiguous.  The MGA Entities further object on the grounds that this

9 request is vague, ambiguous and overbroad, particularly as to the meaning of

10 "benefit" and "concern."

11 REQUEST NO. 3:

12       DOCUMENTS sufficient to show the account number of all ACCOUNTS

13 maintained by YOU in the name of, for the benefit of or concerning ISAAC

14 LARIAN between January 1, 1999 and the present, inclusive.

15 RESPONSE TO REQUEST NO. 3:

16       The MGA Entities incorporate by reference their General Objections as

17 though fully set forth herein.  The MGA Entities further object to the extent that this

18 request seeks information that is protected from disclosure under the attorney-client

19 privilege, the work product doctrine and/or the joint interest privilege.  The MGA

20 Entities further object to this request to the extent it seeks documents protected by

21 the accountant-client privilege.  The MGA Entities further object to the request to the

22 extent that it seeks documents protected from disclosure by applicable federal and

23 state tax return privileges.  The MGA Entities further object to this request to the

24 extent that it seeks documents that contain trade secrets, confidential, commercially

25 sensitive and/or other proprietary or competitive information that is subject to the

26 MGA Entities' or any other person's constitutional, statutory or common law right of

27 privacy or protection.  The MGA Entities further object that this request calls for the

28

8

OBJECTIONS OF THE MGA ENTITIES TO MATTEL'S SUBPOENA FOR
PRODUCTION OF DOCUMENTS TO BANK OF AMERICA

EXHIBIT __J__ PAGE 199

1 | production of documents that are not relevant to a claim or defense in the pending
2 | litigation or reasonably calculated to lead to the discovery of admissible evidence.
3 | The MGA Entities further object to this request as being overly broad, burdensome
4 | and harassing to a non-party to the extent that it seeks to force Bank of America to
5 | produce documents or information available from parties to the litigation. The MGA
6 | Entities further object to this request on the grounds that it is overbroad as to subject
7 | matter and time; in particular, the MGA Entities object to the definitions of "YOU,"
8 | "ACCOUNTS," and "ISAAC LARIAN" on the grounds that they are overbroad,
9 | vague and ambiguous. The MGA Entities further object on the grounds that this
10 | request is vague, ambiguous and overbroad, particularly as to the meaning of
11 | "benefit" and "concerning."

12 | REQUEST NO. 4:

13 |      All DOCUMENTS showing or relating to any ACCOUNTS held by ISAAC
14 | LARIAN or any ACCOUNTS on which ISAAC LARIAN has signatory authority at
15 | any other financial institution.

16 | RESPONSE TO REQUEST NO. 4:

17 |      The MGA Entities incorporate by reference their General Objections as
18 | though fully set forth herein. The MGA Entities further object to the extent that this
19 | request seeks information that is protected from disclosure under the attorney-client
20 | privilege, the work product doctrine and/or the joint interest privilege. The MGA
21 | Entities further object to this request to the extent it seeks documents protected by
22 | the accountant-client privilege. The MGA Entities further object to the request to the
23 | extent that it seeks documents protected from disclosure by applicable federal and
24 | state tax return privileges. The MGA Entities further object to this request to the
25 | extent that it seeks documents that contain trade secrets, confidential, commercially
26 | sensitive and/or other proprietary or competitive information that is subject to the
27 | MGA Entities' or any other person's constitutional, statutory or common law right of
28 |

9

EXHIBIT __J__ PAGE _200_

1   privacy or protection. The MGA Entities further object that this request calls for the

2   production of documents that are not relevant to a claim or defense in the pending

3   litigation or reasonably calculated to lead to the discovery of admissible evidence.

4   The MGA Entities further object to this request as being overly broad, burdensome

5   and harassing to a non-party to the extent that it seeks to force Bank of America to

6   produce documents or information available from parties to the litigation. The MGA

7   Entities further object to this request on the grounds that it is overbroad as to subject

8   matter and time; in particular, the MGA Entities object to the definitions of

9   "ACCOUNTS," and "ISAAC LARIAN" on the grounds that they are overbroad,

10   vague and ambiguous. The MGA Entities further object on the grounds that this

11   request is vague, ambiguous and overbroad, particularly as to the meaning of "other

12   financing."

16   DATED: January 25, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
Amy S. Park
Attorneys for Counter-Defendants, MGA
ENTERTAINMENT, INC., ISAAC LARIAN,
MGA ENTERTAINMENT (HK) LIMITED,
AND MGAE de MEXICO S.R.L. de C.V.

10

EXHIBIT __J__ PAGE _201_