KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                           Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>                           Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard by Discovery Master Hon. Edward Infante (Ret.)]<br><br>**CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      T.B.D.<br>Time:      T.B.D.<br><br>Judge:    Hon. Stephen G. Larson<br>Date Comp. Filed: April 13, 2005<br>Discovery Cut-Off: Jan. 28, 2008<br>Trial Date: May 27, 2008 |

# TABLE OF CONTENTS

**Page**

I.      PRELIMINARY STATEMENT ................................................................................1

II.     BACKGROUND ...................................................................................................2

III.    ARGUMENT.........................................................................................................7

    A.     Mattel's refusal to respond to Bryant's discovery requests on grounds that they were improperly served should be overruled and Mattel should be ordered to provide complete, substantive responses................................................7

    B.     Mattel's other, boilerplate objections lack any merit and also should be overruled. ...................................................................................................10

        1.     Mattel's baseless objections to Bryant's Second Set of Interrogatories (No. 20). ...............................................................................................10

        2.     Mattel's baseless objections to Bryant's First Set of Requests for Admission ...........................................................................................12

            a.     Requests regarding Bryant's alleged status as a fiduciary (Nos. 1-13)........................................................................................12

            b.     Requests regarding moonlighting by other Mattel employees and Mattel's (non)enforcement of the form employment agreements it is asserting against Bryant (Nos. 13-17, 26-42, and 57-66). ...................................................................................13

            c.     Requests regarding Mattel's trade secret and conversion allegations (Nos. 18-25 and 52-56).................................................15

            d.     Requests regarding Mattel's contentions as to the meaning and scope of its form employment agreements (Nos. 42-51 and 95-112). ..................................................................................16

            e.     Requests regarding Mattel's causation and damages contentions (Request Nos. 67-94).................................................17

        3.     Bryant's Second Set of Requests for Admission. ......................................17

        4.     Bryant's Fourth Set of Request for Production..........................................18

IV.     CONCLUSION....................................................................................................21

# TABLE OF AUTHORITIES

<u>Page</u>

## FEDERAL CASES

*Cable & Computer Tech.*, 175 F.R.D. at 650 ...................................................13

*Cf. Salley*, 136 F.R.D. at 421 ..............................................................8, 9

*G. & P. Amusement Co. v. Regent Theater Co.*, 9 F.R.D. 721 ...........................7

*In re Grand Jury Subpoenas*, 803 F.2d 493 ..............................................20

*Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403 .......................................11

*Hoffman Const. Co. of Oregon v. Active Erectors and Installers, Inc.*, 969 F.2d 796 ....................2

*Lucero v. Valdez 240*, F.R.D. 591 ........................................................11

*Magnuson v. Video Yesteryear*, 85 F.3d 1424 .........................................2, 7

*Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295 ....................12

*Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468 ......................18

*U.S. Cellular Investment Co. of Los Angeles, Inc. v. GTE MobilNet, Inc.*, 281 F.3d 929 ..........14

*United Coal Cos. v. Powell Construction Co.*, 839 F.2d 958 ..........................13

## STATE CASES

*Collins v. Home Sav. & Loan Association*, 205 Cal.App.2d 86 ......................14

*Slovensky v. Friedman*, 142 Cal.App.4th 1518 .........................................13

410555.03

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, at a telephonic conference before Discovery Master Hon. Edward Infante (Ret.) that will occur at a time to be determined by Judge Infante, Carter Bryant will, and hereby does, move the Court:

(1) for an order overruling Mattel, Inc.'s (Mattel) objections to Bryant's Second Set of Interrogatories (No. 20) and requiring Mattel to respond to that request fully and completely

(2) for an order overruling Mattel's objections to Bryant's First Set of Requests for Admission and requiring Mattel to respond to those requests fully and completely;

(3) for an order overruling Mattel's objections to Bryant's Second Set of Requests for Admission and requiring Mattel to respond to those requests fully and completely; and

(4) for an order overruling Mattel, Inc.'s (Mattel) objections to Bryant's Fourth Set of Requests for Production Nos. 10, and 21-32 and requiring Mattel to respond to those requests fully and completely.

This motion is made pursuant to Federal Rules of Civil Procedure 26, 33, 34, 36, and 37 on the grounds that Mattel's asserted bases for refusing to respond substantively to any of these requests are without merit and are designed and intended to thwart critical discovery regarding Mattel's claims and Bryant's defenses in this case and to prevent the ultimate resolution of this litigation on the merits.

The parties met and conferred regarding this Motion on February 6, 2008, and thereafter, as required by Local Rule 37-1, but were unable to resolve this dispute.

///

1

410555.03

1   This Motion is based on this Notice of Motion and Motion, the

2   accompanying Memorandum of Points and Authorities, the Declaration of

3   Matthew M. Werdegar filed concurrently herewith, the record and files of this

4   Court, and all other matters of which the Court may take judicial notice.

5

6                                              Respectfully submitted,

7   Dated:  February 8, 2008                   KEKER & VAN NEST, LLP

8

9

10                                 By: _____
                                        MATTHEW M. WERDEGAR
11                                      Attorneys for Plaintiff
                                        CARTER BRYANT
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

410555.03

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      PRELIMINARY STATEMENT

In an egregious example of "gottcha" litigation that seeks to elevate technicalities over truth-seeking, Mattel has refused substantively to respond to any of the requests in Carter Bryant's First and Second Sets of Requests for Admission and Bryant's Fourth Set of Requests for Production on grounds that these requests were never properly served on Mattel, and has put unreasonable restrictions on its agreement to respond to Bryant's Second Set of Interrogatories.  Bryant served these requests on Mattel via Federal Express and electronic mail on December 26, 2008, thirty-three days before the close of Phase I discovery, and there is no dispute that Mattel actually received all of them.  Mattel served objections to Bryant's First and Second Sets of Requests for Admission and Second Set of Interrogatories on the date responses were due, thus confirming that Mattel received them.  Moreover, Mattel met and conferred with Bryant at length throughout January regarding the scope of these requests and the alleged burden of responding to them.  At no point during the parties' conferences of counsel did Mattel ever assert that the requests were not properly served.  Mattel also has confirmed receipt of Bryant's Fourth Set of Requests for Production, which were sent in the same email message and Federal Express package as Bryant's other requests.

Mattel does not contend that it was prejudiced in any way by Bryant's service of his requests for admission and Second Set of Interrogatories by Federal Express and email, and the only purported prejudice that Mattel has been able to dig up regarding Bryant's requests for production is some unspecified "internal docketing confusion."  Instead, Mattel rests its claim not to have to respond to these requests solely on Bryant's failure to comply with the letter of Federal Rule of Civil Procedure 5(b).  Mattel claims that because of Bryant's harmless procedural error, Mattel is under no obligation to respond.  Mattel is wrong.  Under

controlling Ninth Circuit case law, a failure to comply with the letter of Rule 5(b) is excusable if the receiving party had actual notice of the discovery requests and there is good cause excusing the serving party's failure to serve by U.S. Mail or hand. *See Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1430-31 (9th Cir. 1996).

Here, Mattel had actual notice of all of the discovery requests by December 27th, at the latest. Bryant's failure to comply with the letter of Rule 5(b) has caused no prejudice to Mattel. And Mattel has waived its right to object on the grounds of service by repeatedly accepting service of documents from Bryant by Federal Express and email, without objection or complaint, and by meeting and conferring at length with Bryant about these requests—and even stating that it would respond to some of them—without ever asserting any objection as to the sufficiency of service.

Bryant will be profoundly prejudiced if Mattel is permitted to avoid responding to these discovery requests. The requests all go to core issues relating Mattel's claims against Bryant and Bryant's affirmative defenses to those claim. Allowing Mattel to avoid providing complete substantive responses to these requests would thwart the ultimate goal of the discovery rules, which is to "to resolve disputes on the merits" *Hoffman Const. Co. of Oregon v. Active Erectors and Installers, Inc.*, 969 F.2d 796, 801 (9th Cir. 1992).

Mattel also has asserted a series of boilerplate objections to Bryant's requests. These objections, like its objection based on improper service, are intended only to block legitimate, important discovery, are without merit, and should be overruled in their entirety.

## II.   BACKGROUND

On December 26, 2007, Bryant served a final round of Phase I discovery requests. These requests included Bryant's First and Second Sets of Requests for Admission, Bryant's Second Set of Interrogatories (No. 20), and Bryant's Fourth Set of Requests for Production. *See* Declaration of Matthew M. Werdegar In

2

410555.03

Supp. of Mot. to Compel ("Werdegar Decl.") ¶ 2; Exs. A-D.[1] Unlike Mattel, which has been burying each of the parties in this case with literally thousands of discovery requests, these sets of discovery were the first served by Bryant in more than three years and were designed and intended to obtain final discovery on critical Phase I issues. *Id.* ¶ 2. Issues addressed in these requests include Mattel's contentions as to which, if any, Bryant drawings were prepared during Bryant's employment at Mattel, Mattel's contentions regarding the meaning, scope, and enforcement of its standard form Employee Confidential Information and Inventions Agreement and Conflict of Interest Questionnaire, which are central to Mattel's affirmative claims against Bryant, the bases for Mattel's claims that Bryant was a fiduciary of Mattel, and Mattel's contentions regarding exactly what, if any, Mattel property or resources Mattel contents Bryant unlawfully misappropriated and converted. *See* Section II, B, *infra*.

Bryant served these requests by both Federal Express and electronic mail. *See* Werdegar Decl., ¶ 7; Ex. A (Proof of Service), Ex. B (Proof of Service), Ex. C (Proof of Service); Ex. D (Proof of Service). As a result, Mattel had actual notice of all of these requests on or before December 27, 2008, and in any event sooner than if Bryant had served them by mail. Bryant's utilization of Federal Express and email to serve his discovery requests was far from unprecedented. Bryant had previously served numerous discovery responses on Mattel via Federal Express and email. *See id.*, ¶ 7; Exs. E-J (Proofs of Service for various Bryant discovery responses). Mattel never complained to Bryant that this manner of service was improper, unacceptable, or in any way prejudicial, although Mattel did seek to meet and confer regarding many of these responses and filed motions relating to some, if not all, of them. *Id.*, ¶ 14. Additionally, all of the parties stipulated, in

---

[1] Bryant's Second Set of Interrogatories is attached as Exhibit A, Bryant's First Set of Requests for Admission is attached as Exhibit B, Bryant's Second Set of Requests for Admission is attached as Exhibit C, and Bryant's Fourth Set of Requests for Production is attached as Exhibit D to the Werdegar Declaration.

connection with the appointment of the Discovery Master in this case, to accept service of discovery-related pleadings via electronic mail,[2] and Bryant has consistently served his discovery pleadings via electronic mail without complaint by Mattel or any indication from Mattel that this form of service was unreliable or ineffective, or resulted in any internal confusion in Mattel's counsel's office. Werdegar Decl., ¶ 15.

On December 31, 2007, shortly after Bryant served his final round of Phase I discovery requests, counsel for Mattel contacted Bryant to meet and confer regarding Bryant's requests for admission. Werdegar Decl., ¶ 16; Ex. K (Dec. 31, 2007 Proctor let.). Mattel's asserted basis for seeking a conference of counsel had nothing to do with the form of service. Mattel simply claimed that the requests were unduly burdensome. *See id.* ¶ 16; Ex. K. Indeed, counsel for Mattel's letter stated that Mattel intended to seek a protective order providing that it need not respond to the requests, indicating to Bryant that Mattel would otherwise respond. *Id.* Ex. K. Subsequently, on January 3, 2008, counsel for Mattel contacted Bryant to discuss his Second Set of Interrogatories. *Id.* ¶ 17; Ex. L (Jan. 3, 2007 Proctor let.). Again, Mattel's request for a conference did not mention any issue relating to the service of this set of discovery. *See id.* ¶ 17; Ex. L.

Bryant, together with counsel for MGA, thereafter engaged in several telephonic conferences with Mattel regarding Bryant's requests for admission and Interrogatory No. 20, as well as other requests served by MGA. Werdegar Decl., ¶ 18. These conferences, which occurred during the first half of January 2008, were also memorialized in written correspondence between the parties. *Id.* Ex. M. At no point during any of these conferences did Mattel ever assert that Bryant had failed to properly serve his discovery requests. *Id.* ¶ 18. To the contrary, *Mattel agreed to respond to Bryant's Interrogatory No. 20*, as part of a negotiated

---

[2] Stip. For Appointment of A Discovery Master; And Order, Document 107, at 5, ¶ 5 ("Service of any document by fax or electronic mail prior to 6:00 p.m. shall

410555.03

resolution of Mattel's objection that Bryant and MGA had exceeded their limit of fifty interrogatories. *Id.* ¶ 19; Ex. M. Mattel also made clear that its burden objections to Bryant's and MGA's requests for admission did not extend to all of Bryant's requests, but only a limited subset, and that Mattel anticipated responding to at least some of the requests for admission. *Id.* ¶ 20.

On January 28, 2008, following these conferences of counsel, Mattel served its responses to Bryant's First and Second Sets of Requests for Admission and Second Set of Interrogatories. Werdegar Decl., Exs. N-P.[3] In its responses, Mattel objects that the requests were not properly served and, therefore, that it has no obligation to respond. *See, e.g., id.* Ex. N, at 2; Ex. O, at 2; Ex. P, at 2. Mattel did not provide a substantive response to any of the requests. *See id.* Exs. N-P. These responses, which Bryant received on January 30, 2008,[4] were the first indication provided by Mattel that it believed there was a problem with service and that it was not going to respond on that basis. *Id.* ¶ 21. On February 6, 2008, Mattel belatedly provided responses to Bryant's Fourth Set of Requests for Production. *Id.* Ex. Q. These responses also consisted solely of objections. *See id.*

As soon as Bryant received Mattel's (non)responses to his discovery requests, he contacted Mattel to request a conference of counsel regarding Mattel's Rule 5(b) and other objections. Werdegar Decl., ¶ 26; Ex. R. Mattel never responded to Bryant's initial request for a conference. *Id.* ¶ 27. Only after Bryant reiterated his request did Mattel finally agreed to meet and confer on February 6, 2008. *Id.* ¶¶ 27-28; Ex. S. During that conference of counsel, Mattel confirmed that it had in fact received Bryant's First and Second Sets of Requests for Admission and Second Set of Interrogatories and that Bryant's service of these

---

constitute service on that day.").

[3] Mattel's Response to Bryant's Second Set of Interrogatories is attached as Exhibit N, Mattel's responses to Bryant's First Set of Requests for Admission are attached as Exhibit O, and Mattel's responses to Bryant's Second Set of Requests for Admission are attached as Exhibit P.

BRYANT'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS
CASE NO. CV 04-09049 SGL (RNBx)

1   requests by Federal Express and email was the sole basis for Mattel's objection

2   that the requests were improperly served. *Id.* ¶ 29; Ex. T.  Mattel also

3   subsequently confirmed that it had received Bryant's Fourth Set of Requests for

4   Production, which had been sent to Mattel in the same email and Federal Express

5   package as Bryant's Second Set of Interrogatories and First Set of Requests for

6   Admission. *Id.* ¶ 33; Ex. U (Feb. 7, 2008 Proctor let.); Ex. V (email transmitting

7   discovery requests).  Counsel for Bryant inquired whether Mattel was contending

8   that it had been prejudiced in any substantive way by Bryant's service of these

9   requests by Federal Express and email.  Counsel for Mattel was unable to articulate

10  any prejudice, stating instead that "he would have to think about it."  *Id.* ¶ 29; Ex.

11  T (Feb. 6, 2008 Werdegar email).  Subsequently, Mattel claimed—*with respect to*

12  *Bryant's Fourth Set of Requests for Production only*—that Bryant's service by

13  email and Federal Express had somehow led to unspecified "internal docketing

14  confusion." *Id.* Ex. U.

15      During the parties' conference of counsel, Mattel reaffirmed its previous

16  agreement, dating from late January 2008, to provide a substantive response to

17  Bryant's Second Set of Interrogatories (No. 20), provided that Bryant would not

18  argue that Mattel had waived its service objection as to Bryant's other discovery

19  requests by responding to this interrogatory.[5]  Werdegar Decl. ¶ 30; Exs. T & U.

20  Mattel represented that it would provide this response by February 22, 2008. *Id.* ¶

21  30.  However, Mattel stated that its response would likely be limited by objections,

22  and Mattel refused to agree that Bryant could file a motion directed at the

23  sufficiency of Mattel's response, if one proved necessary, after Mattel ultimately

24  provided it, stating instead that any such motion would be untimely.  Werdegar

25  Decl. ¶ 36; Ex. X.  As to Bryant's other discovery requests, Mattel flatly refused to

26  agree to respond under any conditions, despite the fact that Bryant offered to grant

27

28
---

[4] Werdegar Decl. ¶ 21.

[5] Bryant agreed to this condition.  *See* Werdegar Decl. ¶ 30; Ex. T.

6

410555.03

1   Mattel an extension to respond to the requests, and reiterate his earlier offer to limit

2   the scope of those requests for admission that Mattel previously had claimed were

3   unduly burdensome. *Id.* ¶ 31; Exs. T, U, & W (Feb. 8, 2008 Werdegar email).

### III.   ARGUMENT

**A.   Mattel's refusal to respond to Bryant's discovery requests on grounds that they were improperly served should be overruled and Mattel should be ordered to provide complete, substantive responses.**

7   Bryant acknowledges that he did not strictly comply with Federal Rule of

8   Civil Procedure 5(b) in serving his First and Second Sets of Requests for

9   Admission, Second Set of Interrogatories, and Fourth Set of Requests for

10  Production on Mattel.  Bryant served the requests by Federal Express and email,

11  but not by U.S. Mail or personal service.  But that failure, in light of Mattel's prior

12  acceptance of service in this manner and absent any resulting prejudice whatsoever

13  to Mattel, should not result in the suppression of evidence critical to Bryant's

14  defense in this case.  Such a result would be unjust and contrary to the fundamental

15  goals of the Federal Rules.

16  "The Rules of discovery were not meant to be hindered by technicalities that

17  would allow the suppression of evidence which meets the requirements of Rule

18  26(b)."  *G. & P. Amusement Co. v. Regent Theater Co.*, 9 F.R.D. 721, 724 (N.D.

19  Ohio 1949); *see also E.E.O.C. v. U.S. Bakery*, No. Civ. 03-64-HA, 2004 WL

20  1307915, at *2 (D. Or. Feb. 4, 2004) (holding same). With respect to Rule 5(b) in

21  particular, the Ninth Circuit has held that a failure to strictly comply with the rule

22  is excusable if there is (1) actual notice and (2) a showing of exceptional good

23  cause for failing to comply with the rule.  *See Magnuson*, 85 F.3d at 1430-31

24  (adopting test set forth in *Salley v. Bd. of Governors, Univ. of N. Carolina*, 136

25  F.R.D. 417-420 (M.D.N.C. 1991)).  Courts applying this test have held that

26  "exceptional good cause" is satisfied when the party challenging the sufficiency of

27  service has indicated—either by word or by deed—that it would accept service by

28  a means other than U.S. Mail or personal service.

In *Salley*, the court found there to be sufficient good cause where the defendants, who were challenging the sufficiency of service by facsimile, had "implicitly consent[ed] to service by fax transmission prior to the time that the plaintiff faxed her discovery requests" by accepting service in this manner on previous occasions. *See* 136 F.R.D. at 420-21. Similarly, in *Switzer v. Sullivan*, No. 95 C 3793, 1996 WL 52911 (N.D. Ill Feb. 5, 1996), the court found the plaintiff's noncompliance with Rule 5(b) was excused where the defendant had previously agreed to service by facsimile and failed to raise any objection to that form of service promptly upon receiving the plaintiff's faxed discovery requests. *Id.* at *3. Notably, the *Switzer* court also found that the defendant had waived all other objections by failing to timely serve responses to the discovery at issue. *Id.*

The present situation is no different. *See Hernandez v. Gates*, No. CV00-07163GAF, 2004 WL 291225, at *1 (C.D. Cal. Feb. 5, 2004) ("What constitutes compliance with Rule 5 has been addressed on a case-by-case basis in decisions that demonstrate that context plays an important role in determining whether adequate service has been effected in a given case."). *First*, there is no dispute that Mattel received actual notice of Bryant's First and Second Sets of Requests for Admission and Second Set of Interrogatories on or before December 27, 2008—32 days before the close of Phase I discovery. And there is no evidence the Mattel did not also receive Bryant's Fourth Set of Requests for Production, which were sent into the same email and same Federal Express packages at the same time. *Second*, Mattel has waived any objection it may have had to service of these requests by Federal Express and email by repeatedly accepting service from Bryant by these means in the past, and by failing to timely object to this form of service and, instead, agreeing during the parties' conferences of counsel to respond to respond to at least some of Bryant's requests.

Bryant has on numerous prior occasions served his responses to discovery via Federal Express and email. For example, Bryant served his responses to

Mattel's Fourth and Fifth Sets of Requests for Admission and Revised Third, Amended Fourth, Fifth and Sixth Sets of Interrogatories via Federal Express and email, and not U.S. Mail or by hand.  Werdegar Decl., ¶ 7; Exs. E-J.  Mattel never complained about the sufficiency of the service of any of these documents.  *Id.* ¶ 14.  Indeed, although Mattel sought to meet and confer with Bryant regarding many of these responses, and filed motions to compel relating to some of them, Mattel never raised the issue of service by Federal Express and email in any conference of counsel or in any of its motions.  *Id.*  By repeatedly failing to do so, Mattel implicitly agreed to accept service by these means.  *Cf. Salley*, 136 F.R.D. at 421 (defendant implicitly agreed to service by facsimile where defendant accepted service by facsimile on prior occasions without objection).  Mattel is thus estopped from arguing that Bryant's failure to strictly comply with Rule 5(b) alleviates it of any obligation to respond to his discovery requests.  *See id.*

Moreover, Mattel and Bryant met and conferred at length regarding Bryant's discovery requests in early January, weeks before the Phase I discovery cut-off.  Yet during these conferences, Mattel never raised the issue of service.  Werdegar Decl., ¶¶ 16-20; Exs. K & L.  To the contrary, *Mattel ultimately agreed that it would respond to Bryant's Interrogatory No. 20. See id.*, ¶ 19; Ex. M.  Mattel also indicated that its concerns regarding Bryant's requests for admission were limited only to a small subset and that it likely would respond to the others.  *See id.* ¶ 20.  Thus, over a period of weeks, Mattel led Bryant to believe that it was going to respond Bryant's requests.  The first Bryant learned of Mattel's objection to the form of service was when Mattel served its responses.  *Id.* ¶ 21; *cf. Switzer*, 1996 WL 52911, at *3 (finding that defendant was estopped from objecting on the basis of service given, *inter alia,* that defendant never "attempted to consult with [plaintiff's] attorney concerning the defect in service he now complains of").

Of course, had Mattel promptly notified Bryant that, notwithstanding Mattel's repeated acceptance of service from Bryant by Federal Express and email,

9

it was no longer willing to accept service in this form, Bryant could have reserved the discovery requests by personal service.  Service by hand would have been timely on December 27, 2008, when Mattel received the requests by Federal Express, and the next day, December 28, 2008.  But Mattel instead chose to keep its procedural objection secret, so that it could assert it at the last minute in a bid to prevent Bryant from obtaining critical discovery regarding Mattel's claims.

In sum, given that Mattel has not—and cannot—articulate any prejudice that it has suffered no prejudice as a result of Bryant's service by Federal Express and email, the Court should not countenance Mattel's "gottcha" tactics.  Mattel had actual notice of all of Bryant's discovery requests at most a day after he served them and, as discussed above, there is ample good cause to excuse Bryant's failure strictly to comply with Rule 5(b).  Permitting Mattel to avoid responding to these requests on the basis of a procedural technicality would severely hamper Bryant's defense and would be unjust.

**B.      Mattel's other, boilerplate objections lack any merit and also should be overruled.**

In addition to objecting on the basis of service, Mattel asserts a series of boilerplate objections to Bryant's requests.  None of these objections have merit, and they should be overruled.

**1.      Mattel's baseless objections to Bryant's Second Set of Interrogatories (No. 20).**

Bryant's Second Set of Interrogatories consists of a single interrogatory, No. 20.  This interrogatory asks Mattel to identify each Mattel property or resource that Mattel contends Bryant used in connection with the design, development, sale or licensing of any Bratz products.  Mattel objects that this interrogatory is overbroad and unduly burdensome because it calls for "all facts" supporting Mattel's contentions.  Mattel also objects that it does not have enough information to answer.  Mattel has represented that it will respond substantively to this

interrogatory by February 22, 2008.  If its response is full and complete, this portion of Bryant's motion may be moot.  But as things currently stand, Mattel has refused to agree that Bryant can file a motion regarding the sufficiency of Mattel's response after Mattel serves it, claiming that such a motion would be untimely.  Werdegar Decl. Ex. X.  Consequently, Bryant has no choice but to seek an order overruling Mattel's baseless objections at this time.

Mattel has consistently argued in this case that a party is obliged to respond to an interrogatory calling for "all facts" supporting a contention with exactly that, all facts.  Indeed, this argument forms a centerpiece of Mattel's pending Motion to Compel Responses to Interrogatories By Bryant.  *See* Mot. to Compel Responses To Interrog. By Bryant, dated Dec. 13, 2007, at 11-15 (arguing that "all facts" contention interrogatories "are commonly used to elucidate facts regarding a party's contentions, and numerous courts have held them proper").  Bryant believes that the appropriate response to an "all facts" contention interrogatory is to provide the "material" or "principle" facts supporting the responding party's contentions.  *See, e.g., Lucero v. Valdez 240*, F.R.D. 591, *594 (D. N.M. 2007) ("Interrogatories may ask for the material or principal facts that support a party's contentions[.]"); *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, *405 (D. Kan. 1998) ("Interrogatories may, however, properly ask for the 'principal or material' facts which support an allegation or defense.").  Provided that the rules apply equally to all the parties, Bryant would be satisfied with such a response from Mattel.  But whichever way the Court comes out on this issue, the Court's determination must apply equally to Mattel, and Mattel must answer Bryant's Interrogatory No. 20 consistent with that interpretation.

Mattel's second objection, that it lacks sufficient information to respond because of Bryant's alleged failure to provide the necessary discovery, is equally without merit.  Mattel has accused Bryant of misappropriating Mattel property and resources, and it has accused him of conversion, breach of fiduciary duty, and civil

1  RICO violations on that basis.  *See, e.g.,*  Mattel's Amended Answer and

2  Counterclaims, at 33 (¶ 26), 53-59, 64-65, 69-70.  Mattel must have a factual

3  foundation for these claims, otherwise it would be in violation of Rule 11.  Bryant

4  is entitled to that factual foundation, including all facts that Mattel has adduced to

5  date through discovery.  Of course, if additional facts later come to light, Mattel

6  can amend its response to add those facts.  But Bryant is unquestionably entitled to

7  know the current factual bases, if any, for these very serious allegations.

8      **2.**    **Mattel's baseless objections to Bryant's First Set of Requests for Admission**

9

10      **a.**    **Requests regarding Bryant's alleged status as a fiduciary (Nos. 1-13).**

11        Bryant's Requests for Admission Nos. 1-13 all ask Mattel to admit or deny

12  that Bryant, while an employee of Mattel, had certain duties or authority.  For

13  example, Request No. 1 asks Mattel to "Admit that CARTER BRYANT was never

14  an officer of MATTEL during his time as a MATTEL employee" and Request No.

15  2 asks Mattel to "Admit that CARTER BRYANT was never a director of

16  MATTEL during his time as a MATTEL employee."  Mattel has objected that

17  each of these requests, and others in this series, are vague and ambiguous and are

18  irrelevant.  These objections are specious.  These requests are straightforward and

19  clear.  And if there truly were some ambiguity, Mattel could include its own

20  interpretation of the terms it contends are vague in answering the requests.  *See*

21  *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 310 (D. Kan.

22  1996) ("Respondents should exercise reason and common sense to attribute

23  ordinary definitions to terms and phrases utilized in interrogatories.  To clarify

24  their answers, respondents may include any necessary, reasonable definition of

25  such terms or phrases.").

26        These requests also are extremely relevant.  As already discussed, Mattel is

27  accusing Bryant of, among other things, breach of fiduciary duty.  An essential

28  element of this claim is that Bryant was in fact a fiduciary of Mattel.  *See*

*Slovensky v. Friedman*, 142 Cal. App. 4th 1518, 1534 (2006).  Bryant is entitled to discovery pertaining to the factual bases, if any, for Mattel's allegation that Bryant was a fiduciary, despite being an ordinary, non-managerial employee.  Requiring Mattel to respond to these requests will serve the central purpose of requests for admission, which is "to narrow issues for trial to those which are genuinely contested."  *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir. 1988).

      **b.**     **Requests regarding moonlighting by other Mattel employees and Mattel's (non)enforcement of the form employment agreements it is asserting against Bryant (Nos. 13-17, 26-42, and 57-66).**

Bryant's Requests for Admission Nos. 13-17 ask Mattel to admit or deny that it has sued or threatened to sue Mattel employees, other than Bryant, for breach of the standard form employment contracts that it claims Bryant breached. Bryant's Request for Admission Nos. 26-42 ask Mattel to admit or deny that other Mattel employees have done work on the side for other company's, including other toy company's (as the Court is aware, Mattel's claims are based in large part on Bryant's alleged work for MGA while employed at Mattel).  Bryant's Request Nos. 57-66 ask Mattel to admit or deny that it prohibits certain conduct by employees.  Mattel has objected to these requests as irrelevant and/or overbroad and unduly burdensome.

These requests are plainly relevant and well-within the scope of permissible discover under Federal Rule of Civil Procedure 26(b).  Whether and to what extent Mattel has enforced the form employment contracts it is asserting against Bryant, and whether Mattel was aware of and tolerated moonlighting by other employees, is directly relevant to Mattel's claims for breach of contract, breach of fiduciary duty, and breach of the duty of loyalty, as well as Bryant's affirmative defenses of waiver and consent.  *See Cable & Computer Tech.*, 175 F.R.D. at 650 (Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information

13

1  reasonably calculated to lead to the discovery of admissible evidence[.]").   It also

2  relevant to how Mattel's form employment agreements should be construed by the

3  Court.  This very issue is presently before the Court pursuant to MGA's and

4  Bryant's Joint Motion to Overrule Mattel's Relevance Objection and to Compel

5  Discovery Relevant to Mattel's Employment Agreements ("Joint Motion"), which,

6  in the interests of brevity, is incorporated herein by reference.  As fully explained

7  in that motion, extrinsic evidence of the parties' conduct bears directly on their

8  intent.  Joint Motion at 5-6.  Accordingly, the construction that the parties give a

9  contract "before any controversy has arisen as to its meaning, is entitled to great

10  weight and will, when reasonable, be adopted and enforced by the Court," *U.S.*

11  *Cellular Investment Co. of Los Angeles, Inc. v. GTE MobilNet, Inc.*, 281 F.3d 929,

12  937 (9th Cir. 2002), and "the practical construction placed on the contract by the

13  parties is more convincing than a construction which has been reached in an

14  attempt to escape liability in the circumstances."  *Collins v. Home Sav. & Loan*

15  *Ass'n*, 205 Cal. App. 2d 86, 100 (1962).

16      As for Mattel's burden objection, Bryant disagrees that these requests are

17  unduly burdensome, given the scope and importance of this litigation, and the

18  burden that Mattel has consistently argued that it is entitled to impose on Bryant

19  and MGA in responding to discovery.  *See, e.g.,* Mattel's [Corrected] Reply In

20  Supp. of Mot. to Compel Responses To Interrog. By Bryant, dated Dec. 27, 2008,

21  at 12 ("[T]his is no ordinary litigation involving narrow issues and limited amounts

22  in controversy.  This is a high-stakes, multi-party litigation involving many years

23  of conduct, numerous inventions, sophisticated litigants and millions of dollars.").

24  Nonetheless, Bryant offered during the parties' conferences of counsel in January

25  2008, long before Mattel served its objections, to limit the scope of the search that

26  Mattel would have to perform to respond to these requests to employees at Mattel's

27  El Segundo, California Design Center and to the files of its Human Resources

28  Department, its Legal Department, and its Global Security Department.  Werdegar

Decl. ¶¶ 20, 31.  Mattel repeatedly stated that Bryant's proposal (which MGA also made with respect to certain of its requests for admission) was "intriguing" and represented a "substantial narrowing" of the requests.  *Id.* ¶ 20.  In light of Bryant's proposed limitation, Mattel cannot credibly argue that these requests are unduly burdensome.

**c.    Requests regarding Mattel's trade secret and conversion allegations (Nos. 18-25 and 52-56).**

Mattel does not include Bryant in its theft of trade secrets cause of action.  But, as noted above, Mattel nonetheless repeatedly alleges that Bryant misappropriated Mattel property, including trade secrets, and accuses Bryant of conversion, breach of fiduciary duty, and civil RICO violations on that basis.  Bryant's Requests Nos. 18-25 and 52-56 all ask Mattel to admit or deny whether it is making certain trade secret and conversion-related contentions against Bryant.  For example, Request No. 18 asks Mattel to "Admit that YOU do not contend that CARTER BRYANT misappropriated any MATTEL trade secrets" and Request No. 20 asks Mattel to "Admit that YOU do not contend that CARTER BRYANT 'wrongfully converted Mattel's property by removing Trade Secret Material [as that term is used in MATTEL's Second Amended Answer and Counterclaims] in electronic and paper form from Mattel's offices."  Mattel objects that these requests are vague and ambiguous and call for the disclosure of privileged information.  Again, both objections are entirely without merit.

There is nothing vague about a request asking Mattel if it contends in this litigation that Bryant stole Mattel's trade secrets (Request Nos. 18-19).  Similarly, Request Nos. 20 and 21 simply ask whether a particular quoted allegation in Mattel's counterclaims is asserted against Bryant.  If these requests are vague, it is because Mattel's counterclaims are vague, which is precisely why this series of requests is so necessary and important.  These requests also cannot possibly call for privilege information.  They are all seeking to clarify Mattel's contentions.  As

15

1   this Court has held in connection with requests for admission propounded by

2   Mattel, "[t]he fact that [the responding party] may need to consult with counsel to

3   respond to the requests does not make the response privileged."  Order Granting

4   Mattel's Mot. to Compel Bryant to Answer Requests for Admission, dated Aug.

5   20, 2007, at 6-7.  Mattel must abide by the same rules.

6           **d.      Requests regarding Mattel's contentions as to the meaning

7                     and scope of its form employment agreements (Nos. 42-51
                      and 95-112).**

8           Requests for Admission Nos. 42-51 ask Mattel to admit or deny whether

9   certain conduct, such as leaving Mattel to work for a competitor (Request No. 42)

10  or leaving Mattel to start a new toy company (Request Nos. 45-46), is prohibited

11  by Mattel's standard form employment agreements and employment policies, and

12  whether Mattel employees, other than Bryant, have in fact engaged in such conduct

13  (*e.g.,* Request Nos. 44 and 47).  Mattel objects that these requests seek irrelevant

14  information and are vague, ambiguous, and compound.  Requests for Admission

15  Nos. 95-112 ask Mattel to admit whether it requests or requires its employees to

16  disclose any ideas, designs or inventions created by the employee while not

17  employed by Mattel.  Mattel objects that these requests "seek[] information that is

18  vague and ambiguous, and compound."

19          Mattel's objections, which are entirely unsubstantiated, lack merit for the

20  same reasons as Mattel's other objections.  These requests all seek information

21  relating to Mattel's interpretation and enforcement of the form employment

22  agreements it claims Bryant has breached.  As discussed above and in the Joint

23  Motion, such information is directly relevant to Mattel's claims for breach of

24  contract, breach of fiduciary duty, and breach of the duty of loyalty, as well as

25  Bryant's affirmative defenses of waiver and consent.  And Mattel has not

26  specifically identified anything about these requests that renders them vague or

27  ambiguous or otherwise unanswerable.   Mattel should be ordered to respond to

28  these requests without objection or equivocation.

1    **e.    Requests regarding Mattel's causation and damages contentions (Request Nos. 67-94)**

2

3    Bryant's Request Nos. 67-94 ask Mattel to admit or deny whether it would

4  in fact have exploited Bryant's Bratz ideas had it known of them, and whether

5  Mattel had business policies and practices in place during the relevant time period

6  that would have caused Mattel not to exploit Bryant's ideas.  Once again, Mattel

7  has objected to these requests as vague and ambiguous and as seeking irrelevant

8  information.  And once again, Mattel's objections are without merit.

9    A key premise of Mattel's claims against Bryant and MGA is that if Bryant

10  had disclosed his ideas for Bratz to Mattel, as Mattel claims he should have, Mattel

11  would have exploited those ideas and reaped the profits that MGA instead has

12  reaped from the sale of Bratz dolls and accessories.  *See, e.g.,* Mattel's Amended

13  Answer and Counterclaims, at 32-37 (section entitled "MGA Steals a New Line of

14  Fashion Dolls from Mattel").  Bryant believes that this premise is entirely

15  unfounded, and that Mattel would never have developed and marketed Bratz.

16  These requests are all designed to flesh out exactly what Mattel's contentions are

17  with respect to this critical aspect of its case.  For example, Request No. 68 asks

18  Mattel to admit that if Bryant had disclosed his ideas for Bratz to Mattel prior to

19  October 20, 2000, Mattel would not have taken steps to commercially exploit the

20  idea, while Request No. 70 asks Mattel to admit that it is not contending that it

21  would have done so.  These, and the other requests in this series, are clear,

22  relevant, and should be answered by Mattel.

23    **3.    Bryant's Second Set of Requests for Admission.**

24    With three exceptions, all of the Requests for Admission in Bryant's Second

25  Set ask Mattel either to admit that certain Bryant original Bratz drawings were

26  created prior to January 3, 1999 but after April 1998 or that Mattel does not

27  contend that certain drawings were created after January 4, 1999.  For example,

28  Request No. 116 asks:

17

410555.03

1 | Admit that CARTER BRYANT created the DESIGN
2 | INCORPORATED in the document bearing the Bates no. BRYANT 175 prior to January 3, 1999 but after April 1998.

3 | Similarly, Request No. 117 asks:

4 | Admit that YOU do not contend that CARTER BRYANT created the
5 | DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 175 after January 3, 1999.

6 | All of the rest of the requests, except for three (Nos. 113-115) that ask about

7 | Bryant's Bratz idea more generally, follow this exact same format, but ask about

8 | other original Bryant drawings.

9 |     Mattel objects that these requests are vague and ambiguous. However, there

10 | is nothing vague about these requests. And again, if Mattel truly believed they

11 | were vague, Mattel could provide its own definition of any ambiguous term.

12 | Mattel also objects that "it may not have sufficient information to frame a complete

13 | responses[.]" But the fact Mattel "may" lack sufficient information is not a basis

14 | for refusing to respond. Indeed, Mattel's use of the word "may" suggests that this

15 | objection is unsubstantiated. Yet even if Mattel did in fact lack "sufficient

16 | information"—and there is no basis for believing it does—that still would not be a

17 | basis for refusing to respond. Rule 36(a)(4) is quite clear: "if a matter is not

18 | admitted, the answer must specifically deny it *or state in detail why the answering*

19 | *party cannot truthfully admit or deny it*." (emphasis added). Consequently, at a

20 | minimum, Mattel must explain in detail why it cannot truthfully admit or deny

21 | these requests.

22 |     **4.    Bryant's Fourth Set of Request for Production.**

23 |     Mattel's objections to Bryant' Fourth Set of Requests for Production are

24 | similarly boilerplate and without merit. They are also untimely, having been

25 | served forty-two days after Bryant's served these requests. Consequently, if the

26 | Court concludes that these were adequately served on Mattel, the Court should find

27 | that Mattel has waived all objections to these requests and should order Mattel to

28 | respond to them fully and completely. *See Richmark Corp. v. Timber Falling*

*Consultants,* 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *Switzer,* 1996 WL 52911, at *3 (deeming admitted requests for admission served by facsimile to which defendant had belatedly responded). However, even if the Court considers Mattel's objections, it should overrule them in their entirety.

Although Bryant could move to compel responses to all of the requests for production included in his Fourth Set, as the documents sought by each request are relevant and discoverable, Bryant is limiting the present motion just to those requests for which a response is critically important. Those requests are numbers 10, 21, and 22-32.

Request No. 10 asks for documents "sufficient to show the date on which MATTEL hired outside counsel to represent MATTEL with respect to any litigation or potential litigation concerning BRYANT or BRATZ." Mattel objects that this request seeks information that is not relevant. But, obviously, the date when Mattel engaged counsel to begin preparing a lawsuit against Bryant or related to Bratz is directly relevant to Bryant's statute of limitations and laches defenses. Mattel also objects that this request is duplicative of other requests. Yet Mattel has not to date produced the requested documents in response to any request. Third, Mattel objects that this issue has been presented to the Discovery Master for decision and that Mattel will not produce any additional documents until there is a decision by the Discovery Master. Mattel does not identify what motion that is pending before the Court requests production of these documents, but if there is one Bryant will obviously respect the Court's decision. Finally, Mattel objects that this request is vague and that it may call for privileged information. The request is not vague. The definitions provided by Bryant for the terms "BRYANT" and "BRATZ" are similar to definitions used by Mattel for these same terms. Finally, the date when Mattel retained counsel, by itself, is not

19

1   privileged.

2        Request No. 21 seeks any fee agreements that Mattel has entered into with

3   any witnesses in this case.  Mattel objects that the term "fee agreement" is vague

4   and ambiguous, but Mattel surely knows what Bryant is seeking.  He is seeking the

5   same information that Mattel relentlessly has sought from him and from MGA,

6   information showing which witnesses legal fees Mattel is paying.  This

7   information is relevant to show bias on the part of those witnesses and is not

8   privileged or otherwise immune from discovery.  *See In re Grand Jury Subpoenas*,

9   803 F.2d 493, 499 (9th Cir.1986)  (holding that attorney-client privilege does not

10  protect the identity of "benefactor" paying the legal fees of another.).

11       Finally, Request Nos. 22-32 all seek the documents, if any, supporting

12  Mattel's certain of Mattel's contentions.  Specifically, these requests seek the

13  documents supporting Mattel's contentions in response to certain of Bryant's First

14  Set of Requests for Admission.  For example, Request No. 22 asks for:

15       All DOCUMENTS that support your contention, if you so contend in
         response to Request for Admission Number 19 to Carter Bryant's
16       First Set of Requests for Admission to Mattel, Inc., that BRYANT
         misappropriated any MATTEL trade secrets.
17

18  The rest of the requests in this series follow this exact same format, but inquire

19  about documents supporting other contentions.  In response to these requests,

20  Mattel asserts just about every objection it can think of.  Mattel argues that these

21  requests seek irrelevant information, are duplicative, overbroad, oppressive, unduly

22  burdensome, vague, ambiguous, "complex", unintelligible, call for a legal

23  conclusion, call for privileged information, and call for confidential, proprietary or

24  trade secret information.  Mattel does not substantiate any of these objections, and

25  it cannot.

26       Request Nos 22-32 all seek production of the documents that Mattel believes

27  support its contentions in this case.  Using request No. 22 again as an example, if

28  Mattel does not contend that Bryant misappropriated trade secrets, or is not going

1  to rely on any documents to attempt to prove that contention, then it can say so and

2  it need not produce any documents.  But if Mattel is going to attempt to prove

3  misappropriation by Bryant at trial, and based on Mattel's pleadings it appears that

4  it will, then Bryant is entitled to know what documents Mattel is going to rely on.

5  To quote one of Mattel's own briefs before this Court:  "[Bryant] should not be

6  required to wait until trial to find out exactly what information [Mattel] has failed

7  to produce in response to [Bryant's] roper discovery requests—to find out just how

8  [Mattel is] planning to sandbag [Bryant] at trial."   Mattel's [Corrected] Reply In

9  Supp. of Mot. to Compel Responses to Interrog. By Bryant, at 2. Bryant is entitled

10  to know exactly what evidence, if any, Mattel believes shows that Bryant

11  committed the serious acts Mattel accuses him of.  The requests seek exactly such

12  information.

## IV.    CONCLUSION

13

14         For all the foregoing reasons, the Court should issue an order overruling

15  Mattel's objections and requiring Mattel to respond fully and completely to

16  Bryant's First and Second Sets of Requests for Admission, Second Set of

17  Interrogatories (No. 20), and Fourth Set of Requests for Production.

18

19                                      Respectfully admitted,

20  Dated:  February 8, 2008            KEKER & VAN NEST, LLP

21

22

23                          By:  _____

24                               MATTHEW M. WERDEGAR
                                 Attorneys for Plaintiff
                                 CARTER BRYANT

25

26

27

28

410555.03