1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   MATTHEW M. WERDEGAR - #200470
5  mwerdegar@kvn.com
   JOHN E. TRINIDAD - #250468
6  jtrinidad@kvn.com
   AUDREY WALTON-HADLOCK- #250574
7  awaltonhadlock@kvn.com
   710 Sansome Street
8  San Francisco, CA  94111-1704
   Telephone: (415) 391-5400
9  Facsimile: (415) 397-7188

10 Attorneys for Plaintiff
   CARTER BRYANT
11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14                    EASTERN DIVISION

15

| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard by Discovery Master Hon. Edward Infante (Ret.)]<br><br>**DECLARATION OF MATTHEW M. WERDEGAR IN SUPPORT OF CARTER BRYANT'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**<br><br>Date:   T.B.D.<br>Time:   T.B.D.<br><br>**Phase I:**<br>Date Comp. Filed: April 13, 2005<br>Discovery Cut-Off: Jan. 28, 2008<br>Trial Date: May 27, 2008 |
|---|---|

411015.01

DECLARATION OF MATTHEW M. WERDEGAR IN SUPPORT OF
CARTER BRYANT'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS
CASE NO. CV 04-09049 SGL (RNBx)

I, MATTHEW WERDEGAR, declare and state that:

1.  I am an attorney licensed to practice law in the State of California and am a member of the law firm of Keker & Van Nest LLP, located at 710 Sansome Street, San Francisco, California 94111, counsel for plaintiff Carter Bryant in the above-captioned action. I am duly admitted to practice law before this Court. Except where expressly stated, I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

2.  On December 26, 2007, Bryant served a final round of Phase I discovery requests. These requests included Bryant's First and Second Sets of Requests for Admission, Bryant's Second Set of Interrogatories (No. 20), and Bryant's Fourth Set of Requests for Production. These discovery requests were the firs served by Bryant in over three years.

3.  Attached hereto as Exhibit A is a true and correct copy of Bryant's Second Set of Interrogatories.

4.  Attached hereto as Exhibit B is a true and correct copy of Bryant's First Set of Requests for Admission.

5.  Attached hereto as Exhibit C is a true and correct copy of Bryant's Second Set of Requests for Admission.

6.  Attached hereto as Exhibit D is a true and correct copy of Bryant's Fourth Set of Requests for Production.

7.  Bryant served these requests on Mattel via Federal Express and electronic mail. Bryant had previously served numerous discovery responses on Mattel by Federal Express and electronic mail, including Bryant's responses to Mattel's Fourth Set of Requests for Admission, which were served on July 9, 2007, Bryant's responses to Mattel's Fifth Set of Requests for Admission, which also were served on July 9, 2007, Bryant's Responses to Mattel's Revised Third Set of Interrogatories, which were served on November 15, 2007, Bryant's responses to

1

DECLARATION OF MATTHEW M. WERDEGAR IN SUPPORT OF
CARTER BRYANT'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS
CASE NO. CV 04-09049 SGL (RNBx)

411015.01

Mattel's Amended Fourth Set of Interrogatories, which also were served on November 15, 2007, Bryant's responses to Mattel's Fifth Set of Interrogatories, which were served on November 21, 2007, and Bryant's responses to Mattel's Sixth Set of Interrogatories, which were served on November 26, 2007.

8. Attached hereto as Exhibit E is a true and correct copy of the proof of service for Bryant's responses to Mattel's Fourth Set of Requests for Admission.

9. Attached hereto as Exhibit F is a true and correct copy of the proof of service for Bryant's responses to Mattel's Fifth Set of Requests for Admission.

10. Attached hereto as Exhibit G is a true and correct copy of the proof of service for Bryant's responses to Mattel's Revised Third Set of Interrogatories.

11. Attached hereto as Exhibit H is a true and correct copy of the proof of service for Bryant's responses to Mattel's Amended Fourth Set of Interrogatories.

12. Attached hereto as Exhibit I is a true and correct copy of the proof of service for Bryant's responses to Mattel's Fifth Set of Interrogatories.

13. Attached hereto as Exhibit J is a true and correct copy of the proof of service for Bryant's responses to Mattel's Sixth Set of Interrogatories.

14. Mattel never complained to counsel for Bryant that his service of these discovery documents via Federal Express and electronic mail was in any way improper, unacceptable, or prejudicial to Mattel. Indeed, I personally counsel met and conferred at length with counsel for Mattel regarding Bryant's responses to Mattel's Revised Third, Amended Fourth, Fifth and Sixth Sets of Interrogatories in early December 2007. During these conferences of counsel, counsel for Mattel never raised the issue of service, focusing instead exclusively on the proprietary of Bryant's objections and the sufficiency of his substantive responses. Mattel ultimately filed a motion to compel relating to certain of Bryant's interrogatory responses (Mattel's Motion to Compel Responses to Interrogatories By Bryant, dated December 13, 2007, which is currently pending before the Discovery Master), but Mattel did not mention any problem with service in its motion or in its

2
DECLARATION OF MATTHEW M. WERDEGAR IN SUPPORT OF
CARTER BRYANT'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS
CASE NO. CV 04-09049 SGL (RNBx)

411015.01

1 reply brief in support of its motion.

2  15. Bryant has consistently served his discovery pleadings on Mattel via Federal Express and electronic mail pursuant to Paragraph 5 of the Stipulation for Appointment of a Discovery Master and Order. Mattel has never complained that this form of service was unreliable or ineffective or resulted in any confusion within Mattel's counsel's offices.

 16. On December 31, 2007, counsel for Mattel, B. Dylan Proctor, wrote to counsel for Bryant and MGA requesting a conference of counsel regarding Bryant's First Set of Requests for Admission and MGA's Third Set of Requests for Admission. In his letter, Mr. Proctor stated that the requests at issue were unduly burdensome and did not appear to seek information that was relevant or likely to lead to the discovery of admissible evidence. Mr. Proctor did not raise any issue with respect to the service of Bryant's First Set of Requests for Admission by Federal Express and electronic mail. Attached hereto as Exhibit K is a true and correct copy of Mr. Proctor's December 31, 2007 letter.

 17. On January 3, 2008, Mr. Proctor again wrote to counsel for Bryant and MGA, this time requesting a conference of counsel regarding Bryant's Second Set of Interrogatories and MGA's Second Set of Interrogatories. Mattel claimed that, taken together, these interrogatories exceeded the limit of fifty imposed by the Court. Again, Mr. Proctor did not raise any issue with respect to the service of Bryant's Second Set of Interrogatories, or any of Bryant's other discovery requests. Attached hereto as Exhibit L is a true and correct copy of Mr. Proctor's January 3, 2008 letter.

 18. Following the receipt of Mr. Proctor's letters, I personally met and conferred telephonically with Mr. Proctor, together with Robert Herrington, counsel for MGA, on at least two occasions regarding Mattel's asserted objections to Bryant's and MGA's discovery requests. These teleconferences occurred in mid-January, weeks before Mattel's responses to Bryant's discovery requests were

3
DECLARATION OF MATTHEW M. WERDEGAR IN SUPPORT OF
CARTER BRYANT'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS
CASE NO. CV 04-09049 SGL (RNBx)

411015.01

due. During the course of these teleconferences, Mr. Proctor never raised any objection to Bryant's service of his discovery requests by Federal Express and electronic mail or in any way indicate that Mattel believed it had not been properly served and, therefore, was under no obligation to respond to Bryant's requests.

19. To the contrary, during the course of the conferences of counsel, Mattel agreed to respond to Bryant's Second Set of Interrogatories (No. 20) as part of a negotiated resolution of Mattel's objection that Bryant and MGA had exceed their fifty interrogatory limit. Attached hereto as Exhibit M is a series of email communications between Mr. Herrington and Mr. Proctor, copying me, confirming Mattel's agreement to respond to Bryant's Second Set of Interrogatories.

20. Mr. Proctor also stated during the conferences of counsel that Mattel's burden objections to Bryant's First Set of Requests for Admission did not extend to all of Bryant's requests, but only Request Nos. 26-41 and, possibly 44 and 47-48. Mr. Proctor indicated that Mattel's contemplated motion for a protective order regarding Bryant's requests for admission would be limited to this subset and that Mattel would be responding to the others. With respect to the requests that Mr. Proctor indicated were unduly burdensome, I offered to limit the scope of any search Mattel would have to perform to respond to these interrogatories to employees at Mattel's El Segundo, California Design Center and to the files of Mattel's Human Resources, Legal, and Global Security departments. Mr. Proctor repeatedly stated this proposal was "intriguing" and represented a "substantial narrowing" of the requests.

21. On January 28, 2008, Mattel served its responses to Bryant's Second Set of Interrogatories, First Set of Requests for Admission, and Second Set of Requests for Admission. Counsel for Bryant actually received these responses on January 30, 2008. Mattel did not provide any substantive answers in these responses, only objections, including its objection based Bryant's form of service. These objections represented the first time that Mattel had indicated in any way to

4

DECLARATION OF MATTHEW M. WERDEGAR IN SUPPORT OF
CARTER BRYANT'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS
CASE NO. CV 04-09049 SGL (RNBx)

411015.01

Bryant that it objected to Bryant's service of his requests by Federal Express and electronic mail and that it did not believe it was under any obligation to respond to the requests.

22. Attached hereto as Exhibit N are Mattel's Objections and Responses to Second Set of Interrogatories Propounded By Carter Bryant.

23. Attached hereto as Exhibit O are Mattel's Responses to First Set of Requests for Admission Propounded By Carter Bryant.

24. Attached hereto as Exhibit P are Mattel's Responses to Second Set of Requests for Admission Propounded By Carter Bryant.

25. On February 6, 2008, Mattel provided responses to Bryant's Fourth Set of Requests for Production. A true and correct copy of Mattel's responses are attached hereto as Exhibit Q.

26. As soon as counsel for Bryant received Mattel's responses to Bryant's Second Set of Interrogatories and First and Second Sets of Requests for Admission, I sent an email message to Mr. Proctor requesting a conference of counsel to discuss Mattel's objections. Attached hereto as Exhibit R is a true and correct copy of my January 30, 2008 email message to Mr. Proctor.

27. Mr. Proctor never responded to my initial email, Exhibit R. Consequently, on February 4, 2008, I again emailed him, copying John Quinn, requesting a conference of counsel.

28. Mr. Proctor finally responded to my requests for a conference of counsel on February 5, 2008. Attached hereto as Exhibit S is a true and correct copy of the series of emails between me and Mr. Proctor regarding scheduling a conference of counsel.

29. I met and conferred with Mr. Proctor telephonically regarding Bryant's discovery requests of February 6, 2008. During our conversation, Mr. Proctor confirmed that Mattel had in fact received Bryant's Second Set of Interrogatories and First and Second Sets of Requests for Admission. Mr. Proctor

1 would not confirm or deny that Mattel had received Bryant's Fourth Set of
2 Requests for Production. However, Mr. Proctor did confirm that Bryant's service
3 of these requests by Federal Express and electronic mail, rather than by U.S. Mail
4 or hand, was the sole basis for Mattel's objection that the request were improperly
5 served. I also asked Mr. Proctor whether Mattel was contended it had been
6 prejudiced in any way by the form of service Bryant's discovery requests. Mr.
7 Proctor was unable to articulate any prejudice, stating instead that "he would have
8 to think about it."

    30. During our February 6, 2008 teleconference, Mr. Proctor also
reiterated Mattel's prior agreement to respond substantively to Bryant's Second Set
of Interrogatories (No. 20), without waiver of its service objection as to Bryant's
other discovery requests. I agreed that Bryant would not argue that Mattel had
waived its service objection as Bryant's other requests by agreeing to answer
Interrogatory No. 20. Mr. Proctor stated that Mattel would provide its response to
Interrogatory No. 20, possibly by February 18, 2008, and no later than February
22, 2008.

    31. Finally, during the February 6, 2008 teleconference, I explained that
Bryant was willing to extend Mattel whatever time it needed to provide substance
responses to Bryant's requests for admission and requests for production, and I
reiterated my offer to limit the scope of the search that Mattel would be required to
perform to respond to those few requests for admission that Mr. Proctor had
previously claimed were unduly burdensome. *See* Paragraph 20, *supra*. Mr.
Proctor said he would think about my proposals and get back to me.

    32. Attached hereto as Exhibit T is a true and correct copy of an email
message from me to Mr. Proctor dated February 6, 2008, confirming our
teleconference.

    33. Attached hereto as Exhibit U is a true and correct copy of a letter
dated February 7, 2008 from Mr. Proctor to me, confirming Mattel's agreement to

respond to Bryant's Second Set of Interrogatories (No. 20), but stating that Mattel would not respond to Bryant's other discovery requests based on its service objection.

34. Bryant's Second Set of Interrogatories, First Set of Requests for Admission, and Fourth Set of Requests for Production were all sent to Mattel in the same email message and same Federal Express package. Attached hereto as Exhibit V is a true and correct copy of an email message from Julie Selby, a litigation secretary at Keker & Van Nest, to John Quinn and Michael Zeller, counsel for Mattel, transmitting Bryant's Second Set of Interrogatories, First Set of Requests for Admission, and Fourth Set of Requests for Production.

35. Attached hereto as Exhibit W is a true and correct copy of an email message from me to Mr. Proctor dated February 8, 2008.

36. Attached hereto as Exhibit X is a true and correct copy of a letter from Mr. Proctor to me dated February 8, 2008.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on February 8, 2008, at San Francisco, California.

MATTHEW WERDEGAR

7
DECLARATION OF MATTHEW M. WERDEGAR IN SUPPORT OF
CARTER BRYANT'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS
CASE NO. CV 04-09049 SGL (RNBx)

411015.01