# Exhibit A

KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>      Plaintiff,<br><br> v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>      Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx)<br>(consolidated with CV 04-9059 & 05-2727<br><br>**CARTER BRYANT'S SECOND SET OF INTERROGATORIES TO MATTEL, INC.** |

| | |
|---|---|
| PROPOUNDING PARTY: | CARTER BRYANT |
| RESPONDING PARTY: | MATTEL, INC. |
| SET NUMBER: | TWO |

Pursuant to Federal Rule of Civil Procedure 33, CARTER BRYANT requests that MATTEL, INC. respond to the following interrogatories separately, fully and under oath within thirty days of service.

## DEFINITIONS

1.   "MATTEL" or "YOU" means and refers to Mattel, Inc., its current employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.   "BRATZ" refers to any product that has ever been sold or marketed under the name or term "Bratz."

3.   "DOCUMENT" or "DOCUMENTS" is defined broadly to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and includes all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a DOCUMENT, all drafts of final DOCUMENTS, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody or control, regardless of the medium on which they are produced, reproduced, or stored, and any electronic mail, recording or writing, as these terms are defined in Federal Rule of Evidence 1001.  Any DOCUMENT bearing marks, including without limitation, initials, stamped initials, comments, or

408205.02

1  notations not a part of the original text or photographic reproduction thereof, is a

2  separate DOCUMENT.

3      4.    "IDENTIFY" or "IDENTIFYING" means the following: (a) with

4  reference to PERSONS, means to state such PERSON's full name, any known

5  business title, current or last known residential address, current or last known

6  business address, and current or last known telephone number, and current or last

7  known relationship to MATTEL; (b) with reference to DOCUMENT or

8  DOCUMENTS, means to describe each DOCUMENT by Bates number if the

9  DOCUMENT has a bate number, and if not, then to provide a complete description

10  of the DOCUMENT including the date of creation, identity of author, identity of

11  current custodian, the document's present physical location, the location of where

12  the document is stored electronically, and a description of the DOCUMENT's

13  subject matter and content; (c) with reference to "MATTEL property or resources",

14  means to provide a complete description of the property or the resource, including

15  but not limited, its monetary value or estimated monetary value.

16      5.    "PERSON" or "PERSONS" means and refers to all natural persons,

17  partnerships, joint ventures and any kind of business, legal or public entity or

18  organization, as well as its, its or her agents, representatives, employees, officers

19  and directors and any one else acting on its, its or her behalf, pursuant to its, its or

20  her authority or subject or its, its or her control.

21      6.    "REFER OR RELATE TO" should be construed in the broadest

22  possible sense to mean concern, consist of, refer to, relate to, pertain to, involved

23  with, describe, discuss, constitute, evidence, contain, reflect, mention, cite,

24  summarize, embody, analyze or bear any logical or factual connection with the

25  subject matter discussed.

## INSTRUCTIONS

26

27      1.    If MATTEL elects to answer any interrogatory pursuant to Federal

28  Rule of Civil Procedure 33(d), BRYANT requests that MATTEL identify the

2

1   particular documents relating to the subject matter of the specific interrogatory,
2   and separately for each document, the date the document bears, the title of the
3   document, if any, the identity of the authors of the document, the identity of each
4   addressee or recipient of the document, the type and subject matter of the
5   document and the present location or custodian of the document.

6        2.     If MATTEL cannot answer an interrogatory in full, MATTEL is
7   hereby directed to answer it to the fullest extent possible, specify the reasons for its
8   inability to answer the remainder, and state whatever information or knowledge
9   MATTEL has concerning the unanswered portion.

## INTERROGATORIES

**INTERROGATORY NO. 20:**

To the extent that YOU contend that BRYANT used or employed any
MATTEL property or resources in connection with the design, development, sale
or licensing of any BRATZ products, IDENTIFY each such MATTEL property or
resource and state all facts that support your contention, including but not limited
to IDENTIFYING all PERSONS with knowledge of such facts and all
DOCUMENTS which REFER OR RELATE TO such facts.

Dated: December 26, 2007                KEKER & VAN NEST, LLP


By: _____
    Matthew M. Werdegar
    Attorneys for Plaintiff
    CARTER BRYANT

1    PROOF OF SERVICE

2        I am employed in the City and County of San Francisco, State of California
3    in the office of a member of the bar of this court at whose direction the following
     service was made. I am over the age of eighteen years and not a party to the within
4    action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San
5    Francisco, California 94111.

6    On December 26, 2007, I served the following document(s):

7        **CARTER BRYANT'S SECOND SET OF INTERROGATORIES**
8                    **TO MATTEL, INC.**

9
     by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope
10   addressed as shown below. I am readily familiar with the practice of Keker & Van
11   Nest, LLP for correspondence for delivery by FedEx Corporation. According to
     that practice, items are retrieved daily by a FedEx Corporation employee for
12   overnight delivery.

13   by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and
14   correct copy scanned into an electronic file in Adobe "pdf" format. The
     transmission was reported as complete and without error.
15

16
     John B. Quinn                          Thomas J. Nolan
17   Michael T. Zeller                      Skadden Arps Slate Meagher & Flom
18   Quinn Emanuel Urquhart Oliver &        300 South Grand Avenue, Suite 3400
     Hedges, LLP                            Los Angeles, CA 90071-3144
19   865 South Figueroa Street, 10th Floor  Tel:   213/687-5000
20   Los Angeles, CA 90017-2543             Fax:   213/687-5600
     Tel:   213/443-3000                    Email: tnolan@skadden.com
21   Fax:   213/443-3100
22   Email: johnquinn@quinnemanuel.com
23   Email: michaelzeller@quinnemanuel.com

24   Alexander H. Cote
     Overland Borenstein Scheper & Kim LLP
25   300 S. Grand Avenue, Suite 2750
26   Los Angeles, California 90071
     Tel:   213/613-4660
27   Fax:   213/613-4656
28   Email:    acote@obsklaw.com

1    Executed on December 26, 2007, at San Francisco, California.

2        I declare under penalty of perjury under the laws of the State of California
3    that the above is true and correct.

4                                                    _Julie Selby_
                                              JULIE A. SELBY
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

396359.01

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

# Exhibit B

KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727)<br><br>**CARTER BRYANT'S FIRST SET OF REQUESTS FOR ADMISSION TO MATTEL, INC.** |

408207.03

1    Pursuant to Federal Rule of Civil Procedure 36, Plaintiff CARTER

2  BRYANT requests that Defendant Mattel, Inc. respond in writing to the Requests

3  for Admission set forth below within thirty (30) days of service.

## DEFINITIONS

5    1.    "MATTEL" or "YOU" means and refers to plaintiff and counter-

6  defendant Mattel, Inc., its current employees, officers, directors, agents,

7  representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-

8  in-interest and successors-in-interest, and any other PERSON acting on its behalf,

9  pursuant to its authority or subject to its control.

10    2.    "BRYANT" or "CARTER BRYANT" means and refers to Carter

11  Bryant and his agents, representatives, attorneys, experts or any other PERSON

12  acting on his behalf, pursuant to his authority or subject to his control.

13    3.    "BRATZ" means and refers to each image, character, logo, doll,

14  fashion doll, plush toy, styling head, toy, accessory, product, packaging, theme, or

15  other thing or matter that is or has ever been manufactured, marketed or sold by

16  MGA, or others under license, as part of a line of goods or merchandise commonly

17  known as "Bratz"; or sold and marketed under the "Bratz" trademark or trade

18  dress.

19    4.    "FLANKER PRODUCT" or "FLANKER PRODUCTS" means

20  brands, dolls, products, or product lines that MATTEL believed would compete

21  with its Barbie line of products in the marketplace or that customers might buy

22  instead of buying one of MATTEL's Barbie line of products, and includes, but is

23  not limited to, products, dolls, or brands that MATTEL referred or refers to as

24  "flanker doll" or "flanker brand" in documents bearing bates numbers M0014259,

25  M0014264, and M0067258-277.

26    5.    "INVENTION AGREEMENT" means any form of Mattel

27  employment agreement concerning, *inter alia*, (i) ownership of inventions, and / or

28  (ii) trade secrets, and/or (iii) conflicts of interests, whether known by the title

1   "Employee Confidential Information and Inventions Agreement" or any other title,

2   including without limitation documents in the form of the agreement entitled

3   "Employee Confidential Information and Inventions Agreement" produced by

4   MATTEL in this litigation as document M0001596.

5        6.    The words "and" and "or" shall be construed in the conjunctive or

6   disjunctive, whichever makes the request more inclusive.

7        7.    The use of the singular form of any word includes the plural and vice

8   versa.

9        8.    The terms "any" and "all" are interchangeable.

10

11   **INSTRUCTIONS**

12        1.    Unless otherwise stated, the time period for each request herein is

13   January 1, 1995 to the present.

14        2.    Each response shall be preceded by the Request for Admission to

15   which it responds and shall be answered separately and fully in writing under oath,

16   unless it is objected to, in which event the reason(s) for the objection shall be

17   stated in lieu of that portion of the answer to which the objection applies.

18        3.    All responses to the Requests for Admission shall be signed by the

19   person making them and all objections signed by the attorney making them under

20   the standards set forth in Federal Rule of Civil Procedure 11.  No part of the

21   Request for Admission shall be left unanswered merely because an objection has

22   been interposed to another part of that Request.

23        4.    If MATTEL withholds information responsive, in whole or in part, to

24   any Request for Admission on any basis, please identify:  (a) any privilege or

25   immunity from discovery asserted; (b) all documents or things which contain or

26   refer to the information; (c) all individuals having knowledge of the information;

27   (d) the subject matter and general nature of the information; and (e) all facts which

28   are alleged to support the assertion of privilege or immunity.

5.     The obligation to provide the information sought by these discovery requests, or parts thereof, is continuing within the requirements of Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that CARTER BRYANT was never an officer of MATTEL during his time as a MATTEL employee.

**REQUEST FOR ADMISSION NO. 2:**

Admit that CARTER BRYANT was never a director of MATTEL during his time as a MATTEL employee.

**REQUEST FOR ADMISSION NO. 3:**

Admit that CARTER BRYANT never held a management position during his time as a MATTEL employee.

**REQUEST FOR ADMISSION NO. 4:**

Admit that no MATTEL employees reported directly to CARTER BRYANT during his time as a MATTEL employee.

**REQUEST FOR ADMISSION NO. 5:**

Admit that CARTER BRYANT did not have authority to enter into a contract on MATTEL's behalf during his time as a MATTEL employee.

**REQUEST FOR ADMISSION NO. 6:**

Admit that CARTER BRYANT did not have the authority to enter into any legally binding obligation on MATTEL's behalf during his time as a MATTEL employee.

**REQUEST FOR ADMISSION NO. 7:**

Admit that CARTER BRYANT did not have authority to set any MATTEL corporate policies during his time as a MATTEL employee.

**REQUEST FOR ADMISSION NO. 8:**

Admit that CARTER BRYANT did not have authority to modify any MATTEL corporate policies during his time as a MATTEL employee.

**REQUEST FOR ADMISSION NO. 9:**

Admit that CARTER BRYANT did not have authority to determine which products MATTEL would choose to develop during his time as a MATTEL employee.

**REQUEST FOR ADMISSION NO. 10:**

Admit that CARTER BRYANT did not have authority to approve any MATTEL business plans during his time as a MATTEL employee.

**REQUEST FOR ADMISSION NO. 11:**

Admit that CARTER BRYANT did not have authority to modify any MATTEL business plans during his time as a MATTEL employee.

**REQUEST FOR ADMISSION NO. 12:**

Admit that CARTER BRYANT did not have authority to hire any MATTEL employees during his time as a MATTEL employee.

**REQUEST FOR ADMISSION NO. 13:**

Admit that CARTER BRYANT did not have authority to terminate any MATTEL employees during his time as a MATTEL employee.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, other than CARTER BRYANT, MATTEL has never sued any of its employees or former employees for breach of any INVENTION AGREEMENT.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than CARTER BRYANT, MATTEL has sued one or more of its employees or former employees for breach of any INVENTION AGREEMENT.

**REQUEST FOR ADMISSION NO. 16:**

Admit that, other than CARTER BRYANT, MATTEL has never threatened to sue any of its employees or former employees for breach of any INVENTION AGREEMENT.

**REQUEST FOR ADMISSION NO. 17:**

Admit that, other than CARTER BRYANT, MATTEL has threatened to sue one or more of its employees or former employees for breach of any INVENTION AGREEMENT

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU do not contend that CARTER BRYANT misappropriated any MATTEL trade secrets.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU contend that CARTER BRYANT misappropriated MATTEL trade secrets.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU do not contend that CARTER BRYANT "wrongfully converted Mattel's property by removing Trade Secret Materials [as that term is used in MATTEL's Second Amended Answer and Counterclaims] in electronic and paper form from Mattel's offices."

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU contend that CARTER BRYANT "wrongfully converted Mattel's property by removing Trade Secret Materials [as that term is used in MATTEL's Second Amended Answer and Counterclaims] in electronic and paper form from Mattel's offices."

**REQUEST FOR ADMISSION NO. 22:**

Admit that YOU contend that the identity of third-party doll hair suppliers used by MATTEL is a MATTEL trade secret.

5

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOU do not contend that the identity of third-party doll hair suppliers used by MATTEL is a MATTEL trade secret.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU contend that the identity of the third-party vendors used by MATTEL is a MATTEL trade secret.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU do not contend that the identity of third-party vendors used by MATTEL is a MATTEL trade secret.

**REQUEST FOR ADMISSION NO. 26:**

Admit that MATTEL employees, excluding CARTER BRYANT, have performed work for entities other than MATTEL while employed by MATTEL.

**REQUEST FOR ADMISSION NO. 27:**

Admit that MATTEL employees, excluding CARTER BRYANT, have performed work for entities other than MATTEL while employed by MATTEL without obtaining MATTEL's approval to perform such work.

**REQUEST FOR ADMISSION NO. 28:**

Admit that no MATTEL employee, excluding CARTER BRYANT, has performed work for entities other than MATTEL while employed by MATTEL.

**REQUEST FOR ADMISSION NO. 29:**

Admit that no MATTEL employee, excluding CARTER BRYANT, has performed work for entities other than MATTEL while employed by MATTEL without obtaining MATTEL's approval to perform such work.

**REQUEST FOR ADMISSION NO. 30:**

Admit that MATTEL employees, excluding CARTER BRYANT, have performed work for a MATTEL competitor while employed by MATTEL.

**REQUEST FOR ADMISSION NO. 31:**

Admit that MATTEL employees, excluding CARTER BRYANT, have

6

CARTER BRYANT'S FIRST SET OF REQUESTS FOR ADMISSION TO MATTEL, INC.
CASE NO. CV 04-09049 SGL (RNBx)

1  performed work for a MATTEL competitor while employed by MATTEL without
2  obtaining MATTEL's approval to perform such work.

3  **REQUEST FOR ADMISSION NO. 32:**

4      Admit that no MATTEL employee, excluding CARTER BRYANT, has
5  performed work for a MATTEL competitor while employed by MATTEL.

6  **REQUEST FOR ADMISSION NO. 33:**

7      Admit that no MATTEL employee, excluding CARTER BRYANT, has
8  performed work for a MATTEL competitor while employed by MATTEL without
9  obtaining MATTEL's approval to perform such work.

10  **REQUEST FOR ADMISSION NO. 34:**

11      Admit that MATTEL employees, excluding CARTER BRYANT, have been
12  paid by entities other than MATTEL while employed by MATTEL.

13  **REQUEST FOR ADMISSION NO. 35:**

14      Admit that MATTEL employees, excluding CARTER BRYANT, have been
15  paid by entities other than MATTEL while employed by MATTEL and have not
16  disclosed such payments to MATTEL.

17  **REQUEST FOR ADMISSION NO. 36:**

18      Admit that no MATTEL employee, excluding CARTER BRYANT, has
19  been paid by entities other than MATTEL while employed by MATTEL.

20  **REQUEST FOR ADMISSION NO. 37:**

21      Admit that no MATTEL employee, excluding CARTER BRYANT, has
22  been paid by entities other than MATTEL while employed by MATTEL without
23  disclosing such payments to MATTEL.

24  **REQUEST FOR ADMISSION NO. 38:**

25      Admit that MATTEL employees, excluding CARTER BRYANT, have been
26  paid by a MATTEL competitor while employed by MATTEL.

27  **REQUEST FOR ADMISSION NO. 39:**

28      Admit that MATTEL employees, excluding CARTER BRYANT, have been

7

1  paid by a MATTEL competitor while employed by MATTEL and have not

2  disclosed such payments to MATTEL.

3  **REQUEST FOR ADMISSION NO. 40:**

4      Admit that no MATTEL employee, excluding CARTER BRYANT, has

5  been paid by a MATTEL competitor while employed by MATTEL.

6  **REQUEST FOR ADMISSION NO. 41:**

7      Admit that no MATTEL employee, excluding CARTER BRYANT, has

8  been paid by a MATTEL competitor while employed by MATTEL without

9  disclosing such payments to MATTEL.

10  **REQUEST FOR ADMISSION NO. 42:**

11      Admit that the INVENTION AGREEMENT does not prohibit MATTEL

12  employees from leaving MATTEL to work for a competitor of MATTEL.

13  **REQUEST FOR ADMISSION NO. 43:**

14      Admit that MATTEL employees are not prohibited from leaving MATTEL

15  to work for a competitor of MATTEL.

16  **REQUEST FOR ADMISSION NO. 44:**

17      Admit that MATTEL employees, other than CARTER BRYANT, have left

18  MATTEL to work for a competitor of MATTEL.

19  **REQUEST FOR ADMISSION NO. 45:**

20      Admit that the INVENTION AGREEMENT does not prohibit MATTEL

21  employees from leaving MATTEL to start their own businesses.

22  **REQUEST FOR ADMISSION NO. 46:**

23      Admit that the INVENTION AGREEMENT does not prohibit MATTEL

24  employees from leaving MATTEL to start their own toy businesses.

25  **REQUEST FOR ADMISSION NO. 47:**

26      Admit that MATTEL employees, other than CARTER BRYANT, have left

27  MATTEL to start their own businesses.

28

CARTER BRYANT'S FIRST SET OF REQUESTS FOR ADMISSION TO MATTEL, INC.
CASE NO. CV 04-09049 SGL (RNBx)

1   **REQUEST FOR ADMISSION NO. 48:**

2       Admit that MATTEL employees, other than CARTER BRYANT, have left

3   MATTEL to start their own toy businesses.

4   **REQUEST FOR ADMISSION NO. 49:**

5       Admit that CARTER BRYANT's employment with MATTEL was at will.

6   **REQUEST FOR ADMISSION NO. 50:**

7       Admit that MATTEL employees are not required to give notice prior to

8   terminating their employment with MATTEL.

9   **REQUEST FOR ADMISSION NO. 51:**

10      Admit that CARTER BRYANT was not required to give notice prior to

11  terminating his employment with MATTEL in October 2000.

12  **REQUEST FOR ADMISSION NO. 52:**

13      Admit that YOUR Eleventh Counterclaim for Conversion against CARTER

14  BRYANT is based solely on CARTER BRYANT's alleged conversion of tangible

15  property or resources that you contend belong to Mattel.

16  **REQUEST FOR ADMISSION NO. 53:**

17      Admit that YOUR Eleventh Counterclaim for Conversion against CARTER

18  BRYANT is not based solely on CARTER BRYANT's alleged conversion of

19  tangible property or resources that YOU contend belong to MATTEL.

20  **REQUEST FOR ADMISSION NO. 54:**

21      Admit that YOUR Eleventh Counterclaim for Conversion against CARTER

22  BRYANT is based solely on CARTER BRYANT's alleged conversion of

23  intellectual property that YOU contend belongs to MATTEL.

24  **REQUEST FOR ADMISSION NO. 55:**

25      Admit that YOUR Eleventh Counterclaim for Conversion against CARTER

26  BRYANT is based solely on CARTER BRYANT's alleged conversion of the idea

27  for a line of fashion dolls which he named Bratz.

28

408207.03

1   REQUEST FOR ADMISSION NO. 56:

# Exhibit C

1    KEKER & VAN NEST, LLP
     JOHN W. KEKER - #49092
2    jkeker@kvn.com
     MICHAEL H. PAGE - #154913
3    mpage@kvn.com
     CHRISTA M. ANDERSON - #184325
4    canderson@kvn.com
     MATTHEW M. WERDEGAR - #200470
5    mwerdegar@kvn.com
     JOHN E. TRINIDAD - #250468
6    jtrinidad@kvn.com
     AUDREY WALTON-HADLOCK- #250574
7    awaltonhadlock@kvn.com
     710 Sansome Street
8    San Francisco, CA  94111-1704
     Telephone:  (415) 391-5400
9    Facsimile:  (415) 397-7188

10   Attorneys for Plaintiff
     CARTER BRYANT

11

12                UNITED STATES DISTRICT COURT

13               CENTRAL DISTRICT OF CALIFORNIA

14                      EASTERN DIVISION

15

16
     CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
17                                         (consolidated with CV 04-9059 & 05-
                      Plaintiff,           2727
18
          v.                               CARTER BRYANT'S SECOND SET
19                                         OF REQUESTS FOR ADMISSION
     MATTEL, INC. a Delaware               TO MATTEL, INC.
20   Corporation,

21                    Defendant.

22
     CONSOLIDATED WITH MATTEL,
23   INC., v. BRYANT and MGA
     ENTERTAINMENT, INC. v.
24   MATTEL, INC.

25

26

27

28

408244.02

CARTER BRYANT'S SECOND SET OF REQUESTS FOR ADMISSION TO MATTEL, INC.
CASE NO. CV 04-09049 SGL (RNBx)

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff CARTER BRYANT requests that Defendant Mattel, Inc. respond in writing to the Requests for Admission set forth below within thirty (30) days of service.

## DEFINITIONS

1.     "MATTEL" or "YOU" means and refers to plaintiff and counter-defendant Mattel, Inc., its current employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.     "BRYANT" or "CARTER BRYANT" means and refers to Carter Bryant and his agents, representatives, attorneys, experts or any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.     "BRATZ" means and refers to each image, character, logo, doll, fashion doll, plush toy, styling head, toy, accessory, product, packaging, theme, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as "Bratz", or sold and marketed under the "Bratz" trademark or trade dress.

4.     "DESIGN" means and refers to any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic, or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, or rotocasts.

5.     "INCORPORATED" means contained, represented, embodied, expressed, fixed or reflected in any manner, whether in whole or in part.

6.     "INVENTION AGREEMENT" means the agreement entitled "Employee Confidential Information and Inventions Agreement" produced by MATTEL in this litigation as document M0001596.

1

7.    The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

8.    The use of the singular form of any word includes the plural and vice versa.

9.    The terms "any" and "all" are interchangeable.

## INSTRUCTIONS

1.    Unless otherwise stated, the time period for each request herein is January 1, 1995 to the present.

2.    Each response shall be preceded by the Request for Admission to which it responds and shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reason(s) for the objection shall be stated in lieu of that portion of the answer to which the objection applies.

3.    All responses to the Requests for Admission shall be signed by the person making them and all objections signed by the attorney making them under the standards set forth in Federal Rule of Civil Procedure 11. No part of the Request for Admission shall be left unanswered merely because an objection has been interposed to another part of that Request.

4.    If MATTEL withholds information responsive, in whole or in part, to any Request for Admission on any basis, please identify:  (a) any privilege or immunity from discovery asserted; (b) all documents or things which contain or refer to the information; (c) all individuals having knowledge of the information; (d) the subject matter and general nature of the information; and (e) all facts which are alleged to support the assertion of privilege or immunity.

The obligation to provide the information sought by these discovery requests, or parts thereof, is continuing within the requirements of Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR ADMISSION

2

1  **REQUEST FOR ADMISSION NO. 113:**

2      Admit that CARTER BRYANT conceived of the idea for BRATZ prior to

3  January 3, 1999 but after April 1998.

4  **REQUEST FOR ADMISSION NO. 114:**

5      Admit that YOU do not contend that CARTER BRYANT conceived of the

6  idea for BRATZ after January 3, 1999.

7  **REQUEST FOR ADMISSION NO. 115:**

8      Admit that if CARTER BRYANT conceived of his idea for BRATZ before

9  January 3, 1999 and if CARTER BRYANT's idea was not reduced to practice until

10  after October 21, 2000, then CARTER BRYANT did not breach Section 2[a] of

11  the INVENTION AGREEMENT.

12  **REQUEST FOR ADMISSION NO. 116:**

13      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

14  the document bearing the Bates no. BRYANT 175 prior to January 3, 1999 but

15  after April 1998.

16  **REQUEST FOR ADMISSION NO. 117:**

17      Admit that YOU do not contend that CARTER BRYANT created the

18  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 175

19  after January 3, 1999.

20  **REQUEST FOR ADMISSION NO. 118:**

21      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

22  the document bearing the Bates no. BRYANT 176 prior to January 3, 1999 but

23  after April 1998.

24  **REQUEST FOR ADMISSION NO. 119:**

25      Admit that YOU do not contend that CARTER BRYANT created the

26  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 176

27  after January 3, 1999.

28

**REQUEST FOR ADMISSION NO. 120:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 177 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 121:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 177 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 122:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 178 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 123:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 178 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 124:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 179 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 125:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 179 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 126:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 180 prior to January 3, 1999 but after April 1998.

4

CARTER BRYANT'S SECOND SET OF REQUESTS FOR ADMISSION TO MATTEL, INC
CASE NO. CV 04-09049 SGL (RNBx)

**REQUEST FOR ADMISSION NO. 127:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 180 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 128:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 181 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 129:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 181 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 130:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 182 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 131:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 182 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 132:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 183 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 133:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 183 after January 3, 1999.

5

1  **REQUEST FOR ADMISSION NO. 134:**

2      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

3  the document bearing the Bates no. BRYANT 186 prior to January 3, 1999 but

4  after April 1998.

5  **REQUEST FOR ADMISSION NO. 135:**

6      Admit that YOU do not contend that CARTER BRYANT created the

7  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 186

8  after January 3, 1999.

9  **REQUEST FOR ADMISSION NO. 136:**

10      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

11  the document bearing the Bates no. BRYANT 189 prior to January 3, 1999 but

12  after April 1998.

13  **REQUEST FOR ADMISSION NO. 137:**

14      Admit that YOU do not contend that CARTER BRYANT created the

15  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 189

16  after January 3, 1999.

17  **REQUEST FOR ADMISSION NO. 138:**

18      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

19  the document bearing the Bates no. BRYANT 190 prior to January 3, 1999 but

20  after April 1998.

21  **REQUEST FOR ADMISSION NO. 139:**

22      Admit that YOU do not contend that CARTER BRYANT created the

23  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 190

24  after January 3, 1999.

25  **REQUEST FOR ADMISSION NO. 140:**

26      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

27  the document bearing the Bates no. BRYANT 192 prior to January 3, 1999 but

28  after April 1998.

1   **REQUEST FOR ADMISSION NO. 141:**

2       Admit that YOU do not contend that CARTER BRYANT created the

3   DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 192

4   after January 3, 1999.

5   **REQUEST FOR ADMISSION NO. 142:**

6       Admit that CARTER BRYANT created the DESIGN INCORPORATED in

7   the document bearing the Bates no. BRYANT 193 prior to January 3, 1999 but

8   after April 1998.

9   **REQUEST FOR ADMISSION NO. 143:**

10       Admit that YOU do not contend that CARTER BRYANT created the

11   DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 193

12   after January 3, 1999.

13   **REQUEST FOR ADMISSION NO. 144:**

14       Admit that CARTER BRYANT created the DESIGN INCORPORATED in

15   the document bearing the Bates no. BRYANT 194 prior to January 3, 1999 but

16   after April 1998.

17   **REQUEST FOR ADMISSION NO. 145:**

18       Admit that YOU do not contend that CARTER BRYANT created the

19   DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 194

20   after January 3, 1999.

21   **REQUEST FOR ADMISSION NO. 146:**

22       Admit that CARTER BRYANT created the DESIGN INCORPORATED in

23   the document bearing the Bates no. BRYANT 195 prior to January 3, 1999 but

24   after April 1998.

25   **REQUEST FOR ADMISSION NO. 147:**

26       Admit that YOU do not contend that CARTER BRYANT created the

27   DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 195

28   after January 3, 1999.

**REQUEST FOR ADMISSION NO. 148:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 196 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 149:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 196 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 150:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 197 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 151:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 197 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 152:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 198 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 153:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 198 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 154:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 199 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 155:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 199 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 156:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 200 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 157:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 200 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 158:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 201 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 159:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 201 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 160:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 202 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 161:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 202 after January 3, 1999.

9

1  **REQUEST FOR ADMISSION NO. 162:**

2      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

3  the document bearing the Bates no. BRYANT 203 prior to January 3, 1999 but

4  after April 1998.

5  **REQUEST FOR ADMISSION NO. 163:**

6      Admit that YOU do not contend that CARTER BRYANT created the

7  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 203

8  after January 3, 1999.

9  **REQUEST FOR ADMISSION NO. 164:**

10      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

11  the document bearing the Bates no. BRYANT 204 prior to January 3, 1999 but

12  after April 1998.

13  **REQUEST FOR ADMISSION NO. 165:**

14      Admit that YOU do not contend that CARTER BRYANT created the

15  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 204

16  after January 3, 1999.

17  **REQUEST FOR ADMISSION NO. 166:**

18      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

19  the document bearing the Bates no. BRYANT 205 prior to January 3, 1999 but

20  after April 1998.

21  **REQUEST FOR ADMISSION NO. 167:**

22      Admit that YOU do not contend that CARTER BRYANT created the

23  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 205

24  after January 3, 1999.

25  **REQUEST FOR ADMISSION NO. 168:**

26      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

27  the document bearing the Bates no. BRYANT 206 prior to January 3, 1999 but

28  after April 1998.

**REQUEST FOR ADMISSION NO. 169:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 206 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 170:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 207 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 171:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 207 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 172:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 208 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 173:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 208 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 174:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 209 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 175:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 209 after January 3, 1999.

11

**REQUEST FOR ADMISSION NO. 176:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 210 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 177:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 210 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 178:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 211 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 179:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 211 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 180:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 212 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 181:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 212 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 182:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 213 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 183:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 213 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 184:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 214 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 185:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 214 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 186:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 215 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 187:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 215 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 188:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 216 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 189:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 216 after January 3, 1999.

13

**REQUEST FOR ADMISSION NO. 190:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 217 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 191:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 217 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 192:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 218 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 193:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 218 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 194:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 219 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 195:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 219 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 196:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 220 prior to January 3, 1999 but after April 1998.

14

**REQUEST FOR ADMISSION NO. 197:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 220 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 198:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 277 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 199:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 277 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 200:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 300 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 201:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 300 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 202:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 301 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 203:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 301 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 204:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 302 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 205:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 302 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 206:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 303 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 207:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 303 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 208:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 1003 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 209:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 1003 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 210:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 1243 prior to January 3, 1999 but after April 1998.

1

**REQUEST FOR ADMISSION NO. 211:**

2

    Admit that YOU do not contend that CARTER BRYANT created the

3

DESIGN INCORPORATED in the document bearing the Bates no. BRYANT

4

1243 after January 3, 1999.

5

**REQUEST FOR ADMISSION NO. 212:**

6

    Admit that CARTER BRYANT created the DESIGN INCORPORATED in

7

the document bearing the Bates no. BRYANT 1977 prior to January 3, 1999 but

8

after April 1998.

9

**REQUEST FOR ADMISSION NO. 213:**

10

    Admit that YOU do not contend that CARTER BRYANT created the

11

DESIGN INCORPORATED in the document bearing the Bates no. BRYANT

12

1977 after January 3, 1999.

13

**REQUEST FOR ADMISSION NO. 214:**

14

    Admit that CARTER BRYANT created the DESIGN INCORPORATED in

15

the document bearing the Bates no. BRYANT 1993 prior to January 3, 1999 but

16

after April 1998.

17

**REQUEST FOR ADMISSION NO. 215:**

18

    Admit that YOU do not contend that CARTER BRYANT created the

19

DESIGN INCORPORATED in the document bearing the Bates no. BRYANT

20

1993 after January 3, 1999.

21

**REQUEST FOR ADMISSION NO. 216:**

22

    Admit that CARTER BRYANT created the DESIGN INCORPORATED in

23

the document produced as Exhibit 1 to Carter Bryant's deposition.

24

**REQUEST FOR ADMISSION NO. 217:**

25

    Admit that YOU do not contend that CARTER BRYANT created the

26

DESIGN INCORPORATED in the document produced as Exhibit 1 to Carter

27

Bryant's deposition.

28

**REQUEST FOR ADMISSION NO. 218:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document produced as Exhibit 2 to Carter Bryant's deposition.

**REQUEST FOR ADMISSION NO. 219:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document produced as Exhibit 2 to Carter Bryant's deposition.

**REQUEST FOR ADMISSION NO. 220:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document produced as Exhibit 3 to Carter Bryant's deposition.

**REQUEST FOR ADMISSION NO. 221:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document produced as Exhibit 3 to Carter Bryant's deposition.

**REQUEST FOR ADMISSION NO. 222:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 278 prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 223:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 278 after January 3, 1999.

**REQUEST FOR ADMISSION NO. 224:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document produced as Exhibit 704 to Janet Bryant's Deposition prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 225:**

Admit that YOU do not contend that CARTER BRYANT created the

18

1  DESIGN INCORPORATED in the document produced as Exhibit 704 to Janet

2  Bryant's deposition after January 3, 1999.

3  **REQUEST FOR ADMISSION NO. 226:**

4      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

5  the document produced as Exhibit 706 to Janet Bryant's Deposition prior to

6  January 3, 1999 but after April 1998.

7  **REQUEST FOR ADMISSION NO. 227:**

8      Admit that YOU do not contend that CARTER BRYANT created the

9  DESIGN INCORPORATED in the document produced as Exhibit 706 to Janet

10  Bryant's deposition after January 3, 1999.

11  **REQUEST FOR ADMISSION NO. 228:**

12      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

13  the document produced as Exhibit 707 to Janet Bryant's Deposition prior to

14  January 3, 1999 but after April 1998.

15  **REQUEST FOR ADMISSION NO. 229:**

16      Admit that YOU do not contend that CARTER BRYANT created the

17  DESIGN INCORPORATED in the document produced as Exhibit 707 to Janet

18  Bryant's deposition after January 3, 1999.

19  **REQUEST FOR ADMISSION NO. 230:**

20      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

21  the document produced as Exhibit 708 to Janet Bryant's Deposition prior to

22  January 3, 1999 but after April 1998.

23  **REQUEST FOR ADMISSION NO. 231:**

24      Admit that YOU do not contend that CARTER BRYANT created the

25  DESIGN INCORPORATED in the document produced as Exhibit 708 to Janet

26  Bryant's deposition after January 3, 1999.

27  **REQUEST FOR ADMISSION NO. 232:**

28      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

19

1    the document produced as Exhibit 709 to Janet Bryant's Deposition prior to

2    January 3, 1999 but after April 1998.

3    **REQUEST FOR ADMISSION NO. 233:**

4       Admit that YOU do not contend that CARTER BRYANT created the

5    DESIGN INCORPORATED in the document produced as Exhibit 709 to Janet

6    Bryant's deposition after January 3, 1999.

7    **REQUEST FOR ADMISSION NO. 234:**

8       Admit that CARTER BRYANT created the DESIGN INCORPORATED in

9    the document produced as Exhibit 710 to Janet Bryant's Deposition prior to

10    January 3, 1999 but after April 1998.

11    **REQUEST FOR ADMISSION NO. 235:**

12       Admit that YOU do not contend that CARTER BRYANT created the

13    DESIGN INCORPORATED in the document produced as Exhibit 710 to Janet

14    Bryant's deposition after January 3, 1999.

15    **REQUEST FOR ADMISSION NO. 236:**

16       Admit that CARTER BRYANT created the DESIGN INCORPORATED in

17    the document produced as Exhibit 711 to Janet Bryant's Deposition prior to

18    January 3, 1999 but after April 1998.

19    **REQUEST FOR ADMISSION NO. 237:**

20       Admit that YOU do not contend that CARTER BRYANT created the

21    DESIGN INCORPORATED in the document produced as Exhibit 711 to Janet

22    Bryant's deposition after January 3, 1999.

23    **REQUEST FOR ADMISSION NO. 238:**

24       Admit that CARTER BRYANT created the DESIGN INCORPORATED in

25    the document produced as Exhibit 712 to Janet Bryant's Deposition prior to

26    January 3, 1999 but after April 1998.

27    **REQUEST FOR ADMISSION NO. 239:**

28       Admit that YOU do not contend that CARTER BRYANT created the

1  DESIGN INCORPORATED in the document produced as Exhibit 712 to Janet

2  Bryant's deposition after January 3, 1999.

3  **REQUEST FOR ADMISSION NO. 240:**

4      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

5  the document produced as Exhibit 713 to Janet Bryant's Deposition prior to

6  January 3, 1999 but after April 1998.

7  **REQUEST FOR ADMISSION NO. 241:**

8      Admit that YOU do not contend that CARTER BRYANT created the

9  DESIGN INCORPORATED in the document produced as Exhibit 713 to Janet

10 Bryant's deposition after January 3, 1999.

11 **REQUEST FOR ADMISSION NO. 242:**

12     Admit that CARTER BRYANT created the DESIGN INCORPORATED in

13 the document produced as Exhibit 733 to Janet Bryant's Deposition prior to

14 January 3, 1999 but after April 1998.

15 **REQUEST FOR ADMISSION NO. 243:**

16     Admit that YOU do not contend that CARTER BRYANT created the

17 DESIGN INCORPORATED in the document produced as Exhibit 733 to Janet

18 Bryant's deposition after January 3, 1999.

19 **REQUEST FOR ADMISSION NO. 244:**

20     Admit that CARTER BRYANT created the DESIGN INCORPORATED in

21 the document produced as Exhibit 734 to Janet Bryant's Deposition prior to

22 January 3, 1999 but after April 1998.

23 **REQUEST FOR ADMISSION NO. 245:**

24     Admit that YOU do not contend that CARTER BRYANT created the

25 DESIGN INCORPORATED in the document produced as Exhibit 734 to Janet

26 Bryant's deposition after January 3, 1999.

27 **REQUEST FOR ADMISSION NO. 246:**

28     Admit that CARTER BRYANT created the DESIGN INCORPORATED in

1  the document produced as Exhibit 735 to Janet Bryant's Deposition prior to

2  January 3, 1999 but after April 1998.

3  **REQUEST FOR ADMISSION NO. 247:**

4  Admit that YOU do not contend that CARTER BRYANT created the

5  DESIGN INCORPORATED in the document produced as Exhibit 735 to Janet

6  Bryant's deposition after January 3, 1999.

7  **REQUEST FOR ADMISSION NO. 248:**

8  Admit that CARTER BRYANT created the DESIGN INCORPORATED in

9  the document produced as Exhibit 736 to Janet Bryant's Deposition prior to

10  January 3, 1999 but after April 1998.

11  **REQUEST FOR ADMISSION NO. 249:**

12  Admit that YOU do not contend that CARTER BRYANT created the

13  DESIGN INCORPORATED in the document produced as Exhibit 736 to Janet

14  Bryant's deposition after January 3, 1999.

15  **REQUEST FOR ADMISSION NO. 250:**

16  Admit that CARTER BRYANT created the DESIGN INCORPORATED in

17  the document produced as Exhibit 737 to Janet Bryant's Deposition prior to

18  January 3, 1999 but after April 1998.

19  **REQUEST FOR ADMISSION NO. 251:**

20  Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 737 to Janet

22  Bryant's deposition after January 3, 1999.

23  **REQUEST FOR ADMISSION NO. 252:**

24  Admit that CARTER BRYANT created the DESIGN INCORPORATED in

25  the document produced as Exhibit 738 to Janet Bryant's Deposition prior to

26  January 3, 1999 but after April 1998.

27  **REQUEST FOR ADMISSION NO. 253:**

28  Admit that YOU do not contend that CARTER BRYANT created the

22

CARTER BRYANT'S SECOND SET OF REQUESTS FOR ADMISSION TO MATTEL, INC
CASE NO. CV 04-09049 SGL (RNBx)

1   DESIGN INCORPORATED in the document produced as Exhibit 738 to Janet

2   Bryant's deposition after January 3, 1999.

3   **REQUEST FOR ADMISSION NO. 254:**

4        Admit that CARTER BRYANT created the DESIGN INCORPORATED in

5   the document produced as Exhibit 739 to Janet Bryant's Deposition prior to

6   January 3, 1999 but after April 1998.

7   **REQUEST FOR ADMISSION NO. 255:**

8        Admit that YOU do not contend that CARTER BRYANT created the

9   DESIGN INCORPORATED in the document produced as Exhibit 739 to Janet

10  Bryant's deposition after January 3, 1999.

11  **REQUEST FOR ADMISSION NO. 256:**

12       Admit that CARTER BRYANT created the DESIGN INCORPORATED in

13  the document produced as Exhibit 740 to Janet Bryant's Deposition prior to

14  January 3, 1999 but after April 1998.

15  **REQUEST FOR ADMISSION NO. 257:**

16       Admit that YOU do not contend that CARTER BRYANT created the

17  DESIGN INCORPORATED in the document produced as Exhibit 740 to Janet

18  Bryant's deposition after January 3, 1999.

19  **REQUEST FOR ADMISSION NO. 258:**

20       Admit that CARTER BRYANT created the DESIGN INCORPORATED in

21  the document produced as Exhibit 741 to Janet Bryant's Deposition prior to

22  January 3, 1999 but after April 1998.

23  **REQUEST FOR ADMISSION NO. 259:**

24       Admit that YOU do not contend that CARTER BRYANT created the

25  DESIGN INCORPORATED in the document produced as Exhibit 741 to Janet

26  Bryant's deposition after January 3, 1999.

27  **REQUEST FOR ADMISSION NO. 260:**

28       Admit that CARTER BRYANT created the DESIGN INCORPORATED in

the document produced as Exhibit 743 to Janet Bryant's Deposition prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 261:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document produced as Exhibit 743 to Janet Bryant's deposition after January 3, 1999.

**REQUEST FOR ADMISSION NO. 262:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document produced as Exhibit 747 to Janet Bryant's Deposition prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 263:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document produced as Exhibit 747 to Janet Bryant's deposition after January 3, 1999.

**REQUEST FOR ADMISSION NO. 264:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document produced as Exhibit 748 to Janet Bryant's Deposition prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 265:**

Admit that YOU do not contend that CARTER BRYANT created the DESIGN INCORPORATED in the document produced as Exhibit 748 to Janet Bryant's deposition after January 3, 1999.

**REQUEST FOR ADMISSION NO. 266:**

Admit that CARTER BRYANT created the DESIGN INCORPORATED in the document produced as Exhibit 749 to Janet Bryant's Deposition prior to January 3, 1999 but after April 1998.

**REQUEST FOR ADMISSION NO. 267:**

Admit that YOU do not contend that CARTER BRYANT created the

24

1   DESIGN INCORPORATED in the document produced as Exhibit 749 to Janet

2   Bryant's deposition after January 3, 1999.

3   **REQUEST FOR ADMISSION NO. 268:**

4        Admit that CARTER BRYANT created the DESIGN INCORPORATED in

5   the document produced as Exhibit 751 to Janet Bryant's Deposition prior to

6   January 3, 1999 but after April 1998.

7   **REQUEST FOR ADMISSION NO. 269:**

8        Admit that YOU do not contend that CARTER BRYANT created the

9   DESIGN INCORPORATED in the document produced as Exhibit 751 to Janet

10  Bryant's deposition after January 3, 1999.

11  **REQUEST FOR ADMISSION NO. 270:**

12       Admit that CARTER BRYANT created the DESIGN INCORPORATED in

13  the document produced as Exhibit 752 to Janet Bryant's Deposition prior to

14  January 3, 1999 but after April 1998.

15  **REQUEST FOR ADMISSION NO. 271:**

16       Admit that YOU do not contend that CARTER BRYANT created the

17  DESIGN INCORPORATED in the document produced as Exhibit 752 to Janet

18  Bryant's deposition after January 3, 1999.

19  **REQUEST FOR ADMISSION NO. 272:**

20       Admit that CARTER BRYANT created the DESIGN INCORPORATED in

21  the document produced as Exhibit 753 to Janet Bryant's Deposition prior to

22  January 3, 1999 but after April 1998.

23  **REQUEST FOR ADMISSION NO. 273:**

24       Admit that YOU do not contend that CARTER BRYANT created the

25  DESIGN INCORPORATED in the document produced as Exhibit 753 to Janet

26  Bryant's deposition after January 3, 1999.

27  **REQUEST FOR ADMISSION NO. 274:**

28       Admit that CARTER BRYANT created the DESIGN INCORPORATED in

1   the document produced as Exhibit 754 to Janet Bryant's Deposition prior to

2   January 3, 1999 but after April 1998.

3   **REQUEST FOR ADMISSION NO. 275:**

4      Admit that YOU do not contend that CARTER BRYANT created the

5   DESIGN INCORPORATED in the document produced as Exhibit 754 to Janet

6   Bryant's deposition after January 3, 1999.

7   **REQUEST FOR ADMISSION NO. 276:**

8      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

9   the document produced as Exhibit 755 to Janet Bryant's Deposition prior to

10   January 3, 1999 but after April 1998.

11   **REQUEST FOR ADMISSION NO. 277:**

12      Admit that YOU do not contend that CARTER BRYANT created the

13   DESIGN INCORPORATED in the document produced as Exhibit 755 to Janet

14   Bryant's deposition after January 3, 1999.

15   **REQUEST FOR ADMISSION NO. 278:**

16      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

17   the document produced as Exhibit 756 to Janet Bryant's Deposition prior to

18   January 3, 1999 but after April 1998.

19   **REQUEST FOR ADMISSION NO. 279:**

20      Admit that YOU do not contend that CARTER BRYANT created the

21   DESIGN INCORPORATED in the document produced as Exhibit 756 to Janet

22   Bryant's deposition after January 3, 1999.

23   **REQUEST FOR ADMISSION NO. 280:**

24      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

25   the document produced as Exhibit 757 to Janet Bryant's Deposition prior to

26   January 3, 1999 but after April 1998.

27   **REQUEST FOR ADMISSION NO. 281:**

28      Admit that YOU do not contend that CARTER BRYANT created the

26

408244.02

1  DESIGN INCORPORATED in the document produced as Exhibit 757 to Janet
2  Bryant's deposition after January 3, 1999.
3  **REQUEST FOR ADMISSION NO. 282:**
4      Admit that CARTER BRYANT created the DESIGN INCORPORATED in
5  the document produced as Exhibit 758 to Janet Bryant's Deposition prior to
6  January 3, 1999 but after April 1998.
7  **REQUEST FOR ADMISSION NO. 283:**
8      Admit that YOU do not contend that CARTER BRYANT created the
9  DESIGN INCORPORATED in the document produced as Exhibit 758 to Janet
10  Bryant's deposition after January 3, 1999.
11  **REQUEST FOR ADMISSION NO. 284:**
12      Admit that CARTER BRYANT created the DESIGN INCORPORATED in
13  the document produced as Exhibit 759 to Janet Bryant's Deposition prior to
14  January 3, 1999 but after April 1998.
15  **REQUEST FOR ADMISSION NO. 285:**
16      Admit that YOU do not contend that CARTER BRYANT created the
17  DESIGN INCORPORATED in the document produced as Exhibit 759 to Janet
18  Bryant's deposition after January 3, 1999.
19  **REQUEST FOR ADMISSION NO. 286:**
20      Admit that CARTER BRYANT created the DESIGN INCORPORATED in
21  the document produced as Exhibit 760 to Janet Bryant's Deposition prior to
22  January 3, 1999 but after April 1998.
23  **REQUEST FOR ADMISSION NO. 287:**
24      Admit that YOU do not contend that CARTER BRYANT created the
25  DESIGN INCORPORATED in the document produced as Exhibit 760 to Janet
26  Bryant's deposition after January 3, 1999.
27  **REQUEST FOR ADMISSION NO. 288:**
28      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

27

1   the document produced as Exhibit 763 to Janet Bryant's Deposition prior to

2   January 3, 1999 but after April 1998.

3   **REQUEST FOR ADMISSION NO. 289:**

4         Admit that YOU do not contend that CARTER BRYANT created the

5   DESIGN INCORPORATED in the document produced as Exhibit 763 to Janet

6   Bryant's deposition after January 3, 1999.

7   **REQUEST FOR ADMISSION NO. 290:**

8         Admit that CARTER BRYANT created the DESIGN INCORPORATED in

9   the document produced as Exhibit 764 to Janet Bryant's Deposition prior to

10   January 3, 1999 but after April 1998.

11   **REQUEST FOR ADMISSION NO. 291:**

12         Admit that YOU do not contend that CARTER BRYANT created the

13   DESIGN INCORPORATED in the document produced as Exhibit 764 to Janet

14   Bryant's deposition after January 3, 1999.

15   **REQUEST FOR ADMISSION NO. 292:**

16         Admit that CARTER BRYANT created the DESIGN INCORPORATED in

17   the document produced as Exhibit 765 to Janet Bryant's Deposition prior to

18   January 3, 1999 but after April 1998.

19   **REQUEST FOR ADMISSION NO. 293:**

20         Admit that YOU do not contend that CARTER BRYANT created the

21   DESIGN INCORPORATED in the document produced as Exhibit 765 to Janet

22   Bryant's deposition after January 3, 1999.

23   **REQUEST FOR ADMISSION NO. 294:**

24         Admit that CARTER BRYANT created the DESIGN INCORPORATED in

25   the document produced as Exhibit 766 to Janet Bryant's Deposition prior to

26   January 3, 1999 but after April 1998.

27   **REQUEST FOR ADMISSION NO. 295:**

28         Admit that YOU do not contend that CARTER BRYANT created the

CARTER BRYANT'S SECOND SET OF REQUESTS FOR ADMISSION TO MATTEL, INC
CASE NO. CV 04-09049 SGL (RNBx)

1   DESIGN INCORPORATED in the document produced as Exhibit 766 to Janet

2   Bryant's deposition after January 3, 1999.

3   **REQUEST FOR ADMISSION NO. 296:**

4         Admit that CARTER BRYANT created the DESIGN INCORPORATED in

5   the document produced as Exhibit 774 to Janet Bryant's Deposition prior to

6   January 3, 1999 but after April 1998.

7   **REQUEST FOR ADMISSION NO. 297:**

8         Admit that YOU do not contend that CARTER BRYANT created the

9   DESIGN INCORPORATED in the document produced as Exhibit 774 to Janet

10  Bryant's deposition after January 3, 1999.

11  **REQUEST FOR ADMISSION NO. 298:**

12        Admit that CARTER BRYANT created the DESIGN INCORPORATED in

13  the document produced as Exhibit 775 to Janet Bryant's Deposition prior to

14  January 3, 1999 but after April 1998.

15  **REQUEST FOR ADMISSION NO. 299:**

16        Admit that YOU do not contend that CARTER BRYANT created the

17  DESIGN INCORPORATED in the document produced as Exhibit 775 to Janet

18  Bryant's deposition after January 3, 1999.

19  **REQUEST FOR ADMISSION NO. 300:**

20        Admit that CARTER BRYANT created the DESIGN INCORPORATED in

21  the document produced as Exhibit 776 to Janet Bryant's Deposition prior to

22  January 3, 1999 but after April 1998.

23  **REQUEST FOR ADMISSION NO. 301:**

24        Admit that YOU do not contend that CARTER BRYANT created the

25  DESIGN INCORPORATED in the document produced as Exhibit 776 to Janet

26  Bryant's deposition after January 3, 1999.

27  **REQUEST FOR ADMISSION NO. 302:**

28        Admit that CARTER BRYANT created the DESIGN INCORPORATED in

1   the document produced as Exhibit 777 to Janet Bryant's Deposition prior to

2   January 3, 1999 but after April 1998.

3   **REQUEST FOR ADMISSION NO. 303:**

4        Admit that YOU do not contend that CARTER BRYANT created the

5   DESIGN INCORPORATED in the document produced as Exhibit 777 to Janet

6   Bryant's deposition after January 3, 1999.

7   **REQUEST FOR ADMISSION NO. 304:**

8        Admit that CARTER BRYANT created the DESIGN INCORPORATED in

9   the document produced as Exhibit 778 to Janet Bryant's Deposition prior to

10  January 3, 1999 but after April 1998.

11  **REQUEST FOR ADMISSION NO. 305:**

12       Admit that YOU do not contend that CARTER BRYANT created the

13  DESIGN INCORPORATED in the document produced as Exhibit 778 to Janet

14  Bryant's deposition after January 3, 1999.

15  **REQUEST FOR ADMISSION NO. 306:**

16       Admit that CARTER BRYANT created the DESIGN INCORPORATED in

17  the document produced as Exhibit 779 to Janet Bryant's Deposition prior to

18  January 3, 1999 but after April 1998.

19  **REQUEST FOR ADMISSION NO. 307:**

20       Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 779 to Janet

22  Bryant's deposition after January 3, 1999.

23  **REQUEST FOR ADMISSION NO. 308:**

24       Admit that CARTER BRYANT created the DESIGN INCORPORATED in

25  the document produced as Exhibit 781 Janet Bryant's Deposition prior to

26  January 3, 1999 but after April 1998.

27  **REQUEST FOR ADMISSION NO. 309:**

28       Admit that YOU do not contend that CARTER BRYANT created the

30

1  DESIGN INCORPORATED in the document produced as Exhibit 781 to Janet

2  Bryant's deposition after January 3, 1999.

3  **REQUEST FOR ADMISSION NO. 310:**

4      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

5  the document produced as Exhibit 786 to Janet Bryant's Deposition prior to

6  January 3, 1999 but after April 1998.

7  **REQUEST FOR ADMISSION NO. 311:**

8      Admit that YOU do not contend that CARTER BRYANT created the

9  DESIGN INCORPORATED in the document produced as Exhibit 786 to Janet

10  Bryant's deposition after January 3, 1999.

11  **REQUEST FOR ADMISSION NO. 312:**

12      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

13  the document produced as Exhibit 791 to Janet Bryant's Deposition prior to

14  January 3, 1999 but after April 1998.

15  **REQUEST FOR ADMISSION NO. 313:**

16      Admit that YOU do not contend that CARTER BRYANT created the

17  DESIGN INCORPORATED in the document produced as Exhibit 791 to Janet

18  Bryant's deposition after January 3, 1999.

19  **REQUEST FOR ADMISSION NO. 314:**

20      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

21  the document produced as Exhibit 792 to Janet Bryant's Deposition prior to

22  January 3, 1999 but after April 1998.

23  **REQUEST FOR ADMISSION NO. 315:**

24      Admit that YOU do not contend that CARTER BRYANT created the

25  DESIGN INCORPORATED in the document produced as Exhibit 792 to Janet

26  Bryant's deposition after January 3, 1999.

27  **REQUEST FOR ADMISSION NO. 316:**

28      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

31

1  the document produced as Exhibit 793 to Janet Bryant's Deposition prior to

2  January 3, 1999 but after April 1998.

3  **REQUEST FOR ADMISSION NO. 317:**

4      Admit that YOU do not contend that CARTER BRYANT created the

5  DESIGN INCORPORATED in the document produced as Exhibit 793 to Janet

6  Bryant's deposition after January 3, 1999.

7  **REQUEST FOR ADMISSION NO. 318:**

8      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

9  the document produced as Exhibit 794 to Janet Bryant's Deposition prior to

10  January 3, 1999 but after April 1998.

11  **REQUEST FOR ADMISSION NO. 319:**

12      Admit that YOU do not contend that CARTER BRYANT created the

13  DESIGN INCORPORATED in the document produced as Exhibit 794 to Janet

14  Bryant's deposition after January 3, 1999.

15  **REQUEST FOR ADMISSION NO. 320:**

16      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

17  the document produced as Exhibit 795 to Janet Bryant's Deposition prior to

18  January 3, 1999 but after April 1998.

19  **REQUEST FOR ADMISSION NO. 321:**

20      Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 795 to Janet

22  Bryant's deposition after January 3, 1999.

23  **REQUEST FOR ADMISSION NO. 322:**

24      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

25  the document bearing the Bates no. BRYANT 341 prior to January 3, 1999 but

26  after April 1998.

27  **REQUEST FOR ADMISSION NO. 323:**

28      Admit that YOU do not contend that CARTER BRYANT created the

408244.02

1  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 341
2  after January 3, 1999.

3  **REQUEST FOR ADMISSION NO. 324:**

4      Admit that CARTER BRYANT created the DESIGN INCORPORATED in
5  the document bearing the Bates no. BRYANT 972 prior to January 3, 1999 but
6  after April 1998.

7  **REQUEST FOR ADMISSION NO. 325:**

8      Admit that YOU do not contend that CARTER BRYANT created the
9  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 972
10  after January 3, 1999.

11  **REQUEST FOR ADMISSION NO. 326:**

12      Admit that CARTER BRYANT created the DESIGN INCORPORATED in
13  the document bearing the Bates no. BRYANT 1014 prior to January 3, 1999 but
14  after April 1998.

15  **REQUEST FOR ADMISSION NO. 327:**

16      Admit that YOU do not contend that CARTER BRYANT created the
17  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT
18  1014 after January 3, 1999.

19  **REQUEST FOR ADMISSION NO. 328:**

20      Admit that CARTER BRYANT created the DESIGN INCORPORATED in
21  the document bearing the Bates no. BRYANT 1116 prior to January 3, 1999 but
22  after April 1998.

23  **REQUEST FOR ADMISSION NO. 329:**

24      Admit that YOU do not contend that CARTER BRYANT created the
25  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT
26  1116 after January 3, 1999.

27  **REQUEST FOR ADMISSION NO. 330:**

28      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

33

1  the document bearing the Bates no. BRYANT 1117 prior to January 3, 1999 but

2  after April 1998.

3  **REQUEST FOR ADMISSION NO. 331:**

4      Admit that YOU do not contend that CARTER BRYANT created the

5  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT

6  1117 after January 3, 1999.

7  **REQUEST FOR ADMISSION NO. 332:**

8      Admit that CARTER BRYANT created the DESIGN INCORPORATED in

9  the document bearing the Bates no. BRYANT 1118 prior to January 3, 1999 but

10  after April 1998.

11  **REQUEST FOR ADMISSION NO. 333:**

12      Admit that YOU do not contend that CARTER BRYANT created the

13  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT

14  1118 after January 3, 1999.

15

16  Dated:  December 26, 2007                    KEKER & VAN NEST, LLP

17

18

19                                By:  _____
                                         MATTHEW WERDEGAR
20                                       Attorneys for Plaintiff
                                         CARTER BRYANT
21

22

23

24

25

26

27

28

1       PROOF OF SERVICE

2          I am employed in the City and County of San Francisco, State of California

3    in the office of a member of the bar of this court at whose direction the following

     service was made. I am over the age of eighteen years and not a party to the within

4    action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San

5    Francisco, California 94111.

6    On December 26, 2007, I served the following document(s):

7    **CARTER BRYANT'S SECOND SET OF REQUESTS FOR ADMISSION**

8    **TO MATTEL, INC.**

9

10   by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope
     addressed as shown below. I am readily familiar with the practice of Keker & Van

11   Nest, LLP for correspondence for delivery by FedEx Corporation. According to
     that practice, items are retrieved daily by a FedEx Corporation employee for

12   overnight delivery.

13
     by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and

14   correct copy scanned into an electronic file in Adobe "pdf" format. The
     transmission was reported as complete and without error.

15

16

17   John B. Quinn                          Thomas J. Nolan
     Michael T. Zeller                      Skadden Arps Slate Meagher & Flom

18   Quinn Emanuel Urquhart Oliver &        300 South Grand Avenue, Suite 3400
     Hedges, LLP                            Los Angeles, CA 90071-3144

19   865 South Figueroa Street, 10th Floor  Tel:  213/687-5000

20   Los Angeles, CA 90017-2543             Fax:  213/687-5600
     Tel:  213/443-3000                     Email: tnolan@skadden.com

21   Fax:  213/443-3100

22   Email: johnquinn@quinnemanuel.com
     Email: michaelzeller@quinnemanuel.com

23

24   Alexander H. Cote
     Overland Borenstein Scheper & Kim LLP

25   300 S. Grand Avenue, Suite 2750

26   Los Angeles, California 90071
     Tel:  213/613-4660

27   Fax:  213/613-4656

28   Email :    acote@obsklaw.com

1     Executed on December 26, 2007, at San Francisco, California.

2     I declare under penalty of perjury under the laws of the State of California

3 that the above is true and correct.

4

5                      JULIE A. SELBY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

# Exhibit D

1   KEKER & VAN NEST, LLP
    JOHN W. KEKER - #49092
2   jkeker@kvn.com
    MICHAEL H. PAGE - #154913
3   mpage@kvn.com
    CHRISTA M. ANDERSON - #184325
4   canderson@kvn.com
    MATTHEW M. WERDEGAR - #200470
5   mwerdegar@kvn.com
    JOHN E. TRINIDAD - #250468
6   jtrinidad@kvn.com
    AUDREY WALTON-HADLOCK- #250574
7   awaltonhadlock@kvn.com
    710 Sansome Street
8   San Francisco, CA 94111-1704
    Telephone:  (415) 391-5400
9   Facsimile:  (415) 397-7188

10  Attorneys for Plaintiff
    CARTER BRYANT

11

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                   EASTERN DIVISION

16

17  CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
                                           (consolidated with CV 04-9059 & 05-
18                          Plaintiff,     2727

19       v.                                CARTER BRYANT'S FOURTH
                                           SET OF REQUESTS FOR
20  MATTEL, INC. a Delaware                PRODUCTION TO MATTEL, INC.
    Corporation,
21
                            Defendant.
22
    CONSOLIDATED WITH MATTEL,
23  INC., v. BRYANT and MGA
    ENTERTAINMENT, INC. v.
24  MATTEL, INC.

25

26

27

28

PROPOUNDING PARTY:           PLAINTIFF CARTER BRYANT

RESPONDING PARTY:            MATTEL, INC.

SET NUMBER:                  FOUR

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Carter Bryant ("Bryant") requests that Defendant Mattel, inc. ("Mattel") produce for inspection and copying the documents and other tangible things described below.  The documents shall be produced for inspection and copying at the offices of Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111, or at such other location as the parties may mutually agree, within thirty days of service of these requests.

## DEFINITIONS

1.     "MATTEL" or "YOU" means and refers to plaintiff and counter-defendant Mattel, Inc., its current employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.     "BRYANT" means and refers to Carter Bryant and his agents, representatives, attorneys, experts or any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.     "BRATZ" means and refers to each image, character, logo, doll, fashion doll, plush toy, styling head, toy, accessory, product, packaging, theme, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as "Bratz", or sold and marketed under the "Bratz" trademark or trade dress.

4.    "ART ATTACKS" means and refers to Art Attacks Ink, LLC and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessor-in-interest, and joint venture partners, and any other acting on Art Attacks Ink, LLC's behalf, pursuant to its authority or subject to its control, including but not limited to, JoAnne Mauck and Byron Mauck.

5.    "CORRESPONDENCE" means every manner or method of disclosure or transfer or exchange of information, whether oral or by document, and whether face-to-face, by telephone, mail, personal delivery, electronic mail, FTP, facsimile or otherwise.

6.    "DOCUMENT" is defined broadly to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and includes all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a DOCUMENT, all drafts of final DOCUMENTS, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody or control, regardless of the medium on which they are produced, reproduced, or stored, and any electronic mail, recording or writing, as these terms are defined in Federal Rule of Evidence 1001. Any DOCUMENT bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate DOCUMENT.

7.    "EMPLOYEE HANDBOOK" or "EMPLOYEE POLICIES & BENEFITS HANDBOOK" means any form of MATTEL publication that is distributed to employees which describe the company's personnel policies and / or employee privileges and obligations, and includes, but is not limited to, the "Employee Handbook" referred to in document bearing bates number M0098021 and / or the "Employee Policies & Benefits Handbook" referred to in document bearing bates number M0098289.

2

8.   "IDENTIFY" as it relates to litigation means to state (1) the name of the plaintiff, defendant, and all other parties involved in the case; (2) the name of counsel for plaintiff, defendant, and all other parties involved in the litigation; (3) the date the complaint was filed; (4) the court in which the complaint was filed; (5) the case number; and (5) the date of any settlement or final resolution of the litigation.

9.   "INVENTION AGREEMENT" means any form of Mattel employment agreement concerning, *inter alia*, (i) ownership of inventions, and / or (ii) trade secrets, and/or (iii) conflicts of interest, whether known by the title "Employee Confidential Information and Inventions Agreement" or any other title, including without limitation documents in the form of the agreement entitled "Employee Confidential Information and Inventions Agreement" produced by MATTEL in this litigation as M0001596.

10.   "GUNTHER-WAHL" means the litigation known as *Gunther-Wahl Productions v. Mattel, Inc.*, Case No. BC195819 filed on or about August 12, 1998 in the Superior Court of the State of California, County of Los Angeles, and subsequent appeals.

11.   "FLANKER PRODUCT" or "FLANKER PRODUCTS" means brands, dolls, products, or product lines that MATTEL believed would compete with its Barbie line of products in the marketplace or that customers might buy instead of buying one of MATTEL's Barbie line of products, and includes, but is not limited to, products, dolls, or brands that MATTEL referred or refers to as "flanker doll" or "flanker brand" in documents bearing bates numbers M0014259, M0014264, and M0067258-277.

12.   "PERSON" or "PERSONS" means and refers to all natural persons, partnerships, joint ventures and any kind of business, legal or public entity or organization, as well as its, its or her agents, representatives, employees, officers

1  and directors and any one else acting on its, its or her behalf, pursuant to its, its or
2  her authority or subject or its, its or her control.

3       13.   "REFERRING OR RELATING TO" should be construed in the
4  broadest possible sense to mean concerning, consisting of, referring to, relating to,
5  pertaining to, involved with, describing, discussing, constituting, evidencing,
6  containing, reflecting, mentioning, pertaining to, citing, summarizing, embodying,
7  analyzing or bearing any logical or factual connection with the subject matter
8  discussed.

9       14.   The words "and" and "or" shall be construed in the conjunctive or
10  disjunctive, whichever makes the request more inclusive.

11       15.   The use of the singular form of any word includes the plural and vice
12  versa.

13       16.   The terms "any" and "all" are interchangeable.

14                           **INSTRUCTIONS**

15       1.   Unless otherwise stated, the time period for each request herein is
16  January 1, 1995 to April 27, 2004.

17       2.   MATTEL is required to produce all DOCUMENTS in the manner,
18  form and position in which they are kept in the ordinary course of business, as
19  required by Federal Rule of Civil Procedure Rule 34(b), including, where
20  applicable, any index tabs, file dividers, designations or information as to the
21  location of DOCUMENTS.

22       3.   If MATTEL cannot respond to a document request fully, after a
23  diligent attempt to attain the requested information, MATTEL must answer the
24  document request to the extent possible, specify the portion of the document
25  request MATTEL is unable to answer, and provide whatever information
26  MATTEL has regarding the unanswered portion.

27

28

CARTER BRYANT'S FOURTH SET OF REQUESTS FOR PRODUCTION TO MATTEL, INC.
CASE NO. CV 04-09049 SGL (RNBx)

4.    In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in MATTEL'S possession, custody or control, MATTEL shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

5.    In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, MATTEL shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which MATTEL asserts supports any claim of privilege.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS REFERRING OR RELATING TO any litigation involving MATTEL in which the interpretation of any term of any INVENTION AGREEMENT was at issue .

### REQUEST FOR PRODUCTION NO. 2:

DOCUMENTS sufficient to IDENTIFY any litigation in which MATTEL accused any PERSON of breaching any INVENTION AGREEMENT.

### REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS, including but not limited to all transcripts and all CORRESPONDENCE between MATTEL and BRYANT, REFERRING OR RELATING TO BRYANT's participation or potential participation as a witness in any litigation to which MATTEL was a party.

5

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS REFERRING OR RELATING to any MATTEL
employee performing work for PERSONS other than MATTEL while still
employed by MATTEL.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS REFERRING OR RELATING to any MATTEL rules,
policies, or practices regarding MATTEL employees performing work for
PERSONS other than MATTEL (including but not limited to freelancing work for
vendors) while still employed by MATTEL.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS REFERRING OR RELATING to any MATTEL rules,
policies or practices prohibiting MATTEL employees from performing work for
PERSONS other than MATTEL (including but not limited to freelancing work for
vendors) while still employed by MATTEL.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS REFERRING OR RELATING to any MATTEL rules,
policies or practices governing the use of MATTEL property or resources by
MATTEL employees.

**REQUEST FOR PRODUCTION NO. 8:**

To the extent not already produced, all DOCUMENTS, including but not
limited to time records, employee files, written work assignments, job descriptions,
and performance evaluations, REFERRING OR RELATING TO BRYANT's
employment at MATTEL.  (This request is not limited by the time period
limitation set forth in the instructions).

**REQUEST FOR PRODUCTION NO. 9:**

To the extent not already produced, all DOCUMENTS constituting any
EMPLOYEE HANDBOOK, EMPLOYEE POLICIES & BENEFITS
HANDBOOK or other employee policy manuals for 1998-2001.

6

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show the date on which MATTEL hired outside counsel to represent MATTEL with respect to any litigation or potential litigation concerning BRYANT or BRATZ. (This request is not limited by the time period limitation set forth in the instructions).

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS REFERRING OR RELATING TO the August 5, 2002 anonymous letter regarding BRYANT and BRATZ produced by MATTEL in this litigation as document M0013841. (This request is not limited by the time period limitation set forth in the instructions).

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS REFERRING OR RELATING TO the deposition testimony of CARTER BRYANT in GUNTHER-WAHL, including but not limited to deposition transcripts, deposition exhibits, pleadings, orders, and correspondence between MATTEL and BRYANT. (This request is not limited by the time period limitation set forth in the instructions).

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS, including but not limited to all CORRESPONDENCE between MATTEL or its outside counsel and any attorney, agent, officer, employee or other representative of ART ATTACKS or any other PERSON, REFERRING OR RELATING TO ART ATTACKS and its lawsuit concerning BRATZ. (This request is not limited by the time period limitation set forth in the instructions).

**REQUEST FOR PRODUCTION NO. 14:**

To the extent not already produced, all DOCUMENTS REFERRING OR RELATING TO BRYANT. (The relevant time period for this request is on or before April 27, 2004 ).

**REQUEST FOR PRODUCTION NO. 15:**

To the extent not already produced, all DOCUMENTS REFERRING OR RELATING TO BRATZ.  (The relevant time period for this request is on or before April 27, 2004 ).

**REQUEST FOR PRODUCTION NO. 16:**

To the extent not already produced, all DOCUMENTS reflecting REFERRING OR RELATING to any past or present MATTEL policies, plans, or practices regarding MATTEL's development or marketing of FLANKER PRODUCTS.

**REQUEST FOR PRODUCTION NO. 17:**

To the extent not already produced, DOCUMENTS sufficient to show when MATTEL first decided to develop its MyScene Barbie line of products

**REQUEST FOR PRODUCTION NO. 18:**

To the extent not already produced, DOCUMENTS sufficient to show when MATTEL first decided to market its MyScene Barbie line of products.

**REQUEST FOR PRODUCTION NO. 19:**

To the extent not already produced, DOCUMENTS sufficient to show when MATTEL first decided to develop its Flavas line of products.

**REQUEST FOR PRODUCTION NO. 20:**

To the extent not already produced, DOCUMENTS sufficient to show when MATTEL first decided to market its Flavas line of products.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS constituting or REFERRING OR RELATING TO any fee agreement between MATTEL and any witnesses in this case.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS that support your contention, if you so contend in response to Request for Admission Number 19 to Carter Bryant's First Set of Requests for Admission to Mattel, Inc., that BRYANT misappropriated any

8

1    MATTEL trade secrets.

2    **REQUEST FOR PRODUCTION NO. 23:**

3       All DOCUMENTS that support your contention, if you so contend in

4 response to Request for Admission Number 21 to Carter Bryant's First Set of

5 Requests for Admission to Mattel, Inc., that BRYANT "wrongfully converted

6 Mattel's property by removing Trade Secret Materials [as that term is used in

7 MATTEL's Second Amended Answer and Counterclaims] in electronic and paper

8 form from Mattel's offices."

9    **REQUEST FOR PRODUCTION NO. 24:**

10      All DOCUMENTS that support your contention, if you so contend in

11 response to Request for Admission Number 22 to Carter Bryant's First Set of

12 Requests for Admission to Mattel, Inc., that the identity of third-party doll hair

13 suppliers used by MATTEL is a MATTEL trade secret.

14    **REQUEST FOR PRODUCTION NO. 25:**

15      All DOCUMENTS that support your contention, if you so contend in

16 response to Request for Admission Number 24 to Carter Bryant's First Set of

17 Requests for Admission to Mattel, Inc., that the identity of third-party vendors used

18 by MATTEL is a MATTEL trade secret.

19    **REQUEST FOR PRODUCTION NO. 26:**

20      All DOCUMENTS that support your contention, if you so contend in

21 response to Request for Admission Number 69 to Carter Bryant's First Set of

22 Requests for Admission to Mattel, Inc., that if CARTER BRYANT had disclosed

23 his idea for a line of fashion dolls which he named Bratz to MATTEL prior to

24 October 20, 2000, MATTEL would have taken steps to commercially exploit the

25 idea.

26    **REQUEST FOR PRODUCTION NO. 27:**

27      All DOCUMENTS that support your contention, if you so contend in

28 response to Request for Admission Number 98 to Carter Bryant's First Set of

1  Requests for Admission to Mattel, Inc., that the "Conflict of Interest

2  Questionnaire" produced by MATTEL in this litigation as document M0001621

3  requests the disclosure of any ideas, designs or inventions that CARTER

4  BRYANT may have developed while not employed by MATTEL.

5  **REQUEST FOR PRODUCTION NO. 28:**

6      All DOCUMENTS that support your contention, if you so contend in

7  response to Request for Admission Number 100 to Carter Bryant's First Set of

8  Requests for Admission to Mattel, Inc., that the "Conflict of Interest

9  Questionnaire" produced by MATTEL in this litigation as document M0001621

10  requires the disclosure of any ideas, designs or inventions that CARTER BRYANT

11  may have developed while not employed by MATTEL.

12  **REQUEST FOR PRODUCTION NO. 29:**

13      All DOCUMENTS that support your contention, if you so contend in

14  response to Request for Admission Number 106 to Carter Bryant's First Set of

15  Requests for Admission to Mattel, Inc., that CARTER BRYANT was requested by

16  MATTEL to disclose any ideas, designs, or inventions that he may have developed

17  while not employed by MATTEL at the time that BRYANT resumed his

18  employment with MATTEL in January 1999.

19  **REQUEST FOR PRODUCTION NO. 30:**

20      All DOCUMENTS that support your contention, if you so contend in

21  response to Request for Admission Number 108 to Carter Bryant's First Set of

22  Requests for Admission to Mattel, Inc., that CARTER BRYANT was required by

23  MATTEL to disclose any ideas, designs, or inventions that he may have developed

24  while not employed by MATTEL at the time that BRYANT resumed his

25  employment with MATTEL in January 1999.

26  **REQUEST FOR PRODUCTION NO. 31:**

27      All DOCUMENTS that support your contention, if you so contend in

28  response to Request for Admission Number 110 to Carter Bryant's First Set of

1  Requests for Admission to Mattel, Inc., that CARTER BRYANT was requested by
2  MATTEL to disclose any ideas, designs, or inventions that he may have developed
3  while not employed by MATTEL.

4  **REQUEST FOR PRODUCTION NO. 32:**

5      All DOCUMENTS that support your contention, if you so contend in
6  response to Request for Admission Number 112 to Carter Bryant's First Set of
7  Requests for Admission to Mattel, Inc., that CARTER BRYANT was required by
8  MATTEL to disclose any ideas, designs, or inventions that he may have developed
9  while not employed by MATTEL.

10  **REQUEST FOR PRODUCTION NO. 33:**

11      All DOCUMENTS REFERRING OR RELATING TO the document
12  produced MATTEL M0079765 through M0079771, entitled "The Bratz Brief,"
13  including but not limited to all DOCUMENTS REFERRING OR RELATING TO
14  the purpose, creation, and usage of that document; all drafts of said document; all
15  CORRESPONDENCE REFERRING OR RELATING TO that document or its
16  drafts; and all supporting material used in drafting said document.

17  **REQUEST FOR PRODUCTION NO. 34:**

18      All DOCUMENTS REFERRING OR RELATING TO MATTEL's decision
19  not to pursue the development of the doll concept known as Toon Teens.

20  **REQUEST FOR PRODUCTION NO. 35:**

21      All DOCUMENTS REFERRING OR RELATING TO any MATTEL
22  employee Code of Conduct, including but not limited to the Code of Conduct
23  referred to on page 15 of the document entitled "Employee Handbook" produced
24  by MATTEL as document M0256715-0256768.

25  **REQUEST FOR PRODUCTION NO. 36:**

26      All DOCUMENTS REFERRING OR RELATING TO any MATTEL
27  conflict of interest policy, including but not limited to the "policies concerning
28  Conflicts of interest" referred to in the document entitled "Conflict of Interest

1   Questionnaire" produced by MATTEL as document M0001621.

2

3   Dated:  December 26, 2007                    KEKER & VAN NEST, LLP

4

5                                               By: _Matthew Werdegar_____

6                                               Matthew M. Werdegar

7                                               Attorneys for Plaintiff
                                                CARTER BRYANT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On December 26, 2007, I served the following document(s):

**CARTER BRYANT'S FOURTH SET OF REQUESTS FOR PRODUCTION TO MATTEL, INC.**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel:   213/443-3000
Fax:  213/443-3100
Email: johnquinn@quinnemanuel.com
Email: michaelzeller@quinnemanuel.com

Thomas J. Nolan
Skadden Arps Slate Meagher & Flom
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel:  213/687-5000
Fax:  213/687-5600
Email: tnolan@skadden.com

Alexander H. Cote
Overland Borenstein Scheper & Kim LLP
300 S. Grand Avenue, Suite 2750
Los Angeles, California 90071
Tel:   213/613-4660
Fax:  213/613-4656
Email :   acote@obsklaw.com

1       Executed on December 26, 2007, at San Francisco, California.

2       I declare under penalty of perjury under the laws of the State of California

3 that the above is true and correct.

4                  JULIE A. SELBY

# Exhibit E

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On July 9, 2007, I served the following document(s):

**CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S FOURTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery; AND

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel:     213/443-3000
Fax:     213/443-3100
Email:  johnquinn@quinnemanuel.com
Email:  michaelzeller@quinnemanuel.com

Diana M. Torres
O'Melveny & Myers, LLP
400 S. Hope Street
Los Angeles, CA 90071
Tel:     213/430-6000
Fax:     213/430-6407
Email:  dtorres@omm.com

Patricia L. Glaser
Christensen Glaser Fink Jacobs Weil & Shapiro
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Tel:     310/553-3000
Fax:     310/556-2920
Email:  pglaser@chrisglase.com

Executed on July 9, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Jacquelynn Smith

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

# Exhibit F

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On July 9, 2007, I served the following document(s):

**CARTER BRYANT'S RESPONSES TO MATTEL, INC'S FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery; AND

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| John B. Quinn<br>Michael T. Zeller<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017-2543<br>Tel: 213/443-3000<br>Fax: 213/443-3100<br>Email: johnquinn@quinnemanuel.com<br>Email: michaelzeller@quinnemanuel.com | Diana M. Torres<br>O'Melveny & Myers, LLP<br>400 S. Hope Street<br>Los Angeles, CA 90071<br>Tel: 213/430-6000<br>Fax: 213/430-6407<br>Email: dtorres@omm.com |

Patricia L. Glaser
Christensen Glaser Fink Jacobs Weil & Shapiro
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Tel: 310/553-3000
Fax: 310/556-2920
Email: pglaser@chrisglase.com

Executed on July 9, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

JULIE A. SELBY

# Exhibit G

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On November 15, 2007, I served the following document(s):

**CARTER BRYANT'S RESPONSES AND OBJECTIONS TO MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES**

by **FEDERAL EXPRESS,** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

by **E-MAIL VIA PDF FILE,** by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel: 213/443-3000
Fax: 213/443-3100
Email: johnquinn@quinnemanuel.com
Email: michaelzeller@quinnemanuel.com

Thomas J. Nolan
Skadden Arps Slate Meagher & Flom
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel: 213/687-5000
Fax: 213/687-5600
Email: tnolan@skadden.com

Executed on November 15, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Julie A. Selby

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

# Exhibit H

1

PROOF OF SERVICE

2

    I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

3

4

5

6

On November 15, 2007, I served the following document(s):

7

**CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC'S AMENDED FOURTH SET OF INTERROGATORIES**

8

9

by **FEDERAL EXPRESS,** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

10

11

12

13

by **E-MAIL VIA PDF FILE,** by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

14

15

16

John B. Quinn

Thomas J. Nolan

17

Michael T. Zeller

Skadden Arps Slate Meagher & Flom

18

Quinn Emanuel Urquhart Oliver & Hedges, LLP

300 South Grand Avenue, Suite 3400

Los Angeles, CA 90071-3144

19

865 South Figueroa Street, 10th Floor

Tel: 213/687-5000

20

Los Angeles, CA 90017-2543

Fax: 213/687-5600

21

Tel: 213/443-3000

Email: tnolan@skadden.com

Fax: 213/443-3100

22

Email: johnquinn@quinnemanuel.com

Email: michaelzeller@quinnemanuel.com

23

24

    Executed on November 15, 2007, at San Francisco, California.

25

26

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

27

28

Julie A. Selby

# Exhibit I

1

### PROOF OF SERVICE

2

3

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

4

5

6

On November 21, 2007, I served the following document(s):

7

**CARTER BRYANT'S RESPONSES AND OBJECTIONS TO MATTEL, INC'S FIFTH SET OF INTERROGATORIES**

8

9

10

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

11

12

13

14

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

15

16

17

18

19

20

21

22

23

| | |
|---|---|
| John B. Quinn | Thomas J. Nolan |
| Michael T. Zeller | Skadden Arps Slate Meagher & Flom |
| Quinn Emanuel Urquhart Oliver & | 300 South Grand Avenue, Suite 3400 |
| Hedges, LLP | Los Angeles, CA 90071-3144 |
| 865 South Figueroa Street, 10th Floor | Tel:   213/687-5000 |
| Los Angeles, CA 90017-2543 | Fax:   213/687-5600 |
| Tel:   213/443-3000 | Email:  tnolan@skadden.com |
| Fax:   213/443-3100 | |
| Email: johnquinn@quinnemanuel.com | |
| Email: michaelzeller@quinnemanuel.com | |

24

Executed on November 21, 2007, at San Francisco, California.

25

26

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

27

PATTY LEMOS

28

# Exhibit J

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On November 26, 2007, I served the following document(s):

**CARTER BRYANT'S RESPONSES AND OBJECTIONS TO MATTEL, INC'S SIXTH SET OF INTERROGATORIES**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| John B. Quinn | Thomas J. Nolan |
| Michael T. Zeller | Skadden Arps Slate Meagher & Flom |
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | 300 South Grand Avenue, Suite 3400 |
| | Los Angeles, CA 90071-3144 |
| 865 South Figueroa Street, 10th Floor | Tel:   213/687-5000 |
| Los Angeles, CA 90017-2543 | Fax:   213/687-5600 |
| Tel:   213/443-3000 | Email:  tnolan@skadden.com |
| Fax:   213/443-3100 | |
| Email:  johnquinn@quinnemanuel.com | |
| Email:  michaelzeller@quinnemanuel.com | |

Executed on November 26, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Bryant Cavers_

Bryant Cavers