# Exhibit K

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

December 31, 2007

### VIA FACSIMILE AND U.S. MAIL

Michael H. Page, Esq.                      Thomas J. Nolan, Esq.
Keker & Van Nest, LLP                   Skadden, Arps, Slate, Meagher & Flom LLP
710 Sansome Street                         300 South Grand Avenue, Suite 3400
San Francisco, CA 94111                  Los Angeles, CA 90071

Re:     Mattel, Inc. v. Bryant, et al.

Dear Counsel:

We are in receipt of your latest sets of Requests for Admission – MGA's Third Set of Requests
for Admission and Bryant's First Set of Requests for Admission.  Pursuant to the Order for the
Appointment of a Discovery Master, we write to request a meet and confer regarding a motion
for a protective order Mattel contemplates filing regarding these Sets of Requests.

These Sets contain approximately 650 requests that relate to activities of Mattel employees other
than Carter Bryant.  In Mattel's view, these requests are grossly improper because they
potentially could require Mattel to review virtually all of its computer systems and files to
determine whether, for instance, any of its many thousands of current and former employees
have performed work for third parties while employed by Mattel.  The requests do not appear to
seek information that is relevant or likely to lead to discovery of admissible evidence.  Moreover,
even if there were some relevance to this information, the extraordinary burdens the Sets present
outweigh any marginal benefits or relevance of the information.

Please let us know when you are available to meet and confer regarding these issues.  If we
cannot come to a resolution, Mattel intends to move for a protective order providing that it need
not respond to these Sets of Requests.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2337343.1

01/01/2008 10:33 FAX  12134433100          QEUOH-LAO-2                          ☒003/003

I look forward to hearing from you.

Very truly yours,

*Dylan Proctor (by Heidi Frahm)*

B. Dylan Proctor

Cc: Mark E. Overland, Esq.
    David C. Scheper, Esq.
    Alexander H. Cote, Esq.

01/01/2008 10:32 FAX 12134433100          QEUOH-LAO-2                                    ☑001/003

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<table>
<tr><td>NEW YORK<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>(212) 849-7000<br>Facsimile: (212) 849-7100</td><td>LOS ANGELES<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>Facsimile: (213) 443-3100</td><td>SAN FRANCISCO<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br>Facsimile: (415) 875-6700</td></tr>
</table>

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**     January 1, 2008                    **NUMBER OF PAGES, INCLUDING COVER:** 3

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Michael H. Page, Esq.<br>Keker & Van Nest, LLP | | 415-397-7188 |

**FROM:**     Heidi Frahm

**RE:**     Mattel, Inc. v. Bryant, et al.

**MESSAGE:**

Please see attached letter.

07975/2383732

| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | Heidi Frahm (4th) | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | CONFIRMED? | ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

# Exhibit L

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

January 3, 2008

<u>VIA FACSIMILE AND U.S. MAIL</u>

Michael H. Page, Esq.                    Thomas J. Nolan, Esq.
Keker & Van Nest, LLP                    Skadden, Arps, Slate, Meagher & Flom LLP
710 Sansome Street                       300 South Grand Avenue, Suite 3400
San Francisco, CA 94111                  Los Angeles, CA 90071

Re:    <u>Mattel, Inc. v. Bryant, et al.</u>

Dear Counsel:

We are in receipt of your latest sets of Interrogatories to Mattel -- MGA's Second Set of Interrogatories to Mattel, Inc. and Carter Bryant's Second Set of Interrogatories to Mattel, Inc. Pursuant to the Order for the Appointment of a Discovery Master, we write to request a meet and confer regarding these discovery requests.

As you are aware, both sides in this case are limited to a total of fifty interrogatories. *See* Minute Order of February 27, 2007. Additionally, discrete, unrelated issues addressed within an interrogatory count as their own, separate interrogatories. *Order Granting Joint Motion for Protective Order Regarding Mattel's Interrogatories; Denying Mattel's Motion to Compel Interrogatory Responses*, dated September 5, 2007. MGA and Carter Bryant have exceeded the limits on the number of interrogatories they may serve.

To date, Mr. Bryant has served at least twenty numbered interrogatories, and MGA has served at least thirty-one. However, many of the interrogatories are compound and therefore actually constitute multiple interrogatories. For example, MGA's interrogatory number 28 reads: "Describe in detail the complete factual basis for YOUR COUNTERCLAIMS, including, without limitation all facts, DOCUMENTS, and witnesses that REFER OR RELATE TO YOUR

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 10 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

COUNTERCLAIMS." Because Mattel has brought a number of counterclaims, this discovery request actually constitutes a number of interrogatories. Thus, although Defendants have not sought leave of Court to exceed the 50 interrogatory limit, they clearly have. MGA's Second Set of Interrogatories to Mattel, Inc. and Carter Bryant's Second Set of Interrogatories to Mattel, Inc. are therefore improper.

Please let us know when you are available to meet and confer regarding these issues. If we cannot come to a resolution, Mattel intends to move for a protective order providing that it need not respond to some or all of these Interrogatories.

I look forward to hearing from you.

Very truly yours,

*Dylan Proctor (by Heidi Fisher)*

B. Dylan Proctor

# Exhibit M

## Matthew Werdegar

| | |
|---|---|
| **From:** | Dylan Proctor [dylanproctor@quinnemanuel.com] |
| **Sent:** | Wednesday, January 23, 2008 9:58 PM |
| **To:** | Herrington, Robert J |
| **Cc:** | Matthew Werdegar |
| **Subject:** | RE: MGA/Mattel - Interrogatories |

Rob, just getting through emails now.  As you know I was in deposition today, and also tomorrow.  Tried calling you but got no answer.  Let's try to touch base sometime tomorrow, maybe after the deposition, and we can discuss.  Thanks,


B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


**From:** Herrington, Robert J [mailto:Robert.Herrington@skadden.com]
**Sent:** Wednesday, January 23, 2008 12:32 PM
**To:** Herrington, Robert J (LAC); Dylan Proctor
**Cc:** Matthew Werdegar
**Subject:** RE: MGA/Mattel - Interrogatories

Dylan:

We have not had a response to the email below.  When will Mattel be providing supplemental responses for these interrogatories?   We need a date certain and, if the responses will not be provided by 1/28/08, an understanding that MGA will be allowed to conduct appropriate followup or file necessary motions to compel if the responses are inadequate.

Thank you,
--rob


THIS E-MAIL MESSAGE IS CONFIDENTIAL AND INTENDED FOR THE PERSON(S) NAMED ABOVE ONLY.  ALL OTHER USE, COPYING, OR DISTRIBUTION IS STRICTLY PROHIBITED.


2/1/2008

**Robert J. Herrington**
**Skadden, Arps, Slate, Meagher & Flom LLP**
300 South Grand Ave. | Suite 3400 | Los Angeles, CA | 90071
☏ Direct: (213) 687-5368 | 🖶 Fax: (213) 621-5368 | 📧 Email: rherring@skadden.com

**Joanne Otero, Assistant to Robert Herrington**
☏ Direct: (213) 687-5252 | 📧 Email: jootero@skadden.com

---

**From:** Herrington, Robert J (LAC)
**Sent:** Thursday, January 17, 2008 6:44 PM
**To:** 'Dylan Proctor'
**Cc:** 'Matthew Werdegar'
**Subject:** MGA/Mattel - Interrogatories

Dylan:

As discussed yesterday, we do not agree with Mattel's position regarding the counting of MGA and Carter Bryant's interrogatories. Notwithstanding the parties' dispute on this issue, we agreed to the following resolution. MGA and Bryant will identify seven of the currently pending interrogatories, which Mattel will answer, and we will either seek leave of court regarding the other interrogatories, or the parties will submit the dispute to the Discovery Master.

Pursuant to this agreement, MGA and Bryant identify the following seven interrogatories, which Mattel will answer: (1) Bryant's one pending interrogatory; (2) MGA's interrogatory 12; (3) MGA's interrogatory 18; (4) MGA's interrogatory 19; (5) MGA's interrogatory 29; (6) MGA's interrogatory 30; and (7) MGA's interrogatory 31.

Please call me to discuss the timing of these responses and the most appropriate method to resolve the remaining dispute regarding the counting of interrogatories.

Thanks Dylan,
--rob

THIS E-MAIL MESSAGE IS CONFIDENTIAL AND INTENDED FOR THE PERSON(S) NAMED ABOVE ONLY. ALL OTHER USE, COPYING, OR DISTRIBUTION IS STRICTLY PROHIBITED.

**Robert J. Herrington**
**Skadden, Arps, Slate, Meagher & Flom LLP**
300 South Grand Ave. | Suite 3400 | Los Angeles, CA | 90071
☏ Direct: (213) 687-5368 | 🖶 Fax: (213) 621-5368 | 📧 Email: rherring@skadden.com

**Joanne Otero, Assistant to Robert Herrington**
☏ Direct: (213) 687-5252 | 📧 Email: jootero@skadden.com

---

------------------------------------------------------------------------
************************************************** To ensure compliance with Treasury

2/1/2008

Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. ***************************************************
*************************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ***************************************************

# Exhibit N

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Plaintiff and Cross-
   Defendant Mattel, Inc.

8

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                       EASTERN DIVISION

12  MATTEL, INC., a Delaware            CASE NO. CV 04-9049 SGL (RNBx)
    corporation,
13                                      Consolidated with
                    Plaintiff,          Case No. CV 04-09059
14                                      Case No. CV 05-02727
          vs.
15                                      MATTEL, INC.'S OBJECTIONS AND
                                        RESPONSES TO SECOND SET OF
16  MGA Entertainment Inc.,             INTERROGATORIES PROPOUNDED
                                        BY CARTER BRYANT
17                  Defendant.
18                                      **Phase 1**
                                        Discovery Cut-Off:   January 28, 2008
19  AND CONSOLIDATED ACTIONS            Pre-Trial Conference: May 5, 2008
                                        Trial Date:          May 27, 2008
20

21

22

23  PROPOUNDING PARTY:     Carter Bryant

24  RESPONDING PARTY:      Mattel, Inc.

25  SET NO.:               Second

26

27

28

07209/2369597.1

## Preliminary Statement

Mattel has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has yet to propound or receive additional discovery with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts or documents discovered or generated pursuant to subsequent investigation or discovery.

## General Objections

Mattel objects to Bryant's Second Set of Interrogatories in its entirety on each and every one of the following grounds:

1.    Mattel objects to the Second Set of Interrogatories on the grounds that Carter Bryant did not properly serve it under the <u>Federal Rules of Civil Procedure</u> and Mattel thereby has no obligation to respond.

2.    Mattel objects to the Second Set of Interrogatories on the grounds that defendants have exceeded the Court's allotment of interrogatories they are permitted to serve.

3.    Mattel objects to the Second Set of Interrogatories on the grounds and to the extent that it calls for information that is not relevant to the claims or defenses of the pending action, nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Mattel objects to the Second Set of Interrogatories on the grounds and to the extent that it is overbroad and unduly burdensome, including in that it purports to require Mattel to identify "all" facts, witnesses and documents, which defendants have contended is inherently improper.

5.     Mattel objects to the Second Set of Interrogatories on the grounds that it is premature, including in that facts necessary to answer the Interrogatory therein are uniquely known by defendants and by third parties within defendants' control, but are not fully known by Mattel at this juncture because defendants have not disclosed information to Mattel and have affirmatively concealed facts from Mattel in violation of the <u>Rules</u>.  Mattel further anticipates that defendants and/or additional persons associated with defendants, but who have not yet been deposed or who have not yet been identified, have knowledge pertinent to the topics that are the subject of the Second Set of Interrogatories.

6.     Mattel objects to the Second Set of Interrogatories to the extent that the Interrogatory therein is vague and ambiguous, including without limitation with respect to the defined terms used therein, and including without limitation to the defined terms "IDENTIFY," "MATTEL" and "BRATZ."

7.     Mattel objects to the Second Set of Interrogatories on the grounds and to the extent that it seeks to impose obligations upon Mattel beyond those required by the <u>Federal Rules of Civil Procedure</u>.

8.     Mattel objects to the Second Set of Interrogatories on the grounds and to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges, including the privilege against disclosure of the identities and work product of consulting experts.  Such information will not be disclosed.

9.     Mattel objects to the Second Set of Interrogatories on the grounds that it seeks confidential, proprietary and trade secret information.  Such information, to the extent it is relevant to this action and either has been or will be produced, has been and will be produced in reliance upon and pursuant to protective order.

10.    Mattel objects to the Second Set of Interrogatories on the grounds that it is premature and seeks to circumvent the expert disclosure provisions

1  of the <u>Federal</u> and <u>Local</u> <u>Rules</u>.  Mattel will disclose such testimony in the manner,
2  and at the time, provided for by the <u>Federal</u> and <u>Local</u> <u>Rules</u> and the Court's Orders.

3

4  **<u>RESPONSE TO INTERROGATORY</u>**

5

6  <u>INTERROGATORY NO. 20:</u>
7  To the extent that YOU contend that BRYANT used or employed any
8  MATTEL property or resources in connection with the design, development, sale or
9  licensing of any BRATZ products, IDENTIFY each such MATTEL property or
10  resource and state all facts that support your contention, including but not limited to
11  IDENTIFYING all PERSONS with knowledge of such facts and all DOCUMENTS
12  which REFER OR RELATE TO such facts.

13

14  <u>RESPONSE TO INTERROGATORY NO. 20:</u>
15  In addition to the foregoing general objections, which are incorporated
16  herein by reference, Mattel specifically objects to this Request on the grounds that
17  Carter Bryant did not properly serve this Interrogatory under the <u>Federal Rules of</u>
18  <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it.  Mattel
19  further objects to this interrogatory on the grounds that it is overbroad and unduly
20  burdensome, including in its demand that Mattel disclose "all" facts, which
21  defendants steadfastly refuse to do.  Mattel further objects to this interrogatory on
22  the grounds that Mattel does not have sufficient information in order to frame a

23

24

25

26

27

28

07209/2369597.1

Case No. CV 04-9049 SGL (RNBx)
MATTEL'S OBJECTIONS AND RESPONSES TO 2ND SET OF INTERROGATORIES

1  complete response, including because defendants have not provided necessary

2  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders.

3

4  DATED:  January 28, 2007          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP

5

6                               By: _B. DYLAN PROCTOR/ jps_____

7                                    B. Dylan Proctor
                                     Attorneys for Plaintiff
8                                    Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On January 28, 2008, I served true copies of the following document(s) described as

**MATTEL, INC.'S OBJECTIONS AND RESPONSES TO SECOND SET OF INTERROGATORIES PROPOUNDED BY CARTER BRYANT**

on the parties in this action as follows:

Thomas J. Nolan, Esq.                    John W. Keker, Esq.
Carl Roth, Esq.                          Michael H. Page, Esq.
**Skadden, Arps, Slate, Meagher**        Christina M. Anderson, Esq.
**& Flom LLP**                           **Keker & Van Nest, LLP**
300 S. Grand Ave., STE 3400              710 Sansome St.
Los Angeles, CA 90071                    San Francisco, CA 94111

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote, Esq.
**Overland Borenstein Scheper**
**& Kim, LLP**
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071

**BY MAIL:** I am "readily familiar" with the practices of Quinn Emanuel Urquhart Oliver & Hedges for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. I enclosed the foregoing in sealed envelope(s) addressed as shown above, and such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 28, 2008, at Los Angeles, California.

Lorraine Robles

07209/2319836.1

# Exhibit O

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Plaintiff
   Mattel, Inc.

8

9

10                   UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12                         EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)
                                          (consolidated with CV 04-9059 & 05-
14            Plaintiff,                   2727)

15       vs.                             RESPONSES OF MATTEL, INC. TO
                                          FIRST SET OF REQUESTS FOR
16  MATTEL, INC., a Delaware             ADMISSION PROPOUNDED BY
    corporation,                          CARTER BRYANT
17
              Defendant.                 **Phase 1**
18                                        Discovery Cut-Off:   January 28, 2008
    AND CONSOLIDATED ACTIONS            Pre-Trial Conference: May 5, 2008
19                                        Trial Date:          May 27, 2008

20

21  PROPOUNDING PARTY:   CARTER BRYANT

22  RESPONDING PARTY:    MATTEL, INC.

23  SET NO.:             ONE

24

25

26

27

28

07209/2369608.1

RESPONSES TO BRYANT'S FIRST SET OF REQUESTS FOR ADMISSION

1    Mattel hereby provides the following objections to Carter Bryant's First

2    Set of Requests for Admission to Mattel, Inc. as follows:

3

4                          **Preliminary Statement**

5    Mattel has not yet completed its investigation of the facts relating to

6    this action, has not yet reviewed all documents relating to this action, has not yet

7    interviewed all witnesses in this action, has yet to propound or receive additional

8    discovery with regard to this action, and has not yet calculated its damages as

9    discovery is not yet complete.  Consequently, Mattel reserves the right to amend

10   and/or supplement its responses if and when additional facts or documents are

11   discovered.  Additionally, because Mattel's objections are based on facts and

12   documents that Mattel has identified to date, they do not preclude Mattel from later

13   relying on facts or documents discovered or generated pursuant to subsequent

14   investigation or discovery.  Mattel's partial response to any of the First Set of

15   Requests for Admission (the "Requests") is not to be construed as a waiver of any of

16   its objections or its right to object to any other request.

17                          **General Objections**

18   Mattel objects to each of the Requests on each and every one of the

19   following grounds:

20        1.   Mattel objects to the Requests on the grounds that Carter Bryant

21   did not properly serve the Requests under the Federal Rules of Civil Procedure and

22   Mattel thereby has no obligation to respond.

23        2.   Mattel objects to the Requests on the grounds and to the extent

24   that they call for information that is not relevant to the claims or defenses of the

25   pending action, nor reasonably calculated to lead to the discovery of admissible

26   evidence.  Mattel further objects to the Requests on the grounds and to the extent

27   that they call for information that is not relevant to the claims or defenses in the

28

-2-
RESPONSES TO BRYANT'S FIRST SET OF REQUESTS FOR ADMISSION

1  pending action that relate to Bryant, nor reasonably calculated to lead to the

2  discovery of admissible evidence as to such claims and defenses.

3        3.    Mattel objects to the Requests on the grounds and to the extent

4  that they are overbroad and unduly burdensome, including in that the burdens of

5  searching for and providing responsive information outweigh any benefits of the

6  information to defendants.

7        4.    Mattel objects to the Requests on the grounds and to the extent

8  they are premature, including in that facts necessary to answer the Requests are

9  uniquely known by defendants and by third parties within defendants' control, but

10 are not fully known by Mattel at this juncture because defendants have not disclosed

11 information to Mattel.  Mattel further anticipates that defendants and/or additional

12 persons associated with defendants, but who have not yet been deposed or who have

13 not yet been identified, have knowledge pertinent to the topics that are the subject of

14 the Requests.  Mattel reserves its right to amend any responses based on later

15 obtained information.

16       5.    Mattel objects to the Requests on the grounds and to the extent

17 they are vague and ambiguous, including without limitation respect to the defined

18 terms used therein.

19       6.    Mattel objects to the Requests on the grounds and to the extent

20 they are compound.

21       7.    Mattel objects to the Requests on the grounds and to the extent

22 they call for legal conclusions.

23       8.    Mattel objects to the Requests on the grounds and to the extent

24 that they seek to impose obligations upon Mattel beyond those required by the

25 Federal Rules of Civil Procedure.

26       9.    Mattel objects to the Requests on the grounds and to the extent

27 that they call for the disclosure of information subject to the attorney-client

28 privilege, the attorney work-product doctrine, or any other applicable privileges,

1   including the privilege against disclosure of the identities and work product of

2   consulting experts.  Such information will not be disclosed.

3          10.    Mattel objects to the Requests on the grounds that they seek

4   confidential, proprietary and trade secret information.  Such information, to the

5   extent it is relevant to this action and either has been or will be produced, has been

6   and will be produced in reliance upon and pursuant to protective order.

7          11.    Mattel objects to the Requests on the grounds and to the extent

8   that they seek confidential, proprietary and trade secret information that has no

9   bearing on the claims or defenses in this case.

10          12.    Mattel objects to the Requests on the grounds that they are

11  premature and seek to circumvent the expert disclosure provisions of the Federal

12  and Local Rules.  Mattel has not yet computed or calculated its damages and has not

13  yet engaged any testifying expert to compute or calculate its damages or on any

14  other matter contained within the Requests that may be the subject of expert

15  testimony.  Mattel will disclose such testimony in the manner, and at the time,

16  provided for by the Federal and Local Rules and the Court's Orders.

17

18                 **Specific Objections To Requests For Admission**

19          Each of the following objections and responses to the Requests is

20  expressly made subject to the above Preliminary Statement and General Objections,

21  all of which are incorporated in each of the following objections and responses to

22  specific requests.

23                          **Requests For Admission**

24

25  REQUEST FOR ADMISSION NO. 1:

26          Admit that CARTER BRYANT was never an officer of MATTEL

27  during his time as a MATTEL employee.

28

07209/2369608.1

-4-

RESPONSES TO BRYANT'S FIRST SET OF REQUESTS FOR ADMISSION

1  RESPONSE TO REQUEST FOR ADMISSION NO. 1:

2              In addition to the foregoing general objections, which are incorporated

3  herein by reference, Mattel specifically objects to this Request on the grounds that

4  Carter Bryant did not properly serve this Request for Admission under the Rules of

5  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

6  further objects on the grounds that the Request is vague and ambiguous.  Mattel

7  further objects on the grounds that the Request seeks information that is not relevant

8  to this case nor likely to lead to the discovery of admissible evidence.

9

10  REQUEST FOR ADMISSION NO. 2:

11              Admit that CARTER BRYANT was never a director of MATTEL

12  during his time as a MATTEL employee.

13

14  RESPONSE TO REQUEST FOR ADMISSION NO. 2:

15              In addition to the foregoing general objections, which are incorporated

16  herein by reference, Mattel specifically objects to this Request on the grounds that

17  Carter Bryant did not properly serve this Request for Admission under the Rules of

18  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

19  further objects on the grounds that the Request is vague and ambiguous.  Mattel

20  further objects on the grounds that the Request seeks information that is not relevant

21  to this case nor likely to lead to the discovery of admissible evidence.

22

23  REQUEST FOR ADMISSION NO. 3:

24              Admit that CARTER BRYANT never held a management position

25  during his time as a MATTEL employee.

26

27

28

07209/2369608.1

-5-

1    RESPONSE TO REQUEST FOR ADMISSION NO. 3:

2            In addition to the foregoing general objections, which are incorporated

3    herein by reference, Mattel specifically objects to this Request on the grounds that

4    Carter Bryant did not properly serve this Request for Admission under the Rules of

5    Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

6    further objects on the grounds that the Request, including the term "management," is

7    vague and ambiguous.  Mattel further objects on the grounds that the Request seeks

8    information that is not relevant to this case nor likely to lead to the discovery of

9    admissible evidence.

10

11   REQUEST FOR ADMISSION NO. 4:

12           Admit that no MATTEL employees reported directly to CARTER

13   BRYANT during his time as a MATTEL employee.

14

15   RESPONSE TO REQUEST FOR ADMISSION NO. 4:

16           In addition to the foregoing general objections, which are incorporated

17   herein by reference, Mattel specifically objects to this Request on the grounds that

18   Carter Bryant did not properly serve this Request for Admission under the Rules of

19   Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

20   further objects on the grounds that the Request, including the phrase "reported

21   directly," is vague and ambiguous.  Mattel further objects on the grounds that the

22   Request seeks information that is not relevant to this case nor likely to lead to the

23   discovery of admissible evidence.

24

25   REQUEST FOR ADMISSION NO. 5:

26           Admit that CARTER BRYANT did not have authority to enter into a

27   contract on MATTEL's behalf during his time as a MATTEL employee.

28

1    RESPONSE TO REQUEST FOR ADMISSION NO. 5:

2            In addition to the foregoing general objections, which are incorporated

3    herein by reference, Mattel specifically objects to this Request on the grounds that

4    Carter Bryant did not properly serve this Request for Admission under the Rules of

5    Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

6    further objects on the grounds that the Request, including the phrase "authority to

7    enter into a contract," is vague and ambiguous.  Mattel further objects on the

8    grounds that the Request seeks information that is not relevant to this case nor likely

9    to lead to the discovery of admissible evidence.

10

11   REQUEST FOR ADMISSION NO. 6:

12           Admit that CARTER BRYANT did not have the authority to enter into

13   any legally binding obligation on MATTEL's behalf during his time as a MATTEL

14   employee.

15

16   RESPONSE TO REQUEST FOR ADMISSION NO. 6:

17           In addition to the foregoing general objections, which are incorporated

18   herein by reference, Mattel specifically objects to this Request on the grounds that

19   Carter Bryant did not properly serve this Request for Admission under the Rules of

20   Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

21   further objects on the grounds that the Request, including the phrase "legally

22   binding obligation," is vague and ambiguous.  Mattel further objects on the grounds

23   that the Request seeks information that is not relevant to this case nor likely to lead

24   to the discovery of admissible evidence.

25

26   REQUEST FOR ADMISSION NO. 7:

27           Admit that CARTER BRYANT did not have authority to set any

28   MATTEL corporate policies during his time as a MATTEL employee.

07209/2369608.1

-7-
RESPONSES TO BRYANT'S FIRST SET OF REQUESTS FOR ADMISSION

1   RESPONSE TO REQUEST FOR ADMISSION NO. 7:

2          In addition to the foregoing general objections, which are incorporated

3   herein by reference, Mattel specifically objects to this Request on the grounds that

4   Carter Bryant did not properly serve this Request for Admission under the Rules of

5   Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

6   further objects on the grounds that the Request, including the term "set," is vague

7   and ambiguous.  Mattel further objects on the grounds that the Request seeks

8   information that is not relevant to this case nor likely to lead to the discovery of

9   admissible evidence.

10

11   REQUEST FOR ADMISSION NO. 8:

12          Admit that CARTER BRYANT did not have authority to modify any

13   MATTEL corporate policies during his time as a MATTEL employee.

14

15   RESPONSE TO REQUEST FOR ADMISSION NO. 8:

16          In addition to the foregoing general objections, which are incorporated

17   herein by reference, Mattel specifically objects to this Request on the grounds that

18   Carter Bryant did not properly serve this Request for Admission under the Rules of

19   Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

20   further objects on the grounds that the Request, including the phrase "authority to

21   modify," is vague and ambiguous.  Mattel further objects on the grounds that the

22   Request seeks information that is not relevant to this case nor likely to lead to the

23   discovery of admissible evidence.

24

25   REQUEST FOR ADMISSION NO. 9:

26          Admit that CARTER BRYANT did not have authority to determine

27   which products MATTEL would choose to develop during his time as a MATTEL

28   employee.

-8-

1  RESPONSE TO REQUEST FOR ADMISSION NO. 9:

2          In addition to the foregoing general objections, which are incorporated

3  herein by reference, Mattel specifically objects to this Request on the grounds that

4  Carter Bryant did not properly serve this Request for Admission under the Rules of

5  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

6  further objects to this Request on the grounds that it is vague and ambiguous.

7  Mattel further objects on the grounds that the Request seeks information that is not

8  relevant to this case nor likely to lead to the discovery of admissible evidence.

9

10  REQUEST FOR ADMISSION NO. 10:

11          Admit that CARTER BRYANT did not have authority to approve any

12  MATTEL business plans during his time as a MATTEL employee.

13

14  RESPONSE TO REQUEST FOR ADMISSION NO. 10:

15          In addition to the foregoing general objections, which are incorporated

16  herein by reference, Mattel specifically objects to this Request on the grounds that

17  Carter Bryant did not properly serve this Request for Admission under the Rules of

18  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

19  further objects to this Request on the grounds that it is vague and ambiguous.

20  Mattel further objects on the grounds that the Request seeks information that is not

21  relevant to this case nor likely to lead to the discovery of admissible evidence.

22

23  REQUEST FOR ADMISSION NO. 11:

24          Admit that CARTER BRYANT did not have authority to modify any

25  MATTEL business plans during his time as a MATTEL employee.

26

27

28

1 | RESPONSE TO REQUEST FOR ADMISSION NO. 11:

2            In addition to the foregoing general objections, which are incorporated

3 | herein by reference, Mattel specifically objects to this Request on the grounds that

4 | Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

5 | <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it.  Mattel

6 | further objects to this Request on the grounds that it is vague and ambiguous.

7 | Mattel further objects on the grounds that the Request seeks information that is not

8 | relevant to this case nor likely to lead to the discovery of admissible evidence.

9 |

10 | REQUEST FOR ADMISSION NO. 12:

11            Admit that CARTER BRYANT did not have authority to hire any

12 | MATTEL employees during his time as a MATTEL employee.

13 |

14 | RESPONSE TO REQUEST FOR ADMISSION NO. 12:

15            In addition to the foregoing general objections, which are incorporated

16 | herein by reference, Mattel specifically objects to this Request on the grounds that

17 | Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

18 | <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it.  Mattel

19 | further objects to this Request on the grounds that it is vague and ambiguous.

20 | Mattel further objects on the grounds that the Request seeks information that is not

21 | relevant to this case nor likely to lead to the discovery of admissible evidence.

22 |

23 | REQUEST FOR ADMISSION NO. 13:

24            Admit that CARTER BRYANT did not have authority to terminate any

25 | MATTEL employees during his time as a MATTEL employee.

26 |

27 |

28 |

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 13</u>:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel specifically objects to this Request on the grounds that Carter Bryant did not properly serve this Request for Admission under the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it. Mattel further objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects on the grounds that the Request seeks information that is not relevant to this case nor likely to lead to the discovery of admissible evidence.

<u>REQUEST FOR ADMISSION NO. 14</u>:

Admit that, other than CARTER BRYANT, MATTEL has never sued any of its employees or former employees for breach of any INVENTION AGREEMENT.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 14</u>:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel specifically objects to this Request on the grounds that Carter Bryant did not properly serve this Request for Admission under the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it. Mattel further objects on the grounds that the Request seeks information that is not relevant to this case nor likely to lead to the discovery of admissible evidence. Mattel further objects on the grounds that the Request is overbroad, and the burden of responding to the Request outweighs any marginal relevance of the requested information. Mattel further objects on the grounds that the Request is vague and ambiguous.

REQUEST FOR ADMISSION NO. 15:

Admit that, other than CARTER BRYANT, MATTEL has sued one or more of its employees or former employees for breach of any INVENTION AGREEMENT.

RESPONSE TO REQUEST FOR ADMISSION NO. 15:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel specifically objects to this Request on the grounds that Carter Bryant did not properly serve this Request for Admission under the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it. Mattel further objects on the grounds that the Request seeks information that is not relevant to this case nor likely to lead to the discovery of admissible evidence. Mattel further objects on the grounds that the Request is overbroad, and the burden of responding to the Request outweighs any marginal relevance of the requested information. Mattel further objects on the grounds that the Request is vague and ambiguous.

REQUEST FOR ADMISSION NO. 16:

Admit that, other than CARTER BRYANT, MATTEL has never threatened to sue any of its employees or former employees for breach of any INVENTION AGREEMENT.

RESPONSE TO REQUEST FOR ADMISSION NO. 16:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel specifically objects to this Request on the grounds that Carter Bryant did not properly serve this Request for Admission under the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it. Mattel further objects on the grounds that the Request seeks information that is not relevant to this case nor likely to lead to the discovery of admissible evidence. Mattel further

07209/2369608.1

-12-

1   objects on the grounds that the Request is overbroad, and the burden of responding
2   to the Request outweighs any marginal relevance of the requested information.
3   Mattel further objects on the grounds that the Request is vague and ambiguous.

4

5   REQUEST FOR ADMISSION NO. 17:

6         Admit that, other than CARTER BRYANT, MATTEL has threatened
7   to sue one or more of its employees or former employees for breach of any
8   INVENTION AGREEMENT

9

10  RESPONSE TO REQUEST FOR ADMISSION NO. 17:

11        In addition to the foregoing general objections, which are incorporated
12  herein by reference, Mattel specifically objects to this Request on the grounds that
13  Carter Bryant did not properly serve this Request for Admission under the Rules of
14  Civil Procedure, and Mattel therefore has no obligation to respond to it. Mattel
15  further objects on the grounds that the Request seeks information that is not relevant
16  to this case nor likely to lead to the discovery of admissible evidence. Mattel further
17  objects on the grounds that the Request is overbroad, and the burden of responding
18  to the Request outweighs any marginal relevance of the requested information.
19  Mattel further objects on the grounds that the Request is vague and ambiguous.

20

21  REQUEST FOR ADMISSION NO. 18:

22        Admit that YOU do not contend that CARTER BRYANT
23  misappropriated any MATTEL trade secrets.

24

25  RESPONSE TO REQUEST FOR ADMISSION NO. 18:

26        In addition to the foregoing general objections, which are incorporated
27  herein by reference, Mattel specifically objects to this Request on the grounds that
28  Carter Bryant did not properly serve this Request for Admission under the Rules of

1  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

2  further objects to this Request on the grounds that it is vague and ambiguous.

3  Mattel further objects on the grounds and to the extent that the Request calls for the

4  disclosure of information subject to the attorney-client privilege, the attorney work-

5  product doctrine, or any other applicable privileges.

6

7  REQUEST FOR ADMISSION NO. 19:

8          Admit that YOU contend that CARTER BRYANT misappropriated

9  MATTEL trade secrets.

10

11  RESPONSE TO REQUEST FOR ADMISSION NO. 19:

12          In addition to the foregoing general objections, which are incorporated

13  herein by reference, Mattel specifically objects to this Request on the grounds that

14  Carter Bryant did not properly serve this Request for Admission under the Rules of

15  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

16  further objects to this Request on the grounds that it is vague and ambiguous.

17  Mattel further objects on the grounds and to the extent that the Request calls for the

18  disclosure of information subject to the attorney-client privilege, the attorney work-

19  product doctrine, or any other applicable privileges.

20

21  REQUEST FOR ADMISSION NO. 20:

22          Admit that YOU do not contend that CARTER BRYANT "wrongfully

23  converted Mattel's property by removing Trade Secret Materials [as that term is

24  used in MATTEL's Second Amended Answer and Counterclaims] in electronic and

25  paper form from Mattel's offices."

26

27

28

07209/2369608.1

1  RESPONSE TO REQUEST FOR ADMISSION NO. 20:

2            In addition to the foregoing general objections, which are incorporated

3  herein by reference, Mattel specifically objects to this Request on the grounds that

4  Carter Bryant did not properly serve this Request for Admission under the Rules of

5  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

6  further objects to this Request on the grounds that it is vague and ambiguous.

7  Mattel further objects on the grounds and to the extent that the Request calls for the

8  disclosure of information subject to the attorney-client privilege, the attorney work-

9  product doctrine, or any other applicable privileges.

10

11  REQUEST FOR ADMISSION NO. 21:

12            Admit that YOU contend that CARTER BRYANT "wrongfully

13  converted Mattel's property by removing Trade Secret Materials [as that term is

14  used in MATTEL's Second Amended Answer and Counterclaims] in electronic and

15  paper form from Mattel's offices."

16

17  RESPONSE TO REQUEST FOR ADMISSION NO. 21:

18            In addition to the foregoing general objections, which are incorporated

19  herein by reference, Mattel specifically objects to this Request on the grounds that

20  Carter Bryant did not properly serve this Request for Admission under the Rules of

21  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

22  further objects to this Request on the grounds that it is vague and ambiguous.

23  Mattel further objects on the grounds and to the extent that the Request calls for the

24  disclosure of information subject to the attorney-client privilege, the attorney work-

25  product doctrine, or any other applicable privileges.

26

27

28

07209/2369608.1

1   REQUEST FOR ADMISSION NO. 22:

2            Admit that YOU contend that the identity of third-party doll hair

3   suppliers used by MATTEL is a MATTEL trade secret.

4

5   RESPONSE TO REQUEST FOR ADMISSION NO. 22:

6            In addition to the foregoing general objections, which are incorporated

7   herein by reference, Mattel specifically objects to this Request on the grounds that

8   Carter Bryant did not properly serve this Request for Admission under the Rules of

9   Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

10  further objects to this Request on the grounds that it is vague and ambiguous.

11  Mattel further objects to this Request on the grounds that it is compound and

12  overbroad.  Mattel further objects on the grounds and to the extent that the Request

13  calls for the disclosure of information subject to the attorney-client privilege, the

14  attorney work-product doctrine, or any other applicable privileges.

15

16  REQUEST FOR ADMISSION NO. 23:

17           Admit that YOU do not contend that the identity of third-party doll hair

18  suppliers used by MATTEL is a MATTEL trade secret.

19

20  RESPONSE TO REQUEST FOR ADMISSION NO. 23:

21           In addition to the foregoing general objections, which are incorporated

22  herein by reference, Mattel specifically objects to this Request on the grounds that

23  Carter Bryant did not properly serve this Request for Admission under the Rules of

24  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

25  further objects to this Request on the grounds that it is vague and ambiguous.

26  Mattel further objects to this Request on the grounds that it is compound and

27  overbroad.  Mattel further objects on the grounds and to the extent that the Request

28

RESPONSES TO BRYANT'S FIRST SET OF REQUESTS FOR ADMISSION

1  calls for the disclosure of information subject to the attorney-client privilege, the

2  attorney work-product doctrine, or any other applicable privileges.

3

4  REQUEST FOR ADMISSION NO. 24:

5          Admit that YOU contend that the identity of the third-party vendors

6  used by MATTEL is a MATTEL trade secret.

7

8  RESPONSE TO REQUEST FOR ADMISSION NO. 24:

9          In addition to the foregoing general objections, which are incorporated

10  herein by reference, Mattel specifically objects to this Request on the grounds that

11  Carter Bryant did not properly serve this Request for Admission under the Rules of

12  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

13  further objects to this Request on the grounds that it is vague and ambiguous.

14  Mattel further objects to this Request on the grounds that it is compound and

15  overbroad.  Mattel further objects on the grounds and to the extent that the Request

16  calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine, or any other applicable privileges.

18

19  REQUEST FOR ADMISSION NO. 25:

20          Admit that YOU do not contend that the identity of third-party vendors

21  used by MATTEL is a MATTEL trade secret.

22

23  RESPONSE TO REQUEST FOR ADMISSION NO. 25:

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this Request for Admission under the Rules of

27  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

28  further objects to this Request on the grounds that it is vague and ambiguous.

1  Mattel further objects to this Request on the grounds that it is compound and
2  overbroad.  Mattel further objects on the grounds and to the extent that the Request
3  calls for the disclosure of information subject to the attorney-client privilege, the
4  attorney work-product doctrine, or any other applicable privileges.
5
6  REQUEST FOR ADMISSION NO. 26:
7       Admit that MATTEL employees, excluding CARTER BRYANT, have
8  performed work for entities other than MATTEL while employed by MATTEL.
9
10  RESPONSE TO REQUEST FOR ADMISSION NO. 26:
11       In addition to the foregoing general objections, which are incorporated
12  herein by reference, Mattel specifically objects to this Request on the grounds that
13  Carter Bryant did not properly serve this Request for Admission under the Rules of
14  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel
15  further objects on the grounds that the Request seeks information that is not relevant
16  to this case nor likely to lead to the discovery of admissible evidence.  Mattel further
17  objects on the grounds that the Request is overbroad, and the burden of responding
18  to the Request outweighs any marginal relevance of the requested information.
19  Mattel further objects on the grounds that the Request is vague and ambiguous.
20
21  REQUEST FOR ADMISSION NO. 27:
22       Admit that MATTEL employees, excluding CARTER BRYANT, have
23  performed work for entities other than MATTEL while employed by MATTEL
24  without obtaining MATTEL's approval to perform such work.
25
26  RESPONSE TO REQUEST FOR ADMISSION NO. 27:
27       In addition to the foregoing general objections, which are incorporated
28  herein by reference, Mattel specifically objects to this Request on the grounds that

1   Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

2   <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it.  Mattel

3   further objects on the grounds that the Request seeks information that is not relevant

4   to this case nor likely to lead to the discovery of admissible evidence.  Mattel further

5   objects on the grounds that the Request is overbroad, and the burden of responding

6   to the Request outweighs any marginal relevance of the requested information.

7   Mattel further objects on the grounds that the Request is vague and ambiguous.

8

9   REQUEST FOR ADMISSION NO. 28:

10           Admit that no MATTEL employee, excluding CARTER BRYANT,

11   has performed work for entities other than MATTEL while employed by MATTEL.

12

13   RESPONSE TO REQUEST FOR ADMISSION NO. 28:

14           In addition to the foregoing general objections, which are incorporated

15   herein by reference, Mattel specifically objects to this Request on the grounds that

16   Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

17   <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it.  Mattel

18   further objects on the grounds that the Request seeks information that is not relevant

19   to this case nor likely to lead to the discovery of admissible evidence.  Mattel further

20   objects on the grounds that the Request is overbroad, and the burden of responding

21   to the Request outweighs any marginal relevance of the requested information.

22   Mattel further objects on the grounds that the Request is vague and ambiguous.

23

24   REQUEST FOR ADMISSION NO. 29:

25           Admit that no MATTEL employee, excluding CARTER BRYANT,

26   has performed work for entities other than MATTEL while employed by MATTEL

27   without obtaining MATTEL's approval to perform such work.

28

07209/2369608.1

-19-

RESPONSE TO REQUEST FOR ADMISSION NO. 29:

    In addition to the foregoing general objections, which are incorporated herein by reference, Mattel specifically objects to this Request on the grounds that Carter Bryant did not properly serve this Request for Admission under the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it. Mattel further objects on the grounds that the Request seeks information that is not relevant to this case nor likely to lead to the discovery of admissible evidence. Mattel further objects on the grounds that the Request is overbroad, and the burden of responding to the Request outweighs any marginal relevance of the requested information. Mattel further objects on the grounds that the Request is vague and ambiguous.

REQUEST FOR ADMISSION NO. 30:

    Admit that MATTEL employees, excluding CARTER BRYANT, have performed work for a MATTEL competitor while employed by MATTEL.

RESPONSE TO REQUEST FOR ADMISSION NO. 30:

    In addition to the foregoing general objections, which are incorporated herein by reference, Mattel specifically objects to this Request on the grounds that Carter Bryant did not properly serve this Request for Admission under the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it. Mattel further objects on the grounds that the Request seeks information that is not relevant to this case nor likely to lead to the discovery of admissible evidence. Mattel further objects on the grounds that the Request is overbroad, and the burden of responding to the Request outweighs any marginal relevance of the requested information. Mattel further objects on the grounds that the Request is vague and ambiguous.

1  REQUEST FOR ADMISSION NO. 31:

2        Admit that MATTEL employees, excluding CARTER BRYANT, have

3  performed work for a MATTEL competitor while employed by MATTEL without

4  obtaining MATTEL's approval to perform such work.

5

6  RESPONSE TO REQUEST FOR ADMISSION NO. 31:

7        In addition to the foregoing general objections, which are incorporated

8  herein by reference, Mattel specifically objects to this Request on the grounds that

9  Carter Bryant did not properly serve this Request for Admission under the Rules of

10  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

11  further objects on the grounds that the Request seeks information that is not relevant

12  to this case nor likely to lead to the discovery of admissible evidence.  Mattel further

13  objects on the grounds that the Request is overbroad, and the burden of responding

14  to the Request outweighs any marginal relevance of the requested information.

15  Mattel further objects on the grounds that the Request is vague and ambiguous.

16

17  REQUEST FOR ADMISSION NO. 32:

18        Admit that no MATTEL employee, excluding CARTER BRYANT,

19  has performed work for a MATTEL competitor while employed by MATTEL.

20

21  RESPONSE TO REQUEST FOR ADMISSION NO. 32:

22        In addition to the foregoing general objections, which are incorporated

23  herein by reference, Mattel specifically objects to this Request on the grounds that

24  Carter Bryant did not properly serve this Request for Admission under the Rules of

25  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

26  further objects on the grounds that the Request seeks information that is not relevant

27  to this case nor likely to lead to the discovery of admissible evidence.  Mattel further

28  objects on the grounds that the Request is overbroad, and the burden of responding

1    to the Request outweighs any marginal relevance of the requested information.

2    Mattel further objects on the grounds that the Request is vague and ambiguous.

3

4    REQUEST FOR ADMISSION NO. 33:

5           Admit that no MATTEL employee, excluding CARTER BRYANT,

6    has performed work for a MATTEL competitor while employed by MATTEL

7    without obtaining MATTEL's approval to perform such work.

8

9    RESPONSE TO REQUEST FOR ADMISSION NO. 33:

10          In addition to the foregoing general objections, which are incorporated

11    herein by reference, Mattel specifically objects to this Request on the grounds that

12    Carter Bryant did not properly serve this Request for Admission under the Rules of

13    Civil Procedure, and Mattel therefore has no obligation to respond to it. Mattel

14    further objects on the grounds that the Request seeks information that is not relevant

15    to this case nor likely to lead to the discovery of admissible evidence. Mattel further

16    objects on the grounds that the Request is overbroad, and the burden of responding

17    to the Request outweighs any marginal relevance of the requested information.

18    Mattel further objects on the grounds that the Request is vague and ambiguous.

19

20    REQUEST FOR ADMISSION NO. 34:

21          Admit that MATTEL employees, excluding CARTER BRYANT, have

22    been paid by entities other than MATTEL while employed by MATTEL.

23

24    RESPONSE TO REQUEST FOR ADMISSION NO. 34:

25          In addition to the foregoing general objections, which are incorporated

26    herein by reference, Mattel specifically objects to this Request on the grounds that

27    Carter Bryant did not properly serve this Request for Admission under the Rules of

28    Civil Procedure, and Mattel therefore has no obligation to respond to it. Mattel

-22-

1  further objects on the grounds that the Request seeks information that is not relevant

2  to this case nor likely to lead to the discovery of admissible evidence.  Mattel further

3  objects on the grounds that the Request is overbroad, and the burden of responding

4  to the Request outweighs any marginal relevance of the requested information.

5  Mattel further objects on the grounds that the Request is vague and ambiguous.

6

7  REQUEST FOR ADMISSION NO. 35:

8        Admit that MATTEL employees, excluding CARTER BRYANT, have

9  been paid by entities other than MATTEL while employed by MATTEL and have

10  not disclosed such payments to MATTEL.

11

12  RESPONSE TO REQUEST FOR ADMISSION NO. 35:

13        In addition to the foregoing general objections, which are incorporated

14  herein by reference, Mattel specifically objects to this Request on the grounds that

15  Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

16  <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it.  Mattel

17  further objects on the grounds that the Request seeks information that is not relevant

18  to this case nor likely to lead to the discovery of admissible evidence.  Mattel further

19  objects on the grounds that the Request is overbroad, and the burden of responding

20  to the Request outweighs any marginal relevance of the requested information.

21  Mattel further objects on the grounds that the Request is vague and ambiguous.

22

23  REQUEST FOR ADMISSION NO. 36:

24        Admit that no MATTEL employee, excluding CARTER BRYANT,

25  has been paid by entities other than MATTEL while employed by MATTEL.

26

27

28

07209/2369608.1

-23-

RESPONSES TO BRYANT'S FIRST SET OF REQUESTS FOR ADMISSION

1  RESPONSE TO REQUEST FOR ADMISSION NO. 36:

2          In addition to the foregoing general objections, which are incorporated

3  herein by reference, Mattel specifically objects to this Request on the grounds that

4  Carter Bryant did not properly serve this Request for Admission under the Rules of

5  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

6  further objects on the grounds that the Request seeks information that is not relevant

7  to this case nor likely to lead to the discovery of admissible evidence.  Mattel further

8  objects on the grounds that the Request is overbroad, and the burden of responding

9  to the Request outweighs any marginal relevance of the requested information.

10  Mattel further objects on the grounds that the Request is vague and ambiguous.

11

12  REQUEST FOR ADMISSION NO. 37:

13          Admit that no MATTEL employee, excluding CARTER BRYANT,

14  has been paid by entities other than MATTEL while employed by MATTEL without

15  disclosing such payments to MATTEL.

16

17  RESPONSE TO REQUEST FOR ADMISSION NO. 37:

18          In addition to the foregoing general objections, which are incorporated

19  herein by reference, Mattel specifically objects to this Request on the grounds that

20  Carter Bryant did not properly serve this Request for Admission under the Rules of

21  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

22  further objects on the grounds that the Request seeks information that is not relevant

23  to this case nor likely to lead to the discovery of admissible evidence.  Mattel further

24  objects on the grounds that the Request is overbroad, and the burden of responding

25  to the Request outweighs any marginal relevance of the requested information.

26  Mattel further objects on the grounds that the Request is vague and ambiguous.

27

28

1   REQUEST FOR ADMISSION NO. 38:

2          Admit that MATTEL employees, excluding CARTER BRYANT, have

3   been paid by a MATTEL competitor while employed by MATTEL.

4

5   RESPONSE TO REQUEST FOR ADMISSION NO. 38:

6          In addition to the foregoing general objections, which are incorporated

7   herein by reference, Mattel specifically objects to this Request on the grounds that

8   Carter Bryant did not properly serve this Request for Admission under the Rules of

9   Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

10  further objects on the grounds that the Request seeks information that is not relevant

11  to this case nor likely to lead to the discovery of admissible evidence.  Mattel further

12  objects on the grounds that the Request is overbroad, and the burden of responding

13  to the Request outweighs any marginal relevance of the requested information.

14  Mattel further objects on the grounds that the Request is vague and ambiguous.

15

16  REQUEST FOR ADMISSION NO. 39:

17         Admit that MATTEL employees, excluding CARTER BRYANT, have

18  been paid by a MATTEL competitor while employed by MATTEL and have not

19  disclosed such payments to MATTEL.

20

21  RESPONSE TO REQUEST FOR ADMISSION NO. 39:

22         In addition to the foregoing general objections, which are incorporated

23  herein by reference, Mattel specifically objects to this Request on the grounds that

24  Carter Bryant did not properly serve this Request for Admission under the Rules of

25  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

26  further objects on the grounds that the Request seeks information that is not relevant

27  to this case nor likely to lead to the discovery of admissible evidence.  Mattel further

28  objects on the grounds that the Request is overbroad, and the burden of responding

1  to the Request outweighs any marginal relevance of the requested information.

2  Mattel further objects on the grounds that the Request is vague and ambiguous.

3

4  REQUEST FOR ADMISSION NO. 40:

5  Admit that no MATTEL employee, excluding CARTER BRYANT,

6  has been paid by a MATTEL competitor while employed by MATTEL.

7

8  RESPONSE TO REQUEST FOR ADMISSION NO. 40:

9  In addition to the foregoing general objections, which are incorporated

10  herein by reference, Mattel specifically objects to this Request on the grounds that

11  Carter Bryant did not properly serve this Request for Admission under the Rules of

12  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

13  further objects on the grounds that the Request seeks information that is not relevant

14  to this case nor likely to lead to the discovery of admissible evidence.  Mattel further

15  objects on the grounds that the Request is overbroad, and the burden of responding

16  to the Request outweighs any marginal relevance of the requested information.

17  Mattel further objects on the grounds that the Request is vague and ambiguous.

18

19  REQUEST FOR ADMISSION NO. 41:

20  Admit that no MATTEL employee, excluding CARTER BRYANT,

21  has been paid by a MATTEL competitor while employed by MATTEL without

22  disclosing such payments to MATTEL.

23

24  RESPONSE TO REQUEST FOR ADMISSION NO. 41:

25  In addition to the foregoing general objections, which are incorporated

26  herein by reference, Mattel specifically objects to this Request on the grounds that

27  Carter Bryant did not properly serve this Request for Admission under the Rules of

28  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

1   further objects on the grounds that the Request seeks information that is not relevant
2   to this case nor likely to lead to the discovery of admissible evidence.  Mattel further
3   objects on the grounds that the Request is overbroad, and the burden of responding
4   to the Request outweighs any marginal relevance of the requested information.
5   Mattel further objects on the grounds that the Request is vague and ambiguous.

6

7   REQUEST FOR ADMISSION NO. 42:
8           Admit that the INVENTION AGREEMENT does not prohibit
9   MATTEL employees from leaving MATTEL to work for a competitor of MATTEL.

10

11  RESPONSE TO REQUEST FOR ADMISSION NO. 42:
12          In addition to the foregoing general objections, which are incorporated
13  herein by reference, Mattel specifically objects to this Request on the grounds that
14  Carter Bryant did not properly serve this Request for Admission under the Rules of
15  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel
16  further objects to this Request on the grounds that it is vague and ambiguous,
17  compound and overbroad.  Mattel further objects to this Request on the grounds that
18  it seeks information that is not relevant to this case nor likely to lead to the
19  discovery of admissible evidence.

20

21  REQUEST FOR ADMISSION NO. 43:
22          Admit that MATTEL employees are not prohibited from leaving
23  MATTEL to work for a competitor of MATTEL.

24

25  RESPONSE TO REQUEST FOR ADMISSION NO. 43:
26          In addition to the foregoing general objections, which are incorporated
27  herein by reference, Mattel specifically objects to this Request on the grounds that
28  Carter Bryant did not properly serve this Request for Admission under the Rules of

07209/2369608.1

RESPONSES TO BRYANT'S FIRST SET OF REQUESTS FOR ADMISSION

1   Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

2   further objects to this Request on the grounds that it is vague and ambiguous,

3   compound and overbroad.  Mattel further objects to this Request on the grounds that

4   it seeks information that is not relevant to this case nor likely to lead to the

5   discovery of admissible evidence.

6

7   REQUEST FOR ADMISSION NO. 44:

8           Admit that MATTEL employees, other than CARTER BRYANT, have

9   left MATTEL to work for a competitor of MATTEL.

10

11   RESPONSE TO REQUEST FOR ADMISSION NO. 44:

12          In addition to the foregoing general objections, which are incorporated

13   herein by reference, Mattel specifically objects to this Request on the grounds that

14   Carter Bryant did not properly serve this Request for Admission under the Rules of

15   Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

16   further objects to this Request on the grounds that it is vague and ambiguous,

17   compound and overbroad.  Mattel further objects to this Request on the grounds that

18   it seeks information that is not relevant to this case nor likely to lead to the

19   discovery of admissible evidence.  Mattel further objects on the grounds that the

20   Request is overbroad, and the burden of responding to the Request outweighs any

21   marginal relevance of the requested information.

22

23   REQUEST FOR ADMISSION NO. 45:

24          Admit that the INVENTION AGREEMENT does not prohibit

25   MATTEL employees from leaving MATTEL to start their own businesses.

26

27

28

1  RESPONSE TO REQUEST FOR ADMISSION NO. 45:

2          In addition to the foregoing general objections, which are incorporated

3  herein by reference, Mattel specifically objects to this Request on the grounds that

4  Carter Bryant did not properly serve this Request for Admission under the Rules of

5  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

6  further objects to this Request on the grounds that it is vague and ambiguous,

7  compound and overbroad.  Mattel further objects to this Request on the grounds that

8  it seeks information that is not relevant to this case nor likely to lead to the

9  discovery of admissible evidence.

10

11  REQUEST FOR ADMISSION NO. 46:

12          Admit that the INVENTION AGREEMENT does not prohibit

13  MATTEL employees from leaving MATTEL to start their own toy businesses.

14

15  RESPONSE TO REQUEST FOR ADMISSION NO. 46:

16          In addition to the foregoing general objections, which are incorporated

17  herein by reference, Mattel specifically objects to this Request on the grounds that

18  Carter Bryant did not properly serve this Request for Admission under the Rules of

19  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

20  further objects to this Request on the grounds that it is vague and ambiguous,

21  compound and overbroad.  Mattel further objects to this Request on the grounds that

22  it seeks information that is not relevant to this case nor likely to lead to the

23  discovery of admissible evidence.

24

25  REQUEST FOR ADMISSION NO. 47:

26          Admit that MATTEL employees, other than CARTER BRYANT, have

27  left MATTEL to start their own businesses.

28

07209/2369608.1

-29-

RESPONSES TO BRYANT'S FIRST SET OF REQUESTS FOR ADMISSION

RESPONSE TO REQUEST FOR ADMISSION NO. 47:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel specifically objects to this Request on the grounds that Carter Bryant did not properly serve this Request for Admission under the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it.  Mattel further objects to this Request on the grounds that it is vague and ambiguous, compound and overbroad.  Mattel further objects to this Request on the grounds that it seeks information that is not relevant to this case nor likely to lead to the discovery of admissible evidence.  Mattel further objects on the grounds that the Request is overbroad, and the burden of responding to the Request outweighs any marginal relevance of the requested information.

REQUEST FOR ADMISSION NO. 48:

Admit that MATTEL employees, other than CARTER BRYANT, have left MATTEL to start their own toy businesses.

RESPONSE TO REQUEST FOR ADMISSION NO. 48:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel specifically objects to this Request on the grounds that Carter Bryant did not properly serve this Request for Admission under the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it.  Mattel further objects to this Request on the grounds that it is vague and ambiguous, compound and overbroad.  Mattel further objects to this Request on the grounds that it seeks information that is not relevant to this case nor likely to lead to the discovery of admissible evidence.  Mattel further objects on the grounds that the Request is overbroad, and the burden of responding to the Request outweighs any marginal relevance of the requested information.

RESPONSES TO BRYANT'S FIRST SET OF REQUESTS FOR ADMISSION

1   REQUEST FOR ADMISSION NO. 49:

2          Admit that CARTER BRYANT's employment with MATTEL was at

3   will.

4

5   RESPONSE TO REQUEST FOR ADMISSION NO. 49:

6          In addition to the foregoing general objections, which are incorporated

7   herein by reference, Mattel specifically objects to this Request on the grounds that

8   Carter Bryant did not properly serve this Request for Admission under the Rules of

9   Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

10  further objects to this Request on the grounds that it is vague and ambiguous.

11  Mattel further objects to this Request on the grounds that it seeks information that is

12  not relevant to this case nor likely to lead to the discovery of admissible evidence.

13

14  REQUEST FOR ADMISSION NO. 50:

15         Admit that MATTEL employees are not required to give notice prior to

16  terminating their employment with MATTEL.

17

18  RESPONSE TO REQUEST FOR ADMISSION NO. 50:

19         In addition to the foregoing general objections, which are incorporated

20  herein by reference, Mattel specifically objects to this Request on the grounds that

21  Carter Bryant did not properly serve this Request for Admission under the Rules of

22  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

23  further objects to this Request on the grounds that it is vague and ambiguous,

24  including without limitation with respect to the phrase "not required to give notice

25  prior to terminating his employment," and compound and overbroad.  Mattel further

26  objects to this Request on the grounds that it seeks information that is not relevant to

27  this case nor likely to lead to the discovery of admissible evidence.

28

07209/2369608.1

RESPONSES TO BRYANT'S FIRST SET OF REQUESTS FOR ADMISSION

1   REQUEST FOR ADMISSION NO. 51:

2          Admit that CARTER BRYANT was not required to give notice prior to

3   terminating his employment with MATTEL in October 2000.

4

5   RESPONSE TO REQUEST FOR ADMISSION NO. 51:

6          In addition to the foregoing general objections, which are incorporated

7   herein by reference, Mattel specifically objects to this Request on the grounds that

8   Carter Bryant did not properly serve this Request for Admission under the Rules of

9   Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

10   further objects to this Request on the grounds that it is vague and ambiguous,

11   including without limitation with respect to the phrase "not required to give notice

12   prior to terminating his employment," and compound and overbroad.  Mattel further

13   objects to this Request on the grounds that it seeks information that is not relevant to

14   this case nor likely to lead to the discovery of admissible evidence.

15

16   REQUEST FOR ADMISSION NO. 52:

17          Admit that YOUR Eleventh Counterclaim for Conversion against

18   CARTER BRYANT is based solely on CARTER BRYANT's alleged conversion of

19   tangible property or resources that you contend belong to Mattel.

20

21   RESPONSE TO REQUEST FOR ADMISSION NO. 52:

22          In addition to the foregoing general objections, which are incorporated

23   herein by reference, Mattel specifically objects to this Request on the grounds that

24   Carter Bryant did not properly serve this Request for Admission under the Rules of

25   Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

26   further objects to this Request on the grounds that it is vague and ambiguous,

27   including with respect to the undefined phrase "tangible property or resources."

28   Mattel further objects to this Request on the grounds that Mattel does not have

1   sufficient information in order to frame a complete response, including because

2   defendants have not provided necessary discovery and have concealed facts, in

3   violation of the <u>Rules</u> and Court Orders.

4

5   REQUEST FOR ADMISSION NO. 53:

6           Admit that YOUR Eleventh Counterclaim for Conversion against

7   CARTER BRYANT is not based solely on CARTER BRYANT's alleged

8   conversion of tangible property or resources that YOU contend belong to MATTEL.

9

10  RESPONSE TO REQUEST FOR ADMISSION NO. 53:

11          In addition to the foregoing general objections, which are incorporated

12  herein by reference, Mattel specifically objects to this Request on the grounds that

13  Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

14  <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it. Mattel

15  further objects to this Request on the grounds that it is vague and ambiguous,

16  including with respect to the undefined phrase "tangible property or resources."

17  Mattel further objects to this Request on the grounds that Mattel does not have

18  sufficient information in order to frame a complete response, including because

19  defendants have not provided necessary discovery and have concealed facts, in

20  violation of the <u>Rules</u> and Court Orders.

21

22  REQUEST FOR ADMISSION NO. 54:

23          Admit that YOUR Eleventh Counterclaim for Conversion against

24  CARTER BRYANT is based solely on CARTER BRYANT's alleged conversion of

25  intellectual property that YOU contend belongs to MATTEL.

26

27

28

RESPONSES TO BRYANT'S FIRST SET OF REQUESTS FOR ADMISSION

1  RESPONSE TO REQUEST FOR ADMISSION NO. 54:

2          In addition to the foregoing general objections, which are incorporated

3  herein by reference, Mattel specifically objects to this Request on the grounds that

4  Carter Bryant did not properly serve this Request for Admission under the Rules of

5  Civil Procedure, and Mattel therefore has no obligation to respond to it. Mattel

6  further objects to this Request on the grounds that it is vague and ambiguous,

7  including with respect to the undefined phrase "intellectual property." Mattel

8  further objects to this Request on the grounds that Mattel does not have sufficient

9  information in order to frame a complete response, including because defendants

10  have not provided necessary discovery and have concealed facts, in violation of the

11  Rules and Court Orders.

12

13  REQUEST FOR ADMISSION NO. 55:

14          Admit that YOUR Eleventh Counterclaim for Conversion against

15  CARTER BRYANT is based solely on CARTER BRYANT's alleged conversion of

16  the idea for a line of fashion dolls which he named Bratz.

17

18  RESPONSE TO REQUEST FOR ADMISSION NO. 55:

19          In addition to the foregoing general objections, which are incorporated

20  herein by reference, Mattel specifically objects to this Request on the grounds that

21  Carter Bryant did not properly serve this Request for Admission under the Rules of

22  Civil Procedure, and Mattel therefore has no obligation to respond to it. Mattel

23  further objects to this Request on the grounds that it is vague and ambiguous,

24  including with respect to the undefined phrase "idea for a line of fashion dolls which

25  he named Bratz." Mattel further objects to this Request on the grounds that Mattel

26  does not have sufficient information in order to frame a complete response,

27  including because defendants have not provided necessary discovery and have

28  concealed facts, in violation of the Rules and Court Orders.

1  REQUEST FOR ADMISSION NO. 56:

2        Admit that YOUR Eleventh Counterclaim for Conversion against

3  CARTER BRYANT is not based solely on CARTER BRYANT's alleged

4  conversion of the idea for a line of fashion dolls which he named Bratz.

5

6  RESPONSE TO REQUEST FOR ADMISSION NO. 56:

7        In addition to the foregoing general objections, which are incorporated

8  herein by reference, Mattel specifically objects to this Request on the grounds that

9  Carter Bryant did not properly serve this Request for Admission under the Rules of

10  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

11  further objects to this Request on the grounds that it is vague and ambiguous,

12  including with respect to the undefined phrase "idea for a line of fashion dolls which

13  he named Bratz."  Mattel further objects to this Request on the grounds that Mattel

14  does not have sufficient information in order to frame a complete response,

15  including because defendants have not provided necessary discovery and have

16  concealed facts, in violation of the Rules and Court Orders.

17

18  REQUEST FOR ADMISSION NO. 57:

19        Admit that MATTEL employees who perform doll hair rooting as part

20  of the employment duties for MATTEL are not prohibited from performing doll hair

21  rooting for PERSONS other than MATTEL while employed by MATTEL.

22

23  RESPONSE TO REQUEST FOR ADMISSION NO. 57:

24        In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this Request for Admission under the Rules of

27  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

28  further objects to this request on the grounds it is vague and ambiguous, compound

1  and overbroad. Mattel further objects to this Request on the grounds that it seeks

2  information that is not relevant to this case nor likely to lead to the discovery of

3  admissible evidence.

4

5  REQUEST FOR ADMISSION NO. 58:

6        Admit that MATTEL employees who perform doll hair rooting as part

7  of the employment duties for MATTEL are prohibited from performing doll hair

8  rooting for PERSONS other than MATTEL while employed by MATTEL.

9

10  RESPONSE TO REQUEST FOR ADMISSION NO. 58:

11        In addition to the foregoing general objections, which are incorporated

12  herein by reference, Mattel specifically objects to this Request on the grounds that

13  Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

14  <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it. Mattel

15  further objects to this request on the grounds it is vague and ambiguous, compound

16  and overbroad. Mattel further objects to this Request on the grounds that it seeks

17  information that is not relevant to this case nor likely to lead to the discovery of

18  admissible evidence.

19

20  REQUEST FOR ADMISSION NO. 59:

21        Admit that MATTEL employees who perform doll face painting as part

22  of the employment duties for MATTEL are not prohibited from performing doll face

23  painting for PERSONS other than MATTEL while employed by MATTEL.

24

25  RESPONSE TO REQUEST FOR ADMISSION NO. 59:

26        In addition to the foregoing general objections, which are incorporated

27  herein by reference, Mattel specifically objects to this Request on the grounds that

28  Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

-36-

1  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel
2  further objects to this request on the grounds it is vague and ambiguous, compound
3  and overbroad.   Mattel further objects to this Request on the grounds that it seeks
4  information that is not relevant to this case nor likely to lead to the discovery of
5  admissible evidence.
6
7  REQUEST FOR ADMISSION NO. 60:
8          Admit that MATTEL employees who perform doll face painting as part
9  of the employment duties for MATTEL are prohibited from performing doll face
10  painting for PERSONS other than MATTEL while employed by MATTEL.
11
12  RESPONSE TO REQUEST FOR ADMISSION NO. 60:
13          In addition to the foregoing general objections, which are incorporated
14  herein by reference, Mattel specifically objects to this Request on the grounds that
15  Carter Bryant did not properly serve this Request for Admission under the Rules of
16  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel
17  further objects to this request on the grounds it is vague and ambiguous, compound
18  and overbroad.   Mattel further objects to this Request on the grounds that it seeks
19  information that is not relevant to this case nor likely to lead to the discovery of
20  admissible evidence.
21
22  REQUEST FOR ADMISSION NO. 61:
23          Admit that MATTEL employees who perform sculpting as part of the
24  employment duties for MATTEL are not prohibited from sculpting for PERSONS
25  other than MATTEL while employed by MATTEL.
26
27
28

07209/2369608.1

1 | RESPONSE TO REQUEST FOR ADMISSION NO. 61:

2          In addition to the foregoing general objections, which are incorporated

3 | herein by reference, Mattel specifically objects to this Request on the grounds that

4 | Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

5 | <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it.  Mattel

6 | further objects to this request on the grounds it is vague and ambiguous, compound

7 | and overbroad.  Mattel further objects to this Request on the grounds that it seeks

8 | information that is not relevant to this case nor likely to lead to the discovery of

9 | admissible evidence.

10

11 | REQUEST FOR ADMISSION NO. 62:

12          Admit that MATTEL employees who perform sculpting as part of the

13 | employment duties for MATTEL are prohibited from sculpting for PERSONS other

14 | than MATTEL while employed by MATTEL.

15

16 | RESPONSE TO REQUEST FOR ADMISSION NO. 62:

17          In addition to the foregoing general objections, which are incorporated

18 | herein by reference, Mattel specifically objects to this Request on the grounds that

19 | Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

20 | <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it.  Mattel

21 | further objects to this request on the grounds it is vague and ambiguous, compound

22 | and overbroad.  Mattel further objects to this Request on the grounds that it seeks

23 | information that is not relevant to this case nor likely to lead to the discovery of

24 | admissible evidence.

25

26 | REQUEST FOR ADMISSION NO. 63:

27          Admit that MATTEL doll designers are not prohibited from providing

28 | design services to PERSONS other than MATTEL while employed by MATTEL.

1   RESPONSE TO REQUEST FOR ADMISSION NO. 63:

2          In addition to the foregoing general objections, which are incorporated

3   herein by reference, Mattel specifically objects to this Request on the grounds that

4   Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

5   <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it. Mattel

6   further objects to this request on the grounds it is vague and ambiguous, compound

7   and overbroad. Mattel further objects to this Request on the grounds that it seeks

8   information that is not relevant to this case nor likely to lead to the discovery of

9   admissible evidence.

10

11   REQUEST FOR ADMISSION NO. 64:

12          Admit that MATTEL doll designers are prohibited from providing

13   design services to PERSONS other than MATTEL while employed by MATTEL.

14

15   RESPONSE TO REQUEST FOR ADMISSION NO. 64:

16          In addition to the foregoing general objections, which are incorporated

17   herein by reference, Mattel specifically objects to this Request on the grounds that

18   Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

19   <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it. Mattel

20   further objects to this request on the grounds it is vague and ambiguous, compound

21   and overbroad. Mattel further objects to this Request on the grounds that it seeks

22   information that is not relevant to this case nor likely to lead to the discovery of

23   admissible evidence.

24

25   REQUEST FOR ADMISSION NO. 65:

26          Admit that MATTEL employees are not prohibited from using

27   MATTEL property or resources for non-MATTEL projects while employed

28   MATTEL.

1   RESPONSE TO REQUEST FOR ADMISSION NO. 65:

2           In addition to the foregoing general objections, which are incorporated

3   herein by reference, Mattel specifically objects to this Request on the grounds that

4   Carter Bryant did not properly serve this Request for Admission under the Rules of

5   Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

6   further objects to this request on the grounds it is vague and ambiguous, compound

7   and overbroad.  Mattel further objects to this Request on the grounds that it seeks

8   information that is not relevant to this case nor likely to lead to the discovery of

9   admissible evidence.

10

11  REQUEST FOR ADMISSION NO. 66:

12          Admit that MATTEL employees are prohibited from using any

13  MATTEL property or resources for non-MATTEL projects while employed by

14  MATTEL.

15

16  RESPONSE TO REQUEST FOR ADMISSION NO. 66:

17          In addition to the foregoing general objections, which are incorporated

18  herein by reference, Mattel specifically objects to this Request on the grounds that

19  Carter Bryant did not properly serve this Request for Admission under the Rules of

20  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

21  further objects to this request on the grounds it is vague and ambiguous, compound

22  and overbroad.  Mattel further objects to this Request on the grounds that it seeks

23  information that is not relevant to this case nor likely to lead to the discovery of

24  admissible evidence.

25

26

27

28

07209/2369608.1

-40-

RESPONSES TO BRYANT'S FIRST SET OF REQUESTS FOR ADMISSION

1  REQUEST FOR ADMISSION NO. 67:

2           Admit that if CARTER BRYANT had disclosed his idea for a line of

3  fashion dolls which he named Bratz to MATTEL prior to October 20, 2000,

4  MATTEL would have taken steps to commercially exploit the idea.

5

6  RESPONSE TO REQUEST FOR ADMISSION NO. 67:

7           In addition to the foregoing general objections, which are incorporated

8  herein by reference, Mattel specifically objects to this Request on the grounds that

9  Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

10 <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it.  Mattel

11 further objects to this request on the grounds it is vague and ambiguous.  Mattel

12 further objects to this request on the grounds it is an improper, incomplete

13 hypothetical that is not based on facts on the record.  Mattel further objects to this

14 Request on the grounds that it seeks information that is not relevant to this case nor

15 likely to lead to the discovery of admissible evidence.

16

17 REQUEST FOR ADMISSION NO. 68:

18          Admit that if CARTER BRYANT had disclosed his idea for a line of

19 fashion dolls which he named Bratz to MATTEL prior to October 20, 2000,

20 MATTEL would not have taken steps to commercially exploit the idea.

21

22 RESPONSE TO REQUEST FOR ADMISSION NO. 68:

23          In addition to the foregoing general objections, which are incorporated

24 herein by reference, Mattel specifically objects to this Request on the grounds that

25 Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

26 <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it.  Mattel

27 further objects to this request on the grounds it is vague and ambiguous.  Mattel

28 further objects to this request on the grounds it is an improper, incomplete

1   hypothetical that is not based on facts on the record.  Mattel further objects to this

2   Request on the grounds that it seeks information that is not relevant to this case nor

3   likely to lead to the discovery of admissible evidence.

4

5   REQUEST FOR ADMISSION NO. 69:

6           Admit that YOU contend that if CARTER BRYANT had disclosed his

7   idea for a line of fashion dolls which he named Bratz to MATTEL prior to

8   October 20, 2000, MATTEL would have taken steps to commercially exploit the

9   idea.

10

11  RESPONSE TO REQUEST FOR ADMISSION NO. 69:

12          In addition to the foregoing general objections, which are incorporated

13  herein by reference, Mattel specifically objects to this Request on the grounds that

14  Carter Bryant did not properly serve this Request for Admission under the Rules of

15  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

16  further objects to this request on the grounds it is vague and ambiguous.  Mattel

17  further objects to this request on the grounds it is an improper, incomplete

18  hypothetical that is not based on facts on the record.  Mattel further objects to this

19  Request on the grounds that it seeks information that is not relevant to this case nor

20  likely to lead to the discovery of admissible evidence.

21

22  REQUEST FOR ADMISSION NO. 70:

23          Admit that YOU do not contend that if CARTER BRYANT had disclosed his

24  idea for a line of fashion dolls which he named Bratz to MATTEL prior to

25  October 20, 2000, MATTEL would have taken steps to commercially exploit the

26  idea.

27

28

1 | RESPONSE TO REQUEST FOR ADMISSION NO. 70:

2 |         In addition to the foregoing general objections, which are incorporated

3 | herein by reference, Mattel specifically objects to this Request on the grounds that

4 | Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

5 | <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it.  Mattel

6 | further objects to this request on the grounds it is vague and ambiguous.  Mattel

7 | further objects to this request on the grounds it is an improper, incomplete

8 | hypothetical that is not based on facts on the record.  Mattel further objects to this

9 | Request on the grounds that it seeks information that is not relevant to this case nor

10 | likely to lead to the discovery of admissible evidence.

11 |

12 | REQUEST FOR ADMISSION NO. 71:

13 |         Admit that MATTEL did not decide to develop its MyScene Barbie

14 | line of products until after MATTEL learned of BRATZ.

15 |

16 | RESPONSE TO REQUEST FOR ADMISSION NO. 71:

17 |         In addition to the foregoing general objections, which are incorporated

18 | herein by reference, Mattel specifically objects to this Request on the grounds that

19 | Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

20 | <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it.  Mattel

21 | further objects to this request on the grounds it seeks information that is not relevant

22 | to this case nor likely to lead to the discovery of admissible evidence; it is vague,

23 | ambiguous, including as to the term "develop"; and it is compound and overbroad.

24 |

25 | REQUEST FOR ADMISSION NO. 72:

26 |         Admit that MATTEL decided to develop its MyScene Barbie line of

27 | products before MATTEL learned of BRATZ.

28 |

07209/2369508.1

1  RESPONSE TO REQUEST FOR ADMISSION NO. 72:

2          In addition to the foregoing general objections, which are incorporated

3  herein by reference, Mattel specifically objects to this Request on the grounds that

4  Carter Bryant did not properly serve this Request for Admission under the Rules of

5  Civil Procedure, and Mattel therefore has no obligation to respond to it. Mattel

6  further objects to this request on the grounds it seeks information that is not relevant

7  to this case nor likely to lead to the discovery of admissible evidence; it is vague,

8  ambiguous, including as to the term "develop"; and it is compound and overbroad.

9

10  REQUEST FOR ADMISSION NO. 73:

11          Admit that MATTEL did not decide to market its MyScene Barbie line

12  of products until after MATTEL learned of BRATZ.

13

14  RESPONSE TO REQUEST FOR ADMISSION NO. 73:

15          In addition to the foregoing general objections, which are incorporated

16  herein by reference, Mattel specifically objects to this Request on the grounds that

17  Carter Bryant did not properly serve this Request for Admission under the Rules of

18  Civil Procedure, and Mattel therefore has no obligation to respond to it. Mattel

19  further objects to this request on the grounds it seeks information that is not relevant

20  to this case nor likely to lead to the discovery of admissible evidence; it is vague,

21  ambiguous, including as to the term "market"; and it is compound and overbroad.

22

23  REQUEST FOR ADMISSION NO. 74:

24          Admit that MATTEL decided to market its MyScene Barbie line of

25  products before MATTEL learned of BRATZ.

26

27

28

-44-

1    RESPONSE TO REQUEST FOR ADMISSION NO. 74:

2           In addition to the foregoing general objections, which are incorporated

3    herein by reference, Mattel specifically objects to this Request on the grounds that

4    Carter Bryant did not properly serve this Request for Admission under the Rules of

5    Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

6    further objects to this request on the grounds it seeks information that is not relevant

7    to this case nor likely to lead to the discovery of admissible evidence; it is vague,

8    ambiguous, including as to the term "market"; and it is compound and overbroad.

9

10   REQUEST FOR ADMISSION NO. 75:

11          Admit that MATTEL decided to develop its MyScene Barbie line of

12   products, in whole or in part, because of the commercial success of BRATZ.

13

14   RESPONSE TO REQUEST FOR ADMISSION NO. 75:

15          In addition to the foregoing general objections, which are incorporated

16   herein by reference, Mattel specifically objects to this Request on the grounds that

17   Carter Bryant did not properly serve this Request for Admission under the Rules of

18   Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

19   further objects to this request because it seeks information that is not relevant to this

20   case nor likely to lead to the discovery of admissible evidence; and it is vague,

21   ambiguous, compound and overbroad.

22

23   REQUEST FOR ADMISSION NO. 76:

24          Admit that MATTEL did not decide to develop its MyScene Barbie

25   line of products, in whole or in part, because of the commercial success of BRATZ.

26

27

28

RESPONSES TO BRYANT'S FIRST SET OF REQUESTS FOR ADMISSION

07209/2369608.1

1   RESPONSE TO REQUEST FOR ADMISSION NO. 76:

2           In addition to the foregoing general objections, which are incorporated

3   herein by reference, Mattel specifically objects to this Request on the grounds that

4   Carter Bryant did not properly serve this Request for Admission under the Rules of

5   Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

6   further objects to this request because it seeks information that is not relevant to this

7   case nor likely to lead to the discovery of admissible evidence; and it is vague,

8   ambiguous, compound and overbroad.

9

10  REQUEST FOR ADMISSION NO. 77:

11          Admit that MATTEL decided to market its MyScene Barbie line of

12  products, in whole or in part, because of the commercial success of BRATZ.

13

14  RESPONSE TO REQUEST FOR ADMISSION NO. 77:

15          In addition to the foregoing general objections, which are incorporated

16  herein by reference, Mattel specifically objects to this Request on the grounds that

17  Carter Bryant did not properly serve this Request for Admission under the Rules of

18  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

19  further objects to this request because it seeks information that is not relevant to this

20  case nor likely to lead to the discovery of admissible evidence; and it is vague,

21  ambiguous, compound and overbroad.

22

23  REQUEST FOR ADMISSION NO. 78:

24          Admit that MATTEL did not decide to market its MyScene Barbie line

25  of products, in whole or in part, because of the commercial success of BRATZ.

26

27

28

07209/2369608.1

-46-

1  RESPONSE TO REQUEST FOR ADMISSION NO. 78:

2          In addition to the foregoing general objections, which are incorporated

3  herein by reference, Mattel specifically objects to this Request on the grounds that

4  Carter Bryant did not properly serve this Request for Admission under the Rules of

5  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

6  further objects to this request because it seeks information that is not relevant to this

7  case nor likely to lead to the discovery of admissible evidence; and it is vague,

8  ambiguous, compound and overbroad.

9

10  REQUEST FOR ADMISSION NO. 79:

11          Admit that MATTEL did not decide to develop its Flavas line of

12  products until after MATTEL learned of BRATZ.

13

14  RESPONSE TO REQUEST FOR ADMISSION NO. 79:

15          In addition to the foregoing general objections, which are incorporated

16  herein by reference, Mattel specifically objects to this Request on the grounds that

17  Carter Bryant did not properly serve this Request for Admission under the Rules of

18  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

19  further objects to this request because it seeks information that is not relevant to this

20  case nor likely to lead to the discovery of admissible evidence; and it is vague,

21  ambiguous, compound and overbroad.

22

23  REQUEST FOR ADMISSION NO. 80:

24          Admit that MATTEL decided to develop its Flavas line of products

25  before MATTEL learned of BRATZ.

26

27

28

07209/2369608.1

1 | RESPONSE TO REQUEST FOR ADMISSION NO. 80:

2 |            In addition to the foregoing general objections, which are incorporated

3 | herein by reference, Mattel specifically objects to this Request on the grounds that

4 | Carter Bryant did not properly serve this Request for Admission under the Rules of

5 | Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

6 | further objects to this request because it seeks information that is not relevant to this

7 | case nor likely to lead to the discovery of admissible evidence; and it is vague,

8 | ambiguous, compound and overbroad.

9 |

10 | REQUEST FOR ADMISSION NO. 81:

11 |            Admit that MATTEL did not decide to market its Flavas line of

12 | products until after MATTEL learned of BRATZ

13 |

14 | RESPONSE TO REQUEST FOR ADMISSION NO. 81:

15 |            In addition to the foregoing general objections, which are incorporated

16 | herein by reference, Mattel specifically objects to this Request on the grounds that

17 | Carter Bryant did not properly serve this Request for Admission under the Rules of

18 | Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

19 | further objects to this request because it seeks information that is not relevant to this

20 | case nor likely to lead to the discovery of admissible evidence; and it is vague,

21 | ambiguous, compound and overbroad.

22 |

23 | REQUEST FOR ADMISSION NO. 82:

24 |            Admit that MATTEL decided to market its Flavas line of products

25 | before MATTEL learned of BRATZ.

26 |

27 |

28 |

1  RESPONSE TO REQUEST FOR ADMISSION NO. 82:

2          In addition to the foregoing general objections, which are incorporated

3  herein by reference, Mattel specifically objects to this Request on the grounds that

4  Carter Bryant did not properly serve this Request for Admission under the Rules of

5  Civil Procedure, and Mattel therefore has no obligation to respond to it. Mattel

6  further objects to this request because it seeks information that is not relevant to this

7  case nor likely to lead to the discovery of admissible evidence; and it is vague,

8  ambiguous, compound and overbroad.

9

10 REQUEST FOR ADMISSION NO. 83:

11         Admit that MATTEL decided to develop its Flavas line of products, in

12 whole or in part, because of the commercial success of BRATZ.

13

14 RESPONSE TO REQUEST FOR ADMISSION NO. 83:

15         In addition to the foregoing general objections, which are incorporated

16 herein by reference, Mattel specifically objects to this Request on the grounds that

17 Carter Bryant did not properly serve this Request for Admission under the Rules of

18 Civil Procedure, and Mattel therefore has no obligation to respond to it. Mattel

19 further objects to this request because it seeks information that is not relevant to this

20 case nor likely to lead to the discovery of admissible evidence; and it is vague,

21 ambiguous, compound and overbroad.

22

23 REQUEST FOR ADMISSION NO. 84:

24         Admit that MATTEL did not decide to develop its Flavas line of

25 products, in whole or in part, because of the commercial success of BRATZ.

26

27

28

07209/2369608.1

1  RESPONSE TO REQUEST FOR ADMISSION NO. 84:

2          In addition to the foregoing general objections, which are incorporated

3  herein by reference, Mattel specifically objects to this Request on the grounds that

4  Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

5  <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it.  Mattel

6  further objects to this request because it seeks information that is not relevant to this

7  case nor likely to lead to the discovery of admissible evidence; and it is vague,

8  ambiguous, compound and overbroad.

9

10  REQUEST FOR ADMISSION NO. 85:

11          Admit that MATTEL decided to market its Flavas line of products, in

12  whole or in part, because of the commercial success of BRATZ.

13

14  RESPONSE TO REQUEST FOR ADMISSION NO. 85:

15          In addition to the foregoing general objections, which are incorporated

16  herein by reference, Mattel specifically objects to this Request on the grounds that

17  Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

18  <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it.  Mattel

19  further objects to this request because it seeks information that is not relevant to this

20  case nor likely to lead to the discovery of admissible evidence; and it is vague,

21  ambiguous, compound and overbroad.

22

23  REQUEST FOR ADMISSION NO. 86:

24          Admit that MATTEL did not decide to market its Flavas line of

25  products, in whole or in part, because of the commercial success of BRATZ.

26

27

28

1  RESPONSE TO REQUEST FOR ADMISSION NO. 86:

2          In addition to the foregoing general objections, which are incorporated

3  herein by reference, Mattel specifically objects to this Request on the grounds that

4  Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

5  <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it. Mattel

6  further objects to this request because it seeks information that is not relevant to this

7  case nor likely to lead to the discovery of admissible evidence; and it is vague,

8  ambiguous, compound and overbroad.

9

10  REQUEST FOR ADMISSION NO. 87:

11          Admit that, in 2000, MATTEL had a business policy or practice of not

12  marketing more than one line of FLANKER PRODUCTS at any one time.

13

14  RESPONSE TO REQUEST FOR ADMISSION NO. 87:

15          In addition to the foregoing general objections, which are incorporated

16  herein by reference, Mattel specifically objects to this Request on the grounds that

17  Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

18  <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it. Mattel

19  further objects to this request because it seeks information that is not relevant to this

20  case nor likely to lead to the discovery of admissible evidence; it is vague,

21  ambiguous and overbroad, including without limitation with respect to the defined

22  term(s) "MATTEL" and "FLANKER PRODUCTS".

23

24  REQUEST FOR ADMISSION NO. 88:

25          Admit that, in 2000, MATTEL did not have a business policy or

26  practice of not marketing more than one line of FLANKER PRODUCTS at any one

27  time.

28

07209/2369608.1

-51-

1  RESPONSE TO REQUEST FOR ADMISSION NO. 88:

2           In addition to the foregoing general objections, which are incorporated

3  herein by reference, Mattel specifically objects to this Request on the grounds that

4  Carter Bryant did not properly serve this Request for Admission under the Rules of

5  Civil Procedure, and Mattel therefore has no obligation to respond to it. Mattel

6  further objects to this request because it seeks information that is not relevant to this

7  case nor likely to lead to the discovery of admissible evidence; it is vague,

8  ambiguous, compound and overbroad, including without limitation with respect to

9  the defined term(s) "MATTEL" and "FLANKER PRODUCTS".

10

11  REQUEST FOR ADMISSION NO. 89:

12           Admit that, in 2001, MATTEL had a business policy or practice of not

13  marketing more than one line of FLANKER PRODUCTS at any one time.

14

15  RESPONSE TO REQUEST FOR ADMISSION NO. 89:

16           In addition to the foregoing general objections, which are incorporated

17  herein by reference, Mattel specifically objects to this Request on the grounds that

18  Carter Bryant did not properly serve this Request for Admission under the Rules of

19  Civil Procedure, and Mattel therefore has no obligation to respond to it. Mattel

20  further objects to this request because it seeks information that is not relevant to this

21  case nor likely to lead to the discovery of admissible evidence; it is vague,

22  ambiguous, compound and overbroad, including without limitation with respect to

23  the defined term(s) "MATTEL" and "FLANKER PRODUCTS".

24

25  REQUEST FOR ADMISSION NO. 90:

26           Admit that, in 2001, MATTEL did not have any business policy or

27  practice of not marketing more than one line of FLANKER PRODUCTS at any one

28  time.

-52-

1   RESPONSE TO REQUEST FOR ADMISSION NO. 90:

2            In addition to the foregoing general objections, which are incorporated

3   herein by reference, Mattel specifically objects to this Request on the grounds that

4   Carter Bryant did not properly serve this Request for Admission under the Rules of

5   Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

6   further objects to this request because it seeks information that is not relevant to this

7   case nor likely to lead to the discovery of admissible evidence; it is vague,

8   ambiguous, compound and overbroad, including without limitation with respect to

9   the defined term(s) "MATTEL" and "FLANKER PRODUCTS".

10

11   REQUEST FOR ADMISSION NO. 91:

12            Admit that, in 1999, MATTEL had a business policy or practice of not

13   marketing more than one line of FLANKER PRODUCTS at any one time.

14

15   RESPONSE TO REQUEST FOR ADMISSION NO. 91:

16            In addition to the foregoing general objections, which are incorporated

17   herein by reference, Mattel specifically objects to this Request on the grounds that

18   Carter Bryant did not properly serve this Request for Admission under the Rules of

19   Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

20   further objects to this request because it seeks information that is not relevant to this

21   case nor likely to lead to the discovery of admissible evidence; it is vague,

22   ambiguous, compound and overbroad, including without limitation with respect to

23   the defined term(s) "MATTEL" and "FLANKER PRODUCTS".

24

25   REQUEST FOR ADMISSION NO. 92:

26            Admit that, in 1999, MATTEL did not have any business policy or

27   practice of not marketing more than one line of FLANKER PRODUCTS at any one

28   time.

07209/2369608.1

-53-

1  RESPONSE TO REQUEST FOR ADMISSION NO. 92:

2          In addition to the foregoing general objections, which are incorporated

3  herein by reference, Mattel specifically objects to this Request on the grounds that

4  Carter Bryant did not properly serve this Request for Admission under the Rules of

5  Civil Procedure, and Mattel therefore has no obligation to respond to it. Mattel

6  further objects to this request because it seeks information that is not relevant to this

7  case nor likely to lead to the discovery of admissible evidence; it is vague,

8  ambiguous, compound and overbroad, including without limitation with respect to

9  the defined term(s) "MATTEL" and "FLANKER PRODUCTS".

10

11  REQUEST FOR ADMISSION NO. 93:

12          Admit that MATTEL decided not to develop the doll concept known as

13  Toon Teens, in whole or in part, for the reasons set forth in the document produced

14  by MATTEL in this litigation as M0014264-14272, which document has also been

15  marked as Exhibit 286.

16

17  RESPONSE TO REQUEST FOR ADMISSION NO. 93:

18          In addition to the foregoing general objections, which are incorporated

19  herein by reference, Mattel specifically objects to this Request on the grounds that

20  Carter Bryant did not properly serve this Request for Admission under the Rules of

21  Civil Procedure, and Mattel therefore has no obligation to respond to it. Mattel

22  further objects to this request on the grounds it seeks information that is not relevant

23  to this case nor likely to lead to the discovery of admissible evidence; and it is

24  vague, ambiguous and overbroad.

25

26

27

28

1  REQUEST FOR ADMISSION NO. 94:

2          Admit that MATTEL decided not to develop the doll concept known as

3  Toon Teens, in whole or in part, because of the large size of the dolls' head, legs,

4  and feet compared to the body.

5

6  RESPONSE TO REQUEST FOR ADMISSION NO. 94:

7          In addition to the foregoing general objections, which are incorporated

8  herein by reference, Mattel specifically objects to this Request on the grounds that

9  Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

10  <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it.  Mattel

11  further objects to this request on the grounds it seeks information that is not relevant

12  to this case nor likely to lead to the discovery of admissible evidence; and it is

13  vague, ambiguous and overbroad.

14

15  REQUEST FOR ADMISSION NO. 95:

16          Admit that the "Conflict of Interest Questionnaire" produced in by

17  MATTEL in this litigation as document M0001621 does not request the disclosure

18  of any ideas, designs or inventions that CARTER BRYANT may have developed

19  while not employed by MATTEL.

20

21  RESPONSE TO REQUEST FOR ADMISSION NO. 95:

22          In addition to the foregoing general objections, which are incorporated

23  herein by reference, Mattel specifically objects to this Request on the grounds that

24  Carter Bryant did not properly serve this Request for Admission under the <u>Rules of</u>

25  <u>Civil Procedure</u>, and Mattel therefore has no obligation to respond to it.  Mattel

26  further objects to this request on the grounds it seeks information that it is vague and

27  ambiguous, and compound.

28

1  REQUEST FOR ADMISSION NO. 96:

2          Admit that the "Conflict of Interest Questionnaire" produced in by

3  MATTEL in this litigation as document M0001621 does not require the disclosure

4  of any ideas; designs or inventions that CARTER BRYANT may have developed

5  while not employed by MATTEL.

6

7  RESPONSE TO REQUEST FOR ADMISSION NO. 96:

8          In addition to the foregoing general objections, which are incorporated

9  herein by reference, Mattel specifically objects to this Request on the grounds that

10  Carter Bryant did not properly serve this Request for Admission under the Rules of

11  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

12  further objects to this request on the grounds it seeks information that it is vague and

13  ambiguous, and compound.

14

15  REQUEST FOR ADMISSION NO. 97:

16          Admit that YOU do not contend that the "Conflict of Interest

17  Questionnaire" produced in by MATTEL in this litigation as document M0001621

18  requests the disclosure of any ideas, designs or inventions that CARTER BRYANT

19  may have developed while not employed by MATTEL.

20

21  RESPONSE TO REQUEST FOR ADMISSION NO. 97:

22          In addition to the foregoing general objections, which are incorporated

23  herein by reference, Mattel specifically objects to this Request on the grounds that

24  Carter Bryant did not properly serve this Request for Admission under the Rules of

25  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

26  further objects to this request on the grounds it seeks information that it is vague and

27  ambiguous, and compound.

28

1   REQUEST FOR ADMISSION NO. 98:

2              Admit that YOU contend that the "Conflict of Interest Questionnaire"

3   produced in by MATTEL in this litigation as document M0001621 requests the

4   disclosure of any ideas, designs or inventions that CARTER BRYANT may have

5   developed while not employed by MATTEL.

6

7   RESPONSE TO REQUEST FOR ADMISSION NO. 98:

8              In addition to the foregoing general objections, which are incorporated

9   herein by reference, Mattel specifically objects to this Request on the grounds that

10  Carter Bryant did not properly serve this Request for Admission under the Rules of

11  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

12  further objects to this request on the grounds it seeks information that it is vague and

13  ambiguous, and compound.

14

15  REQUEST FOR ADMISSION NO. 99:

16             Admit that YOU do not contend that the "Conflict of Interest

17  Questionnaire" produced in by MATTEL in this litigation as document M0001621

18  requires the disclosure of any ideas, designs or inventions that CARTER BRYANT

19  may have developed while not employed by MATTEL.

20

21  RESPONSE TO REQUEST FOR ADMISSION NO. 99:

22             In addition to the foregoing general objections, which are incorporated

23  herein by reference, Mattel specifically objects to this Request on the grounds that

24  Carter Bryant did not properly serve this Request for Admission under the Rules of

25  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

26  further objects to this request on the grounds it seeks information that it is vague and

27  ambiguous, and compound.

28

1   REQUEST FOR ADMISSION NO. 100:

2          Admit that YOU contend that the "Conflict of Interest Questionnaire"

3   produced in by MATTEL in this litigation as document M0001621 requires the

4   disclosure of any ideas, designs or inventions that CARTER BRYANT may have

5   developed while not employed by MATTEL.

6

7   RESPONSE TO REQUEST FOR ADMISSION NO. 100:

8          In addition to the foregoing general objections, which are incorporated

9   herein by reference, Mattel specifically objects to this Request on the grounds that

10  Carter Bryant did not properly serve this Request for Admission under the Rules of

11  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

12  further objects to this request on the grounds it seeks information that it is vague and

13  ambiguous, and compound.

14

15  REQUEST FOR ADMISSION NO. 101:

16         Admit that CARTER BRYANT was not requested by MATTEL to

17  disclose any ideas, designs, or inventions that he may have developed while not

18  employed by MATTEL at the time that BRYANT resumed his employment with

19  MATTEL in January 1999.

20

21  RESPONSE TO REQUEST FOR ADMISSION NO. 101:

22         In addition to the foregoing general objections, which are incorporated

23  herein by reference, Mattel specifically objects to this Request on the grounds that

24  Carter Bryant did not properly serve this Request for Admission under the Rules of

25  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

26  further objects to this request on the grounds it seeks information that it is vague and

27  ambiguous, and compound.

28

1 | REQUEST FOR ADMISSION NO. 102:

2 |       Admit that CARTER BRYANT was not required by MATTEL to

3 | disclose any ideas, designs, or inventions that he may have developed while not

4 | employed by MATTEL at the time that BRYANT resumed his employment with

5 | MATTEL in January 1999.

6 |

7 | RESPONSE TO REQUEST FOR ADMISSION NO. 102:

8 |       In addition to the foregoing general objections, which are incorporated

9 | herein by reference, Mattel specifically objects to this Request on the grounds that

10 | Carter Bryant did not properly serve this Request for Admission under the Rules of

11 | Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

12 | further objects to this request on the grounds it seeks information that it is vague and

13 | ambiguous, and compound.

14 |

15 | REQUEST FOR ADMISSION NO. 103:

16 |       Admit that CARTER BRYANT was never requested by MATTEL to

17 | disclose any ideas, designs, or inventions that he may have developed while not

18 | employed by MATTEL.

19 |

20 | RESPONSE TO REQUEST FOR ADMISSION NO. 103:

21 |       In addition to the foregoing general objections, which are incorporated

22 | herein by reference, Mattel specifically objects to this Request on the grounds that

23 | Carter Bryant did not properly serve this Request for Admission under the Rules of

24 | Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

25 | further objects to this request on the grounds it seeks information that it is vague and

26 | ambiguous, and compound.

27 |

28 |

1   REQUEST FOR ADMISSION NO. 104:

2          Admit that CARTER BRYANT was never required by MATTEL to

3   disclose any ideas, designs, or inventions that he may have developed while not

4   employed by MATTEL.

5

6   RESPONSE TO REQUEST FOR ADMISSION NO. 104:

7          In addition to the foregoing general objections, which are incorporated

8   herein by reference, Mattel specifically objects to this Request on the grounds that

9   Carter Bryant did not properly serve this Request for Admission under the Rules of

10  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

11  further objects to this request on the grounds it seeks information that it is vague and

12  ambiguous, and compound.

13

14  REQUEST FOR ADMISSION NO. 105:

15         Admit that YOU do not contend that CARTER BRYANT was

16  requested by MATTEL to disclose any ideas, designs, or inventions that he may

17  have developed while not employed by MATTEL at the time that BRYANT

18  resumed his employment with MATTEL in January 1999.

19

20  RESPONSE TO REQUEST FOR ADMISSION NO. 105:

21         In addition to the foregoing general objections, which are incorporated

22  herein by reference, Mattel specifically objects to this Request on the grounds that

23  Carter Bryant did not properly serve this Request for Admission under the Rules of

24  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

25  further objects to this request on the grounds it seeks information that it is vague and

26  ambiguous, and compound.

27

28

1  REQUEST FOR ADMISSION NO. 106:

2          Admit that YOU contend that CARTER BRYANT was requested by

3  MATTEL to disclose any ideas, designs, or inventions that he may have developed

4  while not employed by MATTEL at the time that BRYANT resumed his

5  employment with MATTEL in January 1999.

6

7  RESPONSE TO REQUEST FOR ADMISSION NO. 106:

8          In addition to the foregoing general objections, which are incorporated

9  herein by reference, Mattel specifically objects to this Request on the grounds that

10 Carter Bryant did not properly serve this Request for Admission under the Rules of

11 Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

12 further objects to this request on the grounds it seeks information that it is vague and

13 ambiguous, and compound.

14

15 REQUEST FOR ADMISSION NO. 107:

16         Admit that YOU do not contend that CARTER BRYANT was required

17 by MATTEL to disclose any ideas, designs, or inventions that he may have

18 developed while not employed by MATTEL at the time that BRYANT resumed his

19 employment with MATTEL in January 1999.

20

21 RESPONSE TO REQUEST FOR ADMISSION NO. 107:

22         In addition to the foregoing general objections, which are incorporated

23 herein by reference, Mattel specifically objects to this Request on the grounds that

24 Carter Bryant did not properly serve this Request for Admission under the Rules of

25 Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

26 further objects to this request on the grounds it seeks information that it is vague and

27 ambiguous, and compound.

28

07209/2369608.1

1   REQUEST FOR ADMISSION NO. 108:

2           Admit that YOU contend that CARTER BRYANT was required by

3   MATTEL to disclose any ideas, designs, or inventions that he may have developed

4   while not employed by MATTEL at the time that BRYANT resumed his

5   employment with MATTEL in January 1999.

6

7   RESPONSE TO REQUEST FOR ADMISSION NO. 108:

8           In addition to the foregoing general objections, which are incorporated

9   herein by reference, Mattel specifically objects to this Request on the grounds that

10  Carter Bryant did not properly serve this Request for Admission under the Rules of

11  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

12  further objects to this request on the grounds it seeks information that it is vague and

13  ambiguous, and compound.

14

15  REQUEST FOR ADMISSION NO. 109:

16          Admit that YOU do not contend that CARTER BRYANT was ever

17  requested by MATTEL to disclose any ideas, designs, or inventions that he may

18  have developed while not employed by MATTEL.

19

20  RESPONSE TO REQUEST FOR ADMISSION NO. 109:

21          In addition to the foregoing general objections, which are incorporated

22  herein by reference, Mattel specifically objects to this Request on the grounds that

23  Carter Bryant did not properly serve this Request for Admission under the Rules of

24  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

25  further objects to this request on the grounds it seeks information that it is vague and

26  ambiguous, and compound.

27

28

1   REQUEST FOR ADMISSION NO. 110:

2          Admit that YOU contend that CARTER BRYANT was requested by

3   MATTEL to disclose any ideas, designs, or inventions that he may have developed

4   while not employed by MATTEL.

5

6   RESPONSE TO REQUEST FOR ADMISSION NO. 110:

7          In addition to the foregoing general objections, which are incorporated

8   herein by reference, Mattel specifically objects to this Request on the grounds that

9   Carter Bryant did not properly serve this Request for Admission under the Rules of

10  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

11  further objects to this request on the grounds it seeks information that it is vague and

12  ambiguous, and compound.

13

14  REQUEST FOR ADMISSION NO. 111:

15         Admit that YOU do not contend that CARTER BRYANT was ever

16  required by MATTEL to disclose any ideas, designs, or inventions that he may have

17  developed while not employed by MATTEL.

18

19  RESPONSE TO REQUEST FOR ADMISSION NO. 111:

20         In addition to the foregoing general objections, which are incorporated

21  herein by reference, Mattel specifically objects to this Request on the grounds that

22  Carter Bryant did not properly serve this Request for Admission under the Rules of

23  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

24  further objects to this request on the grounds it seeks information that it is vague and

25  ambiguous, and compound.

26

27

28

1   REQUEST FOR ADMISSION NO. 112:

2          Admit that YOU contend that CARTER BRYANT was required by

3   MATTEL to disclose any ideas, designs, or inventions that he may have developed

4   while not employed by MATTEL.

5

6   RESPONSE TO REQUEST FOR ADMISSION NO. 112:

7          In addition to the foregoing general objections, which are incorporated

8   herein by reference, Mattel specifically objects to this Request on the grounds that

9   Carter Bryant did not properly serve this Request for Admission under the Rules of

10  Civil Procedure, and Mattel therefore has no obligation to respond to it.  Mattel

11  further objects to this request on the grounds it seeks information that it is vague and

12  ambiguous, and compound.

13

14  DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
15

16                                   By Fz Dylan Proctor /jec

17                                     B. Dylan Proctor
                                     Attorneys for Plaintiff
18                                   Mattel, Inc.

19

20

21

22

23

24

25

26

27

28

07209/2369608.1

1

## PROOF OF SERVICE

2

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3 Street, 10th Floor, Los Angeles, California 90017-2543.

4

On January 28, 2008, I served true copies of the following document(s) described as

5 **RESPONSES OF MATTEL, INC. TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY CARTER BRYANT**

6

on the parties in this action as follows:

7

8       Thomas J. Nolan, Esq.                John W. Keker, Esq.
        Carl Roth, Esq.                      Michael H. Page, Esq.
9       **Skadden, Arps, Slate, Meagher**    Christina M. Anderson, Esq.
          **& Flom LLP**                     **Keker & Van Nest, LLP**
        300 S. Grand Ave., STE 3400          710 Sansome St.
10      Los Angeles, CA 90071                San Francisco, CA 94111

11      Mark E. Overland, Esq.
        David C. Scheper, Esq.
12      Alexander H. Cote, Esq.
        **Overland Borenstein Scheper**
13        **& Kim, LLP**
        300 South Grand Avenue, Suite 2750
14      Los Angeles, CA 90071

15

16  **BY MAIL:** I am "readily familiar" with the practices of Quinn Emanuel Urquhart Oliver & Hedges for collecting and processing correspondence for mailing with the United States Postal

17  Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. I enclosed the foregoing in sealed envelope(s)

18  addressed as shown above, and such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary

19  business practices.

20      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

22      Executed on January 28, 2008, at Los Angeles, California.

23

24                                          _____
                                            Lorraine Robles

25

26

27

28

07209/2319836.1