# Exhibit Q

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                        EASTERN DIVISION

13  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

14             Plaintiff,                  Consolidated with
                                           Case No. CV 04-09059
15        vs.                              Case No. CV 05-02727

16  MATTEL, INC., a Delaware               MATTEL, INC.'S RESPONSES AND
    corporation,                           OBJECTIONS TO CARTER
17                                         BRYANT'S FOURTH SET OF
               Defendant.                  REQUESTS FOR PRODUCTION
18

19  AND CONSOLIDATED CASES

20

21                      **Preliminary Statement**

22        Carter Bryant's Fourth Set of Requests for Production ("Requests")

23  were not properly served on Mattel, Inc. ("Mattel").  Discovery has closed.

24  Moreover, the Requests merely duplicate prior requests by Bryant and MGA

25  Entertainment, Inc. ("MGA"), which have been the subject of objections by Mattel

26  and rulings by the Court.  Mattel's objections and the controlling decisions of the

27  Court are incorporated into these Responses and Objections.

28

07209/2327877.1

MATTEL'S RESPONSES AND OBJECTIONS TO BRYANT'S FOURTH SET OF REQUESTS FOR PRODUCTION

1          Mattel has not yet completed its investigation of the facts relating to

2   this action, has not yet reviewed all documents relating to this action, has not yet

3   interviewed all witnesses in this action, and has not yet received all requested

4   discovery from defendants and third parties with regard to this action.

5   Consequently, Mattel reserves the right to amend and/or supplement its responses if

6   and when additional facts or documents are discovered.  Additionally, because

7   Mattel's responses are based on facts and documents that Mattel has identified to

8   date, they do not preclude Mattel from later relying on facts discovered pursuant to

9   further investigation or discovery or on subsequently discovered or generated

10  documents.  Mattel's partial response to any of the Requests is not to be construed as

11  a waiver of any of its objections or its right to object to any other request.

12

13                    **General Objections**

14         Mattel generally objects to each of the Requests on each and every one

15  of the following grounds, which are incorporated into and made a part of Mattel's

16  response to each and every individual request:

17          i.     Mattel objects to the Requests on the grounds that they seek to

18  impose obligations upon Mattel beyond those required or permitted by the Federal

19  Rules of Civil Procedure.

20          ii.    Mattel objects to the Requests on the grounds that they call for

21  the disclosure of information subject to the attorney-client privilege, the work

22  product doctrine and other applicable privileges, including without limitation the

23  privilege against disclosure of the identities and work product of consulting experts.

24  Such documents and information will not be produced.

25          iii.   Mattel objects to the Requests on the grounds that they seek the

26  production of documents that are neither relevant to the claims or defenses of the

27  pending action nor reasonably calculated to lead to the discovery of admissible

28  evidence.

1          iv.    Mattel objects to the Requests on the grounds that they are

2   unduly burdensome and vague and ambiguous in that they purport to require Mattel

3   to identify and produce documents relating to matters that are currently known to

4   and in the possession, custody and control of defendants and third parties, including

5   third parties associated with defendants, and that are not known to Mattel.

6          v.    Mattel objects to the Requests on the grounds that they are

7   duplicative and harassing.

8          vi.    Mattel objects to the Requests on the grounds that they seek the

9   production of documents or information that are in the possession, custody and

10  control of independent parties over whom Mattel has no control, including without

11  limitation defendants, and seek the disclosure of information or documents that are

12  in the possession, custody and control of defendants or are publicly available and

13  hence equally available to all parties to this litigation.

14         vii.    Mattel objects to the Requests on the grounds that they are

15  unduly burdensome and oppressive, including without limitation in seeking "all"

16  documents that evidence, refer or relate to a given topic.  Mattel will make available

17  for inspection and copying those documents and tangible items that it is able to

18  locate after a reasonable, good-faith search for and review of non-privileged files

19  that are reasonably likely to contain responsive documents and tangible things.

20         viii.    Mattel objects to the Requests on the grounds that they seek

21  documents whose production would violate the terms of agreements entered into

22  with third parties, or violate the privacy, contractual, or other rights of third parties.

23         ix.    Mattel objects to the Requests on the grounds that the definitions

24  of "MATTEL," "BRYANT," "BRATZ," "EMPLOYEE HANDBOOK,"

25  "EMPLOYEE POLICIES & BENEFITS HANDBOOK," "INVENTION

26  AGREEMENT" and "REFERRING OR RELATING TO" are overbroad, vague and

27  ambiguous and unduly burdensome.

28

-3-

1    x.    Mattel objects to the Requests on the grounds that they seek

2    documents containing confidential, proprietary and trade secret information that

3    have no bearing on the claims or defenses in this matter.

4    xi.    Mattel objects to each and every request to the extent that they

5    seek documents already produced in this action.  Documents which have already

6    been produced will not be produced a second time in response to these requests.

7    xii.    Mattel objects to the time, place and manner of production

8    specified in defendant's Requests.  Mattel will produce responsive, non-privileged

9    documents and tangible things, if any, in accordance with its responses at a time and

10   place and in a manner that is reasonable, convenient and mutually agreed upon by

11   the parties.

12   xiii.    Mattel objects that defendant's Requests were not properly

13   served on Mattel.  E-mail and Federal Express are not proper means of service.

14

15   **Specific Objections and Responses to Requests for Production**

16   Each of the following objections and responses to the Requests is

17   expressly made subject to the above Preliminary Statement and General Objections,

18   all of which are incorporated in each of the following objections and responses to

19   specific requests.  A statement by Mattel that it will produce documents or tangible

20   things in response to a Request is not intended to suggest, nor should it be construed

21   to mean, that any such documents or tangible things exist, or that they are in Mattel's

22   possession, custody or control.

23

24   REQUEST FOR PRODUCTION NO. 1:

25   All DOCUMENTS REFERRING OR RELATING TO any litigation

26   involving MATTEL in which the interpretation of any term of any INVENTION

27   AGREEMENT was at issue.

28

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

2         In addition to the general objections stated above which are

3   incorporated herein by reference, Mattel objects to this Request on the grounds that

4   it seeks documents that are not relevant to this action or likely to lead to the

5   discovery of admissible evidence. Mattel further objects to this Request on the

6   grounds that it is overbroad, duplicative of prior requests, oppressive, unduly

7   burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

8   documents "REFERRING OR RELATING TO" this subject regardless of whether

9   such documents relate to matters at issue in this case or time periods at issue in this

10   action. Mattel further objects to this Request on the grounds that it seeks

11   confidential, proprietary and trade secret information, including such information

12   that has no bearing on the claims or defenses in this case. Mattel further objects to

13   the Request on the grounds that Defendants have withdrawn all defenses relating to

14   the enforceability or unenforceability of Carter Bryant's agreements with Mattel.

15   Mattel further objects to the Request on the grounds that Defendants' demands for

16   such documents has been presented to the Discovery Master for decision, and Mattel

17   will not produce documents, in any, unless and until there is a decision by the

18   Discovery Master. Mattel further objects to the use of the terms "REFERRING OR

19   RELATING TO" and "INVENTION AGREEMENT" in this context as vague and

20   ambiguous. Mattel further objects to this Request to the extent that it calls for the

21   disclosure of information subject to the attorney-client privilege, the attorney work-

22   product doctrine and other applicable privileges. Mattel further objects that this

23   Request was not properly served on Mattel; e-mail and Federal Express are not

24   proper means of service. Discovery has closed.

25

26   REQUEST FOR PRODUCTION NO. 2:

27         DOCUMENTS sufficient to IDENTIFY any litigation in which

28   MATTEL accused any PERSON of breaching any INVENTION AGREEMENT.

1  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 2</u>:

2           In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it seeks documents that are not relevant to this action or likely to lead to the

5  discovery of admissible evidence.  Mattel further objects to this Request on the

6  grounds that it is overbroad, duplicative of prior requests, oppressive, unduly

7  burdensome and intended to harass and annoy Mattel, including in that it seeks

8  documents on this subject regardless of whether such documents relate to matters at

9  issue in this case or time periods at issue in this action.  Mattel further objects to the

10  Request on the grounds that Defendants have withdrawn all defenses relating to the

11  enforceability or unenforceability of Carter Bryant's agreements with Mattel.  Mattel

12  further objects to the use of the term "INVENTION AGREEMENT" in this context

13  as vague and ambiguous.  Mattel further objects to the Request on the grounds that

14  Defendants' demands for such documents has been presented to the Discovery

15  Master for decision, and Mattel will not produce documents, in any, unless and until

16  there is a decision by the Discovery Master.  Mattel further objects to this Request to

17  the extent that it calls for the disclosure of information subject to the attorney-client

18  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

19  further objects that this Request was not properly served on Mattel; e-mail and

20  Federal Express are not proper means of service.  Discovery has closed.

21

22  <u>REQUEST FOR PRODUCTION NO. 3</u>:

23           All DOCUMENTS, including but not limited to all transcripts and all

24  CORRESPONDENCE between MATTEL and BRYANT, REFERRING OR

25  RELATING TO BRYANT's participation or potential participation as a witness in

26  any litigation to which MATTEL was a party.

27

28

-6-

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

2           In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it seeks documents that are not relevant to this action or likely to lead to the

5  discovery of admissible evidence. Mattel further objects to this Request on the

6  grounds that it is overbroad, duplicative of prior requests, oppressive, unduly

7  burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

8  documents "REFERRING OR RELATING TO" this subject regardless of whether

9  such documents relate to matters at issue in this case or time periods at issue in this

10  action. Mattel further objects to the use of the terms "REFERRING OR

11  RELATING TO" in this context as vague and ambiguous. Mattel further objects to

12  this Request on the grounds that it seeks confidential, proprietary and trade secret

13  information, including such information that has no bearing on the claims or

14  defenses in this case. Mattel further objects to this Request to the extent that it calls

15  for the disclosure of information subject to the attorney-client privilege, the attorney

16  work-product doctrine and other applicable privileges. Mattel further objects that

17  this Request was not properly served on Mattel; e-mail and Federal Express are not

18  proper means of service. Discovery has closed.

19

20  REQUEST FOR PRODUCTION NO. 4:

21           All DOCUMENTS REFERRING OR RELATING to any MATTEL

22  employee performing work for PERSONS other than MATTEL while still

23  employed by MATTEL.

24

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

26           In addition to the general objections stated above which are

27  incorporated herein by reference, Mattel objects to this Request on the grounds that

28  it seeks documents that are not relevant to this action or likely to lead to the

1  discovery of admissible evidence.  Mattel further objects to this Request on the

2  grounds that it is overbroad, duplicative of prior requests, oppressive, unduly

3  burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

4  documents "REFERRING OR RELATING TO" this subject regardless of whether

5  such documents relate to matters at issue in this case or time periods at issue in this

6  action.  Mattel further objects to the use of the terms "REFERRING OR

7  RELATING TO" in this context as vague and ambiguous.  Mattel further objects to

8  this Request on the grounds that it seeks confidential, proprietary and trade secret

9  information, including such information that has no bearing on the claims or

10  defenses in this case.  Mattel further objects to this Request on the grounds that it is

11  an attempt to circumvent the Discovery Master's September 12, 2007 Order

12  determining that the requested documents are irrelevant and/or that such requests are

13  improper.  Mattel further objects to the Request on the grounds that Defendants'

14  demands for such documents has been presented to the Discovery Master for

15  decision, and Mattel will not produce documents, in any, unless and until there is a

16  decision by the Discovery Master.  Mattel further objects to this Request to the

17  extent that it calls for the disclosure of information subject to the attorney-client

18  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

19  further objects that this Request was not properly served on Mattel; e-mail and

20  Federal Express are not proper means of service.  Discovery has closed.

21

22  REQUEST FOR PRODUCTION NO. 5:

23         All DOCUMENTS REFERRING OR RELATING to any MATTEL

24  rules, policies, or practices regarding MATTEL employees performing work for

25  PERSONS other than MATTEL (including but not limited to freelancing work for

26  vendors) while still employed by MATTEL.

27

28

-8-

1    RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

2           In addition to the general objections stated above which are

3    incorporated herein by reference, Mattel objects to this Request on the grounds that

4    it seeks documents that are not relevant to this action or likely to lead to the

5    discovery of admissible evidence.  Mattel further objects to this Request on the

6    grounds that it is overbroad, duplicative of prior requests, oppressive, unduly

7    burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

8    documents "REFERRING OR RELATING TO" this subject regardless of whether

9    such documents relate to matters at issue in this case or time periods at issue in this

10   action.  Mattel further objects to the use of the terms "REFERRING OR

11   RELATING TO" in this context as vague and ambiguous.  Mattel further objects to

12   this Request on the grounds that it seeks confidential, proprietary and trade secret

13   information, including such information that has no bearing on the claims or

14   defenses in this case.  Mattel further objects to this Request on the grounds that it is

15   an attempt to circumvent the Discovery Master's September 12, 2007 Order

16   determining that the requested documents are irrelevant and/or that such requests are

17   improper.  Mattel further objects to the Request on the grounds that Defendants'

18   demands for such documents has been presented to the Discovery Master for

19   decision, and Mattel will not produce documents, in any, unless and until there is a

20   decision by the Discovery Master.  Mattel further objects to this Request to the

21   extent that it calls for the disclosure of information subject to the attorney-client

22   privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

23   further objects that this Request was not properly served on Mattel; e-mail and

24   Federal Express are not proper means of service.  Discovery has closed.

25

26   REQUEST FOR PRODUCTION NO. 6:

27          All DOCUMENTS REFERRING OR RELATING to any MATTEL

28   rules, policies or practices prohibiting MATTEL employees from performing work

07209/2377877.1

1   for PERSONS other than MATTEL (including but not limited to freelancing work

2   for vendors) while still employed by MATTEL.

3

4   RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

5          In addition to the general objections stated above which are

6   incorporated herein by reference, Mattel objects to this Request on the grounds that

7   it seeks documents that are not relevant to this action or likely to lead to the

8   discovery of admissible evidence. Mattel further objects to this Request on the

9   grounds that it is overbroad, duplicative of prior requests, oppressive, unduly

10   burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

11   documents "REFERRING OR RELATING TO" this subject regardless of whether

12   such documents relate to matters at issue in this case or time periods at issue in this

13   action. Mattel further objects to the use of the terms "REFERRING OR

14   RELATING TO" in this context as vague and ambiguous. Mattel further objects to

15   this Request on the grounds that it seeks confidential, proprietary and trade secret

16   information, including such information that has no bearing on the claims or

17   defenses in this case. Mattel further objects to this Request on the grounds that it is

18   an attempt to circumvent the Discovery Master's September 12, 2007 Order

19   determining that the requested documents are irrelevant and/or that such requests are

20   improper. Mattel further objects to the Request on the grounds that Defendants'

21   demands for such documents has been presented to the Discovery Master for

22   decision, and Mattel will not produce documents, in any, unless and until there is a

23   decision by the Discovery Master. Mattel further objects to this Request to the

24   extent that it calls for the disclosure of information subject to the attorney-client

25   privilege, the attorney work-product doctrine and other applicable privileges. Mattel

26   further objects that this Request was not properly served on Mattel; e-mail and

27   Federal Express are not proper means of service. Discovery has closed.

28

1  REQUEST FOR PRODUCTION NO. 7:

2         All DOCUMENTS REFERRING OR RELATING to any MATTEL

3  rules, policies or practices governing the use of MATTEL property or resources by

4  MATTEL employees.

5

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

7         In addition to the general objections stated above which are

8  incorporated herein by reference, Mattel objects to this Request on the grounds that

9  it seeks documents that are not relevant to this action or likely to lead to the

10  discovery of admissible evidence.  Mattel further objects to this Request on the

11  grounds that it is duplicative of prior requests, overbroad, oppressive, unduly

12  burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

13  documents "REFERRING OR RELATING TO" this subject regardless of whether

14  such documents relate to matters at issue in this case or time periods at issue in this

15  action.  Mattel further objects to the use of the terms "REFERRING OR

16  RELATING TO" in this context as vague and ambiguous.  Mattel further objects to

17  this Request on the grounds that it seeks confidential, proprietary and trade secret

18  information, including such information that has no bearing on the claims or

19  defenses in this case.  Mattel further objects to this Request on the grounds that it is

20  an attempt to circumvent the Discovery Master's September 12, 2007 Order

21  determining that the requested documents are irrelevant and/or that such requests are

22  improper.  Mattel further objects to the Request on the grounds that Defendants'

23  demands for such documents has been presented to the Discovery Master for

24  decision, and Mattel will not produce documents, in any, unless and until there is a

25  decision by the Discovery Master.  Mattel further objects to this Request to the

26  extent that it calls for the disclosure of information subject to the attorney-client

27  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

28

1  further objects that this Request was not properly served on Mattel; e-mail and

2  Federal Express are not proper means of service.  Discovery has closed.

3

4  REQUEST FOR PRODUCTION NO. 8:

5         To the extent not already produced, all DOCUMENTS, including but

6  not limited to time records, employee files, written work assignments, job

7  descriptions, and performance evaluations, REFERRING OR RELATING TO

8  BRYANT's employment at MATTEL.  (This request is not limited by the time

9  period limitation set forth in the instructions).

10

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

12         In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it seeks documents that are not relevant to this action or likely to lead to the

15  discovery of admissible evidence.  Mattel further objects to this Request on the

16  grounds that it is duplicative of prior requests, overbroad, oppressive, unduly

17  burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

18  documents "REFERRING OR RELATING TO" this subject regardless of whether

19  such documents relate to matters at issue in this case or time periods at issue in this

20  action.  Mattel further objects to the use of the terms "REFERRING OR

21  RELATING TO" in this context as vague and ambiguous.  Mattel further objects to

22  this Request on the grounds that it seeks confidential, proprietary and trade secret

23  information, including such information that has no bearing on the claims or

24  defenses in this case.  Mattel further objects to this Request to the extent that it calls

25  for the disclosure of information subject to the attorney-client privilege, the attorney

26  work-product doctrine and other applicable privileges.  Mattel further objects that

27  this Request was not properly served on Mattel; e-mail and Federal Express are not

28  proper means of service.  Discovery has closed.

1  REQUEST FOR PRODUCTION NO. 9:

2       To the extent not already produced, all DOCUMENTS constituting any

3  EMPLOYEE HANDBOOK, EMPLOYEE POLICIES & BENEFITS HANDBOOK

4  or other employee policy manuals for 1998-2001.

5

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

7       In addition to the general objections stated above which are

8  incorporated herein by reference, Mattel objects to this Request on the grounds that

9  it seeks documents that are not relevant to this action or likely to lead to the

10  discovery of admissible evidence.  Mattel further objects to this Request on the

11  grounds that it is overbroad, duplicative of prior requests, oppressive, unduly

12  burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

13  documents on this subject regardless of whether such documents relate to matters at

14  issue in this case or time periods at issue in this action.  Mattel further objects to this

15  Request on the grounds that it seeks confidential, proprietary and trade secret

16  information, including such information that has no bearing on the claims or

17  defenses in this case.  Mattel further objects to the use of the terms "EMPLOYEE

18  HANDBOOK" and "EMPLOYEE POLICIES & BENEFITS HANDBOOK" in this

19  context as vague and ambiguous.  Mattel further objects to this Request to the extent

20  that it calls for the disclosure of information subject to the attorney-client privilege,

21  the attorney work-product doctrine and other applicable privileges.  Mattel further

22  objects that this Request was not properly served on Mattel; e-mail and Federal

23  Express are not proper means of service.  Discovery has closed.

24

25  REQUEST FOR PRODUCTION NO. 10:

26       DOCUMENTS sufficient to show the date on which MATTEL hired

27  outside counsel to represent MATTEL with respect to any litigation or potential

28

07209/2377877.1

-13-

1 litigation concerning BRYANT or BRATZ. (This request is not limited by the time
2 period limitation set forth in the instructions).

3

4 RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

5         In addition to the general objections stated above which are
6 incorporated herein by reference, Mattel objects to this Request on the grounds that
7 it seeks documents that are not relevant to this action or likely to lead to the
8 discovery of admissible evidence. Mattel further objects to this Request on the
9 grounds that it is overbroad, duplicative of prior requests, oppressive, unduly
10 burdensome and intended to harass and annoy Mattel, including in that it seeks
11 documents on this subject regardless of whether such documents relate to matters at
12 issue in this case or time periods at issue in this action. Mattel further objects to the
13 Request on the grounds that Defendants' demands for such documents has been
14 presented to the Discovery Master for decision, and Mattel will not produce
15 additional documents, in any, unless and until there is a decision by the Discovery
16 Master. Mattel further objects to the use of the terms "BRYANT" and "BRATZ" in
17 this context as vague and ambiguous. Mattel further objects to this Request to the
18 extent that it calls for the disclosure of information subject to the attorney-client
19 privilege, the attorney work-product doctrine and other applicable privileges. Mattel
20 further objects that this Request was not properly served on Mattel; e-mail and
21 Federal Express are not proper means of service. Discovery has closed.

22

23 REQUEST FOR PRODUCTION NO. 11:

24         All DOCUMENTS REFERRING OR RELATING TO the August 5,
25 2002 anonymous letter regarding BRYANT and BRATZ produced by MATTEL in
26 this litigation as document M0013841. (This request is not limited by the time
27 period limitation set forth in the instructions).

28

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

2         In addition to the general objections stated above which are

3 incorporated herein by reference, Mattel objects to this Request on the grounds that

4 it seeks documents that are not relevant to this action or likely to lead to the

5 discovery of admissible evidence.  Mattel further objects to this Request on the

6 grounds that it is overbroad, duplicative of prior requests, oppressive, unduly

7 burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

8 documents "REFERRING OR RELATING TO" this subject regardless of whether

9 such documents relate to matters at issue in this case or time periods at issue in this

10 action.  Mattel further objects to the use of the terms "REFERRING OR

11 RELATING TO" in this context as vague and ambiguous.  Mattel further objects to

12 this Request on the grounds that it seeks confidential, proprietary and trade secret

13 information, including such information that has no bearing on the claims or

14 defenses in this case.  Mattel further objects to the Request on the grounds that

15 Defendants' demands for such documents has been presented to the Discovery

16 Master for decision, and Mattel will not produce additional documents, in any,

17 unless and until there is a decision by the Discovery Master.  Mattel further objects

18 to this Request to the extent that it calls for the disclosure of information subject to

19 the attorney-client privilege, the attorney work-product doctrine and other applicable

20 privileges.  Mattel further objects that this Request was not properly served on

21 Mattel; e-mail and Federal Express are not proper means of service.  Discovery has

22 closed.

23

24 **REQUEST FOR PRODUCTION NO. 12:**

25         All DOCUMENTS REFERRING OR RELATING TO the deposition

26 testimony of CARTER BRYANT in GUNTHER-WAHL, including but not limited

27 to deposition transcripts, deposition exhibits, pleadings, orders, and correspondence

28

1  between MATTEL and BRYANT. (This request is not limited by the time period

2  limitation set forth in the instructions).

3

4  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 12:</u>

5         In addition to the general objections stated above which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it seeks documents that are not relevant to this action or likely to lead to the

8  discovery of admissible evidence. Mattel further objects to this Request on the

9  grounds that it is overbroad, duplicative of prior requests, oppressive, unduly

10 burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

11 documents "REFERRING OR RELATING TO" this subject regardless of whether

12 such documents relate to matters at issue in this case or time periods at issue in this

13 action. Mattel further objects to the use of the terms "REFERRING OR

14 RELATING TO" in this context as vague and ambiguous. Mattel further objects to

15 this Request on the grounds that it seeks confidential, proprietary and trade secret

16 information, including such information that has no bearing on the claims or

17 defenses in this case. Mattel further objects to the Request on the grounds that

18 Defendants' demands for such documents has been presented to the Discovery

19 Master for decision, and Mattel will not produce additional documents, in any,

20 unless and until there is a decision by the Discovery Master. Mattel further objects

21 to this Request on the grounds that it is an attempt to circumvent the Discovery

22 Master's May 22, 2007 Order determining that the requested documents are

23 irrelevant and/or that such requests are improper. Mattel further objects to this

24 Request to the extent that it calls for the disclosure of information subject to the

25 attorney-client privilege, the attorney work-product doctrine and other applicable

26 privileges. Mattel further objects that this Request was not properly served on

27 Mattel; e-mail and Federal Express are not proper means of service. Discovery has

28 closed.

1  REQUEST FOR PRODUCTION NO. 13:

2          All DOCUMENTS, including but not limited to all

3  CORRESPONDENCE between MATTEL or its outside counsel and any attorney,

4  agent, officer, employee or other representative of ART ATTACKS or any other

5  PERSON, REFERRING OR RELATING TO ART ATTACKS and its lawsuit

6  concerning BRATZ.  (This request is not limited by the time period limitation set

7  forth in the instructions).

8

9  RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

10         In addition to the general objections stated above which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it seeks documents that are not relevant to this action or likely to lead to the

13  discovery of admissible evidence.  Mattel further objects to this Request on the

14  grounds that it is overbroad, duplicative of prior requests, oppressive, unduly

15  burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

16  documents "REFERRING OR RELATING TO" this subject regardless of whether

17  such documents relate to matters at issue in this case or time periods at issue in this

18  action.  Mattel further objects to the use of the terms "REFERRING OR

19  RELATING TO ART ATTACKS" in this context as vague and ambiguous.  Mattel

20  further objects to this Request on the grounds that it seeks information that has no

21  bearing on the claims or defenses in this case.  Mattel further objects to the Request

22  on the grounds that Defendants' demands for such documents has been presented to

23  the Discovery Master for decision, and Mattel will not produce additional

24  documents, in any, unless and until there is a decision by the Discovery Master.

25  Mattel further objects to this Request on the grounds that it is an attempt to

26  circumvent the Discovery Master's May 22, 2007 Order determining that the

27  requested documents are irrelevant and/or that such requests are improper.  Mattel

28  further objects to this Request to the extent that it calls for the disclosure of

1  information subject to the attorney-client privilege, the attorney work-product
2  doctrine and other applicable privileges.  Mattel further objects that this Request
3  was not properly served on Mattel; e-mail and Federal Express are not proper means
4  of service.  Discovery has closed.
5
6  REQUEST FOR PRODUCTION NO. 14:
7           To the extent not already produced, all DOCUMENTS REFERRING
8  OR RELATING TO BRYANT.  (The relevant time period for this request is on or
9  before April 27, 2004).
10
11  RESPONSE TO REQUEST FOR PRODUCTION NO. 14:
12           In addition to the general objections stated above which are
13  incorporated herein by reference, Mattel objects to this Request on the grounds that
14  it seeks documents that are not relevant to this action or likely to lead to the
15  discovery of admissible evidence.  Mattel further objects to this Request on the
16  grounds that it is overbroad, duplicative of prior requests, oppressive, unduly
17  burdensome and intended to harass and annoy Mattel, including in that it seeks "all"
18  documents "REFERRING OR RELATING TO" Bryant regardless of whether such
19  documents relate to matters at issue in this case or time periods at issue in this
20  action.  Mattel further objects to the use of the terms "REFERRING OR
21  RELATING TO BRYANT" in this context as vague and ambiguous.  Mattel further
22  objects to this Request on the grounds that it seeks confidential, proprietary and
23  trade secret information, including such information that has no bearing on the
24  claims or defenses in this case.  Mattel further objects to the Request on the grounds
25  that Defendants' demands for such documents has been presented to the Discovery
26  Master for decision, and Mattel will not produce additional documents, in any,
27  unless and until there is a decision by the Discovery Master.  Mattel further objects
28  to this Request on the grounds that it is an attempt to circumvent the Discovery

07209/2377877.1

-18-

MATTEL'S RESPONSES AND OBJECTIONS TO BRYANT'S FOURTH SET OF REQUESTS FOR PRODUCTION

1  Master's May 22, 2007 Order determining that the requested documents are
2  irrelevant and/or that such requests are improper.  Mattel further objects to this
3  Request to the extent that it calls for the disclosure of information subject to the
4  attorney-client privilege, the attorney work-product doctrine and other applicable
5  privileges.  Mattel further objects that this Request was not properly served on
6  Mattel; e-mail and Federal Express are not proper means of service.  Discovery has
7  closed.

8

9  REQUEST FOR PRODUCTION NO. 15:
10          To the extent not already produced, all DOCUMENTS REFERRING
11  OR RELATING TO BRATZ.  (The relevant time period for this request is on or
12  before April 27, 2004).

13

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 15:
15          In addition to the general objections stated above which are
16  incorporated herein by reference, Mattel objects to this Request on the grounds that
17  it seeks documents that are not relevant to this action or likely to lead to the
18  discovery of admissible evidence.  Mattel further objects to this Request on the
19  grounds that it is overbroad, duplicative of prior requests, oppressive, unduly
20  burdensome and intended to harass and annoy Mattel, including in that it seeks "all"
21  documents "REFERRING OR RELATING TO" Bratz regardless of whether such
22  documents relate to matters at issue in this case or time periods at issue in this
23  action.  Mattel further objects to the use of the terms "REFERRING OR
24  RELATING TO BRATZ" in this context as vague and ambiguous.  Mattel further
25  objects to this Request on the grounds that it seeks confidential, proprietary and
26  trade secret information, including such information that has no bearing on the
27  claims or defenses in this case.  Mattel further objects to this Request on the grounds
28  that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

07209/2377877.1

-19-

1  determining that the requested documents are irrelevant and/or that such requests are

2  improper. Mattel further objects to this Request to the extent that it calls for the

3  disclosure of information subject to the attorney-client privilege, the attorney work-

4  product doctrine and other applicable privileges. Mattel further objects that this

5  Request was not properly served on Mattel; e-mail and Federal Express are not

6  proper means of service. Discovery has closed.

7

8  REQUEST FOR PRODUCTION NO. 16:

9        To the extent not already produced, all DOCUMENTS reflecting

10 REFERRING OR RELATING to any past or present MATTEL policies, plans, or

11 practices regarding MATTEL's development or marketing of FLANKER

12 PRODUCTS.

13

14 RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

15        In addition to the general objections stated above which are

16 incorporated herein by reference, Mattel objects to this Request on the grounds that

17 it seeks documents that are not relevant to this action or likely to lead to the

18 discovery of admissible evidence. Mattel further objects to this Request on the

19 grounds that it is overbroad, duplicative of prior requests, oppressive, unduly

20 burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

21 documents "REFERRING OR RELATING TO" this subject regardless of whether

22 such documents relate to matters at issue in this case or time periods at issue in this

23 action. Mattel further objects to the use of the terms "development," "marketing,"

24 and "FLANKER PRODUCTS" in this context as vague and ambiguous. Mattel

25 further objects to this Request on the grounds that it seeks confidential, proprietary

26 and trade secret information, including such information that has no bearing on the

27 claims or defenses in this case. Mattel further objects to this Request on the grounds

28 that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

07209/2377877.1

-20-

1   determining that the requested documents are irrelevant and/or that such requests are

2   improper.  Mattel further objects to this Request to the extent that it calls for the

3   disclosure of information subject to the attorney-client privilege, the attorney work-

4   product doctrine and other applicable privileges.  Mattel further objects that this

5   Request was not properly served on Mattel; e-mail and Federal Express are not

6   proper means of service.  Discovery has closed.

7

8   REQUEST FOR PRODUCTION NO. 17:

9         To the extent not already produced, DOCUMENTS sufficient to show

10   when MATTEL first decided to develop its MyScene Barbie line of products.

11

12   RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

13         In addition to the general objections stated above which are

14   incorporated herein by reference, Mattel objects to this Request on the grounds that

15   it seeks documents that are not relevant to this action or likely to lead to the

16   discovery of admissible evidence.  Mattel further objects to this Request on the

17   grounds that it is duplicative of prior requests, overbroad, oppressive, unduly

18   burdensome and intended to harass and annoy Mattel, including in that it seeks

19   documents on this subject regardless of whether such documents relate to matters at

20   issue in this case or time periods at issue in this action.  Mattel further objects to this

21   Request on the grounds that it is vague and ambiguous in its use of the terms,

22   "develop" and "MyScene Barbie line of products."  Mattel further objects to this

23   Request on the grounds that it seeks confidential, proprietary and trade secret

24   information, including such information that has no bearing on the claims or

25   defenses in this case.  Mattel further objects to this Request on the grounds that it is

26   an attempt to circumvent the Discovery Master's May 22, 2007 Order determining

27   that the requested documents are irrelevant and/or that such requests are improper.

28   Mattel further objects to this Request to the extent that it calls for the disclosure of

1   information subject to the attorney-client privilege, the attorney work-product

2   doctrine and other applicable privileges.  Mattel further objects that this Request

3   was not properly served on Mattel; e-mail and Federal Express are not proper means

4   of service.  Discovery has closed.

5

6   REQUEST FOR PRODUCTION NO. 18:

7            To the extent not already produced, DOCUMENTS sufficient to show

8   when MATTEL first decided to market its MyScene Barbie line of products.

9

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

11           In addition to the general objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it seeks documents that are not relevant to this action or likely to lead to the

14  discovery of admissible evidence.  Mattel further objects to this Request on the

15  grounds that it is duplicative of prior requests, overbroad, oppressive, unduly

16  burdensome and intended to harass and annoy Mattel, including in that it seeks

17  documents on this subject regardless of whether such documents relate to matters at

18  issue in this case or time periods at issue in this action.  Mattel further objects to this

19  Request on the grounds that it is vague and ambiguous in its use of the terms,

20  "market" and "MyScene Barbie line of products."  Mattel further objects to this

21  Request on the grounds that it seeks confidential, proprietary and trade secret

22  information, including such information that has no bearing on the claims or

23  defenses in this case.  Mattel further objects to this Request on the grounds that it is

24  an attempt to circumvent the Discovery Master's May 22, 2007 Order determining

25  that the requested documents are irrelevant and/or that such requests are improper.

26  Mattel further objects to this Request to the extent that it calls for the disclosure of

27  information subject to the attorney-client privilege, the attorney work-product

28  doctrine and other applicable privileges.  Mattel further objects that this Request

07209/2377877.1

-22-

1  was not properly served on Mattel; e-mail and Federal Express are not proper means

2  of service.  Discovery has closed.

3

4  REQUEST FOR PRODUCTION NO. 19:

5      To the extent not already produced, DOCUMENTS sufficient to show

6  when MATTEL first decided to develop its Flavas line of products.

7

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

9      In addition to the general objections stated above which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds that

11  it seeks documents that are not relevant to this action or likely to lead to the

12  discovery of admissible evidence.  Mattel further objects to this Request on the

13  grounds that it is duplicative of prior requests, overbroad, oppressive, unduly

14  burdensome and intended to harass and annoy Mattel, including in that it seeks

15  documents on this subject regardless of whether such documents relate to matters at

16  issue in this case or time periods at issue in this action.  Mattel further objects to this

17  Request on the grounds that it is vague and ambiguous in its use of the terms,

18  "develop" and "Flavas line of products."  Mattel further objects to this Request on

19  the grounds that it seeks confidential, proprietary and trade secret information,

20  including such information that has no bearing on the claims or defenses in this

21  case.  Mattel further objects to this Request on the grounds that it is an attempt to

22  circumvent the Discovery Master's May 22, 2007 Order determining that the

23  requested documents are irrelevant and/or that such requests are improper.  Mattel

24  further objects to this Request to the extent that it calls for the disclosure of

25  information subject to the attorney-client privilege, the attorney work-product

26  doctrine and other applicable privileges.  Mattel further objects that this Request

27  was not properly served on Mattel; e-mail and Federal Express are not proper means

28  of service.  Discovery has closed.

07209/2377877.1

-23-

1  REQUEST FOR PRODUCTION NO. 20:

2          To the extent not already produced, DOCUMENTS sufficient to show

3  when MATTEL first decided to market its Flavas line of products.

4

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

6          In addition to the general objections stated above which are

7  incorporated herein by reference, Mattel objects to this Request on the grounds that

8  it seeks documents that are not relevant to this action or likely to lead to the

9  discovery of admissible evidence.  Mattel further objects to this Request on the

10 grounds that it is duplicative of prior requests, overbroad, oppressive, unduly

11 burdensome and intended to harass and annoy Mattel, including in that it seeks

12 documents on this subject regardless of whether such documents relate to matters at

13 issue in this case or time periods at issue in this action.  Mattel further objects to this

14 Request on the grounds that it is vague and ambiguous in its use of the terms,

15 "market" and "Flavas line of products."  Mattel further objects to this Request on the

16 grounds that it seeks confidential, proprietary and trade secret information, including

17 such information that has no bearing on the claims or defenses in this case.  Mattel

18 further objects to this Request on the grounds that it is an attempt to circumvent the

19 Discovery Master's May 22, 2007 Order determining that the requested documents

20 are irrelevant and/or that such requests are improper.  Mattel further objects to this

21 Request to the extent that it calls for the disclosure of information subject to the

22 attorney-client privilege, the attorney work-product doctrine and other applicable

23 privileges.  Mattel further objects that this Request was not properly served on

24 Mattel; e-mail and Federal Express are not proper means of service.  Discovery has

25 closed.

26

27

28

07209/2377877.1

-24-

MATTEL'S RESPONSES AND OBJECTIONS TO BRYANT'S FOURTH SET OF REQUESTS FOR PRODUCTION

1   REQUEST FOR PRODUCTION NO. 21:

2       All DOCUMENTS constituting or REFERRING OR RELATING TO

3   any fee agreement between MATTEL and any witnesses in this case.

4

5   RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

6       In addition to the general objections stated above which are

7   incorporated herein by reference, Mattel objects to this Request on the grounds that

8   it seeks documents that are not relevant to this action or likely to lead to the

9   discovery of admissible evidence.  Mattel further objects to this Request on the

10  grounds that it is duplicative of prior requests, overbroad, oppressive, unduly

11  burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

12  documents "REFERRING OR RELATING TO" this subject regardless of whether

13  such documents relate to matters at issue in this case or time periods at issue in this

14  action.  Mattel further objects to the use of the terms "REFERRING OR

15  RELATING TO" and "any fee agreement" in this context as vague and ambiguous.

16  Mattel further objects to this Request on the grounds that it seeks confidential,

17  proprietary and trade secret information, including such information that has no

18  bearing on the claims or defenses in this case.  Mattel further objects to this Request

19  to the extent that it calls for the disclosure of information subject to the attorney-

20  client privilege, the attorney work-product doctrine and other applicable privileges.

21  Mattel further objects that this Request was not properly served on Mattel; e-mail

22  and Federal Express are not proper means of service.  Discovery has closed.

23

24  REQUEST FOR PRODUCTION NO. 22:

25      All DOCUMENTS that support your contention, if you so contend in

26  response to Request for Admission Number 19 to Carter Bryant's First Set of

27  Requests for Admission to Mattel, Inc., that BRYANT misappropriated any

28  MATTEL trade secrets.

07209/2377877.1

-25-

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

2            In addition to the general objections stated above which are

3   incorporated herein by reference, Mattel objects to this Request on the grounds that

4   it seeks documents that are not relevant to this action or likely to lead to the

5   discovery of admissible evidence.  Mattel further objects to this Request on the

6   grounds that it is duplicative of prior requests, overbroad, oppressive, unduly

7   burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

8   documents on this subject regardless of whether such documents relate to matters at

9   issue in this case or time periods at issue in this action.  Mattel further objects to this

10  Request on the grounds that it seeks confidential, proprietary and trade secret

11  information, including such information that has no bearing on the claims or

12  defenses in this case.  Mattel further objects to the reference to, and purported

13  incorporation of, a separate request for admission, making this Request hopelessly

14  vague, ambiguous, complex and unintelligible.  Mattel further objects to this

15  Request to the extent that it calls for a legal conclusion and calls for the disclosure

16  of information subject to the attorney-client privilege, the attorney work-product

17  doctrine and other applicable privileges.  Mattel further objects that this Request

18  was not properly served on Mattel; e-mail and Federal Express are not proper means

19  of service.  Discovery has closed.

20

21  REQUEST FOR PRODUCTION NO. 23:

22            All DOCUMENTS that support your contention, if you so contend in

23  response to Request for Admission Number 21 to Carter Bryant's First Set of

24  Requests for Admission to Mattel, Inc., that BRYANT "wrongfully converted

25  Mattel's property by removing Trade Secret Materials [as that term is used in

26  MATTEL's Second Amended Answer and Counterclaims] in electronic and paper

27  form from Mattel's offices."

28

07209/2377877.1

MATTEL'S RESPONSES AND OBJECTIONS TO BRYANT'S FOURTH SET OF REQUESTS FOR PRODUCTION

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

2          In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it seeks documents that are not relevant to this action or likely to lead to the

5  discovery of admissible evidence.  Mattel further objects to this Request on the

6  grounds that it is duplicative of prior requests, overbroad, oppressive, unduly

7  burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

8  documents on this subject regardless of whether such documents relate to matters at

9  issue in this case or time periods at issue in this action.  Mattel further objects to this

10  Request on the grounds that it seeks confidential, proprietary and trade secret

11  information, including such information that has no bearing on the claims or

12  defenses in this case.  Mattel further objects to the reference to, and purported

13  incorporation of, a separate request for admission, making this Request hopelessly

14  vague, ambiguous, complex and unintelligible.  Mattel further objects to this

15  Request to the extent that it calls for a legal conclusion and calls for the disclosure

16  of information subject to the attorney-client privilege, the attorney work-product

17  doctrine and other applicable privileges.  Mattel further objects that this Request

18  was not properly served on Mattel; e-mail and Federal Express are not proper means

19  of service.  Discovery has closed.

20

21  REQUEST FOR PRODUCTION NO. 24:

22          All DOCUMENTS that support your contention, if you so contend in

23  response to Request for Admission Number 22 to Carter Bryant's First Set of

24  Requests for Admission to Mattel, Inc., that the identify of third-party doll hair

25  suppliers used by MATTEL is a MATTEL trade secret.

26

27

28

1    RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

2              In addition to the general objections stated above which are

3    incorporated herein by reference, Mattel objects to this Request on the grounds that

4    it seeks documents that are not relevant to this action or likely to lead to the

5    discovery of admissible evidence.  Mattel further objects to this Request on the

6    grounds that it is duplicative of prior requests, overbroad, oppressive, unduly

7    burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

8    documents on this subject regardless of whether such documents relate to matters at

9    issue in this case or time periods at issue in this action.  Mattel further objects to this

10   Request on the grounds that it seeks confidential, proprietary and trade secret

11   information, including such information that has no bearing on the claims or

12   defenses in this case.  Mattel further objects to the reference to, and purported

13   incorporation of, a separate request for admission, making this Request hopelessly

14   vague, ambiguous, complex and unintelligible.  Mattel further objects to this

15   Request to the extent that it calls for a legal conclusion and calls for the disclosure

16   of information subject to the attorney-client privilege, the attorney work-product

17   doctrine and other applicable privileges.  Mattel further objects that this Request

18   was not properly served on Mattel; e-mail and Federal Express are not proper means

19   of service.  Discovery has closed.

20

21   REQUEST FOR PRODUCTION NO. 25:

22             All DOCUMENTS that support your contention, if you so contend in

23   response to Request for Admission Number 24 to Carter Bryant's First Set of

24   Requests for Admission to Mattel, Inc., that the identity of third-party vendors used

25   by MATTEL is a MATTEL trade secret.

26

27

28

072209/2377877.1

-28-

MATTEL'S RESPONSES AND OBJECTIONS TO BRYANT'S FOURTH SET OF REQUESTS FOR PRODUCTION

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

2        In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it seeks documents that are not relevant to this action or likely to lead to the

5  discovery of admissible evidence.  Mattel further objects to this Request on the

6  grounds that it is duplicative of prior requests, overbroad, oppressive, unduly

7  burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

8  documents on this subject regardless of whether such documents relate to matters at

9  issue in this case or time periods at issue in this action.  Mattel further objects to this

10  Request on the grounds that it seeks confidential, proprietary and trade secret

11  information, including such information that has no bearing on the claims or

12  defenses in this case.  Mattel further objects to the reference to, and purported

13  incorporation of, a separate request for admission, making this Request hopelessly

14  vague, ambiguous, complex and unintelligible.  Mattel further objects to this

15  Request to the extent that it calls for a legal conclusion and calls for the disclosure

16  of information subject to the attorney-client privilege, the attorney work-product

17  doctrine and other applicable privileges.  Mattel further objects that this Request

18  was not properly served on Mattel; e-mail and Federal Express are not proper means

19  of service.  Discovery has closed.

20

21  REQUEST FOR PRODUCTION NO. 26:

22        All DOCUMENTS that support your contention, if you so contend in

23  response to Request for Admission Number 69 to Carter Bryant's First Set of

24  Requests for Admission to Mattel, Inc., that if CARTER BRYANT had disclosed

25  his idea for a line of fashion dolls which he named Bratz to MATTEL prior to

26  October 20, 2000, MATTEL would have taken steps to commercially exploit the

27  idea.

28

07209/2377877.1

MATTEL'S RESPONSES AND OBJECTIONS TO BRYANT'S FOURTH SET OF REQUESTS FOR PRODUCTION

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is duplicative of prior requests, overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks "all" documents on this subject regardless of whether such documents relate to matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to the reference to, and purported incorporation of, a separate request for admission, making this Request hopelessly vague, ambiguous, complex and unintelligible. Mattel further objects to this Request to the extent that it calls for a legal conclusion and calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects that this Request was not properly served on Mattel; e-mail and Federal Express are not proper means of service. Discovery has closed.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS that support your contention, if you so contend in response to Request for Admission Number 98 to Carter Bryant's First Set of Requests for Admission to Mattel, Inc., that the "Conflict of Interest Questionnaire" produced by MATTEL in this litigation as document M0001621 requests the disclosure of any ideas, designs or inventions that CARTER BRYANT may have developed while not employed by MATTEL.

RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is duplicative of prior requests, overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks "all" documents on this subject regardless of whether such documents relate to matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to the reference to, and purported incorporation of, a separate request for admission, making this Request hopelessly vague, ambiguous, complex and unintelligible. Mattel further objects to this Request to the extent that it calls for a legal conclusion and calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects that this Request was not properly served on Mattel; e-mail and Federal Express are not proper means of service. Discovery has closed.

REQUEST FOR PRODUCTION NO. 28:

All DOCUMENTS that support your contention, if you so contend in response to Request for Admission Number 100 to Carter Bryant's First Set of Requests for Admission to Mattel, Inc., that the "Conflict of Interest Questionnaire" produced by MATTEL in this litigation as document M0001621 requests the disclosure of any ideas, designs or inventions that CARTER BRYANT may have developed while not employed by MATTEL.

RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

        In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it is duplicative of prior requests, overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks "all" documents on this subject regardless of whether such documents relate to matters at issue in this case or time periods at issue in this action.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to the reference to, and purported incorporation of, a separate request for admission, making this Request hopelessly vague, ambiguous, complex and unintelligible.  Mattel further objects to this Request to the extent that it calls for a legal conclusion and calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects that this Request was not properly served on Mattel; e-mail and Federal Express are not proper means of service.  Discovery has closed.

REQUEST FOR PRODUCTION NO. 29:

        All DOCUMENTS that support your contention, if you so contend in response to Request for Admission Number 106 to Carter Bryant's First Set of Requests for Admission to Mattel, Inc., that CARTER BRYANT was requested by MATTEL to disclose any ideas, designs, or inventions that he may have developed while not employed by MATTEL at the time that BRYANT resumed his employment with MATTEL in January 1999.

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

2           In addition to the general objections stated above which are

3   incorporated herein by reference, Mattel objects to this Request on the grounds that

4   it seeks documents that are not relevant to this action or likely to lead to the

5   discovery of admissible evidence.  Mattel further objects to this Request on the

6   grounds that it is duplicative of prior requests, overbroad, oppressive, unduly

7   burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

8   documents on this subject regardless of whether such documents relate to matters at

9   issue in this case or time periods at issue in this action.  Mattel further objects to this

10  Request on the grounds that it seeks confidential, proprietary and trade secret

11  information, including such information that has no bearing on the claims or

12  defenses in this case.  Mattel further objects to the reference to, and purported

13  incorporation of, a separate request for admission, making this Request hopelessly

14  vague, ambiguous, complex and unintelligible.  Mattel further objects to this

15  Request to the extent that it calls for a legal conclusion and calls for the disclosure

16  of information subject to the attorney-client privilege, the attorney work-product

17  doctrine and other applicable privileges.  Mattel further objects that this Request

18  was not properly served on Mattel; e-mail and Federal Express are not proper means

19  of service.  Discovery has closed.

20

21  REQUEST FOR PRODUCTION NO. 30:

22          All DOCUMENTS that support your contention, if you so contend in

23  response to Request for Admission Number 108 to Carter Bryant's First Set of

24  Requests for Admission to Mattel, Inc., that CARTER BRYANT was required by

25  MATTEL to disclose any ideas, designs, or inventions that he may have developed

26  while not employed by MATTEL at the time that BRYANT resumed his

27  employment with MATTEL in January 1999.

28

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

2           In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it seeks documents that are not relevant to this action or likely to lead to the

5  discovery of admissible evidence.  Mattel further objects to this Request on the

6  grounds that it is duplicative of prior requests, overbroad, oppressive, unduly

7  burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

8  documents on this subject regardless of whether such documents relate to matters at

9  issue in this case or time periods at issue in this action.  Mattel further objects to this

10 Request on the grounds that it seeks confidential, proprietary and trade secret

11 information, including such information that has no bearing on the claims or

12 defenses in this case.  Mattel further objects to the reference to, and purported

13 incorporation of, a separate request for admission, making this Request hopelessly

14 vague, ambiguous, complex and unintelligible.  Mattel further objects to this

15 Request to the extent that it calls for a legal conclusion and calls for the disclosure

16 of information subject to the attorney-client privilege, the attorney work-product

17 doctrine and other applicable privileges.  Mattel further objects that this Request

18 was not properly served on Mattel; e-mail and Federal Express are not proper means

19 of service.  Discovery has closed.

20

21 REQUEST FOR PRODUCTION NO. 31:

22           All DOCUMENTS that support your contention, if you so contend in

23 response to Request for Admission Number 110 to Carter Bryant's First Set of

24 Requests for Admission to Mattel, Inc., that CARTER BRYANT was requested by

25 MATTEL to disclose any ideas, designs, or inventions that he may have developed

26 while not employed by MATTEL.

27

28

07209/2377877.1

-34-

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

2          In addition to the general objections stated above which are

3   incorporated herein by reference, Mattel objects to this Request on the grounds that

4   it seeks documents that are not relevant to this action or likely to lead to the

5   discovery of admissible evidence.  Mattel further objects to this Request on the

6   grounds that it is duplicative of prior requests, overbroad, oppressive, unduly

7   burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

8   documents on this subject regardless of whether such documents relate to matters at

9   issue in this case or time periods at issue in this action.  Mattel further objects to this

10  Request on the grounds that it seeks confidential, proprietary and trade secret

11  information, including such information that has no bearing on the claims or

12  defenses in this case.  Mattel further objects to the reference to, and purported

13  incorporation of, a separate request for admission, making this Request hopelessly

14  vague, ambiguous, complex and unintelligible.  Mattel further objects to this

15  Request to the extent that it calls for a legal conclusion and calls for the disclosure

16  of information subject to the attorney-client privilege, the attorney work-product

17  doctrine and other applicable privileges.  Mattel further objects that this Request

18  was not properly served on Mattel; e-mail and Federal Express are not proper means

19  of service.  Discovery has closed.

20

21  REQUEST FOR PRODUCTION NO. 32:

22         All DOCUMENTS that support your contention, if you so contend in

23  response to Request for Admission Number 112 to Carter Bryant's First Set of

24  Requests for Admission to Mattel, Inc., that CARTER BRYANT was required by

25  MATTEL to disclose any ideas, designs, or inventions that he may have developed

26  while not employed by MATTEL.

27

28

07209/2377877.1

-35-

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

2        In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it seeks documents that are not relevant to this action or likely to lead to the

5  discovery of admissible evidence.  Mattel further objects to this Request on the

6  grounds that it is duplicative of prior requests, overbroad, oppressive, unduly

7  burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

8  documents on this subject regardless of whether such documents relate to matters at

9  issue in this case or time periods at issue in this action.  Mattel further objects to this

10  Request on the grounds that it seeks confidential, proprietary and trade secret

11  information, including such information that has no bearing on the claims or

12  defenses in this case.  Mattel further objects to the reference to, and purported

13  incorporation of, a separate request for admission, making this Request hopelessly

14  vague, ambiguous, complex and unintelligible.  Mattel further objects to this

15  Request to the extent that it calls for a legal conclusion and calls for the disclosure

16  of information subject to the attorney-client privilege, the attorney work-product

17  doctrine and other applicable privileges.  Mattel further objects that this Request

18  was not properly served on Mattel; e-mail and Federal Express are not proper means

19  of service.  Discovery has closed.

20

21  REQUEST FOR PRODUCTION NO. 33:

22        All DOCUMENTS REFERRING OR RELATING TO the document

23  produced by MATTEL M00079765 through M0079771, entitled "The Bratz Brief,"

24  including but not limited to all DOCUMENTS REFERRING OR RELATING TO

25  the purpose, creation, and usage of that document; all drafts of said document; all

26  CORRESPONDENCE REFERRING OR RELATING TO that document or its

27  drafts; and all supporting material used in drafting said document.

28

07209/2377877.1

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

2          In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it seeks documents that are not relevant to this action or likely to lead to the

5  discovery of admissible evidence.  Mattel further objects to this Request on the

6  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

7  and annoy Mattel, including in that it seeks "all" documents "REFERRING OR

8  RELATING TO" this subject regardless of whether such documents relate to

9  matters at issue in this case or time periods at issue in this action.  Mattel further

10 objects to the use of the terms "REFERRING OR RELATING TO," "purpose,

11 creation, and usage" and "all supporting material" as vague and ambiguous.  Mattel

12 further objects to this Request on the grounds that it seeks confidential, proprietary

13 and trade secret information, including such information that has no bearing on the

14 claims or defenses in this case.  Mattel further objects to this Request to the extent

15 that it calls for the disclosure of information subject to the attorney-client privilege,

16 the attorney work-product doctrine and other applicable privileges.  Mattel further

17 objects that this Request was not properly served on Mattel; e-mail and Federal

18 Express are not proper means of service.  Discovery has closed.

19

20 REQUEST FOR PRODUCTION NO. 34:

21          All DOCUMENTS REFERRING OR RELATING TO MATTEL's

22 decision not to pursue the development of the doll concept known as Toon Teens.

23

24 RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

25          In addition to the general objections stated above which are

26 incorporated herein by reference, Mattel objects to this Request on the grounds that

27 it seeks documents that are not relevant to this action or likely to lead to the

28 discovery of admissible evidence.  Mattel further objects to this Request on the

07209/2377877.1

-37-

1  grounds that it is duplicative of prior requests, overbroad, oppressive, unduly

2  burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

3  documents "REFERRING OR RELATING TO" this subject regardless of whether

4  such documents relate to matters at issue in this case or time periods at issue in this

5  action. Mattel further objects to the use of the terms "REFERRING OR

6  RELATING TO" in this context as vague and ambiguous. Mattel further objects to

7  this Request on the grounds that it seeks confidential, proprietary and trade secret

8  information, including such information that has no bearing on the claims or

9  defenses in this case. Mattel further objects to this Request to the extent that it calls

10 for the disclosure of information subject to the attorney-client privilege, the attorney

11 work-product doctrine and other applicable privileges. Mattel further objects that

12 this Request was not properly served on Mattel; e-mail and Federal Express are not

13 proper means of service. Discovery has closed.

14

15 REQUEST FOR PRODUCTION NO. 35:

16        All DOCUMENTS REFERRING OR RELATING TO any MATTEL

17 employee Code of Conduct, including but not limited to the Code of Conduct

18 referred to on page 15 of the document entitled "Employee Handbook" produced by

19 MATTEL as document M0256715-0256768.

20

21 RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

22        In addition to the general objections stated above which are

23 incorporated herein by reference, Mattel objects to this Request on the grounds that

24 it seeks documents that are not relevant to this action or likely to lead to the

25 discovery of admissible evidence. Mattel further objects to this Request on the

26 grounds that it is overbroad, duplicative of prior requests, oppressive, unduly

27 burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

28 documents on this subject regardless of whether such documents relate to matters at

1   issue in this case or time periods at issue in this action.  Mattel further objects to the

2   use of the terms "REFERRING OR RELATING TO" in this context as vague and

3   ambiguous.  Mattel further objects to this Request on the grounds that it seeks

4   confidential, proprietary and trade secret information, including such information

5   that has no bearing on the claims or defenses in this case.  Mattel further objects to

6   this Request to the extent that it calls for the disclosure of information subject to the

7   attorney-client privilege, the attorney work-product doctrine and other applicable

8   privileges.  Mattel further objects that this Request was not properly served on

9   Mattel; e-mail and Federal Express are not proper means of service.  Discovery has

10  closed.

11

12  REQUEST FOR PRODUCTION NO. 36:

13          All DOCUMENTS REFERRING OR RELATING TO any MATTEL

14  conflict of interest policy, including but not limited to the "policies concerning

15  Conflicts of interest" referred to in the document entitled "Conflict of Interest

16  Questionnaire" produced by MATTEL as document M0001621.

17

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

19          In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it seeks documents that are not relevant to this action or likely to lead to the

22  discovery of admissible evidence.  Mattel further objects to this Request on the

23  grounds that it is overbroad, duplicative of prior requests, oppressive, unduly

24  burdensome and intended to harass and annoy Mattel, including in that it seeks "all"

25  documents on this subject regardless of whether such documents relate to matters at

26  issue in this case or time periods at issue in this action.  Mattel further objects to this

27  Request on the grounds that it seeks confidential, proprietary and trade secret

28  information, including such information that has no bearing on the claims or

1 | defenses in this case. Mattel further objects to the use of the terms "REFERRING

2 | OR RELATING TO" in this context as vague and ambiguous. Mattel further

3 | objects to this Request to the extent that it calls for the disclosure of information

4 | subject to the attorney-client privilege, the attorney work-product doctrine and other

5 | applicable privileges. Mattel further objects that this Request was not properly

6 | served on Mattel; e-mail and Federal Express are not proper means of service.

7 | Discovery has closed.

8 |

9 | DATED: February 5, 2008           QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

10 |

11 |                                   By /s/ Timothy L. Alger

12 |                                      Timothy L. Alger
                                         Attorneys for Mattel, Inc.

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

07209/2377877.1

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On February 6, 2008, I served true copies of the following documents described as:

**MATTEL, INC.'S RESPONSES AND OBJECTIONS TO CARTER BRYANT'S FOURTH SET OF REQUESTS FOR PRODUCTION**

on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>  Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br>Telephone:  213.687.5000<br>Facsimile:  213.687.5600 | **Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.*** |
| Keker & Van Nest, LLP<br>  John W. Keker, Esq.<br>  Michael H. Page, Esq.<br>  Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone:  415.391.5400<br>Facsimile:  415.397.7188 | **Attorneys for *Carter Bryant*** |
| Overland Borenstein Scheper & Kim, LLP<br>  Mark E. Overland, Esq.<br>  David C. Scheper, Esq.<br>  Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone:  213.613.4655<br>Facsimile:  213.613.4656 | **Attorneys for *Carlos Gustavo Machado Gomez*** |

[√]   **[PERSONAL]** by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

07209/2346147.1

Case No. CV 04-9049 SGL (RNBx)

1    Executed on February 6, 2008, at Los Angeles, California.

2

3

4    David Quintana

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2346147.1

# Exhibit R

**Matthew Werdegar**

| | |
|---|---|
| **From:** | Matthew Werdegar |
| **Sent:** | Wednesday, January 30, 2008 3:51 PM |
| **To:** | dylanproctor@quinnemanuel.com |
| **Cc:** | 'Herrington, Robert J'; Adler, Douglas; 'moverland@obsklaw.com' |
| **Subject:** | Mattel v. Bryant et al. |
| **Attachments:** | Picture (Metafile) |

Dear Dylan:

Pursuant to Paragraph 5 of the Stipulation and Order for Appointment of a Discovery Master, I am writing to request a conference of counsel regarding Mattel's objections and failure to respond to Carter Bryant's First and Second Sets of Requests for Admission and Second Set of Interrogatories.  Mattel's objections to these discovery requests, including but not limited to its purported objection that Mr. Bryant's Requests for Admission were not properly served, are wholly without merit, and Mattel's blanket refusal to respond to these discovery requests smacks of gamesmanship and bad faith.  Please let me know when you are available within the next five court days  to confer regarding these issues.

Regards,

Matthew M. Werdegar

KEKER & VAN NEST LLP

710 Sansome Street
San Francisco, CA  94111-1704
tel: (415) 391-5400
fax: (415) 397-7188
www.kvn.com

1

# Exhibit S

RE: Mattel v. Bryant et al.                                                           Page 1 of 2

## Matthew Werdegar

| | |
|---|---|
| **From:** | Matthew Werdegar |
| **Sent:** | Tuesday, February 05, 2008 12:04 PM |
| **To:** | 'Dylan Proctor' |
| **Cc:** | 'Herrington, Robert J'; 'Adler, Douglas'; 'moverland@obsklaw.com'; John Quinn; Michael T Zeller; Jon Corey |

**Subject:** RE: Mattel v. Bryant et al.

2pm is fine with me.  I will call you then.

---

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Tuesday, February 05, 2008 11:35 AM
**To:** Matthew Werdegar
**Cc:** 'Herrington, Robert J'; 'Adler, Douglas'; 'moverland@obsklaw.com'; John Quinn; Michael T Zeller; Jon Corey
**Subject:** RE: Mattel v. Bryant et al.

Matt,

We are of course willing to meet and confer pursuant to your request, as we always are.  I am available tomorrow at 2 pm.  Please let me know if that works for you.  Regards--


B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


**From:** Matthew Werdegar [mailto:MWerdegar@kvn.com]
**Sent:** Monday, February 04, 2008 5:09 PM
**To:** Dylan Proctor
**Cc:** Herrington, Robert J; Adler, Douglas; moverland@obsklaw.com; John Quinn
**Subject:** RE: Mattel v. Bryant et al.

Dear Dylan:

I am writing once again to request a conference of counsel regarding Mattel's objections and failure to respond to

2/8/2008

RE: Mattel v. Bryant et al.                                                                 Page 2 of 2

Bryant's First and Second Sets of Requests for Admission and Second Set of Interrogatories.  Please note that unless you agree to conference of counsel by the close of business, Wednesday, February 6, we will be forced to assume that Mattel is unwilling to meet and confer regarding these issues, and we will seek sanctions against Mattel on that basis.

Also, I would like to confer with you regarding Mattel's failure to serve any response whatsoever to Bryant's Fourth Set of Requests for Production, which were served on December 26, 2007.  A copy of those requests is attached for your reference.

<<RFP Set 4.pdf>>

Please let me know as soon as possible, and in no event later than close of business, Wednesday, February 6, when you are available to meet and confer.

Regards,

Matthew M. Werdegar

KEKER & VAN NEST LLP

710 Sansome Street
San Francisco, CA 94111-1704
tel: (415) 391-5400
fax: (415) 397-7188
www.kvn.com

| | |
|---|---|
| From: | Matthew Werdegar |
| Sent: | Wednesday, January 30, 2008 3:51 PM |
| To: | dylanproctor@quinnemanuel.com |
| Cc: | 'Herrington, Robert J'; Adler, Douglas; 'moverland@obsklaw.com' |
| Subject: | Mattel v. Bryant et al. |

Dear Dylan:

Pursuant to Paragraph 5 of the Stipulation and Order for Appointment of a Discovery Master, I am writing to request a conference of counsel regarding Mattel's objections and failure to respond to Carter Bryant's First and Second Sets of Requests for Admission and Second Set of Interrogatories.  Mattel's objections to these discovery requests, including but not limited to its purported objection that Mr. Bryant's Requests for Admission were not properly served, are wholly without merit, and Mattel's blanket refusal to respond to these discovery requests smacks of gamesmanship and bad faith.  Please let me know when you are available within the next five court days  to confer regarding these issues.

Regards,

<< OLE Object: Picture (Metafile) >>

2/8/2008

# Exhibit T

## Matthew Werdegar

| | |
|---|---|
| **From:** | Matthew Werdegar |
| **Sent:** | Wednesday, February 06, 2008 6:12 PM |
| **To:** | 'Dylan Proctor' |
| **Cc:** | 'Herrington, Robert J' |
| **Subject:** | Mattel v. Bryant et al. |

**Attachments:**    KVNDOC1-410883-v1-bratz-p-proposed stipulation to extend time to bring motion to compel.DOC¤; Picture (Metafile)

Dear Dylan:

I am writing to confirm our telephonic conference of counsel today regarding Mattel's refusal to respond substantively to Bryant's First and Second Sets of Requests for Admission, Second Set of Interrogatories, and Fourth Set of Requests for Production.

You confirmed that the sole basis for Mattel's objection that the requests were not properly served on Mattel is that the requests were served by email and Federal Express, and not by U.S. Mail or hand. I asked you whether Mattel had actually received the requests, and you confirmed that Mattel had received the requests for admission and the interrogatories, but you were not sure about the requests for production. Please confirm whether or not Mattel received the requests for production on our about December 27, 2008.

I also asked you whether Mattel was contending that it was prejudiced in any way by the fact that Bryant had served these requests by email and Federal Express. You were unable to articulate any prejudice during our conversation and stated that "you would have to think about it." Please let me know if, upon further thought, Mattel contends that it was prejudiced, and if so, precisely how.

We also discussed Bryant's Interrogatory No. 20. You confirmed that Mattel had agreed to respond to this interrogatory as one of seven to which it would agree to respond between those served by Bryant and MGA. You stated that Mattel would provide this response, which would be substantive, possibly by February 18th, but by February 22nd at the latest, provided that Bryant would not argue that Mattel had waived its service objections to Bryant's other discovery requests by agreeing to respond this interrogatory. I hereby confirm that Bryant will not assert that Mattel's has waived its service objection as to Bryant's other discovery requests based on Mattel's agreement to respond to Bryant's interrogatory.

Additionally, I asked you whether Mattel would stipulate to extend the deadline for Bryant to bring a motion to compel regarding Mattel's response to Bryant's Interrogatory No. 20, if one proves necessary, to a date reasonably after the response is served, as Bryant agreed to in connection with obtaining an extension of time to respond to Mattel's most recent requests for admission. You said that you would consider this, and that I should provide you with a proposed stipulation. Pursuant to your request, a draft stipulation is attached.

Next, we discussed Bryant's requests for admission. I explained that Bryant was willing to offer Mattel a reasonable extension of time to respond to these requests, and to work with Mattel to limit the burden Mattel claims responding to some of them will impose (during our conferences in January, you stated that you believed Request Nos. 26-41 were unduly burdensome). You said you would consider whether Mattel would agree to respond to these requests under any circumstances. You promised to get back to me tomorrow with Mattel's position.

Finally, you stated that it was Mattel's position that any motion to compel relating to Phase I discovery filed after January 28, 2008 would be untimely, unless there was a stipulation to extend the time to bring a motion or the motion to pertained to a deposition that had not yet occurred.

I look forward to speaking further with you tomorrow regarding these issues. I am generally available all day. Please also be prepared to discuss Mattel's objections, other than on the basis of service, to Bryant's discovery requests. As I stated during our call, we believe all of Mattel's other objections are boilerplate and without merit. Also, please note that unless we are able to resolve these issues by the close of business Friday, February 7, 2008, Bryant will be bringing a motion to compel.



KVNDOC1-410883-
v1-bratz-p-prop...

Regards,

Matthew M. Werdegar

KEKER & VAN NEST LLP

710 Sansome Street
San Francisco, CA  94111-1704
tel:  (415) 391-5400
fax:  (415) 397-7188
www.kvn.com

# Exhibit U

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

February 7, 2008

**VIA FACSIMILE AND U.S. MAIL**

Matthew Werdegar, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

Re:    Mattel, Inc. v. Bryant, et al.

Dear Matthew:

I write further to our telephonic conference of yesterday, and in response to the several emails
you have sent me since then.

As I explained during the conference, Bryant's First and Second Sets of Requests for Admission,
Second Set of Interrogatories, and Fourth Set of Requests for Production were not properly
served on Mattel. The Ninth Circuit held in Magnuson v. Video Yesteryear, 85 F.3d 1424, 1429-
31 (9th Cir. 1996), that service is invalid unless carried out in a manner specifically allowed by
Federal Rule of Civil Procedure 5. Federal Express and electronic mail -- the only means of
delivery Bryant used -- are not permitted means of service under Rule 5. See Magnuson at 1431
("Federal Express does not satisfy the requirements of Rule 5(b)."); FRCP(E) (service "by
electronic means" allowed only "*if the person consented in writing*"). Moreover, Mattel has
previously rejected defendants' requests that Mattel permit service by email, and defendants have
never before even requested that Mattel agree to service by Federal Express.

The Ninth Circuit held in Magnuson that improper service will only be excused if there is both
(1) actual service and (2) "exceptional good cause" for non-compliance with Rule 5. Magnuson
at 1431. Whether the party served was prejudiced or not by the improper service is irrelevant. In

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
07975/2381127.1
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

fact, no prejudice was found in <u>Magnuson</u>, and the Ninth Circuit still held that service by fax and Federal Express was inadequate and would not be excused. In any case, Mattel indeed was prejudiced by Bryant's defective service, including because it led to internal docketing confusion regarding the Requests for Production you have now called to our attention.

Bryant has not presented *any* evidence that there was "exceptional good cause" for his improper service. Nor has Mattel ever accepted service of discovery requests by Bryant via Federal Express or email in the past. Therefore, service was invalid, and Mattel will not respond further to the discovery requests at issue herein. I have reviewed the authority you cited, <u>Salley v. Bd. of Governors, Univ. of N. Carolina</u>, 136 F.R.D. 417 (M.D. N.C. 1991), and do not believe it supports your position in this matter. Like <u>Magnuson</u>, the <u>Salley</u> case held that there must be a finding of "exceptional good cause" for improper service to be excused. The <u>Salley</u> court found that there was "exceptional good cause" for improper service of discovery requests on defendants in that case because they had accepted improper service of discovery requests on prior occasions without objection. <u>Id.</u> at 420-21. This is not the case with Bryant.

Moreover, the fact is that defendants themselves have mandated strict adherence to service rules in this case, including most recently when Mattel attempted to serve subpoenas after Judge Larson granted it leave to conduct additional depositions. Accordingly, it should come as no surprise, and is consistent with the parties' practice in this case, that Mattel is also requiring proper service of discovery with which it purportedly is served.

As I explained to you, the only exception to the foregoing is Interrogatory No. 20, to which Mattel will respond, pursuant to Bryant's and MGA's request and as Mattel has agreed, since you have expressly acknowledged that doing so will not constitute (and you will not argue constitutes) a waiver of Mattel's service objections as to other discovery.

On a separate matter, your characterization of what I said about the timeliness of motions to compel filed after the January 28, 2008 cutoff is inaccurate. As I made clear, which motions can or cannot be filed after the cutoff has to be assessed on a case by case basis in our view. Some motions, such as motions to enforce prior Orders or motions encompassed by a stipulation that permits it, clearly can be filed after the cutoff. Others, such as the motions Bryant apparently now contemplates filing, cannot be.

Please do not hesitate to contact me if you have further questions.

Very truly yours,

B. Dylan Proctor

# Exhibit V

**Matthew Werdegar**

| | |
|---|---|
| **From:** | Julie A. Selby |
| **Sent:** | Wednesday, December 26, 2007 5:49 PM |
| **To:** | John Quinn; 'michaelzeller@quinnemanuel.com'; 'tnolan@skadden.com'; 'acote@obsklaw.com' |
| **Subject:** | Bryant v. Mattel |
| | |
| **Attachments:** | RFP Set 4.pdf; RFA Set 1.pdf; Interrogatories Set 2.pdf |

Please see the attachment documents which are also being sent today via Federal Express:

1.  CARTER BRYANT'S FOURTH SET OF REQUESTS FOR PRODUCTION TO MATTEL, INC.;

2.  CARTER BRYANT'S FIRST SET OF REQUESTS FOR ADMISSION TO MATTEL, INC.; and

3.  CARTER BRYANT'S SECOND SET OF INTERROGATORIES TO MATTEL, INC.

  

RFP Set 4.pdf (498   RFA Set 1.pdf (684   Interrogatories Set
KB)                  KB)                  2.pdf (183...

Julie A. Selby
Legal Secretary
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA  94111
415-391-5400
jselby@kvn.com

1

# Exhibit W

**Matthew Werdegar**

| | |
|---|---|
| **From:** | Matthew Werdegar |
| **Sent:** | Friday, February 08, 2008 10:17 AM |
| **To:** | 'Dylan Proctor' |
| **Subject:** | Mattel v. Bryant |

**Attachments:**      Picture (Metafile)

Dylan,

I am in receipt of your letter from 8:00 pm yesterday evening regarding Bryant's First and Second Sets of Requests for Admission, Second Set of Interrogatories (No. 20), and Fourth Set of Requests for Production.

With respect to Interrogatory No. 20, your letter neglects to state whether Mattel will agree to permit Bryant to file a motion regarding the sufficiency of Mattel's response, should one be necessary, within a reasonable period of time after Mattel actually serves its response (which you have represented will be between February 18 and 22). Please let me know before 3:00 pm today whether you will agree to do so. As you know, I sent you a draft stipulation regarding this, at your request, on Wednesday, February 6.

As for Bryant's requests for admission and requests for production, I interpret your letter to be a blanket refusal to respond substantively to these requests under any circumstances, absent a Court order. Needless to say, we disagree completely with your interpretation of the factual background of this situation or the procedural implications of that background. As I explained at length during our call on Wednesday, there is ample good cause, along with actual notice and lack of any prejudice to Mattel, to excuse Bryant's failure to strictly comply with Rule 5(b). Mattel's refusal to respond is pure gamesmanship. Unfortunately, it appears that the Discovery Master will have to decide this issue.

Finally, I do not believe that I mischaracterized your statements regarding Mattel's position on the timeliness of motions to compel relating to Phase I discovery. Rather, Mattel keeps shifting its position to suit its litigation ends. I have now heard at least four different spins on Mattel's position on this issue from you and your colleague, Jon Corey.

Regards,

Matthew M. Werdegar

KEKER & VAN NEST LLP

710 Sansome Street
San Francisco, CA 94111-1704
tel: (415) 391-5400
fax: (415) 397-7188
www.kvn.com

1

# Exhibit X

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

February 8, 2008

VIA FACSIMILE AND U.S. MAIL

Matthew M. Werdegar, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, California 94111

Re:    Mattel v. Bryant

Dear Matt:

I write in response to your email of earlier today.  There is no gamesmanship in Mattel's position. Judge Larson has recently reiterated that the Phase 1 discovery deadline was indeed a firm deadline and has now expired.  For the past several weeks, defendants have attempted to use the cutoff for tactical advantage, even going so far as to refuse to accept service for senior employees and having related parties, including a lawyer being paid by MGA, actually evade service (causing Judge Larson to issue an Order to Show Cause) -- all to attempt to frustrate Mattel's ability to obtain ordered discovery prior to the cutoff.  Bryant simply had no reason to think that anything less than proper service of discovery would be accepted in this case. Notably, you acknowledged during our call that Bryant's discovery was not properly served pursuant to the Rules, and that Mattel had never previously accepted discovery that was not properly served.

Nor has Mattel taken any inconsistent positions regarding the timeliness of motions (and, as I said before, you very clearly did mischaracterize what I said during our call).  You claim that Mattel "keeps shifting its position" and that you "have now heard at least four different spins on Mattel's position" on this issue.  Please identify the purported "spins" to which you refer.  I am not aware of any inconsistent positions taken by Mattel.  Instead, as Judge Infante recognized at a prior hearing, it has consistently been Mattel's position that motions to compel on underlying

**quinn emanuel urquhart oliver & hedges, llp**

07209/2382451.1
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2 Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81-3-5561-1712

Phase 1 written discovery requests had to be filed by the cutoff, absent a stipulation extending the deadline. Even defendants have acknowledged as much — that is why the parties, including Bryant, entered into numerous stipulations to extend the filing deadline just prior to the cutoff. No stipulation covers the Bryant discovery at issue here. Nor has Bryant offered any authority for his apparent position.

Last, please be advised that Mattel is not prepared to sign the stipulation you have proposed at this time.

If you have additional questions, please do not hesitate to contact me.

Very truly yours,

B. Dylan Proctor

BDP:lak