# Exhibit P

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9            UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11               EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13  Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| 14  vs. | |
| 15  MATTEL, INC., a Delaware corporation, | RESPONSES OF MATTEL, INC. TO CARTER BRYANT'S SECOND SET OF REQUESTS FOR ADMISSION |
| 16  Defendant. | |
| 17 | |
| 18  AND CONSOLIDATED ACTIONS | **Phase 1** |
| 19 | Discovery Cut-Off:   January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:   May 27, 2008 |

20

21

22  PROPOUNDING PARTY:     CARTER BRYANT

23  RESPONDING PARTY:      MATTEL, INC.

24  SET NO.:                TWO

25

26        Mattel hereby provides the following objections to Carter Bryant's

27  Second Set of Requests for Admission to Mattel, Inc. as follows:

28

-1-

1

**Preliminary Statement**

2      Mattel has not yet completed its investigation of the facts relating to

3  this action, has not yet reviewed all documents relating to this action, has not yet

4  interviewed all witnesses in this action and has yet to propound or receive additional

5  discovery with regard to this action.  Consequently, Mattel reserves the right to

6  amend and/or supplement its responses if and when additional facts or documents

7  are discovered.  Additionally, because Mattel's objections are based on facts and

8  documents that Mattel has identified to date, they do not preclude Mattel from later

9  relying on facts or documents discovered or generated pursuant to subsequent

10  investigation or discovery.  Mattel's partial response to any of the Second Set of

11  Requests for Admission (the "Requests") is not to be construed as a waiver of any of

12  its objections or its right to object to any other request.

13

**General Objections**

14      Mattel objects to each of the Requests on each and every one of the

15  following grounds:

16      1.    Mattel objects to the Requests on the grounds that Carter Bryant

17  did not properly serve the Requests under the <u>Federal Rules of Civil Procedure</u> and

18  Mattel thereby has no obligation to respond.

19      2.    Mattel objects to the Requests on the grounds and to the extent

20  that they call for information that is not relevant to the claims or defenses of the

21  pending action, nor reasonably calculated to lead to the discovery of admissible

22  evidence.  Mattel further objects to the Requests on the grounds and to the extent

23  that they call for information that is not relevant to the claims or defenses in the

24  pending action that relate to Bryant, nor reasonably calculated to lead to the

25  discovery of admissible evidence as to such claims and defenses.

26      3.    Mattel objects to the Requests on the grounds and to the extent

27  that they are overbroad and unduly burdensome, including in that the burdens of

28

1  searching for and providing responsive information outweigh any benefits of the
2  information to defendants.

3          4.      Mattel objects to the Requests on the grounds and to the extent
4  they are premature, including in that facts necessary to answer the Requests are
5  uniquely known by defendants and by third parties within defendants' control, but
6  are not fully known by Mattel at this juncture because defendants have not disclosed
7  information to Mattel.  Mattel further anticipates that defendants and/or additional
8  persons associated with defendants, but who have not yet been deposed or who have
9  not yet been identified, have knowledge pertinent to the topics that are the subject of
10 the Requests.  Mattel reserves its right to amend any responses based on later
11 obtained information.

12         5.      Mattel objects to the Requests on the grounds and to the extent
13 they are vague and ambiguous, including without limitation respect to the defined
14 terms used therein.

15         6.      Mattel objects to the Requests on the grounds and to the extent
16 they are compound.

17         7.      Mattel objects to the Requests on the grounds and to the extent
18 they call for legal conclusions.

19         8.      Mattel objects to the Requests on the grounds and to the extent
20 that they seek to impose obligations upon Mattel beyond those required by the
21 Federal Rules of Civil Procedure.

22         9.      Mattel objects to the Requests on the grounds and to the extent
23 that they call for the disclosure of information subject to the attorney-client
24 privilege, the attorney work-product doctrine, or any other applicable privileges,
25 including the privilege against disclosure of the identities and work product of
26 consulting experts.  Such information will not be disclosed.

27         10.     Mattel objects to the Requests on the grounds that they seek
28 confidential, proprietary and trade secret information.  Such information, to the

1   extent it is relevant to this action and either has been or will be produced, has been

2   and will be produced in reliance upon and pursuant to protective order.

3          11.    Mattel objects to the Requests on the grounds and to the extent

4   that they seek confidential, proprietary and trade secret information that has no

5   bearing on the claims or defenses in this case.

6          12.    Mattel objects to the Requests on the grounds that they are

7   premature and seek to circumvent the expert disclosure provisions of the <u>Federal</u>

8   and <u>Local Rules</u>. Mattel has not yet computed or calculated its damages and has not

9   yet engaged any testifying expert to compute or calculate its damages or on any

10   other matter contained within the Requests that may be the subject of expert

11   testimony. Mattel will disclose such testimony in the manner, and at the time,

12   provided for by the <u>Federal</u> and <u>Local Rules</u> and the Court's Orders.

13

14         **<u>Specific Objections And Responses To Requests For Admission</u>**

15         Each of the following objections and responses to the Requests is

16   expressly made subject to the above Preliminary Statement and General Objections,

17   all of which are incorporated in each of the following objections and responses to

18   specific requests.

19   **<u>REQUEST FOR ADMISSION NO. 113:</u>**

20         Admit that CARTER BRYANT conceived of the idea for BRATZ prior

21   to January 3, 1999 but after April 1998.

22   **<u>RESPONSE TO REQUEST FOR ADMISSION NO. 113:</u>**

23         In addition to the foregoing general objections, which are incorporated

24   herein by reference, Mattel specifically objects to this Request on the grounds that

25   Carter Bryant did not properly serve this or any other Request for Admission under

26   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

27   it is vague, ambiguous and overbroad, including without limitation with respect to

28   the defined term(s) "BRATZ"; Mattel does not have sufficient information in order

-4-

1  to frame a complete response, including because defendants have not provided

2  necessary discovery and have concealed facts, in violation of the Rules and Court

3  Orders; and the subject of this Request may be the subject of expert opinion or

4  testimony.

5  **REQUEST FOR ADMISSION NO. 114:**

6        Admit that YOU do not contend that CARTER BRYANT conceived of

7  the idea for BRATZ after January 3, 1999.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 114:**

9        In addition to the foregoing general objections, which are incorporated

10  herein by reference, Mattel specifically objects to this Request on the grounds that

11  Carter Bryant did not properly serve this or any other Request for Admission under

12  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

13  it is vague, ambiguous and overbroad, including without limitation with respect to

14  the defined term(s) "BRATZ"; Mattel does not have sufficient information in order

15  to frame a complete response, including because defendants have not provided

16  necessary discovery and have concealed facts, in violation of the Rules and Court

17  Orders.; and the subject of this Request may be the subject of expert opinion or

18  testimony.

19  **REQUEST FOR ADMISSION NO. 115:**

20        Admit that if CARTER BRYANT conceived of his idea for BRATZ

21  before January 3, 1999 and if CARTER BRYANT's idea was not reduced to

22  practice until after October 21, 2000, then CARTER BRYANT did not breach

23  Section 2[a] of the INVENTION AGREEMENT.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

25        In addition to the foregoing general objections, which are incorporated

26  herein by reference, Mattel specifically objects to this Request on the grounds that

27  Carter Bryant did not properly serve this or any other Request for Admission under

28  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

1  to the extent it seeks information that is not relevant to this case nor likely to lead to

2  the discovery of admissible evidence; it is vague, ambiguous and incomplete; the

3  subject of this Request may be the subject of expert opinion or testimony; and it

4  calls to admit to an improper hypothetical that is not based on facts on the record.

5  **REQUEST FOR ADMISSION NO. 116:**

6       Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 175 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

10       In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the Rules and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 117:**

20       Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 175

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 117:**

24       In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1 │ "INCORPORATED"; Mattel may not have sufficient information in order to frame

2 │ a complete response, including because defendants have not provided necessary

3 │ discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4 │ the subject of this Request may be the subject of expert opinion or testimony.

5 │ **REQUEST FOR ADMISSION NO. 118:**

6 │         Admit that CARTER BRYANT created the DESIGN

7 │ INCORPORATED in the document bearing the Bates no. BRYANT 176 prior to

8 │ January 3, 1999 but after April 1998.

9 │ **RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

10 │         In addition to the foregoing general objections, which are incorporated

11 │ herein by reference, Mattel specifically objects to this Request on the grounds that

12 │ Carter Bryant did not properly serve this or any other Request for Admission under

13 │ the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14 │ it is vague and ambiguous, including but not limited to with respect to the term

15 │ "INCORPORATED"; Mattel may not have sufficient information in order to frame

16 │ a complete response, including because defendants have not provided necessary

17 │ discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18 │ the subject of this Request may be the subject of expert opinion or testimony.

19 │ **REQUEST FOR ADMISSION NO. 119:**

20 │         Admit that YOU do not contend that CARTER BRYANT created the

21 │ DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 176

22 │ after January 3, 1999.

23 │ **RESPONSE TO REQUEST FOR ADMISSION NO. 119:**

24 │         In addition to the foregoing general objections, which are incorporated

25 │ herein by reference, Mattel specifically objects to this Request on the grounds that

26 │ Carter Bryant did not properly serve this or any other Request for Admission under

27 │ the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28 │ it is vague and ambiguous, including but not limited to with respect to the term

1    "INCORPORATED"; Mattel may not have sufficient information in order to frame

2    a complete response, including because defendants have not provided necessary

3    discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4    the subject of this Request may be the subject of expert opinion or testimony.

5    **REQUEST FOR ADMISSION NO. 120:**

6            Admit that CARTER BRYANT created the DESIGN

7    INCORPORATED in the document bearing the Bates no. BRYANT 177 prior to

8    January 3, 1999 but after April 1998.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 120:**

10           In addition to the foregoing general objections, which are incorporated

11   herein by reference, Mattel specifically objects to this Request on the grounds that

12   Carter Bryant did not properly serve this or any other Request for Admission under

13   the <u>Rules of Civil Procedure,</u> and Mattel therefore has no obligation to respond to it;

14   it is vague and ambiguous, including but not limited to with respect to the term

15   "INCORPORATED"; Mattel may not have sufficient information in order to frame

16   a complete response, including because defendants have not provided necessary

17   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18   the subject of this Request may be the subject of expert opinion or testimony.

19   **REQUEST FOR ADMISSION NO. 121:**

20           Admit that YOU do not contend that CARTER BRYANT created the

21   DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 177

22   after January 3, 1999.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 121:**

24           In addition to the foregoing general objections, which are incorporated

25   herein by reference, Mattel specifically objects to this Request on the grounds that

26   Carter Bryant did not properly serve this or any other Request for Admission under

27   the <u>Rules of Civil Procedure,</u> and Mattel therefore has no obligation to respond to it;

28   it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **<u>REQUEST FOR ADMISSION NO. 122</u>:**

6        Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 178 prior to

8  January 3, 1999 but after April 1998.

9  **<u>RESPONSE TO REQUEST FOR ADMISSION NO. 122</u>:**

10        In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **<u>REQUEST FOR ADMISSION NO. 123</u>:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 178

22  after January 3, 1999.

23  **<u>RESPONSE TO REQUEST FOR ADMISSION NO. 123</u>:**

24        In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

-9-

RESPONSES TO BRYANT'S SECOND SET OF REQUESTS FOR ADMISSION

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 124:**

6          Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document bearing the Bates no. BRYANT 179 prior to

8   January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

10          In addition to the foregoing general objections, which are incorporated

11   herein by reference, Mattel specifically objects to this Request on the grounds that

12   Carter Bryant did not properly serve this or any other Request for Admission under

13   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14   it is vague and ambiguous, including but not limited to with respect to the term

15   "INCORPORATED"; Mattel may not have sufficient information in order to frame

16   a complete response, including because defendants have not provided necessary

17   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18   the subject of this Request may be the subject of expert opinion or testimony.

19   **REQUEST FOR ADMISSION NO. 125:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21   DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 179

22   after January 3, 1999.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 125:**

24          In addition to the foregoing general objections, which are incorporated

25   herein by reference, Mattel specifically objects to this Request on the grounds that

26   Carter Bryant did not properly serve this or any other Request for Admission under

27   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28   it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

-10-

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the Rules and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 126:**

6         Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document bearing the Bates no. BRYANT 180 prior to

8   January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 126:**

10        In addition to the foregoing general objections, which are incorporated

11   herein by reference, Mattel specifically objects to this Request on the grounds that

12   Carter Bryant did not properly serve this or any other Request for Admission under

13   the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14   it is vague and ambiguous, including but not limited to with respect to the term

15   "INCORPORATED"; Mattel may not have sufficient information in order to frame

16   a complete response, including because defendants have not provided necessary

17   discovery and have concealed facts, in violation of the Rules and Court Orders; and

18   the subject of this Request may be the subject of expert opinion or testimony.

19   **REQUEST FOR ADMISSION NO. 127:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21   DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 180

22   after January 3, 1999.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 127:**

24        In addition to the foregoing general objections, which are incorporated

25   herein by reference, Mattel specifically objects to this Request on the grounds that

26   Carter Bryant did not properly serve this or any other Request for Admission under

27   the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28   it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the Rules and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 128:**

6  Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 181 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 128:**

10  In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the Rules and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 129:**

20  Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 181

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 129:**

24  In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the Rules and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 130:**

6         Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 182 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 130:**

10         In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the Rules and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 131:**

20         Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 182

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 131:**

24         In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame
2   a complete response, including because defendants have not provided necessary
3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and
4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 132:**

6       Admit that CARTER BRYANT created the DESIGN
7   INCORPORATED in the document bearing the Bates no. BRYANT 183 prior to
8   January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 132:**

10      In addition to the foregoing general objections, which are incorporated
11  herein by reference, Mattel specifically objects to this Request on the grounds that
12  Carter Bryant did not properly serve this or any other Request for Admission under
13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;
14  it is vague and ambiguous, including but not limited to with respect to the term
15  "INCORPORATED"; Mattel may not have sufficient information in order to frame
16  a complete response, including because defendants have not provided necessary
17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and
18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 133:**

20      Admit that YOU do not contend that CARTER BRYANT created the
21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 183
22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 133:**

24      In addition to the foregoing general objections, which are incorporated
25  herein by reference, Mattel specifically objects to this Request on the grounds that
26  Carter Bryant did not properly serve this or any other Request for Admission under
27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;
28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 134:**

6         Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 186 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 134:**

10         In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 135:**

20         Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 186

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 135:**

24         In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

-15-

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 136:**

6        Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 189 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 136:**

10        In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 137:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 189

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 137:**

24        In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the Rules and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 138:**

6        Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document bearing the Bates no. BRYANT 190 prior to

8   January 3., 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 138:**

10        In addition to the foregoing general objections, which are incorporated

11   herein by reference, Mattel specifically objects to this Request on the grounds that

12   Carter Bryant did not properly serve this or any other Request for Admission under

13   the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14   it is vague and ambiguous, including but not limited to with respect to the term

15   "INCORPORATED"; Mattel may not have sufficient information in order to frame

16   a complete response, including because defendants have not provided necessary

17   discovery and have concealed facts, in violation of the Rules and Court Orders; and

18   the subject of this Request may be the subject of expert opinion or testimony.

19   **REQUEST FOR ADMISSION NO. 139:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21   DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 190

22   after January 3, 1999.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 139:**

24        In addition to the foregoing general objections, which are incorporated

25   herein by reference, Mattel specifically objects to this Request on the grounds that

26   Carter Bryant did not properly serve this or any other Request for Admission under

27   the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28   it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 140:**

6        Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 192 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 140:**

10        In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 141:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 192

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 141:**

24        In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 142:**

6          Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document bearing the Bates no.. BRYANT 193 prior to

8   January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 142:**

10          In addition to the foregoing general objections, which are incorporated

11   herein by reference, Mattel specifically objects to this Request on the grounds that

12   Carter Bryant did not properly serve this or any other Request for Admission under

13   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14   it is vague and ambiguous, including but not limited to with respect to the term

15   "INCORPORATED"; Mattel may not have sufficient information in order to frame

16   a complete response, including because defendants have not provided necessary

17   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18   the subject of this Request may be the subject of expert opinion or testimony.

19   **REQUEST FOR ADMISSION NO. 143:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21   DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 193

22   after January 3, 1999.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 143:**

24          In addition to the foregoing general objections, which are incorporated

25   herein by reference, Mattel specifically objects to this Request on the grounds that

26   Carter Bryant did not properly serve this or any other Request for Admission under

27   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28   it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the Rules and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 144:**

6          Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 1.94 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 144:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the Rules and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 145:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 194

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 145:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the Rules and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 146:**

6              Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 195 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 146:**

10             In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the Rules and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 147:**

20             Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 195

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 147:**

24             In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the Rules and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 148:**

6        Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 196 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 148:**

10        In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the Rules and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 149:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 196

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 149:**

24        In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 150:**

6         Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT .197 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 150:**

10        In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 151:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 197

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 151:**

24        In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame
2  a complete response, including because defendants have not provided necessary
3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and
4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 152:**

6       Admit that CARTER BRYANT created the DESIGN
7  INCORPORATED in the document bearing the Bates no. BRYANT 198 prior to
8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 152:**

10      In addition to the foregoing general objections, which are incorporated
11  herein by reference, Mattel specifically objects to this Request on the grounds that
12  Carter Bryant did not properly serve this or any other Request for Admission under
13  the <u>Rules of Civil Procedure,</u> and Mattel therefore has no obligation to respond to it;
14  it is vague and ambiguous, including but not limited to with respect to the term
15  "INCORPORATED"; Mattel may not have sufficient information in order to frame
16  a complete response, including because defendants have not provided necessary
17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and
18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 153:**

20      Admit that YOU do not contend that CARTER BRYANT created the
21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 198
22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 153:**

24      In addition to the foregoing general objections, which are incorporated
25  herein by reference, Mattel specifically objects to this Request on the grounds that
26  Carter Bryant did not properly serve this or any other Request for Admission under
27  the <u>Rules of Civil Procedure,</u> and Mattel therefore has no obligation to respond to it;
28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 154:**

6          Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 199 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 154:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 155:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 199

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 155:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

1 "INCORPORATED"; Mattel may not have sufficient information in order to frame

2 a complete response, including because defendants have not provided necessary

3 discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4 the subject of this Request may be the subject of expert opinion or testimony.

5 **REQUEST FOR ADMISSION NO. 156:**

6        Admit that CARTER BRYANT created the DESIGN

7 INCORPORATED in the document bearing the Bates no. BRYANT 200 prior to

8 January 3, 1999 but after April 1998.

9 **RESPONSE TO REQUEST FOR ADMISSION NO. 156:**

10        In addition to the foregoing general objections, which are incorporated

11 herein by reference, Mattel specifically objects to this Request on the grounds that

12 Carter Bryant did not properly serve this or any other Request for Admission under

13 the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14 it is vague and ambiguous, including but not limited to with respect to the term

15 "INCORPORATED"; Mattel may not have sufficient information in order to frame

16 a complete response, including because defendants have not provided necessary

17 discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18 the subject of this Request may be the subject of expert opinion or testimony.

19 **REQUEST FOR ADMISSION NO. 157:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21 DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 200

22 after January 3, 1999.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 157:**

24        In addition to the foregoing general objections, which are incorporated

25 herein by reference, Mattel specifically objects to this Request on the grounds that

26 Carter Bryant did not properly serve this or any other Request for Admission under

27 the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28 it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame
2   a complete response, including because defendants have not provided necessary
3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and
4   the subject of this Request may be the subject of expert opinion or testimony.
5   **REQUEST FOR ADMISSION NO. 158:**
6          Admit that CARTER BRYANT created the DESIGN
7   INCORPORATED in the document bearing the Bates no. BRYANT 201 prior to
8   January 3, 1999 but after April 1998.
9   **RESPONSE TO REQUEST FOR ADMISSION NO. 158:**
10         In addition to the foregoing general objections, which are incorporated
11  herein by reference, Mattel specifically objects to this Request on the grounds that
12  Carter Bryant did not properly serve this or any other Request for Admission under
13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;
14  it is vague and ambiguous, including but not limited to with respect to the term
15  "INCORPORATED"; Mattel may not have sufficient information in order to frame
16  a complete response, including because defendants have not provided necessary
17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and
18  the subject of this Request may be the subject of expert opinion or testimony.
19  **REQUEST FOR ADMISSION NO. 159:**
20         Admit that YOU do not contend that CARTER BRYANT created the
21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 201
22  after January 3, 1999.
23  **RESPONSE TO REQUEST FOR ADMISSION NO. 159:**
24         In addition to the foregoing general objections, which are incorporated
25  herein by reference, Mattel specifically objects to this Request on the grounds that
26  Carter Bryant did not properly serve this or any other Request for Admission under
27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;
28  it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 160:**

6           Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document bearing the Bates no. BRYANT 202 prior to

8   January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 160:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 161:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 202

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 161:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 162:**

6         Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 203 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 162:**

10        In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 163:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 203

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 163:**

24        In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1    "INCORPORATED"; Mattel may not have sufficient information in order to frame

2    a complete response, including because defendants have not provided necessary

3    discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4    the subject of this Request may be the subject of expert opinion or testimony.

5    **REQUEST FOR ADMISSION NO. 164:**

6          Admit that CARTER BRYANT created the DESIGN

7    INCORPORATED in the document bearing the Bates no. BRYANT 204 prior to

8    January 3, 1999 but after April 1998.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 164:**

10        In addition to the foregoing general objections, which are incorporated

11    herein by reference, Mattel specifically objects to this Request on the grounds that

12    Carter Bryant did not properly serve this or any other Request for Admission under

13    the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14    it is vague and ambiguous, including but not limited to with respect to the term

15    "INCORPORATED"; Mattel may not have sufficient information in order to frame

16    a complete response, including because defendants have not provided necessary

17    discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18    the subject of this Request may be the subject of expert opinion or testimony.

19    **REQUEST FOR ADMISSION NO. 165:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21    DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 204

22    after January 3, 1999.

23    **RESPONSE TO REQUEST FOR ADMISSION NO. 165:**

24        In addition to the foregoing general objections, which are incorporated

25    herein by reference, Mattel specifically objects to this Request on the grounds that

26    Carter Bryant did not properly serve this or any other Request for Admission under

27    the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28    it is vague and ambiguous, including but not limited to with respect to the term

RESPONSES TO BRYANT'S SECOND SET OF REQUESTS FOR ADMISSION

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 166:**

6          Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 205 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 166:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 167:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 205

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 167:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the Rules and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 168:**

6        Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 206 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 168:**

10        In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the Rules and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 169:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 206

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 169:**

24        In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 170:**

6            Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 207 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 170:**

10           In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 171:**

20           Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 207

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 171:**

24           In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the Rules and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 172:**

6           Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document bearing the Bates no. BRYANT 208 prior to

8   January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 172:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the Rules and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 173:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 208

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 173:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 174:**

6          Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 209 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 174:**

10         In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 175:**

20         Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 209

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 175:**

24         In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 176:**

6           Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document bearing the Bates no. BRYANT 210 prior to

8   January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 176:**

10           In addition to the foregoing general objections, which are incorporated

11   herein by reference, Mattel specifically objects to this Request on the grounds that

12   Carter Bryant did not properly serve this or any other Request for Admission under

13   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14   it is vague and ambiguous, including but not limited to with respect to the term

15   "INCORPORATED"; Mattel may not have sufficient information in order to frame

16   a complete response, including because defendants have not provided necessary

17   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18   the subject of this Request may be the subject of expert opinion or testimony.

19   **REQUEST FOR ADMISSION NO. 177:**

20           Admit that YOU do not contend that CARTER BRYANT created the

21   DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 210

22   after January 3, 1999.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 177:**

24           In addition to the foregoing general objections, which are incorporated

25   herein by reference, Mattel specifically objects to this Request on the grounds that

26   Carter Bryant did not properly serve this or any other Request for Admission under

27   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28   it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 178:**

6          Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document bearing the Bates no. BRYANT 211 prior to

8   January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 178:**

10         In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 179:**

20         Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 211

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 179:**

24         In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the Rules and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 180:**

6           Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 212 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 180:**

10           In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the Rules and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 181:**

20           Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 212

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 181:**

24           In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the Rules and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 182:**

6         Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document bearing the Bates no. BRYANT 213 prior to

8   January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 182:**

10        In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the Rules and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 183:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 213

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 183:**

24        In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 184:**

6      Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 214 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 184:**

10      In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 185:**

20      Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 214

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 185:**

24      In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1    "INCORPORATED"; Mattel may not have sufficient information in order to frame

2    a complete response, including because defendants have not provided necessary

3    discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4    the subject of this Request may be the subject of expert opinion or testimony.

5    <u>**REQUEST FOR ADMISSION NO. 186**</u>:

6          Admit that CARTER BRYANT created the DESIGN

7    INCORPORATED in the document bearing the Bates no. BRYANT 215 prior to

8    January 3, 1999 but after April 1998.

9    <u>**RESPONSE TO REQUEST FOR ADMISSION NO. 186**</u>:

10         In addition to the foregoing general objections, which are incorporated

11    herein by reference, Mattel specifically objects to this Request on the grounds that

12    Carter Bryant did not properly serve this or any other Request for Admission under

13    the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14    it is vague and ambiguous, including but not limited to with respect to the term

15    "INCORPORATED"; Mattel may not have sufficient information in order to frame

16    a complete response, including because defendants have not provided necessary

17    discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18    the subject of this Request may be the subject of expert opinion or testimony.

19    <u>**REQUEST FOR ADMISSION NO. 187**</u>:

20          Admit that YOU do not contend that CARTER BRYANT created the

21    DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 215

22    after January 3, 1999.

23    <u>**RESPONSE TO REQUEST FOR ADMISSION NO. 187**</u>:

24         In addition to the foregoing general objections, which are incorporated

25    herein by reference, Mattel specifically objects to this Request on the grounds that

26    Carter Bryant did not properly serve this or any other Request for Admission under

27    the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28    it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the Rules and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 188:**

6      Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 216 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 188:**

10      In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the Rules and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 189:**

20      Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 216

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 189:**

24      In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 190:**

6         Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 217 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 190:**

10         In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 191:**

20         Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 217

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 191:**

24         In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

-43-

1 "INCORPORATED"; Mattel may not have sufficient information in order to frame

2 a complete response, including because defendants have not provided necessary

3 discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4 the subject of this Request may be the subject of expert opinion or testimony.

5 **REQUEST FOR ADMISSION NO. 192:**

6        Admit that CARTER BRYANT created the DESIGN

7 INCORPORATED in the document bearing the Bates no. BRYANT 218 prior to

8 January 3, 1999 but after April 1.998.

9 **RESPONSE TO REQUEST FOR ADMISSION NO. 192:**

10        In addition to the foregoing general objections, which are incorporated

11 herein by reference, Mattel specifically objects to this Request on the grounds that

12 Carter Bryant did not properly serve this or any other Request for Admission under

13 the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14 it is vague and ambiguous, including but not limited to with respect to the term

15 "INCORPORATED"; Mattel may not have sufficient information in order to frame

16 a complete response, including because defendants have not provided necessary

17 discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18 the subject of this Request may be the subject of expert opinion or testimony.

19 **REQUEST FOR ADMISSION NO. 193:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21 DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 218

22 after January 3, 1999.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 193:**

24        In addition to the foregoing general objections, which are incorporated

25 herein by reference, Mattel specifically objects to this Request on the grounds that

26 Carter Bryant did not properly serve this or any other Request for Admission under

27 the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28 it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the Rules and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 194:**

6        Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 219 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 194:**

10        In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the Rules and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 195:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 219

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 195:**

24        In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 196:**

6         Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 220 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 196:**

10         In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 197:**

20         Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 220

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 197:**

24         In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

-46-

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame
2  a complete response, including because defendants have not provided necessary
3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and
4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 198:**

6      Admit that CARTER BRYANT created the DESIGN
7  INCORPORATED in the document bearing the Bates no. BRYANT 277 prior to
8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 198:**

10     In addition to the foregoing general objections, which are incorporated
11  herein by reference, Mattel specifically objects to this Request on the grounds that
12  Carter Bryant did not properly serve this or any other Request for Admission under
13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;
14  it is vague and ambiguous, including but not limited to with respect to the term
15  "INCORPORATED"; Mattel may not have sufficient information in order to frame
16  a complete response, including because defendants have not provided necessary
17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and
18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 199:**

20     Admit that YOU do not contend that CARTER BRYANT created the
21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 277
22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 199:**

24     In addition to the foregoing general objections, which are incorporated
25  herein by reference, Mattel specifically objects to this Request on the grounds that
26  Carter Bryant did not properly serve this or any other Request for Admission under
27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;
28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the Rules and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 200:**

6       Admit' that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 300 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 200:**

10      In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the Rules and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 201:**

20      Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 300

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 201:**

24      In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **<u>REQUEST FOR ADMISSION NO. 202</u>:**

6         Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document bearing the Bates no. BRYANT 301 prior to

8   January 3, 1999 but after April 1998.

9   **<u>RESPONSE TO REQUEST FOR ADMISSION NO. 202</u>:**

10         In addition to the foregoing general objections, which are incorporated

11   herein by reference, Mattel specifically objects to this Request on the grounds that

12   Carter Bryant did not properly serve this or any other Request for Admission under

13   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14   it is vague and ambiguous, including but not limited to with respect to the term

15   "INCORPORATED"; Mattel may not have sufficient information in order to frame

16   a complete response, including because defendants have not provided necessary

17   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18   the subject of this Request may be the subject of expert opinion or testimony.

19   **<u>REQUEST FOR ADMISSION NO. 203</u>:**

20         Admit that YOU do not contend that CARTER BRYANT created the

21   DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 301

22   after January 3, 1999.

23   **<u>RESPONSE TO REQUEST FOR ADMISSION NO. 203</u>:**

24         In addition to the foregoing general objections, which are incorporated

25   herein by reference, Mattel specifically objects to this Request on the grounds that

26   Carter Bryant did not properly serve this or any other Request for Admission under

27   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28   it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 204:**

6  　　　　Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 302 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 204:**

10  　　　　In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 205:**

20  　　　　Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 302

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 205:**

24  　　　　In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 206:**

6          Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 303 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 206:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 207:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 303

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 207:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 208:**

6         Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document bearing the Bates no. BRYANT 1003 prior to

8   January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 208:**

10         In addition to the foregoing general objections, which are incorporated

11   herein by reference, Mattel specifically objects to this Request on the grounds that

12   Carter Bryant did not properly serve this or any other Request for Admission under

13   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14   it is vague and ambiguous, including but not limited to with respect to the term

15   "INCORPORATED"; Mattel may not have sufficient information in order to frame

16   a complete response, including because defendants have not provided necessary

17   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18   the subject of this Request may be the subject of expert opinion or testimony.

19   **REQUEST FOR ADMISSION NO. 209:**

20         Admit that YOU do not contend that CARTER BRYANT created the

21   DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 1003

22   after January 3, 1999.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 209:**

24         In addition to the foregoing general objections, which are incorporated

25   herein by reference, Mattel specifically objects to this Request on the grounds that

26   Carter Bryant did not properly serve this or any other Request for Admission under

27   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28   it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

-52-